```
            IN THE UNITED STATES BANKRUPTCY COURT
                FOR THE DISTRICT OF DELAWARE


IN RE:                      )     Case No. 08-13141(KJC)
                            )     (Jointly Administered)
                            )
TRIBUNE COMPANY             )     Chapter 11
                            )     Courtroom 5
                            )     824 Market Street
            Debtors.        )     Wilmington, Delaware
                            )
                            )     May 17, 2011
                            )     10:00 a.m.


                  TRANSCRIPT OF PROCEEDINGS
           BEFORE THE HONORABLE JUDGE KEVIN J. CAREY
                UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtor:                 Sidley Austin, LLP
                            BY: JAMES CONLAN, ESQ.
                            BY: KEN KANSA, ESQ.
                            One South Dearborn
                            Chicago, IL  60603
                            (312) 853-7000

                            Cole, Schotz, Meisel, Forman
                            & Leonard, P.A.
                            BY: NORMAN PERNICK, ESQ.
                            500 Delaware Avenue, Suite 410
                            Wilmington, DE  19801
                            (302) 652-3131


ECRO:                       AL LUGANO

Transcription Service:      DIAZ DATA SERVICES
                            331 Schuylkill Street
                            Harrisburg, Pennsylvania 17110
                            (717) 233-6664
                            www.diazdata.com


Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

APPEARANCES:
(Continued)

For Oaktree & Angelo Gordon: Young Conaway Stargatt &
           Taylor
           BY: BLAKE CLEARY, ESQ.
           The Brandywine Building
           1000 West Street, 17th Floor
           Wilmington, DE 19801
           (302) 571-6600

For Merrill Lynch:    Potter Anderson & Carroon, LLP
           BY: LAURIE SILVERSTEIN, ESQ.
           BY: R. STEPEN MCNEILL, ESQ.
           Hercules Plaza
           1313 North Market Street
           6th Floor
           Wilmington, DE  19801
           (302) 984-6033

For JP Morgan:     Richards Layton & Finger
           BY: DREW SLOAN, ESQ.
           One Rodney Square
           920 North King Street
           Wilmington, DE  19801
           (302) 651-7700

For Great Banc:    Womble Carlyle
           BY: THOMAS M. HORAN, ESQ.
           222 Delaware Avenue, Ste. 1501
           Wilmington, DE  19801
           (302) 252-4339

For DBTCA:      McCarter & English
           BY: DAVID ADLER, ESQ.
           405 N. King Street, 8th Fl.
           Wilmington, DE  19801
           (302) 984-6312

For Official Committee   Landis, Rath & Cobb
of Unsecured Creditors:   BY: ADAM G. LANDIS, ESQ.
           BY: JAMES GREEN, JR., ESQ.
           BY: DANIEL RATH, ESQ.
           919 Market Street, Suite 1800
           Wilmington, DE 19801
           (302) 467-4400

```
APPEARANCES:
(Continued):

For Official Committee        Chadbourne & Parke, LLP
of Unsecured Creditors:       BY: DAVID LEMAY, ESQ.
                              30 Rockefeller Plaza
                              New York, NY 10112
                              (212) 408-5100

                              Zuckerman Spaeder
                              BY: JAMES SOTTILE, ESQ.
                              1800 M Street, NW
                              Suite 1000
                              Washington, DC 20036
                              (202) 778-1800

For Aurelius:                 Akin Gump Strauss Hauer & Feld
                              BY: DANIEL GOLDEN, ESQ.
                              BY: DAVID ZENSKY, ESQ.
                              One Bryant Park
                              New York, NY 10036
                              (212) 872-1000

                              Ashby & Geddes
                              BY: AMANDA WINFREE, ESQ.
                              BY: WILLIAM BOWDEN, ESQ.
                              500 Delaware Avenue
                              Wilmington, DE  19809
                              (302) 654-1888

For Merrill Lynch:            Kaye Scholer
                              BY: JOSEPH M. DRAYTON, ESQ.
                              425 Park Avenue
                              New York, NY  10022-3598
                              (212) 836-7042

For Morgan Stanley:           Barnes & Thornburg
                              BY: DAVID POWLEN, ESQ.
                              1000 N. West Street
                              Suite 1200
                              Wilmington, DE  19801-1058
                              (302) 888-4536
```

```
APPEARANCES:
(Continued)

For U.S. Trustee:              Office of U.S. Trustee
                               BY: DAVID KLAUDER, ESQ.
                               844 King Street, Suite 2207
                               Wilmington, DE  19801
                               (302) 573-6491


For the Producing Parties:     Prickett Jones & Elliott, P.A.
                               BY: BRUCE JAMESON, ESQ.
                               1310 King Street, Box 1328
                               Wilmington, DE  19899
                               (302) 888-6500


For Barclays:                  DLA Piper, LLP
                               BY: MICHELLE MARINO, ESQ.
                               919 North Market Street
                               Suite 1500
                               Wilmington, DE  19801
                               (302) 468-5700


For Wilmington Trust Co:       Brown Rudnick, LLP
                               BY: KATHERINE BROMBERG, ESQ.
                               Seven Times Square
                               New York, NY  10036
                               (212) 209-4800



TELEPHONIC APPEARANCES:

For SuttonBrook Capital:       SuttonBrook Capital
                               Management, LP
                               BY: CAROL L. BALE, ESQ.
                               (212) 588-6640

                               Dewey & LeBoeuf, LLP
                               BY: JAMES O. JOHNSTON, ESQ.
                               BY: JOSHUA M. MESTER, ESQ.
                               (213) 621-6000


For George Dougherty:          Grippo & Elden, LLC
                               BY: GEORGE DOUGHERTY, ESQ.
                               (312) 704-7700
```

```
TELEPHONIC APPEARANCES:
(Continued):

For Official Committee of        Chadbourne & Park, LLP
Unsecured Creditors:             BY: MARC ASHLEY, ESQ.
                                 (212)408-5194
                                 BY: DOUGLAS DEUTSCH, ESQ.
                                 (212) 408-5169
                                 BY: MARC ROITMAN, ESQ.
                                 (212)408-5271
                                 BY: HOWARD SEIFE, ESQ.
                                 (212) 48-5361
                                 BY: THOMAS MCCORMACK, ESQ.
                                 (212) 408-5100

                                 Zuckerman & Spaeder, LLP
                                 BY: GRAEM BUSH, ESQ.
                                 BY: ANDREW GOLDFARB, ESQ.
                                 (202) 778-1800

For Bank of America:             Bank of America
                                 BY: ESTHER CHUNG, ESQ.
                                 (646) 855-6705

                                 O'Melveny & Myers (New York)
                                 BY:  DANIEL S. SHAMAH, ESQ.
                                 (212) 326-2138
                                 BY: DANIEL CANTOR, ESQ.
                                 (212)326-2000
                                 BY: EVAN JONES, ESQ.
                                 (213) 430-6236

For Citibank:                    Paul Weiss Rifkind Wharton
                                 BY: SHANNON PENNOCK, ESQ.
                                 (212) 373-3000

For Tribune:                     Sidley Austin
                                 BY: BRYAN KRAKAUER, ESQ.
                                 (312)853-7515
                                 BY: KEVIN LANTRY, ESQ.
                                 (213) 896-6022
                                 BY: KERRIANN MILLS, ESQ.
                                 (213) 853-7523
                                 BY: CANDICE KLINE, ESQ.
                                 (312) 853-7778
                                 BY: JAMES BENDERNAGEL, ESQ.
                                 (202) 736-8136
                                 BY: JILLIAN LUDWIG, ESQ.
                                 (312) 853-7523
```

TELEPHONIC APPEARANCES:
(Continued)

For Tribune:                    Tribune Company
                                BY: GARY WEITMAN, ESQ.
                                (312) 222-3394
                                BY: DAVE ELDERSVELD, ESQ.
                                (312) 222-4707
                                BY: DON LIEBENTRITT, ESQ.
                                (312) 222-3657

For Aurelius Capital            Aurelius Capital Management LP
Management:                     BY: MATTHEW A. ZLOTO, ESQ.
                                (646) 445-6518

For JP Morgan Chase Bank:       Davis Polk & Wardwell, LLP
                                BY: PETER KIM, ESQ.
                                (212) 450-3028
                                BY: DAMIAN SCHAIBLE, ESQ.
                                (212) 450-4000

For Barclays:                   Mayer & Brown, LLP
                                BY: AMIT K. TREHAN, ESQ.
                                (212) 506-1717
                                BY: JEAN-MARIE ATAMIAN, ESQ
                                (212) 506-2678
                                BY: MICHAEL L. SIMES, ESQ.
                                (212) 506-2607

For Merrill Lynch:              Kaye Scholer, LLP
                                BY: JONATHAN AGUDELO, ESQ.
                                (212) 836-8369
                                BY: JANE PARVER, ESQ.
                                (212) 836-8510
                                BY: MADELINE G. PRIMOFF, ESQ.
                                (212) 836-7042

For Nomura Securities:          Nomura Securities
                                BY: ARTHUR KAVALIS, ESQ.
                                (212) 667-2370

For Great Banc Trust Co.:       Morgan Lewis & Brockius, LLP
                                BY: RACHEL MAUCERI, ESQ.
                                (215) 963-5000

For Interested Party:           Schulte Roth & Zabel, LLP
                                BY: KAREN S. PARK, ESQ.
                                (212) 756-2036

TELEPHONIC APPEARANCES:
(Continued)

For Wells Fargo:                White & Case
                                BY: SCOTT GREISSMAN, ESQ.
                                (212) 819-8567

For Law Debenture Trust:        Kasowitz Benson Torres &
                                Friedman
                                BY: SHERON KORPUS, ESQ.
                                (212)506-1700

For Arrowgrass Capital:         Arrowgrass Capital Services
                                BY: DAVID DUNN, ESQ.
                                (212) 584-5946

For Kramer Levin:               Kramer Levin Naftalis &
                                Frankel, LLP
                                BY: DAVID E. BLABEY, JR., ESQ.
                                (212) 715-9100

For Anna Kalenchits:            Anna Kalenchits
                                (212) 723-1808

For Wilmington Trust:           Brown Rudnick, LLP
                                BY: MARTIN SIEGEL, ESQ.
                                (212) 209-4829

For Miller Tabak Roberts        Miller Taback Roberts
Securities:                     Securities, LLC
                                BY: ANDREW M. THAU, ESQ.
                                (212) 692-5178

For Morgan Stanley:             Weil, Gotshal & Manges, LLP
                                BY: ANDREA SAAVEDRA, ESQ.
                                (212) 310-8544
                                BY: DAVID LITVACK, ESQ.
                                (212) 310-8361

For Jeffries & Company:         Jeffries & Company
                                BY: JUSTIN BRASS, ESQ.
                                (203) 708-5847

For Goldman Sachs & Co:         Goldman Sachs & Co.
                                BY:  SCOTT BYNUM
                                (212) 902-8060
                                BY: LEXI FALLON, ESQ.
                                (212) 902-0791

TELEPHONIC APPEARANCES:
(Continued)

For Employee Compensation          Frank Gecker, LLP
Group:                             BY:  REED HELLIGMAN, ESQ.
                                   (312) 276-1400

For Monarch Alternative            Monarch Alternative Capital,
Capital, LP:                       LP
                                   BY: MICHAEL J. KELLY, ESQ.
                                   (212) 554-1760

For Employee Defendants            Frank Gecker, LLP
Group:                             BY: MICAH R. KROHN, ESQ.
                                   (312) 276-1404

For International Party,           Brigade Capital Management
Neil S. Losquadro:                 BY:  NEIL S. LOSQUADRO, ESQ.
                                   (212) 745-9758

1

 1    WILMINGTON, DELAWARE, TUESDAY, MAY 17, 2011, 10:03 A.M.

 2              THE CLERK:  All rise.  Be seated, please.

 3              THE COURT:  Good morning, everyone.

 4              ALL:  Good morning, Your Honor.

 5              MR. KANSA:  Good morning, Your Honor.  Ken Kansa

 6    of Sidley Austin on behalf of the debtors.

 7              We have four items on the agenda today in the

 8    Tribune matter, Your Honor.  The first has a very long

 9    title, but it boils down to the debtors' changed

10    vote/elections motion.  Your Honor, we filed a certification

11    of counsel last week on this motion reflecting some

12    revisions to it along with a revised form of order.  There

13    are no open objections on that motion.  There were no formal

14    objections filed.  I'm happy to answer any questions the

15    Court may have on that motion or address any other issues.

16              THE COURT:  I do not.  I held it because I wanted

17    to review it in connection with the other matters listed for

18    today.  I don't have any questions.  Does anyone wish to be

19    heard?

20                   (No audible response.)

21              THE COURT:  I hear no response.  I do have the

22    form of order submitted with the CNO binder.  That order has

23    been signed.

24              MR. KANSA:  Thank you, Your Honor.  And I believe

25    that brings us to Item No. 2 which is the noteholders'

1   motion respecting re-solicitation.  I'll turn the podium

2   over to Mr. Golden on that.

3             THE COURT:  All right.

4             MR. GOLDEN:  Good morning, Your Honor.  Daniel

5   Golden, Akin, Gump, Strauss, Hauer & Feld, counsel for

6   Aurelius Capital Management and the other noteholder plan

7   proponents.

8             Your Honor, by motion dated April 25, the

9   noteholder plan proponents sought entry of an order

10  determining that the amendments that had been made to the

11  noteholder plan culminating in the third amended noteholder

12  plan dated April 25, 2011 are not material or adverse to any

13  class of creditors.  Or alternatively, the motion sought a

14  determination that to the extent that any of those

15  amendments are determined to be material and adverse to any

16  particular class of creditors under the third amended plan,

17  such classes prior rejection of the initial noteholder plan

18  shall be deemed to continue so that they will be deemed a

19  rejection of the third amended noteholder plan.

20            As stated in the motion, the purpose of seeking

21  those determinations was to support the legal conclusion

22  that the noteholder plan proponents have reached and

23  hopefully the Court will reach that as a result of those

24  amendments or the nature of those amendments, they will not

25  require re-solicitation of any of the affected classes of

1    creditors.

2         In the motion, Your Honor, the noteholder plan

3    proponents went through a fairly extensive discussion of a

4    summary of the amendments of the noteholder plan from the

5    initial plan that was filed back in December 2009 through

6    the amended noteholder plan dated February 25, 2011, and the

7    second amended noteholder plan filed on March 28, 2011, and

8    culminating in the current third amended noteholder plan

9    dated April 25, 2011.

10        The motion also contained a fairly in-depth

11   discussion as to why each of the significant plan amendments

12   in our view do not constitute a material or adverse change

13   in the treatment of creditors under the third amended

14   noteholder plan or as I said alternatively, even in the

15   event that such amendment or -- such amendment was

16   determined to constitute a material or adverse change that

17   as a result of such affected classes prior rejection of the

18   initial plan, that no further re-solicitation was required

19   or is required, I should say.

20        Your Honor, set forth as Exhibit A to the

21   noteholder motion was a proposed notice of filing of the

22   third amended plan which is a 16 page notice which presuming

23   approval of today's -- strike that.  Assuming approval of

24   the motion, the noteholder plan proponents intend to file

25   and serve on a limited basis so that all of the creditors

1  will have in one concise place a summary of all of the -- a

2  culmination of all of the amendments that have been filed to

3  date.

4           And finally, Your Honor, just to round out the

5  relief sought in the motion, we attached as Exhibit B to the

6  motion a form of joint DCL and NPP creditor notice which is

7  intended to inform all creditors of the current status of

8  the competing plans, whether or not re-solicitation is

9  required with respect to those competing plans, a status

10 report on the competing plan process, and finally, the

11 remaining schedule for the confirmation trial.  The topic of

12 this proposed joint DCL and NPP creditor notice was first

13 broached with Your Honor at our last telephonic conference

14 call on April 21.

15          Your Honor, I apologize for the rather lengthy

16 recitation, especially since I'll get to the punch line.

17 There are no pending objections to the motion.  There was a

18 limited objection filed with respect to the motion.  The DCL

19 plan proponents filed a limited objection which we believe

20 was filed to give the senior lenders one further opportunity

21 to argue what we think is a confirmation objection.  Namely,

22 that the amended plan, the amended noteholder plan which

23 provides for -- currently provides for an all equity

24 distribution should be deemed materially and adverse.

25          Our view is that the senior lenders are

1  conflating perhaps obfuscating the material and adverse

2  change standard found in Bankruptcy Rule 3019 with the fair

3  and equitable non-discrimination standard found in Section

4  1129(b) of the Bankruptcy Code, which deals with cram down.

5  Nevertheless, as I said, we have made certain amendments to

6  the proposed form of order.  Certain amendments to the

7  proposed form of creditor notice.  And with those changes,

8  there are no further pending objections to the relief sought

9  in the motion.

10          Your Honor if you -- unless you have specific

11  questions about the relief we're seeking in the motion, I

12  could hand up both a clean and a red line version of the

13  form of proposed order which attaches a slightly revised

14  form of creditor notice as Exhibit A for the Court's

15  consideration.

16          THE COURT:  I would like to see them now, if I

17  may.

18          MR. GOLDEN:  Thank you, Your Honor.  Your Honor,

19  I'll just say that we circulated this, these versions, to

20  all of the interested parties late yesterday, so I think

21  they've had an opportunity to review and sign off.  We also

22  have extra copies in the courtroom.

23          THE COURT:  Thank you.  All right.  Anything else

24  in support of the motion?

25          MR. GOLDEN:  That's all I have, Your Honor.

1          THE COURT:  All right.  Does anyone else wish to

2  be heard in connection with the motion?

3          MR. KANSA:  Your Honor, Ken Kansa of Sidley

4  Austin on behalf of the debtors.

5          We had also raised one informal concern with Mr.

6  Golden respecting the scope of service of the joint notice

7  and its distribution and costing.  We've  looked back at

8  that issue having gotten some further information from the

9  voting agent in the past couple of days and we are

10  comfortable with the form of order as it now stands.  So we

11  have no objection.

12          THE COURT:  All right, thank you.  Does anyone

13  else wish to be heard?

14                    (No audible response.)

15          THE COURT:  I hear no further response.  I've

16  reviewed the black line and the order.  I do not have any

17  questions.  But I do need an order that's just on one side.

18          MR. GOLDEN:  My apologies, Your Honor.

19          THE COURT:  That's okay.

20          MR. GOLDEN:  We will have that delivered to Your

21  Honor later today.

22          THE COURT:  All right.  And I'll act upon it

23  promptly.

24          MR. GOLDEN:  Thank you.

25          THE COURT:  All right.  Shall we turn then to the

1  committees' motion for protective order?

2           MR. SOTTILE:  Certainly, Your Honor.  Your Honor,

3  James Sottile of Zuckerman Spaeder as special counsel to the

4  official committee of unsecured creditors.

5           As the Court's indicated, we're here on the

6  committees' motion for a protective order with respect to a

7  subpoena served on the committee by the noteholders that

8  seeks information concerning shareholders that -- whose

9  shares were sold or redeemed in connection with the leverage

10  buyout transactions in 2007.

11          The information that's being sought, Your Honor,

12  is the name and address of the selling shareholders to the

13  extent the committee has it, the number of shares sold or

14  redeemed, and the amounts that they received.  As the Court

15  may sense from our papers, the committee is somewhat of a

16  stakeholder here.  The committee engaged in a fairly massive

17  effort to obtain this information in connection with the

18  Fitzsimmons adversary proceeding that the committee

19  commenced which asserts intentional fraudulent conveyance

20  claims against those shareholders.  And in support of that

21  action, the committee served something like 1,600 subpoenas

22  attempting to obtain precisely the information that the

23  noteholders now seek from the committee.

24          A lot of work was done to obtain that information

25  and to put it in usable form.  And understandably, the

1    noteholders would like to obtain it and take advantage of

2    the work that has been done to identify shareholders and the

3    amounts that they received in exchange for their shares so

4    that they can use it in connection with their state law

5    constructive fraudulent conveyance claims which the Court

6    has now authorized them to file.

7              I think it's fair to say, Your Honor, that the

8    approaching limitations date with respect to some of the

9    claims of June 4, 2007 is an obvious motivating force why

10    the noteholders would like to obtain this information in a

11    compiled form from the committee rather than to duplicate

12    the committees' fairly massive work to obtain the

13    information which took a significant amount of time.

14              I say the committee is a stakeholder, Your Honor,

15    because the committee has no interest of its own in

16    resisting compliance with the subpoena.  The committee would

17    like in connection with its work as a representative of

18    creditors to be helpful to creditors who are seeking to

19    obtain recoveries with respect to their claims.  And,

20    therefore, consistent with the committees' obligations to

21    the parties who provided it with information, the committee

22    has no interest of its own in preventing disclosure of this

23    information to the noteholders subject to some appropriate

24    confidentiality limitations.

25              However, in the course of obtaining this

1    information, the committee entered into confidentiality

2    agreements with something like 200 of the producing parties.

3    And while the terms of those vary a little bit, the

4    substance is basically the same.  The committee agreed that

5    it would use the information provided solely in connection

6    with the Fitzsimmons adversary proceeding which was the only

7    action the committee commenced with respect to the claims.

8    That if a third party sought disclosure of the information

9    as the noteholders now have, the committee would provide

10   notice to the producing parties so that they would have an

11   opportunity to come in and make their arguments about

12   whether or not such discovery should go forward or on what

13   conditions.

14           THE COURT:  Right.  And as I understand your

15   submission, that's been done.

16           MR. SOTTILE:  Correct, Your Honor.  The committee

17   has given that notice by Federal Express last Monday, the

18   9th to all parties that produced information whether or not

19   we had a confidentiality agreement with them.  But we

20   provided them all with copies of the subpoena and of the

21   motion for protective order.  And more recently, Your Honor,

22   we have provided all the parties with whom the committee

23   entered into confidentiality agreements, a copy of the

24   response filed by the noteholders with their proposed form

25   of confidentiality agreement.  And that agreement, Your

1    Honor, is the result of the committees' efforts to honor its

2    obligations and respect the legitimate confidentiality

3    interests of selling shareholders with respect to numbers of

4    shares sold and amounts.

5              I don't believe there's a live issue, Your Honor,

6    as to the identity of the selling shareholders pursuant to

7    the confidentiality agreements, they were publicly

8    identified in the complaint filed by the committee.  So I

9    don't believe there's any issue there.  But there is as I

10   understand it, a concern by the producing parties that

11   shareholders would like to protect their privacy with

12   respect to amounts they were paid.  And I think that's the

13   live issue that's presented.

14             THE COURT:  Well and I'll just note for the

15   record, there's yet another proposed form of agreement and

16   order which I reviewed just this morning.  But I guess I

17   start with that last comment and that is putting the

18   circumstances under which the committee obtained this

19   information, ordinarily, you know, except for things like,

20   you know, account numbers and things of that nature, this is

21   not information which in a lawsuit would be confidential.

22             MR. SOTTILE:  Your Honor, we recognize the

23   Court's point and don't disagree with it.  We're here in

24   fulfillment of our obligations, Your Honor.

25             THE COURT:  I understand.

1          MR. SOTTILE:  Not because we have an independent

2    view that this information setting aside what we've agreed

3    to is confidential and should be protected from disclosure.

4          What we've done, Your Honor, in the negotiations

5    with the noteholders, we think, is to protect the legitimate

6    interests of shareholders in not having how much money they

7    got paid published in the newspapers.  And the agreement

8    that we negotiated with Aurelius is quite close to the

9    agreements that the committee entered into with the parties.

10    It would provide that this information about amounts paid

11    and shares would be maintained a confidential, if needed to

12    be filed, would be sought to be filed under seal and

13    protected that way.

14          The big difference, Your Honor, isn't with

15    respect to the confidentiality protections, it's whether or

16    not the information can be used by the noteholders bringing

17    constructive fraudulent conveyance claims that arise from

18    the same transactions where the committee has asserted

19    intentional fraudulent conveyance transactions.  That as I

20    understand it is the thrust of the objection by certain

21    producing parties that I understand the Court has seen.  We

22    have a copy of it if the Court needs it.

23          But -- and again, I don't think their interest as

24    I understand it is primarily about confidentiality because

25    our view is that confidentiality as to amount would be

1    appropriately protected by the proposal by the noteholders.

2    Their position is in substance that the subpoena should be

3    quashed.  That there should be no disclosure of information

4    about the selling shareholders to the noteholders because

5    the noteholders plan to use it for their state law

6    constructive fraud claims as opposed to the committee using

7    it in connection with its intentional fraud claims.  That's

8    what I understand to be thrust of the objection, Your Honor.

9              THE COURT:  Yeah, it wasn't framed that way, but

10    I understand your argument.

11              MR. SOTTILE:  I -- it was not framed that way,

12    but I think that is the substance, Your Honor.

13              THE COURT:  All right.

14              MR. SOTTILE:  And, Your Honor, I don't think I

15    should say too much more about it.  I think I've set the

16    stage for the Court and I ought to retire to the wings and

17    let the parties whose confidentiality or desire for

18    information is at stake be heard.

19              THE COURT:  Yeah, I understand basically what the

20    committee wants here is to be off the hook.

21              MR. SOTTILE:  That would be wonderful, Your

22    Honor.

23                        (Laughter)

24              THE COURT:  All right.  Let me hear from, well

25    from Aurelius and its other parties who filed the limited

1  response.

2              MR. ZENSKY:  Good morning, Your Honor.  David

3  Zensky, Akin, Gump, Strauss, Hauer & Feld for Aurelius.

4              Before I start, I can't let this moment pass

5  without telling you how good it feels to have my friends of

6  the creditors' committee on my side of the room today.

7                      (Laughter)

8              THE COURT:  Savor the moment.

9              MR. ZENSKY:  Yeah, I'm trying.  Maybe I should

10  extend my comments.

11                      (Laughter)

12              MR. ZENSKY:  Your Honor, as you know, this

13  relates to the motion that we filed for -- to clarify that

14  there was no stay that would prevent us from bringing these

15  state law avoidance actions.  That motion was filed back on

16  March 1.  We had argument here on March 22.  There were

17  objections to that motion and Your Honor issued an order on

18  April 24 approving our ability to bring those subject to the

19  terms and conditions stated in the order.

20              We entered discussions with Mr. Sottile to

21  ascertain what information was available beyond that which

22  was publically filed at that point and learned of the

23  confidentiality agreements that the committee had entered

24  and promptly served the 2004 subpoena to move this issue to

25  a head.

1          As you heard Mr. Sottile describe, Your Honor,

2  they've had their action pending for seven months.  They've

3  done an immense amount of work to unearth the information

4  regarding the identity of the beneficial owners of the

5  Tribune stock and the amounts they received.  That work was

6  done at great cost to the estate and now has produced a

7  wealth of information.  I understand it's not complete, but

8  a wealth of information as to the identity of those

9  shareholders, their addresses, and the amount of shares that

10  were redeemed and the amount paid to them by the debtor

11  during 2007.

12          I think it's obvious, Your Honor, why we need

13  this information.  The statute of limitations could run as

14  early as June 4 on the proceeds paid out at Step 1.  That's

15  only 18 days from now.  And while we have the list of 28,000

16  names, we don't have the amounts.  And putting that together

17  is important to us in the who, where, and how those suits

18  are commenced.  And I don't want to say much more than that,

19  Your Honor, for obvious reasons.

20          And hence, we served the 2004 request which as

21  Mr. Sottile described to you is quite narrow and is not

22  seeking to uncover any sort of proprietary information

23  regarding the funds and how they're managed or how they

24  communicate with their clients.  It's looking for names,

25  share amount, amount paid, and last known address.  And the

1  2004 request is attached to the committee motion if Your

2  Honor needs to refer to it.

3         Let me first deal with the limited objection of

4  Merrill Lynch which I think Your Honor referred to.  The --

5  I've spoken to counsel for Merrill.  The changes that they

6  propose -- well, let me take a step back.  As Your Honor

7  knows, they're not objecting to the production, they just

8  wanted to clarify the terms of the protective order.

9         We have no problem with any of the changes that

10 were proposed in the Merrill Lynch black line save the

11 definition of related proceeding.  If Your Honor reviewed it

12 this morning as you indicated you did, they wanted some

13 definition about what that means.  We have no problem on

14 that score either, it's just the definition needs to be a

15 little broader to include if the action's transferred, if

16 it's removed, if it's consolidated, if there are collateral

17 discovery proceedings, if there are enforcement proceedings.

18 And I don't believe counsel for Merrill has any problem with

19 that tweak.

20         So as far as the Merrill Lynch objection goes, I

21 don't think there's any issue for the Court and I have no

22 reason to doubt that that can't be finalized within an hour

23 of finishing here today.

24         Let me turn to the second objection which was

25 filed by a variety of parties.  And Mr. Sottile referred to

1    that, I think principally in his comments.

2              The first argument they make, Your Honor is that

3    this is not a proper use of 2004.  Let me start by saying, I

4    don't think they have standing to raise that objection

5    because we're not seeking any discovery from the objecting

6    parties, we're seeking it from the committee.  The committee

7    has the standing to say whether this is or is not within the

8    scope of 2004 and I think if you think about the -- there's

9    more settled law in the area of Rule 45 where a District

10   Court subpoena is issued or in an adversary a subpoena is

11   issued.  And it's only the party from whom discovery is

12   being sought that has standing to complain about the

13   discovery and its relevance, not someone who claims an

14   interest in the material that's being pursued.

15             And I would refer Your Honor to *In Re: Yassi*

16   which is a bankruptcy case out of California which deals

17   with the Rule 45 standing question not 2004, but I think

18   it's perfectly analogous.  And that's *225 BR 478,* which

19   provides that non-targets of discovery lack standing to seek

20   to quash a subpoena.

21             But moving onto the merits, assuming Your Honor

22   is interested and wants to hear the objections on whether

23   this is within 2004, we think that it squarely is.  Your

24   Honor's well familiar with the law about the breadth of 2004

25   and the text of the rule.  And let me draw the Court's

1  attention to two particular parts of it.

2          The beginning of the rule says the examination

3  can relate to "the acts, conduct, or property of the

4  debtor".  And as Your Honor knows, the money that the

5  creditors seek to pursue in the state law actions was an

6  asset of the debtors before they were debtors.  It was an

7  asset of them for a millisecond after borrowing it from the

8  banks and using it to pay out the shareholders.  It's the

9  money of the debtors that's now before you or it was.

10          And if you remember, Your Honor, the argument

11 made by the objectors when we were back here on March 22

12 wasn't the same parties as here, but it was the foundations

13 and other parties objecting to the relief that has

14 ultimately been granted.  They argued to you that "the

15 plaintiff creditors are trying to recapture stock redemption

16 payments made by the estates or pre-bankruptcy companies to

17 us."  The information we want fits squarely within that

18 portion of 2004, Your Honor, for that reason.

19          The fact that the debtors chose not to pursue

20 these particular causes of action though they had the

21 exclusive right to do so for two years, doesn't take this

22 discovery outside the scope of 2004 because we are dealing

23 with an asset, property, or acts of the debtor.

24          The second important part of the rule, Your Honor

25 is at the end of the text and it refers to any other matter

1  relevant to the case or to the formulation of a plan.  As

2  Your Honor knows, under the noteholder plan, Section 5.1.8,

3  we deal with the very issue we're talking about, the state

4  law fraudulent transfer actions and provide that if our plan

5  is confirmed, that these causes of action once started, will

6  upon the consummation of our plan, be moved into a creditor

7  trust and prosecuted for the benefit of all of the creditors

8  who opted into the creditor trust or failed to opt out

9  rather under our plan.  So the information we seek which is

10  important to the commencement of these actions is tied

11  directly to our plan and, therefore, is relevant to the

12  formulation of a plan, I believe as used by Rule 2004.

13          Finally, Your Honor, it also, the rule refers to

14  any other matter relevant to the case.  And obviously,

15  creditors trying to get paid through creditor rights and

16  creditor remedies, I believe is relevant to the case.  And

17  it's important to consider this, Your Honor.  If

18  hypothetically the DCL plan is confirmed for example, if we

19  are able to collect proceeds through our state law creditor

20  actions, state law avoidance actions, it may improve the

21  ability of other creditors to recover through the litigation

22  trust that the committee would be pursuing claims on behalf

23  of because there are other creditors besides the

24  noteholders.  And if the noteholders get paid in full, then

25  if there are proceeds through other causes of action, they

1   would naturally go to other creditors.

2           So all of this makes it relevant to the case and

3   all of it makes it relevant discovery for 2004 purposes.

4   The fact that 2004 discovery might be usable in collateral

5   litigation does not take it outside the scope of the rule.

6   And I would refer Your Honor to the *Table Talk* case, which

7   is *51 BR 143*, and *Mantolesky,* which is *14 BR 973.*

8           The cases that the objectors site principally the

9   *WaMu* decision and cases that Judge Walrath cited deal with

10  the fact that when there is a pending adversary proceeding

11  between parties, that outside of the Bankruptcy Court you

12  can't come into the Bankruptcy Court and use 2004 to

13  circumvent the discovery rules that would apply in the

14  adversary or in the State Court or Federal Court litigation.

15  Obviously, that's not our situation because these actions

16  are not pending.  To the contrary, the information is

17  important to commence those actions.  So that's all I have

18  to say on 2004, Your Honor.

19          Let me turn to the second issue which you

20  indicated you had a view on from the bench.  That is the

21  confidentiality issue.  We don't see number one, how there

22  can be any claim of confidentiality as to the who or where

23  they live because that's public already.  And the parties

24  who produced this information consented to that information

25  being public.  So how that part of the -- how they argue

1  that that should be confidential is a little difficult to

2  follow.  I really just leaves the amounts as Mr. Sottile

3  indicated.

4           And again, we don't see how that qualifies for

5  confidential treatment in the sense that it's normally used

6  and in the sense that it's used in the confidentiality

7  agreements.  You have the jurisdiction and power to

8  entertain this ruling because the parties who produced the

9  information agreed that this Court would have jurisdiction

10  over any issue.  So there's no question that Your Honor has

11  the ability to rule on what is or is not confidential and

12  whether our proposed form of agreement provides them with

13  adequate protection for whatever might legitimately be

14  deemed confidential.

15           And as you heard Mr. Sottile tell you and as is

16  set forth in the draft, we have agreed that with respect to

17  the amounts that until such time as we obtain the

18  information from an independent source or in those cases, or

19  get the consent of the ultimate beneficiary, we would seek

20  to file that information under seal so that the amounts

21  would not be on a public docket somewhere in the country and

22  the only information would be the same information that is

23  already public in this Court because it's attached to the

24  committee complaint.

25           So at the end of the day, Your Honor, what we

1  have is a situation where the objectors have identified no

2  damage that will befall them.  No harm that will befall them

3  or even alleged harm if the UCC responds to our 2004

4  request. It's obviously information that we could get once

5  the suits are started, but it's important to have now for

6  the reasons I've identified.  The sole object is to

7  interfere with our timely and efficient commencement of

8  those actions and we don't believe the Court should approve

9  that.

10              THE COURT:  Thank you.

11              MR. ZENSKY:  Thank you.

12              MR. JAMESON:  Good morning, Your Honor.  Bruce

13  Jameson on behalf of the producing parties from Prickett,

14  Jones & Elliott.

15              And, Your Honor, first I apologize for my voice.

16  I'm fighting with some germs right now and the germs are

17  winning.  If my voice drops and you can't hear me, just

18  signal and I'll try to pick up the volume.

19              Your Honor, I think the issues here are fairly

20  straightforward.  Counsel has already touched on them and I

21  think the Court understands them.  The big issue for us and

22  I think the primary issue is the 2004 provision and whether

23  or not this discovery falls within 2004.

24              In a sense, Aurelius wants to have it both ways

25  because they came to this Court with their motion to lift

1   the stay and said these are not -- these causes of actions

2   are not assets of the estate because the statute of

3   limitations has run.  Therefore, we have a private right of

4   action that we can go pursue, but it would be presumably not

5   in the Bankruptcy Court, in another Court because it doesn't

6   relate to assets of the estate any longer.  And I note that

7   Aurelius' counsel said oh, well the money that we're seeking

8   to recover was and that was his word was property of the

9   estate.  That may be, but it's not any longer and they

10  admitted that in their motion to lift the automatic stay

11  when they said this is no longer property of the estate,

12  therefore, we as third party creditors have the ability to

13  go out and pursue direct claims that we have.

14          And procedurally, Your Honor, this is very

15  strange at least to me because what they're trying to do is

16  use this Court to obtain pre-suit discovery.  In any other

17  context, that wouldn't exist.  So they have to tie it back

18  into 2004 to be able to get it.  But when you read the

19  language of 2004, I mean, it talks about 2004's limited to

20  acts, property, liabilities, or the financial condition of

21  the debtor.  I mean, those are the matters that are subject

22  to 2004 discovery.  Given that Aurelius has already admitted

23  that this is no longer or I shouldn't use a pronoun, Your

24  Honor, these causes of action are no longer property of the

25  estate, it doesn't fall under 2004.

1          So, Your Honor, in that sense, it's

2    straightforward and I don't think it's appropriate to allow

3    a third party to pursue individual claims and pursue pre-

4    suit discovery utilizing the processes of this Court,

5    particularly here where they're pursuing claims that are

6    solely theirs and don't relate to property of the estate and

7    they've admitted that.

8          On the confidentiality of the information, the

9    Court asked about that.  One, Your Honor, to the extent

10   there's information already in the complaint that was filed

11   in the adversary proceeding, then they don't need the

12   discovery materials.  They have that information from the

13   complaint so there's no basis for them to ask for it in the

14   first place.  But two, Your Honor, when the funds that I

15   represent produce this information, they did so based upon

16   the confidentiality agreement that they signed with the

17   creditors' committee.

18          THE COURT:  Well let me as a question.  I mean,

19   was there some hope that the information that you were

20   producing that wasn't already available publically was never

21   going to become publically available?  I mean, what --

22          MR. JAMESON:  No, Your Honor.  Our hope was and

23   this is what we specifically put in the confidentiality

24   agreement was the information we provided would be used

25   solely for purposes of this litigation, that is the

1  adversary proceeding.  That's the specific provision in

2  Paragraph 2 of the confidentiality agreement and that was

3  our expectation when we provided it.  Had we not had that

4  provision in the confidentiality agreement, then we may have

5  been before the Court asking for a different form of

6  confidentiality agreement or fighting with the committee

7  over what we would or wouldn't produce.

8           THE COURT:  Look, you know, I guess I don't ask -

9  - I don't expect you to answer this question, but how do you

10 think the Court would have ruled?  I -- this is not -- and

11 maybe I'm just missing something.  It's just -- it doesn't

12 seem to me to be a difficult issue.  I mean, we're not

13 talking about trade secrets.  You know, we're not talking

14 about, you know, things of that nature.  You know, people

15 get sued all the time and amounts are listed in complaints

16 all the time.

17          MR. JAMESON:  Well, Your Honor, let me use this

18 analogy then because let us suppose that we were in a

19 District Court action, there were two parties A and B who

20 were suing each other.  And a third party comes in and with

21 respect -- and seeks discovery from one of those parties

22 even though this third party is not a party to that action

23 and they are not seeking anything relating to the property

24 that's involved in that action.  That third party has no

25 standing to come in with a subpoena to one of those parties

1  where they're not a party to the litigation seeking

2  discovery for some suit that they haven't filed yet.  And I

3  think that's the same situation you have here.  Because if

4  2004 doesn't apply as we argue it doesn't, then what you

5  have is a disinterested party who's coming into an existing

6  action and saying I'm entitled to discovery for an action

7  that I have not yet filed.

8           THE COURT:  See and your answer reveals, I think

9  the accuracy of Mr. Zensky's argument.  And you started out

10  by talking about confidentiality and I challenged you on

11  that and then you talked about the inapplicability of the

12  rule.  And so I think the answer to my question were you to

13  be truthful is you never -- no one would reasonably expect

14  that information to be or remain confidential.  And it tells

15  me really through the form of your own argument that the

16  purpose in resisting the relief here is exactly what others

17  say it is.

18           MR. JAMESON:  Well, Your Honor, going back to my

19  analogy of the separate suit though, again --

20           THE COURT:  I don't think it's applicable here.

21  I mean, I -- you could -- I guess you could argue about

22  given the -- to use I think it was Mr. Zensky's words, the

23  millisecond that the property was property of the estate, I

24  think it's inescapable that what these out of Bankruptcy

25  Court lawsuits are are intertwined with, you know,

1   confirmation, proposed confirmation of a plan.  And that's

2   pretty clear to me.  And it seems to me that that's a basis

3   alone on which I could decide and I think I would decide and

4   will decide that the rule applies to the request that's been

5   made here.

6            MR. JAMESON:  Well, Your Honor, but again, going

7   back to my analogy, just going back to the confidentiality

8   point for a minute.  To the extent there are discovery

9   materials that are produced in connection with litigation, I

10  submit, Your Honor, that it would be unusual for some third

11  party to come in and say even they weren't designated as

12  confidential, I'm entitled to those materials to go use in

13  some other lawsuit.

14           THE COURT:  But I've -- look, and I've been faced

15  with those arguments.  You know, they're pre-petition

16  securities litigation that's going on all the time and

17  parties from those suits come in and they want to take

18  advantage of whatever an examiner's turned up or what other

19  parties have turned up in discovery.  You know, and I

20  understand the distinction, but I don't think that's the

21  case here.

22           MR. JAMESON:  All right.  Well, Your Honor, I get

23  the sense the Court has made its decision.  I don't have any

24  further arguments beyond those.  Again, we come back to

25  though that we don't think this is within the scope of 2004.

1  And once you make that decision, it's inappropriate to allow

2  a non-related party to use discovery essentially under 2004

3  when it's not for pre-complaint discovery of an action that

4  has yet to be filed.

5           THE COURT:  If I were to make that determination,

6  I don't think I'd disagree with that point.

7           MR. JAMESON:  All right, thank you, Your Honor.

8           THE COURT:  Thank you.  Does anyone else wish to

9  be heard?

10                 (No audible response.)

11          THE COURT:  I hear no further response.  All

12 right.  On the assumption that the language concerning

13 related proceedings can be worked out is there anything else

14 in connection with this motion I need to address?  And I'll

15 just specifically state for the record this request under

16 these circumstances I think clearly falls within the ambit

17 of the rule and I will therefore grant the motion

18 conditioned upon the parties working out the language they

19 said they thought they'd be able to.

20          MR. SOTTILE:  Thank you, Your Honor.  James

21 Sottile for the committee.

22          I don't  believe there's anything else the Court

23 needs to address.  We will submit the form of order

24 attaching the revised form of confidentiality agreement for

25 the Court later today.

1          THE COURT:  Okay.

2          MR. GOLDEN:  Morning again, Your Honor.  Daniel

3   Golden, Akin, Gump, Strauss, Hauer & Feld, counsel for

4   Aurelius Capital and the other noteholder plan proponents.

5          Your Honor, I'd like to turn to item -- the

6   fourth and last item on this morning's agenda.  That is a

7   status conference to address unresolved redaction disputes.

8   I'll get to the punch line first.  I don't believe that

9   there are any unresolved redaction disputes.  Just two

10  minutes worth of background.

11         Your Honor at a couple of minutes before midnight

12  on May 11 which was the Court imposed deadline for both the

13  noteholder plan proponents and the DCL plan proponents to

14  file their opening post-trial confirmation brief, out of an

15  abundance of caution and really as an accommodation to the

16  DCL plan proponents, the version of the post-trial

17  confirmation brief filed by the noteholder plan proponents

18  was filed completely under seal given the numerous citations

19  to various exhibits and whatnot.  We did accompany that with

20  an email dated May 12, a few minutes later so now we're past

21  midnight, advising all of the DCL plan proponents and other

22  parties and interests that it was the intention of the

23  noteholder plan proponents to file an un-redacted version of

24  the post-trial confirmation brief shortly after today's

25  hearing and asking parties to the extent that they had any

1    objections with respect to our proposal to file an un-

2    redacted versions of the post-trial brief, to so notify us

3    by yesterday at noon.  We did not receive any objections.

4    In fact, the DCL plan proponents have advised us that they

5    have no objection to us filing an un-redacted version of the

6    post-trial confirmation brief including the TV Foods

7    information that's contained.  The only exception will be

8    with respect to certain aspects of Part 2 of our post-trial

9    confirmation brief relating to or dealing with FCC concerns.

10            So it is our intention to file a 99 percent

11   unsealed version of the post-trial confirmation brief

12   shortly filing today's hearing.  And as I said, there were

13   no objections.

14            Your Honor we -- the last point I'll make is for

15   the benefit of the Court, we have asked our technical people

16   and now I'll get into areas I'm not sufficient really to

17   talk about, to actually provide the Court and other parties

18   and interests with a hyperlink version of the post-trial

19   confirmation brief so that when Your Honor and Your Honor's

20   staff is reviewing the brief, you'll automatically be able

21   to pull up on your computer, all of the actual citations

22   that are set forth in the footnote.  I'm told that that

23   makes the review of the brief quite a bit easier for the

24   reader.  So we have asked our technical people to provide

25   that and I believe that will be forthcoming to the Court

1  either later today or sometime to tomorrow.

2          And with what, Your Honor, I don't know whether

3  anybody else has any other business, but I think we have run

4  through the agenda.  Thank you.

5          THE COURT:  All right, thank you.  Does anyone

6  else wish to be heard?

7          MS. BROMBERG:  Hi, Your Honor, Kate Bromberg with

8  Brown Rudnick.

9          And similar to the noteholder brief when we filed

10  our brief on behalf of Wilmington Trust Company, we filed

11  certain portions of it redacted in accordance with your

12  depository order.  And similarly circulated an email

13  requesting anyone who wished to have their information

14  remain confidential to let us know by yesterday at noon.

15  And these consisted of exhibits that weren't used at the

16  hearing which is why they were still subject to the

17  depository order and we have not heard from anyone, so we

18  intend to file then a redacted brief later today.  Thank

19  you.

20          THE COURT:  All right, thank you.  Anyone else

21  wish to be heard?

22                  (No audible response.)

23          THE COURT:  Is there anything further for today?

24          MR. SOTTILE:  Yes, Your Honor.  James Sottile of

25  Zuckerman Spaeder, special counsel to the committee.

1          The Court has now received, although I suspect

2    not yet had the opportunity to read through the opening

3    post-hearing briefs from the DCL proponents and the

4    noteholder proponents.

5          THE COURT:  You are correct.

6                    (Laughter)

7          MR. SOTTILE:  I thought that might be the case,

8    Your Honor.  And Mr. Zensky and I had a discussion

9    beforehand and thought we would seek the Court's views and

10   guidance to the extent the Court has formulated any about

11   how you would like to conduct the closing arguments that are

12   scheduled for the 14th of June.  Having just heard that the

13   Court hasn't reviewed the briefs which I anticipated, the

14   Court may not be ready to share those thoughts, but as and

15   when the Court has views about how we might best present the

16   issues in a way that would be most helpful to you and that

17   would focus on those matters of most concern, it would

18   helpful, I think to both the parties, Your Honor.

19         THE COURT:  I will do that, but in terms of

20   process, have the parties any thoughts about timing and

21   those kinds of things in non-DCL noteholder plan proponents?

22         MR. SOTTILE:  Do you mean how much time we think

23   the plan proponents would want to set aside for argument and

24   then how much time anyone else might need, Your Honor?

25         THE COURT:  For starters, yes.

1          MR. SOTTILE:  Your Honor, we have not advanced

2    very far in that regard, I have to confess to the Court,

3    although it is something that we will address and advise the

4    Court of our views.  I think for the moment, all we can say

5    is that we do ask the Court to continue to hold the entire

6    day pending further and better estimates from us of how long

7    it would take which would perhaps be informed by the Court's

8    views on what you'd really like to hear from us about.

9          THE COURT:  Fair enough.

10         MR. ZENSKY:  Good morning, again, Your Honor.

11   For the record, David Zensky, Akin, Gump, Strauss, Hauer &

12   Feld.

13         Let me just touch on the last question Your Honor

14   asked Mr. Sottile about what thought we had given to the

15   organization.  Certainly, I agree with counsel's comment

16   that we should have the Court's time permitting, the full

17   day put aside.  It --

18         THE COURT:  Not to worry, you won't have to

19   share.

20         MR. ZENSKY:  Right.

21                        (Laughter)

22         MR. ZENSKY:  Subject to Your Honor indicating

23   whether there are certain issues that the Court specifically

24   wants addressed or issues that it does not need argument on,

25   it was our preliminary thought that because the evidence

1  relates to many issues, that unlike the arguments we had on

2  the 14th where it was point, counter point so to speak, that

3  for these proceedings, it's likely best for each side to

4  have a kind of block of time to kind of talk about what they

5  think they proved at the trial and what the other side

6  failed to prove.  That's just our preliminary view.  I don't

7  know if it accords with how the Court thinks it will make

8  sense --

9             THE COURT:  Well it probably will flow better

10  that way.  I guess the only comment I'll offer preliminarily

11  is to focus both for the Court and for the parties' argument

12  on the things most worthy of oral argument.  I won't assume

13  that anybody has abandoned a position unless they tell me

14  they have.  So I say that so that the universe, the entire

15  universe doesn't have to be argued.  I'd rather as you might

16  expect, everybody focus on, you know, the meatier issues,

17  put that way.

18             MR. ZENSKY:  Sure, understood, Your Honor.

19             THE COURT:  Okay.

20             MR. ZENSKY:  That's very helpful, thank you.

21             THE COURT:  Anything further for today?

22                   (No audible response.)

23             THE COURT:  All right.  Thank you all very much.

24  That concludes this hearing.  Court will stand adjourned.

25

1     (Whereupon, at 10:49 a.m., the hearing was adjourned.)

2

3                        CERTIFICATION

4          I certify that the foregoing is a correct

5     transcript from the electronic sound recording of the

6     proceedings in the above-entitled matter.

7

8

9     _____        17 May 2011
10    Traci L. Calaman, Transcriber              Date
11

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **08-13141(kjc**(1) 1:5 | | **along**(1) 9:12 | | **applies**(1) 34:4 | | **become**(1) 31:21 | |
| **a.m**(3) 1:14 9:1 42:1 | | **already**(6) 27:23 28:23 29:20 30:22 31:10 | | **apply**(2) 27:13 33:4 | | **been**(9) 9:23 10:10 12:2 16:2 17:15 25:14 | |
| **abandoned**(1) 41:13 | | 31:20 | | **approaching**(1) 16:8 | | 32:5 34:4 34:14 | |
| **ability**(4) 21:18 26:21 28:11 30:12 | | | | **appropriate**(2) 16:23 31:2 | | **befall**(2) 29:2 29:2 | |
| **able**(4) 26:19 30:18 35:19 37:20 | | **also**(4) 11:10 13:21 14:5 26:13 | | **appropriately**(1) 20:1 | | **before**(6) 1:18 21:4 25:6 25:9 32:5 36:11 | |
| **about**(25) 13:11 17:11 19:10 19:24 20:4 | | **alternative**(2) 8:8 8:8 | | **approval**(2) 11:23 11:23 | | **beforehand**(1) 39:9 | |
| 20:15 23:13 24:8 24:12 24:24 26:3 30:19 | | **alternatively**(2) 10:13 11:14 | | **approve**(1) 29:8 | | **beginning**(1) 25:2 | |
| 31:9 32:13 32:14 33:10 33:11 33:21 37:1 | | **although**(2) 39:1 40:3 | | **approving**(1) 21:18 | | **behalf**(5) 9:6 14:4 26:22 29:13 38:10 | |
| 39:10 39:15 39:20 40:8 40:14 41:4 | | **amanda**(1) 3:25 | | **april**(5) 10:8 10:12 11:9 12:14 21:18 | | **being**(4) 15:11 24:12 24:14 27:25 | |
| | | **ambit**(1) 15:7 | | **are**(37) 9:13 10:12 10:15 12:17 12:25 13:8 | | **believe**(11) 9:24 12:19 18:5 18:9 23:18 | |
| **aboveentitled** (1) 42:6 | | **amended**(10) 10:11 10:16 10:19 11:6 11:7 | | 14:9 16:18 22:18 23:16 23:17 25:15 25:23 | | 26:12 26:16 29:8 35:22 36:8 37:25 | |
| **abundance**(1) 36:15 | | 11:8 11:13 11:22 12:22 12:22 | | 26:19 26:25 26:25 27:16 29:5 29:16 29:21 | | **bench**(1) 27:20 | |
| **accommodation**(1) 36:15 | | | | 30:1 30:2 30:21 30:21 30:24 35:9 32:15 | | **bendernagel**(1) 5:46 | |
| **accompany**(1) 36:19 | | **amendment**(2) 11:15 11:15 | | 32:23 33:25 33:25 34:8 34:9 36:9 37:22 | | **beneficial**(1) 22:4 | |
| **accordance**(1) 38:11 | | **amendments**(9) 10:10 10:15 10:24 10:24 | | 39:5 39:11 40:23 | | **beneficiary**(1) 28:19 | |
| **accords**(1) 41:7 | | 11:4 11:11 12:2 13:5 13:6 | | | | **benefit**(2) 26:7 37:15 | |
| **account**(1) 18:20 | | | | **area**(1) 24:9 | | **benson**(1) 7:8 | |
| **accuracy**(1) 33:9 | | **america**(2) 5:21 5:21 | | **areas**(1) 37:16 | | **besides**(1) 26:23 | |
| **act**(1) 14:22 | | **amit**(1) 6:23 | | **argue**(4) 12:21 27:25 33:4 33:21 | | **best**(2) 39:15 41:3 | |
| | | **amount**(7) 16:13 19:25 22:3 22:9 22:10 | | **argued**(2) 25:14 41:15 | | **better**(2) 40:6 41:9 | |
| **action**(14) 15:21 17:7 22:2 25:20 26:5 | | 22:25 22:25 | | **argument**(10) 20:10 21:16 24:2 25:10 33:9 | | **between**(1) 27:11 | |
| 26:25 30:4 30:24 32:19 32:22 32:24 33:6 | | | | 33:15 39:23 40:24 41:11 41:12 | | **beyond**(2) 21:21 34:24 | |
| 33:6 35:3 | | **amounts**(11) 15:14 16:3 18:4 18:12 19:10 | | **arguments**(5) 17:11 34:15 34:24 39:11 | | **big**(2) 19:14 29:21 | |
| **action's**(1) 21:15 | | 22:5 22:16 28:2 28:17 28:20 32:15 | | **arise**(1) 19:17 | | **binder**(1) 9:22 | |
| **actions**(10) 21:15 25:5 26:4 26:10 26:20 | | | | **arrowgrass**(2) 7:13 7:13 | | **bit**(2) 17:3 37:23 | |
| 26:20 27:15 27:17 29:8 30:1 | | **analogous**(1) 24:18 | | **arthur**(1) 6:39 | | **blabey**(1) 7:19 | |
| | | **analogy**(3) 32:18 33:19 34:7 | | **ascertain**(1) 21:21 | | **black**(2) 14:16 23:10 | |
| **acts**(3) 25:3 25:23 30:20 | | **and**(186) 9:24 10:6 10:15 10:22 11:6 11:7 | | **ashby**(1) 3:24 | | **blake**(1) 2:6 | |
| **actual**(1) 37:21 | | 11:25 12:4 12:6 12:10 12:12 12:22 13:1 | | **ashley**(1) 5:5 | | **block**(1) 41:4 | |
| **actually**(1) 37:17 | | 13:3 13:7 13:12 13:21 14:7 14:7 14:9 | | **aside**(3) 19:2 39:23 40:17 | | **boils**(1) 9:9 | |
| **adam**(1) 2:41 | | 14:16 14:22 15:12 15:14 15:20 15:25 | | **ask**(3) 31:13 32:8 40:5 | | **borrowing**(1) 25:7 | |
| **address**(7) 9:15 15:12 22:25 35:14 35:23 | | 15:25 16:1 16:2 16:9 17:3 17:11 17:14 | | **asked**(4) 31:9 37:15 37:24 40:14 | | **both**(5) 13:12 29:24 36:12 39:18 41:11 | |
| 36:7 40:3 | | 17:20 17:21 17:25 18:2 18:4 18:12 18:14 | | **asking**(2) 32:5 36:25 | | **bowden**(1) 3:26 | |
| | | 18:15 18:17 18:20 18:23 19:3 19:7 19:11 | | **aspects**(1) 37:8 | | **box**(1) 4:12 | |
| **addressed**(1) 40:24 | | 19:12 19:23 20:14 20:16 20:16 20:25 | | **asserted**(1) 19:18 | | **brandywine**(1) 2:7 | |
| **addresses**(1) 22:9 | | 21:17 21:19 21:22 21:24 22:5 22:6 22:9 | | **asserts**(1) 15:19 | | **breadth**(1) 24:24 | |
| **adequate**(1) 28:13 | | 22:10 22:15 22:16 22:17 22:18 22:20 | | **asset**(3) 25:6 25:7 25:23 | | **brief**(13) 36:14 36:17 36:24 37:2 37:6 | |
| **adjourned**(2) 41:24 42:1 | | 22:21 22:23 22:25 22:25 23:18 23:21 | | **assets**(2) 30:2 30:6 | | 37:9 37:17 37:19 37:20 37:23 38:9 38:10 | |
| **adler**(1) 2:35 | | 23:25 24:8 24:11 24:13 24:15 24:18 24:2 | | **assume**(1) 41:12 | | 38:18 | |
| **administered**(1) 1:6 | | 24:25 24:25 25:4 25:8 25:10 25:13 25:25 | | **assuming**(1) 11:23 24:21 | | **briefs**(2) 39:3 39:13 | |
| **advanced**(1) 40:1 | | 26:4 26:7 26:11 26:14 26:15 26:16 26:24 | | **assumption**(1) 35:12 | | **brigade**(1) 8:17 | |
| **advantage**(2) 16:1 34:18 | | 27:2 27:6 27:7 27:9 27:12 27:23 28:4 | | **atamian**(1) 6:25 | | **bring**(1) 21:18 | |
| **adversary**(7) 15:18 17:6 24:10 27:10 | | 28:6 28:7 28:11 28:15 28:15 28:21 29:7 | | **attached**(3) 12:5 23:1 28:23 | | **bringing**(2) 19:16 21:14 | |
| 27:14 31:11 32:1 | | 29:8 29:15 29:16 29:17 29:18 29:20 29:2 | | **attaching**(1) 35:24 | | **brings**(1) 9:25 | |
| | | 29:22 30:1 30:6 30:8 30:9 30:13 30:14 | | **attempting**(1) 15:22 | | **broached**(1) 12:13 | |
| **adverse**(6) 10:12 10:15 11:12 11:16 12:24 | | 31:2 31:3 31:6 31:6 31:22 32:2 32:10 | | **attention**(1) 25:1 | | **broader**(1) 23:15 | |
| 13:1 | | 32:15 32:19 32:20 32:20 32:21 32:23 33:1 | | **audible**(5) 9:20 14:14 35:10 38:22 41:22 | | **brockius**(1) 6:42 | |
| | | 33:6 33:8 33:9 33:10 33:10 33:12 33:14 | | **aurelius**(11) 3:17 6:12 6:12 10:6 19:8 | | **bromberg**(3) 4:24 38:7 38:7 | |
| **advise**(1) 40:3 | | 34:1 34:2 34:3 34:3 34:11 34:14 34:16 | | 20:25 21:3 29:24 30:7 30:22 36:4 | | **brown**(4) 4:23 6:22 7:25 38:8 | |
| **advised**(1) 37:4 | | 34:17 34:19 35:1 35:14 35:17 36:4 36:6 | | **austin**(4) 1:23 5:37 9:6 14:4 | | **bruce**(2) 4:11 29:12 | |
| **advising**(1) 36:21 | | 36:13 36:16 36:19 36:21 36:24 37:5 37:7 | | **authorized**(1) 16:6 | | **bryan**(1) 5:38 | |
| **affected**(2) 10:25 11:17 | | 37:12 37:16 37:17 37:18 37:19 37:25 38: | | **automatic**(1) 30:10 | | **bryant**(1) 3:20 | |
| **after**(2) 25:7 36:24 | | 38:9 38:12 38:15 38:17 39:3 39:8 39:8 | | **automatically**(1) 37:20 | | **building**(1) 2:7 | |
| **again**(7) 19:23 28:4 33:19 34:6 34:24 36:24 | | 39:9 39:9 39:14 39:16 39:20 39:23 40:3 | | **available**(3) 21:21 31:20 31:21 | | **bush**(1) 5:17 | |
| 40:10 | | 40:6 41:5 41:11 | | **avenue**(4) 1:33 2:30 3:27 3:33 | | **business**(1) 38:3 | |
| | | | | **avoidance**(2) 21:15 26:20 | | **but**(24) 9:9 14:17 17:19 18:9 18:16 19:23 | |
| **against**(1) 15:20 | | **anderson**(1) 2:12 | | | | 20:9 20:12 22:7 24:7 24:21 25:12 29:5 | |
| **agenda**(3) 9:7 36:6 38:4 | | **andrea**(1) 7:35 | | **back**(10) 11:5 14:7 21:15 23:6 25:11 | | 30:4 30:9 30:18 31:14 32:9 34:21 34:22 | |
| **agent**(1) 14:9 | | **andrew**(2) 5:18 7:31 | | 30:17 33:18 34:7 34:7 34:24 | | 34:20 38:3 39:14 39:19 | |
| **agree**(1) 40:15 | | **angelo**(1) 2:4 | | | | | |
| **agreed**(4) 17:4 19:2 28:9 38:16 | | **anna**(2) 7:22 7:22 | | **background**(1) 36:10 | | **buyout**(1) 15:10 | |
| **agreement**(12) 11:19 17:25 17:25 18:15 | | **another**(2) 18:15 30:5 | | **bale**(1) 4:34 | | **bynum**(1) 7:45 | |
| 19:7 28:12 31:16 31:24 32:2 32:4 32:6 | | **answer**(4) 9:14 32:9 33:8 33:12 | | **banc**(2) 2:28 6:42 | | |
| 35:24 | | **anticipated**(1) 39:13 | | **bank**(3) 5:21 5:21 6:16 | | |
| **agreements**(6) 17:2 17:23 18:7 19:9 21:23 | | **any**(28) 9:14 9:15 9:18 10:12 10:14 10:15 | | **bankruptcy**(9) 1:1 1:19 13:2 13:4 24:16 | | |
| 28:7 | | 10:25 14:16 18:9 22:22 23:9 23:18 23:21 | | 27:11 27:12 30:5 33:24 | | |
| | | 24:5 25:25 26:14 27:22 28:10 30:6 30:9 | | | | |
| **agudelo**(1) 6:31 | | 30:16 34:23 36:9 36:25 37:3 39:3 39:10 | | **banks**(1) 25:8 | | |
| **akin**(5) 3:17 10:5 21:3 36:3 40:11 | | 39:20 | | **barclays**(2) 4:16 6:22 | | |
| **all**(37) 9:2 9:4 10:3 11:25 12:3 12:7 12:11 | | **anybody**(2) 38:3 41:13 | | **barnes**(1) 3:37 | | |
| 12:23 13:23 13:25 13:25 14:1 14:12 14:22 | | **anyone**(9) 9:18 14:1 14:12 35:8 38:5 | | **based**(1) 17:4 20:19 | | |
| 14:25 17:18 17:20 17:22 20:13 20:24 22:7 | | 38:17 38:20 39:24 | | **basically**(1) 17:4 20:19 | | |
| 27:2 27:3 27:17 32:15 32:16 34:16 34:22 | | | | **basis**(3) 11:25 31:13 34:2 | | |
| 35:7 35:11 36:21 37:21 38:5 38:20 40:4 | | **anything**(6) 13:23 32:23 35:13 35:22 | | **because**(19) 9:16 16:15 19:1 19:24 20:4 | | |
| 41:23 41:23 | | 38:23 41:21 | | 24:5 25:22 26:23 27:15 27:23 28:8 28:23 | | |
| | | | | 29:25 30:2 30:5 30:15 32:18 33:8 40:25 | | |
| **alleged**(1) 29:3 | | **apologies**(1) 14:18 | | | | |
| **allow**(2) 31:2 35:11 | | **apologize**(2) 12:15 29:15 | | **capital**(11) 4:32 4:32 6:12 6:12 7:13 7:13 | | |
| **alone**(1) 34:3 | | **appearances**(5) 4:30 5:1 6:1 7:1 8:1 | | 8:8 8:9 8:17 10:6 36:4 | | |
| | | **applicable**(1) 33:20 | | | | **carey**(1) 1:18 | |

| Word | Page:Line |
|------|-----------|
| **carlyle**(1) 2:28 | |
| **carol**(1) 4:34 | |
| **carroon**(1) 2:12 | |
| **case**(10) 1:5 7:4 24:16 26:1 26:14 26:16 27:2 27:6 34:21 39:7 | |
| **cases**(3) 27:8 27:9 28:18 | |
| **causes**(5) 25:20 26:5 26:25 30:1 30:24 | |
| **caution**(1) 36:15 | |
| **certain**(6) 13:5 13:6 19:20 37:8 38:11 | |
| **certainly**(1) 15:2 40:15 | |
| **certification**(2) 9:10 42:3 | |
| **certify**(1) 42:4 | |
| **chadbourne**(2) 3:4 5:4 | |
| **challenged**(1) 33:10 | |
| **change**(3) 11:12 11:16 13:2 | |
| **changed**(1) 9:9 | |
| **changes**(3) 13:7 23:5 23:9 | |
| **chapter**(1) 1:8 | |
| **chase**(1) 6:16 | |
| **chicago**(1) 1:27 | |
| **chose**(1) 25:19 | |
| **chung**(1) 5:22 | |
| **circulated**(2) 13:19 38:12 | |
| **circumstances**(2) 18:18 35:16 | |
| **circumvent**(1) 27:13 | |
| **citations**(2) 36:18 37:21 | |
| **cited**(1) 27:9 | |
| **citibank**(1) 5:33 | |
| **claim**(1) 27:22 | |
| **claims**(13) 15:20 16:5 16:9 16:19 17:7 19:17 19:25 20:6 20:7 24:13 26:22 30:13 31:3 31:5 | |
| **clarify**(2) 21:13 23:8 | |
| **class**(2) 10:13 10:16 | |
| **classes**(5) 10:17 10:25 11:17 | |
| **clean**(1) 13:12 | |
| **clear**(1) 34:2 | |
| **clearly**(1) 35:16 | |
| **cleary**(1) 2:6 | |
| **clerk**(1) 9:2 | |
| **clients**(1) 22:24 | |
| **close**(1) 19:8 | |
| **closing**(1) 39:11 | |
| **cno**(1) 9:22 | |
| **cobb**(1) 2:40 | |
| **code**(1) 13:4 | |
| **cole**(1) 1:30 | |
| **collateral**(2) 23:16 27:4 | |
| **collect**(1) 26:19 | |
| **come**(5) 17:11 27:12 32:25 34:11 34:17 34:24 | |
| **comes**(1) 32:20 | |
| **comfortable**(1) 14:10 | |
| **coming**(1) 33:5 | |
| **commence**(1) 27:17 | |
| **commenced**(3) 15:19 17:7 22:18 | |
| **comment**(3) 18:17 40:15 41:10 | |
| **comments**(2) 21:10 24:1 | |
| **committee**(39) 2:40 3:4 5:4 15:4 15:7 15:13 15:15 15:16 15:18 15:21 15:23 16:11 16:14 16:15 16:16 16:21 17:1 17:4 17:7 17:9 17:16 17:22 18:8 18:18 19:9 19:18 20:6 20:20 21:6 21:23 23:1 24:6 24:6 26:22 28:24 31:17 32:6 35:21 38:25 | |
| **committees**(5) 15:1 15:6 16:12 16:20 18:1 | |
| **communicat**(1) 22:24 | |
| **companies**(1) 25:16 | |
| **company**(5) 1:8 6:4 7:40 7:40 38:10 | |
| **compensation**(1) 8:4 | |
| **competing**(3) 12:8 12:9 12:10 | |
| **compiled**(1) 16:11 | |
| **complain**(1) 24:12 | |
| **complaint**(4) 18:8 28:24 31:10 31:13 | |
| **complaints**(1) 32:15 | |
| **complaint's**(1) 22:7 | |

| Word | Page:Line |
|------|-----------|
| **completely**(1) 36:18 | |
| **compliance**(1) 16:16 | |
| **computer**(1) 37:21 | |
| **conaway**(1) 2:4 | |
| **concern**(3) 14:5 18:10 39:17 | |
| **concerning**(2) 15:8 35:12 | |
| **concerns**(1) 37:9 | |
| **concise**(1) 12:1 | |
| **concludes**(1) 41:24 | |
| **conclusion**(1) 10:21 | |
| **condition**(1) 30:20 | |
| **conditioned**(1) 35:18 | |
| **conditions**(2) 17:13 21:19 | |
| **conduct**(2) 25:3 39:11 | |
| **conference**(2) 12:13 36:7 | |
| **confess**(1) 40:2 | |
| **confidential**(10) 18:21 19:3 19:11 28:1 28:5 28:11 28:14 33:14 34:12 38:14 | |
| **confidentiality**(24) 16:24 17:1 17:19 17:23 17:25 18:2 18:7 19:15 19:24 19:25 20:17 21:23 27:21 27:22 28:6 31:8 31:16 31:23 32:2 32:4 32:6 33:10 34:7 35:24 | |
| **confirmation**(11) 12:11 12:21 34:1 34:1 36:14 36:17 36:24 37:6 37:9 37:11 37:19 | |
| **confirmed**(2) 26:5 26:18 | |
| **conflating**(1) 13:1 | |
| **conlan**(1) 1:24 | |
| **connection**(10) 9:17 14:2 15:9 15:17 16:4 16:17 17:5 20:7 34:9 35:14 | |
| **consent**(1) 28:19 | |
| **consented**(1) 27:24 | |
| **consider**(1) 26:17 | |
| **consideration**(1) 13:15 | |
| **consisted**(1) 38:15 | |
| **consistent**(1) 16:20 | |
| **consolidated**(1) 23:16 | |
| **constitute**(1) 11:12 11:16 | |
| **constructive**(3) 16:5 19:17 20:6 | |
| **consummation**(1) 26:6 | |
| **contained**(2) 11:10 37:7 | |
| **context**(1) 30:17 | |
| **continue**(2) 10:18 40:5 | |
| **continued**(7) 2:2 3:2 4:2 5:2 6:2 7:2 8:2 | |
| **contrary**(1) 27:16 | |
| **conveyance**(4) 15:19 16:5 19:17 19:19 | |
| **copies**(3) 13:22 17:20 | |
| **copy**(2) 17:23 19:22 | |
| **correct**(3) 17:16 39:5 42:4 | |
| **cost**(1) 22:6 | |
| **costing**(1) 14:7 | |
| **could**(6) 13:12 22:13 29:4 33:21 33:21 | |
| **counsel**(9) 9:11 10:5 15:3 23:5 23:18 29:20 30:7 36:3 38:25 | |
| **counsel's**(1) 40:15 | |
| **counter**(1) 41:2 | |
| **country**(1) 28:21 | |
| **couple**(2) 14:9 36:11 | |
| **course**(1) 16:25 | |
| **court**(89) 1:1 9:3 9:15 9:16 9:21 10:3 10:23 13:16 13:23 14:1 14:12 14:15 14:19 14:22 14:25 15:14 16:5 17:14 18:14 18:25 19:21 19:22 20:9 20:13 20:16 20:19 20:22 21:8 23:21 24:10 27:11 27:12 27:14 27:17 28:9 28:23 29:8 29:10 29:21 29:25 30:5 30:5 30:16 31:4 31:9 31:18 32:5 32:10 32:19 33:8 33:20 33:25 34:14 34:22 35:5 35:8 35:11 35:22 35:25 36:1 36:12 37:15 37:17 37:25 38:5 38:20 38:23 39:1 39:5 39:10 39:13 39:14 39:15 39:19 39:22 40:2 40:4 40:5 40:9 40:18 40:23 41:7 41:9 41:11 41:19 41:21 41:23 41:24 | |

| Word | Page:Line |
|------|-----------|
| **court's**(7) 13:14 15:5 18:23 24:25 39:9 40:7 40:16 | |
| **courtroom**(2) 1:9 13:22 | |
| **cram**(1) 13:4 | |
| **creditor**(9) 12:6 12:12 13:7 13:14 26:6 26:8 26:15 26:16 26:19 | |
| **creditors**(22) 2:41 3:5 5:5 10:13 10:16 11:1 11:13 11:25 12:7 15:4 16:18 16:18 21:6 25:5 25:15 26:7 26:15 26:21 26:23 27:1 30:12 31:17 | |
| **culminating**(2) 10:11 11:8 | |
| **culmination**(1) 12:2 | |
| **current**(2) 11:8 12:7 | |
| **currently**(1) 12:23 | |
| **damage**(1) 29:2 | |
| **damian**(1) 6:19 | |
| **daniel**(2) 2:43 3:18 5:26 5:28 10:4 36:2 | |
| **data**(1) 1:39 | |
| **date**(2) 12:3 16:8 42:10 | |
| **dated**(5) 10:8 10:12 11:6 11:9 36:20 | |
| **dave**(1) 6:7 | |
| **david**(10) 2:35 3:5 3:19 3:38 4:5 7:14 7:19 7:37 21:2 40:11 | |
| **davis**(1) 6:16 | |
| **day**(3) 28:25 40:6 40:17 | |
| **days**(2) 14:9 22:15 | |
| **dbtca**(1) 2:34 | |
| **dcl**(9) 12:6 12:12 12:18 26:18 36:13 36:16 36:21 37:4 39:3 | |
| **deadline**(1) 36:12 | |
| **deal**(3) 23:3 26:3 27:9 | |
| **dealing**(2) 25:22 37:9 | |
| **deals**(2) 13:4 24:16 | |
| **dearborn**(1) 1:26 | |
| **debenture**(1) 7:8 | |
| **debtor**(5) 1:23 22:10 25:4 25:23 30:21 | |
| **debtors**(8) 1:11 9:6 9:9 14:4 25:6 25:6 25:9 25:19 | |
| **december**(1) 11:5 | |
| **decide**(3) 34:3 34:3 34:4 | |
| **decision**(2) 27:9 34:23 35:1 | |
| **deemed**(4) 10:18 10:18 12:24 28:14 | |
| **defendants**(1) 8:13 | |
| **definition**(3) 23:11 23:13 23:14 | |
| **delaware**(6) 1:2 1:11 1:33 2:30 3:27 9:1 | |
| **delivered**(1) 14:20 | |
| **depository**(2) 38:12 38:17 | |
| **describe**(1) 22:1 | |
| **described**(1) 22:21 | |
| **designated**(1) 34:11 | |
| **desire**(1) 20:17 | |
| **determination**(2) 10:14 35:5 | |
| **determinations**(1) 10:21 | |
| **determined**(2) 10:15 11:16 | |
| **determining**(1) 10:10 | |
| **deutsch**(1) 5:7 | |
| **dewey**(1) 4:37 | |
| **diaz**(1) 1:39 | |
| **did**(4) 23:12 31:15 36:19 37:3 | |
| **difference**(1) 19:14 | |
| **different**(1) 32:5 | |
| **difficult**(2) 28:1 32:12 | |
| **direct**(1) 30:13 | |
| **directly**(1) 26:11 | |
| **disagree**(2) 18:23 35:6 | |
| **disclosure**(4) 16:22 17:8 19:3 23:2 | |
| **discovery**(22) 17:12 23:17 24:5 24:11 24:13 24:21 25:22 27:3 27:4 27:13 29:23 30:16 30:22 31:4 31:12 32:21 33:2 33:6 34:8 34:19 35:2 35:3 | |
| **discussion**(3) 11:3 11:11 39:8 | |
| **discussions**(1) 21:20 | |

| Word | Page:Line |
|------|-----------|
| **disinterested**(1) 33:5 | |
| **disputes**(2) 36:7 36:9 | |
| **distinction**(1) 34:20 | |
| **distribution**(2) 12:24 14:7 | |
| **district**(3) 1:2 24:9 32:19 | |
| **dla**(1) 4:16 | |
| **docket**(1) 28:21 | |
| **does**(7) 9:18 14:1 14:12 27:5 35:8 38:5 40:24 | |
| **doesn't**(7) 25:21 30:5 30:25 32:11 33:4 33:4 41:15 | |
| **don**(1) 6:9 | |
| **don't**(28) 9:18 18:5 18:9 18:23 19:23 20:14 22:16 22:18 23:18 23:21 23:24 27:21 28:4 29:8 31:2 31:6 31:11 32:8 32:9 33:20 34:20 34:23 34:25 35:6 35:20 36:8 37:23 41:6 | |
| **done**(6) 15:24 16:2 17:15 19:4 22:3 22:6 | |
| **doubt**(1) 23:22 | |
| **dougherty**(2) 4:42 4:43 | |
| **douglas**(1) 5:7 | |
| **down**(2) 9:9 13:4 | |
| **draft**(1) 28:16 | |
| **draw**(1) 24:25 | |
| **drayton**(1) 3:32 | |
| **drew**(1) 2:22 | |
| **drops**(1) 29:17 | |
| **dunn**(1) 7:14 | |
| **duplicate**(1) 16:11 | |
| **during**(1) 22:11 | |
| **each**(3) 11:11 32:20 41:3 | |
| **early**(1) 22:14 | |
| **easier**(1) 37:23 | |
| **ecro**(1) 1:37 | |
| **efficient**(1) 29:7 | |
| **effort**(1) 15:17 | |
| **efforts**(1) 18:1 | |
| **either**(2) 23:14 38:1 | |
| **elden**(1) 4:42 | |
| **eldersveld**(1) 6:7 | |
| **electronic**(1) 1:46 42:5 | |
| **elliott**(2) 4:10 29:14 | |
| **else**(10) 13:23 14:1 14:13 35:8 35:13 35:22 38:3 38:6 38:20 39:24 | |
| **email**(2) 36:20 38:12 | |
| **employee**(2) 8:4 8:13 | |
| **end**(2) 25:25 28:25 | |
| **enforcement**(1) 23:17 | |
| **engaged**(1) 15:16 | |
| **english**(1) 2:34 | |
| **enough**(1) 40:9 | |
| **entered**(5) 17:1 17:23 19:9 21:20 21:23 | |
| **entertain**(1) 28:8 | |
| **entire**(2) 40:5 41:14 | |
| **entitled**(2) 33:6 34:12 | |
| **entry**(1) 10:9 | |
| **equitable**(1) 13:3 | |
| **equity**(1) 12:23 | |
| **especially**(1) 35:2 | |
| **esq**(75) 1:24 1:25 1:32 2:6 2:13 2:14 2:22 2:29 2:35 2:41 2:42 2:43 3:5 3:13 3:18 3:19 3:25 3:26 3:32 3:38 4:5 4:11 4:17 4:24 4:34 4:38 4:39 4:43 5:5 5:7 5:9 5:11 5:13 5:17 5:18 5:22 5:26 5:28 5:34 5:38 5:40 5:42 5:44 5:46 5:48 6:5 6:7 6:9 6:13 6:17 6:19 6:23 6:25 6:27 6:31 6:33 6:35 6:39 6:43 6:47 7:5 7:10 7:14 7:19 7:26 7:31 7:35 7:37 7:41 7:47 8:5 8:10 8:14 8:18 | |
| **essentially**(1) 35:2 | |
| **estate**(8) 22:6 30:2 30:6 30:9 30:11 30:25 31:6 33:23 | |
| **estates**(1) 25:16 | |
| **esther**(1) 5:22 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|------|-----------|------|-----------|

**estimates**(1) 40:6
**evan**(1) 5:30
**even**(4) 11:14 29:3 32:22 34:11
**event**(1) 11:15
**everybody**(1) 41:16
**everyone**(1) 9:3
**evidence**(1) 40:25
**exactly**(1) 33:16
**examination**(1) 25:2
**examiner's**(1) 34:18
**example**(1) 26:18
**except**(1) 18:19
**exception**(1) 37:7
**exchange**(1) 16:3
**exclusive**(1) 25:21
**exhibit**(3) 11:20 12:5 13:14
**exhibits**(2) 36:19 38:15
**exist**(1) 30:17
**existing**(1) 33:5
**expect**(3) 32:9 33:13 41:16
**expectation**(1) 32:3
**express**(1) 17:17
**extend**(1) 21:10
**extensive**(1) 11:3
**extent**(6) 10:14 15:13 31:9 34:8 36:25 39:10

**extra**(1) 13:22
**faced**(1) 34:14
**fact**(4) 25:19 27:4 27:10 37:4
**failed**(2) 26:8 41:6
**fair**(3) 13:2 16:7 40:9
**fairly**(5) 11:3 11:10 15:16 16:12 29:19
**fall**(1) 30:25
**fallon**(1) 7:47
**falls**(2) 29:23 35:16
**familiar**(1) 24:24
**far**(2) 23:20 40:2
**fargo**(1) 7:4
**fcc**(1) 37:9
**february**(1) 11:6
**federal**(2) 17:17 27:14
**feels**(1) 21:5
**few**(5) 3:17 10:5 21:3 36:3 40:12
**few**(1) 36:20
**file**(8) 11:24 16:6 28:20 36:14 36:23 37:1 37:10 38:18
**filed**(25) 9:10 9:14 11:5 11:7 12:2 12:18 12:19 12:20 17:24 18:8 19:12 19:12 20:25 21:13 21:15 21:22 23:25 31:10 33:2 33:7 35:4 36:17 36:18 38:9 38:10
**filing**(3) 11:21 37:5 37:12
**finalized**(1) 23:22
**finally**(3) 12:4 12:10 26:13
**financial**(1) 30:20
**finger**(1) 2:21
**finishing**(1) 23:23
**first**(7) 9:8 12:12 13:3 24:2 29:15 31:14 36:8
**fits**(1) 25:17
**fitzsimmons**(2) 15:18 17:6
**floor**(2) 2:8 2:17
**flow**(1) 41:9
**focus**(3) 39:17 41:11 41:16
**follow**(1) 28:2
**foods**(1) 37:6
**footnote**(1) 37:22

**for**(106) 1:2 1:23 2:4 2:12 2:21 2:28 2:34 2:40 3:4 3:17 3:31 3:37 4:4 4:10 4:16 4:23 4:32 4:42 5:4 5:21 5:33 5:37 6:4 6:12 6:16 6:22 6:30 6:38 6:42 6:46 7:4 7:8 7:13 7:17 7:22 7:25 7:29 7:34 7:40 7:44 8:4 8:8 8:13 8:17 9:17 10:5 12:11 12:15 12:23 12:23 13:14 15:1 15:6 16:3 17:21 18:14 18:19 20:5 20:16 20:17 21:3 21:13 22:22 22:19 22:24 23:5 23:18 23:21 25:7 25:18 25:21 26:7 26:18 27:8 28:13 28:13 29:5 29:15 29:21 31:13 31:13 31:25 32:5 33:3 33:6 34:8 34:10 35:3 35:15 35:21 35:24 36:3 36:12 37:14 37:23 38:25 39:12 39:23 39:25 40:4 40:11 41:3 41:3 41:11 41:11 41:21
**force**(1) 16:9
**foregoing**(1) 42:4
**form**(17) 9:12 9:22 12:6 13:6 13:7 13:13 13:14 14:10 15:25 16:11 17:24 18:15 28:12 32:5 33:15 35:23 35:24
**formal**(1) 9:13
**forman**(1) 1:30
**formulated**(1) 39:10
**formulation**(2) 26:1 26:12
**forth**(3) 11:20 28:16 37:12
**forthcoming**(1) 37:25
**forward**(1) 17:12
**found**(2) 13:2 13:3
**foundations**(1) 25:12
**four**(1) 9:7
**fourth**(1) 36:6
**framed**(2) 20:9 20:11
**frank**(2) 8:4 8:13
**frankel**(1) 7:18
**fraud**(2) 20:6 20:7
**fraudulent**(5) 15:19 16:5 19:17 19:19 26:4
**friedman**(1) 7:9
**friends**(1) 21:5
**from**(26) 11:4 14:8 15:15 15:23 16:11 19:3 19:17 20:24 20:25 21:14 22:15 24:5 24:6 24:11 25:7 27:20 28:18 29:13 31:12 32:21 34:17 38:17 39:3 40:6 40:8 42:5
**fulfillment**(1) 18:24
**full**(2) 26:24 40:16
**funds**(2) 22:23 31:14
**further**(10) 11:18 12:20 13:8 14:8 14:15 34:24 35:11 38:23 40:6 41:21

**gary**(1) 6:5
**gecker**(2) 8:4 8:13
**geddes**(1) 3:24
**george**(2) 4:42 4:43
**germs**(2) 29:16 29:16
**get**(10) 12:16 26:15 26:24 28:19 29:4 30:18 32:15 34:22 36:8 37:16
**give**(1) 12:20
**given**(5) 17:17 30:22 33:22 36:18 40:14
**goes**(1) 23:20
**going**(5) 31:21 33:18 34:6 34:7 34:16
**golden**(12) 3:18 10:2 10:4 10:5 13:18 13:25 14:6 14:18 14:20 14:24 36:2 36:3
**goldfarb**(1) 5:18
**goldman**(2) 7:44 7:44
**good**(8) 9:3 9:4 9:5 10:4 21:2 21:5 29:12 40:10
**gordon**(1) 2:4
**got**(1) 19:7
**gotshal**(1) 7:34
**gotten**(1) 14:8
**graem**(1) 5:17
**grant**(1) 35:17
**granted**(1) 25:14
**great**(3) 2:28 6:42 22:6

**green**(1) 2:42
**greissman**(1) 7:5
**grippo**(1) 4:42
**group**(2) 8:5 8:14
**guess**(4) 18:16 32:8 33:21 41:10
**guidance**(1) 39:10
**gump**(5) 3:17 10:5 21:3 36:3 40:11
**had**(16) 10:10 13:21 14:5 17:19 21:16 21:23 22:2 25:20 27:20 32:3 32:3 36:25 39:2 39:8 40:14 41:1
**hand**(1) 13:12
**happy**(1) 9:14
**harm**(2) 29:2 29:3
**harrisburg**(1) 1:41
**has**(27) 9:8 9:22 15:13 16:2 16:6 16:15 16:22 17:17 19:18 19:22 22:3 22:18 24:7 24:12 25:13 28:10 29:20 30:3 30:22 32:24 34:23 35:4 38:3 39:1 39:10 39:15 41:13
**hasn't**(1) 39:13
**hauer**(5) 3:17 10:5 21:3 36:3 40:11
**have**(61) 9:7 9:15 9:18 9:21 10:22 12:1 12:2 13:5 13:10 13:22 13:25 14:11 14:16 14:20 17:9 17:10 17:22 19:1 19:22 21:5 22:15 22:16 23:9 23:13 23:21 24:4 27:17 28:7 28:9 28:16 29:1 29:1 29:5 29:24 30:3 30:12 30:13 30:17 31:12 32:4 32:10 33:3 33:5 33:7 34:19 34:23 37:4 37:5 37:15 37:24 38:3 38:13 38:17 39:20 40:1 40:2 40:16 40:18 41:4 41:14 41:15
**haven't**(1) 33:2
**having**(3) 14:8 19:6 39:12
**head**(1) 21:25
**hear**(7) 9:21 14:15 20:24 24:22 29:17 35:11 40:8
**heard**(11) 9:19 14:2 14:13 20:18 22:1 28:15 35:9 38:6 38:17 38:21 39:12
**hearing**(5) 36:25 37:12 38:16 41:24 42:1
**held**(1) 9:16
**helligman**(1) 8:5
**helpful**(4) 16:18 39:16 39:18 41:20
**hence**(1) 22:20
**hercules**(1) 2:15
**here**(15) 15:5 15:16 18:23 20:20 21:16 23:23 25:11 25:12 29:19 31:5 33:3 33:16 33:20 34:5 34:21
**his**(2) 24:1 30:8
**hold**(1) 40:5
**honor**(93) 9:4 9:5 9:8 9:10 9:24 10:4 10:8 11:2 11:20 12:4 12:13 12:13 13:10 13:18 13:18 13:25 14:3 14:18 14:21 15:2 15:2 15:11 16:7 16:14 17:16 17:21 18:1 18:1 18:5 18:22 18:24 19:4 19:14 20:8 20:12 20:14 20:22 21:2 21:7 22:8 22:19 23:2 23:4 23:6 23:11 24:2 24:15 24:21 25:4 25:10 25:18 25:24 26:2 26:13 26:17 27:6 27:18 28:10 28:25 29:12 29:19 29:19 30:14 30:24 31:1 31:9 31:14 31:22 32:17 33:18 34:6 34:10 34:22 35:7 35:20 36:2 36:5 36:11 37:14 37:19 38:2 38:7 38:24 39:8 39:18 39:24 40:1 40:10 40:13 40:22 41:18
**honor's**(2) 24:24 37:19
**honorable**(1) 1:18
**hook**(1) 20:20
**hope**(2) 31:19 31:22
**hopefully**(1) 10:23
**horan**(1) 2:29
**hour**(1) 23:22
**how**(16) 19:6 21:5 22:17 22:23 22:23 27:21 27:25 27:25 28:4 32:9 39:11 39:15 39:22 39:24 40:6 41:7
**howard**(1) 5:11

**however**(1) 16:25
**hyperlink**(1) 37:18
**hypothetically**(1) 26:18
**i'd**(3) 35:6 36:5 41:15
**i'll**(11) 10:1 12:16 13:19 14:22 18:14 29:18 35:14 36:8 37:14 37:16 41:10
**i'm**(8) 9:14 21:9 29:16 32:11 33:6 34:12 37:16 37:22
**i've**(6) 14:15 20:15 23:5 29:6 34:14 34:14
**identified**(3) 18:8 29:1 29:6
**identify**(1) 16:2
**identity**(3) 18:6 22:4 22:8
**immense**(1) 22:3
**important**(6) 22:17 25:24 26:10 26:17 27:17 29:5
**imposed**(1) 36:12
**improve**(1) 26:20
**in-depth**(1) 11:10
**inapplicability**(1) 33:11
**inappropriate**(1) 35:1
**include**(1) 23:15
**including**(1) 37:6
**independent**(2) 19:1 28:18
**indicated**(4) 15:5 23:12 27:20 28:3
**indicating**(1) 40:22
**individual**(1) 31:3
**inescapable**(1) 33:24
**inform**(1) 12:7
**informal**(1) 14:5
**information**(47) 14:8 15:8 15:11 15:17 15:22 16:10 16:13 16:21 16:23 17:1 17:5 17:8 17:18 18:9 18:21 19:2 19:10 19:16 20:3 20:18 21:21 22:3 22:7 22:8 22:13 22:22 22:25 25:17 26:9 27:16 27:24 27:24 28:9 28:18 28:20 28:22 28:22 29:4 31:8 31:10 31:12 31:15 31:19 31:24 33:14 37:7 38:13
**informed**(1) 40:7
**initial**(3) 10:17 11:5 11:18
**intend**(2) 11:24 38:18
**intended**(1) 12:7
**intention**(2) 36:22 37:10
**intentional**(3) 15:19 19:19 20:7
**interest**(4) 16:15 16:22 19:23 24:14
**interested**(3) 6:46 13:20 24:22
**interests**(4) 18:3 19:6 36:22 37:18
**interfere**(1) 29:7
**international**(1) 8:17
**intertwined**(1) 33:25
**into**(9) 17:1 17:23 19:9 26:6 26:8 27:12 30:18 33:5 37:16
**involved**(1) 32:24
**isn't**(1) 19:14
**issue**(13) 14:8 18:5 18:9 18:13 21:24 23:21 26:3 27:19 27:21 28:10 29:21 29:22 32:12
**issued**(3) 21:17 24:10 24:11
**issues**(7) 9:15 29:19 39:16 40:23 40:24 41:1 41:16
**it's**(26) 16:7 19:15 22:7 22:12 22:24 23:14 23:16 23:16 24:11 24:18 25:8 26:17 28:5 28:6 28:23 29:4 29:5 30:9 31:1 31:2 32:11 33:20 33:24 35:1 35:3 41:3
**item**(3) 9:25 36:5 36:6
**items**(1) 9:7
**its**(9) 14:7 16:15 16:17 16:22 18:1 20:7 20:25 24:13 34:23
**james**(8) 1:24 2:42 3:11 4:38 5:46 15:3 35:20 38:24

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|------|-----------|------|-----------|

**jameson**(9) 4:11 29:12 29:13 31:22 32:17 33:18 34:6 34:22 35:7

**jane**(1) 6:33

**jean-marie**(1) 6:25
**jeffries**(2) 7:40 7:40
**jillian**(1) 5:48
**johnston**(1) 4:38
**joint**(3) 12:6 12:12 14:6
**jointly**(1) 1:6
**jonathan**(1) 6:31
**jones**(3) 4:10 5:30 29:14
**joseph**(1) 3:32
**joshua**(1) 4:39
**judge**(3) 1:18 1:19 27:9
**june**(3) 16:9 22:14 39:12
**jurisdiction**(2) 28:7 28:9
**just**(17) 12:4 13:19 14:17 18:14 18:16 23:7 23:14 28:2 29:17 32:11 34:7 35:15 36:9 39:12 40:13 41:6

**justin**(1) 7:41
**kalenchits**(2) 7:22 7:22
**kansa**(6) 1:25 9:5 9:5 9:24 14:3 14:3
**karen**(1) 6:47
**kasowitz**(1) 7:8
**kate**(1) 38:7
**katherine**(1) 4:24
**kavalis**(1) 6:39
**kaye**(2) 3:31 6:30
**kelly**(1) 8:10
**ken**(3) 1:25 9:5 14:3
**kerriann**(1) 5:42
**kevin**(2) 1:18 5:40
**kim**(1) 6:17
**kind**(2) 41:4 41:4
**kinds**(1) 39:21
**king**(4) 2:24 2:36 4:6 4:12
**klauder**(1) 4:5
**kline**(1) 5:44
**know**(14) 18:19 18:20 21:12 32:8 32:13 32:14 32:14 33:25 34:15 34:19 38:2 38:11 41:7 41:16

**known**(1) 22:25
**knows**(3) 23:7 25:4 26:2
**korpus**(1) 7:10
**krakauer**(1) 5:38
**kramer**(2) 7:17 7:17
**krohn**(1) 8:14
**lack**(1) 24:19
**landis**(2) 2:40 2:41
**language**(3) 30:19 35:12 35:18
**lantry**(1) 5:40
**last**(8) 9:11 12:13 17:17 18:17 22:25 36:6 37:14 40:13

**late**(1) 13:20
**later**(5) 14:21 35:25 36:20 38:1 38:18
**laughter**(5) 20:23 21:7 21:11 39:6 40:21
**laurie**(1) 2:13
**law**(10) 7:8 16:4 20:5 21:15 24:9 24:24 25:5 26:4 26:19 26:20

**lawsuit**(2) 18:21 34:13
**lawsuits**(1) 33:25
**layton**(1) 2:21
**learned**(1) 21:22
**least**(1) 30:15
**leaves**(1) 28:2
**leboeuf**(1) 4:37
**legal**(1) 10:21
**legitimate**(2) 18:2 19:5
**legitimately**(1) 28:13
**lemay**(1) 3:5
**lenders**(2) 12:20 12:25
**legit**(1) 12:15
**leonard**(1) 1:31

**let**(14) 20:17 20:24 21:4 23:3 23:6 23:24 24:3 24:25 27:19 31:18 32:17 32:18 38:14 40:13

**leverage**(1) 15:9
**levin**(2) 7:17 7:17
**lewis**(1) 6:42
**lexi**(1) 7:47
**liabilities**(1) 30:20
**liebentritt**(1) 6:9
**lift**(2) 29:25 30:10
**like**(11) 13:16 15:21 16:1 16:10 16:17 17:2 18:11 18:19 36:5 39:11 40:8

**likely**(1) 41:3
**limitations**(4) 16:8 16:24 22:13 30:3
**limited**(6) 11:25 12:18 12:19 20:25 23:3 30:19

**line**(5) 12:16 13:12 14:16 23:10 36:8
**list**(1) 22:15
**listed**(2) 9:17 32:15
**litigation**(7) 26:21 27:5 27:14 31:25 33:1 34:9 34:16

**little**(3) 17:3 23:15 28:1
**litvack**(1) 7:37
**live**(3) 18:5 18:13 27:23
**llc**(2) 4:42 7:30
**llp**(18) 1:23 2:12 3:4 4:16 4:23 4:37 5:4 5:16 6:16 6:22 6:30 6:42 6:46 7:18 7:25 7:34 8:4 8:13

**long**(2) 9:8 40:6
**longer**(5) 30:6 30:9 30:11 30:23 30:24
**look**(2) 32:8 34:14
**looked**(1) 14:7
**looking**(1) 22:24
**losquadro**(2) 8:18 8:18
**lot**(1) 15:24
**ludwig**(1) 5:48
**lugano**(1) 1:37
**lynch**(6) 2:12 3:31 6:30 23:4 23:10 23:20
**made**(6) 10:10 13:5 25:11 25:16 34:5
**madeline**(1) 6:35
**maintained**(1) 19:11
**make**(6) 17:11 24:2 35:1 35:5 37:14 41:7
**makes**(3) 27:2 27:3 37:23
**managed**(1) 22:23
**management**(5) 4:33 6:12 6:13 8:17 10:6
**manges**(1) 7:34
**mantolesky**(1) 27:7
**many**(1) 41:1
**marc**(2) 5:5 5:9
**march**(4) 11:7 21:16 21:16 25:11
**marino**(1) 4:17
**market**(4) 1:10 2:16 2:44 4:18
**martin**(1) 7:26
**massive**(2) 15:16 16:12
**material**(6) 10:12 10:15 11:12 11:16 13:1 24:14

**materially**(1) 12:24
**materials**(3) 31:12 34:9 34:12
**matter**(4) 9:8 25:25 26:14 42:6
**matters**(3) 9:17 30:21 39:17
**matthew**(1) 6:13
**mauceri**(1) 6:43
**may**(12) 1:13 9:1 9:15 13:17 15:15 26:20 30:9 32:4 36:12 36:20 39:14 42:9

**maybe**(2) 21:9 32:11
**mayer**(1) 6:22
**mccarter**(1) 2:34
**mccormack**(1) 5:13
**mcneill**(1) 2:14
**mean**(7) 30:19 30:21 31:18 31:21 32:12 33:21 39:22

**means**(1) 23:13
**meatier**(1) 41:16
**meisel**(1) 1:30
**merits**(1) 24:21
**merrill**(8) 2:12 3:31 6:30 23:4 23:5 23:10 23:18 23:20

**mester**(1) 4:39
**micah**(1) 8:14
**michael**(2) 6:27 8:10
**michelle**(1) 4:17
**midnight**(2) 36:11 36:21
**might**(6) 27:4 28:13 39:7 39:15 39:24
**miller**(2) 7:29 7:29
**millisecond**(2) 25:7 33:23
**mills**(1) 5:42
**minute**(1) 34:8
**minutes**(3) 36:10 36:11 36:20
**missing**(1) 32:11
**moment**(2) 21:4 21:8 40:4
**monarch**(2) 8:8 8:8
**monday**(1) 17:17
**money**(4) 19:6 25:4 25:9 30:7
**months**(1) 22:22
**more**(4) 17:21 20:15 22:18 24:9
**morgan**(5) 2:21 3:37 6:16 6:42 7:34
**morning**(10) 9:3 9:4 9:5 10:4 18:16 21:2 23:12 29:12 36:2 40:10

**morning's**(1) 36:6
**most**(3) 39:16 39:17 41:12
**motion**(31) 9:10 9:11 9:13 9:15 10:1 10:8 10:13 10:20 11:2 11:10 11:21 11:24 12:5 12:6 12:17 12:18 13:9 13:11 13:24 14:2 15:1 15:6 17:21 21:13 21:15 21:17 23:1 29:25 30:10 35:14 35:17

**motivating**(1) 16:9
**move**(1) 21:24
**moved**(1) 26:6
**moving**(1) 24:21
**much**(6) 19:6 20:15 22:18 39:22 39:24 41:23

**myers**(1) 5:25
**naftalis**(1) 7:17
**name**(1) 15:12
**namely**(1) 12:21
**names**(2) 22:16 22:24
**narrow**(1) 22:21
**naturally**(1) 27:1
**nature**(3) 10:24 18:20 32:14
**need**(6) 14:17 22:12 31:11 35:14 39:24 40:24

**needed**(1) 19:11
**needs**(4) 19:22 23:2 23:14 35:23
**negotiated**(1) 19:18
**negotiations**(1) 19:4
**neil**(2) 8:18 8:18
**never**(3) 31:20 33:13
**nevertheless**(1) 13:5
**new**(5) 3:7 3:21 3:34 4:26 5:25
**newspapers**(1) 19:7
**nomura**(2) 6:38 6:38
**non-dcl**(1) 39:2
**non-discrimination**(1) 13:3
**non-related**(1) 35:2
**non-targets**(1) 24:19
**noon**(2) 37:3 38:14
**normally**(1) 28:5
**norman**(1) 1:32
**north**(3) 2:16 2:24 4:18

**not**(49) 9:16 10:12 10:24 11:12 12:8 14:16 17:12 17:18 18:21 19:1 19:6 19:16 20:11 22:7 22:21 23:7 24:3 24:5 24:7 24:13 24:17 25:19 27:7 27:15 27:16 28:1 28:21 29:23 30:1 30:2 30:4 30:9 32:3 32:10 32:12 32:13 32:22 32:23 33:1 33:7 35:3 37:3 37:16 38:17 39:2 39:14 40:1 40:18 40:24

**note**(2) 18:14 30:6
**noteholder**(24) 10:6 10:9 10:11 10:11 10:17 10:19 10:22 11:2 11:4 11:6 11:7 11:8 11:14 11:21 11:24 12:22 26:2 36:4 36:13 36:17 36:23 38:9 39:4 39:21

**noteholders**(15) 9:25 15:7 15:23 16:1 16:10 16:23 17:9 17:24 19:5 19:16 20:1 20:4 20:5 26:24 26:24

**notice**(9) 11:21 11:22 12:6 12:12 13:7 13:14 14:6 17:10 17:17

**notify**(1) 37:2
**now**(13) 13:16 14:10 15:23 16:6 17:9 22:6 22:15 25:9 29:5 29:16 36:20 37:16 39:1

**npp**(2) 12:6 12:12
**number**(2) 15:13 27:21
**numbers**(2) 18:3 18:20
**numerous**(1) 36:18
**o'melveny**(1) 5:25
**oaktree**(1) 2:4
**obfuscating**(1) 13:1
**object**(1) 29:6
**objecting**(3) 23:7 24:5 25:13
**objection**(11) 12:18 12:19 12:21 14:11 19:20 20:23 23:3 23:20 23:24 24:4 37:5

**objections**(9) 9:13 9:14 12:17 13:8 21:17 24:22 37:1 37:3 37:13

**objectors**(3) 25:11 27:8 29:1
**obligations**(3) 16:20 18:2 18:24
**obtain**(9) 15:17 15:22 15:24 16:1 16:10 16:12 16:19 28:17 30:16

**obtained**(1) 18:18
**obtaining**(1) 16:25
**obvious**(3) 16:9 22:12 22:19
**obviously**(3) 26:14 27:15 29:4
**off**(2) 13:21 20:20
**offer**(1) 41:10
**office**(1) 4:4
**official**(2) 4:40 3:4 5:4 15:4
**okay**(3) 14:19 36:1 41:19
**once**(3) 26:5 29:4 35:1
**one**(12) 1:26 2:23 3:20 12:1 12:20 14:5 14:17 27:21 31:9 32:21 32:25 33:13

**only**(6) 17:6 22:15 24:11 28:22 37:7 41:10
**onto**(1) 24:21
**open**(1) 9:13
**opening**(2) 36:14 39:2
**opportunity**(4) 12:20 13:21 17:11 39:2
**opposed**(1) 20:6
**opt**(1) 26:8
**opted**(1) 26:8
**oral**(1) 41:12
**order**(19) 9:12 9:22 9:22 10:9 13:6 13:13 14:10 14:16 14:17 15:1 15:6 17:21 18:16 21:17 21:19 23:8 35:23 38:12 38:17

**ordinarily**(1) 18:19
**organization**(1) 40:15
**other**(20) 9:15 9:17 10:6 20:25 25:13 25:25 26:14 26:21 26:23 26:25 27:1 30:16 32:20 34:13 34:18 36:4 36:21 37:17 38:3 41:5

**others**(1) 33:16
**ought**(1) 20:16

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| our(27) 11:12 12:13 12:25 15:15 18:24 19:25 21:18 26:14 26:6 26:9 26:11 26:19 27:15 28:12 29:3 29:7 31:22 32:3 37:1 37:8 37:10 37:15 37:24 38:10 40:4 40:25 41:6 | | potter(1) 2:12 | | publicly(1) 18:7 | | require(1) 10:25 | |
| | | power(1) 28:7 | | published(1) 19:7 | | required(3) 11:18 11:19 12:9 | |
| | | powlen(1) 3:38 | | pull(1) 37:21 | | resisting(2) 16:16 33:16 | |
| | | pearances(4) 1:21 2:1 3:1 4:1 | | punch(2) 12:16 36:8 | | respect(14) 12:9 12:18 15:6 16:8 16:19 | |
| out(11) 12:4 12:21 14:14 24:16 25:8 26:8 30:13 33:9 33:24 35:13 35:18 36:14 | | pre(1) 31:3 | | purpose(2) 10:20 33:16 | | 17:7 18:2 18:3 18:12 19:15 28:16 32:21 | |
| | | pre-bankruptcy(1) 25:16 | | purposes(2) 27:3 31:25 | | 37:1 37:8 | |
| | | pre-complaint(1) 35:3 | | pursuant(1) 18:6 | | respecting(2) 10:1 14:6 | |
| outside(3) 25:22 27:5 27:11 | | pre-petition(1) 34:15 | | pursue(6) 25:5 25:19 30:4 30:13 31:3 31:5 | | responds(1) 29:3 | |
| over(3) 10:2 28:10 32:7 | | pre-suit(1) 30:16 | | pursued(1) 24:14 | | response(10) 9:20 9:21 14:14 14:15 17:24 | |
| own(3) 16:15 16:22 33:15 | | precisely(1) 15:22 | | pursuing(2) 26:22 31:5 | | 21:1 35:10 35:11 38:22 41:22 | |
| owners(1) 22:4 | | preliminarily(1) 41:10 | | put(4) 15:25 31:23 40:17 41:17 | | | |
| p.a(2) 1:31 4:10 | | preliminary(2) 40:25 41:6 | | putting(2) 18:17 22:16 | | result(3) 10:23 11:17 18:1 | |
| page(1) 11:22 | | present(3) 39:15 | | qualifies(1) 28:4 | | retire(1) 20:16 | |
| paid(8) 18:12 19:7 19:10 22:10 22:14 22:25 26:15 26:24 | | presented(3) 18:13 | | quash(1) 24:20 | | reveals(1) 33:8 | |
| | | presumably(1) 30:4 | | quashed(1) 20:3 | | review(3) 9:17 13:21 37:23 | |
| | | presuming(1) 11:22 | | question(6) 24:17 28:10 31:18 32:9 33:12 | | reviewed(4) 14:16 18:16 23:11 39:13 | |
| papers(1) 15:15 | | pretty(1) 34:2 | | 40:13 | | reviewing(1) 37:20 | |
| paragraph(1) 32:2 | | prevent(1) 21:14 | | | | revised(3) 9:12 13:13 35:24 | |
| park(4) 3:20 3:33 5:4 6:47 | | preventing(1) 16:22 | | questions(4) 9:14 9:18 13:11 14:17 | | revisions(1) 9:12 | |
| parke(1) 3:4 | | prickett(2) 4:10 29:13 | | quite(3) 19:8 22:21 37:23 | | richards(1) 2:21 | |
| part(3) 25:24 27:25 37:8 | | primarily(1) 19:24 | | rachel(1) 6:43 | | rifkind(1) 5:33 | |
| particular(3) 10:16 25:1 25:20 | | primary(1) 29:22 | | raise(1) 24:4 | | right(19) 10:3 13:23 14:1 14:12 14:22 | |
| particularly(1) 31:5 | | primofi(1) 6:35 | | raised(1) 14:5 | | 14:25 17:14 20:13 20:24 25:21 29:16 30:3 | |
| parties(32) 4:10 13:20 16:21 17:2 17:10 17:18 17:22 18:10 19:9 19:21 20:17 20:25 23:25 24:6 25:12 25:13 27:11 27:23 28:8 29:13 32:19 32:21 32:25 34:17 34:19 36:3 36:22 36:25 37:17 39:18 39:20 41:11 | | principally(2) 24:1 27:8 | | rath(2) 2:40 2:43 | | 34:22 35:7 35:12 38:5 38:20 40:20 41:23 | |
| | | prior(2) 10:17 11:17 | | rather(4) 12:15 16:11 26:9 41:15 | | | |
| | | privacy(1) 18:11 | | re-solicitation(4) 10:1 10:25 11:18 12:8 | | rights(1) 26:15 | |
| | | private(1) 30:3 | | reach(1) 10:23 | | rise(1) 9:2 | |
| | | probably(1) 41:9 | | reached(1) 10:22 | | roberts(2) 7:29 7:29 | |
| | | problem(2) 23:9 23:13 23:18 | | read(2) 30:18 39:12 | | rockefeller(1) 3:6 | |
| | | procedurally(1) 30:14 | | reader(1) 37:24 | | rodney(1) 2:23 | |
| parts(1) 25:1 | | proceeding(6) 15:18 17:6 23:11 27:10 31:11 32:1 | | ready(1) 39:14 | | roitman(1) 5:9 | |
| party(14) 6:46 8:17 17:8 24:11 30:12 31:3 32:20 32:22 32:22 32:24 33:1 33:5 34:11 35:2 | | | | really(5) 28:2 33:15 36:15 37:16 40:8 | | room(1) 21:6 | |
| | | proceedings(7) 1:17 1:46 23:17 23:17 35:13 41:3 42:6 | | reason(2) 23:22 25:18 | | roth(1) 6:46 | |
| | | | | reasonably(1) 33:13 | | round(1) 12:4 | |
| parver(1) 6:33 | | | | reasons(2) 22:19 29:6 | | rudnick(3) 4:23 7:25 38:8 | |
| pass(1) 21:4 | | proceeds(3) 22:14 26:19 26:25 | | recapture(1) 25:15 | | rule(13) 13:2 24:9 24:17 24:25 25:2 25:24 | |
| past(2) 14:9 36:20 | | process(2) 12:10 39:20 | | receive(1) 37:3 | | 26:12 26:13 27:5 28:11 33:12 34:4 35:17 | |
| paul(1) 5:33 | | processes(1) 31:4 | | received(5) 15:14 16:3 22:5 39:1 | | ruled(1) 32:10 | |
| pay(1) 25:8 | | produce(2) 31:15 32:7 | | recitation(1) 12:16 | | rules(1) 27:13 | |
| payments(1) 25:16 | | produced(6) 1:47 17:18 22:6 27:24 28:8 34:9 | | recognition(1) 3:6 | | ruling(1) 28:8 | |
| pending(6) 12:17 13:8 22:2 27:10 27:16 40:6 | | | | recognize(1) 18:22 | | run(3) 22:13 30:3 38:3 | |
| | | producing(7) 4:10 17:2 17:10 18:10 19:21 29:13 31:20 | | record(3) 18:15 35:15 40:11 | | saavedra(1) 7:35 | |
| | | | | recorded(1) 1:46 | | sachs(2) 7:44 7:44 | |
| pennock(1) 5:34 | | | | recording(2) 1:46 42:5 | | said(7) 11:14 13:5 30:1 30:7 30:11 35:19 | |
| pennsylvania(1) 1:41 | | production(1) 23:7 | | recover(2) 26:21 30:8 | | 37:12 | |
| people(3) 32:14 37:15 37:24 | | promptly(2) 14:23 21:24 | | recoveries(1) 16:19 | | | |
| percent(1) 37:10 | | pronoun(1) 30:23 | | red(1) 13:12 | | same(5) 17:4 19:18 25:12 28:22 33:3 | |
| perfectly(1) 24:18 | | proper(1) 24:3 | | redacted(3) 37:2 38:11 38:18 | | save(1) 23:10 | |
| perhaps(2) 13:1 40:7 | | property(10) 25:3 25:23 30:8 30:11 30:20 30:24 31:6 32:23 33:23 33:23 | | redaction(2) 36:7 36:9 | | savor(1) 21:3 | |
| permitting(1) 40:16 | | | | redeemed(3) 15:9 15:14 22:10 | | say(12) 11:19 13:19 16:7 16:14 20:15 | |
| pernick(1) 1:32 | | | | redemption(1) 25:15 | | 22:18 24:7 27:18 33:17 34:11 40:4 41:14 | |
| peter(1) 6:17 | | proponents(18) 10:7 10:9 10:22 11:3 11:24 12:19 36:4 36:13 36:13 36:16 36:1 36:21 36:23 37:4 39:3 39:4 39:21 39:23 | | reed(1) 8:5 | | | |
| pick(1) 29:18 | | | | refer(3) 23:2 24:15 27:6 | | saying(2) 24:3 33:6 | |
| piper(1) 4:16 | | | | referred(2) 23:4 23:25 | | says(1) 25:2 | |
| place(2) 12:1 31:14 | | | | refers(2) 25:25 26:13 | | schaible(1) 6:19 | |
| plaintiff(1) 25:15 | | | | reflecting(1) 9:11 | | schedule(1) 12:11 | |
| plan(43) 10:6 10:9 10:11 10:12 10:16 10:17 10:19 10:22 11:2 11:4 11:5 11:6 11:7 11:8 11:11 11:14 11:18 11:22 11:24 12:10 12:19 12:22 12:22 20:5 26:1 26:2 26:4 26:6 26:9 26:11 26:12 26:18 34:1 36:4 36:13 36:13 36:16 36:17 36:21 36:23 37:4 39:21 39:23 | | proposal(2) 20:1 37:1 | | regard(1) 40:2 | | scheduled(1) 39:12 | |
| | | propose(1) 23:6 | | regarding(2) 22:4 22:23 | | scholer(2) 3:31 6:30 | |
| | | proposed(10) 11:21 12:12 13:6 13:7 13:13 17:24 18:15 23:10 28:12 34:1 | | rejection(3) 10:17 10:19 11:17 | | schotz(1) 1:30 | |
| | | | | relate(3) 25:3 30:6 31:6 | | schulte(1) 6:46 | |
| | | | | related(2) 23:11 35:13 | | schuylkill(1) 1:40 | |
| | | proprietary(1) 22:22 | | relates(2) 21:13 41:1 | | scope(5) 14:6 24:8 25:22 27:5 34:25 | |
| | | prosecuted(1) 26:7 | | relating(2) 32:23 37:9 | | score(1) 23:14 | |
| plans(2) 12:8 12:9 | | protect(2) 18:11 19:5 | | relevance(1) 24:13 | | scott(2) 7:5 7:45 | |
| plaza(2) 2:15 3:6 | | protected(3) 19:3 19:13 20:1 | | relevant(6) 26:1 26:11 26:14 26:16 27:2 27:3 | | seal(3) 19:12 28:20 36:18 | |
| please(1) 9:2 | | protection(1) 28:13 | | | | seated(1) 9:2 | |
| podium(1) 10:1 | | protections(1) 19:15 | | | | second(4) 11:7 23:24 25:24 27:19 | |
| point(7) 18:23 21:22 34:8 35:6 37:14 41:2 41:2 | | protective(4) 15:1 15:6 17:21 23:8 | | relief(5) 12:5 13:8 13:11 25:13 33:16 | | secrets(1) 32:13 | |
| | | prove(1) 41:6 | | remain(3) 33:14 38:14 | | section(2) 13:3 26:2 | |
| | | proved(1) 41:5 | | remaining(1) 12:11 | | securities(5) 6:38 6:38 7:30 7:30 34:16 | |
| polk(1) 6:16 | | provide(5) 17:9 19:10 26:4 37:17 37:24 | | remedies(1) 26:16 | | see(4) 13:16 27:21 28:4 33:8 | |
| portion(1) 25:18 | | provided(6) 16:21 17:5 17:20 17:22 31:24 32:3 | | remember(1) 25:10 | | seek(6) 15:23 24:19 25:5 26:9 28:19 39:9 | |
| portions(1) 38:11 | | | | removed(1) 23:16 | | 24:6 30:7 32:23 33:1 | |
| position(2) 20:2 41:13 | | | | report(1) 12:10 | | | |
| post-hearing(1) 39:3 | | provides(4) 12:23 12:23 24:19 28:12 | | represent(1) 31:5 | | seeking(9) 10:20 13:11 16:18 22:22 24:5 | |
| post-trial(8) 36:14 36:16 36:24 37:2 37:6 37:8 37:11 37:18 | | provision(3) 29:22 32:1 32:4 | | representative(1) 16:17 | | 24:6 30:7 32:23 33:1 | |
| | | public(4) 27:23 27:25 28:21 28:23 | | request(5) 22:20 23:1 29:4 34:4 35:15 | | seeks(2) 15:8 32:21 | |
| | | publically(3) 21:22 31:20 31:21 | | requesting(1) 38:13 | | seem(1) 32:12 | |
| | | | | | | seems(1) 34:2 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **seen**(1) 19:21 | | **stake**(1) 20:18 | | **that**(201) 9:13 9:15 9:22 9:25 10:2 10:10 | | **the**(285) 25:8 25:9 25:10 25:11 25:12 | |

seen(1) 19:21
seife(1) 5:11
selling(4) 15:12 18:3 18:6 20:4
senior(2) 12:20 12:21
sense(7) 15:15 28:5 28:6 29:24 31:1 34:23 41:8

separate(1) 33:19
serve(1) 11:25
served(4) 15:7 15:21 21:24 22:20
service(1) 1:39 1:47 14:6
services(2) 1:39 7:13
set(5) 11:20 20:15 28:16 37:22 39:23
setting(1) 19:2
settled(1) 24:9
seven(2) 4:25 22:2
shall(2) 10:18 14:25
shamah(1) 5:26
shannon(1) 5:34
share(3) 22:25 39:14 40:19
shareholders(11) 15:8 15:12 15:20 16:2 18:3 18:6 18:11 19:6 20:4 22:9 25:8
shares(6) 15:9 15:13 16:3 18:4 19:11 22:9
sheron(1) 7:10
shortly(2) 36:24 37:12
should(11) 11:19 12:24 17:12 19:3 20:2 20:3 20:15 21:9 28:1 29:8 40:16

shouldn't(1) 30:23
side(4) 14:17 21:6 41:3 41:5
sidley(1) 1:23 5:37 9:6 14:3
siegel(1) 7:26
sign(1) 13:21
signal(1) 29:18
signed(2) 9:23 31:16
significant(2) 11:11 16:13
silverstein(1) 2:13
simes(1) 6:27
similar(1) 38:9
similarly(1) 38:12
since(1) 12:16
site(1) 27:8
situation(3) 27:15 29:1 33:3
slightly(1) 13:13
sloan(1) 2:22
sold(3) 15:9 15:13 18:4
sole(1) 29:6
solely(3) 17:5 31:6 31:25
some(10) 9:11 14:8 16:8 16:23 23:12 29:16 31:19 33:2 34:10 34:13

someone(1) 24:13
something(4) 15:21 17:2 32:11 40:3
sometime(1) 38:1
somewhat(1) 15:15
somewhere(1) 28:21
sort(1) 22:22
sottile(23) 3:11 15:2 15:3 17:16 18:22 19:1 20:11 20:14 20:21 21:20 22:1 23:25 28:2 28:15 35:20 35:21 38:24 38:24 39:7 39:22 40:1 40:14

sought(8) 10:9 10:13 12:5 13:8 15:11 17:8 19:12 24:12

sound(2) 1:46 42:5
source(1) 28:18
south(1) 1:26
spaeder(4) 3:10 5:16 15:3 38:25
speak(1) 41:2
special(2) 15:3 38:25
specific(2) 13:10 32:1
specifically(3) 31:23 35:15 40:23
spoken(1) 23:5
square(2) 2:23 4:25
squarely(2) 24:23 25:17
staff(1) 37:20
stage(1) 20:16

stake(1) 20:18
stakeholder(2) 15:16 16:14
stand(1) 41:24
standard(2) 13:2 13:3
standing(6) 24:4 24:7 24:12 24:17 24:19 32:25

stands(1) 14:10
stanley(2) 3:37 7:34
stargatt(1) 2:4
start(3) 18:17 21:4 24:3
started(3) 26:5 29:5 33:9
starters(1) 39:25
state(9) 16:4 20:5 21:15 25:5 26:3 26:19 26:20 27:14 35:15

stated(2) 10:20 21:19
states(2) 1:1 1:19
status(3) 12:7 12:19 36:7
statute(2) 22:13 30:2
stay(3) 21:14 30:1 30:10
ste(1) 2:30
step(2) 22:14 23:6
stepen(1) 2:14
still(1) 38:16
stock(2) 22:5 25:15
straightforward(2) 29:20 31:2
strange(1) 30:15
strauss(5) 3:17 10:5 21:3 36:3 40:11
street(12) 1:10 1:40 2:8 2:16 2:24 2:36 2:44 3:12 3:39 4:6 4:12 4:18

strike(1) 11:23
subject(5) 16:23 21:18 30:21 38:16 40:22
submission(1) 17:15
submit(2) 34:10 35:23
submitted(1) 9:22
subpoena(9) 15:7 16:16 17:20 20:2 21:24 24:10 24:10 24:20 32:25

subpoenas(1) 15:21
substance(3) 17:4 20:2 20:12
such(6) 10:17 11:15 11:15 11:17 17:12 28:17

sued(1) 32:15
sufficient(1) 37:16
suing(1) 33:22
suit(3) 31:4 33:2 33:19
suite(6) 1:33 2:44 3:13 3:40 4:6 4:19
suits(3) 22:17 29:5 34:17
summary(1) 11:4 12:1
support(3) 10:21 13:24 15:20
suppose(1) 32:18
sure(1) 41:18
suspect(1) 39:1
suttonbrook(2) 4:32 4:32
taback(1) 7:29
tabak(1) 7:29
table(1) 27:6
take(6) 16:1 23:6 25:21 27:5 34:17 40:7
talk(3) 27:6 37:17 41:4
talked(1) 33:11
talking(4) 26:3 32:13 32:13 33:10
talks(1) 30:19
taylor(1) 2:5
technical(2) 37:15 37:24
telephonic(6) 4:30 5:1 6:1 7:1 8:1 12:13
tell(2) 28:15 41:13
telling(1) 21:5
tells(1) 33:14
terms(4) 17:3 21:19 23:8 39:19
text(2) 24:25 25:25
than(2) 16:11 22:18
thank(16) 9:24 13:18 13:23 14:12 14:24 29:10 29:11 35:7 35:8 35:20 38:4 38:5 38:18 38:20 41:20 41:23

that(201) 9:13 9:15 9:22 9:25 10:2 10:10
10:10 10:14 10:14 10:18 10:22 10:23 11:5
11:15 11:16 11:18 11:23 11:25 12:2 12:22
12:25 13:19 13:44 14:20 15:7 15:8 15:14
15:18 15:20 15:22 15:24 16:2 16:3 16:4
16:7 17:4 17:8 17:10 17:17 17:18 17:25
18:10 18:17 18:17 18:20 19:2 19:8 19:9
19:10 19:13 19:17 19:19 19:21 19:25 20:3
20:3 20:9 20:11 20:12 20:21 21:13 21:13
21:14 21:15 21:17 21:21 21:22 21:23 22:7
22:9 22:16 22:18 23:5 23:9 23:13 23:14
23:19 23:22 23:22 24:1 24:2 24:4 24:12
24:19 24:23 25:4 25:13 25:14 25:17 25:18
25:19 26:4 26:5 26:22 27:4 27:8 27:9
27:10 27:11 27:13 27:20 27:24 27:25 28:1
28:1 28:4 28:5 28:6 28:9 28:10 28:16
28:17 28:20 28:22 28:22 29:2 29:2 29:4
29:9 30:4 30:6 30:7 30:8 30:9 30:10
30:13 30:17 30:21 30:22 30:23 31:1 31:5
31:7 31:9 31:10 31:12 31:14 31:16 31:19
31:19 31:20 31:25 32:2 32:3 32:14 32:18
32:22 32:24 32:24 33:2 33:7 33:11 33:34
33:15 33:23 33:24 34:2 34:4 34:9 34:10
34:25 35:1 35:3 35:5 35:6 35:12 36:6
36:8 36:19 36:22 36:25 37:4 37:19 37:22
37:22 37:22 37:25 37:25 38:15 39:7 39:1
39:12 39:16 39:16 39:19 40:2 40:3 40:5
40:16 40:23 40:24 40:25 41:1 41:2 41:10
41:13 41:14 41:14 41:17 41:24 42:4

that's(26) 13:25 14:17 14:19 15:11 17:15
18:12 18:13 20:7 22:14 24:14 24:18 25:9
27:15 27:17 27:23 32:1 32:24 33:3 34:1
34:2 34:4 34:16 34:20 37:7 41:6 41:20

thau(1) 7:31
the(301) 1:1 1:2 1:18 2:7 4:10 9:2 9:3 9:6
9:7 9:7 9:8 9:9 9:9 9:14 9:16 9:17 9:21 9:21
9:22 9:25 10:1 10:3 10:6 10:8 10:10
10:10 10:11 10:13 10:14 10:16 10:17
10:19 10:20 10:20 10:21 10:22 10:23
10:24 10:25 11:2 11:2 11:4 11:4 11:6
11:6 11:6 11:8 11:10 11:11 11:13 11:13
11:14 11:17 11:20 11:21 11:24 11:24
11:25 11:25 12:2 12:4 12:5 12:5 12:7 12:8
12:10 12:10 12:11 12:11 12:15 12:16
12:17 12:18 12:18 12:20 12:22 12:22
12:25 13:1 13:2 13:4 13:6 13:6 13:8 13:9
13:11 13:11 13:12 13:14 13:16 13:20
13:22 13:23 13:24 14:1 14:2 14:4 14:6
14:6 14:8 14:9 14:10 14:12 14:15 14:16
14:16 14:19 14:21 14:22 14:25 14:25 15:5
15:5 15:7 15:7 15:9 15:9 15:11 15:12 15:12
15:12 15:13 15:13 15:14 15:14 15:15
15:16 15:17 15:18 15:21 15:22 15:22
15:23 15:25 16:2 16:2 16:5 16:7 16:8
16:10 16:11 16:12 16:12 16:14 16:15
16:16 16:16 16:20 16:21 16:21 16:23
16:25 17:1 17:2 17:3 17:3 17:4 17:4 17:5
17:6 17:6 17:7 17:7 17:8 17:9 17:9 17:10
17:14 17:17 17:17 17:20 17:20 17:22
17:22 17:23 17:24 18:1 18:1 18:2 18:4
18:6 18:7 18:8 18:8 18:10 18:12 18:14
18:14 18:17 18:18 18:22 18:25 19:4 19:5
19:5 19:7 19:7 19:8 19:9 19:14 19:14
19:15 19:16 19:16 19:18 19:18 19:20
19:20 19:21 19:22 20:1 20:1 20:2 20:4
20:4 20:5 20:6 20:8 20:9 20:12 20:13
20:15 20:16 20:16 20:17 20:19 20:19
20:20 20:20 20:25 21:6 21:6 21:8 21:8
21:13 21:18 21:19 21:21 21:23 21:24 22:10
22:4 22:4 22:4 22:5 22:6 22:8 22:9 22:10
22:10 22:11 22:14 22:15 22:16 22:17
22:20 22:23 22:25 23:1 23:3 23:4 23:5
23:7 23:8 23:8 23:9 23:10 23:10 23:14
23:15 23:20 23:21 23:24 24:2 24:5 24:6
24:6 24:7 24:7 24:8 24:9 24:11 24:12
24:14 24:17 24:21 24:22 24:24 24:24
24:25 24:25 25:2 25:2 25:2 25:2 25:3
25:3 25:4 25:4 25:5 25:6 25:7 25:8

the(285) 25:8 25:9 25:10 25:11 25:12
25:12 25:13 25:14 25:16 25:17 25:19
25:19 25:20 25:22 25:23 25:24 25:24
25:25 25:25 26:1 26:1 26:2 26:3 26:4
26:6 26:7 26:7 26:8 26:9 26:10 26:11
26:13 26:14 26:16 26:18 26:20 26:21
26:22 26:23 26:24 27:2 27:4 27:5 27:5
27:6 27:8 27:8 27:8 27:10 27:11 27:12
27:13 27:13 27:14 27:16 27:16 27:19
27:20 27:20 27:22 27:23 27:25 28:2 28:5
28:6 28:6 28:7 28:8 28:8 28:11 28:16
28:17 28:17 28:19 28:19 28:20 28:21
28:22 28:22 28:23 28:25 28:25 29:1 29:3
29:5 29:6 29:6 29:8 29:9 29:10 29:13 29:16
29:18 29:19 29:21 29:21 29:22 29:22 30:1
30:2 30:2 30:5 30:6 30:7 30:8 30:10
30:11 30:12 30:18 30:19 30:20 30:21 30:21
30:24 31:4 31:6 31:8 31:8 31:8 31:9
31:10 31:11 31:11 31:12 31:13 31:14
31:16 31:16 31:18 31:19 31:23 31:24
31:25 32:1 32:2 32:4 32:5 32:6 32:8
32:10 32:15 32:16 32:23 33:1 33:3 33:8
33:9 33:11 33:11 33:12 33:15 33:15 33:16
33:19 33:20 33:22 33:22 33:23 33:23 34:4
34:4 34:7 34:8 34:14 34:16 34:20 34:20
34:23 34:23 34:25 35:5 35:8 35:11 35:12
35:12 35:15 35:16 35:17 35:17 35:18
35:18 35:21 35:22 35:23 35:24 35:25 36:1
36:4 36:5 36:8 36:12 36:12 36:13 36:15
36:16 36:16 36:17 36:18 36:21 36:22
36:22 36:24 36:25 37:2 37:4 37:5 37:6
37:7 37:11 37:14 37:15 37:15 37:17 37:18
37:20 37:21 37:22 37:23 37:23 37:23
37:25 38:4 38:5 38:9 38:15 38:16 38:20
38:23 38:25 39:1 39:2 39:2 39:3 39:3
39:5 39:7 39:9 39:10 39:10 39:11 39:12
39:12 39:13 39:13 39:15 39:15 39:18
39:19 39:20 39:23 39:25 40:2 40:3 40:4
40:5 40:5 40:7 40:9 40:11 40:13 40:14
40:16 40:16 40:18 40:23 40:25 41:1 41:2
41:5 41:5 41:7 41:9 41:10 41:11 41:11
41:12 41:14 41:14 41:16 41:19 41:21
41:23 42:1 42:4 42:5 42:5 42:5 42:6

their(16) 16:3 16:4 16:19 17:11 17:24
18:11 19:23 20:2 25:2 25:22 22:9 22:24
29:25 30:10 36:14 38:13

theirs(1) 31:6
them(12) 13:10 16:6 17:19 17:20 25:10
25:7 28:12 29:2 29:2 29:20 29:21 31:13

then(9) 14:25 26:24 31:11 32:4 32:18 33:4
33:11 38:18 39:24

there(24) 9:12 9:13 12:17 12:17 13:8 18:9
18:9 20:3 21:14 21:16 23:16 23:17 26:23
26:25 27:10 27:21 31:19 32:19 34:8 35:13
36:9 37:12 38:23 40:23

there's(9) 18:5 18:9 18:15 23:21 24:8
28:10 31:10 31:13 35:22

therefore(5) 16:20 26:11 30:3 30:12 35:17
these(13) 13:9 21:14 25:20 26:5 26:10
27:15 30:1 30:1 30:24 33:24 35:16 38:15
41:3

they(43) 10:18 10:24 15:14 16:3 16:4
17:10 18:7 18:12 19:6 22:5 22:23 23:5
23:7 23:12 24:2 24:4 25:6 25:14 25:20
26:25 27:23 27:25 29:25 30:9 30:11 30:17
31:11 31:12 31:15 31:16 32:23 33:2 34:11
34:17 35:18 35:19 36:25 37:4 38:16 41:4
41:5 41:13 41:14

they'd(1) 35:19
they're(6) 22:23 23:7 30:15 31:5 33:3 33:7
they've(4) 13:21 22:2 22:2 31:7
things(5) 18:19 18:20 32:14 39:21 41:12

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **think**(39) 12:21 13:20 16:7 18:12 19:5 19:23 20:12 20:14 20:15 22:12 23:4 23:2 24:1 24:4 24:8 24:8 24:17 24:23 29:19 29:21 29:22 31:2 32:10 33:3 33:8 33:12 33:20 33:22 33:24 34:3 34:20 34:25 35:6 35:16 38:3 39:18 39:22 40:4 41:5 | | **u.s**(2) 4:4 4:4 **ucc**(1) 29:3 **ultimate**(1) 28:19 **ultimately**(1) 25:14 **un-redacted**(2) 36:23 37:5 **uncover**(1) 22:22 **under**(11) 10:16 11:13 18:18 19:12 26:2 26:9 28:20 30:25 35:2 35:15 36:18 | | **were**(17) 9:13 15:9 18:7 18:12 21:16 22:10 23:10 25:6 25:11 31:19 32:18 32:19 32:20 33:12 35:5 37:12 38:16 **weren't**(2) 34:11 38:15 **west**(2) 2:8 3:39 **wharton**(1) 5:33 **what**(23) 12:21 17:12 19:2 19:4 20:8 20:19 21:21 23:13 28:11 28:25 30:15 31:21 31:23 32:7 33:4 33:16 33:24 34:18 38:2 40:8 40:14 41:4 41:5 | | **would**(39) 13:16 16:1 16:10 16:16 17:5 17:9 17:10 18:11 18:21 19:10 19:11 19:12 19:25 20:2 21:14 24:15 26:22 27:1 27:6 27:13 28:9 28:19 28:21 28:22 30:4 31:24 32:7 32:10 33:13 34:3 34:10 39:9 39:11 39:16 39:17 39:17 39:23 40:7 40:7 |
| **thinks**(1) 41:7 **third**(13) 10:11 10:16 10:19 11:8 11:13 11:22 17:8 30:12 31:3 32:20 32:22 32:24 34:10 **this**(46) 9:11 12:12 13:19 15:17 16:10 16:22 16:25 18:16 18:18 18:20 19:2 19:10 21:4 21:12 21:24 22:13 23:12 24:3 24:7 24:23 25:21 26:17 27:2 27:24 28:8 28:9 28:23 29:23 29:25 30:11 30:14 30:16 30:23 31:4 31:15 31:23 31:25 32:9 32:10 32:17 32:22 34:25 35:14 35:15 36:6 41:2 | | **understand**(11) 17:14 18:10 18:25 19:20 19:21 19:24 20:8 20:10 20:19 22:7 34:20 **understandably**(1) 15:25 **understands**(1) 29:21 **understood**(1) 41:18 **unearth**(1) 22:3 **united**(2) 1:1 1:19 **universe**(2) 41:14 41:15 **unless**(2) 13:10 41:13 **unlike**(1) 41:1 **unresolved**(2) 36:7 36:9 **unsealed**(1) 37:11 **unsecured**(2) 2:41 3:5 5:5 15:4 **until**(1) 28:17 | | **whatever**(2) 28:13 34:18 **whatnot**(1) 36:19 **when**(10) 25:11 27:10 30:11 30:18 31:14 32:3 35:3 37:19 38:9 39:15 **where**(8) 19:18 22:17 24:9 27:22 29:1 31:5 33:1 41:2 **whereupon**(1) 42:1 **whether**(10) 12:8 17:12 17:18 19:15 24:7 24:22 28:12 29:22 38:2 40:23 **which**(31) 9:25 11:22 11:22 12:6 12:19 12:22 13:4 13:13 15:19 16:5 16:13 17:6 18:16 18:18 18:21 21:21 22:20 23:4 23:24 24:16 24:16 24:18 26:9 27:6 27:7 27:19 34:3 36:12 38:16 39:13 40:7 | | **william**(1) 3:26 **wilmington**(17) 1:11 1:34 2:9 2:18 2:25 2:31 2:37 2:45 3:28 3:41 4:7 4:13 4:20 4:23 7:25 9:1 38:10 **winfree**(1) 3:25 **wings**(1) 20:16 **winning**(1) 29:17 **wish**(6) 9:18 14:1 14:13 35:8 38:6 38:21 **wished**(1) 38:13 **with**(72) 9:12 9:17 9:22 12:9 12:13 12:18 13:2 13:4 13:7 14:2 14:5 14:10 15:6 15:9 16:21 17:2 17:6 17:7 17:9 17:20 17:22 17:24 18:3 18:11 18:17 18:23 19:5 19:8 19:14 19:20 21:7 21:20 22:24 23:3 23:9 23:18 24:17 24:24 25:23 26:3 27:9 28:12 28:16 29:7 29:16 29:25 31:16 32:6 32:20 32:25 33:25 34:9 34:15 35:6 35:14 36:19 37:1 37:8 37:9 37:18 38:2 38:7 38:11 40:15 41:7 |
| **thomas**(2) 2:29 5:13 **thornburg**(1) 3:37 **those**(24) 10:14 10:21 10:23 10:24 12:9 13:7 15:20 17:11 18:18 22:8 22:17 27:17 28:18 29:8 30:21 32:21 32:25 34:12 34:15 34:17 34:24 39:14 39:17 39:21 **though**(4) 25:20 32:22 33:19 34:25 **thought**(5) 35:19 39:7 39:9 40:14 40:25 **thoughts**(2) 39:14 39:20 **through**(9) 11:3 11:5 26:15 26:19 26:21 26:25 33:15 38:4 39:2 **thrust**(2) 19:20 20:8 **tie**(1) 30:17 **tied**(1) 26:10 **time**(9) 16:13 28:17 32:15 32:16 34:16 39:22 39:24 40:16 41:4 | | **upon**(4) 14:22 26:6 31:15 35:18 **usable**(2) 15:25 27:4 **use**(11) 16:4 17:5 20:5 24:3 27:12 30:16 30:23 32:17 33:22 34:12 35:2 **used**(6) 19:16 26:12 28:5 28:6 31:24 38:15 **using**(2) 20:6 25:8 **utilizing**(1) 31:4 **variety**(1) 23:25 **various**(1) 36:19 **vary**(1) 17:3 **version**(6) 13:12 36:16 36:23 37:5 37:11 37:18 **versions**(2) 13:19 37:2 **very**(6) 9:8 26:3 30:14 40:2 41:20 41:23 **view**(6) 11:12 12:25 19:2 19:25 27:20 41:6 **views**(4) 39:9 39:15 40:4 40:8 **voice**(2) 29:15 29:17 **volume**(1) 29:18 **vote/elections**(1) 9:10 **voting**(1) 14:9 | | **while**(2) 17:3 22:15 **white**(1) 7:4 **who**(11) 16:18 16:21 20:25 22:17 24:13 26:8 27:22 27:24 28:8 32:19 38:13 **who's**(1) 33:5 **whom**(2) 17:22 24:11 **whose**(2) 15:8 20:17 **why**(4) 11:11 16:9 22:12 38:16 **will**(18) 9:18 10:23 10:24 12:1 14:20 26:5 29:2 29:2 34:4 35:17 35:23 37:7 37:25 39:19 40:3 41:7 41:9 41:24 | | **without**(1) 21:5 **womble**(1) 2:28 **won't**(2) 40:18 41:12 **wonderful**(1) 20:21 **word**(1) 30:8 **words**(1) 33:22 **work**(6) 15:24 16:2 16:12 16:17 22:3 22:5 **worked**(1) 35:13 **working**(1) 35:18 **worry**(1) 40:18 **worth**(1) 36:10 **worthy**(1) 41:12 |
| **timely**(1) 29:7 **times**(1) 4:25 **timing**(1) 39:20 **title**(1) 9:9 **today**(10) 9:7 9:18 14:21 21:6 23:23 35:29 38:1 38:18 38:23 41:21 **today's**(3) 11:23 36:24 37:12 **together**(1) 22:16 **told**(1) 37:22 **tomorrow**(1) 38:1 **too**(1) 20:15 **took**(1) 16:13 **topic**(1) 12:11 **torres**(1) 7:8 **touch**(1) 40:13 **touched**(1) 29:20 **traci**(1) 42:10 **trade**(1) 32:13 **transactions**(3) 15:10 19:18 19:19 **transcriber**(1) 42:10 **transcript**(3) 1:17 1:47 42:5 **transcription**(2) 1:39 1:47 **transfer**(1) 26:4 **transferred**(1) 23:15 **treatment**(2) 11:13 28:5 **trehan**(1) 6:23 **trial**(2) 12:11 41:5 **tribune**(6) 1:8 5:37 6:4 6:4 9:8 22:5 **trust**(8) 4:23 6:42 7:8 7:25 26:7 26:8 26:22 38:10 **trustee**(2) 4:4 4:4 **truthful**(1) 33:13 **try**(1) 29:18 **trying**(4) 21:9 25:15 26:15 30:15 **tuesday**(1) 9:1 **turn**(5) 10:1 14:25 23:24 27:19 36:5 **turned**(2) 34:18 34:19 **tweak**(1) 23:19 **two**(5) 25:1 25:21 31:14 32:19 36:9 | | **walrath**(1) 27:9 **wamu**(1) 27:9 **want**(4) 22:18 25:17 34:17 39:23 **wanted**(3) 9:16 23:8 23:12 **wants**(4) 20:20 24:22 29:24 40:24 **wardwell**(1) 6:16 **was**(38) 10:21 11:5 11:15 11:18 11:21 12:12 12:17 12:20 15:24 17:6 20:11 21:14 21:15 21:21 21:22 21:24 23:24 25:5 25:6 25:9 25:12 30:8 30:8 30:8 31:10 31:19 31:20 31:24 32:21 32:22 33:23 33:23 36:12 36:18 36:22 40:25 41:2 42:1 **washington**(1) 3:14 **wasn't**(2) 30:9 25:12 31:20 **way**(6) 19:13 20:9 20:11 39:16 41:10 **ways**(1) 29:24 **we're**(10) 13:11 15:5 18:23 24:5 24:6 26:3 30:7 32:12 32:13 36:20 **we've**(3) 14:7 19:2 19:4 **wealth**(2) 22:7 22:8 **week**(1) 9:11 **weil**(1) 7:34 **weiss**(1) 5:33 **weitman**(1) 6:5 **well**(11) 18:14 20:24 23:6 24:24 30:7 31:18 32:17 33:18 34:6 34:22 41:9 **wells**(1) 7:4 **went**(1) 11:3 | | **with**(72) (continued above) | | **you**(65) 9:24 13:10 13:10 13:18 13:23 14:12 14:24 18:19 18:20 21:5 21:12 22:1 22:21 23:12 23:12 24:8 25:9 25:10 25:14 27:11 27:19 27:20 28:7 28:15 28:15 29:10 29:11 29:17 30:18 31:19 32:8 32:9 32:9 32:13 32:14 32:14 33:3 33:4 33:9 33:10 33:11 33:12 33:13 33:21 33:21 33:25 34:15 34:19 35:1 35:7 35:8 35:20 38:4 38:5 38:19 38:20 39:5 39:11 39:16 39:22 40:18 41:15 41:16 41:20 41:23 **you'd**(1) 40:8 **you'll**(1) 37:20 **young**(1) 2:4 **your**(100) 9:4 9:5 9:8 9:10 9:24 10:4 10:8 11:12 11:20 12:4 12:13 12:15 13:10 13:18 13:18 13:25 14:3 14:18 14:20 15:2 15:2 15:11 16:7 16:14 17:14 17:16 17:21 17:25 18:5 18:22 18:24 19:4 19:14 20:8 20:10 20:12 20:14 20:21 21:2 21:12 21:17 22:1 22:12 22:19 23:1 23:4 23:6 23:11 24:2 24:15 24:21 24:23 25:4 25:10 25:18 25:24 26:2 26:13 26:17 27:6 27:18 28:10 28:25 29:12 29:15 29:19 30:14 30:23 31:1 31:9 31:14 31:22 32:17 33:8 33:15 33:18 34:6 34:10 34:22 35:7 35:20 36:2 36:5 36:11 37:14 37:19 37:19 37:21 38:2 38:7 38:11 38:24 39:8 39:18 39:24 40:1 40:10 40:13 40:22 41:18 |
| | | **voting** (see above) | | **williams**(1) 3:26 | | **zabel**(1) 6:46 **zensky**(13) 3:19 21:2 21:3 21:9 21:12 29:11 39:8 40:10 40:11 40:20 40:22 41:18 41:20 **zensky's**(2) 33:9 33:22 **zloto**(1) 6:13 **zuckerman**(4) 3:10 5:16 15:3 38:25 |