IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## NOTICE OF AGENDA OF MATTERS
## SCHEDULED FOR HEARING ON MAY 25, 2011 AT 1:00 P.M.
## BEFORE THE HONORABLE KEVIN J. CAREY

Any party who wishes to participate in the hearing via telephone must contact
CourtCall by telephone (866-582-6878) or by facsimile (866-533-2946)
no later than 12:00 p.m. one business day prior to the hearing.

## RESOLVED MATTERS

1. Movants' Motion for Class Certification and Class Treatment of Movants' Class Proofs of Claim (Filed May 20, 2010) (Docket No. 4513)

   Objection Deadline: June 7, 2010 at 4:00 p.m.
   Pursuant to Stipulations executed by the parties, the Objection Deadline was extended to November 1, 2010 for the Debtors and the Reply Deadline was extended to January 6, 2011 for the Movants.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-7558084v1

Responses Received:

    (a)    Debtors' Objection to Movants' Motion for Class Certification and Class Treatment of Movants' Class Proof of Claim (Filed November 1, 2010) (Docket No. 6204)

    (b)    Reply Memorandum in Support of Movants' Motion for Class Certification and Class Treatment of Movants' Class Proofs of Claim (Filed January 6, 2011) (Docket No. 7403)

Related Document(s):

    (a)    Stipulation Adjourning Hearing on Movants' Motion for Class Certification and Class Treatment of Movants' Class Proofs of Claim (Filed November 15, 2010) (Docket No. 6450)

    (b)    Order Requiring Mediation Concerning Movants' Motion for Class Certification and Class Treatment of Movants' Proofs of Claim (Entered January 31, 2011) (Docket No. 7682)

Status:    As previously disclosed, the parties participated in mediation and have reached a settlement. The Debtors intend to file a motion to approve the settlement. This matter will not be going forward.

## **CONTINUED MATTERS**

2.    Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed November 13, 2009) (Docket No. 2561)

Response Deadline: December 8, 2009 at 4:00 p.m.

Responses Received:

    (a)    Response by Robby S. Wells to Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims (Filed December 4, 2009) (Docket No. 2744)

    (b)    Letter from Robert Wells with copy of Hauling Agreement (Received February 17, 2011) (TBD)

    (c)    Informal Response received from GE Capital Fleet Services

Related Documents:

    (a)    Notice of Submission of Proofs of Claim Regarding Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section

502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed December 1, 2009) (Docket No. 2685)

(b) Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered January 5, 2010) (Docket No. 3011)

(c) Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims as Relates to Claim No. 5606 of Personal Plus, Inc. Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered February 24, 2010) (Docket No. 3526)

(d) Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims as Relates to Claim No. Claim No. 1332 of Karolyn Walker Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered December 22, 2010) (Docket No. 7274)

Status: The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection, and with respect to Claim No. 5606 of Personal Plus, Inc. and Claim No. 1332 of Karolyn M. Walker. The Objection was withdrawn with respect to Claim No. 501 of Chris Parker and Claim No. 2998 of Marc Silver. The hearing on the Objection is adjourned to the June 28, 2011 hearing as to the claims of GE Capital Fleet Services and Robby S. Wells. This matter will not be going forward.

3. Debtors' Twenty-Seventh Omnibus Objection (Non-Substantive) to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed May 17, 2010) (Docket No. 4441)

Response Deadline: June 9, 2010 at 4:00 p.m.

Responses Received:

(a) Response by Marcia Willette (Filed June 8, 2010) (Docket No. 4721)

Related Documents:

(a) Order Sustaining Debtors' Twenty-Seventh Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered June 14, 2010) (Docket No. 4774)

(b) Order Sustaining in Part Debtors' Twenty-Seventh Omnibus Objection (Non-Substantive) to Claims as it Relates to Claim No. 5785 of Cawley Chicago Portfolio, LLC (Entered July 19, 2010) (Docket No. 5071)

3

Status: The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection and with respect to the claim of Cawley Chicago Portfolio, LLC. The Objection was withdrawn as to the claims of the United States Environmental Protection Agency and Annapolis West Limited Partnership. The Debtors and Marcia Willette are exchanging information with respect to her claim. This matter is adjourned to the June 28, 2011 hearing. This matter will not be going forward.

4. Debtors' Thirty-Third Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed July 19, 2010) (Docket No. 5081)

Response Deadline: August 12, 2010 at 4:00 p.m.

Responses Received:

(a) Informal response received from Albert Togut, Chapter 7 Trustee of PLVTZ, Inc. (Received August 3, 2010)

(b) Informal response received from the City of Chicago Department of Revenue (Received August 10, 2010)

Related Documents:

(a) Notice of Submission of Proofs of Claim Regarding Debtors' Thirty-Third Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed August 5, 2010) (Docket No. 5266)

(b) Order Partially Sustaining Debtors' Thirty-Third Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed August 19, 2010) (Docket No. 5434)

Status: The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection and with respect to the claim of the City of West Hollywood. The hearing on the Objection is adjourned to the June 28, 2011 hearing as to Claim No. 6344 of Albert Togut, Chapter 7 Trustee of PLVTZ, Inc. and as to Claim No. 728 of the City of Chicago. This matter will not be going forward.

4

5. Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed July 19, 2010) (Docket No. 5083)

Response Deadline: August 12, 2010 at 4:00 p.m.

Responses Received:

    (a) Response by EMC Corporation (Filed August 12, 2010) (Docket No. 5360)

Related Documents:

    (a) Notice of Amendment to Exhibit D to Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed July 23, 2010) (Docket No. 5110)

    (b) Notice of Submission of Proofs of Claim Regarding Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed August 5, 2010) (Docket No. 5267)

    (c) Order Partially Sustaining Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered August 19, 2010) (Docket No. 5435)

    (d) Order Partially Sustaining Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Claims as it Relates to Claim No. 810 of Google, Inc. (Entered November 1, 2010) (Docket No. 6192)

Status: The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection, and as to the claim of Google, Inc. The Debtors and EMC Corporation are discussing resolution of the Objection. This matter is adjourned to the June 28, 2011 hearing. This matter will not be going forward.

5

6. Debtors' Fortieth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003, and 3007, and Local Rule 3007-1 (Filed January 28, 2011) (Docket No. 7674)

   Response Deadline: February 22, 2011 at 4:00 p.m.

   Responses Received:

   (a) Response of USDR (CLM #1672, CLM #2279 and CLM No. 2827) to Debtor's Fortieth Omnibus Objection to Claims (Docket #3792); Declaration of Jon Dickinson (Filed February 14, 2011) (Docket No. 7932)

   Related Documents:

   (a) Notice of Submission of Proofs of Claim Regarding Debtors' Fortieth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003, and 3007, and Local Rule 3007-1 (Filed February 11, 2011) (Docket No. 7906)

   (b) Order Partially Sustaining Debtors' Fortieth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (Entered February 25, 2011) (Docket No. 8146)

   Status: The Court entered an Order partially sustaining the Objection. The Objection was withdrawn as to Claim No. 2279 of USDR and Claim No. 6683 of Hess Corporation. The Objection was modified by consent of the parties with respect to Claim No. 2554 of Corre Opportunities Fund. The hearing on the Objection is adjourned to the June 28, 2011 hearing solely with respect to: (a) Claim Nos. 749, 753, and 754 of ASM – Accent Energy, and (b) Claim No. 1672 of USDR – CNI Corporation. This matter will not be going forward.

7. Debtors' Forty-Second Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed February 18, 2011) (Docket No. 8065)

   Response Deadline: March 15, 2011 at 4:00 p.m.

   Responses Received:

   (a) Carol Walker's Response to Debtors' Forty-Second Omnibus Objection to Claim (Filed March 9, 2011) (Docket No. 8325)

   (b) Informal response by Broadspire Services [Claim No. 5335] (Received March 4, 2011)

46429/0001-7558084v1

(c) Software AG's Response to Debtor's Forty-Second Omnibus Claims Objection (Filed March 21, 2011) (Docket No. 8471)

(d) Carol Walker's Response to Debtors' Forty-Second Omnibus Objection to Claim (Filed April 12, 2011) (Docket No. 8623)

Related Documents:

(a) Notice of Submission of Proofs of Claim Regarding Debtors' Forty-Second Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed March 8, 2011) (Docket No. 8289)

(b) Order Partially Sustaining Debtors' Forty-Second Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered March 30, 2011) (Docket No. 8523)

Status: The Court entered an Order partially sustaining the Objection with respect to all of those claimants who did not respond or otherwise contest the Objection. This matter is adjourned to the June 28, 2011 hearing solely with respect to: (a) Claim No. 5335 of Broadspire Services, Inc.; (b) Claim No. 5283 of Contrarian Funds, LLC (Software AG); and (c) Claim No. 6601 of Carol Walker. This matter will not be going forward.

## CERTIFICATIONS OF NO OBJECTION / CERTIFICATIONS OF COUNSEL

8. Application of the Official Committee of Unsecured Creditors of Tribune Company, et at., Pursuant to 11 U.S.C. §§ 328 and 1103 and Fed. R. Bankr. P. 2014, for an Order Authorizing the Employment and Retention of Seitz Van Ogtrop & Green, P.A. As Special Conflicts Counsel Nunc Pro Tunc to April 21, 2011 (Filed April 22, 2011) (Docket No. 8735)

Response Deadline: May 6, 2011 at 4:00 p.m.

Responses Received: None.

Related Documents:

(a) Certificate of No Objection (Filed May 10, 2011) (Docket No. 8875)

(b) Proposed Order

Status: A Certificate of No Objection was filed with the Court. This matter will not be going forward unless otherwise directed by the Court.

9. Motion of Debtor Homestead Publishing Co. for an Order Pursuant to Sections 363(b), (f), (m) and (n) of the Bankruptcy Code Authorizing the Sale of Certain Real Property Located in Columbia, Maryland (Filed May 4, 2011) (Docket No. 8828)

Response Deadline: May 18, 2011 at 4:00 p.m.

Responses Received: None.

Related Documents:

(a) Certificate of No Objection Regarding Docket No. 8828 (Filed May 20, 2011) (Docket No. 8964)

(b) Proposed Order

Status: A Certificate of No Objection was filed with the Court. This matter will not be going forward unless otherwise directed by the Court.

## CONTESTED MATTERS GOING FORWARD

10. Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed April 16, 2010) (Docket No. 4091)

Response Deadline: May 11, 2010 at 4:00 p.m.

Responses Received:

(a) Response by Terry Godbey (Filed May 10, 2010) (Docket No. 4272)

(b) Debtors' Reply to the Response of Terry Godbey to the Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed May 9, 2011) (Docket No. 8864)

Related Documents:

(a) Notice of Submission of Proofs of Claim Regarding Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed May 4, 2010) (Docket No. 4230)

(b) Order Sustaining Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered May 14, 2010) (Docket No. 4406)

46429/0001-7558084v1

| | | |
|---|---|---|
| | (c) | Order Approving (I) Stipulation Between the Debtors and CNN Newsource Sales, Inc. Regarding Allowance of Claims and (II) Partial Withdrawal of Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims as It Relates to Claim No. 4863 of CNN Newsource Sales, Inc. (Entered October 28, 2010) (Docket No. 6158) |
| | (d) | Order Approving Stipulation Between Certain of the Debtors and Oracle Corporation Oracle America, Inc., as Successor-By-Merger to Sun Microsystems, Inc., Regarding (I) Resolution of Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims as it Relates to the Claims of Oracle and (II) Allowance of Certain Prepetition Claims of Oracle (Entered November 23, 2010) (Docket No. 6593) |
| | Status: | The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection and an Order resolving Claim No. 4863 of CNN Newsource Sales, Inc. The Objection was withdrawn as to the claims of 9090 Enterprises and Spanlink Communications. An evidentiary hearing will be scheduled on the claim of Maureen Dombeck. This matter was adjourned from the April 25, 2011 hearing as to the claims of Marbury von Briesen, Herbert Eye and Terry Godbey only. This matter will be going forward for oral argument as to the claim of Terry Godbey only. |

11. Motion of Steven Gellman to Allow Proof of Claim (Filed February 9, 2011) (Docket No. 7876)

    Objection Deadline: February 22, 2011 at 4:00 p.m.
    On consent of the parties, the Objection Deadline was extended to 4:00 p.m. on February 24, 2011 for the Debtors and the Official Committee of Unsecured Creditors.

    Responses Received:

    (a) Debtors' Objection to Motion of Steven Gellman to Allow Proof of Claim [D.I. 7876] (Filed February 24, 2011) (Docket No. 8125)

    (b) Joinder of the Official Committee of Unsecured Creditors to Debtors' Objection to Motion of Steven Gellman to Allow Proof of Claim (Filed February 24, 2011) (Docket No. 8126)

    Related Document:

    (a) Declaration of Steven Gellman in Support of his Motion to Allow Claim (Filed February 25, 2011) (Docket No. 8136)

    Status: On consent of the parties, this matter was adjourned from the April 25, 2011 hearing. This matter will be going forward.

9

12. Motion of Timothy Knight for Leave to File Untimely Proof of Claim (Filed May 6, 2011) (Docket No. 8841)

    Objection Deadline: May 18, 2011 at 4:00 p.m.

    Responses Received:

    (a) Objection of the Official Committee of Unsecured Creditors to the Motions of Certain Former Officers and Directors of the Debtors to Deem Their Proofs of Claim Timely Filed (Filed May 18, 2011) (Docket No. 8941)

    Status: This matter will be going forward.

13. Motion of Kathleen Waltz to Deem Proof of Claim Timely Filed (Filed May 6, 2011) (Docket No. 8850)

    Objection Deadline: May 18, 2011 at 4:00 p.m.

    Responses Received:

    (a) Objection of the Official Committee of Unsecured Creditors to the Motions of Certain Former Officers and Directors of the Debtors to Deem Their Proofs of Claim Timely Filed (Filed May 18, 2011) (Docket No. 8941)

    Status: This matter will be going forward.

14. Motion of John Vitanovec to Deem Proof of Claim Timely Filed (Filed May 6, 2011) (Docket No. 8851)

    Objection Deadline: May 18, 2011 at 4:00 p.m.

    Responses Received:

    (a) Objection of the Official Committee of Unsecured Creditors to the Motions of Certain Former Officers and Directors of the Debtors to Deem Their Proofs of Claim Timely Filed (Filed May 18, 2011) (Docket No. 8941)

    Status: This matter will be going forward.

15. Motion of Timothy Landon to Deem Proof of Claim Timely Filed (Filed May 6, 2011) (Docket No. 8852)

    Objection Deadline: May 18, 2011 at 4:00 p.m.

    Responses Received:

    (a) Objection of the Official Committee of Unsecured Creditors to the Motions of Certain Former Officers and Directors of the Debtors to Deem Their Proofs of Claim Timely Filed (Filed May 18, 2011) (Docket No. 8941)

    Status: This matter will be going forward.

16. Motion of Richard Malone to Deem Proof of Claim Timely Filed (Filed May 6, 2011) (Docket No. 8853)

    Objection Deadline: May 18, 2011 at 4:00 p.m.

    Responses Received:

    (a) Objection of the Official Committee of Unsecured Creditors to the Motions of Certain Former Officers and Directors of the Debtors to Deem Their Proofs of Claim Timely Filed (Filed May 18, 2011) (Docket No. 8941)

    Status: This matter will be going forward.

17. Motion of Luis Lewin to Deem Proof of Claim Timely Filed (Filed May 6, 2011) (Docket No. 8854)

    Objection Deadline: May 18, 2011 at 4:00 p.m.

    Responses Received:

    (a) Objection of the Official Committee of Unsecured Creditors to the Motions of Certain Former Officers and Directors of the Debtors to Deem Their Proofs of Claim Timely Filed (Filed May 18, 2011) (Docket No. 8941)

    Status: This matter will be going forward.

18. Motion of David Hiller to Deem Proof of Claim Timely Filed (Filed May 6, 2011) (Docket No. 8855)

    Objection Deadline: May 18, 2011 at 4:00 p.m.

    Responses Received:

    (a) Objection of the Official Committee of Unsecured Creditors to the Motions of Certain Former Officers and Directors of the Debtors to Deem Their Proofs of Claim Timely Filed (Filed May 18, 2011) (Docket No. 8941)

    Status: This matter will be going forward.

19. Motion of Thomas Leach to Deem Proof of Claim Timely Filed (Filed May 6, 2011) (Docket No. 8856)

    Objection Deadline: May 18, 2011 at 4:00 p.m.

    Responses Received:

    (a) Objection of the Official Committee of Unsecured Creditors to the Motions of Certain Former Officers and Directors of the Debtors to Deem Their Proofs of Claim Timely Filed (Filed May 18, 2011) (Docket No. 8941)

    Status: This matter will be going forward.

20. Motion of John Reardon to Deem Proof of Claim Timely Filed (Filed May 6, 2011) (Docket No. 8857)

    Objection Deadline: May 18, 2011 at 4:00 p.m.

    Responses Received:

    (a) Objection of the Official Committee of Unsecured Creditors to the Motions of Certain Former Officers and Directors of the Debtors to Deem Their Proofs of Claim Timely Filed (Filed May 18, 2011) (Docket No. 8941)

    Status: This matter will be going forward.

21. Motion of Scott Smith to Deem Proof of Claim Timely Filed (Filed May 6, 2011) (Docket No. 8858)

   Objection Deadline: May 18, 2011 at 4:00 p.m.

   Responses Received:

   (a) Objection of the Official Committee of Unsecured Creditors to the Motions of Certain Former Officers and Directors of the Debtors to Deem Their Proofs of Claim Timely Filed (Filed May 18, 2011) (Docket No. 8941)

   Status: This matter will be going forward.

Dated: May 23, 2011

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION