## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Hearing Date: June 28, 2011 at 2:00 p.m. ET** |
| | **Objection Deadline: June 21, 2011 at 4:00 p.m. ET** |

## DEBTORS' FORTY-THIRD OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

> **Claimants receiving this Objection should locate their name(s) and claim number(s) on <u>Schedule 1</u> attached hereto to learn which of the lettered exhibits, <u>Exhibit A</u>, <u>Exhibit B</u>, or <u>Exhibit C</u> contains the grounds for the objection pertaining to their claim(s) and the relief being sought by the Debtors.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

> **Your rights may be affected by this Objection and by any further objection that may be filed by the Debtors.**
> **The relief sought herein is without prejudice to the Debtors' rights to pursue further substantive or non-substantive objections against the Surviving Claims listed on <u>Exhibit A</u> or the Modified Claims listed on <u>Exhibit C</u> to this Objection.**

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "<u>Debtor</u>" and collectively, the "<u>Debtors</u>"), by and through their undersigned counsel, hereby submit this forty-third omnibus objection to claims (the "<u>Objection</u>"), which Objection covers each of the claims (the "<u>Disputed Claims</u>") set forth on <u>Exhibit A</u>, <u>Exhibit B</u>, and <u>Exhibit C</u> attached hereto and to the proposed form of order submitted herewith, pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>").  By this Objection, the Debtors request entry of an order disallowing and/or modifying each of the Disputed Claims identified on <u>Exhibit A</u>, <u>Exhibit B</u>, and <u>Exhibit C</u>, as indicated in further detail below.  In support of this Objection, the Debtors rely on the Declaration of John Rodden, Vice President of Tribune Company (the "<u>Rodden Declaration</u>"), attached hereto to as <u>Exhibit D</u>.  In further support, the Debtors respectfully represent as follows:

## STATUS OF THE CASE

1.      On December 8, 2008 (the "<u>Petition Date</u>"), Tribune Company and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

46429/0001-7637066V1
CHI 4829822v.1

chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 111 entities.

2.      The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules. [Docket Nos. 43, 2333].

3.      The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee").

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1.

## FACTUAL BACKGROUND OF THE DEBTORS' CLAIMS PROCESS

6.      On March 23, 2009, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [Docket Nos. 567-789], which were subsequently amended on April 13, 2009 [Docket Nos. 894-957], June 12, 2009 [Docket Nos. 1343-1453], on March 2, 2010 [Docket Nos. 3548-3599], May 14, 2010 [Docket No. 4388], and January 28, 2011 [Docket Nos. 7661-7671] (collectively, the "Schedules").[3]

---

[3] Tribune CNLBC, LLC filed its schedules of assets and liabilities and statements of financial affairs on October 12, 2009 [CNLBC Docket Nos. 8 and 9], which were subsequently amended on December 9, 2009 [Docket No. 2779] and May 14, 2010 [Docket No. 4389] and January 28, 2011 [Docket No. 7665].

7.      On March 26, 2009, the Court entered an order (the "Bar Date Order") (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11 cases and (ii) approving the form and manner of notice of the Bar Date. [4]

8.      Written notice of the Bar Date was mailed to, among others, all known creditors listed on the Schedules, as amended, and the Bar Date Order was served on all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date Order.  In addition to mailing such actual notice, the Debtors also published notice of the Bar Date in the National Editions of the *Wall Street Journal* and the *New York Times* and in the *Chicago Tribune* and *Los Angeles Times* on May 12, 2009.

9.      To date, approximately 6,768 Proofs of Claim have been filed in these chapter 11 cases.  The Proofs of Claim are recorded on the official claims register (the "Claims Register") maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent").

## RELIEF REQUESTED

10.      By this Objection, the Debtors seek entry of an Order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, granting the following relief with respect to the Disputed Claims:

a)      Disallowing in full and expunging each of the amended claims (the "Amended Claims") identified on Exhibit A as filed claims that have been amended and superseded by another claim subsequently filed against the

---

[4] The Bar Date for the filing of Proofs of Claim against Tribune CNLBC, LLC was July 26, 2010. *See* Order Establishing Bar Date for Filing Proofs of Claim in the Tribune CNLBC, LLC Bankruptcy Case and Approving the Form and Manner of Notice Thereof entered on June 7, 2010 [Docket No. 4709].

46429/0001-7637066V1

Debtors by or on behalf of the same claimants in respect of the same liabilities;

b)    Disallowing in full and expunging each of the late-filed claims (the "Late-Filed Claims") identified on Exhibit B as filed claims representing a claim that was filed after the applicable Bar Date;

c)    Modifying each of the claims identified on Exhibit C (the "Modified Debtor Claims") to reassign each of such claims to the Debtor listed under the column heading "Modified Debtor," which corresponds to the particular Debtor that is liable for such claim; and

d)    authorizing the Claims Agent to modify each of the Disputed Claims on the Claims Register in accordance with the proposed Order.

11.    The Debtors have reviewed Del. Bankr. LR 3007-1 in connection with the preparation of this Objection, and the Debtors believe that this Objection complies fully with that Rule.

## BASIS FOR OBJECTION

12.    Section 502(b) of the Bankruptcy Code provides in pertinent part:

[I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

(1)    such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1).

**A.    Amended Claims**

13.    Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified the thirty-two (32) Amended Claims listed on Exhibit A, in the aggregate amount of $125,965,417.77, as filed claims that have been amended and superseded by a subsequently-filed claim by the same claimant on account of the same

5

liability. The relief requested in this Objection is necessary to prevent the allowance of the Amended Claims, each of which has been superseded and remains on the Claims Register only as a technicality. Accordingly, the Debtors seek to disallow in full and expunge the Amended Claims and thereby (i) prevent the claimants from obtaining a double recovery on account of any single obligation and (ii) limit the claimants to a single claim for those amounts currently asserted by the claimant in respect of the same liabilities.

14.     The claims set forth under the column heading "Surviving Claims" on Exhibit A (the "Surviving Claims") represent the claims that were subsequently filed by or on behalf of claimants in respect of the same liabilities as the Amended Claims, as so indicated on the face of the Surviving Claims. The Surviving Claims have thus amended and superseded the Amended Claims. By filing the Surviving Claims, the claimants liquidated or otherwise modified the liability originally identified in the Amended Claims. Specifically, all but one of the Amended Claims represent Proofs of Claim filed by state taxing authorities as estimated and/or partially unliquidated claims, for which superseding claims have been filed in liquidated or revised amounts, based on such taxing authorities' revised assessments of liability. Thus, the elimination of the Amended Claims is consistent with the apparent intent of the claimants in filing the Surviving Claims.

15.     The Surviving Claims identified on Exhibit A will remain on the Claims Register as outstanding liabilities, subject to the Debtors' right to object on any grounds that bankruptcy or nonbankruptcy law permits or until withdrawn by the claimants or disallowed by the Court. In other words, the Surviving Claims will be unaffected by the relief sought in this Objection, and the claimants' rights to assert these liabilities against the Debtors' estates will be

preserved, subject to the Debtors' ongoing rights to object to the Surviving Claims on any other applicable grounds.

**B.    Late-Filed Claims**

16.    Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified twenty-three (23) Late-Filed Claims listed on Exhibit B, in the aggregate amount of $541,442.20, as claims that were filed after the applicable Bar Date (based on the date of filing shown on the face of each of the Late-Filed Claims), and as to which there is no basis under the Bar Date Order to accept as timely.  Each of the Late-Filed Claims listed in Exhibit B: (i) arose prior to the Petition Date; (ii) was filed by or on behalf of a creditor who was served with the Bar Date Notice, either directly or through their respective counsel; (iii) was subject to the requirement that Proofs of Claim be filed no later than the Bar Date (as well as in accordance with the other provisions of the Bar Date Order); and (iv) was nonetheless filed after the Bar Date, as indicated by the dates identified in the column labeled "Date Filed" in Exhibit B.

17.    Notwithstanding the foregoing, the California State Controller's Office ("Controller's Office") asserts on the face of Claim No. 6707 that the Controller's Office did not receive actual notice of the Debtors' Bar Date, and therefore should be permitted to file a late claim.  However, the Debtors' Claims Agent provided *repeated* notice of the Bar Date directly to the Controller's Office, and Claim No. 6707 should be disallowed as a Late-Filed Claim.  Specifically, on April 13, 2009, the Debtors caused their Claims Agent to mail the "Notice of Entry of Bar Date Order Establishing Deadlines for Filing Proofs of Claim Against the Debtors" to the Controller's Office as reflected in the associated Affidavit of Mailing [Docket No. 1073, Ex. Part 4, pp. 2686-2687].  The Debtors also caused notice of the Bar Date to be provided to the

Controller's Office in subsequent amendments to the Schedules on March 5, 2010 [Docket No. 3844], May 14, 2010 [Docket No. 4517], and January 31, 2011 [Docket No. 7725].

18.     None of the creditors holding claims identified on Exhibit B has sought—much less obtained—relief from the Court pursuant to Rule 9006 of the Bankruptcy Rules to file a late Proof of Claim.  Accordingly, the Late-Filed Claims listed in Exhibit B are untimely under the Bar Date Order and should be disallowed in their entirety pursuant to section 502(b)(9) of the Bankruptcy Code.  A failure by the Debtors to seek and obtain disallowance of the Late-Filed Claims could result in the filing of additional Late-Filed Claims, undermining the certainty that is intended to be afforded by the Bar Date Order and negatively affecting the Debtors' legitimate creditors whose claims were either listed on the Schedules or who complied with the Bar Date Order.

**C.    Modified Debtor Claims**

19.     Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified the six (6) Modified Debtor Claims listed on Exhibit C as claims that failed to specify a particular Debtor or failed to identify the correct Debtor against which the claim is properly asserted.

20.     In general, the Debtors seek to modify the Debtor on the Modified Debtor Claims because the applicable line on the Proof of Claim was left blank and no Debtor was asserted, or a Debtor's trade name was used rather than the legal entity name.  Others of the Modified Debtor Claims were asserted against a particular Debtor; however, upon review of the documentation supporting the Proofs of Claim and their own books and records, the Debtors have determined that the liability for such claims is properly owed by a different Debtor.  The Debtors propose that the Modified Debtor Claims be modified to specify that the claim is asserted against the particular Debtor that is (i) scheduled as having corresponding liability to the

creditor, (ii) identified in the claimant's own supporting documentation attached to the claim; and/or (iii) reflected in the Debtors' books and records as having liability to the creditor, as indicated on Exhibit C under the column heading "Modified Debtor."

21.     The relief requested in this Objection is necessary to permit the Debtors to reconcile their Claims Register so that it accurately reflects the total liability asserted against each particular Debtor in these chapter 11 cases.  If the relief requested herein is granted, the Modified Debtor Claims on Exhibit C will be modified so that such claims are properly asserted against the Debtor specified under the column heading "Modified Debtor."

<h3 style="text-align:center">RESERVATION OF RIGHTS</h3>

22.     The Debtors hereby reserve their right to amend, modify, and/or supplement this Objection, including to object to any of the Proofs of Claim listed on Exhibit A, Exhibit B, and Exhibit C to this Objection on any additional grounds, prior to the entry of an order sustaining this Objection.  With respect to the Surviving Claims listed on Exhibit A and the Modified Debtor Claims on Exhibit C, the Debtors reserve their right to object to such claims in the future on any applicable grounds.  Separate notice and hearing will be provided and scheduled, respectively, for any such objection.

23.     The Debtors hereby reserve their right to adjourn the hearing on this Objection as it pertains to any or all of the Disputed Claims.  In the event that the Debtors so adjourn the hearing, they will state that the hearing on the Objection and/or any response filed in connection therewith has been adjourned on the agenda for the hearing, which agenda will be served on any party affected by such adjournment.

<h3 style="text-align:center">NOTICE</h3>

24.     Notice of this Objection has been provided to:  (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel for the administrative agents for

9

Tribune Company's prepetition loan facilities; (iv) counsel for the administrative agent for the Debtors' postpetition financing facility; (v) the claimants listed on Exhibit A, Exhibit B, and Exhibit C; and (vi) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

46429/0001-7637066V1

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001 and 3007, and Local Rule 3007-1, (i) disallowing in full the Amended Claims set forth on Exhibit A; (ii) disallowing in full the Late-Filed Claims set forth on Exhibit B; (iii) modifying the Modified Debtor Claims set forth on Exhibit C; (iv) authorizing the Claims Agent to expunge the Amended Claims and the Late-Filed Claims from the Claims Register and t the Modified Debtor Claims on the Claims Register; and (v) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
      May 26, 2011

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kenneth P. Kansa
Steven W. Robinson
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile:  (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

46429/0001-7637066V1

11