# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Hearing Date: June 28, 2011 at 2:00 p.m. ET<br>Objection Deadline: June 21, 2011 at 4:00 p.m. ET |

## DEBTORS' FORTY-FOURTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL RULE 3007-1

### ("SUBSTANTIVE DUPLICATE CLAIMS")

> Claimants receiving this objection should locate their name(s) and claim number(s) on <u>Exhibit A</u> to this Objection. The grounds for the Objection are set forth herein.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-7637233V1

> The relief sought herein is without prejudice to the Debtors' rights to pursue further substantive or non-substantive objections to the claims listed on Exhibit A of this Omnibus Objection.

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors"), by and through their undersigned counsel, hereby file this forty-fourth omnibus objection (the "Objection") to claims filed against the Debtors, on the grounds that each claim as to which the Objection is asserted substantively duplicates another claim filed in the Debtors' chapter 11 cases and is thus not properly asserted (collectively, the "Substantive Duplicate Claims"). The Substantive Duplicate Claims are set forth on Exhibit A attached hereto and to the proposed order submitted herewith. This Objection is submitted pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3001, 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). By this Objection, the Debtors request entry of an order disallowing and expunging the Substantive Duplicate Claims as indicated in further detail below. In support of this Objection, the Debtors rely on the Declaration of John Rodden, Vice President of Tribune Company (the "Rodden Declaration"), attached hereto as Exhibit B. In further support of the Objection, the Debtors respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1.      On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

46429/0001-7637233V1

petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 111 entities.

2.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). (D.I. 43, 2333).

3.  The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.  On December 18, 2008, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee").

5.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1.

## FACTUAL BACKGROUND TO THE OBJECTION

6.  On March 23, 2009, the Debtors filed their schedules of assets and liabilities and statements of financial affairs (D.I. 567-789), which were subsequently amended on April 13, 2009 (D.I. 894-957), June 12, 2009 (D.I. 1343-1453), March 2, 2010 (D.I. 3548-3599), May 14, 2010 (D.I. 4388), and January 28, 2011 (D.I. 7661-7671) (collectively, the "Schedules").[3]

---

[3] Tribune CNLBC, LLC filed its schedules of assets and liabilities and statements of financial affairs on October 12, 2009 (CNLBC D.I. 8 and 9), which were subsequently amended on December 9, 2009 (D.I. 2779), May 14, 2010 (D.I. 4389), and January 28, 2011 (D.I. 7665).

3

7. On March 26, 2009, the Court entered an order (the "Bar Date Order") (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11 cases and (ii) approving the form and manner of notice of the Bar Date (the "Bar Date Notice").[4]

8. Written notice of the Bar Date was mailed to, among others, all known creditors listed on the Schedules, as amended, and the Bar Date Order was served on all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date Order. In addition to mailing such actual notice, the Debtors also published notice of the Bar Date in the National Editions of the *Wall Street Journal* and the *New York Times* and in the *Chicago Tribune* and *Los Angeles Times* on May 12, 2009.

9. To date, approximately 6,768 Proofs of Claim have been filed in these chapter 11 cases. The Proofs of Claim are recorded on the official claims register (the "Claims Register") maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent").

## RELIEF REQUESTED

10. By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1, disallowing and expunging in their entirety each of the Substantive Duplicate Claims identified on Exhibit A on the basis that each such claim substantively duplicates another claim appearing on the Claims Register. This Objection complies in all respects with Local Rule 3007-1.

---

[4] The Bar Date for the filing of Proofs of Claim against Tribune CNLBC, LLC was July 26, 2010. See Order Establishing Bar Date for Filing Proofs of Claim in the Tribune CNLBC, LLC Bankruptcy Case and Approving the Form and Manner of Notice Thereof entered on June 7, 2010 (D.I. 4709).

## BASIS FOR OBJECTION

11. Section 502(b) of the Bankruptcy Code provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1).

12. In connection with their review of all Proofs of Claim filed to date against the Debtors' estates, the Debtors have identified twelve (12) Proofs of Claim, in the aggregate face amount of $95,017.48,[5] each of which is a substantive duplicate of one or more other claims filed by or on behalf of the same claimant in respect of the same liabilities, which is sufficient to support disallowance of the Substantive Duplicate Claims pursuant to section 502(b)(1) of the Bankruptcy Code.

13. Those claims, which comprise the Substantive Duplicate Claims addressed by this Objection, are set forth under the column heading "Claims To Be Disallowed" on Exhibit A. Each of the Substantive Duplicate Claims on Exhibit A falls into one or more of the following sub-categories of Claims, as indicated by the column heading "Reason for Disallowance": (i) the claim appears to have been amended and superseded by a later-filed claim filed by the same creditor (but the creditor has not indicated on the face of the Proof of Claim that an amendment was intended by checking the applicable box); (ii) the claim appears to have

---

[5] Certain of the Substantive Duplicate Claims assert unliquidated and/or undetermined amounts. The Debtors have attempted, where possible, to identify such claims on Exhibit A. This Objection (i) shall not preclude a claimant from pursuing the allowance of Surviving Claims, including any unliquidated and/or undetermined amounts asserted therein, and (ii) shall not preclude the Debtors from objecting to such Surviving Claims, including any unliquidated and/or undetermined amounts asserted therein.

the same basis for liability as another claim filed by the same creditor; (iii) the claim is in all respects identical to another filed claim, except that no Debtor is asserted on the Duplicate Claim to be disallowed; (iv) the invoices attached to the Duplicate Claim are also included as the basis for another filed claim; and/or (v) the claim duplicates liability already represented in one or more claims filed by the applicable Agent and/or Trustee on behalf of all holders of the debt instrument indicated on the Proof of Claim and/or supporting documentation.[6] The Debtors have reviewed each of these Substantive Duplicate Claims and determined the particular Debtor against which the claim is properly asserted. Holders of the Substantive Duplicate Claims will continue to have a Proof(s) of Claim pending against the correct Debtor, subject to the Debtors' rights to object to such Proof(s) of Claim on any grounds in the future.

14. The Debtors should not be required to pay a claimant twice on the same obligation or debt. Elimination of redundant claims will enable the Claims Register to reflect more accurately the claims properly asserted against the Debtors. Accordingly, the Debtors seek to disallow in full and expunge the Substantive Duplicate Claims and thereby (i) prevent the claimants from obtaining a double recovery on account of any single obligation and (ii) limit the claimants to a single claim for those amounts currently asserted by the claimant in respect of the same liabilities.

15. If this Objection is sustained, the claims listed under the column heading "Surviving Claims" on Exhibit A will remain on the Claims Register (the "Surviving Claims") as outstanding liabilities, subject to the Debtors' right to object on any other grounds that

---

[6] The Bar Date Order (D.I. 813) sets forth certain categories of claimants who are not required to file Proofs of Claim, including individual holders of claims arising under the various indentures entered into prior to the Petition Date by Tribune (or a predecessor) (collectively, the "Indentures"), in the event that an indenture trustee files one or more Proofs of Claim on behalf of such holders for such claims and individual holders of claims arising under the prepetition Credit Agreement, dated as of May 17, 2007 or the prepetition Unsecured Interim Loan Agreement dated as of December 20, 2007 (collectively, the "Prepetition Credit Agreements"), in the event that the Administrative Agent under either Prepetition Credit Agreement files on or more Proofs of Claim on behalf of such holders for such claims.

46429/0001-7637233V1

bankruptcy or non-bankruptcy law permits or until a particular Surviving Claim is withdrawn by the claimants or disallowed by the Court. See, e.g., 11 U.S.C. § 502(a). Holders of the Substantive Duplicate Claims will suffer no prejudice if the relief requested herein is granted because the Surviving Claims listed on Exhibit A will be unaffected by the relief sought in this Objection, and the claimants' rights to assert those liabilities against the estate(s) of the correct Debtor(s) will be preserved, subject to the Debtors' ongoing rights to object to the Surviving Claims on any other applicable grounds, including other grounds set forth in the Debtors' subsequent Omnibus Objections. For these cumulative reasons, the Debtors object to the allowance of each of the Substantive Duplicate Claims and request that such Substantive Duplicate Claims be disallowed in their entirety and expunged.

## RESERVATION OF RIGHTS

16.     The Debtors hereby reserve their rights to amend, modify, and/or supplement this Objection, including to object to any of the Proofs of Claim listed on Exhibit A to this Objection on any additional grounds, prior to the entry of an order sustaining this Objection.

17.     The Debtors hereby reserve their right to adjourn the hearing on this Objection as it pertains to any or all of the Substantive Duplicate Claims. In the event that the Debtors so adjourn the hearing, they will state that the hearing on the Objection and/or any responsive pleadings filed in connection therewith has been adjourned on the agenda for the hearing, which agenda will be served on any party affected by such adjournment.

## NOTICE

18. Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel for the administrative agents for Tribune's prepetition loan facilities; (iv) counsel for the administrative agent for the Debtors' postpetition financing facility; (v) the claimants listed on Exhibit A; and (vi) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

19. No previous application for the relief sought herein has been made to this Court or to any other court.

46429/0001-7637233V1

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001 and 3007, and Local Rule 3007-1, (i) disallowing in full and expunging the Substantive Duplicate Claims as set forth on <u>Exhibit A</u>; (ii) directing the Claims Agent to expunge the Substantive Duplicate Claims from the Claims Register; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
May 26, 2011

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kenneth P. Kansa
Jillian K. Ludwig
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION

46429/0001-7637233V1