# EXHIBIT B

## Rodden Declaration

46429/0001-7637233V1

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## DECLARATION OF JOHN RODDEN IN SUPPORT OF DEBTORS' FORTY-FOURTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS

### ("SUBSTANTIVE DUPLICATE CLAIMS")

I, John Rodden, declare as follows:

1.    I am a Vice President of Tribune Company, one of the debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors"), and the ultimate parent of the other Debtors.  In this position I am responsible—

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

together with the other members of the Debtors' management—for the management and

oversight of the Debtors' restructuring efforts and business operations.  I am generally familiar

with the Debtors' day-to-day operations, financing arrangements, business affairs and books and

records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and

the amount thereof owed to their creditors.

2.    I have read the Debtors' Forty-Fourth Omnibus (Substantive) Objection to

Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and

3007-1, and Local Rule 3007-1 (the "Objection")[2] and am directly, or by and through the

Debtors' personnel and advisors, familiar with the information contained therein and on Exhibit

A attached thereto.  I am authorized to submit this declaration (the "Declaration") in support of

the Objection.

3.    All matters set forth in this Declaration are based on: (a) my personal

knowledge, (b) my review of relevant documents, (c) my view, based on my experience and

knowledge of the Debtors' operations and personnel, (d) information supplied to me by others at

the Debtors' request, or (e) as to matters involving United States bankruptcy law or rules or other

applicable laws, my reliance on the advice of counsel or other advisors to the Debtors.  If called

upon to testify, I could and would testify competently to the facts set forth herein.

4.    Considerable time and resources have been expended to review and

reconcile the proofs of claim (the "Proofs of Claim") filed against the Debtors in these chapter 11

cases.  Upon review of the Proofs of Claim filed in these chapter 11 cases and supporting

documentation attached thereto, the Debtors have determined that the Proofs of Claim listed on

Exhibit A to the Objection and to the proposed form of order are not properly asserted pursuant

---

[2] All capitalized terms used but not defined herein shall have the meaning ascribed to them in the Objection.

to section 502(b) of the Bankruptcy Code, Rules 3001, 3003, and 3007 of the Federal Rules of

Bankruptcy Procedure, Local Rule 3007-1, and applicable orders of the Bankruptcy Court.

   5.  Specifically, to the best of my knowledge, information, and belief, insofar

as I have been able to ascertain after reasonable inquiry, the claims identified in <u>Exhibit A</u> to the

Objection (the "<u>Substantive Duplicate Claims</u>") are claims that are substantive duplicates of

other Proofs of Claim filed against the Debtors by or on behalf of the same claimant in respect of

the same liabilities.  Each of the Substantive Duplicate Claims on <u>Exhibit A</u> falls into one or

more of the following sub-categories of Claims, as indicated by the column heading "Reason for

Disallowance" on <u>Exhibit A</u>: (i) the claim appears to have been amended and superseded by a

later-filed claim filed by the same creditor (but the creditor has not indicated on the face of the

Proof of Claim that an amendment was intended by checking the applicable box); (ii) the claim

appears to have the same basis for liability as another claim filed by the same creditor; (iii) the

claim is in all respects identical to another filed claim, except that no Debtor is asserted on the

Duplicate Claim to be disallowed; (iv) the invoices attached to the Duplicate Claim are also

included as the basis for another filed claim; and/or (v) the claim duplicates liability already

represented in one or more claims filed by the applicable Agent and/or Trustee on behalf of all

holders of the debt instrument indicated on the Proof of Claim and/or supporting documentation.

The Debtors have reviewed each of these Substantive Duplicate Claims and determined the

particular Debtor against which the claim is properly asserted, as indicated on <u>Exhibit A</u> to the

Objection.  I believe that the disallowance of the Substantive Duplicate Claims is necessary to (i)

prevent the claimants from obtaining a double recovery on account of any single obligation and

(ii) limit the claimants to a single claim for those amounts currently asserted by the claimant in

respect of the same liabilities.

46429/0001-7637233V1

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 26 day of May 2011.

By John Rodden

CHI 5930443V.3