# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Hearing Date: June 28, 2011 at 2:00 p.m. ET**<br>**Objection Deadline: June 21, 2011 at 4:00 p.m. ET** |

## DEBTORS' FORTY-FIFTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

> **Claimants receiving this Objection should locate their name(s) and claim number(s) on <u>Schedule 1</u> attached hereto to learn which of the lettered exhibits, <u>Exhibit A</u>, <u>Exhibit B</u>, <u>Exhibit C</u>, <u>Exhibit D</u>, or <u>Exhibit E</u>, contains the grounds for the objection pertaining to their claim(s) and the relief being sought by the Debtors.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

> **Your rights may be affected by this Objection and by any further objection that may be filed by the Debtors.**
> **The relief sought herein is without prejudice to the Debtors' rights to pursue further substantive or non-substantive objections against the Claims listed on Exhibit A, Exhibit B, Exhibit C, Exhibit D, or Exhibit E to this Objection.**

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors"), by and through their undersigned counsel, hereby submit this forty-fifth omnibus objection to claims (the "Objection"), which Objection covers each of the claims (the "Disputed Claims") set forth on Exhibit A, Exhibit B, Exhibit C, Exhibit D, and Exhibit E attached hereto and to the proposed form of order submitted herewith, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). By this Objection, the Debtors request entry of an order modifying each of the Disputed Claims identified on Exhibit A, Exhibit B, Exhibit C, Exhibit D, and Exhibit E to reduce, fix, reassign, change the classification of and/or change the priority of such claims as indicated in further detail below. In support of this Objection, the Debtors rely on the Declaration of John Rodden, Vice President of Tribune Company (the "Rodden Declaration"), attached hereto to as Exhibit F. In further support of this Objection, the Debtors respectfully represent as follows:

## STATUS OF THE CASE

1.      On December 8, 2008 (the "Petition Date"), Tribune Company and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy

2

Code. An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under

chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 111

entities.

       2.      The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy

Rules. (D.I. 43, 2333.)

       3.      The Debtors have continued in possession of their respective properties

and have continued to operate and maintain their businesses as debtors in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.

       4.      On December 18, 2008, the Office of the United States Trustee appointed

an official committee of unsecured creditors in the Debtors' chapter 11 cases (the "Committee").

       5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this

Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought

herein are section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local

Rule 3007-1.

### FACTUAL BACKGROUND OF THE DEBTORS' CLAIMS PROCESS

       6.      On March 23, 2009, the Debtors filed their schedules of assets and

liabilities and statements of financial affairs (D.I. 567-789), which were subsequently amended on

April 13, 2009 (D.I. 894-957), June 12, 2009 (D.I. 1343-1453), March 2, 2010 (D.I. 3548-3599),

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

May 14, 2010 (D.I. 4388), and January 28, 2011 (D.I. 7661-7671) (collectively, the "Schedules").[3]

7.    On March 26, 2009, the Court entered an order (the "Bar Date Order") (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11 cases and (ii) approving the form and manner of notice of the Bar Date.[4]

8.    Written notice of the Bar Date was mailed to, among others, all known creditors listed on the Schedules, as amended, and the Bar Date Order was served on all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date Order.  In addition to mailing such actual notice, the Debtors also published notice of the Bar Date in the National Editions of the *Wall Street Journal* and the *New York Times* and in the *Chicago Tribune* and *Los Angeles Times* on May 12, 2009.

9.    To date, approximately 6,768 Proofs of Claim have been filed in these chapter 11 cases.  The Proofs of Claim are recorded on the official claims register (the "Claims Register") maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent").

## RELIEF REQUESTED

10.    By this Objection, the Debtors seek entry of an Order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, granting the following relief with respect to the Disputed Claims:

---

[3] Tribune CNLBC, LLC filed its schedules of assets and liabilities and statements of financial affairs on October 12, 2009 (CNLBC D.I. 8 and 9), which were subsequently amended on December 9, 2009 (D.I. 2779), May 14, 2010 (D.I. 4389), and January 28, 2011 (D.I. 7665).

[4] The Bar Date for the filing of Proofs of Claim against Tribune CNLBC, LLC was July 26, 2010. See Order Establishing Bar Date for Filing Proofs of Claim in the Tribune CNLBC, LLC Bankruptcy Case and Approving the Form and Manner of Notice Thereof entered on June 7, 2010 (D.I. 4709).

46429/0001-7637327V1

a)   reducing and/or fixing the value of each of the Disputed Claims identified on <u>Exhibit A</u> (the "<u>Modified Amount Claims</u>") to the dollar value listed under the column heading "Modified Amount," which corresponds to the amount the Debtors believe is owed by the applicable Debtor on account of the Modified Amount Claims after reconciling such claims with their books and records;

b)   (i) reducing and/or fixing the value of the Disputed Claim identified on <u>Exhibit B</u> (the "<u>Modified Amount, Modified Debtor Claim</u>") to the dollar value listed under the column heading "Modified Amount," which corresponds to the amount the Debtors believe is owed by the applicable Debtor on account of the Modified Amount, Modified Debtor Claim after reconciling such claim with their books and records, and (ii) reassigning such claim to the Debtor listed under the column heading "Modified Debtor," which corresponds to the particular Debtor that is liable for such claim;

c)   (i) reducing and/or fixing the value of each of the Disputed Claims identified on <u>Exhibit C</u> (the "<u>Modified Amount, Modified Priority Claims</u>") to the dollar value listed under the column heading "Modified Amount," which corresponds to the amount the Debtors believe is owed by the applicable Debtor on account of the Modified Amount, Modified Priority Claims after reconciling such claims with their books and records, and (ii) modifying the priority, in whole or in part, of each of such claims from priority to non-priority as indicated under the column heading "Modified Priority Status";

d)   (i) reducing and/or fixing the value of the Disputed Claim identified on <u>Exhibit D</u> (the "<u>Modified Amount, Reclassified Claim</u>") to the dollar value listed under the column heading "Modified Amount," which corresponds to the amount the Debtors believe is owed by the applicable Debtor on account of the Modified Amount, Reclassified Claim after reconciling such claim with their books and records, and (ii) reclassifying such claim from secured to unsecured as indicated under the column heading "Modified Classification Status";

e)   (i) reducing and/or fixing the value of the Disputed Claim identified on <u>Exhibit E</u> (the "<u>Modified Amount, Modified Debtor, Modified Priority Claim</u>") to the dollar value listed under the column heading "Modified Amount," which corresponds to the amount the Debtors believe is owed by the applicable Debtor on account of the Modified Amount, Modified Debtor, Modified Priority Claim after reconciling such claim with their books and records, (ii) reassigning such claim to the Debtor listed under the column heading "Modified Debtor," which corresponds to the particular Debtor that is liable for such claim, and (iii) modifying the priority, in whole or in part, of such claim from priority to non-priority as indicated under the column heading "Modified Priority Status";  and

46429/0001-7637327V1

f)   authorizing the Claims Agent to modify each of the Disputed Claims on the Claims Register in accordance with the proposed Order.

11.   The Debtors have reviewed Del. Bankr. LR 3007-1 in connection with the preparation of this Objection, and the Debtors believe that this Objection complies with that Rule.

**BASIS FOR OBJECTION**

12.   Section 502(b) of the Bankruptcy Code provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
>
> > (1)   such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1).

13.   The Debtors have objected to each of the 12 Disputed Claims, in the aggregate face amount of $350,197.53 (including certain undetermined amounts), identified on Exhibit A, Exhibit B, Exhibit C, Exhibit D, and Exhibit E attached hereto, on the basis that each of such claims was either (i) asserted in an amount that is higher than the amount of liability reflected in the Debtors' books and records, or (ii) asserted in an amount that is entirely undetermined; however, the documentation filed in support of such claim and/or the Debtors' books and records reflect an amount that the Debtors agree is owed.  If the relief requested herein is granted, the Disputed Claims will be reduced and allowed at the aggregate amount of $220,177.45, reflecting an aggregate reduction of $130,020.08 from the amount currently set forth on the Debtors' Claims Register.

14.   In addition to modifying the claim amount, the Debtors seek to modify each of the Disputed Claims identified on Exhibit B through Exhibit E on one or more of the following other grounds:

6

46429/0001-7637327V1

(i) to modify the Debtor in instances where the claim was filed against the incorrect Debtor or failed to specify the particular Debtor against which the claim is properly asserted;

(ii) to reclassify the claim in instances where the claim was filed as secured but where the supporting documentation, the Debtors' books and records, and/or applicable law indicate the claim is unsecured, and/or

(iii) to modify the priority of the claim in instances where the claim was filed as a priority claim but where the supporting documentation, the Debtors' books and records, and/or applicable law indicate the claim is non-priority.

15.    In most instances, the difference in value between the amounts asserted in the Disputed Claims and the amounts reflected in the Debtors' books and records can be attributed to partial payments made to the creditors in the ordinary course of business prior to the commencement of the Debtors' chapter 11 cases or thereafter based on the authority granted to the Debtors in one or more of the Debtors' "First Day" motions or to a variation in the calculation of the appropriate pro-rata split for invoices covering both the pre- and post-petition period.  In other words, the Debtors believe that many of the Disputed Claims have been satisfied in part and that payment in full of the asserted amount of the relevant claims would result in an overpayment to such creditors.  In certain other instances, the Disputed Claim was either filed without supporting documentation or was asserted as being undetermined in amount, while the Debtors' books and records reflect an amount that the Debtors agree is owed to such creditor. Finally, certain of the Disputed Claims assert the same underlying claim in multiple places on the face of the Proof of Claim, e.g., as a general unsecured claim, a secured claim, and/or a priority claim, such that the total "calculated claim amount" as it appears in the Claims Register is many times higher than what the Debtors believe was the claimant's intended claim amount.  The Debtors have included such claims in the Objection to correct the Claims Register.

16.    Consequently, the Debtors believe that the amount of the Disputed Claims should be modified by reducing and/or fixing the value of such claims to the dollar values listed

7

under the column titled "Modified Amount" on Exhibit A, Exhibit B, Exhibit C, Exhibit D, and

Exhibit E. The Debtors believe that the amounts listed under the column heading "Modified

Amount" on Exhibit A though Exhibit E accurately reflect the amounts owed by the correct

Debtors on account of the Disputed Claims at the correct classification and priority for each of

such claims. A failure to modify these claims as set forth herein and on Exhibit A though

Exhibit E would result in a claimant receiving an unwarranted recovery against the Debtors'

estates to the detriment of other creditors in these chapter 11 cases. Further explanation of the

basis for the relief requested with respect to the Disputed Claims appearing on Exhibits A – E to

this Objection is as follows:

A.    **Modified Amount Claims**

        17.    After reviewing their books and records and the Proofs of Claim filed in

these chapter 11 cases, the Debtors have identified the five (5) Modified Amount Claims on

Exhibit A hereto, in the aggregate face amount of $254,067.98 (including certain undetermined

amounts), each of which is either (i) asserted in an amount that is higher than the amount of

liability reflected in the Debtors' books and records, or (ii) is asserted in an amount that is

entirely undetermined; however, the documentation filed in support of such claim and/or the

Debtors' books and records reflect an amount that the Debtors agree is owed. If the relief

requested herein is granted, the Modified Amount Claims on Exhibit A will be reduced and/or

fixed at and allowed in the aggregate amount of $131,044.36, at the dollar value listed for each

such claim under the column heading "Modified Amount."

B.    **Modified Amount, Modified Debtor Claim**

        18.    After reviewing their books and records and the Proofs of Claim filed in

these chapter 11 cases, the Debtors have identified one (1) Modified Amount, Modified Debtor

Claim on Exhibit B hereto, in the amount of $77,857.05, which (a) was asserted in an amount

8

that is higher than the amount of liability reflected in the Debtors' books and records due to a

partial payment to such creditor on account of such claim, and (b) failed to identify the correct

Debtor against which the claim is properly asserted.

19.    The Debtors seek to modify the Debtor on the Modified Amount,

Modified Debtor Claim because such claim was asserted against a particular Debtor; however,

upon review of the documentation supporting the Proofs of Claim and their own books and

records, the Debtors have determined that the liability for such claims is properly owed by a

different Debtor.  The Debtors propose that the Modified Amount, Modified Debtor Claim be

modified to specify that the claim is asserted against the particular Debtor that is (i) scheduled as

having corresponding liability to the creditor, (ii) identified in the claimant's own supporting

documentation attached to the claim; and/or (iii) reflected in the Debtors' books and records as

having liability to the creditor, as indicated on <u>Exhibit B</u> under the column heading "Modified

Debtor."

20.    The relief requested in this Objection is necessary to permit the Debtors to

reconcile their Claims Register so that it accurately reflects the total liability asserted against

each particular Debtor in these chapter 11 cases.  If the relief requested herein is granted, the

Modified Amount, Modified Debtor Claim on <u>Exhibit B</u> will be reduced and allowed in the

amount of $77,090.47, as listed for such claim under the column heading "Modified Claim

Amount," against the Debtor specified under the column heading "Modified Debtor."

C.    <u>**Modified Amount, Modified Priority Claims**</u>

21.    After reviewing their books and records and the Proofs of Claim filed in

these chapter 11 cases, the Debtors have identified the four (4) Modified Amount, Modified

Priority Claims on <u>Exhibit C</u> hereto, in the aggregate amount of $11,097.50 (including certain

undetermined amounts), each of which (a) was either (i) asserted in an amount that is higher than

the amount of liability reflected in the Debtors' books and records, or (ii) asserted in an amount

that is entirely undetermined; however, the documentation filed in support of such claim and/or

the Debtors' books and records reflect an amount that the Debtors agree is owed; and (b) asserted

that all or a portion of the claim is entitled to priority status under section 507(a) of the

Bankruptcy Code, which the Debtors have determined is inaccurate.

22.    Specifically, the Debtors have determined that the Modified Amount,

Modified Priority Claims are not entitled, under the Bankruptcy Code or applicable non-

bankruptcy law, to the priority set forth in the Proof of Claim.  In most instances, the

documentation submitted in support of the Proof of Claim is insufficient to allow the Debtors to

determine the statutory basis for the asserted priority.  In other instances, the statutory basis for

priority is either not indicated on the face of the Proof of Claim or is not applicable to such

claim.  As a result, the Debtors believe that the priority of these claims should be modified, in

whole or in part, from priority to non-priority as indicated under the column heading "Modified

Priority Status" on Exhibit C.

23.    The relief requested in this Objection is necessary to permit the Debtors to

reconcile their Claims Register so that it accurately reflects the total liability asserted against

each particular Debtor in these chapter 11 cases at the appropriate priority.  If the relief requested

herein is granted, the Modified Amount, Modified Priority Claims on Exhibit C will be reduced

and/or fixed at and allowed in the aggregate amount of $6,671.66, at the dollar value listed for

each such claim under the column heading "Modified Amount," and at the priority specified

under the column heading "Modified Priority Status."

D.    **Modified Amount, Reclassified Claim**

24.    After reviewing their books and records and the Proofs of Claim filed in

these chapter 11 cases, the Debtors have identified one (1) Modified Amount, Reclassified Claim

on Exhibit D hereto, which was asserted in an amount that is entirely undetermined; however, the Debtors' books and records reflect an amount that the Debtors agree is owed; and (b) asserted that all or a portion of the claim is entitled to secured status, which the Debtors have determined is inaccurate.

25.    Specifically, the Debtors have determined that the Modified Amount, Reclassified Claim is not entitled, under the Bankruptcy Code or applicable non-bankruptcy law, to the secured status set forth in the Proof of Claim.  The Modified Amount, Reclassified Claim attached no supporting documentation to allow the Debtors to determine the nature or perfection of the purported security interest, the property against which such purported security interest is asserted, and/or the basis for the purported security interest.  Based on their review of the Proof of Claim and their own books and records, the Debtors believe that this claim should be reclassified from secured to unsecured as indicated under the column heading "Modified Classification Status" on Exhibit D.

26.    The relief requested in this Objection is necessary to permit the Debtors to reconcile their Claims Register so that it accurately reflects the total liability asserted against each particular Debtor in these chapter 11 cases at the appropriate classification.  If the relief requested herein is granted, the Modified Amount, Reclassified Claim on Exhibit D will be fixed at and allowed in the amount of $120.96, as set forth under the column heading "Modified Amount," at the classification specified under the column heading "Modified Classification Status."

E.    **Modified Amount, Modified Debtor, Modified Priority Claim**

27.    After reviewing their books and records and the Proofs of Claim filed in these chapter 11 cases, the Debtors have identified one (1) Modified Amount, Modified Debtor, Modified Priority Claim on Exhibit E hereto, in the amount of $7,175.00, which (a) was asserted

11

in an amount that is higher than the amount of liability reflected in the Debtors' books and

records, (b) failed to specify a particular Debtor against which the claim is properly asserted, and

(c) asserted that all or a portion of the claim is entitled to priority, which the Debtors have

determined is inaccurate.

28.     The Debtors propose that the Modified Amount, Modified Debtor,

Modified Priority Claim be modified to specify that the claim is asserted against the particular

Debtor that is (i) scheduled as having corresponding liability to the creditor, (ii) identified in the

claimant's own supporting documentation attached to the claim, and/or (iii) reflected in the

Debtors' books and records as having liability to the creditor, as indicated on Exhibit E under the

column heading "Modified Debtor."

29.     Additionally, the Debtors have determined that the Modified Amount,

Modified Debtor, Modified Priority Claim is not entitled, under the Bankruptcy Code or

applicable non-bankruptcy law, to the priority set forth in the Proof of Claim, because the

statutory basis for priority asserted in the Proof of Claim, section 507(a)(4) of the Bankruptcy

Code, is not applicable to such claim because the claimant is not an employee of the Debtors.  As

a result, the Debtors believe that the priority of this claim should be modified from priority to

non-priority as indicated under the column heading "Modified Priority Status" on Exhibit E.

30.     The relief requested in this Objection is necessary to permit the Debtors to

reconcile their Claims Register so that it accurately reflects the total liability asserted against

each particular Debtor in these chapter 11 cases at the appropriate priority.  If the relief requested

herein is granted, the Modified Amount, Modified Debtor, Modified Priority Claim on Exhibit E

will be reduced at and allowed in the amount of $5,250.00, as listed for such claim under the

column heading "Modified Amount," against the Debtor specified under the column heading

"Modified Debtor," and at the priority specified under the column heading "Modified Priority Status."

## RESERVATION OF RIGHTS

31.     The Debtors hereby reserve their right to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended or newly-filed claims.  Separate notice and hearing will be provided and scheduled, respectively, for any such objection.

32.     The Debtors hereby reserve their right to adjourn the hearing on this Objection as it pertains to any or all of the Disputed Claims.  In the event that the Debtors so adjourn the hearing, they will state that the hearing on the Objection and/or any response filed in connection therewith has been adjourned on the agenda for the hearing, which agenda will be served on any party affected by such adjournment.

## NOTICE

33.     Notice of this Objection has been provided to:  (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel for the administrative agents for Tribune Company's prepetition loan facilities; (iv) counsel for the administrative agent for the Debtors' postpetition financing facility; (v) the claimants listed on Exhibit A, Exhibit B, Exhibit C, Exhibit D, and Exhibit E; and (vi) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

46429/0001-7637327V1

WHEREFORE, for the reasons set forth herein and on Exhibits A-E attached hereto, the Debtors respectfully request that the Court enter an Order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001 and 3007, and Local Rule 3007-1, (i) modifying each of the Disputed Claims as set forth on Exhibits A-E attached hereto; (ii) authorizing the Claims Agent to modify each of the Disputed Claims on the Claims Register in accordance with the Order; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
       May 26, 2011

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kenneth P. Kansa
Jillian K. Ludwig
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile:  (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION