# EXHIBIT F

## Rodden Declaration

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

TRIBUNE COMPANY, et al.,[1]

Debtors.

Chapter 11

Case No. 08-13141 (KJC)

Jointly Administered

## DECLARATION OF JOHN RODDEN IN SUPPORT OF DEBTORS' FORTY-FIFTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS

I, John Rodden, declare as follows:

1.      I am a Vice President of Tribune Company, one of the debtors and debtors

in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the

"Debtors"), and the ultimate parent of the other Debtors.  In this position I am responsible—

together with the other members of the Debtors' management—for the management and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

oversight of the Debtors' restructuring efforts and business operations. I am generally familiar with the Debtors' day-to-day operations, financing arrangements, business affairs and books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amount thereof owed to their creditors.

2.    I have read the Debtors' Forty-Fifth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007-1, and Local Rule 3007-1 (the "Objection")[2] and am directly, or by and through the Debtors' personnel and advisors, familiar with the information contained therein and Exhibit A, Exhibit B, Exhibit C, Exhibit D, and Exhibit E, attached thereto. I am authorized to submit this declaration (the "Declaration") in support of the Objection.

3.    All matters set forth in this Declaration are based on: (a) my personal knowledge, (b) my review of relevant documents, (c) my view, based on my experience and knowledge of the Debtors' operations and personnel, (d) information supplied to me by others at the Debtors' request, or (e) as to matters involving United States bankruptcy law or rules or other applicable laws, my reliance on the advice of counsel or other advisors to the Debtors. If called upon to testify, I could and would testify competently to the facts set forth herein.

4.    Considerable time and resources have been expended to review and reconcile the proofs of claim (the "Proofs of Claim") filed against the Debtors in these chapter 11 cases against their Books and Records. Upon review of the Proofs of Claim filed in these chapter 11 cases and supporting documentation attached thereto, and their own Books and Records, which the Debtor believe to be accurate, the Debtors have determined that the Disputed Claims listed on Exhibit A, Exhibit B, Exhibit C, Exhibit D, and Exhibit E, to the Objection and to the proposed form of order submitted therewith are not properly asserted pursuant to section 502(b)

---

[2] All capitalized terms used but not defined herein shall have the meaning ascribed to them in the Objection.

2

of the Bankruptcy Code and applicable orders of the Bankruptcy Court. Specifically, the claims set forth on those exhibits are not properly asserted as to amount and/or as to the Debtor against which claims are asserted, the claim classification, and/or the claim priority. Accordingly, the Debtors have objected to each of the Disputed Claims listed on Exhibit A, Exhibit B, Exhibit C, Exhibit D, and Exhibit E to reduce, fix, reassign, change the classification of and/or change the priority of such claims as described in detail in the Objection and for the reasons set forth below:

A.    **Modified Amount Claims**

5.    To the best of my knowledge, information, and belief, each of the claims identified in Exhibit A to the Objection (the "Modified Amount Claims") was either (a) asserted in an amount that is higher than the amount of liability reflected in the Debtors' books and records, or (b) asserted in an amount that is entirely undetermined; however, the documentation filed in support of such claim and/or the Debtors' books and records reflect an amount that the Debtors agree is owed. The amount set forth on Exhibit A reflects the amounts that the Debtors agree are owed.

B.    **Modified Amount, Modified Debtor Claim**

6.    To the best of my knowledge, information, and belief, the claim identified in Exhibit B to the Objection (the "Modified Amount, Modified Debtor Claim") was (a) asserted in an amount that is higher than the amount of liability reflected in the Debtors' books and records due to a partial payment to such creditor on account of such claim, and (b) failed to identify the correct Debtor against which the claim is properly asserted. The amount set forth on Exhibit B reflects the amount that the Debtors agree is owed.

C.    **Modified Amount, Modified Priority Claims**

7.    To the best of my knowledge, information, and belief, each of the claims identified in Exhibit C to the Objection (the "Modified Amount, Modified Priority Claims") (a)

3

was either (i) asserted in an amount that is higher than the amount of liability reflected in the Debtors' books and records, or (ii) asserted in an amount that is entirely undetermined; however, the documentation filed in support of such claim and/or the Debtors' books and records reflect an amount that the Debtors agree is owed; and (b) asserted that all or a portion of the claim is entitled to priority status, which the Debtors have determined is inaccurate. The amounts set forth on Exhibit C reflects the amounts that the Debtors agree are owed.

### D.    Modified Amount, Reclassified Claim

8.    To the best of my knowledge, information, and belief, the claim identified in Exhibit D to the Objection (the "Modified Amount, Reclassified Claim") (a) was asserted in an amount that is entirely undetermined; however, the Debtors' books and records reflect an amount that the Debtors agree is owed; and (b) asserted that all or a portion of the claim is entitled to secured status, which the Debtors have determined is inaccurate. The amount set forth on Exhibit D reflects the amount that the Debtors agree is owed.

### E.    Modified Amount, Modified Debtor, Modified Priority Claim

9.    To the best of my knowledge, information, and belief, the claim identified in Exhibit E to the Objection (the "Modified Amount, Modified Debtor, Reclassified Claim") (a) was asserted in an amount that is higher than the amount of liability reflected in the Debtors' books and records, (b) failed to specify a particular Debtor against which the claim is properly asserted, and (c) asserted that all or a portion of the claim is entitled to priority, which the Debtors have determined is inaccurate. The amount set forth on Exhibit E reflects the amount that the Debtors agree is owed.

[Signature Page Follows]

4

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 26 day of May 2011.

By: John Rodden