# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br>Hearing Date: July 26, 2011 at 1:00 p.m. ET<br>Objection Deadline: June 21, 2011 at 4:00 p.m. ET |

## APPLICATION OF HINCKLEY, ALLEN & SNYDER LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED AS ORDINARY COURSE COUNSEL TO THE DEBTORS DURING THE PERIOD FROM JULY 1, 2010 THROUGH AUGUST 31, 2010

Hinckley, Allen & Snyder LLP ("Hinckley"), litigation counsel for the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully submits this application (the "Application"), pursuant to (i) sections 327, 331, and 503 of title 11 of the United States Code (the "Bankruptcy Code"), (ii) Rule 2016 of the Federal

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (iv) the Order Authorizing the Debtors to Retain, Employ, and Compensation Certain Professionals Utilized by the Debtors in the Ordinary Course of Business (D.I. 227) (the "OCP Order"), (v) the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (D.I. 225) (the "Interim Compensation Order"), as amended, and (vi) the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications (D.I. 546) (the "Fee Examiner Order") for (a) the allowance of fees in the aggregate amount of $56,785.50 and expenses in the aggregate amount of $363.02 for services rendered to the Debtors during the period from July 1, 2010 through August 31, 2010; (b) authorizing Hinckley to retain amounts previously paid to it by the Debtors on account of such fees and expenses (as discussed at paragraph 11, infra) and (c) for the limited waiver of the procedures for the approval and payment of professional compensation and consideration of fee applications set forth in the Interim Compensation Order and the Fee Examiner Order with respect to this Application (as discussed at paragraph 16, infra). In support of the Application, Hinckley respectfully states as follows:

## BACKGROUND OF THE CASES

1. On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 111 entities.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). (D.I. 43, 2333.)

3. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee").

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 327, 331, and 503 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-2 of the Local Rules.

## PROCEDURAL BACKGROUND FOR THE APPLICATION

6. On December 26, 2008, the Debtors filed the Motion for an Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code (D.I. 148) (the "OCP Motion"). In the OCP Motion, the Debtors sought approval of this Court to employ and retain the Ordinary Course Professionals[3] to provide

---

[3] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the OCP Motion and OCP Order.

services to the Debtors as necessary for the day-to-day operations of the Debtors' businesses on terms substantially similar to those in effect prior to the Petition Date. Exhibit A to the OCP Motion contained a list of such Ordinary Course Professionals sought to be retained by the Debtors, including Hinckley.[4] On January 15, 2009, this Court granted the OCP Order approving procedures for the employment, retention, and compensation of the Ordinary Course Professionals. (D.I. 227.)

7. Retention and compensation of the Ordinary Course Professionals is subject to the terms and conditions described in the OCP Order, including a Monthly Cap on the fees permitted to be paid to such Ordinary Course Professionals, per month on average over a rolling three-month period for Monthly Caps that are less than $50,000 per month, or a rolling two-month period for Monthly Caps of $50,000 per month. Expenses are not considered for the purpose of calculating the applicable Monthly Cap. Hinckley was retained by the Debtors with respect to certain First Amendment, media, corporate, and general litigation matters involving Debtor The Hartford Courant Company, publisher of the Hartford Courant newspaper (collectively, the "Litigation Matters") in the ordinary course of business, with a Monthly Cap of $25,000.00.[5]

8. The OCP Order provides that in the event the fees incurred and invoiced by any Ordinary Course Professional exceed the applicable Monthly Cap, such Ordinary Course Professional shall be required to seek the Court's approval of all fees invoiced for that month in

---

[4] Exhibit A to the OCP Motion has been subsequently supplemented and amended by the Debtors to add additional Ordinary Course Professionals or to seek increases to the Monthly Cap applicable to existing Ordinary Course Professionals. (See D.I. 544, 877, 1086, 1756, 1826, 1887, 2283, 2412, 2865, 3222, 3861, 4214, 4607, 4614, 4845, 5395, 5846, 7236, 7545, 7820, 8310, and 8788.)

[5] Hinckley's Monthly Cap has subsequently been increased to $48,000. (See D.I. 7820.)

accordance with the procedures set forth in the Interim Compensation Order and the Fee Examiner Order.

## BACKGROUND CONCERNING THE RELIEF REQUESTED

9. The Litigation Matters on which Hinckley represents the Debtors include the defense of an ongoing appeal from a trial court's order denying the continued sealing of an arrest warrant affidavit; filing of court motions to protect the media's and the public's right to access proceedings and documents in a capital murder case; and filing of an appeal regarding access to public information regarding the former Mayor of Hartford.

10. During the period covered by this Application, Hinckley represented the Debtors with respect to various Litigation Matters that have arisen or have resulted in an increase in activity during the period covered by this Application and corresponding unanticipated legal costs subsequent to the Petition Date. For example, these matters have required Hinckley to undertake extensive work drafting and filing a brief to the Connecticut Supreme Court in the matter of State v. Gault. Those representations of the Debtors by Hinckley, taken together with Hinckley's representations of the Debtors in connection with the pre-existing Litigation Matters, caused Hinckley's fees to exceed the Monthly Cap of $25,000.00 in each of the months of July and August 2010, inclusive. The Debtors have reviewed invoices submitted to them by Hinckley for fees incurred during the months of July and August 2010 and has approved as necessary and proper fees in the aggregate amount of $56,785.50. For the two month period from July 2010 through August 2010, the Debtors have determined that Hinckley has exceeded its applicable Monthly Cap by $7,283.50 in the aggregate; accordingly, the Debtors have advised Hinckley that it must file the instant Application. The fees and expenses incurred by Hinckley with respect to the Litigation Matters during the period covered by this Application are set forth below.

### A. Fees and Expenses Incurred in July 2010

11. The Debtors previously approved as necessary and proper fees incurred by Hinckley in the months of May 2010 and June 2010 in the amounts of $10,321.00 and $21,523.00, respectively. The Debtors then approved as necessary and proper fees incurred by Hinckley in the month of July 2010 in the amount of $12,611.50. Accordingly, at the time the Debtors approved the initial fees incurred by Hinckley for the month of July 2010, Hinckley was within the applicable three-month rolling cap for such fees. The Debtors have paid Hinckley $12,611.50 in fees and $72.50 in expenses on account of services rendered in July 2010.

12. Subsequently, the Debtors received an additional invoice for fees incurred by Hinckley during July 2010 in the amount of $34,519.50. The Debtors have reviewed this invoice and have approved the fees and expenses set forth therein as reasonable and necessary. As a result of this additional invoice, however, the Debtors have informed Hinckley that it has exceeded its Monthly Cap over the applicable three-month period (i.e., May through July 2010) by $3,975.00. The Debtors have advised Hinckley that because the aggregate fees incurred in the month of July 2010 exceeded the firm's applicable Monthly Cap, Hinckley is required to seek the Court's allowance of the entire amount of the firm's July 2010 invoices. Accordingly, by this Application, Hinckley hereby requests the allowance of fees in the amount of $47,131.00 and expenses in the amount of $217.27 for services rendered to the Debtors during the period from July 1, 2010 through July 31, 2010.

### B. Fees and Expenses Incurred in August 2010

13. The Debtors have reviewed invoices submitted to them by Hinckley for fees incurred during the month of August 2010 and has approved as necessary and proper fees incurred by Hinckley in the month of August 2010 in the aggregate amount of $9,654.50. As

noted above, the Debtors ultimately approved fees incurred by Hinckley in the months of June 2010 and July 2010 in the amounts of $21,523.00 and $47,131.00, respectively. The Debtors have informed Hinckley that it has exceeded its Monthly Cap over the applicable three-month period, (i.e., June through August 2010) by $3,308.50. The Debtors have advised Hinckley that because the aggregate fees incurred in the month of August 2010 exceeded the firm's applicable Monthly Cap, Hinckley is required to seek the Court's allowance of the entire amount of the firm's August 2010 invoices. Accordingly, by this Application, Hinckley hereby requests the allowance of fees in the amount of $9,654.50 and expenses in the amount of $145.78 for services rendered to the Debtors during the period from August 1, 2010 through August 31, 2010.

## RELIEF REQUESTED

14. By this Application, Hinckley seeks the allowance of fees in the amount of $56,785.50 and expenses in the amount of $363.02 for services rendered to the Debtors during the period from July 1, 2010 through August 31, 2010. Additionally, Hinckley requests authorization to retain amounts previously paid to it by the Debtors on account of such fees and expenses and a limited waiver of the procedures for the approval and payment of professional compensation and consideration of fee applications set forth in the Interim Compensation Order and the Fee Examiner Order with respect to this Application. Additional information as required by Local Rule 2016-2(c), (d), and (e) relating to the fees and expenses requested herein is provided on Exhibits A-C to this Application.

## BASIS FOR RELIEF REQUESTED

15. The net effect of the increased activity in the various Litigation Matters on which Hinckley represents the Debtors in the months of July and August 2010 has been a correspondingly greater-than-anticipated expenditure of time and services by Hinckley. Hinckley contends that the services rendered have been fair and reasonable and well within the

range of fees that would be charged by litigation counsel for matters of this type. Further, Hinckley submits that the Debtors' estates have benefitted from the legal services that Hinckley has provided to the Debtors with respect to the Litigation Matters.

### A. Request for Limited Waiver of Interim Compensation Procedures

16. In the past, this Court has granted limited waivers of the otherwise-applicable procedures for compensation and reimbursement of expenses for professionals and consideration of fee applications set forth in this Court's Interim Compensation Order and Fee Examiner Order with respect to fee applications submitted by the Debtors' Ordinary Course Professionals.[6] Hinckley respectfully submits that good cause similarly exists for the Court to grant a limited waiver from such procedures to reduce the additional costs and delay of obtaining approval and payment of such amounts, solely for the purpose of permitting the Debtors to pay Hinckley the full amount of the fees and expenses it incurred during the period from July 1, 2010 through August 31, 2010, rather than requiring Hinckley to seek approval of its fee on an interim basis subject to a 20% holdback and to seek the Court's allowance of such fees and expenses on

---

[6] See, e.g., Order Allowing Compensation and Reimbursement of Expenses to SNR Denton US LLP for Services Rendered as Ordinary Course Counsel to the Debtors During the Period From July 1, 2010 through August 31, 2010 (D.I. 8704); Order Allowing Compensation and Reimbursement of Expenses to Hunton & Williams LLP for Services Rendered as Ordinary Course Counsel to the Debtors for Certain Litigation Matters During the Prior From May 1, 2010 through July 31, 2010 (D.I. 7454); Order Allowing Compensation and Reimbursement of Expenses to David Wright Tremaine LLP for Services Rendered as Ordinary Course Counsel to the Debtors During the Period From March 1, 2010 through June 30, 2010 (D.I. 6576); Order Granting First and Final Application of Day Pitney LLP for Compensation and Reimbursement of Expenses (D.I. 5690); Order Allowing Payment of Compensation to Downey, Smith & Fier For Services Rendered to Debtor Los Angeles Times Communications LLC in the Ordinary Course of Business (D.I 5433); Order Allowing Compensation and Reimbursement of Expenses to Levine Sullivan Koch & Schultz as Ordinary Course Counsel to the Debtors for Certain Litigation Matters (D.I. 5313); Order Allowing Compensation and Reimbursement of Expenses to Offit Kurman as Ordinary Course Counsel to the Debtors for Certain Labor-Related Matters (D.I. 4773); Order Allowing Compensation to Thomas & LoCicero PL for Services Rendered as Ordinary Course Counsel to the Debtors for Certain Litigation Matters (D.I. 4411); Order Allowing Compensation to Corporate Tax Management, Inc. for Services Rendered as Tax Advisors to Debtor Los Angeles Times Communication LLC in the Ordinary Course of Business (D.I. 3807); Order Allowing Payment of Fees and Expenses to Horwood, Marcus & Berk Chartered for Services Rendered to the Debtors in the Ordinary Course of Business (D.I. 3425); Order Allowing Payment of Contingency Fee to Downey, Smith & Fier For Services Rendered to Debtor Los Angeles Times Communications LLC in the Ordinary Course of Business (D.I. 849).

a quarterly basis subject to the Fee Examiner's review and report. Such fees and costs were incurred several months prior to when the Debtors determined that it would be necessary for Hinckley to file this Application to seek the Court's approval of the fees requested, and Hinckley understands that it may be several additional months before this Court will consider professionals' fee applications for the period covered by this Application. In the alternative, Hinckley requests that the Court consider this Application at the next hearing scheduled for the consideration of interim fee applications.

### B. Payment from Debtors; No Sharing of Compensation

17. Hinckley has received no payment and no promises of payment from any source other than the Debtors for services rendered as an Ordinary Course Professional to the Debtors in these chapter 11 cases. There is no agreement between Hinckley and any other party for the sharing of compensation to be received for the services rendered by Hinckley to the Debtors. All professional and paraprofessional services for which compensation is sought herein were rendered solely for or on behalf of the Debtors.

### REVIEW OF APPLICABLE LOCAL RULE

18. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with the requirements of Local Rule 2016-2.

19. The undersigned further certifies that the Debtors have had an opportunity to review this Application before it was filed with the Court.

### NO PRIOR REQUEST

20. No previous application with respect to the relief requested herein has been made to this or any other Court.

WHEREFORE, after appropriate notice and hearing, Hinckley respectfully requests the Court enter an order (i) allowing fees in the aggregate amount of $56,785.50 and expenses in the amount of $363.02 for services rendered to the Debtors during the period from July 1, 2010 through August 31, 2010; (ii) authorizing Hinckley to retain amounts previously paid to it by the Debtors on account of such fees and expenses, (iii) waiving the procedures for compensation and reimbursement of expenses for professionals and consideration of fee applications set forth in this Court's Interim Compensation Order and Fee Examiner Order with respect to this Application, and (iv) granting such further relief as is just and proper.

Dated: May 31, 2011

Respectfully submitted,

William S. Fish, Jr.
Hinckley, Allen & Snyder LLP
20 Church Street
Telephone: (860) 725-6200
Facsimile: (860) 278-3802