

**ZUCKERMAN SPAEDER LLP**

1800 M STREET, NW  SUITE 1000
WASHINGTON, DC 20036-5807
202.778.1800   202.822.8106 fax   www.zuckerman.com

James Sottile
Partner
(202) 778-1894
jsottile@zuckerman.com

June 2, 2011

**BY HAND**

The Honorable Kevin J. Carey
United States Bankruptcy Court for the District of Delaware
824 Market Street
5th Floor
Wilmington, DE 19801

    Re:    In re Tribune Company, et al., Debtors (Case No. 08-13141) - Request for Telephonic Hearing

Dear Judge Carey:

As the Court is aware, this firm is special counsel to the Official Committee of Unsecured Creditors (the "Committee"), one of the proponents of the Debtor/Committee/Lender Plan [D.I. 8580] in the above-referenced case. We write on behalf of the proponents of that Plan (the "DCL Plan Proponents") to request that this Court schedule a telephonic hearing at the Court's earliest convenience to address an issue that has arisen with respect to motions due to be filed tomorrow, June 3, 2011, pursuant to the Order Establishing Procedures Related to the Post-Confirmation Hearing Admission of Evidence and Resolution of Evidentiary Objections, which was entered by the Court on May 6, 2011 [D.I. 8843] (the "Order").

The Order sets forth two presumptions concerning admissibility of exhibits. First, certain statements by or on behalf of a Plan Proponent are presumed to be admissions. Order, ¶ 2. Second, all exhibits are presumed to be admissible for all purposes other than the truth. Order, ¶ 3. The Order further provides that if a Plan Proponent wishes to offer an exhibit for truth, it had to identify any such exhibits by May 6, 2011, at which point the parties would confer and seek to resolve any objections. Order, ¶ 4. If the parties were unable to resolve such objections, motions "concerning the admissibility/use of Exhibit List Documents that are not resolved shall be filed by June 3, 2011 and any responses to such motions shall be filed by June 9, 2011." Order, ¶ 7.

The DCL Plan Proponents and the Noteholders disagree as to which party has the burden to file a motion with respect to exhibits that a party contends should be treated differently from the presumptions on admissibility provided in the Order. The DCL Plan Proponents contend that the party arguing that an exhibit should be treated differently from the presumptions set forth in the



Order has the burden of filing a motion explaining why different treatment is warranted, while the Noteholder Plan Proponents take the opposite view.

The particular exhibits at issue are documents offered by the Noteholders that the DCL Plan Proponents have objected to on hearsay grounds. The Noteholders identified such documents pursuant to the Order as ones they wished to have admitted for all purposes and thus treated differently from the presumptions provided in the Order. The Noteholders contend that various hearsay exceptions apply to such documents making them admissible for all purposes, including the truth. The parties have met and conferred concerning the documents at issue but have been unable to resolve their dispute.

The law in the Third Circuit and generally is that the party arguing for admission of a document over a hearsay objection bears the burden of proving that the document is nonhearsay or that an exception to the hearsay rule applies. Lippay v. Christos, 996 F.2d 1490, 1497 (3d Cir. 1993); David v. Pueblo Supermarket of St. Thomas, 740 F.2d 230, 235 (3d Cir. 1984). Given this precedent, and the fact that documents are admissible pursuant to the Order only if the hearsay objections asserted with respect to them are overruled (Order ¶ 8), it necessarily follows that the party that contends that documents should be admissible for purposes other than the purposes presumed by the Order, and that seeks to establish the applicability of a hearsay exception to that end, should bear the burden of filing a motion "concerning the admissibility/use" of the exhibits. Order ¶ 7.

Indeed, any other approach would make the Order's procedures, crafted to provide the Court with a clear record on which to decide disputed issues on admissibility, entirely unhelpful to the Court. If, for example, the parties were to follow the approach advocated by the Noteholders, the DCL Plan Proponents would file a motion stating what is undisputed – that the exhibits the Noteholders seek to have admitted for all purposes are hearsay. The Noteholders, who have the burden of showing that a hearsay exception applies, would then present -- for the first time -- their hearsay exception arguments in their response brief, leaving the DCL Plan Proponents with no opportunity to respond. Such a result is fundamentally unsound and would not be of assistance to the Court since the disputed issue – whether hearsay exceptions apply – would be briefed only by the Noteholders.

Recognizing that the current deadline for motions is tomorrow, June 3, and that the substance of the motions depends on the Court's resolution of the issue set forth in this letter, the DCL Plan Proponents and the Noteholders have agreed, subject to the Court's approval, that the deadline for motions under Paragraph 7 of the Order should be extended to 4:00 p.m. on Monday, June 6,

2011. The date for responses would remain Thursday, June 9, ensuring that the Court will have the benefit of full briefing on the motions at the same time as provided in the Order.

Very truly yours,

James Sottile

cc: All counsel entitled to notice under Paragraph 35 of the CMO