## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### FEE EXAMINER'S FINAL REPORT REGARDING THE SEVENTH
### INTERIM FEE APPLICATION OF ALVAREZ & MARSAL NORTH AMERICA, LLC

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing*

*Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses*

*for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner**

**Order**") in connection with the *Seventh Interim Fee Application of Alvarez & Marsal North*

*America, LLC* [Docket No. 5949] (the "**Fee Application**"). The Fee Application seeks approval of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

fees that total $1,587,386.50 and reimbursement of expenses that total $1,034.59 for the period from June 1, 2010 through August 31, 2010.  Alvarez & Marsal North America, LLC ("**A&M**") acts as restructuring advisors to the Debtors and Debtors-in-Possession.

## Background

1.      On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**"), each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' Chapter 11 cases for procedural purposes only.

2.      On December 26, 2008, the Debtors filed the *Application of the Debtors Pursuant to 11 U.S.C. § 327(a) for Entry of an Order Authorizing the Employment and Retention of Alvarez & Marsal North America, LLC as Restructuring Advisors, Nunc Pro Tunc to the Petition Date* [Docket No. 140] (the "**Retention Application**").  By order dated February 11, 2009, this Court approved the retention of A&M (see Docket No. 362) (the "**Retention Order**").

3.      A&M submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members under 11 U.S.C. §§ 105(a) and 331* [Docket No. 225] (the "**Interim Compensation Order**").

## Applicable Standards

4.      In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

5.      The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure

(the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**").  In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6.    Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*.  In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F)*.

7.    A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred.  A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules.  Moreover, the exercise of billing judgment is an inherent and unavoidable component of every fee application.  A fee

applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

8.       The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to A&M for review and comment.   The firm submitted to the Fee Examiner a written response to the Preliminary Report.   After consideration of the additional information provided by the firm, the Fee Examiner now issues this final report (the **"Final Report"**) "in a format designed to opine whether the requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines."

## DISCUSSION OF FINDINGS

### Technical Requirements

9.       **Reconciliation of Fees and Expenses.**   The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application (**"Fees Requested"** and **"Expenses Requested"**) to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm (**"Fees Computed"** and **"Expenses Computed"**).   The Fee Examiner determined that the Fees Requested exceed the Fees Computed by $67.50, resulting in an apparent overcharge.   The discrepancy is the result of task hours within two entries that do not equal the time billed for the entries as a whole, as displayed in **Exhibit A.**[2]   In response to the Preliminary Report, A&M acknowledged the inadvertent overcharge and agreed to a fee reduction of $67.50.

---

[2] This Final Report includes exhibits that detail and support the findings discussed herein.   Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits.   For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

The Fee Examiner determined that there is no discrepancy between the Expenses Requested and the Expenses Computed. The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

10. **Block Billing.**[3] The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*. The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[4] With the exception of a single timekeeper whose activities and entries were discussed between the firm and the Fee Examiner, A&M did not invoice block billed fee entries.

11. **Potential Double Billing.** Potentially double billed entries are tasks that appear to be duplicated (*i.e.*, invoiced on the same date by the same timekeeper with identical or nearly identical descriptions and time increments). The Fee Examiner identified a few fee entries that, though the entries state different time increments, may have been double billed. The entries were displayed in **Exhibit B** to the Preliminary Report. The Fee Examiner requested that the firm review the entries and confirm whether any task was inadvertently billed twice.

In response, the firm reviewed the entries in question and determined that the entries were not double billed but instead a continuation of work on related matters. A&M provided an exhibit containing additional detail for the each of the task descriptions. After review of same, and given that

---

[3] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing. Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry. As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry. This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

[4] The judicial response to block billing varies. Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007). Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

the questioned entries were not recorded in identical time amounts, the Fee Examiner makes no recommendation for a fee reduction.  Exhibit B is omitted from this report.

12.    **Time Increments.**  The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*.  The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*.  The Fee Examiner confirmed that the firm recorded time entries in tenths of an hour.

### Review of Fees

13.    **Firm Staffing.**  The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*.  The Fee Application provided the names, positions, and hourly rates of the 19 A&M professionals and paraprofessionals who billed to this matter, consisting of 6 managing directors, 4 directors, 1 manager, 4 senior associates, 1 associate, 1 consultant, 1 analyst, and 1 paraprofessional.   A summary of hours and fees billed by each timekeeper is displayed in **Exhibit C.**

The firm billed a total of 3,663.80 hours with associated fees of $1,587,319.00.[5]  The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Managing Director | 538.50 | 15% | $  369,415.00 | 23% |
| Director | 950.30 | 26% | 431,452.50 | 27% |
| Manager | 30.80 | * | 12,320.00 | * |
| Senior Associate | 1,107.30 | 30% | 454,580.00 | 29% |
| Associate | 498.20 | 14% | 174,370.00 | 11% |
| Consultant | 4.30 | * | 1,397.50 | * |

[5] This amount reflects the Fees Computed.

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Analyst | 494.70 | 13% | 136,042.50 | 9% |
| Paraprofessional | 39.70 | 1% | 7,741.50 | * |
| TOTAL | 3,663.80 | 100% | $1,587,319.00 | 100% |

* Less than 1%

The blended hourly rate for the A & M professionals is $435.85 and the blended hourly rate for professionals and paraprofessionals is $433.24.

14. **Hourly Rate Increases.** A&M did not increase the hourly rate of any timekeeper during the interim period.

15. **Timekeepers' Roles.** A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4)*. With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts. Each A&M timekeeper appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.

16. **Meetings, Conferences, Hearings, and Other Events.** The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" (*Local Rule 2016-2(d)(ix)*), and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*. While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified occasions where two or more A&M timekeepers attended the same meeting, conference, hearing, or other event. Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the

need for multiple attendees.  The entries, totaling 103.10 hours with $56,194.50 in associated fees, were provided to the firm in **Exhibit D** to the Preliminary Report.  In each instance where multiple timekeepers attended a meeting, conference, hearing or other event, we identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the individual leading rather than observing a conference).   The potentially duplicative and unnecessary timekeepers' entries total 58.90 hours with $27,734.50 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit.  The Fee Examiner requested that the firm provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event.

A&M responded to the Fee Examiner's request first by asserting that the firm endeavors to minimize the number of attendees at any meeting but balances that goal against the scope of each meeting and in light of requests of the Debtors' management.  A&M then provided additional context regarding the complexities of the cases and the firm's duties, as well as additional information on the experience, expertise, and role of the individuals who appeared prominently in the exhibit.  The additional information provided by A&M brings the Fee Application into substantial compliance with the Local Rules and UST Guidelines, and accordingly the Fee Examiner makes no recommendation for a fee reduction.  Exhibit D is omitted from this report.

17.     **Intraoffice Conferences.**  Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel.  The Fee Examiner identified intraoffice conferences totaling 193.00 hours with $87,000.00 in associated fees, or approximately 5% of the Fees Computed as displayed in **Exhibit E** to the Preliminary Report. The Fee Examiner requested that the firm limit fees resulting from intraoffice communication, but makes no recommendation for a related fee reduction.  Exhibit E is omitted from this report.

18.     **Complete and Detailed Task Descriptions.**  Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any

portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*. The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*. With minimal exceptions, A&M timekeepers sufficiently described the activities performed.

19.    **Administrative Activities.** Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. The Fee Examiner did not identify any fee entries describing administrative activities.

20.    **Clerical Activities.** Clerical activities are tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel[6] or tasks with a market value less than the rate charged by the firm. The Fee Application did not contain any activities that appeared clerical in nature.

21.    **Travel.** The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*. The Fee Application included no entries describing travel.

---

[6] "Duties appropriate for office staff are considered part of a professional's overhead expenses and may not be billed to the estate." *Fibermark*, 349 B.R. at 397; *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758 769 (Bankr. E.D.N.Y. 2005) (overhead not compensable); *but see Bennett Funding*, 213 B.R. at 247-48 (discussing differing approaches to clerical work at professional rates). These overhead activities may include: mailing; photocopying, word processing (including the creation of templates), formatting, creating spreadsheets, printing, organizing files, checking for docket updates, creating binders, and secretarial overtime. *Fibermark*, 349 B.R. at 396-97.

22.    **A&M Retention/Compensation.**    A&M billed 51.20 hours with associated fees of $13,319.00 to prepare the firm's retention documents and applications for compensation, less than 1% of the Fees Computed.    The fee entries describing A&M's retention/compensation activities are displayed in **Exhibit F**, which is included in this Final Report for the Court's reference.

### Review of Expenses

23.    **Itemization of Expenses.**    The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*.    The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.    Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*.    A&M provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.    The Fee Examiner found no non-compliant or otherwise objectionable expense items.

### Conclusion

The Fee Examiner submits this final report regarding the Fee Application and the fees and expenses discussed above.    The Fee Examiner recommends the approval of fees in the amount of $1,587,319.00 ($1,587,386.50 minus $67.50) and reimbursement of expenses in the amount of $1,034.59 for the period from June 1, 2010 through August 31, 2010. The findings are summarized in the attached Appendix A.

Respectfully submitted,

**STUART MAUE**

By: _____

W. Andrew Dalton
3840 McKelvey Road
St. Louis, Missouri  63044
Telephone:  (314) 291-3030
Facsimile:  (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

**APPENDIX A**

## ALVAREZ & MARSAL NORTH AMERICA, LLC
### SUMMARY OF FINDINGS
#### Seventh Interim Fee Application (June 1, 2010 through August 31, 2010)

##### A.    Amounts Requested and Computed

| | | |
|---|---|---|
| Fees Requested | $1,587,386.50 | |
| Expenses Requested | 1,034.59 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $1,588,421.09 |
| | | |
| Fees Computed | $1,587,319.00 | |
| Expenses Computed | 1,034.59 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $1,588,353.59 |
| | | |
| Discrepancy in Fees | $    67.50 | |
| | | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $    67.50 |

##### B.    Recommended Fee Allowance and Expense Reimbursement

| | | |
|---|---|---|
| Fees Requested | $1,587,386.50 | |
| *Agreed Reduction for Discrepancy in Fees* | *($67.50)* | |
| Subtotal | *($67.50)* | |
| | | |
| RECOMMENDED FEE ALLOWANCE | | $1,587,319.00 |
| | | |
| Expenses Requested | $1,034.59 | |
| | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 1,034.59 |
| | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $1,588,353.59 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 2nd day of June, 2011.

Joseph J. McMahon, Jr., Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Mr. James F. Conlan
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Thomas E. Hill, Esq.
Alvarez & Marsal North America, LLC
55 West Monroe Street, Suite 4000
Chicago, IL 60603

W. Andrew Dalton

**EXHIBIT A**
**DISCREPANCY SCHEDULE**
**Alvarez & Marsal North America, LLC**

| Invoice Number | Entry Number | Matter | Timekeeper Name | Entry Date | Rate | Hours Billed | Hours Computed | Fees Billed | Fees Computed | Hour Difference | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Overcharges** | | | | | | | | | | | |
| 073110-60 | 462 | Claims | Kotarba | 05/17/10 | $575.00 | 1.80 | 1.60 | $ 1,035.00 | $ 920.00 | 0.20 | $ 115.00 |
| | | | | | | | | **Total Overcharges** | | **0.20** | **$ 115.00** |
| **Undercharges** | | | | | | | | | | | |
| 083110-60 | 531 | Claims | Stone | 08/04/10 | $475.00 | 0.50 | 0.60 | $ 237.50 | $ 285.00 | (0.10) | $ (47.50) |
| | | | | | | | | **Total Undercharges** | | **(0.10)** | **$ (47.50)** |
| | | | | | | | | **Net Total Discrepancy** | | **0.10** | **$ 67.50** |

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

### COMPUTED AT STANDARD RATES

**Alvarez & Marsal North America, LLC**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| BWHI | Whittman, Brian | MANAG DIRECTOR | $675.00 | $675.00 | 413.60 | $279,180.00 |
| THIL | Hill, Tom | MANAG DIRECTOR | $750.00 | $750.00 | 90.00 | $67,500.00 |
| SKOT | Kotarba, Steve | MANAG DIRECTOR | $575.00 | $575.00 | 19.90 | $11,442.50 |
| JEAS | Easterday, John | MANAG DIRECTOR | $745.00 | $745.00 | 9.00 | $6,705.00 |
| GKOU | Koutouras, George | MANAG DIRECTOR | $775.00 | $775.00 | 5.50 | $4,262.50 |
| ALAK | Lakhani, Al | MANAG DIRECTOR | $650.00 | $650.00 | 0.50 | $325.00 |
| No. of Billers for Position: 6 | | Blended Rate for Position: | $686.01 | | 538.50 | $369,415.00 |
| | | | | % of Total: | 14.70% | % of Total: 23.27% |
| RSTO | Stone, Richard | DIRECTOR | $475.00 | $475.00 | 534.70 | $253,982.50 |
| JEHR | Ehrenhofer, Jodi | DIRECTOR | $425.00 | $425.00 | 402.00 | $170,850.00 |
| DTRA | Trapp, Deanna | DIRECTOR | $490.00 | $490.00 | 12.50 | $6,125.00 |
| MZEI | Zeiss, Mark | DIRECTOR | $450.00 | $450.00 | 1.10 | $495.00 |
| No. of Billers for Position: 4 | | Blended Rate for Position: | $454.02 | | 950.30 | $431,452.50 |
| | | | | % of Total: | 25.94% | % of Total: 27.18% |
| TMAT | Matarelli, Thomas | MANAGER | $400.00 | $400.00 | 30.80 | $12,320.00 |
| No. of Billers for Position: 1 | | Blended Rate for Position: | $400.00 | | 30.80 | $12,320.00 |
| | | | | % of Total: | 0.84% | % of Total: 0.78% |
| SKAU | Kaufman, Stuart | SR. ASSOCIATE | $425.00 | $425.00 | 470.40 | $199,920.00 |
| MFRA | Frank, Matt | SR. ASSOCIATE | $400.00 | $400.00 | 475.10 | $190,040.00 |
| PGON | Gondipalli, Prasant | SR. ASSOCIATE | $400.00 | $400.00 | 159.80 | $63,920.00 |
| MHOL | Holton, Matthew | SR. ASSOCIATE | $350.00 | $350.00 | 2.00 | $700.00 |
| No. of Billers for Position: 4 | | Blended Rate for Position: | $410.53 | | 1,107.30 | $454,580.00 |
| | | | | % of Total: | 30.22% | % of Total: 28.64% |
| MBER | Berger, Mark | ASSOCIATE | $350.00 | $350.00 | 498.20 | $174,370.00 |

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Alvarez & Marsal North America, LLC**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| | No. of Billers for Position: 1 | Blended Rate for Position: | $350.00 | | 498.20 | $174,370.00 |
| | | | | % of Total: | 13.60%    % of Total: | 10.99% |
| EJOH | Johnston, Elizabeth | CONSULTANT | $325.00 | $325.00 | 4.30 | $1,397.50 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $325.00 | | 4.30 | $1,397.50 |
| | | | | % of Total: | 0.12%    % of Total: | 0.09% |
| DTOR | Torres, Diego | ANALYST | $275.00 | $275.00 | 494.70 | $136,042.50 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $275.00 | | 494.70 | $136,042.50 |
| | | | | % of Total: | 13.50%    % of Total: | 8.57% |
| MNAP | Napoliello, Mary | PARAPROFESSIONA | $195.00 | $195.00 | 39.70 | $7,741.50 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $195.00 | | 39.70 | $7,741.50 |
| | | | | % of Total: | 1.08%    % of Total: | 0.49% |
| | Total No. of Billers:  19 | Blended Rate for Report: | $433.24 | | 3,663.80 | $1,587,319.00 |

EXHIBIT F

A&M RETENTION/COMPENSATION

Alvarez & Marsal North America, LLC

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Frank, M | 1.10 | 440.00 |
| Hill, T | 0.90 | 675.00 |
| Kaufman, S | 7.80 | 3,315.00 |
| Napoliello, M | 39.70 | 7,741.50 |
| Whittman, B | 1.70 | 1,147.50 |
| | 51.20 | $13,319.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Application | 51.20 | 13,319.00 |
| | 51.20 | $13,319.00 |

EXHIBIT F

A&M RETENTION/COMPENSATION

Alvarez & Marsal North America, LLC

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| 06/01/10 Tue | Napoliello, M 063010-130/1238 | 3.40 | 3.40 | 663.00 | | 1 | MATTER NAME: Fee Application<br>PREPARE EXHIBITS FOR APRIL STATEMENT. |
| 06/02/10 Wed | Napoliello, M 063010-130/1239 | 2.70 | 2.70 | 526.50 | | 1 | MATTER NAME: Fee Application<br>FINALIZE FIRST DRAFT OF APRIL EXHIBITS. |
| 06/04/10 Fri | Frank, M 063010-130/1233 | 0.30 | 0.30 | 120.00 | | 1 | MATTER NAME: Fee Application<br>REVIEW MONTHLY FEE APPLICATION PRIOR TO DISTRIBUTION. |
| 06/04/10 Fri | Napoliello, M 063010-130/1236 | 2.60 | 2.60 | 507.00 | | 1<br>2 | MATTER NAME: Fee Application<br>PREPARE EDITS TO APRIL EXHIBITS.;<br>REVIEW CASE DOCKET FOR CNO INFORMATION. |
| 06/07/10 Mon | Whittman, B 063010-130/1245 | 0.30 | 0.30 | 202.50 | | 1 | MATTER NAME: Fee Application<br>REVIEW APRIL FEE APPLICATION. |
| 06/09/10 Wed | Napoliello, M 063010-130/1237 | 0.40 | 0.40 | 78.00 | | 1 | MATTER NAME: Fee Application<br>COMPILE APRIL DATA AND SEND TO JOHN DECKER - EXAMINER. |
| 06/22/10 Tue | Hill, T 063010-130/1234 | 0.30 | 0.30 | 225.00 | | 1 | MATTER NAME: Fee Application<br>PREPARE FIFTH SUPPLEMENTAL AFFIDAVIT TO BE FILED IN TRIBUNE MATTER. |
| 06/22/10 Tue | Napoliello, M 063010-130/1241 | 1.10 | 1.10 | 214.50 | | 1 | MATTER NAME: Fee Application<br>DRAFT EXHIBITS FOR MAY STATEMENT. |
| 06/23/10 Wed | Napoliello, M 063010-130/1242 | 0.80 | 0.80 | 156.00 | | 1 | MATTER NAME: Fee Application<br>PREPARE EXHIBITS FOR MAY STATEMENT |
| 06/23/10 Wed | Whittman, B 063010-130/1246 | 0.20 | 0.20 | 135.00 | | 1 | MATTER NAME: Fee Application<br>REVIEW FIFTH SUPPLEMENTAL DISCLOSURE FOR A&M. |
| 06/24/10 Thu | Napoliello, M 063010-130/1240 | 3.80 | 3.80 | 741.00 | | 1 | MATTER NAME: Fee Application<br>PREPARE FIRST DRAFT OF MAY EXHIBITS. |
| 06/28/10 Mon | Kaufman, S 063010-130/1235 | 1.30 | 1.30 | 552.50 | 0.80  F<br>0.50  F | 1<br>2 | MATTER NAME: Fee Application<br>REVIEW MAY A&M FEE APPLICATION AND SUPPORT DOCUMENTATION (0.8),<br>AND EDIT FEE APPLICATION (0.5)." |
| 06/28/10 Mon | Napoliello, M 063010-130/1243 | 2.20 | 2.20 | 429.00 | | 1 | MATTER NAME: Fee Application<br>PREPARE EDITS TO MAY '10 EXHIBITS. |

~ See the last page of exhibit for explanation

EXHIBIT F

A&M RETENTION/COMPENSATION

Alvarez & Marsal North America, LLC

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 06/28/10 Mon | Napoliello, M 063010-130/1244 | 2.80 | 2.80 | 546.00 | 0.30 2.50 | F F | 1 2 | MATTER NAME: Fee Application REVIEW CASE DOCKET FOR CNO DATA (0.3); PREPARE DRAFT COVER SHEET AND APPLICATION (2.5). |
| 07/06/10 Tue | Napoliello, M 073110-130/1061 | 0.70 | 0.70 | 136.50 | | | 1 2 | MATTER NAME: Fee Application BEGIN COMPILING 6TH INTERIM DATA; REVIEW CASE DOCKET FOR CNO DATA. |
| 07/06/10 Tue | Whitman, B 073110-130/1063 | 0.30 | 0.30 | 202.50 | | | 1 | MATTER NAME: Fee Application REVIEW MAY FEE APPLICATION. |
| 07/08/10 Thu | Napoliello, M 073110-130/1062 | 2.10 | 2.10 | 409.50 | | | 1 | MATTER NAME: Fee Application COMPLETE FIRST DRAFT OF 6TH INTERIM APPLICATION. |
| 07/09/10 Fri | Frank, M 073110-130/1060 | 0.80 | 0.80 | 320.00 | | | 1 | MATTER NAME: Fee Application REVIEW DETAILS OF QUARTERLY FEE APPLICATION. |
| 08/02/10 Mon | Napoliello, M 083110-130/1035 | 1.10 | 1.10 | 214.50 | | | 1 | MATTER NAME: Fee Application PREPARE EXHIBITS FOR JUNE STATEMENT. |
| 08/03/10 Tue | Napoliello, M 083110-130/1036 | 1.60 | 1.60 | 312.00 | | | 1 | MATTER NAME: Fee Application PREPARE DRAFTS OF JUNE EXHIBITS. |
| 08/04/10 Wed | Napoliello, M 083110-130/1037 | 2.60 | 2.60 | 507.00 | | | 1 | MATTER NAME: Fee Application FINALIZE FIRST DRAFT OF JUNE EXHIBITS. |
| 08/04/10 Wed | Whitman, B 083110-130/1045 | 0.20 | 0.20 | 135.00 | | | 1 | MATTER NAME: Fee Application REVIEW FINAL FEE EXAMINER REPORT ON A&M'S 3RD QUARTERLY APPLICATION. |
| 08/05/10 Thu | Napoliello, M 083110-130/1038 | 0.30 | 0.30 | 58.50 | | | 1 | MATTER NAME: Fee Application REVIEW CASE DOCKET FOR CNO DATA. |
| 08/05/10 Thu | Napoliello, M 083110-130/1039 | 1.30 | 1.30 | 253.50 | | | 1 | MATTER NAME: Fee Application PREPARE DRAFT OF JUNE COVER SHEET AND FEE APPLICATION. |
| 08/05/10 Thu | Napoliello, M 083110-130/1040 | 1.40 | 1.40 | 273.00 | | | 1 | MATTER NAME: Fee Application INCORPORATE EDITS TO JUNE EXHIBITS. |
| 08/06/10 Fri | Whitman, B 083110-130/1046 | 0.20 | 0.20 | 135.00 | | | 1 | MATTER NAME: Fee Application REVIEW JUNE FEE APPLICATION. |

~  See the last page of exhibit for explanation

EXHIBIT F

A&M RETENTION/COMPENSATION

Alvarez & Marsal North America, LLC

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|-------------|
| 08/13/10 Fri | Kaufman, S 083110-130/1030 | 2.70 | 2.70 | 1,147.50 | | 1 | *MATTER NAME: Fee Application*<br>DRAFT RESPONSE TO FEE EXAMINERS 4TH PRELIMINARY REPORT. |
| 08/13/10 Fri | Kaufman, S 083110-130/1031 | 1.70 | 1.70 | 722.50 | | 1 | *MATTER NAME: Fee Application*<br>REVIEW OF FEE EXAMINERS 4TH PRELIMINARY REPORT. |
| 08/16/10 Mon | Kaufman, S 083110-130/1032 | 1.10 | 1.10 | 467.50 | | 1 | *MATTER NAME: Fee Application*<br>UPDATE DRAFT OF RESPONSE TO FEE EXAMINER. |
| 08/17/10 Tue | Hill, T 083110-130/1029 | 0.60 | 0.60 | 450.00 | | 1 | *MATTER NAME: Fee Application*<br>PREPARE SIXTH SUPPLEMENTAL DECLARATION FOR FILING IN TRIBUNE MATTER. |
| 08/17/10 Tue | Whittman, B 083110-130/1047 | 0.20 | 0.20 | 135.00 | | 1 | *MATTER NAME: Fee Application*<br>REVIEW DRAFT 6TH SUPPLEMENTAL DECLARATION. |
| 08/23/10 Mon | Kaufman, S 083110-130/1033 | 0.60 | 0.60 | 255.00 | | 1 | *MATTER NAME: Fee Application*<br>CONTINUE UPDATING RESPONSE TO 4TH FEE APPLICATION. |
| 08/23/10 Mon | Kaufman, S 083110-130/1034 | 0.40 | 0.40 | 170.00 | | 1 | *MATTER NAME: Fee Application*<br>UPDATE RESPONSE TO 4TH FEE APPLICATION. |
| 08/23/10 Mon | Napoliello, M 083110-130/1041 | 1.20 | 1.20 | 234.00 | | 1 | *MATTER NAME: Fee Application*<br>REVIEW JULY DATA FOR FEE STATEMENT |
| 08/25/10 Wed | Napoliello, M 083110-130/1042 | 0.40 | 0.40 | 78.00 | | 1 | *MATTER NAME: Fee Application*<br>PREPARE EXHIBITS FOR JULY STATEMENT. |
| 08/25/10 Wed | Whittman, B 083110-130/1048 | 0.30 | 0.30 | 202.50 | | 1 | *MATTER NAME: Fee Application*<br>REVIEW REPLY TO FEE EXAMINER ON 4TH QUARTERLY REPORT. |
| 08/30/10 Mon | Napoliello, M 083110-130/1043 | 3.10 | 3.10 | 604.50 | | 1 | *MATTER NAME: Fee Application*<br>DRAFT EXHIBITS FOR JULY STATEMENT. |
| 08/31/10 Tue | Napoliello, M 083110-130/1044 | 4.10 | 4.10 | 799.50 | | 1 | *MATTER NAME: Fee Application*<br>FINALIZE FIRST DRAFT OF JULY EXHIBITS. |

~ See the last page of exhibit for explanation

EXHIBIT F

A&M RETENTION/COMPENSATION

Alvarez & Marsal North America, LLC

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|-------------|
|      |                 |             | 51.20 | $13,319.00 |         |   |             |

Total
Number of Entries:       38

EXHIBIT F

A&M RETENTION/COMPENSATION

Alvarez & Marsal North America, LLC

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Frank, M | 1.10 | 440.00 |
| Hill, T | 0.90 | 675.00 |
| Kaufman, S | 7.80 | 3,315.00 |
| Napoliello, M | 39.70 | 7,741.50 |
| Whittman, B | 1.70 | 1,147.50 |
| | 51.20 | $13,319.00 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Application | 51.20 | 13,319.00 |
| | 51.20 | $13,319.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS
F        FINAL BILL