# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE
## SIXTH QUARTERLY FEE APPLICATION OF MCDERMOTT WILL & EMERY LLP

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Sixth Quarterly Fee Application of McDermott Will & Emery LLP* [Docket No. 5622] (the "**Fee Application**"). The Fee Application seeks approval of fees that total

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

$439,490.50 and reimbursement of expenses that total $1,892.73 for the period from March 1, 2010 through May 31, 2010. McDermott Will & Emery LLP ("**McDermott**") serves as Special Counsel to the Debtors for Domestic Legal Matters.

**Background**

1.      On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' Chapter 11 cases for procedural purposes only.

2.      On December 26, 2008, the Debtors filed the *Application for an Order Authorizing Debtors to Employ and Retain McDermott Will & Emery LLP as Special Counsel for General Domestic Legal Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc Pro Tunc to the Petition Date* [Docket No. 141] (the "**Retention Application**"). By order dated March 12, 2009 [Docket 511], this Court approved the retention of McDermott (the "**Retention Order**").

3.      McDermott submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, (January 15, 2009) [Docket No. 225] (the "**Interim Compensation Order**").

**Applicable Standards**

4.      In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

5.      The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure

(the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6.     Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F)*.

7.     A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable

component of every fee application.   A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

8.        The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to McDermott for review and comment.   The firm submitted a written response to the Fee Examiner.   After evaluation and consideration of the additional information provided by McDermott, the Fee Examiner submits this Final Report for the Court's consideration. This Final Report is in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of the applicant meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2, and will also inform the Court of all proposed consensual resolutions of the fee and/or expense reimbursement request for the professional and the basis for such proposed consensual resolution.

## DISCUSSION OF FINDINGS

### Technical Requirements

9.        **Reconciliation of Fees and Expenses.**   The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application (**"Fees Requested"** and **"Expenses Requested"**) to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm (**"Fees Computed"** and **"Expenses Computed"**).   The Fee Examiner determined that the Fees Requested exceed the Fees Computed by $358.50, resulting in an apparent overcharge.   The discrepancy is the result of task hours within several entries that do not equal the time billed for the entries as a whole, as displayed in **Exhibit A**.[2]   In response to the Preliminary Report, McDermott agreed to a voluntary fee reduction in the amount of $358.50.

---

[2] This Final Report includes exhibits that detail and support the findings discussed herein.   Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits.   For purpose of context, other tasks

The Fee Examiner further determined that there is no discrepancy between the Expenses Requested and the Expenses Computed. The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

10.    **Block Billing.**    The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*. The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[3] McDermott timekeepers did not block bill time entries.

11.    **Time Increments.**    The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*. The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines* ¶(b)(4)(v). McDermott timekeepers billed time entries in tenths of an hour.

### Review of Fees

12.    **Firm Staffing.**    The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines* ¶(b)(1)(iii). The Fee Application provided the names, positions, and hourly rates of the 37 McDermott professionals and paraprofessionals who billed

---

within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

[3] The judicial response to block billing varies. Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007). Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

to this matter, consisting of 25 partners, 1 counsel, 8 associates, 1 associate director, 1 paralegal and 1 legal assistant. A summary of hours and fees billed by each timekeeper is displayed in **Exhibit B**.

The firm billed a total of 666.00 hours with associated fees of $439,132.00.[4] The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 524.10 | 79% | $392,334.00 | 89% |
| Counsel | 3.10 | * | 1,953.00 | * |
| Associate | 131.40 | 20% | 42,590.50 | 10% |
| Associate Director | 2.50 | * | 1,025.00 | * |
| Paralegal | 0.90 | * | 229.50 | * |
| Legal Assistant | 4.00 | * | 1,000.00 | * |
| TOTAL | 666.00 | 100% | $439,132.00 | 100% |

* Less than 1%

The blended hourly rate for the McDermott professionals is $662.38 and the blended hourly rate for professionals and paraprofessionals is $659.36.

The Fee Examiner requested an explanation of the firm staffing during the interim period, which saw 79% of the hours and 89% of the fees invoiced by firm partners. In response, McDermott explained the two primary matters on which the firm advised the Debtors during the sixth interim period (the plan of reorganization and disclosure statement, and strategies for responding to an audit by the IRS) and asserted that both matters were predominantly strategic and required significant partner participation. McDermott expressed understanding of the Fee Examiner's concern with respect to staffing and stated that the firm has monitored and will continue to monitor staffing of the matters. The Fee Examiner makes no recommendation for a fee reduction at this time, but will likewise continue to monitor the firm's staffing.

13.    **Hourly Rate Increases.** McDermott did not increase the hourly rate of any timekeeper during the interim period.

---

[4] This amount reflects the Fees Computed.

14.     **Timekeepers' Roles.**  A court may not allow compensation of fees for duplicative or unnecessary services.  *See 11 U.S.C. § 330(4).*  With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts.  On the whole, each timekeeper appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.

15.     **Meetings, Conferences, Hearings, and Other Events.**  The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" (*Local Rule 2016-2(d)(ix)*), and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v).*  While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified occasions where two or more McDermott timekeepers attended the same meeting, conference, hearing, or other event.  Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees.  The entries, totaling 45.60 hours with $36,331.00 in associated fees, were provided to the firm in **Exhibit C** to the Preliminary Report.  In each instance where multiple timekeepers attended a meeting, conference, hearing or other event, the Fee Examiner identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the attorney leading rather than observing a conference).  The potentially duplicative and unnecessary timekeepers' entries total 22.60 hours with $15,916.00 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit.  The Fee Examiner requested that the firm provide

what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event.

In response to the Preliminary Report, McDermott provided the Fee Examiner with a lengthy and detailed explanation of the specific subject matter and purpose of the meetings in question, as well as the role of the various participants. The extensive detail satisfies the requirements of the Local Rules and UST Guidelines, and after analysis of same the Fee Examiner makes no recommendation for a fee reduction. Exhibit C is omitted from this report.

16. **Intraoffice Conferences.** Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified billing activities by McDermott timekeepers describing intraoffice conferences totaling 54.30 hours with $36,215.50 in associated fees, or approximately 8% of the Fees Computed, as displayed in **Exhibit D**. The Fee Examiner observed that in certain instances, two or more timekeepers invoiced fees associated with the same intraoffice conference. The entries describing intraoffice conferences invoiced by two or more firm personnel total 22.20 hours with $14,688.50 in associated fees and are highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner is concerned over this level of intraoffice conferencing in light of the partner-heavy hours and invites comment from McDermott.

In response, McDermott stated that the various firm timekeepers are assigned specific, discrete tasks that then must be combined with the efforts of others to address the entire issue. The firm asserted that the conferences involved discussions among attorneys regarding their respective areas of expertise and therefore resulted in greater efficiency. The Fee Examiner notes that the fees resulting from intraoffice communication, as a percentage of all fees invoiced in the Fee Application, is less than in prior applications, and in light of that and the actual percentage of fees related to conferences the Fee Examiner makes no recommendation for a fee reduction. As stated in prior reports, the Fee Examiner

will track the costs through the Tribune cases and may make a recommendation for a fee reduction once all the firm data is complete. Exhibit D is omitted from this report.

17. **Complete and Detailed Task Descriptions.** Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*. The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*. McDermott timekeepers sufficiently described the services performed.

18. **Administrative Activities.** Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. The Fee Examiner identified tasks describing the administrative function of reviewing and revising pre-bills and invoices. Although firms may seek reimbursement for fees resulting from the preparation of fee applications, revising bills remains an administrative function. The entries were provided to McDermott in **Exhibit E** to the Preliminary Report.

The firm responded by identifying certain activities which required legal knowledge and familiarity with the bankruptcy rules and procedures, while also conceding that such work is partly administrative in nature. The result of communication between McDermott and the Fee Examiner is a voluntary fee reduction in the amount of $1,592.50 (50% of the questioned fees). Exhibit E is omitted from this report.

19. **Clerical Activities.** Clerical activities are tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel[5] or tasks that have a market value less than the rate charged by the firm. The Fee Examiner did not identify any time entries describing clerical activities.

20. **Travel.** The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*. The Fee Examiner did not identify any fees resulting from travel.

21. **McDermott Retention/Compensation.** McDermott billed 51.10 hours with associated fees of $18,629.50 to prepare the firm's retention documents and applications for compensation, approximately 4% of the Fees Computed. The fee entries describing McDermott's retention/compensation activities are displayed in **Exhibit F**, included in this Final Report for the Court's reference.

**Review of Expenses**

22. **Itemization of Expenses.** The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the charge, if available." *Local Rule 2016-2(e)(i-ii)*. The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be

---

[5] "Duties appropriate for office staff are considered part of a professional's overhead expenses and may not be billed to the estate." *Fibermark*, 349 B.R. at 397; *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758 769 (Bankr. E.D.N.Y. 2005) (overhead not compensable); *but see Bennett Funding*, 213 B.R. at 247-48 (discussing differing approaches to clerical work at professional rates). These overhead activities may include: mailing; photocopying, word processing (including the creation of templates), formatting, creating spreadsheets, printing, organizing files, checking for docket updates, creating binders, and secretarial overtime. *Fibermark*, 349 B.R. at 396-97.

identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*. McDermott provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

23.     **Photocopies.**  The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii)*.  The firm requested reimbursement for duplication charges calculated at a rate of $0.10 per page.

24.     **Facsimile.**  The Local Rules provide that outgoing facsimile transmission charges shall not exceed $1.00 per page. *Local Rule 2016-2(e)(iii)*.  The firm requested reimbursement for facsimile charges calculated at a rate of $1.00 per page.

25.     **Business Meals.**  McDermott requested reimbursement in the amount of $53.73 for a business meal.  The Fee Examiner requested additional information regarding the meal charge, including whether the attendees were all firm personnel of included non-firm individuals.  McDermott explained that the meal charge resulted from a meeting with the client and provided the Fee Examiner with a copy of the disbursement card.  The Fee Examiner makes no recommendation for an expense reduction.

26.     **Vague Transportation Expense.**  McDermott requested reimbursement for a vaguely described transportation/parking expense.  The Fee Examiner requested a complete explanation of the purpose and necessity of the charge.  The firm stated that the charge was the result of three partners' travel from O'Hare to the Debtors' headquarters for a client meeting.  The Fee Examiner makes no recommendation for an expense reduction.

## CONCLUSION

The Fee Examiner submits this final report regarding the Application and the fees and expenses discussed above.  The Fee Examiner recommends the approval of fees in the amount of $437,539.50 ($439,490.50 minus $1,951.00) and reimbursement of expenses in the amount of $1,892.73 for the

period from March 1, 2010 through May 31, 2010.   The findings are summarized in the attached Appendix A.

Respectfully submitted,

**STUART MAUE**

By: _____

W. Andrew Dalton
3840 McKelvey Road
St. Louis, Missouri  63044
Telephone:  (314) 291-3030
Facsimile:  (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

**APPENDIX A**

## MCDERMOTT WILL & EMERY LLP

### SUMMARY OF FINDINGS

#### Sixth Quarterly Fee Application (March 1, 2010 through May 31, 2010)

##### A.    Amounts Requested and Computed

| | | |
|---|---:|---:|
| Fees Requested | $439,490.50 | |
| Expenses Requested | 1,892.73 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $441,383.23 |
| | | |
| Fees Computed | $439,132.00 | |
| Expenses Computed | 1,892.73 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $441,024.73 |
| | | |
| Discrepancy in Fees | $     358.50 | |
| | | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $     358.50 |

##### B.    Recommended Fee Allowance and Expense Reimbursement

| | | |
|---|---:|---:|
| Fees Requested | $439,490.50 | |
| *Agreed Reduction for Discrepancy in Fees* | *($   358.50)* | |
| *Agreed Reduction for Administrative Activities* | *(1,592.50)* | |
| Subtotal | *($1,951.00)* | |
| | | |
| RECOMMENDED FEE ALLOWANCE | | $437,539.50 |
| | | |
| Expenses Requested | $1,892.73 | |
| | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 1,892.73 |
| | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $439,432.23 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 2nd day of June, 2011.

Joseph J. McMahon, Jr., Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE  19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE  19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE  19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE  19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Mr. James F. Conlan
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY  10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY  10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE  19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY  10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Blake D. Rubin, Esq.
McDermott Will & Emery LLP
600 13th Street N.W.
Washington, DC  20005-3096

W. Andrew Dalton

**EXHIBIT A**
**Discrepancy Schedule**
**McDermott, Will & Emery**

| Invoice Number | Entry Number | Timekeeper Name | Entry Date | Rate | Hours Billed | Hours Computed | Fees Billed | Fees Computed | Hour Difference | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|---|
| **Overcharges** | | | | | | | | | | |
| 2133210 | 133 | Whiteway | 05/19/10 | $750.00 | 2.60 | 1.90 | $ 1,950.00 | $ 1,425.00 | 0.70 | $ 525.00 |
| | | | | | | | | **Total Overcharges** | 0.70 | $ 525.00 |
| **Undercharges** | | | | | | | | | | |
| 2128650 | 65 | Whiteway | 04/08/10 | $750.00 | 4.50 | 4.60 | $ 3,375.00 | $ 3,450.00 | (0.10) | $ (75.00) |
| 2133208 | 72 | Rubin | 05/26/10 | $915.00 | 3.30 | 3.40 | $ 3,019.50 | $ 3,111.00 | (0.10) | (91.50) |
| | | | | | | | | **Total Undercharges** | (0.20) | $ (166.50) |
| | | | | | | | | | | |
| | | | | | | | | **Net Total Discrepancy** | 0.50 | $ 358.50 |

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

## COMPUTED AT STANDARD RATES

### McDermott, Will & Emery

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| 0343 | Whiteway, Andrea M. | PARTNER | $750.00 | $750.00 | 162.20 | $121,650.00 |
| 0342 | Rubin, Blake D. | PARTNER | $915.00 | $915.00 | 129.30 | $118,309.50 |
| 2810 | Merten, William W. | PARTNER | $715.00 | $715.00 | 60.30 | $43,114.50 |
| 803 | Compernolle, Paul J. | PARTNER | $715.00 | $715.00 | 24.90 | $17,803.50 |
| 2812 | Peters Schaefer, Susan | PARTNER | $715.00 | $715.00 | 20.40 | $14,586.00 |
| 6395 | Harris, Ryan D. | PARTNER | $515.00 | $515.00 | 27.20 | $14,008.00 |
| 1551 | Gruemmer, Brooks B. | PARTNER | $690.00 | $690.00 | 19.80 | $13,662.00 |
| 1086 | Wilder, Michael J. | PARTNER | $690.00 | $690.00 | 17.60 | $12,144.00 |
| 0344 | Finkelstein, Jon G. | PARTNER | $580.00 | $580.00 | 18.80 | $10,904.00 |
| 7142 | Gordon, Amy M. | PARTNER | $610.00 | $610.00 | 9.00 | $5,490.00 |
| 5642 | Graham, Michael T. | PARTNER | $565.00 | $565.00 | 6.90 | $3,898.50 |
| 3051 | Bilut, Mark A. | PARTNER | $595.00 | $595.00 | 6.00 | $3,570.00 |
| 1521 | Nash, Susan M. | PARTNER | $690.00 | $690.00 | 3.50 | $2,415.00 |
| 8422 | Hazan, Nava | PARTNER | $570.00 | $570.00 | 4.00 | $2,280.00 |
| 9544 | Zochowski, Christopher M. | PARTNER | $605.00 | $605.00 | 2.70 | $1,633.50 |
| 9903 | Fernando, Raymond M. | PARTNER | $570.00 | $570.00 | 2.80 | $1,596.00 |
| 7799 | Ravert, Gary O. | PARTNER | $585.00 | $585.00 | 2.30 | $1,345.50 |
| 1554 | Tamisiea, John P. | PARTNER | $695.00 | $695.00 | 1.50 | $1,042.50 |
| 5705 | Mikulina, Jennifer M. | PARTNER | $500.00 | $500.00 | 1.90 | $950.00 |
| 1034 | Eig, Jason R. | PARTNER | $570.00 | $570.00 | 1.50 | $855.00 |
| 1552 | Jung, Jeffrey A. | PARTNER | $680.00 | $680.00 | 0.40 | $272.00 |
| 751 | Zucker, Daniel N. | PARTNER | $795.00 | $795.00 | 0.30 | $238.50 |
| 4378 | Greenhouse, Robin L. | PARTNER | $730.00 | $730.00 | 0.30 | $219.00 |
| 4076 | Meyer, Derek J. | PARTNER | $680.00 | $680.00 | 0.30 | $204.00 |
| 98 | Nesburg, Alan D. | PARTNER | $715.00 | $715.00 | 0.20 | $143.00 |

No. of Billers for Position: 25    Blended Rate for Position: $748.59    524.10    $392,334.00

% of Total:  78.69%    % of Total:  89.34%

| 2816 | Granados III, Luis L. | COUNSEL | $630.00 | $630.00 | 3.10 | $1,953.00 |

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL
## COMPUTED AT STANDARD RATES
### McDermott, Will & Emery

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|----------|------|----------|--------------|--------------|----------------|---------------|
| | No. of Billers for Position: 1 | Blended Rate for Position: | $630.00 | | 3.10 | $1,953.00 |
| | | | | | % of Total: 0.47% | % of Total: 0.44% |
| 0109 | Chan, Gale E. | ASSOCIATE | $320.00 | $320.00 | 54.20 | $17,344.00 |
| 0024 | Zajac, Jared D. | ASSOCIATE | $325.00 | $325.00 | 43.60 | $14,170.00 |
| 8466 | Fuchs, Daniel S. | ASSOCIATE | $315.00 | $315.00 | 22.00 | $6,930.00 |
| 6832 | Holdvogt, Jeffrey M. | ASSOCIATE | $420.00 | $420.00 | 4.90 | $2,058.00 |
| 0552 | Delany, Brendan D. | ASSOCIATE | $345.00 | $345.00 | 2.50 | $862.50 |
| 9071 | Edwards, Kathleen I. | ASSOCIATE | $300.00 | $300.00 | 2.00 | $600.00 |
| 9945 | Tiemann, Brian J. | ASSOCIATE | $280.00 | $280.00 | 1.80 | $504.00 |
| 9085 | McCurry, Patrick J. | ASSOCIATE | $305.00 | $305.00 | 0.40 | $122.00 |
| | No. of Billers for Position: 8 | Blended Rate for Position: | $324.13 | | 131.40 | $42,590.50 |
| | | | | | % of Total: 19.73% | % of Total: 9.70% |
| 1322 | Kemp, Kathryn | ASSOC DIRECTOR | $410.00 | $410.00 | 2.50 | $1,025.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $410.00 | | 2.50 | $1,025.00 |
| | | | | | % of Total: 0.38% | % of Total: 0.23% |
| 0339 | Bloom, Marlyss | PARALEGAL | $255.00 | $255.00 | 0.90 | $229.50 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $255.00 | | 0.90 | $229.50 |
| | | | | | % of Total: 0.14% | % of Total: 0.05% |
| 8454 | Walsh, Kelly | LEGAL ASSISTANT | $250.00 | $250.00 | 4.00 | $1,000.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $250.00 | | 4.00 | $1,000.00 |
| | | | | | % of Total: 0.60% | % of Total: 0.23% |
| | Total No. of Billers: 37 | Blended Rate for Report: | $659.36 | | 666.00 | $439,132.00 |

EXHIBIT F

MCDERMOTT RETENTION/COMPENSATION

McDermott, Will & Emery

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Bloom, M | 0.90 | 229.50 |
| Hazan, N | 4.00 | 2,280.00 |
| Ravert, G | 1.30 | 760.50 |
| Rubin, B | 1.30 | 1,189.50 |
| Zajac, J | 43.60 | 14,170.00 |
| | 51.10 | $18,629.50 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Chapter 11 Restructuring | 51.10 | 18,629.50 |
| | 51.10 | $18,629.50 |

EXHIBIT F
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 03/02/10 Tue | Bloom, M 2119079/123 | 0.30 | 0.30 | 76.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring GENERATE AUDIT LETTER RESPONSE REQUEST AND SEND TO ATTORNEYS. |
| 03/02/10 Tue | Ravert, G 2119079/121 | 0.60 | 0.60 | 351.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring REVIEW EMAIL AND ATTACHMENTS FROM M. SIMONS AND B. RUBIN CONCERN TRIBUNE FEE STATEMENTS. |
| 03/02/10 Tue | Zajac, J 2119079/122 | 2.00 | 2.00 | 650.00 | 1.20 0.10 0.60 0.10 | F F F F | 1 2 3 4 | MATTER NAME: Chapter 11 Restructuring DRAFT DECEMBER FEE STATEMENT (1.2); EMAIL TO M. SIMONS REGARDING NOVEMBER FEE STATEMENT (.1); REVIEW EMAIL AND ATTACHMENTS FROM M. SIMONS REGARDING NOVEMBER FEE STATEMENT (.6); REVIEW EMAIL FROM B. RUBIN REGARDING JANUARY FEE STATEMENT (.1). |
| 03/03/10 Wed | Bloom, M 2119079/126 | 0.30 | 0.30 | 76.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring DRAFT AUDIT LETTER RESPONSE. |
| 03/04/10 Thu | Bloom, M 2119079/131 | 0.10 | 0.10 | 25.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring CONTACT B. RUBIN REGARDING AUDIT LETTER DISCLOSURE. |
| 03/04/10 Thu | Zajac, J 2119079/127 | 4.30 | 4.30 | 1,397.50 | 1.80 0.60 0.20 0.40 1.30 | F F F F F | 1 2 3 4 5 | MATTER NAME: Chapter 11 Restructuring DRAFT OCTOBER FEE STATEMENT (1.8); REVISE RESPONSE TO FEE EXAMINER'S PRELIMINARY REPORT (.6); REVIEW EMAIL FROM M. SIMONS REGARDING JANUARY FEE STATEMENT (.2); MEETING WITH G. RAVERT REGARDING TRIBUNE BANKRUPTCY CASE (.4); BEGIN DRAFTING JANUARY FEESTATEMENT (1.3). |
| 03/05/10 Fri | Zajac, J 2119079/132 | 1.80 | 1.80 | 585.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring REVIEW FEBRUARY PREBILLS FOR COMPLIANCE WITH BANKRUPTCY AND LOCAL RULES FOR UPCOMING FEE STATEMENTS. |
| 03/08/10 Mon | Bloom, M 2119079/138 | 0.20 | 0.20 | 51.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring FINALIZE AUDIT LETTER. |
| 03/08/10 Mon | Zajac, J 2119079/136 | 1.60 | 1.60 | 520.00 | 0.20 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring REVISE FEE EXAMINER PRELIMINARY RESPONSE (.2); REVISE FEBRUARY PREBILLS TO ENSURE COMPLIANCE WITH BANKRUPTCY RULES FOR UPCOMING FEE STATEMENTS. |
| 03/10/10 Wed | Hazan, N 2119079/146 | 0.50 | 0.50 | 285.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring CONFERENCE CALL WITH B. RUBIN AND G. RAVERT STATUS OF MATTER TO EFFECTUATE TRANSITION FROM G. RAVERT |
| 03/10/10 Wed | Zajac, J 2119079/145 | 1.00 | 1.00 | 325.00 | 0.30 0.70 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring REVISE RESPONSE TO FEE EXAMINER'S PRELIMINARY REPORT (.3); PREPARE FOR AND CALL WITH G. RAICHT AND B. RUBIN REGARDING UPCOMING FEE STATEMENTS (.7). |

~ See the last page of exhibit for explanation

EXHIBIT F
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 03/11/10 Thu | Hazan, N 2119079/152 | 0.20 | 0.20 | 114.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring CONFERENCE CALL WITH G. RAVERT AND JOHN DECHERT RE VARIOUS QUESTIONS OF EXAMINER. |
| 03/11/10 Thu | Ravert, G 2119079/153 | 0.70 | 0.70 | 409.50 | 0.40 0.30 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring TELEPHONE CALL WITH J. DECKER, N. HAZAN, AND J. ZAJAC REGARDING EXAMINER'S PRELIMINARY REPORT CONCERNING THIRD INTERIM FEE APPLICATION (.4); FOLLOW-UP WITH FEE EXAMINER REGARDING SAME (.3). |
| 03/11/10 Thu | Zajac, J 2119079/151 | 0.50 | 0.50 | 162.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring CALL WITH G. RAVERT, N. HAZAN AND J. DECKER REGARDING FEE EXAMINERS' RESPONSE. |
| 03/15/10 Mon | Hazan, N 2119079/158 | 1.00 | 1.00 | 570.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring REVIEW AND CORRECT OCTOBER FEE APPLICATION. |
| 03/15/10 Mon | Rubin, B 2119079/160 | 0.40 | 0.40 | 366.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring CORRESPONDENCE WITH MS. HAZAN REGARDING RESPONSE TO FEE EXAMINER (.4). |
| 03/15/10 Mon | Zajac, J 2119079/159 | 2.90 | 2.90 | 942.50 | 1.20 1.20 0.50 | F F F | 1 2 3 | MATTER NAME: Chapter 11 Restructuring DRAFT AND REVISE OCTOBER FEE STATEMENTS (1.2); DRAFT AND REVISE NOVEMBER FEE STATEMENTS (1.2); MEETING WITH N. HAZAN REGARDING SAME (.5). |
| 03/16/10 Tue | Hazan, N 2119079/161 | 0.80 | 0.80 | 456.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring REVIEW AND CORRECT NOVEMBER FEE APPLICATION. |
| 03/16/10 Tue | Zajac, J 2119079/162 | 0.30 | 0.30 | 97.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring DRAFT EMAIL TO B. RUBIN REGARDING FEE EXAMINER'S PRELIMINARY REPORT RESPONSE. |
| 03/17/10 Wed | Zajac, J 2119079/163 | 0.40 | 0.40 | 130.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring DRAFT EMAIL TO B. RUBIN REGARDING FEE STATEMENTS AND FEE EXAMINER'S RESPONSE. |
| 03/18/10 Thu | Zajac, J 2119079/166 | 0.20 | 0.20 | 65.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring EMAILS TO M. SIMONS REGARDING FEE STATEMENT AND FEE EXAMINER RESPONSE. |
| 03/22/10 Mon | Zajac, J 2119079/168 | 0.50 | 0.50 | 162.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring EMAIL TO B. RUBIN REGARDING FEE STATEMENTS FOR OCTOBER AND NOVEMBER. |
| 03/23/10 Tue | Hazan, N 2119079/169 | 0.10 | 0.10 | 57.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring CORRECT EMAIL TO BE SENT TO FEE EXAMINER IN RESPONSE TO REPORT. |

~ See the last page of exhibit for explanation

EXHIBIT F
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 03/23/10 Tue | Zajac, J 2119079/170 | 0.80 | 0.80 | 260.00 | | F | 1 | *MATTER NAME: Chapter 11 Restructuring* DRAFT FEE EXAMINER RESPONSE EMAIL FOR B. RUBIN. |
| 03/25/10 Thu | Rubin, B 2119079/172 | 0.90 | 0.90 | 823.50 | 0.20 0.70 | F F | 1 2 | *MATTER NAME: Chapter 11 Restructuring* REVIEW AND COMMENT ON RESPONSE TO FEE EXAMINER (.2); REVIEW AND COMMENT ON FEE APPLICATION (.7). |
| 03/25/10 Thu | Zajac, J 2119079/171 | 0.20 | 0.20 | 65.00 | 0.10 0.10 | F F | 1 2 | *MATTER NAME: Chapter 11 Restructuring* EMAIL TO B. RUBIN REGARDING FEE STATEMENTS (.1); EMAIL TO FEE EXAMINER REGARDING PRELIMINARY REPORT (.1). |
| 03/30/10 Tue | Zajac, J 2119079/175 | 0.60 | 0.60 | 195.00 | | F | 1 | *MATTER NAME: Chapter 11 Restructuring* REVISE OCTOBER AND NOVEMBER FEE STATEMENTS. |
| 03/31/10 Wed | Zajac, J 2119079/178 | 1.30 | 1.30 | 422.50 | 0.70 0.10 0.10 0.10 0.30 | F F F F F | 1 2 3 4 5 | *MATTER NAME: Chapter 11 Restructuring* DRAFT EMAIL TO B. RUBIN REGARDING TRIBUNE PROCEEDING AND UPCOMING FEE STATEMENTS AND QUARTERLY APPLICATIONS (.7); CALL WITH B. RUBIN REGARDING SAME (.1); REVIEW SUPPLEMENTAL DECLARATION FOR MWE RETENTION (.1); EMAIL SAME TO B. RUBIN (.1); EMAIL TO LOCAL COUNSEL REGARDING FEE STATEMENTS (.3). |
| 04/13/10 Tue | Zajac, J 2128648/87 | 1.90 | 1.90 | 617.50 | | F | 1 | *MATTER NAME: Chapter 11 Restructuring* REVIEW MARCH PREBILLS FOR TRIBUNE TO ENSURE COMPLIANCE WITH LOCAL RULES FOR UPCOMING FEE STATEMENTS. |
| 04/14/10 Wed | Zajac, J 2128648/88 | 0.30 | 0.30 | 97.50 | 0.20 0.10 | F F | 1 2 | *MATTER NAME: Chapter 11 Restructuring* EMAILS TO M. SIMONS REGARDING FEE STATEMENTS (.2); EMAIL TO FEE EXAMINER REGARDING SAME (.1). |
| 04/20/10 Tue | Zajac, J 2128648/89 | 0.20 | 0.20 | 65.00 | | F | 1 | *MATTER NAME: Chapter 11 Restructuring* EMAIL TO M. SIMONS REGARDING REVISIONS TO INVOICES FOR UPCOMING FEE STATEMENTS. |
| 04/23/10 Fri | Zajac, J 2128648/91 | 0.30 | 0.30 | 97.50 | | F | 1 | *MATTER NAME: Chapter 11 Restructuring* REVIEW MARCH PREBILLS FOR COMPLIANCE WITH BANKRUPTCY RULES FOR UPCOMING FEE STATEMENTS. |
| 04/27/10 Tue | Zajac, J 2128648/93 | 0.20 | 0.20 | 65.00 | 0.10 0.10 | F F | 1 2 | *MATTER NAME: Chapter 11 Restructuring* MEETING WITH N. HAZAN REGARDING UPCOMING FEE STATEMENTS (.10); REVIEW NOTICE OF UPCOMING HEARING (.10). |
| 04/29/10 Thu | Zajac, J 2128648/103 | 2.90 | 2.90 | 942.50 | 0.20 1.30 0.50 0.90 | F F F F | 1 2 3 4 | *MATTER NAME: Chapter 11 Restructuring* REVIEW CUBS BILLS RE OMISSIONS FROM THE OCTOBER FEE STATEMENT (.2); DRAFT OCTOBER FEE STATEMENT FOR CUBS (1.3); REVIEW FEE EXAMINER'S FINAL REPORT RE 3RD QUARTERLY FEE APPLICATION (.5); BEGIN DRAFTING 4TH QUARTERLY FEE APPLICATION (.9). |

~ See the last page of exhibit for explanation

EXHIBIT F
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 04/30/10 Fri | Hazan, N 2128648/110 | 0.40 | 0.40 | 228.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring REVIEW AND CORRECT MONTHLY FEE APPLICATION FOR TRIBUNE CNLBC. |
| 04/30/10 Fri | Zajac, J 2128648/111 | 1.10 | 1.10 | 357.50 | 0.10 0.80 0.20 | F F F | 1 2 3 | MATTER NAME: Chapter 11 Restructuring REVIEW EMAIL FROM LOCAL COUNSEL REGARDING OMNIBUS ORDER (.10); CONTINUE TO DRAFT FOURTH QUARTERLY FEE APPLICATION (.8); EMAIL TO B. RUBIN REGARDING UPCOMING TRIBUNE HEARING (.2). |
| 05/03/10 Mon | Zajac, J 2133210/90 | 1.20 | 1.20 | 390.00 | 1.10 0.10 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring DRAFT NOVEMBER FEE STATEMENT (1.1); EMAIL WITH B. RUBIN REGARDING SAME (.1). |
| 05/05/10 Wed | Zajac, J 2133210/97 | 0.10 | 0.10 | 32.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring EMAIL FROM B. RUBIN REGARDING FEE STATEMENT. |
| 05/07/10 Fri | Zajac, J 2133210/102 | 0.20 | 0.20 | 65.00 | 0.10 0.10 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring EMAIL TO M. SIMONS REGARDING NOVEMBER FEE STATEMENTS (.1); EMAIL FROM LOCAL COUNSEL REGARDING OMNIBUS ORDER (.1). |
| 05/11/10 Tue | Zajac, J 2133210/108 | 0.50 | 0.50 | 162.50 | 0.30 0.20 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring REVIEW OMNIBUS ORDER (.3); EMAIL TO B. RUBIN REGARDING UPCOMING HEARING (.2). |
| 05/12/10 Wed | Hazan, N 2133210/114 | 0.40 | 0.40 | 228.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring REVIEW AND CORRECT FEE STATEMENT. |
| 05/12/10 Wed | Zajac, J 2133210/115 | 1.20 | 1.20 | 390.00 | 1.00 0.20 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring DRAFT AND REVISE NOVEMBER FEE STATEMENT (1.0); EMAILS WITH B. RUBIN RE SAME (.20). |
| 05/17/10 Mon | Zajac, J 2133210/123 | 2.30 | 2.30 | 747.50 | 0.90 0.20 0.10 0.30 0.10 0.30 0.40 | F F F F F F F | 1 2 3 4 5 6 7 | MATTER NAME: Chapter 11 Restructuring REVIEW APRIL PREBILLS FOR COMPLIANCE WITH BANKRUPTCY AND LOCAL RULES FOR UPCOMING FEE STATEMENTS (.90); EMAIL TO M. SIMONS RE SAME (.2); REVIEW HEARING AGENDA FOR 5/18 HEARING (.1); DRAFT PRO HAC MOTIONS FOR MYSELF AND N. HAZAN (.3); EMAIL LOCAL COUNSEL RE SAME (.1); EMAIL FROM B. RUBIN RE COMMENTS TO FEE STATEMENTS (.3); REVIEW CUBS JOINT ADMINISTRATION ORDER RE EXTENDING MWE RETENTION TO NEW DEBTOR (.4). |
| 05/18/10 Tue | Zajac, J 2133210/127 | 0.20 | 0.20 | 65.00 | 0.10 0.10 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring CALL WITH LOCAL COUNSEL RE HEARING (.1); EMAIL TO B. RUBIN AND N. HAZAN RE SAME (.1). |
| 05/19/10 Wed | Zajac, J 2133210/131 | 2.10 | 2.10 | 682.50 | 1.80 0.30 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring DRAFT AND REVISE DECEMBER FEE STATEMENT (1.8); DRAFT JANUARY FEE STATEMENT (.3). |

~ See the last page of exhibit for explanation

EXHIBIT F
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 05/20/10 Thu | Zajac, J 2133210/135 | 3.70 | 3.70 | 1,202.50 | 0.10 3.60 | F F | 1 2 | *MATTER NAME: Chapter 11 Restructuring* EMAIL M. SIMONS RE FEE STATEMENTS (.1); DRAFT AND REVISE JANUARY FEE STATEMENT (3.6). |
| 05/21/10 Fri | Zajac, J 2133210/138 | 1.10 | 1.10 | 357.50 | 0.10 0.10 0.10 0.40 0.20 0.10 0.10 | F F F F F F F | 1 2 3 4 5 6 7 | *MATTER NAME: Chapter 11 Restructuring* REVIEW FEE ORDER (.1); EMAIL TO B. RUIN RE SAME (.1); REVIEW EMAIL FROM M. SIMONS RE FEE STATEMENTS (.1); REVISE DECEMBER FEE STATEMENT (.4); EMAIL TO B. RUBIN RE FEE STATEMENTS (.2); EMAIL FROM LOCAL COUNSEL RE SAME (.1); REVISE JANUARY FEE STATEMENT (.1). |
| 05/26/10 Wed | Zajac, J 2133210/142 | 2.80 | 2.80 | 910.00 | | F | 1 | *MATTER NAME: Chapter 11 Restructuring* DRAFT FOURTH QUARTERLY FEE APPLICATION. |
| 05/27/10 Thu | Hazan, N 2133210/144 | 0.60 | 0.60 | 342.00 | | F | 1 | *MATTER NAME: Chapter 11 Restructuring* REVIEW AND CORRECT FOURTH QUARTERLY FEE APPLICATION. |
| 05/27/10 Thu | Zajac, J 2133210/145 | 2.60 | 2.60 | 845.00 | 0.10 0.90 0.20 1.40 | F F F F | 1 2 3 4 | *MATTER NAME: Chapter 11 Restructuring* EMAIL TO M. SIMONS RE JANUARY FEE STATEMENT (.1); DRAFT AND REVISE FOURTH QUARTERLY FEE APPLICATION (.9); REVISE DECEMBER FEE STATEMENT (.2); DRAFT AND REVISE JANUARY FEE STATEMENT (1.4). |
| 05/28/10 Fri | Zajac, J 2133210/148 | 0.30 | 0.30 | 97.50 | | F | 1 | *MATTER NAME: Chapter 11 Restructuring* REVISE FOURTH QUARTERLY FEE APPLICATION. |
| Total | | | 51.10 | $18,629.50 | | | | |
| Number of Entries: | 51 | | | | | | | |

~ See the last page of exhibit for explanation

EXHIBIT F

MCDERMOTT RETENTION/COMPENSATION

McDermott, Will & Emery

### SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Bloom, M | 0.90 | 229.50 |
| Hazan, N | 4.00 | 2,280.00 |
| Ravert, G | 1.30 | 760.50 |
| Rubin, B | 1.30 | 1,189.50 |
| Zajac, J | 43.60 | 14,170.00 |
| | 51.10 | $18,629.50 |

### SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Chapter 11 Restructuring | 51.10 | 18,629.50 |
| | 51.10 | $18,629.50 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL