# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE
## SEVENTH QUARTERLY FEE APPLICATION OF MCDERMOTT WILL & EMERY LLP

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Seventh Quarterly Fee Application of McDermott Will & Emery LLP* [Docket No. 6151] (the "**Fee Application**"). The Fee Application seeks approval of fees that total

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

$716,188.50 and reimbursement of expenses that total $4,885.44 for the period from June 1, 2010 through August 31, 2010. McDermott Will & Emery LLP ("**McDermott**") serves as Special Counsel to the Debtors for Domestic Legal Matters.

## Background

1.      On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' Chapter 11 cases for procedural purposes only.

2.      On December 26, 2008, the Debtors filed the *Application for an Order Authorizing Debtors to Employ and Retain McDermott Will & Emery LLP as Special Counsel for General Domestic Legal Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc Pro Tunc to the Petition Date* [Docket No. 141] (the "**Retention Application**"). By order dated March 12, 2009 [Docket 511], this Court approved the retention of McDermott (the "**Retention Order**").

3.      McDermott submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, (January 15, 2009) [Docket No. 225] (the "**Interim Compensation Order**").

## Applicable Standards

4.      In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

5.      The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure

(the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6.      Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F)*.

7.      A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable

component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

8.    The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to McDermott for review and comment. The firm submitted a written response to the Fee Examiner. After evaluation and consideration of the additional information provided by McDermott, the Fee Examiner submits this Final Report for the Court's consideration. This Final Report is in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of the applicant meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2, and will also inform the Court of all proposed consensual resolutions of the fee and/or expense reimbursement request for the professional and the basis for such proposed consensual resolution.

## DISCUSSION OF FINDINGS

### Technical Requirements

9.    **Reconciliation of Fees and Expenses.** The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application (**"Fees Requested"** and **"Expenses Requested"**) to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm (**"Fees Computed"** and **"Expenses Computed"**). The Fee Examiner determined that the Fees Requested exceed the Fees Computed by $59.50, resulting in an apparent overcharge. The discrepancy is the result of task hours within two entries that do not equal the time billed for the entries as a whole, as displayed below:

| Invoice Number | Entry Number | Timekeeper Name | Entry Date | Rate | Hours Billed | Hours Computed | Hour Difference | Fee Difference |
|---|---|---|---|---|---|---|---|---|
| **Overcharges** | | | | | | | | |
| 2146479 | 112 | Rubin | 06/10/10 | $915.00 | 1.70 | 1.60 | 0.10 | $91.50 |
| **Undercharges** | | | | | | | | |
| 2146476 | 137 | Chan | 06/02/10 | $320.00 | 3.70 | 3.80 | (0.10) | $(32.00) |
| | | | | **NET TOTAL DISCREPANCY** | | | 0.00 | $59.50 |

In response to the Preliminary Report, McDermott agreed to a voluntary fee reduction in the amount of $59.50. The Fee Examiner further determined that there is no discrepancy between the Expenses Requested and the Expenses Computed. The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

10. **Block Billing.** The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*. The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[2] With minimal exceptions, McDermott timekeepers did not block bill the fee entries.

11. **Time Increments.** The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*. The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines* ¶(b)(4)(v). The Fee Examiner confirmed that the firm recorded time entries in tenths of an hour.

## Review of Fees

12. **Firm Staffing.** The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an]

---

[2] The judicial response to block billing varies. Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007). Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*.  The Fee Application provided the names, positions, and hourly rates of the 41 McDermott professionals and paraprofessionals who billed to this matter, consisting of 25 partners, 3 counsel, 11 associates, 1 summer associate, and 1 legal assistant.  A summary of hours and fees billed by each timekeeper is displayed in **Exhibit A**.[3]

The firm billed a total of 1,099.10 hours with associated fees of $716,129.00.[4]  The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 825.40 | 75% | $626,752.50 | 88% |
| Counsel | 16.30 | 1% | 9,391.50 | 1% |
| Associate | 256.70 | 23% | 79,845.00 | 11% |
| Summer Associate | 0.50 | * | 90.00 | * |
| Legal Assistant | 0.20 | * | 50.00 | * |
| TOTAL | 1,099.10 | 100% | $716,129.00 | 100% |

* Less than 1%

The blended hourly rate for the McDermott professionals is $651.85 and the blended hourly rate for professionals and paraprofessionals is $651.56.

The Fee Examiner requested an explanation of the firm staffing that resulted in 75% of the hours and 88% of the fees being invoiced by firm partners.  McDermott responded to the Preliminary Report with an explanation of the primary matters on which the firm advised the Debtors during the seventh interim period and asserted that the matters were predominantly strategic and required significant partner participation.  McDermott expressed understanding of the Fee Examiner's

---

[3] This Final Report includes exhibits that detail and support the findings discussed herein.  Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits.  For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

[4] This amount reflects the Fees Computed.

concern with respect to staffing, and noted that after the seventh quarterly period the staffing adjusted in conjunction with the progression of the Debtors' cases. The Fee Examiner makes no recommendation for a fee reduction at this time, but will likewise continue to monitor the firm's staffing.

13.    **Hourly Rate Increases.** McDermott did not increase the hourly rate of any timekeeper during the interim period.

14.    **Timekeepers' Roles.** A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4)*. With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts. On the whole, each timekeeper appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals. However, the Fee Examiner requested additional information regarding the necessity and scope of the roles performed by several McDermott timekeepers. The fee entries invoiced by the individual in question were provided in **Exhibit B** to the Preliminary Report.

McDermott responded to the Fee Examiner's request by providing the position, knowledge/expertise, and specific contribution made by each of the timekeepers. After review and consideration of the additional information, the Fee Examiner questions the compensability of the fees invoiced by two individuals: a summer associate who edited a memorandum on LLC requirements and a legal assistant who billed for a conference regarding "new copyright assignment recordals" but no other activities or contributions. The Fee Examiner recommends a fee reduction of $140.00 for the fee entries displayed in the revised Exhibit B included with this report.

15.    **Meetings, Conferences, Hearings, and Other Events.** The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" (*Local Rule 2016-2(d)(ix)*), and the

UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines* ¶*(b)(4)(v)*. While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

      The Fee Examiner identified occasions where two or more McDermott timekeepers attended the same meeting, conference, hearing, or other event. Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees. The entries, totaling 45.45 hours with $35,193.25 in associated fees, displayed in **Exhibit C** to the Preliminary Report. In each instance where multiple timekeepers attended a meeting, conference, hearing or other event, the Fee Examiner identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the attorney leading rather than observing a conference). The potentially duplicative and unnecessary timekeepers' entries total 31.50 hours with $22,591.00 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner requested that the firm provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event.

      In response to the Preliminary Report, McDermott provided the Fee Examiner with a lengthy and detailed explanation of the specific subject matter and purpose of the meetings in question, as well as the role of the various participants. The extensive detail satisfies the requirements of the Local Rules and UST Guidelines, and after analysis of same the Fee Examiner makes no recommendation for a fee reduction. Exhibit C is omitted from this report.

     16.   **Intraoffice Conferences.** Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified billing activities by McDermott timekeepers describing intraoffice conferences totaling

54.15 hours with $34,640.00 in associated fees, or approximately 5% of the Fees Computed, as displayed in **Exhibit D** to the Preliminary Report.   The Fee Examiner observed that in certain instances, two or more timekeepers invoiced fees associated with the same intraoffice conference.   The entries describing intraoffice conferences invoiced by two or more firm personnel total 19.55 hours with $11,884.00 in associated fees and are highlighted in bold and marked with an ampersand [&] in the exhibit.    The Fee Examiner notes the continued drop of fees resulting from intrafirm communication, and requested that the firm minimize the costs resulting from intrafirm communication, but makes no recommendation for a related fee reduction.  McDermott stated that the firm will continue to monitor the level if intraoffice conferences and encourage timekeepers to work efficiently and keep such conferences to a minimum.   Exhibit D is omitted from this report.

17.    **Complete and Detailed Task Descriptions.**  Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary."   The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*.  The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication.   Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*. McDermott timekeepers sufficiently described the services performed.

18.    **Administrative Activities.**  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm.  The Fee Examiner identified fee entries describing the administrative function of reviewing and

revising pre-bills and invoices.    Although firms may seek reimbursement for fees resulting from the preparation of fee applications, revising bills to comply with applicable guidelines remains an administrative function.    The entries were displayed in **Exhibit E** to the Preliminary Report.

The firm responded by identifying certain activities which required legal knowledge and familiarity with the bankruptcy rules and procedures, while also conceding that such work is partly administrative in nature.    The result of communication between McDermott and the Fee Examiner is a voluntary fee reduction in the amount of $1,608.75 (50% of the questioned fees).    Exhibit E is omitted from this report.

19.    **Clerical Activities.**    Clerical activities are tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel[5] or tasks with a market value less than the rate charged by the firm.    The Fee Examiner did not identify any clerical activities.

20.    **Travel.**    The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*. Two McDermott timekeepers billed non-working travel time at the full hourly rate.    However, McDermott's application adjusted the Fees Requested with the net effect of reducing the hourly rate for the entries to 50% of the regular hourly rate. *Fee Application, p. 1, n.1.*

21.    **McDermott Retention/Compensation.**    McDermott billed 51.60 hours with associated fees of $18,202.00 to prepare the firm's retention documents and applications for compensation, approximately 3% of the Fees Computed.    The fee entries describing McDermott's

---

[5] "Duties appropriate for office staff are considered part of a professional's overhead expenses and may not be billed to the estate." *Fibermark*, 349 B.R. at 397; *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758 769 (Bankr. E.D.N.Y. 2005) (overhead not compensable); *but see Bennett Funding*, 213 B.R. at 247-48 (discussing differing approaches to clerical work at professional rates).    These overhead activities may include: mailing; photocopying, word processing (including the creation of templates), formatting, creating spreadsheets, printing, organizing files, checking for docket updates, creating binders, and secretarial overtime. *Fibermark*, 349 B.R. at 396-97.

retention/compensation activities are displayed in **Exhibit F**, which is included in this Final Report for the Court's reference.

**Review of Expenses**

22.    **Itemization of Expenses.**  The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the charge, if available." *Local Rule 2016-2(e)(i-ii)*.  The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.  Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*.  McDermott provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

23.    **Photocopies.**  The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii)*.  The Fee Application stated that the firm "charged the Debtors the maximum permitted amount of $.10 per page."  However, the Fee Examiner identified several copies billed at $0.20 per page.  The overcharge for duplication charges amounts to $27.30 as reflected in **Exhibit G**.  McDermott stated that the $0.20 per page copies were an inadvertent mistake and agreed to a $27.30 expense reduction; as the firm was already paid the overcharge, McDermott will reduce the firm's next monthly fee statement by $27.30.

24.    **Vaguely Described Travel Expenses.**  The Fee Examiner requested that McDermott provide a detailed explanation of each travel expense displayed in **Exhibit H** to the Preliminary Report.

The firm complied with the request, and after analysis of the additional detail the Fee Examiner makes no recommendation for an expense reduction.

## CONCLUSION

The Fee Examiner submits this final report regarding the Application and the fees and expenses discussed above.  The Fee Examiner recommends the approval of fees in the amount of $714,380.25 ($716,188.50 minus $1,808.25) and reimbursement of expenses in the amount of $4,858.14 ($4,885.44 minus $27.30) for the period from June 1, 2010 through August 31, 2010.  The findings are summarized in the attached Appendix A.

Respectfully submitted,

**STUART MAUE**

By: _____
W. Andrew Dalton
3840 McKelvey Road
St. Louis, Missouri 63044
Telephone:  (314) 291-3030
Facsimile:  (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

## APPENDIX A

**MCDERMOTT WILL & EMERY LLP**

### SUMMARY OF FINDINGS

#### Seventh Quarterly Fee Application (June 1, 2010 through August 31, 2010)

**A.    Amounts Requested and Computed**

| | | |
|---|---|---|
| Fees Requested | $716,188.50 | |
| Expenses Requested | 4,885.44 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $721,073.94 |
| | | |
| Fees Computed | $716,129.00 | |
| Expenses Computed | 4,885.44 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $721,014.44 |
| | | |
| Discrepancy in Fees | $      59.50 | |
| | | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $      59.50 |

**B.    Recommended Fee Allowance and Expense Reimbursement**

| | | |
|---|---|---|
| Fees Requested | $716,188.50 | |
| *Agreed Reduction for Discrepancy in Fees* | | *($     59.50)* |
| *Recommended Reduction for Timekeepers' Roles* | | *(140.00)* |
| *Agreed Reduction for Administrative Activities* | | *(1,608.75)* |
| Subtotal | | *($1,808.25)* |
| | | |
| RECOMMENDED FEE ALLOWANCE | | $714,380.25 |
| | | |
| Expenses Requested | $4,885.44 | |
| *Agreed Reduction for Photocopies* | | *($27.30)* |
| Subtotal | | *($27.30)* |
| | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 4,858.14 |
| | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $719,238.39 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 2nd day of June, 2011.

Joseph J. McMahon, Jr., Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE  19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE  19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE  19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE  19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Mr. James F. Conlan
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY  10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY  10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE  19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY  10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Blake D. Rubin, Esq.
McDermott Will & Emery LLP
600 13th Street N.W.
Washington, DC  20005-3096

W. Andrew Dalton

-14-

### SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL
### COMPUTED AT STANDARD RATES
**McDermott, Will & Emery**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| 0342 | Rubin, Blake D. | PARTNER | $915.00 | $915.00 | 222.30 | $203,404.50 |
| 0343 | Whiteway, Andrea M. | PARTNER | $750.00 | $750.00 | 243.30 | $182,475.00 |
| 1086 | Wilder, Michael J. | PARTNER | $690.00 | $690.00 | 112.10 | $77,349.00 |
| 0344 | Finkelstein, Jon G. | PARTNER | $580.00 | $580.00 | 51.70 | $29,986.00 |
| 6673 | Levine, Philip J. | PARTNER | $835.00 | $835.00 | 33.70 | $28,139.50 |
| 2810 | Merten, William W. | PARTNER | $357.50 | $715.00 | 39.60 | $27,599.00 |
| 9626 | Pawlow, Jean A. | PARTNER | $390.00 | $780.00 | 29.40 | $20,202.00 |
| 7142 | Gordon, Amy M. | PARTNER | $610.00 | $610.00 | 24.00 | $14,640.00 |
| 5642 | Graham, Michael T. | PARTNER | $565.00 | $565.00 | 22.00 | $12,430.00 |
| 803 | Compernolle, Paul J. | PARTNER | $715.00 | $715.00 | 16.50 | $11,797.50 |
| 8981 | Turney, Andrew T. | PARTNER | $480.00 | $480.00 | 7.80 | $3,744.00 |
| 1551 | Gruemmer, Brooks B. | PARTNER | $690.00 | $690.00 | 4.80 | $3,312.00 |
| 2812 | Peters Schaefer, Susan | PARTNER | $715.00 | $715.00 | 4.60 | $3,289.00 |
| 8422 | Hazan, Nava | PARTNER | $570.00 | $570.00 | 4.40 | $2,508.00 |
| 323 | Schuman, William P. | PARTNER | $740.00 | $740.00 | 1.60 | $1,184.00 |
| 2998 | Orsic, Eric | PARTNER | $595.00 | $595.00 | 1.60 | $952.00 |
| 3051 | Bilut, Mark A. | PARTNER | $595.00 | $595.00 | 1.30 | $773.50 |
| 6395 | Harris, Ryan D. | PARTNER | $515.00 | $515.00 | 1.50 | $772.50 |
| 280 | White, Neal J. | PARTNER | $740.00 | $740.00 | 0.80 | $592.00 |
| 4378 | Greenhouse, Robin L. | PARTNER | $730.00 | $730.00 | 0.80 | $584.00 |
| 751 | Zucker, Daniel N. | PARTNER | $795.00 | $795.00 | 0.30 | $238.50 |
| 298 | Schreck Jr., Robert A. | PARTNER | $740.00 | $740.00 | 0.30 | $222.00 |
| 7456 | Weyeneth, Jamie A. | PARTNER | $530.00 | $530.00 | 0.40 | $212.00 |
| 2839 | Wagner, Jeffrey C. | PARTNER | $665.00 | $665.00 | 0.30 | $199.50 |
| 0266 | Spencer, Kevin | PARTNER | $490.00 | $490.00 | 0.30 | $147.00 |

No. of Billers for Position: 25    Blended Rate for Position: $759.33    825.40    $626,752.50

% of Total: 75.10%    % of Total: 87.52%

| 1504 | O'Brien, Maureen | COUNSEL | $560.00 | $560.00 | 14.00 | $7,840.00 |
|---|---|---|---|---|---|---|
| 2816 | Granados III, Luis L. | COUNSEL | $630.00 | $630.00 | 1.80 | $1,134.00 |
| 2572 | Feldgarden, Robert | COUNSEL | $835.00 | $835.00 | 0.50 | $417.50 |

### SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL
### COMPUTED AT STANDARD RATES
**McDermott, Will & Emery**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|----------|------|----------|--------------|--------------|----------------|---------------|
| | No. of Billers for Position: 3 | Blended Rate for Position: | $576.17 | | 16.30 | $9,391.50 |
| | | | | | % of Total: 1.48% | % of Total: 1.31% |
| 0109 | Chan, Gale E. | ASSOCIATE | $320.00 | $320.00 | 117.70 | $37,664.00 |
| 1242 | Blair-Stanek, Andrew | ASSOCIATE | $280.00 | $280.00 | 70.30 | $19,684.00 |
| 0024 | Zajac, Jared D. | ASSOCIATE | $325.00 | $325.00 | 47.00 | $15,275.00 |
| 8466 | Fuchs, Daniel S. | ASSOCIATE | $315.00 | $315.00 | 7.70 | $2,425.50 |
| 6832 | Holdvogt, Jeffrey M. | ASSOCIATE | $420.00 | $420.00 | 5.10 | $2,142.00 |
| 8450 | Shuman, Timothy S. | ASSOCIATE | $320.00 | $320.00 | 3.00 | $960.00 |
| 9945 | Tiemann, Brian J. | ASSOCIATE | $280.00 | $280.00 | 2.90 | $812.00 |
| 9943 | Skelton, Julie M. | ASSOCIATE | $280.00 | $280.00 | 1.10 | $308.00 |
| 9935 | Isaac, James G. | ASSOCIATE | $280.00 | $280.00 | 1.00 | $280.00 |
| 9200 | Kerpen, Joanna C. | ASSOCIATE | $345.00 | $345.00 | 0.50 | $172.50 |
| 9085 | McCurry, Patrick J. | ASSOCIATE | $305.00 | $305.00 | 0.40 | $122.00 |
| | No. of Billers for Position: 11 | Blended Rate for Position: | $311.04 | | 256.70 | $79,845.00 |
| | | | | | % of Total: 23.36% | % of Total: 11.15% |
| 1160 | Rupp, Matthew | SUMMER ASSOC. | $180.00 | $180.00 | 0.50 | $90.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $180.00 | | 0.50 | $90.00 |
| | | | | | % of Total: 0.05% | % of Total: 0.01% |
| 8454 | Walsh, Kelly | LEGAL ASSISTANT | $250.00 | $250.00 | 0.20 | $50.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $250.00 | | 0.20 | $50.00 |
| | | | | | % of Total: 0.02% | % of Total: 0.01% |
| | Total No. of Billers: 41 | Blended Rate for Report: | $651.56 | | 1,099.10 | $716,129.00 |

EXHIBIT B

QUESTIONED TIMEKEEPERS

McDermott, Will & Emery

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Rupp, M | 0.50 | 90.00 |
| Walsh, K | 0.20 | 50.00 |
| | 0.70 | $140.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Post Closing Matters | 0.70 | 140.00 |
| | 0.70 | $140.00 |

EXHIBIT B
QUESTIONED TIMEKEEPERS
McDermott, Will & Emery

| TIMEKEEPER NAME | DATE | | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|
| Rupp, M | 07/09/10 | Fri | 0.50 | 0.50 | 90.00 | 0.20 | F | 1 | *MATTER NAME: Post Closing Matters* <br> REVIEW LLC AGREEMENT FOR VARIOUS REQUIREMENTS AND RESTRICTIONS ON THE PARTIES (.20); |
| | 2159177/1 | | | | | 0.30 | F | 2 | EDIT DRAFT MEMORANDUM ON LLC AGREEMENT REQUIREMENTS AND RESTRICTIONS (.30). |
| | NUMBER OF ENTRIES: | | 1 | 0.50 | 90.00 | | | | |
| Walsh, K | 05/19/10 | Wed | 0.20 | 0.20 | 50.00 | | F | 1 | *MATTER NAME: Post Closing Matters* <br> CONFER WITH J. MIKULINA REGARDING NEW COPYRIGHT ASSIGNMENT RECORDALS. |
| | 2146477/1 | | | | | | | | |
| | NUMBER OF ENTRIES: | | 1 | 0.20 | 50.00 | | | | |
| Total | | | | 0.70 | $140.00 | | | | |
| Number of Entries: | | 2 | | | | | | | |

EXHIBIT B

QUESTIONED TIMEKEEPERS

McDermott, Will & Emery

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Rupp, M | 0.50 | 90.00 |
| Walsh, K | 0.20 | 50.00 |
| | 0.70 | $140.00 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Post Closing Matters | 0.70 | 140.00 |
| | 0.70 | $140.00 |

(–) REASONS FOR TASK HOUR ASSIGNMENTS

F       FINAL BILL

EXHIBIT F

MCDERMOTT RETENTION/COMPENSATION

McDermott, Will & Emery

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Hazan, N | 4.40 | 2,508.00 |
| Rubin, B | 0.60 | 549.00 |
| Zajac, J | 46.60 | 15,145.00 |
| | 51.60 | $18,202.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Chapter 11 Restructuring | 51.60 | 18,202.00 |
| | 51.60 | $18,202.00 |

EXHIBIT F
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 06/02/10 Wed | Hazan, N 2146476/135 | 0.40 | 0.40 | 228.00 | | F | 1 | *MATTER NAME: Chapter 11 Restructuring*<br>REVIEW AND CORRECT MONTHLY APPLICATION FOR DECEMBER |
| 06/02/10 Wed | Zajac, J 2146476/136 | 5.00 | 5.00 | 1,625.00 | 0.90<br>3.40<br>0.70 | F<br>F<br>F | 1<br>2<br>3 | *MATTER NAME: Chapter 11 Restructuring*<br>REVISIONS TO JANUARY FEE STATEMENT (.9):<br>DRAFT FEBRUARY FEE STATEMENT (3.4):<br>REVISIONS TO DECEMBER FEE STATEMENT (.7). |
| 06/03/10 Thu | Hazan, N 2146476/141 | 1.20 | 1.20 | 684.00 | 0.40<br>0.40<br>0.40 | F<br>F<br>F | 1<br>2<br>3 | *MATTER NAME: Chapter 11 Restructuring*<br>REVIEW AND REVISE DECEMBER FEE STATEMENT (.40):<br>REVIEW AND REVISE JANUARY FEE STATEMENT (.40):<br>REVIEW AND CORRECT FEBRUARY FEE STATEMENT (.40). |
| 06/03/10 Thu | Zajac, J 2146476/140 | 2.80 | 2.80 | 910.00 | 0.30<br>1.20<br>1.30 | F<br>F<br>F | 1<br>2<br>3 | *MATTER NAME: Chapter 11 Restructuring*<br>EMAILS TO M. SIMONS RE JANUARY THROUGH FEBRUARY FEE STATEMENTS (.3):<br>REVISIONS TO DECEMBER, JANUARY AND FEBRUARY FEE STATEMENTS (1.2):<br>DRAFT MARCH FEE STATEMENT (1.3). |
| 06/04/10 Fri | Zajac, J 2146476/146 | 3.40 | 3.40 | 1,105.00 | 0.30<br>0.40<br>0.10<br>2.60 | F<br>F<br>F<br>F | 1<br>2<br>3<br>4 | *MATTER NAME: Chapter 11 Restructuring*<br>EMAILS WITH B. RUBIN RE DECEMBER - FEBRUARY FEE STATEMENTS (.3):<br>REVISIONS REGARDING SAME (.4):<br>EXECUTE FOURTH QUARTERLY FEE APPLICATION (.1):<br>REVIEW MAY PREBILLS TO ENSURE COMPLIANCE WITH BANKRUPTCY AND LOCAL RULES FOR UPCOMING FEE STATEMENTS (2.6). |
| 06/07/10 Mon | Zajac, J 2146476/154 | 2.70 | 2.70 | 877.50 | 0.30<br>0.20<br>0.20<br>0.20<br>1.80 | F<br>F<br>F<br>F<br>F | 1<br>2<br>3<br>4<br>5 | *MATTER NAME: Chapter 11 Restructuring*<br>EMAILS WITH M. SIMONS RE MAY INVOICES FOR FEE STATEMENT (.3):<br>EMAIL TO M. SIMONS RE LEDES FILES (.2):<br>REVISIONS TO FOURTH QUARTERLY APPLICATION (.20):<br>EMAILS WITH B. RUBIN RE DEC - FEB FEE STATEMENTS (.2):<br>DRAFT FIFTH QUARTERLY FEE APPLICATION (1.8). |
| 06/08/10 Tue | Hazan, N 2146476/160 | 0.60 | 0.60 | 342.00 | | F | 1 | *MATTER NAME: Chapter 11 Restructuring*<br>REVIEW AND CORRECT FIFTH FEE APPLICATION. |
| 06/08/10 Tue | Zajac, J 2146476/159 | 2.60 | 2.60 | 845.00 | 2.20<br>0.40 | F<br>F | 1<br>2 | *MATTER NAME: Chapter 11 Restructuring*<br>DRAFT AND REVISE 5TH QUARTERLY FEE STATEMENT (2.2):<br>DRAFT MARCH FEE STATEMENT (.4). |
| 06/21/10 Mon | Zajac, J 2146476/176 | 0.60 | 0.60 | 195.00 | 0.20<br>0.40 | F<br>F | 1<br>2 | *MATTER NAME: Chapter 11 Restructuring*<br>EMAILS WITH M. SIMONS RE OCTOBER PAYMENTS FROM DEBTORS RE FEE STATEMENT REDUCTION (.2):<br>REVISIONS TO 5TH QUARTERLY FEE APPLICATION (.4). |
| 06/24/10 Thu | Zajac, J 2146476/190 | 0.20 | 0.20 | 65.00 | | F | 1 | *MATTER NAME: Chapter 11 Restructuring*<br>EMAIL M. SIMONS RE PAST FEE STATEMENTS |

~ See the last page of exhibit for explanation

EXHIBIT F

MCDERMOTT RETENTION/COMPENSATION

McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|-----------|---|---|-------------|
| 06/29/10 Tue | Zajac, J 2146476/206 | 0.20 | 0.20 | 65.00 | 0.10 0.10 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring EXECUTE FEE APPLICATION (.1); CALL WITH LOCAL COUNSEL RE SAME (.1). |
| 07/06/10 Tue | Zajac, J 2159145/90 | 1.60 | 1.60 | 520.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring DRAFT MARCH FEE STATEMENT. |
| 07/08/10 Thu | Zajac, J 2159145/98 | 4.70 | 4.70 | 1,527.50 | 2.30 2.40 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring DRAFT APRIL FEE STATEMENT (2.3); DRAFT MAY FEE STATEMENT (2.4). |
| 07/09/10 Fri | Hazan, N 2159145/104 | 1.20 | 1.20 | 684.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring REVIEW AND CORRECT MARCH, APRIL AND MAY FEE STATEMENT. |
| 07/09/10 Fri | Zajac, J 2159145/103 | 0.40 | 0.40 | 130.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring REVISIONS TO FEE STATEMENTS. |
| 07/12/10 Mon | Zajac, J 2159145/106 | 1.70 | 1.70 | 552.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring REVIEW AND REVISE JUNE PREBILLS TO ENSURE COMPLIANCE WITH BANKRUPTCY RULES FOR UPCOMING FEE STATEMENTS. |
| 07/13/10 Tue | Zajac, J 2159145/112 | 2.20 | 2.20 | 715.00 | 0.30 1.90 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring EMAIL TO M. SIMONS RE PREBILL REVISIONS (.3); DRAFT SIXTH QUARTERLY APPLICATION (1.90). |
| 07/14/10 Wed | Zajac, J 2159145/120 | 1.60 | 1.60 | 520.00 | 0.20 1.40 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring REVISIONS TO FEE STATEMENTS (.2); DRAFT AND REVISE 6TH QUARTERLY APPLICATION (1.4). |
| 07/15/10 Thu | Zajac, J 2159145/125 | 0.80 | 0.80 | 260.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring REVIEW REVISIONS TO INVOICES TO ENSURE COMPLIANCE WITH BANKRUPTCY RULES FOR FEE STATEMENTS. |
| 07/19/10 Mon | Zajac, J 2159145/143 | 0.40 | 0.40 | 130.00 | 0.20 0.20 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring REVIEW TRIBUNE FEE STATEMENTS RE FEES RECEIVED (.2); EMAILS TO M. SIMONS RE SAME (.2). |
| 07/23/10 Fri | Zajac, J 2159145/172 | 4.70 | 4.70 | 1,527.50 | 1.10 3.60 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring REVIEW JUNE INVOICES RE COMPLIANCE WITH BANKRUPTCY RULES (1.1); DRAFT AND REVISE JUNE FEE STATEMENT (3.6). |
| 08/03/10 Tue | Zajac, J 2169700/89 | 1.80 | 1.80 | 585.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring DRAFT JUNE FEE STATEMENT. |
| 08/04/10 Wed | Zajac, J 2169700/97 | 0.50 | 0.50 | 162.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring DRAFT JUNE FEE STATEMENT. |

~ See the last page of exhibit for explanation

EXHIBIT F
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| 08/06/10 Fri | Zajac, J 2169700/110 | 1.30 | 1.30 | 422.50 | 0.30 0.10 0.60 0.30 | F 1 F 2 F 3 F 4 | MATTER NAME: Chapter 11 Restructuring REVIEW SUMMARY RE LBO REPORT (.30); CALL WITH M. SIMONS RE FEE STATEMENT REVISIONS (.10); REVISE JUNE FEE STATEMENT (.60); REVISE MARCH, APRIL AND MAY STATEMENTS (.30). |
| 08/09/10 Mon | Hazan, N 2169700/119 | 0.50 | 0.50 | 285.00 | | F 1 | MATTER NAME: Chapter 11 Restructuring REVIEW JUNE FEE STATEMENT. |
| 08/09/10 Mon | Zajac, J 2169700/118 | 2.40 | 2.40 | 780.00 | 2.10 0.30 | F 1 F 2 | MATTER NAME: Chapter 11 Restructuring REVIEW AND REVISE JULY PREBILLS TO ENSURE COMPLIANCE WITH BANKRUPTCY RULES FOR JULY FEE STATEMENT (2.1); REVISIONS TO MARCH, APRIL, MAY AND JUNE FEE STATEMENTS (.3). |
| 08/10/10 Tue | Zajac, J 2169700/127 | 0.60 | 0.60 | 195.00 | | F 1 | MATTER NAME: Chapter 11 Restructuring REVISIONS RE MARCH, APRIL AND MAY AND JUNE FEE STATEMENTS. |
| 08/11/10 Wed | Zajac, J 2169700/133 | 0.90 | 0.90 | 292.50 | 0.10 0.20 0.20 0.40 | F 1 F 2 F 3 F 4 | MATTER NAME: Chapter 11 Restructuring REVIEW EMAIL FROM B. RUBIN RE FEE REVISIONS (.1); MEETING WITH N. HAZAN RE SAME (.2); EMAIL TO M. SIMONS RE SAME (.2); EMAIL TO LOCAL COUNSEL RE FEE STATEMENTS (.4). |
| 08/13/10 Fri | Hazan, N 2169700/142 | 0.50 | 0.50 | 285.00 | | F 1 | MATTER NAME: Chapter 11 Restructuring REVIEW 6TH INTERIM FEE STATEMENT. |
| 08/13/10 Fri | Zajac, J 2169700/143 | 2.20 | 2.20 | 715.00 | 0.60 1.60 | F 1 F 2 | MATTER NAME: Chapter 11 Restructuring REVISIONS TO 6TH QUARTERLY FEE STATEMENT (.6); BEGIN DRAFTING JULY FEE STATEMENT (1.6). |
| 08/17/10 Tue | Zajac, J 2169700/147 | 0.10 | 0.10 | 32.50 | | F 1 | MATTER NAME: Chapter 11 Restructuring EMAIL M. SIMONS RE MARCH-JUNE FEE STATEMENTS. |
| 08/19/10 Thu | Zajac, J 2169700/153 | 0.80 | 0.80 | 260.00 | | F 1 | MATTER NAME: Chapter 11 Restructuring PREPARE LEDES FILED RE MARCH - JUNE FEE STATEMENTS. |
| 08/23/10 Mon | Zajac, J 2169700/158 | 0.10 | 0.10 | 32.50 | | F 1 | MATTER NAME: Chapter 11 Restructuring EMAIL B. RUBIN RE 6TH QUARTERLY APPLICATION. |
| 08/30/10 Mon | Rubin, B 2169700/165 | 3.20 | 0.60 | 549.00 | 0.60 2.60 | F 1 F 2 | MATTER NAME: Chapter 11 Restructuring REVIEW AND FINALIZE FEE APPLICATION (.6); RESEARCH AND ANALYSIS REGARDING EMERGENCE TAX ISSUES (2.6). |
| 08/31/10 Tue | Zajac, J 2169700/166 | 0.30 | 0.30 | 97.50 | | F 1 | MATTER NAME: Chapter 11 Restructuring FINALIZE 6TH QUARTERLY APPLICATION FOR FILING. |

~ See the last page of exhibit for explanation

EXHIBIT F
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|-------------|
| Total | | | 51.60 | $18,202.00 | | | |
| Number of Entries: | 35 | | | | | | |

EXHIBIT F

MCDERMOTT RETENTION/COMPENSATION

McDermott, Will & Emery

## SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Hazan, N | 4.40 | 2,508.00 |
| Rubin, B | 0.60 | 549.00 |
| Zajac, J | 46.60 | 15,145.00 |
| | 51.60 | $18,202.00 |

## SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Chapter 11 Restructuring | 51.60 | 18,202.00 |
| | 51.60 | $18,202.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL

EXHIBIT G

Photocopies

McDermott, Will & Emery

| DATE | INVOICE/ENTRY# | AMOUNT BILLED | QUESTIONED AMOUNT | DESCRIPTION |
|------|----------------|---------------|-------------------|-------------|
| | | | | *MATTER NAME: 515 - Chapter 11 Restructuring* |
| 06/01/10 | 2146476/8 | 27.00 | 13.50 | PHOTOCOPY |
| | | | | 85Number of units: 135 |
| | | | | *MATTER NAME: 507 - Newsday* |
| 06/01/10 | 2146479/7 | 17.40 | 8.70 | PHOTOCOPY |
| | | | | 36Number of units: 87 |
| | | | | *MATTER NAME: 520 - All Direct Mail Services, Inc.* |
| 06/02/10 | 2159146/11 | 10.20 | 5.10 | PHOTOCOPY |
| | | | | 5Number of units: 51 |
| | | $54.60 | $27.30 | |