UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| **TRIBUNE COMPANY,** *et al.*, ) | |
| ) | Case No. 08-13141 (KJC) |
| **Debtors.** ) | Jointly Administered |
| ) | Re: Docket No. 9012 |

**SAM ZELL'S LIMITED OBJECTION TO THE COMMITTEE'S
SECOND MOTION TO AMEND THE DEFINITION OF "TERMINATING EVENT"**

Sam Zell ("Mr. Zell") respectfully submits this limited objection to the Second Motion to Amend Definition of "Termination Event" In Orders Granting Official Committee of Unsecured Creditors Standing and Authority to Commence, Prosecute, Settle and Recover Certain Cause of Action on Behalf of the Debtors' Estates (the "Committee's Motion") that was filed by the Official Committee of Unsecured Creditors (the "Committee") on May 27, 2011 [Dkt. No. 9012].

Consistent with and incorporating his Limited Objection to the Committee's first Motion to Amend Definition of "Termination Event", [Dkt. No. 8616] Mr. Zell objects to the Committee's Motion to the extent that it would delay his right to file appropriate motions in response to the purported claims asserted against him in an amended complaint filed by the Committee, *Official Committee of Unsecured Creditors of Tribune Co., et al. v. FitzSimons*, *et al.*, Adversary Proceeding No. 10-54010.

As this Court is aware, Mr. Zell has been compelled to file a motion for clarification that leave is not necessary simply to *serve* his Rule 9011 motion upon the Committee and its counsel based on their assertion that the Stay Order allows them to avoid their professional obligations. [Dkt. No. 8478.]   That motion was taken under advisement at the hearing on April 25, 2011.  On

135030.01600/40195458v.1

May 18, 2011, Mr. Zell filed an alternative proposed order, attached as Exhibit A to this limited objection, that would allow him *to serve but not file* his Rule 9011 motion.  Mr. Zell's limited objection to the Committee's pending motion would be resolved by the Court entering the proposed order attached as Exhibit A.

Mr. Zell files this limited objection to preserve his objection that the Committee has no standing to prosecute the claims alleged against him and to continue to seek the opportunity, without further delay, to expose those claims as frivolous.

## CONCLUSION

For the foregoing reasons, this Court should sustain Mr. Zell's limited objection to the Committee's Motion or, in the alternative, enter the proposed order attached as Exhibit A.

Respectfully submitted,

Dated: June 3, 2011             **BLANK ROME LLP**

By:  /s/ *David W. Carickhoff*
David W. Carickhoff (DE No. 3715)
1201 Market Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 425-6400

and

**JENNER & BLOCK LLP**
David J. Bradford (admitted *pro hac vice*)
Catherine L. Steege (admitted *pro hac vice*)
Douglas A. Sondgeroth (admitted *pro hac vice*)
Andrew W. Vail (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
Telephone: (312) 222-9350

*Counsel for Samuel Zell*