IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,<br><br>                  Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>(Jointly Administered)<br>Related To Docket No. 8740 |

**CERTIFICATION OF COUNSEL FOR WILLIAM A. NIESE, ET. AL., CONCERNING COMMENCEMENT OF STATE LAW CONSTRUCTIVE FRAUD ACTIONS**

Teitelbaum & Baskin, LLP[1], as attorneys for William A. Niese and 186 other retirees (the "**Retiree SLCF Plaintiffs**") of The Times Mirror Company ("**Times Mirror**") and/or Tribune Company and one or more affiliates of Tribune Company ("**Tribune**"), pursuant to this Court's order dated April 25, 2011 (the "SLCFC Order"), respectfully submit this statement:

1. On June 2, 2011, the Retiree SLCF Plaintiffs commenced four state court actions seeking to avoid and recover at least $109 Million of alleged fraudulent transfers made to shareholders of Tribune in connection with the 2007 leveraged buyout transaction of Tribune pursuant to the constructive fraudulent transfer provisions of the Uniform Fraudulent Transfer Act of Illinois (S.H.A. 740 ILCS 160 *et. seq.*).

2. The four Retiree SLCF Actions are identified as follows:

    a. *William A. Niese, et. al., v. Alliance Bernstein L.P.*, Index No. 651516/2011 (New York State Supreme Court, New York County);

---

[1] Jay Teitelbaum, a principal of Teitelbaum & Baskin is admitted *pro hac vice* in these Bankruptcy Cases in connection with the representation of William A. Niese (Mr. Niese's is a creditor of Tribune and a member of the Creditors' Committee) and approximately 193 other retirees of Times Mirror, each of which is a creditor of Tribune or a subsidiary of Tribune (collectively, the "TM Retirees"). Adam Hiller, now with the firm of Hiller & Arban, is Delaware counsel to the TM Retirees.

b. *William A. Niese, et. al., v. Chandler Trust No. 1. et al.*, Case No. BC 462791 (Superior Court of the State of California, For the County of Los Angeles);

c. *William A. Niese, et al v. A.G. Edwards, Inc. et al.*, C.A. No. N11C-06-015 FSS (Superior Court of the State of Delaware in and for New Castle County); and

d. *William A. Niese, et al. v. ABN AMRO Clearing Chicago LLC, et al.* Case No. 2011L005723 (Circuit Court of Cook County, Illinois, County Department, Law Division)

3. In the Preliminary Statement of each Retiree SLCF Action, the Retiree SLCF Plaintiffs allege:

In 2000, Times Mirror was merged into Tribune, with Tribune as the surviving entity. Tribune, among other things, assumed various obligations and commitments to the Plaintiffs, most of whom had given a lifetime of service to Times Mirror. In 2007, during the peak of the financial excesses, Tribune, pressured by its majority shareholders and lured by a scheme orchestrated by Sam Zell, abandoned its duties and obligations to its retirees, its employees and its creditors. Tribune incurred approximately $11 Billion in debt to complete a leveraged buyout transaction (the "**LBO Transaction**") which contemplated the use of approximately $8 Billion of such borrowed funds to purchase, repurchase, redeem and/or cancel the publicly held common stock of Tribune and the Tribune Entities by and through a private Employee Stock Ownership Plan (the "**ESOP**") for no consideration to Tribune and the Tribune Entities. The LBO Transaction not only lined the pockets of certain Tribune's insiders and controlling shareholders with billions of dollars, it rendered Tribune and the Tribune Entities insolvent or with unreasonably small capital or with insufficient assets to pay its debts as they came due. The mountain of debt resulting from the LBO did not allow Tribune to adjust to the changing media business and drove this icon of the media world into Chapter 11 less than a year after the LBO Transaction closed. As a result, the Plaintiffs were advised that their retirement benefits would be treated as general unsecured claims of the now bankrupt Tribune; that their periodic retirement payments would cease; and that their retirement nest egg upon which they were relying for their "golden years" be may be worth a few pennies on the dollar. More than two and one half years into the Bankruptcy Case and after the expenditure of more than *$200 Million* of Tribune's assets on professional fees (more than double what all retirees of Tribune and the Tribune Entities are owed) the Plaintiffs have been further burdened with the task of

avoiding and recovering the wrongful transfers of their retirement funds to stockholders and financial advisors as part of the LBO Transaction.

As such, the Plaintiffs bring this action to recover at least $109 Million pursuant to the Uniform Fraudulent Transfer Act (the "**UFTA**") to recover fraudulent transfers made by Tribune and/or Tribune Entities to or for the benefit of the Defendants.

4. The SLCF Plaintiffs acknowledge and agree to take such steps as may be necessary to cause the Retiree SLCF Actions to be stayed in accordance with the SLCFC Order.

5. In particular, the SLCF Plaintiffs have annexed the SLCFC Order to each complaint filed in the Retiree SLCF Actions and shall, to the extent permitted under applicable law, delay service of the summons and complaints in connection with the Retiree SLCF Actions.

6. The SLCF Plaintiffs are aware that at least twenty-five additional state law constructive fraud actions (the "**Bondholder SLCF Actions**") have been commenced in Federal District Courts and State Courts in at least seventeen different States by Deutsche Bank Trust Company Americas, Law Debenture Trust Company of New York and Wilmington Trust Company, seeking the recovery of at least $2.5 billion as alleged fraudulent conveyances arising from the same LBO Transaction.

Dated: June 7, 2011

**TEITELBAUM & BASKIN, LLP**
Attorneys for the Retiree SLCF Plaintiffs
By:/s/ Jay Teitelbaum
Jay Teitelbaum, Esq. (JT-4619)
3 Barker Avenue
Third Floor
White Plains, New York 10601
 (914) 437-7670
jteitelbaum@tblawllp.com