# EXHIBIT A

*Bar Date Affidavit*

-7673261v

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **TRIBUNE COMPANY, et al.,**[1] | **Case No. 08-13141 (KJC)** |
| **Debtors.** | **Jointly Administered** |

## AFFIDAVIT OF MAILING

STATE OF NEW YORK )
                      ) ss.:
COUNTY OF NEW YORK )

DIANE STREANY, being duly sworn, deposes and says:

1.     I am employed as a Senior Case Manager by Epiq Bankruptcy Solutions, LLC, located at 757 Third Avenue, New York, New York 10017. I am over the age of eighteen years and am not a party to the above-captioned action.

2.     On April 13, 2009, I supervised the mailing of:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

A. "Notice of Entry of Bar date Order Establishing Deadlines for Filing Proofs of Claim Against the Debtors," dated April 13, 2009, a sample of which is annexed hereto as Exhibit A (the "Bar Date Notice"),

B. A Personalized Proof of Claim form, a sample of which is annexed hereto as Exhibit B (the "Personalized Proof of Claim"),

C. A Proof of Claim form, a sample of which is annexed hereto as Exhibit C (the "Proof of Claim"), and

D. Letter from Tribune to Employees dated April 2009, a sample of which is annexed hereto as Exhibit D (the "Employee Letter"),

by causing true and correct copies to be delivered as follows:

i. the Bar Date Notice and Personalized Proof of Claim, enclosed securely in separate postage pre-paid envelopes, to be delivered by first class mail to those parties listed on the annexed Exhibit E,

ii. the Bar Date Notice, Personalized Proof of Claim and Employee Letter, enclosed securely in separate postage pre-paid envelopes, to be delivered by first class mail to the party listed on the annexed Exhibit F, and

iii. the Bar Date Notice and, Proof of Claim, enclosed securely in separate postage pre-paid envelopes, to be delivered by first class mail to the party listed on the annexed Exhibit G.

3. All envelopes utilized in the service of the foregoing contained the following legend: "LEGAL DOCUMENTS ENCLOSED. PLEASE DIRECT TO ATTENTION OF ADDRESSEE, PRESIDENT OR LEGAL DEPARTMENT."

/s/ Diane Streany
Diane Streany

Sworn to before me this
22nd day of April, 2009

/s/ Time Darden

Notary Public, State of New York
No. 01DA6198919
Qualified in Kings County
Commission Expires 01-05-2013

| Claim Name | Address Information |
|---|---|
| JESUS SANCHEZ | 12019 HEBE AV NORWALK CA 90650 |
| JESUS SANCHEZ | 1539 PARMER AVENUE LOS ANGELES CA 90026 |
| JESUS SANCHEZ JR | 1539 PARMER AVENUE LOS ANGELES CA 90026 |
| JESUS SOSA | 4882 S SEMORAN BLVD APT 1408 ORLANDO FL 32822-2360 |
| JESUS SOTO | 11415 FARNDON SOUTH EL MONTE CA 91733 |
| JESUS VARGAS JR. | 11929 FERRIS RD. EL MONTE CA 91732 |
| JESUS, PAULO R | 495 SE 8TH STREET APT 134 DEERFIELD BEACH FL 33441 |
| JESUS, ROBERTH H | 3110 SW 4TH ST DEERFIELD BEACH FL 33442 |
| JET AVIATION BUSINESS JETS | 112 CHARLES LINDEBERGH DR 3RD FLR TETERBORO NJ 07608 |
| JET EFFECTS | 6910 FARMDALE AVE NORTH HOLLYWOOD CA 91605 |
| JET TILAKAMONKUL | 10300 NORTH VALE ROAD LOS ANGELES CA 90064 |
| JETBLUE AIRWAYS | PO BOX 4378 ATTN: LEGAL COUNSEL SCRANTON PA 18505-4378 |
| JETBLUE AIRWAYS CORPORATION | 82-02 KEW GARDENS ROAD KEW GARDENS NY 11415 |
| JETBROADBAND M | 5 INTERNATIONAL DRIVE - STE 220 RYE BROOK NY 10573 |
| JETER | 101 ARBORETUM WAY APT 165 NEWPORT NEWS VA 23602 |
| JETER, DARREN | 209 NELSON ST ALLENTOWN PA 18109 |
| JETER, DARREN | 209 NELSON ST 3 ALLENTOWN PA 18109 |
| JETER, DARREN | 209 NELSON ST APT 3 ALLENTOWN PA 18109 |
| JETER, JEFFREY | 107-34 159TH STREET JAMAICA NY 11433 |
| JETT, DENNIS C | 2515 NW 21ST STREET GAINESVILLE FL 32605 |
| JETT, DENNIS C | 123 GRINTER HALL, PO BOX 113225 GAINESVILLE FL 32611-3225 |
| JETT, LINDA | 1265 GUINEVERE DR 2603 CASSELBERRY FL 32707 |
| JETTER, FRANCES | 390 WEST END AVE NEW YORK NY 10024 |
| JETTY PRODUCTIONS LLC | 243 E 83RD ST NO.5B NEW YORK NY 10028 |
| JEUDY, BENONI | 10439 SW 16TH STREET PEMBROKE PINES FL 33025 |
| JEUDY, MICKIL | 5195 NW 6TH ST DELRAY BEACH FL 33445 |
| JEVENS INC | 1312 CAMBRIDGE ROAD ANN ARBOR MI 48104 |
| JEVON CHAMBERS | 2674 SPICEBUSH LOOP APOPKA FL 32712 |
| JEVON HICKS | 1120 WEST MORGAN STREET RIALTO CA 92376 |
| JEVON PHILLIPS | 1350 E. WASHINGTON BLVD. APT.#8 PASADENA CA 91104 |
| JEVONS, DEAN M | 41 ELLINGTON AVENUE ELLINGTON CT 06029 |
| JEWEL | 150 PIERCE ROAD, SUITE 200 ITASCA IL 60143 |
| JEWEL M BORDNER | 905 SWAN DRIVE DYER IN 46311 |
| JEWEL M NOVACK | 604 S OAKS AVENUE ONTARIO CA 91762 |
| JEWEL OSCO | 1955 W NORTH AVE MELROSE PARK IL 60160 |
| JEWEL OSCO | 4650 W 103RD ST OAKLAWN IL 60453 |
| JEWEL OSCO | 75 REMITTANCE DR STE 1273 CHICAGO IL 60675-1273 |
| JEWEL OSCO | 944 S YORK RD ELMHURST IL 60126 |
| JEWEL OSCO | C A FORTUNE & CO 141 COVINGTON DRIVE BLOOMINGDALE IL 60108 |
| JEWEL OSCO | FOOD STORE 012 1210 N CLARK CHICAGO IL 60610 |
| JEWEL OSCO | FOOD STORE 012 3630 N SOUTHPORT CHICAGO IL 60613 |
| JEWEL OSCO | 3630 N SPORT CHICAGO IL 60613 |
| JEWEL OSCO | FOOD STORE 012 3630 N SOUTHPORT CHICAGO IL 60605 |
| JEWEL OSCO | FOOD STORE 012 3630 N SOUTHPORT CHICAGO IL 60610 |
| JEWEL OSCO | FOOD STORE 012 3630 N SOUTHPORT CHICAGO IL 60618 |
| JEWEL OSCO | FOOD STORE 012 3630 N SOUTHPORT CHICAGO IL 60640 |
| JEWEL OSCO | FOOD STORE 012 3630 N SOUTHPORT CHICAGO IL 60657 |
| JEWEL/OSCO | 150 E PIERCE RD STE 200 ITASCA IL 601431290 |
| JEWELL EVENTS CATERING | 424 N WOOD ST CHICAGO IL 60622 |

| Claim Name | Address Information |
|---|---|
| SUNWEST BANK | 17542 EAST 17TH STREET TUSTIN CA 92780 |
| SUNWRIGHTS SPAS & SUN ROOMS | 80-B PITKIN ST JOE SARCIA EAST HARTFORD CT 06108 |
| SUNY PLATTSBURGH | BROAD ST. ATTN: LEGAL COUNSEL PLATTSBURGH NY 12901 |
| SUPER 8 MOTEL          R | 304 SECOND ST WILLIAMSBURG VA 23185 |
| SUPER DISCOUNT CARPET, INC. | P.O. BOX 495 LA CANADA CA 91012 |
| SUPER EXPRESS | 111 JOHN ST. FL. 28 ATTN: LEGAL COUNSEL NEW YORK NY 10038 |
| SUPER FRESH | PO BOX 3068 PATTERSON NJ 07509 |
| SUPER FRESH FOOD MARKETS | 2 PARAGON DR MONTVALE NJ 07645-1718 |
| SUPER LUBE | 63 AIRPORT ROAD FRANK ZAVATSKY HARTFORD CT 06114 |
| SUPER REGIONAL OPERATING COMPANY LLC | THE FALLS SHOPPING CENTER ASSOC LLC C/O THE MILLS CORP 1300 WILSON BLVD  STE 400 ARLINGTON VA 22209 |
| SUPER REGIONAL OPERATING COMPANY LLC | THE FALLS SHOPPING CENTER ASSOC LLC C/O THE MILLS CORP 1300 WILSON BLVD  STE 400 ARLINGTON VA 22209 |
| SUPER RITE FOOD INC   [SHOPPERS FOOD | WAREHOUSE] 4600 FORBES BLVD. LANHAM MD 20706 |
| SUPER TOURS | 7512 DOCTOR PHILIPS BLVD #50-129 ORLANDO FL 32819 |
| SUPER VACATION | ATTN: KEVIN WU 117 EAST GARVEY AVE. MONTEREY PARK CA 91755 |
| SUPERCIRCUITS INC | ONE SUPERCIRCUITS PLZ LEANDER TX 78641 |
| SUPERIOR ALARM SYSTEMS | PO BOX 10084 CANOGA PARK CA 91309 |
| SUPERIOR AUTO SALES | CARLOS PLANTILLAS PO BOX 18493 ANAHEIM HILLS CA 92817-8493 |
| SUPERIOR CABLE & DATA M | P. O. BOX 741 CENTERVILLE IA 52544 |
| SUPERIOR CART SERVICE | PO BOX 6384 WHITTIER CA 90609 |
| SUPERIOR DIECUTTING INC | 3701 NE 11TH AVE POMPANO BEACH FL 33064 |
| SUPERIOR ELECTRIC MOTO | 4623 HAMPTON ST VERNON CA 90058 |
| SUPERIOR FLOORS | 1031 S DILLARD ST WINTER GARDEN FL 347873913 |
| SUPERIOR HEARTH,SPAS & LESISURE | P O BOX 57 ACCOUNTS PAYABLE MILLDALE CT 64670057 |
| SUPERIOR PRINTING INK COMPANY INC | 100 NORTH STREET TETERBORO NJ 07608 |
| SUPERIOR PRINTING INK COMPANY INC | 70 BETHUNE ST NEW YORK NY 10014 |
| SUPERIOR REFRIGERATION | 30333 N FAIRFIELD RD GRAYSLAKE IL 60030 |
| SUPERIOR RESIDENCES INC | 1600 HUNT TRACE BLVD CLERMONT FL 347115184 |
| SUPERIOR SHOWS | PO BOX 32091 PIKESVILLE MD 21282 |
| SUPERIOR TELEGRAM | 1226 OGDEN AVENUE ATTN: LEGAL COUNSEL SUPERIOR WI 54880 |
| SUPERIOR TOURS | 7100 MILFORD INDUSTRIAL BALTIMORE MD 21208 |
| SUPERIOR TOURS | 7100 MILFORD INDUSTRIAL RD BALTIMORE MD 21208 |
| SUPERIOR TRANSFER | 5405 GRINDON AVE BALTIMORE MD 21214 |
| SUPERIOR WASH INC | 320 S FLAMINGO ROAD  PBM 116 PEMBROKE PINES FL 33027 |
| SUPERNOVA FOTO LLC | 700 SE 13TH ST     APT 5 FT LAUDERDALE FL 33316 |
| SUPERVALU | 7075 FLYING CLOUD DRIVE EDEN PRAIRIE MN 55344 |
| SUPERVALU /AHARTS | PO BOX 26967 RICHMOND VA 23261 6967 |
| SUPERVALU PARENT ACCOUNT [JEWEL/OSCO | PREFERRED ACCOUNT] 435 N MICHIGAN AVE STE 300 JEWEL/OSCO PREFERRED ACCOUNT CHICAGO IL 606114026 |
| SUPERVALUE PHARMACIES | 19011 LAKE DRIVE EAST CHANHASSEN MN 55317 |
| SUPERVALUE PHARMACIES | PO BOX 990 MINNEAPOLIS MN 55440 |
| SUPERVALUE PHARMACIES | PO BOX 958844 ST LOUIS MO 63195-8844 |
| SUPERVALUE PHARMACIES | 11091 LAKE DRIVE EAST CHANHASSEN MN 55317 |
| SUPERVALUE(ALBERTSONS) | 7075 FLYING CLOUD DRIVE EDEN PRAIRIE MN 55344 |
| SUPERVISION CABLE TV A6 | P. O. BOX 872100 WASILLA AK 99687 |
| SUPERWASH EXPRESS II, INC | 1786 DUNLAWTON AVE PORT ORANGE FL 321278929 |
| SUPLEE, CURT | 9704 FOREST GLEN CT SILVER SPRING MD 20910 |
| SUPPLIES HOTLINE CORPORATION | 961 MARCON BLVD STE 106 ALLENTOWN PA 18109 |
| SUPRA, JAMES R | 1611 ALLEN ST W ALLENTOWN PA 18102 |

# **EXHIBIT B**

*Excerpt from March 22, 2011 Hearing Transcript*

```
               IN THE UNITED STATES BANKRUPTCY COURT
                    FOR THE DISTRICT OF DELAWARE
```

| | | |
|---|---|---|
| IN RE: | ) | Case No. 08-13141(KJC) |
| | ) | |
| | ) | |
| TRIBUNE COMPANY | ) | Chapter 11 |
| | ) | |
| | ) | Courtroom 5 |
| | ) | 824 Market Street |
| Debtors. | ) | Wilmington, Delaware |
| | ) | |
| | ) | March 22, 2011 |
| | ) | 10:00 a.m. |

```
                    TRANSCRIPT OF PROCEEDINGS
           BEFORE THE HONORABLE JUDGE KEVIN J. CAREY
                  UNITED STATES BANKRUPTCY JUDGE
```

APPEARANCES:

| | |
|---|---|
| For Debtors: | Sidley Austin, LLP |
| | BY: JAMES CONLAN, ESQ. |
| | BY: KEN KANSA, ESQ. |
| | BY: JESSICA BOELTER, ESQ. |
| | One South Dearborn |
| | Chicago, IL 60603 |
| | (312) 853-7000 |
| | |
| | Cole, Schotz, Meisel, Forman |
| | & Leonard, P.A. |
| | BY: NORMAN PERNICK, ESQ. |
| | 500 Delaware Ave., Ste. 1410 |
| | Wilmington, DE 19801 |
| | (302) 652-3131 |
| | |
| ECRO: | AL LUGANO |
| | |
| Transcription Service: | DIAZ DATA SERVICES |
| | 331 Schuylkill Street |
| | Harrisburg, Pennsylvania 17110 |
| | (717) 233-6664 |
| | www.diazdata.com |

Proceedings recorded by electronic sound recording;
transcript produced by transcription service

1  argument that the policy behind the bar date actually favors
2  certainty and finality with respect to claims filed against
3  the estates.  But here, I really can't get to the issues why
4  I believe more generally it's correct.  But here, I think
5  that the debtors were on notice of this claim well before
6  the bar date.  And through the ALJ proceeding that was
7  taking place, they had corresponded directly with Cook
8  County.  They were aware of the exact extent and nature of
9  this claim.
10             So again, Your Honor, I know that doesn't fully
11 answer your question because you're looking for a more
12 general answer, but I think specifically here, you may not
13 even need to get to all of that.
14             THE COURT:  Well, specifically here, I understand
15 that Chicago is located in Cook County.
16             MR. ALBERTO:  That's correct, Your Honor.
17             THE COURT:  Is there anybody in Cook County that
18 didn't know Tribune filed a bankruptcy?
19             MR. ALBERTO:  I suspect that they did, Your
20 Honor.
21             THE COURT:  Yeah, I would suspect so, too.
22             MR. ALBERTO:  I can do nothing but conceded that,
23 yeah.
24             THE COURT:  Okay.  Anything further?
25             MR. ALBERTO:  That's all I have, Your Honor.

1              THE COURT: All right. I will take this matter
2    under advisement.
3              MR. ALBERTO: Your Honor, that does conclude my
4    business before the Court this morning. May I be excused
5    with the Court's permission?
6              THE COURT: You may.
7              MR. ALBERTO: Thank you.
8              MR. BROWN: Good morning, Your Honor. Charles
9    Brown on behalf of Jewel's Food Stores.
10             I believe if I understood the agenda, that 19 is
11   going to be skipped and that 20 was the next matter which
12   would make my matter next for the agenda, Your Honor.
13             Your Honor, this is a pretty basic motion for
14   relief from stay to pursue insurance proceeds. There was a
15   slip and fall at a Jewel Food Store. Jewel seeks to third
16   party the debtor into State Court action to again pursue
17   insurance proceeds. The debtor has objected to the motion.
18   It seems like the main basis of the objection is that the
19   claims bar date has passed, however, my motion doesn't seek
20   to allow a claim or address claims in any fashion, they
21   simply seek to pursue insurance proceeds.
22             To the extent that Your Honor thinks that it's
23   relevant to get into that issue, I'll point out that the
24   debtor says that we got notice of the claims bar date and
25   the affidavit does seem to suggest that, the injury and I

1  guess did occur prior to the claims bar date, however, the
2  plaintiff's complaint, I believe was filed after the claims
3  bar date.  I really wasn't preparing to make a motion for
4  excusable neglect, again, because all we're seeking by my
5  motion is to pursue insurance proceeds in the State Court
6  action.
7           THE COURT:  Well, I guess as a threshold matter,
8  it's not inappropriate for the debtor to say well you don't
9  have a claim and that's basically the thrust of that part of
10 the argument.
11          MR. BROWN:  Well but, Your Honor, the pursuing
12 insurance proceeds, that's always been that, you know, it's
13 not -- insurance proceeds are not the property of the estate
14 so it's permissible to pursue insurance proceeds regardless
15 of whether there's a viable claim that can be asserted in
16 the bankruptcy case.
17          THE COURT:  Well, we'll talk a little bit more
18 about that later, but I think you oversimplify the statement
19 of who's entitled to the proceeds, but putting that aside
20 for a moment, but addressing an insurance aspect, the debtor
21 says, you know, we've got a million dollar deductible here.
22          MR. BROWN:  Well that's the other issue that they
23 raise is that they've got a large deductible.  And in
24 connection with that, Your Honor, I'll point out that in my
25 motion, I do point out that Jewel believes that the third

1 party co-defendant has insurance proceeds which names the
2 debtor as an additional insured.
3 　　　　So there's the debtors' insurance proceeds which
4 even if, you know, that's fine, they've got a million dollar
5 deductible and I don't know that the slip and fall would
6 ever approach $1 million, assuming it doesn't and that all
7 we've got is a deductible that's never going to meet or a
8 claim that's never going to meet that threshold deductible,
9 there's still the fact that there's additional insurance
10 from the third party co-defendant that would be available in
11 the State Court action. And that would be a basis for again
12 allowing Jewel to pursue their claim.
13 　　　　THE COURT: All right, thank you. Anything
14 further in support of the motion?
15 　　　　MR. BROWN: Nothing further, Your Honor.
16 　　　　THE COURT: All right. I'll hear from the
17 debtor.
18 　　　　MR. KANSA: Your Honor, Ken Kansa on behalf of
19 the debtors. We have very little to add what's in our
20 papers which I think is -- has been accurately summarized in
21 the colloquy up here. There are three grounds on which we
22 object to the motion. We believe that Jewel has no claim to
23 pursue for reasons already discussed. The million dollar
24 deductible poses a very significant harm, very significant
25 financial burden on the debtors for a claim that is at the

1  moment not an allowed claim. I add that that million
2  dollars is in addition to defense costs which do not erode
3  the deductible. So the debtors would be burning both
4  defense costs and ultimate liability for the claim.
5        In response to the point about pursuing the
6  additional third party defendant, the debtors have not
7  sought and do not intend to seek to extend the stay around
8  the third party defendants so the matters involving the
9  third party defendant in the Cook County action are really
10 between plaintiffs and the third party defendant so long as
11 they don't impinge on the debtors.
12       We believe that all of this sums up fairly
13 adequately why there is no cause to lift the stay here. If
14 you through a very basic balancing test under *Rexene*, the
15 harm to the debtors is million dollars, plus defense costs
16 on account of a claim that doesn't exist or isn't allowed
17 yet.
18       On the counterbalancing factor is simply the
19 inability to pursue the company, pursue the debtors in this
20 particular action which is a result of the failure to file a
21 claim by the claims bar date. So the only case that the
22 movant has cited in support of its motion is *in re*
23 *Donnington* which stands for the proposition with which I
24 think we all agree and that is that a Bankruptcy Court will
25 often lift the stay to allow the pursuit of insurance

1   proceeds. We don't dispute that here, but as the Court and
2   counsel have noted, there is a million dollar deductible and
3   that poses a very significant financial issue. And as I
4   understand it, counsel has articulated something consistent
5   with our understanding which is that this claim is unlikely
6   ever to break the million dollar deductible.
7           So for all of those reasons, we would ask that
8   the motion be denied, Your Honor.
9           THE COURT: All right, thank you. I'm going to
10  deny the motion. Cause has not been demonstrated here for
11  relief from the stay. First, because the Claimant hasn't
12  actually established that it has a claim. I'll just say
13  that if you want to pursue this defendant, you're going to
14  have to do a little more work to establish that you have a
15  claim and deal with the late filing issue. I do find though
16  in addition to that, that defending the claim would require
17  expenditure of estate assets at this time and I don't think
18  that's appropriate.
19          I will confess whether either of the proposed
20  plans has a dispute resolution procedure built into it for
21  other than LBO claims, I haven't attended to. And there may
22  be other claims or alleged claims like this that have to be
23  addressed in either or both plans. But for that reason,
24  I'll deny the motion, but without prejudice. I'll ask
25  counsel to confer and submit a form of order indicating that

1  I made that ruling for the reasons I've stated on the
2  record.   Are there any questions?
3          MR. BROWN:   No questions, Your Honor, thanks.
4          THE COURT:   Thank you.
5          MR. KANSA:   Your Honor, Ken Kansa on behalf of
6  the debtors.   I believe that takes us to Item 22 on the
7  agenda and I'll cede the podium to counsel for Aurelius.
8          MR. GOLDEN:   Good morning, Your Honor.  Daniel
9  Golden, Akin, Gump, Strauss, Hauer & Feld, counsel for
10 Aurelius Capital Management.   Good to see you again.
11         Your Honor, Aurelius and the other noteholder
12 plan proponents filed this motion not to obtain substantive
13 relief, but rather to ensure that retained individual state
14 law constructive fraudulent conveyance claims would be able
15 to be timely commenced without running afoul or in danger of
16 violating the automatic stay imposed by 362 or Your Honor's
17 median order.
18         As expressly stated in the motion, the noteholder
19 plan proponents seek an order granting the following limited
20 and specific relief.   Number one, a determination that when
21 the statue of limitations under Bankruptcy Code Section
22 546(a) for a representative of the debtors' estates to
23 commence state law constructive fraudulent conveyance claims
24 against Step 1 or Step 2 shareholders in order to recover
25 stock redemption payments made to such holders in connection