IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ X
In re:                                      : :  Chapter 11
                                            : :  Case No. 08-13141 (KJC)
TRIBUNE COMPANY, *et al.*,                  : :  (Jointly Administered)
                                            : :
                  Debtors.                  : :  Re: Docket Nos. 9157, 9217, 9220.
                                            : :
                                            : :  **Hearing Date: June 13, 2011 at 2:00 p.m.**
                                            : :  **Objection Deadline: June 9, 2011 at 8:00 p.m.**
                                            : :
                                            : :  **Related Docket Nos. 9157, 9217, 9220**
------------------------------------------------------------ X

**BANK OF AMERICA, N.A.'S AND BANC OF AMERICA SECURITIES, LLC'S JOINDER TO THE (I) THE OBJECTION OF MERRILL LYNCH TO THE NOTEHOLDERS' MOTIONS AND ADMISSION OF CERTAIN EXHIBITS IN CONNECTION WITH THE PLAN CONFIRMATION AND (II) DEBTOR/COMMITTEE/LENDER PLAN PROPONENTS' RESPONSE TO THE (1) MOTION OF THE NOTEHOLDER PLAN PROPONENTS TO ADMIT CERTAIN DOCUMENTS AND (2) SUPPLEMENTAL MOTION OF WILMINGTON TRUST COMPANY, AS SUCCESSOR INDENTURE TRUSTEE FOR THE PHONES NOTES, AND ONE OF NOTEHOLDER PLAN PROPONENTS, CONCERNING THE <u>ADMISSION OF CERTAIN DOCUMENTS</u>**

Bank of America, N.A. and Banc of America Securities, LLC (together "Bank of America"), by and through their undersigned counsel, hereby files this joinder to (i) The Objection of Merrill Lynch to the Noteholders' Motions and Admission of Certain Exhibits in Connection with the Plan Confirmation (the "Merrill Objection") [Docket No. 9220] and (ii) The Debtor/Committee/Lender Plan Proponents' Response (the "DCL Group Objection") [Docket No. 9217] to the (1) Motion of the Noteholder Plan Proponents to Admit Certain Documents and (2) Supplemental Motion of Wilmington Trust Company, as Successor Indenture Trustee for the PHONES Notes, and One of Noteholder Plan Proponents, Concerning the Admission of Certain Documents (the "Noteholder Motions") [Docket No. 9157] with respect to four documents

produced by Bank of America in these proceedings, NPP 399, NPP 462, NPP 1387, and NPP 1821 (the "Bank of America Exhibits"). In support hereof, Bank of America respectfully states as follows:

1. Bank of America joins the Merrill Objection and the DCL Group Objection in they entirety and incorporates herein the arguments made in the Merrill Objection and the DCL Group Objection. Bank of America writes solely to reiterate the numerous legal deficiencies in the Noteholder Motions regarding the Bank of America Exhibits.[1]

2. As an initial matter, the Noteholders cannot admit any of the Bank of America Exhibits as non-hearsay admissions of party opponents under Fed. R. Evid. 801(d)(2), because Bank of America is not a party to these proceedings. Bank of America is not a plan proponent and has not appeared or otherwise participated in the confirmation proceedings. The Noteholders offer no authority for circumventing a fundamental requirement of Federal Rule of Evidence 801(d)(2)—that the "opponent" is an actual "party" to the litigation at hand.

3. NPP 399, 462, and 1387[2] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Although they are indisputably hearsay, the Noteholders argue that the documents fall within the business records exception to the hearsay rule. But the Noteholders have failed to establish a proper foundation for the exception. Only one Bank of America employee, Daniel Petrik, was deposed during these proceedings; Mr. Petrik did not testify that he either (i) recorded the statements contained in these three documents contemporaneously with the events described therein; or (ii) created these documents in the regular course of his employment at Bank of America. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[1] Bank of America expressly reserves all of its rights with respect to the Bank of America Exhibits and all other documents offered by the Noteholders.

[2] NPP 399 and 1387 appear to be identical.

 Because the Noteholders cannot show that these documents satisfy the business records exception to the hearsay rule, their motion to admit these documents for all purposes should be denied.

4. NPP 1821 ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄[3] The Noteholders nonetheless argue that NPP 1821 is admissible as a present sense impression. ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄[4]▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄[5]▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄[6]▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄[7]▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄[8]

---

[3] Petrik. Dep. Tr. 204:20-205:4.

[4] *See United States v. Waters*, 2011 WL 1892550, at *10 n.8 (3d Cir. May 19, 2011) ("The requirements for a hearsay statement to be admitted as a present sense impression are that: (1) the declarant must have personally perceived the event described; (2) the declaration must be an explanation or description of the event rather than a narration; and (3) the declaration and the event described must be contemporaneous.") (citations omitted).

[5] *See In re Cirrus Logic Sec. Litig.*, 946 F. Supp. 1446, 1469 (N.D. Cal. 1996) (holding that notes of a meeting did not meet present sense impression exception because declarant testified that they were inaccurate and reflected subjective impressions).

[6] *Id.* at 211:6-17.

[7] *Id.* at 230:11-25.

[8] *Id.* at 226:12-228:11.

[REDACTED]⁹

5. NPP 1821 also does *not* contain the indicia of reliability necessary to invoke the hearsay rule's residual exception under FRE 807. [REDACTED]

[REDACTED]¹⁰ In short, far from containing indicia of reliability, [REDACTED]s [REDACTED]—unreliable as to the truth of the matters asserted therein.

WHEREFORE, Bank of America respectfully requests that the Court sustain the DCL Group Objection and deny the Noteholder Motion.

---

⁹ *Id.*

¹⁰ Petrik Dep. Tr. 211:6-17.

Dated: June 10, 2011
      Wilmington, Delaware

Respectfully submitted,

/s/ Evelyn J. Meltzer
David B. Stratton (DE No. 960)
Evelyn J. Meltzer (DE No. 4581)
John H. Schanne II (DE No. 5260)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: (302) 777-6500
Facsimile: (302) 421-8390

-and-

Bradley J. Butwin
Daniel L. Cantor
Daniel S. Shamah
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036
(212) 326-2000

-and-

Evan M. Jones
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
(213) 430-6000

*Attorneys for Bank of America, N.A. and Banc of America Securities LLC*