**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------- X
:
In re:                                                     :   Chapter 11
:   Case No. 08-13141 (KJC)
TRIBUNE COMPANY, *et al.*,                                 :   (Jointly Administered)
:
    Debtors.                                               :
:   **Hearing Date: June 13, 2011 at 2:00 p.m.**
:   **Objection Deadline: June 9, 2011 at 8:00 p.m.**
:
:   **Related Docket Nos. 9157, 9199, 9223**
:
---------------------------------------------------------- X

**MOTION OF BANK OF AMERICA, N.A. AND BANC OF AMERICA SECURITIES, LLC, PURSUANT TO BANKRUPTCY CODE SECTION 107(B) AND FED. R. BANKR. P. 9018, TO FILE UNDER SEAL BANK OF AMERICA, N.A.'S AND BANC OF AMERICA SECURITIES, LLC'S JOINDER TO THE (I) THE OBJECTION OF MERRILL LYNCH TO THE NOTEHOLDERS' MOTIONS AND ADMISSION OF CERTAIN EXHIBITS IN CONNECTION WITH THE PLAN CONFIRMATION AND (II) DEBTOR/COMMITTEE/LENDER PLAN PROPONENTS' RESPONSE TO THE (1) MOTION OF THE NOTEHOLDER PLAN PROPONENTS TO ADMIT CERTAIN DOCUMENTS AND (2) SUPPLEMENTAL MOTION OF WILMINGTON TRUST COMPANY, AS SUCCESSOR INDENTURE TRUSTEE FOR THE PHONES NOTES, AND ONE OF NOTEHOLDER PLAN PROPONENTS, CONCERNING THE <u>ADMISSION OF CERTAIN DOCUMENTS</u>**

Bank of America, N.A. and Banc of America Securities, LLC (together "Bank of America"), by and through their undersigned counsel, submit this motion (the "Motion to Seal") to file under seal the Joinder to (i) The Objection of Merrill Lynch to the Noteholders' Motions and Admission of Certain Exhibits in Connection with the Plan Confirmation and (ii) The Debtor/Committee/Lender Plan Proponents' Response to the (1) Motion of the Noteholder Plan Proponents to Admit Certain Documents and (2) Supplemental Motion of Wilmington Trust Company, as Successor Indenture Trustee for the PHONES Notes, and One of Noteholder Plan

#14398862 v1

Proponents, Concerning the Admission of Certain Documents (the "Joinder"). [Docket No. 9223]. In support hereof, Bank of America respectfully states as follows:

## JURISDICTION

1.     This Court has jurisdiction to consider this Motion to Seal pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 1408 and 1409(a)

2.     The statutory bases for the relief requested herein are § 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

3.     On December 15, 2009, the Court entered an Order that, among other things, established a document depository for the retention of documents and other information produced pursuant to discovery requests in these cases [Docket No. 2858] (the "Depository Order"). Due to the confidential nature of the information contained in many of the documents, the Depository Order expressly provides

> No Depository Designee or its Designated Representative may use Discovery Documents or Depository Information stamped or otherwise designated as "Financial Institution Highly Confidential Documents", "Highly Confidential - Attorneys' Eyes Only", or "Confidential" in a court filing in these chapter 11 cases unless such documents are filed under seal.

(Depository Order ¶ f, at 4.) Accordingly, the Depository Order obligates Depository Designees to file under seal any document that contains such confidential information.

4.     On June 6, 2011, the Noteholder Plan Proponents filed their Motion to Admit

2

Documents under seal, together with a Declaration of Mitchell P. Hurley attaching certain exhibits, (collectively, the "Motion to Admit Documents"). Unredacted versions of the Motion to Admit Documents were served on those parties listed in paragraph 35 of the Discovery and Scheduling Order for Plan Confirmation [Docket No. 7239] (the "CMO Parties") that same day.

5. The Noteholder Plan Proponents further advised the CMO Parties that, barring any objections from the CMO Parties, they intend to file an unredacted version of the Motion to Admit Documents on June 14, 2011. Contemporaneously herewith, Bank of America will serve an unredacted version of the Joinder on the CMO Parties and will submit an unredacted copy to chambers.

**RELIEF REQUESTED**

6. By this Motion to Seal, Bank of America seeks an order granting permission to file the Joinder under seal.

**BASIS FOR RELIEF REQUESTED**

7. Section 107(b) of the Bankruptcy Code provides the Court with the power to issue orders that will protect entities from potential harm that may result from the disclosure of confidential information.

8. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under § 107(b) of the Bankruptcy Code and provides that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (I) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018. Local Rule 9018-1(b) requires that any party who seeks to file documents under seal must file a motion to that effect. Del. Bankr. L.R. 9018-1(b).

3

#14398862 v1

9.      Bank of America submits that good cause exists for the Court to grant the relief requested herein.  If the Joinder is not filed under seal, any highly confidential information contained in the Motion to Admit Documents could be inadvertently disclosed through the arguments contained in the Joinder.  Moreover, the arguments contained in the Joinder may include information designated as highly confidential by one or more of the CMO Parties.  Bank of America, therefore, requests that it be permitted to file the Joinder under seal, in the form circulated to the CMO Parties.

## NOTICE

10.     Notice of this Motion to Seal has been provided to the CMO Parties.  In light of the relief requested, Bank of America submits that no further notice is necessary.

## NO PRIOR REQUEST

11.     No prior motion for the relief requested herein has been made to this or any other Court.

WHEREFORE, for the reasons set forth herein, Bank of America seeks an Order of this Court permitting it to file the under seal, and for such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: June 10, 2011<br>Wilmington, Delaware | Respectfully submitted,<br><br> /s/ Evelyn J. Meltzer<br>David B. Stratton (DE No. 960)<br>Evelyn J. Meltzer (DE No. 4581)<br>John H. Schanne II (DE No. 5260)<br>PEPPER HAMILTON LLP<br>Hercules Plaza, Suite 5100<br>1313 Market Street<br>P.O. Box 1709<br>Wilmington, DE 19899-1709<br>Telephone: (302) 777-6500<br>Facsimile: (302) 421-8390<br><br>-and-<br><br>Bradley J. Butwin<br>Daniel L. Cantor<br>Daniel S. Shamah<br>O'MELVENY & MYERS LLP<br>Times Square Tower<br>7 Times Square<br>New York, New York  10036<br>(212) 326-2000<br><br>-and-<br><br>Evan M. Jones<br>O'MELVENY & MYERS LLP<br>400 South Hope Street<br>Los Angeles, CA 90071<br>(213) 430-6000<br><br>*Attorneys for Bank of America, N.A. and Banc of America Securities LLC* |

5

#14398862 v1