# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) Jointly Administered |
| Debtors. | **Hearing Date: June 28, 2011 at 10:00 a.m. (ET)** **Objection Deadline: June 21, 2011 at 4:00 p.m. (ET)** **Related to Docket Nos. 6753, 7160, 7165** |

## MOTION TO EXTEND STAY OF AVOIDANCE ACTIONS COMMENCED BY THE DEBTORS PURSUANT TO 11 U.S.C. § 105(A)

The debtors and debtors in possession in the above-captioned chapter 11 cases

(each a "Debtor" and collectively, the "Debtors"), by and through their undersigned counsel,

hereby move this Court (the "Motion") for entry of an order pursuant to section 105(a) of title 11

of the United States Code (the "Bankruptcy Code") extending the "Termination Date" in the

Order Staying Avoidance Actions Commenced by the Debtors Pursuant to 11 U.S.C. § 105(a)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

dated December 14, 2010 (Docket No. 7165) (the "Stay Order") from June 30, 2011 to

December 30, 2011.  In support of this Motion, the Debtors state as follows:

## STATUS OF THE CASE AND JURISDICTION

1.    On December 8, 2008 (the "Petition Date"), the Debtors each filed a

voluntary petition for relief under chapter 11 of the Bankruptcy Code.[2]  In all, the Debtors

comprise 111 entities.

2.    On December 18, 2008, the United States Trustee for the District of

Delaware appointed an official committee of unsecured creditors (the "Committee").

3.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this

Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief

sought herein are section 105(a) of the Bankruptcy Code.

## BACKGROUND TO THE MOTION

4.    Pursuant to Bankruptcy Code section 546(a), the bar date for commencing

avoidance actions in these cases was December 8, 2010 (the "Avoidance Bar Date").  On or prior

to the Avoidance Bar Date, the Debtors commenced approximately ninety-four (94) preference

and fraudulent conveyance avoidance actions against third parties (the "Avoidance Actions") and

entered into tolling agreements with 127 third parties to extend the applicable statute of

limitations for purposes of initiating potential avoidance actions against parties to such tolling

agreements.

5.    By motion dated December 3, 2010 (Docket No. 6753) (the "Stay

Motion"), the Debtors requested that this Court stay the further prosecution of the Avoidance

---

[2] An additional Debtor, Tribune CNLBC, LLC, formerly known as Chicago National League Ball Club, LLC, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.

Actions that were initiated by the Debtors in order to conserve estate resources and preserve the status quo pending the outcome of the proceedings relating to the confirmation of the two competing plans of reorganization proposed on the one hand by the Debtors, the Committee and certain of the Debtors' senior lenders (the "DCL Plan") and on the other hand by Aurelius Capital Management LP and the Indenture Trustees for the Senior Notes and the PHONES Notes (the "Noteholder Plan" and, together with the DCL Plan, the "Competing Plans").

      6.     On December 14, 2010, the Court entered the Stay Order, which provides for a broad stay of the Avoidance Actions until June 30, 2011 (the "Stay").  In pertinent part, the Stay Order provides that:

(a)    After the Avoidance Actions are filed and served they shall be deemed immediately stayed, except as set forth below, until June 30, 2011 ("Termination Date").

(b)    All applicable deadlines, other than those applicable to the discovery set forth herein, are suspended during the period of the Stay.

(c)    All motion practice (other than motions respecting confidentiality, motions to lift, extend or otherwise respecting the Stay, motions with respect to the discovery permitted by this Order, motions to intervene, and motions regarding settlement) and contested hearings or trials are prohibited.

(d)    Notwithstanding the foregoing, during the period the Stay is in effect, the Debtors may (a) consistent with applicable Federal Rules of Bankruptcy Procedure, amend the complaints in the Avoidance Actions, (b) complete service of the complaints in the Avoidance Actions, and (c) take such steps, including immediately pursuing discovery, as are necessary for the purpose of preventing applicable statutes of limitations or other time-related defenses from barring any of the claims asserted in the Avoidance Actions.

(e)    During the pendency of the Stay, no defendant to the Avoidance Actions shall answer or otherwise respond to complaints filed therein and all rights of such defendants, including the right to move to dismiss the Avoidance Actions following expiration of the Stay, shall be fully preserved.

See Stay Order at 2.  Consistent with the Stay Order, the Avoidance Actions commenced by the

Debtors have remained stayed and none of the Avoidance Actions have been settled.

### RELIEF REQUESTED

7.      The Debtors seek an order extending the Stay of the Avoidance Actions

from June 30, 2011 through and including December 30, 2011, which will permit the parties to

continue to enjoy the benefits of the Stay pending a ruling on confirmation of the Competing

Plans.[3]  In order to effectuate the extension of the Stay of the Avoidance Actions, the Debtors

request that a copy of the Order granting the relief requested herein be entered on the docket in

each of the Avoidance Actions.  Finally, the Debtors request that any Order granting this relief

provide that the Stay may be lifted or further extended by the Court for cause shown, after notice

and a hearing.

### BASIS FOR RELIEF

8.      The Court has inherent authority and jurisdiction to consider and enforce

the terms of the orders it enters, including the Stay Order.  See Langston Law Firm v. Miss., 410

B.R. 150, 155 (S.D.N.Y. 2008) ("Bankruptcy courts have inherent or ancillary jurisdiction to

interpret and enforce their own orders wholly independent of the statutory grant of jurisdiction

under 28 U.S.C. § 1334.") (quoting In re Chateaugay Corp., 201 B.R. 48, 62 (Bankr. S.D.N.Y.

1996)); see also In re Fibermark, 369 B.R. 761, 765 (Bankr. D. Vt. 2007); In re White Motor

Credit Corp., 75 B.R. 944, 947-48 (Bankr. N.D. Ohio 1987).

9.      As described in the Stay Motion, many of the claims that are the subject of

Avoidance Actions in these cases may be eliminated, reduced, or modified in the event the DCL

---

[3] Pursuant to Local Rule 9006-2, the filing of this Motion automatically extends the June 30, 2011 Termination Date until a hearing on the Motion without the need for a bridge order.  The Debtors nonetheless request a hearing on the Motion on June 28, 2011, prior to the Termination Date, so that an appropriate order may be entered at the Court's convenience.

46429/0001-7675407v1

Plan is confirmed, because the DCL Plan provides for full payment to general unsecured

creditors of the subsidiary Debtors. After an extensive and lengthy evidentiary trial, closing

arguments in connection with the confirmation proceedings on the Competing Plans are

scheduled for June 27, 2011. As of the date of this Motion, it appears uncertain whether plan

confirmation will occur prior to the June 30, 2011 expiration of the Stay. Moreover, even if the

DCL Plan or the Noteholder Plan is confirmed prior to June 30, the Debtors anticipate that it may

be several months before a plan becomes effective, given that the Debtors' emergence from

bankruptcy requires the prior consent of the Federal Communications Commission ("FCC").

Alternatively, if neither of the Competing Plans is confirmed, the Debtors believe it is prudent to

continue to the Stay until it is determined how any future plan proposed for the Debtors will treat

the Avoidance Actions. Under these circumstances, an extension of the Stay of the Avoidance

Actions is in the best interests of the estates.

        10.     Extending the June 30, 2011 Termination Date to December 30, 2011

while the Competing Plans remain pending before this Court will conserve estate resources,

avoid litigation that otherwise might be resolved in part by the DCL Plan, and permit the parties

to focus on confirmation and issues directly related to the Competing Plans. The extension to

December 30, 2011 appropriately preserves the status quo while this Court considers the

Competing Plans and the Debtors take the steps necessary to satisfy the preconditions to a

confirmed plan becoming effective, including, but not limited to, obtaining FCC approval. The

extension of the Stay of the Avoidance Actions will not prejudice any of the defendants to the

Avoidance Actions, who will similarly conserve their resources until a final resolution is reached

on the Competing Plans and the Debtors determine the appropriate course of action on the

Avoidance Actions based on that resolution. Should either of the two Competing Plans be

46429/0001-7675407v1

confirmed and become effective prior to the Termination Date, the Debtors or other parties will

be able to take appropriate steps to seek to lift the Stay of the Avoidance Actions if necessary.

## NO PRIOR REQUEST

11.    No prior request for the relief sought herein has been made by the Debtors

in this or any Court.

## NOTICE

12.    Notice of this Motion has been provided to:  (i) the Office of the United

States Trustee; (ii) counsel for the Committee; (iii) counsel to the administrative agents for

Tribune's prepetition loan facilities; (iv) counsel to the administrative agent for the Debtors'

post-petition loan facility; (v) the indenture trustees for Tribune's prepetition notes; (vi) the

defendants in Avoidance Actions; and (vii) all parties having requested notice pursuant to

Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit

that no other or further notice is necessary.

46429/0001-7675407v1

WHEREFORE, the Debtors respectfully request that the Court enter an order,

substantially in the form attached hereto, extending the Stay of the Avoidance Actions from

June 30, 2011 to December 30, 2011 and granting such other relief as the Court deems just and

proper.

Dated: Wilmington, Delaware          Respectfully submitted,
      June 10, 2011

                                                SIDLEY AUSTIN LLP
                                                James F. Conlan
                                                Bryan Krakauer
                                                Dennis M. Twomey
                                                Jillian K. Ludwig
                                                One South Dearborn Street
                                                Chicago, IL 60603
                                                Telephone: (312) 853-7000
                                                Facsimile: (312) 853-7036

                                                       -and-

                                                COLE, SCHOTZ, MEISEL,
                                                FORMAN & LEONARD, P.A.

                                                By: _____
                                                Norman L. Pernick (No. 2290)
                                                J. Kate Stickles (No. 2917)
                                                Patrick J. Reilley (No. 4451)
                                                500 Delaware Avenue, Suite 1410
                                                Wilmington, DE 19801
                                                Telephone: (302) 652-3131
                                                Facsimile: (302) 652-3117

                                                ATTORNEYS FOR DEBTORS AND
                                                DEBTORS IN POSSESSION