```
              IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE DISTRICT OF DELAWARE


IN RE:                        )      Case No. 08-13141(KJC)
                              )
                              )
TRIBUNE COMPANY               )      Chapter 11
                              )
                              )      Courtroom 5
                              )      824 Market Street
           Debtors.           )      Wilmington, Delaware
                              )
                              )      June 13, 2011
                              )      1:30 p.m.


                 TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE JUDGE KEVIN J. CAREY
                UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtors:                    Sidley Austin, LLP
                                BY: JAMES BENDERNAGEL, ESQ.
                                One South Dearborn
                                Chicago, IL 60603
                                (312) 853-7000


                                Cole, Schotz, Meisel, Forman
                                & Leonard, P.A.
                                BY: NORMAN PERNICK, ESQ.
                                500 Delaware Ave., Ste. 1410
                                Wilmington, DE 19801
                                (302) 652-3131


                                Tribune Company
                                BY: DON LIEBENTRITT, ESQ.
                                435 North Michigan St.
                                Chicago, IL  60611
                                (312) 222-9100


ECRO:                           AL LUGANO

Transcription Service:          DIAZ DATA SERVICES
                                331 Schuylkill Street
                                Harrisburg, Pennsylvania 17110
                                (717) 233-6664
                                www.diazdata.com


Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

APPEARANCES:
(Continued)

For Oaktree & Angelo Gordon:    Young Conaway Stargatt &
                                Taylor
                                BY: BLAKE CLEARY, ESQ.
                                The Brandywine Building
                                1000 West Street, 17th Floor
                                Wilmington, DE 19801
                                (302) 571-6600

                                Dewey & LeBeouf
                                BY: JOSH MESTER, ESQ.
                                BY: JAMES JOHNSTON, ESQ.
                                333 S. Grand Ave., Ste. 2600
                                Los Angeles, CA  90071-1530
                                (213) 621-6021

For Merrill Lynch:              Potter Anderson & Carroon, LLP
                                BY: R. STEPHEN MCNEILL, ESQ.
                                Hercules Plaza
                                1313 North Market Street
                                6th Floor
                                Wilmington, DE  19801
                                (302) 984-6033

For Barclays:                   DLA Piper
                                BY: MICHELLE MARINO, ESQ.
                                1251 Avenue of the Americas
                                New York, NY  10020-1104
                                (212) 335-4500

For JP Morgan:                  Davis Polk & Wardwell
                                BY: ELLIOT MOSKOWITZ, ESQ
                                BY: MICHAEL RUSSANO, ESQ.
                                450 Lexington Avenue
                                New York, NY 10017
                                (212) 450-4000

                                Richards Layton & Finger
                                BY: ROBERT STEARN, ESQ.
                                One Rodney Square
                                920 North King Street
                                Wilmington, DE  19801
                                (302) 651-7700

```
APPEARANCES:
(Continued)

For Wilmington Trust:          Brown Rudnick
                               BY: MARTIN SIEGEL, ESQ.
                               185 Asylum Street
                               Hartford, CT  06103
                               (860)509-6519

                               Sullivan Hazeltine Allinson,
                               LLC
                               BY: WILLIAM SULLIVAN, ESQ.
                               4 East 8th Street, Suite 400
                               Wilmington, DE  19801
                               (302) 4268-8191

For Official Committee
of Unsecured Creditors:        Landis, Rath & Cobb
                               BY: DANIEL B. RATH, ESQ.
                               BY: ADAM G. LANDIS, ESQ.
                               919 Market Street, Suite 1800
                               Wilmington, DE 19801
                               (302) 467-4400

                               Chadbourne & Parke, LLP
                               BY: DAVID LEMAY, ESQ.
                               BY: THOMAS MCCORMACK, ESQ.
                               30 Rockefeller Plaza
                               New York, NY 10112
                               (212) 408-5100

                               Zuckerman Spaeder
                               BY: JAMES SOTTILE, ESQ.
                               1800 M Street, NW
                               Suite 1000
                               Washington, DC 20036
                               (202) 778-1800

For DBTCA:                     McCarter & English
                               BY: KATHARINE MAYER, ESQ.
                               BY: DAVID ADLER, ESQ.
                               405 N. King Street, 8th Fl.
                               Wilmington, DE  19801
                               (302) 984-6312
```

APPEARANCES:
(Continued)

For Aurelius:                   Akin Gump Strauss Hauer & Feld
                                BY: MITCHELL HURLEY, ESQ.
                                BY: DAVID ZENSKY, ESQ.
                                BY: DEBRA NEWMAN, ESQ.
                                One Bryant Park
                                New York, NY 10036
                                (212) 872-1000

For Merrill Lynch:              Kaye Scholer, LLP
                                BY: MADLYN GLEICH PRIMOFF ESQ.
                                BY: JANE PARVER, ESQ.
                                425 Park Avenue
                                New York, NY  10022-3598
                                (212) 836-7042

For Law Debenenture:            Bifferato Gentilotti
                                BY: GARVAN MCDANIEL, ESQ.
                                800 North King Street
                                Plaza Level
                                Wilmington, DE  19801
                                (302) 429-1900

For Morgan Stanley:             Weil Gotshal & Manges, LLP
                                BY: ANDREA SAAVEDRA, ESQ.
                                767 Fifth Avenue
                                New York, NY  10153
                                (212) 310-8544

                                Barnes & Thornburg, LLP
                                BY: DAVID M. POWLEN, ESQ.
                                1000 North West St., Ste.1200
                                Wilmington, DE  19801-1058
                                (302) 888-4536

For Sam Zell/EGI-TRB:           Blank Rome, LLP
                                BY: DAVID W. CARICKHOFF, ESQ.
                                1201 Market Street, Ste. 800
                                Wilmington, DE  19801
                                (302) 425-6434

TELEPHONIC APPEARANCES:

For SuttonBrook Capital:          SuttonBrook Capital
                                  Management, LP
                                  BY: CAROL L. BALE, ESQ.
                                  (212) 588-6640

For George Dougherty:             Grippo & Elden, LLC
                                  BY: GEORGE DOUGHERTY, ESQ.
                                  (312) 704-7700

For Official Committee of
Unsecured Creditors:              Chadbourne & Park, LLP
                                  BY: MARC ROITMAN, ESQ.
                                  (212)408-5271
                                  BY: ALI NELLOS, ESQ.
                                  (212) 408-5100
                                  BY: ROBERT SCHWINGER, ESQ.
                                  (213) 892-1000
                                  BY: HOWARD SEIFE, ESQ.
                                  (212) 408-5361
                                  BY: ROBERT KIRBY, ESQ.
                                  (212) 408-5100
                                  BY: MARC D. ASHLEY, ESQ.
                                  (212) 408-5194
                                  BY: DOUGLAS DEUTSCH, ESQ.
                                  (212) 408-5169

                                  Zuckerman & Spaeder, LLP
                                  BY: GRAEM BUSH, ESQ.
                                  BY: ANDREW GOLDFARB, ESQ.
                                  (202) 778-1800

For Bank of America:              O'Melveny & Myers
                                  BY: DANIEL CANTOR, ESQ.
                                  (212) 326-2000
                                  BY: DANIEL SHAMAH, ESQ.
                                  (212) 326-2138

For Citibank:                     Paul Weiss Rifkind Wharton
                                  BY: KIRA DAVIS, ESQ.
                                  (212) 373-3000
                                  BY: SHANNON PENNOCK, ESQ.
                                  (212) 373-3000

```
TELEPHONIC APPEARANCES:
(Continued)

For Tribune:                    Sidley Austin
                                BY: BRETT MYRICK, ESQ.
                                (312) 853-1049
                                BY: DENNIS TWOOMEY, ESQ.
                                (312) 853-7824
                                BY: BRYAN KRAKAUER, ESQ.
                                (312) 853-7515
                                BY: CANDICE KLINE, ESQ.
                                (312) 853-7778
                                BY: KEVIN LANTRY, ESQ.
                                (213) 896-6022
                                BY: ALLISON E. ROSS-STROMBERG,
                                ESQ.
                                (312) 853-0497
                                BY: KERRIANN MILLS, ESQ.
                                (312) 853-0036
                                BY: DAVID MILES, ESQ.
                                (202) 736-8556
                                BY: JESSICA BOETLER, ESQ.
                                (312) 853-7030
                                BY: JILLIAN LUDWIG, ESQ.
                                (312) 853-7523

                                Tribune Company
                                BY: GARY WEITMAN, ESQ.
                                (312) 222-3494
                                BY: DAVE ELDERSVELD, ESQ.
                                (312) 222-4707

For Aurelius Capital
Management:                     Aurelius Capital Management LP
                                BY: MATTHEW A. ZLOTO, ESQ.
                                (646) 445-6518

                                Akin Gump Strauss Hauer & Feld
                                BY: SHAYA ROCHESTER, ESQ.
                                (212) 872-1076

                                Friedman Kaplan Seiler &
                                Adelman
                                BY: EDWARD FRIEDMAN, ESQ.
                                (212) 833-1100
```

```
TELEPHONIC APPEARANCES:
(Continued)
```

For Anna Kalenchits:             Anna Kalenchits
                                 (212)723-1808


For JP Morgan Chase Bank:        Davis Polk & Wardwell, LLP
                                 BY: PETER KIM, ESQ.
                                 (212) 450-3028


For Barclays:                    Mayer & Brown, LLP
                                 BY: AMIT K. TREHAN, ESQ.
                                 (212) 506-1717
                                 BY: JEAN-MARIE ATAMIAN, ESQ
                                 (212) 506-2678
                                 BY: MICHAEL L. SIMES, ESQ.
                                 (212) 506-2607

                                 Barclays
                                 BY: BEN WILSON, ESQ.
                                 (212) 412-7642


For Eos Partners:                Eos Partners
                                 BY: MIKE J. SCHOTT, ESQ.
                                 (212) 593-4046


For Merrill Lynch:               Kaye Scholer, LLP
                                 BY: JONATHAN AGUDELO, ESQ.
                                 (212) 836-8369


For DK Partners:                 DK Partners
                                 BY: EPHRAIM DIAMOND, ESQ.
                                 (646) 282-5841


For Deutsche Bank:               McCarter & English
                                 BY: DAVID ADLER, ESQ.
                                 (212) 609-6847
                                 BY: KATHARINE L. MAYER, ESQ.
                                 (302) 984-6312

                                 Kramer Levin, Naftalis &
                                 Frankel, LLP
                                 BY: DAVID E. BLABEY, JR.,ESQ.
                                 (212) 715-9100

```
TELEPHONIC APPEARANCES:
(Continued)

For Great Banc Trust Co.:      Morgan Lewis & Brockius, LLP
                               BY: RACHEL MAUCERI, ESQ.
                               (215) 963-5000


For Interested Party:          Schulte Roth & Zabel, LLP
                               BY: KAREN S. PARK, ESQ.
                               (212) 756-2036


For EGI-TRB:                   Jenner & Block, LLP
                               BY: ANDREW VAIL, ESQ.
                               (312) 840-8688


For Chandler Bigelow:          Sperling & Slater
                               BY: CLAIRE P. MURPHY, ESQ.
                               (312)641-3200


For Goldman Sachs & Co.:       Goldman Sachs & Company
                               BY: SCOTT BYNUM, ESQ.
                               (212) 902-8060
                               BY: LEXI FALLON, ESQ.
                               (212) 902-0791


For Wells Fargo:               White & Case
                               BY: SCOTT GREISSMAN, ESQ.
                               (212) 819-8567
For Miller Tabak Roberts
Securities:                    Miller Tabak Roberts
                               Securities, LLC
                               BY: ANDREW M. THAU
                               (212) 692-51


For Law Debenture Trust:       Kasowitz Benson Torres &
                               Friedman
                               BY: SHERON KORPUS, ESQ.
                               (212)506-1700
                               BY: CHRISTINE MONTENEGRO, ESQ.
                               (212)506-1715


For Arrowgrass Capital:        Arrowgrass Capital Partners,
                               US, LP
                               BY: DAVID DUNN, ESQ.
                               (212) 584-5946
```

```
TELEPHONIC APPEARANCES:
(Continued)

For Robert R. McCormick
Foundation &
Cantigny Foundation:              Katten Muchin Rosenman, LLP
                                  BY: JOHN SIEGER, ESQ.
                                  (312) 902-5294


For Employees Compensation
Defendants Group:                 Frank Gecker, LLP
                                  BY: REED HEILIGMAN, ESQ.
                                  (312) 276-1400


For Nealesh Jhaveri:              Citadel Investment Group
                                  BY: NEALESH JHAVERI
                                  (212) 651-7636


For Wilmington Trust:             Brown Rudnick, LLP
                                  BY: DYLAN P. KLETTER, ESQ.
                                  (212) 209-4929


For Morgan Stanley:               Weil Gotshal & Manges, LLP
                                  BY: DAVID LITVACK, ESQ.
                                  (212) 310-8361
                                  BY: ASHIH D. GANDHI, ESQ.
                                  (212) 310-8024


For Aurelius Capital
Management:                       The Law Office of Lerman
                                  Senter
                                  BY: MEREDITH S. SENTER, ESQ.
                                  (202) 416-6740


For Smith Management:             Smith Management
                                  BY: JENNIFER WILD, ESQ.
                                  (212) 418-6877
```

1

1    WILMINGTON, DELAWARE, MONDAY, JUNE 13, 2011, 1:41 P.M.

2              THE CLERK:  Be seated, please.

3              THE COURT:  Good afternoon, everyone.

4              ALL:  Good afternoon, Your Honor.

5              MR. PERNICK:  Good afternoon, Your Honor.  Norman

6    Pernick from Cole Schotz on behalf of the debtors, Tribune

7    Company.

8              Your Honor, we have nine items on the agenda

9    today.  All of them are going forward.  The parties do have

10   a suggestion for the Court and with the Court's permission,

11   they would just like to flip two of the agenda items.  Items

12   No. 3 and 4 deal with the admission of certain documents and

13   the parties would like to suggest that the noteholder plan

14   proponents document motion which is No. 4 on your amended

15   agenda go forward before No. 3 and then No. 3 go right after

16   it.  So with the Court's permission, we'll start with No. 1,

17   go to No. 2, and then 4, and then 3.

18             THE COURT:  That's fine.

19             MR. PERNICK:  Thank you, Your Honor.  Mr.

20   Sottile, I think has No. 1.

21             MR. SOTTILE:  Good afternoon, Your Honor.  James

22   Sottile of Zuckerman Spaeder, special counsel to the

23   official committee of unsecured creditors.

24             Your Honor, we're here for the first time in the

25   agenda with respect to the committees' second motion to

1    amend the definition of termination event in the orders that

2    granted the committee standing to prosecute certain claims

3    on behalf of the debtors' estates.  Your Honor, this is

4    really a follow on to the previous motion which the Court

5    was kind enough to grant by amending the definition of

6    termination event such that the stay did not terminate in

7    May when it would have originally, but rather now on June

8    15, which is coming up in two days.  The second motion to

9    amend seeks to extend that date to August 15.  I'll be

10   brief, Your Honor, because I know the Court has heard this

11   before.

12            The reasons for further amending the definition

13   remain the same, the confirmation hearings continue and the

14   committee and the plan proponents generally submit that it's

15   appropriate to maintain the status quo in the litigation

16   until the confirmation hearings come to a conclusion and we

17   know where these claims will reside so that whichever entity

18   ends up controlling the claims will have the ability to make

19   decisions about how to go forward with those claims without

20   being prejudiced by decisions that might be made prior to

21   that time.

22            And so for those reasons, Your Honor, we submit

23   that the Court can and should further extend the date by

24   which the stay would terminate from the current date of June

25   15 to August 15.  We have also asked the Court to consider

1   as a matter of administrative convenience permitting the

2   plan proponents should they all agree on a further extension

3   to submit a certification of counsel to the Court setting

4   forth that extension on notice to all of the parties so that

5   we don't have to continue making motions should further

6   extensions be warranted.

7            THE COURT:  And deprive yourself of the benefit

8   of --

9   (Laughter)

10            THE COURT:  -- the regular objection?

11            MR. SOTTILE:  Your Honor, we would be pleased to

12  grant Mr. Zell a standing objection to any further

13  extensions.  We appreciate that he continues to press his

14  positions.  We're not trying to override those positions,

15  but we submit the Court really has dealt with those

16  arguments by Mr. Zell and that we don't believe it's in the

17  Court's or any of the parties interest to keep coming back

18  here on motions making the same arguments over and over

19  again while these confirmation hearings continue.  Mr. Zell

20  has noted in opposition here as he has before that, you

21  know, there is a pending separate motion with respect to

22  whether or not he should be permitted to proceed to serve a

23  Rule 9011 motion against the committee which the Court has

24  under advisement.  That doesn't go directly to the question

25  of whether or not the stay should otherwise be extended.  We

1    submit that it should be, Your Honor, for the reasons that

2    I've articulated and that the Court has heard before.

3              And with that, I would be happy to cede it to Mr.

4    Zell's counsel, if they wish to be heard further on the

5    matter.

6              THE COURT:  All right, thank you.  Does anyone

7    else wish to be heard?

8              MR. BRADFORD:  Yes, Your Honor.  David Bradford

9    on behalf of Mr. Zell by telephone.  We appreciate that Your

10   Honor's ruled on this matter before.  I won't belabor the

11   record by repeating those arguments.  And we do note as Mr.

12   Sottile noted that the Rule 9011 motion has not been ruled

13   on and is still under advisement.  Thank you, Your Honor.

14             THE COURT:  Thank you, Mr. Bradford.  Does anyone

15   else wish to be heard in connection with this motion?

16             MR. ZENSKY:  Good afternoon, Your Honor, for the

17   record, David Zensky, Akin, Gump, Strauss, Hauer & Feld for

18   Aurelius and the noteholder plan proponents.

19             As we did on the prior occasion, the noteholders

20   support the committees' application to extend the

21   termination date.

22             THE COURT:  All right, thank you.  Does anyone

23   else wish to be heard?

24   (No audible response.)

25             THE COURT:  I hear no further response.  Mr.

1  Bradford, any specific comment about the request for renewal

2  by agreement without necessity of motion?

3          MR. BRADFORD:  No further comment on that, Your

4  Honor, with the understanding that as circumstances change

5  such that we reasonably believe you might reach a different

6  decision on this, we could always come forward with the

7  motion to raise that.  So as a matter of convenience, we're

8  certainly agreeable to however the Court would like to

9  handle this.

10          THE COURT:  All right, thank you, Mr. Bradford.

11  I have ruled earlier on the like request for relief and for

12  the same reason so I am going to grant it subject to what

13  I'm about to say and we'll overrule the objection.  I think

14  primarily the reasoning is that it does -- it is appropriate

15  for now to maintain the status quo.  I would like the order

16  to provide that extensions can't exceed 60 days.

17          MR. SOTTILE:  Certainly, Your Honor.

18          THE COURT:  And to the extent Mr. Bradford would

19  like additional language in there indicating it's without

20  prejudice for him to come back by motion before the Court,

21  I'd ask that you add that as well.

22          MR. SOTTILE:  We will confer with Mr. Bradford

23  and so provide in the order, Your Honor.

24          THE COURT:  Thank you.

25          MR. SOTTILE:  Your Honor, the second item on the

1    agenda for today is the motion of the DCL plan proponents to

2    admit certain exhibits and that's followed in Items 3 and 4

3    by similar motions on behalf of the noteholder plan

4    proponents and Wilmington Trust Company with respect to

5    exhibits that they wish to be admitted into evidence for all

6    purposes.

7              Your Honor, before we go down the path of

8    exploring the intricacies of the market reports exception

9    Rule 807, present sense impressions, and the like, I'd like

10   to offer the Court a modest proposal on resolution of all of

11   these disputed issues.

12             THE COURT:  Oh, please.

13   (Laughter)

14             MR. SOTTILE:  I thought it might appeal to the

15   Court.  Your Honor, in reviewing the briefs, it seems to me

16   that the parties, in fact, agree on the key issue about all

17   of these documents which is that they can and should be

18   considered by this Court for the purposes of this

19   confirmation hearing which is to canvass the legal and

20   factual issues in evaluating the merits of the settlement

21   embodied in the DCL plan and consider whether or not the

22   Martin factors and other applicable standards are satisfied.

23   I think everyone that has been heard on these motions, Your

24   Honor, agrees that the Court can and should consider the

25   documents for all of those purposes.

1          What we submit, Your Honor, the Court should not

2    do is consider documents that are on their face hearsay for

3    purposes that go beyond what you have to decide which is to

4    canvass the issues and consider whether or not the Martin

5    factors are satisfied.

6          THE COURT:  Well, you know, we devoted some

7    thought to that very point actually in connection with these

8    motions and one of the comments that we have on this side

9    was well I mean is it either hearsay or not hearsay?  I

10   mean, can it -- I mean, I -- it's kind of like pregnancy in

11   that respect, isn't it?

12         MR. SOTTILE:  Well, Your Honor, we have thought

13   about that point which is a little bit of a conundrum, but

14   let me suggest this pragmatic way perhaps to get through it.

15   I think that the Court could consider these documents

16   without passing on the hearsay objection for the purpose of

17   considering and deciding whether or not the settlement meets

18   the Martin factors and should be approved or not.  And I

19   don't think the Court has to decide the hearsay issue for

20   that purpose.  Various parties have submitted briefs

21   suggesting that Courts in passing on such issues can

22   consider all of the available evidence whether or not it's

23   actually at the moment present in admissible form if what

24   you're doing is not a trial on the merits, but simply a

25   canvassing of the issues which is all the Court is charged

1  with doing for this purpose.

2         If the Court were, in fact, conducting a trial on

3  the merits and you were going to decide such issues as for

4  example whether or not parties could reasonably rely on the

5  2007 financial projections, whether or not, in fact, there

6  was an intentional fraudulent conveyance at step two of the

7  transactions, then I think it's clear the Court would have

8  to decide whether or not these documents satisfy any hearsay

9  exceptions, whether they can be considered for the truth.

10 But, Your Honor, you don't have to decide those things in

11 order to decide the issues that are, in fact, presented to

12 you which is does this settlement meet the 9019 standards?

13        And all of us agree, Your Honor, that you can

14 consider these documents for that purpose.  Where we may

15 part company a little bit, Your Honor, with the noteholders

16 and Wilmington Trust is that the DCL plan proponents submit

17 that you should not consider these documents which are not

18 we believe admissible for the truth, given their hearsay

19 nature for the purpose of deciding things that aren't really

20 before you anyway which is the merits or the LBO related

21 causes of action to the extent that goes beyond canvassing.

22        We would submit, Your Honor, that it is neither

23 appropriate nor prudent for the Court to go down that road

24 when you haven't had a trial on the merits, when no one put

25 on the kind of case that they would put on if we were

1    actually trying the fraudulent conveyance actions.

2            THE COURT:  Well some parts of the evidence came

3    pretty close to that, wouldn't you say?

4            MR. SOTTILE:  Sadly, I would agree with the Court

5    that the parties in their enthusiasm to present their cases

6    fully did perhaps go beyond the mere canvassing of issues.

7            THE COURT:  I'm not suggesting that was

8    inappropriate either.

9            MR. SOTTILE:  I understand, Your Honor.

10            THE COURT:  Okay.

11            MR. SOTTILE:  In short, Your Honor, what we would

12    submit is that the Court can and should resolve every one of

13    these motions about admissibility of exhibits in this way.

14    The Court should rule on the parties agreement that all of

15    the documents may be considered for the purpose of

16    canvassing the issues and evaluating whether the DCL plan

17    settlement meets the Martin factors and any other applicable

18    standards for approval of that settlement.  The Court should

19    not, however, consider those documents as a basis for making

20    specific findings of fact on the merits of the LBO causes of

21    action which again, DCL plan proponents believe is simply

22    beyond the issues that have been presented to the Court and

23    that the Court needs to decide.

24            And, Your Honor, a final part of this proposal I

25    would suggest is prompted by the discussion we had at the

1  telephonic hearing last week about whether third parties

2  ought to be heard on proposed findings.  And I think there

3  was an argument that they should be heard, that the Court

4  entertained because they might be prejudiced if findings of

5  fact were made that could be used against them in later

6  litigation.  And we would submit, Your Honor, that the

7  appropriate way to deal with that is to simply provide in

8  the Court's decision that any findings of fact in this case

9  on the merits of the LBO related causes of action can't be

10  used in later litigation by any party arguing either side of

11  the merits of those issues.  And, Your Honor, we believe

12  that that would satisfy the legitimate concerns of third

13  parties that if they're not standing up and being heard,

14  they might be prejudiced down the road.

15          With that, Your Honor, I will leave it to the

16  Court how you would like to proceed further.  If you wish to

17  hear the specifics on the DCL motion and those documents,

18  Mr. McCormack will address those points.

19          THE COURT:  Well let's -- first, let's canvass

20  the parties.

21  (Laughter)

22          MR. SOTTILE:  That would seem appropriate, Your

23  Honor.

24          THE COURT:  And see how they might respond to

25  your suggestion, Mr. Sottile.

1          MR. SOTTILE:  Thank you, Your Honor.

2          MR. HURLEY:  Good afternoon, Your Honor.  For the

3     record, Mitch Hurley with Akin Gump on behalf of Aurelius.

4          Your Honor, it sounded almost like Mr. Sottile

5     was arguing many of the arguments that were presented in our

6     brief a moment ago.  And I think that we do have substantial

7     areas of agreement.  We agree that in a 9019 setting, Your

8     Honor is basically in the same position that a District

9     Court Judge or a Bankruptcy Court Judge is when considering

10    a preliminary injunction motion.  So that the Court's

11    function is not actually to make findings of facts and law

12    with respect to the LBO causes -- or to the causes of action

13    at issue.  Instead, what the Court is doing is based on a

14    limited record, seeking to predict what would likely happen

15    in the plenary trial, the likelihood of success.

16         And so it's clear in the Third Circuit that when

17    a Court is considering a preliminary injunction motion for

18    example, the Court is entitled to consider materials that

19    would be hearsay in another context as non-hearsay in

20    connection with making whatever determinations it needs to

21    make in order to reach its necessarily preliminary

22    conclusion on the motion for a preliminary injunction.  Very

23    similar case law in the setting of Rule 23(e) where Courts

24    are considering the fairness of a class action settlement.

25         So we agree that in the sense of formal findings

1   that it's not part of the Court's mandate in the canvassing

2   of the merits to make such formal findings.  However, we --

3            THE COURT:  So let me -- there is a meaningful

4   difference and that is under the rules, Courts are not

5   required to make findings and conclusions with respect to

6   motions within adversaries as a general proposition.  So

7   that's why in the preliminary injunction setting, the Court

8   wouldn't have to.  But with respect to confirmation and

9   objections to confirmation, I will need to make certain

10  findings and conclusions.  How do I fashion a ruling even if

11  the parties agree that would -- I don't know if the -- not

12  necessarily bring clarity, but prevent confusion assuming

13  some other Court might yet be asked to opine on the same

14  issues at some future date so that it's clear to the

15  Appellate Court what I did or didn't do.

16           MR. HURLEY:  Well certainly Aurelius agrees that

17  the Court has to make findings in connection with this

18  motion.  What we're arguing is that those findings don't

19  include final determinations as to issues of law and fact

20  that go to the merits of the LBO claims.  In other words,

21  you're not actually determining the LBO claims.  You are

22  assessing the likelihood that they would succeed and then

23  making a finding based on the other Martin factors about

24  whether or not the plan can be confirmed.

25           THE COURT:  Assuming I reach that issue.

1          MR. HURLEY:  So I think we have more or less the

2     same view as long as it's clear that what we're arguing is

3     that in connection with your canvassing, you can certainly

4     review the contents of these documents we're talking about

5     in order to make your assessment about whether a fact is

6     more or less likely or a conclusion of law is more or less

7     likely in connection with the plenary trial.

8          So in that sense, we think the contents are

9     certainly available to you, but because the exercise you're

10    undertaking is different than a full trial on the merits, we

11    think you can review the documents.  And I think we're

12    saying the same thing, but it wasn't crystal clear to me

13    from the exchange of papers on that issue.

14          I should make one point in addition which is that

15    we view the documents that have been offered by the DCL plan

16    proponents as categorically different than the documents

17    offered by the noteholder plan proponents in that the three

18    documents that are at issue on the DCL plan proponents

19    motion all go to process issues.  They don't go to the

20    canvassing of the merits.  These are not documents that

21    would be admissible in a plenary trial of the LBO claims,

22    they're documents that go to the other Martin factors.

23          Now with respect to those other Martin factors,

24    it's our view that since this Court is the only trial Court

25    that will ever reach those issues, that the Court is

1  actually making findings with respect to those issues and

2  the federal rules of evidence should be applied accordingly.

3  We have not objected to introduction of those three

4  documents for purposes other than the truth of the matter

5  asserted, but for purposes of their truth, we think that it

6  would be inconsistent not only with the federal rules,

7  really with fairness particularly in connection with the

8  mediation statement.  They're trying to offer it for I guess

9  the truth of an isolated statement within the mediator's

10 report concerning the negotiations.  And we think it would

11 be unfair particularly because we didn't have a chance to

12 take any discovery or present any other evidence on that

13 point.

14             THE COURT:  Well and I addressed this issue early

15 on in this case.  You might not have been present during

16 those discussions, but I told the gathered before and I

17 haven't changed my mind that I'm not going to give

18 evidentiary weight to what the mediator said for all kinds

19 of reasons.  You know, the -- and I think the way I said it

20 was that, you know, with respect to good faith or other

21 issues, the plans will pass or fail based upon what I heard

22 here.  So I hear that the parties are continuing to fence

23 about it, but from my standpoint, I'm not sure why.

24             MR. HURLEY:  Thank you, Your Honor.  And just

25 sort of a final point your question of basically are what's

1  our view of whether we can reach an agreement.  It sounds

2  like it's possible, we just have to make sure we understand

3  what the details of it are.

4          THE COURT:  And I'll hear from everyone and I'll

5  give you some time to talk out of my presence but, thank

6  you, Mr. Hurley.

7          MR. SIEGEL:  Good afternoon, Your Honor.  Martin

8  Siegel from Brown Rudnick on behalf of Wilmington Trust.

9          We, too, join with the noteholders in saying we

10 may be able to reach an agreement because this is not a

11 trial -- at least with respect to the reasonableness of the

12 settlement.  There are things as to which you are

13 determining on the merits because you're the Trial Court

14 when you get to the plan issues, but at least with the

15 issues as to whether or not the settlement is reasonable,

16 we've been through the contours motions and a number of

17 other motions and it's clear that your function is I think

18 you phrase it canvass the issues, plus, but it's not to hold

19 a trial on the merits.

20         And at least from our standpoint, we're not

21 looking to have your findings that you may make in

22 connection with the merits of the settlement, this

23 canvassing the issue binding in some other proceeding

24 because it may be a different standard.  We're seeking to

25 have you review and look at all of the -- and consider all

1   of the documents that were cited in Wilmington Trust's post

2   trial brief.  I think those are the issues that are at stake

3   now.

4          And I'll just use one example from my standpoint

5   of what we're talking about and hopefully nobody objects to

6   using this as an example.  I don't -- it's the clearest

7   example.  There is I think Noteholder Exhibit 1232 cited by

8   the noteholder plan proponents and we cited the same

9   document as No. 254.  And in that document, a representative

10  of one of the banks says I am very concerned.  And I'm using

11  that as a clear example of the way I think this should work.

12  And I think the problem is the cases generally don't come up

13  in this context, they come up in different contexts.  And

14  when we talk about what is admissible for all purposes or

15  what does admissible for the truth of the matter stated in

16  the context of a contours hearing, there really hasn't been

17  any cases that talk about that in this context.  But I look

18  at it as your function is the sort of accepted face value of

19  the statement.

20         So when you're considering whatever context that

21  document comes up in in our case, we argue that if someone

22  was concerned, why did they go forward with the deal anyway?

23  They sort of accept it face value that the person making

24  that statement was concerned instead of just she said it and

25  I can't consider whether that statement was true or not.  So

1  when that's the context that I look, I think the stipulation

2  by the DCL and the noteholders is the documents that are

3  being offered on both sides in a canvassing the issue is you

4  can accept them at face value for purposes of making your

5  determination.

6           And I think that solves the problem of whether

7  they're being offered for the truth or for all purposes.  As

8  long as you can consider the statements in the documents, I

9  think everybody is satisfied and we're not seeking to have

10  those documents used for any other purpose.  We're seeking

11  to have -- and all sides agree that you can use them.  So

12  it's only when you're trying to define, you know, how it is

13  that you're using them and, therefore, I offer my suggestion

14  if you can accept the statements and the documents dealing

15  with the merits of the claim.  That also gets rid of the

16  process issue.  At face value, I think that satisfies

17  everybody's concern.  Thank you.

18           THE COURT:  Thank you.

19           MR. SOTTILE:  Your Honor, I think we may be in

20  the process of reaching a vigorous agreement.  And it might

21  be helpful to the parties if this were an appropriate

22  juncture to take a brief break and see if we could

23  articulate a common position on this issue for the Court to

24  consider as a resolution of those disputed motions.

25           THE COURT:  I will do that, but let me first ask

1    if anyone else wishes to be heard before we break.

2            MS. PARVER:  Thank you, Your Honor.  It's Jane

3    Parver for Kaye Scholer for Merrill Lynch.

4            We're not a plan proponent, Your Honor.  And we

5    haven't been involved in these discussions and we don't

6    agree to the proposal, Your Honor.  As set forth in our

7    objection, we are -- we have found no case law and the

8    noteholders have cited none for the proposition that once

9    the Court determined to hold an evidentiary hearing in

10   connection with ruling on the reasonableness of the

11   settlement, that Rule 9019 somehow in the context of the

12   evidentiary hearing now permits the admission of exhibits

13   into evidence without compliance with the federal rules of

14   evidence.

15           The Court presided over a very lengthy

16   evidentiary hearing after -- and during the course of the

17   hearing you were asked to rule on and you did rule on

18   numerous, numerous evidentiary objections, Your Honor.  We

19   don't understand and we don't agree with the notion that now

20   everybody should just change course and basically throw the

21   rules out of the window.

22           Merrill Lynch is not only not a plan proponent,

23   it's a defendant in three adversary proceedings before the

24   Court and it's been named as a Defendant in lawsuits brought

25   by the noteholders and others.  There's a lot of potential

1   for admission -- for mischief here, Your Honor.  The

2   noteholders deliberately chose to cancel the depositions

3   that they had scheduled of Merrill Lynch witnesses and they

4   chose not to develop any foundation for the admission of

5   Merrill Lynch exhibits.  They didn't -- even Your Honor's

6   discovery and scheduling orders specifically permitted them

7   to go via request to admit if there were any questions about

8   admissibility, they didn't pursue any of those.

9           THE COURT:  It's rare that I hear a lawyer

10  complain that their client wasn't deposed.

11  (Laughter)

12          MS. PARVER:  For this purpose, Your Honor, what

13  we do object to having been sued by the noteholders and

14  other is the potential.  I know everybody's saying well,

15  Your Honor is going to put something in whatever Your Honor

16  writes that I only did this for the purpose of looking at

17  this.  Your Honor, that really unfairly shifts the burden to

18  Merrill Lynch to go to try to explain to some State Court

19  Judge or others well there's this proceeding called 9019 and

20  under this it's certain circumstance, even though the Judge

21  said it was admitting the exhibit into evidence, he really

22  didn't mean it.

23          THE COURT:  Look, you know, I had a hearing this

24  morning on not an issue that is related to this but, you

25  know, there was some discussion about whether a State Court

1   Judge would understand what would be going on.  I, frankly,

2   those arguments really don't gain much purchase with me

3   because, you know, Judges even if they're unfamiliar with an

4   area, are to be educated by the lawyers.  And I don't think

5   necessarily that puts a burden on anybody.  Now I don't want

6   to get into a debate about okay this is a specialized Court

7   others might be, but as a general proposition, you know,

8   other Courts understand lots of different things.

9           MS. PARVER:  I don't disagree with Your Honor,

10  I'm just saying it's burden shifting because the plaintiffs

11  are highly likely in all of the cases in which they've named

12  Merrill Lynch to come in and say the Court admitted them, it

13  has the stamp of approval and they should be going in here.

14  What I'm not quite certain of Your Honor is why anything

15  needs to be admitted into evidence.  And that's the concern

16  that we have without compliance with the federal rules of

17  evidence.

18          THE COURT:  Well you would agree if you took it

19  in its simplest form if there were just a two party dispute,

20  they could agree to admit anything.  So I mean, the Court

21  would accept it, couldn't they?

22          MS. PARVER:  They could agree what, Your Honor?

23          THE COURT:  To admit anything into evidence even

24  if over and objection it was not admissible.  Isn't that

25  correct?

1          MS. PARVER:  I agree with you, Your Honor.

2          THE COURT:  Okay.

3          MS. PARVER:  But it's the effect on third parties

4   here.

5          THE COURT:  Well --

6          MS. PARVER:  That obviously is our concern.

7          THE COURT:  -- the precedent effect anyway.  All

8   right, I hear your argument.

9          MS. PARVER:  Thank you.

10          THE COURT:  Thank you.

11          MS. SAAVEDRA:  Good afternoon, Your Honor.

12   Andrea Saavedra with Weil Gotshal & Manges.  We represent

13   Morgan Stanley and Morgan Stanley Capital Services.

14          There are several Morgan Stanley documents that

15   the noteholders are submitting as evidence for the truth of

16   the matter in connection with the confirmation.  As the

17   Court is aware, Morgan Stanley is not a plan proponent or a

18   party to these confirmation proceedings.  It is, however, a

19   defendant in certain adversary proceedings in state law

20   actions which are presently stated as articulated by the

21   Merrill Lynch counselor.  For the record, Morgan Stanley

22   simply seeks to reserve the right to object to the

23   admissibility of these documents in those adversary

24   proceedings and state law actions, as well as, any other

25   future litigations.

1          I think that Mr. Sottile's proposal regarding a

2    statement in any finding of fact or conclusion of law would

3    ameliorate certain of our concerns and we're willing to

4    discuss that at a break.

5          THE COURT:  Thank you.

6          MR. HURLEY:  Your Honor, if I could just respond

7    very briefly to what counsel for Merrill Lynch has said.

8    And again, for the record, it's Mitch Hurley with Akin Gump.

9          First, I think, Your Honor, there's a real

10   question about whether or not Merrill has any standing to

11   raise an objection at this point.  There was a case

12   management order entered into the case.  Merrill was a party

13   to the case management order.  It was specifically defined

14   as a party.  The case management order set a deadline for

15   all parties, not just proponent parties, but all parties to

16   make objections to trial exhibits.  That date was early

17   March.  The date came and the noteholder plan proponents and

18   the DCL plan proponents asserted objections.  There were no

19   other objections by mail or anybody else and we submit that

20   because they didn't assert their objections by the deadline,

21   to the extent they had any right to assert objections, that

22   right has been waived.

23         One other point, I won't respond to the substance

24   of what counsel for Merrill just presented, but one other

25   point.  On the issue they seem to be concerned about which I

1  guess is kind of like a collateral estoppel issue, I think

2  the case law is actually very clear that in a context of a

3  preliminary proceeding, certainly in the context of a

4  preliminary injunction, that determinations made in that

5  preliminary proceeding are not -- do not have any collateral

6  effect.  I think that's very clear in the Third Circuit and

7  I have a number of Third Circuit cases I'm happy to cite for

8  Your Honor now or in the later part of the presentation.

9          THE COURT:  No, I hear you.  I understand the

10  sensitivity.  So many parties here walking around with a

11  target on their back that I can understand their concern.

12  All right --

13          MS. PARVER:  Your Honor, could I just correct the

14  record on one thing?  Merrill Lynch did file a joinder to

15  objections.  It's on the record, Your Honor.

16          THE COURT:  All right, thank you.  How much time

17  do you think you'll need, Mr. Sottile?

18          MR. SOTTILE:  Your Honor, I think ten to fifteen

19  minutes, fifteen minutes to be safe, Your Honor, if that

20  would be acceptable to the Court.

21          THE COURT:  We'll reconvene at 2:30.

22          MR. SOTTILE:  Thank you, Your Honor.

23          THE COURT:  Court will stand in recess.

24  (Recess from 2:11 p.m. to 3:48 p.m.)

25          THE CLERK:  All rise.  Be seated, please.

1        THE COURT:  Okay, Mr. Sottile, do we have white

2   smoke or not?

3   (Laughter)

4        MR. SOTTILE:  Your Honor, we do have white smoke

5   albeit far delayed beyond what I had far too boldly

6   estimated for the Court.

7        THE COURT:  I noticed that.

8   (Laughter)

9        MR. SOTTILE:  We thought that it would not have

10  escaped the Court's attention and apologize for the delay.

11  The only mitigating factor is that it did, in fact, produce

12  agreement among the plan proponents which I would now like

13  to read into the record for the Court, obviously subject to

14  the Court's approval.

15       Your Honor, the plan proponents would agree to

16  the following with respect to the disputed exhibits that are

17  the subject of the three motions at issue brought by the DCL

18  plan proponents, Wilmington Trust, and the noteholders.  And

19  there's a couple of exceptions from those disputed exhibits

20  that I'll touch on in a moment.  With respect to the

21  disputed exhibits, the plan proponents agree that they are

22  admissible into evidence and may be considered by the Court

23  for the purpose of canvassing the legal and factual issues

24  and to evaluate whether the DCL plan settlement is

25  reasonable and satisfies the Martin factors and any other

1   applicable confirmation or settlement standards.  And may be

2   relied upon by the Court in making findings as to whether or

3   not the settlement is reasonable and satisfies the Martin

4   factors and any other applicable confirmation or settlement

5   standards including in connection with the Court's

6   consideration of the Martin factor bearing on the

7   probability of success of the LBO claims that are the

8   subject of the DCL plan settlement.

9          However, the disputed exhibits may not be used to

10  support specific findings of fact that go beyond whether the

11  DCL plan settlement is reasonable and satisfies the Martin

12  factors in any other applicable confirmation and settlement

13  standards.  The stipulation does not affect any other

14  documents that have previously been admitted into evidence

15  or are admitted now pursuant to the evidentiary order and

16  does not affect the admissibility of the disputed exhibits

17  to the extent they're admissible pursuant to the Court's May

18  6 evidentiary order dealing with among other things,

19  statements by plan proponents as admissions.

20          Your Honor, I indicated there are a couple of

21  documents that were the subject of the motions that are not

22  encompassed within the agreement I've just described and let

23  me tell you what those are.  DCL Exhibits 3 through 85 are

24  minutes of committee meetings.  And as the Court may have

25  noted from the papers, there is agreement to the

1  admissibility of those documents for the limited purpose

2  that is described in Footnote 2, I believe to the

3  noteholders' reply.

4          In addition, Your Honor, there was some

5  discussion before we broke about the admissibility for the

6  truth of the mediator's report, a mediator's report which is

7  DCL Exhibit 384.  The DCL plan proponents would withdraw

8  their motion for admissibility of that document for the

9  truth.  It would remain admissible for other purposes

10 pursuant to the Court's May 6, 2011 order dealing with use

11 of exhibits and deposition designations at the trial of this

12 matter.  With respect to that order, Your Honor, the May 6,

13 2011 order, this agreement of the parties would not affect

14 the provisions of that order.  The would remain in effect.

15         Your Honor, that would complete the agreement of

16 the parties with respect to the disputed exhibits that I've

17 just described.  The parties have also reached an agreement

18 with respect to the lack of effect of this Court's findings

19 and conclusions in this matter and any other matter and let

20 me read that into the Court for the Court's -- read that

21 into the record for the Court's consideration.

22         THE COURT:  Okay.

23         MR. SOTTILE:  The plan proponents would agree as

24 follows.  Any findings of fact or conclusions of law that

25 the Court makes with respect to the merits of the LBO

1   related causes of action may not be used for any purposes in

2   any other action including without limitation as a basis for

3   application of the doctrines of res judicata and collateral

4   estoppel.

5           Your Honor, that sets forth the agreement of the

6   plan proponents both with respect to the exhibits that were

7   at issue and remained at issue on those three motions that

8   I've described, as well as, our agreement that the findings

9   and conclusions in this matter subject to the Court's

10  approval would not be useable in other proceedings to the

11  extent they relate to the merits of the LBO causes of

12  action.

13          THE COURT:  All right.  Let me ask this.  May it

14  be that this was included in the agreement, but so that I'm

15  clear, Mr. Sottile, with respect to the previously disputed

16  documents and the parties agreement that the Court can use

17  them in canvassing, can these documents be used for non-

18  hearsay purposes for any other reason?

19          MR. SOTTILE:  No is the short answer, Your Honor.

20          THE COURT:  Okay.

21          MR. SOTTILE:  They can be used -- I'm sorry, for

22  non-hearsay purposes?

23          THE COURT:  Yes.

24          MR. SOTTILE:  The answer to that is yes, I'm

25  sorry, Your Honor --

1           THE COURT:  Okay.

2           MR. SOTTILE:  -- I misunderstood the question.

3           THE COURT:  That's okay.  That was my only

4    question.  So am I to take it that the last of the

5    agreements read resolved the Merrill Lynch objection or does

6    Merrill Lynch still object?

7           MR. SOTTILE:  Your Honor, we've had some

8    discussions with Merrill Lynch's counsel about that, but I

9    think that I should leave them to speak for themselves as to

10   whether or not that agreement satisfies their concerns.

11          THE COURT:  Okay.

12          MS. PARVER:  Sorry, Your Honor.  No fault of Mr.

13   Sottile, but we haven't been able to really read anything,

14   Your Honor, or discuss anything because I think until a few

15   minutes before the plan proponents came back into the Court,

16   they were still negotiating and awaiting decision so we

17   really have not had a chance to digest except for what you

18   heard.  One thing so --

19          THE COURT:  Well the concept is not a difficult

20   thing and so let me -- let's start --

21          MS. PARVER:  It's all in the details, Your Honor.

22          THE COURT:  So let's start at 30,000 feet and let

23   me ask is the concept acceptable to Merrill Lynch?

24          MS. PARVER:  The concept, the overall concept I

25   think would be, Your Honor, but the details are important.

1  For example, Your Honor, and this just came and maybe I

2  didn't take it down correctly, but it says any findings of

3  fact, conclusions of law that the Court makes on the merits

4  of the LBO can't be used for any purpose in any other

5  proceeding.  That stops short of saying any findings of

6  fact, conclusions of law can't be used for any purpose in

7  any proceeding without limited to merits of the LBO

8  transaction.

9            THE COURT:  Well isn't it --

10           MS. PARVER:  To the extent the Court is relying

11  on these disputed exhibits.

12           THE COURT:  Isn't it the case though that either

13  collateral estoppel or res judicata and I don't use the

14  Third Circuit terms, but we'll just use them for now,

15  couldn't be applicable unless there were a determination on

16  the merits?  And I think built into the agreement that was

17  read is that because there would be no determination on the

18  merits, those principles would not be applicable in any

19  subsequent litigation?

20           MS. PARVER:  I agree, Your Honor.

21           THE COURT:  Okay.

22           MS. PARVER:  If it's so worded.  I assume we're

23  talking -- of course the Third Circuit has different

24  terminology, but there's also -- I mean, there's collateral

25  estoppel and also law of the case, as well as, res judicata,

1   Your Honor.

2           THE COURT:  Well if it were in another Court --

3           MS. PARVER:  I know, but we will be in adversary

4   proceedings and we wouldn't --

5           THE COURT:  Okay.  Well it seems to me that --

6   well and Third Circuit Law that says records made in the

7   main case don't automatically get imported into adversary

8   proceedings.  So in this circuit, I think you're okay.  But

9   look, I understand your point that the language may -- it's

10  going to have to be memorialized and you'll have input into

11  that obviously.

12          MS. PARVER:  We hope, Your Honor.

13          THE COURT:  Okay.

14          MS. PARVER:  Thank you.

15          THE COURT:  Thank you.  Anyone else wish to be

16  heard?

17          MR. HURLEY:  Thank you, Your Honor.  Mitch Hurley

18  again for Aurelius.

19          We agree with the stipulation and it was read

20  correctly into the record.  I just wanted to make two points

21  of clarification.

22          First, with respect to the stipulation relating

23  to collateral estoppel, we want to make clear that the

24  findings of fact, conclusions of law of course we stipulated

25  can't be used in any other proceeding.  On the other hand,

1    evidence adduced in connection with this proceeding, trial

2    testimony for example, transcripts of depositions, we don't

3    think this stipulation has any affect on our ability to use

4    those kinds of materials.  In other proceeding, it may be

5    that we would have an argument in other proceeding about the

6    extent to which we can use those kinds of materials, but we

7    just want to make clear this stipulation wouldn't cover

8    those sorts of materials.

9              The second point of clarification is simply

10   there's a reference to the fact that there were some

11   materials that were considered admissions already under the

12   Court's May 6 order that were the subject of our motion.

13   And they were only the subject of our motion because they

14   were a dispute, not about whether they were admissible for

15   the truth of the matter asserted, but only about who they

16   could be admitted against.  And so the language at the

17   conclusion of the stipulation was in part designed to make

18   clear that the stipulation doesn't make those admissions of

19   the DCL plan proponents any less admissible then they were

20   before we entered into the stipulation.

21             THE COURT:  In other words, it doesn't change

22   anything?

23             MR. HURLEY:  Correct.

24             THE COURT:  All right.

25             MR. HURLEY:  Thank you, Your Honor.

1          THE COURT:  Anyone else wish to be heard?  Okay.

2          MS. SAAVEDRA:  Good afternoon, again, Your Honor.

3   Andrea Saavedra of Weil Gotshal for Morgan Stanley.

4          I just want to thank the parties for including us

5   in discussion.  We would just request also the ability to

6   look at the order before it's presented on certification of

7   order.  Thank you.

8          THE COURT:  I'm sure your hands will be among

9   them.

10  (Laughter)

11         MS. SAAVEDRA:  Thank you.

12         THE COURT:  Okay.  Does anyone else wish to be

13  heard in connection with these three motions?

14  (No audible response.)

15         THE COURT:  I hear no further response.  Okay.

16  Mr. Sottile, I suppose you'll continue the process of

17  drilling down on language.  I'll ask that an order, proposed

18  order be submitted under certification.  To the extent the

19  parties heaven forbid reach an impasse, please reach out to

20  me by conference telephone.

21  (Laughter)

22         MR. SOTTILE:  We will do so, Your Honor, thank

23  you.

24         THE COURT:  Okay.  Thank you.  What's next?

25  Okay.  There were seal motions filed --

1              MR. SEIGEL:  Those are the next topics, Your

2      Honor.

3              THE COURT:  Okay.

4              MR. SEIGEL:  Martin Siegel from Brown Rudnick on

5      behalf of Wilmington Trust.

6              And I think that there's a similar type of status

7      conference brought by the noteholder plan proponents.  And

8      to a limited degree, I think this also affects the DCL plan

9      proponents because in their last motion, they also redacted

10     certain documents and had to file a CO motion.

11             Your Honor, back on May 17, a hearing I didn't

12     attend, but one of my colleagues did, both the noteholder

13     plan proponents and Wilmington Trust advised the Court that

14     although they were required to redact certain materials from

15     the post trial briefs filed on May 11, they had notified all

16     parties whose documents were redacted to see if anybody

17     objected and nobody objected.  So you directed that those

18     documents could be filed without redaction.

19             Unfortunately, nobody thought that the same issue

20     would come up in subsequent briefs.  And so in the findings

21     of fact because that statement at the May 17 hearing was

22     only applicable to one certain document, when we filed the

23     findings of fact, we had to again redact something because

24     way back at the beginning of the case somebody had said

25     those documents were confidential.

1                And the same thing occurred in these evidence

2    motions where just because of what we perceived as

3    historical fact, somebody had once claimed confidentiality

4    and even though we didn't think that they were still

5    asserting it, we found ourselves compelled to both file a

6    redacted version and make a motion to seal.  At least from

7    Wilmington Trust's standpoint, there were no documents in

8    either the findings of fact or in the evidence motions that

9    were not also in the post trial brief.  In fact, at least

10   with the evidence motion, that only dealt -- the stipulation

11   of the parties was that the evidence motion only dealt with

12   documents that had been cited in the post trial brief.

13               But nevertheless, we felt compelled to file

14   motions to seal which not only brought more matters to the

15   Court's attention.  We did also send notices both with our

16   findings of fact or the day after and with the evidence

17   motion again alerting parties that we were going to raise

18   this issue with the Court and asking anybody whether they

19   had any objection to not having redactions and if so please

20   tell us and or if you wanted to keep the redactions, please

21   tell us and why and we heard from nobody.

22               So I guess the status report is to ask the Court

23   how we should -- how you want to handle them.  We think that

24   the redactions could be removed from those documents and we

25   don't need the motions to seal, but because of the

1   historical issues, we thought we had to bring it to the

2   Court's attention.

3              THE COURT:  Okay.  Now there are a number of

4   motions scheduled for hearing on the 28th with objection

5   deadlines of June 21.  Are what you've discussed today and

6   what -- are the subject of those motions now scheduled for

7   the 28th mirror images or are there different issues raised?

8              MR. SEIGEL:  With regard to the seal motions?

9              THE COURT:  Yes.

10             MR. SEIGEL:  I think they're the same issues.

11             THE COURT:  Okay.

12             MR. SEIGEL:  Except, I'm not sure about the DCL.

13  I don't know if you notified people.  There was a couple of

14  things you redacted from the evidence motion.  I'm not sure

15  whether those are the same documents or there is anything

16  else.

17             MR. BENDERNAGEL:  Your Honor, I think -- Jim

18  Bendernagel for the debtors.

19             I think there's one category that's left that has

20  actually been filed under seal and needs to remain under

21  seal.  And that is there are certain documents that have

22  been filed by the noteholders in connection with the FCC.

23  And the FCC stuff, there's agreement that there will be

24  redactions and that those will be filed under seal.  As I

25  understood it, there was sort of a two step process here.

1    One, in an abundance of caution, the noteholders and

2    Wilmington Trust filed documents under seal in a pretty

3    extensive way and so did we in connection with these motions

4    and asked people to confirm essentially that they agreed

5    that there was nothing really that had to be redacted.  And

6    I think the purpose of this status conference today was to

7    determine whether, in fact, there was anything that needed

8    to be redacted beyond what everybody concedes should be

9    redacted which is the FCC stuff.  The best of my knowledge,

10   there's nothing other than the FCC stuff that needs to be

11   redacted.  The only concern the debtors have ever had was

12   highly confidential business material or material relating

13   to these joint ventures that's in.  None of that material is

14   disclosed in any of the filings, so it's not problematic

15   requiring redaction.

16          So I think the only thing that needs to be filed

17   under seal and for which the motions need to go forward on

18   June 28 would be the motions that relate to the noteholders'

19   filings of the FCC.  I think in -- with respect to

20   everything else, unless people have come in and objected,

21   the sense is that those probably can be filed publically

22   without the need for any motion to seal.  I think that's

23   where are and that's my understanding.

24          MR. SEIGEL:  And my remarks about at least the

25   Wilmington Trust documents were related to those briefs, not

1    to the FCC materials, but Mr. Zensky will speak to that.

2             MR. ZENSKY:  Good afternoon, Your Honor.  David

3    Zensky, Akin, Gump, Strauss, Hauer & Feld.

4             I agree with Mr. Bendernagel's description of the

5    status on the findings of fact, conclusions of law.  This is

6    Item 6 on today's agenda that Mr. Bendernagel alluded to.

7    We did put our findings of fact and conclusions of law under

8    seal at an abundance of caution, followed the same process,

9    put everyone on notice that after today we intended to file

10   them unsealed.  Putting the FCC to the side, there are no

11   redactions in the main noteholder findings of fact,

12   conclusions of law so we have had no objections and we will

13   be unsealing them.  We had a question from counsel to Morgan

14   Stanley.  We discussed it with them and they're not

15   objecting at this point as I understand it.  Counsel for the

16   noteholders on FCC issues is on the phone, I believe if Your

17   Honor has any questions about the status of that with

18   respect to the motion to seal that Mr. Bendernagel alluded

19   to the parties agree is appropriate.  And I won't be

20   speaking to that issue.  But on the main documents, we're

21   going to go ahead and unseal them at this point.

22             THE COURT:  All right, thank you.  Does anyone

23   else wish to be heard in connection with unresolved

24   redaction disputes?

25   (No audible response.)

```
 1              THE COURT:  Okay.  Well it seems to me then that
 2   no one is asking for the Court to enter any orders today
 3   with respect to those matters.  And since no one's pressing
 4   a seal motion, the consequences follow.  To the extent I
 5   would say that the objection deadline passes with respect to
 6   the motions scheduled for June 28, if there are no
 7   objections, I would consider ordering relief under
 8   certification.  But to the extent there are open items FCC
 9   or otherwise, I'll consider them at that hearing.
10              Okay.  Is there anything else we need to talk
11   about today?
12              MR. SOTTILE:  Your Honor, I would just like to
13   report an agreement among the plan proponents with respect
14   to the structure of closing argument subject to the Court's
15   approval.
16              Your Honor, the DCL plan proponents and
17   noteholder plan proponents would agree as follows assuming
18   the Court finds this approach satisfactory.  A total of five
19   hours would be set aside to be split evenly between the two
20   groups of plan proponents so that each side would be
21   allotted a maximum of two and a half hours of argument time
22   of which each side could in its discretion reserve up to one
23   hour for rebuttal purposes.  And, Your Honor, that would
24   encompass the agreement among the parties about the total
25   amount of time that the two sides would have available if
```

1  they chose to use it and how much of it could be set aside

2  for rebuttal subject obviously to the Court's views and

3  approval of that agreement.

4           THE COURT:  Has it been agreed who is to go

5  first?

6           MR. SOTTILE:  Your Honor, it has.  The DCL plan

7  proponents would go first.

8           THE COURT:  Okay.  Now at the outset of the

9  hearing, Mr. Sottile, you made a reference to part of the

10  indication that I had made during our last telephone

11  conference when a couple parties stuck up their virtual

12  hands and said we wanted to make additional written

13  submissions, and I said no, I've got enough thank you very

14  much, but allowed as they might have some time in argument.

15  Your suggestion was that so long as nothing that the Court

16  would order would, just to be colloquial about it, tie their

17  hands later on.  You thought that we should forgo this, but

18  I think my indication -- my inclination is to stick with

19  that to which I had agreed.  But my thought was that I'd

20  hear just, only very briefly, from those parties if they

21  wished to be heard.  Although, I guess, as I think through

22  the issue, you know, once a party engages the Court, you

23  know, maybe there are consequences that follow from that,

24  but I'll leave that to the other parties to ponder between

25  now and closing.

1          MR. SOTTILE:  Your Honor, understood.  We made

2   the suggestion because as we understood the argument that

3   was made on the telephone, the concern was that their hands

4   might get tied later, and we think that we've addressed that

5   concern and, therefore, that it should be unnecessary for

6   those parties to be heard at closing.

7          THE COURT:  Well if, after further discussion

8   with them outside of my presence, the request still stands,

9   let me know.

10         MR. SOTTILE:  We will do so, Your Honor.

11         THE COURT:  Okay.

12         MR. ZENSKY:  I'm sorry, Your Honor, for the

13  sidebar.  Just following up on Mr. Sottile's report on our

14  agreement respecting closing argument.  From my perspective,

15  and I think Mr. Sottile agrees, but while we're here I just

16  want to make sure there's no ambiguity, when we agreed that

17  each side could reserve up to an hour for what Mr. Sottile

18  termed rebuttal, I didn't take that, and I don't think it

19  was being used in the strict sense that, that second hour

20  can only be used to rebut precisely what the other side said

21  during its prior part of the argument and we're going to get

22  in a debate --

23         THE COURT:  It will be yours to use as you wish.

24         MR. ZENSKY:  That's how I understood it and I

25  wanted to make sure --

1          THE COURT:  All right.

2          MR. ZENSKY:  -- that's how the Court took it.

3          MR. SOTTILE:  Your Honor, one moment, if I may.

4   Your Honor, we're in agreement with Mr. Zensky about the

5   scope of rebuttal that can be used by the parties as they

6   deem most appropriate for the Court.

7          THE COURT:  All right.  Is there anything further

8   for today?

9   (No audible response.)

10         THE COURT:  Thank you all very much.  That

11  concludes this hearing.  Court will stand adjourned.

12  (Whereupon, at 4:13 p.m., the hearing was adjourned.)

13

14                      CERTIFICATION

15         I certify that the foregoing is a correct

16  transcript from the electronic sound recording of the

17  proceedings in the above-entitled matter.

18

19

20  _____          13 June 2011

21  Traci L. Calaman, Transcriber                Date

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|------|-----------|------|-----------|

**08-13141(kjc**(1) 1:5

**a.m**(2) 1:15  10:1

**ability**(3) 11:18  40:3  41:5

**able**(2) 24:10  37:13

**about**(31) 11:19  14:1  14:13  15:16  16:13
18:13  19:1  21:23  22:4  22:5  23:23  25:5
25:14  25:17  28:7  28:25  29:6  31:10  31:25
35:5  37:8  40:5  40:14  40:15  44:12  45:24
46:17  47:11  47:24  48:16  50:4

**abovetitled**  (1) 50:17

**abundance**(2) 45:1  46:8

**accept**(4) 25:23  26:4  26:14  29:21

**acceptable**(2) 32:20  37:23

**accepted**(1) 25:18

**accordingly**(1) 23:2

**action**(8) 17:21  18:21  19:9  20:12  20:24
36:1  36:2  36:12

**actions**(3) 18:1  30:20  30:24

**actually**(6) 16:7  16:23  18:1  20:11  21:21
23:1  32:2  44:20

**adam**(1) 3:20

**add**(1) 14:21

**addition**(2) 22:14  35:4

**additional**(2) 14:19  48:12

**address**(1) 19:18

**addressed**(2) 23:14  49:4

**adduced**(1) 40:1

**adelman**(1) 6:43

**adjourned**(2) 3:41  7:36

**administrativ**(1) 12:1

**admissibility**(7) 18:13  28:8  30:23  34:16
35:1  35:5  35:8

**admissible**(11) 16:23  17:18  22:21  25:14
25:15  29:24  33:22  34:17  35:9  40:14  40:19

**admission**(4) 10:12  27:12  28:1  28:4

**admissions**(3) 34:19  40:11  40:18

**admit**(4) 15:2  28:7  29:20  29:23

**admitted**(6) 15:5  29:12  29:15  34:14  34:15
40:16

**admitting**(1) 28:21

**adversaries**(1) 21:6

**adversary**(5) 27:23  30:19  30:23  39:3  39:7

**advised**(1) 42:13

**advisement**(2) 12:24  13:13

**affect**(4) 34:13  34:16  35:13  40:3

**affects**(1) 42:8

**after**(5) 10:15  27:16  43:16  46:9  49:7

**afternoon**(10) 10:3  10:4  10:5  10:21  13:16
20:2  24:7  30:11  41:2  46:2

**again**(7) 12:19  18:21  31:8  39:18  41:2
42:23  43:17

**against**(3) 12:23  19:5  40:16

**agenda**(6) 10:8  10:11  10:15  10:25  15:1
15:4

**ago**(1) 20:6

**agree**(22) 12:2  15:16  17:13  18:4  20:7
20:25  21:11  26:11  27:6  27:19  29:18  29:20
29:22  30:1  33:15  33:21  35:23  35:23  38:20  39:1
46:4  46:19  47:17

**agreeable**(1) 14:8

**agreed**(4) 45:4  48:4  48:19  49:16

**agreement**(24) 14:2  18:14  20:7  24:1  26:10
26:20  33:12  34:22  34:25  35:13  35:15
35:17  36:5  36:8  36:14  36:16  37:10  38:16
44:23  47:13  47:24  48:3  49:14  50:4

**agreements**(1) 37:5

**agrees**(3) 15:24  21:16  49:15

**agudelo**(1) 7:28

**ahead**(1) 46:21

**akin**(6) 4:4  6:38  13:17  20:3  31:8  46:3

**albeit**(1) 33:5

**alerting**(1) 43:17

**ali**(1) 5:16

**all**(37) 10:4  10:9  12:2  12:4  13:6  13:22
14:10  15:5  15:10  15:16  15:25  16:22  16:25
17:13  18:14  22:19  23:18  24:25  24:25
25:14  26:7  26:11  29:11  30:7  31:15  31:15
32:12  32:16  32:25  36:13  37:21  40:24
42:15  46:22  50:1  50:7  50:10

**allinson**(1) 3:10

**allison**(1) 6:15

**allotted**(1) 47:21

**allowed**(1) 48:14

**alluded**(2) 46:6  46:18

**almost**(1) 20:4

**already**(1) 40:11

**also**(10) 11:25  26:15  35:17  38:24  38:25
41:5  42:2  42:9  43:9  43:15

**although**(2) 42:14  48:21

**always**(1) 14:6

**ambiguity**(1) 49:16

**ameliorate**(1) 31:3

**amend**(2) 11:1  11:9

**amended**(1) 10:14

**amending**(2) 11:5  11:12

**america**(1) 5:34

**americas**(1) 2:29

**amit**(1) 7:12

**among**(3) 33:12  34:18  41:8  47:13  47:21

**amount**(1) 47:25

**and**(203) 10:10  10:12  10:12  10:15  10:17
10:17  11:13  11:14  11:16  11:22  11:23  12:
12:16  12:18  13:2  13:3  13:11  13:13  13:18
14:11  14:13  14:18  14:23  15:2  15:2  15:4
15:9  15:17  15:19  15:21  15:22  15:24  16:4
16:8  16:17  16:18  16:18  17:3  17:13  17:16
18:12  18:16  18:17  18:22  18:24  19:2  19:6
19:11  19:13  19:17  19:24  20:6  20:11  20:20
21:4  21:5  21:8  21:10  21:19  21:22  22:11
23:1  23:10  23:14  23:16  23:19  23:24  24:4
24:4  24:16  24:17  24:20  24:25  24:25  25:4
25:5  25:8  25:9  25:10  25:12  25:13  26:2
26:2  26:6  26:9  26:11  26:14  26:20  26:20
26:22  27:4  27:5  27:7  27:16  27:17  27:19
27:20  27:24  27:25  28:3  28:6  28:13  28:19
29:4  29:12  29:13  29:15  29:24  30:13  30:2
31:3  31:8  31:17  31:17  31:19  32:6  33:10
33:18  33:18  33:22  33:23  33:24  33:25
33:25  34:1  34:3  34:3  34:11  34:12  34:15
34:22  34:24  35:11  35:19  35:19  35:19  36:7
36:7  36:9  36:16  37:16  37:20  37:22  38:1
38:1  38:13  38:16  38:25  39:4  39:6  39:10
39:19  40:13  40:16  42:6  42:7  42:10  42:13
42:17  42:20  43:1  43:4  43:6  43:16  42:13
43:19  43:20  43:21  43:21  43:24  44:5  44:2
44:21  44:23  44:24  45:1  45:3  45:4  45:5
45:17  45:20  45:23  45:24  46:7  46:12  46:1
46:19  46:21  47:3  47:16  47:21  47:23  48:1
48:2  48:12  48:13  48:25  49:4  49:5  49:15
49:18  49:21  49:24

**anderson**(1) 2:19

**andrea**(3) 4:27  30:12  41:3

**andrew**(3) 5:1  8:13  8:32

**angeles**(1) 2:16

**angelo**(1) 2:4

**anna**(2) 7:4  7:4

**another**(2) 20:19  39:2

**answer**(2) 36:19  36:24

**any**(43) 12:12  12:17  14:1  17:8  18:17  19:8
19:10  23:12  23:22  25:17  26:10  28:4  28:7
28:8  30:24  31:2  31:10  31:21  32:5  33:25
34:4  34:12  34:13  35:19  35:24  36:1  36:2
36:18  38:2  38:4  38:4  38:5  38:6  38:7
38:18  39:25  40:3  40:19  43:19  45:14  45:22
46:17  47:2

**anybody**(4) 29:5  31:19  42:16  43:18

**anyone**(8) 13:6  13:14  13:22  27:1  39:15
41:1  41:12  46:22

**anything**(10) 29:14  29:20  29:23  37:13
37:14  40:22  44:15  45:7  47:10  50:7

**anyway**(3) 17:20  25:22  30:7

**apologize**(1) 33:10

**appeal**(1) 15:14

**appearances**(5) 5:1  6:1  7:1  8:1  9:2

**appellate**(1) 21:15

**applicable**(8) 15:22  18:17  34:1  34:4  34:12
38:15  38:18  42:22

**application**(2) 13:20  36:3

**applied**(1) 23:2

**appreciate**(2) 12:13  13:9

**approach**(1) 47:18

**appropriate**(8) 11:15  14:14  17:23  19:7
19:22  26:21  46:19  50:6

**approval**(6) 18:18  29:13  33:14  36:10
47:15  48:3

**approved**(1) 16:18

**are**(48) 10:19  15:22  16:2  16:5  17:11  17:17
20:24  21:4  21:21  22:8  22:18  22:20  23:22
23:25  24:3  24:12  24:12  25:2  25:2  26:4
27:7  29:4  29:11  30:14  30:15  30:20  32:5
33:16  33:21  34:7  34:8  34:20  34:21  34:23
34:23  37:25  42:1  44:3  44:5  44:6  44:7
44:15  44:21  45:23  46:10  47:6  47:8  48:23

**area**(1) 29:4

**areas**(1) 20:7

**aren't**(1) 17:19

**argue**(1) 25:21

**arguing**(4) 19:10  20:5  21:18  22:2

**argument**(9) 19:3  30:8  40:5  47:14  47:21
48:14  49:2  49:14  49:21

**arguments**(5) 12:16  12:18  13:11  20:5  29:2

**around**(1) 32:10

**arrowgrass**(2) 8:42  8:42

**articulate**(1) 26:23

**articulated**(2) 13:2  30:20

**ashih**(1) 9:27

**ashley**(1) 5:24

**aside**(2) 47:19  48:1

**ask**(6) 14:21  26:25  36:13  37:23  41:17

**asked**(4) 11:25  21:13  27:17  45:4

**asking**(2) 43:18  47:2

**assert**(2) 31:20  31:21

**asserted**(3) 23:5  31:18  40:15

**asserting**(1) 43:5

**assessing**(1) 21:22

**assessment**(1) 22:5

**assuming**(3) 21:12  21:25  47:17

**assume**(1) 38:22

**asylum**(1) 3:6

**atamian**(1) 7:14

**attend**(1) 42:12

**attention**(3) 33:10  43:15  44:2

**audible**(4) 13:24  41:14  46:25  50:9

**august**(2) 11:9  11:25

**aurelius**(4) 4:6  6:33  6:34  9:30  13:18  20:3
21:16  39:18

**austin**(2) 1:23  6:4

**automatically**(1) 39:7

**available**(3) 16:22  22:9  47:25

**ave**(2) 1:32  2:15

**avenue**(4) 2:29  2:36  4:15  4:28

**awaiting**(1) 37:16

**aware**(1) 30:17

**back**(6) 12:17  14:20  32:11  37:15  42:11
42:24

**bale**(1) 5:5

**banc**(1) 8:4

**bank**(3) 5:34  7:7  7:35

**bankruptcy**(3) 1:1  1:19  20:9

**banks**(1) 25:10

**barclays**(3) 2:27  7:11  7:19

**barnes**(1) 4:32

**based**(3) 20:13  21:23  23:21

**basically**(3) 20:8  23:25  27:20

**basis**(2) 18:19  36:2

**bearing**(1) 34:6

**because**(19) 11:10  19:4  22:9  23:11  24:10
24:13  24:24  29:3  29:10  31:20  37:14  38:17
40:13  42:9  42:21  42:23  43:2  43:25  49:2

**been**(17) 13:12  15:23  18:22  22:15  23:15
24:16  25:16  27:23  27:24  28:13  31:22  34:14
37:13  43:12  44:20  44:22  48:4

**before**(16) 1:18  10:15  11:11  12:20  13:2
13:10  14:20  15:7  17:20  23:16  27:1  27:23
35:5  37:15  40:20  41:6

**beginning**(1) 42:24

**behalf**(7) 10:6  11:3  13:9  15:3  20:3  24:8
42:5

**being**(5) 11:20  19:13  26:3  26:7  49:19

**belabor**(1) 13:10

**believe**(7) 12:16  14:5  17:18  18:21  19:11
35:2  46:16

**ben**(1) 7:20

**bendernagel**(5) 1:24  44:17  44:18  46:6

**bendernagel's**(1) 46:4

**benefit**(1) 12:7

**benson**(1) 8:35

**best**(1) 45:9

**between**(2) 47:19  48:24

**beyond**(7) 16:3  17:21  18:6  18:22  33:5
34:10  45:8

**bifferato**(1) 4:19

**bigelow**(1) 8:16

**binding**(1) 24:23

**bit**(2) 16:13  17:15

**blabey**(1) 7:43

**blake**(1) 2:6

**blank**(1) 4:38

**block**(1) 8:12

**boetler**(1) 6:22

**boldly**(1) 33:5

**both**(5) 26:3  36:6  42:12  43:5  43:15

**bradford**(8) 13:8  13:8  13:14  14:1  14:3
14:10  14:18  14:22

**brandywine**(1) 2:7

**break**(3) 26:22  27:1  31:4

**brett**(1) 6:5

**brief**(6) 11:10  20:6  25:2  26:22  43:9  43:12

**briefly**(2) 31:7  48:20

**briefs**(5) 15:15  16:20  42:15  42:20  45:25

**bring**(2) 21:12  44:1

**brockius**(1) 8:4

**broke**(1) 35:5

**brought**(4) 27:24  33:17  42:7  43:14

**brown**(5) 3:4  7:11  9:20  24:8  42:4

**bryan**(1) 6:9

**bryant**(1) 4:8

**building**(1) 2:7

**built**(1) 38:16

**burden**(3) 28:17  29:5  29:10

**bush**(1) 5:30

**business**(1) 45:12

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**but**(44) 11:7  12:15  16:13  16:24  17:10
21:8  21:12  22:9  22:12  23:5  23:16  23:23
24:5  24:14  24:18  25:17  26:25  28:24  29:7
30:3  31:15  31:24  36:14  37:8  37:13  37:25
38:2  38:14  38:24  39:3  39:8  40:6  40:15
42:12  43:13  43:25  46:1  46:20  47:8  48:14
48:17  48:19  48:24  49:15

**bynum**(1) 8:21
**called**(1) 28:19
**came**(4) 18:2  31:17  37:15  38:1
**can**(24) 11:23  15:17  15:24  16:10  16:21
17:9  17:13  18:12  21:24  22:3  22:11  24:1
26:4  26:8  26:11  26:14  32:11  36:16  36:17
36:21  40:6  45:21  49:20  50:5
**can't**(6) 14:16  19:9  25:25  38:4  38:6  39:25
**cancel**(1) 28:2
**candice**(1) 6:11
**cantigny**(1) 9:7
**cantor**(1) 5:35
**canvass**(4) 15:19  16:4  19:19  24:18
**canvassing**(11) 16:25  17:21  18:6  18:16
21:1  22:3  22:20  24:21  26:3  33:23  36:17

**capital**(8) 5:3  5:3  6:33  6:34  8:42  8:42
9:30  30:13

**carey**(1) 1:18
**carickhoff**(1) 4:39
**carol**(1) 5:5
**carroon**(1) 2:19
**case**(17) 1:5  8:26  17:25  19:8  20:23  23:15
25:21  27:7  31:11  31:12  31:13  31:14  32:2
38:12  38:25  39:7  42:24

**cases**(5) 18:5  25:12  25:17  29:11  32:7
**categorically**(1) 22:16
**category**(1) 44:19
**causes**(7) 17:21  18:20  19:9  20:12  20:12
36:1  36:11
**caution**(2) 45:1  46:8
**cede**(1) 13:3
**certain**(12) 10:12  11:2  15:2  21:9  28:20
29:14  30:19  31:3  42:10  42:14  42:22  44:21

**certainly**(6) 14:8  14:17  21:16  22:3  22:9
32:3

**certification**(5) 12:3  41:6  41:18  47:8  50:14
**certify**(1) 50:15
**chadbourne**(2) 3:25  5:13
**chance**(2) 23:11  37:17
**chandler**(1) 8:16
**change**(3) 14:4  27:20  40:21
**changed**(1) 23:17
**chapter**(1) 1:8
**charged**(1) 16:25
**chase**(1) 7:7
**chicago**(2) 1:26  1:39
**chose**(3) 28:2  28:4  48:1
**christine**(1) 8:39
**circuit**(7) 20:16  32:6  32:7  38:14  38:23
39:6  39:8

**circumstance**(1) 28:20
**circumstances**(1) 14:4
**citadel**(1) 9:16
**cite**(1) 32:7
**cited**(5) 25:1  25:7  25:8  27:8  43:12
**citibank**(1) 5:40
**claim**(1) 26:15
**claimed**(1) 43:3
**claims**(8) 11:2  11:17  11:18  11:19  21:20
21:21  22:21  34:7
**claire**(1) 8:17
**clarification**(2) 39:21  40:9

**clarity**(1) 21:12
**class**(1) 10:24
**clear**(13) 11:7  17:20  16:14  21:14  22:2  22:12
24:17  25:11  32:2  32:6  36:15  39:23  40:7
40:18
**clearest**(1) 25:6
**cleary**(1) 2:6
**clerk**(2) 32:  32:25
**client**(1) 28:10
**close**(1) 18:3
**closing**(4) 47:14  48:25  49:6  49:14
**cobb**(1) 3:18
**cole**(2) 1:29  10:6
**collateral**(6) 32:1  32:5  36:3  38:13  38:24
39:23

**colleagues**(1) 42:12
**colloquial**(1) 48:16
**come**(8) 11:16  14:16  14:20  25:12  25:13
29:12  42:20  45:20

**comes**(1) 25:21
**coming**(2) 11:8  12:17
**comment**(2) 14:1  14:3
**comments**(1) 16:8
**committee**(7) 3:17  5:12  10:23  11:2  11:14
12:23  34:24

**committees**(2) 10:25  13:20
**common**(1) 26:23
**company**(7) 1:8  1:36  6:27  8:20  10:7  15:4
17:15

**compelled**(2) 43:5  43:13
**compensation**(1) 9:11
**complain**(1) 28:10
**complete**(1) 35:15
**compliance**(2) 27:13  29:16
**conaway**(1) 2:4
**concedes**(1) 45:8
**concept**(4) 37:19  37:23  37:24  37:24
**concern**(7) 26:17  29:15  30:6  32:11  45:11
49:3  49:5

**concerned**(4) 25:10  25:22  25:24  31:25
**concerning**(1) 23:10
**concerns**(3) 19:12  31:3  37:10
**concludes**(1) 50:11
**conclusion**(5) 11:16  20:22  22:6  31:2  40:17
**conclusions**(11) 21:5  21:10  35:19  35:24
36:9  38:3  38:6  39:24  46:5  46:7  46:12

**conducting**(1) 17:2
**confer**(1) 14:22
**conference**(4) 41:20  42:7  45:6  48:11
**confidential**(2) 42:25  45:12
**confidentiality**(1) 43:3
**confirm**(1) 45:4
**confirmation**(11) 11:13  11:16  12:19  15:19
21:8  21:9  30:16  30:18  34:1  34:4  34:12

**confirmed**(1) 21:24
**confusion**(1) 21:12
**connection**(16) 13:15  16:7  20:20  21:17
22:3  22:7  23:7  24:22  27:10  30:16  34:5
40:1  41:13  44:22  45:3  46:23

**consequences**(2) 47:4  48:23
**consider**(17) 11:25  15:21  15:24  16:2  16:4
16:15  16:22  17:14  17:17  18:19  20:18
24:25  25:25  26:8  26:24  47:7  47:9

**consideration**(2) 34:6  35:21
**considered**(5) 15:18  17:9  18:15  33:22
**considering**(5) 16:17  20:9  20:17  20:24
25:20

**contents**(2) 22:4  22:8

**context**(9) 20:19  25:13  25:16  25:17  25:20
26:1  27:11  32:2  32:3

**contexts**(1) 25:13
**continue**(4) 11:13  12:5  12:19  41:16
**continued**(7) 2:2  3:2  4:2  6:2  7:2  8:2  9:3
**continues**(1) 12:13
**continuing**(1) 23:22
**contours**(2) 24:16  25:16
**controlling**(1) 11:18
**conundrum**(1) 16:13
**convenience**(2) 12:1  14:7
**conveyance**(2) 17:6  18:1
**correct**(4) 29:25  32:13  40:23  50:15
**correctly**(2) 38:2  39:20
**could**(15) 14:6  16:15  17:4  19:5  26:22
29:20  29:22  31:6  32:13  40:16  42:18  43:24
47:22  48:1  49:17

**couldn't**(2) 29:21  38:15
**counsel**(6) 10:22  12:3  13:4  31:7  31:24
37:8  46:13  46:15

**counselor**(1) 30:21
**couple**(4) 33:19  34:20  44:13  48:11
**course**(4) 27:16  27:20  38:23  39:24
**court**(154) 11:1  10:3  10:10  10:18  11:4
11:10  11:23  11:25  12:7  12:10  12:15
12:23  13:2  13:6  13:14  13:22  13:25  14:8
14:10  14:18  14:20  14:24  15:10  15:12
15:15  15:18  15:24  16:1  16:6  16:15  16:19
16:25  17:2  17:7  17:23  18:2  18:4  18:7
18:10  18:12  18:14  18:18  18:22  18:23  19:3
19:16  19:19  19:24  20:9  20:9  20:13  20:17
20:18  21:3  21:7  21:13  21:15  21:17  21:25
22:24  22:24  22:25  23:14  24:4  24:13  26:18
26:23  26:25  27:9  27:15  27:22  28:9  28:18
28:23  28:25  29:6  29:12  29:18  29:20  29:25
30:2  30:5  30:7  30:10  30:17  31:5  32:9
32:16  32:20  32:21  32:22  32:23  33:1  33:6
33:7  33:13  33:22  34:2  34:24  35:20  35:22
35:25  36:13  36:16  36:20  36:23  37:1  37:3
37:11  37:15  37:19  37:22  38:3  38:9  38:10
38:12  38:21  39:2  39:2  39:5  39:13  39:15
40:21  40:24  41:1  41:8  41:12  41:15  42:4
42:3  42:13  43:18  43:22  44:3  44:9  44:11
46:22  47:1  47:2  47:18  48:8  48:18  48:15
48:22  49:7  49:11  49:23  50:1  50:2  50:6
50:7  50:10  50:11

**court's**(20) 10:10  10:16  12:17  19:8  20:10
21:1  33:10  33:14  34:5  34:17  35:10  35:18
35:20  35:21  36:9  40:12  43:15  44:2  47:14
48:2

**courtroom**(1) 1:10
**courts**(4) 16:21  20:23  21:4  29:8
**cover**(1) 40:7
**creditors**(3) 3:18  5:13  10:23
**crystal**(1) 22:12
**current**(1) 11:24
**daniel**(3) 3:19  5:35  5:37
**data**(1) 1:44
**date**(7) 11:9  11:23  11:24  13:21  21:14
31:16  31:17

**dave**(1) 6:30
**david**(13) 3:26  3:41  4:6  4:33  4:39  6:20
7:36  7:43  8:44  9:25  13:3  13:17  46:2

**davis**(3) 2:33  5:41  7:7
**day**(1) 43:16
**days**(1) 8:18  14:16
**dbtca**(1) 3:39
**dcl**(22) 15:1  15:21  17:16  18:16  18:21
19:17  22:15  22:18  26:2  31:18  33:17  33:24
34:8  34:11  34:23  35:7  35:7  40:19  42:8
44:12  47:16  48:6

**deadline**(3) 31:14  31:20  47:5
**deadlines**(1) 44:5

**deal**(5) 10:12  19:7  25:22
**dealing**(3) 26:14  34:18  35:10
**dealt**(2) 12:15  43:10  43:11
**dearborn**(1) 1:25
**debate**(2) 29:6  49:22
**debenenture**(1) 4:19
**debenture**(1) 8:35
**debra**(1) 4:7
**debtors**(6) 1:12  1:23  10:6  11:3  44:18
**decide**(7) 16:3  16:19  17:3  17:8  17:10
17:11  18:23

**deciding**(2) 16:17  17:19
**decision**(3) 14:6  19:8  37:16
**decisions**(2) 11:19  11:20
**deem**(1) 50:6
**defendant**(3) 27:23  27:24  30:19
**defendants**(1) 9:12
**define**(1) 26:12
**defined**(1) 31:13
**definition**(3) 11:1  11:5  11:12
**degree**(1) 42:8
**delaware**(4) 1:2  1:12  1:32  10:1
**delay**(1) 33:10
**delayed**(1) 33:5
**deliberately**(1) 28:2
**dennis**(1) 6:7
**deposed**(1) 28:10
**deposition**(1) 35:11
**depositions**(2) 28:2  40:2
**deprive**(1) 12:7
**described**(4) 34:22  35:2  35:17  36:8
**description**(1) 46:4
**designations**(1) 35:11
**designed**(1) 40:17
**details**(3) 24:3  37:21  37:25
**determination**(3) 26:5  38:15  38:17
**determinations**(3) 20:20  21:19  32:4
**determine**(1) 45:7
**determined**(1) 27:9
**determining**(2) 21:21  24:13
**deutsch**(1) 5:26
**deutsche**(1) 7:35
**develop**(1) 28:4
**devoted**(1) 16:6
**dewey**(1) 2:12
**diamond**(1) 7:32
**diaz**(1) 1:44
**did**(13) 11:6  13:19  18:6  21:15  25:22  27:17
28:16  32:14  33:11  42:12  43:15  45:3  46:7

**didn't**(10) 21:15  23:11  28:5  28:8  28:22
31:20  38:2  42:11  43:4  49:18

**difference**(1) 21:4
**different**(8) 14:5  22:10  22:16  24:24  25:13
29:8  38:23  44:7

**difficult**(1) 37:19
**digest**(1) 37:17
**directed**(1) 42:17
**directly**(1) 12:24
**disagree**(1) 29:9
**disclosed**(1) 45:14
**discovery**(2) 23:12  28:6
**discretion**(1) 47:22
**discuss**(2) 31:4  37:14
**discussed**(2) 44:5  46:14
**discussion**(5) 18:25  28:25  35:5  41:5  49:7
**discussions**(3) 23:16  27:5  37:8
**dispute**(2) 29:19  40:14
**disputed**(10) 15:11  26:24  33:16  33:19
33:21  34:9  34:16  35:16  36:15  38:11

**disputes**(1) 46:24
**district**(2) 1:2  20:8
**dla**(1) 2:27
**doctrines**(1) 36:3

| Word | Page:Line |
|---|---|
| document(6) 10:14 25:9 25:9 25:21 35:8 42:22 | |
| documents(43) 10:12 15:17 15:25 16:2 16:15 17:8 17:14 17:17 18:15 18:19 19:11 22:4 22:11 22:15 22:16 22:18 22:20 22:22 23:4 25:1 26:2 26:8 26:10 26:14 30:14 30:23 34:14 34:21 35:1 36:16 36:17 42:16 42:18 42:25 43:7 43:12 43:24 44:15 44:21 45:2 45:25 46:20 | |
| does(1) 13:6 13:14 13:14 13:22 14:14 17:12 25:15 34:13 34:16 37:5 41:12 46:22 | |
| doesn't(3) 12:24 40:18 40:21 | |
| doing(3) 16:24 17:1 20:13 | |
| don(1) 1:37 | |
| don't(22) 12:5 12:16 16:19 17:10 21:11 21:18 22:19 25:6 25:12 27:5 27:19 27:19 29:2 29:4 29:5 29:9 29:9 38:13 39:7 40:2 43:25 44:13 49:18 | |
| dougherty(2) 5:8 5:9 | |
| douglas(1) 5:26 | |
| down(5) 15:7 17:23 19:14 38:2 41:17 | |
| drilling(1) 41:17 | |
| dunn(1) 8:44 | |
| during(4) 23:15 27:16 48:10 49:21 | |
| dylan(1) 9:21 | |
| each(3) 47:20 47:22 49:17 | |
| earlier(1) 14:11 | |
| early(2) 23:14 31:16 | |
| east(1) 3:13 | |
| ecro(1) 1:42 | |
| educated(1) 29:4 | |
| edward(1) 6:44 | |
| effect(5) 30:3 30:7 32:6 35:14 35:18 | |
| egi-trb(1) 8:12 | |
| either(5) 16:9 18:8 19:10 38:12 43:8 | |
| elden(1) 5:8 | |
| eldersveld(1) 6:30 | |
| electronic(2) 1:50 50:16 | |
| elliot(1) 2:34 | |
| else(12) 13:7 13:15 13:23 27:1 31:19 39:15 41:1 41:12 44:16 45:20 46:23 47:10 | |
| embodied(1) 15:21 | |
| employees(1) 9:11 | |
| encompass(1) 47:24 | |
| encompassed(1) 34:22 | |
| ends(1) 11:18 | |
| engages(1) 48:22 | |
| english(2) 3:39 7:35 | |
| enough(3) 11:5 48:13 | |
| enter(1) 47:2 | |
| entered(2) 31:12 40:20 | |
| entertained(1) 19:4 | |
| enthusiasm(1) 18:5 | |
| entitled(1) 20:18 | |
| entity(1) 11:17 | |
| eos(2) 7:23 7:23 | |
| ephraim(1) 7:32 | |
| escaped(1) 33:10 | |
| esq(86) 1:24 1:31 1:37 2:6 2:13 2:14 2:20 2:26 2:34 2:35 2:41 3:5 3:12 3:19 3:20 3:26 3:27 3:33 3:40 3:41 4:5 4:6 4:7 4:13 4:14 4:20 4:27 4:33 4:39 5:5 5:9 5:14 5:16 5:18 5:20 5:22 5:24 5:26 5:30 5:31 5:35 5:37 5:41 5:43 6:5 6:7 6:9 6:11 6:13 6:16 6:18 6:20 6:22 6:24 6:28 6:30 6:35 6:39 6:44 7:8 7:12 7:14 7:16 7:20 7:24 7:28 7:32 7:36 7:38 8:5 8:9 8:13 8:17 8:21 8:23 8:27 8:37 8:39 8:44 9:8 9:13 9:21 9:25 9:27 9:33 9:37 | |
| essentially(1) 45:4 | |
| estates(1) 11:3 | |
| estimated(1) 33:6 | |
| estoppel(5) 32:1 36:4 38:13 38:25 39:23 | |

| Word | Page:Line |
|---|---|
| evaluate(1) 33:24 | |
| evaluating(1) 15:20 18:16 | |
| even(6) 21:10 28:5 28:20 29:3 29:23 43:4 | |
| evenly(1) 47:19 | |
| event(2) 11:1 11:6 | |
| ever(2) 22:25 45:11 | |
| every(1) 18:12 | |
| everybody(6) 27:20 45:8 | |
| everybody's(2) 26:17 28:14 | |
| everyone(4) 10:3 15:23 24:4 46:9 | |
| everything(1) 45:20 | |
| evidence(21) 15:5 16:22 18:2 23:2 23:12 27:13 27:14 28:21 29:15 29:17 29:23 30:15 33:22 34:14 40:1 43:1 43:3 43:10 43:11 43:16 44:14 | |
| evidentiary(7) 23:18 27:9 27:12 27:16 27:18 34:15 34:18 | |
| example(8) 17:4 20:18 25:4 25:6 25:7 25:11 38:1 40:2 | |
| exceed(1) 14:16 | |
| except(2) 37:17 44:12 | |
| exception(1) 15:8 | |
| exceptions(2) 17:9 33:19 | |
| exchange(1) 22:13 | |
| exercise(1) 22:9 | |
| exhibit(3) 25:7 28:21 35:7 | |
| exhibits(16) 15:2 15:5 18:13 27:12 28:5 31:16 33:16 33:19 33:21 34:9 34:16 34:21 35:11 35:16 36:6 38:11 | |
| explain(1) 28:18 | |
| exploring(1) 15:8 | |
| extend(3) 11:9 11:23 13:20 | |
| extended(1) 12:25 | |
| extension(2) 12:4 12:4 | |
| extensions(3) 12:6 12:13 14:16 | |
| extensive(1) 45:3 | |
| extent(10) 14:18 17:21 31:21 34:17 36:11 38:10 40:6 41:18 47:4 47:8 | |
| face(5) 16:2 25:18 25:23 26:4 26:16 | |
| fact(27) 15:16 17:2 17:5 17:11 18:20 19:5 19:8 21:5 21:23 31:2 31:15 34:10 35:24 38:3 38:6 39:24 40:10 42:21 42:23 43:3 43:8 43:9 43:16 45:7 46:5 46:7 46:11 | |
| factor(2) 33:11 34:6 | |
| factors(10) 15:22 16:5 16:18 18:17 21:23 22:22 22:23 33:22 33:25 34:4 34:12 | |
| facts(1) 20:11 | |
| factual(2) 15:20 33:23 | |
| fail(1) 23:21 | |
| fairness(2) 20:24 23:7 | |
| faith(1) 23:20 | |
| fallon(1) 8:23 | |
| far(2) 33:5 33:5 | |
| fargo(1) 8:26 | |
| fashion(1) 21:10 | |
| fault(1) 37:12 | |
| fcc(6) 44:22 44:23 45:9 45:10 45:19 46:1 46:10 46:16 47:8 | |
| federal(4) 23:2 23:6 27:13 29:16 | |
| feet(1) 37:22 | |
| feld(4) 4:4 6:38 13:17 46:3 | |
| felt(1) 43:13 | |
| fence(1) 23:22 | |
| few(1) 37:14 | |
| fifteen(2) 32:18 32:19 | |
| fifth(1) 4:28 | |
| file(5) 32:14 42:10 43:5 43:13 46:9 | |
| filed(10) 41:25 42:15 42:18 42:22 44:20 44:22 44:24 45:2 45:16 45:21 | |
| filings(2) 45:14 45:19 | |

| Word | Page:Line |
|---|---|
| final(3) 18:24 21:19 23:25 | |
| financial(1) 17:5 | |
| finding(2) 21:23 31:2 | |
| findings(28) 18:21 19:2 19:4 19:8 20:11 20:25 21:2 21:5 21:10 21:17 21:18 23:1 24:21 34:2 34:10 35:18 35:24 36:8 38:2 38:5 39:24 42:20 42:23 43:8 43:16 46:5 46:7 46:11 | |
| finds(1) 47:18 | |
| fine(1) 10:18 | |
| finger(1) 2:40 | |
| first(7) 10:24 19:19 26:25 31:9 39:22 48:5 48:7 | |
| five(1) 47:18 | |
| flip(1) 10:11 | |
| floor(2) 2:8 2:23 | |
| follow(3) 11:4 47:4 48:23 | |
| followed(1) 15:2 46:8 | |
| following(2) 33:16 49:13 | |
| follows(2) 35:24 47:17 | |
| footnote(1) 35:2 | |
| for(144) 1:2 1:23 2:4 2:19 2:27 2:33 3:4 3:17 3:39 4:4 4:12 4:19 4:26 4:38 5:3 5:12 5:34 5:40 6:4 6:33 7:4 7:7 7:11 7:23 7:27 7:31 7:31 7:35 8:4 8:8 8:12 8:16 8:20 8:26 8:29 8:35 8:42 9:5 9:11 9:16 9:20 9:24 9:30 9:36 10:10 10:24 11:12 11:22 13:1 13:16 13:17 14:1 14:1 14:11 14:15 14:20 15:1 15:5 15:18 15:25 16:2 16:16 16:19 17:1 17:3 17:9 17:14 17:18 17:19 17:23 18:15 18:18 18:19 20:2 20:17 20:22 23:4 23:5 23:8 23:18 25:14 25:15 26:4 26:7 26:7 26:10 26:23 27:3 27:3 27:8 28:1 28:1 28:4 28:12 28:16 30:15 30:21 31:7 31:8 31:14 31:24 32:7 33:6 33:10 33:13 33:23 35:1 35:5 35:8 35:9 35:20 35:20 35:21 36:1 36:2 36:17 36:18 36:21 37:9 37:17 38:1 38:4 38:6 38:14 39:18 40:2 40:14 41:3 44:4 44:6 44:18 45:17 45:22 46:15 47:2 47:6 47:23 48:2 49:5 49:12 49:17 50:6 50:8 | |
| forbid(1) 41:19 | |
| foregoing(1) 50:15 | |
| forgo(1) 48:17 | |
| form(1) 16:23 29:19 | |
| formal(2) 20:25 21:2 | |
| forman(1) 1:29 | |
| forth(3) 12:4 27:6 36:5 | |
| forward(6) 10:9 10:15 11:19 14:6 25:22 45:17 | |
| found(2) 27:7 43:5 | |
| foundation(3) 9:6 9:7 28:4 | |
| frank(1) 9:12 | |
| frankel(1) 7:42 | |
| frankly(1) 29:1 | |
| fraudulent(2) 17:6 18:1 | |
| friedman(3) 6:42 6:44 8:36 | |
| from(22) 10:6 11:24 22:13 23:23 24:4 24:8 24:20 25:4 32:24 33:19 34:25 42:4 42:14 43:6 43:21 43:24 44:14 46:13 48:20 48:23 49:14 50:16 | |
| full(1) 22:10 | |
| fully(1) 18:6 | |
| function(3) 20:11 24:17 25:18 | |
| further(12) 11:12 11:23 12:2 12:5 12:12 13:4 13:25 14:3 19:16 41:15 49:7 50:7 | |
| future(2) 21:14 30:25 | |
| gain(1) 29:2 | |
| gandhi(1) 9:27 | |
| garvan(1) 4:20 | |
| gary(1) 6:28 | |
| gathered(1) 23:16 | |
| gecker(1) 9:12 | |
| general(2) 21:6 29:7 | |

| Word | Page:Line |
|---|---|
| generally(2) 11:14 25:12 | |
| gentilotti(1) 4:19 | |
| george(2) 5:8 5:9 | |
| get(6) 16:24 16:24 24:14 29:6 39:7 49:4 49:21 | |
| gets(1) 26:15 | |
| give(2) 23:17 24:5 | |
| given(1) 17:18 | |
| gleich(1) 4:13 | |
| goes(1) 17:21 | |
| going(11) 10:9 14:12 17:3 23:17 28:15 29:1 29:13 39:10 43:17 46:21 49:21 | |
| goldfarb(1) 5:31 | |
| goldman(2) 8:20 8:20 | |
| good(5) 10:3 10:4 10:5 10:21 13:16 20:2 23:20 24:7 30:11 41:2 46:2 | |
| gordon(1) 2:4 | |
| got(1) 48:13 | |
| gotshal(4) 4:26 9:24 30:12 41:3 | |
| graem(1) 5:30 | |
| grand(1) 2:15 | |
| grant(3) 11:5 12:12 14:12 | |
| granted(1) 11:2 | |
| great(1) 8:4 | |
| greissman(1) 8:27 | |
| grippo(1) 5:8 | |
| group(2) 9:12 9:16 | |
| groups(1) 47:20 | |
| guess(3) 23:8 32:1 43:22 48:21 | |
| gump(6) 4:4 6:38 13:17 20:3 31:8 46:3 | |
| had(22) 17:24 18:25 28:3 28:23 31:21 33:5 37:7 37:17 42:10 42:15 42:23 42:24 43:3 43:12 43:19 44:1 44:5 45:11 46:12 46:13 48:10 48:19 | |
| half(1) 47:21 | |
| hand(1) 39:25 | |
| handle(2) 14:9 43:23 | |
| hands(4) 41:8 48:12 48:17 49:3 | |
| happen(1) 20:14 | |
| happy(2) 13:3 32:7 | |
| harrisburg(1) 1:46 | |
| hartford(1) 3:7 | |
| has(21) 10:20 11:10 12:15 12:20 12:20 12:23 13:2 13:12 15:23 16:19 21:17 29:13 31:7 31:10 31:22 38:23 40:3 44:19 46:17 48:4 48:6 | |
| hasn't(1) 25:16 | |
| hauer(4) 4:4 6:38 13:17 46:3 | |
| have(47) 10:10 10:9 11:7 11:18 11:25 12:5 12:11 16:3 16:8 16:12 16:20 17:7 17:10 18:22 20:6 21:8 22:1 22:15 23:3 23:11 23:15 24:2 24:21 24:24 26:9 26:21 27:7 27:8 29:16 32:5 32:7 33:1 33:4 33:9 34:14 34:24 35:17 37:17 39:10 39:10 40:5 44:21 45:11 45:20 46:12 47:25 48:14 | |
| haven't(4) 17:24 23:17 27:5 37:13 | |
| having(2) 28:13 43:19 | |
| hazeltine(1) 3:10 | |
| hear(9) 13:25 19:17 23:22 24:4 28:9 30:8 32:9 41:15 48:20 | |
| heard(20) 11:10 13:2 13:4 13:7 13:15 13:23 15:21 19:2 19:3 19:13 23:21 27:1 37:18 39:16 41:1 41:13 43:21 46:23 48:21 49:6 | |
| hearing(15) 15:19 19:1 25:16 27:9 27:12 27:16 27:17 28:23 42:11 42:21 44:4 47:9 48:9 50:11 50:12 | |
| hearings(3) 11:13 11:16 12:19 | |
| hearsay(9) 16:2 16:9 16:9 16:16 16:19 17:8 17:18 20:19 36:18 | |
| heaven(1) 41:19 | |
| heiligman(1) 9:13 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**helpful**(1) 26:21
**hercules**(1) 2:21
**here**(10) 10:24 12:18 12:20 23:22 28:1 29:13 30:4 32:10 44:25 49:15

**highly**(2) 29:11 45:12
**him**(1) 14:20
**his**(1) 12:13
**historical**(2) 43:3 44:1
**hold**(2) 24:18 27:9
**honor**(99) 10:4 10:5 10:8 10:19 10:21 10:24 11:3 11:10 11:22 12:11 13:1 13:8 13:13 13:16 14:4 14:17 14:23 14:25 15:7 15:15 15:24 16:1 16:12 17:10 17:13 17:15 17:22 18:9 18:11 18:24 19:6 19:11 19:15 19:23 20:1 20:2 20:4 20:8 23:24 24:7 26:19 27:2 27:4 27:6 27:18 28:1 28:12 28:15 28:15 28:17 29:9 29:14 29:22 30:1 30:11 31:6 31:9 32:8 32:13 32:15 32:18 32:19 32:22 33:4 33:15 34:20 35:4 35:12 35:15 36:5 36:19 36:25 37:7 37:12 37:14 37:21 37:25 38:1 38:20 39:1 39:12 39:17 40:25 41:2 41:22 42:2 42:11 44:17 46:2 46:17 47:12 47:16 47:23 48:6 49:1 49:10 49:12 50:3 50:4

**honor's**(2) 13:10 28:5
**honorable**(1) 1:18
**hope**(1) 39:12
**hopefully**(1) 25:5
**hour**(3) 47:23 49:17 49:19
**hours**(2) 47:19 47:21
**how**(11) 11:19 19:16 19:24 21:10 26:12 32:16 43:23 43:23 48:1 49:24 50:2

**howard**(1) 5:20
**however**(5) 14:8 18:19 21:2 30:18 34:9
**hurley**(13) 4:5 20:2 20:3 21:16 22:1 23:24 24:6 31:6 33:18 39:17 39:17 40:23 40:25

**i'd**(3) 14:21 15:9 48:19
**i'll**(8) 11:9 24:4 24:4 25:4 33:20 41:17 47:9 48:24
**i'm**(15) 14:13 18:7 23:17 23:23 25:10 29:10 29:14 32:7 36:14 36:21 36:24 41:8 44:12 44:14 49:12

**i've**(5) 13:2 34:22 35:16 36:8 48:13
**images**(1) 44:7
**impasse**(1) 41:19
**important**(1) 37:25
**imported**(1) 39:7
**impressions**(1) 15:9
**inappropriate**(1) 18:8
**inclination**(1) 48:18
**include**(1) 21:1
**included**(1) 36:14
**including**(3) 34:5 36:2 41:4
**inconsistent**(1) 23:6
**indicated**(1) 34:20
**indicating**(1) 14:19
**indication**(2) 48:10 48:18
**injunction**(5) 20:10 20:17 20:22 21:7 32:4
**input**(1) 39:10
**instead**(2) 20:13 25:24
**intended**(1) 46:9
**intentional**(1) 17:6
**interest**(1) 12:17
**interested**(1) 8:8
**into**(18) 15:5 27:13 28:21 29:6 29:15 29:23 31:12 33:13 33:22 34:14 35:20 35:21 37:15 38:16 39:7 39:10 39:20 40:2

**intricacies**(1) 15:8
**introduction**(1) 23:3
**investment**(1) 9:16
**involved**(1) 27:5
**isn't**(4) 16:11 29:24 38:9 38:12

**isolated**(1) 23:9
**issue**(21) 15:16 16:19 20:13 21:25 22:13 22:18 23:14 24:23 26:3 26:16 26:23 28:2 31:25 32:1 33:17 36:7 36:7 42:19 43:18 46:20 48:22

**issues**(26) 15:11 15:20 16:4 16:21 16:25 17:3 17:11 18:6 18:16 18:22 19:11 21:14 21:19 22:19 22:25 23:1 23:21 24:14 24:1 24:18 25:2 33:23 44:1 44:7 44:10 46:16

**it's**(30) 11:14 12:16 14:19 16:10 16:22 17:7 20:16 21:1 21:14 22:2 22:24 24:2 24:17 24:18 25:6 26:12 27:2 27:23 27:24 28:9 28:20 29:10 30:3 31:8 32:15 37:21 38:22 39:9 41:6 45:14

**item**(2) 14:25 46:6
**items**(5) 10:8 10:11 10:11 15:2 47:8
**its**(4) 20:21 29:19 47:22 49:21
**james**(1) 1:24 2:14 3:33 10:21
**jane**(2) 4:14 27:2
**jean-marie**(1) 7:14
**jenner**(1) 8:12
**jennifer**(1) 9:37
**jessica**(1) 6:22
**jhaveri**(2) 9:16 9:17
**jillian**(1) 6:24
**jim**(1) 44:17
**john**(1) 9:8
**johnston**(1) 2:14
**join**(1) 24:9
**joinder**(1) 3:24
**joint**(1) 45:13
**jonathan**(1) 7:28
**josh**(1) 2:13
**jr.,esq**(1) 7:43
**judge**(7) 1:18 1:19 20:9 20:9 28:19 28:20 29:1

**judges**(1) 29:3
**judicata**(2) 36:3 38:13 38:25
**juncture**(1) 26:22
**june**(8) 1:14 10:1 11:7 11:24 44:5 45:18 47:6 50:20

**just**(26) 10:11 23:24 24:2 25:4 25:24 27:20 29:10 29:19 31:6 31:15 31:24 32:1 34:22 35:17 38:1 38:14 39:20 40:7 41:4 41:5 43:2 47:12 48:16 48:20 49:13 49:15

**kalenchits**(2) 7:4 7:4
**kaplan**(1) 6:42
**karen**(1) 8:9
**kasowitz**(1) 8:35
**katharine**(2) 3:40 7:38
**katten**(1) 9:7
**kaye**(3) 4:12 7:27 27:3
**keep**(2) 12:17 43:20
**kerriann**(1) 6:18
**kevin**(2) 1:18 6:13
**key**(1) 15:16
**kim**(1) 7:8
**kind**(4) 11:5 16:10 17:25 32:1
**kinds**(3) 23:18 40:4 40:6
**king**(3) 2:43 3:42 4:21
**kira**(1) 5:41
**kirby**(1) 5:22
**kletter**(1) 9:21
**kline**(1) 6:11
**know**(5) 11:10 11:17 12:21 16:6 21:11 23:19 23:20 26:12 28:14 28:23 28:25 29:7 29:7 39:3 44:13 48:22 48:23 49:9

**knowledge**(1) 45:9
**korpus**(1) 8:37
**krakauer**(1) 6:9
**kramer**(1) 7:41
**lack**(1) 35:18

**landis**(2) 3:18 3:20
**language**(4) 14:19 39:9 40:16 41:17
**lantry**(1) 6:13
**last**(19) 19:1 37:4 42:9 48:1
**later**(5) 19:5 19:10 32:8 48:17 49:4
**laughter**(8) 12:9 15:13 19:21 28:11 33:3 33:8 41:10 41:21

**law**(21) 4:19 8:35 9:31 20:11 20:23 21:19 22:6 27:7 30:19 30:24 31:2 32:2 32:5 35:24 38:3 38:6 38:25 39:6 39:24 46:5 46:7 46:12

**lawsuits**(1) 27:24
**lawyer**(1) 28:9
**lawyers**(1) 29:4
**layton**(1) 2:40
**lbo**(12) 17:20 18:20 19:9 20:12 21:20 21:21 22:21 34:7 35:25 36:11 38:4 38:7

**least**(6) 24:11 24:14 24:20 43:6 43:9 45:2
**leave**(3) 19:15 37:9 48:24
**lebeouf**(1) 2:12
**left**(1) 44:19
**legal**(2) 15:19 33:23
**legitimate**(1) 19:12
**lemay**(1) 3:26
**lengthy**(1) 27:15
**leonard**(1) 1:30
**lerman**(1) 9:31
**less**(4) 22:1 22:6 22:6 40:19
**let**(9) 16:14 21:3 26:25 34:22 35:19 36:13 37:20 37:22 49:9

**let's**(4) 19:19 19:19 37:20 37:22
**level**(1) 4:22
**levin**(1) 7:41
**lewis**(1) 8:4
**lexi**(1) 8:23
**lexington**(1) 2:36
**liebentritt**(1) 1:37
**like**(15) 10:11 10:13 14:8 14:11 14:15 14:19 15:9 15:9 16:10 19:16 20:4 24:2 32:1 33:12 47:12

**likelihood**(2) 20:15 21:22
**likely**(4) 20:14 22:6 22:7 29:11
**limitation**(1) 36:2
**limited**(4) 20:14 35:1 38:7 42:8
**litigation**(4) 11:15 19:6 19:10 38:19
**litigations**(1) 30:25
**little**(2) 16:13 17:15
**litvack**(1) 9:25
**llc**(3) 3:11 5:8 8:31
**llp**(20) 1:23 2:19 3:25 4:12 4:26 4:32 4:38 5:13 5:29 7:7 7:11 7:27 7:42 8:4 8:8 8:12 9:7 9:12 9:20 9:24

**long**(3) 22:2 26:8 48:15
**look**(6) 24:25 25:17 26:1 28:23 39:9 41:6
**looking**(2) 24:21 28:16
**los**(1) 2:16
**lot**(1) 27:25
**lots**(1) 29:8
**ludwig**(1) 6:24
**lugano**(1) 1:42
**lynch**(15) 2:19 4:12 7:27 27:3 27:22 28:3 28:5 28:18 29:12 30:21 31:7 31:10 37:6 37:23

**lynch's**(1) 37:8
**made**(8) 11:20 19:5 32:4 39:6 48:9 48:10 49:1 49:3

**madlyn**(1) 4:13
**mail**(1) 31:19
**main**(3) 39:7 46:11 46:20
**maintain**(2) 11:15 14:15

**make**(21) 11:18 20:11 20:21 21:2 21:5 21:9 21:17 22:5 22:14 24:2 24:21 31:16 39:20 39:23 40:7 40:17 40:18 43:6 48:12 49:16 49:25

**makes**(2) 35:25 38:3
**making**(9) 12:5 12:18 18:19 20:20 21:23 23:1 25:23 26:4 34:2

**management**(9) 5:4 6:34 6:34 9:31 9:36 9:36 31:12 31:13 31:14

**mandate**(1) 21:1
**manges**(4) 4:26 9:24 30:12
**many**(2) 20:5 32:10
**march**(1) 31:17
**marino**(1) 2:28
**market**(5) 1:11 2:22 3:21 4:40 15:8
**martin**(14) 3:5 15:22 16:4 16:18 18:17 21:23 22:22 22:23 24:7 33:25 34:3 34:6 34:11 42:4

**material**(3) 45:12 45:12 45:13
**materials**(7) 20:18 40:4 40:6 40:8 40:11 42:14 46:1

**matter**(13) 12:1 13:5 13:10 14:7 23:4 25:15 30:16 35:12 35:19 35:19 36:9 40:15 50:17

**matters**(2) 43:14 47:3
**matthew**(1) 6:35
**mauceri**(1) 8:5
**maximum**(1) 47:21
**may**(23) 11:7 17:14 18:15 24:10 24:21 24:24 26:19 33:22 34:1 34:9 34:17 34:24 35:10 35:12 36:1 36:13 39:9 40:2 40:12 42:11 42:15 42:21 50:3

**maybe**(2) 38:1 48:23
**mayer**(3) 3:40 7:11 7:38
**mccarter**(2) 3:39 7:35
**mccormack**(2) 3:27 19:18
**mccormick**(1) 9:5
**mcdaniel**(1) 4:20
**mcneill**(1) 2:20
**mean**(6) 16:9 16:10 16:10 28:22 29:20 38:24

**meaningful**(1) 21:3
**mediation**(1) 23:8
**mediator**(1) 23:18
**mediator's**(3) 23:9 35:6 35:6
**meet**(1) 17:12
**meetings**(1) 34:24
**meets**(2) 16:17 18:17
**meisel**(1) 1:29
**memorialized**(1) 39:10
**mere**(1) 18:6
**meredith**(1) 9:33
**merits**(22) 15:20 16:24 17:3 17:20 17:24 18:20 19:9 19:11 21:2 21:20 22:10 22:20 24:13 24:19 24:22 26:15 35:25 36:11 38:3 38:7 38:16 38:18

**mester**(1) 2:13
**michael**(2) 2:35 7:16
**michelle**(1) 2:28
**michigan**(1) 1:33
**might**(12) 11:20 14:5 15:14 19:4 19:14 19:24 21:13 23:15 26:20 29:7 48:14 49:4

**mike**(1) 7:24
**miles**(1) 6:20
**miller**(2) 8:29 8:30
**mills**(1) 6:18

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **mind**(1) 23:17 | | **noteholders**(15) 13:19 17:15 24:9 26:2 27:8 27:25 28:2 28:13 30:15 33:18 35:3 44:22 45:1 45:18 46:16 | | **override**(1) 12:14 | | **powlen**(1) 4:33 | |
| **minutes**(4) 32:19 32:19 34:24 37:15 | | | | **overrule**(1) 14:13 | | **ppearances**(4) 1:21 2:1 3:1 4:1 | |
| **mirror**(1) 44:7 | | | | **o'melveny**(1) 5:34 | | **pragmatic**(1) 16:14 | |
| **mischief**(1) 28:1 | | **nothing**(3) 45:5 45:10 48:15 | | **p.a**(1) 1:30 | | **precedent**(1) 30:7 | |
| **misunderstood**(1) 37:2 | | **notice**(2) 12:4 46:9 | | **p.m**(3) 32:24 32:24 50:12 | | **precisely**(1) 49:20 | |
| **mitch**(3) 20:3 31:8 39:17 | | **noticed**(1) 33:7 | | **papers**(2) 22:13 34:25 | | **predict**(1) 20:14 | |
| **mitchell**(1) 4:5 | | **notices**(1) 43:15 | | **park**(4) 4:8 4:15 5:13 8:9 | | **pregnancy**(1) 16:10 | |
| **mitigating**(1) 33:11 | | **notified**(2) 42:15 44:13 | | **parke**(1) 3:25 | | **prejudice**(1) 14:20 | |
| **modest**(1) 15:10 | | **notion**(1) 27:19 | | **part**(7) 17:15 18:24 21:1 32:8 40:17 48:9 49:21 | | **prejudiced**(3) 11:20 19:4 19:14 | |
| **moment**(4) 16:23 20:6 33:20 50:3 | | **now**(15) 11:7 14:15 22:23 25:3 27:12 27:19 29:5 32:8 33:12 34:15 38:14 44:3 44:6 48:8 48:25 | | **particularly**(2) 23:7 23:11 | | **preliminary**(8) 20:10 20:17 20:21 20:22 21:7 32:3 32:4 32:5 | |
| **monday**(1) 10:1 | | | | **parties**(36) 9:10 10:13 12:14 12:17 15:16 16:20 17:4 18:5 18:14 19:1 19:13 19:20 21:11 23:22 26:21 30:3 31:15 31:15 32:10 35:13 35:16 35:17 36:16 41:4 41:19 42:16 43:11 43:17 46:19 47:24 48:11 48:20 48:24 49:6 50:5 | | **presence**(2) 24:5 49:8 | |
| **montenegro**(1) 8:39 | | | | | | **present**(5) 15:9 16:23 18:5 23:12 23:15 | |
| **more**(4) 22:1 22:6 22:6 43:14 | | **number**(2) 24:16 32:7 44:3 | | | | **presentation**(1) 32:8 | |
| **morgan**(12) 2:33 4:26 7:7 8:4 9:24 30:13 30:13 30:14 30:17 30:21 41:3 46:13 | | **numerous**(2) 27:18 27:18 | | | | **presented**(5) 17:11 18:22 20:5 31:24 41:6 | |
| | | **oaktree**(1) 2:4 | | **partners**(5) 7:23 7:23 7:31 7:31 8:42 | | **presently**(1) 30:20 | |
| **morning**(1) 28:24 | | **object**(3) 28:13 30:22 37:6 | | **parts**(1) 18:2 | | **presided**(1) 27:15 | |
| **moskowitz**(1) 2:34 | | **objected**(4) 23:3 42:17 42:17 45:20 | | **party**(7) 8:8 19:10 29:19 30:18 31:12 31:14 48:22 | | **press**(1) 12:13 | |
| **most**(1) 50:6 | | **objecting**(1) 46:15 | | | | **pressing**(1) 47:3 | |
| **motion**(31) 10:14 10:25 11:4 11:8 12:21 12:23 13:12 13:15 14:2 14:7 14:20 15:1 19:17 20:10 20:17 20:22 21:18 22:19 39:5 40:12 40:13 42:9 42:10 43:6 43:10 43:11 43:17 44:14 45:22 46:18 47:4 | | **objection**(11) 12:10 12:12 14:13 16:16 27:7 29:24 31:11 37:5 43:19 44:4 47:5 | | **parver**(20) 4:14 27:2 27:3 28:12 29:9 29:22 30:1 30:3 30:6 30:9 32:13 37:12 37:21 37:24 38:10 38:20 38:22 39:3 39:12 39:14 | | **pretty**(2) 18:3 45:2 | |
| | | **objections**(10) 21:9 27:18 31:16 31:18 31:19 31:20 31:21 32:15 46:12 47:7 | | | | **prevent**(1) 21:12 | |
| | | | | **pass**(1) 23:21 | | **previous**(1) 11:4 | |
| | | | | **passes**(1) 47:5 | | **previously**(2) 34:14 36:15 | |
| **motions**(26) 12:5 12:18 15:3 15:23 16:8 18:13 21:6 24:16 24:17 26:24 33:17 34:2 36:7 41:13 41:25 43:2 43:8 43:14 43:25 44:4 44:6 44:8 45:3 45:17 45:18 47:6 | | **objects**(1) 25:5 | | **passing**(2) 16:16 16:21 | | **primarily**(1) 14:14 | |
| | | **obviously**(4) 30:6 33:13 39:11 48:2 | | **path**(1) 15:7 | | **primofk**(1) 4:13 | |
| | | **occasion**(1) 13:19 | | **paul**(1) 5:40 | | **principles**(1) 38:18 | |
| | | **occurred**(1) 43:1 | | **pending**(1) 12:21 | | **prior**(3) 11:20 13:19 49:21 | |
| **much**(5) 29:2 32:16 48:1 48:14 50:10 | | **offer**(1) 35:23 38:23 26:13 | | **pennock**(1) 5:43 | | **probability**(1) 34:7 | |
| **muchin**(1) 9:7 | | **offered**(4) 22:15 22:17 26:3 26:7 | | **pennsylvania**(1) 1:46 | | **probably**(1) 45:21 | |
| **murphy**(1) 8:17 | | **office**(1) 9:31 | | **people**(3) 44:13 45:4 45:20 | | **problem**(2) 25:12 26:6 | |
| **myers**(1) 5:34 | | **official**(3) 3:17 5:12 10:23 | | **perceived**(1) 43:2 | | **problematic**(1) 45:14 | |
| **myrick**(1) 6:5 | | **okay**(25) 18:10 29:6 30:2 33:1 35:22 36:20 37:1 37:3 37:11 38:21 39:5 39:8 39:13 41:1 41:12 41:15 41:24 41:25 42:3 44:3 44:11 47:1 47:10 48:8 49:11 | | **perhaps**(2) 16:14 18:6 | | **proceed**(2) 12:22 19:16 | |
| **naftalis**(1) 7:41 | | | | **permission**(2) 10:10 10:16 | | **proceeding**(10) 24:23 28:19 32:3 32:5 38:5 38:7 39:25 40:1 40:4 40:5 | |
| **named**(2) 27:24 29:11 | | | | **permits**(1) 27:12 | | | |
| **nature**(1) 17:19 | | | | **permitted**(2) 12:22 28:6 | | | |
| **nealesh**(2) 9:16 9:17 | | **once**(3) 27:8 43:3 48:22 | | **permitting**(1) 12:1 | | **proceedings**(10) 1:17 1:50 27:23 30:18 30:19 30:24 36:10 39:4 39:8 50:17 | |
| **necessarily**(3) 20:21 21:12 29:5 | | **one**(20) 1:25 2:42 4:8 16:8 17:24 18:12 22:14 25:4 26:10 31:23 31:24 32:14 37:18 42:12 42:22 44:19 45:1 47:2 47:22 50:3 | | **pernick**(4) 1:31 10:5 10:6 10:19 | | | |
| **necessity**(1) 14:2 | | | | **person**(1) 25:23 | | | |
| **need**(6) 21:9 32:17 43:25 45:17 45:22 | | | | **perspective**(1) 49:14 | | **process**(6) 22:19 26:16 26:20 41:16 44:25 46:8 | |
| **needed**(1) 45:7 | | **one's**(1) 47:3 | | **peter**(1) 7:8 | | | |
| **needs**(6) 18:23 20:20 29:15 44:20 45:16 | | **only**(17) 22:24 23:6 26:12 27:22 28:16 33:11 37:3 40:13 40:15 42:22 43:10 43:11 43:14 45:11 45:16 48:20 49:20 | | **phone**(1) 46:16 | | **produce**(1) 33:11 | |
| | | | | **phrase**(1) 24:18 | | **produced**(1) 1:51 | |
| | | | | **piper**(1) 2:27 | | **projections**(1) 17:5 | |
| **negotiating**(1) 37:16 | | **open**(1) 47:8 | | **plaintiffs**(1) 29:10 | | **prompted**(1) 18:25 | |
| **negotiations**(1) 23:10 | | **opine**(1) 21:13 | | **plan**(42) 10:13 11:14 12:2 13:18 15:1 15:1 15:21 17:16 18:16 18:21 21:24 22:15 22:17 22:18 24:14 25:8 27:4 27:22 30:17 31:17 31:18 33:12 33:15 33:18 33:21 33:24 34:8 34:11 34:19 35:7 35:23 36:6 37:15 40:19 42:7 42:8 42:13 47:13 47:16 47:17 47:20 48:6 | | **proponent**(4) 27:4 27:22 30:17 31:15 | |
| **neither**(1) 17:22 | | **opposition**(1) 12:20 | | | | **proponents**(32) 10:14 11:14 12:2 13:18 15:1 15:4 17:16 17:21 22:16 22:17 22:18 25:8 31:17 31:18 33:12 33:15 33:18 33:21 34:19 35:7 35:23 36:6 37:15 40:19 42:7 42:13 47:13 47:16 47:17 47:20 48:7 | |
| **nellos**(1) 5:16 | | **order**(20) 14:15 14:23 17:11 20:21 22:5 31:12 31:13 31:14 34:15 34:18 35:10 35:12 35:13 35:14 40:12 41:6 41:7 41:17 41:18 48:16 | | | | | |
| **nevertheless**(1) 43:13 | | | | | | | |
| **new**(6) 2:30 2:37 3:7 3:29 4:9 4:16 4:29 | | | | | | **proposal**(4) 15:10 18:24 27:6 31:1 | |
| **newman**(1) 4:7 | | | | | | **proposed**(1) 19:2 41:17 | |
| **next**(2) 41:24 42:1 | | **ordering**(1) 47:7 | | **plans**(1) 23:21 | | **proposition**(3) 21:6 27:8 29:7 | |
| **nine**(1) 10:8 | | **orders**(3) 11:1 28:6 47:2 | | **plaza**(3) 2:21 3:28 4:22 | | **prosecute**(1) 11:2 | |
| **nobody**(4) 25:5 42:17 42:19 43:21 | | **originally**(1) 11:7 | | **please**(6) 10:2 15:12 32:25 41:19 43:19 43:20 | | **provide**(3) 14:16 14:23 19:7 | |
| **non**(1) 36:17 | | | | | | **provisions**(1) 35:14 | |
| **non-hearsay**(2) 20:19 36:22 | | **other**(38) 15:22 16:7 21:13 21:20 21:23 22:22 22:23 23:4 23:12 23:20 24:17 24:21 26:10 28:4 29:8 30:24 31:19 31:23 31:24 33:25 34:4 34:12 34:13 34:18 35:9 36:2 36:10 36:18 38:4 39:25 39:25 40:4 40:5 40:21 45:18 46:24 49:20 | | **pleased**(1) 12:11 | | **prudent**(1) 17:23 | |
| **none**(2) 27:8 45:13 | | | | **plenary**(3) 20:15 22:7 22:21 | | **publically**(1) 45:21 | |
| **nor**(1) 17:23 | | | | **plus**(1) 24:18 | | **purchase**(1) 29:2 | |
| **norman**(2) 1:31 10:5 | | | | **point**(12) 16:7 16:13 22:14 23:13 23:25 31:11 31:23 31:25 39:9 40:9 46:15 46:21 | | **purpose**(14) 16:16 16:20 17:1 17:14 17:19 18:15 26:10 28:12 28:16 33:23 35:1 38:4 38:6 45:6 | |
| **north**(5) 1:38 2:22 2:43 4:21 4:34 | | | | | | | |
| **not**(74) 11:6 12:14 12:22 12:25 13:12 15:21 16:1 16:4 16:9 16:17 16:18 16:22 16:24 17:4 17:5 17:8 17:17 17:17 18:7 18:19 19:13 20:11 21:1 21:4 21:11 21:24 22:20 23:3 23:6 23:15 23:17 23:23 24:10 24:15 24:18 24:20 25:25 26:9 27:7 27:22 27:22 28:4 28:24 29:14 29:16 29:14 30:1 31:10 31:15 32:5 32:5 33:2 33:9 34:1 34:9 34:13 34:16 34:21 35:13 36:1 36:10 37:10 37:17 37:19 38:18 40:14 43:13 43:19 44:12 44:14 45:14 45:25 46:14 | | **others**(3) 27:25 28:19 29:7 | | **points**(2) 19:18 39:20 | | |
| | | **otherwise**(2) 12:25 47:9 | | **polk**(2) 2:33 7:7 | | |
| | | **ought**(1) 19:2 | | **ponder**(1) 48:24 | | **purposes**(14) 15:6 15:18 15:25 16:3 23:4 23:5 25:14 26:4 26:7 35:9 36:1 36:18 36:22 47:23 | |
| | | **our**(16) 20:5 22:24 24:1 24:20 25:21 27:6 30:6 31:3 36:8 40:3 40:12 40:13 43:15 43:19 46:10 49:13 | | **position**(2) 20:8 26:23 | | |
| | | | | **positions**(2) 12:14 12:14 | | **pursuant**(3) 34:15 34:17 35:10 | |
| **note**(1) 13:11 | | | | **possible**(1) 24:2 | | **pursue**(1) 28:8 | |
| **noted**(2) 31:20 13:12 34:25 | | **ourselves**(1) 43:5 | | **post**(4) 25:1 42:15 43:9 43:12 | | **put**(5) 17:24 17:25 28:15 46:7 46:9 | |
| **noteholder**(11) 10:13 13:18 15:3 22:17 25:7 25:8 31:17 42:7 42:12 46:11 47:17 | | **out**(3) 24:5 27:21 41:19 | | **potential**(2) 27:25 28:14 | | **puts**(1) 29:5 | |
| | | **outset**(1) 48:8 | | **potter**(1) 2:19 | | **putting**(1) 46:10 | |
| | | **outside**(1) 49:8 | | | | **question**(6) 12:24 23:25 31:10 37:2 37:4 46:13 | |
| | | **over**(4) 12:18 17:25 28:15 29:24 | | | | | |
| | | **overall**(1) 37:24 | | | | **questions**(2) 28:7 46:17 | |

| Word | Page:Line |
|------|-----------|
| quite(1) 29:14 | |
| quo(2) 11:15 14:15 | |
| rachel(1) 8:5 | |
| raise(3) 14:7 31:11 43:17 | |
| raised(1) 44:7 | |
| rare(1) 28:9 | |
| rath(2) 3:18 3:19 | |
| rather(1) 11:7 | |
| reach(8) 14:5 20:21 21:25 22:25 24:1 24:10 41:19 41:19 | |
| reached(1) 35:17 | |
| reaching(1) 26:20 | |
| read(7) 33:13 35:20 35:20 37:5 37:13 38:17 39:19 | |
| real(1) 31:9 | |
| really(11) 11:4 12:15 17:19 23:7 25:16 28:17 28:21 29:2 37:13 37:17 45:5 | |
| reason(2) 14:12 36:18 | |
| reasonable(4) 24:15 33:25 34:3 34:11 | |
| reasonableness(2) 24:11 27:10 | |
| reasonably(2) 14:5 17:4 | |
| reasoning(1) 14:14 | |
| reasons(4) 11:12 11:22 13:1 23:19 | |
| rebut(1) 49:20 | |
| rebuttal(4) 47:23 48:2 49:18 50:5 | |
| recess(2) 32:23 32:24 | |
| reconvene(1) 32:21 | |
| record(11) 11:13 13:17 20:3 20:14 30:21 31:8 32:14 32:15 33:13 35:21 39:20 | |
| recorded(1) 1:50 | |
| recording(2) 1:50 50:16 | |
| records(1) 39:6 | |
| redact(2) 42:14 42:23 | |
| redacted(8) 42:9 42:16 43:6 44:14 45:5 45:8 45:9 45:11 | |
| redaction(3) 42:18 45:15 46:24 | |
| redactions(5) 43:19 43:20 43:24 44:24 46:11 | |
| reed(1) 9:13 | |
| reference(2) 40:10 48:9 | |
| regard(1) 44:8 | |
| regarding(1) 31:1 | |
| regarding(2) 39:22 45:12 | |
| regular(1) 12:10 | |
| relate(2) 36:11 45:18 | |
| related(5) 17:20 19:9 28:24 36:1 45:25 | |
| relating(2) 39:22 45:12 | |
| relied(1) 34:2 | |
| relief(2) 14:11 47:7 | |
| rely(1) 17:4 | |
| relying(1) 38:10 | |
| remain(4) 11:13 35:9 35:14 44:20 | |
| remained(1) 36:7 | |
| remarks(1) 45:24 | |
| removed(1) 43:4 | |
| renewal(1) 14:1 | |
| repeating(1) 13:11 | |
| reply(1) 35:3 | |
| report(6) 23:10 35:6 35:6 43:22 47:13 49:13 | |
| reports(1) 15:8 | |
| represent(1) 30:12 | |
| representativ(1) 25:9 | |
| request(5) 14:1 14:11 28:7 41:5 49:8 | |
| required(2) 21:5 42:14 | |
| requiring(1) 45:15 | |
| res(3) 36:3 38:13 38:25 | |
| reserve(3) 30:22 47:22 49:17 | |
| reside(1) 11:17 | |
| resolution(2) 15:10 26:24 | |
| resolve(1) 18:12 | |
| resolved(1) 37:5 | |

| Word | Page:Line |
|------|-----------|
| respect(25) 10:25 12:21 15:4 16:11 20:12 21:5 21:8 22:23 23:1 23:20 24:11 33:16 33:20 35:12 35:16 35:18 35:25 36:6 36:1 39:22 45:19 46:18 47:3 47:5 47:13 | |
| respecting(1) 49:14 | |
| respond(3) 19:24 31:6 31:23 | |
| response(6) 13:24 13:25 41:14 41:15 46:25 50:9 | |
| review(3) 22:4 22:11 24:25 | |
| reviewing(1) 15:15 | |
| richards(1) 2:40 | |
| rid(1) 26:15 | |
| right(15) 10:15 13:6 13:22 14:10 10:8 30:22 31:21 31:22 32:12 32:16 36:13 40:24 46:22 50:1 50:7 | |
| rifkind(1) 5:40 | |
| rise(1) 32:25 | |
| road(1) 17:23 19:14 | |
| robert(4) 2:41 5:18 5:22 9:5 | |
| roberts(2) 8:29 8:30 | |
| rochester(1) 6:39 | |
| rockefeller(1) 3:28 | |
| rodney(1) 2:42 | |
| roitman(1) 5:14 | |
| rome(1) 4:38 | |
| rosenman(1) 9:7 | |
| ross-stromberg(1) 6:15 | |
| roth(1) 8:8 | |
| rudnick(3) 3:4 9:20 24:8 42:4 | |
| rule(12) 23 13:12 15:9 18:14 20:23 27:11 27:17 27:17 27:17 | |
| ruled(3) 13:10 13:12 14:11 | |
| rules(6) 21:4 23:2 23:6 27:13 27:21 29:16 | |
| ruling(2) 21:10 27:10 | |
| russano(1) 2:35 | |
| saavedra(6) 4:27 30:11 30:12 41:2 41:3 41:11 | |
| sachs(2) 8:20 8:20 | |
| sadly(1) 18:4 | |
| safe(1) 32:19 | |
| said(9) 23:18 23:19 25:24 28:21 31:7 42:24 48:12 48:13 49:20 | |
| sam(1) 4:38 | |
| same(13) 11:13 12:18 14:12 20:8 21:13 22:2 22:12 25:8 42:19 43:1 44:10 44:15 46:8 | |
| satisfactory(1) 47:18 | |
| satisfied(2) 15:22 16:5 26:9 | |
| satisfies(5) 26:16 33:25 34:3 34:11 37:10 | |
| satisfy(2) 17:8 19:12 | |
| say(4) 14:13 18:3 29:12 47:5 | |
| saying(5) 22:12 24:9 28:14 29:10 38:5 | |
| says(3) 25:10 38:2 39:6 | |
| scheduled(4) 28:3 44:4 44:6 47:6 | |
| scheduling(1) 28:6 | |
| scholer(3) 4:12 7:27 27:3 | |
| schott(1) 7:24 | |
| schotz(2) 12:9 10:6 | |
| schulte(1) 8:8 | |
| schuylkill(1) 1:45 | |
| schwinger(1) 5:18 | |
| scope(1) 50:5 | |
| scott(2) 8:21 8:27 | |
| seal(4) 41:25 43:6 43:14 43:25 44:8 44:20 44:21 44:24 45:2 45:17 45:22 46:8 46:18 47:4 | |
| seated(1) 10:2 32:25 | |
| second(5) 10:25 11:8 14:25 40:9 49:19 | |
| securities(2) 8:30 8:31 | |
| see(3) 19:24 26:22 42:16 | |
| seeking(4) 20:14 24:24 26:9 26:10 | |
| seeks(2) 11:9 30:22 | |
| seem(2) 19:22 31:25 | |

| Word | Page:Line |
|------|-----------|
| seems(3) 15:15 39:5 47:1 | |
| seife(1) 5:20 | |
| seigel(6) 42:1 42:4 44:8 44:10 44:12 45:24 | |
| seiler(1) 6:42 | |
| send(1) 43:15 | |
| sense(5) 15:9 30:25 22:8 45:21 49:19 | |
| sensitivity(1) 32:10 | |
| senter(2) 9:32 9:33 | |
| separate(1) 12:21 | |
| serve(1) 12:22 | |
| service(2) 1:44 1:51 | |
| services(2) 1:44 30:13 | |
| set(4) 27:6 31:14 47:19 48:1 | |
| sets(1) 36:5 | |
| setting(4) 12:3 20:7 20:23 21:7 | |
| settlement(17) 15:20 16:17 17:12 18:17 18:18 20:24 24:12 24:15 24:22 27:11 33:24 34:1 34:3 34:3 34:4 34:8 34:11 34:12 | |
| several(1) 30:14 | |
| shamah(1) 5:37 | |
| shannon(1) 5:43 | |
| shaya(1) 6:39 | |
| she(1) 25:24 | |
| sheron(1) 8:37 | |
| shifting(1) 29:10 | |
| shifts(1) 28:17 | |
| short(3) 18:11 36:19 38:5 | |
| should(25) 11:23 12:12 12:5 12:22 12:25 13:1 15:17 15:24 16:1 16:18 17:17 18:12 18:14 18:18 19:3 22:14 23:2 25:11 27:20 29:13 37:9 43:23 45:8 48:17 49:5 | |
| side(7) 16:8 19:10 46:10 47:20 47:22 49:17 49:20 | |
| sidebar(1) 49:13 | |
| sides(3) 26:3 26:11 47:25 | |
| sidley(2) 1:23 6:4 | |
| siegel(4) 3:5 24:7 24:8 42:4 | |
| sieger(1) 9:8 | |
| simes(1) 7:16 | |
| similar(3) 15:3 20:23 42:6 | |
| simplest(1) 16:24 | |
| simply(5) 16:24 18:21 19:7 30:22 40:9 | |
| since(2) 22:24 47:3 | |
| slater(1) 8:16 | |
| smith(2) 9:36 9:36 | |
| smoke(2) 33:2 33:4 | |
| solves(1) 26:6 | |
| some(12) 16:6 18:2 21:13 21:14 24:5 24:23 28:18 28:25 35:4 37:7 40:10 48:14 | |
| somebody(2) 42:24 44:3 | |
| somehow(1) 27:11 | |
| someone(1) 25:21 | |
| something(2) 28:15 42:23 | |
| sorry(4) 36:21 36:25 37:12 49:12 | |
| sort(4) 23:25 25:18 25:23 44:25 | |
| sorts(1) 40:8 | |
| sottile(43) 3:33 10:20 10:21 10:22 12:11 13:12 14:17 14:22 14:25 15:14 16:12 18: 18:9 18:11 19:22 19:25 20:1 20:4 26:19 32:17 32:18 32:22 33:4 33:4 33:9 35:23 36:15 36:19 36:21 36:24 37:2 37:7 37:13 41:16 41:22 47:12 47:18 48:6 48:9 49:1 49:10 49:15 49:17 50:3 | |
| sottile's(2) 31:1 49:13 | |
| sound(2) 1:50 50:16 | |
| sounded(1) 20:4 | |
| sounds(1) 24:1 | |
| south(1) 1:25 | |
| spaeder(3) 3:32 5:29 10:22 | |
| speak(1) 37:9 46:1 | |
| speaking(1) 46:20 | |
| special(1) 10:22 | |
| specialized(1) 29:6 | |
| specific(3) 14:1 18:20 34:10 | |

| Word | Page:Line |
|------|-----------|
| specifically(2) 28:6 31:13 | |
| specifics(1) 19:17 | |
| sperling(1) 8:16 | |
| split(1) 47:19 | |
| square(1) 2:42 | |
| stake(1) 25:2 | |
| stamp(1) 29:13 | |
| stand(2) 32:23 50:11 | |
| standard(1) 24:24 | |
| standards(6) 15:22 17:12 18:18 34:1 34:5 34:13 | |
| standing(4) 11:2 12:12 19:13 31:10 | |
| standpoint(3) 23:23 24:20 25:4 43:7 | |
| stands(1) 49:8 | |
| stanley(9) 4:26 9:24 30:13 30:13 30:14 30:17 30:21 41:3 46:14 | |
| stargatt(1) 2:4 | |
| start(3) 10:16 37:20 37:22 | |
| state(4) 28:18 28:25 30:19 30:24 | |
| stated(2) 25:15 30:20 | |
| statement(7) 23:8 23:9 25:19 25:24 25:25 31:2 42:21 | |
| statements(3) 26:8 26:14 34:19 | |
| states(2) 1:1 1:19 | |
| status(7) 11:15 14:15 42:6 43:22 45:6 46:5 46:17 | |
| stay(3) 11:6 11:24 12:25 | |
| ste(3) 1:32 2:15 4:40 | |
| ste.1200(1) 4:34 | |
| stearn(1) 2:41 | |
| step(2) 17:6 44:25 | |
| stephen(1) 2:20 | |
| stick(1) 48:11 | |
| still(5) 13:13 37:6 37:16 43:4 49:8 | |
| stipulated(1) 39:24 | |
| stipulation(10) 26:1 34:13 39:19 39:22 40:3 40:7 40:17 40:18 40:20 43:10 | |
| stops(1) 38:5 | |
| strauss(4) 4:4 6:38 13:17 46:3 | |
| street(12) 1:11 1:45 2:8 2:22 2:43 3:6 3:13 3:21 3:34 3:42 4:21 4:40 | |
| strict(1) 49:19 | |
| structure(1) 47:14 | |
| stuck(1) 48:11 | |
| stuff(3) 44:23 45:9 45:10 | |
| subject(11) 14:12 33:13 33:17 34:8 34:21 36:9 40:12 40:13 44:6 47:14 48:2 | |
| submissions(1) 48:13 | |
| submit(11) 11:14 11:22 12:3 12:15 13:1 16:1 17:16 17:22 18:12 19:6 31:19 | |
| submitted(2) 16:20 41:18 | |
| submitting(2) 30:15 | |
| subsequen(2) 38:19 42:20 | |
| substance(1) 31:23 | |
| substantia(1) 20:6 | |
| succeed(1) 21:22 | |
| success(2) 20:15 34:7 | |
| such(5) 11:6 14:5 16:21 17:3 21:2 | |
| sued(2) 28:13 | |
| suggest(3) 10:13 16:14 18:25 | |
| suggesting(5) 16:21 18:7 | |
| suggestion(5) 10:10 19:25 26:13 48:15 | |
| suite(3) 3:13 3:21 3:35 | |
| sullivan(2) 3:10 3:12 | |
| support(3) 13:20 34:10 | |
| suppose(1) 41:16 | |
| sure(7) 23:23 24:2 41:8 44:12 44:14 49:16 49:25 | |
| suttonbrook(2) 5:3 5:3 | |
| tabak(2) 8:29 8:30 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**take**(5) 23:12  26:22  37:4  38:2  49:18

**talk**(4) 24:5  25:14  25:17  47:10

**talking**(3) 22:4  25:5  38:23

**target**(1) 32:11

**taylor**(1) 2:5

**telephone**(4) 13:9  41:20  48:10  49:3

**telephonic**(6) 5:1  6:1  7:1  8:1  9:2  19:1

**tell**(3) 34:23  43:20  43:21

**ten**(1) 32:18

**termed**(1) 49:18

**terminate**(2) 11:6  11:24

**termination**(3) 11:1  11:6  13:21

**terminology**(1) 38:24

**terms**(1) 38:14

**testimony**(1) 40:2

**than**(4) 22:10  22:16  23:4  45:10

**thank**(30) 10:19  13:6  13:13  13:14  13:22 14:10  14:24  24:1  23:24  24:5  26:17  26:18 27:2  30:9  30:10  31:5  32:16  32:22  39:14 39:15  39:17  40:25  41:4  41:7  41:11  41:22 41:24  46:22  48:13  50:10

**that**(261) 10:13  11:1  11:6  11:9  11:14 11:17  11:21  11:23  12:4  12:4  12:13 12:16  12:20  12:24  13:1  13:1  13:2  13:3 13:9  13:12  14:3  14:4  14:5  14:7  14:14 14:16  14:21  14:24  15:6  15:14  15:17  15:23 15:24  16:2  16:3  16:7  16:8  16:11  16:13 16:15  16:20  16:21  17:11  17:13  17:14 17:16  17:17  17:19  17:21  17:22  17:23 17:25  18:3  18:5  18:7  18:12  18:14  18:18 18:22  18:23  19:3  19:3  19:5  19:6  19:7 19:8  19:12  19:12  19:13  19:15  19:22  20:5 20:6  20:7  20:8  20:10  20:16  20:18  20:20 21:1  21:4  21:11  21:14  21:16  21:18  21:20 21:22  21:25  22:2  22:3  22:8  22:13  22:14 22:15  22:17  22:18  22:20  22:22  22:22 22:25  22:25  23:5  23:12  23:17  23:20  23:22 24:17  24:21  25:1  25:2  25:9  25:11  25:17 25:17  25:20  25:21  25:23  25:24  25:25  26: 26:2  26:6  26:11  26:13  26:15  26:16  26:25 27:8  27:11  27:19  28:3  28:9  28:10  28:16 28:17  28:24  29:5  29:16  29:24  30:6  30:14 31:1  31:4  31:16  31:19  31:21  32:2  32:4 32:4  32:11  32:12  33:7  33:9  33:11  33:16 33:20  33:21  34:7  34:10  34:14  34:21  34:21 35:2  35:8  35:12  35:16  35:15  35:16  35:20 35:20  35:24  36:5  36:6  36:7  36:8  36:14 36:14  36:16  36:24  37:3  37:4  37:8  37:9 37:10  38:3  38:5  38:12  38:16  38:17  39:5 39:6  39:9  39:11  39:23  40:5  40:10  40:11 40:12  40:18  41:17  42:6  42:13  42:17  42:19 42:21  43:4  43:8  43:10  43:11  43:12  43:17 43:23  44:19  44:21  44:21  44:23  44:24  45:4 45:5  45:5  45:7  45:10  45:13  45:16  45:18 45:21  46:1  46:6  46:9  46:17  46:18  46:20 47:1  47:5  47:9  47:20  47:23  47:25  48:3 48:10  48:15  48:15  48:17  48:19  48:19 49:5  49:16  49:18  49:19  49:19  50:5  50:10 50:15

**that's**(13) 10:18  15:2  21:7  26:1  29:15  32:6 37:3  44:19  45:13  45:22  45:23  49:24  50:2

**thau**(1) 8:32

**the**(301) 1:1  1:2  1:18  2:7  2:29  9:31  10:2 10:3  10:6  10:8  10:9  10:10  10:10  10:11 10:12  10:13  10:13  10:16  10:18  10:22 10:24  10:24  10:25  11:1  11:1  11:2  11:3 11:4  11:4  11:5  11:6  11:8  11:10  11:12 11:12  11:13  11:13  11:13  11:14  11:15 11:15  11:16  11:18  11:18  11:23  11:23 11:24  11:24  11:25  12:1  12:3  12:4  12:7 12:7  12:10  12:10  12:15  12:16  12:17  12:17 12:23  12:23  12:24  12:25  13:1  13:2  13:4 13:6  13:10  13:12  13:14  13:16  13:18  13:19 13:19  13:20  13:20  13:22  13:25  14:1  14:4 14:6  14:8  14:10  14:11  14:12  14:13  14:14 14:15  14:15  14:18  14:18  14:20  14:23 14:24  14:25  14:25  15:1  15:1  15:3  15:7 15:8  15:8  15:9  15:10  15:12  15:14  15:15 15:16  15:16  15:18  15:19  15:20  15:20 15:22  15:23  15:24  16:1  16:4  16:4  16:4 16:6  16:8  16:15  16:16  16:16  16:17  16:18 16:22  16:23  16:23  16:23  16:24  16:25 16:25  17:2  17:3  17:4  17:6  17:9  17:9 17:11  17:12  17:15  17:16  17:18  17:19 17:20  17:20  17:21  17:23  17:24  17:25  18: 18:2  18:2  18:4  18:5  18:6  18:7  18:10 18:12  18:14  18:18  18:18  18:20  18:20  18:22 18:22  18:23  18:25  18:25  19:3  19:6  19:8 19:9  19:9  19:11  19:12  19:14  19:15  19:17 19:17  19:19  19:19  19:24  20:2  20:5  20:8 20:10  20:12  20:12  20:13  20:15  20:15 20:16  20:18  20:22  20:23  20:24  20:25  21: 21:1  21:2  21:3  21:4  21:7  21:7  21:11 21:11  21:13  21:14  21:17  21:20  21:20 21:21  21:22  21:23  21:24  21:25  22:1  22:4 22:7  22:8  22:9  22:10  22:11  22:12  22:13 22:15  22:15  22:16  22:17  22:17  22:18 22:19  22:20  22:21  22:22  22:24  22:25  23: 23:4  23:4  23:6  23:7  23:9  23:9  23:10 23:14  23:16  23:18  23:19  23:19  23:21 23:22  24:3  24:4  24:9  24:11  24:11  24:13 24:13  24:14  24:14  24:15  24:16  24:18 24:19  24:22  24:22  24:23  24:25  25:1  25:2 25:6  25:8  25:8  25:10  25:11  25:12  25:12 25:15  25:15  25:16  25:18  25:19  25:22 25:23  26:1  26:1  26:2  26:2  26:2  26:3  26:

**the**(301) 26:7  26:8  26:8  26:14  26:14  26:15 26:15  26:15  26:16  26:20  26:21  26:23 26:25  27:6  27:7  27:8  27:9  27:10  27:10 27:11  27:11  27:12  27:13  27:15  27:16 27:16  27:19  27:20  27:21  27:23  27:25  28: 28:2  28:4  28:9  28:13  28:14  28:16  28:17 28:20  28:21  28:23  29:4  29:10  29:11  29:12 29:13  29:15  29:16  29:18  29:20  29:23  30:2 30:3  30:5  30:7  30:7  30:10  30:15  30:15 30:16  30:16  30:16  30:20  30:21  30:22 30:22  31:5  31:8  31:12  31:13  31:14  31:17 31:17  31:18  31:20  31:21  31:23  31:25  32:2 32:3  32:6  32:8  32:8  32:9  32:9  32:13 32:15  32:16  32:20  32:21  32:23  32:25  33: 33:6  33:7  33:10  33:10  33:11  33:12  33:13 33:13  33:14  33:15  33:16  33:16  33:17 33:17  33:17  33:18  33:20  33:21  33:22 33:23  33:23  33:24  33:25  34:2  34:3  34:5 34:5  34:6  34:6  34:7  34:7  34:8  34:9  34:10 34:11  34:13  34:15  34:16  34:16  34:17 34:17  34:21  34:21  34:22  34:24  34:25 34:25  35:1  35:2  35:5  35:5  35:6  35:7  35:8 35:10  35:11  35:12  35:13  35:14  35:14 35:15  35:16  35:16  35:17  35:18  35:20 35:20  35:21  35:21  35:22  35:23  35:25 35:25  35:25  36:3  36:5  36:6  36:6  36:8 36:16  36:16  36:19  36:20  36:23  36:24  37: 37:2  37:3  37:4  37:4  37:5  37:11  37:15 37:15  37:19  37:19  37:21  37:22  37:23 37:24  37:24  37:25  38:3  38:4  38:7  38:9  38:10  38:10  38:12  38:12  38:13  38:16 38:16  38:17  38:21  38:23  38:25  39:2  39:5 39:6  39:9  39:13  39:15  39:19  39:22  39:22 39:23  39:25  40:5  40:9  40:10  40:11  40:12 40:13  40:15  40:15  40:16  40:16  40:17 40:18  40:19  40:20  40:21  40:24  41:1  41:4 41:5  41:6  41:8  41:12  41:15  41:16  41:18 41:18  41:24  42:1  42:3  42:7  42:8  42:12 42:13  42:15  42:19  42:20  42:21  42:22 42:24  42:24  43:1  43:8  43:8  43:9  43:10 43:10  43:11  43:11  43:12  43:14  43:16 43:16  43:18  43:20  43:22  43:22  43:24 43:25  43:25  44:1  44:3  44:4  44:6  44:7 44:8  44:9  44:10  44:11  44:12  44:14  44:15

**the**(86) 44:18  44:22  44:22  44:23  45:1  45:6 45:9  45:9  45:10  45:11  45:11  45:14  45:16 45:17  45:18  45:18  45:19  45:21  45:22 45:24  46:1  46:4  46:5  46:8  46:10  46:10 46:11  46:15  46:16  46:18  46:19 46:20  46:22  47:1  47:2  47:4  47:4  47:5 47:6  47:8  47:13  47:14  47:14  47:16  47:18 47:19  47:24  47:24  47:24  47:25  48:2  48:4 48:6  48:8  48:8  48:8  48:9  48:15  48:22 48:22  48:24  49:2  49:2  49:3  49:3  49:7 49:8  49:11  49:11  49:19  49:20  49:21  49:23 50:1  50:2  50:4  50:5  50:6  50:7  50:10 50:12  50:15  50:15  50:16  50:16  50:17

**their**(15) 16:2  17:18  18:5  18:5  23:5  28:10 31:20  32:11  32:11  35:8  37:10  42:9  48:11 48:16  49:3

**them**(18) 10:9  19:5  26:4  26:11  26:13  28:6 29:12  36:17  37:9  38:14  41:9  43:23  46:10 46:13  46:14  46:21  47:9  49:8

**themselves**(1) 37:9

**then**(7) 10:15  10:17  10:17  17:7  21:22 40:19  47:1

**there**(37) 12:21  14:19  17:5  19:2  21:3 24:12  25:7  25:16  28:7  28:25  29:19  30:14 31:11  31:18  34:20  35:4  38:15  38:17 40:10  41:25  43:7  44:3  44:7  44:13  44:15 44:21  44:23  44:25  45:5  45:7  46:10  47:6 47:8  47:10  48:23  50:7

**there's**(12) 27:25  28:19  31:9  33:19  38:24 38:24  40:10  42:6  44:19  44:23  45:10  49:16

**therefore**(2) 26:13  49:5

**these**(22) 11:17  12:19  15:11  15:17  15:23 16:7  16:15  17:8  17:14  17:17  18:13  22:4 22:20  27:5  30:18  30:23  36:17  38:11  41:13 43:1  45:3  45:13

**they**(46) 10:11  12:2  13:4  15:5  15:17  17:9 17:25  19:3  19:14  19:14  19:24  21:22  22:19 25:13  25:22  25:23  28:3  28:3  28:5  28:8 29:13  29:20  29:21  29:22  31:20  31:21 31:25  33:21  36:11  36:21  37:16  40:13 40:13  40:14  40:15  40:17  42:9  42:14  42:15 43:4  43:18  45:4  48:1  48:14  48:20  50:5

**they're**(8) 19:13  22:22  23:8  26:7  29:3 34:17  44:10  46:14

**they've**(1) 29:11

**thing**(6) 22:12  32:14  37:18  37:20  43:1 45:16

**things**(6) 17:10  17:19  24:12  29:8  34:18 44:14

**think**(54) 10:20  14:13  15:23  16:15  16:15 17:7  19:2  20:6  22:1  22:8  22:11  22:11 23:5  23:10  23:19  24:17  25:2  25:7  25:11 25:12  26:1  26:6  26:9  26:16  26:19  29:4 31:1  31:9  32:1  32:6  32:17  32:18  37:9 37:14  37:25  38:16  39:8  40:3  42:6  42:8 43:4  43:23  44:10  44:17  44:19  45:6  45:16 45:19  45:22  48:18  48:21  49:4  49:15  49:18

**third**(9) 19:1  19:12  20:16  30:3  32:6  32:7 38:14  38:23  39:6

**this**(57) 11:3  11:10  13:10  13:10  13:15  14:6  14:9 15:18  15:18  16:8  16:14  17:1  17:12  18:13 18:24  19:8  21:17  22:24  23:14  23:15  24:10 24:22  25:6  25:11  25:13  25:17  26:21  26:23 28:12  28:16  28:17  28:19  28:20  28:23 28:24  29:6  31:11  35:11  35:13  35:13  35:19 36:9  36:13  36:14  38:1  39:8  40:1  40:3 40:7  42:8  43:18  45:6  46:5  46:15  46:21 47:18  48:17  50:11

**thomas**(1) 3:27

**thornburg**(1) 4:32

**those**(44) 11:19  11:22  12:14  12:15  13:11 15:25  17:10  18:19  19:11  19:17  19:18 21:18  22:23  22:25  23:1  23:3  23:16  25:2 26:10  26:24  28:8  29:2  30:23  33:19  34:23 35:1  36:7  38:18  40:4  40:6  40:8  40:18 42:1  42:17  42:25  43:24  44:6  44:15  44:24 45:21  45:25  47:3  48:20  49:6

**though**(3) 28:20  38:12  43:4

**thought**(8) 15:14  16:7  16:12  33:9  42:19 44:1  48:17  48:19

**three**(6) 22:17  23:3  27:23  33:17  36:7

**through**(4) 16:14  24:16  34:23  48:21

**throw**(1) 27:20

**tie**(1) 48:16

**tied**(1) 49:4

**time**(7) 10:24  11:21  24:5  32:16  47:21 47:25  48:14

**today**(8) 10:9  15:1  44:5  45:6  46:9  47:2 47:11  50:8

**today's**(1) 46:6

**told**(1) 23:16

**too**(2) 24:9  33:5

**took**(2) 29:18  50:2

**topics**(1) 42:1

**torres**(1) 8:35

| Word | Page:Line |
|---|---|
| **total**(2) 47:18 47:24 | |
| **touch**(1) 33:20 | |
| **transaction**(1) 38:8 | |
| **transactions**(1) 17:7 | |
| **transcript**(3) 1:17 1:51 50:16 | |
| **transcription**(2) 1:44 1:51 | |
| **transcripts**(1) 40:2 | |
| **trehan**(1) 7:12 | |
| **trial**(18) 16:24 17:2 17:24 20:15 22:7 22:10 22:21 22:24 24:11 24:13 24:19 25:2 31:16 35:11 40:1 42:15 43:9 43:12 | |
| **tribune**(5) 1:8 1:36 6:4 6:27 10:6 | |
| **true**(1) 25:25 | |
| **trust**(12) 3:4 8:4 8:35 9:20 15:4 17:16 24:8 33:18 42:5 42:13 45:2 45:25 | |
| **trust's**(2) 25:1 43:7 | |
| **truth**(11) 17:9 17:18 23:4 23:5 23:9 25:15 26:7 30:15 35:6 35:9 40:15 | |
| **try**(1) 28:18 | |
| **two**(9) 10:11 11:8 17:6 29:19 39:20 44:25 47:19 47:21 47:25 | |
| **twoomey**(1) 6:7 | |
| **type**(1) 42:6 | |
| **under**(13) 12:24 13:13 21:4 28:20 40:11 41:18 44:20 44:20 44:24 45:2 45:17 46:7 47:7 | |
| **understand**(9) 18:9 24:2 27:19 29:1 29:8 32:9 32:11 39:9 46:15 | |
| **understanding**(2) 14:4 45:23 | |
| **understood**(4) 44:25 49:1 49:2 49:24 | |
| **undertaking**(1) 22:10 | |
| **unfair**(1) 23:11 | |
| **unfairly**(1) 28:17 | |
| **unfamiliar**(1) 29:3 | |
| **unfortunately**(1) 42:19 | |
| **united**(2) 1:1 1:19 | |
| **unless**(2) 38:15 45:20 | |
| **unnecessary**(1) 49:5 | |
| **unresolved**(1) 46:23 | |
| **unseal**(1) 46:21 | |
| **unsealed**(1) 46:10 | |
| **unsealing**(1) 46:13 | |
| **unsecured**(3) 3:18 5:13 10:23 | |
| **until**(2) 11:16 37:14 | |
| **upon**(2) 23:21 34:2 | |
| **use**(10) 25:4 26:11 35:10 36:16 38:13 38:14 40:3 40:6 48:1 49:23 | |
| **useable**(1) 36:10 | |
| **used**(13) 19:5 19:10 26:10 34:9 36:1 36:17 36:21 38:4 38:6 39:25 49:19 49:20 50:5 | |
| **using**(3) 25:6 25:10 26:13 | |
| **vail**(1) 8:13 | |
| **value**(4) 25:18 25:23 26:4 26:16 | |
| **various**(1) 16:20 | |
| **ventures**(1) 45:13 | |
| **version**(1) 43:6 | |
| **very**(10) 16:7 20:22 25:10 27:15 31:7 32:2 32:6 48:13 48:20 50:10 | |
| **via**(1) 28:7 | |
| **view**(4) 22:2 22:15 22:24 24:1 | |
| **views**(1) 48:2 | |
| **vigorous**(1) 26:20 | |
| **virtual**(1) 48:11 | |
| **waived**(1) 31:22 | |
| **walking**(1) 32:10 | |
| **want**(6) 29:5 39:23 40:7 41:4 43:23 49:16 | |
| **wanted**(4) 39:20 43:20 48:12 49:25 | |
| **wardwell2**(2) 2:33 7:7 | |
| **warranted**(1) 12:6 | |

| Word | Page:Line |
|---|---|
| **was**(37) 11:5 16:9 17:6 18:7 19:3 20:5 23:20 25:22 25:24 25:25 28:21 28:25 29:24 31:11 31:12 31:13 31:16 35:4 36:1 37:3 38:16 39:19 40:17 42:21 43:11 44:13 44:25 45:5 45:6 45:7 45:11 48:15 48:19 49:3 49:3 49:19 50:12 | |
| **washington**(1) 3:36 | |
| **wasn't**(2) 22:12 28:10 | |
| **way**(7) 16:14 18:13 19:7 23:19 25:11 42:24 45:3 | |
| **we'll**(4) 10:16 14:13 32:21 38:14 | |
| **we're**(19) 10:24 12:14 14:7 21:18 22:2 22:4 22:11 24:20 24:24 25:5 26:9 26:10 27:4 31:3 38:22 46:20 49:15 49:21 50:4 | |
| **we've**(3) 24:16 37:7 49:4 | |
| **week**(1) 19:1 | |
| **weight**(1) 23:18 | |
| **weil**(4) 4:26 9:24 30:12 41:3 | |
| **weiss**(1) 5:40 | |
| **weitman**(1) 6:28 | |
| **well**(22) 14:21 16:6 16:9 16:12 18:2 19:19 21:16 23:14 28:14 28:19 29:18 30:5 30:2 36:8 37:19 38:9 38:25 39:5 39:6 47:1 49:7 | |
| **wells**(1) 8:26 | |
| **were**(32) 17:2 17:3 17:25 19:5 20:5 25:1 26:21 27:17 28:7 29:19 31:18 34:21 36:6 37:16 38:15 39:2 40:10 40:11 40:12 40:1 40:14 40:14 40:19 41:25 42:14 42:16 42:25 43:4 43:7 43:9 43:17 45:25 | |
| **west**(2) 2:8 4:34 | |
| **wharton**(1) 5:40 | |
| **what**(31) 14:12 16:1 16:3 16:23 18:11 20:13 20:14 21:15 21:18 22:2 23:18 23:2 24:3 25:5 25:14 25:15 28:12 29:1 29:14 29:22 31:7 31:24 33:5 34:23 37:17 43:2 44:5 44:6 45:8 49:17 49:20 | |
| **what's**(2) 23:25 41:24 | |
| **whatever**(3) 20:20 25:20 28:15 | |
| **when**(13) 11:7 17:24 17:24 20:9 20:16 24:14 25:14 25:20 26:1 26:12 42:22 48:1 49:16 | |
| **where**(5) 11:17 17:14 20:23 43:2 45:23 | |
| **whereupon**(1) 50:12 | |
| **whether**(28) 12:22 12:25 15:21 16:4 16:17 16:22 17:4 17:15 17:8 17:9 18:16 19:1 21:24 22:25 24:1 24:15 25:5 25:20 26:6 28:25 31:10 33:24 34:2 34:10 37:10 40:14 43:18 44:15 45:7 | |
| **which**(27) 10:14 11:4 11:8 11:24 12:23 15:17 15:19 16:3 16:13 16:25 17:12 17:1 17:20 18:21 22:14 24:12 29:11 30:20 31:25 33:12 35:6 40:6 43:14 45:9 45:17 47:22 48:19 | |
| **whichever**(1) 11:17 | |
| **while**(2) 12:19 49:15 | |
| **white**(3) 8:26 33:1 33:4 | |
| **who**(2) 40:15 48:4 | |
| **whose**(1) 42:16 | |
| **why**(5) 21:7 23:23 25:22 29:14 43:21 | |
| **wild**(1) 9:37 | |
| **will**(20) 11:17 11:18 14:22 19:15 19:18 21:9 22:25 23:21 26:25 32:23 39:3 41:8 41:22 44:23 44:24 46:1 46:12 49:10 49:23 50:11 | |
| **william**(1) 3:12 | |
| **willing**(1) 31:3 | |
| **wilmington**(24) 1:12 1:33 2:9 2:24 2:44 3:4 3:14 3:22 3:43 4:23 4:35 4:41 9:20 10:1 15:4 17:16 24:8 25:1 33:18 42:5 42:13 43:7 45:2 45:25 | |

| Word | Page:Line |
|---|---|
| **wilson**(1) 7:20 | |
| **window**(1) 27:21 | |
| **wish**(11) 13:4 13:7 13:15 13:23 15:5 19:16 39:15 41:1 41:12 46:23 49:23 | |
| **wished**(1) 48:21 | |
| **wishes**(1) 27:1 | |
| **with**(88) 10:10 10:12 10:16 10:16 10:25 11:19 12:15 12:21 13:3 13:15 14:4 14:6 14:22 15:4 16:7 17:1 17:15 18:4 19:7 19:15 20:3 20:12 20:20 21:5 21:8 21:17 22:3 22:7 22:23 23:1 23:6 23:7 23:7 23:20 24:9 24:11 24:14 24:22 25:22 26:15 27:10 27:13 27:19 29:2 29:3 29:9 29:16 30:1 30:12 30:16 30:16 33:10 33:16 33:20 34:5 34:18 35:10 35:12 35:16 35:18 35:22 36:6 36:15 37:8 39:19 39:22 40:1 41:13 43:10 43:11 43:15 43:18 44:4 44:8 44:22 45:3 45:19 46:4 46:14 46:17 46:23 47:3 47:5 47:13 48:18 49:8 50:4 | |
| **withdraw**(1) 35:7 | |
| **within**(3) 21:6 23:9 34:22 | |
| **without**(10) 11:19 14:2 14:19 16:16 27:13 29:16 36:2 38:7 42:18 45:22 | |
| **witnesses**(1) 28:3 | |
| **won't**(3) 13:10 31:23 46:19 | |
| **worded**(1) 38:22 | |
| **words**(2) 21:20 40:21 | |
| **work**(1) 25:11 | |
| **would**(60) 10:11 10:13 11:7 11:24 12:11 13:3 14:8 14:15 14:18 17:7 17:22 17:25 18:4 18:11 18:25 19:6 19:12 19:16 19:22 20:14 20:19 21:11 21:22 22:21 23:6 23:10 29:1 29:1 29:18 29:21 31:2 32:20 33:9 33:12 33:15 35:7 35:9 35:13 35:14 35:15 35:23 36:10 37:25 38:17 38:18 40:5 41:5 42:20 45:18 47:5 47:7 47:12 47:17 47:17 47:19 47:20 47:23 47:25 48:7 48:16 48:16 | |
| **wouldn't**(4) 18:3 21:8 39:4 40:7 | |
| **writes**(1) 28:16 | |
| **written**(1) 48:12 | |
| **www.diazdata.com**(1) 1:48 | |
| **yes**(4) 13:8 36:23 36:24 44:9 | |
| **yet**(1) 21:13 | |
| **york**(6) 2:30 2:37 3:29 4:9 4:16 4:29 | |
| **you**(85) 10:19 12:20 13:6 13:13 13:14 13:22 14:5 14:10 14:21 14:24 16:3 16:6 18:3 19:16 19:16 20:1 21:21 22:3 22:9 22:11 23:15 23:19 23:20 23:24 24:5 24:6 26:11 26:12 26:14 26:18 27:2 27:17 27:17 28:23 28:24 29:3 29:7 29:18 29:18 30:1 30:9 30:10 31:5 32:9 32:16 32:17 32:22 34:23 37:17 39:14 39:15 39:17 40:25 41:7 41:11 41:23 41:24 42:17 43:20 43:23 44:13 44:14 46:22 48:9 48:13 48:17 48:22 48:22 49:23 50:10 | |
| **you'll**(3) 32:17 39:10 41:16 | |
| **you're**(6) 16:24 21:21 22:9 24:13 25:20 26:12 26:13 39:8 | |
| **you've**(1) 44:5 | |
| **young**(1) 2:4 | |

| Word | Page:Line |
|---|---|
| **your**(114) 10:4 10:5 10:8 10:14 10:19 10:21 10:24 11:3 11:10 11:22 12:11 13:1 13:8 13:9 13:13 13:16 14:3 14:17 14:23 14:25 15:7 15:15 15:23 16:1 16:12 17:10 17:13 17:15 17:22 18:9 18:11 18:24 19:6 19:11 19:15 19:22 19:25 20:1 20:2 20:4 20:7 22:3 22:5 23:24 23:25 24:7 24:17 24:21 25:18 26:4 26:19 27:2 27:4 27:6 27:18 28:1 28:5 28:12 28:15 28:15 28:17 29:9 29:14 29:22 30:13 30:16 30:11 31:6 31:9 32:8 32:13 32:15 32:18 32:19 32:22 33:4 33:15 34:20 35:4 35:12 35:15 36:5 36:19 36:25 37:7 37:12 37:14 37:21 37:25 38:1 38:20 39:1 39:9 39:12 39:17 40:25 41:2 41:8 41:22 42:1 42:11 44:17 46:2 46:16 47:12 47:16 47:23 48:6 48:15 49:1 49:10 49:12 50:3 50:4 | |
| **yours**(1) 49:23 | |
| **yourself**(1) 12:7 | |
| **zabel**(1) 8:8 | |
| **zell**(4) 12:12 12:16 12:19 13:9 | |
| **zell's**(1) 13:4 | |
| **zell/egi-trb**(1) 4:38 | |
| **zensky**(10) 4:6 13:16 13:17 46:1 46:2 46:3 49:12 49:24 50:2 50:4 | |
| **zloto**(1) 6:35 | |
| **zuckerman**(3) 3:32 5:29 10:22 | |