# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Ref. Nos. 8469, 8746, 9012, 9059 and _____ |

### ORDER GRANTING SECOND MOTION TO AMEND DEFINITION OF "TERMINATION EVENT" IN ORDERS GRANTING OFFICIAL COMMITTEE OF UNSECURED CREDITORS STANDING AND AUTHORITY TO COMMENCE, PROSECUTE, SETTLE AND RECOVER CERTAIN CAUSES OF ACTION ON BEHALF OF THE DEBTORS' ESTATES

Upon the Second Motion of the Official Committee of Unsecured Creditors to Amend Definition of "Termination Event" in Orders Granting Official Committee of Unsecured Creditors Standing and Authority to Commence, Prosecute, Settle and Recover Certain Causes of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347);Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

{698.001-W0015129}

Action on Behalf of the Debtors' Estates, dated May 23, 2011 (the "Motion"); and due and proper notice of the Motion having been given; and the Court having considered the Motion and any responses or objections thereto; and after due deliberation; and good and sufficient cause appearing therefor; it is hereby

ORDERED that the Motion is granted; and it is further

ORDERED that in the defined term "Termination Event" in each of the Standing Orders,[2] "(iii) June 15, 2011"[3] shall be and hereby is deleted and replaced with "(iii) August 15, 2011"; and it is further

ORDERED that except as provided herein, each of the Standing Orders shall remain unchanged and enforceable by their terms; and it is further

ORDERED that the proponents of the Competing Plans may further extend the definition of Termination Event in subsection (iii) of the Standing Orders for a period not to exceed sixty (60) days by submission of an agreed proposed order under certification of counsel ("Proposed Order"); provided, however, that notice of a Proposed Order shall be given to all parties who have requested notice in these cases pursuant to Fed. R. Bankr. P. 2002; provided, further, however, that nothing herein shall prejudice Samuel Zell's right to file an objection to the relief sought in any Proposed Order within ten (10) days after the filing of the certification of counsel in connection therewith; and provided, further, however, that in the event Samuel Zell files an objection to a Proposed Order, the definition of Termination Event shall automatically be extended until the Court renders a decision on any such objection; and it is further

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.
[3] June 15, 2011 replaced the original date in subsection (iii) of the definition of Termination Event in the Standing Orders per Order dated April 25, 2011 [D.I. 8746].

ORDERED that the Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: June ___, 2011

_____
The Honorable Kevin J. Carey
Chief United States Bankruptcy Judge