## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TRIBUNE COMPANY, *et al.,* | ) Case No. 08-13141 (KJC) |
| | ) |
| Debtors. | ) Jointly Administered |
| -------------------------------------------------- | ) |

**OBJECTION BY THE PENNSYLVANIA PUBLIC SCHOOL EMPLOYEES'
RETIREMENT SYSTEM TO THE MOTION BY DEUTSCHE BANK TRUST
COMPANY AMERICAS, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE
FOR CERTAIN SERIES OF SENIOR NOTES, LAW DEBENTURE TRUST COMPANY
OF NEW YORK, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR
CERTAIN SERIES OF SENIOR NOTES AND WILMINGTON TRUST COMPANY IN
ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR THE PHONES
NOTES, TO CLARIFY, SUPPLEMENT OR MODIFY THIS COURT'S ORDER
ENTERED APRIL 25, 2011 (ECF 8740) IN RESPECT TO STATE LAW
CONSTRUCTIVE FRAUDULENT CONVEYANCE SUITS**

The Pennsylvania Public School Employees' Retirement System ("PSERS") objects to

the Motion filed by Deutsche Bank Trust Company Americas, in its capacity as successor

indenture trustee for certain series of senior notes, Law Debenture Company of New York, in its

capacity as successor indenture trustee for certain series of senior notes and Wilmington Trust

Company in its capacity as successor indenture trustee for the Phone Notes, to Clarify,

Supplement or Modify This Court's Order entered on April 25, 2011 (Docket No. 8740) in

Respect to State Law Constructive Fraudulent Conveyance Suits (the "Motion to Clarify") and,

in support hereof, represents as follows:

### PRELIMINARY STATEMENT

1.     PSERS is a party in interest in this action.  PSERS believes it has been named as a

defendant in an action of the type permitted by this Court's Order of April 25, 2011 (defined in

DM3\1821871.1

the Motion to Clarify as the "SLCFC Claims Order."),[1] which is now pending in the United States District Court for the Eastern District of Pennsylvania.

2.    To date, however, PSERS has not been served with a summons and copy of the complaint in that action.

3.    PSERS objects to the Motion to Clarify 1) to the extent the Motion to Clarify seeks permission for the Original Plaintiff Group to file a motion before the Judicial Panel on Multidistrict Litigation (the "JPMDL") pursuant to 28 U.S.C. § 1407, in contravention of the stay imposed by the SLCFC Claims Order, and, 2) to the extent that the Original Plaintiff Group requests that the stay imposed by the SLCFC Claims Order be construed to extend to prohibiting preliminary motion practice in federal district court, assuming the district court would permit such motion practice in light of that stay.

## BACKGROUND

4.    On June 13, 2011, the Original Plaintiff Group filed the Motion to Clarify seeking, *inter alia*, changes to this Court's SLCFC Claims Order, which permitted the Movants limited relief from the stay to file state law constructive fraudulent conveyance claims (Motion to Clarify ¶ 3).

5.    As acknowledged in the Motion to Clarify, while the SLCFC Claims Order permitted the Movants to file various state law constructive fraudulent conveyance claims, it also specifically stayed those state law fraudulent conveyance actions, once filed.

6.    Notwithstanding the unambiguous terms of the SLCFC Claims Order, the Motion to Clarify essentially seeks to circumvent the stay imposed by that Order.

7.    For the reasons set forth herein, the Motion should be denied.

---

[1]    For the purposes of this filing only, PSERS adopts the defined terms used in the Motion to Clarify to which this filing responds, including the definitions of the relevant April 25th Order as the "SLCFC Claims Order" and the "Movants" (herein also referred to as the "Original Plaintiff Group").

**OBJECTION**

8.    PSERS' objection principally seeks to preserve its right, if and when it is properly served, to seek dismissal of the complaint on any relevant grounds, without incurring the additional time and expense of litigating such threshold issues, much later, in a potentially inconvenient forum, in the event the case is transferred pursuant to an order of the JPMDL.

9.    This objection should not even be necessary, however, as the SLCFC Claims Order, as it now stands, clearly stays the filing of a motion to consolidate and Movant's announced intention to seek consolidation under 28 U.S.C. § 1407 would be in direct contravention of the specific terms of that Order.

10.    The stay imposed by the SLCFC Claims Order prevents "any party, including any plaintiff in the Original Plaintiff Group, that files such a complaint," from taking *any* action, with the exception only of those thereafter listed respecting:   (a) amendment of the complaint; (b) service and (c) discovery in aid of preventing the lapse of applicable statutes of limitations. SLCFC Claims Order ¶ 6.  The exceptions do not include any right to seek consolidation.

11.    Accordingly, the Motion to Clarify is a thinly disguised (albeit untimely) motion for reconsideration of the SLCFC Claims Order.  The Original Plaintiff Group now contends, among other things, that "clarification" of the scope of the SLCFC Claims Order, specifically paragraph 6 of that Order, is necessary because "it presently is unknown whether every federal district court and/or defendant will implement and/or abide by the stay provisions."  Motion to Clarify ¶ 13.

12.    PSERS respectfully submits that federal courts are fully capable of understanding and implementing the SLCFC Claims Order, especially as the SLCFC Claims Order is not unclear, despite the Original Plaintiff Group's contentions.

DM3\1821871.1

13.     As this Court is well aware, the SLCFC Claims Order was issued upon motion by the Original Plaintiff Group, in which it represented, among other things that it would "seek to toll the litigation until the Court rules on the Competing Plans." *See* ¶ 8 of the *Motion of Aurelius Capital Management, LP, on behalf of its Managed Entities, Deutsche Bank Trust Company Americas, in its capacity as Successor Indenture Trustee for Certain Series of Senior Notes, and Law Debenture Trust Company of New York, in its capacity as Successor Indenture Trustee for Certain Series of Senior Notes, for Entry of Order (I) Determining That Creditors Have Retained Their State Law Constructive Fraudulent Conveyance Claims to Recover Stock Redemption Payments Made to Step One Shareholders and Step Two Shareholders pursuant to 11 U.S.C. § 546(A) [sic]; (II) Determining That Automatic Stay Does Not Bar Commencement of Litigation on account of Such Claims Against Such Shareholders or, in the alternative, Granting Relief From Automatic Stay To Permit Commencement of Such Litigation; and (III) Granting Leave From Mediation Order To Permit Commencement of Such Litigation* [ECF 8201] (hereinafter the "March 1, 2011 Motion").

14.     In accordance with that representation, the SLCFC Claims Order requires the Original Plaintiff Group to seek a stay in state court, if a stay is "not automatic in such state court(s)." SLCFC Claims Order ¶ 6.

15.     Notably, the SLCFC Claims Order does not create any special exception for federal court consolidation motions, or even mention federal court.

16.     With very little reading between the lines, it becomes clear that the Original Plaintiff Group's contention that federal district courts may not "implement" the SLCFC Claims Order (Motion to Clarify ¶ 13) is a "straw man" designed to make the asserted reasons for JPMDL consolidation seem a little more plausible.  That this man is only straw is obvious, inasmuch as the Original Plaintiff Group frankly acknowledges that it has not yet moved the

4

federal district courts presiding over these cases to implement the SLCFC Claims Order.  Motion to Clarify ¶ 5.

17.      Accordingly, PSERS submits that the Motion to Clarify is, at best, premature, as there is currently no reason to believe that this Court's directive that state law fraudulent conveyance litigation be stayed will *not* be implemented without further Order of this Court.

18.      Tellingly, the Original Plaintiff Group does not ask the Court to clarify the order based on a fear that a state court will not correctly "implement" the SLCFC Claims Order.

19.      Movants' failure to mention state courts, makes it even more clear that the central purpose of the Motion to Clarify is not "to clarify" anything to do with implementation of the SLCFC Claims Order, but, rather, to smooth the path for a subsequent motion to consolidate that the Original Plaintiff Group intends to put before the JPMDL seeking to consolidate the various federal court actions pursuant to 28 U.S.C. § 1407.

20.      Indeed, this is the first thing that the Original Plaintiff Group requests in the concluding paragraph of its motion.[2]

21.      Moreover, if the Original Plaintiff Group had wanted all these cases in one court in the first place, it could have simply allowed the Trustee (and the Trustee only) to pursue the actual fraudulent conveyance claims that are currently pending before this Court.

22.      Instead, the Original Plaintiff Group made a strategic decision to file state law fraudulent transfer claims in three state courts and twenty federal district courts.  Motion to Clarify ¶ 4.

---

[2]      In stark contrast, the March 1, 2011 motion, in its very first paragraph, asks for relief "to permit the immediate commencement of . . . *state court* litigation." March 1, 2011 Motion at 3 (emphasis added).  The March 1, 2011 Motion further represents that, under certain circumstances, distributions in respect of the state law fraudulent conveyance claims would be made "in accordance with the terms of the orders entered by the applicable state court." March 1, 2011 Motion at 8.  It nowhere mentions an intent to file any, much less multiple, federal cases and nowhere discusses the potential for multidistrict litigation, which is the centerpiece of the motion now before the Court.

23.    Having made that choice, it should not now be heard to complain that the SLCFC Claims Order (that it requested) may prevent it from moving to consolidate most of those cases.

24.    This Court is not being asked, and need not decide, whether consolidation of the various federal court actions brought by the Original Plaintiff Group is appropriate under 28 U.S.C. § 1407.  Even though the Original Plaintiff Group devotes the bulk of its motion to addressing that very issue, PSERS takes no position on that question here.[3]  *See* Motion to Clarify ¶¶ 7-12.

25.    PSERS does, however, object to the extent that Movants request that the stay imposed by the SLCFC Claims Order be "clarified" in such a way as to permit them to file a motion to consolidate and — in the event such a motion is permitted — to extend the stay imposed by the SLCFC Claims Order to prohibit the filing of preliminary motions under Federal Rule of Civil Procedure 12.

26.    Such a result would not only broaden the rights of the Original Plaintiff Group far beyond the limited purpose of the SLCFC Claims Order, but would also plainly "prejudice" and "impair" available claims and defenses of defendants in direct contravention of the SLCFC Claims Order.  *See* SLCFC Claims Order ¶ 8 and n.2.

27.    By its terms, the SLCFC Claims Order limits the conduct of the Original Plaintiff Group and other potential parties plaintiff, not that of potential defendants.

28.    Accordingly, the SLCFC Claims Order should not be interpreted to defeat a defendant's right to seek immediate dismissal of a complaint under Federal Rule of Civil Procedure 12 or on any other basis.

---

[3]    Nothing contained herein should be interpreted to constitute or shall constitute a waiver of any objection that PSERS may have to consolidation or any other motion; all of PSERS' rights in connection with which are expressly reserved.

29.     That Movants anticipate the filing of such motions is clear from the Motion to Clarify, wherein they seek confirmation from this Court "that the SLCFC Claims Order does not bar the Movants from taking all necessary responsive actions, including filing responsive papers," in the event of such motions.  Motion to Clarify ¶ 13 (emphasis added).

30.     Even if a motion to consolidate were permitted to be filed pursuant to the SLCFC Claims Order, Movants are incorrect when they imply that filing such a motion would "prevent a multiplicity of preliminary motions from being filed and heard separately in the twenty federal district courts where the Federal SLCFC Litigations are pending" (Motion to Clarify ¶ 12), as it is well established that a would-be transferor court retains jurisdiction to decide threshold motions despite a pending motion to the JPMDL.  *See* Rule 2.1(d), Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation.

31.     Thus, it is a serious overstatement to say that permitting the Original Plaintiff Group to file a motion to consolidate these cases would somehow "prevent" multiple district courts from deciding preliminary motions.

32.     Indeed, the would-be transferor court is often in a much better position to decide such motions than a transferee court.  Where, for example, preliminary motions raise concerns unique to one case or to one of the parties before the transferor court, judicial efficiency is not served by awaiting transfer to a single federal forum that may not be familiar with the applicable state law.

WHEREFORE, The Pennsylvania Public School Employees' Retirement System, respectfully requests that the Motion to Clarify be denied to the extent it is deemed to request: 1) that the stay of the SLCFC Claims Order be narrowed to permit the Original Plaintiff Group to file a motion to consolidate pursuant to 28 U.S.C. § 1407, or 2) in the event permission to seek to consolidate were granted, that the stay of the SLCFC Claims Order be extended to prevent

7

defendants in the fraudulent transfer litigations now pending in the various federal district courts

from filing motions to dismiss before the filing, or during the pendency, of any such motion to

consolidate.

Respectfully submitted,

DUANE MORRIS LLP

*/s/ Lawrence J. Kotler*

Lawrence J. Kotler (DE 4181)
222 Delaware Avenue, Suite 1600
Wilmington, Delaware 19801
Telephone:    (302) 657-4900
Facsimile:    (302) 657-4901
E-mail:    ljkotler@duanemorris.com

and

Dana B. Klinges (PA 57943)
Charles M. Hart (PA 76325)
30 South 17th Street
Philadelphia, PA  19103
Telephone:  (215) 979-1000
Facsimile:  (215) 979-1020
E-mail:    dklinges@duanemorris.com
           chart@duanemorris.com

*Counsel for Pennsylvania Public School
Employees' Retirement System*

OF COUNSEL:

LINDA L. KELLY
ACTING ATTORNEY GENERAL

BY: */s/ Barry N. Kramer*
Barry N. Kramer
Chief Deputy Attorney General
Attorney I.D. No. 41624
Office of Attorney General
21 South 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-1581
Fax:  (215) 560-1031