## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:                                           : **Chapter 11**
                                                 :
**TRIBUNE COMPANY, et al.,** [1]                 : **Case No. 08-13141 (KJC)**
                                                 :
            Debtors.                             : **(Jointly Administered)**
                                                 :
                                                 : Re: Docket No. 9248
                                                 : (Requested) Hearing date: June 28, 2011 at 10:00 a.m.
                                                 : (Requested) Obj. deadline: June 27, 2011 at 12:00 p.m.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## CERTAIN STATE LAW CONSTRUCTIVE FRAUDULENT CONVEYANCE DEFENDANTS' (1) RESPONSE TO THE MOTION OF DEUTSCHE BANK TRUST COMPANY AMERICAS, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR CERTAIN SERIES OF SENIOR NOTES, ET AL. TO CLARIFY, SUPPLEMENT OR MODIFY THIS COURT'S ORDER ENTERED APRIL 25, 2011 AND (2) CROSS-MOTION FOR RELATED RELIEF WITH RESPECT TO STATE LAW CONSTRUCTIVE FRAUDULENT CONVEYANCE SUITS

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); and WLVI Inc. (8074); WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

JPMorgan Securities LLC, JPMorgan Clearing Corp., JPMorgan Chase Bank, N.A., Citicorp North America, Inc., Citigroup Global Markets Inc., Merrill Lynch Capital Corporation, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Merrill Lynch & Co. Inc. and their affiliates, Bank of America, N.A. and Banc of America Securities LLC (the "Cross-Movants"), by and through their undersigned counsel, respectfully submit this response to the Motion (the "Motion") of Deutsche Bank Trust Company Americas, in its capacity as successor Indenture Trustee for certain series of Senior Notes, Law Debenture Trust Company of New York, in its capacity as successor Indenture Trustee for certain series of Senior Notes and Wilmington Trust Company in its capacity as successor Indenture Trustee for the PHONES Notes (collectively, the "Movants") and hereby cross-move this Court (the "Cross-Motion") for entry of an order clarifying, supplementing and/or modifying the SLCFC Claims Order[2] in one additional respect. In support of the response and Cross-Motion, the Cross-Movants state as follows:

## BACKGROUND

1.      On or around June 2 and June 3, 2011, the Movants commenced actions in numerous federal district courts, and at least three state courts:  New York, Delaware and California.

2.      On June 13, 2011, the Movants moved this Court to clarify that the SLCFC Claims Order does not prevent the Movants from moving to coordinate the Federal SLCFC Litigations in a multidistrict litigation ("MDL") proceeding pursuant to 28 U.S.C. § 1407.

3.      In their Motion, the Movants represented that they are preparing to file motions to stay each of the SLCFC Litigations.

---

[2] Capitalized terms used, but not defined herein have the meanings ascribed to such terms in the Motion.

RLF1 4073196v. 1

4.      The Motion also seeks clarification that the Movants are not prevented from filing responses in connection with motions, pleadings, or orders filed in the SLCFC Litigations in the event that a court or a party does not agree to a stay of litigation.

## RESPONSE TO MOTION

5.      The Cross-Movants support the Motion to the extent that it seeks to confirm that the SLCFC Claims Order does not prevent the Movants from seeking MDL treatment of the Federal SLCFC Litigations.  The Cross-Movants agree that it is in the best interest of all parties and judicial economy to permit these actions to be consolidated.

6.      With respect to the portion of the Motion seeking permission to take "all necessary actions" in the event that a court or a party fails to abide by the stay provisions of the SLCFC Claims Order, (Motion ¶ 13), the Cross-Movants believe such permission should be narrowly tailored to permit the Movants to take only those steps necessary to implement or enforce the stay provisions, but not to otherwise litigate the underlying actions.  In addition, any order should make clear that such permission extends only to the action in which the stay has been violated, and not to other actions in which the stay has been respected.[3]

## CROSS-MOTION

7.      Consistent with the principles of judicial economy and convenience described in the Motion (*see* Motion ¶¶ 7-12), the Cross-Movants seek a related clarification that the SLCFC Claims Order does not prevent the Cross-Movants or other defendants in the State Court SLCFC Litigations (collectively, the "State Court SLCFC Defendants") from seeking to remove those

---

[3] The Movants did not submit a proposed order with the Motion.  Counsel to the Movants has advised that a proposed order is being prepared.  Counsel to the Cross-Movants will review such proposed order and endeavor to reach agreement on its form prior to the hearing.

3

cases to federal court on any applicable basis, or to respond to any party who timely moves to remand in response to a notice of removal. The Cross-Movants intend to remove the State Court SLCFC Litigations so that such cases can be consolidated with the federal actions to be transferred to the MDL court, which will bring further order, consistency and efficiency to the process.

8.    Moreover, this clarification is necessary to avoid prejudice to the ability of the State Court SLCFC Defendants to remove, on any applicable basis, within the limited time required by statute and/or rule, as that time may continue to run regardless of the automatic stay and/or the SLCFC Claims Order. *E.g.*, 28 U.S.C. § 1446; Fed. R. Bankr. P. 9027.

## NOTICE

9.    Notice of this Response and Cross-Motion shall be provided via electronic mail to all parties referenced in paragraph 35 of the Case Management Order [D.I. 7239]. In light of the nature of the relief requested herein, the Cross-Movants submit that no other or further notice is required.

**CONCLUSION**

WHEREFORE, the Cross-Movants respectfully request that this Court enter an order (1) confirming that neither the automatic stay pursuant to Bankruptcy Code § 362 nor the provisions of the SLCFC Claims Order (i) prevent State Court SLCFC Defendants from removing the State Court SLCFC Litigations to federal court or any plaintiff from moving to remand in response; (ii) prevent Movants or State Court SLCFC Defendants from moving under 28 U.S.C. § 1407 to coordinate the Federal SLCFC Litigations and any removed actions that were originally State Court SLCFC Litigations; (iii) in the event that any one or more SLCFC Courts or parties other than Movants do not agree to stay the litigation of the SLCFC Litigations, prevent Movants from taking appropriate action to enforce the stay in the first instance and filing all appropriate responses in connection with any motions, pleadings, or orders filed in the SLCFC Litigations that were not so stayed and (2) granting the Cross-Movants any such other relief as the Court may deem just, proper and equitable.

Dated: June 21, 2011
      Wilmington, Delaware

Respectfully submitted,

_____
Mark D. Collins (No. 2981)
Robert J. Stearn, Jr. (No. 2915)
Drew G. Sloan (No. 5069)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19899
Telephone: (302) 651-7700

-and-

Benjamin S. Kaminetzky
Elliot Moskowitz
Michael J. Russano
Alicia Llosa Chang

5

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York  10017
Telephone: (212) 450-4000

*Counsel for JPMorgan Securities LLC, JPMorgan
Clearing Corp., and JPMorgan Chase Bank, N.A.*


        */s/ Stephen P. Lamb*
Stephen P. Lamb (No. 2053)
Joseph L. Christensen (No. 5146)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
500 Delaware Avenue Suite 200
Wilmington, DE 19801
Telephone: (302) 655-4410

-and-

Andrew Gordon
Stephen J. Shimshak
Elizabeth McColm
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000

*Counsel for Citicorp North America, Inc. and
Citigroup Global Markets Inc.*

_____/s/ Etta R. Wolfe_____

Laurie Selber Silverstein (No. 2396)
Etta R. Wolfe (No. 4164)
R. Stephen McNeill (No. 5210)
POTTER ANDERSON & CORROON LLP
P.O. Box 951
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19899
Telephone: (302) 984-6000

-and-

Madlyn Gleich Primoff
Jane W. Parver
Joseph M. Drayton
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Telephone: (212) 836-8000

*Counsel for Merrill Lynch Capital Corporation,
Merrill Lynch, Pierce, Fenner & Smith
Incorporated, Merrill Lynch & Co. Inc.
and their affiliates*

7

_____ */s/ John H. Schanne* _____
David B. Stratton (No. 960)
John H. Schanne II (No. 5260)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: (302) 777-6500

-and-

Bradley J. Butwin
Daniel L. Cantor
Daniel S. Shamah
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York  10036
(212) 326-2000

-and-

Evan M. Jones
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
(213) 430-6000

*Counsel for Bank of America, N.A. and
Banc of America Securities LLC*