## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,<br><br>          Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>(Jointly Administered)<br>Related To Docket Nos. 8740<br>and 9248 |

**RESPONSE OF WILLIAM A. NIESE, ET. AL., AS STATE LAW CONSTRUCTIVE
FRAUD CLAIM PLAINTIFFS IN RESPONSE TO MOTION BY DEUTSCHE BANK
TRUST COMPANY AMERICAS, ET. AL., FOR CLARIFICATION OF THIS COURT'S
APRIL 25, 2011 ORDER CONCERNING COMMENCEMENT OF STATE LAW
CONSTRUCTIVE FRAUD ACTIONS**

Teitelbaum & Baskin, LLP[1], as attorneys for William A. Niese and 186 other retirees (the

"**Retiree SLCF Plaintiffs**") of The Times Mirror Company ("**Times Mirror**") and/or Tribune

Company and one or more affiliates of Tribune Company ("**Tribune**"), in response to the

motion, dated June 13, 2011 (ECF Docket No. 9248) (the "**Motion**") by Deutsche Bank Trust

Company Americas, Successor Indenture Trustee, Law Debenture Trust Company of New

York, Successor Indenture Trustee and Wilmington Trust Company, Successor Indenture

Trustee (collectively, the "**Movants**") for clarification of this Court's order dated April 25, 2011

(ECF Docket No. 8740) (the "**April 25 Order**"), respectfully state:

### Preliminary Statement

1.    The Retiree SLCF Plaintiffs do not oppose the Motion, however, we respectfully submit

---

[1] Jay Teitelbaum, a principal of Teitelbaum & Baskin is admitted *pro hac vice* in these Bankruptcy Cases in
connection with the representation of William A. Niese (Mr. Niese is a creditor of Tribune and a member of the
Creditors' Committee) and approximately 193 other retirees of Times Mirror, each of which is a creditor of Tribune
or a subsidiary of Tribune (collectively, the "TM Retirees"). Adam Hiller, now with the firm of Hiller & Arban, is
Delaware counsel to the TM Retirees. Teitelbaum & Baskin is lead counsel for the Retiree SLCFC Plaintiffs in each
of the Retiree SLCF Actions.

that the relief sought is inadequate and should not be limited to the Movants.

2.   The relief sought is inadequate in that it fails to address any attempt to (i) coordinate state court actions which have been filed by the Movants and the Retiree SLCF Plaintiffs within a state, such as the actions filed in the Supreme Court in the State of New York and the Superior Court in the State of California[2]; or (ii) coordinate the state court actions with the proceedings commenced by the Movants.

3.   Further, the Motion ignores the fact that this Court expressly rejected attempts to limit the scope of the April 25, 2011 order vacating the automatic stay with respect to the commencement of state law constructive fraud claims to the Movants. To our knowledge, only the Retiree SLCF Plaintiffs and the Movants have commenced state law constructive fraud claims pursuant to the April 25 Order.   There is no reason that the requested clarification should apply only to the Movants.

4.   Further, on June 20, 2011 counsel for the SLCF Plaintiffs requested of Mr. Zensky, as one of the lead counsel for the Movants, to consent to a short adjournment of the hearing on the Motion from June 28 to any day after July 4, 2011, to accommodate the fact that counsel for the Retiree SLCFC Plaintiffs would be out of the country from June 24 through July 4.   Counsel refused. As such, as part of this response, the SLCF Plaintiffs respectfully request that the hearing be adjourned to any day after July 4 that is convenient for the parties and the Court.

**Relevant Facts**

5.   On June 2, 2011, the Retiree SLCF Plaintiffs commenced four state court actions seeking to

---

[2] Upon information and belief, Movants also filed a state court action in Connecticut. The Retiree SLCF Plaintiffs have not commenced an action in Connecticut.

avoid and recover at least $109 Million of alleged fraudulent transfers made to shareholders of Tribune in connection with the 2007 leveraged buyout transaction of Tribune pursuant to the constructive fraudulent transfer provisions of the Uniform Fraudulent Transfer Act of Illinois (S.H.A. 740 ILCS 160 *et. seq.*).

6.  The four Retiree SLCF Actions are identified as follows:

    a.   *William A. Niese, et. al., v. Alliance Bernstein L.P.*, Index No. 651516/2011 (New York State Supreme Court, New York County);

    b. *William A. Niese, et. al., v. Chandler Trust No. 1. et al.*, Case No. BC 462791 (Superior Court of the State of California, For the County of Los Angeles);

    c.   *William A. Niese, et al v. A.G. Edwards, Inc. et al.*, C.A. No. N11C-06- 015 FSS (Superior Court of the State of Delaware in and for New Castle County); and

    d.   *William A. Niese, et. al. v. ABN AMRO Clearing Chicago LLC, et al.* Case No. 2011L005723 (Circuit Court of Cook County, Illinois, County Department, Law Division)

7.  Pursuant to the April 25 Order, the Retiree SLCF Plaintiffs filed a certification with this Court (ECF Docket No. 9200) certifying their intent to comply with this Court's April 25 Order.

8.  Toward that end, the Retiree SLCF Plaintiffs represented that, to the extent permitted under applicable law, they would delay service of the summons and complaints in connection with the Retiree SLCF Actions in order to effectively stay such proceedings without having to seek relief from each State court.

9.  The SLCF Plaintiffs are aware that at least twenty-seven additional state law constructive fraud actions (the **"Bondholder SLCF Actions"**) have been commenced

by Movants in Federal District Courts and State Courts in at least twenty different jurisdictions.

10. Movants have chosen to begin the service of process in many of these actions despite the fact that they have at least 120 days to do so in the federal actions and in most state actions. As a result, the Movants filed the Motion and are asserting the existence of exigencies which they created.

11. As this Court is aware, the facts and law underlying the Retiree SLCF Actions and the Bondholder SLCF Actions are identical. The only differences are the identities of the parties and the amounts sought.

12. As a practical matter and in the interests of judicial economy and fairness to the litigants, the plaintiffs should be required and or permitted to explore opportunities to coordinate litigation within states and between the federal and state courts. For example, in New York, Rule 202.69 of the New York Uniform Rules of Trial Courts (a copy of which is annexed as Exhibit A) permits the parties or the court, *sua sponte,* to determine whether and how related actions should be coordinated.

13. Similarly, there is precedent for United States District Judges assigned to multi district litigation matters to attempt to coordinate related state court proceedings in the interests of judicial economy. *See, e.g. In re Zyprexa Products Liability Litigation,* 04-MD-1596, United States District Court for the Eastern District of New York (order dated January 26, 2006) (a copy of which is annexed as Exhibit B).

## Conclusion

The Retiree SLCFC Plaintiffs do not oppose the relief sought in the Motion; however, the Retiree SLCFC Plaintiffs respectfully request that:

1. Any hearing on the Motion be adjourned to any date which is convenient for the Court and the Movants after July 4, 2011. Counsel for the Retiree SLCFC Plaintiffs will accomodate any such date.

2. Any order of this Court granting the Motion:

   a. consistent with the April 25 Order, be made applicable to any party, including the Retiree SLCFC Plaintiffs, who commenced state law constructive fraud claim actions pursuant to the authority granted in the April 25 Order; and

   b. consistent with the April 25 Order and in the interests of justice and judicial economy, permit the parties to any state law constructive fraud claim action to seek judicial or other intervention to attempt to coordinate such actions.

Dated: June 21, 2011

**TEITELBAUM & BASKIN, LLP**

Attorneys for the Retiree SLCF Plaintiffs By:

/s/ Jay Teitelbaum

Jay Teitelbaum, Esq. (JT-4619) 3
Barker Avenue
Third Floor
White Plains, New York 10601
(914) 437-7670
jteitelbaum@tblawl1p.com

Exhibit A

CT RULES

§ 202.68    UNIFORM RULES FOR TRIAL COURTS    CR-106

Administration, if the attorney for the Veterans Administration does not appear after notice, the court shall be advised whether the Veterans' Administration attorney has examined the account and whether he objects to it or to any proposed commission or fee.

§ 202.68    **Proceedings involving custody of an Indian child.**

In any proceeding in which the custody of a child is to be determined, the court, when it has reason to believe that the child is an Indian child within the meaning of the Indian Child Welfare Act of 1948 (92 Stat. 3069), shall require the verification of the child's status in accordance with that act and, proceed further, as appropriate, in accordance with the provisions of that act.

§ 202.69.    **Coordination of related actions pending in more than one judicial district.**

(a) *Application.* This section shall apply when related actions are pending in the courts of the Unified Court System in more than one judicial district and it may be appropriate for these actions to be coordinated pursuant to the criteria and procedures set forth in this section. Coordination pursuant to this section shall apply to pretrial proceedings, including dispositive motions.

(b) *Litigation Coordinating Panel.* (1) Composition. The Chief Administrator of the Courts, in consultation with the Presiding Justice of each Appellate Division, shall create a Litigation Coordinating Panel composed of one justice of the Supreme Court from each judicial department of the state.

(2) Procedure. The Panel shall determine, *sua sponte* or upon application of a party to an action, a justice before whom such an action is pending, or an administrative judge, whether the related actions should be coordinated before one or more individual justices. The Panel shall provide notice and an opportunity to be heard to all parties to the actions sought to be coordinated and shall inform the justices before whom such actions are pending of the initiation of proceedings before the Panel.

(3) Standards for Coordination. In determining whether to issue an administrative order of coordination, the Panel shall consider, among other things, the complexity of the actions; whether common questions of fact or law exist, and the importance of such questions

CR-107    SUPREME COURT AND COUNTY COURT    § 202.69.

to the determination of the issues; the risk that coordination may unreasonably delay the progress, increase the expense, or complicate the processing of any action or otherwise prejudice a party; the risk of duplicative or inconsistent rulings, orders or judgments; the convenience of the parties, witnesses and counsel; whether coordinated discovery would be advantageous; efficient utilization of judicial resources and the facilities and personnel of the court; the manageability of a coordinated litigation; whether issues of insurance, limits on assets and potential bankruptcy can be best addressed in coordinated proceedings; and the pendency of related matters in the federal courts and in the courts of other states. The Panel may exclude particular actions from an otherwise applicable order of coordination when necessary to protect the rights of parties.

(4) Determination.

(i) The Panel shall issue a written decision on each application. If the Panel determines to direct coordination, it shall issue an administrative order identifying the actions that shall be coordinated. The order may address actions subsequently filed or not otherwise then before the Panel.

(ii) The order of the Panel shall specify the number of Coordinating Justices and the county or counties in which the coordinated proceedings shall take place. In making this decision, the Panel shall consider, among other things, the venues of origin of the cases to be coordinated; whether the actions arise out of an accident or events in a particular county; judicial caseloads in prospective venues; fairness to parties; the convenience of the parties and witnesses; the convenience of counsel; and whether the purposes of this section can best be advanced by coordination before more than one Coordinating Justice.

(c) *Coordinating Justice.* (1) Designation. The Administrative Judge charged with supervision of the local jurisdiction within which coordinated proceedings are to take place shall select the Coordinating Justice or Justices, in consultation with the appropriate Deputy Chief Administrative Judge. In deciding whom to designate, the Administrative Judge shall consider, among other things, the existing caseload of each prospective appointee and the overall needs of the court in which that justice serves; the familiarity of that

CT RULES

justice with the litigation at issue; the justice's managerial ability; and the previous experience of the justice with the field of law involved and with coordinated litigation. The Administrative Judge may designate a justice from another local jurisdiction as a Coordinating Justice with the approval of the Administrative Judge thereof.

(2) *Authority*. The Coordinating Justice shall have authority to make any order consistent with this section and its purposes, including to remand to the court of origin any portion of a case not properly subject to coordination under the administrative order of the Panel; assign a master caption; create a central case file and docket; establish a service list; periodically issue case management orders after consultation with counsel; appoint and define the roles of steering committees and counsel of parties and liaison counsel, provided that the committees and counsel shall not deprive any party of substantive rights; issue protective orders pursuant to Article 31 of the Civil Practice Law and Rules; establish a document depository; direct the parties to prepare coordinated pleadings and deem service upon liaison counsel or steering committee service upon the respective parties; require service of uniform requests for disclosure and establish a uniform method for the conduct of physical and mental examinations; rule upon all motions; require the parties to participate in settlement discussions and court-annexed alternative dispute resolution; and try any part of any coordinated case on consent of the parties to that action.

(3) *Coordination with Federal or Other States' Actions*. If actions related to those pending before a Coordinating Justice are proceeding in federal courts or in the courts of other states, the Coordinating Justice shall consult with the presiding judge(s) in an effort to advance the purposes of this section. Where appropriate, the Coordinating Justice, while respecting the rights of parties under the Civil Practice Law and Rules, may require that discovery in the cases coordinated pursuant to this section proceed jointly or in coordination with discovery in the federal or other states' actions.

(d) *Termination of Coordination*. The Coordinating Justice, *sua sponte*, or upon motion by any party, may terminate coordination, in whole or in part, if the Justice determines that coordination has been completed or that the purposes of this section can be best advanced by

termination of the coordination. Upon termination, the actions shall be remanded to their counties of origin for trial unless the parties to an action consent to trial of that action before the Coordinating Justice.

### § 202.70   Rules of the Commercial Division of the Supreme Court.

(a) *Monetary thresholds*. Except as set forth in subdivision (b), the monetary thresholds of the Commercial Division, exclusive of punitive damages, interests, costs, disbursements and counsel fees claimed, are established as follows:

Albany County: $25,000

Eighth Judicial District: $50,000

Kings County: $75,000

Nassau County: $100,000

New York County: $150,000

Onondaga County $25,000

Queens County: $50,000

Seventh Judicial District: $25,000

Suffolk County: $50,000

Westchester County: $100,000

(b) *Commercial cases*. Actions in which the principal claims involve or consist of the following will be heard in the Commercial Division provided that the monetary threshold is met or equitable or declaratory relief is sought:

(1) Breach of contract or fiduciary duty, fraud, misrepresentation, business tort (e.g., unfair competition), or statutory and/or common law violation where the breach or violation is alleged to arise out of business dealings (e.g., sales of assets or securities; corporate restructuring; partnership, shareholder, joint venture, and other business agreements; trade secrets; restrictive covenants; and employment agreements not including claims that principally involve alleged discriminatory practices);

(2) Transactions governed by the Uniform Commercial Code (exclusive of those concerning individual cooperative or condominium units);

Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------x

In re: ZYPREXA
PRODUCTS LIABILITY LITIGATION

-------------------------------------------------------x

THIS DOCUMENT RELATES TO:

ALL ACTIONS

-------------------------------------------------------x

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ JAN 3 0 2006 ★

BROOKLYN OFFICE

ORDER
04-MD-1596

Jack B. Weinstein, Senior United States District Judge:

The following communication shall be sent to each state court judge who has a case

related to Zyprexa (see Appendix A, attached):

My dear Judge [Judge's name]

The discovery in this multidistrict litigation has now progressed to the
point where settlement and disposition of many of the cases is approaching
completion. With regard to those cases that have not settled, it is expected that
a motion for summary judgement with attendant Daubert motions will be made
shortly.

If you have any suggestion as to how your court and mine can assist
each other regarding this litigation, I would be happy to hear from you. If you
wish to attend any hearings in my court on these or any other motions, I would
be pleased to have you on the bench. If you think that I should attend any
hearings in your court, I would do so.

I have asked the clerk to send you copies of all related orders and
transcripts in this court. In the future you will be kept abreast of my orders and
of any transcripts or hearings in my court regarding this multidistrict litigation.

If there is anything else we can do to assist each other and counsel in
the prompt disposition of these cases, by telephone conference or by any other
means, please let me know.

Best wishes for the New Year.

Very respectfully,



Jack B. Weinstein

SO ORDERED.

_____

Jack B. Weinstein

Dated:  January 26, 2006
        Brooklyn, New York

APPENDIX A

Cestare v. Eli Lilly and Company
No judge assigned
Nassau County Supreme Court
100 Supreme Court Drive
Mineola, NY 11501

Collins v. Eli Lilly and Company et al.
The Honorable Thomas M. Grady
22nd Judicial Court of Missouri- St. Louis
Civil Courts Building
10 N. Tucker Boulevard
St. Louis, MO 63101

Hall v. Eli Lilly and Company
The Honorable Marisela Saldana
Nueces County Court at Law
901 Leopard Street
Room 703
Corpus Christi, TX 78401

Hart v. Eli Lilly and Company et al.
The Honorable Jacqueline Allen
Common Pleas Court
Philadelphia County
City Hall
Broad and Market Streets
Philadelphia, PA 19107

Howard v. Eli Lilly and Company
The Honorable Patsy Y. Porter
State Court of Fulton County Georgia
185 Central Avenue
Atlanta, GA 30303

Kovacs v. Eli Lilly and Company
Mangham v. Eli Lilly and Company
The Honorable Donald C. Johnson
Tippecanoe County Courthouse
Fourth Floor
301 Main Street
Lafayette, IN 47901

Proctor v. Eli Lilly and Company et al.
The Honorable John Riley
22nd Judicial Court of Missouri - St. Louis
Civil Courts Building
10 N. Tucker Boulevard
St. Louis, MO 63101