IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br>Jointly Administered<br><br>Related to Docket No. 9248 |

### CERTAIN OFFICERS AND DIRECTORS' OBJECTIONS TO DEUTSCHE BANK TRUST COMPANY AMERICAS', IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR CERTAIN SERIES OF SENIOR NOTES, LAW DEBENTURE TRUST COMPANY OF NEW YORK'S, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR CERTAIN SERIES OF SENIOR NOTES, AND WILMINGTON TRUST COMPANY'S, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR THE PHONES NOTES, MOTION TO CLARIFY, SUPPLEMENT OR MODIFY THIS COURT'S ORDER ENTERED APRIL 25, 2011 [ECF 8740] IN RESPECT TO STATE LAW CONSTRUCTIVE FRAUDULENT CONVEYANCE SUITS

### INTRODUCTION

Certain Officers and Directors[1] submit the following objections to Deutsche Bank Trust Company Americas', Law Debenture Trust Company of New York's, and Wilmington Trust Company's Motion to Clarify, Supplement, or Modify This Court's Order Entered April 25, 2011 (ECF 8740) in Respect to State Law Constructive Fraudulent Conveyance Suits ("Motion").

### OBJECTIONS

Objection No. 1: Certain Officers and Directors have previously objected to the Court's April 25 Order.[2] To the extent the Motion seeks modification of the April 25 Order and

---

[1] Harry Amsden, Stephen Carver, Dennis FitzSimons, Bob Gremillion, Don Grenesko, David Hiller, Tim Landon, Tom Leach, Luis Lewin, Mark Mallory, Dick Malone, Ruthellyn Musil, John Reardon, Scott Smith, John Vitanovec, Kathy Waltz, and David Williams.

[2] Capitalized terms used herein, unless otherwise defined, have the meaning reflected in Certain Directors' and Officers' Letter Brief ("Ltr. Br."), dated May 11, 2011 (Exhibit A hereto), and the DCL Plan.

1174057

therefore a reaffirmation of it, Certain Officers and Directors object to the Motion for the reasons previously stated.

Specifically, the April 25 Order is based on Plan Proponents' "disclaimer" scheme (an invented concept not found in the Bankruptcy Code) which is in contradiction of the plain language of the Bankruptcy Code. *See, e.g.*, Letter Brief dated May 11, 2011; Letter Brief dated June 2, 2011 (attached hereto as Exhibits A and B, respectively). Sections 544 and 548 of the Bankruptcy Code allow only for (in pertinent part) the avoidance of a transfer of an "interest of the debtor in property." 11 U.S.C. §§ 544(b)(1), 548(a)(1). The interest at issue here is the money transferred to selling Tribune shareholders. Committee has laid specific claim to this interest, *i.e.*, payments to selling shareholders, in the LBO Adversary Proceeding in which it has asserted intentional fraudulent conveyance claims under Section 548(a)(1)(A) and 544, but purportedly not constructive fraudulent conveyance claims, for example, under Section 548(a)(1)(B). *See* Motion of Committee for Protective Order [D.I. 8866] at 3 (stating that a "significant part" of the LBO Adversary Proceeding seeks recovery against shareholders for stock payments).

Commencement of this bankruptcy provided the Debtors the sole right to pursue these allegedly fraudulently conveyed assets to the exclusion of all other creditors. *See* Memorandum of Law filed by the DCL Plan Proponents [D.I. 8173] ("DCL Mem.") at 30-31 n.93, citing numerous cases. Committee's election to pursue only some possible avenues for recovery of amounts paid to selling shareholders does not vitiate the rule giving exclusivity to the Estate with respect to this "interest of the debtor in property." *Id.* at 131 n.95 (citing numerous cases – a creditor may only pursue conveyed assets after a bankruptcy is closed). Plan Proponents' invented disclaimer scheme and their related discussion of the differences between

1174057

the elements of an intentional fraudulent conveyance claim and a constructive fraudulent conveyance claim, *see* DCL Mem. at 134, are simply efforts to divert attention from the fact that the same "interest" would impermissibly be the target of simultaneous suits by Committee, a Creditors' Trust and individual creditors. (To date, there are now at least 43 different suits filed in over 20 jurisdictions naming thousands of defendants.) Such a result is not in accordance with the goals of the Bankruptcy Code.

Objection No. 2: Certain Officers and Directors object to the Motion to the extent it claims that the Court has in fact decided that state law fraudulent conveyance claims have reverted back to individual creditors or any proposed Creditors' Trust. In entering the April 25 Order, the Court did not "acknowledg[e]" that the Debtors' creditors have "regained the right to prosecute their respective state law fraudulent conveyance claims."[3] *Compare* Motion at ¶ 4; *see also* Exhibit B hereto, p. 2 (citing this Court's statement at hearing that in entering the April 25 Order it was not making any determination as to what happened to the state law fraudulent conveyance claims upon the expiration of the Estate's ability to pursue them). The April 25 Order specifically states that Debtors' creditors have regained the "right, *if any*, to prosecute their respective state law fraudulent conveyance claims." *Id.* at ¶ 2 (emphasis added). Motion Proponents ignore this critical qualifier in contending that this Court has definitively ruled on whether individual creditors or a Creditors' Trust now have the right to pursue state law fraudulent conveyance claims.

Objection No. 3: There is no reason for the Court to grant the broad relief from Section 362 sought by the Motion. No defendant in any of the 40+ actions now pending has

---

[3] Indeed, the April 25 Order states: "For the avoidance of doubt, by this Order, this Court makes no finding and issues no ruling determining the standing of the Original Plaintiff's Group (or any creditor) to assert the Creditor SLCFC Claims or whether such claims are preempted or otherwise impacted by 11 U.S.C. § 546(e)."

objected to a stay or consolidation of the newly-filed actions. (To our knowledge, service has not even taken place in the actions.) Moreover, movants ask for blanket relief from Section 362 to address any "pleading, motion, application or other paper" that may be served in any litigation that may require a response. Motion at ¶ 13. There is no current need to grant such nebulous relief. Rather, a more appropriate procedure would be to wait until a specific instance arises in which such relief may be appropriate and evaluate such a request on its particular merits at the time it is made.

      WHEREFORE, for all these reasons, Certain Officers and Directors object to the Motion and ask that it be denied without prejudice.

Dated: June 21, 2011      **CONNOLLY BOVE LODGE & HUTZ LLP**

Jeffrey C. Wisler (#2795)
Marc J. Phillips (# 4445)
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE  19899
Telephone: (302) 658-9141
Facsimile: (302) 658-0380
Email: jwisler@cblh.com
      mphillips@cblh.com

John R. McCambridge
George R. Dougherty
GRIPPO & ELDEN LLC
111 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 704-7700
Facsimile: (312) 558-1195
Email: jmccambridge@grippoelden.com
      gdougherty@grippoelden.com

*Attorneys for Certain Officers and Directors*

#4365092v1