# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| TRIBUNE COMPANY, *et al.*,[1] ) | Case No. 08-13141 (KJC) |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | |

**REPLY IN SUPPORT OF MOTION BY DEUTSCHE BANK TRUST COMPANY AMERICAS, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR CERTAIN SERIES OF SENIOR NOTES, LAW DEBENTURE TRUST COMPANY OF NEW YORK, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR CERTAIN SERIES OF SENIOR NOTES AND WILMINGTON TRUST COMPANY IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR THE PHONES NOTES, TO CLARIFY, SUPPLEMENT OR MODIFY THIS COURT'S ORDER ENTERED APRIL 25, 2011 (ECF 8740) IN RESPECT TO STATE LAW CONSTRUCTIVE FRAUDULENT CONVEYANCE SUITS**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); ForumPublishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WCCT Inc., f/k/a WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for certain series of senior notes issued by Tribune Company, Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for certain series of senior notes issued by Tribune Company, and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES notes issued by Tribune Company (collectively, the "Movants"), hereby file this reply (the "Reply") in support of their motion [Dkt. No. 9248] (the "Motion") for entry of an order clarifying, supplementing, or modifying the Court's *Order Granting (I) Relief From the Automatic Stay to the Extent the Automatic Stay Bars Commencement By Creditors of State Law Constructive Fraudulent Conveyance Claims to Recover Stock Redemption Payments Made to Step One Shareholders and Step Two Shareholders and (II) Leave From the Mediation Order to Permit Commencement of Litigation on Account of Such Claims*, dated April 25, 2011 [Dkt. 8740] (the "SLCFC Claims Order") to confirm that neither the automatic stay of Bankruptcy Code section 362 nor the provisions of the SLCFC Claims Order prevent the Movants from (i) moving to consolidate and/or coordinate of the SLCFC Litigations, including by moving for consolidation of the Federal SLCFC Litigations into one MDL proceeding in accordance with 28 U.S.C. § 1407 and (ii) in the event any one or more SLCFC Courts or parties do not agree to stay the litigation of the SLCFC Litigations, filing all appropriate responses in connection with any motions, pleadings, or orders filed in the SLCFC Litigations. In support of this Reply, the Movants respectfully represent as follows:[2]

1. The Court should overrule any and all objections[3] raised in response to the Motion and enter an order, substantially in the form attached hereto as Exhibit A, as the

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

[3] The three objections filed in response to the Motion are: (i) *Certain Officers and Directors' Objections To Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for certain series of senior notes issued by Tribune Company, Law Debenture Trust Company of New York, in its capacity as successor*

arguments raised in each objection (i) are unrelated to the specific relief sought and/or (ii) have been previously overruled by the Court in the SLCFC Order.

The D&O Objection

2. As admitted therein, the D&O Objection largely raises the same arguments that this Court specifically rejected when entering the SLCFC Claims Order on April 25, 2011. To the extent that the D&O Objection is a collateral attack upon the SLCFC Claims Order, it should be rejected out of hand.

3. The D&O Objection also claims that the Movants are seeking "broad relief" by requesting the ability to respond to any motions, pleadings, orders, applications or other papers filed or served in any SLCFC Litigation where a stay of litigation is not enforced. The D&O Objections proposes that Movants return to the Court each and every time they are compelled to respond to any filings in the SLCFC Litigations. This solution is not only unworkable and inefficient but fails to take into account the time sensitivities that will arise in the litigations that are unable to be stayed. If a stay is not granted, the Movants should not be prejudiced by being unable to preserve, prosecute and defend the SLCFC Litigations, which includes responding to a particular filing in the SLCFC Litigation. While it is fully anticipated that all parties and courts in the SLCFC Litigations will adhere to the stay imposed in the SLCFC Claims Order (as

---

*indenture trustee for certain series of senior notes issued by Tribune Company, and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES Notes, Motion To Clarify, Supplement or Modify This Court's Order Entered April 25, 2011 [ECF 8740] in Respect To State Law Constructive Fraudulent Conveyance Suits, dated June 21, 2011 [Dkt. No. 9302] (the " D&O Objection"); (ii) Response of William A. Niese, et al., as State Law Constructive Fraud Claim Plaintiff in Response to Motion By Deutsche Bank Trust Company Americas, et al., For Clarification of This Court's Order Concerning Commencement of State Law Constructive Fraudulent Conveyance Actions, dated June 21, 2011 [Dkt. No. 9297] (the " Niese Response"); and (iii) Objection By the Pennsylvania Public School Employees' Retirement System to the Motion By Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for certain series of senior notes issued by Tribune Company, Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for certain series of senior notes issued by Tribune Company, and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES Notes, To Clarify, Supplement or Modify This Court's Order Entered April 25, 2011 [ECF 8740] in Respect To State Law Constructive Fraudulent Conveyance Suits, dated June 21, 2011 [Dkt. No. 9292] (the "PSERS Objection").*

modified pursuant to the Motion), the Court should not discount the risk that the Movants will need to respond to a particular filing in the SLCFC Litigation to preserve, prosecute and defend the SLCFC Litigations. Accordingly, the Court should also overrule this objection.

The Niese Response

4. The Niese Response raises two substantive issues, arguing that the relief sought in the Motion is inadequate because it (i) fails to seek authorization to coordinate the Movants' state court actions and those actions filed by the Retiree SLCF Plaintiffs, and (ii) fails to seek clarification that the automatic stay sought in the Motion would similarly apply to the Retiree SLCF Plaintiffs actions.

5. Clearly, these two issues raised by the Niese Response are not objections but a request to enlarge the relief sought in the Motion; the Niese Response neither disputes the validity nor prudence of the relief sought.

The PSERS Objection

6. The PSERS Objection relates to its attempt to preserve the right "to seek dismissal of the complaint on any relevant grounds, without incurring the additional time and expense of litigating such threshold issues, much later, in a potentially inconvenient forum, in the event the case is transferred pursuant to an order of the JPMDL." The Movants submit that the protection sought by PSERS through its objection is not implicated by the relief requested in the instant Motion. The Motion only seeks to clarify the SLCFC Claims Order to permit the Movants to seek to consolidate the fraudulent conveyance litigation before the JPMDL. Instead, PSERS can raise these objections when the circumstances arise before the Pennsylvania District Court where the action is currently pending. Because the PSERS Objection is not ripe at this time, it should be overruled.

The Relief Requested in the Motion is Warranted

7.      As argued in the Motion, the consolidation of the SLCFC Litigations is in the best interests of the Debtors and their estates as any discovery requests that the parties will no doubt seek to serve on the Debtors in connection with the SLCFC Claims will be consolidated and emanate from a single forum.  Accordingly, the Movants believe that consolidation of the SLCFC Litigations pursuant to the MDL procedures is appropriate and will serve to benefit all parties in interest.  Also, it is prudent for the Court, prior to the occurrence of any complications, to authorize the Movants to take all appropriate actions in response to any motions, pleadings, orders, applications or other papers filed or served in any SLCFC Litigation where a stay of litigation is not enforced.

8.      Finally, it must be noted that Defendants JP Morgan Securities LLC, JPMorgan Clearing Corp., JPMorgan Chase Bank, N.A., Citicorp North America, Inc., Citigroup Global Markets Inc., Merrill Lynch Capital Corporation, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Merrill Lynch & Co. Inc. and their affiliates, Bank of America, N.A. and Banc of America Securities LLC (collectively, the "Supporting Defendants") all support the relief requested in the Motion as stated in the *Certain State Law Constructive Fraudulent Conveyance Defendants' (1) Response to the Motion of Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for certain series of senior notes, et al., To Clarify, Supplement or Modify This Court's Order Entered April 25, 2011 and (2) Cross-Motion For Related Relief With Respect To State Law Constructive Fraudulent Conveyance Suits*, dated June 21, 2011 [Dkt No. 9293] (the "Supporting Defendants Response").  In fact, the Supporting Defendants agree that it is in the best interest of all parties to permit the Movants to seek MDL

treatment of the SLCFC Litigations. The Movants do not take a position with respect to the remaining issues addressed in the Supporting Defendants Response.

WHEREFORE, the Movants respectfully request that the Bankruptcy Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, (1) confirming that neither the automatic stay of Bankruptcy Code section 362 nor the provisions of the SLCFC Claims Order prevent the Movants from (i) moving to consolidate and/or coordinate of the Federal SLCFC Litigations, including by moving for consolidation of the Federal SLCFC Litigations into one MDL proceeding in accordance with 28 U.S.C. § 1407 and (ii) in the event any one or more courts or parties do not implement and/or abide by the stay of the SLCFC Litigations, taking all appropriate actions in response to any order, pleading, motion, application, or other paper filed or served in the SLCFC Litigations and (2) granting the Movants any such other relief as the Court may deem just, proper and equitable.

Dated: June 13, 2011

| | |
|---|---|
| McCARTER & ENGLISH, LLP<br>David J. Adler<br>245 Park Avenue<br>New York, NY 10167<br>212-609-6800 | McCARTER & ENGLISH, LLP<br><br>*/s/ Katherine L. Mayer*<br>Katharine L. Mayer (I.D. No. 3758)<br>Renaissance Centre<br>405 N. King Street<br>Wilmington, DE 19801<br>302-984-6300 |

*Counsel for Deutsche Bank Trust Company Americas, solely in its capacity as successor Indenture Trustee for certain series of Senior Notes*

7

| | |
|---|---|
| KASOWITZ, BENSON, TORRES & FRIEDMAN LLP | BIFFERATO GENTILOTTI LLC |
| David S. Rosner | */s/ Garvan F. McDaniel* |
| Sheron Korpus | Garvan F. McDaniel (I.D. No. 4167) |
| Christine A. Montenegro | 800 N. King Street, Plaza Level |
| 1633 Broadway | Wilmington, Delaware 19801 |
| New York, New York 10019 | Tel: (302) 429-1900 |
| Tel: (212) 506-1700 | Fax: (302) 429-8600 |
| Fax: (212) 506-1800 | |

*Counsel for Law Debenture Trust Company of New York, solely in its capacity as successor Indenture Trustee for certain series of Senior Notes*

8

| | |
|---|---|
| BROWN RUDNICK LLP<br>Robert J. Stark<br>Martin S. Siegel<br>Gordon Z. Novod<br>Seven Times Square<br>New York, NY 10036<br>212-209-4800 | SULLIVAN HAZELTINE ALLINSON LLC<br>*/s/ William D. Sullivan*<br>William D. Sullivan (I.D. No. 2820)<br>Elihu E. Allinson, III (I.D. No. 3476)<br>901 N. Market Street, Suite 1300<br>Wilmington, DE 19801<br>302-428-8191 |

*Counsel for Wilmington Trust Company, solely in its capacity as successor Indenture Trustee for the PHONES Notes*