# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, *et al.*,[1]<br><br>Debtors. | Chapter 11<br>Case No. 08-13141 (KJC)<br>Jointly Administered |

**ORDER GRANTING MOTION BY DEUTSCHE BANK TRUST COMPANY AMERICAS, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR CERTAIN SERIES OF SENIOR NOTES, LAW DEBENTURE TRUST COMPANY OF NEW YORK, IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR CERTAIN SERIES OF SENIOR NOTES AND WILMINGTON TRUST COMPANY IN ITS CAPACITY AS SUCCESSOR INDENTURE TRUSTEE FOR THE PHONES NOTES, TO CLARIFY, SUPPLEMENT OR MODIFY THIS COURT'S ORDER ENTERED APRIL 25, 2011 (ECF 8740) IN RESPECT TO STATE LAW CONSTRUCTIVE FRAUDULENT CONVEYANCE SUITS**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); ForumPublishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WCCT Inc., f/k/a WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Upon consideration of the motion (the "<u>Motion</u>")[2] dated June 14, 2011 of Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for certain series of senior notes issued by Tribune Company, Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for certain series of senior notes issued by Tribune Company, and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES notes issued by Tribune Company (collectively, the "<u>Movants</u>"), for entry of an order clarifying, supplementing, or modifying the Court's *Order Granting (I) Relief From the Automatic Stay to the Extent the Automatic Stay Bars Commencement By Creditors of State Law Constructive Fraudulent Conveyance Claims to Recover Stock Redemption Payments Made to Step One Shareholders and Step Two Shareholders and (II) Leave From the Mediation Order to Permit Commencement of Litigation on Account of Such Claims*, dated April 25, 2011 [Dkt. 8740] (the "<u>SLCFC Claims Order</u>") to confirm that neither the automatic stay of Bankruptcy Code section 362 nor the provisions of the SLCFC Claims Order prevent the Movants from (i) moving to consolidate and/or coordinate of the SLCFC Litigations, including by moving for consolidation of the Federal SLCFC Litigations into one MDL proceeding in accordance with 28 U.S.C. § 1407 and (ii) in the event any one or more SLCFC Courts or parties do not agree to stay the litigation of the SLCFC Litigations, filing all appropriate responses in connection with any motions, pleadings, or orders filed in the SLCFC Litigations; and it appearing that good and sufficient notice of the Motion was given and that no other or further notice is necessary; and the Court having considered the Motion at a hearing on June 28, 2011 (the "<u>Hearing</u>"); and the Court having overruled the objections for the reasons stated at the Hearing; and after due deliberation and it appearing sufficient cause exists for granting the requested relief, it is therefore

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

ORDERED, ADJUDGED AND DECREED that:

1. The Motion is GRANTED to the extent set forth herein.

2. To the extent the SLCFC Claims Order or the automatic stay of 11 U.S.C. § 362(a) is interpreted to stay any motion to consolidate and/or coordinate the various actions concerning the SLCFC Claims, including by moving for consolidation of the SLCFC Litigations into one MDL proceeding in accordance with 28 U.S.C. § 1407, the SLCFC Claims Order is hereby amended to provide that the Movants are authorized to move to consolidate and/or coordinate the SLCFC Litigations and any other litigation concerning the SLCFC Claims, including by moving for consolidation of the SLCFC Litigations into one MDL proceeding in accordance with 28 U.S.C. § 1407.

3. Further, in the event that any one or more SLCFC Courts or parties do not agree to stay the litigation of the SLCFC Litigations or any other litigation concerning the SLCFC Claims, despite efforts to enforce the stay, the SLCFC Claims Order is hereby amended to provide that the Movants and any other plaintiff asserting SLCFC Claims are authorized to take all appropriate actions in response to any motions, pleadings, orders, applications or other papers filed or served in any action concerning the SLCFC Claims where a stay of litigation is not enforced.

4. Nothing in the Order shall prejudice or impair any claims or defenses of any defendant in any proceeding in respect of a SLCFC Claim or any objection to any plan of reorganization currently before this Court.

4

5. This Court shall, except with respect to the prosecution of the SLCFC Claims, retain exclusive jurisdiction to hear and decide any and all disputes relating to or arising from this Order.

Dated: _____, 2011
      Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
Chief United States Bankruptcy Judge