# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br>Local Rule 2016 Waiver Requested<br>Hearing Date: July 26, 2011 at 1:00 p.m. ET<br>Objection Deadline: July 14, 2011 at 4:00 p.m. ET |

## APPLICATION OF CORPORATE TAX MANAGEMENT INC. FOR ALLOWANCE AND PAYMENT OF COMPENSATION FOR SERVICES RENDERED AS ORDINARY COURSE PROFESSIONAL TO LOS ANGELES TIMES COMMUNICATIONS, LLC AND SEEKING LIMITED WAIVERS OF COMPLIANCE WITH (I) THIS COURT'S INTERIM COMPENSATION ORDER AND FEE EXAMINER ORDER AND (II) DEL. BANKR. L.R. 2016-2(d) IN ACCORDANCE WITH DEL. BANKR. L.R. 2016-2(g)

Corporate Tax Management, Inc. ("CTMI"), state and local tax advisors for Los Angeles Times Communications, LLC ("Los Angeles Times"), one of the affiliated companies

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

that filed voluntary petitions for relief in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully submits this application (the "Application"), pursuant to (i) sections 327, 331, and 503 of title 11 of the United States Code (the "Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (iv) the Order Authorizing the Debtors to Retain, Employ, and Compensation Certain Professionals Utilized by the Debtors in the Ordinary Course of Business (D.I. 227) (the "OCP Order"), (v) the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (D.I. 225) (the "Interim Compensation Order"), as amended, and (vi) the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications (D.I. 546) (the "Fee Examiner Order") for (a) the allowance of fees in the aggregate amount of $395,383.66 relating to personal property tax recoveries approved by the Los Angeles County Assessment Appeals Board, (b) a limited waiver of the procedures for the approval and payment of professional compensation and consideration of fee applications set forth in the Interim Compensation Order and the Fee Examiner Order with respect to this Application (as discussed at paragraph 18, infra), and (c) a waiver of the informational requirements of Local Rule 2016-2(d) as provided by Local Rule 2016-2(g). In support of the Application, CTMI respectfully states as follows:

## BACKGROUND OF THE CASES

1. On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 111 entities.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). (D.I. 43, 2333.)

3. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee").

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 327, 331, and 503 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-2 of the Local Rules.

## PROCEDURAL BACKGROUND FOR THE APPLICATION

6. On December 26, 2008, the Debtors filed the Motion for an Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

the Debtors in the Ordinary Course of Business Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code (D.I. 148) (the "OCP Motion"). In the OCP Motion, the Debtors sought approval of this Court to employ and retain the Ordinary Course Professionals[3] to provide services to the Debtors as necessary for the day-to-day operations of the Debtors' businesses on terms substantially similar to those in effect prior to the Petition Date. Exhibit A to the OCP Motion contained a list of such Ordinary Course Professionals sought to be retained by the Debtors, including CTMI.[4] On January 15, 2009, this Court granted the OCP Order approving procedures for the employment, retention, and compensation of the Ordinary Course Professionals. (D.I. 227.)

7. Retention and compensation of the Ordinary Course Professionals is subject to the terms and conditions described in the OCP Order, including a Monthly Cap on the fees permitted to be paid to such Ordinary Course Professionals, per month on average over a rolling three-month period for Monthly Caps that are less than $50,000 per month, or a rolling two-month period for Monthly Caps of $50,000 per month. Expenses are not considered for the purpose of calculating the applicable Monthly Cap. CTMI was retained by the Debtors with respect to personal property tax audit support matters in the ordinary course of business, with a Monthly Cap of $15,000.

8. The OCP Order provides that in the event the fees incurred and invoiced by any Ordinary Course Professional exceed the applicable Monthly Cap, such Ordinary Course Professional shall be required to seek the Court's approval of all fees invoiced for the relevant

---

[3] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the OCP Motion and OCP Order.

[4] Exhibit A to the OCP Motion has been subsequently supplemented and amended by the Debtors on numerous occasions to add additional Ordinary Course Professionals or to seek increases to the Monthly Cap applicable to certain existing Ordinary Course Professionals. (See D.I. 544, 877, 1086, 1756, 1826, 1887, 2283, 2412, 2865, 3222, 3861, 4214, 4607, 4614, 4845, 5395, 5846, 7236, 7545, 7820, 8310, and 8788.)

months in accordance with the procedures set forth in the Interim Compensation Order and the Fee Examiner Order.

## BACKGROUND CONCERNING THE RELIEF REQUESTED

9. The Los Angeles Times retained CTMI as an Ordinary Course Professional on the same terms as set forth in the parties' existing service agreements, as the same may be modified from time to time, pursuant to which CTMI serves as agent to the Los Angeles Times in connection with all negotiations with the taxing authorities in Los Angeles County and Orange County, California, to achieve possible reductions and/or refunds in the Los Angeles Times' personal property taxes. Pursuant to the service agreements relating to the services for which compensation is sought herein dated January 26, 2005, May 2, 2006, January 16, 2007 and December 20, 2007, copies of which are attached hereto as Exhibit A, CTMI agreed to represent the Los Angeles Times in connection with personal property tax audit support for the tax years 2005-2008, at a contingency fee of 25% of any tax savings generated. The Los Angeles Times and CTMI agreed that fees incurred by CTMI in connection with providing such audit support would be payable only upon the actual receipt by the Los Angeles Times of any refunds obtained for its benefit by CTMI.

10. CTMI specializes in providing state and local tax consulting services to corporate clients. The firm offers property tax consulting, encompassing fair market valuations, audit defense and compliance returns. The personal property audit service entails analysis of the client's compliance returns, asset records, balance sheet and tax payments made over the audit period. CTMI validated that only taxable personal property assets are returned for property taxation each year of the audit and that the Assessor's Office has properly valued the assets based on the California statutes, regulations, and current appraisal standards in affect during the

audit period. In California, CTMI must resolve personal property audits through three separate agencies: (i) the Los Angeles County Assessor's Office, (ii) the Los Angeles County Auditor-Controller's Office and (iii) the Los Angeles County Assessment Board.

        11.     Beginning in June 2009, CTMI provided personal property tax audit support services to the Los Angeles Times in connection with Los Angeles County's audit of tax years 2001-2008. CTMI analyzed the Los Angeles Times's property tax returns, asset records, balance sheets and audit findings for the period January 1, 2005 through January 1, 2008. As part of this process, Gary Sneed and Mary Evans, professionals at CTMI, engaged in a complete analysis of the methodology used by the Los Angeles County Assessor's office to value the Los Angeles Times's printing presses and other press-related equipment. In Mr. Sneed's professional judgment, the Assessor's Office had not used the appropriate valuation methodologies for the press and press-related equipment, in that the Assessor's Office used over-stated inflation factors, relied upon incorrect depreciation figures, and accounted only for physical depreciation, not operating obsolescence. Mr. Sneed also determined that the Assessor's Office used an incorrect starting point in the cost approach valuation of the press equipment.

        12.     Following this review and analysis, CTMI prepared and filed schedules and supporting documentation with the Los Angeles County Auditor's Office and the Los Angeles County Assessor's Office in support of a claim for overvaluation of the press and press-related equipment and the overtaxation of the related equipment. CTMI provided documentation based on standard industry appraisal practice and California property tax statutes and regulations to support its professional opinion that the County's appraisal of the press and the press-related equipment was overvalued by $139.1 million. As a result of over two years of effort by CTMI, the Los Angeles County Assessment Appeals Board approved a joint recommendation from the

Assessor's Office and CTMI for a refund of approximately $1,581,534 (including interest) based on the overvaluation of the press and press-related equipment of $120.7 million and the decision voided $1,041,555 in taxes, for a total savings of $2,623,089. The Board approved the request without objection in November 2010. Without the substantial efforts of CTMI expended over the course of two years to defend an audit covering two printing plants, Los Angeles Times' downtown headquarters, multiple parcels of real property, and four taxation years, the Los Angeles Times would not have the benefit of this refund.

13. Since February 2011, Los Angeles County has remitted $1,581,534 (including interest) to the Los Angeles Times. In accordance with the parties' contract, CTMI submitted two invoices to the Los Angeles Times for its 25% contingency fee payable for professional services rendered in connection with obtaining this portion of the refund, in the aggregate amount of $395,383.66.[5] Copies of both invoices are attached hereto as Exhibit B. As this matter was billed on a contingency basis, no detailed time records were created.

14. The professional fees of CTMI that were invoiced to the Debtors in April and June 2011 total $395,383.66 and thus exceed CTMI's applicable Monthly Cap of $15,000 on a rolling three-month basis. Accordingly, by this Application, CTMI seeks this Court's allowance of such fees.

## RELIEF REQUESTED

15. By this Application, CTMI seeks the allowance of fees in the amount of $395,383.66 for services invoiced to the Debtors during April and June 2011. Additionally, CTMI requests a limited waiver of the procedures for the approval and payment of professional

---

[5] CTMI has agreed to discount the audit support fee by charging a contingency fee of 25% of total refunds (including interest) actually received by the Los Angeles Times (anticipated to be $1,581,534) rather than the 25% contingency fee on the total savings achieved ($2,623,089) as called for by the parties' contract. This reduces the total audit support fee from $655,771 to $395,383 a savings to the Los Angeles Times in the amount of $260,388.

compensation and consideration of fee applications set forth in the Interim Compensation Order and the Fee Examiner Order with respect to this Application. Finally, CTMI requests a waiver of the informational requirements of Local Rule 2016-2(d) based on the contingency fee nature of the compensation sought by this Application.

## BASIS FOR RELIEF REQUESTED

16. The retention agreement between CTMI and the Los Angeles Times for this matter provides for fees to be assessed on a contingency basis. Because of this fee arrangement CTMI earned a relatively large (though discounted), lump-sum fee. The fee that CTMI earned in this matter will be paid from cash proceeds that the Los Angeles Times would not have received absent CTMI contesting past tax assessments. As the fee is a one-time percentage of newly-recovered income, the net effect is that the Debtors have significantly more cash than before CTMI undertook its efforts – even after paying CTMI's fee. Furthermore, CTMI has given the Los Angeles Times a significant discount on the previously agreed-upon fees. However, because of this large tax refund, the Los Angeles Times owes a one-time payment to CTMI over and above the applicable Monthly Cap, which is based on hourly work completed by CTMI on behalf of the Los Angeles Times. CTMI contends that the services rendered have been fair and reasonable and well within the range of fees that would be charged by tax professionals for matters of this type. CTMI submits that the Debtors' estates have benefitted from the services that CTMI has provided to the Los Angeles Times with respect to the California tax matters.

### Request for Limited Waiver of Interim Compensation Procedures

17. In the past, this Court has granted limited waivers of the otherwise-applicable procedures for compensation and reimbursement of expenses for professionals and

consideration of fee applications set forth in this Court's Interim Compensation Order and Fee Examiner Order with respect to fee applications submitted by the Debtors' Ordinary Course Professionals.[6] CTMI respectfully submits that good cause similarly exists for the Court to grant a limited waiver from such procedures to reduce the additional costs and delay of obtaining approval and payment of such amounts, solely for the purpose of permitting the Debtors to pay CTMI the full amount of the fees that are currently due, and which may become due in the future solely with respect to the fees for which allowance is sought herein, rather than requiring CTMI to seek approval of its fee on an interim basis subject to a 20% holdback and to seek the Court's allowance of such fees on a quarterly basis to the Fee Examiner's review and report. CTMI understands that it may be several additional months before this Court will consider professionals' fee applications for the period covered by this Application. In the alternative, CTMI requests that the Court consider this Application at the next hearing scheduled for the consideration of interim fee applications.

### Request for Limited Waiver of Local Rule 2016-2(d)

18.     Local Rule 2016-2(d) requires retained professionals to submit detailed time entries that set forth, among other things: a detailed description of each activity performed, the amount of time spent on the activity (in tenth of an hour increments), the subject matter of the activity, and the parties involved with the activity at issue. However, Local Rule 2016-2(g) allows a professional to request a waiver of the requirements of Local Rule 2016-2, for cause.

---

[6] See, e.g., Order Allowing Compensation and Reimbursement of Expenses to SNR Denton US LLP for Services Rendered as Ordinary Course Counsel to the Debtors During the Period From July 1, 2010 through August 31, 2010 (D.I. 8704); Order Allowing Compensation and Reimbursement of Expenses to Hunton & Williams LLP for Services Rendered as Ordinary Course Counsel to the Debtors for Certain Litigation Matters During the Prior From May 1, 2010 through July 31, 2010 (D.I. 7454); Order Allowing Compensation and Reimbursement of Expenses to Davis Wright Tremaine LLP for Services Rendered as Ordinary Course Counsel to the Debtors During the Period From March 1, 2010 through June 30, 2010 (D.I. 6567).

This Court has granted a waiver of Local Rule 2016-2(d) with respect to contingency fees sought by CTMI for services rendered to the Los Angeles Times in the past, and CTMI respectfully submits that similar cause exists in these circumstances.[7]

19. Specifically, CTMI submits that the requirements of Local Rule 2016-2(d) should be tailored to the nature of CTMI's engagement and its compensation structure. As the parties' agreement calls for a contingency payment to CTMI, CTMI did not keep detailed hourly records and the invoices therefore only reflect the percentage payment owed to CTMI from recovered revenue. In addition, as the parties' agreement has no provision for expenses, CTMI is not charging the Debtors for any expenses incurred. This arrangement is consistent with CTMI's retention agreement with the Los Angeles Times for this matter, general market practice, and the Bankruptcy Court's past approval of the retention of CTMI. For these reasons, CTMI requests a limited waiver of the informational requirements of Local Rule 2016-2(d).

### Payment from Debtors; No Sharing of Compensation

20. CTMI has received no payment and no promises of payment from any source other than the Debtors for services rendered as an Ordinary Course Professional to the Debtors in these chapter 11 cases. There is no agreement between CTMI and any other party for the sharing of compensation to be received for the services rendered by CTMI to the Debtors. All professional and paraprofessional services for which compensation is sought herein were rendered solely for or on behalf of the Debtors.

---

[7] See Order Allowing Compensation to Corporate Tax Management, Inc. for Services Rendered as Tax Advisors to Debtor Los Angeles Times Communication LLC in the Ordinary Course of Business (D.I. 3807).

## REVIEW OF APPLICABLE LOCAL RULE

21.     The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies (subject to a granting of the waivers requested herein) with the requirements of Local Rule 2016-2.

22.     The undersigned further certifies that the Debtors have had an opportunity to review this Application before it was filed with the Court.

## NO PRIOR REQUEST

23.     No previous application with respect to the relief requested herein has been made to this or any other Court.

WHEREFORE, after appropriate notice and hearing, CTMI respectfully requests the Court enter an order (i) allowing fees in the aggregate amount of $395,383.66 for services rendered to the Los Angeles Times that were invoiced during April and June 2011; (ii) waiving the procedures for compensation and reimbursement of expenses for professionals and consideration of fee applications set forth in this Court's Interim Compensation Order and Fee Examiner Order with respect to this Application to the extent indicated herein; (iii) waiving the informational requirements of Local Rule 2016-2(d) as disclosed herein; and (iv) granting such further relief as is just and proper.

Dated: June 24, 2011

Respectfully submitted,

_____
By: R. Gary Sneed
CORPORATE TAX MANAGEMENT, INC.
9001 Airport Freeway, Suite 700
Fort Worth, TX 76180
Telephone: 817-576-5014
Facsimile: 817-576-5015