# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Related to Docket No. 9338** |

## NOTICE OF AMENDED[2] AGENDA OF MATTERS
## SCHEDULED FOR HEARING ON JUNE 28, 2011 AT 10:00 A.M.
## BEFORE THE HONORABLE KEVIN J. CAREY

Any party who wishes to participate in the hearing via telephone must contact
CourtCall by telephone (866-582-6878) or by facsimile (866-533-2946)
no later than 12:00 p.m. one business day prior to the hearing.

## WITHDRAWN MATTERS

1.  Motion of Wilmington Trust Company for Authorization to Seal Portions of its
    Supplemental Proposed Findings of Fact and Conclusions of Law (Filed June 3, 2011)
    (Docket No. 9060)

    Objection Deadline: June 21, 2011 at 4:00 p.m.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] **Amendments appear in bold print.**

Responses Received: None.

Related Documents:

> (a)    Notice of Withdrawal of Docket No. 9060 (Filed June 22, 2011) (Docket No. 9311)

Status:    Movant has withdrawn the Motion.  This matter is moot and will, therefore, not be going forward.

## ORDER ENTERED

2.    Motion of Aurelius Capital Management, LP for Authorization to File Certain Portions of Post-Trial Brief Under Seal (Filed May 12, 2011) (Docket No. 8908)

Objection Deadline:  May 31, 2011 at 4:00 p.m.

Responses Received: None.

Related Documents:

> (a)    Certificate of No Objection and Certification of Counsel Regarding Revised Proposed Order Granting Motion of Aurelius Capital Management, LP for Authorization to File Certain Portions of Post-Trial Brief Under Seal (Filed June 21, 2011) (Docket No. 9300)

> (a)    Order Granting Motion of Aurelius Capital Management, LP for Authorization to File Certain Portions of Post-Trial Brief Under Seal (Entered June 24, 2011) (Docket No. 9337)

Status:    The Court entered an Order granting the Motion.  This matter will not be going forward.

3.    Certain State Law Constructive Fraudulent Conveyance Defendants' Motion Pursuant to Del. Bankr. L.P. 9006-1(e) for an Order Shortening Time for Notice of the Hearing to Consider the Cross-Motion of Certain State Law Constructive Fraudulent Conveyance Defendants to Clarify, Supplement or Modify this Court's Order Entered April 25, 2011 (Filed June 21, 2011) (Docket No. 9294)

Objection Deadline:  June 27, 2011 at 12:00 p.m.

Responses Received: None.

Related Documents:

(a)     Certain State Law Constructive Fraudulent Conveyance Defendants
        (1) Response to the Motion of Deutsche Bank Trust Company Americas,
        in its Capacity as Successor Indenture Trustee for Certain Series of Senior
        Notes, et al. to Clarify, Supplement or Modify this Court's Order Entered
        April 25, 2011 and (2) Cross-Motion for Related Relief with Respect to
        State Law Constructive Fraudulent Conveyance Suits (Filed June 21,
        2011) (Docket No. 9293)

(b)     Order Shortening Notice and Objection Periods and Scheduling a Hearing
        on Shortened Notice for Cross-Motion of Certain State Law Constructive
        Fraudulent Conveyance Defendants to Clarify, Supplement or Modify
        This Court's Order Entered April 25, 2011 (Entered June 22, 2011)
        (Docket No. 9309)

Status:     The Court entered an Order granting the Motion to Shorten.  This matter
            will not be going forward.

## CONTINUED MATTERS

4.     Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section
       502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-
       1 (Filed November 13, 2009) (Docket No. 2561)

Response Deadline:  December 8, 2009 at 4:00 p.m.

Responses Received:

(a)     Response by Robby S. Wells to Debtors' Tenth Omnibus (Non-
        Substantive) Objection to Claims (Filed December 4, 2009) (Docket No.
        2744)

(b)     Letter from Robert Wells with copy of Hauling Agreement (Received
        February 17, 2011) (TBD)

(c)     Informal Response received from GE Capital Fleet Services

Related Documents:

(a)     Notice of Submission of Proofs of Claim Regarding Debtors' Tenth
        Omnibus (Non-Substantive) Objection to Claims Pursuant to Section
        502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and
        Local Rule 3007-1 (Filed December 1, 2009) (Docket No. 2685)

(b)     Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to
        Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy
        Rules 3003 and 3007, and Local Rule 3007-1 (Entered January 5, 2010)
        (Docket No. 3011)

(c)     Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims as Relates to Claim No. 5606 of Personal Plus, Inc. Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered February 24, 2010) (Docket No. 3526)

(d)     Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims as Relates to Claim No. Claim No. 1332 of Karolyn Walker Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered December 22, 2010) (Docket No. 7274)

Status:     The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection, and with respect to Claim No. 5606 of Personal Plus, Inc. and Claim No. 1332 of Karolyn M. Walker.  The Objection was withdrawn with respect to Claim No. 501 of Chris Parker and Claim No. 2998 of Marc Silver.  The hearing on the Objection is adjourned to the July 26, 2011 hearing as to the claims of GE Capital Fleet Services and Robby S. Wells.  This matter will not be going forward.

5.     Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed April 16, 2010) (Docket No. 4091)

Response Deadline:  May 11, 2010 at 4:00 p.m.

Responses Received:

(a)     Response by Marbury L. von Briesen (Filed May 12, 2010) (Docket No. 4349)

(b)     Response by Herbert E. Eye (Filed May 12, 2010) (Docket No. 4350)

(c)     Response by Herbert E. Eye (Filed May 14, 2010) (Docket No. 4394)

(d)     Supplemental Response by Marbury L. von Briesen (Filed July 15, 2010) (Docket No. 5016)

Related Documents:

(b)     Notice of Submission of Proofs of Claim Regarding Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed May 4, 2010) (Docket No. 4230)

(c)     Order Sustaining Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered May 14, 2010) (Docket No. 4406)

4

(d)     Order Approving (I) Stipulation Between the Debtors and CNN
        Newsource Sales, Inc. Regarding Allowance of Claims and (II) Partial
        Withdrawal of Debtors' Twenty-Fourth Omnibus (Substantive) Objection
        to Claims as It Relates to Claim No. 4863 of CNN Newsource Sales, Inc.
        (Entered October 28, 2010) (Docket No. 6158)

(e)     Order Approving Stipulation Between Certain of the Debtors and Oracle
        Corporation Oracle America, Inc., as Successor-By-Merger to Sun
        Microsystems, Inc., Regarding (I) Resolution of Debtors' Twenty-Fourth
        Omnibus (Substantive) Objection to Claims as it Relates to the Claims of
        Oracle and (II) Allowance of Certain Prepetition Claims of Oracle
        (Entered November 23, 2010) (Docket No. 6593)

(f)     Order Partially Sustaining Debtors' Twenty-Fourth Omnibus (Substantive)
        Objection to Claims as it Relates to the Claim of Terry Godbey (Entered
        May 25, 2011) (Docket No. 8988)

Status:     The Court entered an Order sustaining the Objection with respect to all
            claimants who did not contest or otherwise respond to the Objection and
            Orders resolving Claim No. 4863 of CNN Newsource Sales, Inc. and
            Claim No. 3672 of Terry Godbey  The Objection was withdrawn as to the
            claims of 9090 Enterprises and Spanlink Communications.  An evidentiary
            hearing will be scheduled on the claim of Maureen Dombeck.  This matter
            is adjourned to the July 26, 2011 hearing as to the claims of Marbury von
            Briesen and Herbert Eye.  This matter will not be going forward.

6.      Debtors' Twenty-Seventh Omnibus Objection (Non-Substantive) to Claims Pursuant to
        Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local
        Rule 3007-1 (Filed May 17, 2010) (Docket No. 4441)

        Response Deadline: June 9, 2010 at 4:00 p.m.

        Responses Received:

        (a)     Response by Marcia Willette (Filed June 8, 2010) (Docket No. 4721)

        Related Documents:

        (a)     Order Sustaining Debtors' Twenty-Seventh Omnibus (Non-Substantive)
                Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code,
                Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered
                June 14, 2010) (Docket No. 4774)

        (b)     Order Sustaining in Part Debtors' Twenty-Seventh Omnibus Objection
                (Non-Substantive) to Claims as it Relates to Claim No. 5785 of Cawley
                Chicago Portfolio, LLC (Entered July 19, 2010) (Docket No. 5071)

Status:    The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection and an Order with respect to the claim of Cawley Chicago Portfolio, LLC. The Objection was withdrawn as to the claims of the United States Environmental Protection Agency and Annapolis West Limited Partnership. The Debtors and Marcia Willette have reached a resolution of the Objection as it relates to Claim No. 6160 filed by Marcia Willette as Guardian for Zachary Mitzkovitz and intend to file a stipulation documenting that agreement for the Court's approval prior to the next hearing date scheduled for this matter. This matter is adjourned to the July 26, 2011 hearing. This matter will not be going forward.

7.    Debtors' Thirty-Third Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed July 19, 2010) (Docket No. 5081)

Response Deadline: August 12, 2010 at 4:00 p.m.

Responses Received:

   (a)    Informal response received from Albert Togut, Chapter 7 Trustee of PLVTZ, Inc. (Received August 3, 2010)

   (b)    Informal response received from the City of Chicago Department of Revenue (Received August 10, 2010)

Related Documents:

   (a)    Notice of Submission of Proofs of Claim Regarding Debtors' Thirty-Third Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed August 5, 2010) (Docket No. 5266)

   (b)    Order Partially Sustaining Debtors' Thirty-Third Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed August 19, 2010) (Docket No. 5434)

Status:    The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection and an Order with respect to the claim of the City of West Hollywood. The hearing on the Objection is adjourned to the July 26, 2011 hearing as to Claim No. 6344 of Albert Togut, Chapter 7 Trustee of PLVTZ, Inc. and as to Claim No. 728 of the City of Chicago. This matter will not be going forward.

46429/0001-7633670v2

8.      Motion of Steven Gellman to Allow Proof of Claim (Filed February 9, 2011) (Docket No. 7876)

Objection Deadline:  February 22, 2011 at 4:00 p.m.
On consent of the parties, the Objection Deadline was extended to 4:00 p.m. on February 24, 2011 for the Debtors and the Official Committee of Unsecured Creditors.

Responses Received:

(a)     Debtors' Objection to Motion of Steven Gellman to Allow Proof of Claim [D.I. 7876] (Filed February 24, 2011) (Docket No. 8125)

(b)     Joinder of the Official Committee of Unsecured Creditors to Debtors' Objection to Motion of Steven Gellman to Allow Proof of Claim (Filed February 24, 2011) (Docket No. 8126)

Related Documents:

(a)     Declaration of Steven Gellman in Support of his Motion to Allow Claim (Filed February 25, 2011) (Docket No. 8136)

Status:         On consent of the parties, this matter is adjourned to the July 26, 2011 hearing.  This matter will not be going forward.

9.      Debtors' Forty-Second Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed February 18, 2011) (Docket No. 8065)

Response Deadline:  March 15, 2011 at 4:00 p.m.

Responses Received:

(a)     Carol Walker's Response to Debtors' Forty-Second Omnibus Objection to Claim (Filed March 9, 2011) (Docket No. 8325)

(b)     Informal response by Broadspire Services [Claim No. 5335] (Received March 4, 2011)

(c)     Software AG's Response to Debtor's Forty-Second Omnibus Claims Objection (Filed March 21, 2011) (Docket No. 8471)

(d)     Carol Walker's Response to Debtors' Forty-Second Omnibus Objection to Claim (Filed April 12, 2011) (Docket No. 8623)

Related Documents:

    (a)    Notice of Submission of Proofs of Claim Regarding Debtors' Forty-Second Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed March 8, 2011) (Docket No. 8289)

    (b)    Order Partially Sustaining Debtors' Forty-Second Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered March 30, 2011) (Docket No. 8523)

Status:    The Court entered an Order partially sustaining the Objection with respect to all of those claimants who did not respond or otherwise contest the Objection. This matter is adjourned to the July 26, 2011 hearing solely with respect to: (a) Claim No. 5335 of Broadspire Services, Inc.; (b) Claim No. 5283 of Contrarian Funds, LLC (Software AG); and (c) Claim No. 6601 of Carol Walker. This matter will not be going forward.

10.    Motion of Jewel Food Stores, Inc., Albertson's, LLC, New Albertson's, Inc., and Supervalu, Inc. to Allow Late Filed Claim and for Relief from Automatic Stay (Filed May 16, 2011) (Docket No. 8917)

Objection Deadline: June 9, 2011 at 4:00 p.m.

Responses Received:

    (a)    Debtors' Objection to the Motion of Jewel Food Stores, Inc., Albertson's, LLC, New Albertson's, Inc., and Supervalu, Inc. to Allow Late Filed Claim and for Relief from the Automatic Stay (Filed June 9, 2011) (Docket No. 9215)

    (b)    Joinder of the Official Committee of Unsecured Creditors to the Debtors' Objection to the Motion of Jewel Food Stores, Inc., Albertson's, LLC, New Albertson's, Inc., and Supervalu, Inc. to Allow Late Filed Claim and for Relief from the Automatic Stay (Filed June 9, 2011) (Docket No. 9216)

Status:    The parties have reached a settlement in principle subject to documentation. This matter is adjourned to the July 26, 2011 hearing. This matter will not be going forward.

## CERTIFICATIONS OF NO OBJECTION / CERTIFICATIONS OF COUNSEL

11.   Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed July 19, 2010) (Docket No. 5083)

Response Deadline: August 12, 2010 at 4:00 p.m.

Responses Received:

    (a)   Response by EMC Corporation (Filed August 12, 2010) (Docket No. 5360)

Related Documents:

    (a)   Notice of Amendment to Exhibit D to Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed July 23, 2010) (Docket No. 5110)

    (b)   Notice of Submission of Proofs of Claim Regarding Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed August 5, 2010) (Docket No. 5267)

    (c)   Order Partially Sustaining Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered August 19, 2010) (Docket No. 5435)

    (d)   Order Partially Sustaining Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Claims as it Relates to Claim No. 810 of Google, Inc. (Entered November 1, 2010) (Docket No. 6192)

    (e)   Certification of Counsel Regarding Order Partially Sustaining Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Claims as it Relates to Claim No. 2236 of EMC Corporation (Filed June 23, 2011) (Docket No. 9323)

    (f)   **Order Partially Sustaining Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Claims as it Relates to Claim No. 2236 if EMC Corporation (Entered June 24, 2011) (Docket No. 9342)**

**Status:**   **The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection, and Orders with respect to Claim No. 810 of Google, Inc. and Claim No. 2236 of EMC Corporation.  This matter will not be going forward.**

46429/0001-7633670v2

12.    Debtors' Fortieth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003, and 3007, and Local Rule 3007-1 (Filed January 28, 2011) (Docket No. 7674)

Response Deadline: February 22, 2011 at 4:00 p.m.

Responses Received:

(a)    Response of USDR (CLM #1672, CLM #2279 and CLM No. 2827) to Debtor's Fortieth Omnibus Objection to Claims (Docket #3792); Declaration of Jon Dickinson (Filed February 14, 2011) (Docket No. 7932)

Related Documents:

(a)    Notice of Submission of Proofs of Claim Regarding Debtors' Fortieth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003, and 3007, and Local Rule 3007-1 (Filed February 11, 2011) (Docket No. 7906)

(b)    Order Partially Sustaining Debtors' Fortieth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (Entered February 25, 2011) (Docket No. 8146)

(c)    Certification of Counsel Regarding Order Partially Sustaining Debtors' Fortieth Omnibus (Substantive) Objection to Claims as Relates to Claim Nos. 753 and 754 of ASM Capital L.P. (Filed June 23, 2011) (Docket No. 9324)

(d)    **Order Partially Sustaining Debtors' Fortieth Omnibus (Substantive) Objection to Claims as Relates to Claim Nos. 753 and 754 of ASM Capital L.P. (Entered June 24, 2011) (Docket No. 9344)**

Status:    **The Court entered an Order partially sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection, and an Order with respect to Claim Nos. 753 and 754 of ASM Capital L.P. The Objection was withdrawn as to Claim No. 2279 of USDR, Claim No. 6683 of Hess Corporation and Claim No. 749 of ASM Capital L.P. The Objection was modified by consent of the parties with respect to Claim No. 2554 of Corre Opportunities Fund. The hearing on the Objection is adjourned to the July 26, 2011 hearing solely with respect to Claim No. 1672 of USDR – CNI Corporation. This matter will not be going forward.**

13.     Debtors' Forty-Third Omnibus (Non-Substantive) Objection to Claims Pursuant to
        Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local
        Rule 3007-1 (Filed May 26, 2011) (Docket No. 9006)

        Response Deadline: June 21, 2011 at 4:00 p.m.

        Responses Received:

               (a)     Response by New York State Department of Taxation and Finance to
                       Debtors' Forty-Third Omnibus (Non-Substantive) Objection to Claims
                       Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules
                       3001, 3003 and 3007, and Local Rule 3007-1 (Filed June 16, 2011)
                       (Docket No. 9254)

               (b)     Informal Response by Pennsylvania Department of Revenue

        Related Documents:

               (a)     Certification of Counsel Regarding Debtors' Forty-Third Omnibus (Non-
                       Substantive) Objection to Claims Pursuant to Section 502(b) of the
                       Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule
                       3007-1 (Filed June 23, 2011) (Docket No. 9326)

               (b)     **Order Sustaining Debtors' Forty-Third Omnibus (Non-Substantive)
                       Objection to Claims Pursuant to Section 502(b) of the Bankruptcy
                       Code, Bankruptcy Rules 3003, and 3007, and Local Rule 3007-1
                       (Entered June 24, 2011) (Docket No. 9345)**

        Status:        **The Court entered an Order sustaining the Objection with respect to
                       all of those claimants who did not respond or otherwise contest the
                       Objection and resolving the response by the New York State
                       Department of Taxation and Finance and the informal response by
                       the Pennsylvania Department of Revenue.  This matter will not be
                       going forward.**

14.     Debtors' Forty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section
        502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule
        3007-1 (Filed May 26, 2011) (Docket No. 9009)

        Response Deadline: June 21, 2011 at 4:00 p.m.

        Responses Received: None.

Related Documents:

    (a)    Notice of Submission of Proofs of Claim Regarding Debtors' Forty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1 (Filed June 14, 2011) (Docket No. 9242)

    (b)    Certification of No Objection Regarding Debtors' Forty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1 (Filed June 23, 2011) (Docket No. 9327)

    (c)    **Order Sustaining Debtors' Forty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1 (Entered June 24, 2011) (Docket No. 9346)**

    Status:    **The Court entered an Order sustaining the Objection with respect to all claimants. This matter will not be going.**

15.    Debtors' Forty-Fifth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed May 26, 2011) (Docket No. 9010)

Response Deadline: June 21, 2011 at 4:00 p.m.
On consent of the parties, the Reply Deadline for the Debtors was extended until 4:00 p.m. on July 21, 2011.

Responses Received:

    (a)    Response by RMS Bankruptcy Recovery Services to Forty-Fifth Omnibus Objection to Claims (Filed June 21, 2011) (Docket No. 9286)

Related Documents:

    (a)    Notice of Submission of Proofs of Claim Regarding Debtors' Forty-Fifth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed June 14, 2011) (Docket No. 9243)

    (b)    Certification of Counsel Regarding Debtors' Forty-Fifth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed June 23, 2011) (Docket No. 9328)

    (c)    **Order Sustaining Debtors' Forty-Fifth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered June 24, 2011) (Docket No. 9347)**

46429/0001-7633670v2

**Status:**    **The Court entered an Order sustaining the Objection with respect to all of those claimants who did not respond or otherwise contest the Objection. This matter is adjourned to the July 26, 2011 hearing with respect to Claim No. 6668 of RMS Bankruptcy Recovery Services, as agent for Dun & Bradstreet. This will not be going forward.**

16.    Application of SNR Denton US LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for Services Rendered as Ordinary Course Counsel to the Debtors During the Period from January 1, 2011 through February 28, 2011 (Filed May 27, 2011) (Docket No. 9017)

Objection Deadline:  June 16, 2011 at 4:00 p.m.

Responses Received: None.

Related Documents:

(a)    Certification of No Objection Regarding Application of SNR Denton US LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for Services Rendered as Ordinary Course Counsel to the Debtors During the Period from January 1, 2011 through February 28, 2011 (Filed June 20, 2011) (Docket No. 9282)

Status:    A Certification of No Objection was filed with the Court.  This matter will not be going forward unless otherwise directed by the Court.

17.    Application for an Order Authorizing (I) Ernst & Young LLP to Perform Services as the Accounting Firm Under August 2009 Formation Agreement Concerning Formation of Chicago Baseball Holdings, LLC and (II) Tribune Company to Enter into Engagement Letter, Statement of Work, Side Letter and Related Documentation and Perform Obligations in Connection Therewith (Filed June 2, 2011) (Docket No. 9041)

Objection Deadline:  June 16, 2011 at 4:00 p.m.

Responses Received: None.

Related Documents:

(a)    Certification of No Objection Regarding Application for an Order Authorizing (I) Ernst & Young LLP to Perform Services as the Accounting Firm Under August 2009 Formation Agreement Concerning Formation of Chicago Baseball Holdings, LLC and (II) Tribune Company to Enter into Engagement Letter, Statement of Work, Side Letter and Related Documentation and Perform Obligations in Connection Therewith (Filed June 20, 2011) (Docket No. 9284)

46429/0001-7633670v2

(b) **Order Authorizing Engagement of Ernst & Young LLP in Connection with August 2009 Formation Agreement Concerning Formation of Chicago Baseball Holdings, LLC (Entered June 24, 2011) (Docket No. 9348)**

**Status:**    **The Court entered an Order approving the Application. This matter will not be going forward.**

18.    Motion of Aurelius Capital Management, LP for Authorization to File Certain Portions of Proposed Findings of Fact and Conclusions of Law Under Seal (Filed June 4, 2011) (Docket No. 9068)

Objection Deadline: June 21, 2011 at 4:00 p.m.

Responses Received: None.

Related Documents:

(a) Certificate of No Objection and Certification of Counsel Regarding Revised Proposed Order Granting Motion of Aurelius Capital Management, LP for Authorization to File Certain Portions of Proposed Findings of Fact and Conclusions of Law Under Seal (Filed June 23, 2011) (Docket No. 9318)

(b) **Order Granting Motion of Aurelius Capital Management, LP for Authorization to Seal Portions of Proposed Findings of Fact and Conclusions of Law (Entered June 24, 2011) (Docket No. 9340)**

**Status:**    **The Court entered an Order approving the Motion. This matter will not be going forward.**

19.    Motion of JPMorgan Chase Bank, N.A. for Entry of an Order Authorizing Filing Under Seal Portions of the Debtor/Committee/Lender Plan Proponents' Response to the (1) Motion of the Noteholder Plan Proponents to Admit Certain Documents and (2) Supplemental Motion of Wilmington Trust Company, as Successor Indenture Trustee for the PHONES Notes, and One of Noteholder Plan Proponents, Concerning the Admission of Certain Documents (Filed June 9, 2011) (Docket No. 9218)

Objection Deadline: June 21, 2011 at 4:00 p.m.

Responses Received: None.

Related Documents:

(a) Certification of No Objection [Re: Docket No. 9218] (Filed June 23, 2011) (Docket No. 9321)

46429/0001-7633670v2

      (b)    **Order Authorizing Filing Under Seal Portions of the Debtor/Committee/Lender Plan Proponents' Response to the (1) Motion of the Noteholder Plan Proponents to Admit Certain Documents and (2) Supplemental Motion of Wilmington Trust Company, as Successor Indenture Trustee for the PHONES Notes, and One of Noteholder Plan Proponents, Concerning the Admission of Certain Documents (Entered June 24, 2011) (Docket No. 9349)**

**Status:**    **The Court entered an Order approving the Motion. This matter will not be going forward.**

20.    Motion of Merrill Lynch Capital Corporation and Merrill Lynch, Pierce, Fenner & Smith, Incorporated, Pursuant to Bankruptcy Code Section 107(b) and Fed. R. Bankr. P. 9018, to File Under Seal the Objection of Merrill Lynch to the Noteholders' Motions and Admission of Certain Exhibits in Connection with the Plan Confirmation [D.I. 9220] (Filed June 9, 2011) (Docket No. 9221)

Objection Deadline: June 21, 2011 at 4:00 p.m.

Responses Received: None.

Related Documents:

      (a)    Certification of No Objection Regarding Docket No. 9221 (Filed June 23, 2011) (Docket No. 9325)

      (b)    **Order Authorizing Filing Under Seal of the Objection of Merrill Lynch to the Noteholders' Motions and Admission of Certain Exhibits in Connection with the Plan Confirmation (Entered June 24, 2011) (Docket No. 9350)**

**Status:**    **The Court entered an Order approving the Motion. This matter will not be going forward.**

21.    Motion to Extend Stay of Avoidance Actions Commenced by the Debtors Pursuant to 11 U.S.C. § 105(a) (Filed June 10, 2011) (Docket No. 9230)

Objection Deadline: June 21, 2011 at 4:00 p.m.

Responses Received: None.

Related Documents:

      (a)    Certification of No Objection Regarding Motion to Extend Stay of Avoidance Actions Commenced by the Debtors Pursuant to 11 U.S.C. § 105(a) (Filed June 23, 2011) (Docket No. 9329)

46429/0001-7633670v2

(b)     **Order Granting Motion to Extend Stay of Avoidance Actions Commenced by the Debtors Pursuant to 11 U.S. § 105(a) (Entered June 24, 2011) (Docket No. 9343)**

Status:     **The Court entered an Order approving the Motion.  This matter will not be going forward.**

## CONTESTED MATTERS GOING FORWARD

22.     Motion of Wilmington Trust Company for Authorization to File Under Seal Portions of its Supplemental Motion of Wilmington Trust Company, as Successor Indenture Trustee for the PHONE Notes, and One of Noteholder Plan Proponents, Concerning the Admission of Certain Documents (Filed June 6, 2011) (Docket No. 9154)

Objection Deadline:  June 21, 2011 at 4:00 p.m.

Responses Received: None.

Related Documents:

(a)     Notice of Motion (Filed June 7, 2011) (Docket No. 9196)

Status:     **On consent of the parties, this matter is adjourned to the July 26, 2011 hearing.  This matter will not be going forward.**

23.     Motion of Wilmington Trust Company for Authorization to File Under Seal Portions of the Declaration of Martin S. Siegel in Support of Supplemental Motion of Wilmington Trust Company, as Successor Indenture Trustee for the PHONE Notes, and One of Noteholder Plan Proponents, Concerning the Admission of Certain Documents (Filed June 6, 2011) (Docket No. 9156)

Objection Deadline:  June 21, 2011 at 4:00 p.m.

Responses Received: None.

Related Documents:

(a)     Notice of Motion (Filed June 7, 2011) (Docket No. 9197)

Status:     **On consent of the parties, this matter is adjourned to the July 26, 2011 hearing.  This matter will not be going forward.**

24.     Motion of Aurelius Capital Management, LP for Authorization to File Motion of the Noteholder Plan Proponents to Admit Certain Documents Under Seal (Filed June 6, 2011) (Docket No. 9158)

Objection Deadline:  June 21, 2011 at 4:00 p.m.

Responses Received: None.

**Related Documents:**

    (a)    **Notice of Withdrawal of Motion of Aurelius Capital Management, LP for Authorization to File Motion of the Noteholder Plan Proponents to Admit Certain Documents Under Seal (Filed June 27, 2011) (Docket No. 9356)**

**Status:**    **Movant has withdrawn the Motion. This matter will not be going forward.**

25.    Motion by Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company in its Capacity as Successor Indenture Trustee for the PHONES Notes, to Clarify, Supplement or Modify this Court's Order Entered April 25, 2011 (ECF 8740) in Respect to State Law Constructive Fraudulent Conveyance Suits (Filed June 14, 2011) (Docket No. 9248)

Objection Deadline: June 21, 2011 at 4:00 p.m.

Responses Received:

    (a)    Objection by the Pennsylvania Public School Employees' Retirement System to the Motion by Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, Law Debenture Trust Company of New York, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes and Wilmington Trust Company in its Capacity as Successor Indenture Trustee for the PHONES Notes, to Clarify, Supplement or Modify this Court's Order Entered April 25, 2011 (ECF 8740) in Respect to State Law Constructive Fraudulent Conveyance Suits (Filed June 21, 2011) (Docket No. 9292)

    (b)    Certain State Law Constructive Fraudulent Conveyance Defendants (1) Response to the Motion of Deutsche Bank Trust Company Americas, in its Capacity as Successor Indenture Trustee for Certain Series of Senior Notes, et al. to Clarify, Supplement or Modify this Court's Order Entered April 25, 2011 and (2) Cross-Motion for Related Relief with Respect to State Law Constructive Fraudulent Conveyance Suits (Filed June 21, 2011) (Docket No. 9293)

    (c)    Response of William A. Niese, et. al., as State Law Constructive Fraud Claim Plaintiffs in Response to Motion by Deutsche Bank Trust Company Americas, et. al., for Clarification of this Court's April 25, 2011 Order Concerning Commencement of State Law Constructive Fraud Actions (Filed June 21, 2011) (Docket No. 9297)

46429/0001-7633670v2

(d)     Certain Officers and Directors' Objection to Deutsche Bank Trust
        Company Americas', in its Capacity as Successor Indenture Trustee for
        Certain Series of Senior Notes, Law Debenture Trust Company of New
        York, in its Capacity as Successor Indenture Trustee for Certain Series of
        Senior Notes and Wilmington Trust Company in its Capacity as Successor
        Indenture Trustee for the PHONES Notes, Motion to Clarify, Supplement
        or Modify this Court's Order Entered April 25, 2011 [ECF 8740] in
        Respect to State Law Constructive Fraudulent Conveyance Suits (Filed
        June 21, 2011) (Docket No. 9302)

(e)     Letter by William A. Niese, et. al. Withdrawing Request for Adjournment
        of June 28 Hearing (Filed June 23, 2011) (Docket No. 9313)

(f)     Reply in Support of Motion by Deutsche Bank Trust Company Americas,
        in its Capacity as Successor Indenture Trustee for Certain Series of Senior
        Notes, Law Debenture Trust Company of New York, in its Capacity as
        Successor Indenture Trustee for Certain Series of Senior Notes and
        Wilmington Trust Company in its Capacity as Successor Indenture
        Trustee for the PHONES Notes, to Clarify, Supplement or Modify this
        Court's Order Entered April 25, 2011 (ECF 8740) in Respect to State Law
        Constructive Fraudulent Conveyance Suits (Filed June 23, 2011) (Docket
        No. 9335)

(g)     Joinder of Aurelius Capital Management, LP to the Motion by Deutsche
        Bank Trust Company Americas, in its Capacity as Successor Indenture
        Trustee for Certain Series of Senior Notes, Law Debenture Trust
        Company of New York, in its Capacity as Successor Indenture Trustee for
        Certain Series of Senior Notes and Wilmington Trust Company in its
        Capacity as Successor Indenture Trustee for the PHONES Notes, to
        Clarify, Supplement or Modify this Courts Order Entered April 25, 2011
        (ECF 8740) in Respect to State Law Constructive Fraudulent Conveyance
        Suits (Filed June 23, 2011) (Docket No. 9336)

Status:         This matter will be going forward.

Dated: June 27, 2011                    SIDLEY AUSTIN LLP
                                        James F. Conlan
                                        Bryan Krakauer
                                        One South Dearborn Street
                                        Chicago, IL  60603
                                        Telephone:  (312) 853-7000

                                        -and-

46429/0001-7633670v2

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By:     _____
        Norman L. Pernick (No. 2290)
        J. Kate Stickles (No. 2917)
        Patrick J. Reilley (No. 4451)
        500 Delaware Avenue, Suite 1410
        Wilmington, DE  19801
        Telephone:  (302) 652-3131

        ATTORNEYS FOR DEBTORS
        AND DEBTORS IN POSSESSION