of the Debtors' Joint Disclosure Statement, filed with the Court on October 22, 2010, unless otherwise specified.

18.     JPMorgan objects to the definition of "LBO Lender Debt" on the grounds that it is vague and ambiguous.

19.     JPMorgan objects to the definition of "LBO-Related Causes of Action" on the grounds that is overbroad, vague, ambiguous and unduly burdensome.  As used in JPMorgan's responses, "LBO-Related Causes of Action" has the meaning set forth in Article I of the Debtor/Committee/Lender Plan, unless otherwise specified.

20.     JPMorgan objects to the definition of "Lender Complaint" as vague and incomprehensible.

21.     JPMorgan objects to the definition of "Merrill Lynch" on the grounds that is overbroad, vague, ambiguous, unduly burdensome, and that it is not possible to know all of the persons and entities that Aurelius purports to include within the definition as stated.  As used in JPMorgan's responses, "Merrill Lynch" means Merrill Lynch Capital Corporation, Merrill, Lynch, Pierce, Fenner & Smith, and Merrill Lynch & Co., unless otherwise specified.

22.     JPMorgan objects to the definition of "Murray Devine" on the grounds that is overbroad, vague, ambiguous and unduly burdensome.

23.     JPMorgan objects to the definition of "Noteholder Plan" on grounds that it is vague. As used in JPMorgan's responses, "Noteholder Plan" means that Joint Plan of Reorganization for Tribune Company and its Subsidiaries proposed by Aurelius Capital Management, LP, on behalf of its managed entities, Deutsche Bank Trust Company Americas, in its capacity as the successor indenture trustee for certain series of senior

notes, Law Debenture Trust Company of New York, in its capacity as successor

indenture trustee for certain series of senior notes and Wilmington Trust Company, in its

capacity as the successor indenture trustee for the PHONES Notes, dated October 29,

2010, and as subsequently amended, unless otherwise specified.

24.      JPMorgan objects to the definition of "Oaktree" on the grounds that is

overbroad, vague, ambiguous, unduly burdensome, and that it is not possible to know all

of the persons and entities that Aurelius purports to include within the definition as

stated.  As used in JPMorgan's responses, "Oaktree" means Oaktree Capital

Management, L.P., unless otherwise specified.

25.      JPMorgan objects to the definition of "Other Potential Settlement" on the

grounds that is overbroad, vague, ambiguous, unduly burdensome, and that it includes

documents, or information, that are not relevant, and not reasonably calculated to lead to

the discovery of admissible evidence.

26.      JPMorgan objects to the definition of "Person" on the grounds that is

overbroad, vague, ambiguous and unduly burdensome.  JPMorgan further objects to the

definition of "Person" to the extent it is inconsistent with the requirements of the Federal

Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure and the Local Rules

of the United States Bankruptcy Court for the District of Delaware, and imposes burdens

not required by those rules.

27.      JPMorgan objects to the definition of "Plans" on the grounds that it is

vague.  As used in JPMorgan's responses, "Plans" means any and all of the

Debtor/Committee/Lender Plan, the Noteholder Plan, and the Bridge Lender Plan subject

to the objections set forth herein.

28.    JPMorgan objects to the definition of "Potential LBO Liability Party" on the grounds that is overbroad, vague, ambiguous, unduly burdensome, and that it is not possible to know all of the persons and entities that Aurelius purports to include within the definition as stated. As used in JPMorgan's responses, "Potential LBO Liability Party" means the named defendants in the Complaints, including absent class members, unless otherwise specified.

29.    JPMorgan objects to the definition of "Professional" on the grounds that is overbroad, vague, ambiguous and unduly burdensome.

30.    JPMorgan objects to the definition of "Proposed LBO Settlement" on the grounds that is vague. As used in JPMorgan's responses, "Proposed LBO Settlement" means the proposed settlement of the LBO-Related Causes of Action as described in the Debtor/Committee/Lender Plan, unless otherwise specified.

31.    JPMorgan objects to the definition of "Relationship" as overbroad, vague, ambiguous and unduly burdensome particularly insofar as it uses "relationship" in its definition. JPMorgan further objects to the time frame set forth in the definition of "Relationship" as overbroad, and to the extent it includes documents, or information, that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

32.    JPMorgan objects to the definition of "Rule 9019 Motion" as overbroad, vague, ambiguous and unduly burdensome particularly insofar as it refers to a hypothetical motion that may be filed.

33.    JPMorgan objects to the definition of "Senior Loans" on the grounds that it is vague and ambiguous.

19

34.     JPMorgan objects to the definition of "Settlement Analysis" as overbroad, vague, ambiguous, unduly burdensome and to the extent it includes Privileged Material protected by the attorney-client privilege, the work-product doctrine, the joint-defense privilege, the common interest privilege and/or any other applicable privilege, doctrine or immunity.

35.     JPMorgan objects to the definition of "Settlement Process" as overbroad, vague, ambiguous, unduly burdensome and to the extent it includes Privileged Material protected by the attorney-client privilege, the work-product doctrine, the joint-defense privilege, the common interest privilege and/or any other applicable privilege, doctrine or immunity.

36.     JPMorgan objects to the definition of "Settlement Term Sheet" on the grounds that it is incomprehensible.  As used in JPMorgan's responses, "Settlement Term Sheet," shall have the meaning ascribed to it in Section VI of the Debtors' Joint Disclosure Statement filed with the Court on October 22, 2010, unless otherwise specified.

37.     JPMorgan objects to the definition of "Settling Parties" on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and that it is not possible to know all of the persons and entities that Aurelius purports to include within the definition as stated.  As used in JPMorgan's responses, "Settling Parties" means Oaktree, Angelo, JPMorgan, Citicorp, Bank of America, and Merrill Lynch, subject to the objections set forth herein, unless otherwise specified.

38.     JPMorgan objects to the definition of "Special Committee" on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and that it is not possible to

know all of the persons and entities that Aurelius purports to include within the definition as stated. As used in JPMorgan's responses, "Special Committee" means the Special Committee of independent directors formed by Tribune Company's Board of Directors on or about August 27, 2010, unless otherwise specified.

39. JPMorgan objects to the definition of "Special Committee Individuals" on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and that it is not possible to know all of the persons and entities that Aurelius purports to include within the definition as stated. As used in JPMorgan's responses, "Special Committee Individuals" means the individual members of the Special Committee of independent directors formed by Tribune Company's Board of Directors on or about August 27, 2010, unless otherwise specified.

40. JPMorgan objects to the definition of "Step One Lender Plan" on the grounds that it is vague. As used in JPMorgan's responses, "Step One Lender Plan" means the Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by Certain Holders of Step One Senior Loan Claims, dated October 29, 2010, and as subsequently amended, unless otherwise specified.

41. JPMorgan objects to the definition of "Step One Selling Shareholders" as vague and ambiguous.

42. JPMorgan objects to the definition of "Tender Offer" as vague.

43. JPMorgan objects to the definition of "Third Party Complaint" as vague.

44. JPMorgan objects to the definition of "Tribune" on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and that it is not possible to know all of the persons and entities that Aurelius purports to include within the definition as

21

stated. As used in JPMorgan's responses, "Tribune" means Tribune Company and its direct and indirect subsidiaries, unless otherwise specified.

45.     JPMorgan objects to the definition of "Tribune Entity" on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and that it is not possible to know all of the persons and entities that Aurelius purports to include within the definition as stated. As used in JPMorgan's responses, "Tribune Entity" means Tribune, subject to the objections set forth herein, unless otherwise specified.

46.     JPMorgan objects to the definition of "Tribune Individual" on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and that it is not possible to know all of the persons and entities that Aurelius purports to include within the definition as stated. As used in JPMorgan's responses, "Tribune Individual" means the current officers and directors of Tribune, subject to the objections set forth herein, unless otherwise specified.

47.     JPMorgan objects to the definition of "Wells Fargo" on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and that it is not possible to know all of the persons and entities that Aurelius purports to include within the definition as stated. As used in JPMorgan's responses, "Wells Fargo" means Wells Fargo Bank, N.A., unless otherwise specified.

48.     JPMorgan objects to the definition of "Zell" on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and that it is not possible to know all of the persons and entities that Aurelius purports to include within the definition as stated. As used in JPMorgan's responses, "Zell" means Sam Zell, unless otherwise specified.

## OBJECTIONS TO INSTRUCTIONS

1.      JPMorgan objects to each of the Instructions to the extent that they impose

any obligations that exceed the requirements of the Federal Rules of Civil Procedure, the

Local Rules of the United States Bankruptcy Court for the District of Delaware, the Case

Management Order, or any other applicable statute, rule or case law.

2.      JPMorgan objects to Instructions 1, 4, 6, 10 and 12 as overbroad, vague,

ambiguous and unduly burdensome.

3.      JPMorgan objects to Instruction 2 as it is overbroad, vague, ambiguous

and unduly burdensome.  JPMorgan further objects to Instruction 2 to the extent it

requires JPMorgan to search the files of its counsel, on the grounds of attorney-client

privilege, work-product doctrine and/or any other applicable law or privilege.  JPMorgan

further objects to Instruction 2 to the extent that it seeks the production of documents that

are not within JPMorgan's possession, custody or control including documents from

JPMorgan's counsel, advisors, testifying and non-testifying experts or representatives.

4.      JPMorgan objects to Instruction 3 as overbroad and unduly burdensome

and not reasonably calculated to lead to the discovery of admissible evidence, particularly

to the extent that it seeks documents from irrelevant time periods.  JPMorgan further

objects to Instruction 3 to the extent that it seeks information that is irrelevant, and is not

reasonably calculated to lead the discovery of admissible evidence particularly insofar as

it seeks the production of documents prior to January 1, 2007 or after December 20, 2007

related to the merits of the LBO-Related Causes of Action.

5.      JPMorgan objects to Instruction 5 as overbroad and unduly burdensome,

and to the extent it is inconsistent with the requirements of the Federal Rules of Civil

Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United

States Bankruptcy Court for the District of Delaware or any other applicable statute, rule

or case law, and imposes burdens not required by those rules.

6.      JPMorgan objects to Instruction 7 as unduly burdensome, not reasonably

calculated to lead to the discovery of admissible evidence and to the extent it is

inconsistent with the requirements of the Federal Rules of Civil Procedure, the Federal

Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court

for the District of Delaware or any other applicable statute, rule or case law, and imposes

burdens not required by those rules.

7.      JPMorgan objects to Instruction 8 as overbroad, vague, ambiguous and

unduly burdensome.  JPMorgan further objects to Instruction 8 to the extent that it seeks

the production of hard copies of all documents, and to the extent that it seeks the

production of electronic documents in their native form, on the grounds that it is

inconsistent with the requirements of the Federal Rules of Civil Procedure, the Federal

Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court

for the District of Delaware or any other applicable statute, rule or case law, and imposes

burdens not required by those rules.  JPMorgan will only produce electronic copies of the

non-duplicative, non-privileged responsive documents as tiff images.

8.      JPMorgan objects to Instruction 9 to the extent that it is inconsistent with

the terms of the Case Management Order.  The Case Management Order was carefully

negotiated by the parties, including Aurelius, and supersedes the requirements of the Rule

7026-3 of the Local Rules of the United States Bankruptcy Court for the District of

Delaware. JPMorgan further notes that Aurelius itself has not complied with the provisions of Rule 7026-3.

9.      JPMorgan objects to Instruction 11 as overbroad, vague, ambiguous and unduly burdensome. JPMorgan further objects to Instruction 11 to the extent it is inconsistent with the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the District of Delaware or any other applicable statute, rule or case law, and imposes burdens not required by those rules.

10.      JPMorgan objects to Instruction 13 on the grounds that it seeks the production of documents or information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense or common interest privilege, or any other applicable privilege or discovery protection. JPMorgan will not produce Privileged Material.

11.      JPMorgan objects to Instruction 14 in that it requires production of documents or information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense or common interest privilege, or any other applicable privilege or discovery protection. JPMorgan further objects to Instruction 14 to the extent it seeks to limit the protections provided by the Mediation Order solely to those "Communications concerning the Mediation exchanged between or among parties to the Mediation during the mediation meeting that occurred on November 17, 2010, to the extent the Mediator was present for such Communications." The protections provided under the Mediation Order are not so limited. The Mediation Order states that "discussions among the Mediation Parties relating to the Mediation," "documents or

information provided to the Mediator of the Mediation Parties in the course of the

Mediation," and "correspondence, draft resolutions, offers, and counteroffers produced

for or as a result of the Mediation" are "strictly confidential and shall not be admissible

for any purpose in any judicial or administrative proceeding, and no person or party

participating in the Mediation, including counsel for any Mediation Party or any other

party, shall in any way disclose" said information.  Mediation Order at ¶ 7.  The

Mediation Order further prohibits all Mediation Parties from disclosing "any aspect of the

Mediation other than to report whether a settlement has been reached." Mediation Order

at ¶ 8.

12.    JPMorgan objects to Instructions 15 and 16 as overbroad, vague,

ambiguous, unduly burdensome, and to the extent they are inconsistent with the

requirements of the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy

Procedure, the Case Management Order, the Local Rules of the United States Bankruptcy

Court for the District of Delaware or any other applicable statute, rule or case law, and

impose burdens not required by those rules.  JPMorgan will comply with its obligations

under the Case Management Order regarding information or documents withheld under a

claim of privilege.

13.    JPMorgan objects to Instruction 17 as overbroad, vague, ambiguous,

unduly burdensome and to the extent it is inconsistent with the requirements of the

Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Case

Management Order, the Local Rules of the United States Bankruptcy Court for the

District of Delaware or any other applicable statute, rule or case law, and imposes

burdens not required by those rules. JPMorgan will comply with its obligations under the Case Management Order.

14.    JPMorgan objects to Instruction 18 as overbroad, vague, ambiguous and unduly burdensome. JPMorgan further objects to Instruction 18 to the extent that it seeks the production of documents or information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense or common interest privilege, or any other applicable privilege or discovery protection.

15.    JPMorgan objects to Instruction 19 as overbroad, vague, ambiguous and unduly burdensome. JPMorgan further objects to Instruction 19 to the extent it seeks to require JPMorgan to search the files of its counsel, on the grounds of attorney-client privilege, work-product doctrine and/or any other applicable law or privilege. JPMorgan further objects to Instruction 19 to the extent that it seeks the production of documents that are not within JPMorgan's possession, custody, or control, including documents from JPMorgan's counsel, advisors, testifying and non-testifying experts or representatives.

16.    JPMorgan objects to Instruction 20 on the grounds that it is contrary to the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the District of Delaware or any other applicable statute, rule or case law, and imposes burdens not required by those rules.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

Subject to and without waiving the foregoing general objections, which are incorporated herein by reference as if fully set forth in each response, JPMorgan objects and responds to the Document Requests as follows:

**Request No. 1:**

All Documents and Communications relating to any Relationship between Tribune and any of the Settling Parties.

**Response to Request No. 1:**

JPMorgan objects to Request No. 1 on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. JPMorgan objects to Request No. 1 on the grounds that it seeks information that is irrelevant, seeks documents with respect to entirely unrelated matters and is not reasonably calculated to lead to the discovery of admissible evidence. JPMorgan further objects to Request No. 1 on the grounds that it seeks documents not within JPMorgan's possession, custody or control and are more easily obtained from other parties, particularly insofar as it calls for documents between Tribune and Settling Parties other than JPMorgan.

**Request No. 2:**

All Documents and Communications relating to any Relationship between any Tribune Individuals and any of the Settling Parties.

**Response to Request No. 2:**

JPMorgan objects to Request No. 2 on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. JPMorgan further objects to Request No. 2 on the grounds that it seeks information that is irrelevant, seeks documents with respect to entirely unrelated matters and is not reasonably calculated to lead to the discovery of admissible evidence. JPMorgan further objects to Request No. 2 on the grounds that it seeks documents not within JPMorgan's possession, custody or control and are more easily obtained from other parties, particularly insofar as it calls for documents between any Tribune Individuals and Settling Parties other than JPMorgan.

28

**Request No. 3:**

All Documents and Communications relating to any Relationship between any Special Committee Individuals and any of the Settling Parties.

**Response to Request No. 3:**

JPMorgan objects to Request No. 3 on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. JPMorgan objects to Request No. 3 on the grounds that it seeks information that is irrelevant, seeks documents with respect to entirely unrelated matters and is not reasonably calculated to lead to the discovery of admissible evidence. JPMorgan further objects to Request No. 3 on the grounds that it seeks documents not within JPMorgan's possession, custody or control and are more easily obtained from other parties, particularly insofar as it calls for documents between any Special Committee Individuals and Settling Parties other than JPMorgan.

**Request No. 4:**

All Documents and Communications relating to any Relationship between any Special Committee Individuals and any of the Committee Individuals.

**Response to Request No. 4:**

JPMorgan objects to Request No. 4 on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. JPMorgan further objects to Request No. 4 on the grounds that it seeks information that is irrelevant, seeks documents with respect to entirely unrelated matters and is not reasonably calculated to lead to the discovery of admissible evidence. JPMorgan further objects to Request No. 4 on the grounds that it seeks documents not within JPMorgan's possession, custody or control and that are more easily obtained from other parties, particularly insofar as it calls for documents between any Special Committee Individuals and any Committee Individuals other than JPMorgan.

**Request No. 5:**

All Documents and Communications relating to any Relationship between any Special Committee Individuals and Tribune.

**Response to Request No. 5:**

JPMorgan objects to Request No. 5 on the grounds that it seeks documents not within JPMorgan's possession, custody or control and that are more easily obtained from other parties. JPMorgan objects to Request No. 5 on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. JPMorgan further objects to Request No. 5 on the grounds that it seeks information that is irrelevant, seeks documents with respect to entirely unrelated matters and is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 6:**

All Documents and Communications relating to any Relationship between any Special Committee Individuals and any of the Tribune Individuals.

**Response to Request No. 6:**

JPMorgan objects to Request No. 6 on the grounds that it seeks documents not within JPMorgan's possession, custody or control and are more easily obtained from other parties. JPMorgan objects to Request No. 6 on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. JPMorgan further objects to Request No. 6 on the grounds that it seeks information that is irrelevant, seeks documents with respect to entirely unrelated matters and is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 7:**

All Documents and Communications relating to any Relationship between any Committee Individuals or individual members of the Committee on the one hand, and any of the Settling Parties, on the other hand.

**Response to Request No. 7:**

JPMorgan objects to Request No. 7 on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. JPMorgan further objects to Request No. 7 on the grounds that it seeks information that is irrelevant, seeks documents with respect to entirely unrelated matters and is not reasonably calculated to lead to the discovery of admissible evidence. JPMorgan further objects to Request No. 7 on the grounds that it seeks documents not within JPMorgan's possession, custody or control and are more easily obtained from other parties, particularly insofar as it calls for documents between Committee Individuals or individual members of the Committee and Settling Parties other than JPMorgan.

**Request No. 8:**

All Documents and Communications relating to any Relationship between any Committee Individuals and any of the Tribune Individuals.

**Response to Request No. 8:**

JPMorgan objects to Request No. 8 on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. JPMorgan further objects to Request No. 8 on the grounds that it seeks information that is irrelevant, seeks documents with respect to entirely unrelated matters and is not reasonably calculated to lead to the discovery of admissible evidence. JPMorgan further objects to Request No. 8 on the grounds that it seeks documents not within JPMorgan's possession, custody or control and are more easily obtained from other parties, particularly insofar as it calls for documents between Tribune Individuals and Committee Individuals other than JPMorgan.

**Request No. 9:**

All Documents and Communications relating to any Relationship between and among, on the one hand, Don Liebentritt, and on the other hand (i) Zell; (ii) any Special

31

Committee Individuals; (iii) any Committee Individuals; (iv) any Tribune Individuals and/or (v) any Settling Party.

**Response to Request No. 9:**

JPMorgan objects to Request No. 9 on the grounds that it is overbroad, vague, ambiguous and unduly burdensome.  JPMorgan further objects to Request No. 9 on the grounds that it seeks information that is irrelevant, seeks documents with respect to entirely unrelated matters and is not reasonably calculated to lead to the discovery of admissible evidence. JPMorgan further objects to Request No. 9 on the grounds that it seeks documents not within JPMorgan's possession, custody or control and are more easily obtained from other parties, particularly insofar as it calls for documents between Liebentritt and parties other than JPMorgan.

**Request No. 10:**

All Documents and Communications relating to any Relationship between and among, on the one hand, Zell and on the other hand (i) any Special Committee Individuals; (ii) any Committee Individuals; and/or (iii) any Settling Party.

**Response to Request No. 10:**

JPMorgan objects to Request No. 10 on the grounds that it is overbroad, vague, ambiguous and unduly burdensome.  JPMorgan further objects to Request No. 10 on the grounds that it seeks information that is irrelevant, seeks documents with respect to entirely unrelated matters and is not reasonably calculated to lead to the discovery of admissible evidence.  JPMorgan further objects to Request No. 10 on the grounds that it seeks documents not within JPMorgan's possession, custody or control and are more easily obtained from other parties, particularly insofar as it calls for documents between Zell and parties other than JPMorgan.

**Request No. 11:**

All Documents and Communications regarding any conflict or potential conflict of interest relating to participation in Settlement Analysis or the Settlement Process by any Person (including any board of directors or subcommittee thereof, and any lawyer, law firm or other Professional), and all Documents and Communications regarding any efforts, discussion or consideration of efforts to waive, mitigate, limit or eliminate any such conflict or potential conflict of interest.

**Response to Request No. 11:**

JPMorgan objects to Request No. 11 on the grounds that it is incomprehensible, overbroad, vague, ambiguous and unduly burdensome. JPMorgan further objects to Request No. 11 on the grounds that it calls for the production of documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. JPMorgan further objects to Request No. 11 on the grounds that it seeks the production of Privileged Material. JPMorgan further objects to Request No. 11 on the grounds that it seeks documents or information not within JPMorgan's possession, custody or control and that are more easily obtained from other parties.

**Request No. 12:**

All Documents and Communications relating to whether any of the Tribune Individuals, Special Committee Individuals or Committee Individuals were Step One Selling Shareholders.

**Response to Request No. 12:**

JPMorgan objects to Request No. 12 on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. JPMorgan further objects to Request No. 12 to the extent that it seeks documents or information that are not within JPMorgan's possession, custody or control.

Subject to and without waiving the foregoing general and specific objections, JPMorgan states that upon receipt from Aurelius of a list of specific persons or entities as

33

to whom Request No. 12 is directed, JPMorgan will undertake a good faith and reasonable search for responsive documents.

**Request No. 13:**

All Documents and Communications relating to whether any of the Tribune Individuals, Special Committee Individuals or Committee Individuals would receive a release of liability in any capacity pursuant to the Proposed LBO Settlement, the Debtor/Committee/Lender Plan or any Other Potential Settlement.

**Response to Request No. 13:**

JPMorgan objects to Request No. 13 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and duplicative. JPMorgan further objects to Request No. 13 on the grounds that it seeks the production of Privileged Material. JPMorgan further objects to Request No. 13 on the grounds that it seeks documents or information not within JPMorgan's possession, custody or control and that are more easily obtained from other parties.

Subject to and without waiver of the foregoing general and specific objections, in response to Request No. 13, JPMorgan states that it will produce (and/or has already produced) non-privileged documents, if any, that relate to the April Proposed Settlement, the April Plan, the Proposed LBO Settlement, and/or the Plans, based on a good faith and reasonable search for responsive documents.

**Request No. 14:**

All Documents and Communications relating to any compensation, bonus or other form of remuneration payable to any Tribune Individual or Special Committee Individual in connection with a successful reorganization of Debtors or the resolution of disputes with any or all of the Settling Parties.

**Response to Request No. 14:**

JPMorgan objects to Request No. 14 on the grounds that it is overbroad, vague, ambiguous and unduly burdensome and is not reasonably calculated to lead to the

34

discovery of admissible evidence. JPMorgan further objects to Request No. 14 on the

grounds that it calls for the production of documents that are not within JPMorgan's

possession, custody or control and that are more easily obtained from other parties.

Subject to and without waiver of the foregoing general and specific objections, in

response to Request No. 14, JPMorgan states that it will produce (and/or has already

produced) non-privileged documents, if any, that relate to the April Proposed Settlement,

the April Plan, the Proposed LBO Settlement, and/or the Plans, based on a good faith and

reasonable search for responsive documents.

**Request No. 15:**

All Documents and Communications relating to any need or desire of Debtors to
resolve any of the LBO-Related Causes of Action in connection with, or as a condition to
(i) any exit financing for Debtors and/or (ii) Debtors' ability generally to exit bankruptcy.

**Response to Request No. 15:**

JPMorgan objects to Request No. 15 on the grounds that it is overbroad, vague,

ambiguous, unduly burdensome and is not reasonably calculated to lead to the discovery

of admissible evidence. JPMorgan further objects to Request No. 15 on the grounds that

it calls for the production of documents that are not within JPMorgan's possession,

custody or control and are more easily obtained from other parties.

Subject to and without waiver of the foregoing general and specific objections, in

response to Request No. 15, JPMorgan states that it will produce (and/or has already

produced) non-privileged documents, if any, that relate to the April Proposed Settlement,

the April Plan, the Proposed LBO Settlement, and/or the Plans, based on a good faith and

reasonable search for responsive documents.

**Request No. 16:**

All Documents and Communications relating to any requested or proposed release of liability for (i) any of the Settling Parties or (ii) any other Potential LBO Liability Party.

**Response to Request No. 16:**

JPMorgan objects to Request No. 16 on the grounds that it is overbroad, vague,

ambiguous and unduly burdensome.  JPMorgan further objects to Request No. 16 on the

grounds that it calls for the production of Privileged Material.

Subject to and without waiver of the foregoing general and specific objections, in

response to Request No. 16, JPMorgan states that it will produce (and/or has already

produced) non-privileged documents, if any, that relate to the April Proposed Settlement,

the April Plan, the Proposed LBO Settlement, and/or the Plans, based on a good faith and

reasonable search for responsive documents.

**Request No. 17:**

Copies of any engagement letters with any Professional retained by or on behalf of JPMorgan to the extent not previously filed with the Court, and all bills, invoices and time records submitted by such Professionals, to the extent that such material refers or relates to Settlement Analysis, the Settlement Process, and/or the negotiation or drafting of one or more of the Plans.

**Response to Request No. 17:**

JPMorgan objects to Request No. 17 on the grounds that it is overbroad, vague,

ambiguous, unduly burdensome, and is not reasonably calculated to the lead to the

discovery of admissible evidence.  JPMorgan further objects to Request No. 17 on the

grounds that it calls for the production of Privileged Material.

Subject to and without waiver of the foregoing general and specific objections, in

response to Request No. 17, JPMorgan states that it will produce the invoices that it has

tendered to the non-debtor subsidiaries of Tribune Company for reimbursement of fees

and expenses. JPMorgan further states that it will comply with the Case Management
Order entered by the Court and Rule 26 of the Federal Rules of Civil Procedure regarding
the disclosure of expert witness information.

**Request No. 18:**

Copies of any engagement letters with any Professional retained by or on behalf
of any of the Settling Parties, to the extent not previously filed with the Court, and all
bills, invoices and time records submitted by such Professionals.

**Response to Request No. 18:**

JPMorgan objects to Request No. 18 on the grounds that it is overbroad, vague,
ambiguous, unduly burdensome, and is not reasonably calculated to the lead to the
discovery of admissible evidence. JPMorgan further objects to Request No. 18 on the
grounds that it calls for the production of Privileged Material. JPMorgan further objects
to Request No. 18 to the extent that it seeks the production of documents not within
JPMorgan's possession, custody or control and are more easily obtained from other
parties.

Subject to and without waiver of the foregoing general and specific objections, in
response to Request No. 18, JPMorgan states that it will produce the invoices that it has
tendered to the non-debtor subsidiaries of Tribune Company for reimbursement of fees
and expenses. JPMorgan further states that it will comply with the Case Management
Order entered by the Court and Rule 26 of the Federal Rules of Civil Procedure regarding
the disclosure of expert witness information.

**Request No. 19:**

All Documents and Communications relating to the continued employment or
affiliation of any Tribune Individual, including but not limited to any Documents or
Communications expressing or relating to the views of any Settling Parties concerning
such continued employment or affiliation.

**Response to Request No. 19**:

JPMorgan objects to Request No. 19 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to the lead to the discovery of admissible evidence. JPMorgan further objects to Request No. 19 on the grounds that it calls for the production of Privileged Material. JPMorgan further objects to Request No. 19 to the extent that it seeks the production of documents not within JPMorgan's possession, custody or control.

Subject to and without waiver of the foregoing general and specific objections, in response to Request No. 19, JPMorgan states that it will produce (and/or has already produced) non-privileged documents, if any, that relate to the April Proposed Settlement, the April Plan, the Proposed LBO Settlement, and/or the Plans, based on a good faith and reasonable search for responsive documents.

**Request No. 20**:

All Documents and Communications relating to the decision to make Don Liebentritt Debtors' Chief Restructuring Officer, including but not limited to any discussion relating to whether Liebentritt's continuing role as general counsel for Debtors created the appearance of a conflict of interest.

**Response to Request No. 20**:

JPMorgan objects to Request No. 20 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and is not reasonably calculated to the lead to the discovery of admissible evidence. JPMorgan further objects to Request No. 20 on the grounds that it calls for the production of Privileged Material. JPMorgan further objects to Request No. 20 to the extent that it seeks the production of documents, or information, not within JPMorgan's possession, custody or control and that are more easily obtained from other parties.

Subject to and without waiver of the foregoing general and specific objections, in response to Request No. 20, JPMorgan states that it will produce (and/or has already produced) non-privileged documents, if any, that relate to the April Proposed Settlement, the April Plan, the Proposed LBO Settlement, and/or the Plans, based on a good faith and reasonable search for responsive documents.

**Request No. 21**:

All Documents and Communications relating to any Settlement Analysis.

**Response to Request No. 21**:

JPMorgan objects to Request No. 21 on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. JPMorgan further objects to Request No. 21 on the grounds that it calls for the production of Privileged Material.

Subject to and without waiver of the foregoing general and specific objections, in response to Request No. 21, JPMorgan states that it will produce (and/or has already produced) non-privileged documents, if any, that relate to the April Proposed Settlement, the April Plan, the Proposed LBO Settlement, and/or the Plans, based on a good faith and reasonable search for responsive documents.

**Request No. 22**:

All Documents and Communications relating to Settlement Analysis that were provided to, or received from, any Potential LBO Liability Party or other third party.

**Response to Request No. 22**:

JPMorgan objects to Request No. 22 on the grounds that it is overbroad, vague, ambiguous and unduly burdensome, and on the grounds that it calls for the production of Privileged Material. JPMorgan further objects to Request No. 22 to the extent that it

seeks the production of documents not within JPMorgan's possession, custody or control and that are more easily obtained from other parties.

Subject to and without waiver of the foregoing general and specific objections, in response to Request No. 22, JPMorgan states that it will produce (and/or has already produced) non-privileged documents, if any, that relate to the April Proposed Settlement, the April Plan, the Proposed LBO Settlement, and/or the Plans, based on a good faith and reasonable search for responsive documents.

**Request No. 23**:

All Documents and Communications relating to the Settlement Process.

**Response to Request No. 23**:

JPMorgan objects to Request No. 23 on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. JPMorgan further objects to Request No. 23 on the grounds that it calls for the production of Privileged Material.

Subject to and without waiver of the foregoing general and specific objections, in response to Request No. 23, JPMorgan states that it will produce (and/or has already produced) non-privileged documents, if any, that relate to the April Proposed Settlement, the April Plan, the Proposed LBO Settlement, and/or the Plans, based on a good faith and reasonable search for responsive documents.

**Request No. 24**:

All calendars, diaries, day-planners, appointment calendars, or other Documents or Communications reflecting the schedule of any Person involved in the Settlement Process for the period January 1, 2010 to the present.

**Response to Request No. 24:**

JPMorgan objects to Request No. 24 on the grounds that it is overbroad, vague, ambiguous and unduly burdensome particularly insofar as it seeks the production of all calendar entries beginning on January 1, 2010.

Subject to and without waiver of the foregoing general and specific objections, in response to Request No. 24, JPMorgan states that it will produce (and/or has already produced) non-privileged documents, if any, that relate to the April Proposed Settlement, the April Plan, the Proposed LBO Settlement, and/or the Plans, based on a good faith and reasonable search for responsive documents.

**Request No. 25:**

All Documents and Communications relating to the preservation or obligation to preserve Documents and Communications in connection with the LBO, the Debtors' Bankruptcy, the LBO-Related Causes of Action, the Plans, Settlement Analysis, Settlement Process and the Confirmation Hearing, including but not limited to (i) any document retention policy in effect during any part of the period from January 1, 2007 to the present, (ii) any litigation hold notice, or similar notice to retain documents, and (iii) steps taken or considered to be taken in connection with preserving such Documents and Communications.

**Response to Request No. 25:**

JPMorgan objects to Request No. 25 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and is not reasonably calculated to the lead to the discovery of admissible evidence.  JPMorgan further objects to Request No. 25 on the grounds that it calls for the production of Privileged Material.

**Request No. 26:**

Documents sufficient to identify all claims made or threatened by any Person arising from or relating to the LBO, and, with respect to such claims, all related demand letters or other correspondence and all pleadings (other than the Complaints), discovery requests, objections and responses to discovery requests, deposition and hearing transcripts, decisions and orders, settlement discussions and settlements.

**Response to Request No. 26:**

JPMorgan objects to Request No. 26 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, incomprehensible and is not reasonably calculated to the lead to the discovery of admissible evidence. JPMorgan further objects to Request No. 26 to the extent that it seeks the production of documents not within JPMorgan's possession, custody or control and that are more easily obtained from other parties and/or are publicly available.

**Request No. 27:**

All Documents and Communications relating to the right and/or standing, vel non, of the Debtors or any other Person to settle or propose a settlement of the LBO-Related Causes of Action.

**Response to Request No. 27:**

JPMorgan objects to Request No. 27 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to the lead to the discovery of admissible evidence. JPMorgan further objects to Request No. 27 on the grounds that it calls for the production of Privileged Material. JPMorgan further objects to Request No. 27 to the extent that it seeks the production of documents not within JPMorgan's possession, custody or control and that are more easily obtained from other parties.

Subject to and without waiver of the foregoing general and specific objections, in response to Request No. 27, JPMorgan states that it will produce (and/or has already produced) non-privileged documents, if any, that relate to the April Proposed Settlement, the April Plan, the Proposed LBO Settlement, and/or the Plans, based on a good faith and reasonable search for responsive documents.

**Request No. 28:**

All Documents and Communications relating to any presentations made by, on behalf or to the Special Committee or any member of the Special Committee relating to the Settlement Process or Settlement Analysis.

**Response to Request No. 28:**

JPMorgan objects to Request No. 28 to the extent that it seeks the production of documents not within JPMorgan's possession, custody or control and that are more easily obtained from other parties. JPMorgan objects to Request No. 28 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, incomprehensible and is not reasonably calculated to the lead to the discovery of admissible evidence. JPMorgan further objects to Request No. 28 on the grounds that it calls for the production of Privileged Material.

Subject to and without waiver of the foregoing general and specific objections, in response to Request No. 28, JPMorgan states that it will produce (and/or has already produced) non-privileged documents, if any, that relate to the April Proposed Settlement, the April Plan, the Proposed LBO Settlement, and/or the Plans, based on a good faith and reasonable search for responsive documents.

**Request No. 29:**

All Documents and Communications exchanged between the Special Committee and (i) any of the Settling Parties, and/or (ii) any Potential LBO Liability Party, from August 1, 2010 to the present.

**Response to Request No. 29:**

JPMorgan objects to Request No. 29 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and is not reasonably calculated to the lead to the discovery of admissible evidence. JPMorgan further objects to Request No. 29 on the grounds that it calls for the production of Privilege Material. JPMorgan further objects to Request No. 29 to the extent that it seeks the production of documents not within JPMorgan's possession, custody or control and that are more easily obtained from other parties, particularly insofar as it calls for documents between the Special Committee and parties other than JPMorgan.

Subject to and without waiver of the foregoing general and specific objections, in response to Request No. 29, JPMorgan states that it will produce (and/or has already produced) non-privileged documents, if any, that relate to the April Proposed Settlement, the April Plan, the Proposed LBO Settlement, and/or the Plans, based on a good faith and reasonable search for responsive documents.

**Request No. 30:**

All Documents and Communications relating to any involvement by Tribune in Settlement Analysis or the Settlement Process, including but not limited to all Communications with any Tribune Individual.

**Response to Request No. 30:**

JPMorgan objects to Request No. 30 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and duplicative and is not reasonably calculated to the lead to the discovery of admissible evidence. JPMorgan further objects to Request No. 30 to the extent that it seeks the production of documents not within JPMorgan's possession, custody or control and that are more easily obtained from other parties.

44

Subject to and without waiver of the foregoing general and specific objections, in response to Request No. 30, JPMorgan states that it will produce (and/or has already produced) non-privileged documents, if any, that relate to the April Proposed Settlement, the April Plan, the Proposed LBO Settlement, and/or the Plans, based on a good faith and reasonable search for responsive documents.

**Request No. 31:**

All Documents and Communications relating to the Proposed LBO Settlement, including but not limited to, all Documents relating to the negotiation of the Proposed LBO Settlement or any part thereof, all drafts of the Proposed LBO Settlement (or any part thereof), and all Documents reviewed, relied on or considered by any Person in deciding whether or not to agree to or support the Proposed LBO Settlement.

**Response to Request No. 31:**

JPMorgan objects to Request No. 31 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to the lead to the discovery of admissible evidence. JPMorgan further objects to Request No. 31 on the grounds that it calls for the production of Privileged Material.

Subject to and without waiver of the foregoing general and specific objections, in response to Request 30, JPMorgan states that it will produce (and/or has already produced) non-privileged documents, if any, that relate to the April Proposed Settlement, the April Plan, the Proposed LBO Settlement, and/or the Plans, based on a good faith and reasonable search for responsive documents.

**Request No. 32:**

All Documents and Communications relating to the April Proposed Settlement, including but not limited to, all Documents relating to the negotiation of the April Proposed Settlement or any part thereof, all drafts of the April Proposed Settlement (or any part thereof), and all Documents reviewed, relied on or considered by any Person in deciding whether or not to agree to or support the April Proposed Settlement.

**Response to Request No. 32:**

JPMorgan objects to Request No. 32 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome. JPMorgan further objects to Request No. 32 on the grounds that it calls for the production of Privileged Material.

Subject to and without waiver of the foregoing general and specific objections, in response to Request No. 32, JPMorgan states that it produced documents related to the April Proposed Settlement and refers Aurelius to that production bearing bates range JPM-00506438 through JPM-00508794. To the extent additional documents are found as a result of a good faith and reasonable search for responsive documents, JPMorgan states that it will produce non-privileged documents, if any, that relate to the April Proposed Settlement, the April Plan, the Proposed LBO Settlement, and/or the Plans, based on a good faith and reasonable search for responsive documents subject to its general and specific objections.

**Request No. 33:**

All Documents and Communications relating to any Other Potential Settlement, including but not limited to, all Documents relating to the negotiation of any Other Potential Settlement or any part thereof all drafts of any Other Potential Settlement (or any part thereof), and all Documents reviewed, relied on or considered by any Person in deciding whether or not to agree to or support such Other Potential Settlement.

**Response to Request No. 33:**

JPMorgan objects to Request No. 33 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to the lead to the discovery of admissible evidence. JPMorgan further objects to Request No. 33 on the grounds that it calls for the production of Privileged Material.

Subject to and without waiver of the foregoing general and specific objections, JPMorgan states that it will produce (and/or has already produced) non-privileged

documents, if any, that relate to the April Proposed Settlement, the April Plan, the

Proposed LBO Settlement, and/or the Plans, based on a good faith and reasonable search

for responsive documents.

**Request No. 34:**

    All Documents or Communications relating to discussions or negotiations with
Aurelius or any co-proponent of the Noteholder Plan regarding Settlement Analysis, the
Settlement Process, or any of the Plans.

**Response to Request No. 34:**

    JPMorgan objects to Request No. 34 on the grounds that it is overbroad, vague,

ambiguous, unduly burdensome and duplicative, and is not reasonably calculated to the

lead to the discovery of admissible evidence.  JPMorgan further objects to Request No.

34 on the grounds that it calls for the production of Privileged Material.

    Subject to and without waiver of the foregoing general and specific objections,  in

response to Request No. 34, JPMorgan states that it will produce (and/or has already

produced) non-privileged documents, if any, that relate to the April Proposed Settlement,

the April Plan, the Proposed LBO Settlement, and/or the Plans, based on a good faith and

reasonable search for responsive documents.

**Request No. 35:**

    All Documents and Communications relating to Aurelius or any co-proponent of
the Noteholder Plan.

**Response to Request No. 35:**

    JPMorgan objects to Request No. 35 on the grounds that it is overbroad, vague,

ambiguous, unduly burdensome, and is not reasonably calculated to the lead to the

discovery of admissible evidence.  JPMorgan further objects to Request No. 35 on the

grounds that it calls for the production of Privileged Material.

Subject to and without waiver of the foregoing general and specific objections, in response to Request No. 35, JPMorgan states that it will produce (and/or has already produced) non-privileged documents, if any, that relate to the April Proposed Settlement, the April Plan, the Proposed LBO Settlement, and/or the Plans, based on a good faith and reasonable search for responsive documents.

**Request No. 36:**

All Documents and Communications relating to any objection to any aspect of the Noteholder Plan.

**Response to Request No. 36:**

JPMorgan objects to Request No. 36 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to the lead to the discovery of admissible evidence. JPMorgan further objects to Request No. 36 on the grounds that it calls for the production of Privileged Material. JPMorgan further objects to Request No. 36 as premature.

Subject to and without waiver of the foregoing general and specific objections, in response to Request No. 36, JPMorgan states that it will comply with the requirements of the Case Management Order with respect to the filing of objections to the Noteholder Plan.

**Request No. 37:**

All Documents and Communications relating to any discussion, consideration, analysis, review, assessment or evaluation of any claim, counterclaim, cross-claim, or third-party claim for indemnification, contribution, or otherwise, relating to the LBO-Related Causes of Action.

**Response to Request No. 37:**

JPMorgan objects to Request No. 37 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to the lead to the

discovery of admissible evidence. JPMorgan further objects to Request No. 37 on the grounds that it calls for the production of Privileged Material.

Subject to and without waiver of the foregoing general and specific objections, in response to Request No. 37, JPMorgan states that it will produce (and/or has already produced) non-privileged documents, if any, that relate to the April Proposed Settlement, the April Plan, the Proposed LBO Settlement, and/or the Plans, based on a good faith and reasonable search for responsive documents.

**Request No. 38:**

All Documents and Communications relating to any discussion, consideration, analysis, review, assessment or evaluation of the value of the Preserved Causes of Action.

**Response to Request No. 38:**

JPMorgan objects to Request No. 38 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to the lead to the discovery of admissible evidence. JPMorgan further objects to Request No. 38 on the grounds that it calls for the production of Privileged Material.

Subject to and without waiver of the foregoing general and specific objections, in response to Request No. 38, JPMorgan states that it will produce (and/or has already produced) non-privileged documents, if any, that relate to the April Proposed Settlement, the April Plan, the Proposed LBO Settlement, and/or the Plans, based on a good faith and reasonable search for responsive documents.

**Request No. 39:**

All Documents and Communications relating to any discussion, consideration, analysis, review, assessment or evaluation of the potential impact of the bar order contained in the Proposed LBO Settlement and/or Debtor/Committee/Lender Plan on the value of the Preserved Causes of Action.

**Response to Request No. 39**:

JPMorgan objects to Request No. 39 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and duplicative, and is not reasonably calculated to the lead to the discovery of admissible evidence. JPMorgan further objects to Request No. 39 on the grounds that it calls for the production of Privileged Material.

Subject to and without waiver of the foregoing general and specific objections, in response to Request No. 39, JPMorgan states that it will produce (and/or has already produced) non-privileged documents, if any, that relate to the April Proposed Settlement, the April Plan, the Proposed LBO Settlement, and/or the Plans, based on a good faith and reasonable search for responsive documents.

**Request No. 40**:

All Documents and Communications relating to the Examiner or the development of the Examiner's Report, including all interviews by, or Communications with, the Examiner.

**Response to Request No. 40**:

JPMorgan objects to Request No. 40 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to the lead to the discovery of admissible evidence. JPMorgan further objects to Request No. 40 on the grounds that it calls for the production of Privileged Material and material protected from disclosure by the Examiner Order and/or Discharge Order.

Subject to and without waiver of the foregoing general and specific objections, in response to Request No. 40, JPMorgan states that it will produce (and/or has already produced) non-privileged documents, if any, that relate to the April Proposed Settlement, the April Plan, the Proposed LBO Settlement, and/or the Plans, based on a good faith and reasonable search for responsive documents.

**Request No. 41:**

All Documents and Communications relating to the Examiner's Report, including but not limited to any discussions, analyses, critiques or evaluations of the conclusions or calculations set forth in the Examiner's Report or any of the evidence contained or referred to therein, and any follow-up investigation or analysis of any Person(s) discussed in the Examiner's Report.

**Response to Request No. 41:**

JPMorgan objects to Request No. 41 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to the lead to the discovery of admissible evidence. JPMorgan further objects to Request No. 41 on the grounds that it calls for the production of Privileged Material and material protected from disclosure by the Examiner Order and/or Discharge Order.

Subject to and without waiver of the foregoing general and specific objections, in response to Request No. 41, JPMorgan states that it will produce (and/or has already produced) non-privileged documents, if any, that relate to the April Proposed Settlement, the April Plan, the Proposed LBO Settlement, and/or the Plans, based on a good faith and reasonable search for responsive documents.

**Request No. 42:**

All Documents and Communications requested by but not produced to the Examiner.

**Response to Request No. 42:**

JPMorgan objects to Request No. 42 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to the lead to the discovery of admissible evidence. JPMorgan further objects to Request No. 42 on the grounds that it calls for the production of Privileged Material and material protected from disclosure by the Examiner Order and/or Discharge Order.

**Request No. 43:**

All Communications or notes relating to Communications with the Examiner.

**Response to Request No. 43:**

JPMorgan objects to Request No. 43 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to the lead to the discovery of admissible evidence. JPMorgan further objects to Request No. 43 on the grounds that it calls for the production of Privileged Material and material protected from disclosure by the Examiner Order and/or Discharge Order.

**Request No. 44:**

To the extent not contained within the Document Depository, all Documents and Communications relating to the LBO or actual or proposed financing thereof, including, but not limited to:

(i)      any presentations, proposals, term sheets, commitment letters, credit committee memoranda, meeting minutes, reports, summaries, analyses, comments or discussions;

(ii)      any projections or forecasts of Tribune's (or any Tribune Entity's) financial, cash flow, or operating performance, liquidity, and available capital including sources created between January 1, 2006 and December 31, 2008;

(iii)      all Tribune Entities' balance sheets, income statements, statements of cash flow, liquidity or capital adequacy analyses, general ledgers or other similar financial report of any kind or nature created between January 1, 2006 and December 31, 2008;

(iv)      any Documents or Communications relating to the structure of the LBO, including but not limited to the decision to carry out the LBO in two steps;

(v)      any Documents or Communications relating to the solvency or anticipated or potential solvency of Tribune (or any Tribune Entity) created between January 1, 2007 and December 31, 2008, including, but not limited to, whether as a result of the LBO and the proposed financing thereof, the value of the Tribune's (or any Tribune Entity's) assets was/were exceeded by its/their liabilities, whether Tribune (or any Tribune Entity) was/were left with unreasonably small capital, whether the Tribune (or any Tribune Entity) was/were unable to pay its/their debts as they became due, and whether the Step Two Lenders (as defined in the Examiner's Report) should fund the Step Two Transactions; and

52

(vi)    the personnel files of all executives and/or management-level individuals involved with the LBO.

**Response to Request No. 44:**

JPMorgan objects to Request No. 44 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to the lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing general and specific objections, in response to Request No. 44, JPMorgan states, as previously described (*see supra* General Objection No. 7), that it conducted an extensive collection, review and production of information and materials relating to the LBO-Related Causes of Action. JPMorgan refers Aurelius to the Document Depository.

**Request No. 45:**

All Documents and Communications relating to Murray Devine, including, but not limited to, all reports and Documents created by Murray Devine, all correspondence with Murray Devine and any Documents and Communications reflecting discussions with Murray Devine reflecting the possibility of Murray Devine issuing an opinion respecting Tribune.

**Response to Request No. 45:**

JPMorgan objects to Request No. 45 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to the lead to the discovery of admissible evidence. JPMorgan further objects to Request No. 45 on the grounds that it calls for the production of Privileged Material. JPMorgan further objects to Request No. 45 to the extent it calls for the production of documents not within JPMorgan's possession, custody or control.

Subject to and without waiver of the foregoing general and specific objections, in response to Request No. 45, JPMorgan states, as previously described (*see supra* General

Objection No. 7), that it conducted an extensive collection, review and production of

information and materials relating to the LBO-Related Causes of Action.  JPMorgan

refers Aurelius to the Document Depository and the privilege log produced in connection

with JPMorgan's production to the Document Depository.

**Request No. 46:**

To the extent not contained within the Document Depository, all Documents or
Communications relating to the purchase, sale, assignment, or other acquisition or
disposition by any of (a) the Tribune Individuals, (b) the Special Committee Individuals.
(c) the Committee Individuals or (d) the Settling Parties of any interest in the Senior
Notes, PHONES Notes, Senior Loans or Bridge Loans, including, but not limited to, any
Documents and Communications relating to the instruments by which such Person
purchased, sold, assigned, or otherwise acquired or disposed of any interest in the LBO
Lender Debt.

**Response to Request No. 46:**

JPMorgan objects to Request No. 46 on the grounds that it is overbroad, vague,

ambiguous, unduly burdensome, and is not reasonably calculated to the lead to the

discovery of admissible evidence.  JPMorgan further objects to Request No. 46 on the

grounds that it calls for the production of documents, or information, containing

confidential financial, trade secret or proprietary information, the disclosure of which

would or could adversely affect JPMorgan or customers or clients of JPMorgan or its

legal or financial advisers.  JPMorgan further objects to Request No. 46 on the grounds

that it seeks the production of documents, or information, not in JPMorgan's possession,

custody or control and that are more easily obtained from other parties.

Subject to and without waiver of the foregoing general and specific objections, in

response to Request No. 46, JPMorgan states, as previously described (*see supra* General

Objection No. 7), that it conducted an extensive collection, review and production of

information and materials relating to the LBO-Related Causes of Action.  JPMorgan

54

further refers Aurelius to the Document Depository.  Further, subject to and without

waiver of the foregoing general and specific objections, JPMorgan states that it will

produce (and/or has already produced) non-privileged documents, if any, that relate to the

April Proposed Settlement, the April Plan, the Proposed LBO Settlement, and/or the

Plans, based on a good faith and reasonable search for responsive documents.

**Request No. 47:**

To the extent not contained within the Document Depository, all Documents and
Communications relating to the purchase, sale, assignment, or other acquisition or
disposition by any of the Tribune Individuals or any of the Settling Parties of any other
economic interest in or tied to Tribune, including, but not limited to, any debt or equity
interests, swaps, derivatives, or options.

**Response to Request No. 47:**

JPMorgan objects to Request No. 47 on the grounds that it is overbroad, vague,

ambiguous, unduly burdensome, and is not reasonably calculated to the lead to the

discovery of admissible evidence.  JPMorgan further objects to Request No. 47 on the

grounds that it calls for the production of documents, or information, containing

confidential financial, trade secret or proprietary information, the disclosure of which

would or could adversely affect JPMorgan or customers or clients of JPMorgan or its

legal or financial advisers.  JPMorgan further objects to Request No. 47 on the grounds

that it seeks the production of documents, or information, not in JPMorgan's possession,

custody or control and that are more easily obtained from other parties.

Subject to and without waiver of the foregoing general and specific objections, in

response to Request No. 47, JPMorgan states, as previously described (*see supra* General

Objection No. 7), that it conducted an extensive collection, review and production of

information and materials relating to the LBO-Related Causes of Action.  JPMorgan

further refers Aurelius to the Document Depository.   Further, subject to and without

waiver of the foregoing general and specific objections, JPMorgan states that it will

produce (and/or has already produced) non-privileged documents, if any, that relate to the

April Proposed Settlement, the April Plan, the Proposed LBO Settlement, and/or the

Plans, based on a good faith and reasonable search for responsive documents.

**Request No. 48:**

To the extent not contained within the Document Depository, all Documents and
Communications relating to the circumstances under which any Settling Party was
selected for, or otherwise became involved in any aspect of the LBO, but excluding LBO
documents not relating to such circumstances.

**Response to Request No. 48:**

JPMorgan objects to Request No. 48 on the grounds that it is overbroad, vague,

ambiguous, incomprehensible, unduly burdensome, and is not reasonably calculated to

the lead to the discovery of admissible evidence.  JPMorgan further objects to Request

No. 48 to the extent that it seeks the production of documents, or information, not in

JPMorgan's possession, custody or control, particularly insofar as it calls for documents

relating to circumstances of Settling Parties other than JPMorgan.

Subject to and without waiver of the foregoing general and specific objections, in

response to Request No. 48, JPMorgan states, as previously described (*see supra* General

Objection No. 7), that it conducted an extensive collection, review and production of

information and materials relating to the LBO-Related Causes of Action.  JPMorgan

further refers Aurelius to the Document Depository.

**Request No. 49:**

All Documents and Communications relating to the Reorganized Value Analysis,
the Enterprise Value, or the Equity Value (as each of those terms are defined and used in
the General Disclosure Statement), including, but not limited to, the allocation of
Enterprise Value or Equity Value as between the various Debtor entities, all business
plans, projections, forecasts, market reports, financial information and any other

Documents and Communications relating to the valuation of Debtors and/or allocation of value between and among the Debtors generated on or after January 1, 2010.

**Response to Request No. 49:**

JPMorgan objects to Request No. 49 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to the lead to the discovery of admissible evidence. JPMorgan further objects to Request No. 49 on the grounds that it calls for the production of Privileged Material. JPMorgan further objects to Request No. 49 to the extent that it seeks the production of documents not in JPMorgan's possession, custody or control and that are more easily obtained from other parties.

Subject to and without waiver of the foregoing general and specific objections, in response to Request No. 49, JPMorgan states that it will produce (and/or has already produced) non-privileged documents, if any, that relate to the April Proposed Settlement, the April Plan, the Proposed LBO Settlement, and/or the Plans, based on a good faith and reasonable search for responsive documents.

**Request No. 50:**

All Documents and Communications relating to the actual or potential recoveries by or distributions to holders of the Senior Notes or the PHONES Notes pursuant to the Debtor/Committee/Lender Plan or any other actual or proposed plan of reorganization.

**Response to Request No. 50:**

JPMorgan objects to Request No. 50 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to the lead to the discovery of admissible evidence. JPMorgan further objects to Request No. 50 on the grounds that it calls for the production of Privileged Material.

Subject to and without waiver of the foregoing general and specific objections, in

response to Request No. 50, JPMorgan states that it will produce (and/or has already produced) non-privileged documents, if any, that relate to the April Proposed Settlement, the April Plan, the Proposed LBO Settlement, and/or the Plans, based on a good faith and reasonable search for responsive documents.

**Request No. 51:**

All Documents relating to the projected valuation and capitalization of the Debtors post-bankruptcy, including Documents relating to leverage, liquidity, and pro-forma cap structure.

**Response to Request No. 51:**

JPMorgan objects to Request No. 51 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to the lead to the discovery of admissible evidence. JPMorgan further objects to Request No. 51 on the grounds that it calls for the production of Privileged Material. JPMorgan further objects to Request No. 51 on the grounds that it calls for the production of documents, or information, not within JPMorgan's possession, custody or control and that are more easily obtained from other parties.

Subject to and without waiver of the foregoing general and specific objections, in response to Request No. 51, JPMorgan states that it will produce (and/or has already produced) non-privileged documents, if any, that relate to the April Proposed Settlement, the April Plan, the Proposed LBO Settlement, and/or the Plans, based on a good faith and reasonable search for responsive documents.

**Request No. 52:**

All Documents and Communications relating to the Standing Motion, including any of the draft complaints filed or circulated by the Committee.

**Response to Request No. 52:**

58

JPMorgan objects to Request No. 52 on the grounds that it seeks the production of documents, or information, not within JPMorgan's possession, custody or control and are more easily obtained from other parties. JPMorgan objects to Request No. 52 on the grounds that it is overbroad, vague, ambiguous, and unduly burdensome. JPMorgan further objects to Request No. 52 on the grounds that it seeks documents or information that are irrelevant and that it is not reasonably calculated to the lead to the discovery of admissible evidence. JPMorgan further objects to Request No. 52 on the grounds that it calls for the production of Privileged Material.

**Request No. 53:**

All drafts of the Debtor/Committee/Lender Plan and Specific Disclosure Statement relating to the Debtor/Committee/Lender Plan, and all Documents and Communications relating to any such drafts.

**Response to Request No. 53:**

JPMorgan objects to Request No. 53 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to the lead to the discovery of admissible evidence. JPMorgan further objects to Request No. 53 on the grounds that it calls for the production of Privileged Material.

Subject to and without waiver of the foregoing general and specific objections, in response to Request No. 53, JPMorgan states that it will produce (and/or has already produced) non-privileged documents, if any, that relate to the April Proposed Settlement, the April Plan, the Proposed LBO Settlement, and/or the Plans, based on a good faith and reasonable search for responsive documents.

**Request No. 54:**

All drafts of the Joint Disclosure Statement, and all Documents and Communications relating to any such drafts.

59

**Response to Request No. 54**:

JPMorgan objects to Request No. 54 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to the lead to the discovery of admissible evidence.  JPMorgan further objects to Request No. 54 on the grounds that it calls for the production of Privileged Material.

Subject to and without waiver of the foregoing general and specific objections, in response to Request No. 54, JPMorgan states that it will produce (and/or has already produced) non-privileged documents, if any, that relate to the April Proposed Settlement, the April Plan, the Proposed LBO Settlement, and/or the Plans, based on a good faith and reasonable search for responsive documents.

**Request No. 55:**

All drafts of any Rule 9019 Motion relating to the Proposed LBO Settlement, and all Documents and Communications relating to any such drafts.

**Response to Request No. 55:**

JPMorgan objects to Request No. 55 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and is not reasonably calculated to the lead to the discovery of admissible evidence.  JPMorgan further objects to Request No. 55 on the grounds that it calls for the production of Privileged Material.

Subject to and without waiver of the foregoing general and specific objections, JPMorgan states that there are no documents responsive to Request No. 55 in its possession, custody or control.

**Request No. 56:**

All drafts of any confirmation brief relating to the Debtor/Committee/Lender Plan, and all Documents and Communications relating to any such drafts.

**Response to Request No. 56:**

JPMorgan objects to Request No. 56 on the grounds that it is overbroad, vague,

ambiguous, unduly burdensome, premature, and is not reasonably calculated to the lead

to the discovery of admissible evidence.  JPMorgan further objects to Request No. 56 on

the grounds that it intentionally calls for the production of Privileged Material.

Subject to and without waiver of the foregoing general and specific objections, in

response to Request No. 56, JPMorgan states that it will comply with its obligations

under the Case Management Order with respect to the filing of a confirmation brief.

**Request No. 57:**

All Documents and Communications relating to the proposed confirmation
schedule and parameters of confirmation-related discovery, including, but not limited to
(i) Documents, Communications and drafts relating to the Debtors' motion to set the
confirmation schedule and establish parameters of confirmation-related discovery, filed
with the Court on November 8, 2010; (ii) Documents and Communications relating to the
Discovery and Scheduling Order for Plan Confirmation, attached as Exhibit G to the
Objection of Aurelius Capital Management, LP To The Debtors' Motion For Entry Of An
Order Setting Confirmation Schedule And Establishing Parameters Of Confirmation-
Related Discovery, filed with the Court on November 22, 2010; and (iii) Documents and
Communications relating to the Black Line Order Proposed by Aurelius and the Order
Proposed by the Debtors, attached as Exhibit G to the Omnibus Reply Of Debtors To
Objections To Solicitation Motion And In Support Of Entry Of An Order Imposing
Reasonable Limitations On Confirmation-Related Discovery And The Confirmation
Hearing, filed with the Court on November 24, 2010.

**Response to Request No. 57:**

JPMorgan objects to Request No. 57 on the grounds that it is overbroad, vague,

ambiguous, unduly burdensome and is not reasonably calculated to the lead to the

discovery of admissible evidence.  JPMorgan further objects to Request No. 57 on the

grounds that it intentionally calls for the production of Privileged Material.

Subject to and without waiver of the foregoing general and specific objections, in

response to Request No. 57, JPMorgan states that it will produce (and/or has already

produced) non-privileged documents, if any, that relate to the April Proposed Settlement,

the April Plan, the Proposed LBO Settlement, and/or the Plans, based on a good faith and reasonable search for responsive documents.

**Request No. 58:**

All Communications with the Debtors, Settling Parties and/or other Potential LBO Liability Parties relating to the Mediation or the Mediator.

**Response to Request No. 58:**

JPMorgan objects to Request No. 58 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to the lead to the discovery of admissible evidence. JPMorgan further objects to Request No. 58 on the grounds that it calls for the production of Privileged Material and material protected by the Mediation Order. JPMorgan further objects to Request No. 58 on the grounds that it seeks documents not within JPMorgan's possession, custody or control, particularly insofar as it calls for documents between the Debtors and Settling Parties and/or other Potential LBO Liability Parties other than JPMorgan.

**Request No. 59:**

All Documents and Communications relating to any direct or indirect economic interest in Tribune held by any of the Tribune Individuals or any of the Settling Parties, including, but not limited to, claims for which any of the Tribune Individuals or any of the Settling Parties has the ability to control the vote of (either contractually or otherwise), long positions, short positions, swap positions, participations and any other derivative positions, by tranche or series, if applicable, including the date of issuance of such tranche or series, and any short positions or derivative exposure.

**Response to Request No. 59:**

JPMorgan objects to Request No. 59 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to the lead to the discovery of admissible evidence. JPMorgan further objects to Request No. 59 on the grounds that it call for the production of documents not within JPMorgan's possession,

custody or control, particularly insofar as it calls for documents reflecting the interest in Tribune held by any of the Tribune Individuals or any of the Settling Parties other than JPMorgan.

Subject to and without waiver of the foregoing general and specific objections, in response to Request No. 59, JPMorgan states that it will produce (and/or has already produced) non-privileged documents, if any, that relate to the April Proposed Settlement, the April Plan, the Proposed LBO Settlement, and/or the Plans, based on a good faith and reasonable search for responsive documents.

**Request No. 60:**

All Documents that JPMorgan relied on in determining, or will rely on in arguing, that the Proposed LBO Settlement is in the best interest of the Estate and should be approved and/or that the Debtor/Committee/Lender Plan should be confirmed.

**Response to Request No. 60:**

JPMorgan objects to Request No. 60 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and is not reasonably calculated to the lead to the discovery of admissible evidence.  JPMorgan further objects to Request No. 60 on the grounds that it intentionally calls for the production of Privileged Material.  JPMorgan further objects to Request No. 60 as premature.

Subject to and without waiver of the foregoing general and specific objections, in response to Request No. 60, JPMorgan states that it will produce (and/or has already produced) non-privileged documents, if any, that relate to the April Proposed Settlement, the April Plan, the Proposed LBO Settlement, and/or the Plans, based on a good faith and reasonable search for responsive documents.

**Request No. 61:**

All Documents and Communications upon which JPMorgan intends to rely in connection with the Confirmation Hearing.

**Response to Request No. 61:**

JPMorgan objects to Request No. 61 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and duplicative, and is not reasonably calculated to the lead to the discovery of admissible evidence. JPMorgan further objects to Request No. 61 on the grounds that it intentionally calls for the production of Privileged Material. JPMorgan further objects to Request No. 61 as premature.

Subject to and without waiver of the foregoing general and specific objections, JPMorgan states that it will comply with its obligations under the Case Management Order with respect to confirmation hearing discovery, and that it will produce (and/or has already produced) non-privileged documents, if any, that relate to the April Proposed Settlement, the April Plan, the Proposed LBO Settlement, and/or the Plans, based on a good faith and reasonable search for responsive documents.

**Request No. 62:**

All Documents and Communications relating to any potential, proposed, or actual plan(s) of reorganization for the Debtors that have been considered, discussed, or negotiated, including but not limited to the so called "purity plan," any other plan(s) that would put all LBO-Related Causes of Action into trusts for post-emergence resolution, and/or any plan(s) that would establish a reserve for distributions to any of the Settling Parties.

**Response to Request No. 62:**

JPMorgan objects to Request No. 62 on the grounds that it is overbroad, vague, ambiguous, incomprehensible, unduly burdensome, and is not reasonably calculated to the lead to the discovery of admissible evidence. JPMorgan further objects to Request No. 62 on the grounds that it calls for the production of Privileged Material.

Subject to and without waiver of the foregoing general and specific objections, in

response to Request No. 62, JPMorgan states that it will produce (and/or has already produced) non-privileged documents, if any, that relate to the April Proposed Settlement, the April Plan, the Proposed LBO Settlement, and/or the Plans, based on a good faith and reasonable search for responsive documents.

**Request No. 63:**

All Documents and Communications relating to any discussion, consideration, analysis, review, assessment or evaluation of placing Preserved Causes of Action in the Creditors' Trust (as defined on Page 8 of the Debtor/Committee/Lender Plan) or the Litigation Trust (as defined on Page 16 of the Debtor/Committee/Lender Plan).

**Response to Request No. 63:**

JPMorgan objects to Request No. 63 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and duplicative, and is not reasonably calculated to the lead to the discovery of admissible evidence.  JPMorgan further objects to Request No. 63 on the grounds that it calls for the production of Privileged Material.  JPMorgan further objects to Request No. 63 on the grounds that it seeks the production of documents, or information, not within JPMorgan's possession, custody or control and that are more easily obtained from other parties.

Subject to and without waiver of the foregoing general and specific objections,  in response to Request No. 63, JPMorgan states that it will produce (and/or has already produced) non-privileged documents, if any, that relate to the April Proposed Settlement, the April Plan, the Proposed LBO Settlement, and/or the Plans, based on a good faith and reasonable search for responsive documents.

**Request No. 64:**

All Documents and Communications relating to the allocation of any proceeds to be distributed by any of the trusts created by any plan of reorganization for the Debtors.

**Response to Request No. 64**:

JPMorgan objects to Request No. 64 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to the lead to the discovery of admissible evidence. JPMorgan further objects to Request No. 64 on the grounds that it calls for the production of Privileged Material.

Subject to and without waiver of the foregoing general and specific objections, in response to Request No. 64, JPMorgan states that it will produce (and/or has already produced) non-privileged documents, if any, that relate to the April Proposed Settlement, the April Plan, the Proposed LBO Settlement, and/or the Plans, based on a good faith and reasonable search for responsive documents.

**Request No. 65**:

All Documents and Communications relating to any inter-company claim analysis or evidencing current claims between Debtor entities.

**Response to Request No. 65**:

JPMorgan objects to Request No. 65 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to the lead to the discovery of admissible evidence. JPMorgan further objects to Request No. 65 on the grounds that it calls for the production of Privileged Material. JPMorgan further objects to Request No. 65 on the grounds that it seeks documents not within JPMorgan's possession, custody or control and that are more easily obtained from other parties.

Subject to and without waiver of the foregoing general and specific objections, in response to Request No. 65, JPMorgan states that it will produce (and/or has already produced) non-privileged documents, if any, that relate to the April Proposed Settlement, the April Plan, the Proposed LBO Settlement, and/or the Plans, based on a good faith and

reasonable search for responsive documents.

**Request No. 66:**

All Documents and Communications relating to the Intercompany Claims Settlement, as that term is used in the Specific Disclosure Statement relating to the Debtor/Committee/Lender Plan.

**Response to Request No. 66:**

JPMorgan objects to Request No. 66 on the grounds that it is overbroad, vague,

ambiguous, unduly burdensome, and is not reasonably calculated to the lead to the

discovery of admissible evidence.  JPMorgan further objects to Request No. 66 on the

grounds that it calls for the production of Privileged Material.

Subject to and without waiver of the foregoing general and specific objections, in

response to Request No. 66, JPMorgan states that it will produce (and/or has already

produced) non-privileged documents, if any, that relate to the April Proposed Settlement,

the April Plan, the Proposed LBO Settlement, and/or the Plans, based on a good faith and

reasonable search for responsive documents.

**Request No. 67:**

All Documents and Communications relating to the allowance and treatment of claims of general unsecured creditors of the Debtors and Subsidiary Debtors (as defined in the Debtor/Committee/Lender Plan), including, but not limited to, Documents and Communications relating to how the proposed treatment of such claims changed over time.

**Response to Request No. 67:**

JPMorgan objects to Request No. 67 on the grounds that it is overbroad, vague,

ambiguous, unduly burdensome and is not reasonably calculated to the lead to the

discovery of admissible evidence.  JPMorgan further objects to Request No. 67 on the

grounds that it calls for the production of Privileged Material.

Subject to and without waiver of the foregoing general and specific objections, in

67

response to Request No. 67, JPMorgan states that it will produce (and/or has already

produced) non-privileged documents, if any, that relate to the April Proposed Settlement,

the April Plan, the Proposed LBO Settlement, and/or the Plans, based on a good faith and

reasonable search for responsive documents.

**Request No. 68:**

All Documents and Communications relating to the retention by the Debtors and
their Estates of the Ordinary Litigation Claims (as defined on Page 20 of the
Debtor/Committee/Lender Plan), as described in Section 5.16 of the
Debtor/Committee/Lender Plan.

**Response to Request No. 68:**

JPMorgan objects to Request No. 68 on the grounds that it is overbroad, vague,

ambiguous, unduly burdensome and is not reasonably calculated to the lead to the

discovery of admissible evidence. JPMorgan further objects to Request No. 68 on the

grounds that it calls for the production of Privileged Material.

Subject to and without waiver of the foregoing general and specific objections, in

response to Request No. 68, JPMorgan states that it will produce (and/or has already

produced) non-privileged documents, if any, that relate to the April Proposed Settlement,

the April Plan, the Proposed LBO Settlement, and/or the Plans, based on a good faith and

reasonable search for responsive documents.

**Request No. 69:**

All Documents and Communications relating to any discussion, consideration,
analysis, review, assessment or evaluation of the Bridge Loan Reserve (as defined on
Page 4 of the Debtor/Committee/Lender Plan).

**Response to Request No. 69:**

JPMorgan objects to Request No. 69 on the grounds that it is overbroad, vague,

ambiguous, unduly burdensome and is not reasonably calculated to the lead to the

discovery of admissible evidence.  JPMorgan further objects to Request No. 69 on the

grounds that it calls for the production of Privileged Material.

Subject to and without waiver of the foregoing general and specific objections,  in

response to Request No. 69, JPMorgan states that it will produce (and/or has already

produced) non-privileged documents, if any, that relate to the April Proposed Settlement,

the April Plan, the Proposed LBO Settlement, and/or the Plans, based on a good faith and

reasonable search for responsive documents.

**Request No. 70:**

All Documents and Communications relating to the Swap Claim (as defined by
the Debtor/Committee/Lender Plan), including the identity of the past or current holder(s)
or owner(s) of such claim, any assessment or review of Debtors' potential liability on the
Swap Claim, and the negotiation of its allowance and classification in the
Debtor/Committee/Lender Plan.

**Response to Request No. 70:**

JPMorgan objects to Request No. 70 on the grounds that it is overbroad, vague,

ambiguous, unduly burdensome and is not reasonably calculated to the lead to the

discovery of admissible evidence.  JPMorgan further objects to Request No. 70 on the

grounds that it calls for the production of Privileged Material.

Subject to and without waiver of the foregoing general and specific objections,  in

response to Request No. 70, JPMorgan states that it will produce (and/or has already

produced) non-privileged documents, if any, that relate to the April Proposed Settlement,

the April Plan, the Proposed LBO Settlement, and/or the Plans, based on a good faith and

reasonable search for responsive documents.

**Request No. 71:**

All Documents and Communications relating to the PHONES Notes, including
the identity of the past or current holder(s) or owner(s) of such PHONES Notes, any
assessment or review of Debtors' potential liability for a greater amount than that allowed

for the PHONES Notes Claims (as defined by the Debtor/Committee/Lender Plan), and the negotiation of its allowance and classification of the PHONES Notes Claims in the Debtor/Committee/Lender Plan.

**Response to Request No. 71:**

JPMorgan objects to Request No. 71 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and is not reasonably calculated to the lead to the discovery of admissible evidence. JPMorgan further objects to Request No. 71 on the grounds that it calls for the production of Privileged Material. JPMorgan further objects to Request No. 71 to the extent that it call for the production of documents not within JPMorgan's possession, custody or control.

Subject to and without waiver of the foregoing general and specific objections, in response to Request No. 71, JPMorgan states that it will produce (and/or has already produced) non-privileged documents, if any, that relate to the April Proposed Settlement, the April Plan, the Proposed LBO Settlement, and/or the Plans, based on a good faith and reasonable search for responsive documents.

**Request No. 72:**

All Documents and Communications relating to the Retiree Claimant Settlement Agreement (as defined by the Debtor/Committee/Lender Plan), including the identity of the past or current Retiree Claimants (as defined by the Debtor/Committee/Lender Plan), any assessment or review of Debtors' potential liability to the Retiree Claimants, and the negotiation and Plan treatment of the Retiree Claimant Settlement Agreement in the Debtor/Committee/Lender Plan.

**Response to Request No. 72:**

JPMorgan objects to Request No. 72 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and is not reasonably calculated to the lead to the discovery of admissible evidence. JPMorgan further objects to Request No. 72 on the grounds that it calls for the production of Privileged Material.

70

Subject to and without waiver of the foregoing general and specific objections, in response to Request No. 72, JPMorgan states that it will produce (and/or has already produced) non-privileged documents, if any, that relate to the April Proposed Settlement, the April Plan, the Proposed LBO Settlement, and/or the Plans, based on a good faith and reasonable search for responsive documents.

**Request No. 73:**

All prior document requests or subpoenas received by JPMorgan in connection with the above-captioned case or any related adversary proceeding and all subsequent Communications concerning (i) such requests or subpoenas; (ii) any objections or clarifications thereto; or (iii) any subsequent production.

**Response to Request No. 73:**

JPMorgan objects to Request No. 73 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and is not reasonably calculated to the lead to the discovery of admissible evidence. JPMorgan further objects to Request No. 73 on the grounds that it calls for the production of Privileged Material. JPMorgan further objects to Request No. 73 to the extent it seeks the production of documents that are publicly available or are otherwise already available or readily available to Aurelius through other means.

**Request No. 74:**

Any and all privilege log(s) created in connection with the above-captioned case, whether or not those privilege log(s) was/were produced to any other party.

**Response to Request No. 74:**

JPMorgan objects to Request No. 74 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and is not reasonably calculated to the lead to the discovery of admissible evidence.