## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, *et al.*, | Case No. 08-13141 (KJC) |
| Debtors.[1] | Jointly Administered |
| | Hearing Date: *Only if objections are filed* |
| | Obj. Deadline: July 18, 2011 at 4:00 p.m. |

## FIRST MONTHLY APPLICATION OF SITRICK AND COMPANY FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS CORPORATE COMMUNICATIONS CONSULTANTS TO DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM AUGUST 26, 2010 THROUGH SEPTEMBER 30, 2010

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

| | |
|---|---|
| Name of Applicant: | Sitrick and Company Inc. |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention | December 13, 2010, nunc pro tunc to August 26, 2010 |
| Period for which compensation and reimbursement is sought: | August 26, 2010 through September 30, 2010 |
| Amount of Compensation sought as actual, reasonable and necessary: | $56,917.00 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $2,626.22 |

This is a(n): _x_ monthly ___ interim ___ final application

46429/0001-7714968v1

# SITRICK AND COMPANY

## PROFESSIONAL SUMMARY

| Name of Professional Person | Position | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Michael Sitrick | Member of the Firm | $895.00 | 61.80 | $55,311.00 |
| Michael Sitrick | Non-working Travel | $447.50 | 12.70 | $5,683.25 |
| Lewis Phelps | Member of the Firm | $795.00 | 21.30 | $16,933.50 |
| Lewis Phelps | Non-working Travel | $397.50 | 13.70 | $5,445.75 |
| James Bates | Member of the Firm | $595.00 | 1.00 | $595.00 |
| Brian Glicklich | Member of the Firm | $550.00 | 1.30 | $715.00 |
| Alex Dickel | Associate | $185.00 | 1.50 | $277.50 |
| Liza Nedelman | Associate | $185.00 | 1.10 | $203.50 |
| Jean Trinh | Associate | $185.00 | .60 | $111.00 |

**Blended Hourly Rate:**    $741.53
**Total Hours Billed:**    115.00
**GRAND TOTAL:**    $85,275.50

46429/0001-7714968v1

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable) | Expense |
|---|---|---|
| Airfare | American Airlines, Delta Airlines | $2,312.00 |
| Conference Calls | Adigo | 34.15 |
| Lodging | Intercontinental Hotel | 206.57 |
| Meals | | 50.00 |
| Mileage | 27 Miles at $.50 each mile | 13.50 |
| Other | Tips | 10.00 |
| **TOTAL EXPENSES:** | | **$2,626.22** |

All travel expenses have been incurred at the clients' request. Travel time has been billed at half rate and all travel has been booked at economy rates as per the local rules. The one trip incurred by the Sitrick team was to meet with Gary and Jeff for a communication strategy meeting.

46429/0001-7714968v1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, *et al.*, | Case No. 08-13141 (KJC) |
| Debtors.[1] | Jointly Administered |
| | Hearing Date: *Only if objections are filed* |
| | Obj. Deadline: July 18, 2011 at 4:00 p.m. |

## FIRST MONTHLY APPLICATION OF SITRICK AND COMPANY FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS CORPORATE COMMUNICATIONS CONSULTANTS TO DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM AUGUST 26, 2010 THROUGH SEPTEMBER 30, 2010

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering TMusic Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Sitrick and Company Inc. ("**Sitrick**" or the "**Applicant**"), Corporate Communications Consultants to the debtors and debtors in possession (the "**Debtors**"), hereby submits this First Monthly Application of Sitrick and Company Inc. (the "**Application**") for Compensation for Services Rendered and Reimbursement of Expenses for the Period From August 26, 2010 Through September 30, 2010 (the "**Application Period**") pursuant to 11 U.S.C. §§ 330 and 331. By this Application, Sitrick seeks allowance of fees in the amount of $56,917.00 (of which 80% or $45,533.60 is to be paid currently) and $2,626.22 for reimbursement of actual and necessary expenses for a total of $59,543.22 to be paid currently for the Application Period.  In support hereof, Sitrick respectfully represents as follows:

## BACKGROUND

1.      On December 8, 2008, the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009 (collectively, the "**Chapter 11 Cases**").  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On December 10, 2008, the Court entered an Order directing the joint administration of the Debtors' Chapter 11 Cases under the case of Tribune Company, Case No. 08-13141.  (Docket No. 43).

3.      On September 25, 2010, Sitrick filed an *Application of the Debtors for an Order Authorizing Debtor Tribune Company to Retain and Employ Sitrick and Company as Corporate*

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

*Communications Consultants Pursuant to 11 U.S.C. § 327(a), Nunc Pro Tunc to August 26,*

*2010.* (Docket No. 5813).

4.     On December 13, 2010, the Court entered an *Order Authorizing Debtor Tribune*

*Company to Retain and Employ Sitrick and Company as Corporate Communications*

*Consultants Pursuant to 11 U.S.C. § 327(a), Nunc Pro Tunc to August 26, 2010* (the "**Retention**

**Order**"). (Docket No. 7158).

5.     On January 15, 2009, this Court entered the *Order Establishing Procedures for*

*Interim Compensation and Reimbursement of Expenses of Professionals and Committee*

*Members Pursuant to 11 U.S.C. §§ 105(a) and 331* (the "**Compensation Order**").  In

accordance with the Compensation Order, professionals retained in these cases are permitted to

file monthly applications for interim approval and allowance of compensation.

## JURISDICTION

6.     This Court has jurisdiction over the Application under 28 U.S.C. § 1334.  This

matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

7.     The statutory bases for the relief requested herein are sections 330 and 331 of the

Bankruptcy Code.

## TERMS AND CONDITIONS OF COMPENSATION

8.     Subject to Bankruptcy Court approval, Sitrick seeks payment on an hourly basis,

plus reimbursement of actual, necessary expenses incurred by Sitrick during the Application

Period.  The rates charged by Sitrick in these cases do not differ from the rates charged to the

Applicant's non-bankruptcy clients.

9.     A summary of the hours spent, the names of each professional rendering services

to the Debtors during the Application Period, the regular customary billing rates and the total

3

value of time incurred by each of the Sitrick professionals rendering services to the Debtors is attached hereto. A copy of the computer generated time entries reflecting the time recorded for these services is attached hereto as Exhibit A.[3] A statement of expenses incurred by Sitrick during the Application Period is attached hereto as Exhibit B. Sitrick will charge copying at $0.10 per page. All time entries and requested expenses are in compliance with the applicable Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

10.    All services for which compensation are requested and expenses for which reimbursement are requested are reasonable and necessary and were performed for and on behalf of the Debtors during the Application Period.

## SERVICES PERFORMED

11.    The work performed by Sitrick and the time spent between August 26, 2010 and September 30, 2010 is summarized as follows:

(a)    Sitrick researched and monitored news coverage concerning these Chapter 11 Cases and the Debtors.

(b)    Sitrick worked on media strategy and traveled for various meetings with the Debtors' constituencies.

(c)    Sitrick acted as a spokesperson for the Debtors in response to media inquiries from numerous print and broadcast reporters.

(d)    Sitrick reviewed the docket and various relevant court filings so that it could appropriately address and answer media questions and concerns.

---

[3] Sitrick does not typically provide services to its clients in specific categories as other professionals do, such as legal and financial advisors. With the exception of the time that Sitrick has billed or will bill in connection with the preparation of its applications for approval of fees and expenses, all of Sitrick's services fall within the general category of "Corporate Communications Strategy" as more specifically set forth herein.

4

## CALCULATION OF TIME AND FEES

12.     This is Sitrick's first monthly application for compensation for services rendered and reimbursement of expenses.  It covers the period from August 26, 2010 through September 30, 2010.  All professional services for which compensation is requested herein, and all reimbursement for expenses incurred, have been for services directly related to the Chapter 11 Cases and were rendered for the benefit of the Debtors.

13.     As set forth in the attached exhibits, Sitrick's professionals have spent a total of 82.7 hours providing necessary professional services to the Debtors.  As a result, Sitrick requests compensation in the amount of $56,917.00 for actual, necessary professional services performed as set forth in more detail in Exhibit A.  In addition, Sitrick has expended the sum of $2,626.22 for actual, necessary expenses incurred while providing services to the Debtors as set forth in more detail in Exhibit B.

14.     No compensation has been promised to Sitrick other than as disclosed or approved by this Court.  Sitrick certifies that there is no agreement between it and any other party regarding the sharing of fees except with Sitrick's general partners, and Sitrick has not discussed or negotiated the amount of its fees with any party except its client.  Following the entry of the Retention Order, the Debtors provided Sitrick with a non-refundable retainer of sixty thousand dollars ($60,000).  Moreover, the Debtors provided Sitrick an expense advance of ten thousand dollars ($10,000).  Sitrick will draw down on the foregoing moneys in accordance with the approved fees and expenses as requested in this Application.

15.     Finally, Sitrick represents that it is and remains a disinterested party and does not hold any adverse relationship with the Debtors' estates.

46429/0001-7714968v1

## NO PRIOR REQUEST

16.    No prior request for the relief sought in this Application has been made to this or

any other court.


Dated: March 30, 2011                    **SITRICK AND COMPANY/LA**
       Los Angeles, California

                                      Michael S. Sitrick
                                      1840 Century Park East, Suite 800
                                      Los Angeles, CA  90067
                                      (310) 788-2850