## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Objections Due: July 18, 2011 at 4:00 p.m.<br>Hearing Date: *Only if Objections Are Filed* |

## MONTHLY FEE APPLICATION OF
## McDERMOTT WILL & EMERY LLP AS SPECIAL COUNSEL TO
## DEBTORS FOR DOMESTIC LEGAL MATTERS, FOR ALLOWANCE OF
## COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR
## THE PERIOD MARCH 1, 2011 THROUGH MARCH 31, 2011

| | |
|---|---|
| **Name of applicant:** | McDermott Will & Emery LLP |
| **Authorized to provide professional services to:** | Tribune Company, et al. |
| **Date of retention:** | March 13, 2009 nunc pro tunc to December 8, 2008 |
| **Period for which compensation and reimbursement is sought:** | March 1, 2011 to March 31, 2011 |
| **Amount of compensation sought as actual, reasonable and necessary:** | $816,400.50 (80% of which is $653,120.40) |
| **Amount of expense reimbursement sought as actual, reasonable and necessary:** | $47,573.84[1] |

This is a: __x__ monthly    ___ interim    ___ final application

---

[1] McDermott Will & Emery LLP ("McDermott") incurred actual expenses of $47,601.14. Due to an inadvertent expense submission in McDermott's seventh quarterly fee application, McDermott has reduced the amount of expense reimbursement sought by $27.30. Thus, McDermott actually seeks reimbursement of expenses in the amount of $47,573.84 ($47,601.14 - $27.30).

Prior Applications Filed:

| Date Filed | Docket No. | Period Covered | Fees Requested | Expenses Requested | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|---|
| 4/15/09[2] | 1029 | 12/8/08 – 2/28/09 | $530,504.50[3] | $6,808.20 | $416,077.00 | $1,489.70 |
| 7/31/09 | 1876 | 3/1/09 – 3/31/09 | $360,698.00 | $2,222.03 | $360,698.00 | $2,222.03 |
| 7/31/09 | 1877 | 4/1/09 – 4/30/09 | $279,111.00 | $1,624.80 | $279,111.00 | $1,624.80 |
| 10/7/09 | 2295 | 5/1/09 – 5/31/09 | $199,656.00 | $699.34[4] | $199,656.00 | $37.10 |
| 11/16/09 | 2571 | 6/1/09 – 6/30/09 | $123,100.00 | $54.47 | $123,100.00 | $54.47 |
| 11/16/09 | 2572 | 7/1/09 – 7/31/09 | $203,660.00 | $1,039.27 | $203,660.00 | $1,039.27 |
| 11/16/09 | 2573 | 8/1/09 – 8/31/09 | $38,725.00 | $218.96 | $38,725.00 | $218.96 |
| 12/11/09 | 2821 | 9/1/09 – 9/30/09 | $65,515.50 | $117.99 | $65,515.50 | $117.99 |
| 4/1/10 | 3914 | 10/1/09 – 10/31/09 | $162,590.50 | $2,283.89[5] | $162,590.50 | $2,033.89 |
| 4/1/10 | 3915 | 11/1/09 – 11/30/09 | $128,123.50 | $23.27 | $128,123.50 | $23.27 |

---

[2] The Combined Monthly and First Quarterly Application of McDermott, as Special Counsel to Debtors for Domestic Legal Matters for Allowance of Compensation and Reimbursement of Expenses for the Period December 8, 2008 Through February 28, 2009 (the "Combined Monthly and First Quarterly Application") combined McDermott's monthly fee statements and quarterly fee application for the period of December 8, 2008 through February 28, 2009.

[3] McDermott reduced its compensation sought by $110,867.50 due to an inadvertent overpayment by the above-captioned debtors and debtors in possession (the "Debtors"). Such amount resulted from the United States Trustee's (the "U.S. Trustee") concern regarding McDermott's Combined Monthly and First Quarterly Application. The U.S. Trustee and McDermott (together, the "Parties") resolved the U.S. Trustee's concern by agreeing that McDermott would not seek payment of the disputed fees, in the amount of $110,867.50 (the "Disputed Fees"), at that time. The Parties agreed, however, that McDermott reserved its right to seek payment of the Disputed Fees at a later time.

[4] Though McDermott sought reimbursement of expenses in the amount of $699.34, McDermott credited such request for reimbursement by the amount of $662.24 to reflect charges McDermott did not intend to include in its April fee statement. Accordingly, McDermott only sought expense reimbursement in the amount of $37.10 ($699.34 - $662.24).

[5] Due to an inadvertent expense submission in the Second Quarterly Fee Application Of McDermott, As Special Counsel To Debtors For Domestic Legal Matters, For Allowance Of Compensation And Reimbursement Of Expenses For The Period March 1, 2009 Through May 31, 2009, McDermott reduced the amount of expense reimbursement sought by $250.00. Thus, McDermott actually sought reimbursement of expenses in the amount of $2,033.89 ($2,283.89 - $250.00).

2

| 5/21/10 | 4593[6] | 11/1/09 – 11/30/09 | $6,486.00 | $0.70 | $6,486.00 | $0.70 |
|---------|---------|--------------------|-----------|-------|-----------|-------|
| 6/30/10 | 4710 | 12/01/09 – 12/31/09 | $160,024.50 | $61.52[7] | $160,024.50 | $3.12 |
| 6/30/10 | 4711 | 1/1/10 – 1/31/10 | $387,234.50 | $1,160.66 | $387,234.50 | $1,160.66 |
| 6/30/10 | 4712 | 2/1/10 – 2/28/10 | $272,320.00 | $554.74 | $272,320.00 | $554.74 |
| 8/11/10 | 5338 | 3/1/10 – 3/31/10 | $173,048.50 | $404.41 | $173,048.50 | $404.41 |
| 8/11/10 | 5339 | 4/1/10 – 4/30/10 | $108,258.50 | $1,418.99 | $108,258.50 | $1,418.99 |
| 8/11/10 | 5340 | 5/1/10 – 5/31/10 | $158,183.50 | $69.33 | $158,183.50 | $69.33 |
| 8/11/10 | 5341 | 6/1/10 – 6/30/10 | $202,686.00 | $173.49 | $202,686.00 | $173.49 |
| 9/28/10 | 5830 | 7/1/10 – 7/31/10 | $268,625.00 | $2,571.61 | $268,625.00 | $2,571.61 |
| 10/26/10 | 6125 | 8/1/20 – 8/31/10 | $248,647.50 | $2,140.34 | $248,647.50 | $2,140.34 |
| 11/18/10 | 6499 | 9/1/10 – 9/30/10 | $234,644.00 | $102.30 | $234,644.00 | $102.30 |
| 11/30/10 | 6662 | 10/1/10 – 10/31/10 | $454,875.50 | $8,966.01 | $454,875.50 | $8,966.01 |
| 2/7/11 | 7817 | 11/1/10 – 11/30/10 | $464,035.50 | $4,553.12 | $464,035.50 | $4,553.12 |
| 2/25/11 | 8162 | 12/1/10 – 12/31/10 | $445,632.50 | $13,321.38 | $445,632.50 | $13,321.38 |
| 6/9/11 | 9211 | 1/1/11 – 1/31/11 | $466,618.50 | $2,675.34 | | |
| 6/9/11 | 9212 | 2/1/11 – 2/28/11 | $647,863.00 | $1,760.29 | | |

---

[6] This fee application only includes services rendered by McDermott to Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, Inc. for the month of November 2009. A separate fee application was submitted for fees and expenses rendered by McDermott to the Debtors for the month of November 2009 (D.E. 3915).

[7] Due to an inadvertent expense submission in the Third Quarterly Fee Application Of McDermott, As Special Counsel To Debtors For Domestic Legal Matters, For Allowance Of Compensation And Reimbursement Of Expenses For The Period June 1, 2009 Through August 31, 2009, McDermott reduced the amount of expense reimbursement sought by $58.40. Thus, McDermott actually sought reimbursement of expenses in the amount of $3.12 ($61.52 – $58.40).

46429/0001-7715968V1

### COMPENSATION FOR PROFESSIONALS
### MARCH 1, 2011 THROUGH MARCH 31, 2011

| Name of Professional Person | Position of the Applicant, Area of Expertise, Year of Obtaining License to Practice | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Blake D. Rubin | Partner, Tax, Member of Pennsylvania Bar since 1980, Member of District of Columbia Bar since 1987 | $965 | 139.10 | $134,231.50 |
| Philip J. Levine | Partner, Tax, Member of New York Bar since 1975, Member of District of Columbia Bar since 2002 | $895 | 34.00 | $30,430.00 |
| Daniel N. Zucker | Partner, Tax, Member of Illinois Bar since 1984 | $885 | 0.30 | $265.50 |
| Jean A. Pawlow | Partner, Tax, Member of District of Columbia Bar since 1989 | $840 | 21.90 | $18,396.00 |
| Paul J. Compernolle | Partner, Employee Benefits, Member of Illinois Bar since 1978 | $810 | 72.80 | $58,968.00 |
| William W. Merten | Partner, Employee Benefits, Member of Illinois Bar since 1985 | $810 | 23.60 | $19,116.00 |
| Susan Peters Schaefer | Partner, Employee Benefits, Member of Illinois Bar since 1989 | $810 | 5.10 | $4,131.00 |
| Andrea M. Whiteway | Partner, Tax, Member of Maryland Bar since 1992, Member of District of Columbia Bar since 1993 | $805 | 144.70 | $116,483.50 |
| Robin L. Greenhouse | Partner, Tax, Member of District of Columbia Bar since 1988 | $780 | 30.10 | $23,478.00 |
| Geoffrey T. Raicht | Partner, Restructuring & Insolvency, Member of New York Bar since 1998 | $780 | 4.00 | $3,120.00 |
| Brooks B. Gruemmer | Partner, Corporate, Member of Illinois Bar since 1990 | $750 | 3.50 | $2,625.00 |
| Michael J. Wilder | Partner, Tax, Member of District of Columbia Bar since 1995 | $745 | 20.00 | $14,900.00 |
| Matthew K. White | Partner, Tax, Member of District of Columbia Bar since 2001 | $745 | 8.00 | $5,960.00 |
| Amy M. Gordon | Partner, Employee Benefits, Member of New Jersey Bar since 1991, Member of New York Bar since 1993, Member of Illinois Bar since | $710 | 2.80 | $1,988.00 |

4

| | 2001 | | | |
|---|---|---|---|---|
| Thomas P. Ward | Partner, Tax, Member of Illinois Bar since 1996 | $660 | 1.80 | $1,188.00 |
| Jon G. Finkelstein | Partner, Tax, Member of New York Bar since 2001, Member of District of Columbia Bar since 2002 | $635 | 30.00 | $19,050.00 |
| Nava Hazan | Partner, Restructuring & Insolvency, Member of New York Bar since 2000 | $630 | 2.70 | $1,701.00 |
| Raymond M. Fernando | Partner, Employee Benefits, Member of Illinois Bar since 2002 | $625 | 19.40 | $12,125.00 |
| Ira B. Mirsky | Partner, Employee Benefits, Member of District of Colombia Bar since 2010, Member of New Jersey Bar since 1995 | $625 | 3.50 | $2,187.50 |
| Michael T. Graham | Partner, Employee Benefits, Member of Illinois Bar since 1995, Member of Indiana Bar since 1995 | $625 | 2.80 | $1,750.00 |
| Ryan D. Harris | Partner, Corporate, Member of Illinois Bar since 2002 | $575 | 1.10 | $632.50 |
| Andrew T. Turney | Partner, Corporate, Member of California Bar since 2003 | $535 | 2.60 | $1,391.00 |
| Jeffrey M. Holdvogt | Partner, Employee Benefits, Member of Illinois Bar since 2003 | $500 | 15.10 | $7,550.00 |
| Roy E. Crawford | Counsel, Tax, Member of California Bar since 1964 | $825 | 6.50 | $5,362.50 |
| Fred Feinstein | Counsel, Corporate, Member of Illinois Bar since 1970 | $745 | 0.50 | $372.50 |
| Luis L. Granados, III | Counsel, Employee Benefits, Member of District of Columbia Bar since 1985, Member of Maryland Bar since 1979 | $730 | 6.00 | $4,380.00 |
| Maureen O'Brien | Counsel, Employee Benefits, Member of Illinois Bar since 1998 | $655 | 0.50 | $327.50 |
| Chad D. Nardiello | Associate, Tax, Member of California Bar since 2003 | $450 | 36.50 | $16,425.00 |
| Timothy S. Shuman | Associate, Tax, Member of Illinois Bar since 2006, Member of District of Columbia Bar since 2007 | $440 | 10.60 | $4,664.00 |
| Daniel S. Fuchs | Associate, Tax, Member of Illinois Bar since 2006 | $415 | 9.50 | $3,942.50 |

5

| Gale E. Chan | Associate, Tax, Member of California Bar since 2007, Member of District of Columbia Bar since 2008 | $390 | 7.40 | $2,886.00 |
|---|---|---|---|---|
| Patrick J. McCurry | Associate, Tax, Member of Illinois Bar since 2007 | $360 | 110.00 | $39,600.00 |
| Jared D. Zajac | Associate, Restructuring & Insolvency, Member of New York Bar since 2009 | $345 | 66.20 | $22,839.00 |
| Gregory Kopacz | Associate, Restructuring & Insolvency, Member of New York Bar since 2009 | $345 | 10.20 | $3,519.00 |
| Andrew Blair-Stanek | Associate, Tax, Member of District of Columbia Bar since 2009 | $335 | 60.50 | $20,267.50 |
| Jeffrey K. Ekeberg | Associate, Tax, Member of Illinois Bar since 2008 | $330 | 0.20 | $66.00 |
| Cole Parker | Associate, Corporate, Bar admission pending | $295 | 2.90 | $855.50 |
| Brant A. Newgard | Senior Staff Attorney, Litigation, Member of Illinois Bar since 2005 | $245 | 117.70 | $28,836.50 |
| Nicole LeBeau | Staff Attorney, Litigation, Member of Illinois Bar since 2005 | $245 | 205.90 | $50,445.50 |
| Quinton McElhaney | Staff Attorney, Litigation, Member of Illinois Bar since 2009 | $245 | 60.80 | $14,896.00 |
| Timothy M. Kennedy | Staff Attorney, Litigation, Member of Illinois Bar since 2000 | $245 | 31.50 | $7,717.50 |
| David Eyman | Contract Attorney | $100 | 48.20 | $4,820.00 |
| Michael Grossman | Contract Attorney | $100 | 44.10 | $4,410.00 |
| William Jackson | Contract Attorney | $100 | 47.80 | $4,780.00 |
| Manoj Khandekar | Contract Attorney | $100 | 52.70 | $5,270.00 |
| Karen Kincaid | Contract Attorney | $100 | 42.40 | $4,240.00 |
| Garth Lewis | Contract Attorney | $100 | 46.90 | $4,690.00 |
| Courtney Lindbert | Contract Attorney | $100 | 49.40 | $4,940.00 |
| Michael Meyer | Contract Attorney | $100 | 50.50 | $5,050.00 |
| Janet Mitchell-Callion | Contract Attorney | $100 | 49.90 | $4,990.00 |
| Hiram Peacock | Contract Attorney | $100 | 46.60 | $4,660.00 |

46429/0001-7715968V1

| Lucia Robinson | Contract Attorney | $100 | 48.80 | $4,880.00 |
|---|---|---|---|---|
| Emily Roschek | Contract Attorney | $100 | 49.40 | $4,940.00 |
| Robert Ryan | Contract Attorney | $100 | 51.20 | $5,120.00 |
| Jaclyn Saper | Contract Attorney | $100 | 51.20 | $5,120.00 |
| Mariateresa Schiappa | Contract Attorney | $100 | 51.30 | $4,873.50 |
| Daniel Soderstrom | Contract Attorney | $100 | 37.80 | $3,780.00 |
| John Tingley | Contract Attorney | $100 | 49.80 | $4,980.00 |
| Andrew VanDyke | Contract Attorney | $100 | 49.30 | $4,930.00 |
| Radhika Veerapaneni | Contract Attorney | $100 | 47.10 | $4,710.00 |
| Dolores Whiters | Contract Attorney | $100 | 49.70 | $4,970.00 |
| Daryl Gardner | Technology Project Manager | $330 | 2.90 | $957.00 |
| Serge Kernisan | Technology Project Manager | $250 | 40.40 | $10,100.00 |
| Michelle L. Krofel | Professional, Corporate Advisory | $240 | 0.50 | $120.00 |
| Grand Total: | | | 2,340.20 | $816,400.50 |
| Blended Rate: | | $348.86 | | |

7

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Cubs Post Closing Matters | 13.50 | $6,855.00 |
| Welfare Plans | 2.80 | $1,988.00 |
| Non-Qualified Plans | 27.20 | $18,591.00 |
| ESOP | 60.80 | $48,250.00 |
| Newsday | 199.40 | $70,498.50 |
| Chapter 11 Restructuring | 330.60 | $206,608.00 |
| Perfect Market, Inc. | 2.40 | $1,533.00 |
| All Direct Mail Services, Inc. | 9.10 | $6,753.50 |
| Baltimore Sun Mailers Pension Plan | 10.90 | $6,390.50 |
| Cast TV | 3.40 | $975.50 |
| Project Eagle | 26.80 | $17,783.50 |
| 2009 Audit | 1,603.90 | $393,198.00 |
| Project Eagle – Benefits Matters | 49.40 | $36,976.00 |
| **TOTAL:** | 2,340.20 | $816,400.50 |

8

## EXPENSE SUMMARY

| Expense Category | Service Provider | Total Expenses |
|---|---|---|
| Photocopy | In-House | $456.40 |
| Messenger/Courier | U.S. Messenger & Logistics, Inc. | $5.25 |
| Telecommunications | Conference Plus | $386.43 |
| Computer Research | PACER | $11.84 |
| Express Mail | Federal Express | $43.31 |
| Document Services - Discovery | Landmark Legal Solutions | $26,268.53 |
| Document Services - Discovery | Legal Discovery LLC | $7,572.00 |
| Computer Hosting Fee for Document Review | | $1,456.65 |
| Computer Usage Fee for Data For Document Review | | $7,690.00 |
| Business Meals | | $28.89 |
| Transportation | | $3,681.84 |
| **TOTAL** | | $47,601.14 |

46429/0001-7715968V1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>, | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Objections Due: July 18, 2011 at 4:00 p.m. |
| | Hearing Date: *Only if Objections Are Filed* |

## MONTHLY FEE APPLICATION OF
## McDERMOTT WILL & EMERY LLP AS SPECIAL COUNSEL TO
## DEBTORS FOR DOMESTIC LEGAL MATTERS, FOR ALLOWANCE OF
## COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR
## THE PERIOD MARCH 1, 2011 THROUGH MARCH 31, 2011

McDermott Will & Emery LLP ("McDermott"), as Special Counsel for Domestic Legal Matters to the Tribune Company, et al. (the "Debtors"), hereby submits this Application (the "Application") for approval and allowance of compensation for services rendered in the amount of $816,400.50 (80% of which equals $653,120.40) and reimbursement for expenses incurred in the amount of $47,573.84 during the period commencing March 1, 2011 through March 31, 2011  (the "Application Period").  This Application is submitted pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Compensation Order"), the Executive Office of United States Trustees' Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, dated March 22, 1995 (the "Guidelines"), and the Order Appointing Fee Examiner

and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications, dated March 19, 2009 (the "Fee Examiner Order"). In support of this Application, McDermott respectfully represents as follows:

**JURISDICTION**

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are sections 105(a), 330 and 331 of the Bankruptcy Code, and Bankruptcy Rule 2016.

**BACKGROUND**

3.      On December 8, 2008 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court"). On December 10, 2008, the Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

4.      On October 12, 2009, Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, Inc. (the "Cubs" and one of the Debtors) filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Court. On October 14, 2009, the Court entered an order consolidating the Cubs' chapter 11 case with the Debtors' chapter 11 cases for procedural purposes only (the "Cubs Order").

5.      The Debtors have continued in possession of their respective properties and have continued in the management and operation of their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6.      No trustee has been appointed in these chapter 11 cases.

2

## McDERMOTT RETENTION

7.    Prior to the Petition Date, the Debtors retained McDermott as general legal counsel and agreed to pay on a monthly basis the reasonable value of services rendered based on McDermott's standard billing rates and pursuant to its standard reimbursement policies.

8.    On March 13, 2009, the Court authorized the employment and retention of McDermott pursuant to sections 105(a) and 327(a) as special counsel to the Debtors for general domestic legal matters, nunc pro tunc to December 8, 2008.    McDermott's retention was extended to include the Cubs pursuant to the Cubs Order.

## COMPENSATION PAID AND ITS SOURCES

9.    All services for which compensation is requested by McDermott were performed for or on behalf of the Debtors.

10.    In compliance with Local Rule 2016-2, McDermott confirms that during the Application Period, McDermott received no payment and no promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application except from the Debtors.    There is no agreement or understanding between McDermott and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these cases.

11.    As of the Petition Date, McDermott held a retainer from the Debtors in the amount of $67,777.26.  The Debtors reduced their first payment to McDermott by the amount of the retainer and McDermott drew down on the retainer in connection with the payment due pursuant to the Combined Monthly and First Quarterly Application.  Accordingly, McDermott no longer holds any retainer in connection with its retention in these cases.

3

**FEE STATEMENTS**

12.    The time records for the Application Period are attached hereto as Exhibit A. The time records contain daily time logs describing the time spent by each attorney and paraprofessional for the Application Period. Attorneys and paraprofessionals of McDermott have expended a total of 2,340.20 hours in connection with these cases during the Application Period. The reasonable value of services rendered by McDermott to the Debtors during the Application Period is $816,400.50. Such an amount is a result of McDermott's normal hourly rates for work of this nature. To the best of McDermott's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and the Compensation Order.

**SUMMARY OF SERVICES**

13.    The following is a summary of the activities performed by McDermott attorneys and paraprofessionals during the Application Period, organized by project category.

**Matter 0507 – Newsday**

14.    McDermott assisted the Debtors in responding to an audit by the Internal Revenue Service, including preparing responses to information document requests and preparing for and conducting discovery in connection thereto. McDermott further performed an extensive document review in connection with the audit by the Internal Revenue Service and drafted a privilege and production log in connection therewith. McDermott also prepared documents to be turned over to the Internal Revenue Service in connection with the information document requests.

15.    In connection with the document review, McDermott provided the Debtors with the use of its e-discovery services. The e-discovery services include the use of a computer

4

program that allows attorney reviewers on the case to use specific review tools within the program and enables the attorney reviewers to identify which of the collected information is responsive to the Internal Revenue Service's request, and which of the responsive information should be withheld on the basis of a privilege. Upon the attorney reviewers' completion of the document review, the technology project managers in charge of the e-discovery services (i) separated the responsive, non-privileged documents and exported them into a format that could be produced to the Internal Revenue Service, and (ii) separated the privileged documents so as to assist in the preparation of a privilege log to be produced to the Internal Revenue Service.

### Matter 0515 – Chapter 11 Restructuring/Tax Planning

16.    McDermott provided general tax advice to the Debtors regarding various tax issues related to the Debtors' emergence from bankruptcy. McDermott advised the Debtors with respect to their corporate structure upon emergence from bankruptcy. McDermott also researched and advised the Debtors on issues with respect to the treatment of the Debtors' ESOP. McDermott further reviewed the Debtors' emergence workout plan and advised the Debtors on the tax implications of such emergence plan. McDermott also researched and analyzed various tax issues in connection with the Debtors' plan of reorganization, including the tax consequences of settling certain preferential and fraudulent transfer claims. McDermott also researched and analyzed various issues relating to the establishment of a litigation trust under a plan of reorganization. Finally, McDermott researched and advised the Debtors on tax issues with respect to certain fraudulent transfer claims.

### Matter 0515 – Chapter 11 Retention/Fee Application

17.    McDermott gathered and prepared various billing information required to file fee statements pursuant to the Compensation Order and the Guidelines. McDermott also drafted and

5

revised fee statements and quarterly fee applications for submission in accordance with the Compensation Order.

### Matter 0516 – Perfect Market, Inc.

18.     McDermott provided general corporate advice to the Debtors with respect to the Perfect Market transaction.

### Matter 0520 – All Direct Mail Services, Inc.

19.     McDermott advised the Debtors with respect to an asset sale transaction for the Debtors and performed general post closing services with respect to such transaction. McDermott also advised the Debtors with respect to certain state taxation issues in connection with the transaction.

### Matter 0522 – Baltimore Sun Mailers Pension Plan

20.     McDermott provided general corporate advice to the Debtors regarding certain pension plan modifications and reviewed certain plan documents and amendments thereto. McDermott further advised the Debtors with respect to the scope of the modifications of the pension plan.

### Matter 0524 – Cast TV

21.     McDermott provided general post-closing services to the Debtors with respect to a stock transaction.

### Matter 0526 – Project Eagle

22.     McDermott advised the Debtors with respect to a potential confidential transaction. McDermott analyzed certain transaction structures for the Debtors. McDermott also reviewed and analyzed certain transaction documents. McDermott further conducted due diligence in connection with the potential transaction.

6

**Matter 0527 – 2009 Audit**

23.    McDermott assisted the Debtors in responding to an audit by the Internal Revenue Service in connection with the Debtors' 2009 taxable year, including preparing responses to information document requests and conducting an extensive document review in connection thereto.  McDermott further prepared for and attended a meeting with the Internal Revenue Service with respect to the audit.

24.    In connection with the document review, McDermott provided the Debtors with the use of its e-discovery services.  The e-discovery services include the use of a computer program that allows attorney reviewers on the case to use specific review tools within the program and enables the attorney reviewers to identify which of the collected information is responsive to the Internal Revenue Service's request, and which of the responsive information should be withheld on the basis of a privilege.  Upon the attorney reviewers' completion of the document review, the technology project managers in charge of the e-discovery services (i) separated the responsive, non-privileged documents and exported them into a format that could be produced to the Internal Revenue Service, and (ii) separated the privileged documents so as to assist in the preparation of a privilege log to be produced to the Internal Revenue Service.

**Matter 0528 – Project Eagle Benefits Matters**

25.    McDermott provided general legal advice regarding benefit programs in connection with a potential confidential transaction.  McDermott reviewed the benefit programs involved in the transaction and advised the Debtors with respect to certain benefit program issues.  McDermott also reviewed and revised the transaction documents with respect to the sections relating to benefit programs.

**Matter 0021 – Cubs Post Closing Matters**

26.    McDermott completed general post-closing work relating to the partnership transaction involving the Chicago Cubs baseball team.  McDermott also drafted a submission to an auditor regarding a working capital dispute.  McDermott further drafted various proposals for the settlement of such dispute.

**Matter 0041 – Welfare Plans**

27.    McDermott provided general legal advice regarding programs offered by the Debtors to their employees and reviewed and advised the Debtors with respect to certain disclosures in connection with their programs.

**Matter 0042- Non-Qualified Plans**

28.    McDermott provided general legal advice regarding certain non-qualified programs offered by the Debtors to their employees.  McDermott also researched and advised the Debtors with respect to certain taxation issues in connection with certain deferred compensation plans.  McDermott further advised the Debtors with respect to certain disclosures to be made in connection with certain non-qualified plans of the Debtors.

**Matter 0047 – ESOP**

29.    McDermott provided general legal advice on issues regarding the Debtors' ESOP.  McDermott reviewed and analyzed various strategic issues relating to ongoing litigation and the Debtors' bankruptcy with respect to the Debtors' ESOP and reviewed numerous court pleadings in connection thereof.  McDermott also conducted research with respect to various modifications and actions the Debtors could undertake in connection with their ESOP.

8

## ACTUAL AND NECESSARY EXPENSES

30.     By this Application, McDermott seeks interim allowance for reimbursement of expenses actually and necessarily incurred in connection with the rendition of its services in the amount of $47,573.84.  The requested expenses are customarily charged to non-bankruptcy clients of McDermott.  Due to the complexity of the Debtors' corporate and financial structure, the Debtors have faced numerous critical and unique issues.  In order for McDermott to analyze and address such issues properly, McDermott attorneys may have incurred expenses during the Application Period, all of which were necessary to further the Debtors' reorganization and in the best interests of the Debtors' estates.

31.     With respect to photocopying expenses, McDermott ordinarily charges all of its clients $0.20 per page, but pursuant to Local Rule 2016-2(e), McDermott has charged the Debtors the maximum permitted amount of $0.10 per page.  With respect to facsimile expenses, in compliance with the Guidelines, McDermott charges $1.00 per page for facsimile transmissions.

32.     In addition, because of the nature of the Debtors' businesses and the location of certain key constituents in these cases, certain long distance telephone calls and conference calls may have been required.  These charges are intended to cover McDermott's direct operating costs, which costs are not incorporated into McDermott's hourly billing rates.  Only clients who actually use services of the types are separately charged for such services.

33.     Further, because of the nature of the Debtors' businesses and the location of certain key constituents in these cases, travel may have been required for certain matters.  Such travel expenses, such as air fare, meals, and car service, are typically borne by the attorney, then reimbursed by the firm and charged to the appropriate client and matter.

9

34.     The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors, their estates, and creditors.

35.     To the extent that time or disbursement charges for services rendered or disbursements incurred related to the Application Period, but were not processed prior to the preparation of this Application, McDermott reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

## CONCLUSION

36.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by McDermott is fair and reasonable given (a) the complexity of the legal matters, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the cost of comparable services other than in a case under this title.  McDermott has reviewed the requirements of Local Rule 2016-2 and reasonably believes that this Application complies with that rule.

46429/0001-7715968V1

WHEREFORE, McDermott respectfully requests that payment be made to McDermott pursuant to the terms of the Compensation Order for the period of March 1, 2011 through March 31, 2011 in the amount $653,120.40 (80% of $816,400.50) on account of professional services rendered, and $47,573.84 for the reimbursement of expenses incurred in connection therewith, for a total payment of $700,694.24.

Dated: Washington, District of Columbia
        June 28, 2011

McDERMOTT WILL & EMERY LLP

/s/ Blake D. Rubin

Blake D. Rubin (admitted *pro hac vice*)
600 13th Street, N.W.
Washington, D.C. 20005-3096
Telephone: (202) 756-8424
Facsimile: (202) 756-8087

and

Jared D. Zajac (admitted *pro hac vice*)
340 Madison Avenue
New York, NY 10173-1922
Telephone: (212) 547-5639
Facsimile: (212) 547-5444

*Special Counsel for Domestic Legal Matters to Tribune Company, et al.*

- 11 -

DM_US 28898751-1 020336.0515