IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : Case No. 08-13141 (KJC) |
| Tribune Company, *et al.*, | : |
| | : Jointly Administered |
| Debtors. | : **Hearing Date: August 25, 2011 at 1:00 p.m. (EST)** |
| | : **Objection Deadline: August 1, 2011 at 4:00 p.m. (EST)** |

## MOTION OF JAYNE CLEMENT FOR RELIEF FROM THE AUTOMATIC STAY

Jayne Clement ("Clement" or the "Movant") hereby respectfully moves (the "Motion") for an order granting the Movant relief from the automatic stay pursuant to section 362(d)(1) of title 11 of the United States Code (the "Bankruptcy Code"), and in support of the Motion respectfully represents as follows:

## BACKGROUND

1. On or about August 16, 2007, Clement filed a Complaint for Damages (the "2007 Clement Complaint") in the Superior Court of the State of California for the County of Los Angeles, Central District, which was assigned Case No. BC376036, against Tribune Company, Tribune Interactive, Tribune Media Net, Inc., Los Angeles Times Communications, LLC, Los Angeles Times, Donna Stokely, and Does 1 to 100, inclusive (collectively, the "2007 Clement Complaint Tribune Defendants"), alleging liability on the part of the Tribune Defendants as a result of (1) wrongful termination of employment in violation of public policy on the basis of age discrimination; (2) wrongful termination of employment in violation of public policy (complaining of amount of wages); (3) defamation; (4) violations of California Labor Code Sections 1050, *et seq.*; and, (5) breach of implied-in-fact contract not to terminate employment without good cause (the "2007 Clement State Court Action"). A copy of the 2007 Clement Complaint is attached hereto as Exhibit "A."

2. On or about May 15, 2008, Clement, on behalf of herself and all others similarly situated, filed a Class Action Complaint for Damages (the "2008 Clement Class Action Complaint") in the Superior Court of the State of California for the County of Los Angeles, Central District, which was assigned Case No. BC390943, against Tribune Company, Tribune Interactive, Tribune Media Net, Inc., Los Angeles Times Communications, LLC, Los Angeles Times and Does 1 to 1000, inclusive (collectively, the "2008 Clement Class Action Complaint Tribune Defendants"), alleging liability on the part of the 2008 Clement Class Action Complaint Tribune Defendants as a result of (1) violations of the California Labor Code regarding payment of commissions (Labor Code §§ 200-1198, *et seq.*; Cal. Code Regs. § 11040) and (2) violations of California Business & Professions Code § 17200, *et seq.*) (the "2008 Clement Class Action"). A copy of the 2008 Clement Class Action Complaint is attached hereto as Exhibit "B."

3. The 2007 Clement Complaint and the 2008 Clement Class Action Complaint shall hereinafter be referred to together as the Clement Complaints.

4. The 2007 Clement Complaint Tribune Defendants and the 2008 Clement Class Action Complaint Tribune Defendants shall hereinafter be referred to together as the Tribune Defendants.

5. The 2007 Clement State Court Action and the 2008 Clement Class Action shall hereinafter be referred to together as the Clement State Court Actions.

6. On or about December 08, 2008, the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these cases in

this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief sought herein are section 362(d)(1) of the Bankruptcy Code, Rule 4001(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 4001-1 of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## REQUEST FOR RELIEF

8. By the Motion, the Movant requests relief from the automatic stay of section 362(a) of the Bankruptcy Code to proceed against the Tribune Defendants and/or their successors in interest in the Clement State Court Actions.

## BASIS FOR RELIEF REQUESTED

### *Movant is Entitled to Relief from the Automatic Stay under Section 362(d)(1) of the Bankruptcy Code*

9. The Movant is entitled to relief from the automatic stay under section 362(d) of the Bankruptcy Code. Subsection (d)(1) provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay . . .
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

11 U.S.C. § 362(d)(1).

10. At a hearing for relief from the automatic stay under Bankruptcy Code Section 362(d), the party opposing stay relief bears the burden of proof on all issues except debtor's equity in property. *See In re Domestic Fuel Corp.*, 70 B.R. 455, 462-63 (Bankr. S.D.N.Y. 1987); 11 U.S.C. § 362(g). If a creditor seeking relief from the automatic stay makes a *prima facie* case

3

of "cause" for lifting the stay, the burden of going forward shifts to the trustee pursuant to Bankruptcy Code section 362(g). *See In re 234-6 West 22nd St. Corp.*, 214 B.R. 751, 756 (Bankr. S.D.N.Y. 1997).

11. The term "cause" is not defined in the Bankruptcy Code, and whether cause to lift the stay exists should be determined on a case-by-case basis. *See Izzarelli v. Rexene Prod. Co. (In re Rexene Prod. Co.)*, 141 B.R. 574, 576 (Bankr. D. Del. 1992); *Sonnax Indus. v. Tri Component Prod. Corp. (In re Sonnax Ind., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990). "Cause" for modification of the automatic stay "is an intentionally broad and flexible concept that permits . . . [a] [b]ankruptcy [c]ourt, as a court of equity, to respond to inherently fact-sensitive situations." *See In re Texas State Optical, Inc.*, 188 B.R. 552, 556 (Bankr. E.D. Tex. 1995). Accordingly, courts determine what constitutes "cause" based on the totality of the circumstances in each particular case. *Baldino v. Wilson (In re Wilson)*, 116 F.3d 87, 90 (3d Cir. 1997) (*citing Trident Assocs. Ltd. P'ship v. Metropolitan Life Ins. Co. (In re Trident Assocs. Ltd. P'ship)*, 52 F.3d 127, 131 (6th Cir. 1995)).

12. Under the totality of circumstances standard, courts often consider the hardship or prejudice to the non-debtor in determining whether to lift the automatic stay. *See In re Bock Laundry Mach. Co.*, 37 B.R. 564, 566 (Bankr. N.D. Ohio 1984). The court in *Bock* pointed out that "[c]ourts have developed a balancing test, whereby the interests of the estate are weighed against the hardships that will be incurred by the creditor-plaintiff." *Id.* at 566. *See also Milne v. Johnson (In re Milne)*, 185 B.R. 280, 283 (N.D. Ill. 1995) (stating that a court should look into whether, *inter alia*, there will be injury to the debtor and other creditors if the stay is modified, injury to the movant if the stay is not modified, and weigh the proportionality of harms).

13. The legislative history to section 362(d)(1) indicates that cause may be established by a single factor such as "a desire to permit an action to proceed . . . in another tribunal," or "lack of any connection with or interference with the pending bankruptcy case." *In re Rexene Products Co.*, 141 B.R. at 576 (*citing* H.R. Rep. No. 95-595, 95th Cong., 1st Sess., 343-344 (1977) U.S. Code Cong. & Admin. News pp. 5787, 6300).

14. This Court has previously applied an equitable balancing test to determine if "cause" exists to lift the automatic stay. *In re Rexene Products Co.*, 141 B.R. at 576. Under the equitable balancing test, the Court reviews three factors:

> (1) whether prejudice will be caused to either the bankrupt estate or the debtor,
>
> (2) whether the hardship to the movant by maintenance of the automatic stay outweighs the hardship caused to the debtor;
>
> (3) whether the movant has a reasonable probability of prevailing on the merits of the suit. *Id.*

15. Application of the equitable balancing test to the present case clearly demonstrates that relief from the automatic stay is warranted.

### *The Estates Will Not Be Prejudiced if Relief from the Automatic Stay is Granted*

16. The estates will not be prejudiced if the automatic stay is lifted to permit Clement to proceed against the Tribune Defendants in the Clement State Court Actions, and will not burden the estates financially or operationally. Upon information and belief, the Tribune Defendants and/or their successors in interest are insured under an insurance policy (the "Insurance Policy"). The existence of the Insurance Policy and its limits insure that the assets of the estates will not be impaired. Clearly, the estates cannot claim prejudice if the automatic stay is lifted to permit the Movant to proceed with the Clement State Court Action against the

Tribune Defendants and/or any successors in interest to seek recovery of their damages, as any recovery would be paid out pursuant to the Insurance Policy.

### *Balancing the Hardships Weighs Heavily in Favor of Modifying the Automatic Stay to Allow the Movant to Proceed with the Clement State Court Actions*

17. Permitting the Movant to proceed with the Clement State Court Actions against the Tribune Defendants and/or their successors in interest will not cause any hardship to the Debtors. As detailed above, any recovery against the Debtors would be paid out pursuant to the Insurance Policy, and accordingly the Debtors' assets will not be impaired. Therefore, the Debtors will suffer no hardship if the automatic stay is lifted to permit the Movant to proceed with the Clement State Court Actions against the Tribune Defendants and/or their successors in interest.

18. To the contrary, denying the Motion will cause significant financial hardship to the Movant, as it will be left with no legal recourse against the Tribune Defendants and/or their successors in interest to seek recovery pursuant to the Clement State Court Actions. A denial of the Motion will preclude the Movant from recovering against the Tribune Defendants and/or their successors in interest, which possess ample insurance coverage pursuant to the Insurance Policy to compensate the Movant for her damages. Accordingly, the balance of hardships weighs heavily in favor of modifying the automatic stay to allow the Movant to proceed with the Clement State Court Actions against the Tribune Defendants and/or their successors in interest.

### *Probability of Success on the Merits*

19. When a party seeks to lift an automatic stay, the required showing for the movant's probability of success is "very slight." *In re Rexene Products*, 141 B.R. at 578; *see also In re Continental Airlines, Inc.*, 152 B.R. 420, 426 (D. Del. 1993) ("Even a slight probability on the merits may be sufficient to support lifting an automatic stay in an appropriate

case."). It "merely requires a showing that [the movant's] claim is not frivolous." *Levitz Furniture Inc. v. T. Rowe Price Recovery Fund L.P. (In re Levitz)*, 267 B.R. 516, 523 (Bankr. D. Del. 2000).

20. The Movant clearly has a probability of success on the merits. According to the Clement Complaints, the Tribune Defendants violated California labor law, *inter alia*. As such, it cannot be said that the claims of the Movant are frivolous, and further, it is clear that the Movant possesses a probability of success on the merits. When weighing the above factors, this Court should lift the automatic stay to allow the Clement State Court Actions to proceed.

WHEREFORE, the Movant respectfully requests relief from the automatic stay to proceed with the Clement State Court Actions against the Tribune Defendants and/or their successors in interest to be compensated for their damages.

Dated: July 6, 2011
Wilmington, Delaware

CIARDI CIARDI & ASTIN

By: /s/ John D. McLaughlin
Daniel K. Astin (No. 4068)
John D. McLaughlin (No. 4123)
919 N. Market Street, Suite 700
Wilmington, Delaware 19801
Tel: (302) 658-1100
Fax: (302) 658-1300
dastin@ciardilaw.com
jmclaughlin@ciardilaw.com

*Counsel to the Movant, Jayne Clement*