# EXHIBIT A

1  Carney R. Shegerian, Esq., State Bar No. 150461
   SHEGERIAN & ASSOCIATES, INC.
2  1880 Century Park East, Suite 817
   Los Angeles, California 90067
3  Telephone Number:  (310) 860-0770
   Facsimile Number:   (310) 860-0771
4
5  Attorneys for Plaintiff,
   JAYNE CLEMENT
6
7

**ORIGINAL FILED**

AUG 1 6 2007

**LOS ANGELES SUPERIOR COURT**

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA
9       FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| JAYNE CLEMENT,<br><br>  Plaintiff,<br><br>vs.<br><br>TRIBUNE COMPANY, TRIBUNE INTERACTIVE, TRIBUNE MEDIA NET, INC., LOS ANGELES TIMES COMMUNICATIONS, LLC, LOS ANGELES TIMES, DONNA STOKLEY, and DOES 1 to 100, inclusive,<br><br>  Defendants. | Case No.: BC376036<br><br>**PLAINTIFF JAYNE CLEMENT'S COMPLAINT FOR DAMAGES FOR:**<br><br>(1) WRONGFUL TERMINATION OF EMPLOYMENT IN VIOLATION OF PUBLIC POLICY ON THE BASIS OF AGE DISCRIMINATION;<br><br>(2) WRONGFUL TERMINATION OF EMPLOYMENT IN VIOLATION OF PUBLIC POLICY (COMPLAINING OF AMOUNT OF WAGES);<br><br>(3) DEFAMATION;<br><br>(4) VIOLATION OF LABOR CODE SECTIONS 1050, et. seq.;<br><br>(5) BREACH OF IMPLIED-IN-FACT CONTRACT NOT TO TERMINATE EMPLOYMENT WITHOUT GOOD CAUSE.<br><br>**DEMAND FOR JURY TRIAL** |

PLAINTIFF'S COMPLAINT FOR DAMAGES

Plaintiff, Jayne Clement, alleges:

## INTRODUCTORY ALLEGATIONS

1. Plaintiff, Jayne Clement ("plaintiff" or "Clement"), is, and at all times mentioned in this Complaint was, a resident of Los Angeles County, California.

2. Defendant Tribune Company ("defendant" or "Tribune Company") is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government and authorized and qualified to do business in the County of Los Angeles. At all times known to plaintiff, Tribune Company's principal place of business was in the County of Los Angeles.

3. Defendant Tribune Interactive ("defendant" or "Tribune Interactive") is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government and authorized and qualified to do business in the County of Los Angeles. At all times known to plaintiff, Tribune Interactive's principal place of business was in the County of Los Angeles.

4. Defendant Tribune Media Net, Inc. ("defendant" or "Tribune Media") is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government and authorized and qualified to do business in the County of Los Angeles. At all times known to plaintiff, Tribune Media's principal place of business was in the County of Los Angeles.

5. Defendant Los Angeles Times Communications, LLC ("defendant" or "Times Communications"), is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government and authorized and qualified to do business in the County of Los Angeles. At all times known to plaintiff, Times Communications' principal place of business was in the County of Los Angeles.

6. Defendant Los Angeles Times ("defendant" or "Times") is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government and authorized and qualified to do business in the County of

Los Angeles. At all times known to plaintiff, Times' principal place of business was in the County of Los Angeles.

7. Defendant Donna Stokley ("Stokley") is, and at all times mentioned in this Complaint was, employed by Tribune Company, Tribune Interactive, Tribune Media, Times Communications, and/or Times as a director and was plaintiff's supervisor. At all times known to plaintiff, defendant Stokley was a resident of the County of Los Angeles.

8. Plaintiff Clement worked for defendants as an account executive from 2000 through August of 2005. At all relevant times, Clement was an exemplary employee.

9. Defendants Does 1 through 100 are sued under fictitious names pursuant to Code of Civil Procedure section 474. Plaintiff is informed and believes, and on that basis alleges, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in taking the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee, with the permission and consent of the co-defendants.

10. Defendants Tribune Company, Tribune Interactive, Tribune Media, Times Communications, and Times both directly and indirectly employed plaintiff. In addition, defendants Tribune Company, Tribune Interactive, Tribune Media, Times Communications, and Times compelled, coerced, aided, and abetted the discrimination. At all relevant times mentioned herein, each of the entity defendants acted as the others' agent. At all relevant times alleged, all defendants acted as agents of all other defendants in committing the acts alleged herein.

11. During Clement's employment with defendants, she made repeated complaints about pay issues, but her complaints were never resolved. In August of 2005, her employment was terminated after approximately nine months of making complaints about her supervisor, Donna Stokley, to human resources and experiencing retaliation in response.

-3-
PLAINTIFF'S COMPLAINT FOR DAMAGES

12. Thereafter, defendants defamed Clement to various prospective employers, in violation of anti-defamation laws and California's law prohibiting blacklisting.

### FIRST CAUSE OF ACTION

**(Wrongful Termination of Employment in Violation of Public Policy (Age Discrimination) — Against Defendants Tribune Company, Tribune Interactive, Tribune Media, Times Communications, and Times)**

13. The allegations set forth in paragraphs 1 through 12 are re-alleged and incorporated herein by reference.

14. At all times herein mentioned, a fundamental public policy prohibiting age discrimination that was in full force and effect and was binding on defendants. This public policy required defendant to refrain from discriminating any employee because he or she is more than 40 years old, whether the discrimination is intentional or a disparate impact of business practices.

15. During plaintiff's employment with defendants, defendants, through their supervisors, managers, and directors, engaged in intentional actions that resulted in plaintiff's being treated less favorably because of her age. Specifically, defendants maintained a systematic and continuing policy and goal of discharging and demoting employees over the age of 40, both intentionally and as an adverse impact of their business practices. Plaintiff believes and alleges that her age was a motivating factor in the termination of her employment.

16. As a proximate result of defendants' discrimination against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

17. As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum

according to proof.

18. Defendants' discrimination was done intentionally, in a malicious, oppressive manner, entitling plaintiff to punitive damages.

19. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees in a sum according to proof.

## SECOND CAUSE OF ACTION
### (Wrongful Termination of Employment in Violation of Public Policy (Wage Complaints) — Against Defendants Tribune Company, Tribune Interactive, Tribune Media, Times Communications, and Times)

20. The allegations set forth in paragraphs 1 through 19 are re-alleged and incorporated herein by reference.

21. Defendants terminated plaintiff's employment in violation of the public policy behind various Labor Code statutes regarding pay issues. Specifically, plaintiff's employment was terminated in part because she made numerous complaints to defendant about her pay.

22. As a proximate result of defendants' termination of plaintiff's employment in violation of these public policies, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

23. Defendants' termination of plaintiff's employment in violation of public policy was done intentionally, in a malicious, oppressive manner, entitling plaintiff to punitive damages.

24. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees in a sum according to proof.

///

///

## THIRD CAUSE OF ACTION

(Defamation (Civil Code §§ 45, 46) — Against Defendants Tribune Company, Tribune Interactive, Tribune Media, Times Communications, Times, and Stokley)

25. The allegations set forth in paragraphs 1 through 24 are re-alleged and incorporated herein by reference.

26. Defendants falsely informed individuals other than plaintiff that plaintiff was not a competent and successful employee for defendants. Such comments were untrue, such comments were intentionally misleading and such comments were maliciously made by defendant Stokley.

27. As a result of these false statements, plaintiff has been injured in her profession and continues to be injured in her profession. Plaintiff has sustained and continues to sustain losses of earnings and other employment benefits.

28. As a proximate result of defendants' willful, knowing, and intentional false representations about plaintiff, plaintiff has suffered and continues to suffer humiliation and mental pain and anguish, all to her damage in a sum according to proof.

29. Defendants' misconduct was done intentionally, in a malicious, despicable, oppressive manner, entitling plaintiff to punitive damages against defendants.

## FOURTH CAUSE OF ACTION

(Violation of Labor Code §§ 1050, et. seq.
— Against Defendants Tribune Company, Tribune Interactive, Tribune Media, Times Communications, Times and Stokley)

30. The allegations set forth in paragraphs 1 through 29 are re-alleged and incorporated herein by reference.

31. At all times herein mentioned, Labor Code sections 1050, et. seq. was in full force and effect and were binding on defendants. This statute mandated that defendants

could not "by any misrepresentation prevents or attempts to prevent" a former employee from obtaining.

32. Defendants violated these laws by misrepresenting plaintiff's abilities to perspective employers that plaintiff was less than a wholly excellent, competent and hard-working employee.

33. As a proximate result of defendants' willful, knowing, and intentional action, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

34. Defendants' actions in intentionally misinforming others about plaintiff's abilities as an employee were made maliciously and oppressively by a managing agent, entitling plaintiff to punitive damages;

35. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees in sums according to proof.

## FIFTH CAUSE OF ACTION
### (Breach of Implied-in-Fact Contract Not to Terminate Employment Without Good Cause — Against Defendants Tribune Company, Tribune Interactive, Tribune Media, Times Communications, and Times)

36. The allegations set forth in paragraphs 1 through 35 are re-alleged and incorporated herein by reference.

37. On the basis of oral assurances of continued employed given to plaintiff by defendants' supervisors, the length of plaintiff's employment with defendants, defendants' actual practice of terminating employment only for cause, and the industry standard for the business defendants engage in of terminating employment only for cause, plaintiff and defendants shared the actual understanding that plaintiff's employment could and would be terminated only for cause. This shared understanding resulted in an implied contract requiring that defendants have good cause to terminate

1 | plaintiff's employment.

2 | 38. Defendants and their managers and supervisors terminated plaintiff's employment without good cause, violating the implied-in-fact contract they had with her.

4 | 39. As a proximate result of defendants' willful breach of the implied-in-fact contract not to terminate employment without good cause, plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, in a sum according to proof.

WHEREFORE, plaintiff, Jayne Clement, prays for judgment against defendants as follows:

1. For general and special damages according to proof;
2. For exemplary damages according to proof;
3. For pre-judgment and post-judgment interest on all damages awarded;
4. For reasonable attorneys' fees;
5. For costs of suit incurred;
6. For injunctive relief directing defendants from not making misrepresentations about plaintiff's work abilities; and
7. For such other and further relief as the Court may deem just and proper.

ADDITIONALLY, plaintiff, Jayne Clement, demands trial of this matter by jury.

Dated: August 3, 2007

SHEGERIAN & ASSOCIATES, INC.

By: _____
Carney R. Shegerian, Esq.
Attorneys for Plaintiff,
JAYNE CLEMENT