# EXHIBIT B

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TRIBUNE COMPANY, TRIBUNE INTERACTIVE, INC., TRIBUNE MEDIA NET, INC., LOS ANGELES TIMES COMMUNICATIONS, LLC, LOS ANGELES TIMES, and DOES 1 to 1,000, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JAYNE CLEMENT, on behalf of herself and all others similarly situated,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 15 2008

John A. Clarke, Executive Officer/Clerk
BY MARY GARCIA, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF LOS ANGELES, CENTRAL DISTRICT
111 NORTH HILL STREET
LOS ANGELES, CALIFORNIA 90012

CASE NUMBER:
*(Número del Caso):* BC390943

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
CARNEY R. SHEGERIAN, ESQ.        (310) 860-0770    (310) 860-0771
SHEGERIAN & ASSOCIATES, INC.
225 ARIZONA AVENUE, SUITE 400
SANTA MONICA, CALIFORNIA 90401

DATE: MAY 15 2008            JOHN A. CLARKE, Clerk by    M. GARCIA            , Deputy
*(Fecha)*                                                                        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): <br>CARNEY R. SHEGERIAN, ESQ. <br>SHEGERIAN & ASSOCIATES, INC. <br>225 ARIZONA AVENUE, SUITE 400 <br>SANTA MONICA, CALIFORNIA 90401 <br>TELEPHONE NO.: (310) 860-0770  FAX NO.: (310) 860-0771 <br>ATTORNEY FOR (Name): Plaintiff JAYNE CLEMENT | FOR COURT USE ONLY <br><br>CONFORMED COPY <br>OF ORIGINAL FILED <br>Los Angeles Superior Court <br><br>MAY 15 2008 <br><br>John A. Clarke, Executive Officer/Clerk <br>BY MARY GARCIA, Deputy |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES <br>STREET ADDRESS: 111 NORTH HILL STREET <br>MAILING ADDRESS: 111 NORTH HILL STREET <br>CITY AND ZIP CODE: LOS ANGELES, CALIFORNIA 90012 <br>BRANCH NAME: CENTRAL DISTRICT | |
| CASE NAME: CLEMENT, ET. AL., V. TRIBUNE COMPANY, ET. AL. | |

| CIVIL CASE COVER SHEET <br>[X] Unlimited  [ ] Limited <br>(Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | Complex Case Designation <br>[ ] Counter  [ ] Joinder <br>Filed with first appearance by defendant <br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER: <br><br>JUDGE: BC390943 <br>DEPT: |
|---|---|---|

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400-3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel  e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve           in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence         f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action (specify): TWO
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: MAY 15, 2008
CARNEY R. SHEGERIAN, ESQ.
(TYPE OR PRINT NAME)  ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br>Judicial Council of California <br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** <br>Legal Solutions Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740; <br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

1  Carney R. Shegerian, Esq., State Bar Number 150461
   SHEGERIAN & ASSOCIATES, INC.
2  225 Arizona Avenue, Suite 400
   Santa Monica, California 90401
3  Telephone Number: (310) 860-0770
   Facsimile Number:  (310) 860-0771
4
   Attorneys for Plaintiffs,
5  JAYNE CLEMENT, on behalf of herself
   and all others similarly situated
6

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 15 2008

John A. Clarke, Executive Officer/Clerk
BY MARY GARCIA, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

BC390943

| | |
|---|---|
| JAYNE CLEMENT, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TRIBUNE COMPANY, TRIBUNE INTERACTIVE, INC., TRIBUNE MEDIA NET, INC., LOS ANGELES TIMES COMMUNICATIONS, LLC, LOS ANGELES TIMES, and DOES 1 to 1,000, inclusive,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFFS' CLASS ACTION COMPLAINT FOR DAMAGES BASED ON:**<br><br>(1) **VIOLATIONS OF LABOR CODE REGARDING PAYMENT OF COMMISSIONS (Labor Code §§ 200-1198, *et seq.*; 8 Cal. Code Regs. § 11040);**<br><br>(2) **VIOLATIONS OF BUSINESS & PROFESSIONS CODE § 17200,** *et seq.*<br><br>**CLASS ACTION (Plaintiff Class) (C.C.P. § 382)**<br><br>**DEMAND FOR JURY TRIAL** |

PLAINTIFFS' COMPLAINT FOR DAMAGES

Plaintiff Jayne Clement, on behalf of herself and all others similarly situated, and demanding trial by jury, complain and allege upon information and belief as follows:

## JURISDICTION

1. This is a civil action seeking retribution and damages, including interest, reasonable attorneys' fees, and costs, pursuant to Labor Code sections 200, 201, 203, 1194(a), 1198, *et seq.*, Business & Professions Code sections 17200, 17203, *et seq.*, and Civil Code sections 3343 and 3281, because of violations by the defendants, as alleged herein, of 8 California Code of Regulations section 11040.

## VENUE

2. Venue as to defendants is proper in this judicial district. Each entity defendant maintains an office, transacts business, has an agent, or is found in the County of Los Angeles, and each defendant is within the jurisdiction of this Court for purposes of service of process. A significant portion of the unlawful acts alleged herein occurred in the County of Los Angeles.

## PLAINTIFFS

3. Plaintiff Jayne Clement ("Clement") is, and at all times mentioned in this Complaint was, a resident of the County of Los Angeles, respectively, in California.

4. Plaintiff Clement was directly and indirectly employed by defendants Tribune Company, Tribune Interactive, Tribune Media Net, Inc., Los Angeles Times Communications, LLC, and Los Angeles Times under the title of an Account Executive, a sales position selling space on defendants' media outlets.

5. During her employment, plaintiffs were paid as Account Executives commissions based on sales they had made for defendant. The commissions were a percentage of sales made by each Account Executive. Plaintiffs were never advised that upon the voluntary or involuntary termination of their employment that all of their

commissions wages would be forfeited. On the contrary, the Account Executives were supposed to be paid commissions past the date that they separated from defendants.

6. Nevertheless, at the time of plaintiffs' voluntary and involuntary terminations from the employment of defendants, the plaintiffs were not paid the commissions due for sales that they had made. Instead, defendants had an illegal practice of withholding those sales commission wages and not paying them their sales wages.

7. Defendants refused to pay such wages intentionally knowing that by doing so that defendants would be able to avoid paying commissions and instead cheat their employees out of a portion of their wages.

## **DEFENDANTS**

8. Defendant Tribune Company ("Tribune Company") is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government, was authorized and qualified to do business in the County of Los Angeles, and did, in fact, operate a business in the State of California, the County of Los Angeles, and the United States. Defendant's principal place of business was and is in Chicago, Illinois.

9. Defendant Tribune Interactive, Inc. ("Tribune Interactive") is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government, was authorized and qualified to do business in the County of Los Angeles, and did, in fact, operate a business in the State of California, the County of Los Angeles, and the United States. Defendant's principal place of business was and is in Chicago, Illinois.

10. Defendant Tribune Media Net, Inc. ("Tribune Media") is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government, was authorized and qualified to do business in the County of Los Angeles, and did, in fact, operate a business in the State of California, the County of Los Angeles, and the United States. Defendant's principal place of business was and is

in Chicago, Illinois.

11. Defendant Los Angeles Times Communications, LLC ("Times Communications"), is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government, was authorized and qualified to do business in the County of Los Angeles, and did, in fact, operate a business in the State of California, the County of Los Angeles, and the United States. Defendant's principal place of business was and is in the County of Los Angeles.

12. Defendant Los Angeles Times ("Times"), is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government, was authorized and qualified to do business in the County of Los Angeles, and did, in fact, operate a business in the State of California, the County of Los Angeles, and the United States. Defendant's principal place of business was and is in the County of Los Angeles.

## DOE DEFENDANTS

13. Defendants Does 1 to 1,000 were also supervisors employed by defendants. Defendants Does 1 to 100 are, and at all times mentioned in this Complaint were, residents of Los Angeles County.

14. Defendants Does 1 to 1,000 are sued under fictitious names pursuant to Code of Civil Procedure section 474. Plaintiffs are informed and believe, and on that basis allege, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in taking the actions mentioned below was acting within the course and scope of his or his authority as such agent, servant, partner, and employee, with the permission and consent of co-defendants.

## CLASS ACTION ALLEGATIONS

15. Plaintiff Clement bring this action, on behalf of herself and all others similarly

-4-
PLAINTIFFS' COMPLAINT FOR DAMAGES

situated, as a class action pursuant to section 382 of the California Code of Civil Procedure. The class that plaintiff Clement seeks to represent is composed of and defined as follows:

> "All persons employed by defendants as Account Executives and/or other positions engage in the same sales functions as Account Executives who were not paid commission wages from May 15, 2004 through May 15, 2008 post-employment for commissions earned pre-termination."

16. This action has been brought and may properly be maintained as a class action pursuant to the provisions of Code of Civil Procedure section 382 because there is a well defined community of interest in the litigation, and the proposed class is easily ascertainable:

   a. **Numerosity:** The plaintiff class is so numerous that individual joinder of all members is impracticable under the circumstances of this case. While the exact number of class members is unknown to plaintiff Clement at this time, plaintiff is informed and believes that approximately 500 employees have been denied their commission wages compensation. Joinder of all members of the plaintiff class is not practicable.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the plaintiff class and predominate over questions that affect only individual members of the class. The common questions of law and fact include, without limitation:

   i. Whether defendants violated 8 California Code of Regulations section 11040, Business & Professions Code section 17203, Civil Code sections 3281 and 3343, and Labor Code sections 201-1198, *et seq.*, with regard to failing to pay commission wages due;

   ii. The existence, duration, and extent of the violations of California Code of Regulations section 11040, Business & Professions Code section 17203, Civil Code sections 3281 and 3343, and Labor Code sections 201-1198, *et seq.*;

        iii. Whether defendants and each of them were participants in the violations of 8 California Code of Regulations section 11040, Business & Professions Code section 17203, Civil Code sections 3281 and 3343, and Labor Code sections 201-1198, *et seq.;*

        iv. The effect upon and the extent of the injuries sustained by plaintiff Clement and members of the plaintiff class and the measure of damages.

    c. **Typicality:** Plaintiff Clement's claims are typical of the claims of the members of the plaintiff class. Plaintiff Clement and all of the members of the plaintiff class sustained damages that arose from the defendants' wrongful conduct in violation of 8 California Code of Regulations section 11040, Business & Professions Code section 17203, Civil Code sections 3281 and 3343, and Labor Code sections 201-1194, *et seq.*

    d. **Adequacy:** Plaintiff Clement will fairly and adequately protect the interests of the members of the plaintiff class. Plaintiff Clement resides in California, was employed by defendants, and is an adequate representative of the plaintiff class, as she has no interests that are adverse to the interests of absent class members. Plaintiff Clement has retained counsel who has substantial experience and success in the prosecution of employment claims.

    e. **Superiority:** A class action is superior to other available means for fair and efficient adjudication of this controversy, as the individual joinder of all members of the class is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. The cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

## FIRST CAUSE OF ACTION

(Violations of California Labor Code §§ 200-1198,

8 California Code of Regulations § 11040 —

Against All Defendants)

17. The allegations set forth in paragraphs 1 through 16 are re-alleged and incorporated herein by reference.

18. Following their employment with defendants, plaintiffs were not for paid their commissions due from during the time they were employed by defendants. Defendants directly managed and controlled the payment and non-payment of these wages at all times alleged.

19. Defendants would refuse to pay plaintiffs to cheat them out of their commission wages.

20. As a proximate result of defendants' willful, knowing, and intentional violations of the California Labor Code, suffered and continue to suffer wage losses in a sum according to proof.

21. Plaintiffs have incurred and continue to incur legal expenses and attorneys' fees. Plaintiffs are entitled to legal expenses and attorneys' fees.

22. During the course of their employment with defendants, plaintiffs were not paid the commission wages. The non-payment of these monies was a way of defrauding plaintiffs of their property.

23. By failing to pay plaintiffs commission wages, defendants were intentionally defrauding these individuals in the exchange of property, thereby entitling plaintiffs to recovery under Civil Code section 3281.

///
///
///
///
///

## SECOND CAUSE OF ACTION

### (Violations of Business & Professions Code § 17200,

### *et seq.* — Against All Defendants)

24. The allegations set forth in paragraphs 1 through 23 are re-alleged and incorporated herein by reference.

25. Following their employment with defendants, plaintiffs were not for paid their commissions due from during the time they were employed by defendants. Defendants directly managed and controlled the payment and non-payment of these wages at all times alleged.

26. Defendants would refuse to pay plaintiffs to cheat them out of their commission wages.

27. As a proximate result of defendants' willful, knowing, and intentional violations of the California Labor Code, suffered and continue to suffer wage losses in a sum according to proof.

28. Plaintiffs have incurred and continue to incur legal expenses and attorneys' fees. Plaintiffs are entitled to legal expenses and attorneys' fees.

29. During the course of their employment with defendants, plaintiffs were not paid the commission wages. The non-payment of these monies was a way of defrauding plaintiffs of their property, violating California Business and Professions Code section 17200.

30. By failing to pay plaintiffs commission wages, defendants were intentionally defrauding these individuals in the exchange of property, thereby entitling plaintiffs to recovery under Civil Code section 3281.

31. As a proximate result of defendants' willful, knowing, and intentional violations of Civil Code section 3343, plaintiffs have suffered and continue to suffer wage losses in a sum according to proof.

///

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for judgment against defendants as follows:

1. For special damages according to proof;

2. For exemplary damages;

3. For pre-judgment and post-judgment interest on all damages awarded;

4. For restitution;

5. For reasonable attorneys' fees;

6. For injunctive relief to prohibit defendants from continuing to refuse to pay employees their lawfully due wages involving commissions earned;

7. For costs of suit incurred; and

8. For such other and further relief as the Court may deem just and proper.

ADDITIONALLY, plaintiffs demand trial by jury of the present case.

Dated: May 14, 2008                    Respectfully submitted,

                                       SHEGERIAN & ASSOCIATES, INC.

                                       By: _____
                                           Carney R. Shegerian, Esq.

                                       Attorneys for Plaintiffs,
                                       JAYNE CLEMENT, on behalf of herself
                                       and all others similarly situated

PLAINTIFFS' COMPLAINT FOR DAMAGES

| SHORT TITLE: CLEMENT V. TRIBUNE COMPANY | CASE NUMBER BC390943 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES  CLASS ACTION? [X] YES  LIMITED CASE? [ ] YES  TIME ESTIMATED FOR TRIAL 15 [ ] HOURS/ [X] DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (See Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | [ ] A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | [ ] A6070 Asbestos Property Damage | 2. |
| | | [ ] A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | [ ] A7240 Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250 Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | [ ] A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | [ ] A7270 Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | [ ] A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | [ ] A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | [ ] A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | [ ] A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | [ ] A6013 Fraud (no contract) | 1., 2., 3. |

| LACIV 109 (Rev. 01/07)<br>LASC Approved 03-04 | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | LASC, rule 2.0<br>Page 1 of 4<br>LA-481 |
|---|---|---|

| SHORT TITLE: CLEMENT V. TRIBUNE COMPANY | | CASE NUMBER | |
|---|---|---|---|

| | A<br>Civil Case Cover Sheet Category No. | | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>- See Step 3 Above |
|---|---|---|---|---|
| Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) | Professional Negligence (25) | ☐ A6017<br>☐ A6050 | Legal Malpractice<br>Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025 | Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Employment | Wrongful Termination (36) | ☐ A6037 | Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☒ A6024<br>☐ A6109 | Other Employment Complaint Case<br>Labor Commissioner Appeals | 1., ②, 3.<br>10. |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004<br>☐ A6008<br>☐ A6019<br>☐ A6028 | Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>Negligent Breach of Contract/Warranty (no fraud)<br>Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002<br>☐ A6012 | Collections Case-Seller Plaintiff<br>Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015 | Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009<br>☐ A6031<br>☐ A6027 | Contractual Fraud<br>Tortious Interference<br>Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 | Eminent Domain/Condemnation   Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 | Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018<br>☐ A6032<br>☐ A6060 | Mortgage Foreclosure<br>Quiet Title<br>Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer | Unlawful Detainer - Commercial (31) | ☐ A6021 | Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer - Residential (32) | ☐ A6020 | Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer - Drugs (38) | ☐ A6022 | Unlawful Detainer-Drugs | 2., 6. |
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 | Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 | Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

| SHORT TITLE: CLEMENT V. TRIBUNE COMPANY | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Judicial Review (Cont'd.) | Writ of Mandate<br>(02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150 Other Writ / Judicial Review | 2., 8. |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment | Enforcement<br>of Judgment<br>(20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121 Civil Harassment<br>☐ A6123 Workplace Harassment<br>☐ A6124 Elder/Dependent Adult Abuse Case<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

| SHORT TITLE: CLEMENT V. TRIBUNE COMPANY | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: |
|---|---|
| ☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | LOCAL RULE 2.0C |
| CITY: LOS ANGELES | STATE: CA | ZIP CODE: 90012 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the STANLEY MOSK courthouse in the CENTRAL District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: MAY 15, 2008

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)
Carney R. Shegerian

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet form CM-010.
4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev 01/07), LASC Approved 03-04.
5. Payment in full of the filing fee, unless fees have been waived.
6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE**

Case Number _____

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**   BC390943

Your case is assigned for all purposes to the judicial officer indicated below. There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Gregory Alarcon | 36 | 410 | Hon. Mary H. Strobel | 32 | 406 |
| Hon. Conrad Aragon | 49 | 509 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Helen I. Bendix | 18 | 308 | Hon. Jane L. Johnson | 56 | 514 |
| Hon. Elihu M. Berle | 42 | 416 | Hon. Ann I. Jones | 40 | 414 |
| Hon. Tricia Ann Bigelow | 23 | 315 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Charles C. Lee | 33 | 409 |
| Hon. Soussan G. Bruguera | 71 | 729 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Susan Bryant-Deason | 52 | 510 | Hon. Rita Miller | 16 | 306 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. David L. Minning | 61 | 632 |
| ~~Hon. Victoria Chaney*~~ | ~~324~~ | ~~CCW~~ | Hon. Aurelio Munoz | 47 | 507 |
| Hon. Judith C. Chirlin | 19 | 311 | Hon. Mary Ann Murphy | 25 | 317 |
| Hon. Ralph W. Dau | 57 | 517 | Hon. Joanne O'Donnell | 37 | 413 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. Yvette M. Palazuelos | 28 | 318 |
| Hon. James R. Dunn | 26 | 316 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Mark Mooney | 68 | 617 | Hon. Alan S. Rosefield | 31 | 407 |
| Hon. William F. Fahey | 78 | 730 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Irving S. Feffer | 51 | 511 | Hon. John P. Shook | 53 | 513 |
| Hon. Edward A. Ferns | 69 | 621 | Hon. Ronald M. Sohigian | 41 | 417 |
| Hon. Kenneth R. Freeman | 64 | 601 | Hon. Michael C. Solner | 39 | 415 |
| Hon. Richard Fruin | 15 | 307 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Terry A. Green | 14 | 300 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Elizabeth A. Grimes | 30 | 400 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Paul Gutman | 34 | 408 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Mary Thornton-House | 17 | 309 |
|  |  |  | Other |  |  |

*Class Actions

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev. 01/08)   **NOTICE OF CASE ASSIGNMENT –**   Page 1 of 2
LASC Approved 05-06   **UNLIMITED CIVIL CASE**