

# O'MELVENY & MYERS LLP

| | | |
|---|---|---|
| BEIJING | Times Square Tower | SAN FRANCISCO |
| BRUSSELS | 7 Times Square | SHANGHAI |
| CENTURY CITY | New York, New York 10036 | SILICON VALLEY |
| HONG KONG | TELEPHONE (212) 326-2000 | SINGAPORE |
| LONDON | FACSIMILE (212) 326-2061 | TOKYO |
| LOS ANGELES | www.omm.com | WASHINGTON, D.C. |
| NEWPORT BEACH | | |

OUR FILE NUMBER
19368-1179

July 13, 2011

WRITER'S DIRECT DIAL
(212) 408-2483

**BY HAND**

The Honorable Judge Kevin J. Carey
United States Bankruptcy Court
District of Delaware
824 North Market Street
Fifth Floor
Wilmington, DE 19801

WRITER'S E-MAIL ADDRESS
dcantor@omm.com

Re: *In re Tribune Co., No. 08-13141 (KJC)*

Dear Judge Carey:

We represent Bank of America Corporation and its affiliates ("Bank of America"). We request that the Court schedule a telephonic hearing at the Court's earliest convenience to address a dispute arising from this Court's Order Granting (I) Relief from the Automatic Stay to the Extent the Automatic Stay Bars Commencement by Creditors of State Law Constructive Fraudulent Conveyance Claims to Recover Stock Redemption Payments Made to Step One Shareholders and Step Two Shareholders and (II) Leave from the Mediation Order to Permit Commencement of Litigation on Account of Such Claims (the "SLCFC Order") [D.I. 8740]. The Court has retained exclusive jurisdiction to hear and decide all disputes relating to or arising from the SLCFC Order. *See* SLCFC Order, ¶ 9.

Bank of America is named as a defendant in numerous lawsuits commenced by Deutsche Bank Trust Company Americas, Law Debenture Trust Company of New York and Wilmington Trust Company (together, the "Noteholder Plaintiffs") in courts all across the country alleging Creditor SLCFC Claims.[1] One of those actions is pending in the United States District Court for the District of New Jersey (Case No. 11-3148) (the "New Jersey Court" or the "New Jersey Action"), where it is named as Merrill Lynch Trust Company, a division of Bank of America, N.A..[2] The Noteholder Plaintiffs have filed a Motion to Stay ("Motion")[3] the New Jersey Action

---

[1] Terms not defined herein shall have the meaning ascribed to them in the SLCFC Order.
[2] Bank of America is also a defendant in other actions that were commenced in state court and that have since been removed to federal court. As of the filing of this letter, no motion has been made in those actions to implement the stay.
[3] Copies of the Motion papers are attached hereto as Exhibit A.

seeking, among other things, a stay of defendants' time to answer or otherwise respond to the complaint until the earliest of (a) October 31, 2011, (b) an order by the Bankruptcy Court confirming a plan of reorganization, or (c) further order of the Bankruptcy Court or the New Jersey Court. *See* Motion, ¶ 1.

We believe that the Motion does not comply with the SLCFC Order, which provides:

> ***Absent further order of this Court***, litigation commenced by the filing of any complaint . . . shall automatically be stayed in the applicable state court(s) where such complaint(s) are filed, or if not automatic in such state court(s), then application for the stay in accordance with the provisions of this Order shall be made by the Original Plaintiff Group or any other creditor that files its own complaint . . . .

SLCFC Order, ¶ 6 (emphasis added). Because the Motion only seeks a stay until October 31, 2011, or until a confirmation order is issued, the relief requested in the Motion is inconsistent with the SLCFC Order.

On July 11, 2011, counsel representing other Merrill Lynch entities in the New Jersey Action requested that the Noteholder Plaintiffs amend their Motion to request that defendants' time to answer or otherwise respond to the complaint be stayed solely "pending further order of the Bankruptcy Court," as provided for in the SLCFC Order.[4] Yesterday, the Noteholder Plaintiffs rejected that request.[5]

The Noteholder Plaintiffs assert that the stay should be lifted when any confirmation order is entered, because any confirmation order entered by this Court will "likely . . . resolve the concerns that led th[e] Court to impose the stay." But this ignores the SLCFC Order's plain language and misses the point. The SLCFC Order ***does not*** provide that the stay is lifted upon entry of a confirmation order and, at this point, it is unclear what provisions will be in a confirmation order entered by this Court and whether those provisions will in fact alleviate the concerns that led to the Court entering the SLCFC Order in the first place. The SLCFC Order was deliberately drafted to avoid precisely the ambiguity that the Noteholder Plaintiffs now seek to reintroduce. Indeed, in an action the Noteholder Plaintiffs filed in the Northern District of Texas (Case No. 11-cv-1175), the District Court, apparently recognizing this flaw in the Noteholder Plaintiffs' proposed order, ***struck*** this language *sua sponte*, without waiting for any response by defendants.[6]

The Noteholder Plaintiffs' lack of certainty concerning whether a confirmation order will resolve these concerns—they merely claim it is "likely" to do so—underscores this point. They cannot dispute that it is unclear whether the Court will even lift the stay if and when it confirms a plan. As a result, the Noteholder Plaintiffs should not be permitted to use a confirmation order—

---

[4] *See* July 11, 2011 letter from M. Primoff to R. Lack, attached hereto as Exhibit B.
[5] *See* July 12, 2011 letter from R. Lack to M. Primoff, attached hereto as Exhibit C.
[6] *See* July 8, 2011 Order of Hon. Royal Ferguson, ¶ 1, attached hereto as Exhibit D.

O'MELVENY & MYERS LLP

The Honorable Judge Kevin J. Carey, July 13, 2011 - Page 3

which may or may not resolve the objections that led to the SLCFC Order—as an end-run around the SLCFC Order.

The Noteholder Plaintiffs also contend that an October 31, 2011 outside date for a stay is necessary because of case law disapproving of "indefinite stays." But this contention is unavailing in light of the SLCFC Order's unambiguous terms. Moreover, because the stay would be tied to a definite event (a further order by this Court), the normal concerns regarding indefinite stays do not apply here.

Bank of America's opposition to the Motion is due Monday, July 18. We ask that the Court hold a telephonic hearing in advance of that date so that the Court may consider whether the Motion complies with SLCFC Order. Resolution of this dispute is within the Court's exclusive jurisdiction, and accordingly, should be resolved by the Bankruptcy Court, rather than the New Jersey Court. Furthermore, upon information and belief, the Noteholder Plaintiffs have filed other motions seeking the same relief in other actions alleging Creditor SLCFC Claims. Thus, we believe it would be helpful to have the Court's guidance now on this issue in order to ensure that litigation not be pursued or prosecuted in a manner that is contrary to the terms of the SLCFC Order.

Respectfully submitted,

Daniel L. Cantor
of O'MELVENY & MYERS LLP

Enclosures

cc: Attached service list