# KAYE SCHOLER LLP

Madlyn Gleich Primoff
212.836.7042
Fax 212.836.6525
mprimoff@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212.836.8000
Fax 212.836.8360
www.kayescholer.com

July 11, 2011

<u>**VIA E-MAIL**</u>

Robert J. Lack, Esq.
Friedman Kaplan Seiler & Adelman LLP
One Gateway Center, 25th Floor
Newark, NJ  07102

> Re:    Deutsche Bank Trust Company Americas, *et al.* v. Merrill
>         Lynch Trust Company, a division of Bank of America,
>         N.A., *et al.*
>         Case No. 11-3148 (WJM) (JAD)

Dear Robert:

We write regarding your Notice of Motion to Stay ("Motion") [D.I. 14] filed in the above referenced action (the "Action") pending before the United States District Court for the District of New Jersey (the "New Jersey Court"). We believe that the Motion violates the Bankruptcy Court's April 25, 2011 Order in *In re Tribune Co.*, No. 08-13141 (KJC) (the "SLCFC Order") which (a) requires that litigation commenced in actions such as the Action shall be stayed pending further order of the Bankruptcy Court and (b) directs that any application made by plaintiffs for a stay must be in accordance with the SLCFC Order. Specifically, the SLCFC Order provides:

> **Absent further order of this Court**, litigation commenced by the filing of any complaint...shall automatically be stayed in the applicable state court(s) where such complaint(s) are filed, or if not automatic in such state court(s), then **application for the stay in accordance with the provisions of this Order shall be made by the Original Plaintiff Group** or any other creditor that files its own complaint...

SLCFC Order, ¶ 6 (emphasis added).

Your Motion, however, does not request a stay pending further order of the Bankruptcy Court, as required. Instead, the Motion seeks a stay of defendants' time to answer or otherwise respond to the complaint until the earliest of (a) October 31, 2011, (b) an order by the Bankruptcy Court confirming a plan of reorganization, or (c) further order of the Bankruptcy Court or the New Jersey Court. *See* Notice of Motion, ¶ 1. As you are aware, neither (a) nor (b)

CHICAGO · FRANKFURT · LONDON · LOS ANGELES · NEW YORK · PALO ALTO · SHANGHAI · WASHINGTON, DC · WEST PALM BEACH

**K**AYE SCHOLER LLP

Robert J. Lack                          - 2 -                          July 11, 2011

are provided for in, or permitted by, the SLCFC Order.  Additionally, pursuant to the SCLFC Order, (c) should be limited to an order of the Bankruptcy Court.

Accordingly, we ask that you advise us in writing by 5:00 p.m. tomorrow as to whether you will amend the Motion (and the Proposed Order related thereto) to request that defendants' time to answer or otherwise respond to the complaint in this Action be stayed <u>solely</u> "pending further order of the Bankruptcy Court."  Absent your agreement to do so, we intend to seek an emergency hearing before the Bankruptcy Court regarding your violation of the SLCFC Order.

Sincerely,

*/s/ Madlyn Gleich Primoff*

Madlyn Gleich Primoff

CC: Amy C. Brown, Esq.
       Ricardo Solano Jr., Esq.
       Timothy M. Haggerty, Esq.
       Jane W. Parver, Esq.
       Daniel Boglioli, Esq.