# FRIEDMAN KAPLAN SEILER & ADELMAN LLP

A LIMITED LIABILITY PARTNERSHIP FORMED IN THE STATE OF NEW YORK

ONE GATEWAY CENTER, 25TH FLOOR
NEWARK, NJ 07102-5311
TELEPHONE (973) 877-6400
FACSIMILE (973) 877-6401

**ROBERT J. LACK**
DIRECT DIAL (973) 877-6408
DIRECT FAX (973) 877-6409

NEW YORK OFFICE
7 TIMES SQUARE
NEW YORK, NY 10036-6516
TELEPHONE (212) 833-1100
FACSIMILE (212) 833-1250

July 12, 2011

BY ELECTRONIC TRANSMISSION

Madlyn Gleich Primoff, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3598

Re: Deutsche Bank Trust Co. Americas v. Merrill Lynch Trust Co.,
No. 11-3148-WJM-JAD (D.N.J.)

Dear Madlyn:

I write in response to the letter you e-mailed to me last night, in which you allege that the motion to stay that the plaintiffs made in the above action violates the Bankruptcy Court's April 25, 2011 order in *In re Tribune Co.* (the "SLCFC Order"). (I assume you are writing on behalf of the Merrill Lynch-related defendants, although you do not identify your clients.)

In particular, you object to our proposal that the stay terminate not only upon further order of the Bankruptcy Court, but upon further order of the District Court from which the stay has been sought, the Bankruptcy Court's confirmation of a plan of reorganization, or (if earlier) October 31, 2011. We do not think any of these alternatives are inconsistent with the SLCFC Order, especially in light of remarks Chief Judge Carey made at the hearing on June 28, 2011. At that hearing, at which you are shown to have been telephonically present, Chief Judge Carey stated, in connection with the supplementation of the SLCFC Order that he was about to approve, that

> it's not my intention to interfere with the prerogative of any other Court, State or Federal, with respect to conduct of litigation before it. I mean, I've said what I've said, and I – beyond that, in my view, Courts are free to take their own conduct and manage their own dockets.

1002975.1

**Friedman Kaplan Seiler & Adelman LLP**

Madlyn Gleich Primoff, Esq. - 2 - July 12, 2011

Hrg. Tr. at 22. In light of these remarks (and even if they had not been made), it was perfectly proper to have provided in the proposed stay order that the District Court issuing the order would have the authority to lift it if that Court determined it was appropriate to do so. Indeed, to have purported to deprive that Court of the ability to do so would have been peculiar, to say the least.

Nor was it inappropriate to provide that the stay would terminate upon the confirmation of a plan of reorganization in the Tribune bankruptcy. The existence of pending objections to the competing plans of reorganization was a key reason for the Bankruptcy Court's direction that the state-law constructive fraudulent conveyance actions be stayed. It is likely that the Bankruptcy Court's confirmation order will resolve the concerns that led that Court to impose the stay. If it does not, the parties could request that the stay be continued.

Finally, the October 31, 2011 outside date for the stay was included in response to case law that disapproves of the imposition of indefinite stays. As the memorandum of law in support of the stay motion expressly states, "If it appears that the plan confirmation issues relating to the Creditor SLCFC Claims will remain unresolved by the Bankruptcy Court by October 31, 2011, Plaintiffs reserve the right to seek to extend the stay." Pl. Mem. at 14 n.7.

Accordingly, we reject your demand that we amend the motion and the related proposed order to provide that "defendants' time to answer or otherwise respond to the complaint in this Action be stayed *solely* 'pending further order of the Bankruptcy Court'" (emphasis in original). We see no basis for your seeking "an emergency hearing before the Bankruptcy Court" on this matter and suggest that if Merrill Lynch has any objections to the form of the proposed stay order, it present them to the District Court on July 18, the date responses to the stay motion are due.

Sincerely,

Robert J. Lack

1002975.1