# FRIEDMAN KAPLAN SEILER & ADELMAN LLP

A LIMITED LIABILITY PARTNERSHIP FORMED IN THE STATE OF NEW YORK

ONE GATEWAY CENTER, 25TH FLOOR

NEWARK, NJ 07102-5311

TELEPHONE (973) 877-6400

FACSIMILE (973) 877-6401

ROBERT J. LACK
DIRECT DIAL (973) 877-6408
DIRECT FAX (973) 877-6409

NEW YORK OFFICE
7 TIMES SQUARE
NEW YORK, NY 10036-6516
TELEPHONE (212) 833-1100
FACSIMILE (212) 833-1250

July 14, 2011

BY E-FILING

The Honorable Kevin J. Carey
Chief Judge
United States Bankruptcy Court
District of Delaware
824 North Market Street
Wilmington, DE 19801

Re: In re Tribune Co., No. 08-13141 (KJC)

Dear Chief Judge Carey:

      We are co-counsel to Aurelius Capital Management, LP in the above proceeding, and counsel to Deutsche Bank Trust Company Americas, Law Debenture Trust Company of New York, and Wilmington Trust Company, as successor indenture trustees (the "Noteholder Plaintiffs"), the plaintiffs in one of the state-law constructive fraudulent conveyance actions, *Deutsche Bank Trust Co. Americas v. Merrill Lynch Trust Co.*, No. 11-cv-3148 (D.N.J.), which were authorized by Your Honor's April 25, 2011 order (Dkt. 8740) (the "SLCFC Order"). I write in response to the July 13, 2011 letter from Bank of America's counsel (Dkt. 9453), which asserts that the Motion to Stay that the Noteholder Plaintiffs filed in the New Jersey action does not fully comply with the SLCFC Order because it proposes that the stay terminate not only upon further order of this Court, but upon further order of the District Court from which the stay has been sought, this Court's confirmation of a plan of reorganization, or (if earlier) October 31, 2011.

      We do not think any of these alternative triggers for termination of the stay is inconsistent with the SLCFC Order, especially in light of remarks Your Honor made at the hearing in this proceeding on June 28, 2011, shortly before the Motion to

1004126.2

Stay was filed. At that hearing, Your Honor stated, in connection with the supplementation of the SLCFC Order:

> [I]t's not my intention to interfere with the prerogative of any other Court, State or Federal, with respect to conduct of litigation before it. I mean, I've said what I've said, and I – beyond that, in my view, Courts are free to take their own conduct and manage their own dockets.

June 28, 2011 Hrg. Tr. at 22 (excerpt attached as Ex. A). Especially in light of these remarks, it was perfectly proper to provide in the proposed stay order that the District Court issuing the order would have the authority to lift the stay if that Court determined it was appropriate to do so.[1]

Nor was it inappropriate to provide that the stay would terminate upon the confirmation of a plan of reorganization in the Tribune bankruptcy. The existence of certain limited objections to the competing plans of reorganization was a key reason for this Court's direction that the state-law constructive fraudulent conveyance actions be stayed. It is likely that this Court's confirmation order will resolve the objections that led this Court to impose the stay, and will specify whether the stay will persist or be lifted. If it does not, the parties can always request that the stay in the District Court be continued.

The October 31, 2011 outside date for the stay was included in response to Third Circuit law – consistent with the law in the other jurisdictions in which the state-law actions were commenced – which disapproves of the imposition of stays of "indefinite duration." *See Cheyney State Coll. Faculty v. Hufstedler*, 703 F.2d 732, 738 (3d Cir. 1983) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 257 (1936)). As the memorandum of law in support of the stay motion (attached as Ex. A to Bank of America's letter) expressly states, "If it appears that the plan confirmation issues relating to the Creditor SLCFC Claims will remain unresolved by the Bankruptcy Court by October 31, 2011, Plaintiffs reserve the right to seek to extend the stay." Pl. Mem. at 14 n.7.

The stay provision about which Bank of America complains was sought by the Noteholder Plaintiffs in virtually all of the state-law constructive fraudulent conveyance actions commenced around the country. The provision has so far been adopted by the courts in at least five of those actions.[2] The courts in these five actions

---

[1] Notably, although Bank of America's letter responds to the other points made in my letter of July 12, 2011 (attached to Bank of America's letter as Ex. C), it does not address the above-quoted remarks made by the Court at the June 28 hearing.

[2] *Deutsche Bank Trust Co. Americas v. Associated Bank Green Bay, NA*, No. 11-cv-396 (W.D. Wis. July 5, 2011); *Deutsche Bank Trust Co. Americas v. Mazur*, No. 11-cv-400 (W.D. Wis. July 6, 2011); *Deutsche Bank Trust Co. Americas v. Taylor*, No. 11-cv-10982 (D. Mass. July 6, 2011); *Deutsche Bank Trust Co.*

evidently did not see the proposed language as inconsistent with the SLCFC Order, which was included as part of the motion papers. Furthermore, Bank of America's suggestion that the District Court in Texas "struck" the language relating to lifting the stay on confirmation as being inconsistent with the SLCFC Order is totally unfounded.[3] Thus, by its letter, Bank of America is asking Your Honor to modify the form of relief sought in dozens of motions – five of which already have been granted by courts that already have considered the issue.

In short, Bank of America's request that this Court involve itself now in the precise wording of the stay motions made in the New Jersey case – which would affect many other stay motions pending or previously granted in actions across the country – in order to address a potential post-confirmation dispute over the status of the stay that may never arise – is simply a waste of the Court's time and that of the parties. If, at the time when the stay is set to expire, or upon confirmation of a plan, there is an issue about whether the stay should continue, the parties can address the matter then.

Respectfully,

Robert J. Lack

cc: All counsel entitled to notice under Paragraph 35 of the CMO

---

*Americas v. Eaton Vance Multi Cap Growth Portfolio*, No. 11-cv-10985 (D. Mass. July 6, 2011); *Deutsche Bank Trust Co. Americas v. King*, No. 11-cv-1110 (D. Ariz. July 11, 2011).

[3] Bank of America asserts that "in an action the Noteholder Plaintiffs filed in the Northern District of Texas (Case No. 11-cv-1175), the District Court, apparently recognizing this flaw in the Noteholder Plaintiffs' proposed order, **struck** this language *sua sponte*" (Bank of America Letter, at 2 (emphasis in original)). In fact, in the stay order in Case No. 11-cv-1175, Judge Furgeson simply used the same language the Noteholder Plaintiffs had proposed in the stay order they had presented a few days earlier in Case No. 11-cv-1167, a related state-law constructive fraudulent conveyance action. The plaintiffs' proposed order in Case No. 11-cv-1167 provided that the stay would be lifted upon "modification by the United States Bankruptcy Court . . . of its April 25, 2011 order regarding the need to stay this action" (*see* Ex. B hereto). Judge Furgeson signed that order on July 5 (Ex. C). When the stay motion in Case No. 11-cv-1175 was presented to him with slightly revised language, lifting the stay upon entry of a plan confirmation order (Ex. D), the judge evidently recognized that the proposed orders had different language, determined to use the same language in the second order that he used in the first, and cloned the first order to create the second (Ex. E). With the exception of the introductory paragraph describing the title of the motion papers, and the docket numbers, the two orders are the same (in fact, the caption of the first action was inadvertently included on the order in the second action). Thus, the suggestion that Judge Furgeson made a decision that the language about confirmation was inconsistent with the SLCFC Order and "struck" it is unwarranted.

1004126.2