**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, *et al.*, | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Objection Date: August 4, 2011 at 4:00 P.M.<br>Hearing Date: *Only if Objections are Filed* |

**FIRST INTERIM FEE APPLICATION OF CAMPBELL & LEVINE, LLC FOR COMPENSATION OF SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL LITIGATION COUNSEL FOR THE PERIOD DECEMBER 6, 2010 THROUGH FEBRUARY 29, 2011**

| | |
|---|---|
| Name of Applicant: | Campbell and Levine, LLC |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of retention: | February 4, 2011, *nunc pro tunc* to December 6, 2010 |
| Period for which compensation and reimbursement is sought: | December 6, 2010 through February 28, 2011 |
| Amount of compensation sought as actual, reasonable and necessary: | $5,982.50 |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | $784.67 |
| Total amount of holdback fees sought for applicable period | $1,196.50 |

This is a: _____ monthly __X__ interim _____ final application.

Campbell & Levine, LLC's time and requested compensation in preparing this Application will appear on a subsequent application.

Previously filed fee applications:

| | | Requested | | Approved | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| | | | | | |

{D0208246.1}

**SUMMARY OF COMPENSABLE TIME OF ATTORNEYS AND PARALEGALS FOR BILLING PERIOD DECEMBER 6, 2010 THROUGH FEBRUARY 28, 2011**

| Name, Position, Years in Position | Hours Billed | Hourly Rate[1] | Amount of Fees |
|---|---|---|---|
| Marla R. Eskin (MRE), Member, since 2002 | 0 | $415.00 $450.00 | $0.00 |
| Mark T. Hurford (MTH), Member, since 2007 | 14.1 | $360.00 $375.00 | $5,166.00 |
| Bernard G. Conaway (BGC), Member, since 2009 | 0 | $375.00 $395.00 | $0.00 |
| Kathleen Campbell Davis (KCD), Member, since 2009 | 0 | $340.00 $375.00 | $0.00 |
| Ayesha Chacko (AC), Associate, since 2008 | 0 | $205.00 $225.00 | $0.00 |
| Katherine L. Hemming (KH), Paralegal, since 2004 | 6.8 | $110.00 $125.00 | $754.00 |
| Santae Boyd (SB), Paralegal, since 2008 | 0 | $100.00 $110.00 | $0.00 |
| Matthew Brushwood (MB), Paralegal, since 2008 | .5 | $100.00 $125.00 | $62.50 |
| **Total** | **21.4** | | **$5,982.50** |
| **Blended Rate** | | | **$279.56** |

**COMPENSATION SUMMARY BY PROJECT CATEGORY**

| Project Category | Total Hours for the Period 10/6/10 through 2/28/11 | Total Fees for the Period 10/6/10 through 2/28/11 |
|---|---|---|
| Asset Analysis and Recovery | 0 | $0.00 |
| Asset Disposition | 0 | $0.00 |
| Business Operations | 0 | $0.00 |
| Case Administration | 0 | $0.00 |
| Claims Analysis Objection & Resolution | 0 | $0.00 |
| Employee Benefits/Pension | 0 | $0.00 |
| Fee/Employment Applications | 4 | $1,425.00 |

---

[1] Hourly Rate column lists Campbell & Levine, LLC's 2010 and 2011 rates.

| | | |
|---|---|---|
| Fee/Employment Objections | 0 | $0.00 |
| Financing | 0 | $0.00 |
| Litigation | 17.4 | $4,557.50 |
| Plan and Disclosure Statement | 0 | $0.00 |
| Relief from Stay Proceedings | 0 | $0.00 |
| Tax Issues | 0 | $0.00 |
| Valuation | 0 | $0.00 |
| Committee | 0 | $0.00 |
| **Grand totals** | **21.4** | **$5,982.50** |

## EXPENSE SUMMARY

| Expense Category | Provider, if applicable | Total Expenses For the Interim Period |
|---|---|---|
| In-House Reproduction ($.10 per page) | | $5.60 |
| Outside Reproduction & Courier Service | Parcels | $0 |
| Outside Reproduction & Courier Service | Digital Legal | $0 |
| Courier Service | Tri State | $6.50 |
| Facsimile | | $0 |
| Travel | | $0 |
| Working Meals | | $0 |
| Long Distance Telephone Calls | Verizon | $0 |
| Postage | | $4.17 |
| Transcript | Court Reporter | $0 |
| Courtcall | | $0 |
| PACER | | $18.40 |
| Research | Westlaw | $0 |
| Overnight Courier | Federal Express | $0 |
| Document Fees | U.S. Bankruptcy Court | $0 |
| Conference Call | Copper Conferencing | $0 |
| Filing Fee | Complaints | $750.00 |
| **Total:** | | **$784.67** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, *et al.*,[2] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Objection Date:** August 4, 2011 at 4:00 P.M.<br>**Hearing Date:** *Only if Objections are Filed* |

**FIRST INTERIM FEE APPLICATION OF CAMPBELL & LEVINE, LLC FOR
COMPENSATION OF SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES AS SPECIAL LITIGATION COUNSEL FOR THE PERIOD
<u>DECEMBER 6, 2010 THROUGH FEBRUARY 29, 2011</u>**

Campbell & Levine, LLC ("Campbell & Levine"), special litigation counsel to the

debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases,

hereby applies to the Court for interim allowance of compensation for services rendered, in the

amount of $5,982.50, and reimbursement of expenses in the amount of $784.67 for the period

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

{D0208246.1 } 1

from December 6, 2010 through February 29, 2011 (the "Interim Fee Application"), and respectfully represents as follows:

## I. INTRODUCTION

1. On December 8, 2008 (the "Petition Date"), Tribune Company and certain of its subsidiaries each filed a voluntary petition for relief under Chapter 11 of the United States Code (the "Bankruptcy Code").  An additional Debtor, Tribune CNLBC[3], LLC, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on October 12, 2009.  In all, the Debtors comprise 111 entities.  The Debtors' Chapter 11 cases have been consolidated for procedural purposes only by applicable orders of the Bankruptcy Court.

2. On or about December 18, 2008, the United States Trustee appointed an official committee of unsecured creditors (the "Committee") pursuant to 11 U.S.C. § 1102(a)(l).

3. On January 15, 2009, this Court entered an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Official Committee Members (the "Fee Order").

4. On March 19, 2009, the Court appointed Stuart Maue as the Fee Examiner in these cases.

5. On January 6, 2011, the Debtors filed and served its Application to Retain and Employ Campbell & Levine, LLC as Special Litigation Counsel to the Debtors and Debtors in Possession (the "Retention Application"). Through the Retention Application, the Debtors sought authorization to employ Campbell & Levine, effective as of December 6, 2010.  On February 4, 2011, the Court entered the Order Approving and Authorizing the Retention and Employment of Campbell & Levine, LLC as Special Litigation Counsel to the Debtors and

---

[3] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

{D0208246.1 }2

Debtors in Possession *nunc pro tunc* to December 6, 2010.

## II.    RELIEF REQUESTED

1.     Through this First Interim Application, Campbell & Levine seeks allowance and payment of $5,982.50 in fees for services rendered during the Period and reimbursement of $784.67 for reasonable and necessary expenses incurred during the Period.  Thus, Campbell & Levine seeks allowance and payment in the total amount of $6,767.17.

2.     Campbell & Levine has received no payment and no promises for payment from any source for services rendered during the Period in connection with the case.  There exists no agreement or understanding between Campbell & Levine and any other person for the sharing of any compensation to be received for services rendered by Campbell & Levine in the case.

3.     All services for which compensation is requested by Campbell & Levine pursuant to this Interim Fee Application were performed for or on behalf of the Debtors in this case.

## III.    SUMMARY OF SERVICES RENDERED

4.     Campbell & Levine has maintained detailed records of the time spent in the rendition of professional services for the Debtor during the Period.  Attached hereto and incorporated herein by reference is a true and correct copy of the billing statement prepared for the services rendered in this case by Campbell & Levine (the "Billing Statement") during the Period.  The Billing Statement is in the same form regularly used by Campbell & Levine to bill its clients for services rendered and includes the date that the services were rendered, a detailed, contemporaneous narrative descriptions of the services, the amount of time spent for each service and the designation of the professional who performed the service.

5.     As set forth in attached billing statement, Campbell & Levine rendered 21.4 hours of professional services during the Period, resulting in legal fees totaling $5,982.50 and

associated reasonable and necessary expenses totaling $784.67.

6. Set forth below are the rates for the expenses incurred by Campbell & Levine for which reimbursement is requested pursuant to this Interim Fee Application, as well as the basis for such rates for the identified expense items:

a) Copy charges: Campbell & Levine charges 10 cents per page for copies and such charge is based on an analysis of the cost to Campbell & Levine to make a copy;

b) Computer research charges: Campbell & Levine passes through on an exact cost basis all computer-assisted research charges; and

c) Out-going facsimile charges: Campbell & Levine charges $1.00 for each page. These charges are based on an analysis of the cost to Campbell & Levine to send facsimile transmissions. Campbell & Levine do not pass through to its client's expenses or charges related to incoming facsimile transmissions.

7. The professionals at Campbell & Levine have substantial experience in bankruptcy, including bankruptcies involving mass tort liability, insolvency, corporate reorganization and debtor/creditor law and commercial law and have participated in numerous proceedings before this Court, as well as several other bankruptcy courts.

8. The Debtors have requested that Campbell & Levine advise and assist as special Delaware litigation counsel in connection with the filing, prosecution, and/or settlement of three (3) avoidance actions already filed by the Debtors in this Court (the "Avoidance Actions"). The Debtors filed or preserved by tolling agreements numerous avoidance actions on or before the December 8, 2010 deadline for commencing such actions. Out of the approximately 94 complaints actually filed by the Debtors in this Court, Campbell & Levine filed three (3) complaints against third parties for which the Debtors' existing counsel, could not represent the

Debtors out of an abundance of caution due to potential conflicts of interest.  Campbell & Levine assisted the Debtors with the preparation and filing of the three Avoidance Actions, which consist of complaints filed against Epsilon Data Management LLC, Nixon Peabody LLP, and Navigant Consulting Inc.

9. The generality of the foregoing description is amplified on a day-to-day basis by the Billing Statements attached hereto.

10. Thus, through this First Interim Fee Application, Campbell & Levine seeks allowance and payment of $5,982.50 in fees and $784.67 in expenses. A Notice of the Interim Fee Application will be filed and served on the parties specified in the Administrative Order.

11. The undersigned hereby certifies that he has reviewed the requirements of the Local Rule 2016-2(f) and this Application complies therewith.

### IV.   ALLOWANCE OF COMPENSATION

12. Campbell & Levine has endeavored to represent the Debtor in the most expeditious and economical manner possible. Further, the professionals at Campbell & Levine have coordinated their activities with co-counsel to avoid duplication of effort on behalf of the Debtor in the case whenever possible.

*(Remainder of Page Intentionally Left Blank)*

WHEREFORE, Campbell & Levine respectfully requests that the Court enter an Order approving this First Interim Fee Application and directing payment of $5,982.50 in fees and reimbursement of $784.67 in expenses, and for such other and further relief as the Court deems just and proper.

Dated: July 15, 2011

                              CAMPBELL & LEVINE, LLC

                              */s/Mark T. Hurford*
                              Marla Rosoff Eskin (I.D. # 2989)
                              Mark T. Hurford (I.D. #3299)
                              800 North King Street, Suite 300
                              Wilmington, DE  19899
                              (302) 426-1900

                              *Special Litigation Counsel to the Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, *et al.*, | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Related to Docket No. _____** |

**ORDER APPROVING FIRST INTERIM FEE APPLICATION OF CAMPBELL &
LEVINE, LLC FOR COMPENSATION OF SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES AS SPECIAL LITIGATION COUNSEL FOR THE
PERIOD DECEMBER 6, 2010 THROUGH FEBRUARY 29, 2011**

Upon the First Interim Fee Application of Campbell & Levine, LLC ("Campbell & Levine"), special litigation counsel to the debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases, for interim allowance of compensation and for reimbursement of expenses, for the interim period from December 6, 2010 through February 29, 2011 (the "Interim Fee Period"), pursuant to 11 U.S.C. § 331, and adequate notice of such application having been given, **IT IS ORDERED:**

1. Campbell & Levine is allowed compensation for professional services rendered in the amount of $5,982.50 for the Interim Fee Period from December 6, 2010 through February 29, 2011.

2. Campbell & Levine is allowed compensation of its actual and necessary expenses in the amount of $784.67 for the Interim Fee Period from December 6, 2010 through February 29, 2011.

3. The Debtors are authorized and directed to promptly pay the foregoing amounts to Campbell & Levine.

Dated: _____, 2011           _____
                                            THE HONORABLE KEVIN J. CAREY
                                            UNITED STATES BANKRUPTCY JUDGE

{D0208246.1 }