UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**TRIBUNE COMPANY**, *et al.*,<br><br>        **Debtors.** | ) <br> ) **Chapter 11** <br> ) <br> ) **Case No. 08-13141 (KJC)** <br> ) **Jointly Administered** <br> ) **Re: Docket No. 9464** |

### SAM ZELL AND EGI-TRB'S LIMITED OBJECTION
### TO THE COMMITTEE'S PROPOSED ORDER PRECLUDING
### USE OF FINDINGS OF FACT AND CONCLUSIONS OF LAW IN OTHER MATTERS

  Sam Zell ("Mr. Zell") and EGI-TRB, LLC ("EGI-TRB") respectfully submit this limited objection to paragraph 4 of the proposed Order Concerning Admissibility of Certain Trial Exhibits for Canvassing Purposes and Precluding Use of Findings of Fact and Conclusions of Law in Other Matters ("Proposed Order") [Dkt. No. 9464], to the extent that it would force this Court to determine at this time, how other courts, state and federal, *must* treat this Court's findings of fact or conclusions of law relating to the merits of LBO-Related Causes of Action. To be clear, Mr. Zell and EGI-TRB do not object to any provisions of the Proposed Order except for the provision that attempts to bar them from seeking to have another court in another proceeding be able to determine for itself that a finding of fact or conclusion of law may be binding on one of the plan proponents.

  Through the Proposed Order, the plan proponents attempt to force this Court to do exactly what it repeatedly has emphasized it will not do; this Court has been clear in stating that:

> [i]t's not my intention to interfere with the prerogative of any other Courts, State or Federal, with respect to conduct of litigation before it. I mean, I've said what I've said and I – beyond that, in my view, Courts are free to take their own conduct and manage their own dockets.

(Ex. A., 6/28/11 Hrg. Tr. at 22 (also quoted in NPP 7/14/11 Ltr. Br. at 2).) The Court reiterated this view during the telephonic hearing held on July 15. (Ex. B, 7/15/11 Hrg. Tr. at 6-7 ("I do

not want to continue on any basis to micromanage litigation that's occurring in other Courts" and "And when I said at the June 28th hearing that I did not want to interfere with the prerogative of any other Court – whom litigation was pending either state or federal, and I am still of that view").)

## ARGUMENT

It is well settled that a court cannot dictate the preclusion consequences of its own decision to future courts. *See D'Amico v. CBS Corp.*, 297 F.3d 287, 294 (3d Cir. 2002) (stating that "we may not dictate the preclusion consequences of our decision to future courts"); *see also Covanta Onandaga Ltd. P'ship v. Onandaga Cty. Res. Recovery Agency*, 318 F.3d 392, 397-98 (2d Cir. 2003) ("[O]rdinarily both issue preclusion and claim preclusion are enforced by awaiting a second action in which they are pleaded and proved by the party asserting them. The first court does not get to dictate to other courts the preclusion consequences of its own judgment."); *Pettibone Corp. v. Easley*, 935 F.2d 120, 123-24 (7th Cir. 1991) ("Disputes about the effect of a decision in one case on the prosecution of another are for the judge presiding in the second case. In the law of preclusion the second court normally determines the effects of the first judge's order.").[1]

Additionally, the collateral estoppel effect of a confirmation order will necessarily depend upon, among other factors, whether the issue was "actually litigated," *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 247-48 (3d Cir. 2010); *see also In re*

---

[1] The Third Circuit follows the general rule but also recognizes an exception with respect to claim preclusion when the first court expressly disclaims the preclusive effect of its decision on a cause of action. "Despite the general rule that a court cannot dictate preclusion consequences at the time of deciding a first action, it should have power to narrow the ordinary rules of claim preclusion. A judgment that expressly leaves open the opportunity to bring a second action on specific parts of the claim or cause of action that was advanced in the first action should be effective to forestall preclusion." *Venuto v. Witco Corp.*, 117 F.3d 754, 759 n. 8 (3d Cir. 1997). The exception does not apply to the paragraph 4 of the Proposed Order.

*Grimm*, 168 B.R. 102, 112 (Bankr. E.D. Va. 1994), whether the facts and legal standards used to assess the issues are the same in both proceedings, *Copeland v. Merrill Lynch & Co.*, 47 F.3d 1415 (5th Cir. 1995), and whether there are procedural opportunities available to the party in the second action that did not exist in the first, *Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979).[2]

Mr. Zell and EGI-TRB have no objection to the plan proponents' agreement that they will not assert in other litigation that any of this Court's findings have preclusive effect. But they have no basis to foreclose Mr. Zell or EGI-TRB from asserting in some other case not before this Court that this Court's findings should have preclusive effect. It is not unusual for one party, but not another, to be precluded from litigating issues already decided by a court where the first party's interest's were adequately represented and the relevant issue was fully litigated by that party. *See, e.g., Parklane Hosiery*, 439 U.S. at 332-33 (precluding re-litigation of whether defendant corporation issued a false statement because it had a full opportunity to litigate that issue in a prior SEC action); *see also Univac Dental Co. v. Dentsply Int'l, Inc.*, 702 F. Supp. 2d 465, 474, 493 (M.D. Pa. 2010) (agreeing with magistrate judge that while defendants should be estopped from re-litigating the general elements of an antitrust violation, they should not be estopped from contesting the issues of causation and damages, as those issues were not fully litigated in the previous lawsuit). Here, the plan proponents fully litigated certain issues which the Court may include in its findings of fact or conclusions of law and, if raised in another forum, that second court should determine whether the plan proponents are estopped from re-litigating

---

[2] Indeed, given that the law is well settled that one court cannot tell a second court how it must treat the preclusive effect of its findings and given that determination must be made by the second court after considering several factors, here, the Proposed Order's paragraph 4 would take the form of an advisory opinion, which federal courts, including bankruptcy courts, do not issue. *In re McDonald*, 205 F.3d 606, 608 (3d Cir. 2000) ("Federal courts are not authorized to issue advisory opinions."); *see also United States Nat'l Bank v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 446 (1993); *Coffin v. Malvern Fed. Sav. Bank*, 90 F.3d 851, 853-54 (3d Cir. 1996) (instructing bankruptcy court not to issue advisory opinions relative to matters not pending before it).

those issues. By contrast, because Mr. Zell and EGI-TRB could not fully litigate those issues in these proceedings, they may not be barred. More importantly, those are decisions that can only be made by the second court based on all relevant facts and circumstances at that time.

## CONCLUSION

For the foregoing reasons, this Court should sustain Mr. Zell and EGI-TRB's limited objection to the Committee's Proposed Order and revise the Proposed Order so that paragraph 4 does not apply to them. For the Court's convenience, they attach two separate alternative proposed orders (with redlines) as Exhibits A and B to this objection that reflect alternative revisions to the Proposed Order that are consistent with this Court's prior statements and relevant case law.[3]

Respectfully submitted,

Dated: July 20, 2011

**BLANK ROME LLP**

By: /s/ *David W. Carickhoff*
David W. Carickhoff (DE No. 3715)
1201 Market Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 425-6400

and

**JENNER & BLOCK LLP**
David J. Bradford (admitted *pro hac vice*)
Catherine L. Steege (admitted *pro hac vice*)
Andrew W. Vail (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
Telephone: (312) 222-9350

*Counsel for Samuel Zell and EGI-TRB, LLC*

---

[3] Exhibit A provides that only the plan proponents shall be bound by the limitations in paragraph 4, whereas Exhibit B provides that paragraph 4 shall not be binding on Mr. Zell and EGI-TRB.

4