# EXHIBIT A

**Stipulation**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## STIPULATION BETWEEN DEBTORS AND STEVEN GELLMAN WITHDRAWING MOTION TO ALLOW PROOF OF CLAIM WITHOUT PREJUDICE

Steven Gellman ("Mr. Gellman") and the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors" and, together with Mr. Gellman, the "Parties"), by and through their respective counsel, hereby stipulate and agree (the "Stipulation"), subject to the approval of the Court, as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

## RECITALS

A. On December 8, 2008 (the "Petition Date"), Tribune Company and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 111 entities.

B. On November 1, 2010, Mr. Gellman filed a proof of claim, Claim No. 6669 (the "Gellman Claim"), in the amount of $1,750,000 for damages related to an alleged wrongful termination by Debtor Los Angeles Times Communications LLC ("LATC").

C. On February 9, 2011, Mr. Gellman filed the Motion to Allow Proof of Claim (D.I. 7876) (the "Motion") whereby Mr. Gellman requested allowance of the Gellman Claim as an administrative expense pursuant to 11 U.S.C. § 503(b)(1)(A)(i) and/or § 503(b)(1)(A)(ii). The Motion was supplemented by the Declaration of Steven Gellman in Support of His Motion to Allow Claim (D.I. 8136) filed on February 25, 2011.

D. On February 24, 2011, the Debtors filed their Objection to the Motion and the Gellman Claim (D.I. 8125) (the "Objection") whereby the Debtors disputed the Gellman Claim on various grounds, including, without limitation, that (i) Mr. Gellman was terminated by LATC for cause and (ii) Mr. Gellman did not meet his burden of demonstrating the prima facie validity of the Gellman Claim or entitlement to administrative expense priority.

E. Following subsequent discussions between the Parties, the Parties have reached an agreement as to the resolution of the Motion in the Bankruptcy Court and for the

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

adjudication of the Gellman Claim in a non-bankruptcy forum and have agreed to enter into this stipulation (the "Stipulation") to document their agreement.

NOW, THEREFORE, THE PARTIES STIPULATE AND AGREE AS FOLLOWS:

### AGREEMENT

1. The recitals set forth above are incorporated herein by reference.

2. Immediately upon entry of an order of the Court approving this Stipulation, the Gellman Motion and the Objection shall be deemed withdrawn, without prejudice to either of the Parties' rights to file any future pleadings relating to enforcement of this Stipulation.

3. Nothing herein shall impair Mr. Gellman's right to commence any action or proceeding he deems appropriate in a non-bankruptcy forum of competent jurisdiction, including but not limited to litigation, mediation, or arbitration, to adjudicate and resolve the disputes arising out of the subject matter of the Gellman Claim, including the amount of damages, if any, suffered by Mr. Gellman on account of LATC's alleged post-petition wrongful termination of his employment, in accordance with applicable non-bankruptcy law (the "Non-Bankruptcy Proceeding"). The results of such Non-Bankruptcy Proceeding, including any judgment or ruling awarding damages issued therein, shall be final and binding upon the Parties and LATC.

4. In the event that a final ruling or judgment is issued in a Non-Bankruptcy Proceeding, or the Parties otherwise agree to resolve their dispute, the Debtors shall file a certification in the Bankruptcy Court to cause the Gellman Claim to be modified to reflect the result of such ruling, judgment, or agreement. The Debtors and/or the Bankruptcy Court-

3

appointed claims agent may amend the claims register to reflect the modification to the Gellman Claim consistent with the Debtors' certification.

5. If such ruling, judgment, or agreement provides for the award of damages to Mr. Gellman, then the Gellman Claim shall be defined and allowed as an "Administrative Expense Claim" in the amount of such award and shall be paid as provided for in the plan of reorganization ultimately confirmed by the Court for LATC (the "Confirmed Plan") and as required under section 1129(a)(9)(A) of the Bankruptcy Code.

6. The undersigned counsel for the respective Parties hereto each represent and warrant that they have full authority to execute this Stipulation on behalf of their respective clients and therefore bind such clients to the contents hereof and any agreed-to order approving this Stipulation.

7. This Stipulation shall be binding upon the Parties hereto and all of their respective successors and assigns from the date of its execution. This Stipulation may not be amended, supplemented, changed, or modified in any manner, orally or otherwise, except by an instrument in writing executed by a duly authorized representative of each of the Parties hereto.

8. This Stipulation constitutes the entire agreement and understanding of the Parties regarding the Stipulation and supersedes all prior discussions, negotiations, and understandings between the Parties regarding such subject matter.

9. This Stipulation shall be deemed to have been jointly drafted by the Parties, and in construing and interpreting this Stipulation, no provision shall be construed and interpreted for or against either of the Parties because such provision or any other provision of the Stipulation as a whole is purportedly prepared or requested by such Party.

10. This Stipulation may be executed in counterparts and may be delivered by telecopy or electronic mail. Any copy so executed and delivered (including delivery by telecopy and electronic mail), when taken with another executed copy, shall be considered and deemed an original hereof.

11. Except as expressly set forth herein, the Parties agree that the Court shall have exclusive jurisdiction to hear and determine any disputes among the Parties arising under this Stipulation.

[Signature Page Follows]

STIPULATED AND CONSENTED TO AS OF JUNE 24, 2011 BY:

SHANANDER THOMS, LLP

By: _____
Deane Leroy Shanander, Esq.
18411 Crenshaw Blvd. Suite 252
Torrance, CA 90504
Telephone: (310) 715-6444
Facsimile: (310) 527-6903

ATTORNEY FOR STEVEN GELLMAN

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kenneth P. Kansa
Michael T. Gustafson
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

Cole, Schotz, Meisel, Forman & Leonard, P.A.

By: J. Kate Stickles
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION