IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| In re: | Chapter 11 |
|---|---|
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## NOTICE OF AGENDA OF MATTERS
## SCHEDULED FOR HEARING ON JULY 26, 2011 AT 1:00 P.M.
## BEFORE THE HONORABLE KEVIN J. CAREY

Any party who wishes to participate in the hearing via telephone must contact CourtCall by telephone (866-582-6878) or by facsimile (866-533-2946) no later than 12:00 p.m. one business day prior to the hearing.

### CONTINUED MATTERS

1. Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed November 13, 2009) (Docket No. 2561)

    Response Deadline: December 8, 2009 at 4:00 p.m.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-7716824v1

Responses Received:

(a) Response by Robby S. Wells to Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims (Filed December 4, 2009) (Docket No. 2744)

(b) Letter from Robert Wells with copy of Hauling Agreement (Received February 17, 2011) (TBD)

(c) Informal Response received from GE Capital Fleet Services

Related Documents:

(a) Notice of Submission of Proofs of Claim Regarding Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed December 1, 2009) (Docket No. 2685)

(b) Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered January 5, 2010) (Docket No. 3011)

(c) Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims as Relates to Claim No. 5606 of Personal Plus, Inc. Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered February 24, 2010) (Docket No. 3526)

(d) Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims as Relates to Claim No. Claim No. 1332 of Karolyn Walker Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered December 22, 2010) (Docket No. 7274)

Status: The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection, and with respect to Claim No. 5606 of Personal Plus, Inc. and Claim No. 1332 of Karolyn M. Walker. The Objection was withdrawn with respect to Claim No. 501 of Chris Parker and Claim No. 2998 of Marc Silver. The hearing on the Objection is adjourned to the August 25, 2011 hearing as to the claims of GE Capital Fleet Services and Robby S. Wells. This matter will not be going forward.

2. Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed April 16, 2010) (Docket No. 4091)

Response Deadline: May 11, 2010 at 4:00 p.m.

2

Responses Received:

(a) Response by Marbury L. von Briesen (Filed May 12, 2010) (Docket No. 4349)

(b) Response by Herbert E. Eye (Filed May 12, 2010) (Docket No. 4350)

(c) Response by Herbert E. Eye (Filed May 14, 2010) (Docket No. 4394)

(d) Supplemental Response by Marbury L. von Briesen (Filed July 15, 2010) (Docket No. 5016)

Related Documents:

(a) Notice of Submission of Proofs of Claim Regarding Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed May 4, 2010) (Docket No. 4230)

(b) Order Sustaining Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered May 14, 2010) (Docket No. 4406)

(c) Order Approving (I) Stipulation Between the Debtors and CNN Newsource Sales, Inc. Regarding Allowance of Claims and (II) Partial Withdrawal of Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims as It Relates to Claim No. 4863 of CNN Newsource Sales, Inc. (Entered October 28, 2010) (Docket No. 6158)

(d) Order Approving Stipulation Between Certain of the Debtors and Oracle Corporation Oracle America, Inc., as Successor-By-Merger to Sun Microsystems, Inc., Regarding (I) Resolution of Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims as it Relates to the Claims of Oracle and (II) Allowance of Certain Prepetition Claims of Oracle (Entered November 23, 2010) (Docket No. 6593)

(e) Order Partially Sustaining Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims as it Relates to the Claim of Terry Godbey (Entered May 25, 2011) (Docket No. 8988)

Status: The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection and Orders resolving Claim No. 4863 of CNN Newsource Sales, Inc. and Claim No. 3672 of Terry Godbey. The Objection was withdrawn as to the claims of 9090 Enterprises and Spanlink Communications. A status conference is scheduled for the August 25, 2011 hearing on the claim of Maureen Dombeck. This matter is adjourned to the August 25, 2011 hearing as to the claims of Marbury von Briesen and Herbert Eye. This matter will not be going forward.

3. Debtors' Twenty-Seventh Omnibus Objection (Non-Substantive) to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed May 17, 2010) (Docket No. 4441)

   Response Deadline: June 9, 2010 at 4:00 p.m.

   Responses Received:

   (a) Response by Marcia Willette (Filed June 8, 2010) (Docket No. 4721)

   Related Documents:

   (a) Order Sustaining Debtors' Twenty-Seventh Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered June 14, 2010) (Docket No. 4774)

   (b) Order Sustaining in Part Debtors' Twenty-Seventh Omnibus Objection (Non-Substantive) to Claims as it Relates to Claim No. 5785 of Cawley Chicago Portfolio, LLC (Entered July 19, 2010) (Docket No. 5071)

   Status: The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection and an Order with respect to the claim of Cawley Chicago Portfolio, LLC. The Objection was withdrawn as to the claims of the United States Environmental Protection Agency and Annapolis West Limited Partnership. The Debtors and Marcia Willette have reached a resolution of the Objection as it relates to Claim No. 6160 filed by Marcia Willette as Guardian for Zachary Mitzkovitz and intend to file a stipulation documenting that agreement for the Court's approval prior to the next hearing date scheduled for this matter. This matter is adjourned to the August 25, 2011 hearing. This matter will not be going forward.

4. Debtors' Fortieth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003, and 3007, and Local Rule 3007-1 (Filed January 28, 2011) (Docket No. 7674)

Response Deadline: February 22, 2011 at 4:00 p.m.

Responses Received:

    (a) Response of USDR (CLM #1672, CLM #2279 and CLM No. 2827) to Debtor's Fortieth Omnibus Objection to Claims (Docket #3792); Declaration of Jon Dickinson (Filed February 14, 2011) (Docket No. 7932)

Related Documents:

    (a) Notice of Submission of Proofs of Claim Regarding Debtors' Fortieth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003, and 3007, and Local Rule 3007-1 (Filed February 11, 2011) (Docket No. 7906)

    (b) Order Partially Sustaining Debtors' Fortieth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (Entered February 25, 2011) (Docket No. 8146)

    (c) Order Partially Sustaining Debtors' Fortieth Omnibus (Substantive) Objection to Claims as Relates to Claim Nos. 753 and 754 of ASM Capital L.P. (Entered June 24, 2011) (Docket No. 9344)

Status: The Court entered an Order partially sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection, and an Order with respect to Claim Nos. 753 and 754 of ASM Capital L.P. The Objection was withdrawn as to Claim No. 2279 of USDR, Claim No. 6683 of Hess Corporation and Claim No. 749 of ASM Capital L.P. The Objection was modified by consent of the parties with respect to Claim No. 2554 of Corre Opportunities Fund. The hearing on the Objection is adjourned to the August 25, 2011 hearing solely with respect to Claim No. 1672 of USDR – CNI Corporation. This matter will not be going forward.

5. Debtors' Forty-Second Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed February 18, 2011) (Docket No. 8065)

Response Deadline: March 15, 2011 at 4:00 p.m.

Responses Received:

    (a) Carol Walker's Response to Debtors' Forty-Second Omnibus Objection to Claim (Filed March 9, 2011) (Docket No. 8325)

5

(b) Informal response by Broadspire Services [Claim No. 5335] (Received March 4, 2011)

(c) Software AG's Response to Debtor's Forty-Second Omnibus Claims Objection (Filed March 21, 2011) (Docket No. 8471)

(d) Carol Walker's Response to Debtors' Forty-Second Omnibus Objection to Claim (Filed April 12, 2011) (Docket No. 8623)

Related Documents:

(a) Notice of Submission of Proofs of Claim Regarding Debtors' Forty-Second Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed March 8, 2011) (Docket No. 8289)

(b) Order Partially Sustaining Debtors' Forty-Second Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered March 30, 2011) (Docket No. 8523)

Status: The Court entered an Order partially sustaining the Objection with respect to all of those claimants who did not respond or otherwise contest the Objection. This matter is adjourned to the August 25, 2011 hearing solely with respect to: (a) Claim No. 5335 of Broadspire Services, Inc.; (b) Claim No. 5283 of Contrarian Funds, LLC (Software AG); and (c) Claim No. 6601 of Carol Walker. This matter will not be going forward.

6. Motion of Jewel Food Stores, Inc., Albertson's, LLC, New Albertson's, Inc., and Supervalu, Inc. to Allow Late Filed Claim and for Relief from Automatic Stay (Filed May 16, 2011) (Docket No. 8917)

Objection Deadline: June 9, 2011 at 4:00 p.m.

Responses Received:

(a) Debtors' Objection to the Motion of Jewel Food Stores, Inc., Albertson's, LLC, New Albertson's, Inc., and Supervalu, Inc. to Allow Late Filed Claim and for Relief from the Automatic Stay (Filed June 9, 2011) (Docket No. 9215)

(b) Joinder of the Official Committee of Unsecured Creditors to the Debtors' Objection to the Motion of Jewel Food Stores, Inc., Albertson's, LLC, New Albertson's, Inc., and Supervalu, Inc. to Allow Late Filed Claim and for Relief from the Automatic Stay (Filed June 9, 2011) (Docket No. 9216)

Status: The parties have reached a settlement and intend to file an agreed upon order under certification of counsel for the Court's approval. This matter will not be going forward.

7. Debtors' Forty-Fifth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed May 26, 2011) (Docket No. 9010)

Response Deadline: June 21, 2011 at 4:00 p.m.
On consent of the parties, the Reply Deadline for the Debtors was extended.

Responses Received:

(a) Response by RMS Bankruptcy Recovery Services to Forty-Fifth Omnibus Objection to Claims (Filed June 21, 2011) (Docket No. 9286)

Related Documents:

(a) Notice of Submission of Proofs of Claim Regarding Debtors' Forty-Fifth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed June 14, 2011) (Docket No. 9243)

(b) Order Sustaining Debtors' Forty-Fifth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered June 24, 2011) (Docket No. 9347)

Status: The Court entered an Order sustaining the Objection with respect to all of those claimants who did not respond or otherwise contest the Objection. This matter is adjourned to the August 25, 2011 hearing with respect to Claim No. 6668 of RMS Bankruptcy Recovery Services, as agent for Dun & Bradstreet. This matter will not be going forward.

## CERTIFICATIONS OF NO OBJECTION / CERTIFICATIONS OF COUNSEL

8. Debtors' Thirty-Third Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed July 19, 2010) (Docket No. 5081)

Response Deadline: August 12, 2010 at 4:00 p.m.

Responses Received:

(a) Informal response received from Albert Togut, Chapter 7 Trustee of PLVTZ, Inc. (Received August 3, 2010)

(b) Informal response received from the City of Chicago Department of Revenue (Received August 10, 2010)

Related Documents:

    (a)     Notice of Submission of Proofs of Claim Regarding Debtors' Thirty-Third Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed August 5, 2010) (Docket No. 5266)

    (b)     Order Partially Sustaining Debtors' Thirty-Third Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed August 19, 2010) (Docket No. 5434)

    (c)     Certification of Counsel Regarding Order Partially Sustaining Debtors' Thirty-Third Omnibus (Substantive) Objection to Claims as it Relates to Claim No. 6344 of Albert Togut, Chapter 7 Trustee of PLVTZ, Inc. (Filed July 20, 2011) (Docket No. 9509)

Status:     The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection and an Order with respect to the claim of the City of West Hollywood. A Certification of Counsel, together with a revised proposed form of order, was filed with respect to Claim No. 6344 of Albert Togut, Chapter 7 Trustee of PLVTZ, Inc. The hearing on the Objection is adjourned to the August 25, 2011 hearing as to Claim No. 728 of the City of Chicago. This matter will not be going forward unless otherwise directed by the Court.

9.     Motion of Steven Gellman to Allow Proof of Claim (Filed February 9, 2011) (Docket No. 7876)

Objection Deadline: February 22, 2011 at 4:00 p.m.
On consent of the parties, the Objection Deadline was extended to 4:00 p.m. on February 24, 2011 for the Debtors and the Official Committee of Unsecured Creditors.

Responses Received:

    (a)     Debtors' Objection to Motion of Steven Gellman to Allow Proof of Claim [D.I. 7876] (Filed February 24, 2011) (Docket No. 8125)

    (b)     Joinder of the Official Committee of Unsecured Creditors to Debtors' Objection to Motion of Steven Gellman to Allow Proof of Claim (Filed February 24, 2011) (Docket No. 8126)

46429/0001-7716824v1

Related Documents:

- (a) Declaration of Steven Gellman in Support of his Motion to Allow Claim (Filed February 25, 2011) (Docket No. 8136)

- (b) Certification of Counsel Regarding Order Approving Stipulation Between Debtors and Steven Gellman Resolving Motion to Allow Proof of Claim No. 6669 (Filed July 21, 2011) (Docket No. 9519)

Status: A Certification of Counsel, together with a proposed form of order and stipulation with Steven Gellman resolving Claim No. 6669, was filed with the Court. This matter will not be going forward unless otherwise directed by the Court.

10. Application of Hinckley, Allen & Snyder LLP for Allowance and Payment of Compensation and Reimbursement of Expenses For Services Rendered as Ordinary Course Counsel to the Debtors During the Period from July 1, 2010 through August 31, 2010 (Filed June 1, 2011) (Docket No. 9032)

Objection Deadline: June 21, 2011 at 4:00 p.m.

Responses Received: None.

Related Documents:

- (a) Amended Notice of Fee Application (Filed June 2, 2011) (Docket No. 9040)

- (b) Certification of No Objection Regarding Docket No. 9032 (Filed June 23, 2011) (Docket No. 9332)

Status: A Certification of No Objection was filed with the Court. This matter will not be going forward unless otherwise directed by the Court.

11. Application of Corporate Tax Management Inc. for Allowance and Payment of Compensation for Services Rendered as Ordinary Course Professional to Los Angeles Time Communications, LLC and Seeking Limited Waivers of Compliance with (I) This Court's Interim Compensation Order and Fee Examiner Order and (II) Del. Bankr. L.R. 2016-2(d) in Accordance with Del. Bankr. L.R. 2016-2(g) (Filed June 24, 2011) (Docket No. 9339)

Objection Deadline: July 14, 2011 at 4:00 p.m.

Responses Received: None.

Related Documents:

- (a) Certification of No Objection Regarding Docket No. 9339 (Filed July 18, 2011) (Docket No. 9488)

Status: A Certification of No Objection was filed with the Court. This matter will not be going forward unless otherwise directed by the Court.

12. Motion Pursuant to 28 U.S.C. § 1452 and Bankruptcy Rules 9006(b) and 9027 for Entry of an Order Extending the Debtors' Time to File Notices of Removal of Claims and Causes of Action Related to the Debtors' Chapter 11 Proceedings (Filed June 28, 2011) (Docket No. 9375)

    Objection Deadline: July 19, 2011 at 4:00 p.m.

    Responses Received: None.

    Related Documents:

    (a) Certification of No Objection Regarding Docket No. 9375 (Filed July 21, 2011) (Docket No. 9521)

    Status: A Certification of No Objection was filed with the Court. This matter will not be going forward unless otherwise directed by the Court.

13. Second Motion of the Official Committee of Unsecured Creditors for an Extension of Time to Complete Service (Filed July 8, 2011) (Docket No. 9443)

    Objection Deadline: July 19, 2011 at 4:00 p.m.

    Responses Received: None.

    Related Documents:

    (a) Certification of No Objection Regarding Docket No. 9443 (Filed July 21, 2011) (Docket No. 9515)

    Status: A Certification of No Objection was filed with the Court. This matter will not be going forward unless otherwise directed by the Court.

**CONTESTED MATTERS GOING FORWARD**

14. Argument on Proposed Order Concerning Admissibility of Certain Trial Exhibits for Canvassing Purposes and Precluding Use of Findings of Fact and Conclusions of Law in Other Matters (Filed under Certification of Counsel July 14, 2011) (Docket No. 9464)

    Objection Deadline: July 20, 2011 at 4:00 p.m. for Samuel Zell and EGI-TRB
    Response Deadline: July 25, 2011 at 4:00 p.m. for Debtor/Committee/Lender Plan Proponents

46429/0001-7716824v1

Responses Received:

(a) Sam Zell and EGI-TRB's Limited Objection to the Committee's Proposed Order Precluding Use of Findings of Fact and Conclusions of Law in Other Matters (Filed July 20, 2011) (Docket No. 9501)

Status: Pursuant to the Court's directive, this matter will be going forward.

## STATUS CONFERENCE

15. Status Conference regarding open evidentiary issues related to Confirmation Hearing

Dated: July 22, 2011

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: */s/ J. Kate Stickles*
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

11

46429/0001-7716824v1