# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br>Local Rule 2016 Waiver Requested<br>Hearing Date: August 25, 2011 at 1:00 p.m. ET<br>Objection Deadline: August 12, 2011 at 4:00 p.m. ET |

## APPLICATION OF TRUE PARTNERS CONSULTING, LLC FOR ALLOWANCE AND PAYMENT OF COMPENSATION FOR SERVICES RENDERED AS ORDINARY COURSE PROFESSIONAL TO THE DEBTORS AND SEEKING LIMITED WAIVERS OF COMPLIANCE WITH (I) THIS COURT'S INTERIM COMPENSATION ORDER AND FEE EXAMINER ORDER AND (II) DEL. BANKR. L.R. 2016-2(d), IN ACCORDANCE WITH DEL. BANKR. L.R. 2016-2(g)

True Partners Consulting, LLC ("True Partners"), sales and use tax consultants

for the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-7770479v1

the "Debtors"), respectfully submits this application (the "Application"), pursuant to (i) sections 327, 331, and 503 of title 11 of the United States Code (the "Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (iv) the Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business (D.I. 227) (the "OCP Order"), (v) the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (D.I. 225) (the "Interim Compensation Order"), as amended, and (vi) the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications (D.I. 546) (the "Fee Examiner Order"), for (a) the allowance of fees in the aggregate amount of $42,542.00 relating to sales tax refunds received by the Debtors, (b) a limited waiver of the procedures for the approval and payment of professional compensation and consideration of fee applications set forth in the Interim Compensation Order and the Fee Examiner Order with respect to this Application (as discussed at paragraph 18, infra), and (c) a waiver of the informational requirements of Local Rule 2016-2(d) as provided by Local Rule 2016-2(g). In support of the Application, True Partners respectfully states as follows:

## BACKGROUND OF THE CASES

1. On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 111 entities.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). (D.I. 43, 2333.)

3. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee").

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 327, 331, and 503 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-2 of the Local Rules.

## PROCEDURAL BACKGROUND FOR THE APPLICATION

6. On December 26, 2008, the Debtors filed the Motion for an Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code (D.I. 148) (the "OCP Motion"). In the OCP Motion, the Debtors sought approval of this Court to employ and retain the Ordinary Course Professionals[3] to provide services to the Debtors as necessary for the day-to-day operations of the Debtors' businesses on

---

[3] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the OCP Motion and OCP Order.

terms substantially similar to those in effect prior to the Petition Date. Exhibit A to the OCP Motion contained a list of such Ordinary Course Professionals sought to be retained by the Debtors. On March 19, 2009, Exhibit A to the OCP Motion was supplemented to include True Partners, among other firms. (D.I. 544.)[4] On January 15, 2009, this Court entered the OCP Order approving procedures for the employment, retention, and compensation of the Ordinary Course Professionals. (D.I. 227.)

7. Retention and compensation of the Ordinary Course Professionals is subject to the terms and conditions described in the OCP Order, including a Monthly Cap on the fees permitted to be paid to such Ordinary Course Professionals, per month on average over a rolling three-month period for Monthly Caps that are less than $50,000 per month, or a rolling two-month period for Monthly Caps of $50,000 per month. Expenses are not considered for the purpose of calculating the applicable Monthly Cap. True Partners was retained by the Debtors with respect to sales and use tax refund matters (the "Sales Tax Matters") in the ordinary course of business, with a Monthly Cap of $15,000.

8. The OCP Order provides that in the event the fees incurred and invoiced by any Ordinary Course Professional exceed the applicable Monthly Cap, such Ordinary Course Professional shall be required to seek the Court's approval of all fees invoiced for the relevant months in accordance with the procedures set forth in the Interim Compensation Order and the Fee Examiner Order.

---

[4] Exhibit A to the OCP Motion has been subsequently supplemented and amended by the Debtors on numerous occasions to add additional Ordinary Course Professionals or to seek increases to the Monthly Cap applicable to certain existing Ordinary Course Professionals. (See D.I. 544, 877, 1086, 1756, 1826, 1887, 2283, 2412, 2865, 3222, 3861, 4214, 4607, 4614, 4845, 5395, 5846, 7236, 7545, 7820, 8310, 8788 and 9333.)

## BACKGROUND CONCERNING THE RELIEF REQUESTED

9.  The Debtors retained True Partners as an Ordinary Course Professional pursuant to the terms of the their engagement letter, attached hereto as Exhibit A, pursuant to which True Partners serves as agent to the Debtors in connection with all negotiations with Microsoft with respect to refunds of sales and use taxes paid in error on exempt licenses of software from July 1, 2007 through December 31, 2010. True Partners agreed to represent the Debtors in the Sales Tax Matters, with True Partners to be paid a contingency fee of 25% of any tax savings recovered. The Debtors and True Partners agreed that fees incurred by True Partners in connection with providing such tax consulting would be payable in two steps, with one-third of the potential refund due a month after the claim was made, and two-thirds (minus any amounts Microsoft did not refund) due upon receipt by the Debtors of any tax refunds.

10.  True Partners specializes in tax consulting services to corporate clients. True Partners, among many other services, regularly assists clients in pursuit of refunds of sales and use taxes paid in error on exempt licenses of software. Many software licensors charge sales and use taxes in excess of what is properly owed due to ambiguities in the Tax Code. True Partners specializes in pursuing these sales and use taxes from software licensors, often resulting in refunds of sales and use taxes to their clients.

11.  Beginning in November 2010, True Partners provided sales and use tax consulting services to the Debtors in connection with software licenses they purchased from Microsoft during the period from July 1, 2007 through December 31, 2010.[5] True Partners analyzed the Debtors' software license purchase records, quantified the overpayment of sales and use taxes and compiled detailed reports summarizing the potential refunds.

---

[5] The invoices upon which this Application is based all arose post-petition.

...
...

12.     Following this review and analysis, True Partners prepared and sent reports and supporting documentation to Microsoft in support of the Debtors' claims for overpayment of taxes. True Partners provided documentation based on standard industry practice. As a result of months of effort by True Partners, Microsoft has agreed to refund to the Debtors $515,661.08 in overpaid taxes. The invoices reflecting this payment are attached hereto as <u>Exhibit B</u>. The 25% fee due to True Partners will accordingly total $128,915.27. This Application asks for the Debtors to be granted authority to pay 1/3 of that amount at this time (i.e., $42,542.00).[6] As this matter was always contemplated to be billed on a contingency basis, detailed time records were not created.

13.     The $42,542.00 in fees for which approval is sought to this Application exceeds True Partners's applicable Monthly Cap of $15,000 on a rolling three-month basis. This is because True Partners also earned $10,000 in November 2010 for other services to the Debtors – not related to the software refunds. Accordingly, by this Application, True Partners seeks this Court's allowance of such fees.

### RELIEF REQUESTED

14.     By this Application, True Partners seeks the allowance of fees in the amount of $42,542.00 for services invoiced to the Debtors during December 2010. Additionally, True Partners requests a limited waiver of the procedures for the approval and payment of professional compensation and consideration of fee applications set forth in the Interim Compensation Order and the Fee Examiner Order with respect to this Application. Finally, True

---

[6] True Partners will be owed the additional $86,373.27 upon the actual remittance of the tax refund to the Debtors by Microsoft. True Partners will apply for this amount separately. In the event the refund is less than projected, True Partners will reduce the amount of additional fees sought appropriately. It is also possible that Microsoft will include other refunds claimed by True Partners but not yet admitted by Microsoft which would result in an increase in fees.

Partners requests a waiver of the informational requirements of Local Rule 2016-2(d) based on the contingency fee nature of the compensation sought by this Application.

### BASIS FOR RELIEF REQUESTED

15.     The retention agreement between True Partners and the Debtors for this matter provides for fees to be assessed on a contingency basis. Because of this fee arrangement, True Partners earned a lump-sum fee in excess of its three-month rolling Monthly Cap, which was calculated based on certain non-contingency-based, hourly work performed by True Partners on behalf of the Debtors.[7] The fee that True Partners earned in this matter will be paid from cash proceeds that the Debtors would not have received absent True Partners contesting past paid sales and use taxes and obtaining a refund for the Debtors for overpayments. The fee sought to be approved by this Application thus represents a one-time payment by the Debtors to True Partners that will allow the Debtors to obtain a larger cash amount in accordance with the contingency fee arrangement. True Partners contends that the services rendered have been fair and reasonable and well within the range of fees that would be charged by tax professionals for matters of this type. True Partners submits that the Debtors' estates have benefitted from the services that True Partners has provided with respect to the Sales Tax Matters.

### Request for Limited Waiver of Interim Compensation Procedures

17.     In the past, this Court has granted limited waivers of the otherwise-applicable procedures for compensation and reimbursement of expenses for professionals and consideration of fee applications set forth in this Court's Interim Compensation Order and Fee Examiner Order with respect to fee applications submitted by the Debtors' Ordinary Course

---

[7] See Affidavit of Ordinary Course Professional Susan R. Alexander of True Partners Consulting, LLC (D.I. 1182)

7

Professionals.[8] True Partners respectfully submits that good cause similarly exists for the Court to grant a limited waiver from such procedures to reduce the additional costs and delay of obtaining approval and payment of such amounts, solely for the purpose of permitting the Debtors to pay True Partners the full amount of the fees that are currently due, and which may become due in the future solely with respect to the fees for which allowance is sought herein, rather than requiring True Partners to seek approval of its fee on an interim basis subject to a 20% holdback and to seek the Court's allowance of such fees on a quarterly basis to the Fee Examiner's review and report. True Partners understands that it may be several additional months before this Court will consider professionals' fee applications for the period covered by this Application. In the alternative, True Partners requests that the Court consider this Application at the next hearing scheduled for the consideration of interim fee applications.

### Request for Limited Waiver of Local Rule 2016-2(d)

18. Local Rule 2016-2(d) requires retained professionals to submit detailed time entries that set forth, among other things: a detailed description of each activity performed, the amount of time spent on the activity (in tenth of an hour increments), the subject matter of the activity, and the parties involved with the activity at issue. However, Local Rule 2016-2(g) allows a professional to request a waiver of the requirements of Local Rule 2016-2 for cause. True Partners respectfully submits that cause exists in these circumstances.

---

[8] See, e.g., Order Allowing Compensation and Reimbursement of Expenses to SNR Denton US LLP for Services Rendered as Ordinary Course Counsel to the Debtors During the Period From July 1, 2010 through August 31, 2010 (D.I. 8704); Order Allowing Compensation and Reimbursement of Expenses to Hunton & Williams LLP for Services Rendered as Ordinary Course Counsel to the Debtors for Certain Litigation Matters During the Period From May 1, 2010 through July 31, 2010 (D.I. 7454); Order Allowing Compensation and Reimbursement of Expenses to David Wright Tremaine LLP for Services Rendered as Ordinary Course Counsel to the Debtors During the Period From March 1, 2010 through June 30, 2010 (D.I. 6576).

46429/0001-7770479v1

19. Specifically, True Partners submits that the requirements of Local Rule 2016-2(d) should be tailored to the nature of True Partners's engagement and its compensation structure. As the parties' agreement calls for a contingency payment to True Partners, True Partners did not keep detailed hourly records and the invoices therefore only reflect the percentage payment owed to True Partners from recovered revenue. In addition, as the parties' agreement has no provision for expenses, True Partners is not charging the Debtors for any expenses incurred. This arrangement is consistent with True Partners's retention agreement with the Debtors for this matter, general market practice, and the Bankruptcy Court's past approval of the retention of True Partners. For these reasons, True Partners requests a limited waiver of the informational requirements of Local Rule 2016-2(d).

### Payment from Debtors; No Sharing of Compensation

20. True Partners has received no payment and no promises of payment from any source other than the Debtors for services rendered as an Ordinary Course Professional to the Debtors in these chapter 11 cases. There is no agreement between True Partners and any other party for the sharing of compensation to be received for the services rendered by True Partners to the Debtors. All professional and paraprofessional services for which compensation is sought herein were rendered solely for or on behalf of the Debtors.

### REVIEW OF APPLICABLE LOCAL RULE

21. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies (subject to a granting of the waivers requested herein) with the requirements of Local Rule 2016-2.

46429/0001-7770479v1

22.     The undersigned further certifies that the Debtors have had an opportunity to review this Application before it was filed with the Court.

## NO PRIOR REQUEST

23.     No previous application with respect to the relief requested herein has been made to this or any other Court.

WHEREFORE, after appropriate notice and hearing, True Partners respectfully requests the Court enter an order (i) allowing fees in the aggregate amount of $42,542.00 for services rendered to the Debtors that were invoiced during December 2010; (ii) waiving the procedures for compensation and reimbursement of expenses for professionals and consideration of fee applications set forth in this Court's Interim Compensation Order and Fee Examiner Order with respect to this Application to the extent indicated herein; (iii) waiving the informational requirements of Local Rule 2016-2(d) as disclosed herein; and (iv) granting such further relief as is just and proper.

Dated: July 22, 2011

                                                Respectfully submitted,

                                                By: Donald R. Bast
                                                True Partners Consulting, LLC
                                                225 West Wacker Drive, Suite 1600
                                                Chicago, IL 60606
                                                Telephone: 312-235-3301
                                                Facsimile: 312-235-3351