IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos. 9464, 9501**<br><br>**Hearing Date: July 26, 2011 at 1:00 p.m.** |

## THE NOTEHOLDER PLAN PROPONENTS' RESPONSE TO SAM ZELL AND EGI-TRB'S LIMITED OBJECTION TO THE COMMITTEE'S PROPOSED ORDER PRECLUDING USE OF FINDINGS OF FACT AND CONCLUSIONS OF LAW IN OTHER MATTERS

The Noteholder Plan Proponents respectfully submit this response to Sam Zell and EGI-TRB's Limited Objection to the Committee's Proposed Order Precluding use Of Findings of Fact and Conclusions of Law in Other Matters (the "Objection"). Mr. Zell and EGI-TRB (collectively, "Zell") argue that paragraph 4 of the Proposed Order Concerning Admissibility of Certain Trial Exhibits for Canvassing Purposes and Precluding Use of Findings of Fact and Conclusions of Law in Other Matters ("Proposed Order") [ECF No. 9464] will impermissibly "interfere with the prerogative" of other courts to determine the preclusive of this Court's finding of fact or conclusion of law, and would impermissibly bar Zell "from seeking to have another court in another proceeding be able to determine for itself that a finding of fact or conclusion of law may be binding on one of the plan proponents." These arguments have no merit.

1.      First, paragraph four of the Proposed Order provides that whatever findings of fact and conclusions of law the Court may reach in connection with the confirmation dispute (the "Confirmation Findings") will not preclude, estop or otherwise limit a the adjudicator of any other pending or future actions relating to the LBO Causes of Action from reaching any of the issues addressed in the Confirmation Findings, or from making factual or legal conclusions contrary to or inconsistent with the Confirmation Findings.[1]

2.      Zell argues that the Proposed Order is permissible to the extent it bars the Plan Proponents and other parties from offering the Confirmation Findings in the Merits Actions against anyone, but contends that the Proposed Order is impermissible to the extent it provides that Zell is likewise barred from using the Confirmation Findings in the Merits Actions. Zell's argument calls for a manifestly inequitable result – allowing Zell to use favorable Confirmation Findings in the Merits Actions against others, without any risk of having to confront unfavorable Confirmation Findings that might otherwise be offered by Zell's opponents in the Merits Actions – and is contrary to settled law. Indeed, it is hornbook law that a court may expressly limit the future effect of its orders by indicating that such orders are "without prejudice" to the prosecution of subsequent actions, or by otherwise indicating that such orders should not bind the parties in subsequent litigation, and that a court may so limit the future effect of its orders with or without the consent of the parties. *See* Restatement (Second) of Judgments § 26(1)(b), comment (b) ("A determination by the court that its judgment is 'without prejudice' (or words to

---

[1] Such actions involving the LBO include, but are not limited to, the pending adversary proceeding entitled *Official Comm. of Unsecured Creditors of Tribune Co. v. FitzSimons et al.* (Adv. Proc. No. 10-54010-KJC) and the state law constrictive fraudulent conveyance action commenced pursuant to this Court's April 25, 2011 Order Granting (i) Relief from the Automatic Stay to the Extent the Automatic Stay bars Commencement by Creditors of State Law Constructive Fraudulent Conveyance Claims to Recover Stock Redemption Payments made to Step One Shareholders and Step Two Shareholders and (ii) Leave from the mediation Order to Permit Commencement of Litigation on Account of Such Claims (ECF No. 8736), collectively the "Merits Actions."

{00539711;v1}                                         2

that effect) to a second action on the omitted part of the claim, expressed in the judgment itself, or in the findings of fact, conclusions of law, opinion, or similar record, unless reversed or set aside, should ordinarily be given effect in the second action."); 13 Wright, Miller, Cooper, Steinman, Struve & Amar, Federal Practice and Procedure § 4413 (2d ed. 2011) (courts have "the 'authority to make clear the limited scope of the . . . decision' so as to anticipate and defeat arguments for preclusion based on improper readings of the decision.").

3.  This principle is widely recognized by courts across jurisdictions, including in the Third Circuit. *See Aldrich Nine Assoc. v. Foot Locker Specialty, Inc.*, 306 Fed. Appx. 723, 727 (3d Cir. 2009) (holding that district court erred in barring claim under doctrine of res judicata where court in first action " 'expressly preserved . . . claims for a future action' "); *D'Amico v. CBS Corp.*, 297 F.3d 287, 294 (3d Cir. 2002) (courts "have authority to make clear the limited scope of" their decisions so that their "orders do not preclude later litigation on the merits. . . ."); *Venuto v. Witco Corp. (Venuto)*, 117 F.3d 754, 759 n. 8 (3d Cir. 1997) (citing near unanimity of circuit courts); *see also, e.g., Thomas v. Contoocook Valley School Dist.*, 150 F.3d 31, 43 (1st Cir. 1998) ("When a court . . . reserves a question for further adjudication, the ensuing judgment does not generally bar subsequent determination of that question."); *King v. Provident Life & Accident Ins. Co. (King)*, 23 F.3d 926 (5th Cir. 1994) (reversing district court action which barred claim based on *res judicata* grounds, notwithstanding that the basic elements of *res judicata* were met, where court in the first action had expressly limited the preclusive effect of its order). Moreover, limitations on preclusive effect are commonplace in bankruptcy proceedings, where courts often reserve particular claims for future litigation in confirmation orders. *See, e.g., In re Spansion Inc.*, No. 09-10690(KJC), 2010 WL 2905001, at *33 (Bankr.D. Del. April 16, 2010) ("Absent an express waiver or release as referenced above, nothing in the this Confirmation Order shall (or is

intended to) prevent, estop or be deemed to preclude the Reorganized Debtors from utilizing, pursuing, prosecuting or otherwise acting upon all or any of their Retained Actions and, therefore, no preclusion doctrine, including, without limitation, the doctrines of *res judicata*, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable or otherwise) or latches shall apply to such Retained Actions upon or after Confirmation, the Effective Date or the consummation of the Plan.") (Confirmation Order); *In re Envirodyne Industries, Inc.*, 174 B.R. 986, 991 (Bkrtcy. N.D. Ill. 1994) (declining to give *res judicata* effect to confirmation order which contained express reservation of future causes of action); *see also, e.g., In re Kimball Hill, Inc.*, No. 08 B 10095, 2011 WL 2182429, at *7 (Bankr. N.D. Ill. June 3, 2011) ("[T]he doctrine of res judicata includes the concept of a retention provision, which reserves claims for future prosecution designed to protect them from the preclusive effect of a final order. A *res judicata* retention provision can be by agreement of the parties or by court order.").[2]

4. In addition to providing that any Confirmation Findings will have no preclusive effect in the Merits Actions, the Proposed Order also signals to future courts that such Confirmation Findings should be given no effect of any kind in the Merits Actions, whether persuasive, precedential or otherwise, no matter by whom the Confirmation Findings may be offered. The importance of this aspect of the order is amply illustrated by Zell's mischaracterization of the litigation that occurred before this Court concerning merits related issues, and the potential impact of this litigation on the claims asserted against Zell in the Merits Actions. *See* Objection at 3-4. According to Zell, "the plan proponents fully litigated certain

---

[2] The Proposed Order also is consistent with prevailing law concerning the preclusive effect, *vel non*, of findings made in connection with preliminary proceedings like 9019 hearings. *See, e.g., Morris v. Hoffa*, 361 F.3d 177, 189 (3d Cir. 2004) (noting that preliminary decisions such as injunction orders are "only a prediction about the merits of the case," and do not have preclusive effect in subsequent litigation in which the merits of the claims are actually determined on a full record).

{00539711;v1}                                                     4

issues which the Court may include in its findings of fact or conclusions of law" and therefore may be "estopped from re-litigating those issues" in the Merits Actions *Id.* Of course, the only issues addressed by this Court in the Confirmation Findings that could have any relevance in the Merits Actions would be questions relating to the merits of the LBO Related Causes of Action. While a substantial portion of the confirmation hearing was addressed to "canvassing" issues concerning the merits of the LBO Related Causes of Action, none of those issues were "fully litigated." *See, e.g., Myers v. Martin (In re Martin),* 91 F.3d 389, 393 (3d Cir. 1996) (explaining that under Bankruptcy Rule 9019 bankruptcy courts are required only to consider the "probability" of success in litigation in balancing the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal); *Key3Media Grp., Inc. v. Pulver.com Inc. (In re Key3Media Grp. Inc.),* 336 B.R. 87, 93 (Bankr. D. Del. 2005) ("In its efforts to resolve the matter, it is not necessary for a bankruptcy court to conclusively determine claims subject to a compromise, nor must the court have all of the information necessary to resolve the factual dispute, for by so doing, there would be no need of settlement.") (internal quotations and citations omitted) The first and only time the LBO Related Causes of Action may be "fully litigated" and determined will be in connection with the Merits Actions, based upon the complete evidentiary record that may be developed in connection with those cases, depending on how far they proceed before a possible settlement or other pretrial disposition. It is therefore appropriate for this Court to indicate its view through the Proposed Order that future courts should make their own determinations of all issues concerning the Merits Actions, and should not be influenced by any preliminary conclusions that may be reached now and reflected in the Confirmation Findings. Moreover, this aspect of the Proposed Order was a

fundamental basis of the Noteholder Plan Proponents' willingness to agree to the DCL Plan Proponents' request for the paragraph 4 limitations at all.

5.     The alternative orders submitted by Zell (which provide either that paragraph 4 "shall not apply to" them or that paragraph 4 should only apply to the Plan Proponents) are not acceptable to the Noteholder Plan Proponents, and would have the perverse effect of allowing certain parties in the Merits Actions to freely use this Court's findings of fact to the extent they find them helpful, while restricting the Plan Proponents from using this Court's findings of fact at all.[3] In fact, the alternative orders proposed by Mr. Zell and EGI-TRB would not even permit the Plan Proponents to use this Court's findings of fact for the purpose of disputing the characterization of this Court's findings by Mr. Zell and EGI-TRB in the Merits Actions. This "one-way street" result would be patently unfair and should not be allowed by this Court.

WHEREFORE, for the reasons set forth above, the Noteholder Plan Proponents respectfully submit that this Court should overrule the Objection and enter the Proposed Order.

Dated: Wilmington, Delaware         Respectfully submitted,
       July 25, 2011

| AKIN GUMP STRAUSS HAUER & FELD LLP | ASHBY & GEDDES, P.A. |
|---|---|
| Daniel H. Golden | |
| Philip C. Dublin | /s/ Leigh-Anne M. Raport |
| One Bryant Park | William P. Bowden (I.D. No. 2553) |
| New York, NY 10036 | Amanda M. Winfree (I.D. No. 4615) |
| (212) 872-1000 | Leigh-Anne M. Raport (I.D. No. 5055) |
| | 500 Delaware Avenue, P.O. Box 1150 |
| | Wilmington, DE 19899 |
| | (302) 654-1888 |
| *Counsel for Aurelius Capital Management, LP* | |

---

[3] It is ironic that Mr. Zell and EGI-TRB have asked this Court for an order specifically providing that only *they* should not be precluded from using this Court's findings of fact in the Merits Action against them, while at the same time arguing that this Court should not micromanage the Merits Actions.

{00539711;v1}                                6

| | |
|---|---|
| McCARTER & ENGLISH, LLP<br>David J. Adler<br>245 Park Avenue<br>New York, NY 10167<br>212-609-6800 | McCARTER & ENGLISH, LLP<br><br>/s/ Katherine L. Mayer<br>Katharine L. Mayer (I.D. No. 3758)<br>Renaissance Centre<br>405 N. King Street<br>Wilmington, DE 19801<br>302-984-6300 |

*Counsel for Deutsche Bank Trust Company Americas, solely in its capacity as successor Indenture Trustee for certain series of Senior Notes*

| | |
|---|---|
| KASOWITZ, BENSON, TORRES & FRIEDMAN LLP<br>David S. Rosner<br>Richard F. Casher<br>1633 Broadway<br>New York, New York 10019<br>Tel: (212) 506-1700<br>Fax: (212) 506-1800 | BIFFERATO GENTILOTTI LLC<br><br>/s/ Garvan F. McDaniel<br>Garvan F. McDaniel (I.D. No. 4167)<br>800 N. King Street, Plaza Level<br>Wilmington, Delaware 19801<br>Tel: (302) 429-1900<br>Fax: (302) 429-8600 |

*Counsel for Law Debenture Trust Company of New York, solely in its capacity as successor Indenture Trustee for certain series of Senior Notes*

| | |
|---|---|
| BROWN RUDNICK LLP<br>Robert J. Stark<br>Martin S. Siegel<br>Gordon Z. Novod<br>Seven Times Square<br>New York, NY 10036<br>212-209-4800 | SULLIVAN HAZELTINE ALLINSON LLC<br><br>/s/ William D. Sullivan<br>William D. Sullivan (I.D. No. 2820)<br>Elihu E. Allinson, III (I.D. No. 3476)<br>4 East 8th Street, Suite 400<br>Wilmington, DE 19801<br>302-428-8191 |

*Counsel for Wilmington Trust Company, solely in its capacity as successor Indenture Trustee for the PHONES Notes*