IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |
| | Ref. Nos. 9464, 9501<br>Hearing Date: July 26, 2011 at 1:00 p.m. (ET) |

## THE DCL PLAN PROPONENTS'[2] RESPONSE TO SAM ZELL AND EGI-TRB'S LIMITED OBJECTION TO THE COMMITTEE'S PROPOSED ORDER PRECLUDING USE OF FINDINGS OF FACT AND CONCLUSIONS OF LAW IN OTHER MATTERS

The DCL Plan Proponents respectfully submit that Sam Zell and EGI-TRB, LLC's objection (the "Objection") to paragraph 4 of the proposed Order Concerning Admissibility of Certain Trial Exhibits for Canvassing Purposes and Precluding Use of Findings of Fact and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); foresalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347) Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspapers Readers Agency, Inc. (7335); North Michigan Production Company (5466), North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] The Proponents of The Second Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries (as modified April 26, 2011) [Docket No. 8769] (the "DCL Plan") are referred to herein as the DCL Plan Proponents.

{698.001-W0015774.}

Conclusions of Law in Other Matters (the "Proposed Order") [Dkt. No. 9464] should be overruled and the Proposed Order should be entered.

The Objection is based on a fundamental misunderstanding of the issues before this Court. This Court is not, as Zell and EGI-TRB appear to assume, being asked to decide the merits of the LBO-Related Causes of Action and, of course, there has been no trial on the merits. Instead, this Court is being asked to decide the issue that was tried – whether the proposed settlements embodied in the DCL Plan are reasonable and satisfy the factors set forth in Myers v. Martin (In re Martin), 91 F.3d 389 (3d Cir. 1996) and any other applicable standards. This Court therefore need not and should not make any findings of fact or conclusions of law on the merits of the LBO-Related Causes of Action. Consequently, none of this Court's findings and conclusions should have preclusive or other effect in later litigation of the merits of the untried and unsettled LBO-Related Causes of Action (including claims against Mr. Zell and/or EGI-TRB).

Paragraph 4 simply reflects this reality and was included in the Proposed Order largely as an accommodation to parties other than the Plan Proponents, including Zell and EGI-TRB. Those parties were concerned that, notwithstanding the limited nature of the issues tried, this Court might make findings and conclusions relating to the merits of the LBO-Related Causes of Action that would be used against them in later litigation. To address that concern, the Plan Proponents made express in Paragraph 4 that any findings and conclusions made by the Court relating to the merits of the LBO-Related Causes of Action should not be used in other actions[3] as a basis for res judicata, collateral estoppel or other similar doctrines or for other purposes.

---

[3] Paragraph 4 obviously does not apply to further proceedings in this case, such as confirmation proceedings on other plans of reorganization.

This is perfectly appropriate. The Court has "the 'authority to make clear the limited scope of the ... decision' so as to anticipate and defeat arguments for preclusion based on improper readings of the decision." 18 Wright, Miller, Cooper, Steinman, Struve and Amar, Federal Practice and Procedure § 4413 (quoting D'Amico v. CBS Corp., 297 F.3d 287, 294 (3d Cir. 2002)); accord Venuto v. Witco Corp., 117 F.3d 754, 759–60 (3d Cir. 1997). The Third Circuit's decision in D'Amico is instructive. There, the District Court issued an order granting summary judgment because of the plaintiff's failure to exhaust administrative remedies. The Third Circuit held that the summary judgment did not preclude later adjudication of the causes of action at issue because it "is not ... in any way a ruling on the merits." D'Amico, 297 F.3d at 294 ("It is, instead, limited to resolving the threshold question of whether administrative remedies must be exhausted before plaintiffs may bring these claims in federal court. Such orders do not preclude later litigation on the merits of properly exhausted claims."). The same applies here. The Court's decision regarding the proposed settlements "is not in any way a ruling on the merits." As a consequence, the Court's decision can and should have no preclusive effect as to causes of action that are not settled pursuant to a settlement approved by the Court.4

Ironically, Zell and EGI-TRB do not object to Paragraph 4 of the Proposed Order to the extent it binds the Plan Proponents not to use this Court's findings and conclusions on the merits of the claims in other litigation. They say, however, that they should be free to argue that this Court's findings and conclusions on the merits have preclusive effect in later litigation. In other words, if Zell and EGI-TRB persuade this Court to make findings on the merits of claims against

---

[4] Nothing in Paragraph 4 is intended to instruct other Courts what to do or "to interfere with the prerogative of any other Courts, State or Federal, with respect to conduct of litigation before it." (Ex. A to Objection, 6/28/11 Hrg. Tr. at 22). Paragraph 4 is intended simply as a plain statement of this Court's understanding that, given the limited nature of the issues before it, any findings and conclusions relating to the merits of the LBO-Related Causes of Action in the context of approving or disapproving the proposed settlement should not be used in later litigation as a basis for deciding the merits of whatever claims that remain after a decision on the settlement and confirmation of the DCL Plan and the Noteholder Plan.

them they find helpful, they will argue the Plan Proponents are bound by those findings in other actions that are unrelated to confirmation. If, however, this Court makes findings on the merits of claims that Zell and EGI-TRB don't like, the Plan Proponents should, in their view of the world, be precluded from arguing in another action that those findings bind Zell and EGI-TRB. Zell and EGI-TRB cannot have it both ways.

As discussed above, this Court need not and should not make findings on the merits of the claims, and there should therefore be no basis for any argument by Zell and EGI-TRB or anyone else that this Court has decided merits issues in a way that should bind or influence a later Court. It would, however, be fundamentally unfair for Zell and EGI-TRB (or anyone else) to be free to argue that this Court's findings and conclusions have preclusive or persuasive effect without permitting the Plan Proponents to respond in kind. Nothing in the Plan Proponents' agreement or the Proposed Order was remotely intended to create the kind of one-way street approach Zell and EGI-TRB advocate in their alternative proposed orders.

WHEREFORE, for the reasons set forth above, the DCL Plan Proponents respectfully submit that this Court should overrule the Objection and enter the Proposed Order.

Dated: Wilmington, Delaware  
July 25, 2011

Respectfully submitted,

CHADBOURNE & PARKE LLP  
Howard Seife  
David M. LeMay  
30 Rockefeller Plaza  
New York, New York 10112  
Telecopier: (212) 541-5369

-and-

LANDIS RATH & COBB LLP

*/s/ Matthew B. McGuire*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telecopier: (302) 467-4450

-and-

ZUCKERMAN SPAEDER LLP
Graeme W. Bush
James Sottile
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Telecopier: (202) 822-8106

*Counsel for the Official Committee of Unsecured Creditors*

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kevin T. Lantry
Jessica C.K. Boelter
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.

*/s/ J. Kate Stickles*
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

*Counsel for Debtors and Debtors in Possession and Certain Non-Debtor Affiliates*

DEWEY & LEBOEUF LLP
Bruce Bennett
James O. Johnston
Joshua M. Mester
333 South Grand Avenue, Suite 2600
Los Angeles, California 90071
Telecopier: (213) 621-6100

-and-

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ M. Blake Cleary*
Robert S. Brady (No. 2847)
M. Blake Cleary (No. 3614)
The Brandywine Building – 17th Floor
1000 West Street, Post Office Box 391
Wilmington, Delaware 19899 0391
Telecopier: (302) 571-1253

*Counsel For Oaktree Capital Management, L.P. and Angelo, Gordon & Co., L.P.*

WILMER CUTLER PICKERING HALE & DORR LLP
Andrew Goldman
399 Park Avenue
New York, New York 10022
Telecopier: (212) 230-8888

*Co-Counsel For Angelo, Gordon & Co, L.P.*

DAVIS POLK & WARDWELL LLP
Benjamin S. Kaminetzky
Elliot Moskowitz
Michael Russano
450 Lexington Avenue
New York, New York 10017
Telecopier: (212) 701 5800

-and-

RICHARDS, LAYTON & FINGER, P.A.

*/s/ Drew G. Sloan*
Robert J. Stearn, Jr. (No. 2915)
Drew G. Sloan (No. 5069)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telecopier: (302) 651-7701

*Counsel For JPMorgan Chase Bank, N.A.*