# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>(Jointly Administered)<br><br>Ref. Nos. 9150, 9153, 9157, 9464, and _____ |

**AMENDED PROPOSED ORDER CONCERNING ADMISSIBILITY OF CERTAIN TRIAL EXHIBITS FOR CANVASSING PURPOSES AND PRECLUDING USE OF FINDINGS OF FACT AND CONCLUSIONS OF LAW IN OTHER MATTERS**

Upon consideration of the (1) Motion of the Noteholder Plan Proponents to Admit Certain Documents [Docket No. 9157] (the "Noteholder Exhibit Motion"), and accompanying Declaration of Mitchell Hurley and the exhibits attached thereto ("Hurley Declaration"), (2) Supplemental Motion of Wilmington Trust Company, as Successor Indenture Trustee for the Phones Notes, and One of Noteholder Plan Proponents, Concerning the Admission of Certain

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); foresalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347) Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspapers Readers Agency, Inc. (7335); North Michigan Production Company (5466), North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

{698.001-W0015784.}

Documents [Docket No. 9153] (the "WTC Exhibit Motion"), and accompanying Declaration of Martin Siegel and Exhibits attached thereto ("Siegel Declaration"), (3) the DCL Plan Proponents' Motion to Admit DCL Exhibits 3-95, 384, 435 and 1323 into Evidence for All Purposes [Docket No. 9150] (the "DCL Proponents Exhibit Motion" and together with the Noteholder Exhibit Motion and the WTC Exhibit Motion, the "Exhibit Motions"),[2] the Court approves the agreement of the DCL Plan Proponents and the Noteholder Plan Proponents (collectively, the "Plan Proponents") concerning admissibility of certain Exhibits and preclusion of use of findings of fact and conclusions of law in other matters and

IT IS HEREBY ORDERED as follows:

1. By stipulation of the Plan Proponents, the Noteholder Exhibits identified in the Hurley Declaration and in the Siegel Declaration, as well as Noteholder Exhibits 66, 71, 159, 175, 185, 220, 301, 304, 311, 521, 589, 607, 616, 621 and 1855 and DCL Exhibits 435 and 1323 (the "Disputed Exhibits") are hereby admitted into evidence, and may be considered by the Court, for the purpose of canvassing the legal and factual issues and to evaluate whether the proposed settlements (the "DCL Plan Settlement") included in the Second Amended Joint Plan of Reorganization For Tribune Company And Its Subsidiaries (as Modified April 26, 2011) [Docket No. 8769] (the "DCL Plan") are reasonable and satisfy the factors set forth in *Myers v. Martin (In re Martin)*, 91 F.3d 389 (3d. Cir. 1996) and any other applicable confirmation or

---

[2] As set forth in the June 6, 2011 Certification of Counsel Regarding Order Modifying the Order Establishing Procedures Related to the Post-Confirmation Hearing Admission of Evidence and Resolution of Evidentiary Objections ("Certification"), the Plan Proponents agreed that the Exhibit Motions would be limited to disputes concerning exhibits cited in the parties' respective post-hearing opening and reply briefs, and further agreed that any motions regarding exhibits not cited in any of the parties' post-hearing opening and reply briefs, and responses thereto, would be filed and heard by the Court on a schedule to be agreed by the parties, subject to the approval of the Court, following resolution of the Exhibit Motions. Certification ¶¶ 3-4. Following the June 13, 2011 hearing on the Exhibit Motions, the Plan Proponents agreed on a resolution of disputes presented in the Exhibit Motions, which agreement was embodied in the original version of this proposed order. Subsequent to the submission of the original proposed order, the Plan Proponents further agreed on a resolution of disputes regarding exhibits not cited in the parties' post-hearing opening and reply briefs and responses thereto and therefore not at issue on the Exhibit Motions. That further agreement is reflected in the terms of this Amended Order which thus resolves all remaining disputes concerning exhibits.

settlement standards (collectively, the "Applicable Standards"), and may be relied upon by the Court in making findings as to whether or not the DCL Plan Settlement is reasonable and satisfies the Applicable Standards, including in connection with the Court's consideration of the probability of success of the Released LBO-Related Causes of Action (as defined in the DCL Plan) that are the subject of the DCL Plan Settlement. However, the Disputed Exhibits may not be used to support specific findings of fact or conclusions of law that go beyond whether the DCL Plan Settlement is reasonable and satisfies the Applicable Standards.

2. This Order does not limit the admissibility of the Disputed Exhibits or any other documents admitted pursuant to, and for the purposes specified in, this Court's May 6, 2011 Order Establishing Procedures Related to the Post-Confirmation Hearing Admission of Evidence and Resolution of Evidentiary Objections [Docket. No. 8835] (the "Evidentiary Order"), which Evidentiary Order remains in effect and is not modified by this Order. In addition, this Order does not limit the admissibility of opinions or inferences formed by experts based in whole or in part on any of the Disputed Exhibits, nor does this Order limit the purposes for which the Court may use such opinions or inferences.

3. The DCL Proponents' Exhibit Motion is withdrawn as to DCL Exhibit 384 (which does not affect its admissibility for purposes other than the truth of the statements contained therein pursuant to the Evidentiary Order). The Noteholders' objection to DCL Exhibits 3-95 (minutes of meetings of the Official Committee of Unsecured Creditors (the "Committee")) is withdrawn based on the DCL Plan Proponents' agreement to limit the purpose for which such exhibits are offered. DCL Exhibits 3-95 are admitted as records of regularly conducted activity under Federal Rule of Evidence 803(6) offered for the purpose of establishing that the minutes reflect the activities of the Committee recorded therein and the dates of the

Committee meetings reflected in the minutes, but they are not admitted to prove the truth of any hearsay statements embedded therein.

4. Any findings of fact or conclusions of law the Court makes relating to the merits of the LBO-Related Causes of Action (as defined in the DCL Plan) shall not be used for any purpose in any other pending or future action (including without limitation in the currently pending *Official Committee of Unsecured Creditors of Tribune Co. v. FitzSimons et al.*, Adv. Pro. No. 10-54010-KJC, any other adversary proceeding, any Disclaimed State Law Avoidance Claim (as defined in the DCL Plan), or any State Law Avoidance Claims (as defined in the NPP Plan)) including, without limitation, as a basis for application of the doctrines of res judicata, collateral estoppel, law of the case or of any similar preclusive doctrine against any party to any such pending or future action. For the avoidance of doubt, this Order shall not enhance, limit or otherwise affect whether or how evidence or testimony adduced in discovery, during the confirmation hearing or otherwise in connection with these proceedings, may be used in any other action.

5. The Court shall retain jurisdiction, including following the entry of any order confirming a plan of reorganization in these cases, over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: _____, 2011

_____
The Honorable Kevin J. Carey
United States Bankruptcy Judge