IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE:                          )    Case No. 08-13141(KJC)
                                )    (Jointly Administered)
                                )
TRIBUNE COMPANY                 )    Chapter 11
                                )    Courtroom 5
                                )    824 Market Street
            Debtors.            )    Wilmington, Delaware
                                )
                                )    July 26, 2011
                                )    1:00 p.m.


TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE JUDGE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtor:                 Sidley Austin, LLP
                            BY: JAMES CONLAN, ESQ.
                            BY: JAMES BENDERNAGEL, ESQ.
                            One South Dearborn
                            Chicago, IL  60603
                            (312) 853-7000

                            Cole, Schotz, Meisel, Forman
                            & Leonard, P.A.
                            BY: NORMAN PERNICK, ESQ.
                            500 Delaware Avenue, Suite 410
                            Wilmington, DE  19801
                            (302) 652-3131

                            Tribune Company
                            BY:  DON LIEBENTRITT, ESQ.
                            435 North Michigan St.
                            Chicago, IL  60611
                            (312) 222-9100

ECRO:                       AL LUGANO

Transcription Service:      DIAZ DATA SERVICES
                            331 Schuylkill Street
                            Harrisburg, Pennsylvania 17110
                            (717) 233-6664
                            www.diazdata.com


Proceedings recorded by electronic sound recording;
transcript produced by transcription service

APPEARANCES:
(Continued)

For JP Morgan:                    Richards Layton & Finger
                                  BY: BEN STEARN, ESQ.
                                  One Rodney Square
                                  920 North King Street
                                  Wilmington, DE  19801
                                  (302) 651-7700

                                  Davis Polk
                                  BY: MICHAEL RUSSANO, ESQ.
                                  BY: KAREN LUFTGLASS, ESQ.
                                  450 Lexington Avenue
                                  New York, NY 10017
                                  (212) 450-4000

For Great Banc:                   Womble Carlyle
                                  BY: THOMAS M. HORAN, ESQ.
                                  222 Delaware Avenue, Ste. 1501
                                  Wilmington, DE  19801
                                  (302) 252-4339

For Official Committee            Landis, Rath & Cobb
of Unsecured Creditors:           BY: ADAM G. LANDIS, ESQ.
                                  BY: DANIEL B. RATH, ESQ.
                                  919 Market Street, Suite 1800
                                  Wilmington, DE 19801
                                  (302) 467-4400

                                  Chadbourne & Parke, LLP
                                  BY: MARC ROITMAN, ESQ.
                                  30 Rockefeller Plaza
                                  New York, NY 10112
                                  (212) 408-5100

                                  Zuckerman Spaeder
                                  BY: JAMES SOTTILE, ESQ.
                                  BY: ANDREW GOLDFARB, ESQ.
                                  1800 M Street, NW
                                  Suite 1000
                                  Washington, DC 20036
                                  (202) 778-1800

For Aurelius:                     Akin Gump Strauss Hauer & Feld
                                  BY: DAVID ZENSKY, ESQ.
                                  BY: MITCHELL HURLEY, ESQ.
                                  One Bryant Park
                                  New York, NY 10036
                                  (212) 872-1000

TELEPHONIC APPEARANCES:

For SuttonBrook Capital:        SuttonBrook Capital
                                Management, LP
                                BY: CAROL L. BALE, ESQ.
                                (212) 588-6640

                                Dewey & LeBoeuf, LLP
                                BY: JAMES O. JOHNSTON, ESQ.
                                (213) 621-6000

For George Dougherty:           Grippo & Elden, LLC
                                BY: GEORGE DOUGHERTY, ESQ.
                                (312) 704-7700

For Official Committee of       Chadbourne & Park, LLP
Unsecured Creditors:            BY: MARC ASHLEY, ESQ.
                                (212)408-5194
                                BY: DOUGLAS DEUTSCH, ESQ.
                                (212) 408-5169
                                BY: HOWARD SEIFE, ESQ.
                                (212) 48-5361
                                BY: THOMAS MCCORMACK, ESQ.
                                BY: DAVID LEMAY, ESQ.
                                (212) 408-5100

                                Zuckerman & Spaeder, LLP
                                BY: GRAEM BUSH, ESQ.
                                (202) 778-1800

For Bank of America:            Bank of America
                                BY: ESTHER CHUNG, ESQ.
                                (646) 855-6705

                                O'Melveny & Myers (New York)
                                BY:  DANIEL S. SHAMAH, ESQ.
                                (212) 326-2138

For Citigroup:                  Paul Weiss Rifkind Wharton
                                BY: SAM YOSPE, ESQ.
                                BY: SHANNON PENNOCK, ESQ.
                                (212) 373-3000

TELEPHONIC APPEARANCES:
(Continued)

For Tribune:                    Sidley Austin
                                BYL KEN KANSA, ESQ.
                                (312) 853-7163
                                BY: BRYAN KRAKAUER, ESQ.
                                (312)853-7515
                                BY: KEVIN LANTRY, ESQ.
                                (213) 896-6022
                                BY: CANDICE KLINE, ESQ.
                                (312) 853-7778
                                BY: JILLIAN LUDWIG, ESQ.
                                (312) 853-7523
                                BY: DAVID MILES, ESQ.
                                (202) 736-8556
                                BY: BRET MYRICK, ESQ.
                                (312) 853-1049
                                BY: THOMAS E. ROSS, ESQ.
                                (202) 736-8374


For Tribune:                    Tribune Company
                                BY: GARY WEITMAN, ESQ.
                                (312) 222-3394
                                BY: DAVE ELDERSVELD, ESQ.
                                (312) 222-4707


For Aurelius Capital            Aurelius Capital Management LP
Management:                     BY: MATTHEW A. ZLOTO, ESQ.
                                (646) 445-6518

                                Akin, Gump, Strauss, Hauer
                                & Feld
                                BY: DANIEL H. GOLDEN, ESQ.
                                (212) 872-1000


For JP Morgan Chase Bank:       Davis Polk & Wardwell, LLP
                                BY: PETER KIM, ESQ.
                                (212) 450-3028


For Barclays:                   Mayer & Brown, LLP
                                BY: AMIT K. TREHAN, ESQ.
                                (212) 506-1717


For Merrill Lynch:              Kaye Scholer, LLP
                                BY: JANE PARVER, ESQ.
                                (212) 836-8510
                                BY: MADELINE G. PRIMOFF, ESQ.
                                (212) 836-7042

TELEPHONIC APPEARANCES:
(Continued)

For Nomura Securities:          Nomura Securities
                                BY: ARTHUR KAVALIS, ESQ.
                                (212) 667-2370

For Great Banc Trust Co.:       Morgan Lewis & Brockius, LLP
                                BY: RACHEL MAUCERI, ESQ.
                                (215) 963-5000

For Wells Fargo:                White & Case
                                BY: SCOTT GREISSMAN, ESQ.
                                (212) 819-8567

For Arrowgrass Capital:         Arrowgrass Capital Services
                                BY: DAVID DUNN, ESQ.
                                (212) 584-5946

For Anna Kalenchits:            Anna Kalenchits
                                (212) 723-1808

For Morgan Stanley:             Weil, Gotshal & Manges, LLP
                                BY: ANDREA SAAVEDRA, ESQ.
                                (212) 310-8544
                                BY: DAVID LITVACK, ESQ.
                                (212) 310-8361

For Goldman Sachs & Co:         Goldman Sachs & Co.
                                BY: SCOTT BYNUM
                                (212) 902-8060

For Employee Compensation       Frank Gecker, LLP
Group:                          BY: REED HELLIGMAN, ESQ.
                                (312) 276-1400
                                BY: JOSEPH FRANK, ESQ.
                                (312) 276-1400

For Deutsche Bank:              McCarter & English
                                BY: DAVID ADLER, ESQ.
                                (212) 609-6847
                                BY: JOSEPH BOCCASSINI, ESQ.
                                (973) 639-6935

For Dow Jones News Wires:       Dow Jones & Co.
                                BY: PEG BRICKLEY, ESQ.
                                (215) 462-0953

TELEPHONIC APPEARANCES:
(Continued)

For Davidson & Kempner:          DK Partners
                                 BY: EPHRAIM DIAMOND, ESQ.
                                 (646) 282-5841

For UBS Investment Bank:         UBS Securities, LLC
                                 BY: NEEL DOSHI, ESQ.
                                 (203) 719-8723

For Endex Capital Management: Bryan Cave, LLP
                                 BY: MICHELLE MCMAHON, ESQ.
                                 (212) 541-3039

For Wilmington Trust:            Brown Rudnick, LLP
                                 BY: GORDON NOVOD, ESQ.
                                 (212) 209-4940

For Eos Partners:                Eos Partners
                                 BY: MIKE J. SCHOTT, ESQ.
                                 (212) 593-4046

For Barclays Capital:            Barclays Capital, Inc.
                                 BY: BEN WILSON, ESQ.
                                 (212) 412-7642

For EGI-TRB:                     Jenner & Block, LLP
                                 BY: ANDREW VAIL, ESQ.
                                 (312) 840-8688

For New York State Common        Morgan Lewis & Brokius, LLP
Retirement Fund                  BY: MENACHEM ZELMANOVITZ, ESQ.
                                 (212) 309-6000

1

1      WILMINGTON, DELAWARE, TUESDAY, JULY 26, 2011, 1:02 P.M.

2              THE CLERK:  All rise.  Be seated.

3              THE COURT:  Good afternoon, everyone.

4              ALL:  Good afternoon.

5              MR. PERNICK:  Good afternoon, Your Honor.  Your

6      Honor, I thought I'd just run through the agenda very

7      quickly.  There are a number of matters that are continued

8      to August 25.

9              Item No. 1, the tenth omnibus objection with

10     respect to the claims of GE Capital Fleet Services and Robby

11     Wells.

12             Item No. 2 in the twenty-fourth omnibus objection

13     with respect to Marbury von Briesen and Herbert Eye.  And

14     the Court has ordered a status conference on the Maureen

15     Dombeck claim for August 25.

16             No. 3, the twenty-seventh omnibus objection with

17     respect to Marcia Willette as guardian.  There's a

18     settlement that's been read to stipulation that's going to

19     be filed as technical matter.  We'll continue that to the

20     25th.

21             No. 4, fortieth omnibus objection with respect to

22     the claim of USDR CNI Corp.

23             No. 5, the forty-second omnibus objection with

24     respect to Broadspire Services, Contrarian Funds, and the

25     Carol Walker claim.

1           No. 6, Jewel Food Stores motion to allow a late-

2    filed proof of claim.  Again, as noted on the agenda,

3    there's been a settlement reached and a COC and an order are

4    to be filed, but we'll continue that technically to the 25th

5    until that happens.

6           Item No. 7, the forty-fifth omnibus objection

7    with respect to the claim of RMS Recovery Services as agent

8    for Dunn & Bradstreet.

9           And part of No. 8, the thirty-third omnibus

10   objection with respect to the City of Chicago's claim.

11          And I have also been advised that with respect to

12   Agenda Item No. 16 which is the motion of the committee for

13   a protective order, that that is going to be continued to

14   the 25th.  The parties are hoping to submit a certification

15   of counsel.  I'll yield the podium, if Mr. Goldfarb, I don't

16   know if you want to add anything to that or --

17          MR. GOLDFARB:  Good afternoon, Your Honor.

18   Andrew Goldfarb from Zuckerman Spaeder for the official

19   committee of unsecured creditors.

20          I really have nothing to add.  We've just got a

21   couple of comments on the proposed form of order that we

22   expect we'll be able to resolve in the next day or two and

23   we'll submit a revised form of order under certification of

24   counsel.

25          THE COURT:  All right.

1          MR. PERNICK:  And then I have -- Your Honor was

2  kind enough to enter orders on the following items.

3          No. 8, the thirty-third omnibus objection with

4  respect to the claim of Albert Togut, the Chapter 7 Trustee

5  of PLVTZ, Inc.

6          Item No. 9, the stipulation on the motion of

7  Steven Gellman to allow a proof of claim.

8          Item No. 10, the fee application of Hinckley,

9  Allen & Snyder.

10          Item No. 11, the fee application of Corporate Tax

11  Management.

12          Item No. 12, the motion to extend the removal

13  period.

14          And Item No. 13, the motion of the committee for

15  an extension of time to complete service.

16          With respect to Item No. 17, that matter, which

17  is the second motion of the committee for an extension of

18  time to complete service, a CNO was filed on that matter.

19  And that CNO was filed on the 21st, Your Honor, on Thursday.

20          And that leaves us with two items going forward,

21  I think.  Let me just check my records here.  Yes.  Item No.

22  14 which is argument on the committees' proposed order

23  concerning admissibility of certain trial exhibits for

24  canvassing purposes and precluding uses of findings of fact

25  and conclusions of law.

1                And then a status conference on Item No. 15

2    regarding open evidentiary issues related to the

3    confirmation hearing.

4                So unless the Court has any questions, I can turn

5    it over to the committee for those two motions, 14 and 15.

6                THE COURT:  Okay.

7                MR. SOTTILE:  Good afternoon, Your Honor.  James

8    Sottile of Zuckerman Spaeder, special counsel to the

9    official committee of unsecured creditors.

10               Your Honor, I think that the only live issue with

11   respect to the proposed order is the objection of Mr. Zell

12   and EGI-TRB to one aspect of the order which is Paragraph 4

13   concerning use of any findings of fact or conclusions of law

14   this Court may make in connection with these confirmation

15   proceedings that relate to the merits of the underlying

16   claims.  There's been no objection to the other aspects of

17   the order which concerned admissibility of certain trial

18   exhibits that were at issue on motions that were set down

19   for argument on June 13.

20               And I should tell the Court some good news which

21   is that we've filed an amended form of order on those

22   exhibit issues yesterday that resolves, I think, all

23   remaining issues on trial exhibits.  As the Court will

24   recall, there were a couple of reserved issues following the

25   June 13 hearing and those concerned trial exhibits that were

1  not cited in post-trial briefs, but were cited in the

2  findings.  And a handful of exhibits where the noteholders

3  wished to reserve the right to argue they were admissible

4  for all purposes.  Both those issues have been resolved by

5  the revised amended form of order which we submitted to the

6  Court under certification yesterday.

7          So I think the only issue that's in dispute with

8  respect to the proposed order is Mr. Zell's objection to

9  Paragraph 4.  Subject to the Court's pleasure, I would

10  suggest that it might make most sense for Mr. Zell to set

11  forth his objection and then we can respond as appropriate.

12          THE COURT:  I agree.

13          MR. SOTTILE:  Thank you, Your Honor.

14          MR. BRADFORD:  Good afternoon, Your Honor.  David

15  Bradford, Jenner & Block, on behalf of Mr. Zell.

16          Your Honor, Mr. Sottile has accurately reflected

17  our objection.  It is only to Paragraph 4 of the order and

18  only insofar as that order would foreclose Mr. Zell from

19  seeking to use, for any purpose, any findings this Court may

20  happen to make that relate to the merits of the LBO claims.

21          And as we've set forth in our objection, the

22  general rule is that for purposes of issue preclusion as

23  opposed to claim preclusion, an adjudicating Court cannot

24  tell a second Court what preclusive effect to give to the

25  first Court's findings of fact or conclusions of law.  That

1    rule is set forth in the Third Circuit's decisions in

2    *D'Amico* and *Ventura* which have been cited in the Seventh

3    Circuit decision in *Pettibone* which has been cited in

4    Section 4405 of *Wright & Miller* which I should note was

5    recently quoted by the United States Supreme Court in the

6    case of *Medellin vs. Texas, 552 US 491 at Note 9* where the

7    Court specifically quoted *Wright & Miller* as saying the

8    first Court does not get to dictate to other Courts the

9    preclusion consequences of its own judgments.

10            Now the authorities that the plan proponents rely

11    upon, articulate a different and consistent rule which is

12    that an adjudicating Court can make clear that it's not

13    deciding certain issues or certain claims.  But the

14    authority not to decide an issue is not the same thing as

15    the authority to tell a second Court what preclusive effect

16    to give to the findings on issues that are adjudicated.

17            So the plan proponents proposed order goes

18    further than just asking this Court not to decide certain

19    issues.  It asked this Court to preclude any party from

20    using any findings that this Court does make that relate to

21    the merits of the LBO claims for any purpose in subsequent

22    litigation.  And that simply violates the rule against an

23    adjudicating Court dictating to use *Wright & Miller's* terms

24    to a second Court what preclusive effect to give to findings

25    that are made by the adjudicating Court.

1          The plan proponents seem to suggest that this

2   Court should not decide any issues related to the merits of

3   the LBO claims and, of course, if this Court does not make

4   such findings, then Paragraph 4 of the order is unnecessary.

5   Paragraph 4 would only apply if, in fact, this Court did

6   make such findings, in which event the parties including Mr.

7   Zell should be free to argue to the second Court what

8   preclusive effect those findings should or should not be

9   given by the second Court.  And that will be a function in

10  part of the identity of issues before the second Court which

11  is a judgment that the second Court is best situated to

12  determine based upon all the facts and circumstances before

13  that second Court.

14          We'd also note that this order is objectionable

15  because even if this Court had authority to deprive the

16  second Court of the right to give preclusive effects to this

17  Court's findings, the category of findings that this

18  proposed order seeks to categorically exempt from

19  traditional rules of claim preclusion is ambiguous at best.

20  As an example, if this Court were to sustain Mr. Zell's

21  objection that he has a right to a claim indemnification in

22  relation to the defense of the LBO claims, it could be

23  argued that that's a decision that relates to the merits of

24  the LBO claims.  And even if it did not, if we made an

25  argument that such a decision was preclusive and we were

1  wrong, we would risk contempt of an order that precluded the

2  use of those findings for any purpose.

3           So for those reasons, we contend it's simply

4  unfair to prejudge the preclusive effect that should be

5  given to this Court's findings by a second Court.  That may

6  or may not turn out to be wise decision on our part, to

7  object, depending upon what the findings are, but we believe

8  ultimately we're only going to have more litigation over an

9  order that precludes us from even seeking to assert

10 preclusive effect when that decision can ultimately only be

11 made by the second Court.

12          I'm happy to respond to any questions that the

13 Court may have, but I have nothing more to offer at this

14 time.

15          THE COURT:  Thank you.  I'll hear from the

16 committee.

17          MR. SOTTILE:  Thank you, Your Honor.  James

18 Sottile again of Zuckerman Spaeder for the committee.

19          Briefly, Your Honor, it's quite clear under the

20 case law, as Mr. Bradford concedes, that what this Court can

21 do is to say what you're deciding and what you're not

22 deciding.  We submit it's clear that given the nature of

23 these proceedings, this Court is not deciding the merits of

24 the underlying LBO claims.  And that it is important for the

25 guidance of the parties and future Courts for this Court to

1    make that clear so that no one will be able to later argue

2    you really were deciding the merits, and therefore, your

3    decisions and your findings and your conclusions should be

4    given some preclusive effect.

5            And I think it's clear under the Third Circuit

6    case law that you're authorized to do precisely that.  The

7    *DeMetro vs. CVS* case, the *Nuto* case both expressly so hold

8    that it is appropriate for the first Court to say what it is

9    deciding and what it is not deciding.  So in the words of

10   *Wright & Miller* in Section 4413, you can anticipate and

11   defeat arguments for preclusion based on improper readings

12   of the decision.  That's all we're trying to do here, Your

13   Honor, is to prevent some other parties before other Courts

14   from making an improper use of your findings and

15   conclusions, your decisions, to argue that somehow in these

16   proceedings you've decided the merits in a way that would

17   bind parties in later litigation.

18           THE COURT:  Well let me ask this, Mr. Sottile.

19   The purpose of the -- I'll call it an agreement of the plan

20   proponents anyway and to which no one but Mr. Zell has

21   objected.  As I understood it was, at least in part, to

22   facilitate the admission of certain evidence without, I

23   guess, adverse consequences to parties who weren't directly

24   involved or might be harmed later by a finding resulting in

25   part from the Courts relying on such evidence.  Am I wrong

1  about that?

2           MR. SOTTILE:  Your Honor, I think that was part

3  of the concern.  And as I recall, part of the concern that

4  other parties expressed was that they felt compelled to make

5  substantive arguments going beyond admission of evidence if

6  there was a chance that this Court might make findings that

7  could be used against them, and therefore, they would have

8  wanted to be heard at closing arguments and elsewhere if

9  they hadn't had this kind of assurance that they wouldn't be

10  prejudiced by their failure to make arguments.

11           THE COURT:  Okay.  Now everybody's heard me say

12  before that I have no desire to impinge on the prerogatives

13  of any other Court.  And I've said it more than once, but in

14  another context.  My views about that haven't changed, but

15  it seems to me that I can certainly bind parties, can I not?

16           MR. SOTTILE:  Of course you can, Your Honor.

17           THE COURT:  I will say this.  I do agree with Mr.

18  Bradford that the language concerning, you know, relating to

19  the merits is somewhat broad, okay.  For example, and nobody

20  is to take this as meaning anything, but I just wanted to

21  pick an illustration that I thought might be easy.  Let's

22  assume for purposes of determining whether either or both

23  plans should be confirmed, I look at step one of the LBO

24  transaction, and I say, say with respect to the DCL plan for

25  example, that it was reasonable for the parties who made the

1  settlement to assume that at step one the company was not

2  insolvent or rendered insolvent, and therefore, as to one

3  element of reviewing the settlement, I find that was a

4  reasonable assumption.  You know, that -- is that relating

5  to the merits of the LBO transaction or isn't it?

6              MR. SOTTILE:  Your Honor, I think that would

7  relate, arguably, to the merits and that's the sort of

8  thing --

9              THE COURT:  Right, but it's not a finding about

10  insolvency or solvency.

11              MR. SOTTILE:  It is not, Your Honor, and it

12  should not be used, we would suggest, in a later Court to

13  argue --

14              THE COURT:  And I tend to agree with that.  So --

15  but how do you -- I mean, doesn't that, as Mr. Bradford

16  suggests, just create another opportunity for somebody to

17  fight about something?

18              MR. SOTTILE:  Your Honor, I am struggling to

19  imagine a circumstance where it would be proper for a party

20  who was litigating the merits of the underlying claims to

21  use any of this Court's findings and conclusions to support

22  their arguments in later litigation on the merits.  So I

23  concede, Your Honor, that the term is broad.  It's

24  deliberately drafted as broad as the Court would suspect.

25  But I cannot conceive, as I stand here before the Court, of

1  a circumstance where it would be legitimate and appropriate

2  for somebody to say that a decision like the one you just

3  described on a particular issue in the context of

4  confirmation means that a Court deciding the merits should

5  conclude that, in fact, X facts or so on insolvency at step

6  one of the transactions.

7          So while I concede the breadth of the language,

8  Your Honor, I haven't yet heard an example of a fact setting

9  where it sweeps too far in reality.  And I am concerned that

10  if it were cut back more narrowly, that we would have the

11  opposite problem.  That we would be permitting parties to

12  make what we submit is an entirely inappropriate use of this

13  Court's findings in later litigation.

14          THE COURT:  Well I confess that I've yet to

15  conceive of substitute language that I think would be

16  better, but that doesn't mean I like what's been suggested.

17  All right.  Let me ask, does anyone else wish to be heard in

18  connection with this motion?

19          MR. HURLEY:  Good afternoon, Your Honor.  Mitch

20  Hurley with Akin Gump for Aurelius.

21          Just very briefly.  Aurelius supports the order

22  submitted by the committee.  Just a couple of points we

23  wanted to add.  First of all, Paragraph 4 was -- of the

24  order, is a paragraph that was largely important to the

25  DCL's.  That was something that drove it.  It's also our

1  understanding that in connection with negotiating and coming

2  up with this order that was presented to Your Honor, that

3  the DCL's were also discussing and providing copies of this

4  order to Bank of America, Merrill, and Citi.  I don't know

5  if they're here today, or if they're planning on saying

6  anything, but I thought it was important for the record to

7  reflect the fact that I believe they were also involved in

8  this process.

9       You know, we agree with the committee that the

10  case law in *Wright & Miller* permit Your Honor to enter an

11  order using the language that was provided in the order.

12  Our biggest concern, though Your Honor, is that this order

13  not turn into a one-way street, if you will.

14       My understanding of what Mr. Zell was arguing, at

15  least in his written submission to the Court, was that Your

16  Honor could effectively bind the DCL plan proponents and the

17  NPP plan proponents and others who actually participated in

18  drafting the order, but not Mr. Zell.  And it's that outcome

19  that we think would be unfair and would be inconsistent, at

20  least, with our understanding of what the order means.  And

21  it was really a fundamental basis of Aurelius' willingness

22  to agree to the order that it would be reciprocal; that it

23  wouldn't be a situation where Mr. Zell gets to use findings

24  of facts if he likes them in a different proceeding, but

25  others on this side cannot.

1          So that's I would think really the most important

2   thing for us to stress at this point.  Thank you, Your

3   Honor.

4          THE COURT:  Thank you.  Does anyone else wish to

5   be heard?

6          MS. SAAVEDRA:  Good afternoon, Your Honor.

7   Andrea Saavedera of Weil, Gotshal & Manges representing

8   Morgan Stanley.

9          I would just ask that the record also reflect

10  that we have -- we're in discussions with Mr. Sottile about

11  the form of order and that we support the form of order, and

12  believe that it resolves the objections that we raised at

13  the time in which these issues were presented to the Court

14  over a month ago.  Thank you.

15         THE COURT:  Thank you.  Does anyone else wish to

16  be heard?

17                  (No audible response.)

18         THE COURT:  I hear no further response.  I want

19  to devote further thought to this and see -- I like the

20  concept.  The concept I buy into.  I think the idea's a good

21  one.  I think it solves problems which otherwise might have

22  unnecessarily prolonged the proceeding, but I'm not yet

23  content with the suggested language.  So let me devote

24  further thought to that.

25         What I will do before I enter any order is I'll

1    -- assuming I'm going to suggest changes, I'll suggest them

2    and have them circulated to the parties before I actually

3    sign an order so that someone can tell me what greater

4    mischief I'm creating by making those suggestions than that

5    suggested by the parties.

6              MR. SOTTILE:  Thank you, Your Honor.  And with

7    the Court's leave, we'll also give consideration to whether

8    we can address the concerns the Court has articulated and if

9    we can come up with some better way to do it, we will make

10   an appropriate submission to the Court for consideration.

11             THE COURT:  I have a lot of confidence in all the

12   high priced talent that will be brought to bear on that.

13                         (Laughter)

14             MR. SOTTILE:  Thank you, Your Honor.

15             THE COURT:  All right.

16             MR. BRADFORD:  Thank you very much, Your Honor.

17             MR. BENDERNAGEL:  Your Honor, are we going to

18   move on to Item 15?

19             THE COURT:  Let's.

20             MR. BENDERNAGEL:  I'll address that.  This is

21   simply to give you a status report.  This is Jim Bendernagel

22   for the debtors -- give you a status report as to where we

23   are on the remaining evidentiary issues or issues that

24   affect the record.  The evidentiary questions now have been

25   resolved as Mr. Sottile indicated in his presentation.  So

1  there are really no open issues as to what is in and what

2  it's in for.  Those issues are behind us.

3          The other two issues that are out there are one,

4  transcript corrections and --

5          THE COURT:  How are the parties doing on that?

6          MR. BENDERNAGEL:  I think we're almost there,

7  Your Honor.  As I had indicated back in June, the noteholder

8  plan proponents had provided us with a fairly sizeable list

9  of changes that they were suggesting.  We've gone through

10  that.  We have agreement with the noteholders as to how

11  those, all those issues ought to be resolved.  So between

12  the parties there's agreement.  We are now working with the

13  Court Reporter to implement those changes.  And the Court

14  Reporter obviously is going to have a say on some of those

15  because the parties agreed at certain points to ask the

16  Court Reporter just go back and listen to the tape and make

17  a determination as to what actually was said and they've

18  agreed to do that.

19          The issue that you raised last week on the

20  telephonic conference related to the fact that certain

21  corrections had been submitted to the Court Reporter earlier

22  in time by the noteholders.  The noteholders were under the

23  understanding that they needed to get our buy-in to make the

24  changes and that's why they approached us.  The Court

25  Reporter went ahead and started to listen to the tape and

1   implement some of the changes herself.  We've caught up with

2   her, brought her into the process, and I think right now

3   this is really an exercise between one of the people in our

4   shop and the people at the Court Reporter just to work

5   through the list and it's mechanical.  We are putting

6   together an errata sheet so that everybody will see what we

7   did to the thing and we'll submit that as soon as it's done.

8               THE COURT:  Okay.

9               MR. BENDERNAGEL:  That's the first issue that's

10  open.  The second issue is you'll remember way back in

11  January, I think it was the Chicago Tribune came in and

12  asked about the confidentiality of the record and the like.

13  We had gotten questions from various people suggesting well,

14  we can see the transcript, but we can't -- we can see the

15  briefs, but we can't see the exhibits and the deposition

16  transcripts, what are you going to do to fix that?

17              And rather than have them come and bother you

18  with it, we just undertook the process of reviewing all of

19  the exhibits that the noteholders had offered, all of the

20  exhibits that the DCL plan proponents had offered, and all

21  of the transcript corrections with the idea of identifying

22  what if anything was confidential and then setting up a

23  database similar to what we had with the examiner report

24  where anything that wasn't confidential could be posted and

25  that would be the end of it except for those documents that

1  were held back.

2          We've made substantial progress in doing that.

3  We've circulated to essentially the people that need to sign

4  off, a list of documents that we think don't bear any need

5  for protection which is the vast majority of the material.

6  And asked people do they agree with us or don't they agree

7  with us.  And we've gotten answers back from some, but not

8  everybody.  We're trying to get that done by the end of the

9  week.  At that juncture, I think we'll be in a position

10  sometime next week to publish, through Epic, what it is that

11  we consider to be non-confidential and it can be made part

12  of the public record.

13          And there are probably going to be in the order

14  of maybe 100 documents that there may be withheld on

15  confidentiality agreement.  They fall under three

16  categories.  Three categories you've heard about in the

17  past.  The first category is these documents relating to the

18  FCC and the holdings of various of the plan proponents at,

19  you know, in other companies.  That stuff nobody's ever

20  objected to us withholding.  We did it during the hearing

21  and we've done it here.

22          The second is information relating to joint

23  partnerships that the debtors involved in where there's

24  confidentiality considerations with respect to current

25  information, the most prevalent is TB Food, and we've

1  withheld material in that regard.

2          And the last category is material that is current

3  financial data of the company that would be competitively

4  sensitive and we wouldn't want published, and I don't think

5  anybody really disagrees with that.  It's a limited group of

6  documents and obviously, we'll tell people what those

7  documents are.  And if there's going to be a discussion on

8  those documents, well, we'll have a discussion on those

9  documents, but the rest of the stuff will be available so

10 people can use it both in this proceeding and in various

11 other proceedings that have been launched across the United

12 States.

13          THE COURT:  Okay.  And in some appropriate form

14 when both of those sets of issues have been resolved or at

15 least as far as you can resolve them, I'd appreciate you

16 advising chambers in writing.

17          MR. BENDERNAGEL:  Our intention was to make a

18 submission that basically included the errata sheet and also

19 included the two exhibit lists and indicated which documents

20 were being withheld on confidentiality agreement so that

21 will all be published so everybody will know.

22          THE COURT:  Thank you.

23          MR. BENDERNAGEL:  Okay.

24          MR. ZENSKY:  Good afternoon, Your Honor.  For the

25 record, David Zensky, Akin, Gump, Strauss, Hauer & Feld for

1  Aurelius and the noteholder plan proponents.

2          Let me just add one comment to Mr. Bendernagel's

3  last report.  The parties are working cooperatively to

4  finalize this issue.  Mr. Bendernagel listed three

5  categories a moment ago of documents that from the debtors'

6  perspective would not be published.  I don't think he

7  intended to include in that the potential categories of

8  documents from the noteholders' side, from the noteholders'

9  files that might also fall into that category including

10 internal and proprietary documents from Aurelius and others.

11 So I just wanted -- I didn't want the record to inaccurately

12 reflect that those three categories would be the entirety of

13 the potential range of exhibits that would not be put on

14 Epic.

15          THE COURT:  All right.

16          MR. ZENSKY:  That's all, Your Honor.

17          MR. BENDERNAGEL:  That wasn't my intention.  The

18 three categories are the ones that we identified as

19 problematic.  There may be other people that identify stuff

20 that's problematic beyond the noteholders.  And we just

21 haven't heard back from all corners on that.

22          THE COURT:  Okay.  I have signed the order on No.

23 17 just so you know.  I do have one other thing that I

24 wanted to raise today.  We received yesterday the completion

25 of briefing on the Schultze Asset Management's motion to

1   quash saying that no response has been filed and I should

2   grant the relief that's been requested.

3           MR. RATH:  Good afternoon, Your Honor.  Daniel

4   Rath, Landis, Rath & Cobb, on behalf of the committee.

5           We're actually -- I spoke with Schultze this

6   afternoon on this issue and we're working this issue out.

7           THE COURT:  Okay.

8           MR. RATH:  So there is nothing that needs to be

9   done.

10          THE COURT:  I can do that.

11                      (Laughter)

12          MR. RATH:  Thank you, Your Honor.

13          THE COURT:  Okay.  Is there anything further for

14  today?

15                  (No audible response.)

16          THE COURT:  Thank you all very much.  That

17  concludes this hearing.  Court will stand in recess.

18     (Whereupon, at 1:30 p.m., the hearing was adjourned.)

19                      CERTIFICATION

20          I certify that the foregoing is a correct

21  transcript from the electronic sound recording of the

22  proceedings in the above-entitled matter.

23

24  _____        26 July 2011
25  Traci L. Calaman, Transcriber                Date
26

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **08-13141(kjc**(1) 1:5 | | **any**(14) 10:4  10:13  11:19  11:19  12:19 | | **bendernagel's**(1) 26:2 | | **check**(1) 9:21 | |
| **able**(3) 8:22  15:11 | | 12:20  12:21  13:2  14:2  14:12  16:13  17:21 | | **best**(2) 15:11  13:19 | | **chicago**(3) 1:27  1:40  23:11 | |
| **about**(7) 16:1  16:14  17:9  17:17  20:10 | | 20:25  24:4 | | **better**(2) 18:16  21:9 | | **chicago's**(1) 8:10 | |
| 23:12  24:16 | | **anybody**(1) 25:5 | | **between**(2) 22:11  23:3 | | **chung**(1) 3:32 | |
| | | **anyone**(3) 18:17  20:4  20:15 | | **beyond**(2) 16:5  26:20 | | **circuit**(2) 12:3  15:5 | |
| **aboveentitled**  (1) 27:22 | | **anything**(6) 8:16  16:20  19:6  23:22  23:24 | | **biggest**(1) 19:12 | | **circuit's**(1) 12:1 | |
| **accurately**(1) 11:16 | | 27:13 | | **bind**(3) 15:17  16:15  19:16 | | **circulated**(2) 21:2  24:3 | |
| **across**(1) 25:11 | | | | **block**(2) 6:28  11:15 | | **circumstance**(2) 17:19  18:1 | |
| **actually**(4) 19:17  21:2  22:17  27:5 | | **anyway**(1) 15:20 | | **boccassini**(1) 5:42 | | **circumstances**(1) 13:12 | |
| **adam**(1) 2:25 | | **appearances**(4) 3:1  4:1  5:1  6:1 | | **both**(5) 11:4  15:7  16:22  25:10  25:14 | | **cited**(4) 11:1  11:1  12:2  12:3 | |
| **add**(4) 8:16  8:20  18:23  26:2 | | **application**(2) 9:8  9:10 | | **bother**(1) 23:17 | | **citi**(1) 19:4 | |
| **address**(2) 21:8  21:20 | | **apply**(1) 13:5 | | **bradford**(6) 11:14  11:15  14:20  16:18 | | **citigroup**(1) 3:39 | |
| **adjourned**(1) 27:18 | | **appreciate**(1) 25:15 | | 17:15  21:16 | | **city**(1) 8:10 | |
| **adjudicated**(1) 12:16 | | **approached**(1) 22:24 | | **bradstreet**(1) 8:8 | | **claim**(11) 7:15  7:22  7:25  8:2  8:7  8:10  9:4 | |
| **adjudicating**(4) 11:23  12:12  12:23  12:25 | | **appropriate**(5) 11:11  15:8  18:1  21:10 | | **breadth**(1) 18:7 | | 9:7  11:23  13:19  13:21 | |
| **adler**(1) 5:40 | | 21:17  21:23  22:1  22:2  22:3  22:5 | | **bret**(1) 4:17 | | |
| **administered**(1) 1:6 | | 22:12  23:5  23:16  24:13  25:7  26:3  26:18 | | **brickley**(1) 5:46 | | **claims**(10) 7:10  10:16  11:20  12:13  12:21 | |
| **admissibility**(2) 9:23  10:17 | | | | **briefing**(1) 26:25 | | 13:3  13:22  13:24  14:24  17:20 | |
| **admissible**(1) 11:3 | | **arguably**(1) 17:7 | | **briefly**(2) 14:19  18:21 | | |
| **admission**(2) 15:22  16:5 | | **argue**(5) 11:3  13:7  15:1  15:15  17:13 | | **briefs**(2) 11:1  23:15 | | **clear**(5) 12:12  14:19  14:22  15:1  15:5 | |
| **adverse**(1) 15:23 | | **argued**(1) 13:23 | | **briesen**(1) 7:13 | | **clerk**(1) 7:2 | |
| **advised**(1) 8:11 | | **arguing**(1) 19:14 | | **broad**(3) 16:19  17:23  17:24 | | **closing**(1) 16:8 | |
| **advising**(1) 25:16 | | **argument**(3) 9:22  10:19  13:25 | | **broadspire**(1) 7:24 | | **cni**(1) 7:22 | |
| **affect**(1) 21:24 | | **arguments**(5) 15:11  16:5  16:8  16:10  17:22 | | **brockius**(1) 5:8 | | **cno**(2) 9:18  9:19 | |
| **afternoon**(7) 7:3  7:4  7:5  8:17  10:7  11:14 | | **arrowgrass**(2) 5:16  5:16 | | **brokius**(1) 6:32 | | **cobb**(2) 2:24  27:4 | |
| 18:19  20:6  25:24  27:3  27:6 | | **arthur**(1) 5:5 | | **brought**(2) 21:12  23:2 | | **coc**(1) 8:3 | |
| | | **articulate**(1) 12:11 | | **brown**(2) 4:41  6:16 | | **cole**(1) 1:30 | |
| **again**(3) 8:2  14:18 | | **articulated**(1) 21:8 | | **bryan**(2) 4:7  6:12 | | **come**(2) 21:9  23:17 | |
| **against**(2) 12:22  16:7 | | **ashley**(1) 3:17 | | **bryant**(1) 2:48 | | **coming**(1) 19:1 | |
| **agenda**(3) 7:6  8:2  8:12 | | **ask**(4) 15:18  18:17  20:9  22:15 | | **bush**(1) 3:28 | | **comment**(1) 26:2 | |
| **agent**(1) 8:7 | | **asked**(3) 12:19  23:12  24:6 | | **but**(21) 8:4  11:1  12:13  14:7  14:13  15:20 | | **comments**(1) 8:21 | |
| **ago**(2) 20:14  26:5 | | **asking**(1) 12:18 | | 16:13  16:14  16:20  17:9  17:15  17:25  18:10 | | **committee**(13) 2:24  3:16  8:12  8:19  9:14 | |
| **agree**(7) 11:12  16:17  17:14  19:9  19:22 | | **aspect**(1) 10:12 | | 19:6  19:18  19:24  20:22  23:14  23:15  24:7 | | 9:17  10:5  10:9  14:16  14:18  18:22  19:9 | |
| 24:6  24:6 | | **aspects**(1) 10:16 | | 25:9 | | 27:4 | |
| | | **assert**(1) 14:9 | | **buy**(1) 20:20 | | **committees**(1) 9:22 | |
| **agreed**(2) 22:15  22:18 | | **asset**(1) 26:25 | | **buy-in**(1) 22:23 | | **common**(1) 6:32 | |
| **agreement**(5) 15:19  22:10  22:12  24:15 | | **assume**(2) 16:22  17:1 | | **byl**(1) 4:5 | | **companies**(1) 24:19 | |
| 25:20 | | **assuming**(1) 21:1 | | **bynum**(1) 5:30 | | **company**(5) 1:8  1:37  4:22  17:1  25:3 | |
| | | **assumption**(1) 17:4 | | | | **compelled**(1) 16:4 | |
| **ahead**(1) 22:25 | | **assurance**(1) 16:9 | | **calaman**(1) 27:25 | | **compensation**(1) 5:33 | |
| **akin**(4) 2:45  4:32  18:20  25:25 | | **audible**(2) 20:17  27:15 | | **call**(1) 15:19 | | **competitively**(1) 25:3 | |
| **albert**(1) 9:4 | | **august**(2) 7:8  7:15 | | **came**(1) 23:11 | | **complete**(2) 9:15  9:18 | |
| **all**(20) 7:2  7:4  8:25  10:22  11:4  13:12 | | **aurelius**(8) 2:45  4:28  4:28  18:20  18:21 | | **can**(18) 10:4  11:11  12:12  14:10  14:20 | | **completion**(1) 26:24 | |
| 15:12  18:17  18:23  21:11  21:15  22:11 | | 19:21  26:1  26:10 | | 15:10  16:15  16:15  16:16  21:3  21:8  21:9 | | **concede**(2) 17:23  18:7 | |
| 23:18  23:19  23:20  25:21  26:15  26:16 | | | | 23:14  23:14  24:11  25:10  25:15  27:10 | | **concedes**(1) 14:20 | |
| 26:21  27:16 | | **austin**(2) 1:23  4:4 | | **can't**(2) 23:14  23:15 | | **conceive**(2) 17:25  18:15 | |
| **allen**(1) 9:9 | | **authorities**(1) 12:10 | | **candice**(1) 4:11 | | **concept**(2) 20:20  20:20 | |
| **allow**(2) 8:1  9:7 | | **authority**(3) 12:14  12:15  13:15 | | **cannot**(3) 11:23  17:25  19:25 | | **concern**(3) 16:3  16:3  19:12 | |
| **almost**(1) 22:6 | | **authorized**(1) 15:6 | | **canvassing**(1) 9:24 | | **concerned**(3) 10:17  10:25  18:9 | |
| **also**(9) 8:11  13:14  18:25  19:3  19:7  20:9 | | **available**(1) 25:9 | | **capital**(10) 3:3  3:3  4:28  4:28  5:16  5:16 | | **concerning**(3) 9:23  10:13  16:18 | |
| 21:7  25:18  26:9 | | **avenue**(3) 1:33  2:14  2:20 | | 6:12  6:24  6:24  7:10 | | **concerns**(1) 21:8 | |
| | | | | **carey**(1) 1:18 | | **conclude**(1) 18:5 | |
| **ambiguous**(1) 13:19 | | **back**(7) 18:10  22:7  22:16  23:10  24:1  24:7 | | **carlyle**(1) 2:18 | | **concludes**(1) 27:17 | |
| **amended**(2) 10:21  11:5 | | 26:21 | | **carol**(3) 5:7  7:25 | | **conclusions**(6) 9:25  10:13  11:25  15:3 | |
| **america**(3) 3:31  3:31  19:4 | | **bale**(1) 3:5 | | **case**(8) 1:5  5:12  12:6  14:20  15:6  15:7 | | 15:15  17:21 | |
| **amit**(1) 4:42 | | **banc**(2) 2:18  5:8 | | 15:7  19:10 | | | |
| **and**(113) 7:10  7:13  7:13  7:24  8:3  8:3  8:9 | | **bank**(6) 3:31  3:31  4:37  5:39  6:8  19:4 | | **categorically**(1) 13:18 | | **conference**(3) 7:14  10:1  22:20 | |
| 8:11  8:22  9:1  9:14  9:19  9:20  9:24  9:25 | | **barclays**(3) 4:41  6:24  6:24 | | **categories**(6) 24:16  24:16  26:5  26:7  26:12 | | **confess**(1) 18:14 | |
| 10:1  10:5  10:12  10:20  10:25  11:2  11:11 | | **bankruptcy**(2) 1:1  1:19 | | 26:18 | | **confidence**(1) 21:11 | |
| 11:17  11:21  11:22  12:11  12:22  13:3  13:12 | | **based**(2) 13:12  15:11 | | | | **confidential**(3) 23:22  23:24 | |
| 13:12  13:24  13:25  14:21  14:24  14:25  15:2 | | **basically**(1) 25:18 | | **category**(4) 13:17  24:17  25:2  26:9 | | **confidentiality**(3) 23:12  24:15  24:24  25:20 | |
| 15:3  15:3  15:5  15:9  15:10  15:14  15:20 | | **basis**(1) 19:21 | | **caught**(1) 23:1 | | **confirmation**(3) 10:3  10:14  18:4 | |
| 16:3  16:7  16:8  16:13  16:19  16:24  17:2 | | **bear**(2) 21:12  24:4 | | **cave**(1) 6:12 | | **confirmed**(1) 16:23 | |
| 17:7  17:11  17:14  17:21  18:1  18:9  19:1 | | **because**(2) 23:15  22:15 | | **certain**(8) 9:23  10:17  12:13  12:13  12:18 | | **conlan**(1) 1:24 | |
| 19:3  19:4  19:16  19:17  19:18  19:19  19:20 | | **been**(14) 7:18  8:3  8:11  10:16  11:4  12:2 | | 15:22  22:15  22:20 | | **connection**(3) 10:14  18:18  19:1 | |
| 20:11  20:11  20:19  21:2  21:6  21:8  22:1 | | 12:3  18:16  21:24  22:21  25:11  25:14  27:1 | | **certainly**(1) 16:15 | | **consequences**(2) 12:9  15:23 | |
| 22:4  22:12  22:16  22:16  22:17  22:24  22:25 | | 27:2 | | **certification**(4) 8:14  8:23  11:6  27:19 | | **consider**(1) 24:11 | |
| 22:25  23:2  23:4  23:5  23:7  23:11  23:12 | | **before**(8) 1:18  13:10  13:12  15:13  16:12 | | **certify**(1) 27:20 | | **consideration**(2) 21:7  21:10 | |
| 23:15  23:17  23:17  23:20  23:22  23:24  24:6 | | 17:25  20:25  21:2 | | **chadbourne**(2) 2:31  3:16 | | **considerations**(1) 24:24 | |
| 24:7  24:11  24:13  24:18  24:21  24:25  25:2 | | | | **chambers**(1) 25:16 | | **consistent**(1) 12:11 | |
| 25:4  25:4  25:6  25:7  25:10  25:13  25:16 | | **behalf**(1) 11:15  27:4 | | **chance**(1) 16:6 | | **contempt**(1) 14:1 | |
| 25:19  26:1  26:10  26:16  26:20  27:1  27:6 | | **behind**(1) 22:2 | | **changed**(1) 16:14 | | **contend**(1) 14:3 | |
| | | **being**(1) 25:20 | | **changes**(5) 21:1  22:9  22:13  22:24  23:1 | | **content**(1) 20:23 | |
| **andrea**(2) 5:24  20:7 | | **believe**(3) 14:7  19:7  20:12 | | **chapter**(2) 1:8  9:4 | | **context**(2) 16:14  18:3 | |
| **andrew**(3) 2:39  6:29  8:18 | | **ben**(2) 2:5  6:25 | | **chase**(1) 4:37 | | **continue**(2) 7:19  8:4 | |
| **anna**(2) 5:20  5:20 | | **bendernagel**(10) 1:25  21:17  21:20  21:21 | | | | **continued**(6) 2:2  4:2  5:2  6:2  7:7  8:13 | |
| **another**(2) 16:14  17:16 | | 22:6  23:9  25:17  25:23  26:4  26:17 | | | | **contrarian**(1) 7:24 | |
| **answers**(1) 24:7 | | | | | | **cooperatively**(1) 26:3 | |
| **anticipate**(1) 15:10 | | | | | | **copies**(1) 19:3 | |

| Word | Page:Line |
|---|---|
| **corners**(1) 26:21 | |
| **corp**(1) 7:22 | |
| **corporate**(1) 9:10 | |
| **correct**(1) 27:20 | |
| **corrections**(3) 22:4 22:21 23:21 | |
| **could**(4) 13:22 16:7 19:16 23:24 | |
| **counsel**(3) 8:15 8:24 10:8 | |
| **couple**(3) 8:21 10:24 18:22 | |
| **course**(2) 13:3 16:16 | |
| **court**(83) 1:1 7:3 7:14 8:25 10:4 10:6 10:14 10:20 10:23 11:6 11:12 11:19 11:23 11:24 12:5 12:7 12:8 12:12 12:15 12:18 12:19 12:22 12:23 12:24 12:25 13:2 13:3 13:5 13:7 13:9 13:10 13:11 13:13 13:15 13:16 13:20 14:5 14:11 14:13 14:15 14:23 14:23 14:25 15:8 15:18 16:6 16:11 16:13 16:17 17:9 17:12 17:14 17:24 17:25 18:4 18:14 19:15 20:4 20:13 20:15 20:18 21:8 21:10 21:11 21:15 21:19 22:5 22:13 22:13 22:16 22:21 22:24 23:4 23:8 25:13 25:22 26:15 26:22 27:7 27:10 27:13 27:16 27:17 | |
| **court's**(7) 11:9 11:25 13:17 14:5 17:21 18:13 21:7 | |
| **courtroom**(1) 1:9 | |
| **courts**(4) 12:8 14:25 15:13 15:25 | |
| **create**(1) 17:16 | |
| **creating**(1) 21:4 | |
| **creditors**(4) 2:25 3:17 8:19 10:9 | |
| **current**(2) 24:24 25:2 | |
| **cut**(1) 18:10 | |
| **cvs**(1) 15:7 | |
| **d'amico**(1) 12:2 | |
| **daniel**(4) 2:26 3:36 4:34 27:3 | |
| **data**(2) 1:45 25:3 | |
| **database**(1) 23:23 | |
| **date**(1) 27:25 | |
| **dave**(1) 4:25 | |
| **david**(8) 2:46 3:24 4:15 5:17 5:26 5:40 11:14 25:25 | |
| **davidson**(1) 6:4 | |
| **davis**(2) 2:11 4:37 | |
| **day**(1) 8:22 | |
| **dcl**(3) 16:24 19:16 23:20 | |
| **dcl's**(2) 18:25 19:3 | |
| **dearborn**(1) 1:26 | |
| **debtor**(1) 1:23 | |
| **debtors**(4) 1:11 21:22 24:23 26:5 | |
| **decide**(3) 12:14 12:18 13:2 | |
| **decided**(1) 15:16 | |
| **deciding**(8) 12:13 14:21 14:22 14:23 15:2 15:9 15:19 18:4 | |
| **decision**(7) 12:3 13:23 13:25 14:6 14:10 15:12 18:2 | |
| **decisions**(3) 12:1 15:3 15:15 | |
| **defeat**(1) 15:11 | |
| **defense**(1) 13:22 | |
| **delaware**(5) 1:2 1:11 1:33 2:20 7:1 | |
| **deliberately**(1) 17:24 | |
| **demetro**(1) 15:7 | |
| **depending**(1) 14:7 | |
| **deposition**(1) 23:15 | |
| **deprive**(1) 13:15 | |
| **described**(1) 18:3 | |
| **desire**(1) 16:12 | |
| **determination**(1) 22:17 | |
| **determine**(1) 13:12 | |
| **determining**(1) 16:22 | |
| **deutsch**(1) 3:19 | |
| **deutsche**(1) 5:39 | |
| **devote**(2) 20:19 20:23 | |
| **dewey**(1) 3:8 | |
| **diamond**(1) 6:5 | |
| **diaz**(1) 1:45 | |
| **dictate**(1) 12:8 | |

| Word | Page:Line |
|---|---|
| **dictating**(1) 12:23 | |
| **did**(4) 13:5 13:24 23:7 24:20 | |
| **didn't**(1) 26:11 | |
| **different**(2) 12:11 19:24 | |
| **directly**(1) 15:23 | |
| **disagrees**(1) 25:5 | |
| **discussing**(1) 19:3 | |
| **discussion**(2) 25:7 25:8 | |
| **discussions**(1) 20:10 | |
| **dispute**(1) 11:7 | |
| **district**(1) 1:2 | |
| **documents**(12) 23:25 24:4 24:14 24:17 25:6 25:7 25:8 25:9 25:19 26:5 26:8 26:10 | |
| **does**(6) 12:8 12:20 13:3 13:18 13:17 20:4 20:15 | |
| **doesn't**(2) 17:15 18:16 | |
| **doing**(2) 22:5 24:2 | |
| **dombeck**(1) 7:15 | |
| **don't**(6) 8:15 19:4 24:4 24:6 25:4 26:6 | |
| **done**(2) 23:7 24:8 24:21 27:9 | |
| **doshi**(1) 6:9 | |
| **dougherty**(2) 3:12 3:13 | |
| **douglas**(1) 3:19 | |
| **dow**(2) 5:45 5:45 | |
| **down**(1) 10:18 | |
| **drafted**(1) 17:24 | |
| **drafting**(1) 19:18 | |
| **drove**(1) 18:25 | |
| **dunn**(2) 5:17 8:8 | |
| **during**(1) 24:20 | |
| **earlier**(1) 22:21 | |
| **easy**(1) 16:21 | |
| **ecro**(1) 1:43 | |
| **effect**(7) 11:24 12:15 12:24 13:8 14:4 14:10 15:4 | |
| **effectively**(1) 19:16 | |
| **effects**(1) 13:16 | |
| **egi-trb**(2) 6:28 10:12 | |
| **either**(1) 16:22 | |
| **elden**(1) 3:12 | |
| **eldersveld**(1) 4:25 | |
| **electronic**(1) 1:52 27:21 | |
| **element**(1) 17:3 | |
| **else**(3) 18:17 20:4 20:15 | |
| **elsewhere**(1) 16:8 | |
| **employee**(1) 5:33 | |
| **end**(2) 23:25 24:8 | |
| **endex**(1) 6:12 | |
| **english**(1) 5:39 | |
| **enough**(1) 9:2 | |
| **enter**(3) 9:2 19:10 20:25 | |
| **entirely**(1) 18:12 | |
| **entirety**(1) 26:12 | |
| **eos**(2) 6:20 6:20 | |
| **ephraim**(1) 6:5 | |
| **epic**(2) 24:10 26:14 | |
| **errata**(2) 23:6 25:18 | |
| **esq**(63) 1:24 1:25 1:32 1:38 2:5 2:12 2:13 2:19 2:25 2:26 2:32 2:38 2:39 2:46 2:47 3:5 3:9 3:13 3:17 3:19 3:21 3:23 3:24 3:28 3:32 3:36 3:40 3:41 4:5 4:7 4:9 4:13 4:15 4:17 4:19 4:23 4:25 4:29 4:34 4:38 4:42 4:46 4:48 5:5 5:9 5:13 5:17 5:24 5:26 5:34 5:36 5:40 5:42 5:46 6:5 6:9 6:13 6:17 6:21 6:25 6:29 6:33 | |
| **essentially**(1) 24:3 | |
| **esther**(1) 3:32 | |
| **even**(3) 13:15 13:24 14:9 | |
| **event**(1) 13:6 | |
| **ever**(1) 24:19 | |
| **everybody**(3) 23:6 24:8 25:21 | |
| **everybody's**(1) 16:11 | |
| **everyone**(1) 7:3 | |
| **evidence**(3) 15:22 15:25 16:5 | |
| **evidentiary**(3) 10:2 21:23 21:24 | |
| **examiner**(1) 23:23 | |

| Word | Page:Line |
|---|---|
| **example**(4) 13:20 16:19 16:25 18:8 | |
| **except**(1) 23:5 | |
| **exempt**(1) 13:18 | |
| **exercise**(1) 23:3 | |
| **exhibit**(2) 10:22 25:19 | |
| **exhibits**(9) 9:23 10:18 10:23 10:25 11:2 23:15 23:19 23:20 26:13 | |
| **expect**(1) 8:22 | |
| **expressed**(1) 16:4 | |
| **expressly**(1) 15:7 | |
| **extend**(1) 9:12 | |
| **extension**(2) 9:15 9:17 | |
| **eye**(1) 7:13 | |
| **facilitate**(1) 15:22 | |
| **fact**(8) 9:24 10:13 11:25 13:5 18:5 18:8 19:7 22:20 | |
| **facts**(3) 13:12 18:5 19:24 | |
| **failure**(1) 16:10 | |
| **fairly**(1) 22:8 | |
| **fall**(2) 24:15 26:9 | |
| **far**(2) 18:9 25:15 | |
| **fargo**(1) 5:12 | |
| **fcc**(1) 24:18 | |
| **fee**(2) 9:8 9:10 | |
| **feld**(3) 2:45 4:33 25:25 | |
| **felt**(1) 16:4 | |
| **fight**(1) 17:17 | |
| **filed**(7) 7:19 8:2 8:4 9:18 9:19 10:21 27:1 | |
| **files**(1) 26:9 | |
| **finalize**(1) 26:4 | |
| **financial**(1) 25:3 | |
| **find**(1) 17:3 | |
| **finding**(2) 15:24 17:9 | |
| **findings**(22) 9:24 10:13 11:2 11:19 11:25 12:16 12:20 12:22 13:4 13:6 13:8 13:17 13:17 14:2 14:5 14:7 15:3 15:14 16:6 17:21 18:13 19:23 | |
| **finger**(1) 2:4 | |
| **first**(6) 11:25 12:8 15:8 18:23 23:9 24:17 | |
| **fix**(1) 23:16 | |
| **fleet**(1) 7:10 | |
| **following**(2) 9:2 10:24 | |
| **food**(2) 8:1 24:15 | |
| **for**(74) 1:2 1:23 2:4 2:18 2:24 2:45 3:3 3:12 3:16 3:31 3:39 4:4 4:22 4:28 4:37 4:41 4:45 5:4 5:8 5:12 5:16 5:20 5:23 5:29 5:33 5:39 5:45 6:4 6:8 6:12 6:16 6:20 6:24 6:28 6:32 7:15 8:8 8:12 8:18 9:14 9:17 9:23 10:5 10:19 11:4 11:10 11:19 11:22 12:21 14:2 14:3 14:18 14:24 14:25 15:8 15:11 16:19 16:22 16:24 16:25 17:16 17:19 18:2 18:20 19:6 20:2 21:10 21:22 22:2 23:25 24:5 25:24 25:25 27:13 | |
| **foreclose**(1) 11:18 | |
| **foregoing**(1) 27:20 | |
| **form**(7) 8:21 8:23 10:21 11:5 20:11 20:11 25:13 | |
| **forman**(1) 1:30 | |
| **forth**(3) 11:11 11:21 12:1 | |
| **fortieth**(1) 7:21 | |
| **forty-fifth**(1) 8:6 | |
| **forty-second**(1) 7:23 | |
| **forward**(1) 9:20 | |
| **frank**(2) 5:33 5:36 | |
| **free**(1) 13:7 | |
| **from**(16) 8:18 11:18 12:19 13:18 14:9 14:15 15:14 15:25 23:13 24:7 26:5 26:8 26:8 26:10 26:21 27:21 | |
| **function**(1) 13:9 | |
| **fund**(1) 6:33 | |
| **fundamental**(1) 19:21 | |
| **funds**(1) 7:24 | |
| **further**(5) 12:18 20:18 20:19 20:24 27:13 | |

| Word | Page:Line |
|---|---|
| **future**(1) 14:25 | |
| **gary**(1) 4:23 | |
| **gecker**(1) 5:33 | |
| **gellman**(1) 9:7 | |
| **general**(1) 11:22 | |
| **george**(2) 3:23 4:17 | |
| **get**(3) 12:8 22:23 24:8 | |
| **gets**(1) 19:23 | |
| **give**(7) 11:24 12:16 12:24 13:16 21:7 21:21 21:22 | |
| **given**(4) 13:9 14:5 14:22 15:4 | |
| **goes**(1) 12:17 | |
| **going**(11) 7:18 8:13 9:20 14:8 16:5 21:1 21:17 22:14 23:16 24:13 25:7 | |
| **golden**(1) 4:34 | |
| **goldfarb**(4) 2:39 8:15 8:17 8:18 | |
| **goldman**(2) 5:29 5:29 | |
| **gone**(1) 22:9 | |
| **good**(12) 7:3 7:4 7:5 8:17 10:7 10:20 11:14 18:19 20:6 20:20 25:24 27:3 | |
| **gordon**(1) 6:17 | |
| **got**(1) 8:20 | |
| **gotshal**(5) 5:23 20:7 | |
| **gotten**(2) 23:13 24:7 | |
| **graem**(1) 3:28 | |
| **grant**(1) 27:2 | |
| **great**(2) 2:18 5:8 | |
| **greater**(1) 21:3 | |
| **greissman**(1) 5:13 | |
| **grippo**(1) 3:12 | |
| **group**(2) 5:34 25:5 | |
| **guardian**(1) 7:17 | |
| **guess**(1) 15:23 | |
| **guidance**(1) 14:25 | |
| **gump**(4) 2:45 4:32 18:20 25:25 | |
| **had**(9) 13:15 16:9 22:7 22:8 22:21 23:13 23:19 23:20 23:23 | |
| **hadn't**(1) 16:9 | |
| **handfuk**(1) 11:2 | |
| **happen**(1) 11:20 | |
| **happens**(1) 8:5 | |
| **happy**(1) 14:12 | |
| **harmed**(1) 15:24 | |
| **harrisburg**(1) 1:47 | |
| **has**(8) 7:14 10:4 11:16 12:3 13:21 15:20 21:8 27:1 | |
| **hauer**(3) 2:45 4:32 25:25 | |
| **have**(24) 8:11 8:20 9:1 11:4 12:2 14:8 14:13 14:13 16:7 16:12 18:10 20:10 20:21 21:2 21:11 21:24 22:10 22:10 22:14 23:17 25:8 25:11 25:14 26:2 26:22 26:23 | |
| **haven't**(3) 16:14 18:8 26:21 | |
| **hear**(2) 14:15 20:18 | |
| **heard**(8) 16:8 16:11 18:8 18:17 20:5 20:16 24:16 26:21 | |
| **hearing**(5) 10:3 10:25 24:20 27:17 27:18 | |
| **held**(1) 24:1 | |
| **helligman**(1) 5:34 | |
| **her**(2) 23:2 23:2 | |
| **herbert**(1) 7:13 | |
| **here**(5) 9:21 15:12 17:25 19:5 24:21 | |
| **herself**(1) 23:1 | |
| **high**(1) 21:12 | |
| **hinckley**(1) 9:8 | |
| **his**(3) 11:11 19:15 21:25 | |
| **hold**(1) 15:7 | |
| **holdings**(1) 24:18 | |

| Word | Page:Line |
|------|-----------|
| **honor(36)** | 7:5 7:6 8:17 9:1 9:19 10:7 10:10 11:13 11:14 11:16 14:17 14:19 15:13 16:2 16:16 17:6 17:11 17:18 17:23 18:8 18:19 19:2 19:10 19:12 19:16 20:3 20:6 21:6 21:14 21:16 21:17 22:7 25:24 26:16 27:3 27:17 |
| **honorable(1)** | 1:18 |
| **hoping(1)** | 8:14 |
| **horan(1)** | 2:19 |
| **how(3)** | 17:15 22:5 22:10 |
| **howard(1)** | 3:21 |
| **hurley(3)** | 2:47 18:19 18:20 |
| **i'd(2)** | 7:6 25:15 |
| **i'll(6)** | 8:15 14:15 15:19 20:25 21:1 21:20 |
| **i'm(4)** | 14:12 20:22 21:1 21:4 |
| **i've(2)** | 16:13 18:14 |
| **idea(1)** | 23:21 |
| **idea's(1)** | 20:20 |
| **identified(1)** | 26:18 |
| **identify(1)** | 26:19 |
| **identifying(1)** | 23:21 |
| **identity(1)** | 13:10 |
| **illustration(1)** | 16:21 |
| **imagine(1)** | 17:19 |
| **impinge(1)** | 16:12 |
| **implement(2)** | 22:13 23:1 |
| **important(4)** | 14:24 18:24 19:6 20:1 |
| **improper(2)** | 15:11 15:14 |
| **inaccurately(1)** | 26:11 |
| **inappropriate(1)** | 18:12 |
| **inc(2)** | 6:24 9:5 |
| **include(1)** | 26:7 |
| **included(2)** | 25:18 25:19 |
| **including(2)** | 13:6 26:9 |
| **inconsistent(1)** | 19:19 |
| **indemnification(1)** | 13:21 |
| **indicated(3)** | 21:25 22:7 25:19 |
| **information(2)** | 24:22 24:25 |
| **insofar(1)** | 11:18 |
| **insolvency(2)** | 17:10 18:5 |
| **insolvent(2)** | 17:2 17:2 |
| **intended(1)** | 26:7 |
| **intention(2)** | 25:17 26:17 |
| **internal(1)** | 26:10 |
| **into(4)** | 19:13 20:20 23:2 26:9 |
| **investment(1)** | 6:8 |
| **involved(3)** | 15:24 19:7 24:23 |
| **isn't(1)** | 17:5 |
| **issue(12)** | 10:10 10:18 11:7 11:22 12:14 18:3 22:19 23:9 23:10 26:4 27:6 27:6 |
| **issues(18)** | 10:2 10:22 10:23 10:24 11:4 12:13 12:16 12:19 13:2 13:10 20:13 21:2 21:23 22:1 22:2 22:3 22:11 25:14 |
| **it's(13)** | 12:12 14:3 14:19 14:22 15:5 17:9 17:23 18:25 19:18 22:2 23:5 23:7 25:5 |
| **item(13)** | 7:9 7:12 8:6 8:12 9:6 9:8 9:10 9:12 9:14 9:16 9:21 10:1 21:18 |
| **items(2)** | 9:2 9:20 |
| **its(1)** | 12:9 |
| **james(6)** | 1:24 1:25 2:38 3:9 10:7 14:17 |
| **jane(1)** | 4:46 |
| **january(1)** | 23:11 |
| **jenner(2)** | 6:28 11:15 |
| **jewel(1)** | 8:1 |
| **jillian(1)** | 4:13 |
| **jim(1)** | 21:21 |
| **johnston(1)** | 3:9 |
| **joint(1)** | 24:22 |
| **jointly(1)** | 1:6 |
| **jones(2)** | 5:45 5:45 |
| **joseph(2)** | 5:36 5:42 |
| **judge(1)** | 1:18 1:19 |
| **judgment(1)** | 13:11 |
| **judgments(1)** | 12:9 |
| **july(1)** | 1:13 7:1 27:24 |
| **juncture(1)** | 24:9 |
| **june(3)** | 10:19 10:25 22:7 |
| **just(17)** | 7:6 8:20 9:21 12:18 16:20 17:16 18:2 18:21 18:22 20:9 22:16 23:4 23:18 26:2 26:11 26:20 26:23 |
| **kalenchits(2)** | 5:20 5:20 |
| **kansa(1)** | 4:5 |
| **karen(1)** | 2:13 |
| **kavalis(1)** | 5:5 |
| **kaye(1)** | 4:45 |
| **kempner(1)** | 6:4 |
| **ken(1)** | 4:5 |
| **kevin(2)** | 1:18 4:9 |
| **kim(1)** | 4:38 |
| **kind(2)** | 9:2 16:9 |
| **king(1)** | 2:7 |
| **kline(1)** | 4:11 |
| **know(8)** | 8:16 16:18 17:4 19:4 19:9 24:19 25:21 26:23 |
| **krakauer(1)** | 4:7 |
| **landis(3)** | 2:24 2:25 27:4 |
| **language(5)** | 16:18 18:7 18:15 19:11 20:23 |
| **lantry(1)** | 4:9 |
| **largely(1)** | 18:24 |
| **last(3)** | 22:19 25:2 26:3 |
| **late(1)** | 8:1 |
| **later(6)** | 15:1 15:17 15:24 17:12 17:22 |
| **laughter(2)** | 21:13 27:11 |
| **launched(1)** | 25:11 |
| **law(6)** | 9:25 10:13 11:25 14:20 15:6 19:10 |
| **layton(1)** | 2:4 |
| **lbo(8)** | 11:20 12:21 13:3 13:22 13:24 14:24 16:23 17:5 |
| **least(3)** | 15:21 19:15 19:20 25:15 |
| **leave(1)** | 21:7 |
| **leaves(1)** | 9:20 |
| **leboeuf(1)** | 3:8 |
| **legitimate(1)** | 18:1 |
| **lemay(1)** | 3:24 |
| **leonard(1)** | 1:31 |
| **let(5)** | 9:21 15:18 18:17 20:23 26:2 |
| **let's(4)** | 16:21 |
| **let's(2)** | 21:19 |
| **lewis(2)** | 5:8 6:32 |
| **lexington(1)** | 2:14 |
| **liebentritt(1)** | 1:38 |
| **like(4)** | 18:2 18:16 20:19 23:12 |
| **likes(1)** | 19:24 |
| **limited(1)** | 25:5 |
| **list(3)** | 22:8 23:5 24:4 |
| **listed(1)** | 26:4 |
| **listen(2)** | 22:16 22:25 |
| **lists(1)** | 25:19 |
| **litigating(1)** | 17:20 |
| **litigation(5)** | 12:22 14:8 15:17 17:22 18:13 |
| **litvack(1)** | 5:26 |
| **live(1)** | 10:10 |
| **llc(2)** | 3:12 6:8 |
| **llp(15)** | 1:23 2:31 3:8 3:16 3:27 4:37 4:41 4:45 5:5 5:23 5:33 6:12 6:16 6:28 6:32 |
| **look(1)** | 16:23 |
| **lot(1)** | 21:11 |
| **ludwig(1)** | 4:13 |
| **luftglass(1)** | 2:13 |
| **lugano(1)** | 1:43 |
| **lynch(1)** | 4:45 |
| **made(6)** | 12:25 13:24 14:11 16:25 24:2 24:11 |
| **madeline(1)** | 4:48 |
| **majority(1)** | 24:5 |
| **make(16)** | 10:14 11:10 11:20 12:12 12:20 13:3 13:6 15:1 16:4 16:6 16:10 18:12 21:9 22:16 22:23 25:17 |
| **making(2)** | 15:14 21:4 |
| **management(5)** | 3:4 4:28 4:29 6:12 9:11 |
| **management't(1)** | 26:25 |
| **manges(2)** | 5:23 20:7 |
| **marbury(1)** | 7:13 |
| **marc(2)** | 2:32 3:17 |
| **marcia(1)** | 7:17 |
| **market(2)** | 1:10 2:27 |
| **material(3)** | 24:5 25:1 25:2 |
| **matter(4)** | 7:19 9:16 9:18 27:22 |
| **matters(1)** | 7:7 |
| **matthew(1)** | 4:29 |
| **mauceri(1)** | 5:9 |
| **maureen(1)** | 7:14 |
| **may(9)** | 10:14 11:19 14:5 14:6 14:13 24:14 26:19 |
| **maybe(1)** | 24:14 |
| **mayer(1)** | 4:41 |
| **mccarter(1)** | 5:39 |
| **mccormack(1)** | 3:23 |
| **mcmahon(1)** | 6:13 |
| **mean(2)** | 17:15 18:16 |
| **meaning(1)** | 16:20 |
| **means(2)** | 18:4 19:20 |
| **mechanical(1)** | 23:5 |
| **medellin(1)** | 12:6 |
| **meisel(1)** | 1:30 |
| **menachem(1)** | 6:33 |
| **merits(14)** | 10:15 11:20 12:21 13:2 13:23 14:23 15:2 15:16 16:19 17:5 17:7 17:20 17:22 18:4 |
| **merrill(2)** | 4:45 19:4 |
| **michael(1)** | 2:12 |
| **michelle(1)** | 6:13 |
| **michigan(1)** | 1:39 |
| **might(6)** | 11:10 15:24 16:6 16:21 20:21 |
| **mike(1)** | 6:21 |
| **miles(1)** | 4:15 |
| **miller(4)** | 12:4 12:7 15:10 19:10 |
| **miller's(1)** | 12:23 |
| **mischief(1)** | 21:4 |
| **mitch(1)** | 18:19 |
| **mitchell(1)** | 2:47 |
| **moment(1)** | 26:5 |
| **month(1)** | 20:14 |
| **more(4)** | 14:4 14:13 16:13 18:10 |
| **morgan(6)** | 2:4 4:37 5:8 5:23 6:32 20:8 |
| **most(3)** | 11:10 20:1 24:25 |
| **motion(8)** | 8:1 8:12 9:6 9:12 9:14 9:17 18:18 26:25 |
| **motions(2)** | 10:5 10:18 |
| **move(1)** | 21:18 |
| **much(2)** | 21:16 27:16 |
| **myers(1)** | 3:35 |
| **myrick(1)** | 4:17 |
| **narrowly(1)** | 18:10 |
| **nature(1)** | 14:22 |
| **need(2)** | 24:3 24:4 |
| **needed(1)** | 22:23 |
| **needs(1)** | 27:8 |
| **neel(1)** | 6:9 |
| **negotiating(1)** | 19:1 |
| **new(5)** | 2:15 2:34 2:49 3:35 6:32 |
| **news(5)** | 5:45 10:20 |
| **next(2)** | 8:22 24:10 |
| **nobody(1)** | 16:19 |
| **nobody's(1)** | 24:19 |
| **nomura(2)** | 5:4 5:4 |
| **non-confidential(1)** | 24:11 |
| **norman(1)** | 1:32 |
| **north(2)** | 1:39 2:7 |
| **not(25)** | 11:1 12:8 12:12 12:14 12:14 12:18 13:2 13:3 13:8 13:24 14:6 14:21 14:23 15:9 16:15 17:1 17:9 17:11 17:12 19:13 19:18 20:22 24:7 26:6 26:13 |
| **note(3)** | 12:4 12:6 13:14 |
| **noted(1)** | 8:2 |
| **noteholder(2)** | 22:7 26:1 |
| **noteholders(8)** | 11:2 22:10 22:22 22:22 23:19 26:8 26:8 26:20 |
| **nothing(3)** | 8:20 14:13 27:8 |
| **novod(1)** | 6:17 |
| **now(5)** | 12:10 16:11 21:24 22:12 23:2 |
| **npp(1)** | 19:17 |
| **number(1)** | 7:7 |
| **nuto(1)** | 15:7 |
| **o'melveny(1)** | 3:35 |
| **object(1)** | 14:7 |
| **objected(2)** | 15:21 24:20 |
| **objection(15)** | 7:9 7:12 7:16 7:21 7:23 8:6 8:10 9:3 9:11 10:16 11:8 11:11 11:17 11:21 13:21 |
| **objectionable(1)** | 13:14 |
| **objections(1)** | 20:12 |
| **obviously(2)** | 22:14 25:6 |
| **off(1)** | 24:4 |
| **offer(1)** | 14:13 |
| **offered(2)** | 23:19 23:20 |
| **official(4)** | 2:24 3:16 8:18 10:9 |
| **okay(9)** | 10:10 16:1 16:19 23:8 25:13 25:23 26:22 27:7 27:13 |
| **omnibus(8)** | 7:9 7:12 7:16 7:21 7:23 8:6 8:9 9:3 |
| **once(1)** | 16:13 |
| **one(16)** | 1:26 2:6 2:48 10:12 15:1 15:20 16:23 17:1 17:2 18:2 18:6 20:21 22:3 23:3 26:2 26:23 |
| **one-way(1)** | 19:13 |
| **ones(1)** | 26:18 |
| **only(7)** | 10:10 11:7 11:17 11:18 13:5 14:8 14:10 |
| **open(3)** | 10:2 22:1 23:10 |
| **opportunity(1)** | 17:16 |
| **opposed(1)** | 11:23 |
| **opposite(1)** | 18:11 |
| **order(35)** | 8:3 8:13 8:21 8:23 9:22 10:11 10:12 10:17 10:21 11:5 11:8 11:17 11:18 12:17 13:4 13:14 13:18 14:1 14:9 18:21 18:24 19:2 19:4 19:11 19:12 19:18 19:20 19:22 20:11 20:11 20:25 21:3 24:13 26:22 |
| **ordered(1)** | 7:14 |
| **orders(1)** | 9:2 |
| **other(11)** | 10:16 12:8 15:13 15:13 16:4 16:13 22:3 24:19 25:11 26:19 26:23 |
| **others(3)** | 19:17 19:25 26:10 |
| **otherwise(1)** | 20:21 |
| **ought(1)** | 22:11 |
| **our(9)** | 11:17 11:21 14:6 18:25 19:12 19:20 22:23 23:3 25:17 |
| **out(3)** | 14:6 22:3 27:6 |
| **outcome(1)** | 19:18 |
| **over(3)** | 10:5 14:8 20:14 |
| **own(1)** | 12:9 |
| **p.a(1)** | 1:31 |
| **p.m(3)** | 1:14 7:1 27:18 |
| **paragraph(7)** | 10:12 11:9 11:17 13:4 13:5 18:23 18:24 |
| **park(2)** | 2:48 3:16 |
| **parke(1)** | 2:31 |
| **part(5)** | 8:9 13:10 14:6 15:21 15:25 16:2 16:3 24:11 |
| **participated(1)** | 19:17 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| particular(1) 18:3 | | proposed(6) 8:21 9:22 10:11 11:8 12:17 13:18 | | respect(14) 7:10 7:13 7:17 7:21 7:24 8:7 8:10 8:11 9:4 9:16 10:11 11:8 16:24 24:24 | | situated(1) 13:11 | |
| parties(16) 8:14 13:6 14:25 15:13 15:17 15:23 16:4 16:15 16:25 18:11 21:2 21:5 22:5 22:12 22:15 26:3 | | | | | | situation(1) 19:23 | |
| | | proprietary(1) 26:10 | | respond(2) 11:11 14:12 | | sizeable(1) 22:8 | |
| partners(3) 6:4 6:20 6:20 | | protection(1) 24:5 | | response(4) 20:17 20:18 27:1 27:15 | | snyder(1) 9:9 | |
| partnership(1) 24:23 | | protective(1) 8:13 | | rest(1) 25:9 | | solvency(1) 17:10 | |
| party(2) 12:19 17:19 | | provided(2) 19:11 22:8 | | resulting(1) 15:24 | | solves(1) 20:21 | |
| parver(1) 4:46 | | providing(1) 19:3 | | retirement(1) 6:33 | | some(8) 10:20 15:4 15:13 21:9 22:14 23:1 24:7 25:13 | |
| past(1) 24:17 | | public(1) 24:12 | | reviewing(1) 17:3 23:18 | | | |
| paul(1) 3:39 | | publish(1) 24:10 | | revised(2) 8:23 11:5 | | somebody(2) 17:16 18:2 | |
| peg(1) 5:46 | | published(3) 25:4 25:21 26:6 | | richards(1) 2:4 | | somehow(1) 15:15 | |
| pennock(1) 3:41 | | purpose(4) 11:19 12:21 14:2 15:19 | | rifkind(1) 3:39 | | someone(1) 21:3 | |
| pennsylvania(1) 1:47 | | purposes(4) 9:24 11:4 11:22 16:22 | | right(9) 8:25 11:3 13:16 13:21 17:9 18:17 21:15 23:2 26:15 | | something(2) 17:17 18:25 | |
| people(8) 23:3 23:4 23:13 24:3 24:6 25:6 25:10 26:19 | | put(1) 26:13 | | | | sometime(1) 24:10 | |
| | | putting(1) 23:5 | | rise(1) 7:2 | | somewhat(1) 16:19 | |
| period(1) 9:13 | | | | risk(1) 14:1 | | soon(1) 23:7 | |
| permit(1) 19:10 | | quash(1) 27:1 | | rms(1) 8:7 | | sort(1) 17:7 | |
| permitting(1) 18:11 | | questions(4) 10:4 14:12 21:24 23:13 | | robby(1) 7:10 | | sottile(17) 2:38 10:7 10:8 11:13 11:16 14:17 14:18 15:18 16:2 16:16 17:6 17:11 17:18 20:10 21:6 21:14 21:25 | |
| pernick(3) 1:32 7:5 9:1 | | quickly(1) 7:7 | | rockefeller(1) 2:33 | | | |
| perspective(1) 26:6 | | quite(1) 14:19 | | rodney(1) 2:6 | | | |
| peter(1) 4:38 | | quoted(2) 12:5 12:7 | | roitman(1) 2:32 | | sound(2) 1:52 27:21 | |
| pettibone(1) 12:3 | | | | ross(1) 4:19 | | south(1) 1:26 | |
| pick(1) 16:21 | | rachel(1) 5:9 | | rudnick(1) 6:16 | | spaeder(5) 2:37 3:27 8:18 10:8 14:18 | |
| plan(11) 12:10 12:17 13:1 15:19 16:24 19:16 19:17 22:8 23:20 24:18 26:1 | | raise(1) 26:24 | | rule(4) 11:22 12:11 12:11 12:22 | | special(1) 10:8 | |
| | | raised(2) 20:12 22:19 | | rules(1) 13:19 | | specifically(1) 12:7 | |
| planning(1) 19:5 | | range(1) 26:13 | | run(1) 7:6 | | spoke(1) 27:5 | |
| plans(1) 16:23 | | rath(7) 2:24 2:26 27:3 27:4 27:4 27:8 27:12 | | russano(1) 2:12 | | square(1) 2:6 | |
| plaza(1) 2:33 | | | | | | stand(2) 17:25 27:17 | |
| pleasure(1) 11:9 | | rather(1) 23:17 | | saavedera(1) 20:7 | | stanley(1) 5:23 20:8 | |
| plvtz(1) 9:5 | | reached(1) 8:3 | | saavedra(2) 5:24 20:6 | | started(1) 22:25 | |
| podium(1) 8:15 | | read(1) 7:18 | | sachs(2) 5:29 5:29 | | state(1) 6:32 | |
| point(1) 20:2 | | readings(1) 15:11 | | said(2) 16:13 22:17 | | states(4) 1:1 1:19 12:5 25:12 | |
| points(2) 18:22 22:15 | | reality(1) 18:9 | | same(1) 12:14 | | status(4) 7:14 10:1 21:21 21:22 | |
| polk(2) 2:11 4:37 | | really(7) 8:20 15:2 19:21 20:1 22:1 23:3 25:5 | | say(4) 14:21 15:8 16:11 16:17 16:24 16:24 18:2 22:14 | | ste(1) 2:20 | |
| position(1) 24:9 | | | | | | stearn(1) 2:5 | |
| post-trial(1) 11:1 | | reasonable(2) 16:25 17:4 | | | | step(3) 16:23 17:1 18:5 | |
| posted(1) 23:24 | | reasons(1) 14:3 | | saying(3) 12:7 19:5 27:1 | | steven(1) 9:7 | |
| potential(2) 26:7 26:13 | | recall(2) 10:24 16:3 | | scholer(1) 4:45 | | stipulation(2) 7:18 9:6 | |
| ppearances(2) 1:21 2:1 | | received(1) 26:24 | | schott(1) 6:21 | | stores(1) 8:1 | |
| precisely(1) 15:6 | | recently(1) 12:5 | | schotz(1) 1:30 | | strauss(3) 2:45 4:32 25:25 | |
| preclude(1) 12:19 | | recess(1) 27:17 | | schultze(2) 26:25 27:5 | | street(6) 1:10 1:46 2:7 2:27 2:40 19:13 | |
| precluded(1) 14:1 | | reciprocal(1) 19:22 | | schuylkill(1) 1:46 | | stress(1) 20:2 | |
| precludes(1) 14:9 | | record(7) 19:6 20:9 21:24 23:12 24:12 25:25 26:11 | | scott(2) 5:13 5:30 | | struggling(1) 17:18 | |
| preclusion(5) 11:22 11:23 12:9 13:19 13:16 13:25 14:4 14:10 15:4 | | | | seated(1) 7:2 | | stuff(3) 24:19 25:9 26:19 | |
| preclusive(9) 11:24 12:15 12:24 13:8 13:16 13:25 14:4 14:10 15:4 | | recorded(1) 1:52 | | second(14) 9:17 11:24 12:15 12:24 13:7 13:9 13:10 13:11 13:13 13:16 14:5 14:11 23:10 24:22 | | subject(1) 11:9 | |
| | | recording(2) 1:52 27:21 | | | | submission(3) 19:15 21:10 25:18 | |
| prejudge(1) 14:4 | | records(1) 9:21 | | | | submit(5) 8:14 8:23 14:22 18:12 23:7 | |
| prejudiced(1) 16:10 | | recovery(1) 8:7 | | section(2) 12:4 15:10 | | submitted(1) 11:5 18:22 22:21 | |
| prerogatives(1) 16:12 | | reed(1) 5:34 | | securities(3) 5:4 5:4 6:8 | | subsequent(1) 12:21 | |
| presentation(1) 21:25 | | reflect(2) 19:7 20:9 26:12 | | see(5) 20:19 23:6 23:14 23:14 23:15 | | substantia(1) 24:2 | |
| presented(2) 19:2 20:13 | | reflected(1) 11:16 | | seeking(2) 11:19 14:9 | | substantive(1) 16:5 | |
| prevalent(1) 24:25 | | regard(1) 25:1 | | seeks(1) 13:18 | | substitute(1) 18:15 | |
| prevent(1) 15:13 | | regarding(1) 10:2 | | seem(1) 13:1 | | such(4) 13:4 13:6 13:25 15:25 | |
| priced(1) 21:12 | | relate(4) 10:15 11:20 12:20 17:7 | | seems(1) 16:15 | | suggest(5) 11:10 13:1 17:12 21:1 21:1 | |
| primofi(1) 4:48 | | related(3) 10:2 13:2 22:20 | | seife(1) 3:21 | | suggested(3) 18:16 20:23 21:5 | |
| probably(1) 24:13 | | relates(1) 13:23 | | sense(1) 11:10 | | suggesting(2) 22:9 23:13 | |
| problem(1) 18:11 | | relating(4) 16:18 17:4 24:17 24:22 | | sensitive(1) 25:4 | | suggestion(1) 21:4 | |
| problematic(2) 26:19 26:20 | | relation(1) 13:22 | | service(4) 1:45 1:53 9:15 9:18 | | suggestions(1) 21:4 | |
| problems(1) 20:21 | | relief(1) 27:2 | | services(1) 1:45 5:16 7:10 7:24 8:7 | | suggests(1) 17:16 | |
| proceeding(3) 19:24 20:22 25:10 | | rely(1) 12:10 | | set(4) 10:18 11:10 11:21 12:1 | | suite(1) 1:33 2:27 2:41 | |
| proceedings(7) 1:17 1:52 10:15 14:23 15:16 25:11 27:22 | | relying(1) 15:25 | | sets(1) 25:14 | | support(1) 17:21 20:11 | |
| | | remaining(1) 10:23 21:23 | | setting(2) 18:8 23:22 | | supports(1) 18:21 | |
| process(3) 19:8 23:2 23:18 | | remember(1) 23:10 | | settlement(4) 7:18 8:3 17:1 17:3 | | supreme(1) 12:5 | |
| produced(1) 1:53 | | removal(1) 9:12 | | seventh(1) 12:2 | | suspect(1) 17:24 | |
| progress(1) 24:2 | | rendered(1) 17:7 | | shamah(1) 3:36 | | sustain(1) 13:20 | |
| prolonged(1) 20:22 | | report(4) 21:21 21:22 23:23 26:3 | | shannon(1) 3:41 | | suttonbrook(2) 3:3 3:3 | |
| proof(2) 8:2 9:7 | | reporter(6) 22:13 22:14 22:16 22:21 22:25 23:4 | | sheet(2) 23:6 25:18 | | sweeps(1) 18:9 | |
| proper(1) 17:19 | | | | shop(1) 23:4 | | | |
| proponents(10) 12:10 12:17 13:1 15:20 19:16 19:17 22:8 23:20 24:18 26:1 | | representing(1) 20:7 | | should(12) 10:20 12:4 13:2 13:7 13:8 13:8 14:4 15:3 16:23 17:12 18:4 27:1 | | take(1) 16:20 | |
| | | requested(1) 27:2 | | | | talent(1) 21:12 | |
| | | reserve(1) 11:3 | | side(2) 19:25 26:8 | | tape(2) 22:16 22:25 | |
| | | reserved(1) 10:24 | | sidley(1) 1:23 4:4 | | tax(1) 9:10 | |
| | | resolve(2) 8:22 25:15 | | sign(2) 21:3 24:3 | | technical(1) 7:19 | |
| | | resolved(4) 11:4 21:25 22:11 25:14 | | signed(1) 26:22 | | technically(1) 8:4 | |
| | | resolves(2) 10:22 20:12 | | similar(1) 23:23 | | telephonic(5) 3:1 4:1 5:1 6:1 22:20 | |
| | | | | simply(3) 12:22 14:3 21:21 | | tell(5) 10:20 12:14 12:15 21:3 25:6 | |
| | | | | | | tend(1) 17:14 | |
| | | | | | | tenth(1) 7:9 | |
| | | | | | | term(1) 17:23 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**terms**(1) 12:23
**texas**(1) 12:6
**than**(4) 12:18 16:13 21:4 23:17
**thank**(13) 11:13 14:15 14:17 20:2 20:4 20:14 20:15 21:6 21:14 21:16 25:22 27:12 27:16
**that**(164) 7:7 7:19 8:4 8:5 8:11 8:13 8:13 8:16 8:21 9:16 9:18 9:19 9:20 10:10 10:15 10:18 10:18 10:21 10:22 10:25 11:10 11:18 11:20 11:22 11:25 12:10 12:12 12:12 12:16 12:20 12:20 12:22 12:25 13:1 13:9 13:11 13:13 13:14 13:17 13:21 13:23 13:23 13:25 14:1 14:4 14:5 14:9 14:10 14:12 14:20 14:22 14:24 15:1 15:1 15:6 15:6 15:8 15:15 15:16 16:1 16:2 16:3 16:4 16:6 16:6 16:9 16:12 16:14 16:15 16:18 16:21 16:25 17:1 17:3 17:4 17:4 17:6 17:14 17:15 17:23 18:2 18:4 18:5 18:9 18:10 18:11 18:14 18:15 18:16 18:24 18:25 18:25 19:1 19:2 19:2 19:7 19:9 19:11 19:12 19:15 19:18 19:19 19:22 19:22 20:9 20:10 20:11 20:12 20:12 20:24 21:3 21:4 21:12 21:12 21:20 21:23 22:3 22:5 22:9 22:10 22:18 22:19 22:20 22:23 23:6 23:7 23:16 23:19 23:20 23:24 23:25 23:25 24:2 24:3 24:4 24:8 24:9 24:10 24:14 24:19 24:23 25:1 25:23 25:5 25:11 25:18 25:20 26:5 26:7 26:9 26:9 26:12 26:13 26:17 26:18 26:19 26:21 26:23 27:1 27:8 27:10 27:16 27:20

**that's**(13) 7:18 7:18 11:7 13:23 15:12 17:7 20:1 22:24 23:9 23:9 26:16 26:20 27:2

**the**(301) 1:1 1:2 1:18 7:2 7:3 7:6 7:9 7:10 7:11 7:14 7:16 7:19 7:22 7:23 7:24 8:2 8:4 8:6 8:7 8:9 8:10 8:12 8:12 8:14 8:14 8:15 8:18 8:21 8:22 8:25 9:2 9:3 9:4 9:4 9:6 9:6 9:8 9:10 9:12 9:12 9:14 9:14 9:17 9:17 9:19 9:22 10:2 10:4 10:5 10:6 10:8 10:10 10:11 10:11 10:12 10:15 10:15 10:16 10:17 10:20 10:23 10:24 11:1 11:2 11:3 11:15 11:5 11:7 11:8 11:9 11:12 11:17 11:20 11:20 11:21 11:24 12:1 12:2 12:5 12:5 12:6 12:7 12:8 12:10 12:10 12:13 12:14 12:15 12:16 12:17 12:21 12:21 12:22 12:25 13:1 13:2 13:3 13:4 13:6 13:7 13:9 13:10 13:10 13:11 13:12 13:15 13:16 13:17 13:23 13:23 13:23 13:24 14:1 14:4 14:7 14:11 14:12 14:15 14:15 14:18 14:19 14:22 14:23 14:24 14:24 14:25 15:2 15:5 15:6 15:7 15:8 15:9 15:12 15:16 15:18 15:19 15:19 15:19 15:22 15:25 16:3 16:3 16:11 16:12 16:17 16:18 16:19 16:23 16:24 16:25 17:3 17:3 17:5 17:7 17:7 17:7 17:9 17:14 17:20 17:20 17:22 17:23 17:24 17:25 18:2 18:3 18:4 18:6 18:7 18:7 18:10 18:14 18:21 18:22 18:23 18:24 19:3 19:6 19:7 19:9 19:9 19:11 19:11 19:15 19:16 19:16 19:18 19:20 19:22 20:1 20:4 20:9 20:11 20:12 20:13 20:13 20:15 20:18 20:19 20:20 20:20 20:23 21:2 21:5 21:7 21:8 21:8 21:10 21:11 21:11 21:15 21:19 21:22 21:23 21:24 21:24 22:3 22:5 22:5 22:7 22:10 22:12 22:12 22:13 22:15 22:15 22:16 22:19 22:19 22:20 22:21 22:22 22:22 22:22 23:1 23:4 23:5 23:7 23:3 23:3 23:4 23:4 23:5 23:7 23:9 23:10 23:11 23:12 23:12 23:14 23:14 23:15 23:18 23:19 23:19 23:19 23:20 23:21 23:21 23:23 23:25 24:1 24:5 24:5 24:8 24:8 24:12 24:13 24:16 24:17 24:17 24:18 24:18 24:20 24:22 24:23 24:25 25:2 25:3 25:9 25:9 25:11 25:13 25:18 25:19 25:22 25:24 26:1 26:3 26:5 26:7 26:8 26:8 26:11

**the**(21) 26:12 26:13 26:15 26:17 26:18 26:20 26:22 26:22 26:24 26:25 27:2 27:4 27:7 27:10 27:13 27:16 27:18 27:20 27:2 27:21 27:22

**their**(2) 16:10 17:22
**them**(6) 16:7 19:24 21:1 21:2 23:17 25:15
**then**(5) 9:1 10:1 11:11 13:4 23:22
**there**(11) 7:7 10:24 16:6 22:1 22:3 22:6 24:13 24:14 26:19 27:8 27:13

**there's**(6) 7:17 8:3 10:16 22:12 24:23 25:7
**therefore**(3) 15:2 16:7 17:2
**these**(5) 10:14 14:23 15:15 20:13 24:17
**they**(12) 11:3 16:4 16:7 16:9 16:9 19:7 22:9 22:23 22:24 24:6 24:6 24:15

**they're**(2) 19:5 19:5
**they've**(1) 22:17
**thing**(5) 12:14 17:8 20:2 23:7 26:23
**think**(19) 9:21 10:10 10:22 11:7 15:5 16:2 17:6 18:15 19:19 20:1 20:20 20:21 22:6 23:2 23:11 24:4 24:9 25:4 26:6

**third**(2) 12:1 15:5
**thirty-third**(2) 8:9 9:3
**this**(42) 10:14 11:19 12:18 12:19 12:20 13:1 13:3 13:5 13:14 13:15 13:16 13:17 13:20 14:5 14:13 14:20 14:23 14:25 15:13 15:22 16:6 16:9 16:17 16:20 17:21 18:12 18:18 19:2 19:3 19:8 19:12 19:25 20:2 20:9 21:20 21:21 23:3 25:10 26:4 27:5 27:6 27:22 27:17

**thomas**(3) 2:19 3:23 4:19
**those**(19) 10:5 10:21 10:25 11:4 13:8 14:2 14:3 21:4 22:2 22:11 22:11 22:13 22:14 23:25 25:6 25:8 25:8 25:14 26:12

**though**(1) 19:12
**thought**(5) 7:6 16:21 19:6 20:19 20:24
**three**(5) 24:15 24:16 26:4 26:12 26:18
**through**(4) 7:6 22:9 23:5 24:10
**thursday**(1) 9:19
**time**(5) 9:15 9:18 14:14 20:13 22:22
**today**(3) 19:5 26:24 27:14
**together**(1) 23:6
**togut**(1) 9:4
**too**(1) 18:9
**traci**(1) 27:25
**traditional**(1) 13:19
**transaction**(2) 16:24 17:5
**transactions**(1) 18:6
**transcriber**(1) 27:25
**transcript**(6) 1:17 1:53 22:4 23:14 23:21 27:21

**transcription**(2) 1:45 1:53
**transcripts**(1) 23:16
**trehan**(1) 4:42
**trial**(4) 9:23 10:17 10:23 10:25
**tribune**(6) 1:8 1:37 4:4 4:22 4:22 23:11
**trust**(2) 5:8 6:16
**trustee**(1) 9:4
**trying**(2) 11:12 24:8
**tuesday**(1) 7:1
**turn**(3) 10:4 14:6 19:13
**twenty-fourth**(1) 7:12
**twenty-seventh**(1) 7:16
**two**(5) 8:22 9:20 10:5 22:3 25:19
**ubs**(2) 6:8 6:8
**ultimately**(2) 14:8 14:10
**under**(6) 8:23 11:6 14:19 15:5 22:22 24:15
**underlying**(3) 10:15 14:24 17:20
**understanding**(4) 19:1 19:14 19:20 22:23
**understood**(1) 15:21
**undertook**(1) 23:18
**unfair**(2) 14:4 19:19
**united**(4) 1:1 1:19 12:5 25:11
**unless**(1) 10:4

**unnecessarily**(1) 10:22
**unnecessary**(1) 13:4
**unsecured**(4) 2:25 3:17 8:19 10:9
**until**(1) 8:5
**upon**(3) 12:11 13:12 14:7
**usdr**(1) 7:22
**use**(9) 10:13 11:19 12:23 14:2 15:14 17:2 18:12 19:23 25:10

**used**(2) 16:7 17:12
**uses**(1) 9:24
**using**(2) 12:20 19:11
**vail**(1) 6:29
**various**(3) 23:13 24:18 25:10
**vast**(1) 24:5
**ventura**(1) 12:2
**very**(4) 7:6 18:21 21:16 27:16
**views**(1) 16:14
**violates**(1) 12:22
**von**(1) 7:13

**walker**(1) 7:25
**want**(4) 8:16 20:18 25:4 26:11
**wanted**(5) 16:8 16:20 18:23 26:11 26:24
**wardwell**(1) 4:37
**was**(27) 9:1 9:18 9:19 12:4 13:25 15:21 16:2 16:4 16:6 16:25 17:1 17:3 17:20 18:23 18:24 18:25 19:2 19:6 19:11 19:14 19:15 19:21 22:17 23:11 23:22 25:17 27:18
**washington**(1) 2:42
**wasn't**(2) 23:24 26:17
**way**(3) 15:16 21:9 23:10
**we'd**(1) 13:14
**we'll**(9) 7:19 8:4 8:22 8:23 21:7 23:7 24:9 25:6 25:8

**we're**(7) 14:8 15:12 20:10 22:6 24:8 27:5 27:6

**we've**(9) 8:20 10:21 22:9 23:1 24:2 24:3 24:7 24:21 24:25

**week**(3) 22:19 24:9 24:10
**weil**(5) 5:23 20:7
**weiss**(1) 3:39
**weitman**(1) 4:23
**well**(4) 15:18 18:14 23:13 25:8
**wells**(2) 5:12 7:11
**went**(1) 22:25
**were**(17) 10:18 10:18 10:24 10:25 11:1 11:3 13:20 13:25 15:2 18:10 19:3 19:7 20:13 22:9 22:22 24:1 25:20

**weren't**(1) 15:23
**we've**(1) 11:21
**wharton**(1) 3:39
**what**(24) 11:24 12:15 12:24 13:7 14:7 14:20 14:21 14:21 15:8 15:9 18:12 19:14 19:20 20:25 21:3 22:1 22:17 23:6 23:16 23:23 23:24 24:10 25:6

**what's**(1) 18:16
**when**(2) 14:10 25:14
**where**(9) 11:2 12:6 17:19 18:1 18:9 19:23 21:22 23:24 24:23

**whereupon**(1) 27:18
**whether**(2) 16:22 21:7
**which**(18) 8:12 9:16 9:22 10:12 10:17 10:20 11:5 12:2 12:3 12:4 12:11 13:6 13:10 15:20 20:13 20:21 24:5 25:19

**while**(1) 18:7
**white**(1) 5:12
**who**(4) 15:23 16:25 17:20 19:17
**why**(1) 22:24
**will**(13) 10:23 13:9 15:1 16:17 19:13 20:25 21:9 21:12 23:6 25:9 25:21 25:21 27:17

**willette**(1) 7:17
**willingness**(1) 19:21
**wilmington**(7) 1:11 1:34 2:8 2:21 2:28 6:16 7:1

**wilson**(1) 6:25
**wires**(1) 5:45
**wise**(1) 14:6
**wish**(3) 18:17 20:4 20:15
**wished**(1) 11:3
**with**(39) 7:9 7:13 7:16 7:21 7:23 8:7 8:10 8:11 9:3 9:16 9:20 10:10 10:14 11:7 16:17 16:24 17:14 18:18 18:20 19:1 19:2 19:9 19:20 20:10 20:23 21:6 21:9 22:8 22:10 22:12 23:1 23:18 23:21 23:23 24:6 24:7 24:24 25:5 27:5

**withheld**(3) 24:14 25:1 25:20
**withholding**(1) 24:20
**without**(1) 15:22
**womble**(1) 2:18
**words**(1) 15:9
**work**(1) 23:4
**working**(3) 22:12 26:3 27:6
**would**(24) 11:9 11:18 13:5 14:1 15:16 16:7 17:6 17:12 17:19 17:24 18:1 18:10 18:11 18:15 19:19 19:19 19:22 20:1 20:9 23:25 25:3 26:6 26:12 26:13

**wouldn't**(2) 16:9 19:23
**wouldn't**(1) 25:4
**wright**(5) 12:4 12:7 12:23 15:10 19:10
**writing**(1) 25:16
**written**(1) 19:15
**wrong**(2) 14:1 15:25
**www.diazdata.com**(1) 1:49
**yes**(1) 9:21
**yesterday**(3) 10:22 11:6 26:24
**yet**(3) 18:8 18:14 20:22
**yield**(1) 8:15
**york**(5) 2:15 2:34 2:49 3:35 6:32
**yospe**(1) 3:40
**you**(32) 8:16 11:13 14:15 14:17 15:2 15:10 16:16 16:18 17:4 17:15 18:2 19:9 19:13 20:2 20:4 20:14 20:15 21:6 21:14 21:16 21:21 22:12 22:19 23:16 23:17 24:19 25:15 25:15 25:22 26:23 27:12 27:16

**you'll**(1) 23:10
**you're**(3) 14:21 14:21 15:6
**you've**(2) 15:16 24:16
**your**(41) 7:5 7:5 8:17 9:1 9:19 10:7 10:10 11:13 11:14 11:16 14:17 14:19 15:2 15:3 15:3 15:12 15:14 15:15 16:2 16:16 17:6 17:11 17:18 17:23 18:8 18:19 19:2 19:10 19:12 19:15 20:2 20:6 21:6 21:14 21:16 21:17 22:7 25:24 26:16 27:3 27:12

**zell**(9) 10:11 11:10 11:15 11:18 13:7 19:16 19:18 19:18 19:23

**zell's**(2) 11:8 13:20
**zelmanovitz**(1) 6:33
**zensky**(2) 2:46 25:24 25:25 26:16
**zloto**(1) 4:29
**zuckerman**(5) 2:37 3:27 8:18 10:8 14:18