**JENNER&BLOCK**

July 29, 2011

Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654-3456
Tel 312 222-9350
www.jenner.com

Chicago
Los Angeles
New York
Washington, DC

The Honorable Kevin J. Carey
U.S. Bankruptcy Court, District of Delaware
824 North Market Street
Wilmington, Delaware 19801

David J. Bradford
Tel  312 923-2975
Fax  312 840-7375
dbradford@jenner.com

Re:   In re Tribune Company, et al., 08-13141(KJC)

Dear Judge Carey:

Pursuant to agreement with Plan Proponents as to process, Mr. Zell and EGI-TRB submit, as Exhibit A to this letter, an alternative proposed Order in conjunction with their objection to paragraph 4 of the Order Concerning Admissibility of Certain Trial Exhibits and Precluding Use of Findings of Fact and Conclusions of Law. Only the title of the Order and paragraph 4 have been modified relative to the original order submitted by Plan Proponents. This Court has made clear that it is not deciding the merits of the LBO claims and that no party should assert otherwise as a basis for preclusion in another matter; the enclosed proposed Order reflects that ruling. We believe there is no dispute between the parties that this Court can make clear that it is not deciding an issue (and therefore has issued no preclusive findings as to that issue).

However, we understand the Plan Proponents' alternative Order to go one step further and dictate to a second court what preclusion consequences to give to this Court's findings, even if this Court's findings are made for purposes other than determining the merits of the LBO claim. We believe such an Order will only result in collateral litigation over this Court's authority to dictate preclusion consequences. As a non-controversial illustration, at proposed finding 36, the Noteholders ask for a finding that "on May 30, 2006, Tribune announced that it would execute a leveraged recapitalization transaction via modified Dutch Auction tender offer." If this Court made that finding as part of approving the Noteholders' Plan, and the Noteholders were later to deny this fact in LBO litigation, the parties should at least be allowed to assert that the Noteholders are estopped from contending otherwise, either by judicial estoppel or issue preclusion. A later court, not this Court, should determine the merits of that estoppel argument based on all relevant facts and circumstances, including that this Court was not deciding the merits of the LBO claims.

Thank you for your consideration.

Sincerely,

David J. Bradford

DJB:fms
Enclosure
cc:   All Counsel of Record

# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |
| | Ref Nos. 9150, 9153, 9157, 9464, 9501, 9537, 9540 |

## [PROPOSED] ORDER CONCERNING ADMISSIBILITY OF CERTAIN TRIAL EXHIBITS FOR CANVASSING PURPOSES AND USE OF FINDINGS OF FACT AND CONCLUSIONS OF LAW IN OTHER MATTERS

Upon consideration of the (1) Motion of the Noteholder Plan Proponents to Admit Certain Documents [Docket No. 9157] (the "Noteholder Exhibit Motion"), and accompanying Declaration of Mitchell Hurly and the exhibits attached thereto ("Hurley Declaration"), (2) Supplemental Motion of Wilmington Trust Company, as Successor Indenture Trustee for the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Phones Notes, and One of Noteholder Plan Proponents, Concerning the Admission of Certain Documents [Docket No. 9153] (the "WTC Exhibit Motion"), and accompanying Declaration of Martin Siegel and Exhibits attached thereto ("Siegel Declaration"), (3) the DCL Plan Proponents' Motion to Admit DCL Exhibits 3-95, 384, 435 and 1323 into Evidence for All Purposes [Docket No. 9150] (the "DCL Proponents Exhibit Motion" and together with the Noteholder Exhibit Motion and the WTC Exhibit Motion, the "Exhibit Motions"),[2] the Court approves the agreement of the DCL Plan Proponents and the Noteholder Plan Proponents (collectively, the "Plan Proponents") concerning admissibility of certain Exhibits and preclusion of use of findings of fact and conclusions of law in other matters and

IT IS HEREBY ORDERED as follows:

1. By stipulation of the Plan Proponents, the Noteholder Exhibits identified in the Hurley Declaration and in the Siegel Declaration and DCL Exhibits 435 and 1323 (the "Disputed Exhibits") are hereby admitted into evidence, and may be considered by the Court, for the purpose of canvassing the legal and factual issues and to evaluate whether the proposed settlements (the "DCL Plan Settlement") included in the Second Amended Joint Plan of Reorganization For Tribune Company And Its Subsidiaries (as Modified April 26, 2011) [Docket No. 8769] (the "DCL Plan") are reasonable and satisfy the factors set forth in *Myers v. Martin (In re Martin)*, 91 F.3d 389 (3d. Cir. 1996) and any other applicable confirmation or settlement standards (collectively, the "Applicable Standards"), and may be relied upon by the Court in making findings as to whether or not the DCL Plan Settlement is reasonable and satisfies the Applicable Standards, including in connection with the Court's consideration of the probability

---

[2] As set forth in the June 6, 2011 Certification of Counsel Regarding Order Modifying the Order Establishing Procedures Related to the Post-Confirmation Hearing Admission of Evidence and Resolution of Evidentiary Objections ("Certification"), the parties agreed that the Exhibit Motions would be limited to disputes concerning exhibits cited in the parties' respective post-hearing opening and reply briefs, and further agreed that any motions regarding exhibits not cited in any of the parties' post-hearing opening and reply briefs, and responses thereto, will be filed and heard by the Court on a schedule to be agreed by the parties, subject to the approval of the Court, following resolution of the Exhibit Motions (the "Supplemental Exhibit Procedures"). Certification ¶¶ 3-4.

of success of the Released LBO-Related Causes of Action (as defined in the DCL Plan) that are the subject of the DCL Plan Settlement. However, the Disputed Exhibits may not be used to support specific findings of fact or conclusions of law that go beyond whether the DCL Plan Settlement is reasonable and satisfies the Applicable Standards.

2. This Order does not limit the admissibility of the Disputed Exhibits or any other documents admitted pursuant to, and for the purposes specified in, this Court's May 6, 2011 Order Establishing Procedures Related to the Post-Confirmation Hearing Admission of Evidence and Resolution of Evidentiary Objections [Docket No. 8835] (the "Evidentiary Order"), which Evidentiary Order remains in effect and is not modified by this Order. In addition, this Order does not limit the admissibility of opinions or inferences formed by experts based in whole or in part on any of the Disputed Exhibits, nor does this Order limit the purposes for which the Court may use such opinions or inferences.[3]

3. The DCL Proponents' Exhibit Motion is withdrawn as to DCL Exhibit 384 (which does not affect its admissibility for purposes other than the truth of the statements contained therein pursuant to the Evidentiary Order). The Noteholders' objection to DCL Exhibits 3-95 (minutes of meetings of the Official Committee of Unsecured Creditors (the "Committee")) is withdrawn based on the DCL Plan Proponents' agreement to limit the purpose for which such exhibits are offered. DCL Exhibits 3-95 are admitted as records of regularly conducted activity under Federal Rule of Evidence 803(6) offered for the purpose of establishing that the minutes reflect the activities of the Committee recorded therein and the dates of the

---

[3] The Noteholder Plan Proponents and Wilmington Trust Company ("WTC") argue that certain Disputed Exhibits, while not presumptively admissions of a party opponent within the meaning of paragraph 2 of the Evidentiary Order, are in fact admissible for all purposes. Those Exhibits are NPP 225, 414, 1016, 1049, 1070, 1619, 2314 and 2315 (the "Additional DCL Documents"). The Additional DCL Documents are admissible for the canvassing and other purposes described in this Order, as well as for the purposes set forth in the Evidentiary Order. The parties reserve their rights with respect to whether the Additional DCL Documents are also admissible for additional purposes, and have agreed that such question may be resolved in connection with the Supplemental Exhibit Procedures.

Committee meetings reflected in the minutes, but they are not admitted to prove the truth of any hearsay statements embedded therein.

4. This Court is not deciding the merits of the LBO-Related Causes of Action (as defined in the DCL Plan) and no party shall assert otherwise in any other pending or future action (including without limitation in the currently pending *Official Committee of Unsecured Creditors of Tribune Co. v. FitzSimons et al.*, Adv. Pro. No. 10-54010-KJC, any other adversary proceeding, any Disclaimed State Law Avoidance Claim (as defined in the DCL Plan), or any State Law Avoidance Claims (as defined in the NPP Plan)) including, without limitation, as a basis for application of the doctrines of res judicata, collateral estoppel, law of the case or of any similar preclusive doctrine against any party to any such pending or future action. For the avoidance of doubt, this Order shall not enhance, limit or otherwise affect whether or how evidence or testimony adduced in discovery, during the confirmation hearing or otherwise in connection with these proceedings, may be used in any other action.

5. The Court shall retain jurisdiction, including following the entry of any order confirming a plan of reorganization in these cases, over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: _____, 2011

_____
The Honorable Kevin J. Carey
United States Bankruptcy Judge