

GRIPPO
&ELDEN

GRIPPO & ELDEN LLC
111 South Wacker Drive
Chicago, Illinois  60606
(312) 704-7700
FAX:       (312) 558-1195
               (312) 263-7356

To Call Writer Direct
(312) 704-7735
gdougherty@grippoelden.com

July 29, 2011

**By ECF Filing and Federal Express**

The Honorable Kevin J. Carey
Chief United States Bankruptcy Judge
824 North Market Street # 500
Wilmington, Delaware 19801

      Re:      *In re Tribune Company, et al.*, Case No. 08-13141 (Bankr. D. Del.) (KJC)
              Proposed Order Regarding Findings of Fact and Conclusions of Law

Dear Chief Judge Carey:

        Please find attached Certain Current and Former Directors and Officers'[1] suggested language concerning paragraph 4 of the proposed Order Concerning Admissibility of Certain Trial Exhibits for Canvassing Purposes and Precluding Use of Findings of Fact and Conclusions of Law in Other Matters.  (Exhibit A.)  Paragraph 4 is to address the potential preclusive effects of any findings of fact or conclusions of law that the Court may make as part of confirmation proceedings.

        Certain Current and Former Directors and Officers' suggested language addresses the Court's recently-stated concerns (1) that any findings or conclusions that the Court may make as part of confirmation proceedings should not be given preclusive effect in any LBO-Related Cause of Action, especially in light of the numerous third parties who were not fully involved in these confirmation proceedings; and (2) regarding the lack of clarity of the previously proposed orders.  Certain Current and Former Directors and Officers' suggested language is also consistent with applicable law, which allows a Court to disclaim the preclusive effects of its orders, as opposed to dictating the preclusive consequences of its own order.  *Compare* Sam Zell and EGI-TRB's Limited Objection to the Committee's Proposed Order Precluding Use of Findings of Fact and Conclusions of Law in Other Matters, Ex. B, at 2 *with* 18 Wright & Miller's *Federal Practice and Procedure* ("Wright & Miller"), § 4405 (2d ed. 2011) (stating that although a court

---

[1]     Harry Amsden, Stephen Carver, Dennis FitzSimons, Bob Gremillion, Don Grenesko, David Hiller, Tim Landon, Tom Leach, Luis Lewin, Mark Mallory, Dick Malone, Ruthellyn Musil, John Reardon, Scott Smith, John Vitanovec, Kathy Waltz, and David Williams.

1191008



**GRIPPO &ELDEN**

The Honorable Kevin J. Carey
July 29, 2011
Page 2

may not "*dictate* . . . to future courts" the preclusive effects of its findings, it may "*make an explicit and binding disclaimer of preclusion*") (emphasis added); *see also D'Amico v. CBS Corp.*, 297 F.3d 287, 293-94 (3d Cir. 2002), citing 18 Wright & Miller, § 4405 (2002) ("[a]lthough we may not 'dictate the preclusion consequences' of our decision to future courts, *we do have authority to make clear the limited scope of the District Court's decision*") (citations omitted, emphasis added); 18 Wright & Miller, § 4424.1 (a court that "foresees future litigation may seek to limit directly the possible preclusion consequences of its own judgment"). In sum, Certain Current and Former Directors and Officers' proposed language eliminates the language the Court previously found objectionable, protects absent third parties, and is consistent with applicable law.

Certain Current and Former Directors and Officers' changes to paragraph 4 were presented to the DCL Plan Proponents and rejected. Thank you for your consideration of them.

Sincerely,

George R. Dougherty
Counsel for Certain Current and Former
Directors and Offices of Tribune Company

GRD/jwm
Enclosure

1191008