# AKIN GUMP
## STRAUSS HAUER & FELD LLP
Attorneys at Law

**MITCHELL HURLEY**
212.872.1011/fax: 212.872.1002
mhurley@akingump.com

August 1, 2011

**VIA E-MAIL AND U.S. MAIL**

Honorable Kevin J. Carey
United States Bankruptcy Judge
United States Bankruptcy Court for the District of Delaware
824 Market Street, Fifth Floor
Wilmington, Delaware 19801

      Re:    **In re Tribune Company, Case No. 08-13141 (KJC)**

Dear Judge Carey:

      We represent Aurelius Capital Management, LP ("Aurelius") and submit for the Court's consideration a revised Amended Proposed Order Concerning Admissibility of Certain Trial Exhibits for Canvassing Purposes and precluding Use of Findings of Fact and Conclusions of Law in Other Matters (the "Aurelius Revised Proposed Order").[1]

      The Aurelius Revised Proposed Order seeks to address the concerns identified by the Court during the July 26, 2011 hearing (the "Evidence Order Hearing") regarding the July 25 Proposed Order. First, like the proposals submitted to the Court on July 29, 2011 by the DCL Plan Proponents, Certain Current and Former Directors and Officers ("D&Os") and Sam Zell and EGI-TRB (collectively "Zell"), the Aurelius Revised Proposed Order seeks to make explicit what was implicit in prior versions of the proposed order by providing that the Court will not finally determine the merits of the LBO-Related Causes of Action in connection with these confirmation proceedings. Second, like the DCL and D&O proposals – but unlike the Zell proposal – the Aurelius Revised Proposed Order focuses the Court's disclaimer concerning the use that may be made of any findings of fact and conclusions of law the Court may reach in these confirmation proceedings (the "Confirmation Findings") in other cases squarely on preclusion. The July 25 Proposed Order provided that Confirmation Findings could not be used "for any

---

[1] A clean copy of the Revised Proposed Order is attached hereto as Exhibit A. A redline copy comparing the Aurelius Revised Proposed Order with the language submitted to the Court in the Amended Proposed Order under certification of special counsel to the Unsecured Creditors' Committee on July 25, 2011 (the "July 25 Proposed Order") is attached hereto as Exhibit B.

AKIN GUMP
STRAUSS HAUER & FELD LLP
Attorneys at Law

August 1, 2011
Page 2

purpose" in any other pending or future action, while the Aurelius Revised Proposed Order provides only that the Confirmation Findings will not be used "as a basis for application of the doctrines of res judicata, collateral estoppels, claim or issue preclusion, law of the case or of any similar preclusive doctrine."

There is substantial agreement among the DCL Plan Proponents, the D&Os and Aurelius regarding the appropriate scope of the evidence order. Indeed, paragraph 4 of the Aurelius Revised Proposed Order is identical to the paragraph 4 language proposed by the DCL Plan Proponents on July 29, 2011 (the "DCL Proposal"), except for changes suggested by Aurelius to the first two sentences of that paragraph.[2] Aurelius submits that the change to the first sentence of paragraph 4 of the DCL Proposal is necessary to clarify that, while the Court will not "finally adjudicate the merits" of the LBO Related Causes of Action, the Court will "decide" the likelihood of success of the Released LBO-Related Causes of Action in connection with its Rule 9019 analysis. Aurelius' proposed change to the second sentence of paragraph 4 of the DCL Proposal is appropriate because it makes clear that any findings of fact or conclusions of law the Court makes with respect to the LBO-Related Causes of Action shall not be used as a basis for the application of any preclusive doctrine. In contrast, the DCL Proposal adds unnecessary ambiguity and suggests that findings of fact or conclusions of law the Court makes with respect to the LBO-Related Causes of Action may be used as a basis for application of various preclusive doctrines except "as to the merits of the LBO-Related Causes of Action."

The language proposed by Zell is inappropriate, and inconsistent with the Court's comments during the Evidence Order Hearing. Among other things, by inserting the phrase "no party" in the first sentence of paragraph 4, Zell continues to posit a one-sided regime that would preclude the Plan Proponents from using Confirmation Findings for any purpose at all, while arguably allowing Zell and others to use those findings for any purpose, including but not limited to preclusion. As noted during the Evidence Order Hearing, Aurelius would sooner have the Court excise paragraph 4 from the evidence order entirely than agree to language that creates non-reciprocal limitations on the use of the Confirmation Findings.

Finally, it appears that the D&Os are in general agreement with Aurelius (i) that the order must be reciprocal and (ii) that findings of fact or conclusions of law the Court makes with respect to the LBO-Related Causes of Action shall not be used as a basis for application of any preclusive doctrine at all. Aurelius submits, however, that the language of paragraph 4 of the D&O Proposal is less effective than the Aurelius Revised Proposed Order in achieving the

---

[2] A redline copy comparing the Aurelius Revised Proposed Order with the DCL Proposal is attached hereto as Exhibit C.

AKIN GUMP
STRAUSS HAUER & FELD LLP
Attorneys at Law

August 1, 2011
Page 3

objectives identified by the Court at the Evidence Hearing, and by the D&Os in the letter to the Court accompanying the D&O Proposal, and that the Aurelius Revised Proposed Order should therefore be entered by the Court instead of the D&O Proposal.[3]

Respectfully submitted,

*Mitchell Hurley /s.g.*

Mitchell Hurley

cc: All Counsel Entitled to Notice Pursuant to
Paragraph 35 of the CMO (via email)

---

[3] For example, the D&O Proposal provides that only findings of fact that "impact or otherwise affect an LBO Related Causes of Action" will have no preclusive effect in pending or future actions. By definition, *none* of the Court's Confirmation Findings will "impact" the LBO Related Causes of Action, and the D&O Proposal in this regard is thus both inaccurate and needlessly confusing.