**IN THE UNITED STATES BANKRUPTCY
COURT FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In Re: | : CHAPTER 11 |
| | : Case No: 08-13141 (KJC) |
| TRIBUNE COMPANY, *et al.*, | : |
| | : |
| Debtors | : **Ref. Docket No. 8917** |
| | : |

**AGREED ORDER REGARDING MOTION OF JEWEL FOOD STORES, INC.,
ALBERTSON'S, LLC, NEW ALBERTSON'S, INC., AND SUPERVALU, INC. TO
ALLOW LATE FILED CLAIM AND FOR RELIEF FROM THE AUTOMATIC STAY**

Upon consideration of the Motion of JEWEL FOOD STORES, INC., ALBERTSON'S, LLC, NEW ALBERTSON'S, INC. and SUPERVALU INC. (collectively the "Movants") to Allow Late Filed Claim and for Relief from the Automatic Stay [Docket No. 8917] (the "Motion"), it is hereby ORDERED and DECREED that the Motion is GRANTED solely to the extent set forth herein; and it is further

ORDERED that the automatic stay is lifted to allow the Movants to proceed with their Third-Party Complaint for Contribution Against the Tribune Company and FRG Management, Inc. (the "Third-Party Complaint"), filed on May 3, 2010 in the Circuit Court of Cook County (the "State Court") in relation to the State-Court Action,[1] to its final resolution; and it is further

ORDERED that, without limiting the paragraph below, in the event the Movants obtain any final monetary judgment against Tribune Company on account of the Third-Party Complaint (a "Judgment"), the Movants (i) shall not seek to satisfy such Judgment from any property of the estates of any of the Debtors in the above-captioned cases and (ii) may only seek up to, but no more than, $300,000.00 in insurance proceeds provided under insurance policy no. 01-CH-

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

460460-1 issued by American States Insurance Company to Frank Gluting (the "Gluting Policy"); and it is further

ORDERED that, in the event a Judgment exceeds the $300,000.00 limit of the Gluting Policy, (i) the automatic stay in the above-captioned chapter 11 cases remains in place with respect to the State-Court Action, (ii) Movants shall remain barred from seeking any insurance proceeds relating to any of the Debtors in the above-captioned cases other than the proceeds of the Gluting Policy and/or from seeking to obtain any assets or property of any of the Debtors in the above-captioned cases or their estates in satisfaction of the Judgment, and (iii) Movants may only seek further relief from the Bankruptcy Court by arguing the merits of the Motion; and it is further

ORDERED that (i) the Court has not weighed any of the merits of the Motion or the Debtors' Objection to the Motion of Jewel Food Stores, Inc., Albertson's, LLC, New Albertson's, Inc. and Supervalu, Inc. to Allow Late Filed Claim and for Relief from the Automatic Stay [Docket No. 9215] (the "Objection"), (ii) the Court has not granted any of the relief requested in the Motion, other than to the limited extent provided for in this Order, and (iii) the Objection remains in place; and it is further

ORDERED that Tribune Company retains any and all arguments regarding, and defenses to, the Third-Party Complaint in the State Court.

Dated: _____        HONORABLE KEVIN J. CAREY
                                United States Bankruptcy Judge