## NOTICE OF CLAIMS PURCHASE AGREEMENT

CARTOONISTS & WRITERS SYNDICATE, a(n) New York Corporation, its successors and assigns ("Seller"), for good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, does hereby absolutely and unconditionally sell and transfer unto ARCHON BAY CAPITAL LLC, a Delaware limited liability company, its successors and assigns ("Buyer") all rights, title and interest in and to the claim(s) of Seller in the principal amount of $1,864.45 (proof of claim amount, defined as the "Claim") against Tribune Company et al (the "Debtor") together with interest, if any, in the United States Bankruptcy Court, District of Delaware, or any other court with jurisdiction over the Proceedings (the "Court"), Administered at Case Number 08-13141 (defined as the "Proceedings").

Seller hereby waives any notice or hearing requirements imposed by Rule 3001 of the Bankruptcy Rules, and stipulates that an order may be entered recognizing this Claims Purchase Agreement as an unconditional sale and the Buyer herein as the valid owner of the Claim.

IN WITNESS WHEREOF, the undersigned has duly executed this Agreement by its duly authorized representative dated the 2nd day of June, 2011.

CartoonArts International, Inc.
dba Cartoonists + Writers Syndicate

WITNESS: Janice Robinson (Signature)
(Signature of Corporate Officer)

Janice Robinson, CWS Accounting
(Print Name and Title of Witness)

Jerry Robinson, VP
(Print Name and Title of Corporate Officer)

ARCHON BAY CAPITAL LLC

WITNESS: (Signature)
(Signature of Fund Representative)

Exhibit "A"

## CLAIMS PURCHASE AGREEMENT

1. CARTOONISTS & WRITERS SYNDICATE, a(n) New York Corporation, its successors and assigns, ("Seller"), for good and valuable consideration, the sufficiency of which is hereby acknowledged in the sum of $1,622.07 (this is the amount Archon Bay is immediately paying for the Scheduled Claim Amount, i.e., 87%, [such percentage is defined as the "Percentage Rate"] does hereby absolutely and unconditionally sell and transfer unto ARCHON BAY CAPITAL LLC, a Delaware limited liability company, its successors and assigns ("Buyer"), all right, title and interest in and to the claims of Seller in the amount of $1,864.45 (defined herein as the "Claim") payable by Tribune Company et al (the "Debtor"), including, without limitation, all of Seller's rights, title and interest to all agreements, instruments, invoices, and other documents evidencing, or relating to the Claim or the Proof of Claim, and any actions, claims, lawsuits or rights of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Claim, including, without limitation, Seller's rights to receive any cash, securities instruments and/or other property issued in respect of the Claim to Seller, or otherwise, in the bankruptcy proceedings in the United States Bankruptcy Court, District of Delaware, or any other court with jurisdiction over the Proceedings (the "Bankruptcy Court"), administered at Case Number 08-13141 (defined as the "Proceedings").

2. Seller represents and warrants the following: a proof of claim has been, or will be, duly and timely filed by Seller for the amount of $1,864.45 (insert the proof of claim amount, defined as the "Proof of Claim"). Buyer shall be deemed to be owner of the Claim as stated in the Proof of Claim, or any amended proof(s) of claim(s) for all purposes in the Proceedings. Buyer shall file the Notice of Claims Purchase Agreement (Exhibit "A"), attached hereto and incorporated herein by reference with the Bankruptcy Court as evidence of the terms of this sale. Seller agrees to send Buyer a true and correct copy of the file stamped copy of the Proof of Claim. (ENCLOSE A COPY OF ALL PROOF OF CLAIMS FILED WITH THE COURT).

3. Seller further represents and warrants that the amount of the Claim as listed on the Debtor's schedules of liabilities in the Proceedings are collectively no less than $1,864.45 (the scheduled amount of the claim, defined herein as the "Scheduled Claim Amount"), and that the basis for the Claim is for valid invoices, exclusive of any and all chargebacks and disputed items; that the Claim is a valid, undisputed, liquidated, non-contingent Claim against the Debtor, and that the basis for the Claim is amounts due and owing by the Debtor arising from the sale of goods, merchandise or services actually sold or performed by Seller and received by the Debtor; that the Claim is specifically against Tribune Company et al, and that the Claim is not against any subsidiaries; that no objection has been filed or threatened against Seller or the Claim; that this Claims Purchase Agreement and all exhibits attached hereto (the "Agreement") are true and correct copies, and have been duly authorized, executed and delivered by Seller, and Seller has the requisite power and authority to execute and deliver this Agreement; that this Agreement constitutes the valid, legal and binding Agreement of Seller, enforceable against Seller in accordance with its terms; that no payment has been received by Seller or on behalf of Seller, in full or partial satisfaction of the Claim; that the Seller has not previously assigned or sold the Claim to any third party, in whole or in part; that Buyer will not receive in respect of the Claim proportionately less payments or distributions or less favorable treatment than any other unsecured creditor of Debtor holding claims which claims arose from sales of merchandise or goods to Debtor; that Seller owns and has sole title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever, and that the Claim is not subject to any factoring agreements in any way whatsoever; that in the event any liens appear on Seller's most recent D&B report, Seller agrees to timely obtain such releases from the parties listed on such report; that the Claim is not subject to any claim or right of setoff, reduction, recoupment, impairment, avoidance, disallowance, or subordination; that Seller is not and has never been an "insider" of the Debtor within the meaning of Section 101(31) of the Bankruptcy Code, and is not a member of any official or unofficial committee in the Proceedings; that Seller is not and has never been "insolvent" within the meaning of Section 1-201 (23) of the Uniform Commercial Code or within the meaning of Section 101 (32) of the Bankruptcy Code; that there are no preference actions against Seller or the Claim, and that no legal or equitable defenses, counterclaims or offsets have been or may be asserted by or on behalf of the Debtor to reduce the amount of the Claim or affect its validity or enforceability. Buyer shall not be responsible for any obligations or liabilities of Seller related to or in connection with the Claim or the Proceedings.

4. In the event the Scheduled Claim Amount is allowed for a greater amount not to exceed the total Claim amount, or in the event the Claim becomes subject to Disallowance (such revised claim amount being referred to herein as the "Amended Scheduled Claim Amount"), and is subsequently allowed for a greater amount not to exceed the total Claim amount (i.e., the "Increased Claim Amount" shall be defined as any amount which is allowed in excess of the Scheduled Claim Amount or in excess of the Amended Scheduled Claim Amount, not to exceed the total Proof of Claim amount), then Buyer will pay to Seller the Percentage Rate multiplied by the Increased Claim Amount. The payment for the Increased Claim Amount shall be delivered to Seller when Buyer has received notification that: (1) the Increased Claim Amount has been liquidated and allowed in the case by a Final Order; or (2) upon the Debtor's filing with the Bankruptcy Court an amendment to its schedule of liabilities which increases the scheduled amount of the Claim. A "Final Order" shall be an order of the Bankruptcy Court which has not been reversed, stayed, modified, or amended and as to which (a) any appeal taken, petition for certiorari or motion for rehearing or reconsideration that has been filed has been finally determined or dismissed or, (b) the time to appeal, seek certiorari or move for reconsideration or rehearing has expired and no appeal, petition for certiorari or motion for reconsideration or rehearing has been timely filed.

5. In the event the Claim is disallowed, reduced, objected to, or otherwise subordinated, or impaired, for any reason whatsoever, in whole or in part, or not scheduled by the Debtor in the amount set forth in paragraph 3 herein, or scheduled as a disputed, unliquidated, or contingent claim, whether or not pursuant to a Final Order, or all or any portion of the Claim becomes affected by a preference or avoidance action (collectively, a "Disallowance"), Seller agrees to immediately repay, on demand of Buyer, an amount equal to the (i) amount of the Claim subject to Disallowance, multiplied by (ii) the Percentage Rate, plus interest at the rate of 10% per annum from the date of this Agreement to the date of repayment. If and only if Seller has previously sold or factored this Claim, then Seller hereby agrees to immediately repay, upon demand of Buyer, liquidated damages in the amount of double the consideration paid by Buyer hereunder. Both Seller and Buyer are aware that the above purchase price may be more or less than the amount ultimately distributed with respect to the Claim and that such amount may not be determined until confirmation of a plan of reorganization.

6. Seller hereby irrevocably appoints Buyer as its true and lawful attorney only with respect to actions relating to the Claim, and authorizes Buyer to act in Seller's name to demand, sue for, compromise and recover all such sums of money which now are, or may hereafter become due and payable for, or on account of the Claim herein sold. Seller grants unto Buyer full authority to do all things necessary to enforce the Claim and Buyer's rights thereunder pursuant to this Agreement. Seller agrees that the powers granted by this paragraph are discretionary in nature and exercisable at the sole option of Buyer. Seller shall have no obligation to prove defend or take affirmative action with respect to proving the Claim's validity or amount in the Proceedings. Seller agrees to execute, acknowledge and deliver all such further certificates, instruments and other documents, and to take all such further action as may be necessary or appropriate to effect sale of the Claim and all interests therein to Buyer, and agrees to duly and timely vote the ballot for the Claim under any proposed plan of reorganization as directed by Buyer. Seller agrees to indemnify Buyer from all losses, damages and liabilities, which result from the breach of any representation, warranty or covenant by Seller as set forth herein.

7. Seller agrees that in the event Seller shall receive any payments or distributions whatsoever with respect to the Claim after the date hereof, the Seller agrees to accept the same as the Buyer's agent and to hold the same in trust on behalf of and for the benefit of Buyer. Seller agrees to deliver the same forthwith to Buyer in the same form received, within 2 business days in the case of cash and within 5 business days in the case of securities, which are in good deliverable form, and with the endorsement of Seller, (without recourse, representation, or warranty), when necessary or appropriate. Seller and Buyer each acknowledge that the other may possess material non-public information concerning the Claim and/or the Debtor. Each further acknowledges that it has not requested to receive such information and has nevertheless determined to proceed with the transaction contemplated herein, and neither shall have any liability to the other party arising out of the non-disclosure of such information; provided, however, that nothing in this paragraph shall limit any representation or warranty made by Seller in this Agreement.

8. All representations and warranties contained herein shall survive the execution and delivery of this Agreement, any due diligence performed by Buyer, and the purchase and sale of the Claim. This Agreement shall inure to the benefit of and be binding upon the parties hereto and their respective successors and assigns. Seller hereby acknowledges that Buyer may at any time re-sell the Claim to a third party together with all rights, title and interest, and obligations hereunder, of Buyer in and to this Agreement. Upon such re-sale Seller agrees that Buyer shall be relieved of its obligations hereunder provided that such subsequent Buyer agrees to assume such obligations hereunder. This Agreement shall be construed and the obligations of the parties hereunder shall be determined in accordance with the laws of the State of South Carolina without reference to any conflicts of law provisions. Each party hereto consents to service of process by certified mail at its address listed above. Each party hereto irrevocably and unconditionally consents to the jurisdiction of the courts located in the State of South Carolina in any action to enforce, interpret or construe any provision of this Agreement.

IN WITNESS WHEREOF, the undersigned has duly executed this Agreement by its duly authorized representative dated the 2 day of July, 2011.

WITNESS: _____Janice Robinson_____
(Signature of Witness)

Janice Robinson / Cust Accounting
(Print Name and Title of Witness)

Cartoon Arts International, Inc.
dba Cartoonists + Writers Syndicate
(Company Name)

By: _____
(Signature of Authorized Corporate Officer)

Jens Robinson, VP
(Print Name and Title of Corporate Officer)

(310) 265-£7£7
(Telephone Number of Corporate Officer)

jens@cartoonweb.com
(Email Address)



**PO Box 14610**
*Surfside Beach, SC 29587*
*www.archonbaycapital.com*

## Cover Sheet

| | | | |
|---|---|---|---|
| Company: | CARTOONISTS & WRITERS SYNDICATE | Date: | 5/23/2011 |
| To: | Jerry Robinson | From: | David Tonner |
| Fax: | (212) 362-9256 | Fax: | (864) 642-0509 |
| Phone: | (212) 227-8666 | Phone: | (843) 206-0575 Ext: 101 |
| Re: | Tribune Company et al Bankruptcy Claim | Pages: | 4 Pages (including cover) |

Thank you for requesting an offer from Archon Bay Capital to purchase your bankruptcy claim in the Tribune Company et al bankruptcy case.

Please sign and return the following documents to my attention via fax at 864-642-0509 or by regular US mail using the address listed at the top of this document. Once the documents are received, funds are normally sent within 10 days of verification using standard mail. Please keep in mind this offer is time sensitive and contingent upon verification and underwriting approval. No commitment to purchase this claim is expressed or implied and claims will be purchased on a first offered, first bought basis, and we reserve the right to reject any claims presented for any reason whatsoever.

In accepting our offer, we would like you to be aware that a Plan of Reorganization (the "Plan") and Disclosure Statement have been filed in these proceedings. Please note that you may obtain a copy of the Plan from the Court. Notwithstanding the forgoing, Archon Bay makes no representations or warranties as to the accuracy of the Plan or Disclosure Statement, or as to the value or timing of any distributions that you may receive in the Proceedings.

If you have any question please feel free to call me using the information above, and I look forward to having the opportunity to earn your business.

Attached: Assignment of Claim & Notice of Assignment of Claim Forms

CONFIDENTIALITY NOTICE: This fax cover sheet and the documents accompanying this fax transmission may contain confidential information which is legally privileged under federal and state law. The information is intended only for the use of the individual or entity named above as recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on or regarding the contents of this faxed information is strictly prohibited. If you have received this fax in error, please notify us immediately by telephone at 843.206.0575 to arrange for return of the original documents to us.