# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT
## REGARDING THE FIRST AND SECOND QUARTERLY FEE
## APPLICATIONS OF LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing*

*Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses*

*for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner**

**Order**") in connection with the *First Quarterly Fee Application of Levine Sullivan Koch &*

*Schulz L.L.P.* [Docket No. 7341 ](the "**First Quarterly Fee Application**") and the *Second Quarterly*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

*Fee Application of Levine Sullivan Koch & Schulz, L.L.P.* [Docket No. 7470] (the "**Second Quarterly Fee Application**" and, collectively, the "**Fee Applications**"). The First Quarterly Fee Application seeks approval of fees that total $78,304.00 and reimbursement of expenses that total $495.01 for the period from August 1, 2010 through August 31, 2010. The Second Quarterly Fee Application seeks approval of fees that total $502,458.50 and reimbursement of expenses that total $63,147.23 for the period from September 1, 2010 through November 30, 2010. Levine Sullivan Koch & Schulz, L.L.P. ("**LSK&S**") serves as special counsel to the Debtors and Debtors-in-Possession for certain litigation matters.

**Background**

1.     On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") each commenced a voluntary case under chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"). Under the Bankruptcy Court's *Order Directing Joint Administration Chapter 11 Cases* dated December 10, 2009 [Docket No. 43], these cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

2.     On January 15, 2009, the Bankruptcy Court entered its *Order Authorizing the Debtors to Retain, Employ and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business* [Docket No. 227] (the "**OCP Order**") approving procedures for the employment, retention and compensation by the Debtors in their ordinary course of business. The OCP Order contained a list of Ordinary Course Professionals that were authorized to be retained by the Debtors and included LSK&S. The Debtors' Ordinary Course Professionals were authorized to provide services to the Debtors as necessary for the day-to-day operations of the Debtors' businesses on terms substantially similar to those in effect prior to the Petition Date, subject to the terms and conditions described in the OCP Order. Compensation of the Ordinary Course Professionals is limited by a Monthly Cap on the

fees permitted to be paid to such Ordinary Course Professionals, per month on average over a rolling period.

3.      On October 4, 2010, the Debtors filed their *Application for an Order Authorizing Debtors to Employ and Retain Levine Sullivan Koch & Schulz, L.L.P. as Special Counsel for Certain Litigation Matters Pursuant to Section 327(e)and 1107, nunc pro tunc to September 1, 2010* [Docket No. 5883] (the "**Retention Application**").  In the Retention Application, the Debtors explained that LSK&S represents a number of the Debtors with respect to various litigation matters.  The Debtors further explained that the representations of the Debtors by LSK&S on matters arising post-petition, taken together with LSK&S' pre-existing representations of the Debtors in various disputed prepetition claims, caused LSK&S' fees to slightly exceed the average the Monthly Cap of $50,000 for January-February 2010, were expected to do so again in September 2010, and were at level of activity that made it likely that LSK&S would exceed the existing Monthly Cap on a regular basis going forward.  By order dated October 21, 2010, the Court approved the retention of LSK&S as special counsel for certain litigation matters [Docket No. 6062] (the "**Retention Order**").

4.      On December 29, 2010, LSK&S filed the First Quarterly Fee Application seeking approval of fees and reimbursement of expenses for the period from August 1, 2010 through August 31, 2010.  The First Quarterly Fee Application provides:  "Although Levine Sullivan Koch & Schultz, L.L.P. was not retained as Special Counsel, *nunc pro tunc*, as of September 1, 2010, invoices for August 2010 were not submitted for payment by the Debtors under the OCP Order before the firm's appointment as Special Counsel.  Accordingly, upon learning this, on December 3, 2010, Levine submitted a monthly fee application for expenses and time billed in the month of August 2010 (Docket No. 6714), Levine respectfully requests leave to file the instant First Quarterly Fee Application for the month of August 2010 outside of the 45-day Interim Fee Period ... required by the court's Compensation Order, because the firm was unaware, within the time required under the Compensation

Order, that its August 2010 invoices had not been previously submitted for payment under the OCP Order." *First Quarterly Fee Application*, p.2, n.3.

5.     On January 12, 2011, LSK&S filed the Second Quarterly Fee Application for post-retention fees and expenses incurred in September 2010 through November 2010, pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members under 11 U.S.C. §§ 105(a) and 331* [Docket No. 225] (the "**Interim Compensation Order**").

**Applicable Standards**

6.     In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

7.     The Fee Examiner reviewed the Fee Applications for compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Applications for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

8.     Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and

-4-

the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F).*

9.      A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred.  A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules.  Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application.  A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

10.      The Fee Examiner completed the preliminary evaluation of the Fee Applications, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to LSK&S for review and comment.  The firm responded to the Fee Examiner with a detailed written response to the Preliminary Report.  The Fee Examiner also notes that both prior and subsequent to the filing of the Fee Applications the firm and the Fee Examiner engaged in numerous communications to further LSK&S's clear goal of complying with the relevant billing rules and guidelines.  After consideration of the additional information provided by the firm, the Fee Examiner now issues this final report (the "**Final Report**") "in a format designed to opine whether the

requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines." *Fee Examiner Order ¶5.*

## DISCUSSION OF FINDINGS

### Technical Requirements

11.    <u>Reconciliation of Fees and Expenses.</u>  The Fee Examiner compared the total amount of fees and expenses requested in the First Quarterly Fee Application (**"Fees Requested"** and **"Expenses Requested"**) to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm (**"Fees Computed"** and **"Expenses Computed"**).  The Fee Examiner determined that the Fees Computed exceed the Fees Requested by $2,327.50, resulting in an apparent undercharge.  The discrepancy is the result of task hours within two entries that do not equal the time billed for the entries as a whole, as displayed in **Exhibit A**,[2] and a courtesy discount in the amount of $2,200.00.  In responding to the Preliminary Report, LSK&S again advised the Fee Examiner of the significant rate discount (twenty percent off the firm's standard hourly rates) and other discounts applied in these matters.

The Fee Examiner likewise compared the Fees Requested and Expenses Requested in the Second Quarterly Fee Application to the Fees Computed and the Expenses Computed.  The Fee Examiner determined that the Fees Computed exceed the Fees Requested by $1,107.50.  The discrepancy is the result of task hours within several entries that do not equal the time billed for the entry as a whole, as displayed in **Exhibit B**.

---

[2] This Final Report includes exhibits that detail and support the findings discussed herein.  Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits.  For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

The Fee Examiner determined that there is no discrepancy between the Expenses Requested and the Expenses Computed in either of the Fee Applications. The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

12.    **Block Billing.**[3]    The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*. The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[4] With minimal exceptions, LSK&S timekeepers did not block bill time entries. The Fee Examiner requested that going forward, timekeepers segregate the distinct tasks of preparing for and attending a conference, meeting or other event.

13.    **Time Increments.**    The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*. The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines* ¶(b)(4)(v). The Fee Examiner confirmed that the firm recorded time entries in tenths of an hour.

---

[3] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing. Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry. As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry. This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

[4] The judicial response to block billing varies. Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007). Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

## Review of Fees

14.   **Firm Staffing.**   The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii).*

The First Quarterly Fee Application provided the names, positions, and hourly rates of the nine LSK&S professionals and paraprofessionals who invoiced fees during August 2010, consisting of five partners, three associates, and one paralegal.   A summary of hours and fees billed by each timekeeper for the First Quarterly Fee Application is displayed in **Exhibit C**.   For the First Quarterly Fee Application, the firm billed a total of 222.30 hours with associated fees of $80,631.50.[5]   The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 97.70 | 44% | $40,327.50 | 50% |
| Associate | 113.40 | 51% | 38,176.00 | 47% |
| Paralegal | 11.20 | 5% | 2,128.00 | 3% |
| TOTAL | 222.30 | 100% | $80,631.50 | 100% |

The Second Quarterly Fee Application provided the names, positions, and hourly rates of the 14 LSK&S professionals and paraprofessionals who invoiced fees from September 2010 through November 2010, consisting of 7 partners, 3 associates, 1 paralegal, and 3 law clerks.   A summary of hours and fees billed by each timekeeper is displayed in **Exhibit D**.   For the Second Quarterly Fee Application, the firm billed a total of 1,334.50 hours with associated fees of $503,566.00.[6]   The

---

[5] This amount reflects the Fees Computed.

[6] This amount reflects the Fees Computed.

following table displays the hours and fees computed by timekeeper position and the percentage of total

hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 841.10 | 63% | $351,937.50 | 70% |
| Associate | 430.70 | 32% | 139,715.50 | 28% |
| Paralegal | 47.10 | 4% | 8,949.00 | 2% |
| Law Clerk | 15.60 | 1% | 2,964.00 | * |
| TOTAL | 1,334.50 | 100% | $503,566.00 | 100% |

\* Less than 1%

The blended hourly rate for the LSK&S professionals was $371.88 in the First Monthly

Fee Application and $386.58 in the Second Monthly Fee Application.

15.    **Hourly Rate Increases.**  LSK&S did not increase the hourly rate of any timekeeper

during the time covered by the Fee Applications.

16.    **Timekeepers' Roles.**  A court may not allow compensation of fees for duplicative or

unnecessary services.  *See 11 U.S.C. § 330(4).*  With this directive in mind, the Fee Examiner reviewed

the billing entries of each timekeeper to evaluate his or her contribution to the representation, including

a comparison to others' efforts.  On the whole, each LSK&S timekeeper appeared to perform either

core team responsibilities necessary to the engagement, or performed limited but discrete, necessary,

and/or fungible tasks that did not appear to be duplicated by other professionals.

17.    **Meetings, Conferences, Hearings, and Other Events.**  The Local Rules provide that

"activity descriptions shall individually identify all meetings and hearings, each participant, the

subject(s) of the meeting or hearing, and the participant's role" (*Local Rule 2016-2(d)(ix)*), and the

UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a

hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines*

*¶(b)(4)(v).*  While it may be appropriate to have multiple attendees at some meetings, conferences,

hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each

participant's role.

The Fee Examiner did not identify any billing entries that show that more than one timekeeper attended a conference or hearing during August 2010. In the Second Quarterly Fee Application, the Fee Examiner identified limited occasions where two or more LSK&S timekeepers billed to attend the same meeting, conference, hearing, or other event. All of the time entries were billed to the "Tribune – Ivan J. Bates matter" and related to deposition attendance. LSK&S monthly fee applications [Docket Nos. 6290, 6631, 6714 and 7430] explained the need for the participation of multiple LSK&S professionals on this matter, and LSK&S provided the Fee Examiner with subsequent narrative justification for the presence of two timekeepers at the September 17, 2010 deposition of Tony Garcia. Given the information provided to the Fee Examiner, LSK&S complied with the requirements of the Local Rules and the UST Guidelines.

18. **Intraoffice Conferences.** Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner did not identify any fee entries associated with intraoffice conferences in the First Quarterly Fee Application, and less than 3.00 hours in the Second Quarterly Fee Application. The Fee Examiner makes no recommendation for a fee reduction resulting from intraoffice communication.

19. **Complete and Detailed Task Descriptions.** Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*. The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and

conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*. LSK&S timekeepers sufficiently described the work performed.

20.     **Administrative Activities.**  Activities associated with the day-to-day operations of the firm or not specifically related to the Debtors' cases are considered administrative in nature and as such are reflected in the hourly rates charged by the firm.  The Fee Examiner requested supplemental information regarding the compensability of one billing entry from the Second Quarterly Fee Application.  On October 22, 2010, Partner Nathan E. Siegel billed 4.50 hours with associated fees of $1,912.50 to "attend state rules committee meeting regarding access to court audio/video recordings." The entry was provided in **Exhibit E** to the Preliminary Report.

In response, LSK&S asserted that the activity was entirely legal in nature and directly associated with the matter, and explained Mr. Siegel's purpose and role in attending the rules committee meeting.  After consideration of the additional information provided, the Fee Examiner makes no recommendation for a fee reduction.  Exhibit E is omitted from this report.

21.     **Clerical Activities.**  Clerical activities are tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel,[7] or similar tasks for which the firm charged more than the market rate.  The Fee Examiner did not identify any billing entries describing clerical activity in the Fee Applications.

22.     **Travel.**  The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*. As displayed in **Exhibit F** to the Preliminary Report, on August 3, 2010, Partner Gayle C. Sproul billed 5.00 hours to "travel to and from Wilmington to participate in hearing on Examiner's motion."

---

[7] "Duties appropriate for office staff are considered part of a professional's overhead expenses and may not be billed to the estate." *Fibermark*, 349 B.R. at 397; *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758 769 (Bankr. E.D.N.Y. 2005) (overhead not compensable); *but see Bennett Funding*, 213 B.R. at 247-48 (discussing differing approaches to clerical work at professional rates).  These overhead activities may include: mailing; photocopying, word processing (including the creation of templates), formatting, creating spreadsheets, printing, organizing files, checking for docket updates, creating binders, and secretarial overtime.  *Fibermark*, 349 B.R. at 396-97.

Ms. Sproul's only other time entry for that date was 2.00 hours to "participate in hearing" and accordingly it appeared that Ms. Sproul's travel time was nonworking and should not have been billed at her regular hourly rate of $425.00 per hour.  The Fee Examiner requested additional information from LSK&S.

In response to the Preliminary Report, the firm confirmed the entry reflected non-working travel time and concurred with a fee reduction in the amount of $1,062.50.  Exhibit F is omitted from this report.

23.    **LSK&S Retention/Compensation.**  The Fee Examiner identified 31.60 hours with associated fees of $10,812.50 to prepare the firm's retention documents and application for compensation, which computes to approximately 2% of the Fees Computed.  The fee entries describing LSK&S retention/compensation activities are displayed in **Exhibit G**, which is included in this Final Report for the Court's consideration

**Review of Expenses**

24.    **Itemization of Expenses.**  The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the charge, if available." *Local Rule 2016-2(e)(i-ii)*.  The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.  Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*.

In the First Quarterly Fee Application, LSK&S provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the

timekeeper who incurred the charge. The Fee Examiner found no non-compliant or otherwise objectionable expense items.

In the Second Quarterly Fee Application, LSK&S did not provide sufficient itemization and/or supporting documentation for the charges displayed in **Exhibit H**. The Fee Examiner requested that LSK&S provide additional information, including the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.[8] The firm responded with the Fee Examiner's request, and after review of the additional information the Fee Examiner makes no recommendation for an expense reduction. Exhibit H is omitted from this report.

## CONCLUSION

The Fee Examiner submits this final report regarding the Fee Application and the fees and expenses discussed above. The Fee Examiner recommends the approval of fees in the amount of $580,935.00 ($580,762.50 plus $172.50) and reimbursement of expenses in the amount of $63,642.24 for the period from August 1, 2010 through November 30, 2010. The findings are summarized in the attached Appendix A.

---

[8] The Fee Examiner identified several charges that were incurred prior to September 1, 2010, the firm's effective date of retention; however, because the firm was retained as an OCP firm, the Fee Examiner will not recommend a reduction for the charges incurred prior to the date of retention.

Respectfully submitted,

**STUART MAUE**

By: _____
W. Andrew Dalton
3840 McKelvey Road
St. Louis, Missouri  63044
Telephone:  (314) 291-3030
Facsimile:  (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

## APPENDIX A

**LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.**

### SUMMARY OF FINDINGS

#### Fee Applications (August 1, 2010 through November 30, 2010)

##### A.     Amounts Requested and Computed

| | | | |
|---|---|---|---|
| Fees Requested – First Quarterly Fee Application | $ 78,304.00 | | |
| Fees Requested – Second Quarterly Fee Application | 502,458.50 | | |
| Subtotal – Fees Requested | | $580,762.50 | |
| Expenses Requested – First Quarterly Fee Application | $     495.01 | | |
| Expenses Requested – Second Quarterly Fee Application | 63,147.23 | | |
| Subtotal – Expenses Requested | | 63,642.24 | |
| | | | |
| **TOTAL FEES AND EXPENSES REQUESTED** | | | $644,404.74 |
| | | | |
| Fees Computed – First Quarterly Fee Application | $ 80,631.50 | | |
| Fees Computed – Second Quarterly Fee Application | 503,566.00 | | |
| Subtotal – Fees Computed | | $584,197.50 | |
| Expenses Computed – First Quarterly Fee Application | $     495.01 | | |
| Expenses Computed – Second Quarterly Fee Application | 63,147.23 | | |
| Subtotal – Expenses Computed | | 63,642.24 | |
| | | | |
| **TOTAL FEES AND EXPENSES COMPUTED** | | | $647,839.74 |
| | | | |
| Courtesy Discount - First Quarterly Fee Application | ($  2,200.00) | | |
| Discrepancy in Fees – First Quarterly Fee Application | (127.50) | | |
| Subtotal – First Quarterly Fee Application | | ($  2,327.50) | |
| Discrepancy in Fees – Second Quarterly Fee Application | | (1,107.50) | |
| | | | |
| **TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES** | | | ($   3,435.00) |

##### B.     Recommended Fee Allowance and Expense Reimbursement

| | | | |
|---|---|---|---|
| Fees Requested | $580,762.50 | | |
| *Discrepancy in Fees – First Quarterly Fee Application* | | *$    127.50* | |
| *Discrepancy in Fees – Second Quarterly Fee Application* | | *1,107.50* | |
| *Agreed Reduction for Travel – First Quarterly Fee Application* | | *(1,062.50)* | |
| Subtotal | | *$    172.50* | |
| | | | |
| **RECOMMENDED FEE ALLOWANCE** | | | $580,935.00 |
| | | | |
| Expenses Requested | $63,642.24 | | |
| | | | |
| **RECOMMENDED EXPENSE REIMBURSEMENT** | | | 63,642.24 |
| | | | |
| **TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT** | | | $644,577.24 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 3rd day of August, 2011.

Joseph J. McMahon, Jr., Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Mr. James F. Conlan
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Seth D. Berlin, Esq.
Levine Sullivan Koch & Schulz, L.L.P.
321 West 44th Street, Suite 510
New York, NY 10036

W. Andrew Dalton

**EXHIBIT A**
**DISCREPANCY SCHEDULE**
**Levine Sullivan Koch & Schulz, L.L.P.**

| Invoice Number | Entry Number | Matter | Timekeeper Name | Entry Date | Rate | Hours Billed | Hours Computed | Fees Billed | Fees Computed | Hour Difference | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 25528 | 29 | Baltimore Sun/Bates | Siegel | 08/22/10 | $425.00 | 3.10 | 3.30 | $ 1,317.50 | $ 1,402.50 | (0.20) | $ (85.00) |
| 25528 | 46 | Baltimore Sun/Bates | Siegel | 08/27/10 | $425.00 | 2.10 | 2.20 | $ 892.50 | $ 935.00 | (0.10) | (42.50) |
| | | | | | | | | **Total Discrepancy (Undercharge)** | | **(0.30)** | **$ (127.50)** |

**EXHIBIT B**
**DISCREPANCY SCHEDULE**
**Levine Sullivan Koch & Schulz, L.L.P.**

| Invoice Number | Entry Number | Matter | Timekeeper Name | Entry Date | Rate | Hours Billed | Hours Computed | Fees Billed | Fees Computed | Hour Difference | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Overcharges** | | | | | | | | | | | |
| 25858 | 90 | Baltimore Sun - Ivan J. Bates v. | Seigel | 10/22/10 | $425.00 | 1.80 | 1.40 | $ 765.00 | $ 595.00 | 0.40 | $ 170.00 |
| 26036 | 18 | Baltimore Sun - Ivan J. Bates v. | Seigel | 11/04/10 | $425.00 | 7.70 | 7.60 | $ 3,272.50 | $ 3,230.00 | 0.10 | $ 42.50 |
| 26036 | 21 | Baltimore Sun - Ivan J. Bates v. | Melendez Bead | 11/05/10 | $400.00 | 1.10 | 1.00 | $ 440.00 | $ 400.00 | 0.10 | $ 40.00 |
| | | | | | | | | **Total Overcharges** | | **0.60** | **$ 252.50** |
| | | | | | | | | | | | |
| **Undercharges** | | | | | | | | | | | |
| 25655 | 17 | Baltimore Sun - Ivan J. Bates v. | Seigel | 09/08/10 | $425.00 | 4.30 | 4.40 | $ 1,827.50 | $ 1,870.00 | (0.10) | $ (42.50) |
| 25655 | 88 | Baltimore Sun - Ivan J. Bates v. | Kelley, Thomas B. | 09/30/10 | $425.00 | 3.20 | 5.20 | $ 1,360.00 | $ 2,210.00 | (2.00) | $ (850.00) |
| 26036 | 13 | Baltimore Sun - Ivan J. Bates v. | Seigel | 11/03/10 | $425.00 | 9.50 | 10.40 | $ 4,037.50 | $ 4,420.00 | (0.90) | $ (382.50) |
| 26036 | 69 | Baltimore Sun - Ivan J. Bates v. | Seigel | 11/22/10 | $425.00 | 12.10 | 12.30 | $ 5,142.50 | $ 5,227.50 | (0.20) | $ (85.00) |
| | | | | | | | | **Total Undercharges** | | **(3.20)** | **$ (1,360.00)** |
| | | | | | | | | | | | |
| | | | | | | | | **Net Total Discrepancy (Undercharge)** | | **(2.60)** | **$ (1,107.50)** |

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Levine Sullivan Koch & Schulz, L.L.P.**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| JMB | Melendez Bead, Jeanette | PARTNER | $400.00 | $400.00 | 47.80 | $19,120.00 |
| NES | Siegel, Nathan E. | PARTNER | $425.00 | $425.00 | 37.70 | $16,022.50 |
| GCS | Sproul, Gayle C. | PARTNER | $425.00 | $425.00 | 10.80 | $4,590.00 |
| RP | Penchina, Robert | PARTNER | $425.00 | $425.00 | 1.20 | $510.00 |
| DAS | Schulz, David A. | PARTNER | $425.00 | $425.00 | 0.20 | $85.00 |
| | No. of Billers for Position: 5 | Blended Rate for Position: | $412.77 | | 97.70 | $40,327.50 |
| | | | | % of Total: | 43.95% | % of Total: 50.01% |
| CRB | Bowman, Chad R. | ASSOCIATE | $340.00 | $340.00 | 94.40 | $32,096.00 |
| LML | Leitner, Laura M. | ASSOCIATE | $320.00 | $320.00 | 15.80 | $5,056.00 |
| JBO | O'Keefe, John B. | ASSOCIATE | $320.00 | $320.00 | 3.20 | $1,024.00 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $336.65 | | 113.40 | $38,176.00 |
| | | | | % of Total: | 51.01% | % of Total: 47.35% |
| JPB | Pinkerton-Burke, Jennifer | PARALEGAL | $190.00 | $190.00 | 11.20 | $2,128.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $190.00 | | 11.20 | $2,128.00 |
| | | | | % of Total: | 5.04% | % of Total: 2.64% |
| | Total No. of Billers: 9 | Blended Rate for Report: | $362.71 | | 222.30 | $80,631.50 |

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Levine Sullivan Koch & Schulz, L.L.P.**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| 9099 | Siegel, Nathan E. | PARTNER | $425.00 | $425.00 | 435.90 | $185,257.50 |
| 9075 | Melendez Bead, Jeanette | PARTNER | $400.00 | $400.00 | 221.20 | $88,480.00 |
| 9135 | Kelley, Thomas B. | PARTNER | $425.00 | $425.00 | 156.50 | $66,512.50 |
| 9007 | Berlin, Seth D. | PARTNER | $425.00 | $425.00 | 11.50 | $4,887.50 |
| 9008 | Brown, Jay Ward | PARTNER | $425.00 | $425.00 | 11.20 | $4,760.00 |
| 9001 | Levine, Lee | PARTNER | $425.00 | $425.00 | 3.60 | $1,530.00 |
| RP | Penchina, Robert | PARTNER | $425.00 | $425.00 | 1.20 | $510.00 |
| No. of Billers for Position: 7 | | Blended Rate for Position: | $418.43 | | 841.10 | $351,937.50 |
| | | | | % of Total: | 63.03% | % of Total: 69.89% |
| 9077 | Bowman, Chad R. | ASSOCIATE | $340.00 | $340.00 | 306.50 | $104,210.00 |
| 9132 | Jones, Shaina D. | ASSOCIATE | $285.00 | $285.00 | 121.10 | $34,513.50 |
| JBO | O'Keefe, John B. | ASSOCIATE | $320.00 | $320.00 | 3.10 | $992.00 |
| No. of Billers for Position: 3 | | Blended Rate for Position: | $324.39 | | 430.70 | $139,715.50 |
| | | | | % of Total: | 32.27% | % of Total: 27.75% |
| 9087 | Pinkerton-Burke, Jennifer | PARALEGAL | $190.00 | $190.00 | 47.10 | $8,949.00 |
| No. of Billers for Position: 1 | | Blended Rate for Position: | $190.00 | | 47.10 | $8,949.00 |
| | | | | % of Total: | 3.53% | % of Total: 1.78% |
| 9162 | Tanglen, Lucas J. | LAW CLERK | $190.00 | $190.00 | 7.50 | $1,425.00 |
| 9160 | Cullinan, Kathleen | LAW CLERK | $190.00 | $190.00 | 6.30 | $1,197.00 |
| 9161 | Kelley, Matthew E. | LAW CLERK | $190.00 | $190.00 | 1.80 | $342.00 |
| No. of Billers for Position: 3 | | Blended Rate for Position: | $190.00 | | 15.60 | $2,964.00 |
| | | | | % of Total: | 1.17% | % of Total: 0.59% |
| Total No. of Billers: 14 | | Blended Rate for Report: | $377.34 | | 1,334.50 | $503,566.00 |

EXHIBIT G

LSK&S RETENTION/COMPENSATION

Levine Sullivan Koch & Schulz, L.L.P.

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Berlin, S | 11.50 | 4,887.50 |
| Jones, S | 16.20 | 4,617.00 |
| Melendez Bead, J | 2.70 | 1,080.00 |
| Pinkerton-Burke, J | 1.20 | 228.00 |
| | 31.60 | $10,812.50 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Tribune - Bankruptcy Fee Application | 31.60 | 10,812.50 |
| | 31.60 | $10,812.50 |

EXHIBIT G

LSK&S RETENTION/COMPENSATION

Levine Sullivan Koch & Schulz, L.L.P.

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 09/07/10 Tue | Berlin, S 25690/94 | 0.80 | 0.80 | 340.00 | | | 1 | MATTER NAME: *Tribune - Bankruptcy Fee Application*<br>TELEPHONE CONFERENCE WITH J. LUDWIG AND D. BRALOW REGARDING CONVERSION TO SPECIAL COUNSEL STATUS AND PROCEDURE FOR SAME. |
| 09/08/10 Wed | Berlin, S 25690/95 | 0.50 | 0.50 | 212.50 | | | 1 | MATTER NAME: *Tribune - Bankruptcy Fee Application*<br>REVIEW AND ANALYZE MATERIALS RECEIVED FROM J. LUDWIG INCLUDING INTERIM COMPENSATION PROCEDURES, AND LOCAL RULE AND ORDER APPOINTING FEE EXAMINER. |
| 09/27/10 Mon | Berlin, S 25690/96 | 0.80 | 0.80 | 340.00 | | | 1 | MATTER NAME: *Tribune - Bankruptcy Fee Application*<br>REVIEW AND REVISE APPLICATION TO CONVERT TO SPECIAL COUNSEL STATUS. |
| 09/28/10 Tue | Berlin, S 25690/97 | 0.60 | 0.60 | 255.00 | 0.40<br>0.20 | F<br>F | 1<br>2 | MATTER NAME: *Tribune - Bankruptcy Fee Application*<br>REVIEW ADDITIONAL RELATED PARTIES FOR DECLARATION (.4);<br>TELEPHONE CONFERENCE WITH J. LUDWIG REGARDING SAME AND APPLICATION (.2). |
| 09/29/10 Wed | Berlin, S 25690/98 | 0.60 | 0.60 | 255.00 | 0.40<br>0.20 | F<br>F | 1<br>2 | MATTER NAME: *Tribune - Bankruptcy Fee Application*<br>REVIEW AND REVISE DECLARATION TO SUPPORT APPLICATION TO CONVERT TO SPECIAL COUNSEL STATUS (.4);<br>EXCHANGE EMAIL WITH J. LUDWIG REGARDING SAME (.2). |
| 10/01/10 Fri | Berlin, S 25847/124 | 0.40 | 0.40 | 170.00 | | F | 1 | MATTER NAME: *Tribune - Bankruptcy Fee Application*<br>EXCHANGE EMAIL WITH J. LUDWIG REGARDING SPECIAL COUNSEL APPLICATION AND DECLARATION. |
| 10/03/10 Sun | Berlin, S 25847/125 | 0.50 | 0.50 | 212.50 | | F | 1 | MATTER NAME: *Tribune - Bankruptcy Fee Application*<br>REVIEW AND REVISE SPECIAL COUNSEL APPLICATION AND DECLARATION. |
| 10/04/10 Mon | Berlin, S 25847/126 | 0.40 | 0.40 | 170.00 | | F | 1 | MATTER NAME: *Tribune - Bankruptcy Fee Application*<br>REVISE AND FINALIZE DECLARATION SUPPORTING SPECIAL COUNSEL APPLICATION AND FORWARD SAME TO J. LUDWIG. |
| 10/18/10 Mon | Berlin, S 25847/127 | 0.70 | 0.70 | 297.50 | 0.30<br>0.20<br>0.10<br>0.10 | F<br>F<br>F<br>F | 1<br>2<br>3<br>4 | MATTER NAME: *Tribune - Bankruptcy Fee Application*<br>TELEPHONE CONFERENCE WITH J. LUDWIG REGARDING MONTHLY AND QUARTERLY FEE APPLICATIONS (.3);<br>EXCHANGE EMAIL WITH BILLING PARTNERS REGARDING REQUIREMENTS OF SAME (.2);<br>COMPLY WITH REQUIREMENTS FOR SAME (.1);<br>TELEPHONE CONFERENCE WITH D. LUTES REGARDING SAME (.1). |
| 10/22/10 Fri | Jones, S 25847/128 | 2.50 | 2.50 | 712.50 | | F | 1 | MATTER NAME: *Tribune - Bankruptcy Fee Application*<br>COMPILE AND REVIEW DOCUMENTS FOR SEPTEMBER FEE APPLICATION TO BANKRUPTCY COURT, AND BEGIN DRAFTING SAME. |
| 10/23/10 Sat | Melendez Bead, J 25847/129 | 0.80 | 0.80 | 320.00 | | F | 1 | MATTER NAME: *Tribune - Bankruptcy Fee Application*<br>REVIEW AND REVISE SEPTEMBER BILL ON BATES MATTER TO REDACT CONFIDENTIAL PRIVILEGED/WORK PRODUCT INFORMATION. |
| 10/25/10 Mon | Berlin, S 25847/130 | 0.40 | 0.40 | 170.00 | | F | 1 | MATTER NAME: *Tribune - Bankruptcy Fee Application*<br>TELEPHONE WITH A. DALTON REGARDING REQUIREMENTS OF FEE EXAMINER. |

~ See the last page of exhibit for explanation

EXHIBIT G

LSK&S RETENTION/COMPENSATION

Levine Sullivan Koch & Schulz, L.L.P.

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 10/25/10 Mon | Jones, S 25847/131 | 0.80 | 0.80 | 228.00 | | F | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>DRAFT SEPTEMBER FEE APPLICATION. |
| 10/25/10 Mon | Melendez Bead, J 25847/132 | 0.90 | 0.90 | 360.00 | | F | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>CONTINUE TO REVISE BATES BILL FOR CONFIDENTIAL PRIVILEGED/WORK PRODUCT. |
| 10/28/10 Thu | Melendez Bead, J 25847/133 | 1.00 | 1.00 | 400.00 | | F | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>FORMULATE STRATEGY REGARDING PRIVILEGED MATTERS AND REVISE BATES BILL TO ADDRESS SAME. |
| 11/01/10 Mon | Berlin, S 25969/89 | 0.60 | 0.60 | 255.00 | 0.50<br>0.10 | F<br>F | 1<br>2 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>REVIEW AND REVISE FIRST MONTHLY FEE APPLICATION (.5);<br>EXCHANGE EMAIL WITH A. DALTON REGARDING SAME (.1). |
| 11/01/10 Mon | Jones, S 25969/88 | 3.00 | 3.00 | 855.00 | | F | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>PREPARE FIRST MONTHLY FEE APPLICATION. |
| 11/05/10 Fri | Berlin, S 25969/90 | 0.40 | 0.40 | 170.00 | | F | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>REVIEW AND REVISE INVOICE IN BATES MATTER AND INITIAL FEE APPLICATION. |
| 11/08/10 Mon | Berlin, S 25969/92 | 0.80 | 0.80 | 340.00 | | F | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>REVIEW AND REVISE FIRST MONTHLY FEE APPLICATION. |
| 11/08/10 Mon | Jones, S 25969/91 | 1.80 | 1.80 | 513.00 | | F | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>REVISE AND FILE FIRST MONTHLY FEE APPLICATION. |
| 11/09/10 Tue | Jones, S 25969/93 | 1.30 | 1.30 | 370.50 | | F | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>EXCHANGE COMMUNICATION WITH DELAWARE BANKRUPTCY COUNSEL REGARDING INITIAL FEE APPLICATION FILING PROCEDURES. |
| 11/11/10 Thu | Berlin, S 25969/94 | 0.40 | 0.40 | 170.00 | | F | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>EXCHANGE EMAIL WITH A. DALTON REGARDING SUBMISSIONS TO FEE EXAMINER. |
| 11/16/10 Tue | Jones, S 25969/95 | 0.70 | 0.70 | 199.50 | | F | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>DRAFT SECOND MONTHLY FEE APPLICATION AND PREPARE ATTACHMENTS TO SAME. |
| 11/18/10 Thu | Berlin, S 25969/96 | 0.80 | 0.80 | 340.00 | 0.20<br>0.40<br>0.20 | F<br>F<br>F | 1<br>2<br>3 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>EXCHANGE EMAIL WITH D. BRALOW REGARDING FEE APPLICATIONS (.2);<br>REVIEW AND REVISE SECOND MONTHLY FEE APPLICATION (.4);<br>EXCHANGE EMAIL WITH A. DALTON REGARDING SAME (.2). |

~ See the last page of exhibit for explanation

EXHIBIT G

LSK&S RETENTION/COMPENSATION

Levine Sullivan Koch & Schulz, L.L.P.

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 11/19/10 Fri | Berlin, S 25969/97 | 0.30 | 0.30 | 127.50 | | F | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* <br> REVIEW AND REVISE SECOND MONTHLY FEE APPLICATION. |
| 11/19/10 Fri | Jones, S 25969/99 | 2.50 | 2.50 | 712.50 | | F | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* <br> REVIEW AND REVISE SECOND MONTHLY FEE APPLICATION. |
| 11/19/10 Fri | Pinkerton-Burke, J 25969/98 | 1.20 | 1.20 | 228.00 | | F | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* <br> REVIEW AND REVISE SECOND MONTHLY FEE APPLICATION FOR ACCURACY. |
| 11/22/10 Mon | Berlin, S 25969/100 | 0.60 | 0.60 | 255.00 | | F | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* <br> REVIEW AND REVISE SECOND MONTHLY FEE APPLICATION AND EXHIBITS. |
| 11/22/10 Mon | Jones, S 25969/101 | 1.40 | 1.40 | 399.00 | | F | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* <br> REVISE EXPENSE AND BILLING INFORMATION FOR SECOND MONTHLY FEE APPLICATION. |
| 11/23/10 Tue | Berlin, S 25969/102 | 0.60 | 0.60 | 255.00 | 0.40 <br> 0.20 | F <br> F | 1 <br> 2 | *MATTER NAME: Tribune - Bankruptcy Fee Application* <br> REVISE AND SUBMIT SECOND MONTHLY FEE APPLICATION (.4); <br> TELEPHONE CONFERENCE WITH DELAWARE COUNSEL REGARDING SAME (.2). |
| 11/23/10 Tue | Jones, S 25969/103 | 1.90 | 1.90 | 541.50 | 0.40 <br> 1.50 | F <br> F | 1 <br> 2 | *MATTER NAME: Tribune - Bankruptcy Fee Application* <br> EXCHANGE EMAIL AND TELEPHONE CALL WITH DELAWARE BANKRUPTCY COUNSEL REGARDING FEE APPLICATION (.4); <br> REVISE SECOND MONTHLY FEE APPLICATION (1.5). |
| 11/29/10 Mon | Berlin, S 25969/104 | 0.30 | 0.30 | 127.50 | | F | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* <br> EXCHANGE EMAIL WITH A. DALTON REGARDING LEDES FILES FOR OCTOBER INVOICES. |
| 11/30/10 Tue | Berlin, S 25969/105 | 1.00 | 1.00 | 425.00 | 0.30 <br> 0.20 <br> 0.30 <br> 0.20 | F <br> F <br> F <br> F | 1 <br> 2 <br> 3 <br> 4 | *MATTER NAME: Tribune - Bankruptcy Fee Application* <br> TELEPHONE CONFERENCE WITH J. LUDWIG REGARDING AUGUST INVOICES AND OCP SUBMISSION OF SAME (.3); <br> EXCHANGE EMAIL WITH J. LUDWIG REGARDING SAME (.2); <br> TELEPHONE CONFERENCE WITH D. BRALOW REGARDING SAME (.3); <br> EXCHANGE EMAIL WITH A. DALTON REGARDING SUBMISSION OF LEDES FILES FOR OCTOBER INVOICES (.2). |
| 11/30/10 Tue | Jones, S 25969/106 | 0.30 | 0.30 | 85.50 | | F | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* <br> TELEPHONE CONFERENCE WITH WITH J. LUDWIG REGARDING THIRD MONTHLY FEE APPLICATION, SPECIAL COUNSEL AND TOLLING ISSUES. |
| Total | | | 31.60 | $10,812.50 | | | | |
| Number of Entries: | 34 | | | | | | | |

~ See the last page of exhibit for explanation

EXHIBIT G

LSK&S RETENTION/COMPENSATION

Levine Sullivan Koch & Schulz, L.L.P.

### SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Berlin, S | 11.50 | 4,887.50 |
| Jones, S | 16.20 | 4,617.00 |
| Melendez Bead, J | 2.70 | 1,080.00 |
| Pinkerton-Burke, J | 1.20 | 228.00 |
| | 31.60 | $10,812.50 |

### SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Tribune - Bankruptcy Fee Application | 31.60 | 10,812.50 |
| | 31.60 | $10,812.50 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL