## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE
## SEVENTH INTERIM FEE APPLICATION OF REED SMITH LLP

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Seventh Interim Fee Application of Reed Smith LLP* [Docket No. 5897 ] (the "**Fee Application**"). The Fee Application seeks approval of fees that total $86,104.50 and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

reimbursement of expenses that total $1,572.03 for the period from June 1, 2010 through August 31, 2010. Reed Smith LLP ("**Reed Smith**") serves as special counsel for certain insurance matters to the Debtors and Debtors-in-Possession.

## Background

1.     On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. Under this Court's *Order Directing Joint Administration Chapter 11 Cases* dated December 10, 2009 [Docket No. 43], these cases are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.

2.     On December 26, 2008, the Debtors filed their *Application for an Order Authorizing Debtors and Debtors in Possession to Employ and Retain Reed Smith LLP as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc Pro Tunc to the Petition Date* [Docket No. 145] (the "**Retention Application**"). By order dated February 3, 2009, this Court approved the retention of Reed Smith [Docket No. 326] (the "**Retention Order**").

3.     Reed Smith submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members under 11 U.S.C. §§ 105(a) and 331* [Docket No. 225] (the "**Interim Compensation Order**").

## Applicable Standards

4.     In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

5.      The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**").  In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6.      Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*.  In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F)*.

7.      A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred.  A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules.  Moreover, the

exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application.   A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

8.      The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to Reed Smith for review and comment.   The firm submitted a written response to the Fee Examiner.   After evaluation and consideration of the additional information provided by Reed Smith, the Fee Examiner submits this Final Report for the Court's consideration. This Final Report is in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of the applicant meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2, and will also inform the Court of all proposed consensual resolutions of the fee and/or expense reimbursement request for the professional and the basis for such proposed consensual resolution.

## Discussion of Finding

9.      **Reconciliation of Fees and Expenses.**   The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application (**"Fees Requested"** and **"Expenses Requested"**) to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm (**"Fees Computed"** and **"Expenses Computed"**).   The Fee Examiner determined that the Fees Computed exceed the Fees Requested by $32.00, resulting in an apparent undercharge.   The discrepancy is the result of task hours within one entry that do not equal the time billed for the entry as a whole, as displayed in the table below:

| Invoice Number | Timekeeper Name | Entry Date | Rate | Hours Billed | Hours Computed | Fees Billed | Fees Computed | Hour Difference | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| 2045251-9 | Lankford | 08/23/10 | $160.00 | 0.70 | 0.90 | $112.00 | $144.00 | (0.20) | ($32.00) |
| | | | | | | | Total Discrepancy (Undercharge) | (0.20) | ($32.00) |

The Fee Examiner further determined that there is no discrepancy between the Expenses Requested and the Expenses Computed. The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

10. **Block Billing.**[2] The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*. The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines ¶(b)(4)(v)*.[3] The Fee Examiner identified only minimal instances of block billing (3.50 hours; the entries were provided to the firm in **Exhibit A** to the Preliminary Report). The Fee Examiner makes no recommendation for a fee reduction, but requests that Reed Smith strive to eliminate all instances of block billing. Exhibit A is omitted from this report.

11. **Time Increments.** The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*. The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*. Billing in greater than 0.10 hour increments is a practice that lends itself to the potential of increased rounding of time, thereby increasing the likelihood that the reported time charged is inflated. The Fee Examiner determined that timekeeper one timekeeper predominantly

---

[2] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing. Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry. As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry. This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

[3] The judicial response to block billing varies. Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007). Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

billed in full or half-hour increments. **Exhibit B** to the Preliminary Report displayed all time entries invoiced by the timekeeper, which totaled 16.20 hours with $4,536.00 in associated fees, and bolded the entries billed in whole or half-hour time increments which totaled 16.00 hours with associated fees of $4,480.00. The Fee Examiner requested comment on the apparent noncompliance with the Local Rules and UST Guidelines.

In response to the Preliminary Report, Reed Smith explained the short term but time intensive project to which the timekeeper invoiced substantial block of time on several days. The firm asserted that the timekeeper understood and abided by the 0.10 hour time increment requirement. After consideration of the firm's response, and in light of the fact that only five entries were at issue (not a statistically reliable number), the Fee Examiner makes no recommendation for a fee reduction. Exhibit B is omitted from this report.

### Review of Fees

12.    **Firm Staffing.** The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*. The Fee Application provided the names, positions, and hourly rates of the 11 Reed Smith professionals and paraprofessionals who billed to this matter, consisting of 3 partners, 3 associates, 1 analyst, 3 paralegals, and 1 practice group specialist. A summary of hours and fees billed by each timekeeper is displayed in **Exhibit C**.[4]

---

[4] This Final Report includes exhibits that detail and support the findings discussed herein. Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits. For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

The firm billed a total of 222.50 hours with associated fees of $86,136.50.[5]   The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 100.50 | 45% | $50,047.50 | 58% |
| Associate | 59.50 | 27% | 24,825.00 | 29% |
| Analyst | 16.20 | 7% | 4,536.00 | 5% |
| Paralegal | 22.80 | 10% | 2,968.00 | 4% |
| Practice Group Specialist | 23.50 | 11% | 3,760.00 | 4% |
| TOTAL | 222.50 | 100% | $86,136.50 | 100% |

The blended hourly rate for the Reed Smith professionals is $467.95 and the blended hourly rate for professionals and paraprofessionals is $387.13.

13.    **Hourly Rate Increases.**   Reed Smith did not increase the hourly rate of any firm timekeeper during the interim period.

14.    **Timekeepers' Roles.**   A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4)*.   With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts.   Each Reed Smith timekeeper appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.

15.    **Meetings, Conferences, Hearings, and Other Events.**   The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" (*Local Rule 2016-2(d)(ix)*), and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*.   While it may be appropriate to have multiple attendees at some meetings, conferences,

---

[5] This amount reflects the Fees Computed.

hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified limited occasions where two Reed Smith timekeepers attended the same meeting, conference, hearing, or other event. Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees. The entries, totaling 7.10 hours with $3,372.50 in associated fees, were displayed in **Exhibit D** to the Preliminary Report. In each instance where multiple timekeepers attended a meeting, conference, hearing or other event, the Fee Examiner identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the attorney leading rather than observing a conference). The potentially duplicative and unnecessary timekeepers' entries total 4.10 hours with $1,767.50 in associated fees, and are highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner requested that Reed Smith provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event.

In response, the firm indicated that certain conferences occurred on the same date but involved different participants. Reed Smith also explained the need for two timekeepers on certain other calls. In light of the minimal instances of multiple attendance, the Fee Examiner makes no recommendation for a fee reduction. Exhibit D is omitted from this report.

16.    **Intraoffice Conferences.** Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified intraoffice conferences totaling 5.90 hours with $2,423.00 in associated fees, or approximately 3% of the Fees Computed as provided to the firm in **Exhibit E** to the Preliminary Report. The Fee Examiner did not identify any instances where two or more Reed Smith timekeepers billed to attend the same intraoffice conference, and makes no recommendation for a fee reduction. Exhibit E is omitted from this report.

17.    **Complete and Detailed Task Descriptions.**  Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary."   The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*.  The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication.   Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*.

The Fee Examiner reviewed the substantive detail of each fee entry and identified 5.70 hours with $2,457.00 in associated fees where the narrative failed to disclose the subject matter of and/or participants to a communication.   The entries were displayed in **Exhibit F** to the Preliminary Report.  The Fee Examiner requested that Reed Smith provide sufficient detail for each time entry and in particular disclose the subject matter and participants for every billing activity describing communications.

The firm responded by annotating the exhibit with the requisite detail.  After review of same, the Fee Examiner makes no recommendation for a fee reduction and Exhibit F is omitted from this report.

18.    **Administrative Activities.**  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm.  The Fee Examiner did not identify any fee entries describing administrative tasks.

19.  **Clerical Activities.**  Clerical activities are tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel[6] or tasks with a market value less than the rate charged by the firm.  The Fee Examiner identified entries describing apparent clerical tasks, including but not limited to organizing and maintaining files (*e.g.*, "review and catalog case correspondence").  The questioned entries were displayed in **Exhibit G** to the Preliminary Report and total 13.30 hours with $1,859.50 in associated fees.

Reed Smith did not object to the proposed fee reduction of $795.50, calculated by reducing the hourly rate applied to the entries to $80.00.  The attached Exhibit G displays the entries and the resulting fee reduction.

20.  **Travel.**  The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*.  The Fee Examiner did not identify any entries describing travel.

21.  **Reed Smith Retention/Compensation.**  Reed Smith billed 29.20 hours with associated fees of $6,372.50 to prepare the firm's retention documents and applications for compensation, which computes to approximately 7% of the Fees Computed.  The fee entries describing Reed Smith's retention/compensation activities are displayed in **Exhibit H**, included in this Final Report for the Court's reference.

**Review of Expenses**

22.  **Itemization of Expenses.**  The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual

---

[6] "Duties appropriate for office staff are considered part of a professional's overhead expenses and may not be billed to the estate." *Fibermark*, 349 B.R. at 397; *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758 769 (Bankr. E.D.N.Y. 2005) (overhead not compensable); *but see Bennett Funding*, 213 B.R. at 247-48 (discussing differing approaches to clerical work at professional rates).  These overhead activities may include: mailing; photocopying, word processing (including the creation of templates), formatting, creating spreadsheets, printing, organizing files, checking for docket updates, creating binders, and secretarial overtime. *Fibermark*, 349 B.R. at 396-97.

incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*. The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*. Reed Smith provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge. The Fee Examiner identified no non-compliant or otherwise objectionable expense charges.

## CONCLUSION

The Fee Examiner submits this final report regarding the Application and the fees and expenses discussed above. The Fee Examiner recommends the approval of fees in the amount of $85,341.00 ($86,104.50 minus $763.50) and reimbursement of expenses in the amount of $1,572.03 for the period from June 1, 2010 through August 31, 2010. The findings are summarized in the attached Appendix A.

Respectfully submitted,

**STUART MAUE**

By: _____
W. Andrew Dalton
3840 McKelvey Road
St. Louis, Missouri 63044
Telephone: (314) 291-3030
Facsimile: (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

# APPENDIX A

## REED SMITH LLP

### SUMMARY OF FINDINGS

#### Seventh Interim Fee Application (June 1, 2010 through August 31, 2010)

##### A.    Amounts Requested and Computed

| | | |
|---|---|---|
| Fees Requested | $86,104.50 | |
| Expenses Requested | 1,572.03 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $87,676.53 |
| | | |
| Fees Computed | $86,136.50 | |
| Expenses Computed | 1,572.03 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $87,708.53 |
| | | |
| Discrepancy in Fees | ($  32.00) | |
| | | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | ($  32.00) |

##### B.    Recommended Fee Allowance and Expense Reimbursement

| | | |
|---|---|---|
| Fees Requested | $86,104.50 | |
| *Discrepancy in Fees* | *$  32.00* | |
| *Agreed Reduction for Clerical Activities* | *(795.50)* | |
| Subtotal | *($763.50)* | |
| | | |
| RECOMMENDED FEE ALLOWANCE | | $85,341.00 |
| | | |
| Expenses Requested | $1,572.03 | |
| | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 1,572.03 |
| | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $86,913.03 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 4th day of August, 2011.

Joseph J. McMahon, Jr., Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE  19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE  19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE  19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE  19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Mr. James F. Conlan
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY  10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY  10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE  19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY  10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

John D. Shugrue, Esq.
Partner
Reed Smith LLP
10 South Wacker Drive, 40th Floor
Chicago, IL  60606-7507

W. Andrew Dalton

EXHIBIT F

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Reed Smith LLP**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| JDS | Shugrue, John D. | PARTNER | $535.00 | $535.00 | 49.20 | $26,322.00 |
| TPL | Law, Timothy P. | PARTNER | $445.00 | $445.00 | 37.50 | $16,687.50 |
| PRW | Walker-Bright, Paul R. | PARTNER | $510.00 | $510.00 | 13.80 | $7,038.00 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $497.99 | | 100.50 | $50,047.50 |
| | | | | % of Total: | 45.17% | % of Total: 58.10% |
| LJR | Raines, Lana J. | ASSOCIATE | $430.00 | $430.00 | 52.10 | $22,403.00 |
| DR | Rosenfield, David M. | ASSOCIATE | $310.00 | $310.00 | 5.80 | $1,798.00 |
| JCF | Falgowski, J. Cory | ASSOCIATE | $390.00 | $390.00 | 1.60 | $624.00 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $417.23 | | 59.50 | $24,825.00 |
| | | | | % of Total: | 26.74% | % of Total: 28.82% |
| JCS | Schad, James C. | ANALYST | $280.00 | $280.00 | 16.20 | $4,536.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $280.00 | | 16.20 | $4,536.00 |
| | | | | % of Total: | 7.28% | % of Total: 5.27% |
| SS | Somoza, Silvia | PARALEGAL | $125.00 | $125.00 | 11.80 | $1,475.00 |
| MT | Todd, Michelle G. | PARALEGAL | $130.00 | $130.00 | 10.40 | $1,352.00 |
| KF | Frankel, Karen | PARALEGAL | $235.00 | $235.00 | 0.60 | $141.00 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $130.18 | | 22.80 | $2,968.00 |
| | | | | % of Total: | 10.25% | % of Total: 3.45% |
| LL | Lankford, Lisa A. | PRAC GROUP SPEC | $160.00 | $160.00 | 23.50 | $3,760.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $160.00 | | 23.50 | $3,760.00 |
| | | | | % of Total: | 10.56% | % of Total: 4.37% |
| | Total No. of Billers: 11 | Blended Rate for Report: | $387.13 | | 222.50 | $86,136.50 |

EXHIBIT G

CLERICAL ACTIVITIES

Reed Smith LLP

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE |
|---|---|---|---|---|
| Lankford, L | 5.60 | 896.00 | 448.00 | 448.00 |
| Somoza, S | 7.50 | 937.50 | 600.00 | 337.50 |
| Todd, M | 0.20 | 26.00 | 16.00 | 10.00 |
| | 13.30 | $1,859.50 | $1,064.00 | $795.50 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE |
|---|---|---|---|---|
| Fee Applications | 6.10 | 958.50 | 488.00 | 470.50 |
| Insurance Counseling | 5.70 | 712.50 | 456.00 | 256.50 |
| Marsh | 0.10 | 12.50 | 8.00 | 4.50 |
| Reliance/Times Mirror | 1.40 | 176.00 | 112.00 | 64.00 |
| | 13.30 | $1,859.50 | $1,064.00 | $795.50 |

* Amount billed adjusted to reflect percentage shown to be due on the invoice.

EXHIBIT

CLERICAL ACTIVITIES

Reed Smith LLP

| TIMEKEEPER NAME | DATE | ENTRY HOURS | TASK HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE | ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| Lankford, L | 06/02/10   Wed 2017386-9/64 | 2.30 | | | | | | *MATTER NAME: Fee Applications* |
| | | | | | | | F | 1 REVISIONS TO CNO'S TO RS'S 13TH MONTHLY, 14TH MONTHLY AND 5TH INTERIM FEE APPLICATIONS (.6): |
| | | | 0.60 | 96.00 | 48.00 | 48.00 | F | 2 E-FILE AND SERVICE OF SAME (.6): |
| | | | | | | | F | 3 REVISIONS TO RS'S 15TH MONTHLY FEE APPLICATION (.5): |
| | | | 0.30 | 48.00 | 24.00 | 24.00 | F | 4 E-MAIL SERVICE (.3): |
| | | | | | | | F | 5 CONFERRED WITH IKON REGARDING SAME (.1): |
| | | | | | | | F | 6 CONFERRED WITH C. FALGOWSKI REGARDING RS'S 15TH MONTHLY FEE APPLICATION (.2). |
| | 06/16/10   Wed 2017386-9/69 | 1.00 | | | | | | *MATTER NAME: Fee Applications* |
| | | | | | | | F | 1 E-MAIL CORRESPONDENCE REGARDING 15TH MONTHLY FEE APPLICATION (.2): |
| | | | | | | | F | 2 REVISIONS TO SAME (.3): |
| | | | 0.50 | 80.00 | 40.00 | 40.00 | F | 3 E-FILE AND SERVICE OF SAME (.5). |
| | 07/15/10   Thu 2032739-9/67 | 2.50 | | | | | | *MATTER NAME: Fee Applications* |
| | | | | | | | F | 1 REVISIONS TO CNO TO RS'S 15TH MONTHLY FEE APPLICATION (.2): |
| | | | 0.40 | 64.00 | 32.00 | 32.00 | F | 2 E-FILE AND SERVICE OF SAME (.4): |
| | | | | | | | F | 3 REVISIONS TO RS'S 16TH MONTHLY FEE APPLICATION (.4): |
| | | | 0.50 | 80.00 | 40.00 | 40.00 | F | 4 E-FILE AND SERVICE OF SAME (.5): |
| | | | | | | | F | 5 REVISIONS TO RS'S 6TH INTERIM FEE APPLICATION (.4): |
| | | | 0.50 | 80.00 | 40.00 | 40.00 | F | 6 E-FILE AND SERVICE OF SAME (.5): |
| | | | 0.10 | 16.00 | 8.00 | 8.00 | F | 7 E-MAIL SERVICES (.1). |
| | 07/26/10   Mon 2032739-9/70 | 1.40 | | | | | | *MATTER NAME: Fee Applications* |
| | | | | | | | F | 1 CONFERRED WITH C. FALGOWSKI REGARDING RS'S 17TH MONTHLY FEE APPLICATION (.3): |
| | | | | | | | F | 2 REVIEWED SAME (.2): |
| | | | 0.70 | 112.00 | 56.00 | 56.00 | F | 3 E-FILE AND SERVICE OF SAME (.7): |
| | | | | | | | F | 4 E-MAIL REGARDING SAME (.2). |
| | 08/23/10   Mon 2045251-9/56 | 0.70 | | | | | | *MATTER NAME: Fee Applications* |
| | | | | | | | F | 1 CONFERRED WITH C. FALGOWSKI REGARDING RS'S FEE APPLICATION AND CNO'S (.2): |
| | | | 0.10 | 16.00 | 8.00 | 8.00 | F | 2 PREPARED SERVICE LABELS FOR CNO TO RS'S 16TH MONTHLY FEE APPLICATION (.1): |
| | | | 0.30 | 48.00 | 24.00 | 24.00 | F | 3 E-FILED AND SERVED SAME (.3): |
| | | | 0.30 | 48.00 | 24.00 | 24.00 | F | 4 E-FILED AND SERVED CNO TO RS'S 17TH MONTHLY FEE APPLICATION (.3). |
| | 08/30/10   Mon 2045251-9/65 | 1.70 | | | | | | *MATTER NAME: Fee Applications* |
| | | | | | | | F | 1 E-MAIL CORRESPONDENCE WITH J. SHUGRUE REGARDING 18TH MONTHLY FEE APPLICATION (.1): |
| | | | | | | | F | 2 REVISIONS TO RS'S 18TH MONTHLY FEE APPLICATION (.3): |
| | | | 1.00 | 160.00 | 80.00 | 80.00 | F | 3 E-FILCD AND SERVED SAME (1.0): |
| | | | 0.30 | 48.00 | 24.00 | 24.00 | F | 4 PREPARED SERVICE LABELS REGARDING SAME (.3). |
| | TOTAL FOR TIMEKEEPER: | 5.60 | | $896.00 | $448.00 | $448.00 | | |
| | NUMBER OF ENTRIES: | 6 | | | | | | |
| Somoza, S | 06/01/10   Tue 2017386-8/50 | 0.10 | 0.10 | 12.50 | 8.00 | 4.50 | | *MATTER NAME: Marsh* |
| | | | | | | | | 1 REVIEWED AND CATALOGUED CASE CORRESPONDENCE. |

~ See the last page of exhibit for explanation

\* Amount billed adjusted to reflect percentage shown to be due on the invoice.

EXHIBIT G

CLERICAL ACTIVITIES

Reed Smith LLP

| TIMEKEEPER NAME | DATE | ENTRY HOURS | TASK HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE | ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| Somoza, S | 06/02/10  Wed 2017386-4/1 | 0.20 | 0.20 | 25.00 | 16.00 | 9.00 | 1 | *MATTER NAME: Reliance/Times Mirror* REVIEWED AND CATALOGUED CASE CORRESPONDENCE AND PLEADINGS. |
| | 06/02/10  Wed 2017386-5/1 | 0.30 | 0.30 | 37.50 | 24.00 | 13.50 | 1 | *MATTER NAME: Insurance Counseling* REVIEWED, CATALOGUED AND ORGANIZED CASE FILE CORRESPONDENCE REGARDING THIRD-PARTY EPL CLAIM. |
| | 06/02/10  Wed 2017386-9/66 | 0.20 | 0.20 | 25.00 | 16.00 | 9.00 | 1 | *MATTER NAME: Fee Applications* REVIEWED AND CATALOGUED CORRESPONDENCE. |
| | 06/09/10  Wed 2017386-4/4 | 0.40 | 0.40 | 50.00 | 32.00 | 18.00 | 1 | *MATTER NAME: Reliance/Times Mirror* REVIEWED AND CATALOGUED CASE CORRESPONDENCE. |
| | 06/22/10  Tue 2017386-5/5 | 0.30 | 0.30 | 37.50 | 24.00 | 13.50 | 1 | *MATTER NAME: Insurance Counseling* REVIEWED AND CATALOGUED CASE CORRESPONDENCE. |
| | 06/25/10  Fri 2017386-5/10 | 0.10 | 0.10 | 12.50 | 8.00 | 4.50 | 1 | *MATTER NAME: Insurance Counseling* PREPARED PDF OF CHART OF POLICY INFORMATION REGARDING ENVIRONMENTAL SITE CLAIM. |
| | 06/28/10  Mon 2017386-5/11 | 0.30 | 0.30 | 37.50 | 24.00 | 13.50 | 1 | *MATTER NAME: Insurance Counseling* REVIEWED AND CATALOGUED CASE CORRESPONDENCE. |
| | 06/29/10  Tue 2017386-4/26 | 0.10 | 0.10 | 12.50 | 8.00 | 4.50 | 1 | *MATTER NAME: Reliance/Times Mirror* REVIEWED AND CATALOGUED CASE CORRESPONDENCE. |
| | 06/29/10  Tue 2017386-9/72 | 0.10 | 0.10 | 12.50 | 8.00 | 4.50 | 1 | *MATTER NAME: Fee Applications* REVIEWED AND CATALOGUED CORRESPONDENCE. |
| | 07/15/10  Thu 2032739-4/6 | 0.20 | 0.20 | 25.00 | 16.00 | 9.00 | 1 | *MATTER NAME: Reliance/Times Mirror* REVIEWED AND CATALOGUED CASE CORRESPONDENCE. |
| | 07/22/10  Thu 2032739-4/13 | 0.20 | 0.20 | 25.00 | 16.00 | 9.00 | 1 | *MATTER NAME: Reliance/Times Mirror* REVIEWED AND CATALOGUED CASE PLEADINGS. |
| | 07/22/10  Thu 2032739-5/39 | 1.00 | 1.00 | 125.00 | 80.00 | 45.00 | 1 | *MATTER NAME: Insurance Counseling* REVIEWED AND ORGANIZED POLICIES FOR VARIOUS PERIODS AND VARIOUS TYPES. |

~  See the last page of exhibit for explanation

*  Amount billed adjusted to reflect percentage shown to be due on the invoice.

EXHIBIT G

CLERICAL ACTIVITIES

Reed Smith LLP

| TIMEKEEPER NAME | DATE | ENTRY HOURS | TASK HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE | ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| Somoza, S | 07/23/10    Fri 2032739-5/41 | 0.70 | 0.70 | 87.50 | 56.00 | 31.50 | 1 | MATTER NAME: Insurance Counseling CONTINUED TO REVIEW FILES OF POLICIES AND ORGANIZED THEM BY THE TYPE OF POLICY AND BY DATE. |
| | 07/27/10    Tue 2032739-5/44 | 0.70 | 0.70 | 87.50 | 56.00 | 31.50 | 1 | MATTER NAME: Insurance Counseling CONTINUED TO WORK ON POLICIES, ORGANIZING BY DATE AND TYPE. |
| | 07/29/10    Thu 2032739-4/18 | 0.10 | 0.10 | 12.50 | 8.00 | 4.50 | 1 | MATTER NAME: Reliance/Times Mirror REVIEWED AND CATALOGUED CASE CORRESPONDENCE. |
| | 07/30/10    Fri 2032739-5/50 | 0.20 | 0.20 | 25.00 | 16.00 | 9.00 | 1 | MATTER NAME: Insurance Counseling REVIEWED AND CATALOGUED CASE CORRESPONDENCE. |
| | 08/09/10    Mon 2045251-5/16 | 0.70 | 0.70 | 87.50 | 56.00 | 31.50 | 1 | MATTER NAME: Insurance Counseling ORGANIZED POLICY DOCUMENTS INTO BINDERS FOR FUTURE REFERENCE. |
| | 08/11/10    Wed 2045251-5/23 | 0.60 | 0.60 | 75.00 | 48.00 | 27.00 | 1 | MATTER NAME: Insurance Counseling REVIEWED AND CATALOGUED CORRESPONDENCE IN CASE FILE. |
| | 08/11/10    Wed 2045251-9/53 | 0.20 | 0.20 | 25.00 | 16.00 | 9.00 | 1 | MATTER NAME: Fee Applications REVIEWED AND CATALOGUED CORRESPONDENCE. |
| | 08/16/10    Mon 2045251-5/31 | 0.80 | 0.80 | 100.00 | 64.00 | 36.00 | 1 | MATTER NAME: Insurance Counseling REVIEWED CASE CORRESPONDENCE FILES AND PERFORMED FILE MAINTENANCE ON VARIOUS SUB FOLDERS. |
| | TOTAL FOR TIMEKEEPER: | | 7.50 | $937.50 | $600.00 | $337.50 | | |
| | NUMBER OF ENTRIES:    21 | | | | | | | |
| Todd, M | 06/14/10    Mon 2017386-4/6 | 0.20 | 0.20 | 26.00 | 16.00 | 10.00 | 1 | MATTER NAME: Reliance/Times Mirror REVIEWED ORDER AND CALENDARED DUE DATE FOR FILING OF OBJECTIONS TO THE REFEREE'S REPORT. |
| | TOTAL FOR TIMEKEEPER: | | 0.20 | $26.00 | $16.00 | $10.00 | | |
| | NUMBER OF ENTRIES:    1 | | | | | | | |

~  See the last page of exhibit for explanation

*  Amount billed adjusted to reflect percentage shown to be due on the invoice.

EXHIBIT G

CLERICAL ACTIVITIES

Reed Smith LLP

| TIMEKEEPER NAME | DATE | ENTRY HOURS | TASK HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE | ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| TOTAL: | | | 13.30 | $1,859.50 | $1,064.00 | $795.50 | | |
| NUMBER OF ENTRIES | 28 | | | | | | | |

* Amount billed adjusted to reflect percentage shown to be due on the invoice.

EXHIBIT G  PAGE 5 of 6

EXHIBIT G

CLERICAL ACTIVITIES

Reed Smith LLP

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE |
|---|---|---|---|---|
| Lankford, L | 5.60 | 896.00 | 448.00 | 448.00 |
| Somoza, S | 7.50 | 937.50 | 600.00 | 337.50 |
| Todd, M | 0.20 | 26.00 | 16.00 | 10.00 |
| | 13.30 | $1,859.50 | $1,064.00 | $795.50 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE |
|---|---|---|---|---|
| Fee Applications | 6.10 | 958.50 | 488.00 | 470.50 |
| Insurance Counseling | 5.70 | 712.50 | 456.00 | 256.50 |
| Marsh | 0.10 | 12.50 | 8.00 | 4.50 |
| Reliance/Times Mirror | 1.40 | 176.00 | 112.00 | 64.00 |
| | 13.30 | $1,859.50 | $1,064.00 | $795.50 |

(–) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL

* Amount billed adjusted to reflect percentage shown to be due on the invoice.

EXHIBIT H

REED SMITH RETENTION/COMPENSATION

Reed Smith LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Falgowski, J | 1.60 | 624.00 |
| Lankford, L | 23.50 | 3,760.00 |
| Shugrue, J | 3.60 | 1,926.00 |
| Somoza, S | 0.50 | 62.50 |
|  | 29.20 | $6,372.50 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Applications | 29.20 | 6,372.50 |
|  | 29.20 | $6,372.50 |

EXHIBIT H

REED SMITH RETENTION/COMPENSATION

Reed Smith LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 06/02/10 Wed | Falgowski, J 2017386-9/65 | 0.40 | 0.40 | 156.00 | | | 1 | MATTER NAME: *Fee Applications* REVIEWED AND REVISED FEE APPLICATIONS. |
| 06/02/10 Wed | Lankford, L 2017386-9/64 | 2.30 | 2.30 | 368.00 | 0.60 0.60 0.50 0.30 0.10 0.20 | F F F F F F | 1 2 3 4 5 6 | MATTER NAME: *Fee Applications* REVISIONS TO CNO'S TO RS'S 13TH MONTHLY, 14TH MONTHLY AND 5TH INTERIM FEE APPLICATIONS (.6); E-FILE AND SERVICE OF SAME (.6); REVISIONS TO RS'S 15TH MONTHLY FEE APPLICATION (.5); E-MAIL SERVICE (.3); CONFERRED WITH IKON REGARDING SAME (.1); CONFERRED WITH C. FALGOWSKI REGARDING RS'S 15TH MONTHLY FEE APPLICATION (.2). |
| 06/02/10 Wed | Somoza, S 2017386-9/66 | 0.20 | 0.20 | 25.00 | | | 1 | MATTER NAME: *Fee Applications* REVIEWED AND CATALOGUED CORRESPONDENCE. |
| 06/04/10 Fri | Lankford, L 2017386-9/67 | 1.00 | 1.00 | 160.00 | 0.80 0.20 | F F | 1 2 | MATTER NAME: *Fee Applications* REVISIONS TO RS'S 15TH MONTHLY FEE APPLICATION (.8); E-MAIL CORRESPONDENCE REGARDING SAME (.2). |
| 06/15/10 Tue | Lankford, L 2017386-9/68 | 0.20 | 0.20 | 32.00 | | | 1 | MATTER NAME: *Fee Applications* E-MAIL CORRESPONDENCE REGARDING RS'S 15TH MONTHLY FEE APPLICATION. |
| 06/16/10 Wed | Lankford, L 2017386-9/69 | 1.00 | 1.00 | 160.00 | 0.20 0.30 0.50 | F F F | 1 2 3 | MATTER NAME: *Fee Applications* E-MAIL CORRESPONDENCE REGARDING 15TH MONTHLY FEE APPLICATION (.2); REVISIONS TO SAME (.3); E-FILE AND SERVICE OF SAME (.5). |
| 06/16/10 Wed | Shugrue, J 2017386-9/70 | 0.40 | 0.40 | 214.00 | | | 1 | MATTER NAME: *Fee Applications* PREPARED NARRATIVE ENTRIES FOR 15TH MONTHLY FEE APPLICATION. |
| 06/22/10 Tue | Lankford, L 2017386-9/71 | 0.60 | 0.60 | 96.00 | | | 1 | MATTER NAME: *Fee Applications* DRAFTED RS'S 16TH MONTHLY FEE APPLICATION. |
| 06/29/10 Tue | Somoza, S 2017386-9/72 | 0.10 | 0.10 | 12.50 | | | 1 | MATTER NAME: *Fee Applications* REVIEWED AND CATALOGUED CORRESPONDENCE. |
| 07/06/10 Tue | Shugrue, J 2032739-9/59 | 0.30 | 0.30 | 160.50 | | | 1 | MATTER NAME: *Fee Applications* WORKED ON NARRATIVE TEXT FOR 16TH MONTHLY FEE APPLICATION. |
| 07/07/10 Wed | Lankford, L 2032739-9/60 | 1.20 | 1.20 | 192.00 | 0.40 0.60 0.20 | F F F | 1 2 3 | MATTER NAME: *Fee Applications* REVISIONS TO RS'S 16TH MONTHLY FEE APPLICATION (.4); DRAFTED RS'S 6TH INTERIM FEE APPLICATION (.6); E-MAIL CORRESPONDENCE REGARDING SAME (.2). |

~ See the last page of exhibit for explanation

EXHIBIT H

REED SMITH RETENTION/COMPENSATION

Reed Smith LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| 07/07/10 Wed | Shugrue, J 2032739-9/61 | 0.30 | 0.30 | 160.50 | | 1 | MATTER NAME: Fee Applications<br>WORKED ON NARRATIVE DESCRIPTIONS FOR 16TH MONTHLY FEE APPLICATION. |
| 07/12/10 Mon | Lankford, L 2032739-9/62 | 1.90 | 1.90 | 304.00 | 1.20<br>0.10<br>0.40<br>0.20 | F<br>F<br>F<br>F | MATTER NAME: Fee Applications<br>1  REVISIONS TO RS'S 16TH MONTHLY AND 6TH INTERIM FEE APPLICATIONS (1.2);<br>2  CONFERRED WITH C. FALGOWSKI REGARDING SAME (.1);<br>3  DRAFTED CNO TO RS'S 16TH MONTHLY FEE APPLICATION (.4);<br>4  E-MAIL CORRESPONDENCE REGARDING SAME (.2). |
| 07/12/10 Mon | Shugrue, J 2032739-9/63 | 0.20 | 0.20 | 107.00 | | 1 | MATTER NAME: Fee Applications<br>ANALYZED AND PROVIDED COMMENT ON DRAFT CNO FILING REGARDING FEE APPLICATIONS. |
| 07/14/10 Wed | Falgowski, J 2032739-9/65 | 0.40 | 0.40 | 156.00 | | 1 | MATTER NAME: Fee Applications<br>REVIEWED AND REVISED FEE APPLICATIONS. |
| 07/14/10 Wed | Lankford, L 2032739-9/64 | 0.10 | 0.10 | 16.00 | | 1 | MATTER NAME: Fee Applications<br>CONFERRED WITH C. FALGOWSKI REGARDING 16TH MONTHLY FEE APPLICATION, 6TH INTERIM FEE APPLICATION AND CNO TO 15TH MONTHLY FEE APPLICATION (.1). |
| 07/15/10 Thu | Lankford, L 2032739-9/66 | 1.40 | 1.40 | 224.00 | 1.20<br>0.20 | F<br>F | MATTER NAME: Fee Applications<br>1  DRAFTED RS'S 17TH MONTHLY FEE APPLICATION (1.2);<br>2  E-MAIL CORRESPONDENCE REGARDING SAME (.2). |
| 07/15/10 Thu | Lankford, L 2032739-9/67 | 2.50 | 2.50 | 400.00 | 0.20<br>0.40<br>0.40<br>0.50<br>0.40<br>0.50<br>0.10 | F<br>F<br>F<br>F<br>F<br>F<br>F | MATTER NAME: Fee Applications<br>1  REVISIONS TO CNO TO RS'S 15TH MONTHLY FEE APPLICATION (.2);<br>2  E-FILE AND SERVICE OF SAME (.4);<br>3  REVISIONS TO RS'S 16TH MONTHLY FEE APPLICATION (.4);<br>4  E-FILE AND SERVICE OF SAME (.5);<br>5  REVISIONS TO RS'S 6TH INTERIM FEE APPLICATION (.4);<br>6  E-FILE AND SERVICE OF SAME (.5);<br>7  E-MAIL SERVICES (.1). |
| 07/22/10 Thu | Shugrue, J 2032739-9/68 | 0.50 | 0.50 | 267.50 | | 1 | MATTER NAME: Fee Applications<br>PREPARED NARRATIVE TEXT FOR 17TH MONTHLY FEE APPLICATION. |
| 07/23/10 Fri | Lankford, L 2032739-9/69 | 2.40 | 2.40 | 384.00 | | 1 | MATTER NAME: Fee Applications<br>DRAFTED RS'S 17TH MONTHLY FEE APPLICATION. |
| 07/26/10 Mon | Falgowski, J 2032739-9/71 | 0.20 | 0.20 | 78.00 | | 1 | MATTER NAME: Fee Applications<br>REVIEWED FEE APPLICATIONS. |

~  See the last page of exhibit for explanation

EXHIBIT H

REED SMITH RETENTION/COMPENSATION

Reed Smith LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 07/26/10 Mon | Lankford, L 2032739-9/70 | 1.40 | 1.40 | 224.00 | 0.30 0.20 0.70 0.20 | F F F F | 1 2 3 4 | *MATTER NAME: Fee Applications* CONFERRED WITH C. FALGOWSKI REGARDING RS'S 17TH MONTHLY FEE APPLICATION (.3); REVIEWED SAME (.2); E-FILE AND SERVICE OF SAME (.7); E-MAIL REGARDING SAME (.2). |
| 08/11/10 Wed | Somoza, S 2045251-9/53 | 0.20 | 0.20 | 25.00 | | | 1 | *MATTER NAME: Fee Applications* REVIEWED AND CATALOGUED CORRESPONDENCE. |
| 08/18/10 Wed | Lankford, L 2045251-9/54 | 1.00 | 1.00 | 160.00 | 0.30 0.30 0.30 0.10 | F F F F | 1 2 3 4 | *MATTER NAME: Fee Applications* E-MAIL CORRESPONDENCE WITH J. SHUGRUE, C. FALGOWSKI REGARDING RS'S 18TH MONTHLY FEE APPLICATION INVOICE (.3); DRAFTED CNO TO RS'S 16TH MONTHLY FEE APPLICATION (.3); DRAFTED CNO TO RS'S 17TH MONTHLY FEE APPLICATION (.3); E-MAIL CORRESPONDENCE WITH J. SHUGRUE, C. FALGOWSKI REGARDING SAME (.1). |
| 08/19/10 Thu | Lankford, L 2045251-9/55 | 2.20 | 2.20 | 352.00 | 0.20 2.00 | F F | 1 2 | *MATTER NAME: Fee Applications* E-MAIL CORRESPONDENCE WITH J. SHUGRUE, C. FALGOWSKI REGARDING INVOICE (.2); DRAFTED RS'S 18TH MONTHLY FEE APPLICATION (2.0). |
| 08/23/10 Mon | Falgowski, J 2045251-9/57 | 0.60 | 0.60 | 234.00 | 0.20 0.40 | F F | 1 2 | *MATTER NAME: Fee Applications* REVIEWED FEE APPLICATIONS (.2); COMMUNICATIONS WITH J. SHUGRUE REGARDING SAME (.4). |
| 08/23/10 Mon | Lankford, L 2045251-9/56 | 0.70 | 0.90 | 144.00 | 0.20 0.10 0.30 0.30 | F F F F | 1 2 3 4 | *MATTER NAME: Fee Applications* CONFERRED WITH C. FALGOWSKI REGARDING RS'S FEE APPLICATION AND CNO'S (.2); PREPARED SERVICE LABELS FOR CNO TO RS'S 16TH MONTHLY FEE APPLICATION (.1); E-FILED AND SERVED SAME (.3); E-FILED AND SERVED CNO TO RS'S 17TH MONTHLY FEE APPLICATION (.3). |
| 08/23/10 Mon | Shugrue, J 2045251-9/58 | 0.50 | 0.50 | 267.50 | | | 1 | *MATTER NAME: Fee Applications* ANALYZED DRAFT OF 1 8TH MONTHLY FEE APPLICATION, CNOS REGARDING PRIOR APPLICATIONS, AND FEE AUDITOR'S LATEST FINAL REPORT. |
| 08/24/10 Tue | Lankford, L 2045251-9/59 | 0.30 | 0.30 | 48.00 | | | 1 | *MATTER NAME: Fee Applications* E-MAIL CORRESPONDENCE WITH C. FALGOWSKI REGARDING RETENTION ORDER (.3). |
| 08/25/10 Wed | Lankford, L 2045251-9/60 | 0.20 | 0.20 | 32.00 | | | 1 | *MATTER NAME: Fee Applications* E-MAIL CORRESPONDENCE WITH J. SHUGRUE, C. FALGOWSKI REGARDING RS'S 18TH MONTHLY FEE APPLICATION. |
| 08/26/10 Thu | Lankford, L 2045251-9/61 | 0.20 | 0.20 | 32.00 | | | 1 | *MATTER NAME: Fee Applications* REVIEWED RS'S FEE APPLICATION. |
| 08/26/10 Thu | Shugrue, J 2045251-9/62 | 1.00 | 1.00 | 535.00 | 0.50 0.50 | F F | 1 2 | *MATTER NAME: Fee Applications* PREPARED NARRATIVE DESCRIPTIONS OF WORK IN CONNECTION WITH 18TH MONTHLY FEE APPLICATION (.5); ANALYZED AUDITOR'S REPORT REGARDING 5TH INTERIM APPLICATION (.5). |

~ See the last page of exhibit for explanation

EXHIBIT H

REED SMITH RETENTION/COMPENSATION

Reed Smith LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 08/27/10 Fri | Lankford, L 2045251-9/63 | 1.00 | 1.00 | 160.00 | 0.40 0.60 | F F | 1 2 | *MATTER NAME: Fee Applications*<br>E-MAIL CORRESPONDENCE WITH J. SHUGRUE, C. FALGOWSKI REGARDING EDITS TO RS'S 18TH MONTHLY FEE APPLICATION (.4);<br>REVISIONS TO SAME (.6). |
| 08/27/10 Fri | Shugrue, J 2045251-9/64 | 0.20 | 0.20 | 107.00 | | | 1 | *MATTER NAME: Fee Applications*<br>ANALYZED AND APPROVED FOR FILING 18TH MONTHLY FEE APPLICATION. |
| 08/30/10 Mon | Lankford, L 2045251-9/65 | 1.70 | 1.70 | 272.00 | 0.10 0.30 1.00 0.30 | F F F F | 1 2 3 4 | *MATTER NAME: Fee Applications*<br>E-MAIL CORRESPONDENCE WITH J. SHUGRUE REGARDING 18TH MONTHLY FEE APPLICATION (.1);<br>REVISIONS TO RS'S 18TH MONTHLY FEE APPLICATION (.3);<br>E-FILCD AND SERVED SAME (1.0);<br>PREPARED SERVICE LABELS REGARDING SAME (.3). |
| 08/31/10 Tue | Shugrue, J 2045251-9/66 | 0.20 | 0.20 | 107.00 | | | 1 | *MATTER NAME: Fee Applications*<br>PREPARED FOR AND TELEPHONE CONFERENCE WITH J. DECKER (STUART MAUE) REGARDING RESPONSE TO FEE AUDITOR'S PRELIMINARY REPORT ON FIFTH INTERIM FEE APPLICATION. |
| Total | | | 29.20 | $6,372.50 | | | | |

Number of Entries:        36

EXHIBIT H

REED SMITH RETENTION/COMPENSATION

Reed Smith LLP

## SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Falgowski, J | 1.60 | 624.00 |
| Lankford, L | 23.50 | 3,760.00 |
| Shugrue, J | 3.60 | 1,926.00 |
| Somoza, S | 0.50 | 62.50 |
| | 29.20 | $6,372.50 |

## SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Applications | 29.20 | 6,372.50 |
| | 29.20 | $6,372.50 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL