# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE
## FIFTH INTERIM FEE APPLICATION OF DOW LOHNES PLLC

Stuart Maue (the **"Fee Examiner"**) submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the **"Fee Examiner Order"**) in connection with the *Fifth Interim Fee Application of Dow Lohnes PLLC* [Docket No. 5957] (the **"Fee Application"**). The Fee Application seeks approval of fees that total $715,652.00 and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

reimbursement of expenses that total $4,891.43 for the period from June 1, 2010 through August 31, 2010. Dow Lohnes PLLC ("**Dow Lohnes**") serves as special regulatory counsel to the Debtors.

## Background

1.     On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' Chapter 11 cases for procedural purposes only.

2.     On June 26, 2009, the Debtors filed the *Application for an Order Authorizing Debtors and Debtors to Employ and Retain Dow Lohnes PLLC as Special Counsel for Certain Regulatory (FCC and Broadcast) Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107* [Docket No. 1650] (the "**Retention Application**"). By order dated July 14, 2009 [Docket No. 1725], this Court approved the retention of Dow Lohnes (the "**Retention Order**").

3.     Dow Lohnes submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, (January 15, 2009) [Docket No. 225] (the "**Interim Compensation Order**").

## Applicable Standards

4.     In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

5.     The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure

(the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6.    Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F)*.

7.    A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable

component of every fee application.   A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

8.      The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to Dow Lohnes for review and comment.   The firm sent a written response to the Fee Examiner.   After evaluation and consideration of the additional information provided by Dow Lohnes, the Fee Examiner submits this Final Report for the Court's consideration. This Final Report is in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of the applicant meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2, and will also inform the Court of all proposed consensual resolutions of the fee and/or expense reimbursement request for the professional and the basis for such proposed consensual resolution.

**Discussion of Findings**

**Reconciliation of Fees and Expenses**

9.      **Reconciliation of Fees and Expenses.**   The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application (**"Fees Requested"** and **"Expenses Requested"**) to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm (**"Fees Computed"** and **"Expenses Computed"**).   The Fee Examiner determined that the Fees Computed exceed the Fees Requested by \$316.50, resulting in an apparent undercharge.   The discrepancy is the result of task hours within two entries that do not equal the time billed for the entries as a whole, as displayed in **Exhibit A.**[2]   In response to the Preliminary Report, Dow Lohnes acknowledged the calculation discrepancy and agreed to consider the \$316.50 as a voluntary write-off.

---

[2] This Final Report includes exhibits that detail and support the findings discussed herein.   Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits.   For purpose of context, other tasks

The Fee Examiner determined that there is no discrepancy between the Expenses Requested and the Expenses Computed. The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

10.    **Block Billing.**  The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*.  The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[3]  With minimal exceptions, Dow Lohnes timekeepers did not block bill time entries.

11.    **Time Increments.**  The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*.  The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*.  Dow Lohnes complied with the applicable guidelines regarding time increments.

**Review of Fees**

12.    **Firm Staffing.**  The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*.  The Fee Application provided the

---

within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

[3] The judicial response to block billing varies. Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007).  Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

names, positions, and hourly rates of the 17 Dow Lohnes professionals and paraprofessionals who billed to this matter, consisting of 9 members, 2 senior counsel, 3 associates, 1 communications specialist, 1 communications coordinator, and 1 cable specialist.  A summary of hours and fees billed by each timekeeper is displayed in **Exhibit B**.

The firm billed a total of 1,337.50 hours with associated fees of $715,968.50.[4]  The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Member | 879.80 | 66% | $558,609.50 | 78% |
| Senior Counsel | 202.90 | 15% | 87,868.00 | 12% |
| Associate | 53.80 | 4% | 15,256.00 | 2% |
| Communications Specialist | 161.60 | 12% | 44,440.00 | 6% |
| Communications Coordinator | 33.90 | 3% | 8,475.00 | 1% |
| Cable Specialist | 5.50 | * | 1,320.00 | * |
| TOTAL | 1,337.50 | 100% | $715,968.50 | 100% |

* Less than 1%

The blended hourly rate for the Dow Lohnes professionals is $582.26 and the blended hourly rate for professionals and paraprofessionals is $535.30.

13.    **Hourly Rate Increases.**  Dow Lohnes did not increase the hourly rate of any timekeeper during the interim period.

14.    **Timekeepers' Roles.**  A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4).*  With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts.  Each timekeeper appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other Dow Lohnes professionals.

15.    **Meetings, Conferences, Hearings, and Other Events.**  The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the

---

[4] This amount reflects the Fees Computed.

subject(s) of the meeting or hearing, and the participant's role" *(Local Rule 2016-2(d)(ix))*, and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*. While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified occasions where two or more Dow Lohnes timekeepers attended the same meeting, conference, hearing, or other event. Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees. The entries, totaling 25.80 hours with $15,297.00 in associated fees, were provided to the firm in **Exhibit C** to the Preliminary Report. In each instance where multiple timekeepers attended a meeting, conference, hearing or other event, the Fee Examiner identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the attorney leading rather than observing a conference). The potentially duplicative and unnecessary timekeepers' entries total 15.00 hours with $8,102.00 in associated fees, and are highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner requested that the firm provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event.

In response, Dow Lohnes explained the role of each of the timekeepers with fee entries in the exhibit. The response stated that as the professionals' roles are complimentary rather than overlapping, it was efficient rather than redundant to have multiple attendees on certain calls and conferences. Dow Lohnes indicated that the firm will make every effort to provide sufficient detail regarding participant's roles, FCC personnel involved in conferences, and the need for multiple attendees at certain conferences. After consideration of all information provided by the firm, the Fee Examiner makes no recommendation for a fee reduction. Exhibit C is omitted from this report.

16.     **Intraoffice Conferences.**  Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel.  The Fee Examiner did not identify any time entries describing intraoffice conferences.

17.     **Complete and Detailed Task Descriptions.**  Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary."   With minimal exceptions, Dow Lohnes timekeepers sufficiently described the activities performed.

18.     **Administrative Activities.**  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm.  The Fee Examiner did not identify any fee entries describing administrative tasks.

19.     **Clerical Activities.**  Clerical activities are tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel[5] or tasks that have a market value less than the rate charged by the firm.  The Fee Examiner did not identify any time entries describing clerical activities.

20.     **Travel.**  The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii).* The Fee Examiner did not identify any entries in the Fee Application describing travel.

21.     **Dow Lohnes Retention/Compensation.**  The firm billed 35.20 hours with associated fees of $14,080.00 to prepare the firm's retention documents and applications for compensation, approximately 2% of the Fees Computed.   The entries describing the firm's retention/compensation activities are displayed in **Exhibit D**, included in this Final Report for the Court's reference.

---

[5] "Duties appropriate for office staff are considered part of a professional's overhead expenses and may not be billed to the estate." *Fibermark*, 349 B.R. at 397; *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758 769 (Bankr. E.D.N.Y. 2005) (overhead not compensable); *but see Bennett Funding*, 213 B.R. at 247-48 (discussing differing approaches to clerical work at professional rates).   These overhead activities may include: mailing; photocopying, word processing (including the creation of templates), formatting, creating spreadsheets, printing, organizing files, checking for docket updates, creating binders, and secretarial overtime. *Fibermark*, 349 B.R. at 396-97.

## Review of Expenses

22.    **Itemization of Expenses.**  The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*.  The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.  Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*.  Dow Lohnes provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

23.    **Photocopies.**  The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii)*.  The firm requested reimbursement of $2,520.60 for duplication charges calculated at a rate of $0.10 per page.

24.    **Computer Assisted Legal Research.**  The Local Rules provide that computer assisted legal research charges "shall not be more than the actual cost." *Local Rule 2016-2 (e)(iii)*.  Dow Lohnes requested reimbursement for computer assisted legal research charges totaling $131.79, and the Fee Application stated "(c)harges for computer-assisted research are set at a rate that realizes no more than Dow Lohnes' actual cost."

25.    **Overtime Expenses.**  Dow Lohnes requested reimbursement of secretarial overtime charges totaling $916.96; the charges are displayed in **Exhibit E**.  Secretarial services are included in the definition of nonreimbursable overtime in *UST Guidelines ¶(b)(5)(vii)*.  In response to the Preliminary Report, Dow Lohnes agreed to withdraw the reimbursement request.

26.   **Transportation.**   Dow Lohnes requested reimbursement for ground transportation charges totaling $56.00.   The Fee Examiner requested detailed information regarding the nature, purpose, and necessity of the charges displayed in **Exhibit F**, including whether the transportation was related to local or out-of-town travel.   In response, the firm agreed to a voluntary expense reduction in the amount of $56.00.

**Conclusion**

The Fee Examiner submits this final report regarding the Fee Application and the fees and expenses discussed above.   The Fee Examiner recommends the approval of fees in the amount of $715,652.00 and reimbursement of expenses in the amount of $3,918.47 ($4,891.43 minus $972.96) for the period from June 1, 2010 through August 31, 2010.   The findings are summarized in the attached Appendix A.

Respectfully submitted,

**STUART MAUE**

By: _____

W. Andrew Dalton
3840 McKelvey Road
St. Louis, Missouri 63044
Telephone: (314) 291-3030
Facsimile:  (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

**APPENDIX A**

**DOW LOHNES PLLC**

### SUMMARY OF FINDINGS

#### Fifth Interim Fee Application (June 1, 2010 through August 31, 2010)

**A.        Amounts Requested and Computed**

| | | |
|---|---|---|
| Fees Requested | $715,652.00 | |
| Expenses Requested | 4,891.43 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $720,543.43 |
| | | |
| Fees Computed | $715,968.50 | |
| Expenses Computed | 4,891.43 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $720,859.93 |
| | | |
| Discrepancy in Fees | ($   316.50) | |
| | | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | ($   316.50) |

**B.        Recommended Fee Allowance and Expense Reimbursement**

| | | | |
|---|---|---|---|
| Fees Requested | $715,652.00 | | |
| | | | |
| RECOMMENDED FEE ALLOWANCE | | | $715,652.00 |
| | | | |
| Expenses Requested | $4,891.43 | | |
| *Agreed Reduction for Overtime Expenses* | | *($916.96)* | |
| *Agreed Reduction for Transportation* | | *(56.00)* | |
| Subtotal | | *($972.96)* | |
| | | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | | 3,918.47 |
| | | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | | $719,570.47 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on this 4th day of August 2011.

Joseph J. McMahon, Jr., Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE  19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE  19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE  19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE  19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.'
Mr. James F. Conlan
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY  10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY  10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE  19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY  10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

John R. Feore, Esq.
Dow Lohnes PLLC
1200 New Hampshire Avenue, NW, Suite 800
Washington, DC  20036-6802

W. Andrew Dalton

**EXHIBIT A**
**DISCREPANCY SCHEDULE**
**Dow Lohnes PLLC**

| Invoice Number | Entry Number | Timekeeper Name | Entry Date | Rate | Hours Billed | Hours Computed | Fees Billed | Fees Computed | Hour Difference | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|---|
| 527639-100 | 86 | Anderson | 06/25/10 | $250.00 | 2.80 | 3.80 | $ 700.00 | $ 950.00 | (1.00) | $ (250.00) |
| 527639-100 | 132 | Hays | 06/24/10 | $665.00 | 6.40 | 6.50 | $ 4,256.00 | $ 4,322.50 | (0.10) | (66.50) |
| | | | | | | | Total Discrepancy (Undercharge) | | (1.10) | $ (316.50) |

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Dow Lohnes PLLC**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| JSL | Logan, John S. | MEMBER | $650.00 | $650.00 | 287.70 | $187,005.00 |
| MAS2 | Swanson, M. Ann | MEMBER | $625.00 | $625.00 | 209.90 | $131,187.50 |
| JRF | Feore, John R. | MEMBER | $725.00 | $725.00 | 175.00 | $126,875.00 |
| CH | Burrow, Christina H. | MEMBER | $530.00 | $530.00 | 158.50 | $84,005.00 |
| MDH1 | Hays, Michael D. | MEMBER | $665.00 | $665.00 | 26.90 | $17,888.50 |
| GSL | Lutzker, Gary S. | MEMBER | $530.00 | $530.00 | 19.90 | $10,547.00 |
| KPL | Latek, Kevin P. | MEMBER | $550.00 | $550.00 | 0.80 | $440.00 |
| DJW | Wittenstein, David J. | MEMBER | $675.00 | $675.00 | 0.50 | $337.50 |
| SSP2 | Patrick, Scott S. | MEMBER | $540.00 | $540.00 | 0.60 | $324.00 |
| | No. of Billers for Position: 9 | Blended Rate for Position: | $634.93 | | 879.80 | $558,609.50 |
| | | | | | % of Total: 65.78% | % of Total: 78.02% |
| JR4 | Rademacher, Jason E. | SENIOR COUNSEL | $440.00 | $440.00 | 167.70 | $73,788.00 |
| CLM2 | Meazell, Christopher L. | SENIOR COUNSEL | $400.00 | $400.00 | 35.20 | $14,080.00 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $433.06 | | 202.90 | $87,868.00 |
| | | | | | % of Total: 15.17% | % of Total: 12.27% |
| DHT | Teslik, Derek H. | ASSOCIATE | $280.00 | $280.00 | 49.30 | $13,804.00 |
| MW2 | Weber, Mario J. | ASSOCIATE | $310.00 | $310.00 | 2.60 | $806.00 |
| RJF2 | Folliard, Robert J. | ASSOCIATE | $340.00 | $340.00 | 1.90 | $646.00 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $283.57 | | 53.80 | $15,256.00 |
| | | | | | % of Total: 4.02% | % of Total: 2.13% |
| LJM | McCarthy, Laurie J. | COMMUN SPECIALI | $275.00 | $275.00 | 161.60 | $44,440.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $275.00 | | 161.60 | $44,440.00 |
| | | | | | % of Total: 12.08% | % of Total: 6.21% |
| SEA | Anderson, Susan E. | COMMUN COORDIN | $250.00 | $250.00 | 33.90 | $8,475.00 |

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Dow Lohnes PLLC**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| | No. of Billers for Position: 1 | Blended Rate for Position: | $250.00 | | 33.90 | $8,475.00 |
| | | | | | % of Total: 2.53% | % of Total: 1.18% |
| AEM2 | Mejia, Allyson E. | CABLE SPECIALIS | $240.00 | $240.00 | 5.50 | $1,320.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $240.00 | | 5.50 | $1,320.00 |
| | | | | | % of Total: 0.41% | % of Total: 0.18% |
| | Total No. of Billers: 17 | Blended Rate for Report: | $535.30 | | 1,337.50 | $715,968.50 |

EXHIBIT D

DOW LOHNES RETENTION/COMPENSATION

Dow Lohnes PLLC

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Meazell, C | 35.20 | 14,080.00 |
| | 35.20 | $14,080.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Retention and Fee Applications | 35.20 | 14,080.00 |
| | 35.20 | $14,080.00 |

EXHIBIT D
DOW LOHNES RETENTION/COMPENSATION
Dow Lohnes PLLC

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 06/04/10 Fri | Meazell, C 528082-101/171 | 0.70 | 0.70 | 280.00 | | F | 1 | *MATTER NAME: Retention and Fee Applications* PREPARATION OF 12TH MONTHLY FEE APPLICATION. |
| 06/07/10 Mon | Meazell, C 528082-101/176 | 1.20 | 1.20 | 480.00 | | F | 1 | *MATTER NAME: Retention and Fee Applications* PREPARATION OF 12TH MONTHLY FEE APPLICATION. |
| 06/08/10 Tue | Meazell, C 528082-101/172 | 0.70 | 0.70 | 280.00 | | F | 1 | *MATTER NAME: Retention and Fee Applications* PREPARATION OF 12TH MONTHLY FEE APPLICATION. |
| 06/08/10 Tue | Meazell, C 528082-101/177 | 1.30 | 1.30 | 520.00 | | F | 1 | *MATTER NAME: Retention and Fee Applications* PREPARATION OF 12TH MONTHLY FEE APPLICATION. |
| 06/11/10 Fri | Meazell, C 528082-101/169 | 0.40 | 0.40 | 160.00 | | F | 1 | *MATTER NAME: Retention and Fee Applications* PREPARATION OF 12TH MONTHLY FEE APPLICATION. |
| 06/17/10 Thu | Meazell, C 528082-101/174 | 0.80 | 0.80 | 320.00 | | F | 1 | *MATTER NAME: Retention and Fee Applications* PREPARATION OF 12TH MONTHLY FEE APPLICATION. |
| 06/18/10 Fri | Meazell, C 528082-101/178 | 3.60 | 3.60 | 1,440.00 | 0.20 3.40 | F F | 1 2 | *MATTER NAME: Retention and Fee Applications* PREPARATION OF 12TH MONTHLY FEE APPLICATION (0.2); PREPARATION OF 4TH INTERIM FEE APPLICATION (3.4). |
| 06/22/10 Tue | Meazell, C 528082-101/175 | 0.90 | 0.90 | 360.00 | 0.70 0.20 | F F | 1 2 | *MATTER NAME: Retention and Fee Applications* FINALIZE 12TH MONTHLY FEE APPLICATION (0.7); CORRESPONDENCE WITH DELAWARE COUNSEL REGARDING SAME (0.2). |
| 06/28/10 Mon | Meazell, C 528082-101/170 | 0.40 | 0.40 | 160.00 | | F | 1 | *MATTER NAME: Retention and Fee Applications* PREPARATION OF CORRESPONDENCE TO FEE EXAMINER REGARDING 12TH MONTHLY FEE APPLICATION. |
| 06/30/10 Wed | Meazell, C 528082-101/173 | 0.70 | 0.70 | 280.00 | | F | 1 | *MATTER NAME: Retention and Fee Applications* PREPARATION OF 4TH INTERIM FEE APPLICATION. |
| 07/02/10 Fri | Meazell, C 529176-101/125 | 0.70 | 0.70 | 280.00 | | F | 1 | *MATTER NAME: Retention and Fee Applications* PREPARATION OF 4TH INTERIM FEE APPLICATION. |
| 07/07/10 Wed | Meazell, C 529176-101/131 | 3.40 | 3.40 | 1,360.00 | | F | 1 | *MATTER NAME: Retention and Fee Applications* PREPARATION OF 13TH MONTHLY FEE APPLICATION. |
| 07/08/10 Thu | Meazell, C 529176-101/126 | 1.40 | 1.40 | 560.00 | | F | 1 | *MATTER NAME: Retention and Fee Applications* PREPARATION OF 13TH MONTHLY FEE APPLICATION. |

~ See the last page of exhibit for explanation

EXHIBIT D
DOW LOHNES RETENTION/COMPENSATION
Dow Lohnes PLLC

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 07/09/10 Fri | Meazell, C 529176-101/127 | 1.60 | 1.60 | 640.00 | | F | 1 | MATTER NAME: Retention and Fee Applications PREPARATION OF 13TH MONTHLY FEE APPLICATION. |
| 07/13/10 Tue | Meazell, C 529176-101/128 | 1.70 | 1.70 | 680.00 | 1.30 0.40 | F F | 1 2 | MATTER NAME: Retention and Fee Applications FINALIZE 4TH INTERIM FEE APPLICATION (1.3); PREPARATION OF CORRESPONDENCE TO DELAWARE COUNSEL REGARDING SAME (0.4). |
| 07/15/10 Thu | Meazell, C 529176-101/122 | 0.20 | 0.20 | 80.00 | | F | 1 | MATTER NAME: Retention and Fee Applications CORRESPONDENCE WITH FEE EXAMINER REGARDING 4TH INTERIM FEE APPLICATION. |
| 07/21/10 Wed | Meazell, C 529176-101/130 | 2.10 | 2.10 | 840.00 | | F | 1 | MATTER NAME: Retention and Fee Applications PREPARATION OF 13TH MONTHLY FEE APPLICATION. |
| 07/22/10 Thu | Meazell, C 529176-101/129 | 1.80 | 1.80 | 720.00 | 1.40 0.20 0.20 | F F F | 1 2 3 | MATTER NAME: Retention and Fee Applications PREPARATION OF 13TH MONTHLY FEE APPLICATION (1.4); CORRESPONDENCE WITH DE COUNSEL REGARDING SAME (0.2); RESEARCH REGARDING STATUS OF 12TH MONTHLY FEE APPLICATION (0.2). |
| 07/23/10 Fri | Meazell, C 529176-101/123 | 0.20 | 0.20 | 80.00 | | F | 1 | MATTER NAME: Retention and Fee Applications PREPARATION OF CORRESPONDENCE TO FEE EXAMINER REGARDING 13TH MONTHLY FEE APPLICATION. |
| 07/30/10 Fri | Meazell, C 529176-101/124 | 0.40 | 0.40 | 160.00 | | F | 1 | MATTER NAME: Retention and Fee Applications RESEARCH REGARDING UPDATES TO RETENTION AND PAYMENT RECORDS. |
| 08/02/10 Mon | Meazell, C 530154-101/5 | 1.20 | 1.20 | 480.00 | | F | 1 | MATTER NAME: Retention and Fee Applications PREPARATION OF 14TH MONTHLY FEE APPLICATION. |
| 08/06/10 Fri | Meazell, C 530154-101/7 | 2.40 | 2.40 | 960.00 | | F | 1 | MATTER NAME: Retention and Fee Applications PREPARATION OF 14TH MONTHLY FEE APPLICATION. |
| 08/12/10 Thu | Meazell, C 530154-101/3 | 0.70 | 0.70 | 280.00 | | F | 1 | MATTER NAME: Retention and Fee Applications PREPARATION OF 14TH MONTHLY FEE APPLICATION. |
| 08/13/10 Fri | Meazell, C 530154-101/1 | 0.30 | 0.30 | 120.00 | | F | 1 | MATTER NAME: Retention and Fee Applications PREPARATION OF 14TH MONTHLY FEE APPLICATION. |
| 08/17/10 Tue | Meazell, C 530154-101/8 | 3.90 | 3.90 | 1,560.00 | 2.10 0.20 0.20 1.40 | F F F F | 1 2 3 4 | MATTER NAME: Retention and Fee Applications RESEARCH REGARDING RETENTION MATTERS (2.1); TELEPHONE CONFERENCE WITH DELAWARE COUNSEL REGARDING SAME (0.2); TELEPHONE CONFERENCE WITH J. LUDWIG (SIDLEY) REGARDING SAME (0.2); PREPARATION OF 14TH MONTHLY FEE APPLICATION (1.4). |

~ See the last page of exhibit for explanation

EXHIBIT D
DOW LOHNES RETENTION/COMPENSATION
Dow Lohnes PLLC

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 08/18/10 Wed | Meazell, C 530154-101/4 | 0.90 | 0.90 | 360.00 | 0.30 0.60 | F F | 1 2 | *MATTER NAME: Retention and Fee Applications* RESEARCH REGARDING RETENTION MATTERS (0.3); PREPARATION OF 14TH MONTHLY FEE APPLICATION (0.6). |
| 08/26/10 Thu | Meazell, C 530154-101/2 | 0.30 | 0.30 | 120.00 | | F | 1 | *MATTER NAME: Retention and Fee Applications* PREPARATION OF CORRESPONDENCE TO FEE EXAMINER REGARDING 14TH MONTHLY FEE APPLICATION. |
| 08/30/10 Mon | Meazell, C 530154-101/6 | 1.30 | 1.30 | 520.00 | | F | 1 | *MATTER NAME: Retention and Fee Applications* PREPARATION OF 15TH MONTHLY FEE APPLICATION. |
| Total | | | 35.20 | $14,080.00 | | | | |
| Number of Entries: | 28 | | | | | | | |

~ See the last page of exhibit for explanation

EXHIBIT D

DOW LOHNES RETENTION/COMPENSATION

Dow Lohnes PLLC

## SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Meazell, C | 35.20 | 14,080.00 |
| | 35.20 | $14,080.00 |

## SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Retention and Fee Applications | 35.20 | 14,080.00 |
| | 35.20 | $14,080.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL

EXHIBIT E

Overtime Expenses

Dow Lohnes PLLC

| DATE | INVOICE/ENTRY# | AMOUNT BILLED | DETAIL AMOUNT | EXHIBIT AMOUNT | DESCRIPTION |
|------|----------------|---------------|---------------|----------------|-------------|
| 07/12/10 | 528637-100/73 | 18.00 | | 18.00 | MATTER NAME: 100 - FCC/Broadcast Matters<br>T. FOXWELL INV#PCTAL071210 - T. FOXWELL - WORKED OT FROM 6PM, 7/9/10 THROUGH 12:30 AM, 7/10/10 RE TRIBUNE NOI COMMENTS<br>* 194Number of units: 1 |
| 07/15/10 | 528637-100/79 | 31.01 | | 31.01 | MATTER NAME: 100 - FCC/Broadcast Matters<br>OT FOR PD 6/19 TO 7/2 T. FOXWELL<br>* 200Number of units: 1 |
| 07/15/10 | 528637-100/78 | 73.85 | | 73.85 | MATTER NAME: 100 - FCC/Broadcast Matters<br>OT FOR PD 6/19 TO 7/2 T. FOXWELL<br>* 199Number of units: 1 |
| 07/15/10 | 528637-100/80 | 401.73 | | 401.73 | MATTER NAME: 100 - FCC/Broadcast Matters<br>OT FOR PD 6/19 TO 7/2 T. FOXWELL<br>* 201Number of units: 1 |
| 07/30/10 | 528637-100/157 | 123.08 | | 123.08 | MATTER NAME: 100 - FCC/Broadcast Matters<br>OT FOR PD 7/3 TO 7/23 T. FOXWELL<br>* 278Number of units: 1 |
| 07/30/10 | 528637-100/158 | 220.06 | | 220.06 | MATTER NAME: 100 - FCC/Broadcast Matters<br>OT FOR PD 7/3 TO 7/23 T. FOXWELL<br>* 279Number of units: 1 |
| 07/30/10 | 528637-100/159 | 49.23 | | 49.23 | MATTER NAME: 100 - FCC/Broadcast Matters<br>OT FOR PD 7/3 TO 7/23 T. FOXWELL<br>* 280Number of units: 1 |
| | | $916.96 | | $916.96 | |

EXHIBIT F

Transportation

Dow Lohnes PLLC

| DATE | INVOICE/ENTRY# | AMOUNT BILLED | DETAIL AMOUNT | EXHIBIT AMOUNT | DESCRIPTION |
|------|----------------|---------------|---------------|----------------|-------------|
| | | | | | *MATTER NAME: 100 - FCC/Broadcast Matters* |
| 04/24/10 | 527639-100/29 | 36.00 | | 36.00 | M A SWANSON INV#ERMAS2042410 - TAXI |
| | | | | | *  197Number of units: 1* |
| | | | | | *MATTER NAME: 100 - FCC/Broadcast Matters* |
| 08/30/10 | 530424-100/145 | 20.00 | | 20.00 | VENDOR: DL PETTY CASH: INVOICE#: PCLJM090110A: DATE: 9/2/2010 - L. MCCARTY- TRANSPORTATION |
| | | | | | *  266Number of units: 1* |
| | | $56.00 | | $56.00 | |