## EXHIBIT A

**PROPOSED PRELIMINARY APPROVAL ORDER**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Related to Docket Nos. 4513, 4702, 5277, 5862, 6204, 6450, 7403, 7643, 7682 and _____ |

### ORDER (I) PRELIMINARILY APPROVING SETTLEMENT AGREEMENT; (II) GRANTING CLASS CERTIFICATION, APPOINTING CLASS REPRESENTATIVES AND CLASS COUNSEL, AND APPROVING NOTICING PROCEDURES; (III) SCHEDULING FINAL FAIRNESS HEARING; (IV) FINALLY APPROVING SETTLEMENT AGREEMENT AFTER FINAL FAIRNESS HEARING; AND (V) GRANTING OTHER RELATED RELIEF

Upon consideration of the Debtors' motion (the "Motion")[2] for entry of an order (i) approving the Settlement Agreement; (ii) granting class certification, appointing class

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion.

46429/0001-7803132v1

representatives and class counsel, and approving noticing procedures; (iii) scheduling the Final Fairness Hearing; (iv) finally approving the Settlement Agreement after the Final Fairness Hearing; and (v) granting other related relief, and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the Motion is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Motion and opportunity for objection having been given, and it appearing that no other notice need be given to any party; and it appearing that the relief requested in the Motion is in the best interests of the Settlement Class members, the Debtors' estates, their creditors and other parties in interest; and the Court having considered the (i) Motion, the Class Certification Motion, the Objection, and the Reply; (ii) representations of counsel at the January 13, 2011 hearing, the March 22, 2011 status conference, and the August 25, 2011 hearing on the Motion; (iii) the Mediation Order; and (iv) all documents related thereto, and after due deliberation and good and sufficient cause appearing therefor;

THE COURT MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:

A. As stipulated and agreed by the Defendants for settlement purposes only, the Settlement Class meets the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3) for class certification for settlement purposes only as having satisfied the prerequisites for class certification: (a) the class includes approximately 2,950 persons and therefore satisfies numerosity; (b) questions of law or fact are common to the Settlement Class; (c) the claims and defenses pertaining to each Settlement Class member are typical of the Settlement Class; (d) the Plaintiffs will fairly and adequately protect the interests of the Settlement Class; (e) common questions of law or fact predominate over questions affecting only individual members and

2

(f) the class vehicle is superior to other available methods for the fair and efficient adjudication of the minimum wage claimant controversy;

B. The Court has considered the proposed forms of notice to the Settlement Class members provided in the Settlement Agreement, namely, the Notice, Claim Form, and Publication Notice, and the plan for disseminating such notices and processing claims and exclusion statements, and finds that the form, manner, and content of notice proposed by the parties and approved herein meet the requirements of due process, are the best notice practicable under the circumstances, and constitute sufficient notice to all persons entitled to notice;

C. The notice period and procedures as set forth in the Settlement Agreement provide Settlement Class members due and sufficient notice of the claims procedures and opportunity to opt-out of the settlement process by the Settlement Bar Date, or to object to the settlement, and to timely respond to any deficiency notice, and is fair and reasonable;

D. Class Counsel has proven that it can fairly and adequately represent the interests of the Settlement Class in all matters arising in or related to the Debtors' Chapter 11 case, this Order, the Settlement Agreement, and any further proceedings concerning the Settlement Agreement and Lawsuit pursuant to Fed. R. Civ. P. 23(c)(1)(B) and 23(g)(1);

E. The Settlement Agreement was the product of good faith, arms'-length negotiations conducted in accordance with the Court's Mediation Order through a mediation session with an independent mediator;

F. Upon preliminary review, the Settlement Agreement is within the range of reasonableness and is fair, reasonable and adequate, subject to a final determination of the Court;

G. The Debtors and Class Counsel are experienced in similar class action litigation and have performed adequate and sufficient legal and factual analysis of the underlying Class

Claim and the Lawsuit to support preliminary approval of the Settlement Agreement as a fair and efficient agreement to resolve the Plaintiffs' claims and the Lawsuit;

H. Based upon the foregoing findings and conclusions, and good and sufficient cause appearing therefor;

IT IS HEREBY:

1. ORDERED that the Motion is granted in its entirety; and it is further

2. ORDERED that for settlement purposes only, the Settlement Class shall be certified pursuant to Bankruptcy Rule 7023 and Rule 23(a) and (b)(3) as "all persons who promoted and/or distributed the *amNew York* newspaper who received an IRS Form 1099 from the Delivery Defendants for such work performed during the period from January 1, 2004 through the Petition Date"; and it is further

3. ORDERED that Class Representatives shall be appointed to represent the Settlement Class; and it is further

4. ORDERED that Class Counsel shall be appointed to represent the Settlement Class members; and it is further

5. ORDERED that the Settlement Agreement is approved on a preliminary basis as fair, reasonable and adequate, and within the range of reasonableness pursuant to Bankruptcy Code section 363, Bankruptcy Rules 9019 and 7023, and Rule 23, subject to final approval of the Court; and it is further

6. ORDERED that the Debtors are authorized to enter into the Settlement Agreement; and it is further

7. ORDERED that the Notice attached as <u>Exhibit C</u> to the Settlement Agreement and all noticing procedures related thereto are complete and adequate and meet all due process

considerations for sufficient notice to the Settlement Class members, and constitute the best practicable notice under the circumstances in satisfaction of all applicable law and rules of the Court, including the Federal Rules of Civil Procedure and the U.S. Constitution; and it is further

8. ORDERED that the Claim Form attached as Exhibit B to the Settlement Agreement is adequate and approved; and it is further

9. ORDERED that within ten (10) business days after the date of entry of this Order, the Delivery Defendants shall provide the Claims Administrator with the Class Data List; and it is further

10. ORDERED that the Claims Administrator shall distribute the Notice Packet using the procedures described in the Settlement Agreement by U.S. first-class mail, postage prepaid to Settlement Class members no later than twenty (20) business days after the date of entry of this Order; and it is further

11. ORDERED that the Claims Administrator shall complete Publication Notice substantially in the form attached as Exhibit D to the Settlement Agreement by publishing such notice once in the *New York Post* newspaper no later than twenty (20) business days after the date of entry of this Order; and it is further

12. ORDERED that the Debtors and Claims Administrator shall be permitted to modify the forms of notice for administrative or typographical revisions or corrections without further order of the Court; and it is further

13. ORDERED that Gilardi & Co., LLC shall be duly appointed as the Claims Administrator pursuant to the Settlement Agreement and the Burke Declaration attached to the Motion as Exhibit E; and it is further

14. ORDERED that the Defendants are authorized to disclose to the Claims Administrator the names and last-known addresses of members of the Settlement Class as necessary to administer the settlement; and it is further

15. ORDERED that the Settlement Class members will have a sixty (60) calendar day Notice Period after mailing of the Notice Packet to timely postmark their Claim Forms, objections, or Exclusion Statement, of which the last day of such Notice Period to timely submit such forms and objections (if any) shall be the Settlement Bar Date, except for a Claim Form for which a deficiency notice was mailed by the Claims Administrator; and it is further

16. ORDERED that the failure of a member of the Settlement Class to timely submit a Claim Form by the Settlement Bar Date, or timely submit a response to any deficiency notice, shall invalidate a claim and will not be considered deficiencies subject to cure, unless counsel for the parties stipulate to allow cure; and it is further

17. ORDERED that the Debtors are authorized to pay any Claims Administration Expense that may exceed the Return in accordance with the Settlement Agreement; and it is further

18. ORDERED that the Attorneys' Fees and Costs are preliminarily approved as fair and reasonable; and it is further

19. ORDERED that the Enhanced Service Awards are preliminarily approved as fair and reasonable; and it is further

20. ORDERED that the Fairness and Settlement Hearing shall be held on _____, 2012 at \_\_\_\_:\_\_\_\_ \_\_\_.m. ET (a date no earlier than 150 days after the date of entry of the Preliminary Approval Order) to consider final approval of the proposed

Settlement Agreement as fair, reasonable and adequate pursuant to Bankruptcy Rules 7023 and 9019 and Rule 23(e)(2); and it is further

21. ORDERED that the objection deadline for Settlement Class members to object to the Settlement Agreement shall be the Settlement Bar Date; and it is further

22. ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: Wilmington, Delaware
       August ____, 2011

                                              _____
                                              THE HONORABLE KEVIN J. CAREY
                                              UNITED STATES BANKRUPTCY JUDGE