# EXHIBIT D

## PALMER DECLARATION

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## DECLARATION OF MICHAEL D. PALMER

    I, Michael D. Palmer, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

    1.    I am an attorney with Joseph, Herzfeld, Hester & Kirschenbaum LLP ("Class Counsel"), counsel for claimants James Allen, Charles Evans, Pearl Evans, Gary Grant, Loretta Grant, Bill McNair, Sean Serrao, Patrick Anderson, Velma Barnhardt, Victor Cruz, Larry

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (7384); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Fernandez, John Haywood, Mark Jackson, Phil Johnson, Victoria McLaughlin, Damion Reid, Jennifer Strange, and Tenisha Walcott (collectively, the "Plaintiffs"), as well as the proposed Settlement Class.

2.    I am admitted to appear *pro hac vice* in this matter before the United States Bankruptcy Court for the District of Delaware.

**Background**

3.    On or about May 31, 2007, plaintiff James Allen filed a Complaint in the United States District Court for the Southern District of New York against Tribune Company and Tribune New York Newspapers Holdings, LLC (the "Tribune Defendants"), alleging minimum wage claims under the Fair Labor Standards Act and the New York Labor Law on behalf of himself and others similarly-situated.

4.    On or about July 9, 2007, Mr. Allen filed an Amended Complaint in the Southern District of New York, adding as named plaintiffs, Charles Evans, Pearl Evans, Gary Grant, Loretta Grant, Bill McNair, and Sean Serrao, adding as named defendants, Mitchell's Subscription Service LLC d/b/a LBN Consulting, LLC and Morning Newspaper Delivery, Inc. (collectively, the "Delivery Defendants" and together with the Tribune Defendants, the "Defendants"), and alleging the same wage claims.  Thereafter, the Named Plaintiffs, through their attorneys, voluntarily withdrew this lawsuit.

5.    Following the voluntary withdrawal of the federal lawsuit, on or about August 20, 2007, James Allen, Charles Evans, Pearl Evans, Gary Grant, Loretta Grant, Bill McNair, and Sean Serrao ("Named Plaintiffs") filed a class action complaint in the Supreme Court for the State of New York, County of New York (the "State Court"), Index No. 07-602801, alleging minimum wage claims under the New York Labor Law, captioned *James Allen, Charles Evans,*

*Pearl Evans, Gary Grant, Loretta Grant, Bill McNair, Sean Serrao, on behalf of themselves and others similarly situated v. Tribune New York Newspapers Holdings, LLC d/b/a amNew York; Tribune Company; Mitchell's Subscription Service LLC d/b/a LBN Consulting, LLC; and Morning Newspaper Delivery, Inc.* (the "State Court Case").

6.      In the State Court Case, the Named Plaintiffs alleged that they and other similarly situated individuals were entitled to minimum wage payments as employees for their services distributing and promoting *amNew York*, a free daily morning newspaper published by Tribune New York Newspapers Holdings, LLC.   The Plaintiffs sought underpayments for all hours worked as the difference between the prevailing New York minimum wage and the amount paid to each member of the class.

7.      On or about September 24, 2007, the Tribune Defendants served their Answer and Affirmative Defenses to the Class Action Complaint in the State Court Case.   On or about October 25, 2007, the Delivery Defendants served an Answer upon the Plaintiffs in the State Court Case.

8.      Written discovery was initiated in the underlying State Court Case to permit class certification.

9.      On or about December 8, 2008, the Tribune Defendants filed for Chapter 11 bankruptcy protection (the "Petition Date") in the Bankruptcy Court (the "Bankruptcy Case" and together with the State Court Case, collectively referred to herein as the "Lawsuit").

10.      Individual proofs of claim were timely filed on behalf of the Plaintiffs, and class proofs of claim were timely filed on behalf of the Named Plaintiffs and "current and former employees of the Debtor, each of whom was an employee of the Debtor and promoted and

distributed AM New York, a free daily newspaper published by the Debtor" in the Bankruptcy Case.

11.    Following the Petition Date, the State Court Case was stayed.

12.    At the time the State Court Case was stayed, Plaintiffs had yet to move to certify the class pursuant to N.Y. C.P.L.R. § 901.

13.    The Named Plaintiffs moved in the State Court Case to sever their claims against the Tribune Defendants from their claims against the Delivery Defendants.  The State Court denied the motion to sever on March 3, 2010.

14.    On or about May 20, 2010, the Plaintiffs filed a Motion with the Bankruptcy Court seeking class certification and class treatment of their class proofs of claim pursuant to Federal Rules of Bankruptcy Procedure 7023 and 9014 and Federal Rule of Civil Procedure 23, on behalf of all individuals who distributed *amNew York* at any time between August 20, 2001 and December 8, 2008.  The Tribune Defendants filed their Objection to the Class Certification Motion on November 1, 2010, and the Plaintiffs filed their Reply Memorandum in Support of Movants' Motion for Class Certification and Class Treatment of Movants' Class Proofs of Claim on January 6, 2011.

**Investigation**

15.    During the pendency of this lawsuit, Defendants produced approximately 6,000 pages of personnel and payroll records for the Plaintiffs and Settlement Class members.

16.    Class Counsel obtained and produced documents from the Plaintiffs and had many meetings and conversations with the Plaintiffs about their claims and Defendants' defenses.

17.    Class Counsel analyzed the produced documents and information, performed statistical analysis on the information in the documents, and created a comprehensive damage estimate based upon these records and information.

18.    On March 14, 2011, the parties engaged in a full-day intensive mediation session with Ruth D. Raisfeld, Esq., an experienced, independent mediator. As part of the mediation, the parties exchanged additional information regarding the merits of their claims and the extent of potential damages.

19.    Plaintiffs Velma Barnhardt, John Haywood, Phil Johnson, Victoria McLaughlin, and Tenisha Walcott attended the mediation and provided factual information regarding the basis of the claims.

20.    At the conclusion of the mediation, the parties reached an agreement on the key terms of the agreement.

**Settlement Factors and Terms**

21.    The basis for Plaintiffs' claims is that they allege that Defendants illegally classified individuals who promoted and distributed *amNew York* newspapers ("promoters" or "hawkers") as independent contractors and failed to pay them the minimum wage. Plaintiffs further claim that the Tribune Defendants contracted with the Delivery Defendants to promote and distribute *amNew York* and that both Defendants employed the promoters or hawkers to distribute the newspapers.

22.    Defendants dispute Plaintiffs' allegations and have argued that the individuals who distributed and promoted the newspaper were independent contractors.

23.    Under the terms of the settlement, Settlement Class members will be eligible to receive a portion of the settlement fund based upon the amount of work they performed (based

upon their earnings as reflected on yearly IRS Form 1099s) and upon the years in which they worked.

24.    Plaintiffs learned from Defendants that *amNew York* was first published in October 2003 and that the Delivery Defendants first contracted with the Tribune Defendants to promote and distribute *amNew York* in 2004. Accordingly, the class period for the Settlement Class is from January 1, 2004 until the Petition Date (December 8, 2008).

25.    As the minimum wage in New York increased during the class period, Settlement Class members who worked later in class period typically suffered greater damages than those who worked earlier in the class period. The Settlement Agreement provides for a distribution which reflects this distinction. The distribution also takes into account a change in the pay scale used by Defendants during the class period.

26.    In resolving this matter, we weighed the weaknesses and complexities in the case against the benefit of receiving a large percentage of the damages sought without the risks of litigation.

27.    We thoroughly analyzed Defendants' factual and legal defenses, examined documents and other information produced by Defendants, reviewed the claims and defenses with the Plaintiffs, and assessed the strength of Defendants' arguments.

28.    Additionally, in considering the possibility of settlement, Plaintiffs and Class Counsel accounted for the time, delay, and costs of further discovery and substantive motion practice, liability trial(s), damages trial(s), and appeal(s).

**Service Awards**

29.    Throughout this Lawsuit, Class Counsel has worked with the Plaintiffs to prosecute the case.

30.    Many of the Plaintiffs expended considerable time and effort with Class Counsel developing the case, reviewing documents, explaining the relevant and necessary factual information to Class Counsel, and assisting in evaluating Defendant's defenses. In addition, five Plaintiffs attended the day-long mediation.

31.    It was only through the assistance of these individuals that this class-wide settlement was reached.

32.    Plaintiffs seek enhanced service awards for certain Plaintiffs based upon their time and effort pursuing the Lawsuit and assistance in resolving the matter. The amount of service award sought for each individual is based upon the amount of time expended by each Plaintiff and whether the Plaintiff attended the mediation.

**Class Counsel**

33.    Joseph, Herzfeld, Hester & Kirschenbaum specializes in employment law. Specifically, the firm represents employees in wage/hour and employment discrimination matters.

34.    I graduated from New York University School of Law in 2004 and have been an attorney with Joseph, Herzfeld, Hester & Kirschenbaum since October 2004. Throughout that time, my practice has focused almost exclusively on employment and wage/hour cases. I have acted as lead or co-lead counsel in numerous cases, including class actions.

35.    Diane Hester is a partner at Joseph, Herzfeld, Hester & Kirschenbaum LLP. Ms. Hester graduated Harvard University School of Law in 1990, and clerked for the Honorable Alfred J. Lechner, U.S. District Court, District of New Jersey. Prior to joining the firm, she spent over ten years at Debevoise and Plimpton LLP.

36.    Brian Fredericks joined Joseph, Herzfeld, Hester & Kirschenbaum as an associate after receiving his JD from Boston University School of Law in 2006.  He represented clients in both individual and class action employment-related cases.  Mr. Fredericks left the firm in 2009.

37.    Since graduating from Fordham University School of Law in 2005, D. Maimon Kirschenbaum has worked as an attorney with Joseph, Herzfeld, Hester & Kirschenbaum LLP. Mr. Kirschenbaum became a member/partner of the firm in May of 2007 and manages the firm's food service wage and hour department.

38.    Denise Schulman graduated from the New York University School of Law in 2008 and has been an associated with Joseph, Herzfeld, Hester & Kirschenbaum LLP since 2009.  She represents clients in both individual and class action employment-related cases.

39.    Over the past five years, Joseph, Herzfeld, Hester & Kirschenbaum has handled a multitude of wage/hour class/collective actions.  We have been appointed lead or co-lead class counsel (or counsel for representative plaintiffs in FLSA collective actions) in federal and state courts in New York and throughout the country.  Some of these cases include:

- *Trezvant et al. v. Fidelity Employer Servs. Corp. et al.*, No. 1:05-cv-10673 (D.Mass)

- *Webster v Smithfield Assocs. LLC*, No. 1:08-cv-00166 (S.D.N.Y)

- *Agofonova et al v. Nobu Corp.*, No. 1:07-cv-06926 (S.D.N.Y.)

- *Schaefer-Larose v. Eli Lilly & Co.*, No. 1:07-cv-01133 (S.D.Ind.)

- *Coultrip v. Pfizer, Inc.*, No. 06-cv-09952 (S.D.N.Y.)

- *Gilliam v. Allied Hospital Servs, Inc.*, No. 09-cv-00280 (E.D.Va.)

- *Balyasny v. Bayer Corp.*, No. CV06-0759 (C.D.Cal.)

- *Jirak v. Abbott Labs., Inc*, No. 07C3626 (N.D. Ill.)

- *Fasanelli v. Heartland Brewery, Inc.*, No. 1:07-cv-00319 (S.D.N.Y.)

8

- *Serrant v. Le Cirque, Inc.*, No. 1:09-cv-00151 (S.D.N.Y.)

- *Sand et al v. Greenberg*, No. 1:08-cv-07840 (S.D.N.Y.)

- *Mohammed v. MJS Management Corp.*, No. 1:08-cv-07060 (S.D.N.Y.)

- *Farrell v. Little West 12th LLC*, No. 1:08-cv-06438 (S.D.N.Y.)

- *Ahad v. BLT Steak LLC*, No. 1:08-cv-05528 (S.D.N.Y.)

- *Bricker v. Planet Hollywood New York, L.P.*, No. 1:08-cv-00443, (S.D.N.Y.)

- *Shahriar v. Smith & Wollensky Rest. Group, Inc.*, No. 1:08-cv-00057 (S.D.N.Y.)

- *Pefanis v. Westway Diner, Inc.*, No. 1:08-cv-00002 (S.D.N.Y.)

- *Leung v. Home Boy Rest., Inc.*, No. 1:07-cv-08779 (S.D.N.Y.)

- *Gerafino et al v. Jean-Georges Enters., LLC*, No. 1:07-cv-06729 (S.D.N.Y.)

- *Aleyn, et al. v. Jean-Georges Enters., LLC*, No. 1:07-cv-06276 (S.D.N.Y.)

- *Ganzero v. Bensusan Rest. Corp.*, No. 1:07-cv-05940 S.D.N.Y.

- *Williams v. Twenty Ones, Inc.*, No. 1:07-cv-03978 (S.D.N.Y.)

- *Salus v. TSE Group, LLC*, No. 1:07-cv-03142 (S.D.N.Y.)

- *Uddin v. Radiante, LLC*, No. 1:07-cv-02158 (S.D.N.Y.)

- *Spicer, et al v. Pier Sixty LLC*, No. 08-cv-10240 (S.D.N.Y.)

- *Delaney v. Geisha NYC, LLC*, No. 09-cv-1458 (S.D.N.Y.)

- *Shajan v. Barolo*, No. 10-cv-1385 (S.D.N.Y.)

- *In Re Milos Litigation*, No. 08-cv-666 (S.D.N.Y.)

- *Chi Kong Leung v. Home Boy Rest.*, No. 07-cv-8779 (S.D.N.Y.)

- *Ahmed v. Ark Bryant Rest. Corp.*, No 09-cv-4163 (S.D.N.Y.)

- *Whitehorn v. Wolfgang's Steakhouse, Inc.*, No. 09-cv-1148 (S.D.N.Y.)

9

40.    As a result of the numerous New York class actions Joseph, Herzfeld, Hester & Kirschenbaum has brought on behalf of employees, we have recovered significant sums of money for thousands of New York City employees.

41.    In litigating these cases, we have spent considerable time researching and discussing with experts the cases, legislative history, and administrative decisions, related to New York's wage and hours laws.

42.    Based on our extensive experience in this type of litigation and our thorough familiarity with the factual and legal issues in this case, we have reached the firm conclusion that the proposed Settlement is clearly in the best interests of the Plaintiffs and the Settlement Class.

43.    Class Counsel brought this Lawsuit on behalf of the Plaintiffs and other similarly situated persons on a contingency basis. Accordingly, Class Counsel agreed that they would provide legal services in exchange for a percentage of any settlement or award for attorneys' fees and would recover incurred costs from any settlement or award. However, if there was no recovery in the Lawsuit, Class Counsel would be entitled to no attorneys' fees.

44.    Class Counsel spent significant attorney and paralegal time litigating this case.

45.    Below is a chart summarizing the hourly rates for time spent by Class Counsel on this matter.

| Individual | Rate | Hours | Fees |
|---|---|---|---|
| Michael Palmer | $350 | 182.9 | $64,015.00 |
| ----Palmer Travel | $175 | 5.8 | $1,015.00 |
| Diane Hester | $600 | 194.0 | $116,400.00 |
| ----Hester Travel | $300 | 5.2 | $1,560.00 |
| Brian Fredericks | $250 | 87.6 | $21,900.00 |
| D. Maimon Kirschenbaum | $450 | 1.1 | $495.00 |
| Denise Schulman | $250 | 0.5 | $125.00 |
| Paralegals | $125 | 102.9 | $12,862.50 |
| | **Total:** | **580.0** | **$218,372.50** |

46.    In addition, Class Counsel has incurred $18,364 in costs in connection with the Lawsuit.


I affirm, under penalty of perjury, that the above and foregoing information is true and correct.


Dated: New York, New York
       August 4, 2011

Michael D. Palmer
JOSEPH, HERZFELD, HESTER &
KIRSCHENBAUM LLP
233 Broadway, 5th Floor
New York, New York 10279
(212) 688-5640
Fax: (212) 688-2548
mpalmer@jhllp.com

11