# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE
## SIXTH INTERIM FEE APPLICATION OF ALIXPARTNERS, LLP

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Sixth Interim Fee Application of AlixPartners, LLP* [Docket No. 5032] (the "**Fee Application**"). The Fee Application seeks approval of fees that total $867,954.00 and reimbursement of expenses that total $7,419.70 for the period from March 1, 2010 through

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

May 31, 2010.   AlixPartners LLP ("**AlixPartners**") serves as the financial advisor to the Official Committee of Unsecured Creditors (the "**Committee**") in the above-captioned cases.

## Background

1.      On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.   Under this Court's *Order Directing Joint Administration Chapter 11 Cases* dated December 10, 2009 [Docket No. 43], these cases are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.

2.      On January 16, 2009, the Committee filed the *Application of the Official Committee of Unsecured Creditors of Tribune Company et al., Pursuant to 11. U.S.C. 327 and 1103 and Fed. R. Bankr. P. 2014, for Entry of an Order Authorizing the Employment and Retention of AlixPartners, LLP, as Financial Advisor, Nunc Pro Tunc to December 19, 2008* [Docket No. 245] (the "**Retention Application**").   By order dated February 20, 2009, this Court approved the retention of AlixPartners [Docket No. 433] (the "**Retention Order**").

3.      AlixPartners submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members under 11 U.S.C. §§ 105(a) and 331* [Docket No. 225] (the "**Interim Compensation Order**").

## Applicable Standards

4.      In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

5.      The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**").  In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6.      Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*.  In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F)*.

7.      A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred.  A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules.  Moreover, the

exercise of billing judgment is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

8.      The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to AlixPartners for review and comment. The firm provided a written response to the Preliminary Report. After evaluation and consideration of the additional information provided by AlixPartners, the Fee Examiner submits this Final Report for the Court's consideration. This Final Report is in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of the applicant meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2, and will also inform the Court of all proposed consensual resolutions of the fee and/or expense reimbursement request for the professional and the basis for such proposed consensual resolution.

## DISCUSSION OF FINDINGS

### Technical Requirements

9.      **Reconciliation of Fees and Expenses.** The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application (**"Fees Requested"** and **"Expenses Requested"**) to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm (**"Fees Computed"** and **"Expenses Computed"**). The Fee Examiner identified no discrepancies between the Fees Requested and the Fees Computed, nor any discrepancies between the Expenses Requested and the Expenses Computed.

10.     **Block Billing.**[2] The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local*

---

[2] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing. Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry. As an alternative to discounting the entire amount billed for an

*Rule 2016-2(d)(vii)*.  The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[3]  The Fee Examiner identified block billed entries totaling 165.50 hours with $87,820.00 in associated fees, as displayed in **Exhibit A** to the Preliminary Report.  AlixPartners responded to previous preliminary reports by providing a breakdown of the specific tasks and related time allotments for the block billed entries identified by the Fee Examiner, and the firm was encouraged to do the same in this instance.

AlixPartners complied with the Fee Examiner's request and provided a spreadsheet in which all of the questioned entries were divided into the individual tasks with each assigned a specific time allotment.  The additional detail brings the entries into accord with the prohibition of block billing in the Local Rules and the UST Guidelines, and accordingly the Fee Examiner makes no recommendation for a fee reduction.  Exhibit A is omitted from this report.

11.     **Time Increments.**  The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*.  The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines* ¶(b)(4)(v).  The Fee Examiner confirmed that the firm recorded time entries in tenths of an hour increments.

### Review of Fees

12.     **Firm Staffing.**  The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an]

---

entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry.  This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

[3] The judicial response to block billing varies.  Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007).  Across the board cuts range from five to 100 percent.  *See id.* at 495 n.7 and cases cited.

explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(I)(iii)*. The Fee Application provided the names, positions, and hourly rates of the ten AlixPartners professionals who billed to this matter, consisting of two managing directors, four directors, two vice presidents, and two associates. A summary of hours and fees billed by each timekeeper is displayed in **Exhibit B**.[4]

   The firm billed a total of 1,680.90 hours with associated fees of $867,954.00. The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Managing Director | 93.00 | 5% | $ 74,180.00 | 8% |
| Director | 1,205.40 | 72% | 650,086.50 | 75% |
| Vice President | 204.70 | 12% | 86,991.50 | 10% |
| Associate | 177.80 | 11% | 56,696.00 | 7% |
| TOTAL | 1,680.90 | 100% | $867,954.00 | 100% |

   The blended hourly rate for the AlixPartners professionals is $516.36.

   13. **Hourly Rate Increases.** AlixPartners did not increase the hourly rate of any firm timekeeper during the interim period.

   14. **Timekeepers' Roles.** A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4).* With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts. On the whole, each AlixPartners timekeeper appeared to perform either core team responsibilities necessary to the engagement; or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals. However,

---

[4] This Final Report includes exhibits that detail and support the findings discussed herein. Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits. For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

the Fee Examiner requested that the firm provide supplemental information regarding the necessity of the billing activities of one Managing Director; the entries were displayed in **Exhibit C** to the Preliminary Report.    The Fee Examiner was particularly interested in whether the efforts were necessary and not duplicated by other firm personnel.

In response to the Preliminary Report, AlixPartners provided a spreadsheet that contained additional information regarding the timekeeper and each fee entry in question.    After review and evaluation of the supplemental detail, the Fee Examiner makes no recommendation for a fee reduction.    Exhibit C is omitted from this report.

15.    **Meetings, Conferences, Hearings, and Other Events.**    The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" (*Local Rule 2016-2(d)(ix)*), and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*.    While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified occasions where two or more timekeepers attended the same meeting, conference, hearing, or other event.    Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees.    The entries, totaling 86.45 hours with $55,759.50 in associated fees, were displayed in **Exhibit D** to the Preliminary Report.    In each instance where multiple timekeepers attended a meeting, conference, hearing, or other event, we identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the individual leading rather than observing a conference).    The potentially duplicative and unnecessary timekeepers' entries total 56.15 hours with $32,033.50 in associated fees, and are highlighted in bold and marked with an ampersand [&] in the

exhibit. The Fee Examiner requested that the firm provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event.

In response to the Preliminary Report, AlixPartners provided a detailed explanation of the firm's staffing of the Tribune cases, the necessity of multiple timekeepers attending certain meetings and events, and the nature and purpose of various categories of meetings and calls. The firm also provided a spreadsheet of the fee entries with reference back to the firm's written explanation of the meetings. After analysis of the extensive supplemental information provided, the Fee Examiner makes no recommendation for a fee reduction. Exhibit D is omitted from this report.

16.    **Intraoffice Conferences.** Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified a few brief instances of intraoffice conferencing activities and makes no recommendation for a fee reduction.

17.    **Complete and Detailed Task Descriptions.** Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." With minimal exceptions, AlixPartners complied with the applicable rules regarding billing narrative specificity.

18.    **Administrative Activities.** Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. The Fee Examiner identified tasks in the Fee Application that described administrative activities relating to preparation of bills and conflict checks. While the preparation of fee applications is compensable, preparing and reviewing firm invoices -- a task that is necessary for any firm engagement, whether bankruptcy or non-bankruptcy -- remains an administrative task to be absorbed by

the firm.[5]  The entries, totaling 3.10 hours and fees of $2,542.00, were provided to AlixPartners in **Exhibit E** to the Preliminary Report.

The firm responded with an exhibit in which AlixPartners asserted that both entries in question involved the review and revision of the firm's fee application and exhibits.  Given the firm's statement, the Fee Examiner makes no recommendation for a fee reduction.  Exhibit E is omitted from this report.

19.    <u>Clerical Activities.</u>  Clerical activities are tasks that may be effectively performed by administrative assistants, secretaries, or support personnel[6] or support tasks for which the firm charged greater than the market rate.  The Fee Examiner did not identify any fee entries describing clerical activities.

---

[5] Unlike the preparation of fee applications, work related to a firm's bills is not compensable in bankruptcy proceedings or otherwise:

> Time records are used for a variety of reasons unrelated to the allowance of fee applications and any additional requirement imposed by the court should have been known in advance. Keeping time records is an integral aspect of bankruptcy representation and is not entitled to additional compensation.

*In re CF & I Fabricators of Utah, Inc.*, 131 B.R. 474, 484 (Bankr. D. Utah 1991).

> If errors have been made, entries are incomplete or inconsistent with those of other professionals, and time records require editing to comply with court standards, such editing services are clerical functions and not compensable, even though they may be performed by a professional.

*Id.* at 485; *In re SonicBlue Inc.*, Nos. 03-51775, 03-51776, 03-51777, 03-51778, 2006 WL 2067882 (Bankr. N.D. Cal. July 24, 2006) ("While time expended to prepare a fee application, including drafting the narrative, is compensable, time expended to review and edit time entries is not. Where the time entries require revision to conform to the court's standards, the editing services are administrative functions that are not compensable even if they are performed by a professional.") (citing *CF & I Fabricators*, 131 B.R. at 485); *In re Dimas, LLC*, 357 B.R. 563, 591 (Bankr. N.D. Cal. 2006) (same); *In re Computer Learning Ctrs., Inc.*, 285 B.R. 191, 219-20 (Bankr. E.D. Va. 2002) (same).

[6] "Duties appropriate for office staff are considered part of a professional's overhead expenses and may not be billed to the estate." *Fibermark*, 349 B.R. at 397; *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758 769 (Bankr. E.D.N.Y. 2005) (overhead not compensable); *but see Bennett Funding*, 213 B.R. at 247-48 (discussing differing approaches to clerical work at professional rates).  These overhead activities may include: mailing; photocopying, word processing (including the creation of templates), formatting, creating spreadsheets, printing, organizing files, checking for docket updates, creating binders, and secretarial overtime. *Fibermark*, 349 B.R. at 396-97.

20.    **Travel.**  The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*. The Fee Examiner reviewed the entries describing travel and determined that the time was billed at 50% of the timekeeper's regular rate.

21.    **AlixPartners Retention/Compensation.**  AlixPartners billed 92.30 hours with associated fees of $51,541.00 to prepare the firm's retention documents and applications for compensation, approximately 6% of the Fees Computed.  The fee entries describing AlixPartners' retention/compensation activities are displayed in **Exhibit F**, included in this Final Report for the Court's reference.

**Review of Expenses**

22.    **Itemization of Expenses.**  The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*.  The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.  Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*.  AlixPartners provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

23.    **Local Transportation/Parking.**  AlixPartners requested reimbursement of charges for local transportation and parking charges totaling $183.00, costs that are not reimbursable absent

unusual circumstances.  The Fee Examiner requested that AlixPartners provide additional detail and an explanation for the purpose of the charges displayed in **Exhibit G** to the Preliminary Report.

In response, AlixPartners confirmed all of the charges as local transportation and asserted that the charges were fully reimbursable in accordance with firm policy and standard industry practices.  However, the firm's response then stated that AlixPartners is willing to make a voluntary reduction for the local transportation costs in the amount of $183.00 resulting from the charges listed in the attached Exhibit G.

24.    **Local Meals.**  AlixPartners requested reimbursement of $165.12 for local meals.  It was not possible to determine whether the meals related to meetings with people outside the firm or meals solely for employees of AlixPartners.  The Fee Examiner requested that AlixPartners provide an explanation for the purpose of and the attendees at the meal charges displayed in **Exhibit H** to the Preliminary Report.

In response, the firm confirmed the charges as in-town meals for firm personnel.  AlixPartners stated that the meal charges were charged to the client in accordance with firm policy and industry standards and that the firm believes they are fully reimbursable.  Nonetheless, the firm's response then indicated that AlixPartners consented to a voluntary expense reduction of $165.12 for the in-town meal charges listed in the attached Exhibit H.

25.    **Potentially Duplicative Airfare Expenses.**  The Fee Examiner noted charges for airfare that appeared to be duplicative.  **Exhibit I** to the Preliminary Report displayed the two airfare charges for March 9, 2010.  The Fee Examiner asked AlixPartners to confirm whether the charge was inadvertently billed twice.  The firm responded by stating that the two charges were separate segments of a round trip ticket from Reno to Chicago related to the 2010 Operating Plan meetings.  Given AlixPartners' representation, the Fee Examiner makes no recommendation for an expense reduction and Exhibit I is omitted from this report.

26.    **Travel Meals.**  The Fee Examiner applies the following per person ceilings for travel meals:  $15.00 for breakfast, $25.00 for lunch, and $50.00 for dinner.  Several meal charges appeared to exceed the ceiling amounts:

| Monthly Application | Entry Date | Amount | Description | Meal Type | Ceiling | Amount in Excess of Ceiling |
|---|---|---|---|---|---|---|
| Fifteenth | 03/10/10 | $31.00 | Meals & Tips Brad Hall-Lunch (Out of town) | Lunch | $25.00 | $6.00 |
| Fifteenth | 03/10/10 | $85.77 | Meals & Tips Brad Hall-Dinner (Out of town) | Dinner | $50.00 | $35.77 |
| Fifteenth | 03/11/10 | $29.50 | Meals & Tips Brad Hall-Breakfast (Out of town) | Breakfast | $15.00 | $14.50 |

AlixPartners disagreed with the appropriateness of the meal ceilings, but nonetheless agreed to a voluntary expense reduction in the amount of $56.27.

## CONCLUSION

The Fee Examiner submits this Final Report regarding the Fee Application and the fees and expenses discussed above.  The Fee Examiner recommends the approval of fees in the amount of $867,954.00 and reimbursement of expenses in the amount of $7,015.31 ($7,419.70 minus $404.39) for the interim period from March 1, 2010 through May 31, 2010.  A summary of the recommendations is attached as Appendix A.

Respectfully submitted,

**STUART MAUE**

By: _____

W. Andrew Dalton
3840 McKelvey Road
St. Louis, Missouri  63044
Telephone:  (314) 291-3030
Facsimile:  (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

# APPENDIX A

## ALIXPARTNERS, LLP

### SUMMARY OF FINDINGS

#### Sixth Interim Fee Application (March 1, 2010 through May 31, 2010)

##### A.    Amounts Requested and Computed

| | | |
|---|---|---|
| Fees Requested | $867,954.00 | |
| Expenses Requested | 7,419.70 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $875,373.70 |
| | | |
| Fees Computed | $867,954.00 | |
| Expenses Computed | 7,419.70 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $875,373.70 |

##### B.    Recommended Fee Allowance and Expense Reimbursement

| | | | |
|---|---|---|---|
| Fees Requested | $867,954.00 | | |
| | | | |
| RECOMMENDED FEE ALLOWANCE | | | $867,954.00 |
| | | | |
| Expenses Requested | $7,419.70 | | |
| *Agreed Reduction for Local Transportation/Parking* | | *($183.00)* | |
| *Agreed Reduction for Local Meals* | | *(165.12)* | |
| *Agreed Reduction for Travel Meals* | | *(56.27)* | |
| Subtotal | | *($404.39)* | |
| | | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | | 7,015.31 |
| | | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | | $874,969.31 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 5th day of August, 2011.

Joseph J. McMahon, Jr., Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Mr. James F. Conlan
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Alan D. Holtz, Esq.
Managing Director
AlixPartners, LLP
9 West 57th Street, Suite 3420
New York, NY 10019

W. Andrew Dalton

-14-

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

## COMPUTED AT STANDARD RATES

### AlixPartners, LLP

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| 1211 | Holtz, Alan | MANAG DIRECTOR | $410.00 | $820.00 | 83.50 | $66,010.00 |
| RBD | Den Uyl, R. Bruce | MANAG DIRECTOR | $860.00 | $860.00 | 9.50 | $8,170.00 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $797.63 | | 93.00 | $74,180.00 |
| | | | | % of Total: 5.53% | % of Total: 8.55% | |
| 398 | Leung, Albert | DIRECTOR | $265.00 | $530.00 | 480.90 | $252,227.00 |
| 1244 | Hall, Brad | DIRECTOR | $310.00 | $620.00 | 320.60 | $186,310.00 |
| MFR | Rule, Mark F. | DIRECTOR | $265.00 | $530.00 | 293.70 | $153,143.50 |
| 1189 | Lee, Harold Y. | DIRECTOR | $530.00 | $530.00 | 110.20 | $58,406.00 |
| | No. of Billers for Position: 4 | Blended Rate for Position: | $539.31 | | 1,205.40 | $650,086.50 |
| | | | | % of Total: 71.71% | % of Total: 74.90% | |
| JLL | Lack, Jeff L. | VICE PRESIDENT | $395.00 | $395.00 | 122.90 | $48,545.50 |
| 1484 | Kim, Young | VICE PRESIDENT | $470.00 | $470.00 | 81.80 | $38,446.00 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $424.97 | | 204.70 | $86,991.50 |
| | | | | % of Total: 12.18% | % of Total: 10.02% | |
| CR | Rubel, Christopher | ASSOCIATE | $320.00 | $320.00 | 172.80 | $55,296.00 |
| SK | Ko, Stephanie | ASSOCIATE | $280.00 | $280.00 | 5.00 | $1,400.00 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $318.88 | | 177.80 | $56,696.00 |
| | | | | % of Total: 10.58% | % of Total: 6.53% | |
| | Total No. of Billers: 10 | Blended Rate for Report: | $516.36 | | 1,680.90 | $867,954.00 |

EXHIBIT F

ALIXPARTNERS RETENTION/COMPENSATION

AlixPartners, LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Holtz, A | 15.00 | 12,300.00 |
| Kim, Y | 28.80 | 13,536.00 |
| Leung, A | 47.50 | 25,175.00 |
| Rule, M | 1.00 | 530.00 |
| | 92.30 | $51,541.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Billing and Retention | 91.10 | 50,905.00 |
| Current Financials | 1.20 | 636.00 |
| | 92.30 | $51,541.00 |

EXHIBIT F

ALIXPARTNERS RETENTION/COMPENSATION

AlixPartners, LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | DESCRIPTION |
|---|---|---|---|---|---|
| 03/05/10 Fri | Holtz, A 201003-17/369 | 1.70 | 1.70 | 1,394.00 | *MATTER NAME: Billing and Retention*<br>1 REVIEW DRAFT RESPONSE TO FEE EXAMINER RE: 3RD INTERIM APPLICATION. |
| 03/05/10 Fri | Leung, A 201003-17/370 | 1.20 | 1.20 | 636.00 | *MATTER NAME: Billing and Retention*<br>1 PREPARED RESPONSE TO FEE EXAMINER FOR THE THIRD INTERIM PERIOD AND EXHIBITS. |
| 03/05/10 Fri | Rule, M 201003-17/371 | 1.00 | 1.00 | 530.00 | *MATTER NAME: Billing and Retention*<br>1 RESEARCH INTO AND EXPLANATION OF HOURS WORKED BY M. RULE AND A. JANOVSKY (ALIX) DURING JULY, AUGUST AND SEPTEMBER.<br>2 COMMUNICATION WITH A. HOLTZ (ALIX) REGARDING THE SAME FOR FEE EXAMINER RESPONSE. |
| 03/08/10 Mon | Holtz, A 201003-17/372 | 1.10 | 1.10 | 902.00 | *MATTER NAME: Billing and Retention*<br>1 FINALIZE RESPONSE TO FEE EXAMINER ON THIRD INTERIM PERIOD AND SUBMIT |
| 03/08/10 Mon | Kim, Y 201003-17/374 | 1.70 | 1.70 | 799.00 | *MATTER NAME: Billing and Retention*<br>1 PREPARED FEBRUARY 2010 FEE APPLICATION. |
| 03/08/10 Mon | Leung, A 201003-17/373 | 2.10 | 2.10 | 1,113.00 | *MATTER NAME: Billing and Retention*<br>1 REVIEWED AND REVISED RESPONSE TO FEE EXAMINER FOR THE THIRD INTERIM PERIOD. |
| 03/09/10 Tue | Kim, Y 201003-17/375 | 1.50 | 1.50 | 705.00 | *MATTER NAME: Billing and Retention*<br>1 PREPARED FEBRUARY 2010 FEE APPLICATION. |
| 03/11/10 Thu | Kim, Y 201003-17/376 | 1.80 | 1.80 | 846.00 | *MATTER NAME: Billing and Retention*<br>1 PREPARED FEBRUARY 2010 FEE APPLICATION. |
| 03/11/10 Thu | Leung, A 201003-17/377 | 1.30 | 1.30 | 689.00 | *MATTER NAME: Billing and Retention*<br>1 PREPARED FEBRUARY 2010 FEE APPLICATION AND EXHIBITS. |
| 03/15/10 Mon | Holtz, A 201003-17/379 | 2.00 | 2.00 | 1,640.00 | *MATTER NAME: Billing and Retention*<br>1 REVIEW FEBRUARY 2010 FEE APPLICATION |
| 03/15/10 Mon | Kim, Y 201003-17/380 | 2.70 | 2.70 | 1,269.00 | *MATTER NAME: Billing and Retention*<br>1 PREPARED FEBRUARY 2010 FEE APPLICATION, AND ASSOCIATED MOTIONS AND EXHIBITS. |
| 03/15/10 Mon | Leung, A 201003-17/378 | 0.80 | 0.80 | 424.00 | *MATTER NAME: Billing and Retention*<br>1 PREPARED FEBRUARY 2010 FEE APPLICATION AND EXHIBITS. |
| 03/16/10 Tue | Kim, Y 201003-17/381 | 0.80 | 0.80 | 376.00 | *MATTER NAME: Billing and Retention*<br>1 PREPARED FEBRUARY 2010 FEE APPLICATION. |

EXHIBIT F

ALIXPARTNERS RETENTION/COMPENSATION

AlixPartners, LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | DESCRIPTION |
|------|-----------------|-------------|-------|------|-------------|
| 03/17/10 Wed | Kim, Y 201003-17/382 | 1.10 | 1.10 | 517.00 | *MATTER NAME: Billing and Retention*<br>1 PREPARED SUPPLEMENTAL DETAIL FOR FEBRUARY 2010 FEE APPLICATION.<br>2 FOLLOWED UP ON OUTSTANDING ISSUES. |
| 03/18/10 Thu | Holtz, A 201003-17/385 | 1.10 | 1.10 | 902.00 | *MATTER NAME: Billing and Retention*<br>1 CONFERENCE CALL WITH J. DECKER (STUART MAUE) AND PREPARE FOLLOW-UP LETTER RE: 2ND INTERIM FEE APPLICATION |
| 03/18/10 Thu | Kim, Y 201003-17/386 | 1.90 | 1.90 | 893.00 | *MATTER NAME: Billing and Retention*<br>1 PREPARED FEBRUARY 2010 FEE APPLICATION. |
| 03/18/10 Thu | Leung, A 201003-17/383 | 0.60 | 0.60 | 318.00 | *MATTER NAME: Billing and Retention*<br>1 PREPARED FOR AND<br>2 PARTICIPATED IN CONFERENCE CALL WITH J. DECKER (STUART MAUE) TO DISCUSS FEE EXAMINER REPORT FOR THE 2ND & 3RD INTERIM PERIODS. |
| 03/18/10 Thu | Leung, A 201003-17/384 | 0.80 | 0.80 | 424.00 | *MATTER NAME: Billing and Retention*<br>1 PREPARED ADDITIONAL SUPPORT AND ANALYSIS FOR FEE EXAMINER IN RESPONSE TO OUR 2ND PERIOD FEE APPLICATION. |
| 03/19/10 Fri | Kim, Y 201003-17/387 | 2.20 | 2.20 | 1,034.00 | *MATTER NAME: Billing and Retention*<br>1 PREPARED FEBRUARY 2010 FEE APPLICATION. |
| 03/23/10 Tue | Leung, A 201003-17/388 | 0.60 | 0.60 | 318.00 | *MATTER NAME: Billing and Retention*<br>1 ANALYZED AND REVIEWED FEE EXAMINER'S FINAL REPORT ON 2ND AND 3RD INTERIM PERIODS. |
| 03/24/10 Wed | Leung, A 201003-17/389 | 1.10 | 1.10 | 583.00 | *MATTER NAME: Billing and Retention*<br>1 PREPARED FEBRUARY 2010 FEE APPLICATION AND EXHIBITS. |
| 03/25/10 Thu | Holtz, A 201003-17/391 | 1.00 | 1.00 | 820.00 | *MATTER NAME: Billing and Retention*<br>1 FINAL REVIEW OF FEBRUARY 2010 FEE APPLICATION, SIGN AND SEND TO COUNSEL |
| 03/25/10 Thu | Kim, Y 201003-17/390 | 0.50 | 0.50 | 235.00 | *MATTER NAME: Billing and Retention*<br>1 PREPARED FEBRUARY 2010 FEE APPLICATION. |
| 04/07/10 Wed | Kim, Y 201004-17/223 | 2.00 | 2.00 | 940.00 | *MATTER NAME: Billing and Retention*<br>1 PREPARED MARCH 2010 FEE APPLICATION. |
| 04/08/10 Thu | Kim, Y 201004-17/224 | 0.90 | 0.90 | 423.00 | *MATTER NAME: Billing and Retention*<br>1 PREPARED FIFTH INTERIM FEE APPLICATION. |
| 04/09/10 Fri | Kim, Y 201004-17/225 | 1.40 | 1.40 | 658.00 | *MATTER NAME: Billing and Retention*<br>1 PREPARED FIFTH INTERIM FEE APPLICATION. |

EXHIBIT F

ALIXPARTNERS RETENTION/COMPENSATION

AlixPartners, LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | DESCRIPTION |
|---|---|---|---|---|---|
| 04/09/10 Fri | Kim, Y 201004-17/226 | 1.50 | 1.50 | 705.00 | MATTER NAME: Billing and Retention<br>1  PREPARED MARCH 2010 FEE APPLICATION. |
| 04/09/10 Fri | Kim, Y 201004-17/228 | 0.10 | 0.10 | 47.00 | MATTER NAME: Billing and Retention<br>1  PREPARED MARCH 2010 FEE APPLICATION. |
| 04/09/10 Fri | Leung, A 201004-17/227 | 1.30 | 1.30 | 689.00 | MATTER NAME: Billing and Retention<br>1  PREPARED FIFTH INTERIM FEE APPLICATION AND MARCH 2010 FEE APPLICATION. |
| 04/12/10 Mon | Holtz, A 201004-17/230 | 0.50 | 0.50 | 410.00 | MATTER NAME: Billing and Retention<br>1  REVIEW 5TH INTERIM FEE APPLICATION |
| 04/12/10 Mon | Kim, Y 201004-17/231 | 2.20 | 2.20 | 1,034.00 | MATTER NAME: Billing and Retention<br>1  PREPARED MARCH 2010 FEE APPLICATION. |
| 04/12/10 Mon | Leung, A 201004-17/229 | 1.60 | 1.60 | 848.00 | MATTER NAME: Billing and Retention<br>1  PREPARED FIFTH INTERIM FEE APPLICATION AND MARCH FEE APPLICATION. |
| 04/13/10 Tue | Holtz, A 201004-17/232 | 0.20 | 0.20 | 164.00 | MATTER NAME: Billing and Retention<br>1  COMPLETE 5TH INTERIM FEE APPLICATION AND SEND TO COUNSEL |
| 04/13/10 Tue | Leung, A 201004-17/233 | 1.30 | 1.30 | 689.00 | MATTER NAME: Billing and Retention<br>1  PREPARED MARCH 2010 FEE APPLICATION. |
| 04/14/10 Wed | Leung, A 201004-17/234 | 1.80 | 1.80 | 954.00 | MATTER NAME: Billing and Retention<br>1  PREPARED MARCH 2010 FEE APPLICATION & EXHIBITS.<br>2  PREPARED INTERIM FEE APPLICATION SUPPORT FOR FEE EXAMINER. |
| 04/15/10 Thu | Leung, A 201004-17/235 | 1.80 | 1.80 | 954.00 | MATTER NAME: Billing and Retention<br>1  PREPARED MARCH 2010 FEE APPLICATION AND EXHIBITS. |
| 04/19/10 Mon | Holtz, A 201004-17/239 | 0.40 | 0.40 | 328.00 | MATTER NAME: Billing and Retention<br>1  REVIEW FEE EXAMINER PRELIMINARY REPORT ON 4TH FEE PERIOD;<br>2  COMMUNICATE WITH A. LEUNG RE: RESPONSE |
| 04/19/10 Mon | Kim, Y 201004-17/240 | 1.10 | 1.10 | 517.00 | MATTER NAME: Billing and Retention<br>1  PREPARED DATA FILES IN SUPPORT OF THE FIFTH INTERIM FEE APPLICATION. |
| 04/19/10 Mon | Leung, A 201004-17/236 | 1.30 | 1.30 | 689.00 | MATTER NAME: Billing and Retention<br>1  ANALYZED AND REVIEWED FEE EXAMINER REPORT ON 4TH INTERIM FEE PERIOD. |

EXHIBIT F

ALIXPARTNERS RETENTION/COMPENSATION

AlixPartners, LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | DESCRIPTION |
|------|-----------------|-------------|-------|------|-------------|
| 04/19/10 Mon | Leung, A 201004-17/237 | 2.10 | 2.10 | 1,113.00 | MATTER NAME: Billing and Retention<br>1 PREPARED MARCH 2010 FEE APPLICATION MOTION. |
| 04/19/10 Mon | Leung, A 201004-17/238 | 1.20 | 1.20 | 636.00 | MATTER NAME: Billing and Retention<br>1 PREPARED MARCH 2010 FEE APPLICATION EXHIBITS. |
| 04/20/10 Tue | Kim, Y 201004-17/241 | 2.40 | 2.40 | 1,128.00 | MATTER NAME: Billing and Retention<br>1 PREPARED DATA FILES IN SUPPORT OF THE FIFTH INTERIM FEE APPLICATION.<br>2 PREPARED COVER EMAIL AND TRANSMITTED DATA TO STUART MAUE. |
| 04/23/10 Fri | Holtz, A 201004-17/242 | 2.20 | 2.20 | 1,804.00 | MATTER NAME: Billing and Retention<br>1 REVIEW OF MARCH 2010 FEE APPLICATION TIME DETAIL |
| 04/23/10 Fri | Leung, A 201004-17/243 | 2.60 | 2.60 | 1,378.00 | MATTER NAME: Billing and Retention<br>1 PREPARED MARCH 2010 FEE APPLICATION MOTION AND EXHIBITS. |
| 04/26/10 Mon | Holtz, A 201004-17/245 | 0.40 | 0.40 | 328.00 | MATTER NAME: Billing and Retention<br>1 FINAL REVIEW OF MARCH FEE APPLICATION AND PREPARE AND SEND TO COUNSEL FOR FILING |
| 04/26/10 Mon | Leung, A 201004-17/244 | 2.80 | 2.80 | 1,484.00 | MATTER NAME: Billing and Retention<br>1 PREPARED MARCH FEE APPLICATION MOTION AND EXHIBITS FOR FILING. |
| 04/28/10 Wed | Leung, A 201004-17/246 | 2.20 | 2.20 | 1,166.00 | MATTER NAME: Billing and Retention<br>1 ANALYZED AND REVIEWED FEE EXAMINER'S PRELIMINARY REPORT ON 4TH INTERIM PERIODS. |
| 04/28/10 Wed | Leung, A 201004-17/247 | 1.70 | 1.70 | 901.00 | MATTER NAME: Billing and Retention<br>1 PREPARED EXHIBITS AND COMMENTS FOR THE FEE EXAMINER ON 4TH INTERIM PERIODS. |
| 05/03/10 Mon | Leung, A 201005-17/229 | 2.10 | 2.10 | 1,113.00 | MATTER NAME: Billing and Retention<br>1 PREPARED EXHIBITS FOR THE FEE EXAMINER ON 4TH INTERIM PERIODS. |
| 05/03/10 Mon | Leung, A 201005-17/230 | 2.30 | 2.30 | 1,219.00 | MATTER NAME: Billing and Retention<br>1 PREPARED LETTER RESPONSE & EXHIBITS TO FEE EXAMINER FOR ALIXPARTNERS FOURTH INTERIM FEE APPLICATION. |
| 05/04/10 Tue | Leung, A 201005-17/231 | 1.10 | 1.10 | 583.00 | MATTER NAME: Billing and Retention<br>1 PREPARED LETTER RESPONSE & EXHIBITS TO FEE EXAMINER FOR ALIXPARTNERS FOURTH INTERIM FEE APPLICATION. |
| 05/05/10 Wed | Holtz, A 201005-17/232 | 2.30 | 2.30 | 1,886.00 | MATTER NAME: Billing and Retention<br>1 REVIEW RESPONSE TO FEE EXAMINER FOR 4TH INTERIM PERIOD |

EXHIBIT F

ALIXPARTNERS RETENTION/COMPENSATION

AlixPartners, LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|-------------|
| 05/07/10 Fri | Leung, A 201005-17/233 | 0.70 | 0.70 | 371.00 | 1 | MATTER NAME: Billing and Retention<br>REVIEWED AND REVISED 2ND INTERIM FEE ORDER & EXHIBITS FOR UPCOMING HEARING. |
| 05/10/10 Mon | Leung, A 201005-17/234 | 1.20 | 1.20 | 636.00 | 1 | MATTER NAME: Billing and Retention<br>PREPARED APRIL 2010 FEE APPLICATION. |
| 05/11/10 Tue | Leung, A 201005-17/235 | 0.90 | 0.90 | 477.00 | 1 | MATTER NAME: Billing and Retention<br>PREPARED APRIL 2010 FEE APPLICATION. |
| 05/12/10 Wed | Leung, A 201005-17/236 | 0.50 | 0.50 | 265.00 | 1 | MATTER NAME: Billing and Retention<br>PREPARED APRIL 2010 FEE APPLICATION. |
| 05/13/10 Thu | Leung, A 201005-17/237 | 1.30 | 1.30 | 689.00 | 1 | MATTER NAME: Billing and Retention<br>PREPARED APRIL 2010 FEE APPLICATION. |
| 05/14/10 Fri | Kim, Y 201005-17/238 | 2.50 | 2.50 | 1,175.00 | 1 | MATTER NAME: Billing and Retention<br>PREPARED APRIL 2010 FEE APPLICATION. |
| 05/14/10 Fri | Leung, A 201005-04/52 | 1.20 | 1.20 | 636.00 | 1<br>2 | MATTER NAME: Current Financials<br>PREPARED FOR AND<br>PARTICIPATED IN CONFERENCE CALL WITH R. STONE (A&M) REGARDING AMENDED STATEMENTS AND SCHEDULES FOR TRIBUNE COMPANY AND CNLBC. |
| 05/17/10 Mon | Holtz, A 201005-17/240 | 0.30 | 0.30 | 246.00 | 1 | MATTER NAME: Billing and Retention<br>PREP FOR FEE HEARING, INCLUDING EMAILS WITH GC AND REVIEW APPLICATION AND EXAMINER REPORT |
| 05/17/10 Mon | Kim, Y 201005-17/239 | 0.50 | 0.50 | 235.00 | 1 | MATTER NAME: Billing and Retention<br>PREPARED APRIL 2010 FEE APPLICATION. |
| 05/21/10 Fri | Leung, A 201005-17/241 | 2.30 | 2.30 | 1,219.00 | 1 | MATTER NAME: Billing and Retention<br>PREPARED APRIL 2010 FEE APPLICATION AND MOTION EXHIBITS. |
| 05/25/10 Tue | Leung, A 201005-17/242 | 2.10 | 2.10 | 1,113.00 | 1 | MATTER NAME: Billing and Retention<br>PREPARED APRIL 2010 FEE APPLICATION AND MOTION EXHIBITS. |
| 05/26/10 Wed | Holtz, A 201005-17/244 | 1.80 | 1.80 | 1,476.00 | 1<br>2 | MATTER NAME: Billing and Retention<br>REVIEW APRIL TIME DETAIL.<br>FEE APPLICATION AND SIGN/SEND TO COUNSEL FOR FILING |
| 05/26/10 Wed | Leung, A 201005-17/243 | 1.60 | 1.60 | 848.00 | 1 | MATTER NAME: Billing and Retention<br>PREPARED APRIL 2010 FEE APPLICATION MOTION AND EXHIBITS. |

EXHIBIT F
ALIXPARTNERS RETENTION/COMPENSATION
AlixPartners, LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | DESCRIPTION |
|------|-----------------|-------------|-------|------|-------------|
| | | | 92.30 | $51,541.00 | |
| Total | | | | | |
| Number of Entries: | 65 | | | | |

EXHIBIT F

ALIXPARTNERS RETENTION/COMPENSATION

AlixPartners, LLP

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Holtz, A | 15.00 | 12,300.00 |
| Kim, Y | 28.80 | 13,536.00 |
| Leung, A | 47.50 | 25,175.00 |
| Rule, M | 1.00 | 530.00 |
| | 92.30 | $51,541.00 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Billing and Retention | 91.10 | 50,905.00 |
| Current Financials | 1.20 | 636.00 |
| | 92.30 | $51,541.00 |

EXHIBIT F

Local Transportation/Parking

AlixPartners, LLP

| DATE | INVOICE/ENTRY | AMOUNT BILLED | DETAIL AMOUNT | EXHIBIT AMOUNT | DESCRIPTION |
|------|---------------|---------------|---------------|----------------|-------------|
| 03/02/10 | 201005/50 | 20.00 | | 20.00 | PARKING & TOLLS ALBERT LEUNG-PARKING (IN TOWN) |
| 03/24/10 | 201005/34 | 35.00 | | 35.00 | CAB FARE/GROUND TRANSPORTATION- CAB- YOUNG KIM (IN-TOWN) |
| 04/05/10 | 201005/59 | 32.00 | | 32.00 | PARKING & TOLLS ALBERT LEUNG-PARKING (IN TOWN) |
| 04/06/10 | 201005/61 | 32.00 | | 32.00 | PARKING & TOLLS ALBERT LEUNG-PARKING (IN TOWN) |
| 04/07/10 | 201005/63 | 32.00 | | 32.00 | PARKING & TOLLS ALBERT LEUNG-PARKING (IN TOWN) |
| 04/08/10 | 201005/66 | 32.00 | | 32.00 | PARKING & TOLLS ALBERT LEUNG-PARKING (IN TOWN) |
| | | $183.00 | | $183.00 | |

Local Meals

AlixPartners, LLP

| DATE | INVOICE/ENTRY | AMOUNT BILLED | DETAIL AMOUNT | EXHIBIT AMOUNT | DESCRIPTION |
|------|---------------|---------------|---------------|----------------|-------------|
| 02/23/10 | 201005/1 | 28.91 | | 28.91 | MEALS & TIPS ALBERT LEUNG-DINNER (IN TOWN) |
| 02/24/10 | 201005/2 | 17.00 | | 17.00 | MEALS & TIPS ALBERT LEUNG-DINNER (IN TOWN) |
| 03/02/10 | 201005/49 | 15.00 | | 15.00 | MEALS & TIPS ALBERT LEUNG-DINNER (IN TOWN) |
| 03/24/10 | 201005/35 | 25.00 | | 25.00 | MEALS & TIPS YOUNG KIM-DINNER-(IN TOWN) |
| 04/05/10 | 201005/57 | 10.21 | | 10.21 | MEALS & TIPS ALBERT LEUNG-DINNER (IN TOWN) |
| 04/05/10 | 201005/58 | 11.00 | | 11.00 | MEALS & TIPS ALBERT LEUNG-DINNER (IN TOWN) |
| 04/06/10 | 201005/60 | 15.00 | | 15.00 | MEALS & TIPS ALBERT LEUNG-DINNER (IN TOWN) |
| 04/07/10 | 201005/62 | 9.00 | | 9.00 | MEALS & TIPS ALBERT LEUNG-DINNER (IN TOWN) |
| 04/08/10 | 201005/65 | 18.00 | | 18.00 | MEALS & TIPS ALBERT LEUNG-DINNER (IN TOWN) |
| 04/10/10 | 201005/67 | 16.00 | | 16.00 | MEALS & TIPS ALBERT LEUNG-DINNER (IN TOWN) |
| | | $165.12 | | $165.12 | |