# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE
## SECOND INTERIM FEE APPLICATION OF ZUCKERMAN SPAEDER LLP

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Second Interim Fee Application of Zuckerman Spaeder LLP* [Docket No. 4064] (the "**Fee Application**"). The Fee Application seeks approval of fees that total

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); ForSaleByOwner.com.com (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; K.IAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call Inc (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

$1,000,919.75 and reimbursement of expenses that total $1,031,725.76 for the period from December 1, 2009 through February 28, 2010. Zuckerman Spaeder LLP ("**Zuckerman**") serves as Special Counsel to the Official Committee of Unsecured Creditors (the "**Committee**").

## Background

1.      On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' Chapter 11 cases for procedural purposes only.

2.      On August 13, 2009, the Committee filed the *Application of the Official Committee of Unsecured Creditors of Tribune Company, et al., Pursuant to 11 U.S.C. §§ 328 and 1103 and Fed. R. Bankr. P. 2014, for an Order Authorizing the Employment and Retention of Zuckerman Spaeder LLP as Special Counsel Nunc Pro Tunc to August 6, 2009* [Docket No. 1953] (the "**Retention Application**"). By order dated September 3, 2009, this Court approved the retention of Zuckerman (the "**Retention Order**"). The Retention Order provided that Zuckerman "shall be compensated in accordance with the procedures set forth in section 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, local rules and orders of the court, guidelines established by the Office of the United States Trustee, and such other procedures as may be fixed by order of this Court."

3.      Zuckerman submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, (January 15, 2009) [Docket No. 225] (the "**Interim Compensation Order**").

## Applicable Standards

4.      In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals

to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

5.       The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6.       Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F)*.

7.       A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses

were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

8.      The Fee Examiner completed a preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to Zuckerman for review and comment. The firm submitted to the Fee Examiner a written response to the Preliminary Report. After consideration of the additional information provided by the firm, the Fee Examiner now issues this final report (the "**Final Report**") "in a format designed to opine whether the requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines." *Fee Examiner Order ¶5.*

## DISCUSSION OF FINDINGS

### Technical Requirements

9.      **Reconciliation of Fees and Expenses.** The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**"). The Fee Examiner determined there are no discrepancies between the Fees Requested and Fees Computed, nor any discrepancies between the Expenses Requested and Expenses Computed.

10.      **Block Billing.**[2] The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local*

---

[2] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing. Block billing is the practice of billing more than one task in a single entry with a

*Rule 2016-2(d)(vii)*.  The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[3]  The Fee Examiner identified block billed time entries totaling 80.80 hours with associated fees of $41,085.00, as provided to the firm in **Exhibit A** to the Preliminary Report.  The Fee Examiner invited comment from Zuckerman regarding the practice of recording blocked time.

In response to the Preliminary Report, the firm asserted that most of the entries in question contain tasks that are either closely related or not easily divided from each other, and that given the scope of Zuckerman's work all entries were attributable to the same task and purpose.  The firm explained the efforts to reduce block billed entries and noted the amount was substantially less than the firm's first interim application and future applications will reflect further significant reductions.  The Fee Examiner makes no recommendation for a fee reduction at this time, but will track block billing in subsequent applications and review the issue as a whole when addressing Zuckerman's final fee application.  Exhibit A is omitted from this report.

11.    **Time Increments.**  The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*.  The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines* ¶(b)(4)(v).  Zuckerman complied with the applicable rules regarding time increments.

---

single time increment assigned to the entire entry.  As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry.  This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

[3] The judicial response to block billing varies.  Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007).  Across the board cuts range from five to 100 percent.  *See id.* at 495 n.7 and cases cited.

## Review of Fees

12.  **Firm Staffing.**  The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*.  The Fee Application provided the names, positions, and hourly rates of the 17 Zuckerman professionals and paraprofessionals who billed to this matter, consisting of 6 partners, 5 associates, 2 staff attorneys, 1 litigation analyst, 1 library assistant, 1 library director/law librarian, and 1 paralegal assistant.   A summary of hours and fees billed by each timekeeper is displayed in **Exhibit B**.[4]

The firm billed a total of 1,944.30 hours with associated fees of $1,000,919.75.  The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 1,303.30 | 67% | $  787,532.25 | 79% |
| Associate | 323.40 | 17% | 125,385.00 | 13% |
| Staff Attorney | 281.40 | 14% | 82,153.00 | 8% |
| Litigation Analyst | 2.00 | * | 390.00 | * |
| Library Assistant | 2.30 | * | 379.50 | * |
| Library Directory/Law Librarian | 1.00 | * | 165.00 | * |
| Paralegal Assistant | 30.90 | 2% | 4,915.00 | * |
| TOTAL | 1,944.30 | 100% | $1,000,919.75 | 100% |

* Less than 1%

The blended hourly rate for the Zuckerman professionals is $521.50 and the blended hourly rate for professionals and paraprofessionals is $514.80.

13.  **Hourly Rate Increases.**  Zuckerman increased hourly rates effective January 1, 2010.

---

[4] This Final Report includes exhibits that detail and support the findings discussed herein.  Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits.  For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

14.   **Potential Double Billing.**  The Fee Examiner identified one entry that appeared to be inadvertently duplicated (*i.e.*, on the same date by the same timekeeper with the identical or nearly identical description and time increment).   The questioned task, totaling 0.20 hour and $110.00 in associated fees, was provided to the firm in **Exhibit C** to the Preliminary Report.   The Fee Examiner asked Zuckerman to review the entries and confirm whether the task was inadvertently billed twice.

In response, Zuckerman agreed to a voluntary fee reduction of $110.00 resulting from the highlighted entry in the attached Exhibit C.

15.   **Timekeepers' Roles.**  A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4)*.  With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts.  On the whole, each timekeeper appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.

16.   **Meetings, Conferences, Hearings, and Other Events.**  The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" *Local Rule 2016-2(d)(ix)*, and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*.  While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified occasions where two (and in one instance, three) Zuckerman timekeepers attended the same meeting, conference, hearing, or other event.  Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees.  The entries, totaling 292.55 hours with

$165,634.50 in associated fees, were displayed in **Exhibit D** to the Preliminary Report.   In each instance where multiple timekeepers attended a meeting, conference, hearing, or other event, we identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the attorney leading rather than observing a conference).   The potentially duplicative and unnecessary timekeepers' entries total 195.20 hours with $98,585.75 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit.   The Fee Examiner requested that the firm provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event.

In response, Zuckerman initially noted (i) multiple firm attorneys attended events only when necessary and only for the amount of time necessary; (ii) the attorneys in attendance depended on availability and subject matter expertise; and (iii) during the time period covered by the Fee Application,.   Next, the firm divided the meetings and events into various categories and provided additional information and context.   The additional information and context brings the Fee Application into substantial compliance with the Local Rules and UST Guidelines, and accordingly the Fee Examiner makes no recommendation for a fee reduction.   Exhibit D is omitted from this report.

17.     **Intraoffice Conferences.**  Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel.   The Fee Examiner identified billing activities by Zuckerman timekeepers describing intraoffice conferences totaling 92.50 hours with $58,013.88 in associated fees, or approximately 6% of the total Fees Computed, as displayed in **Exhibit E** to the Preliminary Report.   The Fee Examiner requested that Zuckerman strive to eliminate unnecessary intraoffice conferencing, and further requested that the firm provide an explanation for the necessity of more than one participant billing for the same intraoffice conference as identified in the exhibit.

In response to the Preliminary Report, Zuckerman stated that the time period at issue involved performing and completing many litigation phases in a limited amount of time.   The response

asserted that the work required coordination between attorneys with difference skill sets. Significantly, the percentage of hours resulting from intraoffice conferences dropped from the last fee application. After consideration of Zuckerman's response, the Fee Examiner makes no recommendation for a fee reduction, and Exhibit E is omitted from this report. The Fee Examiner notes, however, that the issue of intraoffice communication will be revisited with the analysis of the firm's final fee application.

18.     **Complete and Detailed Task Descriptions.**  Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*. The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*. Contrary to the requirements of the Local Rules and the UST Guidelines, certain activity descriptions in the Fee Application were not sufficiently detailed.

a.     **Vague Communications.** The Fee Examiner reviewed the substantive detail of each billing entry describing communication activities and identified 80.29 hours with $58,808.46 in associated fees where the billing narrative failed to disclose the subject matter of and/or participants to a communication. The task descriptions were provided to the firm in **Exhibit F** to the Preliminary Report. The Fee Examiner requested that Zuckerman provide sufficient detail for each time entry and in particular disclose the subject matter and participants for every billing activity describing communications.

In response, Zuckerman noted that the vast majority of the time was billed by the partner heading the engagement and reflected his regular telephone conferences with counsel for the various parties and Committee members. The firm asserted that the generality of the entries was necessary due to the ability of lenders and other parties reviewing Zuckerman's fee applications to determine the detail of the work performed and the parties with whom discussions were being held. The response then provided additional detail regarding the participants and subject matter of the calls. The additional information brings the entries into substantial compliance with the Local Rule and UST Guidelines, and accordingly the Fee Examiner makes no recommendation for a fee reduction. However, the Fee Examiner notes that it is possible to draft sufficiently described fee entries without disclosing confidential information. Exhibit F is omitted from this report.

b.    **Vaguely Described Tasks.** The Fee Examiner reviewed the substantive detail of each billing entry and identified 90.47 hours with $53,546.67 in associated fees where the Fee Examiner could not determine the precise nature of the services performed by the timekeeper. As reflected in the Local Rules and UST Guidelines, billing entries must adequately describe the services actually performed to allow a determination of whether the task was staffed appropriately, whether the task involved the exercise of legal judgment, and/or whether the task was duplicated by other timekeepers.[5] In the present instance, the Fee Examiner encountered uninformative billing narratives such as "analyze particular discovery issue" and "analyze issues regarding legal theory." These and other questioned entries failed to sufficiently describe the actual activity performed and frustrate a reviewer's ability to fully evaluate the work. The time entries at issue were displayed in **Exhibit G** to the Preliminary Report. The Fee Examiner requested additional detail for the time entries listed in the

---

[5] Vague entries do not allow the court to determine the reasonableness and necessity of the effort of expended, and fees may be denied or reduced when insufficiently documents. *E.g.*, *In re Bennett Funding, Inc.*, 213 B.R. 234, 245-46 (Bankr. N.D.N.Y. 1997). Entries for legal research must identify the issue and explain the research need. *In re Fibermark, Inc.*, 349 B.R. 385, 397 (Bankr. D. Vt. 2006).

exhibit, and that in future applications Zuckerman strive to provide sufficient detail for each billing task.

    The firm responded to the Fee Examiner's request by acknowledging the Local Rule requirement regarding detailed time entries. The firm explained the decision made by the firm regarding the level of detail contained in fee entries given Zuckerman's substantial concern about the disclosure of confidential and privileged information. The firm elected to edit the detail in the time entries rather than redact the text, and verbally informed the Fee Examiner of that decision and the firm's reasoning. Finally, Zuckerman noted that the scope of work performed by the firm is clearly defined as investigation of potential claims against the lenders related to the LBO. After consideration of the firm's response, the Fee Examiner makes no recommendation for a fee reduction at this time. Exhibit G is omitted from this report.

   19. **Administrative Activities.**  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. The Fee Examiner did not identify any billing entries describing administrative activities.

   20. **Clerical Activities.**  Clerical activities are tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel[6] or support tasks for which the firm charged greater than the market value. The Fee Examiner reviewed each timekeeper's billing activities and identified numerous entries describing clerical activities, including but not limited to organizing materials, locating documents, and preparing copies. The questioned entries were provided to Zuckerman in **Exhibit H** to the Preliminary Report.

---

[6] "Duties appropriate for office staff are considered part of a professional's overhead expenses and may not be billed to the estate." *Fibermark*, 349 B.R. at 397; *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758 769 (Bankr. E.D.N.Y. 2005) (overhead not compensable); *but see Bennett Funding*, 213 B.R. at 247-48 (discussing differing approaches to clerical work at professional rates). These overhead activities may include: mailing; photocopying, word processing (including the creation of templates), formatting, creating spreadsheets, printing, organizing files, checking for docket updates, creating binders, and secretarial overtime. *Fibermark*, 349 B.R. at 396-97.

The firm responded by asserting that most of the questioned tasks required either legal or software training, and provided an explanation of the role served and work performed by three of the four timekeepers. After consideration of the firm's statements and the additional information provided, the Fee Examiner revised the exhibit and engaged in additional communication with Zuckerman. The result is a voluntary fee reduction in the amount of $2,377.50 as displayed in the revised (and attached) Exhibit H.

21.    **Travel.**  The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*. The firm invoiced all its travel entries at one-half of the timekeepers' hourly rates in compliance with Local Rule, with one exception: partner James Sottile billed 2.20 hours at full rate for travel time on December 2, 2009. The fee entry stated "Prepare for Rucker and Browning 2004 examinations while traveling to NY." Because this task appeared to be working travel, it did not violate the Local Rules.

22.    **Zuckerman Retention/Compensation.**  Zuckerman billed 36.40 hours with associated fees of $14,177.00 to prepare the firm's retention documents and applications for compensation, which computes to approximately 1% of the Fees Computed. The fee entries describing Zuckerman's retention/compensation activities are displayed in **Exhibit I**, which is included in this Final Report for the Court's reference.

<strong><u>Review of Expenses</u></strong>

23.    **Itemization of Expenses.**  The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*. The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant,

name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*. Zuckerman provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

24.    **Litigation Expert.** Zuckerman requested reimbursement of four charges by National Economic Research Associates ("**NERA**") totaling $976,773.10. The Fee Application disclosed that Zuckerman "drafted a multi-count complaint to assist its investigation and engaged a litigation expert to assist on solvency and other financial distress issues." The Fee Application did not include the NERA invoices and time entries to allow for an analysis of the underlying costs. The Fee Examiner requested from Zuckerman an explanation as to why NERA's retention was not subject to Court approval, and given the amount at issue whether NERA's invoices should be submitted in a separate fee application pursuant to the Interim Compensation Order and thus subject to the Fee Examiner's review.

In response, Zuckerman explained that solvency was a key issue in connection with potential claims that the firm was investigating on the Committee's behalf, and a firm with NERA's financial expertise was necessary to assist in settlement negotiations and potentially provide litigation expert assistance. The firm stated that a retention application was not filed because NERA was engaged as a litigation expert by Zuckerman, not the Committee, and there were litigation reasons why it was in the Committee's interests for Zuckerman to engage NERA directly. The Fee Examiner further discussed NERA's retention, role, and fees with Zuckerman and the firm provided the Fee Examiner with additional documentation detailing NERA's activities and costs. After careful review of the materials, the Fee Examiner makes no recommendation for an expense reduction at this time but will continue to monitor the NERA costs through the course of the firm's engagement and Zuckerman's final fee application.

25.   **Photocopies.**  The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii)*.   The firm requested reimbursement of $4,226.80 for duplication charges at a rate of $0.10 per page, in compliance with the Local Rule.

26.   **Computer Assisted Legal Research.**  The Local Rules provide that computer assisted legal research charges "shall not be more than the actual cost." *Local Rule 2016-2(e)(iii)*.   The firm billed $11,439.77 for computer assisted legal research.  The Fee Application indicated that "there is no surcharge for computerized research."

27.   **Overtime Expenses.**  Zuckerman requested reimbursement of secretarial overtime in the amount of $135.00 and meals which appear to relate to overtime in the amount of $139.00.  The charges, totaling $274.00, were listed in **Exhibit J** to the Preliminary Report.   Except in unusual circumstances, secretarial overtime charges are considered firm overhead.  In addition, while a firm may have a policy that personnel may be reimbursed for meals when working late, such charges are generally considered part of the firm's overhead.

Zuckerman responded by, without prejudice, agreeing to an expense reduction in the amount of $274.00.  Exhibit J is omitted from this report.

28.   **Travel Expenses.**  Zuckerman requested reimbursement of travel expenses totaling $25,013.98.  The Fee Examiner requests additional information related to the charges displayed in **Exhibit K** to the Preliminary Report.  For all charges, the Fee Examiner requests a detailed description that will allow a proper classification of the charge (airfare, hotel, etc.).  For airfare charges, the Fee Examiner requests information regarding the origination, destination, and fare class.  For meals, the Fee Examiner requests information regarding the type of meal (breakfast, lunch, etc.) and the name of each attendee.  Meal charges should not exceed $15.00 per person for breakfast, $25.00 per person for lunch, and $50.00 per person for dinner.  For hotel charges, the Fee Examiner requests information regarding the location and number of nights; the Fee Examiner applies a ceiling for domestic lodging of $350.00 per night.

In response Zuckerman provided a spreadsheet of the travel expenses. Included in the spreadsheet were certain charges that should not be passed to the Debtors' estates in whole or in part, and others that do not comport with the cost control appropriate in a bankruptcy setting (i.e., a two night hotel stay charged at $1,365.68). Specifically, the Fee Examiner recommends a fee reduction of $3,132.96 based upon the lodging and meal caps applied in this matter. Exhibit K is omitted from this report.

## CONCLUSION

The Fee Examiner submits this final report regarding the Fee Application and the fees and expenses discussed above. The Fee Examiner recommends the approval of fees in the amount of $998,432.25 ($1,000,919.75 minus $2,487.50) and reimbursement of expenses in the amount of $1,028,318.80 ($1,031,725.76 minus $3,406.96) for the period from December 1, 2009 through February 28, 2010. The findings are summarized in the attached Appendix A.

Respectfully submitted,

**STUART MAUE**

By: _____

W. Andrew Dalton
3840 McKelvey Road
St. Louis, Missouri 63044
Telephone: (314) 291-3030
Facsimile: (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

# APPENDIX A

## ZUCKERMAN SPAEDER LLP

### SUMMARY OF FINDINGS

#### Second Interim Fee Application (December 1, 2009 through February 28, 2010)

##### A.    Amounts Requested and Computed

| | | |
|---|---:|---:|
| Fees Requested | $1,000,919.75 | |
| Expenses Requested | 1,031,725.76 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $2,032,645.51 |
| | | |
| Fees Computed | $1,000,919.75 | |
| Expenses Computed | 1,031,725.76 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $2,032,645.51 |

##### B.    Recommended Fee Allowance and Expense Reimbursement

| | | |
|---|---:|---:|
| Fees Requested | $1,000,919.75 | |
| *Agreed Reduction for Potential Double Billing* | | *($ 110.00)* |
| *Agreed Reduction for Clerical Activities* | | *(2,377.50)* |
| Subtotal | | *($2,487.50)* |
| | | |
| RECOMMENDED FEE ALLOWANCE | | $ 998,432.25 |
| | | |
| Expenses Requested | $1,031,725.76 | |
| *Agreed Reduction for Overtime Expenses* | | *($ 274.00)* |
| *Recommended Reduction for Travel Expenses* | | *(3,132.96)* |
| Subtotal | | *($3,406.96)* |
| | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 1,028,318.80 |
| | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $2,026,751.05 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 15th day of August, 2011.

Joseph J. McMahon, Jr., Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE  19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE  19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE  19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE  19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Mr. James F. Conlan
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY  10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY  10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE  19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY  10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Thomas G. Macauley, Esq.
Zuckerman Spaeder LLP
919 Market Street, Suite 990
Wilmington, DE  19801

W. Andrew Dalton

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL
## COMPUTED AT STANDARD RATES

**Zuckerman Spaeder**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| 947 | Bush, Graeme W. | PARTNER | $362.50 | $765.00 | 350.40 | $257,116.00 |
| 1509 | Goldfarb, Andrew N. | PARTNER | $260.00 | $550.00 | 403.60 | $209,499.00 |
| 253 | Macauley, Thomas G. | PARTNER | $285.00 | $580.00 | 275.30 | $153,076.00 |
| 1146 | Sottile, James | PARTNER | $325.00 | $675.00 | 243.70 | $149,158.75 |
| 410 | Wolff, Marshall S. | PARTNER | $675.00 | $675.00 | 19.50 | $13,162.50 |
| 1464 | Mehta, Caroline Judge | PARTNER | $500.00 | $525.00 | 10.80 | $5,520.00 |
| | No. of Billers for Position: 6 | Blended Rate for Position: | $604.26 | | 1,303.30 | $787,532.25 |
| | | | | % of Total: 67.03% | | % of Total: 78.68% |
| 1502 | Deptula, Martin G. | ASSOCIATE | $465.00 | $465.00 | 144.00 | $66,960.00 |
| 1397 | Guldi, Virginia W. | ASSOCIATE | $325.00 | $325.00 | 88.40 | $28,730.00 |
| 1505 | Herman, Steven | ASSOCIATE | $325.00 | $325.00 | 65.30 | $21,222.50 |
| 1516 | Mehta, Kirtan | ASSOCIATE | $325.00 | $325.00 | 23.70 | $7,702.50 |
| 1289 | Cossette, Lani | ASSOCIATE | $385.00 | $385.00 | 2.00 | $770.00 |
| | No. of Billers for Position: 5 | Blended Rate for Position: | $387.71 | | 323.40 | $125,385.00 |
| | | | | % of Total: 16.63% | | % of Total: 12.53% |
| 1199 | Hanna, Scott | STAFF ATTORNEY | $280.00 | $300.00 | 276.50 | $80,340.00 |
| 1037 | Krein, Benjamin L. | STAFF ATTORNEY | $370.00 | $370.00 | 4.90 | $1,813.00 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $291.94 | | 281.40 | $82,153.00 |
| | | | | % of Total: 14.47% | | % of Total: 8.21% |
| 1428 | Caling, Rey | LIT ANALYST | $195.00 | $195.00 | 2.00 | $390.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $195.00 | | 2.00 | $390.00 |
| | | | | % of Total: 0.10% | | % of Total: 0.04% |
| 1034 | Wilson, Kimberley | LIBRARY ASST | $165.00 | $165.00 | 2.30 | $379.50 |

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL
## COMPUTED AT STANDARD RATES
### Zuckerman Spaeder

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| | No. of Billers for Position: 1 | Blended Rate for Position: | $165.00 | | 2.30 | $379.50 |
| | | | | % of Total: | 0.12% | % of Total: 0.04% |
| 1308 | Faubell, Jeanne Trahan | LIBR DIRECTOR | $165.00 | $165.00 | 1.00 | $165.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $165.00 | | 1.00 | $165.00 |
| | | | | % of Total: | 0.05% | % of Total: 0.02% |
| 279 | Gillig, Diana | PARALEGAL ASST | $155.00 | $160.00 | 30.90 | $4,915.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $159.06 | | 30.90 | $4,915.00 |
| | | | | % of Total: | 1.59% | % of Total: 0.49% |
| | Total No. of Billers: 17 | Blended Rate for Report: | $514.80 | | 1,944.30 | $1,000,919.75 |

EXHIBIT C

POTENTIAL DOUBLE BILLING

Zuckerman Spaeder

POTENTIAL DOUBLE BILLING

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Goldfarb, A | 0.40 | 220.00 |
| | 0.40 | $220.00 |

POTENTIAL DOUBLE BILLING - QUESTIONED

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Goldfarb, A | 0.20 | 110.00 |
| | 0.20 | $110.00 |

Exhibit C   Page 1 of 5

EXHIBIT C

POTENTIAL DOUBLE BILLING
Zuckerman Spaeder

POTENTIAL DOUBLE BILLING

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Bank Claims | 0.40 | 220.00 |
| | 0.40 | $220.00 |

POTENTIAL DOUBLE BILLING - QUESTIONED

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Bank Claims | 0.20 | 110.00 |
| | 0.20 | $110.00 |

Exhibit C   Page 2 of 5

EXHIBIT C

POTENTIAL DOUBLE BILLING

Zuckerman Spaeder

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|---|-------------|
| 01/14/10 Thu | Goldfarb, A 271551/285 | 0.20 | 0.20 | 110.00 | F | 1 | *MATTER NAME: Bank Claims* E-MAIL MLCC COUNSEL REGARDING METADATA AND PRODUCTION ISSUES. |
| 01/14/10 Thu | Goldfarb, A 271551/287 | 0.20 | 0.20 | 110.00 | F & | 1 | *MATTER NAME: Bank Claims* E-MAIL MLCC COUNSEL REGARDING METADATA AND PRODUCTION ISSUES. |

|  |  |  |  |
|--|--|--|--|
| TOTAL OF ALL ENTRIES | | 0.40 | $220.00 |
| TOTAL ENTRY COUNT: | 2 | | |
| TOTAL TASK COUNT: | 2 | | |
| TOTAL OF & ENTRIES | | 0.20 | $110.00 |
| TOTAL ENTRY COUNT: | 1 | | |
| TOTAL TASK COUNT: | 1 | | |

EXHIBIT C

POTENTIAL DOUBLE BILLING

Zuckerman Spaeder

SUMMARY OF HOURS AND FEES BY INDIVIDUAL FOR

POTENTIAL DOUBLE BILLING

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Goldfarb, A | 0.40 | 220.00 |
| | 0.40 | $220.00 |

SUMMARY OF HOURS AND FEES BY INDIVIDUAL FOR

POTENTIAL DOUBLE BILLING - QUESTIONED

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Goldfarb, A | 0.20 | 110.00 |
| | 0.20 | $110.00 |

Exhibit C   Page 4 of 5

EXHIBIT C

POTENTIAL DOUBLE BILLING

Zuckerman Spaeder

SUMMARY OF HOURS AND FEES BY MATTER FOR

POTENTIAL DOUBLE BILLING

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Bank Claims | 0.40 | 220.00 |
| | 0.40 | $220.00 |

SUMMARY OF HOURS AND FEES BY MATTER FOR

POTENTIAL DOUBLE BILLING - QUESTIONED

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Bank Claims | 0.20 | 110.00 |
| | 0.20 | $110.00 |

(~) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL

Exhibit C   Page 5 of 5

EXHIBIT H

CLERICAL ACTIVITIES

Zuckerman Spaeder

## SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE |
|---|---|---|---|---|
| Gillig, D | 4.10 | 645.00 | 328.00 | 317.00 |
| Hanna, S | 9.35 | 2,766.00 | 748.00 | 2,018.00 |
| Wilson, K | 0.50 | 82.50 | 40.00 | 42.50 |
| | 13.95 | $3,493.50 | $1,116.00 | $2,377.50 |

## SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE |
|---|---|---|---|---|
| Bank Claims | 12.95 | 3,334.00 | 1,036.00 | 2,298.00 |
| Retention/Fee Applications | 1.00 | 159.50 | 80.00 | 79.50 |
| | 13.95 | $3,493.50 | $1,116.00 | $2,377.50 |

* Amount billed adjusted to reflect percentage shown to be due on the invoice.

EXHIBIT H

CLERICAL ACTIVITIES

Zuckerman Spaeder

| TIMEKEEPER NAME | DATE | | ENTRY HOURS | TASK HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE | ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|
| Gillig, D | 12/04/09 270605/96 | Fri | 0.20 | 0.20 | 31.00 | 16.00 | 15.00 | F | *MATTER NAME: Bank Claims* <br> 1 DRAFT CERTIFICATES OF SERVICE FOR ORAL EXAM NOTICES. |
| | 12/04/09 270605/97 | Fri | 0.30 | 0.30 | 46.50 | 24.00 | 22.50 | F | *MATTER NAME: Bank Claims* <br> 1 DRAFT CERTIFICATE OF SERVICE REGARDING RULE 2004 MOTION. |
| | 12/04/09 270605/98 | Fri | 0.20 | 0.20 | 31.00 | 16.00 | 15.00 | F | *MATTER NAME: Bank Claims* <br> 1 REVIEW CERTIFICATE OF SERVICE FOR MOTION. |
| | 12/08/09 270992/531 | Tue | 0.10 | 0.10 | 15.50 | 8.00 | 7.50 | F | *MATTER NAME: Retention/Fee Applications* <br> 1 PULL NOTICE OF HEARING REGARDING 12/15 HEARING ON FEE APPLICATIONS. |
| | 12/09/09 270605/200 | Wed | 0.20 | 0.20 | 31.00 | 16.00 | 15.00 | F | *MATTER NAME: Bank Claims* <br> 1 PULL 3 LEXIS CASES FOR T. MACAULEY. |
| | 12/09/09 270605/203 | Wed | 0.10 | 0.10 | 15.50 | 8.00 | 7.50 | F | *MATTER NAME: Bank Claims* <br> 1 PREPARE SERVICE OF FILED NOTICES. |
| | 12/09/09 270605/205 | Wed | 0.10 | 0.10 | 15.50 | 8.00 | 7.50 | F | *MATTER NAME: Bank Claims* <br> 1 PREPARE SERVICE OF SAME. |
| | 12/22/09 270605/420 | Tue | 0.20 | 0.20 | 31.00 | 16.00 | 15.00 | F | *MATTER NAME: Bank Claims* <br> 1 DRAFT CERTIFICATE OF SERVICE FOR SAME. |
| | 12/23/09 270605/460 | Wed | 0.10 | 0.10 | 15.50 | 8.00 | 7.50 | F | *MATTER NAME: Bank Claims* <br> 1 DRAFT CERTIFICATE OF SERVICE FOR NOTICE OF RULE 2004 EXAM |
| | 12/23/09 270605/464 | Wed | 0.10 | 0.10 | 15.50 | 8.00 | 7.50 | F | *MATTER NAME: Bank Claims* <br> 1 PREPARE SERVICE REGARDING SAME. |
| | 12/23/09 270605/465 | Wed | 0.10 | 0.10 | 15.50 | 8.00 | 7.50 | F | *MATTER NAME: Bank Claims* <br> 1 FORWARD SAME TO TEAM. |
| | 12/24/09 270605/485 | Thu | 0.10 | 0.10 | 15.50 | 8.00 | 7.50 | F | *MATTER NAME: Bank Claims* <br> 1 PREPARE SERVICE REGARDING SAME. |

~  See the last page of exhibit for explanation

*  Amount billed adjusted to reflect percentage shown to be due on the invoice.

EXHIBIT H

CLERICAL ACTIVITIES

Zuckerman Spaeder

| TIMEKEEPER NAME | DATE | | ENTRY HOURS | TASK HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE | ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|
| Gillig, D | 12/28/09<br>270605/495 | Mon | 0.10 | 0.10 | 15.50 | 8.00 | 7.50 | F | *MATTER NAME: Bank Claims*<br>1 PREPARE SERVICE OF SIGNED ORDER. |
| | 12/28/09<br>270605/496 | Mon | 0.20 | 0.20 | 31.00 | 16.00 | 15.00 | F | *MATTER NAME: Bank Claims*<br>1 DRAFT CERTIFICATE OF SERVICE REGARDING SIGNED ORDER. |
| | 12/31/09<br>270605/520 | Thu | 0.10 | 0.10 | 15.50 | 8.00 | 7.50 | F | *MATTER NAME: Bank Claims*<br>1 FORWARD SAME TO COUNSEL. |
| | 01/04/10<br>271551/22 | Mon | 0.10 | 0.10 | 16.00 | 8.00 | 8.00 | F | *MATTER NAME: Bank Claims*<br>1 PULL PLEADINGS FROM DOCKET. |
| | 01/04/10<br>271552/522 | Mon | 0.10 | 0.10 | 16.00 | 8.00 | 8.00 | F | *MATTER NAME: Retention/Fee Applications*<br>1 CONTACT BILLING DEPARTMENT REGARDING SAME. |
| | 01/04/10<br>271552/524 | Mon | 0.10 | 0.10 | 16.00 | 8.00 | 8.00 | F | *MATTER NAME: Retention/Fee Applications*<br>1 FORWARD 2ND AND 3RD MONTHLY FEE APPLICATIONS TO FEE EXAMINER. |
| | 01/05/10<br>271551/48 | Tue | 0.10 | 0.10 | 16.00 | 8.00 | 8.00 | F | *MATTER NAME: Bank Claims*<br>1 PULL CASE FROM LEXIS AND FORWARD SAME TO T. MACAULEY. |
| | 01/05/10<br>271552/528 | Tue | 0.10 | 0.10 | 16.00 | 8.00 | 8.00 | F | *MATTER NAME: Retention/Fee Applications*<br>1 FORWARD EXHIBIT OF 1ST FEE APPLICATION IN DATA FORMAT TO EXAMINER. |
| | 01/08/10<br>271552/538 | Fri | 0.20 | 0.20 | 32.00 | 16.00 | 16.00 | F | *MATTER NAME: Retention/Fee Applications*<br>1 PREPARE SERVICE OF SAME AND FORWARD SAME TO TEAM. |
| | 01/11/10<br>271551/145 | Mon | 0.10 | 0.10 | 16.00 | 8.00 | 8.00 | F | *MATTER NAME: Bank Claims*<br>1 PULL COMPLAINT IN RELEVANT CASE. |
| | 01/15/10<br>271552/552 | Fri | 0.20 | 0.20 | 32.00 | 16.00 | 16.00 | F | *MATTER NAME: Retention/Fee Applications*<br>1 PULL PROFESSIONAL FEE APPLICATIONS. |
| | 01/15/10<br>271552/555 | Fri | 0.10 | 0.10 | 16.00 | 8.00 | 8.00 | F | *MATTER NAME: Retention/Fee Applications*<br>1 PREPARE SERVICE OF SAME. |

~  See the last page of exhibit for explanation

*  Amount billed adjusted to reflect percentage shown to be due on the invoice.

CLERICAL ACTIVITIES

Zuckerman Spaeder

| TIMEKEEPER NAME | DATE | | ENTRY HOURS | TASK HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE | ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|
| Gillig, D | 02/01/10 272003/1 | Mon | 0.10 | 0.10 | 16.00 | 8.00 | 8.00 | F | *MATTER NAME: Bank Claims* 1 FORWARD DEPOSITORY ORDER TO T. MACAULEY. |
| | 02/01/10 272003/2 | Mon | 0.30 | 0.15 | 24.00 | 12.00 | 12.00 | F | *MATTER NAME: Bank Claims* 1 DRAFT NOTICE OF MOTION AND 2 CERTIFICATE OF SERVICE REGARDING MOTION FILING UNDER SEAL. |
| | 02/01/10 272003/3 | Mon | 0.30 | 0.15 | 24.00 | 12.00 | 12.00 | F | *MATTER NAME: Bank Claims* 1 DRAFT NOTICE OF MOTION AND 2 CERTIFICATE OF SERVICE REGARDING MOTION TO COMMENCE PROSECUTION. |
| | 02/01/10 272003/6 | Mon | 0.20 | 0.20 | 32.00 | 16.00 | 16.00 | F | *MATTER NAME: Bank Claims* 1 PREPARE SERVICE OF SAME. |
| | 02/05/10 272004/528 | Fri | 0.10 | 0.10 | 16.00 | 8.00 | 8.00 | F | *MATTER NAME: Retention/Fee Applications* 1 PREPARE SERVICE OF SAME. |
| | 02/18/10 272003/382 | Thu | 0.10 | 0.10 | 16.00 | 8.00 | 8.00 | F | *MATTER NAME: Bank Claims* 1 PULL REQUESTED PLEADINGS REGARDING AGENDA FOR 2/18 HEARING. |
| | TOTAL FOR TIMEKEEPER: | | | 4.10 | $645.00 | $328.00 | $317.00 | | |
| | NUMBER OF ENTRIES: | 30 | | | | | | | |
| Hanna, S | 12/15/09 270605/334 | Tue | 2.50 | 1.25 | 350.00 | 100.00 | 250.00 | F | *MATTER NAME: Bank Claims* 1 REVIEW EXHIBITS FOR ELYSE BLUTH DEPOSITION AND 2 PREP 15 COPIES OF SAME. |
| | 12/23/09 270605/472 | Wed | 0.70 | 0.70 | 196.00 | 56.00 | 140.00 | F | *MATTER NAME: Bank Claims* 1 RETRIEVE BEN BUETTELL, CHAD RUCKER, AND BRYAN BROWNING DEPOSITION TRANSCRIPTS AND EXHIBITS. |
| | 01/12/10 271551/180 | Tue | 3.30 | 3.30 | 990.00 | 264.00 | 726.00 | F | *MATTER NAME: Bank Claims* 1 ORGANIZE AND UPLOAD TO DMS DEPOSITION TRANSCRIPTS AND EXHIBITS (RUCKER, BROWNING, BUETTELL, AMSDEN, AND BLUTH) AND FINANCIAL INFORMATION RETRIEVED FOR EXPERT REVIEW. |
| | 01/13/10 271551/214 | Wed | 2.20 | 2.20 | 660.00 | 176.00 | 484.00 | F | *MATTER NAME: Bank Claims* 1 ORGANIZE AND UPLOAD TO DMS PREVIOUSLY-RETRIEVED EMAILS, REPORTS, AND PRESENTATIONS FROM DATABASE FOR FACTUAL RESEARCH. |
| | 01/19/10 271551/334 | Tue | 0.60 | 0.60 | 180.00 | 48.00 | 132.00 | F | *MATTER NAME: Bank Claims* 1 ORGANIZE AND UPLOAD TO DMS PREVIOUSLY-RETRIEVED DOCUMENTS FROM DATABASE. |

~  See the last page of exhibit for explanation

*  Amount billed adjusted to reflect percentage shown to be due on the invoice.

CLERICAL ACTIVITIES

Zuckerman Spaeder

| TIMEKEEPER NAME | DATE | ENTRY HOURS | TASK HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE | ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | *MATTER NAME: Bank Claims* |
| Hanna, S | 01/26/10    Tue 271551/432 | 3.90 | | | | | F | 1 REVIEW DEPOSITION PREP BINDERS AND OTHER BINDER, |
| | | | | | | | | 2 ASSEMBLE SAME FOR EXPERTS, AND |
| | | | 1.30 | 390.00 | 104.00 | 286.00 | | 3 DRAFT COVER LETTER REGARDING SAME. |
| | TOTAL FOR TIMEKEEPER: | | 9.35 | $2,766.00 | $748.00 | $2,018.00 | | |
| | NUMBER OF ENTRIES: | 6 | | | | | | |
| | | | | | | | | *MATTER NAME: Bank Claims* |
| Wilson, K | 12/18/09    Fri 270605/397 | 0.50 | 0.50 | 82.50 | 40.00 | 42.50 | F | 1 PULL SEVERAL CASES FOR VIRGINIA GULDI. |
| | TOTAL FOR TIMEKEEPER: | | 0.50 | $82.50 | $40.00 | $42.50 | | |
| | NUMBER OF ENTRIES: | 1 | | | | | | |
| TOTAL: | | | 13.95 | $3,493.50 | $1,116.00 | $2,377.50 | | |
| NUMBER OF ENTRIES | 37 | | | | | | | |

~  See the last page of exhibit for explanation

\*  Amount billed adjusted to reflect percentage shown to be due on the invoice.

CLERICAL ACTIVITIES

Zuckerman Spaeder

### SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE |
|---|---|---|---|---|
| Gillig, D | 4.10 | 645.00 | 328.00 | 317.00 |
| Hanna, S | 9.35 | 2,766.00 | 748.00 | 2,018.00 |
| Wilson, K | 0.50 | 82.50 | 40.00 | 42.50 |
| | 13.95 | $3,493.50 | $1,116.00 | $2,377.50 |

### SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE |
|---|---|---|---|---|
| Bank Claims | 12.95 | 3,334.00 | 1,036.00 | 2,298.00 |
| Retention/Fee Applications | 1.00 | 159.50 | 80.00 | 79.50 |
| | 13.95 | $3,493.50 | $1,116.00 | $2,377.50 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL

* Amount billed adjusted to reflect percentage shown to be due on the invoice.

EXHIBIT I

ZUCKERMAN RETENTION/COMPENSATION

Zuckerman Spaeder

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Gillig, D | 13.80 | 2,205.00 |
| Guldi, V | 4.20 | 1,365.00 |
| Macauley, T | 18.40 | 10,607.00 |
| | 36.40 | $14,177.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Retention/Fee Applications | 36.40 | 14,177.00 |
| | 36.40 | $14,177.00 |

EXHIBIT I  PAGE 1 of 8

EXHIBIT I
ZUCKERMAN RETENTION/COMPENSATION
Zuckerman Spaeder

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|---|-------------|
| 12/08/09 Tue | Gillig, D 270992/530 | 0.10 | 0.10 | 15.50 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW DOCKET REGARDING 12/15 HEARING. |
| 12/08/09 Tue | Macauley, T 270992/529 | 0.10 | 0.10 | 57.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>SPEAK WITH M. MCGUIRE REGARDING SUPPLEMENTAL AFFIDAVIT. |
| 12/09/09 Wed | Gillig, D 270992/536 | 0.30 | 0.30 | 46.50 | F | 1 | MATTER NAME: Retention/Fee Applications<br>RESEARCH REGARDING EXPERT RETENTION. |
| 12/09/09 Wed | Gillig, D 270992/538 | 0.10 | 0.10 | 15.50 | F | 1 | MATTER NAME: Retention/Fee Applications<br>DRAFT CNO REGARDING ZS 2ND MONTHLY FEE APPLICATION. |
| 12/09/09 Wed | Macauley, T 270992/532 | 1.60 | 1.60 | 912.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>RESEARCH AND REVIEW CASES REGARDING EXPERT RETENTION. |
| 12/09/09 Wed | Macauley, T 270992/533 | 1.80 | 1.80 | 1,026.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>DRAFT MEMO REGARDING SAME. |
| 12/09/09 Wed | Macauley, T 270992/534 | 0.10 | 0.10 | 57.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW CNO FOR 2ND MONTHLY FEE APPLICATION. |
| 12/09/09 Wed | Macauley, T 270992/535 | 0.30 | 0.30 | 171.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>DRAFT NOTE TO V. GALATI REGARDING SAME. |
| 12/11/09 Fri | Gillig, D 270992/540 | 0.10 | 0.10 | 15.50 | F | 1 | MATTER NAME: Retention/Fee Applications<br>DRAFT CNO REGARDING ZS 3RD MONTHLY FEE APPLICATION. |
| 12/17/09 Thu | Macauley, T 270992/541 | 0.20 | 0.20 | 114.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW DOCKET AND CNO FOR 3RD MONTHLY FEE APPLICATION. |
| 12/17/09 Thu | Macauley, T 270992/542 | 0.30 | 0.30 | 171.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>DRAFT NOTE TO V. GARLATI REGARDING SAME. |
| 12/22/09 Tue | Macauley, T 270992/543 | 0.10 | 0.10 | 57.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>ANALYZE ISSUES REGARDING 1ST INTERIM FEE APPLICATION. |
| 12/22/09 Tue | Macauley, T 270992/544 | 0.20 | 0.20 | 114.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>ANALYZE ISSUES REGARDING EXPERT RETENTION. |

~ See the last page of exhibit for explanation

EXHIBIT I  PAGE 2 of 8

EXHIBIT I
ZUCKERMAN RETENTION/COMPENSATION
Zuckerman Spaeder

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| 12/27/09 Sun | Macauley, T 270992/545 | 1.00 | 1.00 | 570.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW NOVEMBER TIME DETAIL WITH ATTENTION TO WORK PRODUCT. |
| 12/28/09 Mon | Macauley, T 270992/546 | 0.80 | 0.80 | 456.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>CONTINUE REVIEW OF NOVEMBER TIME DETAIL WITH ATTENTION TO WORK PRODUCT. |
| 01/04/10 Mon | Gillig, D 271552/521 | 0.10 | 0.10 | 16.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW A. GOLDFARB EMAILS REGARDING BILLED TIME TO 4TH MONTHLY FEE APPLICATION PERIOD. |
| 01/04/10 Mon | Gillig, D 271552/525 | 0.20 | 0.20 | 32.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>EXCHANGE EMAILS WITH FEE EXAMINER REGARDING DATA FORMAT FOR EXHIBITS TO FEE APPLICATIONS AND FORWARD SAME. |
| 01/04/10 Mon | Guldi, V 271552/518 | 2.00 | 2.00 | 650.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>DRAFT APPLICATION TO RETAIN EXPERT. |
| 01/04/10 Mon | Macauley, T 271552/517 | 0.40 | 0.40 | 232.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>ANALYZE ISSUES REGARDING EXPERT RETENTION. |
| 01/04/10 Mon | Macauley, T 271552/519 | 0.10 | 0.10 | 58.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>ANALYZE ISSUES REGARDING SENDING FEE APPLICATIONS TO FEE EXAMINER. |
| 01/04/10 Mon | Macauley, T 271552/520 | 0.20 | 0.20 | 116.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>ANALYZE ISSUES REGARDING SUPPLEMENTAL DECLARATION FOR FIRM'S RETENTION. |
| 01/05/10 Tue | Gillig, D 271552/527 | 0.10 | 0.10 | 16.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW EMAIL REQUEST FROM FEE EXAMINER REGARDING 1ST MONTHLY FEE APPLICATION. |
| 01/05/10 Tue | Macauley, T 271552/526 | 0.20 | 0.20 | 116.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW AND ANALYZE ISSUES REGARDING EXPERT RETENTION. |
| 01/06/10 Wed | Guldi, V 271552/529 | 2.20 | 2.20 | 715.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>DRAFT SUPPLEMENTAL DECLARATION REGARDING CHICAGO CUBS AND VARIOUS DISCOVERY PARTIES. |
| 01/07/10 Thu | Gillig, D 271552/532 | 0.20 | 0.20 | 32.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW COSTS FOR 4TH MONTHLY FEE APPLICATION PERIOD. |
| 01/07/10 Thu | Gillig, D 271552/533 | 1.30 | 1.30 | 208.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>PREPARE COST CHART EXHIBIT FOR FEE APPLICATION. |

~ See the last page of exhibit for explanation

EXHIBIT I PAGE 3 of 8

EXHIBIT I
ZUCKERMAN RETENTION/COMPENSATION
Zuckerman Spaeder

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|---|-------------|
| 01/07/10 Thu | Gillig, D 271552/534 | 1.50 | 1.50 | 240.00 | F | 1 | MATTER NAME: Retention/Fee Applications DRAFT 4TH MONTHLY FEE APPLICATION REQUEST. |
| 01/07/10 Thu | Gillig, D 271552/535 | 0.20 | 0.20 | 32.00 | F | 1 | MATTER NAME: Retention/Fee Applications DRAFT NOTICE AND CERTIFICATE OF SERVICE FOR FEE APPLICATION. |
| 01/07/10 Thu | Gillig, D 271552/536 | 0.10 | 0.10 | 16.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVISE FEE APPLICATION. |
| 01/08/10 Fri | Gillig, D 271552/539 | 1.80 | 1.80 | 288.00 | F | 1 | MATTER NAME: Retention/Fee Applications PREPARE COST ITEMIZATION CHART EXHIBIT FOR 1ST INTERIM FEE APPLICATION. |
| 01/08/10 Fri | Gillig, D 271552/540 | 1.80 | 1.80 | 288.00 | F | 1 | MATTER NAME: Retention/Fee Applications DRAFT INTERIM FEE APPLICATION. |
| 01/08/10 Fri | Macauley, T 271552/541 | 0.40 | 0.40 | 232.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW AND EDIT 4TH MONTHLY FEE APPLICATION. |
| 01/11/10 Mon | Gillig, D 271552/542 | 0.30 | 0.30 | 48.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW 1ST THROUGH 4TH MONTHLY FEE APPLICATIONS. |
| 01/13/10 Wed | Gillig, D 271552/543 | 1.10 | 1.10 | 176.00 | F | 1 | MATTER NAME: Retention/Fee Applications DRAFT INTERIM FEE APPLICATION. |
| 01/13/10 Wed | Gillig, D 271552/544 | 0.20 | 0.20 | 32.00 | F | 1 | MATTER NAME: Retention/Fee Applications DRAFT NOTICE AND CERTIFICATE OF SERVICE FOR FEE APPLICATION. |
| 01/13/10 Wed | Gillig, D 271552/545 | 0.10 | 0.10 | 16.00 | F | 1 | MATTER NAME: Retention/Fee Applications DRAFT NOTICE OF FILING AND CERTIFICATE OF SERVICE FOR APPLICATION. |
| 01/13/10 Wed | Macauley, T 271552/546 | 0.70 | 0.70 | 406.00 | F | 1 | MATTER NAME: Retention/Fee Applications RESEARCH ISSUES REGARDING EXPERT RETENTION. |
| 01/14/10 Thu | Macauley, T 271552/547 | 0.40 | 0.40 | 232.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW AND EDIT 2ND SUPPLEMENTAL DECLARATION. |
| 01/14/10 Thu | Macauley, T 271552/548 | 0.10 | 0.10 | 58.00 | F | 1 | MATTER NAME: Retention/Fee Applications SPEAK WITH A. LANDIS REGARDING EXPERT RETENTION. |

~ See the last page of exhibit for explanation

EXHIBIT I PAGE 4 of 8

EXHIBIT I
ZUCKERMAN RETENTION/COMPENSATION
Zuckerman Spaeder

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|---|-------------|
| 01/14/10 Thu | Macauley, T 271552/549 | 0.90 | 0.90 | 522.00 | F | 1 | MATTER NAME: Retention/Fee Applications WORK ON 1ST INTERIM FEE APPLICATION. |
| 01/15/10 Fri | Gillig, D 271552/550 | 0.40 | 0.40 | 64.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVISE INTERIM FEE APPLICATION. |
| 01/15/10 Fri | Gillig, D 271552/551 | 0.10 | 0.10 | 16.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVISE NOTICE AND CERTIFICATE OF SERVICE FOR SAME. |
| 01/15/10 Fri | Gillig, D 271552/553 | 0.10 | 0.10 | 16.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVISE NOTICE OF FILING FOR SAME. |
| 01/15/10 Fri | Macauley, T 271552/557 | 0.40 | 0.40 | 232.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW LOCAL RULES AND FORMS AND OTHER INTERIM FEE APPLICATIONS IN CASE. |
| 01/15/10 Fri | Macauley, T 271552/558 | 1.20 | 1.20 | 696.00 | F | 1 | MATTER NAME: Retention/Fee Applications WORK ON 1ST INTERIM FEE APPLICATION. |
| 01/17/10 Sun | Macauley, T 271552/559 | 0.20 | 0.20 | 116.00 | F | 1 | MATTER NAME: Retention/Fee Applications EXCHANGE NOTES WITH G. BUSH REGARDING 1ST INTERIM FEE APPLICATION. |
| 01/22/10 Fri | Macauley, T 271552/560 | 0.70 | 0.70 | 406.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW AND EDIT DECEMBER TIME DETAIL FOR PRIVILEGE AND WORK PRODUCT. |
| 01/22/10 Fri | Macauley, T 271552/561 | 0.90 | 0.90 | 522.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW AND EDIT DECEMBER TIME DETAIL FOR PRIVILEGE AND WORK PRODUCT. |
| 01/25/10 Mon | Gillig, D 271552/562 | 0.30 | 0.30 | 48.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVISE TIME DETAIL REGARDING 5TH MONTHLY FEE APPLICATION. |
| 01/25/10 Mon | Macauley, T 271552/563 | 0.70 | 0.70 | 406.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW AND COMMENT ON DRAFT ENGAGEMENT LETTER WITH EXPERT. |
| 01/26/10 Tue | Macauley, T 271552/565 | 0.20 | 0.20 | 116.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW MOELIS ANALYSES. |
| 01/29/10 Fri | Macauley, T 271552/566 | 0.20 | 0.20 | 116.00 | F | 1 | MATTER NAME: Retention/Fee Applications ANALYZE ISSUES REGARDING 5TH MONTHLY FEE APPLICATION. |

~ See the last page of exhibit for explanation

EXHIBIT I PAGE 5 of 8

EXHIBIT I
ZUCKERMAN RETENTION/COMPENSATION
Zuckerman Spaeder

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|---|-------------|
| 02/01/10 Mon | Macauley, T 272004/512 | 0.30 | 0.30 | 174.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>SPEAK WITH D. DEUTSCHE AND A. LANDIS REGARDING EXPERT RETENTION. |
| 02/01/10 Mon | Macauley, T 272004/513 | 0.10 | 0.10 | 58.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>DRAFT NOTE TO G. BUSH REGARDING SAME. |
| 02/02/10 Tue | Gillig, D 272004/515 | 0.10 | 0.10 | 16.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>DRAFT CNO FOR ZS 4TH MONTHLY FEE APPLICATION. |
| 02/02/10 Tue | Macauley, T 272004/514 | 0.10 | 0.10 | 58.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>ANALYZE ISSUES REGARDING CNO FOR 4TH MONTHLY FEE APPLICATION. |
| 02/03/10 Wed | Gillig, D 272004/517 | 1.30 | 1.30 | 208.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>PREPARE COST ITEMIZATION CHART FOR 5TH MONTHLY FEE APPLICATION. |
| 02/03/10 Wed | Macauley, T 272004/518 | 0.20 | 0.20 | 116.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>DRAFT NOTE TO V. GARLATI REGARDING 4TH MONTHLY FEE APPLICATION. |
| 02/04/10 Thu | Macauley, T 272004/519 | 0.40 | 0.40 | 232.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW DECEMBER TIME DETAIL FOR WORK PRODUCT AND ANALYZE ISSUES REGARDING 5TH MONTHLY FEE APPLICATION. |
| 02/05/10 Fri | Gillig, D 272004/524 | 0.60 | 0.60 | 96.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>DRAFT 5TH MONTHLY FEE APPLICATION. |
| 02/05/10 Fri | Gillig, D 272004/525 | 0.20 | 0.20 | 32.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>DRAFT NOTICE AND CERTIFICATE OF SERVICE FOR SAME. |
| 02/05/10 Fri | Gillig, D 272004/526 | 0.10 | 0.10 | 16.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVISE 5TH MONTHLY FEE APPLICATION. |
| 02/05/10 Fri | Macauley, T 272004/520 | 0.20 | 0.20 | 116.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW MARKED UP DRAFT OF EXPERT ENGAGEMENT LETTER. |
| 02/05/10 Fri | Macauley, T 272004/521 | 0.80 | 0.80 | 464.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW AND EDIT 5TH MONTHLY FEE APPLICATION. |
| 02/05/10 Fri | Macauley, T 272004/522 | 0.20 | 0.20 | 116.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>EXCHANGE NOTES WITH G. BUSH REGARDING SAME. |

~ See the last page of exhibit for explanation

EXHIBIT I  PAGE 6 of 8

EXHIBIT I
ZUCKERMAN RETENTION/COMPENSATION
Zuckerman Spaeder

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|---|-------------|
| 02/08/10 Mon | Gillig, D 272004/530 | 0.10 | 0.10 | 16.00 | F | 1 | *MATTER NAME: Retention/Fee Applications* <br> DRAFT CNO REGARDING ZS 1ST INTERIM FEE APPLICATION. |
| 02/09/10 Tue | Macauley, T 272004/531 | 0.40 | 0.40 | 232.00 | F | 1 | *MATTER NAME: Retention/Fee Applications* <br> EXCHANGE NOTES WITH V. GARLATI REGARDING 5TH MONTHLY FEE APPLICATION AND APPROPRIATE HOLDBACK AMOUNT. |
| 02/17/10 Wed | Gillig, D 272004/532 | 0.90 | 0.90 | 144.00 | F | 1 | *MATTER NAME: Retention/Fee Applications* <br> REVIEW TIME DETAIL REGARDING 6TH MONTHLY FEE APPLICATION PERIOD. |
| 02/25/10 Thu | Macauley, T 272004/534 | 1.30 | 1.30 | 754.00 | F | 1 | *MATTER NAME: Retention/Fee Applications* <br> REVIEW JANUARY TIME DETAIL FOR WORK PRODUCT AND PRIVILEGE. |

Total
Number of Entries:          69

36.40          $14,177.00

~ See the last page of exhibit for explanation

EXHIBIT I  PAGE 7 of 8

EXHIBIT I

ZUCKERMAN RETENTION/COMPENSATION

Zuckerman Spaeder

### SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Gillig, D | 13.80 | 2,205.00 |
| Guldi, V | 4.20 | 1,365.00 |
| Macauley, T | 18.40 | 10,607.00 |
| | 36.40 | $14,177.00 |

### SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Retention/Fee Applications | 36.40 | 14,177.00 |
| | 36.40 | $14,177.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL

EXHIBIT I  PAGE 8 of 8