# EXHIBIT A

## PROPOSED SETTLEMENT

## APPROVAL ORDER

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Related to Docket Nos. 1970, 2077, 8815 and ____ |

## ORDER (I) AUTHORIZING DEBTORS TO ENTER INTO ERISA CLAIM SETTLEMENT AND TO PERFORM ALL OBLIGATIONS THEREUNDER, (II) MODIFYING THE AUTOMATIC STAY TO THE EXTENT NECESSARY TO ALLOW INSURERS TO PAY PORTIONS OF THE SETTLEMENT AMOUNT, AND (III) GRANTING RELATED RELIEF

Upon consideration of the Debtors' motion (the "Motion")[2] for entry of an order (i) authorizing the Debtors to enter into the ERISA Claim Settlement, whose principal terms are set forth in a Memorandum of Understanding ("MOU") annexed as Exhibit B to the Motion; (ii)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

46429/0001-7840313v1

modifying the automatic stay to the extent necessary to allow the Insurers to pay their respective portions of the settlement amount, and (iii) granting related relief, pursuant to sections 105(a), 362(d), and 363(b) of the Bankruptcy Code and Bankruptcy Rules 9019(a) and 4001(a)(3), and upon consideration of the Liebentritt Declaration and any pleadings, arguments, and representations of counsel related to the Motion; and the Court finding that (a) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding pursuant to 28 U.S.C. § 157(b) and venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, and (c) adequate notice of the Motion and opportunity for objection was due and proper under the circumstances, and no other or further notice being required; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefore, it is hereby:

1. ORDERED that the Motion is granted in its entirety; and it is further

2. ORDERED that the Debtors are authorized to enter into the ERISA Claim Settlement, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(a), and to perform all of their obligations thereunder, including, but not limited to, (i) payment of their respective portion of the settlement amount under the ERISA Claim Settlement; (ii) payment of any costs or expenses arising from the implementation of the settlements, including costs associated with noticing class members pursuant to the terms set forth in the ERISA Claim Settlement; (iii) all actions necessary and reasonable to negotiate and enter into any formal settlement agreement in conformance with the terms of the MOU; and (iv) all actions necessary and reasonable to obtain preliminary and final approval of the ERISA Claim Settlement by the District Court; and it is further

46429/0001-7840313v1

3. ORDERED that the automatic stay, to the extent it applies, is hereby modified, pursuant to section 362(d) of the Bankruptcy Code, to allow the Insurers to make payments pursuant to the ERISA Claim Settlement and in accordance with the terms of the 2007 Fiduciary Liability Policies; and it is further

4. ORDERED that the Insurers are authorized to pay their respective portions of the settlement amount pursuant to the ERISA Claim Settlement; and it is further

5. ORDERED that nothing in this Order shall modify or alter the rights and obligations provided for under the terms and conditions of the 2007 Fiduciary Liability Policies; and it is further

6. ORDERED that the Debtors are authorized to execute and deliver all documentation necessary to effectuate the terms of the ERISA Claim Settlement, including, but not limited to, any documents related to payments to be made by the Insurers; and it is further

7. ORDERED that the Debtors are authorized to make the amendment to the Debtors' plan of reorganization pursuant to Section 11(e) of the ERISA Claim Settlement without further notice or solicitation of such plan of reorganization, as amended; and it is further

8. ORDERED that the Debtors are authorized, pursuant to Section 16(c) of the ERISA Claim Settlement, to enter into a stipulation with the DOL respecting the satisfaction and release of the DOL Claims filed against the Debtors without further notice or order of this Court and the Debtors or the Court-appointed claims and noticing agent are authorized to modify the claims register maintained in these chapter 11 cases in accordance therewith; and it is further

9. ORDERED that the Debtors are authorized, pursuant to Section 12 of the ERISA Claim Settlement, to enter into a stipulation with the DOL allowing the DOL Settlement Claim (as such term is defined in Section 12 of the ERISA Claim Settlement) without further notice or

order of this Court and the Debtors or the Court-appointed claims and noticing agent are authorized to modify the claims register maintained in these chapter 11 cases in accordance therewith; and it is further

10. ORDERED that the order entered by this Court on September 2, 2009 (Docket No. 2077) regarding the payment of defense costs and fees under Tribune's fiduciary liability insurance policies shall remain in full force and effect; and it is further

11. ORDERED that notwithstanding the denomination of the ERISA Claim Settlement document annexed to the Motion as an MOU and the language in Section 1 of the MOU regarding entry into a later "formal and binding settlement agreement," the obligations of the Debtors in the MOU shall constitute binding obligations of the Debtors, to the same extent as the obligations of the other parties in the MOU are binding upon such other parties, and the Tribune or its affiliates are authorized to fund up to $4.45 million of the settlement amount, without the entry into by the Debtors of any further agreement; and it is further

12. ORDERED that the 14-day stay provided for in Bankruptcy Rule 4001(a)(3) is hereby waived such that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

13. ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: Wilmington, Delaware
       September _____, 2011

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE