

| | |
|---|---|
| SIDLEY AUSTIN LLP | BEIJING — NEW YORK |
| ONE SOUTH DEARBORN STREET | BRUSSELS — PALO ALTO |
| CHICAGO, IL 60603 | CHICAGO — SAN FRANCISCO |
| (312) 853 7000 | DALLAS — SHANGHAI |
| (312) 853 7036 FAX | FRANKFURT — SINGAPORE |
| | GENEVA — SYDNEY |
| | HONG KONG — TOKYO |
| | LONDON — WASHINGTON, D.C. |
| | LOS ANGELES |
| bkrakauer@sidley.com | |
| (312) 853 7515 | FOUNDED 1866 |

August 19, 2011

**Via Hand Delivery**

The Honorable Kevin J. Carey
United States Bankruptcy Court for the District of Delaware
824 North Market Street
Wilmington, Delaware 19801

       Re:    In re Tribune Company, et al., Debtors (Case No. 08-13141)

Dear Judge Carey:

      On August 19, 2011, the Debtors in the above-referenced chapter 11 cases filed the Debtors' Motion for an Order Pursuant to Sections 105(a), 362(d), and 363 of the Bankruptcy Code and Bankruptcy Rules 9019 and 4001(a)(3) (I) Authorizing Debtors to Enter Into ERISA Claim Settlement and to Perform All Obligations Thereunder, (II) Modifying the Automatic Stay to the Extent Necessary to Allow Insurers to Pay Portions of the Settlement Amount, and (III) Granting Related Relief (Docket No. 9681) (the "Settlement Motion").

      Among other matters, the ERISA Claim Settlement[1] referenced in the Settlement Motion resolves and settles the pending objection of the Secretary of the United States Department of Labor ("DOL") to the Second Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries (As Modified April 26, 2011) (Docket No. 8769) (the "DCL Plan"), proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "DCL Proponents").

      Accordingly, provided that this Court grants the relief requested in the Settlement Motion, the District Court presiding over the Neil Action[2] grants preliminary and final approval of the settlement of the Neil Action under Federal Rule of Civil Procedure 23, and the ERISA Claim Settlement is consummated, the legal issues raised by the DOL's objection to the DCL Plan would no longer be before the Court, and need not be adjudicated by the Court, in connection with the Court's ruling on confirmation of the DCL Plan.

---

[1] Capitalized terms not otherwise defined shall have the meanings ascribed to them in the Settlement Motion.

[2] The Neil Action refers to that certain class action lawsuit styled Neil, et al. v. Zell, et al., Case No. 08-cv-06833 (RRP) (N.D. Ill., Sept. 16, 2008) (as amended).



August 19, 2011
Page 2

                          Respectfully submitted,

                          Bryan Krakauer

BK:jkl

CH1 6157373v.4