**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ------------------------------------------------------- x | | Chapter 11 |
| In re: | : | |
| | : | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, et al., | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | Objections Due: September 14, 2011 @ 4:00 p.m.(ET) |
| ------------------------------------------------------- x | | Hearing Date: N/A |

**THIRTY-FIRST MONTHLY APPLICATION OF CHADBOURNE & PARKE LLP, AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, ET AL. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JULY 1, 2011 THROUGH JULY 31, 2011**

| | |
|---|---|
| Name of Applicant: | Chadbourne & Parke LLP |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | February 20, 2009, nunc pro tunc to December 18, 2008 |
| Period for Which Compensation and Reimbursement is Sought: | July 1, 2011 through July 31, 2011 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary: | $365,407.60     (80% of $456,759.50) |
| Amount of Expense Reimbursement is Sought as Actual, Reasonable and Necessary: | $ 60,498.38 |

This is a(n):     __x__ Monthly          _____ Interim          _____ Final Application

Prior Applications Filed:

| Date Filed | Docket No. | Period Covered | Fees Requested | Expenses Requested | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|---|
| 2/25/2009 | 452 | 12/18/08 - 1/31/09 | $1,025,328.00 | $20,199.48 | $820,262.40 | $20,199.48 |
| 3/25/2009 | 809 | 2/1/09 - 2/28/09 | $642,734.00 | $42,979.74 | $514,187.20 | $42,979.74 |
| 4/25/2009 | 1087 | 3/1/09 - 3/31/09 | $663,569.50 | $12,315.26 | $530,855.60 | $12,315.26 |
| 5/26/2009 | 1239 | 4/1/09 - 4/30/09 | $515,864.50 | $8,352.11 | $412,691.60 | $8,352.11 |
| 6/26/2009 | 1649 | 5/1/09 - 5/31/09 | $582,143.25 | $31,011.71 | $465,714.60 | $31,011.71 |
| 7/27/2009 | 1832 | 6/1/09 - 6/30/09 | $726,009.50 | $32,090.07 | $580,807.60 | $32,090.07 |
| 8/25/2009 | 2009 | 7/1/09 - 7/31/09 | $1,453,980.25 | $37,749.39 | $1,163,184.20 | $37,749.39 |
| 9/25/2009 | 2232 | 8/1/09 - 8/31/09 | $1,450,944.50 | $52,216.32 | $1,160,755.60 | $52,216.32 |
| 10/26/2009 | 2430 | 9/1/09 - 9/30/09 | $1,418,350.00 | $40,049.24 | $1,134,680.00 | $40,049.24 |
| 11/25/2009 | 2634 | 10/1/09 - 10/31/09 | $1,670,709.75 | $25,752.36 | $1,336,567.80 | $25,752.36 |
| 12/28/2009 | 2937 | 11/1/09 - 11/30/09 | $1,461,754.00 | $99,575.80 | $1,169,403.20 | $99,575.80 |
| 1/25/2010 | 3197 | 12/1/09 - 12/31/09 | $1,519,536.50 | $72,274.74 | $1,215,629.20 | $72,274.74 |
| 2/25/2010 | 3534 | 1/1/10 - 1/31/10 | $1,960,664.50 | $71,749.46 | $1,568,531.60 | $71,749.46 |
| 3/26/2010 | 3865 | 2/1/10 - 2/28/10 | $1,516,158.50 | $90,806.96 | $1,212,926.80 | $90,806.96 |
| 4/26/2010 | 4160 | 3/1/10 - 3/31/10 | $1,494,305.50 | $110,300.89 | $1,195,444.40 | $110,300.89 |

| 5/25/2010 | 4601 | 4/1/10 - 4/30/10 | $918,260.75 | $59,270.50 | $734,608.60 | $59,270.50 |
| 6/25/2010 | 4882 | 5/1/10 - 5/31/10 | $1,331,321.00 | $57,905.29 | $1,065,056.80 | $57,905.29 |
| 7/26/2010 | 5120 | 6/1/10 - 6/30/10 | $1,228,244.00 | $63,110.06 | $982,595.20 | $63,110.06 |
| 8/25/2010 | 5502 | 7/1/10 - 7/31/10 | $1,442,097.00 | $22,233.25 | $1,153,677.60 | $22,233.25 |
| 9/30/2010 | 5849 | 8/1/10 - 8/31/10 | $1,612,125.00 | $121,365.68 | $1,289,700.00 | $121,365.68 |
| 10/25/2010 | 6112 | 9/1/10 - 9/30/10 | $1,519,380.00 | $16,739.39 | $1,215,504.00 | $16,739.39 |
| 11/30/2010 | 6671 | 10/1/10 - 10/30/10 | $1,867,308.75 | $109,128.64 | $1,493,847.00 | $109,128.64 |
| 12/28/2010 | 7332 | 11/1/10 - 11/30/10 | $1,818,619.00 | $296,306.43 | $1,454,895.20 | $296,306.43 |
| 1/28/2011 | 7654 | 12/1/10 - 12/31/10 | $1,337,478.25 | $99,960.19 | $1,069,982.60 | $99,960.19 |
| 2/28/2011 | 8200 | 1/1/11 - 1/31/11 | $2,743,375.25 | $371,451.84 | $2,194,700.20 | $371,451.84 |
| 4/11/2011 | 8615 | 2/1/11 - 2/28/11 | $2,888,765.25 | $162,972.56 | $2,311,012.20 | $162,972.56 |
| 5/5/2011 | 8833 | 3/1/11 - 3/31/11 | $2,499,191.25 | $205,378.89 | $1,999,353.00 | $205,378.89 |
| 6/1/2011 | 9030 | 4/1/11 - 4/30/11 | $1,258,414.50 | $182,352.51 | $1,006,731.60 | $182,352.51 |
| 6/29/2011 | 9381 | 5/1/11 - 5/31/11 | $965,916.25 | $85,787.61 | $772,733.00 | $85,787.61 |
| 7/28/2011 | 9561 | 6/1/11 - 6/30/11 | $728,870.75 | $64,140.29 | $583,096.60 | $64,140.29 |

**TRIBUNE COMPANY, et al.**

**SUMMARY OF HOURS**

<u>July 1, 2011 through July 31, 2011</u>

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2011 HOURLY RATE | TOTAL HOURS | TOTAL |
|------|-----------|-------------------|------------------|-------------|-------|
| **Partner*** | | | | | |
| Howard Seife (1997) | Bankruptcy and Financial Restructuring | 1979 (NY) | 985 | 61.20 | 60,282.00 |
| David M. LeMay (2001) | Bankruptcy and Financial Restructuring | 1982 (NY) | 895 | 28.40 | 25,418.00 |
| Thomas J. McCormack (1992) | Litigation | 1983 (NY) | 855 | 11.60 | 9,918.00 |
| Robert Schwinger (1994) | Litigation | 1985 (NY) | 795 | 11.70 | 9,301.50 |
| Douglas E. Deutsch (2009) | Bankruptcy and Financial Restructuring | 1997 (NY) | 725 | 98.80 | 71,630.00 |
| Andrew Rosenblatt (2009) | Bankruptcy and Financial Restructuring | 1998 (NY) | 725 | 16.50 | 11,962.50 |
| David Gallai (2008) | Employee Benefits | 2000 (NY) | 685 | 13.50 | 9,247.50 |
| | | | | | |
| **Counsel:** | | | | | |
| Adam D. Gale | Litigation | 1994 (NY) | 695 | 3.40 | 2,363.00 |
| Mark D. Ashley | Litigation | 1995 (NY) | 675 | 32.20 | 21,735.00 |
| Christy L. Rivera | Bankruptcy and Financial Restructuring | 2002 (NY) | 645 | 0.60 | 387.00 |
| James A. Stenger | Communications & Technology | 1978 (DC) | 495 | 34.60 | 17,127.00 |
| | | | | | |
| **Associate:** | | | | | |
| Alexandra K. Nellos | Litigation | 2004 (NY) | 645 | 48.40 | 31,218.00 |
| Robert J. Gayda | Bankruptcy and Financial Restructuring | 2005 (NY) | 625 | 58.30 | 36,437.50 |
| Robert Kirby | Litigation | 2008 (NY) | 535 | 0.80 | 428.00 |

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2011 HOURLY RATE | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| Rachel Kurth | Employee Benefits | 2009 (NY) | 495 | 2.60 | 1,287.00 |
| Megan Strand | Communications & Technology | 2009 (NY) | 495 | 7.50 | 3,712.50 |
| Young Yoo | Bankruptcy & Financial Restructuring | 2009 (NY) | 495 | 79.10 | 39,154.50 |
| Eric Daucher | Bankruptcy & Financial Restructuring | 2010 (NY) | 425 | 41.30 | 17,552.50 |
| Marc Roitman | Bankruptcy & Financial Restructuring | 2010 (NY) | 425 | 70.10 | 29,070.00 |
| Michael Distefano | Bankruptcy & Financial Restructuring | 2011 (NY) | 375 | 18.30 | 6,862.50 |
| Jessica Marrero | Bankruptcy & Financial Restructuring | 2011 (NY) | 375 | 80.10 | 30,037.50 |
| | | | | | |
| **Paraprofessionals:** | | | | | |
| Lori F. Moloney | Litigation | n/a | 320 | 1.40 | 448.00 |
| David Bava | Bankruptcy & Financial Restructuring | n/a | 280 | 33.40 | 9,352.00 |
| Helen M. Lamb | Bankruptcy and Financial Restructuring | n/a | 285 | 33.20 | 9,462.00 |
| Patrick Dezil | Litigation | n/a | 260 | 9.10 | 2,366.00 |
| | | | | | |
| **TOTAL:** | | | | **796.10** | **$456,759.50** |

BLENDED RATE:     $574.65

---

\* Includes year elected Partner at firm or joined firm as Partner.

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------- x
In re:                                                      :
                                                            :
TRIBUNE COMPANY, <u>et al.</u>,                             :
                                                            :
                          Debtors.                          :
                                                            :
                                                            :
---------------------------------------------------------- x

Chapter 11

Case No. 08-13141 (KJC)

Jointly Administered

Objections Due: September 14, 2011
@ 4:00 p.m.(ET)
Hearing Date: N/A

**THIRTY-FIRST MONTHLY APPLICATION OF CHADBOURNE & PARKE LLP, AS
CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF TRIBUNE COMPANY, <u>ET AL</u>. FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
<u>JULY 1, 2011 THROUGH JULY 31, 2011</u>**

Chadbourne & Parke LLP ("Chadbourne"), as co-counsel to the Official Committee

of Unsecured Creditors (the "Committee") of Tribune Company <u>et al</u>. (collectively, the

"Debtors"), hereby submits this Application (the "Application") for approval and allowance of

compensation for services rendered in the amount of $456,759.50 (80% of which equals

$365,407.60) and reimbursement of expenses incurred in the amount of $60,498.38 during the

period commencing July 1, 2011 through and including July 31, 2011 (the "Application Period").

This Application is submitted pursuant to sections 330 and 331 of title 11 of the United States

Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules") and the Order Establishing Procedures for Interim Compensation and

Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§

105(a) and 331 (the "Compensation Order").  In support of the Application, Chadbourne

respectfully represents as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and

1334.  Venue of this proceeding and this Application is proper in this district pursuant to 28

U.S.C. §§ 1408 and 1409.

2.    The statutory bases for relief requested herein are Sections 105(a), 330, 331 and

1103(a) of the Bankruptcy Code.

## BACKGROUND

3.    On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy

Court for the District of Delaware (the "Bankruptcy Court").  On December 10, 2008, the

Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural

purposes only.

4.    The Debtors have continued in possession of their respective properties and have

continued to operate and maintain their businesses as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.

5.    On December 18, 2009, the Office of the United States Trustee appointed the

Committee pursuant to section 1102 of the Bankruptcy Code.

6.    On February 20, 2009, the Bankruptcy Court authorized the employment and

retention of Chadbourne as co-counsel for the Committee, nunc pro tunc to December 18, 2008.

7.    On May 10, 2010, the Bankruptcy Court authorized the appointment of Kenneth

N. Klee, Esquire as Examiner in these Chapter 11 cases.

8.    Plan confirmation hearings for both the Debtor/Committee/Lender Plan (the

"DCL Plan") and the Noteholders' Plan commenced on March 7, 2011 and continued daily

2

through March 18, 2011.  The next phase of the confirmation hearings -- which included

rebuttal witnesses, non-proponent objections to the DCL and the Noteholders' Plans and certain

legal arguments -- resumed on April 12, 2011 and concluded on April 14, 2011.  Closing

confirmation arguments were held on June 27, 2011.

## COMPENSATION PAID AND ITS SOURCES

9.      All services for which compensation is requested by Chadbourne were performed

for or on behalf of the Committee.

10.      During the Application Period, Chadbourne has received no payment and no

promise of payment from any source for services rendered or to be rendered in any capacity

whatsoever in connection with the matters covered by this Application.  There is no agreement

or understanding between Chadbourne and any other person, other than members of the firm,

for sharing of compensation to be received for services rendered in these cases.

## FEE STATEMENTS

11.      The fee statement for the Application Period is attached hereto as Exhibit A.  This

statement contains daily time logs describing the time spent by each attorney and

paraprofessional for this period.  To the best of Chadbourne's knowledge, this Application

complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the

Guidelines adopted by the Office of the United States Trustee, Del. Bankr. L.R. 2016-2

(the "Guidelines"), and the Compensation Order.

## SUMMARY OF SERVICES

12.      As set forth in the detailed statement of fees attached hereto as Exhibit A, fees

incurred by Chadbourne during the Application Period total $456,759.50. The services rendered

by Chadbourne during the Application Period are grouped into specific project categories as set

3

forth in Exhibit A.  The attorneys and paraprofessionals who rendered services relating to each

category are identified, along with the number of hours for each individual and the total

compensation sought for each category.

13.     The following is a summary of the activities performed by Chadbourne attorneys

and paraprofessionals during the Application Period, organized by project category.

A.     **Bankruptcy General (Matter 002)**

Fees:  $14,522.00          Total Hours:     33.20

14.     During the Application Period, Chadbourne devoted numerous hours to the

fulfillment of its professional duties and responsibilities in connection with the administration

of these chapter 11 cases including: (i) meetings with and addressing the inquiries of the

Debtors and the Debtors' professionals, other Committee professionals, the United States

Trustee and other parties in interest in these cases; (ii) monitoring of incoming correspondence,

pleadings, and dockets; (iii) preparing for and attending various omnibus hearings and court

conferences on behalf of the Committee; and (iv) disseminating information to the Committee

and other various parties-in-interest.  Also, Chadbourne established and maintains an Intralinks

account in order to provide a repository for memoranda and pleadings readily accessible by

members of the Committee.

15.     Chadbourne's paraprofessionals have also been required to monitor and retrieve

all newly filed pleadings from the Bankruptcy Court's docket, prepare and distribute daily status

reports, maintain a current case calendar and post Committee-related pleadings and memoranda

to Intralinks.  Chadbourne's paraprofessionals supervise the internal management of documents

and the distribution of documents both to the professionals at Chadbourne and to the members

of the Committee, coordinate receipt of pleadings, correspondence and other documents, assist attorneys in preparation of papers for electronic filing, and respond to third-party requests for documents.

**B.     Committee Meetings (Matter 003)**

     Fees:   $44,953.50        Total Hours:  74.70

16.     Regular and special meetings of the Committee (the "Committee Meetings") were held during the Application Period and generally occurred weekly, either by telephone conference or in person, to review the numerous issues regarding the administration of the Debtors' Chapter 11 cases and keep the Committee apprised and updated with respect to the key issues.   In particular, the Committee and its professionals continued to review and address pending motions, litigation matters, and provide updates and final plan confirmation issues and strategies.

17.     Committee Meetings continue to be the most effective and efficient way of providing a forum for Committee members to express their views and to ensure that all members of the Committee are kept informed of the events occurring in the Debtors' Chapter 11 cases.  Further, minutes are recorded at each Committee Meeting to provide an official record of those meetings.  Chadbourne attorneys prepared for these meetings and spent time, among other things, reviewing materials and drafting agendas, preparing presentation materials, conducting the meetings, and drafting meeting minutes.

C.    **Creditor Communications (Matter 004)**

    Fees:  $1,495.00        Total Hours:   2.60

    18.     Chadbourne, as counsel to the Committee, is the focal point for creditor inquiries. During the Application Period, Chadbourne attorneys reviewed and responded to correspondence and other inquiries received from unsecured creditors and participated in telephone conferences with members of the Committee to discuss open issues and developments in the Debtors' cases.

D.    **Business Operations (Matter 007)**

    Fees:  $41,248.00        Total Hours:   69.20

    19.     During the Application Period, professionals from Chadbourne's Communications Media and Technology ("CMT") Group were engaged in reviewing the long-anticipated Third Circuit ruling in the *Prometheus Radio Project v. FCC ("Prometheus II")* case, where the 2008 version of the newspaper-broadcast cross-ownership rule was challenged. Chadbourne's CMT Group preformed a comprehensive review of the conclusions reached in the *Prometheus II* decision and prepared a detailed analysis for the Committee on the implications of the opinion on Tribune's pending FCC exit applications.

    20.     During this time, Chadbourne attorneys also continued to review and monitor issues involving the Debtors' day-to-day business operations. Efforts included review and discussions with the Committee's financial advisors regarding their analysis of the Debtors' publishing division organizational restructuring and the Debtors' possible entry into several new business transactions. Chadbourne prepared summary reports to keep the Committee informed

of those issues.  Chadbourne also reviewed weekly operations and financial reports prepared by

the Committee's financial advisors.

**E.      Claims Administration/Bar Date (Matter 009)**

     Fees:  $14,947.50        Total Hours:  30.90

     21.     During the Application Period, Chadbourne continued to work on a stipulation

between the Committee, the Debtors and various former officers and directors of the Debtors

(the "D&O Claimants") to treat certain late-filed indemnity claims in connection with the

preference lawsuits brought by the Committee as timely filed.  In connection therewith,

Chadbourne professionals coordinated with Debtors' counsel on drafting, reviewing and

revising the stipulation and related joint motion.  Further, Chadbourne engaged in discussions

with Debtors' counsel and counsel to the D&O Claimants in efforts to consensually resolve

disputes on the terms set forth in the stipulation.  The Committee and the Debtors believe that

the stipulation provides for an orderly process which the D&O Claimants may file their claims,

reducing motion practice before the Court and resulting in a reduction of costs against the

Debtors' estates in connection with further litigation.

**F.      Fee/Retention Applications (Matter 010)**

     Fees:  $19,104.00        Total Hours:   48.40

     22.     Chadbourne expended further time during the Application Period in compliance

with the Bankruptcy Court's fee procedures in these cases.  Efforts included preparation and

filing of Chadbourne's thirtieth monthly fee application and tenth interim fee application.   In

addition, Chadbourne reviewed and analyzed quarterly fee applications for the ninth interim fee

period for all case professionals in these Chapter 11 cases and revised and finalized a summary

analysis for review by the Committee.

23.    In continuance of an ongoing process, Chadbourne expended time on the

treatment of ordinary course professionals.  These efforts included the review and analysis of

filed affidavits to ensure qualification criteria were satisfied and the monitoring of spending and

monthly fee caps in connection with same.

**G.    Avoidance Issues (Matter 013)**

Fees:  $16,615.50        Total Hours:  27.10

24.    During the Application Period, Chadbourne attorneys were further engaged in

responding to issues raised by a group of eighty current Tribune employees who had been

named as defendants in the preference lawsuits brought by the Committee (the "Employee

Compensation Defendants Group" or "ECDG").  Following a presentation by the ECDG to the

Committee and the consideration of certain ECDG requests by the Committee, Chadbourne

reviewed and studied various options to determine if granting any of the ECDG requests would

be in the best interests of the Debtors' estates.  Ultimately, Chadbourne attorneys participated in

discussions with certain of the Noteholder Plan Proponents and Committee members regarding

the possible dismissal of certain preference lawsuits.   Chadbourne summarized its analysis and

recommendations in a report to the Committee.

**H.    Employee Issues (Matter 014)**

Fees:  $43,229.50        Total Hours:  64.70

25.    During the Application Period, professionals from Chadbourne's Employee

Benefits and Bankruptcy Groups continued to be engaged in various employee-related matters.

8

Efforts included review and analysis of the Debtors' request to continue its Management

Incentive Plan for 2011 (the "2011 MIP") for management employees and top executives.

Chadbourne consulted with the Committee's financial advisors on their analysis of the 2011

MIP, performed related legal research and addressed certain issues raised in the report with the

Committee.  Based on discussions with the Committee, Chadbourne undertook substantial

research and analysis of certain issues related to specific employees.  Chadbourne also worked

with the Committee's financial advisors to determine the Debtors' operating cash flow targets

and the related size of the MIP pool given the lack of equity incentives.

      26.     During this time, Chadbourne continued to review a proposed severance

agreement between the Debtors and a former senior executive and participated in discussions

with Debtors' counsel to finalize the terms of the agreement.

## I.    **Relief From Stay Issues (Matter 015)**

    Fees:  $6,557.50      Total Hours:   12.30

      27.     During the Application Period, Chadbourne attorneys were engaged in efforts to

resolve the motion of Jewel Foods Stores ("Jewel") for relief from the automatic stay to proceed

with a third-party complaint for contribution against the Debtors.  Chadbourne reviewed and

analyzed the proposed stipulation being negotiated between the Debtors and Jewel and

participated in discussions with counsel to both parties regarding the terms of the stipulation.

Ultimately, the Debtors and Jewel reached agreement to lift the automatic stay, subject to

certain Committee requested limitations.  The Committee agreed not to object to the stipulation.

**J.**     **General Litigation (Matter 017)**

    Fees:  $7,206.50          Total Hours:   9.70

28.     During the Application Period, Chadbourne attorneys continued to be engaged in

settlement-related efforts regarding the ERISA-related disputes with the Neil litigation

plaintiffs, the Department of Labor, the IRS, GreatBanc and other parties.  Efforts included

review and revision of a draft Memorandum of Understanding related to the proposed

settlement as well as a related outline/side letter setting forth the division of economic

responsibilities among the settling parties.  Chadbourne attorneys participated in multiple

discussions with Debtors' counsel regarding the proposed terms of the settlement and prepared

an analysis of same for the Committee's review.

29.     Further, Chadbourne attorneys continued to monitor and review the various

adversary proceedings pending in connection with the Debtors' Chapter 11 cases.

**K.**     **Travel (Matter 018)**

    Fees:  $722.50          Total Hours:   3.40

During the Application Period, Chadbourne travelled to Wilmington, Delaware to attend

an omnibus hearing at the Bankruptcy Court.  The hours reflect non-working travel time and the

fees requested are at 50% of Chadbourne's normal hourly rates.

**L.**     **Shareholder Claims (Matter 020)**

    Fees:  $27,381.00          Total Hours:   46.40

30.     During the Application Period, Chadbourne attorneys continued to review and

address issues raised in connection with the various lawsuits filed by certain creditors of the

Debtors seeking state law constructive fraudulent conveyance claims ("SLCFC Claims") against Tribune's former stockholders  in connection with the 2007 leveraged buyout of Tribune Company.  In particular, Chadbourne reviewed and analyzed the issues raised in a court filing by Bank of America, a defendant in an SLCFC Claims action, disputing the course of action taken by the Noteholder plaintiffs as being inconsistent with the Court's April 25, 2011 order regarding the SLCFC Claims.  Chadbourne attended the telephonic court hearing scheduled to address the dispute, at which time the Court sided with the defendant's position.

31.    During the Application Period, Chadbourne litigation professionals reviewed and researched discovery issues regarding recent issues to come forth regarding certain equity distributees in connection with the Committee's pending complaint against shareholders and other third parties (the "Third Party Complaint").

**M.    Plan Litigation (Matter 21)**

Fees:  $218,777.00        Total Hours:  373.50

32.    During the Application Period, Chadbourne's team of bankruptcy and litigation professionals continued to be substantially engaged, on behalf of the Committee, in analyzing and addressing a variety of issues concerning post-confirmation hearing matters and issues concerning confirmation of The Second Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries (the "DCL Plan").

33.    During the Application Period, at the request of the Committee, Chadbourne began to research and prepare an analysis of the various legal issues relating to the bankruptcy appellate process and potential implications of an appeal from an order confirming the DCL Plan.

34.    In addition, Chadbourne bankruptcy attorneys were engaged in reviewing and analyzing the highly anticipated Supreme Court decision in *Stern v. Marshall*, No. 10-179 (June 23, 2011) that held that a bankruptcy court lacks constitutional authority to render a final judgment in certain circumstances. The *Stern* decision has already been implicated in several bankruptcy cases. Accordingly, Chadbourne reviewed and analyzed the arguments made by both creditors and debtors in various bankruptcy cases in order to thoroughly analyze the relevant issues and their potential application to Tribune.

35.    During the Application Period, Chadbourne litigation professionals continued to be engaged in addressing post-trial evidentiary issues relating to the admissibility of certain of the parties' confirmation hearing exhibits. On behalf of the Committee, Chadbourne continued to review hearing and deposition transcripts for designations for the trial record and conferred with Debtors' counsel regarding confidential treatment of certain trial exhibits. Further, Chadbourne continued to work with the proponents of the two competing plans[1] to review, revise and comment on the proposed Order concerning Admissibility of Certain Trial Exhibits for Canvassing Purposes and Precluding Use of Findings of Fact and Conclusions of Law in other Matters (the "Proposed Order"). Following the Committee's filing of the Proposed Order, Sam Zell and EGI-TRB filed a limited objection with respect to this Court's use of findings of

---

[1]    The DCL Plan Proponents include the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, Angelo, Gordon & Co., and JPMorgan Chase Bank.
The Noteholder Plan Proponents include Aurelius Capital Management, Deutsche Bank Trust Company Americas, Law Debenture Trust Company of New York and Wilmington Trust Company.

fact and conclusions of law and its effect on the pending LBO-related causes of action. Working with the DCL Plan Proponents, Chadbourne prepared and filed a joint response to the objection. Subsequently, Chadbourne prepared for and attended the July 26, 2011 hearing on the issue. Ultimately, the Court took the matter under advisement noting concerns with certain language in the Proposed Order.

## ACTUAL AND NECESSARY EXPENSES

36.     A summary of the actual and necessary expenses and daily logs of expenses incurred by Chadbourne during the Application Period in the amount of $60,498.38 is attached hereto as Exhibit B. Chadbourne's standard charge for photocopies is $0.20/per page. For purposes of these Chapter 11 cases, the firm has reduced this charge to $0.10/per page. Chadbourne customarily charges its clients $1.25/per page for out-going facsimile transmissions. For purposes of these cases, the firm has reduced this charge to $1.00/per page.

37.     Due to the national nature of the Debtors' business and the Committee's participation in weekly meetings by telephone, long distance telephone and conference call services have been required. In accordance with the Guidelines, in seeking reimbursement for long distance telephone charges, Chadbourne currently charges clients its approximate actual cost paid to its long distance carriers. Chadbourne utilizes outside vendors for conference call services and requests reimbursement only for the amount billed to Chadbourne by the third-party vendors.

38.     With respect to legal research expenses, Chadbourne has entered into flat-fee contracts with Lexis/Nexis and Westlaw for the provision of online research services. In order to determine charges to individual clients, the flat fees charged to Chadbourne by Lexis/Nexis

13

and Westlaw are allocated among those clients based on the actual number and scope of searches conducted on behalf of those clients.

39.    In connection with the LBO/ESOP transaction investigation Chadbourne entered into a contract for electronic data discovery services with Complete Document Source Inc. ("CDS").  Chadbourne continues to use the CDS services in connection with the plan confirmation process in reviewing and analyzing the various trial exhibits and documents presented at the confirmation hearing for potential admission on the trial record.  The CDS charges incurred during the Application Period represent a monthly hosting fee as well as processing fees for loading data and/or converting data to a searchable format.  In seeking reimbursement for these outside professional services, Chadbourne requests reimbursement for the actual costs incurred.

40.    With respect to court reporter fees, Chadbourne utilized the services of an outside vendor (TSG Reporting) for court reporting/transcript services in connection with the plan confirmation hearing.  The charges represent transcript fees in connection with plan confirmation closing arguments held on June 27, 2011.  In seeking reimbursement for these outside professional services, Chadbourne requests reimbursement for the actual costs incurred.

41.    The category of meal expenses represents (i) reimbursement of reasonable costs of meals of those Chadbourne attorneys and other employees who worked late into the evenings or on weekends and while travelling (which is consistent with firm policy) and (ii) the catering costs in connection with in-person Committee meetings, settlement meetings and depositions hosted by Chadbourne in which breakfast, lunch and/or other refreshments were served.

42.    In order to meet deadlines and satisfy the demands of these cases, attorneys and other employees of Chadbourne were required to work late in the evenings or on weekends. Consistent with firm policy, reasonable transportation costs were reimbursed as well as paraprofessional overtime.

## VALUATION OF SERVICES

43.    Attorneys and paraprofessionals of Chadbourne have expended a total of 796.10 hours in connection with the matter during the Application Period. The nature of the work performed by these persons is fully set forth on Exhibit A attached hereto. These are Chadbourne's normal hourly rates for work of this character. The reasonable value of services rendered by Chadbourne to the Committee during the Application Period is $456,759.50.

44.    To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Application Period, but were not processed prior to the preparation of this Application, Chadbourne reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

45.    In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Chadbourne is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. Moreover, Chadbourne has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, Chadbourne respectfully requests that this Court authorize that an allowance be made to Chadbourne pursuant to the terms of the Compensation Order for the period July 1, 2011 through July 31, 2011:  (a) authorizing compensation in the amount of $456,759.50 (80% of which equals $365,407.60) for professional services rendered, and reimbursement of expenses incurred in connection therewith in the amount of $60,498.38 for a total of $517,257.88; (b) authorizing and directing the Debtors to remit payment to Chadbourne as set forth herein; and (c) granting such other and further relief as this Court deems just and proper.

Dated:    August 24, 2011
          New York, New York

                                        CHADBOURNE & PARKE LLP

                                        By: _____
                                            Douglas E. Deutsch
                                            (A Member of the Firm)

                                        Chadbourne & Parke LLP
                                        30 Rockefeller Plaza
                                        New York, New York  10112
                                        (212) 408-5100

                                        Co-Counsel to The Official Committee of
                                        Unsecured Tribune Company, et al.

16

## VERIFICATION

STATE OF NEW YORK    :
                                :  ss:

COUNTY OF NEW YORK  :

Douglas E. Deutsch, after being duly sworn according to law, deposes and says:

(a)    I am a partner with the applicant firm, Chadbourne & Parke LLP, and have been admitted to the bar of the State of New York since 1997.

(b)    I am familiar with the work performed on behalf of the Committee by the lawyers in the firm.

(c)    I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. L.R. 2016-2 and submit that the Application substantially complies with such order.

_____
Douglas E. Deutsch

Sworn to before me this
24th day of August 2011

_____
Franciseo Vazquez
Notary Public, State of New York
No. 31-6013920
Qualified in New York County
Commission Expires December 27, 2014