# EXHIBIT C

## Dempsey Affidavit

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### AFFIDAVIT OF JOHN DEMPSEY, PARTNER OF MERCER (U.S.), INC., IN SUPPORT OF MOTION OF THE DEBTORS FOR AN ORDER AUTHORIZING THE DEBTORS TO IMPLEMENT A MANAGEMENT INCENTIVE PLAN FOR 2011

| | |
|---|---|
| STATE OF ILLINOIS | ) |
|  | ) ss: |
| COUNTY OF COOK | ) |

JOHN DEMPSEY, being duly sworn, deposes and states:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

1. I am a Partner with Mercer (U.S.), Inc. ("Mercer"). I have been a Partner (or Principal) with Mercer for over 10 years. Mercer is a worldwide professional services firm that provides clients with a broad range of human resources consulting and outsourcing services. One of Mercer's core service offerings is providing compensation consulting, including the analysis, design and implementation of a broad range of compensation and benefits programs.

2. I have approximately twenty-five years of experience in this field, including but not limited to the performance of such services for companies undergoing Chapter 11 bankruptcy proceedings. In particular, I have substantial experience in reviewing executive and other compensation and benefits programs (including without limitation incentive programs) to determine whether they are reasonable and competitively market-based, including without limitation with respect to the population of employees that they cover and the compensation and benefits that they offer.

3. Tribune Company (the "Company"), under the leadership of the Compensation Committee of its Board of Directors, retained Mercer to assist in developing, and to provide an independent review and analysis of, the Company's proposed 2011 Management Incentive Plan (the "2011 MIP"), including proposed participants and payout opportunities thereunder. I performed these functions with the assistance of certain Mercer team members operating at my direction.

4. On behalf of Mercer, I have concluded that the 2011 MIP and the proposed award opportunities thereunder are within reasonable market ranges, are reasonable in cost, and are a common form of compensation both for companies in the

Company's industry and for companies in Chapter 11. On behalf of Mercer, I also have concluded that the 2011 MIP covers a reasonable group of participants.

5. Mercer's analysis and conclusions are set forth in a report dated August 26, 2011 (the "Mercer Report"). I participated in preparing, and approved, the Mercer Report. I understand that the Mercer Report is being filed as an exhibit (in redacted form, and under seal in unredacted form) in support of the Motion of the Debtors for an Order Authorizing the Debtors to Implement a Management Incentive Plan for 2011 (the "Motion").

6. I submit this affidavit in support of the Motion. I have read the foregoing Motion and affirm that Mercer's analysis and conclusions as stated therein and in the Mercer Report are true and correct to the best of my knowledge. If called as a witness I would testify competently thereto.

OFFICIAL SEAL
KIMBERLY ANN LINDSEY
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:06/19/12

John Dempsey
Partner
Mercer

Sworn to and subscribed before me this 26th day of August, 2011.

Notary Public