# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>(Jointly Administered)<br><br>Hearing Date: September 22, 2011 at 10:00 a.m.<br>Objection Deadline: September 15, 2011 at 4:00 p.m. |

## JOINT MOTION OF THE DEBTORS AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO BANKRUPTCY RULE 9019 FOR APPROVAL OF THE STIPULATION TO TREAT CERTAIN LATE-FILED INDEMNIFICATION CLAIMS AS TIMELY-FILED AND APPROVAL OF PROCEDURE FOR ENTRY INTO IDENTICAL STIPULATIONS WITH OTHER FORMER DIRECTORS AND OFFICERS

The above captioned debtors and debtors in possession (the "Debtors") and the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Official Committee of Unsecured Creditors (the "Committee"), hereby submit this joint motion (the "Motion") pursuant to Bankruptcy Rule 9019 for approval of the Stipulation to Treat Certain Late-Filed Indemnity Claims as Timely Filed (the "Stipulation") by and between the Debtors, Committee and D&O Claimants (as defined below, and together with the Debtors and Committee, the "Parties") and the proposed Order approving the Stipulation and a process for permitting other former directors and officers to enter into identical stipulations. In support of the Motion, the Debtors and Committee respectfully state as follows:

## BACKGROUND

1. On December 8, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. The Debtors' by-laws, the Debtors' certificates of incorporation, and/or separation agreements to which certain of the Debtors are a party may contain provisions pertaining to indemnification of the Debtors' respective officers and directors against liability for certain acts performed within the scope of their employment, as well as provisions providing for reimbursement and advancement of costs and expenses incurred in defending lawsuits to which they become parties by virtue of their status as officers and directors of the Debtors, subject to specified limitations.

3. By an order dated March 25, 2009 (the "Bar Date Order") [D.I. 813], the Court established June 12, 2009 (the "Bar Date"), as the deadline for filing claims against the Debtors.

4. In late 2010, the Committee commenced adversary proceedings (the

"Adversary Proceedings") against certain current and former officers and directors of the Debtors, asserting, among other things, claims for breach of fiduciary duty and avoidance and recovery of various payments made to these current and former officers and directors as either preferences or fraudulent conveyances.

5.  On April 7, 2011, Tom E. Ehlmann, John Birmingham, Mark W. Hianik, and Peter A. Knapp, four former officers of the Debtors who had been named as defendants in the Adversary Proceedings (the "Initial D&O Defendants"), filed claims requesting indemnification for any judgments entered as a result of the Adversary Proceedings, as well as all costs incurred in defending against the Adversary Proceedings. On the same day, the Initial D&O Defendants filed motions in the Bankruptcy Court seeking orders deeming their respective claims for indemnification to be timely-filed [D.I. 8594, 8595, 8596, 8597].

6.  The Committee filed an objection to the Initial D&O Defendants' motions on April 18, 2011 [D.I. 8689], asserting that the Initial D&O Defendants' failure to anticipate litigation did not constitute "excusable neglect," as defined in Pioneer Inv. Servs. Co. v. Brunswick Associates, Ltd., 507 U.S. 380 (1993), that warranted relief from the Bar Date Order pursuant to Bankruptcy Rule 9006(b). On April 20, 2011, the Initial D&O Defendants filed a response to the Committee's objection [D.I. 8719].

7.  The Court heard arguments on the Initial D&O Defendants' motions on April 25, 2011. At the conclusion of the hearing, the Court ruled that the motions would be granted and that the claims would be treated as timely-filed. Orders subsequently were entered effectuating the Court's decision. See D.I. 8747, 8748, 8749, 8750.

8.  On May 6, 2011, Kathleen Waltz, John Vitanovec, Timothy Landon, Richard Malone, Luis Lewin, David Hiller, Thomas Leach, John Reardon, and Scott Smith

(collectively, the "Additional D&O Defendants"), each named as a defendant in the Adversary Proceedings, filed motions for orders deeming their respective indemnification claims against the Debtors to be timely-filed [D.I. 8850, 8851, 8852, 8853, 8854, 8855, 8856, 8857, 8858].[2] The bases for the Additional D&O Defendants' motions were substantially the same as those set forth in the motions filed by the Initial D&O Defendants.

9. The Committee objected to the motions of the Additional D&O Defendants on May 18, 2011 [D.I. 8941], asserting that the Additional D&O Defendants' delay in filing their claims one month after the Initial D&O Defendants was unjustifiable and did not meet the requisite standard for "excusable neglect." The Committee also requested, in the event that the Court granted the Additional D&O Defendants' motions, that a unified procedure be created to address the merits of the underlying indemnification claims in a systematic and cost-effective manner.

10. Following a hearing on May 25, 2011, the Court granted the Additional D&O Defendants' motions. See D.I. 8992, 8994, 8995, 8997, 8998, 8999, 9000, 9001, 9002. The Court also noted on the record that it agreed with the Committee that a unified process to address the merits of the underlying indemnification claims was logical.

11. During April 2011, the Court entered an order lifting the automatic stay to the extent necessary to allow certain creditors to file and serve state law fraudulent conveyance actions against current and former officers and directors of the Debtors in their respective jurisdictions.[3] Ultimately, in June of 2011, the indenture trustees on behalf of holders of Senior

---

[2] In addition, Timothy P. Knight filed a motion to allow his late-filed indemnification claim [D.I. 8841]. That motion was granted [D.I. 8896]. As Mr. Knight does not seek to be a party to the Stipulation, he is not referenced further herein.

[3] In the order, the Court made no finding and issued no ruling determining the standing of any creditor to assert the state law constructive fraudulent conveyance claims against current and former officers and directors of the Debtors.

4

Notes and PHONES Notes[4] and certain retirees[5] filed separate lawsuits[6] in various jurisdictions asserting state law constructive fraudulent conveyance claims against former stockholders of Tribune (collectively, the "SLCFC Litigation," and together with the Adversary Proceedings and any other state law constructive fraudulent conveyance actions against current and former officers and directors of the Debtors as former stockholders of Tribune similar to the SLCFC Litigation, the "D&O Litigation"). Certain former directors and officers are named defendants in the SLCFC Litigation (together with the Initial D&O Defendants and the Additional D&O Defendants, the "D&O Claimants").

12. The D&O Claimants, each of whom is a former director or officer of one or more of the Debtors, recently notified the Debtors that they either have filed or intend to file (a) indemnification claims against the Debtors in connection with the D&O Litigation in which they have been or may subsequently be named defendants, and any other litigation presently pending or hereafter filed, and arising from or relating to the D&O Claimants' service as directors or officers of one or more of the Debtors at the time of the transactions at issue in the D&O Litigation (collectively, including original proofs of claim and any amendments thereto, the "D&O Indemnification Claims") and (b) motions to allow their late-filed D&O Indemnification Claims to be treated as timely if an agreement cannot be reached among the Parties.

13. As a result, the Parties seek to resolve the issue of timeliness of the D&O

---

[4] The indenture trustee plaintiffs are Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for certain series of Senior Notes, Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for certain series of Senior Notes, and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES Notes.

[5] The retiree plaintiffs are retirees of The Times Mirror Company, Tribune Company, and/or one or more of 110 affiliates or subsidiaries of Tribune Company.

[6] The indenture trustees filed approximately 50 complaints in over twenty different federal and state courts. The retirees filed four separate actions in four different state courts.

Indemnification Claims without further contested proceedings before the Court and have therefore entered into the Stipulation, which provides for the settlement of certain disputes on the terms specifically set forth therein but which include the following principal terms[7]:

> **A.** **Timeliness.** So long as the D&O Claimants either have (i) filed their D&O Indemnification Claims within 30 days of the entry of an Order approving the Stipulation or (ii) amended their previously filed D&O Indemnification Claims within 30 days of the entry of an Order approving this Stipulation, the D&O Indemnification Claims shall be deemed timely-filed pursuant to Bankruptcy Rule 9006(b).
>
> **B.** **Administration.** The D&O Claimants shall file their respective D&O Indemnification Claims in the Tribune Company bankruptcy case, Case No. 08-13141 (KJC). The D&O Claimants shall identify in their proofs of claim (or, as the case may be, amendments thereto) each of the subsidiary Debtors potentially implicated by the D&O Indemnification Claims.
>
> **C.** **Amendments to Add Subsidiary Debtors.** In the event that any Initial D&O Defendant or Additional D&O Defendant did not identify subsidiary Debtors in its original proof of claim, the Initial D&O Defendants and the Additional D&O Defendants shall have 30 days from entry of an Order granting the Motion to file an amendment to their proofs of claim to include relevant subsidiary Debtors, and such claim shall be deemed timely-filed pursuant to Bankruptcy Rule 9006(b).
>
> **D.** **Reservation of Rights.** The Stipulation is without prejudice to the rights of the Debtors, the Committee, or any other party in interest to object to or otherwise contest any of the D&O Indemnification Claims on any and all grounds other than timeliness of filing.

14. Certain other former directors and officers of the Debtors have been named in the Adversary Proceedings, or have been or may be named in the SLCFC Litigation, but have not contacted the Debtors or the Committee regarding potential indemnification claims (the "Other Potential D&O Claimants"). Consequently, the Other Potential D&O Claimants are not included as Parties to the Stipulation. The Debtors will serve all former directors and officers named in the Adversary Proceedings with the Motion, and have used their best efforts to

---

[7] An executed version of the Stipulation is attached hereto as *Exhibit A* and incorporated herein by reference. The following description of certain terms of the Stipulation is intended for the convenience of the Parties and the Court and is qualified in all respects by the language of the actual Stipulation.

identify and likewise will serve all former directors and officers who have been or may be named in the SLCFC Litigation.

15. To ensure fairness and efficiency, the Debtors and Committee propose that if any of the Other Potential D&O Claimants wish to receive similar relief through entry into identical stipulations with the Debtors and the Committee, such Other Potential D&O Claimants should (i) contact the Debtors or the Committee within 15 days of the entry of an Order approving this Motion to arrange to enter into a stipulation identical to the Stipulation; and (ii) thereafter file their indemnification claims or amend their previously-filed proofs of claim within the same timeframe as the D&O Claimants; i.e., within 30 days of the entry of an Order approving this Motion.

16. Promptly after the 30-day period following the entry of an Order approving this Motion, the Debtors and the Committee will assemble any stipulations entered into with the Other Potential D&O Claimants and will file such stipulations with the Court in a consolidated manner so as to fully disclose them to all parties in interest.

## JURISDICTION AND VENUE

17. This Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

18. The predicates for the relief requested herein are section 105 of the Bankruptcy Code and Bankruptcy Rule 9019.

## RELIEF REQUESTED

19. By this Motion, the Debtors and Committee seek entry of an order pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019 approving the

Stipulation and authorizing entry by the Debtors and the Committee into identical stipulations with the Other Potential D&O Claimants, pursuant to the procedure set forth in this Motion.

## BASIS FOR RELIEF

20. Bankruptcy Rule 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). In order for a court to approve a proposed settlement, the court must find that it is fair, reasonable, and in the best interests of the debtor's estate. See Myers v. Martin (In re Martin), 91 F.3d 389, 394 (3d Cir. 1996); In re Marvel Net's Group, Inc., 222 B.R. 243, 249 (D. Del. 1998); In re Louise's Inc., 211 B.R. 798, 801 (D. Del. 1997). This standard has been further articulated as follows:

> In undertaking an examination of the settlement, we emphasize that this responsibility of the bankruptcy judge ... is not to decide the numerous questions of law and fact raised ... but rather to canvass the issues and see whether the settlement "fall[s] below the lowest point in the range of reasonableness."

Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983), cert. denied, 464 U.S. 822 (1983), (quoting Newman v. Stein, 464 F.2d 689, 693 (2d Cir. 1973)).

21. In determining whether a settlement is in the best interests of a debtor's estate, bankruptcy courts will inquire whether the value of the settlement outweighs the value of the claim by considering the following factors: (i) the probability of success in litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation and the expense, inconvenience and delay attending the litigation; and (iv) the paramount interests of the creditors. See Martin, 91 F.3d at 393; accord In re Mailman Steam Carpet Cleaning Corp., 212 F.3d 632, 635 (1st Cir. 2000).

22. In addition, this Court has the authority to approve the settlement pursuant

to Bankruptcy Code section 105(a). That section provides that "the court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." Section 105(a) assures "the bankruptcy courts' power to take whatever action is appropriate and necessary in aid of the exercise of their jurisdiction." 2 Collier on Bankruptcy ¶ 105.01 at 105-35 (15th rev. ed. 1997); see also Mgmt. Tech. Corp. v. Pardo, 56 B.R. 337, 339 (Bankr. D.N.J. 1985) (holding that bankruptcy court's inherent equitable power derived from section 105).

23. Generally, a bankruptcy court should defer to the estate representatives' judgment so long as there is a legitimate business justification for entering into the settlement. Martin, 91 at 395; see also TMT Trailer Ferry, 390 U.S. at 424-25 (basic to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation"). Under TMT Trailer Ferry, the court is not required to hold a full evidentiary hearing before a compromise can be approved; rather, the court's obligation is "to canvass the issues and see whether the settlement 'falls below the lowest point in a range of reasonableness.'" Id.; see also, 10 Collier on Bankruptcy ¶ 9019.02, 9019-4 to 9019-5 (15th ed.) (quoting In re Drexel Burnham Lambert Group, Inc., 134 B.R. 493 (Bankr. S.D.N.Y. 1991)) (quoting Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983)).

24. Additionally, "[i]t is well recognized that bankruptcy courts are courts of equity." In re Falotico, 231 B.R. 35, 41 (Bankr. D.N.J. 1999) (citing Pepper v. Litton, 308 U.S. 295, 304 (1939)). Furthermore, "the Third Circuit unequivocally recognized the broad powers of the Bankruptcy Courts as courts of equity." In re Ryker, 301 B.R. 156, 162 (D.N.J. 2003). As such, bankruptcy courts in the Third Circuit are "empowered to invoke equitable principles to achieve fairness and justice in the reorganization process." In re Combustion Engineering,

Inc., 391 F.3d 190, 235-236 (Del. 2004) (citations omitted). Using its equitable powers, the bankruptcy courts can "fashion and refashion appropriate remedies tailored to the specific facts before it." Goldman v. New York City Shoes, Inc., No. 87-03426 S., 1990 WL 126121, at *3 (E.D. Pa. Aug. 28, 1990) (citing In re Lionel Corp., 722 F.2d 1063, 1069 (2d Cir. 1983); In re Chinichian, 784 F.2d 1440, 1443 (9th Cir. 1986)).

25. Applying the standards and factors set forth above, this Court should approve the Stipulation.

26. As with all litigation, the outcome of the disputes between the Parties is not certain. However, it is recognized by all Parties that the Court already has approved numerous motions by the D&O Claimants, over the objection of the Committee, deeming certain D&O Indemnification Claims to be timely filed. Given the Court's prior rulings on the various motions filed by the D&O Claimants, the Debtors and Committee anticipate that the process contemplated by the Stipulation will result in a substantial reduction of costs posed to the Debtors' estates in connection with further litigation regarding the timeliness of the D&O Indemnification Claims. Moreover, the Stipulation provides for an orderly and defined mechanism by which the D&O Claimants may file their claims, reducing motion practice before the Court.

27. The resolution of the issues raised by the D&O Claimants with respect to the timeliness of the D&O Indemnification Claims likely would require additional legal and factual development. Therefore, the expense, uncertainty and delay of litigating the timeliness of the D&O Indemnification Claims support approval of the Stipulation.

28. Accordingly, the benefits of the Stipulation outweigh the risks, burdens and expenses associated with potential litigation between the Parties. Entry into the Stipulation

by the Parties is the best possible outcome for the most effective administration of the Debtors' estates.

29. The Stipulation is the result of good faith negotiations among the Parties and is, in the reasonable business judgment of the Debtors, in the best interests of the Debtors' estates. Accordingly, the Stipulation should be approved.

30. Authorizing the Debtors and the Committee to enter into identical stipulations with any Other Potential D&O Claimants who comply with the proposed procedures set forth in this Motion is likewise in the best interests of the Debtors' estates for the reasons stated above, and will serve the goals of fairness and efficiency by ensuring that the indemnification claims of former directors and officers receive uniform treatment and that any disputes regarding such claims are processed in a unified and cost-effective manner.

## NOTICE AND NO PRIOR MOTION

31. A copy of the Motion has been served upon: (i) the United States Trustee for the District of Delaware; (ii) counsel to the D&O Claimants; (iii) the Other Potential D&O Claimants, as identified to the best of the Debtors' knowledge and records; and (iv) all parties requesting notice under Bankruptcy Rule 2002. The Debtors and Committee submit that no other or further notice is required.

32. No previous request for the relief sought in this Motion has been made to this Court or any other court.

WHEREFORE, the Debtors and Committee respectfully request that the Court enter an order granting the Motion, approving the Stipulation and the procedure for permitting the Other Potential D&O Claimants to enter into identical stipulations, and granting such other and further relief as is just and proper.

Dated: September 1, 2011
      Wilmington, Delaware

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.

*/s/ J. Kate Stickles*
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

and

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Janet E. Henderson
Kevin T. Lantry
Jessica C.K. Boelter
Kerriann Mills
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-0199
Facsimile: (312) 853-7036

*Counsel for Debtors and Debtors In Possession*

and

LANDIS RATH & COBB LLP

*/s/ Matthew B. McGuire*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

and

CHADBOURNE & PARKE LLP
Howard Seife
David M. LeMay
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

*Counsel for the Official Committee of Unsecured Creditors*