# Exhibit A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re: | Chapter 11 |
|---|---|
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |

**STIPULATION TO TREAT CERTAIN**
**LATE-FILED INDEMNIFICATION CLAIMS AS TIMELY-FILED**

This stipulation (the "Stipulation") is entered into by and among the above-captioned debtors and debtors in possession (collectively, the "Debtors"), Ruthellyn Musil, John Poelking, Dennis FitzSimons, Don Grenesko, Mark Mallory, Gerald Agema, Irene Sewell, Enrique Hernandez Jr., Robert S. Morrison, J. Christopher Reyes, Dudley S. Taft, Miles D. White, Crane

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Kenney, Thomas Finke, Durham Monsma, Irving Quimby, Betty Ellen Berlamino, Tom E. Ehlmann, John Birmingham, Mark W. Hianik, Peter A. Knapp, Kathleen Waltz, John Vitanovec, Timothy Landon, Richard Malone, Luis Lewin, David Hiller, Thomas Leach, John Reardon, and Scott Smith (collectively, the "D&O Claimants"), and the Official Committee of Unsecured Creditors (the "Committee," together with the Debtors and the D&O Claimants, the "Stipulation Parties").

## RECITALS

A. The Debtors' by-laws, the Debtors' certificates of incorporation, and/or separation agreements may contain provisions pertaining to indemnification of the Debtors' respective officers and directors against liability for certain acts performed within the scope of their employment and reimbursement and advancement of costs and expenses incurred in defending lawsuits to which they become parties by virtue of their status as officers and directors of the Debtors, subject to specified limitations.

B. By an order dated March 25, 2009 (the "Bar Date Order") [D.I. 813], the Court established June 12, 2009 (the "Bar Date"), as the deadline for filing claims against the Debtors.

C. In late 2010, the Committee commenced adversary proceedings (the "Adversary Proceedings") against current and former officers and directors of the Debtors, asserting, among other things, claims for breach of fiduciary duty and avoidance and recovery of various payments made to these current and former officers or directors as either preferences or fraudulent conveyances.

D. On April 7, 2011, Tom E. Ehlmann, John Birmingham, Mark W. Hianik, and Peter A. Knapp, four former officers of the Debtors who had been named as defendants in the Adversary Proceedings (the "Initial D&O Defendants"), filed claims requesting indemnification

for any judgments entered as a result of the Adversary Proceedings, as well as all costs incurred in defending against the Adversary Proceedings. On the same day, the Initial D&O Defendants filed motions in the Bankruptcy Court for orders deeming their respective claims for indemnification to be timely-filed [D.I. 8594, 8595, 8596, 8597].

E. The Committee filed an objection to the Initial D&O Defendants' motions on April 18, 2011 [D.I. 8689], asserting that the Initial D&O Defendants' failure to anticipate litigation did not constitute "excusable neglect," as defined in Pioneer Inv. Servs. Co. v. Brunswick Associates, Ltd., 507 U.S. 380 (1993), that warranted relief from the Bar Date Order pursuant to Bankruptcy Rule 9006(b). On April 20, 2011, the Initial D&O Defendants filed a response to the Committee's objection [D.I. 8719].

F. The Court heard arguments on the Initial D&O Defendants' motions on April 25, 2011. At the conclusion of the hearing, the Court announced that the motions would be granted and that the claims would be treated as timely-filed. Orders were subsequently entered effectuating the Court's decision. See D.I. 8747, 8748, 8749, 8750.

G. On May 6, 2011, Kathleen Waltz, John Vitanovec, Timothy Landon, Richard Malone, Luis Lewin, David Hiller, Thomas Leach, John Reardon, and Scott Smith (collectively, the "Additional D&O Defendants"), each named as a defendant in the Adversary Proceedings, filed motions for orders deeming their respective indemnification claims against the Debtors to be timely-filed [D.I. 8850, 8851, 8852, 8853, 8854, 8855, 8856, 8857, 8858]. The bases for the Additional D&O Defendants' motions were substantially the same as those set forth in the motions filed by the Initial D&O Defendants.

H. The Committee objected to the motions of the Additional D&O Defendants on May 18, 2011 [D.I. 8941], asserting that the Additional D&O Defendants' delay in filing their claims one month after the Initial D&O Defendants was unjustifiable and did not meet the

requisite standard for "excusable neglect." The Committee also requested, in the event that the Court granted the Additional D&O Defendants' motions, that a unified procedure be created to address the merits of the underlying indemnification claims in a systematic and cost-effective manner.

I. Following a hearing on May 25, 2011, the Court granted the Additional D&O Defendants' motions. See D.I. 8992, 8994, 8995, 8997, 8998, 8999, 9000, 9001, 9002. The Court also noted on the record that it agreed with the Committee that a unified process to address the merits of the underlying indemnification claims was logical.

J. During April of 2011, the Court entered an order lifting the automatic stay to the extent necessary to allow certain creditors to file and serve state law fraudulent conveyance actions against current and former officers and directors of the Debtors.[2] Ultimately, in June of 2011, the indenture trustees on behalf of holders of Senior Notes and PHONES Notes[3] and certain retirees[4] filed separate lawsuits[5] in various jurisdictions asserting state law constructive fraudulent conveyance claims against former stockholders of Tribune (collectively, the "SLCFC Litigation," and together with the Adversary Proceedings and any other state law constructive fraudulent conveyance actions against current and former officers and directors of the Debtors as former stockholders of Tribune similar to the SLCFC Litigation, the "D&O Litigation"). Certain current and former directors and officers are named defendants in the SLCFC Litigation.

---

[2] In the order, the Court made no finding and issued no ruling determining the standing of any creditor to assert the state law constructive fraudulent conveyance claims against current and former officers and directors of the Debtors.

[3] The indenture trustee plaintiffs are Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for certain series of Senior Notes, Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for certain series of Senior Notes, and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES Notes.

[4] The retiree plaintiffs are retirees of The Times Mirror Company, Tribune Company, and/or one or more of 110 affiliates or subsidiaries of Tribune Company.

[5] The indenture trustees filed approximately 50 complaints in over twenty different federal and state courts. The retirees filed four separate actions in four different state courts.

K. The D&O Claimants, each of whom is a former director or officer of one or more of the Debtors, have now notified the Debtors that they either have filed or intend to file (a) indemnification claims against the Debtors in connection with the D&O Litigation in which they have been or may subsequently be named defendants, and any other litigation presently pending or hereafter filed, and arising from or relating to the D&O Claimants' service as directors or officers of one or more of the Debtors at the time of the transactions at issue in the D&O Litigation (collectively, including original proofs of claim and any amendments thereto, the "D&O Indemnification Claims"), and (b) motions to allow their late-filed D&O Indemnification Claims to be treated as timely if an agreement cannot be reached among the Stipulation Parties.

**STIPULATION**

NOW, THEREFORE, in consideration of the foregoing, the Stipulation Parties, through their undersigned counsel, stipulate and agree as follows:

1. Given the prior proceedings summarized above, the Stipulation Parties seek to resolve the issue of timeliness without further contested proceedings before the Court. Accordingly, so long as any D&O Claimant has either (i) filed his or her D&O Indemnification Claims within 30 days of the entry of an Order approving this Stipulation, or (ii) amended his or her previously filed D&O Indemnification Claims within 30 days of the entry of an Order approving this Stipulation, the D&O Indemnification Claims shall be deemed timely-filed pursuant to Bankruptcy Rule 9006(b).

2. For administrative convenience, the D&O Claimants shall file their respective D&O Indemnification Claims in the Tribune Company bankruptcy case, Case No. 08-13141 (KJC). The D&O Claimants shall identify in their proofs of claim (or, as the case may be, amendments thereto) each of the subsidiary Debtors potentially implicated by the D&O Indemnification Claims. The D&O Indemnification Claims shall be deemed for all purposes to

have been timely filed against each of the identified subsidiary Debtors in their respective bankruptcy cases without the necessity of filing separate proofs of claim in each of those cases. The D&O Indemnification Claims filed by the Initial D&O Defendants and the Additional D&O Defendants shall also be deemed for all purposes to have been filed against each of the identified subsidiary Debtors in their respective bankruptcy cases, without the necessity of filing separate proofs of claim in each of those cases.

3. In the event that any Initial D&O Defendant or Additional D&O Defendant did not identify subsidiary Debtors in its original proof of claim, the Initial D&O Defendants and the Additional D&O Defendants shall have 30 days from entry of an Order approving this Stipulation to file an amendment to their proofs of claim to include relevant subsidiary Debtors, and such claim shall be deemed timely-filed pursuant to Bankruptcy Rule 9006(b).

4. In the event that an Initial D&O Defendant or Additional D&O Defendant amends his or her respective D&O Indemnification Claim to assert an indemnification and/or contribution claim against any subsidiary Debtors based on the preceding paragraph, the Debtors and/or the Court-appointed claims agent are authorized to take the steps necessary to ensure that the claims register reflects the amended proofs of claim.

5. This Stipulation is without prejudice to the rights of the Debtors, the Committee, or any other party in interest to object to or otherwise contest any of the D&O Indemnification Claims on any and all grounds other than timeliness of filing.

6. This Stipulation and its terms and conditions are subject to the approval of the Bankruptcy Court.

Date: September 1, 2011

COLE, SCHOTZ, MEISEL,
FORMAN &-LEONARD, P.A.

By: ______________________
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suit 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

-and-

James F. Conlan
Kevin Lantry
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

*Counsel to the Debtors and Debtors in Possession*

Date: August [ ], 2011

GRIPPO & ELDEN LLC

By: ______________________
John R. McCambridge
Maile H. Solís
111 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 704-7700
Facsimile: (312) 558-1195

*Counsel to Dennis FitzSimons, Donald Grenesko, Mark Mallory, Durham Monsma, Ruthellyn Musil, John Poelking, Kathleen Waltz, John Vitanovec, Timothy Landon, Richard Malone, Luis Lewin, David Hiller, Thomas Leach, John Reardon and Scott Smith*

6. This Stipulation and its terms and conditions are subject to the approval of the Bankruptcy Court.

Date: August [ ], 2011

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD

By:_______________________
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suit 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

-and-

James F. Conlan
Kevin Lantry
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

*Counsel to the Debtors and Debtors in Possession*

Date: August [1], 2011

GRIPPO & ELDEN LLC

By:_______________________
John R. McCambridge
Maile H. Solís
111 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 704-7700
Facsimile: (312) 558-1195

*Counsel to Dennis FitzSimons, Donald Grenesko, Mark Mallory, Durham Monsma, Ruthellyn Musil, John Poelking, Irene Sewell, Gerald Agema, Kathleen Waltz, John Vitanovec, Timothy Landon,*

*Richard Malone, Luis Lewin, David Hiller, Thomas Leach, John Reardon and Scott Smith*

Date: August [5], 2011

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: Matthew Kipp
Matthew R. Kipp
Lee P. Garner
Nick D. Campanario
155 North Wacker Drive
Chicago, IL 60606-1720
Telephone: (312) 407-0700
Facsimile: (312) 407-0411

*Counsel to Enrique Hernandez, Jr., Robert S. Morrison, J. Christopher Reyes, Dudley S. Taft, and Miles D. White*

Date: August [ ], 2011

WILDMAN HARROLD ALLEN & DIXON LLP

By: ______________________
Michael R. Dockterman
Jonathan W. Young
Patrick C. Frye
225 West Wacker Drive, Suite 3000
Chicago, IL 60606-1229
Telephone: (312) 201-2000
Facsimile: (312) 201-2555

*Counsel to Irving Quimby Betty Ellen Berlamino, Tom E. Ehlmann, John Birmingham, Mark W. Hianik and Peter A. Knapp*

*Richard Malone, Luis Lewin, David Hiller, Thomas Leach, John Reardon and Scott Smith*

Date: August [ ], 2011

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:________________________

Matthew R. Kipp
Lee P. Garner
Nick D. Campanario
155 North Wacker Drive
Chicago, IL 60606-1720
Telephone: (312) 407-0700
Facsimile: (312) 407-0411

*Counsel to Enrique Hernandez, Jr., Robert S. Morrison, J. Christopher Reyes, Dudley S. Taft, and Miles D. White*

Date: August [5], 2011

WILDMAN HARROLD ALLEN & DIXON LLP

By: [signature]

Michael R. Dockterman
Jonathan W. Young
Patrick C. Frye
225 West Wacker Drive, Suite 3000
Chicago, IL 60606-1229
Telephone: (312) 201-2000
Facsimile: (312) 201-2555

*Counsel to Irving Quimby, Betty Ellen Berlamino, Tom E. Ehlmann, John Birmingham, Mark W. Hianik and Peter A. Knapp*

Date: August [ ], 2011

SHAW GUSSIS FISHMAN GLANTZ WOLFSON & TOWBIN LLC

By: ______________________
Richard A. Saldinger
Allen J. Guon
321 North Clark Street, Suite 800
Chicago, IL 60654
Telephone: (312) 541-0151
Facsimile: (312) 980-3888

*Counsel to Crane Kenney*

Date: August [ ], 2011

MASSEY & GAIL LLP

By: ______________________
Leonard A. Gail
50 East Washington Street, Suite 400
Chicago, IL 60602
Telephone: (312) 283-1590
Facsimile: (312) 379-0467

*Counsel to Thomas Finke*

Date: August [ ], 2011

LANDIS RATH & COBB LLP

By: ______________________
Adam Landis
919 North Market Street, Suite 1800
Wilmington, DE 19899
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

-and-

Date: August [ ], 2011

SHAW GUSSIS FISHMAN GLANTZ WOLFSON & TOWBIN LLC

By: ______________________
Richard A. Saldinger
Allen J. Guon
321 North Clark Street, Suite 800
Chicago, IL 60654
Telephone: (312) 541-0151
Facsimile: (312) 980-3888

*Counsel to Crane Kenney*

Date: August 6, 2011

MASSEY & GAIL LLP

By: ______________________
Leonard A. Gail
50 East Washington Street, Suite 400
Chicago, IL 60602
Telephone: (312) 283-1590
Facsimile: (312) 379-0467

*Counsel to Thomas Finke*

Date: August [ ], 2011

LANDIS RATH & COBB LLP

By: Adam G. Landis w/permiss.
Adam Landis
919 North Market Street, Suite 1800
Wilmington, DE 19899
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

-and-

CPAM: 4109121.3
GRIPPO_1\\1194660.2-MHS

Howard Seife
Douglas Deutsch
David LeMay
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

*Counsel to the Official Committee of Unsecured Creditors*