IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>(Jointly Administered)<br><br>Hearing Date: September 22, 2011 at 10:00 a.m.<br>Objection Deadline: September 15, 2011 at 4:00 p.m.<br><br>Ref. No. 813 |

## MOTION FOR ENTRY OF AN ORDER CLARIFYING THE BAR DATE ORDER WITH RESPECT TO CURRENT DIRECTOR AND OFFICER INDEMNIFICATION AND/OR CONTRIBUTION CLAIMS AND ESTABLISHING A DEADLINE BY WHICH CURRENT DIRECTORS AND OFFICERS WHO CEASE TO SERVE THE DEBTORS MAY TIMELY FILE INDEMNIFICATION AND/OR CONTRIBUTION CLAIMS

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

The Debtors in the above-related cases (the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee", together with the Debtors, the "Movants") submit this motion (the "Motion") seeking entry of an order substantially in the form attached as Exhibit A, (a) confirming that indemnification and/or contribution claims asserted by current directors and officers of the Debtors are not subject to the Bar Date; and (b) establishing a deadline by which directors and officers who cease to be employed by the Debtors may timely file indemnification and/or contribution claims. In support of this Motion, the Movants respectfully represent as follows:

## Jurisdiction

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2.  On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.[2] In all, the Debtors comprise 111 entities.

3.  The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.  On December 18, 2008, the United States Trustee for the District of Delaware appointed the Committee pursuant to section 1102(a) of the Bankruptcy Code.

---

[2] An additional Debtor, Tribune CNLBC, LLC, formerly known as Chicago National League Ball Club, LLC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.

{698.001-W0016280.}                        2

5. On March 25, 2009, the Bankruptcy Court entered the Order Pursuant to Sections 501, 502, and 1111(a) of the Bankruptcy Code, Bankruptcy Rules 2002 and 3003(c)(3), and Local Rule 2002-1(e) Establishing Bar Dates for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof (the "Bar Date Order") [Docket No. 813], establishing June 12, 2009 (the "Bar Date") as the deadline for filing claims against the Debtors.

6. In November and December of 2010, the Committee commenced adversary proceedings against current and former directors and officers of the Debtors (the "Adversary Proceedings") seeking, among other things, to recover various payments made to these current and former directors and officers as either preferences or fraudulent conveyances and asserting claims against certain current and former directors and officers for breach of fiduciary duty.

7. In June of 2011, the indenture trustees on behalf of holders of Senior Notes and PHONES Notes[3] and certain retirees[4] filed separate lawsuits[5] in various jurisdictions asserting state law constructive fraudulent conveyance claims against former stockholders of Tribune (the "SLCFC Actions"). Certain current and former directors and officers are named defendants in the SLCFC Actions.

8. The certificates of incorporation and/or bylaws of the various Debtors contain provisions pertaining to indemnification of the Debtors' respective directors and officers against liability for certain acts performed within the scope of their employment and

---

[3] The indenture trustee plaintiffs are Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for certain series of Senior Notes, Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for certain series of Senior Notes, and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES Notes.
[4] The retiree plaintiffs are retirees of The Times Mirror Company, Tribune Company, and/or one or more of 110 affiliates or subsidiaries of Tribune Company.
[5] The indenture trustees filed approximately 50 complaints in over twenty different federal and state courts. The retirees filed four separate actions in four different state courts.

{698.001-W0016280.}    3

providing reimbursement and advancement of costs and expenses incurred in defending lawsuits to which they become parties by virtue of their status as directors and officers of the Debtors, subject to specified limitations.

9. The Movants were informed by the Employee Compensation Defendants Group (the "ECDG"), a group of approximately 80 current employees of the Debtors named as defendants in the Committee's Adversary Proceedings and, in some cases, the SLCFC Actions, that they believe they hold claims against the Debtors for indemnification and/or contribution for defense costs related to the Adversary Proceedings. To date, the ECDG members have not filed indemnification and/or contribution claims against the Debtors but assert that there is an ambiguity in the Bar Date Order that requires correction.

10. In relevant part, the Bar Date Order provides:

> ORDERED, that the following persons or entities are not required to file a Proof of Claim on or before the General Bar Date:
>
> \*   \*   \*
>
> e. current officers and directors of the Debtors who assert claims for indemnification and/or contribution arising as a result of such officers' or directors' prepetition or postpetition services

The ECDG asserts that the payments made by the Debtors to members of the ECDG identified directly or indirectly in the Committee's Adversary Proceedings and/or the SLCFC Actions could be argued to "arise" as a result of the 2007 leveraged buyout and not "as a result of such officers' or directors' prepetition or postpetition services," as seems to be required by the Bar Date Order.

11. In addition, the ECDG has noted that no deadline to file a proof of claim for indemnification and/or contribution has been established for current directors and officers who cease to be employed by the Debtors.

### Relief Requested

12. By this Motion, the Movants seek entry of an order (as attached hereto, the "Order") (a) confirming that indemnification and/or contribution claims asserted by current directors and officers of the Debtors arising from or related to the Adversary Proceedings or the SLCFC Actions are not subject to the Bar Date; and (b) establishing a deadline by which directors and officers who cease to be employed by the Debtors may timely file such indemnification and/or contribution claims. Specifically, with regard to the establishment of a deadline for directors and officers who cease to be employed by the Debtors, the Movants propose that any director or officer who ceases to be employed by the Debtors shall have until the later of sixty (60) days after (a) their last day of employment and (b) if a director or officer who was employed by Debtors postpetition ceased to be employed by the Debtors prior to the time the Order is entered, the date the Order is entered.

13. The Movants note that the relief sought herein is designed only to establish procedural deadlines related to the timeliness of filing of certain proofs of claim and should not be construed as affecting the underlying merits of such claims. The Movants reserve all rights with respect to the merits of any such claims for which this Order applies.

### Basis for Relief

14. Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of claim in chapter 11 cases and provides that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Bankruptcy Rule 2002(a)(7) generally provides that all parties in interest must receive at least twenty-one (21) days notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c)(3). In this case, the Bar Date Order was entered on June 29, 2009.

15. As set forth above, the Bar Date Order could be interpreted to require current directors and officers to have filed a claim, even though this was not the intent of the Debtors and the Committee when the Bar Date was established. Accordingly, consistent with the above-noted Bankruptcy Rules, the Movants request that the Court clarify that current directors and officers who assert claims for indemnification and/or contribution were not – as was originally intended – required to file a proof of claim by the Bar Date.[6]

16. The Bar Date Order does not provide a deadline or procedure to address the filing of indemnification and/or contribution claims that may arise should a director or officer who is sued in the Adversary Proceedings or the SLCFC Actions become disassociated from the Debtors. Accordingly, consistent with the above-noted Bankruptcy Rules, the Movants seek to establish a bar date for such claimants on the day that is sixty (60) days from the date of disassociation or, if a director or officer who was employed by the Debtors postpetition but became disassociated from the Debtors on or before the date of the entry of the Order, the day which is sixty (60) days from the day on which the Order is entered. The Movants assert that this proposed limit is consistent with due process and the prior Bar Date Order established in these bankruptcy cases.

## NOTICE AND NO PRIOR MOTION

17. A copy of the Motion has been served upon: (i) the United States Trustee for the District of Delaware; (ii) counsel to the ECDG; and (iii) all parties requesting notice under Bankruptcy Rule 2002. The Debtors and Committee submit that no other or further notice is required.

---

[6] Absent this clarification, the Movants expect – as was the case with former officers and directors – that the ECDG members and other current officers and directors will simply file proofs of claim along with motions to treat their late-filed claims as timely. This was exactly the situation subsection (e) of the Bar Date Order was designed to prevent in order to keep current officers and directors from the distraction of needing to file contingent claims.

{698.001-W0016280.}                                    6

18. No previous request for the relief sought in this Motion has been made to this Court or any other court.

WHEREFORE, the Movants respectfully request that this Court grant this Motion and enter the proposed order attached as Exhibit A and grant such other and further relief as it deems just and proper.

Dated: September 1, 2011
Wilmington, Delaware

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

*/s/ J. Kate Stickles*
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

-and-

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Janet E. Henderson
Kevin T. Lantry
Jessica C.K. Boelter
Kerriann Mills
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-0199
Facsimile: (312) 853-7036

*Counsel for Debtors and Debtors In Possession*

LANDIS RATH & COBB LLP

*/s/ Matthew B. McGuire*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

-and-

CHADBOURNE & PARKE LLP
Howard Seife
David M. LeMay
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

*Counsel for the Official Committee of Unsecured Creditors*