# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE
## CONSOLIDATED FIRST INTERIM FEE APPLICATION OF NOVACK AND MACEY LLP

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Consolidated First Interim Fee Application of Novack and Macey LLP* [Docket No. 8066] (the "**Fee Application**"). The Fee Application seeks approval of fees that total $100,327.50 and reimbursement of expenses that total $3,474.28 for the period from August 26, 2010

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

through November 30, 2010. Novack and Macey LLP ("**Novack and Macey**") serves as special counsel to the Debtors for the purposes of advising the Debtors Morgan Stanley claims and certain avoidance actions.

## Background

1.      On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**"). Under the Bankruptcy Court's *Order Directing Joint Administration Chapter 11 Cases* dated December 10, 2009 [Docket No. 43], these cases are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.

2.      On September 24, 2010, the Debtors filed the *Application for an Order Authorizing Debtors and Debtors in Possession to Employ and Retain Novack and Macey LLP as Special Counsel Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc Pro Tunc to August 26, 2010* [Docket No. 5808] (the "**Retention Application**"). In the Retention Application, the Debtors sought to retain Novack and Macey for the limited purpose of representing and advising the Debtors in connection with certain claims related to Morgan Stanley Capital Services, Inc., Morgan Stanley & Co., Inc. and/or companies affiliated therewith (collectively, "**Morgan Stanley**"). By order dated October 22, 2010, the Bankruptcy Court approved the Retention Application *nunc pro tunc* to August 26, 2010 (the "**Initial Retention Order**").

3.      On February 25, 2011, the Court entered an Order (the "**Supplemental Retention Order**") [Docket No. 8147] approving the *Debtors' Supplemental Application for an Order Modifying the Scope of the Debtors' Retention of Novack and Macey LLP to Include Services Relating to the Prosecution of Certain Avoidance Actions Pursuant to 11 U.S.C. §§ 327(a), Nunc Pro Tunc to November 22, 2010* (the "**Supplemental Retention Application**"). The Supplemental Retention Application sought modification of the scope of Novack and Macey's representation to include the filing

and prosecution of three avoidance actions (described in the Supplemental Retention Application). Novack and Macey continues to advise and assist the Debtors in connection with the Morgan Stanley matters.

4.      Novack and Macey submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, (January 15, 2009) [Docket No. 225] (the "**Interim Compensation Order**").

<u>**Applicable Standards**</u>

5.      In light of the size and complexity of these Chapter 11 cases, the Bankruptcy Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

6.      The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

7.      Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and

the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F).*

8.      A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred.  A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules.   Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application.   A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

9.      The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Supplemental Retention Application, the Supplemental Retention Order, the Interim Compensation Order, and all related filings, and provided a Preliminary Report to Novack and Macey for review and comment.  The firm and the Fee Examiner discussed the issues raised in the Preliminary Report as well as the context and necessity of certain activities.  After consideration of the additional information provided by the firm, the Fee Examiner now issues this final report (the **"Final Report"**) "in a format designed to opine whether the requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines." *Fee Examiner Order ¶5.*

## DISCUSSION OF FINDINGS

### Technical Requirements

10.    **Reconciliation of Fees and Expenses.**  The Fee Examiner compared the total amount

of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**")

to the fees and expenses actually documented in the electronic and/or hard copy data received from the

firm ("**Fees Computed**" and "**Expenses Computed**").  The Fee Examiner identified no discrepancies

between the Fees Requested and the Fees Computed, nor any discrepancies between the Expenses

Requested and the Expenses Computed.

11.    **Block Billing.**  The Local Rules provide that "[a]ctivity descriptions shall not be

lumped – each activity shall have a separate description and a time allotment." *Local

Rule 2016-2(d)(vii)*.  The UST Guidelines further provide that where a timekeeper's daily time entries

exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or

'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[2]  With

minimal exceptions, Novack and Macey timekeepers did not block bill time entries.

12.    **Time Increments.**  The Local Rules provide that "[a]ctivities shall be billed in tenths

of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*.  The UST Guidelines further provide that time

entries "should be kept contemporaneously with the services rendered in time periods of tenths of an

hour." *UST Guidelines* ¶(b)(4)(v).  Novack and Macey complied with the applicable rules regarding

time increments and billed in tenths of an hour increments.

### Review of Fees

13.    **Firm Staffing.**  The UST Guidelines state that fee applications should identify the

"[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an]

explanation of any changes in hourly rates from those previously charged, and [a] statement of whether

---

[2] The judicial response to block billing varies.  Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007).  Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*. The Fee Application provided the names, positions, and hourly rates of the six Novack and Macey professionals and paraprofessionals who billed to this matter, consisting of two partners, three associates, and one legal assistant. A summary of hours and fees billed by each timekeeper is displayed in **Exhibit A**.[3]

The firm billed a total of 236.30 hours with associated fees of $100,327.50. The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 146.80 | 62% | $ 75,315.50 | 75% |
| Associate | 80.50 | 34% | 23,527.00 | 23% |
| Legal Assistant | 9.00 | 4% | 1,485.00 | 2% |
| TOTAL | 236.30 | 100% | $100,327.50 | 100% |

The blended hourly rate for the Novack and Macey professionals is $434.85 and the blended hourly rate for professionals and paraprofessionals is $424.58.

14.    **Hourly Rate Increases.**  Novack and Macey did not increase the hourly rate of any timekeeper during this interim period.

15.    **Timekeepers' Roles.**  A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4)*. With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts. On the whole, each timekeeper appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.

---

[3] This Final Report includes exhibits that detail and support the findings discussed herein. Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits. For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

16.    **Meetings, Conferences, Hearings, and Other Events.**  The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" *Local Rule 2016-2(d)(ix)*, and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*.  While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.  The Fee Examiner identified time entries totaling 8.80 hours with $4,013.50 in associated fees where two or more Novack and Macey timekeepers attended the same meeting, conference, hearing, or other event.  Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees.  The entries were provided to the firm in **Exhibit B** to the Preliminary Report.  The Fee Examiner requested that Novack and Macey explain the necessity for the participation of multiple timekeepers at the conferences.

In response to the Preliminary Report, the firm reviewed the entries in question and confirmed the utility and necessity of the participants.  Novack and Macey discussed the entries with the Fee Examiner and explained the circumstances regarding the four meetings in question.  After consideration of the additional information provided by the firm, and given the minimal hours resulting from multiple attendance, the Fee Examiner makes no recommendation for a fee reduction.  Exhibit B is omitted from this report.

17.    **Intraoffice Conferences.**  Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel.  The Fee Examiner identified billing activities by Novack and Macey timekeepers describing intraoffice conferences totaling 19.80 hours with $7,389.00 in associated fees, or approximately 7% of the Fees Computed, as displayed in **Exhibit C** to the Preliminary Report.  The Fee Examiner requested that Novack and

Macey strive to eliminate unnecessary intraoffice conferencing and invites any comment the firm wishes to make. However, there is no recommendation for a fee reduction resulting from intrafirm communication. Exhibit C is omitted from this report.

18. **Complete and Detailed Task Descriptions.** Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*. The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*.

The Fee Examiner identified entries totaling 10.40 hours with $5,124.50 in associated fees in which a task was not described with sufficient detail. The entries in question were displayed in **Exhibit D** to the Preliminary Report. The Fee Examiner invited comment from Novack and Macey.

In response, the firm and the Fee Examiner discussed each of the task descriptions at issue and Novack and Macey provided additional explanation and context. The firm also noted that certain entries were sanitized due to privilege concerns. The supplemental detail provided brings the descriptions into accord with the Local Rules and UST Guidelines, and accordingly the Fee Examiner makes no recommendation for a fee reduction. Exhibit D is omitted from this report.

19. **Administrative Activities.** Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. As a general rule, time expended by a firm in performing conflicts checks required as a condition

of the firm's retention is not compensable and would be considered an administrative activity. *See, e.g.,*
*In Re ACT Manufacturing, Inc.,* 281 B.R. 468, 490 (Bankr. D. Mass. 2002). The Fee Examiner
identified 8.90 hours with $4,628.00 in associated fees which appear to be associated with conflicts
checks. The entries were displayed in **Exhibit E** to the Preliminary Report.

Novack and Macey responded to the Preliminary Report by explaining to the Fee
Examiner the conflict issues surrounding the Morgan Stanley issue and how such issues led to the
firm's involvement in these chapter 11 matters. As a result of the discussion and additional
information, the Fee Examiner no longer considered certain entries to be administrative in nature.
However, the Fee Examiner informed the firm that three entries do appear to be conflict checks
performed solely for the benefit of Novack and Macey, and the firm did not object to the Fee
Examiner's decision to recommend a fee reduction in the amount of $1,924.00 resulting from the
entries displayed in the revised Exhibit E attached hereto.

20. **Clerical/Support Activities.** Clerical activities are tasks that do not require legal
acumen and may be effectively performed by administrative assistants, secretaries, or support
personnel[4] or support tasks for which the firm charged more than market rate. The Fee Examiner
reviewed each timekeeper's billing activities and identified time entries totaling 9.00 hours with
$1,485.00 in associated fees and appear to describe clerical/support efforts. The time entries primarily
describe building and loading files onto a database and were provided to the firm in **Exhibit F** to the
Preliminary Report.

---

[4] "Duties appropriate for office staff are considered part of a professional's overhead expenses and may not be
billed to the estate." *Fibermark*, 349 B.R. at 397; *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758 769
(Bankr. E.D.N.Y. 2005) (overhead not compensable); *but see Bennett Funding*, 213 B.R. at 247-48 (discussing
differing approaches to clerical work at professional rates). These overhead activities may include: mailing;
photocopying, word processing (including the creation of templates), formatting, creating spreadsheets, printing,
organizing files, checking for docket updates, creating binders, and secretarial overtime. *Fibermark*, 349 B.R. at
396-97.

Novack and Macey discussed the activities with the Fee Examiner, and the firm did not object to the Fee Examiner's decision to recommend that the entries be reimbursed at $80.00 per hour. The result of the rate adjustment is a fee reduction of $765.00 as displayed in the attached Exhibit F.

21.    **Travel.**    The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii).* Novack and Macey properly billed all fee entries describing nonworking travel at half rate.

22.    **Novack and Macey Retention/Compensation.**    The UST Guidelines provide that fee applications shall arrange all time and service entries by project categories, and a separate project category should be used for fee application preparation. *UST Guidelines ¶(b)(4)(i).* The Fee Application did not include a project category for fee application activities.    Through review of the task descriptions, the Fee Examiner identified 33.30 hours with associated fees of $17,062.50 to prepare the firm's retention documents and applications for compensation, which computes to approximately 17% of the Fees Computed.    The Fee Examiner notes that certain of these activities are questioned as administrative activities in paragraph 19 above.    The fee entries describing Novack and Macey's retention/compensation activities are displayed in **Exhibit G**, which is included in the Final Report for the Court's reference.

23.    **Project Billing Categories.**    Novack and Macey used only one project billing category: "Dispute with Morgan Stanley."    As noted above, the UST Guidelines require at least one additional project billing category (fee application preparation and firm retention).    The Fee Examiner requested that in future fee applications Novack and Macey include a project category for retention/compensation activities, and the firm agreed to do so in any fee applications prepared in the future.

**Review of Expenses**

24.    **Itemization of Expenses.**    The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual

incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*. The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*. Novack and Macey provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

25. **Computer Assisted Legal Research.** The Local Rules provide that computer assisted legal research charges "shall not be more than the actual cost." *Local Rule 2016-2 (e)(iii)*. Novack and Macey requested reimbursement for computer assisted legal research charges totaling $973.11, and the Fee Application stated the "Firm's charges for computerized legal research (Westlaw) are based on a rate that recovers no more than the Firm's costs."

## CONCLUSION

The Fee Examiner submits this final report regarding the Fee Application and the fees and expenses discussed above. The Fee Examiner recommends the approval of fees in the amount of $97,638.50 ($100,327.50 minus $2,689.00) and reimbursement of expenses in the amount of $3,474.28 for the period from August 26, 2010 through November 30, 2010. The findings are summarized in the attached Appendix A.

Respectfully submitted,

**STUART MAUE**

By: _____

W. Andrew Dalton
3840 McKelvey Road
St. Louis, Missouri  63044
Telephone:  (314) 291-3030
Facsimile:  (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

## APPENDIX A

## NOVACK AND MACEY LLP

### SUMMARY OF FINDINGS

#### Consolidated First Interim Fee Application (August 26, 2010 through November 30, 2010)

**A.      Amounts Requested and Computed**

| | | |
|---|---|---|
| Fees Requested | $100,327.50 | |
| Expenses Requested | 3,474.28 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $103,801.78 |
| | | |
| Fees Computed | $100,327.50 | |
| Expenses Computed | 3,474.28 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $103,801.78 |

**B.      Recommended Fee Allowance and Expense Reimbursement**

| | | |
|---|---|---|
| Fees Requested | $100,327.50 | |
| *Agreed Reduction for Administrative Activities* | | *($1,924.00)* |
| *Agreed Reduction for Clerical Activities* | | *(765.00)* |
| Subtotal | | *($2,689.00)* |
| | | |
| RECOMMENDED FEE ALLOWANCE | | $  97,638.50 |
| | | |
| Expenses Requested | $3,474.28 | |
| | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 3,474.28 |
| | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $101,112.78 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 1st day of September, 2011.

Joseph J. McMahon, Jr., Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Mr. James F. Conlan
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Mitchell L. Marinello. Esq
Novack and Macey LLP
100 North Riverside Plaza,
Chicago, IL 60606-1501

_____
W. Andrew Dalton

# SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL
## COMPUTED AT STANDARD RATES
### Novack and Macey LLP

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| DAT | Tarkington, Donald A. | PARTNER | $260.00 | $520.00 | 108.40 | $52,988.00 |
| SN | Novack, Stephen | PARTNER | $325.00 | $650.00 | 38.40 | $22,327.50 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $513.05 | | 146.80 | $75,315.50 |
| | | | | % of Total: | 62.12% | % of Total: 75.07% |
| ATW | Waskowski, Adam T. | ASSOCIATE | $295.00 | $295.00 | 51.10 | $15,074.50 |
| JJA | Johnston-Ahlen, Julie | ASSOCIATE | $315.00 | $315.00 | 14.70 | $4,630.50 |
| RHP | Parker, Rebekah H. | ASSOCIATE | $260.00 | $260.00 | 14.70 | $3,822.00 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $292.26 | | 80.50 | $23,527.00 |
| | | | | % of Total: | 34.07% | % of Total: 23.45% |
| JS | Seib, Josh | LEGAL ASSISTANT | $165.00 | $165.00 | 9.00 | $1,485.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $165.00 | | 9.00 | $1,485.00 |
| | | | | % of Total: | 3.81% | % of Total: 1.48% |
| | Total No. of Billers: 6 | Blended Rate for Report: | $424.58 | | 236.30 | $100,327.50 |

EXHIBIT E

ADMINISTRATIVE ACTIVITIES

Novack and Macey LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Tarkington, D | 3.70 | 1,924.00 |
| | 3.70 | $1,924.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Dispute with Morgan Stanley | 3.70 | 1,924.00 |
| | 3.70 | $1,924.00 |

EXHIBIT E

ADMINISTRATIVE ACTIVITIES

Novack and Macey LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|----------------|-------------|-------|------|------------|---|---|-------------|
| 09/07/10 Tue | Tarkington, D 32857/90 | 2.50 | 1.00 | 520.00 | | | | *MATTER NAME: Dispute with Morgan Stanley* |
| | | | | | 1.00 | F | 1 | CONFLICT ANALYSIS (1.0): |
| | | | | | 0.20 | F | 2 | EDIT DESCRIPTION OF ENGAGEMENT FOR PURPOSES OF RETENTION LETTER (.2): |
| | | | | | 1.30 | F | 3 | READ BACKGROUND MATERIALS (1.3). |
| 09/08/10 Wed | Tarkington, D 32857/100 | 3.40 | 1.20 | 624.00 | | | | *MATTER NAME: Dispute with Morgan Stanley* |
| | | | | | 1.20 | F | 1 | WORK ON CONFLICT CHECK (1.2): |
| | | | | | 0.20 | F | 2 | WORK ON DESCRIPTION OF ENGAGEMENT (.2): |
| | | | | | 0.20 | F | 3 | OFFICE CONFERENCE WITH SN REGARDING SAME (.2): |
| | | | | | 1.80 | F | 4 | READ BACKGROUND DOCUMENTS (1.8). |
| 09/23/10 Thu | Tarkington, D 32857/230 | 6.90 | 1.50 | 780.00 | | | | *MATTER NAME: Dispute with Morgan Stanley* |
| | | | | | 1.50 | F | 1 | MEETING WITH CLIENTS REGARDING CURRENT ISSUES AND BACKGROUND (1.5): |
| | | | | | 1.50 | F | 2 | WORK ON CONFLICTS (1.5): |
| | | | | | 3.90 | F | 3 | WORK ON RETENTION APPLICATION (3.9). |

|  |  |  | 3.70 | $1,924.00 | | | | |
|--|--|--|------|-----------|--|--|--|--|
| Total | | | | | | | | |
| Number of Entries: | 3 | | | | | | | |

~  See the last page of exhibit for explanation

EXHIBIT E

ADMINISTRATIVE ACTIVITIES

Novack and Macey LLP

## SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Tarkington, D | 3.70 | 1,924.00 |
| | 3.70 | $1,924.00 |

## SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Dispute with Morgan Stanley | 3.70 | 1,924.00 |
| | 3.70 | $1,924.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F  FINAL BILL

EXHIBIT F

CLERICAL/SUPPORT ACTIVITIES

Novack and Macey LLP

### SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE |
|---|---|---|---|---|
| Seib, J | 9.00 | 1,485.00 | 720.00 | 765.00 |
| | 9.00 | $1,485.00 | $720.00 | $765.00 |

### SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE |
|---|---|---|---|---|
| Dispute with Morgan Stanley | 9.00 | 1,485.00 | 720.00 | 765.00 |
| | 9.00 | $1,485.00 | $720.00 | $765.00 |

* Amount billed adjusted to reflect percentage shown to be due on the invoice.

EXHIBIT F

CLERICAL/SUPPORT ACTIVITIES

Novack and Macey LLP

| TIMEKEEPER NAME | DATE | | ENTRY HOURS | TASK HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE | ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | *MATTER NAME: Dispute with Morgan Stanley* |
| Seib, J | 09/24/10 | Fri | 3.20 | 0.50 | 82.50 | 40.00 | 42.50 | F | 1 REVIEW CONCORDANCE FILES ON HARD DRIVE (.5); |
| | 32857/290 | | | 2.50 | 412.50 | 200.00 | 212.50 | F | 2 BUILD DATABASES FROM FILES (2.5); |
| | | | | 0.20 | 33.00 | 16.00 | 17.00 | F | 3 PHONE AND E-MAIL WITH ORIGINATING OFFICE REGARDING MISSING FILES (.2). |
| | | | | | | | | | *MATTER NAME: Dispute with Morgan Stanley* |
| | 09/27/10 | Mon | 1.20 | 1.20 | 198.00 | 96.00 | 102.00 | | 1 BUILD CONCORDANCE DATABASES FROM LOAD FILES. |
| | 32857/360 | | | | | | | | |
| | | | | | | | | | *MATTER NAME: Dispute with Morgan Stanley* |
| | 09/28/10 | Tue | 0.70 | 0.70 | 115.50 | 56.00 | 59.50 | | 1 CONTINUE BUILDING CONCORDANCE DATABASES. |
| | 32857/420 | | | | | | | | |
| | | | | | | | | | *MATTER NAME: Dispute with Morgan Stanley* |
| | 09/29/10 | Wed | 2.70 | 2.70 | 445.50 | 216.00 | 229.50 | | 1 BUILD CONCORDANCE DATABASES FOR ADDITIONAL TRIBUNE PRODUCTION. |
| | 32857/480 | | | | | | | | |
| | | | | | | | | | *MATTER NAME: Dispute with Morgan Stanley* |
| | 09/30/10 | Thu | 0.70 | 0.70 | 115.50 | 56.00 | 59.50 | | 1 COMPLETE TRIBUNE PRODUCTION DATABASE. |
| | 32857/520 | | | | | | | | |
| | | | | | | | | | *MATTER NAME: Dispute with Morgan Stanley* |
| | 10/05/10 | Tue | 0.50 | 0.50 | 82.50 | 40.00 | 42.50 | | 1 BUILD TRIBUNE PRE-PRODUCTION CONCORDANCE DATABASE. |
| | 32857/590 | | | | | | | | |
| | TOTAL FOR TIMEKEEPER: | | | 9.00 | $1,485.00 | $720.00 | $765.00 | | |
| | NUMBER OF ENTRIES: | 6 | | | | | | | |
| TOTAL: | | | | 9.00 | $1,485.00 | $720.00 | $765.00 | | |
| NUMBER OF ENTRIES | 6 | | | | | | | | |

~  See the last page of exhibit for explanation

*  Amount billed adjusted to reflect percentage shown to be due on the invoice.                    EXHIBIT F  PAGE 2 of 3

EXHIBIT F

CLERICAL/SUPPORT ACTIVITIES

Novack and Macey LLP

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE |
|---|---|---|---|---|
| Seib, J | 9.00 | 1,485.00 | 720.00 | 765.00 |
| | 9.00 | $1,485.00 | $720.00 | $765.00 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE |
|---|---|---|---|---|
| Dispute with Morgan Stanley | 9.00 | 1,485.00 | 720.00 | 765.00 |
| | 9.00 | $1,485.00 | $720.00 | $765.00 |

(~) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL

EXHIBIT G

NOVACK AND MACEY RETENTION/COMPENSATION

Novack and Macey LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Novack, S | 18.30 | 9,262.50 |
| Tarkington, D | 15.00 | 7,800.00 |
| | 33.30 | $17,062.50 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Dispute with Morgan Stanley | 33.30 | 17,062.50 |
| | 33.30 | $17,062.50 |

EXHIBIT G

NOVACK AND MACEY RETENTION/COMPENSATION

Novack and Macey LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 09/03/10 Fri | Tarkington, D 32857/80 | 1.20 | 0.50 | 260.00 | 0.50 0.20 0.50 | F F F | 1 2 3 | MATTER NAME: Dispute with Morgan Stanley<br>READ BACKGROUND MATERIALS (.5);<br>TELEPHONE CONFERENCE WITH K. KANSAS REGARDING SAME (.2);<br>DRAFT DESCRIPTION OF WORK (.5). |
| 09/07/10 Tue | Tarkington, D 32857/90 | 2.50 | 0.20 | 104.00 | 1.00 0.20 1.30 | F F F | 1 2 3 | MATTER NAME: Dispute with Morgan Stanley<br>CONFLICT ANALYSIS (1.0);<br>EDIT DESCRIPTION OF ENGAGEMENT FOR PURPOSES OF RETENTION LETTER (.2);<br>READ BACKGROUND MATERIALS (1.3). |
| 09/08/10 Wed | Tarkington, D 32857/100 | 3.40 | 0.40 | 208.00 | 1.20 0.20 0.20 1.80 | F F F F | 1 2 3 4 | MATTER NAME: Dispute with Morgan Stanley<br>WORK ON CONFLICT CHECK (1.2);<br>WORK ON DESCRIPTION OF ENGAGEMENT (.2);<br>OFFICE CONFERENCE WITH SN REGARDING SAME (.2);<br>READ BACKGROUND DOCUMENTS (1.8). |
| 09/22/10 Wed | Tarkington, D 32857/200 | 1.50 | 1.50 | 780.00 | | | 1 | MATTER NAME: Dispute with Morgan Stanley<br>WORK ON MOTION TO APPROVE RETENTION. |
| 09/23/10 Thu | Novack, S 32857/240 | 3.50 | 1.70 | 1,105.00 | 1.50 0.30 1.70 | F F F | 1 2 3 | MATTER NAME: Dispute with Morgan Stanley<br>ATTEND MEETING WITH CLIENT AND DEBTOR'S COUNSEL REGARDING CASE BACKGROUND, ETC. (1.5);<br>CONFERENCE WITH DAT AND ATW REGARDING TO DO (.3);<br>WORK ON APPLICATION (1.7). |
| 09/23/10 Thu | Tarkington, D 32857/230 | 6.90 | 3.90 | 2,028.00 | 1.50 1.50 3.90 | F F F | 1 2 3 | MATTER NAME: Dispute with Morgan Stanley<br>MEETING WITH CLIENTS REGARDING CURRENT ISSUES AND BACKGROUND (1.5);<br>WORK ON CONFLICTS (1.5);<br>WORK ON RETENTION APPLICATION (3.9). |
| 09/24/10 Fri | Novack, S 32857/270 | 0.30 | 0.30 | 195.00 | | | 1 | MATTER NAME: Dispute with Morgan Stanley<br>WORK ON APPLICATION. |
| 09/24/10 Fri | Tarkington, D 32857/260 | 4.30 | 4.30 | 2,236.00 | | | 1 | MATTER NAME: Dispute with Morgan Stanley<br>WORK ON APPLICATION AND CONFLICTS. |
| 10/18/10 Mon | Tarkington, D 32857/680 | 2.50 | 1.40 | 728.00 | 0.10 0.20 0.20 0.80 1.20 | F F F F F | 1 2 3 4 5 | MATTER NAME: Dispute with Morgan Stanley<br>READ LITIGATION HOLD LETTER (.1);<br>READ AND COMMENT ON PROPOSED ORDER OF RETENTION (.2);<br>REVIEW DRAFT ORDER RELATING TO STANLEY AND TRUSTEE MOTIONS (.2);<br>READ AND COMMENT ON DISCIPLINE OF MORGAN STANLEY CLAIMS IN PLAN (.8);<br>CALL WITH CLIENTS REGARDING RETENTION AND CLAIMS (1.2). |
| 10/19/10 Tue | Tarkington, D 32857/700 | 1.30 | 1.10 | 572.00 | 1.10 0.20 | F F | 1 2 | MATTER NAME: Dispute with Morgan Stanley<br>EDIT DRAFT ORDER (1.1);<br>LITIGATION HOLD (.2). |

~  See the last page of exhibit for explanation

EXHIBIT G

NOVACK AND MACEY RETENTION/COMPENSATION

Novack and Macey LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 10/20/10 Wed | Novack, S 32857/730 | 0.10 | 0.10 | 65.00 | | | | MATTER NAME: Dispute with Morgan Stanley |
| | | | | | | | 1 | WORK ON DRAFT ORDER. |
| 10/20/10 Wed | Tarkington, D 32857/720 | 3.30 | 1.00 | 520.00 | | | | MATTER NAME: Dispute with Morgan Stanley |
| | | | | | 0.80 | F | 1 | OFFICE CONFERENCES WITH SN REGARDING LANGUAGE IN RETENTION ORDER (.8); |
| | | | | | 0.20 | F | 2 | REVIEW E-MAILS REGARDING SAME (.2); |
| | | | | | 2.00 | F | 3 | RESEARCH REGARDING PRIVILEGE ISSUES (2.0); |
| | | | | | 0.30 | F | 4 | TELEPHONE CONFERENCES WITH B. ERENS REGARDING MORGAN STANLEY ISSUES (.3). |
| 10/21/10 Thu | Novack, S 32857/760 | 1.20 | 1.20 | 780.00 | | | | MATTER NAME: Dispute with Morgan Stanley |
| | | | | | 0.50 | F | 1 | CONFERENCE WITH DAT REGARDING PROPOSED ORDER AND HEARING (0.5); |
| | | | | | 0.50 | F | 2 | TELEPHONE CONFERENCE WITH D. LIEBENTRITT REGARDING SAME (0.5); |
| | | | | | 0.20 | F | 3 | AND TELEPHONE CONFERENCE WITH J. BENDERNAGEL REGARDING SAME (0.2). |
| 10/21/10 Thu | Novack, S 32857/770 | 0.40 | 0.40 | 260.00 | | | | MATTER NAME: Dispute with Morgan Stanley |
| | | | | | | | 1 | PREPARE FOR HEARING. |
| 10/22/10 Fri | Novack, S 32857/790 | 6.50 | 6.50 | 4,225.00 | | | | MATTER NAME: Dispute with Morgan Stanley |
| | | | | | 3.50 | F | 1 | MEET WITH CLIENT AND CO-COUNSEL IN PREPARATION FOR HEARING (3.5); |
| | | | | | 3.00 | F | 2 | ATTEND COURT HEARING (3.0). |
| 10/22/10 Fri | Novack, S 32857/800 | 8.10 | 8.10 | 2,632.50 | | | | MATTER NAME: Dispute with Morgan Stanley |
| | | | | | | | 1 | TRAVEL TO/FROM WILMINGTON FOR HEARING. |
| 10/22/10 Fri | Tarkington, D 32857/780 | 0.20 | 0.20 | 104.00 | | | | MATTER NAME: Dispute with Morgan Stanley |
| | | | | | 0.10 | F | 1 | READ ORDER REGARDING RETENTION (.1); |
| | | | | | 0.10 | F | 2 | OFFICE CONFERENCE WITH SN REGARDING RETENTION HEARING AND ORDER (.1). |
| 10/25/10 Mon | Tarkington, D 32857/810 | 0.10 | 0.10 | 52.00 | | | | MATTER NAME: Dispute with Morgan Stanley |
| | | | | | | | 1 | REVIEW ORDER REGARDING RETENTION AND OFFICE CONFERENCE WITH SN REGARDING SAME. |
| 10/28/10 Thu | Tarkington, D 32857/840 | 4.70 | 0.40 | 208.00 | | | | MATTER NAME: Dispute with Morgan Stanley |
| | | | | | 0.20 | F | 1 | TELEPHONE CONFERENCES WITH J. BENDERNAGEL REGARDING OPEN ISSUES (.2); |
| | | | | | 0.90 | F | 2 | EDIT COMMON INTEREST AGREEMENT (.9); |
| | | | | | 0.90 | F | 3 | TELEPHONE CONFERENCES WITH T. MACAULEY REGARDING MORGAN STANLEY CLAIMS, ETC. (.9); |
| | | | | | 0.40 | F | 4 | TELEPHONE CONFERENCES WITH K. KANSA REGARDING GOLDEN'S OBJECTIONS TO RETENTION DISCLOSURES (.4); |
| | | | | | 0.50 | F | 5 | TELEPHONE CONFERENCE WITH D. LIEBENTRITT REGARDING CALLS WITH KANSA AND MACAULEY AND WEIL (.5); |
| | | | | | 0.50 | F | 6 | OFFICE CONFERENCES WITH SN REGARDING PRIVILEGE ISSUES (.5); |
| | | | | | 1.30 | F | 7 | REVIEW FACTUAL BASIS FOR MORGAN STANLEY CLAIMS AND UCC'S DRAFT COMPLAINT (1.3). |

~  See the last page of exhibit for explanation

EXHIBIT G

NOVACK AND MACEY RETENTION/COMPENSATION

Novack and Macey LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|-------------|
|      |                 |             | 33.30 | $17,062.50 |     |   |             |
| Total |                |             |       |      |            |   |             |
| Number of Entries: | 19 |          |       |      |            |   |             |

EXHIBIT G

NOVACK AND MACEY RETENTION/COMPENSATION

Novack and Macey LLP

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Novack, S | 18.30 | 9,262.50 |
| Tarkington, D | 15.00 | 7,800.00 |
| | 33.30 | $17,062.50 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Dispute with Morgan Stanley | 33.30 | 17,062.50 |
| | 33.30 | $17,062.50 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS
F       FINAL BILL