IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
|  | Jointly Administered |
| Debtors. |  |

**SUPPLEMENTAL DECLARATION OF JOHN D. SHUGRUE IN CONNECTION WITH RETENTION AND EMPLOYMENT OF REED SMITH LLP AS SPECIAL COUNSEL TO THE DEBTORS FOR CERTAIN INSURANCE AND EMPLOYEE-RELATED MATTERS**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (N/A); KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

John D. Shugrue declares as follows:

1. I am admitted to practice in the State of Illinois and am a partner in the law firm of Reed Smith LLP ("Reed Smith"), which maintains an office for the practice of law at 10 South Wacker Drive, Chicago, Illinois 60606. I am an attorney-at-law, duly admitted and in good standing to practice in the courts of the State of Illinois, the United States Supreme Court, the United States Courts of Appeals for the Fifth Circuit and the Seventh Circuit, and the United States District Courts for the Northern and Central Districts of Illinois, the Western District of Michigan and the Eastern District of Wisconsin. Unless otherwise stated in this supplemental declaration (the "Supplemental Declaration"), and except for facts stated herein that are matters of public record, I have personal knowledge of the facts set forth herein.

2. I make this Supplemental Declaration in connection with Reed Smith LLP's retention and employment as special counsel to the Tribune Company, *et al.* (collectively the "Debtors" or "Tribune") in connection with certain insurance and employee-related matters. This Supplemental Declaration further supplements the Federal Rule of Bankruptcy Procedure 2014 disclosures set forth in (i) the Declaration of John D. Shugrue and Disclosure Statement of Reed Smith LLP Pursuant to Sections 327, 328(a), 329 and 504 of the Bankruptcy Code and Rules 2014(a) and 2016(b) of the Bankruptcy Rules in Support of Application for an Order Authorizing the Debtors and Debtors In Possession to Employ and Retain Reed Smith LLP as Special Counsel for Insurance Coverage Legal Matters Pursuant to 11 U.S.C. § 327(e) Nunc Pro Tunc to the Petition Date (the "Shugrue First Declaration") (attached to D.I. 145); (ii) the Supplemental Declaration of John D. Shugrue and Disclosure Statement of Reed Smith LLP, Special Counsel for Insurance Coverage Legal Matters, Submitted in Connection With Order Directing (I) Joint Administration of Chapter 11 Cases and (II) That Certain Orders and Other

---

Pleadings Entered or Filed in the Chapter 11 Cases of Tribune Company, *et al.*, Be Made Applicable to Chapter 11 Cases of Chicago National League Ball Club, LLC (the "Shugrue Second Declaration") (D.I. 2487); and (iii) the Affidavit of John D. Shugrue in Support of the Application of the Debtors for the Entry of Order Expanding the Scope of Retention and Employment of Reed Smith LLP as Special Counsel to the Debtors (the "Shugrue Affidavit"; D.I. 6069 and collectively with the Shugrue First Declaration and the Shugrue Second Declaration, the "Previous Shugrue Declarations").

3. After the filing of the Debtors' bankruptcy cases in 2008, the Debtors sought this Court's approval to retain Reed Smith as its special counsel for insurance coverage legal matters so that Reed Smith could continue to provide legal service with respect to various insurance coverage issues involving the Debtors during their bankruptcy case. This Court granted the Debtors' original application to retain Reed Smith as special counsel for insurance coverage legal matters in an Order dated February 3, 2009 (D.I 326). On October 22, 2010, this Court approved the Debtors' further application to expand Reed Smith's authorized retention so that Reed Smith could provide counsel to and/or otherwise represent the Debtors relating to certain discrete human resources and employee-related matters arising in the ordinary course of the Debtors' business at certain of the Debtors' business units (D.I. 6080).

4. I do not hold or represent and, to the best of my knowledge and information, no other attorney of Reed Smith holds or represents, any interest adverse to the Debtors or their estates with respect to any of the matters for which Reed Smith has been retained. Insofar as Reed Smith has been able to ascertain, neither I, nor Reed Smith, nor any member, counsel or associate thereof, has any connection with the Debtors in these cases, their creditors, or any other party in interest, or their respective attorneys or accountants, apart from

Pleadings Entered or Filed in the Chapter 11 Cases of Tribune Company, *et al.*, Be Made Applicable to Chapter 11 Cases of Chicago National League Ball Club, LLC (the "Shugrue Second Declaration") (D.I. 2487); and (iii) the Affidavit of John D. Shugrue in Support of the Application of the Debtors for the Entry of Order Expanding the Scope of Retention and Employment of Reed Smith LLP as Special Counsel to the Debtors (the "Shugrue Affidavit"; D.I. 6069 and collectively with the Shugrue First Declaration and the Shugrue Second Declaration, the "Previous Shugrue Declarations").

3. After the filing of the Debtors' bankruptcy cases in 2008, the Debtors sought this Court's approval to retain Reed Smith as its special counsel for insurance coverage legal matters so that Reed Smith could continue to provide legal service with respect to various insurance coverage issues involving the Debtors during their bankruptcy case. This Court granted the Debtors' original application to retain Reed Smith as special counsel for insurance coverage legal matters in an Order dated February 3, 2009 (D.I 326). On October 22, 2010, this Court approved the Debtors' further application to expand Reed Smith's authorized retention so that Reed Smith could provide counsel to and/or otherwise represent the Debtors relating to certain discrete human resources and employee-related matters arising in the ordinary course of the Debtors' business at certain of the Debtors' business units (D.I. 6080).

4. I do not hold or represent and, to the best of my knowledge and information, no other attorney of Reed Smith holds or represents, any interest adverse to the Debtors or their estates with respect to any of the matters for which Reed Smith has been retained. Insofar as Reed Smith has been able to ascertain, neither I, nor Reed Smith, nor any member, counsel or associate thereof, has any connection with the Debtors in these cases, their creditors, or any other party in interest, or their respective attorneys or accountants, apart from

Reed Smith's already-approved role as special counsel for insurance coverage and certain employee-related matter to the Debtors and except as may already be set forth in the Previous Shugrue Declarations and this Supplemental Declaration.

5. Recently, Reed Smith has been engaged by several parties that have been sued by Tribune creditors in fraudulent conveyance actions in connection with shareholdings cashed out in the 2007 Tribune leveraged buyout. Specifically, Reed Smith has been engaged to represent defendants in the following civil actions (the "Actions"):

| Civil Action | Reed Smith Client(s) |
| --- | --- |
| *Deutsche Bank Trust Co. America, et al. v. Alliance Capital Mgmt. LLC, et al.*, D. Del. No. 11-cv-612 (GMS) | Mellon Capital Management Corporation |
| *Deutsche Bank Trust Co. Americas v. Sowood Alpha Fund LP*, D. Del. No. 11-cv-618 (GMS) | Pershing, LLC and Jefferies & Company, Inc. |
| *Deutsche Bank Trust Co. Americas v. Verizon Inv. Mgmt. Corp.*, D. Del. No. 11-cv-613 (GMS) | BOA Pension T Rowe Price, Bank of America as Trustee to Lucy A O'Connor Trust, Bank of America as Trustee to Stephen L O'Connor Trust, Bank of America as Trustee to Trust Under Agreement FBO Craig P Emmons, Bank of America as Trustee to Trust Under Agreement E L Sanford by Children/Mason, Bank of America as Trustee to Trust Under Agreement E L Sanford Children/William, Bank of America as Trustee to Trust Under Agreement E L Sanford FAM FBO Mason, Bank of America as Trustee to Trust Under Agreement E L Sanford FAM FBO William, Bank of America as Trustee to Trust Under Agreement J Sanford Children/ADA, Bank of America as Trustee to Trust Under Agreement J Sanford Children/Mason, Bank of America as Trustee to Trust Under Agreement Sanford Children/William, and Bank of America as Trustee to U/A Carrington M. Lloyd, Jr. PLD |

- 5 -

| | |
|---|---|
| *Deutsche Bank Trust Co. Americas v. Abu Dhabi Inv. Auth..*, S.D.N.Y. No. 11-cv-4522 (NRB) | R K Mellon CTF #3 |

      6.    Reed Smith's specific involvement in the Actions has been disclosed to the Debtors and the Debtors have consented to Reed Smith's engagement in the Actions. Upon the Debtors' request, Reed Smith has imposed "ethical walls" between Reed Smith's attorneys and other employees working on the Actions and those representing the Debtors as special counsel.

      7.    If Reed Smith discovers any additional "connections," as contemplated within Federal Rule of Bankruptcy Procedure 2014(a), Reed Smith will file an additional disclosure with the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: September 1, 2011  
Chicago, Illinois

FOR REED SMITH LLP

*/s/ John D. Shugrue*  
John D. Shugrue, Esquire