# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,<br><br>Debtors. | Chapter 11<br><br>Cases No. 08-13141 (KJC)<br>Jointly Administered |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, on behalf of TRIBUNE COMPANY, et al.,<br><br>Plaintiff,<br><br>vs.<br><br>See Attached Exhibit A.,<br><br>Defendants. | Adv. Pro. No. Various (KJC)<br><br>**Hearing Date: October 4, 2011 at 10:00 a.m.**<br>**Objection Deadline: September 27, 2011 at 4:00 p.m.** |

## SECOND MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR EXTENSION OF TIME TO EFFECT SERVICE OF ORIGINAL PROCESS

The Official Committee of Unsecured Creditors (the "**Committee**") of Tribune Company and its various debtor-subsidiaries (collectively, the "**Debtors**" or "**Tribune**"), by and through its undersigned counsel, hereby moves this Court for entry of an Order pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, made applicable to this proceeding pursuant to Rule 7004(a)(1) of the Federal Rules of Bankruptcy Procedure, extending the time to complete service of process on the defendants in the above-captioned adversary proceedings, and respectfully submits as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

{698.001-W0016346.4}

## BACKGROUND

2. On December 8, 2008 (the "**Petition Date**"), the Debtors commenced their bankruptcy cases by each filing with the United States Bankruptcy Court for the District of Delaware (the "**Court**") a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. On December 18, 2008, the Office of the United States Trustee for the District of Delaware appointed the Committee.

4. On November 29, 2010, the Court entered the Order Granting Motion of the Official Committee of Unsecured Creditors for Entry of an Order Granting Leave, Standing and Authority to (A) Toll Certain Causes of Action Against the Debtors Professionals on Behalf of the Debtors' Estates Arising Under and Pursuant to 11 U.S.C. §§ 547 and 550 or, at the Committee's Option, (B) Commence, Prosecute, Settle and Recover Such Actions [D.I. 6657] (the "**Professionals Preference Standing Order**"). The Professionals Preference Standing Order granted the Committee authority to commence and prosecute causes of action under sections 547 and 550 against certain of the Debtors' professionals who received payments from Tribune in the ninety (90) days prior to the Petition Date (collectively, the "**Professional Defendants**").

5. Also on November 29, 2010, the Court entered the Order Granting Amended Motion of the Official Committee of Unsecured Creditors for Entry of an Order Granting Leave, Standing and Authority to Commence, Prosecute, Settle and Recover Certain Causes of Action on Behalf of the Debtors' Estates Arising Under and Pursuant to 11 U.S.C §§ 547 and 550 [D.I.

6658] (the "**Insiders Preference Standing Order**," together with the Professionals Preference Standing Order, the "**Preference Standing Orders**"). The Insiders Preference Standing Order granted the Committee authority to commence and prosecute causes of action under sections 547 and 550 of the Bankruptcy Code against certain current and former officers and directors and certain business entities for amounts received in the year prior to the Petition Date (collectively, the "**Insider Defendants**").

6. Complaints based on the legal actions identified in the Preference Standing Orders (together, the "**Preference Complaints**," each as identified in **Exhibit A** hereto) have now either been tolled or filed.[1]

7. In December 2010, solicitation commenced with respect to three competing plans: **(i)** the Debtor/Committee/Lender Plan; **(ii)** the Senior Noteholder Plan; and **(iii)** the Bridge Lender Plan. The Bridge Lender Plan was withdrawn on February 7, 2011.

8. The hearing on confirmation of **(i)** the Debtor/Committee/Lender Pan; and **(ii)** the Senior Noteholder Plan (collectively, the "**Plans**") was held on March 7, 2011 through March 18, 2011. Thereafter, on April 12, 2011, the Bankruptcy Court recommenced the final three days of evidentiary hearings to consider the Plans. Post-confirmation briefing has been completed and closing arguments were heard on June 27, 2011. The Court has not yet issued a ruling with respect to confirmation.

9. Confirmation of certain of the Plans may result in the claims against the Professional Defendants and Insider Defendants being released or otherwise mooted. The Debtor/Committee/Lender Plan, for example, provides that the claims set forth in the Preference

---

[1] Zuckerman Spaeder LLP does not represent the Committee with respect to the prosecution of the identified Preference Complaints against Katten Muchin Rosenman LLP and Paul, Hastings, Janofsky & Walker LLP.

Complaints shall be retained by the Debtors and their estates. *See* Debtor/Committee/Lender Plan, Section 5.16. As the successors in interest to the Debtors and their estates, the Reorganized Debtors may enforce, sue on, settle, compromise or outright dismiss such claims. *See id.*

10. In consideration of the above, and to ensure the efficient use of the estates' resources, the Preference Standing Orders provide that the prosecution of the Preference Complaints is stayed, subject to certain limited exceptions, pending a resolution of the proposed Plans. *See* Professionals Preference Standing Order at p.3; Insiders Preference Standing Order at p.3. The Preference Standing Orders also provide that the Committee may take such steps as are necessary for the purpose of preventing applicable statutes of limitations or other time related defenses from barring any of the claims asserted. *See* Professionals Preference Standing Order at p.3; Insiders Preference Standing Order at p.3.

11. On January 13, 2011, the Court entered the Order Granting Motion for Extension of Time to Complete Service in Adv. Proc. Nos. 10-53963 and 10-54010 [Docket No. 7457] (the "**January 2011 Service Extension Order**"). The time to effectuate service was extended six months, to and including September 1, 2011 for, among other reasons, because the defendants have not all yet been identified. *See* January 2011 Service Extension Order at 2; Motion of the Official Committee of Unsecured Creditors for Extension of Time to Complete Service at ¶¶ 6-8 [Docket No. 7124].

12. Since confirmation may result in certain of these claims being released, on February 11, 2011, the Committee filed the Motion of the Official Committee of Unsecured Creditors for Extension of Time to Effect Service of Original Process [Docket No. 7917] to extend the time to effectuate service of the Preference Complaints to and including October 4,

2011 or October 6, 2011, as determined based on the date each of the Preference Complaints was filed.[2]

13. On February 25, 2011, the Committee filed a Certification of No Objection and of Counsel Regarding Motion of the Official Committee of Unsecured Creditors for Extension of Time to Effect Service of Original Process and Submitting Revised Form of Proposed Order [Docket No. 8137].

14. On February 25, 2011, the Court entered the Revised Order Granting for Extension of Time to Effect Service of Original Process [Docket No. 8145], extending the time to effectuate service of the Preference Complaints to and including October 4, 2011 or October 6, 2011, as determined based on the date each of the Preference Complaints was filed.

15. On July 22, 2011, the Court entered the Order Granting Motion For Extension of Time to Complete Service [Docket No. 9536], which extended the time to effectuate service in Adv. Proc. No. 10-54010 to and including March 1, 2012.

16. On August 3, 2011, the Court entered the Order Granting Motion for Extension of Time to Complete Service [Adv. Docket No. 661], which extended the time to effectuate service in Adv. Proc. No. 10-53963 to and including March 1, 2012.

### RELIEF REQUESTED

17. By this Motion, the Committee respectfully requests that the Court enter an Order extending the time to effectuate service under Fed. R. Civ. P. 4(m) by approximately 150 days, to and including March 1, 2012.

---

[2] The Preference Complaints were filed over a several day period: December 3-5, and 7, 2010. This Motion seeks to extend the servcie date for all complaints through and including March 1, 2012, in order to keep all adversary proceedings on the same track, including Adversary Proceeding Nos. 10-54010 and 10-53963, for which the service deadlines have previously been extended to March 1, 2012.

## APPLICABLE AUTHORITY

18. Fed. R. Civ. P. 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

19. Accordingly, this Court must first determine whether good cause exists for failure to serve. *See Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997); *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). If good cause exists, this Court must extend the time for service pursuant to Fed. R. Civ. P 4(m). *See id.* If good cause does not exist, this Court nevertheless has discretion to extend the time for service. *See id.*; *PCT v. New England Confectionary Co. (In re Fleming Cos.)*, No. 05-78096, 2006 WL 1062476, at *1 (Bankr. D. Del. Apr. 20, 2006).

20. In the Third Circuit, where a plaintiff demonstrates good cause, a court *must* grant an extension of time to effectuate service under Rule 4(m). *See McCurdy v. Amer. Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998); *Petrucelli*, 46 F.3d at 1308. Even in circumstances where good cause does not exist, a court has full discretion to approve an extension.

21. To establish good cause, the plaintiff must demonstrate "good faith and some reasonable basis for noncompliance within the time specified by the rule." *See Cain v. Abraxas*, 209 Fed. Appx. 94, 96 (3d Cir. 2006) (citing *MCI Telecom. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995)); *In re Lenox Healthcare, Inc.*, 319 B.R. 819, 822-23 (Bankr. D. Del. 2005).

22. Taking all relevant circumstances into consideration, courts should extend the time to serve when "counsel exhibits substantial diligence, professional competence and good faith." *See In re Lenox Healthcare*, 319 B.R. at 822 (citing, *inter alia, Consolidated Freightways Corp. v. Larson*, 827 F.3d 916, 919-20 (3d Cir. 1987)); 10 Collier on Bankruptcy, 9006.06 [3], at 9006-14 (15th rev. ed. 2001).

## ARGUMENT

23. Here, the current posture of the bankruptcy cases presents circumstances that provide good cause for extending the deadline to serve the Professional Defendants and Insider Defendants. Under the Debtor/Committee/Lender Plan, the Reorganized Debtors will ultimately succeed as plaintiffs to the Preference Complaints. The Reorganized Debtors will have ample reasons to carefully formulate an approach to the prosecution or settlement of the Preference Complaints, and to the handling of the Professional Defendants and Insider Defendants, many of whom have important, ongoing relationships with the Reorganized Debtors. Immediate prosecution of the Preference Complaints by the Committee could hinder or negatively impact the Reorganized Debtors' efforts in this respect. An extension of time to complete service may alleviate the risks inherent with those tensions.

24. Furthermore, the Committee and the Debtors (along with the other major parties in the case), have been engaged in a contentious plan confirmation process that has involved countless pleadings, numerous disclosure statements, the competing proposed Plans, extensive discovery, mediation, litigation and more. All of the parties' efforts have been focused on the critical task at hand: confirming a plan of reorganization that will facilitate the Debtors' orderly exit from bankruptcy and possibly eliminate, reduce or moot the claims set forth in the Preference Complaints. With the Court's ruling on confirmation pending, the immediate

prosecution by the Committee of the Preference Complaints against the Professional Defendants and Insider Defendants could result in the needless expenditure of the estates' resources that may not ultimately result in additional recoveries for creditors.

25.     For all of these reasons, the good cause requirement is easily satisfied and the requested extension of time should be granted. Preserving good relations with employees, retirees, and professionals who continue to work with the Debtors is very important, especially where the underlying preference claims at issue may never be prosecuted. The Court has previously granted similar relief with respect to Adv. Proc. Nos. 10-53963 and 10-54010.

26.     Alternatively, even if the Court were to find that good cause, as a matter of law, does not exist, it may still grant the requested extension. Such relief is a permissible exercise of this Court's broad power to control its schedule and docket. *See Texaco, Inc. v. Borda*, 383 F.2d 607, 608 (3d Cir. 1967). For the above stated reasons, permitting the relief sought herein is an eminently reasonable exercise of that power.

WHEREFORE, the Committee respectfully requests that the Court enter an Order substantially in the form attached hereto as **Exhibit B**, extending the time to effect service of the Complaints by approximately 150 days, to and including March 1, 2012.

Dated: September 14, 2011
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_____
Adam G. Landis (No. 3407)
Richard S. Cobb (No. 3157)
James S. Green, Jr. (No. 4406)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

*Counsel to the Official Committee of Unsecured Creditors*

- and -

Graeme W. Bush
James Sottile
**ZUCKERMAN SPAEDER LLP**
1800 M Street, Suite 1000
Washington, DC 20036
Telephone: (202) 778-1800
Facsimile: (202) 822-8106

*Special Counsel to the Official Committee of Unsecured Creditors*