# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Hearing Date: October 19, 2011 at 2:00 p.m. ET**<br>**Objection Deadline: October 6, 2011 at 4:00 p.m. ET** |

## APPLICATION OF SNR DENTON US LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED AS ORDINARY COURSE COUNSEL TO THE DEBTORS DURING THE PERIOD FROM MAY 1, 2011 THROUGH JUNE 30, 2011

SNR Denton US LLP (f/k/a Sonnenschein Nath & Rosenthal LLP, "SNR"),

ordinary course counsel in connection with certain corporate and litigation matters to the debtors

and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),

respectfully submits this application (the "Application"), pursuant to (i) sections 327, 331, and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

503 of title 11 of the United States Code (the "Bankruptcy Code"), (ii) Rule 2016 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-2 of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "Local Rules"), (iv) the Order Authorizing the Debtors to Retain, Employ, and

Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business

(D.I. 227) (the "OCP Order"), (v) the Order Establishing Procedures for Interim Compensation

and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11

U.S.C. §§ 105(a) and 331 (D.I. 225) (the "Interim Compensation Order"), as amended, and (vi)

the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and

Reimbursement of Expenses for Professionals and Consideration of Fee Applications (D.I. 546)

(the "Fee Examiner Order") for (a) the allowance of fees in the aggregate amount of

$114,646.50, and expenses in the aggregate amount of $1,778.94 for services rendered to the

Debtors during the period from May 1, 2011 through June 30, 2011; (b) the payment of the

remaining unpaid invoices attached as Exhibit B to this Application for time incurred in the

months of May and June 2011 in the aggregate amount of $88,290.00 in fees and $1,757.52 in

expenses; and (c) the limited waiver of the procedures for the approval and payment of

professional compensation and consideration of fee applications set forth in the Interim

Compensation Order and the Fee Examiner Order with respect to this Application (as discussed

at paragraph 14, infra).  In support of the Application, SNR respectfully states as follows:

## BACKGROUND OF THE CASES

1.      On December 8, 2008 (the "Petition Date"), Tribune Company

("Tribune") and certain of its subsidiaries each filed a voluntary petition for relief under chapter

2

11 of the Bankruptcy Code.  An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.  In all, the

Debtors comprise 111 entities.

        2.      The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  (D.I. 43,

2333.)

        3.      The Debtors have continued in possession of their respective properties

and have continued to operate and maintain their businesses as debtors in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.

        4.      On December 18, 2008, the Office of the United States Trustee appointed

an official committee of unsecured creditors (the "Committee").

        5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this

Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief

sought herein are sections 327, 331, and 503 of the Bankruptcy Code, Rule 2016 of the

Bankruptcy Rules, and Rule 2016-2 of the Local Rules.

## PROCEDURAL BACKGROUND FOR THE APPLICATION

        6.      On December 26, 2008, the Debtors filed the Motion for an Order

Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by

the Debtors in the Ordinary Course of Business Pursuant to Sections 105(a), 327, 328, and 330

of the Bankruptcy Code (D.I. 148) (the "OCP Motion").  In the OCP Motion, the Debtors sought

approval of this Court to employ and retain the Ordinary Course Professionals[3] to provide

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

[3] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the OCP Motion

services to the Debtors as necessary for the day-to-day operations of the Debtors' businesses on terms substantially similar to those in effect prior to the Petition Date. Exhibit A to the OCP Motion contained a list of such Ordinary Course Professionals sought to be retained by the Debtors, including SNR.[4] On January 15, 2009, this Court granted the OCP Order approving procedures for the employment, retention, and compensation of the Ordinary Course Professionals. (D.I. 227.)

7.      Retention and compensation of the Ordinary Course Professionals is subject to the terms and conditions described in the OCP Order, including a Monthly Cap on the fees permitted to be paid to such Ordinary Course Professionals, per month on average over a rolling three-month period for Monthly Caps that are less than $50,000 per month, or a rolling two-month period for Monthly Caps of $50,000 per month. Expenses are not considered for the purpose of calculating the applicable Monthly Cap. SNR was retained by the Debtors with respect to certain First Amendment, litigation and outsourcing matters (collectively, the "Tribune Representations") in the ordinary course of business, with a Monthly Cap of $50,000.

8.      The OCP Order provides that in the event the fees incurred and invoiced by any Ordinary Course Professional exceed the applicable Monthly Cap, such Ordinary Course Professional shall be required to seek the Court's approval of all fees invoiced for that month in accordance with the procedures set forth in the Interim Compensation Order and the Fee Examiner Order.

---

and OCP Order.

[4] Exhibit A to the OCP Motion has been subsequently supplemented and amended by the Debtors to add additional Ordinary Course Professionals or to seek increases to the Monthly Cap applicable to existing Ordinary Course Professionals. (See D.I. 544, 877, 1086, 1756, 1826, 1887, 2283, 2412, 2865, 3222, 3861, 4214, 4607, 4614 and 5846.)

## BACKGROUND CONCERNING THE RELIEF REQUESTED

9.    During the period covered by this Application, SNR represented the

Debtors with respect to various Tribune Representations that have arisen or have resulted in

unanticipated legal costs subsequent to the Petition Date.  These have included, but are not

limited to, the representation of one or more of the Debtors in connection with subpoenas issued

for a reporter's notes, the representation of one or more of the Debtors in connection with an

appeal of a reporter's FOIA request, the briefing in the Seventh Circuit for University of

Illinois's appeal regarding releases of university records under the Federal Educational Rights

and Privacy Act, the representation of one or more of the Debtors in connection with negotiating

transactions with various counterparties, defending one or more of the Debtors in a breach of

contract case, and providing one or more of the Debtors legal advice on editorial and publication

issues.  These representations of the Debtors by SNR, taken together with SNR's representations

of the Debtors in connection with the pre-existing Tribune Representations, caused SNR's fees to

exceed the Monthly Cap of $50,000 in the months of March and April 2011.

10.    Specifically, the Debtors have reviewed invoices submitted to them by

SNR for fees incurred during the month of May 2011 and have approved and necessary and

proper fees in the amount of $63,879.00 and expenses in the amount of $542.72.  For the month

of June 2011, the Debtors have approved as necessary and proper fees incurred by SNR in the

amount of $50,767.50 and expenses in the amount of $1,236.22.  The Debtors have previously

paid certain of the May 2011 invoices attached as Exhibit A hereto.  The majority of invoices

from the months of May and June 2011, however, remain unpaid and are attached hereto as

Exhibit B.  These invoices total $88,290.00 in aggregate fees and $1,757.52 in aggregate

expenses for services rendered to the Debtors in May and June 2011.

46429/0001-7907074v1

11.    The Debtors have informed SNR that SNR has exceeded its Monthly Cap

of $50,000 in each of the months of May and June 2011.  The Debtors have advised SNR that

because the aggregate fees incurred in the months of May and June 2011 exceeded the firm's

applicable Monthly Cap, SNR is required to seek the Court's allowance of the entire amount of

the firm's May and June 2011 invoices.

## RELIEF REQUESTED

12.    By this Application, SNR seeks (i) the allowance of fees in the amount of

$63,879.00 and expenses in the amount of $542.72 for services rendered to Debtors during the

month of May 2011; (ii) the allowance of fees in the amount of $50,767.50 and expenses in the

amount of $1,236.22 for services rendered to the Debtors during the month of June 2011; (iii) the

payment of remaining unpaid invoices included as Exhibit B to this Application for time incurred

in the months of May and June 2011 in the aggregate amount of $88,290.00 in fees and

$1,757.52 in expenses and (iv) a limited waiver of the procedures for the approval and payment

of professional compensation and consideration of fee applications set forth in the Interim

Compensation Order and the Fee Examiner Order with respect to this Application.  Additional

information as required by Local Rule 2016-2(c), (d), and (e) relating to the fees and expenses

requested herein is provided on Exhibits A-D to this Application.[5]

## BASIS FOR RELIEF REQUESTED

13.    The net effect of the increased activity in the various Tribune

Representations on which SNR represents the Debtors in the months of May and June 2011 has

---

[5] Most of the services that SNR renders to the Debtors are billed on an hourly basis.  SNR and the Debtors, however, have agreed to certain fixed fee arrangements for certain First Amendment access motions.  Two such fixed fee matters are included in the attached invoices -- one for $7,500.00 (Invoice No. 1302870), the second for $7,500.00 (Invoice No. 1303450).  Notwithstanding that these two matters are fixed fee matters, SNR has attached the applicable time entries relating to such matters as part of Exhibits A and B.  During the month of June 2011, SNR and the Debtors mutually agreed not to bill one First Amendment access motion matter (corresponding to Invoice No. 1311855 in the amount of $1,422.50) as a fixed fee matter (per usual practice) and instead to bill it as a regular matter due to the nature of the specific motion and the amount of work involved in the matter.

46429/0001-7907074v1

been a correspondingly greater-than-anticipated expenditure of time and services by SNR.  SNR

contends that the services rendered have been fair and reasonable and well within the range of

fees that would be charged by similar corporate and litigation counsel for matters of this type.

Further, SNR submits that the Debtors' estates have benefited from the legal services that SNR

has provided to the Debtors with respect to the Tribune Representations.

### Request for Limited Waiver of Interim Compensation Procedures

14.    In the past, this Court has granted limited waivers of the otherwise-

applicable procedures for compensation and reimbursement of expenses for professionals and

consideration of fee applications set forth in this Court's Interim Compensation Order and Fee

Examiner Order with respect to fee applications submitted by the Debtors' Ordinary Course

Professionals.[6]  SNR respectfully submits that good cause similarly exists for the Court to grant a

limited waiver from such procedures to reduce the additional costs and delay of obtaining

approval and payment of such amounts, solely for the purpose of permitting the Debtors to pay

SNR the full amount of the fees and expenses it incurred during the period from May 1, 2011

through June 30, 2011, rather than requiring SNR to seek approval of its fee on an interim basis

subject to a 20% holdback and to seek the Court's allowance of such fees and expenses on a

quarterly basis subject to the Fee Examiner's review and report.  Such fees and costs were

incurred several months prior to when the Debtors determined that it would be necessary for

---

[6] See, e.g., Order Granting First and Final Application of Day Pitney LLP for Compensation and Reimbursement of Expenses (D.I. 5690); Order Allowing Payment of Compensation to Downey, Smith & Fier For Services Rendered to Debtor Los Angeles Times Communications LLC in the Ordinary Course of Business (D.I 5433); Order Allowing Compensation and Reimbursement of Expenses to Levine Sullivan Koch & Schultz as Ordinary Course Counsel to the Debtors for Certain Litigation Matters (D.I. 5313); Order Allowing Compensation and Reimbursement of Expenses to Offit Kurman as Ordinary Course Counsel to the Debtors for Certain Labor-Related Matters (D.I. 4773); Order Allowing Compensation to Thomas & LoCicero PL for Services Rendered as Ordinary Course Counsel to the Debtors for Certain Litigation Matters (D.I. 4411); Order Allowing Compensation to Corporate Tax Management, Inc. for Services Rendered as Tax Advisors to Debtor Los Angeles Times Communication LLC in the Ordinary Course of Business (D.I. 3807); Order Allowing Payment of Fees and Expenses to Horwood, Marcus & Berk Chartered for Services Rendered to the Debtors in the Ordinary Course of Business (D.I. 3425); Order Allowing Payment of Contingency Fee to Downey, Smith & Fier For Services Rendered to Debtor Los Angeles Times Communications LLC in the Ordinary Course of Business (D.I. 849).

SNR to file this Application to seek the Court's approval of the fees requested, and SNR

understands that it may be several additional months before this Court will consider

professionals' fee applications for the period covered by this Application.  In the alternative,

SNR requests that the Court consider this Application at the next hearing scheduled for the

consideration of interim fee applications.

<u>**Payment from Debtors; No Sharing of Compensation**</u>

15.     SNR has received no payment and no promises of payment from any

source other than the Debtors for services rendered as an Ordinary Course Professional to the

Debtors in these chapter 11 cases.  There is no agreement between SNR and any other party for

the sharing of compensation to be received for the services rendered by SNR to the Debtors.  All

professional and paraprofessional services for which compensation is sought herein were

rendered solely for or on behalf of the Debtors.

<u>**REVIEW OF APPLICABLE LOCAL RULE**</u>

16.     The undersigned has reviewed the requirements of Local Rule 2016-2 and

certifies to the best of her information, knowledge and belief that this Application complies with

the requirements of Local Rule 2016-2.

17.     The undersigned further certifies that the Debtors have had an opportunity

to review this Application before it was filed with the Court.

<u>**NO PRIOR REQUEST**</u>

18.     No previous application with respect to the relief requested herein has

been made to this or any other Court.

46429/0001-7907074v1

WHEREFORE, after appropriate notice and hearing, SNR respectfully requests the Court enter an order (i) allowing fees in the amount of $63,879.00 and expenses in the amount of $542.72 for services rendered to Debtors during the month of May 2011; (ii) allowing fees in the amount of $50,767.50 and expenses in the amount of $1,236.22 for services rendered to the Debtors during the month of June 2011; (iii) authorizing the Debtors to pay the unpaid invoices for time incurred in the months of May and June 2011 in the aggregate amount of $88,290.00 and $1,757.52 in expenses; (iv) waiving the procedures for compensation and reimbursement of expenses for professionals and consideration of fee applications set forth in this Court's Interim Compensation Order and Fee Examiner Order with respect to this Application, and (v) granting such further relief as is just and proper.

Dated: September 16, 2011

Respectfully submitted,

_/s/ Stefanie L. Wowchuk___
Stefanie L. Wowchuk
SNR DENTON US LLP
233 S. Wacker Drive
Suite 7800
Chicago, IL 60606
Telephone: 312-876-2569
Facsimile:  312-876-7934

46429/0001-7907074v1