## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

TRIBUNE COMPANY, et al.,[1]

Debtors.

Chapter 11

Case No. 08-13141 (KJC)

Jointly Administered

**Hearing Date: October 19, 2011 at 2:00 p.m. ET**
**Objection Deadline: October 12, 2011 at 4:00 p.m. ET**

---

### DEBTORS' FORTY-SEVENTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003 AND 3007, AND LOCAL RULE 3007-1

### ("NO LIABILITY CLAIMS")

> Claimants receiving this objection should locate their name(s) and claim number(s) on **Exhibit A** to this Objection. The grounds for the Objection are set forth herein and on **Exhibit A**.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-7911941V1

> **The relief sought herein is without prejudice to the Debtors' rights to pursue further substantive or non-substantive objections to the claims listed on <u>Exhibit A</u> to this Objection.**

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "<u>Debtor</u>" and, collectively, the "<u>Debtors</u>"), by and through their undersigned counsel, hereby file this forty-seventh omnibus objection (the "<u>Objection</u>") to claims filed against the Debtors for which no liability is reflected in the Debtors' books and records (collectively, the "<u>No Liability Claims</u>"). The No Liability Claims are set forth on <u>Exhibit A</u> attached hereto and to the proposed order submitted herewith, and this Objection is submitted pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 3001, 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"). By this Objection, the Debtors request the entry of an order disallowing and expunging the No Liability Claims as indicated in further detail below. In support of this Objection, the Debtors rely on the Declaration of John Rodden, Vice President of Tribune Company (the "<u>Rodden Declaration</u>"), attached hereto as <u>Exhibit B</u>. In further support of the Objection, the Debtors respectfully state as follows:

**STATUS OF THE CASE AND JURISDICTION**

1.      On December 8, 2008 (the "<u>Petition Date</u>"), Tribune Company ("<u>Tribune</u>") and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 111 entities.

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

46429/0001-7911941V1

2.     The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). [Docket Nos. 43, 2333].

3.     The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.     On December 18, 2008, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee").

5.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1.

## FACTUAL BACKGROUND TO THE DEBTORS' CLAIMS PROCESS

6.     On March 23, 2009, the Debtors filed their schedules of assets and liabilities and statements of financial affairs (D.I. 567-789), which were subsequently amended on April 13, 2009 (D.I. 894-957), June 12, 2009 (D.I. 1343-1453), March 2, 2010 (D.I. 3548-3599), May 14, 2010 (D.I. 4388), and January 28, 2011 (D.I. 7661-7671) (collectively, the "Schedules").[3]

7.     On March 26, 2009, the Court entered an order (the "Bar Date Order") (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising

---

[3] Tribune CNLBC, LLC filed its schedules of assets and liabilities and statements of financial affairs on October 12, 2009 (CNLBC D.I. 8 and 9), which were subsequently amended on December 9, 2009 (D.I. 2779), May 14, 2010 (D.I. 4389), and January 28, 2011 (D.I. 7665).

3

on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11

cases and (ii) approving the form and manner of notice of the Bar Date.[4]

8.        Written notice of the Bar Date was mailed to, among others, all known

creditors listed on the Schedules, as amended, and the Bar Date Order was served on all parties

who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date

Order.  In addition to mailing such actual notice, the Debtors also published notice of the Bar

Date in the National Editions of the *Wall Street Journal* and the *New York Times* and in the

*Chicago Tribune* and *Los Angeles Times* on May 12, 2009.

9.        To date, approximately 6,800 Proofs of Claim have been filed in these

chapter 11 cases.  The Proofs of Claim are recorded on the official claims register (the "Claims

Register") maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors to

assist with claims processing in these chapter 11 cases (the "Claims Agent").

## RELIEF REQUESTED

10.        By this Objection, the Debtors seek entry of an order, pursuant to section

502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1,

disallowing and expunging in their entirety each of the No Liability Claims identified on Exhibit

A on the basis that, after reconciling each of the No Liability Claims and supporting materials

against their books and records, the Debtors have determined that they are not liable with respect

to the claims identified in Exhibit A for the reasons specified on Exhibit A for each respective

claim.  Failure to disallow the No Liability Claims would result in the applicable claimants

receiving an unwarranted recovery against the estate of the applicable Debtor(s), to the detriment

of other creditors in these cases.  Accordingly, the Debtors request entry of the Order disallowing

---

[4]  The Bar Date for the filing of Proofs of Claim against Tribune CNLBC, LLC was July 26, 2010.  *See* Order
Establishing Bar Date for Filing Proofs of Claim in the Tribune CNLBC, LLC Bankruptcy Case and Approving the
Form and Manner of Notice Thereof entered on June 7, 2010 (D.I. 4709).

4

in full and expunging each of the No Liability Claims identified in <u>Exhibit A</u> to this Objection

and to the Order. This Objection complies with Local Rule 3007-1 in all respects.

### BASIS FOR OBJECTION

11.    Section 502(b) of the Bankruptcy Code provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a
> hearing, shall determine the amount of such claim in lawful
> currency of the United States as of the date of the filing of the
> petition, and shall allow such claim in such amount, except to the
> extent that—
>> (1)    such claim is unenforceable against the debtor and
>> property of the debtor, under any agreement or applicable
>> law for a reason other than because such claim is
>> contingent or unmatured . . . .

11 U.S.C. § 502(b)(1). Section 502(b)(1) recognizes the settled principle that "[c]reditors'

entitlements in bankruptcy arise in the first instance from the underlying substantive law creating

the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code."

<u>Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.</u>, 549 U.S. 443, 450-51 (2007) (citing

<u>Raleigh v. Ill. Dep't of Revenue</u>, 530 U.S. 15, 20 (2000)). Pursuant to section 558 of the

Bankruptcy Code, "[t]he estate shall have the benefit of any defense available to the debtor as

against any entity other than the estate, including statutes of limitation, statutes of frauds, usury,

and other personal defenses." 11 U.S.C. § 558.

12.    In connection with their review of all Proofs of Claim filed to date against

the Debtors' estates, the Debtors have identified eighteen (18) claims, in the aggregate amount of

approximately $111,110.95 (plus unliquidated or unspecified amounts) as No Liability Claims.

The Debtors have diligently reviewed their books and records and have undertaken a reasonable

investigation of the No Liability Claims based on the information, if any, provided in the

applicable proofs of claim. Based on that review, the Debtors believe that they are not liable for

the No Liability Claims because the Debtors' books and records, which the Debtors believe to be

5

accurate, do not reflect that any prepetition amounts are due and owing on account of the No

Liability Claims. Accordingly, the Debtors object to the allowance of each of the No Liability

Claims set forth on Exhibit A for the reasons specified on Exhibit A for each respective claim and

request that such No Liability Claims be disallowed in their entirety and expunged. The Debtors

also request that the Court authorize the Claims Agent to expunge the No Liability Claims from

the Claims Register as sought by this Objection so that the Claims Register reflects more

accurately the claims legitimately asserted and outstanding against the Debtors.

## RESERVATION OF RIGHTS

13.     The Debtors hereby reserve their right to amend, modify, and/or

supplement this Objection at any time prior to the hearing on this Objection. The Debtors further

reserve their right to adjourn the hearing on this Objection as it pertains to any or all of the No

Liability Claims. In the event that the Debtors so adjourn the hearing, they will state that the

hearing on the Objection and/or any response filed in connection therewith and/or all applicable

deadlines for responsive pleadings have been adjourned on the agenda for the hearing, which

agenda will be served on any party affected by such adjournment.

## NOTICE

14.     Notice of this Objection has been provided to: (i) the Office of the United

States Trustee; (ii) counsel for the Committee; (iii) counsel for the administrative agents for

Tribune Company's prepetition loan facilities; (iv) counsel for the administrative agent for the

Debtors' postpetition financing facility; (v) the claimants listed on Exhibit A; and (vi) all parties

requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b).

In light of the nature of the relief requested herein, the Debtors submit that no other or further

notice is necessary.

6

## NO PRIOR REQUEST

15.    No previous application for the relief sought herein has been made to this

Court or to any other court.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request

that the Court enter an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy

Rules 3003 and 3007, and Local Rule 3007-1, (i) disallowing in full and expunging the No

Liability Claims as set forth on Exhibit A; (ii) directing the Claims Agent to expunge the No

Liability Claims from the Claims Register; and (iii) granting such other and further relief as the

Court deems just and proper.

Dated: Wilmington, Delaware          Respectfully submitted,
       September 19, 2011

                                     SIDLEY AUSTIN LLP
                                     James F. Conlan
                                     Bryan Krakauer
                                     Kenneth P. Kansa
                                     Jillian K. Ludwig
                                     One South Dearborn Street
                                     Chicago, Illinois 60603
                                     Telephone: (312) 853-7000
                                     Facsimile:  (312) 853-7036

                                          -and-

                                     COLE, SCHOTZ, MEISEL,
                                     FORMAN & LEONARD, P.A.

                                     By: _____
                                     Norman L. Pernick (No. 2290)
                                     J. Kate Stickles (No. 2917)
                                     Patrick J. Reilley (No. 4451)
                                     500 Delaware Avenue, Suite 1410
                                     Wilmington, Delaware 19801
                                     Telephone: (302) 652-3131
                                     Facsimile:  (302) 652-3117

                                     ATTORNEYS FOR DEBTORS
                                     AND DEBTORS IN POSSESSION

46429/0001-7911941V1