# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Local Rule 2016 Waiver Requested** |
| | Hearing Date: November 22, 2011 at 2:00 p.m. ET |
| | Objection Deadline: October 11, 2011 at 4:00 p.m. ET |

## APPLICATION OF MORRISON & HEAD FOR ALLOWANCE AND PAYMENT OF COMPENSATION FOR SERVICES RENDERED AS ORDINARY COURSE COUNSEL TO ORLANDO SENTINEL COMMUNICATIONS COMPANY AND SEEKING LIMITED WAIVERS OF COMPLIANCE WITH (I) THIS COURT'S INTERIM COMPENSATION ORDER AND FEE EXAMINER ORDER AND (II) DEL. BANKR. L.R. 2016-2(d) IN ACCORDANCE WITH DEL. BANKR. L.R. 2016-2(g)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-7910491v1

Morrison & Head (the "Firm"), property tax consultants for Orlando Sentinel Communications Company (the "Sentinel"), one of the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors") respectfully submits this application (the "Application"), pursuant to (i) sections 327, 331, and 503 of title 11 of the United States Code (the "Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (iv) the Order Authorizing the Debtors to Retain, Employ, and Compensation Certain Professionals Utilized by the Debtors in the Ordinary Course of Business (D.I. 227) (the "OCP Order"), (v) the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (D.I. 225) (the "Interim Compensation Order"), as amended, and (vi) the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications (D.I. 546) (the "Fee Examiner Order") for (a) the allowance of fees in the aggregate amount of $98,250.00 relating to property tax refunds and property tax reductions received by the Sentinel; (b) for a limited waiver of the procedures for the approval and payment of professional compensation and consideration of fee applications set forth in the Interim Compensation Order and the Fee Examiner Order with respect to this Application (as discussed at paragraphs 15 and 16, infra); and (c) waiving the informational requirements of Local Rule 2016-2(d) (as discussed at paragraphs 17 and 18, infra). In support of the Application, Morrison & Head respectfully states as follows:

## BACKGROUND OF THE CASES

1.  On December 8, 2008 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor,

Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 111 entities.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). (D.I. 43, 2333.)

3. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee").

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 327, 331, and 503 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-2 of the Local Rules.

**PROCEDURAL BACKGROUND FOR THE APPLICATION**

6. On December 26, 2008, the Debtors filed the Motion for an Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code (D.I. 148) (the "OCP Motion"). In the OCP Motion, the Debtors sought approval of this Court to employ and retain the Ordinary Course Professionals[3] to provide

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.
[3] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the OCP Motion and OCP Order.

services to the Debtors as necessary for the day-to-day operations of the Debtors' businesses on terms substantially similar to those in effect prior to the Petition Date. Exhibit A to the OCP Motion contained a list of such Ordinary Course Professionals sought to be retained by the Debtors, including Morrison & Head.[4] On January 15, 2009, this Court entered the OCP Order approving procedures for the employment, retention, and compensation of the Ordinary Course Professionals.

7. Retention and compensation of the Ordinary Course Professionals is subject to the terms and conditions described in the OCP Order, including a Monthly Cap on the fees permitted to be paid to such Ordinary Course Professionals, per month on average over a rolling three-month period for Monthly Caps that are less than $50,000 per month, or a rolling two-month period for Monthly Caps of $50,000 per month. Expenses are not considered for the purpose of calculating the applicable Monthly Cap. Morrison & Head was retained by the Sentinel pursuant to the OCP Order with respect to various day-to-day property tax appeals matters (the "Property Tax Matters"). As one of the matters, Morrison and Head represented the Sentinel in connection with a contested proceeding relating to assessed property tax values on certain property of the Sentinel in Orange County, Florida, (the "Orange County Property"), including negotiating with and appearing before the Orange County taxing authorities. A Monthly Cap of $15,000.00 is applicable to Morrison & Head's services in rendering the Property Tax Matters.

8. The OCP Order provides that in the event the fees incurred and invoiced by any Ordinary Course Professional exceed the applicable Monthly Cap, such Ordinary Course

---

[4] Exhibit A to the OCP Motion has been subsequently supplemented and amended by the Debtors to add additional Ordinary Course Professionals or to seek increases to the Monthly Cap applicable to existing Ordinary Course Professionals. (See D.I. 544, 877, 1086, 1756, 1826, 1887, 2283, 2412, 2865, 3222, 3861, 4214, 4607, 4614, 4845, 5395, 5846, 7236, 7545, 7820, 8310, 8788, 9333, 9686, and 9758.)

Professional shall be required to seek the Court's approval of all fees invoiced for that month in accordance with the procedures set forth in the Interim Compensation Order and the Fee Examiner Order.

## BACKGROUND CONCERNING THE RELIEF REQUESTED

9. The Property Tax Matters on which Morrison & Head represents the Sentinel include property tax assessment appeals for calendar years 2009, 2010, & 2011. Morrison & Head agreed to represent the Sentinel with respect to that portion of the Property Tax Matters, with Morrison & Head to be paid a contingency fee of 20% of any tax savings recovered.

10. Morrison & Head's representation of the Sentinel with respect to the Property Tax Matters giving rise to the fees sought herein included supervising a lawsuit against the Orange County Property Appraiser with respect to the Orange County Value Adjustment Board's decision to sustain the Orange County Property Appraiser's assessed value of the Orange County Property. As a result of Morrison & Head's efforts, the original assessments of $64,851,392 were reduced to $38,967,000, resulting in property tax savings to the Sentinel for the 2010 and 2011 tax years of $491,250.00 in the aggregate. For the 2010 tax year, the Sentinel received a cash refund of property taxes it had previously paid of $96,726.96, while for the 2010 and 2011 tax years the amount of property taxes paid by the Sentinel were further reduced by $394,523.04 in total.

11. Morrison & Head's 20% contingency fee relating to such amounts is accordingly $98,250.00, which exceeds Morrison & Head's three-month rolling Monthly Cap of

$45,000 (i.e., $15,000 per month times three months). Morrison & Head requested the $98,250.00 amount via two invoices dated March 2, 2011.[5]

12. The Debtors have informed Morrison & Head that it has exceeded its Monthly Cap by $53,250.00. The Debtors have advised Morrison & Head that because the aggregate fees incurred exceeded the firm's applicable Monthly Cap, Morrison & Head is required to seek the Court's allowance of the entire amount of the firm's invoices related to the Property Tax Matters. Accordingly, by this Application, Morrison & Head hereby requests the allowance of fees in the amount of $98,250.00[6] for services rendered to the Sentinel for the Property Tax Matters during 2009, 2010, and 2011.

## RELIEF REQUESTED

13. By this Application, Morrison & Head seeks the allowance of fees in the amount of $98,250.00 for services rendered to the Sentinel for the Property Tax Matters. Additionally, Morrison & Head requests a limited waiver of the procedures for the approval and payment of professional compensation and consideration of fee applications set forth in the Interim Compensation Order and the Fee Examiner Order with respect to this Application. Finally Morrison & Head requests a waiver the informational requirements of Local Rule 2016-2(d) as disclosed herein.

---

[5] Morrison & Head is not applying for fees during a particular month (or months) because the services rendered by Morrison & Head occurred from 2009 through early 2011. Given the contingency fee nature of the representation and the lack of detailed time records it would be very difficult to apportion the fee based on monthly activity. Because the $98,500.00 fee sought herein would exceed the Monthly Cap for any three-month period covered by this Application, Morrison & Head submits this Application without identifying a particular post-petition period -- though all services occurred post-petition.

[6] Through a clerical error, Morrison & Head has already received $72,295.00 of the $98,500.00 in fees sought in this Application. The Debtors subsequently informed Morrison & Head of the requirement to apply to the Bankruptcy Court for the full amount of the fees relating to the Property Tax Matters described herein. In the event that Morrison & Head's fees are disallowed or reduced in an amount which would require disgorgement of the previously paid fees, Morrison & Head will promptly disgorge the required amounts.

## BASIS FOR RELIEF REQUESTED

14.     The retention agreement between Morrison & Head and the Sentinel for these matters provides for fees to be assessed on a contingency basis. Because of this fee arrangement, Morrison & Head earned a lump-sum fee in excess of its three-month rolling Monthly Cap, which was calculated based on certain non-contingency-based, hourly work that Morrison & Head performs on behalf of the Sentinel on an ongoing basis.[7] Specifically, because the Sentinel received a $96,726.96 cash refund on its 2010 property taxes plus $394,523.04 in tax savings on its 2010 and 2011 property taxes, Morrison & Head earned a 20% contingency fee of $98,250. The fee sought to be approved by this Application thus represents a one-time payment by the Sentinel to Morrison & Head that will allow the Sentinel to keep $393,000 (i.e., its tax savings less Morrison & Head's contingency fee) to which it would not be entitled absent Morrison & Head's efforts. The services rendered have been fair and reasonable and well within the range of fees that would be charged by tax professionals for matters of this type. Morrison & Head submits that the Sentinel's estate has benefitted from the services that Morrison & Head has provided with respect to the Property Tax Matters.

### Request for Limited Waiver of Interim Compensation Procedures

15.     Morrison & Head respectfully submits that good cause exists for the Court to grant a limited waiver of the procedures set forth in the Interim Compensation Order solely for the purpose of permitting the Sentinel to pay Morrison & Head the full amount of the fees it incurred during the representation rather than requiring Morrison & Head to seek approval of its fee on an interim basis subject to a 20% holdback and to seek the Court's allowance of such fees on a quarterly basis subject to the Fee Examiner's review and report. Such fees were incurred

---

[7] See Affidavit of Ordinary Course Professional John S. Woolard of Morrison & Head (D.I. 1596).

several months prior to when the Sentinel determined that it would be necessary for Morrison & Head to file this Application to seek the Court's approval of the fees requested, and Morrison & Head understands that it may be several additional months before this Court will consider professionals' fee applications for the period covered by this Application. Given the fact that the fee at issue here is a contingent fee relating to financial benefits that have already been received by the Sentinel, and given further the one-time-only nature of the fee at issue, payment of the full amount of the requested fee without holdback is warranted. Moreover, there does not appear to be any legitimate reason to require Morrison & Head to file a second fee application to obtain a 20% holdback, which will increase costs and delay to no benefit.

16.     In the past, this Court has granted limited waivers of the otherwise-applicable procedures for compensation and reimbursement of expenses for professionals and consideration of fee applications set forth in this Court's Interim Compensation Order and Fee Examiner Order with respect to fee applications submitted by the Debtors' Ordinary Course Professionals to grant relief similar to that sought here.[8] In the alternative, Morrison & Head requests that the Court consider this Application at the next hearing scheduled for the consideration of interim fee applications.

### Request for Limited Waiver of Local Rule 2016-2(d)

17.     Rule 2016-2(d) requires retained professionals to submit detailed time entries that set forth, among other things: a detailed description of each activity performed, the

---

[8] See, e.g., Order Allowing Compensation and Reimbursement of Expenses to SNR Denton US LLP for Services Rendered as Ordinary Course Counsel to the Debtors During the Period From July 1, 2010 through August 31, 2010 (D.I. 8704); Order Allowing Compensation and Reimbursement of Expenses to Hunton & Williams LLP for Services Rendered as Ordinary Course Counsel to the Debtors for Certain Litigation Matters During the Prior From May 1, 2010 through July 31, 2010 (D.I. 7454); Order Allowing Compensation and Reimbursement of Expenses to David Wright Tremaine LLP for Services Rendered as Ordinary Course Counsel to the Debtors During the Period From March 1, 2010 through June 30, 2010 (D.I. 6576); Order Granting First and Final Application of Day Pitney LLP for Compensation and Reimbursement of Expenses (D.I. 5690).

amount of time spent on the activity (in tenth of an hour increments), the subject matter of the activity, and the parties involved with the activity at issue. However, Local Rule 2016-2(g) allows a professional to request a waiver of the requirements of Local Rule 2016-2, for cause. This Court has granted waivers of Local Rule 2016-2(d) with respect to contingency fees sought by other tax professionals, and Morrison & Head respectfully submits that similar cause exists in these circumstances.[9]

18. Specifically, Morrison & Head submits that the requirements of Local Rule 2016-2(d) should be tailored to the nature of Morrison & Head's engagement and its compensation structure. As the parties' agreement calls for a contingency payment to Morrison & Head, Morrison & Head did not keep detailed hourly records and the invoices therefore only reflect the percentage payment owed to Morrison & Head from refunded tax payments in 2010 and reduced tax payments in 2010 and 2011. In addition, as the parties' agreement has no provision for expenses, Morrison & Head is not charging the Debtors for any expenses incurred. This arrangement is consistent with Morrison & Head's retention agreement with the Sentinel for this matter, general market practice, and the Bankruptcy Court's past approval of the retention of Morrison & Head. For these reasons, Morrison & Head requests a limited waiver of the informational requirements of Local Rule 2016-2(d).

## Payment from Debtors; No Sharing of Compensation

19. Morrison & Head has received no payment and no promises of payment from any source other than the Sentinel for services rendered as an Ordinary Course Professional

---

[9] See Order Allowing Compensation to Corporate Tax Management, Inc. for Services Rendered as Tax Advisors to Debtor Los Angeles Times Communication LLC in the Ordinary Course of Business (D.I. 3807); Order Allowing Compensation to Corporate Tax Management, Inc. for Services Rendered as Ordinary Course Professional to Los Angeles Time Communications, LLC and Granting Limited Waivers of Compliance with (I) This Courts Interim Compensation Order and Fee Examiner Order and (II) Del. Bankr. L.R. 2016-2(d) in Accordance with Del. Bankr. L.R. 2016-2(g) (D.I. 9533).

to the Sentinel in these chapter 11 cases. There is no agreement between Morrison & Head and any other party for the sharing of compensation to be received for the services rendered by Morrison & Head to the Sentinel. All professional and paraprofessional services for which compensation is sought herein were rendered solely for or on behalf of the Sentinel.

### REVIEW OF APPLICABLE LOCAL RULE

20. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies (subject to a granting of the waivers requested herein) with the requirements of Local Rule 2016-2.

21. The undersigned further certifies that the Debtors have had an opportunity to review this Application before it was filed with the Court.

### NO PRIOR REQUEST

22. No previous application with respect to the relief requested herein has been made to this or any other Court.

WHEREFORE, after appropriate notice and hearing, Morrison & Head respectfully requests that the Court enter an order (i) allowing fees in the aggregate amount of $98,250.00 for services rendered while representing the Sentinel during the Property Tax Matters; (ii) waiving the procedures for compensation and reimbursement of expenses for professionals and consideration of fee applications set forth in this Court's Interim Compensation Order and Fee Examiner Order with respect to this Application, (iii) waiving the informational requirements of Local Rule 2016-2(d) as disclosed herein; and (iv) granting such further relief as is just and proper.

Dated: September 19, 2011

                                        Respectfully submitted,

                                        John S. Woolard
                                        Morrison & Head-Industrial
                                        4210 Spicewood Springs Road, Suite 211
                                        Austin, TX 78759
                                        Telephone: 512-302-5800
                                        Facsimile: 512-302-5801