# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE
## FIFTH INTERIM FEE APPLICATION OF LAZARD FRÈRES & CO. LLC

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Fifth Interim Fee Application of Lazard Frères & Co. LLC* [Docket No. 4073] (the "**Fee Application**"). The Fee Application seeks approval of fees that total $600,000.00 and reimbursement of expenses that total $41,682.15, for the period from December 1, 2009 through

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

February 28, 2010. Lazard Frères & Co. LLC ("**Lazard**") serves as investment banker and financial advisor to the Debtors.

<u>**Background**</u>

1.      On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' Chapter 11 cases for procedural purposes only.

2.      On December 26, 2008, the Debtors filed the *Application for an Order Authorizing Debtors to Employ and Retain Lazard Frères & Co. LLC as Investment Banker and Financial Advisor Pursuant to 11 U.S.C. §§ 327(a), 328(a) and 1107, Nunc Pro Tunc to the Petition Date* [Docket No. 147] (the "**Retention Application**"). On March 13, 2009, this Court approved the retention of Lazard as investment banker and financial advisor to the Debtors by entering the *Consent Order Authorizing Debtors to Employ and Retain Lazard Frères & Co. LLC as Investment Banker and Financial Advisor Pursuant to 11 U.S.C. §§ 327(a), 328(a) and 1107, Nunc Pro Tunc to the Petition Date* [Docket No. 524] ("**Retention Order**").

3.      Lazard submitted the Fee Application on January 15, 2010, pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, (January 15, 2009) [Docket No. 225] (the "**Interim Compensation Order**").

4.      The Fee Application requested the allowance of compensation and reimbursement of expenses incurred in accord with the terms of an engagement letter and indemnification letter (collectively referred to as "**Engagement Letter**") between Lazard and the Debtors dated December 2, 2008. The Engagement Letter established that the firm would receive a monthly fee of $200,000.00, a restructuring/disposition fee, and reimbursement for all reasonable out-of-pocket expenses. The Retention Order provided that "Lazard shall be compensated in accordance with the terms of the Lazard Agreement" and that "notwithstanding anything to the contrary ... the U.S. Trustee

shall retain the right and be entitled to object to the Monthly Fees, the Restructuring/Disposition Fee and any other Disposition Fee based on the reasonableness standard under Bankruptcy Code sections 330 and 331."

## **Applicable Standards**

5.      In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

6.      The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**").  In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

7.      Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*.  In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of,

a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F)*.

8.    A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

9.    The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Engagement Letter, the Retention Order, the Interim Compensation Order, and all related filings, and provided a Preliminary Report for the firm's review and comment. The firm responded to the Fee Examiner with a written response to the Preliminary Report dated August 31, 2011. After consideration of the additional information provided by the firm, the Fee Examiner now issues this final report (the **"Final Report"**) "in a format designed to opine whether the requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines." *Fee Examiner Order ¶5.*

## DISCUSSION OF FINDINGS

### Technical Requirements

10.    **Reconciliation of Fees and Expenses.** Lazard requested fees in accordance with the terms and conditions set forth in the Engagement Letter. The Fee Application did not include hourly

rates for the firm timekeepers; however, the number of hours billed by each timekeeper and the total number of hours billed by the firm during this interim period were provided. Using the fixed monthly fee, the total hours billed by the firm and the hours billed by each timekeeper, the Fee Examiner calculated a blended hourly rate for each month for the firm. This blended hourly rate was assigned to each timekeeper and used to calculate a fee for each entry. The calculation of the blended hourly rate resulted in a discrepancy of $0.68 that is attributed to rounding. The exhibits to this report reflect hours and fees that are based on this computation.

The Fee Examiner compared the total amount of expenses requested in the Fee Application ("**Expenses Requested**") to the expenses actually documented in the electronic and/or hard copy data received from the firm ("**Expenses Computed**"). The Fee Examiner determined that there is a discrepancy between the Expenses Requested and the Expenses Computed in the amount of $0.02. The sum of the detail provided for the car service and taxi charges in the January and February monthly fee applications did not agree to the amount requested for those categories. The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

11.    **Block Billing.**    The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*. The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[2] With minimal exceptions, Lazard complied with the Local Rules and UST Guidelines regarding block billing.

12.    **Time Increments.**    The Retention Order provides Lazard "a limited waiver of the information requirements set forth in Local Rule 2016-2 to keep time records in one-half hour increments." The Lazard Frères time entries were recorded in one-half hour or full hour increments.

---

[2] The judicial response to block billing varies. Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007). Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

## Review of Fees

13.  **Firm Staffing.**  The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*.  The Fee Application provided the names and positions of the nine Lazard timekeepers who billed to this matter, consisting of two managing directors, two directors, one vice president, one associate, and three analysts.  A summary of hours and fees billed by each timekeeper is displayed in **Exhibit A**.[3]

The firm billed a total of 1,236.80 hours.  The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Managing Director | 103.70 | 8% | $ 50,113.05 | 8% |
| Director | 493.50 | 40% | 239,196.73 | 40% |
| Vice President | 25.50 | 2% | 13,531.58 | 2% |
| Associate | 190.30 | 16% | 91,411.95 | 16% |
| Analyst | 423.80 | 34% | 205,746.01 | 34% |
| TOTAL | 1,236.80 | 100% | $599,999.32 | 100% |

14.  **Timekeepers' Roles.**  A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4)*.  With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts.  On the whole, each Lazard timekeeper appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.

---

[3] This Final Report includes exhibits that detail and support the findings discussed herein.  Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits.  For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

15.    **Meetings, Conferences, Hearings, and Other Events.**  The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" (*Local Rule 2016-2(d)(ix)*), and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*.  While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified occasions where two or more (and up to three) timekeepers attended the same meeting, conference, hearing, or other event.  Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees.  The entries, totaling 185.40 hours, were displayed in **Exhibit B** to the Preliminary Report.  In each instance where multiple timekeepers attended a meeting, conference hearing or other event, we identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the individual leading rather than observing a conference).  The potentially duplicative and unnecessary timekeepers' entries total 102.10 hours and were highlighted in bold and marked with an ampersand [&] in the exhibit.  The Fee Examiner requested that the firm provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event.

In response, Lazard stated that as the firm is engaged and compensated on a flat fee basis, Lazard encourages all available professionals to participate in relevant calls, meetings or hearings.  Consistent with prior reports, the Fee Examiner makes no recommendation for a fee reduction at this time as the presence of multiple timekeepers arguably did not result in additional cost to the Debtors.  However, the flat fee retention does not exempt Lazard from the reporting requirements in the Local Rules and UST Guidelines, and given that (as noted in paragraph 4 of this

Final Report) the U.S. Trustee may object to the monthly fees based upon the reasonableness standard Lazard must provide the requisite supporting detail. The Fee Examiner may revisit the fees addressed herein if Lazard fails to comply with the Local Rules and UST Guidelines in future fee applications. Exhibit B is included with this report for the Court's and the U.S. Trustee's reference.

16.    **Intraoffice Conferences.** Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified only minimal instances of intraoffice conferencing (4.50 hours), and accordingly makes no recommendation for a related fee reduction.

17.    **Complete and Detailed Task Descriptions.** Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*. The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*. Contrary to the requirements of the Local Rules and the UST Guidelines, certain activity descriptions in the Fee Application were not sufficiently detailed.

a.    **Vague Communications.** The Fee Examiner reviewed the substantive detail of each billing entry describing communication activities and identified 142.80 hours where the billing narrative failed to disclose the subject matter of and/or participants to a communication. The entries were provided to Lazard in **Exhibit C** to the Preliminary Report. The Fee Examiner requested that

Lazard provide sufficient detail for each time entry and in particular disclose the subject matter and participants for every billing activity describing communications.

        b.    **Vague Tasks.**  The Fee Examiner reviewed the substantive detail of each billing entry and identified 68.50 hours where the Fee Examiner could not determine the precise nature of the services performed by the timekeeper (the entries were displayed in **Exhibit D** to the Preliminary Report).  The billing narratives included the uninformative phrases "iron work related" and "TCC work related."  As stated in the Local Rules and UST Guidelines, billing entries must adequately describe the services actually performed to allow a determination of whether the task was staffed appropriately, whether the task was substantive in nature, and/or whether the task was duplicated by other timekeepers.[4]  The Fee Examiner requested that Lazard provide sufficient detail for each time entry and in particular disclose the subject matter and participants for every billing activity describing the precise nature of the services performed by the timekeeper.

        In response to the Fee Examiner's requests regarding Exhibits C and D, Lazard provided the Fee Examiner with a written explanation of the projects, tasks, and activities performed by the firm during the fourth interim period.  After review and consideration of the additional information provided, the Fee Examiner makes no recommendation for a fee reduction.  Exhibits C and D are omitted from this report.

    18.    **Administrative Activities.**  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. The Fee Examiner did not identify any billing entries describing administrative activities.

---

[4] Vague entries do not allow the court to determine the reasonableness and necessity of the effort of expended, and fees may be denied or reduced when insufficiently documents. *E.g.*, *In re Bennett Funding, Inc.*, 213 B.R. 234, 245-46 (Bankr. N.D.N.Y. 1997).  Entries for legal research must identify the issue and explain the research need. *In re Fibermark, Inc.*, 349 B.R. 385, 397 (Bankr. D. Vt. 2006).

19.    **Clerical Activities.**  Clerical activities are tasks that may be effectively performed by administrative assistants, secretaries, or support personnel[5] or support tasks for which the firm charged greater than market rate.  The Fee Examiner did not identify any billing entries describing clerical activities.

20.    **Travel.**  The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*. The Fee Examiner identified 26 time entries solely describing travel.  The entries are displayed in **Exhibit E** and total 114.00 hours.  As Lazard is compensated via a flat monthly fee rather than hourly billing, the Fee Examiner noted the travel time but makes no recommendation for a fee reduction. Exhibit E is omitted from this report.

21.    **Lazard Retention/Compensation.**  The Fee Examiner did not identify any fee entries relating to the firm's retention or applications for compensation.

### Review of Expenses

22.    **Itemization of Expenses.**  The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*.  The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.  Itemized expenses should be

---

[5] "Duties appropriate for office staff are considered part of a professional's overhead expenses and may not be billed to the estate." *Fibermark*, 349 B.R. at 397; *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758 769 (Bankr. E.D.N.Y. 2005) (overhead not compensable); *but see Bennett Funding*, 213 B.R. at 247-48 (discussing differing approaches to clerical work at professional rates).  These overhead activities may include: mailing; photocopying, word processing (including the creation of templates), formatting, creating spreadsheets, printing, organizing files, checking for docket updates, creating binders, and secretarial overtime. *Fibermark*, 349 B.R. at 396-97.

identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii).* Lazard provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

23.    **Photocopies.** The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii).* Lazard requested reimbursement for photocopying charges totaling $1,706.09. The Fee Application did not state the per page rate at which the charges were calculated. The Fee Examiner requested from Lazard a specific explanation of how the photocopy charges were determined/calculated, including the per page rate.

In response, the firm provided the number and per-page cost of the copies and an explanation of the remaining charges. However, Lazard noted that 4,800 of the copies were billed at $0.25 per page, and accordingly agreed to a voluntary expense reduction of $720.00 due to the overcharge.

24.    **Computer Assisted Legal Research.** The Local Rules provide that computer assisted legal research charges "shall not be more than the actual cost." *Local Rule 2016-2 (e)(iii).* The firm billed $201.17 for computer assisted legal research and the Fee Application did not indicate how the firm calculated this cost. The Fee Examiner requested that Lazard provide additional information regarding the calculation/determination of the costs associated with the firm's computer assisted research. The firm responded by stating that all such costs are billed at actual cost, and that in most cases that cost reflects a significant reduction negotiated with vendors.

25.    **Overhead Expenses.** The UST Guidelines state that nonreimbursable overhead "includes, but is not limited to, word processing, proofreading, secretarial and other clerical services, rent, utilities, office equipment and furnishings, insurance, taxes, local telephones and monthly car phone charges, lighting, heating and cooling, and library and publication charges." *UST Guidelines ¶(b)(5)(vii).* Lazard requested reimbursement of $16.50 for a charge described as "Chase-10/16

Delivering books 10/16/2009." The Fee Examiner requested that the firm provide an explanation for the necessity and purpose of this apparently overhead charge. Lazard voluntarily withdrew the request, resulting in an expense reduction in the amount of $16.50.

26.    **Overtime Transportation.** Lazard requested reimbursement of charges that, based on the descriptions provided, appear to be overtime local transportation costs incurred by firm personnel. The charges in question total $2,276.72 and were displayed in **Exhibit F** to the Preliminary Report, which informed Lazard that, pending additional information from the firm, the Fee Examiner intended to recommend an expense reduction for all local transportation charges.

Lazard voluntarily withdrew the request for reimbursement, resulting in an expense reduction of $2,276.72. Exhibit F is omitted from this report.

27.    **Overhead Meals.**    Lazard requested reimbursement of $2,864.02 identified as employee meals which appear to be local meals unrelated to travel. The Fee Examiner requested from Lazard an explanation for the purpose and necessity of the meal charges displayed in **Exhibit G** to the Preliminary Report.

In response, Lazard voluntarily withdrew the request for reimbursement, resulting in an expense reduction of $2,864.02. Exhibit G is omitted from this report.

28.    **Travel Expenses – Airfare.** The Fee Examiner requested from Lazard a specific explanation regarding a series of related travel charges: a charge described as "Mandava-NYC-CHI (Coach) United 01/07/2010" in the amount of $906.70, coupled with both a roundtrip fare in the amount of $1,459.40 and a hotel charge for January 6, 2010. In response, the firm stated (i) the description of the second stay in Honolulu reflected an administrative error (duplicated from a previous entry) and should have referenced the Hyatt in New York; and (ii) the return leg of the round trip ticket was not used and a credit in the amount of $729.70 was issued in the firm's next monthly statement (March 2011). In light of the firm's explanation, the Fee Examiner makes no recommendation for an expense reduction.

29.    **Travel Expenses – Lodging.**  Lazard requested reimbursement for lodging charges in the amount of $4,777.56.  The Fee Examiner applies a $350.00 per night ceiling for domestic lodging, and several of the charges in the Fee Application appear to exceed the ceiling.

| Entry Date | Amount | Description | Amount in Excess of Ceiling |
|---|---|---|---|
| 01/12/10 | $1,032.74 | Mandava-[New York] Hyatt BR $499 12/02/2009 | $298.00 |
| 01/15/10 | $515.65 | Kurtz-NYC 1nt NY Palace BR $450 12/03/2009 | $100.00 |
| 01/12/10 | $1,032.74 | Sturm-2 nights / $499 per night 12/04/2009 | $298.00 |
| 01/15/10 | $515.65 | Kurtz-NYC 1nt NY Palace BR $450 12/09/2009 | $100.00 |
| 01/12/10 | $516.37 | Mandava-NYC 1nt Grand Hyatt BR $499 12/09/2009 | $149.00 |

The Fee Examiner requested additional information that may justify the other lodging costs, and noted that pending such information the Fee Examiner intended to recommend an expense reduction of $945.00 reflecting the amount (based on the per night rate) in excess of the ceiling.

Lazard consented to an expense reduction in the amount of $945.00.

30.    **Travel Expenses - Meals.**  Lazard requested reimbursement for travel/meeting meals in the amount of $661.77.  The Fee Examiner applies the following per person ceilings for meals: $15.00 for breakfast, $25.00 for lunch, and $50.00 for dinner.  Several meal charges appear to exceed the ceiling amounts:

| Entry Date | Amount | Description | Meal Type | Ceiling/Person | Amount in Excess |
|---|---|---|---|---|---|
| 01/05/10 | $100.00 | Chachas-AMARANTH NEW YORK (lunch – 2p) 11/24/2009 | Lunch | $25.00 | $50.00 |
| 01/12/10 | $70.00 | Sturm-Dinner: 1 person NYC 12/03/2009 | Dinner | $50.00 | $20.00 |
| 01/15/10 | $35.00 | Kurtz-NYC Bkfst (1) Istana 12/04/2009 | Breakfast | $15.00 | $20.00 |
| 01/15/10 | $70.00 | Kurtz-NYC Dinner (1) Maloney Porcell 12/09/2009 | Dinner | $50.00 | $20.00 |
| 01/25/10 | $55.08 | Gaind-UTSAV RESTAURANT 881 NEW YORK (dinner – 1p) 12/16/2009 | Dinner | $50.00 | $5.08 |
| 01/27/10 | $17.01 | Chase-CIAO bkft ppl 1 chgo 12/21 12/21/2009 | Breakfast | $15.00 | $2.01 |
| 02/03/10 | $35.00 | Kurtz-NYC Bkfst (1) Room Service 01/05/2010 | Breakfast | $15.00 | $20.00 |
| 02/04/10 | $25.77 | Mandava-LA Bkfst (1) Grand Cafe 12/15/2009 | Breakfast | $15.00 | $10.77 |
| 02/04/10 | $65.00 | Mandava-NYC Dinner (1) Nobu 57 01/11/2010 | Dinner | $50.00 | $15.00 |

The Preliminary Report informed Lazard that, pending additional information from the firm, the Fee Examiner intended to recommend an expense reduction in the amount of $162.86 reflecting the amount in excess of the meal ceilings.  In response, the firm consented to an expense reduction of $162.86.

31.     **Temporary Wages.**  Lazard requested reimbursement for temporary wages totaling $714.93.  The Fee Examiner requested that the firm provide additional information regarding the charges displayed in **Exhibit H** to the Preliminary Report.  In response, Lazard voluntarily withdrew the request for reimbursement in the amount of $714.93.  Exhibit H is omitted from this report.

## CONCLUSION

The Fee Examiner submits this final report regarding the Fee Application and the fees and expenses discussed above.  The Fee Examiner recommends the approval of fees in the amount of $600,000.00 and reimbursement of expenses in the amount of $33,982.12 ($41,682.15 minus $7,700.03) for the period from December 1, 2009 through February 28, 2010.  The findings are summarized in the attached Appendix A.

Respectfully submitted,

**STUART MAUE**

By: _____

W. Andrew Dalton
3840 McKelvey Road
St. Louis, Missouri  63044
Telephone:  (314) 291-3030
Facsimile: (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

## APPENDIX A

### LAZARD FRERES & CO, LLC
### SUMMARY OF FINDINGS
#### Fifth Interim Fee Application (December 1, 2009 through February 28, 2010)

#### A.    Amounts Requested and Computed

| | | |
|---|---:|---:|
| Fees Requested | $600,000.00 | |
| Expenses Requested | 41,682.15 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $641,682.15 |
| | | |
| Fees Computed | $599,999.32 | |
| Expenses Computed | 41,682.17 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $641,681.49 |
| | | |
| Discrepancy in Fees | $    0.68 | |
| Discrepancy in Expenses | (0.02) | |
| | | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $    0.66 |

#### B.    Recommended Fee Allowance and Expense Reimbursement

| | | |
|---|---:|---:|
| Fees Requested | $600,000.00 | |
| | | |
| RECOMMENDED FEE ALLOWANCE | | $600,000.00 |
| | | |
| Expenses Requested | $41,682.15 | |
| *Agreed Reduction for Photocopies* | *($ 720.00)* | |
| *Agreed Reduction for Overhead Expenses* | *(16.50)* | |
| *Agreed Reduction for Overtime Transportation* | *(2,276.72)* | |
| *Agreed Reduction for Overhead Meals* | *(2,864.02)* | |
| *Agreed Reduction for Lodging Expenses* | *(945.00)* | |
| *Agreed Reduction for Travel Meals* | *(162.86)* | |
| *Agreed Reduction for Temporary Wages* | *(714.93)* | |
| Subtotal | *($7,700.03)* | |
| | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 33,982.12 |
| | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $633,982.12 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 22nd day of September, 2011.

Joseph J. McMahon, Jr., Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Mr. James F. Conlan
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Mr. Bradley Dunn
Lazard Freres & Co. LLC
30 Rockefeller Plaza
New York, NY 10020

_____
W. Andrew Dalton

EXHIBIT A

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL
## COMPUTED AT STANDARD RATES
### Lazard Freres & Co. LLC

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| JCHA | Chachas, John | MANAG DIRECTOR | $455.89 | $530.65 | 78.50 | $38,147.34 |
| DSKU | Kurtz, David S. | MANAG DIRECTOR | $474.83 | $474.83 | 25.20 | $11,965.72 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $483.25 | | 103.70 | $50,113.05 |
| | | | | | % of Total: 8.38% | % of Total: 8.35% |
| SMAN | Mandava, Suneel | DIRECTOR | $455.89 | $530.65 | 392.00 | $190,563.92 |
| RLLA | Llanos, Ricardo | DIRECTOR | $455.89 | $530.65 | 101.50 | $48,632.81 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $484.69 | | 493.50 | $239,196.73 |
| | | | | | % of Total: 39.90% | % of Total: 39.87% |
| SLUL | Lulla, Sachin | VICE PRESIDENT | $530.65 | $530.65 | 25.50 | $13,531.58 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $530.65 | | 25.50 | $13,531.58 |
| | | | | | % of Total: 2.06% | % of Total: 2.26% |
| RSTU | Sturm, Ray | ASSOCIATE | $455.89 | $530.65 | 190.30 | $91,411.96 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $480.36 | | 190.30 | $91,411.96 |
| | | | | | % of Total: 15.39% | % of Total: 15.24% |
| CHAS | Chase, Jacob | ANALYST | $455.89 | $530.65 | 330.30 | $161,034.96 |
| AGAI | Gaind, Amit | ANALYST | $455.89 | $530.65 | 50.50 | $24,293.37 |
| MFRI | Friedland, Micah | ANALYST | $474.83 | $474.83 | 43.00 | $20,417.69 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $485.48 | | 423.80 | $205,746.01 |
| | | | | | % of Total: 34.27% | % of Total: 34.29% |
| | Total No. of Billers: 9 | Blended Rate for Report: | $485.12 | | 1,236.80 | $599,999.32 |

EXHIBIT F

MEETINGS, CONFERENCES, HEARINGS, AND OTHER EVENTS

Lazard Freres & Co. LLC

### MEETINGS, CONFERENCES, HEARINGS, AND OTHER EVENTS

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Chachas, J | 19.50 | 9,444.59 |
| Chase, J | 58.80 | 28,154.51 |
| Gaind, A | 7.50 | 3,643.46 |
| Llanos, R | 22.50 | 10,812.26 |
| Lulla, S | 2.50 | 1,326.63 |
| Mandava, S | 18.80 | 9,207.19 |
| Sturm, R | 55.80 | 26,860.60 |
| | 185.40 | $89,449.23 |

### MEETINGS, CONFERENCES, HEARINGS, & OTHER EVENTS - MULTIPLE ATTENDANCE

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Chachas, J | 5.00 | 2,503.73 |
| Chase, J | 1.50 | 795.98 |
| Gaind, A | 0.00 | 0.00 |
| Llanos, R | 22.00 | 10,584.31 |
| Lulla, S | 2.50 | 1,326.63 |
| Mandava, S | 18.80 | 9,207.19 |
| Sturm, R | 52.30 | 25,003.33 |
| | 102.10 | $49,421.16 |

EXHIBIT F

MEETINGS, CONFERENCES, HEARINGS, AND OTHER EVENTS

Lazard Freres & Co. LLC

MEETINGS, CONFERENCES, HEARINGS, AND OTHER EVENTS

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Tribune Company | 185.40 | 89,449.23 |
| | 185.40 | $89,449.23 |

MEETINGS, CONFERENCES, HEARINGS, & OTHER EVENTS - MULTIPLE ATTENDANCE

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Tribune Company | 102.10 | 49,421.16 |
| | 102.10 | $49,421.16 |

EXHIBIT F

MEETINGS, CONFERENCES, HEARINGS, AND OTHER EVENTS

Lazard Freres & Co. LLC

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|---|-------------|
| 12/04/09 Fri | Chachas, J 20091231/17 | 1.00 | 1.00 | 474.83 | | 1 | MATTER NAME: Tribune Company<br>IRON INTERNAL CALL WITH COMPANY [7] |
| 12/04/09 Fri | Llanos, R 20091231/74 | 1.00 | 1.00 | 474.83 | & | 1 | MATTER NAME: Tribune Company<br>IRON INTERNAL CALL WITH COMPANY [7] |
| 12/10/09 Thu | Chachas, J 20091231/19 | 1.00 | 1.00 | 474.83 | | 1 | MATTER NAME: Tribune Company<br>IRON INTERNAL CALL WITH COMPANY [5] |
| 12/10/09 Thu | Llanos, R 20091231/76 | 1.00 | 1.00 | 474.83 | & | 1 | MATTER NAME: Tribune Company<br>IRON INTERNAL CALL WITH COMPANY [5] |
| 12/15/09 Tue | Chachas, J 20091231/26 | 3.00 | 3.00 | 1,424.49 | | 1 | MATTER NAME: Tribune Company<br>SOLVENCY MATERIALS ANALYSIS / MTG WITH OAKTREE [1] |
| 12/15/09 Tue | Llanos, R 20091231/82 | 3.00 | 3.00 | 1,424.49 | & | 1 | MATTER NAME: Tribune Company<br>SOLVENCY MATERIALS ANALYSIS / MTG WITH OAKTREE [1] |
| 12/16/09 Wed | Chachas, J 20091231/28 | 3.00 | 3.00 | 1,424.49 | | 1 | MATTER NAME: Tribune Company<br>IRON DILIGENCE MEETING AT SCRIPPS NETWORK INTERACTIVE (CINCINATI) [5] |
| 12/16/09 Wed | Llanos, R 20091231/84 | 3.00 | 3.00 | 1,424.49 | & | 1 | MATTER NAME: Tribune Company<br>IRON DILIGENCE MEETING AT SCRIPPS NETWORK INTERACTIVE (CINCINATI) [5] |
| 12/17/09 Thu | Chachas, J 20091231/30 | 2.50 | 2.50 | 1,187.08 | | 1 | MATTER NAME: Tribune Company<br>SOLVENCY MATERIALS ANALYSIS / MTG WITH CENTERBRIDGE [1] |
| 12/17/09 Thu | Chase, J 20091231/114 | 6.00 | 6.00 | 2,848.98 | | 1 | MATTER NAME: Tribune Company<br>MEETING WITH JUNIOR LENDERS [2] |
| 12/17/09 Thu | Llanos, R 20091231/86 | 2.50 | 2.50 | 1,187.08 | & | 1 | MATTER NAME: Tribune Company<br>SOLVENCY MATERIALS ANALYSIS / MTG WITH CENTERBRIDGE [1] |
| 12/17/09 Thu | Sturm, R 20091231/101 | 6.00 | 6.00 | 2,848.98 | & | 1 | MATTER NAME: Tribune Company<br>MEETING WITH JUNIOR LENDERS [2] |
| 12/21/09 Mon | Chachas, J 20091231/32 | 3.00 | 3.00 | 1,424.49 | | 1 | MATTER NAME: Tribune Company<br>SOLVENCY MATERIALS ANALYSIS / MTG AT DPW WITH JPM AND BLACKSTONE [1] |
| 12/21/09 Mon | Chase, J 20091231/117 | 4.00 | 4.00 | 1,899.32 | | 1 | MATTER NAME: Tribune Company<br>MEETING WITH BANK CREDITORS AND ADVISORS [1] |

MEETINGS, CONFERENCES, HEARINGS, AND OTHER EVENTS

Lazard Freres & Co. LLC

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|---|-------------|
| 12/21/09 Mon | Llanos, R 20091231/88 | 3.00 | 3.00 | 1,424.49 | & | 1 | *MATTER NAME: Tribune Company* <br> SOLVENCY MATERIALS ANALYSIS / MTG AT DPW WITH JPM AND BLACKSTONE [1] |
| 12/21/09 Mon | Mandava, S 20091231/65 | 4.00 | 4.00 | 1,899.32 | & | 1 | *MATTER NAME: Tribune Company* <br> MEETING WITH BANK CREDITORS AND ADVISORS [1] |
| 01/08/10 Fri | Chase, J 20100131/139 | 3.50 | 3.50 | 1,595.62 | | 1 | *MATTER NAME: Tribune Company* <br> CALLS WITH ALVAREZ, AND MEETINGS WITH COMPANY MANAGEMENT [1] |
| 01/08/10 Fri | Sturm, R 20100131/92 | 3.50 | 3.50 | 1,595.62 | & | 1 | *MATTER NAME: Tribune Company* <br> CALLS WITH ALVAREZ, AND MEETINGS WITH COMPANY MANAGEMENT [1] |
| 01/12/10 Tue | Gaind, A 20100131/123 | 1.00 | 1.00 | 455.89 | | 1 | *MATTER NAME: Tribune Company* <br> TCC INTERNAL CALL WITH TRIBUNE [5] |
| 01/12/10 Tue | Llanos, R 20100131/77 | 1.00 | 1.00 | 455.89 | & | 1 | *MATTER NAME: Tribune Company* <br> TCC INTERNAL CALL WITH TRIBUNE [7] |
| 01/13/10 Wed | Chase, J 20100131/145 | 3.00 | 3.00 | 1,367.67 | | 1 | *MATTER NAME: Tribune Company* <br> MEETING WITH CREDITORS [1] |
| 01/13/10 Wed | Chase, J 20100131/146 | 2.00 | 2.00 | 911.78 | | 1 | *MATTER NAME: Tribune Company* <br> DISCUSSIONS WITH COMPANY ADVISORS [9] |
| 01/13/10 Wed | Sturm, R 20100131/95 | 3.00 | 3.00 | 1,367.67 | & | 1 | *MATTER NAME: Tribune Company* <br> MEETING WITH CREDITORS [1] |
| 01/13/10 Wed | Sturm, R 20100131/96 | 2.00 | 2.00 | 911.78 | & | 1 | *MATTER NAME: Tribune Company* <br> DISCUSSION WITH COMPANY ADVISORS [9] |
| 01/15/10 Fri | Chase, J 20100131/150 | 0.80 | 0.80 | 364.71 | | 1 | *MATTER NAME: Tribune Company* <br> CALL WITH FTI [1] |
| 01/15/10 Fri | Mandava, S 20100131/34 | 0.80 | 0.80 | 364.71 | & | 1 | *MATTER NAME: Tribune Company* <br> CALL WITH FTI [1] |
| 01/15/10 Fri | Sturm, R 20100131/99 | 0.80 | 0.80 | 364.71 | & | 1 | *MATTER NAME: Tribune Company* <br> CALL WITH FTI [1] |
| 01/18/10 Mon | Chase, J 20100131/152 | 2.00 | 2.00 | 911.78 | | 1 | *MATTER NAME: Tribune Company* <br> CALL TO DISCUSS PLAN PROCESS [9] |

& MEETINGS, CONFERENCES, HEARINGS, & OTHER EVENTS - MULTIPLE ATTENDANCE

EXHIBIT B

MEETINGS, CONFERENCES, HEARINGS, AND OTHER EVENTS

Lazard Freres & Co. LLC

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|---|-------------|
| 01/18/10 Mon | Sturm, R 20100131/101 | 2.00 | 2.00 | 911.78 | & | 1 | MATTER NAME: Tribune Company CALL TO DISCUSS PLAN PROCESS [9] |
| 01/19/10 Tue | Chase, J 20100131/154 | 0.50 | 0.50 | 227.95 | | 1 | MATTER NAME: Tribune Company CALL WITH SIDLEY RE PLAN PROCESS [1] |
| 01/19/10 Tue | Chase, J 20100131/155 | 0.50 | 0.50 | 227.95 | | 1 | MATTER NAME: Tribune Company CALL WITH A&M RE INTERCOMPANIES [1] |
| 01/19/10 Tue | Mandava, S 20100131/39 | 0.50 | 0.50 | 227.95 | & | 1 | MATTER NAME: Tribune Company CALL WITH SIDLEY RE PLAN PROCESS [1] |
| 01/19/10 Tue | Sturm, R 20100131/103 | 0.50 | 0.50 | 227.95 | & | 1 | MATTER NAME: Tribune Company CALL WITH SIDLEY RE PLAN PROCESS [1] |
| 01/19/10 Tue | Sturm, R 20100131/104 | 0.50 | 0.50 | 227.95 | & | 1 | MATTER NAME: Tribune Company CALL WITH A&M RE INTERCOMPANIES [1] |
| 01/21/10 Thu | Chachas, J 20100131/2 | 2.00 | 2.00 | 911.78 | & | 1 | MATTER NAME: Tribune Company INTERNAL TRIBUNE CALL WITH CHICAGO [1] |
| 01/21/10 Thu | Chase, J 20100131/159 | 2.50 | 2.50 | 1,139.73 | | 1 | MATTER NAME: Tribune Company SETTLEMENT DISCUSSION MEETINGS & PREPARATION WORK [2] |
| 01/21/10 Thu | Chase, J 20100131/160 | 2.50 | 2.50 | 1,139.73 | | 1 | MATTER NAME: Tribune Company EXPERT WITNESS PREPARATION MEETINGS [9] |
| 01/21/10 Thu | Gaind, A 20100131/126 | 2.00 | 2.00 | 911.78 | | 1 | MATTER NAME: Tribune Company TRIBUNE - INTERNAL VIDEO CONFERENCE RE: 2007 LBO TRANSACTION [4] |
| 01/21/10 Thu | Llanos, R 20100131/80 | 2.00 | 2.00 | 911.78 | & | 1 | MATTER NAME: Tribune Company TRIBUNE - INTERNAL VIDEO CONFERENCE RE: 2007 LBO TRANSACTION [4] |
| 01/21/10 Thu | Mandava, S 20100131/47 | 2.50 | 2.50 | 1,139.73 | & | 1 | MATTER NAME: Tribune Company WITNESS PREP [4] |
| 01/21/10 Thu | Sturm, R 20100131/108 | 2.50 | 2.50 | 1,139.73 | & | 1 | MATTER NAME: Tribune Company SETTLEMENT DISCUSSION MEETINGS & PREPARATION WORK [2] |
| 01/21/10 Thu | Sturm, R 20100131/109 | 2.50 | 2.50 | 1,139.73 | & | 1 | MATTER NAME: Tribune Company EXPERT WITNESS PREPARATION MEETINGS [9] |

& MEETINGS, CONFERENCES, HEARINGS, & OTHER EVENTS - MULTIPLE ATTENDANCE

EXHIBIT F

MEETINGS, CONFERENCES, HEARINGS, AND OTHER EVENTS

Lazard Freres & Co. LLC

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|---|-------------|
| 01/22/10 Fri | Gaind, A 20100131/127 | 1.00 | 1.00 | 455.89 | | 1 | MATTER NAME: Tribune Company TCC INTERNAL CALL WITH TRIBUNE [4] |
| 01/22/10 Fri | Llanos, R 20100131/81 | 1.00 | 1.00 | 455.89 | & | 1 | MATTER NAME: Tribune Company TCC INTERNAL CALL WITH TRIBUNE [7] |
| 01/25/10 Mon | Chase, J 20100131/166 | 1.00 | 1.00 | 455.89 | | 1 | MATTER NAME: Tribune Company CALL RE: PLAN PROCESS [2] |
| 01/25/10 Mon | Llanos, R 20100131/82 | 0.50 | 0.50 | 227.95 | | 1 | MATTER NAME: Tribune Company INTERNAL CALL WITH SIDLEY RE: POR TIME LINE [1] |
| 01/25/10 Mon | Mandava, S 20100131/55 | 0.50 | 0.50 | 227.95 | & | 1 | MATTER NAME: Tribune Company CALL WITH SIDLEY RE TIME LINE [1] |
| 01/25/10 Mon | Sturm, R 20100131/113 | 1.00 | 1.00 | 455.89 | & | 1 | MATTER NAME: Tribune Company CALL RE: PLAN PROCESS [1] |
| 01/26/10 Tue | Chase, J 20100131/169 | 0.50 | 0.50 | 227.95 | | 1 | MATTER NAME: Tribune Company CALL WITH COMPANY TO DISCUSS TAX MATTERS AND VALUATION [1] |
| 01/26/10 Tue | Chase, J 20100131/170 | 0.50 | 0.50 | 227.95 | | 1 | MATTER NAME: Tribune Company CALL WITH UCC ADVISORS [1] |
| 01/26/10 Tue | Gaind, A 20100131/129 | 0.50 | 0.50 | 227.95 | | 1 | MATTER NAME: Tribune Company TRIBUNE - INTERNAL CALL WITH TRIBUNE RE: TAX RELATED MATTERS [5] |
| 01/26/10 Tue | Llanos, R 20100131/84 | 0.50 | 0.50 | 227.95 | & | 1 | MATTER NAME: Tribune Company TRIBUNE INTERNAL CALL WITH TRIBUNE RE: TAX RELATED MATTERS [5] |
| 01/26/10 Tue | Mandava, S 20100131/59 | 0.50 | 0.50 | 227.95 | & | 1 | MATTER NAME: Tribune Company CALL WITH COMPANY TO DISCUSS TAX MATTERS AND VALUATION [1] |
| 01/26/10 Tue | Mandava, S 20100131/61 | 0.50 | 0.50 | 227.95 | & | 1 | MATTER NAME: Tribune Company CALL WITH UCC ADVISORS [1] |
| 01/27/10 Wed | Chase, J 20100131/172 | 4.00 | 4.00 | 1,823.56 | | 1 | MATTER NAME: Tribune Company ANALYSIS AND DISCUSSION REGARDING NON-BANK RECOVERY [2] |
| 01/27/10 Wed | Sturm, R 20100131/115 | 4.00 | 4.00 | 1,823.56 | & | 1 | MATTER NAME: Tribune Company ANALYSIS AND DISCUSSION REGARDING NON-BANK RECOVERY [2] |

MEETINGS, CONFERENCES, HEARINGS, AND OTHER EVENTS

Lazard Freres & Co. LLC

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|---|-------------|
| 01/28/10 Thu | Chase, J  20100131/173 | 4.00 | 4.00 | 1,823.56 | | 1 | *MATTER NAME: Tribune Company*<br>ANALYSIS AND DISCUSSION REGARDING NON-BANK RECOVERY [2] |
| 01/28/10 Thu | Sturm, R  20100131/116 | 4.00 | 4.00 | 1,823.56 | & | 1 | *MATTER NAME: Tribune Company*<br>ANALYSIS AND DISCUSSION REGARDING NON-BANK RECOVERY [2] |
| 01/29/10 Fri | Chase, J  20100131/174 | 1.00 | 1.00 | 455.89 | | 1 | *MATTER NAME: Tribune Company*<br>CALL WITH A&M RE VALUE ALLOCATION [1] |
| 01/29/10 Fri | Chase, J  20100131/175 | 0.50 | 0.50 | 227.95 | | 1 | *MATTER NAME: Tribune Company*<br>CALL WITH A&M RE RECOVERY MODEL [1] |
| 01/29/10 Fri | Chase, J  20100131/176 | 0.50 | 0.50 | 227.95 | | 1 | *MATTER NAME: Tribune Company*<br>CALL WITH SIDLEY RE PLAN STRUCTURE [1] |
| 01/29/10 Fri | Mandava, S  20100131/70 | 1.00 | 1.00 | 455.89 | & | 1 | *MATTER NAME: Tribune Company*<br>CALL WITH A&M RE VALUE ALLOCATION [1] |
| 01/29/10 Fri | Mandava, S  20100131/71 | 0.50 | 0.50 | 227.95 | & | 1 | *MATTER NAME: Tribune Company*<br>CALL WITH A&M RE RECOVERY MODEL [1] |
| 01/29/10 Fri | Mandava, S  20100131/72 | 0.50 | 0.50 | 227.95 | & | 1 | *MATTER NAME: Tribune Company*<br>CALL WITH SIDLEY RE PLAN STRUCTURE [1] |
| 01/29/10 Fri | Sturm, R  20100131/117 | 1.00 | 1.00 | 455.89 | & | 1 | *MATTER NAME: Tribune Company*<br>CALL WITH A&M RE VALUE ALLOCATION [1] |
| 01/29/10 Fri | Sturm, R  20100131/118 | 0.50 | 0.50 | 227.95 | & | 1 | *MATTER NAME: Tribune Company*<br>CALL WITH A&M RE RECOVERY MODEL [1] |
| 01/29/10 Fri | Sturm, R  20100131/119 | 0.50 | 0.50 | 227.95 | & | 1 | *MATTER NAME: Tribune Company*<br>CALL WITH SIDLEY RE PLAN STRUCTURE [1] |
| 01/31/10 Sun | Chase, J  20100131/178 | 4.00 | 4.00 | 1,823.56 | | 1 | *MATTER NAME: Tribune Company*<br>ANALYSIS AND DISCUSSION REGARDING NON-BANK RECOVERY [2] |
| 01/31/10 Sun | Sturm, R  20100131/120 | 4.00 | 4.00 | 1,823.56 | & | 1 | *MATTER NAME: Tribune Company*<br>ANALYSIS AND DISCUSSION REGARDING NON-BANK RECOVERY [2] |
| 02/01/10 Mon | Chase, J  20100228/116 | 5.00 | 5.00 | 2,653.25 | | 1 | *MATTER NAME: Tribune Company*<br>UPDATE & DISCUSSION REGARDING SETTLEMENT DISCUSSION MATERIALS [9] |

MEETINGS, CONFERENCES, HEARINGS, AND OTHER EVENTS

Lazard Freres & Co. LLC

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|---|-------------|
| 02/01/10 Mon | Chase, J 20100228/117 | 2.00 | 2.00 | 1,061.30 | | 1 | *MATTER NAME: Tribune Company* <br> MEETING WITH ADVISORS REGARDING PLAN PROCESS [1] |
| 02/01/10 Mon | Sturm, R 20100228/92 | 5.00 | 5.00 | 2,653.25 | & | 1 | *MATTER NAME: Tribune Company* <br> UPDATE & DISCUSSION REGARDING SETTLEMENT DISCUSSION MATERIALS [9] |
| 02/01/10 Mon | Sturm, R 20100228/93 | 2.00 | 2.00 | 1,061.30 | & | 1 | *MATTER NAME: Tribune Company* <br> MEETING WITH ADVISORS REGARDING PLAN PROCESS [1] |
| 02/08/10 Mon | Chase, J 20100228/131 | 1.00 | 1.00 | 530.65 | | 1 | *MATTER NAME: Tribune Company* <br> CALL WITH SIDLEY & ALVAREZ [1] |
| 02/08/10 Mon | Chase, J 20100228/132 | 1.00 | 1.00 | 530.65 | | 1 | *MATTER NAME: Tribune Company* <br> CALL WITH SIDLEY RE BOARD MATERIALS [1] |
| 02/08/10 Mon | Mandava, S 20100228/29 | 2.00 | 2.00 | 1,061.30 | & | 1 | *MATTER NAME: Tribune Company* <br> REVIEW OF A&M RECOVERY ANALYSIS & CALL [9] |
| 02/08/10 Mon | Mandava, S 20100228/31 | 1.00 | 1.00 | 530.65 | & | 1 | *MATTER NAME: Tribune Company* <br> CALL WITH SIDLEY & ALVAREZ [1] |
| 02/08/10 Mon | Mandava, S 20100228/32 | 1.00 | 1.00 | 530.65 | & | 1 | *MATTER NAME: Tribune Company* <br> CALL WITH SIDLEY RE BOARD MATERIALS [1] |
| 02/08/10 Mon | Sturm, R 20100228/99 | 2.00 | 2.00 | 1,061.30 | | 1 | *MATTER NAME: Tribune Company* <br> REVIEW OF A&M RECOVERY ANALYSIS & CALL [9] |
| 02/08/10 Mon | Sturm, R 20100228/101 | 1.00 | 1.00 | 530.65 | & | 1 | *MATTER NAME: Tribune Company* <br> CALL WITH SIDLEY & ALVAREZ [1] |
| 02/08/10 Mon | Sturm, R 20100228/102 | 1.00 | 1.00 | 530.65 | & | 1 | *MATTER NAME: Tribune Company* <br> CALL WITH SIDLEY RE BOARD MATERIALS [1] |
| 02/09/10 Tue | Chase, J 20100228/135 | 1.50 | 1.50 | 795.98 | & | 1 | *MATTER NAME: Tribune Company* <br> CALLS TO DISCUSS BOARD MATERIALS [1] |
| 02/09/10 Tue | Chase, J 20100228/136 | 1.00 | 1.00 | 530.65 | | 1 | *MATTER NAME: Tribune Company* <br> CALL WITH FTI TO DISCUSS INTERCOMPANY BALANCES [1] |
| 02/09/10 Tue | Lulla, S 20100228/80 | 1.50 | 1.50 | 795.98 | & | 1 | *MATTER NAME: Tribune Company* <br> CALLS TO DISCUSS BOARD MATERIALS [1] |

& MEETINGS, CONFERENCES, HEARINGS, & OTHER EVENTS - MULTIPLE ATTENDANCE

EXHIBIT F

MEETINGS, CONFERENCES, HEARINGS, AND OTHER EVENTS

Lazard Freres & Co. LLC

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|---|-------------|
| 02/09/10 Tue | Lulla, S 20100228/81 | 1.00 | 1.00 | 530.65 | & | 1 | *MATTER NAME: Tribune Company* CALL WITH FTI TO DISCUSS INTERCOMPANY BALANCES [1] |
| 02/09/10 Tue | Mandava, S 20100228/35 | 1.50 | 1.50 | 795.98 | & | 1 | *MATTER NAME: Tribune Company* CALLS TO DISCUSS BOARD MATERIALS [1] |
| 02/09/10 Tue | Mandava, S 20100228/36 | 1.00 | 1.00 | 530.65 | & | 1 | *MATTER NAME: Tribune Company* CALL WITH FTI TO DISCUSS INTERCOMPANY BALANCES [1] |
| 02/09/10 Tue | Sturm, R 20100228/105 | 1.50 | 1.50 | 795.98 | & | 1 | *MATTER NAME: Tribune Company* CALLS TO DISCUSS BOARD MATERIALS [1] |
| 02/09/10 Tue | Sturm, R 20100228/106 | 1.00 | 1.00 | 530.65 | & | 1 | *MATTER NAME: Tribune Company* CALLS WITH FTI TO DISCUSS INTERCOMPANY BALANCES [1] |
| 02/17/10 Wed | Chachas, J 20100228/4 | 1.50 | 1.50 | 795.98 | & | 1 | *MATTER NAME: Tribune Company* TCC - MOELIS CALL [7] |
| 02/17/10 Wed | Chase, J 20100228/147 | 3.00 | 3.00 | 1,591.95 | | 1 | *MATTER NAME: Tribune Company* WITNESS PREPARATION CALL [1] |
| 02/17/10 Wed | Gaind, A 20100228/114 | 1.50 | 1.50 | 795.98 | | 1 | *MATTER NAME: Tribune Company* TCC - MOELIS CALL [7] |
| 02/17/10 Wed | Llanos, R 20100228/75 | 1.50 | 1.50 | 795.98 | & | 1 | *MATTER NAME: Tribune Company* TCC - MOELIS CALL [7] |
| 02/17/10 Wed | Sturm, R 20100228/109 | 3.00 | 3.00 | 1,591.95 | & | 1 | *MATTER NAME: Tribune Company* WITNESS PREPARATION CALL [1] |
| 02/19/10 Fri | Chachas, J 20100228/6 | 1.50 | 1.50 | 795.98 | & | 1 | *MATTER NAME: Tribune Company* BLACKSTONE CALL [7] |
| 02/19/10 Fri | Chase, J 20100228/150 | 1.00 | 1.00 | 530.65 | | 1 | *MATTER NAME: Tribune Company* CALL WITH A&M RE VALUE ALLOCATION ANALYSIS [5] |
| 02/19/10 Fri | Gaind, A 20100228/115 | 1.50 | 1.50 | 795.98 | | 1 | *MATTER NAME: Tribune Company* TCC - BLACKSTONE CALL [7] |
| 02/19/10 Fri | Llanos, R 20100228/77 | 1.50 | 1.50 | 795.98 | & | 1 | *MATTER NAME: Tribune Company* TCC - BLACKSTONE CALL [7] |

EXHIBIT F

MEETINGS, CONFERENCES, HEARINGS, AND OTHER EVENTS

Lazard Freres & Co. LLC

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | | | DESCRIPTION |
|------|------|------|------|------|---|---|------|
| 02/19/10 Fri | Mandava, S 20100228/61 | 1.00 | 1.00 | 530.65 | & | 1 | *MATTER NAME: Tribune Company* CALL WITH A&M RE VALUE ALLOCATION ANALYSIS [5] |
| 02/19/10 Fri | Sturm, R 20100228/110 | 1.00 | 1.00 | 530.65 | & | 1 | *MATTER NAME: Tribune Company* CALL WITH A&M RE VALUE ALLOCATION ANALYSIS [5] |
| 02/22/10 Mon | Chachas, J 20100228/7 | 1.00 | 1.00 | 530.65 | | 1 | *MATTER NAME: Tribune Company* TCC - LEGAL CALL [7] |
| 02/22/10 Mon | Llanos, R 20100228/78 | 1.00 | 1.00 | 530.65 | & | 1 | *MATTER NAME: Tribune Company* TCC - LEGAL CALL [7] |

|  |  |  |  |  |
|------|------|------|------|------|
| TOTAL OF ALL ENTRIES | | 185.40 | $89,449.23 | |
| TOTAL ENTRY COUNT: | 102 | | | |
| TOTAL TASK COUNT: | 102 | | | |
| TOTAL OF & ENTRIES | | 102.10 | $49,421.16 | |
| TOTAL ENTRY COUNT: | 59 | | | |
| TOTAL TASK COUNT: | 59 | | | |

EXHIBIT F

MEETINGS, CONFERENCES, HEARINGS, AND OTHER EVENTS

Lazard Freres & Co. LLC

SUMMARY OF HOURS AND FEES BY INDIVIDUAL FOR
MEETINGS, CONFERENCES, HEARINGS, AND OTHER EVENTS

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Chachas, J | 19.50 | 9,444.59 |
| Chase, J | 58.80 | 28,154.51 |
| Gaind, A | 7.50 | 3,643.46 |
| Llanos, R | 22.50 | 10,812.26 |
| Lulla, S | 2.50 | 1,326.63 |
| Mandava, S | 18.80 | 9,207.19 |
| Sturm, R | 55.80 | 26,860.60 |
| | 185.40 | $89,449.23 |

SUMMARY OF HOURS AND FEES BY INDIVIDUAL FOR
MEETINGS, CONFERENCES, HEARINGS, & OTHER EVENTS - MULTIPLE ATTENDANCE

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Chachas, J | 5.00 | 2,503.73 |
| Chase, J | 1.50 | 795.98 |
| Gaind, A | 0.00 | 0.00 |
| Llanos, R | 22.00 | 10,584.31 |
| Lulla, S | 2.50 | 1,326.63 |
| Mandava, S | 18.80 | 9,207.19 |
| Sturm, R | 52.30 | 25,003.33 |
| | 102.10 | $49,421.16 |

EXHIBIT B

MEETINGS, CONFERENCES, HEARINGS, AND OTHER EVENTS

Lazard Freres & Co. LLC

SUMMARY OF HOURS AND FEES BY MATTER FOR

MEETINGS, CONFERENCES, HEARINGS, AND OTHER EVENTS

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Tribune Company | 185.40 | 89,449.23 |
| | 185.40 | $89,449.23 |

SUMMARY OF HOURS AND FEES BY MATTER FOR

MEETINGS, CONFERENCES, HEARINGS, & OTHER EVENTS - MULTIPLE ATTENDANCE

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Tribune Company | 102.10 | 49,421.16 |
| | 102.10 | $49,421.16 |