**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE
## SECOND QUARTERLY FEE APPLICATION OF SEYFARTH SHAW LLP

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing*

*Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses*

*for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner**

**Order**") in connection with the *Second Quarterly Fee Application of Seyfarth Shaw LLP* [Docket

No. 4139] (the "**Fee Application**"). The Fee Application seeks approval of fees that total $313,576.65

and reimbursement of expenses that total $12,061.41 for the period from December 1, 2009 through

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

February 28, 2010. Seyfarth Shaw LLP ("**Seyfarth**") serves as special counsel in connection with labor and employment litigation matters for the debtors and debtors in possession (collectively the "**Debtors**").

## Background

1.      On December 8, 2008 (the "**Petition Date**"), the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. Under this Court's *Order Directing Joint Administration Chapter 11 Cases* on December 10, 2009, these cases are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules [Docket No. 43].

2.      Seyfarth was originally retained as an Ordinary Course Professional with a monthly cap of $35,000, which was subsequently increased to $50,000 [Docket No. 544]. When the Debtors determined that Seyfarth would continually exceed the monthly cap, the Debtors filed an *Application to Retain Seyfarth as Special Counsel for Certain Employment Litigation Matters* [Docket No. 3046] (the "**Retention Application**"). On January 25, 2010, this Court entered the *Order Authorizing Debtors and Debtors in Possession to Employ and Retain Seyfarth as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, nunc pro tunc, to December 1, 2009* [Docket No. 3192] (the "**Retention Order**").

3.      Seyfarth submitted the Fee Application pursuant to the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members under 11 U.S.C. §§ 105(a) and 331 [Docket No. 225] (the "**Interim Compensation Order**").

## Applicable Standards

4.      In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals

to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

5.      The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6.      Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A).* In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F).*

7.      A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses

were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

8.    The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Supplemental Retention Application, the Supplemental Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to Seyfarth for review and comment. The firm submitted to the Fee Examiner a written response to the Preliminary Report. After consideration of the additional information provided by the firm, the Fee Examiner now issues this final report (the "**Final Report**") "in a format designed to opine whether the requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines." *Fee Examiner Order ¶5.*

## DISCUSSION OF FINDINGS

### Technical Requirements

9.    **Reconciliation of Fees and Expenses.** The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**"). The recomputation of fees revealed that the Fees Requested amount to $228.00 less than the Fees Computed, resulting an apparent undercharge. The discrepancy is the result of task hours within one entry not equal to time billed for the entry as a whole. The Fee Examiner further determined that there is no discrepancy between the Expenses Requested and the Expenses Computed.

The Fee Examiner notes that Seyfarth provided discounts on the fees totaling $34,823.85. The fees discussed in this report and the accompanying exhibits reflect the Fees Computed prior to the application of the discount.

10.    **Invoice 1670510.**  The Fee Application included Seyfarth invoice 1670510, consisting of one fee entry dated November 6, 2009 resulting in fees in the amount of $1,242.00 ($1,117.80 after the firm applied a discount).   The same invoice was included in the firm's First Quarterly Fee Application.  The Fee Examiner requested from Seyfarth confirmation that the invoice was mistakenly included with the current Fee Application.

In response, Seyfarth confirmed that invoice 1670510 was inadvertently included in the Fee Application, and agreed that the fee request should be reduced by $1,117.80.

11.    **Block Billing/Non-Working Travel.**   The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii).*[2]   The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[3] Additionally, the Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii).*   The Fee Examiner identified two instances where Seyfarth block billed nonworking travel activities with meetings or deposition attendance; the entries were provided in **Exhibit A** to the Preliminary Report.

---

[2] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing.  Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry.  As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry.  This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

[3] The judicial response to block billing varies.  Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007).  Across the board cuts range from five to 100 percent.  *See id.* at 495 n.7 and cases cited.

The Fee Examiner requested that Seyfarth allocate a portion of the blocked entries to account for the nonworking travel time and calculate a fee adjustment based on the 50% hourly rate.

In response to the Preliminary Report, the firm performed the requested allocation and consented to a fee reduction of $285.00 representing a 50% reduction for the travel time. Exhibit A is omitted from this report.

12. **Time Increments.** The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*. The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*. The Fee Examiner confirmed that the firm recorded time entries in tenths of an hour.

### Review of Fees

13. **Firm Staffing.** The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*. The Fee Application provided the names, positions, and hourly rates of the 27 Seyfarth professionals and paraprofessionals who billed to this matter, consisting of 9 partners, 1 of counsel, 9 associates, 5 paralegals, and 3 law clerks. A summary of hours and fees billed by each timekeeper is displayed in **Exhibit B**.[4]

---

[4] This Final Report includes exhibits that detail and support the findings discussed herein. Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits. For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

The firm billed a total of 779.70 hours with associated fees of $348,628.50.[5] The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 336.20 | 43% | $201,001.50 | 58% |
| Of Counsel | 0.10 | * | 51.00 | * |
| Associate | 372.40 | 48% | 134,820.50 | 39% |
| Paralegal | 38.50 | 5% | 10,123.00 | 3% |
| Law Clerk | 32.50 | 4% | 2,632.50 | * |
| TOTAL | 779.70 | 100% | $348,628.50 | 100% |

* Less than 1%

The blended hourly rate for the Seyfarth professionals is $473.93 and the blended hourly rate for professionals and paraprofessionals is $447.13.

14.    **Hourly Rate Increases.**  Seyfarth did not increase the hourly rate of any timekeeper during this interim period.

15.    **Timekeepers' Roles.**  A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4)*.  With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts.  On the whole, each Seyfarth timekeeper appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.  The Fee Examiner requested from Seyfarth supplemental information regarding the necessity of the efforts invoiced by the three timekeepers identified in **Exhibit C** to the Preliminary Report, totaling 1.20 hours with associated fees of $287.50.

In response, Seyfarth agreed to a fee reduction in the amount of $287.50.  Exhibit C is omitted from this report.

---

[5] This figure reflects the Fees Computed prior to application of the discount.

16.    **Meetings, Conferences, Hearings, and Other Events.**  The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" (*Local Rule 2016-2(d)(ix)*), and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*.  While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.  The Fee Examiner did not identify any occasions where two or more Seyfarth timekeepers attended the same meeting, conference, hearing, or other event.

17.    **Intraoffice Conferences.**  Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel.  The Fee Examiner identified billing activities describing intraoffice conferences totaling just 2.10 hours with associated fees of $846.00, and makes no recommendation for a fee reduction.

18.    **Complete and Detailed Task Descriptions.**  Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary."  The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*.  The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication.  Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*.  With limited exceptions, Seyfarth timekeepers sufficiently described the activities performed.

19.   **Administrative Activities.**   Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm.   The Fee Examiner identified 3.90 hours with $1,053.00 in associated fees (the entries were displayed in **Exhibit D** to the Preliminary Report) describing the preparation and revision of firm invoices.   While preparing fee applications is a compensable task, the actual preparation/review of firm invoices remains an administrative function.

In response to the Preliminary Report, Seyfarth consented to a fee reduction in the amount of $1,053.00 for the entries displayed in the attached Exhibit D.

20.   **Clerical Activities.**   Clerical activities are tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel[6] or support tasks for which the firm charged greater than market rate.   The Fee Examiner did not identify any time entries describing clerical activities.

21.   **Seyfarth Retention/Compensation.**   Seyfarth billed 33.60 hours with associated fees of $9,059.50 to prepare the firm's retention documents and applications for compensation, which computes to less than 3% of the Fees Computed.   The fee entries describing Seyfarth's retention/compensation activities are displayed in **Exhibit E**, included in this Final Report for the Court's reference.

**Review of Expenses**

22.   **Itemization of Expenses.**   The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual

---

[6] "Duties appropriate for office staff are considered part of a professional's overhead expenses and may not be billed to the estate." *Fibermark*, 349 B.R. at 397; *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758 769 (Bankr. E.D.N.Y. 2005) (overhead not compensable); *but see Bennett Funding*, 213 B.R. at 247-48 (discussing differing approaches to clerical work at professional rates).   These overhead activities may include: mailing; photocopying, word processing (including the creation of templates), formatting, creating spreadsheets, printing, organizing files, checking for docket updates, creating binders, and secretarial overtime. *Fibermark*, 349 B.R. at 396-97.

incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*. The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*. Seyfarth provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

23. **Photocopies.** The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii)*. The Fee Application stated that the firm's rate for copying charges is $0.10 per page.

24. **Facsimile.** The Local Rules provide that outgoing facsimile transmission charges shall not exceed $1.00 per page. *Local Rule 2016-2(e)(iii)*. Seyfarth stated in the Fee Application that the firm's rate for facsimile charges is $1.00 per page for outgoing facsimiles. However, the amount requested ($7.78) is not evenly divisible by $1.00. The Fee Examiner requested additional information regarding the facsimile costs requested in the Fee Application.

Seyfarth responded to the Preliminary Report by stating that prior to February 2010 the firm charged a fluctuating rate for facsimiles (the rate was always less than $1.00 per page) and that the $7.78 invoiced is the correct amount. The firm explained that as of February 2010 the facsimile rate is $1.00 per page.

25. **Computer Assisted Legal Research.** The Local Rules provide that computer assisted legal research charges "shall not be more than the actual cost." *Local Rule 2016-2 (e)(iii)*. Seyfarth requested reimbursement for computer assisted legal research charges totaling $701.32, and the Fee Application stated that "[c]omputer research is charged on a time, item and /or search-type basis which

takes advantage of certain discounts that Seyfarth is able to negotiate with its service providers due to the Firm's size and volume of usage. The Firm's charges for computerized legal research such as Westlaw or Lexis are based on a rate that recovers no more than the Firm's actual costs."

26. **Travel Meals.** The Fee Examiner applies the following per person ceilings for meals: $15.00 for breakfast, $25.00 for lunch, and $50.00 for dinner. Two meal charges appeared to exceed the ceiling amounts, and the Fee Examiner requested additional information.

Seyfarth provided the requested detail and verified that each meal charges was within the applicable ceiling. The Fee Examiner makes no recommendation for an expense reduction.

## CONCLUSION

The Fee Examiner submits this final report regarding the Fee Application and the fees and expenses discussed above. The Fee Examiner recommends the approval of fees in the amount of $311,061.35 ($313,576.65 minus $2,515.30) and reimbursement of expenses in the amount of $12,061.41 for the period from December 1, 2009 through February 28, 2010. The findings are summarized in the attached Appendix A.

Respectfully submitted,

**STUART MAUE**

By: _____

W. Andrew Dalton
3840 McKelvey Road
St. Louis, Missouri 63044
Telephone: (314) 291-3030
Facsimile: (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

## APPENDIX A

## SEYFARTH SHAW LLP

### SUMMARY OF FINDINGS

#### Second Quarterly Fee Application (December 1, 2009 through February 28, 2010)

##### A.    Amounts Requested and Computed

| | | |
|---|---|---|
| Fees Requested | $313,576.65 | |
| Expenses Requested | 12,061.41 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $325,638.06 |
| | | |
| Fees Computed | $348,628.50 | |
| Expenses Computed | 12,061.41 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $360,689.91 |
| | | |
| Discount on Fees | ($34,823.85) | |
| Discrepancy in Fees | (228.00) | |
| | | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | ($ 35,051.85) |

##### B.    Recommended Fee Allowance and Expense Reimbursement

| | | |
|---|---|---|
| Fees Requested | $313,576.65 | |
| *Discrepancy in Fees* | *$   228.00* | |
| *Agreed Reduction for Invoice 1670510* | *(1,117.80)* | |
| *Agreed Reduction for Block Billing/Non-Working Travel* | *(285.00)* | |
| *Agreed Reduction for Questioned Timekeepers* | *(287.50)* | |
| *Agreed Reduction for Administrative Activities* | *(1,053.00)* | |
| Subtotal | *($2,515.30)* | |
| | | |
| RECOMMENDED FEE ALLOWANCE | | $311,061.35 |
| | | |
| Expenses Requested | $12,061.41 | |
| | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 12,061.41 |
| | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $323,122.76 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 26th day of September, 2011.

Joseph J. McMahon, Jr., Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Mr. James F. Conlan
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Jeremy P. Sherman, Esq.
Partner
Seyfarth Shaw LLP
131 S. Dearborn Street, Suite 2400
Chicago, IL 60603-5577

W. Andrew Dalton

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

### COMPUTED AT STANDARD RATES

**Seyfarth Shaw LLP**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| JDME | Meer, Jon D. | PARTNER | $570.00 | $570.00 | 156.90 | $89,433.00 |
| JPSH | Sherman, Jeremy P. | PARTNER | $685.00 | $685.00 | 81.00 | $55,485.00 |
| KEMI | Michaels, Kristin E. | PARTNER | $570.00 | $570.00 | 85.30 | $48,621.00 |
| COLS | Olson, Camille | PARTNER | $680.00 | $680.00 | 3.50 | $2,380.00 |
| NFIN | Finkel, Noah | PARTNER | $510.00 | $510.00 | 4.40 | $2,244.00 |
| GPAU | Pauling II, Gerald | PARTNER | $560.00 | $560.00 | 3.10 | $1,736.00 |
| TLHI | Hix, Timothy | PARTNER | $475.00 | $475.00 | 1.20 | $570.00 |
| ECER | Cerasia II, Edward | PARTNER | $720.00 | $720.00 | 0.50 | $360.00 |
| CMCG | McGlothlen, Condon | PARTNER | $575.00 | $575.00 | 0.30 | $172.50 |
| | No. of Billers for Position: 9 | Blended Rate for Position: | $597.86 | | 336.20 | $201,001.50 |
| | | | | % of Total: | 43.12% | % of Total: 57.65% |
| GHER | Hertan, Gaye | OF COUNSEL | $510.00 | $510.00 | 0.10 | $51.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $510.00 | | 0.10 | $51.00 |
| | | | | % of Total: | 0.01% | % of Total: 0.01% |
| DHYU | Hyun, Dennis | ASSOCIATE | $400.00 | $400.00 | 176.60 | $70,640.00 |
| JWIL | Wilson, Justin | ASSOCIATE | $285.00 | $285.00 | 121.30 | $34,570.50 |
| KOSG | Osgood, Karen | ASSOCIATE | $420.00 | $420.00 | 36.40 | $15,288.00 |
| TRUS | Rusche, Timothy | ASSOCIATE | $435.00 | $435.00 | 17.50 | $7,612.50 |
| SYAN | Yang, Simon | ASSOCIATE | $285.00 | $285.00 | 12.70 | $3,619.50 |
| CDRC | Del Rey-Cone, Christie | ASSOCIATE | $460.00 | $460.00 | 2.70 | $1,242.00 |
| BLSP | Spurlock, Brandon | ASSOCIATE | $365.00 | $365.00 | 3.20 | $1,168.00 |
| AJON | Jones, Aleka | ASSOCIATE | $330.00 | $330.00 | 1.50 | $495.00 |
| JSOW | Sowka, James | ASSOCIATE | $370.00 | $370.00 | 0.50 | $185.00 |
| | No. of Billers for Position: 9 | Blended Rate for Position: | $362.03 | | 372.40 | $134,820.50 |
| | | | | % of Total: | 47.76% | % of Total: 38.67% |
| JMCM | McManus, Jennifer | PARALEGAL | $270.00 | $270.00 | 32.40 | $8,748.00 |
| DJIM | Jimenez, David | PARALEGAL | $220.00 | $220.00 | 4.30 | $946.00 |

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Seyfarth Shaw LLP**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| MHAL | Halperin, Malerie | PARALEGAL | $275.00 | $275.00 | 1.10 | $302.50 |
| MTRU | Trull, Michele | PARALEGAL | $255.00 | $255.00 | 0.30 | $76.50 |
| NBOU | Bouchard, Nina | PARALEGAL | $125.00 | $125.00 | 0.40 | $50.00 |
| | No. of Billers for Position: 5 | Blended Rate for Position: | $262.94 | | 38.50 | $10,123.00 |
| | | | | % of Total: | 4.94% | % of Total: 2.90% |
| LLI | Li, Leo | LAW CLERK | $80.00 | $80.00 | 25.20 | $2,016.00 |
| RCAS | Cassutt, Ryan | LAW CLERK | $85.00 | $85.00 | 6.50 | $552.50 |
| MAFA | Afar, Michael | LAW CLERK | $80.00 | $80.00 | 0.80 | $64.00 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $81.00 | | 32.50 | $2,632.50 |
| | | | | % of Total: | 4.17% | % of Total: 0.76% |
| | Total No. of Billers: 27 | Blended Rate for Report: | $447.13 | | 779.70 | $348,628.50 |

EXHIBIT D

ADMINISTRATIVE ACTIVITIES

Seyfarth Shaw LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| McManus, J | 3.90 | 1,053.00 |
| | 3.90 | $1,053.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Tribune - Bankruptcy Fee Application | 3.90 | 1,053.00 |
| | 3.90 | $1,053.00 |

EXHIBIT D

ADMINISTRATIVE ACTIVITIES

Seyfarth Shaw LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 12/02/09 Wed | McManus, J 1679394/178 | 1.20 | 0.60 | 162.00 | 0.60 0.60 | F F | 1 2 | *MATTER NAME: Tribune - Bankruptcy Fee Application* PREPARE TIME DETAIL FOR INTERIM FEE APPLICATION (.60): REVISE EXHIBIT TO J. SHERMAN SECOND SUPPLEMENTAL AFFIDAVIT (.60). |
| 12/10/09 Thu | McManus, J 1679394/183 | 1.50 | 0.50 | 135.00 | 0.20 0.70 0.50 0.10 | F F F F | 1 2 3 4 | *MATTER NAME: Tribune - Bankruptcy Fee Application* COMMUNICATIONS WITH J. LUDWIG REGARDING RETENTION APPLICATION AND NOVEMBER FEE APPLICATION PREPARATION (.20): PREPARE FEE APPLICATION (.70): REVIEW AND REORGANIZE TIME DETAIL (.50): CONFER WITH J. SHERMAN REGARDING FEE APPLICATION MATTERS (.10). |
| 12/11/09 Fri | McManus, J 1679394/184 | 0.60 | 0.60 | 162.00 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* REVISE FEE APPLICATION DETAIL. |
| 12/15/09 Tue | McManus, J 1679394/185 | 0.80 | 0.40 | 108.00 | 0.40 0.10 0.30 | F F F | 1 2 3 | *MATTER NAME: Tribune - Bankruptcy Fee Application* COMMUNICATIONS REGARDING TIME DETAIL EDITS FOR SECOND MONTHLY FEE APPLICATION (.40): TELEPHONE CONFERENCE WITH DEBTORS' COUNSEL REGARDING FEE APPLICATION AND RETENTION APPLICATION (.10): REVISE SECOND SUPPLEMENTAL AFFIDAVIT OF J. SHERMAN (.30). |
| 01/08/10 Fri | McManus, J 1689898/263 | 0.50 | 0.50 | 135.00 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* REVISE NOVEMBER MONTHLY FEE STATEMENT. |
| 01/12/10 Tue | McManus, J 1689898/264 | 1.20 | 0.40 | 108.00 | 0.30 0.40 0.10 0.40 | F F F F | 1 2 3 4 | *MATTER NAME: Tribune - Bankruptcy Fee Application* CONFERENCE WITH O. REYES REGARDING FINALIZING FEE APPLICATION (.30): REVISE FEE APPLICATION CHARTS (.40): ASSEMBLE FINALIZED DETAIL FOR NOVEMBER FEE APPLICATION (.10): COMMENCE PREPARATION OF DECEMBER MONTHLY FEE STATEMENT (.40). |
| 02/19/10 Fri | McManus, J 1699634/7 | 1.40 | 0.90 | 243.00 | 0.50 0.90 | F F | 1 2 | *MATTER NAME: Tribune - Bankruptcy Fee Application* REVISE FEE AUDITOR RESPONSE AND FORWARD SAME (.50): REVISE DECEMBER MONTHLY FEE STATEMENT (.90). |
| Total Number of Entries: | 7 | | 3.90 | $1,053.00 | | | | |

~ See the last page of exhibit for explanation

EXHIBIT D

ADMINISTRATIVE ACTIVITIES

Seyfarth Shaw LLP

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| McManus, J | 3.90 | 1,053.00 |
| | 3.90 | $1,053.00 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Tribune - Bankruptcy Fee Application | 3.90 | 1,053.00 |
| | 3.90 | $1,053.00 |

(–) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL

EXHIBIT E

SEYFARTH RETENTION/COMPENSATION

Seyfarth Shaw LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Bouchard, N | 0.40 | 50.00 |
| McManus, J | 32.40 | 8,748.00 |
| Sowka, J | 0.50 | 185.00 |
| Trull, M | 0.30 | 76.50 |
| | 33.60 | $9,059.50 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Tribune - Bankruptcy Fee Application | 33.60 | 9,059.50 |
| | 33.60 | $9,059.50 |

EXHIBIT E

SEYFARTH RETENTION/COMPENSATION

Seyfarth Shaw LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 12/01/09 Tue | McManus, J 1679394/176 | 0.60 | 0.60 | 162.00 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>PREPARE EXHIBIT A TO J. SHERMAN SUPPLEMENTAL DECLARATION. |
| 12/01/09 Tue | McManus, J 1679394/177 | 0.50 | 0.50 | 135.00 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>PREPARE SUPPLEMENTAL AFFIDAVIT OF J. SHERMAN. |
| 12/02/09 Wed | McManus, J 1679394/178 | 1.20 | 1.20 | 324.00 | 0.60<br>0.60 | F<br>F | 1<br>2 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>PREPARE TIME DETAIL FOR INTERIM FEE APPLICATION (.60);<br>REVISE EXHIBIT TO J. SHERMAN SECOND SUPPLEMENTAL AFFIDAVIT (.60). |
| 12/03/09 Thu | Bouchard, N 1679394/180 | 0.40 | 0.40 | 50.00 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>ASSIST J. MCMANUS WITH REVISIONS TO MOTION TO RETAIN SEYFARTH SHAW AND SUPPORTING AFFIDAVIT. |
| 12/03/09 Thu | McManus, J 1679394/179 | 0.70 | 0.70 | 189.00 | 0.60<br>0.10 | F<br>F | 1<br>2 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>PREPARE RETENTION APPLICATION FOR SEYFARTH (.60);<br>CONFER WITH N. BOUCHARD REGARDING SAME (.10). |
| 12/08/09 Tue | McManus, J 1679394/181 | 0.70 | 0.70 | 189.00 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>REVISE FEE APPLICATION DETAIL. |
| 12/09/09 Wed | McManus, J 1679394/182 | 1.20 | 1.20 | 324.00 | 0.50<br>0.50<br>0.20 | F<br>F<br>F | 1<br>2<br>3 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>REVISE SUPPLEMENTAL AFFIDAVIT OF J. SHERMAN (.50);<br>REVISE RETENTION MORION (.50);<br>COMMUNICATIONS WITH DEBTORS' COUNSEL REGARDING SAME (.20). |
| 12/10/09 Thu | McManus, J 1679394/183 | 1.50 | 1.50 | 405.00 | 0.20<br>0.70<br>0.50<br>0.10 | F<br>F<br>F<br>F | 1<br>2<br>3<br>4 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>COMMUNICATIONS WITH J. LUDWIG REGARDING RETENTION APPLICATION AND NOVEMBER FEE APPLICATION PREPARATION (.20);<br>PREPARE FEE APPLICATION (.70);<br>REVIEW AND REORGANIZE TIME DETAIL (.50);<br>CONFER WITH J. SHERMAN REGARDING FEE APPLICATION MATTERS (.10). |
| 12/11/09 Fri | McManus, J 1679394/184 | 0.60 | 0.60 | 162.00 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>REVISE FEE APPLICATION DETAIL. |
| 12/15/09 Tue | McManus, J 1679394/185 | 0.80 | 0.80 | 216.00 | 0.40<br>0.10<br>0.30 | F<br>F<br>F | 1<br>2<br>3 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>COMMUNICATIONS REGARDING TIME DETAIL EDITS FOR SECOND MONTHLY FEE APPLICATION (.40);<br>TELEPHONE CONFERENCE WITH DEBTORS' COUNSEL REGARDING FEE APPLICATION AND RETENTION APPLICATION (.10);<br>REVISE SECOND SUPPLEMENTAL AFFIDAVIT OF J. SHERMAN (.30). |
| 12/17/09 Thu | McManus, J 1679394/186 | 0.60 | 0.60 | 162.00 | 0.50<br>0.10 | F<br>F | 1<br>2 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>REVISE RETENTION APPLICATION (.50);<br>COMMUNICATIONS WITH J. LUDWIG REGARDING SAME (.10). |

~  See the last page of exhibit for explanation

EXHIBIT E

SEYFARTH RETENTION/COMPENSATION

Seyfarth Shaw LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 12/18/09 Fri | McManus, J 1679394/187 | 1.80 | 1.80 | 486.00 | 0.30 0.50 0.10 0.90 | F F F F | 1 2 3 4 | MATTER NAME: Tribune - Bankruptcy Fee Application ASSEMBLE ADDITIONAL INFORMATION FOR RETENTION MOTION (.30); REVISE MOTION (.50); CONFER WITH J. SHERMAN REGARDING SAME (.10); PREPARE AND REVISE J. SHERMAN DECLARATION (.90). |
| 12/18/09 Fri | McManus, J 1679394/188 | 0.50 | 0.50 | 135.00 | 0.40 0.10 | F F | 1 2 | MATTER NAME: Tribune - Bankruptcy Fee Application REVISE FEE APPLICATION (.40); CONFER WITH J. SHERMAN REGARDING SAME (.10). |
| 12/21/09 Mon | McManus, J 1679394/189 | 0.20 | 0.20 | 54.00 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application COMMUNICATIONS WITH J. LUDWIG REGARDING REVISIONS TO RETENTION APPLICATION. |
| 12/22/09 Tue | McManus, J 1679394/190 | 0.40 | 0.40 | 108.00 | 0.20 0.10 0.10 | F F F | 1 2 3 | MATTER NAME: Tribune - Bankruptcy Fee Application TELEPHONE CONFERENCE AND E-MAIL COMMUNICATIONS WITH J. LUDWIG REGARDING ADDITIONAL EDITS TO RETENTION APPLICATION (.20); CONFER WITH J. SOWKA REGARDING SAME (.10); REVIEW CASE DOCKET REGARDING MOTIONS TO LIFT STAY (.10). |
| 12/23/09 Wed | McManus, J 1679394/191 | 0.50 | 0.50 | 135.00 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application REVISE EXHIBIT A TO SHERMAN DECLARATION. |
| 12/31/09 Thu | McManus, J 1679394/192 | 0.60 | 0.60 | 162.00 | 0.10 0.50 | F F | 1 2 | MATTER NAME: Tribune - Bankruptcy Fee Application COMMUNICATIONS WITH J. LUDWIG REGARDING REVISING AND FINALIZING RETENTION MOTION (.10); FINALIZE SHERMAN DECLARATION (.50). |
| 01/04/10 Mon | McManus, J 1689898/260 | 0.80 | 0.80 | 216.00 | 0.70 0.10 | F F | 1 2 | MATTER NAME: Tribune - Bankruptcy Fee Application REVISE RETENTION MOTION AND SUPPORTING DECLARATION (.70); CONFERENCE WITH J. SOWKA AND J. LUDWIG REGARDING SAME (.10). |
| 01/04/10 Mon | Sowka, J 1689898/256 | 0.10 | 0.10 | 37.00 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application REVIEW AND REVISE DECLARATION ACCOMPANYING APPLICATION FOR EMPLOYMENT. |
| 01/04/10 Mon | Sowka, J 1689898/257 | 0.20 | 0.20 | 74.00 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application REVIEW AND REVISE APPLICATION FOR EMPLOYMENT IN TRIBUNE BANKRUPTCY. |
| 01/04/10 Mon | Sowka, J 1689898/258 | 0.10 | 0.10 | 37.00 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application DRAFT EMAIL TO J. MCMANUS REGARDING REVISIONS TO THE DECLARATION ACCOMPANYING THE APPLICATION FOR EMPLOYMENT. |
| 01/04/10 Mon | Sowka, J 1689898/259 | 0.10 | 0.10 | 37.00 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application REVIEW REDLINE CHANGES TO APPLICATION FOR EMPLOYMENT FROM J. LUDWIG. |
| 01/05/10 Tue | McManus, J 1689898/261 | 0.90 | 0.90 | 243.00 | 0.50 0.40 | F F | 1 2 | MATTER NAME: Tribune - Bankruptcy Fee Application REVISE AND FINALIZE SHERMAN DECLARATION (.50); FINALIZE EXHIBIT 2 TO DECLARATION (.40). |

~ See the last page of exhibit for explanation

EXHIBIT E

SEYFARTH RETENTION/COMPENSATION

Seyfarth Shaw LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 01/07/10 Thu | McManus, J 1689898/262 | 0.50 | 0.50 | 135.00 | 0.30 0.20 | F F | 1 2 | MATTER NAME: Tribune - Bankruptcy Fee Application MULTIPLE E-MAIL COMMUNICATIONS WITH J. LUDWIG REGARDING RETENTION APPLICATION AND SHERMAN DECLARATION (.30); REVIEW AND REVISE DECLARATION (.20). |
| 01/08/10 Fri | McManus, J 1689898/263 | 0.50 | 0.50 | 135.00 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application REVISE NOVEMBER MONTHLY FEE STATEMENT. |
| 01/12/10 Tue | McManus, J 1689898/264 | 1.20 | 1.20 | 324.00 | 0.30 0.40 0.10 0.40 | F F F F | 1 2 3 4 | MATTER NAME: Tribune - Bankruptcy Fee Application CONFERENCE WITH O. REYES REGARDING FINALIZING FEE APPLICATION (.30); REVISE FEE APPLICATION CHARTS (.40); ASSEMBLE FINALIZED DETAIL FOR NOVEMBER FEE APPLICATION (.10); COMMENCE PREPARATION OF DECEMBER MONTHLY FEE STATEMENT (.40). |
| 01/13/10 Wed | McManus, J 1689898/265 | 0.80 | 0.80 | 216.00 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application PREPARE DECEMBER MONTHLY FEE APPLICATION. |
| 01/13/10 Wed | McManus, J 1689898/266 | 1.10 | 1.10 | 297.00 | 0.20 0.80 0.10 | F F F | 1 2 3 | MATTER NAME: Tribune - Bankruptcy Fee Application REVISE SUMMARY OF FEE AND EXPENSES (.20); REVISE EXHIBITS B, C AND D TO MONTHLY FEE APPLICATION (.80); TELEPHONE CONFERENCE WITH J. LUDWIG REGARDING MONTHLY FEE APPLICATIONS AND FIRST QUARTERLY FEE APPLICATION (.10). |
| 01/14/10 Thu | McManus, J 1689898/268 | 1.20 | 1.20 | 324.00 | 0.90 0.30 | F F | 1 2 | MATTER NAME: Tribune - Bankruptcy Fee Application ASSEMBLE AND REVIEW TIME DETAIL FOR PREPARATION OF EXHIBITS TO DECEMBER MONTHLY FEE STATEMENT (.90); MULTIPLE CONFERENCES WITH O. REYES REGARDING SAME (.30). |
| 01/14/10 Thu | Trull, M 1689898/267 | 0.30 | 0.30 | 76.50 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application REVISE FEE SUMMARY CHART FOR MONTHLY FEE APPLICATION. |
| 01/19/10 Tue | McManus, J 1689898/269 | 1.60 | 1.60 | 432.00 | 0.40 1.20 | F F | 1 2 | MATTER NAME: Tribune - Bankruptcy Fee Application PREPARE DECEMBER MONTHLY FEE APPLICATION (.40); PREPARE QUARTERLY FEE APPLICATION (1.20). |
| 01/21/10 Thu | McManus, J 1689898/270 | 1.40 | 1.40 | 378.00 | 0.90 0.50 | F F | 1 2 | MATTER NAME: Tribune - Bankruptcy Fee Application REVISE DECEMBER MONTHLY FEE APPLICATION (.90); ASSEMBLE TIME DETAIL FOR EXHIBIT D TO FEE APPLICATION (.50). |
| 01/22/10 Fri | McManus, J 1689898/271 | 1.80 | 1.80 | 486.00 | 0.80 0.40 0.50 0.10 | F F F F | 1 2 3 4 | MATTER NAME: Tribune - Bankruptcy Fee Application REVISE FIRST QUARTERLY FEE APPLICATION (.80); REVISE DECEMBER MONTHLY FEE APPLICATION (.40); PREPARE EXHIBITS TO DECEMBER MONTHLY FEE APPLICATION (.50); TELEPHONE CONFERENCE WITH LOCAL COUNSEL REGARDING ASSEMBLY AND FILING OF NOVEMBER MONTHLY FEE APPLICATION (.10). |
| 01/25/10 Mon | McManus, J 1689898/272 | 1.40 | 1.40 | 378.00 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application PREPARE QUARTERLY FEE APPLICATION. |

~ See the last page of exhibit for explanation

EXHIBIT E

SEYFARTH RETENTION/COMPENSATION

Seyfarth Shaw LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 01/29/10 Fri | McManus, J 1689898/273 | 0.70 | 0.70 | 189.00 | 0.20 0.10 0.40 | F F F | 1 2 3 | MATTER NAME: Tribune - Bankruptcy Fee Application REVIEW FEE AUDITOR REPORT (.20): DISCUSS PREPARATION OF RESPONSE TO FEE AUDITOR REPORT THE J. SHERMAN (.10): ASSEMBLE RESPONSES (.40). |
| 02/02/10 Tue | McManus, J 1699634/1 | 0.50 | 0.50 | 135.00 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application PREPARE RESPONSE TO FEE AUDITOR REPORT. |
| 02/05/10 Fri | McManus, J 1699634/2 | 0.70 | 0.70 | 189.00 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application BEGIN PREPARATION OF JANUARY MONTHLY FEE APPLICATION. |
| 02/10/10 Wed | McManus, J 1699634/3 | 0.70 | 0.70 | 189.00 | 0.50 0.20 | F F | 1 2 | MATTER NAME: Tribune - Bankruptcy Fee Application PREPARE RESPONSE TO FEE AUDITOR (.50): CONFERENCE WITH O. REYES REGARDING SAME (.20). |
| 02/11/10 Thu | McManus, J 1699634/4 | 1.10 | 1.10 | 297.00 | 0.40 0.10 0.60 | F F F | 1 2 3 | MATTER NAME: Tribune - Bankruptcy Fee Application ASSEMBLE ADDITIONAL INFORMATION FOR FEE AUDITOR REPORT (.40): TELEPHONE CONFERENCE WITH FEE AUDITOR REGARDING SAME (.10): REVISE QUARTERLY FEE APPLICATION (.60). |
| 02/12/10 Fri | McManus, J 1699634/5 | 0.90 | 0.90 | 243.00 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application REVISE DECEMBER MONTHLY FEE APPLICATION IN PREPARATION FOR FILING. |
| 02/16/10 Tue | McManus, J 1699634/6 | 0.80 | 0.80 | 216.00 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application REVISE QUARTERLY FEE APPLICATION. |
| 02/19/10 Fri | McManus, J 1699634/7 | 1.40 | 1.40 | 378.00 | 0.50 0.90 | F F | 1 2 | MATTER NAME: Tribune - Bankruptcy Fee Application REVISE FEE AUDITOR RESPONSE AND FORWARD SAME (.50): REVISE DECEMBER MONTHLY FEE STATEMENT (.90). |
| Total | | | 33.60 | $9,059.50 | | | | |
| Number of Entries: | 42 | | | | | | | |

~  See the last page of exhibit for explanation

EXHIBIT E

SEYFARTH RETENTION/COMPENSATION

Seyfarth Shaw LLP

## SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Bouchard, N | 0.40 | 50.00 |
| McManus, J | 32.40 | 8,748.00 |
| Sowka, J | 0.50 | 185.00 |
| Trull, M | 0.30 | 76.50 |
| | 33.60 | $9,059.50 |

## SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Tribune - Bankruptcy Fee Application | 33.60 | 9,059.50 |
| | 33.60 | $9,059.50 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F       FINAL BILL