**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**FEE EXAMINER'S FINAL REPORT REGARDING THE EIGHTH INTERIM FEE APPLICATION REQUEST OF PAUL, HASTINGS, JANOFSKY & WALKER LLP**

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Eighth Interim Fee Application Request of Paul, Hastings, Janofsky & Walker LLP* [Docket No. 7478] (the "**Fee Application**"). The Fee Application seeks approval of fees

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

that total $7,182.00 and reimbursement of expenses that total $1,790.00 for the period from September 1, 2010 through November 30, 2010. Paul, Hastings, Janofsky & Walker LLP ("**Paul Hastings**") serves as special counsel to the Debtors for general real estate and related matters.

**Background**

1. On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. Under this Court's *Order Directing Joint Administration Chapter 11 Cases* dated December 10, 2009 [Docket No. 43], these cases are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.

2. On December 26, 2008, the Debtors filed their *Application Pursuant to Section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014 Authorized the Retention and Employment of Paul, Hastings, Janofsky and Walker, LLP as special counsel general real estate and related matters for the Debtors Nunc Pro Tunc to the Petition Date* [Docket No. 144] (the "**Retention Application**"). The Retention Application sought the authority to employ and retain as special counsel to the Debtors and Debtors-in-Possession for general real estate and related matters. By order dated February 3, 2009, this Court approved the retention of Paul Hastings [Docket No. 323] (the "**Retention Order**").

3. Paul Hastings submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members under 11 U.S.C. §§ 105(a) and 331* [Docket No. 225] (the "**Interim Compensation Order**").

**Applicable Standards**

4. In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals

to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

5. The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6. Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C.* § *330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C.* §§ *330(a)(3)(A-F)*.

7. A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses

were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

8. The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to Paul Hastings for review and comment. The firm submitted a written response to the Preliminary Report. After evaluation and consideration of the additional information provided by Paul Hastings, the Fee Examiner submits this Final Report for the Court's consideration. This Final Report is in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of the applicant meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2, and also informs the Court of all proposed consensual resolutions of the fee and/or expense reimbursement request for the professional and the basis for such proposed consensual resolution.

## DISCUSSION OF FINDINGS

### Technical Requirements

9. **Reconciliation of Fees and Expenses.** The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**"). The Fee Examiner identified no discrepancies between the Fees Requested and the Fees Computed, nor any discrepancies between the Expenses Requested and the Expenses Computed.

10. **Block Billing.** The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local*

*Rule 2016-2(d)(vii)*. The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[2] Paul Hastings complied with the Local Rules and UST Guidelines, as the Fee Examiner did not identify any instances of block billing.

11. **Time Increments.** The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*. The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*. The Fee Examiner confirmed that the firm recorded time entries in tenths of an hour.

**Review of Fees**

12. **Firm Staffing.** The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*. The Fee Application provided the names, positions, and hourly rates of the five Paul Hastings professionals and paraprofessionals who billed to this matter, consisting of one partner, one of counsel, two associates, and one senior paralegal. A summary of hours and fees billed by each timekeeper is displayed in **Exhibit A**.[3]

---

[2] The judicial response to block billing varies. Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007). Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

[3] This Final Report includes exhibits that detail and support the findings discussed herein. Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits. For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

The firm billed a total of 13.40 hours with associated fees of $7,182.00. The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 1.70 | 13% | $1,445.00 | 20% |
| Of Counsel | 1.00 | 7% | 690.00 | 10% |
| Associate | 8.20 | 61% | 4,247.00 | 59% |
| Senior Paralegal | 2.50 | 19% | 800.00 | 11% |
| **TOTAL** | 13.40 | 100% | $7,182.00 | 100% |

The blended hourly rate for the Paul Hastings professionals is $585.50 and the blended hourly rate for professionals and paraprofessionals is $535.97.

13. **<u>Hourly Rate Increases.</u>** Paul Hastings did not increase the hourly rate of any timekeeper during this interim period.

14. **<u>Timekeepers' Roles.</u>** A court may not allow compensation of fees for duplicative or unnecessary services. *See* 11 *U.S.C.* § *330(4)*. With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts. Each Paul Hastings timekeeper appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.

15. **<u>Meetings, Conferences, Hearings, and Other Events.</u>** The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" (*Local Rule 2016-2(d)(ix)*), and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*. While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each

participant's role. The Fee Examiner identified no instances of multiple attendance by Paul Hasting timekeepers.

16. **Intraoffice Conferences.** Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified minimal fees resulting from intraoffice conferences: 0.10 hour with $39.50 in associated fees, or less than 1% of the Fees Computed.

17. **Complete and Detailed Task Descriptions.** Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." Firm timekeepers sufficiently described the activities performed.

18. **Administrative Activities.** Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. The Fee Examiner identified tasks in the Fee Application that described administrative activities relating to preparing and processing firm invoices. While the preparation of fee applications is compensable, preparing and reviewing firm invoices -- a task that is necessary for any firm engagement, whether bankruptcy or non-bankruptcy -- remains an administrative task to be absorbed by the firm. The entries, totaling 1.50 hours and fees of $517.50, were provided to the firm in **Exhibit B** to the Preliminary Report.

In response, Paul Hastings agreed to a voluntary fee reduction of $517.50 for the activities displayed in the attached Exhibit B.

19. **Clerical Activities.** Clerical activities are tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel[4] or support

---

[4] "Duties appropriate for office staff are considered part of a professional's overhead expenses and may not be billed to the estate." *Fibermark*, 349 B.R. at 397; *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758 769 (Bankr. E.D.N.Y. 2005) (overhead not compensable); *but see Bennett Funding*, 213 B.R. at 247-48 (discussing differing approaches to clerical work at professional rates). These overhead activities may include: mailing; photocopying, word processing (including the creation of templates), formatting, creating spreadsheets, printing,

tasks for which the firm charged more than the market rate. The Fee Application contained no clerical tasks.

20. **Travel.** The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*. The Fee Examiner did not identify any time entries describing travel.

21. **Paul Hastings Retention/Compensation.** Paul Hastings billed 5.90 hours with associated fees of $2,365.00 to prepare the firm's retention documents and applications for compensation, which computes to approximately 33% of the Fees Computed, a large percentage but in terms of dollars not significantly more than past applications. The fee entries describing Paul Hastings' retention/compensation activities are displayed in **Exhibit C**, included in this Final Report for the Court's reference.

**Review of Expenses**

22. **Itemization of Expenses.** The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*. The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*. Paul Hastings provided an itemization for the firm expenses that included the category, the date, the description, the amount, and

---

organizing files, checking for docket updates, creating binders, and secretarial overtime. *Fibermark*, 349 B.R. at 396-97.

the name of the timekeeper who incurred the charge. The Fee Examiner found no non-compliant or objectionable expense items.

**CONCLUSION**

The Fee Examiner submits this final report regarding the Application and the fees and expenses discussed above. The Fee Examiner recommends the approval of fees in the amount of $6,664.50 ($7,182.00 minus $517.50) and reimbursement of expenses in the amount of $1,790.00 for the period from September 1, 2010 through November 30, 2010. The findings are summarized in the attached Appendix A.

Respectfully submitted,

**STUART MAUE**

By: ______________________________

W. Andrew Dalton
3840 McKelvey Road
St. Louis, Missouri 63044
Telephone: (314) 291-3030
Facsimile: (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

## APPENDIX A

## PAUL, HASTINGS, JANOFSKY & WALKER, LLP

### SUMMARY OF FINDINGS

### Eighth Interim Fee Application Request (September 1, 2010 through November 30, 2010)

### A. Amounts Requested and Computed

| | | |
|---|---|---|
| Fees Requested | $7,182.00 | |
| Expenses Requested | 1,790.00 | |
| TOTAL FEES AND EXPENSES REQUESTED | | $8,972.00 |
| Fees Computed | $7,182.00 | |
| Expenses Computed | 1,790.00 | |
| TOTAL FEES AND EXPENSES COMPUTED | | $8,972.00 |

### B. Recommended Fee Allowance and Expense Reimbursement

| | | | |
|---|---|---|---|
| Fees Requested | $7,182.00 | | |
| *Agreed Reduction for Administrative Activities* | | *($517.50)* | |
| Subtotal | | *($517.50)* | |
| RECOMMENDED FEE ALLOWANCE | | | $6,664.50 |
| Expenses Requested | $1,790.00 | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | | 1,790.00 |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | | $8,454.50 |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 26th day of September, 2011.

Joseph J. McMahon, Jr., Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for Prepetition Lenders, JP Morgan Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Mr. James F. Conlan
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for Prepetition Lenders, JP Morgan Chase Bank, N.A.)

Richard A. Chesley, Esq.
Paul, Hastings, Janofsky & Walker LLP
191 N. Wacker Drive, 30th Floor
Chicago, IL 60606

W. Andrew Dalton

**EXHIBIT A**

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Paul, Hastings, Janofsky & Walker LLP**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | | HOURS COMPUTED | | FEES COMPUTED |
|---|---|---|---|---|---|---|---|---|
| DJP2 | Perlman, Daniel J. | PARTNER | $850.00 | $850.00 | | 1.70 | | $1,445.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $850.00 | | | 1.70 | | $1,445.00 |
| | | | | | % of Total: | 12.69% | % of Total: | 20.12% |
| KDN | Newmarch, Kimberly D. | OF COUNSEL | $690.00 | $690.00 | | 1.00 | | $690.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $690.00 | | | 1.00 | | $690.00 |
| | | | | | % of Total: | 7.46% | % of Total: | 9.61% |
| JPB7 | Bender, Justin P. | ASSOCIATE | $605.00 | $605.00 | | 4.80 | | $2,904.00 |
| HS5 | Snow, Holly | ASSOCIATE | $395.00 | $395.00 | | 3.40 | | $1,343.00 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $517.93 | | | 8.20 | | $4,247.00 |
| | | | | | % of Total: | 61.19% | % of Total: | 59.13% |
| RPR | Rosen, Ruth P. | SR PARALEGAL | $320.00 | $320.00 | | 2.50 | | $800.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $320.00 | | | 2.50 | | $800.00 |
| | | | | | % of Total: | 18.66% | % of Total: | 11.14% |
| | Total No. of Billers: 5 | Blended Rate for Report: | $535.97 | | | 13.40 | | $7,182.00 |

EXHIBIT B

ADMINISTRATIVE ACTIVITIES

Paul, Hastings, Janofsky & Walker LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Rosen, R | 1.00 | 320.00 |
| Snow, H | 0.50 | 197.50 |
| | 1.50 | $517.50 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| 11202 Franklin Avenue, Franklin Park, IL | 0.30 | 96.00 |
| 3722 Ventura Dr., Arlington Heights, IL | 0.30 | 96.00 |
| Post-Petition General Matter | 0.90 | 325.50 |
| | 1.50 | $517.50 |

EXHIBIT B

ADMINISTRATIVE ACTIVITIES

Paul, Hastings, Janofsky & Walker LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | *MATTER NAME: Post-Petition General Matter* |
| 10/07/10 Thu | Rosen, R 1858985/16 | 0.10 | 0.10 | 32.00 | 0.10 | F | 1 | FORWARD SEVENTH INTERIM FEE APPLICATION TO K. NEWMARCH FOR REVIEW (0.1) |
| | | | | | | | | *MATTER NAME: Post-Petition General Matter* |
| 10/08/10 Fri | Rosen, R 1858985/17 | 0.10 | 0.10 | 32.00 | 0.10 | F | 1 | FORWARD PROPOSED TRIBUNE OMNIBUS FEE ORDER FOR THIRD INTERIM FEE PERIOD (JUNE 1, 2009 TO AUGUST 31, 2009) TO T. GOFFREDO IN ACCOUNTING FOR REVIEW (0.1) |
| | | | | | | | | *MATTER NAME: Post-Petition General Matter* |
| 10/18/10 Mon | Snow, H 1858985/19 | 0.20 | 0.20 | 79.00 | 0.20 | F | 1 | REVIEW SEPTEMBER BILL (0.2) |
| | | | | | | | | *MATTER NAME: 3722 Ventura Dr., Arlington Heights, IL* |
| 10/20/10 Wed | Rosen, R 1858983/23 | 0.30 | 0.30 | 96.00 | 0.10 | F | 1 | INVESTIGATION, RESEARCH REGARDING PAYMENT STATUS OF CHICAGO TITLE INVOICES ORDERED BY S. TYBOR IN 2009 (0.1); |
| | | | | | 0.10 | F | 2 | SECURE PAYMENT AUTHORIZATION REGARDING SAME SINCE PAYMENT OUTSTANDING (0.1); |
| | | | | | 0.10 | F | 3 | FORWARD INVOICES TO ACCOUNTING FOR IMMEDIATE PROCESSING (0.1) |
| | | | | | | | | *MATTER NAME: 11202 Franklin Avenue, Franklin Park, IL* |
| 10/20/10 Wed | Rosen, R 1858984/22 | 0.30 | 0.30 | 96.00 | 0.10 | F | 1 | INVESTIGATION, RESEARCH REGARDING PAYMENT STATUS OF CHICAGO TITLE INVOICES ORDERED BY S. TYBOR IN 2009 (0.1); |
| | | | | | 0.10 | F | 2 | SECURE PAYMENT AUTHORIZATION REGARDING SAME SINCE PAYMENT OUTSTANDING (0.1); |
| | | | | | 0.10 | F | 3 | FORWARD INVOICES TO ACCOUNTING FOR IMMEDIATE PROCESSING (0.1) |
| | | | | | | | | *MATTER NAME: Post-Petition General Matter* |
| 11/09/10 Tue | Rosen, R 1862922/20 | 0.20 | 0.20 | 64.00 | 0.20 | F | 1 | REVIEW AND REVISE OCTOBER BILLS (0.2) |
| | | | | | | | | *MATTER NAME: Post-Petition General Matter* |
| 11/24/10 Wed | Snow, H 1862922/21 | 0.30 | 0.30 | 118.50 | 0.30 | F | 1 | REVIEW OCTOBER BILLS (0.3) |
| Total | | | 1.50 | $517.50 | | | | |
| Number of Entries: | 7 | | | | | | | |

~ See the last page of exhibit for explanation

EXHIBIT B

ADMINISTRATIVE ACTIVITIES

Paul, Hastings, Janofsky & Walker LLP

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Rosen, R | 1.00 | 320.00 |
| Snow, H | 0.50 | 197.50 |
| | 1.50 | $517.50 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| 11202 Franklin Avenue, Franklin Park, IL | 0.30 | 96.00 |
| 3722 Ventura Dr., Arlington Heights, IL | 0.30 | 96.00 |
| Post-Petition General Matter | 0.90 | 325.50 |
| | 1.50 | $517.50 |

(~) REASONS FOR TASK HOUR ASSIGNMENTS

F FINAL BILL

EXHIBIT C

PAUL HASTINGS RETENTION/COMPENSATION

Paul, Hastings, Janofsky & Walker LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Newmarch, K | 0.60 | 414.00 |
| Rosen, R | 1.90 | 608.00 |
| Snow, H | 3.40 | 1,343.00 |
| | 5.90 | $2,365.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Post-Petition General Matter | 5.90 | 2,365.00 |
| | 5.90 | $2,365.00 |

EXHIBIT C

PAUL HASTINGS RETENTION/COMPENSATION

Paul, Hastings, Janofsky & Walker LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | *MATTER NAME: Post-Petition General Matter* |
| 09/15/10 | Newmarch, K | 0.20 | 0.20 | 138.00 | 0.10 | F | 1 | TELEPHONE CALL WITH T. GOFFREDO REGARDING ADDITIONAL RATE INFORMATION REQUESTED BY FEE AUDITOR (0.1); |
| Wed | 1855148/3 | | | | 0.10 | F | 2 | DRAFT EMAIL TO T. GOFFREDO REGARDING RATE INFORMATION NEEDED FOR FEE AUDITOR (0.1) |
| | | | | | | | | *MATTER NAME: Post-Petition General Matter* |
| 09/16/10 | Rosen, R | 1.00 | 1.00 | 320.00 | 1.00 | F | 1 | REVISE SIXTEENTH COMBINED (JUNE, JULY AND AUGUST) MONTHLY FEE APPLICATION AND FORWARD SAME TO H. SNOW FOR REVIEW (1.0) |
| Thu | 1855148/1 | | | | | | | |
| | | | | | | | | *MATTER NAME: Post-Petition General Matter* |
| 09/20/10 | Newmarch, K | 0.20 | 0.20 | 138.00 | 0.20 | F | 1 | REVIEWING FEE AUDITOR FINAL REPORT FOR THIRD INTERIM FEE APPLICATION (0.2) |
| Mon | 1855148/6 | | | | | | | |
| | | | | | | | | *MATTER NAME: Post-Petition General Matter* |
| 09/20/10 | Snow, H | 0.40 | 0.40 | 158.00 | 0.40 | F | 1 | REVIEW AND REVISE SIXTEENTH FEE APPLICATION (0.4) |
| Mon | 1855148/8 | | | | | | | |
| | | | | | | | | *MATTER NAME: Post-Petition General Matter* |
| 09/21/10 | Newmarch, K | 0.10 | 0.10 | 69.00 | 0.10 | F | 1 | REVIEWING SIXTEENTH MONTHLY FEE APPLICATION (0.1) |
| Tue | 1855148/7 | | | | | | | |
| | | | | | | | | *MATTER NAME: Post-Petition General Matter* |
| 09/21/10 | Rosen, R | 0.30 | 0.30 | 96.00 | 0.30 | F | 1 | REVISE SIXTEENTH MONTHLY (COMBINED JUNE, JULY AND AUGUST) FEE APPLICATION AND FORWARD TO K. NEWMARCH (0.3) |
| Tue | 1855148/5 | | | | | | | |
| | | | | | | | | *MATTER NAME: Post-Petition General Matter* |
| 09/21/10 | Snow, H | 1.60 | 1.60 | 632.00 | 1.40 | F | 1 | REVIEW AND REVISE SIXTEENTH MONTHLY FEE APPLICATION (COMBINED JUNE, JULY AND AUGUST) (1.4); |
| Tue | 1855148/9 | | | | 0.10 | F | 2 | CONFERENCE WITH R. ROSEN REGARDING SAME (0.1); |
| | | | | | 0.10 | F | 3 | DRAFT RESPONSIVE EMAIL TO K. NEWMARCH REGARDING APPLICATION FILING DATE (0.1) |
| | | | | | | | | *MATTER NAME: Post-Petition General Matter* |
| 09/27/10 | Snow, H | 0.40 | 0.40 | 158.00 | 0.30 | F | 1 | REVIEW AND REVISE SIXTEENTH FEE APPLICATION (0.3); |
| Mon | 1855148/10 | | | | 0.10 | F | 2 | DRAFT EMAIL TO LOCAL COUNSEL REGARDING SAME (0.1) |
| | | | | | | | | *MATTER NAME: Post-Petition General Matter* |
| 10/04/10 | Rosen, R | 0.10 | 0.10 | 32.00 | 0.10 | F | 1 | UPDATE SEVENTH INTERIM FEE APPLICATION AND FORWARD TO H. SNOW FOR REVIEW (0.1) |
| Mon | 1858985/11 | | | | | | | |
| | | | | | | | | *MATTER NAME: Post-Petition General Matter* |
| 10/07/10 | Newmarch, K | 0.10 | 0.10 | 69.00 | 0.10 | F | 1 | REVIEWING PAUL HASTINGS' SEVENTH INTERIM FEE APPLICATION (0.1) |
| Thu | 1858985/15 | | | | | | | |
| | | | | | | | | *MATTER NAME: Post-Petition General Matter* |
| 10/07/10 | Rosen, R | 0.10 | 0.10 | 32.00 | 0.10 | F | 1 | FORWARD SEVENTH INTERIM FEE APPLICATION TO K. NEWMARCH FOR REVIEW (0.1) |
| Thu | 1858985/16 | | | | | | | |
| | | | | | | | | *MATTER NAME: Post-Petition General Matter* |
| 10/07/10 | Snow, H | 0.30 | 0.30 | 118.50 | 0.30 | F | 1 | REVIEW SEVENTH INTERIM FEE APPLICATION (0.3) |
| Thu | 1858985/13 | | | | | | | |

~ See the last page of exhibit for explanation

EXHIBIT C

PAUL HASTINGS RETENTION/COMPENSATION

Paul, Hastings, Janofsky & Walker LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | *MATTER NAME: Post-Petition General Matter* |
| 10/08/10 Fri | Rosen, R 1858985/17 | 0.10 | 0.10 | 32.00 | 0.10 | F | 1 | FORWARD PROPOSED TRIBUNE OMNIBUS FEE ORDER FOR THIRD INTERIM FEE PERIOD (JUNE 1, 2009 TO AUGUST 31, 2009) TO T. GOFFREDO IN ACCOUNTING FOR REVIEW (0.1) |
| | | | | | | | | *MATTER NAME: Post-Petition General Matter* |
| 10/08/10 Fri | Snow, H 1858985/14 | 0.10 | 0.10 | 39.50 | 0.10 | F | 1 | REVIEW REVISED INTERIM FEE ORDER (0.1) |
| | | | | | | | | *MATTER NAME: Post-Petition General Matter* |
| 10/10/10 Sun | Snow, H 1858985/12 | 0.10 | 0.10 | 39.50 | 0.10 | F | 1 | DRAFT EMAIL TO R. ROSEN REGARDING INTERIM FEE APPLICATION (0.1) |
| | | | | | | | | *MATTER NAME: Post-Petition General Matter* |
| 10/12/10 Tue | Rosen, R 1858985/18 | 0.10 | 0.10 | 32.00 | 0.10 | F | 1 | PREPARE AND FORWARD SEVENTH INTERIM FEE APPLICATION TO COLE SCHOTZ FOR OCTOBER 15, 2010 COURT FILING (0.1) |
| | | | | | | | | *MATTER NAME: Post-Petition General Matter* |
| 10/18/10 Mon | Snow, H 1858985/19 | 0.20 | 0.20 | 79.00 | 0.20 | F | 1 | REVIEW SEPTEMBER BILL (0.2) |
| | | | | | | | | *MATTER NAME: Post-Petition General Matter* |
| 11/09/10 Tue | Rosen, R 1862922/20 | 0.20 | 0.20 | 64.00 | 0.20 | F | 1 | REVIEW AND REVISE OCTOBER BILLS (0.2) |
| | | | | | | | | *MATTER NAME: Post-Petition General Matter* |
| 11/24/10 Wed | Snow, H 1862922/21 | 0.30 | 0.30 | 118.50 | 0.30 | F | 1 | REVIEW OCTOBER BILLS (0.3) |
| Total | | | 5.90 | $2,365.00 | | | | |
| Number of Entries: 19 | | | | | | | | |

~ See the last page of exhibit for explanation

EXHIBIT C

PAUL HASTINGS RETENTION/COMPENSATION

Paul, Hastings, Janofsky & Walker LLP

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Newmarch, K | 0.60 | 414.00 |
| Rosen, R | 1.90 | 608.00 |
| Snow, H | 3.40 | 1,343.00 |
| | 5.90 | $2,365.00 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Post-Petition General Matter | 5.90 | 2,365.00 |
| | 5.90 | $2,365.00 |

(~) REASONS FOR TASK HOUR ASSIGNMENTS

F FINAL BILL