## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Hearing Date: November 22, 2011 at 2:00 p.m. ET**<br>**Objection Deadline: October 17, 2011 at 4:00 p.m. ET** |

### APPLICATION OF JACKSON WALKER L.L.P. FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED AS ORDINARY COURSE COUNSEL TO THE DEBTORS DURING THE PERIOD FROM AUGUST 1, 2010 THROUGH NOVEMBER 30, 2010

Jackson Walker L.L.P. ("Jackson Walker"), litigation counsel for the debtors and

debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),

respectfully submits this application (the "Application"), pursuant to (i) sections 327, 331, and

503 of title 11 of the United States Code (the "Bankruptcy Code"), (ii) Rule 2016 of the Federal

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (1703); KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-2 of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "Local Rules"), (iv) the Order Authorizing the Debtors to Retain, Employ, and

Compensation Certain Professionals Utilized by the Debtors in the Ordinary Course of Business

(D.I. 227) (the "OCP Order"), (v) the Order Establishing Procedures for Interim Compensation

and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11

U.S.C. §§ 105(a) and 331 (D.I. 225) (the "Interim Compensation Order"), as amended, and (vi)

the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and

Reimbursement of Expenses for Professionals and Consideration of Fee Applications (D.I. 546)

(the "Fee Examiner Order") for (a) the allowance of fees in the aggregate amount of $144,267.75

and expenses in the aggregate amount of $18,599.82 for services rendered to the Debtors during

the period from August 1, 2010 through November 30, 2010 and (b) for the limited waiver of the

procedures for the approval and payment of professional compensation and consideration of fee

applications set forth in the Interim Compensation Order and the Fee Examiner Order with

respect to this Application (as discussed at paragraph 14, infra).  In support of the Application,

Jackson Walker respectfully states as follows:

## BACKGROUND OF THE CASES

      1.      On December 8, 2008 (the "Petition Date"), Tribune Company

("Tribune") and certain of its subsidiaries each filed a voluntary petition for relief under chapter

11 of the Bankruptcy Code.  An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.  In all, the

Debtors comprise 111 entities.

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

2.      The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). (D.I. 43, 2333.)

3.      The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee").

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 327, 331, and 503 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-2 of the Local Rules.

## PROCEDURAL BACKGROUND FOR THE APPLICATION

6.      On December 26, 2008, the Debtors filed the Motion for an Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code (D.I. 148) (the "OCP Motion"). In the OCP Motion, the Debtors sought approval of this Court to employ and retain the Ordinary Course Professionals[3] to provide services to the Debtors as necessary for the day-to-day operations of the Debtors' businesses on terms substantially similar to those in effect prior to the Petition Date. Exhibit A to the OCP

---

[3] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the OCP Motion and OCP Order.

Motion contained a list of such Ordinary Course Professionals sought to be retained by the

Debtors, including Jackson Walker.[4]  On January 15, 2009, this Court granted the OCP Order

approving procedures for the employment, retention, and compensation of the Ordinary Course

Professionals.  (D.I. 227.)

        7.     Retention and compensation of the Ordinary Course Professionals is

subject to the terms and conditions described in the OCP Order, including a Monthly Cap on the

fees permitted to be paid to such Ordinary Course Professionals, per month on average over a

rolling three-month period for Monthly Caps that are less than $50,000 per month, or a rolling

two-month period for Monthly Caps of $50,000 per month.  Expenses are not considered for the

purpose of calculating the applicable Monthly Cap.  Jackson Walker was retained by the Debtors

with respect to defense of litigation, *Dannah Rose, Jr. v. The 33 Television Station, Tribune*

*Broadcast Company, Dawn Tongish, David Duitch, Chris Milner*, Cause No. 2009-10122-16,

pending in the 16th Judicial District Court in Denton County, Texas (the "Litigation Matter") in

the ordinary course of business, with a Monthly Cap of $15,000.

        8.     The OCP Order provides that in the event the fees incurred and invoiced

by any Ordinary Course Professional exceed the applicable Monthly Cap, such Ordinary Course

Professional shall be required to seek the Court's approval of all fees invoiced for that month in

accordance with the procedures set forth in the Interim Compensation Order and the Fee

Examiner Order.

---

[4] Exhibit A to the OCP Motion has been subsequently supplemented and amended by the Debtors to add additional Ordinary Course Professionals or to seek increases to the Monthly Cap applicable to existing Ordinary Course Professionals.  (See D.I. 544, 877, 1086, 1756, 1826, 1887, 2283, 2412, 2865, 3222, 3861, 4214, 4607, 4614 and 5846.)

## BACKGROUND CONCERNING THE RELIEF REQUESTED

9.      The Litigation Matter on which Jackson Walker represents the Debtors was filed on April 22, 2009.  The lawsuit arose out of a series of three news reports broadcast by Tribune Television Company showing a picture of a man known as "Texas Dude" who disclosed in an online chat that he was a school teacher and had previously had a sexual relationship with a student.  Plaintiff alleged that the reports were false and brought claims for defamation, tortious interference of contract and loss of familial relationship.  Plaintiff sought unspecified economic damages, mental anguish damages, loss of consortium and punitive damages.  The Tribune Broadcasting Company's Special Appearance based on lack of personal jurisdiction was sustained on November 5, 2010.  Tribune Television Company, Dawn Tongish and David Duitch's Motion for Summary Judgment was granted on November 5, 2010.  To date, Plaintiff has not filed an appeal.

10.     During the period covered by this Application, Jackson Walker represented the Debtors with respect to the Litigation Matter that have resulted in unanticipated legal costs subsequent to the Petition Date.  These have included: issuing third party subpoenas; filing Open Records request and interviews with the local Police Department; responding to the plaintiff's expert refusal to appear for deposition, which required extensive negotiations for appearance without compelling and/or paying very high requested expert fees; negotiation of a non-disclosure agreement to protect student information for the release of the plaintiff's laptop held by the school district that formerly employed plaintiff; and forensic analysis and recovery efforts for a large amount of material that had been deleted from the plaintiff's laptop that provided important evidence regarding plaintiff's activities.  Overall, the increased amount of discovery, along with the condensed time period in which Jackson Walker was preparing the

Debtors' Motion for Summary Judgment, increased the expected amount of fees and expenses

for four months.  In addition, due to the court's scheduling conflicts, Jackson Walker was

required to twice prepare and appear for oral argument on Debtors' Motion for Summary

Judgment and Special Appearance.  Finally, due to the court's scheduling order, Jackson Walker

was required to begin preparing for trial while Debtors' Motion for Summary Judgment and

Special Appearance were still pending.  Those additional representations of the Debtors by

Jackson Walker, taken together with Jackson Walker's representations of the Debtors in

connection with the expected fees and expenses for the Litigation Matter, caused Jackson

Walker's fees to exceed the Monthly Cap of $15,000 in the months of August, September,

October and November, 2010.

    11.  Specifically, the Debtors have reviewed invoices submitted to them by

Jackson Walker for fees incurred during the months of August through November 2010 and has

approved as necessary and proper fees in the aggregate amount of $144,267.75.  The Debtors

approved as necessary and proper fees incurred by Jackson Walker in the three previous months

of May, June and July, 2010 in the amounts of $12,316.02, $6,129.00, and $1,114.15,

respectively – all of which were under the monthly cap.  The Debtors have informed Jackson

Walker that it has exceeded its Monthly Cap over the applicable four-month period (i.e., August

through November, 2010) by $84,267.75.  The Debtors have advised Jackson Walker that

because the aggregate fees incurred in the months of August through November 2010 exceeded

the firm's applicable Monthly Cap, Jackson Walker is required to seek the Court's allowance of

the entire amount of the firm's September through December, 2010 invoices (these invoices are

for services rendered in August through November, 2010).  Accordingly, by this Application,

Jackson Walker hereby requests the allowance of fees in the amount of $144,267.75 and

expenses in the amount of $18,599.82 for services rendered to the Debtors during the period

from August 1, 2010 through November 30, 2010.

## RELIEF REQUESTED

12.     By this Application, Jackson Walker seeks the allowance of fees in the

amount of $144,267.75 and expenses in the amount of $18,599.82 for services rendered to the

Debtors during the period from August 1, 2010 through November 30, 2010.  Additionally,

Jackson Walker requests a limited waiver of the procedures for the approval and payment of

professional compensation and consideration of fee applications set forth in the Interim

Compensation Order and the Fee Examiner Order with respect to this Application.  Additional

information as required by Local Rule 2016-2(c), (d), and (e) relating to the fees and expenses

requested herein is provided on Exhibits A-C to this Application.

## BASIS FOR RELIEF REQUESTED

13.     The net effect of the increased activity in the Litigation Matter on which

Jackson Walker represents the Debtors in the months of August through November, 2010 has

been a correspondingly greater-than-anticipated expenditure of time and services by Jackson

Walker.  Jackson Walker contends that the services rendered have been fair and reasonable and

well within the range of fees that would be charged by litigation counsel for matters of this type.

Further, Jackson Walker submits that the Debtors' estates have benefitted from the legal services

that Jackson Walker has provided to the Debtors with respect to the Litigation Matter.

### Request for Limited Waiver of Interim Compensation Procedures

14.     In the past, this Court has granted limited waivers of the otherwise-

applicable procedures for compensation and reimbursement of expenses for professionals and

consideration of fee applications set forth in this Court's Interim Compensation Order and Fee

Examiner Order with respect to fee applications submitted by the Debtors' Ordinary Course

Professionals.[5] Jackson Walker respectfully submits that good cause similarly exists for the

Court to grant a limited waiver from such procedures to reduce the additional costs and delay of

obtaining approval and payment of such amounts, solely for the purpose of permitting the

Debtors to pay Jackson Walker the full amount of the fees and expenses it incurred during the

period from August 1, 2010 through November 30, 2010, rather than requiring Jackson Walker

to seek approval of its fee on an interim basis subject to a 20% holdback and to seek the Court's

allowance of such fees and expenses on a quarterly basis subject to the Fee Examiner's review

and report.  Such fees and costs were incurred several months prior to when the Debtors

determined that it would be necessary for Jackson Walker to file this Application to seek the

Court's approval of the fees requested, and Jackson Walker understands that it may be several

additional months before this Court will consider professionals' fee applications for the period

covered by this Application.  In the alternative, Jackson Walker requests that the Court consider

this Application at the next hearing scheduled for the consideration of interim fee applications.

### Payment from Debtors; No Sharing of Compensation

15.    Jackson Walker has received no payment and no promises of payment

from any source other than the Debtors for services rendered as an Ordinary Course Professional

to the Debtors in these chapter 11 cases.  There is no agreement between Jackson Walker and

---

[5] See, e.g., Order Granting First and Final Application of Day Pitney LLP for Compensation and Reimbursement of Expenses (D.I. 5690); Order Allowing Payment of Compensation to Downey, Smith & Fier For Services Rendered to Debtor Los Angeles Times Communications LLC in the Ordinary Course of Business (D.I 5433); Order Allowing Compensation and Reimbursement of Expenses to Levine Sullivan Koch & Schultz as Ordinary Course Counsel to the Debtors for Certain Litigation Matters (D.I. 5313); Order Allowing Compensation and Reimbursement of Expenses to Offit Kurman as Ordinary Course Counsel to the Debtors for Certain Labor-Related Matters (D.I. 4773); Order Allowing Compensation to Thomas & LoCicero PL for Services Rendered as Ordinary Course Counsel to the Debtors for Certain Litigation Matters (D.I. 4411); Order Allowing Compensation to Corporate Tax Management, Inc. for Services Rendered as Tax Advisors to Debtor Los Angeles Times Communication LLC in the Ordinary Course of Business (D.I. 3807); Order Allowing Payment of Fees and Expenses to Horwood, Marcus & Berk Chartered for Services Rendered to the Debtors in the Ordinary Course of Business (D.I. 3425); Order Allowing Payment of Contingency Fee to Downey, Smith & Fier For Services Rendered to Debtor Los Angeles Times Communications LLC in the Ordinary Course of Business (D.I. 849).

any other party for the sharing of compensation to be received for the services rendered by Jackson Walker to the Debtors.  All professional and paraprofessional services for which compensation is sought herein were rendered solely for or on behalf of the Debtors.

## REVIEW OF APPLICABLE LOCAL RULE

16.    The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of her information, knowledge and belief that this Application complies with the requirements of Local Rule 2016-2.

17.    The undersigned further certifies that the Debtors have had an opportunity to review this Application before it was filed with the Court.

## NO PRIOR REQUEST

18.    No previous application with respect to the relief requested herein has been made to this or any other Court.

WHEREFORE, after appropriate notice and hearing, Jackson Walker respectfully requests the Court enter an order (i) allowing fees in the aggregate amount of $144,267.75 and expenses in the aggregate amount of $18,599.82 for services rendered to the Debtors during the period from August 1, 2010 through November 30, 2010; (ii) waiving the procedures for compensation and reimbursement of expenses for professionals and consideration of fee applications set forth in this Court's Interim Compensation Order and Fee Examiner Order with respect to this Application, and (iii) granting such further relief as is just and proper.

Dated: September 26, 2011

Respectfully submitted,

Heather M. Forrest
State Bar No. 24040918

Jackson Walker L.L.P.
901 Main Street
Suite 6000
Dallas, Texas 75202
(214) 953-6000
(214) 953-5822 (Fax)