# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re:

TRIBUNE COMPANY, et al.,[1]

Debtors.

Chapter 11

Case No. 08-13141 (KJC)

Jointly Administered

## FEE EXAMINER'S FINAL REPORT REGARDING THE THIRD QUARTERLY FEE APPLICATION OF SEYFARTH SHAW LLP

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Third Quarterly Fee Application of Seyfarth Shaw LLP* [Docket No. 5094] (the "**Fee Application**"). The Fee Application seeks approval of fees that total $308,348.10 and reimbursement of expenses that total $8,346.40 for the period from March 1, 2010 through

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

May 31, 2010. Seyfarth Shaw LLP ("Seyfarth") serves as serves as special counsel in connection with labor and employment litigation matters for the debtors and debtors in possession (collectively the "Debtors").

## Background

1.      On December 8, 2008 (the "Petition Date"), the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  Under this Court's *Order Directing Joint Administration Chapter 11 Cases* on December 10, 2009, these cases are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules [Docket No. 43].

2.      On December 26, 2008, the Debtors filed their Motion for an Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code [Docket No. 148] (the "OCP Motion").  In the OCP Motion, the Debtors sought approval of this Court to employ and retain the Ordinary Course Professionals, including Seyfarth, to provide services to the Debtors as necessary for the day-to-day operations of the Debtor's businesses on terms substantially similar to those in effect prior to the Petition Date.  On January 15, 2009, this Court granted the OCP Motion and issued an order approving procedures for the employment, retention, and compensation of the Ordinary Course Professionals [Docket No. 227] (the "OCP Order").

3.      The OCP Order provides that in the event the fees incurred and invoiced by any Ordinary Course Professional exceed the applicable Monthly Cap, such Ordinary Course Professional shall be required to seek this Court's approval of all fees invoiced for that month in accordance with sections 330 and 331 of the Bankruptcy Code, all applicable Bankruptcy Rules and Local Rules, and the procedures set forth in the Interim Compensation Order and the Fee Examiner Order.

4.      In October 2009 and November 2009, Seyfarth exceeded the Monthly Cap.  When the Debtors determined that Seyfarth would continually exceed the monthly cap, on January 8, 2010 the Debtors filed an *Application to Retain Seyfarth as Special Counsel for Certain Employment Litigation*

*Matters* [Docket No. 3046] (the "**Retention Application**").  On January 25, 2010, this Court entered the *Order Authorizing Debtors and Debtors in Possession to Employ and Retain Seyfarth as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, nunc pro tunc, to December 1, 2009* [Docket No. 3192] (the "**Retention Order**").

5.      Seyfarth submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 225] (the "**Interim Compensation Order**").

<h3 align="center">Applicable Standards</h3>

6.      In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

7.      The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**").  In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

8.      Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*.  In evaluating the

amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F)*.

9.      A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

10.     The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to Seyfarth for review and comment. The firm submitted to the Fee Examiner a written response to the Preliminary Report. After consideration of the additional information provided by the firm, the Fee Examiner now issues this final report (the **"Final Report"**) "in a format designed to opine whether the requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines." *Fee Examiner Order ¶5*.

## DISCUSSION OF FINDINGS

### Technical Requirements

11.    **Reconciliation of Fees and Expenses.**  The Fee Examiner compared the total amount

of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**")

to the fees and expenses actually documented in the electronic and/or hard copy data received from the

firm ("**Fees Computed**" and "**Expenses Computed**").  The Fee Application included a fee discount in

the amount of $34,260.90.  The recomputation of fees revealed that the Fees Requested (before the

discount) exceed the Fees Computed by $185.00, resulting in an apparent overcharge.  The discrepancy

is the result of task hours within three entries that are not equal to time billed for the entries as a whole.

The discrepancy and the related entries are displayed in **Exhibit A**,[2] and the Fee Examiner recommends

a corresponding fee reduction of $185.00.

The Fee Examiner determined that there is no discrepancy between the Expenses

Requested and the Expenses Computed.  The figures in this report and the accompanying exhibits

reflect Fees Computed (before the fee discount) and the Expenses Computed.

12.    **Block Billing.**[3]  The Local Rules provide that "[a]ctivity descriptions shall not be

lumped – each activity shall have a separate description and a time allotment."  *Local

Rule 2016-2(d)(vii).*  The UST Guidelines further provide that where a timekeeper's daily time entries

exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or

---

[2] This Final Report includes exhibits that detail and support the findings discussed herein.  Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits.  For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

[3] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing.  Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry.  As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry.  This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[4]  With a few minor exceptions, Seyfarth did not block bill fee entries.

13.    **Time Increments.**  The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*.  The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*.  Seyfarth complied with the Local Rules and UST Guidelines regarding time increments.

**Review of Fees**

14.    **Firm Staffing.**  The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*.  The Fee Application provided the names, positions, and hourly rates of the 30 Seyfarth professionals and paraprofessionals who billed to this matter, consisting of 13 partners, 1 of counsel, 8 associates, 2 paralegals, 3 librarians, 1 case assistant, and 2 law clerks.  A summary of hours and fees billed by each timekeeper is displayed in **Exhibit B**.

The firm billed a total of 671.20 hours with associated fees of $342,424.00.  The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 395.50 | 59% | $245,950.00 | 72% |
| Of Counsel | 0.50 | * | 312.50 | * |
| Associate | 209.20 | 31% | 81,336.00 | 24% |
| Paralegal | 48.20 | 7% | 13,016.00 | 4% |

---

[4] The judicial response to block billing varies.  Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007).  Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Librarian | 4.10 | * | 641.50 | * |
| Case Assistant | 7.20 | 1% | 648.00 | * |
| Law Clerk | 6.50 | * | 520.00 | * |
| **TOTAL** | 671.20 | 100% | $342,424.00 | 100% |

* Less than 1%

The blended hourly rate for the Seyfarth professionals is $541.31 and the blended hourly rate for professionals and paraprofessionals is $510.17.

15.    **Hourly Rate Increases.**  Seyfarth did not increase the hourly rate of any timekeeper during the interim period.

16.    **Potential Double Billing.**  Potentially double billed entries are tasks that appear to be duplicated (*i.e.*, invoiced on the same date by the same timekeeper with identical or nearly identical descriptions and time increments).  The Fee Examiner identified two instances where unique time entries appear to have been inadvertently duplicated.  The entries were provide to Seyfarth in **Exhibit C** to the Preliminary Report; the questioned tasks, totaling 1.70 hours with associated fees of $969.00, were highlighted in bold print and marked with an ampersand [&] in the exhibit.  The Fee Examiner requested that the firm review the entries and confirm whether the entries were inadvertently billed twice.

In response to the Preliminary Report, Seyfarth agreed to a voluntary fee reduction in the amount of $969.00 for the duplicative fee entries displayed in the attached Exhibit C.

17.    **Timekeepers' Roles.**  A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4).*  With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts.  On the whole, each Seyfarth timekeeper appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.

18.    **Meetings, Conferences, Hearings, and Other Events.**  The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" (*Local Rule 2016-2(d)(ix)*), and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*.  While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified occasions where two or more Seyfarth timekeepers attended the same meeting, conference, hearing, or other event.  Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees.  The entries, totaling 32.60 hours with $15,838.00 in associated fees, were displayed in **Exhibit D** to the Preliminary Report.  In each instance where multiple timekeepers attended a meeting, conference hearing or other event, the Fee Examiner identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the attorney leading rather than observing a conference).  The potentially duplicative and unnecessary timekeepers' entries total 16.10 hours with $6,437.00 in associated fees, and are highlighted in bold and marked with an ampersand [&] in the exhibit.  The Fee Examiner requested that the firm provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event.

In response, Seyfarth provided the additional detail requested.  The firm agreed to a voluntary fee reduction in the amount of $117.00 resulting from one potentially unnecessary timekeeper participating in certain communications.  Exhibit D is omitted from this report.

19.    **Intraoffice Conferences.**  Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel.  The Fee Examiner

identified billing activities by Seyfarth timekeepers describing intraoffice conferences totaling 15.45 hours with $4,226.50 in associated fees, or approximately 1% of the Fees Computed as displayed in **Exhibit E** to the Preliminary Report. The Fee Examiner observed that in a few instances, two or more timekeepers invoiced fees associated with the same intraoffice conference. The entries describing intraoffice conferences invoiced by two or more firm personnel total 1.35 hours with $659.50 in associated fees and are highlighted in bold and marked with an ampersand [&] in the exhibit. Given the minimal hours and fees resulting from intrafirm communication, the Fee Examiner makes no recommendation for a fee reduction and Exhibit E is omitted from this report.

20.    **Complete and Detailed Task Descriptions.** Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*. The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*.

The Fee Examiner identified entries totaling 5.90 hours with $3,798.50 in associated fees in which a conference or other communication was not described with sufficient detail. The entries, displayed in **Exhibit F** to the Preliminary Report, included descriptions that do not identify the participants in or the subject of a conference or other event. The Fee Examiner requested the firm provide sufficient detail for the entries in question.

In response, Seyfarth provided supplemental detail for each of the fee entries in question save one; the firm agreed to a voluntary fee reduction of $42.00 for that entry. After consideration of the additional information, the Fee Examiner makes no recommendation for a fee reduction other than the firm's voluntary reduction. Exhibit F is omitted from this report.

21.    **Administrative Activities.**  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. The Fee Examiner identified 0.40 hour with associated fees of $108.00 (displayed in **Exhibit G** to the Preliminary Report) that described processing payment regarding pre-petition copying services.

In response to the Preliminary Report, the firm and the Fee Examiner discussed the distinction between compensable work related to the preparation of fee application and non-compensable firm administration related to preparing firm invoices. However, the activities at issue in this Fee Application relate to payment of a pre-petition vendor, Seyfarth consented to a voluntary fee reduction of $108.00 for the entry displayed in the attached Exhibit G.

22.    **Clerical Activities.**  Clerical activities are tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel[5] or support tasks for which the firm charged greater than market rate. The Fee Examiner did not identify any fee entries describing clerical activities.

23.    **Travel.**  The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*. The Fee Examiner identified one fee entry for nonworking travel billed at the timekeeper's full rate. The entry was displayed in **Exhibit H** to the Preliminary Report, which informed Seyfarth of the Fee

---

[5] "Duties appropriate for office staff are considered part of a professional's overhead expenses and may not be billed to the estate." *Fibermark*, 349 B.R. at 397; *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758 769 (Bankr. E.D.N.Y. 2005) (overhead not compensable); *but see Bennett Funding*, 213 B.R. at 247-48 (discussing differing approaches to clerical work at professional rates). These overhead activities may include: mailing; photocopying, word processing (including the creation of templates), formatting, creating spreadsheets, printing, organizing files, checking for docket updates, creating binders, and secretarial overtime. *Fibermark*, 349 B.R. at 396-97.

-10-

Examiner's intent to recommend a fee reduction of $798.00, or 50% of the total billed for the entry in question.

In response, Seyfarth consented to a voluntary fee reduction of $798.00, representing 50% of the fees billed in the entry displayed in the attached Exhibit H.

24.     **Seyfarth Retention/Compensation.**  Seyfarth billed 59.40 hours with associated fees of $16,284.50 to prepare the firm's applications for compensation, approximately 5% of the Fees Computed.  The fee entries describing Seyfarth's retention/compensation activities are displayed in **Exhibit I**, included in this Final Report for the Court's reference.

**Review of Expenses**

25.     **Itemization of Expenses.**  The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*.  The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.  Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*.  Seyfarth provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

26.     **Potential Double Billing.**  Seyfarth requested reimbursement for two subpoena fees that appear to be duplicative.  Each charge is in the amount of $60.94, dated April 20, 2010, and had the description "Subpoena Fees – TITAN LEGAL SERVICES 12/31/09."  The Fee Examiner requested that Seyfarth confirm whether the charge was inadvertently billed twice.

-11-

In response to the Preliminary Report, the firm agreed to a voluntary expense reduction in the amount of $60.94.

27.     **Photocopies.**  The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii).*  Seyfarth stated the firm's rate for copying charges is $0.10 per page.

28.     **Computer Assisted Legal Research.**  The Local Rules provide that computer assisted legal research charges "shall not be more than the actual cost." *Local Rule 2016-2 (e)(iii).*  Seyfarth requested reimbursement for computer assisted legal research charges totaling $2,678.93, and the Fee Application stated "[c]omputer research is charged on a time, item and/or search-type basis which takes advantage of certain discounts that Seyfarth is able to negotiate with its service providers due to the Firm's size and volume of usage.  The Firm's charges for computerized legal research such as Westlaw or Lexis are based on a rate that recovers no more than the Firm's actual costs."

29.     **Local Travel.**  Seyfarth requested reimbursement for two travel charges dated December 15, 2010, which appeared to be an error given that the Fee Application was filed well before that date.  The charges were provided to Seyfarth in **Exhibit J** to the Preliminary Report.  The Fee Examiner requested from Seyfarth the actual date(s) the expenses were incurred.

The firm responded by stating that the charged were incurred on December 15, 2009.  The Fee Examiner makes no recommendation for an expense reduction, and Exhibit J is omitted from this report.

## CONCLUSION

The Fee Examiner submits this final report regarding the Fee Application and the fees and expenses discussed above.  The Fee Examiner recommends the approval of fees in the amount of $306,129.10 ($308,348.10 minus $2,219.00) and reimbursement of expenses in the amount of $8,285.46 ($8,346.40 minus $60.94) for the period from March 1, 2010 through May 31, 2010.  The findings are summarized in the attached Appendix A.

Respectfully submitted,

**STUART MAUE**

By: _____
W. Andrew Dalton
3840 McKelvey Road
St. Louis, Missouri  63044
Telephone:  (314) 291-3030
Facsimile:  (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

**APPENDIX A**

**SEYFARTH SHAW LLP**

**SUMMARY OF FINDINGS**

**Third Quarterly Fee Application (March 1, 2010 through May 31, 2010)**

**A.    Amounts Requested and Computed**

| | | |
|---|---:|---:|
| Fees Requested | $308,348.10 | |
| Expenses Requested | 8,346.40 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $316,694.50 |
| | | |
| Fees Computed | $342,424.00 | |
| Expenses Computed | 8,346.40 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $350,770.40 |
| | | |
| Discount on Fees | ($34,260.90) | |
| Discrepancy in Fees | 185.00 | |
| | | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | ($ 34,075.90) |

**B.    Recommended Fee Allowance and Expense Reimbursement**

| | | |
|---|---:|---:|
| Fees Requested | $308,348.10 | |
| *Recommended Reduction for Discrepancy in Fees* | | *($ 185.00)* |
| *Agreed Reduction for Potential Double Billing* | | *(969.00)* |
| *Agreed Reduction for Meetings, Conferences, Hearings, and Other Events* | | *(117.00)* |
| *Agreed Reduction for Vague Communications* | | *(42.00)* |
| *Agreed Reduction for Administrative Activities* | | *(108.00)* |
| *Agreed Reduction for Travel* | | *(798.00)* |
| Subtotal | | *($2,219.00)* |
| | | |
| RECOMMENDED FEE ALLOWANCE | | $306,129.10 |
| | | |
| Expenses Requested | $8,346.40 | |
| *Agreed Reduction for Potential Double Billing* | | *($ 60.94)* |
| Subtotal | | *($ 60.94)* |
| | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 8,285.46 |
| | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $314,414.56 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 27th day of September, 2011.

Joseph J. McMahon, Jr., Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE  19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE  19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE  19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE  19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Mr. James F. Conlan
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY  10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY  10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE  19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY  10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Jeremy P. Sherman, Esq.
Partner
Seyfarth Shaw LLP
131 S. Dearborn Street, Suite 2400
Chicago, IL  60603-5577

W. Andrew Dalton

**EXHIBIT A**
**Discrepancy Schedule**
**Seyfarth Shaw**

| Invoice Number | Matter | Timekeeper Name | Entry Date | Rate | Hours Billed | Hours Computed | Fees Billed | Fees Computed | Hour Difference | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|---|
| **Overcharges** | | | | | | | | | | |
| 1710288 | Chicago Tribune - JoAnn Parker v. | Osgood | 03/10/10 | $420.00 | 2.70 | 1.70 | 1,134.00 | 714.00 | 1.00 | $ 420.00 |
| 1732185 | Tribune - Debra Holmes | Riesco | 05/26/10 | $390.00 | 2.40 | 2.30 | 936.00 | 897.00 | 0.10 | 39.00 |
| | | | | | | | | **Total Overcharges** | **1.10** | **$ 459.00** |
| **Undercharges** | | | | | | | | | | |
| 1732310 | WGN-TV - NLRB Case No. 13-RD-21929 | Rybicki | 05/18/10 | $685.00 | 0.20 | 0.60 | 137.00 | 411.00 | (0.40) | $ (274.00) |
| | | | | | | | | **Total Undercharges** | **(0.40)** | **$ (274.00)** |
| | | | | | | | | | | |
| | | | | | | | | **Net Total Discrepancy** | **0.70** | **$ 185.00** |

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Seyfarth Shaw LLP**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| MRYB | Rybicki, Michael | PARTNER | $685.00 | $685.00 | 110.80 | $75,898.00 |
| JDME | Meer, Jon | PARTNER | $570.00 | $570.00 | 102.10 | $58,197.00 |
| KEMI | Michaels, Kristin | PARTNER | $570.00 | $570.00 | 85.00 | $48,450.00 |
| JPSH | Sherman, Jeremy | PARTNER | $685.00 | $685.00 | 55.70 | $38,154.50 |
| COLS | Olson, Camille | PARTNER | $680.00 | $680.00 | 18.40 | $12,512.00 |
| GPAU | Pauling II, Gerald | PARTNER | $560.00 | $560.00 | 13.80 | $7,728.00 |
| TRUS | Rusche, Timothy | PARTNER | $435.00 | $435.00 | 5.40 | $2,349.00 |
| ECER | Cerasia II, Edward | PARTNER | $720.00 | $720.00 | 1.40 | $1,008.00 |
| TLHI | Hix, Timothy | PARTNER | $475.00 | $475.00 | 1.00 | $475.00 |
| DKAD | Kadue, David | PARTNER | $670.00 | $670.00 | 0.70 | $469.00 |
| LOHA | O'Hara, Lorraine | PARTNER | $560.00 | $560.00 | 0.80 | $448.00 |
| GPRE | Preonas, George | PARTNER | $680.00 | $680.00 | 0.30 | $204.00 |
| CMCG | McGlothlen, Condon | PARTNER | $575.00 | $575.00 | 0.10 | $57.50 |
| | No. of Billers for Position:  13 | Blended Rate for Position: | $621.87 | | 395.50 | $245,950.00 |
| | | | | | % of Total:  58.92% | % of Total:  71.83% |
| JTON | Toner, John | OF COUNSEL | $625.00 | $625.00 | 0.50 | $312.50 |
| | No. of Billers for Position:  1 | Blended Rate for Position: | $625.00 | | 0.50 | $312.50 |
| | | | | | % of Total:  0.07% | % of Total:  0.09% |
| DHYU | Hyun, Dennis | ASSOCIATE | $400.00 | $400.00 | 114.50 | $45,800.00 |
| NBRI | Riesco, Natascha | ASSOCIATE | $390.00 | $390.00 | 44.20 | $17,238.00 |
| KOSG | Osgood, Karen | ASSOCIATE | $420.00 | $420.00 | 24.00 | $10,080.00 |
| MAJO | Jo, Maximilian | ASSOCIATE | $285.00 | $285.00 | 17.90 | $5,101.50 |
| CDRC | Del Rey-Cone, Christie | ASSOCIATE | $460.00 | $460.00 | 3.00 | $1,380.00 |
| KVIS | Visosky, Kathryn | ASSOCIATE | $305.00 | $305.00 | 3.20 | $976.00 |
| SYAN | Yang, Simon | ASSOCIATE | $285.00 | $285.00 | 1.50 | $427.50 |
| JSOW | Sowka, James | ASSOCIATE | $370.00 | $370.00 | 0.90 | $333.00 |

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Seyfarth Shaw LLP**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| | No. of Billers for Position: 8 | Blended Rate for Position: | $388.80 | | 209.20 | $81,336.00 |
| | | | | % of Total: | 31.17% | % of Total: 23.75% |
| JMCM | McManus, Jennifer | PARALEGAL | $270.00 | $270.00 | 47.80 | $12,906.00 |
| MHAL | Halperin, Malerie | PARALEGAL | $275.00 | $275.00 | 0.40 | $110.00 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $270.04 | | 48.20 | $13,016.00 |
| | | | | % of Total: | 7.18% | % of Total: 3.80% |
| DVEL | Veltman, Diane | LIBRARIAN | $135.00 | $135.00 | 2.70 | $364.50 |
| NFAU | Faust, Nancy | LIBRARIAN | $210.00 | $210.00 | 1.20 | $252.00 |
| CHOY | Hoyt, Clare | LIBRARIAN | $125.00 | $125.00 | 0.20 | $25.00 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $156.46 | | 4.10 | $641.50 |
| | | | | % of Total: | 0.61% | % of Total: 0.19% |
| ALEW | Lewis, Ashley | CASE ASSISTANT | $90.00 | $90.00 | 7.20 | $648.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $90.00 | | 7.20 | $648.00 |
| | | | | % of Total: | 1.07% | % of Total: 0.19% |
| GROW | Rowles, Glen | LAW CLERK | $80.00 | $80.00 | 5.30 | $424.00 |
| BSAF | Safford, Brett | LAW CLERK | $80.00 | $80.00 | 1.20 | $96.00 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $80.00 | | 6.50 | $520.00 |
| | | | | % of Total: | 0.97% | % of Total: 0.15% |
| | Total No. of Billers: 30 | Blended Rate for Report: | $510.17 | | 671.20 | $342,424.00 |

EXHIBIT C

POTENTIAL DOUBLE BILLING

Seyfarth Shaw LLP

## POTENTIAL DOUBLE BILLING

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Meer, J | 0.80 | 456.00 |
| Michaels, K | 2.60 | 1,482.00 |
| | 3.40 | $1,938.00 |

## POTENTIAL DOUBLE BILLING - QUESTIONED

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Meer, J | 0.40 | 228.00 |
| Michaels, K | 1.30 | 741.00 |
| | 1.70 | $969.00 |

Exhibit C    Page 1 of 5

EXHIBIT C

POTENTIAL DOUBLE BILLING
Seyfarth Shaw LLP

POTENTIAL DOUBLE BILLING

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Baltimore Sun - Al Parker Schedule Grievance | 1.30 | 741.00 |
| Baltimore Sun - Assistant Chief Grievance | 1.30 | 741.00 |
| Tribune -Chris Neuman v. Ira Goldstone; KTLA, Inc. | 0.80 | 456.00 |
| | 3.40 | $1,938.00 |

POTENTIAL DOUBLE BILLING - QUESTIONED

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Baltimore Sun - Al Parker Schedule Grievance | 1.30 | 741.00 |
| Baltimore Sun - Assistant Chief Grievance | 0.00 | 0.00 |
| Tribune -Chris Neuman v. Ira Goldstone; KTLA, Inc. | 0.40 | 228.00 |
| | 1.70 | $969.00 |

Exhibit C   Page 2 of 5

EXHIBIT F

POTENTIAL DOUBLE BILLING

Seyfarth Shaw LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|---|-------------|
| 04/23/10 | Meer, J | 0.40 | 0.40 | 228.00 | | 1 | *MATTER NAME: Tribune -Chris Neuman v. Ira Goldstone: KTLA, Inc.*<br>PREPARE EMAIL TO J. SHERMAN REGARDING CASE STATUS UPDATE. |
| Fri | 1721392/103 | | | | | | |
| 04/23/10 | Meer, J | 0.40 | 0.40 | 228.00 | & | 1 | *MATTER NAME: Tribune -Chris Neuman v. Ira Goldstone: KTLA, Inc.*<br>PREPARE EMAIL TO J. SHERMAN REGARDING CASE STATUS UPDATE. |
| Fri | 1721392/105 | | | | | | |
| 05/14/10 | Michaels, K | 1.30 | 1.30 | 741.00 | | 1 | *MATTER NAME: Baltimore Sun - Assistant Chief Grievance*<br>REVIEW OF ARBITRATOR PANEL, STATISTICS, RELATED DATA AND REPORTED CASES OF PROPOSED ARBITRATORS FOR PURPOSES OF RANKING PANEL. |
| Fri | 1732154/75 | | | | | | |
| 05/14/10 | Michaels, K | 1.30 | 1.30 | 741.00 | & | 1 | *MATTER NAME: Baltimore Sun - Al Parker Schedule Grievance*<br>REVIEW OF ARBITRATOR PANEL, STATISTICS, RELATED DATA AND REPORTED CASES OF PROPOSED ARBITRATORS FOR PURPOSES OF RANKING PANEL. |
| Fri | 1732167/81 | | | | | | |

| | | | |
|---|---|---|---|
| TOTAL OF ALL ENTRIES | | 3.40 | $1,938.00 |
| TOTAL ENTRY COUNT: | 4 | | |
| TOTAL TASK COUNT: | 4 | | |
| TOTAL OF & ENTRIES | | 1.70 | $969.00 |
| TOTAL ENTRY COUNT: | 2 | | |
| TOTAL TASK COUNT: | 2 | | |

EXHIBIT C

POTENTIAL DOUBLE BILLING

Seyfarth Shaw LLP

SUMMARY OF HOURS AND FEES BY INDIVIDUAL FOR

POTENTIAL DOUBLE BILLING

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Meer, J | 0.80 | 456.00 |
| Michaels, K | 2.60 | 1,482.00 |
| | 3.40 | $1,938.00 |

SUMMARY OF HOURS AND FEES BY INDIVIDUAL FOR

POTENTIAL DOUBLE BILLING - QUESTIONED

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Meer, J | 0.40 | 228.00 |
| Michaels, K | 1.30 | 741.00 |
| | 1.70 | $969.00 |

Exhibit C    Page 4 of 5

EXHIBIT C

POTENTIAL DOUBLE BILLING

Seyfarth Shaw LLP

SUMMARY OF HOURS AND FEES BY MATTER FOR

POTENTIAL DOUBLE BILLING

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Baltimore Sun - Al Parker Schedule Grievance | 1.30 | 741.00 |
| Baltimore Sun - Assistant Chief Grievance | 1.30 | 741.00 |
| Tribune -Chris Neuman v. Ira Goldstone: KTLA, Inc. | 0.80 | 456.00 |
| | 3.40 | $1,938.00 |

SUMMARY OF HOURS AND FEES BY MATTER FOR

POTENTIAL DOUBLE BILLING - QUESTIONED

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Baltimore Sun - Al Parker Schedule Grievance | 1.30 | 741.00 |
| Baltimore Sun - Assistant Chief Grievance | 0.00 | 0.00 |
| Tribune -Chris Neuman v. Ira Goldstone: KTLA, Inc. | 0.40 | 228.00 |
| | 1.70 | $969.00 |

Exhibit C   Page 5 of 5

EXHIBIT G

ADMINISTRATIVE ACTIVITIES

Seyfarth Shaw LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| McManus, J | 0.40 | 108.00 |
| | 0.40 | $108.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Tribune - Bankruptcy Fee Application | 0.40 | 108.00 |
| | 0.40 | $108.00 |

EXHIBIT G

ADMINISTRATIVE ACTIVITIES

Seyfarth Shaw LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| | | | | | | | | *MATTER NAME: Tribune - Bankruptcy Fee Application* |
| 05/19/10 | McManus, J | 0.40 | 0.40 | 108.00 | 0.20 | F | 1 | INVESTIGATE COPYPAGE INVOICES FOR K. SIMON (.20); |
| Wed | 1732182/181 | | | | 0.20 | F | 2 | RESPOND TO COPYPAGE REQUESTS FOR PAYMENT FOR PRE-PETITION SERVICES (.20). |
| | | | | | | | | |
| Total | | | 0.40 | $108.00 | | | | |
| Number of Entries: | 1 | | | | | | | |

EXHIBIT G

ADMINISTRATIVE ACTIVITIES

Seyfarth Shaw LLP

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| McManus, J | 0.40 | 108.00 |
| | 0.40 | $108.00 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Tribune - Bankruptcy Fee Application | 0.40 | 108.00 |
| | 0.40 | $108.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS
F        FINAL BILL

EXHIBIT H

TRAVEL

Seyfarth Shaw LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Meer, J | 2.80 | 1,596.00 |
| | 2.80 | $1,596.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Tribune -Chris Neuman v. Ira Goldstone: KTLA, Inc. | 2.80 | 1,596.00 |
| | 2.80 | $1,596.00 |

EXHIBIT H

TRAVEL

Seyfarth Shaw LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|-------------|
| 05/13/10 Thu | Meer, J 1732482/142 | 2.80 | 2.80 | 1,596.00 | 1 | *MATTER NAME: Tribune -Chris Neuman v. Ira Goldstone: KTLA, Inc.* RETURN TRAVEL FROM SAN FRANCISCO TO LOS ANGELES AFTER MEDIATION. |
| Total | | | 2.80 | $1,596.00 | | |
| Number of Entries: | 1 | | | | | |

EXHIBIT H

TRAVEL

Seyfarth Shaw LLP

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Meer, J | 2.80 | 1,596.00 |
| | 2.80 | $1,596.00 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Tribune -Chris Neuman v. Ira Goldstone: KTLA, Inc. | 2.80 | 1,596.00 |
| | 2.80 | $1,596.00 |

EXHIBIT I

SEYFARTH RETENTION/COMPENSATION

Seyfarth Shaw LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Lewis, A | 7.20 | 648.00 |
| McManus, J | 47.80 | 12,906.00 |
| Sherman, J | 3.50 | 2,397.50 |
| Sowka, J | 0.90 | 333.00 |
| | 59.40 | $16,284.50 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Tribune - Bankruptcy Fee Application | 59.40 | 16,284.50 |
| | 59.40 | $16,284.50 |

EXHIBIT I  PAGE 1 of  6

EXHIBIT I

SEYFARTH RETENTION/COMPENSATION

Seyfarth Shaw LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 03/01/10 Mon | McManus, J 1710106/129 | 0.20 | 0.20 | 54.00 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application RESPOND TO FEE AUDITOR INQUIRIES. |
| 03/05/10 Fri | McManus, J 1710106/130 | 1.20 | 1.20 | 324.00 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application PREPARE JANUARY MONTHLY FEE APPLICATION. |
| 03/08/10 Mon | McManus, J 1710106/131 | 1.20 | 1.20 | 324.00 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application PREPARE QUARTERLY FEE APPLICATION. |
| 03/09/10 Tue | McManus, J 1710106/132 | 0.90 | 0.90 | 243.00 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application PREPARE FOURTH MONTHLY FEE APPLICATION. |
| 03/10/10 Wed | McManus, J 1710106/133 | 0.60 | 0.60 | 162.00 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application PREPARE FOURTH MONTHLY FEE APPLICATION EXHIBITS. |
| 03/11/10 Thu | McManus, J 1710106/134 | 0.60 | 0.60 | 162.00 | 0.40 0.20 | F F | 1 2 | MATTER NAME: Tribune - Bankruptcy Fee Application PREPARE DISBURSEMENTS SPREADSHEET (.40). REVISE FEE AUDITOR RESPONSE (.20). |
| 03/12/10 Fri | McManus, J 1710106/135 | 0.60 | 0.60 | 162.00 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application REVISE QUARTERLY FEE APPLICATION. |
| 03/15/10 Mon | McManus, J 1710106/136 | 2.50 | 2.50 | 675.00 | 1.20 1.30 | F F | 1 2 | MATTER NAME: Tribune - Bankruptcy Fee Application PREPARE AND REVISE THIRD MONTHLY FEE APPLICATION (1.20): PREPARE, REVISE AND ASSEMBLE EXHIBITS TO THIRD MONTHLY FEE APPLICATION (1.30). |
| 03/16/10 Tue | McManus, J 1710106/138 | 2.80 | 2.80 | 756.00 | 1.80 0.80 0.20 | F F F | 1 2 3 | MATTER NAME: Tribune - Bankruptcy Fee Application PREPARE FOURTH MONTHLY FEE APPLICATION (1.80): PREPARE SUMMARY OF FEES AND EXPENSES AND ACCOMPANYING CHARTS (.80): CONFER WITH J. SHERMAN REGARDING THIRD AND FOURTH FEE APPLICATIONS (.20). |
| 03/16/10 Tue | Sherman, J 1710106/137 | 1.00 | 1.00 | 685.00 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application WORK ON PREPARATION OF THIRD MONTHLY FEE APPLICATION. |
| 03/17/10 Wed | McManus, J 1710106/142 | 2.80 | 2.80 | 756.00 | 0.60 0.40 0.70 0.50 0.50 0.10 | F F F F F F | 1 2 3 4 5 6 | MATTER NAME: Tribune - Bankruptcy Fee Application FINALIZE THIRD MONTHLY FEE APPLICATION (.60): REVISE CHARTS IN CONNECTION WITH SUMMARY OF FEES AND EXPENSES (.40): FINALIZE FOURTH MONTHLY FEE APPLICATION (.70): REVISE CHARTS IN CONNECTION WITH SUMMARY OF FEES AND EXPENSES (.50): ASSEMBLE FEE APPLICATIONS FOR FILING (.50): TELEPHONE CONFERENCE WITH LOCAL COUNSEL REGARDING SAME (.10). |

~  See the last page of exhibit for explanation

EXHIBIT I  PAGE 2 of  6

EXHIBIT I

SEYFARTH RETENTION/COMPENSATION

Seyfarth Shaw LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|----------------|-------------|-------|------|------------|---|---|-------------|
| 03/17/10 Wed | Sherman, J 1710106/139 | 1.00 | 1.00 | 685.00 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>PREPARATION AND REVIEW OF THE FOURTH MONTHLY FEE APPLICATION. |
| 03/17/10 Wed | Sowka, J 1710106/140 | 0.10 | 0.10 | 37.00 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>CONFERENCE WITH J. MCMANUS REGARDING REVISIONS TO DECEMBER 2009 AND JANUARY 2010 FEE APPLICATIONS. |
| 03/17/10 Wed | Sowka, J 1710106/141 | 0.40 | 0.40 | 148.00 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>REVIEW AND REVISE DECEMBER 2009 AND JANUARY 2010 FEE APPLICATIONS. |
| 03/22/10 Mon | McManus, J 1710106/143 | 0.50 | 0.50 | 135.00 | 0.10<br>0.40 | F<br>F | 1<br>2 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>LETTER TO K. STICKLES ENCLOSING ORIGINAL FEE APPLICATIONS (.10);<br>PREPARE QUARTERLY FEE APPLICATION (.40). |
| 04/05/10 Mon | McManus, J 1721135/118 | 0.80 | 0.80 | 216.00 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>PREPARE FIFTH MONTHLY FEE APPLICATION. |
| 04/07/10 Wed | McManus, J 1721135/119 | 0.60 | 0.60 | 162.00 | 0.10<br>0.50 | F<br>F | 1<br>2 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>TELEPHONE CONFERENCE LOCAL COUNSEL REGARDING FEE APPLICATION HEARING FOR QUARTERLY FEE APPLICATIONS (.10);<br>PREPARE FIFTH MONTHLY FEE APPLICATION (.50). |
| 04/08/10 Thu | McManus, J 1721135/120 | 0.60 | 0.60 | 162.00 | 0.20<br>0.40 | F<br>F | 1<br>2 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>REVISE FEE SPREADSHEET (.20);<br>REVIEW TIME DETAIL FOR FIFTH MONTHLY FEE APPLICATION (.40). |
| 04/09/10 Fri | McManus, J 1721135/121 | 1.00 | 1.00 | 270.00 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>PREPARE QUARTERLY FEE APPLICATION. |
| 04/12/10 Mon | McManus, J 1721135/122 | 1.20 | 1.20 | 324.00 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>PREPARE SECOND QUARTERLY FEE APPLICATION. |
| 04/13/10 Tue | McManus, J 1721135/123 | 0.80 | 0.80 | 216.00 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>PREPARE FIFTH MONTHLY FEE APPLICATION. |
| 04/15/10 Thu | McManus, J 1721135/124 | 3.70 | 3.70 | 999.00 | 1.20<br>0.40<br>2.10 | F<br>F<br>F | 1<br>2<br>3 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>FINALIZE FIFTH MONTHLY FEE APPLICATION FOR FILING (1.20);<br>ASSEMBLE EXHIBITS' REGARDING SAME (.40);<br>PREPARE SECOND QUARTERLY FEE APPLICATION (2.10). |
| 04/16/10 Fri | Lewis, A 1721135/127 | 5.70 | 5.70 | 513.00 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>ASSIST J. MCMANUS WITH PREPARATION OF QUARTERLY FEE APPLICATION CHARTS. |

~ See the last page of exhibit for explanation

EXHIBIT I PAGE 3 of 6

EXHIBIT I
SEYFARTH RETENTION/COMPENSATION
Seyfarth Shaw LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 04/16/10 Fri | McManus, J 1721135/126 | 5.10 | 5.10 | 1,377.00 | 0.20 3.10 1.10 0.50 0.10 0.10 | F F F F F F | 1 2 3 4 5 6 | MATTER NAME: Tribune - Bankruptcy Fee Application CAUSE FIFTH MONTHLY FEE APPLICATION TO BE FILED WITH THE COURT (.20); REVISE SECOND QUARTERLY FEE APPLICATION (3.10); REVISE PROFESSIONAL FEE SUMMARY SPREADSHEET (1.10); REVISE EXPENSES SPREADSHEET (.50); TELEPHONE CONFERENCES WITH LOCAL COUNSEL REGARDING FILING (.10); CONFER WITH J. SHERMAN REGARDING QUARTERLY FEE APPLICATIONS (.10). |
| 04/16/10 Fri | Sherman, J 1721135/125 | 0.80 | 0.80 | 548.00 | 0.30 0.50 | F F | 1 2 | MATTER NAME: Tribune - Bankruptcy Fee Application REVIEW OF FIFTH MONTHLY FEE APPLICATION (.30); REVIEW AND REDACT INVOICES ATTACHED TO FIFTH MONTHLY FEE APPLICATION FOR ATTORNEY-CLIENT PRIVILEGE (.50). |
| 04/19/10 Mon | Lewis, A 1721135/129 | 1.50 | 1.50 | 135.00 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application ASSIST J. MCMANUS WITH PREPARATION OF QUARTERLY FEE APPLICATION CHARTS. |
| 04/19/10 Mon | McManus, J 1721135/128 | 3.60 | 3.60 | 972.00 | 1.80 1.10 0.70 | F F F | 1 2 3 | MATTER NAME: Tribune - Bankruptcy Fee Application REVISE SECOND INTERIM FEE APPLICATION (1.80); REVISE PROFESSIONALS FEE SUMMARY CHART (1.10); REVISE TASK SUMMARY CHART (.70). |
| 04/20/10 Tue | McManus, J 1721135/131 | 3.20 | 3.20 | 864.00 | 0.10 0.30 0.90 1.90 | F F F F | 1 2 3 4 | MATTER NAME: Tribune - Bankruptcy Fee Application REVIEW FEE EXAMINER REPORT (.10); PREPARE RESPONSE TO SAME (.30); REVISE SECOND QUARTERLY FEE APPLICATION (.90); REVISE EXHIBITS TO SAME (1.90). |
| 04/20/10 Tue | Sowka, J 1721135/130 | 0.40 | 0.40 | 148.00 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application REVIEW AND REVISE SECOND QUARTERLY FEE APPLICATION OF SEYFARTH SHAW. |
| 04/21/10 Wed | McManus, J 1721135/132 | 3.50 | 3.50 | 945.00 | 1.00 1.60 0.80 0.10 | F F F F | 1 2 3 4 | MATTER NAME: Tribune - Bankruptcy Fee Application REVISE SECOND QUARTERLY FEE APPLICATION (1.00); REVISE FIRST QUARTERLY FEE APPLICATION (1.60); PREPARE SIXTH MONTHLY FEE APPLICATION (.80); CONFERENCE WITH J. SHERMAN REGARDING SAME (.10). |
| 04/22/10 Thu | McManus, J 1721135/134 | 3.40 | 3.40 | 918.00 | 1.20 0.20 0.80 0.20 0.60 0.40 | F F F F F F | 1 2 3 4 5 6 | MATTER NAME: Tribune - Bankruptcy Fee Application FINALIZE FIRST INTERIM FEE APPLICATION IN PREPARATION FOR FILING (1.20); ASSEMBLE EXHIBITS REGARDING SAME (.20); FINALIZE SECOND INTERIM FEE APPLICATION IN PREPARATION FOR FILING (.80); CONFERENCE WITH J. SHERMAN REGARDING EDITS TO FIRST AND SECOND QUARTERLY FEE APPLICATIONS (.20); REVISE SIXTH MONTHLY FEE APPLICATION (.60); RESPOND TO FEE EXAMINER'S PRELIMINARY REPORT OF SECOND MONTHLY FEE APPLICATION (.40). |
| 04/22/10 Thu | Sherman, J 1721135/133 | 0.70 | 0.70 | 479.50 | 0.40 0.30 | F F | 1 2 | MATTER NAME: Tribune - Bankruptcy Fee Application REVIEW AND EDIT FIRST QUARTERLY FEE APPLICATION. (.40); REVIEW AND EDIT SECOND QUARTERLY FEE APPLICATION (.30). |

~ See the last page of exhibit for explanation

EXHIBIT I PAGE 4 of 6

EXHIBIT I

SEYFARTH RETENTION/COMPENSATION

Seyfarth Shaw LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 04/23/10 Fri | McManus, J 1721135/135 | 0.20 | 0.20 | 54.00 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>CONFERENCE WITH J. SHERMAN REGARDING RESPONSE TO FEE EXAMINER REGARDING SECOND MONTHLY FEE APPLICATION. |
| 04/26/10 Mon | McManus, J 1721135/136 | 0.50 | 0.50 | 135.00 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>REVIEW MARCH TIME DETAIL FOR REDACTION PURPOSES AND GENERAL ACCURACY PER FEE EXAMINER SUGGESTIONS. |
| 04/26/10 Mon | McManus, J 1721135/137 | 0.60 | 0.60 | 162.00 | 0.50 F<br>0.10 F | | 1<br>2 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>PREPARE MONTHLY FEE APPLICATION (.50);<br>CONFER WITH O. REYES REGARDING SAME (.10). |
| 05/05/10 Wed | McManus, J 1732182/165 | 0.80 | 0.80 | 216.00 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>PREPARE SEVENTH MONTHLY FEE APPLICATION. |
| 05/06/10 Thu | McManus, J 1732182/166 | 0.50 | 0.50 | 135.00 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>PREPARE SEVENTH MONTHLY FEE APPLICATION. |
| 05/12/10 Wed | McManus, J 1732182/167 | 0.80 | 0.80 | 216.00 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>REVISE SIXTH MONTHLY FEE APPLICATION. |
| 05/13/10 Thu | McManus, J 1732182/168 | 0.50 | 0.50 | 135.00 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>PREPARE SEVENTH MONTHLY FEE. APPLICATION. |
| 05/14/10 Fri | McManus, J 1732182/169 | 0.70 | 0.70 | 189.00 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>PREPARE MONTHLY FEE APPLICATION. |
| 05/17/10 Mon | McManus, J 1732182/170 | 1.20 | 1.20 | 324.00 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>REVISE MONTHLY FEE APPLICATION. |
| 05/18/10 Tue | McManus, J 1732182/171 | 0.20 | 0.20 | 54.00 | | | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>RESPOND TO STUART MAU INQUIRIES REGARDING FOURTH MONTHLY FEE APPLICATION. |
| 05/19/10 Wed | McManus, J 1732182/181 | 0.40 | 0.40 | 108.00 | 0.20 F<br>0.20 F | | 1<br>2 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>INVESTIGATE COPYPAGE INVOICES FOR K. SIMON (.20);<br>RESPOND TO COPYPAGE REQUESTS FOR PAYMENT FOR PRE-PETITION SERVICES (.20). |
| Total | | | 59.40 | $16,284.50 | | | | |

Number of Entries:        43

~ See the last page of exhibit for explanation

EXHIBIT I PAGE 5 of 6

EXHIBIT I

SEYFARTH RETENTION/COMPENSATION

Seyfarth Shaw LLP

## SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Lewis, A | 7.20 | 648.00 |
| McManus, J | 47.80 | 12,906.00 |
| Sherman, J | 3.50 | 2,397.50 |
| Sowka, J | 0.90 | 333.00 |
| | 59.40 | $16,284.50 |

## SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Tribune - Bankruptcy Fee Application | 59.40 | 16,284.50 |
| | 59.40 | $16,284.50 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL

EXHIBIT I  PAGE 6 of  6

EXHIBIT

Local Travel

Seyfarth Shaw LLP

| DATE | INVOICE/ENTRY | AMOUNT BILLED | DETAIL AMOUNT | EXHIBIT AMOUNT | DESCRIPTION |
|------|---------------|---------------|---------------|----------------|-------------|
| 03/31/10 | 1710104/82 | 17.50 | | 17.50 | TRAVEL - TRAVEL - DENNIS S. HYUN PARKING - ATTTEND MOTION TO COMPEL HEARING AT LA SUPERIOR COURT, CENTRAL DISTRICT 12/15/10 |
| 03/31/10 | 1710104/81 | 15.40 | | 15.40 | LOCAL TRAVEL - LOCAL TRAVEL - DENNIS S. HYUN MILEAGE - ATTTEND MOTION TO COMPEL HEARING AT LA SUPERIOR COURT, CENTRAL DISTRICT 12/15/10 |
| | | $32.90 | | $32.90 | |