## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ------------------------------------------------- x | | Chapter 11 |
| In re: | : | |
| | : | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, et al., | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | Objections Due: October 18, 2011 @ 4:00 p.m.(ET) |
| ------------------------------------------------- x | | Hearing Date: N/A |

### THIRTY-SECOND MONTHLY APPLICATION OF CHADBOURNE & PARKE LLP, AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, ET AL. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD AUGUST 1, 2011 THROUGH AUGUST 31, 2011

| | |
|---|---|
| Name of Applicant: | Chadbourne & Parke LLP |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | February 20, 2009, nunc pro tunc to December 18, 2008 |
| Period for Which Compensation and Reimbursement is Sought: | August 1, 2011 through August 31, 2011 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary: | $493,380.40    (80% of $616,725.50) |
| Amount of Expense Reimbursement is Sought as Actual, Reasonable and Necessary: | $ 85,166.86 |

This is a(n):     x   Monthly        _____ Interim        _____ Final Application

Prior Applications Filed:

| Date Filed | Docket No. | Period Covered | Fees Requested | Expenses Requested | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|---|
| 2/25/2009 | 452 | 12/18/08 - 1/31/09 | $1,025,328.00 | $20,199.48 | $820,262.40 | $20,199.48 |
| 3/25/2009 | 809 | 2/1/09 - 2/28/09 | $642,734.00 | $42,979.74 | $514,187.20 | $42,979.74 |
| 4/25/2009 | 1087 | 3/1/09 - 3/31/09 | $663,569.50 | $12,315.26 | $530,855.60 | $12,315.26 |
| 5/26/2009 | 1239 | 4/1/09 - 4/30/09 | $515,864.50 | $8,352.11 | $412,691.60 | $8,352.11 |
| 6/26/2009 | 1649 | 5/1/09 - 5/31/09 | $582,143.25 | $31,011.71 | $465,714.60 | $31,011.71 |
| 7/27/2009 | 1832 | 6/1/09 - 6/30/09 | $726,009.50 | $32,090.07 | $580,807.60 | $32,090.07 |
| 8/25/2009 | 2009 | 7/1/09 - 7/31/09 | $1,453,980.25 | $37,749.39 | $1,163,184.20 | $37,749.39 |
| 9/25/2009 | 2232 | 8/1/09 - 8/31/09 | $1,450,944.50 | $52,216.32 | $1,160,755.60 | $52,216.32 |
| 10/26/2009 | 2430 | 9/1/09 - 9/30/09 | $1,418,350.00 | $40,049.24 | $1,134,680.00 | $40,049.24 |
| 11/25/2009 | 2634 | 10/1/09 - 10/31/09 | $1,670,709.75 | $25,752.36 | $1,336,567.80 | $25,752.36 |
| 12/28/2009 | 2937 | 11/1/09 - 11/30/09 | $1,461,754.00 | $99,575.80 | $1,169,403.20 | $99,575.80 |
| 1/25/2010 | 3197 | 12/1/09 - 12/31/09 | $1,519,536.50 | $72,274.74 | $1,215,629.20 | $72,274.74 |
| 2/25/2010 | 3534 | 1/1/10 - 1/31/10 | $1,960,664.50 | $71,749.46 | $1,568,531.60 | $71,749.46 |
| 3/26/2010 | 3865 | 2/1/10 - 2/28/10 | $1,516,158.50 | $90,806.96 | $1,212,926.80 | $90,806.96 |
| 4/26/2010 | 4160 | 3/1/10 - 3/31/10 | $1,494,305.50 | $110,300.89 | $1,195,444.40 | $110,300.89 |

| 5/25/2010 | 4601 | 4/1/10 - 4/30/10 | $918,260.75 | $59,270.50 | $734,608.60 | $59,270.50 |
|---|---|---|---|---|---|---|
| 6/25/2010 | 4882 | 5/1/10 - 5/31/10 | $1,331,321.00 | $57,905.29 | $1,065,056.80 | $57,905.29 |
| 7/26/2010 | 5120 | 6/1/10 - 6/30/10 | $1,228,244.00 | $63,110.06 | $982,595.20 | $63,110.06 |
| 8/25/2010 | 5502 | 7/1/10 - 7/31/10 | $1,442,097.00 | $22,233.25 | $1,153,677.60 | $22,233.25 |
| 9/30/2010 | 5849 | 8/1/10 - 8/31/10 | $1,612,125.00 | $121,365.68 | $1,289,700.00 | $121,365.68 |
| 10/25/2010 | 6112 | 9/1/10 - 9/30/10 | $1,519,380.00 | $16,739.39 | $1,215,504.00 | $16,739.39 |
| 11/30/2010 | 6671 | 10/1/10 - 10/30/10 | $1,867,308.75 | $109,128.64 | $1,493,847.00 | $109,128.64 |
| 12/28/2010 | 7332 | 11/1/10 - 11/30/10 | $1,818,619.00 | $296,306.43 | $1,454,895.20 | $296,306.43 |
| 1/28/2011 | 7654 | 12/1/10 - 12/31/10 | $1,337,478.25 | $99,960.19 | $1,069,982.60 | $99,960.19 |
| 2/28/2011 | 8200 | 1/1/11 - 1/31/11 | $2,743,375.25 | $371,451.84 | $2,194,700.20 | $371,451.84 |
| 4/11/2011 | 8615 | 2/1/11 - 2/28/11 | $2,888,765.25 | $162,972.56 | $2,311,012.20 | $162,972.56 |
| 5/5/2011 | 8833 | 3/1/11 - 3/31/11 | $2,499,191.25 | $205,378.89 | $1,999,353.00 | $205,378.89 |
| 6/1/2011 | 9030 | 4/1/11 - 4/30/11 | $1,258,414.50 | $182,352.51 | $1,006,731.60 | $182,352.51 |
| 6/29/2011 | 9381 | 5/1/11 - 5/31/11 | $965,916.25 | $85,787.61 | $772,733.00 | $85,787.61 |
| 7/28/2011 | 9561 | 6/1/11 - 6/30/11 | $728,870.75 | $64,140.29 | $583,096.60 | $64,140.29 |
| 8/25/2011 | 9701 | 7/1/11 - 7/31/11 | $456,759.50 | $60,498.38 | $365,407.60 | $60,498.38 |

**TRIBUNE COMPANY, et al.**

**SUMMARY OF HOURS**

**August 1, 2011 through August 31, 2011**

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2011 HOURLY RATE | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| **Partner\*** | | | | | |
| Howard Seife (1997) | Bankruptcy and Financial Restructuring | 1979 (NY) | 985 | 48.30 | $47,575.50 |
| Richard M. Leder (1998) | Tax | 1962 (NY) | 985 | 2.30 | 2,265.50 |
| David M. LeMay (2001) | Bankruptcy and Financial Restructuring | 1982 (NY) | 895 | 52.70 | 45,376.50 |
| Thomas J. McCormack (1992) | Litigation | 1983 (NY) | 855 | 1.80 | 1,539.00 |
| N. Theodore Zink, Jr. (1997) | Bankruptcy and Financial Restructuring | 1984 (MS) 1991 (IL) 1996 (NY) | 835 | 24.10 | 20,123.50 |
| Robert Schwinger (1994) | Litigation | 1985 (NY) | 795 | 0.50 | 397.50 |
| Douglas E. Deutsch (2009) | Bankruptcy and Financial Restructuring | 1997 (NY) | 725 | 124.30 | 90,117.50 |
| Andrew Rosenblatt (2009) | Bankruptcy and Financial Restructuring | 1998 (NY) | 725 | 26.40 | 19,140.00 |
| David Gallai (2008) | Employee Benefits | 2000 (NY) | 685 | 20.30 | 13,905.50 |
| | | | | | |
| **Counsel:** | | | | | |
| Mark D. Ashley | Litigation | 1995 (NY) | 675 | 49.80 | 33,615.00 |
| Christy L. Rivera | Bankruptcy and Financial Restructuring | 2002 (NY) | 645 | 1.80 | 1,161.00 |
| Francisco Vazquez | Bankruptcy and Financial Restructuring | 1995 (NJ) 1996 (NY | 645 | 65.40 | 42,183.00 |
| James A. Stenger | Communications & Technology | 1978 (DC) | 495 | 2.30 | 1,138.50 |
| | | | | | |

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2011 HOURLY RATE | TOTAL HOURS | TOTAL |
|------|------------|-------------------|------------------|-------------|-------|
| **Associate:** | | | | | |
| Alexandra K. Nellos | Litigation | 2004 (NY) | 645 | 15.90 | 10,255.50 |
| Eric Przybylko | Litigation | 1997 (NY) | 645 | 0.90 | 580.50 |
| Robert J. Gayda | Bankruptcy and Financial Restructuring | 2005 (NY) | 625 | 78.70 | 49,187.50 |
| Robert Kirby | Litigation | 2008 (NY) | 535 | 2.10 | 1,123.50 |
| Meghan Towers | Bankruptcy and Financial Restructuring | 2008 (NY) | 535 | 15.10 | 8,078.50 |
| Bonnie Dye | Bankruptcy and Financial Restructuring | 2009 (NY) | 495 | 11.40 | 5,643.00 |
| Megan Strand | Communications & Technology | 2009 (NY) | 495 | 0.70 | 346.50 |
| Young Yoo | Bankruptcy & Financial Restructuring | 2009 (NY) | 495 | 126.60 | 62,667.00 |
| Eric Daucher | Bankruptcy & Financial Restructuring | 2010 (NY) | 425 | 96.10 | 40,842.50 |
| Marc Roitman | Bankruptcy & Financial Restructuring | 2010 (NY) | 425 | 120.50 | 51,212.50 |
| Michael Distefano | Bankruptcy & Financial Restructuring | 2011 (NY) | 375 | 18.40 | 6,900.00 |
| Jessica Marrero | Bankruptcy & Financial Restructuring | 2011 (NY) | 375 | 112.80 | 42,300.00 |

| | | | | | |
|---|---|---|---|---|---|
| **Paraprofessionals:** | | | | | |
| David Bava | Bankruptcy & Financial Restructuring | n/a | 280 | 43.10 | 12,068.00 |
| Helen M. Lamb | Bankruptcy and Financial Restructuring | n/a | 285 | 24.50 | 285.00 |
| | | | | | |
| **TOTAL:** | | | | **1,086.80** | **$616,725.50** |

BLENDED RATE:    $569.12

---

\* Includes year elected Partner at firm or joined firm as Partner.

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ----------------------------------------------------------- x | | Chapter 11 |
| In re: | : | |
| | : | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, et al., | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | Objections Due: October 18, 2011 @ 4:00 p.m.(ET) |
| ----------------------------------------------------------- x | | Hearing Date:  N/A |

## THIRTY-SECOND MONTHLY APPLICATION OF CHADBOURNE & PARKE LLP, AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, ET AL. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD AUGUST 1, 2011 THROUGH AUGUST 31, 2011

Chadbourne & Parke LLP ("Chadbourne"), as co-counsel to the Official Committee of Unsecured Creditors (the "Committee") of Tribune Company et al. (collectively, the "Debtors"), hereby submits this Application (the "Application") for approval and allowance of compensation for services rendered in the amount of $616,725.50 (80% of which equals $493,380.40) and reimbursement of expenses incurred in the amount of $85,166.86 during the period commencing August 1, 2011 through and including August 31, 2011 (the "Application Period").  This Application is submitted pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Compensation Order").  In support of the Application, Chadbourne respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for relief requested herein are Sections 105(a), 330, 331 and 1103(a) of the Bankruptcy Code.

## BACKGROUND

3.      On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").  On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

4.      The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On December 18, 2009, the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code.

6.      On February 20, 2009, the Bankruptcy Court authorized the employment and retention of Chadbourne as co-counsel for the Committee, nunc pro tunc to December 18, 2008.

7.      On May 10, 2010, the Bankruptcy Court authorized the appointment of Kenneth N. Klee, Esquire as Examiner in these Chapter 11 cases.

2

8.      Plan confirmation hearings for both the Debtor/Committee/Lender Plan (the "DCL Plan") and the Noteholders' Plan commenced on March 7, 2011 and continued daily through March 18, 2011.  The next phase of the confirmation hearings -- which included rebuttal witnesses, non-proponent objections to the DCL and the Noteholders' Plans and certain legal arguments -- resumed on April 12, 2011 and concluded on April 14, 2011.  Closing confirmation arguments were held on June 27, 2011.

## COMPENSATION PAID AND ITS SOURCES

9.      All services for which compensation is requested by Chadbourne were performed for or on behalf of the Committee.

10.     During the Application Period, Chadbourne has received no payment and no promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between Chadbourne and any other person, other than members of the firm, for sharing of compensation to be received for services rendered in these cases.

## FEE STATEMENTS

11.     The fee statement for the Application Period is attached hereto as Exhibit A.  This statement contains daily time logs describing the time spent by each attorney and paraprofessional for this period.  To the best of Chadbourne's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines adopted by the Office of the United States Trustee, Del. Bankr. L.R. 2016-2 (the "Guidelines"), and the Compensation Order.

## SUMMARY OF SERVICES

12.     As set forth in the detailed statement of fees attached hereto as Exhibit A, fees incurred by Chadbourne during the Application Period total $616,725.50.  The services rendered by Chadbourne during the Application Period are grouped into specific project categories as set forth in Exhibit A.  The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category.

13.     The following is a summary of the activities performed by Chadbourne attorneys and paraprofessionals during the Application Period, organized by project category.

**A.**     **Bankruptcy General (Matter 002)**

Fees:  $18,163.00          Total Hours:     40.30

14.     During the Application Period, Chadbourne devoted numerous hours to the fulfillment of its professional duties and responsibilities in connection with the administration of these chapter 11 cases including: (i) meetings with and addressing the inquiries of the Debtors and the Debtors' professionals, other Committee professionals, the United States Trustee and other parties in interest in these cases; (ii) monitoring of incoming correspondence, pleadings, and dockets; (iii) preparing for and attending various omnibus hearings and court conferences on behalf of the Committee; and (iv) disseminating information to the Committee and other various parties-in-interest.  Also, Chadbourne established and maintains an Intralinks account in order to provide a repository for memoranda and pleadings readily accessible by members of the Committee.

15.     Chadbourne's paraprofessionals have also been required to monitor and retrieve all newly filed pleadings from the Bankruptcy Court's docket, prepare and distribute daily status reports, maintain a current case calendar and post Committee-related pleadings and memoranda to Intralinks.  Chadbourne's paraprofessionals supervise the internal management of documents and the distribution of documents both to the professionals at Chadbourne and to the members of the Committee, coordinate receipt of pleadings, correspondence and other documents, assist attorneys in preparation of papers for electronic filing, and respond to third-party requests for documents.

**B.     Committee Meetings (Matter 003)**

Fees:    $35,831.50          Total Hours:   59.30

16.     Regular and special meetings of the Committee (the "Committee Meetings") were held during the Application Period and generally occurred weekly, either by telephone conference or in person, to review the numerous issues regarding the administration of the Debtors' Chapter 11 cases and keep the Committee apprised and updated with respect to the key issues.   In particular, the Committee and its professionals continued to review and address pending motions, litigation matters, and provide updates and final plan confirmation issues and strategies.

17.     Committee Meetings continue to be the most effective and efficient way of providing a forum for Committee members to express their views and to ensure that all members of the Committee are kept informed of the events occurring in the Debtors' Chapter 11 cases.  Further, minutes are recorded at each Committee Meeting to provide an official record of those meetings.  Chadbourne attorneys prepared for these meetings and spent time, among

other things, reviewing materials and drafting agendas, preparing presentation materials,
conducting the meetings, and drafting meeting minutes.

**C.    Creditor Communications (Matter 004)**

Fees:  $2,497.50          Total Hours:    3.90

18.    Chadbourne, as counsel to the Committee, is the focal point for creditor inquiries.
During the Application Period, Chadbourne attorneys reviewed and responded to
correspondence and other inquiries received from unsecured creditors and participated in
telephone conferences with members of the Committee to discuss open issues and
developments in the Debtors' cases.

**D.    Business Operations (Matter 007)**

Fees:  $3,922.50          Total Hours:    6.10

19.    During the Application Period, Chadbourne attorneys continued to review and
monitor issues involving the Debtors' day-to-day business operations.  Efforts included review
and discussions with the Committee's financial advisors regarding their analysis of the Debtors'
possible entry into several new business transactions.  Chadbourne prepared summary reports to
keep the Committee informed of those issues.  Chadbourne also reviewed weekly operations
and financial reports prepared by the Committee's financial advisors.

**E.    Claims Administration/Bar Date (Matter 009)**

Fees:  $22,189.50          Total Hours:    46.30

20.    During the Application Period, Chadbourne continued to work on a stipulation
between the Committee, the Debtors and various former officers and directors of the Debtors

(the "D&O Claimants") to treat certain late-filed indemnity claims as timely filed. In connection therewith, Chadbourne professionals continued to work with Debtors' counsel on drafting, reviewing and revising the stipulation and related joint motion. Further, Chadbourne engaged in discussions with Debtors' counsel and counsel to the D&O Claimants in efforts to address and resolve open issue on the terms set forth in the stipulation. Further efforts included preparation of a second motion establishing procedures and a bar date in connection with any additional claimants who wish to submit late-filed claims. The Committee and the Debtors believe that these procedures will provide for an orderly process which the D&O Claimants may file their claims, reducing motion practice before the Court and resulting in a reduction of costs against the Debtors' estates in connection with further litigation.

21.    During the Application Period, Chadbourne continued to expend efforts in connection with the settlement of claims. Chadbourne attorneys reviewed the Debtors' proposed settlement agreement with a group of so-called newspaper "hawkers" for underpaid wages and related motion approving same. The proposed agreement provided for, among other things, a payment being made by the Debtors to the hawkers as well as dismissal of the related state court class action. Following an analysis of the facts as well as discussions with Debtors' counsel regarding details of the proposed settlement, Chadbourne summarized its analyses and recommendations in a memorandum to the Committee.

**F.**    **Fee/Retention Applications (Matter 010)**

Fees:   $13,332.50          Total Hours:  35.70

22.     Chadbourne expended further time during the Application Period in compliance with the Bankruptcy Court's fee procedures in these cases.  Efforts included preparation and filing of Chadbourne's thirty-first monthly fee application.   In addition, Chadbourne began review and research on the Fee Examiner's initial reports concerning Chadbourne's seventh and eighth interim fee application and began preparation of a response to address concerns raised in the reports.  Moreover, Chadbourne reviewed and provided comments on the draft omnibus fee order in connection with the August 25, 2011 hearing on the fourth quarterly fee applications.

23.     In continuance of an ongoing process, Chadbourne expended time on the treatment of ordinary course professionals.  These efforts included the review and analysis of filed affidavits to ensure qualification criteria were satisfied and the monitoring of spending and monthly fee caps in connection with same.

**G.**    **Executory Contracts (Matter 012)**

Fees:   $2,966.50          Total Hours:  5.90

24.     During the Application Period, Chadbourne attorneys were further engaged in connection with the Debtors' ongoing efforts to resolve cure amount obligations due and owing under executory contracts that would be assumed pursuant to a confirmed plan of reorganization.  This work included review and analysis of a proposed stipulation negotiated with the Xerox Corporation resolving certain claims asserted against the Debtors.  Chadbourne consulted with the Committee's financial advisors on their analysis of the proposed settlement

and prepared a detailed summary of their analysis and recommendations for the Committee's review.

### H.    Avoidance Issues (Matter 013)

Fees:  $18,792.50          Total Hours:   31.30

25.    Following the Committee's request to seek the dismissal of certain preference actions that the Committee filed against current officers of the Debtors, Chadbourne reviewed and analyzed the applicable claims to establish dismissal criteria.  Ultimately, a "threshold" amount was agreed to.  This threshold was discussed with numerous case parties.  Chadbourne then prepared and filed a motion on behalf of the Committee seeking dismissal of those preference lawsuits that fell under the threshold and otherwise satisfied the Committee's established criteria.  The hearing on the motion is scheduled for mid-October.

### I.    Employee Issues (Matter 014)

Fees:  $199,459.50          Total Hours:   309.30

26.    During the Application Period, professionals from Chadbourne's Employee Benefits and Bankruptcy Groups continued to be engaged in various employee-related matters. Efforts included review and analysis of the departure and severance terms in separation agreements of certain terminated senior executives of Tribune.  In connection therewith, Chadbourne discussed the economic terms and business rationale of the departures with Debtors' counsel and consulted with the Committee's financial advisors about their analysis of the departure arrangements.  Chadbourne summarized its analyses and recommendations in memoranda to the Committee.

27.     During the Application Period, Chadbourne continued to review the Debtors' proposed Management Incentive Plan for 2011 (the "2011 MIP") for management employees. Working with the Committee's financial advisors, Chadbourne participated in discussions with Debtors' counsel to negotiate and resolve certain issues with respect to operating cash flow targets and payments to certain senior executives.  Based on the Committee's direction, Chadbourne continued to perform substantial research and analysis of certain issues related to specific employees.  On August 30, 2011, the Debtors' filed a motion to implement the 2011 MIP.

**J.     Tax Issues (Matter 016)**

Fees:   $2,265.50          Total Hours:   2.30

28.     During the Application Period, Chadbourne tax professionals reviewed and analyzed the proposed ERISA Claim Settlement (as defined in Section K) and related tax implications.  Further, Chadbourne reviewed and discussed the Debtors continued efforts to negotiate and resolve the related IRS claim.

**K.     General Litigation (Matter 017)**

Fees:   $58,739.00         Total Hours:   92.00

29.     During the Application Period, Chadbourne attorneys continued to be engaged in settlement-related efforts regarding the ERISA-related disputes with the Neil litigation plaintiffs, the Department of Labor, the IRS, GreatBanc and other parties (the "ERISA Claim Settlement").  Efforts included review and revision of multiple versions of a draft Memorandum of Understanding related to the proposed settlement as well as a related outline/side letter setting forth the division of economic responsibilities among the settling parties.  Chadbourne

10

also reviewed and commented on the Debtors' motion to approve the ERISA Claim Settlement. In addition, Chadbourne and Zuckerman participated in numerous discussions with Debtors' counsel, the insurers and the settling parties to review and negotiate the proposed terms of the settlement. Moreover, Chadbourne considered the impact the resolution of the claims would have on the DCL Plan (as described in Section N herein) and discussed amendments to the DCL Plan to provide for the treatment of those claims.

30.     Further, Chadbourne attorneys continued to monitor and review the various adversary proceedings pending in connection with the Debtors' Chapter 11 cases.

**L.     Travel (Matter 018)**

Fees:   $1,790.00          Total Hours:   4.00

During the Application Period, Chadbourne travelled to Wilmington, Delaware to attend an omnibus hearing at the Bankruptcy Court. The hours reflect non-working travel time and the fees requested are at 50% of Chadbourne's normal hourly rates.

**M.     Shareholder Claims (Matter 020)**

Fees:   $39,527.00          Total Hours:   71.40

31.     During the Application Period, Chadbourne attorneys continued to review and analyze case activity in connection with the various lawsuits filed by the Retirees[1] and the

---

[1]   The Retiree plaintiffs are retirees of The Times Mirror Company, Tribune Company, and/or one or more of 110 affiliates or subsidiaries of Tribune Company.

Noteholders[2] seeking state law constructive fraudulent conveyance claims ("SLCFC Claims") against Tribune's former stockholders in connection with the 2007 leveraged buyout of Tribune Company. Chadbourne examined various issues raised in court filings in order to keep the Committee apprised of the status of the proceedings and any potential implications on the Debtors' Chapter 11 cases.

32.     In addition, Chadbourne reviewed and analyzed the Noteholders' motion filed with the Judicial Panel on Multidistrict Litigation seeking to transfer their 44 pending federal actions to the Southern District of New York for coordinated or consolidated pretrial multidistrict litigation ("MDL") proceedings. Chadbourne reviewed and analyzed the various assertions raised in the motion for consolidating the cases and performed related legal research on the MDL process. Chadbourne summarized its research and analysis in a report to the Committee and continues to monitor and review the proceedings for responses to the MDL motion.

33.     During the Application Period, Chadbourne also reviewed and researched certain legal issues related to the discovery that is being taken related to the Committee's complaint against shareholders and other third parties in connection with the LBO/ESOP transaction. Finally, Chadbourne was also engaged in reviewing and, when appropriate, addressing various discovery-related issues raised in the Debtors' main bankruptcy case.

---

[2]   The named Noteholder plaintiffs are Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for certain series of Senior Notes, Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for certain series of Senior Notes, and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES Notes.

N.    **Plan Litigation (Matter 21)**

Fees:  $197,249.00          Total Hours:  397.00

34.    During the Application Period, Chadbourne's team of bankruptcy and litigation

professionals continued to be substantially engaged, on behalf of the Committee, in analyzing

and addressing a variety of issues concerning post-confirmation hearing matters and issues

concerning confirmation of the Second Amended Joint Plan of Reorganization for Tribune

Company and its Subsidiaries (the "DCL Plan").  Those matters included, at the request of the

Committee, a review and analysis of the various legal issues relating to the bankruptcy

appellate process, a review of a recent Supreme Court decision  and its implications to the

Tribune bankruptcy cases and, in view of the impending ERISA Claim Settlement, the

requirements for resolicitation of a plan that is modified before confirmation but after

acceptance of a plan.

## ACTUAL AND NECESSARY EXPENSES

35.    A summary of the actual and necessary expenses and daily logs of expenses

incurred by Chadbourne during the Application Period in the amount of $85,166.86 is attached

hereto as Exhibit B.  Chadbourne's standard charge for photocopies is $0.20/per page.  For

purposes of these Chapter 11 cases, the firm has reduced this charge to $0.10/per page.

Chadbourne customarily charges its clients $1.25/per page for out-going facsimile

transmissions.  For purposes of these cases, the firm has reduced this charge to $1.00/per page.

36.    Due to the national nature of the Debtors' business and the Committee's

participation in weekly meetings by telephone, long distance telephone and conference call

services have been required.  In accordance with the Guidelines, in seeking reimbursement for

long distance telephone charges, Chadbourne currently charges clients its approximate actual

cost paid to its long distance carriers.  Chadbourne utilizes outside vendors for conference call

services and requests reimbursement only for the amount billed to Chadbourne by the third-

party vendors.

37.    With respect to legal research expenses, Chadbourne has entered into flat-fee

contracts with Lexis/Nexis and Westlaw for the provision of online research services.  In order

to determine charges to individual clients, the flat fees charged to Chadbourne by Lexis/Nexis

and Westlaw are allocated among those clients based on the actual number and scope of

searches conducted on behalf of those clients.

38.    In connection with the LBO/ESOP transaction investigation Chadbourne entered

into a contract for electronic data discovery services with Complete Document Source Inc.

("CDS").  Chadbourne continues to use the CDS services in connection with the plan

confirmation process in reviewing and analyzing the various trial exhibits and documents

presented at the confirmation hearing for potential admission on the trial record.  The CDS

charges incurred during the Application Period represent a monthly hosting fee as well as

processing fees for loading data and/or converting data to a searchable format.  In seeking

reimbursement for these outside professional services, Chadbourne requests reimbursement for

the actual costs incurred.

39.    Because of the extraordinary number of documents that have been shared with the

Committee and analyzed by Chadbourne and other Committee professionals, the Intralinks

capacity limit was exceeded during this period and an incremental fee was incurred.  During

this time, Chadbourne's contract with Intralinks expired.  Therefore, in order to avoid the full-

14

price fee of continuing services on a month-to-month basis as well as potential incremental fees

for exceeding the storage limit, Chadbourne extended its contract with Intralinks for an

additional six months, at a discounted rate, which includes additional storage space.

(Chadbourne has also removed several thousand pages from the workspace to allow for more

storage).  The amounts requested for reimbursement reflect (i) the incremental fee ($4,000.00)

and (ii) the six-month extension fee ($16,000.00).  Again, Chadbourne believes that Intralinks

is an invaluable tool that allows the Committee members to easily access all background

information in these Chapter 11 cases and allows Chadbourne to carefully control access to that

data when conflict or other issues arise.   In seeking reimbursement for these outside

professional services, Chadbourne requests reimbursement for the actual costs incurred.

     40.    The category of meal expenses represents (i) reimbursement of reasonable costs

of meals of those Chadbourne attorneys and other employees who worked late into the evenings

or on weekends and while travelling (which is consistent with firm policy) and (ii) the catering

costs in connection with in-person Committee meetings, settlement meetings and depositions

hosted by Chadbourne in which breakfast, lunch and/or other refreshments were served.

     41.    In order to meet deadlines and satisfy the demands of these cases, attorneys and

other employees of Chadbourne were required to work late in the evenings or on weekends.

Consistent with firm policy, reasonable transportation costs were reimbursed as well as

paraprofessional overtime.

## VALUATION OF SERVICES

     42.    Attorneys and paraprofessionals of Chadbourne have expended a total of 1,086.80

hours in connection with the matter during the Application Period.  The nature of the work

performed by these persons is fully set forth on Exhibit A attached hereto.  These are

Chadbourne's normal hourly rates for work of this character.  The reasonable value of services rendered by Chadbourne to the Committee during the Application Period is $616,725.50.

43.    To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Application Period, but were not processed prior to the preparation of this Application, Chadbourne reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

44.    In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Chadbourne is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.  Moreover, Chadbourne has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, Chadbourne respectfully requests that this Court authorize that an allowance be made to Chadbourne pursuant to the terms of the Compensation Order for the period August 1, 2011 through August 31, 2011:  (a) authorizing compensation in the amount of $616,725.50 (80% of which equals $493,380.40) for professional services rendered, and reimbursement of expenses incurred in connection therewith in the amount of $85,166.86 for a total of $701,892.36; (b) authorizing and directing the Debtors to remit payment to Chadbourne as set forth herein; and (c) granting such other and further relief as this Court deems just and proper.

Dated:    September 28, 2011
          New York, New York

                                        CHADBOURNE & PARKE LLP

                                        By:    _____
                                               Douglas E. Deutsch
                                               (A Member of the Firm)

                                        Chadbourne & Parke LLP
                                        30 Rockefeller Plaza
                                        New York, New York  10112
                                        (212) 408-5100

                                        Co-Counsel to The Official Committee of
                                        Unsecured Tribune Company, et al.

## **VERIFICATION**

STATE OF NEW YORK    :
                               : ss:

COUNTY OF NEW YORK   :

        Douglas E. Deutsch, after being duly sworn according to law, deposes and says:

        (a)       I am a partner with the applicant firm, Chadbourne & Parke LLP, and have been admitted to the bar of the State of New York since 1997.

        (b)       I am familiar with the work performed on behalf of the Committee by the lawyers in the firm.

        (c)       I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. L.R. 2016-2 and submit that the Application substantially complies with such order.

                                     _____

                                       Douglas E. Deutsch

Sworn to before me this
28th day of September 2011

_____
Francisco Vázquez
Notary Public, State of New York
No. 31-6013920
Qualified in New York County
Commission Expires December 27, 2014