## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE
## THIRD INTERIM FEE APPLICATION OF ZUCKERMAN SPAEDER LLP

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Third Interim Fee Application of Zuckerman Spaeder LLP* [Docket No. 5044] (the "**Fee Application**"). The Fee Application seeks approval of fees that total $579,613.50

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

and reimbursement of expenses that total $337,176.57 for the period from March 1, 2010 through May 31, 2010. Zuckerman Spaeder LLP ("**Zuckerman**") serves as Special Counsel to the Official Committee of Unsecured Creditors (the "**Committee**").

**Background**

1.    On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' Chapter 11 cases for procedural purposes only.

2.    On August 13, 2009, the Committee filed the *Application of the Official Committee of Unsecured Creditors of Tribune Company, et al., Pursuant to 11 U.S.C. §§ 328 and 1103 and Fed. R. Bankr. P. 2014, for an Order Authorizing the Employment and Retention of Zuckerman Spaeder LLP as Special Counsel Nunc Pro Tunc to August 6, 2009* [Docket No. 1953] (the "**Retention Application**"). By order dated September 3, 2009, this Court approved the retention of Zuckerman (the "**Retention Order**"). The Retention Order provided that Zuckerman "shall be compensated in accordance with the procedures set forth in section 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, local rules and orders of the court, guidelines established by the Office of the United States Trustee, and such other procedures as may be fixed by order of this Court."

3.    Zuckerman submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, (January 15, 2009) [Docket No. 225] (the "**Interim Compensation Order**").

**Applicable Standards**

4.    In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals

to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

5.        The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**").  In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6.        Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*.  In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F)*.

7.        A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses

were necessary, reasonable, and actually incurred.   A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules.    Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application.    A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

8.      The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a this Preliminary Report to Zuckerman for review and comment.   The firm submitted to the Fee Examiner a lengthy and detailed written response to the Preliminary Report.   After consideration of the additional information provided by the firm, the Fee Examiner now issues this final report (the "**Final Report**") "in a format designed to opine whether the requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines." *Fee Examiner Order ¶5.*

## DISCUSSION OF FINDINGS

### Technical Requirements

9.      **Reconciliation of Fees and Expenses.**   The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**").   The Fee Examiner determined there are no discrepancies between the Fees Requested and Fees Computed, nor any discrepancies between the Expenses Requested and Expenses Computed.

10.      **Potential Double Billing.**   The Fee Examiner identified one entry that appears to have been inadvertently duplicated (*i.e.*, on the same date by the same timekeeper with the identical or nearly identical description and time increment).   The questioned task, totaling 0.60 hour and $405.00 in

associated fees, was highlighted in bold and marked with an ampersand [&] in **Exhibit A**[2] to the Preliminary Report. The Fee Examiner asked Zuckerman to review the entry and confirm whether the task was inadvertently billed twice.

In response, the firm stated the time entry was inadvertently duplicated and agreed to a voluntary fee reduction of $405.00. Exhibit A is omitted from this report.

11.    **Block Billing.**[3]  The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*. The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[4]  The Fee Examiner identified block billed time entries totaling 30.00 hours with associated fees of $17,099.00, as displayed in **Exhibit B** to the Preliminary Report. The Fee Examiner invited comment from Zuckerman regarding the practice of recording blocked time.

In response to the Preliminary Report, Zuckerman asserted that most of the entries in question contain tasks that are either closely related or not easily divided from each other, and that

---

[2] This Final Report includes exhibits that detail and support the findings discussed herein. Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits. For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

[3] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing. Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry. As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry. This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

[4] The judicial response to block billing varies. Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007). Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

given the scope of Zuckerman's work all entries were attributable to the same task and purpose. The firm explained the efforts to reduce block billed entries and noted the amount was substantially less than the firm's prior interim applications. The Fee Examiner makes no recommendation for a fee reduction at this time, but will track block billing in subsequent applications and review the issue as a whole when addressing Zuckerman's final fee application. Exhibit B is omitted from this report.

12.    **Time Increments.**  The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*.  The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*.  Zuckerman timekeepers billed their time in tenths of an hour.

### Review of Fees

13.    **Firm Staffing.**  The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*.  The Fee Application provided the names, positions, and hourly rates of the 19 Zuckerman professionals and paraprofessionals who billed to this matter, consisting of 6 partners, 6 associates, 1 staff attorney, 2 paralegals, 1 litigation analyst, 1 library assistant, and 2 paralegal assistants.  A summary of hours and fees billed by each timekeeper is displayed in **Exhibit C.**

The firm billed a total of 1,047.40 hours with associated fees of $579,613.50.  The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 784.80 | 75% | $503,889.50 | 87% |
| Associate | 50.90 | 5% | 17,288.50 | 3% |
| Staff Attorney | 163.30 | 16% | 48,990.00 | 8% |
| Paralegal | 13.80 | 1% | 3,592.00 | * |
| Litigation Analyst | 9.00 | * | 1,755.00 | * |
| Library Assistant | 0.50 | * | 82.50 | * |
| Paralegal Assistant | 25.10 | 2% | 4,016.00 | * |
| **TOTAL** | 1,047.40 | 100% | $579,613.50 | 100% |

\* Less than 1%

The blended hourly rate for the Zuckerman professionals is $570.74 and the blended hourly rate for professionals and paraprofessionals is $553.38.

14.     **Hourly Rate Increases.** Zuckerman did not increase the hourly rate of any timekeeper during this interim period.

15.     **Timekeepers' Roles.** A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4).* With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts. On the whole, each timekeeper appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.

16.     **Meetings, Conferences, Hearings, and Other Events.** The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" *Local Rule 2016-2(d)(ix),* and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v).* While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

-7-

The Fee Examiner identified occasions where two or more Zuckerman timekeepers attended the same meeting, conference, hearing, or other event.  Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees.  The entries, totaling 139.80 hours with $96,180.50 in associated fees, were displayed in **Exhibit D** to the Preliminary Report.  In each instance where multiple timekeepers attended a meeting, conference, hearing, or other event, we identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the attorney leading rather than observing a conference).  The potentially duplicative and unnecessary timekeepers' entries total 75.50 hours with $47,543.50 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit.  The Fee Examiner requested that the firm provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event.

In response to the Preliminary Report, Zuckerman initially noted (i) multiple firm attorneys attended events only when necessary and only for the amount of time necessary; (ii) the attorneys in attendance depended on availability and subject matter expertise; and (iii) during the time period covered by the Fee Application.  The firm then divided the meetings and events into various categories and provided additional information and context.  The additional information and context brings the Fee Application into substantial compliance with the Local Rules and UST Guidelines, and accordingly the Fee Examiner makes no recommendation for a fee reduction.  Exhibit D is omitted from this report.

17.     **Intraoffice Conferences.**  Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel.  The Fee Examiner identified billing activities by Zuckerman timekeepers describing intraoffice conferences totaling 48.80 hours with $33,508.50 in associated fees, or approximately 6% of the total Fees Computed as displayed in **Exhibit E** to the Preliminary Report.  The Fee Examiner observed that in certain

instances, two or more timekeepers invoiced fees associated with the same intraoffice conference. The entries describing intraoffice conferences invoiced by two or more firm personnel total 34.80 hours with $24,325.00 in associated fees and were highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner requested that Zuckerman strive to eliminate unnecessary intraoffice conferencing, and further requested that the firm provide an explanation for the necessity of more than one participant billing for the same intraoffice conference as identified in the exhibit.

Zuckerman responded to the Fee Examiner's request by asserting that the conferences were necessary to carry out the firm's work plan and accomplish the tasks during the application period. The response provided specific examples of the necessity of intraoffice discussions. After consideration of Zuckerman's response, the Fee Examiner makes no recommendation for a fee reduction, and Exhibit E is omitted from this report.

18. **Complete and Detailed Task Descriptions.** Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*. The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*. Contrary to the requirements of the Local Rules and the UST Guidelines, certain activity descriptions in the Fee Application were not sufficiently detailed.

a.    **Vague Communications.**  The Fee Examiner reviewed the substantive detail of each billing entry describing communication activities and identified 55.00 hours with $39,150.50 in associated fees where the billing narrative failed to disclose the subject matter of and/or participants to a communication.  The entries were provided to the firm in **Exhibit F** to the Preliminary Report.  The Fee Examiner requested that Zuckerman provide sufficient detail for each time entry and in particular disclose the subject matter and participants for every billing activity describing communications.

In response, the firm explained that the vast majority of the time was billed by the partner heading the engagement and reflected his regular telephone conferences with counsel for the various parties and Committee members.   The firm asserted that the generality of the entries was necessary due to the ability of lenders and other parties reviewing Zuckerman's fee applications to determine the detail of the work performed and the parties with whom discussions were being held.  The response then provided additional detail regarding the participants and subject matter of the calls.  Without prejudice, Zuckerman agreed to a voluntary fee reduction of $216.00 for certain fee entries.  The Fee Examiner makes no recommendation for any additional fee reduction, and Exhibit F is omitted from this report.

b.    **Vague Tasks.**  The Fee Examiner reviewed the substantive detail of each billing entry and identified 3.70 hours with $1,821.50 in associated fees where the Fee Examiner could not determine the precise nature of the services performed by the timekeeper.  As reflected in the Local Rules and UST Guidelines, billing entries must adequately describe the services actually performed to allow a determination of whether the task was staffed appropriately, whether the task involved the exercise of legal judgment, and/or whether the task was duplicated by other timekeepers.[5]  In the present instance, certain entries failed to sufficiently describe the actual activity performed.  The time

---

[5] Vague entries do not allow the court to determine the reasonableness and necessity of the effort of expended, and fees may be denied or reduced when insufficiently documented.  *E.g.*, *In re Bennett Funding, Inc.*, 213 B.R. 234, 245-46 (Bankr. N.D.N.Y. 1997).  Entries for legal research must identify the issue and explain the research need.  *In re Fibermark, Inc.*, 349 B.R. 385, 397 (Bankr. D. Vt. 2006).

entries at issue were displayed in **Exhibit G** to the Preliminary Report. The Fee Examiner requested additional detail for the time entries listed in the exhibit, and that in future applications Zuckerman strive to provide sufficient detail for each billing task.

In response to the Preliminary Report, the firm initially noted the relatively small amount of time at issue and the substantial improvement from Zuckerman's prior interim application. The response then provided additional detail and context for the fee entries. After review and consideration of the supplemental information, the Fee Examiner makes no recommendation for a fee reduction. Exhibit G is omitted from this report.

19. **Administrative Activities.** Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. The Fee Examiner identified 1.10 hours with associated fees of $302.00 (displayed in **Exhibit H** to the Preliminary Report) relating to the administrative function of editing firm invoices.

Zuckerman responded by agreeing, without prejudice, to a voluntary fee reduction of $302.00 for the entries in the attached Exhibit H.

20. **Clerical Activities.** Clerical activities are tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel[6] or support tasks for which the firm charged greater than market rate. The Fee Examiner reviewed each timekeeper's billing activities and identified entries describing clerical activities, including but not limited to organizing materials, locating documents, and preparing copies. The questioned entries were displayed in **Exhibit I** to the Preliminary Report.

---

[6] "Duties appropriate for office staff are considered part of a professional's overhead expenses and may not be billed to the estate." *Fibermark*, 349 B.R. at 397; *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758 769 (Bankr. E.D.N.Y. 2005) (overhead not compensable); *but see Bennett Funding*, 213 B.R. at 247-48 (discussing differing approaches to clerical work at professional rates). These overhead activities may include: mailing; photocopying, word processing (including the creation of templates), formatting, creating spreadsheets, printing, organizing files, checking for docket updates, creating binders, and secretarial overtime. *Fibermark*, 349 B.R. at 396-97.

Zuckerman responded by providing additional explanation and detail regarding certain questioned tasks and timekeepers including the legal acumen and skill involved. The firm agreed to reduce to $80.00 per hour the rate applied to other entries and also identified one fee entry that was inadvertently billed to the Tribune matter. The result is a voluntary fee reduction in the amount of $2,962.50. Exhibit I is omitted from this report.

21.    **Travel.** The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*. The firm invoiced all travel entries at one-half of the timekeepers' hourly rates in compliance with Local Rule.

22.    **Zuckerman Retention/Compensation.** Zuckerman billed 34.50 hours with associated fees of $11,259.00 to prepare the firm's retention documents and applications for compensation, which computes to approximately 2% of the total Fees Computed. The fee entries describing Zuckerman's retention/compensation activities are displayed in **Exhibit J**, included in this Final Report for the Court's reference.

**Review of Expenses**

23.    **Itemization of Expenses.** The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*. The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*. Zuckerman provided an

itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

24.    **Litigation Expert.**  Zuckerman requested reimbursement of two charges by National Economic Research Associates ("**NERA**") totaling $319,324.09. The Fee Application disclosed that Zuckerman "engaged a litigation expert to assist Zuckerman with insolvency and other financial distress issues." As with prior fee applications, the Fee Examiner requested an explanation of the role and necessity of NERA and additional documentation of NERA's activities and costs.

The Fee Examiner discussed NERA's retention, role, and fees with Zuckerman and the firm provided the Fee Examiner with additional documentation detailing NERA's activities and costs. After careful review of the materials, the Fee Examiner makes no recommendation for an expense reduction at this time but will continue to monitor the NERA costs through the course of the firm's engagement and Zuckerman's final fee application.

25.    **Photocopies.**  The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii)*. The firm requested reimbursement of $215.60 for duplication charges at a rate of $0.10 per page, in compliance with the Local Rule.

26.    **Computer Assisted Legal Research.**  The Local Rules provide that computer assisted legal research charges "shall not be more than the actual cost." *Local Rule 2016-2(e)(iii)*. The firm billed $5,270.23 for computer assisted legal research. The Fee Application stated that "there is no surcharge for computerized research."

27.    **Overtime Expenses.**  Zuckerman requested reimbursement of secretarial overtime in the amount of $30.00 and an apparent overtime meal in the amount of $118.52. The charges, totaling $148.52, were displayed in **Exhibit K** to the Preliminary Report. The UST Guidelines include secretarial charges in the examples of overhead charges. In addition, while a firm may have a policy that personnel may be reimbursed for meals when working late, such charges are generally considered part of the firm's overhead.

Zuckerman responded by agreeing, without prejudice, to a voluntary expense reduction of $148.52 for the overtime meals and secretarial services displayed in the attached Exhibit K.

28.     **Travel Expenses.**   Zuckerman requested reimbursement of travel expenses totaling $10,498.24.   The Fee Examiner requested additional information related to the charges displayed in **Exhibit L** to the Preliminary Report.   For all charges, the Fee Examiner requested a detailed description that will allow a proper classification of the charge (airfare, hotel, etc.).   For airfare charges, the Fee Examiner requested information regarding the origination, destination, and fare class. For meals, the Fee Examiner requested information regarding the type of meal (breakfast, lunch, etc.) and the name of each attendee.   The Fee Examiner applies a per person ceiling of $15.00 for breakfast, $25.00 for lunch, and $50.00 for dinner.   For hotel charges, the Fee Examiner requested from Zuckerman the location and number of nights included in the charge; the Fee Examiner applies a ceiling for domestic lodging of $350.00 per night.

In response, the firm provided a spreadsheet with additional detail for the expense items at issue.   Included in the spreadsheet were certain charges that exceed the lodging or meal ceiling.   The Fee Examiner recommends an expense reduction of $229.30.   Exhibit L is omitted from this report.

29.     **Local Transportation.**   Zuckerman requested reimbursement for a charge in the amount of $16.00 described as "Local Transportation – Vendor: Sharon Garrett."   The Fee Examiner requested from Zuckerman an explanation for the necessity and purpose of the charge.   The firm responded by providing supplemental detail and the Fee Examiner makes no recommendation for an expense reduction.

## CONCLUSION

The Fee Examiner submits this final report regarding the Fee Application and the fees and expenses discussed above.   The Fee Examiner recommends the approval of fees in the amount of $575,728.00 ($579,613.50 minus $3,885.50) and reimbursement of expenses in the amount of $336,798.75 ($337,176.57 minus $377.82) for the period from March 1, 2010 through May 31, 2010. The findings are summarized in the attached Appendix A.

Respectfully submitted,

STUART MAUE

By: _____
W. Andrew Dalton.
3840 McKelvey Road
St. Louis, Missouri  63044
Telephone:  (314) 291-3030
Facsimile:  (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

## APPENDIX A

### ZUCKERMAN SPAEDER LLP

#### SUMMARY OF FINDINGS

##### Third Interim Fee Application (March 1, 2010 through May 31, 2010)

###### A.    Amounts Requested and Computed

| | | |
|---|---|---|
| Fees Requested | $579,613.50 | |
| Expenses Requested | 337,176.57 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $916,790.07 |
| | | |
| Fees Computed | $579,613.50 | |
| Expenses Computed | 337,176.57 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $916,790.07 |

###### B.    Recommended Fee Allowance and Expense Reimbursement

| | | |
|---|---|---|
| Fees Requested | $579,613.50 | |
| *Agreed Reduction for Potential Double Billing* | *($  405.00)* | |
| *Agreed Reduction for Vague Communications* | *(216.00)* | |
| *Agreed Reduction for Administrative Activities* | *(302.00)* | |
| *Agreed Reduction for Clerical Activities* | *(2,962.50)* | |
| Subtotal | *($3,885.50)* | |
| | | |
| RECOMMENDED FEE ALLOWANCE | | $575,728.00 |
| | | |
| Expenses Requested | $337,176.57 | |
| *Agreed Reduction for Overtime Expenses* | *($148.52)* | |
| *Recommended Reduction for Travel Expenses* | *(229.30)* | |
| Subtotal | *($377.82)* | |
| | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 336,798.75 |
| | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $912,526.75 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 30th day of September, 2011.

Joseph J. McMahon, Jr., Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE  19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE  19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE  19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE  19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Mr. James F. Conlan
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY  10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY  10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE  19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY  10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Thomas G. Macauley, Esq.
Zuckerman Spaeder LLP
919 Market Street, Suite 990
Wilmington, DE  19801

_____
W. Andrew Dalton

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL
## COMPUTED AT STANDARD RATES
### Zuckerman Spaeder

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| 947 | Bush, Graeme W. | PARTNER | $382.50 | $765.00 | 278.90 | $204,943.50 |
| 1146 | Sottile, James | PARTNER | $337.50 | $675.00 | 275.40 | $169,762.50 |
| 1509 | Goldfarb, Andrew N. | PARTNER | $550.00 | $550.00 | 154.00 | $84,700.00 |
| 253 | Macauley, Thomas G. | PARTNER | $580.00 | $580.00 | 68.20 | $39,556.00 |
| 410 | Wolff, Marshall S. | PARTNER | $675.00 | $675.00 | 3.80 | $2,565.00 |
| 1510 | Stevenson, Lisa J. | PARTNER | $525.00 | $525.00 | 4.50 | $2,362.50 |
| No. of Billers for Position: 6 | | Blended Rate for Position: | $642.06 | | 784.80 | $503,889.50 |
| | | | | % of Total: | 74.93% | % of Total: 86.94% |
| 1397 | Guldi, Virginia W. | ASSOCIATE | $325.00 | $325.00 | 20.00 | $6,500.00 |
| 1524 | Watkins, Jonathan M. | ASSOCIATE | $370.00 | $370.00 | 8.80 | $3,256.00 |
| 1526 | Timmer, John B. | ASSOCIATE | $295.00 | $295.00 | 10.80 | $3,186.00 |
| 1515 | Mesulam, Semra A. | ASSOCIATE | $370.00 | $370.00 | 4.40 | $1,628.00 |
| 1502 | Deptula, Martin G. | ASSOCIATE | $465.00 | $465.00 | 3.40 | $1,581.00 |
| 1516 | Mehta, Kirtan | ASSOCIATE | $325.00 | $325.00 | 3.50 | $1,137.50 |
| No. of Billers for Position: 6 | | Blended Rate for Position: | $339.66 | | 50.90 | $17,288.50 |
| | | | | % of Total: | 4.86% | % of Total: 2.98% |
| 1199 | Hanna, Scott | STAFF ATTORNEY | $300.00 | $300.00 | 163.30 | $48,990.00 |
| No. of Billers for Position: 1 | | Blended Rate for Position: | $300.00 | | 163.30 | $48,990.00 |
| | | | | % of Total: | 15.59% | % of Total: 8.45% |
| 1054 | Braunstein, Janet M. | PARALEGAL | $275.00 | $275.00 | 8.00 | $2,200.00 |
| 1431 | Medoro, Lisa | PARALEGAL | $240.00 | $240.00 | 5.80 | $1,392.00 |
| No. of Billers for Position: 2 | | Blended Rate for Position: | $260.29 | | 13.80 | $3,592.00 |
| | | | | % of Total: | 1.32% | % of Total: 0.62% |
| 1428 | Caling, Rey | LIT ANALYST | $195.00 | $195.00 | 9.00 | $1,755.00 |

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

## COMPUTED AT STANDARD RATES

### Zuckerman Spaeder

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|----------|------|----------|--------------|--------------|----------------|---------------|
| | No. of Billers for Position: 1 | Blended Rate for Position: | $195.00 | | 9.00 | $1,755.00 |
| | | | | % of Total: | 0.86% | % of Total: 0.30% |
| 1034 | Wilson, Kimberley | LIBRARY ASST | $165.00 | $165.00 | 0.50 | $82.50 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $165.00 | | 0.50 | $82.50 |
| | | | | % of Total: | 0.05% | % of Total: 0.01% |
| 279 | Gillig, Diana | PARALEGAL ASST | $160.00 | $160.00 | 23.50 | $3,760.00 |
| 1396 | Futchko, Ashleigh C. | PARALEGAL ASST | $160.00 | $160.00 | 1.60 | $256.00 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $160.00 | | 25.10 | $4,016.00 |
| | | | | % of Total: | 2.40% | % of Total: 0.69% |
| | Total No. of Billers: 19 | Blended Rate for Report: | $553.38 | | 1,047.40 | $579,613.50 |

EXHIBIT H

ADMINISTRATIVE ACTIVITIES

Zuckerman Spaeder

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Gillig, D | 0.80 | 128.00 |
| Macauley, T | 0.30 | 174.00 |
| | 1.10 | $302.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Retention/Fee Applications | 1.10 | 302.00 |
| | 1.10 | $302.00 |

EXHIBIT H

ADMINISTRATIVE ACTIVITIES

Zuckerman Spaeder

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| 04/07/10 Wed | Gillig, D 272982/215 | 0.40 | 0.40 | 64.00 | F | 1 | *MATTER NAME: Retention/Fee Applications* REVISE TIME DETAIL FOR 7TH MONTHLY FEE APPLICATION. |
| 05/26/10 Wed | Gillig, D 273575/425 | 0.40 | 0.40 | 64.00 | F | 1 | *MATTER NAME: Retention/Fee Applications* REVIEW AND REVISE TIME DETAIL REGARDING 9TH MONTHLY FEE APPLICATION. |
| 05/26/10 Wed | Macauley, T 273575/424 | 0.30 | 0.30 | 174.00 | F | 1 | *MATTER NAME: Retention/Fee Applications* REVIEW AND EDIT MARCH TIME DETAIL. |
| Total Number of Entries: 3 | | | 1.10 | $302.00 | | | |

EXHIBIT H

ADMINISTRATIVE ACTIVITIES

Zuckerman Spaeder

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Gillig, D | 0.80 | 128.00 |
| Macauley, T | 0.30 | 174.00 |
| | 1.10 | $302.00 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Retention/Fee Applications | 1.10 | 302.00 |
| | 1.10 | $302.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F       FINAL BILL

EXHIBIT J
ZUCKERMAN RETENTION/COMPENSATION
Zuckerman Spaeder

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Bush, G | 0.60 | 459.00 |
| Gillig, D | 21.10 | 3,376.00 |
| Macauley, T | 12.80 | 7,424.00 |
| | 34.50 | $11,259.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Retention/Fee Applications | 34.50 | 11,259.00 |
| | 34.50 | $11,259.00 |

EXHIBIT J
ZUCKERMAN RETENTION/COMPENSATION
Zuckerman Spaeder

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|---|-------------|
| 03/02/10 Tue | Gillig, D 272384/269 | 0.10 | 0.10 | 16.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW DOCKET. |
| 03/02/10 Tue | Gillig, D 272384/270 | 0.20 | 0.20 | 32.00 | F | 1 | MATTER NAME: Retention/Fee Applications DRAFT CNO REGARDING 5TH MONTHLY FEE APPLICATION. |
| 03/02/10 Tue | Gillig, D 272384/271 | 0.10 | 0.10 | 16.00 | F | 1 | MATTER NAME: Retention/Fee Applications ELECTRONICALLY FILE CNO. |
| 03/02/10 Tue | Gillig, D 272384/272 | 0.30 | 0.30 | 48.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW INVOICES REGARDING 6TH MONTHLY FEE APPLICATION. |
| 03/02/10 Tue | Macauley, T 272384/275 | 0.70 | 0.70 | 406.00 | F | 1 | MATTER NAME: Retention/Fee Applications SECOND REVIEW OF JANUARY TIME DETAIL FOR WORK PRODUCT. |
| 03/02/10 Tue | Macauley, T 272384/276 | 0.10 | 0.10 | 58.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW CNO FOR 5TH MONTHLY FEE APPLICATION. |
| 03/03/10 Wed | Gillig, D 272384/277 | 1.70 | 1.70 | 272.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW COSTS AND PREPARE ITEMIZATION CHART REGARDING 6TH MONTHLY FEE APPLICATION. |
| 03/04/10 Thu | Gillig, D 272384/278 | 1.10 | 1.10 | 176.00 | F | 1 | MATTER NAME: Retention/Fee Applications DRAFT 6TH MONTHLY FEE APPLICATION. |
| 03/04/10 Thu | Gillig, D 272384/279 | 0.20 | 0.20 | 32.00 | F | 1 | MATTER NAME: Retention/Fee Applications DRAFT NOTICE AND CERTIFICATE OF SERVICE FOR FEE APPLICATION. |
| 03/04/10 Thu | Gillig, D 272384/280 | 2.30 | 2.30 | 368.00 | F | 1 | MATTER NAME: Retention/Fee Applications PREPARE COST ITEMIZATION CHART FOR 6TH MONTHLY FEE APPLICATION. |
| 03/04/10 Thu | Macauley, T 272384/281 | 0.30 | 0.30 | 174.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW 6TH MONTHLY FEE APPLICATION. |
| 03/04/10 Thu | Macauley, T 272384/282 | 0.20 | 0.20 | 116.00 | F | 1 | MATTER NAME: Retention/Fee Applications DRAFT NOTE TO COMPANY REGARDING 5TH MONTHLY FEE APPLICATION. |
| 03/05/10 Fri | Gillig, D 272384/283 | 0.10 | 0.10 | 16.00 | F | 1 | MATTER NAME: Retention/Fee Applications ELECTRONICALLY FILE 6TH MONTHLY FEE APPLICATION. |

~ See the last page of exhibit for explanation

EXHIBIT J
ZUCKERMAN RETENTION/COMPENSATION
Zuckerman Spaeder

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|---|-------------|
| 03/05/10 Fri | Gillig, D 272384/284 | 0.20 | 0.20 | 32.00 | F | 1 | MATTER NAME: Retention/Fee Applications PREPARE SERVICE REGARDING FEE APPLICATION. |
| 03/05/10 Fri | Gillig, D 272384/285 | 0.10 | 0.10 | 16.00 | F | 1 | MATTER NAME: Retention/Fee Applications FORWARD FILED FEE APPLICATION TO INTERNAL TEAM. |
| 03/24/10 Wed | Macauley, T 272384/286 | 1.60 | 1.60 | 928.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW FEBRUARY TIME DETAIL WITH ATTENTION TO WORK PRODUCT AND CONFIDENTIALITY |
| 03/30/10 Tue | Macauley, T 272384/287 | 0.20 | 0.20 | 116.00 | F | 1 | MATTER NAME: Retention/Fee Applications ANALYZE ISSUES REGARDING PENDING INTERIM FEE APPLICATION AND NEXT ONE DUE. |
| 04/02/10 Fri | Macauley, T 272982/207 | 0.20 | 0.20 | 116.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW AND EDIT CNO FOR 6TH MONTHLY FEE APPLICATION AND APPLICATION ITSELF. |
| 04/02/10 Fri | Macauley, T 272982/208 | 0.20 | 0.20 | 116.00 | F | 1 | MATTER NAME: Retention/Fee Applications ANALYZE ISSUES REGARDING NEXT INTERIM FEE APPLICATION. |
| 04/05/10 Mon | Macauley, T 272982/209 | 0.20 | 0.20 | 116.00 | F | 1 | MATTER NAME: Retention/Fee Applications ANALYZE ISSUES REGARDING STATUS OF FEE EXAMINER REVIEW. |
| 04/06/10 Tue | Gillig, D 272982/210 | 0.10 | 0.10 | 16.00 | F | 1 | MATTER NAME: Retention/Fee Applications ELECTRONICALLY FILE CNO REGARDING 6TH MONTHLY FEE APPLICATION. |
| 04/06/10 Tue | Macauley, T 272982/211 | 0.60 | 0.60 | 348.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW AND FINALIZE FEBRUARY TIME DETAIL WITH ATTENTION TO WORK PRODUCT. |
| 04/06/10 Tue | Macauley, T 272982/212 | 0.20 | 0.20 | 116.00 | F | 1 | MATTER NAME: Retention/Fee Applications DRAFT NOTE TO V. GARLATI REGARDING 6TH MONTHLY FEE APPLICATION. |
| 04/06/10 Tue | Macauley, T 272982/213 | 0.10 | 0.10 | 58.00 | F | 1 | MATTER NAME: Retention/Fee Applications ANALYZE ISSUES REGARDING 5TH MONTHLY FEE APPLICATION. |
| 04/06/10 Tue | Macauley, T 272982/214 | 0.30 | 0.30 | 174.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW EXPERT INVOICES. |
| 04/07/10 Wed | Gillig, D 272982/215 | 0.40 | 0.40 | 64.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVISE TIME DETAIL FOR 7TH MONTHLY FEE APPLICATION. |

~  See the last page of exhibit for explanation

EXHIBIT J
ZUCKERMAN RETENTION/COMPENSATION
Zuckerman Spaeder

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| 04/12/10 Mon | Gillig, D 272982/218 | 1.70 | 1.70 | 272.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>PREPARE COST ITEMIZATION REGARDING 7TH MONTHLY FEE APPLICATION. |
| 04/12/10 Mon | Gillig, D 272982/219 | 0.90 | 0.90 | 144.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>DRAFT 7TH MONTHLY FEE APPLICATION. |
| 04/12/10 Mon | Gillig, D 272982/220 | 0.20 | 0.20 | 32.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>DRAFT NOTICE OF APPLICATION AND CERTIFICATE OF SERVICE REGARDING SAME. |
| 04/12/10 Mon | Gillig, D 272982/221 | 0.20 | 0.20 | 32.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>ELECTRONICALLY FILE FEE APPLICATION. |
| 04/12/10 Mon | Gillig, D 272982/222 | 0.20 | 0.20 | 32.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>PREPARE SERVICE FOR SAME. |
| 04/12/10 Mon | Macauley, T 272982/216 | 0.10 | 0.10 | 58.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW NOTE FROM COLE SCHOTZ REGARDING INTERIM FEE APPLICATIONS. |
| 04/12/10 Mon | Macauley, T 272982/217 | 0.40 | 0.40 | 232.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW AND EDIT 7TH MONTHLY FEE APPLICATION. |
| 04/13/10 Tue | Gillig, D 272982/223 | 1.50 | 1.50 | 240.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>UPDATE CHART OF COSTS REGARDING SECOND INTERIM FEE APPLICATION. |
| 04/13/10 Tue | Gillig, D 272982/224 | 1.30 | 1.30 | 208.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>DRAFT SECOND INTERIM FEE APPLICATION. |
| 04/13/10 Tue | Gillig, D 272982/225 | 0.20 | 0.20 | 32.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>DRAFT NOTICE AND CERTIFICATE OF SERVICE FOR SAME. |
| 04/13/10 Tue | Gillig, D 272982/226 | 0.20 | 0.20 | 32.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>DRAFT NOTICE OF FILING WITH CERTIFICATE OF SERVICE FOR SAME. |
| 04/14/10 Wed | Gillig, D 272982/228 | 0.30 | 0.30 | 48.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVISE SECOND INTERIM FEE APPLICATION NOTICE AND CERTIFICATE OF SERVICE FOR SAME. |
| 04/14/10 Wed | Gillig, D 272982/229 | 1.00 | 1.00 | 160.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVISE SECOND INTERIM FEE APPLICATION. |

~ See the last page of exhibit for explanation

EXHIBIT J
ZUCKERMAN RETENTION/COMPENSATION
Zuckerman Spaeder

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|---|-------------|
| 04/14/10 Wed | Gillig, D 272982/230 | 0.10 | 0.10 | 16.00 | F | 1 | MATTER NAME: Retention/Fee Applications ELECTRONICALLY FILE SAME. |
| 04/14/10 Wed | Gillig, D 272982/231 | 0.10 | 0.10 | 16.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVISE NOTICE OF FILING FOR SAME. |
| 04/14/10 Wed | Macauley, T 272982/227 | 0.20 | 0.20 | 116.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW 2ND INTERIM FEE APPLICATION. |
| 04/15/10 Thu | Gillig, D 272982/234 | 0.10 | 0.10 | 16.00 | F | 1 | MATTER NAME: Retention/Fee Applications ELECTRONICALLY FILE NOTICE OF FILING FOR SAME. |
| 04/15/10 Thu | Gillig, D 272982/235 | 0.30 | 0.30 | 48.00 | F | 1 | MATTER NAME: Retention/Fee Applications PREPARE SERVICE OF SAME. |
| 04/15/10 Thu | Macauley, T 272982/232 | 1.70 | 1.70 | 986.00 | F | 1 | MATTER NAME: Retention/Fee Applications WORK ON 2ND INTERIM FEE APPLICATION. |
| 04/15/10 Thu | Macauley, T 272982/233 | 0.70 | 0.70 | 406.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW MARCH TIME DETAIL FOR WORK PRODUCT AND CONFIDENTIALITY. |
| 04/19/10 Mon | Gillig, D 272982/236 | 1.50 | 1.50 | 240.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVIEW TIME DETAIL REGARDING 8TH MONTHLY FEE APPLICATION. |
| 04/22/10 Thu | Macauley, T 272982/238 | 0.50 | 0.50 | 290.00 | F | 1 | MATTER NAME: Retention/Fee Applications FINAL REVIEW OF MARCH TIME DETAIL FOR WORK PRODUCT AND CONFIDENTIALITY. |
| 04/23/10 Fri | Gillig, D 272982/239 | 1.60 | 1.60 | 256.00 | F | 1 | MATTER NAME: Retention/Fee Applications PREPARE COST CHART REGARDING 8TH MONTHLY FEE APPLICATION. |
| 04/23/10 Fri | Gillig, D 272982/240 | 0.70 | 0.70 | 112.00 | F | 1 | MATTER NAME: Retention/Fee Applications DRAFT 8TH MONTHLY FEE APPLICATION. |
| 04/26/10 Mon | Gillig, D 272982/242 | 0.20 | 0.20 | 32.00 | F | 1 | MATTER NAME: Retention/Fee Applications REVISE EXHIBIT A TO 8TH MONTHLY FEE APPLICATION. |
| 04/26/10 Mon | Gillig, D 272982/243 | 0.60 | 0.60 | 96.00 | F | 1 | MATTER NAME: Retention/Fee Applications DRAFT 8TH MONTHLY FEE APPLICATION. |

~ See the last page of exhibit for explanation

EXHIBIT J
ZUCKERMAN RETENTION/COMPENSATION
Zuckerman Spaeder

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|---|-------------|
| 04/26/10 Mon | Gillig, D 272982/244 | 0.20 | 0.20 | 32.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>DRAFT NOTICE AND CERTIFICATE OF SERVICE FOR SAME. |
| 04/26/10 Mon | Gillig, D 272982/245 | 0.10 | 0.10 | 16.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW 8TH MONTHLY FEE APPLICATION. |
| 04/26/10 Mon | Gillig, D 272982/246 | 0.10 | 0.10 | 16.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW CHANGES TO 8TH MONTHLY FEE APPLICATION. |
| 04/26/10 Mon | Macauley, T 272982/247 | 0.20 | 0.20 | 116.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>ANALYZE ISSUES REGARDING MONTHLY FEE APPLICATION FOR MARCH. |
| 04/27/10 Tue | Gillig, D 272982/249 | 0.10 | 0.10 | 16.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>ELECTRONICALLY FILE 8TH MONTHLY FEE APPLICATION. |
| 04/27/10 Tue | Gillig, D 272982/250 | 0.10 | 0.10 | 16.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>PREPARE SERVICE OF SAME. |
| 04/27/10 Tue | Gillig, D 272982/251 | 0.10 | 0.10 | 16.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>FORWARD FILED FEE APPLICATION TO INTERNAL TEAM. |
| 04/27/10 Tue | Macauley, T 272982/248 | 0.50 | 0.50 | 290.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW AND EDIT 8TH MONTHLY FEE APPLICATION. |
| 04/28/10 Wed | Macauley, T 272982/252 | 0.80 | 0.80 | 464.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW FEE EXAMINER REPORT AND EXHIBITS ON 1ST INTERIM FEE APPLICATION. |
| 04/29/10 Thu | Bush, G 272982/254 | 0.60 | 0.60 | 459.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW E-MAILS FROM THOMAS MACAULEY REGARDING FEE EXAMINER QUESTIONS AND FEE EXAMINER REPORT REGARDING ZS FEES AND EXPENSES. |
| 04/29/10 Thu | Macauley, T 272982/253 | 0.30 | 0.30 | 174.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>DRAFT NOTE TO INTERNAL TEAM REGARDING FEE EXAMINER REPORT. |
| 05/04/10 Tue | Macauley, T 273575/415 | 1.00 | 1.00 | 580.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW AND ANALYZE ISSUES REGARDING EXHIBITS TO FEE EXAMINER'S REPORT. |
| 05/07/10 Fri | Macauley, T 273575/416 | 0.10 | 0.10 | 58.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW CNO FOR 2ND INTERIM FEE APPLICATION. |

~  See the last page of exhibit for explanation

EXHIBIT J
ZUCKERMAN RETENTION/COMPENSATION
Zuckerman Spaeder

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|---|-------------|
| 05/07/10 Fri | Macauley, T 273575/417 | 0.10 | 0.10 | 58.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW CNO FOR 7TH MONTHLY FEE APPLICATION. |
| 05/18/10 Tue | Macauley, T 273575/418 | 0.20 | 0.20 | 116.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW 5/18 HEARING AGENDA AND ANALYZE ISSUES REGARDING PENDING FEE APPLICATIONS. |
| 05/19/10 Wed | Gillig, D 273575/421 | 0.10 | 0.10 | 16.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>ELECTRONICALLY FILE CNO REGARDING 7TH MONTHLY FEE APPLICATION. |
| 05/19/10 Wed | Gillig, D 273575/422 | 0.10 | 0.10 | 16.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>DRAFT CNO REGARDING 8TH MONTHLY FEE APPLICATION. |
| 05/19/10 Wed | Macauley, T 273575/419 | 0.40 | 0.40 | 232.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>EXCHANGE NOTES TO V. GARLATI REGARDING 6TH AND 7TH MONTHLY FEE APPLICATIONS. |
| 05/19/10 Wed | Macauley, T 273575/420 | 0.10 | 0.10 | 58.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW CNO FOR 8TH MONTHLY FEE APPLICATION. |
| 05/21/10 Fri | Macauley, T 273575/423 | 0.30 | 0.30 | 174.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>DRAFT NOTE TO V. GARLATI REGARDING 8TH MONTHLY FEE APPLICATION. |
| 05/26/10 Wed | Gillig, D 273575/425 | 0.40 | 0.40 | 64.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW AND REVISE TIME DETAIL REGARDING 9TH MONTHLY FEE APPLICATION. |
| 05/26/10 Wed | Macauley, T 273575/424 | 0.30 | 0.30 | 174.00 | F | 1 | MATTER NAME: Retention/Fee Applications<br>REVIEW AND EDIT MARCH TIME DETAIL. |
| Total | | | 34.50 | $11,259.00 | | | |
| Number of Entries: | 74 | | | | | | |

~ See the last page of exhibit for explanation

EXHIBIT J

ZUCKERMAN RETENTION/COMPENSATION

Zuckerman Spaeder

### SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Bush, G | 0.60 | 459.00 |
| Gillig, D | 21.10 | 3,376.00 |
| Macauley, T | 12.80 | 7,424.00 |
| | 34.50 | $11,259.00 |

### SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Retention/Fee Applications | 34.50 | 11,259.00 |
| | 34.50 | $11,259.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL

EXHIBIT K

Overtime Expenses

Zuckerman Spaeder

| DATE | INVOICE/ENTRY # | AMOUNT BILLED | DETAIL AMOUNT | EXHIBIT AMOUNT | DESCRIPTION |
|------|-----------------|---------------|---------------|----------------|-------------|
| Category: Potential Overtime Meals | | | | | |
| 03/01/10 | 272386/1 | 118.52 | | 118.52 | MATTER NAME: 12464-0004 - Expenses<br>MEAL REIMBURSEMENT - - VENDOR: SEAMLESSWEB PROFESSIONAL SOLUTIONS, LLC<br>*  1NUMBER OF UNITS: 1 [TIMEKEEPER: PAULA JUNGHANS] |
| Potential Overtime Meals: | | $118.52 | | $118.52 | |
| Category: Secretarial Overtime | | | | | |
| 02/15/10 | 272386/2 | 30.00 | | 30.00 | MATTER NAME: 12464-0004 - Expenses<br>SECRETARIAL O/T<br>*  2NUMBER OF UNITS: 1 [TIMEKEEPER: BRUCE GOLDSTEIN] |
| Secretarial Overtime: | | $30.00 | | $30.00 | |
| | | $148.52 | | $148.52 | |