# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>(Jointly Administered)<br><br>Docket Ref. Nos. 813, 9742 and ____ |

## ORDER CLARIFYING THE BAR DATE ORDER WITH RESPECT TO CURRENT DIRECTOR AND OFFICER INDEMNIFICATION AND/OR CONTRIBUTION CLAIMS AND ESTABLISHING A DEADLINE BY WHICH CURRENT DIRECTORS AND OFFICERS WHO CEASE TO SERVE THE DEBTORS MAY TIMELY FILE INDEMNIFICATION AND/OR CONTRIBUTION CLAIMS

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CPAM: 4228376.3CPAM: 4228376.3

Upon the Motion of the Debtors in the above-related cases (the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee") for entry of an order to (a) clarify the Bar Date Order [2] with respect to current director and officer indemnification and/or contribution claims; and (b) establish a deadline by which current directors and officers who cease to be employed by the Debtors may timely file indemnification and/or contribution claims; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors, and after due deliberation, and good and sufficient cause appearing therefore, it is hereby:

ORDERED, that the relief requested in the Motion is granted; and it is further

ORDERED, that the Bar Date Order does not require current or former officers or directors who remain employed by the Debtors to file claims for indemnification and/or contribution arising from or related to the Adversary Proceedings or the SLCFC Actions by the Bar Date; and it is further

ORDERED, that any current or former directors and officers of the Debtors who cease to be employed by the Debtors shall have the longer of sixty (60) days after (i) the last day of employment with the Debtors and (ii) in the case that directors and officers of the Debtors have become disassociated from the Debtors postpetition but prior to the entry of this Order, entry of this Order, in either such case, to timely file an indemnification and/or contribution claim against the Debtors arising from or related to the Adversary Proceedings or the SLCFC Actions; it is further

ORDERED, that any current or former director or officer of the Debtors who ceases to be employed by the Debtors and who does not timely file an indemnification and/or contribution claim in accordance with the preceding sentence and who did not previously file

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

a proof of claim shall not be treated as a creditor in these chapter 11 proceedings, and therefore, shall not be permitted to (i) vote on any plan of reorganization or plan of liquidation with respect to such claim; or (ii) receive any distribution under any confirmed plan with respect to such claim; it is further

ORDERED, that this Order shall not affect the underlying merits of any proof of claim but shall only address the timeliness for filing such claims; it is further

ORDERED, that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2011
Wilmington, Delaware

_____
The Honorable Kevin J. Carey
United States Bankruptcy Judge