# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>Related to Docket Nos. 143, 461, 892, 1681, 3318, 4216, 4848, 7107 and 8905 |

## NINTH SUPPLEMENTAL DECLARATION OF WILLIAM T. ENGLAND IN SUPPORT OF THE DEBTORS' EMPLOYMENT AND RETENTION OF PRICEWATERHOUSECOOPERS LLP AS COMPENSATION AND TAX ADVISORS AND INDEPENDENT AUDITORS PURSUANT TO 11 U.S.C. §§ 327(a) AND 1107, *NUNC PRO TUNC* TO THE PETITION DATE

STATE OF ILLINOIS        )
                         ) ss:
COUNTY OF COOK           )

WILLIAM T. ENGLAND, being duly sworn, deposes and states:

1. I am a Partner of PricewaterhouseCoopers LLP ("PwC"), which has its

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

principal office at One North Wacker, Chicago, Illinois, 60606. I am duly authorized to make and submit this ninth supplemental declaration (the "Ninth Supplemental Declaration") and, if called as a witness, would testify competently to the matters discussed herein. Certain of the disclosures contained in this Ninth Supplemental Declaration relate to matters within the knowledge of other professionals at PwC and are based on information that they have provided. This Ninth Supplemental Declaration supplements (i) the original Declaration of William T. England for an Order Authorizing Debtors to Retain and Employ PricewaterhouseCoopers LLP as Compensation and Tax Advisors and Independent Auditors Pursuant to 11 U.S.C. §§ 327(a) and 1107, *Nunc Pro Tunc* to the Petition Date, filed on December 26, 2008 (the "Initial Declaration") [Dkt. Entry No. 143]; (ii) the Supplemental Declaration of William T. England for an Order Authorizing Debtors to Retain and Employ PricewaterhouseCoopers LLP as Compensation and Tax Advisors and Independent Auditors Pursuant to 11 U.S.C. §§ 327(a) and 1107, *Nunc Pro Tunc* to the Petition Date, filed on March 2, 2009 (the "Supplemental Declaration") [Dkt. Entry No. 461]; (iii) the Second Supplemental Declaration of William T. England for an Order Authorizing Debtors to Retain and Employ PricewaterhouseCoopers LLP as Compensation and Tax Advisors and Independent Auditors Pursuant to 11 U.S.C. §§ 327(a) and 1107, *Nunc Pro Tunc* to the Petition Date, filed on April 10, 2009 (the "Second Supplemental Declaration") [Dkt. Entry No. 892]; (iv) the Third Supplemental Declaration of William T. England for an Order Authorizing Debtors to Retain and Employ PricewaterhouseCoopers LLP as Compensation and Tax Advisors and Independent Auditors Pursuant to 11 U.S.C. §§ 327(a) and 1107, *Nunc Pro Tunc* to the Petition Date, filed on July 2, 2009 (the "Third Supplemental Declaration") [Dkt. Entry No. 1681]; (v) the Fourth Supplemental Declaration of William T. England for an Order Authorizing Debtors to Retain and

Employ PricewaterhouseCoopers LLP as Compensation and Tax Advisors and Independent Auditors Pursuant to 11 U.S.C. §§ 327(a) and 1107, *Nunc Pro Tunc* to the Petition Date, filed on February 5, 2010 (the "Fourth Supplemental Declaration") [Dkt. Entry No. 3318]; (vi) the Fifth Supplemental Declaration of William T. England for an Order Modifying the Scope of the Retention of PricewaterhouseCoopers LLP to Include Certain Advisory Services in Connection with the Application of Fresh Start Accounting Services Pursuant to 11 U.S.C. §§ 327(a) and 1107, *Nunc Pro Tunc* to February 8, 2010, filed on April 30, 2010 (the "Fifth Supplemental Declaration") [Dkt. Entry No. 4216]; (vii) the Sixth Supplemental Declaration of William T. England for an Order Authorizing Debtors to Retain and Employ PricewaterhouseCoopers LLP as Compensation and Tax Advisors and Independent Auditors Pursuant to 11 U.S.C. §§ 327(a) and 1107, *Nunc Pro Tunc* to the Petition Date, filed on June 22, 2010 (the "Sixth Supplemental Declaration") [Dkt. Entry No. 4848]; (viii) the Seventh Supplemental Declaration of William T. England in Support of the Debtors Employment and Retention of PricewaterhouseCoopers LLP as Compensation and Tax Advisors and Independent Auditors Pursuant to 11 U.S.C. Sections 327(a) and 1107, Nunc Pro Tunc to the Petition Date, filed on December 8, 2010 (the "Seventh Supplemental Declaration") [Dkt. Entry No. 7107]; and (viiii) the Eighth Supplemental Declaration of William T. England in Support of the Debtors Employment and Retention of PricewaterhouseCoopers LLP as Compensation and Tax Advisors and Independent Auditors Pursuant to 11 U.S.C. Sections 327(a) and 1107, Nunc Pro Tunc to the Petition Date, filed on May 12, 2011 ( the "Eighth Supplemental Declaration") [Dkt. Entry No. 8905].

## Background

2. On December 8, 2008 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of

the Bankruptcy Code. [Dkt. Entry No. 1]

3. On December 26, 2008, the Debtors filed the Application for an Order Authorizing Debtors to Retain and Employ PricewaterhouseCoopers LLP as Compensation and Tax Advisors and Independent Auditors to the Debtors Pursuant to 11 U.S.C. §§ 327(a) and 1107, *Nunc Pro Tunc* to the Petition Date (the "Application"), seeking authority to employ and retain PwC as its auditors and tax advisor to, *inter alia* (i) provide general compensation advisory services; (ii) perform an integrated audit of the financial statements of Tribune Company, Tribune Broadcasting Holdco, LLC and Tribune Finance, LLC, each a debtor in these chapter 11 cases, at December 28, 2008 and for the year then ending; and (iii) provide general tax consulting services and services related to claims responses and settlement [Dkt. Entry No. 143]. In support of the Application, the Debtors submitted the Initial Declaration, which states, *inter alia*, that, to the best of my knowledge, information and belief, except as disclosed in the Initial Declaration, PwC neither holds nor represents any interest adverse to the Debtors or their estates with respect to the matters for which it was proposed to be retained.

4. Thereafter, on March 2, 2009, the Debtors filed the Supplemental Declaration noting that PwC agreed to strike certain language from one of the Engagement Letters between PwC and the Debtors, describing certain prepetition payment information and disclosing additional information about PwC's relationships with certain parties-in-interest in these chapter 11 bankruptcy cases [Dkt. Entry No. 461].

5. On March 4, 2009, the Court entered an order pursuant to sections 327(a) and 1107 of the Bankruptcy Code, granting the Application and authorizing the Debtors to employ and retain PwC as their compensation and tax advisors and independent auditors effective as of the Petition Date (the "Retention Order") [Dkt Entry No. 470].

6.      On April 10, 2009, the Debtors filed the Second Supplemental Declaration, disclosing that the Debtors and PwC agreed to expand the scope of the general compensation advisory services PwC had agreed to provide to the Debtors [Dkt. Entry No. 892]. Similarly, on July 2, 2009, the Debtors filed the Third Supplemental Declaration, disclosing that the Debtors and PwC had agreed to both (i) expand the scope of the services associated with the 2008 consolidated audit, as well as to payment of additional fees in connection with completion of the 2008 financial statement audits, and (ii) further expand the scope of services to include an integrated audit of the Debtors' consolidated financial statements at December 27, 2009 and for the year then ending and of the Debtors' internal control over financial reporting as of December 27, 2009 [Dkt. Entry No. 1681].

7.      Several months later, on February 5, 2010, the Debtors filed the Fourth Supplemental Declaration, which discloses that the Debtors and PwC agreed to further expand the scope of services (i) associated with the 2008 consolidated audit, as well as to payment of additional fees in connection with the completion of the 2008 financial statement audits, (ii) to include PwC's provision of services relating to the annual employee benefit plan filing requirements for Tribune Company, including the preparation of the 2008 Forms 5500, and (iii) to include PwC's performance of an audit of the Debtors' Employee Stock Ownership Plan's statement of net assets available for benefits at December 31, 2008, as well as the statement of changes in net assets available for benefits for the year then ending [Dkt. Entry No. 3318].

8.      On April 30, 2010, the Debtors filed the Supplemental Application for an Order Modifying the Scope of the Retention of PricewaterhouseCoopers LLP to Include Certain Advisory Services in Connection with the Application of Fresh Start Accounting Pursuant to 11 U.S.C. §§ 327(a) and 1107, *Nunc Pro Tunc* to February 8, 2010 (the "Supplemental

Application"), seeking authority for Tribune Company to employ and retain PwC to provide certain transaction advisory services related to the application of fresh start accounting and plan of reorganization adjustments upon the Debtors' emergence from bankruptcy [Dkt. Entry No. 4216]. In support of the Supplemental Application, the Debtors relied upon the Fifth Supplemental Declaration, which describes the Debtors' engagement of PwC to provide such "fresh start" accounting services and supplements the list of parties-in-interest that PwC represents on matters unrelated to these chapter 11 bankruptcy cases [Dkt. Entry No. 4216].

9.  On May 14, 2010, the Court entered an order, *inter alia*, granting the Supplemental Application and modifying PwC's retention to include the provision of certain "fresh start" accounting services, *nunc pro tunc* to February 8, 2010 [Dkt. Entry No. 4414].

10. Thereafter, the Debtors and PwC entered into that certain engagement letter dated May 5, 2010, pursuant to which PwC agreed to perform an integrated audit of the Debtors' consolidated financial statements at December 26, 2010 and for the year then ending and of the effectiveness of the Debtors' internal control over financial reporting as of December 26, 2010 (the "2010 Audit Engagement Letter"). Additionally, the Debtors agreed to compensate PwC for additional fees incurred in completing the 2009 financial statement audits. Accordingly, on June 22, 2010, the Debtors filed the Sixth Supplemental Declaration disclosing the services PwC had agreed to provide to the Debtors under the terms and conditions set forth in the 2010 Audit Engagement Letter, as well as the additional fees the Debtors had agreed to pay PwC in connection with the completion of the 2009 audit [Dkt. Entry No. 4848].

11. On December 8, 2010, the Debtors filed the Seventh Supplemental Declaration, disclosing that the Debtors and PwC had agreed to both (i) expand the scope of the services associated with the 2010 integrated audit, (ii) to include, inter alia, performance of a

limited-scope audit of the statement of net assets available for benefits at December 31, 2009 and the statement of changes in net assets available for benefits in the year then ending of such employee benefit plans, (iii) to include PwC's performance of an audit of the Debtors' Employee Stock Ownership Plan's statement of net assets available for benefits at December 31, 2009, as well as the statement of changes in net assets available for benefits for the year then ending, and (iv) further expand the scope of services to include PwC's provision of services relating to the annual employee benefit plan filing requirements for Tribune Company, including the preparation of the 2009 Forms 5500 [Dkt. Entry No. 7107].

12.     On May 5, 2011, the Debtors filed the Eighth Supplemental Declaration, disclosing that the Debtors and PwC entered into Amendment No. 2 to the 2010 Audit Engagement Letter, pursuant to which PwC agreed to perform additional incremental audit services associated with the Television Food Network capital contribution, the transition of certain business processes to Blue Lynx Media, and the DSI, AX/Adit system implementations completed in 2010. Additionally, the Debtors and PwC entered into that certain engagement letter dated April 25, 2011, pursuant to which PwC agreed to perform an integrated audit of the Debtors' consolidated financial statements at December 25, 2011 and for the year then ending and of the effectiveness of the Debtors' internal control over financial reporting as of December 25, 2011 (the "2011 Audit Engagement Letter") [Dkt. Entry No. 8905].

**Additional Engagement Letters associated with the Original Retention Order**

13.     PwC and the Debtors, on behalf of the Tribune Employee Stock Ownership Plan (the "Plan"), entered into that certain engagement letter dated May 9, 2011, pursuant to which PwC agreed to audit the Plan's statement of net assets available for benefits at December 31, 2010 and the statement of changes in net assets available for benefits in the year

then ending (the "2010 Plan Audit Engagement Letter")[2]. A copy of the 2010 Plan Audit Engagement Letter is attached hereto as **Exhibit A**. PwC estimated that its fees for the audit and related services described in the 2010 Plan Audit Engagement Letter would be approximately $10,000.

14. PwC and the Debtors also entered into that certain engagement letter dated May 3, 2011, pursuant to which PwC agreed to provide services to the Debtors in connection with the annual employee benefit plan filing requirements for Tribune Company, including the preparation of the 2010 Forms 5500 and other filings for the underlying plans (the "2010 Employee Benefit Plan Filings Engagement Letter")[2]. A copy of the 2010 Employee Benefit Plan Filings Engagement Letter is attached hereto as **Exhibit B**. PwC estimated that its fees for the services described in the 2010 Employee Benefit Plan Filings Engagement Letter would not exceed $120,000.

15. After considering the foregoing, and insofar as I have been able to ascertain after diligent inquiry, I believe PwC does not hold or represent an interest adverse to the Debtors or their estates with respect to the advice and services PwC has been asked to provide to the Debtors, and has been providing to the Debtors, during the pendency of these chapter 11 bankruptcy cases.

16. Neither I nor any partner of, or professional employed by, PwC, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the advice and services PwC has been asked to provide to the Debtors, and has been providing to the Debtors, during the pendency of these chapter 11 bankruptcy cases.

17. Additionally, no commitments have been made or received by PwC, nor

---

[2] These services are identical to those services provided in the prior year's engagement letters and disclosed to the Court within the Seventh Supplemental Declaration. Given the length of this case, these 2010 Engagement Letters just extend these audit and tax services to the subsequent year.

any partner, associate or employee thereof, as to compensation or payment in connection with these chapter 11 bankruptcy cases other than in accordance with the provisions of the Bankruptcy Code. Further, neither I, nor any partner, associate or employee of, PwC has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of PwC.

18. If PwC should discover any facts bearing on the matters described herein or becomes aware of any additional relationships requiring disclosure, PwC will supplement this Ninth Supplemental Declaration

I declare under penalty of perjury that the forgoing is true and correct.

Dated: October 3, 2011

_____
WILLIAM T. ENGLAND