IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br>Case No. 08-13141-KJC<br>Jointly Administered<br><br>Related to Docket Nos. 9010, 9286, 9347, 9688 |

## CERTIFICATION OF COUNSEL REGARDING (I) RESOLUTION OF DEBTORS' FORTY-FIFTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS AS IT RELATES TO CLAIM NO. 6668 OF DUN & BRADSTREET AND (II) ALLOWANCE OF CLAIM NO. 6668 OF DUN & BRADSTREET

The undersigned, counsel to the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors"), hereby files this certification in accordance with the terms of the Stipulation (as defined herein):

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-7950117v1

1.  On May 26, 2011, the Debtors filed the Forty-Fifth Omnibus Objection (Substantive) to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1(the "Objection") [Docket No. 9010] with the Court.

2.  Among the claims identified on Exhibit A to the Objection was a disputed claim (the "Claim") held by Dun & Bradstreet (the "Claimant"), and asserted by Receivable Management Services Corporation ("RMS"), as agent of the Claimant, against Tribune Company ("Tribune,"), which has been assigned claim number 6668 by the Bankruptcy Court-appointed claims agent, Epiq Bankruptcy Solutions, LLC ("Claims Agent").

3.  On June 21, 2011, RMS filed a response (the "Response") to the Objection [Docket Nos. 9286, 9291].

4.  On June 24, 2011, the Court entered an Order Sustaining Debtor's Forty-Fifth Omnibus Objection (Substantive) to Claims [Docket No. 9347], except as to the Claim.

5.  On August 22, 2011, Tribune filed a reply (the "Reply") to the Response [Docket No. 9688].

6.  As a result of further discussions between the parties regarding the Claim, the Objection, the Response and the Reply, the parties agreed to a proposed stipulation (the "Stipulation") pursuant to which the Claim, originally asserted in the amount of $195,268.79, would be reduced and allowed as an administrative priority claim against Tribune in the modified amount of $99,000.00.

7.  As provided in the Order Granting Debtors (I) Limited Waiver of Requirements of Local Rule 3007-1(f) and (II) Authority to Settle Disputed Claims (the "Claims Order")[2]

---

[2] The Claims Order was entered on November 25, 2009 by the Court and provides, in relevant part, that the Debtors are authorized to settle or compromise a disputed claim in an amount equal to or greater than $50,000.00, but less than $1,000,000.00, without further order of this Court provided that the Debtors provide ten (10) business days' prior written notice to counsel to the U.S. Trustee, the Creditors' Committee, and counsel to a former steering

2

46429/0001-7950117v1

[Docket No. 2657], on September 9, 2011, written notice of the Stipulation was circulated to counsel to (a) the U.S. Trustee, (b) the Creditors' Committee, and (c) JPMorgan Chase Bank, N.A., as administrative agent under the Debtors' Senior Loan Agreement. No objections were received by the Debtors during the ten (10) business days following such written notice.

8. The Stipulation was fully executed on October 5, 2011. An executed copy of the Stipulation is attached hereto as Exhibit A.

9. Pursuant to the Stipulation and Claims Order, the Claim is now modified in amount and allowed as an administrative priority claim against Tribune in the amount of $99,000.00, the Objection is now withdrawn with prejudice, solely as it relates to the Claim, and the Claims Agent is authorized to amend the claims register to reflect the modification and allowance of the Claim as provided for in the Stipulation.

[ - Remainder of Page Left Intentionally Blank - ]

---

committee of Tribune's prepetition lenders. See Claims Order at 2. The Claims Order further provides that ". . . if no objection to the proposed settlement is received from any of those parties within the ten day period, the proposed settlement shall become effective without further order of this Court." Id.

| | |
|---|---|
| Dated: Wilmington, Delaware<br>October 6, 2011 | Respectfully submitted,<br><br>SIDLEY AUSTIN LLP<br>James F. Conlan<br>Kenneth P. Kansa<br>Kerriann S. Mills<br>Steven W. Robinson<br>One South Dearborn Street<br>Chicago, IL 60603<br>Telephone: (312) 853-7000<br>Facsimile: (312) 853-7036<br>-and-<br><br>COLE, SCHOTZ, MEISEL,<br>FORMAN & LEONARD, P.A.<br><br>By: /s/ Kate Stickles<br>Norman L. Pernick (No. 2290)<br>J. Kate Stickles (No. 2917)<br>Patrick J. Reilley (No. 4451)<br>500 Delaware Avenue, Suite 1410<br>Wilmington, DE 19801<br>Telephone: (302) 652-3131<br>Facsimile: (302) 652-3117<br><br>ATTORNEYS FOR DEBTORS<br>AND DEBTORS IN POSSESSION |

46429/0001-7950117v1