# EXHIBIT A

## Stipulation

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### STIPULATION RESOLVING CLAIM 6668 OF DUN & BRADSTREET

This stipulation (the "Stipulation") regarding the modification and allowance of Claim No. 6668 asserted by Dun & Bradstreet (the "Claimant") through its agent, Receivable Management Services Corporation, against Tribune Company ("Tribune"), one of the debtors and debtors in possession in the above captioned chapter 11 cases (collectively, the "Debtors"), is entered into by and among Tribune and the Claimant (collectively, the "Parties") by and through their respective counsels.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0693); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CHI 6171516v.6

## RECITALS

1. On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), except Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC, which filed on October 12, 2009 (each date, as applicable, the "Petition Date"). The Debtors' chapter 11 cases are jointly administered for procedural purposes only.

2. Prior to the Petition Date, the Claimant and Tribune were parties to a certain Master Agreement dated January 28, 2004 (the "Master Agreement") for the provision of data and information services. Subsequent to the formation of the Master Agreement, the Parties also entered into a Three Year Preferred Pricing Plan on January 1, 2006 (the "Preferred Pricing Plan" and together with the Master Agreement, the "Contract"). Under the Preferred Pricing Plan, Tribune purchased an unlimited data plan for itself and certain of its subsidiaries for access to Claimant's services.

3. On April 29, 2010, Tribune filed a motion to reject the Contract (i.e., both the Master Agreement and Preferred Pricing Plan) pursuant to Section 365 of the Bankruptcy Code [Docket No. 1920] (the "Rejection Motion"). On May 14, 2010, the Bankruptcy Court entered an order approving the Rejection Motion without objection [Docket No. 2073] (the "Rejection Order") and set June 13, 2010 as the bar date for filing proofs of claim for rejection damages [Docket No. 4412]. Claimant did not file a claim for damages arising from the rejection of the Contract.

4. Claimant filed an administrative priority claim on July 26, 2010 [Claim Nos. 6624, 6627][2] and subsequently amended its claim on October 29, 2010 [Claim No. 6668] (as amended, the "Claim"). In the Claim, Claimant sought $195,268.79 as an administrative expense claim for data allegedly used by Tribune and certain of its subsidiaries in 2010. The Claim was assigned Claim No. 6668 by the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC (the "Claims Agent").

5. After the filing of the Claim, the Parties, in order to fully resolve any and all claims that currently exist or may in the future exist against Tribune relating to the Contract, engaged in good faith negotiations regarding the amount asserted in the Claim. The Parties have agreed that the Claim should be reduced in amount to $99,000 and allowed as an administrative priority claim.

6. The Parties agree and acknowledge that this Stipulation is not and shall not be construed to be an admission of any violation of any federal, state, or local statute or regulation, or of any duty. The Parties agree that this Stipulation is solely for the purpose of providing a mutually agreeable conclusion of any and all claims that may currently or in the future exist against Tribune relating to the Claim or the Contract. Accordingly, the Parties have agreed to enter into this Stipulation.

NOW, THEREFORE, THE PARTIES STIPULATE AND AGREE AS FOLLOWS:

## AGREEMENT

1. The recitals set forth above are incorporated herein by reference.

---

[2] Claim No. 6627 was expunged by order of the Court on March 1, 2011 [Docket No. 8204], and Claim No. 6624 was expunged by order of the Court on June 24, 2011 [Docket No. 9345].

2. The Parties agree that the Claim, originally asserted in the amount of $195,268.79, shall be reduced and allowed as a administrative priority claim against Tribune in the modified amount of $99,000.00 (the "Allowed Claim").

3. Upon the full execution of this Stipulation, the Debtors will file with the Bankruptcy Court a certification of counsel. Upon the execution of this Stipulation, the Parties acknowledge and agree that the Claimant need not take any further action to have the Allowed Claim allowed in the Debtors' chapter 11 cases. Instead, the Claims Agent shall amend the claims register to reflect the Allowed Claim as set forth herein.

4. The Allowed Claim shall be satisfied in accordance with the provisions for the satisfaction of administrative claims set forth in the chapter 11 plan of reorganization, and any amendments thereto, that is ultimately confirmed for Tribune (as may be amended or modified, the "Plan"), when such Plan becomes effective.

5. The satisfaction of the Allowed Claim in accordance with the Plan shall be in full and final satisfaction of any and all claims, demands, liens, agreements, contracts, covenants, actions, suits, causes of action, including, but not limited to, those arising under the Contract, obligations, controversies, debts, costs, expenses, damages, judgments, orders and liabilities of whatever kind or nature, in law, equity or otherwise, whether now known or unknown, vested or contingent, which exist, or may exist in the future, against Tribune, any of Tribune's respective parents, affiliates, subsidiaries (either direct or indirect), divisions, officers, directors, shareholders, employees and agents, and each of their successors, heirs, executors, administrators, and/or assigns arising from or related to the Claim (including, for the avoidance of doubt, any and all previous claims filed by Claimant) or the Contract.

6. Claimant agrees to waive and release any additional claims, if any, arising out of or relating to (i) the liabilities asserted in the Claim and (ii) the Contract. Claimant further agrees not to file any additional proofs of claim against the Debtors for liabilities arising out of or relating to (a) the Claim or (b) the Contract. In consideration of the foregoing, Tribune agrees to waive and release any set off and counterclaims that it may have against Claimant arising out of or relating to the subject matter of the Claim.

7. This Stipulation constitutes the Parties' entire agreement and supersedes and amends any and all agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof, except as otherwise expressly provided herein. This Stipulation is not intended to confer upon any other person any rights or remedies.

8. The undersigned Parties represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Stipulation.

9. This Stipulation may be executed in counterparts, all of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

10. This Stipulation shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to principles of conflict of laws, and the Bankruptcy Court shall retain jurisdiction over any and all disputes or other matters arising under or otherwise relating to this Stipulation.

11. This Stipulation may not be amended without the express written consent of all Parties hereto.

12. The Parties acknowledge that each Party has participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against either Party on account of such drafting.

13. All contentions made in this Stipulation are made in furtherance of a proposed settlement and neither the Claimant nor the Debtors admit or concede the validity of any of the Parties' claims or defenses, nor shall anything herein be deemed an admission of fact or law.

[SIGNATURE PAGE FOLLOWS]

STIPULATED And Consented to as of ~~AUGUST~~ *OCTOBER* 5, 2011 by:

Dun & Bradstreet

By: _____

Title: VICE PRESIDENT-RMS AGENT FOR Dun & Bradstreet

Tribune Company

By: Mark Stipunyk

Title: Director of Customs Accounting