## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Related to Docket No. 9922** |

## MOTION TO SET EXPEDITED HEARING AND SHORTEN NOTICE PERIOD WITH RESPECT TO DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 AUTHORIZING TRIBUNE COMPANY TO ENTER INTO IRS PENSION CLAIM SETTLEMENT AND TO PERFORM ALL OBLIGATIONS THEREUNDER

Tribune Company ("Tribune"), one of the debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors"), by and through its undersigned counsel, hereby moves this Court (the "Motion") for entry of an order setting an expedited hearing for and shortening the notice period on the Debtors' Motion for an Order

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Pursuant to Sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rule 9019

Authorizing Tribune Company to Enter Into IRS Pension Claim Settlement and to Perform All

Obligations Thereunder (the "Settlement Motion"),[2] pursuant to Rule 9006(c)(1) of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 9006-1(c)(i) and 9006-1(e)

of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court

for the District of Delaware (the "Local Rules").  In further support hereof, the Debtors

respectfully represent as follows:

### The IRS Pension Claim Settlement

1.      Concurrently with the filing of this Motion, the Debtors are filing the

Settlement Motion seeking the Court's approval of a settlement agreement that resolves and

settles certain pension-related tax claims asserted by the United States Department of the

Treasury, Internal Revenue Service ("IRS") against Tribune and the Tribune Employee Stock

Ownership Trust (the "ESOP"), on the terms set forth in the Closing Agreement attached to the

Settlement Motion as Exhibit A (the "IRS Pension Claim Settlement").  The claims resolved by

the IRS Pension Claim Settlement, which were the subject of Court-authorized mediation,

include the following: (i) the IRS's priority claim for excise taxes under I.R.C. § 4975 for the

period ending December 31, 2007 in an amount totaling $37,500,000, together with interest

accrued thereon, as set forth in Claim No. 6254 filed in these chapter 11 cases (such excise tax

and accrued interest, collectively, the "Pension Claim"), (ii) IRS claims against the ESOP for

Unrelated Business Income Tax ("UBIT") on its share of Tribune's S-corporation taxable

income from the period commencing December 31, 2007 to date, and (iii) all claims of the IRS

against Tribune and the ESOP that derive from allegations that Tribune and/or the ESOP

---

[2] Capitalized terms used but not defined herein shall have the same meaning ascribed to such terms in the Settlement Motion.

engaged in prohibited transactions under ERISA when Tribune sold shares to the ESOP and made loans to the ESOP as part of the Leveraged ESOP Transactions[3] that returned Tribune to private ownership in 2007 (collectively, the "ESOP Tax Issues").  The IRS Pension Claim Settlement resolves all ESOP Tax Issues in consideration for (i) a payment by Tribune to the IRS in the amount of $7 million in full satisfaction of the Pension Claim; (ii) an agreement by the IRS that it will not assert, seek to assess, or collect any claims against Tribune arising under section 4975 of the Internal Revenue Code in connection with Tribune's sale of shares to the ESOP on April 1, 2007 or Tribune's loan to the ESOP, as asserted in Claim No. 6254 filed in these chapter 11 cases or otherwise; and (iii) an agreement by the IRS that it will not assert, seek to assess, or collect any claims that may be asserted against the ESOP for the taxable periods commencing January 1, 2007 and ending on December 31, 2012 for UBIT attributable to the ESOP's ownership of Tribune Company shares or attributable to the ESOP's receipt of settlement proceeds pursuant to the ERISA Claim Settlement.  The parties have agreed that the IRS Pension Claim Settlement is not considered an admission or suggestion of liability with respect to any of the claims compromised therein.

### Relief Requested and Basis for Relief

2.      By this Motion, the Debtors respectfully request entry of an Order shortening the notice period and setting the Settlement Motion for hearing on October 19, 2011 at 2:00 p.m. (Eastern Time), the next regularly scheduled omnibus hearing in these cases, and establishing a shortened deadline, October 18, 2011 at 4:00 p.m. (Eastern Time), for responding to the Settlement Motion.

---

[3] A detailed summary of the "Leveraged ESOP Transactions" appears in the Joint Disclosure Statement and Exhibits filed on December 17, 2010 (Docket No. 7232).

3

3.      Bankruptcy Rule 2002(a)(3) requires twenty-one days' notice by mail of

"the hearing on approval of a compromise or settlement of a controversy ... , unless the court for

cause shown directs that notice not be sent." Fed. R. Bankr. P. 2002(a)(3).  Pursuant to

Bankruptcy Rule 9006(c)(1), the Court may, for cause shown, shorten the otherwise applicable

notice period ("when an act is required or allowed to be done at or within a specified time by

these rules or by a notice given thereunder or by order of court, the court for cause shown may in

its discretion with or without motion or notice order the period reduced").  This authorization is

also expressed in Local Rule 9006-1(e), which provides that the Court may shorten the notice

period "on written motion (served on all interested parties) specifying the exigencies justifying

shortened notice."  Del. Bankr. L.R. 9006-1(e).

4.      The facts applicable to this matter justify shortening notice and the relief

requested herein should be granted.  The IRS Pension Claim Settlement is a component part of

the ERISA Claim Settlement that is currently pending before the Court and set for hearing on

October 19, 2011.[4]  The ERISA Claim Settlement provides, in relevant part, that the settlement

embodied therein is conditional upon Tribune reaching a settlement with the IRS, on terms

acceptable to Tribune, of the ESOP Tax Issues.  The parties to the ERISA Claim Settlement and

the IRS Pension Claim Settlement have all participated in a vigorous mediation with the

assistance of Judge Gross, and subsequent, extensive negotiations with all parties having an

interest in the ERISA-Related Claims (as defined in the ERISA Claim Settlement Motion and

which include the ESOP Tax Issues) to facilitate the resolution of the ERISA-Related Claims.

Given the breadth and complexity of the claims and issues involved in the two settlement

---

[4]  On August 19, 2011, the Debtors filed the Debtors' Motion for an Order Pursuant to Sections 105(a), 362(d), and 363 of the Bankruptcy Code and Bankruptcy Rules 9019 and 4001(a)(3) (I) Authorizing Debtors to Enter into ERISA Claim Settlement and to Perform all Obligations Thereunder, (II) Modifying the Automatic Stay to the Extent Necessary to Allow Insurers to Pay Portions of the Settlement Amount, and (III) Granting Related Relief (Docket No. 9681) (the "ERISA Claim Settlement Motion").

4

agreements reached with respect to the ERISA-Related Matters, the parties are eager to present the Settlement Motion to the Court for approval concurrent with the hearing on approval of the ERISA Claim Settlement.

5.      Given that both the IRS Pension Claim Settlement and the ERISA Claim Settlement require Bankruptcy Court approval before they can be implemented, setting the two settlement motions for hearing concurrently is an efficient use of this Court's resources. A hearing and approval of the IRS Pension Claim Settlement will also give the parties to the ERISA Claim Settlement certainty regarding the satisfaction of settlement contingencies before they move to obtain preliminary approval of the ERISA Claim Settlement in the United States District Court for the Northern District of Illinois.

6.      The Debtors have acted promptly, and have not delayed, in finalizing the IRS Pension Claim Settlement and filing the Settlement Motion. The parties only reached agreement on the terms of the IRS Pension Claim Settlement on October 7, 2011 and, consequently, it was not possible to bring the Settlement Motion earlier.

7.      Each of the foregoing reasons warrants consideration of the Settlement Motion on shortened notice. Absent the relief requested herein, the Settlement Motion would not be heard until the next regularly scheduled omnibus hearing on November 22, 2011, delaying implementation of both of the proposed settlements.

8.      The Debtors submit that no one will be prejudiced by a hearing on shortened notice, nor surprised by the Settlement Motion. The ERISA Claim Settlement Motion that was filed on August 19, 2011 stated that the ESOP Tax Issues were a component part of the broader compromise and settlement of the ERISA-Related Claims. That motion described for the benefit of all parties the nature of the ESOP Tax Issues (including the $37.5 million Pension

5

Claim against Tribune and the UBIT claims against the ESOP) and stated that the Debtors and the IRS continued to negotiate a settlement of such claims. Most recently, at the hearing held on October 4, 2011, prior to filing the Settlement Motion, counsel for the Debtors advised the Court on the record that the Debtors had made progress in their settlement discussions with the IRS. The Debtors also shared the Settlement Motion, and the Closing Agreement with the IRS attached thereto, with counsel for the Committee and counsel for the other co-proponents of the Second Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (As Modified April 26, 2011) (Docket No. 8769) (the "DCL Plan") prior to the filing of this Motion and the Settlement Motion. The Debtors understand there are no objections from such creditor constituencies to having the Settlement Motion heard by this Court at the October 19 hearing. Counsel for the Debtors also notified the Office of the United States Trustee of the filing of this Motion. In light of the foregoing, the Debtors submit that the present circumstances satisfy the requirement of cause under Rule 9006(c)(1) and the exigencies required under Local Rule 9006-1(e).

### Notice

9.      To ensure that all parties receive timely notice, notice of this Motion and the Settlement Motion have been provided by electronic mail and first class mail to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel to the administrative agents for Tribune's prepetition loan facilities; (iv) counsel to the administrative agent for the Debtors' post-petition loan facility; (v) the indenture trustees for Tribune Company's prepetition notes; (vi) counsel to the parties to the ERISA Claim Settlement; (vii) the

IRS; and (viii) all parties having requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

46429/0001-7956393v1

WHEREFORE, the Debtors respectfully request that this Court enter an order, in substantially the form attached hereto, (i) setting a hearing on the Settlement Motion on October 19, 2011 at 2:00 p.m. (Eastern Time); (ii) permitting responses or objections to the Settlement Motion to be filed by 4:00 p.m. (Eastern) on October 18, 2011; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
      October 7, 2011

Respectfully submitted,

SIDLEY AUSTIN LLP
Bryan Krakauer
James F. Conlan
Kenneth P. Kansa
Jillian K. Ludwig
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

46429/0001-7956393v1