## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Objection Deadline: Nov. 1, 2011 at 4:00 p.m. E.T.**<br>**Hearing Date: TBD**<br>**Related to Docket Nos. 9588, 9767 and 9919.** |

### FIFTH QUARTERLY FEE APPLICATION OF
### LEVINE SULLIVAN KOCH & SCHULZ, L.L.P. FOR ALLOWANCE AND PAYMENT
### OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
### EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS FOR CERTAIN LITIGATION
### MATTERS FOR THE PERIOD OF JUNE 1, 2011 THROUGH AUGUST 31, 2011

| | |
|---|---|
| Name of Applicant: | **Levine Sullivan Koch & Schulz, L.L.P.** |
| Authorized to Provide<br>Professional Services to: | **Debtors** |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

| Date of Retention: | **September 1, 2010**[2] |
|---|---|
| Period for Which Compensation and Reimbursement is Sought: | **June 1, 2011 through August 31, 2011** |
| Amount of compensation sought as actual, reasonable and necessary: | **$145,122.50** |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary | **$7,065.09** |

This is a(n):  ____ monthly  __X__ interim  _____ final application

Prior Interim Fee Applications:[3]

| | | | Requested | | Approved (No Objections Filed) | |
|---|---|---|---|---|---|---|
| Quarter | Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| 1st[4] | 12/29/10 | 8/1/10-8/31/10 | $78,304.00 | $495.01 | $78,304.00 | $495.01 |
| 2nd | 1/12/11 | 9/1/10- 11/30/10 | $502,458.50 | $63,147.23 | $502,458.50 | $63,147.23 |
| 3rd | 3/12/11 | 12/1/10-2/28/11 | $59,183.00 | $12,728.37 | $59,183.00 | $12,728.37 |
| 4th | 7/8/11 | 3/1/11-5/31/11 | $81,668.50 | $5,024.30 | $81,668.50 | $5,024.30 |

---

[2] Levine Sullivan Koch & Schulz, L.L.P. was originally retained by the Debtors as an Ordinary Course Professional pursuant to the Order Authorizing the Debtors to Retain, Employ, and Compensation Certain Professionals Utilized by the Debtors in the Ordinary Course of Business [Docket No. 227] (the "OCP Order").

[3] The OCP representation of Debtors by the Levine firm caused the firm's fees to exceed slightly the average Monthly Cap of $50,000 for January-February 2010. The firm submitted an application for payment of the overage, which the Court approved. See Application of Levine Sullivan Koch & Schulz, L.L.P. For Allowance and Payment of Compensation and Reimbursement of Expenses for Services Rendered As Ordinary Course Counsel to the Debtors for Certain Litigation Matters During the Period From February 1, 2010 through February 28, 2010 [Docket No. 4872] and Order Allowing Compensation and Reimbursement of Expenses to Levine Sullivan Koch & Schulz, L.L.P. for Services Rendered as Ordinary Course Counsel to the Debtors for Certain Litigation Matters During the Period from February 1, 2010 through February 28, 2010 [Docket No. 5313].

[4] Although Levine Sullivan Koch & Schulz, L.L.P. was retained as Special Counsel, *nunc pro tunc*, as of September 1, 2010, invoices for August 2010 were not submitted for payment by the Debtors under the OCP Order before the firm's appointment as Special Counsel. Accordingly, upon learning of this, on December 3, 2010, Levine submitted a monthly fee application for expenses and time billed in the month of August 2010 (Docket No. 6714). Levine requested leave to file the First Quarterly Fee Application for the month of August 2010 outside of the 45-day Interim Fee Period ("the Interim Fee Application Deadline") required by the court's Compensation Order, because the firm was unaware, within the time required under the Compensation Order, that its August 2010 invoices had not been previously submitted for payment under the OCP Order. This quarterly application was filed on Dec. 29, 2010 [Docket No. 7341].

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[5] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Objection Deadline: Nov. 1, 2011 at 4:00 p.m. E.T.**<br>**Hearing Date: TBD**<br>**Related to Docket Nos. 9588, 9767, and 9919.** |

### FIFTH QUARTERLY FEE APPLICATION OF LEVINE SULLIVAN KOCH & SCHULZ, L.L.P. FOR ALLOWANCE AND PAYMENT OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS FOR CERTAIN LITIGATION MATTERS FOR THE PERIOD OF JUNE 1, 2011 THROUGH AUGUST 31, 2011

Levine Sullivan Koch & Schulz, L.L.P. ("Levine"), as special counsel for the

debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and

collectively, the "Debtors"), respectfully submits this application (the "Application") to this

---

[5] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Court, pursuant to (i) sections 327, 331, and 503 of title 11 of the United States Code (the

"Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), (iii) Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure

of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (iv) the

Order Establishing Procedure for Interim Compensation and Reimbursement of Expenses of

Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Interim

Compensation Order"), as amended; and (v) the Order Appointing Fee Examiner and

Establishing Related Procedures for Compensation and Reimbursement of Expenses for

Professionals and Consideration of Fee Application (the "Fee Examiner Order") for the

allowance and payment of fees in the amount of $145,122.50, and reimbursement of expenses in

the amount of $7,065.09.  In support of the Application, Levine respectfully states as follows:

## BACKGROUND OF THE CASES

1.    On December 8, 2008 (the "Petition Date"), Tribune Company

("Tribune") and certain of its subsidiaries each filed a voluntary petition for relief under

chapter 11 of the Bankruptcy Code.  An additional Debtor, Tribune CNLBC, LLC,[6] filed a

voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.  In

all, the Debtors comprise 111 entities.

2.    The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  [Docket

Nos. 43, 2333].

3.    The Debtors have continued in possession of their respective properties

and have continued to operate and maintain their businesses as debtors in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.

---

[6] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

4

4.    On October 21, 2010, this Court entered an Order Authorizing Debtors to Employ and Retain Levine Sullivan Koch & Schulz, L.L.P. as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C. §§§ 327(e) 1107, *nunc pro tunc*, to September 1, 2010 (the "Retention Order") [Docket No. 6062].[7]

5.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought herein are sections 327, 331, and 503 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-2 of the Local Rules.

## PROCEDURAL BACKGROUND FOR THE APPLICATION

6.    The Interim Compensation Order and the Fee Examiner Order (together, the "Fee Orders"), provide that all professionals retained in these cases pursuant to section 325, 328, or 1103 of the Bankruptcy Code (the "Case Professionals") must file with the Court and provide to the Fee Examiner, monthly applications for interim allowance of compensation for services rendered and reimbursement of expenses incurred, together with the time entries and itemized expenses (the "Monthly Fee Applications").  The notice parties specified in the Fee Orders (the "Notice Parties") have twenty (20) days after service of a Monthly Fee Application

---

[7] Although Levine Sullivan Koch & Schulz, L.L.P. was retained as Special Counsel, *nunc pro tunc*, as of September 1, 2010, invoices for August 2010 were not submitted for payment by the Debtors under the OCP Order before the firm's appointment as Special Counsel.  Accordingly, upon learning of this, on December 3, 2010, Levine submitted a monthly fee application for expenses and time billed in the month of August 2010 (Docket No. 6714).  Levine requested leave to file the First Quarterly Fee Application for the month of August 2010 outside the 45-day Interim Fee Period ("the Interim Fee Application Deadline") required by the court's Compensation Order, because the firm was unaware, within the time required under the Compensation Order, that its August 2010 invoices had not been previously submitted for payment under the OCP Order.  This quarterly application was filed on Dec. 29, 2010 [Docket No. 7341].

to objection to such Monthly Fee Application (the "Objection Deadline").  Upon expiration of

the Objection Deadline, the applicable Case Professional must certify in writing to the Debtors

that no objection or partial objection has been filed with the Court relative to that professional's

Monthly Fee Application, whichever is applicable, whereupon the Debtors are authorized to pay

such professional an amount equal to the lesser of (i) 80% of the fees and 100% of the expenses

requested in the Monthly Fee Application or (ii) 80% of the fees and 100% of the expenses not

subject to an objection.

      7.    Pursuant to the procedures set forth in the Fee Orders, Levine prepared,

filed with the Court, and served upon the Notice Parties and the Fee Examiner Monthly Fee

Applications for each of the three months from June 1, 2011 to August 31, 2011.[8]  Accordingly,

Levine has submitted all of its Monthly Fee Applications as Special Counsel for the Debtors'

chapter 11 cases for this Interim Fee Period.

      8.    In addition to the Monthly Fee Applications, all Case Professionals must

file with the Court and serve on the Notice Parties interim applications for allowance and

compensation and reimbursement of expenses for the amounts sought in the Monthly Fee

Applications filed during such period (a "Quarterly Fee Application Request").  Quarterly Fee

Application Requests must include a summary of the Monthly Fee Applications that are subject

to the request and any other information requested by the Court or required by the Local Rules.

This Application represents the Fifth Quarterly Fee Application Request that Levine has filed

with the Court in connection with these chapter 11 cases.  There is no agreement between Levine

and any other party for the sharing of compensation to be received for the services rendered by

---

[8] [Docket Nos. 9588, 9767 and 9919].

Levine to the Debtors.  All professional and paraprofessional services for which compensation is sought herein were rendered solely for or on behalf of the Debtors.

## SERVICES RENDERED

9.    Levine serves the Debtors as special litigation counsel.  Levine customarily performs various First Amendment, newsroom, media, defamation, privacy, access, copyright, and other litigation matters for Debtors (collectively, the "Litigation Matters").  The Litigation Matters on which Levine represents the Debtors involve allegations of libel or other related causes of action that go to the heart of the Debtors' news business.

10.    A breakdown of the total hours expended by each professional on all matters and a breakdown of amounts sought by each matter category covered herein are included as part of Exhibit A to this Application, as required by Local Rule 2016-2.  A detailed description of the services provided to the Debtors are incorporated by reference to the Monthly Fee Applications for June 2011, July 2011 and August 2011 previously filed with the Court.  The following is a summary of the activities performed by Levine's professionals and paralegals during the Fifth Interim Fee Period (which covers June 1, 2011 to August 31, 2011), organized by project category:

A.    **Mitchell v. Baltimore Sun  (00499.003)**
Fees:  $1,661.00        Total Hours: 3.80

11.    During the Application Period, Levine attorneys expended time communicating with the client regarding the status of the case; inquiring regarding the probate status of the plaintiff's estate; obtaining records from the plaintiff's probate case; reviewing proceedings in orphan's court and in bankruptcy court; developing strategy regarding the status and resolution of the litigation; and communicating with the client regarding the same.

**B.**          **Tribune-General (00499.008)**

Fees: $1,144.50                    Total Hours: 5.10

12.      During the Application Period, Levine attorneys expended time reviewing

a request for an audit status update; revising an audit inquiry response; and reviewing an invoice

for privilege.

**C.**          **Baltimore Sun-General Newsroom (00499.050)**

Fees:  $712.00                    Total Hours: 1.60

13.      During the Application Period, Levine attorneys expended time reviewing

a grand jury inquiry and charge; conducting research regarding grand jury power; and discussing

the grand jury inquiry with in house counsel and the client.

**D.**          **Tribune-Henke (00499.071)**

Fees:  $756.50                    Total Hours:  1.70

14.      During the Application Period, a Levine attorney expended time revising a

stipulation and exchanging email with the client regarding strategy.

**E.**          **Hartford Courant-Journal Publ. v. (00499.077)**

Fees:  $104,150.50                    Total Hours:  276.60

15.      During the Application Period, Levine attorneys expended time reviewing

numerous documents in an electronic database; analyzing document confidentiality issues;

conducting research regarding a reply brief; drafting, revising and filing a reply brief and

supporting documents; reviewing and revising discovery requests; reviewing client materials and

a Second Circuit court decision; drafting a supplemental brief; drafting a protective order;

drafting and revising objections and responses to discovery requests; reviewing the plaintiff's

supplemental brief; analyzing document and discovery issues and redacting privileged

documents; communicating with the client and with plaintiff's counsel regularly regarding

discovery issues; revising and finalizing discovery responses; reviewing witness materials;

8

reviewing production of documents for completeness and accuracy; preparing defendant's first and second set of documents for production; drafting, reviewing, and revising a privilege log; reviewing issues relating to depositions; reviewing scheduling orders; reviewing a proposed motion on consent to extend the discovery period; communicating with the client and with plaintiff's counsel regarding depositions; and reviewing a supplemental production of documents.

F.        **Homestead Publ. Co.-Worsham v. (00499.078)**

Fees: $187.50        Total Hours: .50

16.        During the Application period, a Levine attorney expended time finalizing a settlement agreement.

G.        **Tribune-Fee Application (00499.080)**

Fees: $7,571.50        Total Hours: 24.60

17.        During the Application Period, Levine attorneys expended time reviewing and revising monthly and quarterly fee applications for submission to the court; exchanging email with local counsel regarding service and filing; exchanging email with the fee examiner regarding the fee applications; analyzing the fee examiner's preliminary report regarding quarterly fee applications; drafting a response to the fee examiner's preliminary report; reviewing the fee examiner's final report; and corresponding with local bankruptcy counsel and the client regarding certificates of no objection and post-petition payment processing.

H.        **Tribune- Sunplus Litter Citations (00499.084)**

Fees: $28,939.00        Total Hours: 82.90

18.        During the Application Period, Levine attorneys expended time communicating with the client regarding case facts and strategy; reviewing research regarding citations for littering; conducting research regarding agency authority and violations of the

9

ordinance under Maryland law; drafting and revising a bench memorandum; reviewing client

documents and preparing for the hearing; communicating with the client regarding the

postponement of the hearing; reviewing the agency's response to a discovery request;

communicating with the agency and client to clarify the substance of a consolidated hearing;

preparing for and conducting a telephone conference with the client regarding strategy for the

hearing; drafting a discovery response to the agency; preparing outlines and exhibits for the

hearing; communicating with the parties regarding a possible settlement; and drafting and

finalizing an agreement to settle the matter.

## EXPENSES INCURRED

19.    Levine has incurred expenses of $7,065.09 in connection with its services

rendered as special counsel to the Debtors during the Fifth Quarterly Fee Period.  These expenses

represent actual out-of-pocket costs for items incurred exclusively for the direct benefit of the

Debtors, including outside copying, electronic document management services, and travel-

related expenses.  Levine submits that all such expenses are necessary and actual expenses for

the performance of its services in these cases.  By this Application, Levine does not seek

expenses for routine in-house copying or facsimile transmissions.  A breakdown of the total

expenses are included as Exhibit B to this Application.

## REVIEW OF APPLICABLE LOCAL RULE

20.    The undersigned has reviewed the requirements of Local Rule 2016-2 and

certifies to the best of his information, knowledge and belief that this Application complies with

the requirements of Local Rule 2016-2.

## NOTICE

21.     Notice of this Application is being served upon the Notice Parties specified in the Fee Orders.  In accordance with the terms of the Fee Orders, Levine respectfully submits that no further notice is required.

## NO PRIOR REQUEST

22.     No previous application with respect to the relief requested herein has been made to this or any other Court.

WHEREFORE, after appropriate notice and hearing, Levine respectfully requests that the Court enter an Order: (a) granting the Application and authorizing the allowance of fees in the amount of $145,122.50, and reimbursement of actual and necessary expenses in the amount of $7,065.09; and (b) granting such further relief as this Court deems just and proper.

Dated: October 12, 2011

Respectfully submitted,

Seth D. Berlin
LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.
1050 Seventeenth Street, N.W.
Suite 800
Washington, D.C.  20036
Telephone:  202-508-1100
Facsimile:  202-861-9888

11