IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------x

In re:                                               Chapter 11

TRIBUNE COMPANY et al.,                              Case No. 08-13141 (KJC)

                                                     (Jointly Administered)

                         Debtors.                    **Hearing Date:  (To be determined)**
-------------------------------------------------------x       **Objections Due: November 3, 2011 @ 4:00 p.m.**

## EIGHTH INTERIM FEE APPLICATION OF ZUCKERMAN SPAEDER LLP
## FOR INTERIM APPROVAL AND ALLOWANCE OF
## COMPENSATION AND REIMBURSEMENT OF EXPENSES

Applicant:  Zuckerman Spaeder LLP

Authorized to Provide Professional Services to:  The Official Committee of Unsecured Creditors

Date of Retention:  August 6, 2009 (Order entered September 3, 2009)

Period for which compensation and
Reimbursement is sought:  June 1, 2011 through August 31, 2011

Amount of Compensation sought
as actual, reasonable and necessary:  $416,533.75

Amount of Expense Reimbursement sought
as actual, reasonable and necessary:  $19,722.60

This is Applicant's Eighth Interim Fee Application.  53.50 hours of time were expended during the Application Period in preparation of monthly and interim fee applications, and $33,047.50 is the corresponding compensation request.

| Previous Applications | | Requested | | Approved | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| 1/15/10 | 8/6/09-11/30/09 | $1,262,525.75 | $36,386.06 | $1,259,242.25 | $34,803.77 |
| 4/15/10 | 12/1/09-2/28/10 | $1,000,919.75 | $1,031,725.76 | $0.00 | $0.00 |
| 7/15/10 | 3/1/10-5/31/10 | $579,613.50 | $337,176.57 | $0.00 | $0.00 |
| 10/15/10 | 6/1/10-8/31/10 | $438,551.50 | $846,788.23 | $0.00 | $0.00 |
| 1/14/11 | 9/1/10-11/30/10 | $868,159.25 | $559,304.80 | $0.00 | $0.00 |
| 4/21/11 | 12/1/10-2/28/11 | $1,251,707.75 | $2,741,330.92 | $0.00 | $0.00 |
| 7/15/11 | 3/1/10-5/31/10 | $1,112,522.00 | $111,383.98 | $0.00 | $0.00 |

## ATTACHMENT

| Name of Professional Person | Position of Applicant | Hourly billing rate (incl. Changes) | Total billed hours | Total Compensation |
|---|---|---|---|---|
| Graeme W. Bush | Partner, complex business and bankruptcy litigation; admitted 1976 | $850.00 | 17.40 | $14,790.00 |
| James Sottile | Partner, complex insurance and mass tort litigation; admitted 1986 | $725.00 | 228.70 | $165,807.50 |
| Thomas G. Macauley (I.D. # 3411) | Partner, Chapter 11 and bankruptcy litigation; admitted 1995 | $625.00 | 1.10 | $ 687.50 |
| Andrew N. Goldfarb | Partner, bankruptcy and complex litigation; admitted 1996 | $600.00 | 178.00 | $106,800.00 |
| P. Andrew Torrez | Partner, civil litigation; admitted 1997 | $585.00 | 36.00 | $21,060.00 |
| Andrew Caridas | Associate, litigation; admitted 2008 | $340.00 | 177.30 | $60,282.00 |
| Lisa Medoro | Paralegal, 5th year | $265.00 | 124.70 | $33,045.50 |
| Jeanne Trahan Faubell | Library Director/Law Librarian, 4th year | $175.00 | 14.40 | $2,520.00 |
| Monica D. Welham | Assistant Library Director, 10th year | $175.00 | 18.50 | $3,237.50 |
| Kimberly Wilson | Library assistant, 7 years' experience | $175.00 | 6.90 | $1,207.50 |

Grand Totals: 803.00 hours and $409,437.50
Blended Rate: $509.88 per hour
(excluding non-working travel time)

1

## COMPENSATION BY PROJECT CATEGORY

| MATTER | | TOTAL HOURS | TOTAL AMOUNT |
|---|---|---|---|
| 0001 | Bank Claims | 794.50 | $ 376,390.00 |
| 0002 | Retention/Fee Applications | 53.50 | $ 33,047.50 |
| 0003 | Non-Working Travel Time (charged ½ time) | 19.30 | $ 7,096.25 |
| | Totals: | 867.30 | $416,533.75 |

2

## ITEMIZED EXPENSES

EXPENSES

| | | |
|---|---|---:|
| Travel – Train/Air/Hotel | $ | 2,524.21 |
| Taxi Service and Parking | $ | 104.50 |
| Meals – Travel | $ | 17.00 |
| Local Travel   - Sunny's | $ | 73.06 |
| Court Costs Reports – TSG Reporting | $ | 4,645.80 |
| Expert/Consultant Fee – Navigant Consulting, Inc. | $ | 2,423.89 |
| Express Delivery – FEDEX | $ | 104.89 |
| Parcels – E-Filing | $ | 1,520.00 |
| Outsourced Document Serv. – CaseDriven Technologies, Inc. | $ | 191.55 |
| Outsourced Document Serv. – LexisNexis Risk Data Management | $ | 712.15 |
| Courier Service – Parcels | $ | 7.50 |
| Courier Service – Washington Express | $ | 804.53 |
| Courier Service – LaserShip, Inc. | $ | 24.28 |
| Docket Research – Pacer | $ | 70.32 |
| Docket Research - Lexis/Nexis | $ | 77.47 |
| Docket Research – Westlaw Research | $ | 1,032.28 |
| Telephone Conferencing – SoundPath | $ | 968.65 |
| Court Conference Call | $ | 293.00 |
| In-house Photocopy | $ | 160.90 |
| Long Distance Telephone | $ | 85.08 |
| Postage | $ | 3,881.54 |
| | | |
| TOTAL EXPENSES | $ | 19,722.60 |

3

## NARRATIVE

Pursuant to 11 U.S.C. §§ 330 and 331 and Rule 2016 of the Federal Rules of Bankruptcy Procedure, the law firm of Zuckerman Spaeder LLP (hereinafter "Zuckerman") hereby moves this Court for an order awarding it reasonable compensation with respect to the above-captioned chapter 11 cases for professional legal services rendered as special counsel to the Official Committee of Unsecured Creditors (the "Committee") in the amount of $416,533.75 together with reimbursement for actual and necessary expenses incurred in the amount of $19,722.60 for the period June 1, 2011, through and including August 31, 2011 (the "Application Period"), and respectfully represents as follows:

1.     Pursuant to an Order entered by this Court on September 3, 2009 (Docket No. 2088) (the "Retention Order"), Zuckerman was employed under a general retainer to serve as special counsel to the Committee in connection with these chapter 11 cases, effective as of August 6, 2009. The Retention Order authorized Zuckerman to be compensated on an hourly basis and to be reimbursed for the actual and necessary out-of-pocket expenses that it incurred.

2.     During the Application Period, Zuckerman has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with this case. There is no agreement or understanding between Zuckerman and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in this case.

3.     This Eighth Interim Application seeks compensation for fees of $416,533.75 and

4

reimbursement of expenses of $19,722.60 incurred during the Application Period. In accordance

with the factors enumerated in 11 U.S.C. § 330, the amount requested is fair and reasonable

given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the

services rendered, (d) the value of such services, and (e) the costs of comparable services other

than in a case under this title.

## SUMMARY OF SERVICES RENDERED

4.      During the Application Period, Zuckerman provided services to the Committee

and worked closely with the Committee's general bankruptcy counsel and with other parties

supporting the Debtor/Committee/Lender proposed plan of reorganization. The time detail for

professional services provided by Zuckerman to the Committee during the Application Period is

divided by matter and set forth on Exhibit A to Zuckerman's relevant monthly applications

(Docket Nos. 9582, 9746, and 9900). The primary services provided by matter are described by

subject matter below.

5.      Bank Claims. During the Application Period, Zuckerman met and corresponded

regularly with the Committee and its general bankruptcy counsel as well as with other primary

parties concerning potential causes of actions relating to the financing of the Debtors' LBO in

2007. Zuckerman attended multiple hearings and conferences on the Committee's behalf.

6.      As noted in prior fee applications, Zuckerman took a leading role for the DCL

Plan proponents in the preparation for the plan confirmation proceedings, at the confirmation

trial itself, and in post-trial activities. Zuckerman played a central coordinating role for the DCL

Plan proponents' strategy sessions (both telephonic and in-person) before, at, and after the confirmation trial.

7.      After the confirmation hearing and during the Application Period, Zuckerman continued in its coordinating role for the DCL Plan proponents as they prepared post-trial proposed findings of fact and conclusions of law. Zuckerman participated in the drafting and preparation of those post-trial submissions. Zuckerman also participated in all other post-trial activities, including negotiations with the Noteholders over protocols to govern the admission of (and challenges to admission of) deposition citations and thousands of trial exhibits. Finally, Zuckerman played a central role in the preparation of the DCL Plan proponents' closing argument, and delivered the DCL Plan proponents' principal opening and rebuttal arguments to the Court on June 27, 2011.

8.      During the Application Period, Zuckerman, in connection with Delaware counsel Landis, Rath & Cobb, continued to pursue discovery in its adversary proceeding against directors, officers, shareholders, and other parties (Adv. No. 10-54010) to identify and serve the tens of thousands of shareholder defendants who received proceeds as a result of the Tribune LBO (the "Shareholder Defendants"). In connection with this labor-intensive project, Zuckerman and LRC continued to follow up on subpoenas and document requests served on hundreds of parties and to process and evaluate the information received. Zuckerman also sought and obtained a protective order from the Court to facilitate the discovery effort and resulting production.

6

9.      During the Application Period, Zuckerman also represented the Committee's interests in connection with evaluation of the impact on the Committee of a proposed settlement of separate litigation, in which the Committee is not a party, arising out of the same 2007 Tribune LBO that is at the heart of the Committee's two main adversary proceedings.  Zuckerman also and participated in the negotiation and drafting of a memorandum of understanding regarding that settlement.

10.     During the Application Period, Zuckerman continued its efforts to identify and serve approximately 1,600 defendants in the adversary proceeding filed by the Committee against lenders, financial advisors, and other parties on claims arising out of the 2007 Tribune LBO (Adv. No. 10-53963).

11.     Retention/Fee Applications.  During the Application Period, Zuckerman prepared and filed three monthly fee applications and one interim fee application.

## DISBURSEMENTS

12.     Zuckerman's list of out-of-pocket disbursements during the Application Period contains categories of charges, including, among other things, facsimile charges, mail and express mail charges, deposition and hearing transcripts, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, parking and expenses for "working meals." The expense detail is set forth on Exhibit B to Zuckerman's relevant monthly fee applications.

13.    Zuckerman represents that its rate for duplication is $0.10 per page, its effective rate for outgoing facsimile transmissions is $1.00 per page (excluding related long distance transmission charges), there is no charge for incoming facsimile transmissions, and there is no surcharge for computerized research.

WHEREFORE, Zuckerman requests that the Court enter an order allowing Zuckerman $416,533.75 in fees compensation and $19,722.60 for reimbursement of expenses incurred during the Application Period, and granting Zuckerman such other and further relief as is just.

Dated: October 14, 2011
Wilmington, Delaware

ZUCKERMAN SPAEDER LLP

Graeme W. Bush
James Sottile
Andrew N. Goldfarb
1800 M Street, Suite 1000
Washington, DC 20036
Telephone: (202) 778-1800
Facsimile: (202) 822-8106

*Counsel to the Official Committee
of Unsecured Creditors*

8