# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Objection Deadline: November 3, 2011 at 4:00 p.m.** |

## TWENTY-THIRD MONTHLY FEE APPLICATION OF SEYFARTH SHAW LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS EMPLOYMENT LITIGATION COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD OF AUGUST 1, 2011 THROUGH AUGUST 31, 2011

| | |
|---|---|
| Name of Applicant: | **Seyfarth Shaw LLP** |
| Authorized to Provide Professional Services as Employment Litigation Counsel to: | **Debtors** |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Date of Professional Retention: **January 25, 2010, *nunc pro tunc* to February 3, 2009**

Period for Which Compensation and Reimbursement is Sought: **August 1, 2011 through August 31, 2011**

Amount of compensation sought as actual, reasonable and necessary: $129,801.35

Amount of Expense Reimbursement sought as actual, reasonable and necessary: $ 3,817.95

This is a(n):   __X__ monthly   _____ interim   _____ final application

Requested Payment Amount:

Fees at 80%        $103,840.92

Expenses at 100%   $   3,817.95

Prior Applications:

(The 1st and 2nd Monthly Applications are pursuant to retention as Ordinary Course Professional)

| Application | Date Filed | Period Covered | Requested Fees (80%/Expenses 100%) | Authorized Fees (80%/Expenses (100%) |
|---|---|---|---|---|
| 1st | 11/25/09 | 10/1/09 – 10/31/09 | $99,580.00/$1,516.15 | $99,580.00/$1,516.15 |
| 2nd | 1/25/10 | 11/1/09 – 11/30/09 | $73,156.05/$6,104.99 | $73,156.05/$6,104.99 |
| 3rd | 3/18/2010 | 12/1/09 – 12/31/09 | $76,327.56/$4,631.98 | $76,327.56/$4,631.98 |
| 4th | 3/18/2010 | 1/1/09 - 1/31/09 | $170,504.00/$2,138.26 | $170,504.00/$2,138.26 |
| 5th | 4/16/10 | 2/1/10 - 2/28/10 | $51,770.88/$3,639.94 | $51,770.88/$3,639.94 |
| 6th | 7/21/10 | 3/1/10 - 3/31/10 | $65,184.48/$2,576.54 | $65,184.48/$2,576.54 |
| 7th | 7/21/10 | 4/1/10 - 4/30/10 | $91,239.12/$2,129.92 | $91,239.12/$2,129.92 |
| 8th | 7/21/10 | 5/1/10 - 5/31/10 | $90,254.88/$3,639.94 | $90,254.88/$3,639.94 |
| 9th | 9/28/10 | 6/1/10 - 6/30/10 | $54,318.60/$4,764.48 | $54,318.60/$4,764.48 |
| 10th | 9/28/10 | 7/1/10 - 7/31/10 | $42,801.12/$1,691.74 | $42,801.12/$1,691.74 |
| 11th | 10/8/10 | 8/1/10 - 8/31/10 | $35,688.24/$1,397.78 | $35,688.24/$1,397.78 |

| 12th | 12/2/10 | 9/1/10 - 9/30/10 | $40,642.20/$2,734.56 | $40,642.20/$2,734.56 |
|------|---------|------------------|----------------------|----------------------|
| 13th | 12/2/10 | 10/1/10 - 10/31/10 | $68,541.84/$3,808.29 | $68,541.84/$3,808.29 |
| 14th | 1/14/11 | 11/1/10 - 11/30/10 | $40,495.68/$6,134.27 | $40,495.68/$6,134.27 |
| 15th | 2/10/11 | 12/1/10 - 12/31/10 | $49,191.12/$1,030.68 | $49,191.12/$1,030.68 |
| 16th | 3/18/11 | 1/1/11 - 1/31/11 | $80,465.04/$1,202.14 | $80,465.04/$1,202.14 |
| 17th | 4/6/11 | 2/1/11 - 2/28/11 | $119,792.16/$8,635.04 | $119,792.16/$8,635.04 |
| 18th | 6/14/11 | 3/1/11 - 3/31/11 | $204,991.92/$11,850.21 | $204,991.92/$11,850.21 |
| 19th | 6/21/11 | 4/1/11-4/30/11 | $99,075.60/$6,943.23 | $99,075.60/$6,943.23 |
| 20th | 7/14/11 | 5/1/11-5/31/11 | $80,606.52/$2,556.36 | $80,606.52/$2,556.36 |
| 21st | 8/15/11 | 6/1/11-6/30/11 | $120,984.48/$4,597.78 | $120,984.48/$4,597.78 |
| 22nd | 8/26/11 | 7/1/11-7/31/11 | $143,994.60/$3,578.13 | Pending |

## SUMMARY OF PROFESSIONAL FEES
## FROM AUGUST 1, 2011 THROUGH AUGUST 31, 2011

| Professional | Position, Area of Expertise, Year of Obtaining License to Practice | Hourly Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Edward Cerasia | Partner<br>Labor & Employment<br>Admitted 1991 | $730.00 | 59.30 | $43,289.00 |
| Jeremy Sherman | Partner<br>Labor & Employment<br>Admitted 1976 | $695.00 | 1.00 | $695.00 |
| Camille Olson | Partner<br>Labor & Employment<br>Admitted 1983 | $690.00 | .80 | $552.00 |
| Timothy Haley | Partner<br>Labor & Employment<br>Admitted 1978 | $670.00 | 8.50 | $5,695.00 |
| Ellen McLaughlin | Partner<br>Labor & Employment<br>Admitted 1981 | $605.00 | 6.20 | $3,751.00 |
| Jon Meer | Partner<br>Labor & Employment<br>Admitted 1989 | $590.00 | 2.20 | $1,298.00 |
| Kristin Michaels | Partner<br>Labor & Employment<br>Admitted 1991 | $580.00 | 41.40 | $24,012.00 |
| Lorraine O'Hara | Partner<br>Labor & Employment<br>Admitted 1988 | $575.00 | 13.10 | $7,532.50 |
| Scott Carlson | Partner<br>Litigation<br>Admitted 1995 | $570.00 | .20 | $114.00 |
| Timothy Hix | Partner<br>Labor & Employment<br>Admitted 2003 | $500.00 | .80 | $400.00 |
| Anjanette Cabrera | Associate<br>Labor & Employment<br>Admitted 2000 | $440.00 | 56.30 | $24,772.00 |
| John Anthony | Associate<br>Labor & Employment<br>Admitted 2005 | $410.00 | 11.00 | $4,510.00 |
| Natascha Riesco | Associate<br>Labor & Employment<br>Admitted 2007 | $400.00 | 3.80 | $1,520.00 |
| Max Sank | Associate<br>Labor & Employment<br>Admitted 2000 | $390.00 | 1.30 | $507.00 |
| Andrew Banas | Associate<br>Bankruptcy | $385.00 | .10 | $38.50 |

46429/0001-7976296V1

| Name | Title/Dept/Admitted | Rate | Hours | Total |
|---|---|---|---|---|
| | Admitted | | | |
| Jeremi Chylinski | Associate<br>Labor & Employment<br>Admitted 2001 | $365.00 | 23.50 | $8,577.50 |
| Allison Ianni | Associate<br>Labor & Employment<br>Admitted 2008 | $355.00 | 2.30 | $816.50 |
| Aaron Warshaw | Associate<br>Labor & Employment<br>Admitted 2008 | $355.00 | 3.20 | $1,136.00 |
| Maayan Deker | Associate<br>Labor & Employment<br>Admitted 2011 | $345.00 | 1.90 | $655.50 |
| Daniel Sable | Associate<br>Litigation<br>Admitted 2006 | $340.00 | 3.40 | $1,156.00 |
| Ashley Workman | Associate<br>Labor & Employment<br>Admitted 2008 | $330.00 | 4.30 | $1,419.00 |
| Israel Rose | Staff Attorney<br>Labor & Employment<br>Admitted 2011 | $280.00 | 2.30 | $644.00 |
| Jennifer McManus | Paralegal<br>Bankruptcy<br>N/A | $275.00 | 12.70 | $3,492.50 |
| Carolyn Ylagan | Paralegal<br>Litigation<br>N/A | $240.00 | 2.70 | $648.00 |
| Alayna Balint | Paralegal<br>Labor & Employment<br>N/A | $230.00 | 27.00 | $6,210.00 |
| Nadine Puzio | Paralegal<br>Labor & Employment<br>N/A | $225.00 | 2.50 | $562.50 |
| Alice Shepro | Legal Assistant<br>Bankruptcy<br>N/A | $100.00 | 2.20 | $220.00 |
| **TOTAL** | | | 294.00 | $144,223.50 |
| **10% discount** | | | | $14,422.35 |
| **TOTAL LESS DISCOUNT** | | | | $129,801.35 |
| **BLENDED RATE** | | $ | | |

\* Note: The Items Have A Different Rate Due to Travel Time.

2

## COMPENSATION BY PROJECT CATEGORY FOR THE PERIOD
## FROM AUGUST 1, 2011 THROUGH AUGUST 31, 2011

| Matter Description | Total Hours | Total Fees |
|---|---:|---:|
| Chicago Tribune - JoAnn Parker v. (57634-06) | .70 | $280.00 |
| Baltimore Sun - Guild Labor Matters (12575-28) | .50 | $290.00 |
| Baltimore Sun - Photographer (s) (12575-301) | 40.90 | $23,722.00 |
| Tribune - Bankruptcy Fee Application (36377-07) | 16.00 | $4,446.00 |
| Tribune - Debra Holmes (11089-34) | 3.10 | $1,240.00 |
| Tribune - Tamesa Falkner (11089-37) | 10.50 | $5,170.00 |
| Tribune - Allen v. am NY (68308-02) | 8.10 | $4,713.00 |
| Tribune - Karen Scott v. WPIX (68308-03) | 165.20 | $77,839.50 |
| Tribune - Sal Marchiano v. Betty Ellen (68308-07) | 2.60 | $1,035.50 |
| Tribune - Watkins v. WPIX (68308-08) | 4.40 | $3,212.00 |
| Tribune - WPIX General (68308-10) | .70 | $511.00 |
| Tribune - East Coast Properties (36078-11) | 9.30 | $6,247.00 |
| Tribune - Jeff Apodaca v. KTLA5 (15827-19) | 3.40 | $1,156.00 |
| Los Angeles Times - Clement, Jayne (Plaintiffs) (33175-23) | 2.10 | $907.00 |
| Los Angeles Times - Jose Luis Velazquez - (33175-25) | 24.10 | $12,042.50 |
| Los Angeles Times - Country Club Matter (17832-34) | .20 | $114.00 |
| Tribune Company - Chris Neuman v. Ira Goldstone (66929-02) | 2.20 | $1,298.00 |
| **TOTAL** | **294.00** | **$144,223.50** |
| **Less 10% Discount** | | **$14,422.35** |
| **TOTAL LESS DISCOUNT** | | **$129,801.15** |

3

## EXPENSE SUMMARY FOR THE PERIOD
## AUGUST 1, 2011 THROUGH AUGUST 31, 2011

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Long Distance Telephone | | $27.41 |
| Copying @ .10/page | | $416.20 |
| Facsimile | | $10.00 |
| Online Research | | $1,985.94 |
| Courier Messenger | | $112.99 |
| Travel | | $525.40 |
| Taxi | | $15.00 |
| Filing Fee | | $14.25 |
| Subpoena Fees | | $292.91 |
| Deposition Transcripts | | $417.85 |
| **TOTALS** | | **$3,817.95** |

4

46429/0001-7976296V1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Objection Deadline: November 3, 2011 at 4:00 p.m.** |

## TWENTY-THIRD MONTHLY FEE APPLICATION OF SEYFARTH SHAW LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS EMPLOYMENT LITIGATION COUNSEL TO THE DEBTORS FOR THE PERIOD OF AUGUST 1, 2011 THROUGH AUGUST 31, 2011

Seyfarth Shaw LLP ("Seyfarth"), employment litigation counsel for the debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors"), respectfully submits this application (the "Application") to this Court, pursuant to (i) sections 328, 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code"),

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

(ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (iv) the Order Establishing Procedure for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Compensation Order"), as amended; and (v) the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Application (the "Fee Examiner Order") for the allowance and payment of fees in the amount of $129,801.35 subject to a twenty percent (20%) holdback, and reimbursement of expenses in the amount of $3,817.95. In support of the Application, Seyfarth respectfully states as follows:

## BACKGROUND OF THE CASES

1. On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on November 12, 2009. In all, the Debtors comprise 112 entities.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). [Docket Nos. 43, 2333].

3. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee.

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

2

46429/0001-7976296V1

4. On January 25, 2009, this Court entered the Order Authorizing Debtors to Employ and Retain Seyfarth Shaw LLP as Special Counsel for Certain Employment Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) 1107, *nunc pro tunc* to April 1, 2010 (the "Retention Order").

5. Pursuant to the Retention Order, Seyfarth is authorized to represent the Debtors as special counsel in connection with litigation matters.

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 328, 330, and 331 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-2 of the Local Rules.

## RELIEF REQUESTED

7. Pursuant to the Compensation Order and 331 of the Bankruptcy Code, Seyfarth seeks interim approval of compensation for professional services rendered, in the amount of $129,801.35 subject to a twenty percent (20%) holdback, and reimbursement of actual and necessary expenses incurred, in the amount of $3,817.95 in serving as employment litigation counsel to the Debtors and Debtors in Possession during the period August 1, 2011 through August 31, 2011 (the "Application Period"). Additional information as required by Local Rule 2016-2(c), (d), and (e) relating to the fees and expenses requested herein are provided on the Summary of Fees and Expenses, attached hereto.

## ALLOWANCE OF COMPENSATION

8. Attached hereto as Exhibit A is a detailed itemization, by project category, of all services performed by Seyfarth with respect to these matters from August 1, 2011 through August 31, 2011.

9. The following is a summary of the activities performed by Seyfarth attorneys and paraprofessionals during the Application Period, organized by project category.

3

A.   **Chicago Tribune - JoAnn Parker (57634-06)**

   Fees:  $280.00          Total Hours: .70

   10.   During the Application Period, Seyfarth attorneys expended time preparing request for extension of time to file opposition to summary judgment.

B.   **Baltimore Sun - Guild Labor Matters (12575-28)**

   Fees:  $290.00          Total Hours: .50

   11.   During the Application Period, Seyfarth attorneys expended time drafting a settlement agreement.

C.   **Baltimore Sun - Photographer(s) (12575-301)**

   Fees:  $23,722.00          Total Hours: 40.90

   12.   During the Application Period, Seyfarth attorneys expended time relating to arbitration and settlement.

C.   **Tribune - Bankruptcy Fee Application (36377-07)**

   Fees:  $4,446.00          Total Hours: 16.00

   13.   During the Application Period, Seyfarth attorneys expended time (i) preparing, Seyfarth's Twenty-First and Twenty-Second Monthly Fee Applications; (ii) revising responses to fee examiner reports for Seyfarth's Third and Fourth Quarterly Fee Applications; and (iii) attending to fee payment matters.

E.   **Tribune - Debra Holmes (11089-34)**

   Fees:  $1,240.00          Total Hours: 3.10

   14.   During the Application Period, Seyfarth attorneys expended time preparing for settlement of the pending case.

F.   **Tribune - Tamesa Falkner (11089-37)**

   Fees:  $5,170.00          Total Hours: 10.50

4

46429/0001-7976296V1

15. During the Application Period, Seyfarth attorneys expended time reviewing and preparing response to the Complaint in the pending case.

G.  **Tribune - Allen v. am NY (68308-02)**

Fees:  $4,713.00            Total Hours: 8.10

16. During the Application Period, Seyfarth professionals expended time preparing settlement agreement and relevant bankruptcy notices in the pending case.

H.  **Tribune - Karen Scott v. WPIX (68308-03)**

Fees:  $77,839.50           Total Hours: 165.20

17. During the Application Period, Seyfarth professionals expended time relating to pleading, memorandum of law and summary judgment preparation.

I.  **Tribune - Sal Marchiano v. Betty Ellen (68308-07)**

Fees:  $1,035.50            Total: 2.60

18. During the Application Period, Seyfarth professionals expended time in connection with discovery, extension of scheduling order and motion to dismiss.

J.  **Tribune - Watkins v. WPIX (68308-08)**

Fees:  $3,212.00            Total Hours:  4.40

19. During the Application Period, Seyfarth professionals expended time relating to preparation for mediation.

K.  **Tribune - WPIX General (68308-10)**

Fees:  $511.00              Total Hours: .70

20. During the Application Period, Seyfarth professionals expended time relating to general labor relations advice.

5

L.   **Tribune - East Coast Properties (36078-11)**

   Fees:  $6,247.00          Total Hours: 9.30

   21.   During the Application Period, Seyfarth professionals expended time relating to labor relations and circulation/contract training and preparation/implementation of circulation training manual.

M.   **Tribune - Jeff Apocado v KTLA5 (15827-19)**

   Fees:  $1,156.00          Total Hours: 3.40

   22.   During the Application Period, Seyfarth attorneys expended time relating to settlement negotiations.

N.   **Los Angeles Times - Clement, Jayne (Plaintiffs) (33175-23)**

   Fees: $907.00          Total Hours: 2.10

   23.   During the Application Period, Seyfarth professionals expended time in connection with the appeal and status update of bankruptcy.

O.   **Los Angeles Times - Jose Luis Velazquez (33175-25)**

   Fees: $12,042.50          Total Hours: 24.10

   24.   During the Application Period, Seyfarth professionals expended time preparing mediation brief.

P.   **Los Angeles Times - Country Club Matter (17832-34)**

   Fees: $114.00          Total Hours: .20

   25.   During the Application Period, Seyfarth professionals expended time relating to circulation information.

Q.   **Tribune Company - Chris Neuman v. Ira Goldstone (66929-02)**

Fees: $177.00          Total Hours: .30

26.   During the Application Period, Seyfarth professionals expended time in connection with settlement.

## REIMBURSEMENT OF EXPENSES

27.   Included as part of Exhibit A is a description of the costs actually expended by Seyfarth in the performance of services rendered as special employment litigation counsel to the Debtors and Debtors in Possession. The costs for which reimbursement is requested total $3,817.95. The breakdown of costs includes the rate for copying charges ($.10/page), online research, travel, meals, and messenger services.

## BASIS FOR RELIEF REQUESTED

28.   Seyfarth serves the Debtors as primary outside employment litigation counsel. Seyfarth customarily performs as employment and labor relations counsel to Debtors in various litigation and adverse matters.

29.   Seyfarth has received no payment and no promises of payment from any source for services rendered in these Chapter 11 cases. There is no agreement between Seyfarth and any other party for the sharing of compensation to be received for the services rendered by Seyfarth to the Debtors. All professional and paraprofessional services for which compensation is sought herein were rendered solely for or on behalf of the Debtors.

## REVIEW OF APPLICABLE LOCAL RULE

30.   The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with the requirements of Local Rule 2016-2.

7

46429/0001-7976296V1

## NO PRIOR REQUEST

31. No previous application with respect to the relief requested herein has been made to this or any other Court.

WHEREFORE, Seyfarth Shaw LLP respectfully requests that the Court enter an Order: (i) granting the Application and authorizing allowance of compensation in the amount of $129,801.35 subject to a twenty percent (20%) holdback, for professional services rendered, and reimbursement of actual and necessary expenses in the amount of $3,817.95; and (ii) granting such further relief as this Court deems necessary and just.

Dated: October 13, 2011                             Respectfully submitted,

                                                    _____
                                                    Jeremy P. Sherman
                                                    SEYFARTH SHAW LLP
                                                    131 S. Dearborn Street, Suite 2400
                                                    Chicago, IL  60603-5577
                                                    Telephone:  312 460-5901
                                                    Facsimile:   312 460-7901