## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

TRIBUNE COMPANY, *et al.*,

Debtors.[1]

Chapter 11

Case No. 08-13141 (KJC)

Jointly Administered
**Related to Docket No. 9373**
**Objection Deadline:  November 7, 2011 at 4:00 p.m.**

## SECOND INTERIM FEE APPLICATION OF SITRICK AND COMPANY FOR COMPENSATION FOR SERVICES RENDERED AS CORPORATE COMMUNICATIONS CONSULTANTS TO DEBTORS AND DEBTORS-IN-POSSESSION FOR THE PERIOD FROM DECEMBER 1, 2010 THROUGH FEBRUARY 28, 2011

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LW (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering I' Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LW, f/k/a Chicago National League Ball Club, LW (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LW (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LW (4025); Virginia Gazette Companies, LW (9587); WATL, LW (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LW (5982); WDCW Broadcasting, Inc. (8300); WON Continental Broadcasting Company (9530); WLVI Inc. (8074); and VVPIX, Inc. (0191). The Debtors corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

| | |
|---|---|
| Name of Applicant: | Sitrick and Company Inc. |
| Authorized to Provide Professional Services to: | Debtors and Debtors-in-Possession |
| Date of Retention | August 26, 2010 |
| Period for which compensation and reimbursement is sought: | December 1, 2010 through February 28, 2011 |
| Amount of Compensation sought as actual, reasonable and necessary: | $805.50[2] |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $0.00 |

This is an: ___ monthly  x   interim ___ final application

---

[2] Monthly fee applications were not filed as Sitrick incurred minimal expenses (only $805.50 in February 2011) and no fees during the Second Interim Fee Period.

LA/483514.1

**SUMMARY OF COMPENSABLE TIME DURING SECOND INTERIM PERIOD**

| Name of Professional Person | Position | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Michael Sitrick | Member of the Firm | $895.00 | .90 | $805.50 |

**Blended Hourly Rate:**    $895.00
**Total Hours Billed:**    .90
**GRAND TOTAL:**    $805.50

3

Summary of Any Objections to Fee Applications:  Monthly fee applications were not filed as Sitrick incurred minimal expenses (only $805.50 in February 2011) and no fees during the Second Interim Fee Period.

Prior Interim Applications Filed: **ONE**

      PLEASE TAKE NOTICE that, pursuant to the Court's *Order Establishing Procedures*

*for Interim Compensation and Reimbursement of Expenses of Professionals and Committee*

*Members Pursuant to 11 U.S.C. §§ 105(a) and 331*, entered on January 15, 2009 (the

"**Compensation Order**"), objections, if any, to the Second Interim Fee Application must be filed

with the Court and served on the Applicant at the address set forth below and the Notice Parties

(as defined in the Compensation Order) on or before the 20th day following service of this

Second Interim Fee Application.  If no timely objections are filed to the Second Interim Fee

Application, the Court may enter an order granting the Second Interim Fee Application without a

hearing.

Dated: October 17, 2011
      Los Angeles, California

                                        **SITRICK AND COMPANY/LA.**

                                        *Brenda Adrian*

                                        Brenda Adrian
                                        1840 Century Park East, Suite 800
                                        Los Angeles, CA  90067
                                        (310) 788-2850

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, *et al.*, | Case No. 08-13141 (KJC) |
| Debtors.[1] | Jointly Administered |

## SECOND INTERIM FEE APPLICATION OF SITRICK AND COMPANY FOR COMPENSATION FOR SERVICES RENDERED AS CORPORATE COMMUNICATIONS CONSULTANTS TO DEBTORS AND DEBTORS-IN-POSSESSION FOR THE PERIOD FROM DECEMBER 1, 2010 THROUGH FEBRUARY 28, 2011

Sitrick and Company Inc. ("**Sitrick**" or the "**Applicant**"), Corporate Communications

Consultants to the debtors and debtors-in-possession (the "**Debtors**"), hereby submits this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LW (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T' Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LW, f/k/a Chicago National League Ball Club, LW (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LW (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc (9512); Virginia Community Shoppers, LW (4025); Virginia Gazette Companies, LW (9587); WATL, LW (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LW (5982); WDCW Broadcasting, Inc. (8300); WON Continental Broadcasting Company (9530); WLVI Inc. (8074); and VVPIX, Inc. (0191). The Debtors corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

LA/483514.1

Second Interim Fee Application of Sitrick and Company Inc. (the "**Second Interim Fee Application**") for Compensation for Services Rendered for the Period From December 1, 2010 Through February 28, 2011 (the "**Second Interim Fee Period**") pursuant to 11 U.S.C. §§ 330 and 331. By this Application, Sitrick seeks interim allowance of one hundred percent (100%) of the total amount of compensation sought for professional services rendered during the Second Interim Fee Period in the amount of $805.50. In support hereof, Sitrick respectfully represents as follows:

### BACKGROUND

1.      On December 8, 2008, the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On December 10, 2008, the Court entered an Order directing the joint administration of the Debtors' Chapter 11 Cases under the case of Tribune Company, Case No. 08-13141. (Docket No. 43).

3.      On September 25, 2010, Sitrick filed an *Application of the Debtors for an Order Authorizing Debtor Tribune Company to Retain and Employ Sitrick and Company as Corporate Communications Consultants Pursuant to 11 U.S.C. § 327(a), Nunc Pro Tunc to August 26, 2010.* (Docket No. 5813).

4.      On December 13, 2010, the Court entered an *Order Authorizing Debtor Tribune Company to Retain and Employ Sitrick and Company as Corporate Communications Consultants Pursuant to 11 U.S.C. § 327(a), Nunc Pro Tunc to August 26, 2010* (the "**Retention Order**"). (Docket No. 7158).

LA/483514.1

5.      On January 15, 2009, this Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331* (the "**Compensation Order**").  In accordance with the Compensation Order, professionals retained in these cases are permitted to file monthly applications for interim approval and allowance of compensation.  The Compensation Order further provides that professionals are to file and serve upon the Notice Parties, as defined in the Compensation Order, at three month intervals, a request for interim Court approval of the monthly fee applications and allowance of fees and reimbursement of expenses incurred during such interim fee period.

## JURISDICTION

6.      This Court has jurisdiction over the Second Interim Fee Application under 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

7.      The statutory bases for the relief requested herein are sections 105(a), 330 and 331 of the Bankruptcy Code.

## MONTHLY FEE STATEMENTS COVERED

8.      Sitrick did not file monthly fee applications for the Second Interim Fee Period as it incurred minimal expenses (only $805.50 in February 2011) and no fees during the Second Interim Fee Period.  A breakdown of the amounts to be paid to Sitrick pursuant to the Compensation Order is included in the notice of this Second Interim Fee Application.

## TERMS AND CONDITIONS OF COMPENSATION

9.      Subject to Bankruptcy Court approval, Sitrick seeks payment on an hourly basis, plus reimbursement of actual, necessary expenses incurred by Sitrick during the Second Interim Fee Period.  The rates charged by Sitrick in these cases do not differ from the rates charged to the Applicant's non-bankruptcy clients.

4

10.     A summary of the hours spent, the names of each professional rendering services to the Debtors during the Second Interim Fee Period, the regular customary billing rates and the total value of time incurred by each of the Sitrick professionals rendering services to the Debtors is attached hereto. A copy of the computer generated time entries reflecting the time recorded for these services is attached hereto as **Exhibit A**.[2] Sitrick did not incur any expenses during the Second Interim Fee Period. All time entries are in compliance with the applicable Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

11.     All services for which compensation are requested are reasonable and necessary and were performed for and on behalf of the Debtors during the Second Interim Fee Period.

## SERVICES PERFORMED

12.     During the Second Interim Fee Period, Sitrick reviewed various news reports, emails and materials concerning these Chapter 11 Cases and the Debtors.

## CALCULATION OF TIME AND FEES

13.     This is Sitrick's second interim fee application for compensation for services rendered and reimbursement of expenses. It covers the period from December 1, 2010 through February 28, 2011. All professional services for which compensation is requested herein have been for services directly related to the Chapter 11 Cases and were rendered for the benefit of the Debtors. No agreement or understanding exists between Sitrick and any other person for the sharing of compensation received or to be received in connection with these Chapter 11 Cases other than as disclosed or authorized pursuant to sections 327, 328, 330 and 331 of the Bankruptcy Code.

---

[2] Sitrick does not typically provide services to its clients in specific categories as other professionals do, such as legal and financial advisors. With the exception of the time that Sitrick has billed or will bill in connection with the preparation of its applications for approval of fees and expenses, all of Sitrick's services fall within the general category of "Corporate Communications Strategy" as more specifically set forth herein.

LA/483514.1

14.    As set forth in the attached exhibit, Sitrick's professionals have spent a total of 0.9 hours providing necessary professional services to the Debtors. As a result, Sitrick requests compensation in the amount of $805.50 for actual, necessary professional services performed as set forth in more detail in Exhibit A.

15.    In preparing this Second Interim Fee Application, Applicant has calculated the amount of time spent by each professional in performing actual, necessary services for the Debtors. The data used came directly from computer printouts which are kept on each of Sitrick's clients. The hourly rates charged are the hourly rates charged by Sitrick to its non-bankruptcy and bankruptcy clients. Sitrick worked to avoid any duplication of efforts between parties, and in instances where more than one professional billed for a project, there was a need for multiple professional involvement. Multiple representation in analogous circumstances have been approved. *See Berberena v. Coler*, 753 F.2d 629 (7th Cir. 1985); *In re Washington Mfg. Co.*, 101 B.R. 944 (Bankr. M.D. Tenn. 1989); *In re N-Ren Corp.*, 71 B.R. 488 (Bank S.D. Ohio 1987).

16.    No compensation has been promised to Sitrick other than as disclosed or approved by this Court. Sitrick certifies that there is no agreement between it and any other party regarding the sharing of fees except with Sitrick's general partners, and Sitrick has not discussed or negotiated the amount of its fees with any party except its client. Following the entry of the Retention Order, the Debtors provided Sitrick with a non-refundable retainer of sixty thousand dollars ($60,000). Moreover, the Debtors provided Sitrick an expense advance of ten thousand dollars ($10,000). Sitrick will draw down on the foregoing moneys in accordance with the approved fees and expenses as requested in this Second Interim Fee Application.

17.    Finally, Sitrick represents that it is and remains a disinterested party and does not hold any adverse relationship with the Debtors' estates.

6

LA/483514.1

## NOTICE

18..    Sitrick has provided notice of this Second Interim Fee Application to: (a) the

Debtors and their counsel; (b) counsel to the Barclays Bank PLC, in its capacity as Lender,

Funding Agent, and Administrative Agent; (c) counsel to the Administrative Agent for the

Prepetition Lenders; (d) counsel to the Committee; and (e) the Office of the United States

Trustee for the District of Delaware.

## NO PRIOR REQUEST

19.    No prior request for the relief sought in this Second Interim Fee Application has

been made to this or any other court.


Dated: October 17, 2011              **SITRICK AND COMPANY/LA**
       Los Angeles, California

_Brenda Adrian_

Brenda Adrian
1840 Century Park East, Suite 800
Los Angeles, CA  90067
(310) 788-2850


7