## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, *et al.*, | Case No. 08-13141 (KJC) |
| Debtors.[1] | Jointly Administered |

## FOURTH INTERIM FEE APPLICATION OF SITRICK AND COMPANY FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS CORPORATE COMMUNICATIONS CONSULTANTS TO DEBTORS AND DEBTORS-IN-POSSESSION FOR THE PERIOD FROM JUNE 1, 2011 THROUGH AUGUST 31, 2011

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LW (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T' Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LW, f/k/a Chicago National League Ball Club, LW (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LW (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc (9512); Virginia Community Shoppers, LW (4025); Virginia Gazette Companies, LW (9587); WATL, LW (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LW (5982); WDCW Broadcasting, Inc. (8300); WON Continental Broadcasting Company (9530); WLVI Inc. (8074); and VVPIX, Inc. (0191). The Debtors corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

| | |
|---|---|
| Name of Applicant: | <u>Sitrick and Company Inc.</u> |
| Authorized to Provide Professional Services to: | <u>Debtors and Debtors-in-Possession</u> |
| Date of Retention | <u>August 26, 2010</u> |
| Period for which compensation and reimbursement is sought: | <u>June 1, 2011 through August 31, 2011</u> |
| Amount of Compensation sought as actual, reasonable and necessary: | $716.00 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $786.07 |

This is an: ___ monthly  _x_  interim ___ final application

2

### Summary of Fee Applications for Compensation Period

| Date Filed | Period Covered | Total Amount Requested | | Total Amount Approved to Date via Certification of No Objection | | Holdback Fees Requested |
|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees (@ 80%) | Expenses (@ 100%) | Fees (@ 20%) |
| Filed concurrently herewith | 6/1/11 – 6/30/11 | $716.00 | $30.58 | $0.00 | $0.00 | $143.20 |
| Not filed as no fees were incurred | 7/1/11 – 7/33/11 | $0.00 | $176.00 | $0.00 | $0.00 | $0.00 |
| Not filed as no fees were incurred | 8/1/11 – 8/31/11 | $0.00 | $579.49 | $0.00 | $0.00 | $0.00 |
| Total: | | $716.00 | $786.07 | $0.00 | $0.00 | $143.20 |

3

**SUMMARY OF COMPENSABLE TIME DURING FOURTH INTERIM PERIOD**

| Name of Professional Person | Position | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Michael Sitrick | Member of the Firm | $895.00 | 0.8 | $716.00 |

**Blended Hourly Rate:**    $895.00
**Total Hours Billed:**    0.8
**GRAND TOTAL:**    $716.00

4

LA/533392.1

## SUMMARY OF EXPENSES DURING FOURTH INTERIM PERIOD

| Expense Category<br>Expense | Service Provider (if applicable) | |
|---|---|---|
| Other | Arent Fox | $755.49 |
| Postage & Delivery | FedEx | 30.58 |
| **TOTAL EXPENSES:** | | **$786.07** |

5

LA/533392.1

Summary of Any Objections to Fee Applications: **Monthly fee application to be filed concurrently herewith.**

Prior Interim Applications Filed: **THREE**

PLEASE TAKE NOTICE that, pursuant to the Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331*, entered on January 15, 2009 (the "**Compensation Order**"), objections, if any, to the Fourth Interim Fee Application must be filed with the Court and served on the Applicant at the address set forth below and the Notice Parties (as defined in the Compensation Order) on or before the 20th day following service of this Fourth Interim Fee Application.  If no timely objections are filed to the Fourth Interim Fee Application, the Court may enter an order granting the Fourth Interim Fee Application without a hearing.

Dated: October 13, 2011

SITRICK AND COMPANY/LA.

Brenda Adrian
1840 Century Park East, Suite 800
Los Angeles, CA  90067
(310) 788-2850

6

LA/533392.1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, *et al.*, | Case No. 08-13141 (KJC) |
| Debtors.[1] | Jointly Administered |

**FOURTH INTERIM FEE APPLICATION OF SITRICK AND COMPANY
FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT
OF EXPENSES AS CORPORATE COMMUNICATIONS CONSULTANTS
TO DEBTORS AND DEBTORS-IN-POSSESSION FOR THE PERIOD FROM
JUNE 1, 2011 THROUGH AUGUST 31, 2011**

Sitrick and Company Inc. ("**Sitrick**" or the "**Applicant**"), Corporate Communications

Consultants to the debtors and debtors-in-possession (the "**Debtors**"), hereby submits this Fourth

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LW (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LW, f/k/a Chicago National League Ball Club, LW (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LW (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc (9512); Virginia Community Shoppers, LW (4025); Virginia Gazette Companies, LW (9587); WATL, LW (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LW (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Interim Fee Application of Sitrick and Company Inc. (the "**Fourth Interim Fee Application**")

for Compensation for Services Rendered and Reimbursement of Expenses for the Period From

June 1, 2011 Through August 31, 2011 (the "**Fourth Interim Fee Period**") pursuant to 11

U.S.C. §§ 330 and 331. By this Application, Sitrick seeks interim allowance of one hundred

percent (100%) of: (a) the total amount of compensation sought for professional services

rendered during the Fourth Interim Fee Period; and (b) reimbursement of its actual and necessary

expenses during the Fourth Interim Fee Period, in the amounts of $716.00 and $786.07,

respectively. In support hereof, Sitrick respectfully represents as follows:

## BACKGROUND

1.      On December 8, 2008, the Debtors each filed voluntary petitions for relief under

chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). The Debtors are

operating their businesses and managing their properties as debtors-in-possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On December 10, 2008, the Court entered an Order directing the joint

administration of the Debtors' Chapter 11 Cases under the case of Tribune Company, Case No.

08-13141. (Docket No. 43).

3.      On September 25, 2010, Sitrick filed an *Application of the Debtors for an Order*

*Authorizing Debtor Tribune Company to Retain and Employ Sitrick and Company as Corporate*

*Communications Consultants Pursuant to 11 U.S.C. § 327(a), Nunc Pro Tunc to August 26,*

*2010*. (Docket No. 5813).

4.      On December 13, 2010, the Court entered an *Order Authorizing Debtor Tribune*

*Company to Retain and Employ Sitrick and Company as Corporate Communications*

2

*Consultants Pursuant to 11 U.S.C. § 327(a), Nunc Pro Tunc to August 26, 2010* (the "**Retention Order**"). (Docket No. 7158).

5.       On January 15, 2009, this Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331* (the "**Compensation Order**"). In accordance with the Compensation Order, professionals retained in these cases are permitted to file monthly applications for interim approval and allowance of compensation. The Compensation Order further provides that professionals are to file and serve upon the Notice Parties, as defined in the Compensation Order, at three month intervals, a request for interim Court approval of the monthly fee applications and allowance of fees and reimbursement of expenses incurred during such interim fee period.

## JURISDICTION

6.       This Court has jurisdiction over this Fourth Interim Fee Application under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

7.       The statutory bases for the relief requested herein are sections 105(a), 330 and 331 of the Bankruptcy Code.

## MONTHLY FEE STATEMENTS COVERED

8.       Concurrently with this Fourth Interim Fee Application, Sitrick has prepared and served its monthly fee statement for the month of June 2011 pursuant to the Compensation Order. Sitrick did not incur any fees during the reporting months July 2011 and August 2011. Accordingly, Sitrick has not and will not file monthly fee statements for those respective months unless the Court directs otherwise. A summary of the monthly fee statements included in this Fourth Interim Fee Application is annexed hereto as **Exhibit A**. A breakdown of the amounts to

3

be paid to Sitrick pursuant to the Compensation Order is included in the notice of this Fourth

Interim Fee Application.

## TERMS AND CONDITIONS OF COMPENSATION

9.      Subject to Bankruptcy Court approval, Sitrick seeks payment on an hourly basis,

plus reimbursement of actual, necessary expenses incurred by Sitrick during the Fourth Interim

Fee Period.  The rates charged by Sitrick in these cases do not differ from the rates charged to the

Applicant's non-bankruptcy clients.

10.      A summary of the hours spent, the names of each professional rendering services

to the Debtors during the Fourth Interim Fee Period, the regular customary billing rates and the

total value of time incurred by each of the Sitrick professionals rendering services to the Debtors

is attached hereto.  A copy of the computer generated time entries reflecting the time recorded

for these services is attached hereto as **Exhibit B**.[2]  A statement of expenses incurred by Sitrick

during the Fourth Interim Fee Period is attached hereto as **Exhibit C**.  Sitrick will charge

copying at $0.10 per page.  All time entries and requested expenses are in compliance with the

applicable Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy

Court for the District of Delaware (the "**Local Rules**").

11.      All services for which compensation are requested and expenses for which

reimbursement are requested are reasonable and necessary and were performed for and on behalf

of the Debtors during the Fourth Interim Fee Period.

---

[2] Sitrick does not typically provide services to its clients in specific categories as other professionals do, such as
legal and financial advisors.  With the exception of the time that Sitrick has billed or will bill in connection with the
preparation of its applications for approval of fees and expenses, all of Sitrick's services fall within the general
category of "Corporate Communications Strategy" as more specifically set forth herein.

4

## SERVICES PERFORMED

12.     The work performed by Sitrick and the time spent between June 1, 2011 and

August 31, 2011 is summarized as follows:

> (a)     Sitrick monitored and analyzed news coverage concerning these Chapter
>         11 Cases and the Debtors.
>
> (b)     Sitrick also discussed with the Debtors the various news coverage
>         concerning these Chapter 11 Cases and the Debtors.
>
> (c)     Sitrick acted as a spokesperson for the Debtors in response to media
>         inquiries from numerous print and broadcast reporters.

## CALCULATION OF TIME AND FEES

13.     This is Sitrick's fourth interim fee application for compensation for services

rendered and reimbursement of expenses.  It covers the period from June 1, 2011 through August

31, 2011.  All professional services for which compensation is requested herein and all

reimbursement for expenses incurred, have been for services directly related to the Chapter 11

Cases and were rendered for the benefit of the Debtors.  No agreement or understanding exists

between Sitrick and any other person for the sharing of compensation received or to be received

in connection with these Chapter 11 Cases other than as disclosed or authorized pursuant to

sections 327, 328, 330 and 331 of the Bankruptcy Code.

14.     As set forth in the attached exhibits, Sitrick's professionals have spent a total of

0.8 hours providing necessary professional services to the Debtors.  As a result, Sitrick requests

compensation in the amount of $716.00 for actual, necessary professional services performed as

set forth in more detail in Exhibit B.  In addition, Sitrick has expended the sum of $786.07 for

actual, necessary expenses incurred while providing services to the Debtors as set forth in more

detail in Exhibit C.

LA/533392.1

15.    In preparing this Fourth Interim Fee Application, Applicant has calculated the amount of time spent by each professional in performing actual, necessary services for the Debtors. The data used came directly from computer printouts which are kept on each of Sitrick's clients. The hourly rates charged are the hourly rates charged by Sitrick to its non-bankruptcy and bankruptcy clients. Sitrick worked to avoid any duplication of efforts between parties, and in instances where more than one professional billed for a project, there was a need for multiple professional involvement. Multiple representation in analogous circumstances have been approved. *See Berberena v. Coler*, 753 F.2d 629 (7th Cir. 1985); *In re Washington Mfg. Co.*, 101 B.R. 944 (Bankr. M.D. Tenn. 1989); *In re N-Ren Corp.*, 71 B.R. 488 (Bank S.D. Ohio 1987).

16.    No compensation has been promised to Sitrick other than as disclosed or approved by this Court. Sitrick certifies that there is no agreement between it and any other party regarding the sharing of fees except with Sitrick's general partners, and Sitrick has not discussed or negotiated the amount of its fees with any party except its client. Following the entry of the Retention Order, the Debtors provided Sitrick with a non-refundable retainer of sixty thousand dollars ($60,000). Moreover, the Debtors provided Sitrick an expense advance of ten thousand dollars ($10,000). Sitrick will draw down on the foregoing moneys in accordance with the approved fees and expenses as requested in this Fourth Interim Fee Application.

17.    Finally, Sitrick represents that it is and remains a disinterested party and does not hold any adverse relationship with the Debtors' estates.

## NOTICE

18.    Sitrick has provided notice of this Fourth Interim Fee Application to: (a) the Debtors and their counsel; (b) counsel to the Barclays Bank PLC, in its capacity as Lender,

6

LA/533392.1

Funding Agent, and Administrative Agent; (c) counsel to the Administrative Agent for the

Prepetition Lenders; (d) counsel to the Committee; and (e) the Office of the United States

Trustee for the District of Delaware.

**NO PRIOR REQUEST**

1.     No prior request for the relief sought in this Fourth Interim Fee Application has

been made to this or any other court.

Dated: October 13, 2011          **SITRICK AND COMPANY/LA**
Los Angeles, California

*Brenda Adrian*

_____

Brenda Adrian
1840 Century Park East, Suite 800
Los Angeles, CA  90067
(310) 788-2850

7
