# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Related to Docket Nos. 3536, 4028, 4036, 4038, 4044, 4053, 4054, 4055, 4056, 4059, 4060, 4066, 4064, 4067, 4069, 4073, 4081, 4139, 4221, 4907 and 6047 and 9997<br>Hearing Date: October 19, 2011 at 2:00 p.m. |

## OMNIBUS ORDER APPROVING FEE APPLICATIONS FOR THE COMPENSATION PERIOD DECEMBER 1, 2009 THROUGH AND INCLUDING FEBRUARY 28, 2010

Upon consideration of the fifth quarterly fee requests (the "Applications") of various professionals retained in the above-referenced chapter 11 cases (collectively, the "Professionals") and members of the Official Committee of Unsecured Creditors (the "Committee Members"), a list of which is attached hereto as Exhibit A, for interim allowance of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-7865154v1

compensation, including all holdbacks, and reimbursement of expenses related to services performed for the period December 1, 2009 through and including February 28, 2010 (the "Compensation Period") filed pursuant to the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Official Committee Members, dated January 15, 2009 [Docket No. 225] (the "Compensation Order") and the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications, dated March 19, 2009 [Docket No. 546] (the "Fee Examiner Order"); and the Court having reviewed the Applications; and this Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) notice of the Applications and the hearing thereon was adequate under the circumstances; (c) all parties with notice of the Applications have been afforded the opportunity to be heard on the Applications; (d) all of the requirements of sections 327, 328, 330, 331 and 503(b) of title 11 of the United States Code (the "Bankruptcy Code"), as well as Rule 2016 of the Federal Rules of Bankruptcy Procedure, have been satisfied; and (e) the fees and expenses incurred were reasonable and necessary; and after due deliberation and sufficient and good cause appearing therefore, it is hereby

ORDERED that, the Applications are APPROVED in the amounts set forth in Exhibit A; and it is further

ORDERED that, the Professionals and Committee Members are granted interim allowance of (a) compensation for services rendered during the Compensation Period and (b) reimbursement of actual and necessary expenses incurred during the Compensation Period, in the respective amounts set forth as approved on the attached Exhibit A, including any and all holdbacks; and it is further

46429/0001-7865154v1

ORDERED that, to the extent not already paid pursuant to the Compensation Order and Fee Examiner Order, the Debtors are authorized and directed to remit payment to each Professional and Committee Member in the amount set forth on <u>Exhibit A</u>, less all amounts previously paid on account of such fees and expenses; and it is further

ORDERED that, this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
October 14, 2011

_____
The Honorable Kevin J. Carey
United States Bankruptcy Judge