# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Related to Docket No. 9922 |

## ORDER AUTHORIZING TRIBUNE COMPANY TO ENTER INTO IRS PENSION CLAIM SETTLEMENT AND TO PERFORM ALL OBLIGATIONS THEREUNDER

Upon consideration of the Debtors' motion (the "Motion")[2] for entry of an order authorizing Tribune Company ("Tribune") to enter into the IRS Pension Claim Settlement, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(a), and upon consideration of the Liebentritt Declaration and any pleadings, arguments, and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

representations of counsel related to the Motion; and the Court finding that (a) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding pursuant to 28 U.S.C. § 157(b) and venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, and (c) adequate notice of the Motion and opportunity for objection was due and proper under the circumstances, and no other or further notice being required; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, and their creditors; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby:

1. ORDERED, that the IRS Pension Claim Settlement is hereby approved; and it is further

2. ORDERED, that Tribune's entry into and performance of its obligations under the Closing Agreement, in the form attached hereto as <u>Exhibit A</u>, is hereby authorized and approved; and it is further

3. ORDERED, that Tribune is authorized to execute and deliver all documentation necessary to effectuate the terms of the IRS Pension Claim Settlement; and it is further

4. ORDERED, that Tribune is authorized to and shall pay $7,000,000 to the IRS in full satisfaction of the IRS's priority claim for excise taxes under I.R.C. § 4975 for the period ending December 31, 2007 in an amount totaling $37,500,000, together with interest accrued thereon, as set forth in Claim No. 6254 filed in these chapter 11 cases (such excise tax and accrued interest, collectively, the "<u>Pension Claim</u>"), no later than 30 days after entry of this Order, by certified or cashier's check to the United States Treasury, without further court order; and it is further

5. ORDERED, that no later than 30 days after the payment of $7,000,000 to the IRS by Tribune in full satisfaction of the Pension Claim, the IRS shall amend its Proof of Claim dated September 22, 2009 (Claim No. 6254) and release the Pension Claim asserted against Tribune; and it is further

6. ORDERED, that, as more particularly set forth in the Closing Agreement, all other claims of the IRS against Tribune that may be asserted under 26 U.S.C. § 4975 in connection with Tribune's sale of 8,928,571 shares to the ESOP on April 1, 2007 or Tribune's loan of $250,000,000 to the ESOP, as set forth in Claim No. 6254 filed in these chapter 11 cases or otherwise, are hereby disallowed with prejudice; and it is further

7. ORDERED, that the Debtors or the Court-appointed claims and noticing agent are authorized to modify the claims register maintained in these chapter 11 cases to reflect the allowance and treatment of the Pension Claim in accordance with the terms of the IRS Pension Claim Settlement; and it is further

8. ORDERED, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: Wilmington, Delaware
_____Oct 14___, 2011

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE