## EXHIBIT A

## IRS PENSION CLAIM SETTLEMENT

## CLOSING AGREEMENT

EXECUTION COPY

### Department of the Treasury – Internal Revenue Service
### CLOSING AGREEMENT ON FINAL DETERMINATION
### COVERING SPECIFIC MATTERS

Under § 7121 of the Internal Revenue Code (the "I.R.C."), Tribune Company, 435 North Michigan Avenue, Chicago, IL 60611, EIN 36-1880355, the Tribune Employee Stock Ownership Trust (the "Trust"), EIN 30-6137728, and the Commissioner of Internal Revenue (the "Commissioner") enter into the following closing agreement (the "Agreement"):

WHEREAS, Tribune Company sponsors the Tribune Employee Stock Ownership Plan (the "Plan"), a defined contribution plan intended to be a qualified plan under I.R.C. § 401(a);

WHEREAS, the Trust is part of the Plan and is intended to be a qualified trust under I.R.C. § 401(a) which is exempt from taxation under I.R.C. § 501(a).

WHEREAS, the Plan was effective as of January 1, 2007 and operates on a calendar year basis;

WHEREAS, pursuant to an examination of the Plan, the Commissioner has determined that Tribune Company participated in a prohibited transaction under I.R.C. § 4975(c)(1)(A) when on April 1, 2007, it sold 8,928,571 Tribune Company shares to the Trust;

WHEREAS, pursuant to an examination of the Plan, the Commissioner has determined that Tribune Company participated in one or more prohibited transactions under I.R.C. § 4975(c)(1)(B) when it loaned $250,000,000 to the Trust;

WHEREAS, the Commissioner has determined that Tribune Company is liable for excise taxes under I.R.C. § 4975 as a result of its participation in prohibited transactions under I.R.C. §§ 4975(c)(1)(A) and (B);

WHEREAS, on December 8, 2008, Tribune Company filed a petition with the United States Bankruptcy Court for the District of Delaware under 11 U.S.C. chapter 11 and was assigned case number 08-13141 (the "Chapter 11 Case");

WHEREAS, the Commissioner has filed a proof of claim on behalf of the United States of America in the Chapter 11 Case (Claim No. 6254) asserting, among other claims, a priority claim for excise taxes under I.R.C. § 4975 for the period ending December 31, 2007 in an amount totaling $37,500,000, together with interest accrued thereon (such excise tax and accrued interest, collectively, the "Pension Claim");

WHEREAS, Tribune Company disputes that it participated in prohibited transactions under I.R.C. §§ 4975(c)(1)(A) and (B) and that it is liable for excise taxes under I.R.C. § 4975;

WHEREAS, the Commissioner and Tribune Company wish to resolve disputes over Tribune Company's potential liability for excise taxes under I.R.C. § 4975 in connection with Tribune Company's sale of 8,928,571 Tribune Company shares to the Trust on April 1, 2007 and Tribune Company's loan of $250,000,000 to the Trust.

WHEREAS, the Commissioner and the Trust wish to resolve disputes over the Trust's potential liability for unrelated business income tax ("UBIT") under I.R.C. § 511 attributable to the Trust's ownership of shares in Tribune Company and attributable to the Trust's receipt of funds pursuant to the settlement of the litigation known as *Neil v. Zell, et al.*, No. 08-cv-06833, an action originally filed on September 16, 2008 in the United States District Court for the Central District of California and subsequently transferred on November 24, 2008 to the United States District Court for the Northern District of Illinois (the "*Neil* Settlement").

NOW IT IS HEREBY DETERMINED AND AGREED:

1. No later than 30 days after authorization and approval by the United States Bankruptcy Court for the District of Delaware pursuant to an Order attached hereto as Exhibit A, Tribune Company will make a payment of $7,000,000 by certified or cashier's check to the United States Treasury in full satisfaction of the Pension Claim.

2. No later than 30 days after the payment of $7,000,000 to the Commissioner by Tribune Company in full satisfaction of the Pension Claim, the Commissioner shall amend his Proof of Claim dated September 22, 2009 (Claim No. 6254) and release the Pension Claim asserted against Tribune Company.

3. The Commissioner will not assert, seek to assess or collect any claims for I.R.C. § 4975 excise tax or interest thereon (except as set forth in Paragraph 1 hereof) from or against Tribune Company in connection with Tribune Company's sale of 8,928,571 Tribune Company shares to the Trust on April 1, 2007 or Tribune Company's loan of $250,000,000 to the Trust.

4. For the taxable periods commencing January 1, 2007 and ending on December 31, 2012, the Commissioner will not assert, seek to assess or collect from or against the Trust any UBIT attributable to the Trust's ownership of shares in Tribune Company or attributable to the Trust's receipt of funds pursuant to the *Neil* Settlement.

5. For Federal tax purposes, Tribune Company will neither attempt to deduct nor otherwise amortize or recover any portion of the $7,000,000 amount paid pursuant to Paragraph 1 of this Agreement from the Commissioner or to receive any Federal tax benefit on account of such payment.

6. No portion of the $7,000,000 amount paid pursuant to Paragraph 1 shall be considered as: (a) compensation to, or the discharge of any obligation or liability of, any employee or former employee of Tribune Company, or (b) taxable income to any employee or former employee of Tribune Company.

7. This Agreement constitutes a resolution under the I.R.C. of specific matters discussed herein. No inference shall be made with respect to whether this resolution satisfies other Federal law including Title 1 of the Employee Retirement Income Security Act of 1974.

8. In the event that the United States Bankruptcy Court for the District of Delaware does not authorize and approve the Order attached hereto as Exhibit A, this Agreement shall immediately, and without further action, become null and void and of no further force or effect and the parties respective rights with respect to the allowance and treatment of the Pension Claim shall be preserved.

9. This Agreement is the result of a compromise, and shall never at any time for any purpose be considered as an admission or evidence of liability or responsibility on the part of Tribune Company. Neither the facts nor the terms of this Agreement (whether or not consummated) shall be offered or received in evidence in any action or proceeding for any purpose, except: (i) in an action or proceeding (including any review proceedings) arising under this Agreement or arising out of or relating to the Order attached hereto as Exhibit A.

10. This Agreement is final and conclusive except:

    (a) The matter it relates to may be reopened in the event of fraud, malfeasance, or misrepresentation of material fact;

    (b) It is subject to the I.R.C. sections that expressly provide that effect be given to their provisions (including any stated exception for I.R.C. § 7122) notwithstanding any other law or rule of law; and

    (c) If it relates to a tax period ending after the date of this Agreement, it is subject to any law, enacted after the date of this Agreement that applied to that tax period.

By signing, the Commissioner, Tribune Company, and the Trust certify that they have read and agreed to the terms of this document.

Tribune Company

By: _____

Printed Name and Title: _____ Date Signed: _____


Tribune Company Employee Stock Ownership Trust

By: _____

Printed Name and Title: _____ Date Signed: _____


Commissioner of Internal Revenue

By: _____
Monika Templeman

Title: Director, EP Examinations                          Date Signed: _____

DM_US 30243717-1.020336.0515
9/29/11 5:17 PM