# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re:

TRIBUNE COMPANY, et al.,[1]

Debtors.

Chapter 11

Case No. 08-13141 (KJC)

Jointly Administered

## FEE EXAMINER'S FINAL REPORT REGARDING THE
## SIXTH QUARTERLY APPLICATION OF JENNER & BLOCK LLP

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Sixth Quarterly Application of Jenner & Block LLP* [Docket No. 5036] (the "**Fee Application**"). The Fee Application seeks approval of fees that total $160,565.50 and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

reimbursement of expenses that total $2,659.64 for the period March 1, 2010 through May 31, 2010. Jenner & Block LLP ("**Jenner**") serves as special counsel to the Debtors for certain litigation matters.

<u>**Background**</u>

1.      On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  Under this Court's *Order Directing Joint Administration Chapter 11 Cases* dated December 10, 2009 [Docket No. 43], these cases are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.

2.      On December 26, 2008, the Debtors filed the *Application for an Order Authorizing Debtors and Debtors in Possession to Retain Jenner & Block LLP as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc Pro Tunc to the Petition Date* [Docket No. 142] (the "**Retention Application**").  By order dated February 20, 2009, this Court approved the Retention Application (the "**Initial Retention Order**").

3.      On April 28, 2009, the Court entered an Order (the "**Supplemental Retention Order**") [Docket No. 1097] approving the *Debtors' Supplemental Application for an Order Expanding the Scope of the Retention of Jenner & Block LLP as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc Pro Tunc to March 5, 2009* (the "**Supplemental Retention Application**").  The Supplemental Retention Application sought clarification of the scope of Jenner's representation to allow Jenner to assist the Debtors with responding to a subpoena issued by the Department of Labor on March 2, 2009.  Jenner continues to advise and assist the Debtors in connection with the DOL inquiry.

4.      Jenner submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, (January 15, 2009) [Docket No. 225] (the "**Interim Compensation Order**").

**Applicable Standards**

5.      In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

6.      The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**").  In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

7.      Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A).*  In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has

demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F).*

8.      A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred.  A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules.   Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application.   A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

9.      The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Supplemental Retention Application, the Supplemental Retention Order, the Interim Compensation Order, and all related filings, and provided a Preliminary Report to Jenner for review and comment.  Jenner provided a written response to the Fee Examiner. After evaluation of the additional information provided by Jenner, the Fee Examiner submits this Final Report for the Court's consideration.  This Final Report is in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of the applicant meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2, and will also inform the Court of all proposed consensual resolutions of the fee and/or expense reimbursement request for the professional and the basis for such proposed consensual resolution.

## DISCUSSION OF FINDINGS

### Technical Requirements

10.      **Reconciliation of Fees and Expenses.**   The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application (**"Fees Requested"** and **"Expenses Requested"**) to the fees and expenses actually documented in the electronic and/or hard copy data received from the

firm ("**Fees Computed**" and "**Expenses Computed**").  The Fee Examiner determined that the Fees Requested exceed the Fees Computed by $332.50, resulting in an apparent overcharge.  The discrepancy is the result of task hours within several entries that do not equal the time billed for the entries as a whole, as displayed in **Exhibit A**.[2]  Jenner's response to the preliminary report stated that a computational error had occurred, and Jenner withdrew its request for this $332.50.

The Fee Examiner determined that there is no discrepancy between the Expenses Requested and the Expenses Computed.  The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

11.    **Block Billing.**  The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*.  The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines ¶(b)(4)(v)*.[3]  With minimal exceptions, Jenner timekeepers did not block bill time entries.

12.    **Time Increments.**  The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*.  The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*.  Jenner complied with the applicable rules regarding time increments.

---

[2] This Final Report includes exhibits that detail and support the findings discussed herein.  Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit.  The tasks included in a specific category are underlined in the fee exhibits.  For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

[3] The judicial response to block billing varies.  Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007).  Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

### Review of Fees

13.    **Firm Staffing.**   The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*.  The Fee Application provided the names, positions, and hourly rates of the 28 Jenner professionals and paraprofessionals who billed to this matter, consisting of 6 partners, 9 associates, 1 staff attorney, 3 paralegals, and 9 litigation support and database technology personnel.   A summary of hours and fees billed by each timekeeper is displayed in **Exhibit B**.

The firm billed a total of 333.70 hours with associated fees of $160,233.00.[4]  The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 92.40 | 28% | $ 80,215.50 | 50% |
| Associate | 128.90 | 39% | 52,773.00 | 33% |
| Staff Attorney | 6.70 | 2% | 1,574.50 | 1% |
| Paralegal | 34.30 | 10% | 6,035.00 | 4% |
| Litigation Support/Database Technology | 71.40 | 21% | 19,635.00 | 12% |
| TOTAL | 333.70 | 100% | $160,233.00 | 100% |

The blended hourly rate for the Jenner professionals is $590.19 and the blended hourly rate for professionals and paraprofessionals is $480.17.

14.    **Hourly Rate Increases.**  Jenner did not increase the hourly rate of any firm timekeeper during the interim period.

15.    **Timekeepers' Roles.**  A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4)*.  With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including

---

[4] This amount reflects the Fees Computed.

a comparison to others' efforts. On the whole, each timekeeper appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals. The Fee Examiner requested that Jenner provide additional information regarding the necessity and scope of the roles performed by the timekeepers identified in **Exhibit C** in the Preliminary Report.

In response, Jenner provided additional detail regarding the experience, role, and necessity of one of the attorneys in question. The firm agreed to voluntarily waive the fees invoiced by the other two, a sum of $1,555.00, and the Fee Examiner makes no recommendation for an additional reduction. Exhibit C is omitted from this report.

16. **Meetings, Conferences, Hearings, and Other Events.** The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" (*Local Rule 2016-2(d)(ix)*), and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*. While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

As identified in **Exhibit D** to the Preliminary Report, the Fee Examiner identified six occasions where two or more (and, in one instance, three) Jenner timekeepers attended the same meeting, conference, hearing, or other event. Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees. However, given Jenner's response and the minimal time involved, the Fee Examiner makes no recommendation for a fee reduction, and requests that Jenner continue to limit staffing of events and conferences. Exhibit D is omitted from this report.

17.    **Intraoffice Conferences.**  Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel.  The Fee Examiner identified billing activities by Jenner timekeepers describing intraoffice conferences totaling 21.70 hours with $9,952.50 in associated fees, or approximately 6% of the Fees Computed, as displayed in **Exhibit E** to the Preliminary Report.  The Fee Examiner observed that in certain instances, two or more timekeepers invoiced fees associated with the same intraoffice conference.  The entries describing intraoffice conferences invoiced by two or more firm personnel total 4.30 hours with $3,084.00 in associated fees and are highlighted in bold and marked with an ampersand [&] in the exhibit.  The Fee Examiner requested that Jenner strive to eliminate unnecessary intraoffice conferencing, but makes no recommendation for a related fee reduction.  Exhibit E is omitted from this report.

18.    **Complete and Detailed Task Descriptions.**  Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary."  The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*.  The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication.  Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*.  With minimal exceptions, Jenner complied with the applicable rules regarding descriptive time entries.

19.    **Administrative Activities.**  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm.  The Fee Examiner did not identify any fee entries describing administrative activities.

20.    **Clerical Activities.**  Clerical activities are tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel[5] or otherwise have a market value less than the hourly rate charged by the firm.  The Fee Examiner reviewed each timekeeper's billing activities and identified numerous entries describing clerical activities, including but not limited to organizing and/or filing materials, converting document formats, and uploading documents.  The questioned entries were provided to Jenner in **Exhibit F** to the Preliminary Report and total 88.50 hours with $22,977.50 in associated fees.  The Fee Examiner informed the firm of the intent to recommend that clerical activities be paid at the rate of $80.00 per hour.

Rather than address the specific activities and/or individuals set forth in the exhibit, Jenner responded to the Preliminary Report by incorrectly asserting that the Fee Examiner applied a rule that all time billed by paralegals, no matter how technical, complex or unique, should be charged at $80.00 per hour.  Even a superficial review of the Fee Examiner's reports and exhibits (both for Jenner and other case professionals) proves the firm's assertion untrue.  The issue is based on the activities described in the fee entries; other factors including the timekeeper's position, role, and hourly rate are also analyzed to provide context to the task description.

The majority of the fee entries in question describe work related to a document database – not the substantive review of documents, but instead the loading and manipulation of documents and data.  Loading images and populating data fields is not legal work or traditional paralegal work[6] and

---

[5] "Duties appropriate for office staff are considered part of a professional's overhead expenses and may not be billed to the estate." *Fibermark*, 349 B.R. at 397; *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758 769 (Bankr. E.D.N.Y. 2005) (overhead not compensable); *but see Bennett Funding*, 213 B.R. at 247-48 (discussing differing approaches to clerical work at professional rates).  These overhead activities may include: mailing; photocopying, word processing (including the creation of templates), formatting, creating spreadsheets, printing, organizing files, checking for docket updates, creating binders, and secretarial overtime. *Fibermark*, 349 B.R. at 396-97.

[6] The American Bar Association Standing Committee on Legal Assistants defined a paralegal or legal assistant as follows:

[A] person, qualified through education, training, or work experience, who is employed or retained by a lawyer, law office, governmental agency, or other entity in a capacity or function which involves the

should not be compensated at Jenner's paralegal rates. Nor should activities such as "performed image quality checks" or "reviewed two new replacement discs...and attempted to copy same...to network" be charged at rates up to $275.00 per hour. Most of the tasks require no legal training or acumen, consist of firm overhead, and from the description provided should not have been billed. However, the Fee Examiner applies a rate of $80.00 per hour rather than recommending a reduction of the entire amount given that certain activities may require a level of training and knowledge of the case.

The burden of proof is always on the fee applicant to prove each component of the fee application, including reasonableness. *E.g., In re Northwest Airlines Corp.*, 382 B.R. 632, 645 (Bankr. S.D.N.Y. 2008) (citation omitted). Through the Fee Application and the firm's response to the Preliminary Report, Jenner did not meet its burden regarding the questioned activities. The Fee Examiner recommends a fee reduction in the amount of $15,897.50, an amount computed by reducing to $80.00 per hour the rate applied to the entries displayed in the attached **Exhibit F**.

21.     **Travel.**  The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*. The Fee Examiner identified one fee entry describing travel billed at the timekeeper's full rate. The questioned entry presented to Jenner in **Exhibit G** in the Preliminary Report and totaled 4.00 hours with $1,840.00 in associated fees. Jenner did not contend that the subject time was "working travel time" and, in fact, did not respond to this questioned entry. Therefore, the Fee Examiner recommends a fee reduction of $920.00, as set forth in **Exhibit G**.

22.     **Jenner Retention/Compensation.**  Jenner billed 33.20 hours with associated fees of $9,054.50 to prepare the firm's retention documents and applications for compensation, approximately

---

performance, under the ultimate direction and supervision of an attorney, of specifically-delegated substantive legal work, which work, for the most part, requires a sufficient knowledge of legal concepts that, absent such assistance, the attorney would perform the task. American Bar Association Standing Committee on Legal Assistants: Position paper on the Question of Legal Assistant Licensure or Certification, at 4. December 10, 1985.

6% of the Fees Computed.   The fee entries describing Jenner's retention/compensation activities are displayed in **Exhibit H**, which is attached hereto for the Court's reference.

**Review of Expenses**

23.    **Itemization of Expenses.**  The Local Rules provide t at fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*.  The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.  Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*.  Jenner provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

24.    **Photocopies.**  The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii)*.  Jenner stated in the Fee Application that the firm's standard rate for duplication is $0.09 per page.   However, of the 35 charges for photocopies 26 are not divisible by $0.09.   The Fee Examiner requested that Jenner provide the number of pages included in each copy charge and the method of calculation for the photocopy expenses.

In response, Jenner explained that the firm's standard rate for duplication is $.09 per page, and during the Fee Period Jenner's standard photocopy rate was $.06 per page for scanning, and $.10 per page for black and white reproductions.   In the future, the Fee Examiner requests that Jenner provide a detailed accounting of its copying charges broken down by type or amount charged (i.e. $.09 duplication, $.06 scanning, $.10 reproductions, and/or outside vendor).

-11-

25. **Computer Assisted Legal Research.** The Local Rules provide that computer assisted legal research charges "shall not be more than the actual cost." *Local Rule 2016-2 (e)(iii).* The Fee Application stated "[w]ith respect to legal research expenses, charges to Jenner by Lexis/Nexis and Westlaw are based on the actual number and scope of searches."

## CONCLUSION

The Fee Examiner submits this final report regarding the Application and the fees and expenses discussed above. The Fee Examiner recommends the approval of fees in the amount of $141,860.50 ($160,565.50 minus $18,705.00) and reimbursement of expenses in the amount of $2,659.64 for the period March 1, 2010 through May 31, 2010. The findings are summarized in the attached Appendix A.

Respectfully submitted,

**STUART MAUE**

By: _____

John F. Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri  63044
Telephone:  (314) 291-3030
Facsimile:  (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

**APPENDIX A**

**JENNER & BLOCK LLP**

### SUMMARY OF FINDINGS

#### Sixth Quarterly Application (March 1, 2010 through May 31, 2010)

##### A.      Amounts Requested and Computed

| | | |
|---|---|---|
| Fees Requested | $160,565.50 | |
| Expenses Requested | 2,659.64 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $163,225.14 |
| | | |
| Fees Computed | $160,233.00 | |
| Expenses Computed | 2,659.64 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $162,892.64 |
| | | |
| Discrepancy in Fees | $    332.50 | |
| | | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $    332.50 |

##### B.      Recommended Fee Allowance and Expense Reimbursement

| | | |
|---|---|---|
| Fees Requested | $160,565.50 | |
| *Agreed Reduction for Discrepancy in Fees* | *($    332.50)* | |
| *Agreed Reduction for Questioned Timekeepers* | *(1,555.00)* | |
| *Recommended Reduction for Clerical Activities* | *(15,897.50)* | |
| *Recommended Reduction for Travel* | *(920.00)* | |
| Subtotal | *($18,705.00)* | |
| | | |
| RECOMMENDED FEE ALLOWANCE | | $141,860.50 |
| | | |
| Expenses Requested | $2,659.64 | |
| | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 2,659.64 |
| | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $144,520.14 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 21st day of October, 2011.

Joseph J. McMahon, Jr., Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE  19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE  19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE  19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE  19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Mr. James F. Conlan
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY  10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY  10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE  19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY  10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

David J. Bradford, Esq.
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL  60611-7603

John E. Theil, Esq.

**EXHIBIT A**
**Discrepancy Schedule**
**Jenner & Block LLP**

| Invoice Number | Entry Number | Timekeeper Name | Entry Date | Rate | Hours Billed | Hours Computed | Fees Billed | Fees Computed | Hour Difference | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|---|
| **Overcharges** | | | | | | | | | | |
| 168369-MSS | 226 | Biller | 04/01/10 | $370.00 | 4.40 | 4.10 | $ 1,628.00 | $ 1,517.00 | 0.30 | $ 111.00 |
| 168369-MSS | 243 | Bradford | 04/21/10 | $925.00 | 2.80 | 2.30 | $ 2,590.00 | $ 2,127.50 | 0.50 | 462.50 |
| 170906-ESI | 35 | Raiford | 05/14/10 | $370.00 | 7.00 | 6.90 | $ 2,590.00 | $ 2,553.00 | 0.10 | 37.00 |
| | | | | | | | | **Total Overcharges** | **0.90** | **$ 610.50** |
| **Undercharges** | | | | | | | | | | |
| 168369-MSS | 228 | Biller | 04/08/10 | $370.00 | 0.30 | 0.50 | $ 111.00 | $ 185.00 | (0.20) | $ (74.00) |
| 168369-MSS | 242 | Biller | 04/20/10 | $370.00 | 2.50 | 2.60 | $ 925.00 | $ 962.00 | (0.10) | (37.00) |
| 168369-MSS | 257 | Hankin | 04/29/10 | $750.00 | 0.60 | 0.70 | $ 450.00 | $ 525.00 | (0.10) | (75.00) |
| 168369-MSS | 258 | Biller | 04/29/10 | $370.00 | 0.80 | 0.90 | $ 296.00 | $ 333.00 | (0.10) | (37.00) |
| 170910-MSS | 286 | Huerta | 05/19/10 | $275.00 | 1.10 | 1.30 | $ 302.50 | $ 357.50 | (0.20) | (55.00) |
| | | | | | | | | **Total Undercharges** | **(0.70)** | **$ (278.00)** |
| | | | | | | | | **Net Total Discrepancy** | **0.20** | **$ 332.50** |

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

## COMPUTED AT STANDARD RATES

### Jenner & Block LLP

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| DJB | Bradford, David J. | PARTNER | $925.00 | $925.00 | 64.50 | $59,662.50 |
| MZH | Hankin, Marc B. | PARTNER | $750.00 | $750.00 | 20.80 | $15,600.00 |
| WLS | Scogland, William L. | PARTNER | $850.00 | $850.00 | 2.30 | $1,955.00 |
| ASA | Amert, Amanda S. | PARTNER | $555.00 | $555.00 | 2.60 | $1,443.00 |
| JLT | Thompson, James L. | PARTNER | $675.00 | $675.00 | 1.50 | $1,012.50 |
| CS | Steege, Catherine L. | PARTNER | $775.00 | $775.00 | 0.70 | $542.50 |
| No. of Billers for Position: 6 | | Blended Rate for Position: | $868.13 | | 92.40 | $80,215.50 |
| | | | | % of Total: | 27.69% | % of Total: 50.06% |
| SEB | Biller, Sofia E. | ASSOCIATE | $370.00 | $370.00 | 57.50 | $21,275.00 |
| LSR | Raiford, Landon S. | ASSOCIATE | $370.00 | $370.00 | 19.80 | $7,326.00 |
| TAP | Phillibert, Tarsha A. | ASSOCIATE | $460.00 | $460.00 | 14.90 | $6,854.00 |
| DAS | Sondgeroth, Douglas A. | ASSOCIATE | $540.00 | $540.00 | 12.60 | $6,804.00 |
| RRB | Bajowala, Reena R. | ASSOCIATE | $490.00 | $490.00 | 8.70 | $4,263.00 |
| SRM | McNally, Sarah R. | ASSOCIATE | $370.00 | $370.00 | 7.90 | $2,923.00 |
| WAT | Thomson, Wade A. | ASSOCIATE | $510.00 | $510.00 | 3.80 | $1,938.00 |
| EPK | Kelly, Eamon P. | ASSOCIATE | $370.00 | $370.00 | 3.00 | $1,110.00 |
| NAK | Kurk, Nicholas A. | ASSOCIATE | $400.00 | $400.00 | 0.70 | $280.00 |
| No. of Billers for Position: 9 | | Blended Rate for Position: | $409.41 | | 128.90 | $52,773.00 |
| | | | | % of Total: | 38.63% | % of Total: 32.94% |
| AAM | Moeller, Anthony A. | STAFF ATTORNEY | $235.00 | $235.00 | 6.70 | $1,574.50 |
| No. of Billers for Position: 1 | | Blended Rate for Position: | $235.00 | | 6.70 | $1,574.50 |
| | | | | % of Total: | 2.01% | % of Total: 0.98% |
| MXP | Patterson, Marc A. | PARALEGAL | $170.00 | $170.00 | 19.20 | $3,264.00 |
| PXR | Ramos, Panagiota | PARALEGAL | $170.00 | $170.00 | 11.70 | $1,989.00 |
| EJR | Robertson, Eileen J. | PARALEGAL | $230.00 | $230.00 | 3.40 | $782.00 |

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Jenner & Block LLP**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|----------|------|----------|--------------|--------------|----------------|---------------|
| | No. of Billers for Position: 3 | Blended Rate for Position: | $175.95 | | 34.30 | $6,035.00 |
| | | | | % of Total: | 10.28% | % of Total: 3.77% |
| DQH | Huerta, Danny A. | LIT SUPP/DB TEC | $275.00 | $275.00 | 24.50 | $6,737.50 |
| ZM | Master, Zulaikha | LIT SUPP/DB TEC | $275.00 | $275.00 | 10.90 | $2,997.50 |
| RRO | Ohton Jr., Robert R. | LIT SUPP/DB TEC | $275.00 | $275.00 | 9.20 | $2,530.00 |
| MS | Small, Margaret | LIT SUPP/DB TEC | $275.00 | $275.00 | 8.70 | $2,392.50 |
| DBB | Biemer, Daniel | LIT SUPP/DB TEC | $275.00 | $275.00 | 6.00 | $1,650.00 |
| DG | Gardner, Daryl | LIT SUPP/DB TEC | $275.00 | $275.00 | 5.00 | $1,375.00 |
| LIM | Manheimer, Lory I. | LIT SUPP/DB TEC | $275.00 | $275.00 | 4.10 | $1,127.50 |
| MDC | Cichy, Michael D. | LIT SUPP/DB TEC | $275.00 | $275.00 | 1.50 | $412.50 |
| KZL | Laughran, Kelly A. | LIT SUPP/DB TEC | $275.00 | $275.00 | 1.50 | $412.50 |
| | No. of Billers for Position: 9 | Blended Rate for Position: | $275.00 | | 71.40 | $19,635.00 |
| | | | | % of Total: | 21.40% | % of Total: 12.25% |
| | Total No. of Billers: 28 | Blended Rate for Report: | $480.17 | | 333.70 | $160,233.00 |

EXHIBIT F

CLERICAL ACTIVITIES

Jenner & Block LLP

### SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE |
|---|---|---|---|---|
| Biemer, D | 6.00 | 1,650.00 | 480.00 | 1,170.00 |
| Cichy, M | 1.50 | 412.50 | 120.00 | 292.50 |
| Gardner, D | 5.00 | 1,375.00 | 400.00 | 975.00 |
| Huerta, D | 24.50 | 6,737.50 | 1,960.00 | 4,777.50 |
| Laughran, K | 1.50 | 412.50 | 120.00 | 292.50 |
| Manheimer, L | 4.10 | 1,127.50 | 328.00 | 799.50 |
| Master, Z | 10.90 | 2,997.50 | 872.00 | 2,125.50 |
| Moeller, A | 6.70 | 1,574.50 | 536.00 | 1,038.50 |
| Ohton Jr., R | 9.20 | 2,530.00 | 736.00 | 1,794.00 |
| Ramos, P | 10.40 | 1,768.00 | 832.00 | 936.00 |
| Small, M | 8.70 | 2,392.50 | 696.00 | 1,696.50 |
| | 88.50 | $22,977.50 | $7,080.00 | $15,897.50 |

### SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE |
|---|---|---|---|---|
| DOL Subpoena | 76.40 | 20,101.50 | 6,112.00 | 13,989.50 |
| ESOP/Stay Issues | 1.10 | 187.00 | 88.00 | 99.00 |
| Morgan Stanley Swap | 11.00 | 2,689.00 | 880.00 | 1,809.00 |
| | 88.50 | $22,977.50 | $7,080.00 | $15,897.50 |

* Amount billed adjusted to reflect percentage shown to be due on the invoice.

EXHIBIT F

CLERICAL ACTIVITIES

Jenner & Block LLP

| TIMEKEEPER NAME | DATE | ENTRY HOURS | TASK HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE | ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| Biemer, D | 04/23/10  Fri 168366-DOL/100 | 0.70 | 0.70 | 192.50 | 56.00 | 136.50 | | MATTER NAME: DOL Subpoena 1 (L190) (A110) BEGAN IMPORTING DATA PRODUCED BY [REDACTED] AND [REDACTED]. |
| | 04/26/10  Mon 168366-DOL/103 | 3.00 | 3.00 | 825.00 | 240.00 | 585.00 | | MATTER NAME: DOL Subpoena 1 (L190) (A110) CONTINUED IMPORTING DATA PRODUCED BY [REDACTED] AND [REDACTED] IN RELATED MATTER. |
| | 04/27/10  Tue 168366-DOL/110 | 2.30 | 2.30 | 632.50 | 184.00 | 448.50 | | MATTER NAME: DOL Subpoena 1 (L190) (A110) COMPLETED IMPORTING DATA PRODUCED BY [REDACTED] IN RELATED MATTER. |
| | TOTAL FOR TIMEKEEPER: | 6.00 | | $1,650.00 | $480.00 | $1,170.00 | | |
| | NUMBER OF ENTRIES: | 3 | | | | | | |
| Cichy, M | 05/25/10  Tue 170907-DOL/150 | 1.50 | 1.00 0.50 | 275.00 137.50 | 80.00 40.00 | 195.00 97.50 | F F | MATTER NAME: DOL Subpoena 1 (L140) (A110) CONVERTED ELECTRONIC DOCUMENTS TO TIFF FOR PRODUCTION (1.0); 2 RAN DOCUMENT PRODUCTION [REDACTED] (.5). |
| | TOTAL FOR TIMEKEEPER: | 1.50 | | $412.50 | $120.00 | $292.50 | | |
| | NUMBER OF ENTRIES: | 1 | | | | | | |
| Gardner, D | 03/31/10  Wed 165132-DOL/59 | 2.50 | 0.50 1.00 0.50 0.50 | 137.50 275.00 137.50 137.50 | 40.00 80.00 40.00 40.00 | 97.50 195.00 97.50 97.50 | F F F F | MATTER NAME: DOL Subpoena 1 (L140) (A110) CREATED [REDACTED] DATABASE (.5); 2 LOADED DATA INTO SAME (1.0); 3 UPDATED DATE FORMATS (.5); 4 PERFORMED QUALITY CHECKS AND RELEASED FOR SECOND LEVEL QUALITY CONTROL CHECK (.5). |
| | 04/01/10  Thu 168366-DOL/61 | 1.00 | 0.50 0.30 0.20 | 137.50 82.50 55.00 | 40.00 24.00 16.00 | 97.50 58.50 39.00 | F F F | MATTER NAME: DOL Subpoena 1 (L140) (A110) UPDATED DOCUMENTS IN THE [REDACTED] DATABASE WITH BATES INFORMATION (.5); 2 PERFORMED QUALITY CHECKS AND RELEASED FOR SECOND LEVEL QUALITY CONTROL CHECK (.3); 3 UPDATED FIELD INFORMATION (.2). |
| | 04/27/10  Tue 168366-DOL/109 | 1.50 | 1.00 0.30 0.20 | 275.00 82.50 55.00 | 80.00 24.00 16.00 | 195.00 58.50 39.00 | F F F | MATTER NAME: DOL Subpoena 1 (L140) (A110) INVESTIGATED IMAGES VISIBILITY ISSUE IN THE [REDACTED] DOCUMENTS DATABASE (1.0); 2 PERFORMED IMAGE QUALITY CHECKS (.3); 3 REPORTED FINDING TO SECOND LEVEL QUALITY CONTROL REVIEWER (.2). |
| | TOTAL FOR TIMEKEEPER: | 5.00 | | $1,375.00 | $400.00 | $975.00 | | |
| | NUMBER OF ENTRIES: | 3 | | | | | | |
| Huerta, D | | | | | | | | |

~  See the last page of exhibit for explanation

*  Amount billed adjusted to reflect percentage shown to be due on the invoice.

EXHIBIT F

CLERICAL ACTIVITIES

Jenner & Block LLP

| TIMEKEEPER NAME | DATE | ENTRY HOURS | TASK HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE | ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | *MATTER NAME: DOL Subpoena* |
| Huerta, D | 04/05/10   Mon | 2.20 | 0.20 | 55.00 | 16.00 | 39.00 | F | 1 [L190] [A110] COMMUNICATED WITH S. VARGHESE RE CONCORDANCE (.2); |
| | 168366-DOL/71 | | 0.20 | 55.00 | 16.00 | 39.00 | F | 2 COMMUNICATED WITH IRIS DATA SERVICES RE SAME (.2); |
| | | | 1.20 | 330.00 | 96.00 | 234.00 | F | 3 REVIEWED TWO NEW REPLACEMENT DISCS RECEIVED FROM [REDACTED] RE [REDACTED] PRODUCTION AND ATTEMPTED TO COPY SAME PRODUCTION DISCS TO NETWORK (1.2); |
| | | | 0.10 | 27.50 | 8.00 | 19.50 | F | 4 COMMUNICATIONS RE DISKS RECEIVED FROM VENDOR WERE CORRUPT AND REQUESTED REPLACEMENT DISKS (.1); |
| | | | 0.20 | 55.00 | 16.00 | 39.00 | F | 5 COMMUNICATED WITH N. KURK RE SAME (.2); |
| | | | 0.20 | 55.00 | 16.00 | 39.00 | F | 6 COMMUNICATED WITH [REDACTED] TO OBTAIN REPLACEMENT PRODUCTION FILES ON HARD DRIVE (.2); |
| | | | 0.10 | 27.50 | 8.00 | 19.50 | F | 7 COMMUNICATED WITH S. MCGEE RE CASE TEAM'S REQUEST TO PREPARE COPY OF [REDACTED] ELECTRONIC AND PAPER PRODUCTION DOCUMENTS FOR THE U.S. DEPARTMENT OF LABOR (.1). |
| | | | | | | | | *MATTER NAME: DOL Subpoena* |
| | 04/06/10   Tue | 2.50 | 0.20 | 55.00 | 16.00 | 39.00 | F | 1 [L190] [A110] COMMUNICATED WITH S. MCGEE RE U.S. DEPARTMENT OF LABOR'S REQUEST TO [REDACTED](.2); |
| | 168366-DOL/75 | | 2.00 | 550.00 | 160.00 | 390.00 | F | 2 REVIEWED SAME PRODUCTION SETS ON NETWORK AND PREPARED COPY OF EACH ELECTRONIC PRODUCTION SET ([REDACTED]) TO BE EXPORTED TO HARD DRIVE (2.0); |
| | | | 0.20 | 55.00 | 16.00 | 39.00 | F | 3 COMMUNICATED WITH S. MCGEE AND A. MOELLER RE NEED TO CONVERT [REDACTED] PRODUCTION SET FROM MULTI-PAGE TIFF TO SINGLE-PAGE TIFF FORMAT IN PREPARATION FOR COPYING SAME TO HARD DRIVE (.2); |
| | | | 0.10 | 27.50 | 8.00 | 19.50 | F | 4 COMMUNICATED WITH DATA MANAGEMENT TEAM RE SAME (.1). |
| | | | | | | | | *MATTER NAME: DOL Subpoena* |
| | 04/22/10   Thu | 1.50 | 0.20 | 55.00 | 16.00 | 39.00 | F | 1 [L190] [A110] COMMUNICATED WITH S. MCGEE RE U.S. DEPARTMENT OF LABOR'S INQUIRIES RE HARD DRIVE RECEIVED, CONTAINING [REDACTED] DOCUMENTS (.2); |
| | 168366-DOL/95 | | 0.80 | 220.00 | 64.00 | 156.00 | F | 2 INVESTIGATED SAME INQUIRIES AND PROVIDED S. MCGEE WITH REQUESTED INFORMATION (.8); |
| | | | 0.50 | 137.50 | 40.00 | 97.50 | F | 3 INVESTIGATED ADDITIONAL INQUIRIES AND PROVIDED S. MCGEE WITH ADDITIONAL INFORMATION (.5). |
| | | | | | | | | *MATTER NAME: DOL Subpoena* |
| | 04/23/10   Fri | 3.00 | 2.00 | 550.00 | 160.00 | 390.00 | F | 1 [A110] PREPARED [REDACTED] AND [REDACTED] PRODUCTION DOCUMENTS, AS WELL AS [REDACTED], FOR MIGRATION INTO CASELOGISTIX (2.0); |
| | 168366-DOL/99 | | 0.50 | 137.50 | 40.00 | 97.50 | F | 2 VARIOUS COMMUNICATIONS WITH DATA MANAGEMENT TEAM RE SAME (.5); |
| | | | 0.50 | 137.50 | 40.00 | 97.50 | F | 3 VARIOUS COMMUNICATIONS WITH S. MCGEE AND N. KURK RE SAME (.5). |
| | | | | | | | | *MATTER NAME: DOL Subpoena* |
| | 05/04/10   Tue | 2.20 | 0.40 | 110.00 | 32.00 | 78.00 | F | 1 [L190] [A110] COMMUNICATED WITH CASE TEAM RE STATUS OF LOADING NEW PRODUCTION DOCUMENTS INTO DATABASE AND DISCUSSED ISSUES WITH PRODUCTION VOLUMES RECEIVED FROM [REDACTED] (.4); |
| | 170907-DOL/124 | | 0.10 | 27.50 | 8.00 | 19.50 | F | 2 COMMUNICATED WITH DATA MANAGEMENT TEAM RE SAME (.1); |
| | | | 1.50 | 412.50 | 120.00 | 292.50 | F | 3 PROVIDED CASE TEAM WITH REQUESTED INFORMATION RE SAME (1.5); |
| | | | 0.10 | 27.50 | 8.00 | 19.50 | A | 4 CONTACTED [REDACTED] RE INQUIRY ABOUT NATIVE DOCUMENTS PRODUCED BY [REDACTED] AND |
| | | | 0.10 | 27.50 | 8.00 | 19.50 | A | 5 COMMUNICATED WITH CASE TEAM RE SAME (.2). |
| | | | | | | | | *MATTER NAME: DOL Subpoena* |
| | 05/05/10   Wed | 2.70 | 0.30 | 82.50 | 24.00 | 58.50 | F | 1 [L190] [A110] COMMUNICATED WITH S. MCGEE RE [REDACTED] INQUIRIES ON [REDACTED] PRODUCTION SETS RECEIVED VIA HARD DRIVE (.3); |
| | 170907-DOL/127 | | 2.00 | 550.00 | 160.00 | 390.00 | F | 2 REVIEWED INQUIRIES AND PREPARED AND PROVIDED RESPONSES TO S. MCGEE (2.0); |
| | | | 0.20 | 55.00 | 16.00 | 39.00 | F | 3 COMMUNICATED WITH DATA MANAGEMENT TEAM RE LOADING OF NEW [REDACTED] PRODUCTION DOCUMENTS AND CORRUPT PRODUCTION DISCS (.2); |
| | | | 0.20 | 55.00 | 16.00 | 39.00 | F | 4 CONTACTED [REDACTED] RE SAME (.2). |
| | | | | | | | | *MATTER NAME: DOL Subpoena* |
| | 05/11/10   Tue | 1.30 | 0.30 | 82.50 | 24.00 | 58.50 | F | 1 [L140] [A110] COMMUNICATED WITH CASE TEAM RE NEW [REDACTED] PRODUCTION DOCUMENTS (.30); |
| | 170907-DOL/138 | | 0.50 | 137.50 | 40.00 | 97.50 | F | 2 REVIEWED DISCS AND PREPARED SAME DOCUMENTS TO BE LOADED INTO DATABASE (.50); |
| | | | 0.50 | 137.50 | 40.00 | 97.50 | F | 3 COMMUNICATED WITH DATA MANAGEMENT TEAM RE SAME (.50). |

~  See the last page of exhibit for explanation

\* Amount billed adjusted to reflect percentage shown to be due on the invoice.

CLERICAL ACTIVITIES

Jenner & Block LLP

| TIMEKEEPER NAME | DATE | ENTRY HOURS | TASK HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE | ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | *MATTER NAME: DOL Subpoena* |
| Huerta, D | 05/12/10  Wed | 0.80 | 0.60 | 165.00 | 48.00 | 117.00 | F | 1 [L140] {A110] PERFORMED QUALITY CHECKS ON [REDACTED] PRODUCTION DOCUMENTS LOADED TO DATABASE (.6); |
| | 170907-DOL/141 | | 0.20 | 55.00 | 16.00 | 39.00 | F | 2 COMMUNICATED WITH CASE TEAM REGARDING SAME (.2). |
| | | | | | | | | *MATTER NAME: DOL Subpoena* |
| | 05/13/10  Thu | 3.20 | 0.50 | 137.50 | 40.00 | 97.50 | F | 1 [L190] {A110] COMMUNICATED WITH DATA MANAGEMENT TEAM RE LOADING OF ADDITIONAL [REDACTED] VOLUMES AND ISSUES WITH FINAL TWO VOLUMES OF [REDACTED] PRODUCTION DOCUMENTS RECEIVED FROM [REDACTED] (.5); |
| | 170907-DOL/143 | | 0.20 | 55.00 | 16.00 | 39.00 | F | 2 COMMUNICATED WITH CASE TEAM RE SAME (.2); |
| | | | 2.00 | 550.00 | 160.00 | 390.00 | F | 3 REVIEWED DATABASE AND PERFORMED QUALITY CONTROL CHECKS TO CONFIRM ADDITIONAL [REDACTED] DOCUMENTS WERE LOADED (2.0); |
| | | | 0.20 | 55.00 | 16.00 | 39.00 | F | 4 COMMUNICATED WITH N. KURK AND P. RAMOS RE [REDACTED] DOCUMENTS (.2); |
| | | | 0.30 | 82.50 | 24.00 | 58.50 | F | 5 MET WITH P. RAMOS AND [REDACTED] (.3). |
| | | | | | | | | *MATTER NAME: Morgan Stanley Swap* |
| | 05/17/10  Mon | 1.00 | 0.50 | 137.50 | 40.00 | 97.50 | F | 1 [L140] {A110] COMMUNICATED WITH P. RAMOS AND S. MCGEE RE [REDACTED] DOCUMENTS RECEIVED ON DISCS (.50); |
| | 170910-MSS/282 | | 0.50 | 137.50 | 40.00 | 97.50 | F | 2 REVIEWED NEW DOCUMENTS ON SAME DISCS AND [REDACTED] (.50). |
| | | | | | | | | *MATTER NAME: Morgan Stanley Swap* |
| | 05/18/10  Tue | 1.80 | 0.50 | 137.50 | 40.00 | 97.50 | F | 1 [L140] {A110] COMMUNICATED WITH S. MCGEE RE [REDACTED], AS WELL AS LOADING DOCUMENTS IN NATIVE FILE FORMAT (.50); |
| | 170910-MSS/285 | | 1.00 | 275.00 | 80.00 | 195.00 | F | 2 PREPARED [REDACTED] DOCUMENTS TO BE LOADED INTO NEW CASELOGISTIX DATABASE (1.00); |
| | | | 0.30 | 82.50 | 24.00 | 58.50 | F | 3 COMMUNICATED WITH DATA MANAGEMENT TEAM RE SAME (.30). |
| | | | | | | | | *MATTER NAME: Morgan Stanley Swap* |
| | 05/19/10  Wed | 1.10 | 0.20 | 55.00 | 16.00 | 39.00 | F | 1 [L140] {A110] COMMUNICATED WITH DATA MANAGEMENT TEAM RE STATUS OF LOADING DOCUMENTS INTO DATABASE (.20); |
| | 170910-MSS/286 | | 0.50 | 137.50 | 40.00 | 97.50 | F | 2 CONDUCTED QUALITY CONTROL CHECKS ON [REDACTED] DOCUMENTS LOADED INTO NEW DATABASE (.50); |
| | | | 0.40 | 110.00 | 32.00 | 78.00 | F | 3 COMMUNICATED WITH DATA MANAGEMENT TEAM RE CREATING REVIEW FOLDER (.40); |
| | | | 0.20 | 55.00 | 16.00 | 39.00 | F | 4 COMMUNICATED WITH S. BILLER RE ACCESSIBILITY TO [REDACTED] DOCUMENTS IN CASELOGISTIX (.20). |
| | | | | | | | | *MATTER NAME: Morgan Stanley Swap* |
| | 05/20/10  Thu | 1.00 | 0.20 | 55.00 | 16.00 | 39.00 | F | 1 [L140] {A110] COMMUNICATED WITH DATA MANAGEMENT TEAM RE STATUS OF LOADING [REDACTED] DOCUMENTS INTO DATABASE (.20); |
| | 170910-MSS/288 | | 0.60 | 165.00 | 48.00 | 117.00 | F | 2 CONDUCTED QUALITY CONTROL CHECKS TO CONFIRM [REDACTED] DOCUMENTS WERE LOADED WITHOUT ISSUES AND ADDED SAME TO S. BILLER'S REVIEW FOLDER (.60); |
| | | | 0.20 | 55.00 | 16.00 | 39.00 | F | 3 COMMUNICATED WITH S. BILLER RE SAME (.20). |
| | TOTAL FOR TIMEKEEPER: | 24.50 | | $6,737.50 | $1,960.00 | $4,777.50 | | |
| | NUMBER OF ENTRIES:    13 | | | | | | | |
| | | | | | | | | *MATTER NAME: DOL Subpoena* |
| Laughran, K | 04/05/10  Mon | 0.30 | 0.20 | 55.00 | 16.00 | 39.00 | F | 1 [L190] {A110] COPIED MULTIPLE VOLUMES FROM THE NETWORK TO HARD DRIVE (.2); |
| | 168366-DOL/70 | | 0.10 | 27.50 | 8.00 | 19.50 | F | 2 QUALITY CHECKED ALL FILES AND FOLDERS COPIED (.1). |
| | | | | | | | | *MATTER NAME: DOL Subpoena* |
| | 04/06/10  Tue | 1.20 | 0.60 | 165.00 | 48.00 | 117.00 | F | 1 [L190] {A110] CREATED SINGLE PAGE TIFFS FROM MULTIPAGE TIFFS AND EXPORTED TO NEW FOLDERS (.6); |
| | 168366-DOL/73 | | 0.50 | 137.50 | 40.00 | 97.50 | F | 2 CREATED LOAD FILES FOR ALL VOLUMES (.5); |
| | | | 0.10 | 27.50 | 8.00 | 19.50 | F | 3 QUALITY CHECKED ALL DATA AND IMAGES (.1). |

~ See the last page of exhibit for explanation

\* Amount billed adjusted to reflect percentage shown to be due on the invoice.

EXHIBIT F

CLERICAL ACTIVITIES

Jenner & Block LLP

| TIMEKEEPER NAME | DATE | ENTRY HOURS | TASK HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE | ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| Laughran, K | TOTAL FOR TIMEKEEPER: | | 1.50 | $412.50 | $120.00 | $292.50 | | |
| | NUMBER OF ENTRIES: | 2 | | | | | | |
| Manheimer, L | 03/31/10   Wed 165132-DOL/58 | 2.70 | 2.70 | 742.50 | 216.00 | 526.50 | | 1 [L140] {A110} REVIEWED DVDS [REDACTED] AND [REDACTED] AND COORDINATED WITH DATA TEAM RE LOADING OF SAME TO PRODUCTION DATABASES. |
| | 04/01/10   Thu 168366-DOL/60 | 0.20 | 0.20 | 55.00 | 16.00 | 39.00 | | 1 [L140] {A110} PERFORMED QUALITY CONTROL FOR RECENT [REDACTED] DATABASE LOAD. |
| | 04/19/10   Mon 168366-DOL/91 | 1.20 | 1.00 0.20 | 275.00 55.00 | 80.00 16.00 | 195.00 39.00 | F F | 1 [L140] {A110} COORDINATED LOADING OF DOCUMENTS IN PRODUCTION DATABASES OR ATTORNEY REVIEW (1.0); 2 PERFORMED QUALITY CONTROL FOR SAME (.2). |
| | TOTAL FOR TIMEKEEPER: | | 4.10 | $1,127.50 | $328.00 | $799.50 | | |
| | NUMBER OF ENTRIES: | 3 | | | | | | |
| Master, Z | 05/03/10   Mon 170907-DOL/121 | 1.00 | 1.00 | 275.00 | 80.00 | 195.00 | | 1 [L190] {A110} PERFORMED LEVEL TWO QUALITY CHECK ON MULTIPLE DATA LOADS. |
| | 05/05/10   Wed 170907-DOL/128 | 2.00 | 2.00 | 550.00 | 160.00 | 390.00 | | 1 [L190] {A110} PERFORMED LEVEL TWO QUALITY CHECK ON MULTIPLE DATA LOADS. |
| | 05/06/10   Thu 170907-DOL/131 | 1.50 | 1.50 | 412.50 | 120.00 | 292.50 | | 1 [L190] {A110} PERFORMED LEVEL TWO QUALITY CHECK ON MULTIPLE DATA LOADS. |
| | 05/07/10   Fri 170907-DOL/132 | 1.00 | 1.00 | 275.00 | 80.00 | 195.00 | | 1 [L190] {A110} PERFORMED LEVEL TWO QUALITY CHECK ON MULTIPLE DATA LOADS. |
| | 05/08/10   Sat 170907-DOL/133 | 1.20 | 1.20 | 330.00 | 96.00 | 234.00 | | 1 [L190] {A110} PERFORMED LEVEL TWO QUALITY CHECK ON MULTIPLE DATA LOADS. |
| | 05/09/10   Sun 170907-DOL/134 | 1.20 | 1.20 | 330.00 | 96.00 | 234.00 | | 1 [L190] {A110} PERFORMED LEVEL TWO QUALITY CHECK ON MULTIPLE DATA LOADS. |

~  See the last page of exhibit for explanation

*  Amount billed adjusted to reflect percentage shown to be due on the invoice.

EXHIBIT F

CLERICAL ACTIVITIES

Jenner & Block LLP

| TIMEKEEPER NAME | DATE | ENTRY HOURS | TASK HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE | ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| Master, Z | 05/11/10  Tue 170907-DOL/139 | 1.50 | 1.50 | 412.50 | 120.00 | 292.50 | | *MATTER NAME: DOL Subpoena* 1 (L190) (A110) PERFORMED LEVEL TWO QUALITY CHECK ON MULTIPLE DATA LOADS. |
| | 05/15/10  Sat 170907-DOL/144 | 0.50 | 0.40 0.10 | 110.00 27.50 | 32.00 8.00 | 78.00 19.50 | F F | *MATTER NAME: DOL Subpoena* 1 (L140) (A110) PERFORMED LEVEL TWO QUALITY CHECK ON DATA LOAD VOLUME [REDACTED] (.4); 2 COORDINATED WITH R. OHTON (.1). |
| | 05/25/10  Tue 170907-DOL/149 | 0.50 | 0.40 0.10 | 110.00 27.50 | 32.00 8.00 | 78.00 19.50 | F F | *MATTER NAME: DOL Subpoena* 1 (L140) (A110) PERFORMED LEVEL TWO QUALITY CHECK ON CONVERSION LOAD (.4); 2 COORDINATED WITH M. CICHY (.1). |
| | 05/26/10  Wed 170907-DOL/152 | 0.50 | 0.40 0.10 | 110.00 27.50 | 32.00 8.00 | 78.00 19.50 | F F | *MATTER NAME: DOL Subpoena* 1 (L140) (A110) PERFORMED LEVEL TWO QUALITY CHECK ON DATA PRODUCTION VOLUME [REDACTED] (.4); 2 COORDINATED WITH M. CICHY (.1). |
| | TOTAL FOR TIMEKEEPER: | 10.90 | | $2,997.50 | $872.00 | $2,125.50 | | |
| | NUMBER OF ENTRIES:  10 | | | | | | | |
| Moeller, A | 04/07/10  Wed 168366-DOL/76 | 3.00 | 2.00 1.00 | 470.00 235.00 | 160.00 80.00 | 310.00 155.00 | F F | *MATTER NAME: DOL Subpoena* 1 (L190) (A110) CONDUCTED QUALITY CONTROL REVIEW OF DOCUMENT PRODUCTION, AND CORRESPONDED WITH D. HUERTA AND Z. MASTER RE SAME (2.0); 2 PREPARED UPDATES TO THE DOCUMENT PRODUCTION (1.0). |
| | 04/08/10  Thu 168366-DOL/80 | 2.50 | 2.00 0.20 0.30 | 470.00 47.00 70.50 | 160.00 16.00 24.00 | 310.00 31.00 46.50 | F F F | *MATTER NAME: DOL Subpoena* 1 (L190) (A110) CONDUCTED QUALITY CONTROL REVIEW OF UPDATES TO DOCUMENT PRODUCTION (2.0); 2 CORRESPONDED WITH S. MCGEE RE UPDATING A DOCUMENT FROM THE PRODUCTION (.2); 3 MODIFIED THE PRODUCTION TO INCLUDE THE UPDATED VERSION OF THE DOCUMENT (.3). |
| | 04/09/10  Fri 168366-DOL/85 | 1.00 | 0.80 0.10 0.10 | 188.00 23.50 23.50 | 64.00 8.00 8.00 | 124.00 15.50 15.50 | F F F | *MATTER NAME: DOL Subpoena* 1 (L190) (A110) CONDUCTED QUALITY CONTROL REVIEW OF PRODUCTION MODIFIED TO CONTAIN THE UPDATED DOCUMENT (.8); 2 CONFERRED WITH S. MCGEE RE SAME (.1); 3 CORRESPONDED WITH J. ANDERSON AND S. MCGEE RE STRUCTURE OF THE DOCUMENT PRODUCTION (.1). |
| | 04/12/10  Mon 168366-DOL/89 | 0.20 | 0.20 | 47.00 | 16.00 | 31.00 | | *MATTER NAME: DOL Subpoena* 1 (L190) (A110) ADVISED D. HUERTA RE MODIFICATIONS TO BE MADE TO THE DATABASE TO REFLECT CHANGES TO THE PREVIOUS PRODUCTION. |
| | TOTAL FOR TIMEKEEPER: | 6.70 | | $1,574.50 | $536.00 | $1,038.50 | | |
| | NUMBER OF ENTRIES:  4 | | | | | | | |
| Ohton Jr., R | 03/31/10  Wed 168366-DOL/57 | 3.50 | 3.50 | 962.50 | 280.00 | 682.50 | | *MATTER NAME: DOL Subpoena* 1 (L140) (A110) WORKED ON ISSUES IN DATA VOLUMES, ""PRODUCTION DVD 1"" AND ""PRODUCTION DVD 2"". |

~  See the last page of exhibit for explanation

*  Amount billed adjusted to reflect percentage shown to be due on the invoice.

EXHIBIT F

CLERICAL ACTIVITIES

Jenner & Block LLP

| TIMEKEEPER NAME | DATE | ENTRY HOURS | TASK HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE | ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| Ohton Jr., R | 04/01/10  Thu 168366-DOL/62 | 2.00 | 0.50 | 137.50 | 40.00 | 97.50 | F | MATTER NAME: DOL Subpoena 1 (L140) (A110) LOADED DATA VOLUMES, "PRODUCTION DVD 1" AND "PRODUCTION DVD 2" INTO THE CONCORDANCE DATABASE, "[REDACTED]" (.5): |
| | | | 0.50 | 137.50 | 40.00 | 97.50 | F | 2 WORKED ON ISSUES IN DATA VOLUMES, "PRODUCTION DVD 1" AND "PRODUCTION DVD 2" (.5): |
| | | | 0.50 | 137.50 | 40.00 | 97.50 | F | 3 CONFERRED WITH Z. MASTER AND L. MANHEIMER RE SAME (.5): |
| | | | 0.50 | 137.50 | 40.00 | 97.50 | F | 4 FINALIZED PARTIAL DATA LOAD (.5). |
| | 04/06/10  Tue 168366-DOL/74 | 0.50 | 0.50 | 137.50 | 40.00 | 97.50 | | MATTER NAME: DOL Subpoena 1 (L140) (A110) WORKED ON DATA VOLUME LOADS, "PRODUCTION DVD 1" AND "PRODUCTION DVD 2". |
| | 04/08/10  Thu 168366-DOL/82 | 1.20 | 1.20 | 330.00 | 96.00 | 234.00 | | MATTER NAME: DOL Subpoena 1 (L190) (A110) PERFORMED REPLACEMENT OF 13 IMAGES IN DATA VOLUME [REDACTED]. |
| | 05/11/10  Tue 170907-DOL/137 | 1.00 | 1.00 | 275.00 | 80.00 | 195.00 | | MATTER NAME: DOL Subpoena 1 (L140) (A110) LOADED DATA VOLUMES, "[REDACTED]" AND "[REDACTED]" INTO CONCORDANCE DATABASE, "[REDACTED]." |
| | 05/18/10  Tue 170910-MSS/284 | 1.00 | 0.50 | 137.50 | 40.00 | 97.50 | F | MATTER NAME: Morgan Stanley Swap 1 (L140) (A110) CREATED NEW CASELOGISTIX LIBRARY, [REDACTED] (.5): |
| | | | 0.50 | 137.50 | 40.00 | 97.50 | F | 2 PERFORMED DATA EXTRACTION OF MULTIPLE VOLUMES (.5). |
| | TOTAL FOR TIMEKEEPER: | 9.20 | | $2,530.00 | $736.00 | $1,794.00 | | |
| | NUMBER OF ENTRIES: | 6 | | | | | | |
| Ramos, P | 03/01/10  Mon 165132-DOL/46 | 0.50 | 0.50 | 85.00 | 40.00 | 45.00 | | MATTER NAME: DOL Subpoena 1 (L140) (A110) SEARCHED AND RETRIEVED PRODUCTION DOCUMENTS IN [REDACTED] DATABASE AND TAGGED SAME FOR APPLIED TECHNOLOGY GROUP REVIEW. |
| | 03/29/10  Mon 165132-DOL/55 | 1.60 | 0.50 | 85.00 | 40.00 | 45.00 | F | MATTER NAME: DOL Subpoena 1 (L140) (A110) REVIEWED RECENTLY RECEIVED CORRESPONDENCE AND CDS WITH MOST RECENT PRODUCTION DOCUMENTS RECEIVED FOR [REDACTED] AND [REDACTED](.5): |
| | | | 0.60 | 102.00 | 48.00 | 54.00 | F | 2 REVIEWED PAST CORRESPONDENCE AND ALL PRODUCTION DOCUMENTS RECEIVED IN PREPARATION FOR COMPILING A LOG OF ALL PRODUCTION DOCUMENTS FOR D. SONDGEROTH REVIEW (.6); |
| | | | 0.50 | 85.00 | 40.00 | 45.00 | F | 3 ORGANIZED AND ASSEMBLED DEPOSITION TRANSCRIPT AND EXHIBITS FOR D. SONDGEROTH REVIEW (.5). |
| | 03/30/10  Tue 165132-DOL/56 | 3.00 | 2.00 | 340.00 | 160.00 | 180.00 | F | MATTER NAME: DOL Subpoena 1 (L140) (A110) REVIEWED ALL DATABASES, PRODUCTION DOCUMENTS CDS AND CORRESPONDENCE RECEIVED AND COMPILED LOG OF ALL PRODUCTION DOCUMENTS FOR D. SONDGEROTH REVIEW (2.0); |
| | | | 0.50 | 85.00 | 40.00 | 45.00 | F | 2 ORGANIZED AND UPDATED CORRESPONDENCE FILE WITH ALL RECENTLY RECEIVED CORRESPONDENCE (.5); |
| | | | 0.50 | 85.00 | 40.00 | 45.00 | F | 3 ORGANIZED AND ASSEMBLED RECENT DOCUMENTS RECEIVED TO UPDATE CASE FILES (.5). |
| | 04/08/10  Thu 168366-DOL/81 | 0.50 | 0.50 | 85.00 | 40.00 | 45.00 | | MATTER NAME: DOL Subpoena 1 (L140) (A110) REVIEWED RECENTLY RECEIVED PRODUCTION CDS AND WORKED WITH ATG TO HAVE SAME UPLOADED TO DATABASE PER ATTORNEY REQUEST. |

~  See the last page of exhibit for explanation

*  Amount billed adjusted to reflect percentage shown to be due on the invoice.

EXHIBIT F

CLERICAL ACTIVITIES

Jenner & Block LLP

| TIMEKEEPER NAME | DATE | ENTRY HOURS | TASK HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE | ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | *MATTER NAME: ESOP/Stay Issues* |
| Ramos, P | 04/09/10   Fri | 1.10 | 0.30 | 51.00 | 24.00 | 27.00 | F | 1 {L140} {A110} UPDATED COURT FILE AND SHAREPOINT SITE (0.3); |
| | 168365-ESI/21 | | 0.60 | 102.00 | 48.00 | 54.00 | F | 2 UPDATED VARIOUS SUBJECT FILES WITH DOCUMENTS PREVIOUSLY GATHERED FOR ATTORNEY REVIEW (0.6); |
| | | | 0.20 | 34.00 | 16.00 | 18.00 | F | 3 UPDATED CASE FILE INDEX RE SAME (0.2). |
| | | | | | | | | *MATTER NAME: DOL Subpoena* |
| | 04/09/10   Fri | 0.50 | 0.50 | 85.00 | 40.00 | 45.00 | | 1 {L140} {A110} RETRIEVED HARD DRIVE OF PRODUCTION DOCUMENTS FOR DELIVERY TO DOL PER S. MCGEE REQUEST. |
| | 168366-DOL/86 | | | | | | | |
| | | | | | | | | *MATTER NAME: Morgan Stanley Swap* |
| | 04/28/10   Wed | 1.00 | 1.00 | 170.00 | 80.00 | 90.00 | | 1 {L140} {A110} RECEIVED ELECTRONIC COPIES OF [REDACTED] DOCUMENTS AND CONSULTED WITH APPLIED TECHNOLOGY GROUP FOR DUPLICATION OF SAME FOR ATTORNEY REVIEW. |
| | 168369-MSS/255 | | | | | | | |
| | | | | | | | | *MATTER NAME: Morgan Stanley Swap* |
| | 05/17/10   Mon | 1.50 | 0.50 | 85.00 | 40.00 | 45.00 | F | 1 {L140} {A110} REVIEWED [REDACTED] EMAILS USB PER S. BILLER REQUEST (0.5); |
| | 170910-MSS/281 | | 1.00 | 170.00 | 80.00 | 90.00 | F | 2 CONSULTED WITH ATG RE UPLOADING SAME TO CASELOGISTIX FOR ATTORNEY REVIEW (1.0). |
| | | | | | | | | *MATTER NAME: Morgan Stanley Swap* |
| | 05/18/10   Tue | 0.70 | 0.70 | 119.00 | 56.00 | 63.00 | | 1 {L140} {A110} FOLLOWED-UP WITH ATG RE UPLOADING [REDACTED] TO CASELOGISTIX FOR S. BILLER REVIEW. |
| | 170910-MSS/283 | | | | | | | |
| | TOTAL FOR TIMEKEEPER: | 10.40 | | $1,768.00 | $832.00 | $936.00 | | |
| | NUMBER OF ENTRIES:     9 | | | | | | | |
| | | | | | | | | *MATTER NAME: DOL Subpoena* |
| Small, M | 04/01/10   Thu | 0.50 | 0.50 | 137.50 | 40.00 | 97.50 | | 1 {L140} {A110} BEGAN PERFORMING SECOND LEVEL QUALITY CONTROL CHECKS ON PRODUCTION DATA AND ENDORSED IMAGES RECEIVED AND LOADED FOR REVIEW. |
| | 168366-DOL/63 | | | | | | | |
| | | | | | | | | *MATTER NAME: DOL Subpoena* |
| | 04/02/10   Fri | 0.50 | 0.50 | 137.50 | 40.00 | 97.50 | | 1 {L140} {A110} BEGAN PERFORMING SECOND LEVEL QUALITY CONTROL CHECKS ON PRODUCTION DATA AND ENDORSED IMAGES RECEIVED AND LOADED FOR REVIEW. |
| | 168366-DOL/65 | | | | | | | |
| | | | | | | | | *MATTER NAME: DOL Subpoena* |
| | 04/07/10   Wed | 1.10 | 0.30 | 82.50 | 24.00 | 58.50 | F | 1 {L140} {A110} BEGAN PERFORMING SECOND LEVEL QUALITY CONTROL CHECKS ON PRODUCTION DATA AND ENDORSED IMAGES RECEIVED AND LOADED FOR REVIEW (.3); |
| | 168386-DOL/77 | | 0.80 | 220.00 | 64.00 | 156.00 | F | 2 PERFORMED SECOND LEVEL QUALITY CONTROL CHECKS ON LOAD FILES, IMAGES OR NATIVE FILES EXPORTED FROM THE DATABASE (.8). |
| | | | | | | | | *MATTER NAME: DOL Subpoena* |
| | 04/08/10   Thu | 0.50 | 0.30 | 82.50 | 24.00 | 58.50 | F | 1 {L190} {A110} PERFORMED SECOND LEVEL QUALITY CONTROL CHECKS ON LOAD FILES, IMAGES OR NATIVE FILES EXPORTED FROM THE DATABASE (.3); |
| | 168366-DOL/83 | | 0.20 | 55.00 | 16.00 | 39.00 | F | 2 BEGAN QUALITY CHECKING AND LOADING REVIEW OR ENDORSED DATA AND IMAGES THEN PREPARED SECOND LEVEL QUALITY CHECK REQUEST (.2). |
| | | | | | | | | *MATTER NAME: DOL Subpoena* |
| | 04/09/10   Fri | 1.30 | 1.00 | 275.00 | 80.00 | 195.00 | F | 1 {L190} {A110} BEGAN PERFORMING SECOND LEVEL QUALITY CONTROL CHECKS ON DATA THAT WAS CONVERTED TO TIFF FORMAT AND LOADED FOR REVIEW (1.0); |
| | 168366-DOL/87 | | 0.30 | 82.50 | 24.00 | 58.50 | F | 2 BEGAN QUALITY CHECKING AND LOADING REVIEW OR ENDORSED DATA AND IMAGES INTO CASELOGISTICS AND PREPARED SECOND LEVEL QUALITY CHECK REQUEST (.3). |

~  See the last page of exhibit for explanation

\*  Amount billed adjusted to reflect percentage shown to be due on the invoice.

EXHIBIT F

CLERICAL ACTIVITIES

Jenner & Block LLP

| TIMEKEEPER NAME | DATE | ENTRY HOURS | TASK HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE | ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | *MATTER NAME: DOL Subpoena* |
| Small, M | 04/11/10   Sun | 2.00 | 1.80 | 495.00 | 144.00 | 351.00 | F | 1 [L190] [A110] BEGAN QUALITY CHECKING AND LOADING REVIEW OR ENDORSED DATA AND IMAGES (1.8); |
| | 168366-DOL/88 | | 0.20 | 55.00 | 16.00 | 39.00 | F | 2 PREPARED SECOND LEVEL QUALITY CHECK REQUEST (.2). |
| | | | | | | | | *MATTER NAME: DOL Subpoena* |
| | 04/28/10   Wed | 0.30 | 0.30 | 82.50 | 24.00 | 58.50 | | 1 [L140] [A110] BEGAN PERFORMING SECOND LEVEL QUALITY CONTROL CHECKS ON ISSUES THAT WERE IDENTIFIED |
| | 168366-DOL/116 | | | | | | | AND FIXED IN DATABASE. |
| | | | | | | | | *MATTER NAME: DOL Subpoena* |
| | 05/12/10   Wed | 0.50 | 0.50 | 137.50 | 40.00 | 97.50 | | 1 [L140] [A110] BEGAN PERFORMING SECOND LEVEL QUALITY CONTROL CHECKS ON PRODUCTION DATA AND |
| | 170907-DOL/142 | | | | | | | ENDORSED IMAGES LOADED FOR REVIEW. |
| | | | | | | | | *MATTER NAME: Morgan Stanley Swap* |
| | 05/19/10   Wed | 1.00 | 0.20 | 55.00 | 16.00 | 39.00 | F | 1 [L140] [A110] BEGAN PERFORMING SECOND LEVEL QUALITY CONTROL CHECKS ON A NEW [REDACTED] AND CLX |
| | 170910-MSS/287 | | | | | | | LIBRARY (.2); |
| | | | 0.80 | 220.00 | 64.00 | 156.00 | F | 2 BEGAN PERFORMING SECOND LEVEL QUALITY CONTROL CHECKS ON DATA THAT WAS EXTRACTED AND LOADED |
| | | | | | | | | FOR NATIVE REVIEW IN CLX (.8). |
| | | | | | | | | *MATTER NAME: Morgan Stanley Swap* |
| | 05/20/10   Thu | 0.70 | 0.30 | 82.50 | 24.00 | 58.50 | F | 1 [L140] [A110] BEGAN PERFORMING SECOND LEVEL QUALITY CONTROL CHECKS ON DATA THAT WAS CONVERTED TO |
| | 170910-MSS/289 | | | | | | | TIFF FORMAT AND LOADED FOR REVIEW (.30); |
| | | | 0.40 | 110.00 | 32.00 | 78.00 | F | 2 BEGAN PERFORMING SECOND LEVEL QUALITY CONTROL CHECKS ON PRODUCTION DATA AND ENDORSED IMAGES |
| | | | | | | | | LOADED INTO CLX FOR REVIEW (.40). |
| | | | | | | | | *MATTER NAME: DOL Subpoena* |
| | 05/26/10   Wed | 0.30 | 0.30 | 82.50 | 24.00 | 58.50 | | 1 [L140] [A110] BEGAN PERFORMING SECOND LEVEL QUALITY CONTROL CHECKS ON DATA THAT WAS CONVERTED TO |
| | 170907-DOL/153 | | | | | | | TIFF FORMAT AND LOADED FOR REVIEW. |
| | TOTAL FOR TIMEKEEPER: | | 8.70 | $2,392.50 | $696.00 | $1,696.50 | | |
| | NUMBER OF ENTRIES: | 11 | | | | | | |
| TOTAL: | | | 88.50 | $22,977.50 | $7,080.00 | $15,897.50 | | |
| NUMBER OF ENTRIES | 65 | | | | | | | |

~  See the last page of exhibit for explanation

*  Amount billed adjusted to reflect percentage shown to be due on the invoice.

EXHIBIT F

CLERICAL ACTIVITIES

Jenner & Block LLP

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE |
|---|---|---|---|---|
| Biemer, D | 6.00 | 1,650.00 | 480.00 | 1,170.00 |
| Cichy, M | 1.50 | 412.50 | 120.00 | 292.50 |
| Gardner, D | 5.00 | 1,375.00 | 400.00 | 975.00 |
| Huerta, D | 24.50 | 6,737.50 | 1,960.00 | 4,777.50 |
| Laughran, K | 1.50 | 412.50 | 120.00 | 292.50 |
| Manheimer, L | 4.10 | 1,127.50 | 328.00 | 799.50 |
| Master, Z | 10.90 | 2,997.50 | 872.00 | 2,125.50 |
| Moeller, A | 6.70 | 1,574.50 | 536.00 | 1,038.50 |
| Ohton Jr., R | 9.20 | 2,530.00 | 736.00 | 1,794.00 |
| Ramos, P | 10.40 | 1,768.00 | 832.00 | 936.00 |
| Small, M | 8.70 | 2,392.50 | 696.00 | 1,696.50 |
| | 88.50 | $22,977.50 | $7,080.00 | $15,897.50 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE |
|---|---|---|---|---|
| DOL Subpoena | 76.40 | 20,101.50 | 6,112.00 | 13,989.50 |
| ESOP/Stay Issues | 1.10 | 187.00 | 88.00 | 99.00 |
| Morgan Stanley Swap | 11.00 | 2,689.00 | 880.00 | 1,809.00 |
| | 88.50 | $22,977.50 | $7,080.00 | $15,897.50 |

(--) REASONS FOR TASK HOUR ASSIGNMENTS

A        Task Hours Allocated By Fee Examiner

F        FINAL BILL

* Amount billed adjusted to reflect percentage shown to be due on the invoice.

EXHIBIT G

TRAVEL

Jenner & Block LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Phillibert, T | 4.00 | 1,840.00 |
| | 4.00 | $1,840.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| ESOP/Stay Issues | 4.00 | 1,840.00 |
| | 4.00 | $1,840.00 |

EXHIBIT G

TRAVEL

Jenner & Block LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| | | | | | | | | *MATTER NAME: ESOP/Stay Issues* |
| 05/20/10 | Phillibert, T | 12.30 | 4.00 | 1,840.00 | 7.00 | F | 1 | (L110) (A109) ATTENDED HEARING RE DEBTORS' MOTION FOR APPROVAL OF DISCLOSURE STATEMENT AND DRAFTED [REDACTED](7.0): |
| Thu | 170906-ESI/42 | | | | 4.00 | F | 2 | TRAVELLED TO DELAWARE FOR HEARING (4.0): |
| | | | | | 1.30 | F | 3 | [REDACTED] AND DRAFTED E-MAIL TO D. BRADFORD [REDACTED] SAME (1.3). |

| | | | | |
|---|---|---|---|---|
| Total | | | 4.00 | $1,840.00 |
| Number of Entries: | 1 | | | |

~  See the last page of exhibit for explanation

EXHIBIT G

TRAVEL

Jenner & Block LLP

### SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Phillibert, T | 4.00 | 1,840.00 |
| | 4.00 | $1,840.00 |

### SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| ESOP/Stay Issues | 4.00 | 1,840.00 |
| | 4.00 | $1,840.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL

EXHIBIT H

JENNER RETENTION/COMPENSATION

Jenner & Block LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Bradford, D | 1.10 | 1,017.50 |
| Patterson, M | 19.20 | 3,264.00 |
| Railford, L | 12.90 | 4,773.00 |
| | 33.20 | $9,054.50 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Application | 33.20 | 9,054.50 |
| | 33.20 | $9,054.50 |

EXHIBIT H

JENNER RETENTION/COMPENSATION

Jenner & Block LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 03/02/10 Tue | Bradford, D 165134-FA/154 | 0.50 | 0.50 | 462.50 | | | 1 | MATTER NAME: Fee Application (L190) (A104) REVIEWED AND EDITED RESPONSE TO FEE INQUIRY FROM FEE EXAMINER. |
| 03/02/10 Tue | Raiford, L 165134-FA/155 | 0.30 | 0.30 | 111.00 | | | 1 | MATTER NAME: Fee Application (L210) (A103) DRAFTED EMAIL TO FEE EXAMINER RE JENNER'S RESPONSE TO THE FEE EXAMINER'S PRELIMINARY REPORT RE JENNER'S THIRD QUARTERLY FEE APPLICATION. |
| 03/15/10 Mon | Raiford, L 165134-FA/156 | 1.60 | 1.60 | 592.00 | 1.10 0.50 | F F | 1 2 | MATTER NAME: Fee Application (L210) (A103) DRAFTED JANUARY FEE APPLICATION (1.1): EDITED SAME (.5). |
| 03/18/10 Thu | Patterson, M 165134-FA/157 | 3.10 | 3.10 | 527.00 | | | 1 | MATTER NAME: Fee Application (L210) (A110) PREPARED EXHIBITS TO JANUARY 2010 FEE APPLICATION. |
| 03/19/10 Fri | Raiford, L 165134-FA/158 | 0.60 | 0.60 | 222.00 | | | 1 | MATTER NAME: Fee Application (L210) (A103) EDITED JANUARY FEE APPLICATION. |
| 03/25/10 Thu | Raiford, L 165134-FA/159 | 0.30 | 0.30 | 111.00 | | | 1 | MATTER NAME: Fee Application (L210) (A103) EDITED JANUARY FEE APPLICATION. |
| 04/05/10 Mon | Raiford, L 168368-FA/160 | 1.60 | 1.60 | 592.00 | | | 1 | MATTER NAME: Fee Application (L210) (A103) DRAFTED FEBRUARY FEE APPLICATION. |
| 04/06/10 Tue | Patterson, M 168368-FA/161 | 2.90 | 2.90 | 493.00 | | | 1 | MATTER NAME: Fee Application (L210) (A104) PREPARED EXHIBITS TO JENNER'S FEBRUARY 2010 FEE APPLICATION. |
| 04/06/10 Tue | Raiford, L 168368-FA/162 | 1.20 | 1.20 | 444.00 | | | 1 | MATTER NAME: Fee Application (L210) (A103) CONTINUED DRAFTING FEBRUARY FEE APPLICATION. |
| 04/07/10 Wed | Patterson, M 168368-FA/163 | 3.80 | 3.80 | 646.00 | | | 1 | MATTER NAME: Fee Application (L210) (A103) PREPARED EXHIBITS TO JENNER'S FIFTH FEE APPLICATION. |
| 04/07/10 Wed | Raiford, L 168368-FA/164 | 0.70 | 0.70 | 259.00 | | | 1 | MATTER NAME: Fee Application (L210) (A103) DRAFTED FIFTH QUARTERLY FEE APPLICATION. |
| 04/09/10 Fri | Raiford, L 168368-FA/165 | 1.90 | 1.90 | 703.00 | | | 1 | MATTER NAME: Fee Application (L210) (A103) CONTINUED DRAFTING FIFTH QUARTERLY FEE APPLICATION. |
| 04/12/10 Mon | Patterson, M 168368-FA/166 | 2.70 | 2.70 | 459.00 | | | 1 | MATTER NAME: Fee Application (L210) (A103) CONTINUED WORK ON PREPARING EXHIBITS TO JENNER'S FIFTH FEE APPLICATION. |

~ See the last page of exhibit for explanation

EXHIBIT H

JENNER RETENTION/COMPENSATION

Jenner & Block LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 04/12/10 Mon | Raiford, L 168368-FA/167 | 1.20 | 1.20 | 444.00 | | | 1 | MATTER NAME: Fee Application (L210) (A103) DRAFTED FIFTH QUARTERLY FEE APPLICATION. |
| 04/14/10 Wed | Bradford, D 168368-FA/168 | 0.50 | 0.50 | 462.50 | | | 1 | MATTER NAME: Fee Application (L120) (A104) REVIEWED FEE PETITION. |
| 04/14/10 Wed | Raiford, L 168368-FA/169 | 0.70 | 0.70 | 259.00 | | | 1 | MATTER NAME: Fee Application (L210) (A103) EDITED FIFTH QUARTERLY FEE APPLICATION. |
| 04/15/10 Thu | Raiford, L 168368-FA/170 | 0.50 | 0.50 | 185.00 | | | 1 | MATTER NAME: Fee Application (L210) (A103) CONTINUED EDITING FIFTH QUARTERLY FEE APPLICATION. |
| 04/16/10 Fri | Patterson, M 168368-FA/171 | 1.40 | 1.40 | 238.00 | | | 1 | MATTER NAME: Fee Application (L210) (A103) PREPARED EXCEL VERSION OF JENNER'S TIME ENTRIES FROM FIFTH QUARTERLY FEE APPLICATION FOR FEE EXAMINER. |
| 04/19/10 Mon | Patterson, M 168368-FA/172 | 1.50 | 1.50 | 255.00 | | | 1 | MATTER NAME: Fee Application (L210) (A103) REDACTED EXCEL VERSION OF JENNER'S TIME ENTRIES FROM FIFTH QUARTERLY FEE APPLICATION FOR FEE EXAMINER. |
| 04/28/10 Wed | Patterson, M 168368-FA/173 | 0.90 | 0.90 | 153.00 | | | 1 | MATTER NAME: Fee Application (L210) (A103) REDACTED ADDITIONAL ENTRIES ON EXCEL VERSION OF JENNER'S TIME ENTRIES FROM FIFTH QUARTERLY FEE APPLICATION FOR FEE EXAMINER. |
| 05/03/10 Mon | Raiford, L 170909-FA/174 | 0.40 | 0.40 | 148.00 | 0.30  0.10 | F  F | 1  2 | MATTER NAME: Fee Application (L210) (A103) DRAFTED EMAIL TO FEE EXAMINER RE TURNOVER OF DOCUMENTS IN CONNECTION WITH FIFTH QUARTERLY FEE APPLICATION (.3); DRAFTED RESPONSE TO INQUIRY FROM FEE EXAMINER RE SAME (.1). |
| 05/17/10 Mon | Bradford, D 170909-FA/175 | 0.10 | 0.10 | 92.50 | | | 1 | MATTER NAME: Fee Application (L190) (A105) E-MAILS WITH C. STEEGE RE FEE HEARING. |
| 05/17/10 Mon | Raiford, L 170909-FA/176 | 1.00 | 1.00 | 370.00 | | | 1 | MATTER NAME: Fee Application (L210) (A103) DRAFTED MARCH FEE APPLICATION. |
| 05/18/10 Tue | Raiford, L 170909-FA/177 | 0.40 | 0.40 | 148.00 | | | 1 | MATTER NAME: Fee Application (L210) (A103) CONTINUED DRAFTING MARCH FEE APPLICATION. |
| 05/19/10 Wed | Patterson, M 170909-FA/178 | 2.90 | 2.90 | 493.00 | | | 1 | MATTER NAME: Fee Application (L210) (A104) REVIEWED INVOICES AND PREPARED EXHIBITS FOR JENNER'S MARCH 2010 FEE APPLICATION. |
| 05/21/10 Fri | Raiford, L 170909-FA/179 | 0.20 | 0.20 | 74.00 | | | 1 | MATTER NAME: Fee Application (L210) (A103) EDITED MARCH FEE APPLICATION. |

~  See the last page of exhibit for explanation

EXHIBIT H

JENNER RETENTION/COMPENSATION

Jenner & Block LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|-------------|
| 05/25/10 Tue | Railford, L 170909-FA/180 | 0.30 | 0.30 | 111.00 | | 1 | *MATTER NAME: Fee Application* (L210) (A103) EDITED MARCH FEE APPLICATION. |
| Total | | | 33.20 | $9,054.50 | | | |
| Number of Entries: | 27 | | | | | | |

EXHIBIT H
JENNER RETENTION/COMPENSATION
Jenner & Block LLP

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Bradford, D | 1.10 | 1,017.50 |
| Patterson, M | 19.20 | 3,264.00 |
| Railford, L | 12.90 | 4,773.00 |
| | 33.20 | $9,054.50 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Application | 33.20 | 9,054.50 |
| | 33.20 | $9,054.50 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS
F        FINAL BILL