**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------- x
In re:

TRIBUNE COMPANY, et al.,

      Debtors.

---------------------------------------------------- x

Chapter 11

Case No. 08-13141 (KJC)

Jointly Administered

Objections Due: November 14, 2011
@ 4:00 p.m.(ET)
Hearing Date:  N/A

**THIRTY-THIRD MONTHLY APPLICATION OF CHADBOURNE & PARKE LLP, AS
CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF TRIBUNE COMPANY, ET AL. FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
SEPTEMBER 1, 2011 THROUGH SEPTEMBER 30, 2011**

| | |
|---|---|
| Name of Applicant: | Chadbourne & Parke LLP |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | February 20, 2009, nunc pro tunc to December 18, 2008 |
| Period for Which Compensation and Reimbursement is Sought: | September 1, 2011 through September 30, 2011 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary | $360,070.80    (80% of $450,088.50) |
| Amount of Expense Reimbursement is Sought as Actual, Reasonable and Necessary: | $ 56,800.73 |

This is a(n):    _x_ Monthly        ____ Interim        ____ Final Application

Prior Applications Filed:

| Date Filed | Docket No. | Period Covered | Fees Requested | Expenses Requested | Fees Approved* | Expenses Approved |
|---|---|---|---|---|---|---|
| 2/25/2009 | 452 | 12/18/08 - 1/31/09 | $1,025,328.00 | $20,199.48 | $820,262.40 | $20,199.48 |
| 3/25/2009 | 809 | 2/1/09 - 2/28/09 | $642,734.00 | $42,979.74 | $514,187.20 | $42,979.74 |
| 4/25/2009 | 1087 | 3/1/09 - 3/31/09 | $663,569.50 | $12,315.26 | $530,855.60 | $12,315.26 |
| 5/26/2009 | 1239 | 4/1/09 - 4/30/09 | $515,864.50 | $8,352.11 | $412,691.60 | $8,352.11 |
| 6/26/2009 | 1649 | 5/1/09 - 5/31/09 | $582,143.25 | $31,011.71 | $465,714.60 | $31,011.71 |
| 7/27/2009 | 1832 | 6/1/09 - 6/30/09 | $726,009.50 | $32,090.07 | $580,807.60 | $32,090.07 |
| 8/25/2009 | 2009 | 7/1/09 - 7/31/09 | $1,453,980.25 | $37,749.39 | $1,163,184.20 | $37,749.39 |
| 9/25/2009 | 2232 | 8/1/09 - 8/31/09 | $1,450,944.50 | $52,216.32 | $1,160,755.60 | $52,216.32 |
| 10/26/2009 | 2430 | 9/1/09 - 9/30/09 | $1,418,350.00 | $40,049.24 | $1,134,680.00 | $40,049.24 |
| 11/25/2009 | 2634 | 10/1/09 - 10/31/09 | $1,670,709.75 | $25,752.36 | $1,336,567.80 | $25,752.36 |
| 12/28/2009 | 2937 | 11/1/09 - 11/30/09 | $1,461,754.00 | $99,575.80 | $1,169,403.20 | $99,575.80 |
| 1/25/2010 | 3197 | 12/1/09 - 12/31/09 | $1,519,536.50 | $72,274.74 | $1,215,629.20 | $72,274.74 |
| 2/25/2010 | 3534 | 1/1/10 - 1/31/10 | $1,960,664.50 | $71,749.46 | $1,568,531.60 | $71,749.46 |
| 3/26/2010 | 3865 | 2/1/10 - 2/28/10 | $1,516,158.50 | $90,806.96 | $1,212,926.80 | $90,806.96 |
| 4/26/2010 | 4160 | 3/1/10 - 3/31/10 | $1,494,305.50 | $110,300.89 | $1,195,444.40 | $110,300.89 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 5/25/2010 | 4601 | 4/1/10 - 4/30/10 | $918,260.75 | $59,270.50 | $734,608.60 | $59,270.50 |
| 6/25/2010 | 4882 | 5/1/10 - 5/31/10 | $1,331,321.00 | $57,905.29 | $1,065,056.80 | $57,905.29 |
| 7/26/2010 | 5120 | 6/1/10 - 6/30/10 | $1,228,244.00 | $63,110.06 | $982,595.20 | $63,110.06 |
| 8/25/2010 | 5502 | 7/1/10 - 7/31/10 | $1,442,097.00 | $22,233.25 | $1,153,677.60 | $22,233.25 |
| 9/30/2010 | 5849 | 8/1/10 - 8/31/10 | $1,612,125.00 | $121,365.68 | $1,289,700.00 | $121,365.68 |
| 10/25/2010 | 6112 | 9/1/10 - 9/30/10 | $1,519,380.00 | $16,739.39 | $1,215,504.00 | $16,739.39 |
| 11/30/2010 | 6671 | 10/1/10 - 10/30/10 | $1,867,308.75 | $109,128.64 | $1,493,847.00 | $109,128.64 |
| 12/28/2010 | 7332 | 11/1/10 - 11/30/10 | $1,818,619.00 | $296,306.43 | $1,454,895.20 | $296,306.43 |
| 1/28/2011 | 7654 | 12/1/10 - 12/31/10 | $1,337,478.25 | $99,960.19 | $1,069,982.60 | $99,960.19 |
| 2/28/2011 | 8200 | 1/1/11 - 1/31/11 | $2,743,375.25 | $371,451.84 | $2,194,700.20 | $371,451.84 |
| 4/11/2011 | 8615 | 2/1/11 - 2/28/11 | $2,888,765.25 | $162,972.56 | $2,311,012.20 | $162,972.56 |
| 5/5/2011 | 8833 | 3/1/11 - 3/31/11 | $2,499,191.25 | $205,378.89 | $1,999,353.00 | $205,378.89 |
| 6/1/2011 | 9030 | 4/1/11 - 4/30/11 | $1,258,414.50 | $182,352.51 | $1,006,731.60 | $182,352.51 |
| 6/29/2011 | 9381 | 5/1/11 - 5/31/11 | $965,916.25 | $85,787.61 | $772,733.00 | $85,787.61 |
| 7/28/2011 | 9561 | 6/1/11 - 6/30/11 | $728,870.75 | $64,140.29 | $583,096.60 | $64,140.29 |
| 8/25/2011 | 9701 | 7/1/11 - 7/31/11 | $456,759.50 | $60,498.38 | $365,407.60 | $60,498.38 |

| 9/28/2011 | 9840 | 8/1/11 - 8/31/11 | $616,725.50 | $85,166.86 | $493,380.40 | $85,166.86 |
|---|---|---|---|---|---|---|

*Monthly approved fees are subject to holdbacks which were to be reviewed by the Bankruptcy Court following the completion of each quarterly fee application. Such holdbacks have been reviewed and approved for payment by the Bankruptcy Court as set forth below:

| Interim Fee Period | Dates Covered by Interim Fee Period | Bankruptcy Court Approval Date | Amount Approved |
|---|---|---|---|
| 1 | December 18, 2008 through February 28, 2009 | December 14, 2009 | $326,196.76 |
| 2 | March 1, 2009 through May 31, 2009 | May 18, 2010 | 344,7890.61 |
| 3 | June 1, 2009 through August 31, 2009 | October 22, 2010 | $707,644.89 |
| 4 | September 1, 2009 through November 30, 2009 | August 24, 2011 | $883,274.78 |
| 5 | December 1, 2009 through February 28, 2010 | October 19, 2011 | $966,056.61 |

## TRIBUNE COMPANY, et al.

### SUMMARY OF HOURS

#### September 1, 2011 through September 30, 2011

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2011 HOURLY RATE | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| **Partner*** | | | | | |
| Howard Seife (1997) | Bankruptcy and Financial Restructuring | 1979 (NY) | 985 | 29.10 | $28,663.50 |
| Richard M. Leder (1998) | Tax | 1962 (NY) | 985 | 1.00 | 985.00 |
| David M. LeMay (2001) | Bankruptcy and Financial Restructuring | 1982 (NY) | 895 | 39.90 | 35,710.50 |
| Thomas J. Hall (1988) | Litigation | 1980 (NJ) 1981 (NY) | 855 | 4.90 | 4,189.50 |
| Thomas J. McCormack (1992) | Litigation | 1983 (NY) | 855 | 23.10 | 19,750.50 |
| Douglas E. Deutsch (2009) | Bankruptcy and Financial Restructuring | 1997 (NY) | 725 | 99.50 | 72,137.50 |
| Andrew Rosenblatt (2009) | Bankruptcy and Financial Restructuring | 1998 (NY) | 725 | 23.90 | 17,327.50 |
| David Gallai (2008) | Employee Benefits | 2000 (NY) | 685 | 4.60 | 3,151.00 |
| | | | | | |
| **Counsel:** | | | | | |
| Mark D. Ashley | Litigation | 1995 (NY) | 675 | 28.10 | 18,967.50 |
| Christy L. Rivera | Bankruptcy and Financial Restructuring | 2002 (NY) | 645 | 1.50 | 967.50 |
| James A. Stenger | Communications & Technology | 1978 (DC) | 495 | 14.50 | 7,177.50 |
| | | | | | |
| **Associate:** | | | | | |
| Keith Levenberg | Litigation | 2003 (NY) | 645 | 42.70 | 27,541.50 |
| Alexandra K. Nellos | Litigation | 2004 (NY) | 645 | 1.40 | 903.00 |

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2011 HOURLY RATE | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| Robert J. Gayda | Bankruptcy and Financial Restructuring | 2005 (NY) | 625 | 88.0 | 55,000.00 |
| Robert Kirby | Litigation | 2008 (NY) | 535 | 5.00 | 2,675.00 |
| Rachel Kurth | Employee Benefits | 2009 (NY) | 495 | 2.20 | 1,089.00 |
| Young Yoo | Bankruptcy & Financial Restructuring | 2009 (NY) | 495 | 106.60 | 52,767.00 |
| Eric Daucher | Bankruptcy & Financial Restructuring | 2010 (NY) | 425 | 43.40 | 18,445.00 |
| Marc Roitman | Bankruptcy & Financial Restructuring | 2010 (NY) | 425 | 83.90 | 35,657.50 |
| Michael Distefano | Bankruptcy & Financial Restructuring | 2011 (NY) | 375 | 6.10 | 2,287.50 |
| Jessica Marrero | Bankruptcy & Financial Restructuring | 2011 (NY) | 375 | 66.00 | 24,750.00 |
| | | | | | |
| **Paraprofessionals:** | | | | | |
| Lori F. Moloney | Litigation | n/a | 320 | 2.90 | 928.00 |
| David Bava | Bankruptcy & Financial Restructuring | n/a | 280 | 44.00 | 12,320.00 |
| Helen M. Lamb | Bankruptcy and Financial Restructuring | n/a | 285 | 23.50 | 6,697.50 |
| | | | | | |
| **TOTAL:** | | | | **785.80** | **$450,088.50** |

BLENDED RATE:     $572.78

---

\* Includes year elected Partner at firm or joined firm as Partner.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ----------------------------------------------------- x | Chapter 11 | |
| In re: | : | |
| | : | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, et al., | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | Objections Due: November 14, 2011 @ 4:00 p.m.(ET) |
| ----------------------------------------------------- x | : | Hearing Date: N/A |

**THIRTY-THIRD MONTHLY APPLICATION OF CHADBOURNE & PARKE LLP, AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, ET AL. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD SEPTEMBER 1, 2011 THROUGH SEPTEMBER 30, 2011**

Chadbourne & Parke LLP ("Chadbourne"), as co-counsel to the Official Committee of Unsecured Creditors (the "Committee") of Tribune Company et al. (collectively, the "Debtors"), hereby submits this Application (the "Application") for approval and allowance of compensation for services rendered in the amount of $450,088.50 (80% of which equals $360,070.80 and reimbursement of expenses incurred in the amount of $56,800.73 during the period commencing September 1, 2011 through and including September 30, 2011 (the "Application Period"). This Application is submitted pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Compensation Order"). In support of the Application, Chadbourne respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for relief requested herein are Sections 105(a), 330, 331 and 1103(a) of the Bankruptcy Code.

## BACKGROUND

3.      On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").  On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

4.      The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On December 18, 2009, the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code.

6.      On February 20, 2009, the Bankruptcy Court authorized the employment and retention of Chadbourne as co-counsel for the Committee, nunc pro tunc to December 18, 2008.

7.      On May 10, 2010, the Bankruptcy Court authorized the appointment of Kenneth N. Klee, Esquire as Examiner in these Chapter 11 cases.

8.     Plan confirmation hearings for both the Debtor/Committee/Lender Plan (the "DCL Plan") and the Noteholders' Plan commenced on March 7, 2011 and continued daily through March 18, 2011.  The next phase of the confirmation hearings -- which included rebuttal witnesses, non-proponent objections to the DCL and the Noteholders' Plans and certain legal arguments -- resumed on April 12, 2011 and concluded on April 14, 2011.  Closing confirmation arguments were held on June 27, 2011.

## COMPENSATION PAID AND ITS SOURCES

9.     All services for which compensation is requested by Chadbourne were performed for or on behalf of the Committee.

10.     During the Application Period, Chadbourne has received no payment and no promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between Chadbourne and any other person, other than members of the firm, for sharing of compensation to be received for services rendered in these cases.

## FEE STATEMENTS

11.     The fee statement for the Application Period is attached hereto as Exhibit A.  This statement contains daily time logs describing the time spent by each attorney and paraprofessional for this period.  To the best of Chadbourne's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines adopted by the Office of the United States Trustee, Del. Bankr. L.R. 2016-2 (the "Guidelines"), and the Compensation Order.

**SUMMARY OF SERVICES**

12.     As set forth in the detailed statement of fees attached hereto as Exhibit A, fees incurred by Chadbourne during the Application Period total $450,088.50.  The services rendered by Chadbourne during the Application Period are grouped into specific project categories as set forth in Exhibit A.  The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category.

13.     The following is a summary of the activities performed by Chadbourne attorneys and paraprofessionals during the Application Period, organized by project category.

**A.      Bankruptcy General (Matter 002)**

Fees:  $12,303.50          Total Hours:    27.30

14.     During the Application Period, Chadbourne devoted numerous hours to the fulfillment of its professional duties and responsibilities in connection with the administration of these Chapter 11 cases including: (i) meetings with and addressing the inquiries of the Debtors and the Debtors' professionals, other Committee professionals, the United States Trustee and other parties in interest in these cases; (ii) monitoring of incoming correspondence, pleadings, and dockets; (iii) preparing for and attending various omnibus hearings and court conferences on behalf of the Committee; and (iv) disseminating information to the Committee and other various parties-in-interest.  Also, Chadbourne established and maintains an Intralinks account in order to provide a repository for memoranda and pleadings readily accessible by members of the Committee.

15.     Chadbourne's paraprofessionals have also been required to monitor and retrieve all newly filed pleadings from the Bankruptcy Court's docket, prepare and distribute daily status reports, maintain a current case calendar and post Committee-related pleadings and memoranda to Intralinks. Chadbourne's paraprofessionals supervise the internal management of documents and the distribution of documents both to the professionals at Chadbourne and to the members of the Committee, coordinate receipt of pleadings, correspondence and other documents, assist attorneys in preparation of papers for electronic filing, and respond to third-party requests for documents.

**B.      Committee Meetings (Matter 003)**

Fees:   $42,770.00          Total Hours:  67.40

16.     Regular meetings of the Committee (the "Committee Meetings") were held during the Application Period to review the numerous issues regarding the administration of the Debtors' Chapter 11 cases and keep the Committee apprised and updated with respect to the key issues. In particular, the Committee and its professionals continued to review and address pending motions, litigation matters, and provide updates on plan confirmation matters.

17.     Committee Meetings continue to be the most effective and efficient way of providing a forum for Committee members to express their views and to ensure that all members of the Committee are kept informed of the events occurring in the Debtors' Chapter 11 cases. Further, minutes are recorded at each Committee Meeting to provide an official record of those meetings. Chadbourne attorneys prepared for these meetings and spent time, among other things, reviewing materials and drafting agendas, preparing presentation materials, conducting the meetings, and drafting meeting minutes.

C.    **Creditor Communications (Matter 004)**

      Fees:  $6,124.00          Total Hours:    8.80

18.    Chadbourne, as counsel to the Committee, is the focal point for creditor inquiries. During the Application Period, Chadbourne attorneys reviewed and responded to inquiries received from unsecured creditors and participated in telephone conferences with members of the Committee to discuss open issues and developments in the Debtors' cases.

D.    **Business Operations (Matter 007)**

      Fees:  $10,798.00          Total Hours:    19.40

19.    During the Application Period, professionals from Chadbourne's Communications Media and Technology ("CMT") Group continued to review and address potential implications on plan confirmation as a result of the recent Third Circuit ruling in the *Prometheus Radio Project v. FCC ("Prometheus")* case.  Chadbourne's CMT professionals participated in discussions with FCC counsel for the DCL Plan and the Noteholders' Plan[1] (the "Competing Plans") regarding the need to address the *Prometheus* decision in an update to the Bankruptcy Court.  In connection therewith, Chadbourne collaborated with FCC counsel of the Competing Plans on the preparation and filing of a letter alerting the Court as to the impact of the *Prometheus* decision and its potential implications on a confirmed plan.

---

[1]    The DCL Plan is supported by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, Angelo, Gordon & Co., and JPMorgan Chase Bank.  The Noteholder Plan is supported by Aurelius Capital Management, Deutsche Bank Trust Company Americas, Law Debenture Trust Company of New York and Wilmington Trust Company.

E.    **Claims Administration/Bar Date (Matter 009)**

Fees:  $9,895.00        Total Hours:  20.20

20.    During the Application Period, Chadbourne continued to expend efforts in connection with the disposition of claims.  Efforts included reviewing the Debtors' forty-sixth and forty-seventh omnibus objection to claims.  Chadbourne reviewed and evaluated the relief requested in the motions as well as the bases and processes followed by the Debtors in pursuing the objections and summarized its review in a written report to the Committee.

21.    Chadbourne expended further time in reviewing the Debtors' efforts to settle certain claims brought against the Debtors.  In particular, this work included review and analysis of (i) a proposed settlement agreement with a former employee of the *Hartford Courant* resolving a dispute for wrongful termination; and (ii) a proposed settlement and mutual release with a former employee of KTLA alleging fraud by the Debtors in connection with a prior settlement.  Following an analysis of the facts as well as discussions with the Debtors regarding details of the proposed settlements, Chadbourne summarized its analyses and recommendations in memoranda to the Committee.

22.    During the Application Period, Chadbourne continued to review and revise the stipulation and a related motion to treat certain late-filed indemnity claims brought by current and former officers of the Debtors (the "D&O Claimants") as timely filed.  Chadbourne continued to engage in discussions with Debtors' counsel and counsel to the D&O Claimants in efforts to address and resolve open issues related to the motion.  Additional efforts were expended to review and revise a second motion establishing procedures and a bar date in connection with certain similar additional claimants who might wish to submit late-filed claims.

7

The Committee and the Debtors believe that the procedures set forth in the two motions will provide for an orderly process by which current and former officers and directors of the Debtors may file their claims without further court involvement, reducing motion practice before the Court and resulting in a reduction of costs against the Debtors' estates in connection with further litigation.

**F.**     **Fee/Retention Applications (Matter 010)**

Fees:   $25,970.50        Total Hours: 65.40

23.     Chadbourne expended further time during the Application Period in compliance with the Bankruptcy Court's fee procedures in these cases. Efforts included preparation and filing of Chadbourne's thirty-second monthly fee application.  In addition, Chadbourne continued to research, revise and finalize its response to the Fee Examiner's initial reports concerning Chadbourne's seventh and eighth interim fee applications.  In connection therewith, Chadbourne participated in discussions with the Fee Examiner to address and resolve concerns raised in the reports.

24.     In continuance of an ongoing process, Chadbourne expended time on the treatment of ordinary course professionals.  These efforts included the review and analysis of filed affidavits to ensure qualification criteria were satisfied and the monitoring of spending and monthly fee caps in connection with same.

**G.**     **Avoidance Issues (Matter 013)**

Fees:   $11,339.50        Total Hours:  19.70

25.     During the Application Period, Chadbourne attorneys continued to review and address various issues in connection with the potential preference actions asserted against

8

current and former Tribune insiders and certain other entities (the "Preference Actions"). Chadbourne participated in discussions with the Committee's co-counsel about the need to seek a further extension of the stay on the Preference Actions to accommodate the on-going plan confirmation process.  In connection therewith, Chadbourne reviewed and commented on the appropriate court papers seeking the requested relief.

26.    During this time, Chadbourne continued to be engaged in reviewing, revising and finalizing a motion on behalf of the Committee seeking dismissal of those certain Preference Actions that fell under an established threshold amount.  Chadbourne continued to address and negotiate various issues raised in the motion with numerous case parties.  Ultimately, the motion was filed on September 23, 2011 with a hearing on the motion scheduled for mid-October.

**H.    Employee Issues (Matter 014)**

Fees:  $46,184.00        Total Hours:  74.40

27.    During the Application Period, professionals from Chadbourne's Employee Benefits and Bankruptcy Groups continued to be engaged in various employee-related matters. Efforts included review and analysis of the severance terms in a departure agreement of a terminated senior executive of Tribune.  In connection therewith, Chadbourne discussed the economic terms and business rationale of the departures with Debtors' counsel and consulted with the Committee's financial advisors about their analysis of the departure arrangements. Chadbourne summarized its analysis and recommendations in memoranda to the Committee.

28.    During the Application Period, Chadbourne continued to review and address issues raised in the Debtors' proposed Management Incentive Plan for 2011 (the "2011 MIP").

Chadbourne participated in discussions with the Committee regarding further analysis provided

by the Committee's financial advisors on the economics of the MIP and size of the MIP pool as

well as certain issues raised as a result of Chadbourne's research regarding a specific senior

executive.  Chadbourne and the Committee discussed the appropriate action to address the

Committee's concerns and, at the Committee's direction, began preparation of a response to the

MIP.  During this time, Chadbourne participated in discussions with Debtors' counsel to see if a

solution could be reached that was acceptable to all parties.  Those discussions led to an

agreement with the Debtors regarding a proposed modification to the MIP that was

incorporated into the proposed MIP order.  Ultimately, with the Committee's support, the MIP

was approved by the Court on October 4, 2011.

## I.   **General Litigation (Matter 017)**

Fees:   $74,947.50          Total Hours:   115.60

29.      On August 19, 2011, the Debtors filed a motion seeking authorization to enter

into a settlement to resolve the ERISA-related disputes with the plaintiffs in the *Neil* class

action litigation, GreatBanc (trustee of the ESOP), the Department of Labor on behalf of ESOP

participants, and the Debtors' fiduciary insurance providers.  The settlement resolved all of the

claims related to alleged ERISA violations by Tribune but did not resolve certain ESOP

tax-related issues.  The IRS was not a party to the ERISA Settlement but it was expected that

the IRS would soon reach settlement with the Debtors and that such a settlement would be part

of a global ERISA settlement.

30.      During the Application Period, a settlement with the IRS relating to the ESOP

was reached.  If approved by the Bankruptcy Court, the IRS Settlement, together with the

ERISA Settlement, would resolve the various ESOP-related claims that have been asserted against Tribune. In connection therewith, Chadbourne attorneys participated in discussions with Debtors' counsel regarding their negotiations with the IRS and reviewed and commented on various drafts of a proposed settlement agreement. Chadbourne prepared a comprehensive analysis of the settlement for the Committee. During this period, Chadbourne also continued to review and analyze further edits to the long-form ERISA settlement.

31.    During the Application Period, Chadbourne reviewed and analyzed certain issues raised in the recent decision in *In re Washington Mutual* Chapter 11 case denying confirmation of the plan.

32.    Finally, Chadbourne attorneys continued to monitor and review the various adversary proceedings pending in connection with the Debtors' Chapter 11 cases.

## J.    **Shareholder Claims (Matter 020)**

Fees:    $25,298.00        Total Hours:    46.90

33.    During the Application Period, Chadbourne attorneys continued to review and analyze case activity in connection with the various lawsuits filed by the Retirees[2] and the Noteholders[3] seeking state law constructive fraudulent conveyance claims ("SLCFC Claims") against Tribune's former stockholders in connection with the 2007 leveraged buyout of Tribune

---

[2]    The Retiree plaintiffs are retirees of The Times Mirror Company, Tribune Company, and/or one or more of 110 affiliates or subsidiaries of Tribune Company.

[3]    The named Noteholder plaintiffs are Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for certain series of Senior Notes, Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for certain series of Senior Notes, and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES Notes.

Company.  Chadbourne examined various issues raised in court filings in order to keep the

Committee apprised of the status of the proceedings and any potential implications on the

Debtors' Chapter 11 cases.

34.      Particular efforts were expended during this time in reviewing and summarizing

the various court filings in response to the motion of the Noteholders seeking to transfer their

44 pending federal actions to the Southern District of New York for coordinated or consolidated

pretrial multidistrict litigation proceedings (the "MDL Motion").  Moreover, Chadbourne

conferred with the Committee's special counsel regarding an objection filed by certain

defendants asserting that the Committee's action against shareholders and other third parties in

connection with the LBO/ESOP transaction should be included in the MDL Motion.

Chadbourne conferred with the Committee's special counsel on an appropriate response and

discussed their analysis and recommendations with the Committee.

**K.    Plan Litigation (Matter 21)**

Fees:  $184,458.50            Total Hours:  320.70

35.      During the Application Period, Chadbourne's team of bankruptcy and litigation

professionals continued to be substantially engaged, on behalf of the Committee, in analyzing

and addressing a variety of issues concerning confirmation of the Second Amended Joint Plan

of Reorganization for Tribune Company and its Subsidiaries (the "DCL Plan").  Those matters

included, at the request of the Committee, a review and analysis of the various legal issues

relating to the bankruptcy appellate process and certain jurisdictional issues.

## ACTUAL AND NECESSARY EXPENSES

36.    A summary of the actual and necessary expenses and daily logs of expenses incurred by Chadbourne during the Application Period in the amount of $56,800.73 is attached hereto as Exhibit B.  Chadbourne's standard charge for photocopies is $0.20/per page.  For purposes of these Chapter 11 cases, the firm has reduced this charge to $0.10/per page. Chadbourne customarily charges its clients $1.25/per page for out-going facsimile transmissions.  For purposes of these cases, the firm has reduced this charge to $1.00/per page.

37.    Due to the national nature of the Debtors' business and the Committee's participation in weekly meetings by telephone, long distance telephone and conference call services have been required.  In accordance with the Guidelines, in seeking reimbursement for long distance telephone charges, Chadbourne currently charges clients its approximate actual cost paid to its long distance carriers.  Chadbourne utilizes outside vendors for conference call services and requests reimbursement only for the amount billed to Chadbourne by the third-party vendors.

38.    With respect to legal research expenses, Chadbourne has entered into flat-fee contracts with Lexis/Nexis and Westlaw for the provision of online research services.  In order to determine charges to individual clients, the flat fees charged to Chadbourne by Lexis/Nexis and Westlaw are allocated among those clients based on the actual number and scope of searches conducted on behalf of those clients.

39.    In connection with the LBO/ESOP transaction investigation Chadbourne entered into a contract for electronic data discovery services with Complete Document Source Inc. ("CDS").  Chadbourne continues to use the CDS services in connection with the plan

13

confirmation process in reviewing and analyzing the various trial exhibits and documents

presented at the confirmation hearing for potential admission on the trial record. The CDS

charges incurred during the Application Period represent a monthly hosting fee as well as

processing fees for loading data and/or converting data to a searchable format. In seeking

reimbursement for these outside professional services, Chadbourne requests reimbursement for

the actual costs incurred.

      40.      With respect to court reporter fees, Chadbourne utilized the services of an

outside vendor (TSG Reporting) for court reporting/transcript services in connection with the

plan confirmation discovery process and confirmation hearing. The charges represent transcript

fees (synchronized video format) in connection with the deposition of witness Mark Shapiro.

In seeking reimbursement for these outside professional services, Chadbourne requests

reimbursement for the actual costs incurred.

      41.      The category of meal expenses represents (i) reimbursement of reasonable costs

of meals of those Chadbourne attorneys and other employees who worked late into the evenings

or on weekends and while travelling (which is consistent with firm policy) and (ii) the catering

costs in connection with in-person Committee meetings, settlement meetings and depositions

hosted by Chadbourne in which breakfast, lunch and/or other refreshments were served.

      42.      In order to meet deadlines and satisfy the demands of these cases, attorneys and

other employees of Chadbourne were required to work late in the evenings or on weekends.

Consistent with firm policy, reasonable transportation costs were reimbursed as well as

paraprofessional overtime.

## VALUATION OF SERVICES

43.     Attorneys and paraprofessionals of Chadbourne have expended a total of 785.80 hours in connection with the matter during the Application Period. The nature of the work performed by these persons is fully set forth on Exhibit A attached hereto. These are Chadbourne's normal hourly rates for work of this character. The reasonable value of services rendered by Chadbourne to the Committee during the Application Period is $450,088.50.

44.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Application Period, but were not processed prior to the preparation of this Application, Chadbourne reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

45.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Chadbourne is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. Moreover, Chadbourne has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with that Rule.

15

WHEREFORE, Chadbourne respectfully requests that this Court authorize that an allowance be made to Chadbourne pursuant to the terms of the Compensation Order for the period September 1, 2011 through September 30, 2011:  (a) authorizing compensation in the amount of $450,088.50 (80% of which equals $360,070.80) for professional services rendered, and reimbursement of expenses incurred in connection therewith in the amount of $56,800.73 for a total of $506,889.23; (b) authorizing and directing the Debtors to remit payment to Chadbourne as set forth herein; and (c) granting such other and further relief as this Court deems just and proper.

Dated:   October 25, 2011
         New York, New York

                                    CHADBOURNE & PARKE LLP

                                    By: _____
                                        Douglas E. Deutsch
                                        (A Member of the Firm)

                                    Chadbourne & Parke LLP
                                    30 Rockefeller Plaza
                                    New York, New York  10112
                                    (212) 408-5100

                                    Co-Counsel to The Official Committee of
                                    Unsecured Tribune Company, et al.

16

## **VERIFICATION**

STATE OF NEW YORK   :
                   : ss:

COUNTY OF NEW YORK  :

       Douglas E. Deutsch, after being duly sworn according to law, deposes and says:

       (a)     I am a partner with the applicant firm, Chadbourne & Parke LLP, and have been admitted to the bar of the State of New York since 1997.

       (b)     I am familiar with the work performed on behalf of the Committee by the lawyers in the firm.

       (c)     I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. L.R. 2016-2 and submit that the Application substantially complies with such order.

                                        _____
                                        Douglas E. Deutsch

Sworn to before me this
25th day of October 2011

_____
Francisco Vazquez
Notary Public, State of New York
No. 31-6013920
Qualified in New York County
Commission Expires December 27, 2014