IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Hearing Date: November 22, 2011 at 2:00 p.m. ET**<br>**Objection Deadline: November 15, 2011 at 4:00 p.m. ET** |

**MOTION PURSUANT TO 28 U.S.C. § 1452 AND BANKRUPTCY RULES 9006(b) AND 9027 FOR ENTRY OF AN ORDER FURTHER EXTENDING THE DEBTORS' TIME TO FILE NOTICES OF REMOVAL OF CLAIMS AND CAUSES OF ACTION RELATED TO THE DEBTORS' CHAPTER 11 PROCEEDINGS**

The debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), by and through their undersigned counsel, hereby move this Court for entry of an order pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

"Bankruptcy Rules") further extending by approximately 120 days, through and including February 29, 2012, the Debtors' time to file notices of removal of claims and causes of action relating to the Debtors' chapter 11 proceedings pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027 (the "Motion"). In support of this Motion, the Debtors respectfully state as follows:

**STATUS OF THE CASE AND JURISDICTION**

1. On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Chicago National League Ball Club, LLC ("CNLBC"), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 111 entities.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). [Docket Nos. 43, 2333].

3. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors in these cases.

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are 28 U.S.C. § 1452 and Bankruptcy Rules 9006(b)(2) and 9027.

**RELIEF REQUESTED**

6. By this Motion, the Debtors seek entry of an order, pursuant to Rule 9006(b) of the Bankruptcy Rules, extending the time within which the Debtors may file notices of removal by approximately one hundred and twenty (120) days—through and including February 29, 2012—with respect to claims and causes of action pending as of the Petition Date. The Debtors request that the February 29, 2012 deadline to file removal actions apply to all matters specified in Bankruptcy Rule 9027(a)(2). The Debtors further request that the relief requested herein be granted without prejudice to the Debtors' right to seek further extensions of time within which to remove claims and causes of action relating to the Debtors' chapter 11 proceedings.

**BASIS FOR RELIEF**

7. The Bankruptcy Code and Bankruptcy Rules grant this Court the authority to extend, for cause, a debtor's deadline to remove civil actions. Specifically, section 1452 and Bankruptcy Rule 9027 govern the removal of claims and causes of action pending as of the Petition Date. Section 1452 provides, in pertinent part:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a government unit to enforce such government unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452. Bankruptcy Rule 9027 sets forth the time period during which a debtor may file notices to remove claims or causes of action as follows:

> If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2). Finally, Bankruptcy Rule 9006 permits the court to extend the period during which a debtor may file notices to remove claims or causes of action pursuant to Bankruptcy Rule 9027. Bankruptcy Rule 9006 provides, in pertinent part:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(b)(1).

8. It is well-established that this Court has authority to grant the relief the Debtors are requesting and extend the removal period under section 1452 of chapter 28 of the United States Code and Bankruptcy Rule 9027 pursuant to Bankruptcy Rule 9006. See, e.g., Caperton v. A.T. Massey Coal Co., Inc., 251 B.R. 322, 325 (S.D. W.Va. 2000) (Bankruptcy Rule 9006 authorizes the enlargement of time periods for removing actions under Bankruptcy Rule 9027); In re Jandous Elec. Constr. Corp., 106 B.R. 48 (Bankr. S.D.N.Y. 1989) (a court may extend the time in which to file motions to remove civil actions pursuant to Bankruptcy Rule 9006); In re World Fin. Servs. Ctr., Inc., 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (Bankruptcy Rule 9006 was designed to give bankruptcy judges the authority to enlarge the removal periods under Bankruptcy Rule 9027(a)); Raff v. Gordon, 58 B.R. 988, 990 (E.D. Pa. 1986) (Bankruptcy Rule 9006 authorizes the expansion of time to file notice of removal).

9. Given the pending expiration of the Debtors' removal period on October 31, 2011, the Debtors request that the operation of Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware extend the time during which the Debtors may remove actions from the present October 31, 2011 expiration of the Debtors' removal period until such time as this Motion shall be heard by this

Court and an order entered hereon. That rule provides that "unless otherwise provided in the Code or in the Fed. R. Bankr. P., if a motion to extend the time to take any action is filed before the expiration of the period prescribed by the Code, the Fed. R. Bankr. P., these Local Rules or Court order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order." Del. Bankr. L.R. 9006-2. This Motion is filed prior to the expiration of the current removal period on October 31, 2011, and Local Rule 9006-2 accordingly extends the Debtors' removal period until the Court acts on this Motion.

**CAUSE EXISTS TO EXTEND REMOVAL PERIOD**

10. This request for an extension of the Debtors' removal periods is the ninth such request the Debtors have made in these cases. As noted above, the Debtors' removal periods are currently set to expire on October 31, 2011, pursuant to an order entered by this Court extending the Debtors' removal periods through such date. (*See* Order Extending the Debtors' Time to File Notices of Removal of Claims and Causes of Action Relating to the Debtors' Chapter 11 Proceedings, Docket No. 8455.)

11. Since the Petition Date, the Debtors have devoted substantially all their resources to stabilizing and operating their businesses, addressing critical case management issues, evaluating and resolving the prepetition claims against the Debtors, formulating a plan of reorganization for the Debtors, and otherwise facilitating the resolution of these chapter 11 cases and the Debtors' emergence therefrom. As the Court is aware, during the last extension period of the Debtors' removal deadline, the hearings to consider confirmation of the proposed chapter 11 cases were concluded, and confirmation of a chapter 11 plan for the Debtors is now pending before the Court. The plan process has been a formidable undertaking for the Debtors, the Court, and all parties involved.

12. In addition, given the size of the Debtors' business enterprise and the unusually large number of Debtors involved in these procedurally consolidated cases, managing the Debtors' business enterprise and addressing the numerous and varied tasks attendant thereto requires considerable and continual attention on the part of the Debtors' management. These tasks have been made more challenging given the Debtors' ongoing restructuring and the requirements of the chapter 11 process. All of these facts weigh in favor of extending the Debtors' removal periods so that they might complete consideration as to whether to remove various prepetition litigation matters.

13. The Debtors have made substantial progress in addressing the prepetition claims asserted against their estates, particularly with regard to prepetition litigation claims. Since the Petition Date, the Debtors have filed forty-eight (48) omnibus objections to claims, as well as numerous discrete objections to individual prepetition litigation claims. Those actions have collectively resulted in the disallowance or withdrawal of more than 1,800 proofs of claim against the Debtors' estates. Various other prepetition litigation claims have been the subject of various orders and/or stipulations concerning relief from the automatic stay, and such claims have been addressed accordingly. The Debtors have continued to review their litigation-related proofs of claim and to discuss potential resolutions of the claims reflected therein, or to pursue objections thereto, as the Debtors determine is warranted.

14. As a result of these tasks and their attendant demands on the Debtors' personnel and professionals, the Debtors require additional time to review their outstanding litigation matters and evaluate whether those matters should properly be removed pursuant to Bankruptcy Rule 9027. In the absence of such relief, the Debtors would lose a potentially key element of their overall ability to manage litigation during these chapter 11 cases even before that litigation

would reasonably have been evaluated, to the detriment of the Debtors, their estates, and their creditors.

15. Requests by debtors for multiple extensions of the removal period have been routinely granted by courts in this district. See, e.g., In re Werner Holding Co. (DE), Inc., No. 06-10578 (KJC) (Bankr. D. Del. Sept. 7, 2006, Jan. 30, 2007, Mar. 20, 2007, July 23, 2007) (granting each of the debtors' four motions to extend the time period to remove cases); In re FLYi, Inc., No. 05-20011 (Bankr. D. Del. Feb. 21, 2006, June 19, 2006, Oct. 20, 2006, and Feb. 21, 2007) (MFW) (granting each of the debtors' four motions to extend the time period to remove cases); In re Meridian Auto. Sys. Composites Operations, Inc., No. 05-11168 (Bankr. D. Del. July 20, 2005, Oct. 17, 2005, Mar. 7, 2006, June 14, 2006, Oct. 24, 2006, and Apr. 12, 2007) (MFW) (granting each of the debtors' six motions to extend the time period to remove cases). The Debtors' request for an ninth extension to remove claims is therefore roughly comparable to relief granted by courts in this district to other debtors under similar circumstances. The unusually complex nature and substantial size of the Debtors' chapter 11 cases justifies the requested relief as well.

16. The counterparties to any claim or cause of action relating to the Debtors' chapter 11 proceedings would suffer no prejudice if the Court were to grant the relief sought in the Motion. Prepetition causes of action against the Debtors are stayed by operation of the automatic stay contained in section 362(a) of the Bankruptcy Code, and the bar date for filing most claims against the Debtors expired on June 12, 2009 (or, in the case of Tribune CNLBC, LLC, on July 26, 2010). Accordingly, preserving the Debtors' ability to remove actions imposes no delay or unnecessary burden on any counterparties to claims or other causes of action relating to the Debtors' chapter 11 proceedings.

**NOTICE**

17. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Official Committee of Unsecured Creditors; (iii) the administrative agents for Tribune Company's prepetition loan facilities; (iv) the administrative agent for Debtors' post-petition loan facility; and (v) all parties having requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) extending the period during which the Debtors may remove actions pursuant to 28 U.S.C. § 1452 by approximately 120 days, through and including February 29, 2012, and (ii) granting such other relief as the Court deems just and proper.



46429/0001-8030179V1

Dated: Wilmington, Delaware
October 28, 2011

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kenneth P. Kansa
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: ______________________
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS-IN-POSSESSION