# **EXHIBIT A**

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (this "Agreement") is entered into as of this 1st day of November, 2011, by and between 57-11 49th Place, LLC (the "Landlord"), by and through its undersigned counsel, and InsertCo Inc. ("InsertCo"), as a debtor and debtor-in-possession in the chapter 11 cases jointly administered as In re Tribune Co., Case No. 08-13141 (KJC), currently pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Landlord and InsertCo are each a "Party" and together are the "Parties" to this Agreement. The terms and conditions of the Agreement are as follows:

## RECITALS

A. On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its affiliates, including InsertCo, (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the Bankruptcy Court. The Debtors' chapter 11 cases are jointly administered for procedural purposes only.

B. Prior to the Petition Date, the Landlord, as successor landlord, and InsertCo, as co-tenant with Shuttle Printing, Inc., were parties to that certain Lease dated April 24, 2003 among Wallace Packaging Corporation as Lessor and Shuttle Printing, Inc. and Insertco [sic] Inc. as Lessee (the "Lease") affecting the premises commonly known as 57-11 49th Place, in New York, New York (the "Premises").

C. On August 7, 2009, the Debtors filed that certain Fifth Omnibus Motion For Entry of an Order to Reject Certain Leases of Nonresidential Real Property and Related Executory Contract Pursuant to Section 365 of the Bankruptcy Code [Docket No. 1920] (the "Rejection Motion"), pursuant to which InsertCo sought to reject the Lease. On September 2, 2009, the

Bankruptcy Court entered an order granting the Rejection Motion [Docket No. 2073] (the "Rejection Order"), which provided, among other things, that the Lease would be rejected as of August 31, 2009.

D. On September 18, 2009, the Landlord timely filed a claim (the "Claim") for rejection damages in connection with rejection of the Lease as a general unsecured claim for $1,065,897.32. The Claim was assigned Claim No. 6242 by the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC (the "Claims Agent"). A true and accurate copy of the Lease is attached to the Claim.

E. After the filing of the Claim, the Landlord and InsertCo, in order to resolve in full any and all claims that currently exist or may in the future exist against InsertCo relating to the Claim and Lease, engaged in good faith negotiations in order to reconcile the Parties' different calculations of the damages arising from the rejection of the Lease. As a result, the Parties agreed that, consistent with the maximum amount of damages allowable under section 502(b)(6) of the Bankruptcy Code, the Claim should be reduced to $521,254.00, consisting of $943,778.00 in rent reserved,[1] less the security deposit currently held by the Landlord in the amount of $422,524.00 (the "Security Deposit").

F. In order to resolve the Claim, InsertCo has filed a motion seeking approval of this Agreement pursuant to Bankruptcy Rule 9019 with the Bankruptcy Court (the "9019 Motion").

G. The Parties agree and acknowledge that this Agreement is not and shall not be construed to be an admission of any violation of any federal, state, or local statute or regulation, or of any duty except as set forth herein. The Parties agree that this Agreement is solely for the purpose of providing a mutually agreeable conclusion of any and all claims that may currently or

---

[1] The $943,778.00 of rent reserved is comprised of $869,238.00 in base rent and $74,540.00 in applicable taxes.

2

in the future exist against InsertCo relating to the Claim or the Lease. Accordingly, the Parties have agreed to enter into this Agreement in accordance with terms set forth below.

NOW, THEREFORE, for good and valuable consideration between the Parties, including the payments and undertakings recited herein, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. <u>Recitals</u>. The foregoing recitals are an integral part of this Agreement and this Agreement shall be construed in light thereof.

2. <u>Setoff of Security Deposit</u>. The Landlord shall be entitled to retain the amount of the Security Deposit, and the setoff thereof against the amount of the Landlord's Claim shall be authorized under the 9019 Motion pursuant to section 553 of the Bankruptcy Code.

3. <u>Settlement Payment and Allowed Claim; Payment Thereof</u>. The Parties agree that the Claim, originally asserted in the amount of $1,065,897.32, shall be reduced and allowed as a general unsecured claim against InsertCo in the modified amount of $521,254.00 (the "<u>Allowed Claim</u>"), after taking into account the setoff of the Security Deposit described in paragraph 2 above. The Allowed Claim shall be satisfied in accordance with the provisions for the satisfaction of general unsecured claims set forth in the chapter 11 plan of reorganization, and any amendments thereto, that is ultimately confirmed for InsertCo (as may be amended or modified, the "<u>Plan</u>"), when such Plan becomes effective.

4. <u>Release</u>. The satisfaction of the Allowed Claim in accordance with the Plan shall be in full and final satisfaction of any and all claims, demands, liens, agreements, contracts, covenants, actions, suits, causes of action, including, but not limited to, those arising under the Lease, obligations, controversies, debts, costs, expenses, damages, judgments, orders and liabilities of whatever kind or nature, in law, equity or otherwise, whether now known or

3

unknown, vested or contingent, which exist, or may exist in the future, against InsertCo, any of InsertCo's respective parents, affiliates, subsidiaries (either direct or indirect), divisions, officers, directors, members, shareholders, employees and agents, and each of their successors, heirs, executors, administrators, and/or assigns arising from or related to the Claim or the Lease.

5.  Waiver of Claim. The Parties agree that the Allowed Claim, after taking into account the setoff of the Security Deposit as described in paragraph 2 hereof, is the maximum amount permitted to be recovered by the Landlord under the Bankruptcy Code, pursuant to Section 502(b)(6) of the Bankruptcy Code, in connection with any damages resulting from the rejection and termination of the Lease. The Landlord agrees to waive and release any additional amounts or claims, if any, against the Debtors only arising out of or relating to (i) the liabilities asserted in the Claim and (ii) the Lease; provided, however, that the Landlord is expressly reserving all rights, remedies, and claims it may have against the co-tenant, Shuttle Printing, Inc. The Landlord further agrees not to file any additional proofs of claim against the Debtors for liabilities arising out of or relating to (a) the Claim or (b) the Lease. In consideration of the foregoing, InsertCo agrees to waive and release any set off and counterclaims that it may have against the Landlord arising out of or relating to the subject matter of the Claim except as set forth herein.

6.  Entire Agreement. This Agreement constitutes the Parties' entire agreement and supersedes and amends any and all agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof, except as otherwise expressly provided herein. This Agreement is not intended to confer upon any other person any rights or remedies hereunder.

7. <u>Modification</u>. This Agreement may not be modified in any way except in writing executed by the authorized representatives of each of the Parties.

8. <u>Construction</u>. The Parties acknowledge that each Party has participated in and jointly consented to the drafting of this Agreement and that any claimed ambiguity shall not be construed for or against either Party on account of such drafting.

9. <u>Authorization</u>. The undersigned Parties represent and warrant that they have full authority to execute this Agreement on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Agreement.

10. <u>Execution in Counterparts</u>. This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties.

11. <u>Representations</u>. The Parties expressly represent that they have entered freely and voluntarily into this Agreement after careful review and the opportunity to consult with counsel. The Parties further represent and warrant that they have truthfully and fully disclosed to the best of their knowledge all information, if any, that has been requested by the other Party prior to the date of this Agreement concerning the Lease. Except as otherwise expressly set forth herein, no representations have been made by any of the Parties with respect to any of the matters addressed in this Agreement or with respect to the Debtors' bankruptcy. The Parties further agree to execute and deliver or file without delay such agreements, certificates, stipulations, or other instruments reasonably necessary or appropriate to effect the purposes of the foregoing.

12. <u>Effective Date; Binding Agreement</u>. This Agreement shall not become effective until InsertCo's entry into this Agreement is approved by the Bankruptcy Court as a result of the

Bankruptcy Court's approval of the 9019 Motion. Thereafter, the Parties consent to the terms of this Agreement, as evidenced by their signatures, shall create a binding settlement agreement; provided, however, that if the Bankruptcy Court does not approve InsertCo's entry into this Agreement under the 9019 Motion, the Agreement is void *ab initio* and shall not in any way prejudice or otherwise affect the rights, remedies, causes of action, or defenses to any causes of action held by the Parties prior to entering into this Agreement. If the Bankruptcy Court approves this Agreement, the Agreement will bind and inure to the benefit of each of the Parties' respective parents, affiliates and subsidiaries, and each of their predecessors, successors, trustees, receivers, guardians, executors, administrators, heirs, partners, directors, members, officers, employees, shareholders, agents, beneficiaries, and assignees whether so expressed or not.

13. Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to principles of conflict of laws, and the Bankruptcy Court shall retain jurisdiction over any and all disputes or other matters arising under or otherwise relating to this Agreement.

14. Captions. Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any provision hereof. Each term of this Agreement is contractual and not merely a recital.

15. Admissions & Concessions. All contentions made in this Agreement are made in furtherance of a proposed settlement and neither the Landlord nor InsertCo admit or concede the validity of any of the Parties' claims or defenses, nor shall anything herein be deemed an admission of fact or law.

[SIGNATURE PAGES FOLLOW]

IN WITNESS WHEREOF, each of the Parties has caused this Agreement to be signed by itself or its duly authorized agents as of the date set forth in the first paragraph of this Agreement.

By: *[signature]*

Michael J. Agusta,
1012 Maple Drive
Franklin Square, New York 11010
Telephone: (516) 355-2070
Facsimile: (516) 355-2074

Attorney for 57-11 49th Place, LLC

By: _____

John Rodden
Vice President, Tribune Company

InsertCo Inc.

IN WITNESS WHEREOF, each of the Parties has caused this Agreement to be signed by itself or its duly authorized agents as of the date set forth in the first paragraph of this Agreement.

By: _____

Michael J. Agusta,
1012 Maple Drive
Franklin Square, New York  11010
Telephone: (516) 355-2070
Facsimile: (516) 355-2074

Attorney for 57-11 49th Place, LLC

By: *[signature: J. Rodden]*

John Rodden
Vice President, Tribune Company

InsertCo Inc.

8