IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Hearing Date: December 13, 2011 at 1:00 p.m. ET<br>Response Deadline: December 5, 2011 at 4:00 p.m. ET |

## DEBTORS' OBJECTION TO SHUTTLE PRINTING, INC.'S
## PROOF OF CLAIM NO. 6260

The debtors and debtors in possession in the above-captioned chapter 11 cases ("Debtors"), by and through their undersigned counsel, hereby file this objection (the "Objection") to Shuttle Printing, Inc.'s ("Shuttle") proof of claim [Claim No. 6260] filed against

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CH1 6150925v.7

InsertCo Inc. ("InsertCo"), on the basis that InsertCo has no liability for such claim. A true and accurate copy of Shuttle's proof of claim is attached hereto as Exhibit A.

## INTRODUCTION

This Objection is submitted pursuant to sections 502(b), (e) and 558 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). By this Objection, the Debtors request the entry of an order disallowing and expunging the Indemnification Claim (as defined herein) in its entirety, as indicated in further detail below. In further support of the Objection, the Debtors respectfully state as follows:

## FACTUAL BACKGROUND

1. Prior to the Petition Date, 57-11 49th Place, LLC (the "Landlord"), as successor landlord, and InsertCo, as co-tenant with Shuttle, were parties to that certain Lease dated April 24, 2003 among Wallace Packaging Corporation as Lessor and Shuttle Printing, Inc. and Insertco [sic] Inc. as Lessee (the "Lease") affecting the premises commonly known as 57-11 49th Place, in The City of New York, New York (the "Premises"). A true and accurate copy of the Lease is attached hereto as Exhibit B.

2. As co-tenants, Shuttle and InsertCo (together, the "Tenants") were jointly and severally liable to the Landlord for any and all obligations of the Lessee under the Lease. Additionally, the Tenants entered into that Mutual Indemnification Agreement (the "Indemnification Agreement") whereby the Tenants agreed to indemnify each other for, *inter alia*, the indemnifying party's breach of any term of the lease. (Indemnification Agmt. ¶ 2(a)(i).) A true and accurate copy of the Indemnification Agreement is attached to the Indemnification Claim (as defined herein).

3. On August 7, 2009, the Debtors filed that certain Fifth Omnibus Motion For Entry of An Order to Reject Certain Leases of Nonresidential Real Property and Related Executory Contract Pursuant to Section 365 of the Bankruptcy Code [Docket No. 1920] (the "Rejection Motion"), pursuant to which InsertCo sought to reject the Lease. On September 2, 2009, the Bankruptcy Court entered an order granting the Rejection Motion [Docket No. 2073] (the "Rejection Order"), which provided, among other things, that the Lease would be rejected as of August 31, 2009.

4. On September 18, 2009, the Landlord timely filed a Proof of Claim against InsertCo for rejection damages in connection with rejection of the Lease as a general unsecured claim for $1,065,897.32 [Claim No. 6242] (the "Landlord Claim"). In addition, on September 30, 2009, Shuttle, as a co-tenant on the Lease, filed a contingent claim against InsertCo for indemnification of damages, if any, arising from the rejection of the Lease, for which both Shuttle and the Debtor were jointly liable [Claim No. 6260] (the "Indemnification Claim").

5. On November 1, 2011, the Landlord and InsertCo entered into a mutual, arm's length agreement in order to settle the Landlord Claim (the "Settlement Agreement"). Contemporaneous with the filing of this Objection, the Debtors are seeking this Court's approval of the Settlement Agreement in that certain Motion of the Debtors for an Order Pursuant to 11 U.S.C. § 363 and Fed. R. Bankr. P. 9019(A) Approving Settlement Agreement By and Between InsertCo Inc. and 57-11 49th Place, LLC [Docket No. 10138] (the "Settlement Motion"). The Settlement Agreement provides for the damages arising from the rejection of the Lease to be allowed in the amount of $521,254, which consists of $943,778 in rent reserved ($869,238 in base rent and $74,540 in applicable taxes) less the Debtor's security deposit of $422,524 (the

"Allowed Claim"). The Settlement Agreement further provides that the Allowed Claim constitutes the maximum damages allowed pursuant to 11 U.S.C. § 502(b)(6) for the rejection of the lease.

## ARGUMENT

6. Pursuant to the Bankruptcy Code, an entity's claim against a debtor shall be disallowed to the extent that the claim is for reimbursement arising from an entity's co-liability with the debtor on the claim of another creditor. 11 U.S.C. § 502(e)(1). In relevant part, the Bankruptcy Code provides that:

> The court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on or has secured the claim of a creditor, to the extent that — (A) such creditor's claim against the estate is disallowed...

11 U.S.C. § 502(e)(1)(A). Reimbursement includes claims for indemnification. *In re Touch Am. Holdings, Inc.*, 409 B.R. 712, 716 (Bankr. D. Del. 2009); *In re Pacor, Inc.*, 110 B.R. 686, 690 (E.D. Pa. 1990) ("Analytically, indemnity is the same as reimbursement. One contractually provides for the reimbursement of loss incurred by another by indemnifying her."); *Collier on Bankruptcy*, ¶ 502.06[2][a] (16th ed. 2011). The Settlement Agreement provides for disallowance of the Landlord Claim to the extent that it exceeds the statutory cap for lease rejection damages set by 11 U.S.C. § 502(b)(6). Accordingly, if the Settlement Motion is granted, the Indemnification Claim must be disallowed and expunged to the extent that it exceeds the Landlord Claim, i.e., the underlying claim.

7. The Sixth Circuit recently addressed the application of section 502(e)(1)(A) of the Bankruptcy Code in a nearly identical fact situation in *In re Regal Cinemas, Inc.*, 393 F.3d 647 (6th Cir. 2004). In *Regal*, the debtor, a movie theater operator, rejected a

lease in its bankruptcy and paid the landlord the maximum allowable damages under 11 U.S.C. § 502(b)(6). *Id.* at 649. Capitol, which guaranteed the lease, sought reimbursement from the debtor for the damages that Capitol was required to pay the landlord arising from the debtor's rejection of the theater lease. *Id.* In affirming the decision of both the bankruptcy and district courts to disallow Capitol's claim, the Sixth Circuit stated that the section 502(e)(1) restrictions on claims by co-liable parties "work to prevent co-debtors from achieving more favorable terms than the underlying creditor, from competing with the creditor for the remains of the bankrupt's estate and from asserting both a subrogation and a reimbursement claim." *Id.* at 650. Holding that Capitol's "indemnification claim amount[ed] to a claim for reimbursement," the Court stated that, because Regal had already paid the maximum allowable amount to the landlord under section 502(b)(6), section 502(e)(1)(A) statutorily barred Capitol "from collecting any amount beyond the cap on the same claim" *Id.* at 651; *see also In re Amatex Corp.*, 110 B.R. 168, 171 (Bankr. E.D. Pa. 1990) ("If the underlying creditor's claim is disallowed, then the claim of the indemnitor or contributor in connection with such a claim must be disallowed.").

8. The Settlement Agreement provides for InsertCo to settle the Landlord Claim for the maximum amount allowed under the Bankruptcy Code. If the Settlement Motion is granted, pursuant to section 502(e)(1)(A) of the Bankruptcy Code, as a co-liable party on Landlord's claim, Shuttle's claim for reimbursement must be disallowed.

## CONCLUSION

9. For the reasons set forth herein, Shuttle's claim must be disallowed in its entirety and expunged pursuant to 11 U.S.C. § 502(e)(1)(A).

5

## NOTICE

10. Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel to the administrative agents for Tribune's prepetition loan facilities; (iv) counsel to the administrative agent for the Debtors' post-petition loan facility; (v) the indenture trustees for Tribune's prepetition notes; (vi) counsel to the Landlord; (vii) counsel to Shuttle; and (viii) all parties having requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

11. No previous request for the relief requested in this Motion has been made in this or any court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Debtors respectfully request that this Court enter an order (i) disallowing in full the Indemnification Claim, (ii) directing the Claims Agent[2] to expunge the Indemnification Claim from the Claims Register; and (iii) granting such other and further as the Court deems just and proper.

Dated: Wilmington, Delaware
November 1, 2011

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kenneth P. Kansa
Michael T. Gustafson
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

---

[2] "Claims Agent" as used herein shall mean Epiq Bankruptcy Solutions, LLC.