# EXHIBIT A

Indemnification Claim (Claim No. 6260)

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE<br>Tribune Company Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5069<br>New York, NY 10150-5069 | **PROOF OF CLAIM** |
|---|---|
| | Filed: USBC - District of Delaware<br>Tribune Company, Et Al.<br>08-13141 (KJC)    0000006260 |

| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
|---|---|
| INSERTCO, INC. | 08-13176 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

SHUTTLE PRINTING, INC.
38-38 9TH STREET
LONG ISLAND CITY, NY 11101
(718) 361-1600

Telephone number: EXT. 217    Email Address: bulla@aol.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number: _____    Email Address: _____

1. Amount of Claim as of Date Case Filed: $ UNDETERMINED

   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.

   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges.
   ☐ Check this box if claim is for a claim related to goods delivered during the twenty (20) days prior to December 8, 2008 (the "Petition Date"), pursuant to 11 U.S.C. §503(b)(9). Please indicate amount entitled to 503(b)(9) $_____

2. Basis for Claim: PLEASE SEE ATTACHED STATEMENT AND AGREEMENT - MUTUAL INDEMNIFICATION AGREEMENT
   (See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
   3a. Debtor may have scheduled account as: _____
       (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff:    ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
   Describe: _____
   Value of Property: $_____    Annual Interest Rate ____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____    Basis for perfection: _____
   Amount of Secured Claim: $_____    Amount Unsecured: $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

   Specify the priority of the claim:
   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
   ☐ Wages, salaries or commissions (up to $10,950*), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

   Amount entitled to priority:
   $_____

   *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

FOR COURT USE ONLY

FILED / RECEIVED
SEP 30 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date: | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|
| 9/30/09 | Ken Akulin, KEN AKULIN, PRESIDENT |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Statement relating to Item 2. Basis for Claim

By order signed by Judge Kevin J. Carey on September 2, 2009, the Debtors' motion to reject the unexpired lease of nonresidential property located at 57-11 49th Place, Maspeth, New York (the "Maspeth Lease"), was granted. The rejection of the Maspeth Lease has resulted in a breach of the Mutual Indemnification Agreement, dated as of April __, 2008, between Shuttle Printing, Inc. ("Shuttle") and Insertco, Inc., a copy of which is attached hereto (the "Indemnification Agreement"). Shuttle expects to suffer damages from the rejection of the Maspeth Lease, for which Shuttle is entitled to indemnity under the Indemnification Agreement. Shuttle is unable, at this time, to quantify the damages subject to such indemnity.

## MUTUAL INDEMNIFICATION AGREEMENT

This Mutual Indemnification Agreement (the "Agreement") is made as of this ____ day of April, 2008, by and between Shuttle Printing Inc., a New York corporation ("Shuttle"), and Insertco, Inc., a New York corporation ("Insertco").

WHEREAS, Shuttle and Insertco, as tenants, and Wallace Packaging Corporation, as landlord, are parties to a lease, dated April 24, 2003 (the "Lease"), of premises located at 57-11 49th Place Maspeth, New York 11378 (the "Premises"); and

WHEREAS, Shuttle and Stellar desire to indemnify one another as to certain matters relating to the Lease and to their operations on the Premises,

NOW, THEREFORE, in consideration of the premises and the mutual agreements herein set forth, the parties hereby agree as follows:

1. **Conduct of Operations**. Shuttle and Insertco shall observe the terms of the Lease and perform their obligations thereunder and conduct their respective activities and operations on the Premises in a safe manner, in accordance with good industry practice, in compliance with all laws, and in compliance with all applicable permits, and any filings, applications and declarations submitted in order to obtain any such permits from, any governmental authority.

2. **Indemnification**.

    (a) **General**. Shuttle and Insertco shall indemnify, defend and hold each other harmless from and against any and all losses, damages, liabilities, claims, judgments, liens, penalties, costs and expenses, including, without limitation, reasonable attorneys' and consultants' fees, which may be imposed upon or incurred by the indemnified party or asserted against such indemnified party resulting from or relating to (i) the indemnifying party's breach of any term of the Lease or (ii) the assets, business, operations or activities of the indemnifying party on or with respect to the Premises.

    (b) **Environmental Matters**. Without in any way limiting the scope of the indemnification obligation under Section 2. (a) above, the indemnifying party shall be responsible for all investigations, studies, clean up, corrective action or response or remedial action required by any governmental authority now or hereafter authorized to regulate environmental or other matters or by any consent decree or court or administrative order now or hereafter applicable to such party's activities and operations on the Premises.

    (c) **Diligent Attempt to Cure**. In the event of any breach of the Lease by an indemnifying party or the occurrence of any other indemnifiable event, the indemnifying party shall promptly take all reasonably practicable measures to cure such breach of the Lease or address such other indemnifiable event so as to mitigate or cure its effects.

3. **Term**. This Agreement shall terminate on the [2nd] anniversary of the earliest to occur of (i) the date on which the Lease terminates, (ii) the date on which Shuttle terminates its interest in the Lease or (iii) the date on which Insertco terminates its interest in the Lease.

4. <u>Miscellaneous</u>.

(a) <u>Entire Agreement</u>. This Agreement constitutes the entire agreement among the parties hereto with respect to the subject matter hereof and supersedes all prior and contemporaneous agreements and understandings, whether written or oral, among the parties.

(b) <u>Successors and Assigns</u>. This Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors and assigns. Neither this Agreement nor any rights or obligations hereunder may be assigned without the written consent of the other party; <u>provided</u>, that either party may assign its rights under this Agreement in whole or in part to one or more of its affiliates or in connection with a sale of all or substantially all of the equity interests in, or assets and properties of, such party.

(c) <u>Governing Law</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of New York for contracts made and to be fully performed in such State, without giving effect to any choice-of-law rules that would require the application of the laws of another jurisdiction.

(d) <u>Counterparts</u>. This Agreement may be executed in multiple counterparts, each of which shall be deemed an original and all of which taken together shall constitute one instrument binding on the parties, notwithstanding that both of the parties are not signatories to the original or the same counterpart.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first written above.

Shuttle Printing, Inc.

By: *Ken Akulin* (signature)
Kenneth Akulin,
President

Insertco, Inc.

By: *Frederick W. Newton* (signature)
Frederick W. Newton,
Chairman and Chief Executive Officer

2

