## PROPOSED ORDER

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Related to Docket No. __** |

### ORDER MODIFYING THE SCOPE OF THE RETENTION OF PRICEWATERHOUSECOOPERS LLP TO INCLUDE CERTAIN ADVISORY SERVICES IN CONNECTION WITH RECORDS MANAGEMENT, PAYROLL PROCESSING, AND OPERATIONS MANAGEMENT TO 11 U.S.C. §§ 327(a) AND 1107, *NUNC PRO TUNC* TO NOVEMBER 1, 2011 AND SEEKING A LIMITED WAIVER OF COMPLIANCE WITH DEL. BANKR. L.R. 2016-2(d), IN ACCORDANCE WITH DEL. BANKR. L.R. 2016-2(g)

Upon the Second Supplemental Application[2] of the debtors and debtors in

possession in the above-captioned chapter 11 cases (each a "<u>Debtor</u>" and collectively, the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Supplemental Application.

46429/0001-8047927v1

"Debtors") for an order modifying the scope of the retention of PricewaterhouseCoopers LLP

("PwC") to include certain consulting services related to the review and revision of Tribune's

records and information management policy (the "Records Management Services") and to

include certain consulting services related to the review and revision of Blue Lynx Media, LLC's

payroll processing and operations management (the "BLM Services"), as set forth in the Second

Supplemental Engagement Letters attached to the Second Supplemental Application, pursuant to

sections 327(a) and 1107 of the Bankruptcy Code, nunc pro tunc to November 1, 2011; and upon

consideration of the Second Supplemental Application and all pleadings related thereto; and the

Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and

(c) notice of the Second Supplemental Application was due and proper under the circumstances;

and it appearing that the relief requested in the Second Supplemental Application is in the best

interests of the Debtors, their estates and creditors; and it appearing that PwC neither holds nor

represents any interest adverse to the Debtors or their estates with respect to the matters on which

PwC is to be employed; and after due deliberation, and good and sufficient cause appearing

therefor, it is hereby

      ORDERED, that the Second Supplemental Application is granted; and it is further

      ORDERED, that the modification of PwC's retention and employment to include

the Records Management Services and BLM Services pursuant to section 327(a) and 1107 of the

Bankruptcy Code on the terms set forth in the Second Supplemental Engagement Letters

attached to the Second Supplemental Application is approved, nunc pro tunc to November 1,

2011; and it is further

46429/0001-8047927v1

ORDERED, that PwC shall be compensated and reimbursed for expenses under the provisions of the Second Supplemental Engagement Letters, subject to the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court, and the Debtors are authorized to pay such compensation consistent with (and subject to the limitations of) the aforementioned authority; and it is further

ORDERED, that all provisions of the Original Retention Order and First Supplemental Retention Order remain in full force and effect except as expressly modified by this Order; and it is further

ORDERED, that the limitations of liability under Second Supplemental Engagement Letters shall be modified by the terms of the Original Retention Order.

ORDERED, that the requirements of Local Rule 2016-2(d) are waived with respect to the informational requirements set forth in that Rule; and it is further

ORDERED, that the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
November _____, 2011

_____
The Honorable Kevin J. Carey
United States Bankruptcy Judge

46429/0001-8047927v1