## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Objections Due: November 28, 2011**<br>**Hearing Date:** *Only if Objections Are Filed* |

## ELEVENTH QUARTERLY FEE APPLICATION OF McDERMOTT WILL & EMERY LLP AS SPECIAL COUNSEL TO DEBTORS FOR DOMESTIC LEGAL MATTERS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JUNE 1, 2011 THROUGH AUGUST 31, 2011

| | |
|---|---|
| **Name of applicant:** | McDermott Will & Emery LLP |
| **Authorized to provide professional services to:** | Tribune Company, et al. |
| **Date of retention:** | March 13, 2009 nunc pro tunc to December 8, 2008 |
| **Period for which compensation and reimbursement is sought:** | June 1, 2011 to August 31, 2011 |
| **Amount of compensation sought as actual, reasonable and necessary:** | $1,932,538.50 (80% of which is $1,546,030.80) |
| **Amount of expense reimbursement sought as actual, reasonable and necessary:** | $20,555.38 |

This is an: __ monthly      X  interim      ___ final application

Prior Interim Applications Filed:

| Date Filed | Docket No. | Period Covered | Fees Requested | Expenses Requested | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|---|
| 4/15/09[1] | 1029 | 12/8/08 – 2/28/09 | $530,504.50[2] | $6,808.20 | $416,077.00 | $1,489.70 |
| 10/9/09 | 2313 | 3/1/09 – 5/31/09 | $839,465.00 | $3,883.93 | $838,826.50 | $3,631.33 |
| 12/11/09 | 2820 | 6/1/09 – 8/31/09 | $365,485.00 | $1,312.70 | $352,935.92 | $1,254.30 |
| 6/11/09 | 4761 | 9/1/09 – 11/30/09 | $362,715.50 | $2,425.85[3] | $361,032.75 | $2,423.55 |
| 6/30/10 | 4907 | 12/1/09 – 2/28/10 | $819,588.00 | $1,776.95[4] | $817,040.50 | $1,776.95 |
| 9/3/10 | 5622 | 3/1/10 – 5/31/10 | $439,490.50 | $1,892.73 | $[       ] | $[       ] |
| 10/27/10 | 6151 | 6/1/10 – 8/31/10 | $716,188.50 | $4,885.44 | $[       ] | $[       ] |
| 2/7/11 | 7819 | 9/1/10 – 11/30/10 | $1,153,555.00 | $13,621.43 | $[       ] | $[       ] |
| 6/20/11 | 9285 | 12/1/10 – 2/28/11 | $1,560,114.00 | $17,757.01 | $[       ] | $[       ] |
| 7/15/11 | 9471 | 3/1/11 – 5/31/11 | $1,987,295.50 | $89,002.31 | $[       ] | $[       ] |

---

[1] The Combined Monthly and First Quarterly Application combined McDermott Will & Emery LLP's ("McDermott") monthly fee statements and quarterly fee application for the period of December 8, 2008 through February 28, 2009.

[2] By agreement with the above-captioned debtors and debtors in possession (the "Debtors"), McDermott reduced its compensation sought by $110,867.50 due to an inadvertent overpayment by the Debtors. Such reduction was to respond to the United States Trustee's (the "U.S. Trustee") comments regarding McDermott's Combined Monthly and First Quarterly Application. The U.S. Trustee and McDermott (together, the "Parties") agreed that McDermott would not seek payment of the disputed fees, in the amount of $110,867.50 (the "Disputed Fees"), at that time. The Parties agreed, however, that McDermott reserved its right to seek payment of the Disputed Fees at a later time.

[3] Due to an inadvertent expense submission in the Second Quarterly Fee Application Of McDermott, As Special Counsel To Debtors For Domestic Legal Matters, For Allowance Of Compensation And Reimbursement Of Expenses For The Period March 1, 2009 Through May 31, 2009, McDermott reduced the amount of expense reimbursement sought in its October fee application by $250.00. Thus, McDermott actually sought reimbursement of expenses in the amount of $2,175.85 ($2,425.85-250.00).

[4] Due to an inadvertent expense submission in the Third Quarterly Fee Application Of McDermott, As Special Counsel To Debtors For Domestic Legal Matters, For Allowance Of Compensation And Reimbursement Of Expenses For The Period June 1, 2009 Through August 31, 2009, McDermott reduced the amount of expense reimbursement sought in its December fee application by $58.40. Thus, McDermott actually sought reimbursement of expenses in the amount of $1,718.55 ($1,776.95-$58.40).

DM_US 30520146-1.020336.0515

## COMPENSATION FOR PROFESSIONALS
## JUNE 1, 2011 THROUGH AUGUST 31, 2011

| Name of Professional Person | Position of the Applicant, Area of Expertise, Year of Obtaining License to Practice | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Blake D. Rubin | Partner, Tax, Member of Pennsylvania Bar since 1980, Member of District of Columbia Bar since 1987 | $965 | 338.50 | $326,652.50 |
| Philip J. Levine | Partner, Tax, Member of New York Bar since 1975, Member of District of Columbia Bar since 2002 | $895 | 47.70 | $42,691.50 |
| Stephen E. Wells | Partner, Tax, Member of District of Columbia Bar since 1975 | $895 | 20.70 | $18,526.50 |
| Wilbur H. Boies | Partner, Litigation, Member of Illinois Bar since 1968 | $845 | 1.30 | $1,098.50 |
| Nancy G. Ross | Partner, Trial, Member of Illinois Bar since 1985 | $815 | 0.50 | $407.50 |
| Paul J. Compernolle | Partner, Employee Benefits, Member of Illinois Bar since 1978 | $810 | 89.90 | $72,819.00 |
| William W. Merten | Partner, Employee Benefits, Member of Illinois Bar since 1985 | $810 | 172.20 | $139,482.00 |
| Susan Peters Schaefer | Partner, Employee Benefits, Member of Illinois Bar since 1989 | $810 | 30.8 | $24,948.00 |
| Andrea M. Whiteway | Partner, Tax, Member of Maryland Bar since 1992, Member of District of Columbia Bar since 1993 | $805 | 381.30 | $306,946.50 |
| Robert A. Schreck, Jr. | Partner, Corporate, Member of Illinois Bar since 1978 | $800 | 0.50 | $400.00 |
| Steven H. Hoeft | Partner, Trial, Member of Illinois Bar since 1976 | $785 | 7.40 | $5,809.00 |
| Robin L. Greenhouse | Partner, Tax, Member of District of Columbia Bar since 1988 | $780 | 31.00 | $24,180.00 |
| Geoffrey T. Raicht | Partner, Restructuring & Insolvency, Member of New York Bar since 1998 | $780 | 0.50 | $390.00 |
| Brooks B. Gruemmer | Partner, Corporate, Member of Illinois Bar since 1990 | $750 | 58.90 | $44,175.00 |

DM_US 30520146-1.020336.0515

| Michael J. Wilder | Partner, Tax, Member of District of Columbia Bar since 1995 | $745 | 68.40 | $50,958.00 |
| Eric Orsic | Partner, Corporate, Member of Illinois Bar since 1996 | $715 | 3.90 | $2,788.50 |
| Amy M. Gordon | Partner, Employee Benefits, Member of New Jersey Bar since 1991, Member of New York Bar since 1993, Member of Illinois Bar since 2001 | $710 | 6.00 | $4,260.00 |
| Jon G. Finkelstein | Partner, Tax, Member of New York Bar since 2001, Member of District of Columbia Bar since 2002 | $635 | 109.40 | $69,469.00 |
| Michael V. Lee | Partner, Corporate, Member of California Bar since 1994 | $630 | 38.70 | $24,381.00 |
| Nava Hazan | Partner, Restructuring & Insolvency, Member of New York Bar since 2000 | $630 | 2.50 | $1,575.00 |
| Raymond M. Fernando | Partner, Employee Benefits, Member of Illinois Bar since 2002 | $625 | 10.00 | $6,250.00 |
| Michael T. Graham | Partner, Employee Benefits, Member of Illinois Bar since 1995, Member of Indiana Bar since 1995 | $625 | 1.70 | $1,062.50 |
| Ryan D. Harris | Partner, Corporate, Member of Illinois Bar since 2002 | $575 | 74.40 | $42,780.00 |
| Christopher Lin | Partner, Corporate, Member of Illinois Bar since 2002 | $545 | 1.00 | $545.00 |
| Andrew T. Turney | Partner, Corporate, Member of California Bar since 2003 | $535 | 5.10 | $2,728.50 |
| Jeffrey M. Holdvogt | Partner, Employee Benefits, Member of Illinois Bar since 2003 | $500 | 15.50 | $7,750.00 |
| Mark J. Altschul | Partner, Litigation, member of Illinois Bar since 2002 | $500 | 0.20 | $100.00 |
| Luis L. Granados, III | Counsel, Employee Benefits, Member of District of Columbia Bar since 1985, Member of Maryland Bar since 1979 | $730 | 22.60 | $16,498.00 |
| Chad D. Nardiello | Associate, Tax, Member of California Bar since 2003 | $450 | 4.90 | $2,205.00 |
| Timothy S. Shuman | Associate, Tax, Member of Illinois Bar since 2006, Member of District of Columbia Bar since 2007 | $440 | 20.10 | $8,844.00 |

DM_US 30520146-1.020336.0515

| | | | | |
|---|---|---|---|---|
| Enrica Ma | Associate, Tax, Member of District of Columbia Bar since 2009 | $390 | 63.40 | $24,726.00 |
| Gale E. Chan | Associate, Tax, Member of California Bar since 2007, Member of District of Columbia Bar since 2008 | $390 | 48.50 | $18,915.00 |
| Patrick J. McCurry | Associate, Tax, Member of Illinois Bar since 2007 | $360 | 59.80 | $21,528.00 |
| Andrew Blair-Stanek | Associate, Tax, Member of District of Columbia Bar since 2009 | $360 | 169.00 | $60,840.00 |
| Jared D. Zajac | Associate, Restructuring & Insolvency, Member of New York Bar since 2009 | $345 | 94.90 | $32,740.50 |
| Gregory A. Kopacz | Associate, Restructuring & Insolvency, Member of New York Bar since 2009 | $345 | 13.70 | $4,726.50 |
| Brian J. Tiemann | Associate, Employee Benefits, Member of Illinois Bar since 2009 | $330 | 3.10 | $1,023.00 |
| Cole Parker | Associate, Corporate, Bar admission pending | $295 | 15.80 | $4,661.00 |
| Brant A. Newgard | Senior Staff Attorney, Litigation, Member of Illinois Bar since 2005 | $245 | 469.50 | $115,027.50 |
| Nicole LeBeau | Staff Attorney, Litigation, Member of Illinois Bar since 2005 | $245 | 522.50 | $128,012.50 |
| Quinton McElhaney | Staff Attorney, Litigation, Member of Illinois Bar since 2009 | $245 | 424.60 | $104,027.00 |
| Daneen Berres | Contract Attorney | $100 | 15.20 | $1,520.00 |
| Yoaldena Canela | Contract Attorney | $100 | 286.40 | $28,640.00 |
| Sally Comin | Contract Attorney | $100 | 239.1 | $23,910.00 |
| Kimberly Hayden | Contract Attorney | $100 | 240.80 | $24,080.00 |
| Hiram Peacock | Contract Attorney | $100 | 250.00 | $25,000.00 |
| Antoinette Roush | Contract Attorney | $100 | 272.70 | $27,270.00 |
| Radhika Veerapaneni | Contract Attorney | $100 | 54.00 | $5,400.00 |
| Lekecia Underwood | Contract Attorney | $100 | 190.60 | $19,060.00 |
| Maggie Mitchell | Associate Legislative Director | $375 | 1.80 | $675.00 |

DM_US 30520146-1.020336.0515

| Daryl Gardner | Technology Project Manager | $330 | 9.70 | $3,201.00 |
|---|---|---|---|---|
| Serge Kernisan | Technology Project Manager | $250 | 25.40 | $6,350.00 |
| Raul Fention | Litigation Project Assistant | $165 | 1.00 | $165.00 |
| Bradley Tobias | Litigation Project Assistant | $165 | 1.00 | $165.00 |
| Eric Adams | Library Research Assistant | $155 | 1.00 | $155.00 |
| Grand Total: | | | 5,039.10 | $1,932,538.50 |
| Blended Rate: | | $383.50 | | |

- 6 -

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---:|---:|
| Cubs Post Closing Matters | 188.50 | $123,605.00 |
| General Employee Benefits Matters | 14.70 | $8,187.00 |
| Welfare Plans | 6.60 | $4,635.00 |
| Non-Qualified Plans | 0.30 | $243.00 |
| ESOP | 321.60 | $256,413.00 |
| Corporate/Credit Agreement/Phones | 6.10 | $3,620.00 |
| Newsday | 328.40 | $57,312.50 |
| LA Times | 4.70 | $2,514.50 |
| Chapter 11 Restructuring | 1,266.90 | $865,453.00 |
| Perfect Market, Inc. | 0.30 | $172.50 |
| All Direct Mail Services, Inc. | 0.40 | $214.00 |
| Baltimore Sun Mailers Pension Plan | 10.40 | $6,120.50 |
| 2009 Audit | 2,849.90 | $578,517.50 |
| Local TV | 38.70 | $24,381.00 |
| Excelerate Labs | 1.60 | $1,150.00 |
| **TOTAL:** | 5,039.10 | $1,932,538.50 |

DM_US 30520146-1.020336.0515

## EXPENSE SUMMARY

| Expense Category | Service Provider | Total Fees |
|---|---|---|
| Photocopy | In-House / Williams Lea Inc. | $360.80 |
| Messenger/Courier | U.S. Messenger & Logistics, Inc. GX Green Express, Inc. Washington Express Visa | $40.56 |
| Telecommunications | Conference Plus | $272.83 |
| Computer Research | PACER | $38.72 |
| Express Mail | Federal Express | $22.04 |
| Document Services – Discovery/Image Capturing | Legal Discovery LLC Landmark Legal Services | $3,748.92 |
| Transportation | | $1,073.01 |
| Computer Hosting Fee for Document Review | In-House | $8,312.30 |
| Usage Charge for Document Review and Production Software | In-House | $6,490.00 |
| Business Meals | | $159.50 |
| Facsimile | | $2.00 |
| Postage | | $2.20 |
| Administrative Overtime | In-House | $32.50 |
| **TOTAL** | | $20,555.38 |

DM_US 30520146-1.020336.0515

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Objections Due: November 28, 2011**<br>**Hearing Date:** *Only if Objections Are Filed* |

**ELEVENTH QUARTERLY FEE APPLICATION OF
McDERMOTT WILL & EMERY LLP, AS SPECIAL COUNSEL TO
DEBTORS FOR DOMESTIC LEGAL MATTERS FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR
THE PERIOD JUNE 1, 2011 THROUGH AUGUST 31, 2011**

McDermott Will & Emery LLP ("McDermott"), as Special Counsel for Domestic Legal

Matters to the Tribune Company, et al. (the "Debtors"), hereby submits this eleventh quarterly

application (the "Eleventh Quarterly Application") for approval and allowance of compensation

for services rendered in the amount of $1,932,538.50 (80% of which is $1,546,030.80) and

reimbursement for expenses incurred in the amount of $20,555.38 during the period commencing

June 1, 2011 through August 31, 2011 (the "Eleventh Quarterly Application Period"). This

Eleventh Quarterly Application is submitted pursuant to sections 330 and 331 of title 11 of the

United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules for the United States

Bankruptcy Court for the District of Delaware (the "Local Rules"), the Order Establishing

Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and

Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Compensation Order"), the

Executive Office of United States Trustees' Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 dated January 30,

1996 (the "Guidelines"), and the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications dated March 19, 2009 (the "Fee Examiner Order"). In support of this Eleventh Quarterly Application, McDermott respectfully represents as follows:

## JURISDICTION

1.      This Court has jurisdiction over this Eleventh Quarterly Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are sections 105(a), 330, and 331 of the Bankruptcy Code, and Bankruptcy Rule 2016.

## BACKGROUND

3.      On December 8, 2008 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court").  On December 10, 2008, the Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

4.      On October 12, 2009, Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, Inc. (the "Cubs" and one of the Debtors) filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Court.  On October 14, 2009, the Court entered an order consolidating the Cubs' chapter 11 case with the Debtors' chapter 11 cases for procedural purposes only.

5.      The Debtors have continued in possession of their respective properties and have continued in the management and operation of their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6.     No trustee has been appointed in these chapter 11 cases.

## McDERMOTT RETENTION

7.     Prior to the Petition Date, the Debtors retained McDermott as general legal counsel and agreed to pay on a monthly basis the reasonable value of services rendered based on McDermott's standard billing rates and pursuant to its standard reimbursement policies.

8.     On March 13, 2009, the Court authorized the employment and retention of McDermott pursuant to sections 105(a) and 327(a) as special counsel to the Debtors for general domestic legal matters, nunc pro tunc to December 8, 2008.

9.     On October 14, 2009, the Court entered an Order Directing (I) Joint Administration of Chapter 11 Cases and (II) That Certain Orders and Other Pleadings Entered or Filed in the Chapter 11 Cases of Tribune Company, et al. Be Made Applicable to Chapter 11 Case of Chicago National League Ball Club, LLC (the "CNLBC Order") [Docket no. 2333]. Pursuant to the CNLBC Order, McDermott's retention was extended to include the Cubs case.

## PROCEDURAL BACKGROUND

10.     The Compensation Order and the Fee Examiner Order (collectively, the "Fee Orders") provide that all professionals retained in these cases pursuant to sections 327, 328, or 1103 of the Bankruptcy Code must file with the Court and provide to the fee examiner their monthly applications for interim allowance of compensation for services rendered and reimbursement of expenses incurred, together with the time entries and itemized expenses (the "Monthly Fee Application"). The notice parties specified in the Fee Orders (the "Notice Parties") have twenty (20) days after service of a Monthly Fee Application to object to such Monthly Fee Application (the "Objection Deadline"). Upon expiration of the Objection Deadline, the professional must certify in writing to the Debtors that no objection or a partial

- 3 -

objection has been filed with the Court relative to that professional's Monthly Fee Application, whereupon the Debtors are authorized to pay such professional an amount equal to the lesser of (i) 80 percent of the fees and 100 percent of the expenses requested in the Monthly Fee Application or (ii) 80 percent of the fees and 100 percent of the expenses not subject to an objection.

11.    Pursuant to the procedures set forth in the Fee Orders, McDermott prepared, filed with the Court, and served upon the Notice Parties and the fee examiner Monthly Fee Applications for the months of June 2011, July 2011, and August 2011,[1] which Monthly Fee Applications are incorporated herein by reference and addressed in this Eleventh Quarterly Application.

12.    In addition, beginning with the three-month period ending on February 28, 2009, and for each three-month period thereafter, all professionals must file with the Court and serve on the Notice Parties interim applications for allowance of compensation and reimbursement of expenses of the amounts sought in the Monthly Fee Applications filed during such period (each a "Quarterly Fee Application Request").    Quarterly Fee Application Requests must include a summary of the Monthly Fee Applications that are the subject of the request and any other information requested by the Court or required by the Local Rules.    As noted, this Eleventh Quarterly Application represents the eleventh Quarterly Fee Application Request that McDermott has filed with the Court in connection with these chapter 11 cases, and it covers the period from June 1, 2011 through August 31, 2011.

---

[1] The docket numbers of McDermott's Monthly Fee Applications for June 2011, July 2011, and August 2011 are 9837, 9838, and 10050, respectively.

- 4 -

**RELIEF REQUESTED**

13.     By this Eleventh Quarterly Application, McDermott requests that the Court allow the interim allowance and award compensation for professional services rendered and reimbursement of actual and necessary expenses incurred by McDermott as special legal counsel to the Debtors during the Eleventh Quarterly Application Period.  Further, McDermott seeks this Court's allowance for payment of such amounts to McDermott, less any amounts previously paid to McDermott pursuant to the Monthly Fee Applications for the Eleventh Quarterly Application Period.

14.     During the Eleventh Quarterly Application Period, attorneys and paraprofessionals of McDermott have expended a total of 5,039.10 hours in connection with these chapter 11 cases.  The reasonable value of services rendered by McDermott to the Debtors during the Eleventh Quarterly Application Period is $1,932,538.50.  Such amount is the result of McDermott's normal hourly rates for work of this nature.   To the best of McDermott's knowledge, this Eleventh Quarterly Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and the Compensation Order.

15.     At the start of the Eleventh Quarterly Application Period, McDermott increased its hourly rate for one associate, Andrew Blair-Stanek.   In accordance with McDermott's representations in its application for employment in these cases, as well as the declaration of Blake Rubin in support thereof, McDermott provided the Debtors with prior notice of such increase and the Debtors have agreed to such increase.

DM_US 30520146-1.020336.0515

## COMPENSATION PAID AND ITS SOURCES

16.     All services for which compensation is requested by McDermott were performed for or on behalf of the Debtors.

17.     In compliance with Rule 2016, McDermott confirms that during the Eleventh Quarterly Application Period, McDermott received no payment and no promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Eleventh Quarterly Application, except from the Debtors.  There is no agreement or understanding between McDermott and any other person, other than members of the firm, for sharing of compensation to be received for services rendered in these cases.

18.     As of the Petition Date, McDermott held a retainer from the Debtors in the amount of $67,777.26.  The Debtors reduced their first payment to McDermott by the amount of the retainer and McDermott drew down on the retainer in connection with the payment pursuant to the Combined Monthly and First Quarterly Application.  Accordingly, McDermott no longer holds any retainer in connection with its retention in these cases.

## SUMMARY OF SERVICES

19.     The following is a summary of the activities performed by McDermott attorneys and paraprofessionals during the Eleventh Quarterly Application Period, organized by project category.

### Matter 0504 – Corporate/Credit Agreement/PHONES

20.     McDermott provided general legal advice with respect to the retirement of certain financial products the Debtors previously issued to investors.  McDermott further advised the Debtors with respect to a potential asset transaction.

- 6 -

**Matter 0507 – Newsday**

21.     McDermott assisted the Debtors in responding to an audit by the Internal Revenue Service, including drafting responses to information document requests and preparing for and conducting discovery in connection thereto.  McDermott also conducted a document review to respond to the discovery requests.  McDermott further drafted a confidentiality agreement for the Debtors.  McDermott also advised the Debtors on various issues with respect to responding to a summons.  McDermott further reviewed and advised the Debtors with respect to a formation agreement.

22.     In connection with the document review, McDermott provided the Debtors with the use of its e-discovery services.  The e-discovery services include the use of a computer program that allows attorney reviewers on the case to use specific review tools within the program and enables the attorney reviewers to identify which of the collected information is responsive to the Internal Revenue Service's request, and which of the responsive information should be withheld on the basis of a privilege.  Upon the attorney reviewers' completion of the document review, the technology project managers in charge of the e-discovery services (i) separated the responsive, non-privileged documents and exported them into a format that could be produced to the Internal Revenue Service, and (ii) separated the privileged documents so as to assist in the preparation of a privilege log to be produced to the Internal Revenue Service.

**Matter 0512 – LA Times**

23.     McDermott provided general corporate advice to the Debtors and advised the Debtors regarding a distribution agreement.

### Matter 0515 – Chapter 11 Restructuring/Tax Planning

24.    McDermott provided general tax advice to the Debtors regarding various tax issues related to the Debtors' emergence from bankruptcy.  McDermott researched and advised the Debtors with respect to various tax-related issues in connection with the Debtors' plan of reorganization, including the tax consequences of settling certain preferential and fraudulent transfer claims and various issues relating to the establishment of a litigation trust under a plan of reorganization and the potential tax implications with respect to certain issued debt.  McDermott also reviewed the Debtors' emergence and post-emergence plans and advised the Debtors on the tax implications of such plans, including the tax implications with respect to certain potential post-emergence transactions.  McDermott further advised the Debtors regarding their submission for a private letter ruling.  McDermott also advised the Debtors on various issues in connection with settling a litigation involving the Debtors' ESOP.  McDermott also appeared on the Debtors' behalf at various meetings and conferences with the Department of Justice in connection with the Debtors' ESOP litigation.  McDermott further drafted a memorandum of understanding and a settlement proposal with respect to such litigation.  Finally, McDermott advised the Debtors in connection with a notice of proposed adjustment.

### Matter 0515 – Chapter 11 Retention/Fee Application

25.    McDermott gathered and prepared various billing information required to file fee statements pursuant to the Compensation Order and the Guidelines.  McDermott also drafted and revised fee statements and quarterly fee applications for submission in accordance with the Compensation Order.

- 8 -

**Matter 0516 – Perfect Market, Inc.**

26.    McDermott provided the Debtors with general corporate legal advice and reviewed an audit committee charter for the Debtors.

**Matter 0520 – All Direct Mail Services, Inc.**

27.    McDermott provided the Debtors with general legal advice and revised a bill of sale for the Debtors.

**Matter 0522 – Baltimore Sun Mailers Pension Plan**

28.    McDermott provided the Debtors with general legal advice with respect to the Baltimore Sun Mailers pension plan and reviewed a compliance statement.

**Matter 0527 – 2009 Audit**

29.    McDermott assisted the Debtors in responding to an audit by the Internal Revenue Service in connection with the Debtors' 2009 taxable year, including preparing responses to information document requests. McDermott further performed an extensive document review in connection with the audit by the Internal Revenue Service and drafted a privilege and production log in connection therewith. McDermott also prepared documents to be turned over to the Internal Revenue Service in connection with the information document requests.

30.    In connection with the document review, McDermott provided the Debtors with the use of its e-discovery services. The e-discovery services include the use of a computer program that allows attorney reviewers on the case to use specific review tools within the program and enables the attorney reviewers to identify which of the collected information is responsive to the Internal Revenue Service's request, and which of the responsive information should be withheld on the basis of a privilege. Upon the attorney reviewers' completion of the document review, the technology project managers in charge of the e-discovery services (i)

- 9 -

separated the responsive, non-privileged documents and exported them into a format that could be produced to the Internal Revenue Service, and (ii) separated the privileged documents so as to assist in the preparation of a privilege log to be produced to the Internal Revenue Service.

### Matter 0529 – Local TV

31.    McDermott advised the Debtors with respect to a potential corporate transaction and advised the Debtors with respect to a license agreement and certain assignment agreements in connection with such transaction.

### Matter 0532 – Excelerate Labs

32.    McDermott provided the Debtors with general corporate advice and reviewed a limited liability company agreement.

### Matter 0021 – Cubs Post Closing Matters

33.    McDermott completed general post-closing work relating to the partnership transaction involving the Chicago Cubs baseball team.  McDermott further reviewed and advised the Debtors with respect to a professional engagement letter.  McDermott also reviewed and advised the Debtors with respect to a post-closing dispute.  McDermott further advised the Debtors with respect to a working capital dispute and reviewed various documents in connection therewith.  McDermott also drafted an arbitration submission for the Debtors in connection with the working capital dispute.  McDermott further drafted a response to an additional information request issued in connection with the working capital dispute.  McDermott also reviewed certain loan documents and other credit agreements for the Debtors.

DM_US 30520146-1.020336.0515

### Matter 0040 – General Employees Benefits Matters

34.     McDermott provided general legal advice to the Debtors with respect to the Debtors' benefit plans.  McDermott also researched and analyzed various issues involving benefit plan expenses for the Debtors.

### Matter 0041 – Welfare Plans

35.     McDermott provided general legal advice regarding programs offered by the Debtors to their employees and advised the Debtors with respect to certain medical benefits obligations.  McDermott further advised the Debtors with respect to a certain healthcare claim appeal.  McDermott also advised the Debtors with respect to certain plan amendments.

### Matter 0042- Non-Qualified Plans

36.     McDermott provided general legal advice regarding certain non-qualified programs offered by the Debtors to their employees.

### Matter 0047 – ESOP

37.     McDermott provided general legal advice on issues regarding the Debtors' ESOP. McDermott reviewed and analyzed various strategic issues relating to ongoing litigation and the Debtors' bankruptcy with respect to the Debtors' ESOP.  McDermott further drafted and revised a memorandum of understanding in connection with such litigation.  McDermott also conducted research with respect to various issues with respect to the Debtors' ESOP, including issues concerning the allocation of settlement proceeds.  McDermott further researched and analyzed various compliance issues for the Debtors with respect to their ESOP.  McDermott also drafted various pleadings in connection with the proposed settlement of the Debtors' ESOP litigation.

## ACTUAL AND NECESSARY EXPENSES

38.     McDermott seeks reimbursement of expenses actually and necessarily incurred in connection with the rendition of its services in the amount of $20,555.38.   The requested expenses are customarily charged to non-bankruptcy clients of McDermott.   Due to the complexity of the Debtors' corporate and financial structure, the Debtors have faced numerous critical and unique issues.  In order for McDermott to analyze and address such issues properly, McDermott attorneys may have performed computerized legal research and incurred other expenses during the Eleventh Quarterly Application Period, all of which was necessary to further the Debtors' reorganization and in the best interests of the Debtors' estates.

39.     With respect to photocopying expenses, McDermott ordinarily charges all of its clients $.20 per page, but pursuant to Local Rule 2016-2(e), McDermott has charged the Debtors the maximum permitted amount of $.10 per page.   With respect to facsimile expenses, in compliance with the Guidelines, McDermott charges $1.00 per page for facsimile transmissions.

40.     In addition, because of the nature of the Debtors' businesses and the location of certain key constituents in these cases, certain long distance telephone calls and conference calls may have been required.   These charges are intended to cover McDermott's direct operating costs, which costs are not incorporated into the McDermott hourly billing rates.   Only clients who actually use services of this type are separately charged for such services.

41.     Further, because of the nature of the Debtors' businesses and the location of certain key constituents in these cases, travel may have been required for certain matters. Typically, such travel expenses are initially borne by the attorney, then reimbursed by the firm and charged to the appropriate client and matter.

DM_US 30520146-1.020336.0515

42.     The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors, their estates, and creditors.

43.     To the extent that time or disbursement charges for services rendered or disbursements incurred during the Eleventh Quarterly Application Period, but were not processed prior to the preparation of this Eleventh Quarterly Application, McDermott reserves its rights to request additional compensation for such services, and reimbursement of such expenses in a future application.

## CONCLUSION

44.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by McDermott is fair and reasonable given (a) the complexity of the legal matters, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the cost of comparable services other than in a case under this title.  McDermott has reviewed the requirements of Local Rule 2016-2 and reasonably believes that this Eleventh Quarterly Application complies with that rule.

- 13 -

WHEREFORE, McDermott respectfully seeks allowance of the amounts set forth in the Eleventh Quarterly Application for the period of June 1, 2011 through August 31, 2011, specifically the amount of $1,932,538.50 (80% of which is $1,546,030.80) for professional services rendered, and reimbursement of expenses incurred in connection therewith in the amount of $20,555.38, for a total of $1,953,093.88.

Dated: Washington, District of Columbia
   November 8, 2011

     McDERMOTT WILL & EMERY LLP

     /s/  Blake D. Rubin
     Blake D. Rubin (admitted *pro hac vice*)
     600 13th Street, N.W.
     Washington, D.C. 20005-3096
     Telephone:  (202) 756-8424
     Facsimile:  (202) 756-8087

     and

     Jared D. Zajac (admitted *pro hac vice*)
     340 Madison Avenue
     New York, NY 10173-1922
     Telephone:  (212) 547-5598
     Facsimile:  (212) 547-5444

     *Special Counsel for Domestic Legal Matters to Tribune Company, et al.*

- 14-