# EXHIBIT D

# Rodden Declaration

CH1 6060468v.2
46429/0001-8059358v1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## DECLARATION OF JOHN RODDEN IN SUPPORT OF DEBTORS' FORTY-NINTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS

I, John Rodden, declare as follows:

1.  I am a Vice President of Tribune Company, one of the debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively the "Debtors"), and the ultimate parent of the other Debtors. In this position I am responsible—together with other members of the Debtors' management—for the management and oversight of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

the Debtors' restructuring efforts and business operations. I am generally familiar with the Debtors' day-to-day operations, financing arrangements, business affairs and books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amount thereof owed to their creditors.

2. I have read the Debtors' Forty-Ninth Omnibus (Substantive) Objection to Claims Pursuant to Sections 502 and 507 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007-1, and Local Rule 3007-1 (the "Objection")[2] and am directly, or by and through the Debtors' personnel and advisors, familiar with the information contained therein and with Exhibit A, Exhibit B, and Exhibit C attached thereto. I am authorized to submit this declaration (the "Declaration") in support of the Objection.

3. All matters set forth in this Declaration are based on: (a) my personal knowledge, (b) my review of relevant documents, (c) my view, based on my experience and knowledge of the Debtors' operations and personnel, (d) information supplied to me by others at the Debtors' request, or (e) as to matters involving United States bankruptcy law or rules or other applicable laws, my reliance on the advice of counsel or other advisors to the Debtors. If called upon to testify, I could and would testify competently to the facts set forth herein.

4. Considerable time and resources have been expended to review and reconcile the proofs of claim (the "Proofs of Claim") filed against the Debtors in these chapter 11 cases. Upon review of the Proofs of Claim filed in these chapter 11 cases and supporting documentation attached thereto, and their own Books and Records, which the Debtors believe to be accurate, the Debtors have determined that the Disputed Claims listed on Exhibit A, Exhibit B, and Exhibit C to the Objection and to the proposed form of order are not properly asserted pursuant to section 502 of the Bankruptcy Code, Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy

---

[2] All capitalized terms used but not defined herein shall have the meaning ascribed to them in the Objection.

Procedure, Local Rule 3007-1, and applicable orders of the Bankruptcy Court, as to the claim priority, the Debtor against which claims are asserted, and/or the claim classification. Accordingly, the Debtor have objected to each of the Disputed Claims listed on <u>Exhibit A</u>, <u>Exhibit B</u>, and <u>Exhibit C</u> to change the priority of, reassign, and/or change the classification of such claims as described in detail in the Objection and for the reasons set forth below:

### A.   Modified Priority Claims

5. To the best of my knowledge, information, and belief, each of the claims identified in <u>Exhibit A</u> to the Objection (the "Modified Priority Claims") asserted that all or a portion of the claim is entitled to priority, which the Debtors have determined is inaccurate. For the reasons stated on <u>Exhibit A</u> with respect to each of the Modified Priority Claims, the Debtors believe that the priority of the Modified Priority Claims should be modified, in whole or in part, as indicated under the column heading "Modified Priority Status" on <u>Exhibit A</u>.

### B.   Modified Debtor, Modified Priority Claims

6. To the best of my knowledge, information, and belief, each of the claims identified in <u>Exhibit B</u> to the Objection (the "Modified Priority, Modified Debtor Claims") (a) asserted that all or a portion of the claim is entitled to priority, which the Debtors have determined is inaccurate; and (b) failed to specify a particular Debtor or failed to identify the correct Debtor against which the claim is properly asserted. For the reasons stated on <u>Exhibit B</u> with respect to each of the Modified Priority, Modified Debtor Claims, the Debtors believe that the priority of the Modified Priority, Modified Debtor Claims should be modified, in whole or in part, as indicated under the column heading "Modified Priority Status" on <u>Exhibit B</u>, and the Debtor against which the claim is asserted should be modified to the Debtor specified under the column heading "Modified Debtor."

3

C.  **Reclassified Claims**

7. To the best of my knowledge, information, and belief, each of the claims identified in Exhibit C to the Objection (the "Reclassified Claims") asserted that all or a portion of the claim is entitled to secured status, which the Debtors have determined is inaccurate. For the reasons stated on Exhibit C with respect to each of the Reclassified Claims, the Debtors believe that the classification of the Reclassified Claims should be modified as indicated under the column heading "Modified Classification Status" on Exhibit C.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 10th day of November, 2011

By: John Rodden