**EXHIBIT 4**

Case 08-13141-BLS  Doc 10193-4  Filed 11/10/11  Page 1 of 13

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOANN PARKER, ) | Case No. 1:10-cv-1457 |
| ) | |
| Plaintiff, ) | Judge Bucklo |
| ) | |
| vs. ) | Magistrate Valdez |
| ) | |
| CHICAGO TRIBUNE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

NOW COMES Plaintiff, JOANN PARKER, by and through counsel, pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1 filing the herein Memorandum In Opposition to Defendant's Motion for Summary Judgment.

**INTRODUCTION**

The Defendant, Chicago Tribune, filed for Chapter 11 bankruptcy on December 8, 2008. The Plaintiff, Joann Parker, was employed by the Defendant until February 6, 2009. Pending before this Court is Plaintiff's Second Amended Complaint alleging seven (7) counts of employment discrimination. Plaintiff's Counts 1 and 2 (violations under Title VII), Count 6 (violation under the ADEA) and Count 7 (violation under the ADA) allege claims for actions occuring before December 8, 2008 (pre-petition). Plaintiff's Counts 3, 4, and 5 (violations under Section 1981) allege claims for termination and retaliation occuring after December 8, 2009 (post-petition). The Defendant seeks summary judgment in the entirety and dismissal with prejudice.

Specifically, as to Plaintiff's pre-petition claims, the Defendant argues that it is

entitled to summary judgment and dismissal of plaintiff's complaint with prejudice because:1) The "automatic stay" provision under Section 362 of the United States Bankruptcy Statute prohibits the commencement or continuation of actions against the Defendant for actions occuring before December 8, 2008; and 2) Plaintiff's pre-petition claims are barred and the Plaintiff is precluded from recovery because she did not file a proof of claim with the bankruptcy court by the bar date.

Plaintiff does not dispute that her pre-petition claims are subject to the automatic stay under Section 362 of the U.S. Bankruptcy Code. Due to the fact that Plaintiff's pre-petition claims are subject to the automatic stay, any ruling on motion for summary judgment, one way or the other, would be void, and without legal effect.

Plaintiff does dispute that this Court can decide the issue of whether plaintiff's pre-petition claims are barred and she is precluded from recovery. The Bankruptcy Court has not issued an order confirming a reorganization plan. As such, there is no order from the Bankruptcy Court on the status of claims that the Defendant can argue would entitle it to summary judgment, as a matter of law.

As to Plaintiff's post-petition claim for termination, the Defendant argues that it is entitled to summary judgment and dismissal with prejudice because Plaintiff can not present evidence that its articulated reason for termination was pretextual to cover up discrimination. Plaintiff can prove her case by the indirect method of proof, and demonstrate dishonesty that would allow a rational jury to conclude that the defendant was hiding something to cover up for discrimination.

Finally, the Defendant argues that it is entitled to summary judgment and dismissal of plaintiff's retaliation and termination ("separation"/ "discharge") claims with

prejudice. The defendant claims that plaintiff failed to exhaust her administrative remedies by not alleging retaliation and termination on her EEOC charge sheets. Plaintiff alleged termination and retaliation claims under her Section 1981 Counts. Section 1981 claims are not subject to the exhaustion of administrative remedies requirements.

For the above reasons, the defendant's motion for summary judgment on plaintiff's pre-petition claims should be denied, and the pre-petition claims stayed, until after confirmation of defendant's bankruptcy or a relief from the stay. The defendant's motion for summary judgment on plaintiff's post-petition claims should be denied, as a matter of law. Also, the defendant's motion for summary judgment on its exhaustion of remedies argument should be denied, as a matter of law.

## ARGUMENT

### I. PLAINTIFF'S CLAIMS BASED ON EVENTS THAT OCCURRED BEFORE DECEMBER 8, 2008 ARE NOT BARRED.

A. Plaintiff acknowledges that her Counts 1 2, 6 and 7 and claims under Counts 3, 4, and 5 for actions on or before December 8, 2008 are subject to the Automatic Stay entered by the District of Delaware Bankruptcy Court.

The defendant had this matter removed from the State Court. (Pl.'s Attachment 1, Defendant's Notice of Removal Paragraphs   ). The defendant filed motions on this case both in the State and Federal Court on matters non related to its bankruptcy status. (Pl.'s Attachment 1, Defendant's Notice of Removal Paragraphs   ; Pl.'s Attachment 3 Court Order ruling on defendant's motion for partial summary judgment as to Plaintiff's First

Amended Complaint ). The history on this case shows that defendant engaged in defending this lawsuit as if defendant had waived the automatic stay relief under Section 362. Plaintiff did find case law wherein the bankruptcy court held that the Debtor in possession in a Chapter 11 bankruptcy can waive protection of the automatic stay, In re Mid-City Parking, Inc., Debtor, 332 B.R. 798 (2005)  However, In re Mid-City appears to be distinguishable from this case because it dealt with the issue of the debtor in possession filing an appeal from a judgment entered against the debtor before filing bankruptcy and for which the District Court held was for the benefit of the administration of the bankruptcy estate.

Therefore, plaintiff's counsel acknowledges that there is no legal bases to continue litigation ( absent a relief from stay) of plaintiff's pre-petition claims in her Second Amended Complaint ( Counts 1, 2, 6, 7, and claims in Counts 3, 4, and 5, excluding claim for termination in paragraph 83 of Count 3)  To the extent that defendant may be seeking summary judgment and dismissal of plaintiff's pre-petition claims, the automatic stay would render an order, one way or the other, void. In re Enyedi, 371 B.R. 327, 334 (Bankr. N.D. Ill. 2007)

        B.      Plaintiff is not precluded from recovery on her pre-petition claims because a Chapter 13 Plan has not been confirmed and Plaintiff has motioned to file a late proof of claim.

The Defendant requests that this Court rule that plaintiff's pre-petition causes of action be barred and that she is precluded from recovery, because she did not file a proof of claim by the bar date. Whether or not plaintiff's counts are barred and she is precluded

from recovery is within the jurisdiction of the District of Delaware Bankruptcy Court. First because, the defendant's petition for Chapter 11 relief is still pending ( Def. Statement of Facts 16) As of the date of filing the herein response, upon information and belief the District of Delaware Bankruptcy Court has not issued an order confirming a Plan of Reorganization for the defendant. As such, there is no final order directing which level of debts there will be an order of no assets for distribution. Second, Plaintiff has pening before the Delaware District Bankruptcy Court, her Motion For Leave to File Late Proof of Claim of Proof (Pl.'s Attachment 4, Motion to File Late).

## II   THE COURT HAS ALREADY ADDRESSED THE DEFENDANT'S FAILURE TO EXHAUST REMEDIES ISSUE

The defendant's failure to exhaust remedies argument would apply to plaintiff's pre-petition counts brought under Title VII, the ADEA, and the Americans with Disabilities Act, if plaintiff had raised retaliation and termination under either. The defendant specifically argues that plaintiff did not exhaust her administrative remedies by failing to allege "retaliation", and "discharge", in either of her two EEOC charges. Counsel for the defendant raised this same issue in regard to plaintiff's First Amended Complaint. ( Pl.'s Attachment 2 Transcript) Counsel for plaintiff acknowledged that "termination was not raised in her Title VII count and advised the Court that "termination" was raised in "paragraph 67" ( Section 1981 Count). ( Pl.'s Attachment 2 Transcript) Likewise, plaintiff's Second Amended Complaint alleges a claim for termination under Section 1981 ( Count 3, Paragraph 83). Section 1981 does not require exhausation of administrative remedies. <u>Peters v. Renaissance Hotel Operating Co.</u>, 307 F. 3d 535 (7th Cir. 2002)

On April 9, 2010 the Court entered an order granting the defendant's motion to dismiss certain counts in plaintiff's First Amended Complaint, including a Count 2 alleging retaliation under Title VII. Plaintiff has not alleged retaliation under Title VII in her Second Amended Complaint. The defendant has not raised anything new in this argument. Further, the defendant's argument is about pre-petition counts, plaintiff has acknowledged that they are subject to the automatic stay.

Finally, the defendant has on several occasions made an assertion that plaintiff stipulated to a fact pertaining to her termination. Counsel for plaintiff made no such stipulations. The transcript of the status call conducted before the court on March 18, 2010, shows that defense counsel "requested" a stipulation, but plaintiff's counsel never acknowledged the request and never stated an intent to stipulate. Plaintiff's counsel indicated only that she acknowledged plaintiff's termination had not been raised under her Title VII complaints. ( Pl.'s Attachment 2 Transcript)

### III. THE DEFENDANT IS NOT ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S SECTON 1981 CLAIM(REFERED TO BY DEFENDANT AS CLAIMS RELATED TO HER SEPARATION)

Plaintiff stated consistently throughout her deposition that she observed there were less and less African Americans and more and more white employees. ( Def.'s Statement of Facts 43, Pl.'s Dep. P. 468 ). It was plaintiff's observation that the defendant was hiring whites, while terminating African-Americans.( Def.'s Statement of Facts 43, Pl.'s Dep. P. 468 ). The defendant argues that it had to reduce headcount and was letting people go. (Def.'s Statement of Facts 25) However, according to Joy Harris, in and about August of 2008 she had trained new hires and at some point before she resigned in

May 2010, there were less than 40 Advertising Representatives, which was more than the ten (10) as stated by Ms. Glassberg in her Declaration. ( Harris Dep. 4, 32, 47) So, it would seem that the defendant was increasing staff. In any event, the basis of plaintiff's claim and argument, is not with the legitimacy of the defendant's reduction in force, but the discriminatory inclusion of plaintiff in the February 6, 2009 reduction in force.

The defendant argues that plaintiff can not defeat summary judgment because she can no prove pretext. Plaintiff alleged in her complaint that she was terminated due to her race in violation of Section 1981( Count 3 Paragraph 83) The defendant argues that plaintiff was terminated on February 6, 2009 due to a reduction in force. Plaintiff alleged in her complaint that white employees similarly situated as she were not terminated. (Paragraphs 89, 90)

Plaintiff can prove discrimination based upon race by the indirect method of proof as set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973) The defendant indicated in a footnote, that it assumes for the purpose of its motion that plaintiff has made out a prima facie case, but argues that it is entitled to summary judgment because plaintiff can not present evidence to establish pretext.

Plaintiff relies upon the deposition testimony of Griselda Silva, and documents presented by the defendant in response to discovery and introduced during Ms. Silva's deposition. ( Pl.'s Attachment 5, Deposition Testimony of Griselda Silva )

Griselda Silva was the employee for defendant designated as authorized to provide answers to plaintiff's discovery requests on behalf of defendant. Griselda Silva is employed by the defendant in a position related to the defendant's Human Resources

Department. Plaintiff took Ms. Silva deposition on April 20, 2011 ( Pl.'s Attachment 5, Deposition Testimony of Griselda Silva )

In response to plaintiff's discovery requests, the defendant provided documents that were Bates Stamped "CTC 00001 through CTC 000781 ( Silva's Dep. Testimony P. 17-21, 27)  In response to plaintiff's discovery requests for the names of employees, who were terminated due to a reduction in force on February 6, 2009, the defendant's answer was "See CTC 780-781".( Silva's. Dep. Testimony P. 26-27, 32,34.39,40- 42; Dep. Ex. 4) In response to plaintiff's discovery requests for the names of employees on February 5, 2009, the day before the reduction in force, having the same job classification as plaintiff, the defendant's response was "See CTC  00776-00779" ( Silva's Dep. Testimony  P. 42-43,  Dep. Ex. 5 ) The Bates Stamped  "CTC 00780-00781" and "CTC 00776-00779" were plaintiff's deposition exhibits 4 and 5, respectively ( Silva's Dep. Testimony P. 27, 43)

On  2/6/09 plaintiff and five other Inbound Sales Representatives were terminated, namelyLawrence Ward, Roxanne Harris, Audria Wilson, Patricia Walker, and Pamela D. Perrin-Anderson. Plaintiff and the five other Inbound Sales Representatives were African American. ( Silva Dep. Testimony P. 4, Dep. Ex. 4; Bates Stamp "CTC 00780- 00781)

In response to plaintiff's discovery requests, two white Inbound Sales Representatives, Sharla Nolte and Krystal Baugher were lisited as having the same job classification as plaintiff on  February 5, 2009. ( Silva's Dep. Testimony P. 42-50; Dep. Ex. 5; Bates stamped "CTC 00776-00779") Sharla Nolte and Krystal Baugher were not terminated on 2/6/09. Rather they remained and were later transferred. ( Silva's Dep.

Testimony of Silva P. 49-50 ; Dep. Ex. 5; Bates stamped "CTC 00776-00779")Sharla Nolte was listed as being in the same vertical as plaintiff. ( Dep. Ex. 5 Bates stamped "CTC 00776-00779") Plaintiff had more seniority than both Sharla Nolte and Krystal Baugher. ( Silva's Dep. Testimony P. 50-53; Dep. Ex. 5)

Ellen Glassberg testified that she made the decision to include plaintiff in the reduction in force termination, based on seniority. (Glassberg Dep. Testimony P. 111) Ms. Glassberg testified that she did not consider part time employees, which she testified Sharla Nolte and Kystal Baugher were, for the February 6, 2009 reduction in force for which plaintiff was included. ( Glassberg's Dep. P. 147-148) Ms. Glassberg testified that she had "no idea", as to whether Sharla Nolte and Krystal Baugher were listed as part time, on the discovery provided by defendant.( Glassberg's Dep. P 149) Ms. Glassberg's deposition testimony was the first time a factor other than seniority, by hire date, was mentioned. Ms. Glassberg testified that Sharla Nolte and Kystal Baugher were par time, but did not specifically state that they were part time at the time of the subject February 6, 2009 reduction in force. Ms. Glassberg testified that she asked Joy Harris to prepare a list, but she did not state when she made the request. ( Glassberg's Dep. P 156-159) Joy Harris did not testify that she was requested to submit a list catagorizing whether the representatives were part time/full time, <u>specifically</u> for the February 6, 2009 reduction in force. (Harris's dep. P. 72-76)

During the course of discovery, the defendant tendered a copy of its response to plaintiff's ADA charge, filed with the EEOC on October 28, 2009 . In the defendant's response to the EEOC defendant stated its position that plaintiff was terminated due to a reduction in force based upon seniority. Ellen Glassberg participated in the response by

providing information. In support, defendant directed the EEOC to a "Tab C" ( Ellen Glassberg's Dep. Testimony P. 150-155 ; Dep. Ex. 7)

Defendant provided Tab C to plaintiff sometime during or after the taking of Ms. Glassberg's deposition. ( Ellen Glassberg's Dep. Testimony P. 150-155 ; Dep. Ex. 7) The contents of 'Tab C", did not contain support for defendant's inclusion of plaintiff in the February 6, 2009 reduction in force. The contents of Tab C were nine pages Bates Stamped 336-345 consisting of the EEOC 1 typed intake page( CTC 336),2 handwritten EEOC intake notes (CTC 337-338), 1 information sheet signed by plaintiff (CTC 339), 4 page EEOC Intake Questionnaire completed by plaintiff(CTC340-343 and 1 page EEOC notice signed by plaintiff (CTC 345).

Ms. Glassberg testified that she participated in providing information for the October 28, 2009 response to EEOC. ( Glassberg's Depositon, P. 150-155; Dep Ex. 7) The response did not state that three factors were considered for inclusion in the February 6, 2009 reduction in force, and did not state that part time employees were not considered.

Ellen Glassberg submitted a Declaration with an Exhibit 1, in support of defendant's Motion for Summary Judgment. ( Def"s Materials) In paragraph 14 of Ms. Glassberg's Declaration she states that her "Exhibit 1 to this declaration was previously produced as documents bates labeled CTC 00776-CTC 00779" and is a "true and accurate list of the call center employees as of February 5, 2009". [1] Ms. Glassberg's Ex. 1 is not the same document previously produced by defendant in discovery. ( See Pl.'s Dep. Ex. 5 attached to Silva's deposition) Ms. Glassberg's Exhibit 1 inserts a category for part-time/full time, which was not on the documents provided by the defendant during

---
[1] See Plaintiff's Motion to Strike

discovery and identified by Ms. Silva in her deposition as Bates Stamped "CTC 00776-00779". Further, Ms. Glassberg's Exhibit 1 does not contain CTC Bates stamps as she stated in her declaration.

Whether the defendant used a factor other than seniority, based upon hire date, at the time of the February 6, 2009 is material to resolution of this matter. The defendant sought fit to have Ms. Glassberg submit a Declaration on this material fact. Ms. Glassberg's declaration contained a false statement (paragraph 14). Ms. Glassberg attached to her Declaration a document purporting to be the same as was tendered to plaintiff. Ms. Silva's deposition testimony and the deposition exhibits clearly show that Ms. Glassberg was being dishonest about her Exhibit 1. Similarly, to the Tab C submissions to the EEOC, which turned out to have nothing to do with defendant's reduction in force.

Apparently, defendant thought that plaintiff's counsel would not catch this. Then the Court would Glassberg's Exhibit 1, and accept defendant's argument. Plaintiff contends that based upon the defendant's shifting from the factor of seniority to three factors when Glassberg testified, the misrepresentation in the Tab C submissions to the EEOC, and the false Declaration and Exhibit, that a reasonable jury could conclude that the defendant was dishonest. From the evidence of defendant's shifting position and dishonesty, a reasonable jury could conclude that the defendant was hiding something. The something being the true explanation of unlawful discrimination based upon race, in including plaintiff in the February 6, 2009 reduction. Perdomo v. Browner 67 F. 3d 140, 145 (7th Cir. 1995); Culver v. Gorman 416 F. 3d 540, 545 (7th Cir. 2005); Simple v. Walgreens Co. 511 F. 3d 668, 671 (7th Cir. 2007).

## CONCLUSION

For all the above reasons, plaintiff prays that the defendant's Motion for Summary Judgment be denied in the entirety.

                                    Respectfully submitted:

                                    Joann Parker
                                    By: /s/ Patricia E. Bender
                                    Patricia E. Bender
                                     Attorney for Joann Parker

Patricia E. Bender
Attorney at Law
5415 N. Sheridan Rd., Suite 1411
Chicago, Illinois 60640
(773) 878-7148