# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br>**Requested Hearing Date: December 13, 2011 at 1:00 p.m. ET**<br>**Objection Deadline: December 1, 2011 at 4:00 p.m. ET** |

## APPLICATION OF SNR DENTON US LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED AS ORDINARY COURSE COUNSEL TO THE DEBTORS DURING THE PERIOD FROM SEPTEMBER 1, 2011 THROUGH OCTOBER 31, 2011[2]

SNR Denton US LLP (f/k/a Sonnenschein Nath & Rosenthal LLP, "SNR"), ordinary course counsel in connection with certain corporate and litigation matters to the debtors

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] The Debtors are in the process of retaining SNR as a professional pursuant to Section 327 of the Bankruptcy Code. The Debtors and SNR intend to file SNR's retention application as a Section 327 professional in the near future.

and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully submits this application (the "Application"), pursuant to (i) sections 327, 331, and 503 of title 11 of the United States Code (the "Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (iv) the Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business (D.I. 227) (the "OCP Order"), (v) the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (D.I. 225) (the "Interim Compensation Order"), as amended, and (vi) the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications (D.I. 546) (the "Fee Examiner Order") for (a) the allowance and payment of fees in the aggregate amount of $122,399.00, and expenses in the aggregate amount of $908.02 for services rendered to the Debtors during the period from September 1, 2011 through October 31, 2011; and (b) the limited waiver of the procedures for the approval and payment of professional compensation and consideration of fee applications set forth in the Interim Compensation Order with respect to this Application (as discussed at paragraph 14, infra). In support of the Application, SNR respectfully states as follows:

## BACKGROUND OF THE CASES

1. On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its subsidiaries each filed a voluntary petition for relief under chapter

11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC,[3] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 111 entities.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). (D.I. 43, 2333.)

3. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee").

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 327, 331, and 503 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-2 of the Local Rules.

**PROCEDURAL BACKGROUND FOR THE APPLICATION**

6. On December 26, 2008, the Debtors filed the Motion for an Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code (D.I. 148) (the "OCP Motion"). In the OCP Motion, the Debtors sought

---

[3] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

approval of this Court to employ and retain the Ordinary Course Professionals[4] to provide services to the Debtors as necessary for the day-to-day operations of the Debtors' businesses on terms substantially similar to those in effect prior to the Petition Date. <u>Exhibit A</u> to the OCP Motion contained a list of such Ordinary Course Professionals sought to be retained by the Debtors, including SNR.[5] On January 15, 2009, this Court granted the OCP Order approving procedures for the employment, retention, and compensation of the Ordinary Course Professionals. (D.I. 227.)

       7.     Retention and compensation of the Ordinary Course Professionals is subject to the terms and conditions described in the OCP Order, including a Monthly Cap on the fees permitted to be paid to such Ordinary Course Professionals, per month on average over a rolling three-month period for Monthly Caps that are less than $50,000 per month, or a rolling two-month period for Monthly Caps of $50,000 per month. Expenses are not considered for the purpose of calculating the applicable Monthly Cap. SNR was retained by the Debtors with respect to certain First Amendment, litigation and outsourcing matters (collectively, the "<u>Tribune Representations</u>") in the ordinary course of business, with a Monthly Cap of $50,000.

       8.     The OCP Order provides that in the event the fees incurred and invoiced by any Ordinary Course Professional exceed the applicable Monthly Cap, such Ordinary Course Professional shall be required to seek the Court's approval of all fees invoiced for that month in accordance with the procedures set forth in the Interim Compensation Order and the Fee Examiner Order.

---

[4] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the OCP Motion and OCP Order.

[5] Exhibit A to the OCP Motion has been subsequently supplemented and amended by the Debtors to add additional Ordinary Course Professionals or to seek increases to the Monthly Cap applicable to existing Ordinary Course Professionals. (See D.I. 544, 877, 1086, 1756, 1826, 1887, 2283, 2412, 2865, 3222, 3861, 4214, 4607, 4614 and 5846.)

## BACKGROUND CONCERNING THE RELIEF REQUESTED

9. During the period covered by this Application, SNR represented the Debtors with respect to various Tribune Representations that have arisen or have resulted in unanticipated legal costs subsequent to the Petition Date. These have included, but are not limited to, the representation of one or more of the Debtors in connection with subpoenas issued for a reporter's notes, the representation of one or more of the Debtors in connection with an appeal of a reporter's FOIA request, the briefing in the Seventh Circuit for University of Illinois's appeal regarding releases of university records under the Federal Educational Rights and Privacy Act, the representation of one or more of the Debtors in connection with written discovery and factual investigation of claims asserted against one or more of the Debtors for intrusion into seclusion, the representation of one or more of the Debtors in connection with negotiating transactions with various counterparties, defending one or more of the Debtors in a breach of contract case, and providing one or more of the Debtors legal advice on editorial and publication issues. These representations of the Debtors by SNR, taken together with SNR's representations of the Debtors in connection with the pre-existing Tribune Representations, caused SNR's fees to exceed the Monthly Cap of $50,000 over the two-month period of September and October 2011.

10. Specifically, the Debtors have reviewed invoices submitted to them by SNR for fees incurred during the month of September 2011 and have approved as necessary and proper fees in the amount of $43,725.50[6] and expenses in the amount of $471.20. For the month

---

[6] Included as part of the fees requested for approval in this Application are $287.50 of fees incurred by SNR in February as part of Invoice No. 1288412. The full amount of Invoice No. 1288412 is $20,545.00. Invoice No. 1288412 was sent to the Debtors in April 2011 and contained all March time entries, except for the one February time entry in the amount of $287.50. As part of its March-April 2011 fee application filed with this Court, SNR requested the Court's approval of $20,257.50 of the $20,545.00 invoice (excluding the $287.50 of fees incurred in

of October 2011, the Debtors have approved as necessary and proper fees incurred by SNR in the amount of $78,673.50 and expenses in the amount of $436.82.

11.  The Debtors have informed SNR that SNR has exceeded its Monthly Cap of $50,000 over the two-month period of September and October 2011. The Debtors have advised SNR that because the aggregate fees incurred in the months of September and October 2011 exceeded the firm's applicable Monthly Cap, SNR is required to seek the Court's allowance of the entire amount of the firm's September and October 2011 invoices.

## RELIEF REQUESTED

12.  By this Application, SNR seeks (i) the allowance and payment of fees in the amount of $43,725.50 and expenses in the amount of $471.20 for services rendered to Debtors during the month of September 2011; (ii) the allowance and payment of fees in the amount of $78,673.50 and expenses in the amount of $436.82 for services rendered to the Debtors during the month of October 2011; and (iii) a limited waiver of the procedures for the approval and payment of professional compensation and consideration of fee applications set forth in the Interim Compensation Order with respect to this Application. Additional information as required by Local Rule 2016-2(c), (d), and (e) relating to the fees and expenses requested herein is provided on Exhibits A-C to this Application.[7]

## BASIS FOR RELIEF REQUESTED

13.  The net effect of the increased activity in the various Tribune Representations on which SNR represents the Debtors in the months of September and October

---

February), which the Court has approved. The $287.50 of February time has not previously been ncluded by SNR in a fee application; thus, SNR is seeking its approval as part of this Application.

[7] Certain invoices that constitute Exhibit A contain time entries that have been redacted due to their sensitive and privileged nature. Upon reasonable request, SNR will provide requesting parties with unredacted copies of such invoices.

2011 has been a correspondingly greater-than-anticipated expenditure of time and services by SNR. SNR contends that the services rendered have been fair and reasonable and well within the range of fees that would be charged by similar corporate and litigation counsel for matters of this type. Further, SNR submits that the Debtors' estates have benefited from the legal services that SNR has provided to the Debtors with respect to the Tribune Representations.

### Request for Limited Waiver of Interim Compensation Procedures

14. In the past, this Court has granted limited waivers of the otherwise-applicable procedures for compensation and reimbursement of expenses for professionals and consideration of fee applications set forth in this Court's Interim Compensation Order with respect to fee applications submitted by the Debtors' Ordinary Course Professionals.[8] SNR respectfully submits that good cause similarly exists for the Court to grant a limited waiver from such procedures to reduce the additional costs and delay of obtaining approval and payment of such amounts, solely for the purpose of permitting the Debtors to pay SNR the full amount of the fees and expenses it incurred during the period from September 1, 2011 through October 31, 2011, rather than requiring SNR to seek approval of its fee on an interim basis subject to a 20% holdback and to seek the Court's allowance of such fees and expenses on a quarterly basis subject to the Fee Examiner's review and report. SNR understands that it may be several

---

[8] See, e.g., Order Granting First and Final Application of Day Pitney LLP for Compensation and Reimbursement of Expenses (D.I. 5690); Order Allowing Payment of Compensation to Downey, Smith & Fier For Services Rendered to Debtor Los Angeles Times Communications LLC in the Ordinary Course of Business (D.I 5433); Order Allowing Compensation and Reimbursement of Expenses to Levine Sullivan Koch & Schultz as Ordinary Course Counsel to the Debtors for Certain Litigation Matters (D.I. 5313); Order Allowing Compensation and Reimbursement of Expenses to Offit Kurman as Ordinary Course Counsel to the Debtors for Certain Labor-Related Matters (D.I. 4773); Order Allowing Compensation to Thomas & LoCicero PL for Services Rendered as Ordinary Course Counsel to the Debtors for Certain Litigation Matters (D.I. 4411); Order Allowing Compensation to Corporate Tax Management, Inc. for Services Rendered as Tax Advisors to Debtor Los Angeles Times Communication LLC in the Ordinary Course of Business (D.I. 3807); Order Allowing Payment of Fees and Expenses to Horwood, Marcus & Berk Chartered for Services Rendered to the Debtors in the Ordinary Course of Business (D.I. 3425); Order Allowing Payment of Contingency Fee to Downey, Smith & Fier For Services Rendered to Debtor Los Angeles Times Communications LLC in the Ordinary Course of Business (D.I. 849).

additional months before this Court will consider professionals' fee applications for the period covered by this Application. In the alternative, SNR requests that the Court consider this Application at the next hearing scheduled for the consideration of interim fee applications.

### Payment from Debtors; No Sharing of Compensation

15. SNR has received no payment and no promises of payment from any source other than the Debtors for services rendered as an Ordinary Course Professional to the Debtors in these chapter 11 cases. There is no agreement between SNR and any other party for the sharing of compensation to be received for the services rendered by SNR to the Debtors. All professional and paraprofessional services for which compensation is sought herein were rendered solely for or on behalf of the Debtors.

### REVIEW OF APPLICABLE LOCAL RULE

16. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of her information, knowledge and belief that this Application complies with the requirements of Local Rule 2016-2.

17. The undersigned further certifies that the Debtors have had an opportunity to review this Application before it was filed with the Court.

### NO PRIOR REQUEST

18. No previous application with respect to the relief requested herein has been made to this or any other Court.

WHEREFORE, after appropriate notice and hearing, SNR respectfully requests the Court enter an order (i) allowing fees in the amount of $43,725.50 and expenses in the amount of $471.20 for services rendered to Debtors during the month of September 2011; (ii) allowing fees in the amount of $78,673.50 and expenses in the amount of $436.82 for services rendered to the Debtors during the month of October 2011; (iii) waiving the procedures for compensation and reimbursement of expenses for professionals and consideration of fee applications set forth in this Court's Interim Compensation Order with respect to this Application, and (iv) granting such further relief as is just and proper.

Dated: November 10, 2011

                                            Respectfully submitted,

                                            /s/ Stefanie L. Wowchuk
                                            Stefanie L. Wowchuk
                                            SNR DENTON US LLP
                                            233 S. Wacker Drive
                                            Suite 7800
                                            Chicago, IL 60606
                                            Telephone: 312-876-2569
                                            Facsimile:  312-876-7934