IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------x
In re:                                                 :   Chapter 11 Cases
                                                       :   Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.                                :   (Jointly Administered)
                                                       :
                    Debtors.                           :   Objection Deadline: December 6, 2011
                                                       :   Hearing Date: December 13, 2011
------------------------------------------------------x   Related Dkt. No. 10133, 10134, 10222
```

**JOINDER OF BRIGADE CAPITAL MANAGEMENT, LLC IN THE
JOINT MOTION OF LAW DEBENTURE TRUST COMPANY OF NEW YORK
AND DEUTSCHE BANK TRUST COMPANY AMERICAS REQUESTING
RECONSIDERATION OF THE COURT'S CONFIRMATION OPINION
WITH RESPECT TO THE SUBORDINATION OF THE PHONES**

Brigade Capital Management, LLC ("Brigade"), on behalf of its managed entities, by and through its undersigned counsel, hereby joins in the "Joint Motion Of Law Debenture Trust Company Of New York and Deutsche Bank Trust Company Americas Requesting Reconsideration of the Court's Confirmation Opinion with Respect to the Subordination of the Phones" (the "Reconsideration Motion") [Dkt. No. 10222],[1] filed by Law Debenture Trust Company of New York ("Law Debenture"), in its capacity as successor indenture trustee for certain series of senior notes issued by Tribune Company, and Deutsche Bank Trust Company Americas ("DBTCA" and, together with Law Debenture, the "Movants"), in its capacity as successor indenture trustee for certain series of senior notes issued by Tribune Company, for entry of an order, upon reconsideration of the Confirmation Opinion, (i) vacating that portion of the Confirmation Opinion providing that "causes of action that the Debtors' estates may assert under Chapter 5 of the Bankruptcy Code are not 'assets of the Company' subject to the PHONES'

---

[1] Terms not otherwise defined in herein shall have the same meanings ascribed to them in the Reconsideration Motion.

1

subordination provision;" and (ii) amending the Confirmation Opinion to modify and supplement its conclusions of law to support the DCL Plan's subordinated treatment of the claims held by holders of the PHONES with respect to all payments from the Litigation Trust.

Brigade joins in the Movants' Reconsideration Motion on the basis set forth therein, reserves all rights to amend or supplement this Joinder and file a reply in response to any opposition to the Reconsideration Motion. In further support of the Motion, Brigade respectfully submits as follows:

1. There is no question that if Tribune had $1,000,000 in cash the day before it filed for bankruptcy, retained that cash in bankruptcy and paid it to creditors, the subordination provisions of the PHONES would clearly require that any payments from those funds that would otherwise have been made on account of the PHONES would have to be reallocated to "Senior Indebtedness." The effect of the Court's interpretation, however, is that, if the day before the bankruptcy filing, Tribune fraudulently conveyed the $1,000,000 in cash; the estate obtained a $1,000,000 fraudulent conveyance judgment to recover that transfer; and the $1,000,000 recovered was then paid to creditors, the subordination provision would not apply, i.e., the debtor's fraudulent conveyance would give the PHONES a windfall. Brigade respectfully submits that the provisions of the PHONES Indenture, taken as a whole, along with long-standing principles of contract interpretation, simply do not support this commercially unreasonable result.

2. In making the finding regarding the scope of the PHONES subordination that is the subject of the Reconsideration Motion, the Court relied on the introductory phrase in Section 14.02 of the PHONES Indenture, "upon any distribution of assets of the Company in the event of. . . ." *See* Opinion, at 112. That introductory phrase, however, simply establishes a

2

"distribution of assets of the Company" in insolvency proceedings as a *triggering event* for the application of the *substantive* subordination provisions contained in Sections 14.02(3)(A) and (B) of the PHONES Indenture -- provisions that define the actual scope of the subordination. Once the triggering event of a "distribution of assets of the Company" in insolvency occurs (i) any "payment," (regardless of source), and (ii) any "distribution of assets of the Company" other than a payment that is received by holders of the PHONES must be turned over to the Senior Noteholders. Because the issue before this Court involves only the allocation of "payments" under the subordination provisions, the contractual subordination provisions apply by their clear and unambiguous language.

3. To begin with, Section 14.02(3)(A) provides that upon the occurrence of the triggering event:

> (A) the holders of Senior Indebtedness shall be entitled to receive *payment* in full of all amounts due or to become due on or in respect of all Senior Indebtedness, or provision shall be made for such *payment* in cash, before the Holders of the Securities of any series are entitled to receive any *payment* on account of the principal amount, interest or such other amounts as may be provided for in Section 3.01, if any, in respect of the Securities of such series; and

PHONES Indenture, at p. 63, § 14.02(3)(A) (emphasis added). This provision states clearly and unequivocally that the holders of the PHONES cannot receive any "payment" thereon (without any limitation or qualification as to the source of the payment), before the holders of Senior Indebtedness receive "payment in full." A "payment," of course, means a payment of money (not a "payment" of assets). See PHONES Indenture § 3.01(a) ("except as otherwise specified pursuant to Section 3.01, payment of the principal of (and premium, if any) and interest on Securities of any series shall be made in Dollars.")

4.  Because the recovery on the avoidance actions at issue in this case will be a recovery of money, the result will be a "payment" to creditors, including, in the absence of the subordination provision, the PHONES. Section 14.02(3)(A) of the PHONES Indenture makes it clear, however, that the PHONES Notes cannot receive any such "payment" until Senior Indebtedness is paid in full. This is a flat and unqualified prohibition

5.  Although Section 14.02(3)(B) uses the phrase "payment or distribution of assets of the Company . . .," the result of that provision is still that any "payment" on the PHONES Notes must be turned over to the holders of the Senior Indebtedness until Senior Indebtedness is paid in full. Section 14.02(3)(B) provides

> [A]ny payment or distribution of assets of the Company of any kind or character . . . to which the Holders or the Trustees would be entitled but for the provisions of this <u>Article Fourteen</u> . . ., shall be paid by the liquidating trustee or agent or other Person making such payment or distribution . . . directly to the holders of the Senior Indebtedness. . . .

The addition of the phrase "or distribution of assets of the Company" to **broaden** the scope of the subordination does not modify the unconditional and unqualified use of the term "payment," as used in Section 14.02(3)(A). The phrase "of assets of the Company" modifies only the word "distribution," and not the word "payment." The long-standing "rule of the last antecedent" mandates this result.

6.  The "rule of the last antecedent," provides that "'a limiting clause or phrase . . . should ordinarily be read as modifying *only the noun or phrase that it immediately follows*." *Barnhart v. Thomas*, 540 U.S. 20, 26, 124 S. Ct. 376, 380 (2003) (emphasis added); *see also United States v. Kerley*, 416 F.3d 176, 180 (2d Cir. 2005); *People v. McCarty*, 223 Ill. 2d 109, 133 (Ill. 2006) (applying rule in interpreting statute); *Bowman v. Am. River Transp. Co.*, 217 Ill. 2d 75, 83 (Ill. 2005) (applying principle to interpretation of statute; "relative or qualifying words

4

or phrases in a statute serve only to modify words or phrases which are immediately preceding and do not modify those which are more remote.").

7. Importantly, this well-settled principle of contractual and statutory construction has been recognized on two occasions by a unanimous Supreme Court in reversing lower court decisions that failed to follow the rule. *See Barnhart v. Thomas*, 540 U.S., 124 S. Ct.; *FTC v. Mandel Bros. Inc.*, 359 U.S. 385, 79 S. Ct. 818 (1959). In explaining the Court's holding in *Barnhart v. Thomas,* and to illustrate the error of the Court of Appeals, Justice Scalia offered the following example.

> Consider, for example, the case of parents who, before leaving their teenage son alone in the house for the weekend, warn him, "You will be punished if you throw a party or engage in any other activity that damages the house." If the son nevertheless throws a party and is caught, he should hardly be able to avoid punishment by arguing that the house was not damaged. The parents proscribed (1) a party, and (2) any other activity that damages the house. As far as appears from what they said, their reasons for prohibiting the home-alone party may have had nothing to do with damage to the house—for instance, the risk that underage drinking or sexual activity would occur. And even if their only concern was to prevent damage, it does not follow from the fact that the same interest underlay both the specific and the general prohibition that proof of impairment of that interest is required for both. The parents, foreseeing that assessment of whether an activity had in fact "damaged" the house could be disputed by their son, might have wished to preclude all argument by specifying and categorically prohibiting the one activity—hosting a party—that was most likely to cause damage and most likely to occur.

540 U.S. at 27-28, 124 S. Ct. at 381.

8. Here, the "last antecedent" of "assets of the Company" in Section 14.03(B) of the PHONES Indenture is clearly "distributions." Thus, under the rule of the last antecedent, the term "payment" in Section 14.03(B) is ***not*** modified by the phrase "of assets of the Company," and Section 14.02(3)(B) is consistent with, rather than in conflict with, clause (A), by applying to any payment of money on account of principal or interest on the PHONES Notes, without

5

qualification. Just as the parents in Justice Scalia's analogy did not intend to narrow the scope of their instructions, the language of the PHONES indenture does not *narrow* the rights of the holders of the Senior Indebtedness as to "payments" by *adding* rights to "distributions." The inclusion of the phrase "distribution of assets of the Company" in Section (B) does not limit the "payments" to which the holders of Secure Indebtedness are entitled; rather, it clarifies that they are *also* entitled to "distributions" of non-cash assets, such as securities.

9.  In sum, there is no dispute that the fraudulent conveyance claims at issue are to recover money judgments and money, and that the payment of that money over to the holders of the PHONES Notes would constitute a "payment" on account of those Notes for purposes of both Clause (A) and Clause (B) of Section 14.02(3). Accordingly, the Court should amend its Opinion to provide that any money that the Debtors' estates or Litigation Trust may recover under chapter 5 of the Bankruptcy Code and subsequently pay over to creditors would constitute "payments" subject to the PHONES Notes' subordination provision.

**WHEREFORE**, Brigade respectfully requests that the court enter an order, upon reconsideration of the Confirmation Opinion, (i) vacating that portion of the Confirmation Opinion providing that "causes of action that the Debtors' estates may assert under Chapter 5 of the Bankruptcy Code are not 'assets of the Company' subject to the PHONES' subordination provision;" (ii) amending the Confirmation Opinion to modify and supplement its conclusions of law to support the DCL Plan's subordinated treatment of the claims held by holders of the PHONES with respect to all payments from the Litigation Trust; and (iii) granting such other further relief as may be required.

Dated: November 14, 2011
      Wilmington, Delaware

Respectfully submitted

By:   */s/ Christopher D. Loizides*
     Christopher D. Loizides (SBN 3968)
     LOIZIDES, P.A.
     1225 King Street, Suite 800
     Wilmington, DE 19801
     (302) 654-0248
     (302) 654-0728
     Email: loizides@loizides.com

and

STUTMAN TREISTER & GLATT
Isaac M. Pachulski (CA SBN 62337)
1901 Avenue of the Stars, #1200
Los Angeles, CA 90067
(310) 228-5600
(310) 228-5788
Email: ipachulski@stutman.com

Attorneys for Brigade Capital Management, LLC