**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| **TRIBUNE COMPANY,** *et al.*, | ) |
| | ) Case No. 08-13141 (KJC) |
| Debtors. | ) Jointly Administered |
| | ) Re: Docket Nos. 8478, 10162 |

**SAM ZELL'S LIMITED OBJECTION
TO THE COMMITTEE'S MOTION FOR AN ORDER
*NUNC PRO TUNC* AMENDING THE DEFINITION OF "TERMINATING EVENT"**

Sam Zell ("Mr. Zell") respectfully submits this limited objection to the Motion for an Order *Nunc Pro Tunc* Amending the Definition of "Termination Event" In Orders Granting Official Committee of Unsecured Creditors Standing and Authority to Commence, Prosecute, Settle and Recover Certain Cause of Action on Behalf of the Debtors' Estates (the "Committee's Motion") that was filed by the Official Committee of Unsecured Creditors (the "Committee") on November 4, 2011 [Dkt. No. 10162].

On October 27, 2010, this Court entered a stay (the "Stay") of certain litigation brought by the Committee [Dkt. No. 6150]. The Stay, by its terms, terminated when and if the Court declined to confirm the proposed DCL Plan.

On March 22, 2011, Mr. Zell filed a motion to clarify that leave was not necessary in order for Mr. Zell to serve a Rule 9011 motion [Dkt. No. 8478, "Motion to Clarify"]. Mr. Zell has sought to serve a Rule 9011 motion as to certain "claims" alleged against him in the adversary complaint filed by the Committee only because he believes that service of this motion will result in the voluntary dismissal of certain "claims" and may precipitate a dialogue that leads to resolution of other claims and issues. Mr. Zell's Motion to Clarify sought to confirm that the Stay did not prohibit service and/or filing of a Rule 9011 motion. (A copy of the Motion to Clarify is attached as **Exhibit A**.)

On October 31, 2011, this Court declined to confirm the DCL Plan. As a consequence, this Court's Stay expired. Following expiration of the Stay on October 31, 2011, Mr. Zell was free to serve his Rule 9011 motion. Before doing so, Mr. Zell brought the expiration of the Stay to the Committee's attention. The Committee indicated that it believed that the Court intended to extend the Stay. The Committee also indicated that it would file a motion seeking *nunc pro tunc* extension of the Stay. Mr. Zell did not serve his Rule 9011 motion so as to ensure that this Court had an opportunity to extend the stay *nunc pro tunc*, if it determined it appropriate to do so.

The Committee has effectively suggested, through colloquy with the Court, that it may recognize that certain claims asserted against Mr. Zell in its complaint do not comply with Rule 11. The Committee has stated that it is asserting these claims solely in an effort to toll the limitation period and not because it has made an independent determination that the claims comply with Rule 11. In fact, when Mr. Zell objected to the Committee's standing on the grounds that certain claims were not colorable, the Committee chose to dismiss without prejudice its motion to confirm standing as to Mr. Zell and EGI-TRB, rather than proceed to a hearing.

During argument on the Motion to Clarify, the Committee implied that it did not want to respond to a Rule 11 motion, because it would be forced to make a difficult choice as to whether these claims could comply with Rule 11:

> THE COURT: Okay. Let's assume that's true. Why shouldn't I grant [Mr. Zell] relief, to force you to stand behind the complaint that you filed?
>
> MR. SOTTILE: Your Honor, **because you will then force the committee and its counsel to make decisions about that complaint** when that complaint may, in fact, be litigated by entirely distinct different parties.
>
> THE COURT: Well, but you see, that's a little different than, you know, deciding when we'll consider a motion to dismiss or to deal with the merits which Mr. Bradford so desperately wants the Court to do. It's a matter of saying there are other things to be considered here and that is, you know, the rule and the ethical obligations that underlie the rule. Isn't he entitled to tell you that formally now? Why shouldn't he be?

\* \* \*

MR. SOTTILE: . . . But what troubles us here, Your Honor, is that it does necessarily involve the committee in making merits based decisions about these claims when it may very well not be the committee that has anything to do with prosecution of the claims.

THE COURT: Well, you know, you picked the fight.

(**Ex. B**, Apr. 25, 2011 Hr'g Tr. at 18:22-20:17 (emphasis added).)

Regardless of whether this Court extends the stay *nunc pro tunc*, Mr. Zell requests that this Court grant his pending Motion to Clarify, for all the reasons set forth in that motion. Service of a Rule 9011 motion was permitted when the stay expired on November 1, 2011. This Court should not divest Mr. Zell of the right to initiate a Rule 9011 process. Service of a Rule 9011 motion should serve to resolve claims and issues.

## CONCLUSION

For the foregoing reasons, this Court should grant Mr. Zell's Motion to Clarify. In the alternative, this Court should clarify that any new stay does not preclude the service of a Rule 9011 motion.

Respectfully submitted,

Dated: November 15, 2011     **BLANK ROME LLP**

By:  /s/ *David W. Carickhoff*
David W. Carickhoff (DE No. 3715)
1201 Market Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 425-6400
      and
**JENNER & BLOCK LLP**
David J. Bradford (admitted *pro hac vice*)
Catherine L. Steege (admitted *pro hac vice*)
Andrew W. Vail (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
Telephone: (312) 222-9350

*Counsel for Samuel Zell*