# **EXHIBIT B**

```
              IN THE UNITED STATES BANKRUPTCY COURT
                  FOR THE DISTRICT OF DELAWARE

IN RE:                          )    Case No. 08-13141(KJC)
                                )
                                )
TRIBUNE COMPANY                 )    Chapter 11
                                )
                                )    Courtroom 5
                                )    824 Market Street
           Debtors.             )    Wilmington, Delaware
                                )
                                )    April 25, 2011
                                )    1:00 p.m.


                    TRANSCRIPT OF PROCEEDINGS
               BEFORE THE HONORABLE KEVIN J. CAREY,
                  UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtor:              Sidley Austin, LLP
                         BY: JAMES BENDERNAGEL, ESQ.
                         BY: KEN KANSA, ESQ.
                         BY: JESSICA BOETLER, ESQ.
                         BY: JILLIAN LUDWIG, ESQ.
                         One South Dearborn
                         Chicago, IL 60603
                         (312) 853-7000

                         Cole, Schotz, Meisel, Forman
                         & Leonard, P.A.
                         BY: KATE STICKLES, ESQ.
                         500 Delaware Ave., Ste. 1410
                         Wilmington, DE 19801
                         (302) 652-3131

ECRO:                    AL LUGANO

Transcription Service:   DIAZ DATA SERVICES
                         331 Schuylkill Street
                         Harrisburg, Pennsylvania 17110
                         (717) 233-6664
                         www.diazdata.com



Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

1   of everything, you shouldn't be surprised if people stop and
2   listen and stare at the parade.  And that's all that's
3   happened.  The publicity that's happened here is attendant
4   on Mr. Zell's repeated attempts to litigate the merits of
5   these claims before it is appropriate to do so, when he
6   would suffer no prejudice if he simply stood down, awaited
7   the results of the confirmation process, and then pursued
8   his arguments that the claims against him are meritless.
9               Your Honor, that deals with our motion for stay.
10  On a related note, as the Court is aware on Agenda Item 14,
11  Mr. Zell, in the alternative, seeks relief from the stay if
12  the Court were to extend it, to permit him to serve a Rule
13  9011 motion directed at the committee and its counsel with
14  respect to the claims against Mr. Zell.
15              Your Honor, we believe that it's clear that any
16  such motion would be -- any service of any such motion
17  rather, would be precluded by the existing stay.  The
18  existing stay applies to all motion practice.  And it was
19  phrased that way and the Court entered the order that way
20  precisely to prevent the parties from having to deal with
21  the merits of claims.
22              THE COURT:  Okay.  Let's assume that's true.  Why
23  shouldn't I grant him relief, to force you to stand behind
24  the complaint that you filed?
25              MR. SOTTILE:  Your Honor, because you will then

1  force the committee and its counsel to make decisions about
2  that complaint when that complaint may, in fact, be
3  litigated by entirely distinct different parties.
4              THE COURT:  Well, but you see, that's a little
5  different than, you know, deciding when we'll consider a
6  motion to dismiss or to deal with the merits which Mr.
7  Bradford so desperately wants the Court to do.  It's a
8  matter of saying there are other things to be considered
9  here and that is, you know, the rule and the ethical
10 obligations that underlie the rule.  Isn't he entitled to
11 tell you that formally now?  Why shouldn't he be?
12             MR. SOTTILE:  Well, Your Honor, he has, in fact,
13 already told us that repeatedly.  And we're well aware of
14 Mr. Bradford's and his client's views on the issues.  What
15 he wants to do now is to go a bit further.  He wants to
16 actually initiate the process that leads to a Rule 11
17 motion.  That inevitably means that the committee, its
18 counsel, and this Court, will have to deal with the merits
19 of those claims.
20             THE COURT:  Well not yet because that process
21 doesn't take place until after the merits have been decided.
22 Isn't that true?  Or isn't that the time and place when a
23 Court should decide a Rule 11 motion?
24             MR. SOTTILE:  Well, Your Honor, the service of
25 the motion by itself triggers a 21-day period.

1     THE COURT: I know how the rule works.

2     MR. SOTTILE: I'm sorry, Your Honor.

3     THE COURT: But let's -- I guess my thinking is
4 and, you know, the committee touches on this, I think in its
5 papers that if it stopped its service, maybe it wouldn't be
6 so bad. Or did I read too much into the committees' papers?

7     MR. SOTTILE: Your Honor, we suggested as an
8 alternative that the Court could permit the service, but
9 suspend the running of the 21-day period until 21 days
10 following the termination of the stay. And if the Court
11 were so minded, that is an alternative that the Court could
12 pursue. But what troubles us here, Your Honor, is that it
13 does necessarily involve the committee in making merits
14 based decisions about these claims when it may very well not
15 be the committee that has anything to do with prosecution of
16 the claims.

17     THE COURT: Well, you know, you picked the fight.

18                    (Laughter)

19     MR. SOTTILE: Your Honor, we did pick the fight,
20 but we picked the fight for a very specific reason to ensure
21 that if there were valid claims here that had value to the
22 estates, as we believed there were, that those claims would
23 be preserved against the statute of limitations. And I
24 believe that all of the parties were in agreement that we
25 should do that. And the Court ultimately agreed by entering