IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Objections Due: December 7, 2011<br>Hearing Date: Only if Objections Are Filed |

MONTHLY FEE APPLICATION OF
DAVIS WRIGHT TREMAINE LLP AS SPECIAL COUNSEL TO
DEBTORS FOR DOMESTIC LEGAL MATTERS, FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR
THE PERIOD SEPTEMBER 1, 2011 THROUGH SEPTEMBER 30, 2011

| | |
|---|---|
| **Name of applicant:** | Davis Wright Tremaine LLP |
| **Authorized to provide professional services to:** | Tribune Company, et al. |
| **Date of retention:** | November 22, 2010 nunc pro tunc to October 1, 2010 |
| **Period for which compensation and reimbursement is sought:** | September 1, 2011 to September 30, 2011 |
| **Amount of compensation sought as actual, reasonable and necessary:** | $83,901.31 (80% of which is $67,121.05) |
| **Amount of expense reimbursement sought as actual, reasonable and necessary:** | $3,322.39 |

This is a: __X__ monthly   ____ interim   ____ final application

Prior Applications Filed:

| DATE FILED | DOCKET NO. | PERIOD COVERED | FEES REQUESTED | EXPENSES REQUESTED | FEES APPROVED | EXPENSES APPROVED |
|---|---|---|---|---|---|---|
| 7/19/11 | 9493 | 9/01/10-9/30/10 | $76,420.31 | $1,292.08 | $61,136.25 | $1,292.08 |
| 7/21/11 | 9512 | 10/01/10-10/31/10 | $38,647.69 | $1,886.25 | $30,918.15 | $1,886.25 |
| 7/26/11 | 9553 | 11/01/10-11/30/10 | $13,742.69 | $911.65 | $10,994.15 | $911.65 |
| 9/07/11 | 9760 | 12/01/10-12/31/10 | $9,982.95 | $270.00 | $7,986.36 | $270.00 |
| 10/24/11 | 10055 | 1/01/11-1/31/11 | $45,611.55 | $954.30 | $36,489.24 | $954.30 |
| 10/24/11 | 10056 | 2/01/11-2/28/11 | $28,718.00 | $2,962.08 | $22,974.40 | $2,962.08 |
| 11/11/11 | 10210 | 3/01/11-3/31/11 | $43,335.40 | $1,749.47 | Pending | Pending |
| 11/11/11 | 10211 | 4/01/11-4/30/11 | $86,857.20 | $939.21 | Pending | Pending |
| 11/11/11 | 10212 | 5/01/11-5/31/11 | $88,684.69 | $5,138.92 | Pending | Pending |
| 11/11/11 | 10213 | 6/01/11-6/30/11 | $118,127.25 | $2,273.29 | Pending | Pending |

2

## COMPENSATION FOR PROFESSIONALS
## SEPTEMBER 1, 2011 THROUGH SEPTEMBER 30, 2011[1]

| Name of Professional Person | Position of the Applicant, Area of Expertise, Year of Obtaining License to Practice | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Kelli L. Sager | Partner, Media, Member of California Bar since 1985 | $522.00 | 48.90 | $24,821.10 |
| Alonzo Wickers IV | Partner, Media, Member of California Bar since 1993 | $468.00 | 6.00 | $2,808.00 |
| Bruce Johnson | Partner, Media, Member of Washington Bar since 1977, Member of California Bar since 1992 | $468.00 | 0.80 | $374.40 |
| Jim Waggoner | Partner, Bankruptcy, Member of Oregon Bar since 1974 | $477.00 | 0.60 | $286.20 |
| Thomas Burke | Partner, Media, Member of California Bar since 1989 | $545.00 | 13.10 | $722.38 |
| Rochelle Wilcox | Partner, Media, Member of California Bar since 1998 | $391.50 | 59.10 | $15,051.28 |
| Ronald London | Of Counsel, Media, Member of District of Columbia Bar since 1997, Member of Maryland Bar since 1995 | $432.00 | 0.30 | $129.60 |
| Karen Henry | Associate, Litigation, Member of California Bar since 2004 | $337.50 | 1.00 | $337.50 |
| Jeffrey D. Glasser | Associate, Media, Member of California Bar since 2007 | $292.50 | 61.90 | $18,105.75 |
| Lisa J. Kohn | Associate, Media, Member of California Bar since 2008 | $270.00 | 60.80 | $16,416.00 |

[1] Thomas Burke, Rochelle Wilcox, Benjamin Planchon and Fred Hanson worked on a matter where the fees were split among eleven clients, one of which was Debtor. Their "total compensation" amount reflects the amount billed only to Debtor, not the total fees billed on the matter.

| Jonathan L. Segal | Associate, Media, Member of California Bar since 2008 | $270.00 | 27.10 | $3,950.10 |
|---|---|---|---|---|
| Benjamin Planchon | Litigation Paralegal | $205.00 | 2.60 | $53.30 |
| Kristina Roth | Litigation Paralegal | $112.50 | 7.50 | $843.75 |
| Fred Hanson | Librarian | $195.00 | 0.10 | $1.95 |
| **GRAND TOTAL:** | | | 289.80 | $83,901.31 |
| **BLENDED RATE:** | | $356.14 | | |

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
| --- | --- | --- |
| Los Angeles Times General Advice | 10.60 | $3,844.80 |
| Los Angeles County Sheriff CPRA | 0.80 | $302.85 |
| Beverly Hills Surgery Center | 0.50 | $135.00 |
| DCFS | 9.50 | $3,398.40 |
| Tersargyan | 5.20 | $1,594.80 |
| Bankruptcy | 1.30 | $678.60 |
| Adjudication Matters | 1.00 | $337.50 |
| Long Beach Police Officer's Association | 63.00 | $22,276.35 |
| Effort to Unseal | 31.40 | $1,500.00[2] |
| Michael Omidi, M.D. | 21.20 | $7,148.70 |
| 1-800-GET-THIN | 2.10 | $693.00 |
| Omidi-Pfeifer | 52.70 | $18,283.05 |
| Central Basin Municipal Water District | 0.40 | $208.80 |
| Fullerton Police Department CPRA | 3.10 | $1,278.90 |
| Union Carbide | 0.40 | $208.80 |
| California Legislature LORA Petition | 42.30 | $7,005.16[3] |
| Silverman | 22.70 | $8,093.25 |
| 1-800-GET-THIN II (State Court) | 21.30 | $6,783.75 |
| Tribune General Advice | 0.30 | $129.60 |

---

[2] Davis represented eleven clients in this matter, and the total fees were split among those participating clients. The amount shown is only the amount billed to Debtor.
[3] Davis represented two clients in this matter, and the total fees were split among those participating clients. The amount shown is only the amount billed to Debtor.

5

| TOTAL: | 289.80 | $83,901.31 |

## EXPENSE SUMMARY

| Expense Category | Service Provider | Total Expenses |
|---|---|---|
| Photocopying | Davis Wright Tremaine LLP | $696.40 |
| Photocopying | Los Angeles County Law Library | $15.00 |
| Research | Los Angeles County Superior Court Online Document System | $37.50 |
| Research | Jan Raymond Legislative Service | $592.39 |
| Messenger/Courier | Global Network Legal Support | $799.00 |
| Messenger/Courier | Nationwide Legal LLC | $783.10 |
| Messenger/Courier | Apex Attorney Services Inc. | $399.00 |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Objections Due: December 7, 2011<br>Hearing Date: Only if Objections Are Filed |

## MONTHLY FEE APPLICATION OF
## DAVIS WRIGHT TREMAINE LLP FOR ALLOWANCE AND PAYMENT OF
## COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
## EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS FOR CERTAIN
## LITIGATION MATTERS FOR THE PERIOD
## SEPTEMBER 1, 2011 THROUGH SEPTEMBER 30, 2011

Davis Wright Tremaine LLP ("Davis"), as Special Counsel for Domestic Legal Matters to the Tribune Company, et al. (the "Debtors"), hereby submits this Application (the "Application") for approval and allowance of compensation for services rendered in the amount of $83,901.31 (80% of which equals $67,121.05) and reimbursement for expenses incurred in the amount of $3,322.39 during the period commencing September 1, 2011 through September 30, 2011 (the "Application Period"). This Application is submitted pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016-2 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Compensation Order"), the Executive Office of United States Trustees' Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, dated March 22, 1995 (the "Guidelines"), and the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for

Professionals and Consideration of Fee Applications, dated March 19, 2009 (the "Fee Examiner Order"). In support of this Application, Davis respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are sections 105(a), 330 and 331 of the Bankruptcy Code, and Bankruptcy Rule 2016.

## BACKGROUND

3. On December 8, 2008 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court"). On December 10, 2008, the Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

4. On October 12, 2009, Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, Inc. (the "Cubs" and one of the Debtors) filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Court. On October 14, 2009, the Court entered an order consolidating the Cubs' chapter 11 case with the Debtors' chapter 11 cases for procedural purposes only (the "Cubs Order"). In all, the Debtors comprise 111 entities.

5. The Debtors have continued in possession of their respective properties and have continued in the management and operation of their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6. No trustee has been appointed in these chapter 11 cases.

## DAVIS RETENTION

7.  Prior to the Petition Date, the Debtors retained Davis as general legal counsel and agreed to pay on a monthly basis the reasonable value of services rendered based on Davis' standard billing rates and pursuant to its standard reimbursement policies.

8.  On November 22, 2010, the Court authorized the employment and retention of Davis pursuant to sections 105(a) and 327(a) as special counsel to the Debtors for general domestic legal matters, nunc pro tunc to October 1, 2010.

## COMPENSATION PAID AND ITS SOURCES

9.  All services for which compensation is requested by Davis were performed for or on behalf of the Debtors.

10. In compliance with Local Rule 2016-2, Davis confirms that during the Application Period, Davis received no payment and no promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application except from the Debtors. There is no agreement or understanding between Davis and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these cases.

11. As of the Petition Date, Davis held a retainer from the Debtors in the amount of $39,173.52. The Debtors reduced their first payment to Davis by the amount of the retainer and Davis drew down on the retainer in connection with the payment due pursuant to the Ordinary Course Professional Application. Accordingly, Davis no longer holds any retainer in connection with its retention in these cases.

## FEE STATEMENTS

12. The time records for the Application Period are attached hereto as Exhibit A. The time records contain daily time logs describing the time spent by each attorney and paraprofessional for the Application Period. Attorneys and paraprofessionals of Davis have

expended a total of 289.80 hours in connection with these cases during the Application Period. The reasonable value of services rendered by Davis to the Debtors during the Application Period is $83,901.31. Such an amount is a result of a discount applied to Davis' normal hourly rates for work of this nature. To the best of Davis's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and the Compensation Order.

## SUMMARY OF SERVICES RENDERED

13.     Davis serves the Debtors as special litigation counsel. Davis customarily performs various First Amendment, newsroom, media, defamation, privacy, access, copyright, and other litigation matters for Debtors (collectively, the "Litigation Matters"). The Litigation Matters on which Davis represents the Debtors involve allegations of libel or other related causes of action that go to the heart of the Debtors' news business.

14.     The following is a summary of the activities performed by Davis attorneys and paraprofessionals during the Application Period, organized by project category.

15.     (26175-4) Los Angeles Times General Advice – Davis provided general legal advice to the Debtors with respect to its publications.

16.     (26175-317) Los Angeles County Sheriff CPRA – Davis assisted the Debtors in litigation under California's Public Records Act for information identifying deputy sheriffs involved in various shootings.

17.     (26175-368) Beverly Hills Surgery Center – Davis represented Debtors in moving to quash a subpoena and related proceedings.

18.     (26175-377) Tersargyan – Davis represented Debtors in opposing a restraining order involving a photograph of a criminal defendant that had been lawfully obtained by Debtors.

19.     (26175-379) Bankruptcy – Davis provided Debtors with assistance in bankruptcy related proceedings, including preparation of fee applications.

4

20. (26175-383) Adjudication Matters – Davis assisted Debtors in proceedings involving adjudication of newspapers as "newspapers of general circulation."

21. (26175-369) DCFS – Davis assisted Debtors in litigation under California's Public Records Act for information about the deaths of children under the care of the Department of Childrens & Family Services.

22. (26175-385) Long Beach Police Officers Association – Davis assisted Debtors in litigation under California's Public Records Act for information about the identity of police officers involved in shootings.

23. (26175-386) Michael Omidi, M.D. – Davis assisted Debtors in defending a defamation lawsuit brought by Michael Omidi against Los Angeles Times Communications, LLC and columnist Michael Hiltzik.

24. (26175-388) 1-800-GET-THIN – Davis assisted Debtors in defending against a Lanham Act lawsuit brought by 1-800-GET-THIN, LLC against Los Angeles Times Communications, LLC, columnist Michael Hiltzik, and reporter Stuart Pfeifer.

25. (26175-391) Omidi-Pfeifer – Davis assisted Debtors in defending a defamation lawsuit brought by Julian Omidi against Los Angeles Times Communications, LLC and reporter Stuart Pfeifer.

26. (26175-394) Effort to Unseal – Davis assisted a coalition of media entities seeking the unsealing of video recordings of the Perry v. Schwarzennegger (Proposition 8) trial proceedings.

27. (26175-403) Central Basin Municipal Water District – Davis assisted Debtors in connection with a retraction demand concerning a news article.

28. (26175-404) Fullerton Police Department CPRA – Davis assisted Debtors in connection with a CPRA request to the Fullerton Police Department under the California Public Records Act.

29. (26175-405) California Legislature LORA Petition – Davis represented Debtors in litigation under California's Legislative Open Records Act ("LORA") for information about expenditures of public funds.

30. (26175-407) Union Carbide – Davis assisted Debtors in connection with a subpoena duces tecum served by Union Carbide Corporation in a civil lawsuit.

31. (26175-409) Silverman – Davis assisted Debtors in connection with a lawsuit filed by attorney Robert Silverman against Times columnist Michael Hiltzik alleging claims under Calif. Penal Code Section 632 and California Bus. & Prof. Code Sections 17200, et seq.

32. (26175-410) 1-800-GET-THIN II (State Court) – Davis assisted Debtors in connection with a lawsuit filed against the Los Angeles Times by 1 800 GET THIN, LLC, alleging claims under the Cartright Act, California Bus. & Prof. Code Section 16720, et seq., and Bus. & Prof. Code Sections 17200, et seq.

33. (41033-20) Tribune General Advice – Davis provided periodic general legal advice to the Debtors with respect to various matters.

## ACTUAL AND NECESSARY EXPENSES

34. By this Application, Davis seeks interim allowance for reimbursement of expenses actually and necessarily incurred in connection with the rendition of its services in the amount of $3,322.39. The requested expenses are customarily charged to non-bankruptcy clients of Davis.

35. With respect to photocopying expenses, Davis ordinarily charges all of its clients $0.15 per page, but pursuant to Local Rule 2016-2(e), Davis has charged the Debtors the maximum permitted amount of $0.10 per page. With respect to facsimile expenses, in compliance with the Guidelines, Davis charges $0.50 per page for facsimile transmissions.

36. In addition, because of the nature of the Debtors' businesses and the location of certain key constituents in these cases, travel may have been required for certain matters. Such

travel expenses, such as mileage, parking, air fare, meals, and car service, are typically borne by the attorney, then reimbursed by the firm and charged to the appropriate client and matter.

37. The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors, their estates, and creditors.

38. To the extent that time or disbursement charges for services rendered or disbursements incurred related to the Application Period, but were not processed prior to the preparation of this Application, Davis reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

## CONCLUSION

39. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Davis is fair and reasonable given (a) the complexity of the legal matters, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the cost of comparable services other than in a case under this title. Davis has reviewed the requirements of Local Rule 2016-2 and reasonably believes that this Application complies with that rule.

WHEREFORE, Davis respectfully requests that payment be made to Davis pursuant to the terms of the Compensation Order for the period of September 1, 2011 through September 30, 2011 in the amount of $67,121.05 (80% of $83,901.31) on account of professional services

///

///

///

rendered, and $3,322.39 for the reimbursement of expenses incurred in connection therewith, for a total payment of $70,443.44.

Dated: November 17, 2011                                Respectfully submitted,

By: _____/s/ Kelli L. Sager_____
Kelli L. Sager
Davis Wright Tremaine LLP
865 S. Figueroa Street, Suite 2400
Los Angeles, CA 90017
(213) 633-6800
(213) 633-6899 (fax)

Special Counsel for Domestic Legal Matters to Tribune Company, et al.