**EXHIBIT A**

Chart of Amendments to DCL Plan Implementing Confirmation Opinion

46429/0001-8083015v1

| ISSUE | CONFIRMATION OPINION | APPLICABLE DCL PLAN AMENDMENT |
|---|---|---|
| Bar Order | "[T]o ensure fairness in the implementation of the Bar Order, its language must be revised to enjoin directly any actions by the Potential Plaintiffs that do not conform to the terms of the Bar Order." (p. 78)[6] | DCL Plan § 11.3, entitled "Bar Order," has been amended to include the following language: "ORDERED that each Plaintiff is hereby enjoined and restrained from seeking relief or collecting judgments against any Non-Settling Defendants in any manner that fails to conform to the terms of this Bar Order, including, without limitation, the proportionate judgment reduction provision set forth herein" |
| Acceptance by at least one impaired class for each Debtor as required by § 1129(a)(10) | "Absent substantive consolidation or consent, [§ 1129(a)(10)] must be satisfied by each debtor in a joint plan." (p. 83) <br><br> "'[D]eemed acceptance' by a non-voting impaired class, in the absence of objection, [may] constitute the necessary 'consent' to a proposed 'per plan' scheme." (p. 84) <br><br> "Alternatively, a plan proponent could . . . drop from a proposed joint plan those debtors that do not or cannot meet the § 1129(a)(10) requirement." (p. 84) | Holders of Claims in non-voting Impaired Classes will be given an additional opportunity to cast a vote to accept or reject the DCL Plan. <br><br> DCL Plan § 4.2, entitled "Acceptance by an Impaired Class of Claims," has been amended to provide that, if no Holders of Claims in an Impaired Class vote to accept or reject the DCL Plan, such Class shall be deemed to have accepted the DCL Plan. The presumption of deemed acceptance will be made explicit in a Supplemental Disclosure Document and on all Ballots. <br><br> In addition, the DCL Proponents have clarified § 4.6.3 of the DCL Plan to provide that they may remove a particular Debtor from the Plan if there is a failure to receive the requisite number and amount of votes at such Debtor. |

---

[6] Page references herein are to the pages of the Bankruptcy Court's Opinion on Confirmation, dated October 31, 2011 [Docket No. 10133].

| ISSUE | CONFIRMATION OPINION | APPLICABLE DCL PLAN AMENDMENT |
|---|---|---|
| **Releases by Debtors and Estates** | "The 'releasing parties' in the Debtors' Release must be limited to the Debtors." (p. 89) | DCL Plan § 11.2.1, entitled "Releases by Debtors and Estates," has been amended to provide that the releases granted therein are by the Debtors only. |
| | "There is no basis in the record to . . . conclude that the [DCL] Plan's release of the Debtors' related persons . . . would be fair." (p. 91) | The definition of "Released Parties," set forth in DCL Plan § 1.1.205, has been amended to exclude the Debtors' Related Persons. |
| | The record is "insufficient to support a conclusion that the Debtors' Release of the 401(k) Stockholders and Current Employees meets the standard of fairness." (p. 93) | The definition of "Released Stockholder Parties," set forth in DCL Plan § 1.1.206, has been amended to exclude the 401(k) Stockholders and Current Employees. |
| **Exculpation Clause** | "[E]xculpation clauses should be limited to fiduciaries who have served during the chapter 11 proceedings." (p. 94) | DCL Plan § 11.5, entitled "Exculpation," has been amended to exclude non-fiduciaries. |
| **PHONES Notes Subordination** | The record is insufficient to support a conclusion that "the effect of providing subordination rights to Other Parent Claims—even excluding the Swap Claim—is 'immaterial' . . . [and] that the DCL Plan's treatment is fair or appropriately enforces the terms of the subordination agreement . . . ." (p. 111) | The Third Amended DCL Plan continues to provide holders of Other Parent Claims and holders of Senior Noteholder Claims comparable ratable distributions percentage. However, the DCL Plan also provides for an Allocation Dispute Protocol for the purpose of resolving various Allocation Disputes, including this dispute, and adjusting distributions to be made pursuant to the Plan to Holders of Allowed Claims in Classes 1E, 1F, 1I and 1J, to the extent the Court deems necessary. The Allocation Dispute Protocol contemplates that the Allocation Disputes may be resolved in connection with confirmation of the DCL Plan or thereafter, in the Bankruptcy Court's discretion. |

| ISSUE | CONFIRMATION OPINION | APPLICABLE DCL PLAN AMENDMENT |
|---|---|---|
| | "The Litigation Trust will pursue the Preserved Causes of Action as defined in § 1.1.188 of the DCL Plan. . . . [C]lauses of action that the Debtors' estate may assert under Chapter 5 of the Bankruptcy Code are not 'assets of the Company' subject to the PHONES Notes' subordination provision." (pp. 112-13) | The definition of "Class 1J Litigation Trust Interests," set forth in DCL Plan § 1.1.49, has been amended to provide that, with respect to the recoveries on the Preserved Causes of Action that the Litigation Trust asserts under Chapter 5 of the Bankruptcy Code, the Holders of Class 1J Litigation Trust Interests shall receive distributions on a pro rata basis with all Holders of Litigation Trust Interests that are entitled to share in the Parent GUC Trust Preference, unless the Bankruptcy Court determines that the priority of distributions should be determined pursuant to the Allocation Dispute Protocol. |