**<u>EXHIBIT A</u>**

**<u>Forms of Supplemental Beneficial Ballots and Supplemental Master Ballots
for Holders of Senior Noteholder Claims</u>**

<u>**Senior Noteholder Claims – Third Amended DCL Plan**</u>

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et</u> <u>al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**SUPPLEMENTAL BENEFICIAL BALLOT FOR BENEFICIAL OWNERS**
**OF SENIOR NOTEHOLDER CLAIMS TO ACCEPT OR REJECT**
<u>**THIRD AMENDED DCL PLAN**</u>

On December [•], 2011, the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") entered an order [Docket No. [•]] (the "<u>Resolicitation Order</u>") to provide for, among other things, procedures for Holders of Senior Noteholder Claims to vote to accept or reject the Third Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries Proposed By the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "<u>Third Amended DCL Plan</u>") and to make certain elections called for under such Plan.

This Supplemental Beneficial Ballot is for voting to accept or reject the Third Amended DCL Plan and for making elections under such Plan.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

You have previously received ballots for voting on and making elections under earlier versions of the Third Amended DCL Plan and other plans of reorganization that were proposed for the Debtors. Please be aware that your votes on and elections under the earlier versions of the Third Amended DCL Plan and other plans of reorganization with respect to your Senior Noteholder Claims are not being counted for purposes of the Third Amended DCL Plan. Accordingly, if you wish to have your vote on and elections under the Third Amended DCL Plan counted, you must complete and return this Supplemental Beneficial Ballot and return it to your Voting Nominee (defined below) in sufficient time for your Voting Nominee to process your ballot and submit a Supplemental Master Ballot so that it is **actually received** by the Voting Agent by no later than **January 20, 2012 at 4:00 p.m. (Eastern Time)** (the "Supplemental Voting Deadline"), in accordance with the attached Instructions.

You have received with this Supplemental Beneficial Ballot a copy of the Third Amended DCL Plan, a Supplemental Disclosure Document (the "Supplemental Disclosure Document") that describes the modifications to the Third Amended DCL Plan that have been made since the prior solicitation of votes on and elections under such Plan, a notice respecting the hearing before the Bankruptcy Court to consider confirmation of the Third Amended DCL Plan, and a copy of the Resolicitation Order (without exhibits) (together with Supplemental Election Forms that will be transmitted to you by separate mailing, collectively, the "Resolicitation Package"). Capitalized terms used but not defined in this Supplemental Beneficial Ballot have the meanings given to them in (i) the Third Amended DCL Plan, (ii) the Supplemental Disclosure Document, or (iii) the Resolicitation Order, as applicable.

**It is very important that you read all of the materials in the Resolicitation Package carefully in considering how you wish to vote on the Third Amended DCL Plan and whether you wish to make the elections called for under such Plan. Your vote on and elections under the Third Amended DCL Plan are very important and may affect your rights and the treatment of your Claim.**

**Claims Voted by this Supplemental Beneficial Ballot.** You have been identified as a Beneficial Owner of a Senior Noteholder Claim against Tribune Company that is entitled to re-vote to accept or reject the Third Amended DCL Plan. Senior Noteholder Claims against Tribune Company are all Claims based on the following series of Senior Notes issued by Tribune Company:

| Series of Notes | CUSIP # |
| --- | --- |
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

This Supplemental Beneficial Ballot is only to be used to vote your Senior Noteholder Claims. If you hold other Claims against Tribune Company or the Subsidiary Debtors in the Debtors' Chapter 11 Cases and those Claims are in Classes entitled to re-vote for purposes of the Third Amended DCL Plan, you will receive separate Supplemental Ballots to vote such Claims.

**PRIOR TO COMPLETING THIS SUPPLEMENTAL BENEFICIAL BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED IN THIS SUPPLEMENTAL BENEFICIAL BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.**

**To vote to accept or reject the Third Amended DCL Plan and, if desired, make the elections called for under the Third Amended DCL Plan, please complete the following:**

ITEM 1.    AGGREGATE PRINCIPAL AMOUNT OF SENIOR NOTEHOLDER CLAIM.  The undersigned certifies that as of December 12, 2011 (the "Supplemental Record Date"), the undersigned was the Beneficial Owner of a Senior Noteholder Claim in the following aggregate unpaid principal amount (for purposes of this Supplemental Beneficial Ballot, you should not adjust the principal amount for any accrued or unmatured interest).

$ _____

**The preprinted amount of your Senior Noteholder Claim above will control for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN.  The Beneficial Owner of the Senior Noteholder Claim set forth above hereby votes with respect to such Claim on the Third Amended DCL Plan as follows (check one box only):

| ☐  to ACCEPT the Third Amended DCL Plan | ☐  to REJECT the Third Amended DCL Plan |
|---|---|

ITEM 3.    RELEASE ELECTIONS (OPTIONAL).  If you return a Supplemental Beneficial Ballot and vote to accept the Third Amended DCL Plan, you will be deemed to have granted the releases contained in Section 11.2.2 of the Plan unless you elect <u>not</u> to grant such releases by checking the applicable box below.[2]  If you vote to reject the Third Amended DCL Plan, you may elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan by checking the applicable box below.  If you do not return your Supplemental Beneficial Ballot, you are deemed not to grant the releases in Section 11.2.2 of the Third Amended DCL Plan unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.  The election to grant the releases is at your option.  **If you do not grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Third Amended DCL Plan.**

☐  The undersigned has voted to accept the Third Amended DCL Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.

---

[2] Section 11.2.2 of the Third Amended DCL Plan provides that each Person (a) that has voted to accept the Plan and has not opted out from granting the releases, (b) that has voted to reject the Plan but has opted to grant the releases, (c) that is deemed to accept the Plan and has been provided an opportunity but has not opted out of granting the releases, or (d) who otherwise agrees to provide the releases, shall be deemed to have unconditionally released each and all of the Released Parties of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Documents or the Restructuring Transactions (as such terms are defined in the Third Amended DCL Plan), except as otherwise provided in Section 11.2.2 of the Third Amended DCL Plan.

☐ The undersigned has voted to reject the Third Amended DCL Plan in Item 2 above but elects to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.

**Under separate cover, you have received, or will receive, a separate Supplemental Election Form by which you may elect (a) not to transfer your Disclaimed State Law Avoidance Claims (as defined in the Third Amended DCL Plan) that you may hold to the Creditors' Trust, and (b) to receive an alternative distribution on account of your Senior Noteholder Claims. PLEASE CAREFULLY REVIEW AND FOLLOW THE INSTRUCTIONS RECEIVED WITH THE ELECTION FORM.**

ITEM 4.    CERTIFICATION.  By signing this Supplemental Beneficial Ballot, the Holder of the Senior Noteholder Claim identified in Item 1 certifies and/or acknowledges that:

a.    it is the Beneficial Owner of the Senior Noteholder Claim to which this Supplemental Beneficial Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Third Amended DCL Plan and make the election called for on this Supplemental Beneficial Ballot;

b.    it has been provided with a copy of the Third Amended DCL Plan, the Supplemental Disclosure Document, and the Resolicitation Order and acknowledges that the vote and elections set forth on this Supplemental Beneficial Ballot are subject to all of the terms and conditions set forth in the Third Amended DCL Plan, the Supplemental Disclosure Document, and the Resolicitation Order;

c.    it has not submitted any other Supplemental Beneficial Ballot(s) relating to the Senior Noteholder Claims voted herein that are inconsistent with the votes as set forth in this Supplemental Beneficial Ballot or that, as limited by the terms of the Resolicitation Order and the instructions attached hereto, if such other Supplemental Beneficial Ballot(s) was/were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein;

d.    it is deemed to have consented to the submission of a Supplemental Master Ballot to the Voting Agent (if applicable); and

e.    either (a) this Supplemental Beneficial Ballot is the only Supplemental Beneficial Ballot submitted by the undersigned for Senior Noteholder Claims <u>or</u> (b) in addition to this Supplemental Beneficial Ballot, one or more Supplemental Beneficial Ballots for Senior Noteholder Claims have been submitted as follows (please use additional sheets of paper if necessary):

**COMPLETE THIS SECTION ONLY IF YOU HAVE VOTED OTHER SUPPLEMENTAL BENEFICIAL BALLOTS**

| Account Number of Other Senior Noteholder Claims | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims | CUSIP Number of Other Senior Noteholder Claims | Principal Amount of Other Senior Noteholder Claims Voted in Additional Ballot(s) |
|---|---|---|---|
| 1. | | | $ |
| 2. | | | $ |
| 3. | | | $ |
| 4. | | | $ |

Name: _____
          (Print or Type)

Signature:_____

By:_____
       (If Applicable)

Title:_____
       (If Applicable)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

     This Supplemental Beneficial Ballot is not, and may not be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest, or (b) an admission by the Debtors or the other Proponents of the Third Amended DCL Plan of the nature, validity, or amount of any Claim, and does not signify that your claim has been or will be Allowed.

> **THE SUPPLEMENTAL VOTING DEADLINE IS 4:00 P.M. EASTERN TIME ON JANUARY 20, 2012, UNLESS SUCH TIME IS EXTENDED.  PLEASE RETURN YOUR SUPPLEMENTAL BENEFICIAL BALLOT TO YOUR VOTING NOMINEE IN THE ENVELOPE PROVIDED IN SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR SUPPLEMENTAL BENEFICIAL BALLOT AND SUBMIT A SUPPLEMENTAL MASTER BALLOT TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE THE SUPPLEMENTAL VOTING DEADLINE OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN.**
>
> **PRIOR VOTES AND ELECTIONS MADE ON THE THIRD AMENDED DCL PLAN, OR OTHER PLANS OF REORGANIZATION FOR THE DEBTORS, BY HOLDERS OF SENIOR NOTEHOLDER CLAIMS WILL NOT BE RE-COUNTED.  THEREFORE, YOU MUST BE SURE THAT THE SUPPLEMENTAL BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE SUPPLEMENTAL VOTING DEADLINE.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS SUPPLEMENTAL BENEFICIAL BALLOT OR THE PROCEDURES FOR VOTING ON THE THIRD AMENDED DCL PLAN, OR IF YOU NEED AN ADDITIONAL SUPPLEMENTAL BENEFICIAL BALLOT OR ADDITIONAL COPIES OF THE SUPPLEMENTAL DISCLOSURE DOCUMENT, THE THIRD AMENDED DCL PLAN, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT <u>TRIBUNEVOTE@EPIQSYSTEMS.COM</u>.**

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### INSTRUCTIONS FOR COMPLETING SUPPLEMENTAL BENEFICIAL BALLOTS FOR HOLDERS OF SENIOR NOTEHOLDER CLAIMS TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN

**THESE INSTRUCTIONS EXPLAIN HOW TO COMPLETE THE SUPPLEMENTAL BENEFICIAL BALLOT ENCLOSED IN THE RESOLICITATION PACKAGE FOR VOTING TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN.  PLEASE READ AND FOLLOW THESE INSTRUCTIONS CAREFULLY SO THAT YOUR VOTES AND ELECTIONS RESPECTING THE THIRD AMENDED DCL PLAN WILL BE COUNTED.**

### Why You Have Received a Supplemental Beneficial Ballot

On December [•], 2011, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. [•]] (the "Resolicitation Order") to provide, among other things, for procedures for certain Holders of Claims against Tribune Company and/or its subsidiaries in the above-captioned Chapter 11 Cases (collectively, the "Debtors") to vote to accept or

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

reject the Third Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries Proposed By the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Third Amended DCL Plan") and to make certain elections called for under such Plan.  Capitalized terms used but not defined in these Instructions have the meanings ascribed to them in (i) the Third Amended DCL Plan, (ii) the Supplemental Disclosure Document, or (iii) the Resolicitation Order, as applicable.

The Resolicitation Order provides, among other things, that Holders of Senior Noteholder Claims may re-vote on the Third Amended DCL Plan and may make elections thereunder.

You have previously received ballots for voting on and making elections under earlier versions of the Third Amended DCL Plan and other plans of reorganization that were proposed for the Debtors with respect to your Senior Noteholder Claims.  Please be aware that your votes on and elections under the earlier versions of the Third Amended DCL Plan and other plans of reorganization with respect to your Senior Notes Claims are not being counted for purposes of the Third Amended DCL Plan.  Accordingly, if you wish to have your vote on and elections under the Third Amended DCL Plan counted, you must complete and return the Supplemental Beneficial Ballot as provided in these Instructions.

### Claims Voted by the Supplemental Beneficial Ballots

You have been identified as a Beneficial Owner of a Senior Noteholder Claim against Tribune Company that is entitled to re-vote to accept or reject the Third Amended DCL Plan and to make certain elections called for under that Plan.  Senior Noteholder Claims against Tribune Company are all Claims based on the following series of Senior Notes issued by Tribune Company:

| Series of Notes | CUSIP # |
| --- | --- |
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

### Materials that You Have Been Sent with the Supplemental Beneficial Ballot

You have been sent with the Supplemental Beneficial Ballot various materials to assist you in deciding how to vote on the Third Amended DCL Plan (collectively, the "Resolicitation Package").  In addition to the Supplemental Ballot, the Resolicitation Package contains the following:

- a copy of the Third Amended DCL Plan;

- a Supplemental Disclosure Document (the "Supplemental Disclosure Document") that describes the modifications to the Third Amended DCL Plan that have been made since the prior solicitation of votes and elections on such Plan.  The Supplemental Disclosure Document has been approved by the Bankruptcy Court as a supplement to the previously-distributed Disclosure Documents[2] to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Third Amended DCL Plan;

---

[2] See General Disclosure Statement dated December 15, 2010 [Docket No. 7232] (the "General Disclosure Statement"), which contains a general description of (among other things) the Debtors, their respective businesses and their reorganization proceedings; (ii) the Specific Disclosure Statement Relating to First Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, The Official Committee of

- notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Third Amended DCL Plan; and

- a copy of the Resolicitation Order (without exhibits).  The Resolicitation Order contains important information regarding the process of voting on the Third Amended DCL Plan and how votes on the Third Amended DCL Plan will be tabulated.

Additionally, Holders of Senior Noteholder Claims will receive, by separate mailing, a supplemental election form (the "Supplemental Election Form") by which such Holders may elect (a) not to transfer their Disclaimed State Law Avoidance Claims to the Creditors' Trust as provided for under the Third Amended DCL Plan, and (b) to receive an alternative distribution on account of their Allowed Senior Noteholder Claims.  Details concerning each of the foregoing elections, and the resulting effect that such elections may have on potential recoveries under the Third Amended DCL Plan, are described in the Plan and Disclosure Documents.  Please see the Supplemental Election Form and its accompanying instructions for further information regarding this election.

**It is very important that you read all of these materials carefully in deciding how you wish to vote on the Third Amended DCL Plan and make the elections called for under such Plan.  Your vote on the Third Amended DCL Plan is very important and may affect your rights and the treatment of your Claim.**

If you would like to receive additional copies of the Third Amended DCL Plan, the Supplemental Disclosure Document, or any other materials relating to the Third Amended DCL Plan, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting Epiq Bankruptcy Solutions LLC (the "Voting Agent") at (888) 287-7568 or tribunevote@epiqsystems.com.

### Deadline for Returning Supplemental Beneficial Ballots

You must complete, sign and date your Supplemental Beneficial Ballot and return it in the enclosed envelope to your broker, bank, commercial bank, trust company, dealer, or other agent or nominee (a "Voting Nominee") in sufficient time for your Voting Nominee to process your Supplemental Beneficial Ballot and submit a Supplemental Master Ballot to the Voting Agent so that it is actually received by the Voting Agent no later than **4:00 p.m. (Eastern Time) on January 20, 2012 (the "Supplemental Voting Deadline")**, or your votes will not be counted, and your elections will not be valid.  Your Voting Nominee will provide specific instructions for returning the Supplemental Beneficial Ballot to such Voting Nominee.  Please do not mail Supplemental Beneficial Ballots directly to the Voting Agent, the Debtors, or to any of the other Proponents of the Third Amended DCL Plan.

### How to Complete Your Supplemental Beneficial Ballot

The following are step-by-step instructions for how to complete your Supplemental Beneficial Ballot for voting on the Third Amended DCL Plan and making the elections called for thereunder:

---

Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [Docket No. 7135] (the "Specific Disclosure Statement"), which contains a detailed description of (among other things) the provisions of the First Amended DCL Plan, including those provisions that are retained in the Third Amended DCL Plan; and (iii) the Explanatory Statement Relating to Modified Elections Under Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (as modified April 26, 2011) [Docket No. 8754] (the "Explanatory Statement"), which contains a description of (among other things) certain elections offered under the Second Amended DCL Plan (the General Disclosure Statement, the Specific Disclosure Statement, the Explanatory Statement, and the Supplemental Disclosure Document, collectively, the "Disclosure Documents").

**ITEM 1:**          **Amount of Claim.**

If you are Holder of a Senior Noteholder Claim, please certify the amount of your Claim as of December 12, 2011 (the "Supplemental Record Date").  By certifying the amount in Item 1, you are certifying that the party submitting the Supplemental Beneficial Ballot is the Beneficial Owner, as of the Supplemental Record Date, of a Claim in the aggregate unpaid amount set forth in Item 1 of the Supplemental Beneficial Ballot.  The preprinted amount of the Claim set forth in Item 1 of the Supplemental Beneficial Ballot will control for voting purposes.  If you do not agree with the amount preprinted on Item 1 of the Supplemental Beneficial Ballot, please see "Questions Concerning Your Claim Amount" below.

**ITEM 2:**          **Vote to Accept or Reject the Third Amended DCL Plan.**

Please cast your vote to accept or reject the Third Amended DCL Plan by checking the applicable box in Item 2.  Please note that you must vote the entire amount of your Claim to accept or reject the Third Amended DCL Plan; in other words, you may not vote part of your Claim to accept and part of your Claim to reject the Third Amended DCL Plan.

If the Third Amended DCL Plan is confirmed by the Bankruptcy Court and becomes effective, it will be binding upon you whether or not you vote to accept or reject the Plan or abstain from voting on the Plan.

Please be aware that a vote to accept the Third Amended DCL Plan is a vote to grant the releases set forth in Section 11.2.2 of the Third Amended DCL Plan, unless you elect not to grant such releases by checking the applicable box on the Supplemental Beneficial Ballot.  If you vote to reject the Third Amended DCL Plan, you may elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan by checking the applicable box on your Supplemental Beneficial Ballot.  The Third Amended DCL Plan provides that each Person (a) that has voted to accept the Plan and has not opted out from granting the releases, (b) that has voted to reject the Plan but has opted to grant the releases, (c) that is deemed to accept the Plan and has been provided an opportunity but has not opted out of granting the releases, or (d) who otherwise agrees to provide the releases, shall be deemed to have unconditionally released each and all of the Released Parties of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Documents or the Restructuring Transactions (as such terms are defined in the Third Amended DCL Plan), except as otherwise provided in Section 11.2.2 of the Third Amended DCL Plan.

**ITEM 3:**          **Release Elections (Optional).**

If you vote to accept the Third Amended DCL Plan, you are deemed to grant the releases in Section 11.2.2 of the Third Amended DCL Plan unless you affirmatively opt out of granting those releases.  If you vote to reject the Third Amended DCL Plan, you are deemed not to grant the releases in Section 11.2.2 of the Third Amended DCL Plan unless you affirmatively opt in to granting those releases. If you do not return a Supplemental Beneficial Ballot, you are deemed not to grant the releases in Section 11.2.2 of the Third Amended DCL Plan unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.

4

If you voted to accept the Third Amended DCL Plan but wish to opt out of granting the releases in Section 11.2.2 of the Third Amended DCL Plan, please check the box corresponding to that election in Item 3. Similarly, if you vote to reject the Third Amended DCL Plan but wish to grant the releases in Section 11.2.2 of the Third Amended DCL Plan, please check the box corresponding to that election in Item 3.

If you either (i) vote to accept the Third Amended DCL Plan and do not check the box in Item 3 opting not to grant the Section 11.2.2 releases, or (ii) vote to reject the Third Amended DCL Plan and check the box in Item 3 opting to grant the Section 11.2.2 releases, you will have consented to the releases set forth in Section 11.2.2 of the Third Amended DCL Plan to the fullest extent permitted by applicable law. **If you do <u>not</u> grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan, you will <u>not</u> receive the benefit of the releases set forth in the Third Amended DCL Plan.**

<u>**ITEM 4**</u>:        **Certifications.**

Please review and complete the certifications in Item 4. Your original signature is required on the Supplemental Beneficial Ballot for your votes on the Third Amended DCL Plan and your elections under the Third Amended DCL Plan to count. In addition, in Item 4, if you are completing the Supplemental Beneficial Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing. You may be requested at a later time to provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the mailing label, or if no mailing label is attached to the Supplemental Beneficial Ballot.

The certifications in Item 4 also require you to certify that the Supplemental Beneficial Ballot being submitted is either the only Supplemental Beneficial Ballot you have submitted for Senior Noteholder Claims or, if not, that all other Supplemental Beneficial Ballots submitted by you for such Claims are as identified in Item 4(e). You may attach additional sheets of paper if necessary to complete Item 4(e).

<u>**Returning Your Supplemental Beneficial Ballot**</u>

Once you have completed your Supplemental Beneficial Ballot in accordance with the foregoing instructions, please return the completed Supplemental Beneficial Ballot to the Voting Nominee for inclusion on a Supplemental Master Ballot to be prepared and submitted by such Voting Nominee to the Voting Agent. Please allow sufficient time for mailing your Supplemental Beneficial Ballot to your Voting Nominee so that the Voting Nominee may include your votes and elections on a Supplemental Master Ballot and provide it to the Voting Agent before the Supplemental Voting Deadline.

**No Electronic Transmissions.** Supplemental Beneficial Ballots submitted by facsimile or other electronic transmission will <u>not</u> be counted. In addition, please note that if your Supplemental Beneficial Ballot is illegible or contains insufficient information to permit the identification of the Holder of the Claim, your Supplemental Ballot will <u>not</u> be counted. Do <u>not</u> mail your Supplemental Beneficial Ballots directly to the Debtors or to any of the Proponents of the Third Amended DCL Plan..

**No Withdrawal.** After the Supplemental Voting Deadline, unless you obtain the prior consent of the Proponents of the Third Amended DCL Plan or Bankruptcy Court approval, you may not (i) withdraw or modify your Supplemental Beneficial Ballot in any way, (ii) change your vote to accept or reject the Third Amended DCL Plan, (iii) change your release elections, (iv) change your treatment elections (if applicable), or (v) change your election to transfer your Disclaimed State Law Avoidance Claims to the Creditors' Trust, which can be made on the separate Supplemental Creditors' Trust Election Form.

**Questions Concerning Your Claim Amount**

If you disagree with the amount of your Claim set forth in Item 1 of the Supplemental Ballot, you may ask the Bankruptcy Court to allow your Claim solely for voting purposes in a different amount.  To have your claim allowed solely for voting purposes under the Third Amended DCL Plan in a different amount, you must serve on the Proponents of the Third Amended DCL Plan (at the addresses listed on [page 1] of the Third Amended DCL Plan) and file with the Bankruptcy Court, on or before **January [•], 2012**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (a "3018 Motion").

A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes only, and the evidence in support of your belief.  If you file a 3018 Motion by the deadline above, your Supplemental Ballot will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Supplemental Voting Deadline, or (b) if such an order has not been entered by the Supplemental Voting Deadline and unless the Proponents of the Third Amended DCL Plan have come to an agreement with you as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the ballot or otherwise in accordance with the tabulation rules set forth in the Resolicitation Order.  **January [•], 2012, at [•]:00 [•]a.m. (Eastern Time)** has been established as the date and time for a hearing to consider any and all 3018 Motions.

**Additional Questions.**  If you have questions concerning the Supplemental Beneficial Ballot or the procedures for voting to accept or reject the Third Amended DCL Plan, or if you need an additional Supplemental Beneficial Ballot or additional copies of other materials in the Resolicitation Package, please contact the Voting Agent at (888) 287-7568 or at tribunevote@epiqsystems.com.  The materials in the Resolicitation Package may also be obtained free of charge by visiting http://chapter11.epiqsystems.com/tribune.

**Supplemental Beneficial Ballot is Not a Proof of Claim or Interest.**  This Supplemental Ballot is not, and may not be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest, or (b) an admission by the Debtors or the other Proponents of the Third Amended DCL Plan of the nature, validity, or amount of any Claim, and does not signify that your claim has been or will be Allowed.

**Additional Information.**  No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Third Amended DCL Plan.  The Supplemental Beneficial Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Third Amended DCL Plan and make the elections called for on the Supplemental Beneficial Ballot.  Holders should not surrender any debt instruments together with their Supplemental Beneficial Ballot.  The Voting Agent will not accept delivery of any such instruments surrendered together with a Supplemental Master Ballot or Supplemental Beneficial Ballot.

**<u>Master Ballot for Senior Noteholder Claims – Third Amended DCL Plan</u>**

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et</u> <u>al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**SUPPLEMENTAL MASTER BALLOT FOR VOTING NOMINEES OF HOLDERS OF SENIOR
<u>NOTEHOLDER CLAIMS TO ACCEPT OR REJECT THIRD AMENDED DCL PLAN</u>**

**PLEASE READ AND FOLLOW THE INSTRUCTIONS CAREFULLY.**

**PLEASE COMPLETE, SIGN AND DATE THIS SUPPLEMENTAL MASTER BALLOT
AND RETURN IT TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "<u>VOTING AGENT</u>") AT
THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O
EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK,
NY 10017, SO THAT IT IS <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT BY JANUARY
20, 2012 AT 4:00 P.M. EASTERN TIME (THE "<u>SUPPLEMENTAL VOTING DEADLINE</u>").**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**IF THIS SUPPLEMENTAL MASTER BALLOT IS NOT ACTUALLY RECEIVED BY THE VOTING AGENT BY THE SUPPLEMENTAL VOTING DEADLINE, THE VOTES AND ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED.  PRIOR VOTES AND ELECTIONS MADE ON THE THIRD AMENDED DCL PLAN BY HOLDERS OF SENIOR NOTEHOLDER CLAIMS WILL NOT BE RE-COUNTED.  THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE SUPPLEMENTAL MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE SUPPLEMENTAL VOTING DEADLINE.**

On December [•], 2011, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. [•]] (the "Resolicitation Order") to provide for, among other things, procedures for Holders of Senior Noteholder Claims to vote to accept or reject the Third Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries Proposed By the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Third Amended DCL Plan") and to make certain elections called for under such Plan.

You have previously received master ballots on behalf of beneficial owners of Senior Notes issued by Tribune Company ("Beneficial Owners") for tabulating votes on and elections under earlier versions of the Third Amended DCL Plan and other plans of reorganization that were proposed for the Debtors.  Please be aware that votes on and elections under the earlier versions of the Third Amended DCL Plan and other plans of reorganization with respect to the Senior Noteholder Claims are not being counted for purposes of the Third Amended DCL Plan.  Accordingly, for the votes on and elections under the Third Amended DCL Plan of your Beneficial Owners to be counted, you must complete and return this Supplemental Master Ballot so that it is **actually received** by the Voting Agent by the Supplemental Voting Deadline, in accordance with the attached Instructions.

This Supplemental Master Ballot is to be used by you, as a broker, bank, commercial bank, trust company, dealer, or other agent or nominee (each of the foregoing, a "Voting Nominee") to tabulate and transmit the votes and elections of Beneficial Owners in respect of their Senior Noteholder Claims.

The proponents of the Third Amended  DCL Plan have provided to you, by separate mailing, voting materials for each of the Beneficial Owners for whom you act as Voting Nominee, consisting of Supplemental Beneficial Ballots and Supplemental Election Forms, copies of the Third Amended DCL Plan, a Supplemental Disclosure Document (the "Supplemental Disclosure Document") that describes the modifications to the Third Amended DCL Plan that have been made since the prior solicitation of votes on and elections under such Plan, notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Third Amended DCL Plan, and copies of the Resolicitation Order (without exhibits) (collectively, the "Resolicitation Packages").  Capitalized terms used but not defined in this Supplemental Master Ballot have the meanings given to them in (i) the Third Amended DCL Plan, (ii) the Supplemental Disclosure Document, or (iii) the Resolicitation Order, as applicable.

Senior Noteholder Claims are all Claims based on the following series of Senior Notes issued by Tribune Company:

| Series of Notes | CUSIP # |
|---|---|
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |

| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

Votes to accept or reject the Third Amended DCL Plan from Beneficial Owners of Senior Noteholder Claims, and accompanying elections, will be returned to you on Supplemental Beneficial Ballots.  For each completed, executed Supplemental Beneficial Ballot returned to you by a Beneficial Owner, you must retain a copy of such Supplemental Beneficial Ballot in your files for at least **five (5) years** from the Supplemental Voting Deadline.

**PRIOR TO COMPLETING THIS SUPPLEMENTAL MASTER BALLOT, PLEASE REFER TO THE INSTRUCTIONS ATTACHED TO THIS SUPPLEMENTAL MASTER BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.**

ITEM 1.    CERTIFICATION OF AUTHORITY TO VOTE.  The undersigned certifies that as of December 12, 2011, (the "Supplemental Record Date"), it (please check applicable box):

is the broker, bank, or other agent or nominee that are the registered holder for the Beneficial Owners of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below; or

is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by the broker, bank, or other agent or nominee that is the registered holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below; or

has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a Beneficial Owner, that is the registered holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 and, accordingly, has full power and authority to (1) vote to accept or reject each of the Plans and (2) make the elections called for pursuant to each of the Plans, each on behalf of the Beneficial Owners of the Senior Notes described in Items 2 and 3 below.

ITEM 2.    TABULATION OF BENEFICIAL OWNER VOTING.  The undersigned certifies that:

ITEM 2A.    <u>Acceptances/Rejections</u>.  The Beneficial Owners of Senior Notes in the following aggregate unpaid principal amounts have delivered duly completed Supplemental Beneficial Ballots to the undersigned (or such information was derived from Supplemental Beneficial Ballots that have been summarized in intermediary Supplemental Master Ballots delivered to the undersigned) voting to Accept or Reject the Third Amended DCL Plan:

| Total Number of Holders of Senior Noteholder Claims Voting to Accept | Total Aggregate Unpaid Principal Amount of Holders Voting to Accept | Total Number of Holders of Senior Noteholder Claims Voting to Reject | Total Aggregate Unpaid Principal Amount of Holders Voting to Reject |
|---|---|---|---|
|  | $_____ |  | $_____ |

ITEM 2B.    <u>Release Elections</u>.  The undersigned certifies that the Beneficial Owners of Senior Noteholder Claims in the following aggregate unpaid principal amounts have made the release elections below under the Third Amended DCL Plan:

| Total Number of Holders Voting to Reject the Third Amended DCL Plan who Elected to Grant Releases contained in Section 11.2.2 of Third Amended DCL Plan | Total Aggregate Unpaid Principal Amount of Holders Voting to Reject the Third Amended DCL Plan who Elected to Grant Releases contained in Section 11.2.2 of Third Amended DCL Plan | Total Number of Holders Voting to Accept the Third Amended DCL Plan who Elected Not to Grant Releases contained in Section 11.2.2 of Third Amended DCL Plan | Total Aggregate Unpaid Principal Amount of Holders Voting to Accept the Third Amended DCL Plan who Elected Not to Grant Releases contained in Section 11.2.2 of Third Amended DCL Plan |
|---|---|---|---|
|  | $_____ |  | $_____ |

4

ITEM 3.    TRANSMITTAL OF VOTES FROM SUPPLEMENTAL BENEFICIAL BALLOTS.  The undersigned transmits the following votes of Beneficial Owners of Senior Notes and certifies that the following are Beneficial Owners, as of the Supplemental Record Date, and have delivered to the undersigned, as Voting Nominee, Supplemental Beneficial Ballots casting such votes (indicate in each column the aggregate principal amount voted for each account).

| Your Customer Name or Account Number for Each Beneficial Owner Voting on the Third Amended DCL Plan | Principal Amount of Senior Notes Voting | Voted to ACCEPT the Third Amended DCL Plan | Voted to REJECT the Third Amended DCL Plan | Check if Beneficial Owner voted to Reject the Third Amended DCL Plan and Elected to grant the releases contained in Section 11.2.2 of Third Amended DCL Plan | Check if Beneficial Owner voted to Accept the Third Amended DCL Plan and Elected not to grant the releases contained in Section 11.2.2 of Third Amended DCL Plan |
|---|---|---|---|---|---|
| 1. | $ | ☐ | ☐ | ☐ | ☐ |
| 2. | $ | ☐ | ☐ | ☐ | ☐ |
| 3. | $ | ☐ | ☐ | ☐ | ☐ |
| 4. | $ | ☐ | ☐ | ☐ | ☐ |
| 5. | $ | ☐ | ☐ | ☐ | ☐ |
| 6. | $ | ☐ | ☐ | ☐ | ☐ |
| 7. | $ | ☐ | ☐ | ☐ | ☐ |
| 8. | $ | ☐ | ☐ | ☐ | ☐ |
| 9. | $ | ☐ | ☐ | ☐ | ☐ |
| 10. | $ | ☐ | ☐ | ☐ | ☐ |

**USE ADDITIONAL SHEETS IF NECESSARY.**

ITEM 4.    ADDITIONAL INFORMATION SUBMITTED BY BENEFICIAL OWNERS.  The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 4(e) of each Supplemental Beneficial Ballot received from a Beneficial Owner of the Senior Noteholder.

**Information transcribed from Item 4 of the Supplemental Beneficial Ballots regarding other
Supplemental Beneficial Ballots cast in respect of Senior Noteholder Claims**

| Your Customer Name or Account Number for Each Beneficial Owner who completed Item 4(e) of the Supplemental Beneficial Ballot | Account Number of Other Senior Notes | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims Voted | CUSIP Number of Senior Noteholder Claims Voted | Principal Amount of Other Senior Noteholder Claims Voted in Additional Ballot(s) |
|---|---|---|---|---|
| 1. | | | | $ |
| 2. | | | | $ |
| 3. | | | | $ |
| 4. | | | | $ |

**USE ADDITIONAL SHEETS IF NECESSARY**

ITEM 5.    CERTIFICATION.  By signing this Supplemental Master Ballot, the undersigned certifies that: (a) each Beneficial Owner of Senior Notes whose votes and elections are being transmitted by this Supplemental Master Ballot has been provided with a copy of the Third Amended DCL Plan, the Supplemental Disclosure Document, the Resolicitation Order, and a Supplemental Beneficial Ballot for voting its Claim on the Third Amended DCL Plan; (b) it is the registered holder of the Senior Notes to which this Supplemental Master Ballot pertains and/or has full power and authority to vote to accept or reject the Third Amended DCL Plan and make the elections called for thereunder; (c) it received a properly completed and signed Supplemental Beneficial Ballot from each Beneficial Owner listed in Item 3 above; and (d) it accurately transcribed all applicable information from the Supplemental Beneficial Ballots received from each Beneficial Owner.

The undersigned also acknowledges that the solicitation of this vote to accept or reject the Third Amended DCL Plan is subject to all the terms and conditions set forth in the Resolicitation Order, dated December [•], 2011.

_____
Name of Voting Nominee

_____
Participant Number

_____
Signature

_____
If by Authorized Agent, Name and Title

6

_____

Street Address

_____

City, State and Zip Code

_____

Telephone Number

_____

Email

_____

Date Completed

**INSTRUCTIONS FOR COMPLETING THE SUPPLEMENTAL MASTER BALLOT
TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN**

**THESE INSTRUCTIONS EXPLAIN HOW TO COMPLETE THE SUPPLEMENTAL MASTER
BALLOT FOR VOTING NOMINEES OF HOLDERS OF SENIOR NOTEHOLDER CLAIMS TO
VOTE TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN.  PLEASE READ AND
FOLLOW THESE INSTRUCTIONS CAREFULLY SO THAT YOUR CUSTOMERS' VOTES
AND ELECTIONS RESPECTING THE THIRD AMENDED DCL PLAN WILL BE COUNTED.**

## Supplemental Voting Deadline

The Supplemental Voting Deadline is **January 20, 2012 at 4:00 p.m. (Eastern Time)**.  To have
the votes and elections of your customers count, you must complete, sign, and return the Supplemental
Master Ballot so that it is received by the Voting Agent at the address set forth in the Supplemental
Master Ballot on or before the Supplemental Voting Deadline.  Capitalized terms used but not defined in
this Supplemental Election Tabulation Form have the meanings given to them in (i) the Third Amended
DCL Plan, (ii) the Supplemental Disclosure Document, or (iii) the Resolicitation Order, as applicable.

## Transmittal of Supplemental Beneficial Ballots to Beneficial Owners

If you are acting as a broker, bank, commercial bank, trust company, dealer, or other agent or
nominee (each of the foregoing, a "Voting Nominee") for Beneficial Owners of Senior Noteholder
Claims issued by Tribune Company, you must (i) deliver a Supplemental Beneficial Ballot to such
Beneficial Owner(s), along with the Supplemental Disclosure Document, the Third Amended DCL Plan,
the Resolicitation Order, the Confirmation Hearing Notice, and other materials required to be forwarded;
and (ii) take the necessary actions to enable such Beneficial Owners to (a) complete and execute such
Supplemental Beneficial Ballot and (b) return the completed, executed Supplemental Beneficial Ballot to
you in sufficient time to enable you to complete the Supplemental Master Ballot and deliver it to the
Voting Agent before the Supplemental Voting Deadline.

You or the Beneficial Owners for whom you are the Voting Nominee may wish to seek legal
advice concerning the Third Amended DCL Plan and the classification and treatment of the Senior
Noteholder Claims under such Plan.

## How to Complete the Supplemental Master Ballot

With respect to all of the Supplemental Beneficial Ballots returned to you, you must properly
complete the Supplemental Master Ballot, as follows:

    i.    Check the appropriate box in Item 1 on the Supplemental Master Ballot;

    ii.    Indicate the total votes to accept or reject the Third Amended DCL Plan in Item 2;

    iii.    Transcribe the votes from the Supplemental Beneficial Ballots in Item 2 and indicate
the following in Item 3:

        a.    whether each Beneficial Owner voted to accept or reject the Third Amended
DCL Plan;

        b.    in the case of any Beneficial Owners that voted to reject the Third Amended
DCL Plan, whether each such Beneficial Owner elected to grant the releases
contained in Section 11.2.2 of the Third Amended DCL Plan; and

1

c.  in the case of any Beneficial Owners that voted to accept the Third Amended DCL Plan, whether each such Beneficial Owner elected not to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.

IMPORTANT: BENEFICIAL OWNERS MAY NOT SPLIT THEIR VOTES.  PROPERLY EXECUTED SUPPLEMENTAL BENEFICIAL BALLOTS THAT ATTEMPT PARTIALLY TO ACCEPT AND PARTIALLY TO REJECT THE THIRD AMENDED DCL PLAN WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE PLAN.  EACH BENEFICIAL OWNER MUST VOTE ALL OF HIS, HER, OR ITS SENIOR NOTEHOLDER CLAIMS EITHER TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN (OR ABSTAIN FROM VOTING THEREON).  IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT EACH BENEFICIAL OWNER TO CORRECT ITS BALLOT OR THE VOTING AGENT IMMEDIATELY.

iv.  Transcribe from Item 4(e) of each Supplemental Beneficial Ballot the information provided by the Beneficial Owners into Item 4 of the Supplemental Master Ballot;

v.  Review the certification in Item 5 of the Supplemental Master Ballot;

vi.  Ensure that each Supplemental Beneficial Ballot is signed and each certification is complete;

vii.  Independently verify and confirm the accuracy of the information provided with respect to each Beneficial Owner of Senior Notes;

viii.  If additional space is required to respond to any item on the Supplemental Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Supplemental Master Ballot to which you are responding; and

ix.  Sign, date, and return the original Supplemental Master Ballot.

You must deliver the completed, executed Supplemental Master Ballot so that it is actually received by the Voting Agent on or before the Supplemental Voting Deadline.  You must retain a copy of each completed, executed Supplemental Beneficial Ballot returned to you by a Beneficial Owner in your files for at least **five (5) years** from the Supplemental Voting Deadline.

Votes cast by Beneficial Owners through a Voting Nominee will be compared to the holdings of the Senior Notes of such Beneficial Owners as of the Supplemental Record Date, as evidenced by the record and depository listings.  Votes submitted by a Voting Nominee pursuant to a Supplemental Master Ballot will not be counted in excess of the record amount of the Senior Notes held by such Voting Nominee.

For the purpose of tabulating votes, each Beneficial Owner shall be deemed to have voted the principal amount of its Senior Notes.  To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees.  To the extent that overvotes on a Supplemental Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Third Amended DCL Plan in the same proportion as the votes to accept and reject the Third Amended DCL Plan submitted on the Supplemental Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the Senior Notes.

After the Voting Deadline, no vote or election on the Third Amended DCL Plan may be withdrawn without the prior consent of the Proponents of the Third Amended DCL Plan.

<u>PLEASE NOTE:</u>

This Supplemental Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Third Amended DCL Plan and to make certain elections called for under such Plan.  Holders of Senior Noteholder Claims should not surrender their Senior Notes with the Supplemental Beneficial Ballots.  The Voting Agent will not accept delivery of any such instruments surrendered together with a Supplemental Master Ballot.

The Supplemental Master Ballot and Supplemental Beneficial Ballots are not, and may not be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest, or (b) an admission by the Debtors or the other Proponents of the Third Amended DCL Plan of the nature, validity, or amount of any Claim, and does not signify that any claim has been or will be Allowed.

No fees or commissions or other remuneration will be payable to any Voting Nominee.  Upon written request with supporting documentation, however, the Debtors will reimburse you for reasonable, actual, and necessary out-of-pocket expenses associated with the distribution of the Resolicitation Packages to your Beneficial Owners, the tabulation of the Supplemental Beneficial Ballots, and the completion of this Supplemental Master Ballot.

**IF YOU BELIEVE THAT YOU ARE MISSING ANY MATERIALS FROM THE RESOLICITATION PACKAGE OR THAT YOU HAVE RECEIVED THE WRONG BALLOT, OR IF YOU HAVE QUESTIONS REGARDING THIS SUPPLEMENTAL MASTER BALLOT, OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE SUPPLEMENTAL MASTER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.**

**PLEASE COMPLETE, SIGN, AND DATE THIS SUPPLEMENTAL MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.**

**BALLOTS RECEIVED BY FACSIMILE OR OTHER ELECTRONIC MEANS OR RECEIVED AFTER THE SUPPLEMENTAL VOTING DEADLINE WILL NOT BE COUNTED.**

<u>Senior Noteholder Claims – Third Amended DCL Plan</u>

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## SUPPLEMENTAL ELECTION FORM FOR HOLDERS OF SENIOR NOTEHOLDER CLAIMS AGAINST TRIBUNE COMPANY UNDER THIRD AMENDED DCL PLAN

On December [•], 2011, the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") entered an order [Docket No. [•]] (the "<u>Resolicitation Order</u>") to provide for, among other things, procedures for Holders of Senior Notes Claims to vote to accept or reject the Third Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries Proposed By the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "<u>Third Amended DCL Plan</u>") and to make certain elections called for under such Plan.

This election form (a "<u>Supplemental Election Form</u>") has been sent to you, as a Holder of a Senior Noteholder Claim against Tribune Company, to allow you to elect (i) to receive the Senior Noteholder Alternative Treatment, which is specified in Section 3.2.5(c)(i) of the Third Amended DCL

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Ihenc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Plan, and (ii) not to transfer your Disclaimed State Law Avoidance Claims to the Creditors' Trust to be established pursuant to Section 14.3.1 of the Third Amended DCL Plan.

You have previously received election forms for making elections under earlier versions of the Third Amended DCL Plan and other plans of reorganization that were proposed for the Debtors.  Please be aware that your elections under the earlier versions of the Third Amended DCL Plan and other plans of reorganization with respect to your Senior Notes Claims are not being counted for purposes of the Third Amended DCL Plan.  Accordingly, if you wish to have your elections under the Third Amended DCL Plan counted, you must complete and return this Supplemental Election Form and return it to your Voting Nominee (defined below) in sufficient time for your Voting Nominee to process your Supplemental Election Form and electronically tender your Senior Notes into the ATOP System (defined below) so that your elections are **actually received** by the Voting Agent by no later than **January 20, 2012 at 4:00 p.m. (Eastern Time)** (the "Supplemental Voting Deadline").

You have received with this Supplemental Election Form a copy of the Third Amended DCL Plan, a Supplemental Disclosure Document (the "Supplemental Disclosure Document") that describes the modifications to the Third Amended DCL Plan that have been made since the prior solicitation of votes and elections under such Plan, a notice respecting the hearing before the Bankruptcy Court to consider confirmation of the Third Amended DCL Plan, and a copy of the Resolicitation Order (without exhibits) (collectively, and together with the Supplemental Beneficial Ballots transmitted to you by separate mailing, the "Resolicitation Package").  Capitalized terms used but not defined in this Supplemental Election Form have the meanings given to them in (i) the Third Amended DCL Plan, (ii) the Supplemental Disclosure Document, or (iii) the Resolicitation Order, as applicable.

**It is very important that you read all of the materials in the Resolicitation Package carefully in considering whether you wish to make the elections called for under the Third Amended DCL Plan.  Your elections under the Third Amended DCL Plan are very important and may affect your rights and the treatment of your Claim.**

This Supplemental Election Form is the exclusive means by which you may elect to receive the Senior Noteholder Alternative Treatment under the Third Amended DCL Plan and/or elect not to transfer your Disclaimed State Law Avoidance Claims to the Creditors' Trust to be established under the Third Amended DCL Plan.  If you wish to make the elections provided in this Supplemental Election Form, you must complete this Supplemental Election Form and return it to your broker, bank, commercial bank, trust company, dealer or other agent or nominee (a "Voting Nominee") in sufficient time for your Voting Nominee to summarize your election on a Supplemental Election Tabulation Form and return that Supplemental Election Tabulation Form so that it is received by the Voting Agent by the Supplemental Voting Deadline.  Supplemental Election Tabulation Forms received by the Voting Agent after that date will be disregarded.

**If you do not submit this Supplemental Election Form, you will be deemed to have elected the treatment specified in Section 3.2.5(c)(ii) of the Third Amended DCL Plan with respect to your Allowed Senior Noteholder Claims and you will be deemed to transfer any Disclaimed State Law Avoidance Claims you may hold to the Creditors' Trust established under the Third Amended DCL Plan when the Creditors' Trust is established.**

Pursuant to Section 3.2.5 of the Third Amended DCL Plan, you will receive the principally-Cash treatment option specified in Section 3.2.5(c)(ii) of the Third Amended DCL Plan unless you submit this Supplemental Election Form and elect to receive the Senior Noteholder Alternative Treatment, which is specified in Section 3.2.5(c)(i) of the Third Amended DCL Plan.

If you elect not to transfer your Disclaimed State Law Avoidance Claims using this Supplemental Election Form, you will be "opting out" of contributing all Disclaimed State Law Avoidance Claims you now hold or may hold in the future, and you will not be entitled to (i) receive Creditors' Trust Interests or

(ii) share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust. If you do not opt out of the transfer of your Disclaimed State Law Avoidance Claims to the Creditors' Trust, you will be deemed to consent to the transfer of your Disclaimed State Law Avoidance Claims to the Creditors' Trust under the Third Amended DCL Plan in exchange for Creditors' Trust Interests. The Creditors' Trust Interests may entitle you to share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust. The Creditors' Trust will be established under the Third Amended DCL Plan on the Effective Date of such Plan. For additional information regarding the Creditors' Trust under the Third Amended DCL Plan, please see Section 14.3.1 of the Third Amended DCL Plan.

An election by a Holder of a Senior Noteholder Claim (i) to receive the Senior Noteholder Alternative Treatment, and/or (ii) not to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust established under the Third Amended DCL Plan will be valid only if such Holder has electronically delivered its Senior Notes, as of the Supplemental Voting Deadline, into the Automated Tender Offer Program at The Depository Trust Company (the "ATOP System"). Only the Voting Nominee of a Holder of Senior Noteholder Claim can submit this election on such Holder's behalf.

Holders of Senior Noteholder Claims that (i) elect to receive the Senior Noteholder Alternative Treatment and/or (ii) elect not to transfer their Disclaimed State Law Avoidance Claims to the Creditors' Trust established under the Third Amended DCL Plan pursuant to this Supplemental Election Form and electronically deliver their Senior Notes into the ATOP System can withdraw their Senior Notes from the ATOP System up to and until the Supplemental Voting Deadline. However, following the Supplemental Voting Deadline, such Senior Notes will not be freely tradable.

If a Holder of a Senior Noteholder Claim (i) elects to receive the Senior Noteholder Alternative Treatment and/or (ii) elects not to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust under the Third Amended DCL Plan but fails to comply with the procedures for making such elections set forth above, such Holder will (a) not receive the Senior Noteholder Alternative Treatment on account of such Holder's Allowed Senior Noteholder Claim and/or (b) be deemed to consent to the transfer of its Disclaimed State Law Avoidance Claims to the Creditors' Trust pursuant to the Third Amended DCL Plan, as applicable.

**PRIOR TO COMPLETING THIS SUPPLEMENTAL ELECTION FORM, PLEASE REFER TO THE ENCLOSED INSTRUCTIONS FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW**

ITEM 1.    ELECTION TO RECEIVE SENIOR NOTEHOLDER ALTERNATIVE TREATMENT. Please check the box below if you elect to receive the treatment set forth in Section 3.2.5(c)(i) of the Third Amended DCL Plan on account of your Senior Noteholder Claim. If you do not submit this Senior Noteholder Election Form electing to receive the treatment set forth in Section 3.2.5(c)(i), you will receive the treatment specified in Section 3.2.5(c)(ii) of the Third Amended DCL Plan on account of your Allowed Senior Noteholder Claim.

☐    The undersigned elects to receive the treatment set forth in Section 3.2.5(c)(i) of the Third Amended DCL Plan for its Senior Noteholder Claim.

ITEM 2.    ELECTION NOT TO TRANSFER DISCLAIMED STATE LAW AVOIDANCE CLAIMS. If you wish to opt out of the transfer of any Disclaimed State Law Avoidance Claims that you may have to the Creditors' Trust, please check the box below. If you do not submit this Senior Noteholder Election Form, you will be deemed to consent to the transfer of your Disclaimed State Law Avoidance Claims to the Creditors' Trust in accordance with Section 14.3.1 of the Third Amended DCL Plan.

☐    I wish to opt out of the transfer of my Disclaimed State Law Avoidance Claims to the Creditors' Trust under the Third Amended DCL Plan.

ITEM 3.    CERTIFICATION By signing this Supplemental Election Form, the undersigned acknowledges and/or certifies that it has full power and authority to complete this Supplemental Election Form with respect to its Senior Noteholder Claims against Tribune Company.  The undersigned acknowledges and/or certifies that it:

    a.    is the Beneficial Owner of the Senior Noteholder Claim to which this Supplemental Election Form pertains or is an authorized signatory and has full power and authority to make the elections called for on this Supplemental Election Form;

    b.    has not submitted any other Supplemental Election Form(s) on account of the Senior Noteholder Claim represented herein that are inconsistent with the elections set forth in this Supplemental Election Form or that, if such other Supplemental Election Form(s) were previously submitted, they either have been or are hereby revoked or changed to reflect the elections set forth herein;

    c.    is deemed to have consented to the submission of a Supplemental Election **COMPLETE THIS SECTION ONLY IF YOU HAVE SUBMITTED OTHER SUPPLEMENTAL ELECTION FORMS FOR PHONES NOTES CLAIMS:**Tabulation Form to the Voting Agent;

    d.    instructs its Nominee to effect this Supplemental Election Form through the ATOP System; and

    e.    either (a) this Supplemental Election Form is the only Supplemental Election Form submitted by the undersigned for Senior Noteholder Claims <u>or</u> (b) in addition to this Supplemental Election Form, one or more Supplemental Election Forms for Senior Noteholder Claims have been submitted as follows:

**COMPLETE THIS SECTION ONLY IF YOU HAVE SUBMITTED OTHER SENIOR NOTEHOLDER ELECTION FORMS FOR SENIOR NOTEHOLDER CLAIMS**

| Account Number of Other Senior Noteholder Claims | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims | CUSIP Number of Other Senior Noteholder Claims | Principal Amount of Other Senior Noteholder Claims At Issue in Additional Senior Noteholder Supplemental Election Form(s) |
|---|---|---|---|
| 1. | | | $ |
| 2. | | | $ |
| 3. | | | $ |
| 4. | | | $ |

Name: _____
        (Print or Type)

Signature:_____

By:_____
    (If Applicable)

Title:_____
        (If Applicable)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email:  _____

Date Completed:_____

     This Supplemental Election Form is not, and may not be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest, or (b) an admission by the Debtors or the other Proponents of the Third Amended DCL Plan of the nature, validity, or amount of any Claim, and does not signify that your claim has been or will be Allowed.

---

**THE SUPPLEMENTAL VOTING DEADLINE IS 4:00 P.M. EASTERN TIME ON JANUARY 20, 2012.  PLEASE RETURN THIS SUPPLEMENTAL ELECTION FORM TO YOUR NOMINEE IN THE ENVELOPE PROVIDED IN SUFFICIENT TIME FOR YOUR NOMINEE TO PROCESS YOUR SUPPLEMENTAL ELECTION FORM, SUBMIT YOUR ELECTIONS THROUGH THE ATOP SYSTEM AND SUBMIT A SUPPLEMENTAL ELECTION TABULATION FORM TO THE VOTING AGENT SO THAT IT IS ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE THE SUPPLEMENTAL VOTING DEADLINE OR YOUR ELECTIONS WILL NOT BE COUNTED.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS SUPPLEMENTAL ELECTION FORM, OR THE PROCEDURES FOR MAKING THESE ELECTIONS, OR IF YOU NEED AN ADDITIONAL SENIOR NOTEHOLDER ELECTION FORM OR RELATED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT 888-287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### INSTRUCTIONS FOR COMPLETING SUPPLEMENTAL ELECTION FORM FOR HOLDERS OF SENIOR NOTEHOLDER CLAIMS AGAINST TRIBUNE COMPANY UNDER THE THIRD AMENDED DCL PLAN

**THESE INSTRUCTIONS EXPLAIN HOW TO COMPLETE THE ENCLOSED SUPPLEMENTAL ELECTION FORM.  PLEASE READ AND FOLLOW THESE INSTRUCTIONS CAREFULLY SO THAT YOUR ELECTIONS RESPECTING THE THIRD AMENDED DCL PLAN WILL BE COUNTED.**

### Why You Have Received a Supplemental Election Form

On December [•], 2011, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. [•]] (the "Resolicitation Order") to provide, among other things, for procedures for certain Holders of Claims against Tribune Company and/or its subsidiaries in the above-captioned Chapter 11 Cases (collectively, the "Debtors") to vote to accept or reject the Third Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Proposed By the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Third Amended DCL Plan") and to make certain elections called for under such Plan.

The Resolicitation Order provides, among other things, that Holders of Senior Noteholder Claims may re-vote on the Third Amended DCL Plan and may make elections thereunder.

The enclosed Supplemental Election Form has been sent to you, as a Holder of a Senior Noteholder Claim against Tribune Company, to allow you to elect (i) to receive the Senior Noteholder Alternative Treatment (defined below), which is specified in Section 3.2.5(c)(i) of the Third Amended DCL Plan, and (ii) not to transfer your Disclaimed State Law Avoidance Claims to the Creditors' Trust established pursuant to Section 14.3.1 of the Third Amended DCL Plan.

You have previously received election forms for making elections under earlier versions of the Third Amended DCL Plan and other plans of reorganization that were proposed for the Debtors.  Please be aware that your elections under the earlier versions of the Third Amended DCL Plan and other plans of reorganization with respect to your Senior Noteholder Claims are not being counted for purposes of the Third Amended DCL Plan.  Accordingly, if you wish to have your vote on and elections under the Third Amended DCL Plan counted, you must complete and return the Supplemental Election Form as provided in these Instructions.

### Materials that You Have Been Sent with the Supplemental Election Form

You have been sent with the Supplemental Election Form various materials to assist you in deciding how to vote on the Third Amended DCL Plan (collectively, the "Resolicitation Package").  In addition to the Supplemental Election Form Ballot, the Resolicitation Package contains the following:

- a copy of the Third Amended DCL Plan;

- a Supplemental Disclosure Document (the "Supplemental Disclosure Document") that describes the modifications to the Third Amended DCL Plan that have been made since the prior solicitation of votes and elections on such Plan.  The Supplemental Disclosure Document has been approved by the Bankruptcy Court as a supplement to the previously-distributed Disclosure Documents[2] to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Third Amended DCL Plan;

- notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Third Amended DCL Plan; and

---

[2] See General Disclosure Statement dated December 15, 2010 [Docket No. 7232] (the "General Disclosure Statement"), which contains a general description of (among other things) the Debtors, their respective businesses and their reorganization proceedings; (ii) the Specific Disclosure Statement Relating to First Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [Docket No. 7135] (the "Specific Disclosure Statement"), which contains a detailed description of (among other things) the provisions of the First Amended DCL Plan, including those provisions that are retained in the Third Amended DCL Plan; and (iii) the Explanatory Statement Relating to Modified Elections Under Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (as modified April 26, 2011) [Docket No. 8754] (the "Explanatory Statement"), which contains a description of (among other things) certain elections offered under the Second Amended DCL Plan (the General Disclosure Statement, the Specific Disclosure Statement, the Explanatory Statement, and the Supplemental Disclosure Document, collectively, the "Disclosure Documents").

- a copy of the Resolicitation Order (without exhibits). The Resolicitation Order contains important information regarding the process of voting on the Third Amended DCL Plan and how votes on the Third Amended DCL Plan will be tabulated.

**It is very important that you read all of the materials in the Resolicitation Package carefully in considering how you wish to vote on the Third Amended DCL Plan and whether you wish to make the elections called for under such Plan.  Your votes on and elections under the Third Amended DCL Plan are very important and may affect your rights and the treatment of your Claim.**

If you would like to receive additional copies of the Third Amended DCL Plan, the Supplemental Disclosure Document, or any other materials relating to the Third Amended DCL Plan, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting Epiq Bankruptcy Solutions LLC (the "Voting Agent") at (888) 287-7568 or tribunevote@epiqsystems.com.

**Deadline for Returning the Supplemental Election Form**

You must complete, sign and date your Supplemental Election Form and return it in the enclosed envelope to your broker, bank, commercial bank, trust company, dealer, or other agent or nominee (a "Voting Nominee") in sufficient time for your Voting Nominee to process your Supplemental Election Form and electronically tender your Senior Notes into the ATOP System (defined below) by no later than **4:00 p.m. (Eastern Time) on January 20, 2012 (the "Supplemental Voting Deadline")**, or your elections will not be valid.

**How to Complete Your Supplemental Election Form**

The following are step-by-step instructions for how to complete your Supplemental Election Form:

**ITEM 1.    Election to Receive Senior Noteholder Alternative Treatment Under Third Amended DCL Plan.**

Section 3.2.5(c) of the Third Amended DCL Plan provides for alternative treatments for Senior Noteholder Claims, pursuant to which the Holders of Senior Noteholder Claims may elect to receive an alternative distribution comprised of a "strip" of consideration consisting of a Pro Rata share of Distributable Cash, New Senior Secured Term Loan, and New Common Stock, plus Pro Rata shares of applicable Creditors' Trust and Litigation Trust Interests (as described Section 3.2.5(c)(i) of the Third Amended DCL Plan, the "Senior Noteholder Alternative Treatment"), or a default treatment consisting of Distributable Cash, plus Pro Rata shares of applicable Creditors' Trust and Litigation Trust Interests.

The alternative treatments provided for under Section 3.2.5(c) of the Third Amended DCL Plan are identical to those provided for under the prior version of such Plan, provided, however, that the adjudication and/or resolution of certain Allocation Disputes (as defined in the Third Amended DCL Plan) could potentially affect the distributions to which the Holders of Senior Noteholder Claims are entitled under the Third Amended DCL Plan.  Additional information regarding the Allocation Disputes can be found in Section 5.18 of and Exhibit 5.18 to the Third Amended DCL Plan, and the Supplemental Disclosure Document.

 **If you are the Holder of a Senior Noteholder Claim and wish to receive the default treatment for your Senior Noteholder Claim under the Third Amended DCL Plan then you do not need to make any election concerning this matter on the Supplemental Election Form**.

**ITEM 2:    Election Not to Transfer Disclaimed State Law Avoidance Claims to Creditors' Trust Under Third Amended DCL Plan.**

Check the box in Item 2 if you elect not to transfer your Disclaimed State Law Avoidance Claims to the Creditors' Trust to be established under the Third Amended DCL Plan.

If you elect not to transfer your Disclaimed State Law Avoidance Claims to the Creditors' Trust, you will not be entitled to (i) receive Creditors' Trust Interests or (ii) share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust.  If you do not opt out of the transfer of your Disclaimed State Law Avoidance Claims, you will be deemed to consent to the transfer of your Disclaimed State Law Avoidance Claims to the Creditors' Trust under the Third Amended DCL Plan in exchange for Creditors' Trust Interests and will not be able to pursue your Disclaimed State Law Avoidance Claims directly.  For additional information regarding the Creditors' Trust, please see Section 14.3.1 of the Third Amended DCL Plan.

**If you do not submit the Supplemental Election Form electing not to transfer any Disclaimed State Law Avoidance Claims you may hold to the Creditors' Trust established under the Third Amended DCL Plan, you will be deemed to transfer any Disclaimed State Law Avoidance Claims you may hold to the Creditors' Trust to be established under the Third Amended DCL Plan.**

**<u>ITEM 3</u>:    Certifications.**

Please review and complete the certifications in Item 3.  Your original signature is required on the Supplemental Election Form for your elections under the Third Amended DCL Plan to count.  In addition, in Item 3, if you are completing the Supplemental Election Form on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  You may be requested at a later time to provide proof of your authorization to so sign.  In addition, please provide your name and mailing address if different from that set forth on the mailing label, or if no mailing label is attached to the Supplemental Election Form.

The certifications in Item 3 also require you to certify that the Supplemental Election Form being submitted is either the only Supplemental Election Form you have submitted for Senior Noteholder Claims or, if not, that all other Supplemental Election Form(s) submitted by you for such Claims are as identified in Item 3(d).  You may attach additional sheets of paper if necessary to complete Item 3(d).

<u>**Returning Your Supplemental Election Form**</u>

Once you have completed your Supplemental Election Form in accordance with the foregoing instructions, please return the completed Supplemental Election Form to your Voting Nominee. Your Voting Nominee will provide specific instructions for returning the Supplemental Election Form to such Voting Nominee.  Please do <u>not</u> mail Supplemental Election Form or your Senior Notes directly to Voting Agent, the Debtors, or to any of the other Proponents of the Third Amended DCL Plan.

The election of a Holder of a Senior Noteholder Claim (i) to receive the Senior Noteholder Alternative Treatment and/or (ii) not to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust established under the Third Amended DCL Plan will be valid <u>only</u> if such Holder has electronically delivered its Senior Notes, as of the Supplemental Voting Deadline, into the Automated Tender Offer Program system (the "<u>ATOP System</u>") at The Depository Trust Company.  Only your Voting Nominee can submit this election on your behalf.

Holders of Senior Noteholder Claims that elect (i) to receive the Senior Noteholder Alternative Treatment and/or (ii) not to transfer their Disclaimed State Law Avoidance Claims to the Creditors' Trust established under the Third Amended DCL Plan pursuant to the Supplemental Election Form and electronically deliver their Senior Notes into the ATOP System can withdraw their Senior Notes from the

ATOP System up to and until the Supplemental Voting Deadline.  However, following the Supplemental Voting Deadline, such Senior Notes will <u>not</u> be freely tradable.

If a Holder of a Senior Noteholder Claim elects (i) to receive the Senior Noteholder Alternative Treatment and/or (ii) not to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust under the Third Amended DCL Plan but fails to comply with the procedures for making such elections set forth above, such Holder will (i) not receive the Senior Noteholder Alternative Treatment on account of such Holder's Allowed Senior Noteholder Claim and/or (ii) be deemed to consent to the transfer of its Disclaimed State Law Avoidance Claims to the Creditors' Trust pursuant to the Third Amended DCL Plan, as applicable.

Please allow sufficient time for mailing your Supplemental Election Form to your Voting Nominee for your Voting Nominee to process your Supplemental Election Form and electronically tender your Senior Notes into the ATOP System before the Supplemental Voting Deadline.

**No Electronic Transmissions.**  Supplemental Election Forms submitted by facsimile or other electronic transmission will <u>not</u> be counted.  In addition, please note that if your Supplemental Election Form is illegible or contains insufficient information to permit the identification of the Beneficial Owner of the Claim, your Supplemental Election Form will <u>not</u> be counted.

**No Withdrawal.**  After the Supplemental Voting Deadline, you may not (i) withdraw or modify your Supplemental Election Form in any way, (ii) change your treatment election, or (iii) change your election to transfer your Disclaimed State Law Avoidance Claims to the Creditors' Trust.

**Additional Questions.**  If you have questions concerning the Supplemental Election Form or if you need an additional Supplemental Election Form or additional copies of other materials in the Resolicitation Package, please contact the Voting Agent at (888) 287-7568 or at tribunevote@epiqsystems.com.

Many materials in the Resolicitation Package may also be obtained free of charge by visiting http://chapter11.epiqsystems.com/tribune.

**Additional Information.**  No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plans.  The Supplemental Election Form is not a letter of transmittal and may not be used for any purpose other than to make the elections called for on the Supplemental Election Form.

**Supplemental Election Tabulation Form for Senior Noteholder Claims – Third Amended DCL Plan**

### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### SUPPLEMENTAL ELECTION TABULATION FORM FOR VOTING NOMINEES OF HOLDERS OF SENIOR NOTEHOLDER CLAIMS FOR TREATMENT AND CREDITORS' TRUST ELECTIONS PURSUANT TO  THIRD AMENDED DCL PLAN

### PLEASE READ AND FOLLOW THE INSTRUCTIONS CAREFULLY.

**PLEASE COMPLETE, SIGN, AND DATE THIS SUPPLEMENTAL ELECTION TABULATION FORM AND RETURN IT TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "VOTING AGENT") AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017, SO THAT IT IS ACTUALLY RECEIVED BY THE VOTING AGENT BY JANUARY 20, 2012 AT 4:00 P.M. EASTERN TIME (THE "SUPPLEMENTAL VOTING DEADLINE").**

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**IF THIS SUPPLEMENTAL ELECTION TABULATION FORM IS NOT ACTUALLY RECEIVED BY THE VOTING AGENT BY THE SUPPLEMENTAL VOTING DEADLINE, THE ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED.  PRIOR ELECTIONS MADE ON THE THIRD AMENDED DCL PLAN BY HOLDERS OF SENIOR NOTEHOLDER CLAIMS WILL NOT BE RE-COUNTED.  THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE SUPPLEMENTAL ELECTION TABULATION FORM IS RECEIVED BY THE VOTING AGENT BEFORE THE SUPPLEMENTAL VOTING DEADLINE.**

On December [•], 2011, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. [•]] (the "Resolicitation Order") to provide, among other things, for procedures for Holders of Senior Noteholder Claims to vote to accept or reject the Third Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries Proposed By the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Third Amended DCL Plan") and to make certain elections called for under such Plan.

You have previously received election tabulation forms on behalf of beneficial owners of Senior Notes issued by Tribune Company ("Beneficial Owners") for tabulating elections under earlier versions of the Third Amended DCL Plan and other plans of reorganization that were proposed for the Debtors.  Please be aware that elections under the earlier versions of the Third Amended DCL Plan and other plans of reorganization with respect to the Senior Noteholder Claims are not being counted for purposes of the Third Amended DCL Plan.  Accordingly, for the elections under the Third Amended DCL Plan of your Beneficial Owners to be counted, you must complete and return this Supplemental Election Form so that it is **actually received** by the Voting Agent by the Supplemental Voting Deadline, in accordance with the attached Instructions.

This Supplemental Election Tabulation Form is to be used by you, as a broker, bank, commercial bank, trust company, dealer, or other agent or nominee (each of the foregoing, a "Voting Nominee") to tabulate and transmit certain voluntary elections of Beneficial Owners in respect of their Senior Noteholder Claims.

The proponents of the Third Amended  DCL Plan have provided to you, by separate mailing, voting materials for each of the Beneficial Owners for whom you act as Voting Nominee, consisting of Supplemental Beneficial Ballots and Supplemental Election Forms, copies of the Third Amended DCL Plan, a Supplemental Disclosure Document (the "Supplemental Disclosure Document") that describes the modifications to the Third Amended DCL Plan that have been made since the prior solicitation of votes on and elections under on such Plan, notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Third Amended DCL Plan, and copies of the Resolicitation Order (without exhibits) (collectively, the "Resolicitation Packages").  Capitalized terms used but not defined in this Supplemental Election Tabulation Form have the meanings given to them in (i) the Third Amended DCL Plan, (ii) the Supplemental Disclosure Document, or (iii) the Resolicitation Order, as applicable.

Senior Noteholder Claims are all Claims based on the following series of Senior Notes issued by Tribune Company:

| Series of Notes | CUSIP # |
| --- | --- |
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |

| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |
|---|---|

Elections with respect to the Third Amended DCL Plan made by Beneficial Owners of Senior Notes will be returned to you on Supplemental Election Forms. For each completed, executed Supplemental Election Form returned to you by a Beneficial Owner, you must retain a copy of such Supplemental Election Form in your files for at least **five (5) years** from the Supplemental Voting Deadline.

**PRIOR TO COMPLETING THIS SUPPLEMENTAL ELECTION TABULATION FORM, PLEASE REFER TO THE INSTRUCTIONS ATTACHED TO THIS SUPPLEMENTAL ELECTION TABULATION FORM FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.**

ITEM 1.    CERTIFICATION OF AUTHORITY TO MAKE ELECTIONS. The undersigned certifies that as of December 12, 2011, (the "Supplemental Record Date"), it (please check applicable box):

☐    is the broker, bank, or other agent or nominee that is the registered holder for the Beneficial Owners of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below; or

☐    is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by the broker, bank, or other agent or nominee that is the registered holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below; or

☐    has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a Beneficial Owner, that is the registered holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 and, accordingly, has full power and authority to make the elections called for under the Third Amended DCL Plan, each on behalf of the Beneficial Owners of the Senior Notes described in Items 2 and 3 below.

ITEM 2.    TABULATION OF BENEFICIAL OWNER ELECTIONS. The undersigned certifies that the Beneficial Owners of Senior Noteholder Claims in the following aggregate unpaid principal amounts have delivered duly completed Supplemental Election Forms to the undersigned (or such information was derived from Supplemental Election Forms that have been summarized in intermediary Supplemental Election Tabulation Forms delivered to the undersigned) making the elections below under the Third Amended DCL Plan:

| Total Number of Holders Electing Treatment Set Forth in Section 3.2.5(c)(i) of the Third Amended DCL Plan | Total Aggregate Unpaid Principal Amount of Holders Electing Treatment Set Forth in Section 3.2.5(c)(i) of the Third Amended DCL Plan | Total Number of Holders Electing Not to Transfer Disclaimed State Law Avoidance Claims to Creditors' Trust to be established under the Third Amended DCL Plan | Total Aggregate Unpaid Principal Amount of Holders Electing Not to Transfer Disclaimed State Law Avoidance Claims to Creditors' Trust to be established under the Third Amended DCL Plan |
|---|---|---|---|
|  | $_____ |  | $_____ |

CH1 6351635v.2

ITEM 3.    TRANSMITTAL OF ELECTIONS FROM INDIVIDUAL SUPPLEMENTAL ELECTION FORMS.  The undersigned transmits the following elections of Beneficial Owners of Senior Noteholder Claims and certifies that the following are Beneficial Owners that have delivered to the undersigned, as Voting Nominee, Supplemental Election Forms making such elections (indicate in each column the aggregate principal amount making the relevant elections for each account).

| Your Customer Name or Account Number for Each Beneficial Owner Making Elections Under the Third Amended DCL Plan | Voluntary Offering Position (VOI) Number **(REQUIRED)** | Principal Amount of Senior Notes Making Elections Under the Third Amended DCL Plan | Check if the Beneficial Owner Elected to Receive the Treatment Set Forth in Section 3.2.5(c)(i) of the Third Amended DCL Plan on Its Supplemental Election Form | Check if the Beneficial Owner Elected Not to Transfer Disclaimed State Law Avoidance Claims to the Creditors' Trust to be established under the Third Amended DCL Plan on Its Supplemental Election Form |
|---|---|---|---|---|
| 1. | | $ | ☐ | ☐ |
| 2. | | $ | ☐ | ☐ |
| 3. | | $ | ☐ | ☐ |
| 4. | | $ | ☐ | ☐ |
| 5. | | $ | ☐ | ☐ |
| 6. | | $ | ☐ | ☐ |
| 7. | | $ | ☐ | ☐ |
| 8. | | $ | ☐ | ☐ |
| 9. | | $ | ☐ | ☐ |
| 10. | | $ | ☐ | ☐ |

**PLEASE USE ADDITIONAL SHEETS IF NECESSARY**

4

ITEM 4.    ADDITIONAL INFORMATION SUBMITTED BY BENEFICIAL OWNERS

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 3(e) of each Supplemental Election Form received from a Beneficial Owner of the Senior Notes.

**Information transcribed from Item 3 of the Supplemental Election Forms regarding other Supplemental Election Forms submitted in respect of Senior Noteholder Claims:**

| Your Customer Name or Account Number for Each Beneficial Owner who completed Item 3(e) of the Supplemental Election Form | Account Number of Other Senior Noteholder Claims | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims | CUSIP Number of Other Senior Noteholder Claims | Principal Amount of Other Senior Noteholder Claims |
|---|---|---|---|---|
| 1. | | | | $ |
| 2. | | | | $ |
| 3. | | | | $ |
| 4. | | | | $ |

**PLEASE USE ADDITIONAL SHEETS IF NECESSARY**

CH1 6351635v.2

ITEM 5.    CERTIFICATION. By signing this Supplemental Election Tabulation Form, the undersigned certifies that:

a.    each Beneficial Owner of Senior Notes whose elections are being transmitted by this Supplemental Election Tabulation Form has been provided with a copy of the Third Amended DCL Plan, the Supplemental Disclosure Document, the Resolicitation Order, an a Supplemental Election Form for making elections under the Third Amended DCL Plan; and

b.    it is the registered holder of the Senior Notes to which this Supplemental Election Tabulation Form pertains and/or has full power and authority to make the elections called for under the Third Amended DCL Plan; and

c.    it received a properly completed and signed Supplemental Election Form from each Beneficial Owner listed in Item 3 above; and

d.    it accurately transcribed all applicable information from the Supplemental Election Form(s) received from each Beneficial Owner.

The undersigned also acknowledges that the solicitation of the elections is subject to all the terms and conditions set forth in the Resolicitation Order, dated December [●], 2011.

_____
Name of Voting Nominee

_____
Participant Number

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Street Address

_____
City, State and Zip Code

_____
Telephone Number

_____
Email

_____
Date Completed

CH1 6351635v.2

**INSTRUCTIONS FOR COMPLETING THE
SUPPLEMENTAL ELECTION TABULATION FORM**

**THESE INSTRUCTIONS EXPLAIN HOW TO COMPLETE THE SUPPLEMENTAL MASTER
BALLOT FOR VOTING NOMINEES OF HOLDERS OF SENIOR NOTEHOLDER CLAIMS TO
VOTE TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN.  PLEASE READ AND
FOLLOW THESE INSTRUCTIONS CAREFULLY SO THAT YOUR CUSTOMERS' VOTES
AND ELECTIONS RESPECTING THE THIRD AMENDED DCL PLAN WILL BE COUNTED.**

**Supplemental Voting Deadline**

The Supplemental Voting Deadline is **January 20, 2012 at 4:00 p.m. Eastern Time**.  To have
the elections of your customers count, you must complete, sign, and return the Supplemental Election
Tabulation Form so that it is received by the Voting Agent at the address set forth in the Supplemental
Tabulation Form on or before the Supplemental Voting Deadline.  Capitalized terms used but not defined
in this Supplemental Election Tabulation Form have the meanings given to them in (i) the Third
Amended DCL Plan, (ii) the Supplemental Disclosure Document, or (iii) the Resolicitation Order, as
applicable.

**Transmittal of Supplemental Beneficial Ballots to Beneficial Owners**

If you are acting as a broker, bank, commercial bank, trust company, dealer, or other agent or
nominee (each of the foregoing, a "<u>Voting Nominee</u>") for Beneficial Owners of Senior Noteholder
Claims issued by Tribune Company, you must (i) deliver a Supplemental Election Form to such
Beneficial Owner(s), along with the Supplemental Disclosure Document, the Third Amended DCL Plan,
the Resolicitation Order, the Confirmation Hearing Notice, and other materials required to be forwarded;
(ii) take the necessary actions to enable such Beneficial Owners to (a) complete and execute such
Supplemental Election Form and (b) return the completed, executed Supplemental Election Form to you
in sufficient time to enable you to complete the Supplemental Election Tabulation Form and deliver it to
the Voting Agent before the Supplemental Voting Deadline; and effect the elections made by the
Beneficial Owners by electronically tendering such Beneficial Owners' Senior Notes into the ATOP
System (defined below).

You or the Beneficial Owners for whom you are the Voting Nominee may wish to seek legal
advice concerning the Third Amended DCL Plan and the classification and treatment of the Senior
Noteholder Claims under such Plan.

**How to Complete the Supplemental Election Tabulation Form**

With respect to all of the Supplemental Election Forms, you must properly complete the
Supplemental  Election Tabulation Form, as follows:

   i.   Check the applicable box in Item 1 on the Supplemental Election Tabulation Form;

   ii.   Indicate the total (a) elections to receive the treatment set forth in 3.2.5(c)(i) of the
        Third Amended DCL Plan and (b) elections not to transfer the Disclaimed State Law
        Avoidance Claims to the Creditors' Trust to be established under the Third Amended
        DCL Plan in Item 2;

   iii.   Transcribe the elections from the Supplemental Election Forms in Item 2 and indicate
         the following in Item 3:

1

    a.   whether each Beneficial Owner elected to receive the treatment set forth in Section 3.2.5(c)(i) of the Third Amended DCL Plan;

    b.   whether each Beneficial Owner elected not to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust established under the Third Amended DCL Plan.

IMPORTANT: BENEFICIAL OWNERS MAY NOT SPLIT THEIR ELECTIONS. PROPERLY EXECUTED SUPPLEMENTAL ELECTION FORMS THAT ATTEMPT PARTIALLY TO MAKE ANY OF THE ELECTIONS WILL NOT BE COUNTED AS A VALID ELECTION. EACH BENEFICIAL OWNER MUST MAKE THE SAME ELECTION FOR ALL OF HIS, HER, OR ITS SENIOR NOTEHOLDER CLAIMS. IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH ELECTION, PLEASE CONTACT SUCH BENEFICIAL OWNER TO CORRECT ITS SUPPLEMENTAL ELECTION FORM OR CONTACT THE VOTING AGENT IMMEDIATELY.

    iv.   Transcribe from Item 3(e) of each Supplemental Election Form the information provided by the Beneficial Owners into Item 4 of the Supplemental Election Tabulation Form;

    v.   Review the certification in Item 3 of the Supplemental Election Tabulation Form;

    vi.   Ensure that each Supplemental Election Form is signed and each certification is complete;

    vii.   Independently verify and confirm the accuracy of the information provided with respect to each Beneficial Owner of Senior Notes;

    viii.   If additional space is required to respond to any item on the Supplemental Election Tabulation Form, please use additional sheets of paper clearly marked to indicate the applicable Item of the Supplemental Election Tabulation Form to which you are responding; and

    ix.   Sign, date, and return the original Supplemental Election Tabulation Form.

You must deliver the completed, executed Supplemental Election Tabulation Form so that it is actually received by the Voting Agent on or before the Supplemental Voting Deadline. You must retain a copy of each completed, executed Supplemental Election Form returned to you by a Beneficial Owner in your files for at least **five (5) years** from the Supplemental Voting Deadline.

Elections made by Beneficial Owners through a Voting Nominee will be compared to the holdings of the Senior Notes of such Beneficial Owners as of the Supplemental Record Date, as evidenced by the record and depository listings. Elections submitted by a Voting Nominee pursuant to a Supplemental Election Tabulation Form will not be counted in excess of the record amount of the Senior Notes held by such Voting Nominee.

For the purpose of tabulating elections, each Beneficial Owner shall be deemed to have made such elections for the principal amount of its Senior Notes. To the extent that conflicting elections are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with such Voting Nominee.

CH1 6351635v.2

**Effectuating the Elections Made Under the Supplemental Election Tabulation Form**

The election of a Holder of a Senior Noteholder Claim (i) to receive the Senior Noteholder Alternative Treatment and/or (ii) not to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust established under the Third Amended DCL Plan will be valid only if such Holder has electronically delivered its Senior Notes, as of the Supplemental Voting Deadline, into the Automated Tender Offer Program system (the "ATOP System") at The Depository Trust Company.

Holders of Senior Noteholder Claims that elect (i) to receive the Senior Noteholder Alternative Treatment and/or (ii) not to transfer their Disclaimed State Law Avoidance Claims to the Creditors' Trust established under the Third Amended DCL Plan pursuant to the Supplemental Election Form and electronically deliver their Senior Notes into the ATOP System can withdraw their Senior Notes from the ATOP System up to and until the Supplemental Voting Deadline.  However, following the Supplemental Voting Deadline, such Senior Notes will not be freely tradable.

PLEASE NOTE:

This Supplemental Election Tabulation Form is not a letter of transmittal and may not be used for any purpose other than to tabulate the elections called for under the Third Amended DCL Plan.  Holders of Senior Noteholder Claims should not surrender their Senior Notes with their Supplemental Election Forms.  The Voting Agent will not accept delivery of any such instruments surrendered together with a Supplemental Election Tabulation Form.

The Supplemental Master Ballot and Supplemental Beneficial Ballots are not, and may not be deemed to be, either (a) a proof of claim or equity interest or an assertion of a claim or equity interest, or (b) an admission by the Debtors or the other Proponents of the Third Amended DCL Plan of the nature, validity, or amount of any Claim or Interest.

No fees or commissions or other remuneration will be payable to any Voting Nominee.  Upon written request with supporting documentation, however, the Debtors will reimburse you for reasonable, actual, and necessary out-of-pocket expenses associated with the distribution of the Resolicitation Packages to your Beneficial Owners, the tabulation of the Supplemental Election Forms and the completion of this Supplemental Election Tabulation Form.

**IF YOU BELIEVE THAT YOU ARE MISSING ANY MATERIALS OR THAT YOU HAVE RECEIVED THE WRONG MATERIALS, OR IF YOU HAVE QUESTIONS REGARDING THIS SUPPLEMENTAL ELECTION TABULATION FORM, OR THE ELECTION PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE SUPPLEMENTAL ELECTION TABULATION FORM OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.**

**PLEASE COMPLETE, SIGN, AND DATE THIS SUPPLEMENTAL ELECTION TABULATION FORM AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS: TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017 AND EFFECT THE ELECTION(S) BY TENDERING THE SENIOR NOTES INTO THE CORRESPONDING EVENT ON DTC'S ATOP SYSTEM ON OR BEFORE THE SUPPLEMENTAL VOTING DEADLINE OF JANUARY 20, 2012 AT 4:00 P.M. EASTERN TIME.**

**SUPPLEMENTAL ELECTION TABULATION FORMS RECEIVED BY FACSIMILE OR OTHER ELECTRONIC MEANS OR RECEIVED AFTER THE SUPPLEMENTAL VOTING DEADLINE WILL NOT BE COUNTED.**

**EXHIBIT B**

**Forms of Supplemental Beneficial Ballots and Supplemental Master Ballots
for Holders of PHONES Notes Claims**

**PHONES Notes Claims – Third Amended DCL Plan**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**SUPPLEMENTAL BENEFICIAL BALLOT FOR BENEFICIAL OWNERS OF PHONES NOTES CLAIMS (CUSIP NO. 896047305) TO ACCEPT OR REJECT THIRD AMENDED DCL PLAN**

On December [•], 2011, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. [•]] (the "Resolicitation Order") to provide for, among other things, procedures for Holders of PHONES Notes Claims to vote to accept or reject the Third Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries Proposed By the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Third Amended DCL Plan") and to make certain elections called for under such Plan.

This Supplemental Beneficial Ballot is for voting to accept or reject the Third Amended DCL Plan and for making elections under such Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

You have previously received ballots for voting on and making elections under earlier versions of the Third Amended DCL Plan and other plans of reorganization that were proposed for the Debtors. Please be aware that your votes on and elections under the earlier versions of the Third Amended DCL Plan and other plans of reorganization with respect to your PHONES Notes Claims are <u>not</u> being counted for purposes of the Third Amended DCL Plan. Accordingly, if you wish to have your vote on and elections under the Third Amended DCL Plan counted, you must complete and return this Supplemental Beneficial Ballot and return it to your Voting Nominee (defined below) in sufficient time for your Voting Nominee to process your ballot and submit a Supplemental Master Ballot so that it is **actually received** by the Voting Agent by no later than **January 20, 2012 at 4:00 p.m. (Eastern Time)** (the "<u>Supplemental Voting Deadline</u>"), in accordance with the attached Instructions.

You have received with this Supplemental Beneficial Ballot a copy of the Third Amended DCL Plan, a Supplemental Disclosure Document (the "<u>Supplemental Disclosure Document</u>") that describes the modifications to the Third Amended DCL Plan that have been made since the prior solicitation of votes on and elections under such Plan, a notice respecting the hearing before the Bankruptcy Court to consider confirmation of the Third Amended DCL Plan, and a copy of the Resolicitation Order (without exhibits) (together with Supplemental Election Forms that will be transmitted to you by separate mailing, collectively, the "<u>Resolicitation Package</u>"). Capitalized terms used but not defined in this Supplemental Beneficial Ballot have the meanings given to them in (i) the Third Amended DCL Plan, (ii) the Supplemental Disclosure Document, or (iii) the Resolicitation Order, as applicable.

**It is very important that you read all of the materials in the Resolicitation Package carefully in considering how you wish to vote on the Third Amended DCL Plan and whether you wish to make the elections called for under such Plan. Your vote on and elections under the Third Amended DCL Plan are very important and may affect your rights and the treatment of your Claim.**

**Claims Voted by this Supplemental Beneficial Ballot.** You have been identified as a Beneficial Owner of a PHONES Notes Claim against Tribune Company that is entitled to re-vote to accept or reject the Third Amended DCL Plan. PHONES Notes Claims against Tribune Company are Claims arising under or evidenced by that certain Indenture dated April 1, 1999 between Tribune Company, as Issuer, and Bank of Montreal Trust Company, as Trustee (the "<u>PHONES Notes Indenture</u>") and related documents, and are identified as follows:

| Series of Notes | CUSIP # |
|---|---|
| PHONES Notes Indenture, dated April 1, 1999 | (CUSIP # 896047305) |

This Supplemental Beneficial Ballot is only to be used to vote your PHONES Notes Claims. If you hold other Claims against Tribune Company or the Subsidiary Debtors in the Debtors' Chapter 11 Cases and those Claims are in Classes entitled to re-vote for purposes of the Third Amended DCL Plan, you will receive separate Supplemental Ballots to vote such Claims.

PHONES NOTES CLAIMS VOTING ON THIS SUPPLEMENTAL BENEFICIAL BALLOT <u>DO NOT</u> INCLUDE CLAIMS THAT ARE WITHIN THE DEFINITION OF PHONES NOTES EXCHANGE CLAIMS.[2] PLEASE SEE THE ATTACHED VOTING INSTRUCTIONS FOR MORE DETAILS CONCERNING THE PHONES NOTES EXCHANGE CLAIMS.

---

[2] Holders of the PHONES Notes Claims that are on account of PHONES Notes purportedly put to Tribune Company for exchange but not paid in cash prior to the filing of the Debtors' chapter 11 cases (the "<u>PHONES Notes Exchange Claims</u>") will receive separate Resolicitation Packages for voting on and making elections under the Third Amended DCL Plan, and must return their Supplemental Forms directly to the Voting Agent. Holders of PHONES Notes

**PRIOR TO COMPLETING THIS SUPPLEMENTAL BENEFICIAL BALLOT, PLEASE REFER TO THE INSTRUCTIONS ENCLOSED IN THIS SUPPLEMENTAL BENEFICIAL BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.**

**To vote to accept or reject the Third Amended DCL Plan and, if desired, make the elections called for under the Third Amended DCL Plan, please complete the following:**

ITEM 1.    AGGREGATE PRINCIPAL AMOUNT OF PHONES NOTES CLAIM.  The undersigned certifies that as of December 12, 2011 (the "Supplemental Record Date"), the undersigned was the Beneficial Owner of a PHONES Notes Claim in the following aggregate unpaid principal amount (for purposes of this Supplemental Beneficial Ballot, you should not adjust the principal amount for any accrued or unmatured interest).

$ _____

Number of PHONES Notes _____

**The preprinted amount of your PHONES Notes Claim above will control for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN.  The Beneficial Owner of the PHONES Notes Claim set forth above hereby votes with respect to such Claim on the Third Amended DCL Plan as follows (check one box only):

| ☐  to ACCEPT the Third Amended DCL Plan | ☐  to REJECT the Third Amended DCL Plan |
|---|---|

ITEM 3.    RELEASE ELECTIONS (OPTIONAL).  If you return a Supplemental Beneficial Ballot and vote to accept the Third Amended DCL Plan, you will be deemed to have granted the releases contained in Section 11.2.2 of the Plan unless you elect <u>not</u> to grant such releases by checking the applicable box below.[3] If you vote to reject the Third Amended DCL Plan, you may elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan by checking the applicable box below.  If you do not return your Supplemental Beneficial Ballot, you are deemed not to grant the releases in Section 11.2.2 of the Third Amended DCL Plan unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.  The election to grant the releases is at your option.  **If you do not grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Third Amended DCL Plan.**

---

Claims other than PHONES Notes Exchange Claims must return their Supplemental Beneficial Ballots to their Voting Nominee, as described herein.

[3] Section 11.2.2 of the Third Amended DCL Plan provides that each Person (a) that has voted to accept the Plan and has not opted out from granting the releases, (b) that has voted to reject the Plan but has opted to grant the releases, (c) that is deemed to accept the Plan and has been provided an opportunity but has not opted out of granting the releases, or (d) who otherwise agrees to provide the releases, shall be deemed to have unconditionally released each and all of the Released Parties of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Documents or the Restructuring Transactions (as such terms are defined in the Third Amended DCL Plan), except as otherwise provided in Section 11.2.2 of the Third Amended DCL Plan.

3

☐ The undersigned has voted to accept the Third Amended DCL Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.

☐ The undersigned has voted to reject the Third Amended DCL Plan in Item 2 above but elects to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.

**Under separate cover, you have received, or will receive, a separate Supplemental Election Form by which you may elect not to transfer any Disclaimed State Law Avoidance Claims (as defined in the Third Amended DCL Plan) that you may hold to the Creditors' Trust established under the Third Amended DCL Plan.  PLEASE CAREFULLY REVIEW AND FOLLOW INSTRUCTIONS RECEIVED WITH THE SUPPLEMENTAL ELECTION FORM.**

ITEM 4.    CERTIFICATION**.**  By signing this Supplemental Beneficial Ballot, the Holder of the PHONES Notes Claim identified in Item 1 certifies and/or acknowledges that:

a.   it is the Beneficial Owner of the PHONES Notes Claim to which this Supplemental Beneficial Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Third Amended DCL Plan and make the election called for on this Supplemental Beneficial Ballot;

b.   it has been provided with a copy of the Third Amended DCL Plan, the Supplemental Disclosure Document, and the Resolicitation Order and acknowledges that the vote and election set forth on this Supplemental Beneficial Ballot are subject to all of the terms and conditions set forth in the Third Amended DCL Plan, the Supplemental Disclosure Document, and the Resolicitation Order; and

c.   it has not submitted any other Supplemental Beneficial Ballot(s) on account of the PHONES Notes Claim voted herein that are inconsistent with the votes as set forth in this Supplemental Beneficial Ballot or that, as limited by the terms of the Resolicitation Order and the instructions attached hereto, if such other Supplemental Beneficial Ballot(s) was/were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein;

d.   it is deemed to have consented to the submission of a Supplemental Master Ballot to the Voting Agent (if applicable); and

e.   either (a) this Supplemental Beneficial Ballot is the only Supplemental Beneficial Ballot submitted by the undersigned for PHONES Notes Claims <u>or</u> (b) in addition to this Supplemental Beneficial Ballot, one or more Supplemental Beneficial Ballots for PHONES Notes Claims have been submitted as follows (please use additional sheets of paper if necessary):

**COMPLETE THIS SECTION ONLY IF YOU HAVE VOTED OTHER SUPPLEMENTAL BENEFICIAL BALLOTS**

| Account Number of Other PHONES Notes Claims, if applicable | Name of Registered Holder or Voting Nominee of Other PHONES Notes Claims | Principal Amount of Other PHONES Notes Claims Voted in Additional Ballot(s) |
|---|---|---|
| 1. | | $ |
| 2. | | $ |
| 3. | | $ |
| 4 | | $ |

4

Name: _____
       (Print or Type)

Signature:_____

By:_____
       (If Applicable)

Title:_____
       (If Applicable)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

     This Supplemental Beneficial Ballot is not, and may not be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest, or (b) an admission by the Debtors or the other Proponents of the Third Amended DCL Plan of the nature, validity, or amount of any Claim, and does not signify that your claim has been or will be Allowed

---

**THE SUPPLEMENTAL VOTING DEADLINE IS 4:00 P.M. EASTERN TIME ON JANUARY 20, 2012, UNLESS SUCH TIME IS EXTENDED.  PLEASE RETURN YOUR SUPPLEMENTAL BENEFICIAL BALLOT TO YOUR VOTING NOMINEE IN SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR SUPPLEMENTAL BENEFICIAL BALLOT AND SUBMIT A SUPPLEMENTAL MASTER BALLOT TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE THE SUPPLEMENTAL VOTING DEADLINE OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN.**

**PRIOR VOTES AND ELECTIONS MADE ON THE THIRD AMENDED DCL PLAN, OR OTHER PLANS OF REORGANIZATION FOR THE DEBTORS, BY HOLDERS OF PHONES NOTES CLAIMS WILL NOT BE RE-COUNTED.  THEREFORE, YOU MUST BE SURE THAT THE SUPPLEMENTAL BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE SUPPLEMENTAL VOTING DEADLINE.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS SUPPLEMENTAL BENEFICIAL BALLOT OR THE PROCEDURES FOR VOTING ON THE THIRD AMENDED DCL PLAN, OR IF YOU NEED AN ADDITIONAL SUPPLEMENTAL BENEFICIAL BALLOT OR ADDITIONAL COPIES OF THE SUPPLEMENTAL DISCLOSURE DOCUMENT, THE THIRD AMENDED DCL PLAN, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT <u>TRIBUNEVOTE@EPIQSYSTEMS.COM</u>.**

## UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### INSTRUCTIONS FOR COMPLETING SUPPLEMENTAL BENEFICIAL BALLOTS
### FOR BENEFICIAL OWNERS OF PHONES NOTES CLAIMS (CUSIP NO. 896047305)
### TO ACCEPT OR REJECT THIRD AMENDED DCL PLAN

**THESE INSTRUCTIONS EXPLAIN HOW TO COMPLETE THE SUPPLEMENTAL BENEFICIAL BALLOT ENCLOSED IN THE RESOLICITATION PACKAGE FOR VOTING TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN.  PLEASE READ AND FOLLOW THESE INSTRUCTIONS CAREFULLY SO THAT YOUR VOTES AND ELECTIONS RESPECTING THE THIRD AMENDED DCL PLAN WILL BE COUNTED.**

### Why You Have Received a Supplemental Beneficial Ballot

On December [•], 2011, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. [•]] (the "Resolicitation Order") to provide, among other things, for procedures for certain Holders of Claims against Tribune Company and/or its subsidiaries in the above-captioned Chapter 11 Cases (collectively, the "Debtors") to vote to accept or

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

reject the Third Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries Proposed By the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Third Amended DCL Plan") and to make certain elections called for under such Plan.  Capitalized terms used but not defined in these Instructions have the meanings ascribed to them in (i) the Third Amended DCL Plan, (ii) the Supplemental Disclosure Document, or (iii) the Resolicitation Order, as applicable.

The Resolicitation Order provides, among other things, that Holders of PHONES Notes Claims may re-vote on the Third Amended DCL Plan and may make elections thereunder.

You have previously received ballots for voting on and making elections under earlier versions of the Third Amended DCL Plan and other plans of reorganization that were proposed for the Debtors with respect to your PHONES Notes Claims.  Please be aware that your votes on and elections under the earlier versions of the Third Amended DCL Plan and other plans of reorganization with respect to your PHONES Notes Claims are not being counted for purposes of the Third Amended DCL Plan. Accordingly, if you wish to have your vote on and elections under the Third Amended DCL Plan counted, you must complete and return the Supplemental Beneficial Ballot as provided in these Instructions.

### Claims Voted by the Supplemental Beneficial Ballots

You have been identified as a Beneficial Owner of a PHONES Notes Claim against Tribune Company that is entitled to re-vote to accept or reject the Third Amended DCL Plan and to make certain elections called for under that Plan.  PHONES Notes Claims against Tribune Company are Claims arising under or evidenced by that certain Indenture dated April 1, 1999 between Tribune Company, as Issuer, and Bank of Montreal Trust Company, as Trustee (the "PHONES Notes Indenture") and related documents, and are identified as follows:

| Series of Notes | CUSIP # |
|---|---|
| PHONES Notes Indenture, dated April 1, 1999 | (CUSIP # 896047305) |

PHONES NOTES CLAIMS VOTING BY SUPPLEMENTAL BENEFICIAL BALLOT DO NOT INCLUDE CLAIMS THAT ARE WITHIN THE DEFINITION OF PHONES NOTES EXCHANGE CLAIMS.[2]  IF YOU HOLD BOTH PHONES NOTES CLAIMS AND PHONES NOTES EXCHANGE CLAIMS, YOU WILL RECEIVE A SEPARATE SUPPLEMENTAL BALLOT ON WHICH TO VOTE YOUR PHONES NOTES EXCHANGE CLAIMS.  ADDITIONAL INSTRUCTIONS REGARDING VOTING PHONES NOTES EXCHANGE CLAIMS WILL BE PROVIDED IN THE SEPARATE RESOLICITATION PACKAGE FOR SUCH CLAIMS.

### Materials that You Have Been Sent with the Supplemental Beneficial Ballot

You have been sent with the Supplemental Beneficial Ballot various materials to assist you in deciding how to vote on the Third Amended DCL Plan (collectively, the "Resolicitation Package").  In addition to the Supplemental Ballot, the Resolicitation Package contains the following:

- a copy of the Third Amended DCL Plan;

- a Supplemental Disclosure Document (the "Supplemental Disclosure Document") that describes the modifications to the Third Amended DCL Plan that have been made since

---

[2] Holders of the PHONES Notes Claims that are on account of PHONES Notes purportedly put to Tribune Company for exchange but not paid in cash prior to the filing of the Debtors' chapter 11 cases (the "PHONES Notes Exchange Claims") will receive separate Resolicitation Packages for voting on and making elections under the Third Amended DCL Plan, and must return their Supplemental Ballots directly to the Voting Agent.  Holders of PHONES Notes Claims other than PHONES Notes Exchange Claims must return their Supplemental Beneficial Ballots to their Voting Nominee, as described herein.

the prior solicitation of votes and elections on such Plan. The Supplemental Disclosure Document has been approved by the Bankruptcy Court as a supplement to the previously-distributed Disclosure Documents[3] to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Third Amended DCL Plan;

- notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Third Amended DCL Plan; and

- a copy of the Resolicitation Order (without exhibits). The Resolicitation Order contains important information regarding the process of voting on the Third Amended DCL Plan and how votes on the Third Amended DCL Plan will be tabulated.

Additionally, Holders of PHONES Notes Claims will receive, by separate mailing, a supplemental election form (the "Supplemental Election Form") by which such Holders may elect not to transfer their Disclaimed State Law Avoidance Claims to the Creditors' Trust as provided for under the Third Amended DCL Plan. Details concerning the transfer of your Disclaimed State Law Avoidance Claims to a Creditors' Trust, and the resulting effect that such transfer will have on your potential recoveries under the Third Amended DCL Plan, are described in the Plan and Disclosure Documents. Please see the Supplemental Election Form and its accompanying instructions for further information regarding this election.

**It is very important that you read all of these materials carefully in deciding how you wish to vote on the Third Amended DCL Plan and make the elections called for under such Plan. Your vote on the Third Amended DCL Plan is very important and may affect your rights and the treatment of your Claim.**

If you would like to receive additional copies of the Third Amended DCL Plan, the Supplemental Disclosure Document, or any other materials relating to the Third Amended DCL Plan, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting Epiq Bankruptcy Solutions LLC (the "Voting Agent") at (888) 287-7568 or tribunevote@epiqsystems.com.

### Deadline for Returning Supplemental Beneficial Ballots

You must complete, sign and date your Supplemental Beneficial Ballot and return it in the enclosed envelope to your broker, bank, commercial bank, trust company, dealer, or other agent or nominee (a "Voting Nominee") in sufficient time for your Voting Nominee to process your Supplemental Beneficial Ballot and submit a Supplemental Master Ballot to the Voting Agent so that it is actually received by the Voting Agent no later than **4:00 p.m. (Eastern Time) on January 20, 2012 (the "Supplemental Voting Deadline")**, or your votes will not be counted, and your elections will not be

---

[3] See General Disclosure Statement dated December 15, 2010 [Docket No. 7232] (the "General Disclosure Statement"), which contains a general description of (among other things) the Debtors, their respective businesses and their reorganization proceedings; (ii) the Specific Disclosure Statement Relating to First Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [Docket No. 7135] (the "Specific Disclosure Statement"), which contains a detailed description of (among other things) the provisions of the First Amended DCL Plan, including those provisions that are retained in the Third Amended DCL Plan; and (iii) the Explanatory Statement Relating to Modified Elections Under Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (as modified April 26, 2011) [Docket No. 8754] (the "Explanatory Statement"), which contains a description of (among other things) certain elections offered under the Second Amended DCL Plan (the General Disclosure Statement, the Specific Disclosure Statement, the Explanatory Statement, and the Supplemental Disclosure Document, collectively, the "Disclosure Documents").

valid.  Your Voting Nominee will provide specific instructions for returning the Supplemental Beneficial Ballot to such Voting Nominee.  Please do not mail Supplemental Beneficial Ballots directly to the Voting Agent, the Debtors, or to any of the other Proponents of the Third Amended DCL Plan.

### How to Complete Your Supplemental Beneficial Ballot

The following are step-by-step instructions for how to complete your Supplemental Beneficial Ballot for voting on the Third Amended DCL Plan and making the elections called for thereunder:

**ITEM 1:**          **Amount of Claim.**

If you are Holder of a PHONES Notes Claim (other than a PHONES Notes Exchange Claim), please certify the amount of your Claim as of December 12, 2011 (the "Supplemental Record Date").  By certifying the amount in Item 1, you are certifying that the party submitting the Supplemental Beneficial Ballot is the Beneficial Owner, as of the Supplemental Record Date, of a Claim in the aggregate unpaid amount set forth in Item 1 of the Supplemental Beneficial Ballot.  The preprinted amount of the Claim set forth in Item 1 of the Supplemental Beneficial Ballot will control for voting purposes.  If you do not agree with the amount preprinted on Item 1 of the Supplemental Beneficial Ballot, please see "Questions Concerning Your Claim Amount" below.

**ITEM 2:**          **Vote to Accept or Reject the Third Amended DCL Plan.**

Please cast your vote to accept or reject the Third Amended DCL Plan by checking the applicable box in Item 2.  Please note that you must vote the entire amount of your Claim to accept or reject the Third Amended DCL Plan; in other words, you may not vote part of your Claim to accept and part of your Claim to reject the Third Amended DCL Plan.

Please be aware that your vote to accept the Third Amended DCL Plan may also be deemed to be a release of various claims provided for in the Plan.  It is important that you review the Third Amended DCL Plan carefully in considering how to vote.

If the Third Amended DCL Plan is confirmed by the Bankruptcy Court and becomes effective, it will be binding upon you whether or not you vote to accept or reject the Plan or abstain from voting on the Plan.

Please be aware that a vote to accept the Third Amended DCL Plan is a vote to grant the releases set forth in Section 11.2.2 of the Third Amended DCL Plan, unless you elect not to grant such releases by checking the applicable box on the Supplemental Ballot.  If you vote to reject the Third Amended DCL Plan, you may elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan by checking the applicable box on your Supplemental Ballot.  The Third Amended DCL Plan provides that each Person (a) that has voted to accept the Plan and has not opted out from granting the releases, (b) that has voted to reject the Plan but has opted to grant the releases, (c) that is deemed to accept the Plan and has been provided an opportunity but has not opted out of granting the releases, or (d) who otherwise agrees to provide the releases, shall be deemed to have unconditionally released each and all of the Released Parties of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Documents or the Restructuring

Transactions (as such terms are defined in the Third Amended DCL Plan), except as otherwise provided in Section 11.2.2 of the Third Amended DCL Plan.

**ITEM 3:**      **Release Elections (Optional).**

If you vote to accept the Third Amended DCL Plan, you are deemed to grant the releases in Section 11.2.2 of the Third Amended DCL Plan unless you affirmatively opt out of granting those releases.  If you vote to reject the Third Amended DCL Plan, you are deemed not to grant the releases in Section 11.2.2 of the Third Amended DCL Plan unless you affirmatively opt in to granting those releases. If you do not return a Supplemental Ballot, you are deemed not to grant the releases in Section 11.2.2 of the Third Amended DCL Plan unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.

If you voted to accept the Third Amended DCL Plan but wish to opt out of granting the releases in Section 11.2.2 of the Third Amended DCL Plan, please check the box corresponding to that election in Item 3.  Similarly, if you vote to reject the Third Amended DCL Plan but wish to grant the releases in Section 11.2.2 of the Third Amended DCL Plan, please check the box corresponding to that election in Item 3.

If you either (i) vote to accept the Third Amended DCL Plan and do not check the box in Item 3 opting not to grant the Section 11.2.2 releases, or (ii) vote to reject the Third Amended DCL Plan and check the box in Item 3 opting to grant the Section 11.2.2 releases, you will have consented to the releases set forth in Section 11.2.2 of the Third Amended DCL Plan to the fullest extent permitted by applicable law.  **If you do <u>not</u> grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan, you will <u>not</u> receive the benefit of the releases set forth in the Third Amended DCL Plan.**

**ITEM 4:**      **Certifications.**

Please review and complete the certifications in Item 4.  Your original signature is required on the Supplemental Beneficial Ballot for your votes on the Third Amended DCL Plan and your elections under the Third Amended DCL Plan to count.  In addition, in Item 4, if you are completing the Supplemental Beneficial Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  You may be requested at a later time to provide proof of your authorization to so sign.  In addition, please provide your name and mailing address if different from that set forth on the mailing label, or if no mailing label is attached to the Supplemental Beneficial Ballot.

The certifications in Item 4 also require you to certify that the Supplemental Beneficial Ballot being submitted is either the only Supplemental Beneficial Ballot you have submitted for PHONES Notes Claims or, if not, that all other Supplemental Beneficial Ballots submitted by you for such Claims are as identified in Item 4(e).  You may attach additional sheets of paper if necessary to complete Item 4(e).

<u>**Returning Your Supplemental Beneficial Ballot**</u>

Once you have completed your Supplemental Beneficial Ballot in accordance with the foregoing instructions, please return the completed Supplemental Beneficial Ballot to the Voting Nominee for inclusion on a Supplemental Master Ballot to be prepared and submitted by such Voting Nominee to the Voting Agent.  Please allow sufficient time for mailing your Supplemental Beneficial Ballot to your Voting Nominee so that the Voting Nominee may include your votes and elections on a Supplemental Master Ballot and provide it to the Voting Agent before the Supplemental Voting Deadline.

**No Electronic Transmissions.**  Supplemental Ballots submitted by facsimile or other electronic transmission will <u>not</u> be counted.  In addition, please note that if your Supplemental Ballot is illegible or

contains insufficient information to permit the identification of the Holder of the Claim, your Supplemental Ballot will <u>not</u> be counted.  Do <u>not</u> mail your Supplemental Ballots directly to the Debtors or to any of the Proponents of the Third Amended DCL Plan.

**No Withdrawal.**  After the Supplemental Voting Deadline, unless you obtain the prior consent of the Proponents of the Third Amended DCL Plan or Bankruptcy Court approval,  you may not (i) withdraw or modify your Supplemental Beneficial Ballot in any way, (ii) change your vote to accept or reject the Third Amended DCL Plan, (iii) change your release elections, (iv) change your treatment elections (if applicable), or (v) change your election to transfer your Disclaimed State Law Avoidance Claims to the Creditors' Trust, which can be made on the separate Supplemental Creditors' Trust Election Form.

<u>**Questions Concerning Your Claim Amount**</u>

If you disagree with the amount of your Claim set forth in Item 1 of the Supplemental Ballot, you may ask the Bankruptcy Court to allow your Claim solely for voting purposes in a different amount.  To have your claim allowed solely for voting purposes under the Third Amended DCL Plan in a different amount, you must serve on the Proponents of the Third Amended DCL Plan (at the addresses listed on [page 1] of the Third Amended DCL Plan) and file with the Bankruptcy Court, on or before **January [•], 2012**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (a "<u>3018 Motion</u>").

A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes only, and the evidence in support of your belief.  If you file a 3018 Motion by the deadline above, your Supplemental Ballot will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Supplemental Voting Deadline, or (b) if such an order has not been entered by the Supplemental Voting Deadline and unless the Proponents of the Third Amended DCL Plan have come to an agreement with you as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the ballot or otherwise in accordance with the tabulation rules set forth in the Resolicitation Order.  **January [•], 2012, at [•]:00 [•]a.m. (Eastern Time)** has been established as the date and time for a hearing to consider any and all 3018 Motions.

**Additional Questions.**  If you have questions concerning the Supplemental Beneficial Ballot or the procedures for voting to accept or reject the Third Amended DCL Plan, or if you need an additional Supplemental Beneficial Ballot or additional copies of other materials in the Resolicitation Package, please contact the Voting Agent at (888) 287-7568 or at tribunevote@epiqsystems.com.  The materials in the Resolicitation Package may also be obtained free of charge by visiting http://chapter11.epiqsystems.com/tribune.

**The Supplemental Beneficial Ballot is Not a Proof of Claim or Interest.**  The Supplemental Beneficial Ballot is not, and may not be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest, or (b) an admission by the Debtors or the other Proponents of the Third Amended DCL Plan of the nature, validity, or amount of any Claim, and does not signify that your claim has been or will be Allowed.

**Additional Information.**  No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Third Amended DCL Plan.  The Supplemental Beneficial Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Third Amended DCL Plan and make the elections called for on the Supplemental Beneficial Ballot.  Holders should not surrender any debt instruments together with their Supplemental Beneficial Ballot.  The Voting Agent will not accept delivery of any such instruments surrendered together with a Supplemental Master Ballot or Supplemental Beneficial Ballot.

**PHONES Notes Claims – Third Amended DCL Plan**

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**SUPPLEMENTAL MASTER BALLOT FOR VOTING NOMINEES OF
HOLDERS OF PHONES NOTES CLAIMS (CUSIP NO. 896047305)
TO ACCEPT OR REJECT THIRD AMENDED DCL PLAN**

**PLEASE READ AND FOLLOW THE INSTRUCTIONS CAREFULLY.**

     **PLEASE COMPLETE, SIGN AND DATE THIS SUPPLEMENTAL MASTER BALLOT AND RETURN IT TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "VOTING AGENT") AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017, SO THAT IT IS ACTUALLY RECEIVED BY THE VOTING AGENT BY JANUARY 20, 2012 AT 4:00 P.M. EASTERN TIME (THE "SUPPLEMENTAL VOTING DEADLINE").**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

1

**IF THIS SUPPLEMENTAL MASTER BALLOT IS NOT ACTUALLY RECEIVED BY THE VOTING AGENT BY THE SUPPLEMENTAL VOTING DEADLINE, THE VOTES AND ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED.  PRIOR VOTES AND ELECTIONS MADE ON THE THIRD AMENDED DCL PLAN BY HOLDERS OF PHONES NOTES CLAIMS WILL NOT BE RE-COUNTED.  THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE SUPPLEMENTAL MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE SUPPLEMENTAL VOTING DEADLINE.**

On December [•], 2011, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. [•]] (the "Resolicitation Order") to provide for, among other things, procedures for Holders of PHONES Notes Claims to vote to accept or reject the Third Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries Proposed By the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Third Amended DCL Plan") and to make certain elections called for under such Plan.

You have previously received master ballots on behalf of beneficial owners of PHONES Notes issued by Tribune Company ("Beneficial Owners") for tabulating votes on and elections under earlier versions of the Third Amended DCL Plan and other plans of reorganization that were proposed for the Debtors.  Please be aware that votes on and elections under the earlier versions of the Third Amended DCL Plan and other plans of reorganization with respect to the PHONES Notes Claims are not being counted for purposes of the Third Amended DCL Plan.  Accordingly, for the votes on and elections under the Third Amended DCL Plan of your Beneficial Owners to be counted, you must complete and return this Supplemental Master Ballot so that it is **actually** **received** by the Voting Agent by the Supplemental Voting Deadline, in accordance with the attached Instructions.

This Supplemental Master Ballot is to be used by you, as a broker, bank, commercial bank, trust company, dealer, or other agent or nominee (each of the foregoing, a "Voting Nominee") to tabulate and transmit the votes and elections of Beneficial Owners in respect of their PHONES Notes Claims.

The proponents of the Third Amended DCL Plan have provided to you, by separate mailing, voting materials for each of the Beneficial Owners for whom you act as Voting Nominee, consisting of Supplemental Beneficial Ballots and Supplemental Election Forms, copies of the Third Amended DCL Plan, a Supplemental Disclosure Document (the "Supplemental Disclosure Document") that describes the modifications to the Third Amended DCL Plan that have been made since the prior solicitation of votes on and elections under on such Plan, notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Third Amended DCL Plan, and copies of the Resolicitation Order (without exhibits) (collectively, the "Resolicitation Packages").  Capitalized terms used but not defined in this Supplemental Master Ballot have the meanings given to them in (i) the Third Amended DCL Plan, (ii) the Supplemental Disclosure Document, or (iii) the Resolicitation Order, as applicable.

PHONES Notes Claims against Tribune Company are Claims arising under or evidenced by that certain Indenture dated April 1, 1999 between Tribune Company, as Issuer, and Bank of Montreal Trust Company, as Trustee (the "PHONES Notes Indenture") and related documents, and are identified as follows:

| Series of Notes | CUSIP # |
|---|---|
| PHONES Notes Indenture, dated April 1, 1999 | (CUSIP # 896047305) |

Votes to accept or reject the Third Amended DCL Plan from the Beneficial Owners of PHONES Notes Claims, and accompanying elections, will be returned to you on Supplemental Beneficial Ballots.

For each completed, executed Supplemental Beneficial Ballot returned to you by a Beneficial Owner, you must retain a copy of such Supplemental Beneficial Ballot in your files for at least **five (5) years** from the Supplemental Voting Deadline.

PHONES NOTES CLAIMS VOTING ON THIS SUPPLEMENTAL BENEFICIAL BALLOT <u>DO NOT</u> INCLUDE CLAIMS THAT ARE WITHIN THE DEFINITION OF PHONES NOTES EXCHANGE CLAIMS.[2] PLEASE SEE THE ATTACHED VOTING INSTRUCTIONS FOR MORE DETAILS CONCERNING THE PHONES NOTES EXCHANGE CLAIMS.

**PRIOR TO COMPLETING THIS SUPPLEMENTAL MASTER BALLOT, PLEASE REFER TO THE INSTRUCTIONS ATTACHED TO THIS SUPPLEMENTAL MASTER BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.**

ITEM 1.    CERTIFICATION OF AUTHORITY TO VOTE.  The undersigned certifies that as of December 12, 2011, (the "<u>Supplemental Record Date</u>"), it (please check applicable box):

☐  is the broker, bank, or other agent or nominee that is the registered holder for the Beneficial Owners of the aggregate principal amount of PHONES Notes listed in Items 2 and 3 below; or

☐  is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by the broker, bank, or other agent or nominee that is the registered holder of the aggregate principal amount of PHONES Notes listed in Items 2 and 3 below; or

☐  has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a Beneficial Owner, that is the registered holder of the aggregate principal amount of PHONES Notes listed in Items 2 and 3 and, accordingly, has full power and authority to (1) vote to accept or reject the Third Amended DCL Plan and (2) make the elections called for under the Third Amended DCL Plan, each on behalf of the Beneficial Owners of the PHONES Notes described in Items 2 and 3 below.

---

[2] Holders of the PHONES Notes Claims that are on account of PHONES Notes purportedly put to Tribune Company for exchange but not paid in cash prior to the filing of the Debtors' chapter 11 cases (the "<u>PHONES Notes Exchange Claims</u>") will receive separate Resolicitation Packages for voting on and making elections under the Third Amended DCL Plan, and must return their Supplemental Ballots directly to the Voting Agent.  Holders of PHONES Notes Claims other than PHONES Notes Exchange Claims must return their Supplemental Beneficial Ballots to their Voting Nominee, as described herein.

ITEM 2.    TABULATION OF BENEFICIAL OWNER VOTING.  The undersigned certifies that:

ITEM 2A.    <u>Acceptances/Rejections</u>.  The Beneficial Owners of PHONES Notes in the following aggregate unpaid principal amounts have delivered duly completed Supplemental Beneficial Ballots to the undersigned (or such information was derived from Supplemental Beneficial Ballots that have been summarized in intermediary Supplemental Master Ballots delivered to the undersigned) voting to Accept or Reject the Third Amended DCL Plan:

| Total Number of Holders of PHONES Notes Claims Voting to Accept | Total Aggregate Unpaid Principal Amount of Holders Voting to Accept | Total Number of Holders of PHONES Notes Claims Voting to Reject | Total Aggregate Unpaid Principal Amount of Holders Voting to Reject |
|---|---|---|---|
|  | $_____ |  | $_____ |

ITEM 2B.    <u>Release Elections</u>.  The undersigned certifies that the Beneficial Owners of PHONES Notes Claims in the following aggregate unpaid principal amounts have made the release elections below under the Third Amended DCL Plan:

| Total Number of Holders Voting to Reject the Third Amended DCL Plan who Elected to Grant Releases contained in Section 11.2.2 of Third Amended DCL Plan | Total Aggregate Unpaid Principal Amount of Holders Voting to Reject the Third Amended DCL Plan who Elected to Grant Releases contained in Section 11.2.2 of Third Amended DCL Plan | Total Number of Holders Voting to Accept the Third Amended DCL Plan who Elected Not to Grant Releases contained in Section 11.2.2 of Third Amended DCL Plan | Total Aggregate Unpaid Principal Amount of Holders Voting to Accept the Third Amended DCL Plan who Elected Not to Grant Releases contained in Section 11.2.2 of Third Amended DCL Plan |
|---|---|---|---|
|  | $_____ |  | $_____ |

ITEM 3.    TRANSMITTAL OF VOTES FROM SUPPLEMENTAL BENEFICIAL BALLOTS.  The undersigned transmits the following votes of Beneficial Owners of PHONES Notes and certifies that the following are Beneficial Owners, as of the Supplemental Record Date, and have delivered to the undersigned, as Voting Nominee, Supplemental Beneficial Ballots casting such votes (indicate in each column the aggregate principal amount voted for each account).

| Your Customer Name or Account Number for Each Beneficial Owner Voting on the Third Amended DCL Plan | Principal Amount of PHONES Notes Voting | Voted to ACCEPT the Third Amended DCL Plan | Voted to REJECT the Third Amended DCL Plan | Check if Beneficial Owner voted to Reject the Third Amended DCL Plan and Elected to grant releases contained in Section 11.2.2 of Third Amended DCL Plan | Check if Beneficial Owner voted to Accept the Third Amended DCL Plan and Elected not to grant the releases contained in Section 11.2.2 of Third Amended DCL Plan |
|---|---|---|---|---|---|
| 1. | $ | ☐ | ☐ | ☐ | ☐ |
| 2. | $ | ☐ | ☐ | ☐ | ☐ |
| 3. | $ | ☐ | ☐ | ☐ | ☐ |
| 4. | $ | ☐ | ☐ | ☐ | ☐ |
| 5. | $ | ☐ | ☐ | ☐ | ☐ |
| 6. | $ | ☐ | ☐ | ☐ | ☐ |
| 7. | $ | ☐ | ☐ | ☐ | ☐ |
| 8. | $ | ☐ | ☐ | ☐ | ☐ |
| 9. | $ | ☐ | ☐ | ☐ | ☐ |
| 10. | $ | ☐ | ☐ | ☐ | ☐ |

**USE ADDITIONAL SHEETS IF NECESSARY**.

ITEM 4.    ADDITIONAL INFORMATION SUBMITTED BY BENEFICIAL OWNERS.  The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 4(e) of each Supplemental Beneficial Ballot received from a Beneficial Owner of the PHONES Notes.

**Information transcribed from Item 4 of the Supplemental Beneficial Ballots regarding other Supplemental Beneficial Ballots cast in respect of PHONES Notes Claims**

| Your Customer Name or Account Number for Each Beneficial Owner who completed Item 4(e) of the Supplemental Beneficial Ballot | Account Number of Other PHONES Notes | Name of Registered Holder or Voting Nominee of Other PHONES Notes Claims Voted | Principal Amount of Other PHONES Notes Claims Voted in Additional Supplemental Beneficial Ballot(s) | Number of Other PHONES NOTES Voted in Additional Supplemental Beneficial Ballot(s) |
|---|---|---|---|---|
| 1. | | | $ | |
| 2. | | | $ | |
| 3. | | | $ | |
| 4. | | | $ | |
| 5. | | | $ | |

**USE ADDITIONAL SHEETS IF NECESSARY**.

ITEM 5.    CERTIFICATION.  By signing this Supplemental Master Ballot, the undersigned certifies that: (a) each Beneficial Owner of PHONES Notes whose votes and elections are being transmitted by this Supplemental Master Ballot has been provided with a copy of the Third Amended DCL Plan, the Supplemental Disclosure Document, the Resolicitation Order, and a Supplemental Beneficial Ballot for voting its Claim on the Third Amended DCL Plan; (b) it is the registered holder of the PHONES Notes to which this Supplemental Master Ballot pertains and/or has full power and authority to vote to accept or reject the Third Amended DCL Plan and make the elections called for thereunder; (c) it received a properly completed and signed Supplemental Beneficial Ballot from each Beneficial Owner listed in Item 3 above; and (d) it accurately transcribed all applicable information from the Supplemental Beneficial Ballots received from each Beneficial Owner.

The undersigned also acknowledges that the resolicitation of this vote to accept or reject the Third Amended DCL Plan is subject to all the terms and conditions set forth in the Resolicitation Order, dated December [•], 2011.

_____
Name of Voting Nominee

_____
Participant Number

_____
Signature

6

_____
If by Authorized Agent, Name and Title

_____
Street Address

_____
City, State and Zip Code

_____
Telephone Number

_____
Email
_____
Date Completed

**INSTRUCTIONS FOR COMPLETING THE SUPPLEMENTAL MASTER BALLOT
TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN**

**THESE INSTRUCTIONS EXPLAIN HOW TO COMPLETE THE SUPPLEMENTAL MASTER BALLOT FOR VOTING NOMINEES OF HOLDERS OF PHONES NOTES CLAIMS (CUSIP NO. 896047305) TO VOTE TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN. PLEASE READ AND FOLLOW THESE INSTRUCTIONS CAREFULLY SO THAT YOUR CUSTOMERS' VOTES AND ELECTIONS RESPECTING THE THIRD AMENDED DCL PLAN WILL BE COUNTED.**

**Supplemental Voting Deadline**

The Supplemental Voting Deadline is **January 20, 2012 at 4:00 p.m. (Eastern Time)**.  To have the votes and elections of your customers count, you must complete, sign, and return the Supplemental Master Ballot so that it is received by the Voting Agent at the address set forth in the Supplemental Master Ballot on or before the Supplemental Voting Deadline.  Capitalized terms used in the Supplemental Master Ballot or these Instructions but not otherwise defined therein or herein have the meanings ascribed to such terms in (i) the Third Amended DCL Plan, (ii) the Supplemental Disclosure Document, or (iii) the Resolicitation Order, as applicable.

**Transmittal of Supplemental Beneficial Ballots to Beneficial Owners**

If you are acting as a broker, bank, commercial bank, trust company, dealer, or other agent or nominee (each of the foregoing, a "Voting Nominee") for Beneficial Owners of PHONES Notes Claims issued by Tribune Company, you must (i) deliver a Supplemental Beneficial Ballot to such Beneficial Owner(s), along with the Supplemental Disclosure Document, the Third Amended DCL Plan, the Resolicitation Order, the Confirmation Hearing Notice, and other materials required to be forwarded; and (ii) take the necessary actions to enable such Beneficial Owners to (a) complete and execute such Supplemental Beneficial Ballot and (b) return the completed, executed Supplemental Beneficial Ballot to you in sufficient time to enable you to complete the Supplemental Master Ballot and deliver it to the Voting Agent before the Supplemental Voting Deadline.

You or the Beneficial Owners for whom you are the Voting Nominee may wish to seek legal advice concerning the Third Amended DCL Plan and the classification and treatment of the PHONES Notes Claims under such Plan.

**How to Complete the Supplemental Master Ballot**

With respect to all of the Supplemental Beneficial Ballots returned to you, you must properly complete the Supplemental Master Ballot, as follows:

    i.    Check the applicable box in Item 1 on the Supplemental Master Ballot;

    ii.    Indicate the total votes to accept or reject the Third Amended DCL Plan in Item 2;

    iii.    Transcribe the votes from the Supplemental Beneficial Ballots in Item 2 and indicate the following in Item 3:

        a.    whether each Beneficial Owner voted to accept or reject the Third Amended DCL Plan;

1

b.  in the case of any Beneficial Owners that voted to reject the Third Amended DCL Plan, whether each such Beneficial Owner elected to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan; and

c.  in the case of any Beneficial Owners that voted to accept the Third Amended DCL Plan, whether each such Beneficial Owner elected not to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.

IMPORTANT: BENEFICIAL OWNERS MAY NOT SPLIT THEIR VOTES.  PROPERLY EXECUTED SUPPLEMENTAL BENEFICIAL BALLOTS THAT ATTEMPT PARTIALLY TO ACCEPT AND PARTIALLY TO REJECT THE THIRD AMENDED DCL PLAN WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE PLAN.  EACH BENEFICIAL OWNER MUST VOTE ALL OF HIS, HER, OR ITS PHONES NOTES CLAIMS EITHER TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN (OR ABSTAIN FROM VOTING THEREON).  IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT EACH BENEFICIAL OWNER TO CORRECT ITS BALLOT OR THE VOTING AGENT IMMEDIATELY.

iv.  Transcribe from Item 4(e) of each Supplemental Beneficial Ballot the information provided by the Beneficial Owners into Item 4 of the Supplemental Master Ballot;

v.  Review the certification in Item 5 of the Supplemental Master Ballot;

vi.  Ensure that each Supplemental Beneficial Ballot is signed and each certification is complete;

vii.  Independently verify and confirm the accuracy of the information provided with respect to each Beneficial Owner of PHONES Notes;

viii.  If additional space is required to respond to any item on the Supplemental Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Supplemental Master Ballot to which you are responding; and

ix.  Sign, date, and return the original Supplemental Master Ballot.

You must deliver the completed, executed Supplemental Master Ballot so that it is actually received by the Voting Agent on or before the Supplemental Voting Deadline.  You must retain a copy of each completed, executed Supplemental Beneficial Ballot returned to you by a Beneficial Owner in your files for at least **five (5) years** from the Supplemental Voting Deadline.

Votes cast by Beneficial Owners through a Voting Nominee will be compared to the holdings of the PHONES Notes of such Beneficial Owners as of the Supplemental Record Date, as evidenced by the record and depository listings.  Votes submitted by a Voting Nominee pursuant to a Supplemental Master Ballot will not be counted in excess of the record amount of the PHONES Notes held by such Voting Nominee.

For the purpose of tabulating votes, each Beneficial Owner shall be deemed to have voted the principal amount of its PHONES Notes.  To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees.  To the extent that overvotes on a Supplemental Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Third Amended DCL Plan in the same proportion as the votes to accept and reject the Third Amended DCL Plan submitted on the Supplemental Master Ballot that contained the overvote, but only to

the extent of the Voting Nominee's position in the PHONES Notes. After the Supplemental Voting Deadline, no vote on the Third Amended DCL Plan may be withdrawn without the prior consent of the proponents of the Third Amended DCL Plan.

PLEASE NOTE:

This Supplemental Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Third Amended DCL Plan and to make certain elections called for under such Plan. Holders of PHONES Notes Claims should not surrender their PHONES Notes with the Supplemental Beneficial Ballots. The Voting Agent will not accept delivery of any such instruments surrendered together with a Supplemental Master Ballot.

The Supplemental Master Ballot and Supplemental Beneficial Ballots are not, and may not be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest, or (b) an admission by the Debtors or the other Proponents of the Third Amended DCL Plan of the nature, validity, or amount of any Claim, and does not signify that any claim has been or will be Allowed.

No fees or commissions or other remuneration will be payable to any Voting Nominee. Upon written request with supporting documentation, however, the Debtors will reimburse you for reasonable, actual, and necessary out-of-pocket expenses associated with the distribution of the Resolicitation Packages to your Beneficial Owners, the tabulation of the Supplemental Beneficial Ballots, and the completion of this Supplemental Master Ballot.

**IF YOU BELIEVE THAT YOU ARE MISSING ANY MATERIALS FROM THE RESOLICITATION PACKAGE OR THAT YOU HAVE RECEIVED THE WRONG BALLOT, OR IF YOU HAVE QUESTIONS REGARDING THIS SUPPLEMENTAL MASTER BALLOT, OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE SUPPLEMENTAL MASTER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.**

**PLEASE COMPLETE, SIGN, AND DATE THIS SUPPLEMENTAL MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS: TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.**

**BALLOTS RECEIVED BY FACSIMILE OR OTHER ELECTRONIC MEANS OR RECEIVED AFTER THE SUPPLEMENTAL VOTING DEADLINE WILL NOT BE COUNTED.**

<u>**PHONES Notes Claims – Third Amended DCL Plan**</u>

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et</u> <u>al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**SUPPLEMENTAL ELECTION FORM FOR HOLDERS OF PHONES NOTES CLAIMS AGAINST TRIBUNE COMPANY (CUSIP NO. 896047305) TO ELECT NOT TO TRANSFER DISCLAIMED STATE LAW AVOIDANCE CLAIMS TO CREDITORS' TRUST UNDER THE <u>THIRD AMENDED DCL PLAN</u>**

On December [•], 2011, the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") entered an order [Docket No. [•]] (the "<u>Resolicitation Order</u>") to provide for, among other things, procedures for Holders of PHONES Notes Claims to vote to accept or reject the Third Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries Proposed By the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "<u>Third Amended DCL Plan</u>") and to make certain elections called for under such Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

This election form (a "Supplemental Election Form") has been sent to you, as a Holder of a PHONES Notes Claim against Tribune Company, to allow you to elect not to transfer your Disclaimed State Law Avoidance Claims to the Creditors' Trust to be established pursuant to Section 14.3.1 of the Third Amended DCL Plan.

You have previously received election forms for making elections under earlier versions of the Third Amended DCL Plan and other plans of reorganization that were proposed for the Debtors. Please be aware that your elections under the earlier versions of the Third Amended DCL Plan and other plans of reorganization with respect to your PHONES Notes Claims are not being counted for purposes of the Third Amended DCL Plan. Accordingly, if you wish to have your elections under the Third Amended DCL Plan counted, you must complete and return this Supplemental Election Form and return it to your Voting Nominee (defined below) in sufficient time for your Voting Nominee to process your Supplemental Election Form and electronically tender your PHONES Notes into the ATOP System (defined below) so that your election is **actually** **received** by the Voting Agent by no later than **January 20, 2012 at 4:00 p.m. (Eastern Time)** (the "Supplemental Voting Deadline").

You have received with this Supplemental Election Form a copy of the Third Amended DCL Plan, a Supplemental Disclosure Document (the "Supplemental Disclosure Document") that describes the modifications to the Third Amended DCL Plan that have been made since the prior solicitation of votes and elections under such Plan, a notice respecting the hearing before the Bankruptcy Court to consider confirmation of the Third Amended DCL Plan, and a copy of the Resolicitation Order (without exhibits) (collectively, and together with the Supplemental Beneficial Ballots transmitted to you by separate mailing, the "Resolicitation Package"). Capitalized terms used but not defined in this Supplemental Election Form have the meanings given to them in (i) the Third Amended DCL Plan, (ii) the Supplemental Disclosure Document, or (iii) the Resolicitation Order, as applicable.

**It is very important that you read all of the materials in the Resolicitation Package carefully in considering whether you wish to make the elections called for under the Third Amended DCL Plan. Your elections under the Third Amended DCL Plan are very important and may affect your rights and the treatment of your Claim.**

This Supplemental Election Form is the exclusive means by which you may elect not to transfer your Disclaimed State Law Avoidance Claims to the Creditors' Trust to be established under the Third Amended DCL Plan. If you wish to make the elections provided in this Supplemental Election Form, you must complete this Supplemental Election Form and return it to your broker, bank, commercial bank, trust company, dealer or other agent or nominee (a "Voting Nominee") in sufficient time for your Voting Nominee to summarize your election on a Supplemental Election Tabulation Form and return that Supplemental Election Tabulation Form so that it is received by the Voting Agent by the Supplemental Voting Deadline. Supplemental Election Tabulation Forms received by the Voting Agent after that date will be disregarded.

**If you do not submit this Supplemental Election Form, you will be deemed to transfer any Disclaimed State Law Avoidance Claims you may hold to the Creditors' Trust established under the Third Amended DCL Plan when the Creditors' Trust is established.**

If you elect not to transfer your Disclaimed State Law Avoidance Claims using this Supplemental Election Form, you will be "opting out" of contributing all Disclaimed State Law Avoidance Claims you now hold or may hold in the future, and you will not be entitled to (i) receive Creditors' Trust Interests or (ii) share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust. If you do not opt out of the transfer of your Disclaimed State Law Avoidance Claims to the Creditors' Trust, you will be deemed to consent to the transfer of your Disclaimed State Law Avoidance Claims to the Creditors' Trust under the Third Amended DCL Plan in exchange for Creditors' Trust Interests. The Creditors' Trust Interests may entitle you to share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust. The Creditors' Trust will be established under the Third Amended DCL Plan on the Effective Date

of such Plan.  For additional information regarding the Creditors' Trust under the Third Amended DCL Plan, please see Section 14.3.1 of the Third Amended DCL Plan.

An election by a Holder of a PHONES Notes Claim not to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust established under the Third Amended DCL Plan will be valid only if such Holder has electronically delivered its PHONES Notes, as of the Supplemental Voting Deadline, into the Automated Tender Offer Program at The Depository Trust Company (the "ATOP System").  Only the Voting Nominee of a Holder of a PHONES Notes Claim can submit this election on such Holder's behalf.

Holders of PHONES Notes Claims that elect not to transfer their Disclaimed State Law Avoidance Claims to the Creditors' Trust established under the Third Amended DCL Plan pursuant to this Supplemental Election Form and electronically deliver their PHONES Notes into the ATOP System can withdraw their PHONES Notes from the ATOP System up to and until the Supplemental Voting Deadline.  However, following the Supplemental Voting Deadline, such PHONES Notes will not be freely tradable.

If a Holder of a PHONES Notes Claim elects not to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust under the Third Amended DCL Plan but fails to comply with the procedures for making such election set forth above, such Holder will be deemed to consent to the transfer of its Disclaimed State Law Avoidance Claims pursuant to the Third Amended DCL Plan.

**PRIOR TO COMPLETING THIS SUPPLEMENTAL ELECTION FORM, PLEASE REFER TO THE ENCLOSED INSTRUCTIONS FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW**

ITEM 1.  ELECTION NOT TO TRANSFER DISCLAIMED STATE LAW AVOIDANCE CLAIMS TO CREDITORS' TRUST UNDER THE THIRD AMENDED DCL PLAN.

☐  I wish to opt out of the transfer of my Disclaimed State Law Avoidance Claims to the Creditors' Trust under the Third Amended DCL Plan.

ITEM 2.  CERTIFICATION.  By signing this Supplemental Election Form, the undersigned acknowledges and/or certifies that it has full power and authority to complete this Supplemental Election Form with respect to its PHONES Notes Claims against Tribune Company.  The undersigned acknowledges and/or certifies that it:

a.  is the Beneficial Owner of the PHONES Notes Claim to which this Supplemental Election Form pertains or is an authorized signatory and has full power and authority to make the election called for on this Supplemental Election Form;

b.  has not submitted any other Supplemental Election Form(s) on account of the PHONES Note Claim represented herein that are inconsistent with the election set forth in this Supplemental Election Form or that, if such other Supplemental Election Form(s) were previously submitted, they either have been or are hereby revoked or changed to reflect the election set forth herein;

c.  instructs its Voting Nominee to effect this Supplemental Election Form through the ATOP System; and

d.  either (a) this Supplemental Election Form is the only Supplemental Election Form submitted by the undersigned for PHONES Notes Claims or (b) in addition to this Supplemental Election Form, one or more Supplemental Election Forms for PHONES Notes Claims have been submitted as follows:

3

| Account Number of Other PHONES Notes Claims | Name of Registered Holder or Nominee of Other PHONES Notes Claims | Principal Amount of PHONES Notes Claims At Issue in Additional Supplemental Election Form(s) |
|---|---|---|
| 1. | | $ |
| 2. | | $ |
| 3. | | $ |
| 4. | | $ |

Name: _____
       (Print or Type)

Signature:_____

By:_____
       (If Applicable)

Title:_____
       (If Applicable)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

      This Supplemental Election Form shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors or the other Proponents of the Third Amended DCL Plan of the nature, validity or amount of any Claim, and does not signify that your claim has been or will be Allowed.

THE SUPPLEMENTAL VOTING DEADLINE IS 4:00 P.M. EASTERN TIME ON JANUARY 20, 2012.  PLEASE RETURN THIS SUPPLEMENTAL ELECTION FORM TO YOUR NOMINEE IN THE ENVELOPE PROVIDED IN SUFFICIENT TIME FOR YOUR NOMINEE TO PROCESS YOUR SUPPLEMENTAL ELECTION FORM, SUBMIT YOUR ELECTIONS THROUGH THE ATOP SYSTEM AND SUBMIT A SUPPLEMENTAL ELECTION TABULATION FORM TO THE VOTING AGENT SO THAT IT IS ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE THE SUPPLEMENTAL VOTING DEADLINE OR YOUR ELECTIONS WILL NOT BE COUNTED.

**IF YOU HAVE ANY QUESTIONS REGARDING THIS SUPPLEMENTAL ELECTION FORM OR THE PROCEDURES FOR MAKING THIS ELECTION, OR IF YOU NEED AN ADDITIONAL COPY OF THE SUPPLEMENTAL ELECTION FORM OR COPIES OF OTHER RELATED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR <u>TRIBUNEVOTE@EPIQSYSTEMS.COM</u>.**

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### INSTRUCTIONS FOR COMPLETING SUPPLEMENTAL ELECTION FORM FOR HOLDERS OF PHONES NOTES CLAIMS (CUSIP NO. 896047305) TO ELECT NOT TO TRANSFER DISCLAIMED STATE LAW AVOIDANCE CLAIMS TO CREDITORS' TRUSTS UNDER THE THIRD AMENDED DCL PLAN

**THESE INSTRUCTIONS EXPLAIN HOW TO COMPLETE THE ENCLOSED SUPPLEMENTAL ELECTION FORM.  PLEASE READ AND FOLLOW THESE INSTRUCTIONS CAREFULLY SO THAT YOUR ELECTIONS RESPECTING THE THIRD AMENDED DCL PLAN WILL BE COUNTED.**

### Why You Have Received a Supplemental Election Form

On December [•], 2011, the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") entered an order [Docket No. [•]] (the "<u>Resolicitation Order</u>") to provide, among other things, for procedures for certain Holders of Claims against Tribune Company and/or its subsidiaries in the above-captioned Chapter 11 Cases (collectively, the "<u>Debtors</u>") to vote to accept or

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

reject the Third Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries Proposed By the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Third Amended DCL Plan") and to make certain elections called for under such Plan.

The Resolicitation Order provides, among other things, that Holders of PHONES Notes Claims may re-vote on the Third Amended DCL Plan and may make elections thereunder.

The enclosed Supplemental Election Form has been sent to you, as a Holder of a PHONES Notes Claim against Tribune Company, to allow you to elect not to transfer your Disclaimed State Law Avoidance Claims to the Creditors' Trust pursuant to Section 14.3.1 the Third Amended DCL Plan.

You have previously received election forms for making elections under earlier versions of the Third Amended DCL Plan and other plans of reorganization that were proposed for the Debtors.  Please be aware that your elections under the earlier versions of the Third Amended DCL Plan and other plans of reorganization with respect to your PHONES Notes Claims are not being counted for purposes of the Third Amended DCL Plan.  Accordingly, if you wish to have your vote on elections under the Third Amended DCL Plan counted, you must complete and return the Supplemental Election Form as provided in these Instructions.

### Materials that You Have Been Sent with the Supplemental Election Form

You have been sent with the Supplemental Election Form various materials to assist you in deciding how to vote on the Third Amended DCL Plan (collectively, the "Resolicitation Package").  In addition to the Supplemental Election Form Ballot, the Resolicitation Package contains the following:

- a copy of the Third Amended DCL Plan;

- a Supplemental Disclosure Document (the "Supplemental Disclosure Document") that describes the modifications to the Third Amended DCL Plan that have been made since the prior solicitation of votes and elections on such Plan.  The Supplemental Disclosure Document has been approved by the Bankruptcy Court as a supplement to the previously-distributed Disclosure Documents[2] to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Third Amended DCL Plan;

- notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Third Amended DCL Plan; and

---

[2] See General Disclosure Statement dated December 15, 2010 [Docket No. 7232] (the "General Disclosure Statement"), which contains a general description of (among other things) the Debtors, their respective businesses and their reorganization proceedings; (ii) the Specific Disclosure Statement Relating to First Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [Docket No. 7135] (the "Specific Disclosure Statement"), which contains a detailed description of (among other things) the provisions of the First Amended DCL Plan, including those provisions that are retained in the Third Amended DCL Plan; and (iii) the Explanatory Statement Relating to Modified Elections Under Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (as modified April 26, 2011) [Docket No. 8754] (the "Explanatory Statement"), which contains a description of (among other things) certain elections offered under the Second Amended DCL Plan (the General Disclosure Statement, the Specific Disclosure Statement, the Explanatory Statement, and the Supplemental Disclosure Document, collectively, the "Disclosure Documents").

- a copy of the Resolicitation Order (without exhibits). The Resolicitation Order contains important information regarding the process of voting on the Third Amended DCL Plan and how votes on the Third Amended DCL Plan will be tabulated.

**It is very important that you read all of the materials in the Resolicitation Package carefully in considering how you wish to vote on the Third Amended DCL Plan and whether you wish to make the elections called for under such Plan. Your votes on and elections under the Third Amended DCL Plan are very important and may affect your rights and the treatment of your Claim.**

If you would like to receive additional copies of the Third Amended DCL Plan, the Supplemental Disclosure Document, or any other materials relating to the Third Amended DCL Plan, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting Epiq Bankruptcy Solutions LLC (the "Voting Agent") at (888) 287-7568 or tribunevote@epiqsystems.com.

### Deadline for Returning the Supplemental Election Form

You must complete, sign and date your Supplemental Election Form and return it in the enclosed envelope to your broker, bank, commercial bank, trust company, dealer, or other agent or nominee (a "Voting Nominee") in sufficient time for your Voting Nominee to process your Supplemental Election Form and electronically tender your PHONES Notes into the ATOP System (defined below) by no later than **4:00 p.m. (Eastern Time) on January 20, 2012 (the "Supplemental Voting Deadline")**, or your elections will not be valid.

### How to Complete Your Supplemental Election Form

The following are step-by-step instructions for how to complete your Supplemental Election Form:

**ITEM 1:  Election Not to Transfer Disclaimed State Law Avoidance Claims to Creditors' Trust Under Third Amended DCL Plan.**

Check the box in Item 1 if you elect not to transfer your Disclaimed State Law Avoidance Claims to the Creditors' Trust established under the Third Amended DCL Plan.

The election of a Holder of a PHONES Notes Claim not to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust to be established under the Third Amended DCL Plan will be valid only if such Holder has electronically delivered its PHONES Notes, as of the Supplemental Voting Deadline, into the Automated Tender Offer Program system (the "ATOP System") at The Depository Trust Company. Only your Voting Nominee can submit this election on your behalf.

Holders of PHONES Notes Claims that elect not to transfer their Disclaimed State Law Avoidance Claims to the Creditors' Trust to be established under the Third Amended DCL Plan pursuant to the Supplemental Election Form and electronically deliver their PHONES Notes into the ATOP System can withdraw their PHONES Notes from the ATOP System up to and until the Supplemental Voting Deadline. However, following the Supplemental Voting Deadline, such PHONES Notes will not be freely tradable.

If a Holder of a PHONES Notes Claim elects not to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust under the Third Amended DCL Plan but fails to comply with the procedures for making such election set forth above, such Holder will be deemed to consent to the transfer of its Disclaimed State Law Avoidance Claims pursuant to the Third Amended DCL Plan.

If you elect not to transfer your Disclaimed State Law Avoidance Claims to the Creditors' Trust, you will not be entitled to (i) receive Creditors' Trust Interests or (ii) share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust. If you do not opt out of the transfer of your

Disclaimed State Law Avoidance Claims, you will be deemed to consent to the transfer of your Disclaimed State Law Avoidance Claims to the Creditors' Trust under the Third Amended DCL Plan in exchange for Creditors' Trust Interests and will not be able to pursue your Disclaimed State Law Avoidance Claims directly.  For additional information regarding the Creditors' Trust, please see Section 14.3.1 of the Third Amended DCL Plan.

**If you do not submit the Supplemental Election Form electing not to transfer any Disclaimed State Law Avoidance Claims you may hold to the Creditors' Trust established under the Third Amended DCL Plan, you will be deemed to transfer any Disclaimed State Law Avoidance Claims you may hold to the Creditors' Trust to be established under the Third Amended DCL Plan.**

**ITEM 2**:    **Certifications.**

Please review and complete the certifications in Item 2.  Your original signature is required on the Supplemental Election Form for your elections under the Third Amended DCL Plan to count.  In addition, in Item 2, if you are completing the Supplemental Election Form on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  You may be requested at a later time to provide proof of your authorization to so sign.  In addition, please provide your name and mailing address if different from that set forth on the mailing label, or if no mailing label is attached to the Supplemental Election Form.

The certifications in Item 2 also require you to certify that the Supplemental Election Form being submitted is either the only Supplemental Election Form you have submitted for PHONES Notes Claims or, if not, that all other Supplemental Election Form(s) submitted by you for such Claims are as identified in Item 2(d).  You may attach additional sheets of paper if necessary to complete Item 2(d).

<u>**Returning Your Supplemental Election Form**</u>

Once you have completed your Supplemental Election Form in accordance with the foregoing instructions, please return the completed Supplemental Election Form to your Voting Nominee. Your Voting Nominee will provide specific instructions for returning the Supplemental Election Form to such Voting Nominee.  Please do <u>not</u> mail Supplemental Election Form or your PHONES Notes directly to Voting Agent, the Debtors, or to any of the other Proponents of the Third Amended DCL Plan.  Please allow sufficient time for mailing your Supplemental Election Form to your Voting Nominee so that the Voting Nominee may electronically tender your PHONES Notes into the ATOP System before the Supplemental Voting Deadline.

**No Electronic Transmissions.**  Supplemental Election Forms submitted by facsimile or other electronic transmission will <u>not</u> be counted.  In addition, please note that if your Supplemental Election Form is illegible or contains insufficient information to permit the identification of the Beneficial Owner of the Claim, your Supplemental Election Form will <u>not</u> be counted.

**No Withdrawal.**  After the Supplemental Voting Deadline, you may not (i) withdraw or modify your Supplemental Election Form in any way, or (ii) change your election to transfer your Disclaimed State Law Avoidance Claims to the Creditors' Trust.

**Additional Questions.**  If you have questions concerning the Supplemental Election Form or if you need an additional Supplemental Election Form or additional copies of other materials in the Resolicitation Package, please contact the Voting Agent at (888) 287-7568 or at tribunevote@epiqsystems.com.

Many materials in the Resolicitation Package may also be obtained free of charge by visiting http://chapter11.epiqsystems.com/tribune.

**Additional Information.**  No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plans.  The Supplemental Election Form is not a letter of transmittal and may not be used for any purpose other than to make the elections called for on the Supplemental Election Form.

# EXHIBIT C

## Forms of Supplemental Beneficial Ballots
## for Holders of PHONES Notes Exchange Claims

<u>PHONES Notes Exchange Claims – Third Amended DCL Plan</u>

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### SUPPLEMENTAL BALLOT FOR HOLDERS OF PHONES NOTES EXCHANGE CLAIMS AGAINST TRIBUNE COMPANY TO ACCEPT OR REJECT <u>THE THIRD AMENDED DCL PLAN</u>

On December [•], 2011, the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") entered an order [Docket No. [•]] (the "<u>Resolicitation Order</u>") to provide for, among other things, procedures for Holders of PHONES Notes Claims, including PHONES Notes Exchange Claims (defined below), to vote to accept or reject the Third Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries Proposed By the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "<u>Third Amended DCL Plan</u>") and to make certain elections called for under such Plan.

You have previously received ballots for voting on and making elections under earlier versions of the Third Amended DCL Plan and other plans of reorganization that were proposed for the Debtors. Please be aware that your votes on and elections under the earlier versions of the Third Amended DCL Plan and other plans of reorganization with respect to your PHONES Notes Exchange Claims are <u>not</u> being counted for purposes of the Third Amended DCL Plan.  Accordingly, if you wish to have your vote

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

on and elections under the Third Amended DCL Plan counted, you must complete and return this Supplemental Ballot so that it is **actually received** by the Voting Agent by no later than **January 20, 2012 at 4:00 p.m. (Eastern Time)** (the "Supplemental Voting Deadline"), in accordance with the attached Instructions.

This Supplemental Ballot has been sent to you, as a Holder of a PHONES Notes Claim that is on account of PHONES Notes purportedly put to Tribune Company for exchange but not paid in cash prior to the filing of the Debtors' Chapter 11 Cases (the "PHONES Notes Exchange Claims"), to allow you to vote to accept or reject the Third Amended DCL Plan and to make elections under such Plan.

You have received with this Supplemental Ballot a copy of the Third Amended DCL Plan, a Supplemental Disclosure Document (the "Supplemental Disclosure Document") that describes the modifications to the Third Amended DCL Plan that have been made since the prior solicitation of votes on and elections under such Plan, a notice respecting the hearing before the Bankruptcy Court to consider confirmation of the Third Amended DCL Plan, and a copy of the Resolicitation Order (without exhibits) (collectively, the "Resolicitation Package"). Capitalized terms used but not defined in this Supplemental Ballot have the meanings given to them in (i) the Third Amended DCL Plan, (ii) the Supplemental Disclosure Document, or (iii) the Resolicitation Order, as applicable.

**It is very important that you read all of the materials in the Resolicitation Package carefully in considering how you wish to vote on the Third Amended DCL Plan and whether you wish to make the elections called for under such Plan. Your vote on and elections under the Third Amended DCL Plan are very important and may affect your rights and the treatment of your Claim.**

This Supplemental Ballot is only to be used for voting your PHONES Notes Exchange Claims. If you hold other Claims against Tribune Company or the Subsidiary Debtors in the Debtors' Chapter 11 Cases and those Claims are in Classes entitled to re-vote for purposes of the Third Amended DCL Plan, you will receive separate Supplemental Ballots to vote such Claims.

IF YOU HOLD BOTH PHONES NOTES CLAIMS AND PHONES NOTES EXCHANGE CLAIMS, YOU WILL RECEIVE A SEPARATE SUPPLEMENTAL BENEFICIAL BALLOT ON WHICH TO VOTE YOUR PHONES NOTES CLAIMS. ADDITIONAL INSTRUCTIONS REGARDING VOTING PHONES NOTES CLAIMS WILL BE PROVIDED IN THE SEPARATE RESOLICITATION PACKAGE FOR SUCH CLAIMS. YOU MAY NOT USE THIS SUPPLEMENTAL BALLOT TO VOTE ON OR MAKE ELECTIONS UNDER THE THIRD AMENDED DCL PLAN WITH RESPECT TO YOUR PHONES NOTES CLAIMS.

**PRIOR TO COMPLETING THIS SUPPLEMENTAL BALLOT, PLEASE REFER TO THE ENCLOSED INSTRUCTIONS WITH THIS SUPPLEMENTAL BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.**

**To vote to accept or reject the Third Amended DCL Plan and, if desired, make the elections called for under the Third Amended DCL Plan, please complete the following:**

ITEM 1.    AMOUNT OF PHONES NOTES EXCHANGE CLAIM. The undersigned certifies that as of December 12, 2011 (the "Supplemental Record Date"), the undersigned was the Holder of a PHONES Notes Exchange Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 1A.    [Intentionally Omitted].

ITEM 2.    VOTE TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN.  The Holder of the PHONES Notes Exchange Claim set forth above hereby votes with respect to such Claim on the Third Amended DCL Plan as follows (check one box only):

| ☐  to ACCEPT the<br>    Third Amended DCL Plan | ☐  to REJECT the<br>    Third Amended DCL Plan |
|---|---|

ITEM 3.    RELEASE ELECTIONS (OPTIONAL).  If you return a Supplemental Ballot and vote to accept the Third Amended DCL Plan, you will be deemed to have granted the releases contained in Section 11.2.2 of the Plan unless you elect <u>not</u> to grant such releases by checking the applicable box below.[2]  If you vote to reject the Third Amended DCL Plan, you may elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan by checking the applicable box below.  If you do not return your Supplemental Ballot, you will be deemed not to have granted such releases unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.  Election to grant such releases is at your option.  **If you do not grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Third Amended DCL Plan.**

☐     The undersigned has voted to accept the Third Amended DCL Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.

☐     The undersigned has voted to reject the Third Amended DCL Plan in Item 2 above but elects to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.

ITEM 4.    [Intentionally Omitted].

ITEM 5.    ELECTION NOT TO TRANSFER DISCLAIMED STATE LAW AVOIDANCE CLAIMS (OPTIONAL).  The Third Amended DCL Plan, at Section 14.3.1 thereof, permits you to opt out of the transfer of Disclaimed State Law Avoidance Claims that you may have to the Creditors' Trust under the Third Amended DCL Plan.  If you wish to opt out of the transfer of any Disclaimed State Law Avoidance Claims you may have, please check the box below.

☐     The undersigned elects <u>not</u> to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust under Section 14.3.1 of the Third Amended DCL Plan.

ITEM 6.    CERTIFICATION**.**  By signing this Supplemental Ballot, the Holder of PHONES Notes Exchange Claim identified in Item 1 certifies that it:

a.     is the Holder of the PHONES Notes Exchange Claim to which this Supplemental Ballot pertains or is an authorized signatory and has full power and authority to vote

---

[2] Section 11.2.2 of the Third Amended DCL Plan provides that each Person (a) that has voted to accept the Plan and has not opted out from granting the releases, (b) that has voted to reject the Plan but has opted to grant the releases, (c) that is deemed to accept the Plan and has been provided an opportunity but has not opted out of granting the releases, or (d) who otherwise agrees to provide the releases, shall be deemed to have unconditionally released each and all of the Released Parties and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Documents or the Restructuring Transactions (as such terms are defined in the Third Amended DCL Plan), except as otherwise provided in Section 11.2.2 of the Third Amended DCL Plan.

to accept or reject the Third Amended DCL Plan and make the elections called for on this Supplemental Ballot;

b.     has been provided with a copy of the Third Amended DCL Plan, the Supplemental Disclosure Document, and the Resolicitation Order and acknowledges that the votes and elections set forth on this Supplemental Ballot are subject to all of the terms and conditions set forth in the Third Amended DCL Plan, the Supplemental Disclosure Document, and the Resolicitation Order; and

c.     has not submitted any other Supplemental Ballot(s) on account of the PHONES Notes Exchange Claim voted herein that are inconsistent with the votes and elections set forth in this Supplemental Ballot or that, as limited by the terms of the Resolicitation Order and the instructions attached hereto, if such other Supplemental Ballot(s) was/were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name:    _____
             (Print or Type)

Signature:_____

By:_____
          (if Applicable)

Title: _____
            (if Applicable)

Street Address:_____

    _____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Supplemental Ballot is not, and may not be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest, or (b) an admission by the Debtors or the other Proponents of the Third Amended DCL Plan of the nature, validity, or amount of any Claim, and does not signify that your claim has been or will be allowed.

---

**YOUR SUPPLEMENTAL BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE SUPPLEMENTAL VOTING DEADLINE (JANUARY 20, 2012), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN, AND YOUR ELECTIONS WILL NOT BE VALID.  SUPPLEMENTAL BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL <u>NOT</u> BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**PRIOR VOTES AND ELECTIONS MADE ON THE THIRD AMENDED DCL PLAN, OR OTHER PLANS OF REORGANIZATION FOR THE DEBTORS, BY HOLDERS OF PHONES NOTES EXCHANGE CLAIMS WILL NOT BE RE-COUNTED.  THEREFORE, YOU MUST BE SURE THAT THE SUPPLEMENTAL BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE SUPPLEMENTAL VOTING DEADLINE.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS SUPPLEMENTAL BALLOT OR THE PROCEDURES FOR VOTING ON THE THIRD AMENDED DCL PLAN, OR IF YOU NEED AN ADDITIONAL SUPPLEMENTAL BALLOT OR ADDITIONAL COPIES OF THE SUPPLEMENTAL DISCLOSURE DOCUMENT, THE THIRD AMENDED DCL PLAN, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT <u>TRIBUNEVOTE@EPIQSYSTEMS.COM</u>.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS SUPPLEMENTAL BALLOT, OR YOU MAY RETURN YOUR SUPPLEMENTAL BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST-CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### JOINT INSTRUCTIONS FOR COMPLETING THE SUPPLEMENTAL BALLOT
### TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN

**THESE INSTRUCTIONS EXPLAIN HOW TO COMPLETE THE SUPPLEMENTAL BALLOT ENCLOSED IN THE RESOLICITATION PACKAGE FOR VOTING TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN.  PLEASE READ AND FOLLOW THESE INSTRUCTIONS CAREFULLY SO THAT YOUR VOTES AND ELECTIONS RESPECTING THE THIRD AMENDED DCL PLAN WILL BE COUNTED.**

### Why You Have Received a Supplemental Ballot

On December [•], 2011, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. [•]] (the "Resolicitation Order") to provide, among other things, for procedures for certain Holders of Claims against Tribune Company and/or its subsidiaries in the above-captioned Chapter 11 Cases (collectively, the "Debtors") to vote to accept or reject the Third Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (4025); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Proposed By the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Third Amended DCL Plan") and to make certain elections called for under such Plan.  Capitalized terms used but not defined in these Instructions have the meanings ascribed to them in (i) the Third Amended DCL Plan, (ii) the Supplemental Disclosure Document, or (iii) the Resolicitation Order, as applicable.

The Resolicitation Order provides, among other things, that Holders of General Unsecured Claims in the Subsidiary Revoting Classes[2] may re-vote on the Third Amended DCL Plan and may make elections thereunder.

These Joint Instructions apply only to the Supplemental Ballots transmitted to Holders of Other Parent Claims, Holders of EGI-TRB LLC Notes Claims, Holders of PHONES Notes Claims that are on account of PHONES Notes purportedly put to Tribune Company for exchange but not paid in cash prior to the filing of the Debtors' chapter 11 cases (the "PHONES Notes Exchange Claims"), and Holders of General Unsecured Claims in the Subsidiary Revoting Classes.  If you hold other Claims against Tribune Company and those Claims are in Classes entitled to re-vote for purposes of the Third Amended DCL Plan, you will receive separate Supplemental Ballots to vote such Claims.

You have previously received ballots for voting on and making elections under earlier versions of the Third Amended DCL Plan and other plans of reorganization that were proposed for the Debtors with respect to your Claims.  Please be aware that your votes on and elections under the earlier versions of the Third Amended DCL Plan and other plans of reorganization are not being counted for purposes of the Third Amended DCL Plan.  Accordingly, if you wish to have your vote on and elections under the Third Amended DCL Plan counted, you must complete and return this Supplemental Ballot as provided in these Instructions.

**PURSUANT TO THE THIRD AMENDED DCL PLAN, IMPAIRED CLASSES OF CLAIMS FOR WHICH NO VALID BALLOTS ARE RECEIVED WILL BE DEEMED TO ACCEPT THE THIRD AMENDED DCL PLAN.**

### Materials that You Have Been Sent with the Supplemental Ballot

You have been sent various materials to assist you in deciding how to vote on the Third Amended DCL Plan (collectively, the "Resolicitation Package").  In addition to the Supplemental Ballot, the Resolicitation Package contains the following:

- a copy of the Third Amended DCL Plan;

- a Supplemental Disclosure Document (the "Supplemental Disclosure Document") that describes the modifications to the Third Amended DCL Plan that have been made since the prior solicitation of votes and elections on such Plan.  The Supplemental Disclosure Document has been approved by the Bankruptcy Court as a supplement to the previously-distributed Disclosure Documents[3] to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Third Amended DCL Plan;

---

[2] The Subsidiary Revoting Classes are the Classes of General Unsecured Claims against certain Non-Guarantor Subsidiary Debtors (Classes 2E, 4E through 7E, 10E, 12E through 15E, 18E through 20E, 22E through 38E, 40E, 42E, 43E, and 46E through 49E).

[3] See General Disclosure Statement dated December 15, 2010 [Docket No. 7232] (the "General Disclosure Statement"), which contains a general description of (among other things) the Debtors, their respective businesses and their reorganization proceedings; (ii) the Specific Disclosure Statement Relating to First Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [Docket No. 7135] (the "Specific Disclosure Statement"), which contains a detailed description of (among other things) the provisions of the First Amended DCL Plan, including those provisions that are retained in the Third

- notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Third Amended DCL Plan; and

- a copy of the Resolicitation Order (without exhibits). The Resolicitation Order contains important information regarding the process of voting on the Third Amended DCL Plan and how votes on the Third Amended DCL Plan will be tabulated.

**It is very important that you read all of the materials in the Resolicitation Package carefully in considering how you wish to vote on the Third Amended DCL Plan and whether you wish to make the elections called for under such Plan. Your votes on and elections under the Third Amended DCL Plan are very important and may affect your rights and the treatment of your Claim.**

If you would like to receive additional copies of the Third Amended DCL Plan, the Supplemental Disclosure Document, or any other materials relating to the Third Amended DCL Plan, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting Epiq Bankruptcy Solutions LLC (the "Voting Agent") at (888) 287-7568 or tribunevote@epiqsystems.com.

### Deadline for Returning Supplemental Ballots to the Voting Agent

You must complete, sign, and date your Supplemental Ballot and return it to the Voting Agent in the enclosed envelope so that it is **actually received** by the Voting Agent by no later than **January 20, 2012 at 4:00 p.m. (Eastern Time)** the ("Supplemental Voting Deadline"). If you do not return your Supplemental Ballot so that it is actually received by the Voting Agent by the Supplemental Voting Deadline, the votes reflected on your Supplemental Ballot will not be counted, and the elections reflected on your Supplemental Ballot will not be valid.

### How to Complete Your Supplemental Ballot

The following are step-by-step instructions for how to complete your Supplemental Ballot for voting on the Third Amended DCL Plan and making the elections called for thereunder:

**ITEM 1:        Amount of Claim.**

Please certify the amount of your Claim as of December 12, 2011 (the "Supplemental Record Date"). By certifying the amount in Item 1, you are certifying that the party submitting the Supplemental Ballot is the Holder, as of the Supplemental Record Date, of a Claim in the aggregate unpaid amount set forth in Item 1 of the Supplemental Ballot. The preprinted amount of the Claim set forth in Item 1 of the Supplemental Ballot will control for voting purposes. If you do not agree with the amount preprinted on Item 1 of the Supplemental Ballot, please see "Questions Concerning Your Claim Amount" below.

**ITEM 1A:        Convenience Class Election (Optional).**

*Item 1A applies only to the Holders of Class 1F Other Parent Claims against Tribune Company. If your Supplemental Ballot relates to a Claim in any other Class, your Supplemental Ballot will not contain the Convenience Class Election described here. If your Supplemental Ballot does not relate to a Class 1F Other Parent Claim, your Supplemental Ballot will indicate that Item 1A has been*

---

Amended DCL Plan; and (iii) the Explanatory Statement Relating to Modified Elections Under Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (as modified April 26, 2011) [Docket No. 8754] (the "Explanatory Statement"), which contains a description of (among other things) certain elections offered under the Second Amended DCL Plan (the General Disclosure Statement, the Specific Disclosure Statement, the Explanatory Statement, and the Supplemental Disclosure Document, collectively, the "Disclosure Documents").

*"[Intentionally Omitted]." If your Supplemental Ballot states "[Intentionally Omitted]" at Item 1A, please skip Item 1A and move on to Item 2 below.*

You should check this box if you are the Holder of a Class 1F Other Parent Claim and you wish to have that Claim treated as a Class 1G Convenience Claim. If you make this election, your Class 1F Other Parent Claim will be reduced in amount to One Thousand Dollars ($1,000) under the Third Amended DCL Plan. In addition, if you check the box in Item 1A, (a) such election is an irrevocable and legally binding obligation; (b) your Claim will receive treatment set forth in the Third Amended DCL Plan for Class 1G Convenience Claims instead of the treatment afforded to Class 1F Other Parent Claims; (c) your vote to accept or reject the Third Amended DCL Plan will <u>not</u> be counted; and (d) you will be deemed to grant the releases set forth in Section 11.2.2 of the Third Amended DCL Plan unless you elect <u>not</u> to grant such releases by checking the appropriate box on the Supplemental Ballot.

**ITEM 2:**         **Vote to Accept or Reject the Third Amended DCL Plan.**

Please cast your vote to accept or reject the Third Amended DCL Plan by checking the applicable box in Item 2. Please note that you must vote the entire amount of your Claim to accept or reject the Third Amended DCL Plan; in other words, you may not vote part of your Claim to accept and part of your Claim to reject the Third Amended DCL Plan.

If the Third Amended DCL Plan is confirmed by the Bankruptcy Court and becomes effective, it will be binding upon you whether or not you vote to accept or reject the Plan or abstain from voting on the Plan.

Please be aware that a vote to accept the Third Amended DCL Plan is a vote to grant the releases set forth in Section 11.2.2 of the Third Amended DCL Plan, unless you elect <u>not</u> to grant such releases by checking the applicable box on the Supplemental Ballot. If you vote to reject the Third Amended DCL Plan, you may elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan by checking the applicable box on your Supplemental Ballot. The Third Amended DCL Plan provides that each Person (a) that has voted to accept the Plan and has not opted out from granting the releases, (b) that has voted to reject the Plan but has opted to grant the releases, (c) that is deemed to accept the Plan and has been provided an opportunity that has not opted out of granting the releases, or (d) who otherwise agrees to provide the releases, shall be deemed to have unconditionally released each and all of the Released Parties of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Documents or the Restructuring Transactions (as such terms are defined in the Third Amended DCL Plan), except as otherwise provided in Section 11.2.2 of the Third Amended DCL Plan.

**ITEM 3:**         **Release Elections (Optional).**

If you vote to accept the Third Amended DCL Plan, you are deemed to grant the releases in Section 11.2.2 of the Third Amended DCL Plan unless you affirmatively opt out of granting those releases. If you vote to reject the Third Amended DCL Plan, you are deemed not to grant the releases in Section 11.2.2 of the Third Amended DCL Plan unless you affirmatively opt in to granting those releases. If you do not return a Supplemental Ballot, you are deemed not to grant the releases in Section 11.2.2 of the Third Amended DCL Plan unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.

If you voted to accept the Third Amended DCL Plan but wish to opt out of granting the releases in Section 11.2.2 of the Third Amended DCL Plan, please check the box corresponding to that election in Item 3.  Similarly, if you vote to reject the Third Amended DCL Plan but wish to grant the releases in Section 11.2.2 of the Third Amended DCL Plan, please check the box corresponding to that election in Item 3.

If you either (i) vote to accept the Third Amended DCL Plan and do not check the box in Item 3 opting not to grant the Section 11.2.2 releases, or (ii) vote to reject the Third Amended DCL Plan and check the box in Item 3 opting to grant the Section 11.2.2 releases, you will have consented to the releases set forth in Section 11.2.2 of the Third Amended DCL Plan to the fullest extent permitted by applicable law.  **If you do not grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan, you will not receive the benefit of the releases set forth in the Third Amended DCL Plan.**

**ITEM 4:**          **Other Parent Claim Alternative Treatment Election.**

*Item 4 applies only to the Holders of Class 1F Other Parent Claims against Tribune Company.  If your Supplemental Ballot does not relate to a Class 1F Other Parent Claim, your Supplemental Ballot will indicate that Item 4 has been "[Intentionally Omitted]."  If your Supplemental Ballot states"[Intentionally Omitted]" at Item 4, please skip Item 4 and move on to Item 5 below.*

The Third Amended DCL Plan gives the Holders of Class 1F Other Parent Claims the right to elect between four alternative treatments for purposes of distribution on account of Allowed Other Parent Claims, which are described in Section 3.2.6(c) of the Third Amended DCL Plan.  The alternative treatments provided for under Section 3.2.6(c) of the Third Amended DCL Plan are identical to those provided for under the prior version of such Plan, provided, however, that the adjudication and/or resolution of certain Allocation Disputes (as defined in the Third Amended DCL Plan) could potentially affect the distributions to which the Holders of Other Parent Claims are entitled under the Third Amended DCL Plan.  Additional information regarding the Allocation Disputes can be found in Section 5.18 and Exhibit 5.18 the Third Amended DCL Plan, and the Supplemental Disclosure Document.

If you wish to receive the treatment set forth in Section 3.2.6(c)(i) of the Third Amended DCL Plan, please check the box in Item 4A.  If you wish to receive the treatment set forth in Section 3.2.6(c)(ii) of the Third Amended DCL Plan, please check the box in Item 4B.  If you wish to receive the treatment set forth in Section 3.2.6(c)(iii) of the Third Amended DCL Plan, please check the box in Item 4C.  **You may only select one treatment option.**  If you do not submit a Supplemental Ballot, or submit a Supplemental Ballot but do not check the box in Item 4, you will have consented to the treatment set forth in Section 3.2.6(c)(iv) of the Third Amended DCL Plan for your Class 1F Other Parent Claim.

If you elect to receive the Alternative Treatment in Section 3.2.6(c)(ii), (iii), or (iv) of the Third Amended DCL Plan and you elect not to assign your Disclaimed State Law Avoidance Claims to the Creditors' Trust, you will not receive the Pro Rata share of Class 1F Creditors' Trust Interests on account of your Other Parent Claims.

**ITEM 5:**          **Election Not to Transfer Disclaimed State Law Avoidance Claims (Optional).**

*Item 5 applies only to the Other Parent Claims and EGI-TRB LLC Notes Claims.  If your Supplemental Ballot relates to a General Unsecured Claim in the Subsidiary Revoting Classes, your Supplemental Ballot will indicate that Item 5 has been "[Intentionally Omitted]."  If your Supplemental Ballot states"[Intentionally Omitted]" at Item 5, please skip Item 5 and move on to Item 6.*

Section 14.3.1 of the Third Amended DCL Plan provides as a default that Holders of certain Claims against Tribune Company, including Other Parent Claims and EGI-TRB LLC Notes Claims, will transfer Disclaimed State Law Avoidance Claims to the Creditors' Trust, which is to be established under the Third Amended DCL Plan.  You have the right to opt out of this transfer under Section 14.3.1 of the Third Amended DCL Plan.  If a Holder of any such Claim wishes to opt out of this transfer, it must check

5

the box in Item 5. If a Holder of a Claim against Tribune Company checks the box not to transfer its Disclaimed State Law Avoidance Claim, it will be "opting out" of contributing all Disclaimed State Law Avoidance Claims it now holds or may hold in the future, which Disclaimed State Law Avoidance Claims would otherwise be prosecuted on such Holder's behalf by the Creditors' Trust pursuant to Section 14.3.1 of the Third Amended DCL Plan. If a Holder of a Claim against Tribune Company elects not to transfer its Disclaimed State Law Avoidance Claims, such Holder will <u>not</u> be entitled to receive Creditors' Trust Interests and, accordingly, will not be entitled to share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust.

If a Holder of a Claim against Tribune Company does not check the box in Item 5 and consents to the transfer of its Disclaimed State Law Avoidance Claim to the Creditors' Trust, such Holder will be deemed, pursuant to Section 14.3.1 of the Third Amended DCL Plan, to have, as of the Effective Date of the Third Amended DCL Plan, contributed all of such Holder's Disclaimed State Law Avoidance Claims that it now holds or may hold in the future to the Creditors' Trust in exchange for Creditors' Trust Interests. The Creditors' Trust Interests may entitle such Holder to share in the proceeds of any recovery ultimately obtained by the Creditors' Trust. **If a Holder of a Claim against Tribune Company does not submit a Supplemental Ballot, such Holder will be deemed to have transferred all of its Disclaimed State Law Avoidance Claims to the Creditors' Trust and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any.** For additional information regarding the Creditors' Trust, please see Section 14.3.1 of the Third Amended DCL Plan.

**<u>ITEM 6</u>**:       **Certifications.**

Please review and complete the certifications in Item 6. Your original signature is required on the Supplemental Ballot for your votes on the Third Amended DCL Plan and your elections under the Third Amended DCL Plan to count. In addition, in Item 6, if you are completing the Supplemental Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing. You may be requested at a later time to provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the mailing label, or if no mailing label is attached to the Supplemental Ballot.

<u>**Returning Your Supplemental Ballot to the Voting Agent**</u>

Once you have completed your Supplemental Ballot in accordance with the foregoing instructions, please return the completed Supplemental Ballot to the Voting Agent at the appropriate address specified in your Supplemental Ballot so that the Supplemental Ballot is <u>actually</u> <u>received</u> by the Voting Agent before the Supplemental Voting Deadline.

**No Electronic Transmissions.** Supplemental Ballots submitted by facsimile or other electronic transmission will <u>not</u> be counted. In addition, please note that if your Supplemental Ballot is illegible or contains insufficient information to permit the identification of the Holder of the Claim, your Supplemental Ballot will <u>not</u> be counted. Do <u>not</u> mail your Supplemental Ballots directly to the Debtors or to any of the Proponents of the Third Amended DCL Plan.

**No Withdrawal.** After the Supplemental Voting Deadline, unless you obtain the prior consent of the Proponents of the Third Amended DCL Plan or Bankruptcy Court approval, you may not (i) withdraw or modify your Supplemental Ballot in any way, (ii) change your vote to accept or reject Third Amended DCL Plan, (iii) change your release or treatment elections (if applicable), or (iv) change your election not to transfer your Disclaimed State Law Avoidance Claims to the Creditors' Trust (if applicable).

<u>**Questions Concerning Your Claim Amount**</u>

If you disagree with the amount of your Claim set forth in Item 1 of the Supplemental Ballot, you may ask the Bankruptcy Court to allow your Claim solely for voting purposes in a different amount. To

have your claim allowed solely for voting purposes under the Third Amended DCL Plan in a different amount, you must serve on the Proponents of the Third Amended DCL Plan (at the addresses listed on page 1 of the Third Amended DCL Plan) and file with the Bankruptcy Court, on or before **January [•], 2012**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (a "3018 Motion").

A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes only, and the evidence in support of your belief.  If you file a 3018 Motion by the deadline above, your Supplemental Ballot will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Supplemental Voting Deadline, or (b) if such an order has not been entered by the Supplemental Voting Deadline and unless the Proponents of the Third Amended DCL Plan have come to an agreement with you as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the ballot or otherwise in accordance with the tabulation rules set forth in the Resolicitation Order.  **January [•], 2012, at [•]:00 [•]a.m. (Eastern Time)** has been established as the date and time for a hearing to consider any and all 3018 Motions.

**Additional Questions.**  If you have questions concerning the ballots or the procedures for voting to accept or reject the Third Amended DCL Plan, or if you need an additional Supplemental Ballot or additional copies of other materials in the Resolicitation Package, please contact the Voting Agent at 888-287-7568 or tribunevote@epiqsystems.com.  The Materials in the Resolicitation Package may also be obtained free of charge by visiting http://chapter11.epiqsystems.com/tribune.

**The Supplemental Ballot is Not a Proof of Claim or Interest.**  The Supplemental Ballot is not, and may not be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest, or (b) an admission by the Debtors or the other Proponents of the Third Amended DCL Plan of the nature, validity, or amount of any Claim, and does not signify that your claim has been or will be Allowed.

**<u>EXHIBIT D</u>**

**<u>Forms of Supplemental Ballots</u>**
**<u>for Holders of Other Parent Claims</u>**

**Other Parent Claims – Third Amended DCL Plan**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### SUPPLEMENTAL BALLOT FOR HOLDERS OF OTHER PARENT CLAIMS AGAINST TRIBUNE COMPANY TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN

On December [•], 2011, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. [•]] (the "Resolicitation Order") to provide for, among other things, procedures for Holders of Other Parent Claims to vote to accept or reject the Third Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries Proposed By the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Third Amended DCL Plan") and to make certain elections called for under such Plan.

You have previously received ballots for voting on and making elections under earlier versions of the Third Amended DCL Plan and other plans of reorganization that were proposed for the Debtors. Please be aware that your votes on and elections under the earlier versions of the Third Amended DCL

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Plan and other plans of reorganization with respect to your Other Parent Claims are not being counted for purposes of the Third Amended DCL Plan.  Accordingly, if you wish to have your vote on and elections under the Third Amended DCL Plan counted, you must complete and return this Supplemental Ballot so that it is **actually** **received** by the Voting Agent by no later than **January 20, 2012 at 4:00 p.m. (Eastern Time)** (the "Supplemental Voting Deadline"), in accordance with the attached Instructions.

You have received with this Supplemental Ballot a copy of the Third Amended DCL Plan, a Supplemental Disclosure Document (the "Supplemental Disclosure Document") that describes the modifications to the Third Amended DCL Plan that have been made since the prior solicitation of votes on and elections under such Plan, a notice respecting the hearing before the Bankruptcy Court to consider confirmation of the Third Amended DCL Plan, and a copy of the Resolicitation Order (without exhibits) (collectively, the "Resolicitation Package").  Capitalized terms used but not defined in this Supplemental Ballot have the meanings given to them in (i) the Third Amended DCL Plan, (ii) the Supplemental Disclosure Document, or (iii) the Resolicitation Order, as applicable.

**It is very important that you read all of the materials in the Resolicitation Package carefully in considering how you wish to vote on the Third Amended DCL Plan and whether you wish to make the elections called for under such Plan.  Your vote on and elections under the Third Amended DCL Plan are very important and may affect your rights and the treatment of your Claim.**

This Supplemental Ballot is only to be used for voting your Other Parent Claims (Class 1F Claims against Tribune Company).  If you hold other Claims against Tribune Company or the Subsidiary Debtors in the Debtors' Chapter 11 Cases and those Claims are in Classes entitled to re-vote for purposes of the Third Amended DCL Plan, you will receive separate Supplemental Ballots to vote such Claims.

**PRIOR TO COMPLETING THIS SUPPLEMENTAL BALLOT, PLEASE REFER TO THE ENCLOSED INSTRUCTIONS WITH THIS SUPPLEMENTAL BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.**

**To vote to accept or reject the Third Amended DCL Plan and, if desired, make the elections called for under the Third Amended DCL Plan, please complete the following:**

ITEM 1.    AMOUNT OF OTHER PARENT CLAIM.  The undersigned certifies that as of December 12, 2011 (the "Supplemental Record Date"), the undersigned was the Holder of an Other Parent Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 1A.    CONVENIENCE CLASS ELECTION (OPTIONAL).  Check this box if you elect to have your Other Parent Claim reduced in amount to One Thousand Dollars ($1,000) and treated as a Convenience Claim under the Third Amended DCL Plan.  If you make this Convenience Class Election, you will be deemed to ACCEPT the Third Amended DCL Plan and you will be deemed to have granted the releases set forth in Section 11.2.2 of the Third Amended DCL Plan unless you elect not to grant such releases by checking the box opting not to grant such releases in Item 3 below.

☐    The undersigned elects to have the Other Parent Claim described above reduced in amount to $1,000 and treated as a Convenience Claim under the Third Amended DCL Plan.

If you have checked the box electing the have your Other Parent Claim reduced in amount to $1,000 and treated as a Convenience Claim, please skip Item 2 and move on to Item 3 below.

ITEM 2.    VOTE TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN.  The Holder of the Other Parent Claim set forth above hereby votes with respect to such Claim on the Third Amended DCL Plan as follows (check one box only):

| ☐ to ACCEPT the Third Amended DCL Plan | ☐ to REJECT the Third Amended DCL Plan |
|---|---|

ITEM 3.    RELEASE ELECTIONS (OPTIONAL).  If you return a Supplemental Ballot and vote to accept the Third Amended DCL Plan, you will be deemed to have granted the releases contained in Section 11.2.2 of the Plan unless you elect <u>not</u> to grant such releases by checking the applicable box below.[2]  If you vote to reject the Third Amended DCL Plan, you may elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan by checking the applicable box below.  If you do not return your Supplemental Ballot, you will be deemed not to have granted such releases unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.  Election to grant such releases is at your option.  **If you do not grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Third Amended DCL Plan.**

☐    The undersigned has voted to accept the Third Amended DCL Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.

☐    The undersigned has voted to reject the Third Amended DCL Plan in Item 2 above but elects to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.

ITEM 4.    OTHER PARENT CLAIM ALTERNATIVE TREATMENT ELECTION.  Please check the applicable box below if you wish to receive one of the alternative treatment elections.  **<u>You may only select one treatment option.</u>**  If you do not make an alternate treatment election, you will be deemed to elect to receive the treatment set forth in Section 3.2.6(c)(iv) of the Third Amended DCL Plan:

ITEM 4A.    ELECTION TO RECEIVE TREATMENT SET FORTH IN SECTION 3.2.6(c)(i) OF THE THIRD AMENDED DCL PLAN.

☐    The undersigned elects to receive the treatment set forth in Section 3.2.6(c)(i) of the Third Amended DCL Plan for its Other Parent Claims.

---

[2] Section 11.2.2 of the Third Amended DCL Plan provides that each Person (a) that has voted to accept the Plan and has not opted out from granting the releases, (b) that has voted to reject the Plan but has opted to grant the releases, (c) that is deemed to accept the Plan and has been provided an opportunity but has not opted out of granting the releases, or (d) who otherwise agrees to provide the releases, shall be deemed to have unconditionally released each and all of the Released Parties of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Documents or the Restructuring Transactions (as such terms are defined in the Third Amended DCL Plan), except as otherwise provided in Section 11.2.2 of the Third Amended DCL Plan.

ITEM 4B.    ELECTION TO RECEIVE TREATMENT SET FORTH IN SECTION 3.2.6(c)(ii) OF THE THIRD AMENDED DCL PLAN.

☐    The undersigned elects to receive the treatment set forth in Section 3.2.6(c)(ii) of the Third Amended DCL Plan for its Other Parent Claims.

ITEM 4C.    ELECTION TO RECEIVE TREATMENT SET FORTH IN SECTION 3.2.6(c)(iii) OF THE THIRD AMENDED DCL PLAN.

☐    The undersigned elects to receive the treatment set forth in Section 3.2.6(c)(iii) of the Third Amended DCL Plan for its Other Parent Claims.

ITEM 5.    ELECTION NOT TO TRANSFER DISCLAIMED STATE LAW AVOIDANCE CLAIMS (OPTIONAL).  The Third Amended DCL Plan, at Section 14.3.1 thereof, permits you to opt out of the transfer of Disclaimed State Law Avoidance Claims that you may have to the Creditors' Trust under the Third Amended DCL Plan.  If you wish to opt out of the transfer of any Disclaimed State Law Avoidance Claims you may have, please check the box below.

☐    The undersigned elects <u>not</u> to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust under Section 14.3.1 of the Third Amended DCL Plan.

ITEM 6.    CERTIFICATION.  By signing this Supplemental Ballot, the Holder of the Other Parent Claim identified in Item 1 certifies that it:

a.    is the Holder of the Other Parent Claim to which this Supplemental Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Third Amended DCL Plan and make the elections called for on this Supplemental Ballot;

b.    has been provided with a copy of the Third Amended DCL Plan, the Supplemental Disclosure Document, and the Resolicitation Order and acknowledges that the votes and elections set forth on this Supplemental Ballot are subject to all of the terms and conditions set forth in the Third Amended DCL Plan, the Supplemental Disclosure Document, and the Resolicitation Order; and

c.    has not submitted any other Supplemental Ballot(s) on account of the Other Parent Claim voted herein that are inconsistent with the votes and elections set forth in this Supplemental Ballot or that, as limited by the terms of the Resolicitation Order and the instructions attached hereto, if such other Supplemental Ballot(s) was/were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
        (Print or Type)

Signature:_____

By:_____
        (If Applicable)

Title:_____
        (If Applicable)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

   This Supplemental Ballot is not, and may not be deemed to be, (a) a proof of claim or equity interest or an assertion of a claim or equity interest, or (b) an admission by the Debtors or the other Proponents of the Third Amended DCL Plan of the nature, validity, or amount of any Claim, and does not signify that your Claim has been or will be Allowed.

---

**YOUR SUPPLEMENTAL BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE SUPPLEMENTAL VOTING DEADLINE (JANUARY 20, 2012), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN, AND YOUR ELECTIONS WILL NOT BE VALID.  SUPPLEMENTAL BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL <u>NOT</u> BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**PRIOR VOTES AND ELECTIONS MADE ON THE THIRD AMENDED DCL PLAN, OR OTHER PLANS OF REORGANIZATION FOR THE DEBTORS, BY HOLDERS OF OTHER PARENT CLAIMS WILL NOT BE RE-COUNTED.  THEREFORE, YOU MUST BE SURE THAT THE SUPPLEMENTAL BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE SUPPLEMENTAL VOTING DEADLINE.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS SUPPLEMENTAL BALLOT OR THE PROCEDURES FOR VOTING ON THE THIRD AMENDED DCL PLAN, OR IF YOU NEED AN ADDITIONAL SUPPLEMENTAL BALLOT OR ADDITIONAL COPIES OF THE SUPPLEMENTAL DISCLOSURE DOCUMENT, THE THIRD AMENDED DCL PLAN, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT <u>TRIBUNEVOTE@EPIQSYSTEMS.COM</u>.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS SUPPLEMENTAL BALLOT, OR YOU MAY RETURN YOUR SUPPLEMENTAL BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST-CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**JOINT INSTRUCTIONS FOR COMPLETING THE SUPPLEMENTAL BALLOT
TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN**

**THESE INSTRUCTIONS EXPLAIN HOW TO COMPLETE THE SUPPLEMENTAL BALLOT
ENCLOSED IN THE RESOLICITATION PACKAGE FOR VOTING TO ACCEPT OR REJECT
THE THIRD AMENDED DCL PLAN.  PLEASE READ AND FOLLOW THESE
INSTRUCTIONS CAREFULLY SO THAT YOUR VOTES AND ELECTIONS RESPECTING
THE THIRD AMENDED DCL PLAN WILL BE COUNTED.**

**Why You Have Received a Supplemental Ballot**

On December [•], 2011, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. [•]] (the "Resolicitation Order") to provide, among other things, for procedures for certain Holders of Claims against Tribune Company and/or its subsidiaries in the above-captioned Chapter 11 Cases (collectively, the "Debtors") to vote to accept or reject the Third Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Proposed By the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Third Amended DCL Plan") and to make certain elections called for under such Plan.  Capitalized terms used but not defined in these Instructions have the meanings ascribed to them in (i) the Third Amended DCL Plan, (ii) the Supplemental Disclosure Document, or (iii) the Resolicitation Order, as applicable.

The Resolicitation Order provides, among other things, that Holders of General Unsecured Claims in the Subsidiary Revoting Classes[2] may re-vote on the Third Amended DCL Plan and may make elections thereunder.

These Joint Instructions apply only to the Supplemental Ballots transmitted to Holders of Other Parent Claims, Holders of EGI-TRB LLC Notes Claims, Holders of PHONES Notes Claims that are on account of PHONES Notes purportedly put to Tribune Company for exchange but not paid in cash prior to the filing of the Debtors' chapter 11 cases (the "PHONES Notes Exchange Claims"), and Holders of General Unsecured Claims in the Subsidiary Revoting Classes.  If you hold other Claims against Tribune Company and those Claims are in Classes entitled to re-vote for purposes of the Third Amended DCL Plan, you will receive separate Supplemental Ballots to vote such Claims.

You have previously received ballots for voting on and making elections under earlier versions of the Third Amended DCL Plan and other plans of reorganization that were proposed for the Debtors with respect to your Claims.  Please be aware that your votes on and elections under the earlier versions of the Third Amended DCL Plan and other plans of reorganization are not being counted for purposes of the Third Amended DCL Plan.  Accordingly, if you wish to have your vote on and elections under the Third Amended DCL Plan counted, you must complete and return this Supplemental Ballot as provided in these Instructions.

**PURSUANT TO THE THIRD AMENDED DCL PLAN, IMPAIRED CLASSES OF CLAIMS FOR WHICH NO VALID BALLOTS ARE RECEIVED WILL BE DEEMED TO ACCEPT THE THIRD AMENDED DCL PLAN.**

### Materials that You Have Been Sent with the Supplemental Ballot

You have been sent various materials to assist you in deciding how to vote on the Third Amended DCL Plan (collectively, the "Resolicitation Package").  In addition to the Supplemental Ballot, the Resolicitation Package contains the following:

- a copy of the Third Amended DCL Plan;

- a Supplemental Disclosure Document (the "Supplemental Disclosure Document") that describes the modifications to the Third Amended DCL Plan that have been made since the prior solicitation of votes and elections on such Plan.  The Supplemental Disclosure Document has been approved by the Bankruptcy Court as a supplement to the previously-distributed Disclosure Documents[3] to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Third Amended DCL Plan;

---

[2] The Subsidiary Revoting Classes are the Classes of General Unsecured Claims against certain Non-Guarantor Subsidiary Debtors (Classes 2E, 4E through 7E, 10E, 12E through 15E, 18E through 20E, 22E through 38E, 40E, 42E, 43E, and 46E through 49E).

[3] See General Disclosure Statement dated December 15, 2010 [Docket No. 7232] (the "General Disclosure Statement"), which contains a general description of (among other things) the Debtors, their respective businesses and their reorganization proceedings; (ii) the Specific Disclosure Statement Relating to First Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [Docket No. 7135] (the "Specific Disclosure Statement"), which contains a detailed description of (among other things) the provisions of the First Amended DCL Plan, including those provisions that are retained in the Third

- notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Third Amended DCL Plan; and

- a copy of the Resolicitation Order (without exhibits).  The Resolicitation Order contains important information regarding the process of voting on the Third Amended DCL Plan and how votes on the Third Amended DCL Plan will be tabulated.

**It is very important that you read all of the materials in the Resolicitation Package carefully in considering how you wish to vote on the Third Amended DCL Plan and whether you wish to make the elections called for under such Plan.  Your votes on and elections under the Third Amended DCL Plan are very important and may affect your rights and the treatment of your Claim.**

If you would like to receive additional copies of the Third Amended DCL Plan, the Supplemental Disclosure Document, or any other materials relating to the Third Amended DCL Plan, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting Epiq Bankruptcy Solutions LLC (the "Voting Agent") at (888) 287-7568 or tribunevote@epiqsystems.com.

### Deadline for Returning Supplemental Ballots to the Voting Agent

You must complete, sign, and date your Supplemental Ballot and return it to the Voting Agent in the enclosed envelope so that it is **actually received** by the Voting Agent by no later than **January 20, 2012 at 4:00 p.m. (Eastern Time)** the ("Supplemental Voting Deadline").  If you do not return your Supplemental Ballot so that it is actually received by the Voting Agent by the Supplemental Voting Deadline, the votes reflected on your Supplemental Ballot will not be counted, and the elections reflected on your Supplemental Ballot will not be valid.

### How to Complete Your Supplemental Ballot

The following are step-by-step instructions for how to complete your Supplemental Ballot for voting on the Third Amended DCL Plan and making the elections called for thereunder:

**ITEM 1:**        **Amount of Claim.**

Please certify the amount of your Claim as of December 12, 2011 (the "Supplemental Record Date").  By certifying the amount in Item 1, you are certifying that the party submitting the Supplemental Ballot is the Holder, as of the Supplemental Record Date, of a Claim in the aggregate unpaid amount set forth in Item 1 of the Supplemental Ballot.  The preprinted amount of the Claim set forth in Item 1 of the Supplemental Ballot will control for voting purposes.  If you do not agree with the amount preprinted on Item 1 of the Supplemental Ballot, please see "Questions Concerning Your Claim Amount" below.

**ITEM 1A:**        **Convenience Class Election (Optional).**

*Item 1A applies only to the Holders of Class 1F Other Parent Claims against Tribune Company.  If your Supplemental Ballot relates to a Claim in any other Class, your Supplemental Ballot will not contain the Convenience Class Election described here.  If your Supplemental Ballot does not relate to a Class 1F Other Parent Claim, your Supplemental Ballot will indicate that Item 1A has been*

---

Amended DCL Plan; and (iii) the Explanatory Statement Relating to Modified Elections Under Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (as modified April 26, 2011) [Docket No. 8754] (the "Explanatory Statement"), which contains a description of (among other things) certain elections offered under the Second Amended DCL Plan (the General Disclosure Statement, the Specific Disclosure Statement, the Explanatory Statement, and the Supplemental Disclosure Document, collectively, the "Disclosure Documents").

*"[Intentionally Omitted]."  If your Supplemental Ballot states "[Intentionally Omitted]" at Item 1A, please skip Item 1A and move on to Item 2 below.*

You should check this box if you are the Holder of a Class 1F Other Parent Claim and you wish to have that Claim treated as a Class 1G Convenience Claim.  If you make this election, your Class 1F Other Parent Claim will be reduced in amount to One Thousand Dollars ($1,000) under the Third Amended DCL Plan.  In addition, if you check the box in Item 1A, (a) such election is an irrevocable and legally binding obligation; (b) your Claim will receive treatment set forth in the Third Amended DCL Plan for Class 1G Convenience Claims instead of the treatment afforded to Class 1F Other Parent Claims; (c) your vote to accept or reject the Third Amended DCL Plan will <u>not</u> be counted; and (d) you will be deemed to grant the releases set forth in Section 11.2.2 of the Third Amended DCL Plan unless you elect <u>not</u> to grant such releases by checking the appropriate box on the Supplemental Ballot.

**ITEM 2:**        **Vote to Accept or Reject the Third Amended DCL Plan.**

Please cast your vote to accept or reject the Third Amended DCL Plan by checking the applicable box in Item 2.  Please note that you must vote the entire amount of your Claim to accept or reject the Third Amended DCL Plan; in other words, you may not vote part of your Claim to accept and part of your Claim to reject the Third Amended DCL Plan.

If the Third Amended DCL Plan is confirmed by the Bankruptcy Court and becomes effective, it will be binding upon you whether or not you vote to accept or reject the Plan or abstain from voting on the Plan.

Please be aware that a vote to accept the Third Amended DCL Plan is a vote to grant the releases set forth in Section 11.2.2 of the Third Amended DCL Plan, unless you elect <u>not</u> to grant such releases by checking the applicable box on the Supplemental Ballot.  If you vote to reject the Third Amended DCL Plan, you may elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan by checking the applicable box on your Supplemental Ballot.  The Third Amended DCL Plan provides that each Person (a) that has voted to accept the Plan and has not opted out from granting the releases, (b) that has voted to reject the Plan but has opted to grant the releases, (c) that is deemed to accept the Plan and has been provided an opportunity but has not opted out of granting the releases, or (d) who otherwise agrees to provide the releases, shall be deemed to have unconditionally released each and all of the Released Parties of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Documents or the Restructuring Transactions (as such terms are defined in the Third Amended DCL Plan), except as otherwise provided in Section 11.2.2 of the Third Amended DCL Plan.

**ITEM 3:**        **Release Elections (Optional).**

If you vote to accept the Third Amended DCL Plan, you are deemed to grant the releases in Section 11.2.2 of the Third Amended DCL Plan unless you affirmatively opt out of granting those releases.  If you vote to reject the Third Amended DCL Plan, you are deemed not to grant the releases in Section 11.2.2 of the Third Amended DCL Plan unless you affirmatively opt in to granting those releases. If you do not return a Supplemental Ballot, you are deemed not to grant the releases in Section 11.2.2 of the Third Amended DCL Plan unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.

If you voted to accept the Third Amended DCL Plan but wish to opt out of granting the releases in Section 11.2.2 of the Third Amended DCL Plan, please check the box corresponding to that election in Item 3.  Similarly, if you vote to reject the Third Amended DCL Plan but wish to grant the releases in Section 11.2.2 of the Third Amended DCL Plan, please check the box corresponding to that election in Item 3.

If you either (i) vote to accept the Third Amended DCL Plan and do not check the box in Item 3 opting not to grant the Section 11.2.2 releases, or (ii) vote to reject the Third Amended DCL Plan and check the box in Item 3 opting to grant the Section 11.2.2 releases, you will have consented to the releases set forth in Section 11.2.2 of the Third Amended DCL Plan to the fullest extent permitted by applicable law.  **If you do not grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan, you will not receive the benefit of the releases set forth in the Third Amended DCL Plan.**

**ITEM 4:**        **Other Parent Claim Alternative Treatment Election.**

*Item 4 applies only to the Holders of Class 1F Other Parent Claims against Tribune Company.  If your Supplemental Ballot does not relate to a Class 1F Other Parent Claim, your Supplemental Ballot will indicate that Item 4 has been "[Intentionally Omitted]."  If your Supplemental Ballot states "[Intentionally Omitted]" at Item 4, please skip Item 4 and move on to Item 5 below.*

The Third Amended DCL Plan gives the Holders of Class 1F Other Parent Claims the right to elect between four alternative treatments for purposes of distribution on account of Allowed Other Parent Claims, which are described in Section 3.2.6(c) of the Third Amended DCL Plan.  The alternative treatments provided for under Section 3.2.6(c) of the Third Amended DCL Plan are identical to those provided for under the prior version of such Plan, provided, however, that the adjudication and/or resolution of certain Allocation Disputes (as defined in the Third Amended DCL Plan) could potentially affect the distributions to which the Holders of Other Parent Claims are entitled under the Third Amended DCL Plan.  Additional information regarding the Allocation Disputes can be found in Section 5.18 and Exhibit 5.18 the Third Amended DCL Plan, and the Supplemental Disclosure Document.

If you wish to receive the treatment set forth in Section 3.2.6(c)(i) of the Third Amended DCL Plan, please check the box in Item 4A.  If you wish to receive the treatment set forth in Section 3.2.6(c)(ii) of the Third Amended DCL Plan, please check the box in Item 4B.  If you wish to receive the treatment set forth in Section 3.2.6(c)(iii) of the Third Amended DCL Plan, please check the box in Item 4C.  **You may only select one treatment option.**  If you do not submit a Supplemental Ballot, or submit a Supplemental Ballot but do not check the box in Item 4, you will have consented to the treatment set forth in Section 3.2.6(c)(iv) of the Third Amended DCL Plan for your Class 1F Other Parent Claim.

If you elect to receive the Alternative Treatment in Section 3.2.6(c)(ii), (iii), or (iv) of the Third Amended DCL Plan and you elect not to assign your Disclaimed State Law Avoidance Claims to the Creditors' Trust, you will not receive the Pro Rata share of Class 1F Creditors' Trust Interests on account of your Other Parent Claims.

**ITEM 5:**        **Election Not to Transfer Disclaimed State Law Avoidance Claims (Optional).**

*Item 5 applies only to the Other Parent Claims and EGI-TRB LLC Notes Claims.  If your Supplemental Ballot relates to a General Unsecured Claim in the Subsidiary Revoting Classes, your Supplemental Ballot will indicate that Item 5 has been "[Intentionally Omitted]."  If your Supplemental Ballot states "[Intentionally Omitted]" at Item 5, please skip Item 5 and move on to Item 6.*

Section 14.3.1 of the Third Amended DCL Plan provides as a default that Holders of certain Claims against Tribune Company, including Other Parent Claims and EGI-TRB LLC Notes Claims, will transfer Disclaimed State Law Avoidance Claims to the Creditors' Trust, which is to be established under the Third Amended DCL Plan.  You have the right to opt out of this transfer under Section 14.3.1 of the Third Amended DCL Plan.  If a Holder of any such Claim wishes to opt out of this transfer, it must check

the box in Item 5. If a Holder of a Claim against Tribune Company checks the box not to transfer its Disclaimed State Law Avoidance Claim, it will be "opting out" of contributing all Disclaimed State Law Avoidance Claims it now holds or may hold in the future, which Disclaimed State Law Avoidance Claims would otherwise be prosecuted on such Holder's behalf by the Creditors' Trust pursuant to Section 14.3.1 of the Third Amended DCL Plan. If a Holder of a Claim against Tribune Company elects not to transfer its Disclaimed State Law Avoidance Claims, such Holder will <u>not</u> be entitled to receive Creditors' Trust Interests and, accordingly, will not be entitled to share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust.

If a Holder of a Claim against Tribune Company does not check the box in Item 5 and consents to the transfer of its Disclaimed State Law Avoidance Claim to the Creditors' Trust, such Holder will be deemed, pursuant to Section 14.3.1 of the Third Amended DCL Plan, to have, as of the Effective Date of the Third Amended DCL Plan, contributed all of such Holder's Disclaimed State Law Avoidance Claims that it now holds or may hold in the future to the Creditors' Trust in exchange for Creditors' Trust Interests. The Creditors' Trust Interests may entitle such Holder to share in the proceeds of any recovery ultimately obtained by the Creditors' Trust. **If a Holder of a Claim against Tribune Company does not submit a Supplemental Ballot, such Holder will be deemed to have transferred all of its Disclaimed State Law Avoidance Claims to the Creditors' Trust and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any.** For additional information regarding the Creditors' Trust, please see Section 14.3.1 of the Third Amended DCL Plan.

<u>**ITEM 6**</u>:       **Certifications.**

Please review and complete the certifications in Item 6. Your original signature is required on the Supplemental Ballot for your votes on the Third Amended DCL Plan and your elections under the Third Amended DCL Plan to count. In addition, in Item 6, if you are completing the Supplemental Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing. You may be requested at a later time to provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the mailing label, or if no mailing label is attached to the Supplemental Ballot.

<u>**Returning Your Supplemental Ballot to the Voting Agent**</u>

Once you have completed your Supplemental Ballot in accordance with the foregoing instructions, please return the completed Supplemental Ballot to the Voting Agent at the appropriate address specified in your Supplemental Ballot so that the Supplemental Ballot is <u>actually</u> <u>received</u> by the Voting Agent before the Supplemental Voting Deadline.

**No Electronic Transmissions.** Supplemental Ballots submitted by facsimile or other electronic transmission will <u>not</u> be counted. In addition, please note that if your Supplemental Ballot is illegible or contains insufficient information to permit the identification of the Holder of the Claim, your Supplemental Ballot will <u>not</u> be counted. Do <u>not</u> mail your Supplemental Ballots directly to the Debtors or to any of the Proponents of the Third Amended DCL Plan.

**No Withdrawal.** After the Supplemental Voting Deadline, unless you obtain the prior consent of the Proponents of the Third Amended DCL Plan or Bankruptcy Court approval, you may not (i) withdraw or modify your Supplemental Ballot in any way, (ii) change your vote to accept or reject Third Amended DCL Plan, (iii) change your release or treatment elections (if applicable), or (iv) change your election not to transfer your Disclaimed State Law Avoidance Claims to the Creditors' Trust (if applicable).

<u>**Questions Concerning Your Claim Amount**</u>

If you disagree with the amount of your Claim set forth in Item 1 of the Supplemental Ballot, you may ask the Bankruptcy Court to allow your Claim solely for voting purposes in a different amount. To

have your claim allowed solely for voting purposes under the Third Amended DCL Plan in a different amount, you must serve on the Proponents of the Third Amended DCL Plan (at the addresses listed on page 1 of the Third Amended DCL Plan) and file with the Bankruptcy Court, on or before **January [•], 2012**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (a "3018 Motion").

A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes only, and the evidence in support of your belief.  If you file a 3018 Motion by the deadline above, your Supplemental Ballot will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Supplemental Voting Deadline, or (b) if such an order has not been entered by the Supplemental Voting Deadline and unless the Proponents of the Third Amended DCL Plan have come to an agreement with you as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the ballot or otherwise in accordance with the tabulation rules set forth in the Resolicitation Order.  **January [•], 2012, at [•]:00 [•]a.m. (Eastern Time)** has been established as the date and time for a hearing to consider any and all 3018 Motions.

**Additional Questions.**  If you have questions concerning the ballots or the procedures for voting to accept or reject the Third Amended DCL Plan, or if you need an additional Supplemental Ballot or additional copies of other materials in the Resolicitation Package, please contact the Voting Agent at 888-287-7568 or tribunevote@epiqsystems.com.  The Materials in the Resolicitation Package may also be obtained free of charge by visiting http://chapter11.epiqsystems.com/tribune.

**The Supplemental Ballot is Not a Proof of Claim or Interest.**  The Supplemental Ballot is not, and may not be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest, or (b) an admission by the Debtors or the other Proponents of the Third Amended DCL Plan of the nature, validity, or amount of any Claim, and does not signify that your claim has been or will be Allowed.

**EXHIBIT E**

**Forms of Supplemental Ballots
for Holders of EGI-TRB LLC Notes Claims**

<u>EGI-TRB LLC Notes Claims – Third Amended DCL Plan</u>

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et</u> <u>al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## SUPPLEMENTAL BALLOT FOR HOLDERS OF EGI-TRB LLC NOTES CLAIMS
## AGAINST TRIBUNE COMPANY TO ACCEPT OR REJECT
## <u>THE THIRD AMENDED DCL PLAN</u>

On December [•], 2011, the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") entered an order [Docket No. [•]] (the "<u>Resolicitation Order</u>") to provide for, among other things, procedures for Holders of EGI-TRB LLC Notes Claims to vote to accept or reject the Third Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries Proposed By the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "<u>Third Amended DCL Plan</u>") and to make certain elections called for under such Plan.

You have previously received ballots for voting on and making elections under earlier versions of the Third Amended DCL Plan and other plans of reorganization that were proposed for the Debtors.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Please be aware that your votes on and elections under the earlier versions of the Third Amended DCL Plan and other plans of reorganization with respect to your EGI-TRB LLC Notes Claim are not being counted for purposes of the Third Amended DCL Plan.  Accordingly, if you wish to have your vote on and elections under the Third Amended DCL Plan counted, you must complete and return this Supplemental Ballot so that it is **actually received** by the Voting Agent by no later than **January 20, 2012 at 4:00 p.m. (Eastern Time)** (the "Supplemental Voting Deadline"), in accordance with the attached Instructions.

You have received with this Supplemental Ballot a copy of the Third Amended DCL Plan, a Supplemental Disclosure Document (the "Supplemental Disclosure Document") that describes the modifications to the Third Amended DCL Plan that have been made since the prior solicitation of votes on and elections under such Plan, a notice respecting the hearing before the Bankruptcy Court to consider confirmation of the Third Amended DCL Plan, and a copy of the Resolicitation Order (without exhibits) (collectively, the "Resolicitation Package").  Capitalized terms used but not defined in this Supplemental Ballot have the meanings given to them in (i) the Third Amended DCL Plan, (ii) the Supplemental Disclosure Document, or (iii) the Resolicitation Order, as applicable.

**It is very important that you read all of the materials in the Resolicitation Package carefully in considering how you wish to vote on the Third Amended DCL Plan and whether you wish to make the elections called for under such Plan.  Your vote on and elections under the Third Amended DCL Plan are very important and may affect your rights and the treatment of your Claim.**

This Supplemental Ballot is only to be used for voting your EGI-TRB LLC Notes Claims (Class 1I Claims against Tribune Company).  If you hold other Claims against Tribune Company or the Subsidiary Debtors in the Debtors' Chapter 11 Cases and those Claims are in Classes entitled to re-vote for purposes of the Third Amended DCL Plan, you will receive separate Supplemental Ballots to vote such Claims.

**PRIOR TO COMPLETING THIS SUPPLEMENTAL BALLOT, PLEASE REFER TO THE ENCLOSED INSTRUCTIONS WITH THIS SUPPLEMENTAL BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.**

**To vote to accept or reject the Third Amended DCL Plan and, if desired, make the elections called for under the Third Amended DCL Plan, please complete the following:**

ITEM 1.    AMOUNT OF EGI-TRB LLC NOTES CLAIM.  The undersigned certifies that as of December 12, 2011 (the "Supplemental Record Date"), the undersigned was the Holder of an EGI-TRB LLC Notes Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 1A.    [Intentionally Omitted].

ITEM 2.    VOTE TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN.  The Holder of the EGI-TRB LLC Notes Claim set forth above hereby votes with respect to such Claim on the Third Amended DCL Plan as follows (check one box only):

| ☐ to ACCEPT the Third Amended DCL Plan | ☐ to REJECT the Third Amended DCL Plan |
|---|---|

ITEM 3.    RELEASE ELECTIONS (OPTIONAL).  If you return a Supplemental Ballot and vote to accept the Third Amended DCL Plan, you will be deemed to have granted the releases

2

contained in Section 11.2.2 of the Plan unless you elect not to grant such releases by checking the applicable box below.[2]  If you vote to reject the Third Amended DCL Plan, you may elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan by checking the applicable box below.  If you do not return your Supplemental Ballot, you will be deemed not to have granted such releases unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.  Election to grant such releases is at your option.  **If you do not grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Third Amended DCL Plan.**

☐    The undersigned has voted to accept the Third Amended DCL Plan in Item 2 above but elects not to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.

☐    The undersigned has voted to reject the Third Amended DCL Plan in Item 2 above but elects to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.

ITEM 4.    [Intentionally Omitted].

ITEM 5.    ELECTION NOT TO TRANSFER DISCLAIMED STATE LAW AVOIDANCE CLAIMS (OPTIONAL).  The Third Amended DCL Plan, at Section 14.3.1 thereof, permits you to opt out of the transfer of Disclaimed State Law Avoidance Claims that you may have to the Creditors' Trust under the Third Amended DCL Plan.  If you wish to opt out of the transfer of any Disclaimed State Law Avoidance Claims you may have, please check the box below.

☐    The undersigned elects not to transfer its Disclaimed State Law Avoidance Claims to the Creditors' Trust under Section 14.3.1 of the Third Amended DCL Plan.

ITEM 6.    CERTIFICATION.  By signing this Supplemental Ballot, the Holder of the EGI-TRB LLC Notes Claim identified in Item 1 certifies that it:

a.    is the Holder of the EGI-TRB LLC Notes Claim to which this Supplemental Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Third Amended DCL Plan and make the elections called for on this Supplemental Ballot;

b.    has been provided with a copy of the Third Amended DCL Plan, the Supplemental Disclosure Document, and the Resolicitation Order and acknowledges that the vote and election set forth on this Supplemental Ballot are subject to all of the terms and conditions set forth in the Third Amended DCL Plan, the Supplemental Disclosure Document, and the Resolicitation Order; and

---

[2] Section 11.2.2 of the Third Amended DCL Plan provides that each Person (a) that has voted to accept the Plan and has not opted out from granting the releases, (b) that has voted to reject the Plan but has opted to grant the releases, (c) that is deemed to accept the Plan and has been provided an opportunity but has not opted out of granting the releases, or (d) who otherwise agrees to provide the releases, shall be deemed to have unconditionally released each and all of the Released Parties of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such terms are defined in the Third Amended DCL Plan), except as otherwise provided in Section 11.2.2 of the Third Amended DCL Plan.

c.  has not submitted any other Supplemental Ballot(s) on account of the EGI-TRB LLC Notes Claim voted herein that are inconsistent with the votes and elections set forth in this Supplemental Ballot or that, as limited by the terms of the Resolicitation Order and the instructions attached hereto, if such other Supplemental Ballot(s) was/were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name:  _____
        (Print or Type)

Signature:_____

By:_____
        (If Applicable)

Title:_____
        (If Applicable)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email:  _____

Date Completed:_____

The Supplemental Ballot is not, and may not be deemed to be, (a) a proof of claim or equity interest or an assertion of a claim or equity interest, or (b) an admission by the Debtors or the other Proponents of the Third Amended DCL Plan of the nature, validity, or amount of any Claim and does not signify that yor claim has been or will be Allowed.

---

**YOUR SUPPLEMENTAL BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE SUPPLEMENTAL VOTING DEADLINE (JANUARY 20, 2012), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN, AND YOUR ELECTIONS WILL NOT BE VALID.  SUPPLEMENTAL BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL <u>NOT</u> BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**PRIOR VOTES AND ELECTIONS MADE ON THE THIRD AMENDED DCL PLAN, OR OTHER PLANS OF REORGANIZATION FOR THE DEBTORS, BY HOLDERS OF EGI-TRB LLC NOTES CLAIMS WILL NOT BE RE-COUNTED.  THEREFORE, YOU MUST BE SURE THAT THE SUPPLEMENTAL BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE SUPPLEMENTAL VOTING DEADLINE.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS SUPPLEMENTAL BALLOT OR THE PROCEDURES FOR VOTING ON THE THIRD AMENDED DCL PLAN, OR IF YOU NEED AN ADDITIONAL SUPPLEMENTAL BALLOT OR ADDITIONAL COPIES OF THE**

4

**SUPPLEMENTAL DISCLOSURE DOCUMENT, THE THIRD AMENDED DCL PLAN, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT <u>TRIBUNEVOTE@EPIQSYSTEMS.COM</u>.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS SUPPLEMENTAL BALLOT, OR YOU MAY RETURN YOUR SUPPLEMENTAL BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST-CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## JOINT INSTRUCTIONS FOR COMPLETING THE SUPPLEMENTAL BALLOT
## TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN

**THESE INSTRUCTIONS EXPLAIN HOW TO COMPLETE THE SUPPLEMENTAL BALLOT
ENCLOSED IN THE RESOLICITATION PACKAGE FOR VOTING TO ACCEPT OR REJECT
THE THIRD AMENDED DCL PLAN.  PLEASE READ AND FOLLOW THESE
INSTRUCTIONS CAREFULLY SO THAT YOUR VOTES AND ELECTIONS RESPECTING
THE THIRD AMENDED DCL PLAN WILL BE COUNTED.**

### Why You Have Received a Supplemental Ballot

On December [•], 2011, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. [•]] (the "Resolicitation Order") to provide, among other things, for procedures for certain Holders of Claims against Tribune Company and/or its subsidiaries in the above-captioned Chapter 11 Cases (collectively, the "Debtors") to vote to accept or reject the Third Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Proposed By the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Third Amended DCL Plan") and to make certain elections called for under such Plan.  Capitalized terms used but not defined in these Instructions have the meanings ascribed to them in (i) the Third Amended DCL Plan, (ii) the Supplemental Disclosure Document, or (iii) the Resolicitation Order, as applicable.

The Resolicitation Order provides, among other things, that Holders of General Unsecured Claims in the Subsidiary Revoting Classes[2] may re-vote on the Third Amended DCL Plan and may make elections thereunder.

These Joint Instructions apply only to the Supplemental Ballots transmitted to Holders of Other Parent Claims, Holders of EGI-TRB LLC Notes Claims, Holders of PHONES Notes Claims that are on account of PHONES Notes purportedly put to Tribune Company for exchange but not paid in cash prior to the filing of the Debtors' chapter 11 cases (the "PHONES Notes Exchange Claims"), and Holders of General Unsecured Claims in the Subsidiary Revoting Classes.  If you hold other Claims against Tribune Company and those Claims are in Classes entitled to re-vote for purposes of the Third Amended DCL Plan, you will receive separate Supplemental Ballots to vote such Claims.

You have previously received ballots for voting on and making elections under earlier versions of the Third Amended DCL Plan and other plans of reorganization that were proposed for the Debtors with respect to your Claims.  Please be aware that your votes on and elections under the earlier versions of the Third Amended DCL Plan and other plans of reorganization are not being counted for purposes of the Third Amended DCL Plan.  Accordingly, if you wish to have your vote on and elections under the Third Amended DCL Plan counted, you must complete and return this Supplemental Ballot as provided in these Instructions.

**PURSUANT TO THE THIRD AMENDED DCL PLAN, IMPAIRED CLASSES OF CLAIMS FOR WHICH NO VALID BALLOTS ARE RECEIVED WILL BE DEEMED TO ACCEPT THE THIRD AMENDED DCL PLAN.**

### Materials that You Have Been Sent with the Supplemental Ballot

You have been sent various materials to assist you in deciding how to vote on the Third Amended DCL Plan (collectively, the "Resolicitation Package").  In addition to the Supplemental Ballot, the Resolicitation Package contains the following:

- a copy of the Third Amended DCL Plan;

- a Supplemental Disclosure Document (the "Supplemental Disclosure Document") that describes the modifications to the Third Amended DCL Plan that have been made since the prior solicitation of votes and elections on such Plan.  The Supplemental Disclosure Document has been approved by the Bankruptcy Court as a supplement to the previously-distributed Disclosure Documents[3] to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Third Amended DCL Plan;

---

[2] The Subsidiary Revoting Classes are the Classes of General Unsecured Claims against certain Non-Guarantor Subsidiary Debtors (Classes 2E, 4E through 7E, 10E, 12E through 15E, 18E through 20E, 22E through 38E, 40E, 42E, 43E, and 46E through 49E).

[3] See General Disclosure Statement dated December 15, 2010 [Docket No. 7232] (the "General Disclosure Statement"), which contains a general description of (among other things) the Debtors, their respective businesses and their reorganization proceedings; (ii) the Specific Disclosure Statement Relating to First Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [Docket No. 7135] (the "Specific Disclosure Statement"), which contains a detailed description of (among other things) the provisions of the First Amended DCL Plan, including those provisions that are retained in the Third

- notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Third Amended DCL Plan; and

- a copy of the Resolicitation Order (without exhibits).  The Resolicitation Order contains important information regarding the process of voting on the Third Amended DCL Plan and how votes on the Third Amended DCL Plan will be tabulated.

**It is very important that you read all of the materials in the Resolicitation Package carefully in considering how you wish to vote on the Third Amended DCL Plan and whether you wish to make the elections called for under such Plan.  Your votes on and elections under the Third Amended DCL Plan are very important and may affect your rights and the treatment of your Claim.**

If you would like to receive additional copies of the Third Amended DCL Plan, the Supplemental Disclosure Document, or any other materials relating to the Third Amended DCL Plan, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting Epiq Bankruptcy Solutions LLC (the "Voting Agent") at (888) 287-7568 or tribunevote@epiqsystems.com.

### Deadline for Returning Supplemental Ballots to the Voting Agent

You must complete, sign, and date your Supplemental Ballot and return it to the Voting Agent in the enclosed envelope so that it is **actually received** by the Voting Agent by no later than **January 20, 2012 at 4:00 p.m. (Eastern Time)** the ("Supplemental Voting Deadline").  If you do not return your Supplemental Ballot so that it is actually received by the Voting Agent by the Supplemental Voting Deadline, the votes reflected on your Supplemental Ballot will not be counted, and the elections reflected on your Supplemental Ballot will not be valid.

### How to Complete Your Supplemental Ballot

The following are step-by-step instructions for how to complete your Supplemental Ballot for voting on the Third Amended DCL Plan and making the elections called for thereunder:

**ITEM 1:**        **Amount of Claim.**

Please certify the amount of your Claim as of December 12, 2011 (the "Supplemental Record Date").  By certifying the amount in Item 1, you are certifying that the party submitting the Supplemental Ballot is the Holder, as of the Supplemental Record Date, of a Claim in the aggregate unpaid amount set forth in Item 1 of the Supplemental Ballot.  The preprinted amount of the Claim set forth in Item 1 of the Supplemental Ballot will control for voting purposes.  If you do not agree with the amount preprinted on Item 1 of the Supplemental Ballot, please see "Questions Concerning Your Claim Amount" below.

**ITEM 1A:**        **Convenience Class Election (Optional).**

*Item 1A applies only to the Holders of Class 1F Other Parent Claims against Tribune Company. If your Supplemental Ballot relates to a Claim in any other Class, your Supplemental Ballot will not contain the Convenience Class Election described here.  If your Supplemental Ballot does not relate to a Class 1F Other Parent Claim, your Supplemental Ballot will indicate that Item 1A has been*

---

Amended DCL Plan; and (iii) the Explanatory Statement Relating to Modified Elections Under Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (as modified April 26, 2011) [Docket No. 8754] (the "Explanatory Statement"), which contains a description of (among other things) certain elections offered under the Second Amended DCL Plan (the General Disclosure Statement, the Specific Disclosure Statement, the Explanatory Statement, and the Supplemental Disclosure Document, collectively, the "Disclosure Documents").

*"[Intentionally Omitted]." If your Supplemental Ballot states "[Intentionally Omitted]" at Item 1A, please skip Item 1A and move on to Item 2 below.*

You should check this box if you are the Holder of a Class 1F Other Parent Claim and you wish to have that Claim treated as a Class 1G Convenience Claim. If you make this election, your Class 1F Other Parent Claim will be reduced in amount to One Thousand Dollars ($1,000) under the Third Amended DCL Plan. In addition, if you check the box in Item 1A, (a) such election is an irrevocable and legally binding obligation; (b) your Claim will receive treatment set forth in the Third Amended DCL Plan for Class 1G Convenience Claims instead of the treatment afforded to Class 1F Other Parent Claims; (c) your vote to accept or reject the Third Amended DCL Plan will <u>not</u> be counted; and (d) you will be deemed to grant the releases set forth in Section 11.2.2 of the Third Amended DCL Plan unless you elect <u>not</u> to grant such releases by checking the appropriate box on the Supplemental Ballot.

**<u>ITEM 2</u>:**          **Vote to Accept or Reject the Third Amended DCL Plan.**

Please cast your vote to accept or reject the Third Amended DCL Plan by checking the applicable box in Item 2. Please note that you must vote the entire amount of your Claim to accept or reject the Third Amended DCL Plan; in other words, you may not vote part of your Claim to accept and part of your Claim to reject the Third Amended DCL Plan.

If the Third Amended DCL Plan is confirmed by the Bankruptcy Court and becomes effective, it will be binding upon you whether or not you vote to accept or reject the Plan or abstain from voting on the Plan.

Please be aware that a vote to accept the Third Amended DCL Plan is a vote to grant the releases set forth in Section 11.2.2 of the Third Amended DCL Plan, unless you elect <u>not</u> to grant such releases by checking the applicable box on the Supplemental Ballot. If you vote to reject the Third Amended DCL Plan, you may elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan by checking the applicable box on your Supplemental Ballot. The Third Amended DCL Plan provides that each Person (a) that has voted to accept the Plan and has not opted out from granting the releases, (b) that has voted to reject the Plan but has opted to grant the releases, (c) that is deemed to accept the Plan and has been provided an opportunity but has not opted out of granting the releases, or (d) who otherwise agrees to provide the releases, shall be deemed to have unconditionally released each and all of the Released Parties of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Documents or the Restructuring Transactions (as such terms are defined in the Third Amended DCL Plan), except as otherwise provided in Section 11.2.2 of the Third Amended DCL Plan.

**<u>ITEM 3</u>:**          **Release Elections (Optional).**

If you vote to accept the Third Amended DCL Plan, you are deemed to grant the releases in Section 11.2.2 of the Third Amended DCL Plan unless you affirmatively opt out of granting those releases. If you vote to reject the Third Amended DCL Plan, you are deemed not to grant the releases in Section 11.2.2 of the Third Amended DCL Plan unless you affirmatively opt in to granting those releases. If you do not return a Supplemental Ballot, you are deemed not to grant the releases in Section 11.2.2 of the Third Amended DCL Plan unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.

If you voted to accept the Third Amended DCL Plan but wish to opt out of granting the releases in Section 11.2.2 of the Third Amended DCL Plan, please check the box corresponding to that election in Item 3.  Similarly, if you vote to reject the Third Amended DCL Plan but wish to grant the releases in Section 11.2.2 of the Third Amended DCL Plan, please check the box corresponding to that election in Item 3.

If you either (i) vote to accept the Third Amended DCL Plan and do not check the box in Item 3 opting not to grant the Section 11.2.2 releases, or (ii) vote to reject the Third Amended DCL Plan and check the box in Item 3 opting to grant the Section 11.2.2 releases, you will have consented to the releases set forth in Section 11.2.2 of the Third Amended DCL Plan to the fullest extent permitted by applicable law.  **If you do <u>not</u> grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan, you will <u>not</u> receive the benefit of the releases set forth in the Third Amended DCL Plan.**

**<u>ITEM 4</u>:          Other Parent Claim Alternative Treatment Election.**

*Item 4 applies <u>only</u> to the Holders of Class 1F Other Parent Claims against Tribune Company.  If your Supplemental Ballot does not relate to a Class 1F Other Parent Claim, your Supplemental Ballot will indicate that Item 4 has been "[Intentionally Omitted]."  If your Supplemental Ballot states "[Intentionally Omitted]" at Item 4, please skip Item 4 and move on to Item 5 below.*

The Third Amended DCL Plan gives the Holders of Class 1F Other Parent Claims the right to elect between four alternative treatments for purposes of distribution on account of Allowed Other Parent Claims, which are described in Section 3.2.6(c) of the Third Amended DCL Plan.  The alternative treatments provided for under Section 3.2.6(c) of the Third Amended DCL Plan are identical to those provided for under the prior version of such Plan, <u>provided</u>, however, that the adjudication and/or resolution of certain Allocation Disputes (as defined in the Third Amended DCL Plan) could potentially affect the distributions to which the Holders of Other Parent Claims are entitled under the Third Amended DCL Plan.  Additional information regarding the Allocation Disputes can be found in Section 5.18 and Exhibit 5.18 the Third Amended DCL Plan, and the Supplemental Disclosure Document.

If you wish to receive the treatment set forth in Section 3.2.6(c)(i) of the Third Amended DCL Plan, please check the box in Item 4A.  If you wish to receive the treatment set forth in Section 3.2.6(c)(ii) of the Third Amended DCL Plan, please check the box in Item 4B.  If you wish to receive the treatment set forth in Section 3.2.6(c)(iii) of the Third Amended DCL Plan, please check the box in Item 4C.  **You may only select one treatment option.**  If you do not submit a Supplemental Ballot, or submit a Supplemental Ballot but do not check the box in Item 4, you will have consented to the treatment set forth in Section 3.2.6(c)(iv) of the Third Amended DCL Plan for your Class 1F Other Parent Claim.

If you elect to receive the Alternative Treatment in Section 3.2.6(c)(ii), (iii), or (iv) of the Third Amended DCL Plan <u>and</u> you elect not to assign your Disclaimed State Law Avoidance Claims to the Creditors' Trust, you will <u>not</u> receive the Pro Rata share of Class 1F Creditors' Trust Interests on account of your Other Parent Claims.

**<u>ITEM 5</u>:          Election Not to Transfer Disclaimed State Law Avoidance Claims (Optional).**

*Item 5 applies <u>only</u> to the Other Parent Claims and EGI-TRB LLC Notes Claims.  If your Supplemental Ballot relates to a General Unsecured Claim in the Subsidiary Revoting Classes, your Supplemental Ballot will indicate that Item 5 has been "[Intentionally Omitted]."  If your Supplemental Ballot states "[Intentionally Omitted]" at Item 5, please skip Item 5 and move on to Item 6.*

Section 14.3.1 of the Third Amended DCL Plan provides as a default that Holders of certain Claims against Tribune Company, including Other Parent Claims and EGI-TRB LLC Notes Claims, will transfer Disclaimed State Law Avoidance Claims to the Creditors' Trust, which is to be established under the Third Amended DCL Plan.  You have the right to opt out of this transfer under Section 14.3.1 of the Third Amended DCL Plan.  If a Holder of any such Claim wishes to opt out of this transfer, it must check

the box in Item 5. If a Holder of a Claim against Tribune Company checks the box not to transfer its Disclaimed State Law Avoidance Claim, it will be "opting out" of contributing all Disclaimed State Law Avoidance Claims it now holds or may hold in the future, which Disclaimed State Law Avoidance Claims would otherwise be prosecuted on such Holder's behalf by the Creditors' Trust pursuant to Section 14.3.1 of the Third Amended DCL Plan. If a Holder of a Claim against Tribune Company elects not to transfer its Disclaimed State Law Avoidance Claims, such Holder will <u>not</u> be entitled to receive Creditors' Trust Interests and, accordingly, will not be entitled to share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust.

If a Holder of a Claim against Tribune Company does not check the box in Item 5 and consents to the transfer of its Disclaimed State Law Avoidance Claim to the Creditors' Trust, such Holder will be deemed, pursuant to Section 14.3.1 of the Third Amended DCL Plan, to have, as of the Effective Date of the Third Amended DCL Plan, contributed all of such Holder's Disclaimed State Law Avoidance Claims that it now holds or may hold in the future to the Creditors' Trust in exchange for Creditors' Trust Interests. The Creditors' Trust Interests may entitle such Holder to share in the proceeds of any recovery ultimately obtained by the Creditors' Trust. **If a Holder of a Claim against Tribune Company does not submit a Supplemental Ballot, such Holder will be deemed to have transferred all of its Disclaimed State Law Avoidance Claims to the Creditors' Trust and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any.** For additional information regarding the Creditors' Trust, please see Section 14.3.1 of the Third Amended DCL Plan.

<u>**ITEM 6**</u>:        **Certifications.**

Please review and complete the certifications in Item 6. Your original signature is required on the Supplemental Ballot for your votes on the Third Amended DCL Plan and your elections under the Third Amended DCL Plan to count. In addition, in Item 6, if you are completing the Supplemental Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing. You may be requested at a later time to provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the mailing label, or if no mailing label is attached to the Supplemental Ballot.

<u>**Returning Your Supplemental Ballot to the Voting Agent**</u>

Once you have completed your Supplemental Ballot in accordance with the foregoing instructions, please return the completed Supplemental Ballot to the Voting Agent at the appropriate address specified in your Supplemental Ballot so that the Supplemental Ballot is <u>actually</u> <u>received</u> by the Voting Agent before the Supplemental Voting Deadline.

**No Electronic Transmissions.** Supplemental Ballots submitted by facsimile or other electronic transmission will <u>not</u> be counted. In addition, please note that if your Supplemental Ballot is illegible or contains insufficient information to permit the identification of the Holder of the Claim, your Supplemental Ballot will <u>not</u> be counted. Do <u>not</u> mail your Supplemental Ballots directly to the Debtors or to any of the Proponents of the Third Amended DCL Plan.

**No Withdrawal.** After the Supplemental Voting Deadline, unless you obtain the prior consent of the Proponents of the Third Amended DCL Plan or Bankruptcy Court approval, you may not (i) withdraw or modify your Supplemental Ballot in any way, (ii) change your vote to accept or reject Third Amended DCL Plan, (iii) change your release or treatment elections (if applicable), or (iv) change your election not to transfer your Disclaimed State Law Avoidance Claims to the Creditors' Trust (if applicable).

<u>**Questions Concerning Your Claim Amount**</u>

If you disagree with the amount of your Claim set forth in Item 1 of the Supplemental Ballot, you may ask the Bankruptcy Court to allow your Claim solely for voting purposes in a different amount. To

have your claim allowed solely for voting purposes under the Third Amended DCL Plan in a different amount, you must serve on the Proponents of the Third Amended DCL Plan (at the addresses listed on page 1 of the Third Amended DCL Plan) and file with the Bankruptcy Court, on or before **January [•], 2012**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (a "3018 Motion").

A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes only, and the evidence in support of your belief.  If you file a 3018 Motion by the deadline above, your Supplemental Ballot will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Supplemental Voting Deadline, or (b) if such an order has not been entered by the Supplemental Voting Deadline and unless the Proponents of the Third Amended DCL Plan have come to an agreement with you as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the ballot or otherwise in accordance with the tabulation rules set forth in the Resolicitation Order.  **January [•], 2012, at [•]:00 [•]a.m. (Eastern Time)** has been established as the date and time for a hearing to consider any and all 3018 Motions.

**Additional Questions.**  If you have questions concerning the ballots or the procedures for voting to accept or reject the Third Amended DCL Plan, or if you need an additional Supplemental Ballot or additional copies of other materials in the Resolicitation Package, please contact the Voting Agent at 888-287-7568 or tribunevote@epiqsystems.com.  The Materials in the Resolicitation Package may also be obtained free of charge by visiting http://chapter11.epiqsystems.com/tribune.

**The Supplemental Ballot is Not a Proof of Claim or Interest.**  The Supplemental Ballot is not, and may not be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest, or (b) an admission by the Debtors or the other Proponents of the Third Amended DCL Plan of the nature, validity, or amount of any Claim, and does not signify that your claim has been or will be Allowed.

**EXHIBIT F**

**Forms of Supplemental Ballots
for Holders of General Unsecured Claims in the Subsidiary Revoting Classes**

**General Unsecured Claims in the Subsidiary Revoting Classes– Third Amended DCL Plan**

## UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## SUPPLEMENTAL BALLOT FOR HOLDERS OF GENERAL UNSECURED CLAIMS IN THE SUBSIDIARY REVOTING CLASSES TO
## ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN

On December [•], 2011, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. [•]] (the "Resolicitation Order") to provide for, among other things, procedures for Holders of General Unsecured Claims in Classes 2E, 4E through 7E, 10E, 12E through 15E, 18E through 20E, 22E through 38E, 40E, 42E, 43E, and 46E through 49E) (collectively, the "Subsidiary Revoting Classes") to vote to accept or reject the Third Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries Proposed By the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Third Amended DCL Plan") and to make certain elections called for under such Plan.

You have previously received ballots for voting on and making elections under earlier versions of the Third Amended DCL Plan and other plans of reorganization that were proposed for the Debtors. Please be aware that your votes on and elections under the earlier versions of the Third Amended DCL

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Plan and other plans of reorganization with respect to your General Unsecured Claims are <u>not</u> being counted for purposes of the Third Amended DCL Plan.  Accordingly, if you wish to have your vote on and elections under the Third Amended DCL Plan counted, you must complete and return this Supplemental Ballot so that it is **actually received** by the Voting Agent by no later than **January 20, 2012 at 4:00 p.m. (Eastern Time)** (the "<u>Supplemental Voting Deadline</u>"), in accordance with the attached Instructions.

You have received with this Supplemental Ballot a copy of the Third Amended DCL Plan, a Supplemental Disclosure Document (the "<u>Supplemental Disclosure Document</u>") that describes the modifications to the Third Amended DCL Plan that have been made since the prior solicitation of votes on and elections under such Plan, a notice respecting the hearing before the Bankruptcy Court to consider confirmation of the Third Amended DCL Plan, and a copy of the Resolicitation Order (without exhibits) (collectively, the "<u>Resolicitation Package</u>").  Capitalized terms used but not defined in this Supplemental Ballot have the meanings given to them in (i) the Third Amended DCL Plan, (ii) the Supplemental Disclosure Document, or (iii) the Resolicitation Order, as applicable.

**It is very important that you read all of the materials in the Resolicitation Package carefully in considering how you wish to vote on the Third Amended DCL Plan and whether you wish to make the elections called for under such Plan.  Your vote on and elections under the Third Amended DCL Plan are very important and may affect your rights and the treatment of your Claim.**

**PURSUANT TO THE THIRD AMENDED DCL PLAN, IF YOUR CLAIM IS IN A CLASS OF CLAIMS IN WHICH NO VALID BALLOTS TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN ARE RECEIVED THEN SUCH CLASS OF CLAIMS WILL BE DEEMED TO <u>ACCEPT</u> THE THIRD AMENDED DCL PLAN.**

This Supplemental Ballot is only to be used for voting your General Unsecured Claims in the Subsidiary Revoting Classes.  If you hold other Claims against Tribune Company or the Subsidiary Debtors in the Debtors' Chapter 11 Cases and those Claims are in Classes entitled to re-vote for purposes of the Third Amended DCL Plan, you will receive separate Supplemental Ballots to vote such Claims.

**PRIOR TO COMPLETING THIS SUPPLEMENTAL BALLOT, PLEASE REFER TO THE ENCLOSED INSTRUCTIONS WITH THIS SUPPLEMENTAL BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.**

**To vote to accept or reject the Third Amended DCL Plan and, if desired, make the elections called for under the Third Amended DCL Plan, please complete the following:**

ITEM 1.    AMOUNT OF GENERAL UNSECURED CLAIM IN THE SUBSIDIARY REVOTING CLASSES.  The undersigned certifies that as of December 12, 2011 (the "<u>Supplemental Record Date</u>"), the undersigned was the Holder of a General Unsecured Claim in one of the Subsidiary Revoting Classes in the aggregate unpaid amount set forth below.

Debtor _____
Class _____
$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 1A.    [Intentionally Omitted].

ITEM 2.    VOTE TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN.  The Holder of the General Unsecured Claim in the applicable Subsidiary Revoting Class set forth above hereby votes with respect to such Claim on the Third Amended DCL Plan as follows (check one box only):

| ☐ to ACCEPT the Third Amended DCL Plan | ☐ to REJECT the Third Amended DCL Plan |
| --- | --- |

ITEM 3.    RELEASE ELECTIONS (OPTIONAL).  If you return a Supplemental Ballot and vote to accept the Third Amended DCL Plan, you will be deemed to have granted the releases contained in Section 11.2.2 of the Plan unless you elect <u>not</u> to grant such releases by checking the applicable box below.[2]  If you vote to reject the Third Amended DCL Plan, you may elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan by checking the applicable box below.  If you do not return your Supplemental Ballot, you will be deemed not to have granted such releases unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.  Election to grant such releases is at your option.  **If you do not grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Third Amended DCL Plan.**

☐    The undersigned has voted to accept the Third Amended DCL Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.

☐    The undersigned has voted to reject the Third Amended DCL Plan in Item 2 above but elects to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.

ITEM 4.    [Intentionally Omitted].

ITEM 5.    [Intentionally Omitted].

ITEM 6.    CERTIFICATION.  By signing this Supplemental Ballot, the Holder of the General Unsecured Claim in the applicable Subsidiary Revoting Class identified in Item 1 certifies that it:

a.    is the Holder of the General Unsecured Claim in the applicable Subsidiary Revoting Class to which this Supplemental Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Third Amended DCL Plan and make the elections called for on this Supplemental Ballot;

b.    has been provided with a copy of the Third Amended DCL Plan, the Supplemental Disclosure Document, and the Resolicitation Order and acknowledges that the vote

---

[2] Section 11.2.2 of the Third Amended DCL Plan provides that each Person (a) that has voted to accept the Plan and has not opted out from granting the releases, (b) that has voted to reject the Plan but has opted to grant the releases, (c) that is deemed to accept the Plan and has been provided an opportunity but has not opted out of granting the releases, or (d) who otherwise agrees to provide the releases, shall be deemed to have unconditionally released each and all of the Released Parties of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Documents or the Restructuring Transactions (as such terms are defined in the Third Amended DCL Plan), except as otherwise provided in Section 11.2.2 of the Third Amended DCL Plan.

and election set forth on this Supplemental Ballot are subject to all of the terms and conditions set forth in the Third Amended DCL Plan, the Supplemental Disclosure Document, and the Resolicitation Order; and

c.    has not submitted any other Supplemental Ballot(s) on account of the General Unsecured Claim in the applicable Subsidiary Revoting Class voted herein that are inconsistent with the votes and elections set forth in this Supplemental Ballot or that, as limited by the terms of the Resolicitation Order and the instructions attached hereto, if such other Supplemental Ballot(s) were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
(Print or Type)

Signature: _____

By: _____
(If Applicable)

Title: _____
(If Applicable)

Street Address: _____

_____

City, State, Zip Code: _____

Telephone Number: _____

Email: _____

This Supplemental Ballot is not, and may not be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest, or (b) an admission by the Debtors or the other Proponents of the Third Amended DCL Plan of the nature, validity, or amount of any Claim, and does not signify that your claim has been or will be Allowed.

> **YOUR SUPPLEMENTAL BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE SUPPLEMENTAL VOTING DEADLINE (JANUARY 20, 2012), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN, AND YOUR ELECTIONS WILL NOT BE VALID.  SUPPLEMENTAL BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL <u>NOT</u> BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**
>
> **PRIOR VOTES AND ELECTIONS MADE ON THE THIRD AMENDED DCL PLAN, OR OTHER PLANS OF REORGANIZATION FOR THE DEBTORS, BY HOLDERS OF GENERAL UNSECURED CLAIMS IN THE SUBSIDIARY REVOTING CLASSES WILL NOT BE RE-COUNTED.  THEREFORE, YOU MUST BE SURE THAT THE SUPPLEMENTAL BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE SUPPLEMENTAL VOTING DEADLINE.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS SUPPLEMENTAL BALLOT OR THE PROCEDURES FOR VOTING ON THE THIRD AMENDED DCL PLAN, OR IF YOU NEED AN ADDITIONAL SUPPLEMENTAL BALLOT OR ADDITIONAL COPIES OF THE**

**SUPPLEMENTAL DISCLOSURE DOCUMENT, THE THIRD AMENDED DCL PLAN, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS SUPPLEMENTAL BALLOT, OR YOU MAY RETURN YOUR SUPPLEMENTAL BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST-CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

**If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## JOINT INSTRUCTIONS FOR COMPLETING THE SUPPLEMENTAL BALLOT
## TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN

**THESE INSTRUCTIONS EXPLAIN HOW TO COMPLETE THE SUPPLEMENTAL BALLOT ENCLOSED IN THE RESOLICITATION PACKAGE FOR VOTING TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN. PLEASE READ AND FOLLOW THESE INSTRUCTIONS CAREFULLY SO THAT YOUR VOTES AND ELECTIONS RESPECTING THE THIRD AMENDED DCL PLAN WILL BE COUNTED.**

### Why You Have Received a Supplemental Ballot

On December [•], 2011, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. [•]] (the "Resolicitation Order") to provide, among other things, for procedures for certain Holders of Claims against Tribune Company and/or its subsidiaries in the above-captioned Chapter 11 Cases (collectively, the "Debtors") to vote to accept or reject the Third Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Proposed By the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Third Amended DCL Plan") and to make certain elections called for under such Plan.  Capitalized terms used but not defined in these Instructions have the meanings ascribed to them in (i) the Third Amended DCL Plan, (ii) the Supplemental Disclosure Document, or (iii) the Resolicitation Order, as applicable.

The Resolicitation Order provides, among other things, that Holders of General Unsecured Claims in the Subsidiary Revoting Classes[2] may re-vote on the Third Amended DCL Plan and may make elections thereunder.

These Joint Instructions apply only to the Supplemental Ballots transmitted to Holders of Other Parent Claims, Holders of EGI-TRB LLC Notes Claims, Holders of PHONES Notes Claims that are on account of PHONES Notes purportedly put to Tribune Company for exchange but not paid in cash prior to the filing of the Debtors' chapter 11 cases (the "PHONES Notes Exchange Claims"), and Holders of General Unsecured Claims in the Subsidiary Revoting Classes.  If you hold other Claims against Tribune Company and those Claims are in Classes entitled to re-vote for purposes of the Third Amended DCL Plan, you will receive separate Supplemental Ballots to vote such Claims.

You have previously received ballots for voting on and making elections under earlier versions of the Third Amended DCL Plan and other plans of reorganization that were proposed for the Debtors with respect to your Claims.  Please be aware that your votes on and elections under the earlier versions of the Third Amended DCL Plan and other plans of reorganization are not being counted for purposes of the Third Amended DCL Plan.  Accordingly, if you wish to have your vote on and elections under the Third Amended DCL Plan counted, you must complete and return this Supplemental Ballot as provided in these Instructions.

**PURSUANT TO THE THIRD AMENDED DCL PLAN, IMPAIRED CLASSES OF CLAIMS FOR WHICH NO VALID BALLOTS ARE RECEIVED WILL BE DEEMED TO ACCEPT THE THIRD AMENDED DCL PLAN.**

### Materials that You Have Been Sent with the Supplemental Ballot

You have been sent various materials to assist you in deciding how to vote on the Third Amended DCL Plan (collectively, the "Resolicitation Package").  In addition to the Supplemental Ballot, the Resolicitation Package contains the following:

- a copy of the Third Amended DCL Plan;

- a Supplemental Disclosure Document (the "Supplemental Disclosure Document") that describes the modifications to the Third Amended DCL Plan that have been made since the prior solicitation of votes and elections on such Plan.  The Supplemental Disclosure Document has been approved by the Bankruptcy Court as a supplement to the previously-distributed Disclosure Documents[3] to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Third Amended DCL Plan;

---

[2] The Subsidiary Revoting Classes are the Classes of General Unsecured Claims against certain Non-Guarantor Subsidiary Debtors (Classes 2E, 4E through 7E, 10E, 12E through 15E, 18E through 20E, 22E through 38E, 40E, 42E, 43E, and 46E through 49E).

[3] See General Disclosure Statement dated December 15, 2010 [Docket No. 7232] (the "General Disclosure Statement"), which contains a general description of (among other things) the Debtors, their respective businesses and their reorganization proceedings; (ii) the Specific Disclosure Statement Relating to First Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [Docket No. 7135] (the "Specific Disclosure Statement"), which contains a detailed description of (among other things) the provisions of the First Amended DCL Plan, including those provisions that are retained in the Third

- notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Third Amended DCL Plan; and

- a copy of the Resolicitation Order (without exhibits).  The Resolicitation Order contains important information regarding the process of voting on the Third Amended DCL Plan and how votes on the Third Amended DCL Plan will be tabulated.

**It is very important that you read all of the materials in the Resolicitation Package carefully in considering how you wish to vote on the Third Amended DCL Plan and whether you wish to make the elections called for under such Plan.  Your votes on and elections under the Third Amended DCL Plan are very important and may affect your rights and the treatment of your Claim.**

If you would like to receive additional copies of the Third Amended DCL Plan, the Supplemental Disclosure Document, or any other materials relating to the Third Amended DCL Plan, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting Epiq Bankruptcy Solutions LLC (the "Voting Agent") at (888) 287-7568 or tribunevote@epiqsystems.com.

<u>**Deadline for Returning Supplemental Ballots to the Voting Agent**</u>

You must complete, sign, and date your Supplemental Ballot and return it to the Voting Agent in the enclosed envelope so that it is **actually received** by the Voting Agent by no later than **January 20, 2012 at 4:00 p.m. (Eastern Time)** the ("Supplemental Voting Deadline").  If you do not return your Supplemental Ballot so that it is actually received by the Voting Agent by the Supplemental Voting Deadline, the votes reflected on your Supplemental Ballot will <u>not</u> be counted, and the elections reflected on your Supplemental Ballot will <u>not</u> be valid.

<u>**How to Complete Your Supplemental Ballot**</u>

The following are step-by-step instructions for how to complete your Supplemental Ballot for voting on the Third Amended DCL Plan and making the elections called for thereunder:

<u>**ITEM 1:**</u>        **Amount of Claim.**

Please certify the amount of your Claim as of December 12, 2011 (the "Supplemental Record Date").  By certifying the amount in Item 1, you are certifying that the party submitting the Supplemental Ballot is the Holder, as of the Supplemental Record Date, of a Claim in the aggregate unpaid amount set forth in Item 1 of the Supplemental Ballot.  The preprinted amount of the Claim set forth in Item 1 of the Supplemental Ballot will control for voting purposes.  If you do not agree with the amount preprinted on Item 1 of the Supplemental Ballot, please see "Questions Concerning Your Claim Amount" below.

<u>**ITEM 1A:**</u>        **Convenience Class Election (Optional).**

*Item 1A applies <u>only</u> to the Holders of Class 1F Other Parent Claims against Tribune Company. If your Supplemental Ballot relates to a Claim in any other Class, your Supplemental Ballot will not contain the Convenience Class Election described here.  If your Supplemental Ballot does not relate to a Class 1F Other Parent Claim, your Supplemental Ballot will indicate that Item 1A has been*

---

Amended DCL Plan; and (iii) the Explanatory Statement Relating to Modified Elections Under Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (as modified April 26, 2011) [Docket No. 8754] (the "Explanatory Statement"), which contains a description of (among other things) certain elections offered under the Second Amended DCL Plan (the General Disclosure Statement, the Specific Disclosure Statement, the Explanatory Statement, and the Supplemental Disclosure Document, collectively, the "Disclosure Documents").

*"[Intentionally Omitted]." If your Supplemental Ballot states "[Intentionally Omitted]" at Item 1A, please skip Item 1A and move on to Item 2 below.*

You should check this box if you are the Holder of a Class 1F Other Parent Claim and you wish to have that Claim treated as a Class 1G Convenience Claim. If you make this election, your Class 1F Other Parent Claim will be reduced in amount to One Thousand Dollars ($1,000) under the Third Amended DCL Plan. In addition, if you check the box in Item 1A, (a) such election is an irrevocable and legally binding obligation; (b) your Claim will receive treatment set forth in the Third Amended DCL Plan for Class 1G Convenience Claims instead of the treatment afforded to Class 1F Other Parent Claims; (c) your vote to accept or reject the Third Amended DCL Plan will <u>not</u> be counted; and (d) you will be deemed to grant the releases set forth in Section 11.2.2 of the Third Amended DCL Plan unless you elect <u>not</u> to grant such releases by checking the appropriate box on the Supplemental Ballot.

**ITEM 2:**         **Vote to Accept or Reject the Third Amended DCL Plan.**

Please cast your vote to accept or reject the Third Amended DCL Plan by checking the applicable box in Item 2. Please note that you must vote the entire amount of your Claim to accept or reject the Third Amended DCL Plan; in other words, you may not vote part of your Claim to accept and part of your Claim to reject the Third Amended DCL Plan.

If the Third Amended DCL Plan is confirmed by the Bankruptcy Court and becomes effective, it will be binding upon you whether or not you vote to accept or reject the Plan or abstain from voting on the Plan.

Please be aware that a vote to accept the Third Amended DCL Plan is a vote to grant the releases set forth in Section 11.2.2 of the Third Amended DCL Plan, unless you elect <u>not</u> to grant such releases by checking the applicable box on the Supplemental Ballot. If you vote to reject the Third Amended DCL Plan, you may elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan by checking the applicable box on your Supplemental Ballot. The Third Amended DCL Plan provides that each Person (a) that has voted to accept the Plan and has not opted out from granting the releases, (b) that has voted to reject the Plan but has opted to grant the releases, (c) that is deemed to accept the Plan and has been provided an opportunity but has not opted out of granting the releases, or (d) who otherwise agrees to provide the releases, shall be deemed to have unconditionally released each and all of the Released Parties of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Documents or the Restructuring Transactions (as such terms are defined in the Third Amended DCL Plan), except as otherwise provided in Section 11.2.2 of the Third Amended DCL Plan.

**ITEM 3:**         **Release Elections (Optional).**

If you vote to accept the Third Amended DCL Plan, you are deemed to grant the releases in Section 11.2.2 of the Third Amended DCL Plan unless you affirmatively opt out of granting those releases. If you vote to reject the Third Amended DCL Plan, you are deemed not to grant the releases in Section 11.2.2 of the Third Amended DCL Plan unless you affirmatively opt in to granting those releases. If you do not return a Supplemental Ballot, you are deemed not to grant the releases in Section 11.2.2 of the Third Amended DCL Plan unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.

If you voted to accept the Third Amended DCL Plan but wish to opt out of granting the releases in Section 11.2.2 of the Third Amended DCL Plan, please check the box corresponding to that election in Item 3. Similarly, if you vote to reject the Third Amended DCL Plan but wish to grant the releases in Section 11.2.2 of the Third Amended DCL Plan, please check the box corresponding to that election in Item 3.

If you either (i) vote to accept the Third Amended DCL Plan and do not check the box in Item 3 opting not to grant the Section 11.2.2 releases, or (ii) vote to reject the Third Amended DCL Plan and check the box in Item 3 opting to grant the Section 11.2.2 releases, you will have consented to the releases set forth in Section 11.2.2 of the Third Amended DCL Plan to the fullest extent permitted by applicable law. **If you do <u>not</u> grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan, you will <u>not</u> receive the benefit of the releases set forth in the Third Amended DCL Plan.**

**ITEM 4:        Other Parent Claim Alternative Treatment Election.**

*Item 4 applies <u>only</u> to the Holders of Class 1F Other Parent Claims against Tribune Company. If your Supplemental Ballot does not relate to a Class 1F Other Parent Claim, your Supplemental Ballot will indicate that Item 4 has been "[Intentionally Omitted]." If your Supplemental Ballot states "[Intentionally Omitted]" at Item 4, please skip Item 4 and move on to Item 5 below.*

The Third Amended DCL Plan gives the Holders of Class 1F Other Parent Claims the right to elect between four alternative treatments for purposes of distribution on account of Allowed Other Parent Claims, which are described in Section 3.2.6(c) of the Third Amended DCL Plan. The alternative treatments provided for under Section 3.2.6(c) of the Third Amended DCL Plan are identical to those provided for under the prior version of such Plan, <u>provided</u>, however, that the adjudication and/or resolution of certain Allocation Disputes (as defined in the Third Amended DCL Plan) could potentially affect the distributions to which the Holders of Other Parent Claims are entitled under the Third Amended DCL Plan. Additional information regarding the Allocation Disputes can be found in Section 5.18 and Exhibit 5.18 the Third Amended DCL Plan, and the Supplemental Disclosure Document.

If you wish to receive the treatment set forth in Section 3.2.6(c)(i) of the Third Amended DCL Plan, please check the box in Item 4A. If you wish to receive the treatment set forth in Section 3.2.6(c)(ii) of the Third Amended DCL Plan, please check the box in Item 4B. If you wish to receive the treatment set forth in Section 3.2.6(c)(iii) of the Third Amended DCL Plan, please check the box in Item 4C. **You may only select one treatment option.** If you do not submit a Supplemental Ballot, or submit a Supplemental Ballot but do not check the box in Item 4, you will have consented to the treatment set forth in Section 3.2.6(c)(iv) of the Third Amended DCL Plan for your Class 1F Other Parent Claim.

If you elect to receive the Alternative Treatment in Section 3.2.6(c)(ii), (iii), or (iv) of the Third Amended DCL Plan <u>and</u> you elect not to assign your Disclaimed State Law Avoidance Claims to the Creditors' Trust, you will <u>not</u> receive the Pro Rata share of Class 1F Creditors' Trust Interests on account of your Other Parent Claims.

**ITEM 5:        Election Not to Transfer Disclaimed State Law Avoidance Claims (Optional).**

*Item 5 applies <u>only</u> to the Other Parent Claims and EGI-TRB LLC Notes Claims. If your Supplemental Ballot relates to a General Unsecured Claim in the Subsidiary Revoting Classes, your Supplemental Ballot will indicate that Item 5 has been "[Intentionally Omitted]." If your Supplemental Ballot states "[Intentionally Omitted]" at Item 5, please skip Item 5 and move on to Item 6.*

Section 14.3.1 of the Third Amended DCL Plan provides as a default that Holders of certain Claims against Tribune Company, including Other Parent Claims and EGI-TRB LLC Notes Claims, will transfer Disclaimed State Law Avoidance Claims to the Creditors' Trust, which is to be established under the Third Amended DCL Plan. You have the right to opt out of this transfer under Section 14.3.1 of the Third Amended DCL Plan. If a Holder of any such Claim wishes to opt out of this transfer, it must check

the box in Item 5.  If a Holder of a Claim against Tribune Company checks the box not to transfer its Disclaimed State Law Avoidance Claim, it will be "opting out" of contributing all Disclaimed State Law Avoidance Claims it now holds or may hold in the future, which Disclaimed State Law Avoidance Claims would otherwise be prosecuted on such Holder's behalf by the Creditors' Trust pursuant to Section 14.3.1 of the Third Amended DCL Plan.  If a Holder of a Claim against Tribune Company elects not to transfer its Disclaimed State Law Avoidance Claims, such Holder will <u>not</u> be entitled to receive Creditors' Trust Interests and, accordingly, will not be entitled to share in the proceeds of any recoveries ultimately obtained by the Creditors' Trust.

 If a Holder of a Claim against Tribune Company does not check the box in Item 5 and consents to the transfer of its Disclaimed State Law Avoidance Claim to the Creditors' Trust, such Holder will be deemed, pursuant to Section 14.3.1 of the Third Amended DCL Plan, to have, as of the Effective Date of the Third Amended DCL Plan, contributed all of such Holder's Disclaimed State Law Avoidance Claims that it now holds or may hold in the future to the Creditors' Trust in exchange for Creditors' Trust Interests.  The Creditors' Trust Interests may entitle such Holder to share in the proceeds of any recovery ultimately obtained by the Creditors' Trust.  **If a Holder of a Claim against Tribune Company does not submit a Supplemental Ballot, such Holder will be deemed to have transferred all of its Disclaimed State Law Avoidance Claims to the Creditors' Trust and, accordingly, will receive Creditors' Trust Interests and may be entitled to share in the proceeds of recoveries obtained by the Creditors' Trust, if any.**  For additional information regarding the Creditors' Trust, please see Section 14.3.1 of the Third Amended DCL Plan.

<u>**ITEM 6**</u>:  **Certifications.**

 Please review and complete the certifications in Item 6.  Your original signature is required on the Supplemental Ballot for your votes on the Third Amended DCL Plan and your elections under the Third Amended DCL Plan to count.  In addition, in Item 6, if you are completing the Supplemental Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  You may be requested at a later time to provide proof of your authorization to so sign.  In addition, please provide your name and mailing address if different from that set forth on the mailing label, or if no mailing label is attached to the Supplemental Ballot.

<u>**Returning Your Supplemental Ballot to the Voting Agent**</u>

 Once you have completed your Supplemental Ballot in accordance with the foregoing instructions, please return the completed Supplemental Ballot to the Voting Agent at the appropriate address specified in your Supplemental Ballot so that the Supplemental Ballot is <u>actually</u> <u>received</u> by the Voting Agent before the Supplemental Voting Deadline.

 **No Electronic Transmissions.**  Supplemental Ballots submitted by facsimile or other electronic transmission will <u>not</u> be counted.  In addition, please note that if your Supplemental Ballot is illegible or contains insufficient information to permit the identification of the Holder of the Claim, your Supplemental Ballot will <u>not</u> be counted.  Do <u>not</u> mail your Supplemental Ballots directly to the Debtors or to any of the Proponents of the Third Amended DCL Plan.

 **No Withdrawal.**  After the Supplemental Voting Deadline, unless you obtain the prior consent of the Proponents of the Third Amended DCL Plan or Bankruptcy Court approval, you may not (i) withdraw or modify your Supplemental Ballot in any way, (ii) change your vote to accept or reject Third Amended DCL Plan, (iii) change your release or treatment elections (if applicable), or (iv) change your election not to transfer your Disclaimed State Law Avoidance Claims to the Creditors' Trust (if applicable).

<u>**Questions Concerning Your Claim Amount**</u>

 If you disagree with the amount of your Claim set forth in Item 1 of the Supplemental Ballot, you may ask the Bankruptcy Court to allow your Claim solely for voting purposes in a different amount.  To

have your claim allowed solely for voting purposes under the Third Amended DCL Plan in a different amount, you must serve on the Proponents of the Third Amended DCL Plan (at the addresses listed on page 1 of the Third Amended DCL Plan) and file with the Bankruptcy Court, on or before **January [•], 2012**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (a "3018 Motion").

A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes only, and the evidence in support of your belief.  If you file a 3018 Motion by the deadline above, your Supplemental Ballot will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Supplemental Voting Deadline, or (b) if such an order has not been entered by the Supplemental Voting Deadline and unless the Proponents of the Third Amended DCL Plan have come to an agreement with you as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the ballot or otherwise in accordance with the tabulation rules set forth in the Resolicitation Order.  **January [•], 2012, at [•]:00 [•]a.m. (Eastern Time)** has been established as the date and time for a hearing to consider any and all 3018 Motions.

**Additional Questions.**  If you have questions concerning the ballots or the procedures for voting to accept or reject the Third Amended DCL Plan, or if you need an additional Supplemental Ballot or additional copies of other materials in the Resolicitation Package, please contact the Voting Agent at 888-287-7568 or tribunevote@epiqsystems.com.  The Materials in the Resolicitation Package may also be obtained free of charge by visiting http://chapter11.epiqsystems.com/tribune.

**The Supplemental Ballot is Not a Proof of Claim or Interest.**  The Supplemental Ballot is not, and may not be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest, or (b) an admission by the Debtors or the other Proponents of the Third Amended DCL Plan of the nature, validity, or amount of any Claim, and does not signify that your claim has been or will be Allowed.

**EXHIBIT G**

**Confirmation Hearing Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | |
| | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[1] | Case No. 08-13141 (KJC) |
| | Jointly Administered |
| Debtors. | |

**NOTICE OF HEARING TO CONSIDER CONFIRMATION OF THIRD AMENDED JOINT
PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES**[2]

     **PLEASE TAKE NOTICE THAT** on December 18, 2011, the debtors and debtors in possession in the above-captioned chapter 11 cases (the "<u>Debtors</u>"), the Official Committee of Unsecured Creditors, JPMorgan Chase Bank, N.A., Oaktree Capital Management, L.P., and Angelo, Gordon & Co., L.P. (collectively, the "<u>Plan Proponents</u>"), filed the Third Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (the "<u>Third Amended Plan</u>"). The Third Amended Plan modifies in certain respects the treatment to be received by certain creditors that were afforded under the Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries that was filed with the Bankruptcy Court on April 26, 2011, as amended on October 19, 2011 (the "<u>Second Amended Plan</u>").

     **PLEASE TAKE FURTHER NOTICE THAT**, on December 18, 2011, the Debtors filed with the Bankruptcy Court a Supplemental Disclosure Document (the "<u>Supplemental Disclosure Document</u>")

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Third Amended Plan or the Resolicitation Order (as defined below).

that, in summary, describes and explains the modifications that have been made to the Third Amended Plan as compared to the Second Amended Plan.

PLEASE TAKE FURTHER NOTICE THAT on December [●],2011, the Bankruptcy Court entered an order (the "Resolicitation Order") [D.I. ●] that, among other things, (i) approved the Supplemental Disclosure Document; (ii) approved procedures for the resolicitation and tabulation of votes and/or elections under the Third Amended Plan from certain Revoting Classes (as defined below); (iii) affirmed that votes cast and elections made by non-Revoting Classes under the Second Amended Plan will continue to be counted as votes and elections under the Third Amended Plan; and (iv) scheduled the hearing to consider confirmation of the Third Amended Plan (the "Confirmation Hearing") and establish certain key dates and deadlines in respect thereof.

**Pursuant to the Resolicitation Order, the votes and elections of Holders of (i) Senior Noteholder Claims, (ii) Other Parent Claims, (iii) EGI-TRB LLC Notes Claims, and (iv) PHONES Notes Claims are being solicited on the Third Amended Plan, as are the votes and elections of Holders of a limited number of General Unsecured Claims against certain subsidiaries of Tribune Company (collectively, the "Revoting Classes"). The votes and elections of all other Holders of Claims on the Second Amended Plan will be counted as votes and elections on the Third Amended Plan as well. Information provided in the Resolicitation Order will allow all creditors to determine whether any action is necessary on their part regarding a vote to accept or reject the Third Amended Plan.**

**PLEASE TAKE FURTHER NOTICE THAT:**

1.    The Confirmation Hearing  will commence on **[●], 2012 at [●]:00 [●].m. Eastern Time** before the Honorable Kevin J. Carey, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Fifth Floor, Courtroom No. 5, Wilmington, Delaware 19801, to consider confirmation of the Third Amended Plan.  The Confirmation Hearing may be continued from time to time without further notice to creditors or other parties in interest, and the Plan may be modified, if necessary, in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and other applicable law, before, during, or as a result of the Confirmation Hearing, without further notice to creditors or other parties in interest.

2.    The Court has established **[January 20, 2012] at 4:00 p.m. (prevailing Eastern time)** as the date and time by which votes to accept or reject the Third Amended Plan must be submitted by Holders of Claims in the Revoting Classes (the "Supplemental Voting Deadline").  This notice has been approved by the Court pursuant to the Resolicitation Order in order to provide interested parties, such as Holders of Claims against and Interests in the Debtors, with information concerning the process by which the Debtors will seek the necessary approvals of the Third Amended Plan.

**Objections to Confirmation of the Third Amended Plan**

3.    Under the Resolicitation Order, objections, if any, to confirmation of the Plan must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim or interest of such party; (c) state with particularity the legal and factual basis and nature of any objection to the Third Amended Plan; and (d) be filed with the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Third Floor, Wilmington, Delaware 19801 together with proof of service, and served so as to be **RECEIVED on or before 4:00 p.m. Eastern Time on [January 20, 2012]** by the following: (i) Sidley Austin LLP, One South Dearborn Street, Chicago, IL 60603, Facsimile (312) 853-7036, Attn: Jessica C.K. Boelter; (ii) Cole, Schotz, Meisel, Forman & Leonard, P.A., 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801, Facsimile (302) 652-3117, Attn: J. Kate Stickles; (iii) Chadbourne & Parke, LLP, 30 Rockefeller Plaza, New York, NY 10112, Facsimile (212) 408-5100, Attn: Douglas E. Deutsch; and (iv) Landis, Rath & Cobb, LLP, 919 Market Street, Suite 1800, Wilmington, DE 19801, Facsimile (302) 467-4450, Attn: Adam G. Landis; (v) Zuckerman Spaeder LLP, 1800 M Street, N.W., Suite 1000, Washington, DC 20036, Facsimile: (202) 822-8106; (vi) Dewey & LeBoeuf LLP, 333 South Grand Avenue, Suite 2600, Los Angeles, CA 90071, Facsimile (213) 621-6100, Attn: Bruce Bennett; (vii)

Young Conaway Stargatt & Taylor, LLP, The Brandywine Bldg, 17th Floor, 1000 West Street, Post Office Box 391, Wilmington, Delaware 19899-0391, Facsimile (302) 571-1253, Attn: Robert S. Brady; (viii) Wilmer Cutler Pickering Hale & Dorr LLP, 399 Park Avenue, New York, New York 10022, Facsimile (212) 230-8888, Attn: Andrew Goldman, (ix) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017, Facsimile (212) 701-5800, Attn: Donald S. Bernstein; (x) Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, DE 19801, Facsimile (312) 651-7701, Attn: Mark D. Collins; and (xi) The Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lock Box 35, Wilmington, Delaware 19801, Facsimile (302) 573-6497, Attn: David A. Klauder.  Objections not timely filed and served in such manner set forth in the Resolicitation Order may not be considered by the Bankruptcy Court.

4.  **If you filed an objection to the Second Amended Plan and wish to object to confirmation of the Third Amended Plan, you must re-submit that objection as described in this Notice after the date of this Notice.  Objections to the Second Amended Plan will not be automatically considered as objections to the Third Amended Plan.**

**Additional Information About the Third Amended Plan**

5.  The Supplemental Disclosure Document, the Third Amended Plan, and the Resolicitation Order are on file with the Clerk of the Bankruptcy Court, Third Floor, 824 Market Street, Wilmington, Delaware 19801 and may be examined by parties in interest by visiting the Office of the Clerk of the Bankruptcy Court during business hours.  In addition, any party in interest wishing to obtain copies of the Supplemental Disclosure Document, the Third Amended Plan, the Resolicitation Order, or other information about the solicitation procedures may request such information by contacting the Voting Agent (i) by first-class mail addressed to: Tribune Company Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, PO Box 5014, New York, NY 10150-5014; (ii) by personal delivery or overnight courier to: Tribune Company Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, Third Floor, New York, NY 10017; or (iii) by telephoning the Voting Agent at (646) 282-2400.  Copies of the Supplemental Disclosure Document, the Third Amended Plan, and the Resolicitation Order are also available on the Internet free of charge at http://chapter11.epiqsystems.com/tribune.

6.  **The Third Amended Plan contains various releases, including certain releases that will be granted by Holders of Claims and Interests unless such Holders vote to reject the Third Amended Plan and do not elect to grant such releases.  The provisions are contained in Section 11.2.2 of the Third Amended Plan, and you are encouraged to read those provisions carefully in connection with any vote you may cast to accept or reject the Third Amended Plan.**

Dated: December [●], 2011

| | |
|---|---|
| SIDLEY AUSTIN LLP | COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A. |
| James F. Conlan | Norman L. Pernick (No. 2290) |
| Bryan Krakauer | J. Kate Stickles (No. 2917) |
| Kevin T. Lantry | Patrick J. Reilley (No. 4451) |
| Jessica C.K. Boelter | 500 Delaware Avenue, Suite 1410 |
| One South Dearborn Street | Wilmington, DE  19801 |
| Chicago, IL  60603 | (302) 652-3117 |
| (312) 853-7036 | |

*Counsel for Debtors and Debtors In Possession and Certain Non-Debtor Affiliates*

## **EXHIBIT H**

## **Publication Notice**

CH1 6333435v.6

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

Tribune Company
435 Production Company
5800 Sunset Productions Inc.
 Baltimore Newspaper Networks, Inc.
California Community News Corp.
Candle Holdings Corporation
Channel 20, Inc.
Channel 39, Inc.
Channel 40, Inc.
Chicago Avenue Construction Company
Chicago River Production Company
Chicago Tribune Company
Chicago Tribune Newspapers, Inc.
Chicago Tribune Press Service, Inc.
ChicagoLand Microwave Licensee, Inc.
Chicagoland Publishing Company
Chicagoland Television News, Inc.
Courant Specialty Products, Inc. (9221);
Direct Mail Associates, Inc.
Distribution Systems of America, Inc.
Eagle New Media Investments, LLC
Eagle Publishing Investments, LLC
forsalebyowner.com corp.
ForSaleByOwner.com Referral Serv, LLC
Fortify Holdings Corporation
Forum Publishing Group, Inc.
Gold Coast Publications, Inc.
GreenCo, Inc.
Heart & Crown Advertising, Inc.
Homeowners Realty, Inc.
Homestead Publishing Co.
Hoy, LLC
Hoy Publications, LLC
InsertCo, Inc.
Internet Foreclosure Service, Inc.
JuliusAir Company, LLC
JuliusAir Company II, LLC;
KIAH Inc.

KPLR, Inc.
KSWB Inc.
KTLA Inc.
KWGN Inc.
Los Angeles Times Communications LLC
Los Angeles Times International, Ltd.
Los Angeles Times Newspapers, Inc.
Magic T Music Publishing Company
NBBF, LLC
Neocomm, Inc.
New Mass. Media, Inc.
Newscom Services, Inc.
Newspaper Readers Agency, Inc.
North Michigan Production Company
North Orange Avenue Properties, Inc.
Oak Brook Productions, Inc.
Orlando Sentinel Communications Co.
Patuxent Publishing Company
Publishers Forest Products Co. of Wash.
Sentinel Communications News Ventures, Inc.
Shepard's Inc.
Signs of Distinction, Inc.
Southern Connecticut Newspapers, Inc.
Star Community Publishing Group, LLC
Stemweb, Inc.
Sun-Sentinel Company
The Baltimore Sun Company
The Daily Press, Inc.
The Hartford Courant Company
The Morning Call, Inc.
The Other Company LLC
Times Mirror Land and Timber Company
Times Mirror Payroll Processing Co., Inc.
Times Mirror Services Company, Inc.
TMLH 2, Inc.
TMLS I, Inc.
TMS Entertainment Guides, Inc.
Tower Distribution Company

Towering T Music Publishing Company
Tribune Broadcast Holdings, Inc.
Tribune Broadcasting Company
Tribune Broadcasting Holdco, LLC
Tribune Broadcasting News Network, Inc., n/k/a
Tribune Washington Bureau Inc.
Tribune California Properties, Inc.
Tribune CNLBC, LLC f/k/a Chicago National
League Ball Club, LLC
Tribune Direct Marketing, Inc.
Tribune Entertainment Company
Tribune Entertainment Production Co.
Tribune Finance, LLC
Tribune Finance Service Center, Inc.
Tribune License, Inc.
Tribune Los Angeles, Inc.
Tribune Manhattan Newspaper Hldgs, Inc.
Tribune Media Net, Inc.
Tribune Media Services, Inc.
Tribune Network Holdings Company
Tribune New York Newspaper Hldgs, LLC
Tribune NM, Inc.
Tribune Publishing Company
Tribune Television Company
Tribune Television Holdings, Inc.
Tribune Television New Orleans, Inc.
Tribune Television Northwest, Inc.
ValuMail, Inc.
Virginia Community Shoppers, LLC
Virginia Gazette Companies, LLC
WATL, LLC
WCWN LLC
WDCW Broadcasting, Inc.
WGN Continental Broadcasting Company
WLVI Inc.
WPIX, Inc.
WTXX Inc.

### NOTICE OF HEARING TO CONSIDER CONFIRMATION OF THIRD AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES AND VOTING AND OBJECTION DEADLINES RELATING TO THE PLAN

**PLEASE TAKE NOTICE THAT** on November [18], 2011, the Debtors in the above-referenced chapter 11 cases filed the Third Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (as may be amended, the "Plan") and the Supplemental Disclosure Document related to the Plan (as may be amended, the "Supplemental Disclosure Document"). Capitalized terms not defined in this notice have the meanings given to them in the Plan.

**PLEASE TAKE FURTHER NOTICE THAT:**

1. The deadline for voting to accept or reject the Plan is **4:00 p.m. Eastern Time on January 20, 2011**, unless such time is extended. Objections to the Plan must comply with the Resolicitation Order and be filed by **4:00 p.m. Eastern Time on January [●], 2012**. A hearing to consider confirmation of the Plan will be held on **February [●], 2012 at 10:00 a.m. Eastern Time**, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Fifth Floor, Courtroom No. 5, Wilmington, Delaware 19801. That hearing may be continued from time to time without further notice.

2. On December [●], 2011, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Resolicitation Order") approving the Supplemental Disclosure

Document and the procedures for providing notice to parties in interest of the Plan and the hearing to confirm the Plan, and approving procedures for resoliciting votes on and elections under the Plan.

    3.   The scope of resolicitation of the Plan is limited to Holders of Claims in the following Classes:  Senior Noteholder Claims (Class 1E), Other Parent Claims (Class 1F), EGI-TRB LLC Notes Claims (Class 1I), PHONES Notes Claims (Class 1J), and the Holders of Claims in the thirty-seven (37) Classes of General Unsecured Claims against Non-Guarantor Debtors for which no Holders voted to accept or reject the DCL Plan in the prior solicitation process (Classes 2E, 4E through 7E, 10E, 12E through 15E, 18E through 20E, 22E through 38E, 40E, 42E, 43E, and 46E through 49E).

    4.   Any party in interest wishing to obtain copies of the Supplemental Disclosure Document, the Plan, the Resolicitation Order or other information about the resolicitation procedures, or with questions about their ballot, or inquiries on obtaining a ballot, may request such information or materials by contacting the Voting Agent (i) by first-class mail addressed to Tribune Company Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, PO Box 5014, New York, NY 10150-5014; (ii) by personal delivery or overnight courier to Tribune Company Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, Third Floor, New York, NY 10017; or (iii) by telephone at (646) 282-2400.  Copies of the Supplemental Disclosure Document, the Plan and the Resolicitation Order, as well as additional information concerning the matters described in this notice, are also available on the Internet free of charge at http://chapter11.epiqsystems.com/tribune.

Dated:  December [●], 2011

| | |
|---|---|
| SIDLEY AUSTIN LLP<br>James F. Conlan, Bryan Krakauer,<br>Kenneth P. Kansa, Jessica C.K.<br>Boelter, One South Dearborn Street,<br>Chicago, Illinois 60603, Tele: (312)<br>853-0199, Fax:  (312) 853-7036 | COLE SCHOTZ MEISEL FORMAN<br>& LEONARD, P.A.<br>Norman L. Pernick (No. 2290), J. Kate Stickles (No.<br>2917), Patrick J. Reilley (No. 4451), 500 Delaware<br>Avenue, Suite 1410, Wilmington, Delaware 19201,<br>Tele:  (302) 652-3131, Fax:  (302) 652-3117 |

                 Counsel for Debtors and Debtors In Possession