# EXHIBIT A

*Subordination Allocation Appendix*

# TABLE OF CONTENTS

A. Allocation Disputes and Potential Impact Upon Recoveries ............................................. 3

    1. Application of the PHONES Subordination Provisions and the EGI-TRB Subordination Provisions to the DCL Plan Settlement Consideration. .................. 3

    2. Application of the PHONES Subordination Provisions and the EGI-TRB Subordination Provisions to the Creditors' Trust Interests and the Litigation Trust Interests. ........................................................................................................ 5

    3. Entitlement of Holders of Other Parent Claims to Benefit From the PHONES Subordination Provisions and the EGI-TRB Subordination Provisions ................ 6

    4. Allowed Amount of PHONES Notes Claims ...................................................... 8

    5. Relative Priorities of the PHONES Notes and the EGI-TRB LLC Notes .............. 9

B. Notes & Assumptions for Recovery Charts ................................................................. 10

C. Explanation of Recovery Chart .................................................................................... 12

D. Recovery Chart ............................................................................................................ 13

A.  **Allocation Disputes and Potential Impact Upon Recoveries**

A summary of the various Allocation Disputes as well as the potential impact that the adjudication and/or resolution of such Allocation Disputes may have on the allocation of distributions to the Holders of Senior Notes Claims, Other Parent Claims, EGI-TRB-LLC Claims, and PHONES Notes Claims under the Third Amended Plan follows. Sections A.1 through A.5 below isolate the potential impacts of individual Allocation Disputes. These potential impacts are not cumulative.

The chart set forth on in Section D of this Exhibit A (the "Recovery Chart") provides additional numerical and other information regarding certain of the scenarios described below. Where a given scenario also is depicted in the Recovery Chart, a cross-reference to the corresponding column in the Recovery Chart is included.

1.  Application of the PHONES Subordination Provisions and the EGI-TRB Subordination Provisions to the DCL Plan Settlement Consideration.

The PHONES Subordination Provisions provide that "[u]pon any distribution of assets of the Company in the event of: (1) any insolvency or bankruptcy case or proceeding ... then ... (A) the holders of Senior Indebtedness shall be entitled to receive payment in full of all amounts due or to become due on or in respect of all Senior Indebtedness, ... before the Holders of the Securities of any series are entitled to receive any payment on account of the principal amount, interest or such other amounts as may be provided for in Section 3.01 [of the PHONES Notes Indenture], if any, in respect of the Securities of such series; and (B) any payment or distribution of assets of the Company of any kind or character ... to which the Holders or the Trustee would be entitled but for the provisions of ... Article Fourteen [of the PHONES Notes Indenture] ... shall be paid ... directly to the holders of Senior Indebtedness ...". (PHONES Notes Indenture at 62.)[1] Certain parties may assert that in light of the Bankruptcy Court's Chapter 5/Litigation Trust Finding, all or a portion of the consideration from the DCL Plan Settlement is not subject to the PHONES Subordination Provisions. Moreover, similar arguments may also potentially arise in connection with the EGI-TRB Subordination Provisions,[2] which provide that (among other things) the EGI-TRB LLC Notes are subordinate in right of payment to all "Senior Obligations"[3] and have no "claim to the assets of the Company on parity with or prior to the claim of Senior Obligations." (EGI-TRB Subordination Agreement at 1-2.)

---

[1] "Senior Indebtedness" under the PHONES Notes Indenture includes, among other things, (i) "the principal of (and premium, if any) and interest on (including interest accruing after the filing of a petition initiating any proceeding pursuant to any Federal bankruptcy law or any other applicable Federal or State law, but only to the extent allowed or permitted to the holder of such Indebtedness of the Company against the bankruptcy or any other insolvency estate of the Company in such proceeding)," (ii) "all obligations represented by notes, bonds, debentures or similar evidences of indebtedness" (excluding the PHONES Notes themselves), (iii) "all indebtedness for borrowed money ...", and (iv) "all indebtedness for ... the deferred purchase price of property or services ....", but does not include, among other things, "any [i]ndebtedness of the Company constituting trade accounts payable arising in the ordinary course of business." (Phones Notes Indenture at 62.)

[2] The relevant subordination provisions of the EGI-TRB LLC Notes are set forth in the Subordination Agreement, dated as of December 20, 2007, by EGI-TRB, L.L.C., a Delaware limited liability company, in favor of the Holders of Senior Obligations (as defined therein) (the "EGI-TRB Subordination Agreement").

[3] "Senior Obligations" is defined in the EGI-TRB Subordination Agreement to include "all obligations, indebtedness and other liabilities of the Company other than (i) any such obligations, indebtedness or liabilities that by their express terms rank pari passu or junior to the Company obligations under the [EGI-TRB LLC Notes] and (ii) trade payables and accrued expenses incurred in the ordinary course of business ..." (EGI-TRB Subordination Agreement at 1).

3

The questions of whether and to what extent DCL Plan Settlement consideration may be subject to either or both of the PHONES Subordination Provisions and the EGI-TRB Subordination Provisions shall be adjudicated or resolved pursuant to the Allocation Dispute Protocol. Depending upon their outcome, the adjudication or resolution of these issues may potentially impact the distributions received under the Third Amended Plan by the Holders of Senior Noteholder Claims, Other Parent Claims, EGI-TRB LLC Notes Claims, and PHONES Notes Claims. For example, and solely for purposes of illustration, if the Bankruptcy Court were to determine that all of the DCL Plan Settlement consideration is subject to the PHONES Subordination Provisions and the EGI-TRB Subordination Provisions, no adjustments to the distributions provided to the Holders of Senior Noteholder Claims, Other Parent Claims, EGI-TRB LLC Notes Claims, and PHONES Notes Claims would be required (although such distributions would remain subject to any other potential adjustments necessary to reflect the adjudication or resolution of other Allocation Disputes). On the other hand, and solely for purposes of illustration, if the Bankruptcy Court were to determine that none of the DCL Plan Settlement consideration is subject to the PHONES Subordination Provisions, recoveries provided under the Second Amended Plan to the following creditors would potentially be adjusted pursuant to the Allocation Dispute Protocol as follows:

- projected distributions to the Holders of Senior Noteholder Claims would decrease from approximately 33.6% to approximately 25.0%;

- projected distributions to the Holders of and Other Parent Claims would decrease from approximately 36.0% to approximately 27.4%;[4]

- projected distributions to the Holders of PHONES Notes Claims would increase from 0% to approximately 17.5%; and

- projected distributions to the Holders of EGI-TRB LLC Notes Claims would remain approximately the same (i.e., no recovery).

See Recovery Chart, column 3. Similarly, solely for purposes of illustration, if the Bankruptcy Court were to determine that none of the DCL Plan Settlement consideration falls within the scope of the EGI-TRB Subordination Provisions, recoveries provided under the Second Amended Plan to the following creditors would potentially be adjusted pursuant to the Allocation Dispute Protocol as follows:

- projected distributions to the Holders of Senior Noteholder Claims would decrease from approximately 33.6% to approximately 30.9%;

- projected distributions to the Holders of Other Parent Claims would decrease from approximately 36.0% to approximately 33.4%;

---

[4] Under the Second Amended Plan, Holders of Senior Noteholder Claims and Other Parent Claims were to receive approximately 32.73% of their Allowed Claims, plus a pro rata share of proceeds resulting from the settlement with Bridge Lenders, as well as Litigation Trust Interests and Creditors' Trust Interests. Holders of Other Parent Claims, however, also had the option of receiving 35.18% of their Allowed Claims if they elected to forego receiving Litigation Trust Interests and Creditors' Trust Interests. (Second Amended Plan, § 3.2.6(c).) The estimated recovery percentages set forth herein for the Holders of Other Parent Claims assume that such Holders elected to forego receiving Litigation Trust Interests and Creditors' Trust Interests and to instead receive 35.18% of their Allowed Other Parent Claim and a pro rata share of the Bridge Settlement Proceeds. The estimated recovery percentages for the Holders of Allowed Other Parent Claims that elected to receive 32.73% of their Allowed Claims and a pro rata share of the Bridge Settlement Proceeds, plus Litigation Trust Interests and Creditors' Trust Interests, would be approximately 2.45% lower than the estimated recovery percentages set forth herein for the Holders of Allowed Other Parent Claims.

- projected distributions to the Holders of PHONES Notes Claims would remain approximately the same (i.e., no recovery); and

- projected distributions to the Holders of EGI-TRB LLC Notes Claims would increase from 0% to approximately 17.5%.[5]

See Recovery Chart, column 4. The projected distributions in each of the foregoing scenarios would be subject to any additional potential adjustments pursuant to the Allocation Dispute Protocol necessary to reflect the adjudication or resolution of other Allocation Disputes.

It is also possible that the Bankruptcy Court may determine that some, but not all, of the DCL Plan Settlement Consideration is subject to the PHONES Subordination Provisions and EGI-TRB Subordination Provisions. In particular, the Bankruptcy Court may determine that consideration in respect of the Step Two Disgorgement Settlement is not subject to the applicable subordination provisions but that the remainder of the DCL Plan Settlement consideration is subject to those provisions. Solely for purpose of illustration, the chart below provides a comparison of the distributions that would have been received under the Second Amended Plan with results that may occur under the Third Amended Plan in the event the Bankruptcy Court were to determine that only the Step Two Disgorgement Settlement consideration is not subject to (i) the PHONES Subordination Provisions ("Scenario One"), or the EGI-TRB Subordination Provisions ("Scenario Two").

PHONES Subordination Provisions – Step Two Disgorgement Settlement Proceeds:

| Class | Second Amended Plan | Scenario One | Scenario Two |
|---|---|---|---|
| Senior Noteholder Claims | 33.6% | 31.3% | 32.9% |
| Other Parent Claims | 36.0% | 33.7% | 35.3% |
| PHONES Notes Claims | 0.0% | 4.7% | 0.0% |
| EGI-TRB LLC Notes Claims | 0.0% | 0.0% | 4.7% |

See Recovery Chart, columns 6-7. Again, the projected distributions in each of the foregoing hypothetical scenarios would be subject to any additional potential adjustments pursuant to the Allocation Dispute Protocol necessary to reflect adjudication and/or resolution of other Allocation Disputes.

2. Application of the PHONES Subordination Provisions and the EGI-TRB Subordination Provisions to the Creditors' Trust Interests and the Litigation Trust Interests.

In light of the Bankruptcy Court's Chapter 5/Litigation Trust Finding that, with respect to the Litigation Trust, "causes of action that the Debtors' estate may assert under Chapter 5 of the Bankruptcy Code are not 'assets of the Company' subject to the PHONES Subordination Provision," (Confirmation Opinion at 112-14 and n. 84), the question may arise as to whether such reasoning also applies to the potential distributions from the Litigation Trust for purposes of the EGI-TRB Subordination Provisions.

---

[5] This outcome would be conditioned upon the allowance of the EGI-TRB LLC Claims. The EGI-TRB LLC Claims are subject to challenge by the Litigation Trust pursuant to Article XIII of the Third Amended Plan, and the allowance of such Claims is not subject to the Allocation Dispute Protocol. Moreover, the Allocation Dispute Protocol is not contemplated to address issues raised in the lawsuit titled *Official Committee of Unsecured Creditors of the Tribune Company v. FitzSimons, et al. (In re Tribune Co.)*, Adv. Proc. No. 10-54010 (Bankr. D. Del.) (KJC).

In addition, in light of the Bankruptcy Court's Chapter 5/Litigation Trust Finding, the question may arise as to whether such reasoning also applies to distributions from the Creditors' Trust for purposes of either or both of the EGI-TRB Subordination Provisions and the PHONES Subordination Provisions.

Accordingly, the questions of whether and to what extent (a) any or all potential distributions from the Litigation Trust may be subject to the EGI-TRB Subordination Provisions and (b) any or all potential distributions from the Creditors' Trust may be subject to either or both of the PHONES Subordination Provisions or the EGI-TRB Subordination Provisions shall be adjudicated or resolved pursuant to the Allocation Dispute Protocol. Depending upon their outcome, the adjudication or resolution of these issues may potentially impact the distributions received under the Third Amended Plan by the Holders of Senior Noteholder Claims, Other Parent Claims, EGI-TRB LLC Notes Claims, and PHONES Notes Claims. For example, and solely for purposes of illustration, in the event that the Bankruptcy Court were to determine that all potential distributions from the Litigation Trust (subject to the Chapter 5/Litigation Trust Finding) and the Creditors' Trust are subject to the PHONES Subordination Provisions and the EGI-TRB Subordination Provisions, then no adjustments to the distributions provided under the Third Amended Plan would be required (although such distributions would remain subject to any additional potential adjustments necessary to reflect the adjudication or resolution of other Allocation Disputes).

However, and solely for purposes of illustration, if the Bankruptcy Court were to determine that some or all of the potential distributions from the Litigation Trust and/or Creditors' Trust do not fall within the scope of the EGI-TRB Subordination Provisions or the PHONES Subordination Provisions, the Holders of EGI-TRB LLC Notes Claims and/or PHONES Notes Claims, respectively, would be permitted to retain such distributions and would not be required to turn them over to the beneficiaries of the subordination provisions (subject to any additional potential adjustments necessary to reflect the adjudication or resolution of other Allocation Disputes). Though it is not possible to predict with certainty the actual distributions that will be made by the Litigation Trust and/or the Creditors' Trust, in such event, the proportionate share of potential distributions from the Litigation Trust provided to the Holders of Senior Noteholder Claims and Other Parent Claims would be smaller than those provided under the Second Amended Plan, and the proportionate share of potential distributions from the Litigation Trust and/or Creditors' Trust provided to the Holders of EGI-TRB Notes Claims and/or PHONES Notes Claims would be greater than those provided under the Second Amended Plan (subject to any additional potential adjustments necessary to reflect the adjudication or resolution of other Allocation Disputes).

3. Entitlement of Holders of Other Parent Claims to Benefit From the PHONES Subordination Provisions and the EGI-TRB Subordination Provisions.

The Second Amended Plan provided that, consistent with the PHONES Subordination Provisions, distributions on account of Allowed PHONES Notes Claims would be turned over to the Holders of Claims arising from "Senior Indebtedness", including the Holders of Senior Loan Claims, Senior Noteholder Claims, and Other Parent Claims. The Second Amended Plan further provided that the Holders of Other Parent Claims and the Holders of Senior Noteholder Claims, as the Holders of Claims entitled to receive the benefit of the PHONES Subordination Provisions, would receive substantially the same pro rata share[6] of the DCL Plan Settlement consideration.[7] The questions of whether and to what

---

[6] As noted above, the Second Amended Plan provided that the Holders of Senior Noteholder Claims and Other Parent Claims would, as a default, receive approximately 32.73% of their Allowed Claims, plus Litigation Trust Interests and Creditors' Trust Interests. Holders of Other Parent Claims, however, also had the option of receiving 35.18% of their Allowed Other Parent Claim if they elected to forego receiving Litigation Trust Interests and Creditors' Trust Interests. (Second Amended Plan, § 3.2.6(c).)

extent Other Parent Claims may constitute "Senior Indebtedness" under the PHONES Subordination Provisions or "Senior Obligations" under the EGI-TRB Subordination Provisions, respectively, shall be adjudicated or resolved pursuant to the Allocation Dispute Protocol. Depending upon their outcome, the adjudication or resolution of these issues may potentially impact the distributions to be received under the Third Amended Plan by the Holders of Senior Noteholder Claims and Other Parent Claims. For example, and solely for purposes of illustration, if the Bankruptcy Court were to determine that (a) the Third Amended Plan is unfairly discriminatory because none of the Other Parent Claims constitute "Senior Indebtedness" for purposes of the PHONES Subordination Provisions and (b) all of the DCL Plan Settlement consideration is subject to the PHONES Subordination Provisions, the recoveries provided under the Second Amended Plan to the following creditors would potentially be adjusted pursuant to the Allocation Dispute Protocol:

- projected distributions to the Holders of Senior Noteholder Claims would increase from approximately 33.6% to approximately 35.4%;

- projected distributions to the Holders of Other Parent Claims would decrease from approximately 36.0% to approximately 27.1%;

- projected distributions to the Holders of PHONES Notes Claims would remain approximately the same (i.e., no recovery); and

- projected distributions to the Holders of EGI-TRB LLC Notes Claims would remain approximately the same (i.e., no recovery).

See Recovery Chart, column 9. Similarly, solely for illustrative purposes, if the Bankruptcy Court were to determine that (a) the Third Amended Plan is unfairly discriminatory because none of the Other Parent Claims constitute "Senior Obligations" under the EGI-TRB Subordination Provisions and (b) all of the DCL Plan Settlement consideration is within the scope of the EGI-TRB Subordination Provisions, the recoveries provided under the Second Amended Plan to the following creditors would potentially be adjusted pursuant to the Allocation Dispute Protocol:

- projected distributions to the Holders of Senior Noteholder Claims would increase from approximately 33.6% to approximately 34.1%;

- projected distributions to the Holders of Other Parent Claims would decrease from approximately 36.0% to approximately 33.3%;

- projected distributions to the Holders of PHONES Notes Claims would remain approximately the same (i.e., no recovery); and

- projected distributions to the Holders of EGI-TRB LLC Notes Claims would remain approximately the same (i.e., no recovery).

---

[7] The DCL Proponents believe that, under the terms of the PHONES Notes Indenture, the Holders of Senior Loan Claims are entitled to receive the benefit of the PHONES Subordination Provisions because they constitute "indebtedness for borrowed money" for purposes of the definition of "Senior Indebtedness" thereunder. However, under the terms of the DCL Plan Settlement, the Holders of Senior Loan Claims agreed to forego approximately $318 million of Cash distributions which would otherwise be allocated to them under the Second Amended Plan. These distributions would instead be reallocated under both the Second Amended Plan and the Third Amended Plan to the Holders of Senior Noteholder Claims, Other Parent Claims and Convenience Claims against Tribune.

See Recovery Chart, column 10. The projected distributions under each of the foregoing scenarios would be subject to any additional potential adjustments pursuant to the Allocation Dispute Protocol necessary to reflect the adjudication or resolution of other Allocation Disputes.[8]

4. Allowed Amount of PHONES Notes Claims.

As noted in the Supplement, in the Confirmation Opinion, the Bankruptcy Court determined that there was an insufficient record to permit the Bankruptcy Court to resolve disputes regarding the proper Allowed amount of the PHONES Notes Claims (Confirmation Opinion at 106). In order to fairly and expeditiously determine the Allowed amount of the PHONES Notes Claim, such amount shall be adjudicated or resolved pursuant to the Allocation Dispute Protocol.

Depending upon its outcome, the adjudication or resolution of this issue may potentially impact the distributions to be received under the Third Amended Plan by the Holders of Senior Noteholder Claims, Other Parent Claims, EGI-TRB LLC Notes Claims, and PHONES Notes Claims. For example, and solely for purposes of illustration, in the event that the Bankruptcy Court were to determine that (a) the aggregate Allowed amount of the PHONES Notes on the Petition Date was $1.197 billion as opposed to $761 million, (b) all of the Other Parent Claims constitute "Senior Indebtedness" for purposes of the PHONES Notes Indenture, and (c) all of the DCL Plan Settlement consideration is subject to the PHONES Subordination Provisions and the EGI-TRB Subordination Provisions, the resolution of this issue would impact only the potential distributions from the Litigation Trust and the Creditors' Trust that may be received under the Third Amended Plan by the Holders of Senior Noteholder Claims, Other Parent Claims, EGI-TRB LLC Notes Claims, and PHONES Notes Claims. However, solely for purposes of illustration, if the Bankruptcy Court were to determine that (a) the aggregate Allowed amount of the PHONES Notes on the Petition Date was $1.197 billion as opposed to $761 million and (b) none of the Other Parent Claims constitute "Senior Indebtedness" for purposes of the PHONES Subordination Provisions, the recoveries provided under the Second Amended Plan to the following creditors would potentially be adjusted pursuant to the Allocation Dispute Protocol as follows:

- projected distributions to the Holders of Senior Noteholder Claims would increase from approximately 33.6% to approximately 35.4% (Low PHONES) or approximately 36.0% (High PHONES);

- projected distributions to the Holders of Other Parent Claims would decrease from approximately 36.0% to approximately 27.1% (Low PHONES) or approximately 24.2% (High PHONES);

- projected distributions to the Holders of PHONES Notes Claims would remain approximately the same (i.e., no recovery); and

---

[8] Certain arguments also may arise as to whether and to what extent postpetition interest accruing in respect of the Senior Noteholder Claims and Other Parent Claims (to the extent applicable) constitutes "Senior Indebtedness" for purposes of the PHONES Subordination Provisions. A similar issue may potentially arise with respect to the EGI-TRB Subordination Provisions. In order to fairly and expeditiously address these potential subordination issues, the questions of whether and to what extent post-petition interest accruing in respect of the Senior Noteholder Claims and Other Parent Claims (to the extent applicable) constitutes "Senior Indebtedness" for purposes of the PHONES Subordination Provisions and "Senior Obligations" for purposes of the EGI-TRB Subordination Provisions shall be adjudicated or resolved pursuant to the Allocation Dispute Protocol. However, these issues likely would become relevant only in the event that the Holders of Senior Noteholder Claims and Other Parent Claims have otherwise received payment in full on account of their Claims (i.e., payment of the principal amount of their Claims).

- projected distributions to the Holders of EGI-TRB LLC Notes Claims would remain approximately the same (i.e., no recovery).

See Recovery Chart, columns 12 (Low PHONES), 13 (High PHONES). The foregoing projected distributions would remain subject to any additional adjustments pursuant to the Allocation Dispute Protocol necessary to reflect the adjudication of the other Allocation Disputes.

Consistent with the Bankruptcy Court's determination that "it is not appropriate to use § 510(b) to sub-subordinate the Tendering Holders' claims to other PHONES Noteholder Claims", each PHONES Notes Claim shall be considered on an equal priority basis, regardless of whether such claim arises from the exchanged PHONES Notes that were not settled in cash prior to the Petition Date.[9]

5. Relative Priorities of the PHONES Notes and the EGI-TRB LLC Notes.

The Confirmation Opinion did not address the relative priorities of the PHONES Notes Claims and the EGI-TRB LLC Notes Claims because the Second Amended Plan did not provide for any up-front recovery or compensation to the Holders of Allowed EGI-TRB LLC Notes Claims or PHONES Notes Claims.[10] Depending upon the outcome of the Allocation Disputes, it is possible that the relative priorities of the EGI-TRB LLC Notes Claims and PHONES Notes Claims may be relevant for purposes of determining the distributions to be received under the Third Amended by the Holders of Allowed EGI-TRB Notes Claims and PHONES Notes Claims.[11] Accordingly, the relative priorities of the EGI-TRB LLC Notes Claims and the PHONES Notes Claims shall be adjudicated or resolved pursuant to the Allocation Dispute Protocol. Depending upon its outcome, the adjudication or resolution of this issue may potentially impact the distributions to be received under the Third Amended Plan by Holders of PHONES Notes Claims and EGI-TRB LLC Notes Claims. For example, and solely for purposes of illustration, if the Bankruptcy Court were to determine that the PHONES Notes are contractually subordinated in their entirety in right of payment to the EGI-TRB LLC Notes, then any distributions that would otherwise have been made to the Holders of PHONES Notes Claims under the Third Amended Plan would instead potentially be made to the Holders of EGI-TRB LLC Notes Claims.

---

[9] Section 1.1.185 of the Third Amended Plan provides that PHONES Notes Claims include "any Claim[s] arising under or evidenced by the PHONES Notes Indenture".

[10] Second Amended Plan, § 7.15.

[11] The determination regarding the relative priorities of the EGI-TRB LLC Notes and the PHONES Notes may impact the potential recoveries of the Senior Noteholder Claims and Other Parent Claims in scenarios where some or all of the Other Parent Claims benefit from either the Phones Subordination Provisions or EGI Subordination Provisions, but not both. Such potential impact on the recoveries of Senior Noteholder Claims and Other Parent Claims is not significant. See Section D for more information.

## B. Notes & Assumptions for Recovery Charts

The projected recoveries set forth in the Recovery Charts are provided solely for illustrative purposes. Additionally, such projected recoveries are estimates only and are subject to a number of variables, including, among other things, the outcome of the Allocation Disputes and the amount of Allowed Claims within any particular Class. As a result of the foregoing and other uncertainties which are inherent in such estimates, the projected distributions set forth in the Recovery Charts may vary from the actual recoveries.

Certain key factors and assumptions utilized in connection with determining the projected recoveries set forth in the Recovery Charts include the following:

Distributable Enterprise Value and Treatment Elections

- The projected recoveries in the Supplement and this Exhibit A are based, solely for illustrative purposes, upon an assumed Distributable Enterprise Value ("DEV") of $6.870 billion, comprised of Total Distributable Value of $6.75 billion and $120 million of Step Two Disgorgement Settlement proceeds. The $6.870 billion DEV number was previously utilized in the General Disclosure Statement. As noted below, the Court found in the Confirmation Opinion that the DEV as of January 19, 2011, was different from this amount.

- The Second Amended Plan permitted the Senior Noteholders and Holders of Other Parent Claims to elect in lieu of an all-cash distribution, to receive a "strip" of consideration consisting of a portion of Distributable Cash, New Senior Secured Term Loan and New Common Stock (a "Strip"). This option to receive a Strip distribution was added to the Second Amended Plan in part to address concerns about potential changes to the DEV, and such option is preserved in the Third Amended Plan. To the extent that the Holders of Other Parent Claims or Senior Noteholder Claims elect to receive a Strip, their ultimate recovery percentages may potentially be higher or lower than the projected recoveries set forth in the Recovery Charts due to, for example, potential variations between the *estimated* value of the New Common Stock or *estimated* amount of Distributable Cash utilized for purposes of estimating the Debtors' Total Distributable Value (as reflected in the Recovery Charts) and the *actual* value on the Effective Date of the New Common Stock issued and amount of Distributable Cash distributed to the Holders of such Claims.

- In the Confirmation Opinion, the Bankruptcy Court found the Total Distributable Value to be $7.019 billion as of January 19, 2011, which when added to the Step Two Disgorgement Settlement proceeds yields a DEV of $7.139 billion. If the DEV as of the Effective Date were $7.139 billion rather than $6.870 billion, Holders of Senior Noteholder Claims who elect to receive a Strip would receive their pro rata share of $447.9 million of consideration (6.27425% of DEV), whereas those electing cash would receive their pro rata share of $431.0 million of cash (fixed amount that does not vary with DEV). Consequently, the estimated recovery percentage for Holders of Senior Noteholder Claims that receive a Strip would be approximately 1.3 percentage points higher than the recovery percentage of those who elect cash. Similarly, the estimated recovery percentage for Holders of Other Parent Claims who elect to receive a Strip would be approximately 1.3 percentage points higher than the recovery percentage of those who elect cash.

Other Notes and Assumptions

- Except where inconsistent with the Notes and Assumptions in this Exhibit A, the key factors and assumptions underlying the projected recoveries in the Recovery Charts include the Key Factors and Assumptions set forth in Article II.C of the Specific Disclosure Statement, which are hereby incorporated herein by reference (Specific Disclosure Statement at 11-12).

- The projected recoveries assume that the aggregate consideration provided pursuant to the DCL Plan Settlement is $534.9 million of which $452 million is allocable to parent creditors, as further described in Article II.A of the Specific Disclosure Statement, including $13.3 million from the bridge settlement. (Specific Disclosure Statement at 3-6 and Exhibit A to the Order Approving the Mediators 3rd Report at 1).

- The projected recoveries assume that no Claim will receive value in excess of 100% of the Allowed amount of such Claim.

- The Holders of Allowed General Unsecured Claims against Tribune that elect, pursuant to section 3.2.6(c) of the Third Amended Plan, to forego receiving Litigation Trust Interests and Creditors' Trust Interests receive a 2.45% greater distribution than those who do not elect to forego trust interests. Specifically, those who forego trust interests receive 35.18% of their Allowed Claim plus a Pro Rata Share of the Bridge Settlement Proceeds while those who elect to receive trust interests receive 32.73% of their Allowed Claim plus a Pro Rata Share of the Bridge Settlement Proceeds. The estimated recovery percentages set forth in the Recovery Charts for the Holders of Other Parent Claims assume that all such Holders elected to forego receiving trust interests and instead receive 35.18% of their Allowed Other Parent Claim.

- PHONES Notes Claims and EGI-TRB Notes are assumed to be of equal priority (unless specifically stated otherwise) because a finding that one has priority over the other is not relevant for the scenarios illustrated.

- In scenarios where the Allowed amount of the PHONES is assumed to be approximately $761 million ("Low PHONES"), the recovery percentages will be different for holders of exchanged PHONES Notes and holders of unexchanged PHONES Notes – the recovery percentage shown in the Recovery Charts is that for holders of unexchanged Notes. In scenarios where the Allowed amount of the PHONES is assumed to be approximately $1.2 billion ("High PHONES"), the recovery percentages will be identical for holders of exchanged and unexchanged Notes.

- There may be multiple scenarios that would lead to the same Minimum or Maximum Recovery for a Class of Claims.

C. **Explanation of Recovery Chart**

- The columns of the Recovery Charts summarize the recoveries for the Tribune creditors under each of the Allocation Dispute scenarios described in Section I above (as well as three intermediate scenarios).
- The headings at the top of each column provide a brief description of the scenario illustrated in such column. The parenthetical at the end of each description is a cross-reference to the particular sub-section of Section A that discusses the scenario depicted in the column.
- The top third ("Assumptions for Illustrative Resolution of Allocation Disputes") of the Recovery Chart describes the combination of outcomes of the various Allocation Disputes that are depicted in a given column (each, an "Allocation Scenario").
- The middle third ("Illustrative Recovery as a % of Claim") represents the recovery percentage that each class of claims would receive under each given Allocation Scenario.
- The bottom third ("Illustrative Recovery Amount") represents the recovery dollar amount that each class of claims would receive under each given Allocation Scenario.
- Column 1 ("2nd Amended Plan") provides the estimated recoveries under the Second Amended Plan. Column 2 represents the initial distributions that would be made under the Third Amended Plan in the event that none of the Allocation Disputes have been resolved prior to the Effective Date (in which case an Allocation Dispute Reserve of $215 million would be maintained). For ease of reference these two columns are shown on both pages of the Recovery Chart.
- Columns 3, 4, 6, 7, 9, 10, 12 and 13 illustrate Allocation Scenarios that are specifically discussed in Section A while columns 5, 8 and 11 are not specifically referenced in the Section A (column 5 shows a combination of columns 3 & 4; column 8 shows a combination of columns 6 & 7; and column 11 shows a combination of columns 9 & 10).
- Columns 14 through 23 illustrate Allocation Scenarios that result in the minimum and maximum recoveries to the following group of claimants: Senior Noteholders, Other Parent Claims, PHONES and EGI Claims. These Allocation Scenarios are discussed in section III.B.1 of the Supplement.

D.  **Recovery Chart**

[Remainder of Page Intentionally Blank]

13

Tribune Company Recovery Chart
11/18/2011
$ in 000's

Exhibit A - Section D

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 2nd Amended Plan | Initial Distribution if no Allocation Dispute issues are resolved | PHONES | EGI | PH & EGI | PHONES | EGI | PH & EGI | from PHONES Subord. (Ex. A - A.3) | from EGI Subord. (Ex. A - A.3) | from both PH & EGI Subord. | | |
| | | | Subordination Does not Apply to DCL Settlement Proceeds (Ex. A - A.1) | | | Subordination Does not Apply to Disgorgement Settlement Proceeds Only (Ex. A - A.1) | | | Other Parent Claims Do Not Benefit | | | Low vs. High PHONES Other Parent Claims do not benefit from PHONES Subordination (Ex. A - A.4) | |

**Assumptions for Illustrative Resolution of Allocation Disputes**

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PHONES Adjudicated Amount | $ 760,881 | $ 1,196,823 | $ 760,881 | $ 760,881 | $ 760,881 | $ 760,881 | $ 760,881 | $ 760,881 | $ 760,881 | $ 760,881 | $ 760,881 | $ 760,881 | $ 1,196,823 |
| PHONES Subordinated for Cash Settlement | YES | NO (1) | NO | YES | NO | YES | YES | YES | YES | YES | YES | YES | YES |
| PHONES Subordinated for Disg Settlement | YES | NO (1) | NO | YES | NO | NO | YES | NO | YES | YES | YES | YES | YES |
| Retirees are Senior Indebetedness | YES | NO (2) | YES | YES | YES | YES | YES | YES | NO | YES | NO | NO | NO |
| Trade & Other are Senior Indebetedness | YES | NO (2) | YES | YES | YES | YES | YES | YES | NO | YES | NO | NO | NO |
| Swap are Senior Indebetedness | YES | NO (2) | YES | YES | YES | YES | YES | YES | NO | YES | NO | NO | NO |
| EGI Subordinated for Cash Settlement | YES | NO (1) | YES | NO | NO | YES | YES | YES | YES | YES | YES | YES | YES |
| EGI Subordinated for Disg Settlement | YES | NO (1) | YES | NO | NO | YES | NO | NO | YES | YES | YES | YES | YES |
| Retirees are Senior Obligations | YES | NO (2) | YES | YES | YES | YES | YES | YES | YES | NO | NO | YES | YES |
| Trade & Other are Senior Obligations | YES | NO (2) | YES | YES | YES | YES | YES | YES | YES | NO | NO | YES | YES |
| Swap are Senior Obligations | YES | NO (2) | YES | YES | YES | YES | YES | YES | YES | NO | NO | YES | YES |

**Illustrative Recovery as a % of Claim**

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Senior Loan Claim | 1.1% | 1.1% | 1.1% | 1.1% | 1.1% | 1.1% | 1.1% | 1.1% | 1.1% | 1.1% | 1.1% | 1.1% | 1.1% |
| Senior Guarantee Claim - Swap | 64.0% | 69.9% | 69.9% | 66.6% | 69.9% | 66.3% | 64.7% | 67.0% | 69.9% | 66.7% | 69.9% | 69.9% | 69.9% |
| Senior Guarantee Claim - Loans | 70.1% | 69.9% | 69.9% | 70.0% | 69.9% | 70.0% | 70.0% | 70.0% | 69.9% | 70.0% | 69.9% | 69.9% | 69.9% |
| Bridge Loan Claims | 4.0% | 4.0% | 4.0% | 4.0% | 4.0% | 4.0% | 4.0% | 4.0% | 4.0% | 4.0% | 4.0% | 4.0% | 4.0% |
| Senior Noteholder Claims | 33.6% | 19.8% | 25.0% | 30.9% | 22.3% | 31.3% | 32.9% | 30.6% | 35.4% | 34.1% | 35.9% | 35.4% | 36.0% |
| Phones Notes Claims (3) | 0.0% | 0.0% | 17.5% | 0.0% | 17.5% | 4.7% | 0.0% | 4.7% | 0.0% | 0.0% | 0.0% | 0.0% | 0.0% |
| EGI-TRB LLC Notes Claims | 0.0% | 0.0% | 0.0% | 17.5% | 17.5% | 0.0% | 4.7% | 4.7% | 0.0% | 0.0% | 0.0% | 0.0% | 0.0% |
| Other Parent Claims - Retirees | 36.0% | 21.8% | 27.4% | 33.4% | 24.8% | 33.7% | 35.3% | 33.0% | 27.1% | 33.3% | 24.4% | 27.1% | 24.2% |
| Other Parent Claims - Trade & Other | 36.0% | 21.8% | 27.4% | 33.4% | 24.8% | 33.7% | 35.3% | 33.0% | 27.1% | 33.3% | 24.4% | 27.1% | 24.2% |
| Other Parent Claims - Swap Claim | 36.0% | 21.8% | 27.4% | 33.4% | 24.8% | 33.7% | 35.3% | 33.0% | 27.1% | 33.3% | 24.4% | 27.1% | 24.2% |
| Subsidiary General Unsecured Claims | 100.0% | 100.0% | 100.0% | 100.0% | 100.0% | 100.0% | 100.0% | 100.0% | 100.0% | 100.0% | 100.0% | 100.0% | 100.0% |

**Illustrative Recovery Amount ($'000)**

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Senior Loan Claim | $ 93,092 | $ 93,092 | $ 93,092 | $ 93,092 | $ 93,092 | $ 93,092 | $ 93,092 | $ 93,092 | $ 93,753 | $ 93,296 | $ 93,957 | $ 93,753 | $ 93,753 |
| Senior Guarantee Claim - Swap | 96,546 | 105,586 | 105,586 | 100,566 | 105,586 | 100,046 | 97,629 | 101,129 | 105,586 | 100,700 | 105,586 | 105,586 | 105,586 |
| Senior Guarantee Claim - Loans | 6,004,406 | 5,995,367 | 5,995,367 | 6,000,387 | 5,995,367 | 6,000,907 | 6,003,324 | 5,999,824 | 5,995,367 | 6,000,253 | 5,995,367 | 5,995,367 | 5,995,367 |
| Bridge Loan Claims | 64,500 | 64,500 | 64,500 | 64,500 | 64,500 | 64,500 | 64,500 | 64,500 | 64,500 | 64,500 | 64,500 | 64,500 | 64,500 |
| Senior Noteholder Claims | 431,041 | 253,516 | 320,560 | 396,875 | 286,394 | 401,289 | 421,840 | 392,088 | 453,936 | 438,121 | 461,016 | 453,936 | 461,751 |
| Phones Notes Claims | - | - | 133,277 | - | 133,277 | 35,891 | - | 35,891 | - | - | - | - | - |
| EGI-TRB LLC Notes Claims | - | - | - | 41,216 | 41,216 | - | 11,099 | 11,099 | - | - | - | - | - |
| Other Parent Claims - Retirees | 37,843 | 22,920 | 28,801 | 35,047 | 26,005 | 35,408 | 37,090 | 34,655 | 28,500 | 34,953 | 25,611 | 28,500 | 25,400 |
| Other Parent Claims - Trade & Other | 3,169 | 1,920 | 2,412 | 2,935 | 2,178 | 2,965 | 3,106 | 2,902 | 2,387 | 2,927 | 2,145 | 2,387 | 2,127 |
| Other Parent Claims - Swap Claim | 54,403 | 32,950 | 41,405 | 50,383 | 37,385 | 50,902 | 53,320 | 49,820 | 40,972 | 50,249 | 36,818 | 40,972 | 36,515 |
| Subsidiary General Unsecured Claims | 85,000 | 85,000 | 85,000 | 85,000 | 85,000 | 85,000 | 85,000 | 85,000 | 85,000 | 85,000 | 85,000 | 85,000 | 85,000 |

(1) The Consideration that would be received by the PHONES and the EGI Notes under this Column 2 would be Reserved.
(2) The $995k that would flow to the Senior Lenders and Senior Noteholders under the scenario illustrated in this Column 2 would be Reserved.

D - 1

Tribune Company Recovery Chart
11/18/2011
$ in 000's

Exhibit A - Section D

## Illustrative Minimum and Maximum Recovery by Creditor Class

| | 1 | 2 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Initial Distribution if no Allocation Dispute issues are resolved | Senior Noteholder Claims | | | Other Parent Claims | | | PHONES Notes Claims | | EGI Notes | |
| | 2nd Amended Plan | | Minimum Recovery (IV.B.1) | Maximum Recovery (IV.B.1) | Minimum Recovery (IV.B.1) | Maximum Recovery for Retirees (IV.B.1) | Maximum Recovery for Swap (IV.B.1) | Maximum Recovery (All Equal) (IV.B.1) | Minimum Recovery (IV.B.1) | Maximum Recovery (IV.B.1) | Minimum Recovery (IV.B.1) | Maximum Recovery (IV.B.1) |
| | | | | | | | | | | (3) | | (4) |
| PHONES Adjudicated Amount | $ 760,881 | $ 1,196,823 | $ 1,196,823 | $ 1,196,823 | $ 1,196,823 | $ 1,196,823 | $ 1,196,823 | $ 1,196,823 | $ 760,881 | $ 1,196,823 | $ 760,881 | $ 1,196,823 |
| PHONES Subordinated for Cash Settlement | YES | NO (1) | NO | YES | NO | YES | YES | YES | YES | NO | YES | YES |
| PHONES Subordinated for Disg Settlement | YES | NO (1) | NO | YES | NO | YES | NO | YES | YES | NO | YES | YES |
| Retirees are Senior Indebetedness | YES | NO (2) | YES | NO | NO | NO | NO | YES | NO | NO | NO | NO |
| Trade & Other are Senior Indebetedness | YES | NO (2) | YES | NO | NO | NO | NO | YES | NO | NO | NO | NO |
| Swap are Senior Indebetedness | YES | NO (2) | YES | NO | NO | NO | YES | YES | NO | NO | NO | NO |
| EGI Subordinated for Cash Settlement | YES | NO (1) | NO | YES | NO | YES | YES | YES | NO | YES | YES | NO |
| EGI Subordinated for Disg Settlement | YES | NO (1) | NO | YES | NO | YES | YES | YES | NO | YES | YES | NO |
| Retirees are Senior Obligations | YES | NO (2) | YES | NO | NO | YES | NO | YES | NO | NO | NO | NO |
| Trade & Other are Senior Obligations | YES | NO (2) | YES | NO | NO | NO | NO | YES | NO | NO | NO | NO |
| Swap are Senior Obligations | YES | NO (2) | YES | NO | NO | NO | YES | YES | NO | NO | NO | NO |

Assumptions for Illustrative Resolution of Allocation Disputes

## Illustrative Recovery as a % of Claim

| | 1 | 2 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Senior Loan Claim | 1.1% | 1.1% | 1.1% | 1.1% | 1.1% | 1.1% | 1.1% | 1.1% | 1.1% | 1.1% | 1.1% | 1.1% |
| Senior Guarantee Claim - Swap | 64.0% | 69.9% | 69.9% | 69.9% | 69.9% | 69.9% | 62.9% | 64.0% | 69.9% | 69.9% | 69.9% | 69.9% |
| Senior Guarantee Claim - Loans | 70.1% | 69.9% | 69.9% | 69.9% | 69.9% | 69.9% | 70.1% | 70.1% | 69.9% | 69.9% | 69.9% | 69.9% |
| Bridge Loan Claims | 4.0% | 4.0% | 4.0% | 4.0% | 4.0% | 4.0% | 4.0% | 4.0% | 4.0% | 4.0% | 4.0% | 4.0% |
| Senior Noteholder Claims | 33.6% | 19.8% | 19.8% | 36.5% | 19.8% | 35.2% | 34.7% | 33.6% | 32.7% | 21.2% | 35.9% | 31.6% |
| Phones Notes Claims (3) | 0.0% | 0.0% | 0.0% | 0.0% | 15.0% | 0.0% | 0.0% | 0.0% | 0.0% | 16.4% | 0.0% | 0.0% |
| EGI-TRB LLC Notes Claims | 0.0% | 0.0% | 0.0% | 0.0% | 15.0% | 0.0% | 0.0% | 0.0% | 17.5% | 0.0% | 0.0% | 26.7% |
| Other Parent Claims - Retirees | 36.0% | 21.8% | 22.2% | 21.8% | 21.8% | 37.6% | 21.8% | 36.0% | 24.4% | 21.8% | 24.4% | 21.8% |
| Other Parent Claims - Trade & Other | 36.0% | 21.8% | 22.2% | 21.8% | 21.8% | 21.8% | 21.8% | 36.0% | 24.4% | 21.8% | 24.4% | 21.8% |
| Other Parent Claims - Swap Claim | 36.0% | 21.8% | 22.2% | 21.8% | 21.8% | 21.8% | 37.1% | 36.0% | 24.4% | 21.8% | 24.4% | 21.8% |
| Subsidiary General Unsecured Claims | 100.0% | 100.0% | 100.0% | 100.0% | 100.0% | 100.0% | 100.0% | 100.0% | 100.0% | 100.0% | 100.0% | 100.0% |

## Illustrative Recovery Amount ($'000)

| | 1 | 2 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Senior Loan Claim | $ 93,092 | $ 93,092 | $ 93,092 | $ 93,957 | $ 93,957 | $ 93,608 | $ 93,458 | $ 93,092 | $ 93,957 | $ 93,957 | $ 93,957 | $ 93,957 |
| Senior Guarantee Claim - Swap | 96,546 | 105,586 | 105,586 | 105,586 | 105,586 | 105,586 | 94,882 | 96,546 | 105,586 | 105,586 | 105,586 | 105,586 |
| Senior Guarantee Claim - Loans | 6,004,406 | 5,995,367 | 5,995,367 | 5,995,367 | 5,995,367 | 5,995,367 | 6,006,071 | 6,004,407 | 5,995,367 | 5,995,367 | 5,995,367 | 5,995,367 |
| Bridge Loan Claims | 64,500 | 64,500 | 64,500 | 64,500 | 64,500 | 64,500 | 64,500 | 64,500 | 64,500 | 64,500 | 64,500 | 64,500 |
| Senior Noteholder Claims | 431,041 | 253,516 | 253,516 | 467,800 | 253,646 | 451,548 | 445,183 | 431,041 | 419,801 | 271,850 | 461,016 | 404,880 |
| Phones Notes Claims | - | - | - | - | 178,969 | - | - | - | - | 195,950 | - | - |
| EGI-TRB LLC Notes Claims | - | - | - | - | 35,186 | - | - | - | 41,216 | - | - | 62,921 |
| Other Parent Claims - Retirees | 37,843 | 22,920 | 23,315 | 22,920 | 22,920 | 39,521 | 22,920 | 37,843 | 25,611 | 22,920 | 25,611 | 22,920 |
| Other Parent Claims - Trade & Other | 3,169 | 1,920 | 1,953 | 1,920 | 1,920 | 1,920 | 1,920 | 3,169 | 2,145 | 1,920 | 2,145 | 1,920 |
| Other Parent Claims - Swap Claim | 54,403 | 32,950 | 33,517 | 32,950 | 32,950 | 32,950 | 56,067 | 54,403 | 36,818 | 32,950 | 36,818 | 32,950 |
| Subsidiary General Unsecured Claims | 85,000 | 85,000 | 85,000 | 85,000 | 85,000 | 85,000 | 85,000 | 85,000 | 85,000 | 85,000 | 85,000 | 85,000 |

(1) The Consideration that would be received by the PHONES and the EGI Notes under this Column 2 would be Reserved.
(2) The $995k that would flow to the Senior Lenders and Senior Noteholders under the scenario illustrated in this Column 2 would be Reserved.
(3) Assumes EGI Notes are Subordinated to PHONES Notes (Column 21)
(4) Assumes PHONES Notes are Subordinated to EGI Notes (Column 23)

**Tribune Company Reserve Buildup**

11/18/2011
$ in 000's

| | |
|---|---|
| Potential PHONES & EGI Recovery Reserve | $ 214,155 (A) |
| Reserve of Base Consideration Other Parent Claims would receive if they benefit from PHONES/EGI Subordination: | |
| Retiree Claims | 395 |
| Trade & Other Claims | 33 |
| Swap Claim | 567 |
| Subtotal | 995 |
| Total Reserve | $ 215,150 |

**Notes to Table:**
(A) Represents the maximum potential distribution that could occur to the combination of the PHONES & EGI Claims under any scenario (see for example Scenarios 14 and 16)