# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Related to Docket No. 10254** |

## NOTICE OF AMENDED[2] AGENDA OF MATTERS
## SCHEDULED FOR HEARING ON NOVEMBER 22, 2011 AT 2:00 P.M.
## BEFORE THE HONORABLE KEVIN J. CAREY

Any party who wishes to participate in the hearing via telephone must contact
CourtCall by telephone (866-582-6878) or by facsimile (866-533-2946)
no later than 12:00 p.m. one business day prior to the hearing.

## RESOLVED - ORDER ENTERED

1. Debtors' Forty-Sixth Omnibus (Non-Substantive) Objection to Claims Pursuant to
   Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and
   Local Rule 3007-1 (Filed September 19, 2011) (Docket No. 9788)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] **Amendments appear in bold print.**

Response Deadline: October 12, 2011 at 4:00 p.m.

Responses Received:

    (a)    United States' Response to Debtors' Forty-Sixth Omnibus Objection to Claims (Filed November 2, 2011) (Docket No. 10147)

Related Documents:

    (a)    Notice of Submission of Proofs of Claim Regarding Debtors' Forty-Sixth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (Filed October 5, 2011) (Docket No. 9893)

    (b)    Order Partially Sustaining Debtors' Forty-Sixth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (Entered October 19, 2011) (Docket No. 10022)

    (c)    Order Partially Sustaining Debtors' Forty-Sixth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (Entered November 15, 2011) (Docket No. 10236)

Status:    The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection and with respect to the claim of the Department of the Treasury. This Objection has been fully adjudicated and will not be going forward.

## CONTINUED MATTERS

2.    Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed November 13, 2009) (Docket No. 2561)

Response Deadline: December 8, 2009 at 4:00 p.m.

Responses Received:

    (a)    Response by Robby S. Wells to Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims (Filed December 4, 2009) (Docket No. 2744)

    (b)    Letter from Robert Wells with copy of Hauling Agreement (Received February 17, 2011) (TBD)

    (c)    Informal Response received from GE Capital Fleet Services

46429/0001-7927865v3

Related Documents:

    (a)    Notice of Submission of Proofs of Claim Regarding Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed December 1, 2009) (Docket No. 2685)

    (b)    Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered January 5, 2010) (Docket No. 3011)

    (c)    Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims as Relates to Claim No. 5606 of Personal Plus, Inc. Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered February 24, 2010) (Docket No. 3526)

    (d)    Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims as Relates to Claim No. 1332 of Karolyn Walker Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered December 22, 2010) (Docket No. 7274)

Status:    The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection, and with respect to Claim No. 5606 of Personal Plus, Inc. and Claim No. 1332 of Karolyn M. Walker. The Objection was withdrawn with respect to Claim No. 501 of Chris Parker and Claim No. 2998 of Marc Silver. The hearing on the Objection is adjourned to the January 11, 2012 hearing as to the claims of GE Capital Fleet Services and Robby S. Wells. This matter will not be going forward.

3.    Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed April 16, 2010) (Docket No. 4091)

Response Deadline: May 11, 2010 at 4:00 p.m.

Responses Received:

    (a)    Response by Marbury L. von Briesen (Filed May 12, 2010) (Docket No. 4349)

    (b)    Response by Herbert E. Eye (Filed May 12, 2010) (Docket No. 4350)

    (c)    Response by Herbert E. Eye (Filed May 14, 2010) (Docket No. 4394)

    (d)    Supplemental Response by Marbury L. von Briesen (Filed July 15, 2010) (Docket No. 5016)

Related Documents:

(a)     Notice of Submission of Proofs of Claim Regarding Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed May 4, 2010) (Docket No. 4230)

(b)     Order Sustaining Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered May 14, 2010) (Docket No. 4406)

(c)     Order Approving (I) Stipulation Between the Debtors and CNN Newsource Sales, Inc. Regarding Allowance of Claims and (II) Partial Withdrawal of Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims as It Relates to Claim No. 4863 of CNN Newsource Sales, Inc. (Entered October 28, 2010) (Docket No. 6158)

(d)     Order Approving Stipulation Between Certain of the Debtors and Oracle Corporation Oracle America, Inc., as Successor-By-Merger to Sun Microsystems, Inc., Regarding (I) Resolution of Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims as it Relates to the Claims of Oracle and (II) Allowance of Certain Prepetition Claims of Oracle (Entered November 23, 2010) (Docket No. 6593)

(e)     Order Partially Sustaining Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims as it Relates to the Claim of Terry Godbey (Entered May 25, 2011) (Docket No. 8988)

Status:     The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection and Orders resolving Claim No. 4863 of CNN Newsource Sales, Inc. and Claim No. 3672 of Terry Godbey. The Objection was withdrawn as to the claims of 9090 Enterprises and Spanlink Communications. The claim of Maureen Dombeck is pending before the Court. This matter is adjourned to the January 11, 2012 hearing as to the claims of Marbury von Briesen and Herbert Eye. This matter will not be going forward.

4.     Debtors' Twenty-Seventh Omnibus Objection (Non-Substantive) to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed May 17, 2010) (Docket No. 4441)

Response Deadline: June 9, 2010 at 4:00 p.m.

Responses Received:

(a)     Response by Marcia Willette (Filed June 8, 2010) (Docket No. 4721)

46429/0001-7927865v3

Related Documents:

(a) Order Sustaining Debtors' Twenty-Seventh Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered June 14, 2010) (Docket No. 4774)

(b) Order Sustaining in Part Debtors' Twenty-Seventh Omnibus Objection (Non-Substantive) to Claims as it Relates to Claim No. 5785 of Cawley Chicago Portfolio, LLC (Entered July 19, 2010) (Docket No. 5071)

Status: The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection and an Order with respect to the claim of Cawley Chicago Portfolio, LLC. The Objection was withdrawn as to the claims of the United States Environmental Protection Agency and Annapolis West Limited Partnership. The Debtors and Marcia Willette have reached a resolution of the Objection as it relates to Claim No. 6160 filed by Marcia Willette as Guardian for Zachary Mitzkovitz and intend to file a stipulation documenting that agreement for the Court's approval prior to the next hearing date scheduled for this matter. This matter will not be going forward.

5. Debtors' Thirty-Third Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed July 19, 2010) (Docket No. 5081)

Response Deadline: August 12, 2010 at 4:00 p.m.

Responses Received:

(a) Informal response received from the City of Chicago Department of Revenue (Received August 10, 2010)

Related Documents:

(a) Notice of Submission of Proofs of Claim Regarding Debtors' Thirty-Third Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed August 5, 2010) (Docket No. 5266)

(b) Order Partially Sustaining Debtors' Thirty-Third Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed August 19, 2010) (Docket No. 5434)

46429/0001-7927865v3

(c)   Order Partially Sustaining Debtors' Thirty-Third Omnibus (Substantive) Objection to Claims as it Relates to Claim No. 6344 of Albert Togut, Chapter 7 Trustee of PLVTZ, Inc. (Entered July 75, 2011) (Docket No. 9535)

Status:   The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection, an Order with respect to the claim of the City of West Hollywood and an Order with respect to the claim of Albert Togut, Chapter 7 Trustee of PLVTZ, Inc. The hearing on the Objection is adjourned to the January 11, 2012 hearing as to Claim No. 728 of the City of Chicago. This matter will not be going forward.

6.   Debtors' Fortieth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003, and 3007, and Local Rule 3007-1 (Filed January 28, 2011) (Docket No. 7674)

Response Deadline: February 22, 2011 at 4:00 p.m.

Responses Received:

(a)   Response of USDR (CLM #1672, CLM #2279 and CLM No. 2827) to Debtor's Fortieth Omnibus Objection to Claims (Docket #3792); Declaration of Jon Dickinson (Filed February 14, 2011) (Docket No. 7932)

Related Documents:

(a)   Notice of Submission of Proofs of Claim Regarding Debtors' Fortieth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003, and 3007, and Local Rule 3007-1 (Filed February 11, 2011) (Docket No. 7906)

(b)   Order Partially Sustaining Debtors' Fortieth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (Entered February 25, 2011) (Docket No. 8146)

(c)   Order Partially Sustaining Debtors' Fortieth Omnibus (Substantive) Objection to Claims as Relates to Claim Nos. 753 and 754 of ASM Capital L.P. (Entered June 24, 2011) (Docket No. 9344)

46429/0001-7927865v3

Status:    The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection, and an Order with respect to Claim Nos. 753 and 754 of ASM Capital L.P. The Objection was withdrawn as to Claim No. 2279 of USDR, Claim No. 6683 of Hess Corporation and Claim No. 749 of ASM Capital L.P. The Objection was modified by consent of the parties with respect to Claim No. 2554 of Corre Opportunities Fund. The hearing on the Objection is adjourned to the January 11, 2012 hearing solely with respect to Claim No. 1672 of USDR – CNI Corporation. This matter will not be going forward.

7.    Debtors' Forty-Second Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed February 18, 2011) (Docket No. 8065)

Response Deadline:  March 15, 2011 at 4:00 p.m.

Responses Received:

(a)    Carol Walker's Response to Debtors' Forty-Second Omnibus Objection to Claim (Filed March 9, 2011) (Docket No. 8325)

(b)    Informal response by Broadspire Services [Claim No. 5335] (Received March 4, 2011)

(c)    Software AG's Response to Debtor's Forty-Second Omnibus Claims Objection (Filed March 21, 2011) (Docket No. 8471)

(d)    Carol Walker's Response to Debtors' Forty-Second Omnibus Objection to Claim (Filed April 12, 2011) (Docket No. 8623)

Related Documents:

(a)    Notice of Submission of Proofs of Claim Regarding Debtors' Forty-Second Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed March 8, 2011) (Docket No. 8289)

(b)    Order Partially Sustaining Debtors' Forty-Second Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered March 30, 2011) (Docket No. 8523)

Status:    The Court entered an Order sustaining the Objection with respect to all of those claimants who did not respond or otherwise contest the Objection. This matter is adjourned to the January 11, 2012 hearing solely with respect to: (a) Claim No. 5335 of Broadspire Services, Inc.; (b) Claim No. 5283 of Software AG; and (c) Claim No. 6601 of Carol Walker. This matter will not be going forward.

46429/0001-7927865v3

8. Debtors' Forty-Seventh Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (Filed September 19, 2011) (Docket No. 9789)

Response Deadline: October 12, 2011 at 4:00 p.m.

Responses Received:

    (a)    Informal Response received from Ohio Department of Taxation

Related Documents:

    (a)    Notice of Submission of Proofs of Claim Regarding Debtors' Forty-Seventh Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (Filed October 5, 2011) (Docket No. 9894)

    (b)    Order Partially Sustaining Debtors' Forty-Seventh Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (Entered October 19, 2011) (Docket No. 10021)

Status: The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection. This matter is adjourned to the January 11, 2012 hearing solely with respect to the claim of the Ohio Department of Taxation. This matter will not be going forward.

9. Motion of the Debtors for an Order Pursuant to 11 U.S.C. §§ 363 and 553 and Fed. R. Bankr. P. 9019(a) Approving Settlement Agreement By and Between InsertCo Inc. and 57-11 49th Place, LLC (Filed November 1, 2011) (Docket No. 10138)

Objection Deadline: November 15, 2011 at 4:00 p.m.

On consent of the parties, the objection deadline is extended to December 6, 2011 at 4:00 p.m. for Shuttle Printing and the reply deadline is extended to December 8, 2011 at 4:00 p.m. for the Debtors.

Responses Received: None at this time

Status: This matter is adjourned to the December 13, 2011 hearing. This matter will not be going forward.

10. Debtors' Forty-Eighth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (Filed October 21, 2011) (Docket No. 10053)

Response Deadline: November 15, 2011 at 4:00 p.m.
The Reply Deadline is extended to January 6, 2012.

46429/0001-7927865v3

Responses Received:

    (a)    Joann Parker's Response to Debtors' Forty-Eighth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (Filed November 10, 2011) (Docket No. 10193)

    (b)    Joinder of the Official Committee of Unsecured Creditors to Debtors' Forty-Eighth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007 and Local Rule 3007-1 (Filed November 15, 2011) (Docket No. 10234)

Status:    This hearing on this matter is adjourned to the January 11, 2012 hearing. This matter will not be going forward.

## CERTIFICATIONS OF NO OBJECTION / CERTIFICATIONS OF COUNSEL

11.    Application of Morrison & Head for Allowance and Payment of Compensation for Services Rendered as Ordinary Course Counsel to Orlando Sentinel Communications Company and Seeking Limited Waivers of Compliance with (I) this Court's Interim Compensation Order and Fee Examiner Order and (II) Del. Bankr. L.R. 2016-2(d) in Accordance with Del. Bankr. L.R. 2016-2(g) (Filed September 20, 2011) (Docket No. 9793)

Objection Deadline: October 11, 2011 at 4:00 p.m.

Responses Received: None.

Related Documents:

    (a)    Certification of No Objection Regarding Docket No. 9793 (Filed October 13, 2011) (Docket No. 9970)

    (b)    **Order Allowing Compensation to Morrison & Head for Services Rendered as Ordinary Course Counsel to Orlando Sentinel Communications Company and Granting Limited Waivers of Compliance with (I) this Court's Interim Compensation Order and Fee Examiner Order and (II) Del. Bankr. L.R. 2016-2(d) in Accordance with Del. Bankr. L.R. 2016-2(g) (Entered November 18, 2011) (Docket No. 10261)**

**Status:    The Court entered an Order granting the Application. This matter will not be going forward.**

46429/0001-7927865v3

12.    Application of Jackson Walker L.L.P. for Allowance and Payment of Compensation and Reimbursement of Expenses for Services Rendered as Ordinary Course Counsel to the Debtors During the Period from August 1, 2010 through November 30, 2010 (Filed September 26, 2011) (Docket No. 9825)

Objection Deadline: October 17, 2011 at 4:00 p.m.

Responses Received: None.

Related Documents:

(a)    Certification of No Objection Regarding Docket No. 9825 (Filed October 20, 2011) (Docket No. 10036)

Status:    A Certification of No Objection was filed with the Court. This matter will not be going forward unless otherwise directed by the Court.

13.    Application of SNR Denton US LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for Services Rendered as Ordinary Course Counsel to the Debtors During the Period from July 1, 2011 through July 31, 2011 (Filed October 21, 2011) (Docket No. 10051)

Objection Deadline: November 10, 2011 at 4:00 p.m.

Responses Received: None.

Related Documents:

(a)    Certification of No Objection Regarding Application of SNR Denton US LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for Services Rendered as Ordinary Course Counsel to the Debtors During the Period from July 1, 2011 through July 31, 2011 (Filed November 14, 2011) (Docket No. 10220)

Status:    A Certification of No Objection was filed with the Court. This matter will not be going forward unless otherwise directed by the Court.

14.    Application of SNR Denton US LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for Services Rendered as Ordinary Course Counsel to the Debtors During the Period from August 1, 2011 through August 31, 2011 (Filed October 21, 2011) (Docket No. 10052)

Objection Deadline: November 10, 2011 at 4:00 p.m.

Responses Received: None.

46429/0001-7927865v3

Related Documents:

    (a)    Certification of No Objection Regarding Application of SNR Denton US LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for Services Rendered as Ordinary Course Counsel to the Debtors During the Period from July 1, 2011 through July 31, 2011 (Filed November 14, 2011) (Docket No. 10221)

Status:    A Certification of No Objection was filed with the Court. This matter will not be going forward unless otherwise directed by the Court.

15.    Motion Pursuant to 28 U.S.C. § 1452 and Bankruptcy Rules 9006(b) and 9027 for Entry of an Order Extending the Debtors' Time to File Notices of Removal of Claims and Causes of Action Related to the Debtors' Chapter 11 Proceedings (Filed October 28, 2011) (Docket No. 10089)

Objection Deadline: November 15, 2011 at 4:00 p.m.

Responses Received: None.

Related Documents:

    (a)    Certification of No Objection Regarding Docket No. 10089 (Filed November 17, 2011) (Docket No. 10245)

    (b)    **Order Pursuant to 28 U.S.C. § 1452 and Bankruptcy Rules 9006(b) and 9027 Further Extending the Debtors' Time to File Notices of Removal of Claims and Causes of Action Relating to the Debtors' Chapter 11 Proceedings (Entered November 18, 2011) (Docket No. 10257)**

**Status:    The Court entered an Order approving the Motion. This matter will not be going forward.**

16.    Motion of Debtors for an Order Pursuant to 11 U.S.C. §§ 363 and 553 and Fed. R. Bankr. P. 9019(a) Authorizing Entry Into and Performance of Obligations Under Settlement Agreement with the Franchise Tax Board of the State of California (Filed November 1, 2011) (Docket No. 10137)

Objection Deadline: November 15, 2011 at 4:00 p.m.

Responses Received: None.

Related Documents:

    (a)    Certification of No Objection Regarding Docket No. 10137 (Filed November 17, 2011) (Docket No. 10246)

46429/0001-7927865v3

(b) **Order Pursuant to 11 U.S.C. §§ 363 and 553 and Fed. R. Bankr. P. 9019(a) Authorizing Entry Into and Performance of Obligations Under Settlement Agreement with the Franchise Tax Board of the State of California (Entered November 18, 2011) (Docket No. 10258)**

**Status:** **The Court entered an Order approving the Motion. This matter will not be going forward.**

17. Second Supplemental Application for an Order Modifying the Scope of the Retention of PricewaterhouseCoopers LLP to Include Certain Advisory Services in Connection with Records Management, Payroll Processing, and Operations Management Pursuant to 11 U.S.C. §§ 327(a) and 1107, Nunc Pro Tunc to November 1, 2011 and Seeking a Limited Waiver of Compliance with Del. Bankr. L.R. 2016-2(d), in Accordance with Del. Bankr. L.R. 2016-2(g) (Filed November 4, 2011) (Docket No. 10158)

Objection Deadline: November 15, 2011 at 4:00 p.m.

Responses Received: None.

Related Documents:

(a) Certification of No Objection Regarding Docket No. 10158 (Filed November 17, 2011) (Docket No. 10247)

(b) **Order Modifying the Scope of the Retention of PricewaterhouseCoopers LLP to Include Certain Advisory Services in Connection with Records Management, Payroll Processing, and Operations Management to 11 U.S.C. §§ 327(a) and 1107, Nunc Pro Tunc to November 1, 2011 and Seeking a Limited Waiver of Compliance with Del. Bankr. L.R. 2016-2(d), in Accordance with Del. Bankr. L.R. 2016-2(g) (Entered November 18, 2011) (Docket No. 10259)**

**Status:** **The Court entered an Order granting the Application. This matter will not be going forward.**

18. Fourth Supplemental Application for an Order Modifying the Scope of the Retention of Ernst & Young LLP to Include Valuation of Certain Cooking Channel Assets Pursuant to 11 U.S.C. §§ 327(a) and 1107 Nunc Pro Tunc to June 13, 2011 (Filed November 4, 2011) (Docket No. 10163)

Objection Deadline: November 15, 2011 at 4:00 p.m.

Responses Received: None.

Related Documents:

(a) Certification of No Objection Regarding Docket No. 10163 (Filed November 17, 2011) (Docket No. 10248)

12

(b) **Order Modifying the Scope of the Retention of Ernst & Young LLP to Include Valuation of Certain Cooking Channel Assets Pursuant to 11 U.S.C. §§ 327(a) and 1107 Nunc Pro Tunc to June 13, 2011 (Entered November 18, 2011) (Docket No. 10260)**

**Status:** **The Court entered an Order granting the Application. This matter will not be going forward.**

## CONTESTED MATTERS GOING FORWARD

19. Official Committee of Unsecured Creditors' Motion for an Order Nunc Pro Tunc Amending the Definition of "Termination Event" in Orders Granting Official Committee of Unsecured Creditors Standing and Authority to Commence, Prosecute, Settle and Recover Certain Causes of Action on Behalf of the Debtors' Estates (Filed November 4, 2011) (Docket No. 10162)

Objection Deadline: November 15, 2011 at 4:00 p.m.

Responses Received:

(a) Sam Zell's Limited Objection to the Committee's Motion for an Order Nunc Pro Tunc Amending the Definition of "Terminating Event" (Filed November 15, 2011) (Docket No. 10230)

Status: This matter will be going forward.

## STATUS HEARING

20. STATUS HEARING

Pursuant to the Order Denying Confirmation of Competing Plans (Entered October 31, 2011) (Docket No. 10134), a status hearing will be held for the purpose of conferring with the parties as provided by 11 U.S.C. § 105(d)(1).

**Responses Received:**

(a) **Status Report in Connection with the Filing of the Third Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A. (Filed November 18, 2011) (Docket No. 10272)**

Related Documents:

(b) Opinion on Confirmation (Entered October 31, 2001) (Docket No. 10133)

(c) Order denying Confirmation of Competing Plans (Entered October 31, 2001) (Docket No. 10134)

13

(d)    Joint Motion of Law Debenture Trust Company of New York and Deutsche Bank Trust Company Americas Requesting Reconsideration of the Court's Confirmation Opinion With Respect to the Subordination of the PHONES (Filed November 14, 2011) (Docket No. 10222) [Hearing Date: December 13, 2011 at 1:00 p.m.; Objection Deadline: December 6, 2011 at 4:00 p.m.]

(e)    Joinder of Davidson Kempner Capital Management LLC, an Investment Advisor, to Joint Motion of Law Debenture Trust Company of New York and Deutsche Bank Trust Company Americas Requesting Reconsideration of the Court's Confirmation Opinion With Respect to the Subordination of the PHONES (Filed November 14, 2011) (Docket No. 10223) [Hearing Date: December 13, 2011 at 1:00 p.m.; Objection Deadline: December 6, 2011 at 4:00 p.m.]

(f)    Joinder of Brigade Capital Management, LLC in the Joint Motion of Law Debenture Trust Company of New York and Deutsche Bank Trust Company Americas Requesting Reconsideration of the Court's Confirmation Opinion With Respect to the Subordination of the PHONES (Filed November 14, 2011) (Docket No. 10225) [Hearing Date: December 13, 2011 at 1:00 p.m.; Objection Deadline: December 6, 2011 at 4:00 p.m.]

(g)    Motion of Aurelius Capital Management, LP for Reconsideration of the Court's October 31, 2011 Decision as it Pertains to the Application of PHONES Notes Subordination (Filed November 14, 2011) (Docket No. 10226) [Hearing Date: December 13, 2011 at 1:00 p.m.; Objection Deadline: December 6, 2011 at 4:00 p.m.]

(h)    Motion of the Noteholder Plan Proponents for Reconsideration and Clarification of the Court's October 31, 2011 (Filed November 14, 2011) (Docket No. 10227) [Hearing Date: December 13, 2011 at 1:00 p.m.; Objection Deadline: December 6, 2011 at 4:00 p.m.]

(i)    Notice of Appeal (Filed November 14, 2011) (Docket No. 10228)

(j)    Joinder to Motion of Aurelius Capital Management, LP for Reconsideration of the Courts October 13, 2011 Decision as it Pertains to the Application of PHONES Notes Subordination (Filed November 16, 2011) (Docket No. 10238)

(k)    **Notice of Filing of Third Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A. (Filed November 18, 2011) (Docket No. 10273)**

46429/0001-7927865v3

(l)     **Motion of Debtors for Order (I) Approving Supplemental Disclosure Document; (II) Establishing Scope, Forms, Procedures, and Deadlines for Resolicitation and Tabulation of Votes to Accept or Reject DCL Plan From Certain Classes; (III) Authorizing Tabulation of Prior Votes and Elections on DCL Plan Made By Holders of Claims in Non-Resolicited Classes; (IV) Scheduling the Confirmation Hearing and Establishing Notice and Objection Procedures In Respect Thereof; and (V) Granting Related Relief (Filed November 18, 2011) (Docket No. 10274) [Hearing Date: December 13, 2011 at 1:00 p.m.; Objection Deadline: December 6, 2011 at 4:00 p.m.]**

(m)     **Supplemental Disclosure Document Relating to Third Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A. (Filed November 19, 2011) (Docket No. 10275)**

**Status:**     **The status conference will be going forward.**

Dated: November **21**, 2011

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

46429/0001-7927865v3