# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Hearing Date: December 13, 2011 at 1:00 p.m. ET**<br>**Objection Deadline: December 6, 2011 at 4:00 p.m. ET** |

## APPLICATION FOR AN ORDER AUTHORIZING DEBTORS TO EMPLOY AND RETAIN SNR DENTON US LLP AS SPECIAL COUNSEL TO THE DEBTORS FOR CERTAIN LITIGATION AND TRANSACTIONAL MATTERS PURSUANT TO 11 U.S.C. §§ 327(e) AND 1107, *NUNC PRO TUNC* TO NOVEMBER 1, 2011

The debtors and debtors in possession in the above-captioned chapter 11 cases

(each a "Debtor" and collectively, the "Debtors") hereby submit this Application (the

"Application") for entry of an order, in substantially the form attached hereto, authorizing the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc. f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

retention and employment of the law firm of SNR Denton US LLP ("SNR Denton")[2] as special

counsel to the Debtors[3] for certain First Amendment, publishing, outsourcing and other litigation

and transactional matters pursuant to sections 327(e) and 1107 of title 11 of the United States

Code (the "Bankruptcy Code"), nunc pro tunc to November 1, 2011.  This Application is filed

for the limited purpose of converting SNR Denton's existing retention by the Debtors under this

Court's Order Authorizing the Debtors to Retain, Employ, and Compensate Certain

Professionals Utilized by the Debtors in the Ordinary Course of Business (D.I. 227) (the "OCP

Order") into a retention pursuant to sections 327(e) and 1107 of the Bankruptcy Code, given that

SNR Denton has exceeded the applicable monthly cap on its services under the OCP Order for

multiple consecutive months, and that the Debtors expect that SNR Denton may continue to

exceed that monthly cap on a regular basis in the future.  In support of the Application, the

Debtors submit the Declaration of James A. Klenk (the "Klenk Declaration"), which is filed

concurrently herewith and incorporated herein by reference.  In further support of this

Application, the Debtors respectfully represent as follows:

## STATUS OF THE CASE AND JURISDICTION

1.      On December 8, 2008 (the "Petition Date"), Tribune Company and certain

of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy

Code.  An additional Debtor, Tribune CNLBC, LLC,[4] filed a voluntary petition for relief under

chapter 11 of the Bankruptcy Code on October 12, 2009.  In all, the Debtors comprise 111

entities.

---

[2] On the commencement of these chapter 11 cases SNR Denton was known as Sonnenschein Nath & Rosenthal LLP.
[3] SNR is retained by Tribune Company, Chicago Tribune Company, Tribune Publishing Company, Tribune Broadcasting Company and Chicagoland Publishing Company in connection with several matters.
[4] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

2.      The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  (D.I. 43, 2333.)

3.      The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee").

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are sections 327(e) and 1107 of the Bankruptcy Code.

## PROCEDURAL BACKGROUND FOR THE APPLICATION

6.      On January 15, 2009, this Court entered the OCP Order, approving procedures for the employment, retention, and compensation of certain professionals utilized by the Debtors in their ordinary course of business.  Exhibit A to the OCP Order contained a list of Ordinary Course Professionals, as defined in the OCP Order, authorized to be retained by the Debtors, which included SNR Denton.[5]  The Debtors' Ordinary Course Professionals are authorized to provide services to the Debtors as necessary for the day-to-day operations of the Debtors' businesses on terms substantially similar to those in effect prior to the Petition Date, subject to the terms and conditions described in the OCP Order.  Compensation of the Ordinary

---

[5] Exhibit A to the OCP Order has been subsequently supplemented by the Debtors to add additional Ordinary Course Professionals or to seek increases to the Monthly Cap applicable to existing Ordinary Course Professionals. (See D.I. 544, 877, 1086, 1756, 1826, 1887, 2283, 2412, 2865, 3222, 3861, 4214, 4607, 4614, 4845, 5395, 5846, 7236, 7545, 7820, 8310, 8788, 9333, 9686, 9758, 9772, and 9847.)

Course Professionals is limited by a Monthly Cap on the fees permitted to be paid to such Ordinary Course Professionals, per month on average over a rolling period.

7.     SNR Denton principally represents certain of the Debtors with respect to various First Amendment, publishing, outsourcing and other litigation and transactional matters (collectively, the "Tribune Matters").[6] These currently include, for example, representing one or more of the Debtors in connection with subpoenas issued for a reporter's notes, briefing in the Seventh Circuit for University of Illinois's appeal regarding releases of university records under the Federal Educational Rights and Privacy Act, written discovery and factual investigation of claims asserted against one or more of the Debtors for intrusion into seclusion, representation of one or more of the Debtors in connection with negotiating transactions with various counterparties, assisted with several outsourcing agreements, and providing one or more of the Debtors with legal advice on editorial and publication issues.

8.     At the outset of the Debtors' chapter 11 cases, given that much of the Debtors' existing litigation was stayed by operation of the automatic stay contained in section 362(a) of the Bankruptcy Code, the Debtors determined that it was appropriate to have SNR Denton retained as an Ordinary Course Professional with respect to its services, rather than pursuant to a separate section 327(e) retention.  Accordingly, SNR Denton has been retained by the Debtors as counsel in the ordinary course of the Debtors' business, with a Monthly Cap of $50,000.  The OCP Order provides that the fees incurred by any Ordinary Course Professional with a Monthly Cap of $50,000 shall not exceed such Monthly Cap per month on average over any consecutive two-month period.  (See OCP Order at 2.)  Moreover, $50,000 represents the maximum Monthly Cap available to any Ordinary Course Professional in these chapter 11 cases.

---

[6] SNR Denton may also provide services for other of the Debtors from time to time, as necessary and appropriate, that are within the scope of services described herein.

9.      In recent months, SNR Denton has represented various Debtors with respect to the Tribune Matters that have arisen or have resulted in unanticipated legal costs subsequent to the Petition Date.  These have included a lawsuit with respect to the University of Illinois under Federal Educational Rights and Privacy Act, several First Amendment issues involving reporter's subpoenas, issues arising out of the most recent trial of former Illinois Governor Rod Blagojevich, and several smaller transactional projects for the Debtors.  (See Klenk Declaration ¶ 4.)

10.     Those representations of the Debtors by SNR Denton, taken together with SNR Denton's representations of various Debtors in connection with the pre-existing Tribune Matters, caused SNR Denton's fees to exceed the Monthly Cap of $50,000 in each of the months from January to October 2011, inclusive.[7]  Moreover, the Tribune Matters on which SNR Denton now represents the Debtors are now at a level of activity that makes it likely that SNR Denton will exceed the existing Monthly Cap on a regular basis going forward.

11.     The OCP Order provides that in the event any Ordinary Course Professional exceeds or expects to exceed the Monthly Cap on an ongoing basis, the Debtors may seek the retention of such Ordinary Course Professional by separate application pursuant to the relevant provisions of the Bankruptcy Code and applicable orders of this Court.  (See OCP Order at 5.)  Based upon the scope of Tribune Matters in which SNR Denton currently represents the Debtors, the Debtors and SNR Denton have determined that there is a substantial likelihood that SNR Denton will exceed its applicable Monthly Cap on an ongoing basis, and that the conversion of the Debtors' retention of SNR Denton from retention as an Ordinary Course

---

[7]SNR Denton recently filed several applications seeking this Court's allowance of fees and reimbursement of expenses incurred in these months.

Professional to retention as special counsel for the Tribune Matters is both necessary and appropriate.

## RELIEF REQUESTED

12.     The Debtors seek authorization to employ and retain SNR Denton as their special counsel for the Tribune Matters pursuant to section 327(e) of the Bankruptcy Code, nunc pro tunc to November 1, 2011.  The Debtors' engagement of SNR Denton with respect to the Tribune Matters is for the purpose of allowing SNR Denton to continue to represent the Debtors in the matters in which SNR Denton represented the Debtors prior to the Petition Date and during SNR Denton's representation of the Debtors as an Ordinary Course Professional, as well as in any new Tribune Matters that may subsequently arise.

13.     The partners, counsel, and associates of SNR Denton, through SNR Denton's representation of the Debtors prior to the Petition Date and during the pendency of these chapter 11 cases, have become very familiar with the Tribune Matters as a result of SNR Denton's longstanding representation of the Debtors respecting these matters.  (See Klenk Declaration ¶ 2.)  In light of that experience, SNR Denton's continued representation of the Debtors will provide a substantial benefit to the Debtors and their estates.

14.     The Debtors have employed and retained Sidley Austin LLP ("Sidley") as their general reorganization and bankruptcy counsel, Cole, Schotz, Meisel, Forman & Leonard, P.A. ("Cole Schotz") as their bankruptcy co-counsel, and several other law firms as section 327(e) counsel and/or Ordinary Course Professionals.  The Debtors, throughout the course of these cases, have converted the pre-existing retention of several of the law firms they employ

from an Ordinary Course Professional to special counsel for litigation matters.[8]  The services

performed by the Debtors' outside bankruptcy counsel and other outside counsel are

substantially different from SNR Denton's representation of the Debtors.  Thus, the services

performed by each of the respective firms are not duplicative.  The Debtors' management and

law department have monitored and will continue to monitor all of the Debtors' professionals to

ensure that they are utilized in an efficient, non-duplicative and cost-efficient manner.  Sidley,

Cole Schotz, and SNR Denton, in turn, have advised the Debtors that they will make every effort

to avoid duplication of their work, with Sidley being chiefly responsible for providing general

bankruptcy and reorganization advice (as well as advice on related matters) to the Debtors, Cole

Schotz acting as Delaware co-counsel for the Debtors, and SNR Denton advising the various

Debtors on the Tribune Matters, each consistent with their experience and expertise.  (See Klenk

Declaration ¶ 6.)

       15.     The Debtors and SNR Denton have agreed that, as was the case while

SNR Denton rendered services to the Debtors as an Ordinary Course Professional and subject to

the Court's approval, SNR Denton will charge the Debtors for its legal services on an hourly

basis in accordance with its ordinary and customary rates for matters of this type in effect on the

date such services are rendered, and for reimbursement of all costs and expenses incurred in

connection with these cases.  (See Klenk Declaration ¶ 8.)  SNR Denton has advised the Debtors

that its billing rates currently range from $560.00 to $940.00 per hour for partners, $280.00 to

$585.00 per hour for associates, and $235.00 to $305.00 per hour for para-professionals.  (Klenk

Declaration ¶ 9.)  SNR Denton has further advised the Debtors that these hourly rates are subject

---

[8] See Order Authorizing Debtors to Employ and Retain Levine Sullivan Koch & Schulz, L.L.P. as Special Counsel for Certain Litigation Matters, Nunc Pro Tunc to September 1, 2010 (D.I. 6062); Order Authorizing the Debtors to Employ and Retain Davis Wright Tremaine LLP as Special Counsel to Los Angeles Times Communications LLC for Certain Media Litigation Matters Pursuant to 11 U.S.C 327(e) and 1107, Nunc Pro Tunc to October 1, 2010 (D.I. 6552).

to adjustment on a periodic basis. (<u>Id.</u>) In addition to its hourly rates, SNR has advised the

Debtors that it customarily charges its clients for out-of-pocket expenses and internal charges

incurred in the rendition of services, including mail and express mail charges, special and hand

delivery charges, outside photocopying charges, travel expenses, transcription costs, charges and

fees of outside vendors, consultants and service providers, as well as non-ordinary overhead

expenses. (<u>Id.</u>)

      16.    As previously disclosed by SNR Denton in connection with its retention

by the Debtors as an Ordinary Course Professional in these cases, SNR Denton did not hold any

unallocated funds as of the Petition Date. (<u>See</u> Affidavit of James A. Klenk, filed February 17,

2009, D.I. 394, the "<u>Klenk Affidavit</u>").[9] SNR Denton is not owed any additional amount on

account of prepetition services rendered to the Debtors.[10] (<u>Id.</u>) SNR Denton received

approximately $447,600.25 from the Debtors within one year prior to the Petition Date on

account of services rendered with regard to the Tribune Matters. (<u>See</u> Klenk Declaration, ¶ 10).

      17.    In connection with SNR Denton's retention being modified from retention

as an Ordinary Course Professional to a retention not covered by the OCP Order, the Debtors

have advised SNR Denton that SNR Denton will be required to apply to the Court for allowance

of compensation for professional services rendered and reimbursement of expenses incurred in

these chapter 11 cases in accordance with the applicable provisions of the Bankruptcy Code, the

Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States

Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), the Order Establishing

---

[9] Following the filing of the Klenk Affidavit, Thomas A. Labuda, Jr., on behalf of SNR Denton, subsequently filed the Supplemental Affidavit of Ordinary Course Professional [D.I. 5198] (the "<u>Supplemental Labuda Affidavit</u>").
[10] Note that subsequent to SNR Denton's filing of the Klenk Affidavit, SNR Denton determined that it was owed $488.00 in prepetition fees by Debtor Los Angeles Times Communications LLC and accordingly filed a proof of claim asserting this amount [Proof of Claim No. 4669]. SNR Denton hereby waives any right to payment on account of Proof of Claim No. 4669.

Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Interim Compensation Order"), as amended, and the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Application (the "Fee Examiner Order").  SNR Denton has advised the Debtors that it will comply in all respects with the applicable requirements for seeking compensation and reimbursement of expenses for all fees and costs incurred on or after November 1, 2011.[11]  (See Klenk Declaration ¶ 7.)  Further, the Debtors have agreed that following entry of the Court's order approving the Application, the Debtors shall pay SNR Denton, on an interim basis, 80% of the fees and 100% of the expenses requested in any pending monthly fee applications for which no objections were timely filed in accordance with procedures under the Interim Compensation Order.

18.    Consistent with the Klenk Affidavit and the Supplemental Labuda Affidavit, SNR Denton has informed the Debtors that, as set forth in more detail in the concurrently filed Klenk Declaration and subject to any exceptions contained therein or in the exhibits thereto, SNR Denton does not hold or represent in these proceedings any interests adverse to the Debtors, or to their estates in matters upon which SNR Denton continues to be engaged.  All information with respect to SNR Denton's connections with the Debtors, creditors,

---

[11] As noted above, SNR Denton has applied to this Court for the fees and costs it incurred in the months of January 2011 through October 2011, which are the months that SNR Denton exceeded its applicable Monthly Cap.  Given that such fees and costs were incurred several months prior to when the Debtors determined that it would be necessary to retain SNR Denton as special counsel pursuant to section 327(e) of the Bankruptcy Code, SNR has requested that the Court grant a limited waiver of the otherwise-applicable requirements of the Interim Compensation Order to reduce the additional costs and delay of obtaining approval and payment of such amounts. SNR Denton, as has been the practice with SNR Denton's fee applications for the months of May and June 2011, July 2011 and August 2011, will submit SNR Denton's fee application for the months of September and October 2011 to the Fee Examiner.  In the alternative, SNR Denton has requested that the Court consider SNR Denton's fee application for the months of September and October 2011 at the next hearing scheduled for the allowance of interim fee applications following the Court's entry of an order approving this Application.

any other party in interest, their respective attorneys and accountants, the United States Trustee,

or any person employed in the Office of the United States Trustee is set forth in the Klenk

Affidavit, the Supplemental Labuda Affidavit and the Klenk Declaration.

      19.     SNR Denton has agreed to conduct an ongoing review of its files to ensure

that it continues to neither hold nor represent in these proceedings any interests adverse to the

Debtors or to their estates.  In this regard, SNR Denton will promptly amend the Klenk

Declaration to the extent that SNR Denton becomes aware of material information or

relationships which it determines require further disclosure.

## LEGAL AUTHORITY

      20.     Section 327(e) of the Bankruptcy Code provides:

> [A debtor-in-possession], with the court's approval, may employ, for a specified
> special purpose, other than to represent the trustee in conducting the case, an
> attorney that has represented the debtor, if in the best interest of the estate, and if
> such attorney does not represent or hold any interest adverse to the debtor or to
> the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).  Under this section, special counsel may be appointed if: (1) the

representation is in the best interest of the estate, (2) the attorney represented the debtor in the

past, (3) the attorney is being employed for a specific purpose approved by the court, other than

to represent the debtor in conducting the case, and (4) the attorney does not represent or hold an

interest adverse to the debtor or the debtor's estate.  See id.; see also In re Woodworkers

Warehouse, Inc., 323 B.R. 403, 406 (D. Del. 2005); Meespierson, Inc. v. Strategic Telecom, Inc.,

202 B.R. 845, 847 (D. Del. 1996).

      21.     When analyzing the retention of special counsel under section 327(e), the

court should consider all relevant facts surrounding the debtor's case, including but not limited

to, the nature of the debtor's business, all foreseeable employment of special counsel, the history

and relationship between the debtor and the proposed special counsel, the expense of replacement counsel, potential conflicts of interest and the role of general counsel. See Woodworkers Warehouse, 323 B.R. at 406 (citing Matter of First Am. Health Care of Georgia, Inc., 1996 WL 33404562, *3 (Bankr. S.D. Ga. Apr. 18, 1996). In general, however, subject to the requirements of sections 327 and 1107, a debtor in possession is entitled to the counsel of their choosing. See, e.g., In re Vouzianas, 259 F.3d 103, 108 (2d Cir. 2001) (observing that "[o]nly in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel").

    22.    In the instant case, converting SNR Denton's existing retention on behalf of the Debtors as an Ordinary Course Professional to a non-ordinary course retention pursuant to sections 327(e) and 1107 is in the best interests of the Debtors' estates, and satisfies all other standards for retention under sections 327(e) and 1107. SNR Denton has substantial experience in representing the Debtors with respect to the Tribune Matters, which experience would be lost if the Application were denied. Moreover, as postpetition, non-bankruptcy matters related to SNR Denton's current retention involving the Debtors arise, SNR Denton's experience with the Debtors will enable it to provide counsel with minimal need to incur background or other costs to learn necessary information about the Debtors' businesses. The relief requested by this Application does not add an additional professional to those providing services on behalf of the Debtors, but seeks merely to change the form of SNR Denton's retention, as expressly contemplated by the OCP Order, based on the increased volume of matters being handled by SNR Denton on behalf of the Debtors. Accordingly, the Debtors believe that it is necessary and in the best interests of their estates and creditors to employ and retain SNR Denton as special counsel to the Debtors in regard to the Tribune Matters.

23.    The Debtors seek to effect the conversion of SNR Denton's retention from an Ordinary Course Professional to special counsel retained pursuant to sections 327(e) and 1107 as of November 1, 2011.  Although this Application is styled as requesting nunc pro tunc relief, the purpose of this Application is not to affect the substance of the Debtors' long-standing retention of SNR Denton.  Rather, the Application is submitted to ensure that SNR Denton's retention complies with all applicable orders of the Bankruptcy Court, in light of the probability that SNR Denton's representation of the Debtors may cause it to exceed the Monthly Cap on a regular basis in the future.

## NOTICE

24.    Notice of this Application has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel for the administrative agent for Tribune Company's prepetition loan facilities; (iv) counsel for the administrative agent for the Debtors' postpetition financing facility; (v) SNR Denton; and (vi) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

25.    With the exception of the Debtors' application to employ SNR Denton as an Ordinary Course Professional, the Debtors have not previously sought the relief requested herein from this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, in substantially the form attached hereto, (i) authorizing the retention and employment SNR Denton as special counsel to the Debtors concerning certain First Amendment Matters in these chapter 11 cases pursuant to section 327(e) of the Bankruptcy Code, nunc pro tunc to November 1, 2011, and (ii) granting to the Debtors such other relief as may be just and proper.

November 23, 2011

TRIBUNE COMPANY
(for itself and on behalf of each of the Debtors)

David P. Eldersveld
Executive Vice President, General Counsel and
Secretary

CHI 6335709v.2

13