```
              IN THE UNITED STATES BANKRUPTCY COURT
                  FOR THE DISTRICT OF DELAWARE


IN RE:                         )    Case No. 08-13141 (KJC)
                               )    (Jointly Administered)
                               )
TRIBUNE COMPANY, et al.,       )    Chapter

                               )    Courtroom 5
                               )    824 Market Street
            Debtors.           )    Wilmington, Delaware
                               )
                               )    November 22, 2011
                               )    2:00 p.m.



                   TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE JUDGE KEVIN J. CAREY
              UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtors:              Sidley Austin, LLP
                          BY: JAMES BENDERNAGEL, ESQ.
                          BY: KENNETH KANSA, ESQ.
                          BY: JAMES CARLAN, ESQ.
                          BY: KEVIN LANTRY, ESQ.
                          One South Dearborn
                          Chicago, IL  60603
                          (312) 853-7000


                          Cole, Schotz, Meisel, Forman
                          & Leonard, P.A.
                          BY: NORMAN PERMICK, ESQ.
                          500 Delaware Avenue, Suite 410
                          Wilmington, DE  19801
                          (302) 652-3131


ECRO:                     AL LUGANO

Transcription Service:    DIAZ DATA SERVICES
                          331 Schuylkill Street
                          Harrisburg, Pennsylvania 17110
                          (717) 233-6664


Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

```
1   APPEARANCES:
    (Continued)
2
    For Great Banc:          Womble Carlyle
3                            BY: THOMAS M. HORAN, ESQ.
                             222 Delaware Avenue, Ste. 1501
4                            Wilmington, DE  19801
                             (302) 252-4339
5
    For DBTCA:               McCarter & English
6                            BY: KATHARINE MAYER, ESQ.
                             BY: DAVID ADLE, ESQ.
7                            Renaissance Centre
                             405 North King Street, 8th Floor
8                            Wilmington, DE 19801
                             (302) 984-6300
9
    For WTC:                 Brown Rudnick
10                           BY: ROBERT STARK, ESQ.
                             BY: GORDON NOVOD, ESQ.
11                           Seven Times Square
                             New York, NY  10036
12                           (212) 209-4862

13                           Sullivan Hazeltine Allinson, LLC
                             BY:  WILLIAM D. SULLIVAN, ESQ.
14                           901 North Market street, Ste. 1300
                             Wilmington, DE  19801
15                           (302) 428-8195

16  For Sam Zell & EGI-TRB:  Jenner & Block
                             BY: DAVID BRADFORD, ESQ.
17                           353 North Clark Street
                             Chicago, IL  60654-3456
18                           (312) 923-2975

19  For U.S. Trustee:        Office of the U.S. Trustee
                             BY: DAVID KLAUDER, ESQ.
20                           844 King Street, Suite 2207
                             Lockbox 35
21                           Wilmington, DE  19801
                             (302) 573-6491
22
    For Bridge Lenders:      Fox Rothschild
23                           BY: JEFFREY SCHLERF, ESQ.
                             919 North Market St., Ste. 1300
24                           Wilmington, DE  19899-2323
                             (302) 622-4212
25
```

```
 1   APPEARANCES:
     (Continued)
 2
     For Official Committee    Landis, Rath & Cobb
 3   of Unsecured Creditors:   BY: ADAM LANDIS, ESQ.
                               BY: DAN RATH, ESQ.
 4                             919 Market Street, Suite 1800
                               Wilmington, DE 19801
 5                             (302) 467-4400

 6                             Chadbourne & Parke, LLP
                               BY: DAVID LEMAY, ESQ.
 7                             BY: ANDREW ROSENBLATT, ESQ.
                               BY: MARC ROITMAN, ESQ.
 8                             30 Rockefeller Plaza
                               New York, NY 10112
 9                             (212) 408-5100

10                             Zuckerman Spaeder
                               BY: JAMES SOTTILE, ESQ.
11                             1800 M Street, NW
                               Suite 1000
12                             Washington, DC 20036
                               (202) 778-1800
13
     For Oaktree/
14   Angelo Gordon:            Dewey LeBoeuf
                               BY: JAMES JOHNSTON, ESQ.
15                             333 South Grand Avenue, Ste. 2600
                               Los Angeles, CA  90071-1530
16                             (213) 621-6030

17                             Young Conaway Stargatt &
                               Taylor
18                             BY: ROBERT BRADY, ESQ.
                               The Brandywine Building
19                             1000 West Street, 17th Floor
                               P.O. Box 391
20                             Wilmington, DE  19801
                               (302) 571-6600
21
     For TM Retirees:          Teitlebaum & Baskin, LLP
22                             BY: JAY TEITELBAUM, ESQ.
                               3 Barker Avenue, Third Floor
23                             White Plains, NY  10601
                               (914) 437-7670
24

25
```

```
 1
    APPEARANCES:
 2  (Continued)

 3  For Aurelius Capital
    Management:                Akin Gump Strauss Hauer & Feld, LLP
 4                             BY: DAVID ZENSKY, ESQ.
                               BY: DANIEL GOLDEN, ESQ.
 5                             BY: PHILIP DUBLIN, ESQ.
                               One Bryant Park
 6                             New York, NY  10036-6745
                               (212) 872-1000
 7
                               Ashby & Geddes
 8                             BY: AMANDA WINFREE, ESQ.
                               500 Delaware Avenue
 9                             Wilmington, DE  19899
                               (302) 654-1888
10
    For JP Morgan Chase:       Davis Polk
11                             BY: DONALD BERNSTSEIN, ESQ.
                               BY: DAMIEN SCHAIBLE, ESQ.
12                             BY: ELI VONEGUT, ESQ.
                               459 Lexington Avenue
13                             New York, NY  10017
                               (212) 450-4092
14
                               Richards Layton & Finger
15                             BY: ROBERT STEARN, ESQ.
                               One Rodney Square
16                             920 North King Street
                               Wilmington, DE  19801
17                             (302) 651-7700

18  For Morgan Stanley:        Barnes & Thornburg
                               BY: REBECCA WORKMAN, ESQ.
19                             1000 N. West Street
                               Suite 1200
20                             Wilmington, DE 19801-1058
                               (302) 888-0301
21
    For Law Debenture:         Kasowitz Benson Torres & Friedman,
22                             LLP
                               BY: SHERON KORPUS, ESQ.
23                             1633 Broadway
                               New York, NY  10019
24                             (212) 506-1969

25
```

```
 1   TELEPHONIC APPEARANCES:

 2   For Jason D. Abbruzzese: Realm Partners
                              BY: JASON D. ABBRUZZESE
 3                            (212) 612-1441

 4   For Deutsche Bank:       McCarter & English
                              BY: DAVID J. ADLER, ESQ.
 5                            (212)609-6847

 6
     For Blackstone Group:    Blackstone Group
 7                            BY: RONAK AMIN, ESQ.
                              (212) 390-2783
 8
     Official Committee of
 9   Unsecured Creditors:     Chadbourne & Parke, LLP
                              BY: MARC D. ASHLEY, ESQ.
10                            BY: DOUGLAS DEUTSCH, ESQ.
                              BY: THOMAS MCCORMACK, ESQ.
11                            BY: HOWARD SEIFE, ESQ.
                              (212) 408-5100
12
                              Zuckerman Spaeder, LLP
13                            BY: GRAEME BUSH, ESQ.
                              BY: ANDREW CARIDAS, ESQ.
14                            BY: ANDREW GOLDFARB, ESQ.
                              (202) 778-1800
15
16   For Credit Agreement
     Lenders:                 Angelo Gordon & Co., LP
17                            BY: GAVIN BIERA, ESQ.
                              (212) 692-0217
18
     For Suttonbrook
19   Capital Management:      Suttonbrook Capital Management
                              BY: CAROL L. BALE, ESQ.
20                            (212) 588-6640

21   For Eric Bilmes:         HBK Capital Management
                              BY: ERIC BILMES
22                            (2120 588-5115

23   For Alexander Bilus:     Dechert, LLP
                              BY: ALEXANDER BILUS
24                            (215) 994-2608

25
```

```
 1   For Kramer Levin:          Kramer Levin Naftalis & Frankel,
                                LLP
 2                              BY: DAVID E. BLABEY, JR., ESQ.
                                (212) 715-9100
 3
     For Defendant(s), Schulte
 4   Roth & Zabel, LLP:         Schulte Roth & Zabel, LLP
                                BY: KRISTIE BLASE, ESQ.
 5                              BY: KAREN S. PARK, ESQ.
                                (212) 756-2466
 6
 7   For Interested Party:      Solus LP - Client
                                BY: STEPHEN BLAUNER, ESQ.
 8                              (212) 373-1562

 9   For Debtor, Tribune:       Sidley Austin
                                BY: JESSICA BOELTER, ESQ.
10                              BY: DAVID MILES, ESQ.
                                BY: KERRIANN MILLS, ESQ.
11                              BY: JOEL G. SAMUELS, ESQ.
                                BY: ALLISON E. ROSS STROMBERG, ESQ.
12                              BY: BRIAN KRAKAUER, ESQ.
                                BY: BRETT MYRICK, ESQ.
13                              BY: JILLIAN LUDWIG, ESQ.
                                (312) 853-7030
14

15                              Tribune
                                BY: DAVE ELDERSVELD
16                              (312) 222-4707
                                BY: MICHAEL D. ONEAL
17                              (312) 222-3490
                                BY: DON LIEBENTRITT
18                              (312) 222-3651
                                BY: GARY WEITMAN
19                              (312) 222-3394

20                              McKenna Long & Aldridge, LLP
                                BY: DANIEL J. CARRIGAN, ESQ.
21                              (202) 496-7436

22
     For Goldman Sachs
23   & Company:                 Goldman Sachs & Company
                                BY: LEXI FALLON, ESQ.
24                              BY: SCOTT BYNUM, ESQ.
                                (212) 902-8060
25
```

```
 1   For Interested Party:      Jefferies & Company
                                BY: JUSTIN BRASS, ESQ.
 2                              (203) 708-5847
     For Third Party, Former
 3   Special Committee of
     Tribune's Board of
 4   Directors:                 Skadden Arps Slate Meagher & Flom
                                BY: NICK CAMPANARIO, ESQ.
 5                              (312) 407-0974

 6

 7   For Bank of America:       O'Melveny & Myers (NY Office)
                                BY: DANIEL CANTOR, ESQ.
 8                              BY: EVAN JONES, ESQ.
                                BY: DANIEL S. SHAMAH, ESQ.
 9                              (212) 326-2000

10                              Bank of America
                                BY: ESTER CHUNG, ESQ.
11                              (646) 855-6705

12
     For Interested Party:      CRT Capital Group, LLC
13                              BY: SHAGUN S. CHADHA, ESQ.
                                (203) 569-4345
14
     For Leanor Blum:           Gordon Feinblatt Rothman
15                              BY: LAWRENCE D. COPPEL, ESQ.
                                (410) 576-4238
16
     For Interested Party:      Proskaur Rose, LLP
17                              BY: RICHARD CORBI, ESQ.
                                (212) 969-3000
18
     For Davidson Kempner:      DK Partners
19                              BY: EPHRAIM DIAMOND, ESQ.
                                (646) 282-5841
20
     For Halcyon Asset
21   Management:                Halcyon Asset Management
                                BY: JASON DILLOW, ESQ.
22                              (212) 303-9480

23
     For Defendants (former
24   Directors & Officers):     Grippo & Elden, LLC
                                BY: GEORGE DOUGHERTY, ESQ.
25                              (312) 704-7700
```

```
 1   For Arrowgrass Capital
     Partners, US LP:          Arrowgrass Capital Partners US LP
 2                             BY: DAVID DUNN, ESQ.
                               (212) 584-5946
 3
     For Silver Point
 4   Capital:                  Silver Point Capital
                               BY: MATTHEW EHMER, ESQ.
 5                             (203) 542-4219

 6
     For Dow Jones & Co.:      Dow Jones & Company
 7                             BY: PATRICK FITZGERALD, ESQ.
                               (202) 862-3544
 8
     For Great Bank Trust:     Morgan Lewis & Brockius, LLP
 9                             BY: PATRICK FLEMING, ESQ.
                               (213) 612-2500
10
     For Aurelius Capital
11   Management:               Friedman Kaplan Seiler & Adelman
                               BY: GREGORY W. FOX, ESQ.
12                             (212) 833-1177

13                             Aurelius Capital Management, LP
                               BY: MATTHEW A. ZLOTO
14                             (646) 445-6518

15                             Akin Gump Strauss Hauer & Feld, LLP
                               BY: DEBORAH J. NEWMAN, ESQ.
16                             (212) 872-7481

17
     For Defendants, Employees
18   Compensation Defendant's
     Group:                    Frank Gecker, LLP
19                             BY: JOSEPH FRANK, ESQ.
                               BY: REED HEILIGMAN, ESQ.
20                             (312) 276-1400, EXT. 1432

21
     For Matthew Frank:        Alvarez & Marsal, LLC
22                             BY: MATTHEW FRANK
                               (312) 371-9955
23
     For Rodney Gaughan:       Deutsche Bank
24                             BY: RODNEY GAUGHAN
                               (201) 593-4016
25
```

```
 1   For Angelo Gordon:        Wilmer Cutler Pickering Hale & Dorr
                               BY: ANDREW N. GOLDMAN, ESQ.
 2                             (212) 230-8836

 3

 4   For Wells Fargo:          White & Case
                               BY: SCOTT GREISSMAN, ESQ.
 5                             (212) 819-8567

 6   For Chicago Fundamental
     Investment:               Chicago Fundamental Investment
 7                             BY: PETER GRUSZKA, ESQ.
                               (312) 416-4215
 8

 9   For Interested Party:     Patterson Belknap Webb & Tyler
                               BY: GRIAN GUINEY, ESQ.
10                             (212) 336-2305

11   For Crane Kenny:          Shaw Gussis Fishman Glantz Wolfson
                               BY: ALLEN GUON, ESQ.
12                             (312) 980-3806

13   For Barclays:             Latham & Watkins, LLP
                               BY: DAVID HAMMERMAN, ESQ.
14                             BY: ROBERT ROSENBERG, ESQ.
                               (212) 906-1200
15
                               Barclays Capital, Inc.
16                             BY: OLIVIA MAURO, ESQ.
                               (212) 412-6773
17
                               Mayer Brown, LLP
18                             BY: AMIT K. TREHAN, ESQ.
                               (212) 506-2500
19

20   For Wilmington Trust:     Camden Asset Management
                               BY: MARK HOLLIDAY, ESQ.
21                             (503)243-5000

22                             Brown Rudnick, LLP
                               BY: GORDON NOVOD, ESQ.
23                             (212) 209-4940
                               BY: JAMILA WILLIS, ESQ.
24                             (212) 209-4850

25
```

```
 1   For USB Securities:          USB Securities, LLC
                                  BY: CARRAS HOLMSTEAD, ESQ.
 2                                (203) 719-1425

 3   For Anna Kalenchits:         BY: ANNA KALENCHITS
                                  (212) 723-1808
 4

 5

 6   For Nomura Securities:       Nomura Securities
                                  BY: ARTHUR KAVALIS, ESQ.
 7                                (708) 655-4415

 8

 9   For Monarch Alternative
     Capital, LP:                 Monarch Alternative Capital, LP
10                                BY: MICHAEL J. KELLY, ESQ.
                                  (212) 554-1760
11

12   For JP Morgan Chase:         Davis Polk Wardwell, LLP
                                  BY: PETER KIM, ESQ.
13                                (212) 450-3028

14                                JP Morgan Chase
                                  BY: SHACHAR MINKOVE, ESQ.
15                                (212) 834-7174

16   For Corre Partners:          Corre Partners
                                  BY: STEPHEN LAM, ESQ.
17                                (646) 863-7157

18   For Onex Credit
     Partners:                    Onex Credit Partners
19                                BY: STUART KOVENSKY, ESQ.
                                  (201) 541-2121
20

21   For Oaktree Capital
     Management:                  Oaktree Capital Management
22                                BY: EDGAR LEE, ESQ.
                                  (213) 830-6415
23                                BY: KENNETH C. LIANG, ESQ.
                                  (213) 830-6422
24

25
```

```
1    For Morgan Stanley:         Weil Gotshal & Manges, LLP
                                 BY: DAVID LITVACK, ESQ.
2                                (212) 310-8361
                                 BY: ANDREA SAAVEDRA, ESQ.
3                                (212) 310-8544
                                 BY: MICHAEL F. WALSH, ESQ.
4                                (212) 310-8197

5

6    For Crain's Chicago
     Business:                   Crain's Chicago Business
7                                BY: LYNNE MAREK, ESQ.
                                 (312) 649-5328
8
     For Credit Agreement
9    Lenders:                    Dewey & LeBoeuf, LLP
                                 BY: JOSHUA M. MESTER, ESQ.
10                               (213) 621-6016

11
     For Brigade Capital
12   Management:                 Brigade Capital Management
                                 BY: GRANT NACHMAN, ESQ.
13                               (212) 745-9781

14   For Cyrus Capital
     Partners:                   Jones Day - New York
15                               BY: SVETOSLAV KIKOV-Client
                                 (302) 651-7649
16
     For Bigalow:                Sperling & Slater
17                               BY: GWEN NOLAN, ESQ.
                                 (312) 641-3200
18
     For Royal Bank of
19   Scotland:                   Cadwalader Wickersham & Taft
                                 BY: MATTHEW OLIVER, ESQ.
20                               (212) 504-6290

21                               Royal Bank of Scotland
                                 BY: COURTNEY ROGERS, ESQ.
22                               (203) 897-4815

23
     For T. Rowe Price:          Bingham McCutchen, LLP
24                               BY: GINA PALMIERI, ESQ.
                                 (860) 240-2700
25
```

```
 1   For Merrill Lynch
     Capital Corporation:      Kaye Scholer, LLP
 2                             BY: JANE PARVER, ESQ.
                               (212) 836-8510
 3                             BY: MADLYN G. PRIMOFF, ESQ.
                               (212) 836-7042
 4

 5

 6   For Citigroup:           Paul Weiss Rifkind Wharton &
                               Garrison, LLP
 7                             BY: SHANNON PENNOCK, ESQ.
                               (212) 373-3000
 8
     For Majestic Realty
 9   Co. & Yorba Park Sub:    Reimann Law Group
                               BY: DAVID W. REIMANN, ESQ.
10                             (302) 414-3000

11
     For Great Banc Trust:    K & L Gates
12                             BY: JEFFREY N. RICH, ESQ.
                               (212) 536-4097
13
     For Levine Leichtman:    Levine Leichtman Capital Partners
14                             BY: JASON D. SCHAUER, ESQ.
                               (310) 275-5335
15
     For Abbott Laboratories
16   Retirement:              Munger Tolles & Olson, LLP
                               BY: BRAD R. SCHNEIDER, ESQ.
17                             (213) 683-9100

18   For Eos Partners:        Eos Partners
                               BY: MIKE J. SCHOTT, ESQ.
19                             (212) 593-4046

20   For Canyon Partners:     Canyon Partners
                               BY: CHANEY M. SHEFFIELD, ESQ.
21                             (310) 272-1062

22   For Dominion:            McGuire Woods, LLP
                               BY: BETH SIEG, ESQ.
23                             (804) 775-1137

24

25
```

```
 1  For Robert R. McCormick
    Foundation & Cantigny
 2  Foundation:              Katten Muchin Rosenman, LLP
                             BY: JOHN SIEGER, ESQ.
 3                           (312) 902-5294

 4  For The Seaport Group:   Seaport Group
                             BY: KENNETH SMALLEY, ESQ.
 5                           (212) 616-7763

 6

 7
    For Citi:                CITI
 8                           BY: REBECCAS SONG, ESQ.
                             (212) 559-9933
 9
    For Bond Holders:        Stonehill Capital Management
10                           BY: MICHAEL STERN, ESQ.
                             (212) 739-7474
11
    For Amalgamated Bank:    Milbank Tweed Hadley & McCloy
12                           BY: ALAN STONE, ESQ.
                             (212) 530-5285
13
    For Interested Party:    Miller Tabak Roberts Securities,
14                           LLC
                             BY: ANDREW M. THAU, ESQ.
15                           (212) 692-5178

16  For Contrarian Capital
17  Management:              Contrarian Capital Management
                             BY: JOSHUA TRUMP, ESQ.
18                           (203) 862-8299

19
    For EGI-TRB, LLC:        Jenner & Block
20                           BY: ANDREW VAIL, ESQ.
                             (312) 810-8688
21
    For Stark Entities:      Quarles & Brady, LLP
22                           BY: ERIC VANSCHYNDLE, ESQ.
                             (414) 277-5155
23
    For Interested Party:    Smith Management
24                           BY: JENNIFER WILD, ESQ.
                             (212) 418-6877
25
```

```
For Ernst & Young, LLP:   Alston & Bird, LLP
                          BY: JOHN WEISS, ESQ.
                          (212) 210-9412

For Carval Investors:     Carval Investors
                          BY: TECK WONG, ESQ.
                          (952) 984-3292

For Interested Party:     Katten Muchin Rosenman, LLP
                          BY: ANDREW L. WOOL,. ESQ.
                          (312) 902-5623

For SNR Denton US:        SNR Denton US, LLP
                          BY: STEPHANIE L. WOWCHUK, ESQ.
                          (312) 876-2569
```

WILMINGTON, DELAWARE, TUESDAY, NOVEMBER 22, 2011 2:02 P.M.

THE COURT:  Good afternoon.

MR. PERNICK:  Good afternoon, Your Honor.  Norman
Pernick from Cole Schotz for the debtor, Tribune Company.
With the Court's permission, I'll run through the agenda
very quickly.

THE COURT:  Go ahead.

MR. PERNICK:  Your Honor was kind enough to enter
Orders on Item #1 which was the Forty-Sixth Omnibus
Objection; Item #11, Morrison & Head's fee application; #15,
the extension of the removal period; #16, the settlement
with the Franchise Tax Board of California; #17, the Second
Supplemental Application to Modify the Scope of Services for
Pricewaterhouse; and #18, the Forth Supplemental Application
to Modify the Scope of Services for Ernst & Young.  And then
we have continued to the January 11, 2012 hearing Item #2,
the Tenth Omnibus Objection with respect to the claims of GE
Capital Fleet Services and Robby S. Wells; #3, the Twenty-
Fourth Omnibus Objection with respect to the claims of
Marbury von Briesen and Herbert Eye; #4, the Twenty-Seventh
Omnibus Objection with respect to the claim of Marcia
Willette, although a settlement was reached and a
stipulation is going to be submitted so we're continuing it
just as a matter of course but we don't expect that to go

1  forward; #5, with respect to the Thirty-Third Omnibus

2  Objection, the City of Chicago; #6, the Fortieth Omnibus

3  Objection with respect to the claim of USDR CNI Corp.;

4  #7, the Forty-Second Omnibus Objection with respect to the

5  claims of Broadspire Services, Software AG, and Carol

6  Walker; #8, the Forty-Seventh Omnibus Objection with respect

7  to the Ohio Department of Taxation; #10, the Forty-Eighth

8  Omnibus Objection with respect to the claim of Joann Parket;

9  and then, Your Honor, continued to the December 13 hearing,

10  I have Item #9, which is the Motion to Approve the

11  Settlement Agreement between InsertCo and 57-11 49th Place,

12  LLC.  There were CNO's filed on three fee applications; #12,

13  which was Jackson Walker, and then two SNR Denton

14  applications, #13 and 14.

15        THE COURT:  I had some questions.

16        MR. PERNICK:  I thought you might so I think Mr.

17  Kansa is in the Court to answer questions that the Court may

18  have on those.

19        THE COURT:  Okay.

20        MR. KANSA:  Good afternoon, Your Honor.  Ken

21  Kansa of Sidley Austin on behalf of the debtors.  The

22  debtors did submit the two applications in question, both of

23  which are from ordinary course professionals who had

24  exceeded their monthly caps.  We're happy to respond to any

1    questions for the Court.  I don't believe we have

2    representatives of Jackson Walker or SNR Denton with us but

3    we can certainly pass anything back the Court may have.

4            THE COURT:  Let's see how well you do.  With

5    respect to --

6            MS. WOWCHUK:  Your Honor, this is Stefanie

7    Wowchuk on behalf of SNR Denton on the line.

8            THE COURT:  Yes.

9            MS. WOWCHUK:  So I can answer any questions --

10           THE COURT:  All right.  Thank you.

11           MS. WOWCHUK:  -- that are for SNR Denton.

12           THE COURT:  Let me start with Jackson Walker.

13   What's the amount of the monthly cap for Jackson Walker?

14           MR. KANSA:  Your Honor, off-hand, I believe we

15   have them in at 50,000.

16           THE COURT:  Okay.  Can you confirm that their

17   non-colored copying is at $.10 a page?  I wasn't able to

18   tell that from the expense --

19           MR. KANSA:  Your Honor, off-hand, I cannot but

20   that's something we can pass back as an inquiry to them.

21           THE COURT:  All right.  And just respond under

22   certification.

23           MR. KANSA:  We will do so, Your Honor.

24           THE COURT:  Okay.  With respect to SNR Denton, I

25

1  have the same question with respect to photocopy costs.  Can

2  you confirm that you're charging at $.10 a page?

3          MR. KANSA:  Your Honor, I cannot and I'm not sure

4  if Ms. Wowchuk is deferring to me but she will know far

5  better than I.

6          THE COURT:  All right.

7          MS. WOWCHUK:  Yes, Your Honor, I can look into

8  that as well.

9          THE COURT:  All right.  You can submit the

10 information under certification.

11

12         MR. KANSA:  We will do so, Your Honor.  As a

13 matter of advice to the Court, I understand that we intend

14 -- the company intends very shortly to submit a 327(e)

15 application for SNR Denton's retention.  So we should be

16 able to eliminate the OCP monthly cap exceeding the fee

17 applications if that's the term from time to time.

18         THE COURT:  I'm delighted.  Thank you.

19         MR. KANSA:  Thank you, Your Honor.

20         MR. PERNICK:  And, Your Honor, that leaves us

21 with Item #19, which is the Committee's Motion for an Order

22 Amending the Definition of the Termination Event, and #20,

23 which is the status hearing on the Plan and we leave it to

24 the Court's preference whether you prefer to hear one over

25 the other or just want to go in order.

1          THE COURT:  Let's just take them in order.

2          MR. PERNICK:  Thank you, Your Honor.

3          MR. SOTTILE:  Your Honor, James Sottile of

4 Zuckerman Spaeder, Special Counsel to the Official Committee

5 of Unsecured Creditors.  As usual, no omnibus hearing would

6 be complete without addressing the continuance of the

7 litigation stays.  As the Court is well aware, the stay that

8 was agreed to by the parties and entered by the Court in

9 connection with the Standing Orders has been extended four

10 times, most recently on October 31st, the day the Court

11 issues its decision on confirmation.  Most recently, that

12 extension carried the stay out until December 13th.  We have

13 in those various extensions, Your Honor, addressed one

14 aspect of the Order defining how long the stay goes, which

15 was a stated period of time.  There was, however, another

16 aspect of the length of the stay defined in the Standing

17 Orders and that is when and if the Court declined

18 confirmation of the Plan proposed by the DCL Proponents.

19 This Court did so by its Order on December 31st and as a

20 result, under the terms of the existing Standing Orders, the

21 stay of the adversary proceedings terminated.

22          Your Honor, we believe that all of the conditions

23 and rationales that supported the original entry of the stay

24 of the adversary proceedings and its extension on a number

1   of occasions remain equally true today.  While the Court has

2   denied confirmation of the DCL Plan, the process by which

3   the parties seek to have the Court confirm a Plan continues.

4   This Court, by its decision, has identified specific flaws

5   that, if addressed appropriately by the DCL Proponents, we

6   believe that they have been and will be, as the Court will

7   hear later, would lead to confirmation of the Plan.  Since

8   we remain in a process leading to confirmation, Your Honor,

9   we submit that it is appropriate for the stay to remain in

10   place so that the parties can focus their efforts on the

11   confirmation proceeding and so that the merits of the claims

12   can be dealt with appropriately by the litigation trust that

13   is contemplated by the DCL Plan to take over prosecution of

14   those claims.

15           There were no objections to the motion, Your

16   Honor, except for the limited objection of Mr. Zell and

17   unless the Court wishes, I don't intend to address Mr.

18   Zell's objection beyond noting that it is in substance the

19   same as Mr. Zell has raised on a number of occasions in the

20   past that he should be permitted relief from the stay or

21   clarification of the stay doesn't apply so that he could

22   serve a Rule 9011 motion with respect to the claims --

23   certain of the claims the committee has asserted against Mr.

24   Zell.

25

1    Your Honor, I think the only other point I would

2 add with respect to the motion is that we seek the relief

3 nunc pro tunc so that no parties are prejudiced by

4 expiration of the stay on the 31st.  Absent nunc pro tunc

5 relief, for example, Your Honor, there is deadlines which

6 might be running with respect to responses to pleadings.

7 The parties might be required to undertake certain actions

8 under applicable Court rules and so forth so that if the

9 Court is minded to grant the motion and amend the definition

10 of termination event so that the denial of confirmation of

11 the DCL Plan doesn't terminate the stay, we would ask that

12 that relief be granted nunc pro tunc.  I'm happy to address

13 any questions the Court may have or to cede the podium to

14 Mr. Zell's Counsel.

15    THE COURT:  Actually, let me ask you to remain

16 there for a moment and ask if Mr. Bradford would like to

17 come forward.

18    MR. BRADFORD.  Good afternoon, Your Honor.  David

19 Bradford, Jenner & Block, for Mr. Zell.

20    THE COURT:  Good afternoon, Mr. Bradford.  As you

21 might anticipate, I intend to rule the same way I have with

22 the past extensions and understand your place holding

23 objection.  I guess the question at this point is given the

24 schedule that the debtor has proposed, and we'll address

25

1  that next, does December 13th really make sense?

2      MR. SOTTILE:  You would like me to respond, Your

3  Honor?  Your Honor, our view is that it does not.  December

4  13th was simply the expiration of the 60-day period by which

5  the Court has previously given the parties authority to

6  agree to extensions without seeking further or additional

7  relief.  If the Court were to deem it appropriate, we're

8  happy to submit a revised Proposed Order that would further

9  extend the stay but will be guided, obviously, by the

10  Court's wishes.

11

12      THE COURT:  Well, I rarely suggest an enhancement

13  to the relief the parties have requested.  But, and without

14  in any way detracting from the objection that Mr. Bradford

15  continues to make, I just wonder whether from an economy

16  standpoint it doesn't make sense, subject to whatever ends

17  up being decided with respect to scheduling, to carry this

18  time, you know, into mid-February or somewhere like that

19  without in any way prejudicing Mr. Zell's rights to maintain

20  his objection.  Mr. Bradford, do you have a comment to that?

21      MR. BRADFORD:  Your Honor, we're happy to see

22  this -- the February date and I think there is no purpose to

23  coming back repeatedly.  I would if I could simply note that

24  we're not asking you to revisit any decisions that you have

25  made, but there is one decision that we've submitted to Your

1   Honor that Your Honor has not ruled upon that we would hope

2   you would clarify in connection with this existing stay.

3   And that was the question of whether the stay Order as

4   originally entered and is now continued precludes merely the

5   service of a Rule 9011 motion?  We understand the rationale

6   for not having litigation during this period.  We actually

7   think that service of that motion could be a claim reduction

8   or litigation resolution mechanism and that the mere service

9   of that motion without any additional motion practice

10  attendant to it could actually further the purposes that I

11  think everybody in this Courtroom is committed to.  And so

12  we would ask the Court to clarify.  I think, frankly, we had

13  a window the last two or three weeks to make that service

14  because the State did, in fact, expire.  We wanted to

15  respect the Court's intentions.  But I think in light of the

16  lapsing and in light of the positive effects that service

17  itself may have without pre-judging the question of whether

18  we could then go forward with a motion in the event they

19  decided to stand on their Complaint, we would ask you to

20  resolve that issue.

21          THE COURT:  Okay.  I haven't resolved that issue,

22  despite your request, but not out of neglect.  I just think

23  it all ought to be carried together.  But I appreciate your

24  position.

1          MR. BRADFORD:  Thank you, Your Honor.

2          THE COURT:  Mr. Sottile?

3          MR. SOTTILE:  Your Honor, certainly from the

4    Committee's perspective and I think from all of the DCL Plan

5    Proponents, we would agree that a substantial extension

6    beyond December 13th of the stays would be appropriate.  I

7    have not, however, had an opportunity to confer with the

8    Noteholders on this matter who had agreed, Your Honor, I

9    think with the previous extension and before we suggest a

10   date, I would ask the Court's indulgence for an opportunity

11   to confer with them and perhaps we could take up the next

12   item on the agenda and then report to the Court afterwards?

13

14         THE COURT:  That's fine.

15         MR. SOTTILE:  Thank you, Your Honor.

16         MR. BRADFORD:  Thank you, Your Honor.

17         THE COURT:  Thank you.

18         MR. CONLAN:  Good afternoon, Your Honor.  Jim

19   Conlan on behalf of the debtors.  The Status Conference.

20   Your Honor, the DCL Plan Proponents heard you loud and

21   clear.  Fix, address the issues in our Plan identified and

22   exit from bankruptcy as quickly as possible.  On Friday, we

23   filed what we call the Status Conference Report.  It has a

24   chart attached.  We also filed the Amended Plan.  To the

25   Amended Plan, we attached an exhibit called the Allocation

1  Dispute Protocol.  I'll come back to that in a minute.

2  Third, we filed what we call the Supplemental Disclosure

3  Document.  And fourth, the Solicitation Procedures Motion,

4  which is essentially a Scheduling Motion.  Your Honor,

5  there's nothing that we're asking you to decide today, but

6  we wanted to summarize those documents and how they operate

7  very generally.

8           First, with respect to Releases and Exculpation,

9  there's four subparts.  The debtor releases.  The debtor

10  releases are granted only by the debtors now and only on

11  their behalf.  Two, the debtors' related persons are out so

12  they're no longer in the definition of released parties.

13  Three, the 401(k) and current employees are out.  They are

14  no longer in the definition of released stockholder parties.

15  Finally under the heading of Release and Exculpation Issues,

16  the exculpation provision no longer includes non-estate

17  fiduciaries, namely the banks.

18           The second heading, I'll call it the 1129(a)(10)

19  issue.  We had 37 debtors that did not have an impaired

20  accepting class because we didn't have any votes.  What

21  we're doing is we're keeping the concept that non-voting

22  classes are still deemed to reject, but we're giving them

23  notice of same and a new opportunity to vote -- sorry, to

24  accept and a new opportunity to a vote.  If the class votes

1  to reject; one, that would surprise us, but if the class

2  did, we would, and we envision this, withdraw that

3  particular company from the Plans or dismiss the case of

4  that particular company.

5          Three, with respect to the bar Order, we're now

6  quite explicit per your Order, that plaintiffs are expressly

7  enjoined from going after non-settling defendants in any

8  manner that fails to conform to the bar Order.

9          And then finally, and it's the biggest collection

10 of issues and I'll describe it as the subordination and

11 allocation issues.  There are many points of view, Your

12 Honor, on these issues and a range of potential outcomes.

13 The Plan follows your opinion, our Amended Plan which we

14 filed Friday, and provides there is no subordination of the

15 PHONES with respect to Chapter 5 causes of action in the

16 litigation trust unless, of course, the Court determines

17 that it wishes to re-visit that issue in connection with

18 either the Allocation Dispute Protocol, which I referenced

19 earlier, or the Motion to Reconsider that's been filed.

20         THE COURT:  I intend to consider whatever is

21 raised in the Motions for Reconsideration.

22         MR. CONLAN:  Very good, Your Honor.  Otherwise,

23 our Amended Plan starts with what we would call a baseline

24 that is the Article III distributions in the Second Amended

25

1    Plan, but subject to the resolution of any disputes relating

2    to the subordination and allocation issues, and there may be

3    several.  There will be several.

4              Your Honor, I won't lay out the potential

5    permutations on the subordination and allocation issues.

6    They're laid out in our documents.  But what I can say is

7    that the DCL Plan Proponents would like the Court to resolve

8    all or as many of those subordination and allocation issues

9    as is possible and as is appropriate.  But we do not want

10   the resolution of those issues to delay our exit from

11   bankruptcy so we have created the Allocation Dispute

12   Protocol and essentially, what it says is this.  If Your

13   Honor does not wish to resolve all or any of those issues in

14   advance of the effective date, then the Allocation Dispute

15   Protocol allows for the funding of a pot, essentially, of up

16   to $215 million, which is the maximum amount that would have

17   to be held back if the initial distributions were only those

18   that represented the worst case scenario or outcome for each

19   of the constituencies that has a dog in what again we would

20   call the subordination allocation fight.  And while $215

21   million sounds like a lot of money; it is a lot of money,

22   it's about 3% of the value of these estates.  And so again,

23   I want to emphasize we would like you to decide as many of

24   those issues as possible but we don't want the resolution of

25

1   those issues to slow our exit from bankruptcy.  So we

2   created a structure we think that accomplishes all of that.

3           Your Honor, with respect to scheduling, in the

4   Scheduling Motion, the fourth item I mentioned, we ask for

5   December 13th for approval of our Supplemental Disclosure

6   Document.  Objection deadline is December 6th.  We envision a

7   January 20th voting deadline and we envision a confirmation

8   hearing the first week of February.  We intend to re-solicit

9   the Senior Notes, the PHONES, EGI-TRB, the other parent

10  claims, and the non-voting subsidiary general unsecured

11  creditors; and when I say re-solicit that includes allowing

12  them to make new elections.  We do not intend to re-solicit

13  the senior lenders, the bridge, or the other subsidiary

14  general unsecured creditors.  Mr. LeMay, Counsel for the

15  Committee has some additional comments I believe, Your

16  Honor, that he'd like to share with the Court.

17          THE COURT:  Let me ask you first before you step

18  away what you think -- what time the Court should set aside

19  for the hearing on disclosure and confirmation.

20          MR. CONLAN:  I think on disclosure, my own view

21  is a day because the materials are, in our view, very

22  complete and, frankly, self-executing.  And on confirmation,

23  my own view again would be two days.

24          THE COURT:  Thank you.

25

1          MR. LEMAY:  Good afternoon, Your Honor.  David

2    LeMay from Chadbourne & Parke for the Official Committee of

3    Unsecured Creditors.  As you know by the filings that were

4    put before you on Friday, the Committee supports the

5    approach that Mr. Conlan has sketched out.  The Committee,

6    along with the debtors and the other DCL Proponents, have

7    worked very hard since the date of Your Honor's ruling to

8    achieve a -- the following goals:  First, to implement the

9    Court's decision.  Second, to maintain the bargain of the

10   Court expectations -- second, to maintain the bargain for

11   expectations and outcomes to the extent consistent with the

12   Court's decision.  And most important, as Mr. Conlan said,

13   to devise a structure that permits the fastest possible

14   exit, a goal which my client, the Committee, has identified

15   as being of crucial importance.

16

17          Allow me, Your Honor, to elaborate on just a

18   couple of points, and this won't take more than a minute or

19   two, that Mr. Conlan touched on.  As Your Honor has seen

20   from the Motions for Reconsideration that have been filed,

21   disputes have arisen among the parties about the proper

22   applications of certain aspects of the Court's ruling as it

23   relates to subordination, certain subordination provisions,

24   and those disputes I think are now partly embodied by the

25   Motions for Reconsideration.  I imagine there will be papers

1  filed in response to those.  So the parties have acquainted

2  you with the idea that there is a dispute concerning the

3  extent to which and the degree to which the PHONES are

4  contractually subordinate to the senior debtor, the PHONES

5  indenture.  There is also an issue that was identified in

6  the Court's confirmation opinion with respect to unfair

7  discrimination arising from the manner in which proceeds

8  were allocated under the DCL settlement.

9          The Amended Plan maintains the distribution

10  scheme set forth in the Second Amended Plan except that it

11  does change the litigation trust because the Court

12  explicitly ruled that the litigation trust needed to be

13  adjusted in respect to allocations of certain proceeds

14  arising from causes of action that the litigation trust will

15  pursue.  That amendment has been made and, in any event,

16  should further disputes be needed -- arise over that, which

17  I suspect they will, they will be as Mr. Conlan says either

18  resolved in connection with confirmation proceedings or

19  resolved through the Dispute Allocation Protocol which would

20  permit those items, if necessary, to be resolved post-

21  confirmation.  There will be further support provided, of

22  course, for the way that the Third Amendment Plan proposes

23  to treat both of those issues, including the proposed

24  treatment of the Retiree claims pursuant to the Retiree

25

1    claims settlement.  Your Honor will recall that the group of

2    Retirees, represented by Mr. Teitelbaum who's in Court, had

3    a settlement that was a component of the DCL Plan.  The

4    Court, at page 93 of its opinion, determined that that

5    settlement was an important piece of the reorganization.

6    And so there will be further evidence in that respect.  We

7    look forward, Your Honor, to pursuing as quickly and as

8    vigorously as possible an exit to get the company out of

9    Chapter 11, to permit the remaining disputes to be resolved

10   with due process to all, but most importantly, to end these

11   reorganization cases and, if necessary, to have the disputes

12   resolved post-reorganization.  That's all I have, Your

13   Honor.

14

15            THE COURT:  Thank you.  Let me hear next from

16   anyone who fits into the broad category of friends of the

17   DCL Group if they wish to be heard.

18            MR. TEITELBAUM:  Good afternoon, Your Honor.  Jay

19   Teitelbaum, Teitelbaum & Baskin, on behalf of the Times

20   Mirror Retirees.  Just to echo the comments, Your Honor, I

21   guess it's coming on three years and I can only speak on

22   behalf of the Retirees who have been calling me regularly

23   reminding me that it's been over three years since they've

24   seen any retirement benefits.  We share most urgently the

25   efforts that are being made to get this company out of

1   bankruptcy.  We also though emphasize to the Court the

2   importance of the settlement which this Court recognized was

3   important to the reorganization and which I will emphasize

4   was probably one of the cornerstones of the Plan, the

5   original Plan, the April Plan.  I think it was probably one

6   of the first settlements that was put together as part of

7   that resolution and we've stuck by that settlement, Your

8   Honor since then.  We haven't tried to re-negotiate it.  We

9   haven't tried to change it; though Lord knows things have

10  changed over the last three years.  So we would urge the

11  Court that what's being proposed not only makes good sense

12  for the case, but it makes good sense for the Retirees.

13  Thank you, Your Honor.

14

15          THE COURT:  Thank you.  Anyone else wish to be

16  heard before I turn to the Noteholders and others?  Okay.

17          MR. ZENSKY:  Good afternoon, Your Honor.  David

18  Zensky, Akin Gump Strauss Hauer & Feld for Aurelius Capital

19  Management.  So the record is clear, Your Honor, I'm not

20  wearing my Noteholder Plan Proponent hat at the moment.  I'm

21  speaking only on behalf of Aurelius, though I don't believe

22  that the indenture trustees who are prepared to speak will

23  disagree to any great degree with the limited comments I'm

24  prepared to offer at this point.

25          Your Honor, we are disappointed in the debtors'

1   proposed process and construct for moving ahead at this

2   point and, as you'll hear, most of it relates to their

3   Allocation Dispute Protocol.  When the Court tasked the

4   debtors in the concluding paragraphs of its opinion as

5   finding an exit door from the Chapter 11, we understood that

6   to mean finding a path forward for all parties in interest

7   and not just the chosen parties in interest.

8           THE COURT:  I was, notwithstanding all

9   indications to the contrary, still optimistic that could

10  happen.

11          MR. ZENSKY:  Understood, Your Honor.  And we

12  think that what's been proposed here constitutes a way

13  forward for some and a wrong turn down a deep dark hole for

14  others.  You heard it described briefly, the Allocation

15  Dispute Protocol, and that their new Plan process has laid

16  out or recognizes in their mind that there are something

17  like a dozen issues of subordination with the exception of

18  two that have never been raised by any party during the

19  course of these -- the prior Plan proceedings, weren't

20  raised by the Court in its decision, still have not been

21  raised in any paper or pleading at this point, and it may be

22  that some of them can't be raised at this point of this

23  Chapter 11.  But putting that all aside, what the debtors

24  have proposed is that we'll rush ahead to a Disclosure

1   Statement and Plan proceedings with or without a

2   determination of these issues and reserve something like 50%

3   of the consideration that would flow to other parent

4   creditors and worry about it later.  We believe that the

5   fairest and most efficient way to proceed is to develop a

6   program that gets those allocation disputes, and whichever

7   of those can fairly be raised at this point, decided now in

8   advance of the Plan process moving forward, and we think

9   that can be done expeditiously.  I don't have a specific

10  timetable to propose given that the Plan was just filed.

11  But I'm optimistic that if we had a week or so to confer

12  with the other parties that have a dog in this fight that

13  would participate in litigating the allocation disputes,

14  that we could come back to you with a proposal well in

15  advance of the next conference to try to get those on track

16  for a rapid decision.

17

18          THE COURT:  And what would be the interplay

19  between that process and the Motions for Reconsideration?

20          MR. ZENSKY:  Well, it's a good question, Your

21  Honor.  Certainly, the Motion for Reconsideration that goes

22  to the subordination of the Chapter 5 recoveries is one of

23  the 11 or 12 issues that the debtors have identified.  It

24  can be pursued either through the motion practice, which is

25  now scheduled to be heard on the 13th, or it can be deferred

1  and decided as part of an expedited resolution of all

2  subordination issues, whatever makes the most sense to the

3  Court.

4         Approaching these issues now, Your Honor, we

5  think will ensure, number one, that they get done and

6  decided in a timely manner with everyone incented to get

7  them done in a hurry.  As you've heard, the DCL Plan

8  Proponents say they've been in bankruptcy a long time and

9  want to get out and frontloading this issue will make sure

10  everyone stays focused and committed to getting them decided

11  now and it will ensure that whatever consideration the other

12  parent creditors and the Senior Noteholders and/or PHONES

13  are entitled to get, they get it when we reach the goal line

14  here and not at some point well into the future.  But beyond

15  that, Your Honor, we think that understanding the interplay

16  or the outcome of these issues; again to the extent they can

17  be raised at this point, will lead to a better Plan process,

18  a better disclosure process, and a better voting process

19  because there is so much uncertainty attached to the range

20  of recoveries, as you can see from the papers, with the

21  other parent creditors and Noteholders ranging from 20 to

22  35%, that that will affect how creditors vote or perceive

23  the vote.  It will affect the precision of the disclosure

24  that can be given.  And it will affect the election process

25

1    where creditors can elect cash or a strip of stock and that

2    will be I think dramatically affected or impacted in some

3    person's mind by whether the allocation disputes have been

4    decided or not decided.  If we leave all of this for

5    resolution until after the Plan process, I mean frankly, I

6    don't think everyone will have as much fire in their belly

7    to get them done.  The debtors certainly will not have too

8    much of a concern about how long it takes or doesn't take.

9    And leaving it until after the Plan process will I think

10   affect, as I've just tried to describe, the disclosure, and

11   the voting, and the election process.

12           Now, another problem we have, Your Honor, is

13   saying that the parties with allowed claims, the other

14   parent creditors; certainly the Senior Noteholders have an

15   allowed claim, saying that we should go forward with the DCL

16   Plan settlement but escrow half of the consideration that

17   that class would be entitled to, that doesn't feel or sound

18   like a settlement, Your Honor.  If we are -- my client and

19   other Senior Noteholders are supposed to be the principal

20   beneficiary of the litigation that the DCL Plan Proponents

21   want to settle, settlement means the consideration passes

22   and flows to the beneficiaries and under their construct, by

23   putting this off into the future, it will not flow to the

24   beneficiaries at the time the Plan is confirmed and

25

1  consummated.  They're basically saying we'll create finality

2  for the defendants in that litigation but won't necessarily

3  create any sort of finality for the beneficiaries.  And it's

4  ironic to some degree, Your Honor, because it sounds a lot

5  like the Noteholder Plan and, if I read your opinion

6  correctly, the Noteholder Plan came in second out of the two

7  you were considering.

8          THE COURT:  Sure.

9          MR. ZENSKY:  And what they've basically done is

10 said we'll just tie this all up and deal with it later and

11 the Court, of course, has expressed its judgment on that

12 point.  At least in our Plan, all creditors had their

13 consideration tied up so it was fair and equitable to all to

14 move the process ahead.  And under this proposal, the Senior

15 Note -- the Senior Lenders, the subsidiary trade get paid

16 out in full on consummation and anyone who's still fighting

17 about an allocation dispute has to wait until we decide it

18 at a later stage.

19          So what we would propose, Your Honor, in short,

20 is to have -- you know, the holiday present a little problem

21 in terms of coordinating, but something like a period that

22 gets us to the end of next week or perhaps Monday, the 5th of

23 December, to report back to the Court on a process by which

24 we would meet and confer with the other parties that have an

1   interest in the allocation dispute, and the debtors if they

2   want to be involved in that process, and come back with a

3   very specific timetable and a method for adjudicating these

4   disputes in a way that we could get it done before we go

5   forward to the next Amended Plan.  If we can't come to

6   terms, then certainly each party would have to report to you

7   what they thought was the best protocol.

8          A couple other observations before I yield the

9   podium, Your Honor.  There was a statement that $215 million

10  was the right amount to escrow.  We don't necessarily agree

11  with that.  It's not for the Court to decide today, but

12  there will be a difference of opinion on that.  We also take

13  issue with the comment that the new Plan fully implements

14  the Court's decision in the following respect.  You -- Mr.

15  LeMay referred to the unfair discrimination point and Your

16  Honor dealt with that in the opinion.  And the main issue,

17  as we read it, was that the Court did not have sufficient

18  evidence to determine whether it was a material amount of

19  discrimination.  We didn't think there was any remaining

20  issue as to whether the other parent creditors do or don't

21  get the benefit of the subordination.  The debtors have

22  calculated that now and it's in the papers they filed on

23  Schedule D-2 and we said it was 50 million; they say it's 37

24  million and the right number may be something in between.

25

1  But under no set of circumstances could 37 million of

2  distributions that would otherwise flow to the Senior

3  Noteholders be deemed immaterial and yet the debtors are

4  still clinging to the same default position they had in the

5  first Plan or the Plan that Your Honor just reviewed, which

6  was to not apply the subordination provision -- excuse me.

7  The default that they still have is to let the other parent

8  creditors benefit from subordination even though we think

9  clearly they are not senior indebtedness.

10           The other and last thing I would observe, Your

11  Honor, and depending on how things unfold, it may be that we

12  need to reassess or the Court may want to reassess the

13  settlement that it just approved and I say that for two

14  reasons.  The prior ruling was based on a lengthy analysis

15  of multiple factors that Courts consider when determining a

16  settlement.  And one of those, of course, that the Court

17  found as a virtue of the DCL Plan and a problem with a

18  Noteholder Plan, was the finality and the immediacy that the

19  DCL Plan would bring in terms of distributions to the junior

20  creditors, the creditors who would benefit from the

21  litigation.  And if we leave the process as the debtors have

22  proposed it and those distributions don't flow or flow in

23  small part on consummation, then I think it's fair to say

24  that one of the legs that supported the decision and the DCL

25

1  Plan Proponents argument in favor of their Plan has been

2  removed.  The distributions are not going to flow

3  immediately as was argued to you I think in no fewer than 30

4  places in the papers that were presented in support of their

5  settlement.

6          The second thing that may well change is the

7  result of the vote, Your Honor.  Unlike the first time the

8  vote went out where other parent creditors, Senior

9  Noteholders, were told you're going to get, in connection

10 with the DCL Plan, that you will get 33.6%; you will get

11 35%, the new proposed disclosure is you'll get somewhere

12 between 19% and 36% if you're a Senior Noteholder or

13 somewhere between 21 and 35, give or take, if you're a

14 Retiree creditor, which is in the other parent class.  And I

15 think it's entirely possible that you get a very different

16 vote from those classes of creditors and that was, as we

17 read the decision, a very important part of this Court's

18 decision and it was a very big part of the argument that you

19 were presented with as to why the DCL Plan settlement should

20 be accepted, widespread creditor support, including creditor

21 support of other parent creditors --

22         THE COURT:  Well, let's see how the voting turns

23 out before we worry too much about that, Mr. Zensky.

24         MR. ZENSKY:  I prefaced all my comments by saying

25

1    it may be that we need to --

2              THE COURT:  I do have a question for you though.

3              MR. ZENSKY:  Okay.

4              THE COURT:  In light of the -- what I consider to

5    be a black letter rule that the filing of the Notice of

6    Appeal divests the lower Court of jurisdiction over those

7    aspects of the case, those issues involved in the appeal.

8    How am I restricted, if at all, in determining the issues

9    raised in the Motions for Reconsideration?

10             MR. ZENSKY:  That one I think is easy, Your

11   Honor.  Under 8002 and 8006, as amended I think in the past

12   couple years, it's crystal clear that where there is

13   simultaneously pending a Notice of Appeal and Motions to

14   Reargue, which fit in under Rule 9023 as a Rule 59 Motion;

15   they all refer to each other, but it's crystal clear that

16   the Motions to Reconsider take precedence and any assumption

17   of appellate jurisdiction is deferred until the last such

18   Motion is decided and all the other timing steps associated

19   with appellate practice are deferred explicitly under those

20   rules while those Reargument Motions are pending.

21             THE COURT:  Okay.  So I'm free to decide, in your

22   view anyway, all of those issues?

23             MR. ZENSKY:  Absolutely, Your Honor.

24             THE COURT:  Okay.  And would your answer be the
25

1  same if I asked what impact the Notice of Appeal would have

2  on the issues that I would be asked to consider in

3  confirming the DCL's latest Plan?

4        MR. ZENSKY:  Your Honor, assuming that all the

5  Reconsideration Motions have been disposed of, I think that

6  that may be a harder question and one that we certainly need

7  to think about and I'm not prepared to give a definitive

8  answer given how this is just unfolding in the past couple

9  days.  As to whether the new Plan changes things materially

10  from the Plan that you considered which could affect the

11  finality attached to the earlier decision as opposed to

12  where we find ourselves now.

13

14        THE COURT:  All right.  Thank you.  I'll hear

15  from others who wish to be heard.

16        MR. KORPUS:  Good afternoon, Your Honor.  Sheron

17  Korpus from Kasowitz Benson Torres & Friedman for Law

18  Debenture's Indenture Trustee.  I won't take too much of

19  your time, Your Honor.  We agree with Counsel for Aurelius

20  and we believe that the procedure outlined by Aurelius is

21  the right way to go here.

22        THE COURT:  Thank you.

23

24        MR. ADLER:  Good afternoon, Your Honor.  David

25  Adler from McCarter & English on behalf of Deutsche Bank

Trust Company Americas.  Similarly as Law Debenture, we

1  agree with the proposal that Mr. Zensky set forth and we

2  think it is the best way forward in this case.   Thank you.

3          MR. STARK:   Good afternoon, Your Honor.   Robert

4  Stark from Brown Rudnick appearing on behalf of Wilmington

5  Trust as Successor Indenture Trustee to the PHONES.   Two

6  quick real easy points.   I can confirm; I don't think

7  anybody from our side has actually done this.   We were not

8  part of the creation of this protocol.   It was sort of

9  imposed upon us, at least the PHONES were not involved in

10  this creation but I believe none of the pre-LBO creditors

11  were.   Second, easy confirmation for the Court.   You can

12  probably intuit it.   We're going to have some issues with

13  respect to the disclosure statement and the Solicitation

14  Motion.   There will be things to talk about on the 13th.   So

15  I want to make sure that the Court is aware of that.   A

16  little bit harder is reacting to what I just heard Mr.

17  Zensky say about whether or not people can raise new issues

18  about subordination as sort of a theorial concept.   That's

19  the first time I've heard; and I don't know whether or not

20  he was talking to me or he was talking to others.   So I

21  don't want to be perceived as acquiescing into whatever he

22  meant by that by being silent.   We have some issues on

23  subordination.   They're difficult.   We're going to have to

24  deal with them in the days ahead.   Whether they were raised

1 before or they get raised now they need to be dealt with.

2 But I do rise to agree largely with the substance of what

3 Mr. Zensky was saying on several points.

4 First, that holding over these issues post-

5 consummation is sub-optimal to getting, as Your Honor quite

6 aptly said it, us towards a fully consensual deal.

7 Second, I don't think it's really fair.  They get

8 out.  We're stuck in this, mired in this for a long time,

9 and at least one way to look at a busted LBO case like this,

10 is is it fair to the pre-LBO creditors and I think that

11 would be sort of adding insult to injury.

12 Third, I think Mr. Zensky is quite right when he

13 says that we could, the people who have to resolve this

14 issue, the pre-LBO creditors and the other creditors at the

15 parent company level, are all well-advised by sophisticated

16 litigation and bankruptcy Counsel sitting in a room, and I

17 feel fairly confident fairly quickly, come up with their own

18 litigation protocol fully acknowledging what everybody wants

19 to do and what Your Honor would like to see about getting

20 out in a reasonable period of time.  If we got into a room

21 and figured out what we think is appropriate for purposes of

22 briefing, finishing up discovery, having a trial on the

23 merits, I suspect it will be a rather short period of time,

24 certainly in comparison to the three years we've been here.

1    Since we just received the Plan and Disclosure Statement and

2    the solicitation procedures with Your Honor, I think we

3    should be given the opportunity to sit in the room and say

4    to Your Honor, and everybody else, how we think we ought to

5    be able to resolve these issues in a reasonable format in a

6    way that does achieve it.  But finally, and probably most

7    importantly, it should run in tandem with confirmation.  We

8    should be able to get through these issues, get through them

9    at the confirmation hearing.  I don't have a prediction as

10   far as how long it will take as far as a trial is concerned.

11   Again, I think hopefully, a lot of this can be done on the

12   papers.  The contract is what it is and the other claims are

13   what they are.  But if we have issues, we'll be -- I think

14   we should be given an opportunity to come back to Your Honor

15   and tell you how much time we think we will need and then we

16   run from there.  I don't know if Your Honor has any

17   questions for me.

18            THE COURT:  I do not.

19            MR. STARK:  Thank you.

20            THE COURT:  Anyone else wish to be heard?

21            MR. JOHNSTON:  Good afternoon, Your Honor.  Jim

22   Johnston of Dewey & LeBoeuf on behalf of Oaktree Capital and

23   Angelo Gordon as some of the DCL Plan Proponents.  You

24   haven't heard from me yet, Your Honor.  I didn't feel the

25

1    need to echo the sentiments earlier from Mr. Conlan and Mr.

2    LeMay, although I easily could have.  I just wanted to I

3    guess respond on one of those objectives which was addressed

4    by the Noteholder Plan Proponents and others and that's

5    timing.  We absolutely share the goal and objective of

6    getting this company out of bankruptcy as quickly as

7    possible.  And one thing that hasn't been mentioned, Your

8    Honor, is the fact, as you may recall from the confirmation

9    hearings, that entry of a Confirmation Order in this case is

10   not the end of the story with respect to the company then

11   going effective with a Plan.  There is an FCC approval

12   process which actually can't start until the Court enters a

13   Confirmation Order.  And the FCC lawyers that I've talked

14   to, and I don't think there's a disagreement about this, all

15   say that that process will take three to six months.  So the

16   suggestion that we can't go forward with a confirmation

17   process until all these allocation issues are resolved and

18   decided that it somehow would be unfair to do so, then puts

19   this company behind the eight ball of starting a

20   confirmation process after that and then waiting three to

21   six months after that before a single penny of distributions

22   can be made from these estates upon effectiveness of the

23   Plan.  I think you've heard loud and clear even from Mr.

24   Zensky that that isn't in anyone's interest.  Creditors have

25

1  waited a long time to see distributions in this case and

2  there will, frankly, be a substantial period of time between

3  confirmation, should Your Honor confirm the Third Amended

4  Plan and effectiveness, so that if disputes can't be

5  resolved exactly at the time of confirmation, it's highly

6  likely that they can be resolved before this company ever

7  goes effective.  To do all the disputes up front, to resolve

8  them, and then to start the confirmation process imposes a

9  significant additional layer of delay.

10

11       A couple other reactions to some of the comments.

12  You'll hear more about this on the 13th should we go forward

13  with the procedures motion and the supplemental disclosure.

14  We put purposely an incredible amount of information in the

15  Supplemental Disclosure Document, including disclosure of

16  various outcomes under almost every permutation of dispute

17  that -- or outcome that could come from the allocation

18  disputes.  I think you'll find that there's a far greater

19  level of detail than you would see in many other case and we

20  will hopefully establish that that disclosure is accurate

21  and adequate.

22       With respect to voting, Mr. Zensky's suggestion

23  that somehow creditors need to know the outcome of the

24  allocation disputes before they can make an informed

25  decision, I think just a couple of things.  One, with

1  respect to the Noteholder class, that's essentially a red

2  herring.  We know what Mr. Zensky's client is going to do

3  with respect to the Third Amended Plan.  Mr. Zensky's client

4  controls the Noteholder class.  So the idea that the

5  Noteholder class needs to wait to see how the allocation

6  disputes come out before they can cast a vote really doesn't

7  hold water.  And with respect to the other parent creditors,

8  I think you heard a very important counter-point this

9  morning -- or this afternoon from Mr. Teitelbaum whose

10  clients hold a very large portion of the other parent claims

11  class and who expressed strong support for going forward

12  with a Plan that provides for rapid confirmation.

13            With respect to the notion that the settlement,

14  the DCL settlement, should somehow be re-visited as part of

15  this process, again, not an issue for today.  I will remark

16  that all of the settlement consideration will flow to the

17  beneficiaries, the intended beneficiaries, which are the

18  general unsecured creditors.  There's no question about

19  that.  It's simply a question of who gets how much.

20            And last part, unique to one of my clients,

21  Oaktree as the holder of the slot claim.  Your Honor, I

22  certainly didn't read the opinion as Mr. Zensky suggested as

23  ruling, that the slot claim was not senior indebtedness

24  under the PHONES indenture.  I understood Your Honor to be

25

1    reserving on that issue.  If Your Honor did make that ruling

2    we can adjust the Plan accordingly.  Otherwise, that's one

3    of the issues to be decided in the allocation disputes.

4            THE COURT:  Thank you.

5            MR. JOHNSTON:  Thank you.

6            THE COURT:  Does anyone else wish to be heard?

7            MR. ZENSKY:  Your Honor, very briefly.  David

8    Zensky again for Aurelius Capital Management.  I just want

9    to respond to one point that Mr. Johnston just made.  He

10   said that we know how the vote of the Senior Noteholders

11   will come out because Aurelius controls that class, and that

12   may be by amount, but Your Honor will certainly recall that

13   there were quite a number of votes in favor of the DCL Plan

14   from Senior Noteholders that were touted to you as a reason

15   that they were right and we were wrong and that the Court

16   referred to in its opinion.

17

18           THE COURT:  So you're hoping to pick up a few

19   more votes.  I understand.

20           MR. ZENSKY:  Well, Your Honor, unless it's the

21   senior lenders that hold those Notes and voted them in favor

22   of the Plan and there's -- they think they're going to be

23   voted the same way, they may well flip to the negative and

24   that would be another reason -- that's certainly another

25   factor that was present the first time around that may be

1  different.

2  THE COURT:  All right.  Thank you.  Let me go

3  back to the debtor.  Mr. Conlan, is there no hope for

4  building a consensus here?

5  MR. CONLAN:  No, there's hope.

6  THE COURT:  No, I mean --

7  MR. CONLAN:  Your Honor, I actually think --

8  THE COURT:  I should have qualified.  Is there

9  any realistic hope?

10  MR. CONLAN:  Your Honor, I actually think the DCL

11  Plan Proponents think that the best way to achieve that, if

12  it is achievable, is by going down the path that we

13  described and I want to just put a word on, or a phrase on,

14  a parallel path.  Frankly, we welcome the parties with a dog

15  in the subordination allocation fight, getting together with

16  us and laying out for the Court how those issues are going

17  to be resolved.  I described earlier potentially a February

18  confirmation hearing and one estimate is 60 to 120 days.

19  You heard another one of four to six months.  But it's going

20  to be some time and, therefore, the resolution of those

21  issues could take place as late as spring/summer without,

22  frankly, the company emerging and distributions occurring

23  without reflecting those resolutions.  So frankly, we

24  welcome that parallel path and we think starting that

25

1  parallel path, starting down both those parallel paths, is

2  the way to achieve final consensus even with respect to the

3  cash settlement proceeds to which we continue to refer.  But

4  to be very explicit, do I think another week of talking

5  about process and procedure would result in consensus?  No.

6      THE COURT:  Anyone else wish to respond to my

7  question?

8      MR. GOLDEN:  Good afternoon, Your Honor.  Daniel

9  Golden, Akin Gump Strauss Hauer & Feld, on behalf of the --

10  of Aurelius.  Your Honor, it's hard when I just heard Mr.

11  Conlan say he's doubtful, and I assume he's talking on

12  behalf of the -- all of the DCLs, that an additional week

13  would bring consensus.  I'm surprised, frankly, by his

14  response.  I understand because they -- the DCL stated a

15  number of times in both their Status Report and in their

16  Supplemental Disclosure that they welcome a quick expedited

17  resolution of the so-called subordination allocation

18  disputes and if Your Honor felt it appropriate, they'd be

19  all in favor of having those disputes resolved on or prior

20  to confirmation.  The problem, of course, is the

21  confirmation and schedule that they've laid out.  It's very

22  unlikely that the disputes will be resolved in the timetable

23  that they have laid out if we have to add on to that process

24  the resolution of these disputes.  I'm frankly disappointed

1  to hear from Mr. Conlan that they're not willing to consider

2  a process where give the parties who have the "dog in the

3  fight" an opportunity to explore with the debtors whether an

4  additional month, given that we are three years into this

5  case, is going to be so disastrous.  The notion, however,

6  that Mr. Conlan just raised that well maybe it can't be

7  decided prior to confirmation, but there's going to be a

8  long time between confirmation and the effective date.  You

9  heard Mr. Johnston talk about that, that there may be a

10  three to six-month process for FCC approval.  The only thing

11  I'll say is I'm not sure that that was consistent, that time

12  period was consistent, with what the expert FCC testified to

13  on behalf of the DCL that the process would take that long.

14  And it is quite clear, as set forth in the Amended DCL Plan,

15  that any extension of the effective date has to be

16  determined unilaterally by the DCL Plan Proponents so that

17  if they are wrong about the expected timetable for the FCC

18  approval process and it's much shorter than you've now heard

19  Mr. Johnston acknowledge or represent, if we're not done

20  with the disputes, they can go effective and we can't do

21  anything about it so --

22          THE COURT:  Mr. Golden, was that a long I don't

23  think so either?

24          MR. GOLDEN:  No.  I actually think if the DCLs

25

1   are open to consider a process, we would produce a timetable

2   for them that we think they should be able to live with so

3   as to allow these allocation subordination disputes to be

4   resolved in a timely fashion, which won't create an

5   inordinate delay for them to go forward with their Third

6   Amended Plan.  So I am -- absolutely disagree with Mr.

7   Conlan.  I am much more optimistic about the ability to

8   achieve that if the DCLs are open to considering it.

9           THE COURT:  Thank you.

10          MR. LEMAY:  May I be heard very briefly, Your

11  Honor?

12          THE COURT:  Briefly.

13          MR. LEMAY:  Your Honor, we -- Mr. Conlan, Mr.

14  Teitelbaum, and I, Mr. Johnston, have all talked about the

15  need for speed.  I think what you've heard is, in effect, a

16  plea for delay.  There's that famous old chestnut or quote

17  from Samuel Johnson that nothing so wonderfully concentrates

18  a man's attention as to certain knowledge that he's to be

19  hanged in a fortnight.  No one here is to be hanged but I

20  think it is only the imposition of deadlines and a

21  timetable, the way that Mr. Conlan suggested, that if there

22  is to be any hope of a resolution, will force that.  I think

23  the plea for delay is likely to find us back where we are

24  some period of time from now to the detriment of the

1  creditors of this company.  Thank you.

2       THE COURT:  Well, this -- thank you.  As I hear

3  the various parties express their views, I look at my

4  calendar and I think to myself the hour that's now listed

5  for December 13 certainly is inadequate for anything that

6  the parties have talked about or which is already -- which

7  are already scheduled for hearing on that day.  I have two

8  two-day trials set between now and mid-December.  Full days

9  that are clear are limited in number.  So let me ask this.

10 How long do the parties -- how much time do the parties

11 think they will need for argument on the Motions for

12 Reconsideration?

13

14      MR. LEMAY:  I'm going to step away from the

15 podium on that one I think, Your Honor.

16      THE COURT:  Thank you.

17      MR. ZENSKY:  Your Honor, David Zensky, Akin Gump

18 Strauss Hauer & Feld, for Aurelius.  There were two motions

19 that we were party to, one which was just filed by Aurelius

20 on subordination, and there were other independent motions

21 filed on that issue.  And then there was a joint motion,

22 three topics, that the Noteholders collectively filed.  I

23 would think that an hour on each should be sufficient, give

24 or take.  But that's kind of a quick seat of the pants

25 reaction to your question, Your Honor.

1          THE COURT:  Thank you.

2          MR. STARK:  Your Honor, Robert Stark from Brown

3 Rudnick again on behalf of Wilmington Trust.  I guess I have

4 a -- and I'll answer your question but it breaks into two

5 pieces.  If the first question is are we going to be

6 addressing whether or not it's appropriate to reconsider the

7 issue that Your Honor decided, that's a quick argument,

8 maybe an hour as Your Honor said.  If you're going to listen

9 to reconsideration, then we have to get into the substantive

10 merits.

11         THE COURT:  Yes, I expect that.

12         MR. STARK:  You know, we have a bunch of issues

13 and I don't -- you know, it has to be briefed.  It has to be

14 discussed.  I presume that the arguments alone will be an

15 hour or two.  I don't think an hour will be sufficient.

16 These are complicated issues and very, very important

17 issues.

18

19         THE COURT:  All right.  Thank you.  Here's what

20 we're going to do.  I want to say it's unfortunate there's a

21 holiday coming up but it's really not and I don't mean it

22 the way it sounds in terms of timing.  But let's reconvene

23 by telephone conference on Tuesday the 29th at 1:30.  That

24 will give the parties some limited time to confer, if not on

25 Plan consensus, at least to further develop the possibility

1  of process consensus.  And if the parties have not reached a

2  consensus at that point, I will move forward with

3  scheduling.  Frankly, I'm inclined to move forward at least

4  with the procedures process with respect to the new Plan; at

5  the same time, dispose of the Motions for Reconsideration.

6  Now, whether after that happens, whenever it happens, how

7  much farther out I will schedule confirmation, I am

8  undecided and may not decide until I've resolved the Motions

9  for Reconsideration because I do think it's important I

10  resolve those prior to confirmation.  Are there any

11  questions?  All right.  Is there anything further for today?

12           MR. STARK:  Nothing else, Your Honor.

13           THE COURT:  Now, let's go back to the one motion

14  that we left undecided.

15

16           MR. SOTTILE:  Your Honor, James Sottile.  Back on

17  the Motion to Amend the Definition of Termination Event, may

18  we have until the telephone conference on Tuesday to report

19  back to the Court?  I think we are likely to resolve this

20  issue.

21           THE COURT:  Okay.  You may.

22           MR. SOTTILE:  Thank you, Your Honor.

23           THE COURT:  All right.  Thank you all very much.

24  That concludes this hearing.  Court will stand in recess.

25

1    (Whereupon, at 3:03 p.m., the hearing was adjourned.)

2

3                        CERTIFICATION

4        I certify that the foregoing is a correct

5    transcript from the electronic sound recording of the

6    proceedings in the above-entitled matter.

7

8

9    _____            22 November 2011
     Tammy Kelly, Transcriber                      Date

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| Word | Page:Line |
|---|---|
| **1129(a)(10**(1) 25:18 | |
| **60-day**(1) 22:4 | |
| **abbott**(1) 12:28 | |
| **abbruzzese**(2) 5:2 5:3 | |
| **ability**(1) 53:7 | |
| **able**(5) 17:17 18:15 45:5 45:8 53:2 | |
| **about**(21) 27:22 29:20 34:4 36:8 37:17 | |
| 40:23 42:7 43:14 43:17 43:18 44:19 46:1 | |
| 47:11 48:18 51:5 52:9 52:17 52:21 53:7 | |
| 53:14 54:6 | |
| **aboveentitled** (1) 57:6 | |
| **absent**(1) 21:4 | |
| **absolutely**(3) 41:23 46:5 53:6 | |
| **accept**(1) 25:24 | |
| **accepted**(1) 40:20 | |
| **accepting**(1) 25:20 | |
| **accomplish**(1) 28:2 | |
| **accordingly**(1) 49:2 | |
| **accurate**(1) 47:19 | |
| **achievable**(1) 50:12 | |
| **achieve**(5) 29:8 45:6 50:11 51:2 53:8 | |
| **acknowledge**(1) 52:19 | |
| **acknowledging**(1) 44:18 | |
| **acquainted**(1) 30:1 | |
| **acquiescing**(1) 43:21 | |
| **action**(2) 26:15 30:14 | |
| **actions**(1) 21:7 | |
| **actually**(8) 21:15 23:6 23:10 43:7 46:12 | |
| 50:7 50:10 52:24 | |
| **adam**(1) 3:5 | |
| **add**(2) 21:2 51:23 | |
| **adding**(1) 44:11 | |
| **additional**(6) 22:6 23:9 28:15 47:9 51:12 | |
| 52:4 | |
| **address**(4) 20:17 21:12 21:24 24:20 | |
| **addressed**(3) 19:13 20:5 46:3 | |
| **addressing**(2) 19:6 55:6 | |
| **adelman**(1) 8:20 | |
| **adequate**(1) 47:20 | |
| **adjourned**(1) 57:1 | |
| **adjudicating**(1) 38:3 | |
| **adjust**(1) 49:2 | |
| **adjusted**(1) 30:13 | |
| **adle**(1) 2:12 | |
| **adler**(3) 5:7 42:22 42:23 | |
| **administered**(1) 1:6 | |
| **advance**(3) 27:14 34:8 34:15 | |
| **adversary**(2) 19:21 19:24 | |
| **advice**(1) 18:12 | |
| **affect**(5) 35:22 35:23 35:24 36:10 42:10 | |
| **affected**(1) 36:2 | |
| **after**(6) 26:7 36:5 36:9 46:20 46:21 56:6 | |
| **afternoon**(15) 15:3 15:4 16:20 21:18 21:20 | |
| 24:17 29:1 31:17 32:16 42:15 42:22 43:3 | |
| 45:21 48:9 51:8 | |
| **afterwards**(1) 24:12 | |
| **again**(8) 27:19 27:22 28:23 35:16 45:11 | |
| 48:15 49:8 55:3 | |
| **against**(1) 20:23 | |
| **agenda**(2) 15:6 24:12 | |
| **agree**(6) 22:6 24:5 38:10 42:18 43:1 44:2 | |
| **agreed**(2) 19:8 24:8 | |
| **agreement**(3) 5:28 11:15 16:11 | |
| **ahead**(5) 15:8 33:1 33:24 37:14 43:24 | |
| **akin**(5) 4:6 8:28 32:17 51:9 54:16 | |
| **alan**(1) 13:22 | |
| **aldridge**(1) 6:37 | |
| **alexander**(2) 5:42 5:43 | |

| Word | Page:Line |
|---|---|
| **all**(40) 17:10 17:21 18:6 18:9 19:22 23:23 | |
| 24:4 27:8 27:13 28:2 31:10 31:12 33:6 | |
| 33:8 33:23 35:1 36:4 37:10 37:12 37:13 | |
| 40:24 41:8 41:15 41:18 41:22 42:4 42:13 | |
| 44:15 46:14 46:17 47:7 48:16 50:2 51:12 | |
| 51:19 53:14 55:18 56:11 56:22 56:22 | |
| **allen**(1) 9:20 | |
| **allinson**(1) 2:25 | |
| **allison**(1) 6:21 | |
| **allocated**(1) 30:8 | |
| **allocation**(25) 24:24 26:11 26:18 27:2 27:5 | |
| 27:8 27:11 27:14 27:20 30:19 33:3 33:14 | |
| 34:6 34:13 36:3 37:17 38:1 46:17 47:16 | |
| 47:23 48:5 49:3 50:15 51:17 53:3 | |
| **allocations**(1) 30:13 | |
| **allow**(2) 29:16 53:3 | |
| **allowed**(2) 36:13 36:15 | |
| **allowing**(1) 28:11 | |
| **allows**(1) 27:15 | |
| **almost**(1) 47:15 | |
| **alone**(1) 55:14 | |
| **along**(1) 29:6 | |
| **already**(2) 54:6 54:7 | |
| **also**(4) 24:23 30:5 32:1 38:12 | |
| **alston**(1) 14:1 | |
| **alternative**(2) 10:16 10:17 | |
| **although**(2) 15:23 46:2 | |
| **alvarez**(1) 8:39 | |
| **amalgamated**(1) 13:21 | |
| **amanda**(1) 4:15 | |
| **amend**(2) 21:9 56:16 | |
| **amended**(13) 24:23 24:24 26:13 26:23 | |
| 26:24 30:9 30:10 38:5 41:11 47:3 48:3 | |
| 52:14 53:6 | |
| **amending**(1) 18:21 | |
| **amendmen**(2) 30:15 30:22 | |
| **america**(2) 7:12 7:18 | |
| **americas**(1) 42:24 | |
| **amin**(1) 5:10 | |
| **amit**(1) 9:33 | |
| **among**(1) 29:20 | |
| **amount**(6) 17:13 27:16 38:10 38:18 47:13 | |
| 49:12 | |
| **analysis**(1) 39:14 | |

| Word | Page:Line |
|---|---|
| **and**(230) 15:15 15:16 15:19 15:21 15:23 | |
| 16:5 16:9 16:11 16:13 16:14 17:21 18:3 | |
| 18:19 18:21 18:22 19:8 19:17 19:17 19:19 | |
| 19:23 19:24 20:6 20:11 20:16 21:8 21:9 | |
| 21:16 21:22 21:24 22:12 22:21 23:3 23:4 | |
| 23:8 23:11 23:16 24:4 24:9 24:11 24:12 | |
| 24:19 24:20 25:3 25:6 25:8 25:10 25:13 | |
| 25:15 25:23 25:24 26:2 26:9 26:9 26:10 | |
| 26:10 26:12 26:14 27:2 27:5 27:7 27:8 | |
| 27:9 27:12 27:20 27:22 28:7 28:10 28:11 | |
| 28:19 28:22 28:22 29:6 29:11 29:12 29:11 | |
| 29:23 30:3 30:15 31:6 31:7 31:11 31:20 | |
| 32:3 32:7 32:15 33:1 33:2 33:7 33:11 | |
| 33:13 33:15 33:21 34:1 34:2 34:4 34:5 | |
| 34:6 34:8 34:17 34:18 35:1 35:5 35:8 | |
| 35:9 35:10 35:11 35:12 35:14 35:18 35:2 | |
| 35:24 36:1 36:9 36:10 36:11 36:18 36:22 | |
| 36:22 36:24 37:3 37:5 37:9 37:10 37:10 | |
| 37:13 37:14 37:16 37:24 38:1 38:2 38:3 | |
| 38:15 38:16 38:22 38:23 38:24 39:3 39:10 | |
| 39:11 39:13 39:16 39:17 39:18 39:21 | |
| 39:22 39:24 40:12 40:14 40:16 40:16 | |
| 40:18 41:11 41:13 41:16 41:18 41:22 41:24 | |
| 42:7 42:19 43:1 43:13 43:19 44:9 44:10 | |
| 44:14 44:16 44:16 44:19 44:21 45:1 45:1 | |
| 45:3 45:4 45:6 45:12 45:15 45:15 45:22 | |
| 46:1 46:4 46:4 46:5 46:7 46:13 46:14 | |
| 46:17 46:20 46:23 47:1 47:4 47:8 47:12 | |
| 47:18 47:20 48:7 48:11 48:20 49:11 49:15 | |
| 49:15 49:20 49:21 49:22 50:13 50:16 | |
| 50:18 50:20 50:22 50:24 51:5 51:11 51:15 | |
| 51:18 51:21 52:8 52:14 52:18 52:20 53:14 | |
| 53:20 54:4 54:8 54:19 54:20 55:4 55:13 | |
| 55:16 55:20 56:1 56:8 | |
| **and/or**(1) 35:12 | |
| **andrea**(1) 11:4 | |
| **andrew**(7) 3:13 5:24 5:25 9:2 13:27 13:37 | |
| 14:10 | |
| **angeles**(1) 3:30 | |
| **angelo**(3) 3:27 5:29 9:1 45:23 | |
| **anna**(2) 10:5 10:5 | |
| **another**(6) 19:15 36:12 49:23 49:23 50:19 | |
| 51:4 | |
| **answer**(5) 16:17 17:9 41:24 42:8 55:4 | |
| **anticipate**(1) 21:21 | |
| **any**(24) 16:24 17:9 21:13 22:13 22:18 | |
| 22:23 23:9 25:20 26:7 27:1 27:13 30:15 | |
| 31:23 32:22 33:18 33:21 37:3 38:19 41:16 | |
| 45:16 50:9 52:15 53:22 56:10 | |
| **anybody**(1) 43:7 | |
| **anyone**(6) 31:15 32:14 37:16 45:20 49:6 | |
| 51:6 | |
| **anyone's**(1) 46:24 | |
| **anything**(4) 17:3 52:21 54:5 56:11 | |
| **anyway**(1) 41:22 | |
| **appeal**(4) 41:6 41:7 41:13 42:1 | |
| **appearances**(1) 5:1 | |
| **appearing**(1) 43:4 | |
| **appellate**(2) 41:17 41:19 | |
| **applicable**(1) 21:8 | |
| **application**(4) 15:11 15:14 15:15 18:14 | |
| **applications**(5) 16:12 16:14 16:22 18:16 | |
| 29:21 | |
| **apply**(2) 20:21 39:6 | |
| **appreciate**(1) 23:23 | |
| **approach**(1) 29:5 | |
| **approaching**(1) 35:4 | |
| **appropriate**(7) 20:9 22:7 24:6 27:9 44:21 | |
| 51:18 55:6 | |
| **appropriately**(2) 20:5 20:12 | |
| **approval**(4) 28:5 46:11 52:10 52:18 | |
| **approve**(1) 16:10 | |
| **approved**(1) 39:13 | |

| Word | Page:Line |
|---|---|
| **april**(1) 32:5 | |
| **aptly**(1) 44:6 | |
| **are**(43) 16:23 17:11 21:3 25:10 25:11 | |
| 25:13 25:15 25:22 26:6 26:11 28:21 29:23 | |
| 30:3 31:24 32:21 32:24 34:16 35:13 36:18 | |
| 36:19 39:3 39:9 40:2 41:19 41:20 44:15 | |
| 45:12 45:13 46:17 48:17 50:16 52:4 52:17 | |
| 53:1 53:8 53:23 54:7 54:9 54:9 55:5 | |
| 55:16 56:10 56:18 | |
| **argued**(1) 40:3 | |
| **argument**(4) 40:1 40:18 54:11 55:7 | |
| **arguments**(1) 55:14 | |
| **arise**(1) 30:16 | |
| **arisen**(1) 29:20 | |
| **arising**(2) 30:7 30:14 | |
| **around**(1) 49:24 | |
| **arps**(1) 7:7 | |
| **arrowgrass**(2) 8:1 8:2 | |
| **arthur**(1) 10:11 | |
| **article**(1) 26:24 | |
| **ashby**(1) 4:14 | |
| **ashley**(1) 5:16 | |
| **aside**(2) 28:18 33:23 | |
| **ask**(9) 21:11 21:15 21:16 23:12 23:19 | |
| 24:10 28:14 28:17 54:9 | |
| **asked**(2) 42:1 42:2 | |
| **asking**(2) 22:23 25:5 | |
| **aspect**(2) 19:14 19:16 | |
| **aspects**(2) 29:21 41:7 | |
| **asserted**(1) 20:23 | |
| **asset**(3) 7:38 7:39 9:36 | |
| **associated**(1) 41:18 | |
| **assume**(1) 51:11 | |
| **assuming**(1) 42:4 | |
| **assumption**(1) 41:16 | |
| **attached**(4) 24:23 24:24 35:19 42:11 | |
| **attendant**(1) 23:10 | |
| **attention**(1) 53:18 | |
| **aurelius**(12) 4:5 8:19 8:24 32:17 32:20 | |
| 42:18 42:19 49:8 49:11 51:10 54:17 54:18 | |
| **austin**(3) 1:24 6:16 16:21 | |
| **authority**(1) 22:5 | |
| **avenue**(6) 1:36 2:6 3:29 3:44 4:16 4:24 | |
| **aware**(2) 19:7 43:15 | |
| **away**(2) 28:18 54:13 | |
| **back**(14) 17:3 17:20 22:22 25:1 27:17 | |
| 34:14 37:23 38:2 45:14 50:3 53:23 56:13 | |
| 56:15 56:18 | |
| **bale**(1) 5:35 | |
| **ball**(1) 46:19 | |
| **banc**(2) 2:4 12:20 | |
| **bank**(9) 5:6 7:12 7:18 8:15 8:43 11:34 | |
| 11:39 13:21 42:23 | |
| **bankruptcy**(9) 1:1 1:20 22:4 24:21 27:11 28:1 | |
| 32:1 35:8 44:16 46:6 | |
| **banks**(1) 25:17 | |
| **bar**(2) 26:5 26:8 | |
| **barclays**(2) 9:23 9:28 | |
| **bargain**(2) 29:9 29:10 | |
| **barker**(1) 3:44 | |
| **barnes**(1) 4:35 | |
| **based**(1) 39:14 | |
| **baseline**(1) 26:23 | |
| **basically**(2) 37:1 37:9 | |
| **baskin**(2) 3:42 31:18 | |
| **because**(9) 23:14 25:20 28:21 30:11 35:19 | |
| 37:4 49:11 51:14 56:9 | |
| **been**(16) 19:9 20:6 26:19 29:19 30:15 | |
| 31:21 31:22 33:12 33:18 33:20 35:8 36:3 | |
| 40:1 42:5 44:24 46:7 | |

| Word | Page:Line |
|---|---|
| **before**(13) 1:19 24:9 28:17 29:4 32:15 38:4 38:8 40:23 44:1 46:21 47:6 47:23 48:6 | |
| **behalf**(14) 16:21 17:7 24:18 25:11 31:18 31:21 32:20 42:23 43:4 45:22 51:9 51:12 52:13 55:3 | |
| **behind**(1) 46:19 | |
| **being**(5) 22:16 29:15 31:24 32:11 43:22 | |
| **believe**(9) 17:1 17:14 19:22 20:6 28:15 32:20 34:4 42:19 43:10 | |
| **belknap**(1) 9:15 | |
| **belly**(1) 36:6 | |
| **bendernagel**(1) 1:25 | |
| **beneficiaries**(5) 36:22 36:24 37:3 48:17 48:17 | |
| **beneficiary**(1) 36:20 | |
| **benefit**(3) 38:21 39:8 39:20 | |
| **benefits**(1) 31:23 | |
| **benson**(2) 4:42 42:16 | |
| **bernstsein**(1) 4:21 | |
| **best**(3) 38:7 43:2 50:11 | |
| **beth**(1) 12:42 | |
| **better**(4) 18:5 35:17 35:18 35:18 | |
| **between**(8) 16:11 34:18 38:24 40:12 40:13 47:2 52:8 54:8 | |
| **beyond**(3) 20:18 24:6 35:14 | |
| **biera**(1) 5:30 | |
| **big**(1) 40:18 | |
| **bigalow**(1) 11:30 | |
| **biggest**(1) 26:9 | |
| **bilmes**(2) 5:38 5:39 | |
| **bilus**(2) 5:42 5:43 | |
| **bingham**(1) 11:43 | |
| **bird**(1) 14:1 | |
| **bit**(1) 43:16 | |
| **blabey**(1) 6:3 | |
| **black**(1) 41:5 | |
| **blackstone**(2) 5:10 5:10 | |
| **blase**(1) 6:8 | |
| **blauner**(1) 6:13 | |
| **block**(3) 2:31 13:36 21:19 | |
| **blum**(1) 7:26 | |
| **board**(2) 7:6 15:13 | |
| **boelter**(1) 6:17 | |
| **bond**(1) 13:17 | |
| **both**(4) 16:22 30:23 51:1 51:15 | |
| **box**(1) 3:38 | |
| **brad**(1) 12:30 | |
| **bradford**(10) 2:32 21:16 21:18 21:19 21:20 22:13 22:21 22:20 24:1 24:15 | |
| **brady**(2) 3:35 13:40 | |
| **brandywine**(1) 3:36 | |
| **brass**(1) 7:2 | |
| **breaks**(1) 55:4 | |
| **brett**(1) 6:23 | |
| **brian**(1) 6:22 | |
| **bridge**(2) 2:44 28:13 | |
| **briefed**(1) 55:13 | |
| **briefing**(1) 44:22 | |
| **briefly**(4) 33:14 49:7 53:10 53:12 | |
| **briesen**(1) 15:21 | |
| **brigade**(2) 11:20 11:21 | |
| **bring**(2) 39:19 51:13 | |
| **broad**(1) 31:15 | |
| **broadspire**(1) 16:5 | |
| **broadway**(1) 4:45 | |
| **brockius**(1) 8:15 | |
| **brown**(5) 2:19 9:32 9:40 43:4 55:2 | |
| **bryant**(1) 4:10 | |
| **building**(2) 3:36 50:4 | |
| **bunch**(1) 55:12 | |
| **bush**(1) 5:23 | |
| **business**(2) 11:11 11:11 | |
| **busted**(1) 44:9 | |

| Word | Page:Line |
|---|---|
| **but**(41) 15:25 17:2 17:19 18:4 22:9 22:12 22:24 23:15 23:22 23:23 23:23 25:5 25:22 26:1 27:1 27:6 27:9 27:24 31:10 32:12 33:23 34:11 35:14 36:14 37:2 37:21 38:11 39:1 41:15 43:10 44:2 45:6 45:13 49:12 50:19 51:3 52:7 53:19 54:23 55:4 55:20 55:21 | |
| **bynum**(1) 6:44 | |
| **cadwalader**(1) 11:35 | |
| **calculated**(1) 38:22 | |
| **calendar**(1) 54:4 | |
| **california**(1) 15:13 | |
| **call**(5) 24:22 25:2 25:18 26:23 27:20 | |
| **called**(1) 24:24 | |
| **calling**(1) 31:21 | |
| **camden**(1) 9:36 | |
| **came**(1) 37:6 | |
| **campanario**(1) 7:8 | |
| **can**(29) 17:3 17:9 17:16 17:20 18:1 18:7 18:9 20:10 20:12 27:6 31:20 34:7 34:9 34:23 34:24 35:16 35:20 35:23 36:1 43:6 43:11 43:17 45:11 46:22 47:6 47:23 48:6 49:2 52:20 | |
| **cannot**(2) 17:19 18:3 | |
| **cantigny**(1) 13:2 | |
| **cantor**(1) 7:13 | |
| **canyon**(2) 12:37 12:37 | |
| **can't**(7) 33:22 38:5 46:12 46:16 47:4 52:6 52:20 | |
| **cap**(2) 17:13 18:15 | |
| **capital**(28) 4:5 5:34 5:34 5:38 7:22 8:1 8:2 8:7 8:7 8:19 8:24 9:28 10:17 10:17 10:38 10:39 11:21 11:25 12:2 12:24 13:17 13:30 13:31 15:19 32:17 45:22 49:5 | |
| **caps**(1) 16:24 | |
| **carey**(1) 1:19 | |
| **caridas**(1) 5:24 | |
| **carlan**(1) 1:27 | |
| **carlyle**(1) 2:4 | |
| **carol**(2) 5:35 16:5 | |
| **carras**(1) 10:2 | |
| **carried**(2) 19:12 23:23 | |
| **carrigan**(1) 6:38 | |
| **carry**(1) 22:16 | |
| **carval**(2) 14:5 14:5 | |
| **case**(12) 1:5 9:6 26:3 27:18 32:12 41:7 43:2 44:9 46:9 47:1 47:18 52:5 | |
| **cases**(1) 31:11 | |
| **cash**(2) 36:1 51:3 | |
| **cast**(1) 48:6 | |
| **category**(1) 31:15 | |
| **causes**(2) 26:15 30:14 | |
| **cede**(1) 21:13 | |
| **centre**(1) 2:13 | |
| **certain**(6) 20:23 21:7 29:21 29:22 30:13 53:18 | |
| **certainly**(12) 17:3 24:3 34:20 36:7 36:14 38:6 42:6 44:24 48:22 49:12 49:23 54:5 | |
| **certification**(3) 17:22 18:10 57:3 | |
| **certify**(1) 57:4 | |
| **chadbourne**(3) 3:11 5:15 29:2 | |
| **chadha**(1) 7:23 | |
| **chaney**(1) 12:38 | |
| **change**(3) 30:11 32:9 40:6 | |
| **changed**(1) 32:10 | |
| **changes**(1) 42:9 | |
| **chapter**(6) 1:8 26:15 31:9 33:5 33:23 | |
| **charging**(1) 18:2 | |
| **chart**(1) 24:23 | |
| **chase**(4) 4:20 10:21 10:25 | |
| **chestnut**(1) 53:16 | |

| Word | Page:Line |
|---|---|
| **chicago**(7) 1:30 2:34 9:10 9:11 11:10 11:11 16:2 | |
| **chosen**(1) 33:7 | |
| **chung**(1) 7:19 | |
| **circumstances**(1) 39:1 | |
| **citi**(2) 13:13 13:13 | |
| **citigroup**(1) 12:10 | |
| **city**(1) 16:2 | |
| **claim**(7) 15:22 16:3 16:8 23:7 36:15 48:21 48:23 | |
| **claims**(13) 15:18 15:20 16:5 20:11 20:14 20:22 20:23 28:10 30:24 31:1 36:13 45:12 48:10 | |
| **clarification**(1) 20:21 | |
| **clarify**(2) 23:2 23:12 | |
| **clark**(1) 2:33 | |
| **class**(10) 25:20 25:24 26:1 36:17 40:14 48:1 48:4 48:5 48:11 49:11 | |
| **classes**(2) 25:22 40:16 | |
| **clear**(7) 24:20 32:18 41:12 41:15 46:23 52:14 54:9 | |
| **clearly**(1) 39:9 | |
| **client**(5) 6:12 29:14 36:18 48:2 48:3 | |
| **clients**(2) 48:10 48:20 | |
| **clinging**(1) 39:4 | |
| **cni**(1) 15:24 | |
| **cno's**(1) 16:12 | |
| **cobb**(1) 3:4 | |
| **cole**(1) 1:33 15:5 | |
| **collection**(1) 26:9 | |
| **collectively**(1) 54:21 | |
| **come**(10) 21:17 25:1 34:14 38:2 38:5 44:17 45:14 47:16 48:6 49:11 | |
| **coming**(3) 22:22 31:20 55:20 | |
| **comment**(2) 22:19 38:13 | |
| **comments**(5) 28:15 31:19 32:22 40:24 | |
| **committed**(2) 23:11 35:10 | |
| **committee**(10) 3:4 5:14 7:5 19:4 20:23 28:15 29:2 29:4 29:5 29:14 | |
| **committee's**(2) 18:20 24:4 | |
| **company**(19) 1:8 6:42 6:42 7:1 8:11 15:5 18:13 26:3 26:4 31:18 31:24 42:24 44:15 46:6 46:10 46:19 47:6 50:22 54:1 | |
| **comparison**(1) 44:24 | |
| **compensation**(1) 8:33 | |
| **complaint**(1) 23:19 | |
| **complete**(2) 19:6 28:22 | |
| **complicated**(1) 55:16 | |
| **component**(1) 31:3 | |
| **conaway**(1) 3:3 | |
| **concentrates**(1) 53:17 | |
| **concept**(2) 25:21 43:18 | |
| **concern**(1) 36:8 | |
| **concerned**(1) 45:10 | |
| **concerning**(1) 30:2 | |
| **concludes**(1) 56:23 | |
| **concluding**(1) 33:4 | |
| **conditions**(1) 19:22 | |
| **confer**(5) 24:7 24:11 34:11 37:24 55:23 | |
| **conference**(5) 24:18 24:22 34:15 55:22 56:17 | |
| **confident**(1) 44:17 | |
| **confirm**(5) 17:16 18:2 20:3 43:6 47:3 | |
| **confirmation**(32) 19:11 19:18 20:2 20:7 20:8 20:11 21:10 28:7 28:19 28:22 30:6 30:18 30:21 43:11 45:7 45:9 46:8 46:9 46:13 46:16 46:20 47:3 47:5 47:8 48:12 50:18 51:20 51:21 52:7 52:8 56:7 56:10 | |
| **confirmed**(1) 36:24 | |

| Word | Page:Line |
|---|---|
| **confirming**(1) 42:3 | |
| **conform**(1) 26:8 | |
| **conlan**(19) 24:17 24:18 26:22 28:20 29:5 29:12 29:18 30:17 46:1 50:5 50:7 50:10 51:11 52:1 52:6 53:7 53:13 53:21 | |
| **connection**(5) 19:9 23:2 26:17 30:18 40:9 | |
| **consensual**(1) 44:6 | |
| **consensus**(7) 50:4 51:2 51:5 51:13 55:24 56:1 56:2 | |
| **consider**(6) 26:20 39:15 41:4 42:2 52:1 53:1 | |
| **consideration**(6) 34:3 35:11 36:16 36:21 37:13 48:16 | |
| **considered**(1) 42:10 | |
| **considering**(2) 37:7 53:8 | |
| **consistent**(3) 29:11 52:11 52:12 | |
| **constituencies**(1) 27:19 | |
| **constitutes**(1) 33:12 | |
| **construct**(2) 33:1 36:22 | |
| **consummated**(1) 37:1 | |
| **consummation**(3) 37:16 39:23 44:5 | |
| **contemplated**(1) 20:13 | |
| **continuance**(1) 19:6 | |
| **continue**(1) 51:3 | |
| **continued**(6) 2:2 3:2 4:3 15:17 16:9 23:4 | |
| **continues**(2) 20:3 22:14 | |
| **continuing**(1) 15:24 | |
| **contract**(1) 45:12 | |
| **contractually**(1) 30:4 | |
| **contrarian**(2) 13:30 13:31 | |
| **contrary**(1) 33:9 | |
| **controls**(2) 48:4 49:11 | |
| **coordinating**(1) 37:21 | |
| **coppel**(1) 7:27 | |
| **copying**(1) 17:17 | |
| **corbi**(1) 7:31 | |
| **cornerstones**(1) 32:4 | |
| **corp**(1) 16:3 | |
| **corporation**(1) 12:2 | |
| **correc**(2) 10:29 10:29 | |
| **correct**(1) 57:4 | |
| **correctly**(1) 37:6 | |
| **costs**(1) 18:1 | |
| **could**(15) 20:21 22:22 23:7 23:10 23:18 24:11 33:9 34:14 38:4 39:1 42:10 44:13 46:2 47:16 50:21 | |
| **counsel**(5) 19:4 21:14 28:14 42:18 44:16 | |
| **counter-point**(1) 48:8 | |
| **couple**(6) 29:17 38:8 41:12 42:8 47:10 47:24 | |
| **course**(8) 15:25 16:23 26:16 30:22 33:19 37:11 39:16 51:20 | |
| **court**(108) 1:1 15:3 15:8 16:15 16:17 16:17 16:19 17:1 17:3 17:4 17:8 17:10 17:12 17:16 17:21 17:24 18:6 18:9 18:12 18:17 19:1 19:7 19:8 19:10 19:17 19:19 20:1 20:3 20:4 20:6 20:17 21:8 21:9 21:13 21:15 21:20 22:5 22:7 22:21 23:1 23:21 24:2 24:12 24:13 24:16 26:16 26:20 27:7 28:16 28:17 28:18 28:24 29:10 30:11 31:2 31:4 31:12 32:2 32:11 32:11 33:4 33:3 33:8 33:20 34:17 35:3 37:6 37:11 37:23 38:11 38:17 39:12 39:16 40:22 41:2 41:4 41:6 41:21 41:24 42:13 42:21 43:11 43:15 45:18 45:20 46:12 49:4 49:9 49:15 49:17 50:2 50:6 50:8 50:16 51:6 52:22 53:9 53:12 54:2 54:15 55:1 55:11 55:18 56:13 56:18 56:20 56:22 56:23 | |
| **courtney**(1) 11:40 | |
| **courtroom**(2) 1:10 23:11 | |
| **courts**(1) 39:15 | |

| Word | Page:Line |
| --- | --- |

court's(11) 15:6 18:23 22:10 23:15 24:10 29:9 29:12 29:21 30:6 38:14 40:17

crain's(2) 11:10 11:11
crane(1) 9:19
create(3) 37:1 37:3 53:4
created(2) 27:11 28:2
creation(2) 43:8 43:10
credit(4) 5:28 10:33 10:34 11:15
creditor(3) 40:14 40:20 40:20
creditors(29) 3:5 5:15 19:5 28:11 28:14 29:3 34:4 35:12 35:21 35:22 36:1 36:14 37:12 38:20 39:8 39:20 39:20 40:8 40:16 40:21 43:10 44:10 44:14 44:14 46:24 47:22 48:7 48:18 54:1

crt(1) 7:22
crucial(1) 29:15
crystal(2) 41:12 41:15
current(1) 25:13
cutler(1) 9:1
cyrus(1) 11:25
d-2(1) 38:23
damien(1) 4:22
dan(1) 3:6
daniel(5) 4:8 6:38 7:13 7:15 51:8
dark(1) 33:13
data(1) 1:42
date(7) 22:21 24:10 27:14 29:7 52:8 52:15 57:10

dave(1) 6:28
david(18) 2:12 2:32 2:38 3:12 4:7 5:7 6:3 6:18 8:3 9:24 11:2 12:17 21:18 29:1 32:16 42:22 49:7 54:16

davidson(1) 7:34
davis(2) 4:20 10:21
day(1) 11:26 19:10 28:21 54:7
days(5) 28:23 42:9 43:24 50:18 54:8
dbtca(1) 2:10
dcl(28) 19:18 20:2 20:5 20:13 21:11 24:4 24:19 27:7 29:6 30:8 31:3 31:16 35:7 36:15 36:20 37:19 39:19 39:24 40:10 40:19 45:23 48:14 49:13 50:10 51:14 52:13 52:14 52:16

dcls(3) 51:12 52:24 53:8
dcl's(1) 42:3
deadline(2) 28:6 28:7
deadlines(2) 21:5 53:20
deal(3) 37:10 43:24 44:6
dealt(3) 20:12 38:16 44:1
dearborn(1) 1:29
debenture(2) 4:42 42:24
debenture's(1) 42:17
deborah(1) 8:29
debtor(7) 6:16 15:5 21:24 25:9 25:9 30:4 50:3

debtors(17) 1:12 1:24 16:21 16:22 24:18 25:10 25:19 29:6 33:4 33:23 34:22 36:7 38:1 38:21 39:3 39:21 52:3

debtors'(2) 25:11 32:24

december(10) 16:9 19:12 19:19 22:1 22:3 24:6 28:5 28:6 37:23 54:5

dechert(1) 5:42
decide(6) 25:5 27:23 37:17 38:11 41:21 56:8

decided(13) 22:16 23:19 34:7 35:1 35:6 35:10 36:4 36:4 41:18 46:18 49:3 52:7 55:7

decision(13) 19:11 20:4 22:24 29:9 29:12 33:20 34:16 38:14 39:24 40:17 40:18 42:11 47:24

decisions(1) 22:23
declined(1) 19:17
deem(1) 22:7
deemed(2) 25:22 39:3
deep(1) 33:13
default(1) 39:4 39:7
defendant's(1) 8:33
defendant(s(1) 6:6
defendants(7) 7:43 8:32 26:7 37:2
deferred(3) 34:24 41:17 41:19
deferring(1) 5:21
defined(1) 19:16
defines(1) 19:14
defining(1) 19:19
definition(5) 18:21 21:9 25:12 25:14 56:16
definitive(1) 42:7
degree(3) 30:3 32:22 37:4
delaware(6) 1:2 1:12 1:36 2:6 4:16 15:1
delay(5) 27:10 47:9 53:5 53:16 53:23
delighted(1) 18:17
denial(1) 21:10
denied(1) 20:2
denton(7) 14:13 14:13 16:13 17:2 17:7 17:11 17:24

denton's(1) 18:14
department(1) 16:7
depending(1) 39:11
describe(2) 26:10 36:10
described(3) 33:14 50:13 50:17
despite(1) 23:22
detail(1) 47:18
determination(1) 34:2
determine(1) 38:18
determined(2) 31:4 52:16
determines(1) 26:16
determining(2) 39:15 41:8
detracting(1) 22:13
detriment(1) 53:24
deutsch(1) 5:17
deutsche(3) 5:6 8:43 42:23
develop(2) 34:5 55:24
devise(1) 29:13
dewey(3) 3:27 11:16 45:22
diamond(1) 7:35
diaz(1) 1:42
did(7) 16:22 19:19 23:14 25:19 26:2 38:1 49:1

didn't(4) 25:20 38:19 45:24 48:22
difference(1) 38:12
different(3) 40:15 50:1
difficult(1) 43:23
dillow(1) 7:40
directors(2) 7:7 7:44
disagree(3) 32:22 53:6
disagreement(1) 46:14
disappointed(2) 32:24 51:24
disastrous(1) 52:5
disclosure(16) 25:2 28:5 28:19 28:20 33:24 35:18 35:23 36:10 40:11 43:13 45:47:12 47:14 47:14 47:19 51:16

discovery(1) 44:22
discrimination(3) 30:7 38:15 38:19
discussed(1) 55:14
dismiss(1) 26:3
dispose(1) 56:5
disposed(1) 42:5
dispute(11) 25:1 26:18 27:11 27:14 30:2 30:19 33:3 33:15 37:17 38:1 47:15

disputes(22) 27:1 29:20 29:23 30:16 31:9 31:11 34:6 34:13 36:3 38:4 47:17 47:17 47:23 48:6 49:3 51:18 51:19 51:22 51:24 52:20 53:3

distribution(1) 30:9

distributions(9) 26:24 27:17 39:2 39:19 39:22 40:2 46:21 47:1 50:22

district(1) 1:2
divests(1) 41:6
document(3) 25:3 28:6 47:14
documents(2) 25:6 27:6
does(6) 22:1 22:3 27:13 30:11 45:6 49:6
doesn't(6) 20:21 21:11 22:15 36:8 36:17 48:6

dog(2) 27:19 34:12 50:14
doing(1) 25:21
dominion(1) 12:41
don(1) 6:32
donald(1) 4:21
done(4) 34:9 35:5 35:7 36:7 37:9 38:4 43:7 45:11 52:19

don't(21) 15:25 17:1 20:17 27:24 32:20 34:9 36:6 38:10 38:20 39:22 43:6 43:19 43:21 44:7 45:9 45:16 46:14 52:22 55:13 55:15 55:20

door(1) 33:5
dorr(1) 9:7
doubtful(1) 51:11
dougherty(1) 7:45
douglas(1) 5:17
dow(2) 8:11 8:11
down(3) 33:13 50:12 51:1
dozen(1) 33:17
dramatically(1) 36:2
dublin(1) 4:9
due(1) 31:10
dunn(1) 8:23
during(2) 23:6 33:18

each(4) 27:18 38:6 41:15 54:22
earlier(4) 26:19 42:11 46:1 50:17
easily(1) 46:2
easy(3) 41:10 43:6 43:11
echo(1) 31:19 46:1
economy(1) 22:14
ecro(1) 1:40
edgar(1) 10:40
effect(1) 53:15
effective(6) 27:14 46:11 47:7 52:8 52:15 52:20

effectiveness(2) 46:22 47:4
effects(1) 23:16
efficient(1) 34:5
efforts(2) 20:10 31:24
egi-trb(2) 2:31 13:36 28:9
ehmer(1) 8:8
eight(1) 46:19
either(4) 26:18 30:17 34:23 52:23
elaborate(1) 29:16
elden(1) 7:44
eldersveld(1) 6:28
elect(1) 36:1
election(2) 35:24 36:11
elections(1) 28:12
electronic(1) 1:47 57:5
eli(1) 4:23
eliminate(1) 18:15
else(9) 32:14 45:4 45:20 49:6 51:6 56:12
embodied(1) 29:23
emerging(1) 50:22
emphasize(3) 27:23 32:1 32:3
employees(2) 8:32 25:13
end(3) 31:10 37:22 46:10
ends(2) 22:15
english(3) 2:10 5:6 42:23
enhancement(1) 22:11
enjoined(1) 26:7
enough(1) 15:9
ensure(1) 35:5 35:11
enter(1) 15:9
entered(2) 19:8 23:4

enters(1) 46:12
entirely(1) 40:15
entities(1) 13:40
entitled(2) 35:13 36:17
entry(2) 19:23 46:9
envision(3) 26:2 28:6 28:7
eos(2) 12:33 12:33
ephraim(1) 7:35
equally(1) 20:1
equitable(1) 37:13
eric(3) 5:38 5:39 13:41
ernst(2) 14:1 15:16
escrow(2) 36:16 38:10
esq(134) 1:25 1:26 1:27 1:28 1:35 2:5 2:11 2:12 2:19 2:20 2:26 2:32 2:38 2:45 3:5 3:6 3:12 3:13 3:14 3:20 3:28 3:35 3:43 4:7 4:8 4:9 4:15 4:21 4:22 4:23 4:29 4:36 4:44 5:7 5:11 5:16 5:17 5:18 5:19 5:23 5:24 5:25 5:30 5:35 6:3 6:8 6:9 6:13 6:17 6:18 6:19 6:20 6:21 6:22 6:23 6:24 6:38 6:43 6:44 7:2 7:8 7:13 7:14 7:15 7:19 7:22 7:27 7:31 7:35 7:40 7:45 8:3 8:8 8:12 8:16 8:21 8:29 8:35 8:36 9:2 9:7 9:12 9:16 9:20 9:24 9:25 9:29 9:29 9:33 9:41 9:43 10:2 10:11 10:18 10:22 10:26 10:30 10:35 10:40 10:42 11:2 11:4 11:6 11:12 11:17 11:22 11:31 11:36 11:40 11:44 12:3 12:5 12:12 12:17 12:21 12:25 12:30 12:34 12:38 12:42 13:4 13:8 13:14 13:18 13:22 13:27 13:32 13:37 13:41 13:45 14:2 14:6 14:10 14:14

essentially(4) 25:4 27:12 27:15 48:1
establish(1) 47:19
estates(2) 27:22 46:22
ester(1) 7:19
estimate(1) 50:18
evan(1) 7:14
even(3) 39:8 46:23 51:2
event(5) 18:21 21:10 23:18 30:15 56:16
ever(1) 47:6
every(1) 47:15
everybody(3) 23:11 44:18 45:4
everyone(3) 35:6 35:10 36:6
evidence(2) 31:6 38:18
exactly(1) 47:5
example(1) 21:5
exceeded(1) 16:24
exceeding(1) 18:15
except(2) 20:16 30:10
exception(1) 33:17
exculpation(3) 25:8 25:15 25:16
excuse(1) 39:6
exhibit(1) 24:24
existing(2) 19:20 23:2
exit(6) 24:21 27:10 28:1 29:14 31:8 33:5
expect(2) 15:25 55:11
expectations(2) 29:10 29:11
expected(1) 52:17
expedited(2) 35:1 51:16
expeditiously(1) 34:9
expense(1) 17:18
expert(1) 52:12
expiration(2) 21:4 22:4
expire(1) 23:14
explicit(2) 26:6 51:4
explicitly(2) 30:12 41:19
explore(1) 52:3
express(1) 54:3
expressed(2) 37:11 48:11
expressly(1) 26:6
ext(1) 8:37
extend(1) 22:9
extended(1) 19:9
extension(6) 15:12 19:12 19:24 24:5 24:9 52:15

extensions(3) 19:13 21:22 22:6
extent(3) 29:11 30:3 35:16

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **eye**(1) 15:21 | | **for**(163) 1:2 1:24 2:4 2:10 2:18 2:31 2:37 2:44 3:4 3:26 3:42 4:5 4:20 4:35 4:42 5:5 5:6 5:10 5:28 5:33 5:38 5:42 6:1 6:6 6:12 6:16 6:41 7:1 7:4 7:12 7:22 7:26 7:30 7:34 7:38 7:43 8:1 8:6 8:11 8:15 8:19 8:32 8:39 8:43 9:1 9:6 9:10 9:15 9:19 9:23 9:36 10:1 10:5 10:10 10:16 10:21 10:29 10:33 10:38 11:1 11:10 11:15 11:20 11:21 11:30 11:34 11:43 12:1 12:11 12:15 12:20 12:24 12:28 12:33 12:37 12:41 13:1 13:7 13:13 13:17 13:21 13:25 13:30 13:36 13:40 13:44 14:1 14:5 14:9 14:13 15:5 15:14 15:16 16:7 17:1 17:13 18:14 18:20 20:9 20:16 21:5 21:16 21:19 23:6 24:10 26:21 27:15 27:18 28:4 28:5 28:14 28:19 29:2 29:10 29:19 29:24 30:27 32:12 32:12 32:17 33:1 33:6 33:13 33:13 34:16 34:18 34:20 36:4 37:2 37:3 38:3 38:11 39:13 41:2 41:9 42:16 42:18 43:11 44:8 44:21 45:17 48:11 48:12 48:15 49:8 50:3 50:16 52:10 52:17 53:2 53:5 53:15 53:16 53:23 54:5 54:5 54:7 54:11 54:11 54:17 56:5 56:9 56:11 | **general**(3) 28:10 28:14 48:18 | | **hauer**(5) 4:6 8:28 32:17 51:9 54:17 |
| **fact**(2) 23:14 46:8 | | | | **george**(1) 25:7 | | **have**(70) 15:17 16:10 16:18 17:1 17:3 17:15 18:1 19:12 20:3 20:6 21:13 21:21 22:12 22:19 22:23 23:17 24:7 25:19 25:20 27:11 27:16 29:6 29:19 29:20 30:1 31:11 31:12 31:21 32:9 33:18 33:20 33:24 34:9 34:12 34:22 36:3 36:6 36:7 36:12 36:14 37:20 37:24 38:6 38:17 38:21 39:7 39:21 41:2 42:1 42:5 43:12 43:22 43:23 44:13 45:9 45:13 46:24 50:8 51:23 51:23 52:2 53:14 54:6 54:7 55:3 55:9 55:12 56:1 56:17 |
| **factor**(1) 49:24 | | | | **georgey**(1) 7:45 | | |
| **factors**(1) 39:15 | | | | **get**(22) 31:8 31:24 34:15 35:5 35:6 35:9 35:13 35:13 36:7 37:15 38:4 38:21 40:9 40:10 40:10 40:11 40:15 44:1 44:7 45:8 45:8 55:9 | | |
| **fails**(1) 26:8 | | | | | | |
| **fair**(4) 37:13 39:23 44:7 44:10 | | | | | | **haven't**(4) 23:21 32:8 32:9 45:24 |
| **fairest**(1) 34:5 | | | | **gets**(3) 34:6 37:22 48:19 | | **having**(3) 23:6 44:22 51:19 |
| **fairly**(3) 34:7 44:17 44:17 | | | | **getting**(5) 35:10 44:5 44:19 46:6 50:15 | | **hazeltine**(1) 2:25 |
| **fallon**(1) 6:43 | | | | **gina**(1) 11:44 | | **hbk**(1) 5:38 |
| **far**(4) 18:4 45:10 45:10 47:17 | | | | **give**(5) 40:13 42:7 52:2 54:22 55:23 | | **heading**(2) 25:15 25:18 |
| **fargo**(1) 9:6 | | | | **given**(8) 21:23 22:5 34:10 35:24 42:8 45:3 45:14 52:4 | | **head's**(1) 15:11 |
| **farther**(1) 56:7 | | | | | | **hear**(8) 18:23 20:7 31:14 33:2 42:13 47:11 52:1 54:2 |
| **fashion**(1) 53:4 | | | | **giving**(1) 25:22 | | |
| **fastest**(1) 29:13 | | | | **glantz**(1) 9:19 | | |
| **favor**(4) 40:1 49:13 49:20 51:19 | | | | **goal**(3) 29:14 35:13 46:5 | | **heard**(20) 24:19 31:16 32:15 33:14 34:24 35:7 42:14 43:16 43:19 45:20 45:24 46:23 48:8 49:6 50:19 51:10 52:9 52:18 53:10 53:15 |
| **fcc**(5) 46:11 46:13 52:10 52:12 52:17 | | | | **goals**(1) 29:8 | | |
| **february**(3) 22:21 28:8 50:17 | | | | **goes**(1) 34:20 44:7 | | |
| **fee**(3) 15:11 16:12 18:15 | | | | **going**(19) 15:24 26:7 40:2 40:9 43:12 43:23 46:11 48:2 48:11 49:21 50:12 50:16 50:19 52:5 52:7 54:9 55:5 55:8 55:19 | | **hearing**(11) 15:17 16:9 18:22 19:5 28:8 28:19 45:9 50:18 54:7 56:23 57:1 |
| **feel**(3) 36:17 44:17 45:24 | | | | | | |
| **feinblatt**(1) 7:26 | | | | | | **hearings**(1) 46:9 |
| **feld**(5) 4:6 8:28 32:17 51:9 54:17 | | | | | | **heiligman**(1) 8:36 |
| **felt**(1) 51:18 | | | | **golden**(5) 4:8 51:8 51:9 52:22 52:24 | | **held**(1) 27:17 |
| **few**(1) 49:17 | | | | **goldfarb**(1) 5:25 | | **herbert**(1) 15:21 |
| **fewer**(1) 40:3 | | | | **goldman**(3) 6:41 6:42 9:2 | | **here**(6) 33:12 35:14 42:20 44:24 50:4 |
| **fiduciaries**(1) 25:17 | | | | **good**(18) 15:3 15:4 16:20 21:18 21:20 24:17 26:22 29:1 31:17 32:11 32:12 32:16 34:19 42:15 42:22 43:3 45:21 51:8 | | **here's**(1) 55:18 |
| **fight**(3) 27:20 34:12 50:15 | | | | | | **herring**(1) 48:2 |
| **fighting**(1) 37:16 | | | | | | **he'd**(1) 28:16 |
| **fight"**(1) 52:3 | | | | **gordon**(7) 2:20 3:27 5:29 7:26 9:1 9:41 45:23 | | **he's**(3) 51:11 51:11 53:18 |
| **figured**(1) 44:21 | | | | **got**(1) 44:20 | | **highly**(1) 47:5 |
| **filed**(13) 16:12 24:22 24:23 25:2 26:14 26:19 29:19 30:1 34:10 38:22 54:18 54:20 54:21 | | **force**(1) 53:22 | | **gotshal**(1) 11:1 | | **his**(2) 22:19 51:13 |
| | | **foregoing**(1) 57:4 | | **graeme**(1) 5:23 | | **hold**(3) 48:7 48:10 49:20 |
| | | **forman**(1) 1:33 | | **grand**(1) 3:29 | | **holder**(1) 48:21 |
| | | **format**(1) 45:5 | | **grant**(2) 21:22 21:9 | | **holders**(1) 13:17 |
| **filing**(1) 41:5 | | **former**(2) 7:4 7:43 | | **granted**(2) 21:12 25:10 | | **holding**(2) 21:22 44:4 |
| **filings**(1) 29:3 | | **forth**(5) 15:15 21:8 30:10 43:1 52:14 | | **great**(4) 2:4 8:15 12:20 32:22 | | **hole**(1) 33:13 |
| **final**(1) 51:2 | | **fortieth**(1) 16:2 | | **greater**(1) 47:17 | | **holiday**(2) 37:20 55:20 |
| **finality**(6) 37:1 37:3 39:18 42:11 | | **fortnight**(1) 53:19 | | **gregory**(1) 8:21 | | **holliday**(1) 9:37 |
| **finally**(3) 25:15 26:9 45:6 | | **forty-eighth**(1) 16:7 | | **greissman**(1) 9:7 | | **holmstead**(1) 10:2 |
| **find**(3) 42:12 47:17 57:23 | | **forty-second**(1) 16:4 | | **grian**(1) 9:16 | | **honor**(106) 15:4 15:9 16:9 16:20 17:6 17:14 17:19 17:23 18:3 18:7 18:11 18:18 18:19 19:2 19:3 19:13 19:22 20:8 20:16 21:1 21:5 21:18 22:3 22:3 22:20 23:1 23:1 24:1 24:3 24:8 24:14 24:15 24:17 24:19 25:4 26:12 26:22 27:4 27:13 28:3 28:16 29:1 29:16 29:18 31:1 31:7 31:13 31:17 31:19 32:8 32:13 32:16 32:18 32:22 33:11 34:20 35:4 35:15 36:12 36:18 37:4 37:19 38:9 38:16 39:5 39:11 40:7 41:11 41:23 42:4 42:15 42:18 42:22 43:3 44:5 44:19 45:2 45:4 45:16 45:21 45:24 46:8 47:3 48:21 48:24 49:1 49:7 49:12 49:19 50:7 50:10 51:8 51:10 51:18 53:11 53:13 54:10 54:16 54:24 55:2 55:7 55:8 56:12 56:15 56:21 |
| **fine**(1) 24:13 | | **forty-seventh**(1) 16:6 | | **grippo**(1) 7:44 | | |
| **finger**(1) 4:28 | | **forty-sixth**(1) 15:10 | | **group**(9) 5:10 5:10 7:22 8:34 12:16 13:7 13:7 31:1 31:16 | | |
| **finishing**(1) 44:22 | | **forward**(16) 16:1 21:17 23:18 31:7 33:6 33:13 34:8 36:15 38:5 43:2 46:16 47:11 48:11 53:5 56:22 56:3 | | | | |
| **fire**(1) 36:6 | | | | | | |
| **first**(15) 15:8 25:8 28:8 28:17 29:8 39:5 40:7 43:19 44:4 49:24 55:5 | | | | **gruszka**(1) 9:12 | | |
| | | | | **guess**(4) 21:23 31:20 46:3 55:3 | | |
| **fishman**(1) 9:19 | | **found**(1) 39:17 | | **guided**(1) 22:9 | | **honorable**(1) 1:19 |
| **fit**(1) 41:14 | | **foundation**(2) 13:2 13:3 | | **guiney**(1) 9:16 | | **honor's**(1) 29:7 |
| **fits**(1) 31:15 | | **four**(3) 19:9 25:9 50:19 | | **gump**(5) 4:6 8:28 32:17 51:9 54:16 | | **hope**(5) 23:1 50:3 50:5 50:9 53:22 |
| **fitzgerald**(1) 8:12 | | **fourth**(3) 15:20 25:3 28:4 | | **guon**(1) 9:20 | | **hopefully**(2) 45:11 47:19 |
| **fix**(1) 24:20 | | **fox**(2) 2:44 8:21 | | **gussis**(1) 9:19 | | **hoping**(1) 49:17 |
| **flaws**(1) 20:4 | | **franchise**(1) 15:13 | | **gwen**(1) 11:31 | | **horan**(1) 2:5 |
| **fleet**(1) 15:19 | | **frank**(4) 8:34 8:35 8:39 8:40 | | **had**(10) 16:15 16:23 23:12 24:7 24:8 25:19 31:2 34:11 37:12 39:4 | | **hour**(5) 54:4 54:22 55:8 55:15 55:15 |
| **fleming**(1) 8:16 | | **frankel**(1) 6:1 | | | | **how**(19) 17:4 19:14 25:6 35:22 36:8 39:11 40:22 41:8 42:8 45:4 45:10 45:15 48:5 48:19 49:10 50:54 50:10 54:10 56:6 |
| **flip**(1) 49:22 | | **frankly**(10) 23:12 28:22 36:5 47:2 50:14 50:22 50:23 51:13 51:24 56:3 | | | | |
| **flom**(1) 7:7 | | | | **hadley**(1) 13:21 | | |
| **floor**(3) 2:14 3:37 3:44 | | | | **halcyon**(2) 7:38 7:39 | | |
| **flow**(7) 34:3 36:23 39:2 39:2 39:2 40:2 48:16 | | **free**(1) 41:21 | | **hale**(1) 9:1 | | **howard**(1) 5:19 |
| | | **friday**(3) 24:21 26:14 29:4 | | **half**(1) 36:16 | | **however**(3) 19:15 24:7 52:5 |
| **flows**(1) 36:22 | | **friedman**(3) 4:42 8:20 42:16 | | **hammerman**(1) 9:24 | | **hurry**(1) 35:7 |
| **focus**(1) 20:10 | | **friends**(1) 31:15 | | **hanged**(2) 53:19 53:19 | | **idea**(2) 30:2 48:4 |
| **focused**(1) 35:10 | | **from**(46) 15:5 16:23 17:18 18:16 20:20 22:13 22:14 24:3 24:4 24:21 26:3 26:7 27:10 28:1 29:2 29:19 30:7 30:14 31:14 33:5 35:20 35:21 39:8 39:20 40:16 42:5 42:14 42:16 42:23 43:4 43:7 45:16 45:24 46:1 46:8 46:22 46:23 47:16 48:9 49:14 52:1 53:17 53:24 54:13 55:2 57:5 | | **happen**(1) 33:10 | | **identified**(5) 20:4 24:20 29:14 30:5 34:22 |
| **following**(2) 29:8 38:14 | | | | **happens**(2) 56:6 56:6 | | |
| **follows**(1) 26:13 | | | | **happy**(4) 16:24 21:12 22:8 22:20 | | |
| | | **front**(1) 47:7 | | **hard**(2) 29:1 42:6 | | |
| | | **frontloading**(1) 35:9 | | **harder**(2) 42:6 43:16 | | |
| | | **full**(3) 37:16 54:8 | | **harrisburg**(1) 1:44 | | |
| | | **fully**(3) 38:13 44:6 44:18 | | **has**(24) 19:9 20:1 20:4 20:19 20:23 21:24 22:5 23:1 24:22 27:19 28:15 29:5 29:14 29:18 30:15 33:15 37:11 37:17 40:1 43:7 45:16 52:15 55:13 55:13 | | |
| | | **fundamenta**(2) 9:10 9:11 | | | | |
| | | **funding**(1) 27:15 | | | | |
| | | **further**(8) 22:6 22:8 23:10 30:16 30:21 31:6 55:24 56:11 | | | | |
| | | | | **hasn't**(1) 46:7 | | |
| | | **future**(2) 35:14 36:23 | | **hat**(1) 32:19 | | |
| | | **garrison**(1) 12:11 | | | | |
| | | **gary**(1) 6:34 | | | | |
| | | **gates**(1) 12:20 | | | | |
| | | **gaughan**(2) 8:43 8:44 | | | | |
| | | **gavin**(1) 5:30 | | | | |
| | | **gecker**(1) 8:34 | | | | |
| | | **geddes**(1) 4:14 | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| iii(1) 26:24 | | it's(25) 26:9 27:22 31:20 31:22 34:19 37:3 38:11 38:22 38:23 39:23 40:15 41:12 41:15 44:7 47:5 48:19 49:19 50:19 51:10 51:21 52:18 55:6 55:19 55:20 56:9 | | korpus(3) 4:44 42:15 42:16 | | llc(8) 2:25 7:22 7:44 8:39 10:1 13:26 13:36 16:12 | |
| imagine(1) 29:24 | | | | kovensky(1) 10:35 | | | |
| immaterial(1) 39:3 | | | | krakauer(1) 6:22 | | | |
| immediacy(1) 39:18 | | | | kramer(2) 6:1 6:1 | | llp(33) 1:24 3:11 3:42 4:6 4:43 5:15 5:22 5:42 6:2 6:7 6:7 6:37 7:30 8:15 8:28 8:34 9:23 9:32 9:40 10:21 11:1 11:16 11:43 12:2 12:11 12:29 12:41 13:3 13:40 14:1 14:1 14:9 14:13 | |
| immediately(1) 40:3 | | i'll(7) 15:6 25:1 25:18 26:10 42:13 52:11 55:4 | | kristie(1) 6:8 | | | |
| impact(1) 42:1 | | | | laboratories(1) 12:28 | | | |
| impacted(1) 36:2 | | | | laid(4) 27:6 33:15 51:21 51:23 | | | |
| impaired(1) 25:19 | | i'm(14) 18:3 18:17 21:12 32:18 32:19 32:22 34:11 41:21 42:7 51:13 51:24 52:1 54:13 56:3 | | lam(1) 10:35 | | | |
| implement(1) 29:8 | | | | landis(2) 3:4 3:5 | | lockbox(1) 2:40 | |
| implements(1) 38:13 | | | | lantry(1) 1:28 | | | |
| importance(2) 29:15 32:2 | | | | lapsing(1) 23:16 | | long(11) 6:37 19:14 35:8 36:8 44:8 45:10 47:1 52:8 52:13 52:22 54:10 | |
| important(7) 29:12 31:5 32:3 40:17 48:8 55:16 56:9 | | i've(4) 36:10 43:19 46:13 56:8 | | large(1) 48:10 | | | |
| | | jackson(4) 16:13 17:2 17:12 17:13 | | largely(1) 44:2 | | longer(3) 25:12 25:14 25:16 | |
| importantly(2) 31:10 45:7 | | james(6) 1:25 1:27 3:20 3:28 19:3 56:15 | | last(5) 23:13 32:10 39:10 41:17 48:20 | | look(4) 18:7 31:7 44:9 54:3 | |
| imposed(1) 43:9 | | jamila(1) 9:43 | | late(1) 50:21 | | lord(1) 32:9 | |
| imposes(1) 47:8 | | jane(1) 12:3 | | later(4) 20:7 34:4 37:10 37:18 | | los(1) 3:30 | |
| imposition(1) 53:20 | | january(2) 15:17 28:7 | | latest(1) 42:3 | | lot(4) 27:21 27:21 37:4 45:11 | |
| inadequate(1) 54:5 | | jason(4) 5:2 5:3 7:40 12:25 | | latham(1) 9:23 | | loud(2) 24:19 46:23 | |
| inc(1) 9:28 | | jay(2) 3:43 31:17 | | law(4) 4:42 12:16 42:16 42:24 | | lower(1) 41:6 | |
| incented(1) 35:6 | | jefferies(1) 7:1 | | lawrence(1) 7:27 | | ludwig(1) 6:24 | |
| inclined(1) 56:3 | | jeffrey(2) 2:45 12:21 | | lawyers(1) 46:13 | | lugano(1) 1:40 | |
| includes(2) 25:16 28:11 | | jenner(3) 2:31 13:36 21:19 | | lay(1) 27:4 | | lynch(1) 12:1 | |
| including(3) 30:23 40:20 47:14 | | jennifer(1) 13:45 | | layer(1) 47:9 | | lynne(1) 11:12 | |
| incredible(1) 47:13 | | jessica(1) 6:17 | | laying(1) 50:16 | | made(5) 22:24 30:15 31:24 46:22 49:9 | |
| indebtedness(2) 39:9 48:23 | | jillian(1) 6:24 | | layton(1) 4:28 | | madlyn(1) 12:5 | |
| indenture(5) 30:5 32:21 42:17 43:5 48:24 | | jim(2) 24:17 45:21 | | lbo(1) 44:9 | | main(1) 38:16 | |
| independent(1) 54:19 | | joann(1) 16:8 | | lead(2) 20:7 35:17 | | maintain(3) 22:18 29:9 29:10 | |
| indications(1) 33:9 | | joel(1) 6:20 | | leading(1) 20:8 | | maintains(1) 30:9 | |
| indulgence(1) 24:10 | | john(2) 13:4 14:2 | | leanor(1) 7:26 | | majestic(1) 12:15 | |
| information(2) 18:10 47:13 | | johnson(1) 53:17 | | least(5) 37:12 43:9 44:9 55:24 56:3 | | make(9) 22:1 22:14 22:15 23:13 28:12 35:9 43:15 47:23 49:1 | |
| informed(1) 47:23 | | johnston(8) 3:28 45:21 45:22 49:5 49:9 52:9 52:19 53:14 | | leave(3) 18:22 36:4 39:21 | | | |
| initial(1) 27:17 | | | | leaves(1) 18:19 | | makes(3) 32:11 32:12 35:2 | |
| injury(1) 44:11 | | joint(1) 54:20 | | leaving(1) 36:9 | | management(19) 4:6 5:34 5:34 5:38 7:39 7:39 8:20 8:24 9:36 10:39 10:39 11:21 11:21 13:17 13:31 13:31 13:44 32:18 49:8 | |
| inordinate(1) 53:5 | | jointly(1) 1:6 | | leboeuf(3) 3:27 11:16 45:22 | | | |
| inquiry(1) 17:20 | | jones(4) 7:14 8:11 8:11 11:26 | | lee(1) 10:40 | | | |
| insertco(1) 16:11 | | joseph(1) 8:35 | | left(1) 56:14 | | | |
| insult(1) 44:11 | | joshua(2) 11:17 13:32 | | legs(1) 39:24 | | manges(1) 11:1 | |
| intend(6) 18:12 20:17 21:21 26:20 28:8 28:12 | | judge(1) 1:19 1:20 | | leichtman(2) 12:24 12:24 | | manner(3) 26:8 30:7 35:6 | |
| | | judgment(1) 37:11 | | lemay(9) 3:12 28:14 29:1 29:2 38:15 46:2 53:10 53:13 54:13 | | many(4) 26:11 27:8 27:23 47:18 | |
| intended(1) 48:17 | | junior(1) 39:19 | | | | man's(1) 53:18 | |
| intends(1) 18:13 | | jurisdiction(2) 41:6 41:17 | | | | marbury(1) 15:21 | |
| intentions(1) 23:15 | | just(25) 15:25 17:21 18:24 19:1 22:14 23:22 29:16 31:19 33:7 34:10 36:10 37:10 39:5 39:13 42:8 43:16 45:1 46:2 47:24 49:8 49:9 50:13 51:10 52:6 54:18 | | lenders(6) 2:44 5:29 11:16 28:13 37:15 49:20 | | marc(2) 3:14 5:16 | |
| interest(4) 33:6 33:7 38:1 46:24 | | | | | | marcia(1) 15:22 | |
| interested(6) 6:2 7:1 7:22 7:30 9:15 13:25 13:44 14:9 | | | | length(1) 19:16 | | marek(1) 11:12 | |
| | | | | lengthy(1) 39:14 | | mark(1) 9:37 | |
| | | | | leonard(1) 1:34 | | market(4) 1:11 2:27 2:46 3:7 | |
| interplay(2) 34:17 35:15 | | justin(1) 7:2 | | let(7) 17:12 21:15 28:17 31:14 39:7 50:2 54:9 | | marsal(1) 8:39 | |
| into(10) 18:7 22:17 31:15 35:14 36:23 43:21 44:20 52:4 55:4 55:9 | | kalenchits(2) 10:5 10:5 | | | | material(1) 38:18 | |
| | | kansa(10) 1:26 16:17 16:20 16:21 17:14 17:19 17:23 18:3 18:11 18:18 | | letter(1) 41:5 | | materially(1) 42:9 | |
| | | | | level(2) 44:15 47:18 | | materials(1) 28:21 | |
| intuit(1) 43:12 | | | | levin(2) 6:1 6:1 | | matter(4) 15:25 18:12 24:8 57:6 | |
| investment(2) 9:11 9:11 | | kaplan(1) 8:20 | | levine(2) 12:24 12:24 | | matthew(5) 8:8 8:25 8:39 8:40 11:36 | |
| investors(2) 14:5 14:5 | | karen(1) 6:9 | | lewis(1) 3:35 | | mauro(1) 9:29 | |
| involved(3) 38:2 41:7 43:9 | | kasowitz(2) 4:42 42:16 | | lexi(1) 6:43 | | maximum(1) 27:16 | |
| ironic(1) 37:4 | | katharine(1) 2:11 | | lexington(1) 4:24 | | may(21) 16:17 17:3 21:13 23:17 27:2 33:21 38:24 39:11 39:22 40:6 41:1 42:6 46:8 49:22 49:22 49:24 52:9 55:3 56:8 56:16 56:20 | |
| isn't(1) 46:24 | | katten(3) 13:3 14:9 | | liang(1) 10:42 | | | |
| | | kavalis(1) 10:11 | | liebentritt(1) 6:32 | | | |
| issue(15) 23:20 23:21 25:19 26:17 30:5 35:9 38:13 38:16 38:20 44:14 48:15 49:1 54:20 55:7 56:19 | | kaye(1) 11:17 | | light(3) 23:15 23:16 41:4 | | | |
| | | kelly(2) 10:18 57:10 | | like(14) 21:16 22:2 22:17 27:7 27:21 27:23 28:16 33:17 34:2 36:18 37:5 37:21 44:9 44:19 | | | |
| | | kempner(1) 7:34 | | | | maybe(2) 52:6 55:8 | |
| issues(38) 19:11 24:20 25:15 26:10 26:11 26:12 27:2 27:5 27:8 27:10 27:13 27:24 28:1 30:23 31:17 34:2 34:22 35:2 35:4 35:16 41:7 41:8 41:23 42:12 43:17 43:22 44:1 45:8 45:8 45:13 46:17 49:3 50:16 50:21 55:12 55:16 55:17 | | ken(1) 16:20 | | | | mayer(2) 2:11 9:32 | |
| | | kenneth(3) 1:26 10:42 13:8 | | likely(3) 47:6 53:23 56:18 | | mccarter(3) 2:10 5:6 42:23 | |
| | | kenny(1) 9:19 | | limited(4) 20:16 32:22 54:9 55:23 | | mccloy(1) 13:21 | |
| | | kerriann(1) 6:19 | | line(1) 17:7 35:13 | | mccormack(1) 5:18 | |
| | | kevin(2) 1:19 1:28 | | listed(1) 54:4 | | mccormick(1) 13:1 | |
| | | kikov-client(1) 11:27 | | listen(1) 55:8 | | mccutchen(1) 11:43 | |
| | | kim(1) 10:22 | | litigating(1) 34:13 | | mcguire(1) 12:41 | |
| item(7) 15:10 15:11 15:17 16:10 18:20 24:12 28:4 | | kind(2) 15:9 54:23 | | litigation(13) 19:7 20:12 23:6 23:8 26:16 30:11 30:12 30:14 36:20 37:2 39:21 44:16 44:18 | | mckenna(1) 6:37 | |
| | | king(3) 2:14 2:39 4:31 | | | | meagher(1) 7:7 | |
| | | kje(1) 1:5 | | | | mean(4) 33:6 36:5 50:6 55:20 | |
| items(1) 30:20 | | klauder(1) 2:38 | | little(2) 37:20 43:16 | | means(1) 36:21 | |
| its(9) 19:11 19:19 19:24 20:4 31:4 33:4 33:20 37:11 49:16 | | know(11) 18:4 22:17 29:3 37:20 43:19 45:16 47:22 48:2 49:10 55:12 55:13 | | litvack(1) 11:2 | | meant(1) 43:22 | |
| | | | | live(1) 53:2 | | mechanism(1) 23:8 | |
| | | | | | | meet(1) 37:24 | |
| itself(1) 23:17 | | knowledge(1) 53:18 | | | | meisel(1) 1:33 | |
| | | knows(1) 32:9 | | | | mentioned(2) 28:4 46:7 | |
| | | | | | | mere(1) 23:8 | |
| | | | | | | merely(1) 23:4 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **merits**(3) 20:11  44:23  55:10 | | **non-colored**(1) 17:17 | | **only**(9) 21:1  25:10  25:10  27:17  31:20 | | **parver**(1) 12:3 | |
| **merrill**(1) 12:1 | | **non-estate**(1) 25:16 | | 32:11  32:20  52:10  53:20 | | **pass**(2) 17:3  17:20 | |
| **mester**(1) 11:17 | | **non-settling**(1) 26:7 | | | | **passes**(1) 36:21 | |
| **method**(1) 38:3 | | **non-voting**(2) 25:21  28:10 | | **open**(2) 53:1  53:8 | | **past**(4) 20:20  21:22  41:11  42:8 | |
| **michael**(4) 6:30  10:18  11:6  13:18 | | **none**(1) 43:10 | | **operate**(1) 25:6 | | **path**(5) 33:6  50:12  50:14  50:24  51:1 | |
| **mid-december**(1) 54:8 | | **norman**(2) 1:35  15:4 | | **opinion**(9) 26:13  30:6  31:4  33:4  37:5 | | **paths**(1) 51:1 | |
| **mid-february**(1) 22:17 | | **north**(5) 2:14  2:27  2:33  2:46  4:31 | | 38:12  38:16  48:22  49:16 | | **patrick**(2) 8:12  8:16 | |
| **might**(4) 16:16  21:6  21:7  21:21 | | **not**(11) 18:3  22:3  22:23  23:1  23:6  23:22 | | | | **patterson**(1) 9:15 | |
| **mike**(1) 12:34 | | 24:7  25:19  27:9  27:13  28:12  32:11  32:18 | | **opportunity**(7) 24:7  24:10  25:23  25:24 | | **paul**(1) 12:10 | |
| **milbank**(1) 13:21 | | 33:7  33:20  35:14  36:4  36:7  36:23  38:11 | | 45:3  45:14  52:3 | | **pending**(2) 41:13  41:20 | |
| **miles**(1) 6:18 | | 38:17  39:6  39:9  39:40  42:7  43:7  43:9 | | | | **pennock**(1) 12:12 | |
| **miller**(1) 13:25 | | 43:17  43:19  45:18  46:10  48:15  48:23  52: | | **opposed**(1) 42:11 | | **pennsylvania**(1) 1:44 | |
| **million**(6) 27:16  27:21  38:9  38:23  38:24 | | 52:11  52:19  55:6  55:20  55:23  56:1  56:8 | | **optimistic**(3) 33:9  34:11  53:7 | | **penny**(1) 46:21 | |
| 39:1 | | **note**(2) 22:22  37:15 | | **order**(12) 18:20  18:24  19:1  19:14  19:19 | | **people**(2) 43:17  44:13 | |
| **mills**(1) 6:19 | | **noteholder**(9) 32:19  37:5  37:6  39:18  40:12 | | 22:8  23:3  26:5  26:6  26:8  46:9  46:13 | | **per**(1) 26:6 | |
| **mind**(3) 16:24  17:13  18:15 | | 46:4  48:1  48:4  48:5 | | | | **perceive**(1) 35:22 | |
| **minded**(1) 21:9 | | | | **orders**(4) 15:10  19:9  19:17  19:20 | | **perceived**(1) 43:21 | |
| **minkove**(1) 10:26 | | **noteholders**(11) 24:8  32:15  35:12  35:21 | | **ordinary**(1) 16:23 | | **perhaps**(2) 24:11  37:22 | |
| **minute**(2) 25:1  29:17 | | 36:14  36:19  39:3  40:9  49:10  49:14  54:21 | | **original**(2) 19:23  32:5 | | **period**(10) 15:12  19:15  22:4  23:6  37:21 | |
| **mired**(1) 44:8 | | | | **originally**(1) 23:4 | | 44:20  44:23  47:2  52:12  53:24 | |
| **mirror**(1) 31:19 | | **notes**(2) 28:9  49:20 | | **other**(28) 18:24  21:1  28:9  28:13  29:6  34:3 | | |
| **modify**(1) 15:14  15:16 | | **nothing**(3) 25:5  53:17  56:12 | | 34:12  35:11  35:21  36:13  36:19  37:24  38: | | **permick**(1) 1:35 | |
| **moment**(2) 21:16  32:19 | | **notice**(4) 25:23  41:5  41:13  42:1 | | 38:20  39:7  39:10  40:8  40:14  40:21  41:15 | | **permission**(1) 15:6 | |
| **monarch**(2) 10:16  10:17 | | **noting**(1) 20:18 | | 41:18  44:14  45:12  47:10  47:18  48:10 | | **permit**(2) 30:20  31:9 | |
| **monday**(1) 37:22 | | **notion**(2) 48:13  52:5 | | 54:19 | | **permits**(1) 29:13 | |
| **money**(2) 27:21  27:21 | | **notwithstanding**(1) 33:8 | | | | **permitted**(1) 20:20 | |
| **month**(1) 52:4 | | **novod**(2) 2:20  9:41 | | **others**(5) 32:15  33:14  42:14  43:20  46:4 | | **permutation**(1) 47:15 | |
| **monthly**(3) 16:24  17:13  18:15 | | **now**(18) 23:4  25:10  26:5  29:23  34:7  34:24 | | **otherwise**(3) 26:22  39:2  49:2 | | **permutations**(1) 27:5 | |
| **months**(3) 46:15  46:21  50:19 | | 35:4  35:11  36:12  38:22  42:12  44:1  52:18 | | **ought**(2) 23:23  45:14 | | **pernick**(6) 15:4  15:5  15:9  16:16  18:19 | |
| **more**(4) 29:17  47:11  49:18  53:7 | | 53:24  54:4  54:8  56:6  56:13 | | **our**(11) 23:2  24:20  26:13  26:23  27:6 | | **persons**(1) 25:11 | |
| **morgan**(4) 4:20  4:35  8:15  10:21  10:25 | | | | 27:10  28:1  28:5  28:21  37:12  43:7 | | **person's**(1) 36:3 | |
| **morning**(1) 48:9 | | **nunc**(3) 21:3  21:4  21:12 | | | | **perspective**(1) 24:4 | |
| **morrison**(1) 15:11 | | **o'melveny**(1) 7:12 | | **ourselves**(1) 42:12 | | **peter**(2) 9:12  10:22 | |
| **most**(5) 19:10  19:11  29:12  31:10  31:23 | | **oaktree**(5) 3:26  10:38  10:39  45:22  48:21 | | **out**(25) 19:12  23:22  25:11  25:13  27:4  27:6 | | **philip**(1) 4:9 | |
| 33:2  34:5  35:2  45:6 | | **objection**(15) 15:11  15:18  15:20  15:22 | | 29:5  31:8  31:24  33:16  35:9  37:6  37:16 | | **phones**(8) 26:15  28:9  30:3  30:4  35:12 | |
| | | 16:2  16:3  16:4  16:6  16:8  20:16  20:18 | | 40:8  40:23  44:8  44:20  44:21  46:6  46:8 | | 43:5  43:9  48:24 | |
| **motion**(24) 16:10  18:20  20:15  20:22  21:2 | | 21:23  22:13  22:19  28:6 | | 49:11  50:16  51:21  51:23  56:7 | | |
| 21:9  23:5  23:7  23:9  23:9  23:18  25:3  25:4 | | | | | | **photocopy**(1) 18:1 | |
| 26:19  28:4  34:20  34:23  41:14  41:18  43:1 | | **objections**(1) 20:15 | | **outcome**(4) 27:18  35:16  47:16  47:22 | | **phrase**(1) 50:13 | |
| 47:12  54:20  56:13  56:16 | | **objective**(1) 46:5 | | **outcomes**(2) 26:12  29:11  47:15 | | **pick**(1) 49:17 | |
| | | **objectives**(1) 46:3 | | **outlined**(1) 42:19 | | **pickering**(1) 9:1 | |
| **motions**(14) 26:21  29:19  29:24  34:18  41:9 | | **observations**(1) 38:8 | | **over**(7) 18:23  20:13  30:16  31:22  32:10 | | **piece**(1) 31:5 | |
| 41:13  41:16  41:20  42:5  54:11  54:17  54:1 | | **observe**(1) 39:10 | | 41:6  44:4 | | **pieces**(1) 55:5 | |
| 56:5  56:8 | | **obviously**(1) 22:9 | | | | **place**(6) 16:11  20:10  21:22  50:21 | |
| | | **occasions**(2) 20:1  20:19 | | **own**(3) 28:20  28:23  44:17 | | **places**(1) 40:4 | |
| **move**(3) 37:14  56:2  56:3 | | **occurring**(1) 50:22 | | **p.a**(1) 1:34 | | **plains**(1) 3:45 | |
| **moving**(2) 33:1  34:8 | | **ocp**(1) 18:15 | | **p.m**(3) 1:15  15:1  57:1 | | **plaintiffs**(1) 26:6 | |
| **much**(12) 35:19  36:6  36:8  40:23  42:17 | | **october**(1) 19:10 | | **p.o**(1) 3:38 | | **plan**(71) 18:22  19:18  20:2  20:3  20:7  20:13 | |
| 45:15  48:19  52:18  53:7  54:10  56:7  56:22 | | **off**(1) 36:23 | | **page**(3) 17:17  18:2  31:4 | | 21:11  24:4  24:19  24:20  24:23  24:24  26:13 | |
| | | **off-hand**(2) 17:14  17:19 | | **paid**(1) 37:15 | | 26:13  26:23  27:1  27:7  30:9  30:10  30:22 | |
| **muchin**(1) 13:3  14:9 | | **offer**(1) 32:23 | | **palmieri**(1) 11:44 | | 31:3  32:4  32:5  32:5  32:19  33:15  33:19 | |
| **multiple**(1) 39:15 | | **office**(2) 2:37  7:12 | | **pants**(1) 54:23 | | 34:1  34:8  34:10  35:7  35:14  36:5  36:9 | |
| **munger**(1) 12:29 | | **officers**(1) 7:44 | | **paper**(1) 33:21 | | 36:16  36:20  36:24  37:5  37:6  37:22  38:5 | |
| **myers**(1) 7:12 | | **official**(4) 3:4  5:14  19:4  29:2 | | **papers**(5) 29:24  35:20  38:22  40:4  45:12 | | 38:13  39:5  39:9  39:16  39:19  39:19  40:1 | |
| **myrick**(1) 6:23 | | **ohio**(1) 16:7 | | **paragraphs**(1) 33:4 | | 40:1  40:10  40:19  42:3  42:9  42:10  45:1 | |
| **myself**(1) 54:4 | | **okay**(9) 16:19  17:16  17:24  23:21  32:15 | | **parallel**(6) 50:14  50:24  51:1  51:1 | | 45:23  46:4  46:11  46:23  47:4  48:3  48:12 | |
| | | 41:3  41:21  41:24  56:20 | | **parent**(13) 28:9  34:3  35:12  35:21  36:14 | | 49:2  49:13  49:21  50:11  52:14  52:16  53:6 | |
| **nachman**(1) 11:22 | | | | 38:20  39:7  40:8  40:14  40:21  44:15  48:7 | | 55:24  56:4 | |
| **naftalis**(1) 6:1 | | **old**(1) 53:16 | | 48:10 | | |
| **namely**(1) 25:17 | | **oliver**(1) 11:36 | | **park**(3) 4:10  6:9  12:16 | | **plans**(1) 26:3 | |
| **necessarily**(2) 37:2  38:10 | | **olivia**(1) 9:29 | | **parke**(3) 3:11  5:15  29:2 | | **plaza**(1) 3:15 | |
| **necessary**(2) 30:20  31:11 | | **olson**(1) 12:29 | | **parket**(1) 51:8 | | **plea**(2) 53:16  53:23 | |
| **need**(9) 39:12  41:1  42:6  44:1  45:15  46:1 | | **omnibus**(10) 15:10  15:18  15:20  15:22  16: | | **part**(8) 32:6  35:1  39:23  40:17  40:18  43:8 | | **pleading**(1) 33:21 | |
| 47:22  53:15  54:11 | | 16:2  16:4  16:6  16:8  19:5 | | 48:14  48:20 | | **pleadings**(1) 21:13 | |
| | | | | | | **podium**(3) 21:13  38:9  54:14 | |
| **needed**(2) 30:12  30:16 | | **one**(28) 1:29  4:10  4:30  18:23  19:13  22:24 | | **participate**(1) 34:13 | | **point**(15) 8:6  8:7  21:1  21:23  22:23  33:2 | |
| **needs**(1) 48:5 | | 26:1  32:4  32:5  34:2  35:7  39:16  39:24 | | **particular**(2) 26:3  26:4 | | 33:21  33:22  34:7  35:14  35:17  37:12  38:15 | |
| **negative**(1) 49:22 | | 41:10  42:6  44:9  46:3  46:7  47:24  48:20 | | **parties**(24) 19:8  20:3  20:10  21:3  21:7 | | 49:9  56:2 | |
| **neglect**(1) 23:22 | | 49:2  49:9  50:18  50:19  53:19  54:14  54:18 | | 22:5  22:12  25:12  25:14  29:20  30:1  33:6 | | |
| **never**(1) 33:18 | | 56:13 | | 33:7  34:12  36:13  37:24  50:4  52:4  52:2  54:3 | | **points**(4) 26:11  29:17  43:6  44:3 | |
| **new**(15) 2:22  3:16  4:11  4:25  4:46  11:26 | | | | 54:6  54:10  54:10  55:23  56:1 | | **polk**(2) 4:10  10:21 | |
| 25:23  25:24  28:12  33:15  38:13  40:11  42:9 | | **oneal**(1) 6:30 | | | | **portion**(1) 48:10 | |
| 43:17  56:4 | | **onex**(2) 10:33  10:34 | | **partly**(1) 29:23 | | **position**(2) 23:24  39:4 | |
| | | | | **partners**(14) 5:2  7:34  8:2  8:2  10:29  10:29 | | **positive**(1) 23:16 | |
| **newman**(1) 8:29 | | | | 10:34  10:34  11:26  12:24  12:33  12:33 | | **possibility**(1) 55:24 | |
| **next**(6) 21:2  24:11  31:14  34:15  37:22  38:9 | | | | 12:37  12:37 | | **possible**(7) 24:21  27:9  27:24  29:13  31:8 | |
| **nick**(1) 7:8 | | | | | | 40:15  46:7 | |
| **nolan**(1) 11:31 | | | | **party**(12) 6:12  7:1  7:4  7:22  7:30  9:15 | | |
| **nomura**(1) 10:10  10:10 | | | | 13:25  13:44  14:9  33:18  38:6  54:18 | | **post**(2) 30:20  44:4 | |

| Word | Page:Line |
|------|-----------|
| post-reorganization(1) 31:12 | |
| pot(1) 27:15 | |
| potential(2) 26:12 27:4 | |
| potentially(1) 50:17 | |
| ppearances(4) 1:22 2:1 3:1 4:2 | |
| practice(2) 23:9 34:23 41:19 | |
| pre-judging(1) 23:17 | |
| pre-lbo(3) 43:10 44:10 44:14 | |
| precedence(1) 41:16 | |
| precision(1) 35:23 | |
| precludes(1) 23:4 | |
| prediction(1) 45:9 | |
| prefaced(1) 40:24 | |
| prefer(1) 18:23 | |
| preference(1) 18:23 | |
| prejudiced(1) 21:3 | |
| prejudicing(1) 22:18 | |
| prepared(3) 32:21 32:23 42:7 | |
| present(2) 37:20 49:24 | |
| presented(2) 40:4 40:19 | |
| presume(1) 55:14 | |
| previous(1) 24:9 | |
| previously(1) 22:5 | |
| price(1) 11:43 | |
| pricewaterhouse(1) 15:15 | |
| primofl(1) 12:5 | |
| principal(1) 36:19 | |
| prior(5) 33:19 39:14 51:19 52:7 56:10 | |
| pro(3) 21:3 21:4 21:12 | |
| probably(4) 32:4 32:5 43:12 45:6 | |
| problem(4) 36:12 37:20 39:17 51:20 | |
| procedure(2) 42:19 51:5 | |
| procedures(4) 25:3 45:2 47:12 56:4 | |
| proceed(1) 34:5 | |
| proceeding(1) 20:11 | |
| proceedings(8) 1:18 1:47 19:21 19:24 30:18 33:19 34:1 57:6 | |
| proceeds(3) 30:7 30:13 51:3 | |
| process(33) 20:2 20:8 31:10 33:1 33:15 34:8 34:18 35:18 35:24 36:5 36:9 36:11 37:14 37:23 38:2 39:21 46:12 46:15 46:17 46:20 47:6 48:15 51:5 51:23 52:2 52:10 52:13 52:18 53:1 56:1 56:4 | |
| produce(1) 53:1 | |
| produced(1) 1:48 | |
| professionals(1) 16:23 | |
| program(1) 34:6 | |
| proper(1) 29:20 | |
| proponent(1) 32:19 | |
| proponents(13) 19:18 20:5 24:5 24:19 27:7 29:6 35:8 36:20 40:1 45:23 46:4 50:11 52:16 | |
| proposal(3) 34:14 37:14 43:1 | |
| propose(2) 34:10 37:19 | |
| proposed(10) 19:18 21:24 22:8 30:23 32:11 33:1 33:12 33:24 39:22 40:11 | |
| proposes(1) 30:22 | |
| prosecution(1) 20:13 | |
| proskaur(1) 7:7 | |
| protocol(10) 25:1 26:18 27:12 27:15 30:19 33:3 33:15 38:7 43:8 44:18 | |
| provided(1) 30:21 | |
| provides(2) 26:14 48:12 | |
| provision(2) 25:16 39:6 | |
| provisions(1) 29:22 | |
| purpose(1) 21:2 | |
| purposely(1) 47:13 | |
| purposes(2) 23:10 44:21 | |
| pursuant(1) 30:24 | |
| pursue(1) 30:15 | |
| pursued(1) 34:23 | |
| pursuing(1) 31:7 | |
| put(4) 29:4 32:6 47:13 50:13 | |
| puts(1) 46:18 | |
| putting(2) 33:23 36:23 | |

| Word | Page:Line |
|------|-----------|
| qualified(1) 50:8 | |
| quarles(1) 13:40 | |
| question(14) 16:22 18:1 21:23 23:3 23:17 34:19 41:2 42:6 48:18 48:19 51:7 54:24 55:4 55:5 | |
| questions(7) 16:15 16:17 17:1 17:9 21:13 45:17 56:11 | |
| quick(1) 43:6 51:16 54:23 55:7 | |
| quickly(5) 15:7 24:21 31:7 44:17 46:6 | |
| quite(5) 26:6 44:5 44:12 49:13 52:14 | |
| quote(1) 53:16 | |
| raise(1) 43:17 | |
| raised(12) 20:19 26:21 33:18 33:20 33:21 33:22 34:7 35:17 41:9 43:24 44:1 52:6 | |
| range(2) 26:12 35:19 | |
| ranging(1) 35:21 | |
| rapid(2) 34:16 48:12 | |
| rarely(1) 52:11 | |
| rath(2) 3:4 3:6 | |
| rather(1) 44:23 | |
| rationale(1) 23:5 | |
| rationales(1) 19:23 | |
| re-negotiate(1) 32:8 | |
| re-solicit(3) 28:8 28:11 28:12 | |
| re-visit(1) 26:17 | |
| re-visited(1) 48:14 | |
| reach(1) 35:13 | |
| reached(2) 15:23 56:1 | |
| reacting(1) 43:16 | |
| reaction(1) 54:24 | |
| reactions(1) 47:10 | |
| read(4) 37:5 38:17 40:17 48:22 | |
| real(1) 43:6 | |
| realistic(1) 50:9 | |
| really(4) 22:1 44:7 48:6 55:20 | |
| realm(1) 5:2 | |
| realty(1) 12:15 | |
| reargue(1) 41:14 | |
| reargument(1) 41:20 | |
| reason(2) 49:14 49:23 | |
| reasonable(2) 44:20 45:5 | |
| reasons(1) 39:14 | |
| reassess(2) 39:12 39:12 | |
| rebecca(1) 4:36 | |
| rebeccas(1) 13:14 | |
| recall(3) 31:1 46:8 49:12 | |
| received(1) 45:1 | |
| recently(2) 19:10 19:11 | |
| recess(1) 56:23 | |
| recognized(1) 32:2 | |
| recognizes(1) 33:16 | |
| reconsider(3) 26:19 41:16 55:6 | |
| reconsideration(11) 26:21 29:19 29:24 34:18 34:20 41:9 42:5 54:12 55:9 56:9 | |
| reconvene(1) 55:21 | |
| record(1) 32:18 | |
| recorded(1) 1:47 | |
| recording(2) 1:47 57:5 | |
| recoveries(3) 34:21 35:20 | |
| red(1) 48:1 | |
| reduction(1) 23:7 | |
| reed(1) 8:31 | |
| refer(2) 41:15 51:3 | |
| referenced(1) 26:18 | |
| referred(2) 38:15 49:16 | |
| reflecting(1) 50:23 | |
| regularly(1) 31:21 | |
| reimann(2) 12:16 12:17 | |
| reject(2) 55:22 26:1 | |
| related(1) 25:11 | |
| relates(2) 29:22 33:2 | |
| relating(1) 27:1 | |
| release(1) 25:15 | |
| released(2) 25:12 25:14 | |
| releases(3) 25:8 25:9 25:10 | |

| Word | Page:Line |
|------|-----------|
| relief(6) 20:20 21:2 21:5 21:12 22:7 22:12 | |
| remain(4) 20:1 20:8 20:9 21:15 | |
| remaining(1) 31:9 38:19 | |
| remark(1) 48:15 | |
| reminding(1) 31:22 | |
| removal(1) 15:12 | |
| removed(1) 40:2 | |
| renaissance(1) 2:13 | |
| reorganization(2) 31:5 31:11 32:3 | |
| repeatedly(1) 22:22 | |
| report(6) 24:12 24:22 37:23 38:6 51:15 56:17 | |
| represent(1) 52:19 | |
| representatives(1) 17:2 | |
| represented(2) 27:18 31:2 | |
| request(1) 23:22 | |
| requested(1) 22:12 | |
| required(1) 21:7 | |
| reserve(1) 34:2 | |
| reserving(1) 49:1 | |
| resolution(11) 23:8 27:1 27:10 27:24 32:7 35:1 36:5 50:20 51:17 51:24 53:22 | |
| resolutions(1) 50:23 | |
| resolve(8) 23:20 27:7 27:13 44:13 45:5 47:7 56:10 56:18 | |
| resolved(14) 23:21 30:18 30:19 30:20 31:9 31:12 46:17 47:5 47:6 50:17 51:19 51:22 53:4 56:8 | |
| respect(33) 15:18 15:20 15:22 16:1 16:3 16:4 16:6 16:8 17:5 17:24 18:1 20:22 21:2 21:6 22:16 23:15 25:8 26:5 26:15 28:3 30:6 30:13 31:6 38:14 43:13 46:10 47:21 48:1 48:3 48:7 48:13 51:2 56:4 | |
| respond(6) 16:24 17:21 22:2 46:3 49:9 | |
| response(2) 30:1 51:14 | |
| responses(1) 21:6 | |
| restricted(1) 41:8 | |
| result(3) 19:20 40:7 51:5 | |
| retention(1) 18:14 | |
| retiree(3) 30:24 30:24 40:14 | |
| retirees(5) 3:42 31:2 31:19 31:21 32:12 | |
| retirement(2) 12:29 31:23 | |
| reviewed(1) 39:5 | |
| revised(1) 22:8 | |
| revisit(1) 22:23 | |
| rich(1) 12:21 | |
| richard(1) 7:31 | |
| richards(1) 4:28 | |
| rifkind(1) 12:10 | |
| right(14) 17:10 17:21 18:6 18:9 38:10 38:24 42:13 42:20 44:12 49:15 50:2 55:18 56:11 56:22 | |
| rights(1) 22:18 | |
| rise(1) 44:2 | |
| robby(1) 15:19 | |
| robert(7) 2:19 3:35 4:29 9:25 13:1 43:3 55:2 | |
| roberts(1) 13:25 | |
| rockefeller(1) 3:15 | |
| rodney(3) 4:30 8:43 8:44 | |
| rogers(1) 11:40 | |
| roitman(1) 3:14 | |
| ronak(1) 5:11 | |
| room(3) 44:16 44:20 45:3 | |
| rose(1) 7:30 | |
| rosenberg(1) 9:25 | |
| rosenblatt(1) 3:43 | |
| rosenman(2) 13:3 14:9 | |
| ross(1) 6:21 | |
| roth(2) 6:7 6:7 | |
| rothman(1) 7:26 | |
| rothschild(1) 2:44 | |

| Word | Page:Line |
|------|-----------|
| rowe(1) 11:43 | |
| royal(1) 11:34 11:39 | |
| rudnick(4) 2:18 9:40 43:4 55:3 | |
| rule(6) 20:22 21:21 23:5 41:5 41:14 41:14 | |
| ruled(2) 23:1 30:12 | |
| rules(2) 21:8 41:20 | |
| ruling(5) 29:7 29:21 39:14 48:23 49:1 | |
| run(3) 15:6 45:7 45:16 | |
| running(1) 21:6 | |
| rush(1) 33:24 | |
| saavedra(1) 11:4 | |
| sachs(2) 6:41 6:42 | |
| said(6) 29:12 37:10 38:23 44:6 49:10 55:8 | |
| sam(1) 2:31 | |
| same(8) 18:1 20:19 21:21 25:23 39:4 42:21 49:22 56:5 | |
| samuel(1) 53:17 | |
| samuels(1) 6:20 | |
| say(12) 27:6 28:11 35:8 38:23 39:13 39:23 43:17 45:3 46:15 51:11 52:11 55:19 | |
| saying(5) 36:13 36:15 37:1 40:24 44:3 | |
| says(3) 27:12 30:17 44:13 | |
| scenario(1) 27:18 | |
| schaible(1) 4:22 | |
| schauer(1) 12:25 | |
| schedule(4) 21:24 38:23 51:21 56:7 | |
| scheduled(2) 34:24 54:7 | |
| scheduling(5) 22:16 25:24 28:3 28:4 56:3 | |
| scheme(1) 30:10 | |
| schlerf(1) 2:45 | |
| schneider(1) 12:30 | |
| scholer(1) 12:2 | |
| schott(1) 12:34 | |
| schotz(2) 1:33 15:5 | |
| schulte(2) 6:6 6:7 | |
| schuylkill(1) 1:43 | |
| scope(2) 15:14 15:16 | |
| scotland(2) 11:35 11:39 | |
| scott(2) 6:44 9:7 | |
| seaport(2) 13:7 13:7 | |
| seat(1) 54:23 | |
| second(10) 15:13 25:18 26:24 29:9 29:10 30:10 37:6 40:6 43:11 44:7 | |
| securities(5) 10:1 10:1 10:10 10:10 13:25 | |
| see(8) 17:4 22:20 35:20 40:22 44:19 47:1 47:18 48:5 | |
| seek(2) 20:3 21:2 | |
| seeking(1) 22:6 | |
| seen(2) 29:18 31:23 | |
| seife(1) 5:19 | |
| seiler(1) 8:20 | |
| self-executing(1) 28:22 | |
| senior(16) 28:9 28:13 30:4 35:12 36:14 36:19 37:14 37:15 39:2 39:9 40:8 40:12 48:23 49:10 49:14 49:20 | |
| sense(5) 22:1 22:15 32:11 32:12 35:2 | |
| sentiments(1) 46:1 | |
| serve(1) 20:22 | |
| service(7) 1:42 1:48 23:5 23:7 23:8 23:13 23:16 | |
| services(5) 1:42 15:14 15:16 15:19 16:5 | |
| set(6) 28:18 30:10 39:1 43:1 52:14 54:8 | |
| settle(1) 36:21 | |
| settlement(20) 15:12 15:23 16:11 30:8 31:1 31:3 31:5 32:2 32:7 36:16 36:18 36:21 39:13 39:16 40:5 40:19 48:13 48:14 48:16 51:3 | |
| settlements(1) 32:6 | |
| seven(1) 2:21 | |
| several(3) 27:3 27:3 44:3 | |
| shachar(1) 10:26 | |
| shagun(1) 7:23 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| shamah(1) 7:15 | | stark(9) 2:19 13:40 43:3 43:4 45:19 55:2 | | taft(1) 11:35 | | that's(13) 17:20 18:16 24:13 26:19 31:12 | |
| shannon(1) 12:12 | | 55:2 55:12 56:12 | | take(14) 19:1 20:13 24:11 29:17 36:8 | | 43:18 46:4 48:1 49:2 49:23 54:4 54:23 | |
| share(3) 28:16 31:23 46:5 | | | | 38:12 40:13 41:16 42:17 45:10 46:15 | | 55:7 | |
| shaw(1) 9:19 | | start(3) 17:12 46:12 47:8 | | 50:21 52:13 54:23 | | thau(1) 13:27 | |
| she(1) 18:4 | | starting(3) 46:19 50:24 51:1 | | | | the(301) 1:1 1:2 1:19 2:37 3:36 13:7 15:3 | |
| sheffield(1) 12:38 | | starts(1) 26:23 | | takes(1) 36:8 | | 15:5 15:6 15:6 15:8 15:10 15:12 15:12 | |
| sheron(2) 4:44 42:15 | | state(1) 23:14 | | talk(3) 43:14 52:9 | | 15:12 15:13 15:13 15:14 15:15 15:16 | |
| short(2) 37:19 44:23 | | stated(2) 19:15 51:14 | | talked(3) 46:13 53:14 54:6 | | 15:17 15:18 15:18 15:19 15:20 15:21 | |
| shorter(1) 52:18 | | states(2) 1:1 1:20 | | talking(4) 43:20 43:20 51:4 51:11 | | 15:22 16:1 16:2 16:2 16:3 16:4 16:4 16:6 | |
| shortly(1) 18:13 | | status(4) 18:22 24:18 24:22 51:15 | | tammy(1) 57:10 | | 16:7 16:7 16:8 16:9 16:10 16:10 16:15 | |
| should(16) 11:18 14:20 20:20 28:18 30:16 36:15 | | stay(14) 19:7 19:12 19:14 19:16 19:21 | | tandem(1) 44:7 | | 16:17 16:17 16:19 16:21 16:21 16:22 17:1 | |
| 40:19 45:3 45:7 45:8 45:14 47:3 47:15 | | 19:23 20:9 20:20 20:21 21:4 21:11 22:9 | | tasked(1) 33:3 | | 17:3 17:4 17:7 17:8 17:10 17:12 17:13 | |
| 48:14 50:8 53:2 54:22 | | 23:2 23:3 | | tax(1) 15:13 | | 18:9 18:9 18:12 18:13 18:15 18:15 18:16 | |
| | | stays(3) 19:7 24:6 35:10 | | taxation(1) 16:7 | | 18:17 18:20 18:21 18:21 18:22 18:22 | |
| side(1) 43:7 | | ste(4) 2:6 2:27 2:46 3:29 | | taylor(1) 3:34 | | 18:23 18:24 19:1 19:4 19:6 19:6 19:7 | |
| sidley(3) 1:24 6:16 16:21 | | stearn(1) 4:29 | | teck(1) 14:6 | | 19:7 19:8 19:8 19:9 19:9 19:10 19:12 | |
| sieg(1) 12:42 | | stefanie(1) 17:6 | | teitelbaum(7) 3:43 31:2 31:17 31:18 31:18 | | 19:14 19:14 19:16 19:16 19:16 19:17 | |
| sieger(1) 13:4 | | step(2) 28:17 54:13 | | 48:9 53:14 | | 19:18 19:18 19:20 19:20 19:20 19:21 | |
| significant(1) 47:9 | | stephanie(1) 14:14 | | | | 19:22 19:23 19:23 19:24 20:1 20:2 20:2 | |
| silent(1) 43:22 | | stephen(2) 6:13 10:30 | | teitelbaum(1) 3:42 | | 20:3 20:3 20:5 20:6 20:7 20:9 20:10 | |
| silver(2) 8:6 8:7 | | steps(1) 41:18 | | telephone(2) 55:22 56:17 | | 20:10 20:11 20:11 20:12 20:13 20:15 | |
| similarly(1) 42:24 | | stern(1) 13:18 | | telephonic(1) 5:1 | | 20:16 20:17 20:18 20:19 20:20 20:21 | |
| simply(3) 22:4 42:22 48:19 | | still(6) 25:22 33:9 33:20 37:16 39:4 39:7 | | tell(2) 17:18 45:15 | | 20:22 20:23 20:23 21:1 21:2 21:2 21:4 | |
| simultaneously(1) 41:13 | | stipulation(1) 15:24 | | tenth(1) 15:18 | | 21:4 21:7 21:8 21:9 21:9 21:10 21:11 | |
| since(5) 20:7 29:7 31:22 32:8 45:1 | | stock(1) 36:1 | | term(1) 18:16 | | 21:11 21:13 21:13 21:15 21:20 21:21 | |
| single(1) 46:21 | | stockholder(1) 25:14 | | terminate(1) 21:11 | | 21:22 21:23 21:23 21:24 22:4 22:4 22:5 | |
| sit(1) 45:3 | | stone(1) 13:22 | | terminated(1) 19:21 | | 22:5 22:7 22:9 22:9 22:11 22:12 22:12 | |
| sitting(1) 44:16 | | stonehill(1) 13:17 | | termination(3) 18:21 21:10 56:16 | | 22:13 22:21 22:33 23:4 23:5 23:8 | |
| six(3) 46:15 46:21 50:19 | | story(1) 46:10 | | terms(5) 19:20 37:21 38:6 39:19 55:21 | | 23:10 23:12 23:13 23:14 23:15 23:15 | |
| six-month(1) 52:10 | | strauss(5) 4:6 8:28 32:17 51:9 54:17 | | testified(1) 52:12 | | 23:16 23:17 23:18 23:21 24:2 24:3 24:4 | |
| skadden(1) 7:7 | | street(11) 1:11 1:43 2:14 2:27 2:33 2:39 | | than(5) 18:5 29:17 40:3 47:18 52:18 | | 24:6 24:7 24:9 24:10 24:11 24:12 24:12 | |
| sketched(1) 29:5 | | 3:7 3:21 3:37 4:31 4:37 | | thank(27) 17:10 18:17 18:18 19:2 24:1 | | 24:13 24:16 24:18 24:18 24:19 24:20 | |
| slate(1) 7:7 | | | | 24:14 24:15 24:16 28:24 31:14 32:13 | | 24:22 24:23 24:23 24:24 25:2 25:3 25:9 | |
| slater(1) 11:30 | | strip(1) 36:1 | | 32:14 42:13 42:21 43:2 43:19 49:4 49:5 | | 25:9 25:10 25:11 25:12 25:13 25:14 25:15 | |
| slot(2) 48:21 48:23 | | stromberg(1) 6:21 | | 50:2 53:9 54:1 54:2 54:15 55:1 55:18 | | 25:16 25:17 25:18 25:18 25:21 25:24 26:1 | |
| slow(1) 28:1 | | strong(1) 48:11 | | 56:21 56:22 | | 26:3 26:3 26:5 26:8 26:9 26:10 26:13 | |
| small(1) 39:23 | | structure(2) 28:2 29:13 | | | | 26:14 26:15 26:16 26:20 26:19 26:20 | |
| smalley(1) 13:8 | | stuart(1) 10:35 | | that(272) 15:25 16:17 17:11 17:16 17:18 | | 26:21 26:24 26:24 27:1 27:2 27:4 27:5 | |
| smith(1) 13:44 | | stuck(2) 32:7 44:8 | | 18:2 18:8 18:12 18:19 19:7 19:11 19:17 | | 27:7 27:7 27:10 27:11 27:14 27:14 27:15 | |
| snr(8) 14:13 14:13 16:13 17:2 17:7 17:11 | | sub(1) 12:16 | | 19:22 19:23 20:5 20:6 20:9 20:10 20:11 | | 27:16 27:17 27:18 27:20 27:20 27:22 | |
| 17:24 18:14 | | sub-optimal(1) 44:5 | | 20:12 20:18 20:20 20:21 21:2 21:3 21:8 | | 27:24 28:3 28:4 28:8 28:9 28:9 28:9 | |
| | | subject(2) 22:15 27:1 | | 21:10 21:11 21:12 21:12 21:24 22:1 22:3 22:8 | | 28:10 28:13 28:13 28:13 28:14 28:16 | |
| so-called(1) 51:17 | | submit(5) 16:22 18:9 18:13 20:9 22:8 | | 22:13 22:17 22:19 22:22 22:23 22:24 23:1 | | 28:17 28:18 28:19 28:21 28:24 29:2 29:3 | |
| software(1) 16:5 | | submitted(2) 15:24 22:24 | | 23:1 23:3 23:7 23:7 23:8 23:9 23:10 | | 29:4 29:4 29:5 29:6 29:6 29:7 29:8 29:8 | |
| solicitation(3) 25:3 43:13 45:2 | | subordinate(1) 30:4 | | 23:13 23:16 23:20 23:21 24:5 25:1 25:5 | | 29:9 29:9 29:10 29:11 29:11 29:13 29:14 | |
| solus(1) 6:12 | | subordination(20) 26:10 26:14 27:2 27:5 | | 25:19 25:21 26:1 26:2 26:4 26:6 26:8 | | 29:19 29:20 29:20 29:21 29:23 30:1 30:2 | |
| some(14) 16:15 28:15 33:13 33:22 35:14 | | 27:8 27:20 29:22 29:22 33:17 34:21 35:2 | | 26:17 26:17 26:24 27:7 27:16 27:18 27:15 | | 30:2 30:3 30:3 30:4 30:4 30:6 30:7 30:8 | |
| 36:2 37:4 43:12 43:22 45:23 47:10 50:20 | | 38:21 39:6 39:8 43:18 43:23 50:15 51:17 | | 28:2 28:2 28:11 28:16 29:3 29:5 29:13 | | 30:9 30:9 30:10 | |
| 53:24 55:23 | | 53:3 54:19 | | 30:15 30:16 30:22 31:1 31:3 31:4 31:4 | | | |
| | | | | 31:6 31:22 31:24 32:6 32:7 32:7 32:11 | | | |
| somehow(3) 46:18 47:22 48:14 | | subparts(1) 25:9 | | 32:21 33:5 33:9 33:12 33:15 33:16 33:18 | | | |
| something(5) 17:20 33:16 34:2 37:21 38:2 | | subsidiary(3) 28:10 28:13 37:15 | | 33:22 33:23 33:24 34:4 34:4 34:6 34:9 | | | |
| somewhere(3) 22:17 40:11 40:13 | | substance(2) 20:18 44:2 | | 34:10 34:11 34:12 34:12 34:14 34:18 | | | |
| song(1) 13:14 | | substantial(2) 24:5 47:2 | | 34:20 34:22 35:5 35:11 35:15 35:15 35:22 | | | |
| sophisticated(1) 44:15 | | substantive(1) 55:9 | | 35:22 35:24 36:1 36:13 36:15 36:16 36:17 | | | |
| sorry(1) 55:23 | | successor(1) 43:5 | | 36:17 36:20 37:2 37:11 37:21 37:24 38:2 | | | |
| sort(4) 37:3 43:8 43:18 44:11 | | such(1) 41:17 | | 38:4 38:9 38:11 38:12 38:13 38:16 38:17 | | | |
| sottile(10) 3:20 19:3 19:3 19:3 22:2 24:2 24:3 | | sufficient(3) 38:17 54:22 55:15 | | 38:22 39:2 39:5 39:7 39:11 39:13 39:13 | | | |
| 24:14 56:15 56:15 56:21 | | suggest(2) 22:11 24:9 | | 39:15 39:16 39:18 39:24 39:24 40:4 40:6 | | | |
| | | suggested(2) 48:22 53:21 | | 40:10 40:15 40:16 40:18 40:23 41:1 41:5 | | | |
| sound(3) 1:47 36:17 57:5 | | suggestion(2) 46:16 47:21 | | 41:10 41:12 41:15 42:2 42:4 42:5 42:6 | | | |
| sounds(2) 27:21 37:4 55:21 | | suite(5) 1:36 2:39 3:7 3:22 4:38 | | 42:6 42:10 42:19 43:1 43:15 43:15 43:22 | | | |
| south(2) 1:29 3:29 | | sullivan(2) 2:25 2:26 | | 44:4 44:10 44:13 45:6 46:7 46:9 46:13 | | | |
| spaeder(3) 3:19 5:22 19:4 | | summarize(1) 25:6 | | 46:15 46:15 46:16 46:18 46:20 46:21 | | | |
| speak(2) 31:20 32:21 | | supplemental(7) 15:14 15:15 25:2 28:5 | | 46:24 46:24 47:4 47:6 47:16 47:16 47:17 | | | |
| speaking(1) 32:20 | | 47:12 47:14 51:16 | | 47:19 47:19 47:22 48:4 48:12 48:13 48:16 | | | |
| special(2) 7:5 19:4 | | | | 48:19 48:23 49:1 49:1 49:9 49:10 49:11 | | | |
| specific(3) 20:4 34:9 38:3 | | | | 49:11 49:12 49:14 49:15 49:15 49:20 | | | |
| speed(1) 53:15 | | support(5) 30:21 40:4 40:20 40:21 48:11 | | 49:23 49:24 49:24 50:11 50:11 50:12 | | | |
| sperling(1) 11:30 | | supported(2) 19:23 39:24 | | 50:24 50:24 51:1 51:12 51:16 51:21 51:22 | | | |
| spring/summer(1) 50:21 | | supports(1) 29:4 | | 51:23 51:23 52:1 52:4 52:6 52:6 52:9 | | | |
| square(2) 2:21 4:30 | | supposed(1) 36:19 | | 52:9 52:11 52:11 52:11 52:12 52:13 52:15 | | | |
| stage(1) 37:18 | | sure(5) 18:3 35:9 37:8 43:15 52:11 | | 52:16 52:22 53:2 53:8 53:16 53:17 53:18 | | | |
| stand(2) 23:19 56:23 | | surprise(1) 26:1 | | 53:21 53:21 53:22 54:5 54:7 54:9 54:14 | | | |
| standing(3) 19:9 19:16 19:20 | | surprised(1) 51:13 | | 54:18 54:20 54:21 54:22 55:7 55:11 55:14 | | | |
| standpoint(1) 22:15 | | suspect(2) 30:17 44:23 | | 55:22 56:2 56:6 56:14 56:23 57:4 | | | |
| stanley(2) 4:35 11:1 | | suttonbrook(2) 5:33 5:34 | | | | | |
| stargatt(1) 3:33 | | svetoslav(1) 11:27 | | | | | |
| | | tabak(1) 13:25 | | | | | |

| Word | Page:Line |
|------|-----------|
| the(301) | 30:11  30:11  30:12  30:14  30:19 30:22  30:22  30:23  30:24  30:24  31:1  31:3 31:3  31:5  31:8  31:9  31:11  31:14  31:15 31:15  31:18  31:19  31:21  31:23  32:1  32:1 32:2  32:3  32:4  32:4  32:4  32:5  32:6  32:10 32:10  32:12  32:12  32:14  32:15  32:18 32:19  32:21  32:22  32:24  33:3  33:3  33:4 33:5  33:7  33:8  33:9  33:14  33:17  33:18 33:19  33:20  33:23  34:3  34:4  34:8  34:10 34:12  34:13  34:15  34:17  34:17  34:18 34:20  34:21  34:21  34:22  34:22  34:23 34:24  34:24  35:2  35:2  35:7  35:11  35:12 35:13 35:14  35:15  35:16  35:16  35:19  35:20 35:20  35:23  35:23  35:23  35:24  36:3  36:5 36:7  36:9  36:10  36:11  36:11  36:13  36:13 36:14  36:16  36:16  36:19  36:20  36:20 36:21  36:22  36:23  36:23  36:24  36:24 37:3  37:5  37:6  37:6  37:8  37:11  37:14 37:14  37:15  37:17  37:20  37:22  37:22 37:23  37:24  38:1  38:1  38:5  38:7  38:8 38:10  38:11  38:13  38:13  38:14  38:14 38:15  38:16  38:16  38:17  38:20  38:21 38:21  38:21  38:22  38:24  39:2  39:3  39:4 39:4  39:5  39:6  39:7  39:7  39:10  39:12 39:12  39:14  39:16  39:17  39:18  39:18 39:18  39:19  39:20  39:20  39:21  39:21 39:24  39:24  39:24  40:2  40:4  40:6  40:6 40:7  40:7  40:7  40:10  40:11  40:14  40:17 40:18  40:19  40:22  40:22  41:2  41:4  41:4 41:5  41:5  41:6  41:7  41:7  41:8  41:9  41:16 41:16  41:17  41:18  41:21  41:24  41:24  42: 42:2  42:3  42:4  42:8  42:9  42:10  42:10 42:11  42:13  42:19  42:20  42:21  43:1  43:2 43:5  43:8  43:9  43:10  43:11  43:13  43:13 43:14  43:15  43:19  43:24  44:2  44:10  44:1 44:14  44:14  44:14  44:22  44:24  45:1  45:2 45:3  45:3  45:9  45:11  45:12  45:12  45:18 45:20  45:23  45:24  46:1  46:4  46:5  46:8 46:8  46:10  46:10  46:10  46:12  46:13  46:15 46:19  46:22  47:3  47:5  47:7  47:8  47:10 47:11  47:12  47:12  47:13  47:16  47:22 47:22  48:1  48:3  48:4  48:4  48:4  48:5  48:7 48:10  48:13  48:13  48:14  48:16  48:16 48:17  48:17  48:21  48:21  48:22  48:23 48:24  49:2  49:3  49:3  49:4 |
| the(105) | 49:6  49:10  49:10  49:13  49:15 49:17  49:19  49:21  49:22  49:24  50:2 50:3  50:6  50:8  50:10  50:11  50:12  50:14 50:15  50:16  50:20  50:22  51:2  51:7  51:16 51:9  51:12  51:12  51:14  51:17  51:20  51:20 51:22  51:22  51:24  52:2  52:2  52:2  52:3 52:5  52:8  52:10  52:12  52:13  52:13  52:14 52:15  52:16  52:17  52:17  52:20  52:22 52:24  53:7  53:8  53:9  53:12  53:14  53:20 53:21  53:23  53:24  54:2  54:3  54:4  54:4 54:6  54:10  54:10  54:11  54:13  54:15  54:2 54:23  55:1  55:5  55:6  55:9  55:11  55:14 55:18  55:21  55:22  55:23  55:24  56:1  56:4 56:4  56:5  56:5  56:8  56:13  56:13  56:16 56:16  56:17  56:18  56:20  56:22  57:1  57:4 57:5  57:5  57:6 |
| their(18) | 16:24  17:16  20:10  23:19  25:11 33:2  33:15  33:16  36:6  36:22  37:12  40:1 40:4  44:17  51:15  51:15  53:5  54:3 |
| them(16) | 17:15  17:20  19:1  24:11  25:22 28:12  33:22  35:7  35:10  36:7  43:24  45:8 47:8  49:20  53:2  53:5 |
| then(2) | 17:15  16:9 |
| then(17) | 15:16  16:9  16:13  23:18  24:12 26:9  27:14  32:8  38:6  39:23  45:15  46:10 46:18  46:20  47:8  54:20  55:9 |
| theorial(1) | 43:18 |

| Word | Page:Line |
|------|-----------|
| there(36) | 16:12  19:15  20:15  21:5  21:16 22:21  22:24  26:11  26:14  27:2  27:3  29:4 30:2  30:5  30:21  31:6  33:16  35:19  38:9 38:12  38:19  41:12  43:14  45:16  46:11  47: 49:13  50:3  50:8  52:9  53:21  54:17  54:19 54:20  56:10  56:11 |
| therefore(1) | 50:20 |
| there's(10) | 25:5  25:9  46:14  47:17  48:18 49:21  50:5  52:7  53:16  55:19 |
| these(16) | 26:12  27:22  31:3  33:19  34:2 35:4  35:16  38:3  44:4  45:5  45:8  46:17 46:22  51:24  53:3  55:16 |
| they(36) | 20:6  23:18  25:6  25:13  30:17 30:17  31:16  35:5  35:13  35:16  38:1  38:7 38:22  38:23  39:4  39:7  39:9  41:15  43:24 44:1  44:1  44:7  45:13  47:6  47:23  48:6 49:15  49:21  49:22  51:14  51:16  51:23 52:17  52:20  53:2  54:11 |
| they'd(1) | 51:18 |
| they're(6) | 25:12  27:6  37:1  43:23  49:21 |
| they've(4) | 31:22  35:8  37:9  51:21 |
| thing(4) | 39:10  40:6  46:7  52:10 |
| things(5) | 32:9  39:11  42:19  43:14  47:24 |
| think(66) | 16:16  16:21  21:1  22:21  23:7  23:11 23:12  23:15  23:22  24:4  24:9  28:2  28:18 28:20  29:23  32:5  33:12  34:8  35:5  35:15 36:2  36:6  36:9  38:19  39:8  39:23  40:3 40:15  41:10  41:11  42:5  42:7  43:2  43:6 44:7  44:10  44:12  44:21  45:2  45:4  45:15 45:13  45:15  46:14  46:23  47:17  47:24  48: 49:21  50:7  50:10  50:11  50:24  52:4  52:23 52:24  53:2  53:15  53:20  53:22  54:4  54:11 54:14  54:22  55:15  56:9  56:18 |
| third(8) | 3:44  7:4  25:2  30:22  44:12  47:3 48:3  53:5 |
| thirty-third(1) | 16:1 |
| this(55) | 17:6  19:19  20:4  21:23  22:16 22:21  23:24  32:23  33:11  33:21  33:22  34:7 29:17  31:24  32:2  32:23  33:1  33:21  33:22 33:22  34:7  34:12  35:9  35:17  36:4  36:23 37:13  37:14  40:17  42:8  43:2  43:7  43:8 43:10  44:8  44:8  44:9  44:13  45:11  46:6 46:14  46:19  47:1  47:7  47:6  47:11  48:8 48:9  48:15  52:4  54:1  54:2  54:9  56:18 56:23 |
| thomas(2) | 2:5  5:18 |
| thornburg(1) | 4:35 |
| those(33) | 16:18  19:13  20:14  25:6  27:8 27:10  27:13  27:17  27:24  28:1  29:23  30:1 30:20  30:23  34:6  34:7  34:15  39:16  39:22 40:16  41:6  41:7  41:19  41:20  41:22  46:3 49:20  50:16  50:20  50:23  51:1  51:19  56:11 |
| though(5) | 32:1  32:9  32:20  39:8  41:2 |
| thought(2) | 16:16  38:7 |
| three(13) | 16:12  23:13  25:13  26:5  31:20 31:22  32:10  44:24  46:15  46:20  52:4  52:11 54:21 |
| through(5) | 15:6  30:19  34:23  45:8  45:8 |
| tie(1) | 13:20 |
| tied(1) | 37:13 |
| time(25) | 18:16  18:16  19:15  22:17  28:18 35:8  36:24  40:7  42:18  43:19  44:8  44:20 44:23  45:15  47:1  47:2  47:5  49:24  50:20 52:8  52:11  53:24  54:10  55:23  56:5 |
| timely(2) | 35:6  53:4 |
| times(4) | 2:21  19:10  31:18  51:15 |
| timetable(6) | 34:10  38:3  51:22  52:17  53:1 53:21 |
| timing(3) | 41:18  46:5  55:21 |
| today(5) | 20:1  25:5  38:11  48:15  56:11 |

| Word | Page:Line |
|------|-----------|
| together(3) | 23:23  32:6  50:15 |
| told(1) | 40:9 |
| tolles(1) | 12:29 |
| too(3) | 36:7  40:23  42:17 |
| topics(1) | 54:21 |
| torres(2) | 4:42  42:16 |
| touched(1) | 29:18 |
| touted(1) | 49:14 |
| towards(1) | 44:6 |
| track(1) | 34:15 |
| trade(1) | 37:15 |
| transcriber(1) | 57:10 |
| transcript(3) | 1:18  1:48  57:5 |
| transcription(2) | 1:42  1:48 |
| treat(1) | 30:23 |
| treatment(1) | 30:24 |
| trehan(1) | 9:33 |
| trial(2) | 44:22  45:10 |
| trials(1) | 54:8 |
| tribune(4) | 1:8  6:16  6:27  15:5 |
| tribune's(1) | 7:6 |
| tried(3) | 32:8  32:9  36:10 |
| true(1) | 20:1 |
| trump(1) | 13:32 |
| trust(11) | 8:15  9:36  9:26  20:12  26:16 30:11  30:12  30:14  42:24  43:5  55:3 |
| trustee(2) | 2:37  2:37  42:17  43:5 |
| trustees(1) | 32:21 |
| try(1) | 34:15 |
| tuesday(3) | 15:1  55:22  56:17 |
| tunc(3) | 21:3  21:4  21:12 |
| turn(2) | 32:15  33:13 |
| turns(1) | 40:22 |
| tweed(1) | 13:21 |
| twenty(1) | 15:19 |
| twenty-seventh(1) | 15:21 |
| two(14) | 16:13  16:22  23:13  25:11  28:23 29:18  33:18  37:6  39:13  43:5  54:7  54:17 55:4  55:15 |
| two-day(1) | 54:8 |
| tyler(1) | 9:15 |
| u.s(2) | 2:37  2:37 |
| uncertainty(1) | 35:19 |
| undecided(2) | 56:8  56:14 |
| under(14) | 17:21  18:10  19:20  21:8  25:15 30:8  36:22  37:14  39:1  41:11  41:14  41:19 47:15  48:24 |
| understand(5) | 18:12  21:22  23:5  49:18 51:14 |
| understanding(1) | 35:15 |
| understood(3) | 33:5  33:11  48:24 |
| undertake(1) | 21:7 |
| unfair(3) | 30:6  38:15  46:18 |
| unfold(1) | 39:11 |
| unfolding(1) | 42:8 |
| unfortunate(1) | 55:19 |
| unilaterally(1) | 52:16 |
| unique(1) | 48:20 |
| united(2) | 1:1  1:20 |
| unless(3) | 20:17  26:16  49:19 |
| unlike(1) | 40:7 |
| unlikely(1) | 51:22 |
| unsecured(7) | 3:5  5:15  19:5  28:10  28:14 29:3  48:18 |
| until(9) | 19:12  36:9  36:9  37:17  41:17 46:12  46:17  56:8  56:17 |
| upon(3) | 23:1  43:9  46:22 |
| urge(1) | 32:10 |
| urgently(1) | 31:23 |
| usb(2) | 10:1  10:1 |
| usdr(1) | 16:3 |
| usual(1) | 19:5 |
| vail(1) | 13:37 |

| Word | Page:Line |
|------|-----------|
| value(1) | 27:22 |
| vanschyndle(1) | 13:41 |
| various(3) | 19:13  47:15  54:3 |
| very(19) | 15:7  18:13  25:7  26:22  28:21 29:7  38:3  40:15  40:17  40:18  48:8  48:10 49:7  51:4  51:21  53:10  55:16  55:16  56:22 |
| view(6) | 22:3  26:11  28:20  28:21  28:23 |
| views(1) | 54:3 |
| vigorously(1) | 31:8 |
| virtue(1) | 39:17 |
| von(1) | 15:21 |
| vonegut(1) | 4:23 |
| vote(9) | 25:23  25:24  35:22  35:23  40:7  40:8 40:16  48:6  49:10 |
| voted(2) | 49:20  49:22 |
| votes(4) | 25:20  25:24  49:13  49:18 |
| voting(5) | 28:7  35:18  36:11  40:22  47:21 |
| wait(2) | 37:17  48:5 |
| waited(1) | 47:1 |
| waiting(1) | 46:20 |
| walker(5) | 16:6  16:13  17:2  17:12  17:13 |
| walsh(1) | 11:6 |
| want(13) | 18:24  27:9  27:23  27:24  35:9 36:21  38:2  39:12  43:15  43:21  49:8  50:13 55:19 |
| wanted(3) | 23:14  25:6  46:2 |
| wants(1) | 44:18 |
| wardwell(1) | 10:21 |
| was(45) | 15:9  15:10  15:23  16:13  19:8 19:15  19:15  22:4  23:3  30:5  31:3  31:5 32:2  32:4  32:5  32:6  33:8  34:10  37:13 38:7  38:9  38:10  38:17  38:18  38:19  38:23 39:6  39:14  39:18  40:3  40:16  40:18  43:8 43:20  43:20  44:3  46:3  48:23  49:24  52:11 52:12  52:22  54:18  54:20  57:1 |
| washington(1) | 3:23 |
| wasn't(1) | 17:17 |
| water(1) | 48:7 |
| watkins(1) | 9:23 |
| way(16) | 21:21  22:13  22:18  30:22  33:12 34:5  38:4  42:20  43:2  44:9  45:6  46:22 50:11  51:2  53:21  55:21 |
| wearing(1) | 32:19 |
| webb(1) | 9:15 |
| week(5) | 28:8  34:11  37:22  51:4  51:12 |
| weeks(1) | 23:13 |
| weil(1) | 11:1 |
| weiss(2) | 12:10  14:2 |
| weitman(1) | 6:34 |
| welcome(3) | 50:14  50:24  51:16 |
| well(13) | 17:4  18:8  19:7  22:11  34:14  34:19 35:14  40:6  40:22  49:19  49:22  52:6  54:2 |
| well-advised(1) | 44:15 |
| wells(2) | 9:6  15:19 |
| went(1) | 40:8 |
| were(21) | 16:12  20:15  22:7  27:17  29:3 30:8  37:7  40:4  40:9  40:19  43:7  43:9 43:11  43:24  49:13  49:14  49:15  49:15 54:17  54:18  54:19 |
| weren't(1) | 33:19 |
| west(2) | 3:37  4:37 |
| we'll(5) | 21:24  33:24  37:1  37:10  45:13 |
| we're(15) | 15:24  16:24  22:7  22:20  22:23 25:5  25:21  25:21  25:22  26:5  43:12  43:23 44:8  52:19  55:19 |
| we've(3) | 22:24  32:7  44:24 |
| wharton(1) | 12:10 |

| Word Page:Line | Word Page:Line | Word Page:Line |
|---|---|---|
| **what**(27) 24:22 25:2 25:20 26:23 27:6 27:12 27:19 28:18 28:18 33:23 34:17 37:9 37:19 38:7 41:4 42:1 43:16 44:2 44:18 44:19 44:21 45:12 45:13 48:2 52:12 53:15 55:18 | **wolfson**(1) 9:19 | **zuckerman**(3) 3:19 5:22 19:4 |
| | **wollman**(1) 2:4 | **"dog**(1) 52:2 |
| | **wonder**(1) 22:14 | |
| | **wonderfully**(1) 53:17 | |
| | **wong**(1) 14:6 | |
| | **won't**(5) 27:4 29:17 37:2 42:17 53:4 | |
| **whatever**(5) 22:15 26:20 35:2 35:11 43:21 | **woods**(1) 12:41 | |
| **what's**(3) 17:13 32:11 33:12 | **wool**(1) 14:10 | |
| **when**(7) 19:17 28:11 33:3 35:13 39:15 44:12 51:10 | **word**(1) 50:13 | |
| | **worked**(1) 29:7 | |
| | **workman**(1) 4:36 | |
| **whenever**(1) 56:6 | **worry**(2) 34:4 40:23 | |
| **where**(6) 36:1 40:8 41:12 42:12 52:2 53:2 | **worst**(1) 27:18 | |
| **whereupon**(1) 57:1 | **would**(49) 19:5 20:7 21:1 21:11 21:16 22:2 22:8 22:22 23:1 23:2 23:12 23:19 24:5 24:6 24:10 26:1 26:2 26:23 27:7 27:16 27:19 27:23 28:23 30:19 32:10 34:3 34:13 34:17 36:17 37:19 37:24 38:6 39:2 39:10 39:19 39:20 41:24 42:1 42:2 44:11 44:19 46:18 47:18 49:23 51:5 51:13 52:13 53:1 54:22 | |
| **whether**(14) 18:23 22:14 23:3 23:17 36:3 38:18 38:20 42:9 43:17 43:19 43:24 52:3 55:6 56:6 | | |
| **which**(36) 15:10 16:10 16:13 16:23 18:20 18:22 19:14 20:2 21:5 22:4 25:4 26:13 26:18 27:16 29:14 30:3 30:3 30:7 30:16 30:19 32:2 32:3 34:23 37:23 39:5 40:14 41:14 42:10 46:3 46:12 48:17 51:3 53:4 54:6 54:6 54:18 | **wowchuk**(7) 14:14 17:6 17:7 17:9 17:11 18:4 18:7 | |
| **whichever**(1) 34:6 | **wrong**(3) 33:13 49:15 52:17 | |
| **while**(3) 20:1 27:20 41:20 | **wtc**(1) 2:18 | |
| **white**(2) 3:45 9:6 | **years**(6) 31:20 31:22 32:10 41:12 44:24 52:4 | |
| **who**(11) 16:23 24:8 31:15 31:21 32:21 39:20 42:14 44:13 48:11 48:19 52:2 | | |
| | **yes**(3) 17:8 18:7 55:11 | |
| **whose**(1) 48:9 | **yet**(2) 39:3 45:24 | |
| **who's**(2) 31:2 37:16 | **yield**(1) 38:8 | |
| **why**(1) 40:19 | **yorba**(1) 12:16 | |
| **wickersham**(1) 11:35 | **york**(6) 2:22 3:16 4:11 4:25 4:46 11:26 | |
| **widespread**(1) 40:20 | **you**(77) 16:16 17:4 17:10 17:16 18:2 18:9 18:17 18:18 18:23 19:2 21:15 21:20 22:2 22:17 22:19 22:23 22:23 23:2 23:19 24:1 24:14 24:15 24:16 24:19 25:5 27:23 28:17 28:17 28:18 28:24 29:3 29:4 30:2 31:14 32:13 32:14 33:14 34:14 35:20 37:7 37:20 38:6 38:14 40:3 40:10 46:10 46:18 41:2 42:10 42:13 42:21 43:2 43:11 45:15 45:19 45:23 46:8 47:18 48:8 49:4 49:5 49:14 50:2 50:19 52:8 53:9 54:1 54:2 54:15 55:1 55:12 55:13 55:18 56:20 56:21 56:22 | |
| **wild**(1) 13:45 | | |
| **will**(51) 17:23 18:4 18:11 20:6 20:6 22:9 27:3 29:24 30:14 30:17 30:17 30:21 31:1 31:6 32:3 32:21 35:5 35:9 35:11 35:17 35:22 35:23 35:24 36:2 36:6 36:7 36:9 36:23 38:12 40:10 40:10 43:14 44:23 45:10 45:15 46:15 47:2 47:19 48:15 48:16 49:11 49:12 51:22 53:22 54:11 55:14 55:15 55:23 56:2 56:7 56:23 | | |
| **willette**(1) 15:23 | **young**(3) 3:33 14:1 15:16 | |
| **william**(1) 2:26 | **your**(118) 15:4 15:9 16:9 16:20 17:6 17:14 17:19 17:23 18:3 18:7 18:11 18:18 18:19 19:2 19:3 19:13 19:22 20:8 20:15 21:1 21:5 21:18 21:22 22:2 22:3 22:20 22:24 23:1 23:22 23:23 24:1 24:3 24:8 24:14 24:15 24:17 24:19 25:4 26:6 26:11 26:13 26:22 27:4 27:12 28:3 28:15 29:1 29:7 29:16 29:18 29:1 31:1 31:7 31:12 31:17 31:19 32:7 32:13 32:16 32:18 32:24 33:11 34:19 35:4 35:15 36:12 36:18 37:4 37:5 37:19 38:9 38:15 39:5 39:10 40:7 41:10 41:21 41:23 41:24 42:4 42:15 42:18 42:22 43:3 44:5 44:19 45:2 45:4 45:14 45:16 45:21 45:24 46:7 47:3 48:21 48:24 49:1 49:7 49:12 49:19 50:7 50:10 51:8 51:10 51:18 53:10 53:13 54:14 54:16 54:24 54:24 55:2 55:4 55:7 55:8 56:12 56:15 56:21 | |
| **willing**(1) 52:1 | | |
| **willis**(1) 9:43 | | |
| **wilmer**(1) 9:1 | | |
| **wilmington**(16) 1:12 1:37 2:7 2:15 2:28 2:41 2:47 3:8 3:39 4:17 4:32 4:39 9:36 15:1 43:4 55:3 | | |
| **window**(1) 23:13 | **you'll**(4) 33:2 40:6 31:17 47:17 | |
| **winfree**(1) 4:15 | **you're**(6) 18:2 40:9 40:12 40:13 49:17 | |
| **wish**(7) 27:13 31:16 32:14 42:14 45:20 49:6 51:6 | **you've**(4) 35:7 46:23 52:18 53:15 | |
| | **zabel**(2) 6:7 6:7 | |
| | **zell**(5) 2:31 20:16 20:19 20:24 21:19 | |
| **wishes**(3) 20:17 22:10 26:17 | **zell's**(2) 21:14 22:18 | |
| **with**(91) 15:6 15:13 15:18 15:20 15:22 16:1 16:3 16:4 16:6 16:8 17:2 17:4 17:12 17:24 18:1 18:20 19:9 20:12 20:22 21:2 21:6 21:21 22:16 23:2 23:18 24:7 24:9 24:11 25:8 26:5 26:15 26:17 26:23 28:3 28:16 29:6 29:11 30:2 30:6 30:18 31:10 32:22 33:17 34:1 34:12 34:14 35:6 35:20 36:13 36:15 37:10 37:24 38:2 38:11 38:15 38:16 39:17 40:10 40:19 41:19 42:18 43:2 43:12 43:24 44:1 44:2 44:17 45:2 45:7 46:10 46:11 46:16 47:12 47:21 47:24 48:5 48:7 48:12 48:13 50:14 50:15 51:2 52:3 52:12 52:20 53:2 53:5 53:6 56:2 56:4 56:4 | **zell's**(1) 20:18 | |
| | **zensky**(23) 4:7 32:16 32:17 33:11 34:19 37:9 40:23 40:24 41:3 41:10 41:23 42:4 43:1 43:17 44:3 44:12 46:24 48:22 49:7 49:8 49:19 54:16 54:16 | |
| **withdraw**(1) 26:2 | **zensky's**(3) 47:21 48:2 48:3 | |
| **without**(9) 19:6 22:6 22:12 22:18 23:9 23:17 34:1 50:21 50:23 | **zloto**(1) 8:25 | |