## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Related to Docket No. 9875** |

## NOTICE OF FILING OF STIPULATIONS TO TREAT CERTAIN LATE-FILED INDEMNIFICATION CLAIMS AS TIMELY-FILED

**PLEASE TAKE NOTICE** that, on October 3, 2011, the United States

Bankruptcy Court for the District of Delaware entered the Order Granting Joint Motion of the

Debtors and Official Committee of Unsecured Creditors Pursuant to Bankruptcy Rule 9019 for

Approval of the Stipulation to Treat Certain Late-Filed Indemnification Claims as Timely-Filed

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

and Approval of Procedure for Entry into Identical Stipulations with Other Former Directors and

Officers (the "Indemnification Claims Order") [Docket No. 9875].

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the terms of the

Indemnification Claims Order, attached hereto as Attachment A are Stipulations to Treat Certain

Late-Filed Indemnification Claims as Timely-Filed (the "Indemnification Claims Stipulations").


Dated: November 29, 2011

| | |
|---|---|
| SIDLEY AUSTIN LLP | COLE, SCHOTZ, MEISEL, |
| James F. Conlan | FORMAN & LEONARD, P.A. |
| Bryan Krakauer | |
| Kevin T. Lantry | _/s/ J. Kate Stickles_ |
| Kerriann Mills | Norman L. Pernick (No. 2290) |
| One South Dearborn Street | J. Kate Stickles (No. 2917) |
| Chicago, IL 60603 | Patrick J. Reilley (No. 4451) |
| Telephone: (312) 853-0199 | 500 Delaware Avenue, Suite 1410 |
| Facsimile: (312) 853-7036 | Wilmington, DE 19801 |
| | Telephone: (302) 652-3131 |
| | Facsimile: (302) 652-3117 |

Counsel for Debtors and Debtors In Possession

| | |
|---|---|
| CHADBOURNE & PARKE LLP | LANDIS RATH & COBB LLP |
| Howard Seife | |
| David M. LeMay | _/s/ Matthew B. McGuire_ |
| 30 Rockefeller Plaza | Adam G. Landis (No. 3407) |
| New York, NY 10112 | Matthew B. McGuire (No. 4366) |
| Telephone: (212) 408-5100 | Kimberly A. Brown (No. 5138) |
| Facsimile: (212) 541-5369 | 919 Market Street, Suite 1800 |
| | Wilmington, DE 19801 |
| | Telephone: (302) 467-4400 |
| | Facsimile: (302) 467-4450 |

Counsel for the Official Committee of Unsecured Creditors

46429/0001-8100906V1

## ATTACHMENT A

### INDEMNIFICATION CLAIMS STIPULATIONS

Attached are Indemnification Claims Stipulations executed by and between the Debtors, the Official Committee of Unsecured Creditors and the following:

Alexa Bazanos
Lisa Brewer
Fred A. Abatemarco, et al. (See Claimants Identified on Exhibit A to Stipulation)
Susan M. Conway
Kenneth DePaola
James L. Ellis
Audrey Farrington
Michael Gart, Richard S. Feeney, John Hendricks, Robyn Motley and Cam Trinh
Ernest C. Gates
Dana C. Hayes Jr.
Alice Iskra
Robert La Blanc
Jerome Martin
Robin Mulvaney
David P. Murphy
Robert Ramsey
F. Ashley Allen, Catherine M. Hertz, Michael D. Slason and Louis J. Stancampiano
John Zelenka

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |

### STIPULATION TO TREAT CERTAIN LATE-FILED
### INDEMNIFICATION CLAIM OF ALEXA BAZANOS AS TIMELY-FILED

This stipulation (the "Stipulation") is entered into by and among the above-captioned

debtors and debtors in possession (collectively, the "Debtors"), Alexa Bazanos (the "D&O

Claimant"), and the Official Committee of Unsecured Creditors (the "Committee," together with

the Debtors and the D&O Claimant, the "Stipulation Parties").

---

[1]       The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4237); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (0416); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CHI 6305020v.1

## RECITALS

A.      The Debtors' by-laws, the Debtors' certificates of incorporation, and/or separation

agreements may contain provisions pertaining to indemnification of the Debtors' respective

officers and directors against liability for certain acts performed within the scope of their

employment and reimbursement and advancement of costs and expenses incurred in defending

lawsuits to which they become parties by virtue of their status as officers and directors of the

Debtors, subject to specified limitations.

B.      By an order dated March 25, 2009 (the "Bar Date Order") [D.I. 813], the Court

established June 12, 2009 (the "Bar Date"), as the deadline for filing claims against the Debtors.

C.      In late 2010, the Committee commenced adversary proceedings (the "Adversary

Proceedings") against current and former officers and directors of the Debtors, asserting, among

other things, claims for breach of fiduciary duty and avoidance and recovery of various payments

made to these current and former officers or directors as either preferences or fraudulent

conveyances.

D.      On April 7, 2011, Tom E. Ehlmann, John Birmingham, Mark W. Hianik, and

Peter A. Knapp, four former officers of the Debtors who had been named as defendants in the

Adversary Proceedings (the "Initial D&O Defendants"), filed claims requesting indemnification

for any judgments entered as a result of the Adversary Proceedings, as well as all costs incurred

in defending against the Adversary Proceedings. On the same day, the Initial D&O Defendants

filed motions in the Bankruptcy Court for orders deeming their respective claims for

indemnification to be timely-filed [D.I. 8594, 8595, 8596, 8597].

E.      The Committee filed an objection to the Initial D&O Defendants' motions on

April 18, 2011 [D.I. 8689], asserting that the Initial D&O Defendants' failure to anticipate

litigation did not constitute "excusable neglect," as defined in Pioneer Inv. Servs. Co. v.

2

Brunswick Associates, Ltd., 507 U.S. 380 (1993), that warranted relief from the Bar Date Order pursuant to Bankruptcy Rule 9006(b).  On April 20, 2011, the Initial D&O Defendants filed a response to the Committee's objection [D.I. 8719].

F.    The Court heard arguments on the Initial D&O Defendants' motions on April 25, 2011.  At the conclusion of the hearing, the Court announced that the motions would be granted and that the claims would be treated as timely-filed.  Orders were subsequently entered effectuating the Court's decision.  See D.I. 8747, 8748, 8749, 8750.

G.    On May 6, 2011, Kathleen Waltz, John Vitanovec, Timothy Landon, Richard Malone, Luis Lewin, David Hiller, Thomas Leach, John Reardon, and Scott Smith (collectively, the "Additional D&O Defendants"), each named as a defendant in the Adversary Proceedings, filed motions for orders deeming their respective indemnification claims against the Debtors to be timely-filed [D.I. 8850, 8851, 8852, 8853, 8854, 8855, 8856, 8857, 8858].  The bases for the Additional D&O Defendants' motions were substantially the same as those set forth in the motions filed by the Initial D&O Defendants.

H.    The Committee objected to the motions of the Additional D&O Defendants on May 18, 2011 [D.I. 8941], asserting that the Additional D&O Defendants' delay in filing their claims one month after the Initial D&O Defendants was unjustifiable and did not meet the requisite standard for "excusable neglect."  The Committee also requested, in the event that the Court granted the Additional D&O Defendants' motions, that a unified procedure be created to address the merits of the underlying indemnification claims in a systematic and cost-effective manner.

I.    Following a hearing on May 25, 2011, the Court granted the Additional D&O Defendants' motions.  See D.I. 8992, 8994, 8995, 8997, 8998, 8999, 9000, 9001, 9002.  The

3

Court also noted on the record that it agreed with the Committee that a unified process to address the merits of the underlying indemnification claims was logical.

J.    During April of 2011, the Court entered an order lifting the automatic stay to the extent necessary to allow certain creditors to file and serve state law fraudulent conveyance actions against current and former officers and directors of the Debtors.[2] Ultimately, in June of 2011, the indenture trustees on behalf of holders of Senior Notes and PHONES Notes[3] and certain retirees[4] filed separate lawsuits[5] in various jurisdictions asserting state law constructive fraudulent conveyance claims against former stockholders of Tribune (collectively, the "SLCFC Litigation," and together with the Adversary Proceedings and any other state law constructive fraudulent conveyance actions against current and former officers and directors of the Debtors as former stockholders of Tribune similar to the SLCFC Litigation, the "D&O Litigation"). Certain current and former directors and officers are named defendants in the SLCFC Litigation.

K.    On September 1, 2011, the Debtors and the Committee filed a joint motion (the "Joint Motion") seeking approval of (i) a stipulation (the "Indemnification Claims Stipulation") by and between the Debtors, the Committee, and certain former directors and officers of the Debtors named as defendants in the D&O Litigation (collectively, the "D&O Stipulation Parties"),[6] pursuant to which certain late-filed indemnification claims of the D&O Stipulation

---

[2]    In the order, the Court made no finding and issued no ruling determining the standing of any creditor to assert the state law constructive fraudulent conveyance claims against current and former officers and directors of the Debtors.

[3]    The indenture trustee plaintiffs are Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for certain series of Senior Notes, Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for certain series of Senior Notes, and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES Notes.

[4]    The retiree plaintiffs are retirees of The Times Mirror Company, Tribune Company, and/or one or more of 110 affiliates or subsidiaries of Tribune Company.

[5]    The indenture trustees filed approximately 50 complaints in over twenty different federal and state courts. The retirees filed four separate actions in four different state courts.

[6]    The D&O Stipulation Parties are Ruthellyn Musil, John Poelking, Dennis FitzSimons, Don Grenesko, Mark Mallory, Gerald Agema, Irene Sewell, Enrique Hernandez Jr., Robert S. Morrison, J. Christopher Reyes, Dudley S. Taft, Miles D. White, Crane Kenney, Thomas Finke, Durham Monsma, Irving Quimby, Betty Ellen Berlamino, Tom

4

Parties would be treated as timely-filed and (ii) a process for permitting other former directors and officers of the Debtors who have been named in the Adversary Proceedings, or who have been or may be named in the SLCFC Litigation, to enter into stipulations identical to the Indemnification Claim Stipulation. See D.I. 9741.

L.    On October 3, 2011, the Court entered an Order approving the Joint Motion (the "Indemnification Claims Order"). See D.I. 9875. Pursuant to the Indemnification Claims Order, former directors and officers of the Debtors who (i) are not included as parties to the Indemnification Claims Stipulation, (ii) have been named in the Adversary Proceedings, or have been or may be named in the SCLCFC Litigation, and (iii) wish to receive relief similar to the Indemnification Claims Stipulation through entry into an identical stipulation with the Debtors and the Committee should (a) contact the Debtors or the Committee within 15 days of the entry of the Indemnification Claims Order to arrange to enter into a stipulation identical to the Indemnification Claims Stipulation and (b) thereafter file their indemnification claims or amend their previously filed proofs of claim within the same timeframe as the D&O Stipulation Parties (i.e., within 30 days of the entry of the Indemnification Claims Order).

M.    The D&O Claimant, who is a former director or officer of one or more of the Debtors, has notified the Debtors that she either has filed or intends to file (i) an indemnification claim against the Debtors in connection with the D&O Litigation in which the D&O Claimant has been or may subsequently be named a defendant, and any other litigation presently pending or hereafter filed, and arising from or relating to the D&O Claimant's service as a director or officer of one or more of the Debtors at the time of the transactions at issue in the D&O Litigation (including original proofs of claim and any amendments thereto, the "D&O

---

E. Ehlmann, John Birmingham, Mark W. Hianik, Peter A. Knapp, Kathleen Waltz, John Vitanovec, Timothy Landon, Richard Malone, Luis Lewin, David Hiller, Thomas Leach, John Reardon, and Scott Smith.

Indemnification Claim"), and (ii) a motion to allow her late-filed D&O Indemnification Claim to be treated as timely if an agreement cannot be reached among the Stipulation Parties.

## STIPULATION

NOW, THEREFORE, in consideration of the foregoing, the Stipulation Parties, through their undersigned counsel, stipulate and agree as follows:

1.      Given the prior proceedings summarized above, the Stipulation Parties seek to resolve the issue of timeliness without further contested proceedings before the Court. Accordingly, so long as the D&O Claimant has either (i) filed her D&O Indemnification Claim within 30 days of the entry of the Indemnification Claims Order, or (ii) amended her previously filed D&O Indemnification Claim within 30 days of the entry of the Indemnification Claims Order, the D&O Indemnification Claim shall be deemed timely-filed pursuant to Bankruptcy Rule 9006(b).

2.      For administrative convenience, the D&O Claimant shall file her D&O Indemnification Claim in the Tribune Company bankruptcy case, Case No. 08-13141 (KJC). The D&O Claimant shall identify in her proof of claim (or, as the case may be, amendments thereto) each of the subsidiary Debtors potentially implicated by the D&O Indemnification Claim. The D&O Indemnification Claim shall be deemed for all purposes to have been timely filed against each of the identified subsidiary Debtors in their respective bankruptcy cases without the necessity of filing separate proofs of claim in each of those cases.

3.      In the event that the D&O Claimant did not identify subsidiary Debtors in her original proof of claim, the D&O Claimant shall have 30 days from entry of the Indemnification Claims Order to file an amendment to her proofs of claim to include relevant subsidiary Debtors, and such claim shall be deemed timely-filed pursuant to Bankruptcy Rule 9006(b).

4.     In the event that the D&O Claimant amends her D&O Indemnification Claim to assert an indemnification and/or contribution claim against any subsidiary Debtors based on the preceding paragraph, the Debtors and/or the Court-appointed claims agent are authorized to take the steps necessary to ensure that the claims register reflects the amended proofs of claim.

5.     This Stipulation is without prejudice to the rights of the Debtors, the Committee, or any other party in interest to object to or otherwise contest the D&O Indemnification Claim on any and all grounds other than timeliness of filing.

Date: ~~October~~ November 1, 2011      COLE, SCHOTZ, MEISEL,
                                        FORMAN & LEONARD

                                        By: _Kate Stickles_
                                        Norman L. Pernick (No. 2290)
                                        J. Kate Stickles (No. 2917)
                                        Patrick J. Reilley (No. 4451)
                                        500 Delaware Avenue, Suit 1410
                                        Wilmington, Delaware 19801
                                        Telephone: (302) 652-3131
                                        Facsimile: (302) 652-3117

                                        -and-

                                        James F. Conlan
                                        Kevin Lantry
                                        SIDLEY AUSTIN LLP
                                        One South Dearborn Street
                                        Chicago, IL 60603
                                        Telephone: (312) 853-7000
                                        Facsimile: (312) 853-7036

                                        *Counsel to the Debtors and Debtors in Possession*

8

Date: ~~October~~ November 1, 2011    ALEXA BAZANOS

By: _Alexa Bazanos_
Alexa Bazanos

9

Date: ~~October~~ *November* 1, 2011    LANDIS RATH & COBB LLP

By: *Adam G. Landis w/permission mjm*
Adam Landis
919 North Market Street, Suite 1800
Wilmington, DE 19899
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

-and-

Howard Seife
Douglas Deutsch
David LeMay
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

*Counsel to the Official Committee of Unsecured Creditors*

10

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |

## STIPULATION TO TREAT CERTAIN LATE-FILED
## INDEMNIFICATION CLAIM OF LISA BREWER AS TIMELY-FILED

This stipulation (the "Stipulation") is entered into by and among the above-captioned

debtors and debtors in possession (collectively, the "Debtors"), Lisa Brewer (the "D&O

Claimant"), and the Official Committee of Unsecured Creditors (the "Committee," together with

the Debtors and the D&O Claimant, the "Stipulation Parties").

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

## RECITALS

A.      The Debtors' by-laws, the Debtors' certificates of incorporation, and/or separation agreements may contain provisions pertaining to indemnification of the Debtors' respective officers and directors against liability for certain acts performed within the scope of their employment and reimbursement and advancement of costs and expenses incurred in defending lawsuits to which they become parties by virtue of their status as officers and directors of the Debtors, subject to specified limitations.

B.      By an order dated March 25, 2009 (the "Bar Date Order") [D.I. 813], the Court established June 12, 2009 (the "Bar Date"), as the deadline for filing claims against the Debtors.

C.      In late 2010, the Committee commenced adversary proceedings (the "Adversary Proceedings") against current and former officers and directors of the Debtors, asserting, among other things, claims for breach of fiduciary duty and avoidance and recovery of various payments made to these current and former officers or directors as either preferences or fraudulent conveyances.

D.      On April 7, 2011, Tom E. Ehlmann, John Birmingham, Mark W. Hianik, and Peter A. Knapp, four former officers of the Debtors who had been named as defendants in the Adversary Proceedings (the "Initial D&O Defendants"), filed claims requesting indemnification for any judgments entered as a result of the Adversary Proceedings, as well as all costs incurred in defending against the Adversary Proceedings.  On the same day, the Initial D&O Defendants filed motions in the Bankruptcy Court for orders deeming their respective claims for indemnification to be timely-filed [D.I. 8594, 8595, 8596, 8597].

E.      The Committee filed an objection to the Initial D&O Defendants' motions on April 18, 2011 [D.I. 8689], asserting that the Initial D&O Defendants' failure to anticipate litigation did not constitute "excusable neglect," as defined in Pioneer Inv. Servs. Co. v.

2

Brunswick Associates, Ltd., 507 U.S. 380 (1993), that warranted relief from the Bar Date Order pursuant to Bankruptcy Rule 9006(b). On April 20, 2011, the Initial D&O Defendants filed a response to the Committee's objection [D.I. 8719].

F.     The Court heard arguments on the Initial D&O Defendants' motions on April 25, 2011. At the conclusion of the hearing, the Court announced that the motions would be granted and that the claims would be treated as timely-filed. Orders were subsequently entered effectuating the Court's decision. See D.I. 8747, 8748, 8749, 8750.

G.     On May 6, 2011, Kathleen Waltz, John Vitanovec, Timothy Landon, Richard Malone, Luis Lewin, David Hiller, Thomas Leach, John Reardon, and Scott Smith (collectively, the "Additional D&O Defendants"), each named as a defendant in the Adversary Proceedings, filed motions for orders deeming their respective indemnification claims against the Debtors to be timely-filed [D.I. 8850, 8851, 8852, 8853, 8854, 8855, 8856, 8857, 8858]. The bases for the Additional D&O Defendants' motions were substantially the same as those set forth in the motions filed by the Initial D&O Defendants.

H.     The Committee objected to the motions of the Additional D&O Defendants on May 18, 2011 [D.I. 8941], asserting that the Additional D&O Defendants' delay in filing their claims one month after the Initial D&O Defendants was unjustifiable and did not meet the requisite standard for "excusable neglect." The Committee also requested, in the event that the Court granted the Additional D&O Defendants' motions, that a unified procedure be created to address the merits of the underlying indemnification claims in a systematic and cost-effective manner.

I.     Following a hearing on May 25, 2011, the Court granted the Additional D&O Defendants' motions. See D.I. 8992, 8994, 8995, 8997, 8998, 8999, 9000, 9001, 9002. The

Court also noted on the record that it agreed with the Committee that a unified process to address the merits of the underlying indemnification claims was logical.

J.    During April of 2011, the Court entered an order lifting the automatic stay to the extent necessary to allow certain creditors to file and serve state law fraudulent conveyance actions against current and former officers and directors of the Debtors.[2]  Ultimately, in June of 2011, the indenture trustees on behalf of holders of Senior Notes and PHONES Notes[3] and certain retirees[4] filed separate lawsuits[5] in various jurisdictions asserting state law constructive fraudulent conveyance claims against former stockholders of Tribune (collectively, the "SLCFC Litigation," and together with the Adversary Proceedings and any other state law constructive fraudulent conveyance actions against current and former officers and directors of the Debtors as former stockholders of Tribune similar to the SLCFC Litigation, the "D&O Litigation").  Certain current and former directors and officers are named defendants in the SLCFC Litigation.

K.    On September 1, 2011, the Debtors and the Committee filed a joint motion (the "Joint Motion") seeking approval of (i) a stipulation (the "Indemnification Claims Stipulation") by and between the Debtors, the Committee, and certain former directors and officers of the Debtors named as defendants in the D&O Litigation (collectively, the "D&O Stipulation Parties"),[6] pursuant to which certain late-filed indemnification claims of the D&O Stipulation

---

[2]    In the order, the Court made no finding and issued no ruling determining the standing of any creditor to assert the state law constructive fraudulent conveyance claims against current and former officers and directors of the Debtors.

[3]    The indenture trustee plaintiffs are Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for certain series of Senior Notes, Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for certain series of Senior Notes, and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES Notes.

[4]    The retiree plaintiffs are retirees of The Times Mirror Company, Tribune Company, and/or one or more of 110 affiliates or subsidiaries of Tribune Company.

[5]    The indenture trustees filed approximately 50 complaints in over twenty different federal and state courts. The retirees filed four separate actions in four different state courts.

[6]    The D&O Stipulation Parties are Ruthellyn Musil, John Poelking, Dennis FitzSimons, Don Grenesko, Mark Mallory, Gerald Agema, Irene Sewell, Enrique Hernandez Jr., Robert S. Morrison, J. Christopher Reyes, Dudley S. Taft, Miles D. White, Crane Kenney, Thomas Finke, Durham Monsma, Irving Quimby, Betty Ellen Berlamino, Tom

Parties would be treated as timely-filed and (ii) a process for permitting other former directors and officers of the Debtors who have been named in the Adversary Proceedings, or who have been or may be named in the SLCFC Litigation, to enter into stipulations identical to the Indemnification Claim Stipulation. See D.I. 9741.

L.      On October 3, 2011, the Court entered an Order approving the Joint Motion (the "Indemnification Claims Order"). See D.I. 9875. Pursuant to the Indemnification Claims Order, former directors and officers of the Debtors who (i) are not included as parties to the Indemnification Claims Stipulation, (ii) have been named in the Adversary Proceedings, or have been or may be named in the SCLCFC Litigation, and (iii) wish to receive relief similar to the Indemnification Claims Stipulation through entry into an identical stipulation with the Debtors and the Committee should (a) contact the Debtors or the Committee within 15 days of the entry of the Indemnification Claims Order to arrange to enter into a stipulation identical to the Indemnification Claims Stipulation and (b) thereafter file their indemnification claims or amend their previously filed proofs of claim within the same timeframe as the D&O Stipulation Parties (i.e., within 30 days of the entry of the Indemnification Claims Order).

M.      The D&O Claimant, who is a former director or officer of one or more of the Debtors, has notified the Debtors that she either has filed or intends to file (i) an indemnification claim against the Debtors in connection with the D&O Litigation in which the D&O Claimant has been or may subsequently be named a defendant, and any other litigation presently pending or hereafter filed, and arising from or relating to the D&O Claimant's service as a director or officer of one or more of the Debtors at the time of the transactions at issue in the D&O Litigation (including original proofs of claim and any amendments thereto, the "D&O

---

E. Ehlmann, John Birmingham, Mark W. Hianik, Peter A. Knapp, Kathleen Waltz, John Vitanovec, Timothy Landon, Richard Malone, Luis Lewin, David Hiller, Thomas Leach, John Reardon, and Scott Smith.

Indemnification Claim"), and (ii) a motion to allow her late-filed D&O Indemnification Claim to be treated as timely if an agreement cannot be reached among the Stipulation Parties.

## STIPULATION

NOW, THEREFORE, in consideration of the foregoing, the Stipulation Parties, through their undersigned counsel, stipulate and agree as follows:

1.      Given the prior proceedings summarized above, the Stipulation Parties seek to resolve the issue of timeliness without further contested proceedings before the Court. Accordingly, so long as the D&O Claimant has either (i) filed her D&O Indemnification Claim within 30 days of the entry of the Indemnification Claims Order, or (ii) amended her previously filed D&O Indemnification Claim within 30 days of the entry of the Indemnification Claims Order, the D&O Indemnification Claim shall be deemed timely-filed pursuant to Bankruptcy Rule 9006(b).

2.      For administrative convenience, the D&O Claimant shall file her D&O Indemnification Claim in the Tribune Company bankruptcy case, Case No. 08-13141 (KJC). The D&O Claimant shall identify in her proof of claim (or, as the case may be, amendments thereto) each of the subsidiary Debtors potentially implicated by the D&O Indemnification Claim.  The D&O Indemnification Claim shall be deemed for all purposes to have been timely filed against each of the identified subsidiary Debtors in their respective bankruptcy cases without the necessity of filing separate proofs of claim in each of those cases.

3.      In the event that the D&O Claimant did not identify subsidiary Debtors in her original proof of claim, the D&O Claimant shall have 30 days from entry of the Indemnification Claims Order to file an amendment to her proofs of claim to include relevant subsidiary Debtors, and such claim shall be deemed timely-filed pursuant to Bankruptcy Rule 9006(b).

6

4.     In the event that the D&O Claimant amends her D&O Indemnification Claim to assert an indemnification and/or contribution claim against any subsidiary Debtors based on the preceding paragraph, the Debtors and/or the Court-appointed claims agent are authorized to take the steps necessary to ensure that the claims register reflects the amended proofs of claim.

5.     This Stipulation is without prejudice to the rights of the Debtors, the Committee, or any other party in interest to object to or otherwise contest the D&O Indemnification Claim on any and all grounds other than timeliness of filing.

Date: ~~October~~ *November* 2 , 2011   COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suit 1410
Wilmington, Delaware 19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

-and-

James F. Conlan
Kevin Lantry
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

*Counsel to the Debtors and Debtors in Possession*

8

Date: October 31 , 2011    LISA BREWER

By: _Lisa E. Brewer_
Lisa Brewer

9

Date: ~~October~~ *November* 2 , 2011    LANDIS RATH & COBB LLP

By: _Adam G. Landis/permission mb__

Adam Landis
919 North Market Street, Suite 1800
Wilmington, DE 19899
Telephone:  (302) 467-4400
Facsimile:  (302) 467-4450

-and-

Howard Seife
Douglas Deutsch
David LeMay
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone:  (212) 408-5100
Facsimile:  (212) 541-5369

*Counsel to the Official Committee of Unsecured Creditors*

10

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |

## STIPULATION TO TREAT CERTAIN LATE-FILED INDEMNIFICATION CLAIMS AS TIMELY-FILED

This stipulation (the "Stipulation") is entered into by and among the above-captioned

debtors and debtors in possession (collectively, the "Debtors"), the claimants identified on

Exhibit A hereto (collectively, the "D&O Claimants"), and the Official Committee of Unsecured

Creditors (the "Committee," together with the Debtors and the D&O Claimants, the "Stipulation

Parties").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (1006); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

## RECITALS

A.    The Debtors' by-laws, the Debtors' certificates of incorporation, and/or separation agreements may contain provisions pertaining to indemnification of the Debtors' respective officers and directors against liability for certain acts performed within the scope of their employment and reimbursement and advancement of costs and expenses incurred in defending lawsuits to which they become parties by virtue of their status as officers and directors of the Debtors, subject to specified limitations.

B.    By an order dated March 25, 2009 (the "Bar Date Order") [D.I. 813], the Court established June 12, 2009 (the "Bar Date"), as the deadline for filing claims against the Debtors.

C.    In late 2010, the Committee commenced adversary proceedings (the "Adversary Proceedings") against current and former officers and directors of the Debtors, asserting, among other things, claims for breach of fiduciary duty and avoidance and recovery of various payments made to these current and former officers or directors as either preferences or fraudulent conveyances.

D.    On April 7, 2011, Tom E. Ehlmann, John Birmingham, Mark W. Hianik, and Peter A. Knapp, four former officers of the Debtors who had been named as defendants in the Adversary Proceedings (the "Initial D&O Defendants"), filed claims requesting indemnification for any judgments entered as a result of the Adversary Proceedings, as well as all costs incurred in defending against the Adversary Proceedings.  On the same day, the Initial D&O Defendants filed motions in the Bankruptcy Court for orders deeming their respective claims for indemnification to be timely-filed [D.I. 8594, 8595, 8596, 8597].

E.    The Committee filed an objection to the Initial D&O Defendants' motions on April 18, 2011 [D.I. 8689], asserting that the Initial D&O Defendants' failure to anticipate

2

litigation did not constitute "excusable neglect," as defined in Pioneer Inv. Servs. Co. v. Brunswick Associates, Ltd., 507 U.S. 380 (1993), that warranted relief from the Bar Date Order pursuant to Bankruptcy Rule 9006(b). On April 20, 2011, the Initial D&O Defendants filed a response to the Committee's objection [D.I. 8719].

      F.     The Court heard arguments on the Initial D&O Defendants' motions on April 25, 2011. At the conclusion of the hearing, the Court announced that the motions would be granted and that the claims would be treated as timely-filed. Orders were subsequently entered effectuating the Court's decision. See D.I. 8747, 8748, 8749, 8750.

      G.     On May 6, 2011, Kathleen Waltz, John Vitanovec, Timothy Landon, Richard Malone, Luis Lewin, David Hiller, Thomas Leach, John Reardon, and Scott Smith (collectively, the "Additional D&O Defendants"), each named as a defendant in the Adversary Proceedings, filed motions for orders deeming their respective indemnification claims against the Debtors to be timely-filed [D.I. 8850, 8851, 8852, 8853, 8854, 8855, 8856, 8857, 8858]. The bases for the Additional D&O Defendants' motions were substantially the same as those set forth in the motions filed by the Initial D&O Defendants.

      H.     The Committee objected to the motions of the Additional D&O Defendants on May 18, 2011 [D.I. 8941], asserting that the Additional D&O Defendants' delay in filing their claims one month after the Initial D&O Defendants was unjustifiable and did not meet the requisite standard for "excusable neglect." The Committee also requested, in the event that the Court granted the Additional D&O Defendants' motions, that a unified procedure be created to address the merits of the underlying indemnification claims in a systematic and cost-effective manner.

      I.     Following a hearing on May 25, 2011, the Court granted the Additional D&O Defendants' motions. See D.I. 8992, 8994, 8995, 8997, 8998, 8999, 9000, 9001, 9002. The

Court also noted on the record that it agreed with the Committee that a unified process to address the merits of the underlying indemnification claims was logical.

J.      During April of 2011, the Court entered an order lifting the automatic stay to the extent necessary to allow certain creditors to file and serve state law fraudulent conveyance actions against current and former officers and directors of the Debtors.[2]  Ultimately, in June of 2011, the indenture trustees on behalf of holders of Senior Notes and PHONES Notes[3] and certain retirees[4] filed separate lawsuits[5] in various jurisdictions asserting state law constructive fraudulent conveyance claims against former stockholders of Tribune (collectively, the "SLCFC Litigation," and together with the Adversary Proceedings and any other state law constructive fraudulent conveyance actions against current and former officers and directors of the Debtors as former stockholders of Tribune similar to the SLCFC Litigation, the "D&O Litigation").  Certain current and former directors and officers are named defendants in the SLCFC Litigation.

K.      On September 1, 2011, the Debtors and the Committee filed a joint motion (the "Joint Motion") seeking approval of (i) a stipulation (the "Indemnification Claims Stipulation") by and between the Debtors, the Committee, and certain former directors and officers of the Debtors named as defendants in the D&O Litigation (collectively, the "D&O Stipulation Parties"),[6] pursuant to which certain late-filed indemnification claims of the D&O Stipulation

---

[2]      In the order, the Court made no finding and issued no ruling determining the standing of any creditor to assert the state law constructive fraudulent conveyance claims against current and former officers and directors of the Debtors.

[3]      The indenture trustee plaintiffs are Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for certain series of Senior Notes, Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for certain series of Senior Notes, and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES Notes.

[4]      The retiree plaintiffs are retirees of The Times Mirror Company, Tribune Company, and/or one or more of 110 affiliates or subsidiaries of Tribune Company.

[5]      The indenture trustees filed approximately 50 complaints in over twenty different federal and state courts. The retirees filed four separate actions in four different state courts.

[6]      The D&O Stipulation Parties are Ruthellyn Musil, John Poelking, Dennis FitzSimons, Don Grenesko, Mark Mallory, Gerald Agema, Irene Sewell, Enrique Hernandez Jr., Robert S. Morrison, J. Christopher Reyes, Dudley S. Taft, Miles D. White, Crane Kenney, Thomas Finke, Durham Monsma, Irving Quimby, Betty Ellen Berlamino, Tom

4

Parties would be treated as timely-filed and (ii) a process for permitting other former directors and officers of the Debtors who have been named in the Adversary Proceedings, or who have been or may be named in the SLCFC Litigation, to enter into stipulations identical to the Indemnification Claim Stipulation. See D.I. 9741.

L.    On October 3, 2011, the Court entered an Order approving the Joint Motion (the "Indemnification Claims Order"). See D.I. 9875. Pursuant to the Indemnification Claims Order, former directors and officers of the Debtors who (i) are not included as parties to the Indemnification Claims Stipulation, (ii) have been named in the Adversary Proceedings, or have been or may be named in the SCLCFC Litigation, and (iii) wish to receive relief similar to the Indemnification Claims Stipulation through entry into an identical stipulation with the Debtors and the Committee should (a) contact the Debtors or the Committee within 15 days of the entry of the Indemnification Claims Order to arrange to enter into a stipulation identical to the Indemnification Claims Stipulation and (b) thereafter file their indemnification claims or amend their previously filed proofs of claim within the same timeframe as the D&O Stipulation Parties (i.e., within 30 days of the entry of the Indemnification Claims Order).

M.    The Stipulation Parties believe, but have not yet corroborated, that each of the D&O Claimants is a former director or officer of one or more of the Debtors. The D&O Claimants have notified the Debtors that they either have filed or intend to file (i) indemnification claims against the Debtors in connection with the D&O Litigation in which they have been or may subsequently be named defendants, and any other litigation presently pending or hereafter filed, and arising from or relating to the D&O Claimants' service as directors or officers of one or more of the Debtors at the time of the transactions at issue in the D&O

---

E. Ehlmann, John Birmingham, Mark W. Hianik, Peter A. Knapp, Kathleen Waltz, John Vitanovec, Timothy Landon, Richard Malone, Luis Lewin, David Hiller, Thomas Leach, John Reardon, and Scott Smith.

Litigation (collectively, including original proofs of claim and any amendments thereto, the "D&O Indemnification Claims"), and (ii) motions to allow their late-filed D&O Indemnification Claims to be treated as timely if an agreement cannot be reached among the Stipulation Parties.

## STIPULATION

NOW, THEREFORE, in consideration of the foregoing, the Stipulation Parties, through their undersigned counsel, stipulate and agree as follows:

1.     Given the prior proceedings summarized above, the Stipulation Parties seek to resolve the issue of timeliness without further contested proceedings before the Court. Accordingly, so long as any D&O Claimant has either (i) filed his or her D&O Indemnification Claims within 30 days of the entry of the Indemnification Claims Order, or (ii) amended his or her previously filed D&O Indemnification Claims within 30 days of the entry of the Indemnification Claims Order, the D&O Indemnification Claims shall be deemed timely-filed pursuant to Bankruptcy Rule 9006(b).

2.     For administrative convenience, the D&O Claimants shall file their respective D&O Indemnification Claims in the Tribune Company bankruptcy case, Case No. 08-13141 (KJC). The D&O Claimants shall identify in their proofs of claim (or, as the case may be, amendments thereto) each of the subsidiary Debtors potentially implicated by the D&O Indemnification Claims. The D&O Indemnification Claims shall be deemed for all purposes to have been timely filed against each of the identified subsidiary Debtors in their respective bankruptcy cases without the necessity of filing separate proofs of claim in each of those cases.

3.     In the event that any D&O Claimant did not identify subsidiary Debtors in his or her original proof of claim, such D&O Claimant shall have 30 days from entry of the Indemnification Claims Order to file an amendment to his or her proofs of claim to include

6

relevant subsidiary Debtors, and such claim shall be deemed timely-filed pursuant to Bankruptcy Rule 9006(b).

4.      In the event that a D&O Claimant amends his or her respective D&O Indemnification Claim to assert an indemnification and/or contribution claim against any subsidiary Debtors based on the preceding paragraph, the Debtors and/or the Court-appointed claims agent are authorized to take the steps necessary to ensure that the claims register reflects the amended proofs of claim.

5.      This Stipulation is without prejudice to the rights of the Debtors, the Committee, or any other party in interest to object to or otherwise contest any of the D&O Indemnification Claims on any and all grounds other than timeliness of filing.

Date: November 2 , 2011 COLE, SCHOTZ, MEISEL,
                            FORMAN & LEONARD

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suit 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

-and-

James F. Conlan
Kevin Lantry
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

*Counsel to the Debtors and Debtors in Possession*

8

Date: November 2, 2011  TEITELBAUM & BASKIN, LLP


By: _____
Ron Baskin, Esq.
1 Barker Avenue
Third Floor
White Plains, New York 10601
Telephone  (914) 437-7670
Facsimile: (914) 437-7672

*Counsel to the D&O Claimants*

9

Date: November 2, 2011 LANDIS RATH & COBB LLP

By: _Adam Landis w/permission mbm_
Adam Landis
919 North Market Street, Suite 1800
Wilmington, DE 19899
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

-and-

Howard Seife
Douglas Deutsch
David LeMay
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

*Counsel to the Official Committee of Unsecured Creditors*

<u>EXHIBIT A</u>

ABATEMARCO, FRED A.
ALFANO, RICHARD S.
ARMSTRONG, C. MICHAEL
ARNOLD, GARY M.
BARRETT, DAVID S.
BARWICK, BRUCE E.
BELL, GEORGE
BERGMANN, HORST A.
BLOOD, EDWARD L.
BOWLIN, GREGORY L.
BRANDT, ROBERT F.
BRAUER, ALAN L.
BRENNAN, LEO
BRISCO, ROBERT N.
BRYSON, JOHN E.
CARROLL, JOHN S.
CASEY, KATHLEEN M.
CHANDHOK, RAJENDER K.
CHARLES, RANDOLPH R.
CLAYTON, JANET T.
CLIFFORD, PATRICK A.
CLURMAN, ANDREW W.
COFFEY, C. SHELBY, III
COLSTON, JAMES WILLARD
COPPENS, STUART K.
COTLIAR, GEORGE J.
DeYOUNG, BARBARA R.
DILL, JOHN F.
DILWORTH, ANN E.
DOWNING, KATHRYN M.
DREHER, BEVERLY
DREWRY, ELIZABETH V.
DYER, JOHN M.
EGAN, PAUL H.
ERBURU, ROBERT F.
FALK, EUGENE L.
FERNALD, PETER J.
FITZGERALD, JAMES E.
FLICK, JOHN E.
FORGIONE, MICHAEL J.
FOX, DOUGLAS
FROST, F. DANIEL
GASTLER, DEBRA A.
GOLDSTEIN, GARY P.
GOTTSMAN, EDWARD J.
GRANT, ROBERT T.
GUERRERO, RICHARD
GUITTAR, LEE J.
GUTHRIE, JAMES F.
HALAJIAN, KENNETH L.
HALL, CHARLOTTE H.
HALLE, JEAN
HAUGH, MICHAEL J.

HEAPHY, JANIS
HELIN, JAMES D.
HENSON, PAMELA
HESSLER, CURTIS A.
HIGBY, JAMES H.
HIGBY, LAWRENCE M.
HOLTON, RAYMOND
HORN, KAREN LAUKKA
IMBRIACO, JAMES
ISINGER, WILLIAM R.
JANSEN, RAYMOND A., JR.
JOHNSON, EDWARD E.
JOHNSON, ROBERT M.
JOHNSON, W. THOMAS, JR.
JUNCK, MARY E.
KABAK, SCOTT W.
KALLET, JUDITH S.
KELLER, WILLIAM F.
KLEIN, JASON E.
KLEIN, JEFFREY S.
KLEINER, ARNOLD J.
KURTICH, MARK H.
LAVENTHOL, DAVID A.
LEE SCHNEIDER, R. MARILYN
LEFRANCE, KIMBERL
LEVIN, MARTIN P.
LEVINE, JESSE E.
MAGNUSON, ROBERT G.
MARIMOW, WILLIAM K.
MARRO, ANTHONY J.
MAXWELL, DONALD S.
McGUINNESS, KATHLEEN G.
McKEON, JOHN C.
MEADOWS, JACK E.
MEIER, STEPHEN C.
MOLVAR, ROGER H.
MONSMA, DURHAM J.
MURPHY, JOHN R.
NIESE, WILLIAM A.
NILES, NICHOLAS H.
NORRIS, JAMES H.
NUCKOLS, JAMES H.
OGLESBY, ROGER D.
O'NEILL, NANCY W.
O'SULLIVAN, ROBERT T.
PANDOLFI, FRANCIS P.
PARKS, MICHAEL C.
PARO, JEFFREY N.
PATINELLA, JOHN F.
PAYNE, JANETTE O.
PELIZZA, ELLEN,
PERRUSO, CAROL
PERRY, VICTOR A.
PETTY, MARTHA A.
PLANK, JACK L.
RHOADS, S. KEATING

RILEY, MICHAEL R.
ROSE, MICHAEL G.
ROWE, WILLIAM J.
RUBIN, JEROME S.
SANN, ALEXANDER
SCHLOSBERG, RICHARD T., III
SCHNALL, HERBERT K.
SCHNEIDER, CHARLES I.
SCHNEIDER, HILARY A.
SCHNEIDER, HOWARD S.
SELLSTROM, BRIAN J.
SHAW, JAMES D.
SHIRLEY, DENNIS A.
SHORTS, GARY K.
SIMPSON, JAMES R.
SITO, LOUIS
STANTON, RICHARD W.
SWEENEY, JUDITH L.
SWEENEY, STENDER E.
TERPSTRA, JAMES E.
THOMAS, WILLIAM F.
TUNSTALL, SHARON S.
UNTERMAN, E. THOMAS
WALLACE, JAMES W.
WALLER, MICHAEL E.
WANGBERG, LARRY W.
WEINSTEIN, HOWARD
WIEGAND, WILLIAM D.
WILD, MARY A.
WILLES, MARK H.
WILLIAMS, PHILLIP L.
WILSON, HAZEL E.
WILSON, JULIA C.
WRIGHT, DONALD F.
ZAKARIAN, JOHN J.
ZIMBALIST, EFREM, III
BRIEF, KENNETH H.
CAMPBELL, PATRICIA G.
CRAWFORD, WILLIAM D.
ISENBERG, STEVEN L.
KOPPER, JAMES L.
KUCERA, PHILIP E.
WOLDT, HAROLD F., JR
YOUNG, JOHN W.
CHANDLER, BETTINA W.
MOLVAR, JANIE
CARPENTER, DIAN S.
CROWDER, GRACE E.
DOWNES, MARY M.
FALK, JOANNE K.
GUTTRY, DeLYNN T.
KELLERMANN, DONALD S.,
LOBDELL, NANCY
PETERSON, MAUREEN G.
REDMOND, ELIZABETH F.
ZAPANTA, NORENE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |

## STIPULATION TO TREAT CERTAIN LATE-FILED
## INDEMNIFICATION CLAIM OF SUSAN M. CONWAY AS TIMELY-FILED

This stipulation (the "Stipulation") is entered into by and among the above-captioned

debtors and debtors in possession (collectively, the "Debtors"), Susan M. Conway (the "D&O

Claimant"), and the Official Committee of Unsecured Creditors (the "Committee," together with

the Debtors and the D&O Claimant, the "Stipulation Parties").

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Holdings, Inc. (1634); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

## RECITALS

A.      The Debtors' by-laws, the Debtors' certificates of incorporation, and/or separation agreements may contain provisions pertaining to indemnification of the Debtors' respective officers and directors against liability for certain acts performed within the scope of their employment and reimbursement and advancement of costs and expenses incurred in defending lawsuits to which they become parties by virtue of their status as officers and directors of the Debtors, subject to specified limitations.

B.      By an order dated March 25, 2009 (the "Bar Date Order") [D.I. 813], the Court established June 12, 2009 (the "Bar Date"), as the deadline for filing claims against the Debtors.

C.      In late 2010, the Committee commenced adversary proceedings (the "Adversary Proceedings") against current and former officers and directors of the Debtors, asserting, among other things, claims for breach of fiduciary duty and avoidance and recovery of various payments made to these current and former officers or directors as either preferences or fraudulent conveyances.

D.      On April 7, 2011, Tom E. Ehlmann, John Birmingham, Mark W. Hianik, and Peter A. Knapp, four former officers of the Debtors who had been named as defendants in the Adversary Proceedings (the "Initial D&O Defendants"), filed claims requesting indemnification for any judgments entered as a result of the Adversary Proceedings, as well as all costs incurred in defending against the Adversary Proceedings.  On the same day, the Initial D&O Defendants filed motions in the Bankruptcy Court for orders deeming their respective claims for indemnification to be timely-filed [D.I. 8594, 8595, 8596, 8597].

E.      The Committee filed an objection to the Initial D&O Defendants' motions on April 18, 2011 [D.I. 8689], asserting that the Initial D&O Defendants' failure to anticipate litigation did not constitute "excusable neglect," as defined in Pioneer Inv. Servs. Co. v.

2

Brunswick Associates, Ltd., 507 U.S. 380 (1993), that warranted relief from the Bar Date Order

pursuant to Bankruptcy Rule 9006(b). On April 20, 2011, the Initial D&O Defendants filed a

response to the Committee's objection [D.I. 8719].

      F.     The Court heard arguments on the Initial D&O Defendants' motions on April 25,

2011. At the conclusion of the hearing, the Court announced that the motions would be granted

and that the claims would be treated as timely-filed. Orders were subsequently entered

effectuating the Court's decision. See D.I. 8747, 8748, 8749, 8750.

      G.    On May 6, 2011, Kathleen Waltz, John Vitanovec, Timothy Landon, Richard

Malone, Luis Lewin, David Hiller, Thomas Leach, John Reardon, and Scott Smith (collectively,

the "Additional D&O Defendants"), each named as a defendant in the Adversary Proceedings,

filed motions for orders deeming their respective indemnification claims against the Debtors to

be timely-filed [D.I. 8850, 8851, 8852, 8853, 8854, 8855, 8856, 8857, 8858]. The bases for the

Additional D&O Defendants' motions were substantially the same as those set forth in the

motions filed by the Initial D&O Defendants.

      H.     The Committee objected to the motions of the Additional D&O Defendants on

May 18, 2011 [D.I. 8941], asserting that the Additional D&O Defendants' delay in filing their

claims one month after the Initial D&O Defendants was unjustifiable and did not meet the

requisite standard for "excusable neglect." The Committee also requested, in the event that the

Court granted the Additional D&O Defendants' motions, that a unified procedure be created to

address the merits of the underlying indemnification claims in a systematic and cost-effective

manner.

      I.     Following a hearing on May 25, 2011, the Court granted the Additional D&O

Defendants' motions. See D.I. 8992, 8994, 8995, 8997, 8998, 8999, 9000, 9001, 9002. The

Court also noted on the record that it agreed with the Committee that a unified process to address the merits of the underlying indemnification claims was logical.

J.    During April of 2011, the Court entered an order lifting the automatic stay to the extent necessary to allow certain creditors to file and serve state law fraudulent conveyance actions against current and former officers and directors of the Debtors.[2] Ultimately, in June of 2011, the indenture trustees on behalf of holders of Senior Notes and PHONES Notes[3] and certain retirees[4] filed separate lawsuits[5] in various jurisdictions asserting state law constructive fraudulent conveyance claims against former stockholders of Tribune (collectively, the "SLCFC Litigation," and together with the Adversary Proceedings and any other state law constructive fraudulent conveyance actions against current and former officers and directors of the Debtors as former stockholders of Tribune similar to the SLCFC Litigation, the "D&O Litigation").  Certain current and former directors and officers are named defendants in the SLCFC Litigation.

K.    On September 1, 2011, the Debtors and the Committee filed a joint motion (the "Joint Motion") seeking approval of (i) a stipulation (the "Indemnification Claims Stipulation") by and between the Debtors, the Committee, and certain former directors and officers of the Debtors named as defendants in the D&O Litigation (collectively, the "D&O Stipulation Parties"),[6] pursuant to which certain late-filed indemnification claims of the D&O Stipulation

---

[2]    In the order, the Court made no finding and issued no ruling determining the standing of any creditor to assert the state law constructive fraudulent conveyance claims against current and former officers and directors of the Debtors.

[3]    The indenture trustee plaintiffs are Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for certain series of Senior Notes, Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for certain series of Senior Notes, and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES Notes.

[4]    The retiree plaintiffs are retirees of The Times Mirror Company, Tribune Company, and/or one or more of 110 affiliates or subsidiaries of Tribune Company.

[5]    The indenture trustees filed approximately 50 complaints in over twenty different federal and state courts. The retirees filed four separate actions in four different state courts.

[6]    The D&O Stipulation Parties are Ruthellyn Musil, John Poelking, Dennis FitzSimons, Don Grenesko, Mark Mallory, Gerald Agema, Irene Sewell, Enrique Hernandez Jr., Robert S. Morrison, J. Christopher Reyes, Dudley S. Taft, Miles D. White, Crane Kenney, Thomas Finke, Durham Monsma, Irving Quimby, Betty Ellen Berlamino, Tom

Parties would be treated as timely-filed and (ii) a process for permitting other former directors and officers of the Debtors who have been named in the Adversary Proceedings, or who have been or may be named in the SLCFC Litigation, to enter into stipulations identical to the Indemnification Claim Stipulation. See D.I. 9741.

L.    On October 3, 2011, the Court entered an Order approving the Joint Motion (the "Indemnification Claims Order"). See D.I. 9875. Pursuant to the Indemnification Claims Order, former directors and officers of the Debtors who (i) are not included as parties to the Indemnification Claims Stipulation, (ii) have been named in the Adversary Proceedings, or have been or may be named in the SCLCFC Litigation, and (iii) wish to receive relief similar to the Indemnification Claims Stipulation through entry into an identical stipulation with the Debtors and the Committee should (a) contact the Debtors or the Committee within 15 days of the entry of the Indemnification Claims Order to arrange to enter into a stipulation identical to the Indemnification Claims Stipulation and (b) thereafter file their indemnification claims or amend their previously filed proofs of claim within the same timeframe as the D&O Stipulation Parties (i.e., within 30 days of the entry of the Indemnification Claims Order).

M.    The D&O Claimant, who is a former director or officer of one or more of the Debtors, has notified the Debtors that she either has filed or intends to file (i) an indemnification claim against the Debtors in connection with the D&O Litigation in which the D&O Claimant has been or may subsequently be named a defendant, and any other litigation presently pending or hereafter filed, and arising from or relating to the D&O Claimant's service as a director or officer of one or more of the Debtors at the time of the transactions at issue in the D&O Litigation (including original proofs of claim and any amendments thereto, the "D&O

---

E. Ehlmann, John Birmingham, Mark W. Hianik, Peter A. Knapp, Kathleen Waltz, John Vitanovec, Timothy Landon, Richard Malone, Luis Lewin, David Hiller, Thomas Leach, John Reardon, and Scott Smith.

Indemnification Claim"), and (ii) a motion to allow her late-filed D&O Indemnification Claim to be treated as timely if an agreement cannot be reached among the Stipulation Parties.

## STIPULATION

NOW, THEREFORE, in consideration of the foregoing, the Stipulation Parties, through their undersigned counsel, stipulate and agree as follows:

1.    Given the prior proceedings summarized above, the Stipulation Parties seek to resolve the issue of timeliness without further contested proceedings before the Court. Accordingly, so long as the D&O Claimant has either (i) filed her D&O Indemnification Claim within 30 days of the entry of the Indemnification Claims Order, or (ii) amended her previously filed D&O Indemnification Claim within 30 days of the entry of the Indemnification Claims Order, the D&O Indemnification Claim shall be deemed timely-filed pursuant to Bankruptcy Rule 9006(b).

2.    For administrative convenience, the D&O Claimant shall file her D&O Indemnification Claim in the Tribune Company bankruptcy case, Case No. 08-13141 (KJC). The D&O Claimant shall identify in her proof of claim (or, as the case may be, amendments thereto) each of the subsidiary Debtors potentially implicated by the D&O Indemnification Claim. The D&O Indemnification Claim shall be deemed for all purposes to have been timely filed against each of the identified subsidiary Debtors in their respective bankruptcy cases without the necessity of filing separate proofs of claim in each of those cases.

3.    In the event that the D&O Claimant did not identify subsidiary Debtors in her original proof of claim, the D&O Claimant shall have 30 days from entry of the Indemnification Claims Order to file an amendment to her proofs of claim to include relevant subsidiary Debtors, and such claim shall be deemed timely-filed pursuant to Bankruptcy Rule 9006(b).

6

4.     In the event that the D&O Claimant amends her D&O Indemnification Claim to assert an indemnification and/or contribution claim against any subsidiary Debtors based on the preceding paragraph, the Debtors and/or the Court-appointed claims agent are authorized to take the steps necessary to ensure that the claims register reflects the amended proofs of claim.

5.     This Stipulation is without prejudice to the rights of the Debtors, the Committee, or any other party in interest to object to or otherwise contest the D&O Indemnification Claim on any and all grounds other than timeliness of filing.

7

Date: October 30 , 2011       COLE, SCHOTZ, MEISEL,
                              FORMAN & LEONARD


                              By: _____
                              Norman L. Pernick (No. 2290)
                              J. Kate Stickles (No. 2917)
                              Patrick J. Reilley (No. 4451)
                              500 Delaware Avenue, Suit 1410
                              Wilmington, Delaware 19801
                              Telephone:  (302) 652-3131
                              Facsimile:  (302) 652-3117

                              -and-

                              James F. Conlan
                              Kevin Lantry
                              SIDLEY AUSTIN LLP
                              One South Dearborn Street
                              Chicago, IL 60603
                              Telephone:  (312) 853-7000
                              Facsimile:  (312) 853-7036

                              *Counsel to the Debtors and Debtors in Possession*

8

Date: October 30, 2011    SUSAN M. CONWAY

By: _____
Susan M. Conway

9

Date:  October **50** , 2011    LANDIS RATH & COBB LLP

By: *[signature]* / permission

Adam Landis
919 North Market Street, Suite 1800
Wilmington, DE 19899
Telephone:  (302) 467-4400
Facsimile:  (302) 467-4450

-and-

Howard Seife
Douglas Deutsch
David LeMay
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone:  (212) 408-5100
Facsimile:  (212) 541-5369

*Counsel to the Official Committee of Unsecured Creditors*

10

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |

## STIPULATION TO TREAT CERTAIN LATE-FILED INDEMNIFICATION CLAIM OF KENNETH DEPAOLA AS TIMELY-FILED

This stipulation (the "Stipulation") is entered into by and among the above-captioned

debtors and debtors in possession (collectively, the "Debtors"), Kenneth DePaola (the "D&O

Claimant"), and the Official Committee of Unsecured Creditors (the "Committee," together with

the Debtors and the D&O Claimant, the "Stipulation Parties").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CH1 6307705v.1

## RECITALS

A.    The Debtors' by-laws, the Debtors' certificates of incorporation, and/or separation agreements may contain provisions pertaining to indemnification of the Debtors' respective officers and directors against liability for certain acts performed within the scope of their employment and reimbursement and advancement of costs and expenses incurred in defending lawsuits to which they become parties by virtue of their status as officers and directors of the Debtors, subject to specified limitations.

B.    By an order dated March 25, 2009 (the "Bar Date Order") [D.I. 813], the Court established June 12, 2009 (the "Bar Date"), as the deadline for filing claims against the Debtors.

C.    In late 2010, the Committee commenced adversary proceedings (the "Adversary Proceedings") against current and former officers and directors of the Debtors, asserting, among other things, claims for breach of fiduciary duty and avoidance and recovery of various payments made to these current and former officers or directors as either preferences or fraudulent conveyances.

D.    On April 7, 2011, Tom E. Ehlmann, John Birmingham, Mark W. Hianik, and Peter A. Knapp, four former officers of the Debtors who had been named as defendants in the Adversary Proceedings (the "Initial D&O Defendants"), filed claims requesting indemnification for any judgments entered as a result of the Adversary Proceedings, as well as all costs incurred in defending against the Adversary Proceedings. On the same day, the Initial D&O Defendants filed motions in the Bankruptcy Court for orders deeming their respective claims for indemnification to be timely-filed [D.I. 8594, 8595, 8596, 8597].

E.    The Committee filed an objection to the Initial D&O Defendants' motions on April 18, 2011 [D.I. 8689], asserting that the Initial D&O Defendants' failure to anticipate litigation did not constitute "excusable neglect," as defined in Pioneer Inv. Servs. Co. v.

2

Brunswick Associates, Ltd., 507 U.S. 380 (1993), that warranted relief from the Bar Date Order pursuant to Bankruptcy Rule 9006(b).  On April 20, 2011, the Initial D&O Defendants filed a response to the Committee's objection [D.I. 8719].

F.    The Court heard arguments on the Initial D&O Defendants' motions on April 25, 2011.  At the conclusion of the hearing, the Court announced that the motions would be granted and that the claims would be treated as timely-filed.  Orders were subsequently entered effectuating the Court's decision.  See D.I. 8747, 8748, 8749, 8750.

G.    On May 6, 2011, Kathleen Waltz, John Vitanovec, Timothy Landon, Richard Malone, Luis Lewin, David Hiller, Thomas Leach, John Reardon, and Scott Smith (collectively, the "Additional D&O Defendants"), each named as a defendant in the Adversary Proceedings, filed motions for orders deeming their respective indemnification claims against the Debtors to be timely-filed [D.I. 8850, 8851, 8852, 8853, 8854, 8855, 8856, 8857, 8858].  The bases for the Additional D&O Defendants' motions were substantially the same as those set forth in the motions filed by the Initial D&O Defendants.

H.    The Committee objected to the motions of the Additional D&O Defendants on May 18, 2011 [D.I. 8941], asserting that the Additional D&O Defendants' delay in filing their claims one month after the Initial D&O Defendants was unjustifiable and did not meet the requisite standard for "excusable neglect."  The Committee also requested, in the event that the Court granted the Additional D&O Defendants' motions, that a unified procedure be created to address the merits of the underlying indemnification claims in a systematic and cost-effective manner.

I.    Following a hearing on May 25, 2011, the Court granted the Additional D&O Defendants' motions.  See D.I. 8992, 8994, 8995, 8997, 8998, 8999, 9000, 9001, 9002.  The

3

Court also noted on the record that it agreed with the Committee that a unified process to address the merits of the underlying indemnification claims was logical.

J.  During April of 2011, the Court entered an order lifting the automatic stay to the extent necessary to allow certain creditors to file and serve state law fraudulent conveyance actions against current and former officers and directors of the Debtors.[2]  Ultimately, in June of 2011, the indenture trustees on behalf of holders of Senior Notes and PHONES Notes[3] and certain retirees[4] filed separate lawsuits[5] in various jurisdictions asserting state law constructive fraudulent conveyance claims against former stockholders of Tribune (collectively, the "SLCFC Litigation," and together with the Adversary Proceedings and any other state law constructive fraudulent conveyance actions against current and former officers and directors of the Debtors as former stockholders of Tribune similar to the SLCFC Litigation, the "D&O Litigation").  Certain current and former directors and officers are named defendants in the SLCFC Litigation.

K.  On September 1, 2011, the Debtors and the Committee filed a joint motion (the "Joint Motion") seeking approval of (i) a stipulation (the "Indemnification Claims Stipulation") by and between the Debtors, the Committee, and certain former directors and officers of the Debtors named as defendants in the D&O Litigation (collectively, the "D&O Stipulation Parties"),[6] pursuant to which certain late-filed indemnification claims of the D&O Stipulation

---

[2]  In the order, the Court made no finding and issued no ruling determining the standing of any creditor to assert the state law constructive fraudulent conveyance claims against current and former officers and directors of the Debtors.

[3]  The indenture trustee plaintiffs are Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for certain series of Senior Notes, Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for certain series of Senior Notes, and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES Notes.

[4]  The retiree plaintiffs are retirees of The Times Mirror Company, Tribune Company, and/or one or more of 110 affiliates or subsidiaries of Tribune Company.

[5]  The indenture trustees filed approximately 50 complaints in over twenty different federal and state courts. The retirees filed four separate actions in four different state courts.

[6]  The D&O Stipulation Parties are Ruthellyn Musil, John Poelking, Dennis FitzSimons, Don Grenesko, Mark Mallory, Gerald Agema, Irene Sewell, Enrique Hernandez Jr., Robert S. Morrison, J. Christopher Reyes, Dudley S. Taft, Miles D. White, Crane Kenney, Thomas Finke, Durham Monsma, Irving Quimby, Betty Ellen Berlamino, Tom

Parties would be treated as timely-filed and (ii) a process for permitting other former directors and officers of the Debtors who have been named in the Adversary Proceedings, or who have been or may be named in the SLCFC Litigation, to enter into stipulations identical to the Indemnification Claim Stipulation. See D.I. 9741.

    L.    On October 3, 2011, the Court entered an Order approving the Joint Motion (the "Indemnification Claims Order"). See D.I. 9875. Pursuant to the Indemnification Claims Order, former directors and officers of the Debtors who (i) are not included as parties to the Indemnification Claims Stipulation, (ii) have been named in the Adversary Proceedings, or have been or may be named in the SCLCFC Litigation, and (iii) wish to receive relief similar to the Indemnification Claims Stipulation through entry into an identical stipulation with the Debtors and the Committee should (a) contact the Debtors or the Committee within 15 days of the entry of the Indemnification Claims Order to arrange to enter into a stipulation identical to the Indemnification Claims Stipulation and (b) thereafter file their indemnification claims or amend their previously filed proofs of claim within the same timeframe as the D&O Stipulation Parties (i.e., within 30 days of the entry of the Indemnification Claims Order).

    M.    The D&O Claimant, who is a former director or officer of one or more of the Debtors, has notified the Debtors that he either has filed or intends to file (i) an indemnification claim against the Debtors in connection with the D&O Litigation in which the D&O Claimant has been or may subsequently be named a defendant, and any other litigation presently pending or hereafter filed, and arising from or relating to the D&O Claimant's service as a director or officer of one or more of the Debtors at the time of the transactions at issue in the D&O Litigation (including original proofs of claim and any amendments thereto, the "D&O

---

E. Ehlmann, John Birmingham, Mark W. Hianik, Peter A. Knapp, Kathleen Waltz, John Vitanovec, Timothy Landon, Richard Malone, Luis Lewin, David Hiller, Thomas Leach, John Reardon, and Scott Smith.

Indemnification Claim"), and (ii) a motion to allow his late-filed D&O Indemnification Claim to be treated as timely if an agreement cannot be reached among the Stipulation Parties.

## STIPULATION

NOW, THEREFORE, in consideration of the foregoing, the Stipulation Parties, through their undersigned counsel, stipulate and agree as follows:

1.    Given the prior proceedings summarized above, the Stipulation Parties seek to resolve the issue of timeliness without further contested proceedings before the Court. Accordingly, so long as the D&O Claimant has either (i) filed his D&O Indemnification Claim within 30 days of the entry of the Indemnification Claims Order, or (ii) amended his previously filed D&O Indemnification Claim within 30 days of the entry of the Indemnification Claims Order, the D&O Indemnification Claim shall be deemed timely-filed pursuant to Bankruptcy Rule 9006(b).

2.    For administrative convenience, the D&O Claimant shall file his D&O Indemnification Claim in the Tribune Company bankruptcy case, Case No. 08-13141 (KJC). The D&O Claimant shall identify in his proof of claim (or, as the case may be, amendments thereto) each of the subsidiary Debtors potentially implicated by the D&O Indemnification Claim. The D&O Indemnification Claim shall be deemed for all purposes to have been timely filed against each of the identified subsidiary Debtors in their respective bankruptcy cases without the necessity of filing separate proofs of claim in each of those cases.

3.    In the event that the D&O Claimant did not identify subsidiary Debtors in his original proof of claim, the D&O Claimant shall have 30 days from entry of the Indemnification Claims Order to file an amendment to his proofs of claim to include relevant subsidiary Debtors, and such claim shall be deemed timely-filed pursuant to Bankruptcy Rule 9006(b).

6

4.    In the event that the D&O Claimant amends his D&O Indemnification Claim to assert an indemnification and/or contribution claim against any subsidiary Debtors based on the preceding paragraph, the Debtors and/or the Court-appointed claims agent are authorized to take the steps necessary to ensure that the claims register reflects the amended proofs of claim.

5.    This Stipulation is without prejudice to the rights of the Debtors, the Committee, or any other party in interest to object to or otherwise contest the D&O Indemnification Claim on any and all grounds other than timeliness of filing.

7

Date: October 31, 2011    COLE, SCHOTZ, MEISEL,
                                  FORMAN & LEONARD

                                  By: _____
                                  Norman L. Pernick (No. 2290)
                                  J. Kate Stickles (No. 2917)
                                  Patrick J. Reilley (No. 4451)
                                  500 Delaware Avenue, Suit 1410
                                  Wilmington, Delaware 19801
                                  Telephone: (302) 652-3131
                                  Facsimile: (302) 652-3117

                                  -and-

                                  James F. Conlan
                                  Kevin Lantry
                                  SIDLEY AUSTIN LLP
                                  One South Dearborn Street
                                  Chicago, IL 60603
                                  Telephone: (312) 853-7000
                                  Facsimile: (312) 853-7036

                                  *Counsel to the Debtors and Debtors in Possession*

8

Date: October 3, 2011       FREEBORN & PETERS LLP

By: _____
Aaron L. Hammer
Devon J. Eggert
311 S. Wacker Dr., Suite 3000
Chicago, Illinois 60606
Telephone: (312) 360-6305
Facsimile: (312) 360-6572

*Counsel to Kenneth DePaola*

9

Date: October 31, 2011     LANDIS RATH & COBB LLP

By: _Adam C. Landis w/permission MFM_
Adam Landis
919 North Market Street, Suite 1800
Wilmington, DE 19899
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

-and-

Howard Seife
Douglas Deutsch
David LeMay
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

*Counsel to the Official Committee of Unsecured Creditors*

10

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |

## STIPULATION TO TREAT CERTAIN LATE-FILED
## INDEMNIFICATION CLAIM OF JAMES L. ELLIS AS TIMELY-FILED

This stipulation (the "Stipulation") is entered into by and among the above-captioned

debtors and debtors in possession (collectively, the "Debtors"), James L. Ellis (the "D&O

Claimant"), and the Official Committee of Unsecured Creditors (the "Committee," together with

the Debtors and the D&O Claimant, the "Stipulation Parties").

---

[1]        The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CHI 6312804v.1

## RECITALS

A.    The Debtors' by-laws, the Debtors' certificates of incorporation, and/or separation agreements may contain provisions pertaining to indemnification of the Debtors' respective officers and directors against liability for certain acts performed within the scope of their employment and reimbursement and advancement of costs and expenses incurred in defending lawsuits to which they become parties by virtue of their status as officers and directors of the Debtors, subject to specified limitations.

B.    By an order dated March 25, 2009 (the "Bar Date Order") [D.I. 813], the Court established June 12, 2009 (the "Bar Date"), as the deadline for filing claims against the Debtors.

C.    In late 2010, the Committee commenced adversary proceedings (the "Adversary Proceedings") against current and former officers and directors of the Debtors, asserting, among other things, claims for breach of fiduciary duty and avoidance and recovery of various payments made to these current and former officers or directors as either preferences or fraudulent conveyances.

D.    On April 7, 2011, Tom E. Ehlmann, John Birmingham, Mark W. Hianik, and Peter A. Knapp, four former officers of the Debtors who had been named as defendants in the Adversary Proceedings (the "Initial D&O Defendants"), filed claims requesting indemnification for any judgments entered as a result of the Adversary Proceedings, as well as all costs incurred in defending against the Adversary Proceedings.  On the same day, the Initial D&O Defendants filed motions in the Bankruptcy Court for orders deeming their respective claims for indemnification to be timely-filed [D.I. 8594, 8595, 8596, 8597].

E.    The Committee filed an objection to the Initial D&O Defendants' motions on April 18, 2011 [D.I. 8689], asserting that the Initial D&O Defendants' failure to anticipate litigation did not constitute "excusable neglect," as defined in Pioneer Inv. Servs. Co. v.

2

Brunswick Associates, Ltd., 507 U.S. 380 (1993), that warranted relief from the Bar Date Order

pursuant to Bankruptcy Rule 9006(b). On April 20, 2011, the Initial D&O Defendants filed a

response to the Committee's objection [D.I. 8719].

      F.     The Court heard arguments on the Initial D&O Defendants' motions on April 25,

2011. At the conclusion of the hearing, the Court announced that the motions would be granted

and that the claims would be treated as timely-filed. Orders were subsequently entered

effectuating the Court's decision. See D.I. 8747, 8748, 8749, 8750.

      G.    On May 6, 2011, Kathleen Waltz, John Vitanovec, Timothy Landon, Richard

Malone, Luis Lewin, David Hiller, Thomas Leach, John Reardon, and Scott Smith (collectively,

the "Additional D&O Defendants"), each named as a defendant in the Adversary Proceedings,

filed motions for orders deeming their respective indemnification claims against the Debtors to

be timely-filed [D.I. 8850, 8851, 8852, 8853, 8854, 8855, 8856, 8857, 8858]. The bases for the

Additional D&O Defendants' motions were substantially the same as those set forth in the

motions filed by the Initial D&O Defendants.

      H.     The Committee objected to the motions of the Additional D&O Defendants on

May 18, 2011 [D.I. 8941], asserting that the Additional D&O Defendants' delay in filing their

claims one month after the Initial D&O Defendants was unjustifiable and did not meet the

requisite standard for "excusable neglect." The Committee also requested, in the event that the

Court granted the Additional D&O Defendants' motions, that a unified procedure be created to

address the merits of the underlying indemnification claims in a systematic and cost-effective

manner.

      I.     Following a hearing on May 25, 2011, the Court granted the Additional D&O

Defendants' motions. See D.I. 8992, 8994, 8995, 8997, 8998, 8999, 9000, 9001, 9002. The

Court also noted on the record that it agreed with the Committee that a unified process to address the merits of the underlying indemnification claims was logical.

J.       During April of 2011, the Court entered an order lifting the automatic stay to the extent necessary to allow certain creditors to file and serve state law fraudulent conveyance actions against current and former officers and directors of the Debtors.[2] Ultimately, in June of 2011, the indenture trustees on behalf of holders of Senior Notes and PHONES Notes[3] and certain retirees[4] filed separate lawsuits[5] in various jurisdictions asserting state law constructive fraudulent conveyance claims against former stockholders of Tribune (collectively, the "SLCFC Litigation," and together with the Adversary Proceedings and any other state law constructive fraudulent conveyance actions against current and former officers and directors of the Debtors as former stockholders of Tribune similar to the SLCFC Litigation, the "D&O Litigation"). Certain current and former directors and officers are named defendants in the SLCFC Litigation.

K.       On September 1, 2011, the Debtors and the Committee filed a joint motion (the "Joint Motion") seeking approval of (i) a stipulation (the "Indemnification Claims Stipulation") by and between the Debtors, the Committee, and certain former directors and officers of the Debtors named as defendants in the D&O Litigation (collectively, the "D&O Stipulation Parties"),[6] pursuant to which certain late-filed indemnification claims of the D&O Stipulation

---

[2]       In the order, the Court made no finding and issued no ruling determining the standing of any creditor to assert the state law constructive fraudulent conveyance claims against current and former officers and directors of the Debtors.

[3]       The indenture trustee plaintiffs are Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for certain series of Senior Notes, Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for certain series of Senior Notes, and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES Notes.

[4]       The retiree plaintiffs are retirees of The Times Mirror Company, Tribune Company, and/or one or more of 110 affiliates or subsidiaries of Tribune Company.

[5]       The indenture trustees filed approximately 50 complaints in over twenty different federal and state courts. The retirees filed four separate actions in four different state courts.

[6]       The D&O Stipulation Parties are Ruthellyn Musil, John Poelking, Dennis FitzSimons, Don Grenesko, Mark Mallory, Gerald Agema, Irene Sewell, Enrique Hernandez Jr., Robert S. Morrison, J. Christopher Reyes, Dudley S. Taft, Miles D. White, Crane Kenney, Thomas Finke, Durham Monsma, Irving Quimby, Betty Ellen Berlamino, Tom

4

Parties would be treated as timely-filed and (ii) a process for permitting other former directors and officers of the Debtors who have been named in the Adversary Proceedings, or who have been or may be named in the SLCFC Litigation, to enter into stipulations identical to the Indemnification Claim Stipulation. See D.I. 9741.

L.    On October 3, 2011, the Court entered an Order approving the Joint Motion (the "Indemnification Claims Order"). See D.I. 9875. Pursuant to the Indemnification Claims Order, former directors and officers of the Debtors who (i) are not included as parties to the Indemnification Claims Stipulation, (ii) have been named in the Adversary Proceedings, or have been or may be named in the SCLCFC Litigation, and (iii) wish to receive relief similar to the Indemnification Claims Stipulation through entry into an identical stipulation with the Debtors and the Committee should (a) contact the Debtors or the Committee within 15 days of the entry of the Indemnification Claims Order to arrange to enter into a stipulation identical to the Indemnification Claims Stipulation and (b) thereafter file their indemnification claims or amend their previously filed proofs of claim within the same timeframe as the D&O Stipulation Parties (i.e., within 30 days of the entry of the Indemnification Claims Order).

M.    The D&O Claimant, who is a former director or officer of one or more of the Debtors, has notified the Debtors that he either has filed or intends to file (i) an indemnification claim against the Debtors in connection with the D&O Litigation in which the D&O Claimant has been or may subsequently be named a defendant, and any other litigation presently pending or hereafter filed, and arising from or relating to the D&O Claimant's service as a director or officer of one or more of the Debtors at the time of the transactions at issue in the D&O Litigation (including original proofs of claim and any amendments thereto, the "D&O

---

E. Ehlmann, John Birmingham, Mark W. Hianik, Peter A. Knapp, Kathleen Waltz, John Vitanovec, Timothy Landon, Richard Malone, Luis Lewin, David Hiller, Thomas Leach, John Reardon, and Scott Smith.

Indemnification Claim"), and (ii) a motion to allow his late-filed D&O Indemnification Claim to be treated as timely if an agreement cannot be reached among the Stipulation Parties.

## STIPULATION

NOW, THEREFORE, in consideration of the foregoing, the Stipulation Parties, through their undersigned counsel, stipulate and agree as follows:

1.    Given the prior proceedings summarized above, the Stipulation Parties seek to resolve the issue of timeliness without further contested proceedings before the Court. Accordingly, so long as the D&O Claimant has either (i) filed his D&O Indemnification Claim within 30 days of the entry of the Indemnification Claims Order, or (ii) amended his previously filed D&O Indemnification Claim within 30 days of the entry of the Indemnification Claims Order, the D&O Indemnification Claim shall be deemed timely-filed pursuant to Bankruptcy Rule 9006(b).

2.    For administrative convenience, the D&O Claimant shall file his D&O Indemnification Claim in the Tribune Company bankruptcy case, Case No. 08-13141 (KJC). The D&O Claimant shall identify in his proof of claim (or, as the case may be, amendments thereto) each of the subsidiary Debtors potentially implicated by the D&O Indemnification Claim. The D&O Indemnification Claim shall be deemed for all purposes to have been timely filed against each of the identified subsidiary Debtors in their respective bankruptcy cases without the necessity of filing separate proofs of claim in each of those cases.

3.    In the event that the D&O Claimant did not identify subsidiary Debtors in his original proof of claim, the D&O Claimant shall have 30 days from entry of the Indemnification Claims Order to file an amendment to his proofs of claim to include relevant subsidiary Debtors, and such claim shall be deemed timely-filed pursuant to Bankruptcy Rule 9006(b).

6

4.    In the event that the D&O Claimant amends his D&O Indemnification Claim to assert an indemnification and/or contribution claim against any subsidiary Debtors based on the preceding paragraph, the Debtors and/or the Court-appointed claims agent are authorized to take the steps necessary to ensure that the claims register reflects the amended proofs of claim.

5.    This Stipulation is without prejudice to the rights of the Debtors, the Committee, or any other party in interest to object to or otherwise contest the D&O Indemnification Claim on any and all grounds other than timeliness of filing.

7

Date: ~~October~~ _November_ __1__, 2011   COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD


By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suit 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

-and-

James F. Conlan
Kevin Lantry
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

*Counsel to the Debtors and Debtors in Possession*

8

Date: October ___, 2011     FREEBORN & PETERS LLP

By: _____
Aaron L. Hammer
Devon J. Eggert
311 S. Wacker Dr., Suite 3000
Chicago, Illinois 60606
Telephone: (312) 360-6305
Facsimile: (312) 360-6572

*Counsel to James L. Ellis*

Date: ~~October~~ *November* _1_, 2011    LANDIS RATH & COBB LLP

By: ⟨signature⟩ w/permission rbm
Adam Landis
919 North Market Street, Suite 1800
Wilmington, DE 19899
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

-and-

Howard Seife
Douglas Deutsch
David LeMay
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

*Counsel to the Official Committee of Unsecured Creditors*

10

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |

## STIPULATION TO TREAT CERTAIN LATE-FILED INDEMNIFICATION CLAIM OF AUDREY FARRINGTON AS TIMELY-FILED

This stipulation (the "Stipulation") is entered into by and among the above-captioned

debtors and debtors in possession (collectively, the "Debtors"), Audrey Farrington (the "D&O

Claimant"), and the Official Committee of Unsecured Creditors (the "Committee," together with

the Debtors and the D&O Claimant, the "Stipulation Parties").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (5466); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CHI 6291782v.1

## RECITALS

A.    The Debtors' by-laws, the Debtors' certificates of incorporation, and/or separation agreements may contain provisions pertaining to indemnification of the Debtors' respective officers and directors against liability for certain acts performed within the scope of their employment and reimbursement and advancement of costs and expenses incurred in defending lawsuits to which they become parties by virtue of their status as officers and directors of the Debtors, subject to specified limitations.

B.    By an order dated March 25, 2009 (the "Bar Date Order") [D.I. 813], the Court established June 12, 2009 (the "Bar Date"), as the deadline for filing claims against the Debtors.

C.    In late 2010, the Committee commenced adversary proceedings (the "Adversary Proceedings") against current and former officers and directors of the Debtors, asserting, among other things, claims for breach of fiduciary duty and avoidance and recovery of various payments made to these current and former officers or directors as either preferences or fraudulent conveyances.

D.    On April 7, 2011, Tom E. Ehlmann, John Birmingham, Mark W. Hianik, and Peter A. Knapp, four former officers of the Debtors who had been named as defendants in the Adversary Proceedings (the "Initial D&O Defendants"), filed claims requesting indemnification for any judgments entered as a result of the Adversary Proceedings, as well as all costs incurred in defending against the Adversary Proceedings. On the same day, the Initial D&O Defendants filed motions in the Bankruptcy Court for orders deeming their respective claims for indemnification to be timely-filed [D.I. 8594, 8595, 8596, 8597].

E.    The Committee filed an objection to the Initial D&O Defendants' motions on April 18, 2011 [D.I. 8689], asserting that the Initial D&O Defendants' failure to anticipate litigation did not constitute "excusable neglect," as defined in Pioneer Inv. Servs. Co. v.

2

<u>Brunswick Associates, Ltd.,</u> 507 U.S. 380 (1993), that warranted relief from the Bar Date Order pursuant to Bankruptcy Rule 9006(b).  On April 20, 2011, the Initial D&O Defendants filed a response to the Committee's objection [D.I. 8719].

F.      The Court heard arguments on the Initial D&O Defendants' motions on April 25, 2011.  At the conclusion of the hearing, the Court announced that the motions would be granted and that the claims would be treated as timely-filed.  Orders were subsequently entered effectuating the Court's decision.  <u>See</u> D.I. 8747, 8748, 8749, 8750.

G.      On May 6, 2011, Kathleen Waltz, John Vitanovec, Timothy Landon, Richard Malone, Luis Lewin, David Hiller, Thomas Leach, John Reardon, and Scott Smith (collectively, the "<u>Additional D&O Defendants</u>"), each named as a defendant in the Adversary Proceedings, filed motions for orders deeming their respective indemnification claims against the Debtors to be timely-filed [D.I. 8850, 8851, 8852, 8853, 8854, 8855, 8856, 8857, 8858].  The bases for the Additional D&O Defendants' motions were substantially the same as those set forth in the motions filed by the Initial D&O Defendants.

H.      The Committee objected to the motions of the Additional D&O Defendants on May 18, 2011 [D.I. 8941], asserting that the Additional D&O Defendants' delay in filing their claims one month after the Initial D&O Defendants was unjustifiable and did not meet the requisite standard for "excusable neglect."  The Committee also requested, in the event that the Court granted the Additional D&O Defendants' motions, that a unified procedure be created to address the merits of the underlying indemnification claims in a systematic and cost-effective manner.

I.      Following a hearing on May 25, 2011, the Court granted the Additional D&O Defendants' motions.  <u>See</u> D.I. 8992, 8994, 8995, 8997, 8998, 8999, 9000, 9001, 9002.  The

3

Court also noted on the record that it agreed with the Committee that a unified process to address the merits of the underlying indemnification claims was logical.

J.       During April of 2011, the Court entered an order lifting the automatic stay to the extent necessary to allow certain creditors to file and serve state law fraudulent conveyance actions against current and former officers and directors of the Debtors.[2] Ultimately, in June of 2011, the indenture trustees on behalf of holders of Senior Notes and PHONES Notes[3] and certain retirees[4] filed separate lawsuits[5] in various jurisdictions asserting state law constructive fraudulent conveyance claims against former stockholders of Tribune (collectively, the "SLCFC Litigation," and together with the Adversary Proceedings and any other state law constructive fraudulent conveyance actions against current and former officers and directors of the Debtors as former stockholders of Tribune similar to the SLCFC Litigation, the "D&O Litigation").   Certain current and former directors and officers are named defendants in the SLCFC Litigation.

K.       On September 1, 2011, the Debtors and the Committee filed a joint motion (the "Joint Motion") seeking approval of (i) a stipulation (the "Indemnification Claims Stipulation") by and between the Debtors, the Committee, and certain former directors and officers of the Debtors named as defendants in the D&O Litigation (collectively, the "D&O Stipulation Parties"),[6] pursuant to which certain late-filed indemnification claims of the D&O Stipulation

---

[2]       In the order, the Court made no finding and issued no ruling determining the standing of any creditor to assert the state law constructive fraudulent conveyance claims against current and former officers and directors of the Debtors.

[3]       The indenture trustee plaintiffs are Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for certain series of Senior Notes, Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for certain series of Senior Notes, and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES Notes.

[4]       The retiree plaintiffs are retirees of The Times Mirror Company, Tribune Company, and/or one or more of 110 affiliates or subsidiaries of Tribune Company.

[5]       The indenture trustees filed approximately 50 complaints in over twenty different federal and state courts. The retirees filed four separate actions in four different state courts.

[6]       The D&O Stipulation Parties are Ruthellyn Musil, John Poelking, Dennis FitzSimons, Don Grenesko, Mark Mallory, Gerald Agema, Irene Sewell, Enrique Hernandez Jr., Robert S. Morrison, J. Christopher Reyes, Dudley S. Taft, Miles D. White, Crane Kenney, Thomas Finke, Durham Monsma, Irving Quimby, Betty Ellen Berlamino, Tom

4

Parties would be treated as timely-filed and (ii) a process for permitting other former directors and officers of the Debtors who have been named in the Adversary Proceedings, or who have been or may be named in the SLCFC Litigation, to enter into stipulations identical to the Indemnification Claim Stipulation. See D.I. 9741.

L.      On October 3, 2011, the Court entered an Order approving the Joint Motion (the "Indemnification Claims Order"). See D.I. 9875. Pursuant to the Indemnification Claims Order, former directors and officers of the Debtors who (i) are not included as parties to the Indemnification Claims Stipulation, (ii) have been named in the Adversary Proceedings, or have been or may be named in the SCLCFC Litigation, and (iii) wish to receive relief similar to the Indemnification Claims Stipulation through entry into an identical stipulation with the Debtors and the Committee should (a) contact the Debtors or the Committee within 15 days of the entry of the Indemnification Claims Order to arrange to enter into a stipulation identical to the Indemnification Claims Stipulation and (b) thereafter file their indemnification claims or amend their previously filed proofs of claim within the same timeframe as the D&O Stipulation Parties (i.e., within 30 days of the entry of the Indemnification Claims Order).

M.      The D&O Claimant, who is a former director or officer of one or more of the Debtors, has notified the Debtors that she either has filed or intends to file (i) an indemnification claim against the Debtors in connection with the D&O Litigation in which the D&O Claimant has been or may subsequently be named a defendant, and any other litigation presently pending or hereafter filed, and arising from or relating to the D&O Claimant's service as a director or officer of one or more of the Debtors at the time of the transactions at issue in the D&O Litigation (including original proofs of claim and any amendments thereto, the "D&O

---

E. Ehlmann, John Birmingham, Mark W. Hianik, Peter A. Knapp, Kathleen Waltz, John Vitanovec, Timothy Landon, Richard Malone, Luis Lewin, David Hiller, Thomas Leach, John Reardon, and Scott Smith.

Indemnification Claim"), and (ii) a motion to allow her late-filed D&O Indemnification Claim to be treated as timely if an agreement cannot be reached among the Stipulation Parties.

### STIPULATION

NOW, THEREFORE, in consideration of the foregoing, the Stipulation Parties, through their undersigned counsel, stipulate and agree as follows:

1.      Given the prior proceedings summarized above, the Stipulation Parties seek to resolve the issue of timeliness without further contested proceedings before the Court. Accordingly, so long as the D&O Claimant has either (i) filed her D&O Indemnification Claim within 30 days of the entry of the Indemnification Claims Order, or (ii) amended her previously filed D&O Indemnification Claim within 30 days of the entry of the Indemnification Claims Order, the D&O Indemnification Claim shall be deemed timely-filed pursuant to Bankruptcy Rule 9006(b).

2.      For administrative convenience, the D&O Claimant shall file her D&O Indemnification Claim in the Tribune Company bankruptcy case, Case No. 08-13141 (KJC). The D&O Claimant shall identify in her proof of claim (or, as the case may be, amendments thereto) each of the subsidiary Debtors potentially implicated by the D&O Indemnification Claim. The D&O Indemnification Claim shall be deemed for all purposes to have been timely filed against each of the identified subsidiary Debtors in their respective bankruptcy cases without the necessity of filing separate proofs of claim in each of those cases.

3.      In the event that the D&O Claimant did not identify subsidiary Debtors in her original proof of claim, the D&O Claimant shall have 30 days from entry of the Indemnification Claims Order to file an amendment to her proofs of claim to include relevant subsidiary Debtors, and such claim shall be deemed timely-filed pursuant to Bankruptcy Rule 9006(b).

6

4.    In the event that the D&O Claimant amends her D&O Indemnification Claim to assert an indemnification and/or contribution claim against any subsidiary Debtors based on the preceding paragraph, the Debtors and/or the Court-appointed claims agent are authorized to take the steps necessary to ensure that the claims register reflects the amended proofs of claim.

5.    This Stipulation is without prejudice to the rights of the Debtors, the Committee, or any other party in interest to object to or otherwise contest the D&O Indemnification Claim on any and all grounds other than timeliness of filing.

Date: October 28, 2011

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suit 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

-and-

James F. Conlan
Kevin Lantry
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

*Counsel to the Debtors and Debtors in Possession*

8

Date: October 28, 2011    KRONICK MOSKOVITZ TIEDEMANN & GIRARD

By:_____
Bruce A. Emard
400 Capitol Mall, 27th Floor
Sacramento, CA 95814
Telephone: (916) 321-4500
Facsimile: (916) 321-4555

*Counsel to Audrey Farrington*

9

Date: October 28, 2011      LANDIS RATH & COBB LLP

By: _Adam G. Landis w/p/mission MBu_

Adam Landis
919 North Market Street, Suite 1800
Wilmington, DE 19899
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

-and-

Howard Seife
Douglas Deutsch
David LeMay
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

*Counsel to the Official Committee of Unsecured Creditors*

10

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

TRIBUNE COMPANY, et al.,[1]

Debtors.

Chapter 11

Case No. 08-13141 (KJC)

(Jointly Administered)

## STIPULATION TO TREAT CERTAIN LATE-FILED INDEMNIFICATION CLAIMS OF MICHAEL GART, RICHARD S. FEENEY, JOHN HENDRICKS, ROBYN MOTLEY, AND CAM TRINH AS TIMELY-FILED

This stipulation (the "Stipulation") is entered into by and among the above-captioned

debtors and debtors in possession (collectively, the "Debtors"), Michael Gart, Richard S. Feeney,

John Hendricks, Robyn Motley, and Cam Trinh (collectively, the "D&O Claimants"), and the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Forsity Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9353); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Official Committee of Unsecured Creditors (the "Committee," together with the Debtors and the D&O Claimants, the "Stipulation Parties").

## RECITALS

A.    The Debtors' by-laws, the Debtors' certificates of incorporation, and/or separation agreements may contain provisions pertaining to indemnification of the Debtors' respective officers and directors against liability for certain acts performed within the scope of their employment and reimbursement and advancement of costs and expenses incurred in defending lawsuits to which they become parties by virtue of their status as officers and directors of the Debtors, subject to specified limitations.

B.    By an order dated March 25, 2009 (the "Bar Date Order") [D.I. 813], the Court established June 12, 2009 (the "Bar Date"), as the deadline for filing claims against the Debtors.

C.    In late 2010, the Committee commenced adversary proceedings (the "Adversary Proceedings") against current and former officers and directors of the Debtors, asserting, among other things, claims for breach of fiduciary duty and avoidance and recovery of various payments made to these current and former officers or directors as either preferences or fraudulent conveyances.

D.    On April 7, 2011, Tom E. Ehlmann, John Birmingham, Mark W. Hianik, and Peter A. Knapp, four former officers of the Debtors who had been named as defendants in the Adversary Proceedings (the "Initial D&O Defendants"), filed claims requesting indemnification for any judgments entered as a result of the Adversary Proceedings, as well as all costs incurred in defending against the Adversary Proceedings.  On the same day, the Initial D&O Defendants filed motions in the Bankruptcy Court for orders deeming their respective claims for indemnification to be timely-filed [D.I. 8594, 8595, 8596, 8597].

E.      The Committee filed an objection to the Initial D&O Defendants' motions on

April 18, 2011 [D.I. 8689], asserting that the Initial D&O Defendants' failure to anticipate

litigation did not constitute "excusable neglect," as defined in Pioneer Inv. Servs. Co. v.

Brunswick Associates, Ltd., 507 U.S. 380 (1993), that warranted relief from the Bar Date Order

pursuant to Bankruptcy Rule 9006(b).  On April 20, 2011, the Initial D&O Defendants filed a

response to the Committee's objection [D.I. 8719].

F.      The Court heard arguments on the Initial D&O Defendants' motions on April 25,

2011.  At the conclusion of the hearing, the Court announced that the motions would be granted

and that the claims would be treated as timely-filed.  Orders were subsequently entered

effectuating the Court's decision.  See D.I. 8747, 8748, 8749, 8750.

G.      On May 6, 2011, Kathleen Waltz, John Vitanovec, Timothy Landon, Richard

Malone, Luis Lewin, David Hiller, Thomas Leach, John Reardon, and Scott Smith (collectively,

the "Additional D&O Defendants"), each named as a defendant in the Adversary Proceedings,

filed motions for orders deeming their respective indemnification claims against the Debtors to

be timely-filed [D.I. 8850, 8851, 8852, 8853, 8854, 8855, 8856, 8857, 8858].  The bases for the

Additional D&O Defendants' motions were substantially the same as those set forth in the

motions filed by the Initial D&O Defendants.

H.      The Committee objected to the motions of the Additional D&O Defendants on

May 18, 2011 [D.I. 8941], asserting that the Additional D&O Defendants' delay in filing their

claims one month after the Initial D&O Defendants was unjustifiable and did not meet the

requisite standard for "excusable neglect."  The Committee also requested, in the event that the

Court granted the Additional D&O Defendants' motions, that a unified procedure be created to

address the merits of the underlying indemnification claims in a systematic and cost-effective

manner.

I.    Following a hearing on May 25, 2011, the Court granted the Additional D&O Defendants' motions. See D.I. 8992, 8994, 8995, 8997, 8998, 8999, 9000, 9001, 9002. The Court also noted on the record that it agreed with the Committee that a unified process to address the merits of the underlying indemnification claims was logical.

J.    During April of 2011, the Court entered an order lifting the automatic stay to the extent necessary to allow certain creditors to file and serve state law fraudulent conveyance actions against current and former officers and directors of the Debtors.[2] Ultimately, in June of 2011, the indenture trustees on behalf of holders of Senior Notes and PHONES Notes[3] and certain retirees[4] filed separate lawsuits[5] in various jurisdictions asserting state law constructive fraudulent conveyance claims against former stockholders of Tribune (collectively, the "SLCFC Litigation," and together with the Adversary Proceedings and any other state law constructive fraudulent conveyance actions against current and former officers and directors of the Debtors as former stockholders of Tribune similar to the SLCFC Litigation, the "D&O Litigation"). Certain current and former directors and officers are named defendants in the SLCFC Litigation.

K.    On September 1, 2011, the Debtors and the Committee filed a joint motion (the "Joint Motion") seeking approval of (i) a stipulation (the "Indemnification Claims Stipulation") by and between the Debtors, the Committee, and certain former directors and officers of the Debtors named as defendants in the D&O Litigation (collectively, the "D&O Stipulation

---

[2]    In the order, the Court made no finding and issued no ruling determining the standing of any creditor to assert the state law constructive fraudulent conveyance claims against current and former officers and directors of the Debtors.

[3]    The indenture trustee plaintiffs are Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for certain series of Senior Notes, Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for certain series of Senior Notes, and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES Notes.

[4]    The retiree plaintiffs are retirees of The Times Mirror Company, Tribune Company, and/or one or more of 110 affiliates or subsidiaries of Tribune Company.

[5]    The indenture trustees filed approximately 50 complaints in over twenty different federal and state courts. The retirees filed four separate actions in four different state courts.

4

Parties"),[6] pursuant to which certain late-filed indemnification claims of the D&O Stipulation

Parties would be treated as timely-filed and (ii) a process for permitting other former directors

and officers of the Debtors who have been named in the Adversary Proceedings, or who have

been or may be named in the SLCFC Litigation, to enter into stipulations identical to the

Indemnification Claim Stipulation. See D.I. 9741.

      L.      On October 3, 2011, the Court entered an Order approving the Joint Motion (the

"Indemnification Claims Order"). See D.I. 9875. Pursuant to the Indemnification Claims Order,

former directors and officers of the Debtors who (i) are not included as parties to the

Indemnification Claims Stipulation, (ii) have been named in the Adversary Proceedings, or have

been or may be named in the SCLCFC Litigation, and (iii) wish to receive relief similar to the

Indemnification Claims Stipulation through entry into an identical stipulation with the Debtors

and the Committee should (a) contact the Debtors or the Committee within 15 days of the entry

of the Indemnification Claims Order to arrange to enter into a stipulation identical to the

Indemnification Claims Stipulation and (b) thereafter file their indemnification claims or amend

their previously filed proofs of claim within the same timeframe as the D&O Stipulation Parties

(i.e., within 30 days of the entry of the Indemnification Claims Order).

      M.      The D&O Claimants, each of whom is a former director or officer of one or more

of the Debtors, have notified the Debtors that they either have filed or intend to file (i)

indemnification claims against the Debtors in connection with the D&O Litigation in which they

have been or may subsequently be named defendants, and any other litigation presently pending

or hereafter filed, and arising from or relating to the D&O Claimants' service as directors or

---

[6]      The D&O Stipulation Parties are Ruthellyn Musil, John Poelking, Dennis FitzSimons, Don Grenesko, Mark
Mallory, Gerald Agema, Irene Sewell, Enrique Hernandez Jr., Robert S. Morrison, J. Christopher Reyes, Dudley S.
Taft, Miles D. White, Crane Kenney, Thomas Finke, Durham Monsma, Irving Quimby, Betty Ellen Berlamino, Tom
E. Ehlmann, John Birmingham, Mark W. Hianik, Peter A. Knapp, Kathleen Waltz, John Vitanovec, Timothy
Landon, Richard Malone, Luis Lewin, David Hiller, Thomas Leach, John Reardon, and Scott Smith.

officers of one or more of the Debtors at the time of the transactions at issue in the D&O

Litigation (collectively, including original proofs of claim and any amendments thereto, the

"D&O Indemnification Claims"), and (ii) motions to allow their late-filed D&O Indemnification

Claims to be treated as timely if an agreement cannot be reached among the Stipulation Parties.

## STIPULATION

NOW, THEREFORE, in consideration of the foregoing, the Stipulation Parties, through

their undersigned counsel, stipulate and agree as follows:

1.      Given the prior proceedings summarized above, the Stipulation Parties seek to

resolve the issue of timeliness without further contested proceedings before the Court.

Accordingly, so long as any D&O Claimant has either (i) filed his or her D&O Indemnification

Claims within 30 days of the entry of the Indemnification Claims Order, or (ii) amended his or

her previously filed D&O Indemnification Claims within 30 days of the entry of the

Indemnification Claims Order, the D&O Indemnification Claims shall be deemed timely-filed

pursuant to Bankruptcy Rule 9006(b).

2.      For administrative convenience, the D&O Claimants shall file their respective

D&O Indemnification Claims in the Tribune Company bankruptcy case, Case No. 08-13141

(KJC).  The D&O Claimants shall identify in their proofs of claim (or, as the case may be,

amendments thereto) each of the subsidiary Debtors potentially implicated by the D&O

Indemnification Claims.  The D&O Indemnification Claims shall be deemed for all purposes to

have been timely filed against each of the identified subsidiary Debtors in their respective

bankruptcy cases without the necessity of filing separate proofs of claim in each of those cases.

3.      In the event that any D&O Claimant did not identify subsidiary Debtors in his or

her original proof of claim, such D&O Claimant shall have 30 days from entry of the

Indemnification Claims Order to file an amendment to his or her proofs of claim to include

6

relevant subsidiary Debtors, and such claim shall be deemed timely-filed pursuant to Bankruptcy Rule 9006(b).

4.    In the event that a D&O Claimant amends his or her respective D&O Indemnification Claim to assert an indemnification and/or contribution claim against any subsidiary Debtors based on the preceding paragraph, the Debtors and/or the Court-appointed claims agent are authorized to take the steps necessary to ensure that the claims register reflects the amended proofs of claim.

5.    This Stipulation is without prejudice to the rights of the Debtors, the Committee, or any other party in interest to object to or otherwise contest any of the D&O Indemnification Claims on any and all grounds other than timeliness of filing.

Date: October 27, 2011    COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suit 1410
Wilmington, Delaware 19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

-and-

James F. Conlan
Kevin Lantry
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

*Counsel to the Debtors and Debtors in Possession*

8

Date: October **27**, 2011    FRANK/GECKER LLP

By: _Reed Heilgman_
Reed Heilgman
325 North LaSalle Street, Suite 625
Chicago, IL 60654
Telephone: 312-276-1411
Facsimile: 312-276-0035

*Counsel to Michael Gart, Richard S. Feeney, John Hendricks,*
*Robyn Motley, and Cam Trinh*

9

Date: October 27, 2011      LANDIS RATH & COBB LLP

By: *Adam G. Landis v/ permission MJM*
Adam Landis
919 North Market Street, Suite 1800
Wilmington, DE 19899
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

-and-

Howard Seife
Douglas Deutsch
David LeMay
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

*Counsel to the Official Committee of Unsecured Creditors*

10

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |

## STIPULATION TO TREAT CERTAIN LATE-FILED
## INDEMNIFICATION CLAIM OF ERNEST C. GATES AS TIMELY-FILED

This stipulation (the "Stipulation") is entered into by and among the above-captioned

debtors and debtors in possession (collectively, the "Debtors"), Ernest C. Gates (the "D&O

Claimant"), and the Official Committee of Unsecured Creditors (the "Committee," together with

the Debtors and the D&O Claimant, the "Stipulation Parties").

---

[1]        The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CH1 6297425v.1

## RECITALS

A.     The Debtors' by-laws, the Debtors' certificates of incorporation, and/or separation agreements may contain provisions pertaining to indemnification of the Debtors' respective officers and directors against liability for certain acts performed within the scope of their employment and reimbursement and advancement of costs and expenses incurred in defending lawsuits to which they become parties by virtue of their status as officers and directors of the Debtors, subject to specified limitations.

B.     By an order dated March 25, 2009 (the "Bar Date Order") [D.I. 813], the Court established June 12, 2009 (the "Bar Date"), as the deadline for filing claims against the Debtors.

C.     In late 2010, the Committee commenced adversary proceedings (the "Adversary Proceedings") against current and former officers and directors of the Debtors, asserting, among other things, claims for breach of fiduciary duty and avoidance and recovery of various payments made to these current and former officers or directors as either preferences or fraudulent conveyances.

D.     On April 7, 2011, Tom E. Ehlmann, John Birmingham, Mark W. Hianik, and Peter A. Knapp, four former officers of the Debtors who had been named as defendants in the Adversary Proceedings (the "Initial D&O Defendants"), filed claims requesting indemnification for any judgments entered as a result of the Adversary Proceedings, as well as all costs incurred in defending against the Adversary Proceedings. On the same day, the Initial D&O Defendants filed motions in the Bankruptcy Court for orders deeming their respective claims for indemnification to be timely-filed [D.I. 8594, 8595, 8596, 8597].

E.     The Committee filed an objection to the Initial D&O Defendants' motions on April 18, 2011 [D.I. 8689], asserting that the Initial D&O Defendants' failure to anticipate litigation did not constitute "excusable neglect," as defined in Pioneer Inv. Servs. Co. v.

2

Brunswick Associates, Ltd., 507 U.S. 380 (1993), that warranted relief from the Bar Date Order pursuant to Bankruptcy Rule 9006(b). On April 20, 2011, the Initial D&O Defendants filed a response to the Committee's objection [D.I. 8719].

F.    The Court heard arguments on the Initial D&O Defendants' motions on April 25, 2011. At the conclusion of the hearing, the Court announced that the motions would be granted and that the claims would be treated as timely-filed. Orders were subsequently entered effectuating the Court's decision. See D.I. 8747, 8748, 8749, 8750.

G.    On May 6, 2011, Kathleen Waltz, John Vitanovec, Timothy Landon, Richard Malone, Luis Lewin, David Hiller, Thomas Leach, John Reardon, and Scott Smith (collectively, the "Additional D&O Defendants"), each named as a defendant in the Adversary Proceedings, filed motions for orders deeming their respective indemnification claims against the Debtors to be timely-filed [D.I. 8850, 8851, 8852, 8853, 8854, 8855, 8856, 8857, 8858]. The bases for the Additional D&O Defendants' motions were substantially the same as those set forth in the motions filed by the Initial D&O Defendants.

H.    The Committee objected to the motions of the Additional D&O Defendants on May 18, 2011 [D.I. 8941], asserting that the Additional D&O Defendants' delay in filing their claims one month after the Initial D&O Defendants was unjustifiable and did not meet the requisite standard for "excusable neglect." The Committee also requested, in the event that the Court granted the Additional D&O Defendants' motions, that a unified procedure be created to address the merits of the underlying indemnification claims in a systematic and cost-effective manner.

I.    Following a hearing on May 25, 2011, the Court granted the Additional D&O Defendants' motions. See D.I. 8992, 8994, 8995, 8997, 8998, 8999, 9000, 9001, 9002. The

3

Court also noted on the record that it agreed with the Committee that a unified process to address the merits of the underlying indemnification claims was logical.

J.     During April of 2011, the Court entered an order lifting the automatic stay to the extent necessary to allow certain creditors to file and serve state law fraudulent conveyance actions against current and former officers and directors of the Debtors.[2]  Ultimately, in June of 2011, the indenture trustees on behalf of holders of Senior Notes and PHONES Notes[3] and certain retirees[4] filed separate lawsuits[5] in various jurisdictions asserting state law constructive fraudulent conveyance claims against former stockholders of Tribune (collectively, the "SLCFC Litigation," and together with the Adversary Proceedings and any other state law constructive fraudulent conveyance actions against current and former officers and directors of the Debtors as former stockholders of Tribune similar to the SLCFC Litigation, the "D&O Litigation").  Certain current and former directors and officers are named defendants in the SLCFC Litigation.

K.     On September 1, 2011, the Debtors and the Committee filed a joint motion (the "Joint Motion") seeking approval of (i) a stipulation (the "Indemnification Claims Stipulation") by and between the Debtors, the Committee, and certain former directors and officers of the Debtors named as defendants in the D&O Litigation (collectively, the "D&O Stipulation Parties"),[6] pursuant to which certain late-filed indemnification claims of the D&O Stipulation

---

[2]     In the order, the Court made no finding and issued no ruling determining the standing of any creditor to assert the state law constructive fraudulent conveyance claims against current and former officers and directors of the Debtors.

[3]     The indenture trustee plaintiffs are Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for certain series of Senior Notes, Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for certain series of Senior Notes, and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES Notes.

[4]     The retiree plaintiffs are retirees of The Times Mirror Company, Tribune Company, and/or one or more of 110 affiliates or subsidiaries of Tribune Company.

[5]     The indenture trustees filed approximately 50 complaints in over twenty different federal and state courts. The retirees filed four separate actions in four different state courts.

[6]     The D&O Stipulation Parties are Ruthellyn Musil, John Poelking, Dennis FitzSimons, Don Grenesko, Mark Mallory, Gerald Agema, Irene Sewell, Enrique Hernandez Jr., Robert S. Morrison, J. Christopher Reyes, Dudley S. Taft, Miles D. White, Crane Kenney, Thomas Finke, Durham Monsma, Irving Quimby, Betty Ellen Berlamino, Tom

4

Parties would be treated as timely-filed and (ii) a process for permitting other former directors and officers of the Debtors who have been named in the Adversary Proceedings, or who have been or may be named in the SLCFC Litigation, to enter into stipulations identical to the Indemnification Claim Stipulation. See D.I. 9741.

L.    On October 3, 2011, the Court entered an Order approving the Joint Motion (the "Indemnification Claims Order"). See D.I. 9875. Pursuant to the Indemnification Claims Order, former directors and officers of the Debtors who (i) are not included as parties to the Indemnification Claims Stipulation, (ii) have been named in the Adversary Proceedings, or have been or may be named in the SCLCFC Litigation, and (iii) wish to receive relief similar to the Indemnification Claims Stipulation through entry into an identical stipulation with the Debtors and the Committee should (a) contact the Debtors or the Committee within 15 days of the entry of the Indemnification Claims Order to arrange to enter into a stipulation identical to the Indemnification Claims Stipulation and (b) thereafter file their indemnification claims or amend their previously filed proofs of claim within the same timeframe as the D&O Stipulation Parties (i.e., within 30 days of the entry of the Indemnification Claims Order).

M.    The D&O Claimant, who is a former director or officer of one or more of the Debtors, has notified the Debtors that he either has filed or intends to file (i) an indemnification claim against the Debtors in connection with the D&O Litigation in which the D&O Claimant has been or may subsequently be named a defendant, and any other litigation presently pending or hereafter filed, and arising from or relating to the D&O Claimant's service as a director or officer of one or more of the Debtors at the time of the transactions at issue in the D&O Litigation (including original proofs of claim and any amendments thereto, the "D&O

E. Ehlmann, John Birmingham, Mark W. Hianik, Peter A. Knapp, Kathleen Waltz, John Vitanovec, Timothy Landon, Richard Malone, Luis Lewin, David Hiller, Thomas Leach, John Reardon, and Scott Smith.

Indemnification Claim"), and (ii) a motion to allow his late-filed D&O Indemnification Claim to be treated as timely if an agreement cannot be reached among the Stipulation Parties.

### STIPULATION

NOW, THEREFORE, in consideration of the foregoing, the Stipulation Parties, through their undersigned counsel, stipulate and agree as follows:

1.     Given the prior proceedings summarized above, the Stipulation Parties seek to resolve the issue of timeliness without further contested proceedings before the Court. Accordingly, so long as the D&O Claimant has either (i) filed his D&O Indemnification Claim within 30 days of the entry of the Indemnification Claims Order, or (ii) amended his previously filed D&O Indemnification Claim within 30 days of the entry of the Indemnification Claims Order, the D&O Indemnification Claim shall be deemed timely-filed pursuant to Bankruptcy Rule 9006(b).

2.     For administrative convenience, the D&O Claimant shall file his D&O Indemnification Claim in the Tribune Company bankruptcy case, Case No. 08-13141 (KJC). The D&O Claimant shall identify in his proof of claim (or, as the case may be, amendments thereto) each of the subsidiary Debtors potentially implicated by the D&O Indemnification Claim.  The D&O Indemnification Claim shall be deemed for all purposes to have been timely filed against each of the identified subsidiary Debtors in their respective bankruptcy cases without the necessity of filing separate proofs of claim in each of those cases.

3.     In the event that the D&O Claimant did not identify subsidiary Debtors in his original proof of claim, the D&O Claimant shall have 30 days from entry of the Indemnification Claims Order to file an amendment to his proofs of claim to include relevant subsidiary Debtors, and such claim shall be deemed timely-filed pursuant to Bankruptcy Rule 9006(b).

6

4.    In the event that the D&O Claimant amends his D&O Indemnification Claim to assert an indemnification and/or contribution claim against any subsidiary Debtors based on the preceding paragraph, the Debtors and/or the Court-appointed claims agent are authorized to take the steps necessary to ensure that the claims register reflects the amended proofs of claim.

5.    This Stipulation is without prejudice to the rights of the Debtors, the Committee, or any other party in interest to object to or otherwise contest the D&O Indemnification Claim on any and all grounds other than timeliness of filing.

Date:  October *27*, 2011    COLE, SCHOTZ, MEISEL,
                                FORMAN & LEONARD


By:    _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suit 1410
Wilmington, Delaware 19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

-and-

James F. Conlan
Kevin Lantry
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

*Counsel to the Debtors and Debtors in Possession*

· 8

Date: October 27, 2011        ERNEST C. GATES

By: _____
Ernest C. Gates

9

Date: October 27, 2011    LANDIS RATH & COBB LLP

By: _Adam G. Landis w/permission MYM_
Adam Landis
919 North Market Street, Suite 1800
Wilmington, DE 19899
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

-and-

Howard Seife
Douglas Deutsch
David LeMay
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

*Counsel to the Official Committee of Unsecured Creditors*

10