# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |

## STIPULATION TO TREAT CERTAIN LATE-FILED
## INDEMNIFICATION CLAIM OF DANA C. HAYES JR. AS TIMELY-FILED

This stipulation (the "Stipulation") is entered into by and among the above-captioned

debtors and debtors in possession (collectively, the "Debtors"), Dana C. Hayes Jr. (the "D&O

Claimant"), and the Official Committee of Unsecured Creditors (the "Committee," together with

the Debtors and the D&O Claimant, the "Stipulation Parties").

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5512); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

## RECITALS

A.    The Debtors' by-laws, the Debtors' certificates of incorporation, and/or separation agreements may contain provisions pertaining to indemnification of the Debtors' respective officers and directors against liability for certain acts performed within the scope of their employment and reimbursement and advancement of costs and expenses incurred in defending lawsuits to which they become parties by virtue of their status as officers and directors of the Debtors, subject to specified limitations.

B.    By an order dated March 25, 2009 (the "Bar Date Order") [D.I. 813], the Court established June 12, 2009 (the "Bar Date"), as the deadline for filing claims against the Debtors.

C.    In late 2010, the Committee commenced adversary proceedings (the "Adversary Proceedings") against current and former officers and directors of the Debtors, asserting, among other things, claims for breach of fiduciary duty and avoidance and recovery of various payments made to these current and former officers or directors as either preferences or fraudulent conveyances.

D.    On April 7, 2011, Tom E. Ehlmann, John Birmingham, Mark W. Hianik, and Peter A. Knapp, four former officers of the Debtors who had been named as defendants in the Adversary Proceedings (the "Initial D&O Defendants"), filed claims requesting indemnification for any judgments entered as a result of the Adversary Proceedings, as well as all costs incurred in defending against the Adversary Proceedings.  On the same day, the Initial D&O Defendants filed motions in the Bankruptcy Court for orders deeming their respective claims for indemnification to be timely-filed [D.I. 8594, 8595, 8596, 8597].

E.    The Committee filed an objection to the Initial D&O Defendants' motions on April 18, 2011 [D.I. 8689], asserting that the Initial D&O Defendants' failure to anticipate litigation did not constitute "excusable neglect," as defined in Pioneer Inv. Servs. Co. v.

2

Brunswick Associates, Ltd., 507 U.S. 380 (1993), that warranted relief from the Bar Date Order pursuant to Bankruptcy Rule 9006(b). On April 20, 2011, the Initial D&O Defendants filed a response to the Committee's objection [D.I. 8719].

    F.    The Court heard arguments on the Initial D&O Defendants' motions on April 25, 2011. At the conclusion of the hearing, the Court announced that the motions would be granted and that the claims would be treated as timely-filed. Orders were subsequently entered effectuating the Court's decision. See D.I. 8747, 8748, 8749, 8750.

    G.    On May 6, 2011, Kathleen Waltz, John Vitanovec, Timothy Landon, Richard Malone, Luis Lewin, David Hiller, Thomas Leach, John Reardon, and Scott Smith (collectively, the "Additional D&O Defendants"), each named as a defendant in the Adversary Proceedings, filed motions for orders deeming their respective indemnification claims against the Debtors to be timely-filed [D.I. 8850, 8851, 8852, 8853, 8854, 8855, 8856, 8857, 8858]. The bases for the Additional D&O Defendants' motions were substantially the same as those set forth in the motions filed by the Initial D&O Defendants.

    H.    The Committee objected to the motions of the Additional D&O Defendants on May 18, 2011 [D.I. 8941], asserting that the Additional D&O Defendants' delay in filing their claims one month after the Initial D&O Defendants was unjustifiable and did not meet the requisite standard for "excusable neglect." The Committee also requested, in the event that the Court granted the Additional D&O Defendants' motions, that a unified procedure be created to address the merits of the underlying indemnification claims in a systematic and cost-effective manner.

    I.    Following a hearing on May 25, 2011, the Court granted the Additional D&O Defendants' motions. See D.I. 8992, 8994, 8995, 8997, 8998, 8999, 9000, 9001, 9002. The

Court also noted on the record that it agreed with the Committee that a unified process to address the merits of the underlying indemnification claims was logical.

J.    During April of 2011, the Court entered an order lifting the automatic stay to the extent necessary to allow certain creditors to file and serve state law fraudulent conveyance actions against current and former officers and directors of the Debtors.[2] Ultimately, in June of 2011, the indenture trustees on behalf of holders of Senior Notes and PHONES Notes[3] and certain retirees[4] filed separate lawsuits[5] in various jurisdictions asserting state law constructive fraudulent conveyance claims against former stockholders of Tribune (collectively, the "SLCFC Litigation," and together with the Adversary Proceedings and any other state law constructive fraudulent conveyance actions against current and former officers and directors of the Debtors as former stockholders of Tribune similar to the SLCFC Litigation, the "D&O Litigation"). Certain current and former directors and officers are named defendants in the SLCFC Litigation.

K.    On September 1, 2011, the Debtors and the Committee filed a joint motion (the "Joint Motion") seeking approval of (i) a stipulation (the "Indemnification Claims Stipulation") by and between the Debtors, the Committee, and certain former directors and officers of the Debtors named as defendants in the D&O Litigation (collectively, the "D&O Stipulation Parties"),[6] pursuant to which certain late-filed indemnification claims of the D&O Stipulation

_____

[2]    In the order, the Court made no finding and issued no ruling determining the standing of any creditor to assert the state law constructive fraudulent conveyance claims against current and former officers and directors of the Debtors.

[3]    The indenture trustee plaintiffs are Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for certain series of Senior Notes, Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for certain series of Senior Notes, and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES Notes.

[4]    The retiree plaintiffs are retirees of The Times Mirror Company, Tribune Company, and/or one or more of 110 affiliates or subsidiaries of Tribune Company.

[5]    The indenture trustees filed approximately 50 complaints in over twenty different federal and state courts. The retirees filed four separate actions in four different state courts.

[6]    The D&O Stipulation Parties are Ruthellyn Musil, John Poelking, Dennis FitzSimons, Don Grenesko, Mark Mallory, Gerald Agema, Irene Sewell, Enrique Hernandez Jr., Robert S. Morrison, J. Christopher Reyes, Dudley S. Taft, Miles D. White, Crane Kenney, Thomas Finke, Durham Monsma, Irving Quimby, Betty Ellen Berlamino, Tom

Parties would be treated as timely-filed and (ii) a process for permitting other former directors and officers of the Debtors who have been named in the Adversary Proceedings, or who have been or may be named in the SLCFC Litigation, to enter into stipulations identical to the Indemnification Claim Stipulation. See D.I. 9741.

L.    On October 3, 2011, the Court entered an Order approving the Joint Motion (the "Indemnification Claims Order"). See D.I. 9875. Pursuant to the Indemnification Claims Order, former directors and officers of the Debtors who (i) are not included as parties to the Indemnification Claims Stipulation, (ii) have been named in the Adversary Proceedings, or have been or may be named in the SCLCFC Litigation, and (iii) wish to receive relief similar to the Indemnification Claims Stipulation through entry into an identical stipulation with the Debtors and the Committee should (a) contact the Debtors or the Committee within 15 days of the entry of the Indemnification Claims Order to arrange to enter into a stipulation identical to the Indemnification Claims Stipulation and (b) thereafter file their indemnification claims or amend their previously filed proofs of claim within the same timeframe as the D&O Stipulation Parties (i.e., within 30 days of the entry of the Indemnification Claims Order).

M.    The D&O Claimant, who is a former director or officer of one or more of the Debtors, has notified the Debtors that he either has filed or intends to file (i) an indemnification claim against the Debtors in connection with the D&O Litigation in which the D&O Claimant has been or may subsequently be named a defendant, and any other litigation presently pending or hereafter filed, and arising from or relating to the D&O Claimant's service as a director or officer of one or more of the Debtors at the time of the transactions at issue in the D&O Litigation (including original proofs of claim and any amendments thereto, the "D&O

---

E. Ehlmann, John Birmingham, Mark W. Hianik, Peter A. Knapp, Kathleen Waltz, John Vitanovec, Timothy Landon, Richard Malone, Luis Lewin, David Hiller, Thomas Leach, John Reardon, and Scott Smith.

Indemnification Claim"), and (ii) a motion to allow his late-filed D&O Indemnification Claim to be treated as timely if an agreement cannot be reached among the Stipulation Parties.

## STIPULATION

NOW, THEREFORE, in consideration of the foregoing, the Stipulation Parties, through their undersigned counsel, stipulate and agree as follows:

1.     Given the prior proceedings summarized above, the Stipulation Parties seek to resolve the issue of timeliness without further contested proceedings before the Court. Accordingly, so long as the D&O Claimant has either (i) filed his D&O Indemnification Claim within 30 days of the entry of the Indemnification Claims Order, or (ii) amended his previously filed D&O Indemnification Claim within 30 days of the entry of the Indemnification Claims Order, the D&O Indemnification Claim shall be deemed timely-filed pursuant to Bankruptcy Rule 9006(b).

2.     For administrative convenience, the D&O Claimant shall file his D&O Indemnification Claim in the Tribune Company bankruptcy case, Case No. 08-13141 (KJC). The D&O Claimant shall identify in his proof of claim (or, as the case may be, amendments thereto) each of the subsidiary Debtors potentially implicated by the D&O Indemnification Claim. The D&O Indemnification Claim shall be deemed for all purposes to have been timely filed against each of the identified subsidiary Debtors in their respective bankruptcy cases without the necessity of filing separate proofs of claim in each of those cases.

3.     In the event that the D&O Claimant did not identify subsidiary Debtors in his original proof of claim, the D&O Claimant shall have 30 days from entry of the Indemnification Claims Order to file an amendment to his proofs of claim to include relevant subsidiary Debtors, and such claim shall be deemed timely-filed pursuant to Bankruptcy Rule 9006(b).

6

4.     In the event that the D&O Claimant amends his D&O Indemnification Claim to assert an indemnification and/or contribution claim against any subsidiary Debtors based on the preceding paragraph, the Debtors and/or the Court-appointed claims agent are authorized to take the steps necessary to ensure that the claims register reflects the amended proofs of claim.

5.     This Stipulation is without prejudice to the rights of the Debtors, the Committee, or any other party in interest to object to or otherwise contest the D&O Indemnification Claim on any and all grounds other than timeliness of filing.

Date: October 31, 2011    COLE, SCHOTZ, MEISEL,
                                  FORMAN & LEONARD


By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suit 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

-and-

James F. Conlan
Kevin Lantry
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

*Counsel to the Debtors and Debtors in Possession*

Date: October 31, 2011         FREEBORN & PETERS LLP

                               By: _____
                               Aaron L. Hammer
                               Devon J. Eggert
                               311 S. Wacker Dr., Suite 3000
                               Chicago, Illinois 60606
                               Telephone: (312) 360-6305
                               Facsimile: (312) 360-6572

                               *Counsel to Dana C. Hayes Jr.*

9

Date: October 31, 2011    LANDIS RATH & COBB LLP

By: *Adam G. Landis w/ permission MJM*
Adam Landis
919 North Market Street, Suite 1800
Wilmington, DE 19899
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

-and-

Howard Seife
Douglas Deutsch
David LeMay
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

*Counsel to the Official Committee of Unsecured Creditors*

10

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |

## STIPULATION TO TREAT CERTAIN LATE-FILED INDEMNIFICATION CLAIM OF ALICE ISKRA AS TIMELY-FILED

This stipulation (the "Stipulation") is entered into by and among the above-captioned

debtors and debtors in possession (collectively, the "Debtors"), Alice Iskra (the "D&O

Claimant"), and the Official Committee of Unsecured Creditors (the "Committee," together with

the Debtors and the D&O Claimant, the "Stipulation Parties").

---

[1]       The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

## RECITALS

A.    The Debtors' by-laws, the Debtors' certificates of incorporation, and/or separation agreements may contain provisions pertaining to indemnification of the Debtors' respective officers and directors against liability for certain acts performed within the scope of their employment and reimbursement and advancement of costs and expenses incurred in defending lawsuits to which they become parties by virtue of their status as officers and directors of the Debtors, subject to specified limitations.

B.    By an order dated March 25, 2009 (the "Bar Date Order") [D.I. 813], the Court established June 12, 2009 (the "Bar Date"), as the deadline for filing claims against the Debtors.

C.    In late 2010, the Committee commenced adversary proceedings (the "Adversary Proceedings") against current and former officers and directors of the Debtors, asserting, among other things, claims for breach of fiduciary duty and avoidance and recovery of various payments made to these current and former officers or directors as either preferences or fraudulent conveyances.

D.    On April 7, 2011, Tom E. Ehlmann, John Birmingham, Mark W. Hianik, and Peter A. Knapp, four former officers of the Debtors who had been named as defendants in the Adversary Proceedings (the "Initial D&O Defendants"), filed claims requesting indemnification for any judgments entered as a result of the Adversary Proceedings, as well as all costs incurred in defending against the Adversary Proceedings.  On the same day, the Initial D&O Defendants filed motions in the Bankruptcy Court for orders deeming their respective claims for indemnification to be timely-filed [D.I. 8594, 8595, 8596, 8597].

E.    The Committee filed an objection to the Initial D&O Defendants' motions on April 18, 2011 [D.I. 8689], asserting that the Initial D&O Defendants' failure to anticipate litigation did not constitute "excusable neglect," as defined in Pioneer Inv. Servs. Co. v.

2

<u>Brunswick Associates, Ltd.</u>, 507 U.S. 380 (1993), that warranted relief from the Bar Date Order pursuant to Bankruptcy Rule 9006(b). On April 20, 2011, the Initial D&O Defendants filed a response to the Committee's objection [D.I. 8719].

F.      The Court heard arguments on the Initial D&O Defendants' motions on April 25, 2011. At the conclusion of the hearing, the Court announced that the motions would be granted and that the claims would be treated as timely-filed. Orders were subsequently entered effectuating the Court's decision. <u>See</u> D.I. 8747, 8748, 8749, 8750.

G.      On May 6, 2011, Kathleen Waltz, John Vitanovec, Timothy Landon, Richard Malone, Luis Lewin, David Hiller, Thomas Leach, John Reardon, and Scott Smith (collectively, the "<u>Additional D&O Defendants</u>"), each named as a defendant in the Adversary Proceedings, filed motions for orders deeming their respective indemnification claims against the Debtors to be timely-filed [D.I. 8850, 8851, 8852, 8853, 8854, 8855, 8856, 8857, 8858]. The bases for the Additional D&O Defendants' motions were substantially the same as those set forth in the motions filed by the Initial D&O Defendants.

H.      The Committee objected to the motions of the Additional D&O Defendants on May 18, 2011 [D.I. 8941], asserting that the Additional D&O Defendants' delay in filing their claims one month after the Initial D&O Defendants was unjustifiable and did not meet the requisite standard for "excusable neglect." The Committee also requested, in the event that the Court granted the Additional D&O Defendants' motions, that a unified procedure be created to address the merits of the underlying indemnification claims in a systematic and cost-effective manner.

I.      Following a hearing on May 25, 2011, the Court granted the Additional D&O Defendants' motions. <u>See</u> D.I. 8992, 8994, 8995, 8997, 8998, 8999, 9000, 9001, 9002. The

3

Court also noted on the record that it agreed with the Committee that a unified process to address the merits of the underlying indemnification claims was logical.

J.     During April of 2011, the Court entered an order lifting the automatic stay to the extent necessary to allow certain creditors to file and serve state law fraudulent conveyance actions against current and former officers and directors of the Debtors.[2]  Ultimately, in June of 2011, the indenture trustees on behalf of holders of Senior Notes and PHONES Notes[3] and certain retirees[4] filed separate lawsuits[5] in various jurisdictions asserting state law constructive fraudulent conveyance claims against former stockholders of Tribune (collectively, the "SLCFC Litigation," and together with the Adversary Proceedings and any other state law constructive fraudulent conveyance actions against current and former officers and directors of the Debtors as former stockholders of Tribune similar to the SLCFC Litigation, the "D&O Litigation").  Certain current and former directors and officers are named defendants in the SLCFC Litigation.

K.     On September 1, 2011, the Debtors and the Committee filed a joint motion (the "Joint Motion") seeking approval of (i) a stipulation (the "Indemnification Claims Stipulation") by and between the Debtors, the Committee, and certain former directors and officers of the Debtors named as defendants in the D&O Litigation (collectively, the "D&O Stipulation Parties"),[6] pursuant to which certain late-filed indemnification claims of the D&O Stipulation

---

[2]     In the order, the Court made no finding and issued no ruling determining the standing of any creditor to assert the state law constructive fraudulent conveyance claims against current and former officers and directors of the Debtors.

[3]     The indenture trustee plaintiffs are Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for certain series of Senior Notes, Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for certain series of Senior Notes, and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES Notes.

[4]     The retiree plaintiffs are retirees of The Times Mirror Company, Tribune Company, and/or one or more of 110 affiliates or subsidiaries of Tribune Company.

[5]     The indenture trustees filed approximately 50 complaints in over twenty different federal and state courts. The retirees filed four separate actions in four different state courts.

[6]     The D&O Stipulation Parties are Ruthellyn Musil, John Poelking, Dennis FitzSimons, Don Grenesko, Mark Mallory, Gerald Agema, Irene Sewell, Enrique Hernandez Jr., Robert S. Morrison, J. Christopher Reyes, Dudley S. Taft, Miles D. White, Crane Kenney, Thomas Finke, Durham Monsma, Irving Quimby, Betty Ellen Berlamino, Tom

Parties would be treated as timely-filed and (ii) a process for permitting other former directors and officers of the Debtors who have been named in the Adversary Proceedings, or who have been or may be named in the SLCFC Litigation, to enter into stipulations identical to the Indemnification Claim Stipulation. See D.I. 9741.

L.    On October 3, 2011, the Court entered an Order approving the Joint Motion (the "Indemnification Claims Order"). See D.I. 9875. Pursuant to the Indemnification Claims Order, former directors and officers of the Debtors who (i) are not included as parties to the Indemnification Claims Stipulation, (ii) have been named in the Adversary Proceedings, or have been or may be named in the SCLCFC Litigation, and (iii) wish to receive relief similar to the Indemnification Claims Stipulation through entry into an identical stipulation with the Debtors and the Committee should (a) contact the Debtors or the Committee within 15 days of the entry of the Indemnification Claims Order to arrange to enter into a stipulation identical to the Indemnification Claims Stipulation and (b) thereafter file their indemnification claims or amend their previously filed proofs of claim within the same timeframe as the D&O Stipulation Parties (i.e., within 30 days of the entry of the Indemnification Claims Order).

M.    The D&O Claimant, who is a former director or officer of one or more of the Debtors, has notified the Debtors that she either has filed or intends to file (i) an indemnification claim against the Debtors in connection with the D&O Litigation in which the D&O Claimant has been or may subsequently be named a defendant, and any other litigation presently pending or hereafter filed, and arising from or relating to the D&O Claimant's service as a director or officer of one or more of the Debtors at the time of the transactions at issue in the D&O Litigation (including original proofs of claim and any amendments thereto, the "D&O

---

E. Ehlmann, John Birmingham, Mark W. Hianik, Peter A. Knapp, Kathleen Waltz, John Vitanovec, Timothy Landon, Richard Malone, Luis Lewin, David Hiller, Thomas Leach, John Reardon, and Scott Smith.

Indemnification Claim"), and (ii) a motion to allow her late-filed D&O Indemnification Claim to be treated as timely if an agreement cannot be reached among the Stipulation Parties.

## STIPULATION

NOW, THEREFORE, in consideration of the foregoing, the Stipulation Parties, through their undersigned counsel, stipulate and agree as follows:

1.    Given the prior proceedings summarized above, the Stipulation Parties seek to resolve the issue of timeliness without further contested proceedings before the Court. Accordingly, so long as the D&O Claimant has either (i) filed her D&O Indemnification Claim within 30 days of the entry of the Indemnification Claims Order, or (ii) amended her previously filed D&O Indemnification Claim within 30 days of the entry of the Indemnification Claims Order, the D&O Indemnification Claim shall be deemed timely-filed pursuant to Bankruptcy Rule 9006(b).

2.    For administrative convenience, the D&O Claimant shall file her D&O Indemnification Claim in the Tribune Company bankruptcy case, Case No. 08-13141 (KJC). The D&O Claimant shall identify in her proof of claim (or, as the case may be, amendments thereto) each of the subsidiary Debtors potentially implicated by the D&O Indemnification Claim. The D&O Indemnification Claim shall be deemed for all purposes to have been timely filed against each of the identified subsidiary Debtors in their respective bankruptcy cases without the necessity of filing separate proofs of claim in each of those cases.

3.    In the event that the D&O Claimant did not identify subsidiary Debtors in her original proof of claim, the D&O Claimant shall have 30 days from entry of the Indemnification Claims Order to file an amendment to her proofs of claim to include relevant subsidiary Debtors, and such claim shall be deemed timely-filed pursuant to Bankruptcy Rule 9006(b).

6

4.    In the event that the D&O Claimant amends her D&O Indemnification Claim to assert an indemnification and/or contribution claim against any subsidiary Debtors based on the preceding paragraph, the Debtors and/or the Court-appointed claims agent are authorized to take the steps necessary to ensure that the claims register reflects the amended proofs of claim.

5.    This Stipulation is without prejudice to the rights of the Debtors, the Committee, or any other party in interest to object to or otherwise contest the D&O Indemnification Claim on any and all grounds other than timeliness of filing.

7

Date: October 2 8, 2011    COLE, SCHOTZ, MEISEL,
                           FORMAN & LEONARD

                           By: _____
                           Norman L. Pernick (No. 2290)
                           J. Kate Stickles (No. 2917)
                           Patrick J. Reilley (No. 4451)
                           500 Delaware Avenue, Suit 1410
                           Wilmington, Delaware 19801
                           Telephone:  (302) 652-3131
                           Facsimile:  (302) 652-3117

                           -and-

                           James F. Conlan
                           Kevin Lantry
                           SIDLEY AUSTIN LLP
                           One South Dearborn Street
                           Chicago, IL 60603
                           Telephone:  (312) 853-7000
                           Facsimile:  (312) 853-7036

                           *Counsel to the Debtors and Debtors in Possession*

Date: October _28_, 2011    ALICE ISKRA

By: _Alice Iskra_
Alice Iskra

Date: October 28, 2011    LANDIS RATH & COBB LLP

By: _Adam Landis  permission MYM_

Adam Landis
919 North Market Street, Suite 1800
Wilmington, DE 19899
Telephone:  (302) 467-4400
Facsimile:  (302) 467-4450

-and-

Howard Seife
Douglas Deutsch
David LeMay
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone:  (212) 408-5100
Facsimile:  (212) 541-5369

*Counsel to the Official Committee of Unsecured Creditors*

10

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

TRIBUNE COMPANY, et al.,[1]

Debtors.

Chapter 11

Case No. 08-13141 (KJC)

(Jointly Administered)

## STIPULATION TO TREAT CERTAIN LATE-FILED
## INDEMNIFICATION CLAIM OF ROBERT LA BLANC AS TIMELY-FILED

This stipulation (the "Stipulation") is entered into by and among the above-captioned

debtors and debtors in possession (collectively, the "Debtors"), Robert La Blanc (the "D&O

Claimant"), and the Official Committee of Unsecured Creditors (the "Committee," together with

the Debtors and the D&O Claimant, the "Stipulation Parties").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9339); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

## RECITALS

A.    The Debtors' by-laws, the Debtors' certificates of incorporation, and/or separation agreements may contain provisions pertaining to indemnification of the Debtors' respective officers and directors against liability for certain acts performed within the scope of their employment and reimbursement and advancement of costs and expenses incurred in defending lawsuits to which they become parties by virtue of their status as officers and directors of the Debtors, subject to specified limitations.

B.    By an order dated March 25, 2009 (the "Bar Date Order") [D.I. 813], the Court established June 12, 2009 (the "Bar Date"), as the deadline for filing claims against the Debtors.

C.    In late 2010, the Committee commenced adversary proceedings (the "Adversary Proceedings") against current and former officers and directors of the Debtors, asserting, among other things, claims for breach of fiduciary duty and avoidance and recovery of various payments made to these current and former officers or directors as either preferences or fraudulent conveyances.

D.    On April 7, 2011, Tom E. Ehlmann, John Birmingham, Mark W. Hianik, and Peter A. Knapp, four former officers of the Debtors who had been named as defendants in the Adversary Proceedings (the "Initial D&O Defendants"), filed claims requesting indemnification for any judgments entered as a result of the Adversary Proceedings, as well as all costs incurred in defending against the Adversary Proceedings.  On the same day, the Initial D&O Defendants filed motions in the Bankruptcy Court for orders deeming their respective claims for indemnification to be timely-filed [D.I. 8594, 8595, 8596, 8597].

E.    The Committee filed an objection to the Initial D&O Defendants' motions on April 18, 2011 [D.I. 8689], asserting that the Initial D&O Defendants' failure to anticipate litigation did not constitute "excusable neglect," as defined in Pioneer Inv. Servs. Co. v.

2

Brunswick Associates, Ltd., 507 U.S. 380 (1993), that warranted relief from the Bar Date Order pursuant to Bankruptcy Rule 9006(b).  On April 20, 2011, the Initial D&O Defendants filed a response to the Committee's objection [D.I. 8719]..

F.       The Court heard arguments on the Initial D&O Defendants' motions on April 25, 2011.  At the conclusion of the hearing, the Court announced that the motions would be granted and that the claims would be treated as timely-filed.  Orders were subsequently entered effectuating the Court's decision.  See D.I. 8747, 8748, 8749, 8750.

G.       On May 6, 2011, Kathleen Waltz, John Vitanovec, Timothy Landon, Richard Malone, Luis Lewin, David Hiller, Thomas Leach, John Reardon, and Scott Smith (collectively, the "Additional D&O Defendants"), each named as a defendant in the Adversary Proceedings, filed motions for orders deeming their respective indemnification claims against the Debtors to be timely-filed [D.I. 8850, 8851, 8852, 8853, 8854, 8855, 8856, 8857, 8858].  The bases for the Additional D&O Defendants' motions were substantially the same as those set forth in the motions filed by the Initial D&O Defendants.

H.       The Committee objected to the motions of the Additional D&O Defendants on May 18, 2011 [D.I. 8941], asserting that the Additional D&O Defendants' delay in filing their claims one month after the Initial D&O Defendants was unjustifiable and did not meet the requisite standard for "excusable neglect."  The Committee also requested, in the event that the Court granted the Additional D&O Defendants' motions, that a unified procedure be created to address the merits of the underlying indemnification claims in a systematic and cost-effective manner.

I.       Following a hearing on May 25, 2011, the Court granted the Additional D&O Defendants' motions.  See D.I. 8992, 8994, 8995, 8997, 8998, 8999, 9000, 9001, 9002.  The

3

Court also noted on the record that it agreed with the Committee that a unified process to address the merits of the underlying indemnification claims was logical.

J.      During April of 2011, the Court entered an order lifting the automatic stay to the extent necessary to allow certain creditors to file and serve state law fraudulent conveyance actions against current and former officers and directors of the Debtors.[2] Ultimately, in June of 2011, the indenture trustees on behalf of holders of Senior Notes and PHONES Notes[3] and certain retirees[4] filed separate lawsuits[5] in various jurisdictions asserting state law constructive fraudulent conveyance claims against former stockholders of Tribune (collectively, the "SLCFC Litigation," and together with the Adversary Proceedings and any other state law constructive fraudulent conveyance actions against current and former officers and directors of the Debtors as former stockholders of Tribune similar to the SLCFC Litigation, the "D&O Litigation"). Certain current and former directors and officers are named defendants in the SLCFC Litigation.

K.      On September 1, 2011, the Debtors and the Committee filed a joint motion (the "Joint Motion") seeking approval of (i) a stipulation (the "Indemnification Claims Stipulation") by and between the Debtors, the Committee, and certain former directors and officers of the Debtors named as defendants in the D&O Litigation (collectively, the "D&O Stipulation Parties"),[6] pursuant to which certain late-filed indemnification claims of the D&O Stipulation

---

[2]      In the order, the Court made no finding and issued no ruling determining the standing of any creditor to assert the state law constructive fraudulent conveyance claims against current and former officers and directors of the Debtors.

[3]      The indenture trustee plaintiffs are Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for certain series of Senior Notes, Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for certain series of Senior Notes, and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES Notes.

[4]      The retiree plaintiffs are retirees of The Times Mirror Company, Tribune Company, and/or one or more of 110 affiliates or subsidiaries of Tribune Company.

[5]      The indenture trustees filed approximately 50 complaints in over twenty different federal and state courts. The retirees filed four separate actions in four different state courts.

[6]      The D&O Stipulation Parties are Ruthellyn Musil, John Poelking, Dennis FitzSimons, Don Grenesko, Mark Mallory, Gerald Agema, Irene Sewell, Enrique Hernandez Jr., Robert S. Morrison, J. Christopher Reyes, Dudley S. Taft, Miles D. White, Crane Kenney, Thomas Finke, Durham Monsma, Irving Quimby, Betty Ellen Berlamino, Tom

Parties would be treated as timely-filed and (ii) a process for permitting other former directors

and officers of the Debtors who have been named in the Adversary Proceedings, or who have

been or may be named in the SLCFC Litigation, to enter into stipulations identical to the

Indemnification Claim Stipulation. See D.I. 9741.

      L.     On October 3, 2011, the Court entered an Order approving the Joint Motion (the

"Indemnification Claims Order"). See D.I. 9875. Pursuant to the Indemnification Claims Order,

former directors and officers of the Debtors who (i) are not included as parties to the

Indemnification Claims Stipulation, (ii) have been named in the Adversary Proceedings, or have

been or may be named in the SCLCFC Litigation, and (iii) wish to receive relief similar to the

Indemnification Claims Stipulation through entry into an identical stipulation with the Debtors

and the Committee should (a) contact the Debtors or the Committee within 15 days of the entry

of the Indemnification Claims Order to arrange to enter into a stipulation identical to the

Indemnification Claims Stipulation and (b) thereafter file their indemnification claims or amend

their previously filed proofs of claim within the same timeframe as the D&O Stipulation Parties

(i.e., within 30 days of the entry of the Indemnification Claims Order).

      M.    The D&O Claimant, who is a former director or officer of one or more of the

Debtors, has notified the Debtors that he either has filed or intends to file (i) an indemnification

claim against the Debtors in connection with the D&O Litigation in which the D&O Claimant

has been or may subsequently be named a defendant, and any other litigation presently pending

or hereafter filed, and arising from or relating to the D&O Claimant's service as a director or

officer of one or more of the Debtors at the time of the transactions at issue in the D&O

Litigation (including original proofs of claim and any amendments thereto, the "D&O

---

E. Ehlmann, John Birmingham, Mark W. Hianik, Peter A. Knapp, Kathleen Waltz, John Vitanovec, Timothy
Landon, Richard Malone, Luis Lewin, David Hiller, Thomas Leach, John Reardon, and Scott Smith.

Indemnification Claim"), and (ii) a motion to allow his late-filed D&O Indemnification Claim to be treated as timely if an agreement cannot be reached among the Stipulation Parties.

### STIPULATION

NOW, THEREFORE, in consideration of the foregoing, the Stipulation Parties, through their undersigned counsel, stipulate and agree as follows:

1.     Given the prior proceedings summarized above, the Stipulation Parties seek to resolve the issue of timeliness without further contested proceedings before the Court. Accordingly, so long as the D&O Claimant has either (i) filed his D&O Indemnification Claim within 30 days of the entry of the Indemnification Claims Order, or (ii) amended his previously filed D&O Indemnification Claim within 30 days of the entry of the Indemnification Claims Order, the D&O Indemnification Claim shall be deemed timely-filed pursuant to Bankruptcy Rule 9006(b).

2.     For administrative convenience, the D&O Claimant shall file his D&O Indemnification Claim in the Tribune Company bankruptcy case, Case No. 08-13141 (KJC). The D&O Claimant shall identify in his proof of claim (or, as the case may be, amendments thereto) each of the subsidiary Debtors potentially implicated by the D&O Indemnification Claim. The D&O Indemnification Claim shall be deemed for all purposes to have been timely filed against each of the identified subsidiary Debtors in their respective bankruptcy cases without the necessity of filing separate proofs of claim in each of those cases.

3.     In the event that the D&O Claimant did not identify subsidiary Debtors in his original proof of claim, the D&O Claimant shall have 30 days from entry of the Indemnification Claims Order to file an amendment to his proofs of claim to include relevant subsidiary Debtors, and such claim shall be deemed timely-filed pursuant to Bankruptcy Rule 9006(b).

6

4.    In the event that the D&O Claimant amends his D&O Indemnification Claim to assert an indemnification and/or contribution claim against any subsidiary Debtors based on the preceding paragraph, the Debtors and/or the Court-appointed claims agent are authorized to take the steps necessary to ensure that the claims register reflects the amended proofs of claim.

5.    This Stipulation is without prejudice to the rights of the Debtors, the Committee, or any other party in interest to object to or otherwise contest the D&O Indemnification Claim on any and all grounds other than timeliness of filing.

Date: October 2**b**, 2011    COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD


By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suit 1410
Wilmington, Delaware 19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

-and-

James F. Conlan
Kevin Lantry
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

*Counsel to the Debtors and Debtors in Possession*

Date: October 26, 2011          LAW OFFICE OF DAVID R. LURIE

By: _David Lurie_

David R. Lurie
Email: david@davidlurielaw.com
Telephone: 917-415-4177

*Counsel to Robert La Blanc*

9

Date: October 26, 2011    LANDIS RATH & COBB LLP

By: _Adam G. Landis_ w/permission mbm

Adam Landis
919 North Market Street, Suite 1800
Wilmington, DE 19899
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

-and-

Howard Seife
Douglas Deutsch
David LeMay
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

*Counsel to the Official Committee of Unsecured Creditors*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |

## STIPULATION TO TREAT CERTAIN LATE-FILED
## INDEMNIFICATION CLAIM OF JEROME MARTIN AS TIMELY-FILED

This stipulation (the "Stipulation") is entered into by and among the above-captioned

debtors and debtors in possession (collectively, the "Debtors"), Jerome Martin (the "D&O

Claimant"), and the Official Committee of Unsecured Creditors (the "Committee," together with

the Debtors and the D&O Claimant, the "Stipulation Parties").

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CHI 6298806v.1

## RECITALS

A.    The Debtors' by-laws, the Debtors' certificates of incorporation, and/or separation agreements may contain provisions pertaining to indemnification of the Debtors' respective officers and directors against liability for certain acts performed within the scope of their employment and reimbursement and advancement of costs and expenses incurred in defending lawsuits to which they become parties by virtue of their status as officers and directors of the Debtors, subject to specified limitations.

B.    By an order dated March 25, 2009 (the "Bar Date Order") [D.I. 813], the Court established June 12, 2009 (the "Bar Date"), as the deadline for filing claims against the Debtors.

C.    In late 2010, the Committee commenced adversary proceedings (the "Adversary Proceedings") against current and former officers and directors of the Debtors, asserting, among other things, claims for breach of fiduciary duty and avoidance and recovery of various payments made to these current and former officers or directors as either preferences or fraudulent conveyances.

D.    On April 7, 2011, Tom E. Ehlmann, John Birmingham, Mark W. Hianik, and Peter A. Knapp, four former officers of the Debtors who had been named as defendants in the Adversary Proceedings (the "Initial D&O Defendants"), filed claims requesting indemnification for any judgments entered as a result of the Adversary Proceedings, as well as all costs incurred in defending against the Adversary Proceedings. On the same day, the Initial D&O Defendants filed motions in the Bankruptcy Court for orders deeming their respective claims for indemnification to be timely-filed [D.I. 8594, 8595, 8596, 8597].

E.    The Committee filed an objection to the Initial D&O Defendants' motions on April 18, 2011 [D.I. 8689], asserting that the Initial D&O Defendants' failure to anticipate litigation did not constitute "excusable neglect," as defined in Pioneer Inv. Servs. Co. v.

2

<u>Brunswick Associates, Ltd.</u>, 507 U.S. 380 (1993), that warranted relief from the Bar Date Order pursuant to Bankruptcy Rule 9006(b). On April 20, 2011, the Initial D&O Defendants filed a response to the Committee's objection [D.I. 8719].

F.     The Court heard arguments on the Initial D&O Defendants' motions on April 25, 2011. At the conclusion of the hearing, the Court announced that the motions would be granted and that the claims would be treated as timely-filed. Orders were subsequently entered effectuating the Court's decision. <u>See</u> D.I. 8747, 8748, 8749, 8750.

G.     On May 6, 2011, Kathleen Waltz, John Vitanovec, Timothy Landon, Richard Malone, Luis Lewin, David Hiller, Thomas Leach, John Reardon, and Scott Smith (collectively, the "<u>Additional D&O Defendants</u>"), each named as a defendant in the Adversary Proceedings, filed motions for orders deeming their respective indemnification claims against the Debtors to be timely-filed [D.I. 8850, 8851, 8852, 8853, 8854, 8855, 8856, 8857, 8858]. The bases for the Additional D&O Defendants' motions were substantially the same as those set forth in the motions filed by the Initial D&O Defendants.

H.     The Committee objected to the motions of the Additional D&O Defendants on May 18, 2011 [D.I. 8941], asserting that the Additional D&O Defendants' delay in filing their claims one month after the Initial D&O Defendants was unjustifiable and did not meet the requisite standard for "excusable neglect." The Committee also requested, in the event that the Court granted the Additional D&O Defendants' motions, that a unified procedure be created to address the merits of the underlying indemnification claims in a systematic and cost-effective manner.

I.     Following a hearing on May 25, 2011, the Court granted the Additional D&O Defendants' motions. <u>See</u> D.I. 8992, 8994, 8995, 8997, 8998, 8999, 9000, 9001, 9002. The

Court also noted on the record that it agreed with the Committee that a unified process to address the merits of the underlying indemnification claims was logical.

J.    During April of 2011, the Court entered an order lifting the automatic stay to the extent necessary to allow certain creditors to file and serve state law fraudulent conveyance actions against current and former officers and directors of the Debtors.[2] Ultimately, in June of 2011, the indenture trustees on behalf of holders of Senior Notes and PHONES Notes[3] and certain retirees[4] filed separate lawsuits[5] in various jurisdictions asserting state law constructive fraudulent conveyance claims against former stockholders of Tribune (collectively, the "SLCFC Litigation," and together with the Adversary Proceedings and any other state law constructive fraudulent conveyance actions against current and former officers and directors of the Debtors as former stockholders of Tribune similar to the SLCFC Litigation, the "D&O Litigation").  Certain current and former directors and officers are named defendants in the SLCFC Litigation.

K.    On September 1, 2011, the Debtors and the Committee filed a joint motion (the "Joint Motion") seeking approval of (i) a stipulation (the "Indemnification Claims Stipulation") by and between the Debtors, the Committee, and certain former directors and officers of the Debtors named as defendants in the D&O Litigation (collectively, the "D&O Stipulation Parties"),[6] pursuant to which certain late-filed indemnification claims of the D&O Stipulation

---

[2]    In the order, the Court made no finding and issued no ruling determining the standing of any creditor to assert the state law constructive fraudulent conveyance claims against current and former officers and directors of the Debtors.

[3]    The indenture trustee plaintiffs are Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for certain series of Senior Notes, Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for certain series of Senior Notes, and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES Notes.

[4]    The retiree plaintiffs are retirees of The Times Mirror Company, Tribune Company, and/or one or more of 110 affiliates or subsidiaries of Tribune Company.

[5]    The indenture trustees filed approximately 50 complaints in over twenty different federal and state courts. The retirees filed four separate actions in four different state courts.

[6]    The D&O Stipulation Parties are Ruthellyn Musil, John Poelking, Dennis FitzSimons, Don Grenesko, Mark Mallory, Gerald Agema, Irene Sewell, Enrique Hernandez Jr., Robert S. Morrison, J. Christopher Reyes, Dudley S. Taft, Miles D. White, Crane Kenney, Thomas Finke, Durham Monsma, Irving Quimby, Betty Ellen Berlamino, Tom

Parties would be treated as timely-filed and (ii) a process for permitting other former directors and officers of the Debtors who have been named in the Adversary Proceedings, or who have been or may be named in the SLCFC Litigation, to enter into stipulations identical to the Indemnification Claim Stipulation. See D.I. 9741.

L.      On October 3, 2011, the Court entered an Order approving the Joint Motion (the "Indemnification Claims Order"). See D.I. 9875. Pursuant to the Indemnification Claims Order, former directors and officers of the Debtors who (i) are not included as parties to the Indemnification Claims Stipulation, (ii) have been named in the Adversary Proceedings, or have been or may be named in the SCLCFC Litigation, and (iii) wish to receive relief similar to the Indemnification Claims Stipulation through entry into an identical stipulation with the Debtors and the Committee should (a) contact the Debtors or the Committee within 15 days of the entry of the Indemnification Claims Order to arrange to enter into a stipulation identical to the Indemnification Claims Stipulation and (b) thereafter file their indemnification claims or amend their previously filed proofs of claim within the same timeframe as the D&O Stipulation Parties (i.e., within 30 days of the entry of the Indemnification Claims Order).

M.      The D&O Claimant, who is a former director or officer of one or more of the Debtors, has notified the Debtors that he either has filed or intends to file (i) an indemnification claim against the Debtors in connection with the D&O Litigation in which the D&O Claimant has been or may subsequently be named a defendant, and any other litigation presently pending or hereafter filed, and arising from or relating to the D&O Claimant's service as a director or officer of one or more of the Debtors at the time of the transactions at issue in the D&O Litigation (including original proofs of claim and any amendments thereto, the "D&O

E. Ehlmann, John Birmingham, Mark W. Hianik, Peter A. Knapp, Kathleen Waltz, John Vitanovec, Timothy Landon, Richard Malone, Luis Lewin, David Hiller, Thomas Leach, John Reardon, and Scott Smith.

Indemnification Claim"), and (ii) a motion to allow his late-filed D&O Indemnification Claim to be treated as timely if an agreement cannot be reached among the Stipulation Parties.

## STIPULATION

NOW, THEREFORE, in consideration of the foregoing, the Stipulation Parties, through their undersigned counsel, stipulate and agree as follows:

1.      Given the prior proceedings summarized above, the Stipulation Parties seek to resolve the issue of timeliness without further contested proceedings before the Court. Accordingly, so long as the D&O Claimant has either (i) filed his D&O Indemnification Claim within 30 days of the entry of the Indemnification Claims Order, or (ii) amended his previously filed D&O Indemnification Claim within 30 days of the entry of the Indemnification Claims Order, the D&O Indemnification Claim shall be deemed timely-filed pursuant to Bankruptcy Rule 9006(b).

2.      For administrative convenience, the D&O Claimant shall file his D&O Indemnification Claim in the Tribune Company bankruptcy case, Case No. 08-13141 (KJC). The D&O Claimant shall identify in his proof of claim (or, as the case may be, amendments thereto) each of the subsidiary Debtors potentially implicated by the D&O Indemnification Claim. The D&O Indemnification Claim shall be deemed for all purposes to have been timely filed against each of the identified subsidiary Debtors in their respective bankruptcy cases without the necessity of filing separate proofs of claim in each of those cases.

3.      In the event that the D&O Claimant did not identify subsidiary Debtors in his original proof of claim, the D&O Claimant shall have 30 days from entry of the Indemnification Claims Order to file an amendment to his proofs of claim to include relevant subsidiary Debtors, and such claim shall be deemed timely-filed pursuant to Bankruptcy Rule 9006(b).

4.      In the event that the D&O Claimant amends his D&O Indemnification Claim to assert an indemnification and/or contribution claim against any subsidiary Debtors based on the preceding paragraph, the Debtors and/or the Court-appointed claims agent are authorized to take the steps necessary to ensure that the claims register reflects the amended proofs of claim.

5.      This Stipulation is without prejudice to the rights of the Debtors, the Committee, or any other party in interest to object to or otherwise contest the D&O Indemnification Claim on any and all grounds other than timeliness of filing.

7

Date: October 28, 2011    COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD

By: _Kate Stickles_

Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suit 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

-and-

James F. Conlan
Kevin Lantry
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

*Counsel to the Debtors and Debtors in Possession*

8

Date: October 2?, 2011    JEROME MARTIN

By: _____
Jerome Martin

9

Date: October 28, 2011    LANDIS RATH & COBB LLP

By: _Adam G. Landis_ w/ permission MYM
Adam Landis
919 North Market Street, Suite 1800
Wilmington, DE 19899
Telephone:  (302) 467-4400
Facsimile:  (302) 467-4450

-and-

Howard Seife
Douglas Deutsch
David LeMay
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone:  (212) 408-5100
Facsimile:  (212) 541-5369

*Counsel to the Official Committee of Unsecured Creditors*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |

## STIPULATION TO TREAT CERTAIN LATE-FILED
## INDEMNIFICATION CLAIM OF ROBIN MULVANEY AS TIMELY-FILED

This stipulation (the "Stipulation") is entered into by and among the above-captioned debtors and debtors in possession (collectively, the "Debtors"), Robin Mulvaney (the "D&O Claimant"), and the Official Committee of Unsecured Creditors (the "Committee," together with the Debtors and the D&O Claimant, the "Stipulation Parties").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CHI 6298813v.1

## RECITALS

A.      The Debtors' by-laws, the Debtors' certificates of incorporation, and/or separation agreements may contain provisions pertaining to indemnification of the Debtors' respective officers and directors against liability for certain acts performed within the scope of their employment and reimbursement and advancement of costs and expenses incurred in defending lawsuits to which they become parties by virtue of their status as officers and directors of the Debtors, subject to specified limitations.

B.      By an order dated March 25, 2009 (the "Bar Date Order") [D.I. 813], the Court established June 12, 2009 (the "Bar Date"), as the deadline for filing claims against the Debtors.

C.      In late 2010, the Committee commenced adversary proceedings (the "Adversary Proceedings") against current and former officers and directors of the Debtors, asserting, among other things, claims for breach of fiduciary duty and avoidance and recovery of various payments made to these current and former officers or directors as either preferences or fraudulent conveyances.

D.      On April 7, 2011, Tom E. Ehlmann, John Birmingham, Mark W. Hianik, and Peter A. Knapp, four former officers of the Debtors who had been named as defendants in the Adversary Proceedings (the "Initial D&O Defendants"), filed claims requesting indemnification for any judgments entered as a result of the Adversary Proceedings, as well as all costs incurred in defending against the Adversary Proceedings. On the same day, the Initial D&O Defendants filed motions in the Bankruptcy Court for orders deeming their respective claims for indemnification to be timely-filed [D.I. 8594, 8595, 8596, 8597].

E.      The Committee filed an objection to the Initial D&O Defendants' motions on April 18, 2011 [D.I. 8689], asserting that the Initial D&O Defendants' failure to anticipate litigation did not constitute "excusable neglect," as defined in Pioneer Inv. Servs. Co. v.

2

Brunswick Associates, Ltd., 507 U.S. 380 (1993), that warranted relief from the Bar Date Order pursuant to Bankruptcy Rule 9006(b). On April 20, 2011, the Initial D&O Defendants filed a response to the Committee's objection [D.I. 8719].

F.    The Court heard arguments on the Initial D&O Defendants' motions on April 25, 2011. At the conclusion of the hearing, the Court announced that the motions would be granted and that the claims would be treated as timely-filed. Orders were subsequently entered effectuating the Court's decision. See D.I. 8747, 8748, 8749, 8750.

G.    On May 6, 2011, Kathleen Waltz, John Vitanovec, Timothy Landon, Richard Malone, Luis Lewin, David Hiller, Thomas Leach, John Reardon, and Scott Smith (collectively, the "Additional D&O Defendants"), each named as a defendant in the Adversary Proceedings, filed motions for orders deeming their respective indemnification claims against the Debtors to be timely-filed [D.I. 8850, 8851, 8852, 8853, 8854, 8855, 8856, 8857, 8858]. The bases for the Additional D&O Defendants' motions were substantially the same as those set forth in the motions filed by the Initial D&O Defendants.

H.    The Committee objected to the motions of the Additional D&O Defendants on May 18, 2011 [D.I. 8941], asserting that the Additional D&O Defendants' delay in filing their claims one month after the Initial D&O Defendants was unjustifiable and did not meet the requisite standard for "excusable neglect." The Committee also requested, in the event that the Court granted the Additional D&O Defendants' motions, that a unified procedure be created to address the merits of the underlying indemnification claims in a systematic and cost-effective manner.

I.    Following a hearing on May 25, 2011, the Court granted the Additional D&O Defendants' motions. See D.I. 8992, 8994, 8995, 8997, 8998, 8999, 9000, 9001, 9002. The

Court also noted on the record that it agreed with the Committee that a unified process to address the merits of the underlying indemnification claims was logical.

J.      During April of 2011, the Court entered an order lifting the automatic stay to the extent necessary to allow certain creditors to file and serve state law fraudulent conveyance actions against current and former officers and directors of the Debtors.[2]  Ultimately, in June of 2011, the indenture trustees on behalf of holders of Senior Notes and PHONES Notes[3] and certain retirees[4] filed separate lawsuits[5] in various jurisdictions asserting state law constructive fraudulent conveyance claims against former stockholders of Tribune (collectively, the "SLCFC Litigation," and together with the Adversary Proceedings and any other state law constructive fraudulent conveyance actions against current and former officers and directors of the Debtors as former stockholders of Tribune similar to the SLCFC Litigation, the "D&O Litigation").  Certain current and former directors and officers are named defendants in the SLCFC Litigation.

K.      On September 1, 2011, the Debtors and the Committee filed a joint motion (the "Joint Motion") seeking approval of (i) a stipulation (the "Indemnification Claims Stipulation") by and between the Debtors, the Committee, and certain former directors and officers of the Debtors named as defendants in the D&O Litigation (collectively, the "D&O Stipulation Parties"),[6] pursuant to which certain late-filed indemnification claims of the D&O Stipulation

---

[2]      In the order, the Court made no finding and issued no ruling determining the standing of any creditor to assert the state law constructive fraudulent conveyance claims against current and former officers and directors of the Debtors.

[3]      The indenture trustee plaintiffs are Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for certain series of Senior Notes, Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for certain series of Senior Notes, and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES Notes.

[4]      The retiree plaintiffs are retirees of The Times Mirror Company, Tribune Company, and/or one or more of 110 affiliates or subsidiaries of Tribune Company.

[5]      The indenture trustees filed approximately 50 complaints in over twenty different federal and state courts. The retirees filed four separate actions in four different state courts.

[6]      The D&O Stipulation Parties are Ruthellyn Musil, John Poelking, Dennis FitzSimons, Don Grenesko, Mark Mallory, Gerald Agema, Irene Sewell, Enrique Hernandez Jr., Robert S. Morrison, J. Christopher Reyes, Dudley S. Taft, Miles D. White, Crane Kenney, Thomas Finke, Durham Monsma, Irving Quimby, Betty Ellen Berlamino, Tom

Parties would be treated as timely-filed and (ii) a process for permitting other former directors and officers of the Debtors who have been named in the Adversary Proceedings, or who have been or may be named in the SLCFC Litigation, to enter into stipulations identical to the Indemnification Claim Stipulation. See D.I. 9741.

     L.      On October 3, 2011, the Court entered an Order approving the Joint Motion (the "Indemnification Claims Order"). See D.I. 9875. Pursuant to the Indemnification Claims Order, former directors and officers of the Debtors who (i) are not included as parties to the Indemnification Claims Stipulation, (ii) have been named in the Adversary Proceedings, or have been or may be named in the SCLCFC Litigation, and (iii) wish to receive relief similar to the Indemnification Claims Stipulation through entry into an identical stipulation with the Debtors and the Committee should (a) contact the Debtors or the Committee within 15 days of the entry of the Indemnification Claims Order to arrange to enter into a stipulation identical to the Indemnification Claims Stipulation and (b) thereafter file their indemnification claims or amend their previously filed proofs of claim within the same timeframe as the D&O Stipulation Parties (i.e., within 30 days of the entry of the Indemnification Claims Order).

     M.      The D&O Claimant, who is a former director or officer of one or more of the Debtors, has notified the Debtors that she either has filed or intends to file (i) an indemnification claim against the Debtors in connection with the D&O Litigation in which the D&O Claimant has been or may subsequently be named a defendant, and any other litigation presently pending or hereafter filed, and arising from or relating to the D&O Claimant's service as a director or officer of one or more of the Debtors at the time of the transactions at issue in the D&O Litigation (including original proofs of claim and any amendments thereto, the "D&O

E. Ehlmann, John Birmingham, Mark W. Hianik, Peter A. Knapp, Kathleen Waltz, John Vitanovec, Timothy Landon, Richard Malone, Luis Lewin, David Hiller, Thomas Leach, John Reardon, and Scott Smith.

Indemnification Claim"), and (ii) a motion to allow her late-filed D&O Indemnification Claim to be treated as timely if an agreement cannot be reached among the Stipulation Parties.

## STIPULATION

NOW, THEREFORE, in consideration of the foregoing, the Stipulation Parties, through their undersigned counsel, stipulate and agree as follows:

1.      Given the prior proceedings summarized above, the Stipulation Parties seek to resolve the issue of timeliness without further contested proceedings before the Court. Accordingly, so long as the D&O Claimant has either (i) filed her D&O Indemnification Claim within 30 days of the entry of the Indemnification Claims Order, or (ii) amended her previously filed D&O Indemnification Claim within 30 days of the entry of the Indemnification Claims Order, the D&O Indemnification Claim shall be deemed timely-filed pursuant to Bankruptcy Rule 9006(b).

2.      For administrative convenience, the D&O Claimant shall file her D&O Indemnification Claim in the Tribune Company bankruptcy case, Case No. 08-13141 (KJC). The D&O Claimant shall identify in her proof of claim (or, as the case may be, amendments thereto) each of the subsidiary Debtors potentially implicated by the D&O Indemnification Claim. The D&O Indemnification Claim shall be deemed for all purposes to have been timely filed against each of the identified subsidiary Debtors in their respective bankruptcy cases without the necessity of filing separate proofs of claim in each of those cases.

3.      In the event that the D&O Claimant did not identify subsidiary Debtors in her original proof of claim, the D&O Claimant shall have 30 days from entry of the Indemnification Claims Order to file an amendment to her proofs of claim to include relevant subsidiary Debtors, and such claim shall be deemed timely-filed pursuant to Bankruptcy Rule 9006(b).

6

4.      In the event that the D&O Claimant amends her D&O Indemnification Claim to assert an indemnification and/or contribution claim against any subsidiary Debtors based on the preceding paragraph, the Debtors and/or the Court-appointed claims agent are authorized to take the steps necessary to ensure that the claims register reflects the amended proofs of claim.

5.      This Stipulation is without prejudice to the rights of the Debtors, the Committee, or any other party in interest to object to or otherwise contest the D&O Indemnification Claim on any and all grounds other than timeliness of filing.

Date: October 2 8 , 2011      COLE, SCHOTZ, MEISEL,
                              FORMAN & LEONARD


                              By:  _Kate Stickles_____
                              Norman L. Pernick (No. 2290)
                              J. Kate Stickles (No. 2917)
                              Patrick J. Reilley (No. 4451)
                              500 Delaware Avenue, Suit 1410
                              Wilmington, Delaware 19801
                              Telephone:  (302) 652-3131
                              Facsimile:  (302) 652-3117

                              -and-

                              James F. Conlan
                              Kevin Lantry
                              SIDLEY AUSTIN LLP
                              One South Dearborn Street
                              Chicago, IL 60603
                              Telephone:  (312) 853-7000
                              Facsimile:  (312) 853-7036

                              *Counsel to the Debtors and Debtors in Possession*

Date: October 28, 2011    ROBIN MULVANEY

By: _____
Robin Mulvaney

Date: October 28, 2011    LANDIS RATH & COBB LLP

By: *Adam G. Landis* w/ permission MBM
Adam Landis
919 North Market Street, Suite 1800
Wilmington, DE 19899
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

-and-

Howard Seife
Douglas Deutsch
David LeMay
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

*Counsel to the Official Committee of Unsecured Creditors*

10

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |

**STIPULATION TO TREAT CERTAIN LATE-FILED
INDEMNIFICATION CLAIM OF DAVID P. MURPHY AS TIMELY-FILED**

This stipulation (the "Stipulation") is entered into by and among the above-captioned

debtors and debtors in possession (collectively, the "Debtors"), David P. Murphy (the "D&O

Claimant"), and the Official Committee of Unsecured Creditors (the "Committee," together with

the Debtors and the D&O Claimant, the "Stipulation Parties").

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (9479); KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CH1 6285156v.1

## RECITALS

A.    The Debtors' by-laws, the Debtors' certificates of incorporation, and/or separation agreements may contain provisions pertaining to indemnification of the Debtors' respective officers and directors against liability for certain acts performed within the scope of their employment and reimbursement and advancement of costs and expenses incurred in defending lawsuits to which they become parties by virtue of their status as officers and directors of the Debtors, subject to specified limitations.

B.    By an order dated March 25, 2009 (the "Bar Date Order") [D.I. 813], the Court established June 12, 2009 (the "Bar Date"), as the deadline for filing claims against the Debtors.

C.    In late 2010, the Committee commenced adversary proceedings (the "Adversary Proceedings") against current and former officers and directors of the Debtors, asserting, among other things, claims for breach of fiduciary duty and avoidance and recovery of various payments made to these current and former officers or directors as either preferences or fraudulent conveyances.

D.    On April 7, 2011, Tom E. Ehlmann, John Birmingham, Mark W. Hianik, and Peter A. Knapp, four former officers of the Debtors who had been named as defendants in the Adversary Proceedings (the "Initial D&O Defendants"), filed claims requesting indemnification for any judgments entered as a result of the Adversary Proceedings, as well as all costs incurred in defending against the Adversary Proceedings. On the same day, the Initial D&O Defendants filed motions in the Bankruptcy Court for orders deeming their respective claims for indemnification to be timely-filed [D.I. 8594, 8595, 8596, 8597].

E.    The Committee filed an objection to the Initial D&O Defendants' motions on April 18, 2011 [D.I. 8689], asserting that the Initial D&O Defendants' failure to anticipate litigation did not constitute "excusable neglect," as defined in Pioneer Inv. Servs. Co. v.

2

Brunswick Associates, Ltd., 507 U.S. 380 (1993), that warranted relief from the Bar Date Order
pursuant to Bankruptcy Rule 9006(b).  On April 20, 2011, the Initial D&O Defendants filed a
response to the Committee's objection [D.I. 8719].

     F.    The Court heard arguments on the Initial D&O Defendants' motions on April 25,
2011.  At the conclusion of the hearing, the Court announced that the motions would be granted
and that the claims would be treated as timely-filed.  Orders were subsequently entered
effectuating the Court's decision.  See D.I. 8747, 8748, 8749, 8750.

     G.    On May 6, 2011, Kathleen Waltz, John Vitanovec, Timothy Landon, Richard
Malone, Luis Lewin, David Hiller, Thomas Leach, John Reardon, and Scott Smith (collectively,
the "Additional D&O Defendants"), each named as a defendant in the Adversary Proceedings,
filed motions for orders deeming their respective indemnification claims against the Debtors to
be timely-filed [D.I. 8850, 8851, 8852, 8853, 8854, 8855, 8856, 8857, 8858].  The bases for the
Additional D&O Defendants' motions were substantially the same as those set forth in the
motions filed by the Initial D&O Defendants.

     H.    The Committee objected to the motions of the Additional D&O Defendants on
May 18, 2011 [D.I. 8941], asserting that the Additional D&O Defendants' delay in filing their
claims one month after the Initial D&O Defendants was unjustifiable and did not meet the
requisite standard for "excusable neglect."  The Committee also requested, in the event that the
Court granted the Additional D&O Defendants' motions, that a unified procedure be created to
address the merits of the underlying indemnification claims in a systematic and cost-effective
manner.

     I.    Following a hearing on May 25, 2011, the Court granted the Additional D&O
Defendants' motions.  See D.I. 8992, 8994, 8995, 8997, 8998, 8999, 9000, 9001, 9002.  The

Court also noted on the record that it agreed with the Committee that a unified process to address the merits of the underlying indemnification claims was logical.

J.    During April of 2011, the Court entered an order lifting the automatic stay to the extent necessary to allow certain creditors to file and serve state law fraudulent conveyance actions against current and former officers and directors of the Debtors.[2]  Ultimately, in June of 2011, the indenture trustees on behalf of holders of Senior Notes and PHONES Notes[3] and certain retirees[4] filed separate lawsuits[5] in various jurisdictions asserting state law constructive fraudulent conveyance claims against former stockholders of Tribune (collectively, the "SLCFC Litigation," and together with the Adversary Proceedings and any other state law constructive fraudulent conveyance actions against current and former officers and directors of the Debtors as former stockholders of Tribune similar to the SLCFC Litigation, the "D&O Litigation").  Certain current and former directors and officers are named defendants in the SLCFC Litigation.

K.    On September 1, 2011, the Debtors and the Committee filed a joint motion (the "Joint Motion") seeking approval of (i) a stipulation (the "Indemnification Claims Stipulation") by and between the Debtors, the Committee, and certain former directors and officers of the Debtors named as defendants in the D&O Litigation (collectively, the "D&O Stipulation Parties"),[6] pursuant to which certain late-filed indemnification claims of the D&O Stipulation

---

[2]      In the order, the Court made no finding and issued no ruling determining the standing of any creditor to assert the state law constructive fraudulent conveyance claims against current and former officers and directors of the Debtors.

[3]      The indenture trustee plaintiffs are Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for certain series of Senior Notes, Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for certain series of Senior Notes, and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES Notes.

[4]      The retiree plaintiffs are retirees of The Times Mirror Company, Tribune Company, and/or one or more of 110 affiliates or subsidiaries of Tribune Company.

[5]      The indenture trustees filed approximately 50 complaints in over twenty different federal and state courts. The retirees filed four separate actions in four different state courts.

[6]      The D&O Stipulation Parties are Ruthellyn Musil, John Poelking, Dennis FitzSimons, Don Grenesko, Mark Mallory, Gerald Agema, Irene Sewell, Enrique Hernandez Jr., Robert S. Morrison, J. Christopher Reyes, Dudley S. Taft, Miles D. White, Crane Kenney, Thomas Finke, Durham Monsma, Irving Quimby, Betty Ellen Berlamino, Tom

4

Parties would be treated as timely-filed and (ii) a process for permitting other former directors and officers of the Debtors who have been named in the Adversary Proceedings, or who have been or may be named in the SLCFC Litigation, to enter into stipulations identical to the Indemnification Claim Stipulation. See D.I. 9741.

L.    On October 3, 2011, the Court entered an Order approving the Joint Motion (the "Indemnification Claims Order"). See D.I. 9875. Pursuant to the Indemnification Claims Order, former directors and officers of the Debtors who (i) are not included as parties to the Indemnification Claims Stipulation, (ii) have been named in the Adversary Proceedings, or have been or may be named in the SCLCFC Litigation, and (iii) wish to receive relief similar to the Indemnification Claims Stipulation through entry into an identical stipulation with the Debtors and the Committee should (a) contact the Debtors or the Committee within 15 days of the entry of the Indemnification Claims Order to arrange to enter into a stipulation identical to the Indemnification Claims Stipulation and (b) thereafter file their indemnification claims or amend their previously filed proofs of claim within the same timeframe as the D&O Stipulation Parties (i.e., within 30 days of the entry of the Indemnification Claims Order).

M.    The D&O Claimant, who is a former director or officer of one or more of the Debtors, has notified the Debtors that he either has filed or intends to file (i) an indemnification claim against the Debtors in connection with the D&O Litigation in which the D&O Claimant has been or may subsequently be named a defendant, and any other litigation presently pending or hereafter filed, and arising from or relating to the D&O Claimant's service as a director or officer of one or more of the Debtors at the time of the transactions at issue in the D&O Litigation (including original proofs of claim and any amendments thereto, the "D&O

---

E. Ehlmann, John Birmingham, Mark W. Hianik, Peter A. Knapp, Kathleen Waltz, John Vitanovec, Timothy Landon, Richard Malone, Luis Lewin, David Hiller, Thomas Leach, John Reardon, and Scott Smith.

Indemnification Claim"), and (ii) a motion to allow his late-filed D&O Indemnification Claim to be treated as timely if an agreement cannot be reached among the Stipulation Parties.

## STIPULATION

NOW, THEREFORE, in consideration of the foregoing, the Stipulation Parties, through their undersigned counsel, stipulate and agree as follows:

1.      Given the prior proceedings summarized above, the Stipulation Parties seek to resolve the issue of timeliness without further contested proceedings before the Court. Accordingly, so long as the D&O Claimant has either (i) filed his D&O Indemnification Claim within 30 days of the entry of the Indemnification Claims Order, or (ii) amended his previously filed D&O Indemnification Claim within 30 days of the entry of the Indemnification Claims Order, the D&O Indemnification Claim shall be deemed timely-filed pursuant to Bankruptcy Rule 9006(b).

2.      For administrative convenience, the D&O Claimant shall file his D&O Indemnification Claim in the Tribune Company bankruptcy case, Case No. 08-13141 (KJC). The D&O Claimant shall identify in his proof of claim (or, as the case may be, amendments thereto) each of the subsidiary Debtors potentially implicated by the D&O Indemnification Claim. The D&O Indemnification Claim shall be deemed for all purposes to have been timely filed against each of the identified subsidiary Debtors in their respective bankruptcy cases without the necessity of filing separate proofs of claim in each of those cases.

3.      In the event that the D&O Claimant did not identify subsidiary Debtors in his original proof of claim, the D&O Claimant shall have 30 days from entry of the Indemnification Claims Order to file an amendment to his proofs of claim to include relevant subsidiary Debtors, and such claim shall be deemed timely-filed pursuant to Bankruptcy Rule 9006(b).

6

4.      In the event that the D&O Claimant amends his D&O Indemnification Claim to assert an indemnification and/or contribution claim against any subsidiary Debtors based on the preceding paragraph, the Debtors and/or the Court-appointed claims agent are authorized to take the steps necessary to ensure that the claims register reflects the amended proofs of claim.

5.      This Stipulation is without prejudice to the rights of the Debtors, the Committee, or any other party in interest to object to or otherwise contest the D&O Indemnification Claim on any and all grounds other than timeliness of filing.

Date: October 27, 2011    COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suit 1410
Wilmington, Delaware 19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

-and-

James F. Conlan
Kevin Lantry
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

*Counsel to the Debtors and Debtors in Possession*

8

Date: October 27, 2011  FREEBORN & PETERS LLP

By: _____

Aaron L. Hammer
Devon J. Eggert
311 S. Wacker Dr., Suite 3000
Chicago, Illinois 60606
Telephone: (312) 360-6305
Facsimile: (312) 360-6572

*Counsel to David P. Murphy*

9

Date: October 27, 2011    LANDIS RATH & COBB LLP

By: *Adam C. Landis* w/permission MbM
Adam Landis
919 North Market Street, Suite 1800
Wilmington, DE 19899
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

-and-

Howard Seife
Douglas Deutsch
David LeMay
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

*Counsel to the Official Committee of Unsecured Creditors*

10

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |

## STIPULATION TO TREAT CERTAIN LATE-FILED INDEMNIFICATION CLAIM OF ROBERT RAMSEY AS TIMELY-FILED

This stipulation (the "Stipulation") is entered into by and among the above-captioned

debtors and debtors in possession (collectively, the "Debtors"), Robert Ramsey (the "D&O

Claimant"), and the Official Committee of Unsecured Creditors (the "Committee," together with

the Debtors and the D&O Claimant, the "Stipulation Parties").

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CHI 6285156v.1

## RECITALS

A.    The Debtors' by-laws, the Debtors' certificates of incorporation, and/or separation agreements may contain provisions pertaining to indemnification of the Debtors' respective officers and directors against liability for certain acts performed within the scope of their employment and reimbursement and advancement of costs and expenses incurred in defending lawsuits to which they become parties by virtue of their status as officers and directors of the Debtors, subject to specified limitations.

B.    By an order dated March 25, 2009 (the "Bar Date Order") [D.I. 813], the Court established June 12, 2009 (the "Bar Date"), as the deadline for filing claims against the Debtors.

C.    In late 2010, the Committee commenced adversary proceedings (the "Adversary Proceedings") against current and former officers and directors of the Debtors, asserting, among other things, claims for breach of fiduciary duty and avoidance and recovery of various payments made to these current and former officers or directors as either preferences or fraudulent conveyances.

D.    On April 7, 2011, Tom E. Ehlmann, John Birmingham, Mark W. Hianik, and Peter A. Knapp, four former officers of the Debtors who had been named as defendants in the Adversary Proceedings (the "Initial D&O Defendants"), filed claims requesting indemnification for any judgments entered as a result of the Adversary Proceedings, as well as all costs incurred in defending against the Adversary Proceedings. On the same day, the Initial D&O Defendants filed motions in the Bankruptcy Court for orders deeming their respective claims for indemnification to be timely-filed [D.I. 8594, 8595, 8596, 8597].

E.    The Committee filed an objection to the Initial D&O Defendants' motions on April 18, 2011 [D.I. 8689], asserting that the Initial D&O Defendants' failure to anticipate litigation did not constitute "excusable neglect," as defined in Pioneer Inv. Servs. Co. v.

2

<u>Brunswick Associates, Ltd.</u>, 507 U.S. 380 (1993), that warranted relief from the Bar Date Order pursuant to Bankruptcy Rule 9006(b). On April 20, 2011, the Initial D&O Defendants filed a response to the Committee's objection [D.I. 8719].

F.    The Court heard arguments on the Initial D&O Defendants' motions on April 25, 2011. At the conclusion of the hearing, the Court announced that the motions would be granted and that the claims would be treated as timely-filed. Orders were subsequently entered effectuating the Court's decision. <u>See</u> D.I. 8747, 8748, 8749, 8750.

G.    On May 6, 2011, Kathleen Waltz, John Vitanovec, Timothy Landon, Richard Malone, Luis Lewin, David Hiller, Thomas Leach, John Reardon, and Scott Smith (collectively, the "<u>Additional D&O Defendants</u>"), each named as a defendant in the Adversary Proceedings, filed motions for orders deeming their respective indemnification claims against the Debtors to be timely-filed [D.I. 8850, 8851, 8852, 8853, 8854, 8855, 8856, 8857, 8858]. The bases for the Additional D&O Defendants' motions were substantially the same as those set forth in the motions filed by the Initial D&O Defendants.

H.    The Committee objected to the motions of the Additional D&O Defendants on May 18, 2011 [D.I. 8941], asserting that the Additional D&O Defendants' delay in filing their claims one month after the Initial D&O Defendants was unjustifiable and did not meet the requisite standard for "excusable neglect." The Committee also requested, in the event that the Court granted the Additional D&O Defendants' motions, that a unified procedure be created to address the merits of the underlying indemnification claims in a systematic and cost-effective manner.

I.    Following a hearing on May 25, 2011, the Court granted the Additional D&O Defendants' motions. <u>See</u> D.I. 8992, 8994, 8995, 8997, 8998, 8999, 9000, 9001, 9002. The

3

Court also noted on the record that it agreed with the Committee that a unified process to address the merits of the underlying indemnification claims was logical.

J.       During April of 2011, the Court entered an order lifting the automatic stay to the extent necessary to allow certain creditors to file and serve state law fraudulent conveyance actions against current and former officers and directors of the Debtors.[2] Ultimately, in June of 2011, the indenture trustees on behalf of holders of Senior Notes and PHONES Notes[3] and certain retirees[4] filed separate lawsuits[5] in various jurisdictions asserting state law constructive fraudulent conveyance claims against former stockholders of Tribune (collectively, the "SLCFC Litigation," and together with the Adversary Proceedings and any other state law constructive fraudulent conveyance actions against current and former officers and directors of the Debtors as former stockholders of Tribune similar to the SLCFC Litigation, the "D&O Litigation"). Certain current and former directors and officers are named defendants in the SLCFC Litigation.

K.       On September 1, 2011, the Debtors and the Committee filed a joint motion (the "Joint Motion") seeking approval of (i) a stipulation (the "Indemnification Claims Stipulation") by and between the Debtors, the Committee, and certain former directors and officers of the Debtors named as defendants in the D&O Litigation (collectively, the "D&O Stipulation Parties"),[6] pursuant to which certain late-filed indemnification claims of the D&O Stipulation

---

[2]      In the order, the Court made no finding and issued no ruling determining the standing of any creditor to assert the state law constructive fraudulent conveyance claims against current and former officers and directors of the Debtors.

[3]      The indenture trustee plaintiffs are Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for certain series of Senior Notes, Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for certain series of Senior Notes, and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES Notes.

[4]      The retiree plaintiffs are retirees of The Times Mirror Company, Tribune Company, and/or one or more of 110 affiliates or subsidiaries of Tribune Company.

[5]      The indenture trustees filed approximately 50 complaints in over twenty different federal and state courts. The retirees filed four separate actions in four different state courts.

[6]      The D&O Stipulation Parties are Ruthellyn Musil, John Poelking, Dennis FitzSimons, Don Grenesko, Mark Mallory, Gerald Agema, Irene Sewell, Enrique Hernandez Jr., Robert S. Morrison, J. Christopher Reyes, Dudley S. Taft, Miles D. White, Crane Kenney, Thomas Finke, Durham Monsma, Irving Quimby, Betty Ellen Berlamino, Tom

Parties would be treated as timely-filed and (ii) a process for permitting other former directors and officers of the Debtors who have been named in the Adversary Proceedings, or who have been or may be named in the SLCFC Litigation, to enter into stipulations identical to the Indemnification Claim Stipulation. See D.I. 9741.

L.      On October 3, 2011, the Court entered an Order approving the Joint Motion (the "Indemnification Claims Order"). See D.I. 9875. Pursuant to the Indemnification Claims Order, former directors and officers of the Debtors who (i) are not included as parties to the Indemnification Claims Stipulation, (ii) have been named in the Adversary Proceedings, or have been or may be named in the SCLCFC Litigation, and (iii) wish to receive relief similar to the Indemnification Claims Stipulation through entry into an identical stipulation with the Debtors and the Committee should (a) contact the Debtors or the Committee within 15 days of the entry of the Indemnification Claims Order to arrange to enter into a stipulation identical to the Indemnification Claims Stipulation and (b) thereafter file their indemnification claims or amend their previously filed proofs of claim within the same timeframe as the D&O Stipulation Parties (i.e., within 30 days of the entry of the Indemnification Claims Order).

M.      The D&O Claimant, who is a former director or officer of one or more of the Debtors, has notified the Debtors that he either has filed or intends to file (i) an indemnification claim against the Debtors in connection with the D&O Litigation in which the D&O Claimant has been or may subsequently be named a defendant, and any other litigation presently pending or hereafter filed, and arising from or relating to the D&O Claimant's service as a director or officer of one or more of the Debtors at the time of the transactions at issue in the D&O Litigation (including original proofs of claim and any amendments thereto, the "D&O

E. Ehlmann, John Birmingham, Mark W. Hianik, Peter A. Knapp, Kathleen Waltz, John Vitanovec, Timothy Landon, Richard Malone, Luis Lewin, David Hiller, Thomas Leach, John Reardon, and Scott Smith.

Indemnification Claim"), and (ii) a motion to allow his late-filed D&O Indemnification Claim to be treated as timely if an agreement cannot be reached among the Stipulation Parties.

## STIPULATION

NOW, THEREFORE, in consideration of the foregoing, the Stipulation Parties, through their undersigned counsel, stipulate and agree as follows:

1.     Given the prior proceedings summarized above, the Stipulation Parties seek to resolve the issue of timeliness without further contested proceedings before the Court. Accordingly, so long as the D&O Claimant has either (i) filed his D&O Indemnification Claim within 30 days of the entry of the Indemnification Claims Order, or (ii) amended his previously filed D&O Indemnification Claim within 30 days of the entry of the Indemnification Claims Order, the D&O Indemnification Claim shall be deemed timely-filed pursuant to Bankruptcy Rule 9006(b).

2.     For administrative convenience, the D&O Claimant shall file his D&O Indemnification Claim in the Tribune Company bankruptcy case, Case No. 08-13141 (KJC). The D&O Claimant shall identify in his proof of claim (or, as the case may be, amendments thereto) each of the subsidiary Debtors potentially implicated by the D&O Indemnification Claim. The D&O Indemnification Claim shall be deemed for all purposes to have been timely filed against each of the identified subsidiary Debtors in their respective bankruptcy cases without the necessity of filing separate proofs of claim in each of those cases.

3.     In the event that the D&O Claimant did not identify subsidiary Debtors in his original proof of claim, the D&O Claimant shall have 30 days from entry of the Indemnification Claims Order to file an amendment to his proofs of claim to include relevant subsidiary Debtors, and such claim shall be deemed timely-filed pursuant to Bankruptcy Rule 9006(b).

4.     In the event that the D&O Claimant amends his D&O Indemnification Claim to assert an indemnification and/or contribution claim against any subsidiary Debtors based on the preceding paragraph, the Debtors and/or the Court-appointed claims agent are authorized to take the steps necessary to ensure that the claims register reflects the amended proofs of claim.

5.     This Stipulation is without prejudice to the rights of the Debtors, the Committee, or any other party in interest to object to or otherwise contest the D&O Indemnification Claim on any and all grounds other than timeliness of filing.

Date: November __1__, 2011  COLE, SCHOTZ, MEISEL,
                            FORMAN & LEONARD

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suit 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

-and-

James F. Conlan
Kevin Lantry
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

*Counsel to the Debtors and Debtors in Possession*

8

Date:  November ___/___, 2011 KRONICK MOSKOVITZ TIEDEMANN & GIRARD

By: _____
Bruce A. Emard
400 Capitol Mall, 27th Floor
Sacramento, CA 95814
Telephone: (916) 321-4500
Facsimile: (916) 321-4555

*Counsel to Robert Ramsey*

9

Date: November _/_ , 2011  LANDIS RATH & COBB LLP

By: _Adam G. Landis w/ permission_
Adam Landis
919 North Market Street, Suite 1800
Wilmington, DE 19899
Telephone:  (302) 467-4400
Facsimile:  (302) 467-4450

-and-

Howard Seife
Douglas Deutsch
David LeMay
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone:  (212) 408-5100
Facsimile: (212) 541-5369

*Counsel to the Official Committee of Unsecured Creditors*

10

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |

## STIPULATION TO TREAT CERTAIN LATE-FILED INDEMNIFICATION CLAIMS OF F. ASHLEY ALLEN, CATHERINE M. HERTZ, MICHAEL D. SLASON, AND LOUIS J. STANCAMPIANO AS TIMELY-FILED

This stipulation (the "Stipulation") is entered into by and among the above-captioned

debtors and debtors in possession (collectively, the "Debtors"), F. Ashley Allen, Catherine M.

Hertz, Michael D. Slason, and Louis J. Stancampiano (collectively, the "D&O Claimants"), and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (1844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CH1 6291788v.1

the Official Committee of Unsecured Creditors (the "Committee," together with the Debtors and the D&O Claimants, the "Stipulation Parties").

## RECITALS

A.    The Debtors' by-laws, the Debtors' certificates of incorporation, and/or separation agreements may contain provisions pertaining to indemnification of the Debtors' respective officers and directors against liability for certain acts performed within the scope of their employment and reimbursement and advancement of costs and expenses incurred in defending lawsuits to which they become parties by virtue of their status as officers and directors of the Debtors, subject to specified limitations.

B.    By an order dated March 25, 2009 (the "Bar Date Order") [D.I. 813], the Court established June 12, 2009 (the "Bar Date"), as the deadline for filing claims against the Debtors.

C.    In late 2010, the Committee commenced adversary proceedings (the "Adversary Proceedings") against current and former officers and directors of the Debtors, asserting, among other things, claims for breach of fiduciary duty and avoidance and recovery of various payments made to these current and former officers or directors as either preferences or fraudulent conveyances.

D.    On April 7, 2011, Tom E. Ehlmann, John Birmingham, Mark W. Hianik, and Peter A. Knapp, four former officers of the Debtors who had been named as defendants in the Adversary Proceedings (the "Initial D&O Defendants"), filed claims requesting indemnification for any judgments entered as a result of the Adversary Proceedings, as well as all costs incurred in defending against the Adversary Proceedings. On the same day, the Initial D&O Defendants filed motions in the Bankruptcy Court for orders deeming their respective claims for indemnification to be timely-filed [D.I. 8594, 8595, 8596, 8597].

2

E.    The Committee filed an objection to the Initial D&O Defendants' motions on April 18, 2011 [D.I. 8689], asserting that the Initial D&O Defendants' failure to anticipate litigation did not constitute "excusable neglect," as defined in Pioneer Inv. Servs. Co. v. Brunswick Associates, Ltd., 507 U.S. 380 (1993), that warranted relief from the Bar Date Order pursuant to Bankruptcy Rule 9006(b).  On April 20, 2011, the Initial D&O Defendants filed a response to the Committee's objection [D.I. 8719].

F.    The Court heard arguments on the Initial D&O Defendants' motions on April 25, 2011.  At the conclusion of the hearing, the Court announced that the motions would be granted and that the claims would be treated as timely-filed.  Orders were subsequently entered effectuating the Court's decision.  See D.I. 8747, 8748, 8749, 8750.

G.    On May 6, 2011, Kathleen Waltz, John Vitanovec, Timothy Landon, Richard Malone, Luis Lewin, David Hiller, Thomas Leach, John Reardon, and Scott Smith (collectively, the "Additional D&O Defendants"), each named as a defendant in the Adversary Proceedings, filed motions for orders deeming their respective indemnification claims against the Debtors to be timely-filed [D.I. 8850, 8851, 8852, 8853, 8854, 8855, 8856, 8857, 8858].  The bases for the Additional D&O Defendants' motions were substantially the same as those set forth in the motions filed by the Initial D&O Defendants.

H.    The Committee objected to the motions of the Additional D&O Defendants on May 18, 2011 [D.I. 8941], asserting that the Additional D&O Defendants' delay in filing their claims one month after the Initial D&O Defendants was unjustifiable and did not meet the requisite standard for "excusable neglect."  The Committee also requested, in the event that the Court granted the Additional D&O Defendants' motions, that a unified procedure be created to address the merits of the underlying indemnification claims in a systematic and cost-effective manner.

3

I.    Following a hearing on May 25, 2011, the Court granted the Additional D&O

Defendants' motions. See D.I. 8992, 8994, 8995, 8997, 8998, 8999, 9000, 9001, 9002. The

Court also noted on the record that it agreed with the Committee that a unified process to address

the merits of the underlying indemnification claims was logical.

J.    During April of 2011, the Court entered an order lifting the automatic stay to the

extent necessary to allow certain creditors to file and serve state law fraudulent conveyance

actions against current and former officers and directors of the Debtors.[2] Ultimately, in June of

2011, the indenture trustees on behalf of holders of Senior Notes and PHONES Notes[3] and

certain retirees[4] filed separate lawsuits[5] in various jurisdictions asserting state law constructive

fraudulent conveyance claims against former stockholders of Tribune (collectively, the "SLCFC

Litigation," and together with the Adversary Proceedings and any other state law constructive

fraudulent conveyance actions against current and former officers and directors of the Debtors as

former stockholders of Tribune similar to the SLCFC Litigation, the "D&O Litigation").  Certain

current and former directors and officers are named defendants in the SLCFC Litigation.

K.    On September 1, 2011, the Debtors and the Committee filed a joint motion (the

"Joint Motion") seeking approval of (i) a stipulation (the "Indemnification Claims Stipulation")

by and between the Debtors, the Committee, and certain former directors and officers of the

Debtors named as defendants in the D&O Litigation (collectively, the "D&O Stipulation

---

[2]    In the order, the Court made no finding and issued no ruling determining the standing of any creditor to assert the state law constructive fraudulent conveyance claims against current and former officers and directors of the Debtors.

[3]    The indenture trustee plaintiffs are Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for certain series of Senior Notes, Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for certain series of Senior Notes, and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES Notes.

[4]    The retiree plaintiffs are retirees of The Times Mirror Company, Tribune Company, and/or one or more of 110 affiliates or subsidiaries of Tribune Company.

[5]    The indenture trustees filed approximately 50 complaints in over twenty different federal and state courts. The retirees filed four separate actions in four different state courts.

4

Parties"),[6] pursuant to which certain late-filed indemnification claims of the D&O Stipulation

Parties would be treated as timely-filed and (ii) a process for permitting other former directors

and officers of the Debtors who have been named in the Adversary Proceedings, or who have

been or may be named in the SLCFC Litigation, to enter into stipulations identical to the

Indemnification Claim Stipulation. See D.I. 9741.

     L.    On October 3, 2011, the Court entered an Order approving the Joint Motion (the

"Indemnification Claims Order"). See D.I. 9875. Pursuant to the Indemnification Claims Order,

former directors and officers of the Debtors who (i) are not included as parties to the

Indemnification Claims Stipulation, (ii) have been named in the Adversary Proceedings, or have

been or may be named in the SCLCFC Litigation, and (iii) wish to receive relief similar to the

Indemnification Claims Stipulation through entry into an identical stipulation with the Debtors

and the Committee should (a) contact the Debtors or the Committee within 15 days of the entry

of the Indemnification Claims Order to arrange to enter into a stipulation identical to the

Indemnification Claims Stipulation and (b) thereafter file their indemnification claims or amend

their previously filed proofs of claim within the same timeframe as the D&O Stipulation Parties

(i.e., within 30 days of the entry of the Indemnification Claims Order).

     M.    The D&O Claimants, each of whom is a former director or officer of one or more

of the Debtors, have notified the Debtors that they either have filed or intend to file (i)

indemnification claims against the Debtors in connection with the D&O Litigation in which they

have been or may subsequently be named defendants, and any other litigation presently pending

or hereafter filed, and arising from or relating to the D&O Claimants' service as directors or

---

[6]    The D&O Stipulation Parties are Ruthellyn Musil, John Poelking, Dennis FitzSimons, Don Grenesko, Mark Mallory, Gerald Agema, Irene Sewell, Enrique Hernandez Jr., Robert S. Morrison, J. Christopher Reyes, Dudley S. Taft, Miles D. White, Crane Kenney, Thomas Finke, Durham Monsma, Irving Quimby, Betty Ellen Berlamino, Tom E. Ehlmann, John Birmingham, Mark W. Hianik, Peter A. Knapp, Kathleen Waltz, John Vitanovec, Timothy Landon, Richard Malone, Luis Lewin, David Hiller, Thomas Leach, John Reardon, and Scott Smith.

officers of one or more of the Debtors at the time of the transactions at issue in the D&O

Litigation (collectively, including original proofs of claim and any amendments thereto, the

"D&O Indemnification Claims"), and (ii) motions to allow their late-filed D&O Indemnification

Claims to be treated as timely if an agreement cannot be reached among the Stipulation Parties.

## STIPULATION

NOW, THEREFORE, in consideration of the foregoing, the Stipulation Parties, through

their undersigned counsel, stipulate and agree as follows:

1.      Given the prior proceedings summarized above, the Stipulation Parties seek to

resolve the issue of timeliness without further contested proceedings before the Court.

Accordingly, so long as any D&O Claimant has either (i) filed his or her D&O Indemnification

Claims within 30 days of the entry of the Indemnification Claims Order, or (ii) amended his or

her previously filed D&O Indemnification Claims within 30 days of the entry of the

Indemnification Claims Order, the D&O Indemnification Claims shall be deemed timely-filed

pursuant to Bankruptcy Rule 9006(b).

2.      For administrative convenience, the D&O Claimants shall file their respective

D&O Indemnification Claims in the Tribune Company bankruptcy case, Case No. 08-13141

(KJC). The D&O Claimants shall identify in their proofs of claim (or, as the case may be,

amendments thereto) each of the subsidiary Debtors potentially implicated by the D&O

Indemnification Claims. The D&O Indemnification Claims shall be deemed for all purposes to

have been timely filed against each of the identified subsidiary Debtors in their respective

bankruptcy cases without the necessity of filing separate proofs of claim in each of those cases.

3.      In the event that any D&O Claimant did not identify subsidiary Debtors in his or

her original proof of claim, such D&O Claimant shall have 30 days from entry of the

Indemnification Claims Order to file an amendment to his or her proofs of claim to include

6

relevant subsidiary Debtors, and such claim shall be deemed timely-filed pursuant to Bankruptcy Rule 9006(b).

4.      In the event that a D&O Claimant amends his or her respective D&O Indemnification Claim to assert an indemnification and/or contribution claim against any subsidiary Debtors based on the preceding paragraph, the Debtors and/or the Court-appointed claims agent are authorized to take the steps necessary to ensure that the claims register reflects the amended proofs of claim.

5.      This Stipulation is without prejudice to the rights of the Debtors, the Committee, or any other party in interest to object to or otherwise contest any of the D&O Indemnification Claims on any and all grounds other than timeliness of filing.

Date: ~~October~~ *November* 1, 2011  COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD


By: _Norman Pernick_____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suit 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

-and-

James F. Conlan
Kevin Lantry
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

*Counsel to the Debtors and Debtors in Possession*

8

Date: November ___|___, 2011    DILWORTH PAXSON LLP

By: _____
Catherine G. Pappas
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
Telephone: (215) 575-7000
Facsimile: (215) 575-7200

*Counsel to F. Ashley Allen, Catherine M. Hertz,*
*Michael D. Slason, and Louis J. Stancampiano*

9

Date: ~~October~~ *November* 1 , 2011    LANDIS RATH & COBB LLP

By: *Adam G. Landis* w/permission xbm

Adam Landis
919 North Market Street, Suite 1800
Wilmington, DE 19899
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

-and-

Howard Seife
Douglas Deutsch
David LeMay
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

*Counsel to the Official Committee of Unsecured Creditors*

10

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |

## STIPULATION TO TREAT CERTAIN LATE-FILED INDEMNIFICATION CLAIM OF JOHN ZELENKA AS TIMELY-FILED

This stipulation (the "Stipulation") is entered into by and among the above-captioned debtors and debtors in possession (collectively, the "Debtors"), John Zelenka (the "D&O Claimant"), and the Official Committee of Unsecured Creditors (the "Committee," together with the Debtors and the D&O Claimant, the "Stipulation Parties").

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CHI 6298804v.1

## RECITALS

A.     The Debtors' by-laws, the Debtors' certificates of incorporation, and/or separation agreements may contain provisions pertaining to indemnification of the Debtors' respective officers and directors against liability for certain acts performed within the scope of their employment and reimbursement and advancement of costs and expenses incurred in defending lawsuits to which they become parties by virtue of their status as officers and directors of the Debtors, subject to specified limitations.

B.     By an order dated March 25, 2009 (the "Bar Date Order") [D.I. 813], the Court established June 12, 2009 (the "Bar Date"), as the deadline for filing claims against the Debtors.

C.     In late 2010, the Committee commenced adversary proceedings (the "Adversary Proceedings") against current and former officers and directors of the Debtors, asserting, among other things, claims for breach of fiduciary duty and avoidance and recovery of various payments made to these current and former officers or directors as either preferences or fraudulent conveyances.

D.     On April 7, 2011, Tom E. Ehlmann, John Birmingham, Mark W. Hianik, and Peter A. Knapp, four former officers of the Debtors who had been named as defendants in the Adversary Proceedings (the "Initial D&O Defendants"), filed claims requesting indemnification for any judgments entered as a result of the Adversary Proceedings, as well as all costs incurred in defending against the Adversary Proceedings. On the same day, the Initial D&O Defendants filed motions in the Bankruptcy Court for orders deeming their respective claims for indemnification to be timely-filed [D.I. 8594, 8595, 8596, 8597].

E.     The Committee filed an objection to the Initial D&O Defendants' motions on April 18, 2011 [D.I. 8689], asserting that the Initial D&O Defendants' failure to anticipate litigation did not constitute "excusable neglect," as defined in Pioneer Inv. Servs. Co. v.

2

Brunswick Associates, Ltd., 507 U.S. 380 (1993), that warranted relief from the Bar Date Order

pursuant to Bankruptcy Rule 9006(b). On April 20, 2011, the Initial D&O Defendants filed a

response to the Committee's objection [D.I. 8719].

F.      The Court heard arguments on the Initial D&O Defendants' motions on April 25,

2011. At the conclusion of the hearing, the Court announced that the motions would be granted

and that the claims would be treated as timely-filed.  Orders were subsequently entered

effectuating the Court's decision. See D.I. 8747, 8748, 8749, 8750.

G.      On May 6, 2011, Kathleen Waltz, John Vitanovec, Timothy Landon, Richard

Malone, Luis Lewin, David Hiller, Thomas Leach, John Reardon, and Scott Smith (collectively,

the "Additional D&O Defendants"), each named as a defendant in the Adversary Proceedings,

filed motions for orders deeming their respective indemnification claims against the Debtors to

be timely-filed [D.I. 8850, 8851, 8852, 8853, 8854, 8855, 8856, 8857, 8858].  The bases for the

Additional D&O Defendants' motions were substantially the same as those set forth in the

motions filed by the Initial D&O Defendants.

H.      The Committee objected to the motions of the Additional D&O Defendants on

May 18, 2011 [D.I. 8941], asserting that the Additional D&O Defendants' delay in filing their

claims one month after the Initial D&O Defendants was unjustifiable and did not meet the

requisite standard for "excusable neglect." The Committee also requested, in the event that the

Court granted the Additional D&O Defendants' motions, that a unified procedure be created to

address the merits of the underlying indemnification claims in a systematic and cost-effective

manner.

I.      Following a hearing on May 25, 2011, the Court granted the Additional D&O

Defendants' motions. See D.I. 8992, 8994, 8995, 8997, 8998, 8999, 9000, 9001, 9002. The

3

Court also noted on the record that it agreed with the Committee that a unified process to address the merits of the underlying indemnification claims was logical.

J.     During April of 2011, the Court entered an order lifting the automatic stay to the extent necessary to allow certain creditors to file and serve state law fraudulent conveyance actions against current and former officers and directors of the Debtors.[2] Ultimately, in June of 2011, the indenture trustees on behalf of holders of Senior Notes and PHONES Notes[3] and certain retirees[4] filed separate lawsuits[5] in various jurisdictions asserting state law constructive fraudulent conveyance claims against former stockholders of Tribune (collectively, the "SLCFC Litigation," and together with the Adversary Proceedings and any other state law constructive fraudulent conveyance actions against current and former officers and directors of the Debtors as former stockholders of Tribune similar to the SLCFC Litigation, the "D&O Litigation"). Certain current and former directors and officers are named defendants in the SLCFC Litigation.

K.     On September 1, 2011, the Debtors and the Committee filed a joint motion (the "Joint Motion") seeking approval of (i) a stipulation (the "Indemnification Claims Stipulation") by and between the Debtors, the Committee, and certain former directors and officers of the Debtors named as defendants in the D&O Litigation (collectively, the "D&O Stipulation Parties"),[6] pursuant to which certain late-filed indemnification claims of the D&O Stipulation

---

[2]     In the order, the Court made no finding and issued no ruling determining the standing of any creditor to assert the state law constructive fraudulent conveyance claims against current and former officers and directors of the Debtors.

[3]     The indenture trustee plaintiffs are Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for certain series of Senior Notes, Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for certain series of Senior Notes, and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES Notes.

[4]     The retiree plaintiffs are retirees of The Times Mirror Company, Tribune Company, and/or one or more of 110 affiliates or subsidiaries of Tribune Company.

[5]     The indenture trustees filed approximately 50 complaints in over twenty different federal and state courts. The retirees filed four separate actions in four different state courts.

[6]     The D&O Stipulation Parties are Ruthellyn Musil, John Poelking, Dennis FitzSimons, Don Grenesko, Mark Mallory, Gerald Agema, Irene Sewell, Enrique Hernandez Jr., Robert S. Morrison, J. Christopher Reyes, Dudley S. Taft, Miles D. White, Crane Kenney, Thomas Finke, Durham Monsma, Irving Quimby, Betty Ellen Berlamino, Tom

Parties would be treated as timely-filed and (ii) a process for permitting other former directors and officers of the Debtors who have been named in the Adversary Proceedings, or who have been or may be named in the SLCFC Litigation, to enter into stipulations identical to the Indemnification Claim Stipulation. See D.I. 9741.

L.    On October 3, 2011, the Court entered an Order approving the Joint Motion (the "Indemnification Claims Order"). See D.I. 9875. Pursuant to the Indemnification Claims Order, former directors and officers of the Debtors who (i) are not included as parties to the Indemnification Claims Stipulation, (ii) have been named in the Adversary Proceedings, or have been or may be named in the SCLCFC Litigation, and (iii) wish to receive relief similar to the Indemnification Claims Stipulation through entry into an identical stipulation with the Debtors and the Committee should (a) contact the Debtors or the Committee within 15 days of the entry of the Indemnification Claims Order to arrange to enter into a stipulation identical to the Indemnification Claims Stipulation and (b) thereafter file their indemnification claims or amend their previously filed proofs of claim within the same timeframe as the D&O Stipulation Parties (i.e., within 30 days of the entry of the Indemnification Claims Order).

M.    The D&O Claimant, who is a former director or officer of one or more of the Debtors, has notified the Debtors that he either has filed or intends to file (i) an indemnification claim against the Debtors in connection with the D&O Litigation in which the D&O Claimant has been or may subsequently be named a defendant, and any other litigation presently pending or hereafter filed, and arising from or relating to the D&O Claimant's service as a director or officer of one or more of the Debtors at the time of the transactions at issue in the D&O Litigation (including original proofs of claim and any amendments thereto, the "D&O

---

E. Ehlmann, John Birmingham, Mark W. Hianik, Peter A. Knapp, Kathleen Waltz, John Vitanovec, Timothy Landon, Richard Malone, Luis Lewin, David Hiller, Thomas Leach, John Reardon, and Scott Smith.

Indemnification Claim"), and (ii) a motion to allow his late-filed D&O Indemnification Claim to be treated as timely if an agreement cannot be reached among the Stipulation Parties.

## STIPULATION

NOW, THEREFORE, in consideration of the foregoing, the Stipulation Parties, through their undersigned counsel, stipulate and agree as follows:

1.      Given the prior proceedings summarized above, the Stipulation Parties seek to resolve the issue of timeliness without further contested proceedings before the Court. Accordingly, so long as the D&O Claimant has either (i) filed his D&O Indemnification Claim within 30 days of the entry of the Indemnification Claims Order, or (ii) amended his previously filed D&O Indemnification Claim within 30 days of the entry of the Indemnification Claims Order, the D&O Indemnification Claim shall be deemed timely-filed pursuant to Bankruptcy Rule 9006(b).

2.      For administrative convenience, the D&O Claimant shall file his D&O Indemnification Claim in the Tribune Company bankruptcy case, Case No. 08-13141 (KJC). The D&O Claimant shall identify in his proof of claim (or, as the case may be, amendments thereto) each of the subsidiary Debtors potentially implicated by the D&O Indemnification Claim.  The D&O Indemnification Claim shall be deemed for all purposes to have been timely filed against each of the identified subsidiary Debtors in their respective bankruptcy cases without the necessity of filing separate proofs of claim in each of those cases.

3.      In the event that the D&O Claimant did not identify subsidiary Debtors in his original proof of claim, the D&O Claimant shall have 30 days from entry of the Indemnification Claims Order to file an amendment to his proofs of claim to include relevant subsidiary Debtors, and such claim shall be deemed timely-filed pursuant to Bankruptcy Rule 9006(b).

6

4.      In the event that the D&O Claimant amends his D&O Indemnification Claim to assert an indemnification and/or contribution claim against any subsidiary Debtors based on the preceding paragraph, the Debtors and/or the Court-appointed claims agent are authorized to take the steps necessary to ensure that the claims register reflects the amended proofs of claim.

5.      This Stipulation is without prejudice to the rights of the Debtors, the Committee, or any other party in interest to object to or otherwise contest the D&O Indemnification Claim on any and all grounds other than timeliness of filing.

Date: October 28, 2011    COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suit 1410
Wilmington, Delaware 19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

-and-

James F. Conlan
Kevin Lantry
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

*Counsel to the Debtors and Debtors in Possession*

Date: October 28, 2011      JOHN ZELENKA

By: _____
John Zelenka

Date: October _28_, 2011    LANDIS RATH & COBB LLP

By: _Adam G. Landis w/permission mlm_

Adam Landis
919 North Market Street, Suite 1800
Wilmington, DE 19899
Telephone:  (302) 467-4400
Facsimile:  (302) 467-4450

-and-

Howard Seife
Douglas Deutsch
David LeMay
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone:  (212) 408-5100
Facsimile:  (212) 541-5369

*Counsel to the Official Committee of Unsecured Creditors*

10