IN THE UNITED STATES BANKRUPTCY COURT
                     FOR THE DISTRICT OF DELAWARE


IN RE:                          )   Case No. 08-13141 (KJC)
                                )   (Jointly Administered)
                                )
TRIBUNE COMPANY, et al.,        )   Chapter

                                )   Courtroom 5
                                )   824 Market Street
            Debtors.            )   Wilmington, Delaware
                                )
                                )   November 29, 2011
                                )   1:30 p.m.


              TRANSCRIPT OF TELEPHONIC PROCEEDINGS
          BEFORE THE HONORABLE JUDGE KEVIN J. CAREY
                UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtors:            Sidley Austin, LLP
                        BY: JAMES BENDERNAGEL, ESQ.
                        BY: JESSICA BOELTER, ESQ.
                        BY: BRYAN KRAKAUER, ESQ.
                        BY: JILLIAN LUDWIG, ESQ.
                        BY: DAVID MILES, ESQ.
                        BY: KERRIANN MILLS, ESQ.
                        BY: ALLISON E. ROSS STROMBERG, ESQ.
                        BY: KEVIN LANTRY, ESQ.
                        (312) 853-7000

                        Cole, Schotz, Meisel, Forman
                        & Leonard, P.A.
                        BY: J. KATE STICKLES, ESQ.
                        BY: NORMAN L. PERNICK, ESQ.
                        (302) 651-2000

                        Fox Rothschild, LLP
                        BY: JEFFREY M. SCHLERF, ESQ.
                        (302) 622-4212

ECRO:                   AL LUGANO

Transcription Service:  DIAZ DATA SERVICES
                        331 Schuylkill Street
                        Harrisburg, Pennsylvania 17110
                        (717) 233-6664


Proceedings recorded by electronic sound recording;
transcript produced by transcription service

```
 1   APPEARANCES:
     (Continued)
 2
     For Great Banc:           Womble Carlyle Sandridge & Rice
 3                             BY: THOMAS M. HORAN, ESQ.
                               (302) 252-4339
 4                             BY: FRANCIS MONACO, ESQ.
                               (302) 252-4340
 5
     For DBTCA:                McCarter & English
 6                             BY: KATHARINE MAYER, ESQ.
                               (302) 984-6312
 7                             BY: DAVID ADLE, ESQ.
                               (212 609-6847
 8
     For WTC:                  Brown Rudnick
 9                             BY: ROBERT STARK, ESQ.
                               BY: GORDON NOVOD, ESQ.
10                             (212) 209-4940

11                             Sullivan Hazeltine Allinson, LLC
                               BY:  WILLIAM D. SULLIVAN, ESQ.
12                             (302) 428-8191

13   For U.S. Trustee:         Office of the U.S. Trustee
                               BY: DAVID KLAUDER, ESQ.
14                             (302) 573-6491

15   For Official Committee    Landis, Rath & Cobb
     of Unsecured Creditors:   BY: ADAM LANDIS, ESQ.
16                             BY: DAN RATH, ESQ.
                               BY: MATTHEW MCGUIRE, ESQ.
17                             (302) 467-4400

18                             Chadbourne & Parke, LLP
                               BY: DAVID LEMAY, ESQ.
19                             BY: MARC ROITMAN, ESQ.
                               BY: MARC D. ASHLEY, ESQ.
20                             BY: DOUGLAS DEUTSCH, ESQ.
                               BY: THOMAS MCCORMACK, ESQ.
21                             BY: HOWARD SEIFE, ESQ.
                               (212) 408-5100
22
                               Zuckerman Spaeder
23                             BY: JAMES SOTTILE, ESQ.
                               BY: GRAEME BUSH, ESQ.
24                             BY: ANDREW CARIDAS, ESQ.
                               BY: ANDREW GOLDFARB, ESQ.
25                             (202) 778-1800
```

```
 1   APPEARANCES:
     (Continued)
 2
     For Oaktree/
 3   Angelo Gordon:          Dewey LeBoeuf
                             BY: JAMES JOHNSTON, ESQ.
 4                           (213) 621-6030
                             BY: BRUCE BENNETT, ESQ.
 5                           (213) 621-6021

 6   For Credit Lenders:     Young Conaway Stargatt &
                             Taylor
 7                           BY: ROBERT S. BRADY, ESQ.
                             (302) 571-5713
 8                           BY: M. BLAKE CLEARY, ESQ.
                             (302) 571-6714
 9
     For William A. Niese:   Teitlebaum & Baskin, LLP
10                           BY: JAY TEITELBAUM, ESQ.
                             (914) 437-7670
11
     For Aurelius Capital
12   Management:             Akin Gump Strauss Hauer & Feld, LLP
                             BY: DAVID ZENSKY, ESQ.
13                           BY: DANIEL GOLDEN, ESQ.
                             (212) 872-1000
14
                             Ashby & Geddes
15                           BY: AMANDA WINFREE, ESQ.
                             (302) 654-1888
16
     For JP Morgan Chase:    Davis Polk
17                           BY: DONALD BERNSTSEIN, ESQ.
                             BY: DAMIEN SCHAIBLE, ESQ.
18                           (212) 450-4092

19                           Richards Layton & Finger
                             BY: ROBERT STEARN, JR., ESQ.
20                           (302) 651-7830

21
     For Jason D. Abbruzzese: Realm Partners
22                           BY: JASON D. ABBRUZZESE
                             (212) 612-1441
23
     For Blackstone Group:   Blackstone Group
24                           BY: RONAK AMIN, ESQ.
                             (212) 390-2783
25
```

```
 1   APPEARANCES:
     (Continued)
 2

 3   For Credit Agreement
     Lenders:                 Angelo Gordon & Co., LP
 4                            BY: GAVIN BAIERA, ESQ.
                              (212) 692-0217
 5

     For Suttonbrook
 6   Capital Management:      Suttonbrook Capital Management
                              BY: CAROL L. BALE, ESQ.
 7                            (212) 588-6640

 8   For Alexander Bilus:     Dechert, LLP
                              BY: ALEXANDER BILUS
 9                            (215) 994-2608

10   For Defendant(s), Schulte
     Roth & Zabel, LLP:       Schulte Roth & Zabel, LLP
11                            BY: KRISTIE BLASE, ESQ.
                              BY: KAREN S. PARK, ESQ.
12                            (212) 756-2466

13   For Interested Party:    Solus LP - Client
14                            BY: STEPHEN BLAUNER, ESQ.
                              (212) 373-1562
15
     For Debtor:              Tribune
16                            BY: DAVE ELDERSVELD
                              (312) 222-4707
17                            BY: MICHAEL D. ONEAL
                              (312) 222-3490
18                            BY: DON LIEBENTRITT
                              (312) 222-3651
19                            BY: GARY WEITMAN
                              (312) 222-3394
20
     For Goldman Sachs
21   & Company:               Goldman Sachs & Company
                              BY: LEXI FALLON, ESQ.
22                            (212) 902-0791
                              BY: FREDERICK MORRIS, ESQ.
23                            (212)902-2886

24

25
```

```
1   APPEARANCES:
    (Continued)
2

3   For Third Party, Former
    Special Committee of
4   Tribune's Board of
    Directors:               Skadden Arps Slate Meagher & Flom
5                            BY: NICK CAMPANARIO, ESQ.
                             (312) 407-0974
6
    For Interested Party:    CRT Capital Group, LLC
7                            BY: SHAGUN S. CHADHA, ESQ.
                             (203) 569-4345
8
    For Davidson Kempner:    DK Partners
9                            BY: EPHRAIM DIAMOND, ESQ.
                             (646) 282-5841
10
    For Bank of America:     O'Melveny & Myers (NY Office)
11                           BY: DANIEL CANTOR, ESQ.
                             (212) 326-2000
12                           BY: EVAN JONES, ESQ.
                             (213) 430-6236
13                           BY: DANIEL S. SHAMAH, ESQ.
                             (212)326-2138
14                           BY: TIMOTHY HOFFMANN, ESQ.
                             (312) 269-4376
15
16                           Bank of America
                             BY: ESTER CHUNG, ESQ.
17                           (646) 855-6705
18  For Defendants (former
    Directors & Officers):   Grippo & Elden, LLC
19                           BY: GEORGE DOUGHERTY, ESQ.
                             (312) 704-7700
20
21  For Aurelius Capital
    Management:              Friedman Kaplan Seiler & Adelman
22                           BY: GREGORY W. FOX, ESQ.
                             (212) 833-1177
23
                             Aurelius Capital Management, LP
24                           BY: MATTHEW A. ZLOTO
                             (646) 445-6518
25
```

```
 1   APPEARANCES:
     (Continued)
 2
     For Defendants, Employees
 3   Compensation Defendant's
     Group:                    Frank Gecker, LLP
 4                             BY: JOSEPH FRANK, ESQ.
                               BY: REED HEILIGMAN, ESQ.
 5                             (312) 276-1400, EXT. 1432
 6
     For Matthew Frank:        Alvarez & Marsal, LLC
 7                             BY: MATTHEW FRANK
                               (312) 371-9955
 8
     For Angelo Gordon:        Wilmer Cutler Pickering Hale & Dorr
 9                             BY: ANDREW N. GOLDMAN, ESQ.
                               (212) 230-8836
10
     For Chicago Fundamental
11   Investment:               Chicago Fundamental Investment
                               BY: PETER GRUSZKA, ESQ.
12                             (312) 416-4215
13
     For Interested Party:     Patterson Belknap Webb & Tyler
14                             BY: GRIAN GUINEY, ESQ.
                               (212) 336-2305
15
     For Barclays:             Latham & Watkins, LLP
16                             BY: DAVID HAMMERMAN, ESQ.
                               BY: ROBERT ROSENBERG, ESQ.
17                             (212) 906-1200
18
                               Barclays Capital, Inc.
19                             BY: OLIVIA MAURO, ESQ.
                               (212) 412-6773
20
                               Mayer Brown, LLP
21                             BY: AMIT K. TREHAN, ESQ.
                               (212) 506-2500
22
     For Wilmington Trust:     Camden Asset Management
23                             BY: MARK HOLLIDAY, ESQ.
                               (503)243-5000
24
     For Anna Kalenchits:      BY: ANNA KALENCHITS
25                             (212) 723-1808
```

```
 1   APPEARANCES:
     (Continued)
 2
 3   For Monarch Alternative
     Capital, LP:              Monarch Alternative Capital, LP
 4                             BY: MICHAEL J. KELLY, ESQ.
                               (212) 554-1760
 5
 6   For JP Morgan Chase:      Davis Polk Wardwell, LLP
                               BY: PETER KIM, ESQ.
 7                             (212) 450-3028

 8                             JP Morgan Chase
                               BY: SHACHAR MINKOVE, ESQ.
 9                             (212) 834-7174
     For Onex Credit
10   Partners:                 Onex Credit Partners
                               BY: STUART KOVENSKY, ESQ.
11                             (201) 541-2121

12   For Morgan Stanley:       Weil Gotshal & Manges, LLP
                               BY: DAVID LITVACK, ESQ.
13                             (212) 310-8361
                               BY: ANDREA SAAVEDRA, ESQ.
14                             (212) 310-8544
                               BY: MICHAEL F. WALSH, ESQ.
15                             (212) 310-8197

16                             Barnes & Thornburg, LLP
                               BY: DAVID POWLEN, ESQ.
17                             (302) 888-4536

18   For Credit Agreement
     Lenders:                  Dewey & LeBoeuf, LLP
19                             BY: JOSHUA M. MESTER, ESQ.
                               (213) 621-6016
20
21   For Royal Bank of
     Scotland:                 Royal Bank of Scotland
22                             BY: COURTNEY ROGERS, ESQ.
                               (203) 897-4815
23
                               Cadwalder Wickersham & Taft
24                             BY: MICHELLE MAMAN, ESQ.
                               (212) 504-6000
25
```

```
 1   APPEARANCES:
     (Continued)
 2

 3   For Brigade Capital
     Management:                Brigade Capital Management
 4                              BY: GRANT NACHMAN, ESQ.
                                (212) 745-9781
 5
     For Merrill Lynch
 6   Capital Corporation:       Kaye Scholer, LLP
                                BY: JANE PARVER, ESQ.
 7                              (212) 836-8510
                                BY: MADLYN G. PRIMOFF, ESQ.
 8                              (212) 836-7042
                                BY: JOSEPH DRAYTON, ESQ.
 9                              (212) 836-7177

10                              Potter Anderson & Corroon, LLP
                                BY: SAURIE S. SILVERSTEIN, ESQ.
11                              (302) 984-6033
                                BY: R. STEPHEN MCNEILL, ESQ.
12                              (302)984-6067

13
     For Citigroup:             Paul Weiss Rifkind Wharton &
14                              Garrison, LLP
                                BY: SHANNON PENNOCK, ESQ.
15                              (212) 373-3000

16   For Majestic Realty
     Co. & Yorba Park Sub:      Reimann Law Group
17                              BY: DAVID W. REIMANN, ESQ.
                                (302) 414-3000
18
     For Levine Leichtman:      Levine Leichtman Capital Partners
19                              BY: JASON D. SCHAUER, ESQ.
                                (310) 275-5335
20
     For Abbott Laboratories
21   Retirement:                Munger Tolles & Olson, LLP
                                BY: BRAD R. SCHNEIDER, ESQ.
22                              (213) 683-9100

23
     For Eos Partners:          Eos Partners
24                              BY: MIKE J. SCHOTT, ESQ.
                                (212) 593-4046
25
```

```
 1   APPEARANCES:
     (Continued)
 2
     For Dominion:              McGuire Woods, LLP
 3                              BY: BETH SIEG, ESQ.
                                (804) 775-1137
 4
     For Robert R. McCormick
 5   Foundation & Cantigny
     Foundation:               Katten Muchin Rosenman, LLP
 6                             BY: JOHN SIEGER, ESQ.
                               (312) 902-5294
 7
     For Amalgamated Bank:     Milbank Tweed Hadley & McCloy
 8                             BY: ALAN STONE, ESQ.
                               (212) 530-5285
 9
     For Interested Party:     Miller Tabak Roberts Securities,
10                             LLC
                               BY: ANDREW M. THAU, ESQ.
11                             (212) 692-5178

12
     For EGI-TRB, LLC:         Jenner & Block
13                             BY: ANDREW VAIL, ESQ.
                               (312) 810-8688
14
     For Stark Entities:       Quarles & Brady, LLP
15                             BY: ERIC VANSCHYNDLE, ESQ.
                               (414) 277-5155
16
     For Interested Party:     Smith Management
17                             BY: JENNIFER WILD, ESQ.
                               (212) 418-6877
18
     For Certain Current
19   & Former Officers and
     Directors:                Connolly Bove Lodge & Hutz, LLP
20                             BY: JEFFREY C. WISLER, ESQ.
                               (302) 888-6258
21
     For National Broadcasting
22   Systems:                  Crowell & Moring, LLP
                               BY: MICHAEL BLUMENTHAL, ESQ.
23                             (212) 895-4241

24

25
```

1   APPEARANCES:
    (Continued)
2

3   For Associated Press:      Associated Press
                               BY: RANDALL CHASE, ESQ.
4                              (302)674-3037

5   For Comcast:               Ballard Spahr, LLP
                               BY: CHRISTOPHER S. CHOW, ESQ.
6                              (302) 252-4431

7   For Bloomberg LP:          Bloomberg, LP
                               BY: STEVEN H. CHURCH, ESQ.
8                              (302)661-7606

9   For Cooperstown Capital
    Management:                Cooperstown Capital Management
10                             BY: PETER COURI, ESQ.
                               (203) 552-6900
11

12  For Halcyon Asset
    Management:                Halcyon Asset Management
13                             BY: IGOR FUKS, ESQ.
                               (212)303-9453
14
    For BlueMountain
15  Capital:                   BlueMountain Capital Management
                               BY: MICHAEL C. KASS, ESQ.
16                             (212) 905-3911

17  For Law Debenture Trust
    Company:                   Kasowitz Benson Torres & Friedman
18                             BY: SHERON KORPUS, ESQ.
                               (212) 506-1700
19                             BY: CHRISTINE MONTENEGRO, ESQ.
                               (212)506-1715
20                             BY: DAVID ROSNER, ESQ.
                               (212)506-1726
21

22  For Pryor Cashman:         Pryor Cashman, LLP
                               BY: TINA MOSS, ESQ.
23                             (212) 326-0421

24  For Nomura Securities:     Nomura Securities
                               BY: ARTHUR ROULAC, ESQ.
25                             (212)667-2073

```
1   APPEARANCES:
    (Continued)
2

3   For White & Case:        White & Case
                             BY: IAN J. SILVERBRAND, ESQ.
4                            (212) 819-7811

5   For CITI:                Citi
                             BY: REBECCA SONG, ESQ.
6                            (212)559-9933

7   For One East Partners:   One East Partners
                             BY: SINA TOUSSI, ESQ.
8                            (212) 230-4510

9   For Mark Hianik:         Edwards Wildman & Palmer
                             BY: CHUNG H. LEE, ESQ.
10                           (312) 201-2641

11  For Silverpoint Capital: The Rosner Law Group, LLC
                             BY: SCOTT J. LEONHARDT, ESQ.
12                           (302) 295-5093

13  For DLA Piper:           DLA Piper, US, LLP
                             BY: MICHELLE MARINO, ESQ.
14                           (302) 468-5700

15  For Bingham McCutchen:   Bingham McCutchen, LLP
                             BY: AINSLEY G. MOLONEY, ESQ.
16                           (617) 951-8873
17

18

19

20

21

22

23

24

25
```

1   WILMINGTON, DELAWARE, TUESDAY, NOVEMBER 29, 2011 1:32 P.M.

2          THE COURT:  Good afternoon.  This is Judge Carey.

3   We're on the record in the Tribune Company related Chapter

4   11 proceedings.  The purpose of today's telephone conference

5   is to discuss scheduling and process in connection with the

6   Motions for Reconsideration that have been filed and the

7   debtors' request to schedule its procedures motion.  I did

8   ask at the last hearing for the parties to confer and see

9   whether they could reach any consensus regarding process.

10  Let me first ask whether such discussions have taken place

11  and, if so, what the results are.  I'll ask debtors' counsel

12  to respond first to that.  Mr. Bendernagel are you there?

13         OPERATOR:  One moment, Your Honor.

14         MR. BENDERNAGEL:  Let me go ahead and if he joins

15  -- am I still on the line, Judge?

16

17         THE COURT:  You are.  I hear you now for the

18  first time.  Go ahead.

19         MR. BENDERNAGEL:  The reason -- what I had said a

20  second ago was I had thought Kevin Lantry was going to

21  respond.

22         THE COURT:  Oh.

23         MR. BENDERNAGEL:  Is he on the line or did he get

24  cut off somehow?

25         THE COURT:  Let me see.  He's on the --

1    MR. BENDERNAGEL:  Let me go -- go ahead.

2    THE COURT:  He's on the sign-up sheet.  Mr.

3 Lantry, are you on the phone line?  I hear no response.

4    OPERATOR:  And Your Honor, he is on line.

5    THE COURT:  Okay.

6    MR. LANTRY:  Hello?

7    THE COURT:  Mr. Lantry, this is Judge Carey.

8    MR. LANTRY:  Can you hear me, Your Honor?

9    THE COURT:  Yes, I can hear you.  Did you --

10    MR. LANTRY:  I apologize.

11    THE COURT:  All right.

12    MR. LANDRY:  Your Honor, to report, the parties

13 have all worked very diligently over the last seven days and

14 have made significant progress in designing a method for

15 promptly adjudicating all of the allegation disputes.  This

16 progress, however, does have one issue that -- or, in fact,

17 a couple of small issues that haven't yet been fully

18 resolved.  So we do have something that we need to ask you

19 to address today.  But I will address the one open issue

20 that remains significant to the Plan Proponents.  There are

21 a few others -- other parties that may address some of the

22 others but first let me describe the progress.

23    Upon last week's hearing, the debtors invited all

24 the stakeholders to the allocation disputes to participate

25

1  in conference calls on Wednesday and again yesterday

2  afternoon.  And prior to the call yesterday afternoon,

3  counsel for Aurelius distributed a scheduling order that

4  provides for all of the account allocation disputes to be

5  briefed and ready for adjudication by January 23.  The

6  scheduling order providers that the PHONES subordination

7  issues that have been teed up by two Motions for

8  Reconsideration would be adjudicated on or about December

9  13th; that very limited discovery would need to occur between

10  then and the end of December and that opening briefs and

11  reply briefs on all these remaining allocation disputes

12  would be filed by January 9 and 19.  And we believe from our

13  lengthy call yesterday afternoon that all the parties are

14  largely comfortable with the terms and timing of this

15  scheduling order.

16            The important unresolved issue, Your Honor, from

17  the perspective of the Plan Proponents is the question of

18  whether the approval of the Disclosure Statement and the re-

19  solicitation process should await resolution of these

20  allocation disputes.  Unfortunately, the Noteholders have

21  conditioned their prompt adjudication of the allocation

22  disputes under this proposed scheduling order on the DTL

23  Plan Proponents agreeing to put confirmation of their Third

24  Amended Plan on ice until the allocation disputes have been

25

1    resolved, and the Plan Proponents do not believe that this

2    is a good idea for at least five reasons.

3              First, in your October 31 decision, you made it

4    crystal clear that the debtors should move promptly to get

5    out of bankruptcy, and we continue to believe that the most

6    effective way to accomplish that goal is to move forward

7    with the confirmation process at the same time we seek to

8    resolve these allocation disputes consistent with the

9    scheduling order.

10             Second, Your Honor, as well as -- as you are well

11   aware, there are numerous business reasons why it's critical

12   the debtors, given the current stage of the publishing and

13   broadcasting industries, to promptly emerge from these

14   Chapter 11 proceedings.

15

16             Third, not withstanding the tight timeline for

17   resolving all of the allocation disputes set forth in the

18   Noteholders' proposed scheduling order, there is still

19   considerable uncertainty about how long it will really take,

20   although it appears from our sessions over the last seven

21   days that there are going to only be limited discovery and

22   limited evidentiary presentations on the allocation

23   disputes.  We have no ability to know how many parties will

24   really be involved and how complex the issues really will be

25   until everyone's briefed it in January.  Further, once the

1  issues have been briefed and presented, it still may take

2  some time for the ultimate decision to be rendered.  And so

3  we have those three issues.

4           Your Honor, in addition, I would say as a fourth

5  item, having the confirmation process completely stopped

6  while the allocation disputes are resolved is not the most

7  efficient way to proceed.  From our experience in Chapter

8  11, disputes are resolved more quickly when the confirmation

9  train is rolling toward the station on a pre-determined

10  schedule rather than parked over on a siding.

11
          Finally, allowing the confirmation process to
12
   proceed simultaneously on separate but parallel tracks with
13
   the resolution of the allocation disputes will materially
14
   shorten the time between now and when distributions can be
15
   made to all creditors.
16
          What has been accomplished over the past week
17
   suggests that the parties will be able to adjudicate all of
18
   the allocation disputes before the Plan effective date,
19
   especially given the number of months that are likely to
20
   take place between entry of a confirmation order and the FCC
21
   approval that is necessary before we can go effective with
22
   the Plan.
23
          Last week, the Noteholders suggested that their
24
   biggest concern was that the Third Amended Plan would result
25

1   in $200 million of distributions that they believe should go

2   to them, being held up in a reserve for many years while the

3   complex litigation limbers along.  Given the proposed

4   scheduling order that's been achieved in the last seven

5   days, that appears very unlikely.  And so, in some way, the

6   Plan Proponents think that the proposed scheduling order for

7   a prompt adjudication of the allocation disputes is a good

8   idea so long as it moves forward on a parallel but separate

9   track with the Plan confirmation process which we believe

10  should promptly go forward.

11

12          Based on what we've been able to gather over the

13  past week, the Plan Proponents believe that a three hour

14  hearing would be sufficient for a motion to approve the re-

15  solicitation process and the disclosure document.

16  Accordingly, we would request that the Court schedule such a

17  hearing on or around December 3 so that we can get the

18  solicitation packages out in the mail before the Christmas

19  holidays.

20          THE COURT:  Mr. Lantry, did you mean December

21  13th?

22          MR. LANTRY:  Yes, Your Honor.

23          THE COURT:  Okay.

24          MR. LANTRY:  Sorry.

25          THE COURT:  Well, let me ask this.  I'll hold

1    that question.  I'll hear from others who wish to be heard.

2         MR. GOLDEN:  Your Honor, it's Danny Golden, Akin

3    Gump Strauss Hauer & Feld, counsel for Aurelius Capital

4    Management.  Can you hear me okay?

5         THE COURT:  Yes I can.

6         MR. GOLDEN:  Thank you, Your Honor.  Your Honor,

7    we did take to heart Your Honor's comments at the conclusion

8    of last week's hearing where you asked the parties to see if

9    they could confer to develop a consensual procedural

10   process.  And as Mr. Lantry indicated, Aurelius, or we on

11   behalf of Aurelius, did propose, draft, and circulate a

12   limited discovery and briefing schedule relating to the

13   identified subordination allocation disputes.  As Mr. Lantry

14   also indicated, this written proposal was the subject of an

15   all-hands conference call yesterday afternoon.  I think all

16   the parties attendant to these disputes were able to

17   participate in that call.  We had a relatively good back-

18   and-forth and, in fact, we made certain revisions based upon

19   the comments at that conference call and we re-circulated a

20   further draft late last night.

21        Your Honor, we had thought about actually

22   presenting a draft of this protocol to Your Honor but we

23   didn't want to run afoul of any guidelines.  We didn't want

24   to suggest that it had more support than it may actually

25

1    have so I'm happy to describe it in detail.  But what I'd

2    like to do, because we do disagree with certain of the

3    points made by Mr. Lantry, although I didn't think this was

4    an opportunity to argue or re-argue what had been discussed

5    at last week's hearing, I would like to give the Court some

6    context about the proposed schedule.

7            I think it's -- I think I can earnestly report to

8    the Court that with respect to the Reconsideration Motions

9    filed by the two Senior Indenture Trustees and the

10   Reconsideration Motion filed by Aurelius, all of which deal

11   with Your Honor's confirmation decision on the applicability

12   of the PHONES subordination provisions to the Chapter 5

13   causes of action to be pursued by the litigation trust,

14   there is general consensus on three points.  Nobody seems to

15   think we need discovery to resolve that dispute.  We have

16   agreed to a -- or seem to have agreed to a briefing schedule

17   and, subject to Your Honor's availability, the parties have

18   basically agreed that that -- those Reconsideration Motions

19   can go forward on December 13th at 1:30 p.m., which is the

20   time and date that they were originally noticed for.

21           With respect to the process for the remaining 10

22   or so subordination allocation disputes, there does seem to

23   be general consensus on the scope of limited discovery, a

24   proposed briefing schedule, and again, subject to Court

25

1   availability, a hearing to resolve those issues during the

2   week of January 23.

3            When Aurelius proposed that schedule, we were

4   obviously cognizant of the DCL's intense desire to exit

5   Chapter 11 as quickly as possible, but we tried to balance

6   that with the competing needs to have many, if not all, of

7   those issues timely resolved prior to the actual Plan

8   solicitation.  But where I do disagree with what Mr. Lantry

9   said, we have never conditioned that schedule on the

10  debtors' agreement that they delay all of the confirmation

11  process until we can resolve those issues.  We think that

12  that is a better course of action but we are prepared to go

13  forward on that schedule because we think it's a schedule

14  that works.  We think it makes sense.  And for reasons I'm

15  happy to articulate, we think it makes the most sense to

16  have those issues resolved at the January 23 hearing, which

17  would only delay the debtors' requested Disclosure Statement

18  hearing by approximately a month and a half from when they

19  had originally intended the Third Amended Disclosure

20  Statement to go forward.  And we think given the importance

21  of having these allocation subordination issues resolved

22  prior to solicitation, given the fact that this company has

23  been in bankruptcy for almost three years, we don't think a

24  delay of 45 days is outweighed -- or we think it should be

25

1   outweighed by the merits of going forward and making sure

2   that the Plan that actually is distributed properly reflects

3   Your Honor's rulings on the allocation subordination so that

4   we don't run afoul of classification and distribution

5   issues.

6           Now Mr. Lantry is right.  There is a wide

7   disagreement among the parties as to the sequencing between

8   the hearing on the resolution disputes and the Plan process.

9   Aurelius, the Senior Indenture Trustees, and the PHONES

10  Indenture Trustee believes it makes the most sense for many

11  of the reasons that Mr. Zensky discussed last week to have

12  that -- the November 13th -- I'm sorry, the December 13th

13  hearing and the following January 23rd hearing heard, and

14  with Your Honor making a decision on those allocation

15  dispute issues prior to the actual final approval of the

16  Disclosure Statement.  EGI, on the other hand, believes it

17  is not appropriate to hear any of these allocation dispute

18  issues until they are teed up in the context of confirmation

19  of the Third Amended Plan.  And the DCL Plan Proponents,

20  while they do say that they are prepared to move quickly,

21  they have absolutely demanded that their Plan process

22  Disclosure Statement confirmation, consummation of the Plan

23  should not be delayed or deferred until the resolution or

24  final resolution of those allocation disputes, which

25

1  obviously puts the Senior Noteholders, potentially the PHONE

2  holders, and the other parent creditors in an untenable

3  situation where much of their consideration will be delayed

4  and not be distributed in the context or in connection with

5  consummation of the Plan and could be many months, if not

6  years, thereafter.  I don't understand how the debtors can

7  argue that this could all be resolved quickly and yet, if it

8  can't be, that's not the debtor's fault and the process

9  should go forward anyway.

10         I really don't want to -- I didn't think we were

11  here to argue the merits of that.  I'm prepared to, but I

12  did want to lay out the process.  I think the process works.

13  I think the general consensus that you've heard about

14  suggests that it works, and I don't think a month and a half

15  delay in the context of this case is so prejudicial that we

16  should be in a position where large segments of the creditor

17  population can very potentially have their distributions or

18  much of their distributions delayed just because the debtors

19  want to get out when they want to get out.

20         So, Your Honor, we are prepared to send to the

21  Court the latest version of the protocol if you think that's

22  helpful and I'm happy to answer any other questions that the

23  Court may have.

24         THE COURT:  Mr. Golden, on your schedule, just to

25

1  finish it out, when would you -- let's put it this way.

2  Allowing no time for the Court to make a decision once the

3  allocation -- remaining allocation disputes are presented,

4  assuming they are not resolved at the January 23rd hearing,

5  when would you propose that the debtors' procedure motion be

6  scheduled for?

7          MR. GOLDEN:  Your Honor, we thought a lot about

8  that.  One of the benefits of the schedule we've proposed is

9  that the hearing that would hopefully be scheduled on

10  December 13th, depending upon Your Honor's resolution of

11  those Reconsideration Motions, will go a very long way, we

12  suggest, to resolving other issues related to the allocation

13  disputes.  So it's very likely, we think, that if there's a

14  decision with respect to the pending Reconsideration Motions

15  on or around the hearing that we hope to be scheduled for

16  December 13th, that the Court could relatively quickly, and

17  obviously we're not trying to impose on the Court's

18  schedule, but to answer your question, we would like to

19  believe that we could have a hearing at the very end of

20  January or early February on the Disclosure Statement

21  assuming the other -- all of the subordination allocation

22  disputes have been ruled upon by Your Honor at that time.

23          THE COURT:  And that would put confirmation

24  where?  Some time I guess toward the end of February or the

25

1  beginning of March?

2          MR. GOLDEN:  Yes, which as I said is really a

3  month and a half delay from what the debtors are proposing.

4          THE COURT:  All right.  Does anyone else wish to

5  be heard?

6          MR. BRADFORD:  Your Honor, this is David Bradford

7  on behalf of EGI-TRB.  We too want to see the confirmation

8  train go forward and do not want to see it delayed on

9  account of the need to resolve these allocation issues.  The

10  debtor's Plan proposed a process to resolve these issues in

11  conjunction with the confirmation hearing or promptly

12  following the confirmation hearing and we think that's the

13  best way to get these issues resolved for several reasons.

14

15          First, the issues arise in a factual context and

16  in the context of the Plan itself.  So, for example, the

17  Plan says EGI-TRB must turn over whatever proceeds it gets

18  from the creditor trust and the litigation trust unless,

19  pursuant to, is the defined term, the allocation dispute

20  protocol, the Court determines that it is not subordinated

21  to those issues.  So the issue of subordination as it

22  pertains to EGI-TRB or, for that matter, the PHONES, is an

23  issue that arises in a specific context of what

24  distributions should be made from a creditor's trust and a

25  litigation trust, among other places, to what parties.  The

1    creditor's trust doesn't yet exist.  The litigation trust

2    doesn't yet exist.  They may never exist if a Plan is not

3    approved.

4              The decision as to how those funds and

5    distributions should be allocated should be made with

6    specific reference to the trusts that are established by the

7    Plan.  To resolve those issues in advance of confirmation is

8    essentially to render an advisory opinion as to what should

9    or should not happen if the Plan is confirmed and parties

10   may later attack those determinations as having been

11   essentially advisory opinions.  In all events, those same

12   issues are going to have to be briefed in conjunction with

13   confirmation so that people have properly presented their

14   objections to whatever distributions are called for in

15   conjunction with confirmation.  And there really is no

16   procedure under the rules simply to resolve these issues in

17   the abstract.  Either there needs to be an adversary

18   complaint in order to resolve subordination issues as

19   provided by Rule 7001(8) or there needs to be a Plan that

20   provides for subordination, as the DCL Plan does, in which

21   event the issues of subordination should be resolved in

22   conjunction with the Plan itself.

23             Finally, deferring the resolution of these issues

24   until the confirmation process itself or until the

25

1   confirmation hearing itself will ensure that every party has

2   a chance to be heard with respect to those issues and will

3   be bound in the way that a confirmation order is binding

4   with respect to the resolution of those issues.  It will

5   also afford the parties the maximum opportunity to resolve

6   those issues amicably if they can.  And finally, Your

7   Honor's ruling, as has been indicated here, Your Honor's

8   ruling on the Motion to Reconsider could be constructive to

9   the parties with respect to what issues remain open and need

10  to be briefed in conjunction with the remaining issues on

11  allocation and subordination.

12          So scheduling the submission of the remaining

13  issues in a time when the Court has had a fair opportunity

14  to rule on the Motion to Reconsider may spare both the

15  parties and the Court the burden of filing and then the

16  Court receiving briefs on multiple issues that may, in fact,

17  be clarified by reason of the ruling on the Motion to

18  Reconsider.

19          We think for all those reasons, it makes most

20  sense to proceed in the way that the debtor originally

21  outlined when it filed its Plan, which is to have an

22  allocation dispute resolution process that is resolved

23  either in conjunction with the confirmation hearing or

24  promptly following the confirmation of the Plan and prior to

25

1  the effective date.

2          THE COURT:  Thank you.  Does anyone else wish to

3  be heard?

4          MR. GOLDEN:  Your Honor, I don't know whether

5  anybody -- I'm sorry.  It's Daniel Golden from Akin Gump on

6  behalf of Aurelius.  I'd like to just have 30 seconds if

7  everyone else has been -- is finished speaking.

8          MR. LANTRY:  Your Honor, the debtors would have

9  one or two corrections to something that Mr. Golden said as

10  well.

11          THE COURT:  All right.  I'll get back to the

12  debtor at some point.  Mr. Golden, before I allow you to

13  move forward at this point, let me just ask again.  Does

14  anyone else other than the parties from whom I've already

15  heard wish to be heard?

16          MR. JOHNSTON:  Your Honor, Jim Johnston of Dewey

17  & LeBoeuf on behalf of Angelo Gordon and Oaktree DCL

18  Proponents.  Just -- I wanted to observe very briefly that

19  the schedule outlined by Mr. Golden in response to Your

20  Honor's question as to whether, if we deferred consideration

21  of a disclosure document until after the allocation disputes

22  could be resolved, when we could ultimately get the

23  confirmation.  Mr. Golden's schedule I think is unrealistic

24  for a couple of reasons.

1          Even if Your Honor has time the week of January

2    23, even if Your Honor holds the allocation dispute hearing

3    and concludes the hearing, and even if Your Honor were to

4    immediately issue a decision that week, I think it's most

5    likely that we're looking at probably a disclosure hearing,

6    at best, at the end of March because of a couple of reasons.

7    The debtors and the DCL Proponents would be revising their

8    disclosure document to reflect whatever Your Honor ruled.

9    Certainly, the other parties to this conference would then

10   want the chance to review the amended disclosure documents

11   and launch whatever objections they have, and then we'd have

12   to have a hearing on that document, which would then put us

13   out into at least, I don't know, mid to late February, I

14   would think.  And then we would need a period,

15   realistically, of 45 days to get to confirmation.  So I

16   think you're looking at confirmation not until substantially

17   after the beginning of February time period that the DCL

18   Proponents have proposed and a significant period of delay

19   which, for all the reasons that Mr. Lantry outlined, we

20   think are harmful to the creditors and harmful to this

21   enterprise.

22              THE COURT:  Thank you.

23              MR. JOHNSTON:  Thank you.

24              THE COURT:  Does anyone else wish to be heard?

25

1                   [no audible response]

2           THE COURT:  All right.  Mr. Golden?

3           MR. GOLDEN:  Thank you, Your Honor.  It's no

4  secret that one of the reasons the Senior Noteholders and

5  the PHONE Noteholders don't like the schedule that the

6  debtors have -- the DCL Plan Proponents have suggested is

7  because of a very real possibility that the Plan could go

8  effective.  A significant reserve, we'll argue about whether

9  it's $215 million or more, will have to be established and

10  then there will be no timetable agreed to and no parties

11  incentive necessarily to get the resolution of the

12  subordination allocation disputes resolved at that point in

13  time.  We think, and actually in a kind of ironic way, we

14  agree with the quote that Mr. LeMay made at last week's

15  hearing that holding people's feet to the fire is the surest

16  way of making sure that those issues are resolved on a

17  timely basis.  But for a very practical reason, depending

18  upon how Your Honor ultimately rules on these allocation

19  dispute issues, it is certainly possible, if not likely,

20  that they are going to affect classification issues under

21  the debtors' Plan.  One example, you know, Your Honor, that

22  the other parent company claims, under the debtors' Third

23  Amended Plan, as well as its previous Second Amended Plan,

24  consists of trade creditors, retirees, and the Swap Claim,

25

1   and all of those three sets of other parent company

2   creditors are implicated by the subordination issues.  It is

3   possible, if not likely, that some will get the benefit of

4   subordination; some won't, both with respect to the PHONES

5   subordination and EGI.  You may then find yourself in the

6   situation where creditors in the same class are being

7   treated differently depending upon how Your Honor rules on

8   the allocation subordination issues creating a

9   classification issue.

10

11              One other practical issue.  If parties are not

12  going to know until post-confirmation what amount of

13  consideration they're ultimately going to get, and

14  therefore, not knowing how long that consideration will be

15  locked away in a reserve trust, it is certainly going to

16  prejudice those creditors when they have to make a premature

17  election, not an election voting yes or no on the Plan, but

18  an election as to whether they take cash or the strip of

19  cash, stock, and notes.  Somebody may be very

20  [indiscernible] to take the cash, stock, and notes option if

21  they think that the stock is going to be locked away for a

22  considerable period of time post-consummation and with no

23  ability to do anything as the market goes up and down on

24  that.  All of those practical issues go away by the process

25  we have suggested of having the resolution of these disputes

1   heard before the Disclosure Statement is finally approved.

2          I will also fondly say that Mr. Johnston's

3   schedule, I think, is silly.  I believe that if you ruled on

4   a Monday, by Wednesday the debtors would be able to amend

5   their Plan and amend their Disclosure Statement to reflect

6   the Court's rulings, and to suggest otherwise is to suggest

7   a level of incompetence that doesn't exist at Sidley &

8   Austin.  I know they can do it quickly and I think this is

9   just an attempt to frighten the Court into thinking that

10  what we are actually asking for is not a month and a half

11  delay but a several month delay which is simply not the

12  case.

13

14          THE COURT:  All right.  Mr. Lantry?

15          MR. GOLDEN:  And that's all I need to say.

16          THE COURT:  Okay.  Thank you, Mr. Golden.  Mr.

17  Lantry?

18          MR. LANTRY:  Your Honor, I only have the issue of

19  this scheduling.  There's been a little confusion.  I think

20  generally, we would clarify what Mr. Johnston said by saying

21  there is a minimum of a two-month period and it gets a

22  little safer to say two and a half months between when Your

23  Honor would approve a disclosure document and when we can

24  have a confirmation hearing on that, in terms of the time it

25  takes to get the solicitation packages distributed, the

1   period of time for the votes to be brought back, them to be

2   tallied, briefs to be filed, and a hearing to be held.  And

3   so even if we could, as Danny Golden said, put together a

4   disclosure document and any changes to the Plan within less

5   than a week of when Your Honor would rule on all of these

6   issues, let's say you could rule that as promptly as early

7   February, it would still take us until some time in the area

8   of April, if not May, to actually have the confirmation

9   hearing just because you would need to approve that

10  disclosure document after we would submit it within a week

11  and then -- and parties might want to be heard on that, and

12  then we have this two- to two-and-a-half-month period for

13  the solicitation and briefing process for confirmation.  So

14  it's that clarification that it's not a 45-day period we're

15  talking about.  It's much closer to a four-month, if not

16  more, period that we're talking about that would come from

17  this delay.

18

19          THE COURT:  Let me ask this.  What -- where do we

20  stand in terms of timing on completion of pleading on the

21  Motions for Reconsideration?

22          MR. GOLDEN:  Your Honor, I'm happy to respond.

23  The parties have agreed that the objections to the Aurelius

24  Motion would be filed on December 6 at 4:00 p.m.  Any

25  replies would be due on December 9th at 4:00 p.m., leading to

1  a hoped for hearing on December 13th.  But that's

2  specifically with respect to the pending Reconsideration

3  Motions filed by the Senior Indenture Trustees and Aurelius.

4         THE COURT:  Well, how much time do the parties

5  think they need for argument on the Motions for

6  Reconsideration?  Has that been discussed?

7         MR. GOLDEN:  It has been discussed, Your Honor,

8  and it was -- if you'll recall, it was also discussed at --

9  towards the tail end of last week's hearing.  I think the

10 general consensus is somewhere around two hours.

11        MR. BENDERNAGEL:  Your Honor, this is Jim

12 Bendernagel.  Before we get too much further down, we ought

13 to make sure we're talking about all the Motions for

14 Reconsideration or a subset of them.

15        THE COURT:  Well, I'm talking about all of the

16 Motions for Reconsideration.

17

18        MR. BENDERNAGEL:  Yes, I think Mr. Golden is just

19 talking about the ones that relate to PHONES solicitation.

20 That's why I raised the question.  There's a Noteholder

21 Motion for Reconsideration that relates to certain issues

22 that really are not implicated in the allocation dispute

23 area and I sort of sensed that you were talking about all of

24 them and I think Mr. Golden is just talking about the ones

25 that sort of relate to the PHONES subordination.  We ought

1    to make sure we're talking about all of them.

2              THE COURT:  Well --

3              MR. GOLDEN:  Jim, I -- I'm sorry, Your Honor.

4              THE COURT:  Go ahead.  I'd like to put them all

5    together and hear them all together.  Is there some reason

6    why we can't or shouldn't?

7              MR. BENDERNAGEL:  No.  I think everything he said

8    in terms of schedule, people are willing to live with, with

9    respect to all of the motions.  But I just had the sense on

10   this estimate of timing that it's a little short in the

11   sense that I believe that people have talked about maybe

12   needing an hour or so on the other Motion for

13   Reconsideration, the one that is unrelated to the PHONES

14   stuff.  And I had heard yesterday on the call that people

15   were talking that it could be between two and three hours on

16   the PHONES related issues.  Mr. Golden certainly was of the

17   view it was two hours, but I had thought the PHONES

18   suggested it could be as long as three hours.

19             THE COURT:  Well, here's my thought.  I would

20   like to allocate three hours for argument on all three

21   Motions.  Now, there are overlapping issues in the three

22   Motions.  So what I was going to ask the parties to do is to

23   confer and decide how they thought fairly the three hours

24   should be allocated.  And on that, as I think I mentioned at

25

1  the end of the last hearing, you know, there's only one hour

2  set aside for Tribune on the 13th so that date does not work

3  well for argument.  So what I was going to do was reschedule

4  or have -- or schedule argument on the Motions for

5  Reconsideration for Monday, December 12th and that means I'd

6  probably want to move back by a day or move up by a day,

7  however you look at it, the objection date and the reply

8  dates that you have suggested the parties have agreed with

9  respect to two of the Reconsideration Motions.

10          MR. NOVOD:  Your Honor, this is Gordon Novod on

11  behalf of the PHONES Indenture Trustee, Wilmington Trust.

12  May I be heard?

13          THE COURT:  You may.

14          MR. NOVOD:  Thank you, Your Honor.  While we

15  generally agree with the statements of Mr. Golden concerning

16  the need for two hours, and we think we can work together

17  with all the other parties with respect to, you know,

18  divvying up time at a hearing.  Unfortunately for us, a

19  hearing on the 12th doesn't work with our internal schedule

20  and we'd ask the Court, to the extent that the Court has any

21  other availability for any other date but the 12th, we would

22  appreciate that.

23          THE COURT:  Okay.  Well, tell me what that means

24

25  exactly; that it doesn't work with your internal schedule.

1      MR. NOVOD:  Robert Stark who has appeared as lead

2  counsel on behalf of the PHONES and who has argued at

3  confirmation before Your Honor is unavailable and traveling

4  that day on the 12th and is available for a hearing on the

5  13th and the remainder of the week, Your Honor.

6      THE COURT:  All right.  Let's do this then.  How

7  about December 14th in the afternoon?

8      MR. NOVOD:  Your Honor, that certainly works for

9  us.  Thank you for the accommodation.

10      THE COURT:  Now, does that create heartburn for

11  anybody else?

12      

13      MR. GOLDEN:  What time would you like that to

14  start, Your Honor?

15      THE COURT:  Well, I have matters scheduled in the

16  morning and a second day hearing scheduled at 1:00 for which

17  I've allocated two hours.  So my inclination would be to set

18  it for 3:00 in the afternoon.  But I would keep the parties

19  to three hours and would hope and expect that the parties

20  can reach agreement on how that time can be fairly divided.

21  And if that's the hearing date and time, I wouldn't change

22  the proposed submission schedule on briefing.  It will give

23  me more time to prepare.  Now, if I find in the meantime

24  that my hearing for 1:00 won't take two hours, I'll advance

25  it a little bit earlier if I can, but I'm unable to do that

1    at this point.  So December 14th at 3:00 for argument on all

2    three Motions for Reconsideration.

3             Now, let me ask.  What's presently scheduled

4    other than that, and we'll get to the procedures motion in a

5    minute, but for the December 13th Omnibus?

6             MR. PERNICK:  Your Honor, it's Norm Pernick.  We

7    have the Omnibus Fee Hearing for the Sixth Interim Period.

8    There's the motion regarding a settlement agreement between

9    InsertCo that was adjourned from the November 22nd hearing,

10   the debtors' objection to Shuttle Printing's Proof of Claim,

11   the Forty-Ninth Omnibus Objection, the objection

12   -- I'm sorry, the Application of SNR Denton, the Fee

13   Application.  I think that's -- the Michaels' 9019

14   Settlement Motion and the SNR Retention Application

15

16            MR. LANDRY:  And, Your Honor, Kevin Lantry.  I

17   think all of these items could either be -- will not be

18   objected to or could be continued if you need to clear that

19   hearing date.

20            THE COURT:  No, I'm willing to keep the hearing

21   date because I'd like to use the following date just for the

22   Reconsideration Motions and nothing else, so that's fine.

23   What I'm also going to do is I'm not going to schedule the

24   procedures motion at this point and I'm not going to make a

25   decision on whether resolution of the allocation disputes

1  should precede confirmation or run in tandem with it.  What

2  I would like the parties to do is to make written

3  submissions which include forms of scheduling order

4  triggered to what it is they're advocating and to make

5  whatever argument they wish to make for their position or

6  against others in connection with the process and I'd like

7  to hear that and resolve it on the 13th.  I had not intended

8  -- I'll tell the debtor, in preparation for this

9  teleconference, to hear the procedures motion on the 13th in

10  any event.  So the question in my mind at this point is --

11  well, there's no question that I'm going to push it off to a

12  later time.  The only question is, how am I going to fit

13  that with allocation issues, and I want more time to think

14  about it and I'd like the benefit of written submissions on

15  it.

16  it.

17          Now, given that the parties understand each

18  other's position, and assuming, for the moment, that they'll

19  be unable to resolve their differences, although I encourage

20  the parties to continue talking about process, I'll ask that

21  they make such submissions no later than -- well, no later

22  than the December 6th date let's say and if the parties want

23  to reply to each other they can do that on the 9th by the

24  same timeframe for the replies on the Reconsideration

25  Motions.  Are there any questions about that?

1    MR. BENDERNAGEL:  Your Honor, this is Jim

2    Bendernagel.  This may be an inappropriate question but let

3    me ask it anyway and see what kind of reaction I can get.  I

4    think it will be helpful for the parties if they had some

5    sense of how long you think you're going to take to resolve

6    the Reconsideration Motions.  I know that's a tough issue to

7    ask before you've seen the arguments but that may have a big

8    impact on the timing, you know, in terms of looking at these

9    issues.  Is there any sense that you have at this juncture

10   as to whether that decision is going to be forthcoming

11   before the end of the year or within days of the hearing or

12   is this, you know, should we really be pinning these

13   arguments off of when your decision goes forward?

14   Otherwise, it's really hard to get a sense of how to talk

15   about a schedule on a go-forward basis that isn't, you know,

16   sort of hypothetical?

17   
18              THE COURT:  It's a fair question, Mr.

19   Bendernagel, and I had devoted some thought to that before

20   today's hearing and I'll answer it in a couple of different

21   ways and I'll -- but I'll precede the answer with the caveat

22   that I always give and that is every time I've set a

23   deadline, it's never worked in my favor.  But I did think

24   about the answer to the question that you've asked and it is

25   my intention to write on a decision rather than announce a

1    ruling from the bench given the pending appeal and the

2    nature of the case, so I think I need to write.  I don't

3    anticipate another 125-page opinion, however, and I had

4    anticipated issuing it by years end because I think, well

5    for obvious reasons, we need to move forward as promptly as

6    possible and I thought it was better to resolve those before

7    we went to the disclosure phase.  And maybe at the time of

8    argument on the Motions for Reconsideration I'll be in a

9    position, and hopefully will be, to fix a date for the

10    procedures motion and to have determined, in connection with

11    that, how I'd like to proceed with respect to the allocation

12    process.  And that's why I'm content to hear from the

13    parties on that issue on the 13th and to have the materials

14    -- the submissions in front of me so I have some time to

15    think about it before we actually meet on the 13th.  Are

16    there any other questions?

17                        [no audible response]

18              THE COURT:  Okay.  Is there anything else we

19    should discuss today?

20              MR. SOTTILE:  Your Honor, James Sottile of

21    Zuckerman Spaeder for the Official Committee of Unsecured

22    Creditors.  As the Court may recall, we undertook to report

23    back to you on discussions about a termination date for the

24    stay of the adversary proceedings and if I might have 30

25

1  seconds I could do that, Your Honor.

2              THE COURT:  Go ahead.

3              MR. SOTTILE:  Your Honor, we have had discussions

4  with representatives of the Noteholders.  I anticipate that

5  we will reach an agreement and be able to submit an order

6  under certification of counsel, but we have yet to consult

7  some other interested parties, including Mr. Bradford,

8  Zell's counsel, and so I would ask that we be given to the

9  end of the week to submit what I anticipate will be an

10 agreed proposed order under certification addressing a

11 further extension of the stay of the adversary proceedings.

12             THE COURT:  That's fine.

13             MR. SOTTILE:  Thank you, Your Honor.

14             THE COURT:  Is there anything else we need to

15 talk about today?  All right.  Thank you all very much.

16 That concludes this hearing.  The Court will stand in

17 recess.

18

19

20

21

22

23

24

25

1    (Whereupon, at 2:13 p.m., the hearing was adjourned.)

2

3                          CERTIFICATION

4         I certify that the foregoing is a correct

5    transcript from the electronic sound recording of the

6    proceedings in the above-entitled matter.

7

8

9    _____        29 November 2011
     Tammy Kelly, Transcriber                      Date

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| Word                 Page:Line | Word                 Page:Line | Word                 Page:Line | Word                 Page:Line |
|---|---|---|---|
| **125-page**(1) 40:3 | **allocation**(37) 13:24 14:4 14:11 14:20 | **approval**(3) 14:18 16:21 21:15 | **belknap**(1) 6:24 |
| **45-day**(1) 32:14 | 14:21 14:24 15:8 15:16 15:21 16:6 16:13 | **approve**(3) 17:13 31:22 32:9 | **bench**(1) 40:1 |
| **abbott**(1) 8:38 | 16:18 17:7 18:13 19:22 20:21 21:3 21:14 | **approved**(2) 25:3 31:1 | **bendernagel**(13) 1:25 12:13 12:15 12:19 |
| **abbruzzese**(2) 3:42 3:43 | 21:17 21:24 23:3 23:3 23:12 23:21 24:9 | **approximately**(1) 20:18 | 12:23 13:1 33:11 33:12 33:17 34:7 39:1 |
| **ability**(2) 15:22 30:22 | 24:18 26:11 26:22 27:21 28:2 29:12 29:1 | **april**(1) 32:8 | 39:2 39:18 |
| **able**(5) 16:17 17:11 18:16 31:4 41:5 | 30:8 33:21 37:24 38:13 40:11 | **are**(34) 12:12 12:13 12:17 13:3 13:20 | **benefit**(2) 30:3 38:14 |
| **about**(25) 14:8 15:18 18:21 19:6 22:13 | **allow**(1) 27:12 | 14:13 15:10 15:11 15:20 16:6 16:8 16:19 | **benefits**(1) 23:8 |
| 23:7 29:8 32:15 32:16 33:13 33:15 33:18 | **allowing**(2) 16:11 23:2 | 20:12 21:18 21:20 22:20 23:3 24:3 24:3 | **bennett**(1) 3:8 |
| 33:22 33:23 34:1 34:11 36:7 38:14 38:19 | **almost**(1) 20:23 | 25:6 25:12 25:14 28:20 29:16 29:20 30:2 | **benson**(1) 10:32 |
| 38:24 39:15 39:23 40:15 40:23 41:15 | **along**(1) 17:3 | 30:6 30:10 31:10 33:21 34:8 34:21 38:24 | **bernstsein**(1) 3:33 |
| | **already**(1) 27:14 | 40:15 | **best**(2) 24:13 28:6 |
| **aboveentitled**(1) 42:6 | **also**(5) 18:14 26:5 31:2 33:8 37:22 | **area**(2) 32:7 33:22 | **beth**(1) 9:5 |
| **absolutely**(1) 21:21 | **alternative**(2) 7:4 7:5 | **argue**(4) 19:4 22:7 22:11 29:8 | **better**(2) 20:12 40:6 |
| **abstract**(1) 25:17 | **although**(3) 15:19 19:3 38:18 | **argued**(1) 36:2 | **between**(7) 14:9 16:14 16:20 21:7 31:21 |
| **accommodation**(1) 36:9 | **alvarez**(1) 6:11 | **argument**(7) 33:5 34:20 35:3 35:4 37:1 | 34:15 37:8 |
| **accomplish**(1) 15:6 | **always**(1) 39:21 | 38:5 40:8 | |
| **accomplished**(1) 16:16 | **amalgamated**(1) 9:14 | | **big**(1) 39:7 |
| **accordingly**(1) 17:15 | **amanda**(1) 3:29 | **arguments**(2) 39:7 39:13 | **biggest**(1) 16:24 |
| **account**(2) 14:4 24:9 | **amend**(2) 31:4 31:5 | **arise**(1) 24:14 | **bilus**(2) 4:14 4:15 |
| **achieved**(1) 17:4 | **amended**(7) 14:24 16:24 20:19 21:19 | **arises**(1) 24:22 | **binding**(1) 26:3 |
| **action**(2) 19:13 20:12 | 28:10 29:23 29:23 | **around**(3) 17:16 23:15 33:10 | **bingham**(2) 11:28 11:28 |
| **actual**(2) 20:7 21:15 | **america**(2) 5:19 5:29 | **arps**(1) 5:7 | **bit**(1) 36:24 |
| **actually**(7) 18:21 18:24 21:2 29:13 31:10 | **amicably**(1) 26:6 | **arthur**(1) 10:45 | **blackstone**(2) 3:46 3:46 |
| 32:8 40:15 | **amin**(1) 3:47 | **articulate**(1) 20:15 | **blake**(1) 3:15 |
| | **amit**(1) 6:38 | **ashby**(1) 3:28 | **blase**(1) 4:20 |
| **adam**(1) 2:30 | **among**(3) 21:7 24:24 | **ashley**(1) 2:38 | **blauner**(1) 4:25 |
| **addition**(1) 16:4 | **amount**(1) 30:11 | **aside**(1) 35:2 | **block**(1) 9:23 |
| **address**(3) 13:19 13:19 13:21 | **and**(161) 9:36 12:6 12:7 12:9 12:12 12:15 | **ask**(14) 12:9 12:11 12:12 13:18 17:24 | **bloomberg**(2) 10:12 10:12 |
| **addressing**(1) 41:10 | 13:4 13:13 14:1 14:2 14:5 14:10 14:10 | 27:13 32:18 34:22 35:20 37:3 38:19 39:3 | **bluemountain**(2) 10:26 10:27 |
| **adelman**(1) 5:39 | 14:10 14:12 14:12 14:14 14:18 15:1 15:5 | 39:7 41:8 | **blumenthal**(1) 9:43 |
| **adjourned**(2) 37:9 42:1 | 15:12 15:20 15:23 16:1 16:2 16:14 16:20 | **asked**(2) 18:8 39:23 | **board**(1) 5:6 |
| **adjudicate**(1) 16:17 | 17:5 17:14 18:10 18:11 18:12 18:18 18:1 | **asking**(1) 31:10 | **boelter**(1) 1:26 |
| **adjudicated**(1) 14:8 | 19:9 19:17 19:20 19:24 20:14 20:18 20:2 | **asset**(5) 6:41 10:21 10:22 | **both**(2) 26:14 30:4 |
| **adjudicating**(1) 13:15 | 21:1 21:4 21:8 21:9 21:13 21:13 21:19 | **associated**(2) 10:4 10:4 | **bound**(1) 26:3 |
| **adjudication**(3) 14:5 14:21 17:7 | 22:2 22:4 22:5 22:7 22:8 22:12 22:14 | **assuming**(3) 23:4 23:21 38:17 | **bove**(1) 9:37 |
| **adle**(1) 2:13 | 22:22 23:16 23:23 24:3 24:8 24:12 24:14 | **attack**(1) 25:10 | **brad**(1) 8:40 |
| **administered**(1) 1:6 | 24:17 24:23 25:4 25:9 25:15 26:2 26:9 | **attempt**(1) 31:9 | **bradford**(3) 24:6 24:6 41:7 |
| **advance**(2) 25:7 36:23 | 26:9 26:11 26:15 26:15 26:24 27:17 28:3 | **attendant**(1) 18:16 | **brady**(2) 3:13 9:27 |
| **adversary**(3) 25:17 40:24 41:11 | 28:3 28:7 28:11 28:11 28:14 28:18 28:20 | **audible**(2) 29:1 40:17 | **briefed**(5) 14:5 15:24 16:1 25:12 26:10 |
| **advisory**(2) 25:8 25:11 | 29:4 29:9 29:10 29:13 29:24 30:1 30:5 | **aurelius**(13) 3:22 5:38 5:43 14:3 18:3 | **briefing**(5) 18:12 19:16 19:24 32:13 36:21 |
| **advocating**(1) 38:4 | 30:12 30:18 30:19 30:21 30:22 31:5 31:6 | 18:10 18:11 19:10 20:3 21:9 27:6 32:22 | **briefly**(1) 27:18 |
| **affect**(1) 29:20 | 31:8 31:10 31:14 31:20 31:22 31:22 32:2 | 33:3 | **briefs**(4) 14:10 14:11 26:16 32:2 |
| **afford**(1) 26:5 | 32:2 32:4 32:11 32:11 32:11 32:13 33:3 | **austin**(2) 1:24 31:8 | **brigade**(2) 8:4 8:5 |
| **afoul**(1) 18:23 21:4 | 33:8 33:22 33:23 34:5 34:14 34:15 34:23 | **availability**(3) 19:17 20:1 35:21 | **broadcasting**(2) 9:41 15:13 |
| **after**(5) 27:21 28:17 32:10 | 34:24 35:5 35:7 35:16 35:20 36:3 36:20 | **available**(1) 36:4 | **brought**(1) 32:1 |
| **afternoon**(7) 12:3 14:2 14:2 14:13 18:15 | 36:4 36:5 36:15 36:18 36:18 36:20 36:20 | **await**(1) 14:19 | **brown**(2) 2:16 6:37 |
| 36:7 36:17 | 37:4 37:14 37:15 37:21 37:23 38:4 38:6 | **aware**(1) 15:11 | **bruce**(1) 3:8 |
| | 38:7 38:13 38:14 38:17 38:21 39:3 39:18 | **away**(3) 30:14 30:20 30:23 | **bryan**(1) 1:27 |
| **again**(5) 14:1 19:24 27:13 | 39:19 39:20 39:21 39:23 40:1 40:3 40:6 | **back**(5) 18:17 27:11 32:1 35:6 40:23 | **burden**(1) 26:15 |
| **against**(1) 38:6 | 40:7 40:9 40:10 40:12 40:23 40:24 41:5 | **baiera**(1) 4:6 | **bush**(1) 2:46 |
| **ago**(1) 12:20 | 41:8 | **balance**(1) 20:5 | **business**(1) 15:11 |
| **agree**(2) 29:14 35:15 | | **bale**(1) 4:11 | |
| **agreed**(7) 19:16 19:16 19:18 29:10 32:22 | **and-forth**(1) 18:18 | **ballard**(1) 10:8 | **but**(26) 13:19 13:22 16:12 17:8 18:22 |
| 35:8 41:10 | **anderson**(1) 8:18 | **banc**(1) 5:24 | 19:1 20:5 20:8 20:12 22:11 23:18 29:17 |
| | **andrea**(1) 7:24 | **bank**(5) 5:19 5:29 7:38 7:39 9:14 | 30:16 31:11 33:1 34:9 34:17 35:21 36:17 |
| **agreeing**(1) 14:23 | **andrew**(5) 2:47 2:48 6:16 9:20 9:24 | **bankruptcy**(4) 1:1 1:20 15:5 20:23 | 36:24 37:5 39:2 39:7 39:20 39:22 41:6 |
| **agreement**(6) 4:4 7:33 20:10 36:19 37:8 | **angelo**(4) 3:5 4:5 6:15 27:17 | **barclays**(2) 6:28 6:33 | |
| 41:5 | **anna**(2) 6:45 6:45 | **barnes**(1) 7:29 | **cadwalder**(1) 7:43 |
| | **announce**(1) 39:24 | **based**(2) 17:11 18:18 | **call**(6) 14:2 14:13 18:15 18:17 18:19 34:14 |
| **ahead**(5) 12:15 12:18 13:1 34:4 41:2 | **another**(1) 40:3 | **basically**(1) 19:18 | **called**(1) 25:14 |
| **ainsley**(1) 11:29 | **answer**(5) 22:22 23:18 39:19 39:20 39:23 | **basis**(2) 29:17 39:15 | **calls**(1) 14:1 |
| **akin**(3) 3:23 18:2 27:5 | **anticipate**(2) 40:3 41:4 41:9 | **baskin**(1) 3:18 | **camden**(1) 6:41 |
| **alan**(1) 9:15 | **anticipated**(1) 40:4 | **because**(8) 19:2 20:13 22:18 28:6 29:7 | **campanario**(1) 5:8 |
| **alexander**(2) 4:14 4:15 | **any**(12) 12:10 18:23 21:17 22:22 22:4 | 32:9 37:20 40:4 | **can**(21) 13:8 13:9 16:14 16:21 17:16 18:4 |
| **all**(41) 13:11 13:13 13:15 13:23 14:4 | 32:23 35:20 35:21 38:10 38:24 39:9 40:1 | | 18:5 19:7 19:19 20:11 22:6 22:17 26:6 |
| 14:11 14:13 15:5 16:5 16:15 16:17 18:15 | **anybody**(2) 27:5 36:11 | **been**(17) 12:7 13:17 14:7 14:24 16:1 | 31:8 31:22 35:16 36:19 36:19 36:24 38:22 |
| 19:10 20:6 20:10 22:7 23:21 24:4 25:11 | **anyone**(4) 24:4 27:2 27:14 28:24 | 16:16 17:4 17:11 19:4 20:23 23:22 25:10 | 39:3 |
| 26:19 27:11 28:19 29:2 30:1 30:23 31:13 | **anything**(3) 30:22 40:18 41:14 | 26:7 27:7 31:18 33:6 33:7 | |
| 31:14 32:5 33:13 33:15 33:22 34:1 34:4 | **anyway**(2) 22:9 39:3 | | **cantigny**(1) 9:9 |
| 34:5 34:9 34:20 35:17 36:6 37:1 37:16 | **apologize**(1) 13:10 | **before**(13) 1:19 16:18 16:21 17:17 27:12 | **cantor**(1) 5:20 |
| 41:15 41:15 | **appeal**(1) 40:1 | 31:1 33:12 36:3 39:7 39:11 39:18 40:6 | **can't**(2) 22:8 34:6 |
| **all-hands**(1) 18:15 | **appeared**(1) 36:1 | 40:15 | **capital**(19) 3:22 4:10 4:10 5:11 5:38 5:43 |
| **allegation**(1) 13:15 | **appears**(2) 15:19 17:5 | **beginning**(2) 24:1 28:17 | 6:33 7:5 7:5 8:4 8:5 8:10 8:34 10:16 |
| **allinson**(1) 2:21 | **applicability**(1) 19:11 | **behalf**(6) 18:11 24:7 26:7 27:17 35:11 | 10:17 10:27 10:27 11:20 18:3 |
| **allison**(1) 1:31 | **application**(3) 37:12 37:13 37:14 | **being**(2) 17:2 30:6 | |
| **allocate**(1) 34:20 | **appreciate**(1) 35:22 | **believe**(9) 14:12 15:1 15:5 17:1 17:10 | **carey**(3) 1:19 12:3 13:7 |
| **allocated**(3) 25:5 34:24 36:16 | **appropriate**(1) 21:17 | 17:12 23:19 31:3 34:11 | **caridas**(1) 2:47 |
| | | | **carlyle**(1) 2:4 |
| | | **believes**(2) 21:10 21:16 | **carol**(1) 4:11 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **case**(6) 1:5  11:4  11:4  22:15  31:12  40:2 | | **consistent**(1) 15:8 | | **debtors**(12) 1:12  1:24  13:23  15:4  15:12 | | **dla**(2) 11:24  11:24 | |
| **cash**(2) 30:17  30:18  30:19 | | **consists**(1) 29:24 | | 22:6  22:18  24:3  27:8  28:7  29:6  31:4 | | **document**(7) 17:14  27:21  28:8  28:12 | |
| **cashman**(2) 10:40  10:40 | | **constructive**(1) 26:8 | | | | 31:22  32:4  32:10 | |
| **causes**(1) 19:13 | | **consult**(1) 41:6 | | **debtors'**(8) 12:8  12:12  20:10  20:17  23:5 | | | |
| **caveat**(1) 39:20 | | **consummation**(2) 21:22  22:5 | | 29:21  29:22  37:10 | | **documents**(1) 28:10 | |
| **certain**(4) 9:35  18:18  19:2  33:20 | | **content**(1) 40:12 | | | | **does**(9) 13:16  19:22  24:4  25:20  27:2  27:13 | |
| **certainly**(5) 28:9  29:19  30:14  34:16  36:8 | | **context**(7) 19:6  21:18  22:4  22:15  24:14 | | **debtor's**(2) 22:8  24:10 | | 28:24  35:2  36:10 | |
| **certification**(3) 41:6  41:10  42:3 | | 24:15  24:22 | | | | | |
| **certify**(1) 42:4 | | | | **december**(16) 14:8  14:10  17:16  17:19 | | **doesn't**(5) 25:1  25:2  31:7  35:19  35:24 | |
| **chadbourne**(1) 2:35 | | **continue**(2) 15:5  38:19 | | 19:19  21:12  23:10  23:16  32:23  33:24  33: | | **dominion**(1) 9:4 | |
| **chadha**(1) 5:12 | | **continued**(11) 2:2  3:2  4:2  5:2  6:2  7:2  8:2 | | 35:5  36:7  37:1  37:5  38:21 | | **don**(1) 4:33 | |
| **chance**(2) 26:2  28:10 | | 9:2  10:2  11:2  37:11 | | | | **donald**(1) 3:33 | |
| **change**(1) 36:20 | | | | **dechert**(1) 4:14 | | **don't**(9) 20:21  21:4  22:6  22:10  22:14  27:4 | |
| **changes**(1) 32:4 | | **cooperstown**(2) 10:16  10:17 | | **decide**(1) 34:23 | | 28:13  29:5  40:2 | |
| **chapter**(6) 1:8  12:4  15:14  16:7  19:12  20:5 | | **corporation**(1) 8:10 | | **decision**(12) 15:3  16:2  19:11  21:14  23:2 | | | |
| **chase**(4) 3:32  7:9  7:13  10:5 | | **correct**(1) 42:4 | | 23:14  25:4  28:4  37:24  39:10  39:13  39:24 | | **dorr**(1) 6:15 | |
| **chicago**(2) 6:19  6:20 | | **corrections**(1) 27:9 | | | | **dougherty**(1) 5:35 | |
| **chow**(1) 10:9 | | **corroon**(1) 8:18 | | **defendant's**(1) 6:5 | | **douglas**(1) 2:39 | |
| **christine**(1) 10:35 | | **could**(12) 10:10  18:9  22:5  22:7  23:16 | | **defendant**(s(1) 4:18 | | **down**(2) 30:22  33:12 | |
| **christmas**(1) 17:17 | | 23:19  26:8  27:22  27:22  29:7  32:3  32:6 | | **defendants**(2) 5:33  6:4 | | **draft**(3) 18:11  18:20  18:22 | |
| **christopher**(1) 10:9 | | 34:15  34:18  37:16  37:17  41:1 | | **deferred**(2) 21:23  27:20 | | **drayton**(1) 8:15 | |
| **chung**(2) 5:30  11:17 | | | | **deferring**(1) 25:23 | | **dtl**(1) 14:22 | |
| **church**(1) 10:13 | | **counsel**(6) 12:12  14:3  18:3  36:2  41:6  41:8 | | **defined**(1) 24:18 | | **due**(1) 32:24 | |
| **circulate**(1) 18:11 | | **couple**(4) 13:17  27:24  28:6  39:19 | | **delaware**(3) 1:2  1:12  12:1 | | **during**(1) 20:1 | |
| **citi**(2) 11:8  11:8 | | **couri**(1) 10:18 | | **delay**(9) 20:10  20:17  20:24  22:15  24:3 | | | |
| **citigroup**(1) 8:24 | | **course**(1) 20:12 | | 28:18  31:11  31:17  32:17 | | **each**(2) 38:16  38:22 | |
| **claim**(2) 29:24  37:10 | | **court**(58) 1:1  12:3  12:17  12:22  12:25  13:3 | | **delayed**(4) 21:23  22:2  22:18  24:8 | | **earlier**(1) 36:24 | |
| **claims**(1) 29:22 | | 13:5  13:7  13:9  13:11  17:15  17:19  17:22 | | **demanded**(1) 21:21 | | **early**(2) 23:20  32:6 | |
| **clarification**(1) 32:14 | | 17:24  18:5  19:5  19:8  19:24  22:21  22:23 | | **denton**(1) 37:12 | | **earnestly**(1) 19:7 | |
| **clarified**(1) 26:17 | | 22:24  23:2  23:16  23:23  24:4  24:19  26:13 | | **depending**(3) 23:10  29:17  30:7 | | **east**(2) 11:12  11:12 | |
| **clarify**(1) 31:19 | | 26:15  26:16  27:2  27:11  28:22  28:24  29:2 | | **describe**(3) 13:22  19:1 | | **ecro**(1) 1:45 | |
| **class**(1) 30:6 | | 31:9  31:13  31:15  32:18  33:4  33:15  34:2 | | **designing**(1) 13:14 | | **edwards**(1) 11:16 | |
| **classification**(3) 21:4  29:20  30:9 | | 34:4  34:19  35:13  35:20  35:20  35:23  36:6 | | **desire**(1) 20:4 | | **effective**(5) 15:6  16:18  16:21  27:1  29:8 | |
| **clear**(1) 37:17 | | 36:10  36:14  37:19  39:17  40:18  40:22  41:1 | | **detail**(1) 19:1 | | **efficient**(1) 16:7 | |
| **cleary**(1) 3:15 | | 41:12  41:14  41:16 | | | | **egi**(2) 21:16  30:5 | |
| **client**(1) 4:24 | | | | **determinations**(1) 25:10 | | **egi-trb**(4) 9:23  24:7  24:16  24:21 | |
| **closer**(1) 32:15 | | **courtney**(1) 7:40 | | **determined**(1) 40:10 | | **either**(3) 25:17  26:23  37:16 | |
| **cobb**(1) 2:29 | | **courtroom**(1) 1:10 | | **determines**(1) 24:19 | | **elden**(1) 5:34 | |
| **cognizant**(1) 20:4 | | **court's**(2) 23:17  31:6 | | **deutsch**(1) 2:39 | | **eldersveld**(1) 4:29 | |
| **cole**(1) 1:35 | | **create**(1) 36:10 | | **develop**(1) 18:9 | | **election**(3) 30:16  30:16  30:17 | |
| **comcast**(1) 10:8 | | **creating**(1) 30:8 | | **devoted**(1) 39:18 | | **electronic**(2) 1:52  42:5 | |
| **come**(1) 32:16 | | **credit**(5) 3:11  4:4  7:16  7:17  7:33 | | **dewey**(3) 3:5  7:34  27:16 | | **else**(9) 24:4  27:2  27:7  27:14  28:24  36:11 | |
| **comfortable**(1) 14:14 | | **creditor**(2) 22:16  24:17 | | **diamond**(1) 5:16 | | 37:21  40:18  41:14 | |
| **comments**(2) 18:7  18:19 | | **creditors**(9) 2:30  16:15  22:2  28:20  29:24 | | **diaz**(1) 1:47 | | | |
| **committee**(3) 2:29  5:5  40:21 | | 30:2  30:6  30:15  40:22 | | **did**(8) 12:8  12:23  13:9  17:19  18:7  18:11 | | **emerge**(1) 15:13 | |
| **company**(8) 1:8  4:39  4:39  10:32  12:4 | | | | 22:12  39:22 | | **employees**(1) 6:4 | |
| 20:22  29:22  30:11 | | **creditor's**(3) 24:23  25:1 | | | | **encourage**(1) 38:18 | |
| | | **critical**(1) 15:11 | | **didn't**(4) 18:23  18:23  19:3  22:10 | | **end**(9) 14:10  23:19  23:24  28:6  33:9  35:1 | |
| **compensation**(1) 6:5 | | **crowell**(1) 9:42 | | **differences**(1) 38:18 | | 39:11  40:4  41:9 | |
| **competing**(1) 20:6 | | **crt**(1) 5:11 | | **different**(1) 39:19 | | | |
| **complaint**(1) 25:18 | | **crystal**(1) 15:4 | | **differently**(1) 30:7 | | **english**(1) 2:10 | |
| **completely**(1) 16:5 | | **current**(2) 9:35  15:12 | | **diligently**(1) 13:13 | | **ensure**(1) 26:1 | |
| **completion**(1) 32:19 | | **cut**(1) 12:24 | | **disagree**(2) 19:2  20:8 | | **enterprise**(1) 28:7 | |
| **complex**(2) 15:23  17:3 | | **cutler**(1) 6:15 | | **disagreement**(1) 21:7 | | **entities**(1) 9:27 | |
| **conaway**(1) 3:11 | | **damien**(1) 3:34 | | **disclosure**(17) 14:18  17:14  20:17  20:19 | | **entry**(1) 16:20 | |
| **concern**(1) 16:24 | | **dan**(1) 2:31 | | 21:16  21:22  23:20  27:21  28:5  28:8  28:10 | | **eos**(2) 8:43  8:43 | |
| **concerning**(2) 35:15 | | **daniel**(3) 3:25  5:20  5:24  27:5 | | 31:1  31:5  31:22  32:4  32:10  40:7 | | **ephraim**(1) 5:16 | |
| **concludes**(2) 28:3  41:16 | | **danny**(2) 32:2  32:3 | | | | **eric**(1) 9:28 | |
| **conclusion**(1) 18:7 | | **data**(1) 1:47 | | **discovery**(5) 14:9  15:20  18:12  19:15  19:23 | | **esq**(120) 1:25  1:26  1:27  1:28  1:29  1:30 | |
| **conditioned**(2) 14:21  20:9 | | **date**(14) 16:18  19:20  27:1  35:2  35:7  35:2 | | **discuss**(2) 12:6  40:19 | | 1:31  1:32  1:37  1:38  1:42  2:5  2:7  2:11 | |
| **confer**(3) 12:9  18:9  34:23 | | 36:20  37:18  37:20  37:20  38:21  40:9  40:2 | | **discussed**(5) 19:4  21:11  33:6  33:7  33:8 | | 2:13  2:17  2:18  2:22  2:26  2:30  2:31  2:32 | |
| **conference**(5) 12:5  14:1  18:15  18:15  28:9 | | 42:10 | | **discussions**(3) 12:11  40:23  41:3 | | 2:36  2:37  2:38  2:39  2:40  2:41  2:45  2:46 | |
| **confirmation**(31) 14:23  15:7  16:5  16:8 | | | | **dispute**(8) 19:15  21:15  21:17  24:18  26:22 | | 2:47  2:48  3:6  3:8  3:13  3:15  3:19  3:24 | |
| 16:11  16:20  17:9  19:11  20:10  21:18  21:22 | | **dates**(1) 35:8 | | 28:2  29:19  33:21 | | 3:25  3:29  3:33  3:34  3:38  3:47  4:6  4:11 | |
| 23:23  24:7  24:11  24:12  25:7  25:13  25:15 | | **dave**(1) 4:29 | | | | 4:20  4:21  4:25  4:40  4:42  5:8  5:12  5:16 | |
| 25:24  26:1  26:3  26:23  26:24  27:23  28:15 | | **david**(11) 1:29  1:23  2:26  3:16  3:24  6:29 | | **disputes**(27) 13:15  13:24  14:4  14:11  14:20 | | 5:20  5:22  5:24  5:26  5:30  5:35  5:40  6:7 | |
| 28:16  31:23  32:8  32:13  36:3  38:1 | | 7:22  7:30  8:31  10:37  24:6 | | 14:22  14:24  15:8  15:16  15:22  16:6  16:8 | | 6:8  6:16  6:21  6:25  6:29  6:30  6:34  6:38 | |
| | | | | 16:13  16:18  17:7  18:13  18:16  19:22  21:8 | | 6:42  7:6  7:10  7:14  7:22  7:24  7:26  7:26 | |
| **confirmed**(1) 25:9 | | **davidson**(1) 5:15 | | 21:24  23:3  23:13  23:22  27:21  29:12  30:24 | | 7:30  7:35  7:40  7:44  8:6  8:11  8:13  8:15 | |
| **confusion**(1) 31:18 | | **davis**(2) 3:32  7:9 | | 37:24 | | 8:19  8:21  8:26  8:31  8:35  8:40  8:44  9:5 | |
| **conjunction**(6) 24:11  25:12  25:15  25:22 | | **day**(4) 35:6  35:6  36:4  36:15 | | | | 9:11  9:15  9:20  9:24  9:28  9:32  9:38  9:43 | |
| 26:10  26:23 | | **days**(6) 13:13  15:20  17:5  20:24  28:15 | | **distributed**(4) 14:3  21:2  22:4  31:24 | | 10:5  10:9  10:13  10:18  10:23  10:28  10:33 | |
| | | **dbtca**(1) 2:10 | | **distribution**(1) 21:4 | | 10:35  10:37  10:41  10:45  11:5  11:9  11:13 | |
| **connection**(4) 12:6  22:4  38:6  40:10 | | **dcl**(6) 21:19  25:20  27:17  28:7  28:17  29:6 | | **distributions**(7) 16:14  17:1  22:17  22:18 | | 11:17  11:21  11:25  11:29 | |
| **connolly**(1) 9:37 | | **dcl's**(1) 20:4 | | 24:23  25:5  25:14 | | | |
| **consensual**(1) 18:9 | | **deadline**(1) 39:22 | | | | **essentially**(2) 25:8  25:11 | |
| **consensus**(5) 12:10  19:14  19:23  22:13 | | **deal**(1) 19:10 | | **district**(1) 1:2 | | **established**(2) 25:6  29:9 | |
| **considerable**(2) 15:18  30:21 | | **debenture**(1) 10:31 | | **divided**(1) 36:19 | | **ester**(1) 5:30 | |
| **consideration**(4) 22:3  27:20  30:12  30:13 | | **debtor**(4) 4:28  26:20  27:12  38:8 | | **divvying**(1) 35:18 | | **estimate**(1) 34:10 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| evan(1) 5:22 | | forward(12) 15:6 17:8 17:10 19:19 20:13 20:20 21:1 22:9 24:8 27:13 39:13 40:5 | | hand(1) 21:16 | | however(3) 13:16 35:7 40:3 | |
| even(4) 28:1 28:2 28:3 32:3 | | | | happen(1) 25:9 | | hutz(1) 9:37 | |
| event(2) 25:21 38:10 | | | | happy(4) 19:1 20:15 22:22 32:21 | | hypothetical(1) 39:16 | |
| events(1) 25:11 | | foundation(2) 9:9 9:10 | | hard(1) 19:14 | | ian(1) 11:5 | |
| every(2) 26:1 39:21 | | four-month(1) 32:15 | | harmful(2) 28:20 28:20 | | ice(1) 14:24 | |
| everyone(1) 27:7 | | fourth(1) 16:4 | | harrisburg(1) 1:49 | | idea(2) 15:2 17:8 | |
| everyone's(1) 15:24 | | fox(2) 1:41 5:40 | | has(12) 16:16 20:22 26:1 26:7 26:13 27:7 28:1 33:6 33:7 35:20 36:1 36:2 | | identified(1) 18:13 | |
| everything(1) 34:7 | | francis(1) 2:7 | | | | igor(1) 10:23 | |
| evidentiary(1) 15:21 | | frank(4) 6:6 6:7 6:11 6:12 | | | | immediately(1) 28:4 | |
| exactly(1) 35:24 | | frederick(1) 4:42 | | hauer(2) 3:23 18:3 | | impact(1) 39:8 | |
| example(2) 24:15 29:21 | | friedman(2) 5:39 10:32 | | have(58) 12:7 12:11 13:13 13:14 13:16 13:18 14:7 14:20 14:24 15:22 16:1 16:3 19:1 19:15 19:16 19:17 20:6 20:9 20:16 21:11 21:21 22:17 22:23 23:19 23:22 25:12 25:13 26:21 27:6 27:8 28:11 28:11 28:12 28:18 29:6 29:6 29:9 30:15 30:24 31:17 31:23 32:8 32:12 32:22 34:11 35:4 35:8 35:8 36:14 37:7 39:7 39:9 40:10 40:13 40:14 40:24 41:3 41:6 | | implicated(2) 30:2 33:21 | |
| exist(4) 25:1 25:2 25:2 31:7 | | frighten(1) 31:9 | | | | importance(1) 20:20 | |
| exit(1) 20:4 | | from(17) 14:12 14:16 15:13 15:19 16:7 18:1 20:18 24:3 24:17 24:23 27:5 27:14 32:16 37:9 40:1 40:12 42:5 | | | | important(1) 14:16 | |
| expect(1) 36:18 | | | | | | impose(1) 23:17 | |
| experience(1) 16:7 | | | | | | inappropriate(1) 39:2 | |
| ext(1) 6:9 | | front(1) 40:14 | | | | inc(1) 6:33 | |
| extension(1) 41:11 | | fuks(1) 10:23 | | | | incentive(1) 29:11 | |
| extent(1) 35:20 | | fully(1) 13:17 | | | | inclination(1) 36:16 | |
| fact(4) 13:16 18:18 20:22 26:16 | | fundamenta(2) 6:19 6:20 | | haven't(1) 13:17 | | include(1) 38:3 | |
| factual(1) 24:14 | | funds(1) 25:4 | | having(4) 16:5 20:21 25:10 30:24 | | including(1) 41:7 | |
| fair(2) 26:13 39:17 | | further(4) 15:24 18:20 33:12 41:11 | | hazeltine(1) 2:21 | | incompetence(1) 31:7 | |
| fairly(4) 34:23 36:19 | | | | hear(11) 12:17 13:3 13:8 13:9 18:1 18:4 21:17 34:5 38:7 38:9 40:12 | | indenture(5) 19:9 21:9 21:10 33:3 35:11 | |
| fallon(1) 4:40 | | garrison(1) 8:25 | | | | indicated(3) 18:10 18:14 26:7 | |
| fault(1) 22:8 | | gary(1) 4:35 | | | | indiscernible(1) 30:19 | |
| favor(1) 39:22 | | gather(1) 17:11 | | | | industries(1) 15:13 | |
| fcc(1) 16:20 | | gavin(1) 4:6 | | heard(13) 18:1 18:14 22:13 24:5 26:2 27:3 27:15 27:15 28:24 31:1 32:11 34:14 35:12 | | insertco(1) 37:9 | |
| february(5) 23:20 23:24 28:13 28:15 32:7 | | gecker(1) 6:6 | | | | intended(2) 20:19 38:7 | |
| fee(2) 37:7 37:12 | | geddes(1) 3:28 | | | | intense(1) 20:4 | |
| feet(1) 29:15 | | general(4) 19:14 19:23 22:13 33:10 | | hearing(45) 12:9 13:23 17:13 17:16 18:8 19:5 20:1 20:16 20:18 21:8 21:13 21:13 23:4 23:9 23:15 23:19 24:11 24:12 26:1 26:23 28:2 28:3 28:5 28:22 29:15 31:23 32:2 32:9 33:1 33:9 35:1 35:18 35:19 36:4 36:15 36:20 36:23 37:7 37:9 37:18 37:19 39:11 39:19 41:16 42:1 | | interested(6) 4:24 5:11 6:24 9:18 9:31 | |
| feld(2) 3:23 18:3 | | generally(2) 31:19 35:15 | | | | interim(1) 37:7 | |
| few(1) 13:21 | | george(1) 5:35 | | | | internal(2) 35:19 35:24 | |
| filed(8) 12:7 14:12 19:9 19:10 26:21 32:2 32:23 33:3 | | get(17) 12:23 15:4 17:16 22:19 22:19 24:13 27:11 27:22 28:15 29:11 30:3 30:12 31:24 33:12 37:4 39:3 39:14 | | | | into(2) 28:13 31:9 | |
| | | | | | | investment(3) 6:20 6:20 | |
| filing(1) 26:15 | | | | | | invited(1) 13:23 | |
| final(2) 21:15 21:24 | | gets(2) 24:16 31:20 | | heart(1) 18:7 | | involved(1) 15:23 | |
| finally(4) 16:11 15:23 26:6 31:1 | | give(3) 19:5 36:21 39:21 | | heartburn(1) 36:10 | | ironic(1) 29:13 | |
| find(2) 30:5 36:22 | | given(8) 15:12 16:19 17:3 20:20 20:22 38:16 40:1 41:8 | | heiligman(1) 6:8 | | isn't(1) 39:15 | |
| fine(2) 37:21 41:12 | | | | held(2) 17:2 32:2 | | issue(11) 13:16 13:19 14:16 24:20 24:22 28:4 30:9 30:10 31:1 35:7 37:20 | |
| finger(1) 3:37 | | | | hello(1) 13:6 | | | |
| finish(1) 23:1 | | go-forward(1) 39:15 | | helpful(2) 22:22 39:4 | | | |
| finished(1) 27:7 | | goal(1) 15:6 | | here(2) 22:11 26:7 | | issues(44) 13:17 14:7 15:23 16:1 16:3 20:1 20:7 20:11 20:16 20:21 21:5 21:15 21:18 23:12 24:9 24:10 24:13 24:14 24:20 25:7 25:12 25:16 25:18 25:21 25:23 26:2 26:4 26:6 26:9 26:10 26:13 26:16 29:16 29:19 29:20 30:2 30:8 30:23 32:6 33:20 34:16 34:21 38:13 39:9 | |
| fire(1) 29:15 | | goes(2) 30:22 39:4 | | here's(1) 34:19 | | | |
| first(6) 12:11 12:13 12:18 13:22 15:3 | | going(18) 12:20 15:20 21:1 25:12 29:20 30:11 30:12 30:14 30:20 34:22 35:3 37:2 37:22 37:23 38:11 38:12 39:5 39:10 | | he's(2) 12:25 13:2 | | | |
| fit(1) 38:12 | | | | hianik(1) 11:16 | | | |
| five(1) 15:2 | | | | hoffmann(1) 5:26 | | | |
| fix(1) 40:9 | | | | hold(1) 17:24 | | | |
| flom(1) 5:7 | | golden(25) 3:25 18:2 18:2 18:6 22:24 23:7 24:2 27:4 27:5 27:9 27:12 27:19 29:2 29:3 31:14 31:15 32:3 32:21 33:7 33:17 33:23 34:3 34:16 35:15 36:12 | | holders(1) 22:2 | | | |
| following(4) 21:13 24:12 26:24 37:20 | | | | holding(1) 29:15 | | issuing(1) 40:4 | |
| fondly(1) 31:2 | | | | holds(1) 28:2 | | item(1) 16:5 | |
| for(148) 1:2 1:24 2:4 2:10 2:16 2:25 2:29 3:4 3:11 3:18 3:22 3:33 3:42 3:46 4:4 4:9 4:14 4:18 4:24 4:28 4:38 5:4 5:11 5:15 5:19 5:33 5:38 6:4 6:11 6:15 6:19 6:24 6:28 6:41 6:45 7:4 7:9 7:16 7:21 7:33 7:38 8:4 8:9 8:24 8:29 8:34 8:38 8:43 9:2 9:8 9:14 9:18 9:23 9:27 9:31 9:35 9:41 10:4 10:8 10:12 10:16 10:21 10:26 10:31 11:24 11:28 12:7 12:9 12:17 13:14 14:3 14:4 14:5 14:7 15:2 15:15 16:2 17:2 17:6 17:13 18:3 19:20 19:21 20:14 20:23 21:10 23:2 23:6 23:15 24:13 24:15 24:21 25:14 25:20 26:19 27:24 28:19 29:17 30:20 31:10 32:1 32:12 32:13 32:20 33:1 33:5 33:5 33:13 33:16 33:20 34:12 34:20 35:2 35:5 35:45 35:15 35:16 35:18 35:21 36:4 36:8 36:9 36:10 36:15 36:21 37:1 37:2 37:5 37:7 37:20 38:5 38:8 38:17 38:23 39:4 40:5 40:8 40:9 40:21 40:23 | | golden's(1) 27:23 | | holidays(1) 17:18 | | items(1) 37:16 | |
| | | goldfarb(1) 2:48 | | holliday(1) 6:42 | | its(3) 12:8 26:21 29:23 | |
| | | goldman(3) 4:38 4:39 6:16 | | honor(49) 12:14 13:4 13:8 13:12 14:16 15:10 16:4 17:21 18:2 18:6 18:6 18:21 18:22 21:14 22:20 23:7 23:22 24:6 27:4 27:8 27:16 28:1 28:2 28:3 28:8 29:3 29:18 29:21 30:7 31:17 31:22 32:5 32:21 33:7 33:11 34:3 35:10 35:14 36:3 36:5 36:8 36:13 37:6 37:15 39:1 40:20 41:1 41:3 41:13 | | it's(17) 15:11 18:2 19:7 20:13 23:13 27:5 28:4 29:3 29:9 32:14 32:14 32:15 34:10 37:6 39:14 39:17 39:22 | |
| | | good(4) 12:3 15:2 17:7 18:17 | | | | | |
| | | gordon(4) 2:18 3:5 4:5 6:15 27:17 35:10 | | | | | |
| | | gotshal(1) 7:21 | | | | | |
| | | graeme(1) 2:46 | | | | i'd(8) 19:1 27:6 34:4 35:5 37:20 38:6 38:14 40:11 | |
| | | grant(1) 8:6 | | | | | |
| | | great(1) 2:4 | | | | | |
| foregoing(1) 42:4 | | gregory(1) 5:40 | | | | i'll(11) 12:12 17:24 18:1 27:11 36:23 38:8 38:19 39:19 39:20 39:20 40:8 | |
| forman(1) 1:35 | | grian(1) 6:25 | | honorable(1) 1:19 | | | |
| former(3) 5:4 5:33 9:36 | | grippo(1) 5:34 | | honor's(8) 18:7 19:11 19:17 21:3 23:10 26:7 26:7 27:20 | | | |
| forms(1) 38:3 | | group(6) 3:46 3:46 5:11 6:6 8:30 11:20 | | | | i'm(17) 19:1 20:14 21:12 22:11 22:22 27:5 32:21 33:15 34:3 34:22 36:24 37:12 37:19 37:22 37:22 37:23 38:11 40:12 | |
| forth(1) 15:16 | | gruszka(1) 6:21 | | | | | |
| forthcoming(1) 39:10 | | guess(1) 23:24 | | hope(2) 23:15 36:18 | | | |
| forty-ninth(1) 37:11 | | guidelines(1) 18:23 | | hoped(1) 33:1 | | | |
| | | guiney(1) 6:25 | | hopefully(2) 23:9 40:9 | | i've(3) 27:14 36:16 39:21 | |
| | | gump(3) 3:23 18:3 27:5 | | horan(1) 2:5 | | james(4) 1:25 2:45 3:6 40:20 | |
| | | had(16) 12:19 12:20 18:17 18:21 18:24 19:4 20:19 26:13 34:9 34:14 34:17 38:7 39:4 39:18 40:3 41:3 | | hour(3) 17:12 34:12 35:1 | | jane(1) 8:11 | |
| | | | | hours(10) 33:10 34:15 34:17 34:18 34:20 34:23 35:16 36:16 36:18 36:23 | | january(9) 14:5 14:12 15:24 20:2 20:16 21:13 23:24 23:20 28:1 | |
| | | hadley(1) 9:14 | | | | | |
| | | halcyon(2) 10:21 10:22 | | how(16) 15:18 15:22 15:23 22:6 25:4 29:18 30:7 30:13 33:4 34:23 36:6 36:19 38:12 39:5 39:14 40:11 | | jason(3) 3:42 3:43 8:35 | |
| | | hale(1) 6:15 | | | | jay(1) 3:19 | |
| | | half(5) 20:18 22:14 24:3 31:10 31:21 | | | | jeffrey(1) 1:42 9:38 | |
| | | hammerman(1) 6:29 | | howard(1) 2:41 | | jenner(1) 9:23 | |
| | | | | | | jennifer(1) 9:32 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| jessica(1) 1:26 | | levine(2) 8:34  8:34 | | mentioned(1) 34:24 | | noteholders(6) 14:20  16:23  22:1  29:4  29:5 |
| jillian(1) 1:28 | | lexi(1) 4:33 | | merits(2) 21:1  22:11 | | 41:4 |
| jim(4) 27:16  33:11  34:3  39:1 | | liebentritt(1) 4:33 | | merrill(1) 8:9 | | |
| john(1) 9:11 | | | | mester(1) 7:35 | | noteholders'(1) 15:17 |
| johnston(5) 3:6  27:16  27:16  28:23  31:19 | | like(13) 19:2  19:5  23:18  27:6  29:5  34:4 | | method(1) 13:14 | | notes(2) 30:18  30:19 |
| johnston's(1) 31:2 | | 34:20  36:12  37:20  38:2  38:6  38:14  40:11 | | michael(5) 4:31  7:6  7:26  9:43  10:28 | | nothing(1) 37:21 |
| joins(1) 12:15 | | | | michaels(1) 37:13 | | noticed(1) 19:20 |
| jointly(1) 1:6 | | likely(5) 16:19  23:13  28:5  29:19  30:3 | | michelle(2) 7:44  11:25 | | november(5) 1:14  12:1  21:12  37:9  42:9 |
| jones(1) 5:22 | | limbers(1) 17:3 | | mid(1) 28:13 | | novod(6) 2:18  35:10  35:10  35:14  36:1  36:8 |
| joseph(2) 6:7  8:15 | | limited(5) 14:9  15:20  15:21  18:12  19:23 | | might(2) 32:11  40:24 | | 36:22  37:3  38:16 |
| joshua(1) 7:35 | | line(4) 12:16  12:23  13:3  13:4 | | mike(1) 8:44 | | |
| judge(5) 1:19  1:20  12:3  12:16  13:7 | | litigation(5) 17:3  19:13  24:17  24:24  25:1 | | milbank(1) 9:14 | | now(8) 12:17  16:14  21:6  34:21  36:10 |
| juncture(1) 39:9 | | little(4) 31:18  31:21  34:10  36:24 | | miles(1) 1:29 | | 36:22  37:3  38:16 |
| just(11) 22:18  22:24  27:6  27:13  27:18 | | litvack(1) 7:22 | | miller(1) 9:18 | | |
| 31:9  32:9  33:17  33:23  34:9  37:20 | | live(1) 34:8 | | million(2) 17:1  29:9 | | number(1) 16:19 |
| | | llp(28) 1:24  1:41  2:35  3:18  3:23  4:14  4:15 | | mills(1) 1:30 | | numerous(1) 15:11 |
| kalenchits(2) 6:45  6:45 | | 4:19  6:6  6:28  6:37  7:9  7:21  7:29  7:34 | | mind(1) 38:10 | | o'melveny(1) 5:19 |
| kaplan(1) 5:39 | | 8:10  8:18  8:25  8:39  9:4  9:10  9:27  9:37 | | minimum(1) 31:20 | | oaktree(2) 3:4  27:17 |
| karen(1) 4:21 | | 9:42  10:8  10:40  11:24  11:28 | | minkove(1) 7:14 | | objected(1) 37:17 |
| kasowitz(1) 10:32 | | | | minute(1) 37:5 | | objection(4) 35:7  37:10  37:11  37:11 |
| kass(1) 10:28 | | locked(2) 30:14  30:20 | | moloney(1) 11:29 | | objections(3) 25:14  28:11  32:22 |
| kate(1) 1:37 | | lodge(1) 9:37 | | moment(2) 12:14  38:17 | | observe(1) 27:18 |
| katharine(1) 2:11 | | long(6) 15:18  17:8  23:11  30:13  34:18  39:5 | | monaco(1) 2:7 | | obvious(1) 40:5 |
| katten(1) 9:10 | | look(1) 35:7 | | monarch(2) 7:4  7:5 | | obviously(3) 20:4  22:1  23:17 |
| kaye(1) 8:10 | | looking(3) 28:5  28:16  39:8 | | monday(2) 31:4  35:5 | | occur(1) 14:9 |
| keep(2) 36:17  37:19 | | lot(1) 23:7 | | montenegro(1) 10:35 | | october(1) 15:3 |
| kelly(2) 7:6  42:10 | | ludwig(1) 1:28 | | month(5) 20:18  22:14  24:3  31:10  31:11 | | off(3) 12:24  38:11  39:13 |
| kempner(1) 5:15 | | lugano(1) 1:45 | | months(3) 16:19  22:5  31:21 | | office(2) 2:25  5:19 |
| kerriann(1) 1:30 | | lynch(1) 8:9 | | more(6) 16:8  18:24  29:9  32:16  36:22 | | officers(2) 5:34  9:36 |
| kevin(4) 1:19  1:32  12:20  37:15 | | made(8) 13:14  15:3  16:15  18:18  19:3 | | morgan(3) 3:32  7:9  7:13  7:21 | | official(2) 2:29  40:21 |
| kim(1) 7:10 | | 24:23  25:5  29:14 | | moring(1) 9:42 | | okay(6) 13:5  17:22  18:4  31:15  35:23  40:18 |
| kind(2) 29:13  39:3 | | | | morning(1) 36:15 | | olivia(1) 6:34 |
| kjc(1) 1:5 | | madlyn(1) 8:13 | | morris(1) 4:42 | | olson(1) 8:39 |
| klauder(1) 2:26 | | mail(1) 17:17 | | moss(1) 10:41 | | omnibus(1) 37:5  37:7  37:11 |
| know(12) 15:22  27:4  28:13  29:21  30:11 | | majestic(1) 8:13 | | most(6) 15:5  16:6  20:15  21:10  26:19  28:4 | | once(2) 15:24  23:2 |
| 31:8  35:1  35:17  39:6  39:8  39:12  39:15 | | make(9) 23:2  30:15  33:13  34:1  37:23  38: | | motion(16) 12:8  17:13  19:10  23:5  26:8 | | one(12) 11:12  11:12  12:14  13:16  13:19 |
| | | 38:4  38:5  38:20 | | 26:14  26:17  32:23  33:20  34:12  37:4  37:8 | | 23:8  27:9  29:4  29:21  30:10  34:13  35:1 |
| knowing(1) 30:13 | | | | 37:14  37:23  38:4  39:6  40:8 | | |
| korpus(1) 10:33 | | makes(4) 20:14  20:15  21:10  26:19 | | | | oneal(1) 4:31 |
| kovensky(1) 7:18 | | making(3) 21:1  21:14  29:16 | | | | ones(2) 33:18  33:23 |
| krakauer(1) 1:27 | | maman(1) 7:44 | | motions(21) 12:7  14:7  19:8  19:18  23:11 | | onex(2) 7:16  7:17 |
| kristie(1) 4:20 | | | | 23:14  32:20  33:3  33:5  33:13  33:16  34:9 | | only(5) 15:20  20:17  31:17  35:1  38:12 |
| laboratories(1) 8:38 | | management(15) 3:23  4:10  4:10  5:39  5:43 | | 34:21  34:22  35:4  35:9  37:2  37:21  38:2 | | open(2) 13:19  26:9 |
| landis(2) 2:29  2:30 | | 6:41  8:5  8:5  9:31  10:17  10:17  10:22 | | 39:6  40:8 | | opening(1) 14:10 |
| landry(2) 13:12  37:15 | | 10:22  10:27  18:4 | | | | operator(2) 12:14  13:4 |
| lantry(21) 1:32  12:20  13:1  13:3  13:6  13:7  13:8 | | | | move(7) 15:4  15:6  21:20  27:13  35:6  35:6 | | opinion(2) 25:8  40:3 |
| 13:10  17:19  17:21  17:23  18:10  18:13  19: | | manges(1) 7:21 | | 40:5 | | opinions(1) 25:11 |
| 20:8  21:6  27:8  28:19  31:13  31:16  31:17 | | many(5) 15:22  17:2  20:6  21:10  22:5 | | | | opportunity(3) 19:4  26:5  26:13 |
| 37:15 | | marc(2) 2:37  2:38 | | moves(1) 17:8 | | option(1) 30:19 |
| large(1) 22:16 | | march(2) 24:1  28:6 | | much(6) 22:3  22:18  32:15  33:4  33:12 | | order(14) 14:3  14:6  14:15  14:22  15:9 |
| largely(1) 14:14 | | marino(1) 11:25 | | muchin(1) 9:10 | | 15:17  16:20  17:4  17:6  25:18  26:3  38:3 |
| last(13) 12:9  13:13  13:23  15:19  16:23 | | mark(2) 6:42  11:16 | | multiple(1) 26:16 | | 41:5  41:10 |
| 17:4  18:8  18:20  19:5  21:11  29:14  33:9 | | market(2) 1:11  30:22 | | munger(1) 8:39 | | originally(3) 19:20  20:19  26:20 |
| 35:1 | | marsal(1) 6:11 | | must(1) 24:16 | | other(20) 13:21  21:12  22:22  22:22  23:12 |
| late(2) 18:20  28:13 | | materially(1) 16:13 | | myers(1) 5:19 | | 23:21  24:24  27:14  28:9  29:22  30:1  30:10 |
| later(4) 25:10  38:12  38:20  38:20 | | materials(1) 40:13 | | nachman(1) 8:6 | | 34:12  35:17  35:21  35:21  37:4  38:22  40:16 |
| latest(1) 22:21 | | matter(2) 24:21  42:6 | | national(1) 9:41 | | 41:7 |
| latham(1) 6:28 | | matters(1) 36:14 | | nature(1) 40:2 | | |
| launch(1) 28:11 | | matthew(4) 2:32  5:44  6:11  6:12 | | necessarily(1) 29:11 | | others(4) 13:21  13:22  18:1  38:6 |
| law(3) 8:30  10:31  11:20 | | mauro(1) 6:34 | | necessary(1) 16:21 | | otherwise(3) 31:6  39:14 |
| lay(1) 22:12 | | maximum(1) 26:5 | | need(14) 13:18  14:9  19:15  24:9  26:9 | | other's(1) 38:17 |
| layton(1) 3:37 | | may(16) 13:21  16:1  18:24  22:23  25:2 | | 28:14  31:14  32:9  33:5  35:16  37:17  40:2 | | ought(2) 33:12  33:24 |
| lead(1) 36:1 | | 25:10  26:14  26:16  30:5  30:18  32:8  35:12 | | 40:5  41:14 | | our(4) 14:12  15:19  16:7  35:19 |
| leading(1) 32:24 | | 35:13  39:2  39:7  40:22 | | needing(1) 34:12 | | out(7) 15:5  17:17  22:12  22:19  22:19  23:1 |
| least(2) 15:2  28:13 | | | | needs(3) 20:6  25:17  25:19 | | 28:13 |
| leboeuf(3) 3:5  7:34  27:17 | | maybe(2) 34:11  40:7 | | never(3) 20:9  25:2  39:22 | | |
| lee(1) 11:17 | | mayer(2) 2:11  6:37 | | nick(1) 5:8 | | outlined(3) 26:21  27:19  28:19 |
| leichtman(2) 8:34  8:34 | | mccarter(1) 2:10 | | niese(1) 3:18 | | outweighed(2) 20:24  21:1 |
| lemay(2) 2:36  29:14 | | mccloy(1) 9:14 | | night(1) 18:20 | | over(6) 13:13  15:19  16:10  16:16  17:11 |
| lenders(3) 3:11  4:5  7:34 | | mccormack(1) 2:40 | | nobody(1) 19:14 | | 24:16 |
| lengthy(1) 14:13 | | mccormick(1) 9:8 | | nomura(2) 10:44  10:44 | | |
| leonard(1) 1:36 | | mccutchen(2) 11:28  11:28 | | norm(1) 37:6 | | overlapping(1) 34:21 |
| leonhardt(1) 11:21 | | mcguire(2) 2:32  9:4 | | norman(1) 1:38 | | p.a(1) 1:36 |
| less(1) 32:4 | | mcneill(1) 8:21 | | not(32) 15:1  15:15  16:6  20:6  21:17  21:23 | | p.m(6) 1:15  12:1  19:19  32:23  32:24  42:1 |
| let(10) 12:11  12:15  12:25  13:1  13:22 | | meagher(1) 5:7 | | 22:4  22:5  22:8  23:4  23:17  24:8  24:19 | | packages(2) 17:17  31:24 |
| 17:24  27:13  32:18  37:3  39:2 | | mean(1) 17:19 | | 25:2  25:9  28:16  29:19  30:3  30:10  30:13 | | palmer(1) 11:16 |
| | | means(2) 35:5  35:23 | | 30:16  31:10  31:11  32:8  32:14  32:15  35:2 | | parallel(2) 6:12  17:8 |
| let's(4) 23:1  32:6  36:6  38:21 | | meantime(1) 36:22 | | 35:2  37:16  37:22  37:23  38:7 | | parent(3) 22:2  29:22  30:1 |
| level(1) 31:7 | | meet(1) 40:15 | | | | park(2) 4:21  8:30 |
| | | meisel(1) 1:35 | | noteholder(1) 33:19 | | parke(1) 2:35 |
| | | | | | | parked(1) 16:10 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| participate(2) 13:24 18:17 | | prior(5) 14:2 20:7 20:22 21:15 26:24 | | reconsideration(21) 12:7 14:8 19:8 19:10 19:18 23:11 23:14 23:20 33:2 33:6 33:14 33:16 33:20 34:13 35:5 35:9 37:2 37:21 38:23 39:6 40:8 | | rule(4) 25:19 26:14 32:5 32:6 | |
| parties(34) 12:9 13:12 13:21 14:13 15:22 16:17 18:8 18:16 19:17 21:7 24:24 25:9 26:5 26:9 26:15 27:14 28:9 29:10 30:10 32:11 32:22 33:4 34:22 35:8 35:17 36:17 36:18 38:2 38:16 38:19 38:21 39:4 40:13 41:7 | | probably(2) 28:5 35:6 | | | | ruled(3) 23:22 28:8 31:3 | |
| | | procedural(1) 18:9 | | | | rules(3) 25:16 29:18 30:7 | |
| | | procedure(2) 23:5 25:16 | | record(1) 12:4 | | ruling(4) 26:7 26:8 26:17 40:1 | |
| | | procedures(5) 12:8 37:4 37:23 38:9 40:10 | | recorded(1) 1:52 | | rulings(2) 21:3 31:6 | |
| partners(9) 3:42 5:15 7:17 7:17 8:34 8:43 8:43 11:12 11:12 | | proceeded(1) 16:7 | | recording(2) 1:52 42:5 | | run(3) 18:23 21:14 38:1 | |
| | | proceedings(7) 1:18 1:52 12:5 15:14 40:24 41:11 42:6 | | reed(1) 6:8 | | saavedra(1) 7:24 | |
| party(7) 4:24 5:4 5:11 6:24 9:18 9:31 26:5 26:24 | | | | reference(1) 25:6 | | sachs(2) 4:38 4:39 | |
| parver(1) 8:11 | | proceeds(1) 24:16 | | reflect(2) 28:8 31:5 | | safer(1) 31:21 | |
| past(2) 16:16 17:12 | | process(24) 12:6 12:10 14:19 15:7 16:5 16:11 17:9 17:14 18:10 19:21 20:11 21:8 21:21 22:8 22:12 22:12 24:10 25:24 26:22 30:23 32:13 38:6 38:19 40:12 | | reflects(1) 21:2 | | said(7) 12:19 20:9 24:2 27:9 31:19 32:3 34:7 | |
| patterson(1) 6:24 | | | | regarding(2) 12:10 37:8 | | | |
| paul(1) 8:24 | | | | reimann(2) 8:30 8:31 | | same(4) 15:7 25:11 30:6 38:23 | |
| pending(3) 23:14 33:2 40:1 | | | | relate(2) 33:18 33:24 | | sandridge(1) 2:4 | |
| pennock(1) 8:26 | | produced(1) 1:53 | | related(3) 12:4 23:12 34:16 | | saurie(1) 8:19 | |
| pennsylvania(1) 1:49 | | progress(3) 13:14 13:16 13:22 | | relates(1) 33:20 | | say(7) 16:4 21:20 31:2 31:14 31:21 32:6 38:21 | |
| people(4) 25:13 34:8 34:11 34:14 | | prompt(2) 14:21 17:7 | | relating(1) 18:12 | | | |
| people's(1) 29:15 | | promptly(3) 13:15 15:4 15:13 17:10 24:11 26:24 32:6 40:5 | | relatively(2) 18:17 23:16 | | saying(1) 31:19 | |
| period(10) 28:14 28:17 28:18 28:19 30:21 31:20 32:1 32:12 32:14 32:16 37:7 | | | | remain(1) 26:9 | | says(1) 24:16 | |
| | | | | remainder(1) 36:5 | | schaible(1) 3:34 | |
| pernick(3) 1:38 37:6 37:6 | | proof(1) 37:10 | | remaining(5) 14:11 19:21 23:3 26:10 26:1 | | schauer(1) 8:35 | |
| perspective(1) 14:17 | | properly(2) 21:2 25:13 | | remains(1) 13:20 | | schedule(25) 12:8 16:10 17:15 18:12 19:6 19:16 19:24 20:3 20:9 20:13 20:13 22:24 23:8 23:18 27:19 27:23 29:5 31:3 34:8 35:4 35:19 35:24 36:21 37:22 39:15 | |
| pertains(1) 24:21 | | proponents(11) 13:20 14:17 14:23 15:1 17:6 17:12 21:19 27:18 28:7 28:18 29:6 | | render(1) 25:8 | | | |
| peter(3) 6:21 7:10 10:18 | | | | rendered(1) 16:2 | | | |
| phase(1) 40:7 | | proposal(1) 18:14 | | replies(1) 32:24 | | | |
| phone(3) 13:3 22:1 29:5 | | propose(2) 18:11 23:5 | | reply(3) 14:11 35:7 38:22 | | | |
| phones(14) 14:6 19:12 21:9 24:21 30:4 33:18 33:24 34:13 34:16 34:17 35:11 36:2 | | proposed(12) 14:22 15:17 17:3 17:6 19:6 19:24 20:3 23:8 24:10 28:18 36:21 41:10 | | report(3) 13:12 19:7 40:22 | | scheduled(6) 23:6 23:9 23:15 36:14 36:15 37:3 | |
| | | | | representative(1) 41:4 | | | |
| pickering(1) 6:15 | | proposing(1) 24:3 | | request(2) 12:8 17:15 | | scheduling(12) 12:6 14:3 14:6 14:15 14:22 15:9 15:17 17:4 17:6 26:12 31:18 38:3 | |
| pinning(1) 39:12 | | protocol(3) 18:22 22:21 24:19 | | requested(1) 20:17 | | | |
| piper(2) 11:24 11:24 | | provided(1) 25:19 | | reschedule(1) 35:3 | | | |
| place(2) 12:11 16:20 | | providers(1) 14:6 | | reserve(3) 17:2 29:9 30:14 | | schlerf(1) 1:42 | |
| places(1) 24:24 | | provides(2) 14:4 25:20 | | resolution(12) 14:19 16:13 21:8 21:23 21:24 23:10 25:23 26:4 26:22 29:11 30:2 37:24 | | schneider(1) 8:40 | |
| plan(38) 13:20 14:17 14:23 14:24 15:1 16:18 16:22 16:24 17:6 17:9 17:12 20:7 21:2 21:8 21:19 21:19 21:21 21:22 22:5 24:10 24:15 24:16 25:2 25:7 25:9 25:19 25:20 25:22 26:21 26:24 29:6 29:23 29:23 30:16 31:5 32:4 | | provisions(1) 19:12 | | | | scholer(1) 8:10 | |
| | | pryor(2) 10:40 10:40 | | resolve(14) 15:8 19:15 20:1 20:11 24:9 24:10 25:7 25:16 25:18 26:5 38:7 38:18 39:5 40:6 | | schott(1) 8:44 | |
| | | publishing(1) 15:12 | | | | schotz(1) 1:35 | |
| | | purpose(1) 12:5 | | | | schulte(2) 4:18 4:19 | |
| | | pursuant(1) 24:18 | | resolved(15) 13:18 15:1 16:6 16:8 20:7 20:16 20:21 22:7 23:4 24:13 25:21 26:22 27:22 29:12 29:16 | | schuylkill(1) 1:48 | |
| pleading(1) 32:19 | | pursued(1) 19:13 | | | | scope(1) 19:23 | |
| point(6) 27:12 27:13 29:12 37:1 37:23 38:10 | | push(1) 38:11 | | | | scotland(2) 7:39 7:39 | |
| | | put(6) 14:23 23:1 23:23 28:12 32:3 34:4 | | resolving(2) 15:16 23:12 | | scott(1) 11:21 | |
| | | puts(1) 22:1 | | respect(12) 19:8 19:21 23:14 26:2 26:4 26:9 30:4 33:2 34:9 35:9 35:17 40:11 | | second(4) 12:20 15:10 29:23 36:15 | |
| points(2) 19:3 19:14 | | quarles(1) 9:27 | | | | seconds(2) 27:6 41:1 | |
| polk(2) 3:32 7:9 | | question(11) 14:17 18:1 23:18 27:20 33:19 38:10 38:11 38:12 39:2 39:17 39:23 | | respond(3) 12:13 12:21 32:21 | | secret(1) 29:4 | |
| population(1) 22:17 | | | | response(4) 13:3 27:19 29:1 40:17 | | securities(3) 9:18 10:44 10:44 | |
| position(4) 22:16 38:5 38:17 40:9 | | | | result(1) 16:24 | | see(6) 12:9 12:25 18:8 24:7 24:8 39:3 | |
| possibility(1) 29:7 | | questions(3) 32:22 38:24 40:16 | | results(1) 12:12 | | seek(1) 15:7 | |
| possible(4) 20:5 29:19 30:3 40:6 | | quickly(6) 16:8 20:5 21:20 22:7 23:16 32:6 | | retention(1) 37:14 | | seem(2) 19:16 19:22 | |
| post-confirmation(1) 30:11 | | | | retirees(1) 29:24 | | seems(1) 19:14 | |
| post-consummation(1) 30:21 | | quote(1) 29:14 | | retirement(1) 8:39 | | seen(1) 39:7 | |
| potentially(2) 22:1 22:17 | | raised(1) 33:19 | | review(1) 28:10 | | segments(1) 22:16 | |
| potter(1) 8:18 | | randall(1) 10:5 | | revising(1) 28:7 | | seife(1) 2:41 | |
| powlen(1) 7:30 | | rath(2) 2:29 2:31 | | revisions(1) 18:18 | | seiler(1) 5:39 | |
| | | rather(2) 16:10 39:24 | | rice(1) 2:4 | | send(1) 22:20 | |
| ppearances(11) 1:22 2:1 3:1 4:1 5:1 6:1 7:1 8:1 9:1 10:1 11:1 | | re-argue(1) 19:4 | | richards(1) 3:37 | | senior(5) 19:9 21:9 22:1 29:4 33:3 | |
| | | re-circulated(1) 18:19 | | rifkind(1) 8:24 | | | |
| | | reach(3) 12:10 36:19 41:5 | | right(8) 13:11 21:6 24:4 27:11 29:2 31:13 36:6 41:15 | | sensed(1) 33:22 | |
| practical(3) 29:17 30:10 30:23 | | reaction(1) 39:3 | | | | sense(9) 20:14 20:15 21:10 26:20 34:9 34:11 39:5 39:9 39:14 | |
| pre-determined(1) 16:9 | | ready(1) 14:5 | | | | | |
| precede(2) 38:1 39:20 | | real(1) 29:7 | | robert(6) 2:17 3:13 3:38 6:30 9:8 36:1 | | | |
| prejudice(1) 30:15 | | realistically(1) 28:15 | | roberts(1) 9:3 | | separate(2) 16:12 17:8 | |
| prejudicial(1) 22:15 | | really(9) 15:18 15:23 15:23 22:10 24:2 25:15 33:21 39:12 39:14 | | rogers(1) 7:40 | | sequencing(1) 21:7 | |
| premature(1) 30:15 | | | | roitman(1) 2:37 | | service(2) 1:47 1:53 | |
| preparation(1) 38:8 | | | | rolling(1) 16:9 | | services(1) 15:19 | |
| prepare(1) 36:22 | | realm(1) 3:42 | | ronak(1) 3:47 | | sessions(1) 15:19 | |
| prepared(4) 20:12 21:20 22:11 22:20 | | realty(1) 8:29 | | rosenberg(1) 6:30 | | set(4) 15:16 35:2 36:16 39:21 | |
| | | reason(4) 12:19 26:17 29:17 34:5 | | rosenman(1) 9:10 | | sets(1) 30:1 | |
| presentations(1) 15:21 | | reasons(11) 15:2 15:11 20:14 21:11 24:13 26:19 27:24 28:16 28:19 29:24 40:5 | | rosner(2) 10:37 11:20 | | settlement(2) 37:8 37:14 | |
| presented(3) 16:1 23:3 25:13 | | | | ross(1) 1:31 | | seven(3) 13:13 15:19 17:4 | |
| presenting(1) 18:22 | | | | roth(2) 4:19 4:19 | | several(4) 24:13 31:11 | |
| presently(1) 37:3 | | rebecca(1) 11:9 | | rothschild(1) 1:41 | | shachar(1) 7:14 | |
| press(2) 10:4 10:4 | | recall(2) 33:8 40:22 | | roulac(1) 10:45 | | shagun(1) 5:12 | |
| previous(1) 29:23 | | receiving(1) 26:16 | | royal(2) 7:38 7:39 | | shamah(1) 5:24 | |
| primofi(1) 8:13 | | recess(1) 41:17 | | rudnick(1) 2:16 | | shannon(1) 8:26 | |
| printing's(1) 37:10 | | reconsider(3) 26:8 26:14 26:18 | | | | sheet(1) 13:2 | |
| | | | | | | sheron(1) 10:33 | |
| | | | | | | short(1) 34:10 | |
| | | | | | | shorten(1) 16:14 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **should**(18) 14:19 15:4 17:1 17:10 20:24 21:23 22:19 22:16 24:23 25:5 25:5 25:8 25:9 25:21 34:24 38:1 39:12 40:19 | | **submission**(2) 26:12 36:21 | | **that**(168) 12:7 12:13 13:16 13:17 13:18 13:20 13:21 14:3 14:6 14:7 14:9 14:10 14:13 15:1 15:4 15:5 15:6 15:20 16:17 16:19 16:21 16:23 16:24 17:1 17:5 17:6 17:12 17:15 17:16 18:1 18:17 18:19 18:24 19:8 19:15 19:18 19:18 19:20 20:3 20:6 20:9 20:10 20:11 20:12 20:13 20:14 20:21 21:2 21:12 21:3 21:11 21:12 21:20 21:21 22:7 22:11 22:13 22:14 22:15 22:22 23:5 23:8 23:9 23:9 23:13 23:15 23:16 23:19 23:22 23:23 24:19 24:21 24:22 25:6 25:11 25:19 26:1 26:3 26:16 26:20 26:22 27:9 27:18 28:4 28:5 28:12 28:17 28:19 29:4 29:5 29:7 29:12 29:14 29:16 29:19 29:20 29:21 30:3 30:13 30:20 30:23 31:2 31:3 31:7 31:9 31:23 32:4 32:9 32:11 32:14 32:14 32:16 32:16 32:22 33:6 33:18 33:23 33:21 33:22 33:24 34:10 34:11 34:11 34:13 34:14 34:15 34:24 35:2 35:5 35:8 35:20 35:22 35:23 35:24 36:4 36:8 36:10 36:12 36:18 36:19 36:23 36:24 37:4 37:9 37:17 38:7 38:11 38:13 38:16 38:17 38:19 38:22 38:24 39:7 39:9 39:10 39:15 39:18 39:21 39:21 39:23 40:11 40:13 41:1 41:4 41:8 41:16 42:4 | | **the**(185) 29:22 29:24 30:2 30:3 30:4 30:5 30:6 30:8 30:16 30:17 30:19 30:20 30:22 30:23 30:24 31:1 31:4 31:6 31:9 31:11 31:13 31:15 31:17 31:23 31:24 31:24 32:1 32:4 32:7 32:8 32:13 32:18 32:19 32:22 32:22 32:22 33:2 33:3 33:4 33:4 33:5 33:23 33:9 33:13 33:15 33:15 33:18 33:19 33:21 33:23 33:24 34:2 34:4 34:9 34:10 34:12 34:13 34:13 34:14 34:16 34:16 34:17 34:19 34:21 34:22 34:23 35:1 35:1 35:2 35:4 35:7 35:7 35:8 35:9 35:11 35:13 35:15 35:16 35:17 35:19 35:20 35:20 35:20 35:21 35:23 36:2 36:4 36:5 36:5 36:6 36:7 36:9 36:10 36:14 36:16 36:17 36:18 36:20 36:21 36:22 37:4 37:5 37:7 37:7 37:8 37:9 37:10 37:11 37:11 37:12 37:12 37:13 37:14 37:19 37:19 37:20 37:20 37:22 37:24 38:2 38:6 38:7 38:8 38:9 38:9 38:10 38:12 38:14 38:16 38:17 38:19 38:21 38:21 38:22 38:22 38:23 38:23 39:4 39:6 39:7 39:8 39:11 39:11 39:11 39:17 39:20 39:20 39:23 39:23 40:1 40:1 40:2 40:7 40:7 40:8 40:9 40:11 40:12 40:13 40:13 40:14 40:15 40:18 40:21 40:22 40:23 40:24 41:2 41:4 41:8 41:9 41:11 41:11 41:12 41:14 41:16 42:1 42:2 42:5 42:5 42:6 |
| | | **submissions**(4) 38:3 38:14 38:20 40:14 | | | | | |
| **shouldn't**(1) 34:6 | | **submit**(3) 32:10 41:5 41:9 | | | | | |
| **shuttle**(1) 37:10 | | **subordinated**(1) 24:19 | | | | | |
| **siding**(1) 16:10 | | **subordination**(18) 14:6 18:13 19:12 19:22 20:21 21:3 23:21 24:20 25:18 25:20 25:2 26:11 29:12 30:2 30:4 30:5 30:8 33:24 | | | | | |
| **sidley**(2) 1:24 31:7 | | | | | | | |
| **sieg**(1) 9:5 | | **subset**(1) 33:14 | | | | | |
| **sieger**(1) 9:11 | | **substantially**(1) 28:16 | | | | | |
| **sign-up**(1) 13:2 | | **such**(3) 12:11 17:15 38:20 | | | | | |
| **significant**(4) 13:14 13:20 28:18 29:8 | | **sufficient**(1) 17:13 | | | | | |
| **silly**(1) 31:3 | | **suggest**(4) 18:24 23:12 31:6 31:6 | | | | | |
| **silverbrand**(1) 11:5 | | **suggested**(5) 16:23 29:6 30:24 34:18 35:8 | | **that's**(13) 17:4 22:8 22:21 24:12 31:14 33:1 33:19 36:20 37:13 37:21 39:6 40:12 41:12 | | **their**(13) 14:21 14:23 16:23 21:21 22:3 22:17 22:18 25:13 28:7 31:5 31:5 38:18 |
| **silverpoint**(1) 11:20 | | **suggests**(2) 16:17 22:14 | | | | | |
| **silverstein**(1) 8:19 | | **sullivan**(2) 2:21 2:22 | | | | **them**(7) 17:2 32:1 33:14 33:23 34:1 34:4 34:5 |
| **simply**(2) 25:16 31:11 | | **support**(1) 18:24 | | **thau**(1) 9:20 | | | |
| **simultaneously**(1) 16:12 | | **sure**(4) 21:1 29:16 33:13 34:1 | | **the**(301) 1:1 1:2 1:19 2:25 11:20 12:3 12:4 12:4 12:5 12:6 12:7 12:9 12:9 12:12 12:16 12:17 12:17 12:19 12:22 12:23 12:25 12:25 13:2 13:2 13:3 13:5 13:7 13:9 13:11 13:12 13:13 13:15 13:19 13:20 13:21 13:22 13:23 13:24 13:24 14:2 14:4 14:5 14:6 14:10 14:13 14:14 14:16 14:17 14:17 14:17 14:18 14:18 14:18 14:20 14:21 14:22 14:24 15:1 15:4 15:5 15:7 15:7 15:8 15:12 15:12 15:12 15:15 15:16 15:16 15:19 15:21 15:23 15:24 16:2 16:5 16:6 16:6 16:8 16:9 16:11 16:13 16:13 16:14 16:16 16:17 16:18 16:18 16:19 16:20 16:22 16:23 16:24 17:2 17:3 17:4 17:5 17:6 17:7 17:7 17:11 17:12 17:13 17:14 17:15 17:16 17:17 17:17 17:19 17:22 17:24 18:5 18:7 18:8 18:12 18:14 18:16 18:18 18:19 19:2 19:5 19:6 19:8 19:8 19:9 19:9 19:11 19:12 19:12 19:13 19:17 19:19 19:21 19:21 19:23 20:1 20:4 20:6 20:7 20:9 20:10 20:15 20:16 20:17 20:19 20:20 20:22 21:1 21:2 21:3 21:7 21:7 21:8 21:8 21:9 21:9 21:10 21:11 21:12 21:12 21:13 21:15 21:15 21:16 21:18 21:19 21:19 21:22 21:23 22:1 22:1 22:2 22:4 22:5 22:6 22:8 22:8 22:11 22:12 22:22 22:21 22:22 22:22 22:24 23:2 23:2 23:4 23:5 23:8 23:8 23:9 23:12 23:14 23:15 23:16 23:17 23:19 23:20 23:21 23:21 23:23 23:24 23:24 24:3 24:4 24:7 24:9 24:9 24:11 24:17 24:18 24:18 24:18 24:19 24:20 24:21 24:24 25:1 25:4 25:6 25:6 25:9 25:16 25:17 25:20 25:21 25:22 25:23 25:24 25:24 26:3 26:4 26:5 26:8 26:9 26:10 26:12 26:12 26:13 26:14 26:14 26:15 26:15 26:15 26:17 26:20 26:20 26:23 26:24 26:24 27:1 27:2 27:8 27:11 27:11 27:14 27:19 27:21 27:22 28:1 28:2 28:3 28:6 28:7 28:7 28:9 28:10 28:10 28:17 28:17 28:19 28:20 28:22 28:24 29:2 29:4 29:4 29:5 29:5 29:5 29:6 29:7 29:11 29:11 29:14 29:15 29:15 29:21 29:22 | | |
| **sina**(1) 11:13 | | **surest**(1) 29:15 | | | | | |
| **situation**(2) 22:3 30:6 | | **suttonbrook**(2) 4:9 4:10 | | | | | |
| **sixth**(1) 37:7 | | **swap**(1) 29:24 | | | | | |
| **skadden**(1) 5:7 | | **systems**(1) 9:42 | | | | | |
| **slate**(1) 5:7 | | **tabak**(1) 9:18 | | | | **then**(11) 14:10 26:15 28:9 28:11 28:12 28:14 29:10 30:5 32:11 32:12 36:6 |
| **small**(1) 13:17 | | **taft**(1) 7:43 | | | | | |
| **smith**(1) 9:31 | | **tail**(1) 33:9 | | | | | |
| **snr**(2) 37:12 37:14 | | **take**(9) 15:18 16:1 16:20 18:7 30:17 30:19 32:7 36:23 39:5 | | | | **there**(20) 12:13 13:20 15:11 15:17 15:20 19:14 19:22 21:6 25:15 25:17 25:19 29:10 31:20 34:5 34:21 38:24 39:9 40:16 40:18 41:14 |
| **solicitation**(8) 14:19 17:14 17:17 17:17 20:8 20:22 31:24 32:13 33:18 | | **taken**(1) 12:11 | | | | | |
| | | **takes**(1) 31:24 | | | | **thereafter**(1) 22:6 |
| **solus**(1) 4:24 | | **talk**(2) 39:14 41:15 | | | | **therefore**(1) 30:13 |
| **some**(14) 13:21 16:2 17:5 19:5 23:24 27:12 30:3 30:4 32:7 34:5 39:4 39:18 40:14 41:7 | | **talked**(1) 34:11 | | | | **there's**(6) 23:13 31:18 33:19 35:1 37:8 38:11 |
| | | **talking**(10) 32:15 32:16 33:13 33:15 33:18 33:22 33:23 34:1 34:15 38:19 | | | | | |
| **somebody**(1) 30:18 | | | | | | **these**(18) 14:11 14:19 15:8 15:13 18:16 20:21 21:17 24:9 24:10 24:13 25:16 25:23 29:18 30:24 32:5 37:16 39:8 39:12 |
| **somehow**(1) 12:24 | | **tallied**(1) 32:2 | | | | | |
| **something**(2) 13:18 27:9 | | **tammy**(1) 42:10 | | | | | |
| **somewhere**(1) 33:10 | | **tandem**(1) 38:1 | | | | **they**(26) 12:10 17:1 18:9 19:20 20:10 20:18 21:18 21:20 21:20 21:21 22:19 23:4 25:2 26:6 28:11 29:20 30:15 30:17 30:20 31:8 33:5 34:23 38:5 38:20 38:22 39:4 |
| **song**(1) 11:9 | | **taylor**(1) 3:17 | | | | | |
| **sorry**(5) 17:23 21:12 27:5 34:3 37:12 | | **teed**(2) 14:7 21:18 | | | | | |
| **sort**(3) 33:22 33:24 39:16 | | **teitelbaum**(1) 3:19 | | | | | |
| **sottile**(5) 2:45 40:20 40:20 41:3 41:13 | | **teitelbaum'**(1) 3:18 | | | | **they'll**(1) 38:17 |
| **sound**(2) 1:52 42:5 | | **teleconference**(1) 38:9 | | | | **they're**(2) 30:12 38:4 |
| **spaeder**(2) 2:44 40:21 | | **telephone**(1) 12:5 | | | | **think**(47) 17:6 18:15 19:3 19:7 19:7 19:15 20:11 20:13 20:14 20:15 20:20 20:23 20:24 22:12 22:13 22:14 22:21 23:12 23:13 24:12 26:19 27:23 28:4 28:14 28:16 28:20 29:13 30:20 31:3 31:8 31:18 33:5 33:9 33:17 33:23 34:7 34:24 35:16 37:13 37:16 38:13 39:4 39:5 39:22 40:2 40:4 40:15 |
| **spahr**(1) 10:8 | | **telephonic**(1) 1:18 | | | | | |
| **spare**(1) 26:14 | | **tell**(2) 35:23 38:8 | | | | | |
| **speaking**(1) 27:7 | | **term**(1) 24:18 | | | | | |
| **special**(1) 5:5 | | **termination**(1) 40:23 | | | | | |
| **specific**(2) 24:22 25:6 | | **terms**(5) 14:14 31:23 32:19 34:8 39:8 | | | | **thinking**(1) 31:9 |
| **specifically**(1) 33:2 | | **than**(6) 16:10 18:24 27:14 32:5 37:4 38:20 38:21 39:24 | | | | **third**(7) 5:4 14:23 15:15 16:24 20:19 21:19 29:22 |
| **stage**(1) 15:12 | | | | | | | |
| **stakeholders**(1) 13:24 | | **thank**(10) 18:6 27:2 28:22 28:23 29:3 31:15 35:14 36:9 41:13 41:15 | | | | | |
| **stand**(2) 32:19 41:16 | | | | | | **this**(36) 12:3 13:7 13:15 14:14 14:22 15:1 17:24 18:14 18:22 19:3 20:22 22:7 22:15 23:1 24:6 27:13 28:9 28:20 31:8 31:18 32:12 32:17 32:18 33:11 34:10 35:10 36:6 37:1 37:23 38:8 38:10 39:1 39:2 39:9 39:12 41:16 |
| **stanley**(1) 7:21 | | | | | | | |
| **stargatt**(1) 3:11 | | | | | | | |
| **stark**(3) 2:17 9:27 36:1 | | | | | | | |
| **start**(1) 36:13 | | | | | | | |
| **statement**(8) 14:18 20:17 20:20 21:16 21:22 23:20 31:1 31:5 | | | | | | | |
| | | | | | | **thomas**(2) 2:5 2:40 |
| **statements**(1) 35:15 | | | | | | **thornburg**(1) 7:29 |
| **states**(2) 1:1 1:20 | | | | | | | |
| **station**(1) 16:9 | | | | | | | |
| **stay**(2) 40:24 41:11 | | | | | | | |
| **stearn**(1) 3:38 | | | | | | | |
| **stephen**(2) 4:25 8:21 | | | | | | | |
| **steven**(1) 10:13 | | | | | | | |
| **stickles**(1) 1:37 | | | | | | | |
| **still**(4) 12:16 15:17 16:1 32:7 | | | | | | | |
| **stock**(3) 30:18 30:19 30:20 | | | | | | | |
| **stone**(1) 9:15 | | | | | | | |
| **stopped**(1) 16:5 | | | | | | | |
| **strauss**(2) 3:23 18:3 | | | | | | | |
| **street**(2) 1:11 1:48 | | | | | | | |
| **strip**(1) 30:17 | | | | | | | |
| **stromberg**(1) 1:31 | | | | | | | |
| **stuart**(1) 7:18 | | | | | | | |
| **stuff**(1) 34:14 | | | | | | | |
| **sub**(1) 8:30 | | | | | | | |
| **subject**(3) 18:14 19:17 19:24 | | | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **those**(23) 16:3 19:18 20:1 20:7 20:11 20:16 21:14 21:24 23:11 24:20 25:4 25:7 25:10 25:11 26:2 26:4 26:6 26:19 29:16 30:1 30:15 30:23 40:6 | | **unrealistic**(1) 27:23 | | **which**(13) 17:9 19:10 19:19 20:16 21:24 24:2 25:20 26:21 28:12 28:19 31:11 36:15 38:3 | | **you've**(3) 22:13 39:7 39:23 |
| | | **unrelated**(1) 34:13 | | | | **zabel**(2) 4:19 4:19 |
| | | **unresolved**(1) 14:16 | | | | **zell's**(1) 41:8 |
| | | **unsecured**(2) 2:30 40:21 | | **while**(4) 16:6 17:2 21:20 35:14 | | **zensky**(2) 3:24 21:11 |
| **thought**(8) 12:20 18:21 23:7 34:17 34:19 34:23 39:18 40:6 | | **untenable**(1) 22:2 | | **white**(2) 11:4 11:4 | | **zloto**(1) 5:44 |
| | | **until**(11) 14:24 15:24 20:11 21:18 21:23 25:24 25:24 27:21 28:16 30:11 32:7 | | **who**(3) 18:1 36:1 36:2 | | **zuckerman**(2) 2:44 40:21 |
| **three**(13) 16:3 17:12 19:14 20:23 30:1 34:15 34:18 34:20 34:20 34:21 34:23 36:18 37:2 | | | | **whom**(1) 27:14 | | |
| | | **upon**(6) 13:23 18:18 23:10 23:22 29:18 30:7 | | **why**(4) 15:11 33:19 34:6 40:12 | | |
| **tight**(1) 15:15 | | | | **wickersham**(1) 7:43 | | |
| **time**(27) 12:18 15:7 16:2 16:14 19:20 23:2 23:22 23:24 26:13 28:1 28:17 29:13 30:2 31:23 32:1 32:7 33:4 35:18 36:12 36:19 36:20 36:22 38:12 38:13 39:21 40:7 40:14 | | **use**(1) 37:20 | | **wide**(1) 21:6 | | |
| | | **vail**(1) 9:24 | | **wild**(1) 9:32 | | |
| | | **vanschyndl**(1) 9:28 | | **wildman**(1) 11:16 | | |
| | | **version**(1) 22:21 | | **will**(23) 13:19 15:18 15:22 15:23 16:13 16:17 22:3 23:11 26:1 26:2 26:4 29:9 29:10 30:3 30:13 31:2 36:21 37:16 39:4 40:9 41:5 41:9 41:16 | | |
| **timeframe**(1) 38:23 | | **very**(12) 13:13 14:9 17:5 22:17 23:11 23:13 23:19 27:18 29:7 29:17 30:18 41:15 | | | | |
| **timeline**(1) 15:15 | | | | | | |
| **timely**(2) 20:7 29:17 | | | | | | |
| **timetable**(1) 29:10 | | **view**(1) 34:17 | | **william**(1) 2:22 3:18 | | |
| **timing**(4) 14:14 32:19 34:10 39:8 | | **votes**(1) 32:1 | | **willing**(2) 34:8 37:19 | | |
| **timothy**(1) 5:26 | | **voting**(1) 30:16 | | **wilmer**(1) 6:15 | | |
| **tina**(1) 10:41 | | **walsh**(1) 7:26 | | **wilmington**(4) 1:12 6:41 12:1 35:11 | | |
| **today**(3) 13:19 40:19 41:15 | | | | **winfree**(1) 3:29 | | |
| **today's**(2) 12:5 39:19 | | **want**(13) 18:23 18:23 22:10 22:12 22:19 22:19 24:7 24:8 28:10 32:11 35:6 38:13 38:21 | | **wish**(6) 18:1 24:4 27:2 27:15 28:24 38:5 | | |
| **together**(4) 32:3 34:5 34:5 35:16 | | | | **wisler**(1) 9:38 | | |
| **tolles**(1) 8:39 | | **wanted**(1) 27:18 | | **with**(45) 12:6 14:14 15:7 15:8 16:12 16:21 17:9 19:2 19:8 19:11 19:21 20:6 20:8 21:14 22:4 23:14 24:11 25:5 25:12 25:15 25:22 26:4 26:9 26:10 26:23 29:14 30:4 30:21 33:2 34:8 34:8 35:8 35:15 35:17 35:17 35:19 35:24 38:1 38:6 38:13 39:20 40:10 40:11 41:4 | | |
| **too**(2) 24:7 33:12 | | **wardwell**(1) 7:9 | | | | |
| **torres**(1) 10:32 | | **was**(15) 12:20 12:20 16:24 18:14 19:3 33:8 33:8 34:16 34:17 34:22 35:3 35:3 37:9 40:6 42:1 | | | | |
| **tough**(1) 39:6 | | | | | | |
| **toussi**(1) 11:13 | | | | | | |
| **toward**(2) 16:9 23:24 | | | | | | |
| **towards**(1) 33:9 | | **watkins**(1) 6:28 | | | | |
| **track**(1) 17:9 | | | | **within**(3) 32:4 32:10 39:11 | | |
| **tracks**(1) 16:12 | | **way**(10) 15:6 16:7 17:5 23:1 23:11 24:13 26:3 26:20 29:13 29:16 | | **withstanding**(1) 15:15 | | |
| **trade**(1) 29:24 | | | | **womble**(1) 2:4 | | |
| **train**(2) 16:9 24:8 | | **ways**(1) 39:20 | | **won't**(2) 30:4 36:23 | | |
| **transcriber**(1) 42:10 | | **webb**(1) 6:24 | | **woods**(1) 9:4 | | |
| **transcript**(3) 1:18 1:53 42:5 | | **wednesday**(2) 14:1 31:4 | | **work**(4) 35:2 35:16 35:19 35:24 | | |
| **transcription**(2) 1:47 1:53 | | **week**(11) 16:16 16:23 17:12 20:2 21:11 28:1 28:4 32:5 32:10 36:5 41:9 | | **worked**(2) 13:13 39:22 | | |
| **traveling**(1) 36:3 | | | | **works**(4) 20:14 22:12 22:14 36:8 | | |
| **treated**(1) 30:7 | | | | **would**(38) 14:8 14:9 14:12 16:4 16:24 17:13 17:15 19:5 20:17 23:1 23:5 23:9 23:18 23:23 27:8 28:7 28:9 28:12 28:14 28:14 31:4 31:19 31:22 32:5 32:7 32:9 32:10 32:16 32:23 32:24 34:19 35:21 36:12 36:16 36:17 36:18 38:2 41:8 | | |
| **trehan**(1) 6:38 | | **week's**(5) 13:23 18:8 19:5 29:14 33:9 | | | | |
| **tribune**(4) 1:8 4:28 12:4 35:2 | | **weil**(1) 7:21 | | | | |
| **tribune's**(1) 5:6 | | **weiss**(1) 8:24 | | | | |
| **tried**(1) 20:5 | | **weitman**(1) 4:35 | | | | |
| **triggered**(1) 38:4 | | **well**(15) 15:10 15:10 17:24 27:10 29:23 33:4 33:15 34:2 34:19 35:3 35:23 36:14 38:11 38:20 40:4 | | **wouldn't**(1) 36:20 | | |
| **trust**(11) 6:41 10:31 19:13 24:17 24:17 24:23 24:24 25:1 25:1 30:14 35:11 | | | | **write**(2) 39:24 40:2 | | |
| | | | | **written**(3) 18:14 38:2 38:14 | | |
| **trustee**(4) 2:25 2:25 21:10 35:11 | | **went**(1) 40:7 | | **wtc**(1) 2:16 | | |
| **trustees**(3) 19:9 21:9 33:3 | | **were**(7) 18:16 19:20 20:3 22:10 28:3 33:22 34:15 | | **year**(1) 39:11 | | |
| **trusts**(1) 25:6 | | | | **years**(4) 17:2 20:23 22:6 40:4 | | |
| **trying**(1) 23:17 | | **we'd**(2) 28:11 35:20 | | **yes**(6) 13:9 17:21 18:5 24:2 30:16 33:17 | | |
| **tuesday**(1) 12:1 | | **we'll**(2) 29:8 37:4 | | **yesterday**(5) 14:1 14:2 14:13 18:15 34:14 | | |
| **turn**(1) 24:16 | | **we're**(7) 12:4 23:17 28:5 32:14 32:16 33:13 34:1 | | **yet**(5) 13:17 22:7 25:1 25:2 41:6 | | |
| **tweed**(1) 9:14 | | | | **yorba**(1) 8:30 | | |
| **two**(12) 14:7 19:9 27:9 31:21 32:12 33:10 34:15 34:17 35:9 35:16 36:16 36:23 | | **we've**(2) 17:11 23:8 | | **you**(46) 12:13 12:17 12:17 13:3 13:8 13:9 13:9 13:18 15:3 15:10 17:19 18:4 18:6 18:8 22:21 23:1 23:5 27:2 27:12 28:22 28:23 29:3 29:21 30:5 31:3 31:15 32:6 32:9 33:22 35:1 35:7 35:8 35:13 35:14 35:17 36:9 36:12 37:17 39:5 39:8 39:9 39:12 39:15 40:23 41:13 41:15 | | |
| | | **wharton**(1) 8:24 | | | | |
| **two-and-a-half-month**(1) 32:12 | | **what**(25) 12:12 12:19 16:16 17:11 19:1 19:4 20:8 24:3 24:22 24:24 25:8 26:9 30:11 31:10 31:19 32:18 34:22 35:3 35:23 36:12 37:22 38:1 38:4 39:3 41:9 | | | | |
| **two-month**(1) 31:20 | | | | | | |
| **tyler**(1) 6:24 | | | | | | |
| **u.s**(2) 2:25 2:25 | | | | **young**(1) 3:11 | | |
| **ultimate**(1) 16:2 | | **whatever**(5) 24:16 25:14 28:8 28:11 38:5 | | **your**(62) 12:14 13:4 13:8 13:12 14:16 15:3 15:10 16:4 17:21 18:2 18:6 18:6 18:7 18:21 18:24 19:1 19:17 21:3 21:14 22:20 22:24 23:7 23:10 23:18 23:22 24:6 26:6 26:7 27:4 27:8 27:16 27:19 28:1 28:2 28:3 28:8 29:3 29:18 29:21 30:7 31:17 31:21 32:5 32:21 33:7 33:11 34:3 35:10 35:14 35:24 36:3 36:5 36:8 36:13 37:6 37:15 39:1 39:13 40:20 41:1 41:3 41:13 | | |
| **ultimately**(3) 27:22 29:18 30:12 | | **what's**(1) 37:3 | | | | |
| **unable**(2) 36:24 38:18 | | **when**(15) 16:8 16:14 20:3 20:18 22:19 23:1 23:5 26:13 26:21 27:22 30:15 31:21 31:22 32:5 39:13 | | | | |
| **unavailable**(1) 36:3 | | | | | | |
| **uncertainty**(1) 15:18 | | | | | | |
| **under**(6) 14:22 25:16 29:20 29:22 41:6 41:10 | | **where**(7) 18:8 20:8 22:3 22:16 23:24 30:6 32:18 | | | | |
| | | | | | | |
| **understand**(2) 22:6 38:16 | | | | **yourself**(1) 30:5 | | |
| **undertook**(1) 40:22 | | **whereupon**(1) 42:1 | | **you'll**(1) 33:8 | | |
| **unfortunately**(2) 14:20 35:18 | | **whether**(9) 12:10 12:11 14:18 27:4 27:20 29:8 30:17 37:24 39:10 | | **you're**(2) 28:16 39:5 | | |
| **united**(2) 1:1 1:20 | | | | | | |
| **unless**(1) 24:17 | | | | | | |
| **unlikely**(1) 17:5 | | | | | | |