**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TRIBUNE COMPANY, *et al.*, | ) Case No. 08-13141 (KJC) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) |
| | ) |

**EGI-TRB LLC'S STATEMENT OF POSITION
ON SCHEDULING OF THE ALLOCATION DISPUTE**

Pursuant to the Court's direction at the November 29, 2011 telephonic hearing, EGI-TRB LLC ("EGI-TRB") respectfully submits its Statement of Position on Scheduling of the Allocation Dispute.  In support of this Statement, EGI-TRB states as follows:

**INTRODUCTION**

The issue before the Court is what is the appropriate procedural context in which to adjudicate the rights of EGI-TRB and the PHONES note holders to share on a par with other unsecured creditors in the recoveries from chapter 5 causes of action.  The only plan of reorganization currently before the Court – the DCL Third Amended Plan ("Plan") – proposes to distribute those recoveries in two ways: through a settlement of chapter 5 causes of action with certain creditors that is incorporated into the Plan *and* the transfer of the remaining chapter 5 causes of action to a Litigation Trust on the Plan's effective date.  The Plan further provides that all subordination issues related to the chapter 5 claims will be resolved either at the confirmation hearing or thereafter in the Court's "sole discretion" pursuant to procedures approved as part of the Plan.  (Dkt. 10273 at Ex. B.)

At the November 29, 2011 status hearing, Aurelius Capital Management, LP ("Aurelius") objected to this procedure, urging the Court to divorce the subordination issues from

confirmation process and to decide the subordination questions in a vacuum before the confirmation process is even allowed to begin.  Instead of filing an adversary complaint that addresses the subordination issues, Aurelius proposes that the Court simply enter a scheduling order setting a hearing to address what it has called the "Remaining Allocation Disputes" and that the Court delay approval of a disclosure statement for the Plan until it has ruled.  For the reasons set forth herein, EGI-TRB submits that the Court should decide the subordination issues when it rules on confirmation of the Plan.

## ARGUMENT

### I.  Resolution of the Subordination Issues Must Be Part Of The Confirmation Process.

There are three reasons why this Court should follow the procedures set forth in the Plan for resolving the subordination issues.

First, Aurelius's proposal for resolving the subordination issues puts the proverbial "cart before the horse" and would result in this Court rendering a jurisdictionally unsound advisory opinion on the subordination issues.  The DCL Plan Proponents have identified at least five potential subordination disputes in their Subordination Allocation Appendix.  (Dkt. 10275 at Ex. A.)  All of these disputes, however, *only* arise because of the manner in which the Plan proposes to distribute the chapter 5 causes of action.  For example, one of the identified issues is the right of EGI-TRB and the PHONES to share in the Plan Settlement.  (*Id.* at 3-5.)  Aurelius's proposal would require the Court to decide that subordination question before it decides whether to confirm the Plan.  But if the Plan is not confirmed (and presumably Aurelius intends to object to that Plan following the subordination ruling), there will be no Plan settlement and no need to determine whether EGI-TRB (or the PHONES) should share in the proceeds of that settlement on a par with other creditors.  For that reason, deciding this issue, and the other subordination questions before the Plan confirmation hearing creates the possibility that the Court's

subordination ruling may be nothing more than an advisory opinion. *See Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (internal citations and quotation omitted); *Rhone-Poulenc Surfactants & Specialties, L.P. v. C.I.R.*, 249 F.3d 175, 182 (3d Cir. 2001) (refusing to rule on issue where "the necessity for any decision of the issues sought to be tendered to us rests on . . . yet unresolved [legal determinations]").

Second, Rule 7001(8) of the Federal Rules of Bankruptcy Procedure requires the Court to decide the subordination issues either pursuant to an adversary complaint or when ruling on plan confirmation. Compliance with Rule 7001 is mandatory. *See, e.g.*, *In re Perkins*, 902 F.2d 1254, 1258 (7th Cir. 1990); *In re Washington Mut., Inc.*, ___ B.R. ___, Case No. 08-12229 (MFW), 2011 WL 4090757, at *44 (Bankr. D. Del. Sept. 13, 2011) ("Claims for equitable subordination must be brought as a separate adversary proceeding pursuant to Rule 7001(8)") (quoting *Protarga v. Webb (In re Protarga)*, Adv. No. 04-53374, 2004 WL 1906145, at *3 (Bankr. D. Del. Aug. 25, 2004)). Absent waiver, and EGI-TRB does not waive its rights under Rule 7001, the Court may not decide the subordination issues at least as they relate to EGI-TRB in a vacuum pursuant only to a scheduling order, as Aurelius urges.

EGI-TRB's insistence that Rule 7001 be followed is based on the very real concern that if it prevails, and the Court's determination is not part of a confirmation order, other creditors may seek to re-litigate these issues or challenge the validity of the Court's order. Pursuant to 11 U.S.C. § 1141(a), a ruling made in the context of a confirmation order will be binding on all other creditors. *See, e.g.*, *In re RNI Wind Down Corp.*, 359 Fed. Appx. 352, 354-55 (3d Cir. 2010) ("Pursuant to 11 U.S.C. § 1141(a), all parties are bound by the terms of a confirmed plan of reorganization") (quotations omitted); *Eubanks v. F.DI.C.*, 977 F.2d 166, 170 (5th Cir. 1992)

("Section 1141(a) of the Bankruptcy Code clearly provides that all parties to a confirmed plan are bound by its terms").  A ruling made pursuant to a scheduling order, with no notice to all creditors, may not have the same effect.  *Cf. In re Johns-Manville Corp.*, 600 F.3d 135, 148-49, 157-58 (2d Cir. 2010) (holding that a party who did not receive adequate notice of a proposed settlement was not bound by the terms of such court-approved settlement); *In re Grumman Oslon Indus., Inc.*, 445 B.R. 243, 254 (Bankr. S.D.N.Y. 2011) (holding that sale order pursuant to § 363 of the Bankruptcy Code was not entitled to *res judicata* effect on parties who did not receive notice of the sale); *In re Tek-Aids Indus., Inc.*, 145 B.R. 253, 257-58 (Bankr. N.D. Ill. 1992) (vacating portion of DIP order based on objection of creditor who did not receive notice of the motion in accordance with Bankruptcy Rule 4001).

Moreover, in the seminal decision, *Perkins*, the Seventh Circuit vacated the bankruptcy court's order because the prevailing party did not comply with Rule 7001.  902 F.2d at 1258.  If the Court decides the EGI-TRB subordination issues outside of the context of the Plan, contrary to Rule 7001, a creditor seeking to collaterally attack that ruling will likely rely on *Perkins* to support their argument that the Court's order is not valid or binding upon them.

Third, as a practical matter, there is no sound reason to ignore Rule 7001(8) or decide these issues before the confirmation hearing.  At the November 29th hearing, Aurelius advanced two reasons why it wanted to separate the subordination issues from the Plan and have them heard pursuant to an informal procedure before the Plan process could even begin.  Aurelius argued that absent resolution of these issues, the DCL Plan Proponents cannot give creditors proper disclosure of their expected recoveries.  That argument is a red herring.  The Subordination Allocation Appendix contains a Recovery Chart which explains the range of possible outcomes for each creditor class depending on how the Court rules on the subordination

issues.   Courts commonly confirm plans where recoveries may vary depending on litigation outcomes; the instant subordination disputes are no different.   A disclosure statement that provides a range of likely outcomes satisfies Section 1125's "adequate information" standard.   *In re Lisanti Foods, Inc.*, 329 B.R. 491, 507-08 (D.N.J. 2005); *see also In re PC Liquidation Corp.*, 383 B.R. 856, 866 (E.D.N.Y. 2008) (holding that a disclosure statement need not discuss the numerous possible outcomes that could arise out of pending or hypothetical litigation).

Aurelius also argued that if the subordination issue is not decided before the Plan is confirmed, there will be no incentive for the parties to resolve the issue following confirmation and that funds that might otherwise be paid to Aurelius will sit in escrow.   That hypothetical problem can be easily solved by setting a schedule that results in the subordination issue being decided when the Court rules on confirmation of the Plan.

## II.    Proposed Schedule

Accordingly, EGI-TRB proposes the following schedule (as set forth below and in the attached order):

(1) Briefing on the subordination issues occurs on the same schedule set for the filing of confirmation objections;

(2) Any evidence to be presented on the subordination issues would be presented during the confirmation hearing; and

(3) Determinations about the timing and extent of discovery should be deferred until such time as the Court decides how it intends to rule on the pending motions to reconsider. EGI-TRB submits that these motions should be denied because they seek an advisory ruling on the DCL Second Amended Plan, which has been superseded by the current Plan.  But if the Court addresses the merits of the motions, its ruling will undoubtedly

shape the necessary discovery and thus, EGI-TRB submits it is premature to set a discovery schedule at this time.

## CONCLUSION

For all of the foregoing reasons, EGI-TRB respectfully requests that the Court establish a schedule consistent with that set forth herein and grant such other relief as may be just.

Dated: December 6, 2011

<div style="margin-left:40%">

Respectfully submitted

BLANK ROME LLP

By:    /s/ *David W. Carickhoff*
        David W. Carickhoff (DE No. 3715)
        1201 Market Street, Suite 800
        Wilmington, DE 19801
        Telephone: (302) 425-6400
        Facsimile: (302) 425-6464

        and

David J. Bradford (admitted *pro hac vice*)
Catherine L. Steege (admitted *pro hac vice*)
Andrew W. Vail (admitted *pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
Telephone: (312) 222-9350
Facsimile: (312) 527-04844

*Counsel for EGI-TRB, LLC*

</div>