IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 Cases |
| | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, *et al.*, | (Jointly Administered) |
| Debtors. | |
| | Related Dkt. No. 10274 |

**WILMINGTON TRUST COMPANY'S PRELIMINARY OBJECTION TO MOTION OF DEBTORS FOR ORDER (I) APPROVING SUPPLEMENTAL DISCLOSURE STATEMENT; (II) ESTABLISHING SCOPE, FORMS, PROCEDURES, AND DEADLINES FOR RESOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT DCL PLAN FROM CERTAIN CLASSES; (III) AUTHORIZING TABULATION OF PRIOR VOTES AND ELECTIONS ON DCL PLAN MADE BY HOLDERS OF CLAIMS IN NON-RESOLICITED CLASSES; (IV) SCHEDULING THE CONFIRMATION HEARING AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES IN RESPECT THEREOF; AND (V) GRANTING RELATED RELIEF**

Wilmington Trust Company ("Wilmington Trust"), in its capacity as successor Trustee of an indenture dated April 1, 1999 (the "PHONES Indenture," with the notes and holders of notes issued pursuant to the PHONES Indenture respectively referred to herein as the "PHONES Notes" and the "PHONES Noteholders"), by and between the Tribune Company ("Tribune" and with its debtor subsidiaries, the "Debtors") and Bank of Montreal Trust Company, by and through its undersigned counsel, hereby files this preliminary objection (the "Preliminary Objection") to the *Motion of Debtors for Order (I) Approving Supplemental Disclosure Statement; (II) Establishing Scope, Form, Procedures, and Deadlines for Resolicitation and Tabulation of Votes to Accept or Reject DCL Plan from Certain Classes; (III) Authorizing Tabulation of Prior Votes and Elections on DCL Plan Made by Holders of Claims in Non-Resolicited Classes; (IV) Scheduling the Confirmation Hearing and Establishing Notice and Objection Procedures In Respect Thereof; and (V) Granting Related Relief* (the "Motion")

1

[Docket No. 10274]. In support of its Preliminary Objection, Wilmington Trust respectfully represents as follows:

### PRELIMINARY OBJECTION

1. As set forth in more detail in the Statement of Wilmington Trust concerning the timing of the solicitation process and the adjudication of the allocation dispute issues filed contemporaneously herewith, Wilmington Trust does not believe that the Motion should be heard at this time and that it is premature for parties to be required to file objections to the Motion. Nonetheless, out of an abundance of caution and in light of the objection deadline established for the Motion by the Debtors, which the Debtors have not changed even though the Court adjourned the hearing on the Motion, Wilmington Trust files this Preliminary Objection. Once the Court sets a hearing on the Motion, Wilmington Trust anticipates that it will file a more fulsome objection to the Motion. Accordingly, Wilmington Trust reserves all of its rights with respect to the Motion, including the right to supplement this Preliminary Objection in all respects.

Dated: December 6, 2011
      Wilmington, Delaware

SULLIVAN HAZELTINE ALLINSON LLC

/s/ William D. Sullivan
William D. Sullivan (I.D. No. 2820)
Elihu E. Allinson, III (I.D. No. 3476)
901 N. Market Street, Suite 1300
Wilmington, DE 19801
302-428-8191

and

BROWN RUDNICK LLP
Robert J. Stark
Martin S. Siegel
Gordon Z. Novod
Seven Times Square
New York, NY 10036
212-209-4800

*Counsel for Wilmington Trust Company, solely in its capacity as successor Indenture Trustee for the PHONES Notes*