**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

———————————————————————————
)  Chapter 11
In re:                                                              )
                                                                    )  Case No. 08-13141 (KJC)
TRIBUNE COMPANY, *et al.*,                                          )
                                                                    )  Jointly Administered
                                                   Debtors.         )
                                                                    )  **Re:  Docket No. 10227**
                                                                    )
———————————————————————————  )

**EGI-TRB LLC'S OBJECTION TO MOTION OF THE**
**NOTEHOLDER PLAN PROPONENTS FOR RECONSIDERATION**
**AND CLARIFICATION OF THE COURT'S OCTOBER 31, 2011 DECISION**

EGI-TRB LLC ("EGI-TRB") respectfully submits this Objection to the Motion of the

Noteholder Plan Proponents for Reconsideration and Clarification of the Court's October 31,

2011 Decision, as it pertains to the Court's approval of the proportionate judgment reduction

method in the Bar Order.  (Dkt. No. 10227, "Motion" ¶¶ 19-37.)  In support of this Objection,

EGI-TRB states as follows.

**INTRODUCTION**

The Noteholder Plan Proponents do not seek reconsideration of the validity of the Bar

Order itself.  (Mot. ¶ 23.)  Instead they ask the Court to change the judgment reduction provision

from the proportionate judgment method that the Third Circuit has endorsed and this Court has

approved to a method of Noteholder Plan Proponents' choosing.  Noteholder Plan Proponents

prefer the *pro tanto* method, which would reduce non-settling defendants' liability on future

claims only by the amount settling defendants actually pay.  Their motion for reconsideration

should be denied for two reasons.

As an initial matter, the motion should be denied as moot because it is directed solely to

the Court's ruling on the Bar Order found in the now defunct Second Amended DCL Plan of

Reorganization.  (Mot. ¶ 2.)  The DCL Plan proponents have filed a new Third Amended DCL

Plan of Reorganization.  The filing of an amended plan moots an objection to a prior plan,

leaving "no justiciable matter before the Court" concerning the objection.  *In re Wilson*, 2008

WL 4833091, at *2 (Bankr. D. Mass. Oct. 28, 2008).  Even if "the identical issue . . . may arise

in the future in the context of [the amended plan] . . . it is improper for the Court to issue an

advisory opinion."  *Id.*; *cf. Meserole v. Sony Corp. of Am., Inc.*, 2009 WL 2001451, at *1

(S.D.N.Y. July 9, 2009) ("By filing a Second Amended Complaint, Plaintiffs have supplanted

the Complaint, thereby rendering any motion for reconsideration advisory").  Accordingly, the

Court should deny the motion as moot.[1]

But if this Court addresses its merits, this Court properly approved the Third Circuit's

proportionate judgment method, which would reduce non-settling defendants' liability on future

claims by the proportion of the settling defendants' relative share of fault.  Noteholder Plan

Proponents offer no new reason for this Court to revisit its sound decision.  The motion for

reconsideration should be denied.

## ARGUMENT

### I.    The Court's Approval of The Proportionate Judgment Method Was Correct And Should Not Be Disturbed.

The Court based its approval of the DCL Plan's use of the proportionate judgment

method on clear Third Circuit precedent.  As this Court explained, the Third Circuit determined

in *Eichenholtz v. Brennan*, 52 F.3d 478 (3d Cir. 1995), that proportionate judgment reduction

was the fairest method and ensures that non-settling defendants are not prejudiced by a bar order.

(Confirmation Order at 74.)  "Under the proportionate judgment reduction method, the jury, in

---

[1] EGI-TRB has also filed an Objection to the motions that seek reconsideration of the PHONES subordination issues, in which it explains at greater length why all of the motions seeking to reconsider rulings made in connection with the Second Amended DCL Plan are moot.  Those arguments are incorporated herein.

the non-settling defendants' trial will assess the relative culpability of both settling and non-settling defendants, and the non-settling defendants will pay a commensurate percentage of the judgment." (*Id.*, quoting *Eichenholtz*, 52 F.3d at 487.)

The *Eichenholtz* court applied the proportionate judgment method based on the rationale the Supreme Court articulated in *McDermott, Inc. v. AmClyde & River Don Castings, Ltd.*, 511 U.S. 202 (1994). In *McDermott*, the Supreme Court carefully weighed the *pro tanto* and proportionate judgment methods, and concluded that the proportionate judgment method is "superior." *Id.* at 217. As the Supreme Court held, the *pro tanto* approach is "likely to lead to *inequitable* apportionments of liability" because settlement with one defendant for less than its share requires non-settling defendants to pay more than their shares. *Id.* at 212-14 (emphasis added). The *pro tanto* method also places unnecessary pressure on defendants to settle and "comes at too high a price in unfairness." *Id.* at 215. Finally, the *pro tanto* method has no advantage in terms of judicial economy. Both approaches require the relative fault of the parties to be determined, but the *pro tanto* approach requires a separate pretrial hearing for that determination while the proportionate judgment method leaves the question for trial. *Id.* at 216-17.[2]

Noteholder Plan Proponents do not attempt to explain why *Eichenholtz* should not apply here. Instead, they completely ignore *Eichenholtz* and *McDermott*, and the sound reasoning

---

[2] Other federal courts of appeal agree that the proportionate judgment method is superior. *See, e.g.*, *Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1230-31 (9th Cir. 1989) (*pro tanto* approach requires full evidentiary hearing on all parties' relative fault, negates many benefits of settlement, and inequitably requires non-settling defendants to pay any discount settling defendants received in settlement; whereas proportionate judgment approach satisfies goals of punishing each wrongdoer, equitably limiting liability to relative culpability, and encouraging settlement); *Bragger v. Trinity Capital Enter. Corp.*, 30 F.3d 14, 17 (2d Cir. 1994) (dismissing appeal as moot, but nonetheless remanding for district court to vacate its order because it would be "unwise" and "imprudent" to let *pro tanto* approach stand in light of *McDermott*).

behind the federal policy in favor of the proportionate judgment method.[3]  The Court should not

revisit a decision solidly rooted in Third Circuit law that Noteholder Plan Proponents do not and

cannot challenge.

**II.      The Court Need Not Weigh Relative Fault of The Settling and Non-Settling Defendants to Determine That The Proportionate Judgment Method Is Fair.**

Contrary to the Noteholder Plan Proponents' contention (Mot. ¶¶ 24-31), the Court need

not weigh the relative fault of the settling and non-settling defendants to determine that the

proportionate judgment reduction method is fair.   Noteholder Plan Proponents attempt to

substitute for the *Eichenholtz* rule the analysis applicable to non-consensual releases of non-

debtors from future third-party actions.   Courts review non-consensual releases of third-party

claims to determine whether they are necessary to the reorganization's success, provide critical

financial contribution to the debtor's plan, are necessary to the plan's feasibility, and are fair to

the non-consenting creditors.   (Confirmation Order at 74-75, citing *In re Cont'l Airlines*, 203

F.3d 203 (3d Cir. 2000), and *In re Genesis Health Ventures, Inc.*, 266 B.R. 591 (Bankr. D. Del.

2001).)   Noteholder Plan Proponents argue that the Bar Order does not meet the final factor.

That argument is meritless for three reasons.

*First*, as the Court explained, "[t]he Bar Order does not prevent claims against the non-

settling defendants," it merely may limit future recoveries against the non-settling defendants by

the amount of the settling defendants' share of liability.   (Confirmation Order at 75.)   The only

claims that the Bar Order extinguishes belong to non-settling defendants, not the Noteholder Plan

---

[3] Noteholder Plan Proponents cite two bankruptcy cases that approved partial settlements with *pro tanto* judgment reduction (Mot. ¶ 26) – *In re Munford, Inc.*, 97 F.3d 449 (11th Cir. 1996), and *In re Semcrude, L.P.*, 2010 WL 4814377 (Bankr. D. Del. Nov. 19, 2010).  Neither provides a basis for disregarding *Eichenholtz* and *McDermott*.   In *In re Munford*, the Eleventh Circuit expressly declined to adopt a per se method for offsetting settlement amounts, and in *In re Semcrude*, the court applied Oklahoma law.

Proponents or other future plaintiffs.  The Bar Order forecloses the non-settling defendants' non-contractual contribution and indemnification claims against the settling defendants.  Therefore, the Court must ensure that the Bar Order's chosen method of judgment reduction is fair to *non-settling defendants*.  As explained above, the proportionate judgment method is fairest.[4]  It "avoids the inequity that might develop were nonsettlers forced to absorb the total cost of shares of responsibility that are not allocable to solvent responsible parties."  *Lyncott Corp. v. Chem. Waste Mgmt., Inc.*, 690 F. Supp. 1409, 1418 (E.D. Pa. 1988).

*Second*, the Court already considered whether the Bar Order is fair under *Continental* and *Genesis* and concluded that it is.  "Even though the Noteholders (or other state court plaintiffs) did not negotiate or consent to the DCL Plan Settlement, the Bar Order is fair because I have determined that the DCL Plan Settlement falls within the range of reasonableness." (Confirmation Order at 75.)  The Noteholder Plan Proponents assert, without authority, that the Court cannot rely on its determination that the settlement consideration in the DCL Plan Settlement was reasonable.  (Mot. ¶ 26.)  But *Continental* requires nothing more.  In *Continental*, the bankruptcy court did not address the release and permanent injunction at issue in any way, 203 F.3d at 214, and plaintiffs received no consideration at all for the releases, *id.* at 215.  Here, by contrast, the Court carefully considered the Bar Order, including its use of the proportionate

---

[4] The *pro tanto* method would not make the Bar Order more fair overall, only shift the risk.  As Noteholder Plan Proponents acknowledge, "under the '*pro tanto*' rule the risk [of a bad settlement] passes to the non-settling defendants."  (Mot. ¶ 26, quoting *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 161 (4th Cir. 1991).)  There is no reason to burden non-settling defendants with more than their proportionate share of liability.  Alternatively, Noteholder Plan Proponents argue that the *pro tanto* method is "no less fair" to the non-settling defendants than the proportionate judgment reduction method.  (Mot. ¶ 31, citing *Atl. Richfield Co. v. Am. Airlines, Inc.*, 836 F. Supp. 763, 775 (N.D. Okla. 1993).)  Because the Noteholder Plan Proponents assert here that the settling defendants paid less than their share, *Atlantic Richfield* is inapposite because the settling defendants in that case had *overpaid*, resulting in *lower* payments by non-settling defendants under the *pro tanto* rule.  836 F. Supp. at 766 n.4, n.5.

judgment method, and determined that the plaintiffs will receive fair consideration from the settlement.  No further analysis is required.

*Finally*, it is well-settled that under the proportionate judgment method, the weighing of relative faults should be left for the trial of future claims against non-settling defendants. *McDermott*, 511 U.S. at 217 ("Under the proportionate share approach, the allocation will take place at trial."); *Eichenholtz*, 52 F.3d at 487 ("Under the proportionate judgment reduction method, the jury, in the non-settling defendants' trial, will assess the relative culpability of both settling and non-settling defendants.").  Noteholder Plan Proponents offer no authority for deviating from that procedure.  Rather, the Noteholder Plan Proponents' request for a weighing of relative faults now simply reflects their wish that the *pro tanto* method would apply.  Under the *pro tanto* approach, a separate pretrial hearing is required to ensure fairness to the non-settling defendants who might be required to pay more than their proportionate share of liability. *McDermott*, 511 U.S. at 217; *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 161 n.3 (4th Cir. 1991).

Holding a hearing now on the relative faults of the settling and non-settling defendants sacrifices the benefits of judicial economy inherent in the proportionate judgment method and puts the cart before the horse.  Some or all of the third-party claims against non-settling defendants may never make it to trial due to dispositive motion practice or settlement.  Parsing the relative fault of settling and non-settling defendants on claims that may never succeed is an unnecessary burden for the Court to take up at this time.[5]  The proportionate judgment rule relieves the Court of that burden.

---

[5]  Indeed, as this Court is aware, one of the non-settling defendants, Samuel Zell, has sought leave to serve a Rule 9011 motion, because the claims asserted against him are without merit.

**III.    Noteholder Plan Proponents' Argument That Various State Laws Should Apply to State Law Claims Is New, Incorrect, and Unworkable.**

Finally, Noteholder Plan Proponents argue for the first time in their motion for reconsideration that, instead of the DCL Plan's uniform proportionate judgment reduction method, a patchwork of various state contribution statutes should apply to state law claims against non-settling defendants. (Mot. ¶¶ 32-37.)  That new argument is inappropriate in support of a motion for reconsideration. *In re Armstrong Store Fixtures Corp.*, 139 B.R. 347, 349 (W.D. Pa. 1992); *In re Split Vein Coal Co., Inc.*, 2010 WL 3168115, at *3 (Bankr. M.D. Pa. Aug. 11, 2010).

Even if Noteholder Plan Proponents' argument were properly presented, it is incorrect and unworkable.  Noteholder Plan Proponents appear to contend that the law of several different states should apply to the judgment reduction issue, depending on the forum in which claims have been asserted or, perhaps, as part of a choice-of-law analysis. (Mot. ¶ 36.)  The Noteholder Plan Proponents do not even attempt to explain how this crazy-quilt approach would be applied in practice—they do not, for example, attempt to perform the choice-of-law analysis that would presumably be applied by the courts in the "dozens of actions across the nation" that State Court Plaintiffs initiated (Mot. ¶ 21).

The Court should reject that chaotic approach and maintain its uniform proportionate reduction holding.  Where a settlement and bar order involve both federal and state law claims, "the federal interest in uniformity requires that one body of settlement law be applied." *Slaven v. BP Am., Inc.*, 958 F. Supp. 1472, 1482-84 (C.D. Cal. 1997) (holding that federal proportionate judgment rule applied to all claims because side-by-side application of that rule to admiralty claims and California state *pro tanto* rule to supplemental state law claims would be "unworkable").  "Whatever uniform federal rule is applied, it will be in conflict with one or

another of the many diverse state statutes.  If the plaintiff were allowed to recover under a state

law claim whenever that award exceeded the federal award, then the state law would disrupt the

federal policies behind the contribution bar and the pure comparative fault set-off rule.  The

federal policy of promoting settlements and conserving federal judicial resources would be

disturbed."  *MFS Mun. Income Trust v. Am. Med. Int'l, Inc.*, 751 F. Supp. 279, 286 (D. Mass.

1990).

For example, in *MFS Municipal Income Trust*, the court held that the "uniform federal

rule of contribution bars and set-off calculation preempt[s] the application of the Massachusetts

*pro tanto* rule to the state law claims."[6]  *Id.* at 287; *accord White v. Sabatino*, 526 F. Supp. 2d

1135, 1142 (D. Haw. 2007) (holding that if any federal admiralty claims remain against non-

settling defendants, then all claims are governed by proportionate share rule, including any state

law claims).

For the same reasons, the Court should stand by its decision to apply a uniform rule based

on *Eichenholtz*.  Because the Noteholder Plan Proponents cannot present any reason for the

Court to revisit its considered and sound approval of the proportionate judgment method with

respect to state law claims, the motion for reconsideration should be denied.

---

[6] In *MFS Municipal Income Trust*, the court applied a *pro tanto* method because it appeared to
be the then-current federal rule in the Second Circuit.  But *MFS Municipal Income Trust* pre-
dated *McDermott* and *Bragger v. Trinity Capital Enter. Corp.*, 30 F.3d 14, 17 (2d Cir. 1994),
which approved the proportionate judgment method over the *pro tanto* method as the federal
rule.

## CONCLUSION

For all of the foregoing reasons, the motion for reconsideration should be denied.

Dated: December 6, 2011

Respectfully submitted,

BLANK ROME LLP

By:    /s/ *David W. Carickhoff*
David W. Carickhoff (DE No. 3715)
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464

and

David J. Bradford (admitted *pro hac vice)*
Catherine L. Steege (admitted *pro hac vice*)
Andrew W. Vail (admitted *pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
Telephone: (312) 222-9350
Facsimile: (312) 527-04844

*Counsel for EGI-TRB, LLC*