# **<u>Exhibit A</u>**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, *et al.*,<br><br>  Debtors. | Chapter 11<br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Related Docket No. _____ |

**PROPOSED DISCOVERY AND SCHEDULING ORDER FOR RESOLUTION
OF THE ALLOCATION DISPUTES AND PLAN CONFIRMATION**

Pursuant to Bankruptcy Code section 105(a) and (d), Federal Rules of Bankruptcy Procedure 9006 and 9014, and Federal Rule of Civil Procedure 43, the following schedule is established with respect to resolution of the Allocation Disputes (as defined below), and confirmation of a proposed plan of reorganization for Tribune Company and its subsidiaries.[1]

IT IS HEREBY ORDERED as follows:

1. The Parties, as that term is used herein, are the following: the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors"), the Official Committee of Unsecured Creditors of Tribune Company ("Tribune"), Deutsche Bank Trust Company Americas ("Deutsche Bank"), in its capacity as successor indenture trustee for a certain series of Senior Notes issued by Tribune, Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for a certain series of Senior Notes issued by Tribune, Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES Notes issued by Tribune, Aurelius Capital Management, LP, Brigade Capital Management, LLC, Davidson Kempner Capital Management LLC, Oaktree Capital Management, LLC, Angelo Gordon & Co., L.P., J.P. Morgan Chase Bank, N.A., EGI-TRB LLC ("EGI-TRB"), approximately 200 former employees (and beneficiaries of such former employees) of The Times Mirror Company, who were receiving or entitled to receive payments under certain qualified and non-qualified retirement plans of one or more of the Debtors (the "Retiree Claimants"), and any other party who identifies itself as wishing to take a position before the Court on any

---

[1] All capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the *Statement of Aurelius Capital Management, LP in Support of its Position Regarding Process for Resolution of the Allocation Disputes* [ECF No. ___] (the "Statement").

of the Allocation Disputes or a proposed plan of reorganization for Tribune and its subsidiaries.

2. The term "Allocation Disputes" shall have the meaning ascribed to it in Exhibit B (Allocation Dispute Protocol) to the *Debtors' Notice of Filing of Third Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A.* [ECF No. 10273].

3. Unless otherwise stated, all filings shall be due no later than 11:59 p.m. (prevailing Eastern time) on the date provided for below.

## MOTIONS FOR RECONSIDERATION

4. Objections (the "Reconsideration Objections") to the *Motion of Aurelius Capital Management, LP for Reconsideration of the Court's October 31, 2011 Confirmation Order as it Pertains to the Application of the PHONES Notes Subordination* [ECF No. 10226], the *Joint Motion of Law Debenture Trust Company of New York and Deutsche Bank Trust Company Americas Requesting Reconsideration of the Court's Confirmation Opinion With Respect to the Subordination of the PHONES* [ECF No. 10222], and the *Motion of the Noteholder Plan Proponents for Reconsideration and Clarification of the Court's October 31, 2011 Decision* (collectively, the "Reconsideration Motions") [ECF No. 10227] shall be filed on December 6, 2011 at 4:00 p.m. (prevailing Eastern time).

5. Replies to the Reconsideration Objections shall be filed on December 9, 2011 at 4:00 p.m. (prevailing Eastern time).

6. A hearing on the Reconsideration Motions (the "Reconsideration Hearing") shall be held before this Court on December 14, 2011 between 3:00 p.m. and 6:00 p.m. (prevailing Eastern time).

7. Prior to the Reconsideration Hearing, the Parties wishing to be heard at the Reconsideration Hearing shall confer regarding how the time allotted for the Reconsideration Hearing shall be allocated among those Parties.

## DISCOVERY

8. Discovery with respect to the Allocation Disputes shall be limited to the following:

    - Document requests directed to the Debtors and/or Deutsche Bank, seeking documents relating to the allowed amount of the PHONES Notes Claims;

    - Document requests directed to the Retiree Claimants, seeking the operative documents pursuant to which the Retiree Claims arise; and

    - Discovery related to the accuracy of the Recovery Chart, as set forth in Section D of Exhibit A (Subordination Allocation Appendix) to the *Supplemental Disclosure Statement Relating to Third Amended Joint Plan of Reorganization*

> *for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A.* [ECF No. 10275], and any model prepared by the Debtors, or anyone acting on their behalf, that incorporates or forms the basis for the Recovery Chart.

9. All requests for documents shall be served by December 21, 2011.

10. Written objections and responses to any requests for documents shall be served within ten (10) calendar days of service of such requests for documents.

11. All Parties shall complete production of all responsive documents within the later of fifteen (15) calendar days after service of the requests seeking such documents or, solely with respect to documents subject to an objection, within five (5) calendar days after resolution of any discovery dispute respecting such documents. Parties shall make their good faith, best efforts to produce documents on a rolling basis whenever practicable.

12. With respect to any discovery dispute that may arise, the Parties to the dispute(s) shall meet and confer within two (2) business days of any Party's request for such a meet and confer conference. If the Parties are unable to resolve their dispute(s), such Parties may seek Court intervention utilizing the following procedure in lieu of the procedures contained in Rule 7026-1 of the Local Rules for the United States Bankruptcy Court, District of Delaware:

    - The Party seeking information shall deliver to the Court and serve all Parties via email a single letter, no more than four (4) pages in length, identifying the issue(s) and relief requested and summarizing the basis thereof (the "Initial Letter");

    - Within two (2) calendar days after receipt of such Initial Letter, the Party from whom information is sought shall deliver to the Court and serve all Parties via email a single letter, no more than four (4) pages in length, responding to the Initial Letter (the "Response Letter");

    - The Court will thereafter instruct the Parties whether a telephonic conference or hearing shall be scheduled with the Court to address the issues raised and/or if the Court requires further briefing in advance of any such conference or hearing.

13. All fact discovery shall be completed no later than January 6, 2011.

## BRIEFING ON REMAINING ALLOCATION DISPUTES

14. Each Party shall have the right to file a brief (the "Opening Brief") in support of its position(s) on any Allocation Disputes that remain undecided following the Reconsideration Hearing (the "Remaining Allocation Disputes") on January 13, 2012.

15. Each Party shall have the right to file a brief (the "Response Brief") in response to the Opening Briefs of other Parties on January 20, 2012. Each Party shall identify in its Response Brief each document on which it intends to rely at the Allocation Disputes Hearing.

16. A hearing on the Remaining Allocation Disputes shall be held before this Court during the week of January 23, 2012.

## PLAN PROCESS

17. The Debtors shall file a *Fourth Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed By the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo Gordon & Co., L.P., and J.P. Morgan Chase Bank, N.A.* (the "Fourth Amended DCL Plan"), and a *Revised Supplemental Disclosure Statement Relating to the Fourth Amended Plan* (the "Revised Supplemental Disclosure Statement") incorporating any modifications necessitated by the Court's resolution of the Allocation Disputes within seven (7) days of the Court issuing its decision on the Remaining Allocation Disputes.

    - For example, if the Court issued a decision on February 6, 2012, the filing deadline for the Fourth Amended DCL Plan and Supplemental Disclosure Statement would be February 13, 2012.

18. Objections to the Revised Supplemental Disclosure Statement (the "Disclosure Statement Objections") shall be filed no later than fourteen (14) days after the filing of the Fourth Amended DCL Plan and Revised Supplemental Disclosure Statement.

    - Under the above example, the filing deadline for Revised Supplemental Disclosure Statement Objections would be February 27, 2012.

19. Replies to the Disclosure Statement Objections (the "Disclosure Statement Replies") shall be filed seven (7) days after the Disclosure Statement Objections are filed.

    - Under the above example, the filing deadline for Disclosure Statement Replies would March 5, 2012.

20. A hearing on the Revised Supplemental Disclosure Statement (the "Disclosure Statement Hearing") shall be held before this Court three (3) days after the Disclosure Statement Replies are due.

    - Under the above example, the Disclosure Statement Hearing would be held on March 8, 2012.

21. The supplemental voting record date (the "Supplemental Voting Record Date") for the purpose of identifying Holders of Claims in the Revoting Classes (each as defined in the *Motion of Debtors for Order (I) Approving Supplemental Disclosure Document; (II) Establishing Scope, Forms, Procedures, and Deadlines for Resolicitation and Tabulation of Votes to Accept or Reject DCL Plan From Certain Classes; (III) Authorizing Tabulation of Prior Votes and Elections on DCL Plan Made By Holders of Claims in Non-Resolicited Classes; (IV) Scheduling the Confirmation Hearing and Establishing Notice and Objection Procedures In Respect Thereof; and (V) Granting Related Relief* [ECF No. 10274] (the "Solicitation Motion")) that are entitled to vote on the Fourth Amended DCL Plan shall be the date on which the order approving the Supplemental Disclosure Statement is entered (the "Disclosure Statement Order Date").

- Under the above example, if the Disclosure Statement Order Date is March 8, 2012, the Supplemental Voting Record Date would also be March 8, 2012.

22. The filing deadline for 3018 Motions, as that term is defined in the Solicitation Motion, shall be fourteen (14) days after the Disclosure Statement Order Date.

- Under the above example, the filing deadline for 3018 Motions would be March 22, 2012.

23. To the extent that an Amended Plan Supplement (as that term is defined in the Solicitation Motion) is required, such Amended Plan Supplement shall be filed fourteen (14) days after the Disclosure Statement Order Date.

- Under the above example, the filing deadline for the Amended Plan Supplement would be March 22, 2012.

24. The supplemental voting deadline (the "Supplemental Voting Deadline") for Holders of Claims in the Revoting Classes to return Supplemental Ballots and Supplemental Master Ballots, as those terms are defined in the Solicitation Motion, shall be twenty (20) days after the Disclosure Statement Order Date.

- Under the above example, the Supplemental Voting Deadline would be March 28, 2012.

25. Objections to confirmation of the Fourth Amended DCL Plan (the "Confirmation Objections") shall be filed no later than twenty (20) days after the Disclosure Statement Order Date.

- Under the above example, the filing deadline for Confirmation Objections would be March 28, 2012.

26. The deadline for the Voting Agent (as defined in the Solicitation Motion) to file the results of its tabulation of votes to accept or reject the Fourth Amended DCL Plan (the "Voting Filing Date") shall be twenty-two (22) days after the Disclosure Statement Order Date.

- Under the above example, the Voting Filing Date would be March 30, 2012.

27. Responses to the Confirmation Objections (the "Confirmation Responses") shall be filed no later than twenty-five (25) days after the Disclosure Statement Order Date.

    - Under the above example, the filing deadline for Confirmation Responses would be April 2, 2012.

28. A confirmation hearing on the Fourth Amended DCL Plan (the "Confirmation Hearing") shall be held twenty-eight (28) days after the Disclosure Statement Order Date.

    - Under the above example, the Confirmation Hearing would commence on April 5, 2012.

## **MISCELLANEOUS**

29. Upon good cause shown, and on notice to all Parties, any Party may seek to have this Order modified by the Court.

30. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**SO ORDERED:**

Date: _____, 2011

                                                              _____
                                                              HONORABLE KEVIN J. CAREY
                                                              Chief United States Bankruptcy Judge