**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------x

In re:

TRIBUNE COMPANY, et al.,[1]

    Debtors.

Chapter 11

Case No. 08-13141 (KJC)

(Jointly Administered)

Re: Docket No. _____

------------------------------x

## DISCOVERY AND SCHEDULING ORDER FOR RESOLUTION OF THE ALLOCATION DISPUTES

A hearing (the "Allocation Disputes Hearing") on the Remaining Allocation Disputes, as that term is defined below, is scheduled to commence on February [ ], 2012 [the date to be set by the court at the hearing on December 13, 2001] before the Honorable Kevin J. Carey, United

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc. f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

States Bankruptcy Judge, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 5th Floor, Courtroom No. 5, Wilmington DE 19801. Pursuant to Bankruptcy Code section 105(a) and Federal Rules of Bankruptcy Procedure 9006 and 9014, the following schedule is established in respect to the Allocation Disputes Hearing.

IT IS HEREBY ORDERED as follows:

1. The Parties, as that term is used herein, are the following: the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors"), the Official Committee of Unsecured Creditors of Tribune Company ("Tribune"), Deutsche Bank Trust Company Americas ("DBTCA"), in its capacity as successor indenture trustee for a certain series of Senior Notes issued by Tribune, Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for a certain series of Senior Notes issued by Tribune, Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES Notes issued by Tribune, Aurelius Capital Management, LP, Brigade Capital Management, LLC, Davidson Kempner Capital Management LLC, Oaktree Capital Management, LLC, EGI-TRB LLC ("EGI"), approximately 200 former employees (and beneficiaries of such former employees) of The Times Mirror Company, who were receiving or entitled to receive payments under certain qualified and non-qualified retirement plans of one or more of the Debtors (the "Retirees"), and any other party who identifies itself as wishing to take a position before the Court on any of the Allocation Disputes.

2. The term "Allocation Disputes" shall have the meaning ascribed to it in Exhibit B (Allocation Dispute Protocol) to the Debtors' Notice of Filing of Third Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A. [Docket No. 10273].

3. Unless otherwise stated, all filings shall be due no later than 11:59 p.m. (prevailing Eastern time) on the dates provided for below.

## DISCOVERY

4. Discovery with respect to the Allocation Disputes shall be limited to the following:

    a. Document requests directed to the Debtors and/or DBTCA, seeking documents relating to the appropriate amount of the PHONES Noteholders' claim against the Debtors;

    b. Document requests directed to the Retirees, seeking the operative documents pursuant to which the Retirees' claims arise; and

2

    c. Discovery related to the accuracy of the Recovery Chart, as set forth in Section D of Exhibit A (Subordination Allocation Appendix) to the Supplemental Disclosure Statement Relating to Third Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A. [Docket No. 10275], and any model prepared by the Debtors, or professionals of the Debtors, that incorporates or forms the basis for the Recovery Chart. Such discovery, if needed, shall be limited to inquiries directed to the Debtors and the Debtors' professionals, as well as any party and its professionals that challenges or reserves the right to challenge the accuracy of the Recovery Chart.

5. All requests for documents shall be served by December 15, 2011.

6. Written objections and responses to any requests for documents shall be served within ten (10) calendar days of service of such requests for documents.

7. All Parties shall complete production of all responsive documents within the later of fifteen (15) calendar days after service of the requests seeking such documents or, solely with respect to documents subject to an objection, within five (5) calendar days after resolution of any discovery dispute respecting such documents. Parties shall make their good faith, best efforts to produce documents on a rolling basis whenever practicable.

8. With respect to any discovery dispute that may arise, the Parties to the dispute(s) shall meet and confer within two (2) business days of any Party's request for such a meet and confer conference. If the Parties are unable to resolve their dispute(s), such Parties may seek Court intervention utilizing the following procedure in lieu of the procedures contained in Rule 7026-1 of the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware:

    a. The Party seeking information shall deliver to the Court and serve all Parties via email a single letter, no more than four (4) pages in length, identifying the issue(s) and relief requested and summarizing the basis thereof (the "Initial Letter");

    b. Within two (2) calendar days after receipt of such Initial Letter, the Party from whom information is sought shall deliver to the Court and serve all Parties via email a single letter, no more than four (4) pages in length, responding to the Initial Letter (the "Response Letter");

    c. the Court will thereafter instruct the Parties whether a telephonic conference or hearing shall be scheduled with the Court to address the issues raised and/or if the Court requires further briefing in advance of any such conference or hearing.

9. All fact discovery shall be completed no later than January 13, 2012.

10. Nothing in paragraphs 4 to 9 above shall limit or preclude any Party from presenting at any hearing expert and/or fact witness testimony with respect to whether and to what extent the Article III Distributions must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code as a result of any category of Other Parent Claims (i) not constituting "Senior Indebtedness," as defined by the PHONES Notes Indenture or (ii) not constituting "Senior Obligations", as defined by the subordination agreement governing the EGI-TRB LLC Notes (the "Unfair Discrimination Issue"). Any Party intending to present such testimony shall (a) disclose the identity of any such witness(es) to all Parties, (b) serve on all Parties any applicable expert reports relating to such testimony and (c) provide all Parties with any documents relevant to such testimony that are subject to production by January 19, 2012. Depositions of any such witnesses will take place during the week of January 23, 2012.

## BRIEFING ON THE REMAINING ALLOCATION DISPUTES

11. Each Party shall have the right to file a brief (the "Opening Brief") in support of its position(s) on any Allocation Disputes that remain undecided following the Court's decision on the pending motions for reconsideration of its Opinion on Confirmation dated October 31, 2011 (the "Remaining Allocation Disputes") on January 19, 2012.

12. Each Party shall have the right to file a brief (the "Response Brief") in response to the Opening Briefs of other Parties on February 2, 2012. Each Party shall identify in its Response Brief each document on which it intends to rely at the Allocation Disputes Hearing.

## MISCELLANEOUS

13. Upon good cause shown, and on notice to all Parties, any Party may seek to have this Order modified by the Court.

14. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**SO ORDERED:**

Date: _____, 2011

                                              HONORABLE KEVIN J. CAREY
                                              United States Bankruptcy Judge