**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: ) | Chapter 11 Cases |
| ) | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, *et al.*, ) | (Jointly Administered) |
| ) |  |
| Debtors. ) |  |
| ) | **Related Dkt. Nos. 10274** |

**WILMINGTON TRUST COMPANY'S STATEMENT CONCERNING
THE TIMING OF CONSIDERATION OF THE DEBTORS' REQUEST
TO COMMENCE SOLICITATION OF THE THIRD AMENDED PLAN
OF REORGANIZATION AND THE DEBTORS' PROPOSAL CONCERNING
THE RESOLUTION OF THE ALLOCATION DISPUTES, AS DEFINED THEREIN**

Wilmington Trust Company ("Wilmington Trust"), in its capacity as successor Trustee pursuant to an indenture dated April 1, 1999 (the "Indenture" or the "PHONES Indenture," with the notes and holders of notes issued pursuant to the PHONES Indenture respectively referred to herein as the "PHONES Notes" and the "PHONES Noteholders"), by and between the Tribune Company ("Tribune" and with its debtor subsidiaries, the "Debtors") and Bank of Montreal Trust Company, by and through its undersigned counsel, hereby submits this statement (the "Statement") concerning timing of the Court's consideration of the Debtors' request to commence solicitation of the Third Amended Plan, the Debtors' request to set a schedule for confirmation of the Third Amended Plan and the Debtors' proposal concerning the resolution of the Allocation Disputes, as defined in the Third Amended Plan. In support thereof, Wilmington Trust respectfully states as follows:

1.   On October 31, 2011, the Court issued its Confirmation Opinion denying confirmation of both the DCL Plan and the Noteholder Plan. The Court stated, however, that the DCL Plan would be confirmable once the DCL Plan Proponents addressed certain identified

1

flaws in the DCL Plan. Confirmation Opinion at 125. In the wake of the Court's ruling, the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A. (collectively, the "DCL Plan Proponents") moved to remedy the flaws in the DCL Plan and to fast track the Debtors' emergence from Chapter 11.

2.　　On November 18, 2011, the Debtors filed its *Motion of Debtors for Order (I) Approving Supplemental Disclosure Statement; (II) Establishing Scope, Form, Procedures, and Deadlines for Resolicitation and Tabulation of Votes to Accept or Reject DCL Plan from Certain Classes; (III) Authorizing Tabulation of Prior Votes and Elections on DCL Plan Made by Holders of Claims in Non-Resolicited Classes; (IV) Scheduling the Confirmation Hearing and Establishing Notice and Objection Procedures In Respect Thereof; and (V) Granting Related Relief* (the "Resolicitation Motion") [Docket No. 10274]. The Debtors noticed the motion for a hearing on December 13, 2011.

3.　　On November 18, 2011, the Debtors also filed a Status Report [Docket No. 10272] in connection with the filing of the Third Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries (the "Third Amended Plan") [Docket No. 10273] proposed by the DCL Plan Proponents. The Status Report described the DCL Plan Proponents' desire to allow the Debtors to confirm a plan and emerge from chapter 11 as soon as possible. At the same time, the DCL Plan Proponents propose in the Third Amended Plan that all possible issues (the "Allocation Disputes") related to the subordination of the PHONES Notes and the subordination of the EGI-TRB Notes (as defined in the Third Amended Plan) be resolved through an Allocation Dispute Protocol. See Third Amended Plan, §5.18; Third Amended Plan,

Exhibit 5.18. Among other things, the Allocation Disputes include the critical disputes relating to the PHONES Notes, including: (i) determination of an Allowed Amount of the PHONES Notes claim; and (ii) a determination as to the application of subordination provisions in the PHONES Indenture. Accordingly, there remain significant and extensive open issues in respect of allocation.

4. The DCL Plan Proponents further propose that all issues to be adjudicated in the Allocation Dispute Protocol, including critical disputes relating to the PHONES Notes, are to be reserved for litigation in this Court before, during, or even after, confirmation of the Third Amended Plan. The Allocation Dispute Protocol under the Third Amended Plan establishes Allocation Dispute Reserves, pursuant to which consideration formerly payable to holders of allowed claims in Classes 1E and 1F is reserved for Classes 1E, 1F, 1I and 1J pending resolution of the Allocation Disputes.

5. The Debtors' Resolicitation Motion seeks to proceed with solicitation during the latter half of December 2011 and the first half of January 2012, followed by a confirmation hearing in early February 2012. Central to this proposed calendar is a bifurcated plan confirmation process. The Debtors propose a dual path to emergence whereby the Debtors would proceed upon a path to confirmation and all issues related to the Allocation Disputes would be adjudicated by the Court either before, in conjunction with or after confirmation of the Third Amended Plan. Thus, the Debtors would hasten their exit from Chapter 11, while likely leaving behind the very significant and extensive Allocation Disputes to be litigated by the few groups of creditors with skin in the game.

6. At the Court's status conference held on November 22, 2011, counsel for Wilmington Trust and counsel to Aurelius Capital raised concerns that the Debtors' Resolicitation Motion and Allocation Dispute Protocols would treat holders of claims affected by the Allocation Dispute Protocol unfairly. As an alternative, counsel to Aurelius and Wilmington Trust proposed that the plan process be held in abeyance while the Allocation Disputes were resolved. To that end, counsel to Aurelius and Wilmington Trust proposed a scheduling order that would permit the briefing and argument of the Allocation Disputes in January 2012. The key points of this scheduling order were discussed with the Court during the telephonic status conference held on November 29, 2011. At the conclusion of that hearing, the Court asked for written submissions concerning the timing of the confirmation process and how that process should work with the Allocation Dispute Protocol.

7. Absent a settlement, Wilmington Trust believes that to press forward with confirmation of the Third Amended Plan now would be putting the cart before the horse. As this Court is aware, certain of these key issues are already before this Court in the pending Reconsideration Motions [Docket Nos. 10222, 10223, 10225, 10226 and 10238]. The Supplemental Disclosure Statement [Docket No. 10275] lacks truly meaningful information to creditors in Classes 1E, 1F, 1I and 1J concerning recoveries, the actual amount of which cannot be determined until the Allocation Disputes are resolved. Thus, consideration of the Allocation Disputes prior to resolicitation is necessary so that creditors directly affected by the Allocation Disputes will have sufficient information to cast a vote on the Third Amended Plan.

8. Accordingly, the Debtors' Resolicitation Motion is at this time is premature. The Debtors, albeit understandably, are driven solely by their desire to emerge from bankruptcy as

quickly as possible. But that is no basis for circumventing a fair disclosure and solicitation process. Nor is there any reason for this Court to expend its own resources considering the Resolicitation Motion now, where it can adjudicate the Allocation Disputes in the interim, and thereby eliminate serious concerns in respect of confirmation of the Third Amended Plan as modified.

9. It is well settled that courts have the power to control their own docket. Chambers v. Nasco, Inc., 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (federal courts are vested with the control to manage their own affairs so as to achieve an orderly and expeditious disposition of cases). Here, consideration of the Allocation Disputes *before* proceeding down the path of supplemental disclosure and resolicitation of the Third Amended Plan (and ultimately confirmation) offers an efficient means to resolve important issues while balancing the Debtors' desire to exit chapter 11 expeditiously.

## CONCLUSION

10. For the foregoing reasons, Wilmington Trust respectfully submits that this Court should defer consideration of the Resolicitation Motion until after its resolution of the Allocation Disputes.

Dated: December 6, 2011
      Wilmington, Delaware

**SULLIVAN HAZELTINE ALLINSON LLC**

*/s/ William D. Sullivan*
William D. Sullivan (I.D. No. 2820)
Elihu E. Allinson, III (I.D. No. 3476)
901 N. Market Street, Suite 1300
Wilmington, DE 19801
302-428-8191

and

BROWN RUDNICK LLP
Robert J. Stark
Martin S. Siegel
Gordon Z. Novod
Seven Times Square
New York, NY 10036
212-209-4800

*Counsel for Wilmington Trust Company, solely in its capacity as successor Indenture Trustee for the PHONES Notes*