## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, *et al.*, | Case No. 08-13141 (KJC) |
| Debtors | Jointly Administered |
| | **Reply Deadline: 12/09/11 at 4:00 p.m. ET**<br>**Hearing Date:    12/14/11 at 3:00 p.m. ET**<br>**Related to Docket No.: 10227** |

## CERTAIN CURRENT AND FORMER DIRECTORS AND OFFICERS' OBJECTIONS TO NOTEHOLDER PLAN PROPONENTS' MOTION FOR RECONSIDERATION AND CLARIFICATION OF THE COURT'S OCTOBER 31, 2011 DECISION

Certain Current and Former Directors and Officers,[1] by and through their undersigned counsel, hereby object to the *Motion for Reconsideration and Clarification of the Court's October 31, 2011 Decision* [Docket No. 10227] ("Motion") as follows:

### I.    PRELIMINARY STATEMENT

This Court should deny the Noteholder Plan Proponents' requests that the Court (1) "reconsider" its approval of proportionate judgment reduction in conjunction with the Bar Order contained in the *Second Amended Joint Plan Of Reorganization For Tribune Company And Its Subsidiaries Proposed By the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JP Morgan Chase Bank, N.A.*, as amended [Docket Nos. 7136, 7701, 7801, 8231, 8259, 8580, 8769, and (2) "clarify" certain aspects of its Opinion on Confirmation [Docket No. 10133] ("Opinion") concerning the PHONES Notes.  Motion at, respectively, 9–19 and 19–21.

---

[1]      Harry Amsden, Stephen Carver, Dennis FitzSimons, Bob Gremillion, Don Grenesko, David Hiller, Tim Landon, Tom Leach, Luis Lewin, Mark Mallory, Dick Malone, Ruthellyn Musil, John Reardon, Scott Smith, John Vitanovec, Kathy Waltz, and David Williams.

With respect to the first issue, Noteholder Plan Proponents have failed to provide any valid basis for the Court to reconsider the use of proportionate judgment reduction (as opposed to *pro tanto* reduction) in connection with the current Bar Order.  Opinion at 76.  The Bar Order was heavily negotiated between the parties and hotly debated before this Court.  Noteholder Plan Proponents had numerous opportunities to properly raise the issue of *pro tanto* reduction but failed to do so.  Nor have Noteholder Plan Proponents demonstrated that this Court's determination that proportionate judgment reduction was appropriate in this matter was a "clear error of law" or resulted in a "manifest injustice."  Motion at 11.  In reaching its determination, this Court relied on *Eichenholtz v. Brennan*, 52 F.3d 478 (3d Cir. 1995), which plainly holds that the use of proportionate judgment reduction is appropriate in that it is the "fairest" method to ensure that a bar order does not unfairly prejudice non-settling defendants and other absent parties, exactly the issue that was before the Court.  Opinion at 74 (citing *Eichenholtz*, 52 F.3d at 487).  Noteholder Plan Proponents' failure to distinguish *Eichenholtz* (or, indeed, even to cite to it) demonstrates the strength of this precedent and completely undercuts their claims of "clear error" or "manifest injustice" on this question.

Noteholder Plan Proponents' second request – that the Court clarify its Opinion by stating that it has not ruled on the "appropriate method" for valuing the PHONES Notes, Motion at  19 – should also be rejected.  A court's opinion is not "subject to revision . . . at a litigant's pleasure." *In re Trinity Innovative Enters., LLC*, 2009 WL 4110207, at *1 (Bankr. E.D. Pa. Nov. 23, 2009) (citing *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)).  That it is "possible" that someone may attempt to construct an argument based on what the Court wrote, *see* Opinion at 9, does not show a need for clarification.  This Court's Opinion

is clear and says what it says.  Noteholder Plan Proponents' request for clarification should be denied.

## II.    ARGUMENT

### A.    Applicable Standards.

Reconsideration motions may not be used to offer legal theories or evidence that could have been presented in conjunction with a previously filed motion or response.  *Split Vein Coal Co., Inc. v. Gilberton Coal Co. (In re Split Vein Coal Co., Inc.)*, No. 1:07-ap-00006, 2010 WL 3168115, at *1 (Bankr. M.D. Pa. Aug. 11, 2010) ("a new issue of law or theory of the case that could have been raised at an earlier stage of the proceeding" is not "meritorious grounds for reconsideration").  Under Fed. R. Civ. P. 59(e), as incorporated by Fed. R. Bankr. P. 9023, a motion to amend or alter may be granted for only three reasons:  (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice.  *Calyon N.Y. Branch v. Am. Home Mortg. Corp.*, 383 B.R. 585, 589 (Bankr. D. Del. 2008) (denying motion for reconsideration) (internal citations omitted).  Motions for reconsideration are "extraordinary means of relief in which the movant must do more than simply reargue the facts of the case or legal underpinnings." *Id.*

### B.    Noteholder Plan Proponents' Repeated Failure To Raise *Pro Tanto* Judgment Reduction Mandates Denial Of Motion.

Noteholder Plan Proponents plainly had the ability to develop and raise arguments for *pro tanto* judgment reduction as part of plan confirmation.  Entry of the Bar Order was a contested issue on which Noteholder Plan Proponents made at least three separate submissions to the Court.  Noteholder Plan Proponents' Objection to DCL Plan at 178 [Docket No. 8013], dated February 15, 2011 (objecting to the Bar Order as "highly unfair to the parties whose recoveries are dependent on the success or failure of these causes of action, such as the Non-LBO

- 3 -

Creditors"); Noteholder Plan Proponents' Post-Trial Brief at 78 [Docket No. 8898], dated

May 11, 2011 (arguing that the Bar Order "constitutes an unjustifiable third-party release of

claims, since it would prevent Preserved Claims beneficiaries from recovering their full value");

Noteholder Plan Proponents' Proposed Findings of Fact at 209 [Docket No. 9064], dated June 3,

2011 (asserting that the Bar Order is "inequitable and unsupported by the record"). Argument

concerning the Bar Order (attended by Noteholder Plan Proponents) took place on April 13,

2011.[2] Despite these opportunities, Noteholder Plan Proponents failed to properly raise and

develop for the Court the argument that any judgment reduction should be made on a *pro tanto*

basis. These facts alone doom Noteholder Plan Proponents' requested "reconsideration." *See,*

*e.g.*, *Franklin First Sav. Bank v. Kizis (In re Kizis)*, No. 5-97-03234, 1999 WL 742724, at *2

(Bankr. M.D. Pa. Sept. 9, 1999) ( "[A] party who fails to present its strongest case in the first

instance generally has no rights to raise new theories or arguments in a motion to reconsider"

(quotations and citation omitted)); *In re Armstrong Store Fixtures Corp.*, 139 B.R. 347, 349

(Bankr. W.D. Pa. 1992) (denying reconsideration motion because "[a] motion to reconsider may

*not* be used to present a *new* legal theory for the first time or to raise legal arguments which

could have been raised in connection with the original motion" (emphasis in original)).

---

[2]      In a footnote, Noteholder Plan Proponents admit that the only pre-Opinion statement addressing *pro tanto* judgment reduction was made by counsel for Brigade Capital Management—not the Noteholder Plan Proponents. Motion at 2 n.2. Noteholder Plan Proponents claim that they adopted that single statement, *id.*, but the transcript does not support Noteholder Plan Proponents' after-the-fact interpretation. Counsel for Aurelius merely stated: "our objection will be limited to the application of the bar order as it relates to disclaim state law fraudulent conveyance claims, the issue that Mr. Pachulski just discussed with the Court. So really this is just an indication that our turn on that issue will come tomorrow. I thought Mr. Pachulski handled it exceedingly well." April 13, 2011 Trial Tr. 139:1-8. These general statements should not be viewed as sufficient to preclude a finding of waiver of the issue by Noteholder Plan Proponents.

**C.      Noteholder Plan Proponents' Excuse For Failing To Properly Raise**
**_Pro Tanto_ Judgment Should Be Strongly Rejected.**

Noteholder Plan Proponents attempt to excuse their failure to properly argue for a *pro tanto* reduction based on the fact that the State Law Actions were commenced after confirmation hearings and post-trial briefing had concluded.  Motion at 17 n.9.  But Noteholder Plan Proponents submitted their proposed Findings of Fact and Conclusions of Law *after* the commencement of the State Law Actions[3] and, more importantly, Noteholder Plan Proponents were fully aware: (1) of the State Law Actions well before their commencement;[4] and (2) that DCL Plan Proponents were proposing the use of proportionate judgment reduction in their proposed Bar Order.

Nearly five months passed between Noteholder Plan Proponents' submission of their proposed findings and the issuance of the Opinion.  To the extent Noteholder Plan Proponents wished to raise the *pro tanto* issue with the Court, they clearly had time to do so.  Noteholder Plan Proponents have certainly not been shy in bringing issues to the Court's attention.  The standards cited above preclude a party from obtaining a free peek at a court's view on a particular issue and then fully presenting the matter to the Court.  Noteholder Plan Proponents' "excuse" for not raising the issue of *pro tanto* judgment reduction before the Court issued its Opinion should be strongly rejected.

**D.      Noteholder Plan Proponents' Criticism Of The Court For Adopting**
**Proportionate Judgment Reduction Should Be Rejected.**

Despite not having properly presented the issue, Noteholder Plan Proponents accuse the Court of committing "a clear error of law resulting in manifest injustice" in approving

---

[3]      The first State Law Actions were filed on June 2, 2011.  Findings of Fact and Conclusions of Law were filed on June 3, 2011.

[4]      *See, e.g.*, March 22, 2011 hearing wherein the Court had extensive discussion regarding the State Law Actions; April 25, 2011 Order [Docket No. 8740] allowing the filing of the actions to avoid limitations issues.

proportionate judgment reduction as fair to non-settling defendants and absent third parties. Motion at 11. That accusation is without merit. In approving proportionate judgment reduction as fair, Opinion at 73–74, this Court relied on *Eichenholtz*, which states that the proportionate judgment reduction method is the "fairest method" to use in connection with a bar order to protect non-settling defendants and other absent parties. 52 F.3d at 487. Noteholder Plan Proponents have made no effort to show how following clear Third Circuit precedent can constitute a clear error of law or result in a "manifest injustice," and the poverty of their position is reinforced by their failure to even cite *Eichenholtz* in their Motion.

Noteholder Plan Proponents' remaining arguments to show the Court committed clear error are also easily defeated. That other bankruptcy courts have approved partial settlements with *pro tanto* judgment reduction, *see, e.g.*, *In re Munford, Inc.*, 97 F.3d 449, 456 (11th Cir. 1996), does not mean that this Court's decision to approve proportionate judgment reduction justifies reconsideration. Indeed, in contrast, the Supreme Court has concluded that proportionate judgment reduction method is superior to *pro tanto*, finding that the *pro tanto* approach is "likely to lead to *inequitable* apportionments of liability," puts unnecessary pressure on defendants to settle, and "comes at too high a price in unfairness." *McDermott, Inc. v. AmClyde & River Don Castings, Ltd.*, 511 U.S. 202, 212–215 (1994) (emphasis added). Nor does Noteholder Plan Proponents' convoluted capital structure argument, Motion at 15, establish the need for reconsideration. To the extent this argument attacks the overall fairness of the DCL Plan, Noteholder Plan Proponents should front that position directly, not through an indirect attack on a judgment reduction provision that is consistent with binding Third Circuit precedent.

Noteholder Plan Proponents' final argument is that the Court should rewrite the
DCL Plan by providing that any judgment reduction should be dictated by applicable state law,
which would be inappropriate.  Motion at 16–19.  But Noteholder Plan Proponents (1) make no
attempt to show how a *pro tanto* approach would be applied,[5] (2) do not suggest that all
processes contained in the various state law processes should be applied, including those that
provide safeguards to non-settling defendants;[6] and (3) fail to consider that judgment reduction
based on applicable state law would lead to forum shopping, in addition to potentially
inconsistent and inequitable results to non-settling defendants.  In other words, Noteholder Plan
Proponents' proposal will create additional work for future courts and additional uncertainty
regarding application of the Bar Order, something that Certain Directors and Officers sought to
remedy by negotiation and later with the help of the Court.  Opinion at 76–78.  This Court's
decision to provide more certainty and clarity consistent with *Eichenholtz* is certainly not an
issue that justifies the requested reconsideration.  Noteholder Plan Proponents' request that state
law procedures be applied, if considered on the merits despite not being previously raised,
*see* pp. 2–5, above, should be rejected.[7]

---

[5]      Specifically, Noteholder Plan Proponents provide no explanation as to how *pro tanto* reduction would be
determined and applied in the context of *this* settlement in which numerous parties paid for the release of numerous
claims against numerous other parties.  The Court, in deciding that the Bar Order is fair, considered the DCL Plan
Settlement as a whole and was under no obligation to evaluate whether settlement consideration contributed by the
settling defendants was a reasonable approximation of their fault.  *See* Opinion at 75–76 (noting that "it was not
error for a trial court to leave the determination of the actual amount of judgment credit for calculation at trial").

[6]      *See, e.g.*, Mass. Gen. Laws ch. 231B, § 4 (1962) (requiring a court finding that a settlement was
accomplished in good faith); 740 Ill. Comp. Stat. 100/2 (1986) (same); N.Y. Gen. Oblig. Law § 15-108 (2007)
(same); *Wreglesworth ex rel. Wreglesworth v. Arcico, Inc.*, 740 N.E.2d 444, 449 (Ill. App. Ct. 2000) (in making the
required good faith determination, although no single factor is determinative, courts have considered whether the
settlement was supported by consideration, whether the amount paid by the settling tortfeasor was within a
reasonable range of the settler's fair share, and whether there was a personal relationship between the settling
parties).

[7]      We note that, to the extent Noteholder Plan Proponents are truly concerned about LBO Lenders' ability to
share in DCL Litigation or other recoveries, *see* Motion at 3–9, *pro tanto* judgment reduction exacerbates their
concern.  *Pro tanto* would allow LBO Lenders, assuming the Court does not reconsider this previously-raised issue,
greater recovery vis-à-vis these recoveries than they would receive under proportionate judgment reduction.  *See,*

**E.      The Court Need Not Clarify Its Opinion.**

Noteholder Plan Proponents' request that the Court "clarify" significance of the chart on page 9 of the Opinion should also be denied.  The request is improper because the Opinion is clear on its face and Noteholder Plan Proponents have shown no errors in the Opinion that justify "consideration."  *See Calyon N.Y. Branch*, 383 B.R. at 589 (motion to amend or alter judgment under Fed. R. Civ. P. 59(e), as incorporated by Fed. R. Bankr. P. 9023, may be granted for only three reasons: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice).  As stated above, a court's opinions are intended as final drafts and not "subject to revision. . . at a litigant's pleasure."  *Trinity Innovative Enters., LLC*, 2009 WL 4110207, at *1 (citing *Quaker Alloy Casting Co.*, 123 F.R.D. at 288).  Moreover, adding a disclaimer with respect to one issue but not others creates additional potential arguments for creative lawyers.  Noteholder Plan Proponents' proposal creates more issues than it resolves.  In sum, this Court wrote what it wrote and there is no need or justification for clarification.

---

*e.g., Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1230–31 (9th Cir. 1989) (*pro tanto* approach inequitably requires non-settling defendants to pay any discount settling defendants received in settlement; whereas proportionate judgment approach satisfies goals of punishing each wrongdoer, equitably limiting liability to relative culpability, and encouraging settlement).  The only criticism we have seen of proportionate fault judgment is that it may violate the one satisfaction rule in a situation in which plaintiffs settle with some defendants for a large sum and non-settling defendants are found to be primarily responsible. *Singer v. Olympia Brewing Co.*, 878 F.2d 596, 600 (2d Cir. 1989).  If Noteholder Plan Proponents' repeated contention that the settlement values are too low are accredited, that issue is not a concern here.

III.    **CONCLUSION**

WHEREFORE, Certain Directors and Officers request that the Court deny the

above-discussed relief requested by Noteholder Plan Proponents.


Dated:  December 6, 2011                 CONNOLLY BOVE LODGE & HUTZ LLP


                                         By:_____
Of Counsel                               Jeffrey C. Wisler (No. 2795)
                                         Marc J. Phillips (No. 4445)
George R. Dougerty                       The Nemours Building
John R. McCambridge                      1007 North Orange Street
GRIPPO & ELDEN LLC                       P.O. Box 2207
111 South Wacker Drive                   Wilmington, DE  19899
Chicago, IL 60606                        (302) 658-9141  Telephone
(312) 704-7700  Telephone                (302) 658-0380  Facsimile
(312) 558-1195  Facsimile

*Attorneys for Certain Directors and Officers*


#4572655

- 9 -