IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 Cases |
|  | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, *et al.*, | (Jointly Administered) |
| Debtors. |  |
|  | **Related Dkt. Nos. 10274, 10369, 10370, 10374** |

**WILMINGTON TRUST COMPANY'S REPLY TO (I) THE
MEMORANDUM OF THE DCL PLAN PROPONENTS REGARDING
THE SCHEDULING OF FURTHER PROCEEDINGS AND (II) THE STATEMENT
OF AURELIUS CAPITAL MANAGEMENT, LP IN SUPPORT OF ITS POSITION
REGARDING PROCESS FOR RESOLUTION OF THE ALLOCATION DISPUTES**

Wilmington Trust Company ("Wilmington Trust"), in its capacity as successor Trustee pursuant to an indenture dated April 1, 1999 (the "Indenture" or the "PHONES Indenture," with the notes and holders of notes issued pursuant to the PHONES Indenture respectively referred to herein as the "PHONES Notes" and the "PHONES Noteholders"), by and between the Tribune Company ("Tribune" and with its debtor subsidiaries, the "Debtors") and Bank of Montreal Trust Company, by and through its undersigned counsel, hereby submits this reply to (i) the Memorandum of the DCL Plan Proponents Regarding the Scheduling of Further Proceedings (the "DCL Statement") [Docket No. 10370] and (ii) the Statement of Aurelius Capital Management, LP in Support of its Position Regarding Process for Resolution of the Allocation Disputes (the "Aurelius Statement") [Docket No. 10369]. Wilmington Trust respectfully replies to several issues raised by the DCL Statement and the Aurelius Statement.

1

**The Proposed Allocation Dispute Protocol**
**Scheduling Orders Unfairly Limit Discovery**

1.      Both the DCL Statement and the Aurelius Statement propose scheduling orders that contain a number of deadlines and dates for briefing, discovery and argument on the Allocation Disputes.  Although Wilmington Trust generally is amenable to the briefing schedule in the Aurelius Statement (but not the DCL Statement schedule), each of these schedules inappropriately restrict certain limited discovery that might be relevant to the Allocation Disputes.  The DCL Statement and the Aurelius Statement ask the court to restrict discovery with respect to the Allocation Disputes to: (i) document requests directed to the Debtors and/or DBTCA, seeking documents relating to the appropriate amount of the PHONES Noteholders' claim against the Debtors; (ii) document requests directed to the Retirees, seeking the operative documents pursuant to which the Retirees' claims arise; and (iii) discovery related to the accuracy of the recovery chart, as set forth in Schedule D of Exhibit A to the Supplemental Disclosure Statement.  <u>See</u> DCL Statement, Exhibit B, ¶4; Aurelius Statement, at 10 n.11.

2.      These limitations unnecessarily limit the parties that might be subject to discovery (document, interrogatory or deposition) and fail to account fully for the relief sought via the Allocation Disputes.  In the Allocation Dispute Protocol, the Court is asked to adjudicate:

> (c) whether and to what extent the Article III Distributions or the priority of distributions from the Creditors' Trust and/or the Litigation Trust must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code because any category of Other Parent Claims do not constitute "Senior Indebtedness," as defined by the PHONES Notes Indenture…

Third Amended DCL Plan, Exhibit 5.18 (Allocation Dispute Protocol), §2.1.1(c).  Thus, the Court is being asked to decide if particular categories of claims qualify as "Indebtedness" and "Senior Indebtedness" under Section 14.01 of the PHONES Indenture.  Because the Third

Amended DCL Plan provides that all members of Class 1F Other Parent Claims will benefit from the PHONES subordination, it is necessary to permit the parties to take discovery of the Debtors and any other party claiming that its debt qualifies as "Indebtedness" and "Senior Indebtedness" under the PHONES Indenture.

3. The concerns raised by limitation on discovery are heightened because the DCL Plan Proponents seek to reserve any party's right to present, in the Allocation Disputes:

> expert and/or fact witness testimony with respect to whether and to what extent the Article III Distributions must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code as a result of any category of other parent claims (i) not constituting "Senior Indebtedness," as defined by the PHONES Indenture . . . (the "Unfair Discrimination Issue").

See DCL Statement, Exhibit B, ¶10. The DCL Plan Proponents further propose that any depositions of such fact and/or expert witnesses would start only four days after identification of such witnesses and exchange of expert reports, without any discovery from such witnesses and experts in the intervening period.

4. It is entirely unfair to restrict discovery by the parties directly affected by the Allocation Disputes, yet allow the presentation of expert and/or fact witnesses from any party, including the Debtors and the Committee - parties who do not have a direct stake in the Allocation Disputes.

5. In addition, the DCL Plan Proponents seek to permit the introduction of expert testimony and expert reports concerning self-proclaimed "Unfair Discrimination Issue[s]." Such expert discovery is irrelevant to the Allocation Disputes because unfair discrimination is a confirmation concept. Even at confirmation, unfair discrimination is only addressed after a plan proponent demonstrates that it satisfies Sections 510(a) and 1129(a)(1) of the Bankruptcy Code.

Thus, it is inappropriate to include such subject matter and associated expert reports in the Allocation Dispute Protocol scheduling order.

### The DCL Plan Proponents' Solicitation Procedures Do Not Permit Treatment Elections by the Holders of PHONES Notes

6.      As discussed by Aurelius in its statement, the DCL solicitation procedures do not permit the holders of PHONES to make an election of the form of consideration (i.e., cash vs. a strip of new warrants, new debt and cash) should the Court determine under the Allocation Dispute Protocol that PHONES are entitled to an Article III distribution under the Third Amended DCL Plan. Wilmington Trust as Indenture Trustee for the PHONES believes that the PHONES holders should be permitted to make such elections. To that end, although this is primarily an issue properly reserved for the solicitation and disclosure statement process, it is another reason why the Allocation Disputes should be resolved prior to the commencement of the plan confirmation process.

### Conclusion

7.      For the foregoing reasons, Wilmington Trust respectfully submits that any order that the Court enters on scheduling of the Allocation Disputes be revised as set forth herein.

Dated: Wilmington, Delaware
       December 9, 2011

**SULLIVAN · HAZELTINE · ALLINSON LLC**

*/s/ E.E. Allinson III*
William D. Sullivan (I.D. No. 2820)
Elihu E. Allinson, III (I.D. No. 3476)
901 N. Market Street, Suite 1300
Wilmington, DE 19801
302-428-8191

and

BROWN RUDNICK LLP
Robert J. Stark
Martin S. Siegel
Gordon Z. Novod
Seven Times Square
New York, NY 10036
212-209-4800

*Counsel for Wilmington Trust Company, solely in its capacity as successor Indenture Trustee for the PHONES Notes*