UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, *et al.*,<br>　　　　　　　　　　　Debtors. | ) Chapter 11<br>)<br>) Case No. 08-13141 (KJC)<br>)<br>) Jointly Administered<br>)<br>) Re: Docket Nos. 10226 & 10222<br>) |

**EGI-TRB LLC'S OBJECTION AND REPLY TO [1] STATEMENT OF AURELIUS CAPITAL MANAGEMENT, LP IN SUPPORT OF ITS POSITION REGARDING PROCESS FOR RESOLUTION OF THE ALLOCATION DISPUTES; [2] MEMORANDUM OF DCL PLAN PROPONENTS REGARDING THE SCHEDULING OF FURTHER PROCEEDINGS AND [3] WILMINGTON TRUST COMPANY'S STATGEMENT CONCERNING THE TIMING OF CONSIDERATION OF THE DEBTORS' REQUEST TO COMMENCE SOLICITATION OF THE THIRD AMENDED PLAN OF REORGANZATION AND DEBTORS' PROPOSAL CONCERNING THE <u>RESOLUTION OF THE ALLOCATION DISPUTES</u>**

EGI-TRB LLC ("EGI-TRB") respectfully submits this objection and reply (the "Objection") to: [1] the Statement of Aurelius Capital Management, LP In Support Of Its Position Regarding Process For Resolution Of The Allocation Disputes (Dkt. No. 10369); [2] Memorandum Of The DCL Plan Proponents Regarding The Scheduling of Further Proceedings (Dkt. No. 10370); and [3] Wilmington Trust Company's Statement Concerning The Timing Of Consideration Of The Debtors' Request To Commence Solicitation Of The Third Amended Plan Of Reorganization And The Debtors' Proposal Concerning The Resolution Of The Allocation Disputes, As Defined Therein (Dkt. No. 10374). In support, EGI-TRB states as follows.

<u>**INTRODUCTION**</u>

Each of the other parties that submitted scheduling statements – Aurelius Capital Management ("Aurelius"), Wilmington Trust Company ("Wilmington Trust"), and the DCL Plan Proponents – ignored the controlling procedural rule, Rule 7001(8) of the Federal Rules of

Bankruptcy Procedure. Both Aurelius and Wilmington Trust argue that the Court should put the Third Amended DCL Plan on ice and decide the subordination issues in a vacuum without the benefit of an adversary complaint and "in advance of the commencement of the confirmation process." (Aurelius Stmt. at 2.) Without addressing the requirements of Rule 7001(8), Aurelius advances a "parade of horribles" which it contends justifies following its procedurally improper schedule.

The DCL Plan Proponents' suggestion is somewhat closer to the mark; they suggest that resolution of the subordination issues should run on a dual track with the hearing on confirmation of their Third Amended Plan. But as explained in EGI-TRB's Statement (Dkt. No. 10364), Rule 7001(8) requires that subordination issues be decided either in an adversary proceeding or as part of an order confirming a plan of reorganization. For that reason, the DCL Plan Proponents' dual track suggestion only works under Rule 7001(8) if the subordination issues are in fact part of the confirmation process.

EGI-TRB's position is that it is not willing to waive the procedural protections of Rule 7001(8) and objects to any proceeding that determines its subordination rights inconsistent with that Rule. Thus, while EGI-TRB has no objection to the general timetable that the DCL Plan Proponents suggest, EGI-TRB respectfully submits that the hearing on these issues must be part of the confirmation hearing *and* importantly, any the ruling on the subordination issues must be part of the Court's confirmation order. EGI-TRB believes that the limited nature of the evidence that might be presented on the subordination issues suggests that it might be more efficient to have that evidence presented at the same time as any other evidence is presented in support of or against the DCL Third Amended Plan and that a separate hearing is not necessary, but it does not

oppose a separate hearing provided that this hearing is part of the overall confirmation hearing and any ruling is part of the confirmation opinion and order.

## ARGUMENT

Although EGI-TRB addressed the requirements of Rule 7001(8) at the November 29, 2011 telephonic conference, none of the other parties submitting a statement addressed its mandatory requirements. Compliance with the Rule is mandatory. *See, e.g.*, *In re Perkins*, 902 F.2d 1254, 1258 (7th Cir. 1990); *In re Washington Mut., Inc.*, Case No. 08-12229 (MFW), 2011 WL 4090757, at *43-44 (Bankr. D. Del. Sept. 13, 2011) ("Claims for equitable subordination must be brought as a separate adversary proceeding pursuant to Rule 7001(8)") (quoting *Protarga v. Webb (In re Protarga)*, Adv. No. 04-53374, 2004 WL 1906145, at *3 (Bankr. D. Del. Aug. 25, 2004)).

Not only is compliance with the Rule required, it makes good sense to do so here. The only reason there is a dispute over subordination today is because the DCL Plan Proponents propose to subordinate EGI-TRB's (and the PHONES') rights to share in the chapter 5 causes of action. If the Third Amended DCL Plan ends up not being confirmed, there would be no need to resolve these issues at this time. Rule 7001(8) properly recognizes that this would typically be the case and requires that subordination issues be decided as part of the confirmation process (or through a separate adversary proceeding, which has not been filed here).

Because Rule 7001(8) is mandatory, Aurelius's "parade of horribles" cannot justify ignoring the requirements of the Rule. But even if the Rule were not mandatory, Aurelius's concerns are not a basis for following the schedule it suggests.

<u>First</u>, Aurelius argues that the subordination issues must be decided in a procedural vacuum because the Third Amended DCL Plan does not propose to establish adequate post-

confirmation reserves to account for the various permutations that might arise depending on how the Court decides the subordination issues. (Aurelius Stmt. at 9-13.) Aurelius's argument depends entirely on the premise that the subordination issues will not be resolved until after the Third Amended DCL Plan is confirmed and has become effective. But the DCL Plan Proponents appear to agree that the subordination issues should be decided now and not following confirmation. Resolving the subordination issues as part of confirmation avoids concerns over the reserve formulas because the reserves will only need to be set up if the disputes are still pending post-confirmation. A ruling on these issues, consistent with Rule 7001(8), as part of the confirmation order may eliminate the uncertainty about reserve amounts that Aurelius fears.

But to the extent that appeals are filed over these issues, and some uncertainty remains post-confirmation about how the subordination issues may be resolved, that still does not justify putting the entire chapter 11 case on hold and deciding the subordination issues in a vacuum contrary to Rule 7001(8). Instead, if Aurelius believes that the Third Amended DCL Plan establishes insufficient reserve mechanisms, it should object at the confirmation hearing. Aurelius's premature confirmation objection is not a basis to derail the confirmation process or ignore the procedural requirements of Rule 7001(8). *Cf. In re Spansion, Inc.*, 426 B.R. 114, 126 (Bankr. D. Del. 2010) (court declined to consider objections to disclosure statement that were really in the nature of objections to confirmation of the plan).

Second, Aurelius argues that creditors will be disadvantaged when voting on the Third Amended DCL Plan if they do not know how the subordination issue will come out. (Aurelius Stmt. at 13-14, 20-21.) According to Aurelius "virtually every creditor constituency" must make a number of elections under the Third Amended DCL Plan and what options creditors may elect may be informed by how the subordination dispute is resolved. But virtually every plan contains

some uncertainties. For example, plans that contain litigation trusts can never predict with certainty how the litigation will come out. Plans that depend on the issuance of stock can never predict with certainty the value at which the stock will trade when the company emerges from bankruptcy. Plans that provide that creditors are paid from a fixed pot can never predict with certainty each creditor's share of the "pot" until all claims are resolved; which virtually never occurs before confirmation of a plan. Indeed if resolution of subordination issues – which by their nature always impact recoveries – had to be conclusively decided before a plan is even presented for confirmation, Rule 7001(8) would not allow these issues be decided as part of the confirmation process.

The solution here is not to bring the chapter 11 case to a grinding halt while the subordination issues are decided. The solution is to provide sufficient information to all creditors about the various variables and let the creditors decide based on that information whether to support the Third Amended DCL Plan. If Aurelius believes that the information the DCL Plan Proponents propose to distribute is insufficient or incomplete, it should object to the proposed disclosure statement; not advance a procedure that violates Rule 7001(8) and will only create more delay in this case.

Third, Aurelius argues that the Litigation Trust will be conflicted because, depending on how the subordination issues are resolved, the PHONES and EGI-TRB will prefer chapter 5 causes of action to be pursued first and the other creditors will prefer to see non-chapter 5 claims advanced. (Aurelius Stmt. at 14-17.) But that conflict is going to exist if the Court finds that EGI-TRB or the PHONES or both are entitled to share in chapter 5 recoveries. Putting confirmation on hold and acting outside of the bounds of Rule 7001(8) does not solve that potential conflict. The answer is to object to the Third Amended DCL Plan if Aurelius believes

the proposed Litigation Trust Agreement and the governing terms for the Litigation Trust do not adequately address this issue and provide appropriate protections.[1]

Fourth, Aurelius argues that the DCL Plan Proponents cannot properly classify claims in their Third Amended Plan until they know which creditors are subordinated to which other creditors. Aurelius argues without citation to a single case that the Other Parent Class may be improperly classified depending on how the Court rules on subordination. (Aurelius Stmt. at 17-19.) Aurelius's argument is a confirmation objection and does not justify ignoring Rule 7001(8) in any event. *See, e.g.*, *Spansion, Inc.*, 426 B.R. at 126. More importantly, Aurelius's claims are not part of the Other Parent Class and thus, it will lack standing at the confirmation hearing to complain about the classification of these claims. *See, e.g.*, *In re G-I Holdings Inc.*, 420 B.R. 216, 256 (D.N.J. 2009) (collecting cases).

Fifth, Aurelius argues that the subordination dispute must be decided first because it may impact whether the settlement with the retirees is implemented and whether retirees will support the Third Amended DCL Plan. (Aurelius Stmt. at 19-20.) According to Aurelius, the Court approved the Plan settlement found in the Second Amended DCL Plan because it contained "widespread creditor support" and if support from retirees evaporates, the Court may need to revisit this analysis. (*Id.* at 19.) Aurelius's argument presupposes that if the subordination issues are decided before confirmation they will necessarily be decided against the PHONES or EGI-TRB or both, and thus, the prior support for the plan settlement will remain intact if Aurelius's schedule is followed. That argument is ironic coming from Aurelius, as it presumably intends to object to the Third Amended DCL Plan. In any event, the Court will be required to address the

---

[1] Ironically, this same conflict exists between the Litigation and Creditor Trusts that are features of the current DCL plan and the defunct Noteholders' Plan that Aurelius backed. This is the very point EGI-TRB made when it objected to the splitting of the constructive and actual fraudulent transfer claims for purposes of making an end-run around 11 U.S.C. § 546(e).

reasonableness of the current Third Amended DLC Plan and its terms (including the plan settlement). Adopting Aurelius's proposed schedule will not necessarily avoid the potential that some one may object to the plan settlement and the Court will have to either reaffirm its prior ruling or determine that the facts have changed and disapprove the proposed plan settlement.

## CONCLUSION

For all of the foregoing reasons, EGI-TRB respectfully submits that the Court should decide the allocation and subordination issues only in the context of confirmation proceedings on the Third Amended DCL Plan.

Dated: December 9, 2011

        Respectfully submitted,

        BLANK ROME LLP

By:   /s/ *David W. Carickhoff*
      David W. Carickhoff (DE No. 3715)
      1201 Market Street, Suite 800
      Wilmington, DE 19801
      Telephone: (302) 425-6400
      Facsimile: (302) 425-6464

      and

      David J. Bradford (admitted *pro hac vice)*
      Catherine L. Steege (admitted *pro hac vice*)
      Andrew W. Vail (admitted *pro hac vice*)
      JENNER & BLOCK LLP
      353 N. Clark St.
      Chicago, IL 60654
      Telephone: (312) 222-9350
      Facsimile: (312) 527-04844

      *Counsel for EGI-TRB, LLC*