## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------x
|                              |   |                                      |
|------------------------------|---|--------------------------------------|
| In re:                       | : | Chapter 11 Cases                     |
|                              | : | Case No. 08-13141 (KJC)              |
| TRIBUNE COMPANY, et al.,     | : | (Jointly Administered)               |
|                              | : |                                      |
|                Debtors.      | : |                                      |
|                              | : | Hearing Date: December 14, 2011 1:30 p.m. |
-------------------------------------------------------x  Related Dkt. Nos. 10133, 10134, 10222,
10223, 10371, 10399

### JOINDER OF DAVIDSON KEMPNER CAPITAL MANAGEMENT LLC, AS INVESTMENT ADVISOR, TO JOINT REPLY OF LAW DEBENTURE TRUST COMPANY OF NEW YORK AND DEUTSCHE BANK TRUST COMPANY AMERICAS IN FURTHER SUPPORT OF THEIR REQUEST FOR RECONSIDERATION OF THE COURT'S CONFIRMATION OPINION WITH RESPECT TO THE SUBORDINATION OF THE PHONES

Davidson Kempner Capital Management LLC ("**Davidson Kempner**"), as investment advisor for certain funds (collectively, the "**DK Funds**") that beneficially own claims against various Debtors, by and through its undersigned counsel, hereby submits this joinder to the Joint Reply of Law Debenture Trust Company of New York and Deutsche Bank Trust Company Americas in Further Support of their Request for Reconsideration of the Court's Confirmation Opinion with respect to the Subordination of the Phones, dated December 9, 2011 (the "**Joint Reply**") and respectfully states as follows:[1]

### Joinder to Joint Reply

1.      Davidson Kempner is the investment advisor for the DK Funds, which beneficially own claims against various Debtors pursuant to the Senior Indentures and Senior Notes.

-------------------------
[1] Capitalized terms used and not defined herein have the meanings given to them in the Joint Reply.

2.      Davidson Kempner, as the investment advisor for the DK Funds, supports and joins in the Joint Reply and reiterates that granting the relief in the Motion is appropriate and just.[2]

### Additional Response

3.      The word "payment" in PHONES Indenture § 14.02(B) must be read disjunctively from the phrase "distribution of assets of the Company" that appears later in the text of that provision. See PHONES Indenture § 14.02(B). The placement of the phrase "assets of the Company" immediately after the word "distribution" — and its glaring absence after the word "payment" — manifests the plainly intended meaning of § 14.02(B), namely, that that phrase was *never* meant to qualify the word "payment." Id. Had the parties intended "payment" to be so qualified (or qualified at all), they would have added a qualifier. As they did not, no such qualification exists, and none should be added now, as Wilmington Trust suggests. "Payment" must therefore be read without qualification by "assets of the Company." Such a reading is consistent with the application of the "rule of the last antecedent" to the phrase "payment or distribution of assets of the Company" in § 14.02(B).

4.      Additionally, giving full force and effect to the plain wording of § 14.02(B) of the PHONES Indenture, without adding words that do not appear in the text, is consistent with maintaining the business expectations of participants in the credit markets for senior and subordinated debt. Under a subordination or intercreditor agreement, when a borrower defaults, in the absence of clear and unambiguous language to the contrary, participants in the credit markets expect that senior creditors will receive payment in full of their senior debt

---

[2]      Davidson Kempner submits this joinder subject to the terms and conditions of, and their rights and remedies, and that of the DK Funds,under, the Senior Notes Indentures, Senior Notes and applicable law. Nothing contained in this joinder shall limit, abridge, or otherwise modify such rights and remedies or in any way with respect to other matters in these cases, all of which are reserved.

*before* any subordinated creditors receive payment on their subordinated debt and *without regard* to the source of those payments. Any exceptions to a subordination provision should be explicitly and unambiguously expressed in the agreement. This is consistent with the well-recognized and protected bankruptcy policy that creditors bargaining for seniority relative to other creditors should receive the full benefit of their bargain upon a borrower default:

> Affirming the legal efficacy of unambiguous intercreditor agreements leads to more predictable and efficient commercial outcomes and minimizes the potential for wasteful and vexatious litigation … [P]lainly worded contracts establishing priorities and limiting obstructionist, destabilizing and wasteful behavior should be enforced and creditor expectations should be appropriately fulfilled.

Ion Media Networks, Inc. v. Cyrus Select Opportunities Master Fund, Ltd. (In re Ion Media Networks, Inc.), 419 B.R. 585, 595 (Bankr. S.D.N.Y. 2009) (enforcing under section 510(a) of the Bankruptcy Code intercreditor agreement as against second lien lender that argued that the agreement's subordination provisions did not extend to certain assets) (emphasis added).

5.      Finally, reading the PHONES Indenture in the manner propounded by Wilmington Trust, would, if taken to its logical conclusion, lead to an economically irrational and arbitrary result. That is, assuming, *arguendo*, that chapter 5 causes of action do not constitute an asset of the prepetition debtor and, therefore, the estate (a proposition to which Davidson Kempner does *not* acquiesce, per its joinder to the Motion, dated November 14, 2011 [Docket No. 10223]), then disregarding the subordination provisions for purposes of recoveries in chapter 5 actions would mean that holders of Senior Indebtedness effectively agreed to *forego* their bargained-for senior position in respect of assets fraudulently transferred out of their reach prior to bankruptcy (to the extent subsequently recovered in the bankruptcy case). This does not make economic sense, and such a result should not be implied where there is no explicit provision to support it.

DOC ID-17788366.3                                          - 3 -

6.      This can be illustrated with two hypothetical scenarios.  Consider hypothetical *Scenario A*, in which the company files for chapter 11 protection with, for illustrative purposes, $100 million in assets on the date of filing of its petition.  There can be no question that the holders of Senior Indebtedness in that scenario would receive the benefit of the subordination provision for the *full $100 million* (up to the point that all obligations in respect of such Senior Indebtedness are paid in full).   Now consider *Scenario B*, in which the company fraudulently (whether with actual or constructively fraudulent intent) transfers $40 million of those assets out of the reach of creditors prior to its bankruptcy filing.  A reading of the PHONES Indenture espoused by Wilmington Trust would mean that, upon bankruptcy and recovery of the assets (or their value), holders of Senior Indebtedness would receive the benefit of the subordination provision for *only $60 million*, and would rank *pari passu* with the holders of the PHONES notes for the remaining *$40 million* (all up to the point that all obligations in respect of such Senior Indebtedness are paid in full).  As compared to Scenario A, Scenario B clearly yields diminished recoveries to holders of Senior Indebtedness, and rewards, at their expense, holders of subordinated debt for the debtor's fraudulent conveyance of assets.  This is a result to which no rational commercial actor would, if confronted with the issue, ever consent absent an express adjustment of the terms of its respective debt.

## Conclusion

WHEREFORE, Davidson Kempner respectfully repeats its request that the Court grant the Motion, and such other and further relief as may be appropriate or required.

- 5 -

Dated:  December 9, 2011
      Wilmington, Delaware

                                     Respectfully Submitted,

SCHULTE ROTH & ZABEL LLP          BIFFERATO GENTILOTTI LLC
Adam C. Harris
Karen S. Park
919 Third Avenue                       Garvan F. McDaniel (I.D. No. 4167)
New York, NY  10022              800 N. King Street, Plaza Level
212-756-2000                       Wilmington, Delaware 19801
                                     302- 429-1900

*Attorneys for Davidson Kempner Capital Management LLC, as investment advisor*