IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
In re:                                            :     Chapter 11 Cases
                                                  :     Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.                           :     (Jointly Administered)
                                                  :
            Debtors.                              :     Reply Deadline: December 9, 2011
                                                  :     Hearing Date: December 14, 2011
                                                  :     Related Dkt. Nos. 10133, 10134, 10222,
---------------------------------------------------------x     10225, 10365, 10371, 10399

**JOINDER OF BRIGADE CAPITAL MANAGEMENT, LLC IN THE JOINT REPLY OF LAW DEBENTURE TRUST COMPANY OF NEW YORK AND DEUTSCHE BANK TRUST COMPANY AMERICAS IN FURTHER SUPPORT OF THEIR REQUEST FOR RECONSIDERATION OF THE COURT'S CONFIRMATION OPINION WITH RESPECT TO THE SUBORDINATION OF THE PHONES**

Brigade Capital Management, LLC ("Brigade"), on behalf of its managed entities, by and through its undersigned counsel, hereby joins in the "Joint Reply Of Law Debenture Trust Company Of New York And Deutsche Bank Trust Company Americas In Further Support Of Their Request For Reconsideration Of The Court's Confirmation Opinion With Respect To The Subordination Of The Phones" (the "Senior Trustee Reply") [Dkt. No. 10399], filed by Law Debenture Trust Company of New York ("Law Debenture"), in its capacity as successor indenture trustee for certain series of senior notes issued by Tribune Company, and Deutsche Bank Trust Company Americas ("DBTCA" and, together with Law Debenture, the "Senior Indenture Trustees"), in its capacity as successor indenture trustee for certain series of senior notes issued by Tribune Company, in further support of the "Joint Motion of Law Debenture Trust Company Of New York and Deutsche Bank Trust Company Americas Requesting Reconsideration of the Court's Confirmation Opinion with Respect to the Subordination of the Phones" (the "Senior Trustee Reconsideration Motion") [ Dkt. No. 10222].

1

557884v5

Brigade joins in the Senior Trustee Reply on the bases set forth therein and reserves all rights to amend or supplement this Joinder. In further support of the Senior Trustee Reconsideration Motion and the Senior Trustee Reply, Brigade respectfully submits as follows:

**ADDITIONAL RESPONSE TO OBJECTION OF PHONES TRUSTEE**[1]
**("PHONES TRUSTEE OBJECTION")**[2]

1.  According to the PHONES Trustee, the subordination provisions of the PHONES Indenture work this way: (a) if the Debtor had cash on hand prior to its bankruptcy filing, any payment by the Debtors' bankruptcy estate to creditors from those funds is fully subject to subordination, but (b) if the Debtor had fraudulently conveyed its cash on hand before bankruptcy, and the cash is then recovered, any payment made by the bankruptcy estate to creditors out of that cash is not subject to any subordination at all. The PHONES Trustee has, however, offered no commercially viable rationale for interpreting the PHONES Indenture to produce such a perverse and commercially unreasonable result – i.e., contractually subordinated debt benefits from a fraudulent conveyance by the Debtor at the expense of senior debt. Indeed, the PHONES Trustee has failed even to address this point, which was emphasized in the very first paragraph of Brigade's Joinder in the Senior Trustee Reconsideration Motion (the "Original Brigade Joinder").[3]

---

[1] Terms not otherwise defined in herein shall have the same meanings ascribed to them in the Senior Trustee Reconsideration Motion.

[2] Wilmington Trust Company's Omnibus Objection to Motions for Reconsideration of this Court's Decision on PHONES Subordination and the Proceeds of the Litigation Trust Under the DCL Plan [Docket No. 10371] shall be referred herein as the "PHONES Trustee Objection."

[3] See Joinder Of Brigade Capital Management, LLC In The Joint Motion Of Law Debenture Trust Company Of New York And Deutsche Bank Trust Company Americas Requesting Reconsideration Of The Court's Confirmation Opinion With Respect To The Subordination Of The Phones [Docket no. 10225].

557884v5

2.      Moreover, to achieve this commercially unreasonable result, the PHONES Trustee endeavors to reduce Section 14.02(3)(A) of the PHONES Indenture to an afterthought. In fact, Section 14.02(3)(A) makes clear that any "payment" that would otherwise be made on account of principal or interest on the PHONES is subject to the subordination provision, whether the payment is of the type described in clause (A) or clause (B) of the above paragraph. Section 14.02(3)(A), when quoted in full, provides as follows.

> (A)  the holders of Senior Indebtedness shall be entitled to receive *payment* in full of all amounts due or to become due on or in respect of all Senior Indebtedness, or provision shall be made for such *payment* in cash, before the Holders of the Securities of any series are entitled to receive any *payment* on account of the principal amount, interest, or such other amounts as may be provided for in Section 3.01, if any, in respect of the Securities of such series; and

PHONES Indenture, at p. 63, § 14.02(3)(A) (emphasis added).

3.      Two points emerge from this provision.  First, Section 14.02 clearly contemplates that a "payment" is different from a "distribution of assets of the Company," because, not only are the two terms used in the disjunctive in Section 14.02(3)(B), but only the word "payment" is used in Section 14.02(3)(A).  If "payment" and "distribution" meant the same thing, then one of those terms would be superfluous and, as the PHONES Trustee itself states, "any interpretation that would render words superfluous or meaningless should be avoided."  PHONES Trustee Objection, at 12.

4.      Second, the phrase "assets of the Company" is *never* used to qualify the word "payment" when the word "payment" is used by itself, without the additional reference to a "distribution."  This point reinforces the presumptive application of the "rule of the last antecedent" to the phrase "payment or distribution of assets of the Company," because the

3

qualifier "of assets of the Company" never follows the word "payment" when it is used alone (as it occurs *three times* in Section 14.02(3)(A)). Instead, that qualifying phrase appears *only* when the word "distribution" is used and as a modifier to that term alone.

5. Section 14.02(3)(A) of the PHONES Indenture also demonstrates the fallacy of the PHONES Trustee's invoking of Sections 5.05 and 5.10 of the PHONES Indenture in an attempt to fabricate support for its position. *See* PHONES Trustee Objection, at 5-6, ¶¶ 8-10. The PHONES Trustee argues that these two sections "explicitly recognize the Indenture Trustee's right to pursue third-party recoveries to satisfy PHONES indebtedness." *Id*. at 5, ¶ 8. That statement may be true as far as it goes; but it begs the question of what the PHONES Trustee must do with the amounts so collected. That issue is governed by Section 5.06 of the PHONES Indenture, as qualified by Section 14.02(3)(A). Taken together, the effect of these provisions is that the PHONES Trustee may not make any payment to PHONES holders out of any amounts collected by the PHONES Trustee unless and until the Senior Indebtedness is paid in full.

6. Section 5.06 of the PHONES Indenture provides that, after paying any amounts due to the PHONES Trustee, the balance of any funds collected by the PHONES Trustee are to be applied "[t]o payment of the amounts then due and unpaid for principal of (and premium, if any) and interest on the Securities of such series in respect of which or for the benefit of which such money has been collected . . ." PHONES Indenture, at p. 32, ¶ 5.06. Section 14.02(3)(A), however, qualifies Section 5.06 by flatly *prohibiting* any such payment being made to PHONES holders under Section 5.06 unless and until the holders of Senior Indebtedness have "received payment in full of all amounts due or to become due on or in respect of all Senior Indebtedness, or provision shall be made for such payment in cash. . ." PHONES Indenture § 14.02(3)(A).

4

Section 14.02(3)(A) states broadly that the holders of Senior Indebtedness are entitled to payment in full or provision therefor "before the Holders of the Securities of any series are entitled to receive any payment on account of the principal amount, interest or such other amounts as may be provided for in Section 3.01, if any, in respect of the Securities of such series."  This statement is unqualified.  The PHONES Trustee cannot make any payment to the holders of PHONES out of moneys collected by the PHONES Trustee "on account of the principal amount, interest, or such other amounts as may be provided for in Section 3.01, if any, in respect of the [PHONES]" to which the PHONES might otherwise be entitled under the PHONES Indenture until all Senior Indebtedness is paid in full.

### ADDITIONAL RESPONSE TO OBJECTION OF EGI-TRB LLC ("EGI-TRB") ("EGI-TRB OBJECTION")[4]

7. The interposition of EGI-TRB Objection is truly mystifying because the Senior Trustee Reconsideration Motion seeks no relief against EGI-TRB nor does it seek any determination whatsoever with respect to the interpretation of the subordination provisions of the EGI-TRB Subordination Agreement (the "Subordination Agreement").  Indeed, it is hard to fathom how EGI-TRB has any standing to object to a reconsideration motion that is not directed at it or its Subordination Agreement.  In any event, it seems that the only purpose in filing the EGI-TRB Objection was an attempt to precondition the Court for litigation that will come later as to the meaning and scope of the Subordination Agreement.  In support of this effort, however, EGI-TRB has presented a selective reading of certain sections in the Subordination Agreement

---

[4] Objection to (1) Motion of Aurelius Capital Management, LP for Reconsideration of the Court's October 31, 2011 Decision As It Pertains to the Application of PHONES Notes Subordination; (2) Joint Motion of Law Debenture Trust Company of New York and Deutsche Bank Trust Company Americas Requesting Reconsideration of the Court's Confirmation Opinion with Respect to the Subordination of the PHONES: and (3) Joinders

that completely ignores other provisions that flatly prohibit EGI-TRB from seeking to collect or recover any payment in this chapter 11 case – whether out of avoidance action recoveries or otherwise – until the Senior Obligations are paid in full.

8. Brigade reserves the right to present all arguments in response and opposition to the arguments advanced in the EGI-TRB Objection, and any other arguments raised by EGI-TRB, when issues respecting the Subordination Agreement are properly brought before the Court.

---

by Brigade Capital management, LLC, Davidson Kempner Capital Management LLC, and Deutsche Bank Trust Company Americas [Docket No. 10365], filed by EGI-TRB.

557884v5

**WHEREFORE**, Brigade respectfully requests that the Court grant the Reconsideration Motion and enter an order, upon reconsideration of the Confirmation Opinion, (i) vacating that portion of the Confirmation Opinion providing that "causes of action that the Debtors' estates may assert under Chapter 5 of the Bankruptcy Code are not 'assets of the Company' subject to the PHONES' subordination provision;" (ii) amending the Confirmation Opinion to modify and supplement its conclusions of law to support the subordinated treatment of the claims held by holders of the PHONES with respect to all payments from the Litigation Trust; and (iii) granting such other further relief as may be required.

Dated: December 9, 2011  
      Wilmington, Delaware

Respectfully submitted

By:   /s/ Christopher D. Loizides  
Christopher D. Loizides (SBN 3968)  
LOIZIDES, P.A.  
1225 King Street, Suite 800  
Wilmington, DE 19801  
(302) 654-0248  
(302) 654-0728  
Email: loizides@loizides.com

and

STUTMAN TREISTER & GLATT  
Isaac M. Pachulski (CA SBN 62337)  
1901 Avenue of the Stars, #1200  
Los Angeles, CA 90067  
(310) 228-5600  
(310) 228-5788  
Email: ipachulski@stutman.com

Attorneys for Brigade Capital Management, LLC