```
              IN THE UNITED STATES BANKRUPTCY COURT
                FOR THE DISTRICT OF DELAWARE


IN RE:                        )    Case No. 08-13141 (KJC)
                              )    (Jointly Administered)
                              )
TRIBUNE COMPANY, et al.,      )    Chapter 11

                              )    Courtroom 5
                              )    824 Market Street
            Debtors.          )    Wilmington, Delaware
                              )
                              )    December 13, 2011
                              )    1:00 p.m.


                 TRANSCRIPT OF PROCEEDINGS
        BEFORE THE HONORABLE JUDGE KEVIN J. CAREY
             UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtors:                  Sidley Austin, LLP
                              BY: JAMES BENDERNAGEL, ESQ.
                              BY: JESSICA BOELTER, ESQ.
                              BY: JAMES CARLAN, ESQ.
                              BY: KEVIN LANTRY, ESQ.
                              One South Dearborn
                              Chicago, IL  60603
                              (312) 853-7000


                              Cole, Schotz, Meisel, Forman
                              & Leonard, P.A.
                              BY: NORMAN PERNICK, ESQ.
                              BY: KATE STICKLES, ESQ.
                              500 Delaware Avenue, Suite 410
                              Wilmington, DE  19801
                              (302) 652-3131


ECRO:                         AL LUGANO

Transcription Service:        DIAZ DATA SERVICES
                              331 Schuylkill Street
                              Harrisburg, Pennsylvania 17110
                              (717) 233-6664


Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

```
 1   APPEARANCES:
     (Continued)
 2
     For Great Banc:              Womble Carlyle
 3                                BY: THOMAS M. HORAN, ESQ.
                                  222 Delaware Avenue, Ste. 1501
 4                                Wilmington, DE  19801
                                  (302) 252-4339
 5
     For DBTCA:                   McCarter & English
 6                                BY: KATHARINE MAYER, ESQ.
                                  BY: DAVID ADLER, ESQ.
 7                                Renaissance Centre
                                  405 North King Street, 8th Floor
 8                                Wilmington, DE 19801
                                  (302) 984-6300
 9   For Wilmington Trust:        Brown Rudnick
                                  BY: MARTIN SIEGEL, ESQ.
10                                BY: GORDON NOVOD, ESQ.
                                  Seven Times Square
11                                New York, NY  10036
                                  (212) 209-4862
12
                                  Sullivan Hazeltine Allinson, LLC
13                                BY:  WILLIAM D. SULLIVAN, ESQ.
                                  901 North Market street, Ste. 1300
14                                Wilmington, DE  19801
                                  (302) 428-8195
15   For EGI-TRB:                 Jenner & Block
                                  BY: DAVID BRADFORD, ESQ.
16                                353 North Clark Street
                                  Chicago, IL  60654-3456
17                                (312) 923-2975

18                                Blank Rome
                                  BY: DAVID CARICKHOFF, ESQ.
19                                1201 Market Street, Ste. 800
                                  Wilmington, DE  19801
20                                (302) 425-6400

21   For Bridge Lenders:          Fox Rothschild
                                  BY: JEFFREY SCHLERF, ESQ.
22                                919 North Market St., Ste. 1300
                                  Wilmington, DE  19899-2323
                                  (302) 622-4212
23

24

25
```

```
 1   APPEARANCES:
     (Continued)
 2
     For Official Committee      Landis, Rath & Cobb
 3   of Unsecured Creditors:     BY: JAMES GREEN, JR., ESQ.
                                 BY: DAN RATH, ESQ.
 4                               919 Market Street, Suite 1800
                                 Wilmington, DE 19801
 5                               (302) 467-4400

 6                               Chadbourne & Parke, LLP
                                 BY: DAVID LEMAY, ESQ.
 7                               BY: ANDREW ROSENBLATT, ESQ.
                                 BY: HOWARD SEIFE, ESQ.
 8                               30 Rockefeller Plaza
                                 New York, NY 10112
 9                               (212) 408-5100

10                               Zuckerman Spaeder
                                 BY: JAMES SOTTILE, ESQ.
11                               BY: ANDREW GOLDFARB, ESQ.
                                 1800 M Street, NW
12                               Suite 1000
                                 Washington, DC 20036
13                               (202) 778-1800

14                               Moelis & Company
                                 BY: SANDHYA SISTLA, ESQ.
15                               399 Park Avenue, 5th Floor
                                 New York, NY  10022
16                               (212) 883-3800

17   For Credit Agreement
     Lenders:                    Dewey LeBoeuf
18                               BY: JAMES JOHNSTON, ESQ.
                                 333 South Grand Avenue, Ste. 2600
19                               Los Angeles, CA  90071-1530
                                 (213) 621-6030
20
     For Morgan Stanley:         Barnes & Thornburg
21                               BY: REBECCA WORKMAN, ESQ.
                                 BY: DAVID POWLEN, ESQ.
22                               1000 N. West Street
                                 Suite 1200
23                               Wilmington, DE 19801-1058
                                 (302) 888-0301
24

25
```

```
 1   APPEARANCES:
     (Continued)
 2
     For Aurelius Capital
 3   Management:                Akin Gump Strauss Hauer & Feld, LLP
                                BY: DAVID ZENSKY, ESQ.
                                BY: DANIEL GOLDEN, ESQ.
 4                              One Bryant Park
                                New York, NY  10036-6745
 5                              (212) 872-1000

 6                              Ashby & Geddes
                                BY: AMANDA WINFREE, ESQ.
 7                              500 Delaware Avenue
                                Wilmington, DE  19899
 8                              (302) 654-1888

 9   For JP Morgan Chase:       Davis Polk
                                BY: PETER KIM, ESQ.
10                              BY: DAMIEN SCHAIBLE, ESQ.
                                459 Lexington Avenue
11                              New York, NY  10017
                                (212) 450-4092
12
                                Richards Layton & Finger
13                              BY: DREW SLOAN, ESQ.
                                One Rodney Square
14                              920 North King Street
                                Wilmington, DE  19801
15                              (302) 651-7700

16   For Law Debenture:         Kasowitz Benson Torres & Friedman,
                                LLP
17                              BY: DAVID ROSNER, ESQ.
                                1633 Broadway
18                              New York, NY  10019
                                (212) 506-1969
19
                                Bifferato Gentilotti
20                              BY: GARVAN MCDANIEL, ESQ.
                                800 North King Street, Plaza Level
21                              Wilmington, DE  19801
                                (302) 429-1200
22   Various Defendants
     In the Fraudulant
23   Transfer Actors:           Millbank Tweed Hadley & McCloy, LLP
                                BY: ALAN J. STONE, ESQ.
24                              One Chase Manhattan Plaza
                                New York, NY  10005
25                              (212) 530-5285
```

```
 1   APPEARANCES:
     (Continued)
 2
     For Merrill Lynch:        Potter Anderson Corroon, LLP
 3                             BY: LAURIE SELBER SILVERSTEIN, ESQ.
                               Hercules Plaza
 4                             1313 North Market Street, 6th Floor
                               Wilmington, DE  19801
 5                             (302) 984-6033

 6   For BMO Harris Bank:      Klehr Harrison Harvey Branzburg LLP
                               BY: RICHARD M. BECK, ESQ.
 7                             1835 Market Street, Ste. 1400
                               Philadelphia, PA  19103
 8                             (215) 569-2299

 9   For Wells Fargo:          Morris Nichols Arsht & Tunnell, LLC
                               BY: CHAD A. FIGHTS, ESQ.
10                             BY: ALBERT CARROLL, ESQ.
                               1201 North Market Street, 18th Fl.
11                             Wilmington, DE  19899-1347
                               (302) 351-9461
12
     For Randy Michaels:       SNR Denton US, LLP
13                             BY: THOMAS A. LABUDA, JR., ESQ.
                               233 South Wacker Drive, Ste. 7800
14                             Chicago, IL  60606-6404
                               (312) 876-8919
15
     For Channing Capital
16   Management:               Polsinelli Shughart
                               BY: JUSTIN K. EDELSON, ESQ.
17                             222 Delaware Ave., Ste. 1101
                               Wilmington, De  19801
18                             (3020 252-0925

19

20
     TELEPHONIC APPEARANCES:
21
     For Credit Agreement
22   Lenders:                  Angelo Gordon & Co., LP
                               BY: GAVIN BIERA, ESQ.
23                             (212) 692-0217
     TELEPHONIC APPEARANCES:
24   (Continued)

25   Official Committee of
```

```
 1   Unsecured Creditors:        Chadbourne & Parke, LLP
                                 BY: MARC D. ASHLEY, ESQ.
 2                               BY: DOUGLAS DEUTSCH, ESQ.
                                 BY: THOMAS MCCORMACK, ESQ.
 3                               (212) 408-5100

 4                               Zuckerman Spaeder, LLP
                                 BY: GRAEME BUSH, ESQ.
 5                               BY: ANDREW CARIDAS, ESQ.
                                 BY: ANDREW GOLDFARB, ESQ.
 6                               (202) 778-1800

 7   For Eric Bilmes:           HBK Capital Management
                                 BY: ERIC BILMES
 8                               (2120 588-5115

 9   For Kramer Levin:          Kramer Levin Naftalis & Frankel,
                                 LLP
10                               BY: DAVID E. BLABEY, JR., ESQ.
                                 (212) 715-9100
11
     For Davidson Kempner:      Schulte Roth & Zabel, LLP
12                               BY: KAREN S. PARK, ESQ.
                                 (212) 756-2036
13
                                 DK Partners
14                               BY: EPHRAIM DIAMOND, ESQ.
                                 (646) 282-5841
15
     For Goldman Sachs
16   & Company:                 Goldman Sachs & Company
                                 BY: LEXI FALLON, ESQ.
17                               BY: SCOTT BYNUM, ESQ.
                                 (212) 902-8060
18
     TELEPHONIC APPEARANCES:
19   (Continued)

20   For Interested Party:      Jefferies & Company
                                 BY: JUSTIN BRASS, ESQ.
21                               (203) 708-5847

22   For Defendants (former
     Directors & Officers):     Grippo & Elden, LLC
23                               BY: GEORGE DOUGHERTY, ESQ.
                                 (312) 704-7700
24

25
```

```
 1   TELEPHONIC APPEARANCES:
     (Continued)
 2
     For Debtor, Tribune:        Sidley Austin
 3                               BY: JESSICA BOELTER, ESQ.
                                 BY: DAVID MILES, ESQ.
 4                               BY: ALLISON E. ROSS STROMBERG, ESQ.
                                 BY: BRIAN KRAKAUER, ESQ.
 5                               BY: BRETT MYRICK, ESQ.
                                 BY: JILLIAN LUDWIG, ESQ.
 6                               JONATHAN D. LOTSOFF, ESQ.
                                 (312) 853-7030
 7
                                 Tribune
 8                               BY: DAVE ELDERSVELD
                                 (312) 222-4707
 9                               BY: MICHAEL D. ONEAL
                                 (312) 222-3490
10                               BY: DON LIEBENTRITT
                                 (312) 222-3651
11                               BY: GARY WEITMAN
                                 (312) 222-3394
12
                                 Alix Partners, LLC
13                               BY: LAURA J. EISELE, ESQ.
                                 (248) 204-0675
14
                                 McDermott Will & Emery
15                               BY: GREGORY A. KOPACZ, ESQ.
                                 (212) 547-5400
16

17   For Bank of America:        O'Melveny & Myers (NY Office)
                                 BY: DANIEL CANTOR, ESQ.
18                               BY: EVAN JONES, ESQ.
                                 BY: DANIEL S. SHAMAH, ESQ.
19                               (212) 326-2000

20                               Bank of America
                                 BY: ESTER CHUNG, ESQ.
21                               (646) 855-6705

22   For Arrowgrass Capital
     Partners, US LP:            Arrowgrass Capital Partners US LP
23                               BY: DAVID DUNN, ESQ.
                                 (212) 584-5946
24

25
```

```
 1  TELEPHONIC APPEARANCES:
    (Continued)
 2
    For Defendants, Employees
 3  Compensation Defendant's
    Group:                      Frank Gecker, LLP
 4                              BY: JOSEPH FRANK, ESQ.
                                BY: REED HEILIGMAN, ESQ.
 5                              (312) 276-1400, EXT. 1432
    For Aurelius Capital
 6  Management:                 Friedman Kaplan Seiler & Adelman
                                BY: GREGORY W. FOX, ESQ.
 7                              (212) 833-1177

 8                              Aurelius Capital Management, LP
                                BY: MATTHEW A. ZLOTO
 9                              (646) 445-6518

10                              Akin Gump Strauss Hauer & Feld, LLP
                                BY: JASON SUNSHINE, ESQ.
11                              (212) 872-7469

12  For Matthew Frank:          Alvarez & Marsal, LLC
                                BY: MATTHEW FRANK
13                              (312) 371-9955

14  For Wells Fargo:            White & Case
                                BY: SCOTT GREISSMAN, ESQ.
15                              (212) 819-8567

16                              Proskauer Rose
                                BY: DAVID MORDKOFF, ESQ.
17                              (212) 969-3831

18  For Chicago Fundamental
    Investment:                 Chicago Fundamental Investment
19                              BY: PETER GRUSZKA, ESQ.
                                (312) 416-4215
20
    For Interested Party:       Patterson Belknap Webb & Tyler
21                              BY: GRIAN GUINEY, ESQ.
                                (212) 336-2305
22
    For USB Securities:         USB Securities, LLC
23                              BY: CARRAS HOLMSTEAD, ESQ.
                                (203) 719-1425
24
    For Anna Kalenchits:        BY: ANNA KALENCHITS
25                              (212) 723-1808
```

```
 1   TELEPHONIC APPEARANCES:
     (Continued)
 2
     For Barclays:            Latham & Watkins, LLP
 3                            BY: DAVID HAMMERMAN, ESQ.
                              BY: ROBERT ROSENBERG, ESQ.
 4                            (212) 906-1200

 5                            Barclays Capital, Inc.
                              BY: OLIVIA MAURO, ESQ.
 6                            (212) 412-6773

 7                            Mayer Brown, LLP
                              BY: AMIT K. TREHAN, ESQ.
 8                            (212) 506-2500

 9   For Onex Credit
     Partners:                Onex Credit Partners
10                            BY: STUART KOVENSKY, ESQ.
                              (201) 541-2121
11
     For JP Morgan Chase:     Davis Polk Wardwell, LLP
12                            BY: PETER KIM, ESQ.
                              (212) 450-3028
13
                              JP Morgan Chase
14                            BY: SHACHAR MINKOVE, ESQ.
                              (212) 834-7174
15
     For Oaktree Capital
16   Management:              Dewey & LeBoeuf, LLP
                              BY: BRUCE BENNETT, ESQ.
17                            (213) 621-6021

18
     For Morgan Stanley:      Weil Gotshal & Manges, LLP
19                            BY: ANDREA SAAVEDRA, ESQ.
                              (212) 310-8544
20                            BY: MICHAEL F. WALSH, ESQ.
                              (212) 310-8197
21
     For Brigade Capital
22   Management:              Brigade Capital Management
                              BY: GRANT NACHMAN, ESQ.
23                            (212) 745-9781

24   For Bigalow:             Sperling & Slater
                              BY: GWEN NOLAN, ESQ.
25                            (312) 641-3200
```

```
 1  TELEPHONIC APPEARANCES:
    (Continued)
 2
    For Merrill Lynch
 3  Capital Corporation:        Kaye Scholer, LLP
                                BY: JANE PARVER, ESQ.
 4                              (212) 836-8510
                                BY: MADLYN G. PRIMOFF, ESQ.
 5                              (212) 836-7042
    For Citigroup:              Paul Weiss Rifkind Wharton &
 6                              Garrison, LLP
                                BY: SHANNON PENNOCK, ESQ.
 7                              (212) 373-3000

 8  For Majestic Realty
    Co. & Yorba Park Sub:       Reimann Law Group
 9                              BY: DAVID W. REIMANN, ESQ.
                                (302) 414-3000
10
    For Canyon Partners:        Canyon Partners
11                              BY: CHANEY M. SHEFFIELD, ESQ.
                                (310) 272-1062
12
    For Robert R. McCormick
13  Foundation & Cantigny
    Foundation:                 Katten Muchin Rosenman, LLP
14                              BY: JOHN SIEGER, ESQ.
                                (312) 902-5294
15
    For The Seaport Group:      Seaport Group
16                              BY: KENNETH SMALLEY, ESQ.
                                (212) 616-7763
17
    For Citi:                   CITI
18                              BY: REBECCA SONG, ESQ.
                                (212) 559-9933
19
    For Interested Party:       Miller Tabak Roberts Securities,
20                              LLC
                                BY: ANDREW M. THAU, ESQ.
21                              (212) 692-5178

22  For Contrarian Capital
    Management:                 Contrarian Capital Management
23                              BY: JOSHUA TRUMP, ESQ.
                                (203) 862-8299
24

25
```

```
 1   TELEPHONIC APPEARANCES:
     (Continued)
 2
     For EGI-TRB, LLC:          Jenner & Block
 3                              BY: ANDREW VAIL, ESQ.
                                (312) 810-8688
 4
     For Stark Entities:        Quarles & Brady, LLP
 5                              BY: ERIC VANSCHYNDLE, ESQ.
                                (414) 277-5155
 6
     For Ernst & Young, LLP:    Alston & Bird, LLP
 7                              BY: JOHN WEISS, ESQ.
                                (212) 210-9412
 8
     For Cooperstown Capital
 9   Management:                Cooperstown Capital Management
                                BY: PETER COURI, ESQ.
10                              (203) 552-6900

11   For Mercer US:             Freeborn & Peters, LLP
                                BY: DEVON J. EGGERT, ESQ.
12                              (312) 360-6378

13   For Halcyon Asset
     Management:                Halcyon Asset Management
14                              BY: IGOR FUKS, ESQ.
                                (212) 303-9453
15
     For Law Debenture Trust
16   Company:                   Kasowitz Benson Torres & Friedman
                                BY: SHERON KORPUS, ESQ.
17                              (212-506-1700

18   For Royal Bank of
     Scotland:                  Cadwalder Wickersham and Taft
19                              BY: MICHELLE MAMAN, ESQ.
                                (212) 504-6000
20
     For New York State
21   Common Retirement Fund
     & Great Banc:              Morgan Lewis & Bockius, LLP
22                              BY: RACHEL MAUCERI, ESQ.
                                BY: MENACHEM O. ZELMANOVITZ, ESQ.
23                              (212) 309-6000

24   For Bingham McCutchen:     Bingham McCutchen, LLP
                                BY: AINSLEY G. MOLONEY, ESQ.
25                              (617)951-8873
```

```
 1   TELEPHONIC APPEARANCES:
     (Continued)
 2
     For Willkie Farr &
 3   Gallagher:              Willkie Farr & Gallagher, LLP
                             BY: ANDREW SORKIN, ESQ.
 4                           (212) 728-9818

 5   FOR Maglan Capital:     Maglan Capital
                             BY: DAVID D. TAWIL, ESQ.
 6                           (212)300-6791

 7   For Fee Examiner:       Stuart Maue
                             BY: JOHN THEIL, ESQ.
 8                           (314) 291-3030

 9   For Paul Hastings:      Paul Hastings, LLP
                             BY: KATHERINE A. TRAXLER, ESQ.
10                           (213) 683-6170

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1  WILMINGTON, DELAWARE, TUESDAY, DECEMBER 12, 2011 1:21 P.M.

2           THE COURT:  Good afternoon, everyone.

3           ALL:  Good afternoon, Your Honor.

4       MR. PERNICK:  Good afternoon, Your Honor.  Norman

5  Pernick, from Cole Schotz on behalf of the debtor, Tribune

6  Company.

7           Your Honor, I'll run through the agenda quickly,

8  just to make sure that we're in sync with the Court's

9  records.  I have, as continued to January 11, number one,

10  which is the InsertCo and 57-11 49th Place, excuse me,

11  settlement; and number two, the objection the Shuttle

12  Printing proof of claim.  And then, as I know the Court and

13  everybody in the courtroom are aware, but scheduled for

14  tomorrow, originally scheduled for today, number three, Law

15  Debenture's motion for reconsideration; number four,

16  Aurelius' motion for reconsideration; and number five, the

17  noteholder plan proponents motion for reconsideration.

18           THE COURT:  Is that tomorrow?

19  (Laughter)

20       MR. PERNICK:  Continued, Your Honor, to an open

21  date, number six, the debtors' solicitation procedures

22  motion.  And then, Your Honor was kind enough to enter

23  orders on number seven, the 49th omnibus objection; number

24  eight, SNR Denton's fee application; number nine, SNR

25  Denton's retention application; and number fourteen, fee

1   applications for the sixth interim period.  And there was a

2   CNO filed for number ten.  I assume the Court has a question

3   on that.

4            THE COURT:  I don't.  And I did read the

5   submission.  I don't have any questions, but I thought I

6   would just hold it until today and ask if anyone wanted to

7   be heard in connection with that matter.

8            MR. PERNICK:  Okay.

9   (No audible response)

10           THE COURT:  I hear no response.  All right.  I'm

11  prepared to approve the agreement.  Do you have a form of

12  order for me?

13           MR. PERNICK:  Yes, Your Honor.  I have it in the

14  notebook.  I'll grab it when I get done, and I'll --

15           THE COURT:  All right.  Thank you.

16           MR. PERNICK:  -- hand it up.  That leaves item

17  number 11, which was the committee's motion for authority to

18  address and send service to foreign defendants on behalf of

19  the clerk; number 12, the committee's omnibus motion to

20  compel production of documents; and number 13, the hearing

21  on the written submissions with respect to scheduling of

22  confirmation-related proceedings and the process for

23  resolution of the allocation disputes.  And with the Court's

24  permission, I think the parties' suggestion is that we take

25  number 13 first, and then we can move to 11 and 12 after

1  that.

2          THE COURT:  Okay.

3          MR. CONLAN:  Your Honor, good afternoon.  Jim

4  Conlan on behalf of the debtors.

5          Your Honor, the briefs were long -- very long.

6  I'm going to go short.  The main focus of the DCL plan

7  proponents is to get the confirmation show on the road as

8  well as the allocation disputes.  We don't see any reason

9  for delay.  And to do so in a way that avoids any approach

10  that could bog down the exit from bankruptcy.  We think the

11  dual-track approach is the answer.  And again, we've

12  described, over many, many pages, why.  And I'm not going to

13  repeat those arguments here.

14          In summary, and I do mean in summary, a dual-

15  track approach, one track being the allocation disputes; the

16  other track being the plan confirmation process, avoids what

17  we would describe as uncertainty.  One uncertainty is scope.

18  Until the briefs are filed, we really don't know the scope

19  of legal and factual issues that will underpin the

20  allocation disputes.

21          Two, we really don't know how long it'll take to

22  resolve the allocation disputes.  There's discovery.  When

23  discovery is over, we don't know how many parties will file

24  briefs, how many parties will want a turn at this podium, so

25  until we are beyond the filing of pleadings and beyond

1   discovery, it's really impossible to predict how long

2   allocation dispute litigation will take.

3         And finally, the Court's calendar.  Other matters

4   will be brought before this Court, other cases will be

5   filed, and we don't know whether there'll be bench rulings

6   or written opinions on the allocation disputes.  And perhaps

7   the most important, from a practical standpoint, is that

8   confirmation, while we hope it will be a rapid process, will

9   take some time.  It'll take some time, we expect, for Your

10  Honor to write a confirmation decision.  And once the plan

11  is confirmed -- we hope it will be -- it will take time for

12  the FCC to consider our application to approve and give us

13  the waivers that we need.  All of that provides time

14  buffers, if you will, for the resolution of the allocation

15  disputes.  That's why we think the two-track approach is a

16  better track than the single-track approach.

17        With that said, I'll end the way I started.  The

18  main focus of the DCL plan proponents is not to be

19  excessively aggressive, but rather to get the confirmation

20  show on the road, to get the allocation dispute show on the

21  road, and to avoid an approach or a process that could bog

22  down the exit from bankruptcy, and we think the dual-track

23  approach does that.  That's all I have.

24        THE COURT:  Thank you.  I'll hear from others.

25  Shall we do it in the order in which the pleadings are

1   listed on the agenda?   EGI-TRB?

2          MR. BRADFORD:   Thank you, Your Honor.   Your

3   Honor, David Bradford, Jenner & Block for EGI-TRB.

4          As we indicated in our briefs, we're amenable to

5   resolving these issues on any schedule that works for the

6   Court and works for the other parties, but we believe the

7   resolution needs to be consistent with the requirements of

8   Rule 7001(8), which expressly provides that subordination be

9   decided in connection with an adversary complaint except

10   where it's provided for by a plan.   A plan has been proposed

11   that provides for subordination, but there is no plan that

12   has been approved that provides for subordination.

13          And what 7001(8) contemplates is either the issue

14   of subordination is decided as part of the confirmation

15   hearing or in an adversary complaint.   That's precisely what

16   the debtors themselves or the DCL proponents themselves

17   recognized when they proposed in their plan that the

18   allocation dispute shall be resolved as part of the

19   confirmation of the plan.

20          And specifically, in Exhibit 5.18, Section 1.2 of

21   the plan, the DCL proponents provided that the Bankruptcy

22   Court shall adjudicate any of the allocation dispute in

23   connection with confirmation of the plan.   And the

24   confirmation order therefore provides for an adjustment.

25          So that was the proposal that the debtors made.

1    They did that to comply with 7001(8), and that protects the

2    parties to the dispute from anyone coming along at a later

3    date and saying this order does not have preclusive of fact.

4         We're happy to start the confirmation hearings in

5    February.  We believe the dispute resolution process could

6    be deemed part of the confirmation hearings and begin in

7    February, but we believe the order that the Court enters,

8    resolving the subordination issues, should be part of the

9    confirmation order, so it cannot be collaterally attacked

10   and somebody who's unhappy with it -- and that could be us

11   or it could be somebody else -- doesn't get a second bite at

12   the apple when we get to the confirmation hearing.

13         Thank you, Your Honor.

14         THE COURT:  Thank you.  Aurelius.

15         MR. GOLDEN:  Thank you, Your Honor.  Daniel

16   Golden, Akin Gump Strauss Hauer & Feld, counsel for Aurelius

17   Capital Management.

18         Your Honor, we are here to discuss the competing

19   schedules put forth on the one hand by the DCL plan

20   proponents and on the other by Aurelius and as endorsed by

21   the indentured trustees for the senior notes and the PHONES

22   with respect to two specific processes.  First, the

23   allocation dispute resolution process, and secondly, the

24   confirmation process.

25         But more importantly, and as outlined by Mr.

1  Conlan, we're here to determine whether the resolution of

2  the allocation dispute process should proceed the

3  confirmation process, as advocated by Aurelius and the

4  indenture trustees, or should these processes run in tandem,

5  as requested and as suggested by the debtors.

6          Your Honor, as we argue about this, or as I argue

7  about this, I'd like to hand up to the Court and to the

8  other parties in interest, the -- a revision that Aurelius

9  has made to the confirmation schedule, and I'll explain why

10  the -- I think they're relatively straightforward.  May I

11  approach, Your Honor?

12          THE COURT:  You may.  Thank you.

13          MR. GOLDEN:  Your Honor, I am going to talk about

14  this schedule in a little bit further detail in a couple of

15  minutes, but the one thing I do want the Court and the other

16  parties to note, that Aurelius, based upon certain of the

17  commentary received from the DCL's responsive brief, have

18  adjusted their confirmation schedule.  So if you look at the

19  bottom half, you see that the DCL schedule contemplates the

20  confirmation hearing on the week of March 12.  The revised

21  Aurelius schedule contemplates the confirmation hearing

22  happening on the week of April 16, which is just a matter of

23  slightly over a month.  So in large respects, that's what

24  we're arguing about, the period of slightly over a month.

25          We think, in trying to get to the right answer

1    here, it's important to acknowledge where the differences

2    are between the two parties and where -- or the two main

3    protagonists, and where those -- there are no differences.

4            So first, I'd like to point out, Your Honor, two

5    assertions made by the DCLs in their submissions for today's

6    hearing, which we believe weigh heavily or in -- and should

7    weigh heavily in favor of Aurelius' approach that the

8    allocation disputes should be resolved prior to the

9    commencement of the solicitation process.

10           First, at page five of the DCL response, they

11   state, and I quote:

12       "As suggested by the Court and incorporated into

13       the DCL plan proponents' proposed timeline, the

14       Court already will have ruled on the motions for

15       reconsideration prior to solicitation and the

16       confirmation process moving forward.  Depending on

17       how the Court rules, certain of the most

18       economically significant allocation disputes may no

19       longer be an issue."

20           And similarly, at the next page, on page six of

21   the DCL response, they state:

22       "It is highly unlikely that any of the allocation

23       disputes will remain unresolved as of the time the

24       DCL plan proponents have proposed for the voting

25       deadline and plan confirmation."

1           Now, you've heard Mr. Conlan say something

2    slightly different this morning -- or this afternoon.  He

3    says it's impossible for the debtors to predict both the

4    scope and the timing of the resolution of the allocation

5    disputes.  We don't believe that's so.  We believe that

6    those disputes are relatively straightforward, involve

7    little factual or evidentiary requirements, and can be and

8    will be resolved relatively quickly.  The DCL plan

9    proponents acknowledge this much in the quotes I just read

10   to the Court.

11           And while Aurelius certainly understands and

12   appreciates both the DCL's -- and the Court's, frankly --

13   intense desire for this company to emerge from Chapter 11,

14   we believe that asking the parties to wait a little over a

15   month is certainly appropriate, when weighed against the

16   prejudice that will be felt by the senior noteholders, the

17   PHONES noteholders, and the other parent company creditors

18   if they are being forced to make plan elections and go

19   forward on the confirmation process before it is

20   definitively and ultimately determined the outcome of the

21   allocation disputes.

22           In contrast, Your Honor, you've heard the DCLs

23   talk a lot about what sounds like a benign, dual-track

24   approach, so that the allocation dispute process will run in

25   tandem with the confirmation process, but -- and this is an

1  essentially large 'but' -- the debtors, the creditors

2  committee, the senior lenders have absolutely refused to

3  adjust the effective date of this plan at all, to the extent

4  that the allocation disputes are not previously resolved.

5  And that will cause the protocol reserve concept to go into

6  effect, and we will talk about the reserve in a couple of

7  minutes.  We simply believe that, given the time involved,

8  given the process that can be and should be followed with

9  respect to resolving the allocation disputes, and both sides

10  don't really disagree about the length of time it will take,

11  or it should take, to resolve the allocation disputes, that

12  it'd simply be unfair and unwarranted to force the senior

13  lenders, the PHONES lenders, and frankly, the other parent

14  creditors, but they will speak for themselves, to go forward

15  on a process until they know the outcome of those allocation

16  disputes.

17            THE COURT:  Isn't this issue -- well, at least in

18  one respect, Mr. Golden -- and I don't expect to get much of

19  an admission from you about this, but --

20  (Laughter)

21            THE COURT:  -- I'll ask the question anyway --

22            MR. GOLDEN:  Is that in general or in --

23  (Laughter)

24            THE COURT:  Isn't this really, at least on

25  Aurelius' and its allies' part, a quest to win back the

1    hearts and minds of the senior noteholders, who ended up on

2    the wrong side of the plan dispute, and that's where the

3    alleged disadvantage would lie, really?

4              MR. GOLDEN:  No, absolutely not, Your Honor.

5              THE COURT:  Okay.

6              MR. GOLDEN:  And I'll tell you why, so it's not

7    that I'm unwilling to make an admission.  I just don't think

8    an admission is appropriate here.  I fully respect that the

9    senior noteholder vote is not really going to change that

10   much.

11             THE COURT:  I have that same suspicion.

12             MR. GOLDEN:  Okay.  And I -- the reason I believe

13   that, but it's pure speculation on my part, is the fact that

14   there were, in terms of number of voters, not dollar amount,

15   because as Your Honor clearly remembers, the totality -- the

16   overwhelming majority of the dollar amount voted against --

17   of senior noteholders voted against the DCL plan.  We

18   believe, but can't prove, because -- and I don't want to

19   hearken back to the disclosure statement -- that money of

20   the senior noteholders that actually voted in favor of the

21   DCL plan were likely to be held by the senior lenders.  Now,

22   we tried to inquire into that.  We were not able to, so it's

23   pure speculation on my part.

24             THE COURT:  Well, I was also --

25             MR. GOLDEN:  But having said that --

1          THE COURT:  I was also curious about what trading

2   activity might've taken place after the confirmation

3   decision, and that I don't want you to tell me about.

4          MR. GOLDEN:  I -- and I don't.  I would only

5   know, with respect to a limited universe.  So no, Your

6   Honor, I'm not sure that this whole exercise is geared --

7   oh, I -- let me strike that.  I am sure that this exercise

8   and the request by Aurelius and its allies, so to speak, is

9   not geared to changing the vote of the senior notes.  It is

10  to put the parties who are going to revote under the DCL

11  plan -- the senior noteholders, the PHONES noteholders, EGI-

12  TRB, and the other parent creditors -- to put them in an

13  informed position to make informed decisions when they are

14  being required to vote under the DCL's schedule.  And so, if

15  I can, Your Honor, for a few minutes, just talk about some

16  of the implications that will arise, if in fact, the

17  noteholders, the PHONES noteholders, the other parent

18  creditors and EGI are forced to start casting votes, in the

19  absence of knowing the outcome of the allocation disputes.

20          Just before I do that, Your Honor, I do want to

21  review for the Court, so that there's no misapprehension,

22  and I think it will inform the Court's decision, exactly

23  what we are talking about in terms of the allocation

24  disputes.  We've heard that expression a lot.  They are

25  listed, in one form or another, in the DCL plan and its

1    appendix, in the pleadings that have been filed, but I would

2    just like to summarize them, for the benefit of the Court.

3              First, whether other parent company claims,

4    consisting of the retirees, the swap, and the Tribune

5    general unsecured creditors constitute either senior

6    indebtedness, as defined in the PHONES indenture, or senior

7    obligations, as defined in the EGI-TRB note and

8    subordination agreement, thereby entitling such other parent

9    claims to the benefit of these subordination provisions with

10   respect to both natural recoveries and settlement

11   consideration.  And you heard a lot about that dispute in

12   connection with the confirmation hearing.  We'll come back

13   to that.

14             Number two, whether the consideration provided by

15   the senior lenders, the bridge lenders, the settling step

16   two payees in respect of the settlement is or is not subject

17   to the subordination provisions of the PHONES note indenture

18   and the EGI-TRB note and subordination agreement.

19             Three, whether the distributions from the

20   litigation trust are or are not subject to the subordination

21   provisions of the PHONES note indenture and the EGI-TRB

22   note, and that, Your Honor, is the subject matter of

23   tomorrow's -- one of tomorrow's reconsideration motions.

24             Four, whether the beneficiaries of the

25   subordination provisions of the PHONES notes and the EGI

1  notes are entitled to receive post-petition interest prior

2  to the holders of PHONES notes and EGI notes receiving any

3  payment in respect of their claims.

4          Five, the allowed amount of the PHONES notes.

5  You've heard the high-low amount.

6          And finally, whether the PHONES notes are senior

7  in right in payment to the EGI-TRB notes or vice versa.

8          So, getting to the implications, Your Honor,

9  first I want to talk a little bit about the parent

10 settlement consideration.  Your Honor, we believe -- and I

11 don't think the Court necessarily disagrees -- that it is

12 axiomatic that, just like any other distribution made

13 pursuant to a plan, the settlement consideration payable

14 under the LBO settlement, which obviously is the cornerstone

15 of the DCL plan, must flow through the debtors waterfall,

16 consistent with creditors receiving relative priorities --

17 so as to ensure creditors will receive relative priorities

18 as to one another.  And every single allocation dispute,

19 either directly or indirectly, implicates how this

20 settlement consideration should flow, ultimately, through

21 the DCL plan.  Thus, every allocation dispute must be

22 resolved prior to plan solicitation in order to allow the

23 re-voting creditors, the other parent company claims, the

24 senior noteholders, the PHONES, and EGI, to be able to

25 determine, at the time when they're voting, who ultimately,

1  as between those four classes of creditors, will get what

2  portion of the settlement consideration and when.

3              THE COURT:  Well, let me ask you this.

4              MR. GOLDEN:  Sure.

5              THE COURT:  Just -- apart from the eggs that I

6  scrambled in the confirmation opinion or which I may

7  unscramble in connection with the motions for

8  reconsideration --

9              MR. GOLDEN:  Yes.

10             THE COURT:  -- why are those who are entitled to

11 vote on this round any worse off than they were the first

12 time around with these issues unresolved?

13             MR. GOLDEN:  Because the first time when they

14 voted, there were no disputes regarding the allocation --

15 the subject matter of the allocation disputes.  When senior

16 noteholders voted yes or no on the DCL plan, they knew what

17 their baseline recovery is.  When they're voting now, they

18 are being asked to vote into a black hole.  They don't know

19 whether they're going to get 36 percent or 19 percent, so we

20 think it's dramatically different, given the fact that these

21 allocations, disputes have arisen.

22             One of the ironic consequences of not resolving

23 the allocation disputes before voting, and certainly at

24 least before the effective date, is that the LBO lenders,

25 they won't be affected at all.  They'll get their full,

1    initial payment upon the effective date.  But the pre-LBO

2    lenders, the parties for whose benefit the settlement was

3    allegedly made, they're not going to get the full benefit of

4    their bargain.  They're not going to get the full benefit of

5    the settlement, and it's -- it remains to be seen, because

6    of the debtors' steadfast refusal to condition the effective

7    date, or the plan going effective, without necessarily

8    resolving the allocation disputes, those "beneficiaries of

9    the settlement" may be in a position where they won't know

10   for months, if not longer, when and if what portion of the

11   settlement consideration they are entitled to get.  We think

12   that's simply unfair, and frankly, doesn't really make it

13   much of a settlement.

14          Your Honor, the debtors respond to this criticism

15   by saying that the supplemental disclosure statement sets

16   forth a range of what could happen both best and worst and

17   also describes, with some fair amount of narrative, the

18   Court's ruling on the allocation disputes and how that may

19   impact the affected creditors.  They also say that, how can

20   Aurelius complain about this situation when, in fact, the

21   noteholder plan was built upon a reserve concept?  Your

22   Honor, the fact remains that unless and until the allocation

23   disputes are resolved, no re-voting class of creditors will

24   actually know what percentage recovery they will receive on

25   their claim at the time they are required to vote.  Don't

1  think that's fair, especially when, if you allow the process

2  to play out for no  more than a month, those disputes will

3  be resolved and creditors will be entitled to make informed

4  decisions -- or will be able to make informed decisions at

5  the time of the vote.

6          Moreover, frankly, Your Honor, I think it's just

7  silly to try and compare the noteholder reserve structure --

8  the noteholder plan reserve structure to the reserve

9  contemplated on the DCL plan.  As Your Honor knows, all too

10  well, the purpose of the noteholder plan was -- reserve was

11  two-fold.  One, to allow the estate to fully litigate the

12  LBO-related causes of action and not settle them in a manner

13  that we thought inappropriate.  And two, to likewise

14  adjudicate the allowance of the LBO claims, all in a way

15  that could occur post-confirmation, because it was not the

16  noteholder plan proponents attempt to keep the company in

17  bankruptcy any longer than it needed to, so that we created

18  this massive reserve to allow the company to emerge from

19  Chapter 11, but at the same time keep the litigation alive;

20  two very different concepts regarding the reserves.

21          Your Honor, let me talk about the DCL proposed

22  reserve.  As set forth in the DCL plan, the debtors, in

23  their sole discretion, will establish a reserve equal to the

24  value of the Article 3 distributions to be provided to the

25  holders of senior notes and other parent claims less the

1   aggregate amount of consideration by which such holders'

2   recoveries will be reduced if all the allocation disputes

3   are resolved in a manner adverse to them.  And the protocol

4   for the reserve further provides that the reserve will be --

5   will consist of cash, new debt, and new stock, to reflect

6   the treatment elections to be made by the senior noteholders

7   and the other parent creditors, so that presumably, no

8   matter how those parties elect it, at the end of the day,

9   when the resolution of the allocation disputes are made,

10  they'll be able to get their promised consideration.

11          One glaring problem with the reserve, that I will

12  point out to the Court, the DCL plan does not contemplate

13  that either the PHONES noteholders or the EGI-TRB noteholder

14  gets to make an election, even though, under their reserve

15  protocol, it may well -- it could turn out that the PHONES

16  noteholders and the EGI-TRB noteholder are entitled to get

17  ultimate plan distributions, but they're going to ignore

18  that fact and not elect -- and not allow the PHONES or the

19  EGI noteholders to make elections.  I think we'll see, very

20  quickly, why the debtors and the other DCL plan proponents

21  have elected not to allow the PHONES noteholders and EGI to

22  make an election.

23          As we pointed out at page 11 of our response, if,

24  in fact, the PHONES noteholders were given a right to make

25  elections and EGI was given the right to make an election,

1  the $215 million reserve amount, which the debtors say is

2  the maximum amount that they will need to reserve, is

3  probably off by a very significant amount.  And Your Honor,

4  I would just like to approach and hand to the Court a

5  reproduction of the chart we had at page 11 of the chart --

6  of the response.

7            THE COURT:  Okay.

8            MR. GOLDEN:  And Your Honor, I've been corrected.

9  It's page 11 of our opening brief, not our response.

10           THE COURT:  Thank you.

11           MR. GOLDEN:  The assumptions are quite

12  straightforward.  This presumes that either the senior

13  noteholders and the other parent creditors are entitled to

14  get the $215 million if all the resolution of the allocation

15  disputes go in their favor, or alternatively, the PHONES

16  noteholders and the EGI is entitled to receive the $215

17  million if all the allocation disputes are resolved in their

18  favor.  You see, at the bottom -- or in the middle, Your

19  Honor, that the -- this chart assumes that, just for

20  purposes of clarity, that the senior noteholders and the

21  other parent claims have elected all cash -- that's why

22  there's a cash amount of $215 million -- but that the PHONES

23  noteholders and the EGI-TRB noteholder, once they are

24  allowed to make elections, choose the opposite.  They choose

25  the strip, consisting of cash, stock, and notes.  And under

1    that scenario, the reserve is underfunded by approximately

2    200 -- 138 million -- I'm sorry, Your Honor, 200 -- 100 --

3    I'm sorry, the reserve is underfunded by approximately 172

4    million, and in fact, the reserve would have to be, in the

5    aggregate, $387 million.  We think that's pretty obvious why

6    the DCL plan proponents have determined not to allow the

7    PHONES notes and the EGI-TRB to make elections.  It would be

8    difficult to argue that there's no prejudice when $387

9    million of this total settlement consideration is being

10   locked away in a reserve, to the extent that the allocation

11   disputes were not previously resolved.

12          The DCLs respond to this criticism, and frankly,

13   we found their response sort of amusing.  They say, number

14   one, the reserve will only be established if the allocation

15   disputes are not resolved prior to the effective date.

16   That's what we've been arguing about for weeks now, and yet,

17   they insist that they will not require the effective date to

18   be conditioned upon the resolution of the dispute.  Two,

19   they say --

20          THE COURT:  What if I did?

21          MR. GOLDEN:  I'm sorry?

22          THE COURT:  What if I did?

23          MR. GOLDEN:  Well, that would go a very wrong way

24   in solving the problem here, Your Honor.  I can't -- you

25   know, I can't say it any more bluntly.

1          Number two, the DCL plan does not give treatment

2    elections to the holders of the PHONES and EGI.  I know

3    that.  We all know that.  But why not?  What's the legal

4    basis for not giving them treatment election?

5          And three, they say the hypothetical that you

6    have in front of you is extreme and unrealistic, because it

7    assumes the outcome of tomorrow's hearing in a way not

8    favorable to Aurelius' position.  It assumes that the DCLs

9    would give treatment elections to the PHONES and EGI, which

10   I guess they're saying they never will do so voluntarily.

11   And it also assumes that the allocation disputes are not

12   resolved by the effective date.  Yes, we know that.  That

13   doesn't make this chart unrealistic and extreme.

14         Maybe they know something about tomorrow's

15   hearing that nobody else knows.  We don't know the outcome.

16   We know what we think the outcome should be, but to suggest

17   what the outcome should be in order to suggest this chart is

18   unworkable or not reliable, we think, is inappropriate.

19         Your Honor, I would turn for a minute to the

20   creditor elections, which you've heard a little bit about.

21   We think further exacerbating the problems for the senior

22   noteholders and the PHONES noteholders, to the extent that

23   they are able to make treatment elections, is that they'll

24   be forced to make treatment elections at a time when they

25   don't know the outcome.  So, for example, under the DCL

1   plan, senior noteholders can choose between two types of

2   plan consideration:  all cash, option one; or cash, senior

3   notes, and stock of the reorganized entity.  But

4   interestingly, if they choose the all-cash option, it's done

5   at a value of 6.75 DEV, distributable enterprise valuation.

6   If they choose the other option, the option consisting of

7   cash, notes, and stock, it's based upon a DEV of 7.019

8   billion.

9            I'll leave aside -- because it's not the

10  appropriate time to argue the propriety of the differences

11  in the value discrepancy -- but if a senior noteholder

12  wanted to avail itself of the higher-valued strip, but it

13  couldn't or it was unwilling simply because it didn't know,

14  and couldn't know, how long that stock may be held in

15  reserve or, more importantly, what happens if they chose the

16  stock option and there was problems with the company?  Any

17  rational investor might want to sell the stock, but it won't

18  be able to.  That electing senior noteholder won't be

19  allowed to, because it -- that stock will be stuck in a

20  reserve.  Well, the DCLs have a response to that, too.  It's

21  a very nuance response.  If they don't like the uncertainty,

22  choose the cash option.  Frankly, I think that's regrettable

23  that the fiduciary for all creditors simply say, if you

24  don't like the uncertainty, take the cash option.

25            Likewise, Your Honor, the other plan elections,

1  whether to grant a release or not, whether to take more cash

2  and less trust -- litigation trust certificates, we think

3  are also going to be impacted by forcing those elections to

4  be made before the resolution of the allocation disputes.

5  And once again, all of these issues go away if we simply

6  require the resolution of the allocation disputes prior to

7  the solicitation process.

8         Your Honor, I'd like to turn to the

9  classification issue.  You know, Your Honor, that the

10 resolution of the allocation disputes will ultimately and

11 finally determine which of the other parent company claims,

12 consisting of the general unsecured creditors against

13 Tribune, the swap claim, and the retired claims -- retiree

14 claims are entitled to the benefit of the subordination

15 provisions from the PHONES indenture and the EGI-TRB note,

16 both with respect to natural recoveries and settlement

17 consideration.  And yes, Your Honor, we are well aware of

18 provision 1122 of the Bankruptcy Code, which requires only

19 that claims be classified -- claims must be substantially

20 similar to be put in the same class.

21        We're also aware of Section 1123(a)(4) that says,

22 within a class, each creditor within a class must be

23 provided with the same treatment, pretty basic bankruptcy

24 law.  Thus, if it turns out that certain segments of the

25 other parent creditor class are entitled to subordination

1  benefit or are not entitled to benefit, you may find

2  yourself in the situation where segments within the same

3  class are being treated differently.  We believe that may

4  well create a classification issue.  The DCLs respond,

5  that's not true, and they cite a case in -- called *Union*

6  *Financial Services Group,* 325 B.R. 816, in what appears a

7  non-litigated findings of facts and conclusions of law that

8  stand for the proposition that claims are properly

9  classified together, despite the subordination of creditors'

10  claims to one another in the same class, because the

11  priority in regard to the debtor was the same.  Well, Your

12  Honor, if in fact, that is the -- an accurate reading of the

13  law, one has to wonder why, under any version of the DCL

14  plan, the DCLs did not classify the senior notes and the

15  PHONES notes together with the other parent company claims,

16  because vis-à-vis the debtor, they all rank and had the same

17  priority.  It was only within each other that there was a

18  distinction in terms of priority.  But the DCLs say, that's

19  not the basis for making classification decision.  And I

20  would suggest to Your Honor the reason they didn't -- the

21  DCLs didn't classify the senior notes, the other -- the

22  PHONES notes with the other parent creditor classes was for

23  voting purposes, and I don't need to say any more than that.

24         But we believe that if it turns out that, after

25  the resolution of the allocation disputes, some of the other

1  parent company claims get the benefit of subordination and

2  some don't, we may well have a classification problem that

3  might require re-solicitation.  We want to avoid that

4  problem.  We're not trying to slow down the process.  We're

5  trying to deal with all the potential problems up front,

6  expeditiously, so that we don't have a delay in ultimate

7  confirmation of the plan.

8           One final point, Your Honor, I'd like to talk to

9  before I turn to TRB -- the EGI-TRB response, that deals

10 with the retirees and the retiree settlement.

11          The DCL plan proponents have acknowledged that

12 the other parent company claims, including the retirees and

13 the swap claims, are entitled to the benefits of the PHONES

14 -- or whether they are entitled to the benefits of the

15 PHONES and the EGI subordination provisions will be a major

16 economic driver within that class.  And specifically, Your

17 Honor, with regard to the retiree settlement, which Your

18 Honor approved as part of the confirmation opinion on -- in

19 respect of the debtors' second amended plan, one of the

20 specific conditions to the retiree settlement is that the

21 retirees receive a recovery equal to or in excess of 35.18

22 percent and is acknowledged by the DCLs in their

23 supplemental disclosure statement with respect to the third

24 amended plan.  If it's determined that other parent company

25 claims are not the beneficiaries of the subordination

1   provisions of the PHONES and the EGI notes, the recovery to

2   the other parent company claims, including the retirees and

3   the swap, will drop by almost a third.  That's going to be

4   material in anybody's book.  And we believe, in that event

5   -- and we think that's going to be the resolution here.  In

6   that event, the retirees would have the contractual right to

7   walk away from their settlement agreement, because then the

8   condition has not been met, and they have the ability to

9   vote against the DCL plan.

10          Similarly, other parent claim creditors,

11  including the holders of the senior notes, presumably those

12  not held by the senior lenders, they also choose to change

13  their vote in the event of a significant reduction in plan

14  recoveries.  We think common sense dictates that creditors

15  who are subject to material recovery fluctuations, both up

16  and down but particularly down, depending upon the

17  resolution of the allocation disputes, should have the

18  ability to know in advance what they're voting for.  And in

19  a belated answer to your point of Your Honor's question, we

20  don't know the outcome of the re-voting.  Simply said,

21  though, we believe that the possibility for the change of

22  vote is more than enough reason to dictate, to require, the

23  resolution of these allocation disputes before the voting

24  process begins.

25          Your Honor, I'd like to turn for a minute to the

1  EGI-TRB objection.  You've heard Mr. Bradford, and

2  presumably you've read EGI-TRB's pleadings, where EGI-TRB

3  complains that resolving any of the allocation disputes

4  involving subordination issues relating to the EGI-TRB note,

5  other than at the formal confirmation hearing, in respect of

6  the DCL third amended plan, is procedurally improper.  They

7  argue that the allocation disputes may give rise -- if done

8  in advance of the formal confirmation hearing, may give rise

9  to an advisory opinion.  And they also argue that Bankruptcy

10  Rule 7001(8) requires the Court to decide subordination

11  issues either pursuant to a filed adversary proceeding or

12  when ruling on plan confirmation.  We don't agree.  Read

13  correctly, Your Honor, Bankruptcy Rule 7001(8) requires a

14  party seeking subordination of any claim or interest to

15  proceed by way of an adversary proceeding except when a

16  Chapter 11 plan provides for such subordination.  Obviously,

17  that is the contemplation of the DCL plan.  We don't think,

18  frankly, 7001 and its requirement regarding an adversary

19  proceeding is applicable at all here.

20          THE COURT:  Well, one way to read the procedural

21  requirements, it'd seem to me, would be to analogize to, you

22  know, the 1129(b)(2) credit bidding situation, for example,

23  in the *Philadelphia Newspapers* and --

24          MR. GOLDEN:  Which I understand is now --

25          THE COURT:  -- *River Road* cases --

1          MR. GOLDEN:  -- about to go to the Supreme Court.

2          THE COURT:  It's a -- looks like that's the case.

3    The credit bidding -- at least in *Philadelphia Newspapers*,

4    the credit-bidding situation, bidding procedures were dealt

5    with before a plan was actually confirmed.  There was a time

6    when there was a question about when you could get the 1146

7    tax benefit in conducting a sale that might've occurred

8    prior to confirmation of a plan.  There, I think, the

9    interpretative phrase was "in connection with" or "under".

10   I forget which.  But conceptually, it strikes me that

11   allocation might be decided consistent with the rules,

12   either before, and subject to confirmation, or assuming the

13   plan addresses subordination, after confirmation.  Do you

14   agree or disagree with that?

15         MR. GOLDEN:  Well, I agree with the first part,

16   Your Honor.

17   (Laughter)

18         MR. GOLDEN:  I'm not sure I agree with --

19         THE COURT:  Well, okay --

20         MR. GOLDEN:  -- the second --

21         THE COURT:  -- can -- okay, then tell me where

22   the flaw is in my logic with respect to post-confirmation.

23         MR. GOLDEN:  Your Honor, I -- if the plan is

24   broad enough, if the provisions of the plan are broad enough

25   to contemplate, as part of the process necessary to

1    determine what creditors will ultimately receive, and is a

2    pending dispute about the effect of subordination, I agree

3    that 7001(8) might contemplate that issue being resolved

4    post-confirmation to be consistent with the rule.

5            THE COURT:  Yeah.  Now, I understand you're

6    saying that would not be the wisest way to --

7            MR. GOLDEN:  No.

8            THE COURT:  -- proceed.

9            MR. GOLDEN:  Clearly --

10           THE COURT:  Okay.

11           MR. GOLDEN:  Clearly not.

12           THE COURT:  Okay.

13           MR. GOLDEN:  And Your Honor, I do want to point

14   out it is far from clear, and EGI-TRB itself has not filed

15   or has not cited to a single case that supports the notion

16   that when a Court is deciding the proper interpretation of

17   contractual subordination language that we're even within

18   the framework of 7001(8).  I believe a contractual

19   interpretation of subordination language is far different

20   than a party seeking to subordinate one claim against

21   another or an interest against another.  So I'm not sure

22   that 7001(8) is even implicated by the fact that we have

23   contractual -- we have disagreements, interpretation

24   disputes, over the proper meaning of subordination language.

25   So I'm not sure we're even within the province of 7001(8).

1   But if we are, and as I think I heard Mr. Bradford say, if

2   we have hearings like the hearing we're going to have

3   tomorrow and they are done in contemplation of and in aid of

4   confirmation of either the DCL plan -- the third amended DCL

5   plan -- or any other plan for the Tribune bankruptcy estate,

6   we think that it satisfies the requirements of 7001(8).

7   Nothing about 7001(8) says it must be decided in connection

8   with the formal confirmation hearing.

9          THE COURT:  Well, I would say it doesn't say it

10  must be heard on the same day and time that confirmation is

11  considered, and with that change to your articulation, I

12  would tend to agree.

13         MR. GOLDEN:  Okay.  Your Honor, I do want to --

14  just one last point that EGI made.  They said they're

15  worried about if we do these allocation dispute resolutions

16  in advance of the formal confirmation hearing, that a party

17  won't be bound by the rulings.  We think that's, frankly,

18  nonsense.  Both the schedule put forward by Aurelius and the

19  schedule put forward by the DCLs defined parties, in the

20  broadest possible way, and included any party wishing to

21  take a position on any allocation dispute or any proposed

22  plan of reorganization for Tribune or its subsidiaries.

23  Those orders -- those submissions were done on notice to the

24  entire Tribune world.

25  THE COURT:  Well, it seems to me if I were to make those

1  decisions prior to confirmation, I would expressly make them

2  subject to confirmation.  You know, I've done that in other

3  --

4          MR. GOLDEN:  I don't think we would have an

5  objection to that, Your Honor.

6          THE COURT:  Yes, and I've done that in other

7  contexts with other issues; not this one yet, but it seems

8  to me that's -- that would be -- if I decided on that

9  timing --

10          MR. GOLDEN:  Right.  I understand.

11          THE COURT:  -- that's probably how I would handle

12  that.

13          MR. GOLDEN:  Right.  So simply said, we think

14  that the law on due process is satisfied when parties in

15  interest receive adequate notice, as they will have here,

16  have already received notice, to apprise interested parties

17  of the pendency of the action and afford them an opportunity

18  to present their objection.  Any interested party will be so

19  apprised and will have the ability to appear and raise

20  whatever objection they intend to take.  We simply don't

21  believe that the EGI-TRB contentions are well-taken.

22          Your Honor, in the last couple minutes, I just

23  want to turn to the competing schedules, and I'd ask your

24  Court to again look at the schedule I handed up.  If you

25  look first at the allocation dispute resolution schedule,

1  the one at the top, and you see side-by-side the DCL

2  schedule and the Aurelius schedule, there's certain little

3  differences, not dramatic, not really material.  For

4  example, the DCL said the last day to serve discovery is

5  December 15th.  We say December 21.  We have a shorter

6  discovery period than they do.  We --

7          THE COURT:  Mr. Golden, let me ask you to pause

8  and tell you I agree with you.  They're not material.

9          MR. GOLDEN:  Okay.  Thank you, Your Honor.  But

10 there is one observation I do want to make about their

11 allocation dispute resolution schedule.  The DCLs

12 contemplate expert reports and expert depositions on the

13 issue of unfair discrimination.  Our schedule has no

14 reference to that.  We believe that the reference by the

15 DCLs to have an expert report and to subject the expert

16 testifier to depositions is their attempt to make sure that

17 the other parent company claims get the benefit of the

18 PHONES and EGI's subordination even if this Court ultimately

19 determines they're not legally entitled to do so by arguing

20 materiality.

21          Frankly, as Your Honor can probably appreciate

22 from my recitations of the allocation disputes, these are

23 all inter-creditor disputes.  Frankly, I'm not sure why the

24 two fiduciaries for these estates, the debtors on the one

25 hand, and the Creditor's Committee on the other, are even

1   seeking to weigh in, tilt the playing field one way or

2   another, between inter-creditor disputes.  It calls into

3   question whether, in fact, there is an undisclosed promise

4   to some segment of the other parent company claims that they

5   will get their promised consideration no matter how the

6   allocation dispute resolution turns out.  And more to the

7   point, Your Honor, we don't think, under the purview of

8   Federal Rule of Evidence 702, there is a need for expert

9   testimony.  The subject matter involved does not require

10  scientific, technical, or other specialized knowledge.  It's

11  math.  We don't think there's a need for an expert and we

12  would suggest that that portion of their schedule not be

13  approved.

14          Now let's turn to where the real action seems to

15  be, the competing confirmation schedules.  Your Honor, in

16  the DCL response, they complain bitterly about the Aurelius

17  confirmation schedule saying it's way too short and, in some

18  instances, violative of the rule noticing -- Bankruptcy Rule

19  of Noticing requirements.  Okay.  I'll skip over the fact

20  that their own schedule doesn't comport with the noticing

21  requirements.  But we didn't want to pick a fight about this

22  so we have revised our schedule.  That's the last column on

23  the middle of the page entitled Aurelius Revised Schedule.

24  Day-for-day, we counted it out with a calendar.  We matched

25  the --

1          THE COURT:  And how many lawyers did it take to

2    do that?

3          MR. GOLDEN:  It took me and a paralegal, Your

4    Honor, and then I needed to be corrected once.  We matched

5    their schedule day-for-day for each event.  So I can't

6    believe that they're still complaining about our schedule.

7    And as I said, the conclusion is our confirmation schedule

8    takes about a month longer.  Hardly in the context of a

9    three year old case with as much riding on this do we think

10   that's significant.

11         I will point out that our big problem with the

12   DCL confirmation schedule is that it appears to be purposely

13   calibrated so that it will be impossible for the allocation

14   disputes to be resolved before the commencement of the

15   solicitation period, and that's one of our big complaints

16   here.

17         Your Honor, so for all of the reasons in our

18   submissions and my discussion with the Court today, and the

19   Court's been very patient, we think the potential for

20   prejudice in delay, when compared with the presumably

21   relatively short delay that our schedule would occasion and

22   the fact that both sides have acknowledged in written

23   pleadings that the allocation disputes can be and should be

24   resolved quickly, that it's just wrong and inappropriate to

25   allow the situation to pertain -- or to exist such that the

1  parties most affected here, senior noteholders, potentially

2  PHONES, and other parent creditors, can find themselves in a

3  situation when, at the time they're voting, they can't make

4  informed decisions, and more problematic to potentially face

5  a situation where their very recoveries, up and down, won't

6  be known until some time after this Plan goes effective.

7  And so, Your Honor, unless you have any other questions, I

8  am done.

9          THE COURT:  I don't.  Thank you, Mr. Golden.

10          MR. GOLDEN:   Thank you.

11          THE COURT:  Wilmington Trust?

12          MR. NOVOD:  Good afternoon, Your Honor.  For the

13  record, Gordon Novod of the law firm of Brown Rudnick on

14  behalf of Wilmington Trust Company, as Successor Indenture

15  Trustee for the PHONES' Notes.  I rise, Your Honor, with

16  respect to the scheduling order that's presently before the

17  Court, and I should say the dual scheduling orders; one for

18  the DCL Plan Proponents and the other for Aurelius.  While

19  Wilmington rises separately from Aurelius, I can report to

20  the Court that we largely agree with the timing and

21  scheduling as set forth in the Aurelius proposed order.  And

22  as well, we believe that a number of issues, and for many of

23  the reasons articulated by Mr. Golden on behalf of Aurelius,

24  we believe that a number of the Plan issues will be

25  substantially impacted by the resolution of the allocation

1    disputes.

2          Your Honor, while we strongly disagree with

3    Aurelius concerning the underlying subject matter of the

4    allocation disputes and many of the statements on the record

5    today concerning, for instance, the flow of settlement

6    consideration under the debtor's Plan or other issues

7    concerning the Plan, including the Retirees, it is important

8    to note at least that we believe that moving forward on the

9    schedule, as set forth by Aurelius, would allow the timely

10   and expeditious resolution of the allocation disputes.  With

11   that said, and one example that we had mentioned in our

12   papers that we filed on -- you know, in our reply brief

13   filed on the 9th, is the example of well, the PHONES

14   Noteholders do not have the option of making a Plan election

15   should there be underlying distributions of Plan

16   consideration.  That's it, Your Honor.  It think those are

17   all important reasons why reconciliation and resolution,

18   frankly, of the allocation disputes, is timely in advance of

19   confirmation.

20         I also rise on a separate note, Your Honor, to

21   address some of the more particulars of the proposed orders

22   and one of the things that Wilmington filed a reply on was

23   not necessarily the way in which the schedule will be

24   addressed, but the way in which these issues will actually

25   be addressed.  And frankly, the concern is that Wilmington,

1   for the PHONES, is the Indenture Trustee on one side of the

2   subordination dispute, with an unknown class of other parent

3   company claims.  As Your Honor is certainly aware, Class 1-

4   F, under the DCL Plan, is the catch-all class.  It's the

5   catch-all class that's defined to include anybody who is not

6   a handful of different types of creditors.  So it's not the

7   Senior Noteholders.  The swap claim is included in that

8   other parent company class, as are the Retirees.  But then

9   it's anybody else who made the claim against the parent.

10  And one of the things that we have concern about, and we

11  raised as far as our consideration of discovery is as the

12  subordinated holders here, who are involved in this dispute,

13  we need to have some sense and some idea of who the

14  categories of claims of people that are going to be senior

15  to us, or at least that are going to claim that they're

16  senior indebtedness or indebtedness as defined under the

17  PHONES Indenture.  And without the debtors of the DCL Plan

18  Proponents who have crafted and developed allocation

19  protocol, without the DCL Plan Proponents actually naming

20  with specificity the different categories, we'll never know.

21  For instance, and there's one example that occurred to me in

22  reviewing, you know, the debtors' Disclosure Statements, and

23  you know, the history of the case over the last several

24  years, but the other parent company claim class includes

25  litigation claims that may be asserted against the parent

1   company.  And while it's convenient to say, as the DCLs have

2   done, well, there's only the swap, the Retirees, and Trade

3   the parent, we, as a party to this allocation dispute,

4   should have some sense as to who we're fighting with.  And

5   we agree with Mr. Golden's statements concerning notice and

6   due process issues and believe, to the extent that parties

7   believe that their indebtedness or senior indebtedness as

8   defined under the PHONES indenture, they should step forward

9   and file a Brief and be part of that process.  And we as the

10  PHONES Noteholders should have the ability to ask the

11  debtors for information concerning who they think is senior

12  indebtedness.  After all, it is the DCL Plan Proponents who

13  have crafted this Plan and crafted a catch-all category.

14          Now, you know, one thing that occurs to us, and

15  we would like the ability, frankly, to ask Mr. Zell and EGI

16  and also to ask Oaktree, as holder of the Swap, what claims

17  or what pieces of paper they intend to rely upon to say that

18  they are senior indebtedness because if we know what they

19  are going to rely on, or we have the ability at least to ask

20  them in discovery, then we can know what we're up against

21  and so I think that's very important.

22          One other issue, Your Honor, that's related to

23  the scheduling orders that have been proposed, and in

24  particular, the scheduling order that the DCL Plan

25  Proponents have proposed and Mr. Golden alluded to, is the

1  expert testimony issue.  And while we agree with Mr. Golden

2  with respect to the need or lack thereof of expert

3  testimony, it would seem to me in reading the proposed order

4  that's Exhibit B to the DCL Plan Proponent's reply, that

5  it's not just experts.  In fact, the DCL Plan Proponents say

6  go ahead, file your discovery demands or whatever you may

7  have on the 15th of December and then on the eve of trial, we

8  could let you know that we're going to have fact witness, an

9  expert witness, that you never knew about, you'll never have

10  a chance to take a deposition or ask a question of them,

11  prior to them being named -- well, let me strike that and

12  say that differently.  We won't know until January 19th under

13  the DCL Plan Proponent's schedule whether there are any fact

14  witnesses or expert witnesses.  And, in fact, the DCL Plan

15  Proponent's schedule only provides for expert discovery to

16  take place on four days' notice, if they even have experts

17  and if the expert testimony is even relevant.  Now, we don't

18  think that it is because we frankly think that unfair

19  discrimination is really an 1129 issue and not necessarily a

20  510 issue or an 1129(a)(1) issue.  I should say more

21  articulately, 1129(b), as unfair discrimination falls into

22  that subsection of the Code.  But we think for that reason

23  that any order that Your Honor would consider here should be

24  amended to account for that issue because again, it's not as

25  if these issues, as Mr. Golden has said, they may be a

1  little bit of math, but confirmation issues are confirmation

2  issues and should be reserved for confirmation.  Allocation

3  issues are allocation issues and all the parties have come

4  together and -- to say we're going to do this on the

5  schedule if Your Honor will permit us.  And we'd like

6  nothing more than to be able to be part of that expedited

7  process to allow for fair adjudication of these issues.

8          And finally, Your Honor, there is one minor issue

9  but it goes to the high-low PHONES issue, which we have

10 discussed before, and that's what is the allowed amount of

11 the PHONES claims?  One of the things that neither schedule

12 that's been proposed allow for is interrogatories or

13 discovery of -- or deposition discovery I should say -- of

14 Deutsche Bank.  Now, we think we're probably going to be

15 able to resolve whatever minor factual issues there may be

16 with Deutsche Bank, but we still should have the ability to

17 ask the questions and not just simply ask for documents.

18 That will allow for a more streamlined process and a process

19 that allows us to move forward in the manner, which frankly,

20 is not burdensome to the parties, whereas if we're stuck

21 with the orders as they've been proposed, then we'd have to

22 come back to Your Honor after serving written discovery

23 demands and ask for additional discovery.  And we'd rather

24 shortcut that issue and simply from the beginning ask the

25 question and find out what the answers are either on an

1    informal or a formal basis.

2            THE COURT:  I have difficulty conceiving that

3    there is anything, as of this time, that is yet unknown

4    about anything.

5            MR. NOVOD:  That is --

6            THE COURT:  You needn't respond.

7            MR. NOVOD:  That is understood, Your Honor.  That

8    said though, you know, like I said, we'd like the ability to

9    ask the question just so when we come back to Your Honor to

10   present a more developed record, we can accurately say that

11   we've left no stone unturned on the issue.

12           That said, Your Honor, I just wanted to make one

13   other reservation I should say.  While we agree to the

14   scheduling, the fact that we have not addressed at length

15   the issues raised by Mr. Golden and provided rebuttal,

16   because I don't think that this is the time or place to

17   provide rebuttal on many of these issues, that should in no

18   way be deemed to our acquiescence to the position of

19   Aurelius as you would expect, Your Honor.

20           THE COURT:  All right.

21           MR. NOVOD:  And we appreciate the time and of

22   your Court.  Thank you.

23           THE COURT:  You're welcome.  Deutsche Bank?

24           MR. ADLER:  Good afternoon, Your Honor.  David

25   Adler from McCarter & English, on behalf of Deutsche Bank

1  Trust Company Americas.  We join in the comments that were

2  very well stated by Mr. Golden on behalf of Aurelius.  We

3  believe that the allocation schedule should be decided prior

4  to the process moving forward on the confirmation of a Third

5  Amended Plan.  One point I'd like to just raise to the Court

6  is we see a lot of institutions in this Court.  But there

7  are a lot of individual holders of the Senior indebtedness.

8  And the reason why I know that is when we went through the

9  process last year in January, we, McCarter & Deutsche Bank,

10  were literally flooded with phone calls from individual

11  holders asking questions about the Disclosure Statement and

12  the Plan, and that process then got further exacerbated when

13  the election forms came out.  So to put out a Disclosure

14  Statement that simply shows a range of recoveries that could

15  be from a low of 19 percent to a high of 36 percent is going

16  to simply not provide these individual holders with any

17  basis whatsoever, you know, to make an informed decision

18  about how to vote on a Plan.  So for those reasons, we think

19  it makes eminent sense to determine the allocation issues

20  first so that the Disclosure Statement can actually provide

21  these individual holders with some type of information that

22  they can make an informed decision.

23        Just other than that, Your Honor, I will respond

24  briefly to what Mr. Novod said with respect to discovery

25  because I'm not sure that the Court is aware of it.  But

1  prior to, and shortly after the Petition date, Deutsche Bank

2  was also the Indenture Trustee for the PHONES.  When the

3  bankruptcy was filed, Deutsche Bank resigned immediately,

4  and I believe that our resignation was effective somewhere

5  in the third week of December of 2008.  On this issue of

6  high PHONES, low PHONES, last year when the parties went

7  through discovery, we provided all documents related to the

8  PHONES issue.  I've offered, through Counsel for Wilmington

9  Trust, to simply turn over that discovery.  I understand

10  that they feel that they may want to ask interrogatories,

11  but with respect to the documents, they've all been produced

12  already.  So, you know, I just wanted to inform Your Honor

13  that when you hear that there may be discovery coming at

14  Deutsche Bank, it's in its capacity as former Indenture

15  Trustee for the PHONES Notes.  So with that, Your Honor,

16  obviously, we agree with the schedule proposed by Aurelius

17  and we think that it makes sense to hold off going forward

18  with confirmation until these allocation issues are

19  resolved.  Thank you.

20        THE COURT:  Thank you.  Law Debenture?

21        MR. ROSNER:  Thank you, Your Honor.  David

22  Rosner, Kasowitz Benson Torres & Friedman, on behalf of Law

23  Debenture.  Law Debenture acts as Indenture Trustee for

24  approximately 20 percent of the Senior Notes, which is

25  roughly $250 million.  We agree with Your Honor that the

1   schedules are not so dissimilar and they're not -- there's

2   not a material difference between them.  We do think that

3   the point of what is at issue today though is material and

4   is very important for how the confirmation can be done in a

5   manner that is in the best interest of the actual affected

6   parties, and as Mr. Golden said, the unaffected parties here

7   are not the ones that are driving the way that the process

8   is going to be done, to the detriment of the affected

9   parties.  Now I'll agree with the parties in general that

10  speed is an independent value in and of itself, but it's not

11  an absolute value.  At times, speed has to fall in favor of

12  a competing and superior value.  And by speed here, we're

13  talking about a month and maybe a month and a half in a case

14  that's been going on for three years.  The competing and

15  more superior issue that you have here is one of

16  information, informed voting and informed decision-making.

17  I mean let's be straightforward with the -- well, with

18  everybody in the Courtroom.  The settlement is the central

19  aspect of the DCL Plan.  It saddens us, but yet that is the

20  case.  As such, the central aspect of the central aspect of

21  the DCL case is the distribution to the Senior Noteholders.

22  This Court, Your Honor, conducted that analysis of the

23  distribution to the Senior Noteholders at pages 41 to 46 of

24  its confirmation opinion.  Here, based upon the settlement

25  and the elimination of the Seniors, of their LBO-related

1    claims, they must at least know what they are getting under

2    the Plan.  They must have a semblance of knowledge of what

3    they are to get.  Maybe sometimes there can be a small issue

4    on the fringe, but there can't be an issue of this

5    magnitude.  There can't be the entire blouse left out there

6    for other people for them to try to figure out what it is.

7    It's an absolute value that defeats a lackerty in this

8    circumstance.

9           Now, the DCLs tell us that well, this happens all

10   the time in varying degrees.  There's lots of Plans and

11   Disclosure Statements that say here's a possible outcome and

12   here's a possible outcome and you all can figure it out.

13   But it doesn't happen in this context.  It doesn't happen

14   when you're talking about massive distributions and massive

15   withholdings of distributions and massive transfers amongst

16   different creditors.  That you will never see in any

17   Disclosure Statement that talks about the actual

18   distribution from a settlement that the Court has already

19   approved to then be withheld on -- at -- you know, at this

20   level.  And remember, we are the largest creditor, now the

21   largest creditor of these estates.  The settlement, assuming

22   that the next Plan is confirmed, the DCLs are getting what

23   they're getting.  I think Mr. Golden said it's the height of

24   irony that under their proposal, they would actually be

25   getting all their distributions while the other creditors,

1    the non-LBO creditors' distributions would be withheld.  So

2    the Seniors are the largest creditors here and -- but the

3    DCL says, well we're only withholding 3.2 percent of the

4    value of these estates and that's immaterial, and in a

5    reserve function, the Court shouldn't be too concerned about

6    that.  But that's looking at the wrong number.  It's not 3.2

7    percent of what the value of the company is.  It's how much

8    of the largest creditors, the Senior Noteholders,

9    consideration is being withheld into a reserve.  And we're

10   talking about numbers that are more, at minimum, more than

11   50 percent and under the arithmetic that I saw today, maybe

12   close to 100 percent of what we're talking about as the

13   settlement of consideration in order to confirm this Plan

14   and work on a dual track when we can resolve all of these

15   issues in the next several weeks and few months prior to

16   going forward with a solicitation.  I mean the Disclosure

17   Statement is supposed to be the centerpiece, the heart of

18   the hearings, in a bankruptcy case and it's because it's

19   supposed to tell people what they're able to vote on and why

20   they should vote on it and what it actually means and

21   withholding distributions in this amount and leaving issues

22   like this in this case does not provide that information in

23   any respect.

24            Now, Your Honor, there are reasons and there are

25   very good reasons why Bankruptcy Courts from time-to-time

1  sensibly decide material central issues in aid of and in

2  furtherance of confirmation, and they do so in advance

3  because it will advance the confirmation hearing.  It will

4  settle the disputes beforehand, as opposed to leave them

5  afterwards.  And that's why it's in furtherance of

6  confirmation and sometimes that's done in valuation so you

7  can take that issue off the table and now we can talk about

8  distributions.  Sometimes it's done in bidding procedures as

9  Your Honor pointed out earlier, and sometimes it's done with

10 classification.  But here it has to be done in terms of

11 allocation.  Here it has to be done in terms of allocation

12 because it is central and essential for creditors to be able

13 to understand what this Plan is about.  So if Your Honor

14 views this allocation as consistent with other cases in

15 which valuation, bidding procedures, classifications, were

16 issues that needed to be decided ahead of time to make

17 confirmation a worthwhile -- to make solicitation and voting

18 and decision-making and confirmation worthwhile endeavors,

19 then I would say to Your Honor that we need to decide

20 allocation in advance of confirmation.

21           THE COURT:  Thank you.  Does anyone else wish to

22 be heard?

23           MR. LEMAY:  Your Honor, will you hear me very

24 briefly?

25           THE COURT:  Briefly.

1          MR. LEMAY:  Good afternoon, Your Honor.  David

2   LeMay from Chadbourne & Parke, for the Official Committee of

3   Unsecured Creditors.  It was not the tactic, as you have

4   followed of our group, to paraphrase our Briefs practically

5   verbatim, and I don't propose to deviate from our decision

6   to not do that.  I wanted to address three discreet points

7   though.

8          First, in Mr. Golden's remarks, he handed up to

9   you a colored chart entitled Comparison of Aurelius'

10  Proposed Schedule and the DCL Plan Proponents Proposed

11  Schedule.  And I think we've all agreed that the dates on

12  those two charts are not so radically different.  And that's

13  true; they're not.  I think the thing that is really

14  noteworthy about this piece of paper is in footnote two and

15  that is the assumption that all of the allocation disputes

16  will have been resolved prior to February the 6th, 2012.

17  Now, of course, on some of the allocation disputes, those

18  that are the subject of tomorrow's Reconsideration Motions,

19  those will be heard tomorrow and Your Honor did give us an

20  inkling of your thinking about deciding those, but as Mr.

21  Golden said, there are a bunch of other ones.  And I think

22  the thing that you have to take away from Mr. Golden's

23  schedule is that it supposes that all of those disputes will

24  be resolved by February the 6th and that's how he gets to his

25  ability to make the schedule be not so different from the

1  one we proposed.  What is being proposed, obviously, by the

2  Noteholders, Your Honor, is that we do not leave the box.

3  We do not take the first step.  We do not start the process

4  until every one of those disputes has been resolved.

5          And that leads to my second point.  Mr. Golden,

6  and now Mr. Rosner, have both said isn't it peculiar that

7  the only people who are getting paid, under the DCL

8  formulation in the near term, are effectively the LBO

9  lenders, and isn't it a shame that the parent company

10  Bondholders are not getting paid now?  And there is -- you

11  know, one can hear that.  There is a third constituency, and

12  it think it's an important one and it's one that I

13  represent, and I wanted to make sure that that voice did not

14  go unheard.  Lost in all of this are the general unsecured

15  creditors at the over 100 and some odd operating

16  subsidiaries of the debtors.  The DCL Plan calls for those

17  trade creditors of those operating subsidiaries to be paid

18  in full.  They are structurally Senior at those

19  subsidiaries, of course, to the Notes so that's not so

20  surprising.  And so when considering scheduling, considering

21  whether to let the horse out of the gate, or pick your

22  metaphor, I would ask Your Honor to please bear in mind that

23  the interests involved here include not only those of the

24  Noteholders and not only those of the pre-LBO creditors at

25  the parent or the LBO funding creditors at the parent, but

1  also the subsidiary general unsecured creditors, an

2  important constituency and one which has really not gotten

3  the attention it deserves in the remarks today.

4            Finally, Your Honor, my last point.  It appears

5  that no hearing in this case can be complete without some

6  degree of dirt being kicked upon the motives of the

7  Committee, the debtors, and their motivations.  You heard

8  Mr. Golden say that the only reason he thought that perhaps

9  the DCL Proponents wanted to get into the issue of unfair

10 discrimination and the claim of unfair discrimination is

11 because there is an undisclosed promise.  That is, to my way

12 of thinking, Your Honor, somewhat offensive.  But aside from

13 being offensive, it's simply not true.  The Plan that we

14 brought to Your Honor back in the spring and the revised

15 Plan that we will be bringing to Your Honor, calls for a

16 number of things to happen.  One of those things is for the

17 Retirees settlement to be implemented in Your Honor's

18 confirmation decision that the Court already found that the

19 Retirees settlement was, in fact, a good thing, an important

20 part of the Plan, and we are simply seeking to implement

21 that settlement as we brought it to you once before and as

22 Your Honor has already considered it.  The claims of unfair

23 discrimination go to the ability to deliver that settlement

24 and it's simply our proposal to attempt to deliver that

25 settlement as we advertise.  So I did not want the

1   allegations of undisclosed promises to go unremarked or

2   unnoted.  Your Honor, that's all I have.

3            THE COURT:  Thank you.  Anyone else from whom

4   I've not yet heard wish to be heard?

5   [No audible response.]

6            THE COURT:  I hear no further response.  Okay.  I

7   will tell you that it's been helpful to me to have this

8   discussion even beyond that which was provided in the

9   written submissions because it confirms my view that no

10  further scheduling ought to take place until I resolve the

11  pending Motions for Consideration and I hope to do that

12  along the timeline that I indicated at the last hearing.  So

13  I will take this matter under advisement and address it at

14  the appropriate time.  What's next?

15           MR. RATH:  Good afternoon, Your Honor.  Daniel

16  Rath, Landis Rath & Cobb, on behalf of the Official

17  Committee of Unsecured Creditors.  Your Honor, this is the

18  time set aside for the Committee's Motion to Permit it to

19  Address and Send Service Pursuant to Federal Rule of Civil

20  Procedure 4 F.C.2 on behalf of the Clerk of the Court.

21  Frankly, Your Honor, it's a simple administrative motion to

22  allow us to assist the Clerk of the Court in serving

23  hundreds of Complaints to foreign defendants.  There's been

24  one objection to the Motion which we were able to resolve

25  just prior to this hearing if we make one simple amendment

1    to the form of order which has previously been submitted and

2    I'm happy to submit a new order under a Certification of

3    Counsel tomorrow, Your Hour, if that's acceptable.

4            THE COURT:  Well, tell me what the change is.

5            MR. RATH:  Certainly, Your Honor.  The change is

6    pretty simple.  The concern is that the foreign -- somehow,

7    this order that Your Honor would be signing, somehow affects

8    the rights of the foreign defendants to object to service

9    and the answer to that is it does not.  And so by adding a

10   line to the order that it states clearly that any foreign

11   defendants that are served, pursuant to this order, they

12   still have the right to later object to service.

13           THE COURT:  Does anyone else wish to be heard in

14   connection with this Motion?

15   [No audible response.]

16           THE COURT:  I hear no response.  Actually, I'm

17   grateful for the Motion.  The Clerk's Office is rapidly

18   becoming, due to the number of these requests we get, unable

19   from a budget standpoint, to perform service by itself and

20   it's a situation that I think we're some time soon going to

21   be addressing systemically.

22           MR. RATH:  That's what I understood, Your Honor,

23   and that's why we are attempting to assist.

24           THE COURT:  Yes.  Okay.  I'll await submission of

25   an order under Certification.

1          MR. RATH:   Thank you.

2          MR. GOLDFARB:   Good afternoon, Your Honor.   If I

3     may, just on the foreign service motion, as Landis -- as --

4     Andrew Goldfarb of Zuckerman Spaeder, also Special Counsel

5     to the Creditor's Committee.   The order that Your Honor has

6     indicated he'll enter with respect to the foreign service

7     will also apply to the lender action that are -- there are

8     also foreign defendants that need service in that action as

9     well.

10          THE COURT:   All right.   Thank you.

11          MR. GOLDFARB:   Thank you.

12          MR. GOLDBARB:   Your Honor, I rise in connection

13     with the Committee's Omnibus Motion to Compel the Production

14     of Documents and I'm going to speak only for this Motion,

15     Your Honor, as to all parties except for the BNY defendants,

16     and Mr. Rath will handle this Motion as to the BNY parties.

17     As Your Honor may recall, on November 4th, Your Honor entered

18     an order compelling the production from certain parties in

19     the Shareholder action to produce Shareholder contact

20     information within 60 days.

21          THE COURT:   I remember.

22          MR. GOLDFARB:   You remember.   The -- we believe

23     that that order resolved all of the objections of the

24     current parties and it was our hope that we would be able,

25     with the November 4th order, to work out any remaining

1  objections of parties that had yet to produce.  The parties

2  that have objected have continued to decline to produce,

3  contending that they deserve a separate order compelling

4  them to do so.  They have not substantiated, either in our

5  discussions since November 4th or in the papers they have

6  presented to Your Honor, any objections -- any new

7  objections or substantiated any further objections that the

8  Court did not address in the November 4th order.  And so we

9  believe that the Court should similarly compel these parties

10  to produce the Shareholder information.

11          THE COURT:  I tend to agree, but I'll let others

12  tell me why they think we're both wrong.

13          MR. GOLDFARB:  As to -- just as a note as to the

14  timing, Your Honor, the Rules, of course, provide for

15  production within 30 days.  We had served a lot of these

16  parties initially with subpoenas last year, then in August

17  with a Rule 34 request.  Obviously with the entry of the

18  November 4th order, we believe that the parties have known

19  that the substance of their objections to producing the

20  Shareholder contact information are no longer supportable

21  and so we believe, and had indicated to these parties, that

22  we hope that they would be able to get started in preparing

23  to produce.  We don't think that the 60-day period from the

24  entry of the order should apply and we would ask Your Honor

25  to order the production within 30 days of the date of entry.

1          THE COURT:  All right.  Thank you.

2          MR. GOLDFARB:  Thank you.

3          THE COURT:  I'll hear from others.

4          MR. STONE:  Your Honor, good afternoon.  Alan

5   Stone, Milbank Tweed Hadley & McCloy here on behalf of

6   certain of the Objecting Defendants.  Your Honor, we tried

7   very hard to cooperate with the effort to get documents from

8   these additional defendants.  And by the way, it was the

9   Committee's choice to bring a Motion to Compel as to certain

10  defendants and not others.  They approached us and said the

11  same should apply to other defendants.  We essentially agree

12  with that.  We were happy with the order that we had before,

13  same terms, and what we asked was pretty simply.  A lot of

14  my clients are funds.  They don't like to give out

15  information about their customers without having a Court

16  order saying that they needed to do it.  And so they simply

17  -- we simply asked that this order be put on the docket and

18  we would not file in opposition so that an order could be

19  entered and those customers would know that this was by

20  order of the Court that they were being required to divulge

21  information about customers.  We were surprised frankly that

22  we got a Motion that not only brings on precisely the same

23  Motion as before; not the one that we had talked about, but

24  the broader one that was denied before.  So it asks for more

25  than just names and addresses.  Secondly, it asks for a

1  shorter period of time when we were talking about doing it

2  in 60 days, and they're well aware of the fact that our

3  clients have administrative problems with producing

4  information that quickly.  And third, asks for sanctions

5  against us, which I think is really over the top, given the

6  fact that we were doing nothing but cooperating with them.

7  If -- you know, if anything, I should be asking for

8  sanctions that they hauled me here to argue this Motion

9  when, in fact, I was agreeable to the release that they were

10  seeking.  They could have put in a pro forma motion with an

11  attached order.  They would have gotten no opposition

12  provided that it was an order that was consistent with the

13  Court's prior ruling.  So we, again, I think we're still

14  happy to produce documents on a 60-day basis, names and

15  address, the same as Your Honor ordered before and we're

16  happy to go forward on that basis.  We oppose the additional

17  information that they seek and shortening the time period to

18  30 days and we certainly oppose any suggestion of sanctions.

19  Thank you, Your Honor.

20            THE COURT:  Thank you.  Does anyone else wish to

21  be heard?

22            MR. MORDKOFF:  Your Honor, this is David Mordkoff

23  from Proskauer Rose.  We represent the Wells Fargo and BNY

24  Mellon Defendants.

25            THE COURT:  Well --

1            MR. MORDKOFF:  I can --

2            THE COURT:  Go ahead.

3            MR. MORDKOFF:  In brief, we agree with Mr. Stone.

4  We informed the Committee that we were willing to produce

5  for these additional defendants under the same terms as your

6  November 4th order.  Our clients need an order in order to

7  produce, both for the reasons that Mr. Stone articulated and

8  for the reasons that the Harris defendants mentioned with

9  regards to certain state law issues involving privacy law.

10  And we were surprised by this Motion that the Committee went

11  and sought more than the November 4th order granted them in

12  the first instance.  That's all.  Thank you.

13            THE COURT:  Thank you.

14            MR. BECK:  Your Honor, Richard Beck of Klehr,

15  Harrison Harvey Branzburg, on behalf of BMO Harris Bank,

16  N.A.  We joined in the Deutsche Bank parties' response and

17  we certainly agree with their position.  We also attached to

18  our response and cited to the Illinois Banking Act, which is

19  a comprehensive consumer privacy law in the State of

20  Illinois.  That statute requires, in our view, it's not

21  entirely clear, but it appears to require the entry of an

22  order to compel the production of personal financial

23  information.  In addition, we are required to serve the

24  order, not the motion, but the order that is entered on the

25  parties whose information we are going to produce.  There is

1  no specific time limit on that service or a specific notice

2  period for that service under the statute.  We believe that

3  60 days is appropriate, and as soon as the order is entered

4  compelling the production, we will comply with our duties

5  under the statute.  However, prior to the entry of an order,

6  we're unable, under the statute, to do that, which is why we

7  responded and there have been numerous communications

8  between my co-counsel and the Committee on this issue.  I'm

9  also prepared to address the sanctions issue under Rule 37.

10            THE COURT:  Not necessary.

11            MR. BECK:  Thank you.

12            THE COURT:  Does anyone else wish to be heard?

13  Why are we here for this?

14            MR. GOLDFARB:  Excuse me?

15            THE COURT:  Why are we here for this?  I mean

16  really.  It just seems to me to be unnecessary.

17  Understanding that the job of every good defendant is to

18  make the plaintiff jump through as many hoops as is

19  possible, understanding that this dynamic likely exists

20  here, why couldn't this have been consensually resolved?

21            MR. GOLDFARB:  Your Honor, we thought it could be

22  as well.  We --

23            THE COURT:  Well then here's what I'm going to

24  do.  I'm going to direct that you do that and if you are

25  unable to do so, you may list it for hearing at the next

1  Omnibus hearing.

2          MR. GOLDFARB:  Okay.

3          THE COURT:  Are there any questions?

4          MR. GOLDFARB:  No, Your Honor.

5          THE COURT:  Is there anything further for today?

6          MS. STICKLES:  Your Honor, Kate Stickles on

7  behalf of the debtors.  With respect to Item number 10, the

8  9019 motion, which was uncontested, may I approach with a

9  form of order?

10          THE COURT:  You may.  Thank you.  All right.  Is

11  there anything further for today?

12          MS. STICKLES:  No thank you, Your Honor.

13          THE COURT:  Mr. Zensky?

14          MR. ZENSKY:  Yes.  Good afternoon, Your Honor.

15  David Zensky, Akin Gump Strauss Hauer & Feld, for Aurelius

16  and the Noteholders.  Would Your Honor wish to spend 30

17  seconds discussing the time allocation for tomorrow?  You

18  had previously said that there would be a three-hour

19  hearing.  The starting time got moved up.  It was certainly

20  my understanding we were still on the three-hour clock and I

21  don't think we need more time than that.  But I have polled

22  all the parties wishing to speak tomorrow and do have a

23  rough sense of how we wish to proceed if the Court wishes to

24  address that.

25          THE COURT:  I am very interested in hearing that.

1          MR. ZENSKY:  Okay.  The parties are planning to

2   proceed initially with the Reconsideration Motion addressing

3   the subordination issue.  That will take up something along

4   the lines of an hour and 50 minutes by my calculations and

5   there are six parties who wish to be heard on that Motion.

6   Aurelius, Law Debenture, Brigade, Wilmington Trust, EGI, and

7   the Retirees.  I can give more breakdown if the Court

8   wishes, but that's what it totaled up to.

9          THE COURT:  No.

10          MR. ZENSKY:  On the Noteholder Consolidated

11   Reconsideration Motion, Your Honor will recall there were

12   three issues.  The first one deals with the participation of

13   the Litigation Trust by the Senior Lenders.  The only

14   parties planning to speak on that were the Noteholders and

15   the DCL Plan Proponents.  That should run something along

16   the lines of 25 minutes between the parties.  It's pretty

17   straightforward I think from both parties' perspective.

18          And the second issue was the clarification on the

19   meaning of the charts in the early part of the Court's

20   confirmation opinion and the only parties wishing to speak

21   on that were the Noteholders and the certain Directors and

22   Officer defendants and that is an eight to ten-minute issue,

23   Your Honor, at most.  It's pretty straightforward.

24          And last is the bar order, which I believe in

25   total, the parties wishing to speak added up to about 40

1  minutes.  The Noteholder, Plan Proponent, the DCL Plan

2  Proponents, EGI, and the Directors and Officers.  And if

3  I've left anyone else -- anyone out unintentionally, please

4  join in.  So that would more or less get us done in

5  something like three hours.  It might be a few minutes over

6  if that comports with the Court's ideas for tomorrow.

7            THE COURT:  Well, a few minutes one way or

8  another won't kill me, Mr. Zensky.

9            MR. ZENSKY:  Okay.  The only issue I think that

10  remains that Mr. Bendernagel and I were discussing, on the

11  second motion, the Noteholder Combined Motion for

12  Reconsideration, there are different people who want to

13  speak in opposition to different issues.  It had been

14  initially my thought to separate it by issue.  If the Court

15  wishes, the Noteholders can put the whole argument forward

16  and then you can hear from everyone.

17            THE COURT:  It's probably to do it better by

18  issue even though it involves people hopping up and down.

19            MR. ZENSKY:  Right.  In some cases yes; in some

20  cases no, because certain parties only want to speak to one

21  of those issues.

22            THE COURT:  All right.

23            MR. ZENSKY:  Okay.  Thank you, Your Honor.

24            THE COURT:  Anyone else care to be heard on that

25  particular topic?

1  [No audible response.]

2           THE COURT:  Okay.  Anything further for today?

3  Thank you all very much.  That concludes this hearing.

4  Court will stand in recess.

5    (Whereupon, at 2:55 p.m., the hearing was adjourned.)

6                    CERTIFICATION

7           I certify that the foregoing is a correct

8  transcript from the electronic sound recording of the

9  proceedings in the above-entitled matter.

10

11

                                          13 December 2011
12  Tammy Kelly, Transcriber                    Date

13

14

15

16

17

18

19

20

21

22

23

24

25

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **1123(a)(4)**(1) 36:21 | | **afternoon**(12) 14:3 14:4 14:5 16:3 22:2 | | **amendment**(1) 64:25 | | **another**(7) 25:25 27:18 37:10 42:21 42:21 |
| **1129(a)(1)**(1) 52:20 | | 48:12 54:24 61:1 64:15 66:2 68:4 72:14 | | **america**(2) 7:43 7:49 | | 46:2 74:8 |
| **1129(b)(2)**(1) 40:22 | | | | **americas**(1) 55:1 | | |
| **60-day**(2) 67:23 69:14 | | **afterwards**(1) 60:5 | | **amit**(1) 9:27 | | **answer**(4) 16:11 20:25 39:19 65:9 |
| **ability**(10) 39:8 39:18 44:19 51:10 51:15 | | **again**(5) 16:11 36:5 44:24 52:24 69:13 | | **amongst**(1) 58:15 | | **answers**(1) 53:25 |
| 51:19 53:16 54:8 61:25 63:23 | | **against**(11) 22:15 24:16 24:17 36:12 39:9 | | **amount**(12) 24:14 24:16 27:4 27:5 29:17 | | **any**(34) 15:5 16:8 16:9 18:5 18:22 21:22 |
| | | 42:20 42:21 50:9 50:25 51:20 69:5 | | 31:1 32:1 32:2 32:3 32:22 53:10 59:21 | | 27:2 27:12 28:11 30:17 33:25 35:16 37:13 |
| **able**(13) 24:22 27:24 30:4 31:10 34:23 | | | | | | 37:23 40:3 40:14 43:5 43:20 43:21 43:21 |
| 35:18 53:6 53:15 59:19 60:12 64:24 66:24 | | **agenda**(2) 14:8 18:1 | | **amusing**(1) 33:13 | | 44:18 48:7 52:13 52:23 55:16 58:16 59:23 |
| 67:22 | | **aggregate**(2) 31:1 33:5 | | **analogize**(1) 40:21 | | 65:10 65:25 67:6 67:6 67:7 69:18 72:3 |
| **about**(49) 20:6 20:7 20:13 20:24 22:23 | | **aggressive**(1) 17:19 | | **analysis**(1) 57:22 | | |
| 23:6 23:10 23:19 25:1 25:3 25:15 25:23 | | **agree**(18) 40:12 41:14 41:15 41:18 42:2 | | **and**(301) 12:1 14:11 14:12 14:13 14:13 | | **anybody**(2) 50:5 50:9 |
| 26:11 27:9 29:20 30:21 33:16 34:14 34:20 | | 43:12 45:8 48:20 51:5 52:1 54:13 56:16 | | 14:17 14:23 14:26 15:1 15:4 15:6 15:14 | | **anybody's**(1) 39:4 |
| 41:1 41:6 42:2 43:7 43:15 45:10 46:16 | | 56:25 57:9 67:11 68:11 70:3 70:17 | | 15:18 15:20 15:22 15:23 15:25 15:25 16:6 | | **anyone**(10) 15:6 19:2 60:21 64:3 65:13 |
| 46:21 47:6 47:8 50:10 52:9 54:4 55:11 | | | | 16:11 16:12 16:14 16:19 16:25 17:3 17:5 | | 69:20 71:12 74:3 74:3 74:24 |
| 55:18 57:13 58:14 58:17 59:5 59:10 59:12 | | **agreeable**(1) 69:9 | | 17:6 17:10 17:12 17:21 17:22 18:6 18:13 | | |
| 60:7 60:13 61:14 61:20 68:15 68:21 68:22 | | **agreed**(1) 61:11 | | 18:20 18:23 19:1 19:3 19:6 19:10 19:10 | | **anything**(6) 54:3 54:4 69:7 72:5 72:11 |
| 69:1 73:25 | | **agreement**(6) 3:32 5:45 15:11 26:8 26:18 | | 19:20 19:20 19:21 19:23 19:25 20:3 20:5 | | **anyway**(1) 23:21 |
| | | 39:7 | | 20:7 20:9 20:15 21:2 21:3 21:6 21:11 | | **apart**(1) 28:5 |
| **aboveentitled** (1) 75:9 | | | | 21:12 21:15 21:20 21:25 22:4 22:7 22:7 | | **appear**(1) 44:19 |
| **absence**(1) 25:19 | | **ahead**(3) 52:6 60:16 70:2 | | 22:11 22:11 22:12 22:17 22:18 22:20 | | |
| **absolute**(2) 57:11 58:7 | | **aid**(2) 43:3 60:1 | | 22:25 23:5 23:6 23:8 23:9 23:12 23:13 | | **appearances**(10) 5:44 6:1 6:42 7:4 7:40 |
| **absolutely**(2) 23:2 24:4 | | **ainsley**(1) 12:13 | | 23:18 23:25 24:1 24:2 24:6 24:12 24:18 | | 8:38 9:36 10:34 11:32 12:30 |
| **acceptable**(1) 65:3 | | **akin**(4) 4:3 8:24 19:16 72:15 | | 25:3 25:4 25:8 25:8 25:12 25:14 25:18 | | |
| **account**(1) 52:24 | | **alan**(2) 5:3 68:4 | | 25:22 25:25 26:4 26:7 26:10 26:11 26:18 | | **appears**(4) 37:6 47:12 63:4 70:21 |
| **accurate**(1) 37:12 | | **albert**(1) 5:23 | | 26:18 26:21 26:22 26:25 27:2 27:6 27:10 | | **appendix**(1) 26:1 |
| **accurately**(1) 54:10 | | **alive**(1) 30:19 | | 27:18 27:24 28:2 28:23 29:5 29:10 29:12 | | **apple**(1) 19:12 |
| **acknowledge**(2) 21:1 22:9 | | **alix**(1) 7:27 | | 29:16 29:16 29:18 29:22 30:3 30:7 30:12 | | **applicable**(1) 40:19 |
| **acknowledged**(3) 38:11 38:22 47:22 | | **all**(46) 14:4 15:10 15:15 17:13 17:23 23:3 | | 30:13 30:25 31:3 31:5 31:7 31:16 31:18 | | **application**(3) 14:25 14:26 17:12 |
| **acquiescence**(1) 54:18 | | 28:25 30:9 30:14 31:2 32:14 32:17 32:21 | | 31:18 31:20 31:21 31:25 32:3 32:4 32:8 | | **applications**(1) 15:1 |
| **act**(1) 70:18 | | 34:3 35:2 35:23 36:5 37:16 38:5 40:19 | | 32:13 32:16 32:20 32:23 32:25 32:25 33:4 | | **apply**(3) 66:7 67:24 68:11 |
| **action**(6) 30:12 44:17 46:14 66:7 66:8 | | 45:23 47:17 49:17 51:12 53:3 54:20 56:7 | | 33:7 33:12 33:16 34:2 34:5 34:6 34:9 | | **appreciate**(2) 45:21 54:21 |
| 66:19 | | 56:11 58:9 58:12 58:25 59:4 61:1 61:15 | | 34:11 34:13 34:22 35:3 35:7 35:14 35:16 | | **appreciates**(1) 22:12 |
| | | 61:23 62:14 64:2 66:10 66:15 66:23 68:1 | | 36:2 36:5 36:10 36:13 36:15 36:16 36:17 | | **apprise**(1) 44:16 |
| **activity**(1) 25:2 | | 70:12 72:10 72:22 74:22 75:3 | | 37:5 37:7 37:14 37:16 37:19 37:23 38:1 | | **apprised**(1) 44:19 |
| **actors**(1) 5:2 | | | | 38:10 38:12 38:15 38:16 38:22 39:1 39:2 | | **approach**(12) 16:9 16:11 16:15 17:15 |
| **acts**(1) 56:23 | | **all-cash**(1) 35:4 | | 39:4 39:5 39:8 39:16 39:18 40:1 40:9 | | 17:16 17:21 17:23 20:11 21:7 22:24 32:4 |
| **actual**(2) 57:5 58:17 | | **allegations**(1) 64:1 | | 40:18 40:23 41:12 42:1 42:13 42:14 43:1 | | 72:8 |
| **actually**(9) 24:20 29:24 41:5 49:24 50:19 | | **alleged**(1) 24:3 | | 43:3 43:3 43:10 43:11 43:18 43:20 44:6 | | |
| 55:20 58:24 59:20 65:16 | | **allegedly**(1) 29:3 | | 44:17 44:19 44:19 44:25 45:1 45:2 45:8 | | **approached**(1) 68:10 |
| | | **allies**(2) 23:25 25:8 | | 45:12 45:15 45:18 45:25 46:6 46:11 46:17 | | **appropriate**(5) 22:15 24:8 35:10 64:14 |
| **added**(1) 73:25 | | **allinson**(1) 2:25 | | 47:1 47:3 47:4 47:7 47:15 47:18 47:18 | | 64:14 |
| **adding**(1) 65:9 | | **allison**(1) 7:10 | | 47:21 47:23 47:24 48:2 48:4 48:5 48:7 | | **approve**(2) 15:11 17:12 |
| **addition**(1) 70:23 | | | | 48:17 48:18 48:20 48:21 48:22 49:4 49:10 | | **approved**(4) 18:12 38:18 46:13 58:19 |
| **additional**(4) 53:23 68:8 69:16 70:5 | | **allocation**(75) 15:23 16:8 16:15 16:20 | | 49:11 49:17 49:22 49:25 50:10 50:10 50:10 | | **approximately**(3) 33:1 33:3 56:24 |
| **address**(9) 15:18 49:21 61:6 64:13 64:19 | | 16:22 17:2 17:6 17:14 17:20 18:18 18:22 | | 50:13 50:17 50:18 50:21 50:22 51:1 51:2 | | **april**(1) 20:22 |
| 67:8 69:15 71:9 72:24 | | 19:23 20:2 21:8 21:18 21:22 22:4 22:21 | | 51:4 51:5 51:16 51:9 51:9 51:9 51:13 | | **are**(100) 14:14 16:18 16:25 17:25 17:25 19:18 |
| | | 22:24 23:4 23:9 23:11 23:15 25:19 25:23 | | 52:7 52:11 52:14 52:17 52:19 53:2 53:3 | | 21:2 21:3 22:6 22:18 23:4 25:10 25:25 |
| **addressed**(5) 49:24 49:25 54:14 | | 27:18 27:21 28:14 28:15 28:23 29:8 29:13 | | 53:4 53:5 53:8 53:10 53:17 53:18 53:23 | | 25:18 25:23 25:24 26:20 26:20 27:1 27:6 |
| **addresses**(2) 41:13 68:25 | | 29:22 31:2 31:9 32:14 32:17 33:10 33:14 | | 53:23 53:24 53:25 54:15 54:21 54:21 55:5 | | 28:10 28:10 28:18 29:11 29:23 29:25 31:3 |
| **addressing**(2) 65:21 73:2 | | 34:11 36:4 36:6 36:10 37:25 39:17 39:23 | | 55:11 55:12 56:1 56:4 56:17 57:1 57:3 | | 31:9 31:16 32:11 32:13 32:17 32:23 33:15 |
| **adelman**(1) 8:16 | | 40:3 40:7 41:11 43:15 43:21 44:3 45:1 | | 57:6 57:10 57:12 57:12 57:13 57:13 57:15 | | 34:11 34:23 36:3 36:14 36:17 36:25 37:1 |
| **adequate**(1) 44:15 | | 45:22 46:6 47:13 47:23 48:25 49:4 49:10 | | 57:16 57:25 58:10 58:11 58:12 58:14 | | 37:3 37:8 38:13 38:14 38:25 39:15 41:24 |
| **adjourned**(1) 75:5 | | 49:18 50:18 51:3 53:2 53:3 55:3 55:19 | | 58:15 58:20 59:2 59:4 59:4 | | 43:1 43:3 44:21 45:22 45:25 49:16 50:8 |
| **adjudicate**(2) 18:22 30:14 | | 56:18 60:11 60:11 60:14 60:20 61:15 | | | | 50:12 50:14 50:15 51:18 51:19 52:13 53:1 |
| **adjudication**(1) 53:7 | | 61:17 72:17 | | **and**(103) 55:9 59:11 59:14 59:15 59:18 | | 53:3 53:25 55:7 56:18 57:1 57:7 57:7 |
| **adjust**(1) 23:3 | | | | 59:19 59:20 59:20 59:21 59:24 60:1 60:2 | | 58:1 58:3 58:20 58:22 59:2 59:10 59:24 |
| **adjusted**(1) 20:18 | | **allocations**(1) 28:21 | | 60:5 60:6 60:7 60:9 60:12 60:17 60:18 | | 59:24 61:12 61:18 61:21 62:7 62:8 62:20 |
| **adjustment**(1) 18:24 | | **allow**(13) 27:22 30:1 30:11 30:18 31:18 | | 60:18 61:5 61:10 61:11 61:12 61:14 61:19 | | 62:14 62:18 63:20 65:11 65:23 66:7 66:7 |
| **adler**(3) 2:12 54:24 54:25 | | 31:21 33:6 47:25 49:9 53:7 53:12 53:18 | | 61:21 61:24 62:5 62:6 62:9 62:10 62:11 | | 67:20 68:14 70:23 70:25 71:13 71:15 |
| **administered**(1) 1:6 | | 64:22 | | 62:12 62:13 62:15 62:20 62:24 63:2 63:7 | | 71:24 72:3 73:1 73:5 74:12 |
| **administrativ**(2) 64:21 69:3 | | **allowance**(1) 30:14 | | 63:10 63:14 63:20 63:21 63:24 64:11 | | |
| **admission**(3) 23:19 24:7 24:8 | | **allowed**(4) 27:4 32:24 35:19 53:10 | | 64:13 64:19 65:1 65:9 65:9 65:19 65:23 | | **argue**(7) 20:6 20:6 33:8 35:10 40:7 40:9 |
| **advance**(7) 39:18 40:8 43:16 49:18 60:2 | | **allows**(1) 53:19 | | 66:14 66:16 66:24 67:8 67:21 67:21 67:24 | | 69:8 |
| 60:3 60:20 | | **alluded**(1) 51:25 | | 68:8 68:10 68:10 68:13 68:16 68:17 68:19 | | |
| | | **almost**(1) 39:3 | | 68:25 69:2 69:4 69:14 69:15 69:17 69:18 | | **arguing**(3) 20:24 33:16 45:19 |
| **adversary**(5) 18:9 18:15 40:11 40:15 40:18 | | **along**(4) 19:2 64:12 73:3 73:15 | | 69:23 70:7 70:10 70:11 70:16 70:18 71:3 | | **argument**(1) 74:15 |
| **adverse**(1) 31:3 | | **already**(6) 21:14 44:16 56:12 58:8 63:18 | | 71:7 71:8 71:24 72:16 72:20 72:22 73:4 | | **arguments**(1) 16:13 |
| **advertise**(1) 63:25 | | 63:22 | | 73:4 73:6 73:14 73:18 73:20 73:21 73:21 | | **arise**(1) 25:16 |
| **advisement**(1) 64:13 | | | | 73:22 73:24 74:2 74:2 74:2 74:10 74:16 | | **arisen**(1) 28:21 |
| **advisory**(1) 40:9 | | **also**(18) 24:24 25:1 29:17 29:19 34:11 | | 74:18 | | **arithmetic**(1) 59:11 |
| **advocated**(1) 20:3 | | 36:3 36:21 39:12 40:9 49:20 51:16 56:2 | | | | **around**(1) 28:12 |
| **affected**(5) 28:25 29:19 48:1 57:5 57:8 | | 63:1 66:4 66:7 66:8 70:17 71:9 | | **anderson**(1) 5:8 | | **arrowgrass**(2) 8:4 8:5 |
| **affects**(1) 65:7 | | | | **andrea**(1) 10:5 | | **arsht**(1) 5:21 |
| **afford**(1) 44:17 | | **alston**(1) 11:24 | | **andrew**(8) 3:12 3:20 6:13 6:14 11:8 11:17 | | **article**(1) 30:24 |
| **after**(8) 15:25 25:2 37:24 41:13 48:6 | | **alternatively**(1) 32:15 | | 12:18 66:4 | | **articulated**(2) 48:23 70:7 |
| 51:12 53:22 56:1 | | **alvarez**(1) 8:28 | | | | **articulately**(1) 52:21 |
| | | **amanda**(1) 4:11 | | **angeles**(1) 3:36 | | **articulation**(1) 43:11 |
| | | **amenable**(1) 18:4 | | **angelo**(1) 5:46 | | **ashby**(1) 4:10 |
| | | **amended**(6) 38:19 38:24 40:6 43:4 52:24 | | **anna**(2) 9:13 9:13 | | **ashley**(1) 6:6 |
| | | 55:5 | | | | **aside**(3) 35:9 63:12 64:18 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

ask(18) 15:6 23:21 28:3 44:23 45:7 51:10 51:15 51:16 51:19 52:10 53:17 53:23 53:24 54:9 56:10 62:22 67:24

asked(3) 28:18 68:13 68:17
asking(3) 22:14 55:11 69:7
asks(5) 68:24 68:25 69:4
aspect(3) 57:19 57:20 57:20
asserted(1) 50:25
assertions(1) 21:5
asset(2) 11:39 11:40
assume(1) 15:2
assumes(4) 32:19 34:7 34:8 34:11
assuming(2) 41:12 58:21
assumption(1) 61:15
assumptions(1) 32:11
attached(2) 69:11 70:17

attacked(1) 19:9
attempt(3) 30:16 45:16 63:24
attempting(1) 65:23
attention(1) 63:3
audible(4) 15:9 64:5 65:15 75:1
august(1) 67:16

aurelius(28) 4:2 8:15 8:20 19:14 19:16 19:20 20:3 20:8 20:16 20:21 22:11 25:8 29:20 43:18 45:2 46:16 46:23 48:18 48:19 48:21 48:23 49:3 49:9 54:19 55:2 56:16 72:15 73:6

aurelius'(5) 14:17 21:7 23:25 34:8 61:9
austin(1) 1:24 7:7
authority(1) 15:17
avail(1) 35:12
ave(1) 5:37
avenue(6) 1:37 2:6 3:28 3:35 4:12 4:19
avoid(2) 17:21 38:3
avoids(2) 16:9 16:16
await(1) 65:24
aware(6) 14:14 36:17 36:21 50:3 55:25 69:2

away(4) 33:10 36:5 39:7 61:22
axiomatic(1) 27:12

b.r(1) 37:6
back(6) 23:25 24:19 26:12 53:22 54:9
banc(2) 2:4 12:7
bank(14) 5:15 7:43 7:49 11:49 53:14 53:16 54:23 54:25 55:9 56:1 56:3 56:14 70:15 70:16
banking(1) 70:18
bankruptcy(15) 1:1 1:20 16:10 17:22 18:21 30:17 36:18 36:23 40:9 40:13 43:5 46:18 56:3 59:18 59:25

bar(1) 73:24
barclays(2) 9:17 9:22
bargain(1) 29:4
barnes(1) 3:40
based(3) 20:16 35:7 57:24
baseline(1) 28:17
basic(1) 36:23
basis(6) 34:4 37:19 54:1 55:17 69:14 69:15

bear(1) 62:22
because(23) 24:15 24:18 28:13 29:5 30:15 34:6 35:9 35:13 35:19 37:10 43:8 51:18 51:18 52:18 52:24 54:16 55:25 59:18 60:2 60:12 63:11 64:9 74:20

beck(4) 5:16 70:14 70:14 71:11
becoming(1) 65:18
been(20) 18:10 18:12 26:1 32:8 33:16 39:8 47:19 51:23 53:12 53:21 56:11 57:14 61:16 62:4 64:7 64:23 65:1 71:7 71:20 74:13

before(19) 1:19 17:4 22:19 25:20 28:23 28:24 36:4 38:9 39:23 41:5 41:12 47:14 48:16 53:10 63:21 68:12 68:23 68:24 69:15

beforehand(1) 60:4
begin(1) 19:6
beginning(1) 53:24
begins(1) 39:24

behalf(13) 14:6 15:18 16:4 48:14 48:23 54:25 55:2 56:22 64:16 64:20 68:5 70:15 72:7

being(14) 16:15 16:16 22:18 25:14 28:18 33:9 37:3 42:3 52:11 59:9 62:1 63:6 63:13 68:20

belated(1) 39:19

belknap(1) 9:5
bench(1) 17:5
bendernagel(2) 1:25 74:10
beneficiaries(2) 26:24 38:25

benefit(11) 26:2 26:9 29:2 29:3 29:4 36:14 37:1 37:1 38:1 41:7 45:17

benefits(2) 38:13 38:14
benign(1) 22:23
bennett(1) 9:49
benson(3) 4:30 11:45 56:22
best(2) 29:16 57:5
better(2) 17:16 74:17
between(7) 21:2 28:1 35:1 46:2 57:2 71:8 73:16

beyond(3) 16:25 16:25 64:8
bidding(5) 40:22 41:3 41:4 60:8 60:15
biera(1) 5:47
bifferato(1) 4:36
big(2) 47:11 47:15
bigalow(1) 10:15
billion(1) 35:8
bilmes(2) 6:17 6:18
bingham(2) 12:12 12:12
bird(1) 11:24
bit(4) 20:14 27:9 34:20 53:1
bite(1) 19:11
bitterly(1) 46:16
blabey(1) 6:23
black(1) 28:18
blank(1) 2:37
block(3) 2:31 11:16 18:3
blouse(1) 58:5
bmo(2) 5:15 70:15
bny(3) 66:15 66:16 69:23
bockius(1) 12:7
boelter(1) 1:26 7:8
bog(2) 16:10 17:11
bondholders(1) 62:10
book(1) 39:4
both(13) 22:3 22:12 23:9 26:10 29:16 36:16 39:15 43:18 47:22 62:6 67:12 70:7 73:17

bottom(2) 20:19 32:18
bound(1) 43:17
box(1) 62:2
bradford(5) 2:32 18:2 18:3 40:1 43:1
brady(1) 11:20
branzburg(2) 5:15 70:15
brass(1) 6:46
breakdown(1) 73:7
brett(1) 7:12
brian(1) 7:11
bridge(2) 2:43 26:15
brief(5) 20:17 32:9 49:12 51:9 70:3
briefly(3) 55:24 60:24 60:25
briefs(5) 16:5 16:18 16:24 18:4 61:4
brigade(3) 10:10 10:11 73:6
bring(1) 68:9

bringing(1) 63:15
brings(1) 68:22
broad(2) 41:24 41:24
broader(1) 68:24
broadest(1) 43:20
broadway(1) 4:33
brought(3) 17:4 63:14 63:21
brown(3) 2:18 9:26 48:13
bruce(1) 9:49
bryant(1) 4:6
budget(1) 65:19
buffers(1) 17:14
built(1) 29:21
bunch(1) 61:21
burdensome(1) 53:20
bush(1) 6:12

but(61) 14:14 15:5 17:19 18:6 18:11 19:7 19:25 20:15 22:25 23:1 23:14 23:19 24:1 24:18 24:25 26:1 29:1 30:19 31:17 32:22 34:3 34:16 35:3 35:11 35:12 35:17 37:18 37:24 39:16 41:10 43:1 44:7 45:9 46:21 49:24 50:8 50:24 52:22 53:1 53:9 53:16 55:6 55:25 56:11 57:10 57:19 58:4 58:13 59:2 59:6 60:10 61:20 62:25 63:12 67:11 68:23 69:6 70:21 70:24 72:21 73:8

bynum(1) 6:37
cadwalader(1) 12:1
calculations(1) 73:4
calendar(2) 17:3 46:24
calibrated(1) 47:13
called(1) 37:5
calls(4) 46:2 55:10 62:16 63:15
came(1) 55:13
can(27) 15:25 22:7 23:8 25:15 29:19 35:1 41:21 45:21 47:23 48:2 48:19 51:20 54:1 55:20 55:22 57:4 58:3 58:12 59:14 60:7 60:7 62:11 63:5 70:1 73:7 74:15 74:16

cannot(1) 19:9
cantigny(1) 10:42
cantor(1) 7:44
canyon(2) 10:37 10:37
can't(7) 24:18 33:24 33:25 47:5 48:3 58:4 58:5

capacity(1) 56:14
capital(19) 4:2 5:34 6:17 8:4 8:5 8:15 8:20 9:22 9:47 10:10 10:11 10:20 10:11 11:12 11:28 11:29 12:21 12:21 19:17

care(1) 74:24
carey(1) 1:19
carickhoff(1) 2:38
caridas(1) 6:13
carlan(1) 1:27
carlyle(1) 2:4
carras(1) 9:19
carroll(1) 5:23
case(13) 1:5 8:41 37:5 41:2 42:15 47:9 50:23 57:13 57:20 57:21 59:18 59:22 63: 

cases(5) 17:4 40:25 60:14 74:19 74:20
cash(10) 31:5 32:21 32:22 32:25 35:2 35: 35:7 35:22 35:24 36:1

casting(1) 25:18
catch-all(3) 50:4 50:5 51:13
categories(2) 50:14 50:20
category(1) 51:13
cause(1) 23:5
causes(1) 55:1
centerpiece(1) 59:17
central(5) 57:18 57:20 57:20 60:1 60:12
centre(1) 2:13
certain(10) 20:16 21:17 36:24 45:2 66:18 68:6 68:9 70:9 73:21 74:20

certainly(8) 22:11 22:15 28:23 50:3 65:5 69:18 70:17 72:19

certificates(1) 36:2
certification(3) 65:2 65:25 75:6
certify(1) 75:7
chad(1) 5:22
chadbourne(3) 3:10 6:5 61:2
chance(1) 52:10
chaney(1) 10:38
change(6) 24:9 39:12 39:21 43:11 65:4
changing(1) 25:9
channing(1) 5:34
chapter(4) 1:8 22:13 30:19 40:16
chart(6) 32:5 32:5 32:19 34:13 34:17 61:9
charts(2) 61:12 73:19
chase(4) 4:16 5:4 9:39 9:43
chicago(3) 1:30 2:34 5:31 8:49 9:1
choice(1) 68:9
choose(5) 32:24 32:24 35:1 35:4 35:6 35:22 39:12

chose(1) 35:15
chung(1) 8:1
circumstance(1) 58:8
cite(1) 37:5
cited(2) 42:15 70:18
citi(2) 11:2 11:2
citigroup(1) 10:25
civil(1) 64:19

claim(11) 14:13 29:25 36:13 39:10 40:14 42:20 50:7 50:9 50:15 50:24 63:10

claims(29) 26:3 26:9 27:3 27:23 30:14 30:25 32:21 36:11 36:13 36:14 36:19 36:19 37:8 37:10 37:15 38:1 38:12 38:13 38:25 39:2 45:17 46:4 50:3 50:14 50:25 51:16 53:11 58:1 63:22

clarification(1) 73:18
clarity(1) 32:20
clark(1) 2:33
class(14) 37:10 38:16 50:2 50:3 50:4 50:5 37:3 37:10 38:16 50:2 50:3 50:4 50:5 50:8 50:24

classes(2) 28:1 37:22
classification(5) 36:9 37:4 37:19 38:2
classifications(1) 60:15
classified(2) 36:19 37:9
classify(2) 37:14 37:21
clear(2) 42:14 70:21
clearly(4) 24:15 42:9 42:11 65:10
clerk(3) 15:19 64:20 64:22
clerk's(1) 65:17
clients(3) 68:14 69:3 70:6
clock(1) 72:20
close(1) 59:12
cno(1) 15:2
co-counsel(1) 71:8
cobb(2) 3:3 64:16
code(2) 36:18 52:22
cole(1) 1:33 14:6
collaterally(1) 19:9
colored(1) 61:9
column(1) 46:22
combined(1) 74:11
come(4) 26:12 53:3 53:22 54:9
coming(1) 19:2 56:13
commencemen(2) 21:9 47:14
commentary(1) 20:17
comments(1) 55:1
committee(1) 3:3 6:4 23:2 45:25 61:2 63:7 64:17 66:5 70:4 70:10 71:8

committee's(5) 15:17 15:19 64:18 66:13 68:9

common(2) 12:6 39:14

| Word | Page:Line |
|------|-----------|

**communication**(1) 71:7

**company**(30) 1:8 3:26 6:35 6:35 6:45 11:45 14:7 22:13 22:17 26:3 27:23 30:16 30:18 35:16 36:11 37:15 38:1 38:12 38:24 39:2 45:17 46:4 48:14 50:3 50:8 50:24 51:1 55:1 59:7 62:9

**compare**(1) 30:7
**compared**(1) 47:20
**comparison**(1) 61:9
**compel**(5) 15:20 66:13 67:9 68:9 70:22
**compelling**(3) 66:18 67:3 71:4
**compensation**(1) 8:10
**competing**(5) 19:18 44:23 46:15 57:12 57:14

**complain**(2) 29:20 46:16
**complaining**(1) 47:6
**complains**(1) 40:3
**complaint**(2) 18:9 18:15
**complaints**(2) 47:15 64:23
**complete**(1) 63:5
**comply**(2) 19:1 71:4
**comport**(1) 46:20
**comports**(1) 74:6
**comprehensive**(1) 70:19
**conceiving**(1) 54:2
**concept**(2) 23:5 29:21
**concepts**(1) 30:20
**conceptually**(1) 41:10
**concern**(3) 49:25 50:10 65:6
**concerned**(1) 59:5
**concerning**(5) 49:3 49:5 49:7 51:5 51:11
**concludes**(1) 75:3
**conclusion**(1) 47:7
**conclusions**(1) 37:7
**condition**(2) 29:6 39:8
**conditioned**(1) 33:18
**conditions**(1) 38:20
**conducted**(1) 57:22
**conducting**(1) 41:7
**confirm**(1) 59:13
**confirmation**(59) 16:7 16:16 17:8 17:10 17:19 18:14 18:19 18:23 18:24 19:4 19:6 19:9 19:12 19:16 19:22 19:24 20:3 20:9 20:18 20:20 20:21 21:16 22:19 22:25 25:2 26:12 28:6 38:7 38:18 40:5 40:8 40:12 41:8 41:12 41:13 43:4 43:8 43:10 43:16 44:1 44:2 46:15 46:17 47:7 47:12 49:19 53:1 53:1 53:2 55:5 56:18 57:4 57:24 60:2 60:6 60:17 60:18 60:20 63:18 73:20

**confirmation-related**(1) 15:22
**confirmation.'**(1) 21:25
**confirmed**(3) 17:11 41:5 58:22
**confirms**(1) 63:9
**conlan**(4) 16:3 16:4 20:1 22:1
**connection**(9) 15:7 18:9 18:23 26:12 28:7 41:9 43:17 54:6 66:12

**consensually**(1) 71:20
**consequences**(1) 28:22
**consider**(2) 17:12 52:23
**consideration**(19) 26:11 26:14 27:10 27:13 27:20 28:2 29:11 31:1 31:10 33:9 35:2 36:17 46:5 49:6 49:16 50:11 59:9 59:13 64:11
**considered**(2) 43:11 63:22
**considering**(2) 62:20 62:20
**consist**(1) 31:5
**consistent**(6) 18:7 27:16 41:11 42:4 60:14 69:12

**consisting**(4) 26:4 32:25 35:6 36:12
**consolidated**(1) 73:10
**constituency**(2) 62:11 63:2
**constitute**(1) 26:5
**consumer**(1) 70:19
**contact**(2) 66:19 67:20

**contemplate**(4) 31:12 41:25 42:3 45:12
**contemplated**(1) 30:9
**contemplates**(3) 18:13 20:19 20:21
**contemplation**(2) 40:17 43:3
**contending**(1) 67:3
**contentions**(1) 44:21
**context**(2) 47:8 58:13
**contexts**(1) 58:10
**continued**(16) 2:2 3:1 3:52 4:48 6:2 6:43 7:5 7:41 8:39 9:37 10:35 11:33 12:31 14:10 14:21 67:2

**contractual**(4) 39:6 42:17 42:18 42:23
**contrarian**(2) 11:11 11:12
**contrast**(1) 22:22
**convenient**(1) 51:1
**cooperate**(1) 68:7
**cooperating**(1) 69:6
**cooperstown**(2) 11:28 11:29
**cornerstone**(1) 27:14
**corporation**(1) 10:20
**correct**(1) 75:7
**corrected**(2) 32:8 47:4
**correctly**(1) 40:13
**corroon**(1) 5:8
**could**(14) 16:10 17:21 19:5 19:10 19:11 29:16 30:15 31:15 41:6 52:8 55:14 68:18 69:10 71:21

**couldn't**(3) 35:13 53:14 71:20
**counsel**(4) 19:16 56:8 65:3 66:4
**counted**(1) 46:24
**couple**(3) 20:14 23:6 44:22
**couri**(1) 11:30
**course**(3) 61:17 62:19 67:14
**court**(121) 1:1 14:3 14:13 14:19 15:2 15:4 15:10 15:15 16:2 17:4 17:24 18:6 18:22 19:7 19:14 20:7 20:12 20:15 21:12 21:14 21:17 22:10 23:17 23:21 23:24 24:5 24:1 24:24 25:1 25:21 26:2 27:11 28:3 28:5 28:10 31:12 32:4 32:7 32:10 33:20 33:22 40:10 40:20 40:25 41:1 41:7 41:19 41:21 42:5 42:8 42:10 42:12 42:16 43:9 43:25 44:6 44:11 44:24 45:7 45:18 47:1 47:18 48:9 48:11 48:17 48:20 52:1 54:22 54:23 55:5 55:6 55:25 56:20 57:22 58:18 59:5 60:21 60:25 63:18 64:3 64:6 64:20 64:22 65:4 65:13 65:16 65:24 66:11 66:21 67:8 67:9 67:11 68:1 68:8 68:15 68:20 69:20 69:25 70:2 70:13 71:10 71:12 71:15 71:23 72:3 72:5 72:10 72:13 72:23 72:25 73:7 73:9 74:7 74:14 74:17 74:21 74:24 75:2 75:4

**courtroom**(1) 1:10 14:14 57:18
**courts**(1) 59:25
**court's**(10) 14:9 15:23 17:3 22:12 25:22 29:18 47:19 69:13 73:19 74:6
**crafted**(3) 50:18 51:13 51:13
**create**(1) 37:4
**created**(1) 30:17
**credit**(6) 3:32 5:45 9:30 9:31 40:22 41:3
**credit-bidding**(1) 41:4
**creditor**(6) 34:20 36:24 36:25 37:22 58:20 58:21

**creditors**(36) 3:4 6:55 22:17 23:1 23:14 25:12 25:18 26:5 27:16 27:17 27:23 28:1 29:19 29:23 30:3 31:7 32:13 35:23 36:12 39:10 39:14 42:1 48:1 48:2 50:6 58:16 58:25 59:2 59:8 60:12 61:3 62:15 62:17 62:24 62:25 63:1 64:17

**creditors'**(2) 37:9 59:1
**creditor's**(2) 45:25 66:5
**criticism**(2) 29:14 33:12
**curious**(1) 25:1
**current**(1) 66:24
**customers**(3) 68:15 68:19 68:21

**damien**(1) 4:18
**dan**(1) 3:5
**daniel**(5) 4:7 7:44 7:46 19:15 64:15
**data**(1) 1:43
**date**(12) 14:22 19:3 23:3 28:24 29:1 29:7 33:15 33:17 34:12 56:1 67:25 75:13

**dates**(1) 61:11
**davidson**(1) 6:26
**davis**(2) 4:16 9:39
**day**(3) 31:8 43:10 45:4
**day-for-day**(2) 46:24 47:5
**days**(6) 66:20 67:15 67:25 69:2 69:18 71: 
**days'**(1) 52:16
**dbtca**(1) 2:10
**dcl**(56) 16:6 17:18 18:16 18:21 19:19 20:19 21:10 21:13 21:21 21:24 22:8 24:1 24:21 25:10 25:25 27:15 27:21 28:16 30:9 30:21 30:22 31:12 31:20 33:6 34:1 34:25 37:13 38:11 39:9 40:6 40:17 43:4 43:4 45:1 45:4 46:16 47:12 48:18 50:4 50:17 50:19 51:12 51:24 52:4 52:5 52:13 52:14 57:19 57:21 59:3 61:10 62:7 62:16 63:9 73:15 74:1

**dcls**(16) 21:5 22:22 33:12 34:8 35:20 37:4 37:14 37:18 37:21 38:22 43:19 45:11 45:15 51:1 58:9 58:22

**dcl's**(3) 20:17 22:12 25:14
**deadline**(1) 21:25
**deal**(1) 38:5
**deals**(2) 38:9 73:12
**dealt**(1) 41:4
**dearborn**(1) 1:29
**debenture**(4) 4:30 11:44 56:20 56:23 56:21 73:6
**debenture's**(1) 14:16
**debtor**(4) 7:7 14:6 37:11 37:16
**debtors**(19) 1:12 1:24 16:4 18:16 18:22 20:5 22:3 23:1 27:25 29:14 30:22 31:20 32:1 45:24 50:17 51:11 62:16 63:7 72:7
**debtors'**(4) 14:22 29:6 38:19 50:22
**debtor's**(1) 49:6
**december**(7) 1:14 14:1 45:5 45:5 52:7 56:5 75:12

**decide**(3) 40:10 60:1 60:19
**decided**(7) 18:9 18:14 41:11 43:7 44:8 55:3 60:16
**deciding**(2) 42:16 61:20
**decision**(8) 17:10 25:3 25:22 37:19 55:17 55:22 61:5 63:18
**decision-making**(2) 57:16 60:18
**decisions**(5) 25:13 30:4 30:4 44:1 48:4
**decline**(1) 67:2
**deemed**(1) 19:6 54:18
**defeats**(1) 58:7
**defendant**(1) 71:17
**defendant's**(1) 8:10
**defendants**(17) 4:50 6:49 8:9 15:18 64:23 65:8 65:11 66:8 66:8 66:8 68:8 68:10 68:11 69:24 70:5 70:8 73:22

**defined**(6) 26:6 26:7 43:19 50:5 50:16
**definitively**(1) 22:20
**degree**(1) 63:6
**degrees**(1) 58:10

**delaware**(7) 1:2 1:12 1:37 2:6 4:12 5:37 14:1

**delay**(4) 16:9 38:6 47:20 47:21
**deliver**(2) 63:23 63:24
**demands**(2) 52:6 53:23
**denied**(1) 68:24
**denton**(1) 5:28
**denton's**(2) 14:25 14:26
**depending**(2) 21:16 39:16
**deposition**(2) 52:10 53:13
**depositions**(2) 45:12 45:16
**describe**(1) 16:17
**described**(1) 16:12
**describes**(1) 29:17
**deserve**(1) 67:3
**deserves**(1) 63:3
**desire**(1) 22:13
**despite**(1) 37:9
**detail**(1) 20:14
**determine**(5) 20:1 27:25 36:11 42:1 55:19
**determined**(3) 22:20 33:6 38:24
**determines**(1) 45:19
**detriment**(1) 57:8
**deutsch**(1) 6:7
**deutsche**(9) 53:14 53:16 54:23 54:25 55:9 56:1 56:3 56:14 70:16

**dev**(2) 35:5 35:7
**developed**(2) 50:18 54:10
**deviate**(1) 61:5
**devon**(1) 11:36
**dewey**(2) 3:33 9:48
**diamond**(1) 6:31
**diaz**(1) 1:43
**dictate**(1) 39:22
**dictates**(1) 39:14
**did**(10) 15:4 19:1 30:20 33:22 37:14 47:1 61:19 62:13 63:25 67:8

**didn't**(4) 35:13 37:20 37:21 46:21
**difference**(1) 57:2
**differences**(4) 21:1 21:3 35:10 45:3
**different**(11) 22:22 28:20 30:20 42:19 50:6 50:20 58:16 61:12 61:25 74:12 74:13

**differently**(2) 37:3 52:12
**difficult**(1) 33:8
**difficulty**(1) 54:2
**direct**(1) 71:24
**directly**(1) 27:19
**directors**(3) 7:1 73:21 74:2
**dirt**(1) 63:6
**disadvantage**(1) 24:3
**disagree**(3) 23:10 41:14 49:2
**disagreements**(1) 42:23
**disagrees**(1) 27:11
**disclosure**(10) 24:19 29:15 38:23 50:22 55:11 55:13 56:2 52:6 52:15 53:13 53:22 53:23 55:24 56:7 56:9 56:13

**discovery**(17) 16:22 16:23 17:1 45:4 45:6 50:11 51:20 52:6 52:15 53:13 53:13 53:22 53:23 55:24 56:7 56:9 56:13

**discreet**(1) 61:6
**discrepancy**(1) 35:11
**discretion**(1) 30:23
**discrimination**(6) 45:13 52:19 52:21 63:10 63:10 63:23

**discuss**(1) 19:18
**discussed**(1) 53:10
**discussing**(2) 72:17 74:10
**discussion**(2) 47:18 64:8
**discussions**(1) 67:5

| Word | Page:Line |
|---|---|
| dispute(23) 17:2 17:20 18:18 18:22 19:2 19:5 19:23 20:2 22:24 24:2 26:11 27:18 27:21 33:18 42:2 43:15 43:21 44:25 45:1 46:6 50:2 50:12 51:3 | |
| dissimilar(1) 57:1 | |
| distinction(1) 37:18 | |
| distributable(1) 35:5 | |
| distribution(4) 27:12 57:21 57:23 58:18 | |
| distributions(10) 26:19 30:24 31:17 49:15 58:14 58:15 58:25 59:1 59:21 60:8 | |
| district(1) 1:2 | |
| divulge(1) 68:20 | |
| docket(1) 68:17 | |
| documents(7) 15:20 53:17 56:7 56:11 66:14 68:7 69:11 | |
| does(11) 17:23 19:3 31:12 34:1 46:9 59:22 60:21 65:9 65:13 69:20 71:12 | |
| doesn't(7) 19:11 29:12 34:13 43:9 46:20 58:13 58:13 | |
| doing(2) 69:1 69:6 | |
| dollar(2) 24:14 24:16 | |
| don(1) 7:22 | |
| done(17) 15:14 35:4 40:7 43:3 43:23 44:2 44:6 48:8 51:2 57:4 57:8 60:6 60:8 60:9 60:10 60:11 74:4 | |
| don't(38) 15:4 15:5 16:8 16:18 16:21 16:23 17:5 22:5 23:10 23:18 24:7 24:18 25:3 25:4 27:11 28:18 29:25 34:15 34:25 35:21 35:24 37:23 38:2 38:6 39:20 40:17 44:4 44:20 46:7 46:11 48:9 52:17 54:16 61:5 67:23 68:14 72:21 | |
| dougherty(1) 7:2 | |
| douglas(1) 6:7 | |
| down(7) 16:10 17:22 38:4 39:16 39:16 48:5 74:18 | |
| dramatic(1) 45:3 | |
| dramatically(1) 28:20 | |
| drew(1) 4:24 | |
| drive(1) 5:30 | |
| driver(1) 38:16 | |
| driving(1) 57:7 | |
| drop(1) 39:3 | |
| dual(3) 16:14 48:17 59:14 | |
| dual-track(3) 16:11 17:22 22:23 | |
| due(3) 44:14 51:6 65:18 | |
| dunn(1) 8:6 | |
| duties(1) 71:4 | |
| dynamic(1) 71:19 | |
| each(3) 36:22 37:17 47:5 | |
| earlier(1) 60:9 | |
| early(1) 73:19 | |
| economic(1) 38:16 | |
| economically(1) 21:18 | |
| ecro(1) 1:41 | |
| edelson(1) 5:36 | |
| effect(2) 23:6 42:2 | |
| effective(10) 23:3 28:24 29:1 29:6 29:7 33:15 33:17 34:12 48:6 56:4 | |
| effectively(1) 62:8 | |
| effort(1) 68:7 | |
| eggert(1) 11:36 | |

| Word | Page:Line |
|---|---|
| eggs(1) 28:5 | |
| egi(17) 25:11 25:18 26:25 27:2 27:24 31:19 31:21 31:25 32:16 34:2 34:9 38:15 39:1 43:14 51:15 73:6 74:2 | |
| egi-trb(19) 2:31 11:16 18:1 18:3 26:7 26:18 26:21 27:7 31:13 31:16 32:23 33:7 36:15 38:9 40:1 40:2 40:4 42:14 44:21 | |
| egi-trb's(1) 40:2 | |
| egi's(1) 45:18 | |
| eight(2) 14:25 73:22 | |
| eisele(1) 7:28 | |
| either(10) 18:13 26:5 27:19 31:13 32:12 40:11 41:12 43:4 43:25 67:4 | |
| elden(1) 7:1 | |
| eldersveld(1) 7:18 | |
| elect(2) 31:8 31:18 | |
| elected(2) 31:21 32:21 | |
| electing(1) 35:18 | |
| election(6) 31:14 31:22 31:25 34:4 49:14 55:13 | |
| elections(13) 22:18 31:6 31:19 31:25 32:24 33:7 34:2 34:9 34:20 34:23 34:24 35:25 36:3 | |
| electronic(2) 1:48 75:8 | |
| elimination(1) 57:25 | |
| else(10) 19:11 34:15 50:9 60:21 64:3 65:13 69:20 71:12 74:3 74:24 | |
| emerge(2) 22:13 30:18 | |
| emery(1) 7:31 | |
| eminent(1) 55:19 | |
| employees(1) 8:9 | |
| end(2) 17:17 31:8 | |
| endeavors(1) 60:18 | |
| ended(1) 24:1 | |
| endorsed(1) 19:20 | |
| english(2) 2:10 54:25 | |
| enough(4) 14:23 39:22 41:24 41:24 | |
| ensure(1) 27:17 | |
| enter(2) 14:23 66:6 | |
| entered(4) 66:17 68:19 70:24 71:3 | |
| enterprise(1) 35:5 | |
| enters(1) 19:7 | |
| entire(2) 43:24 58:5 | |
| entirely(1) 70:21 | |
| entities(1) 11:20 | |
| entitled(15) 27:1 28:10 29:11 30:3 31:16 32:13 32:16 36:14 36:25 37:1 38:13 38:14 45:19 46:23 61:9 | |
| entitling(1) 26:8 | |
| entity(1) 35:3 | |
| entry(5) 67:17 67:24 67:25 70:21 71:5 | |
| ephraim(1) 6:17 | |
| equal(2) 30:23 38:21 | |
| eric(3) 6:17 6:18 11:21 | |
| ernst(1) 11:24 | |
| especially(2) 30:1 | |
| esq(115) 1:25 1:26 1:27 1:28 1:35 1:36 2:5 2:11 2:12 2:19 2:20 2:26 2:32 2:38 2:44 3:4 3:5 3:11 3:12 3:13 3:19 3:20 3:27 3:34 3:41 3:42 4:4 4:5 4:11 4:17 4:18 4:24 4:32 4:37 5:3 5:9 5:16 5:22 5:23 5:29 5:36 5:47 6:6 6:7 6:8 6:12 6:14 6:23 6:27 6:31 6:36 6:37 6:46 7:2 7:8 7:9 7:10 7:11 7:12 7:13 7:14 7:20 7:32 7:44 7:45 7:46 8:1 8:6 8:12 8:13 8:17 8:25 8:42 8:46 9:2 9:6 9:10 9:18 9:19 9:23 9:27 9:32 9:40 9:44 9:49 10:5 10:7 10:12 10:16 10:21 10:30 10:33 10:38 10:44 10:48 11:3 11:8 11:13 11:17 11:21 11:25 11:30 11:36 11:41 11:46 12:2 12:8 12:9 12:13 12:18 12:22 12:26 12:33 | |
| essential(1) 60:12 | |

| Word | Page:Line |
|---|---|
| essentially(2) 23:1 68:11 | |
| establish(1) 30:23 | |
| established(1) 33:14 | |
| estate(2) 30:11 43:5 | |
| estates(3) 45:24 58:21 59:4 | |
| ester(1) 8:1 | |
| evan(1) 7:45 | |
| eve(1) 5:47 | |
| even(10) 31:14 42:17 42:22 42:25 45:18 45:25 52:16 52:17 64:8 74:18 | |
| event(4) 39:4 39:6 39:13 47:5 | |
| every(4) 27:18 27:21 62:1 71:17 | |
| everybody(2) 14:14 57:18 | |
| everyone(2) 14:3 74:16 | |
| evidence(1) 46:8 | |
| evidentiary(1) 22:7 | |
| exacerbated(1) 55:12 | |
| exacerbating(1) 34:21 | |
| exactly(1) 25:22 | |
| examiner(1) 11:23 | |
| example(6) 34:25 40:22 45:4 49:11 49:13 50:21 | |
| except(1) 18:9 40:15 66:15 | |
| excess(1) 38:21 | |
| excessively(1) 17:19 | |
| excuse(2) 14:11 71:14 | |
| exercise(2) 25:6 25:7 | |
| exhibit(2) 18:20 52:4 | |
| exist(1) 47:25 | |
| exists(1) 71:19 | |
| exit(2) 16:10 17:22 | |
| expect(3) 17:9 23:18 54:19 | |
| expedited(1) 53:6 | |
| expedition(1) 49:10 | |
| expeditiously(1) 38:6 | |
| expert(12) 45:12 45:12 45:15 45:15 46:8 46:11 52:1 52:2 52:9 52:14 52:15 52:17 | |
| experts(2) 52:5 52:16 | |
| explain(1) 20:9 | |
| expression(1) 25:24 | |
| expressly(2) 18:8 44:1 | |
| ext(1) 8:14 | |
| extent(4) 23:3 33:10 34:22 51:6 | |
| extreme(2) 34:6 34:13 | |
| f.c.2(1) 64:20 | |
| face(1) 48:4 | |
| fact(23) 19:3 24:13 25:16 28:20 29:20 29:22 31:18 31:24 33:4 37:12 42:22 46:3 46:19 47:22 52:5 52:8 52:13 52:14 54:14 63:19 69:2 69:6 69:9 | |
| facts(1) 37:7 | |
| factual(3) 16:19 22:7 53:15 | |
| fair(3) 29:17 30:1 53:7 | |
| fall(1) 57:11 | |
| fallon(1) 6:36 | |
| falls(1) 52:21 | |
| far(3) 42:14 42:19 50:11 | |
| fargo(3) 5:21 8:41 69:23 | |
| farr(2) 12:16 12:17 | |
| favor(5) 21:7 24:20 32:15 32:18 57:11 | |
| favorable(1) 34:8 | |
| fcc(1) 17:12 | |
| february(4) 19:5 19:7 61:16 61:24 | |
| federal(2) 46:8 64:19 | |
| fee(3) 12:25 14:25 14:26 | |
| feel(1) 56:10 | |
| feld(4) 4:3 8:24 19:16 72:15 | |
| felt(2) 22:16 | |
| few(4) 24:15 59:15 74:5 74:7 | |
| fiduciaries(1) 45:24 | |
| fiduciary(1) 35:23 | |
| field(1) 46:1 | |
| fight(1) 46:21 | |
| fighting(1) 51:4 | |
| fights(1) 5:22 | |

| Word | Page:Line |
|---|---|
| figure(2) 58:6 58:12 | |
| file(4) 16:23 51:9 52:6 68:18 | |
| filed(10) 5:12 16:18 17:5 26:1 40:11 42:14 49:12 49:13 49:22 56:3 | |
| filing(1) 16:25 | |
| final(1) 38:8 | |
| finally(5) 17:3 27:6 36:11 53:8 63:4 | |
| financial(2) 37:6 70:22 | |
| find(3) 37:1 48:2 53:25 | |
| findings(1) 37:7 | |
| finger(1) 4:23 | |
| firm(1) 48:13 | |
| first(15) 15:25 19:22 21:4 21:10 26:3 27:9 28:11 28:13 41:15 44:25 55:20 61:8 62:3 70:12 73:12 | |
| five(3) 14:17 21:10 27:4 | |
| flaw(1) 41:22 | |
| flooded(1) 55:10 | |
| floor(3) 2:14 3:28 5:11 | |
| flow(3) 27:15 27:20 49:5 | |
| fluctuations(1) 39:15 | |
| focus(2) 16:6 17:18 | |
| followed(2) 23:8 61:4 | |
| footnote(1) 61:14 | |
| for(184) 1:2 1:24 2:4 2:10 2:18 2:31 2:43 3:3 3:32 3:40 4:2 4:16 4:30 5:8 5:15 5:2 5:28 5:34 5:45 6:17 6:21 6:26 6:34 6:45 6:49 7:7 7:43 8:4 8:9 8:15 8:28 8:41 8:49 9:5 9:9 9:13 9:17 9:30 9:39 9:47 10:10 10:10 10:15 10:19 10:25 10:30 10:37 10:41 10:47 11:2 11:6 11:11 11:16 11:22 11:24 11:28 11:35 11:39 11:44 11:49 12:5 12:12 12:16 12:21 12:25 12:32 14:14 14:15 14:16 14:17 14:18 15:1 15:2 15:12 15:17 15:22 16:9 17:9 17:11 17:14 18:3 18:5 18:6 18:10 18:11 18:12 18:24 19:16 19:21 21:5 21:14 21:24 22:3 22:13 23:14 25:15 25:21 26:2 28:7 29:2 29:10 30:2 31:4 32:19 33:16 34:4 34:19 34:21 34:25 35:23 37:8 37:19 37:22 39:18 39:21 39:25 40:16 40:22 43:5 43:22 45:3 45:24 46:8 46:11 47:5 47:13 47:17 47:19 48:12 48:15 48:17 48:18 48:22 49:5 50:1 50:21 51:11 52:15 52:22 52:24 53:2 53:7 53:12 53:17 53:18 53:23 55:16 56:2 56:8 56:15 56:23 57:4 57:14 58:6 58:6 60:12 61:2 62:16 63:15 63:16 64:11 64:18 65:17 66:14 66:15 67:14 68:24 68:25 69:4 69:7 70:5 70:7 70:8 71:2 71:13 71:15 71:25 72:5 72:11 72:15 72:17 74:6 74:11 75:2 | |
| force(1) 23:12 | |
| forced(3) 22:18 25:18 34:24 | |
| forcing(1) 36:3 | |
| foregoing(1) 42:2 | |
| foreign(8) 15:18 64:23 65:6 65:8 65:10 66:3 66:6 66:8 | |
| forget(1) 41:10 | |
| form(4) 15:11 15:25 65:1 72:9 | |
| forma(1) 69:10 | |
| formal(1) 40:5 40:8 43:8 43:16 54:1 | |
| forman(1) 1:33 | |
| former(2) 6:49 56:14 | |
| forms(1) 55:13 | |
| formulation(1) 62:8 | |
| forth(5) 19:19 29:16 30:22 48:21 49:9 | |
| forward(13) 21:16 22:19 23:14 43:18 43:19 49:8 51:8 53:19 55:4 56:17 59:16 69:16 74:15 | |
| found(2) 33:13 63:18 | |
| foundation(2) 10:42 10:43 | |
| four(4) 14:16 26:24 28:1 52:16 | |
| fourteen(1) 14:26 | |
| fox(2) 2:43 8:17 | |
| framework(1) 42:18 | |
| frank(4) 8:11 8:12 8:28 8:29 | |
| frankel(1) 6:21 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **frankly**(17) 22:12 23:13 29:12 30:6 33:12 35:22 40:18 43:17 45:21 45:23 49:18 49:25 51:15 52:18 53:19 64:21 68:21 | | **good**(14) 14:3 14:4 14:5 16:3 48:12 54:24 59:25 61:1 63:19 64:15 66:2 68:4 71:17 72:14 | | **hearing**(24) 15:20 18:15 19:12 20:20 20:21 21:6 26:12 34:7 34:15 40:5 40:8 43:2 43:8 43:16 60:3 63:5 64:12 64:25 71:25 72:1 72:19 72:25 75:3 75:5 | | **immediately**(1) 56:3 | |
| | | | | | | **impact**(1) 29:19 | |
| | | **gordon**(1) 2:20 5:46 48:13 | | | | **impacted**(2) 36:3 48:25 | |
| **fraudulant**(1) 5:1 | | **got**(3) 55:12 68:22 72:19 | | | | **implement**(1) 63:20 | |
| **freeborn**(1) 11:35 | | **gotshal**(1) 10:4 | | **hearings**(4) 19:4 19:6 43:2 59:18 | | **implemented**(1) 63:17 | |
| **friedman**(4) 4:30 8:16 11:45 56:22 | | **gotten**(2) 63:2 69:11 | | **hearken**(1) 24:19 | | **implicated**(1) 42:22 | |
| **fringe**(1) 58:4 | | **grab**(1) 15:14 | | **heart**(1) 59:17 | | **implicates**(1) 27:19 | |
| **from**(38) 14:6 16:10 17:7 17:22 17:24 19:2 20:17 22:13 23:19 26:19 28:5 30:18 36:15 39:7 42:14 44:22 48:19 53:24 54:25 55:10 55:15 58:18 59:25 61:2 61:5 61:22 61:25 63:12 64:3 65:19 66:18 67:23 68:3 68:7 69:23 73:17 74:16 75:8 | | **graeme**(1) 6:12 | | **hearts**(1) 24:1 | | **implications**(2) 25:16 27:8 | |
| | | **grand**(1) 3:35 | | **heavily**(2) 21:6 21:7 | | **important**(9) 17:7 21:1 49:7 49:17 51:21 57:4 62:12 63:2 63:19 | |
| | | **grant**(2) 10:12 36:1 | | **height**(1) 58:23 | | | |
| | | **granted**(1) 70:11 | | **heiligman**(1) 8:13 | | | |
| | | **grateful**(1) 65:17 | | **held**(3) 24:21 35:14 39:12 | | **importantly**(2) 19:25 35:15 | |
| | | **great**(2) 2:4 12:7 | | **helpful**(1) 64:7 | | **impossible**(3) 17:1 22:3 47:13 | |
| | | **green**(1) 3:4 | | **hercules**(1) 3:7 | | **improper**(1) 40:6 | |
| **front**(2) 34:6 38:5 | | **gregory**(2) 7:32 8:17 | | **here**(26) 16:13 19:18 20:1 21:1 24:8 33:24 39:5 40:19 44:15 47:16 48:1 50:12 52:23 57:6 57:12 57:15 57:24 59:2 60:10 60:11 62:23 68:5 69:8 71:13 71:15 71:20 | | **inappropriate**(3) 30:13 34:18 47:24 | |
| **fuks**(1) 11:41 | | **greissman**(1) 8:42 | | | | **inc**(1) 9:22 | |
| **full**(4) 28:25 29:3 29:4 62:18 | | **grian**(1) 9:6 | | | | **include**(2) 50:5 62:23 | |
| **fully**(2) 24:8 30:11 | | **grippo**(1) 7:1 | | | | **included**(2) 43:20 50:7 | |
| **function**(1) 59:5 | | **group**(6) 8:11 10:31 10:47 10:47 37:6 61:4 | | **here's**(3) 58:11 58:12 71:23 | | **includes**(1) 50:24 | |
| **fund**(1) 12:6 | | **gruszka**(1) 9:2 | | **he'll**(1) 66:6 | | **including**(4) 38:12 39:2 39:11 49:7 | |
| **fundamental**(2) 8:49 9:1 | | **guess**(1) 34:10 | | **high**(2) 55:15 56:6 | | **incorporated**(1) 21:12 | |
| **funding**(1) 62:25 | | **guiney**(1) 9:6 | | **high-low**(2) 27:5 53:9 | | **indebtedness**(8) 26:6 50:16 50:16 51:7 51:7 51:12 51:18 55:7 | |
| **funds**(1) 68:14 | | **gump**(4) 4:3 8:24 19:16 72:15 | | **higher-valued**(1) 35:12 | | | |
| **further**(10) 20:14 31:4 34:21 55:12 64:6 64:10 67:7 72:5 72:11 75:2 | | **gwen**(1) 10:16 | | **highly**(1) 21:22 | | **indenture**(12) 20:4 26:6 26:17 26:21 36:15 48:14 50:1 50:17 51:8 56:2 56:14 56:23 | |
| | | **had**(10) 32:5 37:16 49:11 67:1 67:15 67:21 68:12 68:23 72:18 74:13 | | **his**(1) 61:24 | | | |
| | | | | **history**(1) 50:23 | | | |
| **furtherance**(2) 60:2 60:5 | | | | **hold**(2) 15:6 56:17 | | **indentured**(1) 19:21 | |
| **gallagher**(1) 12:17 12:17 | | **hadley**(2) 5:2 68:5 | | **holder**(1) 51:16 | | **independent**(1) 57:10 | |
| **garrison**(1) 10:26 | | **halcyon**(2) 11:39 11:40 | | **holders**(9) 27:2 30:25 34:2 39:11 50:12 55:7 55:11 55:16 55:21 | | **indicated**(4) 18:4 64:12 66:6 67:21 | |
| **garvan**(1) 4:37 | | **half**(2) 20:19 57:13 | | | | **indirectly**(1) 27:19 | |
| **gary**(1) 7:24 | | **hammerman**(1) 9:18 | | | | **individual**(4) 55:7 55:10 55:16 55:21 | |
| **gate**(1) 62:21 | | **hand**(5) 15:16 19:19 20:7 32:4 45:25 | | **holders'**(1) 31:1 | | **inform**(2) 25:22 56:12 | |
| **gavin**(1) 5:47 | | **handed**(2) 44:24 61:8 | | **hole**(1) 28:18 | | **informal**(1) 54:1 | |
| **geared**(2) 25:6 25:9 | | **handful**(1) 50:6 | | **holmstead**(1) 9:10 | | **information**(13) 51:11 55:21 57:16 59:22 66:20 67:10 67:20 68:15 68:21 69:4 69:17 70:23 70:25 | |
| **gecker**(1) 8:11 | | **handle**(4) 44:11 66:16 | | **honor**(129) 14:4 14:5 14:8 14:21 14:23 15:13 16:3 16:5 17:10 18:2 18:3 19:13 19:15 19:18 20:6 20:11 20:13 21:4 22:22 24:4 24:15 25:6 25:15 25:20 26:22 27:8 27:10 29:14 29:22 30:6 30:9 30:21 32:3 32:8 32:19 33:2 33:24 34:19 35:25 36:8 36:9 36:17 37:12 37:20 38:8 38:17 38:18 39:25 40:13 41:16 41:23 42:13 43:13 44:5 44:22 45:9 45:21 46:7 46:15 47:4 47:17 48:7 48:12 48:15 49:2 49:16 49:20 50:3 51:22 52:23 53:5 53:8 53:22 54:7 54:9 54:12 54:19 54:24 55:23 56:12 56:15 60:3 60:21 61:1 61:19 62:2 62:22 63:4 63:12 63:14 63:15 63:22 64:2 64:15 64:17 64:2 65:5 65:7 65:22 66:2 66:15 66:16 66:17 66:17 67:6 67:14 67:24 68:4 68:6 69:15 69:19 70:14 71:21 72:4 72:12 72:14 72:16 73:11 73:23 74:23 | | | |
| **geddes**(1) 4:10 | | **happen**(4) 29:16 58:13 58:13 63:16 | | | | **informed**(10) 25:13 25:13 30:3 30:4 48:4 55:17 55:22 57:16 57:16 70:4 | |
| **general**(6) 23:22 26:5 36:12 57:9 62:14 63:1 | | **happening**(1) 20:22 | | | | | |
| | | **happens**(2) 35:15 58:9 | | | | | |
| | | **happy**(5) 19:4 65:2 68:12 69:14 69:16 | | | | **initial**(1) 29:1 | |
| **gentilotti**(1) 4:36 | | **hard**(1) 68:7 | | | | **initially**(3) 67:16 73:2 74:14 | |
| **george**(1) 7:2 | | **hardly**(1) 47:8 | | | | **inkling**(1) 61:20 | |
| **get**(27) 15:14 16:7 17:19 17:20 19:11 19:12 20:25 23:18 28:1 28:19 28:25 29:3 29:4 29:11 31:10 31:16 32:14 38:1 41:6 45:17 46:5 58:3 63:9 65:18 67:22 68:7 74:4 | | **harris**(3) 5:15 70:8 70:15 | | **honorable**(1) 1:19 | | **inquire**(1) 24:22 | |
| | | **harrisburg**(1) 1:45 | | **honor's**(2) 39:19 63:17 | | **insertco**(1) 14:11 | |
| | | **harrison**(2) 5:15 70:15 | | **hoops**(1) 71:18 | | **insist**(1) 33:17 | |
| | | **harvey**(2) 5:15 70:15 | | **hope**(5) 17:8 17:11 64:11 66:24 67:22 | | **instance**(3) 49:5 50:21 70:12 | |
| **gets**(2) 31:14 61:24 | | **has**(19) 15:2 18:10 18:12 20:9 37:13 39:8 42:14 42:15 45:13 52:25 57:11 58:18 60:10 60:11 62:4 63:2 63:22 65:1 66:5 | | **hopping**(1) 74:18 | | **instances**(1) 46:18 | |
| **getting**(7) 27:8 58:1 58:22 58:23 58:25 62:7 62:10 | | | | **horan**(1) 2:5 | | **institutions**(1) 55:6 | |
| | | | | **horse**(1) 62:21 | | **intend**(2) 44:20 51:17 | |
| | | | | **hour**(2) 65:3 73:4 | | **intense**(1) 22:13 | |
| **give**(8) 17:12 34:1 34:9 40:7 40:8 61:19 68:14 73:7 | | **hastings**(2) 12:32 12:32 | | **hours**(1) 74:5 | | **inter-creditor**(2) 45:23 46:2 | |
| | | **hauer**(4) 4:3 8:24 19:16 72:15 | | **how**(18) 16:21 16:23 16:24 17:1 21:17 27:19 29:18 29:19 31:8 35:14 44:11 46:5 47:1 55:18 57:4 59:7 61:24 72:23 | | **interest**(6) 20:8 27:1 40:14 42:21 44:15 57:5 | |
| | | **hauled**(1) 69:8 | | | | | |
| **given**(6) 23:7 23:8 28:20 31:24 31:25 69:5 | | **have**(80) 14:10 15:5 15:11 15:13 17:23 19:3 20:17 21:14 21:24 23:2 24:11 26:1 28:21 31:21 32:21 33:4 33:6 34:6 35:20 38:2 38:6 38:11 39:6 39:8 39:17 42:22 42:23 43:2 43:22 44:4 44:15 44:6 47:1 45:5 45:15 46:22 47:22 48:7 49:14 50:10 50:13 50:18 51:1 51:4 51:13 51:15 51:19 51:23 51:25 52:7 52:8 52:9 52:16 53:3 53:9 53:16 53:21 54:2 54:14 57:15 58:2 61:3 61:16 61:22 62:6 64:2 64:7 65:12 67:2 67:2 67:4 67:5 67:18 69:3 69:10 69:11 71:7 71:20 72:21 72:22 | | | | **interested**(6) 6:45 9:5 11:6 44:16 44:18 72:15 | |
| **giving**(1) 34:4 | | | | | | | |
| **glaring**(1) 31:11 | | | | | | | |
| **goes**(2) 48:6 53:9 | | | | | | **interestingly**(1) 35:4 | |
| **going**(30) 16:6 16:12 20:13 24:9 25:10 28:19 29:3 29:4 29:7 31:17 36:3 39:3 39:5 43:2 50:14 50:15 51:19 52:8 53:4 53:14 55:15 56:17 57:8 57:14 59:16 65:20 66:14 70:25 71:23 71:24 | | | | **howard**(1) 3:13 | | **interests**(1) 62:23 | |
| | | | | **however**(1) 71:5 | | **interim**(1) 15:1 | |
| | | | | **hundreds**(1) 64:23 | | **interpretation**(3) 42:16 42:19 42:23 | |
| | | | | **hypothetical**(1) 34:5 | | **interpretative**(1) 41:9 | |
| | | **having**(2) 24:25 68:15 | | **idea**(1) 50:13 | | **interrogatories**(2) 53:12 56:10 | |
| **goldbarb**(1) 66:12 | | **hazletine**(1) 2:25 | | **ideas**(1) 74:6 | | **into**(8) 21:12 23:5 24:22 28:18 46:2 52:21 59:9 63:9 | |
| **golden**(48) 4:15 19:15 19:16 20:13 23:18 23:22 24:4 24:6 24:12 24:25 25:4 28:4 28:9 28:13 32:8 32:11 33:21 33:23 40:24 41:1 41:15 41:18 41:20 41:23 42:7 42:9 42:11 42:13 43:13 44:4 44:10 44:13 45:7 45:9 47:3 48:9 48:10 48:23 51:25 52:1 52:25 54:15 55:2 57:6 58:23 61:21 62:5 63:8 | | **hbk**(1) 6:17 | | **ignore**(1) 31:17 | | | |
| | | **hear**(9) 15:10 17:24 56:13 60:23 62:11 64:6 65:16 68:3 74:16 | | **igor**(1) 11:41 | | **investment**(2) 9:1 9:1 | |
| | | | | **illinois**(2) 70:18 70:20 | | **investor**(1) 35:17 | |
| | | | | **immaterial**(1) 59:4 | | **involve**(1) 22:6 | |
| | | | | | | **involved**(4) 23:7 46:9 50:12 62:23 | |
| **golden's**(3) 51:5 61:8 61:22 | | **heard**(20) 15:7 22:1 22:22 25:24 26:11 27:5 34:20 40:1 43:1 43:10 60:22 61:19 63:7 64:4 64:4 65:13 69:21 71:12 73:5 74:24 | | | | **involves**(1) 74:18 | |
| **goldfarb**(2) 3:20 6:14 66:2 66:4 66:11 66:22 67:13 68:2 71:14 71:21 72:2 72:4 | | | | | | **involving**(2) 40:4 70:9 | |
| | | | | | | **ironic**(1) 28:22 | |
| | | | | | | **irony**(1) 58:24 | |
| **goldman**(2) 6:34 6:35 | | | | | | **isn't**(4) 23:17 23:24 62:6 62:9 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**issue**(32) 18:13 23:17 36:9 37:4 42:3 45:13 51:22 52:1 52:19 52:20 52:20 52:24 53:8 53:9 53:24 54:11 56:5 56:8 57:3 57:15 58:3 58:4 60:7 63:9 71:8 71:9 73:3 73:18 73:22 74:9 74:14 74:18

**issue.'**(1) 21:19

**issues**(32) 16:19 18:5 19:8 28:12 36:5 40:4 40:11 44:7 48:22 48:24 49:6 49:24 51:6 52:25 53:1 53:2 53:3 53:3 53:7 53:15 54:15 54:17 55:19 56:18 59:15 59:21 60:1 60:16 70:9 73:12 74:13 74:21

**item**(2) 15:16 72:7

**its**(7) 23:25 25:8 25:25 40:18 43:22 56:14 57:24

**itself**(4) 35:12 42:14 57:10 65:19

**it'd**(2) 23:12 40:21

**it'll**(2) 16:21 17:9

**it's**(48) 17:1 18:10 21:1 22:3 24:6 24:13 24:22 28:20 29:5 30:6 32:9 35:4 35:7 35:9 35:20 38:24 41:2 46:10 46:17 47:24 50:4 50:6 50:9 51:1 52:5 52:24 56:14 57:10 58:7 58:23 59:6 59:7 59:18 60:5 60:8 60:9 62:12 62:12 63:13 63:24 64:7 64:21 65:20 70:20 73:16 73:23 74:11

**i'd**(7) 20:7 21:4 36:8 38:8 39:25 44:23

**i'll**(14) 14:8 15:14 15:14 17:17 17:24 20:9 23:21 24:6 35:9 46:19 57:9 65:24 67:11 68:3

**i'm**(19) 15:10 16:6 16:12 24:7 25:6 33:2 33:3 33:21 41:18 42:21 42:25 45:23 55:23 58:10 58:12 67:16 71:8 71:21 71:24

**i've**(6) 32:8 44:2 44:6 56:8 64:4 74:3
**james**(5) 1:25 1:27 3:4 3:19 3:34
**jane**(1) 10:21
**january**(3) 14:10 52:12 55:9
**jason**(1) 8:25
**jefferies**(1) 6:45
**jeffrey**(1) 2:44
**jenner**(3) 2:31 11:16 18:3
**jessica**(1) 1:26 7:8
**jillian**(1) 7:13
**jim**(1) 16:3
**job**(1) 71:17
**john**(3) 10:44 11:25 12:26
**johnston**(1) 3:34
**join**(2) 55:1 74:4
**joined**(1) 70:16
**jointly**(1) 1:6
**jonathan**(1) 7:14
**jones**(1) 7:45
**joseph**(1) 8:12
**joshua**(1) 11:13
**judge**(2) 1:19 1:20
**jump**(1) 71:18
**just**(28) 14:9 15:6 20:22 22:9 24:7 25:15 25:20 26:2 27:12 28:5 30:6 32:4 32:19 43:14 44:22 47:24 52:5 53:17 54:9 54:12 55:5 55:23 56:12 64:25 66:3 67:13 68:25 71:16

**justin**(2) 5:36 6:46
**kalenchits**(2) 9:13 9:13
**kaplan**(1) 8:16
**karen**(1) 6:27
**kasowitz**(3) 4:30 11:45 56:22
**kate**(2) 1:36 72:6
**katharine**(2) 2:11
**katherine**(1) 12:33
**katten**(1) 10:43
**kaye**(1) 10:20
**keep**(2) 30:16 30:19
**kelly**(1) 75:13
**kempner**(1) 6:26
**kenneth**(1) 10:48
**kevin**(1) 1:19 1:28
**kicked**(1) 63:6
**kill**(1) 74:8
**kim**(2) 4:17 9:40
**kind**(1) 14:23
**king**(3) 2:14 4:26 4:38
**kjc**(1) 1:5
**klehr**(2) 5:15 70:14
**knew**(2) 28:16 52:9
**know**(43) 14:13 16:18 16:21 16:23 17:5 23:15 25:25 28:18 29:9 29:24 33:25 34:2 34:3 34:12 34:14 34:15 34:16 34:25 35:13 35:14 36:9 39:18 39:20 40:22 44:2 49:12 50:20 50:22 50:23 51:14 51:18 51:20 52:12 54:8 55:8 55:17 56:12 58:1 58:19 62:11 68:19 69:7

**knowing**(1) 25:19
**knowledge**(2) 46:10 58:2
**known**(2) 48:6 67:18
**knows**(2) 30:9 34:15
**kopacz**(1) 7:32
**korpus**(1) 11:46
**kovensky**(1) 9:32
**krakauer**(1) 7:11
**kramer**(2) 6:21 6:21
**labuda**(1) 5:29
**lack**(1) 52:2
**lackerty**(1) 58:7
**landis**(3) 3:3 64:16 66:3
**language**(3) 42:17 42:19 42:24
**lantry**(1) 1:28
**large**(2) 20:23 23:1
**largely**(1) 48:20
**largest**(4) 58:20 58:21 59:2 59:8
**last**(11) 43:14 44:22 45:4 46:22 50:23 55:9 56:6 63:4 64:12 67:16 73:24

**later**(2) 19:2 65:12
**latham**(1) 9:17
**laughter**(4) 14:20 23:20 23:23 41:17
**laura**(1) 7:28
**laurie**(1) 5:9
**law**(16) 4:30 10:31 11:44 14:15 36:24 37:7 37:13 44:14 48:13 56:20 56:22 56:25 70:9 70:9 70:19 73:6

**lawyers**(1) 47:1
**layton**(1) 4:23
**lbo**(5) 27:14 28:24 30:14 62:8 62:25
**lbo-related**(2) 30:12 57:25
**leads**(1) 62:5
**least**(5) 23:17 23:24 28:24 41:3 49:8 50:15 51:19 58:1

**leave**(3) 35:9 60:4 62:2
**leaves**(1) 15:16
**leaving**(1) 59:21
**leboeuf**(2) 3:33 9:48
**left**(3) 54:11 58:5 74:3
**legal**(2) 16:19 34:3
**legally**(1) 45:19
**lemay**(4) 3:11 60:23 61:1 61:2
**lender**(1) 66:7
**lenders**(14) 2:43 3:33 5:46 23:2 23:15 23:13 24:21 26:15 26:15 28:24 29:2 39:1 62:9 73:13

**length**(2) 23:10 54:14
**leonard**(1) 1:34
**less**(3) 30:25 36:2 74:4
**let**(8) 25:7 28:3 30:21 45:7 52:8 52:11 62:21 67:11

**let's**(2) 46:14 57:17
**level**(3) 4:38 58:20
**levin**(2) 6:21 6:21
**lewis**(1) 12:7
**lexi**(1) 6:36
**lexington**(1) 4:19
**lie**(1) 24:3
**liebentritt**(1) 7:22
**like**(21) 20:7 21:4 22:23 26:2 27:12 32:4 35:21 35:24 36:8 38:8 39:25 41:2 43:2 51:15 53:5 54:8 54:8 55:5 59:22 68:14 74:5

**likely**(2) 24:21 71:19
**likewise**(2) 30:13 35:25
**limit**(1) 71:1
**limited**(1) 25:5
**line**(1) 65:10
**lines**(2) 73:4 73:16
**list**(1) 71:25
**listed**(2) 18:1 25:25
**literally**(1) 55:10
**litigate**(1) 30:11
**litigation**(6) 17:2 26:20 30:19 36:2 50:25 73:13

**little**(7) 20:14 22:7 22:14 27:9 34:20 45:2 53:1

**llc**(8) 2:25 5:21 7:1 7:27 8:28 9:9 11:7 11:16

**llp**(30) 1:24 3:10 4:3 4:31 5:2 5:8 5:15 5:28 6:5 6:11 6:22 6:26 8:11 8:24 9:17 9:26 9:39 9:48 10:14 10:20 10:26 10:43 11:20 11:24 11:24 11:35 12:7 12:12 12:12 12:32

**locked**(1) 33:10
**logic**(1) 41:22
**long**(5) 16:5 16:5 16:21 17:1 35:14
**longer**(5) 21:19 29:10 30:17 47:8 67:20
**look**(3) 20:18 44:24 44:25
**looking**(1) 59:6
**looks**(1) 41:2
**los**(1) 3:36
**lost**(1) 62:14
**lot**(7) 22:23 25:24 26:11 55:6 55:7 67:15 68:13

**lots**(1) 58:10
**lotsoff**(1) 7:14
**low**(2) 55:15 56:6
**ludwig**(1) 7:13
**lugano**(1) 1:41
**lynch**(2) 5:8 10:19
**made**(10) 18:25 20:9 21:5 27:12 29:3 31:6 31:9 36:4 43:14 50:9

**madlyn**(1) 10:23
**maglan**(2) 12:21 12:21
**magnitude**(1) 58:5
**main**(3) 16:6 17:18 21:2
**majestic**(1) 10:30
**major**(1) 38:15
**majority**(1) 24:16
**make**(31) 14:9 22:18 24:7 25:13 29:12 30:3 30:4 31:14 31:19 31:22 31:24 31:25 32:24 33:7 34:13 34:24 34:25 43:25 44:1 45:10 45:16 48:3 54:12 55:17 55:22 60:16 60:17 61:25 62:13 64:25 71:18

**makes**(2) 55:19 56:17
**making**(2) 37:19 49:14
**maman**(1) 1:22
**managemen**(15) 4:3 5:35 6:17 8:16 8:20 9:48 10:11 10:11 11:12 11:12 11:29 11:29 11:40 11:40 19:17

**manges**(1) 10:4
**manhattan**(1) 5:4
**manner**(4) 30:12 31:3 53:19 57:5
**many**(9) 16:12 16:12 16:23 16:24 47:1 48:22 49:4 54:17 71:18

**marc**(1) 6:6
**march**(1) 20:20
**market**(8) 1:11 2:27 2:39 2:45 3:6 5:11 5:17 5:24

**marsal**(1) 8:28
**martin**(1) 2:19
**massive**(3) 40:30 58:14 58:14 58:15
**matched**(2) 46:24 47:4
**material**(7) 39:4 39:15 45:3 45:8 57:2 57:3 60:1

**materiality**(1) 45:20
**math**(2) 46:11 53:1
**matter**(10) 15:7 20:22 26:22 28:15 31:8 46:5 46:9 49:3 64:13 75:9

**matters**(1) 17:3
**matthew**(3) 8:21 8:28 8:29
**mauceri**(1) 12:8
**maue**(1) 12:25
**mauro**(1) 9:23
**may**(24) 20:10 20:12 21:18 28:6 29:9 29:18 31:15 35:14 37:1 37:3 38:2 40:7 40:8 50:25 52:6 52:25 53:15 56:10 56:13 66:3 66:17 71:25 72:8 72:10

**maybe**(4) 34:14 57:13 58:3 59:11
**mayer**(2) 2:11 9:26
**mccarter**(2) 2:10 54:25 55:9
**mccloy**(2) 5:2 68:5
**mccormack**(1) 6:8
**mccormick**(1) 10:41
**mccutchen**(2) 12:12 12:12
**mcdaniel**(1) 4:37
**mcdermott**(1) 7:31
**mean**(4) 16:14 57:17 59:16 71:15
**meaning**(2) 42:24 73:19
**means**(1) 59:20
**meisel**(1) 1:33
**mellon**(1) 69:24
**menachem**(1) 12:9
**mentioned**(2) 49:11 70:8
**mercer**(1) 11:35
**merrill**(2) 5:8 10:19
**met**(1) 39:8
**metaphor**(1) 62:22
**michael**(2) 7:20 10:7
**michaels**(1) 5:28
**michelle**(1) 12:2
**middle**(2) 32:18 46:23
**might**(5) 35:17 38:3 41:11 42:3 74:5
**might've**(2) 25:2 41:7
**milbank**(1) 68:5
**miles**(1) 7:9
**millbank**(1) 5:2
**miller**(1) 11:6
**million**(9) 32:1 32:14 32:17 32:22 33:2 33:4 33:5 33:9 56:25

**mind**(1) 62:22
**minds**(1) 24:1
**minimum**(1) 59:10
**minkove**(1) 9:44
**minor**(2) 53:8 53:15
**minute**(2) 34:19 39:25
**minutes**(9) 20:15 23:7 25:15 44:22 73:4 73:16 74:1 74:5 74:7

**misapprehension**(1) 55:21
**moelis**(1) 3:26
**moloney**(1) 12:13
**money**(1) 24:19
**month**(7) 20:23 20:24 22:15 30:2 47:8 57:13 57:13

**months**(2) 29:10 59:15
**mordkof**(5) 8:46 69:22 69:22 70:1 70:3

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|------|-----------|------|-----------|
| **more**(22) 19:25 30:2 33:25 35:15 36:1 37:23 39:22 46:6 48:4 49:12 52:20 53:6 53:18 54:10 57:15 59:10 59:10 68:24 70:11 72:21 73:7 74:4 | | **not**(105) 16:12 17:18 19:3 23:4 24:4 24:6 24:9 24:14 24:22 25:6 25:9 26:16 26:20 28:22 29:3 29:4 29:10 30:12 30:15 31:12 31:18 31:18 31:21 32:9 33:6 33:11 33:15 33:17 34:1 34:3 34:4 34:7 34:11 34:18 35:9 36:1 37:1 37:5 37:14 37:19 38:4 38:25 39:8 39:12 41:18 42:6 42:11 42:14 42:15 42:21 42:25 44:7 45:3 45:3 45:8 45:19 45:23 46:9 46:12 49:14 49:23 50:5 55:16 55:25 57:1 57:1 57:2 57:7 57:10 59:6 59:22 61:3 61:6 61:12 61:13 61:25 62:2 62:3 62:3 62:10 62:13 62:19 62:23 62:24 63:2 63:13 63:25 64:4 65:9 67:4 67:8 68:10 68:18 68:22 68:23 70:20 70:2 71:10 | | **off**(4) 28:11 32:3 56:17 60:7 **offensive**(2) 63:12 63:13 **offered**(1) 56:8 **office**(2) 7:43 65:17 **officer**(1) 73:22 **officers**(2) 7:1 74:2 **official**(4) 3:3 6:4 61:2 64:16 **okay**(19) 15:8 16:2 24:5 24:12 27:7 41:19 41:21 42:10 42:12 43:13 45:9 46:19 64:6 65:24 72:2 73:1 74:9 74:23 75:2 **old**(1) 47:9 **olivia**(1) 9:23 **omnibus**(4) 14:24 15:19 66:13 72:1 **once**(5) 17:10 32:23 36:5 47:4 50:21 **one**(58) 1:29 4:6 4:25 5:4 14:10 16:15 16:17 19:19 20:15 23:18 25:25 26:23 27:18 28:22 30:11 31:11 33:14 35:2 37:10 37:13 38:8 38:19 40:20 42:20 43:14 44:7 45:1 45:10 45:24 46:1 47:15 48:17 49:11 49:22 50:1 50:10 50:21 51:14 51:22 53:8 53:11 54:12 55:5 57:15 62:1 62:4 62:11 62:12 62:12 63:2 63:16 64:24 64:25 68:22 68:24 73:12 74:7 74:20 **oneal**(1) 7:20 **ones**(2) 57:7 61:21 **onex**(2) 9:30 9:31 **only**(17) 25:4 33:14 36:18 37:17 51:2 59:3 62:7 62:23 62:24 63:8 66:14 68:22 73:13 73:20 74:9 74:20 | | **out**(22) 21:4 30:2 31:12 31:15 31:23 36:24 37:24 42:14 46:6 46:24 47:11 53:25 55:13 55:13 58:5 58:6 58:12 60:9 62:21 66:25 68:14 74:3 **outcome**(11) 22:20 23:15 25:19 34:7 34:15 34:16 34:17 34:25 39:20 58:11 58:12 **outlined**(1) 19:25 **over**(12) 16:12 16:23 20:23 20:24 22:14 42:24 46:19 50:23 56:9 62:15 69:5 74:5 **overwhelming**(1) 24:16 **own**(1) 46:20 **p.a**(1) 1:34 **p.m**(3) 1:15 14:1 75:5 **page**(7) 21:20 21:20 21:20 31:23 32:5 32:9 46:23 **pages**(2) 16:12 57:23 **paid**(3) 62:7 62:10 62:17 **paper**(2) 51:17 61:14 **papers**(2) 49:12 67:5 **paralegal**(1) 47:3 **paraphrase**(1) 69:4 **parent**(33) 22:17 23:13 25:12 25:17 26:3 26:8 27:9 27:23 30:25 31:7 32:13 32:21 36:11 36:25 37:15 37:22 38:1 38:12 38:24 39:2 39:10 45:4 48:2 50:2 50:8 50:9 50:24 50:25 51:3 62:9 62:25 62:25 |
| **moreover**(1) 30:6 **morgan**(6) 3:40 4:16 9:39 9:43 10:4 12:7 **morning**(1) 22:2 **morris**(1) 5:21 **most**(1) 17:7 21:17 48:1 73:23 **motion**(28) 14:16 14:17 14:18 14:23 15:17 15:19 64:18 64:21 64:24 65:14 65:17 66:13 66:14 66:16 68:9 68:22 68:23 69:8 69:10 70:10 70:24 72:8 73:2 73:5 73:11 74:11 74:11 | | | | **open**(1) 14:21 **opening**(1) 32:9 **operating**(2) 62:15 62:17 **opinion**(5) 28:6 38:18 40:9 57:24 73:20 **opinions**(1) 17:6 **opportunity**(1) 44:17 **oppose**(2) 69:16 69:18 **opposed**(1) 60:4 **opposite**(1) 32:24 **opposition**(8) 68:18 69:11 74:13 **option**(8) 35:2 35:4 35:6 35:6 35:16 35:22 35:24 49:14 | | **park**(4) 3:28 4:6 6:27 10:31 **parke**(3) 3:10 6:5 61:2 **part**(14) 18:14 18:18 19:6 19:8 23:25 24:13 24:23 38:18 41:15 41:25 51:9 53:6 63:20 73:19 **participation**(1) 73:12 **particular**(2) 51:24 74:25 **particularly**(1) 39:16 **particulars**(1) 49:21 **parties**(42) 16:23 16:24 18:6 19:2 20:8 20:16 21:2 22:14 25:10 29:2 31:8 43:19 44:14 44:16 48:1 51:6 53:3 53:20 56:6 57:6 57:6 57:9 57:9 66:15 66:16 66:18 66:24 67:1 67:1 67:9 67:16 67:18 67:21 70:25 72:22 73:1 73:5 73:14 73:16 73:20 73:25 74:20 |
| **motions**(5) 21:14 26:23 28:7 61:18 64:11 **motivation**(1) 63:7 **motives**(1) 63:6 **move**(2) 15:25 53:19 **moved**(1) 72:19 **moving**(3) 21:16 49:8 55:4 **much**(7) 22:9 23:18 24:10 29:13 47:9 59:7 75:3 **muchin**(1) 10:43 **must**(8) 27:15 27:21 36:19 36:22 43:7 43:10 58:1 58:2 **myers**(1) 7:43 **myrick**(1) 7:12 **n.a**(1) 70:16 **nachman**(1) 10:12 **naftalis**(1) 6:21 **named**(1) 52:11 **names**(2) 68:25 69:14 **naming**(1) 50:19 **narrative**(1) 29:17 **natural**(2) 26:10 36:16 **near**(1) 62:8 **necessarily**(4) 27:11 29:7 49:23 52:19 **necessary**(2) 41:25 71:10 **need**(11) 17:13 32:2 37:23 46:8 46:11 50:13 52:2 60:19 66:8 70:6 72:21 **needed**(4) 30:17 47:4 60:16 68:16 **needn't**(1) 54:6 **needs**(1) 18:7 **neither**(1) 53:11 **never**(5) 34:10 50:20 52:9 52:9 58:16 **new**(12) 2:22 3:15 3:29 4:7 4:20 4:34 5:5 12:5 31:5 31:5 62:5 67:6 **newspapers**(2) 40:23 41:3 **next**(5) 21:20 58:22 59:15 64:14 71:25 **nichols**(1) 5:21 **nine**(1) 14:25 **nobody**(1) 34:15 **nolan**(1) 10:16 **non-lbo**(1) 59:1 **non-litigated**(1) 37:7 **nonsense**(1) 43:18 **norman**(2) 1:35 14:5 **north**(8) 2:14 2:27 2:33 2:45 4:26 4:38 5:11 5:24 | | **note**(11) 20:16 26:7 26:17 26:18 26:21 26:22 36:11 40:4 49:8 49:20 67:13 **notebook**(1) 15:14 **noteholder**(15) 14:18 24:9 29:21 30:7 30:8 30:10 30:16 31:13 31:16 32:23 35:11 35:18 73:10 74:1 74:11 **noteholders**(37) 22:16 22:17 24:1 24:17 24:20 25:11 25:17 25:17 27:24 28:16 31:6 31:13 31:16 31:17 31:22 32:13 32:16 32:20 32:23 34:22 34:22 35:1 48:1 49:14 50:7 51:10 57:21 57:23 59:8 62:2 62:24 72:16 73:14 73:21 74:15 **noteworthy**(1) 61:14 **nothing**(3) 43:7 53:6 69:6 **notice**(6) 43:23 44:15 44:16 51:5 52:16 **noticing**(3) 46:18 46:19 46:20 **notion**(1) 42:15 **november**(7) 66:17 66:25 67:5 67:8 67:18 70:6 70:11 **novod**(7) 2:20 48:12 48:13 54:5 54:7 54:21 55:24 **now**(18) 22:1 24:21 28:17 33:16 40:24 42:5 46:14 51:14 52:17 53:14 57:9 58:9 58:20 59:24 60:7 61:17 62:6 62:10 **nuance**(1) 35:21 **number**(25) 14:10 14:12 14:15 14:16 14:17 14:22 14:24 14:24 14:24 15:2 15:17 15:19 15:20 15:25 24:14 26:14 33:13 34:1 34:18 48:22 48:24 59:6 63:16 65:18 72:7 **numbers**(1) 59:10 **numerous**(1) 71:7 **o'melveny**(1) 7:43 **oaktree**(2) 9:47 51:16 **object**(2) 65:8 65:12 **objected**(1) 67:2 **objecting**(1) 68:6 **objection**(7) 14:12 14:24 40:1 44:5 44:18 44:20 64:24 **objections**(6) 66:23 67:1 67:6 67:7 67:7 67:19 **obligations**(1) 26:7 **observation**(1) 45:10 **obvious**(1) 33:5 **obviously**(5) 27:14 40:16 56:16 62:1 67:17 **occasion**(1) 47:21 **occur**(1) 30:15 **occurred**(2) 41:7 50:21 **occurs**(1) 51:14 **odd**(1) 62:15 | | **order**(47) 15:12 17:25 18:24 19:3 19:7 19:9 27:22 34:17 48:16 48:24 51:24 52:3 52:23 59:13 65:1 65:2 65:7 65:10 65:11 65:25 66:5 66:18 66:23 66:25 67:3 67:8 67:18 67:24 67:25 68:12 68:16 68:17 68:18 68:20 69:11 69:12 70:6 70:6 70:6 70:11 70:22 70:24 71:3 71:5 72:9 73:24 **ordered**(1) 69:15 **orders**(6) 14:24 43:23 48:17 49:21 51:23 53:21 **originally**(1) 14:15 **other**(57) 16:19 17:3 17:4 18:6 19:20 20:8 20:15 22:17 23:13 25:12 25:17 26:3 26:8 27:12 27:23 30:25 31:7 31:20 32:13 32:21 35:6 35:25 36:11 36:25 37:15 37:17 37:22 37:22 37:25 38:12 38:24 39:2 39:10 40:5 43:5 44:2 44:6 44:7 45:17 45:25 46:4 46:10 48:2 48:7 48:18 49:6 50:2 50:8 50:24 51:22 54:13 55:23 58:6 58:25 60:14 61:21 68:11 **others**(4) 17:24 67:11 68:3 68:10 **ought**(1) 64:10 **our**(29) 17:12 18:4 31:23 32:9 32:9 45:13 46:22 47:6 47:7 47:11 47:15 47:17 47:21 49:11 49:12 51:17 54:18 56:4 61:4 61:4 61:5 63:24 66:24 67:4 69:2 70:6 70:18 70:20 71:4 | | **parties'**(3) 15:24 70:16 73:17 **partners**(8) 6:30 7:27 8:5 8:5 9:31 9:31 10:37 10:37 **party**(9) 6:45 9:5 11:6 40:14 42:20 43:16 43:20 44:18 51:3 **parver**(1) 10:21 **patient**(1) 47:19 **patterson**(1) 9:5 **paul**(3) 10:25 12:32 12:32 **pause**(1) 45:7 **payable**(1) 27:13 **payees**(1) 26:16 **payment**(3) 27:3 27:7 29:1 **peculiar**(1) 62:6 **pendency**(1) 44:17 **pending**(2) 42:2 64:11 **pennock**(1) 10:27 **pennsylvania**(1) 1:45 **people**(6) 50:14 58:6 59:19 62:7 74:12 74:18 **percent**(10) 28:19 28:19 38:22 55:15 55:15 56:24 59:3 59:7 59:11 59:12 **percentage**(1) 29:24 **perform**(1) 65:19 **perhaps**(2) 17:6 63:8 **period**(8) 15:1 20:24 45:6 47:15 67:23 69:1 69:17 71:2 |

| Word | Page:Line |
|---|---|
| permission(1) 15:24 | |
| permit(2) 53:5 64:18 | |
| pernick(7) 1:35 14:5 14:6 14:21 15:8 15:13 15:16 | |
| personal(1) 70:22 | |
| perspective(1) 73:17 | |
| pertain(1) 47:25 | |
| peter(4) 4:17 9:2 9:40 11:30 | |
| peters(1) 11:35 | |
| petition(1) 56:1 | |
| philadelphia(3) 5:18 40:23 41:3 | |
| phone(1) 55:10 | |
| phones(44) 19:21 22:17 23:13 25:11 25:17 26:6 26:21 26:24 26:21 26:25 27:2 27:4 27:6 27:24 31:13 31:15 31:18 31:21 31:24 32:15 32:22 33:7 34:2 34:9 34:22 36:15 37:15 37:22 38:13 38:15 39:1 45:18 48:2 49:13 50:1 50:17 51:8 51:10 53:9 53:11 56:2 56:6 56:6 56:8 56:15 | |
| phones'(1) 48:15 | |
| phrase(1) 41:9 | |
| pick(2) 46:21 62:21 | |
| piece(1) 61:14 | |
| pieces(1) 51:17 | |
| place(5) 14:11 25:2 52:16 54:16 64:10 | |
| plaintiff(1) 71:18 | |
| plan(97) 14:18 16:6 16:16 17:10 17:18 18:10 18:10 18:11 18:17 18:19 18:21 18:23 19:19 21:3 21:24 21:25 22:8 22:13 23:3 24:2 24:17 24:21 25:11 25:25 27:13 27:15 27:21 27:22 28:16 29:7 29:21 30:8 30:9 30:10 30:16 30:22 31:12 31:17 31:20 33:6 34:1 35:1 35:2 35:25 37:14 38:7 38:11 38:19 38:24 39:9 39:13 40:6 40:12 40:16 40:17 41:5 41:8 41:13 41:23 41:24 43:4 43:5 43:5 43:22 48:6 48:18 48:24 49:6 49:7 49:14 49:15 50:4 50:17 50:19 51:12 51:13 51:24 52:4 52:5 52:13 52:14 55:5 55:12 55:18 57:19 58:2 58:22 59:13 60:13 61:10 62:16 63:13 63:15 63:20 73:15 74:1 74:1 | |
| planning(2) 73:1 73:14 | |
| plans(1) 58:10 | |
| play(1) 30:2 | |
| playing(1) 46:1 | |
| plaza(4) 3:14 4:38 5:4 5:10 | |
| pleadings(5) 16:25 17:25 26:1 40:2 47:23 | |
| please(2) 62:22 74:3 | |
| podium(1) 16:24 | |
| point(12) 21:4 31:12 38:8 39:19 42:13 43:14 46:7 47:11 55:7 55:7 62:5 63:4 | |
| pointed(2) 31:23 60:9 | |
| points(1) 61:6 | |
| polk(2) 4:16 9:39 | |
| polled(1) 72:21 | |
| polsinelli(1) 5:35 | |
| portion(3) 28:2 29:10 46:12 | |
| position(6) 25:13 29:9 34:8 43:21 54:18 70:17 | |
| possibility(1) 39:21 | |
| possible(4) 43:20 58:11 58:12 71:19 | |
| post-confirmation(3) 30:15 41:22 42:4 | |
| post-petition(1) 27:1 | |
| potential(2) 38:5 47:19 | |
| potentially(2) 48:1 48:4 | |
| potter(1) 5:8 | |
| powlen(1) 3:42 | |
| ppearances(5) 1:22 2:1 2:52 3:51 4:47 | |
| practical(1) 17:7 | |
| practically(1) 61:4 | |
| pre-lbo(2) 29:1 62:24 | |
| precisely(2) 18:15 68:22 | |
| preclusive(1) 19:3 | |
| predict(2) 17:1 22:3 | |

| Word | Page:Line |
|---|---|
| prejudice(3) 22:16 33:8 47:20 | |
| prepared(1) 21:11 71:9 | |
| preparing(1) 67:22 | |
| present(2) 44:18 54:10 | |
| presented(1) 67:6 | |
| presently(1) 48:16 | |
| presumably(4) 31:7 39:11 40:2 47:20 | |
| presumes(1) 32:12 | |
| pretty(6) 33:5 36:23 65:6 68:13 73:16 73:23 | |
| previously(4) 23:4 33:11 65:1 72:18 | |
| primof(1) 10:23 | |
| printing(1) 14:13 | |
| prior(16) 21:8 21:15 27:1 27:22 33:15 36:6 43:8 44:1 52:11 55:3 56:1 59:15 61:16 64:25 69:13 71:5 | |
| priorities(2) 27:16 27:17 | |
| priority(3) 37:11 37:17 37:18 | |
| privacy(2) 70:9 70:19 | |
| pro(1) 69:10 | |
| probably(4) 32:3 44:11 45:21 53:14 74:17 | |
| problem(5) 31:11 33:24 38:2 38:4 47:11 | |
| problematic(1) 48:4 | |
| problems(4) 34:2 35:16 38:5 69:3 | |
| procedural(1) 40:20 | |
| procedurally(1) 40:6 | |
| procedure(1) 64:20 | |
| procedures(4) 14:22 41:4 60:8 60:15 | |
| proceed(5) 20:2 40:15 42:8 72:23 73:2 | |
| proceeding(3) 40:11 40:15 40:19 | |
| proceedings(4) 1:18 1:48 15:22 75:9 | |
| process(32) 15:22 16:16 17:8 17:21 19:5 19:23 19:24 20:2 20:3 21:9 21:16 22:19 22:24 22:25 23:8 23:15 30:1 36:7 38:4 39:24 41:5 44:14 51:6 51:9 53:7 53:18 53:18 55:4 55:9 55:12 57:7 62:3 | |
| processes(2) 19:22 20:4 | |
| produce(9) 66:19 67:1 67:2 67:10 67:23 69:14 70:4 70:7 70:25 | |
| produced(2) 1:49 56:11 | |
| producing(2) 67:19 69:3 | |
| production(7) 15:20 66:13 66:18 67:15 67:25 70:22 71:4 | |
| promise(2) 46:3 63:11 | |
| promised(3) 31:10 46:5 | |
| promises(1) 64:1 | |
| proof(1) 14:13 | |
| proper(2) 42:16 42:24 | |
| properly(1) 37:8 | |
| proponent(1) 74:1 | |
| proponents(22) 14:18 16:7 17:18 18:16 18:21 19:20 21:24 22:9 30:16 31:20 33:6 38:11 48:18 50:18 50:19 51:12 51:25 52:5 61:10 63:9 73:15 74:2 | |
| proponents'(1) 21:13 | |
| proponent's(3) 52:4 52:13 52:15 | |
| proposal(3) 18:25 58:24 63:24 | |
| propose(1) 61:5 | |
| proposed(18) 18:10 18:17 21:13 21:24 30:21 43:21 48:21 49:21 51:23 51:25 52:3 53:12 53:21 56:11 61:10 61:10 62:1 62:1 | |
| proposition(1) 37:8 | |
| propriety(1) 35:10 | |
| proskauer(2) 8:45 69:23 | |
| protagonists(1) 21:3 | |
| protects(1) 19:1 | |
| protocol(4) 23:5 31:3 31:15 50:19 | |
| prove(1) 24:18 | |
| provide(5) 54:17 55:16 55:20 59:22 67:14 | |
| provided(9) 18:10 18:21 26:14 30:24 36:23 54:15 56:7 64:8 69:12 | |

| Word | Page:Line |
|---|---|
| provides(8) 17:13 18:8 18:11 18:12 18:24 31:4 40:16 52:15 | |
| province(1) 42:25 | |
| provision(1) 36:18 | |
| provisions(8) 26:9 26:17 26:21 26:25 36:15 38:15 39:1 41:24 | |
| pure(2) 24:13 24:23 | |
| purpose(1) 30:10 | |
| purposely(1) 47:12 | |
| purposes(2) 32:20 37:23 | |
| pursuant(4) 27:13 40:11 64:19 65:11 | |
| purview(1) 46:7 | |
| put(10) 19:19 25:10 25:12 36:20 43:18 43:19 55:13 68:17 69:10 74:15 | |
| quarles(1) 11:20 | |
| quest(1) 23:25 | |
| question(5) 15:2 23:21 39:19 41:6 46:3 52:10 53:25 54:9 | |
| questions(5) 15:5 48:7 53:17 55:11 72:3 | |
| quickly(5) 14:8 22:8 31:20 47:24 69:4 | |
| quite(1) 32:11 | |
| quote(1) 21:11 | |
| quotes(1) 22:9 | |
| rachel(1) 12:8 | |
| radically(1) 61:12 | |
| raise(2) 44:19 55:5 | |
| raised(2) 50:11 54:15 | |
| randy(1) 5:28 | |
| range(2) 29:16 55:14 | |
| rank(1) 37:16 | |
| rapid(1) 17:8 | |
| rapidly(1) 65:17 | |
| rath(9) 3:3 3:5 64:15 64:16 64:16 65:5 65:22 66:1 66:16 | |
| rather(2) 17:19 53:23 | |
| rational(1) 35:17 | |
| re-solicitation(1) 38:3 | |
| re-voting(3) 27:23 29:23 39:20 | |
| read(5) 15:4 22:9 40:2 40:12 40:20 | |
| reading(2) 37:12 52:3 | |
| real(1) 46:14 | |
| really(14) 16:18 16:21 17:1 23:10 23:24 24:3 24:9 29:12 45:3 52:19 61:13 63:2 69:5 71:16 | |
| realty(1) 10:30 | |
| reason(7) 16:8 24:12 37:20 39:22 52:22 55:8 63:8 | |
| reasons(8) 47:17 48:23 49:17 55:18 59:24 59:25 70:7 70:8 | |
| rebecca(3) 3:41 11:3 | |
| rebuttal(2) 54:15 54:17 | |
| recall(2) 66:17 73:11 | |
| receive(7) 27:1 27:17 29:24 32:16 38:21 42:1 44:15 | |
| received(2) 20:17 44:16 | |
| receiving(2) 27:2 27:16 | |
| recess(1) 75:4 | |
| recitations(1) 45:22 | |
| recognized(1) 18:17 | |
| reconciliation(1) 49:17 | |
| reconsideration(10) 14:16 14:17 14:18 21:15 26:23 28:8 61:18 73:2 73:11 74:12 | |
| record(3) 48:13 49:4 54:10 | |
| recorded(1) 1:48 | |
| recording(2) 1:48 75:8 | |
| recovering(1) 14:10 | |
| recoveries(6) 26:10 31:2 36:16 39:14 48:5 55:14 | |

| Word | Page:Line |
|---|---|
| recovery(5) 28:17 29:24 38:21 39:1 39:15 | |
| reduced(1) 31:2 | |
| reduction(1) 39:13 | |
| reed(1) 8:13 | |
| reference(2) 45:14 45:14 | |
| reflect(1) 31:5 | |
| refusal(1) 29:6 | |
| refused(1) 23:2 | |
| regard(2) 37:11 38:17 | |
| regarding(3) 28:14 30:20 40:18 | |
| regards(1) 70:9 | |
| regrettable(1) 35:22 | |
| reimann(2) 10:31 10:32 | |
| related(5) 51:22 56:7 | |
| relating(1) 40:4 | |
| relative(2) 27:16 27:17 | |
| relatively(4) 20:10 22:6 22:8 47:21 | |
| release(2) 36:1 69:9 | |
| relevant(1) 52:17 | |
| reliable(1) 34:18 | |
| rely(2) 51:17 51:19 | |
| remain(1) 21:23 | |
| remaining(1) 66:25 | |
| remains(2) 29:5 29:22 74:10 | |
| remarks(2) 61:8 63:3 | |
| remember(5) 58:20 66:21 66:22 | |
| remembers(1) 24:15 | |
| renaissance(1) 2:13 | |
| reorganization(1) 43:22 | |
| reorganized(1) 35:3 | |
| repeat(1) 16:13 | |
| reply(3) 49:12 49:22 52:4 | |
| report(2) 45:15 48:19 | |
| reports(1) 45:12 | |
| represent(2) 62:13 69:23 | |
| reproduction(1) 32:5 | |
| request(2) 25:8 67:17 | |
| requested(1) 20:5 | |
| requests(1) 65:18 | |
| require(6) 33:17 36:6 38:3 39:22 46:9 70:21 | |
| required(4) 25:14 29:25 68:20 70:23 | |
| requirement(1) 40:18 | |
| requirements(6) 18:7 22:7 40:21 43:6 46:19 46:21 | |
| requires(4) 36:18 40:10 40:13 70:20 | |
| reservation(1) 54:13 | |
| reserve(25) 23:5 23:6 29:21 30:7 30:8 30:8 30:10 30:18 30:22 30:23 31:4 31:4 31:11 31:14 32:1 32:2 33:1 33:3 33:4 33:10 33:14 35:15 35:20 59:5 59:9 | |
| reserved(1) 53:2 | |
| reserves(1) 30:20 | |
| resignation(1) 56:4 | |
| resigned(1) 56:3 | |
| resolution(23) 15:23 17:14 18:7 19:5 19:23 20:1 22:4 31:9 32:14 33:18 36:4 36:6 36:10 37:25 39:5 39:17 39:23 44:25 45:11 46:6 48:25 49:10 49:17 | |
| resolutions(1) 43:15 | |
| resolve(6) 16:22 23:11 53:15 59:14 64:10 64:24 | |
| resolved(21) 18:18 21:8 22:8 23:4 27:22 29:23 30:3 31:3 32:17 33:11 33:15 34:12 42:3 47:14 47:24 56:19 61:16 61:24 62:4 66:23 72:7 | |
| resolving(6) 18:5 19:8 23:9 28:22 29:8 | |
| respect(21) 15:21 19:22 23:9 23:18 24:8 25:5 26:10 26:16 27:3 36:16 38:19 38:23 40:5 41:22 48:16 52:2 55:24 56:11 59:23 66:6 72:7 | |
| respects(1) 20:23 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **respond**(5) 29:14  33:12  37:4  54:6  55:23 | | **say**(27) 22:1  29:19  32:1  33:13  33:19  33:25  34:5  35:23  37:18  37:23  43:1  43:9  43:9  45:5  48:17  51:1  51:17  52:5  52:12  52:20  53:4  53:13  54:10  54:13  58:11  60:19  63:8 | | **set**(4) 30:22  48:21  49:9  64:18 | | **some**(20) 17:9  17:9  25:15  29:17  37:25  38:2  46:4  47:8  48:6  49:21  50:13  50:13  51:4  55:21  61:17  62:15  63:5  65:20  74:19  74:19 | |
| **responded**(1) 71:7 | | | | **sets**(1) 29:15 | | **somebody**(2) 19:10  19:11 | |
| **response**(19) 15:9  15:10  21:10  21:21  31:23  32:6  32:9  33:13  35:20  35:21  38:9  46:16  64:5  64:6  65:15  65:16  70:16  70:18  75:1 | | | | **settle**(2) 30:12  60:4 | | **somehow**(2) 66:5  65:7 | |
| | | | | **settlement**(29) 14:12  26:10  26:16  27:10  27:13  27:14  27:20  28:2  29:2  29:5  29:11  29:13  33:9  36:16  38:10  38:17  38:20  39:7  49:5  57:18  57:24  58:18  58:21  59:13  63:1  63:19  63:21  63:23  63:25 | | **something**(5) 22:1  34:14  73:3  73:15  74:5 | |
| **responsive**(1) 20:17 | | **saying**(6) 19:3  29:15  34:10  42:6  46:17  68:16 | | | | **sometimes**(4) 58:3  60:6  60:8  60:9 | |
| **retention**(1) 14:26 | | | | | | **somewhat**(1) 63:12 | |
| **retired**(1) 36:13 | | **says**(4) 22:3  36:21  43:7  59:3 | | **settlement"**(1) 29:9 | | **somewhere**(1) 56:4 | |
| **retiree**(4) 36:13  38:10  38:17  38:20 | | **scenario**(1) 33:1 | | **settling**(1) 26:15 | | **song**(1) 11:3 | |
| **retirees**(12) 26:4  38:10  38:12  38:21  39:2  39:6  49:7  50:8  51:2  63:17  63:19  73:7 | | **schaible**(1) 4:18 | | **seven**(2) 2:21  14:24 | | **soon**(2) 65:20  71:3 | |
| | | **schedule**(37) 18:5  20:9  20:14  20:18  20:19  20:21  25:14  43:18  43:19  44:24  44:25  45:2  45:2  45:11  45:13  46:12  46:17  46:20  46:22  46:23  47:5  47:6  47:7  47:12  47:21  49:9  49:23  52:13  52:15  53:5  53:11  55:3  56:16  61:10  61:11  61:23  61:25 | | **shachar**(1) 9:44 | | **sorkin**(1) 12:18 | |
| **retirement**(1) 12:6 | | | | **shall**(3) 17:25  18:18  18:22 | | **sorry**(3) 33:2  33:3  33:21 | |
| **review**(1) 25:21 | | | | **shamah**(1) 7:46 | | **sort**(1) 33:13 | |
| **reviewing**(1) 50:22 | | | | **shame**(1) 62:9 | | **sottile**(1) 3:19 | |
| **revised**(4) 20:20  46:22  46:23  63:14 | | | | **shannon**(1) 10:27 | | **sought**(1) 70:11 | |
| **revision**(1) 20:8 | | | | **shareholder**(4) 66:19  66:19  67:10  67:20 | | **sound**(2) 1:48  75:8 | |
| **revote**(1) 25:10 | | **scheduled**(2) 14:14  14:15 | | **sheffield**(1) 10:38 | | **sounds**(1) 22:23 | |
| **richard**(2) 5:16  70:14 | | **schedules**(4) 19:19  44:23  46:15  57:1 | | **sheron**(1) 11:46 | | **south**(3) 1:29  3:35  5:30 | |
| **richards**(1) 4:23 | | **scheduling**(9) 15:21  48:16  48:17  48:21  51:23  51:24  54:14  62:20  64:10 | | **short**(3) 16:6  46:17  47:21 | | **spaeder**(3) 3:18  6:11  66:4 | |
| **riding**(1) 47:9 | | | | **shortcut**(1) 53:24 | | **speak**(9) 23:14  25:8  66:14  72:22  73:14  73:20  73:25  74:13  74:20 | |
| **rifkind**(1) 10:25 | | **schlerf**(1) 2:44 | | **shortening**(1) 69:17 | | | |
| **right**(16) 15:10  15:15  20:25  27:7  31:24  31:25  39:6  44:10  44:13  54:20  65:12  66:10  68:1  72:10  74:19  74:22 | | **scholer**(1) 10:20 | | **shorter**(2) 45:5  69:1 | | **special**(1) 66:4 | |
| | | **schotz**(2) 1:33  14:6 | | **shortly**(1) 56:1 | | **specialized**(1) 46:10 | |
| | | **schulte**(1) 6:26 | | **should**(31) 19:8  20:2  20:4  21:6  21:8  23:8  23:11  27:20  34:16  34:17  39:17  47:23  48:17  49:15  51:4  51:10  52:10  52:20  52:23  53:2  53:13  53:16  54:13  54:17  55:3  59:20  67:9  67:24  68:11  69:7  73:15 | | **specific**(4) 19:22  38:20  71:1  71:1 | |
| | | **schuylkill**(1) 1:44 | | | | **specifically**(2) 18:20  38:16 | |
| **rights**(1) 65:8 | | **scientific**(1) 46:10 | | | | **specificity**(1) 50:20 | |
| **rise**(5) 40:7  40:8  48:15  49:20  66:12 | | **scope**(3) 16:17  16:18  22:4 | | | | **speculation**(2) 24:13  24:23 | |
| **rises**(1) 48:19 | | **scotland**(1) 12:1 | | | | **speed**(3) 57:10  57:11  57:12 | |
| **river**(1) 40:25 | | **scott**(2) 6:37  8:42 | | **shouldn't**(1) 59:5 | | **spend**(1) 72:16 | |
| **road**(4) 16:7  17:20  17:21  40:25 | | **scrambled**(1) 28:6 | | **show**(3) 16:7  17:20  17:20 | | **sperling**(1) 10:15 | |
| **robert**(2) 9:19  10:41 | | **seaport**(2) 10:47  10:47 | | **shows**(1) 55:14 | | **spring**(1) 63:14 | |
| **roberts**(1) 11:6 | | **second**(6) 19:11  38:19  41:20  62:5  73:18  74:11 | | **shughart**(1) 5:35 | | **square**(2) 2:21  4:25 | |
| **rockefeller**(1) 3:14 | | | | **shuttle**(1) 14:12 | | **stand**(2) 37:8  75:4 | |
| **rodney**(1) 4:25 | | | | **side**(2) 24:2  50:1 | | **standpoint**(2) 17:7  65:19 | |
| **rome**(1) 2:37 | | **secondly**(2) 19:23  68:25 | | **side-by-side**(1) 45:1 | | **stanley**(2) 3:40  10:4 | |
| **rose**(2) 8:45  69:23 | | **seconds**(1) 72:17 | | **sides**(2) 23:9  47:22 | | **stark**(1) 11:20 | |
| **rosenberg**(1) 9:19 | | **section**(2) 18:20  36:21 | | **sidley**(2) 1:24  7:7 | | **start**(3) 19:4  25:18  62:3 | |
| **rosenblatt**(1) 3:12 | | **securities**(3) 9:9  9:9  11:6 | | **siegel**(1) 2:19 | | **started**(2) 17:17  67:22 | |
| **rosenman**(1) 10:43 | | **see**(7) 16:8  20:19  31:19  32:18  45:1  55:6  58:16 | | **sieger**(1) 10:44 | | **starting**(1) 72:19 | |
| **rosner**(4) 4:32  56:21  56:22  62:6 | | | | **significant**(4) 21:18  32:3  39:13  47:10 | | **state**(5) 12:5  21:11  21:21  70:9  70:19 | |
| **ross**(1) 7:10 | | **seek**(1) 69:17 | | **signing**(1) 65:7 | | **stated**(1) 55:2 | |
| **roth**(1) 6:26 | | **seeking**(5) 40:14  42:20  46:1  63:20  69:10 | | **silly**(1) 30:7 | | **statement**(8) 24:19  29:15  38:23  55:11  55:14  55:20  58:17  59:17 | |
| **rothschild**(1) 2:43 | | **seem**(2) 40:21  52:3 | | **silverstein**(1) 5:9 | | | |
| **rough**(1) 72:23 | | **seems**(4) 43:25  44:7  46:14  71:16 | | **similar**(1) 36:20 | | **statements**(4) 49:4  50:22  51:5  58:11 | |
| **roughly**(1) 56:25 | | **seen**(1) 29:5 | | **similarly**(3) 21:20  39:10  67:9 | | **states**(3) 1:1  1:20  65:10 | |
| **round**(1) 28:11 | | **segment**(1) 46:4 | | **simple**(3) 64:21  64:25  65:6 | | **statute**(4) 70:20  71:2  71:5  71:6 | |
| **royal**(1) 11:49 | | **segments**(2) 36:24  37:2 | | **simply**(20) 23:7  23:12  29:12  35:13  35:23  36:5  39:20  44:13  44:20  53:17  53:24  55:11  55:16  56:9  63:13  63:20  63:24  68:13  68:16  68:17 | | **step**(3) 26:15  51:8  62:3 | |
| **rudnick**(2) 1:18  48:13 | | **seife**(1) 3:13 | | | | **stickles**(4) 1:36  72:6  72:6  72:12 | |
| **rule**(10) 18:8  40:10  40:13  42:4  46:8  46:18  46:18  64:19  67:17  71:9 | | **seiler**(1) 8:16 | | | | **still**(5) 47:6  53:16  65:12  69:13  72:20 | |
| | | **selber**(1) 5:9 | | | | **stock**(8) 31:5  32:25  35:3  35:7  35:14  35:16  35:17  35:19 | |
| **ruled**(1) 21:14 | | **sell**(1) 35:17 | | **since**(1) 67:5 | | | |
| **rules**(3) 21:17  41:11  67:14 | | **semblance**(1) 58:2 | | **single**(2) 27:18  42:15 | | **stone**(6) 5:3  54:11  68:4  68:5  70:3  70:7 | |
| **ruling**(3) 29:18  40:12  69:13 | | **send**(2) 15:18  64:19 | | **single-track**(1) 17:16 | | **straightforward**(6) 20:10  22:6  32:12  57:17  73:17  73:23 | |
| **rulings**(2) 17:5  43:17 | | **senior**(44) 19:21  22:16  23:2  23:12  24:1  24:9  24:17  24:20  24:21  25:9  25:11  26:5  26:6  26:15  27:6  27:24  28:15  30:25  31:6  32:12  32:20  34:21  35:1  35:2  35:15  35:18  37:14  37:21  39:11  39:12  48:1  50:7  50:14  50:16  51:7  51:11  51:18  55:7  56:24  57:21  57:23  59:8  62:18  73:13 | | **situation**(8) 29:20  37:2  40:22  41:4  47:25  48:3  48:5  65:20 | | | |
| **run**(4) 14:8  20:4  22:24  73:15 | | | | | | **strauss**(4) 4:3  8:24  19:16  72:15 | |
| **saavedra**(1) 10:5 | | | | **six**(3) 14:22  21:20  73:5 | | **streamlined**(1) 53:18 | |
| **sachs**(2) 6:34  6:35 | | | | **sixth**(1) 15:1 | | **street**(14) 1:11  1:44  2:14  2:27  2:33  2:39  3:6  3:21  3:43  4:26  4:38  5:11  5:17  5:24 | |
| **saddens**(1) 57:19 | | | | **skip**(1) 46:19 | | | |
| **said**(19) 17:17  24:25  39:20  43:14  44:13  45:4  47:7  49:11  52:25  54:8  54:8  54:12  55:24  57:6  58:23  61:21  62:6  68:10  72:18 | | | | **slater**(1) 11:9 | | **strike**(2) 57:  52:11 | |
| | | **seniors**(2) 57:25  59:2 | | **slightly**(3) 20:23  20:24  22:2 | | **strikes**(1) 41:10 | |
| | | **sense**(6) 39:14  50:13  51:4  55:19  56:17  72:23 | | **sloan**(1) 4:24 | | **strip**(2) 32:25  35:12 | |
| **sale**(1) 41:7 | | | | **slow**(1) 38:4 | | **stromberg**(1) 7:10 | |
| **same**(14) 24:11  30:19  36:20  36:23  37:2  37:10  37:11  37:16  43:10  68:11  68:13  68:22  69:15  70:5 | | **sensibly**(1) 60:1 | | **small**(1) 58:3 | | **strongly**(1) 49:2 | |
| | | **separate**(3) 49:20  67:3  74:14 | | **smalley**(1) 10:48 | | **structurally**(1) 62:18 | |
| | | **separately**(1) 48:19 | | **snr**(3) 5:28  14:25  14:25 | | **structure**(2) 30:7  30:8 | |
| | | **serve**(2) 45:4  70:23 | | **sole**(1) 30:23 | | **stuart**(2) 9:32  12:25 | |
| **sanctions**(4) 69:4  69:8  69:18  71:9 | | **served**(2) 65:11  67:15 | | **solicitation**(8) 14:22  21:9  21:15  27:22  36:7  47:15  59:16  60:17 | | **stuck**(2) 35:15  53:20 | |
| **sandhya**(1) 3:27 | | **service**(12) 1:43  1:49  15:18  64:19  65:8  65:12  65:19  66:3  66:6  66:8  71:1  71:2 | | | | **sub**(1) 10:31 | |
| **satisfied**(1) 44:11 | | | | **solving**(1) 33:24 | | | |
| **satisfies**(1) 43:6 | | **services**(2) 1:43  37:6 | | | | | |
| **saw**(1) 59:11 | | **serving**(2) 53:22  64:22 | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**subject**(11) 26:16 26:20 26:22 28:15 39:15 41:12 44:2 45:15 46:9 49:3 61:18

**submission**(2) 15:5 65:24
**submissions**(5) 15:21 21:5 43:23 47:18
**submit**(1) 65:2
**submitted**(1) 65:1
**subordinate**(1) 42:20
**subordinated**(1) 50:12
**subordination**(29) 18:8 18:11 18:12 18:14 19:8 26:8 26:9 26:17 26:18 26:20 26:25 36:14 36:25 37:9 38:1 38:15 38:25 40:4 40:10 40:14 40:16 41:13 42:2 42:17 42:19 42:24 45:18 50:2 73:3

**subpoenas**(1) 67:16
**subsection**(1) 52:22
**subsidiaries**(4) 43:22 62:16 62:17 62:19
**subsidiary**(1) 63:1
**substance**(1) 67:19
**substantially**(2) 36:19 48:25
**substantiated**(2) 67:4 67:7
**successor**(1) 48:14
**such**(5) 26:8 31:1 40:16 47:25 57:20
**suggest**(4) 34:16 34:17 37:20 46:12
**suggested**(2) 20:5 21:12
**suggestion**(2) 15:24 69:18
**suite**(4) 1:37 3:6 3:22 3:44
**sullivan**(2) 2:25 2:26
**summarize**(1) 26:2
**summary**(2) 16:14 16:14
**sunshine**(1) 8:25
**superior**(2) 57:12 57:15
**supplemental**(2) 29:15 38:23
**supportable**(1) 67:20
**supports**(1) 42:15
**supposed**(2) 59:17 59:19
**supposes**(1) 61:23
**supreme**(1) 41:1
**sure**(11) 14:9 25:6 25:7 28:4 41:18 42:21 42:25 45:16 45:23 55:25 62:13

**surprised**(2) 68:21 70:10
**surprising**(1) 62:20
**suspicion**(1) 24:11
**swap**(7) 26:4 36:13 38:13 39:3 50:7 51:2 51:16

**sync**(1) 14:9
**systemically**(1) 65:21
**tabak**(1) 11:6
**table**(1) 60:7
**tactic**(1) 61:3
**taft**(1) 12:1
**take**(21) 15:24 16:21 17:2 17:9 17:9 17:11 23:10 23:11 35:24 36:1 43:21 44:20 47:1 52:10 52:16 60:7 61:22 62:13 64:13 73:3
**taken**(1) 25:2
**takes**(1) 47:8
**talk**(8) 20:13 22:23 23:6 25:15 27:9 30:21 38:8 60:7
**talked**(1) 68:23
**talking**(6) 25:23 57:13 58:14 59:10 59:12 69:1
**talks**(1) 58:17
**tammy**(1) 75:13
**tandem**(2) 20:4 22:25
**tawil**(1) 12:22
**tax**(1) 41:7
**technical**(1) 46:10
**telephonic**(10) 5:44 6:1 6:42 7:4 7:40 8:38 9:36 10:34 11:32 12:30
**tell**(9) 24:6 25:3 41:21 45:8 58:9 59:19 64:7 65:4 67:12

**ten**(1) 15:2
**ten-minute**(1) 73:22
**tend**(2) 43:12 67:11
**term**(1) 62:8
**terms**(7) 24:14 25:23 37:18 60:10 60:11 68:13 70:5

**testifier**(1) 45:16
**testimony**(4) 46:9 52:1 52:3 52:17
**than**(15) 17:16 28:11 30:2 30:17 37:23 39:22 40:5 42:20 45:6 53:6 55:23 59:10 68:25 70:11 72:21

**thank**(31) 15:15 17:24 18:2 19:13 19:14 19:15 20:12 32:10 45:9 48:9 48:10 54:22 56:19 56:20 56:21 60:21 64:3 66:1 66:10 66:11 68:1 68:2 69:19 69:20 70:12 70:13 71:11 72:10 72:12 74:23 75:3

**that**(301) 14:9 14:19 15:3 15:7 15:10 15:24 16:1 16:9 16:10 16:19 17:7 17:13 17:13 17:17 17:21 17:23 18:5 18:8 18:11 18:12 18:17 18:21 18:25 18:25 19:1 19:7 19:10 20:8 20:16 20:19 21:7 21:22 22:5 22:14 22:16 22:24 23:4 23:5 23:7 23:8 23:11 23:22 24:7 24:8 24:9 24:11 24:13 24:13 24:19 24:20 24:22 24:25 25:3 25:6 25:7 25:7 25:16 25:20 25:21 25:24 26:1 26:11 26:13 26:22 27:12 27:12 28:5 28:20 28:24 29:15 29:18 29:19 29:22 30:13 30:15 30:17 31:4 31:7 31:11 31:13 31:15 31:18 31:22 32:12 32:19 32:22 32:20 32:22 33:1 33:8 33:10 33:17 33:23 34:3 34:3 34:5 34:8 34:11 34:12 34:15 34:22 34:23 35:14 35:18 35:19 35:20 35:23 36:9 36:19 36:21 36:24 37:3 37:7 37:8 37:12 37:17 37:23 37:24 37:24 38:2 38:3 38:6 38:9 38:11 38:16 38:20 38:24 39:4 39:6 39:14 39:21 40:3 40:7 40:9 40:17 41:7 41:10 41:14 42:3 42:3 42:6 42:15 42:16 42:17 42:22 42:22 43:6 43:10 43:11 43:14 43:16 44:2 44:5 44:6 44:8 44:8 44:12 44:14 44:21 45:14 45:14 45:16 45:44 46:12 46:12 46:20 47:2 47:6 47:11 47:12 47:13 47:21 47:22 47:23 47:24 47:25 48:20 48:22 48:49 49:8 49:11 49:11 49:12 49:22 49:25 50:7 50:14 50:14 50:15 50:15 50:21 50:25 51:6 51:7 51:9 51:14 51:17 51:23 51:24 52:4 52:8 52:9 52:11 52:12 52:18 52:18 52:22 52:22 52:23 52:23 52:24 53:6 53:11 53:18 53:11 53:24 54:2 54:3 54:5 54:7 54:7 54:10 54:12 54:14 54:16 54:17 55:1 55:3 55:8 55:12 55:14 55:14 55:20 55:21 55:23 55:25 56:4 56:9 56:10 56:10 56:13 56:13 56:15 56:17 56:25 57:2 57:5 57:7 57:7 57:7 57:15 57:19 57:22 58:7 58:9 58:11 58:16 58:17 58:18 58:22 58:24 59:6 59:10 59:11 59:22 60:7 60:16 60:19 61:6 61:11 61:13 61:15 61:15 61:18 61:22 61:23 61:23 62:2 62:5 62:6 62:9 62:11 62:12 62:13 62:13 62:22 63:5 63:8 63:8 63:11 63:13 63:15 63:18 63:21 63:23 63:24

**that**(80) 64:7 64:8 64:9 64:11 64:12 65:6 65:7 65:9 65:10 65:10 65:11 65:20 66:5 66:7 66:8 66:8 66:23 66:23 66:24 67:1 67:2 67:3 67:7 67:9 67:18 67:19 67:21 67:22 67:23 68:12 68:12 68:16 68:17 68:18 68:19 68:20 68:21 68:22 68:23 68:24 69:2 69:4 69:6 69:8 69:9 69:12 69:12 69:16 69:17 70:4 70:7 70:8 70:10 70:20 70:24 71:1 71:2 71:2 71:6 71:17 71:19 71:24 71:24 72:18 72:21 72:24 72:25 73:3 73:5 73:14 73:15 73:21 73:22 74:4 74:6 74:9 74:10 74:24 75:3 75:7

**that's**(45) 17:15 17:23 18:15 20:23 22:5 24:2 29:12 30:1 32:21 33:5 33:16 35:22 37:5 37:18 39:3 39:5 41:2 43:17 44:8 44:11 46:22 47:10 47:15 48:16 49:16 50:2 51:21 51:22 52:4 53:10 53:12 57:14 59:4 59:6 60:5 60:6 61:12 61:24 62:19 64:2 65:3 65:22 65:23 70:12 73:8

**thau**(1) 11:8
**the**(301) 1:1 1:2 1:19 5:1 10:47 14:3 14:6 14:8 14:11 14:11 14:12 14:12 14:13 14:14 14:17 14:19 14:22 14:24 15:1 15:2 15:4 15:4 15:10 15:11 15:13 15:15 15:17 15:19 15:19 15:20 15:21 15:22 15:23 15:23 15:24 16:2 16:4 16:5 16:6 16:6 16:7 16:7 16:8 16:10 16:10 16:11 16:15 16:15 16:17 16:18 16:18 16:19 16:22 16:25 17:3 17:16 17:7 17:10 17:12 17:13 17:14 17:14 17:15 17:16 17:17 17:17 17:18 17:19 17:20 17:20 17:20 17:22 17:22 17:24 17:25 17:25 18:1 18:5 18:6 18:6 18:7 18:13 18:14 18:16 18:16 18:17 18:18 18:19 18:21 18:21 18:21 18:22 18:23 18:23 18:25 18:25 19:1 19:2 19:4 19:5 19:6 19:7 19:9 19:8 19:9 19:12 19:12 19:14 19:18 19:19 19:19 19:20 19:21 19:21 19:21 19:22 19:23 20:1 20:2 20:2 20:3 20:5 20:7 20:7 20:8 20:9 20:10 20:12 20:15 20:15 20:16 20:17 20:18 20:19 20:19 20:20 20:20 20:21 20:22 20:24 20:25 21:1 21:2 21:2 21:5 21:7 21:8 21:9 21:10 21:12 21:13 21:13 21:14 21:15 21:17 21:17 21:20 21:21 21:22 21:23 21:23 21:24 22:3 22:3 22:4 22:4 22:4 22:8 22:9 22:10 22:12 22:12 22:14 22:15 22:16 22:16 22:17 22:19 22:20 22:20 22:22 22:22 22:25 23:1 23:1 23:2 23:3 23:3 23:4 23:5 23:6 23:7 23:8 23:9 23:10 23:11 23:12 23:13 23:13 23:15 23:17 23:21 23:21 23:24 23:25 24:1 24:2 24:2 24:2 24:5 24:8 24:11 24:12 24:13 24:15 24:15 24:16 24:17 24:19 24:20 24:20 24:21 24:24 25:1 25:2 25:8 25:9 25:9 25:10 25:10 25:11 25:11 25:12 25:14 25:16 25:16 25:17 25:17 25:18 25:19 25:19 25:21 25:22 25:23 25:25 26:1 26:2 26:2 26:4 26:4 26:4 26:6 26:7 26:9 26:12 26:14 26:15 26:15 26:15 26:16 26:17 26:17 26:18 26:19 26:20 26:21 26:21 26:22 26:24 26:24 26:25 26:25 27:2 27:4 27:4 27:5 27:6 27:7 27:8 27:9 27:11 27:13 27:14 27:14 27:15 27:15 27:21 27:22 27:23 27:23 27:24 27:25 28:2 28:3 28:5 28:5 28:6 28:7 28:10

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **the**(301) | 41:24  41:25  42:2  42:4  42:5  42:6  42:8  42:10  42:12  42:15  42:16  42:18  42:22  42:24  42:25  43:2  43:4  43:4  43:5  43:6  43:8  43:9  43:10  43:16  43:17  43:18  43:22  43:19  43:19  43:23  43:25  44:6  44:11  44:14  44:17  44:17  44:19  44:21  44:24  44:24  44:25  45:1  45:1  45:1  45:2  45:4  45:4  45:7  45:11  45:12  45:14  45:14  45:15  45:17  45:17  45:17  45:22  45:23  45:24  45:24  45:25  45:25  46:4  46:5  46:6  46:7  46:9  46:14  46:15  46:16  46:16  46:16  46:19  46:20  46:23  46:23  46:25  47:47:7  47:8  47:11  47:13  47:14  47:14  47:17  47:18  47:18  47:19  47:20  47:22  47:23  47:25  47:25  48:3  48:9  48:11  48:12  48:13  48:15  48:16  48:16  48:17  48:18  48:18  48:20  48:20  48:21  48:23  48:24  48:25  48:25  49:3  49:3  49:4  49:5  49:6  49:7  49:7  49:8  49:9  49:10  49:13  49:13  49:13  49:14  49:18  49:21  49:21  49:22  49:23  49:23  49:24  49:25  50:1  50:1  50:1  50:4  50:4  50:4  50:6  50:7  50:8  50:9  50:10  50:11  50:13  50:16  50:17  50:17  50:19  50:20  50:22  50:23  50:23  50:24  50:25  51:1  51:2  51:2  51:3  51:6  51:8  51:9  51:10  51:10  51:12  51:15  51:16  51:19  51:23  51:24  51:24  51:25  52:2  52:3  52:4  52:5  52:7  52:7  52:13  52:14  52:17  52:22  53:3  53:4  53:9  53:10  53:11  53:11  53:16  53:17  53:19  53:20  53:21  53:24  53:24  53:25  54:2  54:6  54:8  54:9  54:11  54:13  54:14  54:15  54:16  54:18  54:20  54:23  55:1  55:3  55:4  55:4  55:5  55:7  55:8  55:8  55:11  55:12  55:19  55:20  55:22  56:1  56:2  56:2  56:2  56:5  56:6  56:7  56:15  56:16  56:20  56:24  57:3  57:4  57:5  57:6  57:7  57:7  57:7  57:7  57:8  57:9  57:14  57:17  57:18  57:18  57:18  57:19  57:20  57:20  57:21  57:21  57:22  57:23  57:24  57:25  57:25  58:2  58:4  58:5  58:9  58:10  58:17  58:18  58:20  58:21  58:22  58:22  58:23  58:25  59:1  59:2  59:2  59:2  59:3  59:5  59:6  59:7  59:9  59:8  59:11  59:12  59:15  59:16  59:17 | **the**(250) | 59:17  59:18  60:3  60:4  60:7  60:2  60:25  61:2  61:3  61:10  61:11  61:13  61:15  61:15  61:16  61:17  61:18  61:22  61:24  61:25  61:25  62:1  62:2  62:3  62:3  62:7  62:7  62:8  62:8  62:9  62:14  62:15  62:16  62:16  62:19  62:21  62:21  62:23  62:23  62:24  62:25  62:25  62:25  63:1  63:3  63:3  63:6  63:6  63:7  63:8  63:9  63:10  63:13  63:14  63:14  63:16  63:18  63:18  63:20  63:22  63:23  63:25  64:3  64:6  64:8  64:10  64:12  64:12  64:14  64:16  64:17  64:18  64:20  64:20  64:22  64:22  64:24  64:25  65:4  65:4  65:5  65:6  65:6  65:8  65:9  65:10  65:12  65:13  65:16  65:17  65:17  65:18  65:24  66:3  66:5  66:5  66:6  66:7  66:10  66:13  66:15  66:16  66:16  66:18  66:19  66:21  66:22  66:23  66:25  67:67:5  67:7  67:8  67:9  67:10  67:11  67:13  67:14  67:17  67:17  67:18  67:19  67:19  67:23  67:23  67:24  67:25  67:25  68:1  68:3  68:6  68:7  68:8  68:8  68:10  68:12  68:17  68:22  68:23  68:24  69:2  69:5  69:5  69:9  69:12  69:15  69:16  69:17  69:20  69:2  69:25  70:2  70:4  70:5  70:7  70:8  70:8  70:10  70:11  70:12  70:13  70:16  70:18  70:19  70:20  70:22  70:23  70:24  70:24  70:24  71:2  71:3  71:4  71:5  71:5  71:6  71:8  71:9  71:10  71:12  71:15  71:17  71:18  71:24  71:25  72:1  72:5  72:7  72:7  72:10  72:13  72:16  72:17  72:19  72:20  72:22  72:23  72:25  73:1  73:2  73:3  73:4  73:7  73:7  73:9  73:14  73:15  73:16  73:16  73:18  73:18  73:21  73:23  73:19  73:19  73:19  73:20  73:21  73:23  73:24  73:25  74:1  74:1  74:2  74:6  74:7  74:9  74:10  74:11  74:14  74:15  74:15  74:17  74:22  74:24  75:2  75:5  75:7  75:8  75:9 | **they**(86) | 18:17  19:1  21:10  21:21  22:18  23:14  23:15  25:13  25:24  28:11  28:13  28:16  28:17  28:18  28:25  29:9  29:11  29:19  29:24  29:25  32:2  32:23  32:24  33:13  33:17  33:17  33:19  34:5  34:10  34:14  34:23  34:25  35:4  35:6  35:15  35:21  37:5  37:16  37:20  38:14  39:8  39:12  40:6  40:9  43:3  43:14  44:15  44:20  45:6  44:16  48:3  51:8  51:11  51:17  51:18  51:18  52:16  52:25  55:22  56:10  56:10  58:1  58:1  58:2  58:3  58:24  59:20  60:2  62:18  65:11  67:3  67:4  67:5  67:12  67:22  68:14  68:16  68:16  68:20  69:8  69:9  69:10  69:11  69:17 | **today**(10) | 14:15  15:6  47:18  49:5  57:3  59:11  63:3  72:5  72:11  75:2 |
| | | | | **they'll**(3) | 28:25  31:10  34:23 | **today's**(1) | 21:5 |
| | | | | **they're**(20) | 20:10  27:25  28:17  28:19  29:3  29:4  31:17  34:10  39:18  43:14  45:8  45:19  47:6  48:3  50:15  57:1  58:23  59:19  61:13  69:2 | **together**(3) | 37:9  37:15  53:4 |
| | | | | | | **tomorrow**(8) | 14:15  14:19  43:3  61:19  65:3  72:17  72:22  74:6 |
| | | | | **they've**(2) | 53:21  56:11 | | |
| | | | | **thing**(5) | 20:15  51:14  61:13  61:22  63:19 | **tomorrow's**(5) | 26:23  26:23  34:7  34:14  61:18 |
| | | | | **things**(4) | 49:22  50:10  53:11  63:16  63:16 | | |
| | | | | **think**(57) | 15:24  16:10  17:15  17:22  20:10  20:25  24:7  25:22  27:11  28:20  29:11  30:1  30:6  31:19  33:5  34:16  34:18  34:21  35:22  36:2  39:5  39:14  40:17  41:8  43:1  43:6  43:17  44:4  44:13  46:7  46:11  47:9  47:19  49:16  51:11  51:21  52:18  52:18  53:14  54:16  55:18  56:17  57:2  58:23  61:1  61:13  61:21  62:12  65:20  67:12  67:23  69:13  72:21  73:17  74:9 | **too**(4) | 30:9  35:20  46:17  59:5 |
| | | | | | | **took**(1) | 47:3 |
| | | | | | | **top**(2) | 45:1  69:5 |
| | | | | | | **topics**(1) | 74:25 |
| | | | | | | **torres**(3) | 4:30  11:45  56:22 |
| | | | | | | **total**(2) | 33:9  73:25 |
| | | | | | | **totaled**(1) | 73:8 |
| | | | | | | **totality**(1) | 24:15 |
| | | | | | | **track**(5) | 16:15  16:15  16:16  17:16  59:14 |
| | | | | | | **trade**(2) | 51:2  62:17 |
| | | | | | | **trading**(1) | 25:1 |
| | | | | | | **transcriber**(1) | 75:13 |
| | | | | | | **transcript**(3) | 1:18  1:49  75:8 |
| | | | | | | **transcription**(2) | 1:43  1:49 |
| | | | | **thinking**(2) | 61:20  63:12 | **transfer**(1) | 5:2 |
| | | | | **third**(8) | 38:23  39:3  40:6  43:4  55:4  56:5  62:11  69:4 | **transfers**(1) | 58:15 |
| | | | | | | **traxler**(1) | 12:33 |
| | | | | | | **trb**(2) | 25:12  38:9 |
| | | | | **this**(77) | 16:24  17:4  19:3  20:6  20:7  20:14  22:2  22:2  22:9  22:13  22:25  23:3  23:17  23:19  23:24  25:6  25:7  27:19  28:3  28:11  29:14  29:20  30:18  32:12  32:19  33:9  33:1  34:13  34:17  44:7  45:18  46:21  47:9  48:6  50:12  51:3  51:13  53:4  54:3  54:16  55:6  56:5  57:22  58:4  58:7  58:9  58:13  58:19  59:13  59:21  59:22  59:22  60:13  60:14  61:14  62:14  63:5  64:7  64:13  64:17  64:25  65:7  65:11  65:14  66:14  66:16  68:17  68:15  69:8  69:22  70:10  71:8  71:13  71:15  71:19  71:20  75:3 | **treated**(1) | 37:3 |
| | | | | | | **treatment**(7) | 31:6  34:1  34:1  34:4  34:9  34:23  34:24  36:23 |
| | | | | | | **trehan**(1) | 9:27 |
| | | | | | | **trial**(1) | 52:7 |
| | | | | | | **tribune**(9) | 1:8  7:7  7:17  14:6  26:4  36:13  43:5  43:22  43:24 |
| | | | | | | **tried**(2) | 24:22  68:6 |
| | | | | | | **true**(3) | 37:5  61:13  63:13 |
| | | | | | | **trump**(1) | 11:13 |
| | | | | **thomas**(3) | 2:5  5:29  6:8 | **trust**(11) | 2:18  11:44  26:20  36:2  36:2  48:11  48:14  55:1  56:9  73:6  73:13 |
| | | | | **thornburg**(1) | 3:40 | | |
| | | | | **those**(30) | 16:13  21:3  22:6  23:15  28:1  28:10  29:8  30:2  31:8  36:3  39:11  43:23  43:23  43:25  49:16  55:18  61:12  61:17  61:19  61:20  61:23  62:4  62:16  62:17  62:18  62:23  62:24  63:16  68:19  74:21 | **trustee**(5) | 48:15  50:1  56:2  56:15  56:23 |
| | | | | | | **trustees**(2) | 19:21  20:4 |
| | | | | | | **try**(2) | 30:7  58:6 |
| | | | | | | **trying**(3) | 20:25  38:4  38:5 |
| | | | | | | **tuesday**(1) | 14:1 |
| | | | | **though**(6) | 31:14  39:21  54:8  57:3  61:7 | **tunnell**(1) | 5:21 |
| | | | | **thought**(5) | 15:5  30:13  63:8  71:21  74:14 | **turn**(9) | 16:24  31:15  34:19  36:8  38:9  39:25  44:23  46:14  56:9 |
| | | | | **three**(8) | 14:15  26:19  34:5  47:9  57:14  61:6  73:12  74:5 | | |
| | | | | | | **turns**(3) | 36:24  37:24  46:6 |
| | | | | | | **tweed**(5) | 5:2  68:5 |
| | | | | **three-hour**(2) | 72:18  72:20 | **two**(16) | 14:12  16:21  19:22  21:2  21:2  21:4  26:14  26:16  30:13  30:20  33:18  34:1  35:1  45:24  61:12  61:14 |
| | | | | **through**(7) | 14:8  27:15  27:20  55:8  56:7  56:8  71:18 | | |
| | | | | **thus**(2) | 27:21  36:24 | **two-fold**(1) | 30:11 |
| | | | | **tilt**(1) | 46:1 | **two-track**(1) | 17:15 |
| | | | | **time**(19) | 17:9  17:9  17:11  17:13  21:23  23:7  23:10  27:25  28:12  28:13  29:25  30:5  30:1  34:24  35:10  41:5  43:10  48:3  48:6  54:3  54:16  54:21  58:10  60:16  64:14  64:18  65:20  69:1  69:17  71:1  72:17  72:19  72:21 | **tyler**(1) | 9:5 |
| | | | | | | **type**(1) | 55:21 |
| | | | | | | **types**(2) | 35:1  50:6 |
| | | | | | | **ultimate**(2) | 31:17  38:6 |
| | | | | | | **ultimately**(6) | 22:20  27:20  27:25  36:10  42:1  45:18 |
| | | | | **time-to-time**(1) | 59:25 | | |
| | | | | **timeline**(2) | 21:13  64:12 | **unable**(3) | 65:18  71:6  71:25 |
| | | | | **timely**(2) | 49:9  49:18 | **unaffected**(1) | 57:6 |
| | | | | **times**(2) | 2:21  57:11 | **uncertainty**(4) | 16:17  16:17  35:21  35:24 |
| | | | | **timing**(4) | 22:4  44:9  48:20  67:14 | **uncontested**(1) | 72:8 |
| | | | | | | **under**(26) | 25:10  25:14  27:14  31:14  32:25  34:25  37:13  41:9  46:7  49:6  50:4  50:16  51:8  52:12  58:1  58:24  59:11  62:7  64:13  65:2  65:25  70:5  71:2  71:5  71:6  71:9 |
| | | | | | | **underfunded**(2) | 33:1  33:3 |
| | | | | | | **underlying**(2) | 49:3  49:15 |

| Word | Page:Line |
|------|-----------|

**underpin**(1) 16:19
**understand**(5) 40:24 42:5 44:10 56:9 60:1
**understanding**(3) 71:17 71:19 72:20
**understands**(1) 22:11
**understood**(2) 54:7 65:22
**undisclosed**(3) 46:3 63:11 64:1
**unfair**(8) 23:12 29:12 45:13 52:18 52:21 63:9 63:10 63:22

**unhappy**(1) 19:10
**unheard**(1) 62:14
**unintentionally**(1) 74:3
**union**(1) 37:5
**united**(2) 1:1 1:20
**universe**(1) 25:5
**unknown**(2) 50:2 54:3
**unless**(2) 29:22 48:7
**unlikely**(1) 21:22
**unnecessary**(1) 71:16
**unnoted**(1) 64:2
**unrealistic**(2) 34:6 34:13
**unremarked**(1) 64:1
**unresolved**(2) 21:23 28:12
**unscramble**(1) 28:7
**unsecured**(8) 3:4 6:5 26:5 36:12 61:3 62:14 63:1 64:17

**until**(10) 15:6 16:18 16:25 23:15 29:22 48:6 52:12 56:18 62:4 64:10

**unturned**(1) 54:11
**unwarranted**(1) 23:12
**unwilling**(2) 24:7 35:13
**unworkable**(1) 34:18
**upon**(9) 20:16 29:1 29:21 33:18 35:7 39:16 51:17 57:24 63:6

**usb**(2) 9:9 9:9
**vail**(1) 11:17
**valuation**(3) 35:5 60:6 60:15
**value**(9) 30:24 35:5 35:11 57:10 57:11 57:12 58:7 59:4 59:7

**vanschyndle**(1) 11:21
**various**(1) 4:50
**varying**(1) 58:10
**verbatim**(1) 61:5
**versa**(1) 27:7
**version**(3) 37:13
**very**(16) 16:5 30:20 31:19 32:3 33:23 35:21 47:19 48:5 51:21 55:2 57:4 59:25 60:23 68:7 72:25 75:3

**vice**(1) 27:7
**view**(2) 64:9 70:20
**views**(1) 60:14
**violative**(1) 46:18
**vis-à-vis**(1) 37:16
**voice**(1) 62:13
**voluntarily**(1) 34:10
**vote**(13) 24:9 25:9 25:14 28:11 28:18 29:25 30:5 39:9 39:13 39:22 55:18 59:19 59:20
**voted**(5) 24:16 24:17 24:20 28:14 28:16
**voters**(1) 24:14
**votes**(1) 25:18
**voting**(10) 21:24 27:25 28:17 28:23 37:23 39:18 39:23 48:3 57:16 60:17

**wacker**(1) 5:30
**wait**(1) 22:14
**waivers**(1) 17:13
**walk**(1) 39:7
**walsh**(1) 10:7
**want**(17) 16:24 24:15 24:18 25:3 25:20 27:9 35:17 38:3 42:13 43:13 44:23 45:10 46:21 56:10 63:25 74:12 74:20

**wanted**(7) 15:6 35:12 54:12 56:12 61:6 62:13 63:9
**wardwell**(1) 9:39
**was**(41) 14:23 15:1 15:17 18:25 24:24 25:1 29:2 29:21 30:10 30:10 30:15 31:25 35:13 35:16 37:11 37:17 37:17 37:22 41:5 41:5 41:6 41:9 49:22 56:2 56:3 56:4 61:3 63:19 64:8 66:24 68:8 68:13 68:19 68:24 69:9 69:12 69:12 72:8 72:19 73:18 75:5

**washington**(1) 3:23
**waterfall**(1) 27:15
**watkins**(1) 9:17
**way**(18) 16:9 17:17 30:14 33:23 34:7 40:15 40:20 42:6 43:20 46:1 46:17 49:23 49:24 54:18 57:7 63:11 68:8 74:7

**webb**(1) 9:5
**week**(3) 35:20 20:22 56:5
**weeks**(2) 33:16 59:15
**weigh**(3) 21:6 21:7 46:1
**weighed**(1) 22:15
**weil**(1) 10:4
**weiss**(2) 10:25 11:25
**weitman**(1) 7:24
**welcome**(1) 54:23
**well**(32) 16:8 23:17 24:24 28:3 30:10 31:15 33:23 35:20 36:17 37:4 37:11 38:2 40:20 41:15 41:19 43:9 43:25 48:22 49:1 51:2 52:11 55:2 57:17 58:9 59:3 65:4 66:9 69:2 69:25 71:22 71:23 74:7

**well-taken**(1) 44:21
**wells**(3) 5:21 8:41 69:23
**went**(3) 55:8 56:6 70:10
**were**(28) 16:5 24:14 24:21 24:22 28:11 28:14 31:24 33:11 41:4 43:23 43:25 55:1 55:10 60:15 64:24 68:12 68:20 68:21 69:6 69:6 69:9 70:4 70:10 72:20 73:11 73:14 73:21 74:10

**west**(1) 3:43
**we'd**(4) 53:5 53:21 53:23 54:8
**we'll**(3) 26:12 31:7 56:15
**we're**(26) 14:9 18:4 19:4 20:1 20:24 36:21 38:4 38:4 42:17 42:25 43:2 51:4 51:20 52:8 53:4 53:14 53:20 57:12 59:3 59:9 59:12 65:20 67:12 69:13 69:15 71:6

**we've**(5) 16:11 15:24 33:16 54:11 61:11
**wharton**(1) 10:25
**what**(44) 16:16 18:13 18:15 20:23 22:23 25:1 25:23 28:13 28:16 29:10 29:16 29:24 33:16 33:20 33:22 34:16 34:17 35:15 37:2 39:18 42:1 51:16 51:17 51:18 51:20 53:11 53:25 55:24 57:3 58:1 58:2 58:6 58:22 59:7 59:12 59:19 59:20 60:13 62:1 65:4 65:22 68:13 71:23 73:8

**whatever**(3) 44:20 52:6 53:15
**whatsoever**(1) 55:17
**what's**(2) 34:3 64:14
**when**(36) 15:14 16:22 18:17 19:12 22:15 25:13 27:25 28:2 28:13 28:15 28:17 29:12 29:20 30:1 31:9 33:8 34:24 40:12 40:15 41:6 41:6 42:16 44:14 47:20 48:3 54:9 55:8 55:12 56:2 56:6 56:13 58:14 59:14 62:20 69:1 69:9

**where**(11) 18:10 21:1 21:2 21:3 24:2 29:9 37:2 40:2 41:6 44:16 48:5

**whereas**(1) 53:20
**whereupon**(1) 75:5
**whether**(14) 17:5 20:1 26:3 26:14 26:19 26:24 27:6 28:19 36:1 36:1 38:14 46:3 52:13 62:21

**which**(32) 14:11 15:17 17:25 18:8 20:22 21:6 27:14 28:6 31:1 32:1 34:9 34:20 36:11 36:18 38:17 40:24 41:10 49:23 49:24 53:9 53:19 56:24 60:15 63:2 64:8 64:24 65:1 69:5 70:18 71:6 72:8 73:24

**while**(8) 17:8 22:11 48:18 49:2 51:1 52:1 54:13 58:25

**with**(8) 8:41
**who**(16) 24:1 25:10 27:25 28:10 39:15 50:5 50:9 50:12 50:13 50:18 51:4 51:11 51:12 62:7 73:5 74:12

**whole**(2) 25:6 74:15
**whom**(1) 64:3
**whose**(2) 29:2 70:25
**who's**(1) 19:10
**why**(22) 16:12 17:15 20:9 24:6 28:10 31:20 32:21 33:5 34:3 37:13 45:23 49:17 55:8 59:19 59:25 60:5 65:23 67:12 71:6 71:13 71:15 71:20

**wickersham**(1) 12:1
**will**(72) 7:31 16:19 16:23 16:24 17:2 17:4 17:4 17:8 17:8 17:11 17:11 17:14 21:14 21:23 22:8 22:16 22:24 23:5 23:6 23:10 23:14 25:16 25:22 27:17 28:1 29:23 29:24 30:2 30:3 30:4 30:23 31:2 31:4 31:5 31:11 32:2 33:14 33:17 34:10 35:19 36:10 38:15 39:3 42:1 44:15 44:18 44:19 46:5 47:11 47:13 48:24 49:23 49:24 53:5 53:8 55:23 58:16 60:3 60:3 60:23 61:16 61:19 61:23 63:15 64:7 64:13 66:3 67:16 71:4 73:3 73:11 75:4

**william**(1) 2:26
**willing**(1) 70:4
**willkie**(2) 12:16 12:17
**wilmington**(24) 1:12 1:38 2:7 2:15 2:18 2:28 2:40 2:46 3:7 3:45 4:13 4:27 4:39 5:12 5:25 5:38 14:1 48:11 48:14 48:19 49:22 49:25 56:8 73:6

**win**(1) 23:25
**winfree**(1) 4:11
**wisest**(1) 42:6
**wish**(8) 60:21 64:4 65:13 69:20 71:12 72:16 72:23 73:5

**wishes**(3) 72:23 73:8 74:15
**wishing**(4) 43:20 72:22 73:20 73:25
**with**(98) 14:9 15:7 15:21 15:23 17:17 18:7 18:9 18:23 19:1 19:10 19:22 22:25 23:8 25:5 26:9 26:12 27:16 28:7 28:12 29:17 31:11 35:16 36:16 36:23 37:15 37:22 38:5 38:10 38:17 38:23 41:5 41:9 41:11 41:14 41:15 41:18 41:22 42:4 43:8 43:11 44:7 45:8 46:20 46:24 47:3 47:17 47:18 47:20 48:15 48:20 49:2 49:10 50:2 50:20 51:4 51:5 52:1 52:2 53:16 53:21 55:10 55:16 55:21 55:24 56:11 56:15 56:18 56:25 57:9 57:17 57:17 57:19 59:6 60:9 60:14 65:14 66:6 66:13 66:25 67:16 67:17 67:17 68:7 68:12 68:17 69:3 69:6 69:10 69:12 70:3 70:8 70:17 71:4 72:7 72:8 73:2 73:12 74:6

**withheld**(3) 58:19 59:1 59:9
**withholding**(2) 59:3 59:21
**withholdings**(1) 58:15
**within**(10) 36:22 36:22 37:2 37:17 38:16 42:17 42:25 66:20 67:15 67:25

**without**(5) 29:7 50:17 50:19 63:5 68:15
**witness**(2) 52:8 52:9
**witnesses**(2) 52:14 52:14
**womble**(1) 2:4
**wonder**(1) 37:13

**won't**(8) 28:25 29:9 35:17 35:18 43:17 48:5 52:12 74:8

**work**(2) 59:14 66:25
**workman**(1) 3:41
**works**(2) 18:5 18:6
**world**(1) 43:24
**worried**(1) 43:15
**worse**(1) 28:11
**worst**(1) 29:16
**worthwhile**(2) 60:17 60:18
**would**(42) 15:6 16:17 24:3 25:4 26:1 32:4 33:4 33:7 33:23 34:9 34:19 37:20 39:6 40:21 42:6 43:9 43:12 44:1 44:4 44:8 44:11 46:12 47:21 49:9 51:15 52:3 52:23 54:19 58:24 59:1 60:19 62:25 65:7 66:24 67:22 67:24 68:18 68:19 69:11 72:16 72:18 74:4

**write**(1) 17:10
**written**(5) 15:21 17:6 47:22 53:22 64:9
**wrong**(5) 24:2 33:23 47:24 59:6 67:12
**yeah**(1) 42:5
**year**(4) 47:9 55:9 56:6 67:16
**years**(2) 50:24 57:14
**yes**(9) 15:13 28:9 28:16 34:12 36:17 44:6 65:24 72:14 74:19

**yet**(6) 33:16 44:7 54:3 57:19 64:4 67:1
**yorba**(1) 10:31
**york**(8) 2:22 3:15 3:29 4:7 4:20 4:34 5:5 12:5

**you**(93) 15:11 15:15 17:14 17:24 18:2 19:13 19:14 19:15 20:12 20:12 20:18 20:19 23:19 24:6 25:3 26:11 28:3 30:1 32:10 32:18 33:24 34:5 34:6 35:23 36:9 37:1 40:21 41:6 41:13 44:2 44:24 45:1 45:7 45:8 45:8 45:9 48:7 48:9 48:10 49:12 50:22 50:23 51:14 52:6 52:8 52:9 54:6 54:8 54:19 54:22 55:17 56:12 56:13 56:19 56:20 56:21 57:15 58:12 58:16 58:19 60:6 60:21 60:23 61:3 61:9 61:22 62:10 63:7 63:21 64:3 64:7 66:1 66:10 66:11 66:22 68:1 68:2 69:7 69:19 69:20 70:12 70:13 71:11 71:24 71:24 71:25 72:10 72:10 72:12 72:17 74:16 74:23 75:3

**young**(1) 11:24
**your**(140) 14:4 14:5 14:8 14:21 14:23 15:13 16:3 16:5 17:9 18:12 18:2 19:13 19:15 19:18 20:6 20:11 20:13 21:4 22:22 24:4 24:15 25:5 25:15 25:20 26:22 27:8 27:10 29:14 29:21 30:6 30:9 30:21 32:3 32:8 32:18 33:2 33:24 34:19 35:25 36:8 36:9 36:17 37:11 37:20 38:8 38:16 38:17 39:19 39:19 39:25 40:13 41:16 41:23 42:13 43:11 43:13 44:5 44:22 44:23 45:9 45:21 46:7 46:15 47:3 47:17 48:7 48:12 48:15 49:2 49:16 49:20 50:3 51:22 52:6 52:23 53:5 53:8 53:22 54:7 54:9 54:12 54:19 54:22 54:24 55:23 56:12 56:15 56:21 56:25 57:22 59:24 60:9 60:13 60:19 60:23 61:1 61:19 61:20 62:2 62:21 62:22 63:4 63:12 63:14 63:15 63:17 63:22 64:2 64:15 64:17 64:21 65:3 65:5 65:7 65:22 66:2 66:5 66:12 66:15 66:17 67:6 67:14 67:24 68:4 68:6 69:15 69:19 69:22 70:5 70:14 71:21 72:4 72:6 72:12 72:14 72:16 73:11 73:23 74:23

**yourself**(1) 37:2
**you'll**(1) 52:9
**you're**(3) 42:5 54:23 58:14
**you've**(6) 22:1 22:22 27:5 34:20 40:1 40:2

**zabel**(1) 6:26
**zell**(1) 51:15
**zelmanovitz**(1) 12:9

TRIBUNE.12-13-11.DOC

| Word | Page:Line |
|---|---|

**zensky**(10) 4:4  72:13  72:14  72:15  73:1
73:10  74:8  74:9  74:19  74:23

**zloto**(1) 8:21
**zuckerman**(3) 3:18  6:11  66:4
**"beneficiaries**(1) 29:8