IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Case No. 08-13141 (KJC) |
| | ) | (Jointly Administered) |
| | ) | |
| TRIBUNE COMPANY, et al., | ) | Chapter 11 |
| | ) | Courtroom 5 |
| | ) | 824 Market Street |
| Debtors. | ) | Wilmington, Delaware |
| | ) | |
| | ) | December 14, 2011 |
| | ) | 1:30 p.m. |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE JUDGE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtors:               Sidley Austin, LLP
                           BY: JAMES BENDERNAGEL, ESQ.
                           BY: KEVIN LANTRY, ESQ.
                           One South Dearborn
                           Chicago, IL  60603
                           (312) 853-7000

                           Cole, Schotz, Meisel, Forman
                           & Leonard, P.A.
                           BY: NORMAN PERNICK, ESQ.
                           500 Delaware Avenue, Suite 410
                           Wilmington, DE  19801
                           (302) 652-3131

ECRO:                      AL LUGANO

Transcription Service:     DIAZ DATA SERVICES, LLC
                           331 Schuylkill Street
                           Harrisburg, Pennsylvania 17110
                           (717) 233-6664
                           www.diazdata.com

Proceedings recorded by electronic sound recording;
transcript produced by transcription service

```
 1   APPEARANCES:
     (Continued)
 2
     For DBTCA:                 McCarter & English
 3                              BY: KATHARINE MAYER, ESQ.
                                BY: DAVID ADLER, ESQ.
 4                              Renaissance Centre
                                405 North King Street, 8th Floor
 5                              Wilmington, DE 19801
                                (302) 984-6300
 6
     For Wilmington Trust:      Brown Rudnick
 7                              BY: MARTIN SIEGEL, ESQ.
                                BY: GORDON NOVOD, ESQ.
 8                              BY: ROBERT STARK, ESQ.
                                Seven Times Square
 9                              New York, NY  10036
                                (212) 209-4862
10
                                Sullivan Hazeltine Allinson, LLC
11                              BY:  WILLIAM D. SULLIVAN, ESQ.
                                901 North Market street, Ste. 1300
12                              Wilmington, DE  19801
                                (302) 428-8195
13   For EGI-TRB:               Jenner & Block
                                BY: DAVID BRADFORD, ESQ.
14                              353 North Clark Street
                                Chicago, IL  60654-3456
15                              (312) 923-2975

16                              Blank Rome
                                BY: DAVID CARICKHOFF, ESQ.
17                              1201 Market Street, Ste. 800
                                Wilmington, DE  19801
18                              (302) 425-6400

19   For Bridge Lenders:        Fox Rothschild
                                BY: ERIC SUTTY, ESQ.
20                              919 North Market St., Ste. 1300
                                Wilmington, DE  19899-2323
21                              (302) 622-4212

22   For Morgan Stanley:        Barnes & Thornburg
                                BY: REBECCA WORKMAN, ESQ.
23                              1000 N. West Street
                                Suite 1200
24                              Wilmington, DE 19801-1058
                                (302) 888-0301
25
```

```
 1   For Aurelius Capital
     Management:                 Akin Gump Strauss Hauer & Feld, LLP
 2                               BY: DAVID ZENSKY, ESQ.
                                 BY: MARTIN HURLEY, ESQ.
 3                               BY: DEBBIE NEWMAN, ESQ.
                                 One Bryant Park
 4                               New York, NY  10036-6745
                                 (212) 872-1000
 5
     For Official Committee      Landis, Rath & Cobb
 6   of Unsecured Creditors:     BY: ADAM LANDIS, ESQ.
                                 BY: DAN RATH, ESQ.
 7                               919 Market Street, Suite 1800
                                 Wilmington, DE 19801
 8                               (302) 467-4400

 9                               Chadbourne & Parke, LLP
                                 BY: DAVID LEMAY, ESQ.
10                               BY: ANDREW ROSENBLATT, ESQ.
                                 BY: HOWARD SEIFE, ESQ.
11                               BY: MARC ROITMAN, ESQ
                                 30 Rockefeller Plaza
12                               New York, NY 10112
                                 (212) 408-5100
13
                                 Zuckerman Spaeder
14                               BY: JAMES SOTTILE, ESQ.
                                 1800 M Street, NW
15                               Suite 1000
                                 Washington, DC 20036
16                               (202) 778-1800

17   For Credit Agreement
     Lenders:                    Dewey LeBoeuf
18                               BY: JAMES JOHNSTON, ESQ.
                                 333 South Grand Avenue, Ste. 2600
19                               Los Angeles, CA  90071-1530
                                 (213) 621-6030
20                               Young Conaway Stargatt & Taylor LLP
                                 BY: ROBERT BRADY, ESQ.
21                               BY: BLAKE CLEARY, ESQ.
                                 The Brandywine Building
22                               1000 West Street, 17th Fl.
                                 Wilmington, DE  19801
23                               (302) 571-6600

24

25
```

```
 1   For JP Morgan Chase:      Davis Polk
                               BY: ELLIOTT MOSKOWITZ, ESQ.
 2                             BY: MICHAEL RUSSANO, ESQ.
                               459 Lexington Avenue
 3                             New York, NY  10017
                               (212) 450-4092
 4
                               Richards Layton & Finger
 5                             BY: DREW SLOAN, ESQ.
                               BY: ROBERT STEARN, ESQ.
 6                             One Rodney Square
                               920 North King Street
 7                             Wilmington, DE  19801
                               (302) 651-7700

 8   For Law Debenture:        Kasowitz Benson Torres & Friedman,
                               LLP
 9                             BY: DAVID ROSNER, ESQ.
                               BY: MATTHEW STEIN, ESQ.
10                             1633 Broadway
                               New York, NY  10019
11                             (212) 506-1969

12                             Bifferato Gentilotti
                               BY: GARVAN MCDANIEL, ESQ.
13                             800 North King Street, Plaza Level
                               Wilmington, DE  19801
14                             (302) 429-1200

15   For Certain Former
     Ds and Os:                Connolly Bove Lodge & Hutz,LLP
16                             BY: JEFFREY C. WISLER, ESQ.
                               1007 North Orange Street
17                             Wilmington, DE  19899
                               (302) 658-9141
18
     For Brigade:              Stutman Treistler & Glatt
19                             BY: ROBERT A. GREENFIELD, ESQ.
                               1901 Avenue of the Stars, 12th Fl.
20                             Los Angeles, CA  90067
                               (310) 228-5630
21
                               Loizides, PA
22                             BY: CHRISTOPHER LOIZIDES, ESQ.
                               1225 King Street, Suite 800
23                             Wilmington, DE  19801
                               (302) 654-0248
24

25
```

```
 1   For TM Retirees:          Teitelbaum & Baskin, LLP
                               BY: JAY TEITELBAUM, ESQ.
 2                             One Barker Avenue
                               White Plains, NY  10601
 3                             (914) 437-7670

 4   For Tribune:              Tribune Company
                               BY: DON LIEBENTRITT
 5                             435 North Michigan Avenue
                               Chicago, IL  60611
 6                             (312) 222-9100

 7   TELEPHONIC APPEARANCES:

 8   For Credit Agreement
     Lenders:                  Angelo Gordon & Co., LP
 9                             BY: GAVIN BIERA, ESQ.
                               (212) 692-0217
10
     Official Committee of
11   Unsecured Creditors:      Chadbourne & Parke, LLP
                               BY: MARC D. ASHLEY, ESQ.
12                             BY: DOUGLAS DEUTSCH, ESQ.
                               BY: THOMAS MCCORMACK, ESQ.
13                             (212) 408-5100

14                             Zuckerman Spaeder, LLP
                               BY: GRAEME BUSH, ESQ.
15                             BY: ANDREW CARIDAS, ESQ.
                               BY: ANDREW GOLDFARB, ESQ.
16                             (202) 778-1800

17   For Kramer Levin:         Kramer Levin Naftalis & Frankel,
                               LLP
18                             BY: DAVID E. BLABEY, JR., ESQ.
                               (212) 715-9100
19
     For Davidson Kempner:     Schulte Roth & Zabel, LLP
20                             BY: KAREN S. PARK, ESQ.
                               (212) 756-2036
21
                               DK Partners
22                             BY: EPHRAIM DIAMOND, ESQ.
                               (646) 282-5841
23

24

25
```

```
 1   For Goldman Sachs
     & Company:                Goldman Sachs & Company
 2                             BY: LEXI FALLON, ESQ.
                               BY: SCOTT BYNUM, ESQ.
 3                             (212) 902-8060
     For Defendants (former
 4   Directors & Officers):    Grippo & Elden, LLC
                               BY: GEORGE DOUGHERTY, ESQ.
 5                             (312) 704-7700

 6   For Debtor, Tribune:      Sidley Austin
                               BY: JESSICA BOELTER, ESQ.
 7                             BY: DAVID MILES, ESQ.
                               BY: ALLISON E. ROSS STROMBERG, ESQ.
 8                             BY: BRIAN KRAKAUER, ESQ.
                               BY: BRETT MYRICK, ESQ.
 9                             BY: JILLIAN LUDWIG, ESQ.
                               BY: THOMAS E. ROSS, ESQ.
10                             BY: KERIANN MILLS, ESQ.
                               (312) 853-7030
11
                               Tribune
12                             BY: DAVE ELDERSVELD
                               (312) 222-4707
13                             BY: MICHAEL D. ONEAL
                               (312) 222-3490
14                             BY: GARY WEITMAN
                               (312) 222-3394
15
     For Bank of America:      O'Melveny & Myers (NY Office)
16                             BY: DANIEL CANTOR, ESQ.
                               BY: EVAN JONES, ESQ.
17                             BY: DANIEL S. SHAMAH, ESQ.
                               (212) 326-2000
18
                               Bank of America
19                             BY: ESTER CHUNG, ESQ.
                               (646) 855-6705
20
     For Arrowgrass Capital
21   Partners, US LP:          Arrowgrass Capital Partners US LP
                               BY: DAVID DUNN, ESQ.
22                             (212) 584-5946

23

24

25
```

```
 1  For Defendants, Employees
    Compensation Defendant's
 2  Group:                    Frank Gecker, LLP
                              BY: JOSEPH FRANK, ESQ.
 3                            BY: REED HEILIGMAN, ESQ.
                              (312) 276-1400, EXT. 1432
 4  For Aurelius Capital
    Management:               Friedman Kaplan Seiler & Adelman
 5                            BY: GREGORY W. FOX, ESQ.
                              (212) 833-1177
 6
                              Aurelius Capital Management, LP
 7                            BY: MATTHEW A. ZLOTO
                              (646) 445-6518
 8
                              Akin Gump Strauss Hauer & Feld, LLP
 9                            BY: JASON SUNSHINE, ESQ.
                              (212) 872-7469
10
    For Matthew Frank:        Alvarez & Marsal, LLC
11                            BY: MATTHEW FRANK
                              (312) 371-9955
12
    For Wells Fargo:          White & Case
13                            BY: SCOTT GREISSMAN, ESQ.
                              (212) 819-8567
14
    For Richard Corbi:        Proskauer Rose
15                            BY: RICHARD CORBI, ESQ.
                              (212) 969-3000
16
    For Chicago Fundamental
17  Investment:               Chicago Fundamental Investment
                              BY: PETER GRUSZKA, ESQ.
18                            (312) 416-4215

19  For Interested Party:     Patterson Belknap Webb & Tyler
                              BY: BRIAN GUINEY, ESQ.
20                            (212) 336-2305

21  For Anna Kalenchits:      BY: ANNA KALENCHITS
                              (212) 723-1808
22  For Onex Credit
    Partners:                 Onex Credit Partners
23                            BY: STUART KOVENSKY, ESQ.
                              (201) 541-2121
24

25
```

```
 1   For Barclays:              Latham & Watkins, LLP
                                BY: ROBERT ROSENBERG, ESQ.
 2                              (212) 906-1200

 3                              Barclays Capital, Inc.
                                BY: OLIVIA MAURO, ESQ.
 4                              (212) 412-6773

 5                              Mayer Brown, LLP
                                BY: AMIT K. TREHAN, ESQ.
 6                              (212) 506-2500

 7   For JP Morgan Chase:       Davis Polk Wardwell, LLP
                                BY: PETER KIM, ESQ.
 8                              (212) 450-3028

 9   For Oaktree Capital
     Management:                Dewey & LeBoeuf, LLP
10                              BY: BRUCE BENNETT, ESQ.
                                (213) 621-6021
11

12   For Morgan Stanley:        Weil Gotshal & Manges, LLP
                                BY: ANDREA SAAVEDRA, ESQ.
13                              (212) 310-8544
                                BY: MICHAEL F. WALSH, ESQ.
14                              (212) 310-8197

15   For Brigade Capital
     Management:                Brigade Capital Management
16                              BY: GRANT NACHMAN, ESQ.
                                (212) 745-9781
17
     For Merrill Lynch
18   Capital Corporation:       Kaye Scholer, LLP
                                BY: JANE PARVER, ESQ.
19                              (212) 836-8510
                                BY: MADLYN G. PRIMOFF, ESQ.
20                              (212) 836-7042

21   For Citigroup:             Paul Weiss Rifkind Wharton &
                                Garrison, LLP
22                              BY: SHANNON PENNOCK, ESQ.
                                (212) 373-3000
23
     For Canyon Partners:       Canyon Partners
24                              BY: CHANEY M. SHEFFIELD, ESQ.
                                (310) 272-1062
25
```

```
 1   For Robert R. McCormick
     Foundation & Cantigny
 2   Foundation:              Katten Muchin Rosenman, LLP
                              BY: JOHN SIEGER, ESQ.
 3                            (312) 902-5294

 4   For The Seaport Group:   Seaport Group
                              BY: KENNETH SMALLEY, ESQ.
 5                            (212) 616-7763

 6   For Citi:                CITI
                              BY: REBECCA SONG, ESQ.
 7                            (212) 559-9933

 8   For Interested Party:    Miller Tabak Roberts Securities,
                              LLC
 9                            BY: ANDREW M. THAU, ESQ.
                              (212) 692-5178
10
     For EGI-TRB, LLC:        Jenner & Block
11                            BY: ANDREW VAIL, ESQ.
                              (312) 810-8688
12
     For Stark Entities:      Quarles & Brady, LLP
13                            BY: ERIC VANSCHYNDLE, ESQ.
                              (414) 277-5155
14
     For Cooperstown Capital
15   Management:              Cooperstown Capital Management
                              BY: PETER COURI, ESQ.
16                            (203) 552-6900

17   For Halcyon Asset
     Management:              Halcyon Asset Management
18                            BY: IGOR FUKS, ESQ.
                              (212) 303-9453
19
     For Royal Bank of
20   Scotland:                Cadwalder Wickersham and Taft
                              BY: MICHELLE MAMAN, ESQ.
21                            (212) 506-6000

22                            Royal Bank of Scotland
                              BY: COURTNEY ROGERS
23                            (203) 897-4815

24

25
```

```
 1   For Law Debenture Trust
     Company:                  Kasowitz Benson Torres & Friedman
 2                             BY: CHRISTINE MONTENEGROS, ESQ.
                               (212) 506-1715
 3
     For New York State
 4   Common Retirement Fund
     & Great Banc:             Morgan Lewis & Bockius, LLP
 5                             BY: RACHEL MAUCERI, ESQ.
                               BY: MENACHEM O. ZELMANOVITZ, ESQ.
 6                             (212) 309-6000

 7   For Bingham McCutchen:    Bingham McCutchen, LLP
                               BY: AINSLEY G. MOLONEY, ESQ.
 8                             (617)951-8873
     For Willkie Farr &
 9   Gallagher:                Willkie Farr & Gallagher, LLP
                               BY: ANDREW SORKIN, ESQ.
10                             (212) 728-9818

11   FOR Maglan Capital:       Maglan Capital
                               BY: DAVID D. TAWIL, ESQ.
12                             (212)300-6791

13   For Suttonbrook Capital
     Management:               Suttonbrook Capital Management
14                             BY: CAROL L. BALE, ESQ.
                               (212) 588-6640
15
     For Realm Partners:       Realm Partners
16                             BY: JASON D. ABBRUZZESE, ESQ.
                               (212) 612-1441
17
     For Siguler Guff:         Siguler Guff
18                             BY: RANDALL W. BEELER, ESQ.
                               (212) 332-5109
19
     For Shulte Roth & Zabel:  Shulte Roth & Zabel, LLP
20                             BY: KRISTIE BLASÉ, ESQ.
                               (212) 756-2466
21
     For Alexander Bilus:      Dechert, LLP
22                             BY: ALEXANDER BILUS
                               (215) 994-2608
23
     For Solus LP:             Solus LP - Client
24                             BY: STEPHEN BLAUNER
                               (212) 373-1562
25
```

```
1   For Dow Jones:              Dow Jones & Co.
                                BY: PEG BRICKLEY
2                               (215) 462-0953

3   For CRT Capital Group:      CRT Capital Group, LLC
                                BY; SHAGUN S. CHADHA
4                               (203) 569-4345

5   For Rodney Gaughan:         Deutsche Bank
                                BY: RODNEY GAUGHAN
6                               (201) 593-4016

7   For Angelo Gordon:          Wilmer Cutler Pickering Hale & Dorr
                                BY: ANDREW N. GOLDMAN, ESQ.
8                               (212) 230-8836

9   For Wilmington Trust:       Camden Asset Management
                                BY: MARK E. HOLLIDAY
10                              (503) 243-5000

11  For Ropes & Gray:           Ropes & Gray, LLP
                                BY: D. ROSS MARTIN, ESQ.
12                              (617) 951-7000

13  For Shachar Minkove:        JPMorgan Chase & Co.
                                BY: SHACHAR MINKOVE, ESQ.
14                              (212) 834-7174

15  For Pryor Cashman:          Pryor Cashman, LLp
                                BY: TINA MOSS, ESQ.
16                              (212) 326-0421

17  For Cyrus Capital:          Jones Day - New York
                                BY: SVETOSLAV NIKOV - Client
18                              (212) 380-5890

19  For Chandler Bigelow:       Sperling & Slater
                                BY: MATTHEW RICE, ESQ.
20                              (312) 641-3200

21  For Nomura Securities:      Nomura Securities
                                BY: ARTHUR ROULAC
22                              (212) 667-2073

23  For Eos Partners:           Eos Partners
                                BY: MIKE J. SCHOTT, ESQ.
24                              (212) 593-4046

25
```

```
1   For Taconic Capital:      Taconic Capital
                              BY: MARC SCHWARTZ
2                             (212) 209-3122

3   For Amalgamated Bank:     Millbank Tweed Hadley & McCloy
                              BY: ALAN STONE, ESQ.
4                             (212) 530-5285

5   For Macquarie Capital:    Macquarie Capital (USA)
                              BY: RUSHABH VORA
6                             (212) 231-6311

7   For Alvarez & Marsal:     Alvarez & Marsal, Inc.
                              BY: BRIAN WHITTMAN, ESQ.
8                             (312) 601-4226

9   For Smith Management:     Smith Management
                              BY: JENNIFER WILD
10                            (212) 418-6877

11  For Carval Investors:     Carval Investors
                              BY: TECK WONG
12                            (952) 984-3292

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1    WILMINGTON, DELAWARE, TUESDAY, DECEMBER 14, 2011, 1:34 P.M.

2              THE CLERK:  All rise.  Be seated, please.

3              THE COURT:  Good afternoon, everyone.

4              ALL:  Good afternoon.

5              THE COURT:  Mr. Zensky?

6              MR. ZENSKY:  Good afternoon, Your Honor.  For the

7    record, David Zensky, Akin, Gump, Strauss, Hauer & Feld for

8    Aurelius Capital Management.  As we discussed with the Court

9    yesterday, the plan was to start with the motions to

10   reconsideration addressed to the subordination issue.

11   That's how we'll proceed if it's okay with Your Honor.

12             THE COURT:  That's perfectly all right.

13             MR. ZENSKY:  Okay.  So I'll be leading off on

14   that.  And, Your Honor, you may note that the seniors and

15   the PHONES are sitting at different tables for this part of

16   the argument, but we'll be reconsolidating for the second

17   part of today's festivities.

18             THE COURT:  The musical chairs of a Chapter 11.

19             MR. ZENSKY:  Yes.  And you commented on that more

20   than once --

21             THE COURT:  Yes.

22             MR. ZENSKY:  -- in this case and others.

23             Your Honor, the standard for reconsideration is

24   high with good reason, but not insurmountable.  And we think

25   it's appropriate with respect to the issues that are being

1   put forth today.  And starting with the question of

2   subordination recoveries of Chapter 5 causes of action in

3   the litigation trust, we think it's appropriate because the

4   Court, in part, was under a misapprehension of several key

5   facts regarding the views of the parties.  I'd be remiss in

6   not stepping aside and saying that's no doubt due to the

7   volume of paper, issues, and facts the Court was besieged

8   with which we certainly bear some responsibility for, but --

9        THE COURT:  Ultimately to the extent I missed

10  something, the responsibility rests right here.

11       MR. ZENSKY:  Okay.  Well, moving on, Your Honor,

12  the points that we thought were overlooked in part here, or

13  that were misapprehended, rather, were that the Court's

14  opinion at least reflects the belief that the senior

15  noteholders supported the argument that had been urged by

16  the PHONES at the last minute, that they were not

17  subordinated with respect to the Chapter 5 causes of action,

18  and the opinion reflects that.  And, in fact, as it's

19  undisputed now, the senior noteholders have never supported

20  that position.

21       THE COURT:  I acknowledge that.

22       MR. ZENSKY:  Okay.  Second, Your Honor, the

23  opinion stated that the DCL plan provided for no

24  subordination with respect to the creditor trust and

25  presumably the Court believed that the seniors agreed with

1  that treatment as well, and that that was not the treatment.

2          Third, it may have been overlooked that the

3  noteholder plan itself for which Wilmington is -- was a co-

4  proponent, Your Honor, provided for complete and full

5  subordination as to these very issues.  And if the indenture

6  that is at issue here today provided for no subordination in

7  that situation, it would be hard to imagine how Wilmington,

8  as a trustee, could ever agree to that kind of treatment in

9  a plan.

10          Finally, Your Honor, when the issue was

11  presented, we think that the full scope of issues were not

12  properly presented to the Court, and it was dealt with a

13  very cursory manner, and only isolated portions of the

14  subordination provision itself were before the Court.  And

15  for all those reasons, we think it would be appropriate to

16  take a second look at that issue, Your Honor, which is --

17          THE COURT:  I am going to.

18          MR. ZENSKY:  Okay, thank you.  Moving to the

19  substance of the argument, Your Honor, there is -- the

20  parties are in agreement on most of the things that are

21  relevant to this.  They agree that the subordination

22  provisions of the PHONES indenture, whatever they might

23  provide, have to be applied in this Chapter 11, of course,

24  with respect to the litigation trust as well.  The parties

25  agree that the language is clear and susceptible to

1  interpretation as a matter of law.  The parties have all

2  cited lots of rules of construction.  And there's no real

3  disagreement about the rules of contract instruction, the

4  only disagreement is how to apply them to the couple of

5  paragraphs that really this boils down to, Your Honor.  And

6  the parties do agree, that those couple of paragraphs are

7  mostly found in Section 14.02 of the indenture and that is

8  the controlling provision.  And if I may, Your Honor, I have

9  a full copy of the indenture and 14.02 blown up which I

10 provided to other parties if I could hand it up --

11               THE COURT:  Certainly.

12               MR. ZENSKY:  -- to help the Court following the

13 discussion.

14               THE COURT:  Thank you.

15               MR. ZENSKY:  And for the record Your Honor,

16 there's nothing highlighted or circled or endorsed, it's

17 just a naked copy, so to speak, of the indenture and the

18 Section 14.02.

19               So our analysis, Your Honor, begins with the --

20 what should be called 14.023(a) and you can find that on the

21 first page.  And that is just a general and overarching

22 statement of subordination that states a singular

23 proposition in the event of a bankruptcy or liquidation

24 seniors go first, PHONES go second.  That's all it says.  It

25 doesn't say anything about the source of how the seniors get

1   made whole first.  It doesn't say anything about assets of

2   the company which is hotly debated with respect to other

3   provisions.  It's just a simple straightforward proposition

4   of subordination.

5           Now that's completely natural, and I think you

6   would expect it, in the section of the PHONES indenture

7   dealing with bankruptcy because in bankruptcy, litigation

8   tends to breakout, as this case has shown.  And by

9   hypothesis, there are going to be recoveries from many

10  potential sources and a senior would not want to be a senior

11  with an indenture that didn't include all those other

12  potential sources of recovery that come into play in a

13  bankruptcy.

14          The absence of any qualification in this first

15  section, 14.02-3(a), is also noteworthy because other

16  provisions in Section 14 which are -- there are several

17  sections that deal with subordination, do qualify the type

18  of payment at issue or who might be paying it or who it has

19  to be turned over to.  And this particular section has no

20  such qualification.

21          Now in some respects, Your Honor, this case is

22  like *Dura* the decision in this Court rendered a few years

23  back.  The Court was dealing with the interpretation of a

24  subordinated security indenture.  It was dealing with a

25  different clause, the so called X clause, but the Court's --

1      THE COURT:  I can't believe it's been four years

2  already.

3      MR. ZENSKY:  Yes.  Seems like yesterday?

4      THE COURT:  It does, it really does.  But if it

5  had, I guess I'd have remembered that for Tribune, huh?

6      MR. ZENSKY:  Yes.

7      THE COURT:  All right.  Go ahead.

8      MR. ZENSKY:  In any event, the clause at issue,

9  of course, was a different provision of the subordinated

10  indenture, the so called X clause.  And the Court's holding,

11  which enforced subordination under the dispute there, was

12  based, I think it's fair to say, principally on the

13  overriding purpose of the subordination provision to make

14  sure seniors go first, subordinated creditors go second.

15  And the Court quoted a very telling portion of the Seventh

16  Circuit's decision which it found persuasive at, I think,

17  Page 270 of the *Dura* decision.  This Court quoted and said,

18  "A senior creditor simply would not agree to a subordination

19  agreement in which its priority depended on the form of

20  consideration chosen by the debtor."

21      We think that that sentiment would apply here in

22  the following way that again, a senior creditor would

23  certainly have no interest in the terms of a subordinated

24  indenture that said you're senior as the distribution of

25  assets of the company, but once bankruptcy hits, its

1    payments come from any other source other than the company,

2    you're not senior as to those.  Again, those are obvious and

3    common sources of repayment in a Chapter 11 or Chapter 7 and

4    the essence of subordination dictates that subordination

5    apply to that.

6            If we move on to the next sentence that the

7    parties have focused on, Your Honor, it's 14.02(3)(b).  I'll

8    refer to that as the bypass provision.  And this essentially

9    says that any payment or distribution of assets of the

10   company are effectively supposed to -- that the PHONES would

11   otherwise be entitled to, are supposed to bypass the PHONES

12   holders and go directly to the parties that hold the senior

13   indebtedness or their representatives or indenture trustee.

14           Now we believe everyone who has argued this

15   point, that payment stands alone and separate from

16   distribution of assets of the company, and payment is not

17   modified by those words that follow the word distribution.

18   The PHONES take the opposite view and that's the essence of

19   their argument.  I'll come back to that part in a minute.

20   Clearly, if there's any cash that is paid out of the

21   litigation trust, that would qualify as a payment.  So right

22   there we think the word any payment is implicated by

23   14.02(3)(b).

24           And equally, if not more important, the section

25   goes on to talk about the sources of the payment or

1    distribution of assets that are subject to the bypass

2    provision and it lists three potential sources.  It says the

3    payments or distributions that shall be paid quote -- and

4    I'm about eight lines down in 14.02(b)-- "from a liquidating

5    trustee".  Well that sure sounds like it could include a

6    litigation trustee who's gathering, pursuing causes of

7    action for the benefit of the beneficiaries of the trust.

8    It includes the word agent or -- not a defined term, or

9    other person which is a defined term.  It's an upper case P.

10            And if you look at Page 5 of the indenture,

11    "Person" is then defined as a whole laundry list of

12    individuals, corporations, limited liability companies, I'll

13    ellipse at a few, and it includes the word trust about

14    halfway through the list.  And there's no qualification -- I

15    see Your Honor's flipping, I'll wait for a moment.

16            THE COURT:  I have it.

17            MR. ZENSKY:  Okay.  You'll see that the word

18    trust is squarely included within the definition of Person.

19    And you will also see that there is no limitation or

20    qualification, that it's only trusts that are distributing

21    assets of the company or all these other entities here.  So

22    again, by the plain language of this sentence, any payment

23    that was otherwise supposed to go to the PHONES is supposed

24    to be paid by any other person, and person includes trust,

25    to the seniors.

1          Wilmington has not answered this argument at all

2    and provided any interpretation as to how "Person" or

3    "liquidating trustee" squares with their interpretation,

4    that this whole section is only applicable when you're

5    distributing an asset of the company.

6          The next sentence is equally telling, Your Honor.

7    This is the turnover sentence.  And it begins on Page 2 of

8    the blowup.  And this is the backup plan to the bypass

9    sentence.  And this says, "if notwithstanding the prior

10   sentence," in effect, if not withstanding the command that

11   payments or distribution of assets bypass the PHONES and the

12   PHONES or their trustee get the payment or distribution,

13   they've got to turn it back to the person from whence it

14   came for application to the seniors.  Again, it's got the

15   definition, the defined term "Person", which is very broad.

16   There is no requirement in this section that the source of

17   the payment be the company itself.  It's just undefined,

18   payment.

19          This contrasts significantly with other sections

20   that the PHONES have pointed to, 14.03, 14.04, which I think

21   I alluded to earlier, where different subordination under

22   different circumstances is being addressed outside of a

23   bankruptcy.  And there it consciously uses turnover when you

24   get a payment from the company or the company makes a

25   payment.  In 14.02, there is no such language of

1    qualification.

2            Wilmington's arguments are as follows, Your

3    Honor.  The first is, if we go back to the beginning of

4    14.02, that sub (1), (2), (3), we call those the trigger

5    provisions.  In other words, these are the circumstances

6    under which 14.02 becomes operative.  And, of course, 14.01

7    -- 14.02(1) deals with insolvency or bankruptcy.  Before

8    that, the lead in is "upon any distribution of assets of the

9    company".  And Wilmington says that those words modify

10   everything that comes after and that nothing else in the

11   section is directed to anything other than assets of the

12   company.

13           We think, as we said in the papers, that's a very

14   strange interpretation.  And that if you intended to write a

15   subordination provision that was limited to assets of the

16   company, you wouldn't have all these other potential sources

17   of payment, persons, liquidating trustees, who might not be

18   in possession of the assets of the company.  We also don't

19   think the usage upon any distribution is just if this

20   happens, then the section goes onto describe what happens.

21   This is not intended to be any sort of cabin around the rest

22   of the section in a substantive way.

23           The next argument that they make is that as I

24   said, in other sections, 14.03, 14.04 because payments are

25   referred to as payments from the company, that you should

1  read that into 14.02.  We think that that observation cuts

2  the exact opposite way.  That if the drafter of an indenture

3  carefully uses payments only in respect of the company in

4  one place, and does not say so in the other sections, and

5  talks about lots of sources of payments that might be

6  subject to the bypass or turnover provisions, that it makes

7  no sense to import the word 'company' as a modifier of

8  payment where it is not included.

9          And again, the careful choice of the drafter of

10  this indenture makes sense, Your Honor, because 14.02 is the

11  bankruptcy section where litigation is a common feature and

12  that litigation includes the effort to recover payments from

13  other sources.  14.03 and 14.04 are non-bankruptcy sections

14  dealing with default or acceleration.  In bankruptcy, 14.02

15  controls and Wilmington doesn't argue otherwise.

16          Now third, Your Honor, you saw in the papers a

17  debate about the rule of construction, called the rule of

18  last antecedent, which we believe is applicable here and

19  dictates that the phrase 'assets of the company' only

20  modifies the word 'distribution' and not 'payment'.  We

21  think that also happens to be continent with the ordinary

22  usage of the phrase payment, payment refers to cash,

23  typically.  Distribution refers to potentially cash, but

24  also assets, securities, property, and other things that may

25  be given out in a Chapter 11 or Chapter 7 case.

1              And it's interesting to note that in our own

2     plan, the noteholder plan, that's exactly how those phrases

3     were used, Your Honor.  The word 'payment' was used when the

4     plan talked about cash, and the word 'distribution' was used

5     when it talked about giving out securities.  But beyond the

6     common usage of the words, the rule of last antecedent says

7     that when you have a modifier that comes after two or more

8     antecedents, you normally construe those modifiers as

9     referring to the last one, and that's the name of the rule.

10             That rule was applied in the *Barnhart* case by the

11    U.S. Supreme Court, and in the *Baupost* case which arose out

12    of the *Enron* bankruptcy, and did involve the interpretation

13    of a subordinated indenture.  The issue was different.

14    There was a -- it was the definition of senior indebtedness

15    that was at issue, but the Court applied it exactly as we

16    are seeking to have it applied here.  Senior indebtedness

17    was defined as notes, debentures, bonds, or other securities

18    sold by *Enron* for money borrowed.  And the District Court

19    overruled the Bankruptcy Court and said that those last

20    words, 'sold for money borrowed', only modified 'other

21    securities' and that notes, debentures, and bonds stood on

22    their own.  Similarly, here, payment stands on its own,

23    distribution of assets is a separate unit.

24             Wilmington says in response, that you can't apply

25    the rule of last antecedent when it would lead to an absurd

1  result.  And we agree with that maxim.  We don't take issue

2  with it.  The only problem for them is it doesn't lead to an

3  absurd result here, it's leads to a result that is perfectly

4  consistent with all the other sections I've taken the Court

5  through and the overriding purpose of subordination.

6          Finally, Your Honor, their last argument is that

7  the trustee has -- the PHONES trustee has powers under

8  Article 5 to pursue third parties for recoveries, and it

9  doesn't say that "but you have to turn them over".  A fair

10 reading of the whole indenture is that all of the Chapter 5,

11 excuse me, all of the Section 5 powers that the PHONES

12 trustee has are all subject to and subordinate to the

13 subordination provisions.  It would make no sense to say

14 otherwise because those Article 5 powers include putting a

15 claim in against the debtor itself and Wilmington doesn't

16 assert that subordination is not applicable to the proceeds

17 of a proof of claim against the debtor under this indenture.

18         So that's basically it on the PHONE subordination

19 issue, Your Honor.  The last comment I'll make is that the

20 retirees and Mr. Zell or EGI have put papers in on this

21 issue and have advance arguments that may or may not be

22 relevant down the road, but are not for decision today, as

23 to in the retirees' case whether their settlement is or is

24 not sacrosanct and locked in at this point.  And EGI, the

25 treatment of their particular subordination clause, is not

1 before the Court today.  We disagree with their positions,

2 but we have not briefed them, and do not believe the Court

3 needs to reach anything of that sort.  And I'm done, unless

4 the Court has any questions.

5            THE COURT:  I do not, thank you.

6            MR. ROSNER:  Good afternoon, Your Honor.  David

7 Rosner, Kasowitz, Benson, Torres & Friedman, with my co-

8 counsel, Garvan McDaniel from Bifferato Gentilotti.

9            I represent Law Debenture, but we filed a joint

10 motion, together with Deutsche Bank, so I'm here today

11 speaking for both.  Together, we represent 100 percent of

12 the senior debt, 20 percent -- roughly 20 percent by Law

13 Debenture, 80 percent by Deutsche Bank.

14            I think Mr. Zensky covered most of the points,

15 and I will be brief.  I think it's important for the Court

16 to recognize that subordination in this and in almost every

17 case becomes effective in two circumstances; when there's an

18 event of default, or when there's a bankruptcy.  It would be

19 not only just incorrect, but it would be commercially

20 unreasonable for an interpretation of a subordination

21 agreement whose sole purpose and intent is to prioritize the

22 parties' rights to recoveries out of a bankruptcy estate and

23 from liquidation of the bankrupt's assets to interpret that

24 agreement to actually not be a force or effect during the

25 very event in which it takes -- it comes into existence.

1    Certainly, during any time that the company is operating

2    without a bankruptcy, the debt gets paid in the ordinary

3    course.

4              Now Aurelius took you through -- I'm sorry, Mr.

5    Zensky took you through the various provisions and I'm not

6    going to do the same thing.  The papers do as well.  I will

7    say that one of the most important points, two of the most

8    important, but the first most important point is the

9    disjunctive aspect of the word 'payment' from the

10   distribution of assets from the company.  Now people can

11   differ as to whether the word 'company' has a distinct

12   meaning in this instance or whether, by virtue of Section

13   109 of the indenture, since the indenture is binding on

14   successors and assigns, and all of the company's obligations

15   are binding on successors and assigns, whether that really

16   makes any distinction here, because for these purposes, the

17   debtor in possession is the successor to the company, and

18   the company's obligations come from this pre-petition

19   agreement and are dealt with post petition.  And certainly,

20   the PHONES would like to be paid on a post petition basis.

21             But even if that was relevant, and we briefed

22   that point in our papers, Your Honor, on the successor

23   issue, but we'd say that only as a secondary point because

24   even if that were relevant, it's disjunctive.  And

25   disjunctive has a lot of meaning here because the word

1   'payment' is used differently.  And here, when you talk

2   about any payment, a payment by a liquidating trustee or a

3   payment by a trustee, it makes a difference in a bankruptcy

4   than it would outside of a bankruptcy.

5         So one observation, which I would say is the

6   second most important, or amongst many, is an important

7   point, is the cross reference in 14.03 back to 14.02 when

8   the event of default is a bankruptcy event of default.  It

9   refers you back to that being the payment that matters.  And

10  if that's the payment that matters, it's not a payment by

11  the company, it's not a payment limited to the company or

12  limited to the company's assets.  It makes it crystal clear

13  that in a bankruptcy, it's any payment because there will be

14  multiple sources of bankruptcy.

15        I actually would like to just speak about *Dura*

16  for a moment.  I think that Mr. Zensky addressed a central

17  point, but it has to be you made this point and you made it

18  dealing with much more difficult language than the language

19  that faces you today.  That you need to understand the

20  concept and the indenture as a whole and the point that the

21  indenture is trying to accomplish.  And here, you have the

22  PHONES reading of a subordination provision that would be

23  "inconsistent with the broader context of what the document

24  itself has" and that's a quote from *Dura*.  So you had the

25  occasion to assess and ultimately to reject a similar

1   grammatical play by sub debt to juxtapose words.

2           And in *Dura*, those words actually existed or

3   there was at least a better argument that those words

4   existed.  And I think that Circuit Judge Posner, who was

5   talking about how poorly written it was in the case, in

6   *Envirodyne,* that was before him, he said that maybe there is

7   even in that case the sub debt has a better semantic

8   argument, it just can't be what the document means and it

9   can't be how the Court's going to enforce the document.

10  Here, we don't even come close to the sub debt having the

11  better semantic argument.  Here, we have the actual words

12  that say exactly what we say they say.  What's happening

13  here is the sub debt is seeking to create words and put them

14  within a document in order to have a document change its

15  meaning in the very instance in which subordination has

16  relevance.

17          Your Honor concluded that there the Court must

18  read the indenture as a whole, not pick out a specific

19  phrase, not look -- and not look for a word here or there

20  and import a word here or there to give undue force that

21  would distort or confuse "the primary and dominant purpose

22  of the contract".  So you held there, and I respectfully

23  assert that you must hold here, that the import and

24  intention of this agreement, as well as, the actual words

25  that are used in the bankruptcy instance in which this

1  contract is applied, require that any distributions -- I'm

2  sorry -- any payments that get made to any of the creditors

3  in payment of their debt that would otherwise go to the

4  subordinated debt, will be turned over and paid over to the

5  senior debt until the senior debt is paid in full.  That's

6  an absolute description of the subordination provision is

7  that in each instance, the senior debt must be paid in full

8  before any payment may be made to the subordinated debt.

9           I think that Mr. Zensky went through what WTC,

10 what Wilmington Trust said in their objections.  What I'd

11 like to just mention is, because he hasn't mentioned

12 *Cybergenics* which is a case that was relied upon not only by

13 Wilmington Trust, but also by the Court.  But I think it's

14 clear with all the briefing we've seen is that *Cybergenics*

15 never addressed any issue that is actually before the Court

16 right now.  It dealt with a post petition agreement, as

17 opposed to a pre-petition agreement, where the parties may

18 have contemplated some distinction and it may have had some

19 meaning in what was being sold and what wasn't being sold.

20 Here, these are all pre-petition agreements that are written

21 in terms of the company.  It would be odd for a pre-petition

22 agreement to be written in terms of debtors' estate.  And it

23 would be unusual if any payment obligations were written in

24 terms of a debtors' estate.

25           But the point of *Cybergenics* was that the sale of

1  a debtors' property, pursuant to a sale agreement and

2  specific sale order, that that Court was looking at, very

3  circumscribed.  Its holding is very narrow, that in that

4  post petition agreement, that it chose to deal with the

5  debtors' property, that the avoidance actions were not

6  included.  And, in fact, the purchaser never claimed that

7  the avoidance actions were included.  It was -- this was a

8  defense by the defendant who was actually being sued for the

9  avoidance actions.  So it was setup in an odd framework, but

10 it also only dealt with the avoidance actions as claims

11 themselves.  And certainly, never dealt with any payments --

12 any recoveries from avoidance actions or payments from such

13 recoveries.

14         THE COURT:  Well if I were in a playful mood, I'd

15 tell you to open the Code to 541 and tell me where the

16 avoidance actions are listed, but I don't think that would

17 be a useful exercise for us.

18 (Laughter)

19         MR. ROSNER:  The point here is that the question

20 is that -- the question really is is do the juniors step up

21 before the seniors get paid in full under this indenture

22 which does not in any circumstance provide for that

23 circumstance.  The point here, unlike *Cybergenics* is may the

24 juniors get paid anything on their debt before the seniors

25 are paid in full under these -- under the indenture.

1          There's nothing in the indenture under 14.02 and

2    the cross reference 14.03 that really puts the final nail in

3    the -- well I don't want to use that metaphor, but tells --

4    says that Wilmington Trust is incorrect in their argument.

5    The result of a fraudulent conveyance action, as this Court

6    is aware and as the parties are aware, regardless of whether

7    who owns that cause of action, it provides for a recovered

8    asset for the payment of creditors' claims.  Seniors go

9    first, subordinates go second.  Once the seniors are paid in

10   full, then the subordinates can share.  And regardless if

11   it's characterized as a recovered asset that was part of

12   debtors' estate or regardless if it was determined whether

13   the debtor had the cause of action, it's a recovered asset

14   that can be used for payment.

15          Now we gave one example.  I don't believe it was

16   ever responded to.  I believe on the joinder parties gave a

17   similar example of talking about how odd it would be, how

18   old a reading of the indenture would be is if a defaulted

19   debtor transferred out $1,000 that would otherwise be used

20   to pay its debt and would certainly be subject to the senior

21   debt, but when it recovered it, it was a pari passu

22   obligation and the senior would no longer be able to benefit

23   from that on a senior basis.  If that were actually the

24   case, then during the course of any bankruptcy case, the

25   seniors would never be in favor necessarily of bringing

1  assets back in the estate, but the debtors would be

2  obligated to maintain a separate trust account where they

3  would take avoidance actions recoveries that would no longer

4  be subject to subordination.

5          Wilmington Trust is really -- their argument is

6  really a faint drawing on *Cybergenics.*  They sometimes slip

7  in the phrase, claims or their proceeds in their pleading.

8  And I think it's more of a misdirection away from what the

9  terms of the actual indenture says itself.  I think that if

10 the Court were to spend it's time focusing specifically on

11 the indenture, and by the way, there was some give-and-take

12 on the issue of the prospectus and as to whether it was

13 admitted into evidence or whether it wasn't admitted into

14 evidence, the parties do believe that you can determine this

15 by the four corners of the indenture.  But the prospectus is

16 -- was admitted as an exhibit into evidence during the

17 course of the trial and is properly before Your Honor.

18          I'm also not going to address EGI unless Your

19 Honor wants to have EGI addressed.  They had raised two

20 points.  One that you shouldn't hear us, and right now you

21 are hearing us.  So that was their first point.  Their

22 second point was that they wanted to or didn't want to talk

23 about their subordination agreement, but there's really

24 nothing pending as to them.

25          THE COURT:  Well they didn't want me to mess with

1    it, I think is the message I got.

2         MR. ROSNER:  I understood that as well and I

3    don't know if I need to respond to the provisions that they

4    left out in their pleading -- in their papers.

5         THE COURT:  No.

6         MR. ROSNER:  Okay.  Then, Your Honor, if you have

7    any questions for me?

8         THE COURT:  I do not.

9         MR. ROSNER:  Okay, thank you.

10        MR. GREENFIELD:  Yes, good afternoon, Your Honor.

11   I'm Robert A. Greenfield, a member of Stutman, Treister &

12   Glatt, Professional Corporation, attorneys for Brigade

13   Capital Management, LLC, on behalf of its managed entities.

14        We filed joinders, Your Honor.  Those joinders

15   are brief and I will try to be similarly brief, although

16   both counsel who preceded me were quite brief under the

17   circumstances.  I just want to emphasize a couple of points

18   and raise just a couple of other issues with Your Honor.

19        The way section, the section reads, 14.02, you

20   never really get to the interpretation of the (b) provision.

21   If, Your Honor, is satisfied that (a) really covers the

22   field, because (a) and (b) are really kind of about -- (a)

23   is the subordination provision.  (b) says well, the here's

24   now how it's going to work if, in fact, moneys are -- how

25   moneys are paid.  And there's another notwithstanding

1   provision at the end of that, that's kind of third

2   alternative that says well, in fact, moneys were paid to the

3   subordinated creditor, they have to disgorge it and pay it

4   back.

5           So if you're satisfied that (a) is, in fact,

6   applicable, and again, it has no reference whatsoever to

7   property of the debtor, of the company, or property that's

8   an asset -- or a distribution of the assets of the company,

9   and if, Your Honor, is satisfied that it's a triggering

10  provision as has been argued by the moving parties, then you

11  don't even have to get into this other interpretation.  If

12  you do, it's already been referenced in terms of the fact

13  that the language is different there.

14          And again, I want to emphasize that, you know,

15  the drafts people of this document when they wanted to talk

16  about payment from the company by the company, they said

17  that in a number of provisions that have been cited to Your

18  Honor.  But it certainly was not included in the (b)

19  provision and the notwithstanding provision that follows.

20  There's a reference to payment and only payments and

21  hopefully, Your Honor, will conclude that it means exactly

22  what it says.

23          The reference to the example which we put in our

24  pleadings with respect to the million dollar transaction, I

25  think is really highly relevant to Your Honor's

1   determination.  Because again, there would be no question

2   that if there was a million dollars in the estate at the

3   time of the filing, that would have been distributed

4   according to the priorities set forth, and it would have

5   gone first to the senior debt.  The fact that the million

6   dollars is either transferred out preferentially or

7   fraudulently and is then recovered, the result ought not to

8   be any different.  There's a reference to interpreting these

9   provisions on the basis of some absurd conclusion and we

10  would submit, Your Honor, that it would be absurd that if

11  you -- if the money is there at the time of the filing, it

12  goes to the seniors.  If it comes in later and is derivative

13  of the transfer that took place before bankruptcy, that

14  somehow it -- they get a windfall, the juniors.  That just

15  can't be.  And we would suggest that the agreement is not

16  susceptible to that interpretation.

17          I don't think there's any -- there's been a --

18  there was a lot in these briefs about well is this property

19  of the estate, is not?  Is it a cause of action property, is

20  it not?  Is it proceeds, is it not?  One thing is clear, I

21  think, that proceeds of a fraudulent transfer recovery

22  aren't property of the estate.  541 says exactly that.  And

23  I think that makes it much more different than what we saw

24  in the *Cybergenics* case.  Again, I think it's really

25  probative that in that case, the Judge recognized that the

1  recipient of the sold assets did not assert that.  And, in

2  fact, talked at length, although I think at the end said

3  well maybe it's not particularly relevant, but that the

4  recipient of the assets couldn't have even sued.  They

5  wouldn't have been able to recover anything.  So that the

6  creditor in that case was actually seeking again, a

7  windfall.  And the Judge didn't buy the argument and

8  shouldn't have.  That's just a totally different case than

9  we have here.

10          With respect to the provisions -- which

11  provisions kind of control, I think it's clear from the

12  agreements that 14.02(3)(a) should control the other

13  provisions that were referenced to in Section 5.  They are

14  very general provisions in Section 5.  And but you have a

15  very specific provision that says under no circumstances

16  should the juniors get paid before the seniors.  And you

17  have to read Section 5 with that overlay.  It's flatly

18  prohibitive and it ought to be interpreted as such.

19          Now the only other issue I would like to discuss,

20  Your Honor, is one that we did not mention in our briefs,

21  but it came out when I read it again last night and it

22  relates to this exact section which is 14.03 -- 14.02.  If,

23  Your Honor, looks and I don't -- I didn't see the handout

24  that was given to Your Honor, but I assume that it has the

25  notwithstanding language in it which is in 14.02 at the end

1  of that provision.  Thank you.

2          Interestingly, it says in the event that

3  notwithstanding the foregoing provisions of this Section

4  14.02.  Now what does that mean?  It doesn't say

5  notwithstanding the provisions of 14.02(a) or 14.03(b), it

6  says 14.02.  I believe that that can only mean that you

7  disregard all those prior provisions, the entire section

8  ahead of that.  And notwithstanding what has been said which

9  by the way, includes this language about distribution of

10 assets of a company in the event of one, two, and three.

11 All of that, notwithstanding.  So presumably, this provision

12 would apply in the event of a non-bankruptcy situation.

13          Now in the event of this provision and certain

14 things happen and, in fact, under those circumstances, the

15 payment or distribution of assets to the company go to the

16 seniors.  Again, payment is not modified under the -- what

17 has been discussed previously with respect to the role of

18 the last antecedent and, therefore, should be interpreted as

19 payment plain and simple.  It doesn't say by the company.

20 And I believe they should have reached the conclusion that

21 even if Your Honor thought that perhaps this wasn't, in

22 fact, an attributing event in the earlier part of this

23 provision, then notwithstanding that, this payment, these

24 payments under the -- under Chapter 5 of the Bankruptcy Code

25 go for the benefit of the senior indebtedness.

1          Now interestingly, and I'll close with this

2   recognition of this provision.  It goes on to say in here, a

3   very unusual provision, and I may paraphrase what it -- well

4   let me read it quickly.  It says including any such -- it

5   talks about payments that are being made, that have to be

6   made by discouraging them back to the senior indebtedness if

7   the junior subordinated creditors receive these things.  And

8   these things include any such payment or distribution which

9   may be payable or deliverable by reason of the payment of

10  any other indebtedness of the company, being subordinated to

11  the payment of the securities of such series.

12          What does that mean?  If you parse through the

13  definition, it means that if the PHONES trustee in this

14  case, if there was an outstanding indebtedness that was

15  subordinated to the PHONES, so in other words, you'd have

16  three levels of debt; the senior debt, the PHONES, and

17  either let's call it sub-sub-debt.  That any payments by

18  that sub debt holder to the PHONES trustee also have to be

19  paid over to the senior debt in this situation.

20          Now what's the relevance of that?  First of all,

21  those funds, I would submit, can't be considered property of

22  the company or a distribution of the company even though

23  they were originated with the company.  It was paid over to

24  the sub-sub-debt.  It became their asset, and they were then

25  required to remit it to the PHONES trustee, and under this

1    provision it then had to be remitted to the senior debt.

2            So if that, in fact, isn't property, then this

3    provision would make no sense if you conclude as Wilmington

4    has seemed to conclude it, that it has to be referring to

5    property of the company.  There's a distribution of property

6    of the company.  There's -- by definition, that series of

7    transfers could not be property of the company.  Therefore,

8    we must conclude that the payment referred to herein is not

9    in reference to property of the company or payment by the

10   company.  And if they said well, no, no, that can't be

11   because this originated with the company, it came from the

12   company originally.  It was a distribution by the company to

13   a sub-sub-debt and, therefore, it presumably fits within

14   their definition of this provision.

15           Well I would submit, Your Honor, if that were

16   true, then Your Honor would -- must conclude as well that

17   the fraudulent transfer recovery is in the same category.

18   Originally, it was an asset of the debtor.  It was

19   transferred to a third party and recovered.  It originated

20   with the debtor, and therefore, under their interpretation,

21   would have to be included in this provision as well.

22           I think this demonstrates a couple of things,

23   that the [indiscernible] provision ought to be called a sure

24   gain provision.  And then secondly, *Cybergenics* really

25   doesn't apply in this situation.  There are just too many

1  provisions here that lead one to conclude that on a rational

2  basis, the recipient of the fraudulent transfer proceeds or

3  any Chapter 5 recoveries ought to go for the benefit of the

4  senior creditors.  Thank you.

5             THE COURT:  Thank you.

6             MR. TEITELBAUM:  Good afternoon, Your Honor.  I'm

7  not sure of the order.  If anyone else was supposed to go

8  first.  We didn't orchestrate any of this so --

9             THE COURT:  Mr. Zensky's signaling it looks okay.

10            MR. TEITELBAUM:  Okay, well then --

11            THE COURT:  So it must be right.

12            MR. TEITELBAUM:  -- as long as Your Honor's okay

13  with it, then it's okay.  Your Honor, Jay, excuse me, Jay

14  Teitelbaum, Teitelbaum & Baskin.  As Your Honor knows, I

15  represent the TM retirees.

16            And as Mr. Zensky indicated, we did file a

17  response in this case.  And I think that to some extent,

18  I'll agree with part of Mr. Zensky's comments.  But first, I

19  do want to say that, you know, we were here last time.  We

20  do support the DCL plan because it does incorporate the,

21  among other things, the retiree settlement.  And for that

22  reason as well, we did join in supporting the motions for

23  reconsideration because this case that's now before you in

24  connection with the motion for reconsideration, there are

25  ripples.  And those ripples are such that the decision of

1  Your Honor in connection with confirmation as at least I

2  read it and I think as the people here are trying to address

3  it with Your Honor, deals with the litigation trust and, you

4  know, what do the words mean and what do these rules of

5  construction all mean?

6        But there are ripples which concern other parent

7  unsecured creditors, particularly, my clients, the retirees.

8  Because it's our understanding that the ripples are such

9  that if the door is cracked open on this issue with respect

10 to the subordination with respect to the trust, it will flow

11 into the $425 million or so that is part of what's being

12 used to fund the plan and other distributions to creditors.

13       So, Your Honor, I think that when the plan was

14 crafted, there was a general belief or understanding, Your

15 Honor, that the money would flow the way it's set forth in

16 this indenture and would be affected that way.  Certainly, I

17 would say, Your Honor, the retirees in entering into their

18 -- the settlement agreement which granted, was only subject

19 to Your Honor's approval and confirmation of the plan,

20 contemplated a certain distribution to the retirees.  In the

21 original April plan, it was 35 cents cash and there were

22 releases in the DCL plan, it's 32 to 36 depending on the

23 treatment.

24       Your Honor, we filed our pleading because we

25 actually do believe that the construction proposed by the

1   movants is correct and that the Court should reconsider this

2   issue and come out with a decision that there is absolute,

3   if you will, subordination.  And that does clear the decks

4   and clear a lot of issues.

5          But, Your Honor, I rise also to the extent that

6   if Your Honor doesn't come out that way, we do seek

7   clarification of the two related issues that we raised in

8   our papers.  And frankly, that is Your Honor's decision was

9   related to the litigation trust, because that's what was

10  discussed in the decision and dealt with at Pages 111

11  through 113.  And significantly, Your Honor, in finding that

12  the retiree settlement was an important part of the

13  reorganization and that the releases which were part and

14  parcel were appropriate because of that settlement, Your

15  Honor, we would submit that Your Honor considered to clarify

16  that issue.  That you considered the settlement in its

17  entirety because I think that was the intent of the parties.

18  Certainly, it wasn't to compromise the amounts of our

19  claims, set up a framework to have these claims calculated,

20  carve back on the scope of the releases, only then to have

21  to fight about are we going to get 32, 35 cents, or

22  potentially 17 cents.  That wasn't the understanding in the

23  agreements, Your Honor.

24         So while I recognize that may not be the issue

25  squarely before Your Honor, I do rise to say that these are

1  the ripples that we're sort of all trying to deal with and

2  get our arms around.  And if, Your Honor, is going to rule

3  on this issue, that you please consider that.  Your Honor, I

4  thank you for your time.

5              THE COURT:  Thank you.

6              MR. STARK:  May I bring water up with me, Your

7  Honor?

8              THE COURT:  Why?  Do you feel like the man in the

9  desert, Mr. Stark?

10             MR. STARK:  I always feel like the man in the

11  desert, Your Honor.

12  (Laughter)

13             MR. STARK:  Robert Stark from Brown Rudnick

14  appearing on behalf of Wilmington Trust, the successor

15  indenture trustee.

16             Your Honor, I'm going to start in an unusual

17  place or a place that's scribbled in pen as opposed to my

18  prepared remarks which is in response to Mr. Teitelbaum's

19  comments.  That sort of went off subject a little bit.  I'm

20  happy to deal with retiree and deal impacts and stuff like

21  that, but I don't think that's before Your Honor.

22             THE COURT:  It's not.

23             MR. STARK:  Then I won't address them as Your

24  Honor asks.

25             THE COURT:  I will tell you I thought I was clear

1    enough about that anyway.

2            MR. STARK:  Thank you, Your Honor.  But I'll

3    address any questions Your Honor may have notwithstanding.

4            I'm going to organize my presentation in three

5    parts, but I will like my predecessors, try to stay brief.

6    Your Honor has received an awful lot of briefing on this

7    already.  I don't think it's all that hard.  And frankly,

8    we've argued it before orally in subsequent briefings.  But

9    I will discuss first, the reconsideration standards.  The

10   second, whether Chapter 5 actions are or are not "assets of

11   the company" presuming that is the applicable contract

12   construction.  And then third, we'll focus on the terms of

13   the indenture itself.

14           THE COURT:  I know what the standards are.

15           MR. STARK:  Okay.

16           THE COURT:  I think Mr. Zensky said it well.

17   They're high, but not insurmountable.

18           MR. STARK:  I appreciate that, Your Honor.  And

19   it is important, though, and I'm not going to belabor point.

20   Clearly, erroneous is what we need to talk about.  But I do

21   think it's important when we're looking at Rule 59 in the

22   prism by which we look at the issues today.  And I will come

23   back as to whether or not Your Honor's ruling was clearly

24   erroneous as it stands.   But it is important as a side note

25   in determining whether or not something is clearly erroneous

1   is to look at the procedural context by which we arise

2   today.

3              Mr. Johnston and I had some battling on April 13

4   where he said that I argued off of the brief with respect to

5   these contractual subordination issues.  I disputed that

6   then.  I dispute it now, but it's irrelevant because Your

7   Honor obviated that issue.  Your Honor said people will have

8   additional opportunities to provide briefing on that topic

9   and there will be time to argue.  And, in fact, substantial

10  post trial briefings came one month later on May 11.  And

11  the movants' closing argument was on June 27.  And it is

12  important to note, I don't believe this was in the papers,

13  but I think it's important to note here that, in fact, the

14  DCL plan proponents responded to my argument as it was

15  relayed on April 13.  I presume, Mr. Johnston wrote that

16  argument.

17             In the brief, it's on Page 32 through 34.  It's

18  the full three pages.  They talk about the indenture and the

19  scope of the indenture.  The movants chose, I gather, not to

20  dedicate any portion of the 100 plus pages, 200 pages of

21  their briefing or any of their hours of argument time to

22  this particular issue, making the strategic choice that I

23  would join in issue with the DCL plan proponents and Mr.

24  Johnston, I believe specifically, they sat besides because

25  that fed their larger litigation strategy.  I was there to

1  try to torpedo their plan.  They didn't want to get in the

2  way of that.  But that doesn't mean the issue has not been

3  joined, the issue has been joined.  The issue has been

4  briefed.  They had the opportunity fully and fairly to

5  handle it.  Clearly, erroneous is informed by the fact that

6  if somebody comes after the fact not liking the ruling, not

7  interposing any additional new evidence or changes of law

8  because there have been none, but simply advocating to Your

9  Honor that you didn't read it correctly, that's unavailing

10 under Rule 59.

11         The second part of my presentation was dedicated,

12 I think now Mr. -- largely that Mr. Greenfield -- responding

13 to Mr. Greenfield with respect to Chapter 5 causes of action

14 and assets of the company.  I disagree with so very much

15 that he said both in terms of his understanding of

16 fraudulent conveyance law and in terms of the contract, but

17 let me just focus on the fraudulent conveyance law and

18 whether or not *Cybergenics* is applicable or not.  But

19 there's two cases that are critically applicable and

20 binding; *Cybergenics* and *Granfinanciera*, the Supreme Court

21 Decision.

22         *Cybergenics* as we read it, but I don't think it's

23 controversial.  It's not very easily controverted based upon

24 the number of cases that have followed in all the law review

25 articles.  A fraudulent conveyance action belongs to

1    creditors pre-petition, not to company.  Post petition

2    Chapter 5 causes of action continue to belong to creditors.

3    The debtor stands to use Judge Rendell's, Circuit Judge

4    Rendell's articulation of it, they're acting as sort of a

5    public official, who's doing it in a representative guardian

6    fashion.  But in *Cybergenics*, those assets were not sellable

7    and they were not sold because they didn't belong to the

8    estate.  Similarly, neither are the proceeds.

9              And in *Granfinanciera*, I always pronounce that

10   incorrectly, I apologize, also we could talk about the rules

11   quickly stated, and it goes go to Brigade's particular

12   comments about the idea that when you go and you sue for

13   fraudulent conveyance, you're effectively equitably seeking

14   to avoid the transference of the RES and bringing it back to

15   the estate and saying that title never really actually

16   moved.

17             And the Supreme Court dispensed with that

18   argument effectively conclusively in that case, albeit in

19   the context of whether or not a jury trial is enabled for

20   that particular kind of cause of action, but in many, many,

21   many pages and very detailed analysis, Judge Brennan

22   conclusively said that an action from moneys transferred as

23   opposed to artwork, pieces of real estate, but moneys that

24   went to stockholders or to banks or to others, moneys, the

25   return of those moneys is an action, akin to an action in

1  law under breach of contract.  You are seeking a demand from

2  the Court of damages to be paid with by the assets of that

3  defendant.  No transference of title.

4         And, in fact, in Footnote 7, and I respectfully

5  commend Your Honor's attention to Footnote 7, that argument,

6  the avoidance argument, the avoidance moniker argument was

7  specifically put before the Supreme Court and said well, we

8  called it avoidance, therefore, it must be that we get that

9  money back because money is fungible after all, it's as if

10 it never was transferred.  And the Supreme Court said no,

11 avoidance is a moniker of simplicity.  It still is as we

12 look at the world, essentially a contract breach claim

13 against the defendant to be paid with the defendant's money.

14         So I disagree with this contention.  And I think

15 it's -- those precedents and all the other ones that are

16 cited in our briefs make it abundantly clear.  And I think

17 it is binding precedent and I don't think it's possible to

18 distinguish.  And I don't think it's even really very

19 controvertible.  Fraudulent conveyance claims are not

20 "assets of the company pre-petition", they cannot be.  They

21 are not assets of the company post petition, they cannot be.

22 They are not assets of the successor estates, they cannot

23 be.  And the moneys were covered also by the prosecution of

24 a fraudulent conveyance claim for the transfer of moneys

25 covert are also not assets of the pre-petition company, the

1  post petition company, or the estates.  That's it, end of

2  story conclusively decided, not controvertible.

3          I know that the movants throw in some

4  hypotheticals and some policy discussions that say gee, that

5  really can't be.  And it's too glib for me to say, go call

6  your congressman, don't bother Judge Carey about that, that

7  that is the law that we're operating under, hypotheticals

8  and policy discussions really are for law schools, not for

9  courtrooms.  We must apply the law as it is before us today.

10         THE COURT:  Besides, I hear congress is really

11  busy right now.

12  (Laughter)

13         MR. STARK:  With that, Your Honor, I'd like to

14  turn to the indenture itself.

15         THE COURT:  All right.

16         MR. STARK:  A few preliminaries before we talk

17  about the language.  And we don't have to belabor the point

18  in the language because we all know what it says and we all

19  know what the issue is, but I will go through it.

20         I don't want to lose sight of the fact or any of

21  us lose sight of the fact, this is a loan agreement.  It's

22  as if Mr. Moskowitz was standing before Your Honor at the

23  podium and saying I represent JP Morgan as the agent for a

24  bank facility and here's the credit agreement.  We sometimes

25  lose the fact that public bondholders are just like the bank

1   syndicates making a loan to a borrower and the terms of an

2   indenture in its entirety set forth the terms by which the

3   loan is extended, the debt is to be serviced, the debt is to

4   be repaid, and what is to happen upon, and I'll use the

5   title of 14.02, that dissolution of the proceeds of the

6   enterprise.

7           That's really important here because just like in

8   Mr. Moskowitz's credit agreements or any of them, any of the

9   lawyers who represent banks for a living, those agreements

10  deal with when a borrower borrowers and a lender wants to

11  recover.  What does the borrower then have to do?  And what

12  does the lender receive?  Unidentified, nameless, unknown,

13  unidentifiable third parties who may be defendants in

14  litigation under any host of different theories generally is

15  not the focus of anybody drafting credit agreements.  I've

16  never drafted an indenture, but I certainly read an awful

17  lot of them.  [indiscernible] the focus of indentures.  It

18  is perfectly natural for 14.02 to be read as the words say

19  assets of the company because that is the borrower here.

20          Now the other thing that I'd like to do as a

21  preliminary matter before we talk about the actual language

22  is I think it really has to be rejected out of hand, this

23  sort of like ethereal rhetoric.  I use it myself and it

24  doesn't really work for me, so why should it work for

25  anybody else?  Market understanding, lender expectations and

1    intent, parades of horribles on the capital markets if Your

2    Honor continues the path you're on.  This $1,000 pre-

3    petition, post petition payment which, by the way is wrong

4    because if it was pre-petition it would be a creditors'

5    lawsuit and a creditor recovery, not the estate's, but sort

6    of windfalls and all these other sorts of stuff that I hear

7    around and makes up so much of the rhetoric.

8            Your Honor, we're dealing with a contract and a

9    trial record that is closed.  You have the contract.  That's

10   all you have.  You don't have any expert reports about

11   market expectations.  You have no drafts of a preliminary

12   document.  You have no testimony of any of the people

13   involved.  You have nothing other than the contract to tell

14   you what the intent of the parties is.  And as I listened to

15   several different speakers and they've read many lines of

16   telling you what the intent is, I sat there scratching my

17   head and said where is it in the evidentiary record?  We can

18   guess and we can divine from the words that are chosen and

19   used in the contract itself, but beyond that, Your Honor, is

20   circumscribed to the evidentiary record established.

21           Not to hearken back to a previous part of my

22   presentation about litigation strategies.  But the movants

23   brought a war machine to this case.  They have litigated,

24   and litigated, and litigated to the points of hundreds, and

25   hundreds, or thousands, perhaps, pieces of evidence, and I

1    think dozens of witnesses and yet you have nothing on the

2    contract.  That was a selected litigation strategy and that

3    is what they're left with.  Frankly, it's all you need.

4            14.02 starts with a title "payment over of

5    proceeds upon dissolution, et cetera", and it goes

6    immediately into the precursor language "upon any

7    distribution of assets of the company".  That they say is a

8    triggering mechanism, simply and 'if/then' sort of scenario.

9    In fact, I think I saw that, if/then, as a rhetorical

10   device.  I would respectfully submit, Your Honor, it's more

11   than that.  I creates a penumbra.  I creates an

12   understanding of what we're talking about here.  We're

13   talking about payments over of proceeds upon dissolution of

14   Tribune & Company in the bankruptcies that are iterated in

15   the one, two, three's that follow.

16           And they're talking with what do we do "upon any

17   distribution of assets of the company?"  This provision is

18   all about what we do with assets of the company, end of

19   story.  It's what we're talking about here.  Your gut

20   instinct is driven by the notion that you're starting with

21   talking about and it goes forward and assets of the company

22   is repeated in the -- in that section itself as that's what

23   we're talking about.  There's going to be a bankruptcy case.

24   There are assets of the company.  What do we do with them?

25   They pull a word here and there out and they stick it in a

1  Petri dish and say forget about the rest, forget about the

2  penumbra, forget about what we're supposed to be talking

3  about here, forget about the phrase 'assets of the company'

4  appearing several times.  We're the last antecedent debt or

5  last antecedent or other sort of construction devices.

6  These are tools, nothing more, intended to help inform.

7           But Your Honor reached a ruling having read the

8  document before, having quoted the document before, having

9  highlighted the provisions before.  And I presume that would

10 happen with Your Honor when you read it was the same that

11 happened with me.  The penumbra that's created by the title,

12 by the precursor, by the repetition of the phrase 'upon

13 distribution of assets of the company', inform the

14 interpretation of all of the words that follow in that

15 section, that that's what we're talking about here.

16           Now we do have (a) and we do have (b).  And I

17 think Mr. Zensky was right, (a) sort of stacks who's first,

18 who's second.  And (b) says if we get a distribution of

19 assets of the company, they're supposed to turn it over.

20 And then you've got the paragraph that follows that

21 clarifies even further, the 'notwithstanding' language about

22 turnover.  But they both at (b) and that 16 paragraph

23 reference 'assets of the company'.  Your Honor's going to

24 have to find that your previous ruling was clearly

25 erroneous.  That payments flies free of assets of the

1    company' and only distributions are assets of the company.

2    Without any other sort of device, indication, red flag,

3    pieces of evidence to suggest that they're not conjoined.  I

4    think that's a very, very big ask.  And tell semantically

5    handing out rule of last antecedent as the be all and end

6    all in every case that's cited.

7              In Justice Scalia's decision to all of the other

8    ones, the Judges go to great lengths to say it's some --

9    it's nothing but a tool.  It's a grammatical tool that's

10   useful.  But if the surrounding context makes you feel like

11   it's wrong, then it is wrong and won't supersede everything

12   else.  Go with your gut instinct.  What's the penumbra?  If

13   the last antecedent doesn't fit the penumbra and the

14   understanding of what this thing is supposed to do, then the

15   last antecedent isn't going to change that.  That is putting

16   words in a Petri dish, isolate it and separate it from

17   everything else and it is nonsensical.

18             So we're down to the ultimate issue.  Does assets

19   of the company modify both or just individually?  And we're

20   supposed to divine that meaning and the answer to that by

21   looking at the rest of the document itself, if we can't --

22   if we're not assured that we know it just for 14.02, item

23   14.02 again, start, [indiscerible], continuation, and

24   repetition of the phrase unto itself gave this Court

25   sufficient comfort to draw the conclusion that that's really

1  what it's all about.  Let's keep talking about it, ask the

2  company.  But if we eat, well let's go for more.  Okay.

3          We see that payments is a word that's used

4  throughout the entire agreement.  This is, after all, a loan

5  agreement.  Payments are going to happen.  There's supposed

6  to be debt service, there's supposed to be repayment.  Okay.

7  And there are many places where, in fact, payments are

8  joined up with the words the company so as to make clear

9  that payments and the company are meant to be one.  14.03

10  "receive any payment...by the company".  14.04,

11  "nothing...shall prohibit, prevent A, the company...from

12  making payments".  14.07 "nothing...shall one impair...the

13  obligations of the company to pay to the holders."  But

14  there are also provisions that don't marry, conjoin payments

15  and the company, but we all sort of know that's what they

16  mean.  Look at 3.01.14 in the whole.  It talks about

17  payments of principal and interest.  It doesn't say payments

18  of principal from the company, but we all can tell that's

19  what it means.

20          And we do have that clause in 14.01 in the

21  definition of senior indebtedness that recognizes the

22  distinction between the company and its estate.  So the

23  company has a meaning.  The drafters knew what that meant.

24  Payments is meant to conjoin with, generally in this

25  document, with the company.  It seems kind of consistent

1    with all of that, that assets of the company would be not

2    only in modifying distributions, but also payments,

3    especially since the title in the lead-in paragraph.  But

4    you also have specific reference in 14.01 to the estate.  So

5    there is a distinction in the agreement that references the

6    fact that the drafters knew and knew how to draft the

7    distinction there.  Which means by, I guess, I don't know

8    what the Latin is for the construction principle, but by

9    exclusion, they didn't intend it in 14.01, they meant it to

10   be as it makes sense that it would be distribution of assets

11   of the company or payments of assets of the company.

12          But and we've talked a little bit about *Dura*.

13   And I think *Dura* is sort of as a little side note.  If Your

14   Honor will go back and take a look at the language that you

15   quoted in *Dura*, you'll note and important couple of words

16   that are missing from the subordination provision there.

17   Assets of the company doesn't find itself anywhere in that

18   particular subordination provision.  That one is arguably a

19   little bit larger in terms of its scope.  This one is

20   narrower in scope and in *Dura* suggests that here is intended

21   a different meaning.

22          But it will also bring in a couple of other

23   provisions we talked about in our papers and that's 5.10 and

24   5.05.  5.10 says the indenture trustee's rights include

25   anything that exists under law inequity against anybody.  So

1    I can, I'm preserved to -- it's a cumulative remedies

2    provisions.  If I don't get repaid, I can sue anyone to get

3    paid and all those rights are preserved specifically.  And

4    5.05 says for whose benefit those rights are preserved and

5    says explicitly it's for the holders of the PHONES.

6              Now there is no integration language

7    subordinating the rights that we have to sue people and to

8    recover for the benefit of the PHONES holders to the

9    turnover obligations in 14.02.  It is interestingly enough

10   though in 5.05, integration language that does integrate

11   with another provision, with another concept.  There is a

12   subject to when we recover those funds, they're subject to

13   the indenture trustee's fees.  So clearly, when they were

14   drafting it, it says, when you get those funds, keep those

15   funds for the benefit of the PHONES holders subject to the

16   obligation that you have to pay fees.

17             So there was intended at least at that moment in

18   time when that provision was crafted, something was going to

19   be subjected to and that those moneys when they come in,

20   there'd be something to do with it, other than give it to

21   the PHONES.  It just wasn't 14.02 related.  It wasn't to be

22   handed over to the senior notes.  Again, I don't know the

23   Latin phrase, but omission seems to be an important word in

24   construction there.

25             And there are integration provisions all over

1  this indenture.  Look at 6.03.  It says "subject to the

2  provisions of 6.01' and the following applies.  Okay.  Even

3  5.10 is subservient to 3.06.  Sections in this indenture are

4  subservient all over the place.  Except these are not

5  subservient to 14.02.  And to sort of, I will use Mr.

6  Rosner's analogy, put in the last nail, 1.11 says there are

7  no third party beneficiaries of any provision of this

8  indenture except you're talking about things that are in

9  Article 14.  So there are no third party beneficiaries of

10  5.10 or 5.05.  The senior notes do not have any rights as a

11  third party beneficiary, cannot attest to it for anything

12  that we have under 5.05 and 5.10.  So they have no claim

13  here.

14          So here we have it in a nutshell.  Wilmington

15  Trust as indenture trustee, sues some private third party

16  not related to Tribune & Company, says pay us.  Some

17  unknown, unknowable, unidentified, non-borrower third party

18  that's out there Peoria, say pay us for whatever theory that

19  we can come up with.  Do we turn it over?  We don't think

20  the contract tells us so.  We think Your Honor was right

21  when you said before that the contract doesn't say so.  It's

22  not what 14.02 says.  It's not what as -- especially as it's

23  informed by the other provisions in Article 14 that's

24  contrary to 5.10.  It's contrary to 5.05.  That's contrary

25  to 1.11.  It's contrary to your Court's previously reading

1  of these provisions.  And you have to ask yourself was Your

2  Honor's ruling when you read it before and you interpreted

3  before, clearly erroneous?  Your Honor wasn't erroneous at

4  all.  And you must assuredly were not clearly erroneous.

5  I'm happy to address any questions Your Honor may have for

6  me.

7            THE COURT:  I don't have any, thank you.

8            MR. STARK:  Thank you.  May I have a moment,

9  please, Your Honor.

10           THE COURT:  You may.

11           MR. STARK:  Thank you.  There was a point that

12  was made by Mr. Zensky early on that -- and Your Honor

13  nodded.  One might characterize that nodding as vigorous and

14  perhaps we've over characterized it when Mr. Zensky said

15  well, you know what, in the joint noteholder plan, we agreed

16  to subordinate ourselves fully.  And the indenture trustee,

17  how could the indenture trustee agree to do that in the

18  prior one and --

19           THE COURT:  The nodding was an acknowledgement to

20  the argument.

21           MR. STARK:  Thank you, Your Honor.

22           THE COURT:  Does that help?

23           MR. STARK:  Let me respond to it if I may --

24           THE COURT:  Go ahead.

25           MR. STARK:  -- if nothing else on the record.

1   What the indenture trustee is directed to do in a fully

2   negotiated plan construct that included funding and also a

3   bunch of other mechanics including corporate governance

4   mechanics and the availability of recoveries predicated on

5   risk award profiles that was negotiated between Aurelius and

6   the majority holders of the PHONES notes is irrelevant to

7   what otherwise is foisted upon us in the plan that's been

8   proposed by the DCL plaintiffs.

9           We can voluntarily subordinate, not subordinate,

10  give up, gift, whatever of our own accord because we choose

11  that that's a business arrangement where the rewards for

12  doing so outweigh the risks.  That has absolutely no

13  evidentiary bearing whatsoever on what Wilmington Trust, in

14  its representative capacity today, believes is the proper

15  interpretation of our indenture, and I said so back on April

16  13.  One thing to voluntarily agree to do something, quite

17  another to involuntarily do it when I'm not getting a reward

18  commensurate with the risks.

19          THE COURT:  Thank you.

20          MR. STARK:  Thank you.

21          MR. BRADFORD:  Good afternoon, Your Honor.  David

22  Bradford for EGI-TRB.  Your Honor, we sit with the PHONES on

23  this issue.  I'll be sitting on the other side of the Court

24  on other issues.  But on each of these issues, I have the

25  consistency of saying that Your Honor got it right and I'm

1  going to address only the legal standards that Your Honor
2  applied, not how those legal standards apply specifically to
3  the language of the PHONES indenture.  We appreciate the
4  EGI-TRB indenture.  It is not before the Court this morning,
5  but at pages 112 and 113 of Your Honor's decision, when you
6  said that fraudulent transfer claims are not assets of the
7  company, that clearly is a correct proposition of law.  I
8  don't believe, in fact, that anybody has suggested that that
9  proposition, or that legal framework, is clearly erroneous.
10 A suggestion has been made that perhaps even though those
11 causes of action and claims are not assets of the company,
12 that the recoveries from those claims could somehow become
13 assets of the company or assets of the debtor.  And Your
14 Honor was correct in footnote 84 in recognizing that there
15 is a distinction between assets of the estate and assets of
16 the company; that perhaps when a debtor in possession
17 recovers on such a claim, the recoveries become assets of
18 the estate and that's precisely how we know they could not
19 have been assets of the debtor.  Because if they were assets
20 of the debtor at the time of filing, they would necessarily
21 also have been assets of the estate.  And yet the law is
22 clear they don't become assets of the estate, if ever, until
23 such time as they're recovered.  And of course, the
24 Litigation Trust and the Creditor Trust are not the estate.
25 So these recoveries are not, in fact, assets of the debtor.

1   They're not assets of the estate insofar as they're

2   recovered by the Litigation Trust or the Creditor Trust.

3   There was no real serious challenge to that in the Briefs

4   that have been submitted.  The Aurelius Brief says, at page

5   two, it's not really necessary to decide the Cybergenics

6   issue to reach the right outcome here.  Nowhere in their

7   briefing do they contend that Your Honor's legal analysis

8   was clearly erroneous.  Similarly, Law Debenture makes a

9   passing statement that Cybergenics doesn't control, but the

10  thrust of its argument is even if it did control, the

11  particular indenture here would lead to a result of

12  subordination.

13          Finally, Your Honor, with respect to the

14  suggestion that it is somehow commercially unreasonable not

15  to have subordination under these circumstances, it is clear

16  that each of these indentures is individually negotiated.

17  When we get to the EGI-TRB indenture, we will see that there

18  are provisions that vary greatly from the provisions in the

19  PHONE indenture and this Court should not reach any sweeping

20  conclusions about what is or is not commercially reasonable.

21          Thank you, Your Honor.

22          THE COURT:  Thank you.

23          MR. ZENSKY:  I think I just have 90 seconds, Your

24  Honor, if I may?

25          THE COURT:  Okay.

1          MR. ZENSKY:  Very quickly, to respond to three

2     points --

3          THE COURT:  So long as we're not starting round

4     two on this topic.

5          MR. ZENSKY:  We are not.

6          THE COURT:  Okay.

7          MR. ZENSKY:  Mr. Stark made a comment about

8     where's the evidentiary record; there were no witnesses

9     called on this issue.  I found that an odd argument to be

10    making since I said all the parties have asked you to

11    interpret this based on the face of the agreement and he

12    didn't call any witnesses during the trial to testify about

13    if that would be appropriate about the interpretation of

14    this indenture.  So there were no witnesses on either side

15    of the issue and all parties have asked you to rule on the

16    face of the document.

17         Second, to the extent his opening comments were

18    intended to argue some sort of waiver, I would refer the

19    Court to *Carr v. Castle* and *Max's Seafood,* which were quoted

20    in our papers, and explicitly say that it was appropriate to

21    bring -- to use reconsideration for the purposes that it's

22    been used here; one, where the Court misapprehended a

23    parties' position; or two, to correct a clear error of law

24    and in *Max's Seafood,* the issue brought up on

25    reconsideration had not been initially presented to the

1  Court below.

2         Finally, and most important, Mr. Stark spent some

3  time saying that there was no integration provision here and

4  he talked about all the rights of the PHONES Trustee to

5  pursue third parties for recovery and commented several

6  times that Section 505 does not say, by the way, you have to

7  follow Article 14.  The reason it's not there is because

8  Article 14 has an integration provision in Section 1407,

9  which can be found on page 66, Your Honor.  And there, after

10  stating that the provisions of Article 14 are intended to

11  "solely for the purposes of defining the relative rights of

12  the holders of the PHONES securities on the one hand and the

13  senior indebtedness on the other," it goes on to say that

14  Article 14 is not intended to impair any rights, and those

15  include it is not intended to prevent the Trustee or the

16  Holder -- and it's talking about the PHONE notes in sub

17  three -- from exercising all remedies otherwise permitted by

18  applicable law upon default, or in event of default under

19  this indenture; and then it says subject to the rights, if

20  any, under this Article 14 of the holders of senior

21  indebtedness.  So right there, it ties in Section 5 to the

22  extent the Trustee is pursuing claims because there's a

23  default in the payment of the PHONES notes.  It's still

24  subject to the provisions of Article 14.

25         THE COURT:  Thank you.  Does that conclude the

1  subordination issue?

2          MR. STARK:  For us it does, Your Honor.

3          THE COURT:  All right.  I'll note only that I'm

4  accustomed to having Mr. Zensky tell me I'm wrong, but not

5  accustomed to having Mr. Stark or Mr. Bradford tell me I'm

6  right.

7  (laughter)

8          THE COURT:  Odd.  Okay.  Let's move on.

9          MS. NEWMAN:  Good afternoon, Your Honor.  Deborah

10  Newman, Akin Gump Strauss Hauer & Feld, on behalf of the

11  Noteholder Plan Proponents.  With the Court's permission,

12  Your Honor, I'm going to address the portions of the

13  Noteholder Plan Proponents' Motion for Reconsideration and

14  Clarification regarding the LBO lenders' participation in

15  the Litigation Trust and the method for valuating the PHONES

16  Notes and the balance sheet solvency analysis, and my

17  colleague, Mitch Hurley, will address the portion of the

18  motion regarding the bar order, and I'd like to begin --

19          MR. BENDERNAGEL:  Your Honor, two points before

20  we start.  One is, would it be possible just to take a break

21  at this juncture?  The second thing is, I'm a little

22  confused by what Ms. Newman said as to the order of

23  presentation.  I had thought yesterday Mr. Zensky had

24  indicated that what was going to happen is we were going to

25  deal with these issues one at a time.  It sounds like they

1  were going to lump them together and I just want some

2  clarification on that issue.  But mostly what I'd like is a

3  break.

4  (Laughter)

5          THE COURT:  Well, perhaps you can confer during

6  the break.  But there is one thing I wanted to say just to

7  maybe save a little time.  I did not intend to fix the

8  amount of the PHONES debt by illustrating it in the chart,

9  if that's helpful.  Okay.  We'll take a recess until 3:00.

10 All right.

11 [Recess from 2:52 p.m. until 3:04 p.m.]

12         MS. NEWMAN:  For the record again, Your Honor,

13 Deborah Newman from Akin Gump Strauss Hauer & Feld, on

14 behalf of the Noteholder Plan Proponents.  And as I said

15 before the break, I'll be arguing the Litigation Trust issue

16 and we agree that it makes sense to argue the Litigation

17 Trust issue and the bar order issues separately.

18         Your Honor, as Mr. Zensky stated, the standard on

19 a Motion for Reconsideration is high, but not

20 insurmountable, and the law is well-settled that a Motion

21 for Reconsideration should be granted where it is necessary

22 to correct legal error or prevent manifest injustice.  And

23 Your Honor, we believe that both of those circumstances are

24 present here.

25         As Your Honor is aware, the Second Amended DCL

1  Plan envisioned that, following the repayment of a $20

2  million loan from the reorganized debtors and a $90 million

3  priority payment to non-LBO creditors, the LBO lenders will

4  receive 35 percent of every dollar that comes into the

5  Litigation Trust.  The DCL Plan Proponents argue that this

6  is a key component of the DCL settlement.  But there's been

7  no evidence offered to support that contention and no one

8  can seriously believe that if the LBO lenders were precluded

9  from participating in the Litigation Trust, the DCL Plan

10  Proponents would walk away from the settlement.  Indeed, the

11  Second Amended Plan is -- was expressly structured to ensure

12  that the invalidation of any one piece of the Plan would not

13  defeat the whole.  Section 15.9 of the Second Amended Plan

14  entitled Severability of Plan Provisions, states that if any

15  term or provision of the Plan is determined to be invalid or

16  unenforceable, the remainder of the terms and provisions of

17  the Plan will remain in full force and effect and will in no

18  way be affected, impaired, or invalidated, and both the law

19  and equity demand that this part of the DCL Plan should be

20  invalidated.  The cases we cited to you in our

21  reconsideration submissions, *In Re: Labelon*, *Harris v. Huff*,

22  and *In Re: Adelphia Recovery Trust*, all show that,

23  consistent with principles of equity and fairness, a party

24  who participates in and consents to a transaction, cannot

25  later benefit from that transaction's avoidance.  The DCL

1  Plan Proponents have argued that these cases involved a

2  finding of wrongdoing by the precluded lender and that

3  there's been no such finding here.  But that argument is

4  misguided for two reasons.  First, this issue will only

5  arise if the claims in the Litigation Trust are successful,

6  in which case there will necessarily be an adjudication that

7  the LBO was an improper transaction that should not have

8  been consummated.  The notion that the LBO lenders who

9  facilitated that transaction can then benefit from such a

10 finding by sharing in the Litigation Trust recoveries when

11 certain non-LBO creditors may have yet to receive a single

12 cent cannot be right.

13         Second, and most importantly, none of the

14 decisions in *Labelon*, *Adelphia*, or *Huff*, all of which found

15 that a creditor cannot benefit from the avoidance of a

16 transaction in which it participated, included a finding of

17 wrongdoing by the precluded creditor.  Indeed, in *Labelon*,

18 the Court found simply that if a transaction is, in whole or

19 in part, a fraudulent conveyance, a lender who knowingly and

20 actively participated in and benefited from that

21 participation should not benefit.

22         The DCL Plan Proponents also try to distinguish

23 the Noteholder's cases on the grounds that those decisions

24 required an affirmative representation by the precluded

25 creditor that it would not challenge the transfer and

1  reliance on that representation.  But again, that type of

2  representation and reliance was not present in *Labelon*.

3  Rather, the *Labelon* Court held that where, as here, a

4  sophisticated creditor with knowledge of the debtor's

5  financial condition participates in and consents to a

6  transaction, other parties to the transaction should be able

7  to rely on the fact that the transaction is valid, vis-à-

8  vies, that creditor.  No affirmative representation, other

9  than the creditor's active participation in the transaction

10  sought to be avoided, is required.

11          The *Adelphia* case is also instructive.  The facts

12  of that case are somewhat complex.  But essentially, they

13  involve a purchase by Adelphia in 2000 of two loans made to

14  an Adelphia affiliate by three banks.  In 2003, when both

15  Adelphia and the Adelphia affiliate had commenced separate

16  bankruptcy cases, Adelphia, as the largest creditor of the

17  affiliate, agreed to a sale of the affiliate's assets; the

18  terms of which included that the rights and liens associated

19  with the purchase loans would be extinguished, and that

20  another loan on which Adelphia had made payments and was

21  obligated, would be paid off with the proceeds of the sale.

22  Adelphia consented to these terms and its counsel

23  participated in the hearing in which the sale was approved

24  by the Court presiding over the affiliate's bankruptcy case.

25  When Adelphia later attempted to challenge the payments it

1  had made to the banks in 2000 to purchase and make payments

2  on the loans, the Bankruptcy Court, District Court, and

3  Second Circuit all held that Adelphia's participation in the

4  sale of the affiliate's assets and the benefit that Adelphia

5  received from that sale precluded Adelphia from challenging

6  its earlier payments to the banks.

7          Now, it's true that as the DCL Plan Proponents

8  point out, the District Court premised its ruling on a

9  finding that Adelphia's participation in the sale hearing

10  ratified the payments it made in 2000, while the Second

11  Circuit found that theories of judicial estoppel and res

12  judicata, rather than ratification, applied.  But the Second

13  Circuit expressly acknowledged that, under circumstances

14  such as those which we have here, ratification alone can

15  estop a creditor from benefiting from the avoidance of a

16  transaction to which the creditor acquiesced, and from which

17  the creditor benefited.  The Second Circuit stated that a

18  fraudulent transfer can be ratified by a creditor who is

19  then estopped from seeking its avoidance, and that

20  ratification is the act of knowingly giving sanction or

21  affirmance to an act which would otherwise be unauthorized

22  and not binding.

23          Although the Second Circuit held that on the

24  facts of the *Adelphia* case, Adelphia's silence at the sale

25  hearing resulted from the complexity of the situation rather

1   than an intent to ratify.  The Court also stated that an

2   act, such as acceptance of benefits, may constitute a

3   ratification and that acquiescence may give rise to an

4   implied ratification.  And there is no dispute here, Your

5   Honor, that the LBO lenders knowingly accepted benefits of

6   the LBO in the form of structurally senior guarantees and

7   transaction fees, or that the LBO lenders did even more than

8   simply acquiesce in the LBO; they actively marketed the LBO

9   debt in an attempt to dis-syndicate it.  Under *Labelon* and

10  *Adelphia*, these actions should preclude the LBO lenders from

11  benefiting from causes of action that seek to avoid the LBO

12  now.

13          The Doctrine of in pari delicto also precludes

14  the LBO lenders from sharing in the Litigation Trust.  In

15  pari delicto precludes a plaintiff from recovering against a

16  defendant where both the plaintiff and the defendant are

17  each at fault for the alleged wrong; and we cited to *OHC*

18  *Liquidation Trust v. Credit Swiss*, Official Committee of

19  Unsecured Creditors, the R.F. Lafferty & Co., and *In Re:*

20  *Yellowstone Mountain Club* for instances where the doctrine

21  was applied.

22          Now, the DCL Plan Proponents argue, again, that

23  these cases require a finding of wrongdoing before a

24  creditor can be precluded from pursuing claims under the in

25  pari delicto theory.  But again, this is incorrect.  First,

1    at least with respect to constructive fraudulent conveyance

2    claims, the concepts of fault and wrongdoing are not the

3    same.  Rather, a party is at fault for a constructive

4    fraudulent conveyance when it accepts a transfer for less

5    than reasonably equivalent value at a time when the

6    transferor is insolvent.  And at least with respect to step

7    two of the LBO, the DCL Plan Proponents have all but

8    conceded that that was the case.  And if the claims for

9    constructive fraudulent conveyance at step one are

10   successful, and thus bring this issue into play, there will

11   be an adjudication that this was also the case at step one.

12   Moreover, both *OHC* and *Lafferty* make clear that what is

13   required for in pari delicto to apply, is that the plaintiff

14   is also at fault for the conduct it alleges, not that those

15   allegations be adjudicated in favor of the plaintiff.

16          For example, in *OHC*, the Delaware District Court

17   granted a defendant's Motion for Summary Judgment on claims

18   for breach of fiduciary duty and implied breach of contract

19   on the ground that -- excuse me, breach of implied contract

20   on the ground that the plaintiffs were involved in the

21   allegedly improper transactions at issue in the Complaint.

22   The Court did not make any findings as to the merit of the

23   underlying allegations, but found that in pari delicto

24   nevertheless applied because the plaintiffs indisputably

25   participated with the defendants in the allegedly wrongful

1  transactions.

2          Similarly, in *Lafferty*, the Third Circuit

3  affirmed the dismissal of a claim for deepening insolvency

4  because the Creditor's Committee who was bringing the action

5  stood in the shoes of debtor management who had participated

6  in the acts leading to the company's bankruptcy.  Again,

7  there was no adjudication that the underlying claims were

8  valid; only that if the claims were valid, the plaintiffs

9  who had participated in the alleged wrong were also at fault

10 and should not be permitted to benefit.

11         Here, it is indisputable that the LBO lenders

12 were essential players in the LBO that forms the basis for

13 the claims being pursued by the Litigation Trust, and based

14 on the holdings of *OCH* and *Lafferty*, in pari delicto

15 precludes the LBO lenders from benefiting from those claims.

16 The DCL Plan Proponents cite to *Best Products*, *Buffum v.*

17 *Peter Barceloux*, and *In Re: Telesphere Communications* in

18 support of their argument that, contrary to the Noteholder

19 Plan Proponents contention, the LBO lenders may share in the

20 recoveries of the Litigation Trust.  But these cases are in

21 opposite.

22         First, all of these cases focus primarily on the

23 question of whether a defendant who has been found liable

24 for constructive fraudulent conveyance, and who has repaid

25 the value of the fraudulently conveyed property to the

1   debtor in full, can then share in recoveries that arise from

2   the repaid property to the extent that the creditor

3   continues to have valid claims against the debtor.  And we

4   agree, Your Honor, that under those circumstances, the

5   answer is yes.  But *Best* and *Buffum* do not address at all

6   the question of whether that creditor may then also share in

7   recoveries arising from actions against third parties in

8   connection with the same transaction that the creditor

9   participated in, or whether a creditor who settles a claim

10  for cents on the dollar can then share in recoveries from

11  similar claims made against others.  And although the Court

12  in *In Re: Telesphere* does appear to have assumed that LBO

13  lenders who settled an avoidance action against them could

14  share in such recoveries, the only basis for precluding the

15  lenders from doing so that was presented to the Court in

16  that case, was equitable subordination of the LBO lenders'

17  claims.  The Court was not presented with, and therefore did

18  not consider, the case law holding that the lenders'

19  participation in the LBO precluded such sharing.  But that

20  case law has been presented here and a decision not to

21  follow it will undoubtedly result in manifest injustice.  It

22  is a near certainty that the defendants to the actions being

23  pursued by the Litigation Trust will argue that causes of

24  actions premised on the LBO may not be brought on behalf of

25  the LBO lenders who facilitated the transaction, just as JP

1   Morgan is now arguing, in response to claims for avoidance

2   that have been brought against it in connection with the

3   *Lyondell* bankruptcy case.  It is, thus, entirely possible,

4   and perhaps even likely, that the Litigation Trust

5   recoveries will be reduced because of the LBO lenders'

6   participation in the trust, but that non-LBO creditors will

7   have to share those reduced recoveries with the LBO lenders.

8   And even if the Litigation Trust actions are not litigated

9   to a judgment, any settlement discussions will be tainted by

10  the prospect of such reduced recoveries and will likely be

11  reduced as well.

12          To allow the Litigation Trust recoveries to non-

13  LBO creditors to be diluted in this way so that the very

14  parties who structured the LBO can impermissibly benefit

15  from its avoidance should not be permitted.

16          The Noteholder Plan Proponents thus respectfully

17  request that, to the extent that the Court has ruled, that

18  the LBO lenders may share in the Litigation Trust

19  recoveries, that that portion of the Court's confirmation

20  opinion be reconsidered and reversed.  And unless Your Honor

21  has any questions, I have nothing more.

22          THE COURT:  I do not.  Thank you.

23          MR. BENDERNAGEL:  Your Honor, Jim Bendernagel, on

24  behalf of the debtors and the other DCL Plan Proponents,

25  unless they decide they want to say something after I have

1  spoken.  I want to start by agreeing with Mr. Zensky and Ms.

2  Newman that the standard is high, and also adding that they

3  have not met it.  They have not, Your Honor, presented

4  sufficient evidence or a showing to justify your

5  reconsidering your decision as to the reasonableness of

6  settlement and effectively that's what they're asking to do.

7  A key part of this settlement agreement was the provision

8  relating to the Litigation Trust and how recoveries were to

9  be shared.  In your decision, you recognize that that was

10  part of the consideration that was provided in connection

11  with the deal.  They are trying to change the settlement

12  agreement.  This is the integrated settlement agreement, and

13  to the extent -- so, in essence what they're doing is

14  attacking the settlement agreement collaterally.  They

15  shouldn't be permitted to do that.  As an initial matter,

16  none of the arguments that they're making in their briefs,

17  or that Ms. Newman made today, are new.  Those arguments

18  were made in their briefs below.  They were made at the oral

19  argument back in April last year.  In fact, Mr. Zensky

20  talked for quite a lengthy period of time on these very

21  cases that Ms. Newman has talked about today.  As a

22  consequence, what they're seeking to do is essentially

23  reargue this point.  Listening to Mr. Stark, who now joins

24  the Noteholders, we ought to stop right there.  It's not

25  appropriate to essentially just reargue these points.  They

1   go on and try to get around that by saying that there's

2   clear error of law and manifest injustice.  Neither point is

3   correct.  They say that it's well-settled law that

4   essentially, a creditor who participates willingly in a

5   transaction, cannot share in the [indiscernible] arising as

6   a result of that transaction unless at least until the other

7   creditors are paid.  Essentially what they're arguing is

8   that the claims of the senior lenders should be equitably

9   subordinated without finding any finding of egregious

10  conduct.  That isn't the law, nor do the cases that they

11  cite support that proposition.  Rather, I would submit that

12  those cases are more in the nature of exceptions to the

13  general rule, which is that a creditor, even a creditor with

14  an avoided claim, has the right to share pro-rata in such

15  proceeds.  Indeed, the very fact that the Courts, in the

16  cases that they cite, when fashioning the remedies in those

17  cases, go out of their way to talk about the unique

18  circumstances presented.  That language is in *Huff*.  That

19  language is in *Labelon*.   That language would not be there

20  if the law was as generally well as settled as they suggest.

21  It isn't.  In order to critically subordinate a claim, which

22  is what they're essentially arguing should happen here,

23  there has to be a finding of egregious conduct.  There's

24  been no such finding and there won't be because the claims

25  are being settled.

1          Now, if you look at the cases they cite, these

2   circumstances that the Court found to be unique justifying

3   the remedies aren't present here.   There is no finding of

4   wrongful conduct as they were in some of those cases.

5   There's no situation where a representation was made by the

6   senior lenders that was relied to their detriment by the

7   other creditors; thereby resulting in estoppel.   That's not

8   present.   And furthermore, there is not a situation -- this

9   is not a situation like in *Labelon* and *Huff* where you have a

10  single creditor that's essentially normalizing the process

11  to try to undue a transaction they ratified with full

12  knowledge.   Now, they attempt to dance around the issue of

13  what that knowledge was in the *Labelon* case.   But the

14  *Labelon* case is pretty clear that when those transactions

15  took place, the sophisticated lenders knew, and the Court

16  says this, that the bankruptcy wasn't going to be avoided;

17  it was only a matter of time.   That's not the situation we

18  have here.   There's no evidence to support that proposition.

19          Finally, on this question of in pari delicto, I

20  was a little surprised that the creditors, who have been

21  pushing forward with these litigations against the other

22  parties, would get up and make the statement that it was

23  likely that the in pari delicto defense would be successful.

24  The fact that people, JP Morgan or others, have asserted

25  that in pari delicto might apply doesn't mean it will apply.

1  There are hurdles to that type of cause of action that are

2  significant.  You have to show wrongful conduct, not just

3  any wrongful conduct.  It almost has to be equal fault.  No

4  showing in this regard.  The examiner spent a lot of money

5  investigating these issues and came to the conclusion on

6  page 336 that there hadn't been sufficient evidence to

7  demonstrate that equitable subordination, based on his

8  investigation, and I suppose we can do more investigation;

9  but he did a lot already.

10           Secondly, there has to be imputation to the

11  plaintiff.  We are not insiders.  So we've got those two

12  hurdles to overcome.  Whether they can overcome them or not,

13  it's not a justification here to revisit the decision

14  approving this settlement and the like.  The Noteholders had

15  a full opportunity to litigate this issue.  They took full

16  opportunity to make these points.  The settlement was

17  approved as reasonable.  You found that part of the

18  consideration was essentially the relinquishment of these

19  rights in the trust, a finding you couldn't have made if you

20  were to accept their general principle of law, and there's

21  just no justification there for this record to revisit your

22  determination in that regard.

23           A final point, this argument that the settlement

24  -- the Plan has an integration clause, doesn't mean that

25  it's appropriate to piecemeal out the settlement agreement.

1              THE COURT:  I agree.

2              MR. BENDERNAGEL:  I have nothing further, Your

3    Honor.  It's a good place to stop when you can somebody to

4    agree with you.

5              MS. NEWTON:  Very briefly, Your Honor.  I just

6    wanted to respond to Mr. Bendernagel's points that he was

7    surprised that we would argue that the claims for in pari

8    delicto or the theory that a lender cannot benefit from the

9    avoidance of a transaction in which it participated in and

10   benefited from, would preclude that lender from recovering

11   on avoidance in other claims arising from that transaction.

12   To be clear, we believe that those types of arguments have a

13   great chance of success in the action; specifically the

14   Litigation Trust causes of action, where the LBO lenders are

15   within the class of beneficiaries on whose behalf these

16   claims are being brought.  We don't believe that such an

17   argument would have any chance of prevailing in an action

18   where the LBO lenders do not stand on the plaintiff's side

19   of the V.  But in the Litigation Trust causes of action, we

20   think that there is a great risk that recoveries will be

21   reduced by virtue of the LBO lenders' participation in the

22   trust.  And with respect to imputation, we think it's a very

23   strong argument that the very presence of the LBO lenders as

24   the beneficiaries of the trust justifies imputation and

25   would give a defendant a very strong argument that the LBO

1  lenders should not be able to recover on causes of action

2  that arise from the LBO that the LBO lenders facilitated.

3             Now, we don't believe, and we hope that the Court

4  agrees, that Your Honor has not adjudicated that issue in

5  the context of the Litigation Trust causes of action, but to

6  the extent that that defense is raised and that that defense

7  is successful, it just is not fair to force non-LBO

8  creditors, to the extent that they are now receiving reduced

9  Litigation Trust recoveries, to share those reduced

10 recoveries with the LBO lenders when the recoveries are

11 reduced by the mere fact of the LBO lenders' participation

12 in the trust.  We just don't think that that can stand and

13 we think that that is a perfect example of manifest

14 injustice.  And that's all I have.

15            THE COURT:  Thank you.

16            MS. NEWMAN:  Thank you, Your Honor.

17            MR. STARK:  Your Honor, I apologize.  If I may,

18 just ten seconds, please?  I don't know that I -- while I

19 have not joined issue in the back and forth, I just -- the

20 last comment made by Ms. Newman, I'm not sure that we agree

21 with the notion that there's a strong argument made by

22 defendants that -- of imputation.  That's an issue for

23 another day.  I appreciate the advocacy, but I didn't want

24 -- by us sitting in the Courtroom and not getting up and

25 saying that that would somehow be imputed to us.  We don't

1    agree that a defendant would have that defense.

2              THE COURT:   Thank you.   What's next?

3              MR. BENDERNAGLE:   I believe it's the bar order,

4    Your Honor.

5              THE COURT:   All right.

6              MR. HURLEY:   Good afternoon, Your Honor.   Mitch

7    Hurley with Akin Gump, on behalf of the Noteholders.   Your

8    Honor, I'm going to be arguing with respect to the Motion

9    for Reconsideration relating to the bar order and

10   proportionate judgment reduction.   Before I start though,

11   Your Honor, I just want to make a couple of disclaimers.

12             First, as the Court is aware, it's the position

13   of the Noteholders that bar order and judgment reduction

14   isn't appropriate at all in this case, and that none of the

15   non-settling defendants would be entitled to bring a

16   contribution claim in any case.   And it is the basis of our

17   argument, some assumptions that we actually don't ourselves

18   make, which is that at some point down the road, it is

19   possible that a Court could be sitting trying to determine

20   after a judgment has been entered against non-settling

21   defendants, how much those judgments should be reduced by.

22   And in that event, if it ever occurs and we don't think it

23   ever should, in that event, it's our position, and the

24   Noteholder's position, that the proper mechanism for

25   determining the judgment reduction is pro tanto, not

1    proportional.

2              Now, our argument, Your Honor, begins with the

3    *Continental* and *Genesis* cases and other cases from this

4    Circuit that provide that before a Court can impose on a

5    non-consenting, non-debtor, a release of claims held by that

6    non-consenting, non-debtor, it must first determine that the

7    consideration being provided for the release is satisfactory

8    or sufficient.  Here, the claim that is being released

9    effectively by the non-settling plaintiffs, the Noteholders,

10   is their ability to pursue the full amount of any judgment

11   they may obtain against non-settling defendants.  The way

12   the order currently stands, that judgment would be reduced

13   by an amount equal to the full responsibility of the

14   settling defendants for the transaction that occurred and

15   that resulted for the LBO and all of the consequences that

16   flowed from the LBO.  I think what I've said so far isn't

17   particularly controversial in your decision, Your Honor.

18   You acknowledged this issue in the *Continental* and *Genesis*

19   cases and concluded the issue was resolved because Your

20   Honor had already determined that the DCL settlement was

21   within the range of reasonableness.

22             The Noteholders submit that the DCL settlement is

23   actually not a helpful barometer of the value of the

24   compensation that should be provided in order to support the

25   release effectively that's being imposed on the Noteholder

1  plaintiffs, the full value of any judgment they might obtain

2  against non-settling defendants.  And that's really because

3  the claims that were settled in connection with the

4  bankruptcy in the confirmation battle, were claims that were

5  effectively different than, and materially different than,

6  the contribution claims that could be asserted potentially

7  by non-settling defendants in the event a judgment is

8  entered against those non-settling defendants.  So in the

9  bankruptcy case, obviously a major concern was the degree to

10 which, even if the plaintiffs in the case that was settled

11 were successful in avoiding the LBO transfers, the degree to

12 which those parties would be able to benefit from value

13 freed up as a result of the successful fraudulent conveyance

14 litigation.  So, for example, I think it was relatively

15 uncontroversial in this case, to the extent anything in this

16 case can be uncontroversial, that the step two claims were

17 quite strong, or at least comparatively strong.  If the step

18 two claims were avoided, and only the step two claims were

19 avoided, you're talking about $4 billion worth of transfers.

20         But in determining that, nevertheless, the

21 consideration being provided to the Noteholders was within

22 the range of reasonableness, Your Honor relied expressly,

23 and I think, substantially, on the fact that, even in that

24 event, there would still be additional hurdles that the

25 estate would have to get over and that the pre-LBO creditors

1   would have to get over to, in effect, take advantage of

2   their victory in the fraudulent conveyance action.

3         So, for example, we talked about the WEAR issues

4   and the upstreaming issues.  I think Your Honor

5   characterized upstreaming as an uphill battle.  And your

6   conclusion appeared to be substantially based on the fact

7   that those issues existed in the context of the bankruptcy

8   litigation.  Well, in the context of the contribution

9   claims, there's obstacles to establishing the liability of

10  the banks and the settling defendants don't exist.  And when

11  Your Honor determined that the DCL Plan consideration was

12  within the range of reasonableness, or that the DCL

13  settlement was in the range of reasonableness, it wasn't a

14  determination, I don't believe, from reviewing the decision,

15  of the actual respective responsibility that those settling

16  defendants bore and bear for the LBO transaction that

17  created all the consequences that we've been arguing about

18  now for a healthy period of time.  It was, instead, a way of

19  comparing the value of the claims that could be brought by

20  the bankruptcy estate, and all of the potential hurdles

21  you'd have to get over in that context with the amount of

22  consideration that was being offered, which is very

23  different than what would be undertaken in the case of a

24  hearing, for example, filing Entry of Judgment against non-

25  settling parties, where those non-settling parties are

1    trying to establish what, in fact, the true responsibility

2    of the settling parties, the banks, was for this disastrous

3    transaction.  It's possible, and obviously that hasn't been

4    determined yet, but it's possible that that kind of judgment

5    reduction could really overwhelm the value of any judgment

6    that the Noteholders might be able to obtain against non-

7    settling defendants.  Being this is unfair, and particularly

8    unfair in this case, Your Honor, because the DCL Plan

9    Proponents, when they were arguing before Your Honor that

10   you should determine that the DCL settlement was fair,

11   urged, among other things, that you consider the value of

12   the Litigation Trust and the claims in the Litigation Trust

13   and the potential for Noteholder and other pre-LBO

14   recoveries from the Litigation Trust.  For example, the DCL

15   Plan Proponents going through various hypotheticals that,

16   you know, could occur in terms of success with claims not

17   being settled positive that if you assume there's a 60

18   percent chance of success on intentional fraud at step two

19   only, that means that there's an expected recovery to the

20   Litigation Trust and the non-settling plaintiffs for the

21   non-settled claims of 2.3 billion.  And they're argued at

22   page 27 and 29 of the post-trial briefs under the DCL Plan,

23   non-LBO creditors would receive more than 1.5 billion in

24   such recoveries on top of their $550 million in initial

25   guaranteed risk-free distributions, enough to pay the Senior

1  Notes in full and provide a substantial distribution on

2  account of the subordinated PHONES Notes.  And they urged

3  Your Honor that was a basis for finding that the settlement

4  was fair and reasonableness.  For them to now turn around

5  and argue for a judgment reduction mechanism that could

6  conceivably eliminate that portion of the consideration that

7  they argued before supported Your Honor's decision, we think

8  as I said, is particularly unfair.

9           Now, in this case, we think the pro tanto

10 mechanism or method for judgment reduction is far superior.

11 First, this is obviously an unusual case.  There are unusual

12 facts here.  In this case, I think unlike any case cited by

13 any of the Objectors to our Motion for Reconsideration, the

14 plaintiff that is giving the effective release, the

15 Noteholders, didn't actually consent to the terms of the

16 settlement that produced the judgment reduction, much less

17 negotiated.  And then, as I said, there's also a disconnect

18 between what's being released and the settlement

19 consideration and the claims that are being compromised.

20 Pro tanto provides certainty in comparison to the

21 proportional judgment method.  We know exactly how much the

22 judgment is going to be reduced by.  It's consistent with

23 the one satisfaction rule.  There's no possible way that the

24 Noteholders can recover more than they're entitled to.  And

25 there is at least a theoretical relationship between the

1   amount of consideration paid and the amount that the

2   judgment will reduce by and the value of the claims that

3   were actually compromised.

4          Proportional judgment reduction is certainly not

5   mandated.  I think there's been an argument by at least some

6   of the Objectors that it's mandatory under federal law.

7   That's definitely not the case.  The cases they're relying

8   are all inapposite.  They rely, for example, on *Eisenholtz*,

9   and in that case -- in *Eichenholtz*, and -- that was a case

10  that involved federal securities claims.  There was no

11  discussion of pro tanto.  Nobody was urging, in that case,

12  adoption of a pro tanto method of judgment reduction.  There

13  wasn't a comparison between the two approaches, and the case

14  was limited to a federal securities situation.  And, again,

15  there wasn't -- the factors that arguably would make

16  proportional judgment reduction more fair were present in

17  that case and aren't present here non-consenting plaintiffs,

18  disconnect between the claims being settled and the

19  consideration provided.  *McDermott*,  similarly was an

20  admiralty case that really turned on a prior Supreme Court

21  decision, that reliable transfer case.  And reliable

22  transfer had found that in an admiralty situation, instead

23  of defendants who both share a proportion of fault in an

24  accident, sharing the liability for that accident equally,

25  that the Court should, in every case where it can, try to

1  determine the actual proportion of fault of those

2  defendants, irrespective of judgment reduction, it should

3  actually try, in the first instance, to determine the

4  proportionate share of fault.  Now, *McDermott*, the Supreme

5  Court in the *McDermott* case, looked at reliable transfer,

6  and it said that in determining, in the judgment reduction

7  context, which method to use, there were three factors that

8  mattered.  The first, and most important was consistency

9  with reliable transfer.  The other two were encouraging

10 settlement and judicial economy.  And the Court held,

11 effectively, with respect to the last two factors, there

12 wasn't a dime's worth of difference between pro tanto and

13 proportional.  There really -- both of them had pros and

14 cons on both of the remaining two factors, but that

15 proportional was more consistent with the Court's decision

16 of reliable transfer and admiralty cases.  So neither of the

17 primary cases that are relied on by the Objectors in any way

18 suggest that in this case it doesn't involve securities

19 litigation; it doesn't involve admiralty; it has unusual

20 facts that proportional judgment sharing is mandated or more

21 prudent.

22          Finally, there's been some discussion about the

23 burden -- who has to carry the burden if you go with

24 proportionate judgment reduction versus pro tanto judgment

25 reduction, and an argument that it unfairly shifts the

1  burden to the non-settling the defendants if we elect to go

2  with pro tanto.  While there is some truth to that fact,

3  there is a burden shift in terms of who suffers the

4  consequences of a "bad settlement", when all would submit

5  that in this case, we have basically two imperfect possible

6  solutions to a problem that's created by the very unusual

7  facts of this case.  And the question really is when you

8  have two imperfect solutions, one of which imposes a burden

9  on joint tortfeasors that, bearing in mind, that if we ever

10  get to a question of judgment reduction in this case, it

11  will have been established that these non-settling

12  defendants were liable for these claims.  Whether the burden

13  should be placed on joint tortfeasors or that burden should

14  be placed on innocent bystanders, like the Noteholders who

15  were effectively in the wrong place at the wrong time, not

16  involved in the tort, that the equities clearly favor, in

17  that instance, placing the burden on the non-settling

18  defendants who are joint tortfeasors.

19          Finally, at a minimum, the Noteholders argue,

20  Your Honor, that with respect to claims that rise under

21  state law, that -- or that the state law rules relating to

22  judgment reduction should apply.  In the actions that were

23  commenced originally in various State and Federal Courts

24  around the Country by the Noteholders alleging state law

25  claims, Your Honor, there are three -- the laws of three

1    states are identified as possibly governing the claims.  All

2    three of those state laws have -- all three of those states

3    have judgment reduction statutes, and there is no reason in

4    this case to deviate from the ordinary practice when you

5    have a state law claim, which is to have -- if there's a

6    judgment reduction necessary, to have the statute of the

7    state whose law creates the cause of action govern the

8    judgment reduction.

9         THE COURT:  I confess that that's the most

10   intriguing of this part of your argument.  Tell me what you

11   think, as a Federal Bankruptcy Court, my authority is and

12   how I -- what leeway I have to deal with the state law

13   formulations.

14        MR. HURLEY:  Well, I mean it is an interesting

15   question I think.  You have -- in *Eichenholtz*, for example,

16   and in these cases that talk about formulating a judgment

17   reduction scheme in the context of securities litigation,

18   that there's basically a clear right to judgment reduction

19   the federal securities law context, but there hasn't been in

20   that context any clearly set forth or statutory scheme for

21   how the judgment reduction should work.  And so the Courts,

22   in those case, come up really in the absence of any other

23   body of law to guide them, those Courts have to come up with

24   federal common law to determine how judgment reduction

25   should work.  And I think here, you don't have that problem,

1  at least with respect to the state law claims, because the

2  state laws already provide a path to judgment reduction and

3  it's one that's been endorsed by the legislatures in the

4  various states who are involved.

5              THE COURT:  Thank you.

6              MR. HURLEY:  Thank you.

7              MR. BENDERNAGEL:  Your Honor, Jim Bendernagel, on

8  behalf of the debtors and the DCL Plan Proponents.  It's my

9  understanding that I'm splitting time on this issue with

10  EGI-TRB, as well as the Directors and Officers, and I'll try

11  to keep my remarks relatively brief and the like.  Your

12  Honor, we do not believe that there is any basis for you to

13  reconsider your decision regarding the bar order and the

14  particular aspect of that decision that adopts the

15  proportionate judgment reduction method as the part of the

16  bar order that affects that component.  As an initial

17  matter, whether, in fact, the Noteholders raise this pro

18  tanto issue in the first instance where they did not, or

19  whether, in fact, they're seeking simply to argue more

20  extensively this issue, I think it's absolutely clear what

21  they're looking for is a second bite at the apple.

22              THE COURT:  I agree.

23              MR. BENDERNAGEL:  And I don't think we need to

24  spend a lot of time on that particular issue.  I think what

25  they can't show, and what they need to show, is that your

1  decision was based on clear error or manifest injustice,

2  neither of which Mr. Hurley addressed in his presentation.

3           First, it is not error or manifest injustice for

4  you to decide to pick proportionate -- not to -- to decide

5  not to utilize pro tanto.  In fact that other Courts have

6  adopted pro tanto, the fact that you might have been able to

7  adopt pro tanto, doesn't mean that you had to adopt pro

8  tanto.

9           THE COURT:  Well, as a general proposition, I

10  don't disagree with that.  That's why I decided what I

11  decided.  But I will say the last portion of my exchange

12  with Mr. Hurley did get me thinking a little bit about

13  whether, as a Federal Court, I could rely on adopting that

14  standard, relying on cases in which a decision about whether

15  a Federal Court could supersede state law was at issue.  I

16  don't think it was.  So I wonder -- so I do ask the question

17  of whether I can, as a Federal Bankruptcy Court, when I'm

18  addressing, in this context, the pursuit of state law

19  claims, whether I should impose a measure of judgment

20  reduction that's inconsistent with state statutes.

21           MR. BENDERNAGEL:  The answer to that question is

22  you have the discretion to do that.

23           THE COURT:  Okay.

24           MR. BENDERNAGEL:  Well --

25           THE COURT:  Point to that authority.

1          MR. BENDERNAGEL:   Sure.   If you take a look at

2    footnote 12 -- footnote 10, on page 12 of their brief, they

3    concede that that's the point, and they are making that

4    concession in connection with the *Gerber* case and *In Re:*

5    *Kendall Square*, which indicate that the Court has that

6    capability.  Also, if you take a look at *Eichenstadt*,

7    *Eichenstadt* talks about this issue because it has this

8    problem, in the sense that there are state law claims as

9    well.  And it basically lays out the various considerations

10   that would be involved in this regard.  And there's two

11   considerations that are of particular importance that would

12   essentially vest you with the ability to do what you've

13   done.  One is the settlement policy, the federal settlement

14   policy.  This makes the settlement policy workable.  One of

15   the things that they ignore in their brief, which is very,

16   very important here, is it's absolutely clear if you're

17   going to adopt pro tanto, even with respect to these state

18   claims, you're going to have to rear up on the record and

19   have a fairness hearing.  You can't do what they're

20   proposing, which is simply impose pro tanto.  There has to

21   be a hearing at one time or another.  Now, under your

22   judgment reduction program and under the standard

23   established by the Third Circuit in the *Eisenstadt* case,

24   that hearing takes place later and that's appropriate.  I

25   mean both parties, the non-settling defendants and the

1    settling defendants, have the ability at that juncture to

2    deal with this situation and that's really consistent with

3    existing law because that's a hallmark of the proportionate

4    reduction claim.  It delays that issue and makes the

5    settlement easier here because you don't have to involve all

6    these other parties in this issue.

7            The second reason that you'd be able to do this

8    is also talked about in the *Eisenstadt* case and that has to

9    do with the fact that if you were to adopt the mechanism

10   that they're proposing, you'd have all sorts of potential

11   problems in figuring out how the same proceeds that relate

12   to the federal claim and the state claim are going to get

13   divided because there could be a difference, and that, as a

14   consequence, I think you're well within your rights to do

15   that.

16           You know, if we look at the *Slavin* case, and they

17   talk about *Slavin* in that footnote as well, and since it's

18   in the EGI-TRB case, Mr. Bradford can talk more about it,

19   but the basic concept there is that, in the face of a strong

20   federal policy, and the federal policies here, are that you

21   want to have the settlement policy and the fact that you

22   want to have a workable situation and you want to move

23   forward with this bankruptcy proceeding, I think you're well

24   within your rights to do that.  I do not think that they've

25   demonstrated either error of law or manifest injustice as it

1    relates to that aspect of your decision.  I also don't think

2    that they've demonstrated manifest injustice or mistake of

3    law in connection with your decision to push off the hearing

4    with respect to this fault, relative fault date, until a

5    later point in time.  As I pointed out before, that's a

6    hallmark of the proportionate reduction approach, and as a

7    consequence, it's hard, given that it's a hallmark of that

8    approach, to adopt -- to find manifest injustice or clear

9    error of law.

10            The equities in this instance do not favor the

11   Noteholders' position.  They're basically asserting that the

12   risk of a bad settlement should be shifted to the non-

13   settling defendants.  And they base that on the argument

14   that they did not have a role in negotiating the bar order

15   and that the settlement is being crammed down.  What they

16   ignore in making that statement is they had a full

17   opportunity to litigate the reasonableness of the

18   settlement.  They had the opportunity to take discovery and

19   they did.  They had the opportunity to present witnesses and

20   they did.  And then they had the opportunity to argue, both

21   orally and in the briefs, their position in this regard,

22   which they did.  They also have the benefit of a Federal

23   Court having heard those arguments and made a conclusion as

24   to the reasonableness and found that the settlement is

25   reasonable.  As a consequence, that's all they're entitled

1    to under the law.

2            By contrast, the non-settling defendants haven't

3    had that opportunity.  Their case has been stayed, stayed as

4    a result of a, you know, a decision in this Courtroom.  If

5    *Continental* has an application here, and I think it does in

6    this respect, it's that this Court has to ensure that the

7    non-settling defendants whose claims are being barred are

8    treated fairly.  The approach that you've done, which is

9    proportionate judgment reduction with a hearing at a later

10   point in time, where they have had the benefits of

11   discovery, is fair in that regard.

12           Essentially, the proposal that they make, which

13   is either pro tanto across the board, or pro tanto with

14   respect to just some of the claims, without that hearing, is

15   not fair.  As a consequence, Your Honor, it's our view that

16   you not only have the power to do this, but you're almost

17   compelled under *Continental* to do this because, in order to

18   institute this bar order, you have to ensure that the people

19   whose claims are being barred are treated fairly, and you've

20   done that, and you've done that both with respect to the

21   federal claims and to the state law claims.  And that as a

22   consequence, that's, in essence, part of the authority that

23   you have to deal with that.  I don't have anything further,

24   Your Honor.

25           THE COURT:  Thank you.

1        MR. MOSKOWITZ:  Good afternoon, Your Honor.

2   Elliot Moskowitz, with the law firm of Davis Polk &

3   Wardwell, representing JP Morgan.  I just have ten seconds

4   worth of comments just as a help to the Court.  I refer the

5   Court respectfully to pages 11 and 12 of the DCL Plan

6   Proponents objection where the Court's questions with regard

7   to authority with respect to the state law actions is

8   squarely addressed.

9        THE COURT:  Thank you.

10        MR. BRADFORD:  Good afternoon again, Your Honor.

11  David Bradford, Jenner & Block, on behalf of EGI-TRB and Mr.

12  Zell.  Again, Your Honor, you did get it right here.  This

13  issue began, from our perspective, with our objection to the

14  bar order altogether.  From our perspective, representing

15  parties whom the examiner found would be unlikely or highly

16  unlikely to be found liable, we had valuable contribution,

17  claims should there ever be any type of exposure to our

18  clients, valuable contribution claims, against parties that

19  the examiner found were more likely to be held liable.  The

20  settlement agreement effectively took away those

21  contribution claims.  It took away contribution claims for

22  us related to any federal claims against us and any state

23  law claims against us.  In order for there to be due process

24  in taking away our contribution claims, we're entitled to

25  some consideration for the release of those claims.  And a

1    uniform application of judgment reduction is what the Court

2    determined was fair consideration for the release of those

3    valuable contribution claims.  If the Court were now to

4    consider a pro tanto approach to that, we'd have the

5    potential of divergent results as it pertains to our state

6    law contribution claims and our federal law contribution

7    claims because there is no doubt there's a uniform federal

8    policy in favor of proportionate judgment reduction as it

9    pertains to federal contribution claims.

10           The cases we've cited, the *Slavin* case, which was

11    mentioned by Mr. Bendernagel, is one of them; we've cited

12    others in our brief at pages seven and eight, recognize

13    particularly in the circumstance where the Court is dealing

14    with a settlement that resolves both federal and state law

15    claims, that there needs to be a uniform approach to

16    judgment reduction so that we don't have different results

17    and different numbers of reduction as it pertains to state

18    law claims, perhaps asserting the same set of facts and very

19    similar theories of liability as the federal claims.  You'd

20    have an unworkable patchwork with respect to the claims

21    against a singular defendant, let alone a patchwork because

22    you could have defendants in different Courtrooms throughout

23    the country in form shopping to achieve different results on

24    different state law claims.  So from our perspective, we

25    were not happy to lose our contribution rights, but we

1  believe, on the question of what is a reasonable substitute

2  for those contribution rights, what does a party who is

3  effectively giving a non-consensual release, which is the

4  position we find ourselves in, vis-à-vis, the settling

5  defendants, at minimum, that party should be entitled to the

6  uniformity and fairness that comes with proportionate

7  judgment reduction as it pertains to both the federal and

8  state law claims.  Thank you, Your Honor.

9           THE COURT:  Thank you.  Did I hear that the Ds &

10  Os wanted to be heard on this?

11          MS. DOUGHERTY:  Correct, Your Honor.  This is

12  George Dougherty.  Can you hear me okay?

13          THE COURT:  I can.

14          MR. DOUGHERTY:  Yes.  Thank you for letting us

15  appear by phone.  I guess I would concur in most of what's

16  been said already.  I think the Noteholder Plan Proponents

17  clearly had the opportunity to raise this issue before.

18  They did not do so clearly and certainly did not develop it

19  fully for Your Honor.  I don't think anyone has said, and we

20  certainly did not say that *Eichenholtz* controls the

21  resolution of this matter.  What we should -- what we said

22  was it should control the resolution of this matter, and

23  you're certainly familiar with that decision.  I will note,

24  to the extent that the Noteholder Plan Proponents have tried

25  to distinguish *Eichenholtz* and also *McDermott* by saying that

1  they arose in the admiralty context or in the federal

2  securities law context, that's not very compelling.  As a

3  matter of fact, if you look at note 16 in *Eichenholtz*, it's

4  specifically noted that *McDermott* arose in the admiralty

5  context but, nevertheless, found its rationale persuasive

6  and adopted it.

7          When we were there back in April, our chief

8  concern about the bar order was certainty and that the order

9  would be applied by a State Court Judge.  The idea that

10 we're going to engraft now three different state law

11 processes onto this order in some unspecified way causes us

12 great concern, and we've raised that with you in our papers.

13 It's also not at all clear to us, and the Noteholders don't

14 tell you how pro tanto would work in this context.  You

15 know, for example, in this matter, I'm not a bankruptcy

16 expert by any means, but you know, the lenders in this case,

17 the Senior Lenders, are paying for the release of numerous

18 claims by numerous parties, and that same lender, at least

19 in theory, could be subject to the contribution claims in

20 three different -- currently three different jurisdictions.

21 And how pro tanto is applied in that circumstance is not

22 explained or identified.  And the answer is I don't think it

23 can be applied.

24          And then finally, the idea of form shopping, and

25 we raise that in our paper, and the Noteholder Plan

1  Proponents pointed out that the cases are already pending,

2  maybe we raised -- maybe we used the wrong phrase.  Maybe

3  what we should have said is we'll have a fight now over

4  choice of law because I did want to remind the Court that,

5  at least in the cases we're involved in, they have sued us

6  under each state law Uniform Transfer Act.

7         So, for example, they've raised claims under

8  Massachusetts law, New York, and Illinois law.  The state

9  law contribution acts in those particular states are

10  different and the Noteholders point that out to you.  So

11  while we may not have fights over form shopping, we sure in

12  heck will have fights over choice of law issues which, in

13  this case, is maybe kind of a first cousin.  So for all

14  those reasons, we don't think they've met the standard for

15  reconsideration and we'd ask their motion be denied.  And

16  thank you for letting us participate by phone today.

17         THE COURT:  Thank you.

18         MR. HURLEY:  Your Honor, I'll be brief.  I just

19  want to respond to a couple of the points that were made.

20  First, on the question of whether or not this issue was

21  raised previously, obviously, there's no dispute that the

22  previous and application of the bar order was the subject of

23  hot dispute by all the parties in this case.  In this

24  specific issue, I don't think there can be any doubt it was

25  raised by a Noteholder party previously.  If you look at on

1    the transcript for the April 13th hearing in this case, Your

2    Honor, at page 133, counsel for Brigade, a Noteholder party,

3    argued against proportional judgment reduction and in favor

4    of "a dollar for dollar reduction", but what the case law

5    refers to as the pro tanto reduction.  I don't think there

6    can be any doubt that this issue has been raised before.

7    And obviously in this case, there were an enormous number of

8    issues and issues of dispute.  Not all of them got an equal

9    amount of air time, but this one certainly was raised for a

10   period.

11           Second, question of clear error if it wasn't --

12   if I didn't make it clear before.  Our view of the matter,

13   Your Honor, is it that because *Continental* and the other

14   cases from this Circuit require a finding of fair

15   compensation in order to grant the release against

16   effectively the Noteholder parties, and our view is that the

17   settlement consideration, the DCL settlement, is

18   theoretically; as you know, we don't agree with this, but

19   theoretically, is arguably a reflection of the value of

20   claims that were being asserted by the estate in connection

21   with the bankruptcy confirmation battle and all of the

22   problems that are associated with those kinds of claims, to

23   the extent there are such problems.  On the other hand, the

24   claims that are being released, are different claims that

25   aren't subject to the same problems, if you will.  So I

1 think almost a fortiori, a settlement that is fair with

2 respect to the first type of claim, cannot -- this fair

3 compensation with respect to the first claim, can't be with

4 respect to the second.  So that's our clear error argument,

5 Your Honor.

6        Somebody argued that if pro tanto is adopted

7 here, that a fairness hearing is absolutely required.  And,

8 in fact, if you look at *McDermott*, you'll see the *McDermott*

9 case talks about pro tanto and observes that different

10 District Courts have dealt with pro tanto in different ways.

11 Some of those District Courts have determined there has to

12 be a fairness hearing and some have not.  So I don't think

13 it's actually required.

14        Now, in this case, as I've said repeatedly; I'll

15 say one more time, we have very unusual facts.  And under

16 the unusual facts presented here, we think that pro tanto

17 clearly makes the most sense.  Regarding Your Honor's

18 question about the limits that you may face in terms of

19 imposing a judgment reduction scheme that's different than

20 state law judgment reduction, I think -- I'm not sure

21 precisely what the limits of your power is in that regard,

22 Your Honor.  I am quite sure that hasn't been determined in

23 the Third Circuit yet.  But I do know that it's not

24 necessary to test those limits in this case, Your Honor,

25 because there's already a guidepost that's present for you

1   and that you can rely on, which is that state law can govern

2   and there can be uniformity.  And it's easy enough to say

3   that whatever judgment reduction mechanism is used,

4   depending on which state law governs in this case, will

5   apply to all of the claims.

6           Now, there's an argument about, you know, we're

7   going to have a choice of law argument to figure out which

8   state law governs and which judgment reduction statute

9   should govern.  Of course, in these cases, we're going to

10  have that argument anyway.  So I mean it's not like that's

11  going to add some type of burden, Your Honor.  That dispute

12  is going to have to be presented and resolved.  And when it

13  is, they'll be a single judgment reduction mechanism that

14  can be applied across the board.  One of the parties who

15  just got up and spoke suggested -- used the phrase due

16  process and suggested that somehow his clients would be

17  denied due process if a pro tanto mechanism is used in this

18  case.  Your Honor, there are no constitutional implications

19  of determining pro tanto versus proportional judgment

20  sharing in this case.  I mean there are numerous Courts

21  around the -- or numerous states around the country that

22  have adopted pro tanto judgment reduction mechanisms and

23  there's never been any indication that there's anything --

24  there's any constitutional implications associated with

25  that.  They're all perfectly legitimate and many cases

1  around the country, and federal Court today as well, have,

2  in various circumstances, applied pro tanto, despite all the

3  concerns that were being voiced a few moments ago.

4          Now finally, the kind of creative horribles about

5  well, if you adopt pro tanto, there's going to be a lot of

6  difficult questions that have to be raised and decided down

7  the road.  I don't think there's any doubt, Your Honor, in

8  this case that that's true whether a proportional is adopted

9  or pro tanto is adopted.  They'll just be different issues.

10  So I think the question that keeps coming back to you is

11  what's the most fair and, in this case, really who should

12  bear the burden of the shifting?  Is it the innocent

13  Noteholders who were in the wrong place at the wrong time,

14  or the Director and Officers, for example, who were

15  complicit in creating this transaction that destroyed the

16  company?  That's all I have.

17          THE COURT:  Thank you.

18          MR. HURLEY:  Well actually, just -- I'm sorry,

19  Your Honor, can I just have a second?

20          THE COURT:  You may.

21          MR. HURLEY:  I'm sorry.  Nothing further, Your

22  Honor.  Thanks.

23          THE COURT:  All right.

24          MR. BRADFORD:  Your Honor, I don't want to argue

25  anything but this may be helpful to you, and also give me

1   the opportunity to correctly pronounce the name of this

2   case, *Eichenholtz*.  You might want to take a look at page 52

3   F.3d, specifically, page 486, footnote 14.  There's a

4   section of that decision where the Third Circuit talks about

5   the benefits of the uniform federal rule.  Thank you, Your

6   Honor.

7           THE COURT:  All right.  Thank you.  Is there

8   anything further for today?

9           MR. DOUGHERTY:  Your Honor, this is George

10  Dougherty again.

11          THE COURT:  Yes sir.

12          MR. DOUGHERTY:  I'm sorry.  At the -- right

13  before we took a break, you made a comment about the PHONES

14  and the clarification that was requested and we couldn't

15  hear that at this end probably because Mr. Bendernagel was

16  trying to get out of the room.  If you remember what you

17  said, would you mind repeating it?

18          THE COURT:  Gosh, I hope I remember.  I said that

19  I did not intend to fix the amount of the PHONES step by

20  putting it in the illustrative chart.

21          MR. DOUGHERTY:  Okay.  People are going to be

22  interested in that and I just wanted to know what you said.

23  Thank you.

24          THE COURT:  Okay.  Any other questions?

25  (No audible response).

1          THE COURT:  Thank you all very much.  That

2    concludes this hearing.  Court is adjourned.

3      (Whereupon, at 2:55 p.m., the hearing was adjourned.)

4                      CERTIFICATION

5          I certify that the foregoing is a correct

6    transcript from the electronic sound recording of the

7    proceedings in the above-entitled matter.

8

9                                    14 December 2011
     Tammy Kelly, Transcriber                  Date
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **abbruzzese**(1) 10:31 | | **adelphia's**(3) 71:3 71:9 71:24 | | **all**(84) 13:3 13:5 13:13 15:15 16:1 16:24 | | **and**(301) 4:30 9:39 13:15 13:15 13:20 |

abbruzzese(1) 10:31
ability(3) 84:10 95:12 96:1
able(8) 32:22 37:5 70:6 82:1 85:12 87:6 94:6 96:7

about(76) 16:3 16:25 17:1 19:25 20:4 20:13 23:5 23:17 24:4 24:5 28:2 28:15 29:5 32:17 33:23 34:22 35:16 36:18 38:9 39:5 43:21 45:1 45:20 46:18 48:10 48:12 50:6 50:17 51:21 52:10 52:22 53:12 53:13 53:18 53:19 53:21 53:23 54:1 54:1 54:2 54:3 54:3 54:15 54:21 56:1 56:1 56:16 57:12 57:23 59:8 63:20 64:7 64:12 64:13 65:4 65:16 77:21 78:17 85:19 86:3 86:17 90:22 92:16 94:12 94:14 95:7 96:8 96:17 96:18 102:8 105:9 105:18 106:6 107:4 108:4 108:13

aboveentitled (1) 109:7
absence(2) 17:14 92:22
absolute(2) 30:6 43:2
absolutely(4) 61:12 93:20 95:16 105:7
absurd(4) 24:25 25:3 36:9 36:10
abundantly(1) 49:16
acceleration(1) 23:14
accept(1) 80:20
acceptance(1) 72:2
accepted(1) 72:5
accepts(1) 73:4
accident(2) 89:24 89:24
accomplish(1) 28:21
accord(1) 61:10
according(1) 36:4
account(2) 33:2 88:2
accustomed(2) 66:4 66:5
achieve(1) 100:23
acknowledge(1) 14:21
acknowledged(2) 71:13 84:18
acknowledgemen(1) 60:19
acquiesce(1) 72:8
acquiesced(1) 71:16
acquiescenc(1) 72:3
across(2) 98:13 106:14
act(4) 71:20 71:21 72:2 103:6
acting(1) 48:4
action(27) 14:2 14:17 20:7 32:5 32:7 32:13 36:19 47:13 47:25 48:2 48:20 48:22 48:25 48:25 62:11 72:11 74:4 75:13 80:1 81:13 81:14 81:17 81:19 82:1 82:5 86:2 92:7

actions(15) 31:5 31:7 31:9 31:10 31:12 31:16 33:3 45:10 72:10 75:7 75:22 75:24 76:8 91:22 99:7

active(1) 70:9
actively(2) 69:20 72:8
acts(2) 74:6 103:9
actual(6) 29:11 29:24 33:9 51:21 86:15 90:1

actually(16) 26:24 28:15 29:2 30:15 31:8 32:23 37:6 42:25 48:15 83:17 84:23 88:15 89:3 90:3 105:13 107:18

adam(1) 3:12
add(1) 106:11
adding(1) 77:2
additional(3) 46:8 47:7 85:24
address(9) 33:18 42:2 44:23 45:3 60:5 62:1 66:12 66:17 75:5

addressed(7) 13:11 21:22 28:16 30:15 33:19 94:2 99:8

addressing(1) 94:18
adelman(1) 7:8
adelphia(15) 68:22 69:14 70:11 70:13 70:14 70:15 70:15 70:16 70:20 70:22 70:25 71:4 71:5 71:24 72:10

adelphia's(3) 71:3 71:9 71:24
adjourned(2) 109:2 109:3
adjudicated(2) 73:15 82:4
adjudication(3) 69:6 73:11 74:7
adler(1) 2:6
administered(1) 1:6
admiralty(6) 89:20 89:22 90:16 90:19 102:1 102:4

admitted(3) 33:13 33:13 33:16
adopt(6) 94:7 94:7 95:17 96:9 97:8 107:5
adopted(6) 94:6 102:6 105:6 106:22 107:8 107:9

adopting(1) 94:13
adoption(1) 89:12
adopts(1) 93:14
advance(1) 25:21
advantage(1) 86:1
advocacy(1) 82:23
advocating(1) 47:8
affected(2) 42:16 68:18
affects(1) 93:16
affiliate(3) 70:14 70:15 70:17
affiliate's(3) 70:17 70:24 71:4
affirmance(1) 71:21
affirmative(2) 69:24 70:8
affirmed(1) 74:3
after(8) 22:10 24:7 47:6 49:9 56:4 65:9 76:25 83:20

afternoon(11) 13:4 13:5 13:7 26:6 34:10 41:6 61:21 66:9 83:6 99:1 99:10

again(23) 18:22 19:2 20:22 21:14 23:9 35:6 35:14 36:1 36:24 37:6 37:21 38:16 55:23 58:22 67:12 70:1 72:22 72:25 74:6 89:14 99:10 99:12 108:10

against(23) 25:15 25:17 49:13 57:25 72:15 75:3 75:7 75:11 75:13 76:2 79:21 83:20 84:11 85:2 85:8 86:24 87:6 99:18 99:22 99:23 100:21 104:3 104:15

agent(2) 20:8 50:23
ago(1) 107:3
agree(17) 15:8 15:21 15:25 16:6 18:18 25:1 41:18 60:17 61:16 67:16 75:4 81:1 81:4 82:20 83:1 93:22 104:18

agreed(3) 14:25 60:15 70:17
agreeing(1) 77:1
agreement(28) 3:34 5:15 15:20 18:19 26:21 26:24 27:19 29:24 30:16 30:17 30:22 31:1 31:4 33:23 36:15 42:18 50:21 50:24 56:4 56:5 57:5 64:11 77:7 77:12 77:12 77:14 80:25 99:20

agreements(6) 30:20 37:12 43:23 51:8 51:9 51:15

agrees(1) 82:4
ahead(3) 18:7 38:8 60:24
ainsley(1) 10:14
air(1) 104:9
akin(5) 3:2 7:16 13:8 48:25 66:10 67:13 83:7

alan(1) 12:6
albeit(1) 48:18
alexander(2) 10:42 10:43

all(84) 13:3 13:5 13:13 15:15 16:1 16:24 17:11 18:7 20:21 21:1 22:16 25:4 25:10 25:11 25:12 27:14 30:14 30:20 38:7 38:11 39:20 42:5 44:1 45:7 47:24 49:9 49:15 50:15 50:18 50:18 52:6 52:10 53:3 53:18 54:14 55:5 55:6 55:7 56:1 56:4 56:15 56:18 57:1 58:3 58:25 59:4 60:4 64:10 64:15 65:4 65:17 66:3 67:10 68:22 69:14 71:3 73:7 74:22 75:5 82:14 83:5 83:14 84:15 86:17 86:20 89:8 91:4 92:1 92:2 96:5 96:10 97:25 102:13 103:13 103:23 104:8 104:21 106:5 106:25 107:2 107:16 107:23 108:7 109:1

allegations(2) 73:15 73:23
alleged(2) 72:17 74:9
allegedly(2) 73:21 73:25
alleges(1) 73:14
alleging(1) 91:24
allinson(1) 2:20
allison(1) 6:14
allow(1) 76:12
alluded(1) 21:21
almost(4) 26:16 80:3 98:16 105:1
alone(3) 19:15 71:14 100:21
already(9) 18:2 35:12 45:7 80:9 84:20 93:2 101:16 103:1 105:25

also(36) 17:15 20:19 22:18 23:21 23:24 30:13 31:10 33:18 39:18 43:5 48:10 49:23 49:25 56:14 57:2 57:4 57:22 61:2 62:21 69:22 70:11 72:1 72:13 73:11 73:14 74:9 75:6 77:2 88:17 95:6 96:8 97:1 97:22 101:25 102:13 107:25

alternative(1) 35:2
although(4) 34:15 37:2 71:23 75:11
altogether(1) 99:14
alvarez(3) 7:20 12:13 12:13
always(2) 44:10 48:9
amalgamated(1) 12:5
amended(3) 67:25 68:11 68:13
america(2) 6:30 6:36
amit(1) 8:10
among(2) 41:21 87:11
amongst(1) 28:6
amount(8) 67:8 84:10 84:13 86:21 89:1 89:1 104:9 108:19

amounts(1) 43:18
analogy(1) 59:6
analysis(4) 16:19 48:21 63:7 66:16

and(301) 4:30 9:39 13:15 13:15 13:20 13:23 13:25 14:1 14:6 14:7 14:18 14:18 14:24 15:1 15:4 15:5 15:12 15:13 15:14 15:25 16:2 16:5 16:7 16:8 16:9 16:15 16:17 16:20 16:21 16:21 17:5 17:8 17:10 17:19 18:10 18:15 18:17 19:2 19:3 19:8 19:12 19:15 19:16 19:18 19:24 20:2 20:3 20:10 20:13 20:14 20:19 20:24 21:2 21:7 21:8 21:9 21:11 21:23 22:6 22:9 22:10 22:14 23:4 23:4 23:9 23:11 23:13 23:15 23:18 23:20 23:24 24:1 24:4 24:9 24:11 24:12 24:18 24:19 24:21 24:21 25:1 25:5 25:8 25:12 25:15 25:20 25:21 25:24 25:24 26:2 26:3 26:16 26:16 26:21 26:22 27:5 27:14 27:14 27:15 27:17 27:19 27:19 27:21 27:24 28:1 28:9 28:17 28:20 28:20 28:21 28:24 28:25 29:2 29:4 29:8 29:13 29:19 29:20 29:21 29:22 29:23 30:4 30:18 30:19 30:22 31:1 31:6 31:11 31:15 32:1 32:6 32:10 32:20 32:22 33:8 33:11 33:12 33:17 33:20 34:2 34:15 34:18 34:22 34:25 35:3 35:6 35:9 35:14 35:19 35:20 35:20 36:4 36:7 36:9 36:12 36:15 36:22 37:1 37:7 37:7 37:14 37:16 37:18 37:21 37:23 38:8 38:10 38:13 38:14 38:18 38:19 38:20 39:1 39:3 39:7 39:16 39:24 39:25 40:10 40:13 40:19 40:20 40:24 41:16 41:17 41:21 41:25 42:2 42:3 42:4 42:12 42:16 42:19 42:21 43:1 43:2 43:3 43:4 43:8 43:10 43:11 43:13 43:13 44:1 44:2 44:20 44:20 45:7 45:12 45:18 45:19 45:22 46:3 46:9 46:9 46:10 46:11 46:18 46:23 47:4 47:14 47:16 47:17 47:19 47:20 48:7 48:9 48:11 48:12 48:14 48:15 48:17 48:21 49:4 49:4 49:7 49:10 49:14 49:15 49:16 49:17 49:18 49:23 50:4 50:5 50:8 50:17 50:18 50:23 50:24 51:1 51:4 51:4 51:10 51:11 51:23 51:25 52:5 52:6 52:7 52:8 52:14 52:15 52:17 52:18 52:18 52:24 52:24 52:25 53:1 53:2 53:5 53:8 53:16 53:21 53:21 53:25 53:25 54:1 54:9 54:16 54:16 54:18 54:20 54:22 55:1 55:4 55:5 55:11 55:15 55:16 55:17 55:19 55:20 55:23 56:7 56:9 56:15 56:17 56:20

| Word | Page:Line |
|---|---|
| and(301) | 56:22 57:6 57:12 57:13 57:14 57:15 57:20 57:23 57:23 58:3 58:3 58:4 58:7 58:19 58:25 59:2 59:5 59:12 60:1 60:2 60:4 60:12 60:13 60:16 60:18 61:2 61:4 61:5 61:15 61:25 62:5 62:11 62:13 62:15 62:18 62:21 62:23 62:24 63:1 64:11 64:15 64:19 64:20 64:24 65:2 65:3 65:5 65:9 65:12 65:14 65:16 65:19 66:13 66:15 66:16 66:16 66:18 67:1 67:14 67:16 67:17 67:20 67:22 68:2 68:7 68:16 68:17 68:17 68:18 68:19 68:22 68:23 68:24 69:2 69:13 69:19 69:20 69:25 70:2 70:5 70:15 70:18 70:19 70:20 70:22 71:1 71:2 71:4 71:11 71:16 71:19 71:22 72:3 72:4 72:6 72:9 72:16 72:17 72:19 73:2 73:6 73:8 73:10 73:12 73:18 74:10 74:13 74:14 74:17 74:24 75:3 75:5 75:11 75:17 75:20 76:4 76:8 76:10 76:20 76:20 76:24 77:1 77:2 77:6 77:8 77:12 78:1 78:2 78:24 79:8 79:9 79:15 79:22 80:5 80:8 80:14 80:20 81:9 81:22 81:24 82:3 82:6 82:12 82:14 82:19 82:24 82:24 83:9 83:13 83:16 83:22 83:22 83:23 84:3 84:3 84:14 84:15 84:18 84:19 85:2 85:5 85:18 85:25 85:25 86:4 86:5 86:10 86:10 86:16 86:20 87:3 87:7 87:12 87:13 87:13 87:20 87:21 87:22 88:1 88:2 88:4 88:5 88:17 88:18 88:19 88:24 89:1 89:2 89:9 89:9 89:13 89:14 89:17 89:18 89:21 90:6 90:8 90:10 90:10 90:12 90:13 90:16 90:25 91:7 91:23 92:3 92:11 92:16 92:21 92:25 93:2 93:8 93:10 93:10 93:11 93:13 93:23 93:25 95:3 95:4 95:9 95:10 95:18 95:22 95:24 95:25 96:2 96:4 96:8 96:12 96:13 96:16 96:17 96:20 96:21 96:22 97:6 97:17 97:15 97:18 97:19 97:20 97:21 97:23 97:24 98:5 98:10 98:20 98:21 98:21 98:25 99:11 99:22 99:25 100:6 100:12 100:14 100:17 100:18 101:6e 101:7 101:18 101:19 101:22 101:25 102:6 102:8 102:12 102:13 102:18 102:21 102:22 102:24 102:24 102:25 103:8 103:10 103:15 103:15 103:22 104:3 104:7 104:8 104:13 104:16 104:21 105:7 105:9 105:12 105:15 106:1 106:2 106:2 106:8 106:12 106:12 106:16 106:16 106:22 106:25 |
| and(8) | 107:1 107:6 107:11 107:14 107:25 108:14 108:14 108:22 |
| andrea(1) | 8:24 |
| andrew(3) | 3:20 5:29 5:30 9:17 9:21 10:18 11:14 |
| angeles(2) | 3:38 4:39 |
| angelo(2) | 5:16 11:13 |
| anna(2) | 7:41 7:41 |
| another(7) | 34:25 58:11 58:11 61:17 70:20 82:23 95:21 |
| answer(4) | 55:20 75:5 94:21 102:22 |
| answered(1) | 21:1 |
| antecedent(9) | 23:18 24:6 24:25 38:18 54:4 54:5 55:5 55:13 55:15 |
| antecedents(1) | 24:8 |
| any(86) | 17:14 18:8 19:1 19:9 19:20 19:22 20:22 20:24 21:2 22:8 22:21 26:4 27:1 27:16 28:2 28:13 30:1 30:2 30:2 30:8 30:15 30:23 31:11 31:12 31:22 32:24 34:7 36:8 36:17 39:4 39:8 39:10 39:17 41:3 41:8 45:3 46:20 46:21 47:7 50:20 51:8 51:8 51:14 52:10 52:12 53:6 53:16 55:2 56:10 59:7 59:10 60:5 60:7 63:19 64:12 65:14 65:20 68:12 68:14 73:22 76:9 76:21 78:9 80:3 81:17 83:16 84:10 85:1 87:5 88:12 88:13 90:17 92:20 92:22 93:12 99:17 99:22 99:22 102:16 103:24 104:6 106:23 106:24 107:7 108:24 |
| anybody(4) | 51:15 51:25 57:25 62:8 |
| anyone(3) | 41:7 58:2 101:19 |
| anything(13) | 16:25 17:1 22:11 26:3 31:24 37:5 57:25 59:11 85:15 98:23 106:23 107:25 108:8 |
| anyway(2) | 45:1 106:10 |
| anywhere(1) | 57:17 |
| apologize(2) | 48:10 82:17 |
| appear(2) | 75:12 101:15 |
| appearances(1) | 5:13 |
| appeared(1) | 86:6 |
| appearing(2) | 44:14 54:4 |
| apple(1) | 93:21 |
| applicable(8) | 21:4 23:18 25:16 35:6 45:11 47:18 47:19 65:18 |
| application(4) | 21:14 98:5 100:1 103:22 |
| applied(14) | 15:23 24:10 24:15 24:16 30:1 62:2 71:12 72:22 73:24 102:9 102:21 102:23 106:14 107:2 |
| applies(1) | 59:2 |
| apply(13) | 16:4 18:21 19:5 24:24 38:12 40:25 50:9 62:2 73:13 79:25 79:25 91:22 106:5 |
| appreciate(3) | 45:18 62:3 82:23 |
| approach(5) | 97:6 97:8 98:8 100:4 100:15 |
| approaches(1) | 89:13 |
| appropriate(10) | 13:26 14:3 15:15 43:14 64:13 64:20 77:25 80:25 83:14 95:24 |
| approval(1) | 42:19 |
| approved(2) | 70:23 80:17 |
| approving(1) | 80:14 |
| april(7) | 42:21 46:3 46:15 61:15 77:19 102:7 104:1 |
| are(131) | 13:16 13:26 15:20 15:20 16e 17:9 17:16 17:16 19:2 19:10 19:11 20:1 20:20 22:2 22:5 22:24 23:3 24:16 25:12 25:22 27:15 27:19 29:25 30:20 30:20 34:24 34:25 37:13 39:5 40:25 41:24 41:25 42:2 42:6 42:8 43:21 43:25 45:10 45:10 45:14 47:19 48:8 49:1 49:15 49:19 49:21 49:22 49:25 50:8 50:25 52:18 53:14 53:22 54:6 55:1 56:5 56:7 56:7 56:9 59:4 59:6 59:8 59:9 59:22 62:11 62:24 62:25 63:18 64:5 65:10 67:23 69:5 70:12 72:16 73:2 73:9 74:20 76:8 77:11 77:17 78:7 78:12 78:25 80:1 80:1 80:11 81:14 81:16 82:8 82:10 86:25 88:11 88:19 89:8 90:17 91:1 91:25 92:1 93:4 95:3 95:8 95:11 96:12 96:20 98:7 98:7 98:19 99:18 102:17 103:9 104:22 104:23 104:24 104:24 106:1 106:20 108:21 |
| aren't(1) | 36:22 |
| aren't(3) | 79:3 89:17 104:25 |
| arguably(3) | 57:18 89:15 104:19 |
| argue(13) | 23:15 46:9 64:18 67:16 68:5 72:22 75:23 81:8 91:19 93:19 97:20 107:24 |
| argued(9) | 19:14 35:10 45:8 46:4 69:1 87:21 88:7 104:3 105:6 |
| arguing(7) | 67:15 76:1 78:7 78:22 83:8 86:17 87:9 |
| argument(42) | 13:17 14:15 15:19 19:19 21:1 22:23 25:6 29:3 29:8 29:11 32:4 33:5 37:7 46:11 46:14 46:16 46:21 48:18 49:5 49:6 49:6 60:20 63:10 64:9 69:3 74:18 77:19 80:23 81:17 81:23 81:25 82:21 83:17 84:2 89:5 90:25 92:10 97:13 105:4 106:6 106:7 106:10 |
| arguments(6) | 22:2 25:21 77:16 77:17 81:12 97:23 |
| arise(4) | 46:1 69:5 75:1 82:2 |
| arising(3) | 75:7 78:5 81:11 |
| arms(1) | 44:2 |
| arose(3) | 24:11 102:1 102:4 |
| around(10) | 22:21 44:2 52:7 78:1 79:12 88:4 91:24 106:21 106:21 107:1 |
| arrangement(1) | 61:11 |
| arrowgrass(2) | 6:40 6:41 |
| arthur(1) | 11:42 |
| article(10) | 25:8 25:14 59:9 59:23 65:7 65:8 65:10 65:14 65:20 65:24 |
| articles(1) | 47:25 |
| articulation(1) | 48:4 |
| artwork(1) | 48:23 |
| ashley(1) | 5:22 |
| aside(1) | 14:6 |
| ask(5) | 55:4 56:1 60:1 94:16 103:15 |
| asked(2) | 64:10 64:15 |
| asking(1) | 77:6 |
| asks(1) | 44:24 |
| aspect(3) | 27:9 93:14 97:1 |
| assert(3) | 25:16 29:23 37:1 |
| asserted(3) | 79:24 85:6 104:20 |
| asserting(2) | 97:11 100:18 |
| assess(1) | 28:25 |
| asset(10) | 9:33 9:34 11:17 21:5 32:8 32:11 32:13 35:8 39:24 40:18 |
| assets(63) | 17:1 18:25 19:9 19:16 20:1 20:21 21:11 22:8 22:11 22:15 22:18 23:19 23:24 24:23 26:23 27:10 28:2 33:2 35:8 37:1 37:4 38:10 38:15 45:10 47:14 48:6 49:2 49:20 49:21 49:22 49:25 51:19 53:7 53:17 53:18 53:21 53:24 54:3 54:13 54:19 54:23 54:25 55:1 55:18 57:1 57:10 57:11 57:17 62:6 62:11 62:13 62:13 62:15 62:17 62:19 62:21 62:22 62:25 63:1 70:17 71:4 |
| assigns(2) | 27:14 27:15 |
| associated(3) | 70:18 104:22 106:24 |
| assume(2) | 37:24 87:17 |
| assumed(1) | 75:12 |
| assumptions(1) | 83:17 |
| assured(1) | 55:22 |
| assuredly(1) | 60:4 |
| attacking(1) | 77:14 |
| attempt(2) | 72:9 79:12 |
| attempted(1) | 70:25 |
| attention(1) | 49:5 |
| attest(1) | 59:11 |
| attorneys(1) | 34:12 |
| attributing(1) | 38:22 |
| audible(1) | 108:25 |
| aurelius(7) | 3:1 7:7 7:12 13:9 27:4 61:5 63:4 |
| austin(1) | 1:24 6:11 |
| authority(4) | 92:11 94:25 98:22 99:7 |
| availability(1) | 66:19 |
| avenue(6) | 1:34 3:37 4:4 4:38 5:3 5:9 |
| avoid(2) | 48:14 102:1 |
| avoidance(20) | 31:5 31:7 31:9 31:10 31:12 31:16 33:3 49:6 49:6 49:8 49:11 68:25 69:15 71:15 71:19 75:13 76:1 76:15 81:9 81:11 |
| avoided(5) | 70:10 78:14 79:16 85:18 85:19 |
| avoiding(1) | 85:11 |
| award(1) | 61:5 |
| aware(4) | 32:6 32:6 67:25 83:12 |
| away(5) | 33:8 68:10 99:20 99:21 99:24 |
| awful(2) | 45:6 51:16 |
| back(20) | 17:23 19:19 21:13 22:3 28:7 28:9 33:1 35:4 39:6 43:20 45:23 48:14 49:9 52:21 57:14 61:15 77:19 82:19 102:7 107:10 |
| backup(1) | 21:8 |
| bad(1) | 97:12 |
| balance(1) | 66:16 |
| bale(1) | 10:27 |
| banc(1) | 10:8 |
| bank(10) | 6:30 6:36 9:38 9:43 11:9 12:5 26:10 26:13 50:24 50:25 |
| bankrupt's(1) | 26:23 |
| bankruptcies(1) | 53:14 |
| bankruptcy(41) | 1:1 1:20 16:23 17:7 17:7 17:13 18:25 21:23 22:7 23:11 23:14 24:12 24:19 26:18 26:22 27:2 28:3 28:4 28:8 28:13 28:14 29:25 32:24 36:13 38:24 53:23 70:16 70:24 71:2 74:6 76:3 79:16 85:4 85:9 86:7 86:20 92:11 94:17 96:23 102:15 104:21 |
| banks(7) | 48:24 51:9 70:14 71:1 71:6 86:10 87:2 |
| bar(12) | 66:18 67:17 83:3 83:9 83:13 93:13 93:16 97:14 98:18 99:14 102:8 103:22 |
| barceloux(1) | 74:17 |
| barclays(2) | 8:1 8:5 |
| barker(1) | 5:3 |
| barnes(1) | 2:44 |
| barnhart(1) | 24:10 |
| barometer(1) | 84:23 |
| barred(2) | 98:7 98:19 |
| base(1) | 97:13 |
| based(7) | 18:12 47:23 64:11 74:13 80:7 86:6 94:1 |
| basic(1) | 96:19 |
| basically(5) | 25:18 91:5 92:18 95:9 97:11 |
| basis(9) | 27:20 32:23 36:9 41:2 74:12 75:14 83:16 88:3 93:12 |
| baskin(2) | 5:1 41:14 |
| battle(3) | 85:4 86:5 104:21 |
| battling(1) | 46:3 |
| baupost(1) | 24:11 |
| bear(3) | 14:8 86:16 107:12 |
| bearing(2) | 61:13 91:9 |
| became(1) | 39:24 |
| because(53) | 14:23 17:7 17:15 22:24 23:10 25:14 27:16 27:23 27:25 28:13 30:11 34:22 36:1 40:11 41:20 41:23 42:8 42:24 43:9 43:14 43:17 46:6 46:24 47:8 48:7 49:9 50:18 51:7 51:19 52:4 61:10 62:19 65:7 65:22 73:24 74:4 76:5 78:24 84:19 85:2 87:8 93:1 95:7 96:3 96:5 96:13 98:17 100:7 100:21 103:4 104:13 105:25 108:15 |
| become(3) | 62:12 62:17 62:22 |
| becomes(2) | 22:6 26:17 |
| beeler(1) | 10:35 |
| been(42) | 14:15 15:2 18:1 35:10 35:12 35:17 36:3 36:17 37:5 38:8 38:17 47:2 47:3 47:3 47:8 61:7 62:10 62:19 62:21 63:4 64:22 64:25 68:6 69:3 69:8 74:23 75:20 76:22 78:24 79:20 80:6 83:20 86:17 87:3 89:5 90:22 91:11 92:19 93:3 94:6 98:3 101:16 104:6 105:22 106:23 |
| before(40) | 1:19 15:14 22:7 26:1 29:6 30:8 30:15 31:21 31:24 33:17 36:13 37:16 41:23 43:25 44:21 45:8 49:7 50:9 50:16 50:22 51:21 54:8 54:8 54:9 59:21 60:2 60:3 62:4 66:17 67:15 72:23 83:10 84:4 87:9 88:7 97:5 101:17 104:6 104:12 108:13 |
| began(1) | 99:13 |
| begin(1) | 66:18 |
| beginning(1) | 22:3 |
| begins(3) | 16:19 21:7 84:2 |
| behalf(10) | 34:13 44:14 54:6 61:7 67:14 75:24 76:24 81:15 83:7 93:8 99:11 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| being(29) 13:26 21:22 28:9 30:19 30:19 31:8 39:5 39:10 42:11 74:13 75:22 78:25 81:16 84:7 84:8 84:25 85:21 86:22 87:7 87:17 88:18 88:19 89:18 97:15 98:7 98:19 104:20 104:24 107:3 | | bradford(8) 2:27 61:21 61:22 66:5 96:18 99:10 99:11 107:24 | | can(43) 16:20 27:10 32:10 32:14 33:14 38:6 52:17 52:18 56:18 58:1 58:2 59:9 61:9 65:17 67:5 68:8 69:9 71:14 71:18 72:24 75:1 75:10 76:14 80:8 80:12 81:3 82:12 84:4 85:16 88:24 89:25 94:17 96:18 101:12 101:13 102:13 103:24 104:6 106:1 106:1 106:2 106:14 107:19 | | challenge(3) 63:3 69:25 70:25 |
| | | brady(2) 3:42 9:24 | | | | challenging(1) 71:5 |
| | | brandywine(1) 3:44 | | | | chance(3) 81:13 81:17 87:18 |
| belabor(2) 45:19 50:17 | | breach(5) 49:1 49:12 73:18 73:18 73:19 | | | | chandler(1) 11:37 |
| belief(2) 14:14 42:14 | | break(5) 66:20 67:3 67:6 67:15 108:13 | | | | chaney(1) 8:47 |
| believe(22) 18:1 19:14 23:18 26:2 32:15 32:16 33:14 38:6 38:20 42:25 46:12 46:24 62:8 67:23 68:8 81:12 81:16 82:3 83:3 86:14 93:12 101:1 | | breakout(1) 17:8 | | | | change(3) 29:14 55:15 77:11 |
| | | brennan(1) 48:21 | | can't(9) 18:1 24:24 29:8 29:9 36:15 39:21 40:10 50:5 55:21 | | changes(1) 47:7 |
| | | brett(1) 6:16 | | | | chapter(15) 1:18 13:19 14:2 14:17 15:23 19:3 19:3 23:25 23:25 25:10 38:24 41:3 45:10 47:13 48:2 |
| | | brian(3) 6:15 7:38 12:14 | | | | |
| | | brickley(1) 11:2 | | cannot(10) 49:20 49:21 49:22 59:11 68:24 69:12 69:15 78:5 81:8 105:2 | | |
| believed(1) 14:25 | | bridge(1) 2:38 | | | | characterize(1) 60:13 |
| believes(1) 61:14 | | brief(13) 26:15 34:15 34:15 34:16 45:5 46:4 46:17 63:4 93:11 95:2 95:15 100:12 103:18 | | | | characterized(2) 32:11 60:14 86:5 |
| belknap(1) 7:37 | | | | cantigny(1) 9:2 | | chart(2) 67:8 108:20 |
| belong(2) 48:2 48:7 | | | | cantor(1) 6:31 | | chase(3) 4:1 8:13 11:25 |
| belongs(1) 47:25 | | briefed(3) 26:2 27:21 47:4 | | canyon(2) 8:46 8:46 | | chicago(5) 1:28 2:29 5:10 7:32 7:33 |
| below(2) 65:1 77:18 | | briefing(5) 30:14 45:6 46:8 46:21 63:7 | | can't(3) 93:25 95:19 105:3 | | chief(1) 102:7 |
| bendernagel(13) 1:25 66:19 76:23 76:23 81:2 93:7 93:7 93:23 94:21 94:24 95:1 100:11 108:15 | | briefings(2) 45:8 46:10 | | capability(1) 95:6 | | choice(5) 23:9 46:22 103:4 103:12 106:7 |
| | | briefly(1) 81:5 | | capacity(1) 61:14 | | choose(1) 61:10 |
| | | briefs(8) 36:18 37:20 49:16 63:3 77:16 77:18 87:22 97:21 | | capital(26) 3:1 6:40 6:41 7:7 7:12 8:5 8:17 8:29 8:30 8:35 9:28 9:29 10:21 10:21 10:25 10:26 11:5 11:5 11:33 12:1 12:1 12:9 12:9 13:9 34:13 52:1 | | chose(2) 31:4 46:19 |
| | | | | | | chosen(2) 18:20 52:18 |
| bendernagel's(1) 81:6 | | | | | | christine(1) 10:3 |
| bendernagel(1) 83:3 | | brigade(5) 4:36 8:29 8:30 34:12 104:2 | | | | christopher(1) 4:43 |
| beneficiaries(5) 20:7 59:7 59:9 81:15 81:24 | | brigade's(1) 48:11 | | | | chung(1) 6:37 |
| beneficiary(1) 59:11 | | bring(5) 44:6 57:22 64:21 73:10 83:15 | | careful(1) 23:9 | | circled(1) 16:16 |
| benefit(17) 20:7 32:22 38:25 41:3 58:4 58:8 58:15 68:25 69:9 69:15 69:21 71:4 74:10 76:14 81:8 85:12 97:22 | | bringing(3) 32:25 48:14 74:4 | | carefully(1) 23:3 | | circuit(13) 29:4 48:3 71:3 71:11 71:13 71:17 71:23 74:2 84:4 95:23 104:14 105:23 108:4 |
| | | broad(1) 21:15 | | carey(2) 1:19 50:6 | | |
| | | broader(1) 28:23 | | carickhoff(1) 2:33 | | |
| | | broadway(1) 4:20 | | caridas(1) 5:29 | | circuit's(1) 8:16 |
| benefited(3) 69:20 71:17 81:10 | | brought(6) 52:23 64:24 75:24 76:2 81:16 86:19 | | carol(1) 10:27 | | circumscribed(2) 31:3 52:20 |
| benefiting(3) 71:15 72:11 74:15 | | | | carr(1) 64:19 | | circumstance(4) 31:22 31:23 100:13 102:1 |
| benefits(4) 72:2 72:5 98:10 108:5 | | | | carry(1) 90:23 | | circumstance(13) 21:22 22:5 26:17 34:17 37:15 38:14 63:15 67:23 71:13 75:4 78:18 79:2 107:2 |
| bennett(1) 8:19 | | brown(3) 2:12 8:9 44:13 | | carval(2) 12:21 12:21 | | |
| benson(3) 4:16 10:2 26:7 | | bruce(1) 8:19 | | carve(1) 43:20 | | |
| besides(2) 46:24 50:10 | | bryant(1) 3:6 | | case(90) 1:5 7:24 13:23 17:8 17:21 20:9 23:25 24:10 24:11 25:23 26:17 29:5 29:7 30:12 32:24 32:24 36:24 36:25 37:6 37:8 39:14 41:17 41:23 48:18 52:23 53:23 55:6 69:6 70:11 70:12 70:24 71:24 73:8 73:11 75:16 75:18 75:20 76:3 79:13 79:14 83:14 83:16 85:9 85:10 85:15 85:16 86:23 87:8 88:9 88:11 88:12 88:22 89:7 89:9 89:9 89:11 89:13 89:17 89:20 89:21 89:25 90:1 90:18 91:5 91:17 91:10 92:4 92:22 95:4 95:23 96:8 96:16 96:18 98:3 100:10 102:16 103:13 103:23 104:1 104:4 104:7 105:9 105:14 105:24 106:4 106:18 106:20 107:8 107:11 108:2 | | cite(4) 74:16 78:11 78:16 79:1 |
| besieged(1) 14:7 | | buffum(2) 74:16 75:5 | | | | cited(9) 16:2 35:17 49:16 55:6 68:20 72:17 88:12 100:10 100:11 |
| best(2) 74:16 75:5 | | building(1) 3:44 | | | | |
| better(3) 29:3 29:7 29:11 | | bunch(1) 61:3 | | | | citi(2) 9:11 9:11 |
| between(8) 56:22 61:5 62:15 88:18 88:25 89:13 89:18 90:12 | | burden(10) 90:23 90:23 91:1 91:3 91:8 91:12 91:13 91:17 106:11 107:12 | | | | citigroup(1) 8:41 |
| | | | | | | claim(18) 25:15 25:17 49:12 49:24 59:12 62:17 74:3 75:9 78:14 78:21 83:16 84:8 92:5 96:4 96:12 96:12 105:2 105:3 |
| beyond(2) 24:5 52:19 | | bush(1) 5:28 | | | | |
| biera(1) 5:17 | | business(1) 61:11 | | | | |
| bifferato(2) 4:23 26:8 | | busy(1) 50:11 | | | | claimed(1) 31:6 |
| big(1) 55:4 | | but(111) 13:17 13:25 14:8 17:25 18:4 18:25 23:24 24:5 24:15 25:9 25:22 26:2 26:9 26:19 27:8 27:21 27:23 28:17 30:13 30:13 30:25 31:9 31:16 32:3 32:21 33:1 33:15 33:23 35:18 37:3 37:14 37:21 37:24 41:18 42:6 43:5 44:21 45:2 45:5 45:8 45:17 45:20 45:24 46:6 46:13 47:2 47:8 47:16 47:18 47:22 48:6 48:20 48:23 50:11 51:16 52:5 52:19 52:22 54:7 54:22 55:9 55:10 56:2 56:13 56:15 56:18 57:2 57:3 57:8 57:12 57:22 58:23 61:24 62:5 63:9 66:4 67:2 67:6 67:19 68:6 69:3 70:1 70:12 71:12 72:25 73:7 73:23 74:20 75:5 75:19 76:6 79:13 80:9 81:19 82:5 82:23 85:20 87:4 90:14 92:19 94:11 96:19 98:1 100:25 102:5 102:16 104:4 104:9 104:18 105:23 107:25 | | claims(83) 19:10 32:8 33:7 43:19 43:19 49:19 62:6 62:11 62:12 65:22 69:5 72:24 73:2 73:8 73:17 74:7 74:8 74:13 74:15 75:3 75:11 75:17 76:1 78:8 78:24 81:7 81:11 81:16 84:5 85:3 85:4 85:6 85:16 85:18 85:18 86:9 86:19 87:12 87:16 87:21 88:19 89:2 89:10 89:18 91:12 91:20 91:25 92:1 93:1 94:19 95:8 95:18 98:7 98:14 98:19 98:21 98:22 99:17 99:18 99:21 99:21 99:22 99:23 99:24 99:25 100:3 100:6 100:7 100:9 100:15 100:18 100:19 100:20 100:24 101:8 102:18 102:19 103:7 104:20 104:22 104:24 104:24 106:5 |
| bigelow(1) 11:37 | | | | cases(30) 47:19 47:24 68:20 69:1 69:23 70:16 72:23 74:20 74:22 77:21 78:10 78:12 78:16 78:17 79:1 79:4 84:3 84:3 84:19 89:7 90:16 90:17 92:16 94:14 100:10 103:1 105:5 104:14 106:9 106:25 | | | | |
| billion(3) 85:19 87:21 87:23 | | | | | | |
| bilus(2) 10:42 10:43 | | | | | | |
| binding(5) 27:13 27:15 47:20 49:17 71:22 | | | | | | |
| bingham(2) 10:13 10:13 | | | | | | |
| bit(4) 44:19 57:12 57:19 94:12 | | | | | | |
| bite(1) 93:21 | | | | cash(5) 19:20 23:22 23:23 24:4 42:21 | | |
| blabey(1) 5:35 | | | | cashman(2) 11:29 11:29 | | |
| blake(1) 3:43 | | | | castle(1) 64:19 | | |
| blank(1) 2:32 | | | | category(4) 40:17 | | clarification(4) 43:7 66:14 67:2 108:14 |
| blasé(1) 10:39 | | | | cause(6) 32:7 32:13 36:19 48:20 80:1 92:7 | | clarifies(1) 54:21 |
| blauner(1) 10:47 | | | | causes(13) 14:2 14:17 20:6 47:13 48:2 62:11 72:11 75:23 81:14 81:19 82:1 82:5 102:11 | | clarify(1) 43:15 |
| block(3) 2:26 9:20 99:11 | | buy(1) 37:7 | | | | clark(1) 2:28 |
| blown(1) 16:9 | | bynum(1) 6:4 | | cent(1) 69:12 | | class(1) 81:15 |
| blowup(1) 21:8 | | bypass(6) 19:8 19:11 20:1 21:8 21:11 23:6 | | central(1) 28:16 | | clause(7) 17:25 17:25 18:8 18:10 25:25 56:20 80:24 |
| board(2) 98:13 106:14 | | bystanders(1) 91:14 | | cantu(1) 2:7 | | |
| bockius(1) 10:18 | | cabin(1) 22:21 | | cents(4) 42:21 43:21 43:22 75:10 | | |
| body(1) 92:23 | | cadwalader(1) 9:39 | | certain(4) 4:29 38:13 42:20 69:11 | | clear(26) 15:25 28:12 30:14 36:20 37:11 43:3 43:4 44:25 49:16 56:8 62:22 63:15 64:23 73:12 78:2 79:14 81:12 92:18 93:20 94:1 95:16 97:8 102:13 104:11 104:12 105:4 |
| boelter(1) 6:12 | | calculated(1) 43:19 | | certainly(16) 14:8 16:11 18:23 27:1 27:19 31:11 32:20 35:18 42:16 43:18 51:16 89:4 101:18 101:20 102:3 104:9 | | |
| boils(1) 16:5 | | call(4) 22:4 39:17 50:5 64:12 | | | | |
| bondholders(1) 50:25 | | called(7) 16:20 17:25 18:10 23:17 40:23 49:8 64:9 | | | | |
| bonds(2) 24:17 24:21 | | | | | | |
| bore(1) 86:16 | | | | certainty(3) 75:22 88:20 102:8 | | |
| borrowed(2) 24:18 24:20 | | | | certification(1) 109:4 | | clearly(17) 19:20 45:20 45:23 45:25 47:5 54:24 58:13 60:3 60:4 62:7 62:9 63:8 91:16 92:20 101:17 101:18 105:17 |
| borrower(4) 51:1 51:10 51:11 51:19 | | camden(1) 11:17 | | certify(1) 109:5 | | |
| borrowers(1) 51:10 | | came(5) 21:14 37:21 40:11 46:10 80:5 | | cetera(1) 53:5 | | |
| both(18) 26:11 34:16 47:15 54:22 55:19 67:23 68:18 70:14 72:16 73:12 89:23 90:13 90:14 95:25 97:20 98:20 100:14 101:7 | | | | chadbourne(2) 3:18 5:21 | | |
| | | | | chadha(1) 11:6 | | |
| bother(1) 50:6 | | | | chairs(1) 13:19 | | cleary(1) 3:43 |
| bove(1) 4:30 | | | | | | clerk(1) 13:3 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **client**(2) 10:46 11:34 | | **conclusion**(6) 36:9 38:20 55:25 80:5 86:6 97:23 | | **control**(5) 37:11 37:12 63:9 63:10 101:22 | | **credit**(8) 3:54 5:15 7:43 7:44 50:24 51:8 51:15 72:18 | |
| **clients**(3) 42:7 99:18 106:16 | | | | **controlling**(1) 16:8 | | | |
| **close**(2) 29:10 39:1 | | **conclusions**(1) 63:20 | | **controls**(2) 23:15 101:20 | | **creditor**(27) 14:24 18:18 18:22 35:3 37:6 52:5 62:24 63:2 69:15 69:17 69:25 70:4 70:8 70:16 71:15 71:16 71:17 71:18 72:24 75:2 75:6 75:8 75:9 78:4 78:13 78:13 79:10 | |
| **closed**(1) 52:9 | | **conclusively**(3) 48:18 48:22 50:2 | | **controversial**(2) 47:23 84:17 | | | |
| **closing**(1) 46:11 | | **concur**(1) 101:15 | | **controverted**(1) 47:23 | | | |
| **club**(1) 72:20 | | **condition**(1) 70:5 | | **controvertible**(2) 49:19 50:2 | | | |
| **cobb**(1) 3:11 | | **conduct**(6) 73:14 78:10 78:23 79:4 80:2 80:3 | | **conveyance**(14) 32:5 47:16 47:17 47:25 48:13 49:19 49:24 69:19 73:1 73:4 73:9 74:24 85:13 86:2 | | | |
| **code**(2) 31:15 38:24 | | | | | | | |
| **cole**(1) 1:31 | | | | | | **creditors**(23) 3:12 5:21 18:14 30:2 32:8 39:7 41:4 42:7 42:12 48:1 48:2 52:4 68:3 69:11 72:19 76:6 76:13 78:7 79:7 79:20 82:8 85:25 87:23 | |
| **collaterally**(1) 77:14 | | | | | | | |
| **colleague**(1) 66:17 | | **confer**(1) 67:5 | | **conveyed**(1) 74:25 | | | |
| **come**(12) 17:12 19:1 19:19 27:18 29:10 43:2 43:6 45:22 58:19 59:19 92:22 92:23 | | **confess**(1) 92:9 | | **cooperstown**(2) 9:28 9:29 | | **creditor's**(2) 70:9 74:4 | |
| | | **confirmation**(5) 42:1 42:19 76:19 85:4 104:21 | | **copy**(2) 16:9 16:17 | | **critically**(2) 47:19 78:21 | |
| | | | | **corbi**(2) 7:28 7:29 | | **cross**(2) 28:7 32:2 | |
| **comes**(7) 22:10 24:7 26:25 36:12 47:6 68:4 101:6 | | **confuse**(1) 29:21 | | **corners**(1) 33:15 | | **crt**(2) 11:5 11:5 | |
| | | **confused**(1) 66:22 | | **corporate**(1) 61:3 | | **crystal**(1) 28:12 | |
| **comfort**(1) 55:25 | | **congress**(1) 50:10 | | **corporation**(2) 8:35 34:12 | | **cumulative**(1) 58:1 | |
| **coming**(1) 107:10 | | **congressman**(1) 50:6 | | **corporations**(1) 20:12 | | **currently**(2) 84:12 102:20 | |
| **command**(1) 21:10 | | **conjoin**(2) 56:14 56:24 | | **correct**(8) 43:1 62:7 62:14 64:23 67:22 78:3 101:11 109:5 | | **cursory**(1) 15:13 | |
| **commenced**(2) 70:15 91:23 | | **conjoined**(1) 55:3 | | | | **cutler**(1) 11:13 | |
| **commend**(1) 49:5 | | **connection**(9) 41:24 42:1 75:8 76:2 77:10 85:3 95:4 97:3 104:20 | | | | **cuts**(1) 23:1 | |
| **commensurate**(1) 61:18 | | | | **correctly**(2) 47:9 108:1 | | **cybergenics**(13) 30:12 30:14 30:25 31:21 33:6 36:24 40:24 47:18 47:20 47:22 48:6 63:5 63:9 | |
| **comment**(5) 25:19 64:7 82:20 108:13 | | | | **could**(20) 15:8 16:10 20:5 40:7 48:10 60:17 62:12 62:18 75:13 83:19 85:6 86:19 87:5 87:16 88:5 94:13 94:15 96:13 100:2 102:19 | | | |
| **commented**(2) 13:20 65:5 | | **connolly**(1) 4:30 | | | | | |
| **comments**(5) 41:18 44:19 48:12 64:17 99:... | | **cons**(1) 90:14 | | | | | |
| | | **consciously**(1) 21:23 | | **couldn't**(1) 37:4 | | **cyrus**(1) 11:33 | |
| **commercially**(3) 26:19 63:14 63:20 | | **consent**(1) 88:15 | | **couldn't**(2) 80:19 108:14 | | **damages**(1) 49:2 | |
| **committee**(4) 3:11 5:20 72:18 74:4 | | **consented**(1) 70:22 | | **counsel**(4) 26:8 34:16 70:22 104:2 | | **dan**(1) 3:13 | |
| **common**(5) 10:7 19:3 23:11 24:6 92:24 | | **consents**(2) 68:24 70:5 | | **country**(4) 91:24 100:23 106:21 107:1 | | **dance**(1) 79:12 | |
| **communication**(1) 74:17 | | **consequence**(6) 77:22 96:14 97:7 97:25 98:15 98:22 | | **couple**(9) 16:4 16:6 34:17 34:18 40:22 57:15 57:22 83:11 103:19 | | **daniel**(2) 6:31 6:33 | |
| **companies**(1) 20:12 | | | | | | **data**(1) 1:40 | |
| **company**(90) 1:8 5:7 6:2 6:2 10:2 17:2 18:25 19:1 19:10 19:16 20:21 21:5 21:17 21:24 21:24 22:9 22:12 22:16 22:18 22:25 23:3 23:7 23:19 27:1 27:10 27:11 27:17 28:11 28:11 30:21 35:7 35:8 35:16 35:16 38:10 38:15 38:19 39:10 39:22 39:22 39:23 40:5 40:6 40:7 40:9 40:10 40:11 40:12 40:12 45:11 47:14 48:1 49:20 49:21 49:25 50:1 51:19 53:7 53:14 53:17 53:18 53:21 53:24 54:3 54:13 54:19 54:23 55:1 55:1 55:19 56:2 56:5 56:9 56:10 56:13 56:15 56:18 56:22 56:23 56:25 57:1 57:1 57:11 57:17 59:16 62:7 62:11 62:13 62:1... 107:16 | | **consequences**(3) 84:15 86:17 91:4 | | **couri**(1) 9:30 | | **date**(2) 97:4 109:11 | |
| | | **consider**(4) 44:3 75:18 87:11 100:4 | | **course**(8) 15:23 18:9 22:6 27:3 32:24 33:17 62:23 106:9 | | **dave**(1) 6:23 | |
| | | **consideration**(14) 18:20 77:10 80:18 84:7 85:21 86:11 86:22 88:6 88:19 89:1 89:19 99:25 100:2 104:17 | | | | **david**(14) 2:6 2:27 2:33 3:3 3:19 4:18 5:35 6:13 6:42 10:22 13:8 26:6 62:21 99:11 | |
| | | | | **court**(147) 1:1 13:4 13:6 13:9 13:13 13:19 13:22 14:4 14:7 14:9 14:21 14:25 15:12 15:14 15:17 16:11 16:12 16:14 17:22 17:23 18:1 18:4 18:7 18:15 18:17 20:16 24:11 24:15 24:18 24:19 25:4 26:1 26:2 26:4 26:5 26:15 29:17 30:13 30:15 31:2 31:14 32:5 33:10 33:25 34:5 34:8 41:5 41:9 41:11 43:1 44:5 44:8 44:22 44:25 45:14 45:16 47:20 48:17 49:2 49:7 49:10 50:10 50:15 55:24 60:7 60:10 60:19 60:23 60:24 61:19 61:23 62:4 63:19 63:22 63:25 64:3 64:6 64:19 64:22 65:1 65:25 66:3 66:8 67:5 69:18 70:3 70:24 71:2 71:7 71:8 72:1 73:16 73:22 75:11 75:15 75:17 76:17 76:22 79:2 79:15 81:1 82:3 82:15 83:2 83:5 83:12 83:19 84:4 89:20 89:25 90:5 90:10 92:9 92:11 93:5 93:22 94:9 94:13 94:15 94:17 94:23 94:25 95:5 97:23 98:6 98:25 99:4 99:5 99:9 100:1 100:3 100:13 101:9 101:13 102:9 103:4 103:17 107:1 107:17 107:20 107:23 108:7 108:11 108:18 108:24 109:1 109:2 | | **davidson**(1) 5:38 | |
| | | | | | | **davis**(3) 4:1 8:13 99:2 | |
| | | | | | | **day**(2) 11:33 82:23 | |
| | | | | | | **dbtca**(1) 2:4 | |
| | | **considerations**(2) 95:9 95:11 | | | | **dcl**(29) 14:23 41:20 42:22 46:14 46:23 61:8 67:25 68:5 68:6 68:9 68:19 68:25 69:22 71:7 72:22 73:7 74:16 76:24 84:20 84:22 86:11 86:12 87:8 87:10 87:14 87:22 93:8 99:5 104:17 | |
| | | **considered**(3) 39:21 43:15 43:16 | | | | | |
| | | **consistency**(1) 61:25 90:8 | | | | | |
| | | **consistent**(6) 25:4 56:25 68:23 88:22 90:15 96:2 | | | | | |
| | | | | | | **deal**(13) 17:17 31:4 44:1 44:20 44:20 51:10 66:25 77:11 92:12 96:2 98:23 | |
| | | **constitute**(1) 72:2 | | | | | |
| | | **constitutional**(2) 106:18 106:24 | | **court's**(5) 14:13 17:25 18:10 29:9 59:25 | | | |
| | | **construct**(1) 61:2 | | **courtney**(1) 9:44 | | **dealing**(7) 17:7 17:23 17:24 23:14 28:18 52:8 100:13 | |
| | | **construction**(8) 16:2 23:17 42:5 42:25 45:12 54:5 57:8 58:24 | | **courtroom**(3) 1:10 32:24 98:4 | | | |
| | | | | **courtrooms**(1) 50:9 100:22 | | | |
| | | **constructive**(4) 73:1 73:3 73:9 74:24 | | **courts**(8) 78:15 91:23 92:21 92:23 94:5 105:10 105:11 106:20 | | **deals**(2) 22:7 42:3 | |
| | | **construe**(1) 24:8 | | | | **dealt**(7) 15:12 27:19 30:16 31:10 31:11 43:10 105:10 | |
| | | **consummated**(1) 69:8 | | | | | |
| | | **contemplated**(2) 30:18 42:20 | | **court's**(4) 66:11 76:19 90:15 99:6 | | | |
| **company's**(3) 27:14 27:18 28:12 | | **contend**(1) 63:7 | | **cousin**(1) 103:13 | | **dearborn**(1) 1:27 | |
| **company...from**(1) 56:11 | | **contention**(3) 49:14 68:7 74:19 | | **covered**(2) 26:14 49:23 | | **debate**(1) 23:17 | |
| **company's**(1) 74:6 | | **context**(17) 28:23 46:1 48:19 55:10 82:5 86:7 86:8 86:21 90:7 92:17 92:19 92:20 94:18 102:1 102:2 102:5 102:14 | | **covers**(1) 34:21 | | **debated**(1) 17:2 | |
| **comparatively**(1) 85:17 | | | | **covert**(1) 49:25 | | **debbie**(1) 3:5 | |
| **comparing**(1) 86:19 | | | | **cracked**(1) 42:9 | | **debenture**(5) 4:16 10:1 26:9 26:13 63:8 | |
| **comparison**(2) 88:20 89:13 | | | | **crafted**(2) 42:14 58:18 | | **debentures**(2) 24:17 24:21 | |
| **compelled**(1) 98:17 | | **continent**(1) 23:21 | | **crammed**(1) 97:15 | | **deborah**(2) 66:9 67:13 | |
| **compelling**(1) 102:2 | | **continental**(5) 84:3 84:18 98:5 98:17 | | **create**(1) 29:13 | | **debt**(27) 26:12 27:2 29:1 29:7 29:10 29:13 30:3 30:4 30:5 30:5 30:7 30:8 31:24 32:20 32:21 36:9 39:18 39:18 39:19 40:1 51:3 51:3 54:4 56:6 67:8 72:9 | |
| **compensation**(4) 7:2 84:24 104:15 105:3 | | **continuation**(1) 55:23 | | **created**(3) 54:11 86:17 91:6 | | | |
| **complaint**(1) 73:21 | | **continue**(1) 48:2 | | **creates**(3) 53:11 53:11 92:7 | | | |
| **complete**(1) 15:4 | | **continued**(1) 2:2 | | **creating**(1) 107:15 | | | |
| **completely**(1) 17:5 | | **continues**(2) 52:2 75:3 | | **creative**(1) 107:4 | | | |
| **complex**(1) 70:12 | | | | | | **debtor**(19) 6:11 18:20 25:15 25:17 27:17 32:13 32:19 35:7 40:18 40:20 48:3 62:13 62:16 62:19 62:20 62:25 74:5 75:1 75:3 | |
| **complexity**(1) 71:25 | | **contract**(16) 16:3 29:22 30:1 45:11 47:16 49:1 49:12 52:8 52:9 52:13 52:19 53:2 59:20 59:21 73:18 73:19 | | | | | |
| **complicit**(1) 107:15 | | | | | | | |
| **component**(2) 68:6 93:16 | | | | | | **debtors**(11) 1:12 1:24 30:22 30:24 31:1 31:5 32:12 33:1 68:2 76:24 93:8 | |
| **compromise**(1) 43:18 | | **contractual**(1) 46:5 | | | | | |
| **compromised**(2) 88:19 89:3 | | **contrary**(5) 59:24 59:24 59:24 59:25 74:1... | | | | | |
| **conaway**(1) 3:41 | | **contrast**(1) 98:2 | | | | | |
| **concede**(1) 95:3 | | **contrasts**(1) 21:19 | | | | **debtor's**(1) 70:4 | |
| **conceded**(1) 73:8 | | **contribution**(16) 83:16 85:6 86:8 99:16 99:18 99:21 99:24 100:3 100:6 100:6 100:9 100:25 101:2 102:19 103:9 | | **create**... | | **december**(3) 1:14 13:1 109:10 | |
| **conceivably**(1) 88:6 | | | | | | **dechert**(1) 10:42 | |
| **concept**(3) 28:20 58:11 96:19 | | | | | | | |
| **concepts**(1) 73:2 | | | | | | | |
| **concern**(4) 42:6 85:9 102:8 102:12 | | | | | | | |
| **concerns**(1) 107:3 | | | | | | | |
| **concession**(1) 95:4 | | | | | | | |
| **conclude**(7) 35:21 40:3 40:4 40:8 40:16 41:1 65:25 | | | | | | | |
| **concluded**(2) 29:17 84:19 | | | | | | | |
| **concludes**(1) 109:2 | | | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **decide**(4) 63:5 76:25 94:4 94:4 | | **did**(24) 24:12 37:1 37:20 41:16 41:22 63:10 67:7 72:7 73:22 75:17 80:9 93:18 94:12 97:14 97:19 97:20 97:22 99:12 101:9 101:18 101:18 101:20 103:4 108:19 | | **does**(19) 18:4 18:4 23:4 31:22 38:4 39:12 41:20 43:3 51:11 51:12 55:8 58:10 60:22 65:6 65:25 66:2 75:12 98:5 101:2 | | **eichenholtz**(6) 89:9 92:15 101:20 101:25 102:3 108:2 | |
| **decided**(4) 50:2 94:10 94:11 107:6 | | | | | | **eichenstadt**(2) 95:6 95:7 | |
| **decision**(29) 17:22 18:16 18:17 25:22 41:25 43:2 43:8 43:10 47:21 55:7 62:5 75:20 77:5 77:7 77:9 80:13 84:17 86:14 88:7 89:21 90:15 93:13 93:14 94:1 94:14 97:1 97:3 98:4 101:23 108:4 | | **doesn't**(16) 16:25 17:1 23:15 25:2 25:9 25:15 38:4 38:19 40:25 43:6 47:2 51:24 55:13 56:17 57:17 59:21 | | **eight**(2) 20:4 100:12 | |
| | | **didn't**(10) 17:11 33:22 33:25 37:7 37:23 41:8 47:1 47:9 48:7 57:9 | | | | **eisenholtz**(1) 89:8 | |
| | | | | | | **eisenstadt**(2) 95:23 96:8 | |
| | | | | **doesn't**(6) 63:9 79:25 80:24 90:18 90:19 94:7 | | **either**(5) 36:6 39:17 64:14 96:25 98:13 | |
| **decisions**(2) 69:14 69:23 | | **didn't**(4) 64:12 82:23 88:15 104:12 | | | | **elden**(1) 6:7 | |
| **decks**(1) 43:3 | | **differ**(1) 27:11 | | | | **eldersveld**(1) 6:23 | |
| **dedicate**(1) 46:20 | | **difference**(3) 28:3 90:12 96:13 | | **doing**(4) 48:5 61:12 75:15 77:13 | | **elect**(1) 91:1 | |
| **dedicated**(1) 47:11 | | **different**(30) 13:16 17:25 18:9 13:19 21:21 21:22 24:13 35:13 36:8 36:23 37:8 51:14 52:15 57:21 85:5 85:5 86:23 100:16 100:17 100:22 100:23 100:24 102:10 102:20 102:20 103:10 104:24 105:9 105:1 105:19 107:9 | | **dollar**(5) 35:24 68:4 75:10 104:4 104:4 | | **electronic**(1) 1:46 109:6 | |
| **deepening**(1) 74:3 | | | | **dollars**(2) 36:2 36:6 | | **eliminate**(1) 88:6 | |
| **default**(7) 23:14 26:18 28:8 28:8 65:18 65:18 65:23 | | | | **dominant**(1) 29:21 | | **elliot**(1) 99:2 | |
| | | | | **don't**(26) 22:18 25:1 29:10 31:16 32:3 32:15 34:3 35:11 36:17 37:23 44:21 45:7 46:12 47:22 49:17 49:18 50:6 50:17 50:20 52:10 56:14 57:7 58:2 58:22 59:19 60:7 | | **elliott**(1) 4:2 | |
| **defaulted**(1) 32:18 | | | | | | **ellipse**(1) 20:13 | |
| **defeat**(1) 68:13 | | **differently**(1) 28:1 | | | | **else**(6) 22:10 41:7 51:25 55:12 55:17 60:25 | |
| **defendant**(9) 31:8 49:3 49:13 72:16 72:16 74:23 81:25 83:1 100:21 | | **difficult**(2) 28:18 107:6 | | | | **emphasize**(2) 34:17 35:14 | |
| | | **diluted**(1) 76:13 | | | | **employees**(1) 7:1 | |
| | | **dime's**(1) 90:12 | | **done**(5) 26:3 95:13 98:8 98:20 98:20 | | **enabled**(1) 48:19 | |
| **defendant's**(2) 7:2 49:13 | | **directed**(2) 22:11 61:1 | | **don't**(29) 62:8 62:22 81:6 82:3 82:12 82:18 82:25 83:17 83:22 86:10 86:14 92:25 93:23 94:10 94:16 96:5 97:1 98:23 100:16 101:19 102:13 102:22 103:14 103:24 104:5 104:18 105:12 107:7 107:24 | | **encouraging**(1) 90:9 | |
| **defendants**(28) 6:6 7:1 51:13 73:25 75:22 82:22 83:15 83:21 84:11 84:14 85:2 85:7 85:8 86:10 86:16 87:7 89:23 90:2 91:1 91:12 91:18 95:25 96:1 97:13 98:7 100:22 101:5 | | **directly**(1) 19:12 | | | | **end**(7) 35:1 37:2 37:25 50:1 53:18 55:5 108:15 | |
| | | **director**(1) 107:14 | | | | | |
| | | **directors**(2) 6:7 93:10 | | | | **endorsed**(2) 16:16 93:3 | |
| | | **dis-syndicate**(1) 72:9 | | | | **enforce**(1) 29:9 | |
| **defendant's**(1) 73:17 | | **disagree**(4) 26:1 47:14 49:14 94:10 | | **door**(1) 42:9 | | **enforced**(1) 18:11 | |
| **defense**(5) 31:8 79:23 82:6 82:6 83:1 | | **disagreement**(2) 16:3 16:4 | | **dorr**(1) 11:13 | | **english**(1) 2:4 | |
| **defined**(5) 20:8 20:9 20:11 21:15 24:17 | | **disastrous**(1) 87:2 | | **doubt**(5) 14:6 100:7 103:24 104:6 107:7 | | **engraft**(1) 102:10 | |
| **defining**(1) 65:11 | | **disclaimers**(1) 83:11 | | **dougherty**(6) 6:8 101:11 101:12 101:14 108:9 108:10 108:12 108:21 | | **enormous**(1) 104:7 | |
| **definitely**(1) 89:7 | | **disconnect**(2) 88:17 89:18 | | | | **enough**(4) 45:1 58:9 87:25 106:2 | |
| **definition**(7) 20:18 21:15 24:14 39:13 40:6 40:14 56:21 | | **discouraging**(1) 39:6 | | | | **enron**(2) 24:12 24:18 | |
| | | **discovery**(2) 97:18 98:11 | | **douglas**(1) 5:23 | | **ensure**(3) 68:11 98:6 98:18 | |
| | | **discretion**(1) 94:22 | | **dow**(2) 11:1 11:1 | | **entered**(2) 83:20 85:8 | |
| **degree**(2) 85:9 85:11 | | **discuss**(2) 37:19 45:9 | | **down**(7) 16:5 20:4 25:22 55:18 83:18 97:15 107:6 | | **entering**(1) 42:17 | |
| **delaware**(5) 1:2 1:12 1:34 13:1 73:16 | | **discussed**(3) 13:9 38:17 43:10 | | | | **enterprise**(1) 51:6 | |
| **delays**(1) 96:4 | | **discussion**(3) 16:13 89:11 90:22 | | | | **entire**(2) 38:7 56:4 | |
| **delicto**(10) 72:13 72:15 72:25 73:13 73:23 74:14 79:19 79:23 79:25 81:8 | | **discussions**(3) 50:4 50:8 76:9 | | **dozens**(1) 53:1 | | **entirely**(1) 76:3 | |
| | | **disgorge**(1) 35:3 | | **draft**(1) 57:6 | | **entirety**(2) 43:17 51:2 | |
| | | **dish**(2) 54:1 55:16 | | **drafted**(1) 51:16 | | **entities**(3) 9:24 20:21 34:13 | |
| **deliverable**(1) 39:9 | | **disjunctive**(3) 27:9 27:24 27:25 | | **drafter**(2) 23:2 23:9 | | **entitled**(7) 19:11 68:14 83:15 88:24 97:25 99:24 101:5 | |
| **demand**(2) 49:1 68:19 | | **dismissal**(1) 74:3 | | **drafters**(2) 56:23 57:6 | | | |
| **demonstrate**(1) 80:7 | | **dispensed**(1) 48:17 | | **drafting**(2) 51:15 58:14 | | **entry**(1) 86:24 | |
| **demonstrated**(2) 96:25 97:2 | | **dispute**(7) 18:11 46:6 72:4 103:21 103:23 104:8 106:11 | | **drafts**(2) 35:15 52:11 | | **envirodyne**(1) 29:6 | |
| **demonstrates**(1) 40:22 | | | | **draw**(1) 55:25 | | **envisioned**(1) 68:1 | |
| **denied**(2) 103:15 106:17 | | | | **drawing**(1) 33:6 | | **eos**(2) 11:45 11:45 | |
| **depended**(1) 18:19 | | **disputed**(1) 46:5 | | **drew**(1) 4:9 | | **ephraim**(1) 5:43 | |
| **depending**(4) 42:22 106:4 | | **disregard**(1) 38:7 | | **driven**(1) 53:20 | | **equal**(3) 80:3 84:13 104:8 | |
| **derivative**(1) 36:12 | | **dissolution**(3) 51:5 53:5 53:13 | | **due**(4) 14:6 99:23 106:15 106:17 | | **equally**(3) 19:24 21:6 89:24 | |
| **describe**(1) 22:20 | | **distinct**(1) 27:11 | | **dunn**(1) 6:42 | | **equitable**(2) 75:16 80:7 | |
| **description**(1) 30:6 | | **distinction**(6) 27:16 30:18 56:22 57:5 57:7 62:15 | | **dura**(9) 17:22 18:17 28:15 28:24 29:2 57:12 57:13 57:15 57:20 | | **equitably**(2) 48:13 78:8 | |
| **desert**(2) 44:9 44:11 | | | | | | **equities**(2) 91:16 97:10 | |
| **despite**(1) 107:2 | | **distinguish**(3) 49:18 69:22 101:25 | | | | **equity**(2) 68:19 68:23 | |
| **destroyed**(1) 107:15 | | **distort**(1) 29:21 | | **during**(6) 26:24 27:1 32:24 33:16 64:12 67:5 | | **equivalent**(1) 73:5 | |
| **detailed**(1) 48:21 | | **distributed**(1) 36:3 | | | | **eric**(2) 2:39 9:25 | |
| **determination**(3) 36:1 80:22 86:14 | | **distributing**(2) 20:20 21:5 | | **duty**(1) 73:18 | | **erroneous**(10) 45:20 45:24 45:25 47:5 54:25 60:3 60:3 60:4 62:9 63:8 | |
| **determine**(7) 33:14 83:19 84:6 87:10 90:1 90:3 92:24 | | **distribution**(28) 18:24 19:9 19:16 19:17 20:1 21:11 21:12 22:8 22:19 23:20 23:23 24:4 24:23 27:10 35:8 38:9 38:15 39:8 39:22 40:5 40:12 42:20 53:7 53:17 54:13 54:18 57:10 88:1 | | **each**(5) 30:7 61:24 63:16 72:17 103:6 | | | |
| | | | | **earlier**(3) 21:21 38:22 71:6 | | **error**(9) 64:23 67:22 78:2 94:1 94:3 96:25 97:19 104:11 105:4 | |
| | | | | **early**(1) 60:12 | | | |
| **determined**(8) 32:12 68:15 84:20 86:11 87:4 100:2 105:11 105:22 | | | | **easier**(1) 96:5 | | | |
| | | | | **easily**(1) 47:23 | | **especially**(2) 57:3 59:22 | |
| | | **distributions**(6) 20:3 30:1 42:12 55:1 57:2 87:25 | | **easy**(1) 106:2 | | **esq**(111) 1:25 1:26 1:33 2:5 2:6 2:13 2:14 2:15 2:21 2:27 2:33 2:39 2:45 3:3 3:4 3:5 3:12 3:13 3:19 3:20 3:21 3:22 3:28 3:36 3:42 3:43 4:2 4:3 4:9 4:10 4:18 4:19 4:24 4:31 4:37 4:43 5:2 5:17 5:22 5:23 5:24 5:28 5:29 5:30 5:35 5:39 5:43 6:3 6:4 6:8 6:12 6:13 6:14 6:15 6:16 6:17 6:18 6:19 6:31 6:32 6:33 6:37 6:42 7:4 7:5 7:9 7:17 7:25 7:29 7:34 7:38 7:45 8:2 8:6 8:10 8:14 8:19 8:24 8:26 8:31 8:36 8:38 8:43 8:47 9:4 9:8 9:12 9:17 9:21 9:25 9:30 9:35 9:40 10:3 10:9 10:10 10:14 10:18 10:22 10:27 10:31 10:35 10:39 11:14 11:22 11:26 11:30 11:38 11:46 12:6 12:14 | |
| **detriment**(1) 79:6 | | | | **eat**(1) 56:2 | | | |
| **deutsch**(1) 5:23 | | **district**(7) 1:2 24:18 71:2 71:8 73:16 105:10 105:11 | | **economy**(1) 90:10 | | | |
| **deutsche**(3) 11:9 26:10 26:13 | | | | **ecro**(1) 1:38 | | | |
| **develop**(1) 101:18 | | | | **effect**(4) 21:10 26:24 68:17 86:1 | | | |
| **deviate**(1) 92:4 | | **divergent**(1) 100:5 | | **effective**(2) 26:17 88:14 | | | |
| **device**(2) 53:10 55:2 | | **divided**(1) 96:13 | | **effectively**(12) 19:10 48:13 48:18 77:6 84:9 84:25 85:5 90:11 91:15 99:20 101:3 104:16 | | | |
| **devices**(1) 54:5 | | **divine**(2) 52:18 55:20 | | | | | |
| **dewey**(2) 3:35 8:18 | | **doctrine**(2) 72:13 72:20 | | **effort**(1) 23:12 | | | |
| **diamond**(1) 5:43 | | **document**(12) 28:23 29:8 29:9 29:14 29:14 35:15 52:12 54:8 54:8 55:21 56:25 64:16 | | **egi**(4) 25:20 25:24 33:18 33:19 | | | |
| **diaz**(1) 1:40 | | | | **egi-trb**(8) 2:26 9:20 61:22 62:4 63:17 93:10 96:18 99:11 | | | |
| **dictates**(2) 19:4 23:19 | | | | | | | |
| | | | | **egregious**(2) 78:9 78:23 | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|------|-----------|------|-----------|
| essence(4) 19:4 19:18 77:13 98:22 | | facilitated(3) 69:9 75:25 82:2 | | flipping(1) 20:15 | | from(75) 17:9 19:1 19:15 20:4 21:13 |
| essential(1) 74:12 | | facility(1) 50:24 | | floor(1) 2:8 | | 21:24 22:25 23:12 26:8 26:23 27:9 27:10 |
| essentially(12) 19:8 49:12 70:12 77:22 | | fact(41) 14:18 31:6 34:24 35:2 35:5 35:12 | | flow(2) 42:10 42:15 | | 27:18 28:24 31:12 31:12 32:23 33:8 35:16 |
| 77:25 78:4 78:7 78:22 79:10 80:18 95:12 | | 36:5 37:2 38:14 38:22 40:2 46:9 46:13 | | flowed(1) 84:16 | | 37:11 40:11 44:13 48:22 49:1 52:18 55:16 |
| 98:12 | | 47:5 47:6 49:4 50:20 50:21 50:25 53:9 | | focus(5) 45:12 47:17 51:15 51:17 74:22 | | 56:18 57:16 62:12 63:18 65:17 67:11 |
| establish(1) 87:1 | | 56:7 57:6 62:8 62:25 70:7 77:19 78:15 | | focused(1) 19:7 | | 67:13 68:2 68:9 68:10 68:25 69:9 69:15 |
| established(3) 52:20 91:11 95:23 | | 79:24 82:11 85:23 86:6 87:1 91:2 93:17 | | focusing(1) 33:10 | | 69:20 71:5 71:5 71:15 71:15 71:16 71:19 |
| establishing(1) 86:9 | | 93:19 94:5 94:6 96:9 96:21 102:3 105:8 | | foisted(1) 61:7 | | 71:25 72:10 72:11 72:14 72:15 72:24 |
| estate(22) 26:22 30:22 30:24 32:12 33:1 | | | | follow(5) 19:17 53:15 54:14 65:7 75:21 | | 74:15 74:15 75:1 75:7 75:10 75:15 76:15 |
| 36:2 36:19 36:22 48:8 48:15 48:23 56:22 | | faint(1) 33:6 | | followed(1) 47:24 | | 81:8 81:10 81:10 81:11 82:2 84:3 84:16 |
| 57:4 62:15 62:18 62:21 62:22 62:24 63:1 | | fair(13) 18:12 25:9 82:7 87:10 88:4 89:16 | | following(4) 16:12 18:22 59:2 68:1 | | 85:12 86:14 87:14 92:4 99:13 99:14 |
| 85:25 86:20 104:20 | | 98:11 98:15 100:2 104:14 105:1 105:2 | | follows(3) 22:2 35:19 54:20 | | 100:24 104:14 109:6 |
| | | 107:11 | | footnote(7) 49:4 49:5 62:14 95:2 95:2 | | |
| estate's(1) 52:5 | | fairly(3) 47:4 98:8 98:19 | | 96:17 108:3 | | fuks(1) 9:35 |
| estates(2) 49:22 50:1 | | fairness(5) 68:23 95:19 101:6 105:7 105:1 | | | | full(19) 15:4 15:11 16:9 30:5 30:7 31:21 |
| ester(1) 6:37 | | fallon(1) 6:3 | | for(221) 1:2 1:24 2:4 2:12 2:26 2:38 2:44 | | 31:25 32:10 46:18 68:17 75:1 79:11 80:15 |
| estop(1) 71:15 | | familiar(1) 101:23 | | 3:1 3:11 3:34 4:1 4:16 4:29 4:36 5:1 5:7 | | 80:15 84:10 84:13 85:1 88:1 97:16 |
| estopped(1) 71:19 | | far(2) 84:16 88:10 | | 5:15 5:33 5:38 6:1 6:6 6:11 6:30 6:40 7: | | |
| estoppel(2) 71:11 79:7 | | fargo(1) 7:24 | | 7:7 7:20 7:24 7:28 7:32 7:37 7:41 7:43 | | fully(4) 47:4 60:16 61:1 101:19 |
| ethereal(1) 51:23 | | farr(2) 10:16 10:17 | | 8:1 8:13 8:17 8:23 8:29 8:34 8:41 8:46 | | fund(2) 10:7 42:12 |
| evan(1) 6:32 | | fashion(1) 48:6 | | 9:1 9:7 9:11 9:15 9:20 9:24 9:28 9:33 | | fundamental(2) 7:32 7:33 |
| even(20) 27:21 27:24 29:7 29:10 35:11 | | fashioning(1) 78:16 | | 9:38 10:1 10:6 10:13 10:16 10:21 10:25 | | funding(1) 61:2 |
| 37:4 38:21 39:22 49:18 54:21 59:2 62:10 | | fault(11) 72:17 73:2 73:3 73:14 74:9 80:3 | | 10:30 10:34 10:38 10:42 10:46 11:1 11:5 | | funds(4) 39:21 58:12 58:14 58:15 |
| 63:10 72:7 76:4 76:8 78:13 85:10 85:23 | | 89:23 90:1 90:4 97:4 97:4 | | 11:9 11:13 11:17 11:21 11:25 11:29 11:33 | | fungible(1) 49:9 |
| 95:17 | | | | 11:37 11:41 11:45 12:1 12:5 12:9 12:13 | | further(5) 54:21 81:2 98:23 107:21 108:8 |
| event(16) 16:23 18:8 26:18 26:25 28:8 | | favor(6) 32:25 73:15 91:16 97:10 100:8 | | 12:17 12:21 13:7 13:8 13:16 13:17 13:24 | | furthermore(1) 79:8 |
| 28:8 38:2 38:16 38:12 38:13 38:22 65:18 | | 104:3 | | 14:8 14:23 15:3 15:4 15:6 15:15 16:15 | | gain(1) 40:24 |
| 83:22 83:23 85:7 85:24 | | | | 16:18 18:5 20:7 20:15 21:14 24:18 24:20 | | gallagher(2) 10:17 10:17 |
| | | feature(1) 23:11 | | 25:8 25:22 26:11 26:15 26:20 27:16 28:10 | | garrison(1) 8:42 |
| ever(7) 15:8 32:16 62:22 83:22 83:23 91:9 | | fed(1) 46:25 | | 29:19 30:21 31:8 31:17 31:22 32:7 32:8 | | garvan(2) 4:24 26:8 |
| 99:17 | | federal(26) 89:6 89:10 89:14 91:23 92:11 | | 32:14 34:7 34:12 38:25 41:3 41:21 41:22 | | gary(1) 6:27 |
| | | 92:19 92:24 94:13 94:15 94:17 95:13 | | 41:24 44:4 48:12 48:19 49:24 50:5 50:8 | | gather(1) 46:19 |
| every(4) 26:16 55:6 68:4 89:25 | | 96:12 96:20 96:20 97:22 98:21 99:22 | | 50:8 50:23 51:9 51:18 51:24 51:24 55:22 | | gathering(1) 20:6 |
| everyone(2) 13:4 19:14 | | 100:6 100:7 100:9 100:14 100:19 101:7 | | 56:2 57:8 58:4 58:5 58:8 58:8 58:15 59:11 | | gaughan(2) 11:9 11:10 |
| everything(3) 22:10 55:11 55:17 | | 102:1 107:1 108:5 | | 59:18 60:5 61:11 61:22 64:21 65:5 65:11 | | gave(3) 32:15 32:16 55:24 |
| 55:3 68:7 77:4 79:18 80:6 | | | | 66:2 66:13 66:15 67:12 67:19 67:21 69:4 | | gavin(1) 5:17 |
| evidence(10) 33:13 33:14 33:16 47:7 52:25 | | feel(3) 44:8 44:10 55:10 | | 72:17 72:20 73:3 73:4 73:8 73:13 73:14 | | gecker(1) 7:3 |
| evidentiary(4) 52:17 52:20 61:13 64:8 | | fees(3) 58:13 58:16 72:7 | | 73:16 73:17 73:18 74:3 74:12 74:24 75:10 | | gee(1) 50:4 |
| exact(2) 23:2 37:22 | | feld(5) 3:2 7:16 13:8 66:10 67:13 | | 75:14 76:1 77:20 80:21 81:7 82:22 83:9 | | general(6) 16:21 37:14 42:14 78:13 80:20 |
| exactly(6) 24:2 24:15 29:12 35:21 36:22 | | festivities(1) 13:18 | | 83:24 84:7 84:14 84:15 85:14 86:3 86:16 | | 94:9 |
| 88:21 | | few(4) 17:22 20:13 50:16 107:3 | | 86:18 86:24 87:2 87:13 87:14 87:20 88:3 | | |
| | | fiduciary(1) 73:18 | | 88:4 88:5 88:10 88:13 89:8 89:24 91:12 | | generally(3) 51:14 56:24 78:20 |
| examiner(3) 80:4 99:15 99:19 | | field(1) 34:22 | | 92:15 92:20 93:12 93:21 94:3 99:21 99:23 | | genesis(2) 84:3 84:18 |
| example(14) 32:15 32:17 35:23 73:16 | | fight(2) 43:21 103:3 | | 99:25 100:2 101:2 101:14 101:19 102:15 | | gentilotti(2) 4:23 26:8 |
| 82:13 85:14 86:3 86:24 87:14 89:8 92:15 | | fights(2) 103:11 103:12 | | 102:17 103:7 103:13 103:14 103:16 104:1 | | george(3) 6:8 101:12 108:9 |
| 102:15 103:7 107:14 | | figure(1) 106:7 | | 104:2 104:4 104:9 105:25 107:14 108:8 | | gerber(1) 9:54 |
| | | figuring(1) 96:11 | | | | get(29) 16:25 21:12 21:24 30:2 31:21 |
| except(2) 59:4 59:8 | | file(1) 41:16 | | force(4) 26:24 29:20 68:17 82:7 | | 47:1 49:8 54:18 58:2 58:2 58:14 63:17 |
| exceptions(1) 78:12 | | filed(3) 26:9 34:14 42:24 | | foregoing(2) 38:3 109:5 | | 78:1 79:22 85:25 86:1 86:21 91:10 94:12 |
| exchange(1) 94:11 | | filing(4) 36:3 36:11 62:20 86:24 | | forget(4) 54:1 54:1 54:2 54:3 | | 96:12 99:12 108:16 |
| exclusion(1) 57:9 | | final(2) 32:2 80:23 | | form(5) 18:19 72:6 100:23 102:24 103:11 | | |
| excuse(3) 25:11 41:13 73:19 | | finally(9) 15:10 25:6 63:13 65:2 79:19 | | forman(1) 1:31 | | gets(1) 27:2 |
| exercise(1) 31:17 | | 90:22 91:19 102:24 107:4 | | former(4) 4:29 6:6 | | getting(2) 61:17 82:24 |
| exercising(1) 65:17 | | | | forms(1) 74:12 | | gift(1) 61:10 |
| exhibit(1) 33:16 | | financial(1) 70:5 | | formulating(1) 92:16 | | give(6) 29:20 58:20 61:10 72:3 81:25 |
| exist(1) 86:10 | | find(5) 16:20 54:24 57:17 97:8 101:4 | | formulations(1) 92:13 | | 107:25 |
| existed(3) 29:2 29:4 86:7 | | finding(15) 43:11 69:2 69:3 69:10 69:16 | | forth(6) 14:1 36:4 42:15 51:2 82:19 92:20 | | |
| existence(1) 26:25 | | 71:9 72:23 78:9 78:9 78:23 78:24 79:3 | | fortiori(1) 105:1 | | give-and-take(1) 33:11 |
| existing(1) 96:3 | | 80:19 88:3 104:14 | | forward(3) 53:21 79:21 96:23 | | given(3) 23:25 37:24 97:7 |
| exists(1) 57:25 | | | | found(17) 16:7 18:14 65:9 65:9 69:14 | | giving(4) 24:5 71:20 88:14 101:3 |
| expect(1) 17:6 | | findings(1) 73:22 | | 69:18 71:11 73:23 74:23 79:2 80:17 89:22 | | glatt(2) 4:36 34:12 |
| expectations(2) 51:25 52:11 | | finger(1) 4:8 | | 97:24 99:15 99:16 99:19 102:5 | | glib(1) 50:5 |
| expected(1) 87:19 | | firm(1) 99:2 | | | | goes(8) 19:25 22:20 36:12 39:2 48:11 53:5 |
| expert(2) 52:10 102:16 | | first(29) 16:21 16:24 17:1 17:14 18:14 | | foundation(2) 9:2 9:3 | | 53:21 65:13 |
| explained(1) 102:22 | | 22:3 27:8 32:9 33:21 36:5 39:20 41:8 | | four(2) 18:1 33:15 | | |
| explicitly(2) 58:5 64:20 | | 41:18 45:9 54:17 69:4 72:25 74:22 83:12 | | fox(2) 2:38 7:9 | | going(35) 15:17 17:9 27:6 29:9 33:18 |
| exposure(1) 99:17 | | 84:6 88:11 90:3 90:8 93:18 94:3 103:13 | | framework(3) 31:9 43:19 62:9 | | 34:24 43:21 44:2 44:16 45:4 45:19 53:23 |
| expressly(3) 68:11 71:13 85:22 | | 103:20 105:2 105:3 | | frank(4) 7:3 7:4 7:20 7:21 | | 54:23 55:15 56:5 58:18 62:1 66:12 66:24 |
| ext(1) 7:6 | | | | frankel(1) 5:33 | | 66:24 67:1 79:16 83:8 87:15 88:22 95:17 |
| extended(1) 51:3 | | fit(1) 55:13 | | frankly(3) 43:8 45:7 53:3 | | 95:18 96:12 102:10 106:7 106:9 106:11 |
| extensively(1) 93:20 | | fits(1) 40:13 | | fraud(1) 87:18 | | 106:12 107:5 108:21 |
| extent(13) 14:9 41:17 43:5 64:17 65:22 | | fix(2) 67:7 108:19 | | fraudulent(19) 32:5 36:21 40:17 41:2 | | |
| 75:2 76:17 77:13 82:6 82:8 85:15 101:24 | | flag(1) 55:2 | | 47:16 47:17 47:25 48:13 49:19 49:24 62: | | goldfarb(1) 5:30 |
| 104:23 | | flatly(1) 37:17 | | 69:19 71:18 73:1 73:4 73:9 74:24 85:13 | | goldman(3) 6:1 6:2 11:14 |
| extinguished(1) 70:19 | | flies(1) 54:25 | | 86:2 | | gone(1) 36:5 |
| f.3d(1) 108:3 | | | | fraudulently(2) 36:7 74:25 | | good(13) 13:4 13:5 13:7 13:25 26:6 34:10 |
| face(4) 64:11 64:16 96:19 105:18 | | | | free(1) 54:25 | | 41:6 61:21 66:9 81:3 83:6 99:1 99:10 |
| faces(2) 28:19 | | | | freed(1) 85:13 | | goldman(3) 6:1 6:2 11:14 |
| | | | | friedman(4) 4:16 7:8 10:2 26:7 | | gordon(2) 2:14 5:16 11:13 |

| Word | Page:Line |
|---|---|
| gosh(1) | 108:18 |
| got(8) | 21:13 21:14 34:1 54:20 61:25 80:11 104:8 106:15 |
| gotshal(1) | 8:23 |
| govern(3) | 92:7 106:1 106:9 |
| governanc(1) | 61:3 |
| governing(1) | 18:1 |
| governs(2) | 106:4 106:8 |
| graeme(1) | 5:28 |
| grammatical(2) | 29:1 55:9 |
| grand(1) | 3:37 |
| granfinanciera(2) | 47:20 48:9 |
| grant(2) | 8:31 104:15 |
| granted(3) | 42:18 67:21 73:17 |
| gray(2) | 11:21 11:21 |
| great(5) | 10:8 55:8 81:13 81:20 102:12 |
| greatly(1) | 63:18 |
| greenfield(5) | 4:37 34:10 34:11 47:12 47:13 |
| gregory(1) | 7:9 |
| greissman(1) | 7:25 |
| grippo(1) | 6:7 |
| ground(2) | 73:19 73:20 |
| grounds(1) | 69:23 |
| group(5) | 7:3 9:7 9:7 11:5 11:5 |
| gruszka(1) | 7:34 |
| guaranteed(1) | 87:25 |
| guarantees(1) | 72:6 |
| guardian(1) | 48:5 |
| guess(4) | 18:5 52:18 57:7 101:15 |
| guff(2) | 10:34 10:34 |
| guide(1) | 92:23 |
| guidepost(1) | 105:25 |
| guiney(1) | 7:38 |
| gump(6) | 3:2 7:16 13:8 66:10 67:13 83:7 |
| gut(2) | 53:19 55:12 |
| had(30) | 14:15 18:5 28:24 30:18 32:13 33:19 40:1 46:3 47:4 64:25 66:23 66:23 70:15 70:20 71:1 74:5 74:9 80:14 84:20 89:22 90:13 94:7 97:16 97:18 97:19 97:20 98:3 98:10 99:16 101:17 |
| hadley(1) | 12:5 |
| hadn't(1) | 80:6 |
| halcyon(2) | 9:33 9:34 |
| hale(1) | 11:13 |
| halfway(1) | 20:14 |
| hallmark(3) | 96:3 97:6 97:7 |
| hand(4) | 16:10 51:22 65:12 104:23 |
| handed(1) | 58:22 |
| handing(1) | 55:5 |
| handle(1) | 47:5 |
| handout(1) | 37:23 |
| happen(6) | 38:14 51:4 54:10 56:5 66:24 78:22 |
| happened(1) | 54:11 |
| happening(1) | 29:12 |
| happens(3) | 22:20 22:20 23:21 |
| happy(4) | 44:20 60:5 100:25 |
| hard(3) | 15:7 45:7 97:7 |
| harris(1) | 68:21 |
| harrisburg(1) | 1:42 |
| has(57) | 17:8 17:18 17:19 19:14 21:1 25:7 25:7 25:12 26:4 27:11 27:25 28:17 28:24 29:7 29:15 35:6 35:10 37:24 38:8 38:17 40:4 40:4 45:6 47:2 47:3 47:3 51:22 56:23 61:12 62:8 62:10 65:8 74:23 74:24 75:20 76:1 76:21 77:7 78:14 78:23 80:10 80:24 82:4 83:20 90:19 90:23 95:5 95:7 95:20 96:8 98:3 98:5 98:6 101:19 104:6 105:11 |
| hasn't(1) | 30:11 |
| hasn't(3) | 87:3 92:19 105:22 |
| hauer(5) | 3:2 7:16 13:8 66:10 67:13 |
| have(160) | 14:19 15:2 15:23 16:1 16:8 18:5 18:23 19:7 20:16 21:20 22:16 24:7 24:16 25:9 25:20 25:21 26:2 28:21 29:11 29:14 30:18 30:18 33:19 34:6 35:3 35:11 35:17 36:3 36:4 37:4 37:5 37:8 37:9 37:14 37:17 38:20 39:5 39:15 39:18 40:2 43:19 43:20 45:3 46:7 47:8 47:24 50:17 51:11 52:9 52:10 52:10 52:11 52:12 52:13 52:23 53:1 54:16 54:16 54:24 56:20 57:4 58:7 58:16 59:10 59:12 59:12 59:14 60:1 60:5 60:7 60:8 61:24 62:19 62:21 63:4 63:15 63:23 64:10 64:15 65:6 69:1 69:7 69:11 71:14 73:7 75:3 75:12 76:2 76:7 76:21 76:25 77:3 77:3 79:9 79:18 79:20 79:24 80:2 80:19 81:2 81:12 81:17 82:14 82:19 83:1 85:25 86:1 86:21 91:5 91:8 91:11 92:2 92:3 92:5 92:5 92:6 92:12 92:15 92:23 92:25 94:5 94:6 94:7 95:18 95:19 96:1 96:5 96:10 96:21 96:22 97:14 97:22 98:10 98:16 98:18 98:23 98:23 99:1 100:4 100:16 100:20 100:22 101:24 103:3 103:3 103:5 103:11 103:12 105:10 105:11 105:12 105:15 106:7 106:10 106:12 106:2 107:1 107:16 107:16 107:19 |
| haven't(1) | 98:2 |
| having(7) | 29:10 54:7 54:8 54:8 66:4 66:5 97:23 |
| hazeltine(1) | 2:20 |
| head(1) | 52:17 |
| healthy(1) | 86:18 |
| hear(6) | 33:20 50:10 52:6 101:9 101:12 108:15 |
| heard(2) | 97:23 101:10 |
| hearing(16) | 33:21 70:23 71:9 71:25 86:24 95:19 95:21 95:24 97:3 98:9 98:14 104:1 105:7 105:12 109:2 109:3 |
| hearken(1) | 52:21 |
| heck(1) | 103:12 |
| heiligman(1) | 7:5 |
| held(7) | 29:22 70:3 71:3 71:23 84:5 90:10 99:19 |
| help(4) | 16:12 54:6 60:22 99:4 |
| helpful(5) | 67:9 84:23 107:25 |
| here(16) | 14:10 14:12 15:6 18:21 20:21 23:18 24:16 24:22 25:3 26:10 27:16 27:25 28:1 28:21 29:10 29:11 29:13 29:19 29:20 29:23 30:20 31:19 31:23 37:9 39:2 41:1 41:19 42:2 46:13 51:7 51:19 53:12 53:19 53:25 54:3 54:15 57:20 59:13 59:14 63:6 63:11 64:22 65:3 67:24 69:3 70:3 71:14 72:4 74:1 75:20 78:22 79:3 79:18 80:13 84:8 88:12 89:17 92:25 95:16 96:5 96:20 98:5 99:12 105:7 105:16 |
| here's(2) | 34:23 50:24 |
| herein(1) | 40:8 |
| high(4) | 13:25 45:17 67:19 77:2 |
| highlighted(2) | 16:16 54:9 |
| highly(3) | 35:25 99:15 |
| him(1) | 29:6 |
| his(5) | 47:15 64:17 80:7 94:2 106:16 |
| hits(1) | 18:25 |
| hold(3) | 19:12 29:23 |
| holder(2) | 39:18 65:16 |
| holders(8) | 19:12 56:13 58:5 58:8 58:15 61:6 65:12 65:20 |
| holding(3) | 18:10 31:3 75:18 |
| holdings(1) | 74:14 |
| holliday(1) | 11:18 |
| honor(154) | 13:7 13:12 13:15 13:24 14:11 14:22 15:4 15:16 15:19 16:5 16:8 16:15 16:19 17:21 19:7 21:6 22:3 23:10 23:16 24:3 25:6 25:19 26:6 27:22 29:17 33:17 33:19 34:6 34:10 34:14 34:18 34:21 35:9 35:18 35:21 36:10 37:20 37:23 37:24 38:21 40:15 40:16 41:6 41:13 41:14 42:1 42:3 42:13 42:15 42:17 42:24 43:5 43:6 43:11 43:15 43:15 43:23 43:25 44:5 44:3 44:7 44:11 44:16 44:21 44:24 45:2 45:3 45:6 45:18 46:7 46:7 47:9 50:13 50:22 52:2 52:8 52:19 53:10 54:7 54:10 57:14 59:20 60:3 60:5 60:9 60:12 60:21 61:21 61:22 61:25 62:1 62:14 63:13 63:21 63:24 65:9 66:2 66:9 66:12 66:19 67:12 67:18 67:23 67:25 72:5 75:4 76:20 76:23 77:3 81:3 81:5 82:4 82:16 82:17 83:4 83:6 83:8 83:11 84:2 84:17 84:20 85:22 86:4 86:11 87:8 87:9 88:3 91:20 91:25 93:7 93:12 98:15 98:24 99:1 99:10 99:12 101:11 101:19 103:18 104:2 104:13 105:5 105:22 105:24 106:11 106:18 107:7 107:15 107:22 107:24 108:6 108:9 |
| honor's(9) | 20:15 35:25 41:12 42:19 43:8 45:23 49:5 54:23 60:2 |
| honorable(1) | 1:19 |
| honor's(4) | 62:5 63:7 88:7 105:17 |
| hope(2) | 82:3 108:18 |
| hopefully(1) | 35:21 |
| horribles(2) | 52:1 107:4 |
| host(1) | 51:14 |
| hot(1) | 103:23 |
| hotly(1) | 17:2 |
| hours(1) | 46:21 |
| how(25) | 13:12 15:7 16:4 16:25 21:2 24:2 29:5 29:22 32:17 32:17 34:24 34:24 57:6 60:17 62:2 62:18 77:8 83:21 88:21 92:12 92:21 92:24 96:11 102:14 102:21 |
| howard(1) | 3:21 |
| huff(4) | 68:21 69:14 78:18 79:9 |
| huh(1) | 18:5 |
| hundreds(2) | 52:24 52:25 |
| hurdles(4) | 80:1 80:12 85:24 86:20 |
| hurley(11) | 3:4 66:17 83:6 83:7 92:14 93:6 94:2 94:12 103:18 107:18 107:21 |
| hutz,llp(1) | 4:30 |
| hypothesis(1) | 17:9 |
| hypotheticals(3) | 50:4 50:7 87:15 |
| i'd(6) | 14:5 18:5 30:10 31:14 50:13 51:20 |
| i'll(10) | 13:14 19:7 19:19 20:12 20:15 25:19 39:1 41:18 45:2 51:4 |
| i'm(16) | 20:4 26:3 26:10 27:4 27:5 30:1 33:18 34:11 41:6 44:16 44:19 45:4 45:19 58:1 60:5 61:17 |
| i've(2) | 25:4 51:15 |
| idea(3) | 48:12 102:9 102:24 |
| identified(2) | 92:1 102:22 |
| if/then(2) | 53:8 53:9 |
| ignore(2) | 95:15 97:16 |
| igor(1) | 9:35 |
| illinois(1) | 103:8 |
| illustrating(1) | 67:8 |
| illustrative(1) | 108:20 |
| imagine(1) | 15:7 |
| immediately(1) | 53:6 |
| impacts(1) | 44:20 |
| impair(1) | 65:14 |
| impair...th(1) | 56:12 |
| impaired(1) | 68:18 |
| imperfect(2) | 91:5 91:8 |
| impermissibly(1) | 76:14 |
| implicated(1) | 75:12 |
| implications(2) | 106:18 106:24 |
| implied(3) | 72:4 73:18 73:19 |
| import(3) | 23:7 29:20 29:23 |
| importance(1) | 95:11 |
| important(19) | 19:24 26:15 27:7 27:8 27:8 28:6 28:6 43:12 45:19 45:21 45:24 46:12 46:13 51:7 57:15 58:23 65:2 90:8 95:16 |
| importantly(1) | 69:13 |
| impose(3) | 84:4 94:19 95:20 |
| imposed(1) | 84:25 |
| imposes(1) | 91:8 |
| imposing(1) | 105:19 |
| improper(2) | 69:7 73:21 |
| imputation(4) | 80:10 81:22 81:24 82:22 |
| imputed(1) | 82:25 |
| inapposite(1) | 89:8 |
| inc(2) | 8:5 12:13 |
| include(6) | 17:11 20:5 25:14 39:8 57:24 65:15 |
| included(9) | 20:18 23:8 31:6 31:7 35:18 40:21 61:2 69:16 70:18 |
| includes(5) | 20:8 20:13 20:24 23:12 38:9 |
| including(2) | 39:4 61:3 |
| inconsistent(2) | 28:23 94:20 |
| incorporate(1) | 41:20 |
| incorrect(3) | 26:19 32:4 72:25 |
| incorrectly(1) | 48:10 |
| indebtedness(10) | 19:13 24:14 24:16 28:25 39:6 39:10 39:14 56:21 65:13 65:21 |
| indeed(3) | 68:10 69:17 78:15 |
| indenture(54) | 15:5 15:22 16:7 16:9 16:17 17:6 17:11 17:24 18:10 18:24 19:13 20:10 23:2 23:10 24:15 25:10 25:17 27:13 27:13 28:20 28:21 29:18 31:21 31:25 32:1 32:18 33:9 33:11 33:15 42:6 44:13 44:15 44:15 45:18 46:19 50:14 51:2 51:16 57:24 58:13 59:1 59:3 59:8 59:15 60:16 60:17 61:1 61:15 62:3 62:4 63:11 63:17 63:19 64:14 65:19 |
| indentures(2) | 51:17 63:16 |
| indicate(1) | 95:5 |
| indicated(2) | 41:16 66:24 |
| indication(1) | 55:2 106:23 |
| indiscerible(1) | 55:23 |
| indiscernible(3) | 40:23 51:17 78:5 |
| indisputable(1) | 74:11 |
| indisputably(1) | 73:24 |
| individually(2) | 55:19 63:16 |
| individuals(1) | 20:12 |
| inequity(1) | 57:25 |
| inform(2) | 54:6 54:13 |
| informed(2) | 47:5 59:23 |
| initial(3) | 77:15 87:24 93:16 |
| initially(1) | 64:25 |
| injustice(9) | 67:22 75:21 78:2 82:14 94:1 94:3 96:25 97:2 97:8 |
| innocent(2) | 91:14 107:12 |
| insiders(1) | 80:11 |
| insofar(1) | 63:1 |
| insolvency(2) | 22:7 74:3 |
| insolvent(1) | 73:6 |
| instance(3) | 27:12 29:15 29:25 30:7 90:3 91:17 93:18 97:10 |
| instances(1) | 72:20 |
| instead(2) | 86:18 89:22 |
| instinct(2) | 53:20 55:12 |
| institute(1) | 98:18 |
| instruction(1) | 16:3 |
| instructive(1) | 70:11 |
| insurmountabl(3) | 13:25 45:17 67:20 |
| integrate(1) | 58:10 |
| integrated(1) | 77:12 |

| Word | Page:Line |
|---|---|

**integration**(6) 58:6 58:10 58:25 65:3 65:8 80:24

**intend**(3) 57:9 67:7 108:19

**intended**(9) 22:14 22:21 54:6 57:20 58:17 64:18 65:10 65:14 65:15

**intent**(6) 26:21 43:17 52:1 52:14 52:16

**intention**(1) 29:24

**intentional**(1) 87:18

**interest**(2) 18:23 56:17

**interested**(3) 7:37 9:15 108:22

**interesting**(2) 24:1 92:14

**interestingly**(3) 38:2 39:1 58:9

**interposing**(1) 47:7

**interpret**(2) 26:23 64:11

**interpretation**(14) 16:1 17:23 21:2 21:3 22:14 24:12 26:20 34:20 35:11 36:16 40:20 54:14 61:15

**interpreted**(3) 37:18 38:18 60:2

**interpreting**(1) 36:8

**into**(12) 17:12 23:1 26:25 33:13 33:13 33:16 35:11 42:11 42:17 53:6 68:4 73:10

**intriguing**(1) 92:10

**invalid**(1) 68:15

**invalidated**(2) 68:18 68:20

**invalidation**(1) 68:12

**investigating**(1) 80:5

**investigation**(2) 80:8 80:8

**investment**(2) 7:33 7:33

**investors**(2) 12:21 12:21

**involuntarily**(1) 61:17

**involve**(5) 24:12 70:13 90:18 90:19 96:5

**involved**(8) 52:13 69:1 73:20 89:10 91:16 93:4 95:10 103:5

**irrelevant**(2) 46:6 61:6

**irrespective**(1) 90:2

**isn't**(2) 40:2 55:15

**isn't**(4) 78:10 78:21 83:14 84:16

**isolate**(1) 55:16

**isolated**(1) 15:13

**issue**(60) 13:11 13:16 15:10 15:16 17:18 18:8 24:13 24:15 25:1 25:19 25:21 27:23 30:15 33:12 37:19 42:9 43:2 43:16 43:24 44:3 46:7 46:22 46:23 47:2 47:3 47:3 50:19 55:18 61:23 63:6 64:9 64:15 64:24 66:1 67:2 67:15 67:17 69:4 73:10 73:21 79:12 80:15 82:4 82:19 82:22 84:18 84:19 93:9 93:18 93:20 93:24 94:15 95:7 96:4 96:6 99:13 101:17 103:20 103:24 104:6

**issues**(21) 13:26 14:7 15:5 15:11 34:18 43:4 43:7 45:22 46:5 61:24 61:24 66:25 67:8 80:5 86:3 86:4 86:7 103:12 104:8 104:8 107:9

**it's**(66) 13:12 13:26 14:3 14:18 16:16 17:3 18:1 18:12 19:7 20:9 20:20 21:14 21:17 24:1 25:3 26:15 27:24 28:10 28:11 28:13 30:13 32:11 32:13 33:8 33:10 34:24 35:9 35:12 36:24 37:3 37:11 37:17 41:13 42:8 42:15 42:22 44:22 45:7 45:21 46:6 46:13 46:17 46:17 47:23 49:9 49:15 49:17 49:18 50:5 50:21 53:3 53:10 53:19 55:8 55:9 55:9 55:11 56:1 58:1 58:5 59:21 59:22 59:22 59:24 59:25

**item**(1) 55:22

**iterated**(1) 53:14

**its**(19) 18:19 18:25 24:22 29:14 31:3 32:20 34:13 43:16 51:2 56:22 57:19 61:14 63:10 70:22 71:9 71:16 78:15 102:5

**itself**(13) 15:3 15:14 21:17 25:15 28:24 33:9 45:13 50:14 52:19 53:22 55:21 55:24 57:17

| Word | Page:Line |
|---|---|

**it's**(34) 63:5 64:21 65:7 65:16 65:23 71:7 77:24 78:3 80:13 80:25 81:3 81:22 83:3 83:12 83:23 87:3 87:4 88:22 89:6 93:3 93:8 93:20 95:16 96:17 97:7 97:7 98:6 98:15 102:3 102:13 105:13 105:23 106:2 106:10

**i'd**(2) 66:18 67:2

**i'll**(6) 61:23 66:3 67:15 93:10 103:18 105:14

**i'm**(15) 61:25 66:3 66:4 66:5 66:12 66:21 82:20 83:8 93:9 94:17 102:15 105:20 107:18 107:21 108:12

**i've**(2) 84:16 105:14

**james**(3) 1:25 3:28 3:36

**jane**(1) 8:36

**jason**(2) 7:17 10:31

**jay**(3) 5:2 41:13 41:13

**jeffrey**(1) 4:31

**jenner**(3) 2:26 9:20 99:11

**jennifer**(1) 12:18

**jessica**(1) 6:12

**jillian**(1) 6:17

**jim**(2) 76:23 93:7

**john**(1) 9:4

**johnston**(4) 3:36 46:3 46:15 46:24

**join**(2) 41:22 46:23

**joinder**(1) 32:16

**joinders**(2) 34:14 34:14

**joined**(4) 47:3 47:3 56:8 82:19

**joins**(1) 77:23

**joint**(5) 26:9 60:15 91:9 91:13 91:18

**jointly**(1) 1:6

**jones**(4) 6:32 11:1 11:1 11:33

**joseph**(1) 7:4

**jpmorgan**(1) 11:25

**judge**(10) 1:19 1:20 29:4 36:25 37:7 48:3 48:3 48:21 50:6 102:9

**judges**(1) 55:8

**judgment**(53) 73:17 76:9 83:10 83:13 83:20 83:25 84:10 84:12 85:1 85:7 86:24 87:4 87:5 88:5 88:10 88:16 88:21 88:22 89:2 89:4 89:12 89:16 90:2 90:6 90:20 90:24 90:24 91:10 91:22 92:3 92:6 92:8 92:12 92:18 92:21 92:24 93:1 93:15 94:19 95:22 98:9 100:1 100:8 100:16 101:7 104:3 105:19 105:20 106:3 106:8 106:13 106:19 106:22

**judgments**(1) 83:21

**judicata**(1) 71:12

**judicial**(2) 71:11 90:10

**juncture**(2) 66:21 96:1

**june**(1) 46:11

**junior**(1) 39:7

**juniors**(4) 31:20 31:24 36:14 37:16

**jurisdictions**(1) 102:20

**jury**(1) 48:19

**just**(43) 16:17 16:21 17:3 21:17 22:19 26:19 28:15 29:8 30:11 34:17 34:18 36:1 37:8 40:25 47:17 50:25 51:7 55:19 58:21 58:21 63:23 66:20 67:1 67:6 75:25 77:25 80:2 80:21 81:5 82:7 82:12 82:18 82:19 83:11 98:14 99:3 99:4 103:18 106:15 107:9 107:18 107:19 108:22

**justice**(1) 55:7

**justification**(2) 80:13 80:21

**justifies**(1) 81:24

**justify**(1) 77:4

**justifying**(1) 79:2

**juxtapose**(1) 29:1

**kalenchits**(2) 7:41 7:41

**kaplan**(1) 7:8

**karen**(1) 5:39

**kasowitz**(3) 4:16 10:2 26:7

**katharine**(1) 2:5

**katten**(1) 9:3

| Word | Page:Line |
|---|---|

**kaye**(1) 8:35

**keep**(3) 56:1 58:14 93:11

**keeps**(1) 107:10

**kelly**(1) 109:11

**kempner**(1) 5:38

**kendall**(1) 95:5

**kenneth**(1) 9:8

**keriann**(1) 6:19

**kevin**(2) 1:19 1:26

**key**(3) 14:4 68:6 77:7

**kim**(1) 8:14

**kind**(9) 15:8 34:22 35:1 37:11 48:20 56:25 87:4 103:13 107:4

**kinds**(1) 104:22

**king**(4) 2:8 4:12 4:25 4:44

**kjc**(1) 1:5

**knew**(4) 56:23 57:6 57:6 79:15

**know**(25) 34:3 35:14 41:19 42:4 45:14 50:3 50:18 50:19 55:22 56:15 57:7 58:22 60:15 62:18 82:18 87:16 88:21 96:16 98:4 102:15 102:16 104:18 105:23 106:6 108:2

**knowingly**(3) 69:19 71:20 72:5

**knowledge**(3) 70:4 79:12 79:13

**knows**(1) 41:14

**kovensky**(1) 7:45

**krakauer**(1) 6:15

**kramer**(2) 5:33 5:33

**kristie**(1) 10:39

**labelon**(10) 68:21 69:14 69:17 70:2 70:3 72:9 78:19 79:9 79:13 79:14

**lafferty**(4) 72:19 73:12 74:2 74:14

**landis**(2) 3:11 3:12

**language**(12) 15:25 20:22 21:25 28:18 28:18 35:13 37:25 38:9 50:17 50:18 51:2 53:6 54:21 57:14 58:6 58:10 62:3 78:18 78:19 78:19

**lantry**(1) 1:26

**largely**(1) 47:12

**larger**(2) 46:25 57:19

**largest**(1) 70:16

**last**(21) 14:16 23:18 24:6 24:9 24:19 24:25 25:6 25:19 37:21 38:18 41:19 54:4 54:5 55:5 55:13 55:15 59:6 77:19 82:20 100:11 94:11

**later**(7) 36:12 46:10 68:25 70:25 95:24 97:5 98:9

**latham**(1) 8:1

**latin**(2) 57:8 58:23

**laughter**(5) 31:18 44:12 50:12 66:7 67:4

**laundry**(1) 20:11

**law**(71) 4:16 10:1 16:1 26:9 26:12 47:7 47:16 47:17 47:24 49:1 50:7 50:8 50:9 57:25 62:7 62:21 63:8 64:23 65:18 67:20 68:18 75:18 75:20 78:12 78:10 78:20 80:20 89:6 91:21 91:21 91:24 92:5 92:7 92:12 92:19 92:23 92:24 93:1 94:15 94:18 95:8 96:3 96:25 97:3 97:9 98:1 98:21 99:2 99:7 99:23 100:6 100:6 100:10 100:18 100:24 101:8 102:2 102:10 103:4 103:6 103:8 103:9 103:12 103:4 105:20 106:1 106:4 106:7 106:8

**laws**(3) 91:25 92:2 93:2

**lawsuit**(1) 52:5

**lawyers**(1) 51:9

**lays**(1) 95:9

**layton**(1) 4:8

**lbo**(41) 66:14 68:3 68:8 69:7 69:8 72:5 72:6 72:7 72:8 72:8 72:10 72:11 72:14 73:7 74:11 74:12 74:15 74:19 75:12 75:16 75:19 75:24 75:25 76:5 76:7 76:13 76:14 76:18 81:14 81:18 81:23 82:1 82:2 82:10 82:2 82:10 82:11 84:15 84:16 85:11 86:16

**lead**(5) 22:8 24:25 25:2 41:1 63:11

**lead-in**(1) 57:3

| Word | Page:Line |
|---|---|

**leading**(2) 13:14 74:6

**leads**(1) 25:3

**least**(13) 14:14 29:3 42:1 58:17 73:1 73:6 78:6 85:17 88:25 89:5 93:1 102:18 103:5

**leboeuf**(2) 3:35 8:18

**leeway**(1) 92:12

**left**(2) 34:4 53:3

**legal**(5) 62:1 62:2 62:9 63:7 67:22

**legislatures**(1) 93:3

**legitimate**(1) 106:25

**lemay**(1) 3:19

**lender**(8) 51:10 51:12 51:25 69:2 69:19 81:8 81:10 102:18

**lenders**(29) 2:38 3:35 5:16 68:3 68:8 69:8 72:5 72:7 72:10 72:14 74:11 74:15 74:19 75:13 75:15 75:25 76:7 76:18 78:8 79:6 79:15 81:14 81:18 81:23 82:1 82:2 82:10 102:16 102:17

**lenders'**(6) 66:14 75:16 75:18 76:5 81:21 82:11

**length**(1) 37:2

**lengths**(1) 55:8

**lengthy**(1) 77:20

**leonard**(1) 1:32

**less**(2) 73:4 88:16

**let**(4) 39:4 47:17 60:23 100:21

**let's**(3) 39:17 56:1 56:2

**letting**(2) 101:14 103:16

**let's**(1) 66:8

**level**(1) 4:25

**levels**(1) 39:16

**levin**(2) 5:33 5:33

**lewis**(1) 10:8

**lexi**(1) 6:3

**lexington**(1) 4:4

**liability**(4) 20:12 86:9 89:24 100:19

**liable**(4) 74:23 91:12 99:16 99:19

**liebentritt**(1) 5:8

**liens**(1) 70:18

**like**(25) 17:22 18:3 20:5 27:20 28:15 30:11 37:19 44:8 44:10 44:20 45:5 50:13 50:25 51:7 51:20 51:23 55:10 66:18 66:25 67:2 79:9 80:14 91:14 93:11 106:10

**likely**(4) 76:4 76:10 79:23 99:19

**liking**(1) 47:6

**limitation**(1) 20:19

**limited**(5) 20:12 22:15 28:11 28:12 89:14

**limits**(3) 105:18 105:21 105:24

**lines**(2) 20:4 52:15

**liquidating**(4) 20:4 21:3 22:17 28:2

**liquidation**(3) 16:23 26:23 72:18

**list**(2) 20:11 20:14

**listed**(1) 31:16

**listened**(1) 52:14

**listening**(1) 77:23

**lists**(1) 20:2

**litigate**(2) 80:15 97:17

**litigated**(4) 52:23 52:24 52:24 76:8

**litigation**(43) 14:3 15:24 17:7 19:21 20:6 23:11 23:12 42:3 43:9 46:25 51:14 52:22 53:2 62:24 63:2 66:15 67:15 67:16 68:5 68:9 69:5 69:10 72:14 74:13 74:20 75:23 76:4 76:8 76:12 76:18 77:8 81:14 81:19 82:5 82:9 85:14 86:8 87:12 87:12 87:14 87:20 90:19 92:17

**litigations**(1) 79:21

**little**(8) 44:19 57:12 57:13 57:19 66:21 67:7 79:20 94:12

**living**(1) 51:9

**llc**(8) 1:40 2:20 6:7 7:20 9:16 9:20 11:5 34:13

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **llp**(28) 1:24 3:2 3:18 3:41 4:17 5:1 5:21 5:27 5:34 5:38 7:3 7:16 8:1 8:9 8:13 8:18:23 8:35 8:42 9:3 9:24 10:8 10:13 10:17 10:38 10:42 11:21 11:29 | | **martin**(3) 2:13 3:4 11:22 <br> **massachusetts**(1) 103:8 <br> **materially**(1) 85:5 <br> **matter**(11) 16:1 51:21 77:15 79:17 93:17 101:21 101:22 102:3 102:15 104:12 109:7 | | **mind**(2) 91:9 108:17 <br> **minimum**(2) 91:10 101:5 <br> **minkove**(1) 11:25 11:26 <br> **minute**(2) 14:16 19:19 <br> **misapprehende**(2) 14:13 64:22 <br> **misapprehension**(1) 14:4 | | **near**(1) 75:22 <br> **necessarily**(3) 32:25 62:20 69:6 <br> **necessary**(4) 63:5 67:21 92:6 105:24 <br> **need**(6) 28:19 34:3 45:20 53:3 93:23 93:25 <br> **needs**(2) 26:3 100:15 | |
| **loan**(6) 50:21 51:1 51:3 56:4 68:2 70:20 <br> **loans**(3) 70:13 70:19 71:2 <br> **locked**(1) 25:24 <br> **lodge**(1) 4:30 <br> **loizides**(2) 4:42 4:43 <br> **long**(2) 41:12 64:3 <br> **longer**(2) 32:22 33:3 <br> **look**(18) 15:16 20:10 29:19 29:19 45:22 46:1 49:12 56:16 57:14 59:1 79:1 95:1 95:6 96:16 102:3 103:25 105:8 108:2 | | **mattered**(1) 90:8 <br> **matters**(2) 28:9 28:10 <br> **matthew**(5) 4:19 7:13 7:20 7:21 11:38 <br> **mauceri**(1) 10:9 <br> **mauro**(1) 8:6 <br> **max's**(2) 64:19 64:24 <br> **maxim**(1) 25:1 <br> **may**(35) 13:15 15:2 16:8 23:24 25:21 25:21 30:8 30:17 30:18 31:23 39:3 39:9 43:24 44:6 45:3 46:10 51:13 60:5 60:8 60:10 60:23 63:24 69:11 72:2 72:3 74:19 75:6 75:24 76:18 82:17 84:11 103:11 105:18 107:20 107:25 | | **misdirection**(1) 33:8 <br> **misguided**(1) 69:4 <br> **missed**(1) 14:9 <br> **missing**(1) 57:16 <br> **mistake**(1) 97:2 <br> **mitch**(2) 66:17 83:6 <br> **modified**(3) 19:17 24:20 38:16 <br> **modifier**(2) 23:7 24:7 <br> **modifiers**(1) 24:8 <br> **modifies**(1) 23:20 <br> **modify**(2) 22:9 55:19 <br> **modifying**(1) 57:2 <br> **moloney**(1) 10:14 <br> **moment**(4) 20:15 28:16 58:17 60:8 <br> **moments**(1) 107:3 | | **negotiated**(4) 61:2 61:5 63:16 88:17 <br> **negotiating**(1) 97:14 <br> **neither**(4) 48:8 78:2 90:16 94:2 <br> **never**(10) 14:19 30:15 31:6 31:11 32:25 34:20 48:15 49:10 51:16 106:23 <br> **nevertheless**(3) 73:24 85:20 102:5 <br> **new**(10) 2:17 3:7 3:24 4:5 4:21 10:6 11:33 47:7 77:17 103:8 <br> **newman**(11) 3:5 66:9 66:10 66:22 67:2 67:13 77:2 77:17 77:21 82:16 82:20 | |
| **looked**(1) 90:5 <br> **looking**(4) 31:2 45:21 55:21 93:21 <br> **looks**(2) 37:23 41:9 <br> **los**(2) 3:38 4:39 <br> **lose**(4) 50:20 50:21 50:25 100:25 <br> **lot**(9) 27:25 36:18 43:4 45:6 51:17 80:4 80:9 93:24 107:5 | | | | **money**(8) 24:18 24:20 36:11 42:15 49:9 49:9 49:13 80:4 | | **newton**(1) 81:5 <br> **next**(4) 19:6 21:6 22:23 83:2 <br> **night**(1) 37:21 <br> **nikov**(1) 11:34 <br> **nobody**(1) 89:11 <br> **nodded**(1) 60:13 | |
| **lots**(2) 16:2 23:5 <br> **ludwig**(1) 6:17 <br> **lugano**(1) 1:38 <br> **lump**(1) 67:1 <br> **lynch**(1) 8:34 <br> **lyondell**(1) 76:3 | | **mayer**(2) 2:5 8:9 <br> **mccarter**(1) 2:4 <br> **mccloy**(1) 12:5 <br> **mccormack**(1) 5:24 <br> **mccormick**(1) 9:1 <br> **mccutchen**(2) 10:13 10:13 <br> **mcdaniel**(2) 4:24 26:8 <br> **mcdermott**(7) 89:19 90:4 90:5 101:25 102:4 105:8 105:8 | | **moneys**(10) 34:24 34:25 35:2 48:22 48:23 48:24 48:25 49:23 49:24 58:19 <br> **moniker**(2) 49:6 49:11 <br> **montenegros**(1) 10:3 <br> **month**(1) 46:10 <br> **mood**(1) 31:14 | | **nodding**(2) 60:13 60:19 <br> **nomura**(2) 11:41 11:41 <br> **non**(4) 76:12 86:24 87:6 97:12 <br> **non-bankruptcy**(2) 23:13 38:12 <br> **non-borrower**(1) 59:17 <br> **non-consensual**(1) 101:3 | |
| **machine**(1) 52:23 <br> **macquarie**(2) 12:9 12:9 <br> **made**(25) 11:27 28:17 28:17 30:2 30:8 39:5 39:6 60:12 62:10 64:7 70:13 70:20 71:1 71:10 75:11 77:17 77:18 77:18 79:5 80:1982:20 82:21 97:23 103:19 108:13 | | **mean**(14) 38:4 38:6 39:12 42:4 42:5 47:2 56:16 79:25 80:24 92:14 94:7 95:25 106:10 106:20 | | **more**(22) 13:20 19:24 24:7 27:18 33:8 35:23 53:10 54:6 56:2 72:7 76:21 78:12 80:8 87:23 88:24 89:16 90:15 90:20 93:19 96:18 99:19 105:15 | | **non-consenting**(3) 84:5 84:6 89:17 <br> **non-debtor**(2) 84:5 84:6 <br> **non-lbo**(5) 68:3 69:11 76:6 82:7 87:23 <br> **non-settled**(1) 87:21 <br> **non-settling**(15) 83:15 83:20 84:9 84:11 85:2 85:7 85:8 86:25 87:20 91:1 91:11 91:17 95:25 98:2 98:7 | |
| **madlyn**(1) 8:38 <br> **maglan**(2) 10:21 10:21 <br> **maintain**(1) 33:2 <br> **major**(1) 85:9 <br> **majority**(1) 61:6 <br> **make**(17) 18:13 22:23 25:13 25:19 40:3 49:16 56:8 71:1 73:12 73:22 79:22 80:16 83:11 83:18 89:15 98:12 104:12 | | **meaning**(7) 27:12 27:25 29:15 30:19 55:20 56:23 57:21 <br> **means**(7) 29:8 35:21 39:13 56:19 57:7 87:19 102:16 <br> **meant**(4) 56:9 56:23 56:24 57:9 | | **moreover**(1) 73:12 <br> **morgan**(9) 2:44 4:1 8:13 8:23 10:8 50:23 76:1 79:24 99:3 <br> **morning**(1) 62:4 <br> **moskowitz**(4) 4:2 50:22 99:1 99:2 <br> **moskowitz's**(1) 51:8 | | **none**(4) 47:8 69:13 77:16 83:14 <br> **nonsensical**(1) 55:17 <br> **nor**(1) 78:10 <br> **normalizing**(1) 79:10 <br> **normally**(1) 24:8 <br> **norman**(1) 1:33 | |
| **makes**(15) 21:24 23:6 23:10 27:16 28:3 28:12 36:2 52:7 55:10 57:10 63:8 67:16 95:14 96:4 105:17 | | **measure**(1) 94:19 <br> **mechanics**(2) 61:3 61:4 <br> **mechanism**(8) 53:8 83:24 88:5 88:10 96:9 106:3 106:13 106:17 | | **moss**(1) 11:30 <br> **most**(13) 15:20 26:14 27:7 27:7 27:8 28:6 65:2 69:13 90:8 92:9 101:15 105:17 107:11 | | **north**(8) 2:8 2:22 2:28 2:40 4:12 4:25 4:32 5:9 | |
| **making**(7) 46:22 51:1 56:12 64:10 77:16 95:3 97:16 | | **mechanisms**(1) 106:22 <br> **meisel**(1) 1:31 <br> **member**(1) 34:11 <br> **menachem**(1) 10:10 <br> **mention**(2) 30:11 37:20 <br> **mentioned**(2) 30:11 100:11 <br> **mere**(1) 82:11 <br> **merit**(1) 73:22 <br> **merrill**(1) 8:34 <br> **mess**(1) 33:25 <br> **message**(1) 34:1 <br> **met**(2) 77:3 103:14 <br> **metaphor**(1) 32:3 <br> **method**(6) 66:15 88:10 88:21 89:12 90:7 93:15 | | **mostly**(2) 16:7 67:2 <br> **motion**(10) 26:10 41:24 66:13 66:18 67:19 67:20 73:17 83:8 88:13 103:15 <br> **motions**(2) 13:10 41:22 <br> **mountain**(1) 72:20 <br> **movants**(5) 43:1 46:11 46:19 50:3 52:22 <br> **move**(3) 19:6 66:8 96:22 <br> **moved**(1) 48:16 <br> **moving**(3) 14:11 15:18 35:10 <br> **much**(8) 28:18 36:23 47:14 52:7 83:21 88:16 88:21 109:1 | | **not**(181) 13:25 14:6 14:16 15:1 15:11 17:10 18:18 19:2 19:16 19:24 20:8 21:1 21:10 22:17 22:21 23:4 23:8 23:20 25:16 25:21 25:22 25:24 25:25 26:2 26:2 26:5 26:19 26:24 27:5 28:10 28:11 29:18 29:19 29:19 30:12 31:5 31:22 33:18 34:8 35:18 36:7 36:15 36:19 36:20 36:20 37:1 37:3 37:20 38:16 40:7 40:8 41:7 43:24 44:22 45:10 45:17 45:19 45:23 45:25 46:19 47:2 47:6 47:6 47:18 47:18 47:23 48:1 48:6 48:7 48:19 49:19 49:21 49:22 49:25 50:2 50:8 51:15 52:5 52:21 55:3 55:22 57:1 59:4 59:10 59:16 59:22 59:22 60:4 61:9 61:17 62:2 62:4 62:6 62:11 62:18 62:24 62:25 63:1 63:5 63:14 63:19 63:20 64:3 64:5 64:25 65:6 65:7 65:14 65:15 66:4 67:7 67:19 68:12 69:1 69:21 69:25 70:2 71:22 73:2 73:14 73:22 74:10 75:5 75:17 75:18 75:20 75:24 76:8 76:15 76:22 77:3 77:3 77:24 78:19 79:7 79:8 79:9 79:17 80:2 80:11 80:12 80:13 81:18 82:1 82:4 82:7 82:19 82:20 82:24 83:25 84:23 87:16 89:4 89:7 91:15 93:12 93:18 94:3 94:4 94:5 96:24 97:10 97:14 98:15 98:16 100:25 101:18 101:18 101:20 102:2 102:13 102:15 102:21 103:11 103:20 104:8 105:12 105:20 105:23 106:10 108:19 | |
| **maman**(1) 9:40 <br> **man**(2) 44:8 44:10 <br> **managed**(1) 34:13 <br> **management**(18) 3:2 7:8 7:12 8:18 8:30 8:30 9:29 9:29 9:34 9:34 10:26 10:26 11:17 12:17 12:17 13:9 34:13 74:5 | | | | **muchin**(1) 9:3 <br> **multiple**(1) 28:14 <br> **musical**(1) 13:19 <br> **must**(10) 29:17 29:23 30:7 40:8 40:16 41:11 49:8 50:9 60:4 84:6 | | |
| **mandated**(2) 89:5 90:20 <br> **mandatory**(1) 89:6 <br> **manges**(1) 8:23 <br> **manifest**(9) 67:22 75:21 78:2 82:13 94:1 94:3 96:25 97:2 97:8 | | **michael**(3) 4:3 6:25 8:26 <br> **michelle**(1) 9:40 <br> **michigan**(1) 5:9 <br> **might**(10) 15:22 17:18 22:17 23:5 60:13 79:25 85:1 87:6 94:6 108:2 | | **myers**(1) 6:30 <br> **myrick**(1) 6:16 <br> **myself**(1) 51:23 <br> **nachman**(1) 8:31 <br> **naftalis**(1) 5:33 | | **note**(10) 13:15 24:1 45:24 46:12 46:13 57:13 57:15 66:3 101:23 102:3 | |
| **manner**(1) 15:13 <br> **many**(9) 17:9 28:6 40:25 48:20 48:20 48:21 52:15 56:7 106:25 | | **mike**(1) 11:46 <br> **miles**(1) 6:13 <br> **millbank**(1) 12:5 <br> **miller**(1) 9:15 <br> **million**(7) 35:24 36:2 36:5 42:11 68:2 68:2 87:24 | | **nail**(2) 32:2 59:6 <br> **naked**(1) 16:17 <br> **name**(2) 24:9 108:1 <br> **nameless**(1) 51:12 <br> **narrow**(1) 31:3 <br> **narrower**(1) 57:20 <br> **natural**(2) 17:5 51:18 <br> **nature**(1) 78:12 | | **noted**(1) 102:4 | |
| **marc**(3) 3:22 5:22 12:2 <br> **mark**(1) 11:18 <br> **market**(7) 1:11 2:22 2:34 2:40 3:14 51:25 52:11 | | | | | | | |
| **marketed**(1) 72:8 <br> **markets**(1) 52:1 <br> **marry**(1) 56:14 <br> **marsal**(3) 7:20 12:13 12:13 | | **mills**(1) 6:19 | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **noteholder**(16) 15:3 24:2 60:15 66:11 66:13 67:14 74:18 76:16 84:25 87:13 101:16 101:24 102:25 103:25 104:2 104:15 | | **one**(42) 1:27 3:6 4:11 5:3 23:4 24:9 27:7 28:5 32:15 33:20 36:20 37:20 38:10 41:1 46:10 53:15 56:9 56:12 57:18 57:19 60:15 60:18 61:16 64:22 65:12 66:20 66:25 67:6 68:7 68:12 73:9 73:11 88:23 91:8 93:3 95:13 95:14 95:21 100:11 104:9 105:15 106:14 | | **overarching**(1) 16:21 **overcome**(2) 80:12 80:12 **overlay**(1) 37:17 **overlooked**(2) 14:12 15:2 **overriding**(2) 18:13 25:5 **overruled**(1) 24:19 **overwhelm**(1) 87:5 **own**(4) 24:1 24:22 24:22 61:10 **owns**(1) 32:7 | | **paul**(1) 8:41 **pay**(7) 32:20 35:3 56:13 58:16 59:16 59:18 87:25 | |
| **noteholders**(19) 14:15 14:19 77:24 80:14 83:7 83:13 84:9 84:22 85:21 87:6 88:15 88:24 91:14 91:19 91:24 93:17 102:13 103:10 107:13 | | | | | | **payable**(1) 39:9 **paying**(2) 17:18 102:17 **payment**(50) 17:18 19:9 19:15 19:16 19:21 19:22 19:25 20:22 21:12 21:17 21:18 21:21 21:25 22:17 23:8 23:20 23:22 23:22 24:3 24:22 27:20 28:1 28:2 28:2 28:3 28:9 28:10 28:10 28:11 28:13 30:3 30:8 30:23 32:8 32:14 35:16 35:20 38:15 38:16 38:19 38:23 39:8 39:9 39:11 40:8 40:9 52:3 53:4 65:23 68:3 | |
| **noteholders'**(1) 97:11 **noteholder's**(2) 69:23 83:24 | | **oneal**(1) 6:25 **ones**(2) 49:15 55:8 **onex**(1) 7:43 7:44 | | **p.a**(1) 1:32 **p.m**(5) 1:15 13:1 67:11 67:11 109:3 **page**(13) 16:21 18:17 20:10 21:7 46:17 63:4 65:9 80:6 87:22 95:2 104:2 108:2 108:3 | | | |
| **notes**(14) 24:17 24:21 58:22 59:10 61:6 65:16 65:23 66:16 88:1 88:2 | | | | | | **payment...by**(1) 56:10 **payments**(35) 19:1 20:3 21:11 22:24 22:25 23:3 23:5 23:12 30:2 31:11 31:12 35:20 38:24 39:5 39:17 53:13 54:25 56:3 56:5 56:7 56:9 56:12 56:14 56:17 56:17 56:24 57:2 57:11 70:20 70:25 71:1 71:6 71:10 | |
| **noteworthy**(1) 17:15 **nothing**(12) 16:16 22:10 32:1 33:24 52:13 53:1 54:6 55:9 60:25 76:21 81:2 107:21 | | **onto**(2) 22:20 102:11 **open**(2) 31:15 42:9 **opening**(1) 64:17 | | **pages**(8) 43:10 46:18 46:20 46:20 48:21 62:5 99:5 100:12 | | | |
| **nothing...shal**(2) 56:11 56:12 **notion**(1) 53:20 69:8 82:21 **notwithstanding**(11) 21:9 34:25 35:19 37:25 38:3 38:5 38:8 38:11 38:23 45:3 54:21 | | **operating**(2) 27:1 50:7 **operative**(1) 22:6 **opinion**(4) 14:14 14:18 14:23 76:20 **opportunities**(1) 46:8 | | **paid**(23) 19:20 20:3 20:24 27:2 27:20 30:4 30:5 30:7 31:21 31:24 31:25 32:4 34:25 35:2 37:16 39:19 39:23 49:2 49:13 58:3 70:21 78:7 89:1 | | **peg**(1) 11:2 **pen**(1) 44:17 **pending**(2) 33:24 103:1 **pennock**(1) 8:43 **pennsylvania**(1) 1:42 **penumbra**(5) 53:11 54:2 54:11 55:12 55:12 **people**(9) 27:10 35:15 42:2 46:7 52:12 58:7 79:24 98:18 108:21 | |
| **novod**(1) 2:14 **now**(44) 14:19 17:5 17:21 19:14 23:16 27:4 27:10 30:16 32:15 33:20 34:24 37:19 38:4 38:13 39:1 39:20 41:23 46:6 47:12 50:11 51:20 54:16 58:6 71:7 72:12 72:22 76:1 77:23 79:1 79:12 82:3 82:8 84:2 86:18 88:4 89:9 90:4 95:21 100:3 102:10 103:3 105:14 106:6 107:4 | | **opportunity**(10) 47:4 46:15 80:16 97:17 97:18 97:19 97:20 98:3 101:17 108:1 **opposed**(3) 30:17 44:17 48:23 **opposite**(3) 19:18 23:2 74:21 **oral**(1) 77:18 **orally**(2) 45:8 97:21 **orange**(1) 4:32 | | **paper**(2) 14:7 102:25 **papers**(11) 22:13 23:16 25:20 27:6 27:22 34:4 43:8 46:12 57:23 64:20 102:12 **parades**(1) 52:1 **paragraph**(4) 54:20 54:22 57:3 **paragraphs**(2) 16:5 16:6 **paraphrase**(1) 39:3 **parcel**(1) 43:14 **parent**(1) 42:6 | | **peoria**(1) 59:18 **percent**(6) 26:11 26:12 26:12 26:13 68:4 87:18 **perfect**(1) 82:13 **perfectly**(4) 13:13 25:3 51:18 106:25 **perhaps**(8) 38:21 52:25 60:14 62:10 62:16 67:5 76:4 100:18 | |
| **nowhere**(1) 63:6 **number**(3) 35:17 47:24 104:7 **numbers**(1) 100:17 **numerous**(4) 102:17 102:18 106:20 106:21 **nutshell**(1) 59:14 **o'melveny**(1) 6:30 | | **orchestrate**(1) 41:8 **order**(29) 14:14 31:2 41:7 66:18 66:22 67:17 78:21 83:3 83:9 83:13 84:12 84:24 93:13 93:16 97:14 98:17 98:18 99:14 99:23 102:8 102:8 102:11 103:22 104:15 | | **pari**(11) 32:21 72:13 72:15 72:25 73:13 73:23 74:14 79:19 79:23 79:25 81:7 | | **period**(3) 77:20 86:18 104:10 **permission**(1) 66:11 **permitted**(4) 65:17 74:10 76:15 77:15 **pernick**(1) 1:33 **person**(8) 20:9 20:11 20:18 20:24 20:24 21:2 21:13 21:15 | |
| **oaktree**(1) 8:17 **objection**(2) 99:6 99:13 **objections**(1) 30:10 **objectors**(3) 88:13 89:6 90:17 **obligated**(2) 33:2 70:21 **obligation**(2) 32:22 58:16 | | **ordinary**(3) 23:21 27:2 92:4 **organize**(1) 45:4 **original**(1) 42:21 **originally**(4) 40:12 40:18 91:23 **originated**(3) 39:23 40:11 40:19 | | **park**(2) 3:6 5:39 **parke**(2) 3:18 5:21 **parse**(1) 39:12 **part**(21) 13:16 13:18 14:4 14:12 19:19 32:11 38:22 41:18 42:11 43:12 43:13 47:11 52:21 68:19 69:19 77:7 77:10 80:17 92:10 93:15 98:22 | | **persons**(1) 22:17 **perspective**(3) 99:13 99:14 100:24 **persuasive**(2) 18:16 102:5 **pertains**(4) 100:5 100:9 100:17 101:7 **peter**(4) 7:34 8:14 9:30 74:17 **petition**(9) 27:19 27:20 30:16 31:4 48:1 49:21 50:1 52:3 52:7 | |
| **obligations**(5) 27:14 27:18 30:23 56:13 **observation**(2) 23:1 28:5 **observes**(1) 105:9 **obstacles**(1) 86:9 **obtain**(3) 84:11 85:1 87:6 **obviated**(1) 46:7 **obvious**(1) 19:2 **obviously**(5) 85:9 87:3 88:11 103:21 104:7 | | **other**(59) 16:10 17:12 17:11 17:15 19:1 19:1 20:9 20:21 20:24 21:19 22:5 22:11 22:16 22:24 23:4 23:13 23:24 24:17 24:20 25:4 34:18 35:11 37:12 37:19 39:10 39:11 41:21 42:6 42:12 49:15 51:20 52:6 52:13 54:5 55:2 55:7 57:22 58:20 59:23 61:3 61:23 61:24 70:6 70:8 76:24 78:6 79:7 79:21 81:11 84:3 87:11 87:13 90:9 92:22 94:5 96:6 104:13 104:23 108:24 | | **participate**(1) 103:16 **participated**(8) 69:16 69:20 70:23 73:25 74:5 74:9 75:9 81:9 **participates**(3) 68:24 70:5 78:4 **participating**(1) 68:9 **participation**(9) 66:14 69:21 70:9 71:3 71:9 75:19 76:6 81:21 82:11 | | **persons**(2) 22:17 **particular**(11) 17:19 25:25 46:22 48:11 48:20 57:18 63:11 93:14 93:24 95:11 103:9 **particularly**(6) 37:3 42:7 84:17 87:7 88:8 100:13 | |
| **occasion**(1) 28:25 **occur**(1) 87:16 **occurred**(1) 84:14 **occurs**(1) 83:22 **och**(1) 74:14 **odd**(5) 30:21 31:9 32:17 64:9 66:8 **off**(5) 13:14 44:19 46:4 70:21 97:3 **offered**(2) 68:7 86:22 **office**(1) 6:30 | | **other,"**(1) 65:13 **others**(5) 13:23 48:24 75:11 79:24 100:12 **otherwise**(9) 19:11 20:23 23:15 25:14 30:3 32:19 61:7 65:17 71:21 | | **parties**(37) 14:5 15:20 15:24 16:1 16:6 16:10 19:7 19:12 25:8 26:22 30:17 32:6 32:16 33:14 35:10 43:17 51:13 52:14 64:10 64:15 65:5 70:6 75:7 76:14 79:22 85:12 86:5 86:25 87:2 95:25 96:6 99:15 98:18 102:18 103:23 104:16 104:14 | | **petri**(1) 54:1 55:16 **phone**(5) 25:18 63:19 65:16 101:15 103:16 **phones**(36) 13:16 14:16 15:22 16:24 17:6 19:10 19:11 19:18 20:23 21:11 21:12 21:20 25:7 25:11 27:20 28:22 39:13 39:15 39:16 39:18 39:25 58:5 58:8 58:15 58:21 61:6 61:22 62:3 65:4 65:12 65:23 66:15 67:8 88:2 108:13 108:19 | |
| **officers**(3) 6:17 93:10 107:14 **official**(4) 3:11 5:20 48:5 72:18 **ohc**(3) 72:17 73:12 73:16 **okay**(24) 13:12 13:24 14:11 14:22 15:8 20:17 34:6 34:9 41:9 41:10 41:12 41:13 45:15 56:2 56:6 59:2 63:25 64:6 66:8 67:9 94:23 101:12 108:21 108:24 | | **ought**(5) 36:7 37:18 40:23 41:3 77:24 **our**(37) 16:19 24:1 27:22 35:23 37:20 42:8 42:24 43:18 44:4 49:16 57:23 61:10 61:15 64:20 68:20 83:16 83:23 84:5 88:13 98:15 99:13 99:13 99:14 99:17 99:24 100:5 100:6 100:12 100:24 100:25 102:7 102:12 102:25 104:12 104:16 105:4 | | **parties'**(1) 64:23 **partners**(11) 5:42 6:41 6:41 7:44 7:44 8:46 8:46 10:30 10:30 11:45 11:45 **parts**(1) 45:5 **party**(14) 7:37 9:15 40:19 59:7 59:9 59:11 59:15 59:17 68:23 73:3 101:2 101:5 103:25 104:2 | | **phrase**(10) 23:19 23:22 29:19 33:7 54:3 54:12 55:24 58:23 103:2 106:15 **phrases**(1) 24:2 **pick**(2) 29:18 94:4 **pickering**(1) 11:13 **piece**(1) 68:12 **piecemeal**(1) 80:25 **pieces**(3) 48:23 52:25 55:3 **place**(10) 23:4 36:13 44:17 44:17 59:4 79:15 81:3 91:15 95:24 107:13 | |
| **old**(1) 32:18 **olivia**(1) 8:6 **omission**(1) 58:23 **once**(3) 13:21 18:25 32:9 | | **ourselves**(1) 60:16 83:17 101:4 **out**(26) 19:20 23:25 24:5 24:11 26:22 29:18 32:19 34:4 36:6 37:21 43:2 43:6 51:22 53:25 55:5 59:18 71:8 78:17 80:25 95:9 96:11 97:5 103:1 103:10 106:7 108:16 | | **parver**(1) 8:36 **passing**(1) 63:9 **passu**(12) 32:21 **patchwork**(2) 100:20 100:21 **path**(2) 52:2 93:2 **patterson**(1) 7:37 | | **placed**(2) 91:13 91:14 **places**(1) 56:7 **placing**(1) 91:17 **plain**(2) 20:22 38:19 | |
| | | **outcome**(1) 63:6 **outside**(2) 21:22 28:4 **outstanding**(1) 39:14 **outweigh**(1) 61:12 **over**(17) 17:19 25:9 30:4 30:4 39:19 39:23 53:4 53:13 54:19 58:22 58:25 59:4 59:19 60:14 70:24 85:25 86:1 86:21 103:3 103:11 103:12 | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| plains(1) 5:4 | | precluded(7) 68:8 69:2 69:17 69:24 71:5 72:24 75:19 | | proponent(1) 15:4 | | raise(4) 34:18 93:17 101:17 102:25 | |
| plaintiff(6) 72:15 72:16 73:13 73:15 80:11 88:14 | | | | proponents(22) 46:14 46:23 66:11 67:14 68:5 68:10 69:1 69:22 71:7 72:22 73:7 74:16 74:19 76:16 76:24 87:9 87:15 93:8 99:6 101:16 101:24 103:1 | | raised(11) 33:19 43:7 82:6 102:12 103:2 103:7 103:21 103:25 104:6 104:9 107:6 | |
| | | precludes(3) 72:13 72:15 74:15 | | | | | |
| plaintiffs(9) 61:8 73:20 73:24 74:8 84:9 85:1 85:10 87:20 89:17 | | precluding(1) 75:14 | | | | randall(1) 10:35 | |
| | | precursor(2) 53:6 54:12 | | proponents'(1) 66:13 | | range(4) 84:21 85:22 86:12 86:13 | |
| plaintiff's(1) 81:18 | | predecessors(1) 45:5 | | proportion(2) 89:23 90:1 | | rath(2) 3:11 3:13 | |
| plan(52) 13:10 14:23 15:3 15:9 21:8 24:2 24:2 24:4 41:20 42:12 42:13 42:19 42:21 42:22 46:14 46:23 47:1 60:15 61:2 61:7 66:11 66:13 67:14 68:1 68:5 68:8 68:11 68:12 68:13 68:14 68:15 68:17 68:19 69:22 71:7 72:22 73:7 74:16 74:19 76:16 76:24 80:24 86:11 87:8 87:15 87:22 93:8 99:5 101:16 101:24 102:25 | | predicated(1) 61:4 | | proportional(10) 84:1 88:21 89:4 89:16 90:13 90:15 90:20 90:20 104:3 106:19 107:8 | | rather(6) 14:13 70:3 71:12 71:25 73:3 78:11 | |
| | | preferentially(1) 36:6 | | | | | |
| | | preliminaries(1) 50:16 | | | | ratification(5) 71:12 71:14 71:20 72:3 72:4 | |
| | | preliminary(2) 51:21 52:11 | | proportionate(10) 83:10 90:4 90:24 93:15 94:4 96:3 97:6 98:9 100:8 101:6 | | ratified(3) 71:10 71:18 79:11 | |
| | | premised(2) 71:8 75:24 | | | | ratify(1) 72:1 | |
| | | prepared(1) 44:18 | | | | rational(1) 41:1 | |
| | | presence(1) 81:23 | | proposal(1) 98:12 | | rationale(1) 102:5 | |
| play(3) 17:12 29:1 73:10 | | present(8) 67:24 70:2 79:3 79:8 89:16 89:17 97:19 105:25 | | proposed(2) 42:25 61:8 | | reach(3) 26:3 63:6 63:19 | |
| players(1) 74:12 | | | | proposing(2) 95:20 96:10 | | reached(2) 38:20 54:7 | |
| playful(1) 31:14 | | | | proposition(7) 16:23 17:3 62:7 62:9 78:11 79:18 94:9 | | read(34) 23:1 29:18 37:17 37:21 39:4 42:2 47:9 47:22 51:16 51:18 52:15 54:7 54:10 60:2 | |
| plaza(2) 3:23 4:25 | | presentation(5) 45:4 47:11 52:22 66:23 | | | | | |
| pleading(3) 33:7 34:4 42:24 | | presented(10) 15:11 15:12 64:25 75:15 75:17 75:20 77:3 78:18 105:16 106:12 | | pros(1) 90:13 | | reading(4) 25:10 28:22 32:18 59:25 | |
| pleadings(1) 35:24 | | | | prosecution(1) 49:23 | | reads(1) 34:19 | |
| please(4) 13:3 44:3 60:9 82:18 | | | | proskauer(1) 7:28 | | real(3) 16:2 48:23 63:3 | |
| plus(1) 46:20 | | preserved(3) 58:1 58:3 58:4 | | prospect(1) 76:10 | | really(5) 16:5 18:4 27:15 31:20 32:2 33:5 33:6 33:23 34:20 34:21 34:22 35:5 36:24 40:24 48:15 49:18 50:5 50:8 50:10 51:7 51:22 51:24 55:25 63:5 85:2 87:5 89:20 90:13 91:7 92:22 96:2 107:11 | |
| podium(1) 50:23 | | presiding(1) 70:24 | | prospectus(2) 33:12 33:15 | | | |
| point(27) 19:15 25:24 27:8 27:22 27:23 28:7 28:17 28:17 28:20 30:25 31:19 31:23 33:21 33:22 45:19 50:17 60:11 71:8 77:22 78:2 80:23 83:18 94:25 95:3 97:5 98:10 103:10 | | presumably(3) 14:25 38:11 40:13 | | provide(6) 15:23 31:22 46:8 84:4 88:1 | | | |
| | | presume(2) 46:15 54:9 | | provided(10) 14:23 15:4 15:6 16:10 21:2 77:10 84:7 84:24 85:21 89:19 | | | |
| | | presuming(1) 45:11 | | | | | |
| | | pretty(1) 79:14 | | | | realm(2) 10:30 10:30 | |
| | | prevailing(1) 81:17 | | | | rear(1) 95:18 | |
| pointed(3) 21:20 97:5 103:1 | | prevent(3) 56:11 65:15 67:22 | | provides(2) 32:7 88:20 | | reargue(2) 77:23 77:25 | |
| points(12) 14:12 26:14 27:7 33:20 34:1 52:24 64:2 66:19 77:25 80:16 81:6 103:19 | | previous(3) 52:21 54:24 103:22 | | provision(38) 15:14 16:8 18:9 18:13 19:8 20:2 22:15 28:22 30:6 34:20 34:23 35:1 35:10 35:19 35:19 37:15 38:1 38:1 38:11 38:23 39:2 39:3 40:1 40:3 40:14 40:21 40:23 40:24 53:17 57:16 57:18 58:11 58:18 59:7 65:3 65:8 68:15 77:7 | | reason(6) 13:25 39:9 41:22 65:7 92:3 96:7 | |
| | | previously(4) 38:17 59:25 103:21 103:25 | | | | reasonable(4) 63:20 80:17 97:25 101:1 | |
| | | primarily(1) 74:22 | | | | reasonableness(8) 77:5 84:21 85:22 86:12 86:13 88:4 97:17 97:24 | |
| policies(1) 96:20 | | primary(2) 29:21 90:17 | | | | | |
| policy(8) 50:4 50:8 95:13 95:14 95:14 96:20 96:21 100:8 | | primofi(1) 8:38 | | | | | |
| | | principal(2) 56:17 56:18 | | provisions(32) 15:22 17:3 17:16 22:5 23:6 25:13 27:5 34:3 35:17 36:9 37:10 37:11 37:13 37:14 38:3 38:5 38:7 41:1 54:9 56:14 57:23 58:2 58:25 59:2 59:23 60:1 63:18 63:18 65:10 65:24 68:14 68:16 | | reasonably(1) 73:5 | |
| | | principally(1) 18:12 | | | | reasons(3) 15:15 69:4 103:14 | |
| polk(3) 4:1 8:13 99:2 | | principle(2) 57:8 80:20 | | | | rebecca(2) 2:45 9:12 | |
| poorly(1) 29:5 | | principles(1) 68:23 | | | | receive(6) 39:7 51:12 56:10 68:4 69:11 87:23 | |
| portion(6) 18:15 46:20 66:17 76:19 88:6 94:11 | | prior(4) 21:9 38:7 60:18 89:20 | | | | | |
| | | priorities(1) 36:4 | | prudent(1) 90:21 | | received(2) 45:6 71:5 | |
| | | prioritize(1) 26:21 | | pryor(1) 11:29 11:29 | | receiving(1) 82:8 | |
| portions(2) 15:13 66:12 | | priority(2) 18:19 68:3 | | public(2) 48:5 50:25 | | recess(2) 67:9 67:11 | |
| position(8) 14:20 64:23 83:12 83:23 83:24 97:11 97:21 101:4 | | prism(1) 45:22 | | pull(1) 53:25 | | recipient(3) 37:1 37:4 41:2 | |
| | | private(1) 59:15 | | purchase(3) 70:13 70:19 71:1 | | recognition(1) 39:2 | |
| | | pro(31) 83:25 88:9 88:20 89:11 89:12 90:12 90:24 91:2 93:17 94:5 94:6 94:7 94:7 95:17 95:20 98:13 98:13 100:4 102:14 102:21 104:5 105:6 105:9 105:10 105:16 106:17 106:19 106:22 107:2 107:5 107:9 | | purchaser(1) 39:2 | | recognize(4) 26:16 43:24 77:9 100:12 | |
| positions(1) 26:1 | | | | purpose(4) 18:13 25:5 26:21 29:21 | | recognized(1) 36:25 | |
| positive(1) 87:17 | | | | purposes(3) 27:16 64:21 65:11 | | recognizes(1) 56:21 | |
| posner(1) 29:4 | | | | pursuant(1) 31:1 | | recognizing(1) 62:14 | |
| possession(3) 22:18 27:17 62:16 | | | | pursue(3) 25:8 65:5 84:10 | | reconsider(2) 43:1 93:13 | |
| possible(8) 49:17 66:20 76:3 83:19 87:3 87:4 88:23 91:5 | | | | pursued(2) 74:13 75:23 | | reconsideration(14) 13:11 13:24 41:23 41:24 45:9 64:21 64:25 66:13 67:19 67:21 68:21 83:9 88:13 103:15 | |
| | | pro-rata(1) 78:14 | | pursuing(3) 20:6 65:22 72:24 | | | |
| | | probably(1) 108:15 | | pursuit(1) 94:18 | | | |
| possibly(1) 92:1 | | probative(1) 36:25 | | push(1) 97:3 | | | |
| post(9) 27:19 27:20 30:16 31:4 46:10 48:1 49:21 50:1 52:3 | | problem(4) 25:2 91:6 92:25 95:8 | | pushing(1) 79:21 | | reconsidered(1) 76:20 | |
| | | problems(4) 96:11 104:22 104:23 104:25 | | put(6) 14:1 15:20 29:13 35:23 49:7 59:6 | | reconsidering(1) 77:5 | |
| | | procedural(1) 46:1 | | puts(1) 32:2 | | reconsolidating(1) 13:17 | |
| post-trial(1) 87:22 | | proceed(1) 13:12 | | putting(5) 25:14 55:15 108:20 | | record(10) 13:8 16:15 52:9 52:17 52:20 60:25 64:8 67:12 80:21 95:18 | |
| potential(8) 17:10 17:12 20:2 22:16 86:20 87:13 96:10 100:5 | | proceeding(1) 96:23 | | qualification(5) 17:14 17:20 20:14 20:20 22:1 | | | |
| | | proceedings(3) 1:18 1:46 109:7 | | | | | |
| | | proceeds(12) 25:16 33:7 36:20 36:21 41:2 48:8 51:5 53:5 53:13 70:21 78:15 96:11 | | | | recorded(1) 1:46 | |
| potentially(3) 23:23 43:22 85:6 | | | | qualify(2) 17:17 19:21 | | recording(2) 1:46 109:6 | |
| power(1) 98:16 105:21 | | | | quarles(1) 9:24 | | recover(7) 23:12 37:5 51:11 58:8 58:12 82:1 88:24 | |
| powers(3) 25:7 25:11 25:14 | | process(4) 79:10 99:23 106:16 106:17 | | question(17) 14:1 31:19 31:20 36:1 74:23 75:6 79:19 91:7 91:10 92:15 94:10 94:21 101:1 103:20 104:11 105:18 107:10 | | | |
| ppearances(2) 1:22 2:1 | | processes(1) 102:11 | | | | | |
| practice(1) 92:4 | | produced(2) 1:47 88:16 | | | | recovered(8) 32:7 32:11 32:13 32:21 36:7 40:19 62:23 63:2 | |
| pre(1) 52:2 | | products(1) 74:16 | | | | | |
| pre-lbo(2) 85:25 87:13 | | professional(1) 34:12 | | questions(8) 26:4 34:7 45:3 60:5 76:21 99:6 107:6 108:24 | | | |
| pre-petition(5) 27:18 30:17 30:20 30:21 48:1 49:20 49:25 52:4 | | profiles(1) 61:5 | | | | recoveries(30) 14:2 17:9 25:8 26:22 31:12 31:13 33:3 41:3 61:4 61:4 62:12 62:17 62:25 69:10 74:20 75:1 75:7 75:10 75:14 76:5 76:7 76:10 76:12 76:19 77:8 81:20 82:9 82:10 82:10 87:14 87:24 | |
| | | program(1) 95:22 | | | | | |
| | | prohibit(1) 56:11 | | quickly(3) 39:4 48:11 64:1 | | | |
| preceded(1) 34:16 | | prohibitive(1) 37:18 | | quite(5) 34:16 61:16 77:20 85:17 105:22 | | | |
| precedent(1) 49:17 | | pronounce(2) 48:9 108:1 | | quote(2) 20:3 28:24 | | | |
| precedents(1) 49:15 | | proof(1) 25:17 | | quoted(5) 18:15 18:17 54:8 57:15 64:19 | | recovering(2) 72:15 81:10 | |
| precisely(2) 62:18 105:21 | | proper(2) 61:14 83:24 | | r.f(1) 72:19 | | recovers(1) 62:17 | |
| preclude(2) 72:10 81:10 | | properly(2) 15:12 33:17 | | rachel(1) 10:9 | | | |
| | | property(16) 23:24 31:1 31:5 35:7 35:7 36:18 36:19 36:22 39:21 40:2 40:5 40:5 40:7 40:9 74:25 75:2 | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **recovery**(7) 17:12 36:21 40:17 52:5 65:5 68:22 87:19 | | **repeating**(1) 108:17 | | **robert**(8) 2:15 3:42 4:10 4:37 8:2 9:1 34:11 44:13 | | **schools**(1) 50:8 | |
| | | **repetition**(2) 54:12 55:24 | | | | **schott**(1) 11:46 | |
| **red**(1) 55:2 | | **reports**(1) 52:10 | | **roberts**(1) 9:15 | | **schotz**(1) 1:31 | |
| **reduce**(1) 89:2 | | **represent**(5) 26:9 26:11 41:15 50:23 51:9 | | **rockefeller**(1) 3:23 | | **schulte**(1) 5:38 | |
| **reduced**(11) 76:5 76:7 76:10 76:11 81:21 82:8 82:9 82:11 83:21 84:12 88:22 | | **representation**(5) 69:24 70:1 70:2 70:8 | | **rodney**(3) 4:11 11:9 11:10 | | **schuylkill**(1) 1:41 | |
| | | **representativ**(2) 48:5 61:14 | | **rogers**(1) 9:44 | | **schwartz**(1) 12:2 | |
| | | **representativ**(1) 19:13 | | **roitman**(1) 3:22 | | **scope**(5) 15:11 43:20 46:19 57:19 57:20 | |
| **reduction**(43) 83:10 83:13 83:25 87:5 88:5 88:10 88:16 89:4 89:12 89:16 90:2 90:6 90:24 90:25 91:10 91:22 92:3 92:6 92:8 92:17 92:18 92:22 92:24 93:2 93:15 94:20 95:22 96:4 97:6 98:9 100:1 100:8 100:16 100:17 101:7 104:3 104:5 105:19 105:20 106:3 106:8 106:13 106:22 | | **representing**(2) 99:3 99:14 | | **role**(2) 38:17 97:14 | | **scotland**(2) 9:39 9:43 | |
| | | **request**(1) 76:17 | | **rome**(1) 2:32 | | **scott**(2) 6:4 7:25 | |
| | | **requested**(1) 108:14 | | **room**(1) 108:16 | | **scratching**(1) 52:16 | |
| | | **required**(6) 39:25 69:24 70:10 73:13 105:7 105:13 | | **ropes**(2) 11:21 11:21 | | **scribbled**(1) 44:17 | |
| | | | | **rose**(1) 7:28 | | **seafood**(2) 64:19 64:24 | |
| | | **requirement**(1) 21:16 | | **rosenberg**(1) 8:2 | | **seaport**(2) 9:7 9:7 | |
| | | **res**(2) 48:14 71:11 | | **rosenblatt**(1) 3:20 | | **seated**(1) 13:3 | |
| **reduction"**(1) 104:4 | | **resolution**(2) 101:21 101:22 | | **rosenman**(1) 9:3 | | **second**(27) 13:17 14:22 15:16 16:24 18:14 28:6 32:9 33:22 45:10 47:11 54:18 64:17 66:21 67:25 68:11 68:13 69:13 71:3 71:10 71:12 71:17 71:23 93:21 96:7 104:11 105:4 107:19 | |
| **reed**(1) 7:5 | | **resolved**(2) 84:19 106:12 | | **rosner**(4) 4:18 26:6 26:7 31:19 34:2 34:6 34:9 | | | |
| **refer**(3) 19:8 64:18 99:4 | | **resolves**(1) 100:14 | | | | | |
| **reference**(9) 28:7 32:2 35:6 35:20 35:23 36:8 40:9 54:23 57:4 | | **respect**(31) 13:26 14:17 14:24 15:24 17:2 23:3 35:24 37:10 38:17 42:9 42:10 46:4 47:13 63:13 73:1 73:6 81:22 83:8 90:11 91:20 93:1 95:17 97:4 98:8 98:14 98:20 99:7 100:20 105:2 105:3 105:4 | | **rosner's**(1) 59:6 | | **secondary**(1) 27:23 | |
| | | | | **ross**(3) 6:14 6:18 11:22 | | **secondly**(2) 40:24 80:10 | |
| **referenced**(1) 35:12 37:13 | | | | **roth**(3) 5:38 10:38 10:38 | | **seconds**(3) 63:23 82:18 99:3 | |
| **references**(1) 57:5 | | | | **rothschild**(1) 2:38 | | **section**(30) 16:7 16:18 17:6 17:15 17:16 17:19 19:24 21:4 21:16 22:11 22:11 22:20 22:22 23:11 25:11 27:12 34:19 34:19 37:13 37:14 37:17 37:22 38:3 38:7 53:22 54:15 65:6 65:8 65:21 68:13 108:4 | |
| **referred**(2) 22:25 40:8 | | | | **roughly**(1) 26:12 | | | |
| **referring**(2) 24:9 40:4 | | **respectfully**(5) 29:22 49:4 53:10 76:16 | | **roulac**(1) 11:42 | | | |
| **refers**(4) 23:22 23:23 28:9 104:5 | | **respective**(1) 86:15 | | **round**(1) 64:3 | | | |
| **reflection**(1) 104:19 | | **respects**(1) 17:21 | | **royal**(2) 9:38 9:43 | | | |
| **reflects**(2) 14:14 14:18 | | **respond**(5) 34:3 60:23 64:1 81:6 103:19 | | **rudnick**(2) 2:12 44:13 | | | |
| **regard**(7) 80:4 80:22 95:10 97:21 98:11 99:6 105:21 | | **responded**(2) 32:16 46:14 | | **rule**(14) 23:17 23:17 24:6 24:9 24:10 24:25 44:2 45:21 47:10 55:5 64:15 78:13 88:23 108:5 | | **sections**(7) 17:17 21:19 22:24 23:4 23:13 25:4 59:3 | |
| | | **responding**(1) 47:12 | | | | | |
| **regarding**(5) 14:5 66:14 66:18 93:13 | | **response**(5) 24:24 41:17 44:18 76:1 108:2 | | **ruled**(1) 76:17 | | **securities**(15) 9:15 11:41 11:41 23:24 24:5 24:17 24:21 39:11 65:12 89:10 89:14 90:18 92:17 92:19 102:2 | |
| **regardless**(3) 32:6 32:10 32:12 | | **responsibility**(5) 14:8 14:10 84:13 86:15 87:1 | | **rules**(5) 16:2 16:3 42:4 48:10 91:21 | | | |
| **reject**(1) 28:25 | | | | **ruling**(6) 45:23 47:6 54:7 54:24 60:2 71:8 | | | |
| **relate**(1) 96:11 | | **rest**(3) 22:21 54:1 55:21 | | **rushabh**(1) 12:10 | | **security**(1) 17:24 | |
| **related**(5) 43:7 43:9 58:21 59:16 99:22 | | **rests**(1) 14:10 | | **russano**(1) 4:3 | | **see**(7) 20:15 20:17 20:19 37:23 56:3 63:17 105:8 | |
| **relates**(2) 37:22 97:1 | | **result**(10) 25:1 25:3 25:3 32:5 36:7 63:17 75:21 78:6 85:13 98:4 | | **saavedra**(1) 8:24 | | | |
| **relating**(3) 77:8 83:9 91:21 | | | | **sachs**(2) 6:1 6:2 | | | |
| **relationship**(1) 88:25 | | | | **sacrosanct**(1) 25:24 | | **seek**(2) 43:6 72:11 | |
| **relative**(2) 65:11 97:4 | | **resulted**(2) 71:25 84:15 | | **said**(38) 18:17 18:24 22:13 22:24 24:19 29:6 30:10 35:16 37:2 38:8 40:10 45:16 46:4 46:7 47:15 48:22 49:7 49:10 52:17 59:21 60:14 61:15 62:6 64:10 66:22 67:14 84:16 88:8 88:17 90:6 101:16 101:19 101:21 103:3 105:14 108:17 108:18 108:22 | | **seeking**(8) 24:16 29:13 37:6 48:13 49:1 71:19 77:22 93:19 | |
| **relatively**(2) 85:14 93:11 | | **resulting**(1) 79:7 | | | | | |
| **relayed**(1) 46:15 | | **results**(3) 100:5 100:16 100:23 | | | | | |
| **release**(9) 84:5 84:7 84:25 88:14 99:25 100:2 101:3 102:17 104:15 | | **retiree**(3) 41:21 43:12 44:20 | | | | **seemed**(1) 40:4 | |
| | | **retirees**(7) 5:1 15:20 25:23 41:15 42:7 42:17 42:20 | | | | **seems**(3) 18:3 56:25 58:23 | |
| | | | | | | **seen**(1) 30:14 | |
| **released**(3) 84:8 88:18 104:24 | | **retirement**(1) 10:7 | | **sale**(10) 30:25 31:1 31:2 70:17 70:21 70:23 71:4 71:5 71:9 71:24 | | **seife**(1) 3:21 | |
| **releases**(3) 42:22 43:13 43:20 | | **return**(1) 48:25 | | | | **seift**(1) 7:8 | |
| **relevance**(2) 29:16 39:20 | | **reversed**(1) 76:20 | | **same**(9) 27:6 40:17 54:10 73:3 75:8 96:11 100:18 102:18 104:25 | | **selected**(1) 53:2 | |
| **relevant**(6) 15:21 25:22 27:21 27:24 35:25 37:3 | | **review**(1) 47:24 | | | | **sellable**(1) 48:6 | |
| | | **reviewing**(1) 86:14 | | | | | |
| | | **revisit**(2) 80:13 80:21 | | **sanction**(1) 71:20 | | **semantic**(2) 29:7 29:11 | |
| **reliable**(5) 89:21 89:21 90:5 90:9 90:16 | | **reward**(1) 61:17 | | **sat**(2) 46:24 52:16 | | **semantically**(1) 55:4 | |
| **reliance**(2) 70:1 70:2 | | **rewards**(1) 61:11 | | **satisfaction**(1) 88:23 | | **senior**(35) 14:14 14:19 17:10 17:10 18:18 18:22 18:24 19:2 19:12 24:14 24:16 26:12 30:5 30:5 30:7 32:20 32:22 32:23 36:5 38:25 39:6 39:16 39:19 40:1 41:4 56:21 58:22 59:10 65:13 65:20 72:6 78:8 79:6 87:25 102:17 | |
| **relied**(4) 30:12 79:6 85:22 90:17 | | **rhetoric**(2) 51:23 52:7 | | **satisfactory**(1) 84:7 | | | |
| **relinquishment**(1) 80:18 | | **rhetorical**(1) 53:9 | | **satisfied**(3) 34:21 35:5 35:9 | | | |
| **rely**(4) 70:7 90:8 94:13 106:1 | | **rice**(1) 11:38 | | **save**(1) 67:7 | | | |
| **relying**(3) 89:7 94:14 | | **richard**(2) 7:28 7:29 | | **saw**(3) 23:16 36:23 53:9 | | | |
| **remain**(1) 68:17 | | **richards**(1) 4:8 | | **say**(37) 16:25 17:1 18:12 23:4 25:9 25:13 27:7 27:23 28:5 29:12 29:12 29:12 38:4 38:19 39:2 41:19 42:17 43:25 50:4 50:5 51:18 53:7 54:1 55:8 56:17 59:18 59:21 64:20 65:6 65:13 67:6 76:25 78:3 94:11 101:20 105:15 106:2 | | **seniors**(15) 13:15 14:25 16:24 16:25 18:14 20:25 21:14 31:21 31:24 32:8 32:9 32:25 36:12 37:16 38:16 | |
| **remainder**(1) 68:16 | | **rifkind**(1) 8:41 | | | | | |
| **remaining**(1) 90:14 | | **right**(26) 13:13 14:10 18:7 19:21 30:16 33:20 41:11 50:11 50:15 54:17 59:20 61:25 63:6 65:21 66:3 66:6 67:10 69:12 77:24 78:14 83:5 92:18 99:12 107:23 108:7 108:12 | | | | | |
| **remarks**(2) 44:18 93:11 | | | | | | **sense**(8) 23:7 23:10 25:13 40:3 57:10 67:16 95:8 105:17 | |
| **remedies**(4) 58:1 65:17 78:16 79:3 | | | | **saying**(8) 14:6 48:15 50:23 61:25 65:3 78:1 82:25 101:25 | | | |
| **remember**(2) 108:16 108:18 | | | | | | **sentence**(6) 19:6 20:22 21:6 21:7 21:9 21:10 | |
| **remembered**(1) 18:5 | | **rights**(16) 26:22 57:24 58:3 58:4 58:7 59:10 65:4 65:11 65:14 65:19 70:18 80:19 96:14 96:24 100:25 101:2 | | | | | |
| **remind**(1) 103:4 | | | | **says**(30) 16:24 19:9 20:2 21:9 22:9 24:6 24:24 32:4 33:9 34:23 35:2 35:22 36:22 37:15 38:2 38:6 39:4 50:18 54:18 57:24 58:4 58:5 58:14 59:1 59:6 59:16 59:22 63:4 65:19 79:16 | | **sentiment**(1) 18:21 | |
| **remiss**(1) 14:5 | | | | | | **separate**(5) 19:15 24:23 33:2 55:16 70:15 | |
| **remit**(1) 39:25 | | **ripples**(5) 41:25 41:25 42:6 42:8 44:1 | | | | **separately**(1) 67:17 | |
| **remitted**(1) 40:1 | | **rise**(5) 13:3 43:5 43:25 72:3 91:20 | | | | **series**(2) 39:11 40:6 | |
| **renaissance**(1) 2:7 | | **risk**(3) 61:5 81:20 97:12 | | **scalia's**(1) 55:7 | | **serious**(1) 63:3 | |
| **rendell's**(2) 48:3 48:4 | | **risk-free**(1) 87:25 | | **scenario**(1) 53:8 | | **seriously**(1) 68:8 | |
| **rendered**(1) 17:22 | | **risks**(2) 61:12 61:18 | | **scheme**(3) 92:17 92:20 105:19 | | **service**(3) 1:40 1:47 56:6 | |
| **reorganization**(1) 43:13 | | **road**(3) 25:22 83:18 107:7 | | **scholer**(1) 8:35 | | **serviced**(1) 51:3 | |
| **reorganized**(1) 68:2 | | | | | | **services**(1) 1:40 | |
| **repaid**(4) 51:4 58:2 74:24 75:2 | | | | | | | |
| **repayment**(3) 19:3 56:6 68:1 | | | | | | | |
| **repeated**(1) 53:22 | | | | | | | |
| **repeatedly**(1) 105:14 | | | | | | | |

| Word | Page:Line |
|---|---|
| **set**(6) | 36:4 42:15 43:19 51:2 92:20 100:18 |
| **settled**(7) | 75:13 78:20 78:25 85:3 85:10 87:17 89:18 |
| **settlement**(40) | 25:23 41:21 42:18 43:12 43:14 43:16 68:6 68:10 76:9 77:6 77:7 77:11 77:12 77:14 80:14 80:16 80:23 80:25 84:20 84:22 86:13 87:10 88:3 88:16 88:18 90:10 95:13 95:13 95:14 96:2 97:12 97:15 97:18 97:24 99:20 100:14 104:17 104:17 105:1 |
| **settlement"**(1) | 91:4 |
| **settles**(1) | 75:9 |
| **settling**(9) | 84:14 86:10 86:15 86:25 87:2 87:7 96:1 97:13 101:4 |
| **setup**(1) | 31:9 |
| **seven**(2) | 2:16 100:12 |
| **seventh**(1) | 18:15 |
| **severability**(1) | 68:14 |
| **several**(5) | 14:4 17:16 52:15 54:4 65:5 |
| **shachar**(2) | 11:25 11:26 |
| **shagun**(1) | 11:6 |
| **shall**(1) | 20:3 |
| **shamah**(1) | 6:33 |
| **shannon**(1) | 8:43 |
| **share**(13) | 32:10 74:19 75:1 75:6 75:10 75:14 76:7 76:18 78:5 78:14 82:9 89:23 90:4 |
| **shared**(1) | 77:9 |
| **sharing**(6) | 69:10 72:14 75:19 89:24 90:20 106:20 |
| **sheet**(1) | 66:16 |
| **sheffield**(1) | 8:47 |
| **shift**(1) | 91:3 |
| **shifted**(1) | 97:12 |
| **shifting**(1) | 107:12 |
| **shifts**(1) | 90:25 |
| **shoes**(1) | 74:5 |
| **shopping**(3) | 100:23 102:24 103:11 |
| **should**(40) | 16:20 22:25 37:12 37:16 38:18 38:20 43:1 51:24 63:19 67:21 68:19 69:7 69:21 70:6 72:10 74:10 76:15 78:8 78:22 82:1 83:21 83:23 84:24 87:10 89:25 90:2 91:13 91:13 91:22 92:21 92:25 94:19 97:12 99:17 101:5 101:12 101:22 103:3 106:9 107:11 |
| **shouldn't**(2) | 33:20 37:8 |
| **shouldn't**(1) | 77:15 |
| **show**(4) | 68:22 80:2 93:25 93:25 |
| **showing**(2) | 77:4 80:4 |
| **shown**(1) | 17:8 |
| **shulte**(2) | 10:38 10:38 |
| **side**(5) | 45:24 57:13 61:23 64:14 81:18 |
| **sidley**(2) | 1:24 6:11 |
| **siegel**(1) | 2:13 |
| **sieger**(1) | 9:4 |
| **sight**(2) | 50:20 50:21 |
| **signaling**(1) | 41:9 |
| **significant**(1) | 80:2 |
| **significantly**(2) | 21:19 43:11 |
| **siguler**(2) | 10:34 10:34 |
| **silence**(1) | 71:24 |
| **similar**(4) | 28:25 32:17 75:11 100:19 |
| **similarly**(6) | 24:22 34:15 48:8 63:8 74:2 89:19 |
| **simple**(2) | 17:3 38:19 |
| **simplicity**(1) | 49:11 |
| **simply**(7) | 18:18 47:8 53:8 69:18 72:8 93:19 95:20 |
| **since**(4) | 27:13 57:3 64:10 96:17 |
| **single**(3) | 69:11 79:10 106:13 |
| **singular**(2) | 16:22 100:21 |
| **sir**(1) | 108:11 |
| **sit**(1) | 61:22 |
| **sitting**(4) | 13:16 61:23 82:24 83:19 |
| **situation**(13) | 15:7 38:12 39:19 40:25 71:25 79:5 79:8 79:9 79:17 89:14 89:22 96:2 96:22 |
| **slater**(1) | 11:37 |
| **slavin**(3) | 96:16 96:17 100:10 |
| **slip**(1) | 33:6 |
| **sloan**(1) | 4:9 |
| **smalley**(1) | 9:8 |
| **smith**(2) | 12:17 12:17 |
| **sold**(6) | 24:18 24:20 30:19 30:19 37:1 48:7 |
| **sole**(1) | 26:21 |
| **solus**(2) | 10:46 10:46 |
| **solutions**(2) | 91:6 91:8 |
| **solvency**(1) | 66:16 |
| **some**(28) | 14:8 17:21 30:18 30:18 33:11 36:9 41:17 46:3 50:3 50:4 55:8 59:15 59:16 64:18 65:2 67:1 79:4 83:17 83:18 89:5 90:22 91:2 98:14 99:25 102:11 105:11 105:12 106:11 |
| **somebody**(3) | 47:6 81:3 105:6 |
| **somehow**(5) | 36:14 62:12 63:14 82:25 106:16 |
| **something**(6) | 14:10 45:25 58:18 58:20 61:16 76:25 |
| **sometimes**(2) | 33:6 50:24 |
| **somewhat**(1) | 70:12 |
| **song**(1) | 9:12 |
| **sophisticated**(2) | 70:4 79:15 |
| **sorkin**(1) | 10:18 |
| **sorry**(5) | 27:4 30:2 107:18 107:21 108:12 |
| **sort**(15) | 22:21 26:3 44:1 44:19 48:4 51:23 52:5 53:8 54:5 54:17 55:2 56:15 57:13 59:5 64:18 |
| **sorts**(2) | 52:6 96:10 |
| **sottile**(1) | 3:28 |
| **sought**(1) | 70:10 |
| **sound**(2) | 1:46 109:6 |
| **sounds**(2) | 20:5 66:25 |
| **sources**(9) | 17:10 17:12 19:3 19:25 20:2 22:16 23:5 23:13 28:14 |
| **south**(2) | 1:27 3:37 |
| **spaeder**(2) | 3:27 5:27 |
| **speak**(2) | 16:17 28:15 |
| **speakers**(1) | 52:15 |
| **speaking**(1) | 26:11 |
| **specific**(5) | 29:18 31:2 37:15 57:4 103:21 |
| **specifically**(8) | 33:10 46:24 49:7 58:3 62:2 81:13 102:4 108:3 |
| **spend**(2) | 33:10 93:24 |
| **spent**(2) | 65:2 80:4 |
| **sperling**(1) | 11:37 |
| **splitting**(1) | 93:9 |
| **spoke**(1) | 106:15 |
| **spoken**(1) | 77:1 |
| **square**(3) | 2:6 4:11 95:5 |
| **squarely**(3) | 20:18 43:25 99:8 |
| **squares**(1) | 21:3 |
| **stacks**(1) | 54:17 |
| **stand**(2) | 81:18 82:12 |
| **standard**(6) | 13:24 67:18 77:2 94:14 95:22 103:14 |
| **standards**(4) | 45:9 45:14 62:1 62:2 |
| **standing**(1) | 50:22 |
| **stands**(5) | 19:15 24:22 45:24 48:3 84:12 |
| **stanley**(2) | 2:44 8:23 |
| **stargatt**(1) | 3:41 |
| **stark**(25) | 2:15 9:24 44:6 44:9 44:10 44:13 44:13 44:23 45:2 45:15 45:18 50:13 50:1 60:8 60:11 60:21 60:23 60:25 61:20 64:7 65:2 66:2 66:5 77:23 82:17 |
| **stars**(1) | 4:38 |
| **start**(6) | 13:10 44:16 55:23 66:20 77:1 |
| **starting**(3) | 14:1 53:20 64:3 |
| **starts**(1) | 53:4 |
| **state**(33) | 10:6 91:21 91:21 91:23 91:24 92:2 92:5 92:7 92:12 93:1 93:2 94:15 94:18 94:20 95:8 95:17 96:12 98:21 99:7 99:22 100:5 100:14 100:17 100:24 101:8 102:9 102:10 103:6 103:8 105:20 106:1 106:4 106:8 |
| **stated**(5) | 14:23 48:11 67:18 71:17 72:1 |
| **statement**(4) | 16:22 63:9 79:22 97:16 |
| **states**(9) | 1:1 1:20 16:22 68:14 92:1 92:2 93:4 103:9 106:21 |
| **stating**(1) | 65:10 |
| **statute**(2) | 92:6 106:8 |
| **statutes**(2) | 92:3 94:20 |
| **statutory**(1) | 92:20 |
| **stay**(1) | 45:5 |
| **stayed**(2) | 98:3 98:3 |
| **ste**(4) | 2:22 2:34 2:40 3:37 |
| **stearn**(1) | 4:10 |
| **stein**(1) | 4:19 |
| **step**(9) | 31:20 73:6 73:9 73:11 85:16 85:17 85:18 87:18 108:19 |
| **stephen**(1) | 10:47 |
| **stepping**(1) | 14:6 |
| **stick**(1) | 53:25 |
| **still**(3) | 49:11 65:23 85:24 |
| **stockholders**(1) | 48:24 |
| **stone**(1) | 12:6 |
| **stood**(2) | 24:21 74:5 |
| **stop**(2) | 77:24 81:3 |
| **story**(2) | 50:2 53:19 |
| **straightforward**(1) | 17:3 |
| **strange**(1) | 22:14 |
| **strategic**(1) | 46:22 |
| **strategies**(1) | 52:22 |
| **strategy**(2) | 46:25 53:2 |
| **strauss**(5) | 3:2 7:16 13:8 66:10 67:13 |
| **street**(14) | 1:11 1:41 2:8 2:22 2:28 2:34 2:46 3:14 3:29 3:45 4:12 4:25 4:32 4:44 |
| **stromberg**(1) | 6:14 |
| **strong**(6) | 81:23 81:25 82:21 85:17 85:17 96:19 |
| **structurally**(1) | 72:6 |
| **structured**(2) | 68:11 76:14 |
| **stuart**(1) | 7:45 |
| **stuff**(2) | 44:20 52:6 |
| **stutman**(2) | 4:36 34:11 |
| **sub**(7) | 22:4 29:1 29:7 29:10 29:13 29:18 65:16 |
| **sub-sub-debt**(3) | 39:17 39:24 40:13 |
| **subject**(16) | 20:1 23:6 25:12 32:20 33:4 42:18 44:19 58:12 58:12 58:15 59:1 65:15 65:24 102:19 103:22 104:25 |
| **subjected**(1) | 58:19 |
| **submissions**(1) | 68:21 |
| **submit**(8) | 36:10 39:21 40:15 43:15 53:10 78:11 84:22 91:4 |
| **submitted**(1) | 63:4 |
| **subordinate**(5) | 25:12 60:16 61:9 61:9 |
| **subordinated**(14) | 14:17 17:24 18:9 18:14 18:23 24:13 30:4 30:8 35:3 39:7 39:10 39:15 78:9 88:2 |
| **subordinates**(2) | 32:9 32:10 |
| **subordinating**(1) | 58:7 |
| **subordination**(40) | 13:11 14:2 14:24 15:5 15:6 15:14 15:21 16:22 17:4 17:17 18:11 18:13 18:18 19:4 19:14 21:21 22:15 25:5 25:13 25:16 25:18 25:25 26:16 26:20 28:22 29:15 30:6 33:4 33:23 34:23 42:10 43:3 46:5 57:16 57:18 63:12 63:15 66:1 75:16 80:7 |
| **subsequent**(1) | 45:8 |
| **subservient**(3) | 59:3 59:4 59:5 |
| **substance**(1) | 15:19 |
| **substantial**(2) | 46:9 88:1 |
| **substantially**(2) | 85:23 86:6 |
| **substantive**(1) | 22:22 |
| **substitute**(1) | 101:1 |
| **success**(3) | 81:13 87:16 87:18 |
| **successful**(6) | 69:5 73:10 79:23 82:7 85:11 85:13 |
| **successor**(4) | 27:17 27:22 44:14 49:22 |
| **successors**(2) | 27:14 27:15 |
| **such**(23) | 17:20 21:25 31:12 37:18 39:4 39:8 39:11 41:25 42:8 62:17 62:23 69:3 69:9 71:14 72:2 75:14 75:19 76:10 78:14 78:24 81:16 87:24 104:23 |
| **sue**(3) | 48:12 58:2 58:7 |
| **sued**(3) | 31:8 37:4 103:5 |
| **sues**(1) | 59:15 |
| **suffers**(1) | 91:3 |
| **sufficient**(4) | 55:25 77:4 80:6 84:8 |
| **suggest**(4) | 36:15 55:3 78:20 90:18 |
| **suggested**(2) | 62:8 106:15 106:16 |
| **suggestion**(2) | 62:10 63:14 |
| **suggests**(1) | 57:20 |
| **suite**(5) | 1:34 2:47 3:14 3:30 4:44 |
| **sullivan**(2) | 2:20 2:21 |
| **summary**(1) | 73:17 |
| **sunshine**(1) | 7:17 |
| **superior**(1) | 88:10 |
| **supersede**(2) | 55:11 94:15 |
| **support**(6) | 41:20 68:7 74:18 78:11 79:18 84:24 |
| **supported**(3) | 14:15 14:19 88:7 |
| **supporting**(1) | 41:22 |
| **suppose**(1) | 80:8 |
| **supposed**(11) | 19:10 19:11 20:23 20:23 41:7 54:2 54:19 55:14 55:20 56:5 56:6 |
| **supreme**(5) | 24:11 47:20 48:17 49:7 49:10 89:20 90:4 |
| **sure**(9) | 18:14 20:5 40:23 41:7 82:20 95:1 103:11 105:20 105:22 |
| **surprised**(2) | 79:20 81:7 |
| **surrounding**(1) | 55:10 |
| **susceptible**(2) | 15:25 36:16 |
| **suttonbrook**(2) | 10:25 10:26 |
| **sutty**(1) | 2:39 |
| **svetoslav**(1) | 11:34 |
| **sweeping**(1) | 63:19 |
| **swiss**(1) | 72:18 |
| **syndicates**(1) | 51:1 |
| **tabak**(1) | 9:15 |
| **tables**(1) | 13:16 |
| **taconic**(2) | 12:1 12:1 |
| **taft**(1) | 9:39 |
| **tainted**(1) | 76:9 |
| **take**(12) | 15:16 19:18 25:1 33:3 57:14 66:20 67:9 86:1 95:1 95:6 97:18 108:2 |
| **taken**(1) | 25:4 |
| **takes**(2) | 26:25 95:24 |
| **taking**(1) | 99:24 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **talk**(13) 19:25  28:1  33:22  35:15  45:20 46:18  48:10  50:16  51:21  78:17  92:16 96:17  96:18 | | **that**(301) 13:15  13:15  13:20  13:26  14:12 14:13  14:13  14:14  14:15  14:16  14:18 14:20  14:21  14:23  14:25  15:1  15:1  15:1 15:2  15:6  15:7  15:8  15:11  15:16  15:20 15:21  15:25  16:5  16:6  16:7  16:20  16:21 16:22  17:11  17:12  17:17  18:5  18:21  18:22 18:22  18:24  19:4  19:5  19:6  19:8  19:9 19:10  19:12  19:15  19:17  19:19  19:20 19:21  20:1  20:3  20:5  20:17  20:19  20:20 20:20  20:23  21:4  21:10  21:16  21:22  22:8 22:8  22:9  22:10  22:10  22:14  22:15  22:23 22:23  22:25  23:1  23:1  23:1  23:2  23:5 23:6  23:12  23:19  23:21  23:24  24:1  24:7 24:7  24:10  24:15  24:19  24:21  24:24  25:1 25:3  25:6  25:9  25:10  25:11  25:16  25:19 25:21  26:3  26:16  26:23  27:1  27:7  27:15 27:21  27:22  27:23  27:24  28:9  28:9  28:10 28:13  28:16  28:19  28:19  28:20  28:22  29:4 29:4  29:6  29:6  29:7  29:12  29:17  29:20 29:23  29:23  29:25  30:1  30:2  30:3  30:7 30:9  30:12  30:14  30:15  30:20  30:25  31:2 31:2  31:3  31:3  31:4  31:5  31:6  31:16 31:19  31:20  31:22  32:2  32:3  32:4  32:7 32:11  32:14  32:19  32:23  32:23  33:3  33:9 33:14  33:20  33:21  33:22  34:2  34:3  34:21 35:1  35:2  35:5  35:9  35:13  35:14  35:17 35:17  35:19  35:21  36:2  36:3  36:5  36:10 36:10  36:13  36:13  36:14  36:15  36:16 36:21  36:22  36:23  36:25  36:25  36:25  37: 37:3  37:5  37:6  37:12  37:13  37:15  37:17 37:20  37:24  37:24  38:1  38:2  38:4  38:6 38:6  38:6  38:8  38:11  38:20  38:21  38:23 39:5  39:5  39:12  39:13  39:14  39:17  39:18 39:20  40:2  40:4  40:6  40:8  40:10  40:15 40:16  40:23  41:1  41:1  41:17  41:19  41:21 41:25  42:8  42:9  42:11  42:13  42:15  42:16 42:25  43:1  43:2  43:3  43:5  43:6  43:7  43:8 43:11  43:13  43:14  43:15  43:15  43:20  43:24 43:17  43:22  43:24  43:25  44:1  44:3  44:3 44:19  44:21  45:1  45:7  45:11  45:18  46:4 46:5  46:7  46:8  46:13  46:15  46:22  46:25 47:2  47:2  47:5  47:9  47:12  47:15  47:19 47:24  48:9  48:12  48:15  48:17  48:18  48:20 48:22  48:23  49:2  49:5  49:8 | | **that**(301) 49:8  49:15  50:3  50:4  50:4  50:6 50:6  50:7  50:7  50:13  50:25  51:5  51:19 51:20  52:6  52:9  52:18  52:19  53:2  53:2 53:7  53:9  53:11  53:14  53:15  53:20  53:22 54:9  54:10  54:14  54:14  54:15  54:20  54:22 54:22  54:24  54:25  55:3  55:15  55:15  55:20 55:20  55:22  55:25  56:3  56:9  56:14  56:20 56:21  56:23  57:1  57:1  57:5  57:6  57:10 57:14  57:16  57:17  57:18  57:20  57:25  58:7 58:10  58:16  58:17  58:19  58:19  59:8  59:12 59:18  59:21  60:11  60:12  60:13  60:17 60:22  61:2  61:5  61:11  61:12  61:25  62:1 62:6  62:7  62:8  62:8  62:8  62:9  62:10 62:12  62:14  62:16  63:3  63:4  63:7  63:9 63:14  63:16  63:17  63:18  64:9  64:13  64:20 64:21  65:3  65:6  65:10  65:13  65:25  66:3 66:5  68:7  68:8  68:12  68:14  68:19  68:22 68:25  69:1  69:2  69:3  69:6  69:7  69:8  69:9 69:15  69:18  69:20  69:23  69:25  70:1  70:1 70:3  70:7  70:8  70:12  70:18  70:19  71:3 71:4  71:5  71:7  71:9  71:11  71:13  71:17 71:19  71:23  72:1  72:3  72:5  72:7  72:11 72:22  73:8  73:8  73:11  73:12  73:13  73:14 73:19  73:20  73:23  74:7  74:8  74:11  74:12 74:18  75:1  75:2  75:4  75:6  75:8  75:12 75:15  75:16  75:18  75:19  75:22  75:23  76: 76:4  76:6  76:13  76:17  76:17  76:17  76:19 76:22  77:2  77:7  77:9  77:9  77:10  77:15 77:16  77:17  77:21  78:1  78:1  78:3  78:3 78:6  78:8  78:10  78:10  78:11  78:11  78:13 78:15  78:16  78:18  78:18  78:19  79:2  79:6 79:13  79:14  79:16  79:18  79:20  79:22 79:23  79:24  79:25  80:1  80:1  80:6  80:7 80:17  80:22  80:23  80:24  81:6  81:7  81:7 81:8  81:10  81:11  81:12  81:16  81:20  81:23 81:23  81:25  82:2  82:3  82:4  82:4 82:6  82:6  82:6  82:6  82:8  82:12  82:12 82:13  82:13  82:18  82:20  82:21  82:22 82:25  82:25  83:1  83:1  83:13  83:14  83:17 83:18  83:19  83:22  83:23  83:24  84:4  84:4 84:5  84:6  84:8  84:12  84:14  84:15  84:15 84:20  84:22  84:24  85:3  85:4  85:6  85:10 85:16  85:20  85:23 | | **that's**(41) 13:12  13:13  14:6  16:24  17:5 19:18  22:13  24:2  24:9  25:18  28:10  28:24 30:5  35:1  35:7  37:8  41:23  43:9  44:17 44:21  47:9  50:1  51:7  52:9  53:22  54:11 54:15  55:4  55:6  55:9  55:25  56:3  56:15 56:18  57:23  59:18  59:23  59:24  61:7  61:11 77:6 |
| **talked**(10) 24:4  24:5  37:2  57:12  57:23 65:4  77:20  77:21  86:3  96:8 | | | | | | | |
| | | | | | | **that's**(29) 62:18  67:9  79:7  79:10  79:17 82:14  82:22  84:25  85:2  89:7  91:6  92:9 93:3  94:10  94:20  95:3  95:24  96:2  96:3 97:5  97:25  98:22  102:2  105:4  105:19 105:25  106:10  107:8  107:16 |
| **talking**(14) 29:5  32:17  53:12  53:13  53:16 53:19  53:21  53:23  54:2  54:15  56:1  59:8 65:16  85:19 | | | | | | | |
| **talks**(6) 23:5  39:5  56:16  95:7  105:9  108:4 | | | | | | | |
| **tammy**(1) 109:11 | | | | | | **thau**(1) 9:17 | |
| **tanto**(31) 83:25  88:9  88:20  89:11  89:12 90:12  90:24  91:2  93:18  94:5  94:6  94:7 94:8  95:17  95:20  98:13  98:13  100:4 102:14  102:21  104:5  105:6  105:9  105:10 105:16  106:17  106:19  106:22  107:2  107:5 107:9 | | | | | | **the**(301) 1:1  1:2  1:19  3:44  4:38  9:7  13:3 13:4  13:6  13:7  13:9  13:10  13:10  13:11 13:13  13:15  13:16  13:17  13:17  13:19 13:19  13:22  13:24  13:26  14:1  14:3  14:3 14:5  14:5  14:6  14:7  14:9  14:9  14:10 14:12  14:13  14:14  14:14  14:15  14:16 14:16  14:17  14:18  14:19  14:21  14:22 14:23  14:24  14:25  14:25  15:1  15:2  15:5 15:10  15:11  15:12  15:13  15:14  15:17 15:18  15:19  15:19  15:20  15:21  15:22 15:24  15:24  15:25  16:1  16:3  16:3  16:4 16:6  16:7  16:8  16:9  16:11  16:12  16:12 16:14  16:15  16:16  16:17  16:19  16:20 16:23  16:25  16:25  17:2  17:6  17:6  17:14 17:17  17:22  17:23  17:23  17:25  17:25  18:1 18:4  18:7  18:8  18:9  18:10  18:10  18:11 18:12  18:13  18:15  18:15  18:17  18:19 18:20  18:22  18:23  18:24  18:25  19:1  19:4 19:6  19:6  19:8  19:9  19:10  19:11  19:12 19:12  19:16  19:17  19:18  19:18  19:18 19:20  19:22  19:24  19:25  19:25  20:1  20:2 20:7  20:7  20:7  20:8  20:10  20:13  20:14 20:16  20:17  20:18  20:21  20:22  20:23 20:25  21:5  21:6  21:7  21:8  21:8  21:8  21:9 21:10  21:11  21:11  21:12  21:13  21:14 21:14  21:15  21:16  21:17  21:17  21:20 21:24  21:24  22:3  22:3  22:4  22:5  22:8 22:8  22:10  22:11  22:13  22:15  22:18  22:18 22:19  22:20  22:21  22:22  22:23  22:25  23:2 23:2  23:3  23:4  23:6  23:7  23:9  23:9  23:10 23:12  23:16  23:17  23:17  23:19  23:19 23:20  23:21  23:22  24:2  24:3  24:3  24:4 24:5  24:6  24:6  24:9  24:9  24:9  24:10 24:10  24:11  24:12  24:12  24:13  24:14 24:15  24:18  24:19  24:25  25:2  25:4  25:4 25:5  25:7  25:7  25:10  25:10  25:11  25:11 25:12  25:15  25:16  25:17  25:18  25:19 25:19  25:22  25:23  25:24  26:1  26:2  26:4 26:5  26:12  26:14  26:15  26:21  26:23  26:24 27:1  27:2  27:2  27:5  27:6  27:6  27:7  27:7 27:8  27:8  27:9  27:9  27:10  27:11  27:13 27:13  27:14  27:16  27:17  27:17  27:18 27:20  27:22  27:25  28:5  28:7  28:8  28:9 28:10  28:11  28:11  28:12  28:18  28:19 28:20  28:20  28:20  28:21  28:23  28:23 | |
| **tawil**(1) 10:22 | | | | | | | |
| **taylor**(1) 3:41 | | | | | | | |
| **teck**(1) 12:22 | | | | | | | |
| **teitelbaum**(7) 5:1  5:2  41:6  41:10  41:12 41:14  41:14 | | | | | | | |
| **teitelbaum's**(1) 44:18 | | | | | | | |
| **telephonic**(1) 5:13 | | | | | | | |
| **telesphere**(2) 74:17  75:12 | | | | | | | |
| **tell**(10) 31:15  31:15  44:25  52:13  55:4 56:18  66:4  66:5  92:10  102:14 | | | | | | | |
| **telling**(3) 18:15  21:6  52:16 | | | | | | | |
| **tells**(2) 32:3  59:20 | | | | | | | |
| **ten**(2) 82:18  99:3 | | | | | | | |
| **tends**(1) 17:8 | | | | | | | |
| **term**(4) 20:8  20:9  21:15  68:15 | | | | | | | |
| **terms**(19) 18:23  30:21  30:22  30:24  33:9 35:12  45:12  47:15  47:16  51:1  51:2  57:19 68:16  70:18  70:22  87:16  88:15  91:3 105:18 | | | | | | | |
| **test**(1) 105:24 | | | | | | | |
| **testify**(1) 64:12 | | **that**(198) 85:23  85:24  85:25  86:7  86:11 86:12  86:15  86:16  86:17  86:19  86:21 86:22  87:3  87:4  87:4  87:6  87:9  87:10 87:11  87:15  87:17  87:19  87:19  88:3  88:3 88:5  88:6  88:6  88:16  88:16  88:19  88:23 89:1  89:2  89:6  89:9  89:9  89:10  89:11 89:15  89:17  89:20  89:21  89:22  89:24 89:25  90:6  90:7  90:14  90:17  90:18  90:20 90:25  91:2  91:5  91:9  91:9  91:11  91:13 91:16  91:17  91:20  91:20  91:21  91:21 91:22  92:9  92:16  92:18  92:20  92:25  93:9 93:12  93:14  93:14  93:16  93:16  93:24 93:25  94:5  94:6  94:7  94:10  94:13  94:22 94:22  94:25  95:3  95:3  95:5  95:5  95:8 95:10  95:11  95:11  95:15  95:24  96:1  96:4 96:7  96:8  96:9  96:10  96:11  96:13  96:15 96:17  96:19  96:20  96:21  96:24  96:24  97:1 97:2  97:7  97:7  97:11  97:17  97:14  97:15 97:16  97:24  98:3  98:6  98:6  98:8  98:11 98:12  98:14  98:15  98:18  98:20  98:20 98:21  98:22  99:23  99:18  100:4  100:14 100:15  100:16  101:5  101:6  101:9  101:20 101:23  101:24  101:25  102:4  102:8  102:9 102:12  102:18  102:21  102:25  103:1  103:4 103:10  103:19  103:21  104:6  104:13  104:16 104:20  104:22  104:24  104:24  105:1  105:6 105:7  105:9  105:16  105:18  105:21  105:22 105:23  106:1  106:1  106:3  106:10  106:11 106:13  106:16  106:16  106:23  106:25  107:3 107:6  107:8  107:10  107:15  108:4  108:14 108:15  108:18  108:22  109:1  109:5 | | | |
| **testimony**(1) 52:12 | | | | | | | |
| **than**(21) 13:21  19:1  22:11  28:4  28:18 36:23  37:8  52:13  53:11  58:20  70:9  71:12 72:1  72:7  73:5  85:5  85:5  86:23  87:23 88:24  105:19 | | | | | | | |
| **thank**(37) 15:18  16:14  26:5  34:9  38:1 41:4  41:5  44:4  44:5  45:2  60:7  60:8  60:11 60:21  61:19  61:20  63:21  63:22  65:25 76:22  82:15  82:16  83:2  93:5  93:6  98:25 99:9  101:8  101:9  101:14  103:16  103:17 107:17  108:5  108:7  108:23  109:1 | | | | | | | |
| **thanks**(1) 107:22 | | | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **the**(301) 28:24 29:5 29:7 29:8 29:9 29:9 29:10 29:10 29:11 29:13 29:15 29:17 29:18 29:21 29:22 29:23 29:24 29:25 30: 30:3 30:4 30:5 30:6 30:7 30:8 30:13 30:14 30:15 30:17 30:21 30:25 30:25 31:5 31:6 31:7 31:8 31:8 31:10 31:14 31:15 31:15 31:19 31:19 31:20 31:20 31:21 31:23 31:23 31:24 31:25 32:1 32:2 32:2 32:3 32:5 32:6 32:8 32:9 32:10 32:13 32:13 32:16 32:18 32:20 32:22 32:23 32:24 32:24 33:1 33:1 33:7 33:8 33:9 33:10 33:11 33:11 33:12 33:12 33:14 33:15 33:15 33:15 33:16 33:17 33:25 34: 34:3 34:5 34:8 34:16 34:19 34:19 34:20 34:20 34:21 34:23 34:23 35:1 35:2 35:7 35:7 35:8 35:8 35:10 35:12 35:13 35:15 35:16 35:16 35:18 35:19 35:23 35:23 35:24 36:2 36:2 36:3 36:4 36:5 36:5 36:5 36:7 36:9 36:11 36:11 36:11 36:12 36:13 36:14 36:15 36:19 36:22 36:24 36:25 37:1 37:2 37:3 37:4 37:5 37:7 37:10 37:11 37:12 37:16 37:16 37:19 37:23 37:24 37:25 38:2 38:3 38:5 38:7 38:9 38:10 38:12 38:13 38:14 38:15 38:16 38:17 38:18 38:19 38:20 38:22 38:24 38:24 38:25 38:25 39:6 39:7 39:10 39:11 39:11 39:12 39:13 39:15 39:16 39:16 39:18 39:19 39:20 39:22 39:22 39:23 39:24 39:25 40:1 40:5 40:6 40:7 40:8 40:9 40:9 40:11 40:11 40:12 40:17 40:17 40:18 40:20 40:23 41:2 41:2 41:3 41:3 41:5 41:7 41:9 41:11 41:15 41:20 41:20 41:21 41:22 41:24 41:25 42:3 42:4 42:7 42:8 42:9 42:10 42:10 42:11 42:12 42:12 42:15 42:15 42:17 42:18 42:19 42:20 42:20 42:22 42:22 42:25 42:25 43:1 43:3 43:5 43:7 43:9 43:10 43:12 43:12 43:13 43:16 43:17 43:17 43:18 43:20 43:20 43:22 43:22 43:24 44:1 44:5 44:8 44:8 44:8 44:10 44:10 44:14 44:22 44:25 45:9 45:9 45:11 45:11 45:12 45:13 45:14 45:14 45:16 45:21 45:22 46:1 46:4 46:11 46:12 46:13 46:17 46:18 46:18 46:18 46:19 46:19 46:20 46:22 46:23 47:1 47:2 47:3 47:3 | | **the**(301) 47:4 47:5 47:6 47:6 47:11 47:14 47:16 47:17 47:20 47:24 47:24 48:3 48:7 48:19 48:24 49:2 49:2 49:6 49:6 49:7 49:10 49:13 49:13 49:13 49:15 49:20 49:21 49:22 49:23 49:23 49:24 49:25 49:25 50:1 50:3 50:7 50:9 50:10 50:14 50:15 50:17 50:17 50:18 50:19 50:20 50:21 50:22 50:23 50:24 50:25 50:25 51: 51:2 51:2 51:3 51:3 51:4 51:5 51:5 51:8 51:11 51:12 51:15 51:17 51:18 51:19 51:19 51:20 51:21 51:21 52:2 52:3 52:5 52:7 52:9 52:12 52:13 52:14 52:14 52:16 52:17 52:18 52:19 52:20 52:22 52:24 53:6 53:7 53:14 53:15 53:17 53:18 53:20 53:21 53:22 53:24 54:1 54:1 54:3 54:3 54:4 54:7 54:8 54:9 54:10 54:11 54:11 54:12 54:12 54:12 54:13 54:14 54:19 54:20 54:21 54:23 54:25 55:1 55:5 55:7 55:8 55:10 55:12 55:13 55:13 55:13 55:14 55:18 55:19 55:20 55:21 55:21 55:24 55:25 56:1 56:4 56:8 56:9 56:10 56:11 56:13 56:13 56:15 56:16 56:20 56:21 56:22 56:22 56:23 56:25 57:1 57:3 57:3 57:4 57:5 57:5 57:6 57:8 57:8 57:11 57:11 57:14 57:16 57:17 57:24 58:5 58:5 58:7 58:8 58:8 58:8 58:13 58:15 58:15 58:15 58:21 58:22 58:22 59:1 59:2 59:4 59:6 59:10 59:20 59:21 59:23 60:7 60:10 60:16 60:17 60:17 60:19 60:20 60:22 60:24 60:25 61:1 61:4 61:6 61:6 61:7 61:8 61:11 61:12 61:14 61:18 61:19 61:22 61:23 61:23 61:24 62:1 62:3 62:3 62:4 62:6 62:11 62:12 62:13 62:13 62:15 62:16 62:17 62:18 62:19 62:20 62:20 62:21 62:21 62:22 62:23 62:24 62:25 63:1 63:2 63:2 63:3 63:4 63:5 63:5 63:9 63:10 63:13 63:17 63:18 63:18 63:25 64:3 64:6 64:8 64:10 64:11 64:11 64:12 64:13 64:15 64:15 64:16 64:17 64:18 64:21 64:22 64:24 64:25 65:4 65:4 65:6 65:7 65:10 65:11 65:11 65:12 65:12 65:12 65:12 65:13 65:15 65:15 65:16 65:19 65:20 65:21 65:22 65:23 | | **the**(301) 65:23 65:24 65:25 65:25 66:3 66:8 66:10 66:11 66:12 66:12 66:14 66:15 66:15 66:16 66:16 66:17 66:17 66:18 66:21 66:22 67:5 67:6 67:7 67:8 67:8 67:12 67:14 67:15 67:15 67:16 67:17 67:18 67:20 67:25 68:1 68:2 68:3 68:4 68:5 68:6 68:8 68:9 68:9 68:10 68:10 68:12 68:12 68:13 68:13 68:15 68:16 68:16 68:17 68:18 68:19 68:20 68:25 69:5 69:5 69:7 69:8 69:8 69:10 69:13 69:15 69:17 69:18 69:22 69:23 69:23 69:24 69:25 70:3 70:4 70:6 70:7 70:7 70:9 70:9 70:11 70:11 70:15 70:16 70:16 70:17 70:17 70:18 70:19 70:21 70:21 70:23 70:23 70:24 70:24 70:25 71:1 71:2 71:2 71:3 71:4 71:4 71:6 71:7 71:8 71:9 71:10 71:10 71:12 71:15 71:16 71:17 71:17 71:20 71:21 71:23 71:24 71:24 71:25 71:25 72:1 72:5 72:6 72:7 72:8 72:8 72:10 72:11 72:13 72:14 72:14 72:16 72:16 72:17 72:19 72:20 72:22 72:24 73:2 73:3 73:5 73:7 73:7 73:8 73:11 73:13 73:14 73:15 73:16 73:19 73:20 73:20 73:20 73:21 73:22 73:22 73:22 73:24 73:25 73:25 74:2 74:3 74:4 74:4 74:5 74:6 74:6 74:7 74:8 74:8 74:9 74:11 74:12 74:12 74:13 74:13 74:14 74:15 74:14 74:18 74:19 74:20 74:22 74:25 74:25 75:2 75:2 75:2 75:3 75:4 75:6 75:8 75:8 75:10 75:11 75:14 75:15 75:16 75:17 75:18 75:19 75:22 75:22 75:23 75:24 75:25 76:2 76:4 76:5 76:6 76:7 76:8 76:10 76:12 76:13 76:14 76:16 76:17 76:18 76:18 76:19 76:22 76:24 76:24 77:2 77:5 77:7 77:8 77:10 77:11 77:11 77:12 77:13 77:14 77:16 77:18 77:24 78:5 78:6 78:8 78:10 78:10 78:12 78:12 78:14 78:15 78:15 78:15 78:16 78:17 78:20 78:24 79:1 79:2 79:3 79:5 79:6 79:10 79:12 79:13 79:13 79:15 79:15 79:16 79:17 79:20 79:21 79:22 79:23 79:24 80:4 80:5 80:10 80:13 80:14 80:14 80:16 80:17 80:18 80:19 80:23 80:24 80:25 81:1 81:7 81:8 81:8 81:3 81:13 81:14 81:15 81:18 | | **the**(301) 81:18 81:19 81:19 81:21 81:21 81:23 81:23 81:24 81:24 81:25 82:2 82:3 82:5 82:5 82:6 82:8 82:8 82:10 82:10 82:11 82:11 82:12 82:15 82:19 82:19 82:21 82:23 82:24 83:2 83:3 83:5 83:7 83:8 83:9 83:12 83:12 83:13 83:14 83:16 83:18 83:23 83:24 83:25 84:2 84:6 84:7 84:8 84:9 84:9 84:10 84:11 84:12 84:13 84:13 84:14 84:15 84:15 84:16 84:18 84:19 84:20 84:21 84:22 84:22 84:23 84:23 84:24 84:25 85:1 85:3 85:3 85:4 85:6 85:7 85:8 85:9 85:10 85:10 85:11 85:11 85:13 85:15 85:16 85:17 85:18 85:20 85:21 85:22 85:23 85:24 85:25 86:2 86:3 86:4 86:6 86:7 86:7 86:8 86:8 86:9 86:10 86:10 86:11 86:12 86:12 86:13 86:14 86:15 86:16 86:17 86:19 86:19 86:20 86:20 86:21 86:23 86:27 87:2 87:2 87:5 87:6 87:8 87:10 87:11 87:12 87:12 87:12 87:13 87:14 87:14 87:19 87:20 87:20 87:22 87:22 87:25 88:2 88:3 88:6 88:9 88:13 88:13 88:14 88:14 88:15 88:15 88:16 88:18 88:19 88:20 88:21 88:23 88:23 88:25 89:1 89:1 89:2 89:2 89:6 89:7 89:7 89:13 89:13 89:15 89:18 89:18 89:24 89:25 90:1 90:3 90:4 90:5 90:6 90:8 90:9 90:10 90:11 90:14 90:15 90:16 90:17 90:22 90:25 91:1 91:1 91:3 91:6 91:7 91:12 91:14 91:15 91:15 91:16 91:16 91:17 91:17 91:19 91:21 91:22 91:24 91:24 91:25 92:1 92:4 92:6 92:6 92:7 92:7 92:9 92:9 92:12 92:17 92:19 92:21 92:21 92:22 93:1 93:1 93:3 93:3 93:5 93:8 93:8 93:10 93:11 93:13 93:13 93:14 93:15 93:15 93:17 93:18 93:21 93:22 94:6 94:9 94:11 94:16 94:18 94:21 94:22 94:23 94:25 95:3 95:4 95:5 95:8 95:9 95:12 95:13 95:13 95:14 95:15 95:18 95:22 95:23 95:23 95:25 95:25 96:1 96:3 96:4 96:7 96:8 96:9 96:9 96:9 96:1 96:12 96:12 96:16 96:18 96:19 96:19 96:20 96:21 96:21 97:3 97:6 97:10 97:10 97:11 97:12 97:13 97:14 97:15 97:17 97:17 97:18 97:19 97:20 97:21 97:22 97:24 97:24 98:1 98:2 98:6 98:8 98:10 |
| | | | | | | **the**(146) 98:12 98:13 98:14 98:16 98:18 98:20 98:21 98:22 98:25 99:2 99:4 99:4 99:5 99:9 99:7 99:9 99:13 99:15 99:19 99:19 99:25 100:1 100:2 100:3 100:4 100:10 100:10 100:13 100:13 100:18 100:19 100:20 100:23 101:1 101:3 101:4 101:5 101:7 101:9 101:9 101:13 101:16 101:17 101:20 101:22 101:24 101:24 102:1 102:1 102:4 102:8 102:8 102:9 102:13 102:16 102:17 102:17 102:19 102:22 102:24 102:25 103:1 103:2 103:4 103:5 103:8 103:10 103:14 103:17 103:19 103:20 103:21 103:22 103:22 103:23 104:1 104:1 104:4 104:5 104:12 104:13 104:15 104:16 104:16 104:17 104:19 104:20 104:21 104:21 104:23 104:23 104:25 104:25 105:2 105:3 105:4 105:8 105:16 105:17 105:18 105:21 105:23 106:5 106:14 106:14 106:15 106:21 106:21 107:1 107:2 107:4 107:7 107:10 107:11 107:12 107:12 107:12 107:13 107:13 107:14 107:15 107:17 107:20 107:23 108:1 108:1 108:4 108:5 108:5 108:7 108:11 108:12 108:13 108:14 108:16 108:18 108:19 108:19 108:20 108:24 109:1 109:1 109:3 109:5 109:6 109:6 109:7 |
| | | | | | | **their**(44) 19:13 19:19 21:3 21:12 24:22 25:6 25:23 25:25 26:1 30:3 30:10 31:24 32:4 33:5 33:7 33:7 33:21 33:21 33:23 34:4 34:4 39:24 40:14 40:20 42:17 46:21 46:21 46:25 47:1 63:6 74:18 77:16 77:18 78:17 79:6 80:20 84:10 86:2 87:24 95:2 95:15 97:21 98:3 103:15 |

| Word | Page:Line |
|---|---|

**them**(19) 16:4 25:2 25:9 26:2 29:13 33:24 39:6 44:23 51:8 51:17 53:24 67:1 75:13 80:12 88:4 90:13 92:23 100:11 104:8

**themselves**(1) 31:11
**then**(32) 20:11 22:20 32:10 32:24 34:6 35:10 36:7 38:23 39:24 40:1 40:2 40:16 40:24 41:10 41:13 43:20 44:23 45:14 50:7 51:11 54:20 55:11 55:14 65:19 69:9 71:19 75:1 75:6 75:10 88:17 97:20 102:24

**theoretical**(1) 88:25
**theoretically**(2) 104:18 104:19
**theories**(3) 51:14 71:11 100:19
**theory**(4) 59:18 72:25 81:8 102:19
**there**(108) 15:19 17:9 17:16 18:11 19:22 20:19 21:16 21:23 21:25 24:14 28:13 29:3 29:6 29:17 29:19 29:20 29:22 33:11 35:1 36:1 36:2 36:11 36:18 39:14 40:25 41:24 42:6 42:14 42:21 43:2 46:9 46:25 47:8 52:16 53:24 53:25 56:7 56:14 57:5 57:7 57:16 58:6 58:11 58:17 58:24 58:25 59:6 59:9 59:18 60:11 62:14 63:3 63:17 64:8 64:14 65:3 65:7 65:9 65:21 67:6 69:6 72:4 73:10 74:7 77:24 78:19 78:23 78:24 79:3 79:8 80:1 80:6 80:10 80:21 81:20 85:24 88:11 88:25 89:10 89:12 89:15 90:7 90:11 90:13 91:2 91:3 91:25 92:3 92:19 93:12 95:8 95:20 96:13 96:19 99:17 99:23 100:7 100:15 102:7 103:24 104:5 104:7 104:23 105:11 106:2 106:18 106:20 108:7

**there'd**(1) 58:20
**there's**(20) 16:2 16:16 19:20 20:14 26:17 26:18 32:1 33:23 34:25 35:20 36:8 36:17 36:17 40:5 40:6 47:19 53:23 56:5 56:6 86:9

**thereby**(1) 79:7
**therefore**(6) 38:18 40:7 40:13 40:20 49:8 75:17

**there's**(28) 65:22 68:6 69:3 78:1 78:23 79:5 79:18 80:20 82:21 87:17 87:19 88:17 88:23 89:5 90:22 92:5 92:18 95:10 100:7 103:21 105:25 106:6 106:23 106:23 106:2 107:5 107:7 108:3

**these**(45) 15:5 20:21 22:5 22:16 27:16 30:20 31:25 36:8 36:18 38:23 39:7 39:8 42:4 43:19 43:25 46:5 52:6 54:6 59:4 60:1 61:24 62:25 63:15 63:16 66:25 69:1 70:22 72:10 72:23 74:20 74:22 77:20 77:25 79:1 79:21 80:5 80:16 80:18 81:15 91:11 91:12 92:6 95:17 96:6 106:9

**they**(99) 14:16 15:21 15:22 22:23 29:12 33:2 33:6 33:19 33:22 33:25 34:3 35:3 35:15 35:16 36:14 37:4 37:13 38:20 39:23 39:24 40:10 46:18 46:24 47:1 47:4 48:7 48:7 49:20 49:20 49:21 49:22 49:22 52:22 53:7 53:25 53:25 54:22 56:15 57:9 57:9 58:13 58:19 59:22 62:18 62:19 62:20 62:22 63:7 66:25 70:12 72:8 76:25 76:25 77:2 77:3 77:11 77:14 77:18 77:25 78:3 78:10 78:16 78:20 79:1 79:4 79:11 79:12 80:12 80:15 82:8 84:11 85:1 87:9 88:2 88:7 89:8 93:18 93:25 95:2 95:5 95:15 96:16 97:13 97:14 97:15 97:16 97:18 97:19 97:19 97:20 97:20 97:22 97:22 98:10 101:18 102:1 103:5

**they're**(8) 45:17 48:4 53:3 53:16 54:19 55:3 58:12 88:24

**they've**(2) 21:13 52:15
**they'll**(2) 106:13 107:9
**they're**(18) 62:23 63:1 63:1 77:6 77:13 89:3 78:7 78:22 87:21 89:7 93:19 93:21 95:19 96:10 97:11 97:25 106:25

**they've**(4) 96:24 97:2 103:7 103:14
**thing**(7) 27:6 36:20 51:20 55:14 61:16 66:21 67:6

**things**(10) 15:20 23:24 38:14 39:7 39:8 40:22 41:21 59:8 87:11 95:15

**think**(93) 13:25 14:3 15:11 15:15 17:5 18:12 18:16 18:21 19:22 21:20 22:13 22:19 23:1 23:21 26:14 26:15 28:16 29:4 30:9 30:13 31:16 33:8 33:9 34:1 35:25 36:17 36:21 36:23 36:24 37:2 37:11 40:25 41:17 42:2 42:13 43:17 44:21 45:7 45:16 45:21 46:13 47:12 47:22 49:14 49:16 49:17 49:18 51:22 53:1 53:9 54:17 55:4 57:13 59:19 59:20 63:23 81:20 81:22 82:12 82:13 83:22 84:16 85:14 85:23 86:8 88:7 88:9 88:12 89:5 92:11 92:15 92:25 96:24 97:1 98:5 101:16 101:19 102:22 103:14 103:24 104:5 105:1 105:12 105:20 107:7 107:10

**thinking**(1) 94:12
**third**(18) 15:2 23:16 25:8 35:1 40:19 45:12 51:13 59:7 59:9 59:11 59:15 59:17 65:5 74:2 75:7 95:23 105:23 108:4

**this**(183) 13:16 13:23 15:21 15:23 16:6 17:8 17:14 17:19 17:21 17:22 18:17 19:8 19:14 20:22 21:1 21:4 21:7 21:8 21:9 21:16 21:19 22:19 22:21 23:10 25:17 25:20 25:24 26:16 27:12 27:18 28:17 29:24 29:25 31:7 31:21 32:3 33:14 35:11 35:15 36:18 37:22 38:3 38:9 38:11 38:13 38:21 38:22 38:23 39:1 39:2 39:13 39:19 41:8 41:17 41:23 42:9 42:16 43:1 44:3 45:6 46:12 46:22 49:14 50:21 51:22 52:2 52:23 53:17 55:14 55:24 56:4 56:24 57:10 59:1 59:3 59:7 61:23 62:4 63:4 64:9 64:14 64:14 65:19 65:20 66:21 68:5 68:19 69:4 72:25 73:10 73:11 76:13 77:7 77:12 77:23 79:8 79:16 79:19 80:4 80:14 80:21 80:23 83:14 84:3 84:18 85:15 86:15 86:21 87:3 87:7 87:8 88:9 88:11 88:12 90:18 91:5 91:7 91:10 92:4 92:10 93:9 93:17 93:20 94:18 95:7 95:7 95:10 95:14 96:2 96:6 96:7 96:23 97:4 97:10 97:21 98:4 98:6 98:6 98:16 98:17 98:18 99:12 101:10 101:11 101:17 101:21 101:22 102:11 102:14 102:16 103:13 103:20 103:23 103:23 104:1 104:6 104:7 104:9 104:14 104:18 105:2 105:14 105:24 106:4 106:17 106:20 107:8 107:11 107:15 107:25 108:1 108:9 108:15 109:2

**thomas**(2) 5:24 6:18
**thornburg**(1) 2:44
**those**(69) 15:15 16:6 17:11 19:2 19:2 19:17 22:24 22:9 24:2 24:8 24:19 25:14 29:23 29:3 34:14 38:7 38:14 39:21 41:25 48:6 48:25 49:15 51:9 58:3 58:4 58:12 58:14 58:14 58:19 62:2 62:10 62:12 65:1 67:23 69:23 71:14 73:14 74:15 75:4 76:7 77:17 78:12 78:16 79:4 79:14 80:11 81:14 82:9 83:21 85:8 85:12 86:7 86:15 86:25 90:1 92:2 92:2 92:22 92:22 97:23 99:20 99:25 100:2 101:2 103:9 103:14 104:22 105:11 105:24

**though**(5) 39:22 45:19 58:10 62:10 83:10
**thought**(4) 14:12 38:21 44:25 66:23
**thousands**(1) 52:25
**three**(16) 20:2 38:10 39:16 45:4 46:18 64:1 65:17 70:14 90:7 91:25 91:25 92:2 92:2 102:10 102:20 102:20

**three's**(1) 53:15
**through**(10) 20:14 25:5 27:4 27:5 30:9 39:12 43:11 46:17 50:19 87:15

**throughout**(2) 56:4 100:22

**throw**(1) 50:3
**thrust**(1) 63:10
**thus**(3) 73:10 76:3 76:16
**ties**(1) 65:21
**time**(27) 21:1 33:10 36:3 36:11 41:19 44:7 46:9 46:21 58:18 62:20 62:23 65:3 66:25 67:7 73:5 77:20 79:17 86:18 91:15 93:9 93:24 95:21 97:5 98:10 104:9 105:15 107:13

**times**(3) 21:16 54:4 65:6
**tina**(1) 11:30
**title**(6) 48:15 49:3 51:5 53:4 54:11 57:3
**today**(15) 14:1 15:6 25:22 26:1 26:10 28:19 45:22 46:2 50:9 61:14 77:17 77:21 103:16 107:1 108:8

**today's**(1) 13:18
**together**(3) 26:10 26:11 67:1
**too**(2) 40:25 50:5
**took**(8) 27:4 27:5 36:13 79:15 80:15 99:20 99:21 108:13

**tool**(2) 55:9 55:9
**tools**(1) 54:6
**top**(1) 87:24
**topic**(2) 46:8 64:4
**torpedo**(1) 47:1
**torres**(3) 4:16 10:2 26:7
**tort**(1) 91:16
**tortfeasors**(3) 91:9 91:13 91:18
**totally**(1) 37:8
**transaction**(23) 35:24 68:24 69:7 69:9 69:16 69:18 70:6 70:6 70:7 70:9 71:16 72:7 75:8 75:25 78:5 78:6 79:11 81:9 81:11 84:14 86:16 87:3 107:15

**transactions**(3) 73:21 74:1 79:14
**transaction's**(1) 68:25
**transcriber**(1) 109:1
**transcript**(4) 1:18 1:47 104:1 109:6
**transcription**(2) 1:40 1:47
**transfer**(15) 36:13 36:21 41:7 41:2 49:24 62:6 69:25 71:18 73:4 89:21 89:22 90:5 90:9 90:16 103:6

**transference**(2) 48:14 49:3
**transferor**(1) 73:6
**transferred**(3) 36:40 40:19 48:22 49:10

**transfers**(3) 40:7 85:11 85:19
**treated**(2) 98:8 98:19
**treatment**(5) 15:1 15:1 15:8 25:25 42:23
**trehan**(1) 8:10
**treister**(1) 34:11
**treistler**(1) 4:36
**trial**(5) 33:17 46:10 48:19 52:9 64:12
**tribune**(8) 1:8 5:7 5:7 6:11 6:22 18:5 53:14 59:16

**tried**(1) 101:24
**trigger**(1) 22:4
**triggering**(2) 35:9 53:8
**true**(4) 40:16 71:7 87:1 107:8
**trust**(57) 2:22 10:1 11:17 14:3 14:24 15:24 19:21 20:7 20:13 20:18 20:24 30:10 30:13 32:4 33:2 33:5 42:3 42:10 43:9 44:14 59:15 61:13 62:24 62:24 63:3 63:2 66:15 67:15 67:17 68:5 68:9 68:22 69:5 69:10 72:14 72:18 74:13 74:20 75:23 76:6 76:6 76:8 76:12 76:18 77:8 80:19 81:14 81:19 81:22 81:24 82:5 82:9 82:12 87:12 87:12 87:14 87:20

**trustee**(22) 15:8 19:13 20:5 20:6 21:3 21:12 25:7 25:7 25:22 28:2 28:3 39:13 39:18 39:25 44:15 59:15 60:16 60:17 61:5 65:4 65:15 65:22

**trustee's**(2) 57:24 58:13

**trustees**(1) 22:17
**trusts**(1) 20:20
**truth**(1) 91:2
**try**(9) 34:15 45:5 47:1 69:22 78:1 79:11 89:25 90:3 93:10

**trying**(7) 28:21 42:2 44:1 77:11 83:19 87:1 108:16

**tuesday**(1) 13:1
**turn**(6) 21:13 25:9 50:14 54:19 59:19 88:4
**turned**(3) 17:19 30:4 89:20
**turnover**(5) 21:7 21:23 23:6 54:22 58:9
**tweed**(1) 12:5
**two**(27) 24:7 26:17 27:7 33:19 38:10 43:7 47:19 53:15 63:5 64:4 64:23 66:19 69:4 70:13 73:7 80:11 85:16 85:18 85:18 87:18 89:13 90:9 90:11 90:14 91:5 91:8 95:10

**tyler**(1) 7:37
**type**(6) 17:17 70:1 80:1 99:17 105:2
**types**(1) 81:12
**typically**(1) 23:23
**u.s**(1) 24:11
**ultimate**(1) 55:18
**ultimately**(2) 14:9 28:25
**unauthorized**(1) 71:21
**unavailing**(1) 47:9
**uncontroversial**(2) 85:15 85:16
**undefined**(1) 21:17
**under**(41) 14:4 18:11 21:21 22:6 25:7 25:17 31:21 31:25 32:1 34:16 37:15 38:14 38:16 38:24 38:24 39:25 40:20 47:10 49:1 50:7 51:14 57:25 59:12 63:15 65:18 65:20 71:13 72:9 72:24 75:4 87:22 89:6 91:20 95:21 95:22 98:1 98:17 103:6 103:7 105:15

**underlying**(2) 73:23 74:7
**understand**(1) 28:19
**understanding**(8) 42:8 42:14 43:22 47:15 51:25 53:12 55:14 93:9

**understood**(1) 34:2
**undertaken**(1) 86:23
**undisputed**(1) 14:19
**undoubtedly**(1) 75:21
**undue**(2) 20:9 79:11
**unenforceable**(1) 68:16
**unfair**(3) 87:7 87:8 88:8
**unfairly**(1) 90:25
**unidentifiable**(1) 51:13
**unidentified**(2) 51:12 59:17
**uniform**(5) 100:1 100:7 100:15 103:6
**uniformity**(2) 101:6 106:2
**unique**(2) 78:17 79:2
**unit**(1) 24:23
**united**(2) 1:1 1:20
**unknowable**(1) 59:17
**unknown**(2) 51:12 59:17
**unless**(5) 26:3 33:18 76:20 76:25 78:6
**unlike**(2) 31:23 88:12
**unlikely**(2) 99:15 99:16
**unreasonable**(2) 26:20 63:14
**unsecured**(4) 3:12 5:21 42:7 72:19
**unspecified**(1) 102:11
**until**(6) 30:5 62:22 67:9 67:11 78:6 97:4
**unto**(1) 55:24
**unusual**(9) 30:23 39:3 44:16 88:11 88:11 90:19 91:6 105:15 105:16

**unworkable**(1) 100:20
**uphill**(1) 86:5
**upon**(12) 22:8 22:19 30:12 47:23 51:4 53:5 53:6 53:13 53:16 54:12 61:7 65:18

**upper**(1) 20:9
**upstreaming**(2) 86:4 86:5
**urged**(3) 14:15 87:11 88:2

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**urging**(1) 89:11
**usa**(1) 12:9
**usage**(3) 22:19 23:22 24:6
**use**(7) 32:3 48:3 51:4 51:23 59:5 64:21 90:7

**used**(15) 24:3 24:3 24:4 28:1 29:25 32:14 32:19 42:12 52:19 56:3 64:22 103:2 106:15 106:17

**useful**(2) 31:17 55:10
**uses**(2) 21:23 23:3
**utilize**(1) 94:5

**vail**(1) 9:21
**valid**(4) 70:7 74:8 74:8 75:3
**valuable**(3) 99:16 99:18 100:3
**valuating**(1) 66:15
**value**(10) 73:5 74:25 84:23 85:1 85:12 86:19 87:5 87:11 89:22 104:19

**vanschyndle**(1) 9:25
**various**(6) 27:5 87:15 91:23 93:4 95:9 107:2

**vary**(1) 63:18
**versus**(2) 90:24 106:19
**very**(34) 15:5 15:13 18:15 21:15 22:13 26:25 29:15 31:2 31:3 37:14 37:15 39:3 47:14 47:23 48:21 49:18 55:4 55:4 64:1 76:13 77:20 78:15 81:5 81:22 81:23 81:25 86:22 91:6 95:15 95:16 100:18 102:2 105:15 109:1

**vest**(1) 95:12
**victory**(1) 86:2
**vies**(1) 70:8
**view**(4) 19:18 98:15 104:12 104:16
**views**(1) 14:5
**vigorous**(1) 60:13
**virtue**(2) 27:12 81:21
**vis-a**(1) 70:7
**vis-a-vis**(1) 101:4
**voiced**(1) 107:3
**volume**(1) 14:7
**voluntarily**(2) 61:9 61:16
**vora**(1) 12:10
**wait**(1) 20:15
**waiver**(1) 64:18
**walk**(1) 68:10
**walsh**(1) 8:26
**want**(21) 17:10 32:3 33:22 33:25 34:17 35:14 41:19 47:1 50:20 67:1 76:25 77:1 82:23 83:11 96:21 96:22 96:22 103:4 103:19 107:24 108:2

**wanted**(6) 33:22 35:15 67:6 81:6 101:10 108:22

**wants**(2) 33:19 51:10
**war**(1) 52:23
**wardwell**(2) 8:13 99:3

**was**(154) 13:10 14:4 14:7 15:1 15:3 15:10 15:12 17:23 17:24 18:9 18:11 20:23 22:15 24:3 24:4 24:10 24:13 24:14 24:14 24:15 24:17 27:21 29:3 29:4 29:5 29:6 30:12 30:19 30:25 31:2 31:7 31:7 31:8 31:9 32:11 32:12 32:15 32:21 33:11 33:12 33:16 33:21 33:22 35:18 36:2 36:18 37:6 37:24 39:14 39:14 39:23 40:12 40:18 40:18 41:7 42:13 42:14 42:18 42:21 43:8 43:9 43:12 43:17 44:25 45:23 46:11 46:17 46:14 46:25 47:11 49:6 49:10 50:22 52:4 53:2 54:10 54:17 54:24 58:17 58:18 58:18 59:20 60:1 60:11 60:12 60:19 61:5 62:14 63:3 63:8 64:20 65:3 66:24 68:11 69:7 70:2 70:20 70:23 72:21 73:8 73:11 74:4 74:7 75:15 75:16 75:17 77:7 77:9 77:10 78:20 79:5 79:6 79:13 79:17 79:20 79:22 80:16 80:18 81:6 84:19 84:20 85:9 85:10 85:14 85:21 86:11 86:13 86:18 86:22 87:7 87:10 88:3 88:4 89:9 89:10 89:11 89:14 89:19 90:8 90:15 94:1 94:15 94:16 100:2 100:10 101:22 102:8 103:20 103:22 103:23 104:9 108:14 108:15 109:3

**washington**(1) 3:31
**wasn't**(8) 30:19 33:13 38:21 43:18 43:22 58:21 58:21 60:3

**wasn't**(6) 79:16 86:13 89:13 89:15 90:12 104:11

**water**(1) 44:6
**watkins**(1) 8:1
**way**(20) 18:22 22:22 23:2 33:11 34:19 38:9 42:15 42:16 43:6 47:2 52:3 65:6 68:18 76:13 78:17 84:11 86:18 88:23 90:17 102:11
**ways**(1) 105:10
**we'd**(1) 27:23
**we'll**(3) 13:12 13:17 45:12
**we're**(14) 44:1 45:21 50:7 52:8 53:12 53:12 53:19 53:23 54:2 54:4 54:15 55:18 55:19 55:22
**we've**(4) 30:14 45:8 57:12 60:14
**wear**(1) 86:3
**webb**(1) 7:37
**weil**(1) 8:23
**weiss**(1) 8:41
**weitman**(1) 6:27
**well**(40) 14:11 15:1 15:24 20:5 27:6 29:24 31:14 32:3 33:25 34:2 34:23 35:2 36:18 37:3 39:3 40:10 40:15 40:16 40:21 41:10 41:22 45:16 49:7 56:2 60:15 67:5 67:6 71:18 78:20 86:8 92:14 93:10 94:9 94:24 95:9 96:14 96:7 96:23 107:1 107:5 107:18

**well-settled**(2) 67:20 78:3
**wells**(1) 7:24
**went**(3) 30:9 44:19 48:24
**were**(73) 14:12 14:13 14:13 14:16 15:11 15:14 24:3 27:24 30:23 31:5 31:7 31:14 32:23 33:10 34:16 35:2 37:13 39:23 39:24 40:15 41:19 42:21 43:13 43:14 48:6 48:7 49:23 58:13 60:4 62:19 64:8 64:14 64:17 64:19 66:24 67:1 68:8 73:20 74:7 74:8 74:9 74:12 77:8 77:18 77:18 79:4 80:20 85:3 85:4 85:4 85:11 85:16 85:18 85:18 87:9 89:3 89:16 90:7 90:9 91:12 91:15 91:22 96:9 99:19 100:3 100:25 102:7 103:19 104:7 104:20 107:3 107:13 107:13

**west**(2) 2:46 3:45
**we'd**(1) 100:4 103:15
**we'll**(2) 67:9 103:3
**we're**(6) 64:3 99:24 102:10 103:5 106:6 106:9

**we've**(5) 80:11 86:17 100:10 100:11
**wharton**(1) 8:41

**what**(84) 16:20 22:20 28:23 29:8 29:12 30:9 30:10 30:10 30:19 30:19 33:8 35:22 36:23 38:4 38:8 38:16 39:3 39:12 42:4 42:4 43:9 45:14 45:20 50:18 50:19 51:4 51:11 51:11 52:14 52:16 53:3 53:12 55:11 53:18 53:19 53:22 53:24 54:2 54:15 55:12 56:1 56:15 56:19 56:23 57:8 59:22 59:22 60:15 61:1 61:7 61:13 63:20 66:22 66:24 67:2 73:12 77:6 77:13 77:22 78:22 79:13 84:16 86:23 87:1 92:10 92:12 93:20 93:24 93:25 94:10 95:12 95:19 97:15 100:1 101:1 101:2 101:21 101:21 103:3 104:4 105:21 108:16 108:22

**what's**(4) 29:12 39:20 42:11 55:12
**whatever**(4) 15:22 59:18 61:10 106:3
**whatsoever**(2) 35:6 61:13
**what's4**(3) 83:2 88:18 101:15 107:11
**when**(48) 15:10 21:4 21:23 24:3 24:5 24:7 24:25 26:17 26:18 28:1 28:7 32:21 35:15 37:21 42:13 45:21 48:12 51:10 54:10 58:12 58:13 58:14 58:18 58:19 59:21 60:14 61:17 62:5 62:16 63:17 69:10 70:14 70:25 73:4 73:5 78:16 79:14 81:3 82:10 86:10 87:9 91:4 91:7 92:4 94:17 102:7 106:12

**whence**(1) 21:13
**where**(26) 21:21 23:8 23:11 30:17 31:15 33:2 46:4 52:17 56:7 61:11 64:22 67:21 70:3 72:16 72:20 79:5 79:9 81:14 81:18 86:25 89:25 93:18 98:10 99:6 100:13 108:4
**whereupon**(1) 109:3
**where's**(1) 64:8
**whether**(26) 25:23 27:11 27:12 27:15 32:6 32:12 33:12 33:13 45:10 45:23 45:25 47:18 48:19 74:23 75:6 75:9 80:12 91:12 93:17 93:19 94:13 94:14 94:17 94:19 103:20 107:8

**which**(73) 14:8 15:3 15:16 16:9 17:2 17:16 18:11 18:16 18:19 20:9 21:15 21:20 22:6 23:18 24:11 26:25 28:25 29:25 30:12 31:22 35:23 37:10 37:22 37:25 38:4 39:8 42:6 42:18 43:13 44:18 45:22 46:1 51:2 52:3 57:7 64:19 69:6 69:14 69:16 70:18 70:20 70:23 71:14 71:16 71:16 71:21 78:13 78:21 81:9 83:18 85:10 85:12 86:22 90:7 91:8 92:5 94:2 94:14 95:5 95:15 95:20 97:22 98:8 98:12 100:16 101:3 103:12 106:1 106:4 106:7 106:8

**while**(5) 43:24 71:10 82:18 91:2 103:11
**white**(2) 5:4 7:24
**whittman**(1) 12:14
**who**(37) 17:18 17:18 19:14 22:17 29:4 31:8 32:7 34:16 51:9 51:13 68:24 69:8 69:19 71:18 74:4 74:5 74:9 74:23 74:24 75:9 75:13 75:25 76:14 77:23 78:4 79:20 89:23 90:23 91:3 91:14 91:18 93:4 101:2 106:14 107:11 107:13 107:14

**who's**(4) 20:6 48:5 54:17 54:18
**whole**(9) 17:1 20:11 21:4 25:10 28:20 29:18 56:16 68:13 69:18

**whom**(1) 99:15
**whose**(6) 26:21 58:4 81:15 92:7 98:7 98:15
**why**(3) 44:8 51:24 94:10
**wickersham**(1) 9:39
**wild**(1) 12:18
**will**(42) 20:19 26:15 27:6 28:13 30:4 34:15 35:21 42:10 43:3 44:25 45:5 45:9 45:22 46:7 46:9 50:9 57:14 57:22 59:5 63:17 66:17 68:3 68:17 68:17 69:4 69:6 73:10 75:21 75:23 76:6 76:9 76:10 79:25 81:20 89:2 91:11 94:11 101:23 103:12 104:25 106:4

**william**(1) 2:21
**willingly**(1) 78:4
**willkie**(2) 10:16 10:17
**wilmer**(1) 11:13
**wilmington**(31) 1:12 1:35 2:9 2:12 2:23 2:35 2:41 2:48 3:15 3:46 4:13 4:26 4:33 4:45 11:17 13:1 15:3 15:7 21:1 22:9 23:15 24:24 25:15 30:10 30:13 32:4 33:5 40:3 44:14 59:14 61:13

**wilmington's**(1) 22:2
**windfall**(2) 36:14 37:7
**windfalls**(1) 52:6
**wisler**(1) 4:31
**with**(164) 13:9 13:10 13:12 13:25 13:26 14:1 14:8 14:17 14:24 14:25 15:12 15:24 16:19 17:2 17:7 17:11 17:17 17:23 17:24 21:3 21:19 22:7 23:14 23:21 25:1 25:2 25:4 26:1 26:7 26:10 27:19 28:18 28:23 35:24 37:10 37:17 38:17 39:1 39:23 40:11 40:20 41:13 41:18 41:24 42:1 42:3 42:3 46:4 46:23 47:13 47:14 48:17 49:2 49:13 49:14 50:13 51:10 52:8 53:3 53:4 53:16 53:18 53:20 53:24 54:10 54:11 55:12 56:8 56:24 56:25 57:1 58:11 58:11 58:20 59:19 61:18 61:22 63:13 66:11 66:25 68:23 70:4 70:19 70:21 73:1 73:6 73:25 75:8 75:17 76:2 76:7 77:1 77:11 78:13 79:11 79:21 81:4 81:22 82:10 82:21 83:7 83:8 84:2 85:3 86:21 87:16 88:22 90:9 90:11 90:15 90:23 91:2 91:20 92:12 92:23 93:1 93:9 94:10 94:12 94:20 95:4 95:12 95:17 96:2 96:2 96:9 96:23 97:3 97:4 98:9 98:13 98:20 98:23 99:2 99:6 99:7 99:13 100:14 100:20 101:6 101:23 102:12 104:10 104:21 104:22 105:1 105:3 105:3 105:10 106:24

**within**(9) 20:18 29:14 40:13 81:15 84:21 85:21 86:12 96:14 96:24

**without**(4) 27:2 55:2 78:9 98:14
**withstanding**(1) 21:10
**witnesses**(5) 53:1 64:8 64:12 64:14 97:19
**won't**(2) 44:23 55:11
**wonder**(1) 94:16
**wong**(1) 12:22
**won't**(1) 78:24
**word**(17) 19:17 19:22 20:8 20:13 20:17 23:7 23:20 24:3 24:4 27:9 27:11 27:25 29:19 29:20 53:25 56:3 58:23

**words**(19) 19:17 22:5 22:9 24:6 24:20 29:1 29:2 29:3 29:11 29:13 29:24 39:15 42:4 51:18 52:18 54:14 55:16 56:8 57:15

**work**(6) 34:24 51:24 51:24 92:21 92:25 102:14

**workable**(2) 95:14 96:22
**workman**(1) 2:45
**world**(1) 49:12
**worth**(3) 85:19 90:12 99:4

| Word | Page:Line | Word | Page:Line |
|---|---|---|---|
| **would**(94) | 15:7  15:15  17:6  17:10  18:18 | **your**(188) | 13:7  13:12  13:15  13:24  14:11 |

**would**(94) 15:7  15:15  17:6  17:10  18:18
18:21  18:22  19:10  19:21  24:25  25:13
26:18  26:19  27:20  28:4  28:5  28:15  28:22
29:21  30:3  30:21  30:23  31:16  32:17  32:18
32:19  32:20  32:22  32:25  33:1  33:3  33:3
36:1  36:3  36:4  36:10  36:10  36:15  37:19
38:12  39:21  40:3  40:15  40:16  40:21  42:15
42:16  42:17  43:15  46:23  52:4  53:10  54:9
57:1  57:10  62:20  63:11  64:13  64:18  66:20
68:10  68:12  69:25  70:19  70:21  71:21
78:11  78:19  79:22  79:23  81:7  81:10  81:17
81:25  82:25  83:1  83:15  84:12  85:12  85:24
85:25  86:1  86:23  87:23  89:15  91:4  95:10
95:11  99:15  101:15  102:9  102:14  106:16
108:17

**wouldn't**(2) 22:16  37:5
**write**(1) 22:14
**written**(4) 29:5  30:20  30:22  30:23
**wrong**(11) 52:3  55:11  55:11  66:4  72:17
74:9  91:15  91:15  103:2  107:13  107:13

**wrongdoing**(4) 69:2  69:17  72:23  73:2
**wrongful**(4) 73:25  79:4  80:2  80:3
**wrote**(1) 46:15
**wtc**(1) 30:9
**www.diazdata.com**(1) 1:44
**year**(1) 77:19
**years**(2) 17:22  18:1
**yellowstone**(1) 72:20
**yes**(8) 13:20  13:22  18:3  18:6  34:10  75:5
101:14  108:11

**yesterday**(3) 13:10  18:3  66:23
**yet**(5) 53:1  62:21  69:11  87:4  105:23
**york**(9) 2:17  3:7  3:24  4:5  4:21  10:6  11:33
103:8

**you**(186) 13:15  13:20  15:18  16:14  16:20
17:5  20:10  20:19  21:23  22:14  22:16  22:24
23:16  24:7  24:8  24:24  25:9  26:5  27:4
27:5  28:1  28:9  28:17  28:17  28:19  28:19
28:21  28:24  29:22  29:23  31:15  33:14
33:20  33:20  34:6  34:9  34:19  35:10  35:12
35:14  36:11  37:14  37:16  38:1  38:6  39:12
40:3  41:4  41:5  41:19  41:23  42:3  43:3
43:16  44:3  44:4  44:5  44:8  44:25  45:2
47:9  48:12  48:12  49:1  52:9  52:10  52:10
52:11  52:12  52:13  52:14  52:16  53:1  53:3
54:10  55:10  57:4  57:14  58:14  58:16  59:21
60:1  60:2  60:2  60:4  60:7  60:8  60:10
60:11  60:15  60:21  61:19  61:20  62:5  63:21
63:22  64:10  64:15  65:6  65:25  67:5  68:20
76:22  77:9  79:1  79:9  80:2  80:17  80:19
80:19  81:3  81:4  82:15  82:16  83:2  84:18
87:10  87:11  87:16  87:17  90:23  91:7  92:4
92:10  92:15  92:25  93:5  93:6  93:12  94:4
94:6  94:7  94:22  95:1  95:6  95:12  95:19
96:5  96:9  96:16  96:20  96:21  96:22  98:4
98:16  98:18  98:23  98:25  99:9  99:12
100:22  101:8  101:9  101:12  101:14  102:3
102:12  102:14  102:14  102:16  103:10
103:16  103:17  103:25  104:18  104:25  105:8
105:18  105:25  106:1  106:6  107:5  107:10
107:17  107:20  107:25  108:2  108:5  108:7
108:13  108:16  108:16  108:17  108:22
108:23  109:1

**you'd**(1) 39:15
**you'll**(2) 20:17  57:15
**you're**(8) 18:24  19:2  21:4  35:5  48:13  52:2
53:20  59:8

**you've**(1) 54:20
**young**(1) 3:41

**your**(188) 13:7  13:12  13:15  13:24  14:11
14:22  15:4  15:10  15:16  15:19  16:5  16:8
16:15  16:19  17:21  19:7  20:15  21:6  22:2
23:10  23:16  24:3  25:6  25:19  26:6  27:22
29:17  33:17  33:18  34:6  34:10  34:14  34:18
34:21  35:9  35:17  35:21  35:25  36:10  37:20
37:23  37:24  38:21  40:15  40:16  41:6  41:12
41:13  41:14  42:1  42:3  42:13  42:14  42:17
42:19  42:24  43:5  43:6  43:8  43:11  43:14
43:15  43:23  43:25  44:2  44:3  44:4  44:6
43:15  45:23  46:6  46:7  47:8  49:5  50:6
50:13  50:22  52:1  52:8  52:19  53:10  53:19
54:7  54:10  54:23  54:24  55:12  57:13  59:20
59:25  60:1  60:3  60:5  60:9  60:12  60:21
61:21  61:22  61:25  62:1  62:5  62:13  63:7
63:13  63:21  63:23  65:9  66:2  66:9  66:12
66:19  67:12  67:18  67:23  67:25  72:4  75:4
76:20  76:23  77:3  77:4  77:5  77:9  80:21
81:2  81:5  82:4  82:16  82:17  83:4  83:6
83:7  83:11  84:2  84:17  84:17  84:19  85:22
86:4  86:5  86:11  87:8  87:9  88:3  88:7
91:20  91:25  92:10  93:7  93:11  93:13  93:25
95:21  96:14  96:24  97:1  97:3  98:15  98:24
99:1  99:10  99:12  101:8  101:11  101:19
103:18  104:1  104:13  105:5  105:17  105:21
105:22  105:24  106:11  106:18  107:7  107:19
107:21  107:24  108:5  108:9

**yourself**(1) 60:1
**you'd**(4) 86:21  96:7  96:10  100:19
**you'll**(1) 105:8
**you're**(7) 85:19  95:16  95:18  96:14  96:23
98:16  101:23

**you've**(4) 95:12  98:8  98:19  98:20
**zabel**(3) 5:38  10:38  10:38
**zell**(2) 25:20  99:12
**zelmanovitz**(1) 10:10
**zensky**(34) 3:3  13:6  13:7  13:8  13:14  13:20
13:23  14:11  14:22  15:18  16:12  16:15  18:3
18:6  18:8  20:17  26:14  27:5  28:16  30:9
41:16  45:16  54:17  60:12  60:14  63:23  64:1
64:5  64:7  66:4  66:23  67:18  77:1  77:19

**zensky's**(2) 41:9  41:18
**zloto**(1) 7:13
**zuckerman**(2) 3:27  5:27
**\*bad**(1) 91:4
**\*solely**(1) 65:11