IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Related to Docket Nos. 6165, 6181, 6415, 6417, 9235, and 9238 |

## CERTIFICATION OF COUNSEL REGARDING AMENDMENT NO. 2 TO AGREEMENT AND ORDER REGARDING TOLLING OF STATUTES OF LIMITATION WITH RESPECT TO INTERCOMPANY ACTIONS

The undersigned, counsel to the above-captioned debtors and debtors in possession (the "Debtors"), hereby certifies as follows:

1. On November 28, 2010, the Debtors filed the Motion of the Debtors for an Order Approving Tolling Agreement Regarding Prosecution of Avoidance Actions and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-8149310v1

Intercompany Actions (the "Intercompany Tolling Agreement Motion") [Docket No. 6165] with the Court. The Intercompany Tolling Agreement Motion sought the Court's authorization for the Debtors to enter into a tolling agreement (the "Tolling Agreement"), made and entered into on October 28, 2010 by Tribune Company ("Tribune"), each of the other Debtors, and each of Tribune's affiliated entities that are not the subject of a chapter 11 petition (the "Non-Debtor Affiliates" and together with the Debtors, collectively referred to herein as, the "Parties") to toll and extend the applicable statutes of limitations for actions or proceedings with respect to any claims that may exist among the Parties (the "Intercompany Actions").

2. On November 12, 2010, the Court entered the Agreement and Order Regarding Tolling of Statutes of Limitations With Respect to Intercompany Actions [Docket No. 6417] (the "Intercompany Tolling Agreement Order").

3. The Tolling Agreement provided that the statute of limitations with respect to the Intercompany Actions would be tolled through and including June 30, 2011, unless extended (the "Expiration Date").

4. Paragraph 3 of the Intercompany Tolling Agreement Order provides that "Any Party may extend the [Expiration Date] with respect to [the Intercompany Actions] upon notice filed by the Party with the Court prior to the Expiration Date; in which case, the Expiration Date applicable to such Party shall be extended until 11:59 PM (eastern time) on the date so specified.

5. On June 13, 2011, the Debtors filed Amendment No. 1 to the Tolling Agreement for the purpose of extending the Expiration Date through and including December 30, 2011 [Docket No. 9235], which was approved by the Court on June 13, 2011 [Docket No. 9238].

46429/0001-8149310v1

6.  Attached hereto as <u>Exhibit A</u> is Amendment No. 2 to the Agreement and Order Regarding Tolling of Statutes of Limitation with Respect to Intercompany Actions (the "<u>Second Amendment</u>"), by which the Parties have agreed to extend the Expiration Date through and including June 30, 2012. Except as modified by the Second Amendment, all other provisions of the Tolling Agreement and the Intercompany Tolling Agreement Order shall remain in full force and effect.

7.  The Debtors respectfully request the Court approve the Second Amendment.

Dated: December 16, 2011

<div style="margin-left: 40%;">

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Dennis M. Twomey
Jillian K. Ludwig
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

</div>

46429/0001-8149310v1