# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br>Jointly Administered<br><br>**Hearing Date: January 11, 2012 at 11:00 a.m. (ET)**<br>**Objection Deadline: January 4, 2012 at 4:00 p.m. (ET)**<br>**Related to Docket Nos. 6753, 7165, 9230, and 9343** |

## SUPPLEMENTAL MOTION TO EXTEND STAY OF AVOIDANCE ACTIONS COMMENCED BY THE DEBTORS PURSUANT TO 11 U.S.C. § 105(A)

The debtors and debtors in possession in the above-captioned chapter 11 cases

(each a "Debtor" and collectively, the "Debtors"), by and through their undersigned counsel,

hereby move this Court (the "Motion") for entry of an order pursuant to section 105(a) of title 11

of the United States Code (the "Bankruptcy Code") further extending the "Termination Date" in

the Order Staying Avoidance Actions Commenced by the Debtors Pursuant to 11 U.S.C.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

§ 105(a) dated December 14, 2010 (Docket No. 7165) (the "Stay Order") from December 30,

2011 to June 30, 2012. In support of this Motion, the Debtors state as follows:

## STATUS OF THE CASE AND JURISDICTION

1.      On December 8, 2008 (the "Petition Date"), the Debtors each filed a

voluntary petition for relief under chapter 11 of the Bankruptcy Code.[2]   In all, the Debtors

comprise 111 entities.

2.      On December 18, 2008, the United States Trustee for the District of

Delaware appointed an official committee of unsecured creditors (the "Committee").

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this

Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief

sought herein are section 105(a) of the Bankruptcy Code and Rule 9006-2 of the Local Rules of

Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of

Delaware (the "Local Rules").

## BACKGROUND TO THE MOTION

4.      Pursuant to Bankruptcy Code section 546(a), the bar date for commencing

avoidance actions in these cases was December 8, 2010 (the "Avoidance Bar Date"). On or prior

to the Avoidance Bar Date, the Debtors commenced approximately ninety-four (94) preference

and fraudulent conveyance avoidance actions against third parties (the "Avoidance Actions") and

entered into tolling agreements with 127 third parties to extend the applicable statute of

limitations for purposes of initiating potential avoidance actions against parties to such tolling

agreements.

---

[2] An additional Debtor, Tribune CNLBC, LLC, formerly known as Chicago National League Ball Club, LLC, filed a
voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.

5.      By motion dated December 3, 2010 (Docket No. 6753) (the "Stay

Motion"), the Debtors requested that this Court stay the further prosecution of the Avoidance

Actions that were initiated by the Debtors in order to conserve estate resources and preserve the

status quo pending the outcome of the proceedings relating to the confirmation of the two

competing plans of reorganization proposed on the one hand by the Debtors, the Official

Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo Gordon & Co.,

L.P., and JPMorgan Chase Bank, N.A. (the "DCL Plan", and the proponents thereof, the "DCL

Plan Proponents") and on the other hand by Aurelius Capital Management LP and the Indenture

Trustees for the Senior Notes and the PHONES Notes (the "Noteholder Plan" and, together with

the DCL Plan, the "Competing Plans").

6.      On December 14, 2010, the Court entered the Stay Order, which provided

for a broad stay of the Avoidance Actions until June 30, 2011 (the "Stay"). In pertinent part, the

Stay Order provides that:

(a)     After the Avoidance Actions are filed and served they shall be deemed
        immediately stayed, except as set forth below, until June 30, 2011
        ("Termination Date").

(b)     All applicable deadlines, other than those applicable to the discovery set
        forth herein, are suspended during the period of the Stay.

(c)     All motion practice (other than motions respecting confidentiality,
        motions to lift, extend or otherwise respecting the Stay, motions with
        respect to the discovery permitted by this Order, motions to intervene, and
        motions regarding settlement) and contested hearings or trials are
        prohibited.

(d)     Notwithstanding the foregoing, during the period the Stay is in effect, the
        Debtors may (a) consistent with applicable Federal Rules of Bankruptcy
        Procedure, amend the complaints in the Avoidance Actions, (b) complete
        service of the complaints in the Avoidance Actions, and (c) take such
        steps, including immediately pursuing discovery, as are necessary for the
        purpose of preventing applicable statutes of limitations or other time-
        related defenses from barring any of the claims asserted in the Avoidance
        Actions.

(e)     During the pendency of the Stay, no defendant to the Avoidance Actions shall answer or otherwise respond to complaints filed therein and all rights of such defendants, including the right to move to dismiss the Avoidance Actions following expiration of the Stay, shall be fully preserved.

See Stay Order at 2.

7.      On June 10, 2011, the Debtors filed the Motion to Extend Stay of Avoidance Actions Commenced by the Debtors Pursuant to 11 U.S.C. § 105(a), by which the Debtors requested that the Court extend the Termination Date through and including December 30, 2011 (Docket No. 9230) (the "Stay Extension Motion"). The Stay Extension Motion was granted by order of this Court dated June 24, 2011 (Docket No. 9343) (the "Stay Extension Order"). Consistent with the Stay Order and the Stay Extension Order, the Avoidance Actions commenced by the Debtors have remained stayed and none of the Avoidance Actions have been settled.[3]

8.      An extensive and lengthy evidentiary trial and oral arguments in connection with the confirmation proceedings on the Competing Plans were held in March, April, and June, 2011. On October 31, 2011, the Court issued the confirmation opinion (Docket No. 10133) (the "Confirmation Opinion"), in which the Court denied confirmation of each of the Competing Plans.

9.      On November 18, 2011, the DCL Plan Proponents filed the Third Amended Joint Plan Of Reorganization For Tribune Company And Its Subsidiaries (the "Third Amended DCL Plan"). The Third Amended DCL Plan is intended to comport with the Confirmation Opinion, by remedying the obstacles to confirmation identified by the Court, thus

---

[3] On December 16, 2011, the Debtors filed a Notice of Dismissal of Adversary Proceeding in Case No. 10-55941 asserted against Howe Sound Pulp and Paper LP, n/k/a 6382 Pulp & Paper Limited Partnership. That entity filed for bankruptcy protection under Canadian law on January 27, 2011, and subsequently issued a distribution to the Debtors on account of the transfers sought to be avoided and recovered by the adversary proceeding.

providing a clear path for the Debtors to exit from bankruptcy as quickly as possible. The DCL

Plan Proponents intend to seek confirmation of the Third Amended DCL Plan in early 2012.

## RELIEF REQUESTED

10.    The Debtors seek an order further extending the Stay of the Avoidance

Actions from December 30, 2011 through and including June 30, 2012, which will permit the

parties to continue to enjoy the benefits of the Stay pending a ruling on confirmation of the Third

Amended DCL Plan.[4] In order to effectuate the extension of the Stay of the Avoidance Actions,

the Debtors request that a copy of the Order granting the relief requested herein be entered on the

docket in each of the Avoidance Actions. Finally, the Debtors request that any Order granting

this relief provide that the Stay may be lifted or further extended by the Court for cause shown,

after notice and a hearing.

## BASIS FOR RELIEF

11.    The Court has inherent authority and jurisdiction to consider and enforce

the terms of the orders it enters, including the Stay Order. See Langston Law Firm v. Miss., 410

B.R. 150, 155 (S.D.N.Y. 2008) ("Bankruptcy courts have inherent or ancillary jurisdiction to

interpret and enforce their own orders wholly independent of the statutory grant of jurisdiction

under 28 U.S.C. § 1334.") (quoting In re Chateaugay Corp., 201 B.R. 48, 62 (Bankr. S.D.N.Y.

1996)); see also In re Fibermark, 369 B.R. 761, 765 (Bankr. D. Vt. 2007); In re White Motor

Credit Corp., 75 B.R. 944, 947-48 (Bankr. N.D. Ohio 1987).

12.    Many of the claims that are the subject of Avoidance Actions in these

cases may be eliminated, reduced, or modified in the event the Third Amended DCL Plan is

confirmed, because the Third Amended DCL Plan provides for full payment to general

---

[4] Pursuant to Local Rule 9006-2, the filing of this Motion automatically extends the December 30, 2011 Termination Date until a hearing on the Motion without the need for a bridge order.

unsecured creditors of the subsidiary Debtors. Accordingly, the Debtors believe it is prudent to continue to the Stay until it is determined how the plan confirmed for the Debtors will treat the Avoidance Actions. Under these circumstances, an extension of the Stay of the Avoidance Actions is in the best interests of the estates.

13.     Extending the December 30, 2011 Termination Date to June 30, 2012 while the Third Amended DCL Plan remains pending before this Court will conserve estate resources, avoid litigation that otherwise might be resolved in part by the Third Amended DCL Plan, and permit the parties to focus on confirmation and issues directly related to the Third Amended DCL Plan. The extension to June 30, 2012 appropriately preserves the status quo while this Court considers the Third Amended DCL Plan and the Debtors take the steps necessary to satisfy the preconditions to a confirmed plan becoming effective, including, but not limited to, obtaining approval from the Federal Communications Commission. The extension of the Stay of the Avoidance Actions will not prejudice any of the defendants to the Avoidance Actions, who will similarly conserve their resources until a final resolution is reached on the Third Amended DCL Plan and the Debtors determine the appropriate course of action on the Avoidance Actions based on that resolution. Should the Third Amended DCL Plan be confirmed and become effective prior to the June 30, 2012 Termination Date, the Debtors or other parties will be able to take appropriate steps to seek to lift the Stay of the Avoidance Actions if necessary.

## NO PRIOR REQUEST

14.     No prior request for the relief sought herein has been made by the Debtors in this or any Court.

## NOTICE

15.    Notice of this Motion has been provided by electronic mail, hand delivery or first class mail to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel to the administrative agents for Tribune's prepetition loan facilities; (iv) counsel to the administrative agent for the Debtors' post-petition loan facility; (v) the indenture trustees for Tribune's prepetition notes; (vi) the defendants in Avoidance Actions; and (vii) all parties having requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, extending the Stay of the Avoidance Actions from December 30, 2011 to June 30, 2012 and granting such other relief as the Court deems just and proper.

Dated: Wilmington, Delaware
      December 16, 2011

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Dennis M. Twomey
Jillian K. Ludwig
One South Dearborn Street
Chicago, IL  60603
Telephone: (312) 853-7000
Facsimile:  (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone: (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION