# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Related to Docket No. 10359 |

## DEBTORS' OBJECTION TO THE MOTION OF JO ANNA CANZONERI MCCORMICK FOR DISMISSAL OF THE DEBTORS' CHAPTER 11 CASES

The debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), by and through their undersigned counsel, hereby file this objection (the "Objection") to the motion of Jo Anna Canzoneri McCormick for the dismissal of Debtors' chapter 11 cases [Docket No. 10359] (the "Motion"). In support of this Objection, Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Ihenc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-8152224v1

1.      The Motion should be denied because it is frivolous and duplicates prior pleadings filed by Ms. McCormick that have been denied by the Court. The Motion is Ms. McCormick's fourth filing in these chapter 11 cases that requests, among other things, that the Court dismiss the Debtors' chapter 11 cases, although it is the first such filing that is styled as a motion to dismiss. See Letter to the Court dated June 8, 2009 [Docket No. 1575]; Claim No. 5844 filed on June 16, 2009; Claim No. 6647 filed on September 7, 2010.[2] The Debtors submit that for all of the reasons that the Court has denied or disallowed the relief sought by Ms. McCormick in the past, it should do so again here. The accusations made by Ms. McCormick against the Debtors are self-evidently outlandish in nature and ungrounded in evidence, fact, and law.

2.      To accomplish dismissal under 11 U.S.C. § 1112(b), a moving party must establish cause, sixteen examples of which are laid out in section 1112(b)(4). See 11 U.S.C. §§ 1112(b)(1) & (4)(A)-(P); see also In re Brewery Park Assocs., L.P., 2011 Bankr. LEXIS 1596, at *43 (Bankr. E.D. Pa. Apr. 29, 2011) ("The term 'cause' is not defined by the statute; the examples provided by subsection 1112(b)(4) are meant to be nonexclusive."). The bankruptcy court has broad equitable discretion to grant relief based upon the particular facts and circumstances of the case. See, e.g., In re PPI Enterprises (U.S.), Inc., 324 F.3d 197, 211 (3d Cir. 2003).

3.      The Debtors cannot identify any coherent argument made by Ms. McCormick as to why the Debtors' chapter 11 cases should be dismissed. As far as the Debtors can discern by her prior filings and the present Motion, Ms. McCormick has been attempting to advance the theory that the provisions in the will of Robert R. McCormick that created what are

---

[2] The proofs of claim filed by Ms. McCormick, each in the amount of $50 billion, have been disallowed and expunged by this Court in response to Debtors' objections to those claims, without Ms. McCormick having responded to the objections or appeared at the hearings on the objections to substantiate her claims. [See Docket Nos. 2894, 3173, 3186, 7675, and 8204.]

2

46429/0001-8152224v1

now known as the Cantigny Foundation and the McCormick Foundation, and the transfer of Tribune stock held by Mr. McCormick to the Foundations upon his death in 1955, were fraudulent in nature such that Ms. McCormick, as a purported family member, is the heir and beneficiary of the McCormick legacy, including the ownership of Tribune Company.[3] Ms. McCormick's filings have variously alleged fraud, embezzlement, and murder surrounding Robert R. McCormick's death as supporting a determination that she is the true owner of Tribune Company. See, e.g., Motion at ¶¶ 1-7. Additionally, Ms. McCormick appears to allege that the McCormick Foundation was fraudulently created with embezzled money, and the charitable grants it has made over the years were fraudulent because (i) the money should have gone to pay "the bills and creditors of Tribune Company[,]" and (ii) "states of the United States of America personally can not take [embezzled] money[.]" Motion at ¶¶ 8-11. The Debtors have previously responded to similar assertions made by Ms. McCormick in detail, which have formed the basis for the Court's prior findings of similar relief. See Debtors' Objection to Claim No. 5844 of Joanna Canzoneri McCormick, and Debtors' Forty-First Omnibus Objection (Non-Substantive) to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 at ¶¶ 19-20 [Docket Nos. 2894 and 7675 respectively]. Rather than repeat the facts and circumstances demonstrating that Ms. McCormick's allegations are meritless, the Debtors incorporate their prior filings in opposition to Ms. McCormick's arguments by reference herein.

4. Ms. McCormick has articulated only unsubstantiated assertions concerning the ownership of the Tribune Company and no legal argument establishing cause to dismiss. This Court has broad equitable discretion to grant relief, but that decision must be based on facts demonstrated by the movant, none of which are present in the Motion. In addition, as

---

[3] See, e.g., June 28, 2009 Letter at 2; Debtors' Objection to Claim No. 5844 of Joanna Canzoneri McCormick at ¶¶ 12-14 [Docket No. 2894].

3

the Debtors have previously demonstrated and Ms. McCormick has not contested, many of the facts alleged by Ms. McCormick are demonstrably untrue and, in any event, are asserted decades after the relevant time. In contrast to Ms. McCormick's fantastical assertions, this Court is well aware of the facts and circumstances of Debtors' bankruptcy proceedings and the status of the cases. The Debtors submit that Ms. McCormick's Motion not only fails to show any legal analysis or evidence of cause to dismiss, but is a frivolous pleading intended for the sole purpose of harassing the Debtors.

46429/0001-8152224v1

## CONCLUSION

For the foregoing reasons, the Debtors respectfully request the Court deny the Motion and grant such other and further relief as the Court deems just and proper. A form of proposed order denying the Motion is submitted herewith.

Dated: Wilmington, Delaware
December 19, 2011

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kenneth P. Kansa
Lydia R. H. Slaby
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

46429/0001-8152224v1