December 9, 2011

The Honorable Kevin J. Carey
United States Bankruptcy Court for the District of Delaware
824 Market Street
5th Floor
Wilmington, Delaware 19801



Re: Tribune Company, et al, Debtors - Case No. 08-13141 (KJC)

Your Honor:

I am the plaintiff in the civil action Conte v. Newsday, Inc., et al., 06 Civ. 4859 (JFB)(ETB) pending before Judge Joseph F. Bianco in the Eastern District of New York in Central Islip, New York. Newsday, Inc. is a non-filing subsidiary of the Tribune Company now known as Tribune ND, Inc. That action was commenced by me against the defendants over five years ago and includes Federal Lanham Act claims and state claims for defamation and tortious interference.

Recently it came to my attention that the Tribune Company, the debtor in the above entitled action, has falsely listed me as a creditor in Schedule F of the Litigation Rider that is part of their Fourth Amended Schedules of Assets and Liabilities filed with the Court on May 13, 2010 as part of their bankruptcy proceedings. Since I never received notice of Tribune's filing, It is my belief that the Tribune Company is fraudulently attempting to discharge my claims that are pending solely against its non-filing subsidiary Tribune ND, Inc. in the Eastern District. I am therefore writing this letter motion to the Court as an interested party to respectfully request that any and all references to my name as a creditor, including the entry of any associated cases and claims brought by me, be ordered stricken from any and all liability schedules filed by the Tribune Company in their bankruptcy proceedings in this case.

Specifically, in Schedule F of the Litigation Rider that is part of their Fourth Amended Schedules of Assets and Liabilities filed with the Court, the Tribune Company lists me as a creditor in two locations (see copy of page 4 of 61 of the schedule attached hereto as Exhibit "A"). First as a creditor in the case Conte v. Newsday, Inc. and later as a creditor (name misspelled) in the case Amorizzo v. Conte where I have third party claims pending. Attached please find as Exhibit "B" a copy of the parties section of the docket in Conte v. Newsday, Inc. that does not include the Tribune Company as either a party or defendant. Also please find attached hereto as Exhibit "C" the caption of Amorizzo v. Conte that includes my third party claims that also do not list the Tribune Company as either a party or defendant. In addition, counsel for the Newsday defendants in Conte v. Newsday, Inc. have affirmatively represented to the Court that Tribune is not and should not be joined as a party in that case and that Tribune ND, Inc. Tribune's non-filing subsidiary is actually the true and only party defendant entity in that case.

I am writing to the Court as to these matters at this late date for the simple reason as I stated above that I was never advised or given notice of these bankruptcy proceedings by Tribune or that I was listed as a creditor by them. The only reason that I even looked into these matters is because Tribune and its General Counsel David Bralow were engaged in a purported mediation

with me recently on Tribune ND's behalf and the Tribune bankruptcy was brought to my attention. As a result I entered my name in an Epiq database that I found online and found my name listed by Tribune as a creditor (see copy of inquiry results attached hereto as Exhibit "D").

As to that mediation, it is now clear to me that Tribune did not have any authority to attempt to make a mediation settlement from its own funds as they intended to do since they are stayed by order of the Court. In particular, the Newsday defendants in my case in the Eastern District affirmatively represented to both Judge Bianco and me that an insurance policy that Tribune holds covers any claims against its subsidiaries and would be used to pay my claims in that case. Upon further inspection of the Fourth Amended Schedules of Assets and Liabilities filed with this Court by Tribune, the insurance policy that Tribune provided me with that they purport covers my claims against their subsidiary Tribune ND, Inc., policy number 8171-0293, is listed by Tribune in Schedule B as personal property in the assets section of that schedule (see copy of page 2 of 2 of that schedule attached hereto as Exhibit "E" and copy of insurance policy definitions that states the policy covers the insured Tribune company and its subsidiaries attached hereto as Exhibit "F"). Therefore, it is my belief that neither Tribune nor Tribune ND, Inc. could have mediated any settlement in my case in the Eastern District since that insurance policy is also subject to the automatic stay ordered by the Court in the bankruptcy case.

As a result and in an effort to resolve the case pending in the Eastern District, in addition to striking my name as a Tribune creditor, I am additionally respectfully requesting that Your Honor lift the automatic stay in place solely as to the Executive Risk Indemnity Inc. policy owned by Tribune, policy number 8171-0293, that insures the non-filing Tribune subsidiary Tribune ND, Inc. so that the negotiation and settlement of my claims in that case can proceed and hopefully be finalized with Tribune ND, Inc.. I thank you in advance for your attention to this matter and I await the Court's reply.

Respectfully Submitted,

*Anthony Conte*

Anthony Conte
Plaintiff Pro Se
2 Ethan Allen Court
South Setauket, New York 11720
(631) 949-1660

cc:

James F. Conlan
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
312-853-7000
312-853-7036 (fax)
*LEAD ATTORNEY*

Robert S. Brady
Young, Conaway, Stargatt & Taylor
The Brandywine Bldg.
1000 West Street, 17th Floor
PO Box 391
Wilmington, DE 19899-0391
302-571-6600
302-571-1253 (fax)

O. Andrew F. Wilson, Esq.
Emery, Celli, Brinkerhoff & Abady LLP
75 Rockefeller Plaza, 20th Floor
New York, New York 10019

Stanford Strenger, Esq.
Salamon, Gruber, Newman, Blaymore & Strenger, P.C.
97 Powerhouse Road, Suite 102
Roslyn Heights, New York 11577