**EXHIBIT "F"**

CONFIDENTIAL



# NewsMedia<sup>SM</sup>

Liability Insurance Policy

**Executive Risk Indemnity Inc.**
*Home Office:*
2711 Centerville Road, Suite 400
Wilmington, Delaware 19808

*Administrative Offices/Mailing Address:*
82 Hopmeadow Street
Simsbury, Connecticut 06070-7683
Phone: 860.408.2000
Fax: 860.408.2002
Email: cber-info@chubb.com
Web Site: http://cber.chubb.com

INS00188

CONFIDENTIAL

DEFENSE EXPENSES ARE INCLUDED IN THE LIMITS OF
LIABILITY UNDER THIS POLICY.  PLEASE READ
THE ENTIRE POLICY CAREFULLY.

EXECUTIVE RISK INDEMNITY INC.

NEWSMEDIA[SM]
LIABILITY INSURANCE POLICY

Subject to the applicable limits of liability and all of the terms and conditions of this Policy, Executive Risk Indemnity Inc. (the Underwriter) and the Insured agree as follows:

I. **INSURING AGREEMENT**

(A) The Underwriter will pay on behalf of the **Insured Loss** as a result of any **Claim** arising out of the **Insured's Newsmedia Activities**, provided that the **Newsmedia Activities** giving rise to the **Claim** occurred during the **Policy Period**.

(B) The Underwriter will pay on behalf of the **Insured** the percentage set forth in ITEM 4 of the Declarations of **Subpoena Defense Expenses** incurred by the **Insured** as a result of any **Covered Subpoena** served on the **Insured** during the **Policy Period**.

II. **DEFINITIONS**

(A) "**Application**" means the application attached to and forming part of this Policy, including any materials submitted in connection with such application, all of which are on file with the Underwriter and are part of this Policy, as if physically attached.

(B) "**Claim**" means:

    (1) any written demand for the retraction of **Matter** published, disseminated or released by an **Insured**;

    (2) any written notice received by an **Insured** that it is the intention of any person or entity to hold the **Insured** responsible for monetary damages or injunctive relief;

    (3) any judicial, administrative or other proceeding against an **Insured**; or

CONFIDENTIAL

    (4)    any written request to toll or waive a statute of limitations relating to a potential **Claim** against an **Insured**.

(C)    "**Company**" means the entity or individual named in ITEM 1 of the Declarations.

(D)    "**Covered Media**" means the publications, programs, broadcast or cable stations, or other communications listed in ITEM 6 of the Declarations, including any special editions of, supplements to, or on-line versions of such media. **Covered Media** also includes publications, programs, broadcast or cable stations, or other communications created or acquired by the **Company** or any **Subsidiary** after the Inception Date in ITEM 2(a) of the Declarations, but only with respect to **Newsmedia Activities** occurring during the ninety (90) days following such creation or acquisition. There will be no coverage under this policy for **Newsmedia Activities** occurring after such ninety (90) day period unless the Underwriter has agreed to provide such coverage upon such terms, conditions and limitations of coverage, and such additional premium, as it may require.

(E)    "**Covered Subpoena**" means a subpoena seeking documents, testimony, information, or other **Matter** obtained by the **Insured** in the course of the **Insured's Newsmedia Activities**.

(F)    "**Defense Expenses**" means reasonable legal fees and expenses incurred in the investigation, defense or appeal of any **Claim**, including the costs of appeal, attachment or similar bonds, provided that the Underwriter shall have no obligation to furnish any bond. **Defense Expenses** do not include any remuneration, salaries, wages, tips, expenses, overhead, or benefits expenses of any **Insured**, except with the prior written consent of the Underwriter.

(G)    "**First Inception Date**" means the Inception Date of the first Newsmedia Liability Policy issued to the **Company** by the Underwriter or an affiliate of the Underwriter and continuously renewed thereafter.

(H)    "**Insured**" means:

    (1)    the **Company** and any **Subsidiary**;

    (2)    any person who was, is or becomes a director, an officer, an employee or a partner of the **Company** or any **Subsidiary**, but only with respect to **Claims** arising out of acts, errors or omissions within the scope of the duties of such director, officer, employee, or partner; in the event of the death, incapacity or bankruptcy of an **Insured** described in this subparagraph (2), any **Claim** against the estate, heirs, legal