# Exhibit A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

EGI-TRB LLC; Tower CH, LLC; Tower DC,
LLC; Tower DL, LLC; Tower EH, LLC; Tower
PH, LLC; Tower HZ, LLC; Tower JB, LLC;
Tower JS, LLC; Tower JK, LLC; Tower JP, LLC;
Tower KS, LLC; Tower LZ, LLC; Tower LL,
LLC; Tower LM, LLC; Tower MH, LLC; Tower
MS, LLC; Tower MZ, LLC; Tower NL, LLC;
Tower PT, LLC; Tower SF, LLC; Tower TT,
LLC; Tower VC, LLC; Tower WP, LLC; Tower
Greenspun DGSPT, LLC; Tower Greenspun
JGGSTP, LLC; Tower Greenspun SGFFT, LLC;
and Tower Greenspun, LLC,

          Plaintiffs,

      -against-

ABN AMRO Clearing Chicago LLC; Alberta W.
Chandler Marital Trust No. 2; Alpine Associated
LLC; Alpine Associates Access LLC; Banc of
America Securities LLC; Banque D'Orsay;
Beverly Perry; Blackrock Institutional Trust; BNP
Paribas Securities Corp; BNP Paribas, New York
Branch; Brown Brothers Harriman & Co.; BZV
Securities Inc.; Cantigny Foundation; Cantor
Fitzgerald & Co.; Chandler Trust No. 1; Chandler
Trust No. 2; CIBC World Markets Corp.; CIBC
World Markets Inc.; Citigroup Global Markets
Inc.; Credit Agricole Securities (USA) Inc.; Credit
Suisse (USA), Inc.; Credit Suisse – Investment
Banking Investment Division; Credit Suisse
Securities (USA) LLC; D.E. Shaw Investment
Management, L.L.C.; Deutsche Bank Securities,
Inc.; Deutsche Bank – Private and Investment
Banking Investments Division; Dorothy B.
Chandler Marital Trust No. 2; Dorothy B.
Chandler Residuary Trust No. 2; E*Trade Clearing
LLC; Earl E. Crowe Trust No. 2; Eaton Vance
Management; Eaton Vance Management, Inc.;
Edward D. Jones & Co., L.P.; Edwards AG &
Sons; Fiduciary Trust Company; Fifth Third Bank;
First Clearing LLC; First Option Consulting, Inc.;
First Option Debt Solutions Ltd.; First Option
Funding Corp.; Gamco Investors, Inc.; Garland

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:



**Case No.** _____

Foundation Trust No. 2; Goldman Sachs Execution            :
& Clearing, L.P.; Goldman, Sachs & Co.;                    :
Greywolf Capital Management L.P.; Helen                     :
Garland Trust No. 2 (For Gwendolyn Garland                 :
Babcock); Helen Garland Trust No. 2 (For Helen             :
Duque Garland); Helen Garland Trust No. 2 (For             :
William M. Garland III); HOC GST Exempt Trust              :
No. 2. Eliza Haskins; HOC GST Exempt Trust                 :
No. 2. John Haskins; HOC GST Exempt Trust                  :
No. 2. Scott Haskins; HOC Trust No. 2 FBO Eliza            :
Haskins; HOC Trust No. 2 FBO John Haskins;                 :
HOC Trust No. 2 FBO Scott Haskins; Interactive            :
Brokers Inc.; Jeffries & Company, Inc.; JP Morgan          :
Clearing Corp.; LPL Financial Corporation;                 :
Manufacturers and Traders Trust Company;                   :
Marian Otis Chandler Trust; Martha P. Pope as              :
Executrix of Estate of Leavitt J. Pope; May C.             :
Goodan Trust No. 2; Merrill Lynch, Pierce, Fenner          :
& Smith Incorporated; Merrill Lynch SFKG;                  :
Mizuho Trust & Banking Co. (USA); Morgan                   :
Stanley & Co. Incorporated; Morgan Stanley                 :
Smith Barney LLC; Morgan, Keegan & Company,                :
Inc.; Nancy Fay Johnson; National Financial                :
Services LLC; Natixis Bleichroeder Inc.; Natixis           :
Securities North America Inc.; Neuberger Berman            :
Inc.; Neuberger Berman LLC; Newedge USA,                   :
LLC; Oppenheimer & Co. Inc.; Patricia Crowe                :
Warren Residuary Trust No. 2; Penson Financial            :
Services, Inc.; Pershing LLC; Philip Chandler              :
Residuary Trust No. 2; Rabo Capital Services Inc.;         :
Raymond James Financial Services, Inc.;                    :
Raymond James Ltd. (USA), Inc.; Raymond,                   :
James & Associates, Inc.; RBC Capital Markets,             :
LLC; RBC Dominion Securities, Inc.; RBS                    :
Securities Inc.; Reliance Trust Company; Robert            :
R. McCormick Foundation; Ruth C. Von Platen                :
Trust No. 2; Ruth McCormick Tankersley; Ruth               :
McCormick Tankersley Trust Dated 12/3/1990;                :
Schultze Asset Management, LLC; Scott Trade,               :
Inc.; SEI Private Trust Co.; SG Americas                   :
Securities, LLC; Stifel, Nicolaus & Company                :
Incorporated; Swiss American Advisors, LLC;                :
Swiss American Corporation; Swiss American                 :
Express, Ltd; T. Rowe Price Group, Inc.; TD                :
Ameritrade Clearing, Inc; Terra Nova Financial,            :
LLC; The Bank of Nova Scotia; UBS Financial                :

Services, Inc; UBS Securities LLC; The Vanguard        :
Financial Group, Inc.; Vanguard Group, Inc;            :
William Blair & Company, L.L.C.; William F.            :
Warchol; John Does 1 to 500.                           :
                                                       :
            Defendants.                                :
                                                       :

## COMPLAINT

Plaintiffs (collectively, "EGI-TRB" and as further described below), by and through their

counsel, Jenner & Block LLP, hereby complain against each of the Defendants and allege as

follows.

### Nature of Action

1.      The purpose of this action is to preserve any rights of recovery EGI-TRB may

have against Defendants related to a 2007 leveraged buy-out transaction (the "LBO

Transaction") of Tribune, Inc. ("Tribune"), including any claims based upon the October 31,

2011 opinion of the United States Bankruptcy Court for the District of Delaware in the

bankruptcy proceedings of Tribune Company and related debtors.  EGI-TRB and Plaintiffs are

creditors of Tribune with claims in excess of $225 million.  On information and belief,

Defendants received payments from Tribune as part of the LBO Transaction and in connection

with the sale of Tribune shares.  Those payments are referred to herein as the "Selling

Shareholder Payments."

2.      Multiple other creditors of Tribune have asserted that the Selling Shareholder

Payments represent fraudulent conveyances of Tribune's assets.  Some creditors have initiated

litigation seeking to prove that contention, while others have indicated that they will initiate such

litigation in the future.

3.      EGI-TRB invested in more than $300 million in Tribune because it believed that

the LBO transaction would be successful.  EGI-TRB did not believe that the Tribune was

insolvent at any relevant time or that the LBO Transaction would render Tribune insolvent or inadequately capitalized.

4.    EGI-TRB believes that litigation asserting fraudulent conveyance claims lack merit. Nonetheless, in the event that it is determined otherwise, EGI-TRB brings this lawsuit to preserve its rights to recovery. EGI-TRB intends to use any right to participate in a potential recovery to encourage the various creditors to resolve these claims without costly litigation.

5.    If it is determined that the Selling Shareholder Payments represent fraudulent conveyances, EGI-TRB is entitled to recover from such transfers or conveyances in an amount in excess of $225 million.

6.    EGI-TRB files this complaint solely as a protective measure and to preserve potential causes of action that parties might otherwise claim are subject to alleged statute of limitations defenses.

7.    As discussed immediately below, the Court should stay proceedings on this complaint. As these issues as litigated in other courts, and as the Tribune bankruptcy proceeding progresses, it may develop that the pursuit of these claims is unnecessary.

## Bankruptcy Stay Of This Action

8.    Tribune and its subsidiaries are the subject of a Chapter 11 reorganization proceeding in the United States District Court for the District of Delaware (the "Bankruptcy Court") under the lead case caption *In re Tribune Company, et al.* (Case No. 08-13141-KJC) (the "Bankruptcy Proceedings").

9.    The filing of this complaint has been authorized by an April 25, 2011 order of the Bankruptcy Court (the "Stay Order," which is attached as Exhibit A), which provides that creditors such as EGI-TRB may file claims like those asserted here, and that such claims shall be stayed in the courts in which they are filed. In particular, the Stay Order provides:

> Absent further order of this Court, litigation commenced by the
> filing of any complaint referenced in paragraphs 3 and 5 above
> shall automatically be stayed in the applicable state court(s) where
> such complaint(s) are filed, or if not automatically in such state
> court(s), then application for the stay in accordance with the
> provisions of this Order shall be made . . . .

Exhibit A at ¶ 6.

10.    Pursuant to the Stay Order, this Court should immediately stay proceedings on

this complaint.

## Parties

### A.    Plaintiffs

11.    Each of the Plaintiffs hold a note issued by Tribune on or about December 20,

2007.  The principal amount of each note is stated in proofs of claim that each Plaintiff filed in

the Bankruptcy Proceedings and the total principal amount of their notes is $225 million.

12.    Plaintiff **EGI-TRB, LLC** is a Delaware Limited Liability Company.

13.    Plaintiff **Tower CH, LLC** is a Delaware Limited Liability Company.

14.    Plaintiff **Tower DC, LLC** is a Delaware Limited Liability Company.

15.    Plaintiff **Tower DL, LLC** is a Delaware Limited Liability Company.

16.    Plaintiff **Tower EH, LLC** is a Delaware Limited Liability Company.

17.    Plaintiff **Tower PH, LLC** is a Delaware Limited Liability Company.

18.    Plaintiff **Tower HZ, LLC** is a Delaware Limited Liability Company.

19.    Plaintiff **Tower JB, LLC** is a Delaware Limited Liability Company.

20.    Plaintiff **Tower JS, LLC** is a Delaware Limited Liability Company.

21.    Plaintiff **Tower JK, LLC** is a Delaware Limited Liability Company.

22.    Plaintiff **Tower JP, LLC** is a Delaware Limited Liability Company.

23.    Plaintiff **Tower KS, LLC** is a Delaware Limited Liability Company.

24.     Plaintiff **Tower LZ, LLC** is a Delaware Limited Liability Company.

25.     Plaintiff **Tower LL, LLC** is a Delaware Limited Liability Company.

26.     Plaintiff **Tower LM, LLC** is a Delaware Limited Liability Company.

27.     Plaintiff **Tower MH, LLC** is a Delaware Limited Liability Company.

28.     Plaintiff **Tower MS, LLC** is a Delaware Limited Liability Company.

29.     Plaintiff **Tower MZ, LLC** is a Delaware Limited Liability Company.

30.     Plaintiff **Tower NL, LLC** is a Delaware Limited Liability Company.

31.     Plaintiff **Tower PT, LLC** is a Delaware Limited Liability Company.

32.     Plaintiff **Tower SF, LLC** is a Delaware Limited Liability Company.

33.     Plaintiff **Tower TT, LLC** is a Delaware Limited Liability Company.

34.     Plaintiff **Tower VC, LLC** is a Delaware Limited Liability Company.

35.     Plaintiff **Tower WP, LLC** is a Delaware Limited Liability Company.

36.     Plaintiff **Tower Greenspun DGSPT, LLC** is a Delaware Limited Liability Company.

37.     Plaintiff **Tower Greenspun JGGSTP, LLC** is a Delaware Limited Liability Company.

38.     Plaintiff **Tower Greenspun SGFFT, LLC** is a Delaware Limited Liability Company.

39.     Plaintiff **Tower Greenspun, LLC** is a Delaware Limited Liability Company.

**B.     Defendants**

40.     Each of the Defendants named in this action are entities or persons who, upon information and belief, sold at least $1 million in Tribune stock during the LBO Transactions.

The allegations stated in the following paragraphs are based on information and belief and publicly-available materials.

41.    Upon information and belief, **Defendant ABN AMRO Clearing Chicago LLC** is an Illinois Limited Liability Company, and has designated Suzanne L. McAulay, with an address of 175 West Jackson Blvd, Suite 400, Chicago, Illinois 60604, as its agent for service of process.

42.    Upon information and belief, Defendant ABN AMRO Clearing Chicago LLC, received Step One and/or Step Two Transfers from Tribune in the amount of at least $74,543,674.00 as payment for the common stock interests in Tribune owned by either (i) ABN AMRO Clearing Chicago LLC, and/or (ii) other unknown persons or entities for whose benefit ABN AMRO Clearing Chicago LLC held, transferred or exchanged such stock interests.

43.    Upon information and belief, **Defendant Robert R. McCormick Foundation** is an Illinois Corporation, which has designated Lou Marsico, with an address of 205 N. Michigan Avenue Suite 4300, Chicago, Illinois 60601, as its agent for service of process.

44.    Upon information and belief, Defendant Robert R. McCormick Foundation, received Step One and/or Step Two Transfers from Tribune in the amount of at least $952,808,792.00 as payment for the common stock interests in Tribune owned by either (i) Robert R. McCormick Foundation, and/or (ii) other unknown persons or entities for whose benefit Robert R. McCormick Foundation held, transferred or exchanged such stock interests.

45.    Upon information and belief, **Defendant Cantigny Foundation** is an Illinois Corporation, which has designated Lou Marsico, with an address of 205 N. Michigan Avenue, Suite 4300, Chicago, Illinois 60601, as its agent for service of process.

46.     Upon information and belief, Defendant Cantigny Foundation, received Step One and/or Step Two Transfers from Tribune in the amount of at least $110,806,000.00 as payment for the common stock interests in Tribune owned by either (i) Cantigny Foundation, and/or (ii) other unknown persons or entities for whose benefit Cantigny Foundation held, transferred or exchanged such stock interests.

47.     Upon information and belief, **TD Ameritrade Clearing, Inc.** is a Nebraska Corporation, which is authorized to do business in Illinois and has designated Illinois Corporation Service Company, with an address of 801 Adlai Stevenson Drive, Springfield, Illinois 62703, as its agent for service or process.

48.     Upon information and belief, Defendant TD Ameritrade Clearing, Inc., received Step One and/or Step Two Transfers from Tribune in the amount of at least $38,322,284.00 as payment for the common stock interests in Tribune owned by either (i) TD Ameritrade Clearing, Inc., and/or (ii) other unknown persons or entities for whose benefit TD Ameritrade Clearing, Inc. held, transferred or exchanged such stock interests.

49.     Upon information and belief, **Defendant Ruth McCormick Tankersley** is an individual, who is a citizen and/or resident of the State of Illinois, having an address of 130 North Garland Court, Apt. 4504, Chicago, Illinois 60602.

50.     Upon information and belief, Defendant Ruth McCormick Tankersley is a beneficiary of a certain trust formed under the laws of the State of Illinois pursuant to a certain agreement dated 12/3/1990 (the "**Ruth McCormick Tankersley Trust**"), which has an address of 130 North Garland Court, Apt. 4504, Chicago, Illinois 60602.

51.     Upon information and belief, either one or both of Defendants Ruth McCormick Tankersley and/or the Ruth McCormick Tankersley Trust (collectively, the "Tankersley

Defendants"), received Step One and/or Step Two Transfers from Tribune in the amount of at least $20,965,318.00 as payment for the common stock interests in Tribune owned by either (i) one or both of the Tankersley Defendants, and/or (ii) other unknown persons or entities for whose benefit either one or both of the Tankersley Defendants held, transferred or exchanged such stock interests.

52.    Upon information and belief, **Defendant Beverly Perry** is an individual, who is a citizen and/or resident of the State of Illinois, having an address of 6920 Webster Street, Downers Grove, Illinois 60516.

53.    Upon information and belief, Defendant Beverly Perry, received Step One and/or Step Two Transfers from Tribune in the amount of at least $2,487,372.00 as payment for the common stock interests in Tribune owned by either (i) Beverly Perry, and/or (ii) other unknown persons or entities for whose benefit Beverly Perry held, transferred or exchanged such stock interests.

54.    Upon information and belief, **Defendant Nancy Fay Johnson** is an individual, who is a citizen and/or resident of the State of Illinois, does business in or can be found in Illinois.

55.    Upon information and belief, Defendant Nancy Fay Johnson, received Step One and/or Step Two Transfers from Tribune in the amount of at least $4,974,846.00 as payment for the common stock interests in Tribune owned by either (i) Nancy Fay Johnson, and/or (ii) other unknown persons or entities for whose benefit Nancy Fay Johnson held, transferred or exchanged such stock interests.

56.     Upon information and belief, **Defendant William F. Warchol** is an individual, who is a citizen and/or resident of the State of Illinois, having an address of 5558 S Talman Avenue, Chicago, Illinois 60629.

57.     Upon information and belief, Defendant William F. Warchol, received Step One and/or Step Two Transfers from Tribune in the amount of at least $1,632,000.00 as payment for the common stock interests in Tribune owned by either (i) William F. Warchol, and/or (ii) other unknown persons or entities for whose benefit William F. Warchol held, transferred or exchanged such stock interests.

58.     Upon information and belief, **Defendant Alpine Associated LLC** is a limited liability company, which does business in or can be found in Illinois.

59.     Upon information and belief, Defendant Alpine Associated LLC, received Step One and/or Step Two Transfers from Tribune in the amount of at least $15,300,000.00 as payment for the common stock interests in Tribune owned by either (i) Alpine Associated LLC, and/or (ii) other unknown persons or entities for whose benefit Alpine Associated LLC held, transferred or exchanged such stock interests.

60.     Upon information and belief, **Defendant Alpine Associates Access LLC** is a limited liability company, which does business in or can be found in Illinois.

61.     Upon information and belief, Defendant Alpine Associates Access LLC, received Step One and/or Step Two Transfers from Tribune in the amount of at least $15,300,000.00 as payment for the common stock interests in Tribune owned by either (i) Alpine Associates Access LLC, and/or (ii) other unknown persons or entities for whose benefit Alpine Associates Access LLC held, transferred or exchanged such stock interests.

62.　　Upon information and belief, **Defendant Blackrock Institutional Trust** is a trust, which does business in or can be found in Illinois.

63.　　Upon information and belief, Defendant Blackrock Institutional Trust, received Step One and/or Step Two Transfers from Tribune in the amount of at least $59,109,578.00 as payment for the common stock interests in Tribune owned by either (i) Blackrock Institutional Trust, and/or (ii) other unknown persons or entities for whose benefit Blackrock Institutional Trust held, transferred or exchanged such stock interests.

64.　　Upon information and belief, **Defendant BNP Paribas Securities Corp** is a corporation, which has designated CT Corporation System, with an address of 208 S. LaSalle St., Ste. 814, Chicago, Illinois 60604, as its agent for service or process.

65.　　Upon information and belief, Defendant BNP Paribas Securities Corp, received Step One and/or Step Two Transfers from Tribune in the amount of at least $45,224,590.00 as payment for the common stock interests in Tribune owned by either (i) BNP Paribas Securities Corp, and/or (ii) other unknown persons or entities for whose benefit BNP Paribas Securities Corp held, transferred or exchanged such stock interests.

66.　　Upon information and belief, **Defendant Brown Brothers Harriman & Co.** is a company, which has an address of 150 S. Wacker Dr., Ste. 3250, Chicago, Illinois 60606.

67.　　Upon information and belief, Defendant Brown Brothers Harriman & Co., received Step One and/or Step Two Transfers from Tribune in the amount of at least $105,989,628.00 as payment for the common stock interests in Tribune owned by either (i) Brown Brothers Harriman & Co., and/or (ii) other unknown persons or entities for whose benefit Brown Brothers Harriman & Co. held, transferred or exchanged such stock interests.

68.     Upon information and belief, **Defendant BZV Securities Inc.** is a corporation, which does business in or can be found in Illinois.

69.     Upon information and belief, Defendant BZV Securities Inc., received Step One and/or Step Two Transfers from Tribune in the amount of at least $14,262,762.00 as payment for the common stock interests in Tribune owned by either (i) BZV Securities Inc., and/or (ii) other unknown persons or entities for whose benefit BZV Securities Inc. held, transferred or exchanged such stock interests.

70.     Upon information and belief, **Defendant Cantor Fitzgerald & Co.** is a company, which has an address of 335 S. LaSalle St., Chicago, Illinois 60604.

71.     Upon information and belief, Defendant Cantor Fitzgerald & Co., received Step One and/or Step Two Transfers from Tribune in the amount of at least $1,887,000.00 as payment for the common stock interests in Tribune by either (i) Cantor Fitzgerald & Co., and/or (ii) other unknown persons or entities for whose benefit Cantor Fitzgerald & Co. held, transferred or exchanged such stock interests.

72.     Upon information and belief, **Defendant Alberta W. Chandler Marital Trust No. 2** is a trust, which does business in or can be found in Illinois.

73.     Upon information and belief, **Defendant Chandler Trust No. 1** is a trust, which does business in or can be found in Illinois.

74.     Upon information and belief, **Defendant Chandler Trust No. 2** is a trust, which does business in or can be found in Illinois.

75.     Upon information and belief, **Defendant Philip Chandler Residuary Trust No. 2** is a trust, which does business in or can be found in Illinois.

76.     Upon information and belief, **Defendant Dorothy B. Chandler Marital Trust No. 2** is a trust, which does business in or can be found in Illinois.

77.     Upon information and belief, **Defendant Dorothy B. Chandler Residuary Trust No. 2** is a trust, which does business in or can be found in Illinois.

78.     Upon information and belief, **Defendant Marian Otis Chandler Trust** is a trust, which does business in or can be found in Illinois.

79.     Upon information and belief, **Defendant Earl E. Crowe Trust No. 2** is a trust, which does business in or can be found in Illinois.

80.     Upon information and belief, **Defendant May C. Goodan Trust No. 2** is a trust, which does business in or can be found in Illinois.

81.     Upon information and belief, **Defendant Ruth C. Von Platen Trust No. 2** is a trust, which does business in or can be found in Illinois.

82.     Upon information and belief, **Defendant HOC GST Exempt Trust No. 2. Eliza Haskins** is a trust, which does business in or can be found in Illinois.

83.     Upon information and belief, **Defendant HOC GST Exempt Trust No. 2. John Haskins** is a trust, which does business in or can be found in Illinois.

84.     Upon information and belief, **Defendant HOC GST Exempt Trust No. 2. Scott Haskins** is a trust, which does business in or can be found in Illinois.

85.     Upon information and belief, **Defendant HOC Trust No. 2 FBO Eliza Haskins** is a trust, which does business in or can be found in Illinois.

86.     Upon information and belief, **Defendant HOC Trust No. 2 FBO John Haskins** is a trust, which does business in or can be found in Illinois.

87.     Upon information and belief, **Defendant HOC Trust No. 2 FBO Scott Haskins** is a trust, which does business in or can be found in Illinois.

88.     Upon information and belief, **Defendant Patricia Crowe Warren Residuary Trust No. 2** is a trust, which does business in or can be found in Illinois.

89.     Upon information and belief, **Defendant Garland Foundation Trust No. 2** is a trust, which does business in or can be found in Illinois.

90.     Upon information and belief, **Defendant Helen Garland Trust No. 2 (For Gwendolyn Garland Babcock)** is a trust, which does business in or can be found in Illinois.

91.     Upon information and belief, **Defendant Helen Garland Trust No. 2 (For Helen Duque Garland)** is a trust, which does business in or can be found in Illinois.

92.     Upon information and belief, **Defendant Helen Garland Trust No. 2 (For William M. Garland III)** is a trust, which does business in or can be found in Illinois.

93.     Upon information and belief, Defendant Alberta W. Chandler Marital Trust No. 2, Defendant Chandler Trust No. 1, Defendant Chandler Trust No. 2, Defendant Philip Chandler Residuary Trust No. 2, Defendant Dorothy B. Chandler Marital Trust No. 2, Defendant Dorothy B. Chandler Residuary Trust No. 2, Defendant Marian Otis Chandler Trust, Defendant Earl E. Crowe Trust No. 2, Defendant May C. Goodan Trust No. 2, Defendant Ruth C. Von Platen Trust No. 2, Defendant HOC GST Exempt Trust No. 2. Eliza Haskins, Defendant HOC GST Exempt Trust No. 2. John Haskins, Defendant HOC GST Exempt Trust No. 2. Scott Haskins, Defendant HOC Trust No. 2 FBO Eliza Haskins, Defendant HOC Trust No. 2 FBO John Haskins, Defendant HOC Trust No. 2 FBO Scott Haskins, Defendant Patricia Crowe Warren Residuary Trust No. 2, Defendant Garland Foundation Trust No. 2, Defendant Helen Garland Trust No. 2 (For Gwendolyn Garland Babcock), Defendant Helen Garland Trust No. 2 (For Helen Duque

Garland), and Defendant Helen Garland Trust No. 2 (For William M. Garland III) (collectively the "Chandler Trust Defendants"), received Step One and/or Step Two Transfers from Tribune in the amount of at least $1,632,000,000.00 as payment for the common stock interests in Tribune owned by either (i) Chandler Trust Defendants, and/or (ii) other unknown persons or entities for whose benefit Chandler Trust Defendants held, transferred or exchanged such stock interests.

94.     Upon information and belief, **Defendant CIBC World Markets Corp.** is a corporation, which has designated Prentice Hall Corporation, with an address of 801 Adlai Stevenson Drive, Springfield, Illinois 62703, as its agent for service or process.

95.     Upon information and belief, **Defendant CIBC World Markets Inc.** is a corporation, which has an address of 200 W. Madison St. Ste. 2610, Chicago, Illinois 60606.

96.     Upon information and belief, Defendant CIBC World Markets Corp. and Defendant CIBC World Markets Inc. (collectively the "CIBC Work Markets Defendants"), received Step One and/or Step Two Transfers from Tribune in the amount of at least $3,675,094.00 as payment for the common stock interests in Tribune owned by either (i) CIBC Work Markets Defendants, and/or (ii) other unknown persons or entities for whose benefit CIBC Work Markets Defendants held, transferred or exchanged such stock interests.

97.     Upon information and belief, **Defendant Citigroup Global Markets Inc.** is a corporation, which has designated CT Corporation System, with an address of 208 S. LaSalle St., Suite 814, Chicago, Illinois 60604, as its agent for service or process.

98.     Upon information and belief, Defendant Citigroup Global Markets Inc., received Step One and/or Step Two Transfers from Tribune in the amount of at least $177,383,270.00 as payment for the common stock interests in Tribune owned by either (i) Citigroup Global Markets

Inc., and/or (ii) other unknown persons or entities for whose benefit Citigroup Global Markets

Inc. held, transferred or exchanged such stock interests.

99.    Upon information and belief, **Defendant Credit Agricole Securities (USA) Inc.**

is a corporation, which has designated CT Corporation System, with an address of 208 S. LaSalle

St., Suite 814, Chicago, Illinois 60604, as its agent for service or process.

100.    Upon information and belief, Defendant Credit Agricole Securities (USA) Inc.,

received Step One and/or Step Two Transfers from Tribune in the amount of at least

$10,204,454.00 as payment for the common stock interests in Tribune owned by either (i) Credit

Agricole Securities (USA) Inc., and/or (ii) other unknown persons or entities for whose benefit

Credit Agricole Securities (USA) Inc. held, transferred or exchanged such stock interests.

101.    Upon information and belief, **Defendant Credit Suisse (USA), Inc.** is a

corporation, which has designated Illinois Corporation Service Company, with an address of 801

Adlai Stevenson Drive, Springfield, Illinois 62703, as its agent for service or process.

102.    Upon information and belief, Defendant Credit Suisse (USA), Inc., received Step

One and/or Step Two Transfers from Tribune in the amount of at least $10,706,600.00 as

payment for the common stock interests in Tribune owned by either (i) Credit Suisse (USA),

Inc., and/or (ii) other unknown persons or entities for whose benefit Credit Suisse (USA), Inc.

held, transferred or exchanged such stock interests.

103.    Upon information and belief, **Defendant Credit Suisse – Investment Banking**

**Investment Division** is a company, which has an address of 227 W. Monroe St., 40th Floor,

Chicago, Illinois 60606.

104.    Upon information and belief, Defendant Credit Suisse – Investment Banking

Investment Division, received Step One and/or Step Two Transfers from Tribune in the amount

16

of at least $34,516,630.00 as payment for the common stock interests in Tribune owned by either (i) Credit Suisse – Investment Banking Investment Division, and/or (ii) other unknown persons or entities for whose benefit Credit Suisse – Investment Banking Investment Division held, transferred or exchanged such stock interests.

105.    Upon information and belief, **Defendant Credit Suisse Securities (USA) LLC** is a limited liability company, which has designated Illinois Corporation Service Company, with an address of 801 Adlai Stevenson Drive, Springfield, Illinois 62703, as its agent for service or process.

106.    Upon information and belief, Defendant Credit Suisse Securities (USA) LLC, received Step One and/or Step Two Transfers from Tribune in the amount of at least $130,625,076.00 as payment for the common stock interests in Tribune owned by either (i) Credit Suisse Securities (USA) LLC, and/or (ii) other unknown persons or entities for whose benefit Credit Suisse Securities (USA) LLC held, transferred or exchanged such stock interests.

107.    Upon information and belief, **Defendant D.E. Shaw Investment Management, L.L.C.** is a limited liability company, which does business in or can be found in Illinois.

108.    Upon information and belief, Defendant D.E. Shaw Investment Management, L.L.C., received Step One and/or Step Two Transfers from Tribune in the amount of at least $153,472,838.00 as payment for the common stock interests in Tribune owned by either (i) D.E. Shaw Investment Management, L.L.C., and/or (ii) other unknown persons or entities for whose benefit D.E. Shaw Investment Management, L.L.C. held, transferred or exchanged such stock interests.

109.    Upon information and belief, **Defendant Deutsche Bank – Private and Investment Banking Investments Division** is a company, which has an address of 227 W. Monroe, Ste. 4360, Chicago, Illinois 60606.

110.    Upon information and belief, Defendant Deutsche Bank – Private and Investment Banking Investments Division, received Step One and/or Step Two Transfers from Tribune in the amount of at least $78,856,812.00 as payment for the common stock interests in Tribune owned by either (i) Deutsche Bank – Private and Investment Banking Investments Division, and/or (ii) other unknown persons or entities for whose benefit Deutsche Bank – Private and Investment Banking Investments Division held, transferred or exchanged such stock interests.

111.    Upon information and belief, **Defendant Eaton Vance Management** is a company, which does business in or can be found in Illinois.

112.    Upon information and belief, **Defendant Eaton Vance Management, Inc.** is a corporation, which does business in or can be found in Illinois.

113.    Upon information and belief, Defendant Eaton Vance Management and Defendant Eaton Vance Management, Inc. (collectively, the "Eaton Vance Defendants", received Step One and/or Step Two Transfers from Tribune in the amount of at least $49,281,164.00 as payment for the common stock interests in Tribune owned by either (i) Eaton Vance Defendants, and/or (ii) other unknown persons or entities for whose benefit Eaton Vance Defendants held, transferred or exchanged such stock interests.

114.    Upon information and belief, **Defendant Edward D. Jones & Co., L.P.** is a limited partnership, which has designated CT Corporation System, with an address of 208 S. LaSalle St., Suite 814, Chicago, Illinois 60604, as its agent for service or process.

115.    Upon information and belief, Defendant Edward D. Jones & Co., L.P., received Step One and/or Step Two Transfers from Tribune in the amount of at least $6,371,192.00 as payment for the common stock interests in Tribune owned by either (i) Edward D. Jones & Co., L.P., and/or (ii) other unknown persons or entities for whose benefit Edward D. Jones & Co., L.P. held, transferred or exchanged such stock interests.

116.    Upon information and belief, **Defendant Fiduciary Trust Company** is a company, which does business in or can be found in Illinois.

117.    Upon information and belief, Defendant Fiduciary Trust Company, received Step One and/or Step Two Transfers from Tribune in the amount of at least $1,327,326.00 as payment for the common stock interests in Tribune owned by either (i) Fiduciary Trust Company, and/or (ii) other unknown persons or entities for whose benefit Fiduciary Trust Company held, transferred or exchanged such stock interests.

118.    Upon information and belief, **Defendant Fifth Third Bank** is a corporation, which has an address of 233 S. Wacker Drive, Chicago, Illinois 60606.

119.    Upon information and belief, Defendant Fifth Third Bank, received Step One and/or Step Two Transfers from Tribune in the amount of at least $22,589,158.00 as payment for the common stock interests in Tribune owned by either (i) Fifth Third Bank, and/or (ii) other unknown persons or entities for whose benefit Fifth Third Bank held, transferred or exchanged such stock interests.

120.    Upon information and belief, **Defendant First Option Consulting, Inc.** is a corporation, which does business in or can be found in Illinois.

121.    Upon information and belief, **Defendant First Option Debt Solutions Ltd.** is a company, which does business in or can be found in Illinois.

122.    Upon information and belief, **Defendant First Option Funding Corp.** is a corporation, which does business in or can be found in Illinois.

123.    Upon information and belief, Defendant First Option Consulting, Inc., Defendant First Option Debt Solutions Ltd., and Defendant First Option Funding Corp. (collectively the "First Option Defendants"), received Step One and/or Step Two Transfers from Tribune in the amount of at least $14,297,136.00 as payment for the common stock interests in Tribune owned by either (i) First Option Defendants, and/or (ii) other unknown persons or entities for whose benefit First Option Defendants held, transferred or exchanged such stock interests.

124.    Upon information and belief, **Defendant Gamco Investors, Inc.** is a corporation, which does business in or can be found in Illinois.

125.    Upon information and belief, Defendant Gamco Investors, Inc., received Step One and/or Step Two Transfers from Tribune in the amount of at least $54,427,506.00 as payment for the common stock interests in Tribune owned by either (i) Gamco Investors, Inc., and/or (ii) other unknown persons or entities for whose benefit Gamco Investors, Inc. held, transferred or exchanged such stock interests.

126.    Upon information and belief, **Defendant Goldman Sachs Execution & Clearing, L.P.** is a limited partnership, which has designated Illinois Corporation Service Company, with an address of 801 Adlai Stevenson Drive, Springfield, Illinois 62703, as its agent for service or process.

127.    Upon information and belief, Defendant Goldman Sachs Execution & Clearing, L.P., received Step One and/or Step Two Transfers from Tribune in the amount of at least $3,566,396.00 as payment for the common stock interests in Tribune owned by either (i) Goldman Sachs Execution & Clearing, L.P., and/or (ii) other unknown persons or entities for

whose benefit Goldman Sachs Execution & Clearing, L.P. held, transferred or exchanged such stock interests.

128.    Upon information and belief, **Defendant Goldman, Sachs & Co.** is a company, which has designated CT Corporation System, with an address of 208 S. LaSalle St., Ste. 814, Chicago, Illinois 60604, as its agent for service or process.

129.    Upon information and belief, Defendant Goldman, Sachs & Co., received Step One and/or Step Two Transfers from Tribune in the amount of at least $2,030,933,288.00 as payment for the common stock interests in Tribune owned by either (i) Goldman, Sachs & Co., and/or (ii) other unknown persons or entities for whose benefit Goldman, Sachs & Co. held, transferred or exchanged such stock interests.

130.    Upon information and belief, **Defendant Greywolf Capital Management L.P.** is a limited partnership, which does business in or can be found in Illinois.

131.    Upon information and belief, Defendant Greywolf Capital Management L.P., received Step One and/or Step Two Transfers from Tribune in the amount of at least $33,680,400.00 as payment for the common stock interests in Tribune owned by either (i) Greywolf Capital Management L.P., and/or (ii) other unknown persons or entities for whose benefit Greywolf Capital Management L.P. held, transferred or exchanged such stock interests.

132.    Upon information and belief, **Defendant Interactive Brokers Inc.** is a corporation, which has an address of 209 S. LaSalle St., Fl 10 #10, Chicago, Illinois 60604.

133.    Upon information and belief, Defendant Interactive Brokers Inc., received Step One and/or Step Two Transfers from Tribune in the amount of at least $3,454,094.00 as payment for the common stock interests in Tribune owned by either (i) Interactive Brokers Inc., and/or (ii)

other unknown persons or entities for whose benefit Interactive Brokers Inc. held, transferred or exchanged such stock interests.

134.     Upon information and belief, **Defendant Jeffries & Company, Inc.** is a corporation, which does business in or can be found in Illinois.

135.     Upon information and belief, Defendant Jeffries & Company, Inc., received Step One and/or Step Two Transfers from Tribune in the amount of at least $14,617,314.00 as payment for the common stock interests in Tribune owned by either (i) Jeffries & Company, Inc., and/or (ii) other unknown persons or entities for whose benefit Jeffries & Company, Inc. held, transferred or exchanged such stock interests.

136.     Upon information and belief, **Defendant LPL Financial Corporation** is a corporation, which has an address of 1048 W. Morton Ave, Jacksonville, Illinois 62650.

137.     Upon information and belief, Defendant LPL Financial Corporation, received Step One and/or Step Two Transfers from Tribune in the amount of at least $3,566,396.00 as payment for the common stock interests in Tribune owned by either (i) LPL Financial Corporation, and/or (ii) other unknown persons or entities for whose benefit LPL Financial Corporation held, transferred or exchanged such stock interests.

138.     Upon information and belief, **Defendant Manufacturers and Traders Trust Company** is a company, which does business in or can be found in Illinois.

139.     Upon information and belief, Defendant Manufacturers and Traders Trust Company, received Step One and/or Step Two Transfers from Tribune in the amount of at least $3,318,638.00 as payment for the common stock interests in Tribune owned by either (i) Manufacturers and Traders Trust Company, and/or (ii) other unknown persons or entities for

whose benefit Manufacturers and Traders Trust Company held, transferred or exchanged such stock interests.

140.    Upon information and belief, **Defendant Martha P. Pope as Executrix of Estate of Leavitt J. Pope** does business in or can be found in Illinois.

141.    Upon information and belief, Defendant Martha P. Pope as Executrix of Estate of Leavitt J. Pope, received Step One and/or Step Two Transfers from Tribune in the amount of at least $6,857,324.00 as payment for common stock interests in Tribune owned by either (i) Martha P. Pope as Executrix of Estate of Leavitt J. Pope, and/or (ii) other unknown persons or entities for whose benefit Martha P. Pope as Executrix of Estate of Leavitt J. Pope held, transferred or exchanged such stock interests.

142.    Upon information and belief, **Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated** is a corporation, which has designated CT Corporation System, with an address of 208 S. LaSalle St., Suite 814, Chicago, Illinois 60604, as its agent for service or process.

143.    Upon information and belief, Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated, received Step One and/or Step Two Transfers from Tribune in the amount of at least $1,072,958,099.00 as payment for the common stock interests in Tribune owned by either (i) Merrill Lynch, Pierce, Fenner & Smith Incorporated, and/or (ii) other unknown persons or entities for whose benefit Merrill Lynch, Pierce, Fenner & Smith Incorporated held, transferred or exchanged such stock interests.

144.    Upon information and belief, **Defendant Mizuho Trust & Banking Co. (USA)** is a company, which does business in or can be found in Illinois.

145.    Upon information and belief, Defendant Mizuho Trust & Banking Co. (USA), received Step One and/or Step Two Transfers from Tribune in the amount of at least $1,672,018.00 as payment for the common stock interests in Tribune owned by either (i) Mizuho Trust & Banking Co. (USA), and/or (ii) other unknown persons or entities for whose benefit Mizuho Trust & Banking Co. (USA) held, transferred or exchanged such stock interests.

146.    Upon information and belief, **Defendant Morgan Stanley & Co. Incorporated** is a corporation, which has an address of 70 W. Madison St., Ste. 300 Chicago, Illinois 60602.

147.    Upon information and belief, Defendant Morgan Stanley & Co. Incorporated, received Step One and/or Step Two Transfers from Tribune in the amount of at least $162,900,970.00 as payment for the common stock interests in Tribune owned by either (i) Morgan Stanley & Co. Incorporated, and/or (ii) other unknown persons or entities for whose benefit Morgan Stanley & Co. Incorporated held, transferred or exchanged such stock interests.

148.    Upon information and belief, **Defendant Morgan Stanley Smith Barney LLC** is a limited liability company, which has designated CT Corporation System, with an address of 208 S. LaSalle St., Suite 814, Chicago, Illinois 60604, as its agent for service or process.

149.    Upon information and belief, Defendant Morgan Stanley Smith Barney LLC, received Step One and/or Step Two Transfers from Tribune in the amount of at least $83,161,110.00 as payment for the common stock interests in Tribune owned by either (i) Morgan Stanley Smith Barney LLC, and/or (ii) other unknown persons or entities for whose benefit Morgan Stanley Smith Barney LLC held, transferred or exchanged such stock interests.

150.    Upon information and belief, **Defendant Morgan, Keegan & Company, Inc.** is a corporation, which has designated Illinois Corporation Service Company, with an address of 801 Adlai Stevenson Drive, Springfield, Illinois 62703, as its agent for service or process.

151.    Upon information and belief, Defendant Morgan, Keegan & Company, Inc., received Step One and/or Step Two Transfers from Tribune in the amount of at least $1,727,234.00 as payment for the common stock interests in Tribune by either (i) Morgan, Keegan & Company, Inc., and/or (ii) other unknown persons or entities for whose benefit Morgan, Keegan & Company, Inc. held, transferred or exchanged such stock interests.

152.    Upon information and belief, **Defendant National Financial Services LLC** is a limited liability company, which has designated CT Corporation System, with an address of 208 S. LaSalle St., Suite 814, Chicago, Illinois 60604, as its agent for service or process.

153.    Upon information and belief, Defendant National Financial Services LLC, received Step One and/or Step Two Transfers from Tribune in the amount of at least $165,302,118.00 as payment for the common stock interests in Tribune owned by either (i) National Financial Services LLC, and/or (ii) other unknown persons or entities for whose benefit National Financial Services LLC held, transferred or exchanged such stock interests.

154.    Upon information and belief, **Defendant Natixis Bleichroeder Inc.** is a corporation, which does business in or can be found in Illinois.

155.    Upon information and belief, Defendant Natixis Bleichroeder Inc., received Step One and/or Step Two Transfers from Tribune in the amount of at least $5,362,174.00 as payment for the common stock interests in Tribune owned by either (i) Natixis Bleichroeder Inc., and/or (ii) other unknown persons or entities for whose benefit Natixis Bleichroeder Inc. held, transferred or exchanged such stock interests.

156.    Upon information and belief, **Defendant Natixis Securities North America Inc.** is a corporation, which does business in or can be found in Illinois.

157.    Upon information and belief, Defendant Natixis Securities North America Inc., received Step One and/or Step Two Transfers from Tribune in the amount of at least $2,830,194.00 as payment for the common stock interests in Tribune owned by either (i) Natixis Securities North America Inc., and/or (ii) other unknown persons or entities for whose benefit Natixis Securities North America Inc. held, transferred or exchanged such stock interests.

158.    Upon information and belief, **Defendant Neuberger Berman Inc.** is a corporation, which does business in or can be found in Illinois.

159.    Upon information and belief, **Defendant Neuberger Berman LLC** is a limited liability company, which has designated Illinois Corporation Service Company, with an address of 801 Adlai Stevenson Drive, Springfield, Illinois 62703, as its agent for service or process.

160.    Upon information and belief, Defendant Neuberger Berman Inc. and Defendant Neuberger Berman LLC (collectively, the "Neuberger Berman Defendants"), received Step One and/or Step Two Transfers from Tribune in the amount of at least $4,090,914.00 as payment for the common stock interests in Tribune owned by either (i) Neuberger Berman Defendants, and/or (ii) other unknown persons or entities for whose benefit Neuberger Berman Defendants held, transferred or exchanged such stock interests.

161.    Upon information and belief, **Defendant Newedge USA, LLC** is a limited liability company, which has designated CT Corporation System, with an address of 208 S. LaSalle St., Suite 814, Chicago, Illinois 60604, as its agent for service or process.

162.    Upon information and belief, Defendant Newedge USA, LLC, received Step One and/or Step Two Transfers from Tribune in the amount of at least $1,731,416.00 as payment for the common stock interests in Tribune owned by either (i) Newedge USA, LLC, and/or (ii) other

26

unknown persons or entities for whose benefit Newedge USA, LLC held, transferred or exchanged such stock interests.

163.    Upon information and belief, **Defendant Oppenheimer & Co. Inc.** is a corporation, which has designated Prentice Hall Corporation, with an address of 801 Adlai Stevenson Drive, Springfield, Illinois 62703, as its agent for service or process.

164.    Upon information and belief, Defendant Oppenheimer & Co. Inc., received Step One and/or Step Two Transfers from Tribune in the amount of at least $8,884,744.00 as payment for the common stock interests in Tribune owned by either (i) Oppenheimer & Co. Inc., and/or (ii) other unknown persons or entities for whose benefit Oppenheimer & Co. Inc. held, transferred or exchanged such stock interests.

165.    Upon information and belief, **Defendant Penson Financial Services, Inc.** is a corporation, which does business in or can be found in Illinois.

166.    Upon information and belief, Defendant Penson Financial Services, Inc., received Step One and/or Step Two Transfers from Tribune in the amount of at least $7,345,666.00 as payment for the common stock interests in Tribune owned by either (i) Penson Financial Services, Inc., and/or (ii) other unknown persons or entities for whose benefit Penson Financial Services, Inc. held, transferred or exchanged such stock interests.

167.    Upon information and belief, **Defendant Pershing LLC** is a limited liability company, which has designated Illinois Corporation Service Company, with an address of 801 Adlai Stevenson Drive, Springfield, Illinois 62703, as its agent for service or process.

168.    Upon information and belief, Defendant Pershing LLC, received Step One and/or Step Two Transfers from Tribune in the amount of at least $47,345,850.00 as payment for the common stock interests in Tribune owned by either (i) Pershing LLC, and/or (ii) other unknown

persons or entities for whose benefit Pershing LLC held, transferred or exchanged such stock interests.

169.    Upon information and belief, **Defendant Rabo Capital Services Inc.** is a corporation, which does business in or can be found in Illinois.

170.    Upon information and belief, Defendant Rabo Capital Services Inc., received Step One and/or Step Two Transfers from Tribune in the amount of at least $5,205,400.00 as payment for the common stock interests in Tribune owned by either (i) Rabo Capital Services Inc., and/or (ii) other unknown persons or entities for whose benefit Rabo Capital Services Inc. held, transferred or exchanged such stock interests.

171.    Upon information and belief, **Defendant Raymond James Financial Services, Inc.** is a corporation, which has designated CT Corporation System, with an address of 208 S. LaSalle St., Suite 814, Chicago, Illinois 60604, as its agent for service or process.

172.    Upon information and belief, **Defendant Raymond James Ltd. (USA), Inc.** is a corporation, which does business in or can be found in Illinois.

173.    Upon information and belief, **Defendant Raymond, James & Associates, Inc.** is a corporation, which has designated CT Corporation System, with an address of 208 S. LaSalle St., Suite 814, Chicago, Illinois 60604, as its agent for service or process.

174.    Upon information and belief, Defendant Raymond James Financial Services, Inc., Defendant Raymond James Ltd. (USA), Inc., and Defendant Raymond, James & Associates, Inc. (collectively, the "Raymond James Defendants"), received Step One and/or Step Two Transfers from Tribune in the amount of at least $10,272,386.00 as payment for the common stock interests in Tribune owned by either (i) Raymond James Defendants, and/or (ii) other unknown

persons or entities for whose benefit Raymond James Defendants held, transferred or exchanged such stock interests.

175.    Upon information and belief, **Defendant RBC Capital Markets, LLC** is a limited liability company, which has designated Illinois Corporation Service Company, with an address of 801 Adlai Stevenson Drive, Springfield, Illinois 62703, as its agent for service or process.

176.    Upon information and belief, Defendant RBC Capital Markets, LLC, received Step One and/or Step Two Transfers from Tribune in the amount of at least $44,142,574.00 as payment for the common stock interests in Tribune owned by either (i) RBC Capital Markets, LLC, and/or (ii) other unknown persons or entities for whose benefit RBC Capital Markets, LLC held, transferred or exchanged such stock interests.

177.    Upon information and belief, **Defendant RBS Securities Inc.** is a corporation, which has designated Illinois Corporation Service Company, with an address of 801 Adlai Stevenson Drive, Springfield, Illinois 62703, as its agent for service or process.

178.    Upon information and belief, Defendant RBS Securities Inc., received Step One and/or Step Two Transfers from Tribune in the amount of at least $26,656,340.00 as payment for the common stock interests in Tribune owned by either (i) RBS Securities Inc., and/or (ii) other unknown persons or entities for whose benefit RBS Securities Inc. held, transferred or exchanged such stock interests.

179.    Upon information and belief, **Defendant Reliance Trust Company** is a company, which does business in or can be found in Illinois.

180.    Upon information and belief, Defendant Reliance Trust Company, received Step One and/or Step Two Transfers from Tribune in the amount of at least $6,015,892.00 as payment

for the common stock interests in Tribune owned by either (i) Reliance Trust Company, and/or

(ii) other unknown persons or entities for whose benefit Reliance Trust Company held,

transferred or exchanged such stock interests.

181.    Upon information and belief, **Defendant Schultze Asset Management, LLC** is a

limited liability company, which does business in or can be found in Illinois.

182.    Upon information and belief, Defendant Schultze Asset Management, LLC,

received Step One and/or Step Two Transfers from Tribune in the amount of at least

$29,651,400.00 as payment for the common stock interests in Tribune owned by either (i)

Schultze Asset Management, LLC, and/or (ii) other unknown persons or entities for whose

benefit Schultze Asset Management, LLC held, transferred or exchanged such stock interests.

183.    Upon information and belief, **Defendant Scott Trade, Inc.** is a corporation,

which has designated Illinois Corporation Service Company, with an address of 801 Adlai

Stevenson Drive, Springfield, Illinois 62703, as its agent for service or process.

184.    Upon information and belief, Defendant Scott Trade, Inc., received Step One

and/or Step Two Transfers from Tribune in the amount of at least $11,533,038.00 as payment for

the common stock interests in Tribune owned by either (i) Scott Trade, Inc., and/or (ii) other

unknown persons or entities for whose benefit Scott Trade, Inc. held, transferred or exchanged

such stock interests.

185.    Upon information and belief, **Defendant SG Americas Securities, LLC** is a

limited liability company, which has designated CT Corporation System, with an address of 208

S. LaSalle St., Suite 814, Chicago, Illinois 60604, as its agent for service or process.

186.    Upon information and belief, Defendant SG Americas Securities, LLC, received

Step One and/or Step Two Transfers from Tribune in the amount of at least $1,731,858.00 as

payment for the common stock interests in Tribune owned by either (i) SG Americas Securities, LLC, and/or (ii) other unknown persons or entities for whose benefit SG Americas Securities, LLC held, transferred or exchanged such stock interests.

187.    Upon information and belief, **Defendant Stifel, Nicolaus & Company Incorporated** is a corporation, which has designated CT Corporation System, with an address of 208 S. LaSalle St., Suite 814, Chicago, Illinois 60604, as its agent for service or process.

188.    Upon information and belief, Defendant Stifel, Nicolaus & Company Incorporated, received Step One and/or Step Two Transfers from Tribune in the amount of at least $6,035,578.00 as payment for the common stock interests in Tribune owned by either (i) Stifel, Nicolaus & Company Incorporated, and/or (ii) other unknown persons or entities for whose benefit Stifel, Nicolaus & Company Incorporated held, transferred or exchanged such stock interests.

189.    Upon information and belief, **Defendant Swiss American Advisors, LLC** is a limited liability company, which does business in or can be found in Illinois.

190.    Upon information and belief, Defendant Swiss American Advisors, LLC, received Step One and/or Step Two Transfers from Tribune in the amount of at least $3,932,882.00 as payment for the common stock interests in Tribune owned by either (i) Swiss American Advisors, LLC, and/or (ii) other unknown persons or entities for whose benefit Swiss American Advisors, LLC held, transferred or exchanged such stock interests.

191.    Upon information and belief, **Defendant Swiss American Corporation** is a corporation, which does business in or can be found in Illinois.

192.    Upon information and belief, Defendant Swiss American Corporation, received Step One and/or Step Two Transfers from Tribune in the amount of at least $3,932,882.00 as

payment for the common stock interests in Tribune owned by either (i) Swiss American

Corporation, and/or (ii) other unknown persons or entities for whose benefit Swiss American

Corporation held, transferred or exchanged such stock interests.

193.    Upon information and belief, **Defendant Swiss American Express, Ltd** is a

company, which does business in or can be found in Illinois.

194.    Upon information and belief, Defendant Swiss American Express, Ltd, received

Step One and/or Step Two Transfers from Tribune in the amount of at least $3,932,882.00 as

payment for the common stock interests in Tribune owned by either (i) Swiss American Express,

Ltd, and/or (ii) other unknown persons or entities for whose benefit Swiss American Express,

Ltd held, transferred or exchanged such stock interests.

195.    Upon information and belief, **Defendant T. Rowe Price Group, Inc.** is a

corporation, which has an address of 1900 Spring Rd., Oak Brook, Illinois 60523.

196.    Upon information and belief, Defendant T. Rowe Price Group, Inc., received Step

One and/or Step Two Transfers from Tribune in the amount of at least $213,868,432.00 as

payment for the common stock interests in Tribune owned by either (i) T. Rowe Price Group,

Inc., and/or (ii) other unknown persons or entities for whose benefit T. Rowe Price Group, Inc.

held, transferred or exchanged such stock interests.

197.    Upon information and belief, **Defendant Terra Nova Financial, LLC** is a

limited liability company, which has designated Illinois Corporation Service Company, with an

address of 801 Adlai Stevenson Drive, Springfield, Illinois 62703, as its agent for service or

process.

198.    Upon information and belief, Defendant Terra Nova Financial, LLC, received

Step One and/or Step Two Transfers from Tribune in the amount of at least $2,339,200.00 as

payment for the common stock interests in Tribune owned by either (i) Terra Nova Financial, LLC, and/or (ii) other unknown persons or entities for whose benefit Terra Nova Financial, LLC held, transferred or exchanged such stock interests.

199.    Upon information and belief, **Defendant The Bank of Nova Scotia** is a company, which does business in or can be found in Illinois.

200.    Upon information and belief, Defendant The Bank of Nova Scotia, received Step One and/or Step Two Transfers from Tribune in the amount of at least $1,973,428.00 as payment for the common stock interests in Tribune owned by either (i) The Bank of Nova Scotia, and/or (ii) other unknown persons or entities for whose benefit The Bank of Nova Scotia held, transferred or exchanged such stock interests.

201.    Upon information and belief, **Defendant UBS Financial Services, Inc** is a corporation, which has designated Illinois Corporation Service Company, with an address of 801 Adlai Stevenson Drive, Springfield, Illinois 62703, as its agent for service or process.

202.    Upon information and belief, Defendant UBS Financial Services, Inc, received Step One and/or Step Two Transfers from Tribune in the amount of at least $80,417,956.00 as payment for the common stock interests in Tribune owned by either (i) UBS Financial Services, Inc, and/or (ii) other unknown persons or entities for whose benefit UBS Financial Services, Inc held, transferred or exchanged such stock interests.

203.    Upon information and belief, **Defendant Vanguard Financial Group, Inc.** is a corporation, which does business in or can be found in Illinois.

204.    Upon information and belief, **Defendant Vanguard Group, Inc.** is a corporation, which has designated Illinois Corporation Service Company, with an address of 801 Adlai Stevenson Drive, Springfield, Illinois 62703, as its agent for service or process.

205.    Upon information and belief, Defendant Vanguard Financial Group, Inc. and Defendant Vanguard Group, Inc. (collectively, the "Vanguard Defendants"), received Step One and/or Step Two Transfers from Tribune in the amount of at least $97,679,824.00 as payment for the common stock interests in Tribune owned by either (i) Vanguard Defendants, and/or (ii) other unknown persons or entities for whose benefit Vanguard Defendants held, transferred or exchanged such stock interests.

206.    Upon information and belief, **Defendant William Blair & Company, L.L.C.** is a limited liability company, which has designated Timothey L. Burke, with an address of 222 W. Adams Street, Ste. 3300, Chicago, Illinois 60606, as its agent for service or process.

207.    Upon information and belief, Defendant William Blair & Company, L.L.C., received Step One and/or Step Two Transfers from Tribune in the amount of at least $8,382,292.00 as payment for the common stock interests in Tribune owned by either (i) William Blair & Company, L.L.C., and/or (ii) other unknown persons or entities for whose benefit William Blair & Company, L.L.C. held, transferred or exchanged such stock interests.

208.    Upon information and belief, **Defendant Banc of America Securities** is an entity, which does business in or can be found in Illinois.

209.    Upon information and belief, Defendant Banc of America Securities, received Step One and/or Step Two Transfers from Tribune as payment for the common stock interests in Tribune owned by either (i) Banc of America Securities, and/or (ii) other unknown persons or entities for whose benefit Banc of America Securities held, transferred or exchanged such stock interests.

210.    Upon information and belief, **Defendant Banque D'Orsay** is an entity, which does business in or can be found in Illinois.

211.    Upon information and belief, Defendant Banque D'Orsay, received Step One and/or Step Two Transfers from Tribune as payment for the common stock interests in Tribune owned by either (i) Banque D'Orsay, and/or (ii) other unknown persons or entities for whose benefit Banque D'Orsay held, transferred or exchanged such stock interests.

212.    Upon information and belief, **Defendant BNP Paribas, New York Branch** is an entity, which has designated CT Corporation System, with an address of 208 S. LaSalle St., Ste. 814, Chicago, Illinois 60604, as its agent for service or process.

213.    Upon information and belief, Defendant BNP Paribas, New York Branch, received Step One and/or Step Two Transfers from Tribune as payment for the common stock interests in Tribune owned by either (i) BNP Paribas, New York Branch, and/or (ii) other unknown persons or entities for whose benefit BNP Paribas, New York Branch held, transferred or exchanged such stock interests.

214.    Upon information and belief, **Defendant Deutsche Bank Securities, Inc.** is a corporation, which has designated CT Corporation System, with an address of 208 S. LaSalle St., Ste. 814, Chicago, Illinois 60604, as its agent for service or process.

215.    Upon information and belief, Defendant Deutsche Bank Securities, Inc., received Step One and/or Step Two Transfers from Tribune as payment for the common stock interests in Tribune owned by either (i) Deutsche Bank Securities, Inc., and/or (ii) other unknown persons or entities for whose benefit Deutsche Bank Securities, Inc. held, transferred or exchanged such stock interests.

216.    Upon information and belief, **Defendant E\*Trade Clearing LLC** is a limited liability company, which has an address of 125 S. Wacker Dr., Suite 100, Chicago, IL 60606.

217.    Upon information and belief, Defendant E*Trade Clearing LLC, received Step One and/or Step Two Transfers from Tribune as payment for the common stock interests in Tribune owned by either (i) E*Trade Clearing LLC, and/or (ii) other unknown persons or entities for whose benefit E*Trade Clearing LLC held, transferred or exchanged such stock interests.

218.    Upon information and belief, **Defendant Edwards AG & Sons** is an entity, which has designated Illinois Corporation Service Company, with an address of 801 Adlai Stevenson Drive, Springfield, Illinois 62703, as its agent for service or process.

219.    Upon information and belief, Defendant Edwards AG & Sons, received Step One and/or Step Two Transfers from Tribune as payment for the common stock interests in Tribune owned by either (i) Edwards AG & Sons, and/or (ii) other unknown persons or entities for whose benefit Edwards AG & Sons held, transferred or exchanged such stock interests.

220.    Upon information and belief, **Defendant First Clearing LLC** is a limited liability company, which does business in or can be found in Illinois.

221.    Upon information and belief, Defendant First Clearing LLC, received Step One and/or Step Two Transfers from Tribune as payment for the common stock interests in Tribune owned by either (i) First Clearing LLC, and/or (ii) other unknown persons or entities for whose benefit First Clearing LLC held, transferred or exchanged such stock interests.

222.    Upon information and belief, **Defendant JP Morgan Clearing Corp.** is a corporation, which has an address of 70 W Madison St., Suite 2600, Chicago, Illinois 60602.

223.    Upon information and belief, Defendant JP Morgan Clearing Corp., received Step One and/or Step Two Transfers from Tribune as payment for the common stock interests in Tribune owned by either (i) JP Morgan Clearing Corp., and/or (ii) other unknown persons or

entities for whose benefit JP Morgan Clearing Corp. held, transferred or exchanged such stock interests.

224.    Upon information and belief, **Defendant Merrill Lynch SFKG** is an entity, which has an address of 30 W Monroe St., Suite 2500, Chicago, Illinois 60603.

225.    Upon information and belief, Defendant Merrill Lynch SFKG, received Step One and/or Step Two Transfers from Tribune as payment for the common stock interests in Tribune owned by either (i) Merrill Lynch SFKG, and/or (ii) other unknown persons or entities for whose benefit Merrill Lynch SFKG held, transferred or exchanged such stock interests.

226.    Upon information and belief, **Defendant UBS Securities LLC** is a limited liability company, which has designated Illinois Corporation Service Company, with an address of 801 Adlai Stevenson Drive, Springfield, Illinois 62703, as its agent for service or process.

227.    Upon information and belief, Defendant UBS Securities LLC, received Step One and/or Step Two Transfers from Tribune as payment for the common stock interests in Tribune owned by either (i) UBS Securities LLC, and/or (ii) other unknown persons or entities for whose benefit UBS Securities LLC held, transferred or exchanged such stock interests.

**D.    John Doe Defendants.**

228.    Plaintiffs have not been afforded ample time or discovery to ascertain the identity of all parties who received Selling Shareholder Payments.  Further, upon information and belief, the stock of Tribune may have been held by various clearing or other brokerage houses for ultimate beneficiaries.  Upon ascertaining the identity of the John Doe Defendants, Plaintiffs will amend this Complaint.

## Jurisdiction and Venue

229.    Upon information and belief, each Defendant resides in this jurisdiction, has an office in this jurisdiction, does business in this jurisdiction, or is otherwise subject to the jurisdiction of this Court.

230.    Venue is proper based upon the residence, domicile or place of business of some or all of the parties.  The amount at issue in this lawsuit exceeds $50,000.

## Factual Background

231.    On or about April 23, 2007, EGI-TRB invested $250 million in Tribune pursuant to a Securities Purchase Agreement (the "SPA") between EGI-TRB and Tribune dated April 1, 2007.  In exchange for its investment, EGI-TRB obtained a note with a principal amount of $200 million and $50 million in Tribune shares.

232.    EGI-TRB believed that the LBO Transaction would be a success for Tribune and a good investment for EGI-TRB.

233.    Under the SPA, Tribune and EGI-TRB agreed that EGI-TRB would hold its $200 million note until the close of the LBO Transaction, at which time that note would be exchanged and EGI-TRB would be required to invest millions of more dollars into Tribune.

234.    Tribune insisted on undertaking the LBO Transaction in two steps in 2007.  EGI-TRB was obligated at the outset to proceed with both steps.  In the first step ("Step One"), Tribune commenced a cash tender offer in April 2007 that closed on June 4, 2007.  In that tender offer, Tribune repurchased 126 million shares from Tribune stockholders for $34 per share. Tribune financed the tender offer with approximately $4.3 billion of proceeds from an $8 billion credit facility.  EGI-TRB did not sell any shares and did not receive any payments for its Tribune shares in Step One.

38

235.    In the second step ("Step Two"), and on or about December 20, 2007, Tribune incurred additional debt of nearly $4 billion to, among other things, purchase, repurchase, redeem and/or cancel all remaining outstanding shares of its common stock for $34 per share.

236.    As a result of the Step Two transaction, each of the Defendants received Selling Shareholder Payments of $34 per share in cash for their Tribune shares.  On information and belief, Defendants collectively received more than $2 billion dollars in Selling Shareholder Payments.

237.    While the Defendants received cash payouts at Step Two, EGI-TRB invested more money in Tribune pursuant to the SPA, increasing its total investment from $250 million to $315 million.  In connection with Step Two and as required under the SPA, EGI-TRB and the Plaintiffs identified in Paragraphs 13 to 39 loaned $225 million to Tribune through a promissory note ("EGI-TRB's Notes") and purchased a 15-year warrant for $90 million.  Thus, unlike Tribune shareholders like the Defendants who made money on the LBO Transaction when their Tribune shares were redeemed for cash at $34 per share, EGI-TRB invested additional millions of dollars in Tribune on December 20, 2007.

238.    The Tribune Entities guaranteed the indebtedness incurred by Tribune in Step One and Step Two.

239.    Upon information and belief, all of the Selling Shareholder Payments were approved by Tribune in Illinois and originated in Illinois.  Tribune's corporate headquarters are located at 435 North Michigan Avenue, Chicago, Illinois 60611.

### Count I

240.    Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1-239 as though fully set forth herein.

241.    Each Defendant received Selling Shareholder Payments in connection with the LBO Transaction in the amount of at least $34 per share in the aggregate amounts set forth above as payment for each such Defendant's common stock interests in Tribune.  On information and belief, each Defendant received more $1 million in proceeds through sales of Tribune stock in connection with the LBO Transactions.

242.    Certain Tribune creditors have asserted that Tribune received less than reasonably equivalent value in exchange for the foregoing Selling Shareholder Payments.  Certain Tribune creditors have also asserted that, at the time of the Selling Shareholder Payments, Tribune:  (i) was insolvent or became insolvent; (ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which Tribune was left with unreasonably small assets or capital; and/or (iii) intended to incur, or believed or reasonably should have believed that it would incur, debts that would be beyond its ability to pay as such debts became due.

243.    In the event it is determined in other litigation that the Selling Shareholder Payments represent fraudulent transfers or conveyances, that those payments should be avoided, and/or that creditors are entitled to recover those payments, EGI-TRB is entitled to recover an amount equal to its investment and interest from the Selling Shareholder Payments, including pursuant to 740 ILCS 160/5(a) and/or 740 ILCS 160/6(a).

**Prayer For Relief**

WHEREFORE, by reason of the foregoing, Plaintiffs respectfully request that the Court

enter all just and appropriate relief for Plaintiffs against Defendants.

Dated:  December 19, 2011

Respectfully submitted on behalf of all
Plaintiffs,

By: _____
One of Their Attorneys

David J. Bradford
Catherine L. Steege
Daniel J. Weiss
Andrew W. Vail
Douglas A. Sondgeroth
JENNER & BLOCK LLP
Attorney No. 05003
353 North Clark Street
Chicago, Illinois  60654
Telephone No:  312 222-9350
Facsimile No:  312 840 7517