# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TRIBUNE COMPANY, et al.,[1] | ) Case No. 08-13141 (KJC) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

## SIXTH SUPPLEMENTAL AFFIDAVIT OF ERNST & YOUNG LLP PURSUANT TO RULE 2014(a) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Matthew Howley, being duly sworn, deposes and says:

1. I am a partner in Ernst & Young LLP ("E&Y LLP" or "EY"), a professional services firm which maintains an office at 5 Times Square, New York, N.Y. 10036, among other

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (1355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLO (6327); forsalebyowner.com corp. (0219); ForSaleByOwnercom Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); 14omeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIALI Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMI S 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

locations. I submit this supplemental affidavit on behalf of E&Y LLP (the "Sixth Supplemental Affidavit"), pursuant to Bankruptcy Rule 2014(a), as a supplement to the following affidavits filed by E&Y LLP in these cases: (i) the Affidavit Pursuant to Federal Rule of Bankruptcy Procedure 2014(a) in Support of Application for Order Authorizing Retention and Employment of Ernst & Young LLP in Connection with Valuation and Business Modeling, and Market Survey Services for the Debtors and Debtors in Possession *Nunc Pro Tunc* to May 31, 2009 (as supplemented from time to time, the "Original Affidavit") annexed to Debtors' Application for an Order Authorizing Debtors to Retain and Employ Ernst and Young LLP to Provide (I) Valuation and Business Modeling Services and (II) Market Survey Services to the Debtors Pursuant to 11 U.S.C. §§ 327(a) and 1107, *Nunc Pro Tunc* to May 31, 2009 [Docket No. 1298] filed by the Tribune Company ("Tribune") and its affiliated debtors (collectively, the "Debtors"); (ii) the Supplemental Affidavit of Ernst & Young LLP Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure and the Order Directing (I) Joint Administration of Chapter 11 Cases and (II) that Certain Orders and Other Pleadings Entered or Filed in the Chapter 11 Cases of Tribune Company, *et al.* Be Made Applicable to Chapter 11 Case of Chicago National League Ball Club LLC (the "First Supplemental Affidavit") [Docket No. 2471]; (iii) the Second Supplemental Affidavit of Ernst & Young LLP Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Second Supplemental Affidavit"), which was annexed as Exhibit A to the Third Supplemental Application for an Order Modifying the Scope of the Retention of Ernst & Young LLP to Include Advisory Services Relating to Sales and Use Tax and Personal Property Tax Pursuant to 11 U.S.C. 327(a) and 1107 *Nunc Pro Tunc* to February 17, 2011 [Docket No. 8277]; (iv) the Third Supplemental Affidavit of Ernst & Young LLP Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Third Supplemental

2

Affidavit"), which was annexed as Exhibit A to the Application for an Order Authorizing (I) Ernst & Young LLP to Perform Services as the Accounting Firm Under 2009 Formation Agreement Concerning Formation of Chicago Baseball Holdings, LLC and (II) Tribune Company to Enter into Engagement Letter, Statement of Work, Side Letter and Related Documentation and Perform Obligations in Connection Therewith [Docket No. 9041]; (v) the Fourth Supplemental Affidavit of Ernst & Young LLP Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Fourth Supplemental Affidavit") [Docket No. 9600]; and (vi) the Fifth Supplemental Affidavit of Ernst & Young LLP Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Fifth Supplemental Affidavit" and together with the Original Affidavit, the First Supplemental Affidavit, the Second Supplemental Affidavit, the Third Supplemental Affidavit, and the Fourth Supplemental Affidavit, the "Prior Affidavits") [Docket No. 10167].

2. The facts set forth in this Sixth Supplemental Affidavit are based either upon my personal knowledge, upon information and belief, or in certain circumstances, upon client matter records kept in the ordinary course of business, which were reviewed by me or another employee of E&Y LLP under my supervision and direction.

3. In connection with the Fifth Supplemental Affidavit, E&Y LLP requested from counsel to the Debtors the names of any additional parties in interest that fall within the categories set forth in paragraph 3 of the Fifth Supplemental Affidavit and that had not been previously provided to E&Y LLP (the "New Parties in Interest"). Counsel to the Debtors provided E&Y LLP with a list of such New Parties in Interest, and such list, together with the names of any parties in interest for whom E&Y LLP's prior connections checks indicated that E&Y LLP then had "no connections" or "prior connections," was annexed to the Fifth

Supplemental Affidavit as Exhibit A. In conjunction with the Fifth Supplemental Affidavit, E&Y LLP searched or caused to be searched certain databases to determine whether E&Y LLP has in the recent past provided or is currently providing services to the parties in interest listed on Exhibit A to the Fifth Supplemental Affidavit. To the extent that E&Y LLP's research of relationships with such parties in interest indicated that E&Y LLP has provided in the recent past or is currently providing services to any of these entities in matters unrelated to these chapter 11 cases, E&Y LLP so indicated on Exhibit A to the Fifth Supplemental Affidavit. The Fifth Supplemental Affidavit was prepared and filed less than two months ago.

4. On December 16, 2011, counsel to the Debtors confirmed with E&Y LLP that Debtors are not currently aware of any additional New Parties in Interest since E&Y LLP filed its Fifth Supplemental Affidavit in these cases.

5. Given the confirmation of the Debtors' counsel set forth in paragraph 4, I am currently unaware of any additional relationships with parties in interest in these Cases that were not disclosed in the Fifth Supplemental Affidavit or the other Prior Affidavits.

6. Should additional material relationships with parties in interest become known to E&Y LLP, a supplemental affidavit will be filed by E&Y LLP with the Court.

7. To the best of my knowledge, information, and belief formed after reasonable inquiry, and as set forth in detail in the Prior Affidavits, E&Y LLP remains a "disinterested person" as that term is defined in section 101(14) of title 11 of the United States Code (the "Bankruptcy Code") in that E&Y LLP:

(a) is not a creditor, equity security holder or an insider of the Debtors;

(b) is not and was not, within two years before the Petition Date, a director, officer or employee of the Debtors; and

4

(c) does not have an interest materially adverse to the interests of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

The foregoing representation is based on our understanding that as a prepetition services provider to for the Debtors, E&Y LLP was not an "employee" of the Debtors as that term is used in the Bankruptcy Code.

8. Accordingly, I believe that E&Y LLP remains eligible for retention by the Debtors under the Bankruptcy Code.

I declare under penalty of perjury that the forgoing is true and correct.

Executed this 20th day of December, 2011.

_____
Matthew Howley

Sworn to and subscribed before me this 20TH day of December, 2011.

_____
Notary Public

My Commission Expires: March 18, 2012

```
OFFICIAL SEAL
MARTHA E. GALVAN
Notary Public - State of Illinois
My Commission Expires Mar 18, 2012
```