**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, *et al.,* | Cases No. 08-13141 (KJC)<br>Jointly Administered |
| Debtors. | |
| THE OFFICIAL COMMITTEE OF UNSECURED<br>CREDITORS OF TRIBUNE COMPANY, | |
| Plaintiff, | Adversary Proceeding No. 10-54010 (KJC) |
| v. | |
| DENNIS J. FITZSIMONS, *et al.,* | **Hearing Date: January 11, 2012 at 11:00 a.m.**<br>**Objection Deadline: January 4, 2012 at 4:00 p.m.** |
| Defendants. | |

**THIRD MOTION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS FOR EXTENSION
OF TIME TO COMPLETE SERVICE**

The Official Committee of Unsecured Creditors (the "Committee") of Tribune
Company in the chapter 11 cases of the above-captioned debtors and debtors-in-possession (the
"Debtors") hereby moves this Court for the entry of an Order pursuant to Rule 4(m) of the
Federal Rules of Civil Procedure ("Rule 4(m)"), made applicable to this proceeding pursuant to
Rule 7004(a)(1) of the Federal Rules of Bankruptcy Procedure, extending the time to complete
service on defendants in the above-captioned adversary proceeding, and respectfully submits as
follows:

**BACKGROUND**

1.    On December 8, 2008 (the "Petition Date"), the Debtors filed voluntary
petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate

their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2.      By order dated October 27, 2010 (the "Standing Order") [D.I. 6150], the Court granted the Committee standing to commence adversary proceedings on behalf of the Debtors' estates asserting claims, against various parties, that arise out of or in connection with the Debtors' 2007 LBO transaction (the "LBO Transaction"). The Standing Order imposed an immediate stay on the adversary proceedings filed by the Committee. However, the Court also granted the Committee limited relief from the stay so that the Committee could commence immediately the discovery activity and service necessary to preserve all valuable claims of the Debtors' estates.

3.      Pursuant to the Standing Order, the Committee filed a complaint in this adversary proceeding asserting claims against directors, officers, solvency firms, shareholders, and others on November 1, 2010.  The Committee filed amended complaints on December 7, 2010, November 1, 2011 (together, the "Complaint"), and a motion to further amend the Complaint to add defendants was filed on December 19, 2011 and is pending [Adv. Pro. D.I. 392].

4.      The Complaint names as-yet-unidentified defendants as Does 1-25, and also identifies representative class defendants on behalf of a class of defendants who are former shareholders of Tribune (the "Shareholder Class").  The Committee named more than 33,000 shareholder defendants in Exhibit A to the Complaint, but many have since been, or have yet to be, identified.  The Committee has pleaded the elements necessary to establish a defendant class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

5.     However, to help preserve claims worth billions of dollars to the Debtors' estates, the Committee has also undertaken extensive efforts (a) to specifically identify the Doe defendants and each member of the Shareholder Class and (b) to serve the amended Complaint on each and every defendant and each member of the Shareholder Class that the Committee has identified to date.    Discovery is ongoing and the Court recently entered orders on the Committee's motions to compel the identity of shareholder defendants.  The Committee intends to proceed to serve defendants that are identified by the Committee's ongoing discovery efforts. While the Committee believes that the grounds for class treatment of defendants in this proceeding are strong, the current discovery and service activity helps ensure that claims worth billions of dollars are not lost.

6.     In order to facilitate this discovery process, the Committee filed motions on December 9, 2010 [D.I. 69] and July 8, 2011 [D.I. 133] pursuant to Rule 4(m) for extensions of time to complete service.  The Court granted the Committee's motions on January 11, 2011 [D.I. 78] and July 22, 2011 [D.I. 139], respectively.  The current Rule 4(m) deadline for the Committee to serve summonses and the Complaint is March 1, 2012.

7.     The Committee's efforts to discover and serve all defendants and defendant class members in the Complaints has been significant, but nonetheless, as described more fully below, has proceeded slowly because of delays in production by certain parties and because of the efforts needed to correct inaccurate and incomplete productions.  Despite its diligent efforts, there is a risk that the Committee will be unable to obtain useful information regarding all of the still-to-be identified beneficial owners of Tribune stock who received proceeds from the LBO Transaction, and to serve the thousands of defendants identified thereby, by March 1, 2012.

## RELIEF REQUESTED

8.      By this Motion, the Committee respectfully requests that the Court enter an Order extending the time to effectuate service under Rule 4(m) by four months, to and including July 2, 2012, in order to facilitate the service of thousands of identified defendants and the identification, notification and/or service of all as-yet-unidentified defendants as described in paragraph 4 above.

## BASIS FOR RELIEF

9.      Rule 4(m) of the Federal Rules of Civil Procedure provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Accordingly, this Court must first determine whether good cause exists for failure to serve. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). If good cause exists, this Court must extend the time for service pursuant to Rule 4(m). *Id.* If good cause does not exist, this Court has discretion either to dismiss the complaint without prejudice or to extend the time for service. *Id.; see PCT v. New England Confectionary Co. (In re Fleming Cos.)*, No. 05-78096, 2005 WL 1062476, at *1 (Bankr. D. Del. Apr. 20, 2006) (Carey, J.).

10.      The Committee makes this request in good faith and for good cause.

11.      From the time the Court granted the Committee standing, the Committee has undertaken an intensive effort to discover the identities of the Doe defendants and the Shareholder Class members. That effort continues.

12.      The discovery effort to identify the members of the Shareholder Class in has been extensive. However, the identification of all of the Doe defendants and Shareholder

Class members is an ongoing and time-consuming process for the myriad of reasons described in the Committee's July 8 motion to extend the Rule 4(m) period. (*See* Adv. Pro. D.I. 133 ¶¶ 11-16.). Since July, the Committee has continued its efforts in earnest but has encountered certain obstacles that may hinder its ability to complete service by the current deadline.

13.    In particular, since July the Committee has filed three motions to compel production of information sufficient to identify the shareholder defendants. Together, the three motions covered 40 parties that the Committee believes possess information about shareholders who collectively received well over $1 billion in LBO proceeds. Currently, pursuant to orders entered by this Court compelling production, the Committee expects to receive service information for these additional defendants on or about January 4, 2012 and February 14, 2012. In addition, the Committee is awaiting discovery responses that identify shareholder defendants from, inter alia, (i) parties that were threatened with a motion to compel and later promised to produce (ii) parties that have been identified during the discovery process that are not defendants but have been subpoenaed and (iii) a party that has been compelled to produce shareholder information by the United States District Court for the Southern District of New York.

14.    The Committee anticipates receiving service information regarding most potential defendants in response to its discovery requests before the expiration of the current Rule 4(m) deadline, and (barring the relief sought herein) will attempt to serve all identified shareholder defendants. However, in light of its experience to date the Committee expects additional hindrances beyond the Committee's immediate control. For example, the Committee has repeatedly received information that is incorrect or insufficient to allow appropriate service to occur. Such problems necessitate additional exchanges with the producing parties in order to obtain accurate or complete information. Given that the Committee will receive information

from over 30 parties on February 14, just two weeks before the current deadline, there is a substantial risk that the Committee will not be able to correct any problems and serve the identified shareholder defendants by March 1.

15.    Absent the relief sought by this Motion, valuable claims against unserved defendants may be subject to dismissal, and applicable statutes of limitations may run out with respect to particular claims against as-yet-unidentified defendants.  Such an outcome would be contrary to the interests of the Debtors' estates, the very interests served by the provision in the Standing Order that allowed the Committee to begin the discovery that it continues to pursue.

16.    The Committee has been successful in obtaining from hundreds of entities—over three quarters of the parties originally served with subpoenas—information identifying beneficial owners of Tribune stock who received proceeds from the LBO Transaction. When it filed its original extension motion in December 2010, the Committee had identified over 28,000 putative Shareholder Class members (as reflected in Exhibit A to the amended Third-Party Complaint). Since that time, the Committee has identified over 15,000 additional members of the putative Shareholder Class.   Moreover, and significantly, the Committee has been successful in serving defendants accounting for over $4 billion already.

17.    However, a quarter of the parties served with discovery still have not fully responded, and thousands of defendants remain to be served.  An extension of the service deadline to July 2, 2012 will ensure the Committee's ability to serve the thousands of Shareholder Class members identified so far, as well as additional, as yet unidentified members of the Shareholder Class and Doe defendants. The likelihood that the Committee will obtain the additional information necessary to properly identify and serve all defendants, combined with the

time required to serve potentially tens of thousands of these defendants, warrants extension of the service deadline beyond March 1, 2012.[1]

## APPLICABLE AUTHORITY

18.     Courts recognize that, in certain situations, the identity of a defendant may not be known prior to the filing of a complaint. In such circumstances, courts permit the naming of fictitious ("Doe") defendants as stand-ins until the defendants can be identified through discovery. *Hindes v. FDIC*, 137 F.3d 148, 155 (3d Cir. 1998); *see also Alston v. Parker*, 363 F.3d 229, 233 & n.6 (3d Cir. 2004) (discussing cases authorizing a plaintiff to undertake discovery to identify as-yet-unidentified defendants).

19.     In order to complete the discovery necessary to identify and serve the Shareholder Class members, the Committee is seeking an extension of its deadline to serve defendants under Rule 4(m).

20.     In the Third Circuit, Rule 4(m) requires a court to extend time for service where a plaintiff demonstrates good cause. *McCurdy v. Amer. Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998); *Petrucelli*, 46 F.3d at 1308.

21.     Good cause is analyzed under an excusable neglect standard, which requires that the plaintiff demonstrate "good faith and some reasonable basis for noncompliance within the time specified by the rule." *Cain v. Abraxas*, 209 Fed. Appx. 94, 96 (3d Cir. 2006) (citing *MCI Telecom. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995)); *In re Lenox Healthcare, Inc.*, 319 B.R. 819, 822-823 (Bankr. D. Del. 2005); *see also In re Hall*, 222

---

[1] In addition, because the stay in the adversary proceedings remains in effect, the Committee is currently unable to include in its summonses the complaint response date and the pretrial conference date. Accordingly, the Committee intends to send a second/alias summons to all defendants once the stay expires to notify them of the timing of their initial obligations.

B.R. 275, 279 (Bankr. E.D. Va. 1998) (holding that "a showing of diligence and reasonable effort to effect service" constitute "good cause" under Rule 4(m)).

22.    Taking all relevant circumstances into consideration, courts should extend the time to serve when "counsel exhibits substantial diligence, professional competence and good faith." *In re Lenox Healthcare*, 319 B.R. at 822 (citing, *inter alia, Consolidated Freightways Corp. v. Larson*, 827 F.3d 916, 919-20 (3d Cir. 1987)); *see also Arroyo v. Wheat*, 102 F.R.D. 516, 518 (D. Nev. 1984) ("Congress intended that a plaintiff who had made reasonable efforts to effect service would be permitted additional time, if needed.") (citing cases finding "good cause" in the absence of "dilatory or willful delay" and where plaintiff's efforts were "bona fide").

23.    As described above, the Committee has pursued discovery from over 900 parties thought to possess information likely to lead to the identification of the Shareholder Class and Doe defendants. The information obtained through those efforts allowed the Committee to amend its Complaint, and continues to bring the Committee closer to fully identifying the remaining Doe defendants and Shareholder Class members. The Committee believes that its ongoing correspondence with parties served with discovery, and also those parties subject to compel orders, will allow it to complete this task before July 2, 2012. In addition, the Committee is diligently working to serve all identified defendants. All of these reasons establish good cause for an extension of the deadline to name and serve the Doe and Shareholder Class defendants.

24.    Courts in this Circuit have held, pursuant to Federal Rule of Civil Procedure 15(c), that if an extension of the Rule 4(m) time period has been granted and a plaintiff, within that extended period of time, notifies a previously unnamed defendant of the plaintiff's intention to include that person as a defendant in the action, a later amendment of the

complaint to specifically name the defendant will relate back to the date of filing of the original complaint, so that the claim will be timely if the original complaint was filed within the applicable limitations period. *See In re Fleming Cos.*, 2005 WL 1062476, at *1; *Allen v. Nat'l RR Passenger Corp. (Amtrak)*, No. 03-CV-3497, 2004 WL 2830629, at *8 (E.D. Pa. Dec. 7, 2004) (holding that "notice of the matters raised in the amended pleading within the applicable [Rule 4(m)] time limit generally eliminates the prejudice a party may experience" and therefore an order extending the Rule 4(m) 120-day period effectively "extend[s] the time period for which notice could be provided to defendant pursuant to Rule 15(c)(3).").

25.    Accordingly, the potential prejudice that the Committee might suffer if it is unable to serve thousands of defendants by the current March 1, 2012 deadline can be avoided with the entry of a Rule 4(m) order extending the time for service.

26.    Finally, because this adversary proceeding has been stayed, and is likely to be stayed further until the Court enters a confirmation order, no defendant will be prejudiced by receiving formal notice of the adversary proceeding after March 1, 2012. Indeed, the claims against certain members of the Shareholder Class may be obviated by the confirmation order.

WHEREFORE, for the foregoing reasons, the Committee respectfully requests that the Court enter an Order extending the time to effectuate service by four months, to and including July 2, 2012.

Dated: December 23, 2011
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

Adam G. Landis (No. 3407)
Daniel B. Rath (No. 3022)
Rebecca L. Butcher (No. 3816)
James S. Green, Jr. (No. 4406)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

-and-

Graeme W. Bush
James Sottile
Andrew N. Goldfarb
**ZUCKERMAN SPAEDER LLP**
1800 M Street, Suite 1000
Washington, DC 20036
Telephone: (202) 778-1800
Facsimile: (202) 822-8106

*Counsel to the Official Committee
of Unsecured Creditors*