UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | CHAPTER 11 |
| | : | (Jointly Administered) |
| **TRIBUNE COMPANY,** *et. al*[1] | : | |
| | : | Case No. 08-13141 (KJC) |
| Debtors | : | |
| | : | (Re D.I. 10222, 10226, 10227) |

## ORDER REGARDING MOTIONS FOR RECONSIDERATION
## OF THE CONFIRMATION OPINION AND ORDER

AND NOW, this 29th day of December, 2011, upon consideration of the following:

(1) Joint Motion of Law Debenture Trust Company of New York and Deutsche Bank Trust Company Americas Requesting Reconsideration of the Court's Confirmation Opinion with Respect to the Subordination of the PHONES (the "Law Debenture Reconsideration Motion") (D.I. 10222),

(2) Motion of Aurelius Capital Management, LP for Reconsideration of the Court's October 31, 2011 Decision as it Pertains to the Application of the PHONES Notes Subordination (the "Aurelius Reconsideration Motion") (D.I. 10226), and

(3) Motion of the Noteholder Plan Proponents for Reconsideration and Clarification of the Court's October 31, 2011 Decision (the "NPP Reconsideration Motion") (D.I. 10227),

---

[1] The chapter 11 case filed by Tribune Media Services, Inc. (Bky. Case No. 08-13236) is being jointly administered with the Tribune Company bankruptcy case and 109 additional affiliated debtors pursuant to the Order dated December 10, 2008 (docket no. 43). An additional debtor, Tribune CNLBC, LLC (formerly known as Chicago National League Baseball Club, LLC) filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009 (Bky. Case No. 09-13496), and also is being jointly administered with the Tribune Company Bankruptcy Case pursuant to this Court's Order dated October 14, 2009 (docket no. 2333).

and the responses and objections filed thereto, and after oral argument, and for the reasons set forth in the foregoing Memorandum on Reconsideration, it is hereby **ORDERED** and **DECREED** that:

1. The request for reconsideration set forth in the Law Debenture Reconsideration Motion and the Aurelius Reconsideration Motion (the "Subordination Reconsideration Motions") is hereby **GRANTED** and the Confirmation Opinion is hereby amended to strike the "Subordination Determination," as defined in the foregoing Memorandum on Reconsideration;[2]

2. The NPP Motion is **GRANTED**, in part, and **DENIED**, in part, as follows:

    (A) The NPP Motion's request for clarification is **GRANTED**: the Court clarifies that it did not make any determination regarding the amount of indebtedness of the PHONES Notes in the Confirmation Opinion.

    (B) The NPP Motion's request for reconsideration of whether the LBO Lenders are entitled to share in any DCL Litigation Trust proceeds received from the pursuit of fraudulent transfer claims arising from the LBO is **DENIED**, and

    (C) The NPP Motion's request for reconsideration of the proportionate judgment reduction provision in the Bar Order is **DENIED**; and

---

[2]The Subordination Determination is defined in the Memorandum on Reconsideration as that portion of the Confirmation Opinion that begins with the last paragraph of page 111 of the slip opinion and ends at the end of the first paragraph on page 113 of the slip opinion. (*See In re Tribune Co.,* No. 08-13141, 2011 WL 5142520, *56-*57 (Bankr.D.Del. Oct. 31, 2011), slip op. at 111-113 (the "Subordination Determination")).

3. A status hearing will be held on **January 11, 2012 at 11 a.m.** in Bankruptcy Courtroom No. 5, 824 Market Street, Fifth Floor, Wilmington, Delaware for the purpose of finalizing process and scheduling issues in connection with disclosure and confirmation of the Third Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (D.I. 10273) and allocation disputes among the parties as directed in the accompanying Memorandum on Reconsideration.

BY THE COURT:

_____
KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

cc:   J. Kate Stickles, Esquire[3]

---

[3]Counsel shall serve a copy of this Order and the accompanying Opinion on Confirmation upon all interested parties and file a Certificate of Service with the Court.