EXHIBIT C

Black Line Revised Proposed Order

# IN THE UNITED STATES BANKRUPTCY COURT
~~FOR THE DISTRICT OF DELAWARE~~

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Ref. Docket No. ―― 10138 |

## ORDER PURSUANT TO 11 U.S.C. §§ 363 AND 553 AND FED. R. BANKR. P. 9019(a) APPROVING SETTLEMENT AGREEMENT BY AND BETWEEN INSERTCO INC. AND 57-11 49th PLACE, LLC

Upon consideration of the Motion[2] of the Debtor for an Order Pursuant to 11 U.S.C. §§ 363 and 553 and Fed. R. Bankr. P. 9019(a) Approving Settlement Agreement By and Between InsertCo Inc. and 57-11 49th Place, LLC; and it appearing that the Court has jurisdiction to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347);Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Motion.

consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and it appearing that the relief requested in the Motion is in the best interest of InsertCo, Inc. ("InsertCo") and its estate; and cause appearing therefor, it is hereby:

ORDERED, that the relief requested in the Motion is granted, as modified herein; and it is further

ORDERED, that the ~~Lease Claim shall be allowed in the amount of $521,254 in accordance with~~ maximum allowable amount of rent reserved under 11 U.S.C. §-502(b)(6)~~, consisting of $943,778 in rent reserved (~~ is $943,778, which consists of $869,238 in base rent and $74,540 in applicable taxes~~) as the maximum amount allowable pursuant to 11 U.S.C. §502(b)(6), less~~; and it is further

ORDERED, that the Landlord shall be entitled to set off the portion of the Security Deposit ~~currently~~ held by ~~the~~ Landlord that was paid by InsertCo in the amount of $~~422,524~~393,707.70; and it is further

ORDERED, that the Lease Claim is allowed in the amount of $550,070.30; and it is further

ORDERED, that any remaining claim for damages in connection with the rejection of the Lease above the maximum amount allowable pursuant to 11 U.S.C. §502(b)(6) is hereby disallowed; and it is further

ORDERED, that InsertCo is authorized to enter into and perform any and all of its obligations under the Agreement, as modified by that certain Amendment to Settlement and

<u>Release Agreement entered as of January 5, 2012 by and between InsertCo and Landlord (the "Amended Agreement")</u>, and to take all other actions necessary or desirable to implement the provisions of the <u>Amended</u> Agreement; and it is further

ORDERED, that the Landlord and InsertCo are authorized pursuant to 11 U.S.C. § 553 to effect the setoff of the Security Deposit as set forth in the <u>Amended</u> Agreement; and it is further

ORDERED that the Claims Agent is hereby authorized and empowered to amend the claims register in the Debtors' chapter 11 cases to comport with the entry of this Order and to reflect the allowed claim amount specified in the <u>Amended</u> Agreement; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated:  Wilmington, Delaware
              _____, ~~2011~~
_____2012
==========================================

                                      Honorable Kevin J. Carey
                                      Chief United States Bankruptcy Judge