# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Objections Due: January 30, 2012 at 4:00 p.m.**<br>**Hearing Date: TBD**<br>**Related to Docket Nos. 9493, 9512 and 9553** |

## FIRST QUARTERLY FEE APPLICATION OF
## DAVIS WRIGHT TREMAINE LLP AS SPECIAL COUNSEL TO
## DEBTORS FOR DOMESTIC LEGAL MATTERS, FOR ALLOWANCE OF
## COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR
## THE PERIOD SEPTEMBER 1, 2010 THROUGH NOVEMBER 30, 2010

| | |
|---|---|
| **Name of applicant:** | Davis Wright Tremaine LLP |
| **Authorized to provide professional services to:** | Debtors Tribune Company, et al. |
| **Date of retention:** | November 22, 2010 nunc pro tunc to October 1, 2010 |
| **Period for which compensation and reimbursement is sought:** | September 1, 2010 to November 30, 2010 |
| **Amount of compensation sought as actual, reasonable and necessary:** | $128,810.69 |
| **Amount of expense reimbursement sought as actual, reasonable and necessary:** | $4,089.98 |

This is a: \_\_\_ monthly    X interim    \_\_\_ final application

Prior Interim Fee Applications Filed:

| DATE FILED | DOCKET No. | PERIOD COVERED | FEES REQUESTED | EXPENSES REQUESTED | FEES APPROVED | EXPENSES APPROVED |
|---|---|---|---|---|---|---|
| N/A* | | | | | | |

*NOT APPLICABLE  - NO PRIOR INTERIM FEE APPLICATIONS FILED

2

## SUMMARY OF PROFESSIONAL FEES FROM
## SEPTEMBER 1, 2010 THROUGH NOVEMBER 30, 2010

| NAME OF PROFESSIONAL PERSON | POSITION OF THE APPLICANT, AREA OF EXPERTISE, YEAR OF OBTAINING LICENSE TO PRACTICE | HOURLY BILLING RATE | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|
| Kelli L. Sager | Partner, Media, Member of California Bar since 1985 | $470.48 | 74.10 | $34,426.37 |
| Bruce Johnson | Partner, Media, Member of Washington Bar since 1977, Member of California Bar since 1992 | $470.48 | 1.40 | $658.67 |
| Alonzo Wickers IV | Partner, Media, Member of California Bar since 1993 | $424.35 | 43.30 | $18,374.37 |
| Andrew Lorentz | Partner, Finance and Commercial Law Transactions, Member of Virginia Bar since 1994, Member of District of Columbia Bar since 1995 | $548.89 | 0.30 | $164.67 |
| Thomas Burke | Partner, Media, Member of California Bar since 1989 | $515.00 | 1.60 | $73.17[1] |
| Allen Middleton | Partner, Construction, Member of Washington Bar since 1988 | $396.68 | 0.10 | $39.67 |
| Ronald London | Of Counsel, Media, Member of District of Columbia Bar since 1997, Member of Maryland Bar since 1995 | $410.52 | 1.80 | $738.94 |
| James Z.Y. Fang | Partner, China Practice, Member of California Bar since 1994, Member of New York Bar since 1991 | $447.42 | 0.30 | $134.23 |
| Janet L. Grumer | Of Counsel, Employment, Member of California Bar since 2004 | $289.69 | 2.30 | $666.29 |
| Rory Eastburg | Associate, Media, Member of California Bar since 2006, Member | $256.50 | 17.10 | $3,873.15 |

---

[1] Davis represented multiple clients in this matter, one of which was Debtor. The "Total Compensation" amount reflected here only includes the amount billed to Debtor.

DWT 18798911v1 0026175-000379

| | | | | |
|---|---|---|---|---|
| | of District of Columbia Bar since 2008 | | | |
| Karen A. Henry | Associate, Litigation, Member of California Bar since 2004 | $303.19 | 6.10 | $1,849.46 |
| Adam Shoemaker | Associate, Communications, Member of New York Bar since 2010, Member of District of Columbia Bar since 2011 | $144.00 | 16.10 | $1,723.20 |
| Jeffrey D. Glasser | Associate, Media, Member of California Bar since 2007 | $261.90 | 151.50 | $39,381.03 |
| Lisa J. Kohn | Associate, Media, Member of California Bar since 2008 | $253.24 | 45.60 | $11,547.75 |
| L. Zhu | Consultant, China Practice, Member of New York Bar since 2007 | $211.48 | 0.60 | $126.89 |
| Betsy Carroll | Associate, Employment, Member of California Bar since 2004 | $327.27 | 22.90 | $7,494.48 |
| Benjamin Planchon | Litigation Paralegal | $166.05 | 8.40 | $1,394.83 |
| Michelle Bradley | Bankruptcy Paralegal | $135.00 | 27.60 | $3,726.00 |
| Kristina Roth | Litigation Paralegal | $108.00 | 19.50 | $2,106.00 |
| Elena Baca | Document Clerk | $67.50 | 4.00 | $270.00 |
| Christopher Gilbertson | Librarian | $83.03 | 0.50 | $41.52 |
| **GRAND TOTALS:** | | | 445.10 | $128,810.69 |
| **BLENDED RATE:** | | $299.55 | | |

DWT 18798911v1 0026175-000379

**COMPENSATION BY PROJECT CATEGORY FOR THE PERIOD OF**
**SEPTEMBER 1, 2010 THROUGH NOVEMBER 30, 2010[2]**

| PROJECT DESCRIPTION | TOTAL HOURS | TOTAL FEES |
|---|---|---|
| Los Angeles Times General Advice | 11.60 | $4,228.09 |
| Los Angeles County Sheriff CPRA | 44.60 | $14,978.83 |
| Newsracks General Advice | 0.30 | $127.31 |
| Nicholas Divorce File Unsealing | 0.30 | $94.81 |
| Beverly Hills Surgery Center | 68.50 | $20,146.23 |
| Adjudication Matters | 39.80 | $9,707.04 |
| Bench Bar Comments | 12.30 | $924.98 |
| Perry v. Schwarzenegger | 1.60 | $73.17 |
| Littlefield | 15.60 | $4,296.62 |
| Caruso | 0.30 | $141.14 |
| Pasadena Police Officers Association | 194.70 | $59,171.35 |
| Ridley-Thomas | 17.00 | $6,543.13 |
| Bankruptcy | 36.80 | $7,638.59 |
| Tribune General Advice | 1.70 | $739.40 |
| **TOTALS:** | 445.10 | $128,810.69 |

---

[2] Davis represented multiple clients in some of these matters, one of which was Debtor. The "Total Fees" amount reflected only includes the amount billed to Debtor.

**EXPENSE SUMMARY FOR THE PERIOD OF**
**SEPTEMBER 1, 2010 THROUGH NOVEMBER 30, 2010[3]**

| EXPENSE CATEGORY | SERVICE PROVIDER | TOTAL EXPENSES |
|---|---|---|
| Photocopy | Davis Wright Tremaine LLP | $967.00 |
| Messenger/Courier | Apex Attorney Service; Nationwide Legal | $1,740.70 |
| Messenger/Courier | Nationwide | $955.50 |
| Transportation/Parking | | $100.50 |
| Filing Fee | Los Angeles County Superior Court | $80.00 |
| Research | Los Angeles County Superior Court; West Publishing | $240.68 |
| Research | PACER Online Document System | $5.60 |
| **TOTAL:** | | $4,089.98 |

---

[3] Davis represented multiple clients in some of these matters, one of which was Debtor. The "Total Expenses" amount reflected only includes the amount billed to Debtor.

DWT 18798911v1 0026175-000379

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**Objection Deadline: January 30, 2012 at 4:00 p.m.**
**Hearing Date: TBD**
**Related to Docket Nos. 9493, 9512 and 9553**

## FIRST QUARTERLY FEE APPLICATION OF
## DAVIS WRIGHT TREMAINE LLP FOR ALLOWANCE AND PAYMENT OF
## COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
## EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS FOR CERTAIN
## LITIGATION MATTERS FOR THE PERIOD OF
## SEPTEMBER 1, 2010 THROUGH NOVEMBER 30, 2010

Davis Wright Tremaine LLP ("Davis"), as Special Counsel for Domestic Legal Matters to the Tribune Company, et al. (the "Debtors"), respectfully submits this Application (the "Application") to this Court, pursuant to (i) sections 327, 331, and 503 of Title 11 of the United States Code (the "Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the Bankruptcy Rules"), (iii) Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (iv) the Order Establishing Procedure for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Interim Compensation Order"), as amended; and (v) the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Application (the "Fee Examiner Order") for the allowance and payment of fees in the amount of $128,810.69, and reimbursement of expenses in the amount of $4,089.98. In support of the Application, Davis respectfully states as follows:

## JURISDICTION

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 327, 331, and 503 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-2 of the Local Rules.

## BACKGROUND

2.      On December 8, 2008 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court"). On December 10, 2008, the Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). [Docket Nos. 43, 2333].

3.      On October 12, 2009, Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, Inc. (the "Cubs" and one of the Debtors) filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Court. On October 14, 2009, the Court entered an order consolidating the Cubs' chapter 11 case with the Debtors' chapter 11 cases for procedural purposes only (the "Cubs Order"). In all, the Debtors comprise 111 entities.

4.      The Debtors have continued in possession of their respective properties and have continued in the management and operation of their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      No trustee has been appointed in these chapter 11 cases.

## DAVIS RETENTION

6.      Prior to the Petition Date, the Debtors retained Davis as general legal counsel and agreed to pay on a monthly basis the reasonable value of services rendered based on Davis' standard billing rates and pursuant to its standard reimbursement policies.

DWT 18798911v1 0026175-000379

7. On November 22, 2010, the Court authorized the employment and retention of Davis pursuant to 11 U.S.C. §§ 327(e) and 1107 as special counsel to the Debtors for general domestic legal matters, nunc pro tunc to October 1, 2010.

## COMPENSATION PAID AND ITS SOURCES

8. All services for which compensation is requested by Davis were performed for or on behalf of the Debtors.

9. In compliance with Local Rule 2016-2, Davis confirms that during the Application Period, Davis received no payment and no promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application except from the Debtors. There is no agreement or understanding between Davis and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these cases.[1]

10. As of the Petition Date, Davis held a retainer from the Debtors in the amount of $39,173.52. The Debtors reduced their first payment to Davis by the amount of the retainer and Davis drew down on the retainer in connection with the payment due pursuant to the Ordinary Course Professional Application. Accordingly, Davis no longer holds any retainer in connection with its retention in these cases.

## PROCEDURAL BACKGROUND FOR THE APPLICATION

11. The Interim Compensation Order and the Fee Examiner Order (together, the "Fee Orders"), provide that all professionals retained in these cases pursuant to section 325, 328, or 1103 of the Bankruptcy Code (the "Case Professionals") must file with the Court and provide to the Fee Examiner, monthly applications for interim allowance of compensation for services

---

[1] On some matters described in this Quarterly Fee Application, Davis may have represented Debtors and other parties jointly, with fees and costs split among the clients. The amounts reflected in this Quarterly Fee Application, however, only include the amounts billed to Debtor.

3

rendered and reimbursement of expenses incurred, together with the time entries and itemized expenses (the "Monthly Fee Applications"). The notice parties specified in the Fee Orders (the "Notice Parties") have twenty (20) days after service of a Monthly Fee Application to objection to such Monthly Fee Application (the "Objection Deadline"). Upon expiration of the Objection Deadline, the applicable Case Professional must certify in writing to the Debtors that no objection or partial objection has been filed with the Court relative to that professional's Monthly Fee Application, whichever is applicable, whereupon the Debtors are authorized to pay such professional an amount equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application or (ii) 80% of the fees and 100% of the expenses not subject to an objection.

12.     Pursuant to the procedures set forth in the Fee Orders, Davis prepared, filed with the Court, and served upon the Notice Parties and the Fee Examiner Monthly Fee Applications for each of the three months from September 1, 2010 to November 30, 2010.[2] Accordingly, Davis has submitted all of its Monthly Fee Applications as Special Counsel for the Debtors' chapter 11 cases for this Interim Fee Period.

13.     In addition to the Monthly Fee Applications, all Case Professionals must file with the Court and serve on the Notice Parties interim applications for allowance and compensation and reimbursement of expenses for the amounts sought in the Monthly Fee Applications filed during such period (a "Quarterly Fee Application Request"). Quarterly Fee Application Requests must include a summary of the Monthly Fee Applications that are subject to the request and any other information requested by the Court or required by the Local Rules. This Application represents the First Quarterly Application Request that Davis has filed with the Court in connection with these chapter 11 cases. There is no agreement between Davis and any other party for the sharing of compensation to be received for the services rendered by Davis to

---

[2] Docket Numbers 9493, 9512 and 9553.

the Debtors. All professional and paraprofessional services for which compensation is sought herein were rendered solely for or on behalf of the Debtors.[3]

## SUMMARY OF SERVICES RENDERED

14.    Davis serves the Debtors as special litigation counsel. Davis customarily performs various First Amendment, newsroom, media, defamation, privacy, access, copyright, and other litigation matters for Debtors (collectively, the "Litigation Matters"). The Litigation Matters on which Davis represents the Debtors involve allegations of libel or other related causes of action that go to the heart of the Debtors' news business.

15.    A breakdown of the total hours expended by each professional on all matters and a breakdown of amounts sought by each matter category covered herein are included as part of Exhibit A to this Application, as required by Local Rule 2016-2. A detailed description of the services provided to the Debtors are incorporated by reference to the Monthly Fee Applications for September 2010, October 2010 and November 2010, previously filed with the Court. The following is a summary of the activities performed by Davis's professionals and paralegals during the First Interim Fee Period (which covers September 2010, October 2010 and November 2010), organized by project category:

16.    **(26175-317) Los Angeles County Sheriff CPRA** - Davis assisted the Debtors in litigation under California's Public Records Act for information identifying deputy sheriffs involved in various shootings.

17.    **(26175-4) Los Angeles Times General Advice** - Davis provided general legal advice to the Debtors with respect to its publications.

18.    **(26175-366) Littlefield** - Davis defended Debtors in a lawsuit for invasion of privacy brought by an inmate in the California prison system whose picture was used in a story about the health and safety of California prisons.

---

[3] See note 1, supra.

19.     **(26175-375) Ridley-Thomas** - Davis assisted the Debtors in litigation under California's Public Records Act concerning a request for information concerning individuals meeting with Los Angeles City Councilman Mark Ridley-Thomas.

20.     **(26175-379) Bankruptcy** – Davis provided Debtors with assistance in bankruptcy related proceedings, including preparation of fee applications.

21.     **(26175-383) Adjudication Matters** – Davis assisted Debtors in proceedings involving adjudication of newspapers as "newspapers of general circulation."

22.     **(26175-382) Bench Bar Comments** – Davis assisted Debtors in providing comments to proposed rule changes involving access to court proceedings and records.

23.     **(26175-384) Perry v. Schwarzenegger** – Davis assisted Debtors in seeking camera coverage of federal civil trial.

24.     **(26175-106) Newsracks General** – Davis provided Debtors with legal advice regarding newsracks.

25.     **(26175-292) Nichols Divorce File Unsealing** – Davis assisted Debtors in obtaining access to court records in divorce proceeding.

26.     **(26175-368) Beverly Hills Surgery Center** – Davis represented Debtors in moving to quash a subpoena and related proceedings.

27.     **(26175-377) Tersargyan** – Davis represented Debtors in opposing a restraining order involving a photograph of a criminal defendant that had been lawfully obtained by Debtors.

28.     **(26175-352) Pasadena Police Officers Association** - Davis assisted Debtors in in litigation under California's Public Records Act concerning a request for information identifying Pasadena police officers involved in a fatal shooting.

29.     **(26175-378) Caruso** - Davis assisted Debtors with threatened litigation arising from a published article.

30.     **(41033-20) Tribune General Advice** - Davis provided general legal advice to the Debtors with respect to small various matters.

## EXPENSES INCURRED

31.     Davis has incurred expenses of $4,089.98 in connection with its services rendered as special counsel to the debtors during the First Quarterly Fee Period.  These expenses represent actual out-of-pocket costs for items incurred exclusively for the direct benefit of the Debtors, including outside copying, electronic document management services, and travel-related expenses.  Davis submits that all such expenses area necessary and actual expenses for the performance of its services in these cases.  A breakdown of the total expenses are included as Exhibit B to this Application.

## REVIEW OF APPLICABLE LOCAL RULE

32.     The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of her information, knowledge, and belief that this Application complies with the requirements of Local Rule 2016-2.

## NOTICE

33.     Notice of this Application is being served upon the Notice Parties specified in the fee Orders.  In accordance with the terms of the Fee Orders, Davis respectfully submits that no further notice is required.

## NO PRIOR REQUEST

34.     No previous application with respect to the relief requested herein has been made to this or any other Court.[4]

WHEREFORE, after appropriate notice and hearing, Davis respectfully requests that this Court enter an Order: (a) granting the Application and authorizing the allowance of fees in the

---

[4] As indicated above, Monthly Fee Applications for the period covered by this Quarterly Fee Application were submitted.  See paragraph 12, supra.

DWT 18798911v1 0026175-000379

amount of $128,810.69, and reimbursement of actual and necessary expenses in the amount of $4,089.98; and (b) granting such further relief as this Court deems just and proper.

Dated: January 6, 2011

Respectfully submitted,

By: _____ /s/ Kelli L. Sager _____
    Kelli L. Sager
    Davis Wright Tremaine LLP
    865 S. Figueroa Street, Suite 2400
    Los Angeles, CA  90017
    (213) 633-6800
    (213) 633-6899 (fax)

    Special Counsel for Domestic Legal Matters
    to Tribune Company, et al.

DWT 18798911v1 0026175-000379