IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 Cases |
|  | ) Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, et al., | ) (Jointly Administered) |
|  | ) |
| Debtors. | ) |

## MOTION FOR LEAVE TO APPEAL
## BANKRUPTCY COURT'S DECISION ON SUBORDINATION

SULLIVAN HAZELTINE ALLINSON LLC
William D. Sullivan (I.D. No. 2820)
Elihu E. Allinson, III (I.D. No. 3476)
901 N. Market Street, Suite 1300
Wilmington, DE 19801
302-428-8191

and

BROWN RUDNICK LLP
Robert J. Stark
Martin S. Siegel
Gordon Z. Novod
Seven Times Square
New York, NY 10036
212-209-4800

*Counsel for Wilmington Trust Company, solely in its capacity as successor Indenture Trustee for the PHONES Notes*

January 10, 2012

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF RELEVANT FACTS ................................................................................... 4

STATEMENT OF ISSUES ON APPEAL .................................................................................. 7

ARGUMENT ................................................................................................................................ 7

I.  The Bankruptcy Court Opinions Are Appealable as of Right ............................................ 7

II. If the Bankruptcy Court Opinions Are Not Appealable as of Right, this Court
    Should Grant Wilmington Trust Leave to Appeal ............................................................. 9

    A.  The Bankruptcy Court Opinions Involve Multiple Controlling Questions
        of Law ...................................................................................................................10

    B.  There Is Substantial Grounds for Difference of Opinion On the Relevant
        Legal Questions ....................................................................................................11

    C.  An Immediate Appeal Will Materially Advance the Litigation ...........................12

CONCLUSION ...........................................................................................................................15

## **TABLE OF AUTHORITIES**

**Cases**

In re Armstrong World Indus., 432 F.3d 507 (3d Cir. 2005) ...................................................... 8

In re Bertoli, 812 F.2d 136 (3d Cir. 1987) ................................................................................... 9

Bowie Produce Co. v. Magic Am. Cafe, Inc. (In re Magic Rests., Inc.), 202 B.R. 24 (D. Del. 1996) .................................................................................................................................. 9

Buncher Co. v. Official Comm. of Unsecured Creditors of Genfarm Ltd. P'ship IV, 229 F.3d 245 (3d Cir. 2000) ................................................................................................... 7-8

Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949) .................................................... 8

First Am. Bank of N.Y. v. Century Glove, Inc., 64 B.R. 958 (D. Del. 1986) ......................... 9, 10

In re Frascella Enters., Misc. A. No. 08-100, 2008 WL 4155676 (E.D. Pa. Sept. 10, 2008) ........ 10

In re Natale, 295 F.3d 375 (3d Cir. 2002) .................................................................................. 8

Nat'l Cable Television Coop., Inc. v. Broadstripe, LLC (In re Broadstripe, LLC), Misc. No. 09-39-SLR, 2009 WL 774401 (D. Del. Mar. 25, 2009) ............................................. 11

In re Official Bondholders Comm. v. Chase Manhattan Bank (In re Marvel Entm't Group, Inc.), 209 B.R. 832 (D. Del. 1997) ............................................................. 9, 10, 11

Official Comm. Of Unsecured Creditors of Cybergenics Corp. v. Scott Chinery (In re Cybergenics Corp.), 226 F.3d 237 (3d Cir. 2000) ............................................................. 3

Oss Nokalva, Inc. v. European Space Agency, 617 F.3d 756 (3d Cir. 2010) ............................. 8

Patrick v. Dell Fin. Servs., 366 B.R. 378 (M.D. Pa. 2007) ......................................................... 9

Popular Leasing U.S.A., Inc. v. Forman, Civ. Nos. 09-2788 (DRD), 09-2964 (DRD), 2009 WL 2969519 (D.N.J. Sept. 14, 2009) ...................................................................... 10

In re Tribune Co., No. 08-13141, 2011 WL 5142420 (Bankr. D. Del. Oct. 31, 2011) ........... 1, 5

**Statutes**

11 U.S.C. § 510(a) .................................................................................................................... 13

11 U.S.C. § 1107(a) .................................................................................................................... 4

11 U.S.C. § 1108 ......................................................................................................................... 4

11 U.S.C. § 1129(a)(1) ......................................................................................................... 14

28 U.S.C. § 158(a) ....................................................................................................... 1, 3, 7, 9

28 U.S.C. § 1292(b) ............................................................................................................ 9, 12

## **Rules**

Fed. R. Bankr. P. 8001 ........................................................................................................... 1, 9

Fed. R. Bankr. P. 8002 ............................................................................................................... 1

Fed. R. Bankr. P. 8003 ............................................................................................................ 1, 4

Wilmington Trust Company ("Wilmington Trust"), in its capacity as successor Trustee pursuant to an indenture dated April 1, 1999 (the "Indenture" or the "PHONES Indenture," with the notes and holders of notes issued pursuant to the PHONES Indenture respectively referred to herein as the "PHONES Notes" and the "PHONES Noteholders"), by and between the Tribune Company ("Tribune" and with its debtor subsidiaries, the "Debtors"), by and through its undersigned counsel, pursuant to 28 U.S.C. § 158(a) and Bankruptcy Rules 8001, 8002 and 8003, respectfully submits this motion (the "Motion") for appeal from:

- The Order Regarding Motions for Reconsideration of the Confirmation Opinion and Order (the "Reconsideration Order") [D.I. 10532] and the Memorandum on Reconsideration [D.I. 10531][1], each entered in these cases on the 29th day of December 2011 by Judge Kevin J. Carey; and

- The Order Denying Confirmation of Competing Plans [D.I. 10134] and the Bankruptcy Court's Opinion on Confirmation , In re Tribune Co., No. 08-13141, 2011 WL 5142420 (Bankr. D. Del. Oct. 31, 2011) (the "Confirmation Opinion," and, together with the Reconsideration Order, the "Opinions" or the "Bankruptcy Court Opinions") [D.I. 10133][2], each entered in these cases on the 31st day of October 2011 by Judge Kevin J. Carey.

## PRELIMINARY STATEMENT

This case arises out of Tribune's high-profile implosion into bankruptcy. As is now well known, Tribune and certain of its subsidiaries were forced into bankruptcy after a multi-billion dollar leveraged buyout left Tribune with a massive and unsustainable debt load. The payments made in connection with that leveraged buyout are highly contested and are now the subject of fraudulent transfer claims being pursued on behalf of Tribune's creditors, including the PHONES Noteholders, appellants here. The issue that is the subject of this appeal

---

[1]   True and accurate copies of the Reconsideration Order and Memorandum on Reconsideration are attached, respectively, as Exhibit A and Exhibit B to the accompanying Declaration of William Sullivan, dated January 10, 2012 (the "Sullivan Declaration").

[2]   True and accurate copies of the Confirmation Opinion and Order implementing the original Confirmation Opinion are attached, respectively, as Exhibit C and Exhibit D to the Sullivan Declaration.

is whether the PHONES Noteholders are subordinated in the right to participate in recoveries on such claims, in conflict with fundamental principles of bankruptcy law and contract interpretation.

In conflicting decisions, the Bankruptcy Court held that the PHONES Noteholders were *not* subordinated with regard to their right to participate in recoveries on fraudulent transfer claims obtained by the Litigation Trust (defined below), and were entitled to participate with other unsecured creditors on a *pari passu* basis in such recoveries, but the Bankruptcy Court later reversed itself on this issue. On behalf of the PHONES Noteholders, Wilmington Trust appeals this decision. In particular, Wilmington Trust appeals the Bankruptcy Court's Reconsideration Order and its modified Confirmation Opinion because the Bankruptcy Court erred: (i) in reconsidering the portions of its original Confirmation Opinion at issue here and granting the Subordination Reconsideration Motions where the Movants did not satisfy the standard for reconsideration, and (ii) in holding that the subordination provisions of the PHONES Indenture apply to recoveries from causes of action arising under chapter 5 of Title 11 of the United States Code (the "Bankruptcy Code") at least to the extent of recoveries obtained by the Litigation Trust, which is described more fully in the Confirmation Opinion, but which, in sum, is to pursue certain litigation claims for the benefit of creditors pursuant to the proposed third amended plan of reorganization submitted by the Debtors and certain creditors and lenders (the "Third Amended DCL Plan").

In its original Confirmation Opinion, before modification on reconsideration, the Bankruptcy Court properly decided the scope of PHONES subordination. In its original Confirmation Opinion, the Bankruptcy Court recognized, under established Third Circuit precedent, that fraudulent transfer claims are not assets of the post-petition debtor. See

Confirmation Opinion (prior to amendment) at *56-57, slip op. at 112-13 (citing <u>Official Comm. Of Unsecured Creditors of Cybergenics Corp. v. Scott Chinery (In re Cybergenics Corp.)</u>, 226 F.3d 237, 245 (3d Cir. 2000)).  With this background, the Bankruptcy Court went on to hold that the PHONES Noteholders are subordinated only with respect to payments from assets of the Company and not payments from third parties, such as those available to creditors from Chapter 5 causes of action brought by the Litigation Trust.  That was the correct decision then, and it is the correct decision now.  That decision should not have been subject to reconsideration because no new facts nor any new law was presented to the Bankruptcy Court in support of reconsideration, but, even to the extent that the Bankruptcy Court reconsidered the issue, it should have reached the same decision.  In reversing itself, the Bankruptcy Court erred.  Wilmington Trust appeals to correct this manifest error.  Specifically, Wilmington Trust appeals the Reconsideration Order and the modified Confirmation Opinion to the extent that it was modified to strike the "Subordination Determination" as defined in the Memorandum on Reconsideration.

Wilmington Trust submits that it is entitled to appeal as a matter of right under 28 U.S.C. § 158(a)(1) as the Reconsideration Order and amended Confirmation Opinion effectively and finally decided the merits of a key issue, namely the rights of the PHONES Noteholders to participate, on a *pari passu* and unsubordinated basis, in recoveries from Chapter 5 causes of action obtained by the Litigation Trust.  By now holding that the PHONES Noteholders are subordinated with respect to the Litigation Trust's recoveries from Chapter 5 causes of action, the Bankruptcy Court finally determined the rights of PHONES Noteholders *vis-à-vis* other creditors with respect to that issue.  Accordingly, leave to appeal is not required, and this Court need go no further than that.  Wilmington Trust nevertheless submits this Motion out of an

abundance of caution in the event that the District Court determines that the Reconsideration Order and Confirmation Opinion, as amended, are interlocutory in nature, thereby requiring leave to appeal under Bankruptcy Rule 8003(a).

Even if the Bankruptcy Court Opinions are not appealable as of right, Wilmington Trust should be granted leave to appeal because: (a) the Opinions raise controlling questions of law; (b) there are substantial grounds for difference of opinion about those questions of law; and (c) an immediate appeal would materially advance the litigation, giving clarity to the ultimate confirmability of the Third Amended DCL Plan, which was filed by the Debtors, the Official Committee of Unsecured Creditors (the "Creditors' Committee"), Oaktree Capital Management, L.P. ("Oaktree"), Angelo Gordon & Co., L.P. ("Angelo Gordon"), and JPMorgan Chase Bank, N.A. ("JPMorgan") [D.I. 10273].

## STATEMENT OF RELEVANT FACTS

On December 8, 2009, Tribune and certain of its subsidiaries (collectively, the "Debtors") filed voluntary petitions for chapter 11 protection under the Bankruptcy Code.[3]

On December 10, 2010, the Debtors, the Creditors' Committee, Oaktree, Angelo Gordon, and JPMorgan (referred to herein as the "DCL Plan Proponents") filed the Second Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries, as amended [D.I. 7136, 7701, 7801, 8231, 8259, 8580 and 8769].

On February 15, 2011, Wilmington Trust filed an objection to the Second Amended DCL Plan. [D.I. 7996], and a hearing was held in April of 2011. On May 11, 2011, Wilmington Trust filed a post-confirmation hearing brief [D.I. 9268] in furtherance of Wilmington Trust's objection to the Second Amended DCL Plan.

---

[3] As of the date of this filing, the Debtors remain in possession of their assets and manage their business as debtors-in-possession, pursuant to Bankruptcy Code Sections 1107(a) and 1108.

On October 31, 2011, the Bankruptcy Court entered the Confirmation Opinion and accompanying order [D.I. 10134]. The Confirmation Opinion denied confirmation of both the DCL Plan as well as plan proposed by the holders of certain bonds issued by Tribune Company (the "Noteholder Plan") [D.I. 7127, 7802, 8169, 8225, 8286, 8755 and 8756]. The proponents of the Noteholder Plan (the "Noteholder Plan Proponents") were Wilmington Trust, solely in its capacity as Successor Indenture Trustee for the PHONES Notes, Aurelius Capital Management, L.P. ("Aurelius"), on behalf of its managed entities, Law Debenture Trust Company of New York ("Law Debenture"), as indenture trustee, and Deutsche Bank Trust Company Americas ("Deutsche Bank"), as indenture trustee.

One of the grounds for denial of confirmation of the DCL Plan was the Bankruptcy Court's conclusion that recoveries on account of Bankruptcy Code Chapter 5 causes of action obtained by the Litigation Trust created under the DCL Plan do not fall within the PHONES Notes' subordination provision. In re Tribune Co., No. 08-13141, 2011 WL 5142420, *56-57 (Bankr. D. Del. Oct. 31, 2011), slip op. at 111-113.

On November 14, 2011, (i) Aurelius filed a *Motion for Reconsideration of the Court's October 31, 2011 Decision as it Pertains to the Application of PHONES Notes Subordination* (the "Aurelius Reconsideration Motion") [D.I. 10226], and (ii) Law Debenture and Deutsche Bank filed a *Joint Motion Requesting Reconsideration of the Court's Confirmation Opinion with Respect to the Subordination of the PHONES* (the "Law Debenture Reconsideration Motion") [D.I. 10222]. Davidson Kempner Capital Management, LLC, as Investment Advisor ("Davidson Kempner"), [D.I. 10223] and Brigade Capital Management LLC ("Brigade") [D.I. 10225] filed Joinders to the Law Debenture Reconsideration Motion. Deutsche Bank filed a Joinder to the Aurelius Reconsideration Motion [D.I. 10238].

5

The Aurelius Reconsideration Motion and the Law Debenture Reconsideration Motion (collectively, the "Subordination Reconsideration Motions") argued that the relevant sections of the PHONES Indenture, including Section 14.02, when read as a whole, provide that the PHONES Noteholders are subordinated with respect to any payment, regardless of its source. See Memorandum on Reconsideration, p. 11. Accordingly, the Subordination Reconsideration Motions asserted that the PHONES Noteholders are subordinated with respect to the Litigation Trust's recoveries from Chapter 5 causes of action, even though such recoveries will be from third parties unrelated to the Debtors. Id. at 13.

On December 6, 2011, Wilmington Trust filed an Omnibus Objection to the Subordination Reconsideration Motions [D.I. 10371]. Wilmington Trust took the position that the PHONES Indenture read as a whole and with reference to the specific language of Section 14.02 of the PHONES Indenture do not provide that the PHONES Noteholders are subordinated with respect to recoveries from the Litigation Trust on account of Chapter 5 causes of action, since these recoveries are not "assets of the Company" and subordination under the PHONES Indenture applies only to "payments or distribution of assets of the Company," per the introductory clause of Section 14.02 and the specific language of Section 14.02. Wilmington Trust submitted that the Bankruptcy Court was correct in its original Confirmation Opinion, at least on this issue, and that it would be in error to reverse that prior decision.

On December 9, 2011, Aurelius filed an omnibus reply in support of its reconsideration motion [D.I. 10396]. Similarly, on December 9, 2011, Law Debenture and Deutsche Bank filed a joint reply [D.I. 10399] in support of the Law Debenture Reconsideration Motion. Brigade and Davidson Kempner filed joinders to the joint reply filed by Law Debenture and Deutsche Bank. See D.I. 10401 and 10400, respectively.

6

On December 14, 2011, the Bankruptcy Court heard oral argument on the Subordination Reconsideration Motions, and the motion of the Noteholder Plan Proponents seeking reconsideration and clarification of other portions of the Confirmation Opinion (the "NPP Reconsideration Motion").  Wilmington Trust does not, as part of this appeal, take any position with respect to the NPP Reconsideration Motion.

On December 29, 2011, the Bankruptcy Court entered the Reconsideration Order and the Memorandum on Reconsideration.

## STATEMENT OF ISSUES ON APPEAL

- Whether the Bankruptcy Court erred in reconsidering the Confirmation Opinion and granting reconsideration where the standard for reconsideration was not satisfied insofar as Movants simply disagreed with a prior decision and offered no new facts or law justifying reconsideration; and

- Whether the Bankruptcy Court erred in holding that the subordination provisions under the PHONES Indenture apply to recoveries of Bankruptcy Code Chapter 5 causes of action obtained by the Litigation Trust from third parties.

## ARGUMENT

**I.    The Bankruptcy Court Opinions Are Appealable as of Right**

Pursuant to 28 U.S.C. § 158(a)(1), "the district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees" of bankruptcy courts.  28 U.S.C. § 158(a)(1).  Jurisdiction to hear the merits of an appeal under Section 158(a)(1) rests on whether Bankruptcy Court issued a final, appealable order.

Courts in the Third Circuit apply a broader conception of finality to bankruptcy court decisions than other types of decisions issued in civil litigation.  See, e.g., Buncher Co. v. Official Comm. of Unsecured Creditors of Genfarm Ltd. P'ship IV, 229 F.3d 245, 250 (3d Cir. 2000) (noting that courts traditionally impose a "relaxed standard" of finality because of unique considerations in bankruptcy cases).  Courts interpret finality pragmatically in bankruptcy cases

7

because the "proceedings often are protracted and involve numerous parties with different claims." In re Natale, 295 F.3d 375, 378 (3d Cir. 2002). As the Third Circuit stated in In re Armstrong World Indus., 432 F.3d 507 (3d Cir. 2005), "[b]ecause bankruptcy proceedings are often protracted, and time and resources can be wasted if an appeal is delayed until after a final disposition, our policy has been to quickly resolve issues central to the progress of a bankruptcy." Id. at 511.

In granting the Subordination Reconsideration Motions and modifying its prior Confirmation Opinion, the Bankruptcy Court reversed its prior ruling on the applicability and extent of the PHONES subordination with respect to recoveries on Chapter 5 causes of action obtained by the Litigation Trust, and decided to strike the Subordination Determination from the Confirmation Opinion. By granting reconsideration on these grounds, the Bankruptcy Court has finally ruled on the PHONES Noteholders' rights with respect to recoveries on Chapter 5 causes of action by the Litigation Trust. Specifically, the Bankruptcy Court held that the subordination provisions under the PHONES Indenture apply to recoveries from Bankruptcy Code chapter 5 causes of action obtained by the Litigation Trust from third parties, a central issue in Debtors' chapter 11 cases. Because the amended Confirmation Opinion (similar to the Reconsideration Order) is thus a final order, it is appealable as of right.[4]

---

[4] The collateral order doctrine is another, independent basis for hearing an immediate appeal of the issue that Wilmington Trust seeks to appeal. The collateral order doctrine allows for immediate appeals of interlocutory orders that (i) conclusively determine a disputed question; (ii) resolve an important issue separate from the merits of the litigation; and (iii) are effectively unreviewable on appeal from a final judgment. Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546-47 (1949); see also Oss Nokalva, Inc. v. European Space Agency, 617 F.3d 756, 761 (3d Cir. 2010). Because of the importance of the issue at stake and the potential inability to obtain effective review of the disputed issue at a later stage of proceedings, the collateral order doctrine also allows for immediate review of the modified Confirmation Opinion and Reconsideration Order.

8

## II.     If the Bankruptcy Court Opinions Are Not Appealable as of Right, this Court Should Grant Wilmington Trust Leave to Appeal

Even if, *arguendo*, the Reconsideration Order and the Confirmation Opinion are not appealable as of right under 28 U.S.C. § 158(a)(1), Wilmington Trust submits that leave to appeal should be granted. An appeal from an interlocutory judgment, order, or decree of the bankruptcy court is commenced by filing a Notice of Appeal and a Motion for Leave to Appeal pursuant to Bankruptcy Rule 8001(b) and 28 U.S.C. § 158(a)(3). A Notice of Appeal is being filed concurrently herewith. With regard to the leave to appeal from an interlocutory order of the bankruptcy court, in the Third Circuit, the district court, rather than the bankruptcy court, determines whether leave should be granted. See, e.g., In re Bertoli, 812 F.2d 136, 140 (3d Cir. 1987); In re Official Bondholders Comm. v. Chase Manhattan Bank (In re Marvel Entm't Group, Inc.), 209 B.R. 832, 837 (D. Del. 1997).

In assessing whether to leave to appeal should be granted in these circumstances, courts look to the criteria set forth in 28 U.S.C. § 1292(b), which governs the appeal of interlocutory orders from district courts to the court of appeals. See Marvel, 209 B.R. at 837; see also Patrick v. Dell Fin. Servs., 366 B.R. 378, 385 (M.D. Pa. 2007). "Under § 1292(b) leave to file an interlocutory appeal can be granted when the order at issue (1) involves a controlling question of law upon which there is (2) substantial difference of opinion, and (3) when immediate appeal from the order may materially advance the ultimate termination of the litigation." Bowie Produce Co. v. Magic Am. Cafe, Inc. (In re Magic Rests., Inc.), 202 B.R. 24, 26 (D. Del. 1996) (citing First Am. Bank of N.Y. v. Century Glove, Inc., 64 B.R. 958, 962 (D. Del. 1986)).

A. **The Bankruptcy Court Opinions Involve
   Multiple Controlling Questions of Law**

The concept of a "controlling question of law" is broad. See In re Frascella Enters., Inc., Misc. A. No. 08-100, 2008 WL 4155676, at *2 (E.D. Pa. Sept. 10, 2008). A "controlling question of law" includes at the very least every order "which, if erroneous, would be reversible error on final appeal." Marvel, 209 B.R. at 837; see also First Am. Bank of N.Y., 64 B.R. at 962. Controlling questions of law are not limited to those that, if resolved differently, would eliminate the need for trial, be determinative of any claim on the merits, or change the substance of the controversy between the parties. See Popular Leasing U.S.A., Inc. v. Forman, Civ. Nos. 09-2788 (DRD), 09-2964 (DRD), 2009 WL 2969519, at *3-4 (D.N.J. Sept. 14, 2009). The "exercise of discretion to allow appeal of interlocutory orders should be informed by the practical application of the policies informing interlocutory appeals: the avoidance of harm to a party *pendente lite* from a possibly erroneous interlocutory order, and the avoidance of possible wasted trial time and litigation expense." First Am., 64 B.R. at 962 (internal quotation marks omitted).

It is beyond dispute that Wilmington Trust seeks to appeal a controlling question of law. See Marvel, 209 B.R. at 837 ("[a] controlling question of law at the very least encompasses a ruling which, if erroneous, would be reversible error on final appeal."). The Bankruptcy Court's interpretation of the PHONES Indenture – specifically, its determination of whether subordination provisions apply to recoveries from Bankruptcy Code chapter 5 causes of action obtained by the Litigation Trust – is a legal question that finally determines the rights of the PHONES Noteholders *vis-à-vis* other creditors, and was decided by the Bankruptcy Court as a matter of law. This question is a controlling question of law, and it is subject to immediate appeal.

10

### B. There Is Substantial Grounds for Difference of Opinion On the Relevant Legal Questions

The courts in this District have held that substantial grounds for difference of opinion exist where the issue has not squarely been addressed in case law. See <u>Nat'l Cable Television Coop., Inc. v. Broadstripe, LLC (In re Broadstripe, LLC)</u>, Misc. No. 09-39-SLR, 2009 WL 774401, at *2 (D. Del. Mar. 26, 2009). This requirement is also satisfied where the party appealing a bankruptcy court decision demonstrates that the decision is contrary to well-established law. <u>Marvel</u>, 209 B.R. at 837-38.

The scope of the PHONES subordination with respect to recoveries from Chapter 5 causes of action raises a novel question of law regarding subordination of a litigation trust's recoveries from Chapter 5 causes of action. Although subordinated debt is now common in complex capital structures, and litigation trusts are commonly created in bankruptcy cases to pursue fraudulent transfer claims on behalf of creditors (including subordinated debt), no prior decision has addressed the precise question at issue here, namely whether subordination applies to a litigation trust's recoveries of fraudulent transfer claims against third parties when those recoveries are not (and could never be) assets of the pre-petition company. In this situation, the issues at stake in this appeal have not been squarely addressed by prior caselaw, and represent an important issue – the resolution of which may finally enable the Debtors to emerge from bankruptcy with a confirmable Plan.

Under well-established principles of bankruptcy law and contract interpretation, the Bankruptcy Court clearly erred in its Reconsideration Order and amended Confirmation Opinion with respect to PHONES subordination. The PHONES Indenture obligates turnover of payments or distributions of only "assets of the Company." The defined-term "Company" refers only to Tribune Company, as the pre-petition corporate entity. Given that Chapter 5 claims are

not and could never be "assets of the [Tribune] Company," the PHONES Indenture does not provide for turnover of proceeds of such claims. The interpretation of the PHONES Indenture that was advanced in the Subordination Reconsideration Motions, and adopted by the Bankruptcy Court in its Reconsideration Order, runs afoul of fundamental principles of contract law, the plain wording of the PHONES Indenture, and context surrounding the subordination provision. Indeed, the Bankruptcy Court itself decided as much in its original Confirmation Opinion, which correctly interpreted the scope of PHONES subordination and decided that with respect to proceeds of Chapter 5 causes of action by the Litigation Trust, the PHONES Noteholders were not subordinated.

Independently, the Subordination Reconsideration Motions did not provide an appropriate basis for the Bankruptcy Court to reconsider its original Confirmation Opinion. In short, the parties that submitted the Subordination Reconsideration Motions said nothing new in those motions and provided the Bankruptcy Court with no valid basis to reconsider its prior decision. Rather, they rehashed arguments previously advanced (and properly rejected), or that should have been advanced in prior submissions (and rejected then, as well). In these circumstances, Wilmington Trust respectfully submits that it was an abuse of discretion for the Bankruptcy Court to re-open a properly settled issue. But, in any event, in light of the Bankruptcy Court's own conflicting decisions on the issue here, it is beyond dispute that substantial grounds exist for difference of opinion on the proper scope and extent of PHONES Notes subordination.

### C. An Immediate Appeal Will Materially Advance the Litigation

Under 28 U.S.C. § 1292(b), leave to appeal should be granted when the other factors are present and immediate appeal will materially advance the ultimate termination of the

litigation. Here, deciding the controlling question of law will materially advance the ultimate resolution of the Debtors' bankruptcy cases and the litigation concerning the applicability and extent of the PHONES subordination.

Indeed, an immediate appeal is necessary to streamline further proceedings in the Bankruptcy Court. The Bankruptcy Court has directed the parties to meet and confer with respect to submissions on remaining and related allocation disputes and disclosure/confirmation, "with a view toward a confirmation hearing to be held in mid- to late-May 2012." Memorandum on Reconsideration, p. 22. Thus, the Bankruptcy Court has indicated it may determine the "remaining allocation disputes" in the coming months before confirmation of the Plan. Id. at 23. The remaining allocation disputes include, without limitation, whether the PHONES are subordinated with respect to certain other recoveries and distributions, including recoveries from Chapter 5 causes of action other than those obtained by the Litigation Trust. See Third Amended DCL Plan, Exhibit 5.18, § 2.1.1. These remaining allocation disputes are closely related to the issue at stake in this appeal, namely the scope of PHONES subordination with respect to the Litigation Trust's recoveries from Chapter 5 causes of action. Indeed, resolution of this appeal may determine many of the remaining allocation disputes. In these circumstances, an immediate appeal would streamline those aspects of the bankruptcy proceeding and give direction to the Bankruptcy Court's consideration of such disputes.

Interlocutory review would thus determine whether the Third Amended DCL Plan's treatment of the PHONES subordination with respect to the Litigation Trust's recoveries on Chapter 5 causes of action violates Bankruptcy Code Section 510(a), which in turn, would have bearing on whether the Third Amended DCL Plan is ultimately confirmable. To the extent Bankruptcy Code Section 510(a) is violated, confirmation of the Third Amended DCL Plan

would be in violation of Section 1129(a)(1). Section 1129(a)(1) of the Bankruptcy Code requires a plan to comply with the applicable provisions of Title 11. See 11 U.S.C. § 1129(a)(1). Accordingly, if the Bankruptcy Court confirms the Third Amended DCL Plan prior to a final determination by this Court on the application of PHONES subordination with respect to recoveries from Chapter 5 causes of action, the eventual confirmation order would be subject to considerable uncertainty. An immediate appeal avoids the potential for complex and circuitous litigation on this issue and allows for expedited consideration and resolution of an issue that could prevent any plan of reorganization from being confirmed.

The Debtors have been subject to the supervision of the Bankruptcy Court for more than three years. The Debtors' chapter 11 cases are at a critical juncture. Wilmington Trust does not seek to delay the Debtors' emergence from chapter 11 protection, and indeed, an appeal at this juncture is appropriate, and should not delay proceedings. As discussed above, a hearing on confirmation of the Third Amended DCL Plan will not be held until mid to late May 2011 at the earliest, and by all accounts, it will take another three to six months before the Third Amended DCL Plan can go effective. See 11/22/2011 Hr'g Tr., 46:7-15 (Counsel to Oaktree stating that the "entry of a Confirmation Order in this case is not the end of the story with respect to the company then going effective with a Plan. There is an FCC approval process which actually can't start until the Court enters a Confirmation Order. And the FCC lawyers that I've talked to,...all say that that process will take three to six months."). In these circumstances, Wilmington Trust's appeal could be completed before the Third Amended DCL Plan could go effective, and an immediate and expedited appeal on these issues could add to the finality and certainty of the Third Amended DCL Plan's confirmability and distributions made in connection with Debtors' emergence from bankruptcy.

14

## **CONCLUSION**

**WHEREFORE**, Wilmington Trust respectfully requests that this Court (A)(i) determine that the Reconsideration Order and attendant changes to the Confirmation Opinion are "final" orders appealable as of right, or, in the alternative (ii) grant leave to appeal from the Confirmation Opinion and Reconsideration Order, and (B) grant such other and further relief as the Court deems just proper and equitable.

Dated:  January 10, 2012
       Wilmington, Delaware

SULLIVAN · HAZELTINE ·ALLINSON LLC

*/s/ William D. Sullivan*
William D. Sullivan (DE Bar No. 2820)
Elihu E. Allinson, III (DE Bar. No. 3476)
901 N. Market St., Suite 1300
Wilmington, DE 19801
Tel: 302-428-8191

-and-

BROWN RUDNICK LLP
Robert J. Stark
Martin S. Siegel
Gordon Z. Novod
Seven Times Square
New York, NY 10036
Tel: 212-209-4800

*Counsel for Wilmington Trust Company, solely in its capacity as successor Indenture Trustee for the PHONES Notes*