# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE
## EIGHTH INTERIM FEE APPLICATION OF LAZARD FRERES & CO. LLC

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Eighth Interim Fee Application of Lazard Freres & Co. LLC* [Docket No. 7506] (the "**Fee Application**"). The Fee Application seeks approval of fees that total $600,000.00 and reimbursement of expenses that total $26,749.64 for the period from September 1, 2010 through

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

November 30, 2010.  Lazard Freres & Co. LLC ("**Lazard**") serves as investment banker and financial

advisor to the Debtors.

**Background**

1.      On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed

subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") filed a voluntary petition

for relief under Chapter 11 of the Bankruptcy Code.  On December 10, 2008, the Bankruptcy Court

entered an order consolidating the Debtors' Chapter 11 cases for procedural purposes only.

2.      On December 26, 2008, the Debtors filed the *Application for an Order Authorizing*

*Debtors to Employ and Retain Lazard Frères & Co. LLC as Investment Banker and Financial Advisor*

*Pursuant to 11 U.S.C. §§ 327(a), 328(a) and 1107, Nunc Pro Tunc to the Petition Date* [Docket

No. 147] (the "**Retention Application**").  On March 13, 2009, this Court approved the retention of

Lazard Frères as investment banker and financial advisor to the Debtors by entering the *Consent Order*

*Authorizing Debtors to Employ and Retain Lazard Frères & Co. LLC as Investment Banker and*

*Financial Advisor Pursuant to 11 U.S.C. §§ 327(a), 328(a) and 1107, Nunc Pro Tunc to the Petition*

*Date* [Docket No. 524] ("**Retention Order**").

3.      Lazard submitted the Fee Application on January 14, 2010, pursuant to the *Order*

*Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*,

(January 15, 2009) [Docket No. 225] (the "**Interim Compensation Order**").

4.      The Fee Application requested the allowance of compensation and reimbursement of

expenses incurred in accord with the terms of an engagement letter and indemnification letter

(collectively referred to as "**Engagement Letter**") between Lazard and the Debtors dated

December 2, 2008.  The Engagement Letter established that the firm would receive a monthly fee of

$200,000.00, a restructuring/disposition fee, and reimbursement for all reasonable out-of-pocket

expenses.  The Retention Order provided that "Lazard shall be compensated in accordance with the

terms of the Lazard Agreement" and that "notwithstanding anything to the contrary … the U.S. Trustee

-2-

shall retain the right and be entitled to object to the Monthly Fees, the Restructuring/Disposition Fee and any other Disposition Fee based on the reasonableness standard under Bankruptcy Code Sections 330 and 331."

**Applicable Standards**

5.      In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with Section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

6.      The Fee Examiner reviewed the Fee Application for compliance with Sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**").  In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

7.      Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*.  In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of,

a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F).*

8.    A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

9.    The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Engagement Letter, the Retention Order, the Interim Compensation Order, and all related filings, and provided a Preliminary Report for the firm's review and comment. The firm responded to the Fee Examiner with a written response to the Preliminary Report dated January 10, 2011. After consideration of the additional information provided by the firm, the Fee Examiner now issues this final report (the "**Final Report**") "in a format designed to opine whether the requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines." *Fee Examiner Order ¶5.*

## DISCUSSION OF FINDINGS

### Technical Requirements

10.    **Recomputation of Fees and Expenses.** Lazard requested fees in accordance with the terms and conditions set forth in the Engagement Letter. The fee request for each month in this interim

period is $200,000.00. The Application did not include hourly rates for the firm timekeepers; however, the number of hours billed by each professional and paraprofessional and the total number of hours billed by the firm during this interim period were provided. Using the fixed monthly fee, the total hours billed by the firm, and the hours billed by each timekeeper, the Fee Examiner calculated a blended hourly rate for each month for the firm. The blended hourly rate assigned to each timekeeper was then used to calculate a fee for each entry. The calculation of the blended hourly rate resulted in a discrepancy of $0.50 that is attributed to rounding.

The Fee Examiner further determined that there is a discrepancy between the Expenses Requested and the Expenses Computed in the amount of $0.02. The sum of the detail provided for the categories of "car service and taxi charges" and "travel" in the November monthly fee application do not agree to the amount requested for these categories. The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

11. **Block Billing.** The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*. The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines ¶(b)(4)(v)*.[2] Lazard complied with the Local Rules and UST Guidelines regarding block billing.

12. **Time Increments.** The Retention Order provides Lazard "a limited waiver of the information requirements set forth in Local Rule 2016-2 to keep time records in one-half hour increments." The Lazard time entries were recorded in half hour increments.

---

[2] The judicial response to block billing varies. Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007). Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

### Review of Fees

13. **Firm Staffing.** The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii).* The Fee Application provided the names and positions of the five Lazard timekeepers who billed to this matter, consisting of one managing director, one director, one vice president, and two analysts. A summary of hours and fees billed by each timekeeper is displayed in **Exhibit A**.[3]

The firm billed a total of 788.10 hours. The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Managing Director | 3.00 | * | $ 2,262.45 | * |
| Director | 369.00 | 47% | 280,164.66 | 47% |
| Vice President | 98.90 | 13% | 79,200.60 | 13% |
| Analyst | 317.20 | 40% | 238,371.79 | 40% |
| TOTAL | 788.10 | 100% | $599,999.50 | 100% |

* Less than 1%

14. **Timekeepers' Roles.** A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4).* With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts. Each of the five Lazard timekeepers appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.

---

[3] This Final Report includes exhibits that detail and support the findings discussed herein. Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits. For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

15.    **Meetings, Conferences, Hearings, and Other Events**.  The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" (*Local Rule 2016-2(d)(ix)*), and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*.  While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified occasions where two or more timekeepers attended the same meeting, conference, hearing, or other event.  Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees.  The entries, totaling 89.80 hours, were displayed in **Exhibit B** to the Preliminary Report.  In each instance where multiple timekeepers attended a meeting, conference, hearing or other event, we identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the individual leading rather than observing a conference).  The potentially duplicative and unnecessary timekeepers' entries totaling 54.10 hours are highlighted in bold and marked with an ampersand [&] in the exhibit.  The Fee Examiner requested that the firm provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event.

In response, Lazard stated that because the firm is engaged and compensated on a flat fee basis, it encourages all available professionals to participate in relevant calls, meetings or hearings.  The Fee Examiner will continue to monitor the firm's compliance with the Local Rules and UST Guidelines. Exhibit B is omitted from this Report.

16.    **Intraoffice Conferences**.  Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel.  The Fee Examiner

identified only minimal instances of intraoffice conferencing and will make no recommendation for a fee reduction.

17.    **Complete and Detailed Task Descriptions.**  Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary."  The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*.  The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication.  Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*.  Contrary to the requirements of the Local Rules and the UST Guidelines, certain activity descriptions in the Fee Application were not sufficiently detailed.

The Fee Examiner reviewed the substantive detail of each billing entry and identified 58.40 hours where the billing narrative failed to disclose the subject matter of and/or participants to a communication.  The entries were displayed in **Exhibit C** to the Preliminary Report.  The Fee Examiner requested Lazard provide sufficient detail for each time entry and in particular disclose the subject matter and participants for every billing activity describing communications.  In response, Lazard provided a detailed explanation of the subject matter and participants for the questioned activities, which brought the entries in compliance with the Local Rules and UST Guidelines. Exhibit C is omitted from this report.

18.     **Administrative Activities.**  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm.  The Fee Examiner did not identify any fee entries describing administrative activities.

19.     **Clerical Activities.**  Clerical activities are tasks that may be effectively performed by administrative assistants, secretaries, or support personnel.[4]  The Fee Examiner did not identify any fee entries describing clerical activities.

20.     **Travel.**  The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*.  As Lazard is compensated via a flat monthly fee rather than hourly billing, the Fee Examiner will make no recommendation for a fee reduction resulting from the travel entries.

21.     **Lazard Retention/Compensation.**  Lazard did not invoice any time to prepare the firm's retention documents and applications for compensation.

**Review of Expenses**

22.     **Itemization of Expenses.**  The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*.  The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.  Itemized expenses should be

---

[4] "Duties appropriate for office staff are considered part of a professional's overhead expenses and may not be billed to the estate." *Fibermark*, 349 B.R. at 397; *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758 769 (Bankr. E.D.N.Y. 2005) (overhead not compensable); *but see Bennett Funding*, 213 B.R. at 247-48 (discussing differing approaches to clerical work at professional rates).  These overhead activities may include: mailing; photocopying, word processing (including the creation of templates), formatting, creating spreadsheets, printing, organizing files, checking for docket updates, creating binders, and secretarial overtime.  *Fibermark*, 349 B.R. at 396-97.

identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*.  Lazard provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

23.    **Potentially Duplicative Charges.**  The Fee Examiner noted charges for airfare and car services that appear to be duplicative.  The Fee Examiner requested supporting documentation for each of the charges displayed in **Exhibit D** to the Preliminary Report.  Lazard provided sufficient detail to overcome any questions regarding duplication in charges.  Exhibit D is omitted from this report.

24.    **Overtime Transportation.**  Lazard requested reimbursement of charges that appear, based on the descriptions provided, to relate to overtime transportation.  These charges total $207.90 and were displayed in **Exhibit E** to the Preliminary Report.  The Fee Examiner advised Lazard of its intent to recommend the charges be disallowed.  Lazard has agreed to withdraw its request for the reimbursement of the transportation charges totaling $207.90.  Exhibit E is omitted from this report.

25.    **Overhead Meals.**  Lazard requested reimbursement of $466.50 identified as employee meals.  It appeared that these are meals solely for employees of Lazard that were not related to travel.  The Fee Examiner requested that Lazard provide an explanation for the purpose of the meal charges displayed in **Exhibit F** to the Preliminary Report.  Lazard voluntarily withdrew its request for reimbursement of the meal charges totaling $466.50.  Exhibit F is omitted from this report.

26.    **Travel Expenses - Meals.**  The Fee Examiner has applied and this Court has followed per person ceilings for meals:  breakfast at $15.00 per person, lunch at $25.00 per person, and dinner at $50.00 per person.  Several meal charges requested for reimbursement appeared to exceed the ceiling amounts.  The entries were displayed in **Exhibit G** to the Preliminary Report.  The Fee Examiner advised Lazard of its intent to recommend the amounts above the ceiling ($169.48) be disallowed.  Lazard responded by consenting to the $169.48 reduction related to the meal allowance.  Exhibit G is omitted from this report.

27.    **Legal Fees/Expenses.**    Lazard requested reimbursement for legal fees and expenses totaling $5,292.13.  The descriptions for each of the charges stated that the services were rendered by SNR Denton US LLP.    The Fee Examiner requested that Lazard provide additional information regarding the purpose and necessity of the charges displayed in **Exhibit H** to the Preliminary Report. In response, Lazard provided additional information outlining the purpose and necessity of the legal fees/expenses.  After reviewing the detailed explanation, the Fee Examiner makes no recommendation for a reduction here.  Exhibit H is omitted from this report.

## CONCLUSION

The Fee Examiner submits this Final Report regarding the Fee Application and the fees and expenses discussed above.    The Fee Examiner recommends the approval of fees in the amount of $600,000.00 and reimbursement of expenses in the amount of $25,905.76 ($26,749.64 minus $843.88) for the period from September 1, 2010 through November 30, 2010.    The findings are set forth in the summary on the following page.

**LAZARD FRERES & CO. LLC**

**SUMMARY OF FINDINGS**

**Eighth Interim Fee Application (September 1, 2010 through November 30, 2010)**

**A.**    **Amounts Requested and Computed**

| | | |
|---|---|---|
| Fees Requested | $600,000.00 | |
| Expenses Requested | 26,749.64 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $626,749.64 |
| | | |
| Fees Computed | $599,999.50 | |
| Expenses Computed | 26,749.66 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $626,749.16 |
| | | |
| Discrepancy in Fees | $    0.50 | |
| Discrepancy in Expenses | (0.02) | |
| | | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $    0.48 |

**B.**    **Recommended Fee Allowance and Expense Reimbursement**

| | | | |
|---|---|---|---|
| Fees Requested | $600,000.00 | | |
| | | | |
| RECOMMENDED FEE ALLOWANCE | | | $600,000.00 |
| | | | |
| Expenses Requested | $26,749.64 | | |
| *Agreed Reduction for Overtime Transportation* | | *($207.90)* | |
| *Agreed Reduction for Overhead Meals* | | *(466.50)* | |
| *Agreed Reduction for Travel Expenses - Meals* | | *(169.48)* | |
| Subtotal | | *($843.88)* | |
| | | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | | 25,905.76 |
| | | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | | $625,905.76 |

Respectfully submitted,

STUART MAUE

By: _____
    John F. Theil, Esq.
    3840 McKelvey Road
    St. Louis, Missouri  63044
    Telephone:  (314) 291-3030
    Facsimile:  (314) 291-6546
    tribunebkr@smmj.com

    *Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 12th day of January, 2012.

David Klauder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE  19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE  19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE  19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE  19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Mr. James F. Conlan
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY  10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY  10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE  19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY  10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Mr. Bradley Dunn
Lazard Freres & Co. LLC
30 Rockefeller Plaza
New York, NY  10020

John F. Theil, Esq.

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Lazard Freres & Co. LLC**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| DSKU | Kurtz, David S. | MANAG DIRECTOR | $754.15 | $754.15 | 3.00 | $2,262.45 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $754.15 | | 3.00 | $2,262.45 |
| | | | | % of Total: | 0.38% | % of Total: 0.38% |
| SMAN | Mandava, Suneel | DIRECTOR | $683.99 | $867.68 | 369.00 | $280,164.66 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $759.25 | | 369.00 | $280,164.66 |
| | | | | % of Total: | 46.82% | % of Total: 46.69% |
| SLUL | Lulla, Sachin | VICE PRESIDENT | $683.99 | $867.68 | 98.90 | $79,200.60 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $800.81 | | 98.90 | $79,200.60 |
| | | | | % of Total: | 12.55% | % of Total: 13.20% |
| PNGU | Nguyen, Phillip | ANALYST | $683.99 | $867.68 | 163.00 | $123,593.54 |
| TLUC | Tira, Lucian | ANALYST | $683.99 | $867.68 | 154.20 | $114,778.25 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $751.49 | | 317.20 | $238,371.79 |
| | | | | % of Total: | 40.25% | % of Total: 39.73% |
| | Total No. of Billers: 5 | Blended Rate for Report: | $761.32 | | 788.10 | $599,999.50 |

EXHIBIT D

Potentially Duplicative Charges

Lazard Freres & Co. LLC

| DATE | INVOICE/ENTRY | AMOUNT BILLED | DETAIL AMOUNT | EXHIBIT AMOUNT | DESCRIPTION |
|------|---------------|---------------|---------------|----------------|-------------|
| 11/10/10 | 20101130/7 | 52.00 | | 52.00 | CAR SERVICES AND TAXIS - KURTZ-WILMDE HOTEL TO PHIL AIRPORT 10/05/2010 |
| 11/10/10 | 20101130/48 | 851.70 | | 851.70 | TRAVEL - KURTZ-PHILA-CHI (COACH) UNITED 10/08/2010 |
| 11/10/10 | 20101130/47 | 851.70 | | 851.70 | TRAVEL - KURTZ-PHILA-CHI (COACH) UNITED 10/08/2010 |
| 11/10/10 | 20101130/8 | 52.00 | | 52.00 | CAR SERVICES AND TAXIS - KURTZ-WILMDE HOTEL TO PHILA AIRPORT 10/05/2010 |
| | | $1,807.40 | | $1,807.40 | |

EXHIBIT E

Overtime Transportation

Lazard Freres & Co. LLC

| DATE | INVOICE/ENTRY | AMOUNT BILLED | DETAIL AMOUNT | EXHIBIT AMOUNT | DESCRIPTION |
|---|---|---|---|---|---|
| 09/27/10 | 20100930/3 | 10.00 | | 10.00 | CAR SERVICES AND TAXIS - LULLA-HOME TO OFFICE 09/06/2010 |
| 10/11/10 | 20101031/4 | 10.95 | | 10.95 | CAR SERVICES AND TAXIS - LULLA-C 07/12/2010 00:00 ORIGIN: 190 S LASALLE DEST: 2020 N LINCOLN PARK / UNITED DISPATCH |
| 10/11/10 | 20101031/5 | 12.35 | | 12.35 | CAR SERVICES AND TAXIS - LULLA-C 07/14/2010 00:00 ORIGIN: 190 S LASALLE DEST: 2020 N LINCOLN PARK / UNITED DISPATCH |
| 10/11/10 | 20101031/6 | 11.35 | | 11.35 | CAR SERVICES AND TAXIS - LULLA-C 07/17/2010 00:00 ORIGIN: 190 S LASALLE DEST: 2020 N LINCOLN PARK / UNITED DISPATCH |
| 10/11/10 | 20101031/7 | 10.35 | | 10.35 | CAR SERVICES AND TAXIS - LULLA-C 07/19/2010 00:00 ORIGIN: 190 S LASALLE DEST: 2020 N LINCOLN PARK / UNITED DISPATCH |
| 10/11/10 | 20101031/8 | 11.55 | | 11.55 | CAR SERVICES AND TAXIS - LULLA-C 07/21/2010 00:00 ORIGIN: 190 S LASALLE DEST: 2020 N LINCOLN PARK / UNITED DISPATCH |
| 10/11/10 | 20101031/9 | 11.00 | | 11.00 | CAR SERVICES AND TAXIS - MANDAVA-CHI OFFICE TO HOME 07/22/2010 |
| 10/11/10 | 20101031/10 | 11.00 | | 11.00 | CAR SERVICES AND TAXIS - MANDAVA-CHI OFFICE TO HOME 07/28/2010 |
| 11/11/10 | 20101130/22 | 7.00 | | 7.00 | CAR SERVICES AND TAXIS - MANDAVA-CHI OFFICE TO PARKING LOT 10/10/2010 |
| 11/11/10 | 20101130/64 | 8.00 | | 8.00 | TRAVEL - MANDAVA-CHI 1 DAY PEPPER PARK - WKEND 10/10/2010 |
| 11/11/10 | 20101130/11 | 12.00 | | 12.00 | CAR SERVICES AND TAXIS - MANDAVA-CHI HOME TO OFFICE - WKEND 10/09/2010 |
| 11/11/10 | 20101130/14 | 13.00 | | 13.00 | CAR SERVICES AND TAXIS - MANDAVA-CHI OFFICE TO HOME - WKEND 10/09/2010 |
| 11/11/10 | 20101130/15 | 11.00 | | 11.00 | CAR SERVICES AND TAXIS - MANDAVA-CHI OFFICE TO HOME 09/07/2010 |
| 11/11/10 | 20101130/16 | 11.00 | | 11.00 | CAR SERVICES AND TAXIS - MANDAVA-CHI OFFICE TO HOME 09/09/2010 |
| 11/11/10 | 20101130/17 | 12.00 | | 12.00 | CAR SERVICES AND TAXIS - MANDAVA-CHI OFFICE TO HOME 10/06/2010 |
| 11/11/10 | 20101130/18 | 13.00 | | 13.00 | CAR SERVICES AND TAXIS - MANDAVA-CHI OFFICE TO HOME 10/08/2010 |
| 11/11/10 | 20101130/19 | 12.00 | | 12.00 | CAR SERVICES AND TAXIS - MANDAVA-CHI OFFICE TO HOME 10/20/2010 |
| 11/24/10 | 20101130/10 | 10.00 | | 10.00 | CAR SERVICES AND TAXIS - LULLA-HOME TO OFFICE CHICAGO SAT 11/13/2010 |
| 11/30/10 | 20101130/9 | 10.35 | | 10.35 | CAR SERVICES AND TAXIS - LULLA-C 07/26/2010 00:00 ORIGIN: 190 S LASALLE DEST: CLARK AND ARMITAGE / UNITED DISPATCH |
| | | $207.90 | | $207.90 | |

EXHIBIT F

Overhead Meals

Lazard Freres & Co. LLC

| DATE | INVOICE/ENTRY | AMOUNT BILLED | DETAIL AMOUNT | EXHIBIT AMOUNT | DESCRIPTION |
|---|---|---|---|---|---|
| 09/07/10 | 20100930/14 | 20.00 | | 20.00 | EMPLOYEE MEALS - TIRA-MITY NICE CHGO DIN 07/15/2010 |
| 09/07/10 | 20100930/13 | 20.00 | | 20.00 | EMPLOYEE MEALS - TIRA-MITY NICE CHGO DIN 07/22/2010 |
| 09/10/10 | 20100930/16 | 11.86 | | 11.86 | EMPLOYEE MEALS - MANDAVA-CHI DINNER (1) RUBY OF SIAM 07/26/2010 |
| 09/10/10 | 20100930/15 | 18.49 | | 18.49 | EMPLOYEE MEALS - MANDAVA-CHI DINNER (1) FRISHII 07/19/2010 |
| 09/27/10 | 20100930/17 | 20.00 | | 20.00 | EMPLOYEE MEALS - TIRA-KLAY OVEN CHGO DIN 09/09/2010 |
| 09/30/10 | 20100930/22 | 20.00 | | 20.00 | EMPLOYEE MEALS - MANDAVA-DINING IN CHICAGO BRIGHTON MA 09/06/2010 |
| 09/30/10 | 20100930/21 | 20.00 | | 20.00 | EMPLOYEE MEALS - LULLA-DINING IN CHICAGO BRIGHTON MA 09/06/2010 |
| 09/30/10 | 20100930/20 | 20.00 | | 20.00 | EMPLOYEE MEALS - NUGYEN-DINING IN CHGO DIN 9/8/2010 |
| 09/30/10 | 20100930/19 | 20.00 | | 20.00 | EMPLOYEE MEALS - TIRA-DINING IN CHGO DIN 9/8/2010 |
| 09/30/10 | 20100930/23 | 20.00 | | 20.00 | EMPLOYEE MEALS - TIRA-DINING IN CHICAGO BRIGHTON MA 09/06/2010 |
| 09/30/10 | 20100930/18 | 20.00 | | 20.00 | EMPLOYEE MEALS - TIRE-DINING IN CHI DINNER 9/2/2010 |
| 10/11/10 | 20101031/24 | 14.03 | | 14.03 | EMPLOYEE MEALS - MANDAVA-CHI LUNCH SBARRO 09/06/2010 |
| 10/11/10 | 20101031/25 | 14.04 | | 14.04 | EMPLOYEE MEALS - TIRA-CHI LUNCH SBARRO 09/06/2010 |
| 10/12/10 | 20101031/26 | 20.00 | | 20.00 | EMPLOYEE MEALS - TIRA-ELEPHANT & CASTLE 57 CHICAGO I 09/07/2010 |
| 11/02/10 | 20101130/35 | 20.00 | | 20.00 | EMPLOYEE MEALS - NGUYEN-FRESHII - 200 W. MON CHICAGO I 10/07/2010 |
| 11/02/10 | 20101130/30 | 20.00 | | 20.00 | EMPLOYEE MEALS - MANDAVA-DINING IN CHICAGO BRIGHTON MA 10/06/2010 |
| 11/02/10 | 20101130/31 | 20.00 | | 20.00 | EMPLOYEE MEALS - NGUYEN-DINING IN CHICAGO BRIGHTON MA 10/06/2010 |
| 11/02/10 | 20101130/37 | 20.00 | | 20.00 | EMPLOYEE MEALS - TIRA-DINING IN CHICAGO BRIGHTON MA 10/06/2010 |
| 11/11/10 | 20101130/29 | 8.08 | | 8.08 | EMPLOYEE MEALS - MANDAVA-CHI LUNCH (1) SBARRO 10/09/2010 |
| 11/12/10 | 20101130/34 | 20.00 | | 20.00 | EMPLOYEE MEALS - NGUYEN-DINNER 10/08/2010 |
| 11/12/10 | 20101130/39 | 20.00 | | 20.00 | EMPLOYEE MEALS - TIRA-DINNER 10/08/2010 |
| 11/12/10 | 20101130/33 | 20.00 | | 20.00 | EMPLOYEE MEALS - NGUYEN-DINNER 10/05/2010 |
| 11/12/10 | 20101130/38 | 20.00 | | 20.00 | EMPLOYEE MEALS - TIRA-DINNER 10/05/2010 |
| 11/24/10 | 20101130/32 | 20.00 | | 20.00 | EMPLOYEE MEALS - NGUYEN-DINING IN CHICAGO BRIGHTON MA 10/12/2010 |
| 11/24/10 | 20101130/36 | 20.00 | | 20.00 | EMPLOYEE MEALS - TIRA-DINING IN CHI DIN 11/1 11/01/2010 |

EXHIBIT F

Overhead Meals

Lazard Freres & Co. LLC

| DATE | INVOICE/ENTRY | AMOUNT BILLED | DETAIL AMOUNT | EXHIBIT AMOUNT | DESCRIPTION |
|------|---------------|---------------|---------------|----------------|-------------|
|      |               | $466.50       |               | $466.50        |             |

EXHIBIT G

Travel Expenses - Meals

Lazard Freres & Co. LLC

| DATE | INVOICE/ENTRY | AMOUNT BILLED | DETAIL AMOUNT | EXHIBIT AMOUNT | DESCRIPTION |
|------|---------------|---------------|---------------|----------------|-------------|
| 09/07/10 | 20100930/24 | 260.00 | | 260.00 | MEALS-MEETINGS/TRAVEL - KURTZ-NYC DINNER (4) FRESCO 07/20/2010 |
| 09/07/10 | 20100930/25 | 100.00 | | 100.00 | MEALS-MEETINGS/TRAVEL - KURTZ-NYC BKFST (4) ISTANA 07/20/2010 |
| 09/07/10 | 20100930/26 | 65.00 | | 65.00 | MEALS-MEETINGS/TRAVEL - KURTZ-NYC DINNER (1) ROOM SERVICE 07/19/2010 |
| 09/07/10 | 20100930/27 | 60.08 | | 60.08 | MEALS-MEETINGS/TRAVEL - KURTZ-NYC BKFST (4) BRASSERIE 7/21/2010 |
| 11/10/10 | 20101130/40 | 385.00 | | 385.00 | MEALS-MEETINGS/TRAVEL - KURTZ-WILMINGTON DINNER (7) DEEP BLUE 09/15/2010 |
| 11/10/10 | 20101130/42 | 25.00 | | 25.00 | MEALS-MEETINGS/TRAVEL - KURTZ-WILMDE BKFST (1) ROOM SERVICE 09/28/2010 |
| 11/10/10 | 20101130/43 | 24.40 | | 24.40 | MEALS-MEETINGS/TRAVEL - KURTZ-WILMDE BKFST (1) ROOM SERVICE 09/26/2010 |
| | | $919.48 | | $919.48 | |

EXHIBIT H

Legal Fees/Expenses

Lazard Freres & Co. LLC

| DATE | INVOICE/ENTRY | AMOUNT BILLED | DETAIL AMOUNT | EXHIBIT AMOUNT | DESCRIPTION |
|------|---------------|---------------|---------------|----------------|-------------|
| 10/08/10 | 20101031/27 | 312.13 | | 312.13 | LEGAL EXPENSES - AUG2010 RE:CHICAGO TRIBUNE / SNR DENTON US LLP |
| 10/08/10 | 20101031/28 | 3,112.50 | | 3,112.50 | LEGAL FEES - AUG2010 RE: CHICAGO TRIBUNE / SNR DENTON US LLP |
| 10/29/10 | 20101031/29 | 1,867.50 | | 1,867.50 | LEGAL FEES - AUG2010 TRIBUNE CO. / SNR DENTON US LLP |
| | | $5,292.13 | | $5,292.13 | |