# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>TRIBUNE COMPANY, *et al.*,<br><br>                              Debtors. | ) <br>) <br>) Chapter 11 <br>) Case No. 08-13141 (KJC) <br>) Jointly Administered <br>) <br>) **Hearing Date: February 2, 2012 at 2:30 p.m. ET** <br>) **Objection Deadline:   January 26, 2012 at 4:00 p.m. ET** <br>) |

## MOTION FOR ORDER LIFTING STAYS OF STATE LAW
## CONSTRUCTIVE FRAUDULENT CONVEYANCE SUITS

| | |
|---|---|
| McCARTER & ENGLISH, LLP<br>David J. Adler<br>245 Park Avenue<br>New York, NY 10167<br>212-609-6800 | McCARTER & ENGLISH, LLP<br>Katharine L. Mayer (I.D. No. 3758)<br>Renaissance Centre<br>405 N. King Street<br>Wilmington, DE 19801<br>302-984-6300 |

*Counsel for Deutsche Bank Trust Company Americas, solely in its capacity as successor Indenture Trustee for certain series of Senior Notes*

| | |
|---|---|
| KASOWITZ, BENSON, TORRES & FRIEDMAN LLP<br>David S. Rosner<br>1633 Broadway<br>New York, New York 10019<br>212-506-1700 | BIFFERATO GENTILOTTI LLC<br>Garvan F. McDaniel (I.D. No. 4167)<br>800 N. King Street, Plaza Level<br>Wilmington, Delaware 19801<br>302- 429-1900 |

*Counsel for Law Debenture Trust Company of New York, solely in its capacity as successor Indenture Trustee for certain series of Senior Notes*

| | |
|---|---|
| BROWN RUDNICK LLP<br>Robert J. Stark<br>Martin S. Siegel<br>Gordon Z. Novod<br>Seven Times Square<br>New York, NY 10036<br>212-209-4800 | SULLIVAN HAZELTINE ALLINSON LLC<br>William D. Sullivan (I.D. No. 2820)<br>Elihu E. Allinson, III (I.D. No. 3476)<br>901 N. Market St., Suite 1300<br>Wilmington, DE 19801<br>302-428-8191 |

*Counsel for Wilmington Trust Company, solely in its capacity as successor Indenture Trustee for certain series of exchangeable subordinated debentures referred to as the PHONES Notes*

Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for a certain series of Senior Notes ("DBTCA"), Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for a certain series of Senior Notes ("Law Debenture"), and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES Notes ("Wilmington Trust" and, together with DBTCA and Law Debenture, the "Movants"), hereby move this Court (the "Motion"),[1] by and through their undersigned counsel, for entry of an order lifting the stay (the "Stay") of prosecution of the state law constructive fraudulent conveyance actions filed by Movants (the "SLCFC Actions"), which stay was imposed pursuant to this Court's order dated April 25, 2011 (the "April 25 Order").[2] As described more fully herein, the Court's October 31, 2011 Opinion on Confirmation (the "Confirmation Opinion")[3] resolved the issues warranting the Stay. As such, the relief requested by Movants should be granted.

## BACKGROUND

1. The claims asserted in the SLCFC Actions arise out of the ill-fated leveraged buy-out (the "LBO") that was consummated by Tribune Company ("Tribune") in 2007. In connection with the LBO, Tribune shareholders received approximately $8.3 billion in cash in exchange for their shares of common stock in Tribune.

2. On December 8, 2008, Tribune and certain of its affiliates (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC (f/k/a Chicago National League Ball Club, LLC), commenced a voluntary chapter 11 case on October 12, 2009.

---

[1] Capitalized terms used but not defined herein have the meaning ascribed to such terms in the SLCFC Claims Motion (as defined below).

[2] ECF No. 8740.

[3] ECF No. 10133.

3.      On October 22, 2010, the Debtors, the Official Committee of Unsecured Creditors of Tribune Company, *et al.*, Oaktree Capital Management, L.P., Angelo Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. filed a plan of reorganization (as amended, the "DCL Plan").[4]  On October 29, 2010, Movants, along with Aurelius Capital Management, LP ("Aurelius"), acting on behalf of its managed entities, filed a competing plan of reorganization (as amended, the "Noteholder Plan,"[5] and, together with the DCL Plan, the "Competing Plans").  The Court considered confirmation of the Competing Plans at a trial commencing on March 7, 2011 (the "Confirmation Hearing").  On October 31, 2011, the Court issued the Confirmation Opinion, denying confirmation of both Competing Plans.[6]

4.      On March 1, 2011, Movants filed (or subsequently joined in) a motion filed by Aurelius, DBTCA, and Law Debenture for Entry of an Order (I) Determining that Creditors Have Retained Their State Law Constructive Fraudulent Conveyance Claims to Recover Stock Redemption Payments Made to Step One Shareholders and Step Two Shareholders Pursuant to 11 U.S.C. 546(a); (II) Determining that Automatic Stay Does Not Bar Commencement of Litigation on Account of Such Claims Against Such Shareholders or, in the Alternative, Granting Relief From Automatic Stay to Permit Commencement of Such Litigation; and (III) Granting Leave from Mediation Order to Permit Commencement of Such Litigation (the "SLCFC Claims Motion").[7]

5.      Following a hearing on the SLCFC Claims Motion held before the Court on March 22, 2011 (the "March 22 Hearing"), the Court entered the April 25 Order granting the SLCFC Claims Motion.  The April 25 Order authorized commencement of the SLCFC Actions,

---

[4] *See* ECF Nos. 6089, 6599, 6686, 6984, 7050, 7136, 7701, 7801, and 8580.
[5] *See* ECF Nos. 6184, 6601, 6676, 7073, 7127, 7802, 8169, 8225, 8286, and 8755.
[6] Confirmation Opinion at 5, 113–14, 123.
[7] ECF No. 8201.

but directed that the SLCFC Actions be stayed pending further order of the Court.[8]

6. On June 2 and 3, 2011, Movants commenced the SLCFC Actions by filing complaints in three state courts—New York, Delaware and California -- and twenty federal district courts across the country including Arizona, California, Colorado, Connecticut, the District of Columbia, Florida, Illinois, Indiana, Massachusetts, Maryland, Minnesota, North Carolina, New Jersey, Ohio, Pennsylvania, Texas, Virginia, Vermont, Washington and Wisconsin.   Thereafter, in accordance with the April 25 Order, Movants moved to stay the SLCFC Actions pending further order lifting the stays, and successfully obtained such stays in nearly all of the SLCFC Actions.[9]   Movants subsequently filed additional (or re-filed) SLCFC Actions in Colorado, Texas and New York district courts.

7. By order dated June 28, 2011 (the "June 28 Order"), on the motion of Movants, the Court supplemented the April 25 Order to make clear that, *inter alia*, the stay provisions of the April 25 Order did not preclude motion practice seeking to consolidate and/or coordinate, or notices of removal of, the SLCFC Actions.[10]   Shortly after entry of the June 28 Order, various defendants removed to federal court all of the SLCFC Actions that were originally filed by Movants in state court, save one.[11]

8. On August 16, 2011, Movants filed a petition (the "MDL Motion") with the United States Judicial Panel on Multidistrict Litigation (the "MDL Panel"), pursuant to 28 U.S.C. § 1407, seeking to transfer the SLCFC Actions pending in district courts outside of New York to the Honorable Richard J. Holwell in the United Stated District Court for the Southern

---

[8] April 25 Order ¶6.

[9] The April 25 Order did not stay, *inter alia*, motions to amend.   In certain of the SLCFC Actions, Plaintiffs to the SLCFC Actions filed, or sought to file, first, second and/or third amended complaints.

[10] ECF No. 9380.

[11] The SLCFC Action filed in California state court (the "California Action") was not removed and remains pending in state court.

District of New York (the "SDNY") (Movants' New York SLCFC Actions were already pending before Judge Holwell).[12]

9.      On December 19, 2011, the MDL Panel granted the MDL Motion, ordering the SLCFC Actions pending in federal courts outside of New York as of the date of the MDL Motion transferred to Judge Holwell in the SDNY.[13]  On December 28 and 29, 2011, the MDL Panel issued conditional transfer orders covering the remaining SLCFC Actions and certain actions commenced by former employees of the Times Mirror Company.[14]  No objections to these orders were filed within the statutory time-period, and these actions have now been transferred to the SDNY pursuant to MDL Panel Rule 7.1.[15]  On December 28, 2011, Judge Holwell issued an order staying all of the Tribune-related cases consolidated before him pending further order of the SDNY or this Court.

## RELIEF REQUESTED

10.     Movants respectfully request that the Court enter an order lifting the stay of the SLCFC Actions directed by the April 25 Order, so that the SLCFC Actions transferred to the SDNY, and the California Action, can proceed on a schedule and in a manner to be determined

---

[12] Plaintiffs' Motion for Transfer for Coordinated or Consolidated Pretrial Proceedings Pursuant to 28 U.S.C. § 1407, *In re Tribune Fraudulent Conveyance Litigation,* MDL No. 2296 (Aug. 16, 2011) (No. 1).

[13] Transfer Order, *In Re Tribune Company Fraudulent Conveyance Litig*., MDL No. 2296 (Dec. 19, 2011) (No. 947).

[14] Conditional Transfer Order, *In Re Tribune Company Fraudulent Conveyance Litig*., MDL No. 2296 (Dec. 28, 2011) (No. 953); Conditional Transfer Order, *In Re Tribune Company Fraudulent Conveyance Litig*., MDL No. 2296 (Dec. 29, 2011) (No. 956).

[15] The MDL Panel's December 28th conditional transfer order also included the adversary proceeding *Official Committee of Unsecured Creditors of Tribune Co., et al. v. Dennis J. FitzSimons, et al.*, No. 10-54010 (KJC) (the "Committee Action"), which is currently pending in this Court.  *See* Conditional Transfer Order, *In Re Tribune Company Fraudulent Conveyance Litig*., MDL No. 2296 [ECF No. 953].  Three parties to the Committee Action, including the Committee and former Tribune shareholders the Robert R. McCormick Tribune Foundation and the Cantigny Foundation, have filed preliminary notices of objection to the transfer of the Committee Action to the SDNY.  *See* Notice of Opposition to Conditional Transfer Order, *In re Tribune Co. Fraudulent Conveyance Litig*., MDL No. 2296 [ECF No. 959].  Pursuant to MDL Panel Rule 7.1(f), such parties now have two weeks to file substantive papers in support of their objection, in the form of a motion to vacate the conditional transfer order.  If no motion to vacate is filed by the deadline, the Committee Action will then be transferred to the SDNY.  If one or more such motions are filed, the matter will be determined by the MDL Panel.  *See* MDL Panel Rule 7.1(f).

by the courts presiding over the respective actions.

## BASIS FOR RELIEF REQUESTED

11. At the March 22 Hearing, this Court determined that a temporary stay of the SLCFC Actions was necessary in order to, among other things, ensure that the parties-in-interest to the Debtors' then-pending confirmation litigation would have a full and fair opportunity to present all of their objections to the Competing Plans.[16] These objections included arguments by former Tribune shareholders the Robert R. McCormick Tribune Foundation and the Cantigny Foundation that Bankruptcy Code section 546(e), and theories of federal preemption and standing, precluded Tribune creditors from pursuing the SLCFC Actions.[17]

12. The Court elaborated on its view that the then-pending confirmation litigation necessitated a stay of prosecution of the SLCFC Actions at the March 22 Hearing:

> I would like the memorialization, until further order of the Court . . . that no litigation should be pursued or prosecuted, because I am concerned about whether there would be implications with respect to any decision I might make in connection with confirmation of a plan, and I want to reserve, to myself and to the parties who have objected to confirmation, to make whatever arguments they have to make without being hampered by an order that I'm entering here. I don't mean to dispose of any of those rights.[18]

13. In the Confirmation Opinion, however, the Court ruled that confirmation objections regarding the SLCFC Actions, including "whether such claims are preempted or otherwise impacted by § 546(e)," did not preclude confirmation of the DCL Plan, and "are best left for determination by the courts hearing those claims."[19]

---

[16] Omnibus Hr'g Tr. 99–101, Mar. 22, 2011 (ECF No. 8485).

[17] ECF No. 7972 ¶ 27.

[18] Hr'g Tr. 100–01. The Court emphasized in the April 25 Order that it had made no finding, nor issued any "ruling determining the standing of the Original Plaintiff's Group (or any creditor) to assert the Creditor SLCFC Claims or whether such claims are preempted or otherwise impacted by 11 U.S.C. § 546(e)." April 25 Order ¶ 8 n.2.

[19] Confirmation Opinion at 98.

14. In light of this ruling, there is no longer any need to stay prosecution of the SLCFC Actions so that objections to the Competing Plans may be preserved. Rather, Movants respectfully submit that the interests of justice and judicial economy will best be served by permitting the SLCFC Actions to proceed, on a schedule deemed appropriate by the courts presiding over the respective actions.

## **CONCLUSION**

WHEREFORE, Movants respectfully request that the Court enter an order lifting the stay of the SLCFC Actions directed by the April 25 Order, so that the SLCFC Actions transferred to the SDNY, and the California Action, may proceed on a schedule to be determined by the courts presiding over the respective actions.


Dated:   January 12, 2012

| | |
|---|---|
| McCARTER & ENGLISH, LLP<br>David J. Adler<br>245 Park Avenue<br>New York, NY 10167<br>212-609-6800 | McCARTER & ENGLISH, LLP<br><br>*/s/ Katharine L. Mayer*<br>Katharine L. Mayer (I.D. No. 3758)<br>Renaissance Centre<br>405 N. King Street<br>Wilmington, DE 19801<br>302-984-6300 |

*Counsel for Deutsche Bank Trust Company Americas, solely in its capacity as successor Indenture Trustee for certain series of Senior Notes*

Dated:   January 12, 2012

| | |
|---|---|
| KASOWITZ, BENSON, TORRES & FRIEDMAN LLP<br>David S. Rosner<br>1633 Broadway<br>New York, New York 10019<br>212-506-1700 | BIFFERATO GENTILOTTI LLC<br><br>*/s/ Garvan F. McDaniel*<br>Garvan F. McDaniel (I.D. No. 4167)<br>800 N. King Street, Plaza Level<br>Wilmington, Delaware 19801<br>302- 429-1900 |

*Counsel for Law Debenture Trust Company of New York, solely in its capacity as successor Indenture Trustee for certain series of Senior Notes*

Dated:   January 12, 2012

| | |
|---|---|
| BROWN RUDNICK LLP<br>Robert J. Stark<br>Martin S. Siegel<br>Gordon Z. Novod<br>Seven Times Square<br>New York, NY 10036<br>212-209-4800 | SULLIVAN HAZELTINE ALLINSON LLC<br><br>*/s/ William D. Sullivan*<br>William D. Sullivan (I.D. No. 2820)<br>Elihu E. Allinson, III (I.D. No. 3476)<br>901 N. Market St., Suite 1300<br>Wilmington, DE 19801<br>302-428-8191 |

*Counsel for Wilmington Trust Company, solely in its capacity as successor Indenture Trustee for the PHONES Notes*