```
              IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE DISTRICT OF DELAWARE


IN RE:                        )    Case No. 08-13141 (KJC)
                              )    (Jointly Administered)
                              )
TRIBUNE COMPANY, et al.,      )    Chapter 11

                              )    Courtroom 5
                              )    824 Market Street
             Debtors.         )    Wilmington, Delaware
                              )
                              )    January 11, 2012
                              )    11:00 a.m.



                  TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE JUDGE KEVIN J. CAREY
               UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:
For Debtors:              Sidley Austin, LLP
                          BY: JAMES BENDERNAGEL, ESQ.
                          BY: JESSICA BOELTER, ESQ.
                          BY: KEN KANSA, ESQ.
                          BY: KEVIN LANTRY, ESQ.
                          One South Dearborn
                          Chicago, IL  60603
                          (312) 853-7000


                          Cole, Schotz, Meisel, Forman
                          & Leonard, P.A.
                          BY: NORMAN PERNICK, ESQ.
                          500 Delaware Avenue, Suite 410
                          Wilmington, DE  19801
                          (302) 652-3131


ECRO:                     AL LUGANO

Transcription Service:    DIAZ DATA SERVICES
                          331 Schuylkill Street
                          Harrisburg, Pennsylvania 17110
                          (717) 233-6664
                          www.diazdata.com


Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

```
 1   APPEARANCES:
 2   (Continued)
 3
 4   For Great Banc:              Womble Carlyle
 5                                BY: THOMAS M. HORAN, ESQ.
 6                                222 Delaware Avenue, Ste. 1501
 7                                Wilmington, DE  19801
 8                                (302) 252-4339
 9
10   For Wilmington Trust:        Brown Rudnick
11                                BY: MARTIN SIEGEL, ESQ.
12                                BY: GORDON NOVOD, ESQ.
13                                Seven Times Square
14                                New York, NY  10036
15                                (212) 209-4862
16
17                                Sullivan Hazeltine Allinson, LLC
18                                BY:  WILLIAM D. SULLIVAN, ESQ.
19                                901 North Market street, Ste. 1300
20                                Wilmington, DE  19801
21                                (302) 428-8195
22
23   For Official Committee       Landis, Rath & Cobb
24   of Unsecured Creditors:      BY: DAN RATH, ESQ.
25                                919 Market Street, Suite 1800
26                                Wilmington, DE 19801
27                                (302) 467-4400
28
29                                Chadbourne & Parke, LLP
30                                BY: DAVID LEMAY, ESQ.
31                                BY: ANDREW ROSENBLATT, ESQ.
32                                BY: MARC ROITMAN, ESQ.
33                                30 Rockefeller Plaza
34                                New York, NY 10112
35                                (212) 408-5100
36
37   For Credit Agreement
38   Lenders:                     Dewey LeBoeuf
39                                BY: JAMES JOHNSTON, ESQ.
40                                BY: BRUCE BENNETT, ESQ.
41                                333 South Grand Avenue, Ste. 2600
42                                Los Angeles, CA  90071-1530
43                                (213) 621-6030
44
45                                Young Conaway Stargatt & Taylor
46                                BY: BLAKE CLEARY, ESQ.
47                                1000 West Street, 17th Floor
48                                Wilmington, DE  29801
49                                (302) 571-6714
50
51
52
53
```

```
 1   APPEARANCES:
 2   (Continued)
 3
 4   For Morgan Stanley:        Barnes & Thornburg
 5                              BY: REBECCA WORKMAN, ESQ.
 6                              BY: DAVID POWLEN, ESQ.
 7                              1000 N. West Street
 8                              Suite 1200
 9                              Wilmington, DE 19801-1058
10                              (302) 888-0301
11   For Aurelius Capital
12   Management:                Akin Gump Strauss Hauer & Feld, LLP
13                              BY: DAVID ZENSKY, ESQ.
14                              BY: DANIEL GOLDEN, ESQ.
15                              One Bryant Park
16                              New York, NY  10036-6745
17                              (212) 872-1000
18
19                              Ashby & Geddes
20                              BY: AMANDA WINFREE, ESQ.
21                              500 Delaware Avenue
22                              Wilmington, DE  19899
23                              (302) 654-1888
24
25   For JP Morgan Chase:       Davis Polk
26                              BY: ELI VONNEGUT, ESQ.
27                              BY: DAMIEN SCHAIBLE, ESQ.
28                              459 Lexington Avenue
29                              New York, NY  10017
30                              (212) 450-4092
31
32                              Richards Layton & Finger
33                              BY: DREW SLOAN, ESQ.
34                              One Rodney Square
35                              920 North King Street
36                              Wilmington, DE  19801
37                              (302) 651-7700
38
39                              Bifferato Gentilotti
40                              BY: GARVAN MCDANIEL, ESQ.
41                              800 North King Street, Plaza Level
42                              Wilmington, DE  19801
43                              (302) 429-1200
44
45   For Merrill Lynch:         Potter Anderson Corroon, LLP
46                              BY: LAURIE SELBER SILVERSTEIN, ESQ.
47                              BY: STEPHEN MCNEILL, ESQ.
48                              Hercules Plaza
49                              1313 North Market Street, 6th Floor
50                              Wilmington, DE  19801
51                              (302) 984-6033
52
```

```
 1   APPEARANCES:
 2   (Continued)
 3
 4   For U. S. Trustee:        Office of the U. S. Trustee
 5                             BY: DAVID KLAUDER, ESQ.
 6                             844 North King Street, Ste. 201
 7                             Lockbox 35
 8                             Washington, DC  19801
 9
10   TELEPHONIC APPEARANCES:
11
11   Official Committee of
12   Unsecured Creditors:      Chadbourne & Parke, LLP
13                             BY: MARC D. ASHLEY, ESQ.
14                             BY: DOUGLAS DEUTSCH, ESQ.
15                             BY: THOMAS MCCORMACK, ESQ.
16                             BY: HOWARD SEIFE, ESQ.
17                             (212) 408-5100
18
19                             Zuckerman Spaeder, LLP
20                             BY: GRAEME BUSH, ESQ.
21                             BY: ANDREW CARIDAS, ESQ.
22                             BY: ANDREW GOLDFARB, ESQ.
23                             BY: JAMES SOTTILE, ESQ.
24                             (202) 778-1800
25
26   For Eric Bilmes:          HBK Capital Management
27                             BY: ERIC BILMES
28                             (2120 588-5115
29
30   For Kramer Levin:         Kramer Levin Naftalis & Frankel,
31                             LLP
32                             BY: DAVID E. BLABEY, JR., ESQ.
33                             (212) 715-9100
34
35   For Davidson Kempner:     Schulte Roth & Zabel, LLP
36                             BY: KAREN S. PARK, ESQ.
37                             (212) 756-2036
38
39                             DK Partners
40                             BY: EPHRAIM DIAMOND, ESQ.
41                             (646) 282-5841
42
43   For Goldman Sachs
44   & Company:                Goldman Sachs & Company
45                             BY: LEXI FALLON, ESQ.
46                             BY: SCOTT BYNUM, ESQ.
47                             (212) 902-8060
48
49
```

```
1
2    TELEPHONIC APPEARANCES:
3    (Continued)
4
5    For Interested Party:      Jefferies & Company
6                               BY: JUSTIN BRASS, ESQ.
7                               (203) 708-5847
8    For Defendants (former
9    Directors & Officers):     Grippo & Elden, LLC
10                              BY: GEORGE DOUGHERTY, ESQ.
11                              (312) 704-7700
12
13   For Debtor, Tribune:       Sidley Austin
14                              BY: JESSICA BOELTER, ESQ.
15                              BY: DAVID MILES, ESQ.
16                              BY: ALLISON E. ROSS STROMBERG, ESQ.
17                              BY: BRETT MYRICK, ESQ.
18                              BY: JILLIAN LUDWIG, ESQ.
19                              BY: BRYAN KRAKAUER, ESQ.
20                              BY: KERRIANN MILLS, ESQ.
21                              BY: THOMAS E. ROSS, ESQ.
22                              (312) 853-7030
23
24                              Tribune
25                              BY: DAVE ELDERSVELD
26                              (312) 222-4707
27                              BY: MICHAEL D. ONEAL
28                              (312) 222-3490
29                              BY: DON LIEBENTRITT
30                              (312) 222-3651
31                              BY: GARY WEITMAN
32                              (312) 222-3394
33
34   For Bank of America:       O'Melveny & Myers (NY Office)
35                              BY: EVAN JONES, ESQ.
36                              (212) 326-2000
37
38                              Bank of America
39                              BY: ESTER CHUNG, ESQ.
40                              (646) 855-6705
41
42   For Arrowgrass Capital
43   Partners, US LP:           Arrowgrass Capital Partners US LP
44                              BY: DAVID DUNN, ESQ.
45                              (212) 584-5946
46
47
48
49
```

```
TELEPHONIC APPEARANCES:
(Continued)

For Defendants, Employees
Compensation Defendant's
Group:                      Frank Gecker, LLP
                            BY: JOSEPH FRANK, ESQ.
                            BY: REED HEILIGMAN, ESQ.
                            (312) 276-1400, EXT. 1432
For Aurelius Capital
Management:                 Aurelius Capital Management, LP
                            BY: MATTHEW A. ZLOTO
                            (646) 445-6518

For Matthew Frank:          Alvarez & Marsal, LLC
                            BY: MATTHEW FRANK
                            (312) 371-9955

For Wells Fargo:            White & Case
                            BY: SCOTT GREISSMAN, ESQ.
                            (212) 819-8567

For Chicago Fundamental
Investment:                 Chicago Fundamental Investment
                            BY: PETER GRUSZKA, ESQ.
                            (312) 416-4215

For USB Securities:         USB Securities, LLC
                            BY: CARRAS HOLMSTEAD, ESQ.
                            (203) 719-1425

For Anna Kalenchits:        BY: ANNA KALENCHITS
                            (212) 723-1808

For Barclays:               Latham & Watkins, LLP
                            BY: DAVID HAMMERMAN, ESQ.
                            (212) 906-1200

                            Barclays Capital, Inc.
                            BY: OLIVIA MAURO, ESQ.
                            (212) 412-6773

For Onex Credit
Partners:                   Onex Credit Partners
                            BY: STUART KOVENSKY, ESQ.
                            (201) 541-2121
```

```
 1
 2   TELEPHONIC APPEARANCES:
 3   (Continued)
 4
 5   For JP Morgan Chase:        Davis Polk Wardwell, LLP
 6                               BY: PETER KIM, ESQ.
 7                               (212) 450-3028
 8
 9                               JP Morgan Chase
10                               BY: SHACHAR MINKOVE, ESQ.
11                               (212) 834-7174
12
13   For Morgan Stanley:         Weil Gotshal & Manges, LLP
14                               BY: MICHAEL F. WALSH, ESQ.
15                               (212) 310-8197
16
17
18   For Brigade Capital
19   Management:                 Brigade Capital Management
20                               BY: GRANT NACHMAN, ESQ.
21                               (212) 745-9781
22
23   For Bigalow:                Sperling & Slater
24                               BY: GWEN NOLAN, ESQ.
25                               (312) 641-3200
26
27   For Merrill Lynch
28   Capital Corporation:        Kaye Scholer, LLP
29                               BY: JANE PARVER, ESQ.
30                               (212) 836-8510
31                               BY: MADLYN G. PRIMOFF, ESQ.
32                               (212) 836-7042
33
34   For Citigroup:              Paul Weiss Rifkind Wharton &
35                               Garrison, LLP
36                               BY: SHANNON PENNOCK, ESQ.
37                               (212) 373-3000
38
39   For Majestic Realty
40   Co. & Yorba Park Sub:       Reimann Law Group
41                               BY: DAVID W. REIMANN, ESQ.
42                               (302) 414-3000
43
44   For Canyon Partners:        Canyon Partners
45                               BY: CHANEY M. SHEFFIELD, ESQ.
46                               (310) 272-1062
47
48
49
```

```
 1
 2   TELEPHONIC APPEARANCES:
 3   (Continued)
 4
 5   For Robert R. McCormick
 6   Foundation & Cantigny
 7   Foundation:                Katten Muchin Rosenman, LLP
 8                              BY: JOHN SIEGER, ESQ.
 9                              (312) 902-5294
10
11   For The Seaport Group:     Seaport Group
12                              BY: KENNETH SMALLEY, ESQ.
13                              (212) 616-7763
14
15   For Citi:                  CITI
16                              BY: REBECCA SONG, ESQ.
17                              (212) 559-9933
18
19
20   For Interested Party:      Miller Tabak Roberts Securities,
21                              LLC
22                              BY: ANDREW M. THAU, ESQ.
23                              (212) 692-5178
24
25   For Contrarian Capital
26   Management:                Contrarian Capital Management
27                              BY: JOSHUA TRUMP, ESQ.
28                              (203) 862-8299
29
30   For EGI-TRB, LLC:          Jenner & Block
31                              BY: ANDREW VAIL, ESQ.
32                              (312) 810-8688
33
34   For Stark Entities:        Quarles & Brady, LLP
35                              BY: ERIC VANSCHYNDLE, ESQ.
36                              (414) 277-5155
37
38   For Ernst & Young, LLP:    Alston & Bird, LLP
39                              BY: JOHN WEISS, ESQ.
40                              (212) 210-9412
41
42   For Cooperstown Capital
43   Management:                Cooperstown Capital Management
44                              BY: PETER COURI, ESQ.
45                              (203) 552-6900
46   For Halcyon Asset
47   Management:                Halcyon Asset Management
48                              BY: IGOR FUKS, ESQ.
49                              (212) 303-9453
```

```
1    TELEPHONIC APPEARANCES:
2    (Continued)
3
4    For Law Debenture Trust
5    Company:                    Kasowitz Benson Torres & Friedman
6                                BY: SHERON KORPUS, ESQ.
7                                BY: DAVID ROSNER, ESQ.
8                                BY: MATTHEW STEIN, ESQ.
9                                (212-506-1700
10
11   For Royal Bank of
12   Scotland:                   Cadwalder Wickersham and Taft
13                               BY: MICHELLE MAMAN, ESQ.
14                               (212) 504-6000
15   For New York State
16   Common Retirement Fund
17   & Great Banc:               Morgan Lewis & Bockius, LLP
18                               BY: RACHEL MAUCERI, ESQ.
19                               BY: MENACHEM O. ZELMANOVITZ, ESQ.
20                               (212) 309-6000
21
22   For Bingham McCutchen:      Bingham McCutchen, LLP
23                               BY: AINSLEY G. MOLONEY, ESQ.
24                               (617)951-8873
25
26   For Realm Partners:         Realm Partners
27                               BY: JASON D. ABBRUZZESE, ESQ.
28                               (212) 612-1441
29
30   For Deutsche Bank:          McCarter & English
31                               BY: DAVID J. ADLER, ESQ.
32                               (212) 609-6847
33
34   For Interested Party:       Wexford Capital
35                               BY: ARTHUR AMRON
36                               (3020 862-7012
37
38   For Credit Agreement
39   Lenders:                    Angelo Gordon & Co., LP
40                               BY: GAVIN BAIERA, ESQ.
41                               (212) 692-0217
42   For SuttonBrook
43   Capital Management:         SuttonBrook Capital Management LP
44                               BY: CAROL L. BALE
45                               (212) 588-6640
46
47   For Joanne Parker:          Patricia E. Bender, Attorney at Law
48                               BY: PATRICIA E. BENDER, ESQ.
49                               (773) 878-7148
```

```
1    TELEPHONIC APPEARANCES:
2    (Continued)
3
4    For Interested Party:      Dow Jones & Company
5                              BY: PEG BRICKLEY
6                              (215) 462-0953
7
8    For CRT Capital:          CRT Capital Group, LLC
9                              BY: SHAGUN S. CHADHA
10                             (203) 569-4345
11
12   For Interested Party:      Proskauer Rose, LLP
13                             BY: RICHARD CORBI, ESQ.
14                             (212) 969-3000
15
16   For Interested Party:      Waterstone Capital Management, LP
17                             BY: DAVID DUBACK
18                             (952) 697-4133
19
20   For Aurelius Capital
21   Management:               Akin Gump Strauss Hauer & Feld, LLP
22                             BY: PHILLIP DUBLIN, ESQ.
23                             (212) 872-8083
24
25   For Silver Point
26   Capital:                  Silver Point Capital
27                             BY: MATTHEW EHMER
28                             (203) 542-4219
29
30   For Angelo Gordon:         Wilmer Cutler Pickering Hale & Dorr
31                             BY: ANDREW N. GOLDMAN, ESQ.
32                             (212) 230-8836
33
34   For Brian Hightower:       Longacre Management Fund
35                             BY: BRIAN HIGHTOWER
36                             (212) 259-4309
37
38   For Wilmington Trust:      Camden Asset Management
39                             BY: MARK E. HOLLIDAY
40                             (503) 243-5000
41
42   For Monarch Alternative
43   Capital, LP:              Monarch Alternative Capital, LP
44                             BY: MICHAEL J. KELLY
45                             (212) 554-1760
46
47
48
49
```

```
1   TELEPHONIC APPEARANCES:
2   (Continued)
3
4   For Oaktree Capital
5   Management:                Oaktree Capital Management
6                              BY: EDGAR LEE
7                              (213) 830-6415
8
9   For Credit Agreement
10  Lenders:                   Dewey & Leboeuf, LLP
11                             BY: JOSHUA M. MESTER, ESQ.
12                             (213) 621-6016
13
14
15  For Interested Party:      Pryor Cashman, LLP
16                             BY: TINA MOSS
17                             (212) 326-0421
18
19  For Royal Bank of
20  Scotland:                  Royal Bank of Scotland
21                             BY: COURTNEY ROGERS, ESQ.
22                             (203) 897-4815
23
24  For Amalgamated Bank:      Millbank Tweed Hadley & McCloy
25                             BY: ALAN STONE, ESQ.
26                             (212) 530-5285
27
28
29  For William A. Niese:      Teitelbaum & Baskin
30                             BY: JAY TEITELBAUM, ESQ.
31                             (914) 437-7670
32
33  For Smith Management:      Smith Management
34                             BY: JENNIFER WILD
35                             (212) 418-6877
36
37  For Alexander Bilus:       Dechert, LLP
38                             BY: ALEXANDER BILUS, ESQ.
39                             (215) 994-2608
40
41
42
43
44
45
46
47
48
49
```

1    WILMINGTON, DELAWARE, WED., JANUARY 11, 2021, 11:08 A.M.

2              THE CLERK:  Be seated, please.

3              THE COURT:  Good morning, everyone.

4              ALL:  Good morning.

5         MR. PERNICK:  Good morning, Your Honor.  Norman

6    Pernick from Cole Schotz on behalf of the debtors.

7              Your Honor, we have three matters going forward

8    today.  Two of which, I think, hopefully, are going to be

9    relatively short.  But if you want, I'll just run through

10   the agenda of what orders have been entered and what matters

11   are continued for the Court and for all the parties in the

12   attendance.

13             THE COURT:  Go ahead.

14             MR. PERNICK:  I have as orders that the Court was

15   kind enough to enter, No. 1, with respect to the InsertCo

16   57-11 49th Place settlement motion.  No. 2, the Tenth

17   Omnibus Objection.  No. 3, the Twenty-Fourth Omnibus

18   Objection.  No. 4, the Twenty-Seventh Omnibus Objection.

19   No. 5, the Thirty-Third Omnibus Objection.  No. 6, the

20   Fortieth Omnibus Objection.  No. 7, the Forty-Second Omnibus

21   Objection.  No. 8, the Forty-Seventh Omnibus Objection.  No.

22   10, the debtors' objection to Shuttle Printing's proof of

23   claim.  No. 11, the supplemental Motion to Extend the Stay

24   of Avoidance Actions.  No. 12, the second Motion of the

25   Committee to Amend the Complaint.  No. 13, the fifth

1   supplemental application for an order modifying the scope of

2   retention for Ernest & Young.  And No. 14, the third motion

3   of the committee for the extension of time to complete

4   service.

5        I have as continued to February 15, No. 2, the

6   Tenth Omnibus Objection with respect to the claims of GE

7   Capital Fleet Services and Robby Wells.  No. 3, the Twenty-

8   Fourth Omnibus Objection with respect to the claims of

9   Marbury von Briesen and Herbert Eye.  No. 5, the Thirty-

10  Third Omnibus Objection with respect to the City of Chicago.

11  No. 6, the Fortieth Omnibus Objection with respect to the

12  claim of USDR NCI Corporation.  No. 7, the Forty-Second

13  Omnibus Objection with respect to the claim of Broadspire

14  Services, the claim of Software AG, and the claim of Carol

15  Walker.  No. 8, the Forty-Seventh Omnibus Objection with

16  respect to the claim of the Ohio Department of Taxation.

17  And No. 9, Anthony Conte's motion for relief from stay.

18       So that leaves us with going forward today, No.

19  15, which is the Forty-Eighth Omnibus Objection dealing with

20  the claim of Joann Parker.  No. 16, Jo Anna Canzoneri

21  McCormick's motion to dismiss the bankruptcy cases.  And No.

22  17, the Court's required status hearing for the purpose of

23  finalizing the process and scheduling issues in connection

24  with the disclosure and confirmation of the third amended

25  joint plan of reorganization.

1          I think Mr. Kansa is going to deal with No. 15

2    and No. 16, first, Your Honor.

3          THE COURT:  All right.

4          MR. KANSA:  Good morning, Your Honor.  Ken Kansa

5    of Sidley Austin on behalf of the debtors.

6          As Mr. Pernick said, this is the debtors' Forty-

7    Eighth Omnibus Objection, which covers three claims asserted

8    by Joann Parker.  We understand that Ms. Parker's counsel is

9    participating by telephone today.  And I'd pause now and ask

10   if Ms. Bender is on the line.

11         MS. BENDER:  Yes.  For the record, Patricia

12   Bender.

13         THE COURT:  All right.

14         MR. KANSA:  Your Honor, the matter comes before

15   the Court based on the debtors' objection that the three

16   claims that Ms. Parker has asserted are untimely.  And I

17   think, going through the somewhat procedurally convoluted

18   papers, the real issue is whether Ms. Parker should be

19   allowed to file a late proof of claim where there is no

20   dispute that the debtors did everything required of them

21   under the code, the rules, and this Court's bar date order

22   to give notice to Ms. Parker of her requirement to file a

23   proof of claim in this case.

24         There are two issues respecting this that seem to

25   be the crux of the matter under the papers.  The first is

1  whether Ms. Parker has demonstrated excusable neglect under

2  *Pioneer*.  The debtors submit that she has not.  Ms. Parker's

3  only statement is that she didn't open the notices that she

4  concedes were sent to her because they did not reference

5  Tribune and she was not opening her mail at the time.  The

6  statement that the notices did not reference Tribune on the

7  outside of the envelope is incorrect.  We've represented in

8  our papers that the return address for the envelope in which

9  the bar date notice was sent referenced Tribune Company

10  claims processing as the sender and also identified that the

11  envelope contained legal documents to which attention should

12  be given.

13        Ms. Parker had indisputably notice that the bar

14  date was out there, that she was required to file a proof of

15  claim.  She did not do so and instead commenced a State

16  Court action on account of both pre- and post-petition

17  claims in Illinois State Court that has subsequently been

18  removed to the Northern District of Illinois.

19        Even if the Court were to accept Ms. Parker's

20  argument that she did not have actual notice of the bar

21  date, and she concedes it was mailed to her, there is still

22  the matter to address further why after Ms. Parker concedes

23  she knew of the requirement to file a claim in April 2011,

24  she still took no action to file any claim until August of

25  2011, when the three untimely claims that are the subject of

1  the objection were actually filed.

2          She was represented by counsel in connection with

3  her action in the Northern District of Illinois at the time.

4  And the argument of her counsel from the papers appears to

5  be that counsel was not a bankruptcy practitioner and was

6  unaware or unfamiliar with the procedural requirements of

7  filing a proof of claim, and therefore, took no action to do

8  so.  That is simply not reasonable under the circumstances,

9  Your Honor.  And counsel's unfamiliarity with the processes

10 and apparent decision that there was no need to become

11 familiar with those processes does not rise to the level of

12 excusable neglect.

13          The second issue which is raised in Ms. Parker's

14 pleadings is, and this comes up for the first time in her

15 reply, is whether the Court should extend the time in which

16 she can file her claim under Bankruptcy Rule 2002 --

17 3002(c)(2) as made applicable by Rule 3003(c)(3) on the

18 grounds that Ms. Parker is or was incompetent.

19          The argument suffers from the same clause as Ms.

20 Parker's excusable neglect argument.  Refusal to open one's

21 mail does not per se rise to the level of incompetence.  And

22 even if it did, the bar date notice, as we have made clear,

23 referenced Tribune, her former employer, on the outside of

24 the envelope and indicated that these were legal documents

25 that required her attention.  She was, for the overwhelming

1  majority of this period, pursuing legal action against the

2  debtors and represented by counsel.  Surely, this would have

3  risen to a level where she could have filed this notice or

4  at least known to respond to this or take it to someone who

5  would know what to do with it, such as her counsel.

6          Ms. Parker represents that she was hospitalized

7  at one point during this process.  That is true, but she was

8  only hospitalized at the time the bankruptcy case was filed

9  in December of 2008, and not when the bar date notices were

10 disseminated in March 2009, or when the bar date passed in

11 mid-2009.  Quite simply, she received the notice and she did

12 not respond to it.  She was capable of pursuing an Illinois

13 Court action and ultimately a Federal Court action at this

14 time, as well as, attending to other matters.  There is no

15 showing on this record that Ms. Parker's conditions rose to

16 the level of incompetence such as she would have to

17 establish under Rule 3002(c)(2).

18          Going beyond that, Your Honor, even if she was

19 incompetent at some point in 2008 or 2009, none of that

20 addresses the issue of why she did not file the proof of

21 claim once she was indisputably aware of the requirement to

22 do so in April 2011, and waited until August 2011.  The five

23 month delay there was, we submit, also unreasonable, not

24 justified on the grounds of her incompetence in any way, and

25 therefore, her claim should be disallowed as untimely.

1          That is the end of my presentation and I would

2   defer to Ms. Bender, unless the Court has any questions.

3          THE COURT:  I do not.  Ms. Bender, what say you?

4          MS. BENDER:  Your Honor, I would basically stand

5   by the submission, but -- and specifically to address

6   specific issues, I would submit that the report that was

7   submitted by the psychiatrist and also excerpts from her

8   deposition demonstrate her mental state even at the time of

9   the time of her deposition in April 2011.  But going back to

10  her hospitalization, the fact that she actually had to be

11  hospitalized in a psychiatric hospital demonstrates the

12  seriousness of her mental disorder.  This is not a situation

13  where a person just simply cannot cope and is under stress

14  and emotional, this was dealing -- this was something far

15  more serious which required hospitalization.  And I believe

16  it was a for at least a week.

17          Subsequently, she was placed on long-term

18  disability for the same mental condition.  And she was on

19  that mental -- had that mental disability and on long-term

20  disability at the time of the first bar date.  She had no

21  idea or concept or realization of the significance of any

22  document that she may have received.  She was still on long-

23  term disability suffering from the same mental condition at

24  the time of the amended bar date.

25          Also, at the time of the deposition, it was

1  disclosed that she may have received these documents.  I

2  cannot say that she did not receive them, and she was honest

3  enough to say she may have received these documents, but she

4  did not open things other than things that she was familiar

5  with being her gas and electric bill, I believe.  Now this

6  is consistent with her psychiatrist's diagnosis of her

7  mental condition and her impaired ability.

8         Now sure, you and I or someone else probably

9  would have thought if you received some documents, you open

10 all mail, but that's not -- that was not her mental process.

11 And sure, counsel made reference to the outside of the

12 envelope may have made reference to Tribune.  I have not

13 seen those.  But I suspect what it was was that it was in

14 very tiny print and it probably was from either the State of

15 New York or Delaware, someplace that she's not familiar

16 with.

17        And also, that she's familiar with the address of

18 435 Michigan Avenue in Chicago for Tribune and I suspect had

19 it been in bold enough letters for her to see that or she

20 had been called, even given a call from Tribune, she

21 probably would have known to look out for such mail.  It was

22 not sent by certified mail, it was mail, and probably

23 appeared to her to be some other kind of mail that did not

24 pertain to anything that she was involved in.  And so that

25 is consistent, as I said before, with her psychiatrist's

1   diagnosis and her lack of concentration and ability to

2   focus, and impaired judgment.

3           Also, I believe that the statute Rule 3002, I

4   think it makes reference to an incompetent person and

5   whether that person's represented by counsel or not.  But

6   under these circumstances, this situation was that Ms.

7   Parker did do several things pro se, including filing her

8   initial complaint in the Illinois State Court.  And I

9   submitted the complaint that she filed just to give the

10  Court an understanding as to her processes and the

11  handwritten complaint and the response by The Tribune that

12  the complaint was so unintelligible and incomprehensible.

13          So I would submit that by them even making that

14  representation containing her complaint -- pertaining to her

15  complaint, it was an acknowledgement that this is not the

16  kind of complaint that a person acting rationally, a person

17  who would act rationally would have filed something a little

18  bit more comprehensible.  So again, her complaint was an

19  example of her mental state even at that time.  And that was

20  during the time of -- or after the bar date had passed.

21          Also, her EEOC complaints, the two complaints

22  that she filed again pro se, the fact that she had been

23  discharged or terminated by The Tribune and did not even

24  mention that in either of the complaints, to me, again, I

25  submit that this is consistent with her psychiatrist's

1    diagnosis of her mental state.  And she did not have the

2    ability to focus on the things that most people would have

3    focused on who thought it was important enough to go to

4    EEOC.  Certainly, some -- a rational person, the main thing

5    that they probably would have submitted would have been I

6    was terminated, however, she did not submit that in either

7    of her complaints.  Again, this is consistent with the

8    psychiatrist's diagnosis of her.

9            And also, I believe I submitted the

10   psychiatrist's diagnosis and it was as recent, I believe, as

11   I think up until 2011 or late 2010 that showed that she was

12   suffering under that same condition.  And again, if you read

13   through the transcript of the deposition, you can see

14   throughout the deposition, her -- the manner in which she

15   responded to certain questions and certain answers which

16   would indicate that she still has problems with impaired

17   judgment and focusing.  And again, that's part of the

18   psychiatrist's report.

19           Now counsel touched upon a point that, in regards

20   to whether or not it was excusable neglect for counsel,

21   myself, after the deposition in April of 2011, in learning

22   that Ms. Parker may or may not have received these notices

23   to have done something, was I indicated, I am not a

24   bankruptcy attorney.  And I must accept fault for that for

25   not looking into it further.  However, I did attempt to

1   obtain local counsel in Delaware.  I was under the

2   impression that I had to have someone to sponsor me pro hac

3   vice in order to file anything on behalf of Ms. Parker.  And

4   when I could not, I, myself, prepared her late proof of

5   claim and had her send it in.  And I sent it in for her pro

6   se to try to protect her.  But I did attempt to do what I

7   could do.

8          And when it became evident that I could not find

9   anyone in Delaware, then obviously, I began to consult with

10  other attorneys and I was told that perhaps I could have

11  done it telephonically, or I'm sorry, by just mailing it in.

12  I didn't know that, but again, I -- that's my fault.  But I

13  -- hopefully, the Court will not punish Ms. Parker for that

14  snafu on my part.

15         But I submit again, I believe that the statute

16  references the mental state of a person, whether or not the

17  person's represented by counsel, because certainly, the fact

18  that -- of her mental state, that put me at a point where I

19  could not really represent her to the fullest.  Had I known

20  that she had been receiving all of these documentations, I

21  certainly would have acted sooner than at the time of

22  learning all of this at the deposition.  So I believe the

23  fact that her mental state prevented her from actually

24  cooperating with her counsel.

25         So I would rely upon the language that's

1  contained in Rule 3002 and ask that the Court allow Ms.

2  Parker to file her proof of claim late or either to grant

3  her an extension up until the time that she did so file.

4  Thank you.

5          THE COURT:  Ms. Bender, let me ask you this.

6  Have you read our local rules?

7          MS. BENDER:  Are you -- did I?

8          THE COURT:  Have you read our local rules?

9          MS. BENDER:  Yes, I did, Your Honor.

10         THE COURT:  Are you familiar with Local Rule

11  9010-1?

12         MS. BENDER:  I have read all ten.  No, I'm not,

13  Your Honor.

14         THE COURT:  Okay.  It doesn't require that you

15  employ local counsel to defend or to press claims

16  litigation.

17         MS. BENDER:  That's what -- that was a rule that

18  I was under the impression I had to do in order to pursue

19  the proof of claim for Ms. Parker and that I was unable to

20  do.

21         THE COURT:  Your --

22         MS. BENDER:  So that's the reason why --

23         THE COURT:  I'm telling you there's an exception

24  to the requirement that you obtain local counsel in a matter

25  like this.  So you need not do so and you need not have done

1  so.

2         MS. BENDER:  That's what I found out after the

3  consultation when I found -- after consultation with other

4  counsel, after I was unable to obtain local counsel in

5  Delaware to either sponsor me pro hac vice or to obtain

6  their services, I did consult locally and I talked with

7  several bankruptcy attorneys and they told me that -- they

8  suggested the best thing to do was just to file it pro se

9  and pursue it from that point, which is what I did.

10         THE COURT:  All right.  Let me ask you this.

11         MS. BENDER:  Your Honor.

12         THE COURT:  How would you expect me to evaluate

13  your client's credibility on papers?

14         MS. BENDER:  Well --

15         THE COURT:  I will tell you, it's not been my

16  practice, in fact, I can't remember a time in which facts

17  concerning a request to file a late claim -- which is what

18  this in essence is, I think the debtor is correct in that

19  respect -- in which I didn't require live testimony.  And

20  I'm certainly not going to do so here.  If you would like

21  the opportunity, if your client would like the opportunity

22  to have the Court consider a late filed claim which this

23  clearly is, they are, I'll give you that opportunity to

24  present evidence and including your client's testimony at a

25  hearing here in Wilmington.

1           Now I'm aware of what type of claim this is and I

2   understand your client's situation, but I have yet, in my

3   nearly eleven years on the bench, developed the ability to

4   determine credibility by papers or by telephone.  And this

5   is a matter in which I think credibility is key.  So tell me

6   what you'd like to do.

7           MS. BENDER:  If I understand you correctly, I

8   believe that I would either have to -- to represent her, I'd

9   have to appear pro hac vice or either get local counsel and

10  present Ms. Parker to the Court in continuation of this

11  motion.

12          THE COURT:  Okay.  I keep telling you and maybe

13  I'm just not explaining it clearly enough.  The local rules

14  do not require that you engage local counsel to prosecute or

15  defend claims litigation.  So you don't have to affiliate

16  with local counsel.  You may, of course, do so if you wish.

17  I leave that to you and your client.  But if you'd like the

18  opportunity to appear and have your client testify, I will

19  give you that opportunity.

20          MS. BENDER:  I would like that opportunity.

21          THE COURT:  All right.  Then what I'll do is I'll

22  ask you to speak with debtors' counsel after the hearing and

23  see if you can agree on a date and let the Court know how

24  much time you think you will need.  It may require a

25  separate hearing date, depending on how much time you think

1  will be consumed.  Do you have any questions?

2          MS. BENDER:  No, I do not.

3          THE COURT:  All right, thank you.

4          MR. KANSA:  Your Honor, we will work with Ms.

5  Bender and with the Court to obtain an appropriate date.

6          THE COURT:  All right, thank you.

7          MR. KANSA:  That brings us, Your Honor, to the

8  second matter, Item 16 on the agenda, which is a Motion of

9  Jo Anna Canzoneri McCormick to Dismiss the Chapter 11 Cases.

10 It is not our understanding that Ms. McCormick is either

11 present here in the courtroom or participating by telephone,

12 but I'll pause to see if our understanding is correct or

13 incorrect.

14         THE COURT:  All right.  Let me ask for the record

15 whether Jo Anna Canzoneri McCormick is present in the

16 courtroom or on the telephone or anyone on her behalf is

17 present in the courtroom or on the telephone?

18              (No audible response.)

19         THE COURT:  I hear no response.  Mr. Kansa, the

20 debtor should prepare and submit a form of order that denies

21 the motion for failure to prosecute it.

22         MR. KANSA:  Your Honor, we will so submit.

23         THE COURT:  All right, thank you.

24         MR. KANSA:  Thank you, Your Honor.  With that, I

25 will turn the podium over to Mr. Lantry.

1              THE COURT:  All right.

2              MR. LANTRY:  Good morning, Your Honor.  Kevin

3    Lantry of Sidley Austin on behalf of the debtors involving

4    Item No. 17 on the agenda.

5              Your Honor, let me begin by on behalf of the DCL

6    plan proponents, thank you for rendering your decisions on

7    the reconsideration motions.  Your decisions did a lot to

8    narrow the issues, diminish the amounts of the allocation

9    disputes, and move this case closer to confirmation.

10   Getting closer to confirmation --

11             THE COURT:  But you'd like me to reconsider my

12   reconsideration order.

13             MR. LANTRY:  Getting closer to confirmation means

14   a lot to thousands of people working at Tribune.

15             THE COURT:  It means a lot to me, too.

16                     (Laughter)

17             MR. LANTRY:  And so we appreciate the time you

18   spent over the holidays in making that gift on behalf of all

19   employees at Tribune.  Your Honor, we especially like the

20   last part of your opinion which set some firm dates for when

21   the confirmation hearing would occur.

22             Turning then to how we should address Item 17.  I

23   would propose that we begin by having the DCL plan

24   proponents and then Aurelius each explain the differences

25   and the pros and cons of our respective competing schedules.

1           THE COURT:  Well I'll give parties the

2    opportunity to tell me what they'd like.  I have read the

3    submissions, of course, the written submissions.  And I

4    reviewed just this morning, the proposed competing

5    schedules, but I have some questions.  In Aurelius' response

6    or statement, it lists on Page 3, in seven bullet points,

7    what it believes to be the remaining allocation disputes

8    that the parties would like the Court to determine.  Now

9    whether I think they all should or need to be determined,

10   I'm reserving judgment on.  But just as a general matter,

11   are you in agreement or not with what Aurelius states in its

12   statement?

13           MR. LANTRY:  Your Honor, our -- the Footnote 2 in

14   our pleading gives a similar list.  And I think that we are

15   in agreement.  I would say that the plan proponents agree

16   with Footnote 3 of Aurelius' presentation in that both of us

17   think that Your Honor, on the reconsideration involving the

18   PHONES, probably did dispose of whether the PHONES are

19   subordinated with regard to the settlement proceeds, but I'm

20   sure Mr. Segal will take exception to that.

21           THE COURT:  That's Footnote 4, I think.

22           MR. LANTRY:  You're correct, Your Honor, thank

23   you.

24           THE COURT:  Okay.

25           MR. LANTRY:  Beyond that, Your Honor, I think the

1  parties are in agreement about the scope; that is, Aurelius

2  and the DCL plan proponents of the allocation disputes.

3              THE COURT:  Okay.  Okay.  You --

4              MR. GOLDEN:  Your Honor, may I be heard on that

5  subject?

6              THE COURT:  You'll have your chance.  Let me have

7  my way with the DCL group first.

8                       (Laughter)

9              THE COURT:  Mr. Lantry, you may --

10             MR. LANTRY:  I was afraid of that, Your Honor.

11             THE COURT:  -- continue.

12             MR. LANTRY:  Your Honor, first of all, I am

13 pleased to advise the Court, as we said in our papers, that

14 the meet and confers that have been going on for the past

15 week have resulted in the DCL plan proponents and Aurelius

16 having no disagreement about the allocation dispute

17 schedules.

18             THE COURT:  How about the scope of discovery?

19             MR. LANTRY:  Your Honor, I again, think that we

20 are very, very close.  I think, again, the documents that

21 we've each presented reflect no remaining disputes.  There

22 might be a little language difference between their

23 definition of discovery and ours.  Again, this may -- there

24 may be some other parties besides Aurelius and the DCL plan

25 proponents that have some differences, but I think we're

1  generally aligned on that.

2         THE COURT:  Okay.

3         MR. LANTRY:  So Your Honor, there are, with

4  regard to the confirmation schedule, essentially one

5  remaining central dispute between the DCL plan proponents

6  and Aurelius.  And that's the same one you heard about on

7  December 13.  The DCL plan proponents continue to believe

8  that a dual track approach is more likely to lead to

9  confirmation in four months than Aurelius' single track

10 approach.  And the biggest single difference between the two

11 competing plans involves confirmation related discovery.

12 The objectors to the DCL plan have indicated that they may

13 want to propound discovery relating to confirmation, but

14 they do not want to begin that until April 9.

15        The DCL plan proponents believe that waiting

16 until five weeks before the confirmation hearing to commence

17 confirmation discovery creates enormous risk that

18 confirmation related disputes will slow down the

19 confirmation hearing.  Accordingly, our schedule requires

20 confirmation related discovery to commence no later than

21 March 2, five weeks earlier than Aurelius' schedule.  That's

22 the first and major difference between the two of us.

23        The second difference involves the question of

24 whether the solicitation process should wait until Your

25 Honor has ruled on all of the allocation disputes.  The DCL

1   plan proponents would like to get our supplemental

2   disclosure document on file our amended plan, and would like

3   that process to commence so that shortly after the

4   allocation dispute hearing, we can move forward with the

5   solicitation process.

6           In contrast, Aurelius advocates a single track

7   approach where they would postpone the approval of the

8   supplemental disclosure document until a month after the

9   allocation dispute hearings in hopes, I believe, that Your

10  Honor would render decisions on all of the allocation

11  disputes by then.

12          And depending on how you categorize the

13  allocation disputes, whether it's the seven bullet points

14  that they have or I think our list which identifies ten, I

15  think Your Honor was right in expressing reservation of your

16  discretion over whether and when you were going to hear

17  those allocation disputes.  I don't think there's anyone in

18  this room who yet knows how many parties are going to be

19  briefing and arguing and presenting evidence on each one of

20  these allocation disputes.

21          THE COURT:  That leads me to one of the questions

22  I had which we didn't talk about earlier.  At least if we

23  did, I don't remember it.  We -- I did ask and the parties

24  did give me views about how much time they wanted for

25  disclosure and for confirmation one and two days,

1  respectively, I think I was told.  But I didn't ask and I

2  don't think we discussed how much time, hearing time, would

3  be required for disposition of the allocation disputes.

4           MR. LANTRY:  We did talk about this on our meet

5  and confer.  Aurelius thought it could be conducted in a

6  single Court day.  I think the DCL plan proponents think

7  that's not too far off.  We might be conservatively saying a

8  day and a half.  Again, all of this is hard to predict.

9  We've pushed in our meet and confers for everyone to raise

10 their hand and say are we going argue?  Are you going to

11 argue?  And our solution has been to in each of our

12 schedules, put in a date rather early on.  I think we were

13 proposing the end of January, for all parties to just in a

14 bullet point way identify if they're going to be submitting

15 briefs on any of the allocation disputes.  And that should

16 flesh out whether our day or a day and a half is accurate.

17           THE COURT:  Okay, thank you.

18           MR. LANTRY:  So, Your Honor, I think there is

19 some additional wisdom in your reserving your discretion

20 over whether and when you hear all of the allocation

21 disputes.  And that has to do with the fact that many of

22 these allocation disputes, now that you've resolved the

23 reconsideration of the PHONES subordination, are

24 comparatively -- have comparatively little economic

25 significance.

1          THE COURT:  Well let me ask you what I'll ask

2    other parties as well and that is, what effect, if any, does

3    the Wilmington Trust appeal have with respect to that issue?

4          MR. LANTRY:  Your Honor, I think it might be

5    better for Wilmington Trust to bear the brunt of that

6    inquiry.

7          THE COURT:  Well, let me ask it another way.

8    Does it stand in the way of moving forward with the

9    confirmation process as the DCL proponents have proposed?

10          MR. LANTRY:  Your Honor, we addressed this in our

11    brief, as you may recall back in December, when at the time

12    the noteholders had a pending appeal on this issue.  And we

13    spent a number of pages in our pleading addressing this.

14    And I think the heart of the matter was something that Judge

15    Walrath determined quite recently in the *Washington Mutual*

16    case.  And she basically said, and it's worth repeating,

17    while there is no stay -- this is a quote.  "The Bankruptcy

18    Court retains jurisdiction to enforce an order that is on

19    appeal, including by considering confirmation of a modified

20    plan which is based on and assumes the vitality of the prior

21    order on appeal."  She then goes on to say this is because

22    and I quote, "in considering confirmation of a modified

23    plan, the Court is not being asked to modify the order that

24    is on appeal, but is rather being asked to enforce its order

25    by approving the modified plan."

1          We think this is right.  We think that, unless

2   there is a stay during the pendency of this appeal, that you

3   can go forward with the confirmation process.  And if that

4   wasn't the law, I think that appeals would completely shut

5   down the Chapter 11 process.

6          THE COURT:  All right, thank you.

7          MR. LANTRY:  Your Honor, turning to the dual

8   track and single track approach which is at the heart of, I

9   think, our dispute with Aurelius.  The DCL plan proponents

10  understand how, in a perfect world, the supplemental

11  disclosure document would not be sent out to creditors until

12  it was able to inform them that all the allocation disputes

13  had been resolved and how they were resolved, but that's not

14  how bankruptcy cases usually work.

15         Though a bankruptcy process does offer a lot of

16  disclosure to creditors, it does not entitle creditors to

17  have judicial determinations about exactly what they will

18  receive under a plan, until the plan solicitation process

19  commences.  There's a lot of plans that have been confirmed

20  that offer creditors a range of recoveries than an exact

21  amount.

22         The DCL plan proponents also understand the logic

23  behind Aurelius' argument that certain creditors would

24  prefer to know the outcome of all of the allocation disputes

25  before being required to cast their votes.  However, given

1  the facts of this case, this logic is largely theoretical

2  rather than real.  We do not think that the decisions on any

3  of your allocation disputes would change the negative class

4  quote of the senior notes, of the PHONES, or of EGI.  Nor do

5  we think that any of these three objecting classes would

6  elect to grant various releases or change their elections to

7  receive cash or stock based on your decisions involving the

8  allocation disputes.  It just doesn't affect the vote of

9  these rejecting classes.

10            THE COURT:  Well, I think I expressed tentatively

11  my preliminary view that I suspect you are right, but voices

12  were raised to the contrary.  And we don't really know and

13  we wouldn't really know until voting is completed with that

14  information in hand.

15            MR. LANTRY:  Again, Your Honor, I think much of

16  this goes to your sizing of the allocation disputes.  Some

17  of them may be more influential and material than others.

18  And allowing all of them to hold up the confirmation

19  process, we fear would be creating mountains out of

20  molehills.

21            THE COURT:  Well let me press back a little bit

22  on that.  You know, we're now in a case that's been pending

23  for three years, okay?  And it's not that every week and

24  every month isn't important for business reasons.  The

25  debtor has argued vigorously that time matters from a

1   business/employee relation standpoint, creditor standpoint,

2   future prospect standpoint, and FCC approval standpoint.

3   And if I missed something, forgive me, I didn't mean to

4   leave something out.  But even looking at your alternative

5   proposed scheduled, you know, we're talking about another

6   month and a week maybe between what I had suggested in my

7   reconsideration opinion and what you suggest in the way of a

8   confirmation hearing.  I just, you know, look, the parties

9   -- I've said it here and I've said it in writing.  You know,

10  I'm anxious to get this to the end as others are, but under

11  the circumstances, I just don't see what the difference is.

12            MR. LANTRY:  Your Honor, there are, as I say,

13  really only two material disputes here and everything else

14  is just I think like you're saying, very trivial.  And that

15  is we believe that if you postponed plan related discovery

16  till just five weeks before the confirmation hearing, that

17  we're setting ourselves --

18            THE COURT:  I don't intend to.

19            MR. LANTRY:  Perfect.  That solves the biggest

20  issue.  The second one is if your decisions on all

21  allocation disputes have to be made before we commence

22  solicitation, then we again fear, without knowing what it is

23  and without knowing how many decisions you will need to

24  render, we fear again that we won't get to confirmation mid

25  to late May.

1              THE COURT:  Why?

2              MR. LANTRY:  That is what we're concerned about.

3              THE COURT:  Tell me why not.

4              MR. LANTRY:  Your Honor, there are a lot of

5   creative lawyers who, as you see from this list, can make a

6   lot of complex issues out of things that we again don't

7   necessarily feel are that big, but which may be run up on

8   appeal and may as a result of that cause Your Honor to feel

9   like you need to render thoughtful written decisions to help

10  this process along.  And we just don't know how long that's

11  going to take.

12             THE COURT:  Well I'll tell you what I intend to

13  do.  I intend to do the same thing I did with the

14  reconsideration opinion.  And that is decide, in fairly

15  short order, and then to decide before solicitation

16  commences.

17             MR. LANTRY:  Your Honor, then I think you've

18  given us the two things we need, which is comfort about the

19  timing that you control, and getting the discovery process

20  going.  So, Your Honor, I think that addresses the heart of

21  our issues.

22             I would probably say one more thing that's in

23  play here.  You made reference to our alternative schedule.

24  Again, we thought long and hard about advancing this because

25  it was clear the dates that you were contemplating.  What we

1   were trying to illustrate here was what I think you've

2   addressed which is if you're going to address all of the

3   allocation disputes, that --

4            THE COURT:  Well, I intend to address those which

5   I think need to be addressed.

6            MR. LANTRY:  Good.  Your Honor, I think that

7   captures the heart of it, which is we heard a lot of

8   concerns about will there need to be reserves?  And will

9   this cause harm to people who won't get distributions on the

10  effective date?  And to the extent your decisions are

11  addressing all those that could result in those types of

12  harms, we think there's no problem.  So again, that was the

13  purpose of this alternative schedule and I think you've done

14  much to allay our concerns about that.

15           Your Honor, one additional point that I think has

16  worth -- is worth asking.  Well certainly in your opinion in

17  what you just said, we heard that you would make sure that

18  you had rendered all of the allocation dispute issues that

19  you felt were important before the vote.  And I was curious

20  if you had also decided whether the actual solicitation

21  process, such as our filing the amended plan and

22  solicitation materials, supplemental disclosure document,

23  before those decisions, would that continue on a dual track

24  or a single track or have you yet thought about that issue?

25           THE COURT:  I'm presently of the view that the

1  proposed scheduled attached to the DCL submission is a good

2  one.

3           MR. LANTRY:  Thank you, Your Honor.

4           THE COURT:  And I have hearing dates to suggest,

5  based upon the timeframes that have been proposed.  But I'll

6  hear from others first.

7           MR. LANTRY:  Thank you, Your Honor.

8           MR. GOLDEN:  Good morning, Your Honor.  Daniel

9  Golden, Akin, Gump, Strauss, Hauer & Feld, counsel for

10  Aurelius Capital Management.

11          Your Honor, based upon your colloquy with Mr.

12  Lantry, I think it's fair to summarize that you have agreed

13  at least in large -- big picture with the notions that we

14  have advanced that we would like to have the hearing on the

15  allocation disputes, as now currently agreed upon by both

16  the DCL's and Aurelius, begin on March 5 or the week of

17  March 5.  I agree subject to one caveat with Mr. Lantry's

18  estimate that we don't believe it will take more than two

19  days to conclude the hearing on those remaining allocation

20  disputes.

21          Just one observation, Mr. Lantry said there's a

22  lot of creative lawyers who wrote what the allocation

23  disputes are.  He must be talking about himself.  We've only

24  copied what they have listed in their supplemental

25  disclosure statement as to what the are -- what the universe

1   of the allocation disputes currently consist of.

2          The one caveat and the one thing we don't know

3   yet, but we have been promised we will get is a -- some

4   discovery from the creditors' committee with respect to the

5   issue of whether the issue regarding unfair discrimination

6   having to deal with the issue as to whether the other parent

7   company claims get the benefit of the subordination

8   provisions of the PHONES and EGI, when we will get that

9   financial discovery.  I believe it will be forthcoming.

10  It's been promised to be forthcoming.  And assuming that it

11  is forthcoming, I stand by my statement that I'm very

12  confident that we can conclude -- begin and conclude the

13  hearing on the allocation disputes within a two-day period.

14         Your Honor, I do want to address the Court on the

15  actual schedule itself, but Mr. Lantry and the DCL's both in

16  their pleadings and in the statements made today, have made

17  -- maybe they're just laboring under a fundamental

18  misimpression.  They complain that under the -- oh, I'm

19  sorry. They complain that under the Aurelius schedule,

20  confirmation related discovery won't commence until April 9.

21  So, Your Honor, I'd like to hand up a comparison of the

22  competing schedules just to put an end to that issue.

23         THE COURT:  All right.

24         MR. GOLDEN:  May I approach, Your Honor?

25         THE COURT:  You may.  Thank you.  Do you have a

1    copy for my law clerk too, Mr. Golden?

2            MR. GOLDEN:  I've given you the wrong one.

3            THE COURT:  Okay.

4            MR. GOLDEN:  I've given everybody the wrong one.

5    This is the one that I handed up at the last hearing.  My

6    apologies, Your Honor.  Now I'll get to the right one.

7            THE COURT:  Oh, those darn paralegals.  Really.

8            MR. GOLDEN:  I got chastised for that.

9            THE COURT:  Thank you.

10           MR. GOLDEN:  Okay.  Your Honor, I'd like Your

11   Honor to focus your attention on the bottom chart labeled

12   Confirmation Schedule, the one, two, three, four, fifth box

13   down.  Last day to serve confirmation discovery requests,

14   not commencement of confirmation discovery requests; last

15   day, and under our schedule, it's  April 9th and under the

16   DCL schedule it's March 2.  I don't think we could be any

17   clearer than that.  We don't intend to wait to the last day

18   to commence our confirmation-related discovery.  It

19   certainly wouldn't be in our interest to do so.  We intend

20   to submit the confirmation discovery just as soon as it's

21   practicable.  It wouldn't make sense if you were seeking

22   discovery to wait to the last day when the completion

23   deadline is some five weeks later on March 16th.  And we

24   intend, in our proposed schedule, that the completion of the

25   discovery will be a Court-mandated Order saying that is the

1  last day.  So why would we wait to the last day?  So if

2  there's a misimpression I accept it, but we don't intend to

3  wait to the last day.  And why we picked April 9th as the

4  last day to commence confirmation-related discovery we think

5  makes a lot of sense.  That's one week after the schedule --

6  under our scheduled Disclosure Statement hearing, which we

7  have suggested to be on the week of April 2nd.  Using the

8  DCL's deadline for commencing confirmation-related discovery

9  of March 2, that would force Aurelius and any other party

10 who is seeking confirmation-related discovery to begin the

11 confirmation-related discovery two weeks before the

12 Disclosure Statement is even heard, before the litigation --

13 the hearing date on the allocation disputes, and before,

14 presumably, the debtors have filed their final Plan in

15 response to the -- Your Honor's rulings with respect to the

16 allocation disputes.  I'm sorry, Your Honor.  I don't know

17 what galaxy the DCL's practice on, but I don't believe it's

18 appropriate to require confirmation-related discovery before

19 the Disclosure Statement has even occurred.

20          THE COURT:  Mr. Golden, if we were starting from

21 the beginning, I would tend to agree with you.  We are way

22 past the beginning and --

23          MR. GOLDEN:  You are --

24          THE COURT:  -- I hope much closer to the end.

25          MR. GOLDEN:  You are absolutely right.  But, Your

1    Honor, our schedule, which says the last day to commence

2    litigation -- last day to commence confirmation discovery of

3    April 9th, that fits perfectly within our schedule.  Nobody's

4    complained about the amount of time between the last day to

5    commence that discovery and the closing of that process of

6    May 16th.  It fits nicely within our projected confirmation

7    hearing of May 21st, which is a date well within the time

8    period Your Honor indicated you were suggesting in your

9    reconsideration decision.  So I don't know why we would be

10   forced into an artificial deadline of March 2 for launching

11   -- for the end point for discovery.  It seems to us that the

12   April 9th time period works well.  As I said, it's not the

13   commencement date; it's the deadline date.  It will have

14   allowed the disclosure statement hearing to have occurred.

15   It will have allowed the hearing on the allocation disputes

16   to have been tried.  And presumably, we may have gotten some

17   indication from Your Honor as to Your Honor's current

18   thinking on the allocation disputes.  So we don't see the

19   April -- I'm sorry, the April 9 deadline for filing or

20   serving confirmation discovery disputes to be a problem.

21          Your Honor, the next thing that the DCL's

22   complain about, with respect to the Aurelius schedule, is

23   when the hearing on the Disclosure Statement should

24   commence.  They suggest that our suggested date, which is

25   the week of April 2nd, delays the confirmation process by

1   three months.  They said that in their pleadings.  Now, I'm

2   not a math major, Your Honor, but when they are scheduling

3   to file their Amended Disclosure Statement and Plan on

4   February 20th; that's right from their chart, the time

5   difference between February 20th and the week of April 2 is

6   not three months.  It's six weeks.  And more to the point,

7   the only difference between our schedule of when we would

8   like to start the Disclosure Statement hearing on the week

9   of April 2 and their schedule of March 19th it's only two

10  weeks.  Your Honor observed that the differences aren't all

11  that great.  But there's a significance for starting the

12  Disclosure Statement on April 2, as opposed to March 19th,

13  and Your Honor touched on it.  It will give -- if we start

14  on April 2, it will give Your Honor almost 30 days to have

15  heard the allocation disputes; hopefully to resolve many, if

16  not most of them, in that time period, and it will allow the

17  DCL's to file amendments to their Plan and Disclosure

18  Statement to reflect any rulings from your Court -- from

19  this Court with respect to the remaining allocation

20  disputes.  If you push the Disclosure Statement up to March

21  12th, that time period gets cut in half.  Now, it can't be

22  because they're so worried about the end date because as

23  Your Honor observed, our end dates; confirmation hearing

24  under our schedule of March -- of May 21; May 14th under

25  their schedule, they're not that far apart.  So we think

1  that it makes a lot of sense to maximize the time period

2  between the hearing on the allocation disputes and the

3  hearing on the Disclosure Statement.  It will allow Your

4  Honor, as I said, almost 30 days to rule.  It will allow the

5  DCL Plan Proponents to reflect those rulings in an Amended

6  Plan and Disclosure Statement.  And perhaps, most

7  importantly, from Aurelius' and the other creditors'

8  perspective, it will hopefully allow creditors to make

9  informed choices when they are voting, both with respect to

10 yes or no on the Amended Plan and the treatment elections.

11         Now, Mr. Lantry had a colloquy with the Court

12 about whether it will change the vote.  It may not change

13 the vote of the Senior Noteholders and the PHONES.  What I

14 think is really at play here is whether or not it will

15 change the vote of the other parent company -- the other

16 parent -- the holders of the other parent claims which, as

17 Your Honor knows, consists of the Swap claim, the Retiree

18 claim, and the other Trade creditors.  And it just may be,

19 Your Honor; I don't know, and nobody can know.  The Court

20 can't know.  Nobody sitting in this Courtroom will know.  If

21 it turns out, by virtue of your rulings with respect to the

22 allocation disputes and specifically whether the other

23 parent claims get the benefit of subordination from EGI and

24 the PHONES, which we think is of dubious, very dubious,

25 legal vitality, but we'll argue that whenever we have the

1  hearing.  If they don't get that benefit, in terms of Plan

2  consideration, as they've been promised, I don't know how

3  the Retirees will ultimately vote.  I don't know whether the

4  Retirees will actually believe that their "Retiree

5  settlement" has, in fact, been consummated.  I don't know

6  how the Trade creditors, who are going to get less than they

7  were promised under the original DCL Plan, will actually

8  vote.  It's those creditors, I would suggest to the Court,

9  that are entitled to have the opportunity to make an

10  informed decision before they have to vote whether or not

11  they are actually going to get that enhanced recovery.

12          So I do thank Your Honor for the indications that

13  you intend to rule on as many of the allocation disputes as

14  you think appropriate prior to the solicitation process

15  beginning.  We think we have, under our schedule, put

16  together a timetable that maximizes the ability for that to

17  happen.  Your Honor, we'd like to believe that the parties

18  will work in good faith.  There are some little differences

19  in the scope of the discovery.  That's one of the questions

20  you asked about.  So I think if there's a ruling today, we

21  can work on that and present a form of consensual Order

22  today.  From Aurelius' perspective and the perspective of

23  the Senior Notes and the PHONES, having that process evolve

24  as I've described, giving creditors the ability to make

25  informed choices, and perhaps most importantly, and I

1  haven't really discussed this, eliminate, to the very extent

2  possible, the need for the reserve mechanism currently set

3  up in the DCL Plan we think is a good thing.

4        Mr. Lantry calls our proposal one-track, as

5  opposed to two-track.  Your Honor made it very clear in your

6  ruling that you will decide ultimately what allocation

7  disputes of the remaining allocation disputes which ones you

8  will rule on prior to the solicitation process and which

9  ones you won't.  We contemplate the same two-track schedule

10 that the DCL's -- we don't have anywhere in this document

11 that says the Court can't allow solicitation to begin until

12 every last allocation dispute is resolved.  We'd like that

13 and we provided a maximum timeframe to allow that to happen.

14 But Your Honor will ultimately make that decision.  So I

15 don't think our proposal is any less two-track than theirs.

16 We just maximize the time available for Your Honor's

17 consideration of the allocation disputes to allow that to

18 happen.  So if there are specific questions about our timing

19 and proposal; and, Your Honor, I'm old-fashioned.  I use a

20 paper calendar.  I brought an extra one for you if you need

21 a calendar to look at the various dates because we think our

22 dates work.  They culminate in a confirmation hearing on May

23 21st.  We had taken the lead, after Your Honor's decision, in

24 formulating and distributing an initial schedule.  The

25 debtors had indicated they had two problems with our initial

1  schedule; the amount of time between the solicitation and

2  the vote deadline.  We fixed that for them.  They had

3  another problem as it related to the amount of time that

4  they would be able to respond to confirmation objections.

5  We fixed that for them.  So, Your Honor, I stand here today

6  saying we think our schedule works.  It works well.  It

7  makes sense.  It's logical.  And perhaps most importantly,

8  it maximizes the time available for Your Honor to resolve

9  the allocation disputes.  So unless you have specific

10 questions about our time deadlines, I'm happy to answer

11 them.

12          THE COURT:  I do not.  Thank you.  Mr. Siegel?

13          MR. SIEGEL:  Good morning, Your Honor.  Martin

14 Siegel, of Brown Rudnick, on behalf of Wilmington Trust,

15 Successor Indenture Trustee for the PHONES.  First, on the

16 scheduling issues, if we can deal with that?

17 Notwithstanding any of our other disputes with Aurelius or

18 the Senior Noteholders, we adopt the schedule proposed by

19 Mr. Golden.  We think it works.  We will actively be

20 involved in the allocation disputes, obviously.  And we just

21 think that trying to resolve everything else at the same

22 time is not a good way to proceed, particularly when the end

23 result, which is what matters here, is weak.  And the

24 schedule proposed by Aurelius, which we did consult with

25 them on, reflects our views as to an appropriate schedule.

1   I don't know if you have any questions on that.

2            THE COURT:  I don't.

3            MR. SIEGEL:  As far as what allocation disputes

4   are still open, since that was one of your -- we agree with

5   the listing in Aurelius' -- the document they filed this

6   morning that lists as open items two matters; the DCL

7   allocation and the disgorgement claim, the step two

8   disgorgement claim listed as open matters.  We disagree with

9   their Footnotes 2 and 4, that say that those have been

10  resolved.  I think the parties were very careful in the

11  reconsideration opinion.  We, in our response, and the Court

12  in its decision that the only thing you were dealing with in

13  that motion and in the decision, was the litigation trust

14  issues.  So there has not been a resolution of whether --

15  I'll call it the reasoning behind your decision, may affect

16  some of the other allocation disputes or how to resolve

17  them.  The bottom line is they have not been resolved and

18  they're currently open issues.  I would hope once we have a

19  schedule that over the next few weeks we will be discussing

20  with the DCL, the Senior Noteholders, including Aurelius, as

21  to whether there is a way to -- how those should be

22  resolved, and if not, at some point, we'll ask Your Honor to

23  rule on it.  I don't think it affects the schedule, however,

24  which is the important thing that's on the calendar for

25  today, because on those issues, there is no additional

1    discovery.  I think everybody agrees that at some point that

2    can be decided as a matter of law.  And since what's on the

3    table today is scheduling and process, those are open

4    issues.  They have not been resolved.  And at some point,

5    we'll figure out whether they get included in the briefs for

6    a ruling or whether or not there is another way to resolve

7    and get rulings on those issues.  So I'm not sure what else

8    you would do on those issues.

9            The other question you may ask is the effect of

10   the Notice of Appeal we filed yesterday.  So do you want me

11   to deal with that?  I don't know the effect, Your Honor. I

12   don't mean to be facetious.  We have considered it.  First,

13   you need -- we need to see how the appeal proceeds.  We

14   think it's a Final Order as to that limited issue.  I have a

15   feeling other people in the room may disagree and then the

16   District Judge will decide whether it's a final ruling, or

17   whether he'll grant interlocutory review.  Until we get

18   there, a lot of it's speculation as to what might or might

19   not happen.  We're here today for scheduling.  We think you

20   can schedule things.  Whether or not at some point we or

21   somebody else may claim that the way the allocation disputes

22   are being resolved would violate the divestiture rule,

23   maybe; maybe not.  You know, we're all aware of the issue

24   and we will probably work together as we have in the past to

25   see if there's a way to avoid it.  I don't know whether

1    that's possible.  It depends on how the appeal proceeds.

2    Same thing is true with confirmation.  We know under the

3    current Plan it has a reserve.  I don't know that the

4    divestiture rule would affect the outcome.  If there's a new

5    Plan that has different things in it, it may.  So as we sit

6    here today, we can't tell you the answer definitively one

7    way or another whether there is an effect.  That was not the

8    intent.  Our intent was to preserve our rights and take an

9    appeal.  With respect, Your Honor, we think you got it

10   wrong.  We think you had it right the first time and got it

11   wrong the second time.  But, you know, that happens.  And

12   we'll have to wait and see whether or not there is a problem

13   with divestiture.  We don't today, particularly with regards

14   to the Order that you're being asked to enter, we don't

15   think it's an issue and you can enter that Order and we'll

16   just have to be -- see how things develop.

17             THE COURT:  Thank you.

18             MR. SIEGEL:  There is an issue on discovery, but

19   again, I think as they've said, hopefully we'll be able to

20   work those things out.  If not, we'll be back on that.

21             THE COURT:  All right.  Thanks.

22             MR. SIEGEL:  Thank you.

23             THE COURT:  Does anyone else wish to be heard?

24   Okay.

25             MR. BRADFORD:  Yes, Your Honor.  This is David

1   Bradford from Jenner & Block for EGI-TRB.  I don't know if

2   there's others in the Courtroom who stood up to be heard and

3   I'm certainly happy to wait until they have a chance to do

4   so.

5           THE COURT:  Go ahead, Mr. Bradford.

6           MR. BRADFORD:  Thank you, Your Honor.  We do

7   object under 7001(8) to a resolution of the subordination

8   issues as they pertain to EGI-TRB other than in conjunction

9   with confirmation of a Plan.  And contrary to the other

10  parties' belief, it would be best to conduct the hearing

11  during the week of the confirmation hearing.  We're

12  particularly concerned about an advisory opinion.  If Your

13  Honor rules for us but does not confirm a Plan, we're going

14  to have the question of the import of that decision.

15          THE COURT:  Mr. Bradford, I thought I hinted at

16  this pretty strongly the last time so let me just be a

17  little more firm about it.  Any decision that I make

18  concerning allocation will be expressly subject to

19  confirmation of a Plan.  So if no Plan is confirmed, the

20  decision will not become effective.

21          MR. BRADFORD:  Thank you, Your Honor.  That's

22  very helpful and we think then, consistent with your opinion

23  which did indicate that any opinion would be subject to

24  confirmation of a Plan, Your Honor indicated that you would

25  reserve the discretion regardless of when the hearing is to

1  determine when to decide particular allocation issues.

2  There was some discussion this morning essentially of asking

3  the Court to issue its opinion, albeit subject to a later

4  confirmation of a Plan.  The practical issue I think for

5  EGI-TRB, which is a little different than the other parties,

6  is this.  In the FitzSimons Complaint, there is an assertion

7  of equitable subordination against our Notes.  That's

8  obviously a different issue than contractual subordination

9  but contractual subordination goes to a predicate issue that

10 is raised by the equitable subordination claims in

11 FitzSimons.  If Your Honor issues an opinion in March that

12 says that EGI-TRB has no contractual subordination, but then

13 Your Honor does not confirm a Plan, we are going to have the

14 question of what was the effect of that decision in the

15 FitzSimons litigation.

16         On the other hand, if Your Honor's opinion is

17 rendered as part of a confirmation opinion, we think it

18 eliminates the dispute about the effect of that decision.

19 So that we much appreciate that whatever opinion Your Honor

20 would issue would be subject to confirmation of a Plan, but

21 if a Plan is not confirmed, then we essentially have what

22 some would contend is an advisory opinion.  Others may

23 contend it has other weight.  We think those issues are

24 fairly avoided simply by having Your Honor issue the

25 opinion, without regard to when the hearing is held, but

1  issue the opinion, in conjunction with and as part of the

2  confirmation opinion, which we respectfully suggest is what

3  7001(8) contemplates.  Obviously in terms of the impact on

4  other parties, the best case for EGI-TRB under the debtors'

5  Disclosure Statement is that EGI-TRB would receive $62

6  million plus its interest in the various litigation and

7  Creditor Trust.  And while that's a lot of money, it's less

8  than one percent of the enterprise value of the company, and

9  nobody is suggesting to the Court, nor do I believe they can

10  suggest in good faith, that what would be effectively an

11  opinion subject to confirmation is going to determine how

12  they vote, at least insofar as the EGI-TRB subordination

13  issues are concerned.  So for those reasons -- and I would

14  submit finally if there's any possibility that this matter

15  gets resolved without necessity for a confirmation hearing,

16  then we will have spent the time during the subordination

17  allocation hearings needlessly.  We are certainly committed

18  to trying to resolve our issues with all of the parties.  We

19  would hope there would be some opportunity given the now

20  limited scope of issues remaining in this case to get that

21  done.  We think the potential for doing that is greater if

22  these issues are not resolved until and as part of

23  confirmation.  And as a consequence, we would urge the Court

24  simply to reserve a ruling on our issues until it determines

25  what it's going to say and find in the confirmation Order

1    itself.  And as a consequence, we'd suggest the more

2    appropriate schedule is just to adopt the schedule for the

3    confirmation hearing, have the discovery on the allocation

4    or subordination issues end when confirmation discovery

5    ends, have the opening briefs due when objections to the

6    Plan are due, have the response briefs due when reply briefs

7    are due on confirmation.  It will take one day the same week

8    as the week of the confirmation hearing to hear these

9    arguments.  If everything gets resolved before then, the

10   Court doesn't have to be burdened with these issues.  And in

11   all events, the Court will be able to resolve these issues

12   in context and as part of a global resolution of all issues

13   at confirmation.

14            There is one other aspect of the Orders that were

15   submitted that we object to, Your Honor.  And that is both

16   the DCL Proponents and Aurelius have put footnotes in their

17   Scheduling Order; Footnote 3 in the DCL Plan, purporting to

18   limit discovery that may be sought in connection with the

19   allocation issues.  We've participated in the meet and

20   confers.  We don't agree to these limits on discovery.

21   There is no motion before the Court to limit discovery.  We

22   suspect that we can resolve, through further dialogue, any

23   discovery issues.  But we would object to the Court entering

24   any Order that unilaterally or arbitrarily put limits on

25   discovery without a motion, without our having had a chance

1   to be heard.  We don't believe those matters are properly

2   before the Court today, but we wanted to alert the Court

3   that they are part of the submissions made late yesterday by

4   both those Proponents to which we object.  Now obviously,

5   I'm happy to answer any questions that the Court might have.

6               THE COURT:  No questions, Mr. Bradford.  Thank

7   you.

8               MR. BRADFORD:  Thank you, Your Honor.

9               THE COURT:  Does anyone else wish to be heard?

10              MR. BENNETT:  Your Honor, very briefly.  Bruce

11  Bennett, on behalf of Oaktree and Angelo Gordon, and a

12  number of other creditors, and one of the DCL Proponents.  I

13  really want to cover three things, but the most important I

14  want to hit on first, which is, I think that the correctness

15  of your leanings in the DCL Proponent's schedule is revealed

16  by an admission that was effectively just made to you.  And

17  that is, is that, our friends on the other side of the aisle

18  are not really considering changing their votes based upon

19  the outcome of the allocation proceeding.  They are hoping

20  that someone else, a group they do not represent, is going

21  to change their votes.  And so now let's think about that,

22  the implications of that for what they were arguing about,

23  which -- and what they're really arguing about is adequacy

24  of disclosure.  And what they're really saying to Your Honor

25  is you should have your disclosure hearing later because

1    it's not possible for you to propose disclosure that's

2    adequate; not for them but for someone else who isn't

3    complaining, by the way, and who at the Disclosure Statement

4    that hopefully will be heard on the calendar that was

5    proposed to you by the DCL Proponents.  At that Disclosure

6    Statement hearing, you'll be presented with disclosure

7    documents that will, of course, be influenced by what has

8    happened with respect to the allocation disputes, and I'll

9    talk about some of the granular details of those which might

10   help you in ordering them up.  If a person in that other

11   class, a class not represented by those guys, says wow, this

12   sandwich is too large, Your Honor will be able to react.

13   But there's a lot of law out there that says that in an

14   objection to a Disclosure Statement, and that's what you've

15   really got here; a preview of an objection to the Disclosure

16   Statement, a creditor over here who opens firm one has

17   already decided how he's going to vote, but that's actually

18   not relevant.  You can't complain about the adequacy of

19   disclosure for a whole different group of creditors that

20   they don't represent, and that's what they're really doing.

21   And I have to say, I hope you remember; I think everyone in

22   this Courtroom remembers, that Your Honor approved, at the

23   request of Aurelius and the other Noteholders, a Disclosure

24   Statement that had the widest possible disclosure -- the

25   widest possible recovery band I have ever seen, and I think

1    you have ever seen in your history of bankruptcy practice

2    and being on the bench.  So the -- I think Your Honor should

3    reject the invitation to hold today that it's just not

4    possible to create an adequate Disclosure Statement based

5    upon the facts of the case.  Actually, where we are right

6    now, or where we will be on the dates proposed in the DCL

7    Plan Proponents, that will be adequate for, again, a

8    constituency that hasn't actually weighed in today, except

9    maybe through the Committee, concerning the appropriate

10   disclosure timetable.  So that's first of all.  I think Your

11   Honor is on the right track.  It can be a separate path.

12            Now, the other point I want to make to Your Honor

13   is, and I think we tried to do this in the pleading that was

14   filed jointly, but I'm not sure it came out with enough

15   granularity, which is, we talk about the fact that once upon

16   a time the reserves involved were a little over $200

17   million, and now they're kind of down to 38.  And what I

18   think Your Honor should know, may have figured out yourself,

19   is that if one resolves Mr. Siegel's issue, the issue that,

20   of course, was never raised until after Your Honor issued

21   your confirmation opinion, but if Your Honor raises Mr.

22   Siegel's issue, that knocks it down by a huge chunk.  That

23   actually resolves the largest in amount that's part of the

24   $200 million initial estimate.  If Your Honor resolves the

25   TRB-EGI provision, that actually resolves the next biggest

1   amount.  And if you resolve those two issues, you're down to

2   the 38.

3            Just to add one additional level of granularity,

4   within that 38, somewhere between 21 and 22 million, more

5   than half is the stock claim held by Oaktree.  That's where

6   it hits.  And I will tell you right now that Oaktree's vote

7   is not changing based upon the outcome of that dispute.

8   Although it's an important dispute to Oaktree, it's not

9   going to change based upon how Your Honor resolves that.  So

10  we are talking about a number at the end of the day that is

11  going to be less than $20 million in a $7 billion case.  And

12  a number that is easily banded, easily understood in

13  arranged distribution where a person, every person, in this

14  case will figure out that when they vote yes for a Plan,

15  they can only be assured of the bottom, and they might

16  actually see the top and that's not a revolutionary concept

17  in any bankruptcy case, and we are going to deal with a

18  range that's going to be dramatically lower than the range,

19  once again, that Aurelius thought was perfectly appropriate

20  in its Disclosure Statement.

21           Two other issues.  Really one other issue, much

22  less important, which relates to the whole issue of the

23  appeal.  First of all, it was filed both as an appeal from a

24  Final Order purportedly; and secondly, it was filed as an

25  interlocutory order.  I don't know how it can be appealed

1    from a Final Order where at least in the confirmation

2    opinion that you ruled on the Plan wasn't confirmed.  So

3    effectively, in that respect, Mr. Siegel prevailed.  So he

4    can't be appealing a Final Order that was adverse to him so

5    it has to be an interlocutory appeal.  Well, we also think

6    an inappropriate interlocutory appeal, and I think that

7    makes even more forceful Judge Walrath's opinion and all of

8    the points that Mr. Lantry made.  There is no reason

9    whatsoever that that procedural maneuver should distract

10   this Court from getting the business done in this case.

11           I'll make the final point.  One of the ironies

12   here is that Your Honor did produce a confirmation opinion

13   that was extensive, well thought through, and it came out at

14   the end of October and it's -- what amazes clients, that

15   opinion said there were four open issues, and it's going to

16   be seven months to get those four open issues resolved.

17   These things happen.  I think the DCL Proponents' efforts

18   here have to be understood as trying to make sure that it's

19   really this is it and that we aren't talking about another

20   five months after that.  And we -- whether we're right or

21   we're wrong, we perceive other efforts in this Court as

22   trying to create a set of deadlines now that might have to

23   be extended later.  That's something that we hope Your Honor

24   is not contemplating.  We don't think Your Honor is

25   contemplating it, and we don't want to contemplate it

1  either.  Thank you very much.

2          THE COURT:  Thank you.  Does anyone else wish to

3  be heard?

4          MR. TEITELBAUM:  Your Honor, just very briefly.

5  This is Jay Teitelbaum, Teitelbaum & Baskin, for the

6  Retirees.  I've been quiet because as Your Honor knows from

7  this case, we represent a lot of individuals and I can't sit

8  here today and say with any certainty whether it would or

9  wouldn't change the voting, but we are -- we do remain

10 supportive of the DCL Plan and I'll just leave it at that.

11         THE COURT:  Thank you.  Does anyone else wish to

12 be heard?

13         MR. BENDERNAGEL:  Your Honor, could we, on behalf

14 of the debtor, address one of the issues regarding discovery

15 that Mr. Golden raised just briefly?

16         THE COURT:  Briefly.

17         MR. BENDERNAGEL:  He complained about the date

18 that we had put forward as March 2nd for the last discovery,

19 and I think he's misapprehended what we're attempting to do

20 in our program.  We want to get our Disclosure Statement out

21 so people can look at it and start to assess the non-

22 allocation issues sooner rather than later, and that date to

23 force people to get their confirmation-related discovery as

24 it relates to that Disclosure Statement out contemplates

25 that they will be asking all the discovery they want based

1  on what they know at that juncture in the thing.  Every date

2  we've had in this case with respect to discovery always had

3  a good cause basis.  And to the extent that at a later point

4  in time somebody wants to say oh, something new has come up

5  and we need to pursue discovery, we're not trying to cut

6  that off.  But what we're trying to do is get this discovery

7  started as soon as possible on the non-allocation issues so

8  it doesn't slow the process down and that's the rationale

9  for February 20th and March 2nd.  To the extent that something

10 comes up at the Disclosure Statement hearing, whenever that

11 Disclosure Statement hearing is held, suggests that there

12 should be additional discovery.  We're not suggesting people

13 can't petition or even ask for it and we'd try to work with

14 them.  What we're trying to do is get people not to wait

15 until April 2nd to say oh, here's what we really want and

16 then we're scrambling for five weeks and people say why the

17 hell did we waste all this time beforehand?  That's the

18 first point.

19        The second point is even the February 20th filing,

20 and I think we make reference to this, but just to highlight

21 it.  In our Disclosure Statement we intend to note that

22 there is a website set up by Epiq that's going to have all

23 the information that's being filed in the allocation dispute

24 procedure, including your decision when it comes out.  So we

25 won't have to constantly go back and amend the Disclosure

1  Statement document to tell people what's going on.  They're

2  going to have a way of finding that out.  And the final

3  point here, the date that seems to be most important for the

4  discussion that I heard earlier was the voting date.  And

5  even under our Plan or our schedule, it's April 23rd which is

6  a lot less -- five, six weeks after March 5th.  So it seems

7  to me that, given the fact that people are going to be able

8  to see what's in our document, I mean they're going to be

9  able to see what's going on in the allocation dispute

10  through the Epiq website and that there's five weeks

11  essentially for you to decide the issue.  It seems that our

12  schedule is our own efficient way of getting this process

13  going forward and avoiding surprises down the road.  That's

14  all I've got.

15          THE COURT:  All right.  Let me tell the parties

16  what I anticipated in the way of scheduling and I appreciate

17  your offer, Mr. Golden, but I've got two calendars here on

18  the bench so I think that ought to be enough.  In terms of a

19  hearing on the allocation disputes, I originally thought

20  just Tuesday March 6th, but because the parties indicate that

21  maybe we'll go over, I'm inclined to schedule March 5th and

22  6th for allocation.  Friday, March 23rd for solicitation and

23  hearing on the disclosure, supplemental disclosure.  And

24  Thursday and Friday, May 17th and 18th for confirmation.  Now,

25  assuming those are the dates, let me go back to the debtor,

1  Mr. Bendernagel, and ask whether there might not be a little

2  more room with respect to the discovery issue that you just

3  addressed in response to Mr. Golden's comments.

4         MR. BENDERNAGEL:  I take it you mean rather than

5  the March 2nd, the date that's slightly after March 23rd?

6         THE COURT:  Well, after March 2nd anyway.

7         MR. BENDERNAGEL:  Well, we don't -- there's

8  nothing written in stone about March 2nd.

9         THE COURT:  Okay.

10        MR. BENDERNAGEL:  I mean the concern we have is

11  that the -- a lot of times people interpret the last date to

12  file as also being the first date to file.

13        THE COURT:  I understand.  But --

14        MR. BENDERNAGEL:  And that's what we're trying to

15  avoid.

16        THE COURT:  Okay.

17        MR. BENDERNAGEL:  We're trying to get people to

18  put -- if they were to tell us, you know, your initial

19  discovery is due on "X" date and to rephrase this as initial

20  discovery as opposed to final absolute discovery and just

21  let the regular rules of 30 days apply to final discovery,

22  it seems to me that -- what we're trying to do is get the

23  process started; not to stop it.

24        THE COURT:  Okay.  Well, let me ask two questions

25  then.  Understanding that those are the dates I'd like to

1    fix, can the parties, either here and now, or in very short

2    order, confer and finalize scheduling with that one

3    alteration?  And two, can they do the same with respect to

4    scope of discovery?  Now, Mr. Bradford says he doesn't think

5    it's appropriate at this point to limit discovery and I

6    guess as a purely -- I don't know -- I'm searching for the

7    word, but as a purely theoretical matter, he's probably

8    correct.  Yet, on the other hand, I -- you know, everyone in

9    this case has been rooming together for so long, I wonder

10   how much really is unknown and how much more discovery is

11   required?  So even if the Order that results from this

12   doesn't limit discovery, I will tell you, you know, the pond

13   has largely been fished out.  If there are a couple swimming

14   around somewhere or hanging on the bottom, okay, but I'll

15   need to be convinced of that.  Okay.  So would the parties

16   like time now or do you think you can do something better

17   outside of my presence and the Courtroom setting?

18            MR. BENDERNAGEL:  No, let's do it now, Your

19   Honor, to get this done.

20            THE COURT:  Okay.  We'll take a recess until --

21   well, I have a hearing scheduled at 1:00.  How much time do

22   you think you'll need?

23            MR. BENDERNAGEL:  When is your hearing done after

24   1:00 and then we'll just come back in and go over it then.

25            THE COURT:  Okay.  Well, I'll answer that two

1  ways.  Just give me a moment.  The parties at the 1:00

2  hearing have indicated they'd like to consume all the time I

3  can give them basically, but I'm not able to do that.  Maybe

4  Mr. Pernick, you could give us a little hint?

5          MR. PERNICK:  Your Honor, I'd like to say it will

6  be shorter, but I think that argument is going to be at

7  least an hour.

8          THE COURT:  Okay.  And then I have second day

9  hearings at 2:30, but what I would do, Mr. Bendernagel, is

10  get back to you after the 1:00 whenever that finishes or

11  whenever I stop it to hear what you have to say.

12          MR. BENDERNAGEL:  All right.  But the good news

13  is people want to get this done quickly.

14          THE COURT:  Okay.

15          MR. BENDERNAGEL:  Because they want to get out of

16  here.

17          THE COURT:  All right.

18          MR. BENDERNAGEL:  We'll try to do it as fast as

19  we can.

20          THE COURT:  Before the rains come.  Okay, I

21  understand.  Anything else before we adjourn?

22                  (No audible response)

23          THE COURT:  All right.  Court will stand in

24  recess.

25          (Recess from 12:33 p.m. to 2:10 p.m.)

1              THE COURT:  Good afternoon.

2              MR. BENDERNAGEL:  Good afternoon, Judge.  Jim

3    Bendernagel, for the debtors.  We're trying to get Mr.

4    Bradford back on the line, but I think we can proceed and

5    then if he shows up, he shows up.

6              MR. BRADFORD:  Jim, David Bradford.  I'm here.  I

7    don't know if you can hear me.

8              MR. BENDERNAGEL:  We can hear you fine.

9              THE COURT:  Yes we can.

10             MR. BRADFORD:  Great.

11             THE COURT:  Thank you.

12             MR. BRADFORD:  Thank you.

13             MR. BENDERNAGEL:  Your Honor, good news.  We are

14   back in the same galaxy so we can -- I think we can sum this

15   up for you with one exception we're still trying to work

16   out, but I don't think it's going to be a major problem.

17   First, we're going to submit -- we've agreed that we'll

18   submit to you an Order similar to the Orders that we had

19   submitted, you know, back in the December timeframe that

20   actually lays all this out.  But we wanted to tell you what

21   we had agreed to in terms of dates and the like and I think

22   we have substantial agreement.  The documents that will be

23   helpful to have in front of you as I talk, or if you want to

24   work off Mr. Golden's chart, that's fine, but it's also

25   helpful to have the two exhibits, A -- the Exhibit A's to

1    the two proceedings.  It makes it a little bit easier.

2              THE COURT:  I have them all.

3              MR. BENDERNAGEL:  Working off of the schedule

4    that was submitted by the debtor, which is the easiest for

5    me, and just starting with the allocation dispute

6    resolutions, there are only a couple of minor changes in

7    that schedule.  First, with respect to the January 20th date

8    for the last day to serve discovery requests, it's been

9    agreed that that should read last day to serve initial

10   discovery requests.  There's been no change to the January

11   31st date.  No change to the February 17th date for completion

12   of discovery.  There's no change to the February 24th opening

13   briefs except for it's been agreed that those briefs will be

14   submitted by 4:00.  The only change to the March 2 date is,

15   given the fact we're starting on the Monday hearing, we

16   decided that those briefs ought to be by noon so that they

17   can get to Your Honor before the weekend.  And then the

18   hearing date is as you specified, March 5th and 6th.  So that

19   takes care of the allocation disputes with the exception of

20   this footnote which I'll come back to because that's where

21   the controversy is.

22             Moving over to the Plan solicitation, the

23   February 20th date remains the same.  The March 2nd date moves

24   to March 9th and you insert the word initial after last day

25   to serve initial confirmation discovery requests.  So it's

1  clear we're starting, not ending.  The March 5th date is now

2  March 9th.  The March 12th date for replies is March 16th.

3  The hearing date, as you specified, is March 23rd.  The

4  completion of confirmation discovery date is agreed to move

5  to April 30th.  The voting and Plan objection deadline is

6  April 30th.  And the briefs in support of confirmation Plan

7  objection reply deadline are May 10th.  And the confirmation

8  hearing is, as you specified, May 17th and 18th.  And that's

9  all been agreed to.  Mr. Zensky and I have also had a

10  conversation about possibly fleshing out some intermediate

11  dates or interim dates as it relates to confirmation

12  discovery and we'll either do that in the Proposed Order

13  that we're submitting to you in connection with this or

14  we'll do it by separate motion.  But for today's purposes,

15  there's an agreement that there may be a need to identify

16  when expert witnesses, that kind of stuff, is identified but

17  we're not going to try and do that at this hearing.

18        THE COURT:  Well, let me ask you to pause there

19  and say are the parties contemplating more valuation

20  testimony or expert for some other purpose?

21        MR. BENDERNAGEL:  I don't think anybody's thought

22  that far ahead and the like.  I think the hope is to

23  minimize, to the maximum extent possible, the need for any

24  further discovery.  But, you know, obviously, we'll flesh

25  that out, and the like, along those lines.  To the extent,

1  you know, it's the Court's view that the valuation ought to

2  be updated obviously it's not hard to do.  We could do that

3  but that stuff hasn't been worked out yet, Your Honor.

4            THE COURT:  All right.

5            MR. BENDERNAGEL:  That brings us to the only

6  really open issue and that has to do with the footnote.  And

7  the best place to look at that is Exhibit A to the Aurelius

8  submission where the parties have agreed to accept Aurelius'

9  language with respect to bullet points one, two, four, and

10  five.  The open bullet point that is subject to debate is

11  the third bullet point which currently reads discovery

12  directed to EGI-TRB, LLC, and the debtors relating to

13  whether the PHONES Notes are senior, junior or pari passu

14  and right of payment to the EGI-TRB, LLC Notes and there's

15  some disagreement still between Mr. Zensky and Mr. Bradford

16  as to the specific scope of that.  I think rather than

17  trouble you with that, we'd like an opportunity to just work

18  that out.  It really goes to the question of should that

19  discovery be directed at more than simply EGI-TRB and the

20  debtors.  But it's even more nuance than that in the sense

21  that it's not looking to open up broad discovery, but simply

22  whether there's additional discovery in that regard.  And I

23  think it's the hope that we can, with a little bit more

24  time, work out the specific language and that will be

25  reflected in this Order that we're going to submit.

1          The other change that everybody agrees to with

2    respect to this footnote is that the introduction should be

3    modified to say "discovery shall be limited to the following

4    unless a party is able to show good cause for additional

5    discovery."  That's going to be -- and that I think was sort

6    of presumed but now it will be explicit.  So with those

7    changes, I think we have agreement with respect to the

8    schedule and the one issue we're trying to work out is

9    simply the exact language of that third bullet point in that

10   and I'm hopeful that with a little bit more time, Mr. Zensky

11   and Mr. Bradford can find a way of articulating that in a

12   manner that satisfies both their clients.

13          THE COURT:  All right.  Thank you.  Does anyone

14   else wish to weigh in on the schedule?

15          MR. ZENSKY:  Good afternoon, Your Honor.  David

16   Zensky, Akin, Gump, Strauss, Hauer, & Feld.  I think Mr.

17   Bendernagel accurately reported on the agreement and

18   contents of our discussions.  The only thing I would add on

19   this last point and that third bullet, we were very careful

20   in trying to think through and set out what could be the

21   maximum universe of relevant discovery because as you've

22   said, we've been at this for a while and these issues are

23   going to be presumably more issues of law than fact.  In any

24   event, I think that the -- so I think Mr. Bradford and I

25   will be able to work around that and that his concern was

1    more about being surprised at the allocation dispute hearing

2    by something that he didn't know he needed to ask for in

3    advance.  So I believe we'll be able to come back with

4    something that's very close to what's here now, if not

5    identical, but able to solve his concern in another way.

6              THE COURT:  All right.  Thank you.  Does anyone

7    else wish to be heard?

8              MR. BENDERNAGEL:  That's all we have, Your Honor.

9    Our intention would be to take the dates, and I assume that

10   you're agreeable to the dates that we've proposed, and --

11             THE COURT:  Yes, I squeezed them out of myself,

12   Mr. Bendernagel.

13             MR. BENDERNAGEL:  -- incorporate them into an

14   Order that we'll submit to you probably some time tomorrow,

15   latest Friday, and --

16             THE COURT:  All right.  That's fine.

17             MR. BENDERNAGEL:  -- we'll be on our way.

18             THE COURT:  All right.  Thank you all very much.

19   That concludes this hearing.  Court will stand in recess.

20    (Whereupon, at 2:18 p.m., the hearing was adjourned.)

21

1                          <u>CERTIFICATION</u>

2          I certify that the foregoing is a correct

3 transcript from the electronic sound recording of the

4 proceedings in the above-entitled matter.

5

6 _____          <u>11 January 2012</u>

7 Tammy Kelly, Transcriber                         Date

# TRIBUNE-1.11.12.DOC

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**3002(c)(2**(2) 16:17  17:17
**3003(c)(3**(1) 16:17
**a.m**(2) 1:15  12:1
**abbruzzese**(1) 9:27
**ability**(6) 19:7  20:1  21:2  25:3  46:16
**able**(12) 34:12  48:4  51:19  55:11  57:12
63:7  63:9  66:3  71:4  71:25  72:3  72:5

**about**(38) 29:1  29:16  29:18  30:6  31:22
31:24  32:4  34:17  36:5  37:2  37:18  37:24
38:8  38:14  38:24  39:12  39:23  43:4  43:22  44:22
45:12  46:20  47:18  48:10  52:12  52:17
53:18  56:21  56:22  56:23  57:9  57:18
58:15  59:10  60:19  61:17  64:8  69:10  72:1

**aboveentitled**  (1) 73:4
**absolute**(1) 64:20
**absolutely**(1) 42:25
**accept**(4) 15:19  21:24  42:2  70:8
**accordingly**(1) 30:19
**account**(1) 15:16
**accurate**(1) 32:16
**accurately**(1) 71:17
**acknowledgement**(1) 20:15
**act**(1) 20:17
**acted**(1) 22:21
**acting**(1) 20:16
**action**(7) 15:16  15:24  16:3  16:7  17:1
17:13  17:13

**actions**(1) 12:24
**actively**(1) 48:19
**actual**(3) 15:20  38:20  40:15
**actually**(13) 16:1  18:10  22:23  46:4  46:7
46:11  57:17  58:5  58:20  58:23  58:25  59:16
67:20

**add**(2) 59:3  71:18
**additional**(7) 32:19  38:15  49:25  59:3
62:12  70:22  71:4

**address**(9) 15:8  15:22  18:5  19:17  27:22
38:2  38:4  40:14  61:14

**addressed**(4) 33:10  38:2  38:5  64:3
**addresses**(2) 17:20  37:20
**addressing**(2) 33:13  38:11
**adequacy**(2) 56:23  57:18
**adequate**(3) 57:2  58:4  58:7
**adjourn**(1) 66:21
**adjourned**(1) 72:20
**adler**(1) 9:31
**administered**(1) 1:6
**admission**(1) 56:16
**adopt**(2) 48:18  55:2
**advance**(1) 72:3
**advanced**(1) 39:14
**advancing**(1) 37:24
**adverse**(1) 60:4
**advise**(1) 29:13
**advisory**(2) 52:12  53:22
**advocates**(1) 31:6
**affect**(3) 35:8  49:15  51:4
**affects**(1) 49:23
**affiliate**(1) 25:15
**afraid**(1) 29:10
**after**(19) 15:22  20:20  21:21  24:2  24:3
24:4  25:22  31:3  31:8  42:5  47:8  58:20
60:20  63:6  64:5  64:6  65:23  66:10  68:24

**afternoon**(3) 67:1  67:2  71:15

**again**(21) 20:18  20:22  20:24  21:7  21:12
21:17  22:12  22:15  29:19  29:20  29:23
32:8  35:15  36:22  36:24  37:6  37:24  38:12
51:19  58:7  59:19

**against**(2) 17:1  53:7
**agenda**(3) 12:10  26:8  27:4
**agree**(6) 25:23  28:15  39:17  42:21  49:4
55:20

**agreeable**(1) 72:10
**agreed**(9) 39:12  39:15  67:17  67:21  68:9
68:13  69:4  69:9  70:8

**agreement**(10) 2:37  9:38  11:9  28:11
28:15  29:11  67:22  69:15  71:7  71:17

**agrees**(2) 50:1  71:1
**ahead**(3) 12:13  52:5  69:22
**ainsley**(1) 9:23
**aisle**(1) 56:17
**akin**(4) 3:12  10:21  39:9  71:16
**alan**(1) 11:25
**albeit**(1) 53:3
**alert**(1) 56:2
**alexander**(2) 11:37  11:38
**aligned**(1) 30:1
**all**(60) 12:4  12:11  14:3  14:13  19:10
22:20  22:22  23:12  24:10  25:21  26:3  26:6
26:14  26:23  27:1  27:18  28:9  29:12
30:25  31:10  32:8  32:13  32:20  34:6  34:12
34:24  35:18  36:20  38:2  38:11  38:18
40:23  44:10  50:23  51:21  54:18  55:11
55:12  58:10  59:23  60:7  61:25  62:17
62:22  63:14  63:15  66:2  66:12  66:17
66:23  67:20  68:2  69:9  70:4  71:13  72:6
72:8  72:16  72:18  72:18

**allay**(1) 38:14
**allinson**(1) 2:17
**allison**(1) 5:16
**allocation**(62) 27:8  28:7  29:2  29:16
30:25  31:4  31:9  31:10  31:13  31:17  31:20
32:3  32:15  32:20  32:22  34:12  34:24
35:3  35:8  35:16  36:21  38:3  38:18  39:15
39:19  39:22  40:1  40:13  42:13  42:16
43:15  43:18  44:15  44:19  45:2  45:22
46:13  47:6  47:7  47:12  47:17  48:9  48:20
49:3  49:7  49:16  50:21  53:3  54:17
55:3  55:19  56:19  57:8  61:22  62:23  63:9
63:19  63:22  68:5  68:19  72:1

**allow**(8) 23:1  44:16  45:3  45:4  45:8
47:11  47:13  47:17

**allowed**(3) 14:19  43:14  43:15
**allowing**(1) 35:18
**almost**(2) 44:14  45:4
**along**(2) 37:10  69:25
**already**(1) 57:17
**also**(14) 15:10  17:23  18:7  18:25  19:17
20:3  20:21  21:9  34:22  38:20  60:5  64:12
67:24  69:9

**alston**(1) 8:38
**alteration**(1) 65:3
**alternative**(5) 10:42  10:43  36:4  37:23
38:13

**although**(1) 59:8
**alvarez**(1) 6:16
**always**(1) 62:2
**amalgamated**(1) 11:24
**amanda**(1) 3:20
**amazes**(1) 60:14
**amend**(2) 12:25  62:25

**amended**(7) 13:24  18:24  31:2  38:21  44:3
45:5  45:10

**amendments**(1) 44:17
**america**(2) 5:34  5:38
**amount**(6) 34:21  43:4  48:1  48:3  58:23
59:1

**amounts**(1) 27:8
**amron**(1) 9:35
**and**(301) 9:12  12:10  12:11  13:2  13:7
14:9  14:9  14:16  14:21  15:5  15:10  15:15
15:16  15:21  16:4  16:5  16:7  16:9  16:10
16:14  16:21  16:24  17:2  17:9  17:11  17:13
17:22  17:24  18:1  18:5  18:7  18:13  18:14
18:15  18:18  18:19  19:2  19:5  19:7  19:8
19:11  19:14  19:17  19:18  19:22  19:24
20:1  20:1  20:2  20:4  20:8  20:10  20:11
20:12  20:19  20:23  21:1  21:9  21:10  21:12
21:15  21:17  21:17  21:24  22:3  22:5  22:25
22:8  22:10  23:1  23:19  23:25  24:6  24:7
24:9  24:19  24:24  25:1  25:4  25:9  25:12
25:17  25:18  25:22  25:23  26:5  26:20  27:9
27:17  27:24  27:25  27:25  28:3  28:14
29:2  29:14  29:15  29:23  29:24  30:6  30:6
30:10  30:22  31:2  31:12  31:16  31:19
31:19  31:23  31:25  31:25  32:1  32:5  32:8
32:9  32:10  32:11  32:15  32:16  32:20
32:21  33:2  33:12  33:14  33:16  33:16
33:20  33:22  34:3  34:8  34:13  35:12  35:12
35:17  35:18  35:23  35:23  36:2  36:3  36:6
36:7  36:9  36:13  36:14  36:23  37:8  37:10
37:14  37:15  37:19  37:24  38:8  38:10
38:13  38:19  38:21  39:4  39:16  40:2  40:8
40:10  40:12  40:15  40:16  41:15  41:15
41:23  42:3  42:9  42:13  42:22  43:5  43:16
44:3  44:5  44:6  44:9  44:13  44:16  44:17
45:2  45:6  45:6  45:7  45:10  45:13  45:18
45:18  45:19  45:22  45:23  46:21  46:22
46:23  46:25  46:25  47:8  47:13  47:19
47:19  47:24  48:1  48:7  48:20  48:23  49:7
49:9  49:11  49:13  49:17  49:22  50:2  50:3
50:4  50:7  50:15  50:24  51:8  51:10  51:11
51:12  51:15  51:15  52:2  52:9  52:22  54:1
54:6  54:7  54:8  54:13  54:22  54:23  54:25
55:1  55:10  55:12  55:15  55:16  55:19
56:11  56:11  56:12  56:16  56:21  56:23
56:24  57:3  57:8  57:14  57:20  57:21  57:23
57:25  58:2  58:13  58:17  58:17  59:1  59:4
59:6  59:11  59:15  59:16  59:17  59:24  60:6
60:7  60:13  60:14  60:15  60:19  60:20
60:25  61:7  61:8  61:10  61:19  61:21  61:22
62:3  62:5  62:8  62:9  62:13  62:15  62:16
62:20  62:25  63:2  63:4  63:10  63:13  63:16

**and**(59) 63:21  63:22  63:23  63:24  63:24
64:1  64:14  64:19  64:20  65:1  65:2  65:3
65:5  65:10  65:17  65:24  65:24  66:8  67:4
67:21  67:21  68:5  68:17  68:18  68:24  69:5
69:6  69:7  69:8  69:8  69:9  69:12  69:17
69:19  69:22  69:24  70:6  70:6  70:9  70:12
70:14  70:14  70:15  70:19  70:22  70:24
71:5  71:8  71:10  71:11  71:17  71:19  71:20
71:22  71:24  71:25  72:9  72:10  72:15

**anderson**(1) 3:45
**andrew**(6) 2:31  4:21  4:22  8:22  8:31
**angeles**(1) 2:42
**angelo**(3) 9:39  10:30  56:11
**anna**(5) 6:33  6:33  13:20  26:9  26:15
**another**(7) 33:7  36:5  48:3  50:6  51:7
60:19  72:5

**answer**(4) 48:10  51:6  56:5  65:25
**answers**(1) 21:15

**anthony**(1) 13:17
**anticipated**(1) 63:16
**anxious**(1) 36:10
**any**(25) 15:24  17:24  18:2  18:21  26:1
32:15  33:2  35:2  35:5  41:16  42:9  44:18
47:15  48:17  49:1  52:17  52:23  54:14
55:22  55:24  56:5  59:17  61:8  69:23  71:23

**anybody's**(1) 69:21
**anyone**(9) 22:9  26:16  31:17  51:23  56:9
61:2  61:11  71:13  72:6

**anything**(3) 19:24  22:3  66:21
**anyway**(1) 64:6
**anywhere**(1) 47:10
**apart**(1) 44:25
**apologies**(1) 41:6
**apparent**(1) 16:10
**appeal**(15) 33:3  33:12  33:19  33:21  33:24
34:2  37:8  50:10  50:13  51:1  51:9  59:23
59:23  60:5  60:6

**appealed**(1) 59:25
**appealing**(1) 60:4
**appeals**(1) 34:4
**appear**(2) 25:9  25:18
**appearances**(8) 4:10  5:2  6:2  7:2  8:2  9:1
10:1  11:1

**appeared**(1) 19:23
**appears**(1) 16:4
**applicable**(1) 16:17
**application**(1) 13:1
**apply**(1) 64:21
**appreciate**(3) 27:17  53:19  63:16
**approach**(5) 30:8  30:10  31:7  34:8  40:24
**appropriate**(8) 26:5  42:18  46:14  48:25
55:2  58:19  59:19  65:5

**approval**(2) 31:7  36:2
**approved**(1) 57:22
**approving**(1) 33:25
**april**(22) 15:23  17:22  18:9  21:21  30:14
40:20  41:15  42:2  42:7  43:3  43:12  43:19
43:19  43:25  44:5  44:9  44:12  44:14  62:15
63:5  69:5  69:6

**arbitrarily**(1) 55:24
**are**(64) 12:8  12:11  14:16  14:24  15:25
23:7  23:10  24:23  28:11  28:14  28:18  29:1
29:20  30:3  31:8  32:10  32:10  32:23
35:11  36:10  36:12  37:4  37:7  38:10  39:23
39:25  42:21  42:23  42:25  44:5  45:9  46:6
46:9  46:11  46:18  47:18  49:4  50:3  50:22
53:13  53:23  54:13  54:17  54:22  55:6  55:7
56:1  56:3  56:18  56:19  58:5  59:10  59:17
61:9  63:7  63:25  64:25  65:13  67:13  68:6
69:7  69:19  70:13  71:22

**aren't**(2) 44:10  60:19
**argue**(3) 32:10  32:11  45:25
**argued**(1) 35:25
**arguing**(3) 31:19  56:22  56:23
**argument**(6) 15:20  16:4  16:19  16:20
64:23  66:6

**arguments**(1) 55:9
**around**(2) 65:14  71:25
**arranged**(1) 59:13
**arrowgrass**(2) 5:42  5:43
**arthur**(1) 9:35
**articulating**(1) 71:11
**artificial**(1) 43:10
**ashby**(1) 3:19
**ashley**(1) 4:13

**TRIBUNE-1.11.12.DOC**

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

ask(18) 14:9  23:1  23:5  24:10  25:22
26:14  31:23  32:1  33:1  33:1  33:7  49:22
50:9  62:13  64:1  64:24  69:18  72:2

asked(4) 33:23  33:24  46:20  51:14
asking(3) 38:16  53:2  61:25
aspect(1) 55:14
asserted(2) 14:7  14:16
assertion(1) 53:6
assess(1) 61:21
asset(3) 8:46  8:47  10:38
assume(1) 72:9
assumes(1) 33:20
assuming(2) 40:10  63:25
assured(1) 59:15

attached(1) 39:1
attempt(2) 21:25  22:6
attempting(1) 61:19
attendance(1) 12:12
attending(1) 17:14
attention(3) 15:11  16:25  41:11
attorney(2) 9:47  21:21
attorneys(2) 22:10  24:7
audible(2) 26:18  66:22
august(2) 15:24  17:22
aurelius(30) 3:11  6:11  6:12  10:20  27:24
28:5  28:11  28:16  29:1  29:15  29:24  30:6
30:9  30:21  31:6  32:5  34:9  34:23  39:10
39:16  40:19  42:9  43:22  48:17  48:24
49:20  55:16  57:23  59:19  70:7

aurelius'(4) 45:7  46:22  49:5  70:8
austin(4) 1:23  5:13  14:5  27:3
available(2) 47:16  48:8
avenue(6) 1:35  2:6  2:41  3:21  3:28  19:18
avoid(2) 50:25  64:15
avoidance(1) 12:24
avoided(1) 53:24
avoiding(1) 63:13
aware(3) 17:21  25:1  50:23
a's(1) 67:25

back(13) 18:9  33:11  35:21  51:20  62:25
63:25  65:24  66:10  67:4  67:14  67:19
68:20  72:3

baiera(1) 9:40
bale(1) 9:44
banc(2) 2:4  9:17
band(1) 57:25
banded(1) 59:12
bank(7) 5:34  5:38  9:11  9:30  11:19  11:20
11:24

bankruptcy(13) 1:1  1:20  13:21  16:5
16:16  17:8  21:24  24:7  33:17  34:14  34:15
58:1  59:17
bar(10) 14:21  15:9  15:13  15:20  16:22
17:9  17:10  18:20  18:24  20:20

barclays(2) 6:36  6:40
barnes(1) 3:4
based(10) 14:15  33:20  35:7  39:5  39:11
56:18  58:4  59:7  59:9  61:25

basically(3) 18:4  33:16  66:3
basis(1) 62:3
baskin(2) 11:29  61:5
bear(1) 33:5
became(1) 22:8
because(14) 15:4  22:17  33:21  37:24
44:22  44:22  47:21  49:25  56:25  61:6
63:20  66:15  68:20  71:21

become(2) 16:10  52:20

been(32) 12:10  15:17  19:19  19:20  20:22
21:5  22:20  24:15  29:14  32:11  34:13
34:19  35:22  39:5  40:3  40:10  43:16  46:2
46:5  49:9  49:14  49:17  50:4  61:6  65:9
65:13  68:8  68:10  68:13  69:9  70:3  71:22

before(21) 1:19  14:14  19:25  30:16  34:25
36:16  36:21  37:15  38:19  38:23  42:11
42:12  42:13  42:18  46:10  55:9  55:21  56:2
66:20  66:21  68:17

beforehand(1) 62:17
began(1) 72:2
begin(7) 27:5  27:23  30:14  39:16  40:12
42:10  47:11

beginning(3) 42:21  42:22  46:15
behalf(10) 12:6  14:5  22:3  26:16  27:3
27:5  27:18  48:14  56:11  61:13

behind(2) 34:23  49:15
being(10) 19:5  33:23  33:24  34:25  50:22
51:14  58:2  62:23  64:12  72:1

belief(1) 52:10
believe(20) 18:15  19:5  20:3  21:9  21:10
22:15  22:22  25:8  30:7  30:15  31:9  36:15
39:18  40:9  42:17  46:4  46:17  54:9  56:1
72:3

believes(1) 28:7
bench(3) 25:3  58:2  63:18
bender(21) 9:47  9:48  14:10  14:11  14:12
18:2  18:3  18:4  23:5  23:7  23:9  23:12
23:17  23:22  24:2  24:11  24:14  25:7  25:20
26:2  26:5

bendernagel(27) 1:24  61:13  61:17  64:1
64:4  64:7  64:10  64:14  64:17  65:18  65:23
66:9  66:12  66:15  66:18  67:2  67:3  67:8
67:13  68:3  69:21  70:5  71:17  72:8  72:12
72:13  72:17

benefit(3) 40:7  45:23  46:1
bennett(3) 2:40  56:10  56:11
benson(1) 9:5
besides(1) 29:24
best(4) 24:8  52:10  54:4  70:7
better(2) 33:5  65:16
between(12) 29:22  30:5  30:10  30:22  36:6
43:4  44:5  44:7  45:2  48:1  59:4  70:15

beyond(2) 17:18  28:25
bifferato(1) 3:39
big(2) 37:7  39:13
bigalow(1) 7:23
biggest(3) 30:10  36:19  58:25
bill(1) 19:5
billion(1) 59:11
bilmes(2) 4:26  4:27
bilus(2) 11:37  11:38
bingham(2) 9:22  9:22
bit(5) 20:18  35:21  68:1  70:23  71:10
blabey(1) 4:32
blake(1) 2:46
block(2) 8:30  52:1
bockius(1) 9:17
boelter(2) 1:25  5:14
bold(1) 19:19
both(9) 15:16  28:16  39:15  40:15  45:9
55:15  56:4  59:23  71:12

bottom(4) 41:11  49:17  59:15  65:14
box(1) 41:12

bradford(17) 51:25  52:1  52:5  52:6  52:15
52:21  56:6  56:8  65:4  67:4  67:6  67:6
67:10  67:12  70:15  71:11  71:24

brady(1) 8:34
brass(1) 5:6
brett(1) 5:17
brian(2) 10:34  10:35
brickley(1) 10:5
brief(1) 33:11
briefing(1) 31:19
briefly(4) 56:10  61:4  61:15  61:16
briefs(9) 32:15  50:5  55:5  55:6  55:6
68:13  68:13  68:16  69:6

briesen(1) 13:9
brigade(2) 7:18  7:19
brings(2) 26:7  70:5
broad(1) 70:21
broadspire(1) 13:13
brought(1) 47:20
brown(2) 2:10  48:14
bruce(2) 2:40  56:10
brunt(1) 33:5
bryan(1) 5:19
bryant(1) 3:15
bullet(8) 28:6  31:13  32:14  70:9  70:10
70:11  71:9  71:19

burdened(1) 55:10
bush(1) 4:20
business(2) 35:24  60:10
business/employee(1) 36:1
but(77) 12:19  17:8  18:9  19:3  19:10
19:13  20:5  22:6  22:12  22:12  22:15  25:2
25:17  26:12  27:11  28:5  28:10  28:19
29:25  30:13  32:1  33:24  34:13  35:11  36:4
36:10  37:7  39:5  40:3  40:15  42:2  42:17
42:25  44:2  44:11  45:25  47:14  51:11
51:18  52:13  53:9  53:12  53:20  53:25
55:23  56:2  56:13  57:2  57:13  57:17  58:14
58:21  61:9  62:6  62:20  63:17  63:20
64:13  65:7  65:14  66:3  66:6  66:9  66:12
67:4  67:16  67:20  67:24  69:14  69:16
69:24  70:3  70:20  70:21  71:6  72:5

bynum(1) 4:46
cadwalder(1) 9:12
calendar(4) 47:20  47:21  49:24  57:4
calendars(1) 63:17
call(2) 19:20  49:15
called(1) 19:20
calls(1) 47:4
camden(1) 10:38
came(2) 58:24  60:13
can(33) 16:16  21:13  25:23  31:4  34:3
37:5  40:12  45:19  46:21  48:16  50:2  50:20
51:15  54:9  55:22  58:11  59:15  59:25
61:21  65:1  65:3  65:16  66:3  66:19  67:4
67:7  67:8  67:9  67:14  67:14  68:17  70:23
71:11

can't(1) 24:16
cannot(2) 18:13  19:2
cantigny(1) 8:6
canyon(2) 7:44  7:44
canzoneri(3) 13:20  26:9  26:15
can't(8) 44:21  45:20  47:11  51:6  57:18
60:4  61:7  62:13

capable(1) 17:12
capital(29) 3:11  4:26  5:42  5:43  6:11
6:12  6:40  7:18  7:19  7:28  8:25  8:26  8:42
8:43  9:34  9:43  9:43  10:8  10:8  10:16
10:20  10:26  10:26  10:43  10:43  11:4  11:5
13:7  39:10

captures(1) 38:7

care(1) 68:19
careful(2) 49:10  71:19
carey(1) 1:19
caridas(1) 4:21
carlyle(1) 2:4
carol(2) 9:44  13:14
carras(1) 6:30
case(18) 1:6  6:20  14:23  17:8  27:9  33:16
35:1  35:22  54:4  54:20  58:5  59:11  59:14
59:17  60:10  61:7  62:22  65:9

cases(3) 13:21  26:9  34:14
cash(1) 35:7
cashman(1) 11:15
cast(1) 34:25
categorize(1) 31:12
cause(4) 37:8  38:9  62:3  71:4
caveat(2) 39:17  40:2
central(1) 30:5
certain(3) 21:15  21:15  34:23
certainly(8) 21:4  22:17  22:21  24:20
38:16  41:19  52:3  54:17

certainty(1) 61:8
certification(1) 73:1
certified(1) 19:22
certify(1) 73:2
chadbourne(2) 2:29  4:12
chadha(1) 10:9
chance(3) 29:6  52:3  55:25
chaney(1) 7:45
change(15) 35:3  35:6  45:12  45:12  45:15
56:21  59:9  61:9  68:10  68:11  68:12  68:14
71:1

changes(2) 68:6  71:7
changing(2) 56:18  59:7
chapter(3) 1:8  26:9  34:5
chart(3) 41:11  44:4  67:24
chase(3) 3:25  7:5  7:9
chastised(1) 41:8
chicago(5) 1:29  6:24  6:25  13:10  19:18
choices(2) 45:9  46:25
chung(1) 5:39
chunk(1) 58:22
circumstances(3) 16:8  20:6  36:11
citi(2) 8:15  8:15
citigroup(1) 7:34
city(1) 13:10
claim(28) 12:23  13:12  13:13  13:14  13:14
13:16  13:20  14:19  14:23  15:15  15:23
15:24  16:7  16:16  17:21  17:25  22:5  23:22
23:19  24:17  24:22  25:1  45:17  45:18  49:7
49:8  50:21  59:5

claims(13) 13:6  13:8  14:7  14:16  15:10
15:17  15:23  23:15  25:15  40:7  45:16
45:23  53:10

class(3) 35:3  57:11  57:11
classes(2) 35:5  35:9
clause(1) 16:19
clear(4) 16:22  37:25  47:5  69:1
clearer(1) 41:17
clearly(2) 24:23  25:13
cleary(1) 2:46
clerk(2) 12:2  41:1
client(3) 24:21  25:17  25:18
client's(3) 24:13  24:24  25:2
clients(2) 60:14  71:12
close(2) 29:20  72:4
closer(4) 27:9  27:10  27:13  42:24
closing(1) 43:5
cobb(1) 2:23
code(1) 14:21
cole(2) 1:32  12:6

**TRIBUNE-1.11.12.DOC**

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| colloquy(2) 39:11 45:11 | | consider(1) 24:22 | | court(136) 1:1 12:3 12:11 12:13 12:14 | | days(5) 31:25 39:19 44:14 45:4 64:21 |
| | | consideration(2) 46:2 47:17 | | 14:3 14:13 14:15 15:16 15:17 15:19 | | dcl(30) 27:5 27:23 29:2 29:7 29:15 29:24 |
| come(5) 62:4 65:24 66:20 68:20 72:3 | | considered(1) 50:12 | | 16:15 17:13 17:13 18:2 18:3 20:8 20:10 | | 30:5 30:7 30:12 30:15 30:25 32:6 33:9 |
| comes(4) 14:14 16:14 62:10 62:24 | | considering(3) 33:19 33:22 56:18 | | 22:13 23:1 23:5 23:8 23:10 23:14 23:21 | | 34:9 34:22 39:1 41:16 45:5 46:7 47:3 |
| comfort(1) 37:18 | | consist(1) 40:1 | | 23:23 24:10 24:12 24:15 24:22 25:10 | | 49:6 49:20 55:16 55:17 56:12 56:15 57:5 |
| commence(11) 30:16 30:20 31:3 36:21 | | consistent(5) 19:6 19:25 20:25 21:7 52:22 | | 25:12 25:21 26:3 26:3 26:5 26:6 26:14 | | 58:6 60:17 61:10 |
| 40:20 41:18 42:4 43:1 43:2 43:5 43:24 | | consists(1) 45:17 | | 26:19 26:23 27:1 27:11 27:15 28:1 28:8 | | |
| | | constantly(1) 62:25 | | 28:21 28:24 29:3 29:6 29:9 29:11 29:13 | | dcl's(2) 39:16 40:15 |
| commenced(1) 15:15 | | constituency(1) 58:8 | | 29:18 30:2 31:21 32:6 32:17 33:1 33:7 | | dcl's(5) 42:8 42:17 43:21 44:17 47:10 |
| commencement(2) 41:14 43:13 | | consult(3) 22:9 24:6 48:24 | | 33:18 33:23 34:6 35:10 35:21 36:18 37:1 | | deadline(8) 41:23 42:8 43:10 43:13 |
| commences(2) 34:19 37:16 | | consultation(2) 24:3 24:3 | | 37:3 37:12 38:4 38:25 39:4 40:14 40:23 | | 43:19 48:2 69:5 69:7 |
| commencing(1) 42:8 | | consume(1) 66:2 | | 40:25 41:3 41:7 41:9 42:20 42:24 44:18 | | |
| comments(1) 64:3 | | consumed(1) 26:1 | | 44:19 45:11 45:19 46:8 47:11 48:12 49:2 | | deadlines(2) 48:10 60:22 |
| committed(1) 54:17 | | consummated(1) 46:5 | | 49:11 51:17 51:21 51:23 52:5 52:15 | | deal(5) 14:1 40:6 48:16 50:11 59:17 |
| committee(6) 2:23 4:11 12:25 13:3 40:4 | | contained(2) 15:11 23:1 | | 53:3 54:9 54:23 55:10 55:11 55:21 55:23 | | dealing(3) 13:19 18:14 49:12 |
| 58:9 | | containing(1) 20:14 | | 56:2 56:2 56:5 56:6 56:9 60:10 60:21 | | dearborn(1) 1:28 |
| | | conte's(1) 13:17 | | 61:2 61:11 61:16 63:15 64:6 64:9 64:13 | | debate(1) 70:10 |
| common(1) 9:16 | | contemplate(2) 47:9 60:25 | | 64:16 64:24 65:20 65:25 66:8 66:14 | | debenture(1) 9:4 |
| company(10) 1:8 4:44 4:44 5:5 9:5 10:4 | | contemplates(2) 54:3 61:24 | | 66:17 66:20 66:23 66:23 67:1 67:9 67:11 | | debtor(7) 5:13 24:18 26:20 35:25 61:14 |
| 15:9 40:7 45:15 54:8 | | contemplating(4) 37:25 60:24 60:25 69:19 | | 68:2 69:18 70:4 71:13 72:6 72:11 72:16 | | 63:25 68:4 |
| | | contend(2) 53:22 53:23 | | 72:18 72:19 | | |
| comparatively(2) 32:24 32:24 | | contents(1) 71:18 | | | | debtors(17) 1:12 1:23 12:6 12:22 14:5 |
| comparison(1) 40:21 | | context(1) 55:12 | | court's(2) 13:22 14:21 | | 14:6 14:15 14:20 15:2 17:2 25:22 27:3 |
| compensation(1) 6:6 | | continuation(1) 25:10 | | court-mandated(1) 41:25 | | 42:14 47:25 67:3 70:12 70:20 |
| competing(4) 27:25 28:4 30:11 40:22 | | continue(3) 29:11 30:7 38:23 | | courtney(1) 11:21 | | |
| complain(4) 40:18 40:19 43:22 57:18 | | continued(12) 3:2 3:2 4:2 5:3 6:3 7:3 | | courtroom(8) 1:10 26:11 26:16 26:17 | | debtors'(1) 54:4 |
| complained(2) 43:4 61:17 | | 8:3 9:2 10:2 11:2 12:11 13:5 | | 45:20 52:2 57:22 65:17 | | december(4) 17:9 30:7 33:11 67:19 |
| complaining(1) 57:3 | | | | | | dechert(1) 11:37 |
| complaint(10) 12:25 20:8 20:9 20:11 | | contractual(3) 53:8 53:9 53:12 | | court's(1) 70:1 | | decide(6) 37:14 37:15 47:6 50:16 53:1 |
| 20:12 20:14 20:15 20:16 20:18 53:6 | | contrarian(2) 8:25 8:26 | | cover(1) 56:13 | | 63:11 |
| | | contrary(2) 35:12 52:9 | | covers(1) 14:7 | | |
| complaints(4) 20:21 20:21 20:24 21:7 | | contrast(1) 31:6 | | create(2) 58:4 60:22 | | decided(4) 38:20 50:2 57:17 68:16 |
| complete(1) 13:3 | | control(1) 37:19 | | creates(1) 30:17 | | decision(14) 16:10 43:9 46:10 47:14 |
| completed(1) 35:13 | | controversy(1) 68:21 | | creating(1) 35:19 | | 47:23 49:12 49:13 49:15 52:14 52:17 |
| completely(1) 34:4 | | conversation(1) 69:10 | | creative(2) 37:5 39:22 | | 52:20 53:14 53:18 62:24 |
| completion(4) 41:22 41:24 68:11 69:4 | | convinced(1) 65:15 | | credibility(3) 24:13 25:4 25:5 | | |
| complex(1) 37:6 | | convoluted(1) 14:17 | | credit(5) 2:37 6:44 6:45 9:38 11:9 | | decisions(10) 27:6 27:7 31:10 35:2 35:7 |
| comprehensible(1) 20:18 | | cooperating(1) 12:24 | | creditor(3) 36:1 54:7 57:16 | | 36:20 36:23 37:9 38:10 38:23 |
| conaway(1) 2:45 | | cooperstown(2) 8:42 8:43 | | creditors(15) 2:24 4:12 34:11 34:16 | | |
| concedes(3) 15:4 15:21 15:22 | | cope(1) 18:13 | | 34:16 34:20 34:23 40:4 45:8 45:18 46:6 | | defend(2) 23:15 25:15 |
| concentration(1) 20:1 | | copied(1) 39:24 | | 46:8 46:24 56:12 57:19 | | defendant's(1) 6:6 |
| concept(2) 18:21 59:16 | | copy(1) 41:1 | | | | defendants(2) 5:8 6:5 |
| concern(3) 64:10 71:25 72:5 | | corbi(1) 10:13 | | creditors'(1) 45:7 | | defer(1) 18:2 |
| concerned(3) 37:2 52:12 54:13 | | corporation(2) 7:28 13:12 | | crt(2) 10:8 10:8 | | definition(1) 29:23 |
| concerning(3) 24:17 52:18 58:9 | | correct(5) 24:18 26:12 28:22 65:8 73:2 | | crux(1) 14:25 | | definitively(1) 51:6 |
| concerns(2) 38:8 38:14 | | correctly(1) 25:7 | | culminate(1) 47:22 | | delaware(10) 1:2 1:12 1:35 2:6 3:21 |
| conclude(3) 39:19 40:12 40:12 | | correctness(1) 56:14 | | curious(1) 38:19 | | 12:1 19:15 22:1 22:9 24:5 |
| concludes(1) 72:19 | | corroon(1) 3:45 | | current(2) 43:17 51:3 | | |
| condition(4) 18:18 18:23 19:7 21:12 | | could(13) 17:3 22:4 22:7 22:20 22:10 | | currently(5) 39:15 40:1 47:2 49:18 70:11 | | delay(1) 17:23 |
| conditions(1) 17:15 | | 22:19 32:5 38:11 41:16 61:13 66:4 70:2 | | cut(2) 44:21 62:5 | | delays(1) 43:25 |
| conduct(1) 52:10 | | 71:20 | | cutler(1) 10:30 | | demonstrate(1) 18:8 |
| conducted(1) 32:5 | | | | damien(1) 3:27 | | demonstrated(1) 15:1 |
| confer(2) 32:5 65:2 | | counsel(22) 14:8 16:2 16:4 16:5 17:2 | | dan(1) 2:24 | | demonstrates(1) 18:11 |
| confers(3) 29:14 32:9 55:20 | | 17:5 19:11 20:5 21:19 21:20 22:12 22:17 | | daniel(2) 3:14 39:8 | | denies(1) 26:20 |
| confident(1) 40:12 | | 22:24 23:15 23:24 24:4 24:4 25:9 25:14 | | darn(1) 41:7 | | department(1) 13:16 |
| confirm(2) 52:13 53:13 | | 25:16 25:22 39:9 | | data(1) 1:41 | | depending(2) 25:25 31:12 |
| confirmation(62) 13:24 27:9 27:10 27:13 | | | | date(41) 14:21 15:9 15:14 15:21 16:22 | | depends(1) 51:1 |
| 27:21 30:4 30:9 30:11 30:13 30:16 30:17 | | counsel's(1) 16:9 | | 15:23 16:7 17:10 18:20 18:24 20:20 25:3 | | deposition(7) 18:8 18:9 18:25 21:13 |
| 30:18 30:19 30:20 31:25 33:9 33:19 | | couple(2) 65:13 68:6 | | 25:25 26:5 32:12 38:10 42:13 43:7 43:13 | | 21:14 21:21 22:22 |
| 33:22 34:3 35:18 36:8 36:16 36:24 40:20 | | couri(1) 8:44 | | 43:13 43:24 44:22 61:17 61:22 62:1 | | |
| 41:12 41:13 41:14 41:20 43:2 43:6 | | course(4) 25:16 28:3 57:7 58:20 | | 63:3 63:4 64:5 64:11 64:12 64:19 68:7 | | described(1) 46:24 |
| 43:20 43:25 44:23 47:22 48:4 51:2 52:9 | | | | 68:11 68:11 68:14 68:18 68:23 68:23 | | details(1) 57:9 |
| 52:11 52:19 52:24 53:4 53:17 53:20 54:2 | | | | 69:1 69:2 69:3 69:4 | | determinations(1) 34:17 |
| 54:11 54:15 54:23 54:25 55:3 55:5 55:7 | | | | | | determine(4) 25:4 28:8 53:1 54:11 |
| 55:8 55:13 58:21 60:1 60:12 63:24 68:25 | | | | dates(14) 27:20 37:25 39:4 44:23 47:21 | | determined(2) 28:9 33:15 |
| 69:4 69:6 69:7 69:11 | | | | 69:11 72:9 72:10 | | determines(1) 54:24 |
| | | | | | | deutsch(1) 4:14 |
| confirmation-related(7) 41:18 42:4 42:8 | | | | dave(1) 5:25 | | deutsche(1) 9:30 |
| 42:10 42:11 42:18 61:23 | | | | david(15) 2:30 3:6 3:13 4:5 4:32 5:15 | | develop(1) 51:16 |
| | | | | 5:44 6:37 7:41 9:7 9:31 10:17 11:25 | | developed(1) 25:3 |
| confirmed(4) 34:19 52:19 53:21 60:2 | | | | 67:6 71:15 | | dewey(2) 2:38 11:10 |
| conjunction(2) 52:8 54:1 | | | | davidson(1) 4:35 | | diagnosis(5) 19:6 20:1 21:1 21:8 21:10 |
| connection(4) 13:23 16:2 55:18 69:13 | | | | davis(2) 3:25 7:5 | | dialogue(1) 55:22 |
| cons(1) 27:25 | | | | day(21) 32:6 32:8 32:16 32:16 41:13 | | diamond(1) 4:40 |
| consensual(1) 46:21 | | | | 41:15 41:17 41:22 42:1 42:1 42:3 42:4 | | diaz(1) 1:41 |
| consequence(2) 54:23 55:1 | | | | 43:1 43:2 43:4 55:7 59:10 66:8 68:8 | | |
| conservatively(1) 32:7 | | | | 68:9 68:24 | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| did(33) | 14:20 15:4 15:6 15:15 15:20 16:22 17:11 17:20 19:2 19:4 19:23 20:7 20:23 21:1 21:6 21:25 22:6 23:3 23:7 23:9 24:6 24:9 27:7 28:18 31:23 31:23 31:24 32:4 37:13 48:24 52:23 60:12 62:17 | document(9) | 18:22 31:2 31:8 34:11 38:22 47:10 49:5 63:1 63:8 | eliminate(1) | 47:1 | except(2) | 58:8 68:13 |
| didn't(6) | 15:3 22:12 24:19 31:22 32:1 36:3 | | | eliminates(1) | 53:18 | exception(4) | 23:23 28:20 67:15 68:19 |
| | | documentations(1) | 22:20 | else(14) | 19:8 36:13 48:21 50:7 50:21 51:23 56:9 56:20 57:2 61:2 61:11 66:21 71:14 72:7 | excerpts(1) | 18:7 |
| didn't(1) | 72:2 | documents(8) | 15:11 16:24 19:1 19:3 19:9 29:20 57:7 67:22 | | | excusable(4) | 15:1 16:12 16:20 21:20 |
| difference(7) | 29:22 30:10 30:22 30:23 36:11 44:5 44:7 | does(14) | 16:11 16:21 33:2 33:8 34:15 34:16 51:23 52:13 53:13 56:9 61:2 61:11 71:13 72:6 | emotional(1) | 18:14 | exhibit(2) | 67:25 70:7 |
| | | | | employ(1) | 23:15 | exhibits(1) | 67:25 |
| differences(4) | 27:24 29:25 44:10 46:18 | doesn't(2) | 23:14 35:8 | employees(2) | 6:5 27:19 | expect(1) | 24:12 |
| different(4) | 51:5 53:5 53:8 57:19 | doesn't(4) | 55:10 62:8 65:4 65:12 | employer(1) | 16:23 | expert(2) | 69:16 69:20 |
| diminish(1) | 27:8 | doing(2) | 54:21 57:20 | end(12) | 18:1 32:13 36:10 40:22 42:24 43:11 44:22 44:23 48:22 55:4 59:10 60:14 | explain(1) | 27:24 |
| directed(2) | 70:12 70:19 | don(1) | 5:29 | | | explaining(1) | 25:13 |
| directors(1) | 5:9 | don't(11) | 25:15 31:17 31:23 32:2 35:12 36:11 36:18 37:6 37:10 39:18 40:2 | ending(1) | 69:1 | explicit(1) | 71:6 |
| disability(4) | 18:18 18:19 18:20 18:23 | | | ends(1) | 55:5 | expressed(1) | 35:10 |
| disagree(2) | 49:8 50:15 | done(9) | 21:23 22:11 23:25 38:13 54:21 60:10 65:19 65:23 66:15 | enforce(2) | 33:18 33:24 | expressing(1) | 31:15 |
| disagreement(2) | 29:16 70:15 | | | engage(1) | 25:14 | expressly(1) | 52:18 |
| disallowed(1) | 17:25 | don't(35) | 41:16 41:17 42:2 42:16 42:17 43:9 43:18 45:19 46:1 46:2 46:3 46:5 47:10 47:15 49:1 49:2 49:23 50:11 50:12 50:25 51:3 51:13 51:14 52:1 55:20 56:1 57:20 59:25 60:24 60:25 64:7 65:6 67:7 67:16 69:21 | english(1) | 9:30 | ext(1) | 6:10 |
| discharged(1) | 20:23 | | | enhanced(1) | 46:11 | extend(2) | 12:23 16:15 |
| disclosed(1) | 19:1 | | | enormous(1) | 30:17 | extended(1) | 60:23 |
| disclosure(43) | 13:24 31:2 31:8 31:25 34:11 34:16 38:22 39:25 42:18 42:19 43:14 43:23 44:3 44:8 44:12 44:17 44:20 45:3 45:6 54:5 56:24 56:25 57:1 57:3 57:5 57:6 57:14 57:15 57:19 57:23 57:24 58:4 58:10 59:20 61:20 61:24 62:10 62:11 62:21 62:25 63:23 63:23 | | | enough(7) | 12:15 19:3 19:19 21:3 25:13 58:14 63:18 | extension(2) | 13:3 23:3 |
| | | | | | | extensive(1) | 60:13 |
| | | dorr(1) | 10:30 | enter(3) | 12:15 51:14 51:15 | extent(6) | 38:10 47:1 62:3 62:9 69:23 69:25 |
| | | dougherty(1) | 5:10 | entered(1) | 12:10 | | |
| | | douglas(1) | 4:14 | entering(1) | 55:23 | | |
| | | dow(1) | 10:4 | enterprise(1) | 54:8 | extra(1) | 47:20 |
| discovery(65) | 29:18 29:23 30:11 30:13 30:17 30:20 36:15 37:19 40:4 40:9 40:20 41:13 41:14 41:18 41:20 41:22 41:25 42:4 42:8 42:10 42:11 42:18 43:2 43:5 43:11 43:20 46:19 50:1 51:18 55:3 55:4 55:18 55:20 55:21 55:23 55:25 61:14 61:18 61:23 61:25 62:2 62:5 62:6 62:12 64:2 64:19 64:20 64:20 64:21 65:4 65:5 65:10 65:12 68:8 68:10 68:12 68:25 69:4 69:12 69:24 70:11 70:19 70:21 70:22 71:21 | down(8) | 30:18 34:5 41:13 58:17 58:22 59:1 62:8 63:13 | entities(1) | 8:34 | eye(1) | 13:9 |
| | | | | entitle(1) | 34:16 | facetious(1) | 50:12 |
| | | dramatically(1) | 59:18 | entitled(1) | 46:9 | fact(11) | 18:10 20:22 22:17 22:23 24:16 32:21 46:5 58:15 63:7 68:15 71:23 |
| | | drew(1) | 3:33 | envelope(5) | 15:7 15:8 15:11 16:24 19:12 | | |
| | | dual(3) | 30:8 34:7 38:23 | ephraim(1) | 4:40 | | |
| | | duback(1) | 10:17 | epiq(2) | 62:22 63:10 | facts(3) | 24:16 35:1 58:5 |
| | | dubious(2) | 45:24 45:24 | equitable(2) | 53:7 53:10 | failure(1) | 26:21 |
| | | dublin(1) | 10:22 | eric(3) | 4:26 4:27 8:35 | fair(1) | 39:12 |
| | | due(5) | 55:5 55:6 55:6 55:7 64:19 | ernest(1) | 13:2 | fairly(2) | 37:14 53:24 |
| | | dunn(1) | 5:44 | ernst(1) | 8:38 | faith(2) | 46:18 54:10 |
| | | during(5) | 17:7 20:20 34:2 52:11 54:16 | especially(1) | 27:19 | fallon(1) | 4:45 |
| discovery."(1) | 71:5 | each(4) | 27:24 29:21 31:19 32:11 | esq(101) | 1:24 1:25 1:26 1:27 1:34 2:5 2:11 2:12 2:18 2:24 2:30 2:31 2:32 2:39 2:40 2:46 3:5 3:6 3:13 3:19 3:26 3:27 3:33 3:40 3:46 3:47 4:5 4:13 4:14 4:15 4:16 4:20 4:21 4:22 4:23 4:32 4:36 4:40 4:45 4:46 5:6 5:10 5:14 5:15 5:16 5:17 5:18 5:19 5:20 5:21 5:33 5:39 6:8 6:9 6:21 6:26 6:30 6:37 6:41 6:46 7:6 7:10 7:14 7:20 7:24 7:29 7:31 7:36 7:41 7:45 8:8 8:12 8:16 8:22 8:27 8:31 8:35 8:39 8:44 8:48 9:6 9:7 9:8 9:13 9:18 9:19 9:23 9:27 9:31 9:40 9:48 10:13 10:22 10:31 11:11 11:21 11:25 11:30 11:38 | familiar(5) | 16:11 19:4 19:15 19:17 23:10 |
| discretion(3) | 31:16 32:19 52:25 | earlier(3) | 30:21 31:22 63:4 | | | far(5) | 18:14 32:7 44:25 49:3 69:22 |
| discrimination(1) | 40:5 | early(1) | 32:12 | | | fargo(1) | 6:20 |
| discussed(2) | 32:2 47:1 | easier(1) | 68:1 | | | fast(1) | 66:18 |
| discussing(1) | 49:19 | easiest(1) | 68:4 | | | fault(2) | 21:24 22:12 |
| discussion(2) | 53:2 63:4 | easily(2) | 59:12 59:12 | | | fcc(1) | 36:2 |
| discussions(1) | 71:18 | economic(1) | 32:24 | | | fear(3) | 35:19 36:22 36:24 |
| disgorgement(2) | 49:7 49:8 | ecro(1) | 1:39 | | | february(5) | 13:5 44:4 44:5 62:9 62:19 68:11 68:12 68:23 |
| dismiss(2) | 13:21 26:9 | edgar(1) | 11:6 | essence(1) | 24:18 | | |
| disorder(1) | 18:12 | eeoc(2) | 20:21 21:4 | essentially(4) | 30:4 53:2 53:21 63:11 | | |
| dispose(1) | 28:18 | effect(6) | 33:2 50:9 50:11 51:7 53:14 | establish(1) | 17:17 | federal(1) | 17:13 |
| disposition(1) | 32:3 | effective(2) | 38:10 52:20 | ester(1) | 5:39 | feel(2) | 37:7 37:8 |
| dispute(15) | 14:20 29:16 30:5 31:4 31:9 34:9 38:18 47:12 53:18 59:7 59:8 62:23 63:9 68:5 72:1 | effectively(3) | 54:10 56:16 60:3 | estimate(2) | 39:18 58:24 | feeling(1) | 50:15 |
| | | efficient(1) | 61:22 | evaluate(1) | 24:12 | feld(4) | 3:12 10:21 39:9 71:16 |
| | | efforts(2) | 60:17 60:21 | evan(1) | 5:35 | felt(1) | 38:19 |
| disputes(49) | 27:9 28:7 29:2 29:21 30:18 30:25 31:11 31:13 31:17 31:20 32:3 32:15 32:21 32:22 34:24 35:3 35:8 35:16 36:13 36:21 38:3 39:15 39:20 39:23 40:1 40:13 42:13 42:16 43:15 43:18 43:20 44:15 44:20 45:2 45:22 46:13 47:7 47:17 48:9 48:17 48:20 49:3 49:16 50:21 57:8 63:19 68:19 | egi(3) | 35:4 40:8 45:23 | even(17) | 15:19 16:22 17:18 18:8 19:20 20:13 20:19 20:23 36:4 42:12 42:19 60:7 62:13 62:19 63:5 65:11 70:20 | few(1) | 49:19 |
| | | egi-trb(11) | 8:30 52:1 52:8 53:5 53:12 54:4 54:5 54:12 70:12 70:14 70:19 | | | fifth(2) | 12:25 41:12 |
| | | | | event(1) | 71:24 | figure(2) | 50:5 59:14 |
| | | ehmer(1) | 10:27 | events(1) | 55:11 | figured(1) | 58:18 |
| | | eighth(1) | 14:7 | ever(2) | 57:25 58:1 | file(17) | 14:19 14:22 15:14 15:23 15:24 16:16 17:20 22:3 23:3 23:23 24:8 24:17 31:2 44:3 44:17 64:12 64:12 |
| | | either(11) | 19:14 20:24 21:6 23:2 24:5 25:8 25:9 26:10 61:1 65:1 69:12 | every(5) | 35:23 35:24 47:12 59:13 62:1 | | |
| disseminated(1) | 17:10 | | | everybody(3) | 41:4 50:1 71:1 | filed(14) | 16:1 17:3 17:8 20:9 20:17 20:22 24:22 42:14 49:5 50:10 58:14 59:23 59:24 62:23 |
| distract(1) | 60:9 | elden(1) | 5:9 | everyone(4) | 12:3 32:9 57:21 65:8 | | |
| distributing(1) | 47:24 | eldersveld(1) | 5:25 | everything(4) | 14:20 36:13 48:21 55:9 | | |
| distribution(1) | 59:13 | elect(1) | 35:6 | evidence(2) | 24:24 31:19 | | |
| distributions(1) | 38:9 | elections(2) | 35:6 45:10 | evident(1) | 22:8 | filing(5) | 16:7 20:7 38:21 43:19 62:19 |
| district(4) | 1:2 15:18 16:3 50:16 | electric(1) | 19:5 | evolve(1) | 46:23 | final(10) | 42:14 50:14 50:16 59:24 60:1 60:4 60:11 63:2 64:20 64:21 |
| divestiture(3) | 50:22 51:4 51:13 | electronic(2) | 1:47 73:3 | exact(2) | 34:20 71:9 | | |
| | | eleven(1) | 25:3 | exactly(1) | 34:17 | finalize(1) | 65:2 |
| | | eli(1) | 3:26 | example(1) | 20:19 | finalizing(1) | 13:23 |
| | | | | | | finally(1) | 54:14 |
| | | | | | | financial(1) | 40:9 |
| | | | | | | find(3) | 22:8 54:25 71:11 |
| | | | | | | finding(1) | 63:2 |
| | | | | | | fine(3) | 67:8 67:24 72:16 |
| | | | | | | finger(1) | 3:32 |
| | | | | | | finishes(1) | 16:16 |
| | | | | | | firm(3) | 27:20 52:17 57:16 |

| Word | Page:Line |
|------|-----------|
| **first**(18) 14:2 14:25 16:14 18:20 29:7 29:12 30:22 39:6 48:15 50:12 51:10 56:14 58:10 59:23 62:18 64:12 67:17 68:7 | |
| **fished**(1) 65:13 | |
| **fits**(2) 43:3 43:6 | |
| **fitzsimons**(3) 53:6 53:11 53:15 | |
| **five**(10) 17:22 30:16 30:21 36:16 41:23 60:20 62:16 63:6 63:10 70:10 | |
| **fix**(1) 65:1 | |
| **fixed**(2) 48:2 48:5 | |
| **fleet**(1) 13:7 | |
| **flesh**(2) 32:16 69:24 | |
| **fleshing**(1) 69:10 | |
| **floor**(2) 2:47 3:49 | |
| **focus**(3) 20:2 21:2 41:11 | |
| **focused**(1) 21:3 | |
| **focusing**(1) 21:17 | |
| **following**(1) 71:3 | |
| **footnote**(7) 28:13 28:16 28:21 55:17 68:20 70:6 71:2 | |
| **footnotes**(2) 49:9 55:16 | |
| **for**(171) 1:2 1:23 2:4 2:10 2:23 2:37 3:4 3:11 3:25 3:45 4:4 4:26 4:30 4:35 4:43 5:5 5:8 5:13 5:34 5:42 6:5 6:11 6:16 6:20 6:24 6:29 6:33 6:36 6:44 7:5 7:13 7:18 7:23 7:27 7:34 7:39 7:44 8:5 8:11 8:15 8:20 8:25 8:30 8:34 8:38 8:42 8:46 9:4 9:11 9:15 9:22 9:26 9:30 9:34 9:38 9:42 9:47 10:4 10:8 10:12 10:16 10:20 10:25 10:30 10:34 10:38 10:42 11:4 11:9 11:15 11:19 11:24 11:29 11:33 11:37 12:11 12:11 13:1 13:2 13:3 13:17 13:22 14:11 15:8 16:14 16:25 18:16 18:18 19:18 19:19 19:21 21:20 21:24 21:24 22:5 22:13 23:19 26:14 26:21 27:6 27:20 29:14 31:24 31:25 32:3 32:9 32:13 33:5 35:23 35:24 39:9 41:1 41:8 42:8 43:10 43:11 43:11 43:19 44:11 46:12 46:16 47:2 47:16 47:20 48:2 48:5 48:8 48:15 49:24 50:5 50:19 52:1 52:13 53:4 54:4 54:13 54:15 54:21 55:3 56:12 56:22 57:1 57:2 57:22 57:19 58:7 59:14 61:5 61:18 62:9 62:13 62:16 63:3 63:6 63:22 63:24 65:6 65:9 67:3 67:15 68:4 68:8 68:11 68:13 69:2 69:14 69:20 69:23 71:4 71:22 72:2 | |
| **force**(2) 42:9 61:23 | |
| **forced**(1) 43:10 | |
| **forceful**(1) 60:7 | |
| **foregoing**(1) 73:2 | |
| **forgive**(1) 36:3 | |
| **form**(2) 26:20 46:21 | |
| **forman**(1) 1:32 | |
| **former**(2) 5:8 16:23 | |
| **formulating**(1) 47:24 | |
| **forthcoming**(3) 40:9 40:10 40:11 | |
| **fortieth**(2) 12:20 13:11 | |
| **forty**(1) 14:6 | |
| **forty-eighth**(1) 13:19 | |
| **forty-second**(2) 12:20 13:12 | |
| **forty-seventh**(2) 12:21 13:15 | |
| **forward**(7) 12:7 13:18 31:4 33:8 34:3 61:18 63:13 | |
| **found**(2) 24:2 24:3 | |
| **foundation**(2) 8:6 8:7 | |
| **four**(5) 30:9 41:12 60:15 60:16 70:9 | |
| **fourth**(1) 13:8 | |
| **frank**(4) 6:7 6:8 6:16 6:17 | |
| **frankel**(1) 4:30 | |
| **friday**(3) 63:22 63:24 72:15 | |
| **friedman**(1) 9:5 | |
| **friends**(1) 56:17 | |

| Word | Page:Line |
|------|-----------|
| **from**(30) 12:6 13:17 16:4 16:19 18:7 18:23 19:14 19:20 22:23 24:9 35:25 37:5 39:6 40:4 42:20 43:17 44:4 44:18 44:18 45:7 45:23 46:22 52:1 59:23 60:1 60:10 61:6 65:11 66:25 73:3 | |
| **front**(1) 67:23 | |
| **fuks**(1) 8:48 | |
| **fullest**(1) 22:19 | |
| **fund**(2) 9:16 10:34 | |
| **fundamental**(3) 6:24 6:25 40:17 | |
| **further**(4) 15:22 21:25 55:22 69:24 | |
| **future**(1) 36:2 | |
| **galaxy**(2) 42:17 67:14 | |
| **garrison**(1) 7:35 | |
| **garvan**(1) 3:40 | |
| **gary**(1) 5:31 | |
| **gas**(1) 19:5 | |
| **gavin**(1) 9:40 | |
| **gecker**(1) 6:7 | |
| **geddes**(1) 3:19 | |
| **general**(1) 28:10 | |
| **generally**(1) 30:1 | |
| **gentilotti**(1) 3:39 | |
| **george**(1) 5:10 | |
| **get**(30) 25:9 31:1 36:10 36:24 38:9 40:3 40:7 40:8 41:6 45:23 46:1 46:6 46:11 50:5 50:7 50:17 54:20 60:16 61:20 61:23 62:6 62:14 64:17 64:22 65:19 66:10 66:13 66:15 67:3 68:17 | |
| **gets**(3) 44:21 54:15 55:9 | |
| **getting**(5) 27:10 27:13 37:19 60:10 63:12 | |
| **gift**(1) 27:18 | |
| **give**(11) 14:22 20:9 24:23 25:19 28:1 31:24 44:13 44:14 66:1 66:3 66:4 | |
| **given**(9) 15:12 19:20 34:25 37:18 41:2 41:4 54:19 63:7 68:15 | |
| **gives**(1) 28:14 | |
| **giving**(1) 46:24 | |
| **global**(1) 55:12 | |
| **goes**(4) 33:21 35:16 53:9 70:18 | |
| **going**(44) 12:7 12:8 13:18 14:1 14:17 17:18 18:9 24:20 29:14 31:16 31:18 32:10 32:10 34:7 37:11 37:20 38:2 46:6 46:11 52:13 53:13 54:11 54:25 56:20 57:17 59:9 59:11 59:17 59:18 60:15 62:22 63:1 63:2 63:7 63:8 63:9 63:13 66:6 67:16 67:17 69:17 70:25 71:5 71:23 | |
| **golden**(16) 3:14 29:4 39:8 39:9 40:24 41:1 41:2 41:4 41:8 41:10 42:20 42:23 42:25 48:19 61:15 63:17 | |
| **golden's**(2) 64:3 67:24 | |
| **goldfarb**(1) 4:22 | |
| **goldman**(3) 4:43 4:44 10:31 | |
| **good**(20) 12:3 12:4 12:5 14:4 27:2 38:6 39:1 39:8 46:18 47:3 48:13 48:22 54:10 62:3 66:12 67:1 67:2 67:13 71:4 71:15 | |
| **gordon**(2) 2:12 9:39 10:30 56:11 | |
| **got**(6) 41:8 51:9 51:10 57:15 63:14 63:17 | |
| **gotshal**(1) 7:13 | |
| **gotten**(1) 43:16 | |
| **graeme**(1) 4:20 | |
| **grand**(1) 2:41 | |
| **grant**(4) 7:20 23:2 35:6 50:17 | |
| **granular**(1) 57:9 | |
| **granularity**(2) 58:15 59:3 | |
| **great**(4) 2:4 9:17 44:11 67:10 | |
| **greater**(1) 54:21 | |
| **greissman**(1) 6:21 | |
| **grippo**(1) 5:9 | |

| Word | Page:Line |
|------|-----------|
| **grounds**(2) 16:18 17:24 | |
| **group**(8) 6:7 7:40 8:11 8:11 10:8 29:7 56:20 57:19 | |
| **gruszka**(1) 6:26 | |
| **guess**(1) 65:6 | |
| **gump**(4) 3:12 10:21 39:9 71:16 | |
| **guys**(1) 57:11 | |
| **gwen**(1) 7:24 | |
| **hac**(3) 22:2 24:5 25:9 | |
| **had**(33) 15:13 18:10 18:19 18:20 19:18 19:20 20:20 20:22 22:2 22:5 22:19 22:20 23:18 31:22 33:12 34:13 36:6 38:18 38:20 45:11 47:23 47:25 47:25 48:2 51:10 55:25 57:24 61:18 62:2 67:18 67:21 69:9 | |
| **hadley**(1) 11:24 | |
| **halcyon**(2) 8:46 8:47 | |
| **hale**(1) 10:30 | |
| **half**(4) 32:8 32:16 44:21 59:5 | |
| **hammerman**(1) 6:37 | |
| **hand**(5) 32:10 35:14 40:21 53:16 65:8 | |
| **handed**(1) 41:5 | |
| **handwritten**(1) 20:11 | |
| **hanging**(1) 65:14 | |
| **happen**(5) 46:17 47:13 47:18 50:19 60:17 | |
| **happened**(1) 57:8 | |
| **happens**(1) 51:11 | |
| **happy**(3) 48:10 52:3 56:5 | |
| **hard**(3) 32:8 37:24 70:2 | |
| **harm**(1) 38:9 | |
| **harms**(1) 38:12 | |
| **harrisburg**(1) 1:43 | |
| **has**(25) 14:16 15:1 15:2 15:17 18:2 18:24 32:20 32:11 32:21 35:25 38:15 42:19 46:5 49:14 51:3 51:5 53:12 53:23 57:7 57:16 60:5 62:4 65:9 65:13 70:6 | |
| **hasn't**(2) 58:8 70:3 | |
| **hauer**(4) 3:12 10:21 39:9 71:16 | |
| **have**(120) 12:7 12:10 12:14 13:5 15:20 16:22 17:2 17:3 17:16 18:22 19:1 19:3 19:19 19:12 19:21 20:17 21:1 21:2 21:5 21:5 21:22 21:23 22:2 22:10 22:21 23:6 23:8 23:12 23:25 24:22 25:2 25:8 25:9 25:15 25:18 26:1 26:2 28:5 29:6 29:6 29:14 29:15 29:25 30:12 31:14 32:24 33:3 33:9 34:17 34:19 36:21 38:24 39:4 39:5 39:12 39:14 39:24 40:3 40:16 40:25 42:7 42:14 43:13 43:14 43:15 43:16 43:16 44:14 45:25 46:9 46:10 46:15 47:10 48:9 49:1 49:9 49:17 49:18 50:4 50:12 50:14 50:24 51:12 51:16 52:3 52:14 53:13 53:21 54:16 55:3 55:5 55:6 55:10 55:16 56:5 56:25 57:21 57:25 58:1 58:18 60:18 60:22 62:22 62:25 63:2 64:10 65:21 66:2 66:8 66:11 67:22 67:23 67:25 68:2 69:9 70:8 71:7 72:8 | |
| **haven't**(1) 47:1 | |
| **having**(6) 27:23 29:16 40:6 46:23 53:24 55:25 | |
| **hazeltine**(1) 2:17 | |
| **hbk**(1) 4:26 | |
| **hear**(8) 26:19 31:16 32:20 39:6 55:8 66:11 67:7 67:8 | |
| **heard**(15) 29:4 30:6 38:7 38:17 42:12 44:15 51:23 52:2 56:1 56:9 57:4 61:3 61:12 63:4 72:7 | |

| Word | Page:Line |
|------|-----------|
| **hearing**(52) 13:22 24:25 25:22 25:25 27:21 30:16 30:19 31:4 32:2 36:8 36:16 39:4 39:14 39:19 40:13 41:5 42:6 42:13 43:7 43:14 43:15 43:23 44:8 44:23 45:2 45:3 46:1 47:22 52:12 52:25 53:25 54:15 55:3 55:8 56:25 57:6 62:10 62:11 63:19 63:23 65:21 65:23 66:2 68:15 68:18 69:3 69:8 69:17 72:1 72:19 72:20 | |
| **hearings**(3) 31:9 54:17 66:9 | |
| **heart**(4) 33:14 34:8 37:20 38:7 | |
| **heiligman**(1) 6:9 | |
| **held**(3) 53:25 59:5 62:11 | |
| **hell**(1) 62:17 | |
| **help**(2) 37:9 57:10 | |
| **helpful**(3) 52:22 67:23 67:25 | |
| **her**(52) 14:22 15:4 15:5 15:21 16:3 16:4 16:14 16:16 16:23 16:25 17:5 17:24 17:25 18:7 18:8 18:9 18:10 18:12 19:5 19:6 19:6 19:7 20:10 20:14 20:14 20:18 20:19 20:21 20:25 21:1 21:7 21:8 21:14 22:4 22:5 22:5 22:6 22:18 22:19 22:23 22:23 23:3 23:3 23:3 25:8 26:16 | |
| **herbert**(1) 13:9 | |
| **hercules**(1) 3:48 | |
| **here**(23) 24:20 24:25 26:11 36:9 36:13 37:23 38:1 45:14 48:5 48:23 50:19 51:6 57:15 57:16 60:12 60:18 61:8 63:3 63:17 65:1 66:16 67:6 72:4 | |
| **here's**(1) 62:15 | |
| **he'll**(1) 50:17 | |
| **he's**(3) 57:17 61:19 65:7 | |
| **highlight**(1) 62:20 | |
| **hightower**(2) 10:34 10:35 | |
| **him**(1) 60:4 | |
| **himself**(1) 39:23 | |
| **hint**(1) 66:4 | |
| **hinted**(1) 52:15 | |
| **his**(2) 71:25 72:5 | |
| **history**(1) 58:1 | |
| **hit**(1) 56:14 | |
| **hits**(1) 59:6 | |
| **hold**(2) 35:18 58:3 | |
| **holders**(1) 45:16 | |
| **holidays**(1) 27:18 | |
| **holliday**(1) 10:39 | |
| **holmstead**(1) 6:30 | |
| **honest**(1) 19:2 | |
| **honor**(112) 12:5 12:7 14:2 14:4 14:14 16:9 17:18 18:4 23:9 23:13 24:11 26:4 26:7 26:22 26:24 27:2 27:5 27:19 28:13 28:17 28:22 28:25 29:4 29:10 29:12 29:19 30:3 30:25 31:10 31:15 32:18 33:4 33:10 34:7 35:15 36:12 37:4 37:8 37:17 37:20 38:6 38:15 39:3 39:7 39:8 39:11 40:14 40:21 40:24 41:6 41:17 41:21 42:16 43:1 43:8 43:17 43:21 44:2 44:10 44:13 44:14 44:23 45:4 45:17 45:19 46:12 46:17 47:5 47:14 47:19 48:5 48:8 48:13 49:22 50:11 51:9 51:25 52:6 52:23 52:21 52:24 53:11 53:13 53:19 53:24 55:15 56:8 56:10 56:24 57:12 57:22 58:2 58:11 58:12 58:18 58:20 58:21 58:24 59:9 60:12 60:23 60:24 61:4 61:6 61:13 65:19 66:5 67:13 68:17 70:3 71:15 72:8 | |
| **honorable**(1) 1:19 | |
| **honor's**(5) 42:15 43:17 47:16 47:23 53:16 | |
| **hope**(5) 42:24 49:18 54:19 57:21 60:23 69:22 70:23 | |
| **hopeful**(1) 71:10 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

hopefully(6) 12:8 22:13 44:15 45:8 51:19 57:4

hopes(1) 31:9
hoping(1) 56:19
horan(1) 2:5
hospital(1) 18:11
hospitalization(2) 18:10 18:15
hospitalized(3) 17:6 17:8 18:11
hour(1) 66:7
how(28) 24:12 25:23 25:25 27:22 29:18 31:12 31:18 31:24 32:2 34:10 34:13 34:14 36:23 37:10 46:2 46:6 49:16 49:21 50:13 51:1 51:16 54:11 57:17 59:9 59:25 65:10 65:10 65:21

howard(1) 4:16
however(4) 21:6 21:25 34:25 49:23
huge(1) 58:22
i'd(3) 14:9 25:8 40:21
i'll(9) 12:9 24:23 25:21 25:21 26:12 28:1 33:1 37:12 39:5

i'm(12) 22:11 23:12 23:23 24:20 25:1 25:13 28:10 28:19 36:10 38:25 40:11 40:18

i've(2) 36:9 36:9
idea(1) 18:21
identical(1) 72:5
identified(2) 15:10 69:16
identifies(1) 31:14
identify(2) 32:14 69:15
igor(1) 8:48
illinois(5) 15:17 15:18 16:3 17:12 20:8
illustrate(1) 38:1
impact(1) 54:3
impaired(3) 19:7 20:2 21:16
implications(1) 56:22
import(1) 52:14
important(8) 21:3 35:24 38:19 49:24 56:13 59:8 59:22 63:3

importantly(3) 45:7 46:25 48:7
impression(2) 22:2 23:18
inappropriate(1) 60:6
inc(1) 6:40
inclined(1) 63:21
included(1) 50:5
including(5) 20:7 24:24 33:19 49:20
incompetence(3) 16:21 17:16 17:24
incompetent(3) 16:18 17:19 20:4
incomprehensible(1) 20:12
incorporate(1) 72:13
incorrect(2) 15:7 26:13
indenture(1) 48:15
indicate(3) 21:16 52:23 63:20
indicated(7) 16:24 21:23 30:12 43:8 47:25 52:24 66:2

indication(1) 43:17
indications(1) 46:12
indisputably(2) 15:13 17:21
individuals(1) 61:7
influenced(1) 57:7
influential(1) 35:3
inform(1) 34:12
information(2) 35:14 62:23
informed(3) 45:9 46:10 46:25
initial(9) 20:8 47:24 47:25 58:24 64:18 64:19 68:9 68:24 68:25

inquiry(1) 33:6
insert(1) 68:24
insertco(1) 12:15
insofar(1) 54:12
instead(1) 15:15

intend(10) 36:18 37:12 37:13 38:4 41:17 41:19 41:24 42:2 46:13 62:21

intent(2) 51:8 51:8
intention(1) 72:9
interest(2) 41:19 54:6
interested(7) 5:5 8:20 9:34 10:4 10:12 10:16 11:15

interim(1) 69:11
interlocutory(4) 50:17 59:25 60:5 60:6
intermediate(1) 69:10
interpret(1) 64:11
into(3) 21:25 43:10 72:13
introduction(1) 71:2
investment(2) 6:25 6:25
invitation(1) 58:3
involved(3) 19:24 48:20 58:16
involves(2) 30:11 30:23
involving(3) 27:3 28:17 35:7
ironies(1) 60:11
isn't(1) 35:24
isn't(1) 57:2
issue(31) 14:18 16:13 17:20 33:3 33:12 36:20 38:24 40:5 40:5 40:6 40:22 50:14 50:23 51:15 51:18 53:3 53:4 53:8 53:9 53:20 53:24 54:1 58:19 58:19 58:22 59:21 59:22 63:11 64:2 70:6 71:8

issued(1) 58:20
issues(38) 13:23 14:24 18:6 27:8 37:6 37:21 38:18 48:16 49:14 49:18 49:25 50:4 50:7 50:8 52:8 53:1 53:11 53:23 54:13 54:18 54:20 54:22 54:24 55:4 55:10 55:11 55:12 55:19 55:23 59:1 59:21 60:15 60:16 61:14 61:22 62:7 71:22 71:23

it's(6) 24:15 31:13 33:16 35:23 39:12 40:10

item(3) 26:8 27:4 27:22
items(1) 49:6
its(6) 28:11 33:24 49:12 53:3 54:6 59:20
itself(2) 40:15 55:1
it's(35) 41:15 41:16 41:20 42:17 43:12 43:13 44:6 44:9 46:8 49:7 50:16 50:16 50:18 51:15 54:7 54:25 57:1 58:3 59:8 59:8 60:14 60:15 60:18 63:5 65:5 67:16 67:24 68:8 68:13 68:25 70:1 70:2 70:20 70:21 70:23

i'd(3) 41:10 64:25 66:5
i'll(8) 41:6 49:15 57:8 60:11 61:10 65:14 65:25 68:20

i'm(14) 42:16 43:19 44:1 47:19 48:10 50:7 52:3 56:5 58:14 63:21 65:6 66:3 67:6 71:10

i've(6) 41:2 41:4 46:24 61:6 63:14 63:17
james(3) 1:24 2:39 4:23
jane(1) 7:29
january(6) 1:14 12:1 32:13 68:7 68:10 73:6

jason(1) 9:27
jay(2) 11:30 61:5
jefferies(1) 5:5
jenner(2) 8:30 52:1
jennifer(1) 11:34
jessica(2) 1:25 5:14
jillian(1) 5:18
jim(2) 67:2 67:6
joann(2) 13:20 14:8
joanne(1) 9:47
john(2) 8:8 8:39
johnston(1) 2:39

joint(1) 13:25
jointly(2) 1:6 58:14
jones(2) 5:35 10:4
joseph(1) 6:8
joshua(2) 8:27 11:11
judge(6) 1:19 1:20 33:14 50:16 60:7 67:2
judgment(3) 20:2 21:17 28:10
judicial(1) 34:17
juncture(1) 62:1
junior(1) 70:13
jurisdiction(1) 33:18
just(40) 12:9 18:13 20:9 22:11 24:8 25:13 28:4 28:10 32:13 35:8 36:8 36:11 36:14 36:16 37:10 38:17 39:21 40:17 40:22 41:20 45:18 47:16 48:20 51:16 52:16 55:2 56:16 58:3 59:3 61:4 61:10 61:15 62:20 63:20 64:2 64:20 65:24 66:1 68:5 70:17

justified(1) 17:24
justin(1) 5:6
kalenchits(2) 6:33 6:33
kansa(10) 1:26 14:1 14:4 14:4 14:14 26:4 26:7 26:19 26:22 26:24

karen(1) 4:36
kasowitz(1) 9:5
katten(1) 8:7
kaye(1) 7:28
keep(1) 25:12
kelly(1) 10:44
kempner(1) 4:35
ken(2) 1:26 14:4
kenneth(1) 8:12
kerriann(1) 5:20
kevin(3) 1:19 1:27 27:2
key(1) 25:5
kim(1) 7:6
kind(5) 12:15 19:23 20:16 58:17 69:16
king(3) 3:35 3:41 4:6
kjc(1) 1:5
klauder(1) 4:5
knew(1) 15:23
knocks(1) 58:22
know(41) 17:5 22:12 25:23 34:24 35:12 35:13 35:22 36:5 36:8 36:9 37:10 40:2 42:16 43:9 45:19 45:19 45:20 46:2 46:3 46:5 49:1 50:11 50:23 50:25 51:2 51:3 51:11 52:1 58:18 59:25 62:1 64:18 65:6 65:8 65:12 67:7 67:19 69:24 70:1 72:2

knowing(2) 36:22 36:23
known(3) 17:4 19:21 22:19
knows(3) 31:18 45:17 61:6
korpus(1) 9:6
kovensky(1) 6:46
krakauer(1) 5:19
kramer(2) 4:30 4:30
labeled(1) 41:11
laboring(1) 40:17
lack(1) 20:1
landis(1) 2:23
language(5) 22:25 29:22 70:9 70:24 71:9
lantry(34) 1:27 26:25 27:2 27:3 27:13 27:17 28:13 28:22 28:25 29:9 29:10 29:12 29:19 30:3 32:4 32:18 33:4 33:10 34:7 35:15 36:12 36:9 37:2 37:4 37:17 38:6 39:3 39:7 39:12 39:21 40:15 45:11 47:4 60:8

lantry's(1) 39:17
large(2) 39:13 57:12
largely(1) 35:1 65:13
largest(1) 58:23

last(21) 27:20 41:5 41:13 41:14 41:17 41:22 42:1 42:1 42:3 42:4 43:1 43:2 43:4 47:12 52:16 61:18 64:11 68:8 68:9 68:24 71:19

late(8) 14:19 21:11 22:4 23:2 24:17 24:22 36:25 56:3

later(7) 30:20 41:23 53:3 56:25 60:23 61:22 62:3

latest(1) 72:15
latham(1) 6:36
laughter(2) 27:16 29:8
launching(1) 43:10
laurie(1) 3:46
law(8) 7:40 9:4 9:47 34:4 41:1 50:2 57:13 71:23

lawyers(2) 37:5 39:22
lays(1) 67:20
layton(1) 3:32
lead(2) 30:8 47:23
leads(1) 31:21
leanings(1) 56:15
learning(2) 21:21 22:22
least(7) 17:4 18:16 31:22 39:13 54:12 60:1 66:7

leave(3) 25:17 36:4 61:10
leaves(1) 13:18
leboeuf(2) 2:38 11:10
lee(1) 11:6
legal(4) 15:11 16:24 17:1 45:25
lemay(1) 2:30
lenders(2) 2:38 9:39 11:10
leonard(1) 1:33
less(6) 46:6 47:15 54:7 59:11 59:22 63:6
let(15) 23:5 24:10 25:23 26:14 27:5 29:6 34:2 33:7 35:21 52:16 63:15 63:25 64:21 64:24 69:18

letters(1) 19:19
let's(2) 56:21 65:18
level(6) 3:41 16:11 16:21 17:3 17:16 59:3
levin(2) 4:30 4:30
lewis(1) 9:17
lexi(1) 4:45
lexington(1) 3:28
liebentritt(1) 5:29
like(28) 23:25 24:20 24:21 25:6 25:17 25:20 27:11 27:19 28:2 28:8 31:1 31:2 36:14 37:9 39:14 40:21 41:10 44:8 46:17 47:12 64:25 65:16 66:2 66:5 67:21 69:22 69:25 70:17

likely(1) 30:8
limit(4) 55:18 55:21 65:5 65:12
limited(3) 50:14 54:20 71:3
limits(2) 55:20 55:24
line(3) 14:10 49:17 67:4
lines(1) 69:25
list(3) 28:14 31:14 37:5
listed(2) 39:24 49:8
listing(1) 49:5
lists(2) 28:6 49:6
litigation(3) 23:16 25:15 42:12 43:2 49:13 53:15 54:6

little(13) 20:17 29:22 32:24 35:21 46:18 52:17 53:5 58:16 64:1 66:4 68:1 70:23 71:10

live(1) 24:19
llc(9) 2:17 5:9 6:16 6:29 8:21 8:30 10:8 70:12 70:14

| Word | Page:Line |
|---|---|

**llp**(25) 1:23 2:29 3:12 3:45 4:12 4:19 4:31 4:35 6:7 6:36 7:5 7:13 7:28 7:35 8:7 8:34 8:38 8:38 9:17 9:22 10:12 10:21 11:10 11:15 11:37

**local**(11) 22:1 23:6 23:8 23:10 23:15 23:24 24:4 25:9 25:13 25:14 25:16

**locally**(1) 24:6
**lockbox**(1) 4:7
**logic**(2) 34:22 35:1
**logical**(1) 48:7
**long**(4) 18:22 37:10 37:24 65:9
**long-term**(2) 18:17 18:19
**longacre**(1) 10:34
**look**(5) 19:21 36:8 47:21 61:21 70:7
**looking**(3) 21:25 36:4 70:21
**los**(1) 2:42
**lot**(17) 27:7 27:14 27:15 34:15 34:19 37:4 37:6 38:7 39:22 42:5 45:1 50:18 54:7 57:13 61:7 63:6 64:11

**lower**(1) 59:18
**ludwig**(1) 5:18
**lugano**(1) 1:39
**lynch**(2) 3:45 7:27
**made**(12) 16:17 16:22 19:11 19:12 36:21 37:23 40:16 40:16 47:5 56:3 56:16 60:8

**madlyn**(1) 7:31
**mail**(7) 15:5 16:21 19:10 19:21 19:22 19:22 19:23

**mailed**(1) 15:21
**mailing**(1) 22:11
**main**(1) 21:4
**majestic**(1) 7:39
**major**(3) 30:22 44:2 67:16
**majority**(1) 17:1
**make**(12) 37:5 38:17 41:21 45:8 46:9 46:24 47:14 52:17 58:12 60:11 60:18 62:20
**makes**(6) 20:4 42:5 45:1 48:7 60:7 68:1
**making**(2) 20:13 27:18
**maman**(1) 9:13
**management**(23) 3:12 4:26 6:12 6:12 7:19 7:19 8:26 8:26 8:43 8:43 8:47 8:47 9:43 9:43 10:16 10:21 10:34 10:38 11:5 11:5 11:33 11:33 39:10

**maneuver**(1) 60:9
**manges**(1) 7:13
**manner**(2) 21:14 71:12
**many**(5) 31:18 32:21 36:23 44:15 46:13
**marbury**(1) 13:9
**marc**(2) 2:32 4:13
**march**(32) 17:10 30:21 39:16 39:17 41:16 41:23 42:9 43:10 44:9 44:12 44:20 44:24 53:11 61:18 62:9 63:6 63:20 63:21 63:22 64:5 64:5 64:6 64:8 68:14 68:18 68:23 68:24 69:1 69:2 69:2 69:3
**mark**(1) 10:39
**market**(4) 1:11 2:19 2:25 3:49
**marsal**(1) 6:16
**martin**(2) 2:11 48:13
**material**(2) 35:17 36:13
**materials**(1) 38:22
**math**(1) 44:2
**matter**(12) 14:14 14:25 15:22 23:24 25:5 26:8 28:10 33:4 50:22 54:14 65:7 73:4

**matters**(8) 12:7 12:10 17:14 35:25 48:23 49:6 49:8 56:1

**matthew**(5) 6:13 6:16 6:17 9:8 10:27
**mauceri**(1) 9:18

**mauro**(1) 6:41
**maximize**(2) 45:1 47:16
**maximizes**(2) 46:16 48:8
**maximum**(3) 47:13 69:23 71:21
**may**(40) 18:22 19:1 19:3 19:12 21:22 21:22 25:16 25:24 29:4 29:9 29:23 29:24 30:12 33:11 35:17 36:25 37:7 37:8 40:24 40:25 43:6 43:7 43:16 44:24 44:24 45:12 45:18 47:22 49:15 50:9 50:15 50:21 51:5 53:22 55:18 58:18 63:24 69:7 69:8 69:15

**maybe**(8) 25:12 36:6 40:17 50:23 50:23 58:9 63:21 66:3

**mccarter**(1) 9:30
**mccloy**(1) 11:24
**mccormack**(1) 4:15
**mccormick**(4) 8:5 26:9 26:10 26:15
**mccormick's**(1) 13:21
**mccutchen**(2) 9:22 9:22
**mcdaniel**(1) 3:40
**mcneill**(1) 3:47
**mean**(5) 36:3 50:12 63:8 64:4 64:10
**means**(2) 27:13 27:15
**mechanism**(1) 47:2
**meet**(4) 29:14 32:4 32:9 55:19
**meisel**(1) 1:32
**menachem**(1) 9:19
**mental**(13) 18:8 18:12 18:18 18:19 18:19 18:23 19:7 19:10 20:19 21:1 22:16 22:18 22:23

**mention**(1) 20:24
**merrill**(2) 3:45 7:27
**mester**(1) 11:11
**michael**(3) 5:27 7:14 10:44
**michelle**(1) 9:13
**michigan**(1) 19:18
**mid**(1) 36:24
**mid-2009**(1) 17:11
**might**(10) 29:22 32:7 33:4 50:18 50:18 56:5 57:9 59:15 60:22 64:1

**miles**(1) 5:15
**millbank**(1) 11:24
**miller**(1) 8:20
**million**(5) 54:6 58:17 58:24 59:4 59:11
**mills**(1) 5:20
**minimize**(1) 69:23
**minkove**(1) 7:10
**minor**(1) 68:6
**misapprehended**(1) 61:19
**misimpression**(2) 40:18 42:2
**missed**(1) 36:3
**modified**(4) 33:19 33:22 33:25 71:3
**modify**(1) 33:23
**modifying**(1) 13:1
**molehills**(1) 35:20
**moloney**(1) 9:23
**moment**(1) 66:1
**monarch**(2) 10:42 10:43
**monday**(1) 68:15
**money**(1) 54:7
**month**(4) 17:23 31:8 35:24 36:6
**months**(5) 30:9 44:1 44:6 60:16 60:20
**more**(20) 18:15 20:18 30:8 35:17 37:22 39:18 44:6 52:17 55:1 59:4 60:7 64:2 65:10 69:19 70:19 70:20 70:23 71:10 71:23 72:1

**morgan**(6) 3:4 3:25 7:5 7:9 7:13 9:17
**morning**(10) 12:3 12:4 12:5 14:4 27:2 28:4 39:8 48:13 49:6 53:2
**moss**(1) 11:16

**most**(7) 21:2 44:16 45:6 46:25 48:7 56:13 63:3

**motion**(13) 12:16 12:23 12:24 13:2 13:17 13:21 25:11 26:8 26:21 49:13 55:21 55:25 69:14

**motions**(1) 27:7
**mountains**(1) 35:19
**move**(3) 27:9 31:4 69:4
**moves**(1) 68:23
**moving**(2) 33:8 68:22
**much**(14) 25:24 25:25 31:24 32:2 35:15 38:14 42:24 53:9 59:21 61:1 65:10 65:10 65:21 72:18

**muchin**(1) 8:7
**must**(2) 21:24 39:23
**mutual**(1) 33:15
**myers**(1) 5:34
**myrick**(1) 5:17
**myself**(3) 21:21 22:4 72:11
**nachman**(1) 7:20
**naftalis**(1) 4:30
**narrow**(1) 27:8
**nci**(1) 13:12
**nearly**(1) 25:3
**necessarily**(1) 37:7
**necessity**(1) 54:15
**need**(19) 16:10 23:25 23:25 25:24 28:9 36:23 37:9 37:18 38:5 38:8 47:2 47:20 50:13 50:13 62:5 65:15 65:22 69:15 69:23

**needed**(1) 72:2
**needlessly**(1) 54:17
**negative**(1) 35:3
**neglect**(4) 15:1 16:12 16:20 21:20
**never**(1) 58:20
**new**(8) 2:14 2:34 3:16 3:29 9:15 19:15 51:4 62:4

**news**(2) 66:12 67:13
**next**(3) 43:21 49:19 58:25
**nicely**(1) 43:6
**niese**(1) 11:29
**nobody**(3) 45:19 45:20 54:9
**nobody's**(1) 43:3
**nolan**(1) 7:24
**non**(1) 61:21
**non-allocation**(1) 62:7
**none**(1) 17:19
**noon**(1) 68:16
**nor**(2) 35:4 54:9
**norman**(2) 1:34 12:5
**north**(5) 2:19 3:35 3:41 3:49 4:6
**northern**(2) 15:18 16:3
**not**(108) 15:2 15:4 15:5 15:6 15:15 15:20 16:5 16:8 16:11 16:21 17:9 17:12 17:20 17:23 18:3 18:12 19:2 19:4 19:10 19:10 19:12 19:15 19:22 19:23 20:5 20:15 20:23 21:1 21:6 21:20 21:22 21:23 21:25 22:4 22:8 22:12 22:16 22:19 23:12 23:25 23:25 24:15 24:20 25:13 25:14 26:2 26:10 28:11 30:14 32:7 33:23 34:11 34:13 34:16 35:2 35:23 37:3 41:14 43:12 44:2 44:6 44:16 44:25 45:12 45:14 46:10 48:12 48:22 49:14 49:17 49:22 50:4 50:6 50:7 50:19 50:20 50:23 51:7 51:12 51:20 52:13 52:20 53:13 53:21 54:22 56:18 56:20 57:1 57:2 57:11 57:18 58:3 58:14 59:7 59:8 59:16 60:24 62:5 62:12 62:14 64:1 64:23 66:3 69:1 69:17 70:2 70:21 72:4

**note**(1) 62:21

**noteholders**(5) 33:12 45:13 48:18 49:20 57:23

**notes**(5) 35:4 46:23 53:7 70:13 70:14
**nothing**(1) 64:8
**notice**(8) 14:22 15:9 15:13 15:20 16:22 17:3 17:11 50:10

**notices**(4) 15:3 15:6 17:9 21:22
**notions**(1) 39:13
**notwithstanding**(1) 48:17
**novod**(1) 2:12
**now**(29) 14:9 19:5 19:8 21:19 25:1 28:8 32:22 35:22 39:15 41:6 44:1 44:21 45:11 54:19 56:4 56:21 58:6 58:12 58:17 59:6 60:22 63:24 65:1 65:4 65:16 65:18 69:1 71:6 72:4

**nuance**(1) 70:20
**number**(4) 33:13 56:12 59:10 59:12
**o'melveny**(1) 5:34
**oaktree**(5) 11:4 11:5 56:11 59:5 59:8
**oaktree's**(1) 59:6
**object**(4) 52:7 55:15 55:23 56:4
**objecting**(1) 35:5
**objection**(22) 12:17 12:18 12:18 12:19 12:20 12:21 12:21 12:22 13:6 13:8 13:10 13:11 13:13 13:13 13:19 14:7 14:15 16:1 57:14 57:15 69:5 69:7

**objections**(2) 48:4 55:5
**objectors**(1) 30:12
**observation**(1) 39:21
**observed**(2) 44:10 44:23
**obtain**(5) 22:1 23:24 24:4 24:5 26:5
**obviously**(7) 22:9 48:20 53:8 54:3 56:4 69:24 70:2

**occur**(1) 27:21
**occurred**(2) 42:19 43:14
**october**(1) 60:14
**off**(4) 32:7 62:6 67:24 68:3
**offer**(3) 34:15 34:20 63:17
**office**(2) 4:4 5:34
**officers**(1) 5:9
**official**(2) 2:23 4:11
**ohio**(1) 13:16
**okay**(21) 23:14 25:12 28:24 29:3 29:3 30:2 32:17 35:23 41:3 41:10 51:24 64:9 64:16 64:24 65:14 65:15 65:20 65:25 66:8 66:14 66:20

**old-fashioned**(1) 47:19
**olivia**(1) 6:41
**omnibus**(15) 12:17 12:18 12:19 12:20 12:20 12:21 13:6 13:8 13:10 13:11 13:13 13:15 13:19 14:7

**once**(4) 17:21 49:18 58:15 59:19
**one**(41) 1:28 3:15 3:34 17:7 30:4 30:6 31:19 31:21 31:25 36:20 37:22 38:15 39:2 39:17 39:21 40:2 40:2 41:2 41:4 41:5 41:6 41:12 42:5 46:19 47:20 49:4 51:6 54:8 55:7 55:14 56:12 57:16 58:19 59:3 59:21 60:11 61:14 65:2 67:15 70:9 71:8

**one's**(1) 16:20
**one-track**(1) 47:4
**oneal**(1) 5:27
**ones**(2) 47:7 47:9
**onex**(2) 6:44 6:45
**only**(12) 15:3 17:8 36:13 39:23 44:7 44:9 49:12 59:15 68:6 68:14 70:5 71:18

**open**(14) 15:3 16:20 19:4 19:9 49:4 49:6 49:8 49:18 50:3 60:15 60:16 70:6 70:10 70:21

| Word | Page:Line |
| --- | --- |

opening(3) 15:5 55:5 68:12
opens(1) 57:16
opinion(23) 27:20 36:7 37:14 38:16
49:11 52:12 52:22 52:23 53:3 53:11
53:16 53:17 53:19 53:22 53:25 54:1 54:2
54:11 58:21 60:2 60:7 60:12 60:15

opportunity(10) 24:21 24:21 24:23 25:18
25:19 25:20 28:2 46:9 54:19 70:17

opposed(3) 44:12 47:5 64:20
order(29) 13:1 14:21 22:3 23:18 26:20
27:12 33:18 33:21 33:23 33:24 37:15
41:25 46:21 50:14 51:14 51:15 54:25
55:17 55:24 59:24 59:25 60:1 60:4 65:2
65:11 67:18 69:12 70:25 72:14

ordering(1) 57:10
orders(4) 12:10 12:14 55:14 67:18
original(1) 46:7
originally(1) 63:19
other(37) 17:14 19:4 19:23 22:10 24:3
29:24 33:2 40:6 42:9 45:7 45:15 45:15
45:16 45:18 45:22 48:17 49:16 50:9
50:15 52:8 52:9 53:5 53:16 53:23 54:4
55:14 56:12 56:17 57:23 58:12
59:21 59:21 60:21 65:8 69:20 71:1

others(5) 35:17 36:10 39:6 52:2 53:22
ought(3) 63:18 68:16 70:1
our(66) 15:8 23:6 23:8 26:10 26:12
27:25 28:13 28:14 29:19 30:19 31:1 31:2
31:14 32:4 32:9 32:11 32:11 32:16
33:10 33:13 34:9 37:21 38:1 38:14
38:21 41:15 41:18 41:19 41:24 42:6 43:1
43:3 43:6 43:24 44:7 44:23 44:24 46:15
47:4 47:15 47:18 47:21 47:25 48:6 48:10
48:17 48:25 49:11 51:8 51:8 53:7 54:18
54:24 55:25 56:17 61:20 61:20 62:21
63:5 63:5 63:8 63:11 63:12 71:18 72:9
72:17

ours(1) 29:23
ourselves(1) 36:17
out(32) 15:14 19:21 24:2 32:16 34:11
35:19 36:4 37:6 45:21 50:5 51:20 57:13
58:14 58:18 59:14 60:13 61:20 61:24
62:24 63:2 65:13 66:16 67:16 67:20
69:10 69:25 70:3 70:18 70:24 71:8 71:20
72:11

outcome(4) 34:24 51:4 56:19 59:7
outside(4) 15:7 16:23 19:11 65:17
over(10) 26:25 27:18 31:16 32:20 49:19
57:16 58:16 63:21 65:24 68:22

overwhelming(1) 16:25
own(1) 63:12
p.a(1) 1:33
p.m(3) 66:25 66:25 72:20
page(1) 28:6
pages(1) 33:13
paper(1) 47:20
papers(7) 14:18 14:25 15:8 16:4 24:13
25:4 29:13

paralegals(1) 41:7
parent(5) 40:6 45:15 45:16 45:16 45:23
pari(1) 70:13
park(3) 3:15 4:36 7:40
parke(2) 2:29 4:12
parker(18) 9:47 13:20 14:8 14:16 14:18
14:22 15:1 15:13 15:22 16:18 17:6 20:7
21:22 22:3 22:13 23:2 23:19 25:10

parker's(6) 14:8 15:2 15:19 16:13 16:20
17:15

part(9) 21:17 22:14 27:20 53:17 54:1
54:22 55:12 56:3 58:23

participated(1) 55:19
participating(2) 14:9 26:11
particular(1) 53:1
particularly(3) 48:22 51:13 52:12
parties(22) 12:11 28:1 28:8 29:1 29:24
31:18 31:23 32:13 33:2 36:8 46:17 49:10
53:5 54:4 54:18 63:15 63:20 65:1 65:15
66:1 69:19 70:8

parties'(1) 52:10
partners(9) 4:39 5:43 5:43 6:45 6:45
7:44 7:44 9:26 9:26

party(9) 5:5 8:20 9:34 10:4 10:12 10:16
11:15 42:9 71:4

parver(1) 7:29
passed(2) 17:10 20:20
passu(1) 70:13
past(3) 29:14 42:22 50:24
path(1) 58:11
patricia(3) 9:47 9:48 14:11
paul(1) 7:34
pause(3) 14:9 26:12 69:18
payment(1) 70:14
peg(1) 10:5
pendency(1) 34:2
pending(2) 33:12 35:22
pennock(1) 7:36
pennsylvania(1) 1:43
people(14) 21:2 27:14 38:9 50:15 61:21
61:23 62:12 62:14 62:16 63:1 63:7 64:11
64:17 66:13

per(1) 16:21
perceive(1) 60:21
percent(1) 54:8
perfect(2) 34:10 36:19
perfectly(2) 43:3 59:19
perhaps(4) 22:10 45:6 46:25 48:7
period(7) 17:1 40:13 43:8 43:12 44:16
44:21 45:1

pernick(7) 1:34 12:5 12:6 12:14 14:6
66:4 66:5

person(9) 18:13 20:4 20:16 20:16 21:4
22:16 57:10 59:13 59:13

person's(2) 20:5 22:17
perspective(3) 45:8 46:22 46:22
pertain(2) 19:24 52:8
pertaining(1) 20:14
peter(3) 6:26 7:6 8:44
petition(1) 62:13
phillip(1) 10:22
phones(10) 28:18 28:18 32:23 35:4 40:8
45:13 45:24 48:23 48:15 70:13

picked(1) 42:3
pickering(1) 10:30
picture(1) 39:13
pioneer(1) 15:2
place(2) 12:16 70:7
placed(1) 18:17
plan(53) 13:25 27:6 27:23 28:15 29:2
29:15 29:24 30:5 30:7 30:12 30:15 31:1
31:2 32:6 33:20 33:23 33:25 34:9 34:18
34:18 34:22 36:15 38:21 42:14 44:3
44:17 45:5 45:6 45:10 46:1 46:7 47:3
51:3 51:5 52:9 52:13 52:19 52:19 52:24
53:4 53:13 53:20 53:21 55:6 55:17 58:7
59:14 60:2 61:10 63:5 68:22 69:5 69:6

plans(2) 30:11 34:19
play(2) 37:23 45:14
plaza(3) 2:33 3:41 3:48
pleading(3) 28:14 33:13 58:13
pleadings(3) 16:14 40:16 44:1
please(1) 12:2
pleased(2) 29:13
plus(1) 54:6
podium(1) 26:25
point(26) 10:25 10:26 17:7 17:19 21:19
22:18 24:9 32:14 38:15 43:11 44:6 49:22
50:1 50:4 50:20 58:12 60:21 62:3 62:18
62:19 63:3 65:5 70:10 70:11 71:9 71:19

points(4) 28:6 31:13 60:8 70:9
polk(2) 3:25 7:5
pond(1) 65:12
possibility(1) 54:14
possible(8) 47:2 51:1 57:1 57:24 57:25
58:4 62:7 69:23

possibly(1) 69:10
post-petition(1) 15:16
postpone(1) 31:7
postponed(1) 36:15
potential(1) 54:21
potter(1) 3:45
powlen(1) 3:6
ppearances(4) 1:22 2:1 3:1 4:1
practicable(1) 41:21
practical(1) 53:4
practice(3) 24:16 42:17 58:1
practitioner(1) 16:5
pre(1) 15:16
predicate(1) 53:9
predict(1) 32:8
prefer(1) 34:24
preliminary(1) 35:11
prepare(1) 26:20
prepared(1) 22:4
presence(1) 65:17
present(6) 24:24 25:10 26:11 26:15
26:17 46:21

presentation(2) 18:1 28:16
presented(2) 29:21 57:6
presenting(1) 31:19
presently(1) 38:25
preserve(1) 51:8
press(2) 23:15 35:21
presumably(3) 42:14 43:16 71:23
presumed(1) 71:6
pretty(1) 52:16
prevailed(1) 60:3
prevented(1) 22:23
preview(1) 57:15
primoff(1) 7:31
print(1) 19:14
printing's(1) 12:22
prior(3) 33:20 46:14 47:8
pro(7) 20:7 20:22 22:2 22:5 24:5 24:8
25:9

probably(10) 19:8 19:14 19:21 19:22
21:5 28:18 37:22 50:24 65:7 72:14

problem(5) 38:12 43:20 48:3 51:12 67:16
problems(2) 21:16 47:25
procedural(2) 16:6 60:9
procedurally(1) 14:17
procedure(1) 62:24
proceed(2) 48:22 67:4
proceeding(1) 56:19
proceedings(4) 1:18 1:47 68:1 73:4
proceeds(3) 28:19 50:13 51:1

process(24) 13:23 17:7 19:10 30:24 31:3
31:5 33:9 34:3 34:5 34:15 34:18 35:19
37:10 37:19 38:21 43:5 43:25 46:14
46:23 47:8 50:3 62:8 63:12 64:23

processes(3) 16:9 16:11 20:10
processing(1) 15:10
produce(1) 60:12
produced(1) 1:48
program(1) 61:20
projected(1) 43:6
promised(4) 40:3 40:10 46:2 46:7
proof(9) 12:22 14:19 14:23 15:14 16:7
17:20 22:4 23:2 23:19

properly(1) 56:1
proponents(20) 27:6 27:24 28:15 29:2
29:15 29:25 30:5 30:15 31:1 32:6
33:9 34:9 34:22 45:5 50:15 56:4 56:12
57:5 58:7

proponents'(1) 60:17
proponent's(1) 56:15
proposal(3) 47:4 47:15 47:19
propose(2) 27:23 57:1
proposed(12) 28:4 33:9 36:5 39:1 39:5
41:24 48:18 48:24 57:5 58:6 69:12 72:10

proposing(1) 32:13
propound(1) 30:13
pros(1) 27:25
prosecute(2) 25:14 26:21
proskauer(1) 10:12
prospect(1) 36:2
protect(1) 22:6
provided(1) 47:13
provision(1) 58:25
provisions(1) 40:8
pryor(1) 11:15
psychiatric(1) 18:11
psychiatrist(1) 18:7
psychiatrist's(6) 19:6 19:25 20:25 21:8
21:10 21:18

punish(1) 22:13
purely(2) 65:6 65:7
purportedly(1) 59:24
purporting(1) 55:17
purpose(3) 13:22 38:13 69:20
purposes(1) 69:14
pursue(3) 23:18 24:9 62:5
pursuing(2) 17:1 17:12
push(1) 44:20
pushed(1) 32:9
put(8) 22:18 32:12 40:22 46:15 55:16
55:24 61:18 64:18

quarles(1) 8:34
question(5) 30:23 50:9 52:14 53:14 70:18
questions(12) 18:2 21:15 26:1 28:5 31:21
46:19 47:18 48:10 49:1 56:5 56:6 64:24

quickly(1) 66:13
quiet(1) 61:6
quite(2) 17:11 33:15
quote(3) 33:17 33:22 35:4
rachel(1) 9:18
rains(1) 66:20
raise(1) 32:9
raised(5) 16:13 35:12 53:10 58:20 61:15
raises(1) 58:21
range(3) 34:20 59:18 59:18
rath(2) 2:23 2:24
rather(6) 32:12 33:24 35:2 61:22 64:4
70:16

**TRIBUNE-1.11.12.DOC**

| Word | Page:Line |
|---|---|

rational(1) 21:4
rationale(1) 62:8
rationally(2) 20:16 20:17
react(1) 57:12
read(6) 21:12 23:6 23:8 23:12 28:2 68:9
reads(1) 70:11
real(2) 14:18 35:2
realization(1) 18:21
really(19) 22:19 35:12 35:13 36:13 41:7 45:14 47:1 56:13 56:18 56:23 56:24 57:15 57:20 59:21 60:19 62:15 65:10 70:6 70:18

realm(2) 9:26 9:26
realty(1) 7:39
reason(2) 23:22 60:8
reasonable(1) 16:8
reasoning(1) 49:15
reasons(2) 35:24 54:13
rebecca(2) 3:5 8:16
recall(1) 33:11
receive(4) 19:2 34:18 35:7 54:5
received(6) 17:11 18:22 19:1 19:3 19:9 21:22

receiving(1) 22:20
recent(1) 21:10
recently(1) 33:15
recess(4) 65:20 66:24 66:25 72:19
reconsider(1) 27:11
reconsideration(8) 27:7 27:12 28:17 32:23 36:7 37:14 43:9 49:11

record(3) 14:11 17:15 26:14
recorded(1) 1:47
recording(2) 1:47 73:3
recoveries(1) 34:20
recovery(2) 46:11 57:25
reed(1) 6:9
reference(7) 15:4 15:6 19:11 19:12 20:4 37:23 62:20

referenced(2) 15:9 16:23
references(1) 22:16
reflect(3) 29:21 44:18 45:5
reflected(1) 70:25
reflects(1) 48:25
refusal(1) 16:20
regard(4) 28:19 30:4 53:25 70:22
regarding(2) 40:5 61:14
regardless(1) 52:25
regards(2) 21:19 51:13
regular(1) 64:21
reimann(2) 7:40 7:41
reject(1) 58:3
rejecting(1) 35:9
related(6) 30:11 30:18 30:20 36:15 40:20 48:3

relates(3) 59:22 61:24 69:11
relating(2) 30:13 70:12
relation(1) 36:1
relatively(1) 12:9
releases(1) 35:6
relevant(2) 57:18 71:21
relief(1) 13:17
rely(1) 22:25
remain(1) 61:9
remaining(7) 28:7 29:21 30:5 39:19 44:19 47:7 54:20

remains(1) 68:23
remember(3) 24:16 31:23 57:21
remember(1) 57:22
removed(1) 15:18
render(3) 31:10 36:24 37:9

rendered(2) 38:18 53:17
rendering(1) 27:6
reorganization(1) 13:25
repeating(1) 33:16
rephrase(1) 64:19
replies(1) 69:2
reply(3) 16:15 55:6 69:7
report(2) 18:6 21:18
reported(1) 71:17
represent(5) 22:19 25:8 56:20 57:20 61:7
representation(1) 20:14
represented(6) 15:7 16:2 17:2 20:5 22:17 57:11

represents(1) 17:6
request(2) 24:17 57:23
requests(5) 41:13 41:14 68:8 68:10 68:25
require(5) 23:14 24:19 25:14 25:24 42:18 18:15 32:3 34:25 65:11

required(8) 13:22 14:20 15:14 16:25 required(4) 14:22 15:23 17:21 23:24
requirements(1) 16:6
requires(1) 30:19
reservation(1) 31:15
reserve(4) 47:2 51:3 52:25 54:24
reserves(2) 38:8 58:16
reserving(2) 28:10 32:19
resolution(3) 49:14 52:7 55:12
resolutions(1) 68:6
resolve(9) 44:15 48:8 48:21 49:16 50:6 54:18 55:11 55:22 59:1

resolved(13) 32:22 34:13 34:13 47:12 49:10 49:17 49:22 50:4 50:22 54:15 54:22 55:9 60:16

resolves(5) 58:19 58:23 58:24 58:25 59:9
respect(25) 12:15 13:6 13:8 13:18 13:21 13:13 13:16 24:19 33:3 40:4 42:15 43:22 44:19 45:9 45:21 51:9 57:8 60:3 62:2 64:2 65:3 68:7 70:9 71:2 71:7

respectfully(1) 54:2
respecting(1) 14:24
respective(1) 27:25
respectively(1) 32:1
respond(3) 17:4 17:12 48:4
responded(1) 21:15
response(9) 20:11 26:18 26:19 28:5 42:15 49:11 55:6 64:3 66:22

result(3) 37:8 38:11 48:23
resulted(1) 29:15
results(1) 65:11
retains(1) 33:18
retention(1) 13:2
retiree(1) 45:17
retirees(3) 46:3 46:4 61:6
retirement(1) 9:16
return(1) 15:8
revealed(1) 56:15
review(1) 50:17
reviewed(1) 28:4
revolutionary(1) 59:16
richard(1) 10:13
richards(1) 3:32
rifkind(1) 7:34
right(33) 14:3 14:13 24:10 25:21 26:3 26:6 26:14 26:23 27:1 31:15 34:1 34:6 35:11 40:23 41:6 42:25 44:4 51:10 51:21 58:5 58:11 59:6 60:20 63:15 66:12 66:17 66:23 70:4 70:14 71:13 72:6 72:16 72:18

rights(1) 51:8
rise(2) 16:11 16:21

risen(1) 17:3
risk(1) 30:17
road(1) 63:13
robby(1) 13:7
robert(1) 8:5
roberts(1) 8:20
rockefeller(1) 2:33
rodney(1) 3:34
rogers(1) 11:21
roitman(1) 2:32
room(3) 31:18 50:15 64:2
rooming(1) 65:9
rose(2) 10:12 17:15
rosenblatt(1) 2:31
rosenman(1) 8:7
rosner(1) 9:7
ross(2) 5:16 5:21
roth(1) 4:35
royal(3) 9:11 11:19 11:20
rudnick(2) 2:10 48:14
rule(13) 16:16 16:17 17:17 20:3 23:1 23:10 23:17 45:4 46:13 47:8 49:23 50:22 51:4

ruled(2) 30:25 60:2
rules(6) 14:21 23:6 23:8 25:13 52:13 64:21

ruling(5) 46:20 47:6 50:6 50:16 54:24
rulings(5) 42:15 44:18 45:5 45:21 50:7
run(2) 12:9 37:7
sachs(2) 4:43 4:44
said(14) 14:6 19:25 29:13 33:16 36:9 36:9 38:17 39:21 43:12 44:1 45:4 51:19 60:15 71:22

same(13) 16:19 18:18 18:23 21:12 30:6 37:13 47:9 48:21 51:2 55:7 65:3 67:14 68:23

sandwich(1) 57:12
satisfies(1) 71:12
say(19) 18:3 19:2 19:3 28:15 32:10 33:21 36:12 37:22 49:9 54:25 57:21 61:8 62:4 62:15 62:16 66:5 66:11 69:19 71:3

saying(5) 32:7 36:14 41:25 48:6 56:24
says(6) 43:1 47:11 53:12 57:11 57:13
schaible(1) 3:27
schedule(40) 30:4 30:19 30:21 37:23 38:13 40:15 40:19 41:12 41:15 41:16 41:24 42:5 43:1 43:3 43:22 44:9 44:24 44:25 46:15 47:9 47:24 48:1 48:6 48:18 48:24 48:25 49:19 49:23 50:20 55:2 55:2 56:15 63:5 63:12 63:21 68:3 68:7 71:8 71:14

scheduled(4) 36:5 39:1 42:6 65:21
schedules(5) 27:25 28:5 29:17 32:12
scheduling(8) 13:23 44:2 48:16 50:3 50:19 55:17 63:16 65:2

scholer(1) 7:28
schotz(2) 1:32 12:6
schulte(1) 4:35
schuylkill(1) 1:42
scope(7) 13:1 29:1 29:18 46:19 54:20 65:4 70:16

scotland(3) 9:12 11:20 11:20
scott(2) 4:46 6:21
scrambling(1) 62:16
seaport(2) 8:11 8:11
searching(1) 65:6
seated(1) 12:2
second(8) 12:24 16:13 26:8 30:23 36:20 51:11 62:19 66:8

secondly(1) 59:24
securities(3) 6:29 6:29 8:20
see(14) 19:19 21:13 25:23 26:12 36:11 37:5 43:18 50:13 50:25 51:12 51:16 59:16 63:8 63:9

seeking(2) 41:21 42:10
seem(1) 14:24
seems(5) 43:11 63:3 63:6 63:11 64:22
seen(3) 19:13 57:25 58:1
segal(1) 28:20
seife(1) 4:16
selber(1) 3:46
send(1) 22:5
sender(1) 15:10
senior(6) 35:4 45:13 46:23 48:18 49:20 70:13

sense(5) 41:21 42:5 45:1 48:7 70:20
sent(5) 15:4 15:9 19:22 22:5 34:11
separate(3) 25:25 58:11 69:14
serious(1) 18:15
seriousness(1) 18:12
serve(4) 41:13 68:8 68:9 68:25
service(3) 1:41 1:48 13:4
services(4) 1:41 13:7 13:14 24:6
serving(1) 43:20
set(5) 27:20 47:2 60:22 62:22 71:20
setting(2) 36:17 65:17
settlement(2) 12:16 28:19
settlement''(1) 46:5
seven(4) 2:13 28:6 31:13 60:16
several(2) 20:7 24:7
shachar(1) 7:10
shagun(1) 10:9
shall(1) 71:3
shannon(1) 7:36
she(50) 15:2 15:3 15:3 15:5 15:14 15:15 15:20 15:21 15:23 15:24 16:2 16:16 16:25 17:3 17:6 17:7 17:11 17:11 17:12 17:16 17:18 17:20 17:21 18:10 18:17 18:18 18:20 18:22 18:22 19:1 19:2 19:2 19:3 19:3 19:4 19:19 19:20 19:24 20:9 20:22 20:22 21:1 21:6 21:11 21:14 21:16 22:20 23:3 33:16 33:21

she's(2) 19:15 19:17
sheffield(1) 7:45
sheron(1) 9:6
short(3) 12:9 37:15 65:1
shorter(1) 66:6
shortly(1) 31:3
should(19) 14:18 15:11 16:15 17:25 26:20 27:22 28:9 30:24 32:15 43:23 49:21 56:25 58:2 58:18 60:9 62:12 68:9 70:18 71:2

show(1) 71:4
showed(1) 21:11
showing(1) 17:15
shows(2) 67:5 67:5
shut(1) 34:4
shuttle(1) 12:22
side(1) 56:17
sidley(4) 1:23 5:13 14:5 27:3
siegel(8) 2:11 48:12 48:13 48:14 49:3 51:18 51:22 60:3

siegel's(2) 58:19 58:22
sieger(1) 8:8
significance(3) 18:21 32:25 44:11
silver(2) 10:25 10:26
silverstein(1) 3:46
similar(2) 26:14 67:18
simply(8) 16:8 17:11 18:13 53:24 54:24 70:19 70:21 71:9

| Word | Page:Line |
|---|---|

since(2) 49:4  50:2
single(6) 30:9  30:10  31:6  32:6  34:8  38:24
sit(2) 51:5  61:7
sitting(1) 45:20
situation(3) 18:12  20:6  25:2
six(2) 44:6  63:6
sizing(1) 35:16
slater(1) 7:23
slightly(1) 64:5
sloan(1) 3:33
slow(2) 30:18  62:8
smalley(1) 8:12
smith(2) 11:33  11:33
snafu(1) 22:14
software(1) 13:14
solicitation(13) 30:24  31:5  34:18  36:22  37:15  38:20  38:22  46:14  47:8  47:11  48:1  63:22  68:22

solution(1) 32:11
solve(1) 72:5
solves(1) 36:19
some(27) 17:19  19:9  19:23  21:4  27:20  28:5  29:24  29:25  32:19  35:16  40:3  41:23  43:16  46:18  49:16  49:22  50:1  50:4  50:20  53:2  53:22  54:19  57:9  69:10  69:20  70:15  72:14

somebody(2) 50:21  62:4
someone(5) 17:4  19:8  22:2  56:20  57:2
someplace(1) 19:15
something(12) 14:10  20:17  21:23  33:14  36:3  36:4  60:23  62:4  62:9  65:16  72:2  72:4
somewhat(1) 14:17
somewhere(2) 59:4  65:14
song(1) 8:16
soon(2) 41:20  62:7
sooner(2) 22:21  61:22
sorry(4) 22:11  40:19  42:16  43:19
sort(1) 71:5
sottile(1) 4:23
sought(1) 55:18
sound(2) 1:47  73:3
south(2) 1:28  2:41
spaeder(1) 4:19
speak(1) 25:22
specific(5) 18:6  47:18  48:9  70:16  70:24
specifically(2) 18:5  45:22
specified(3) 68:18  69:3  69:8
speculation(1) 50:18
spent(3) 27:18  33:13  54:16
sperling(1) 7:23
sponsor(2) 22:2  24:5
square(2) 2:13  3:34
squeezed(1) 72:11
stand(6) 18:4  33:8  40:11  48:5  66:23
standpoint(4) 36:1  36:1  36:2  36:2
stanley(2) 3:4  7:13
stargatt(1) 2:45
stark(1) 8:34
start(3) 44:8  44:13  61:21
started(2) 62:7  64:23
starting(5) 42:20  44:11  68:5  68:15  69:1
state(11) 9:15  15:15  15:17  18:8  19:14  20:8  20:19  21:1  22:16  22:18  22:23

statement(32) 15:3  15:6  28:6  28:12  39:25  40:11  42:6  42:12  42:19  43:14  43:23  44:3  44:8  44:12  44:18  44:20  45:3  45:6  54:5  57:3  57:6  57:14  57:16  57:24  58:4  59:20  61:20  61:24  62:10  62:11  62:21  63:1
statements(1) 40:16
states(3) 1:1  1:20  28:11
status(1) 13:22

statute(2) 20:3  22:15
stay(4) 12:23  13:17  33:17  34:2
ste(4) 2:6  2:19  2:41  4:6
stein(1) 9:8
step(1) 49:7
stephen(1) 3:47
still(7) 15:21  15:24  18:22  21:16  49:4  67:15  70:15

stock(2) 35:7  59:5
stone(1) 11:25  64:8
stood(1) 52:2
stop(2) 64:23  66:11
strauss(4) 3:12  10:21  39:9  71:16
street(10) 1:11  1:42  2:19  2:25  2:47  3:7  3:35  3:41  3:49  4:6

stress(1) 18:13
stromberg(1) 5:16
strongly(1) 52:16
stuart(1) 6:46
stuff(2) 69:16  70:3
sub(1) 7:40
subject(9) 15:25  29:5  39:17  52:18  52:23  53:3  53:20  54:11  70:10

submission(3) 18:5  39:1  70:8
submissions(3) 28:3  28:3  56:3
submit(15) 15:2  17:23  18:6  20:13  20:25  21:6  22:15  26:20  26:22  41:20  54:14  67:17  67:18  70:25  72:14
submitted(8) 18:7  20:9  21:5  21:9  55:15  67:19  68:4  68:14

submitting(2) 32:14  69:13
subordinated(1) 28:19
subordination(12) 32:23  40:7  45:23  52:7  53:7  53:8  53:9  53:10  53:12  54:12  54:16  55:4
subsequently(2) 15:17  18:17
substantial(1) 67:22
successor(1) 48:15
such(4) 17:5  17:16  19:21  38:21
suffering(2) 18:23  21:12
suffers(1) 16:19
suggest(7) 36:7  39:4  43:24  46:8  54:2  54:10  55:1

suggested(4) 24:8  36:6  42:7  43:24
suggesting(3) 43:8  54:9  62:12
suggests(1) 62:11
suite(3) 1:35  2:25  3:8
sullivan(2) 2:17  2:18
sum(1) 67:14
summarize(1) 39:12
supplemental(8) 12:23  13:1  31:1  31:8  34:10  38:22  39:24  63:23

support(1) 69:6
supportive(1) 61:10
sure(7) 19:8  19:11  28:20  38:17  50:7  58:14  60:18

surely(1) 17:2
surprised(1) 72:1
surprises(1) 63:13
suspect(4) 19:13  19:18  35:11  55:22
suttonbrook(2) 9:42  9:43
swap(1) 45:17
swimming(1) 65:13
tabak(1) 8:20
table(1) 50:3
taft(1) 9:12

take(9) 17:4  28:20  37:11  39:18  51:8  55:7  64:4  65:20  72:9

taken(1) 47:23
takes(1) 45:19
talk(5) 31:22  32:4  57:9  58:15  67:23
talked(1) 24:6
talking(4) 36:5  39:23  59:10  60:19
taxation(1) 13:16
taylor(1) 2:45
teitelbaum(5) 11:29  11:30  61:4  61:5  61:5
telephone(5) 14:9  25:4  26:11  26:16  26:17
telephonic(8) 4:10  5:2  6:2  7:2  8:2  9:1  10:1  11:1

telephonically(1) 22:11
tell(12) 24:15  25:5  28:2  37:3  37:12  51:6  59:6  63:1  63:15  64:18  65:12  67:20

telling(2) 23:23  25:12
ten(2) 23:12  31:14
tend(1) 42:21
tentatively(1) 35:10
tenth(2) 12:16  13:6
term(1) 18:23
terminated(2) 20:23  21:6
terms(4) 46:1  54:3  63:18  67:21
testify(1) 25:18
testimony(3) 24:19  24:24  69:20
than(25) 19:4  22:21  30:9  30:20  30:21  34:20  35:2  35:17  39:18  41:17  46:6  47:15  52:8  53:5  53:8  54:8  59:5  59:11  59:18  61:22  64:4  70:16  70:19  70:20  71:23

thank(29) 23:4  26:3  26:6  26:23  26:24  27:6  28:22  32:17  34:6  39:3  39:7  40:25  41:9  46:12  48:12  51:17  51:22  52:6  52:21  56:6  56:8  61:1  61:2  61:11  67:11  67:12  71:13  72:6  72:18

thanks(1) 51:21

that(301) 12:14  13:18  14:8  14:15  14:16  14:20  14:24  15:2  15:3  15:3  15:6  15:8  15:10  15:13  15:14  15:17  15:20  15:25  16:5  16:8  16:10  16:18  16:24  16:25  17:6  17:7  17:15  17:18  17:19  18:1  18:6  18:6  18:10  18:19  18:19  18:22  19:1  19:2  19:4  19:10  19:13  19:15  19:17  19:19  19:23  19:24  19:24  20:3  20:5  20:6  20:9  20:11  20:13  20:13  20:15  20:16  20:19  20:19  20:22  20:22  20:24  20:25  21:2  21:5  21:6  21:11  21:11  21:12  21:16  21:19  21:22  21:24  22:2  22:8  22:10  22:12  22:13  22:15  22:18  22:18  22:20  22:20  23:2  23:1  23:3  23:14  23:17  23:17  23:19  23:24  24:7  24:9  24:18  24:23  25:8  25:14  25:17  25:19  25:20  26:7  26:10  26:20  26:24  27:18  27:23  28:8  28:14  28:15  28:16  28:17  28:20  28:25  29:1  29:4  29:10  29:13  29:14  29:19  29:20  29:25  30:1  30:8  30:12  30:14  30:15  30:17  31:3  31:3  31:9  31:14  31:21  32:15  32:21  32:21  32:22  33:2  33:3  33:5  33:14  33:18  33:23  34:1  34:2  34:3  34:4  34:12  34:19  34:20  34:23  35:2  35:5  35:11  35:13  35:22  35:23  35:25  36:14  36:15  36:16  36:19  36:24  37:2  37:6  37:7  37:8  37:14  37:19  37:20  37:25  38:3  38:6  38:11  38:12  38:14  38:15  38:17  38:17  38:18  38:23  38:24  38:25  39:5  39:12  39:13  39:14  39:18  40:8  40:10  40:11  40:12  40:18  40:19  40:22  41:5  41:8  41:17  41:24  41:25  42:9  43:3  43:5  43:5  43:11  43:21  43:24  44:1  44:10  44:11  44:16  44:21  44:25  45:1  45:25  46:1  46:4  46:9  46:11  46:12  46:16  46:16  46:17  46:21  46:23  47:6  47:10  47:11  47:12  47:13  47:14  47:17  47:18  47:23  48:5  48:16  48:21  49:1  49:4  49:6  49:9  49:9  49:12  49:13  49:19  50:1  50:1  50:11  50:14  50:21  51:3  51:5  51:7  51:11  51:14  51:15  51:20  52:14  52:17  52:23  52:24  53:9  53:11  53:12  53:22  53:23  53:19  54:5  54:10  54:14  54:20  54:21  55:14  55:15  55:15  55:18  55:22  55:24  56:3  56:5  56:14  56:16  56:17  56:20  56:21  56:22  57:4  57:4  57:5  57:7  57:10  57:13  57:13  57:19  57:22  57:24  58:3  58:7  58:8  58:13  58:15  58:19

that(114) 58:19  58:22  58:22  58:25  59:4  59:6  59:7  59:9  59:10  59:12  59:14  59:19  60:2  60:3  60:4  60:6  60:8  60:9  60:9  60:12  60:13  60:14  60:18  60:19  60:20  60:22  60:23  61:10  61:15  61:18  61:22  61:24  61:25  62:1  62:3  62:6  62:10  62:11  62:21  62:23  63:3  63:4  63:7  63:7  63:10  63:11  63:18  63:20  64:2  64:11  64:22  64:25  65:11  65:15  65:25  66:3  66:6  66:10  67:17  67:18  67:19  67:22  68:4  68:7  68:9  68:9  68:13  68:16  68:16  68:18  69:12  69:13  69:15  69:16  69:17  69:22  69:25  70:1  70:2  70:3  70:5  70:6  70:7  70:10  70:16  70:17  70:18  70:18  70:20  70:21  70:22  70:23  70:24  70:25  71:1  71:2  71:5  71:9  71:9  71:10  71:11  71:12  71:19  71:24  71:25  71:25  72:2  72:9  72:10  72:14  72:19  73:2

that's(15) 19:10  21:17  22:12  22:25  23:17  23:22  24:2  28:21  30:6  30:21  32:7  34:13  35:22  37:10  37:22

that's(32) 42:5  44:4  46:19  49:24  51:1  52:21  53:7  54:7  57:1  57:14  57:17  57:20  58:10  58:23  59:5  59:16  59:18  60:23  62:8  62:17  62:22  62:23  63:13  64:5  64:14  67:24  68:20  69:8  71:5  72:4  72:8  72:16

thau(1) 8:22

# TRIBUNE-1.11.12.DOC

| Word | Page:Line |
|---|---|

**the(301)** 1:1 1:2 1:19 4:4 8:11 12:2 12:3 12:6 12:10 12:11 12:11 12:11 12:13 12:14 12:15 12:16 12:17 12:18 12:19 12:19 12:20 12:21 12:22 12:23 12:23 12:24 12:24 12:25 12:25 13:1 13:2 13:3 13:3 13:5 13:6 13:7 13:8 13:9 13:10 13:11 13:11 13:12 13:13 13:14 13:14 13:15 13:16 13:16 13:19 13:20 13:21 13:22 13:22 13:23 13:24 13:24 14:3 14:5 14:6 14:10 14:11 14:13 14:14 14:15 14:15 14:15 14:17 14:18 14:20 14:21 14:21 14:25 14:25 14:25 14:25 15:2 15:3 15:5 15:5 15:6 15:6 15:7 15:8 15:9 15:9 15:10 15:10 15:13 15:18 15:19 15:20 15:22 15:23 15:25 15:25 16:1 16:3 16:3 16:4 16:4 16:6 16:9 16:9 16:11 16:13 16:14 16:15 16:15 16:17 16:19 16:19 16:21 16:22 16:23 16:24 16:25 17:1 17:8 17:8 17:9 17:10 17:11 17:16 17:20 17:20 17:21 17:22 17:24 18:1 18:2 18:3 18:5 18:6 18:7 18:8 18:9 18:10 18:11 18:18 18:20 18:20 18:21 18:23 18:24 18:24 18:25 18:25 19:11 19:11 19:14 19:17 20:3 20:8 20:9 20:9 20:10 20:11 20:11 20:12 20:15 20:20 20:20 20:21 20:22 20:23 20:24 21:1 21:2 21:4 21:7 21:9 21:13 21:13 21:14 21:14 21:17 21:21 22:1 22:13 22:15 22:16 22:16 22:17 22:19 22:21 22:22 22:22 22:25 23:1 23:3 23:5 23:8 23:10 23:14 23:18 23:19 23:21 23:22 23:23 23:24 24:2 24:8 24:10 24:12 24:15 24:18 24:21 24:21 24:22 25:3 25:5 25:10 25:12 25:13 25:17 25:21 25:22 25:23 26:3 26:5 26:6 26:7 26:8 26:9 26:11 26:14 26:14 26:15 26:16 26:17 26:17 26:19 26:19 26:21 26:23 26:25 27:1 27:3 27:4 27:5 27:7 27:8 27:8 27:8 27:11 27:15 27:17 27:18 27:19 27:21 27:23 27:24 27:25 28:1 28:1 28:2 28:3 28:4 28:7 28:8 28:13 28:15 28:17 28:17 28:18 28:19 28:21 28:24 28:25 29:1 29:2 29:2 29:3 29:6 29:7 29:9 29:11 29:13 29:14 29:14 29:15 29:16 29:18 29:18 29:20 29:24 30:2 30:4 30:5 30:6 30:7 30:10 30:10 30:12 30:12 30:15 30:16 30:18 30:22 30:22

**the(301)** 30:23 30:23 30:24 30:25 30:25 31:3 31:4 31:7 31:7 31:8 31:10 31:12 31:13 31:21 31:21 31:23 32:3 32:6 32:13 32:15 32:17 32:20 32:21 32:22 32:23 33:1 33:3 33:5 33:7 33:8 33:8 33:9 33:11 33:12 33:14 33:14 33:15 33:17 33:20 33:20 33:23 33:25 34:2 34:3 34:5 34:4 34:5 34:6 34:7 34:8 34:9 34:10 34:12 34:18 34:22 34:22 34:24 34:24 35:1 35:2 35:3 35:5 35:6 35:7 35:8 35:10 35:12 35:16 35:18 35:21 35:24 36:7 36:8 36:10 36:11 36:11 36:16 36:18 36:19 36:20 37:1 37:3 37:12 37:13 37:13 37:18 37:18 37:19 37:20 37:25 38:2 38:4 38:7 38:9 38:10 38:12 38:18 38:19 38:20 38:21 38:25 38:25 38:25 39:1 39:4 39:5 39:9 39:13 39:14 39:16 39:16 39:19 39:22 39:25 39:25 40:1 40:2 40:2 40:4 40:4 40:5 40:6 40:6 40:7 40:7 40:8 40:12 40:13 40:14 40:14 40:15 40:16 40:18 40:19 40:21 40:23 40:25 41:2 41:3 41:4 41:5 41:5 41:6 41:7 41:9 41:11 41:12 41:15 41:17 41:20 41:22 41:22 41:24 41:24 41:25 42:1 42:3 42:3 42:5 42:7 42:7 42:10 42:11 42:12 42:13 42:13 42:14 42:15 42:15 42:17 42:19 42:20 42:21 42:22 42:24 42:24 43:1 43:4 43:4 43:5 43:7 43:11 43:11 43:12 43:13 43:14 43:15 43:15 43:18 43:18 43:19 43:21 43:21 43:22 43:23 43:23 43:25 43:25 44:4 44:5 44:6 44:7 44:8 44:8 44:10 44:11 44:15 44:16 44:19 44:20 44:22 45:1 45:2 45:2 45:3 45:3 45:4 45:7 45:10 45:10 45:11 45:12 45:13 45:13 45:13 45:15 45:15 45:15 45:16 45:16 45:17 45:17 45:18 45:19 45:21 45:22 45:23 45:24 45:25 46:3 46:3 46:6 46:7 46:8 46:9 46:12 46:13 46:14 46:16 46:17 46:19 46:19 46:19 46:22 46:23 46:23 46:24 47:1 47:2 47:2 47:3 47:7 47:8 47:9 47:10 47:11 47:16 47:17 47:21 47:23 47:24 48:1 48:1 48:3 48:3 48:8 48:9 48:12 48:15 48:15 48:18 48:18 48:20 48:21 48:22 48:23 49:2 49:5 49:5 49:6 49:7 49:7 49:10 49:10 49:11 49:12 49:13 49:13 49:15 49:16 49:17

**the(301)** 49:19 49:20 49:20 49:23 49:24 49:24 50:2 50:5 50:9 50:9 50:10 50:11 50:13 50:15 50:15 50:21 50:21 50:22 50:23 50:24 51:1 51:2 51:3 51:4 51:6 51:7 51:10 51:11 51:14 51:17 51:21 51:23 52:2 52:5 52:7 52:9 52:10 52:11 52:11 52:14 52:14 52:15 52:16 52:19 52:25 52:25 53:3 53:4 53:5 53:6 53:10 53:13 53:14 53:14 53:16 53:18 53:18 53:24 53:25 54:1 54:1 54:3 54:4 54:4 54:6 54:8 54:8 54:9 54:12 54:16 54:16 54:18 54:19 54:21 54:23 54:25 55:1 55:2 55:2 55:3 55:5 55:5 55:8 55:9 55:9 55:8 55:8 55:9 55:11 55:14 55:16 55:17 55:18 55:19 55:21 55:23 56:2 56:2 56:3 56:5 56:6 56:9 56:12 56:13 56:14 56:15 56:17 56:17 56:19 56:19 56:22 57:3 57:3 57:4 57:5 57:8 57:9 57:15 57:18 57:22 57:23 57:24 57:24 58:2 58:2 58:3 58:5 58:5 58:6 58:6 58:9 58:9 58:11 58:12 58:13 58:15 58:16 58:19 58:23 58:23 58:24 58:25 59:2 59:5 59:7 59:10 59:10 59:15 59:16 59:18 59:22 59:22 60:1 60:2 60:8 60:10 60:11 60:11 60:14 60:17 61:2 61:5 61:9 61:10 61:11 61:14 61:14 61:16 61:17 61:18 61:21 61:25 62:1 62:3 62:7 62:8 62:8 62:9 62:10 62:16 62:17 62:19 62:19 62:23 62:23 62:25 63:2 63:3 63:3 63:4 63:7 63:9 63:10 63:11 63:13 63:15 63:15 63:16 63:18 63:19 63:20 63:23 63:25 63:25 64:2 64:5 64:5 64:6 64:9 64:10 64:11 64:11 64:12 64:13 64:16 64:21 64:22 64:24 64:25 65:1 65:3 65:6 65:8 65:11 65:12 65:14 65:15 65:17 65:20 65:25 66:1 66:1 66:2 66:8 66:10 66:12 66:14 66:17 66:20 66:20 66:23 67:1 67:3 67:4 67:9 67:11 67:14 67:18 67:19 67:21 67:22 67:25 67:25 68:1 68:2 68:3 68:4 68:4 68:5 68:7 68:8 68:10 68:11 68:12 68:14 68:14 68:15 68:15 68:17 68:17 68:19 68:19 68:21 68:22 68:22 68:23 68:23 68:24 69:1 69:2 69:3 69:3 69:5 69:6 69:7 69:12 69:18 69:19 69:22 69:22 69:23 69:23 69:25 69:25 70:1 70:1 70:4 70:5 70:6 70:7 70:7

**the(36)** 70:8 70:10 70:11 70:12 70:13 70:14 70:16 70:18 70:19 70:20 70:23 70:24 71:1 71:2 71:3 71:7 71:8 71:9 71:13 71:14 71:17 71:18 71:21 72:4 72:1 72:6 72:9 72:10 72:11 72:16 72:18 72:20 73:2 73:3 73:3 73:4

**their(21)** 24:6 29:22 32:10 34:25 35:6 39:24 40:16 42:14 44:1 44:3 44:4 44:9 44:17 44:25 46:4 49:9 55:16 56:18 56:21 61:23 71:12

**theirs(1)** 47:15

**them(19)** 14:20 19:2 20:13 34:12 35:17 35:18 44:16 48:2 48:5 48:11 48:25 49:17 57:2 57:10 62:14 66:3 68:2 72:11 72:13

**then(22)** 22:9 25:21 27:22 27:24 31:11 33:21 36:22 37:15 37:17 50:15 52:22 53:12 53:21 54:16 55:9 62:16 64:25 65:24 65:24 66:8 67:5 68:17

**theoretical(2)** 35:1 65:7

**there(41)** 14:19 14:24 15:14 15:21 16:10 17:14 17:23 29:21 29:23 30:3 32:18 33:17 34:2 36:12 37:4 38:8 46:18 47:18 49:14 49:21 49:25 50:6 50:18 51:7 51:12 51:18 53:2 53:6 54:19 55:14 55:21 57:13 60:8 60:15 62:11 62:22 64:1 65:13 68:6 69:15 69:18

**there's(5)** 23:23 31:17 34:19 38:12 39:21

**therefore(2)** 16:7 17:25

**there's(15)** 42:2 44:11 46:20 50:25 51:4 52:2 54:14 57:13 63:10 64:7 68:10 68:12 69:15 70:14 70:22

**these(17)** 16:24 19:1 19:3 20:6 21:22 22:20 31:20 32:22 35:5 35:9 54:22 55:8 55:10 55:11 55:20 60:17 71:22

**they(51)** 15:4 21:5 24:7 24:7 24:23 28:9 30:12 30:14 31:7 31:14 31:24 34:13 34:17 39:24 40:8 40:15 43:24 44:1 44:2 45:9 46:1 46:6 46:10 46:11 47:22 47:25 48:2 48:4 49:9 54:12 56:3 56:19 56:20 56:22 57:20 59:14 59:15 61:25 61:25 62:1 64:18 65:3 66:15 68:16

**they'd(1)** 28:2

**they're(2)** 32:14 40:17

**they'd(1)** 66:2

**they're(9)** 44:22 44:25 49:18 56:23 56:24 57:20 58:17 63:1 63:8

**they've(2)** 46:2 51:19

**thing(12)** 21:4 24:8 37:13 37:22 40:2 43:21 47:3 49:12 49:24 51:2 62:1 71:18

**things(12)** 19:4 19:4 20:7 21:2 37:6 37:18 50:20 51:5 51:16 51:20 56:13 60:17

**think(107)** 12:8 14:1 14:17 20:4 21:11 24:18 25:5 25:24 25:25 28:9 28:14 28:17 28:21 28:25 29:19 29:20 29:25 31:14 31:15 31:17 32:1 32:2 32:6 32:6 32:12 32:18 33:4 33:14 34:1 34:1 34:4 34:9 35:2 35:5 35:10 35:15 36:14 37:17 37:20 38:1 38:5 38:6 38:12 38:13 38:15 39:12 41:16 42:4 44:25 45:14 45:24 46:14 46:15 46:20 47:3 47:15 47:21 48:6 48:19 48:21 49:10 49:21 50:1 50:14 50:19 51:9 51:10 51:15 51:19 52:22 53:4 53:17 53:23 54:21 56:14 56:21 57:21 57:25 58:2 58:10 58:13 58:18 60:5 60:6 60:17 60:24 61:19 62:20 63:18 64:5 65:16 65:22 66:6 67:4 67:14 67:16 67:21 69:21 69:22 70:16 70:23 71:5 71:7 71:16 71:20 71:24 71:24

**thinking(1)** 43:18

**third(6)** 13:2 13:10 13:24 70:11 71:9 71:19

**thirty(1)** 13:9

**thirty-third(1)** 12:19

**this(94)** 14:6 14:21 14:23 14:24 16:14 17:1 17:2 17:3 17:4 17:7 17:13 17:15 18:12 18:14 18:14 19:5 20:6 20:15 20:25 21:7 22:22 23:5 23:25 24:10 24:18 24:22 25:1 25:4 25:10 27:9 28:4 29:23 31:18 32:4 32:8 33:10 33:12 33:13 33:17 33:21 34:1 34:2 35:1 35:1 35:16 36:10 37:5 37:10 37:24 38:9 38:13 41:5 44:19 45:20 47:1 47:10 49:5 51:25 52:16 53:2 53:6 54:14 54:20 57:11 57:22 58:13 59:13 60:10 60:10 60:19 60:21 61:5 61:7 62:6 62:17 62:20 63:12 64:19 65:5 65:9 65:11 65:19 66:13 67:14 67:20 68:20 69:13 69:17 70:25 71:2 71:19 71:22 72:19

**thomas(3)** 2:5 4:15 5:21

**thornburg(1)** 3:4

**those(32)** 16:11 19:13 31:17 38:4 38:11 38:11 38:23 39:19 41:7 45:5 46:8 49:9 49:21 49:25 50:3 50:7 50:8 51:20 53:23 54:13 56:1 56:4 57:9 57:11 59:1 60:16 63:25 64:25 68:13 68:16 69:25 71:6

**though(1)** 34:15

# TRIBUNE-1.11.12.DOC

| Word | Page:Line |
|---|---|

**thought**(10) 19:9 21:3 32:5 37:24 38:24 52:15 59:19 60:13 63:19 69:21

**thoughtful**(1) 37:9

**thousands**(1) 27:14

**three**(10) 12:7 14:7 14:15 15:25 35:5 35:23 41:12 44:1 44:6 56:13

**through**(8) 12:9 14:17 21:13 55:22 58:9 60:13 63:10 71:20

**throughout**(1) 21:14

**thursday**(1) 63:24

**till**(1) 36:16

**time**(51) 13:3 15:5 16:3 16:14 16:15 17:8 17:14 18:8 18:9 18:20 18:24 18:25 20:19 20:20 22:21 23:3 24:16 25:24 25:25 27:17 31:24 32:2 32:2 33:11 35:25 43:4 43:7 43:12 44:4 44:16 44:21 45:1 47:16 48:1 48:3 48:8 48:10 48:22 51:10 51:11 52:16 54:16 58:16 62:4 62:17 65:16 65:21 66:2 70:24 71:10 72:14

**timeframe**(2) 47:13 67:19

**timeframes**(1) 39:5

**times**(2) 2:13 64:11

**timetable**(2) 46:16 58:10

**timing**(2) 37:19 47:18

**tina**(1) 11:16

**tiny**(1) 19:14

**today**(16) 12:8 13:18 14:9 40:16 46:20 46:22 48:5 49:25 50:3 50:19 51:6 51:13 56:2 58:3 58:8 61:8

**today's**(1) 69:14

**together**(3) 46:16 50:24 65:9

**told**(3) 22:10 24:7 32:1

**tomorrow**(1) 72:14

**too**(4) 27:15 32:7 41:1 57:12

**took**(2) 15:24 16:7

**top**(1) 59:16

**torres**(1) 9:5

**touched**(2) 21:19 44:13

**track**(8) 30:8 30:9 31:6 34:8 34:8 38:23 38:24 58:11

**trade**(2) 45:18 46:6

**transcript**(4) 1:18 1:48 21:13 73:3

**transcription**(2) 1:41 1:48

**trb-egi**(1) 58:25

**treatment**(1) 45:10

**tribune**(14) 1:8 5:13 5:24 15:5 15:6 15:9 16:23 19:12 19:18 19:20 20:11 20:23 27:14 27:19

**tried**(2) 43:16 58:13

**trivial**(1) 36:14

**trouble**(1) 70:17

**true**(2) 17:7 51:2

**trump**(1) 8:27

**trust**(8) 2:10 9:4 10:38 33:3 33:5 48:14 49:13 54:7

**trustee**(3) 4:4 4:4 48:15

**try**(4) 22:6 62:13 66:18 69:17

**trying**(15) 38:1 48:21 54:18 60:18 60:22 62:5 62:6 62:14 64:14 64:17 64:22 67:3 67:15 71:8 71:20

**tuesday**(1) 63:20

**turn**(1) 26:25

**turning**(2) 27:22 34:7

**turns**(1) 45:21

**tweed**(1) 11:24

**twenty**(1) 13:7

**twenty-fourth**(1) 12:17

**twenty-seventh**(1) 12:18

**two**(24) 12:8 14:24 20:21 30:10 30:22 31:25 36:13 37:18 39:18 41:12 42:11 44:9 47:25 49:6 49:7 59:1 59:21 63:17 64:24 65:3 65:25 67:25 68:1 70:9

**two-day**(1) 40:13

**two-track**(3) 47:5 47:9 47:15

**type**(1) 25:1

**types**(1) 38:11

**ultimately**(4) 17:13 46:3 47:6 47:14

**unable**(2) 23:19 24:4

**unaware**(1) 16:6

**under**(27) 14:21 14:25 15:1 16:8 16:16 17:17 18:13 20:6 21:12 22:1 23:18 34:6 36:10 40:17 40:18 41:19 41:15 41:15 42:6 44:24 44:24 46:7 46:15 51:2 52:7 54:4 63:5

**understand**(7) 14:8 25:2 25:7 34:10 34:22 64:13 66:21

**understanding**(4) 20:10 26:10 26:12

**understood**(2) 59:12 60:18

**unfair**(1) 40:5

**unfamiliar**(1) 16:6

**unfamiliarity**(1) 16:9

**unilaterally**(1) 55:24

**unintelligible**(1) 20:12

**united**(2) 1:1 1:20

**universe**(2) 39:25 71:21

**unknown**(1) 65:10

**unless**(4) 18:2 34:1 48:9 71:4

**unreasonable**(1) 17:23

**unsecured**(2) 2:24 4:12

**until**(20) 15:24 17:22 21:11 23:3 30:14 30:16 30:24 31:8 34:11 34:18 35:13 40:20 47:11 50:17 52:3 54:22 54:24 58:20 62:15 65:20

**untimely**(3) 14:16 15:25 17:25

**updated**(1) 70:2

**upon**(10) 21:19 22:25 39:5 39:11 39:15 56:18 58:5 58:15 59:7 59:9

**urge**(1) 54:23

**usb**(2) 6:29 6:29

**usdr**(1) 13:12

**use**(1) 47:19

**using**(1) 42:7

**usually**(1) 34:14

**vail**(1) 8:31

**valuation**(2) 69:19 70:1

**value**(1) 54:8

**vanschyndle**(1) 8:35

**various**(2) 35:6 47:21 54:6

**very**(17) 19:14 29:20 29:20 36:14 40:11 45:24 47:1 47:5 49:10 52:22 56:10 61:1 61:4 65:1 71:19 72:4 72:18

**vice**(3) 22:3 24:5 25:9

**view**(3) 35:11 38:25 70:1

**views**(2) 31:24 48:25

**vigorously**(1) 35:25

**violate**(1) 50:22

**virtue**(1) 45:21

**vitality**(2) 33:20 45:25

**voices**(1) 35:11

**von**(1) 13:9

**vonnegut**(1) 3:26

**vote**(13) 35:8 38:19 45:12 45:13 45:15 46:3 46:8 46:10 48:2 54:12 57:17 59:6 59:14

**votes**(3) 34:25 56:18 56:21

**voting**(5) 35:13 45:9 61:9 63:4 69:5

**wait**(8) 30:24 41:17 41:22 42:1 42:3 51:12 52:3 62:14

**waited**(1) 17:22

**waiting**(1) 30:15

**walker**(1) 13:15

**walrath**(1) 33:15

**walrath's**(1) 60:7

**walsh**(1) 7:14

**want**(15) 12:9 30:13 30:14 40:14 50:10 56:13 56:14 58:12 60:25 61:20 61:25 62:15 66:13 66:15 67:23

**wanted**(3) 31:24 56:2 67:20

**wants**(1) 62:4

**wardwell**(1) 7:5

**was**(84) 12:14 15:5 15:9 15:14 15:14 15:21 16:2 16:5 16:5 16:10 16:18 16:25 17:6 17:7 17:8 17:12 17:18 17:21 17:23 18:6 18:14 18:14 18:16 18:17 18:18 18:22 18:25 19:2 19:4 19:10 19:13 19:13 19:13 19:14 19:21 19:22 19:24 20:6 20:12 20:15 20:18 20:19 21:3 21:6 21:10 21:11 21:20 21:23 22:1 22:10 23:17 23:18 23:19 24:4 24:8 29:10 31:15 32:1 33:14 34:12 37:25 38:1 38:12 38:19 44:4 49:13 51:7 51:8 53:2 53:14 56:16 57:4 58:13 58:20 59:10 59:24 60:4 60:13 63:4 68:4 71:5 71:25 72:20

**washington**(2) 4:8 33:15

**wasn't**(1) 34:4

**wasn't**(1) 60:2

**waste**(1) 62:17

**waterstone**(1) 10:16

**watkins**(1) 6:36

**way**(20) 17:24 29:7 32:14 33:7 33:8 36:7 42:21 48:2 49:21 50:6 50:21 50:25 51:7 57:3 63:2 63:12 63:16 71:11 72:5 72:17

**ways**(1) 66:1

**we're**(5) 29:25 35:22 36:5 36:17 37:2

**we've**(4) 15:7 29:21 32:9 39:23

**weak**(1) 48:23

**website**(2) 62:22 63:10

**wed**(1) 12:1

**week**(13) 18:16 29:15 35:23 36:6 39:16 42:5 42:7 43:25 44:5 44:8 52:11 55:7 55:8

**weekend**(1) 68:17

**weeks**(11) 30:16 30:21 36:16 41:23 42:11 44:6 44:10 49:19 62:16 63:6 63:10

**weigh**(1) 71:14

**weighed**(1) 58:8

**weight**(1) 53:23

**weil**(1) 7:13

**weiss**(2) 7:34 8:39

**weitman**(1) 5:31

**well**(22) 17:14 24:14 28:1 33:1 33:2 33:7 35:10 35:21 37:12 38:4 38:16 43:7 43:12 48:6 60:5 60:13 64:6 64:7 64:24 65:21 65:25 69:18

**wells**(2) 6:20 13:7

**were**(24) 15:4 15:19 16:1 16:24 17:9 31:16 32:12 34:13 35:12 37:25 38:1 38:19 41:21 42:20 43:8 46:7 49:10 49:12 55:14 56:22 58:16 60:15 64:18 71:19

**west**(2) 2:47 3:7

**wexford**(1) 9:34

**we'd**(5) 46:17 47:12 55:1 62:13 70:17

**we'll**(18) 45:25 49:22 50:5 51:12 51:15 51:19 51:20 63:21 65:20 65:24 66:18 67:17 69:12 69:14 69:24 72:3 72:14 72:17

**we're**(24) 50:19 50:23 52:11 52:13 60:20 60:21 61:19 62:5 62:6 62:12 62:14 62:16 64:14 64:17 64:22 67:3 67:15 67:17 68:15 69:1 69:13 69:17 70:25 71:8

**we've**(5) 55:19 62:2 67:17 71:22 72:10

**wharton**(1) 7:34

**what**(64) 12:10 12:10 17:5 18:3 19:13 22:6 23:17 24:2 24:9 24:17 25:1 25:6 25:21 28:2 28:7 28:11 33:1 33:2 34:17 36:6 36:7 36:11 36:22 37:2 37:12 37:25 38:1 38:17 39:22 39:24 39:25 39:25 42:17 45:13 47:6 48:23 49:3 50:7 50:18 53:14 53:21 54:3 54:10 54:25 56:22 56:23 56:24 57:7 57:14 57:20 58:17 60:14 61:19 62:1 62:6 62:14 62:15 63:16 64:14 64:22 66:9 66:11 67:20 71:20

**whatever**(1) 53:19

**whatsoever**(1) 60:9

**what's**(5) 50:2 63:1 63:8 63:9 72:4

**when**(27) 15:25 17:9 17:10 22:4 22:8 24:3 27:20 31:16 32:20 33:11 40:8 41:22 42:23 44:2 44:7 45:9 48:22 52:25 53:1 53:25 55:4 55:5 55:6 59:14 62:24 65:23 69:16

**whenever**(4) 45:25 62:10 66:10 66:11

**where**(12) 14:19 17:3 18:13 22:18 31:7 58:5 58:6 59:5 59:13 60:1 68:20 70:8

**whereupon**(1) 72:20

**whether**(37) 14:18 15:1 16:15 20:5 21:20 22:16 26:15 28:9 28:18 30:24 31:13 31:16 32:16 32:20 38:20 40:5 40:6 45:12 45:14 45:22 46:3 46:10 49:14 49:21 50:5 50:6 50:16 50:17 52:20 50:25 51:7 51:12 60:20 61:8 64:1 70:13 70:22

**which**(51) 12:8 13:19 14:7 15:8 15:11 16:13 16:15 18:15 21:14 21:15 24:9 24:16 24:17 24:19 24:22 25:5 26:8 27:20 31:14 31:22 33:20 34:8 37:7 37:18 38:2 38:4 38:7 42:6 43:1 43:7 43:24 45:16 45:24 47:7 47:8 48:23 48:24 49:24 52:23 53:5 54:2 56:4 56:14 56:23 57:9 58:15 59:22 63:5 68:4 68:20 70:11

**while**(3) 33:17 54:7 71:22

**white**(1) 6:20

**who**(13) 17:4 20:17 21:3 31:18 37:5 38:9 39:22 42:10 46:6 52:2 57:2 57:3 57:16

**whole**(2) 57:19 59:22

**why**(9) 15:22 17:20 23:22 37:1 37:3 42:1 42:3 43:9 62:16

**wickersham**(1) 9:12

**widest**(2) 57:24 57:25

**wild**(1) 11:34

**will**(63) 22:13 24:15 25:18 25:24 26:1 26:4 26:22 26:25 28:20 30:18 34:17 36:23 38:8 38:9 39:18 40:3 40:8 40:9 41:25 43:13 43:15 44:13 44:14 44:16 45:3 45:4 45:8 45:12 45:14 45:20 46:3 46:4 46:7 46:18 47:6 47:8 47:14 48:19 49:19 50:16 50:24 52:18 52:20 54:16 55:7 55:11 57:4 57:7 57:12 58:6 58:7 59:6 59:14 61:5 62:17 65:6 66:23 67:22 68:13 70:24 71:6 71:25 72:19

**william**(2) 2:18 11:29

**wilmer**(1) 10:30

# TRIBUNE-1.11.12.DOC

| Word | Page:Line | Word | Page:Line |
|---|---|---|---|

**wilmington**(18) 1:12  1:36  2:7  2:10  2:20  2:26  2:48  3:9  3:22  3:36  3:42  3:50  10:38  12:1  24:25  33:3  33:5  48:14

**winfree**(1) 3:20
**wisdom**(1) 32:19
**wish**(7) 25:16  51:23  56:9  61:2  61:11  71:14  72:7

**with**(102) 12:15  13:6  13:8  13:10  13:11  13:13  13:15  13:18  13:19  13:24  14:1  16:2  16:6  16:9  16:11  17:5  19:5  19:6  19:16  19:17  19:25  20:25  21:7  21:16  22:9  22:24  23:10  24:3  24:6  25:16  25:22  26:4  26:5  26:24  28:11  28:16  28:19  29:7  30:3  31:4  32:21  33:3  33:8  34:3  34:9  35:13  37:13  39:11  39:13  39:17  40:4  40:6  42:15  42:21  43:22  44:19  45:9  45:11  45:21  47:25  48:16  48:17  48:24  49:4  49:8  49:12  49:20  50:11  51:2  51:9  51:13  51:13  52:9  52:22  54:1  54:18  55:10  55:18  57:6  57:8  58:14  59:17  61:8  62:2  62:13  64:2  65:2  65:3  67:15  68:5  68:7  68:19  69:13  70:6  70:9  70:17  70:23  71:1  71:6  71:7  71:10  72:3

**within**(5) 40:13  43:3  43:6  43:7  59:4
**without**(6) 36:22  36:23  53:25  54:15  55:25  55:25

**witnesses**(1) 69:16
**womble**(1) 2:4
**won't**(3) 36:24  38:9  40:20
**wonder**(1) 65:9
**won't**(2) 47:9  62:25
**word**(2) 65:7  68:24
**work**(14) 26:4  34:14  46:18  46:21  47:22  50:24  51:20  62:13  67:15  67:24  70:17  70:24  71:8  71:25

**worked**(1) 70:3
**working**(2) 27:14  68:3
**workman**(1) 3:5
**works**(4) 43:12  48:6  48:6  48:19
**world**(1) 34:10
**worried**(1) 44:22
**worth**(3) 33:16  38:16  38:16
**would**(70) 17:2  17:5  17:16  18:1  18:4  18:6  19:9  19:21  20:13  20:17  20:17  21:2  21:5  21:5  21:16  22:21  22:25  24:12  24:20  24:21  25:8  25:20  27:21  27:23  28:8  28:15  31:1  31:2  31:7  31:10  32:2  34:4  34:11  34:23  35:3  35:5  35:19  37:22  38:17  38:23  39:14  42:1  42:9  42:21  43:9  44:7  46:8  48:4  49:18  50:8  50:22  51:4  52:10  52:23  52:24  53:20  53:20  53:22  54:5  54:10  54:13  54:19  54:23  55:23  61:8  65:15  66:9  71:18  72:9

**wouldn't**(1) 35:13
**wouldn't**(3) 41:19  41:21  61:9
**wow**(1) 57:11
**writing**(1) 36:9
**written**(3) 28:3  37:9  64:8
**wrong**(5) 41:2  41:4  51:10  51:11  60:21
**wrote**(1) 39:22
**www.diazdata.com**(1) 1:45
**years**(2) 25:3  35:23
**yes**(7) 14:11  23:9  45:10  51:25  59:14  67:9  72:11

**yesterday**(2) 50:10  56:3
**yet**(6) 25:2  31:18  38:24  40:3  65:8  70:3
**yorba**(1) 7:40
**york**(6) 2:14  2:34  3:16  3:29  9:15  19:15

**you**(171) 12:9  18:3  19:8  19:9  19:9  21:12  21:13  23:4  23:5  23:6  23:7  23:8  23:10  23:14  23:23  23:24  23:25  23:25  24:10  24:12  24:15  24:20  24:23  25:7  25:12  25:14  25:15  25:16  25:16  25:17  25:19  25:22  25:23  25:24  25:24  25:25  26:1  26:3  26:6  26:23  26:24  27:6  27:17  28:11  28:23  29:3  29:9  30:6  31:12  31:16  32:10  32:17  32:20  33:1  33:11  34:2  34:6  35:11  35:22  36:5  36:7  36:8  36:9  36:15  36:23  37:5  37:9  37:12  37:19  37:23  37:25  38:17  38:17  38:18  38:19  38:20  38:24  39:3  39:7  39:12  40:25  40:25  40:25  41:2  41:9  41:21  42:21  42:23  42:25  43:8  44:20  46:13  46:14  46:24  47:6  47:7  47:14  47:20  47:20  48:9  48:12  49:1  49:12  50:8  50:9  50:10  50:13  50:19  50:23  51:6  51:9  51:10  51:11  51:15  51:17  51:22  52:6  52:21  52:24  56:7  56:8  56:16  56:25  57:1  57:5  57:10  57:18  57:21  58:1  59:1  59:6  60:2  61:1  61:2  61:11  63:11  64:2  64:4  64:18  65:8  65:12  65:12  65:16  65:16  65:22  66:4  66:10  66:11  67:7  67:8  67:11  67:12  67:15  67:18  67:19  67:20  67:23  67:23  68:18  68:24  69:3  69:8  69:13  69:18  69:24  70:1  70:17  71:13  72:6  72:14  72:18

**you'd**(3) 25:6  25:17  27:11
**you'll**(1) 29:6
**you're**(3) 28:22  36:14  38:2
**you've**(4) 32:22  37:17  38:1  38:13
**young**(3) 2:45  8:38  13:2
**your**(155) 12:5  12:7  14:2  14:4  14:14  16:9  17:18  18:4  23:9  23:13  23:21  24:11  24:13  24:21  24:24  25:2  25:17  25:18  26:4  26:7  26:22  26:24  27:2  27:5  27:6  27:7  27:19  27:20  28:13  28:17  28:22  28:25  29:4  29:6  29:10  29:12  29:19  30:3  30:24  31:9  31:15  31:15  32:18  32:19  32:19  33:4  33:10  34:7  35:3  35:7  35:15  35:16  36:4  36:12  36:20  37:4  37:8  37:17  37:20  38:6  38:10  38:15  38:16  39:3  39:7  39:8  39:11  39:11  40:14  40:21  40:24  41:6  41:10  41:10  41:11  42:15  42:16  42:25  43:8  43:8  43:17  43:17  43:21  44:2  44:10  44:13  44:14  44:18  44:23  45:3  45:17  45:19  45:21  46:12  46:17  47:5  47:5  47:14  47:16  47:19  47:23  48:5  48:8  48:13  49:4  49:15  49:22  50:11  51:9  51:25  52:6  52:12  52:21  52:22  52:24  53:11  53:13  53:16  53:19  53:24  55:15  56:8  56:10  56:15  56:24  56:25  57:12  57:22  58:1  58:2  58:10  58:12  58:18  58:20  58:21  58:21  58:24  59:9  60:12  60:23  60:24  61:4  61:6  61:13  62:24  63:17  64:18  65:18  65:23  66:5  67:13  68:17  70:3  71:15  72:8

**yourself**(1) 58:18
**you'll**(2) 57:6  65:22
**you're**(3) 51:14  59:1  72:10
**you've**(2) 57:14  71:21
**zabel**(1) 4:35
**zelmanovitz**(1) 9:19
**zensky**(6) 3:13  69:9  70:15  71:10  71:15  71:16

**zloto**(1) 6:13
**zuckerman**(1) 4:19
**"discovery**(1) 71:3
**"retiree**(1) 46:4