# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Hearing Date: February 15, 2012 at 10:00 a.m. ET**<br>**Objection Deadline: February 8, 2012 at 4:00 p.m. ET** |

## DEBTORS' FIFTIETH OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL RULE 3007-1

### ("AMENDED CLAIMS")

> **Claimants receiving this objection should locate their name(s) and claim number(s) on <u>Exhibit A</u> to this Objection. The grounds for the Objection are set forth herein.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347);Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

> **The relief sought herein is without prejudice to the Debtors' rights to pursue further substantive or non-substantive objections against the Claims listed on <u>Exhibit A</u> to this Objection.**

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "<u>Debtor</u>" and collectively, the "<u>Debtors</u>"), by and through their undersigned counsel, hereby file this fiftieth omnibus objection to claims (the "<u>Objection</u>"), which Objection covers certain claims that have been amended by claims subsequently filed by or on behalf of the same claimants in respect of the same liabilities, as so indicated on the face of the claims (the "<u>Amended Claims</u>") listed on <u>Exhibit A</u> attached hereto and to the proposed order submitted herewith, pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>").  By this Objection, the Debtors request the entry of an order expunging and disallowing the Amended Claims, as indicated in further detail below.  In support of this Objection, the Debtors rely on the declaration of John Rodden, Vice President of Tribune Company (the "<u>Rodden Declaration</u>"), attached hereto as <u>Exhibit B</u>.  In further support, the Debtors respectfully state as follows:

## <u>STATUS OF THE CASE AND JURISDICTION</u>

1.    On December 8, 2008 (the "<u>Petition Date</u>"), Tribune Company ("<u>Tribune</u>") and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>").  An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

46429/0001-8209548v1

under chapter 11 of the Bankruptcy Code on October 12, 2009.  In all, the Debtors comprise 111 entities.

      2.      The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  (D.I. 43, 2333).

      3.      The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

      4.      On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee").

      5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1.

## FACTUAL BACKGROUND TO THE OBJECTION

      6.      On March 23, 2009, the Debtors filed their schedules of assets and liabilities and statements of financial affairs (D.I. 567-789), which were subsequently amended on April 13, 2009 (D.I. 894-957), June 12, 2009 (D.I. 1343-1453), March 2, 2010 (D.I. 3548-3599), on May 14, 2010 (D.I. 4388), and January 28, 2011 (D.I. 7661-7671) (collectively, the "Schedules").[3]

---

[3] Tribune CNLBC, LLC filed its schedules of assets and liabilities and statements of financial affairs on October 12, 2009 (CNLBC D.I. 8 and 9), which were subsequently amended on December 9, 2009 (D.I. 2779), May 14, 2010 (D.I. 4389), and January 28, 2011 (D.I. 7665).

46429/0001-8209548v1

7.    On March 26, 2009, the Court entered an order (the "Bar Date Order") (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11 cases and (ii) approving the form and manner of notice of the Bar Date.[4]    The Bar Date Order granted any claimants holding a claim affected by amendments to the Schedules and any claimants holding a claim relating to a Debtor's rejection of an executory contract or unexpired lease an additional 30 days from the applicable amendment or supplement to the Schedules or effective date of rejection to file a proof of claim or amend a previously filed proof of claim in connection therewith.

8.    Written notice of the Bar Date was mailed to, among others, all known creditors listed on the Schedules, as amended, and the Bar Date Order was served on all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date Order. *See* Affidavit of Mailing (D.I. 1073) and Supplemental Affidavit of Mailing (D.I. 1129). In addition to mailing such actual notice, the Debtors also published notice of the Bar Date in the *Wall Street Journal*, *New York Times*, *Chicago Tribune*, and *Los Angeles Times* on May 12, 2009.

9.    To date, approximately 7,092 Proofs of Claim have been filed in these chapter 11 cases. The Proofs of Claim are recorded on the official claims register (the "Claims Register") maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent").

---

[4] The Bar Date for the filing of Proofs of Claim against Tribune CNLBC, LLC was July 26, 2010. See Order Establishing Bar Date for Filing Proofs of Claim in the Tribune CNLBC, LLC Bankruptcy Case and Approving the Form and Manner of Notice Thereof entered on June 7, 2010 (D.I. 4709).

10.    Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified the seven (7) Amended Claims[5] listed on <u>Exhibit A</u>, in the aggregate amount of $376,331,534.70, as filed claims that have been amended and superseded by a subsequently-filed claim by the same claimant on account of the same liability.

## RELIEF REQUESTED

11.    By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1, disallowing in full and expunging each of the Amended Claims identified on <u>Exhibit A</u> as filed claims that have been amended and superseded by another claim subsequently filed against the Debtors by or on behalf of the same claimants in respect of the same liabilities.  In addition, the Debtors request authority to direct the Claims Agent to modify the Claims Register to comport with the entry of this Order.  This Objection complies in all respects with Local Rule 3007-1.

## BASIS FOR OBJECTION

12.    Section 502(b) of the Bankruptcy Code provides in pertinent part:

[I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful

---

[5] The Debtors have previously filed omnibus objections to claims on the basis that such claims have been amended and superseded by subsequently-filed claims by the same claimant on account of the same liability. Each of these omnibus objections has been sustained. <u>See</u> Debtors' Second (Non-Substantive) Objection to Claims (D.I. 2093), sustained by Order dated October 2, 2009 (D.I. 2270); Debtors' Third (Non-Substantive) Objection to Claims (D.I. 2094), sustained by Order dated October 2, 2009 (D.I. 2272); Debtors' Sixth (Non-Substantive) Objection to Claims (D.I. 2466), sustained by Order dated November 25, 2009 (D.I. 2668); Debtors' Seventeenth Omnibus (Non-Substantive) Objection to Claims (D.I. 3507), sustained by Order dated March 22, 2010 (D.I. 3802); Debtors' Twenty-Sixth Omnibus (Non-Substantive) Objection to Claims (D.I. 4093), sustained by Order dated May 14, 2010 (D.I. 4417); Debtors' Thirtieth Omnibus (Non-Substantive) Objection to Claims (D.I. 4444), sustained by Order dated June 14, 2010 (D.I. 4777); Debtors' Thirty-Fifth Omnibus (Non-Substantive) Objection to Claims (D.I. 5148), sustained by Order dated September 14, 2010 (D.I. 5689); Debtors' Thirty-Seventh Omnibus (Non-Substantive) Objection to Claims (D.I. 7424), sustained by Order dated February 4, 2011 (D.I. 7791); Debtors' Forty-First Omnibus (Non-Substantive) Objection to Claims (D.I. 7675), sustained by Order dated March 1, 2011 (D.I. 8204); Debtors' Forty-Third Omnibus (Non-Substantive) Objection to Claims (D.I. 9006), sustained by Order dated June 2, 2011 (D.I. 9345); Debtors' Forty-Sixth Omnibus (Non-Substantive) Objection to Claims (D.I. 9788), sustained by Orders dated October 19, 2011 (D.I. 10022) and November 16, 2011 (D.I. 10236).

46429/0001-8209548v1

currency of the United States as of the date of the filing of the
petition, and shall allow such claim in such amount, except to the
extent that—

> (1)    such claim is unenforceable against the debtor and
> property of the debtor, under any agreement or applicable
> law for a reason other than because such claim is
> contingent or unmatured . . . .

11 U.S.C. § 502(b)(1).

13.    The relief requested in this Objection is necessary to prevent the

allowance of the Amended Claims, each of which has been superseded and remains on the

Claims Register only as a technicality.  Accordingly, the Debtors seek to disallow in full and

expunge the Amended Claims and thereby (i) prevent the claimants from obtaining a double

recovery on account of any single obligation and (ii) limit the claimants to a single claim for

those amounts currently asserted by the claimant in respect of the same liabilities.

14.    The claims set forth under the column heading "Surviving Claims" on

Exhibit A (the "Surviving Claims") represent the claims that were subsequently filed by or on

behalf of the claimants in respect of the same liabilities as the Amended Claims, as so indicated

on the face of the Surviving Claims.  The Surviving Claims have thus amended and superseded

the Amended Claims.  By filing the Surviving Claims, the claimants liquidated or otherwise

modified the liability originally identified in the Amended Claims.  Thus, the elimination of the

Amended Claims is consistent with the apparent intent of the claimants in filing the Surviving

Claims.

15.    The Surviving Claims identified on Exhibit A will remain on the Claims

Register as outstanding liabilities, subject to the Debtors' right to object on any grounds that

bankruptcy or nonbankruptcy law permits or until withdrawn by the claimants or disallowed by

the Court.  See generally 11 U.S.C. § 502(a).  In other words, the Surviving Claims will be

unaffected by the relief sought in this Objection, and the claimants' rights to assert these

6

liabilities against the relevant Debtors' estates will be preserved, subject to the Debtors' ongoing rights to object to the Surviving Claims on any other applicable grounds.

16.    For these reasons, the Debtors object to the allowance of each of the Amended Claims and request that such Amended Claims be disallowed in their entirety and expunged.

## RESERVATION OF RIGHTS

17.    The Debtors hereby reserve their right to amend, modify, and/or supplement this Objection, including to object to any of the Proofs of Claim listed on Exhibit A to this Objection on any additional grounds, prior to the entry of an order sustaining this Objection.  Additionally, with respect to the Surviving Claims on Exhibit A, the Debtors reserve their right to object to such claims in the future on any applicable grounds.  Separate notice and hearing will be provided and scheduled, respectively, for any such objection.

18.    Notwithstanding anything contained in this Objection or in Exhibit A attached to this Objection and to the order, nothing herein shall be construed as a waiver of any rights that the Debtors may have to exercise their rights of setoff against the holders of claims subject to this Objection.

19.    The Debtors hereby reserve their right to amend, modify, and/or supplement this Objection at any time prior to the hearing on this Objection. The Debtors further reserve their right to adjourn the hearing on this Objection as it pertains to any or all of the Amended Claims.  In the event that the Debtors so adjourn the hearing, they will state that the hearing on the Objection and/or any response filed in connection therewith and/or all applicable deadlines for responsive pleadings have been adjourned on the agenda for the hearing, which agenda will be served on any party affected by such adjournment.

7

## NOTICE

20.    Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel for the administrative agents for Tribune's prepetition loan facilities; (iv) counsel for the administrative agent for the Debtors' postpetition financing facility; (v) the claimants listed on Exhibit A; and (vi) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

[Remainder of Page Intentionally Left Blank]

46429/0001-8209548v1

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request

that the Court enter an order, pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy

Rules 3001 and 3007, and Local Rule 3007-1, (i) disallowing in full and expunging each of the

Amended Claims set forth on <u>Exhibit A</u>; (ii) authorizing the Claims Agent to expunge the

Amended Claims from the Claims Register; and (iii) granting such other and further relief as the

Court deems just and proper.

Dated: Wilmington, Delaware        Respectfully submitted,
      January 13, 2012

                                          SIDLEY AUSTIN LLP
     James F. Conlan
     Bryan Krakauer
     Kevin T. Lantry
     Kenneth P. Kansa
     Michael T. Gustafson
     One South Dearborn Street
     Chicago, Illinois 60603
     Telephone:  (312) 853-7000
     Facsimile:  (312) 853-7036

                -and-

     COLE, SCHOTZ, MEISEL,
     FORMAN & LEONARD, P.A.

     By: _____
     Norman L. Pernick (No. 2290)
     J. Kate Stickles (No. 2917)
     Patrick J. Reilley (No. 4451)
     500 Delaware Avenue, Suite 1410
     Wilmington, Delaware 19801
     Telephone:  (302) 652-3131
     Facsimile:  (302) 652-3117

     ATTORNEYS FOR DEBTORS AND
     DEBTORS IN POSSESSION

46429/0001-8209548v1