**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

-------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY et al., | Case No. 08-13141 (KJC) |
| | (Jointly Administered) |
| Debtors. | **Hearing Date:  (To be determined)** |

-------------------------------------------------------x

**Objections Due: February 2, 2012 @ 4:00 p.m.**

**NINTH INTERIM FEE APPLICATION OF ZUCKERMAN SPAEDER LLP**
**FOR INTERIM APPROVAL AND ALLOWANCE OF**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Applicant:  Zuckerman Spaeder LLP

Authorized to Provide Professional Services to:  The Official Committee of Unsecured Creditors

Date of Retention:  August 6, 2009 (Order entered September 3, 2009)

Period for which compensation and
Reimbursement is sought:  September 1, 2011 through November 30, 2011

Amount of Compensation sought
as actual, reasonable and necessary:  $277,245.25

Amount of Expense Reimbursement sought
as actual, reasonable and necessary:  $8,317.30

This is Applicant's Ninth Interim Fee Application.  11.30 hours of time were expended during the Application Period in preparation of monthly and interim fee applications, and $6,830.00 is the corresponding compensation request.

| Previous Applications | | Requested | | Approved | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| 1/15/10 | 8/6/09-11/30/09 | $1,262,525.75 | $   36,386.06 | $ 1,259,242.25 | $   34,803.77 |
| 4/15/10 | 12/1/09-2/28/10 | $1,000,919.75 | $1,031,725.76 | $ 998,432.25 | $ 1,028,318.80 |
| 7/15/10 | 3/1/10-5/31/10 | $  579,613.50 | $  337,176.57 | $ 575,728.00 | $  336,798.75 |
| 10/15/10 | 6/1/10-8/31/10 | $  438,551.50 | $  846,788.23 | $0.00 | $0.00 |
| 1/14/11 | 9/1/10-11/30/10 | $  868,159.25 | $  559,304.80 | $0.00 | $0.00 |
| 4/21/11 | 12/1/10-2/28/11 | $1,251,707.75 | $2,741,330.92 | $0.00 | $0.00 |
| 7/15/11 | 3/1/11-5/31/11 | $1,112,522.00 | $  111,383.98 | $0.00 | $0.00 |
| 10/14/11 | 6/1/11-8/31/11 | $  416,533.75 | $   19,722.60 | $0.00 | $0.00 |

## ATTACHMENT

| Name of Professional Person | Position of Applicant | Hourly Billing Rate (incl. changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Graeme W. Bush | Partner, complex business and bankruptcy litigation; admitted 1976 | $850.00 | 31.60 | $26,860.00 |
| James Sottile | Partner, complex insurance and mass tort litigation; admitted 1986 | $725.00 | 124.40 | $90,190.00 |
| Andrew N. Goldfarb | Partner, bankruptcy and complex litigation; admitted 1996 | $600.00 | 178.90 | $107,340.00 |
| Shawn P. Naunton | Partner, civil litigation; admitted 1997 | $590.00 | 3.50 | $2,065.00 |
| P. Andrew Torrez | Partner, civil litigation; admitted 1997 | $585.00 | 17.80 | $10,413.00 |
| Andrew Caridas | Associate, litigation; admitted 2008 | $340.00 | 40.40 | $13,736.00 |
| Jer-Wei (Jay) Chen | Paralegal, 10th year | $270.00 | 4.30 | $1,161.00 |
| Lisa Medoro | Paralegal, 5th year | $265.00 | 45.60 | $12,084.00 |
| Jeanne Trahan Faubell | Library Director/Law Librarian, 4th year | $175.00 | 2.50 | $ 437.50 |
| Kimberly Wilson | Library assistant, 7 years' experience | $175.00 | .30 | $ 52.50 |

Grand Totals: 449.30 hours and $264,339.00
Blended Rate: $588.34 per hour
(excluding non-working travel time)

1

## COMPENSATION BY PROJECT CATEGORY

| MATTER | | TOTAL HOURS | TOTAL AMOUNT |
|---|---|---|---|
| 0001 | Bank Claims | 438.00 | $ 257,509.00 |
| 0002 | Retention/Fee Applications | 11.30 | $ 6,830.00 |
| 0003 | Non-Working Travel Time (charged ½ time) | 36.50 | $ 12,906.25 |
| | Totals: | 485.80 | $277,245.25 |

2

## <u>ITEMIZED EXPENSES</u>

EXPENSES

| | | |
|---|---|---|
| Travel – Train/Air/Hotel | $ | 1,187.69 |
| Taxi Service and Parking | $ | 107.58 |
| Miscellaneous Expenses – BB&T Financial | $ | 84.92 |
| Express Delivery – FEDEX | $ | 103.72 |
| Parcels – E-Filing | $ | 4,990.00 |
| Filing Fee – Clerk of Court (SDNY) | $ | 46.00 |
| Outsourced Document Serv. – LexisNexis Risk Data Management | $ | 211.45 |
| Courier Service – Washington Express | $ | 265.53 |
| Docket Research – Pacer | $ | 137.84 |
| Docket Research – Westlaw Research | $ | 925.50 |
| Telephone Conferencing – SoundPath | $ | 82.62 |
| In-house Photocopy | $ | 22.80 |
| Long Distance Telephone | $ | 110.52 |
| Postage | $ | 41.13 |
| | | |
| TOTAL EXPENSES | $ | 8,317.30 |

3

## NARRATIVE

Pursuant to 11 U.S.C. §§ 330 and 331 and Rule 2016 of the Federal Rules of Bankruptcy Procedure, the law firm of Zuckerman Spaeder LLP ("Zuckerman") hereby moves this Court for an order awarding it reasonable compensation with respect to the above-captioned chapter 11 cases for professional legal services rendered as special counsel to the Official Committee of Unsecured Creditors (the "Committee") in the amount of $277,245.25 together with reimbursement for actual and necessary expenses incurred in the amount of $8,317.30 for the period September 1, 2011, through and including November 30, 2011 (the "Application Period"), and respectfully represents as follows:

1.      Pursuant to an Order entered by this Court on September 3, 2009 (Docket No. 2088) (the "Retention Order"), Zuckerman was employed under a general retainer to serve as special counsel to the Committee in connection with these chapter 11 cases, effective as of August 6, 2009. The Retention Order authorized Zuckerman to be compensated on an hourly basis and to be reimbursed for the actual and necessary out-of-pocket expenses that it incurred.

2.      During the Application Period, Zuckerman has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with this case. There is no agreement or understanding between Zuckerman and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in this case.

3.      This Ninth Interim Application seeks compensation for fees of $277,245.25 and

4

reimbursement of expenses of $8,317.30 incurred during the Application Period.  In accordance

with the factors enumerated in 11 U.S.C. § 330, the amount requested is fair and reasonable

given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the

services rendered, (d) the value of such services, and (e) the costs of comparable services other

than in a case under this title.

## SUMMARY OF SERVICES RENDERED

4.      During the Application Period, Zuckerman provided services to the Committee

and worked closely with the Committee's general bankruptcy counsel and with other parties

supporting the Debtor/Committee/Lender proposed plan of reorganization (the "DCL Plan").

The time detail for professional services provided by Zuckerman to the Committee during the

Application Period is divided by matter and set forth on Exhibit A to Zuckerman's relevant

monthly applications (Docket Nos. 9582, 9746, and 9900).  The primary services provided by

matter are described by subject matter below.

5.      Bank Claims.  During the Application Period, Zuckerman met and corresponded

regularly with the Committee and its general bankruptcy counsel as well as with other primary

parties concerning potential causes of actions relating to the financing of the Debtors' LBO in

2007.  Zuckerman attended multiple hearings and conferences on the Committee's behalf.

6.      As noted in prior fee applications, Zuckerman took a leading role for the DCL

Plan proponents in the preparation for the plan confirmation proceedings, at the confirmation

trial itself, and in post-trial activities.  Zuckerman played a central coordinating role for the DCL

5

Plan proponents' strategy sessions (both telephonic and in-person) before, at, and after the confirmation trial.

7.      Consistent with that role, after the Court on October 31, 2011 issued its decision declining to confirm either of the competing plans of reorganization, Zuckerman participated in the extensive efforts of the DCL Plan proponents to respond to the Court's decision, including through review and analysis of considered amendments to the DCL Plan to address points identified by the Court in its decision.

8.      During the Application Period, Zuckerman, in connection with Delaware counsel Landis, Rath & Cobb, continued to pursue discovery in the Committee's *FitzSimons* adversary proceeding against directors, officers, shareholders, and other parties (Adv. No. 10-54010) to identify and serve shareholder defendants who received proceeds as a result of the Tribune LBO (the "Shareholder Defendants"). In connection with this labor-intensive project, which requires both extensive attorney involvement and paralegals with project management experience, Zuckerman and LRC continued to follow up on subpoenas and document requests served on hundreds of parties and to process and evaluate the information received. Zuckerman also sought and obtained a protective order from the Court to facilitate the discovery effort and resulting production, and drafted, filed, and argued motions to compel that resulted in orders compelling the production of contact information for Shareholder Defendants who collectively received approximately $1 billion in LBO proceeds. Finally, in connection with this project Zuckerman

worked to prepare and submit a motion to amend the *FitzSimons* complaint to add Shareholder Defendants identified through discovery.

9.      During the Application Period, Zuckerman also continued its efforts to identify and serve approximately 1,600 defendants in the adversary proceeding filed by the Committee against lenders, financial advisors, and other parties on claims arising out of the 2007 Tribune LBO (Adv. No. 10-53963). This project has required both attorney involvement and the support and project management efforts of experienced paralegals.

10.     In addition, at the beginning of the Application Period Zuckerman continued to represent the Committee's interests in connection with a proposed settlement of separate litigation, in which the Committee is not a party, arising out of the same 2007 Tribune LBO that is at the heart of the Committee's two main adversary proceedings.

11.     During the Application Period, Zuckerman helped lead the Committee's response to the initiation of proceedings before the Judicial Panel on Multidistrict Litigation (the "MDL Panel"), through which the Tribune Noteholders initiated proceedings to consolidate their 44 state law constructive fraudulent conveyance actions.  The Committee was called to respond to a pleading filed with the MDL Panel requesting that the Committee's *FitzSimons* adversary proceeding be transferred to the MDL proceeding as a so-called "tag-along action."  Zuckerman prepared a pleading for the Committee objecting to such transfer as procedurally premature.

12.     Retention/Fee Applications. During the Application Period, Zuckerman prepared and filed three monthly fee applications and one interim fee application.

7

## DISBURSEMENTS

13.      Zuckerman's list of out-of-pocket disbursements during the Application Period

contains categories of charges, including, among other things, facsimile charges, mail and

express mail charges, deposition and hearing transcripts, special or hand delivery charges,

document processing, photocopying charges, charges for mailing supplies (including, without

limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass

mailings, parking and expenses for "working meals." The expense detail is set forth on Exhibit

B to Zuckerman's relevant monthly fee applications.

14.      Zuckerman represents that its rate for duplication is $0.10 per page, its effective

rate for outgoing facsimile transmissions is $1.00 per page (excluding related long distance

transmission charges), there is no charge for incoming facsimile transmissions, and there is no

surcharge for computerized research.

WHEREFORE, Zuckerman requests that the Court enter an order allowing Zuckerman

$277,245.25 in fees compensation and $8,317.30 for reimbursement of expenses incurred during

the Application Period, and granting Zuckerman such other and further relief as is just.

8

Dated: January 13, 2012
      Wilmington, Delaware

**ZUCKERMAN SPAEDER LLP**

Graeme W. Bush
James Sottile
Andrew N. Goldfarb
1800 M Street, Suite 1000
Washington, DC 20036
Telephone: (202) 778-1800
Facsimile: (202) 822-8106

*Counsel to the Official Committee
of Unsecured Creditors*