# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Hearing Date: TBD**<br>**Objection Deadline: February 2, 2012 at 4:00 p.m.**<br>**Related to Docket Nos: 10252, 10577 and 10578** |

## NINTH QUARTERLY FEE APPLICATION OF SEYFARTH SHAW LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS EMPLOYMENT LITIGATION COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD OF SEPTEMBER 1, 2011 THROUGH NOVEMBER 30, 2011

| | |
|---|---|
| Name of Applicant: | **Seyfarth Shaw LLP** |
| Authorized to Provide Employment Litigation Professional Services: | **Debtors** |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Date of Professional Retention:              **January 25, 2010, *nunc pro tunc* to December 1, 2009**

Period for Which Compensation               **September 1, 2011 through November 30, 2011**
and Reimbursement is Sought:

Amount of compensation sought as actual,    **$340,204.50 less 10% discount = $306,184.05**
reasonable and necessary:

Amount of Expense Reimbursement sought as   **$14,311.79**
actual, reasonable and necessary

This is a(n):  _____ monthly      __X__ interim      _____ final application

The total time expended for fee application preparation for the monthly and quarterly fee applications, including time expended for review and response to fee auditor materials, during the Ninth Interim Period is approximately 57.50 hours and the corresponding compensation requested is approximately $11,507.50.00.

<u>Prior Interim Fee Applications</u>

| Quarter | Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---------|-----------|----------------|--------|----------|--------|----------|
| 1 | 4/22/10 | 10/1/09-1/31/09 | $174,768.55 | $6,971.75 | $174,329.15 | $7,049.75 |
| 2 | 4/22/10 | 12/1/09-2/28/10 | $313,576.65 | $12,061.41 | $311,061.35 | 12,061.41 |
| 3 | 7/21/10 | 3/1/10-5/31/10 | $308,348.10 | $8,346.40 | $306,129.10 | $8,285.46 |
| 4 | 10/15/10 | 6/1/10-8/31/10 | $184,455.50 | $7,854.00 | Pending | Pending |
| 5 | 01/14/11 | 9/1/10-11/31/10 | $187,099.65 | $12,677.12 | Pending | Pending |
| 6 | 4/18/11 | 12/1/10-2/28/11 | $311,810.40 | $10,861.87 | Pending | Pending |
| 7 | 7/14/11 | 3/1/11-5/31/11 | $480,842.10 | $21,350.00 | Pending | Pending |
| 8 | 10/14/11 | 6/1/11-8/31/11 | $425,026.40 | $11,993.86 | Pending | Pending |

46429/0001-8209886v1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Hearing Date: TBD**<br>**Objection Deadline: February 2, 2012 at 4:00 p.m.**<br>**Related to Docket Nos: 10252, 10577 and 10578** |

**NINTH QUARTERLY FEE APPLICATION OF SEYFARTH SHAW LLP
FOR COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES AS EMPLOYMENT LITIGATION
COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR
THE PERIOD OF SEPTEMBER 1, 2011 THROUGH NOVEMBER 30, 2011**

Seyfarth Shaw LLP ("Seyfarth"), employment litigation counsel for the debtors

and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and

collectively, the "Debtors"), respectfully submits this application (the "Application") to this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Court, pursuant to Sections 327, 331, and 503 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Compensation Order"), and the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Application (the "Fee Examiner Order") for the allowance and payment of fees in the amount of $306,184.05 and reimbursement of expenses in the amount of $14,311.79.  In support of the Application, Seyfarth respectfully states as follows:

## BACKGROUND OF THE CASES

1.      On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.  In all, the Debtors comprise 112 entities.

2.      The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  [Docket Nos. 43, 2333].

3.      The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee.

4.    Seyfarth was originally retained as an Ordinary Course Professional with a monthly cap of $35,000, which was subsequently increased to $50,000. [Docket No. 544].

5.    In each of October, 2009 and November, 2009 Seyfarth exceeded its $50,000 monthly cap. Pursuant to the Compensation Order, Seyfarth was required to file monthly fee applications for the applicable months.

6.    In December 2009, it became apparent that Seyfarth was likely to continue to exceed the existing monthly cap on an ongoing basis. Accordingly, the Debtors determined it would be necessary for Seyfarth to be retained as special counsel for certain employment litigation matters. Thus on January 8, 2010, the Debtors filed an Application to Retain Seyfarth Shaw LLP as Special Counsel for Certain Employment Litigation Matters. [Docket No. 3046].

7.    On January 25, 2010, this Court entered the Order Authorizing Debtors and Debtors in Possession to Employ and Retain Seyfarth Shaw LLP as Special Counsel for Certain Employment Litigation Matters Pursuant to 11 U.S.C. §§327(e) and 1107, *nunc pro tunc*, to December 1, 2009 (the "Retention Order"). [Docket No. 3192].

8.    Pursuant to the Retention Order, Seyfarth is authorized to represent the Debtors as special counsel in connection with labor and employment litigation matters.

9.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 327, 331, and 503 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-2 of the Local Rules.

3

## PROCEDURAL BACKGROUND FOR THE APPLICATION

10.    The Interim Compensation Order and the Fee Examiner Order (together, the "Fee Orders"), provide that all professionals retained in these cases pursuant to section 327, 328, or 1103 of the Bankruptcy Code (the "Case Professionals") must file with the Court and provide to the Fee Examiner, monthly applications for interim allowance of compensation for services rendered and reimbursement of expenses incurred, together with the time entries and itemized expenses (the "Monthly Fee Application"). The notice parties specified in the Fee Orders (the "Notice Parties") have twenty (20) days after service of a Monthly Fee Application to object to such Monthly Fee Application (the "Objection Deadline"). Upon expiration of the Objection Deadline, the applicable Case Professional must certify in writing to the Debtors that no objection or partial objection has been filed with the Court relative to that professional's Monthly Fee Application, whichever is applicable, whereupon the Debtors are authorized to pay such professional an amount equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application or (ii) 80% of the fees and 100% of the expenses not subject to an objection.

11.    Pursuant to the procedures set forth in the Fee Orders, Seyfarth prepared, filed with the Court, and served upon the Notice Parties and the Fee Examiner Monthly Fee Applications for the periods of September 2011, October 2011 and November 2011, which Monthly Fee Applications are incorporated herein by reference.[3] Seyfarth has accordingly submitted all of its Monthly Fee Applications for the Debtors' chapter 11 cases for this Ninth Interim Fee Period.

---

[3] The docket numbers of Seyfarth's Monthly Fee Applications for June 2011, April 2011, and August 2011 are 10252, 10577 and 10578, respectively.

4

12.    In addition to the Monthly Fee Applications, all Case Professionals must file with the Court and serve on the Notice Parties interim applications for allowance of compensation and reimbursement of expenses of the amounts sought in the Monthly Fee Applications filed during such period (a "Quarterly Fee Application Request").  Quarterly Fee Application Requests must include a summary of the Monthly Fee Applications that are the subject of the request and any other information requested by the Court or required by the Local Rules.  This Application represents the Ninth Quarterly Fee Application Request that Seyfarth has filed with the Court in connection with these chapter 11 cases, and it covers the period from September 1, 2011 through November 30, 2011, both dates inclusive.

### RELIEF REQUESTED

13.    By this Application, Seyfarth Shaw LLP requests that the Court approve the interim allowance and award of compensation for professional services rendered and reimbursement of actual and necessary expenses incurred by Seyfarth as special employment litigation counsel to the Debtors during the Ninth Interim Fee Period.

14.    The amount of fees sought for services during the Ninth Interim Fee Period is $306,184.05 representing 664.4 hours in professional and paraprofessional time for such services.  Reimbursement of actual, necessary expenses incurred by Seyfarth during the Ninth Interim Fee Period in connection with these services is requested in the amount of $14,311.79. Seyfarth seeks the interim allowance of such compensation, and this Court's authorization for payment of such amounts by the Debtors to Seyfarth, less any amounts previously paid to Seyfarth pursuant to the Monthly Fee Applications for the period covered by this Application and the procedures set forth in the Fee Orders.

15.    Seyfarth has received no payment and no promises of payment from any source for services rendered in these chapter 11 cases.  There is no agreement between Seyfarth and any

5

other party for the sharing of compensation to be received for the services rendered by Seyfarth to the Debtors. All professional and paraprofessional services for which compensation is sought herein were rendered solely for or on behalf of the Debtors.

## SERVICES RENDERED

16.     Seyfarth serves the Debtors as primary outside employment litigation counsel. Seyfarth customarily performs employment and labor relations counsel to Debtors in various litigation and adverse matters.

17.     Seyfarth has rendered services to the Debtors in connection with these Chapter 11 cases during the period covered by the Application, in its capacity as special employment litigation counsel. The services performed by Seyfarth's professionals and paraprofessionals during the period covered by this Application were necessary and have directly contributed to the effective administration of the Debtors' chapter 11 cases.

18.     A breakdown of the total hours expended by each professional on all matters and a breakdown of amounts sought by each matter category covered herein are included as part of Exhibit A to this Application, as required by Local Rule 2016-2. A detailed description of the services provided to the Debtors is incorporated by reference to the Monthly Fee Applications previously filed with the Court. The following is a summary of the activities performed by Seyfarth's professionals and paraprofessionals during the Ninth Interim Fee Period, organized by project category:

**A.     Baltimore Sun - Labor-General (12575-01)**

Fees: $1,116.00          Total Hours: 2.00

19.     During the Application Period, Seyfarth attorneys expended time relating to labor relations advice.

6

**B.    Baltimore Sun - Guild Labor (12575-28)**

Fees: $406.00                Total Hours: .70

20.    During the Application Period, Seyfarth attorneys expended time relating to labor relations advice.

**C.    Baltimore Sun - Photographer(s) (12575-301)**

Fees: $74,296.00                Total Hours: 127.70

21.    During the Application Period, Seyfarth attorneys expended time in connection with preparation for arbitration and negotiating settlement.

**D.    Baltimore Sun - Ed Gunts Retaliation (12575-302)**

Fees: $25,520.00                Total Hours: 44.00

22.    During the Application Period, Seyfarth attorneys expended time preparing position statement and preparing for presentation at the NLRB.

**E.    Chicago Tribune - JoAnn Parker v. (57634-06)**

Fees: $26,190.00                Total Hours: 62.50

23.    During the Application Period, Seyfarth attorneys expended time in connection with preparing summary judgment, revising reply in support of summary judgment and opposition to motion to strike opposition.

**F.    Chicago Tribune - Marcia E. Sinclair Harassment (57923-07)**

Fees: $3,735.00                Total Hours: 8.70

24.    During the Application Period, Seyfarth attorneys expended time discussing and investigating new lawsuit, analyzing complaint and drafting response.

7

**G.    Chicago Tribune - Michael Cordits (10512-90)**

Fees: $823.50          Total Hours: 1.80

25.    During the Application Period, Seyfarth attorneys expended time preparing for and attending status hearing.

**G.    Tribune - Tamesa Falkner (11089-37)**

Fees: $5,456.00          Total Hours: 11.20

26.    During the Application Period, Seyfarth attorneys expended time negotiating settlement and dismissal of the pending case.

**H.    Tribune - Karen Fisher (11089-38)**

Fees: $8,932.50          Total Hours: 20.20

27.    During the Application Period, Seyfarth attorneys expended time negotiating settlement and dismissal of the pending case.

**I.    Tribune- Corporate Labor Relations (36377-01)**

Fees: $11,349.50          Total Hours: 19.50

28.    During the Application Period, Seyfarth attorneys expended time relating to general labor relations advice.

**J.    Tribune- Bankruptcy Fee Application (36377-07)**

Fees: 11,507.50          Total Hours: 57.50

29.    During the Application Period, Seyfarth attorneys expended time  (i) preparing, reviewing, revising and filing Seyfarth's Twenty-Second, Twenty-Third, Twenty-Fourth, Twenty-Fifth and Twenty-Sixth Monthly Fee Applications, (ii)  preparing, reviewing, revising and filing Seyfarth's Eighth Quarterly Fee Application, and (iii) preparing responses to Fee Auditor's Report regarding the Fifth Quarterly Fee Applications.

8

**K.    Tribune - Allen v. am New York (68308-02)**

Fees: $1,606.00          Total Hours: 2.20

30.    During the Application Period, Seyfarth attorneys expended time relating to preparing settlement relevant bankruptcy notices and case management in the pending case.

**L.    Tribune - Karen Scott v. WPIX (68308-03)**

Fees: $39,183.00          Total Hours: 72.30

31.    During the Application Period, Seyfarth attorneys expended time relating to discovery and litigation strategy and preparing reply brief in the pending case.

**Tribune - Sal Marchiano v. Betty Ellen (68308-07)**

Fees: $12,955.50          Total Hours: .39.10

32.    During the Application Period, Seyfarth professionals expended time in connection with scheduling order and scheduling depositions..

**M.    Tribune - Sal Marchiano v. Betty Ellen (68308-07)**

Fees: $9,496.00          Total Hours: 19.60

33.    During the Application Period, Seyfarth professionals expended time in connection with scheduling order and scheduling depositions.

**N.    Tribune - Watkins v. WPIX (68308-08)**

Fees: $25,951.50          Total Hours: 37.80

34.    During the Application Period, Seyfarth professionals expended time relating to witness interviews in preparation for EEOC meeting and preparation for mediation.

**O.    Tribune - Larry Hoff v. WPIX (68308-09)**

Fees: $8,703.00          Total Hours: 18.00

35.    During the Application Period, Seyfarth professionals expended time in connection with pending motion to dismiss.

9

**P.**    **Tribune - WPIX General (68308-10)**

Fees: $146.00        Total Hours: .20

36.    During the Application Period, Seyfarth professionals expended time in connection with general labor relations advice.

**Q.**    **East Coast Properties (36078-11)**

Fees: $16,026.00        Total Hours: 23.80

37.    During the Application Period, Seyfarth professionals expended time connection with circulation systems, training and general labor relations advice.

**R.**    **Tribune - Jeff Apodaca v. KTLA5 (15827-19)**

Fees: $1,872.50        Total Hours: 5.30

38.    During the Application Period, Seyfarth professionals expended time relating to settlement negotiations.

**S.**    **Los Angeles Times - Jose Luis Velasquez (33175-25)**

Fees: $52,459.50        Total Hours: 105.50

39.    During the Application Period, Seyfarth professionals expended time preparing mediation brief, motion to compel documents, settlement agreement and preparing for mediation.

**T.**    **Los Angeles Times - Country Club (17832-34)**

Fees: $14,441.00        Total Hours: 22.30

40.    During the Application Period, Seyfarth professionals expended time relating to distribution and marketing.

**U.**    **Tribune Company - Chris Neuman v. Ira Goldstone (66929-02)**

Fees: $944.00        Total Hours: 1.60

41.    During the Application Period, Seyfarth professionals expended time relating to settlement of the pending case.

## EXPENSES INCURRED

42.     Seyfarth has incurred expenses of $14,311.79 in connection with its services rendered to the Debtors during the Ninth Interim Fee Period.  These expenses represent actual out-of-pocket costs for items incurred exclusively for the direct benefit of the Debtors, including, but not limited to, duplicating charges, document delivery and messenger services, long distance telephone and facsimile charges, computer-assisted legal research, travel-related expenses, and in-house document production.  Seyfarth submits that all such expenses are necessary and actual expenses for the performance of its services in these cases.

43.     Computer research is charged on a time, item and/or search-type basis which takes advantage of certain discounts that Seyfarth is able to negotiate with its service providers due to the Firm's size and volume of usage.  The Firm's charges for computerized legal research such as Westlaw or Lexis are based on a rate that recovers no more than the Firm's actual costs.

44.     Seyfarth submits that all travel charges incurred during the Ninth Interim Fee Period were necessary and reasonable under the circumstances.  Seyfarth submits that air travel is charged at the prevailing coach-class rate.

## REVIEW OF APPLICABLE LOCAL RULE

45.     The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with the requirements of Local Rule 2016-2.  The undersigned further certifies that the Debtors have had an opportunity to review this Application before it was filed with the Court.

## NOTICE

46.     Notice of this Application has been served upon the Notice Parties specified in the Fee Orders.  In accordance with the terms of the Fee Orders, Seyfarth respectfully submits that no further notice is required.

11

## NO PRIOR REQUEST

47.     No previous application with respect to the relief requested herein has been made to this or any other Court.

WHEREFORE, after appropriate notice and hearing, Seyfarth respectfully requests that this Court enter an Order (a) authorizing the allowance of fees in the amount of $306,184.05 and reimbursement of expenses in the amount of $14,311.79; (b) authorizing the Debtors to pay Seyfarth for the professional services rendered and incurrence of necessary costs and expenses during the Application Period that have not yet been paid, and (c) to grant such further relief as is just and proper.

Dated: January 12, 2012                    Respectfully submitted,


Jeremy P. Sherman
SEYFARTH SHAW LLP
131 S. Dearborn Street, Suite 2400
Chicago, Illinois 60603-5577
Telephone: 312-460-5901
Facsimile: 312-460-7901

12

14085104v.1