# EXHIBIT E

# The Florida Bar Press Release

News and Events

News Releases

# SUPREME COURT DISCIPLINES ATTORNEYS 1/12/07

FOR IMMEDIATE RELEASE
**January 12, 2007**
CONTACT: Creston Nelson-Morrill,
**The Florida Bar**
TELEPHONE: 850/561-5666

The Florida Bar, the state's guardian for the integrity of the legal profession, announced today that the Florida Supreme Court in recent court orders suspended 14, disbarred three, reprimanded two and placed four attorneys on probation.

As an official agency of the Supreme Court of Florida, The Florida Bar and its Department of Lawyer Regulation are charged with administering a statewide disciplinary system to enforce Supreme Court rules of professional conduct for the 80,000-plus lawyers admitted to practice law in Florida.

The following lawyers are disciplined [Please note that court orders are not final until time expires to file a rehearing motion and, if filed, determined. The filing of such a motion does not alter the effective date of the discipline]:

**Wade Gunnar Anderson,** 5881 N.E. Glenridge Drive, Suite 1100, **Atlanta, Ga., suspended** from the practice of law in Florida for 91 days, effective 30 days following a Dec. 29 court order. (*Admitted to practice:* 1986) Anderson repeatedly failed to attend Ethics School as ordered by the Supreme Court. (Case No. SC06-1984)

**Alain Armand,** 290 N.W. 165th St., Suite P-100, **Miami, suspended** from practicing law in Florida for 30 days, effective 30 days from a Dec. 14 court order. (*Admitted to practice:* 2003) Armand failed to provide competent representation for a client, failed to act with reasonable diligence and promptness in representing a client, failed to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information, and entered into an agreement for, charged or collected an illegal, prohibited or clearly excessive fee. (Case No. SC05-2328)

Exhibit "C"

© 2005 The Florida Bar

**Grace Ann-Marie Baugh,** 150 N.W. 70th Ave., Suite 6, **Plantation, suspended** from practicing law in Florida for two years, effective 30 days from a Dec. 14 court order. (*Admitted to practice:* 1998) Baugh committed an act unlawful or contrary to honesty and justice, failed to obey a subpoena served upon her and therefore was cited for contempt of court, failed to act with reasonable diligence and promptness in representing a client and failed to comply with the rules regulating trust accounts. (Case No. SC06-1423)

**Milton Hargraves Baxley, III,** 1929 N.W. 12th Terrace, **Gainesville, suspended** from practicing law in Florida, effective 30 days from Dec. 18, following a Dec. 19 court order. (*Admitted to practice:* 1973) He was found guilty of two felony counts of criminal contempt of court on Nov. 2, 2006. Baxley knowingly and willfully violated the terms of an injunction issued against him by directly and indirectly preparing and assisting in preparing correspondence with the Internal Revenue Service on behalf of two individuals who hired and paid him for his services. (Case No. SC06-2430)

**D. Frank Buker,** 409 N.E. 17th Ave., **Fort Lauderdale, suspended** from practicing law in Florida for 60 days, with the suspension going into effect the date he becomes current with his Continuing Legal Education Requirement delinquency and pays his 2005 and 2006 Bar dues, following a Dec. 14 court order. The suspension shall remain in effect until further order of the court. (*Admitted to practice:* 2000) Buker failed to pay membership fees and comply with continuing legal education requirements, failed to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information, entered into an agreement for, charged or collected an illegal, prohibited or clearly excessive fee, and practiced law in a jurisdiction where doing so violated the regulation of the legal profession in that jurisdiction. (Case No. SC06-2180)

**Suzanne Consagra,** 6702 Camden Bay Drive, Apt. 103, **Tampa, suspended** from practicing law in Florida for 91 days, effective Dec. 13, following a Dec. 19 court order. (*Admitted to practice:* 1985) Consagra, by order dated Sept. 15, 2004, was suspended from the practice of law for 60 days and **placed on probation** for three years. On April 25, 2006, The Florida Bar filed a Petition for Contempt and Order to Show Cause based on Consagra's failure to abide by the terms and conditions of her probation, including attending and completing a trust accounting workshop. (Case No. SC06-788)

**Arturo Dopazo, III,** 9000 S.W. 152nd St., Suite 106, **Palmetto Bay, suspended** from practicing law in Florida for 10 days, effective immediately, and is further placed on **probation** for three years, effective immediately following a Dec. 21 court order. (*Admitted to practice:* 1996) Dopazo failed to maintain minimum trust account records and failed to follow minimum trust accounting procedures. (Case No. SC06-2409)

**David William Iverson,** 1625 N. Commerce Parkway, Suite 210, **Weston, reprimanded** following a Dec. 14 court order. (*Admitted to practice:* 1984) Iverson failed to make reasonable efforts to ensure that the conduct of a nonlawyer associated with him was compatible with the professional obligations of his practice. (Case No. SC06-887)

**Robert Emerson Jackson, II,** P.O. Box 92713, **Lakeland, suspended** from practicing law in Florida for three years, effective retroactive to Sept. 13, 2006, following a Dec. 14 court order. (*Admitted to practice:* 2001) On May 31, 2006, Jackson pled no contest to four third-degree felony counts of conversion of escrow or trust funds in an amount greater than $300. Jackson engaged in conduct that is unlawful or contrary to honesty and justice, engaged in conduct in connection with the practice of law that is prejudicial to the administration of justice, and committed a criminal act that reflects adversely on his honesty, trustworthiness or fitness as a lawyer in other respects. (Case No. SC06-1538)

**E. Benton Kay,** 7311 E. 36th Ave., **Bradenton, disbarred** from practicing law in Florida, effective immediately following a Dec. 14 court order. (*Admitted to practice:* 1975) Kay failed to provide competent representation to a client, charged and collected illegal, prohibited or clearly excessive fees or costs, failed to communicate the basis or rate of fee or costs to a client, failed to decline or terminate representation, and failed to protect a client's interest upon withdrawal. (Case No. SC06-792)

**Daniel Bennet Lazar,** 9200 S.W. 142nd St., **Miami, suspended** from practicing law in Florida, effective 30 days from a Dec. 11 court order. (*Admitted to practice:* 1994) Lazar had adjudication withheld Nov. 15, 2006, in pleading no contest to two felony counts of first-degree grand theft and Mortgage Transaction Fraud. (Case No. SC06-2360)

**Paul Kurt Mildenberger,** 4447 Westroads Drive, **Riviera Beach, reprimanded** following a Dec. 21 court order. (*Admitted to practice:* 2004) Mildenberger committed an act

that reflects adversely on his honesty, trustworthiness, or fitness as a lawyer in other respects. On Feb. 21, 2006, he pled no contest to driving under the influence. (Case No. SC06-2422)

**E. Scott Nunley,** P.O. Box 2947, **West Palm Beach,** permanently **disbarred** from the practice of law in Florida, effective immediately, following a Dec. 29 court order. (*Admitted to practice:* 1997) Nunley was suspended from the practice of law on an emergency basis on Sept. 28, 2005, based on allegations of trust account violations. Nunley was disbarred by the Supreme Court on May 4, 2006, but continued to practice law. (Case No. SC06-2000)

**Jacquelyn Renee Oxendine,** P.O. Box 550928, **Orlando, placed on probation,** until further court order effective immediately following a Dec. 1 court order and ordered to be evaluated to determine her fitness to practice law. (*Admitted to practice:* 2003) Oxendine appears to be causing great public harm by behaving in a manner indicating that she may be suffering from severe mental health problems that affect her ability to competently practice law. (Case No. SC06-2244)

**Scott Goodman Ryals,** P.O. Box 14967, **North Palm Beach, disbarred** from the practice of law in Florida for five years, effective immediately, following a Dec. 21 court order. (*Admitted to practice:* 1997) Ryals failed to abide by a client's decisions concerning the objectives of representation and failed to consult with the client as to the means by which they were to be pursued, entered into an agreement for, charged, or collected an illegal, prohibited or clearly excessive fee or cost, failed, upon termination of representation, to take steps to the extent reasonably practicable to protect a client's interest, knowingly made a false statement of material fact in connection with a bar disciplinary matter, and engaged in conduct intended to disrupt a tribunal. (Case No. SC06-153 & SC06-459)

**Jeffrey Alan Schwartz,** 16375 N.E. 18th Ave., Suite 321, **North Miami Beach, suspended** from the practice of law in Florida for 45 days, effective Dec. 22, following a Dec. 13 court order. (*Admitted to practice:* 1976) Schwartz failed to provide competent representation for a client, failed to act with reasonable diligence and promptness in representing a client and failed to make reasonable efforts to expedite litigation consistent with the interests of the client. (Case No. SC06-13 & SC06-287)

**Michael Blane Staley,** 2001 S.E. 51st Terrace, **Ocala, suspended** from the practice of law in Florida for six months, effective retroactive to June 29, 2006, following a Dec. 14 court order. (*Admitted to practice:* 1982) Staley failed to act with reasonable diligence and promptness in representing a client, failed to keep a client informed about the status of a matter, failed to promptly comply with reasonable requests for information and failed, upon termination of representation, to take steps to the extent reasonably practicable to protect a client's interest. (Case No. SC06-1338 & SC06-1650)

**Gerald Augustus Tarvares,** 3060 Alt. 19, Suite B-1, **Palm Harbor, suspended** from the practice of law in Florida for six months, effective retroactive to April 4, 2003, following a Dec. 21 court order. (*Admitted to practice:*1969) Tavares failed to pay Florida Bar membership dues and was representing a client while ineligible to practice. (Case No. SC06-2138)

**Paul Gilberto Velez,** 825 W. Linebaugh Ave., **Tampa, suspended** from the practice of law in Florida for 18 months, effective retroactive to June 19, 2006, and **placed on probation** for three years, following a Dec. 14 court order. (*Admitted to practice:* 1993) Velez had been suspended for the felony offense of driving while his license was suspended or revoked. He knowingly made a false statement of material fact, failed to disclose a fact necessary to correct a misapprehension and engaged in conduct involving dishonesty, fraud, deceit or misrepresentation. (Case No. SC06-1023 & SC06-1603)

**Dolores Lori Wheeler,** 1615 S. Eola Drive, **Orlando, suspended** from the practice of law in Florida for one year, to run consecutive to the suspension imposed on Sept. 21, 2006, following a Dec. 14 court order. (*Admitted to practice:*1989) Wheeler failed to provide competent representation for a client, failed to act with reasonable diligence and promptness in representing a client, failed to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information, entered into an agreement for, charged or collected an illegal, prohibited or clearly excessive fee, knowingly made a false statement of material fact or law to a tribunal and engaged in conduct in connection with the practice of law that is prejudicial to the administration of justice. (Case No. SC06-1177)

EDITORS: Please note The Florida Bar is not an association and "Association" is not part of our name. Proper reference is "The Florida Bar." Local bar organizations are properly termed "associations."
[Revised: 09-20-2007 ]