# EXHIBIT F

# Oxendine Demand Letter

Jacquelyn Oxendine, Esquire
PO Box 530264
Saint Petersburg, FL 33747

Phone: (813) 313-6781
Fax: (727) 894-4520

**RECEIVED**

**NOV 0 6 2008**

**DJL**

October 30, 2008

Tribune Company
Donald Liebentritt, Esq
435 N Michigan Avenue – Suite 600
Chicago, IL 60611

RE:
Newspaper:                              Orlando Sentinel
Approximate date of Publication:        January 26, 2007 and July, 2007
Plaintiff:                              Jacquelyn Renee Oxendine, Esquire

Dear Mr. Liebentritt:

I am a private Florida lawyer, and have been for the past 5 years. Prior to the publication of the libelous material that may be the subject of a lawsuit, I enjoyed a reputation for honesty, integrity, and trustworthiness among my peers and colleagues.

. On January 26, 2007, and then again in July, of 2007, The Orlando Sentinel published and internet posted an article that defamed me. The defamatory material is as follows: "The court said Oxendine may be causing 'great public harm' because of 'paranoid and erratic' behavior before Orange County Judge Faye Allen and other attorneys." This statement is false, and as you know, a false statement of fact is the essential element on which recovery is based in a defamation action. The writer refers to The Florida Supreme Court, this court has never made any assertion of fact or opinion of this nature whatsoever. A copy of the sole court order rendered in this matter is attached for your review. I have also attached an article published by The Bradenton Herald that covers this exact same matter, without libel.

As a result and proximate cause of this false, and libelous publication, asserting that The Florida Supreme Court rendered such an extreme opinion; I have lost the respect and trust of business associates, and clients (existing and prospective), and in general, have lost my reputation and good standing in the community

I have endured great embarrassment and of course lost business profits as a result of the injury this article did to my professional reputation. ███████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████

 The pre-suit notice requirement, pursuant to Florida Statute 770.01 is attached to this settlement letter.

Please feel free to call this office if you have any questions or need any additional information on this matter.

Thank you for your cooperation.

Very truly yours,

Jacquelyn Renee Oxendine, Esquire    12/30/2008
Plaintiff

Jacquelyn Oxendine, Esquire
PO Box 530264
Saint Petersburg, FL 33747
Phone: (813) 313-6781
Fax: (727) 894-4520

October 30, 2008

Tribune Company
Donald Liebentritt, Esq
435 N Michigan Avenue – Suite 600
Chicago, IL 60611

RE:
Newspaper:                              Orlando Sentinel
Approximate date of Publication:        January 26, 2007 and July, 2007
Plaintiff:                              Jacquelyn Renee Oxendine, Esquire

### PRE-SUIT NOTICE REQUIREMENT PURSUANT TO FLORIDA STATUTE SECTION 770.01

Article identification:
Newspaper:              Orlando Sentinel
Title:                  State's top court penalizes 8 lawyers / List of Lawyers disciplined by The Florida Supreme Court
Web-address:            http://www.orlandosentinel.com/community/news/winterpark/orl-lawyerdiscipline-072007
Dates of Publication:   January 26, 2007 & June, 2007
Author:                 Jim Leusner, Sentinel Staff Writer

Statements within the above referenced article that are both false and defamatory:
"The court said Oxendine may be causing 'great public harm' because of 'paranoid and erratic' behavior before Orange County Judge Faye Allen and other attorneys."