# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRIBUNE COMPANY, *et al.*,[1] | ) | Case No. 08-13141 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Objection Deadline: February 6, 2012 at** |
| | ) | **4:00 p.m. (EST)** |
| | ) | **Hearing Date:** *Only if Objections are filed* |

## THIRTY-FOURTH MONTHLY FEE APPLICATION OF MERCER (US) INC. FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COMPENSATION CONSULTANT TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM OCTOBER 1, 2011 THROUGH OCTOBER 31, 2011

| | |
|---|---|
| Name of Applicant: | Mercer (US) Inc. |
| Authorized to provide professional services to: | Debtors |
| Date of retention: | May 11, 2009 *nunc pro tunc* to January 12, 2009 |

---

[1] The Debtors in these chapter 11 cases are: Tribune Company; 435 Production Company; 5800 Sunset Productions Inc.; Baltimore Newspaper Networks, Inc.; California Community News Corporation; Candle Holdings Corporation; Channel 20, Inc.; Channel 39, Inc.; Channel 40, Inc.; Chicago Avenue Construction Company; Chicago River Production Company; Chicago Tribune Company; Chicago Tribune Newspaper, Inc.; Chicago Tribune Press Service, Inc.; ChicagoLand Microwave Licensee, Inc.; Chicagoland Publishing Company; Chicagoland Television News, Inc.; Courant Specialty Products, Inc.; Direct Mail Associates, Inc.; Distribution Systems of America, Inc.; Eagle New Media Investments, LLC; Eagle Publishing Investments, LLC; forsalebyowner.com corp.; ForSaleByOwner.com Referral Services, LLC; Fortify Holdings Corporation; Forum Publishing Group, Inc.; Gold Coast Publications, Inc.; GreenCo, Inc.; Heart &Crown Advertising, Inc.; Homeowners Realty, Inc.; Homestead Publishing Co.; Hoy, LLC; Hoy Publications, LLC; InsertCo, Inc.; Internet Foreclosure Service, Inc.; JuliusAir Company, LLC; JuliusAir Company II, LLC; KIAH Inc.; KPLR, Inc.; KSWB Inc.; KTLA Inc.; KWGN Inc.; Los Angeles Times Communications LLC; Los Angeles Times International, Ltd.; Los Angeles Times Newspapers, Inc.; Magic T Music Publishing Company; NBBF, LLC; Neocomm, Inc.; New Mass. Media, Inc.; New River Center Maintenance Association, Inc.; Newscom Services, Inc.; Newspaper Readers Agency, Inc.; North Michigan Production Company; North Orange Avenue Properties, Inc.; Oak Brook Productions, Inc.; Orlando Sentinel Communications Company; Patuxent Publishing Company; Publishers Forest Products Co. of Washington; Sentinel Communications News Ventures, Inc.; Shepard's Inc.; Signs of Distinction, Inc.; Southern Connecticut Newspapers, Inc.; Star Community Publishing Group, LLC; Stemweb, Inc.;  Sun-Sentinel Company; The Baltimore Sun Company; The Daily Press, Inc.; The Hartford Courant Company; The Morning Call, Inc.; The Other Company LLC; Times Mirror Land and Timber Company; Times Mirror Payroll Processing Company, Inc.; Times Mirror Services Company, Inc.; TMLH 2, Inc.; TMLS I, Inc.; TMS Entertainment Guides, Inc.; Tower Distribution Company; Towering T Music Publishing Company; Tribune Broadcast Holdings, Inc.; Tribune Broadcasting Company; Tribune Broadcasting Holdco, LLC; Tribune Broadcasting News Network, Inc.; Tribune California Properties, Inc.; Tribune Direct Marketing, Inc.; Tribune Entertainment Company; Tribune Entertainment Production Company; Tribune Finance, LLC; Tribune Finance Service Center, Inc.; Tribune License, Inc.; Tribune Los Angeles, Inc.; Tribune Manhattan Newspaper Holdings, Inc.; Tribune Media Net, Inc.; Tribune Media Services, Inc.; Tribune Network Holdings Company; Tribune New York Newspaper Holdings, LLC; Tribune NM, Inc.; Tribune Publishing Company; Tribune Television Company; Tribune Television Holdings, Inc.; Tribune Television New Orleans, Inc.; Tribune Television Northwest, Inc.; ValuMail, Inc.; Virginia Community Shoppers, LLC; Virginia Gazette Companies, LLC; WATL, LLC; WCWN LLC; WDCW Broadcasting, Inc.; WGN Continental Broadcasting Company; WLVI Inc.; WPIX, Inc.; and WTXX Inc.

2

Period for which
compensation and
reimbursement is sought:    October 1, 2011 through October 31, 2011

Amount of compensation
sought as actual
reasonable and necessary:    $4,051.30

Amount of expense reimbursement
sought as actual,
reasonable and necessary:    $3,105.36

This is a(n):   __X__ monthly         _____ interim         _____ final application

Requested Payment Amount:

Fees at 80%            $3,241.04

Expenses at 100%       $3,105.36

2

**FEE SUMMARY FOR THE PERIOD FROM**
**OCTOBER 1, 2011 THROUGH OCTOBER 31, 2011**

| Name | Position | Hourly Rate | Total Hours Billed[2] | Total Compensation |
|---|---|---|---|---|
| Dempsey, John | Partner | $736.60 | 5.5 | $4,051.30 |
| | | | | |
| | | **TOTALS:** | **5.5** | **$4,051.30** |
| | | | **BLENDED RATE:** | **$736.60** |

**EXPENSE SUMMARY FOR THE PERIOD FROM**
**OCTOBER 1, 2011 THROUGH OCTOBER 31, 2011**

| Expense Category | Amount |
|---|---|
| Administrative – Legal | $3,105.36 |
| | |
| **TOTAL:** | **$3,105.36** |

---

[2] Mercer's detailed time entries, which are attached to this Application, are stated in quarter hour increments, as approved by this Court in the Order approving the retention of Mercer.

3