## IN THE UNITED STATES BANKRUTPCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, *et al.,* | Cases No. 08-13141 (KJC)<br>Jointly Administered |
| Debtors. | |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, on behalf of TRIBUNE COMPANY, *et al.*, | Adv. Pro. No. Various (KJC) |
| Plaintiff, | |
| vs. | |
| See Attached Exhibit A, | **Hearing Date:  February 2, 2012 at 2:30 p.m. (EST)**<br>**Objection Deadline: January 26, 2012 at 4:00 p.m. (EST)** |
| Defendants. | |

### THIRD MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO AMEND DEFINITION OF "TERMINATION EVENT" IN STANDING ORDERS

The Official Committee of Unsecured Creditors (the "Committee") of Tribune Company and its various debtor-subsidiaries (collectively, the "Debtors"), by and through its undersigned counsel, hereby moves this Court for the entry of an order amending the definition of "Termination Event" in the orders granting the Committee standing to prosecute certain actions on behalf of the Debtors' estates and staying such actions (the "Motion").[1]

In support of its motion, the Committee respectfully represents as follows:

---

[1] Pursuant to Local Rule 9006-2, the filing of this Motion automatically extends the January 17, 2012 Termination Event until a hearing on this motion without the need for a bridge order.  The Committee nonetheless seeks a prompt hearing so that an appropriate order may be entered at the Court's convenience.

{698.001-W0019036.}

**BACKGROUND**

1.      On December 8, 2008 (the "Petition Date"), the debtors in these bankruptcy cases (the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code").  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2.      On December 18, 2008, the United States Trustee for the District of Delaware, pursuant to section 1102 of the Bankruptcy Code, appointed the Committee to represent the interests of all unsecured creditors in the Debtors' cases.

3.      By orders dated October 27, 2010 and November 29, 2010 (D.I. 6150, 6657 and 6658, the "Original Standing Orders"), this Court granted the Committee standing to file and prosecute the above-captioned adversary proceedings.  The Original Standing Orders provided that, pending the occurrence of a "Termination Event" as defined in the Original Standing Orders, any litigation commenced by the Committee pursuant to the authority granted in the Original Standing Orders (a) may not be settled absent the agreement of the Debtors and the Committee and (b) broadly shall be stayed.  Specifically, with respect to settlement, the Original Standing Orders state that:

> *neither the Debtors nor the Committee shall settle, subject to the Court's approval, any of the claims to be transferred to the Litigation Trust or the Creditors Trust (under and as defined in the Proposed Plan) without the other's consent unless and until the earliest to occur of the following: (i) the Committee and/or the Debtors withdraw their support for the Proposed Plan; (ii) the Court declines to confirm the Proposed Plan, or (iii) April 1, 2011 (each a "Termination Event").*

*See* Original Standing Orders, p. 3.  With respect to the broad stay of any litigation commenced

pursuant to the authority granted to the Committee in the Original Standing Orders, each of the

Original Standing Orders provide, in pertinent part, that such actions:

> *shall be deemed stayed, until a Termination Event occurs . . . . All applicable deadlines, other than those applicable to the discovery permitted in this Order, are suspended during the period of the Stay.  All motion practice (other than motions respecting confidentiality, motions to lift, extend or otherwise respecting the Stay, motions with respect to the discovery permitted by this Order, motions to intervene and motions regarding settlements consistent with the terms of this Order) and contested hearings or trials are prohibited.*

*See* Original Standing Orders, p. 4.  On March 21, 2011, the Committee filed its first motion for

the entry of an order amending the definition of "Termination Event" in the Original Standing

Orders [D.I. 8469] (the "First Motion to Amend Definition of Termination Event").  The Court

granted the First Motion to Amend Definition of Termination Event on April 25, 2011, re-

defining Termination Event to include June 15, 2011 [D.I. 8746].

4.    On June 16, 2011, the Court issued the Order Granting Second Motion to

Amend Definition of "Termination Event" in Orders Granting Official Committee of Unsecured

Creditors Standing and Authority to Commence, Prosecute, Settle and Recover Certain Causes of

Action on Behalf of the Debtors' Estates [D.I. 9256] (the "Stay Extension Order").  This Order

provides that the proponents of the Competing Plans[2] may further extend the definition of

Termination Event in subsection (iii) of the Standing Orders for a period not to exceed sixty (60)

days by submission of an agreed proposed order under certification of counsel.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Second Motion to Amend Definition of "Termination Event" in Orders Granting Official Committee of Unsecured Creditors Standing and Authority to Commence, Prosecute, Settle and Recover Certain Causes of Action on Behalf of the Debtors' Estates, dated May 27, 2011 [D.I. 9012].

5.    On November 4, 2011, the Official Committee of Unsecured Creditors filed the Motion For An Order *Nunc Pro Tunc* Amending The Definition Of "Termination Event" In Orders Granting Official Committee Of Unsecured Creditors Standing And Authority To Commence, Prosecute, Settle And Recover Certain Causes Of Action On Behalf Of The Debtors' Estates [D.I. 10162].  The Motion sought to remove subsection (ii) of the definition of Termination Event in the Original Standing Orders.  Sam Zell filed a limited objection to the motion on November 15, 2011 [D.I. 10230], which was overruled by the Court during the November 22, 2011 hearing. (*See* Nov. 22 Hearing Tr. at 21-22.)

6.    On December 13, 2011, the Court entered the Order [D.I. 10429] (as incorporated into the Original Standing Orders, together the "Standing Orders") removing the original subsection (ii) of the definition of Termination Event in the Standing Orders and modifying the renumbered subsection (ii) of the definition of Termination Event in the Standing Orders by changing the date to January 17, 2012 in *The Official Committee of Unsecured Creditors of Tribune* Company*, et al. v. Dennis J. FitzSimons, et al.*, Adv. Proc. 10-54010 (KJC) (the "*FitzSimons* Action"), and to February 17, 2012 for all other adversary proceedings and preference actions brought by the Committee pursuant to the Standing Orders, including *The Official Committee of Unsecured Creditors of Tribune Company, et al. v. JPMorgan Chase Bank, N.A., et al.*, Adv. Proc. 10-53963 (KJC) (the "Lender Action").

7.    On December 16, 2011, the Court entered an Order Compelling the Production of Documents [D.I. 389] in the *FitzSimons* Action. Pursuant to that order, the Committee expects to receive information identifying Shareholder Defendants who account for hundreds of millions of dollars in LBO proceeds by February 14, 2012.  The Committee will thereafter process the information and serve these additional Shareholder Defendants.  In

addition, the Committee will need to notify all defendants in the *FitzSimons* Action that the stay has been lifted and a response date has been triggered.

8. On December 19, 2011, the Judicial Panel on Multidistrict Litigation ("MDL Panel") granted the Noteholders' motion to consolidate for MDL treatment their 44 state law constructive fraudulent conveyance actions. Those proceedings have been transferred to Judge Holwell in the Southern District of New York (the "MDL Court"). On December 28, 2011, Judge Holwell ordered that the stay of the Noteholders' actions previously ordered by this Court remain in place pending further order of this Court or the MDL Court. Also on December 28, 2011, the MDL Panel entered a Conditional Transfer Order providing for the transfer of the *FitzSimons* Action to the MDL Court absent objection and a motion to vacate the transfer, which motion must be filed on or before January 19, 2012.

9. Counsel for the Noteholders have advised counsel for the Committee that certain of the Noteholders oppose any further extensions of time related to the revised subsection (ii) of the definition of Termination Event beyond January 17, 2012 with respect to the *FitzSimons* Action.

10. The Committee and the Noteholders have met and conferred in good faith in an effort to reach an agreed resolution concerning the duration of the stay of the *FitzSimons* Action, without success.

## RELIEF REQUESTED

11. The Committee seeks an order replacing subsection (ii) of definition of Termination Event in the Standing Orders with: "(ii) (A) March 19, 2012 for *The Official Committee of Unsecured Creditors of Tribune Company, et al. v. Dennis J. FitzSimons, et al.*, Adv. Proc. 10-54010 (KJC), and (B) July 2, 2012 for *The Official Committee of Unsecured*

*Creditors of Tribune Company, et al. v. JPMorgan Chase Bank, N.A., et al.*, Adv. Proc. 10-53963 (KJC), and all other proceedings initiated by the Committee pursuant to the Standing Orders."

## BASIS FOR RELIEF

12.    The Court has inherent authority and jurisdiction to consider and enforce the terms of the orders it enters, including the Standing Orders. *See Langston Law Firm v. Mississippi,* 410 B.R. 150, 155 (S.D.N.Y. 2008) ("Bankruptcy courts have inherent or ancillary jurisdiction to interpret and enforce their own orders wholly independent of the statutory grant of jurisdiction under 28 U.S.C. § 1334.") (quoting *In re Chateaugay Corp.,* 201 B.R. 48, 62 (Bankr. S.D.N.Y. 1996)); *see also In re Fibermark,* 369 B.R. 761, 765 (Bankr. D. Vt. 2007); *In re White Motor Credit Corp.,* 75 B.R. 944, 947-48 (Bankr. N.D. Ohio 1987).  The Standing Orders carve out from the broad stay of litigation motions "to extend or otherwise respecting the stay . . . ." *See* Standing Orders, p. 3 and 4.  Consequently, this Court's consideration of the relief sought herein is appropriate at this time.  Moreover, this Court has extended the stay and modified the definition of Termination Event in the Standing Orders five times already.

13.    The confirmation hearing on the DCL Plan is currently scheduled for May 16-17, 2012.  Claims in the Lender Action will be settled under the DCL Plan, assuming it is confirmed.  The various preference actions commenced by the Committee will revert to the Debtors under the DCL Plan.  The Committee believes that all parties in interest will benefit by the stay extension requested by this Motion as to the Lender Action and the preference actions for the same reasons that (a) the parties agreed to, and the Court entered, Standing Orders that stayed the commencement of full litigation of such adversary proceedings; and (b) the Court entered the previous orders re-defining Termination Event in the Standing Orders.  The sought extension in the stay will conserve estate resources by avoiding litigation of the claims in the

Lender Action that will be resolved by the DCL Plan, assuming it is confirmed, and will leave to

the Debtors the decision how to proceed with respect to the preference actions following

confirmation of the DCL Plan.

14.    The claims in the *FitzSimons* Action will not be settled by the DCL Plan.

The Committee, supported by the Noteholders, who are the principal beneficiaries of the claims

in the *FitzSimons* Action, sought and obtained a stay of the *FitzSimons* Action, and various

extensions thereof, to, among other things, permit the parties and the Court to focus on

confirmation and issues directly related to the Competing Plans.  Following this Court's October

31, 2011 opinion denying confirmation of both the DCL and Noteholder Plans, and finding that

the settlement of the claims in the Lender Action embodied in the DCL Plan was within the

range of reasonableness, certain Noteholders advised the Committee that they oppose further

extension of the stay and want the Committee to begin litigation of the *FitzSimons* Action.

15.    Notwithstanding the position taken by certain Noteholders, the Committee

believes that a further extension of the stay of the *FitzSimons* Action is appropriate because an

extension will, among other things: (1) permit the Committee a reasonable opportunity to prepare

for active litigation; and (2) minimize any risk that developments in the *FitzSimons* Action could

interfere with ongoing confirmation efforts.   The Committee therefore seeks to extend the stay

of the *FitzSimons* Action to March 19, 2012, an additional two months, while reserving the right

to seek an additional extension of the stay if circumstances warrant such an extension.[3]

---

[3] As the Court is aware, Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for a certain series of Senior Notes, Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for a certain series of Senior Notes, and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES Notes, have filed a motion to lift the stay of the Noteholders' state law constructive fraudulent transfer lawsuits [D.I. 10594]. The Committee believes that the stays of the Noteholders' state law suits should be coordinated with the stay of the *FitzSimons* Action.

16.    In particular, the Committee still is involved in the extensive discovery process of identifying former Tribune shareholders who received LBO proceeds and who are defendants in the *FitzSimons* Action.  Pursuant to the Court's December 16, 2011 Order compelling production, by February 14, 2012, the Committee expects to receive discovery responses from approximately 30 parties.  The Committee will need to serve the newly identified Shareholder Defendants.[4]  Extension of the stay by an additional two months, to March 19, 2012, will permit the Committee to work toward completing the remaining discovery and service, an effort that will benefit the Noteholders (and all other creditors who stand to benefit from the *FitzSimons* Action claims), and to prepare for the commencement of litigation.  The requested extension of the litigation stay also limits any risk that developments in the *FitzSimons* Action could interfere with the ongoing confirmation process.  It thus strikes a reasonable balance among the interests at stake:  (1) the desire of certain Noteholders to commence litigation; (2) the Committee's need of a reasonable period to prepare for litigation; and (3) the potential that the *FitzSimons* Action could interfere with the confirmation process.

WHEREFORE, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto, amending the Standing Orders to modify the definition of subsection (ii) of the Termination Event to March 19, 2012 in the *FitzSimons* Action and July 2, 2012 in all other proceedings initiated by the Committee pursuant to the Standing Orders and granting such other relief as the Court deems just and proper.

---

[4] Per the Order dated January 9, 2012 [*FitzSimons* Adv. D.I. 404] the Rule 4(m) deadline for service of process has been extended to July 2, 2012.

Respectfully submitted,

Dated: January 17, 2012
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

/s/ *James S. Green, Jr.*

_____

Adam G. Landis (No. 3407)
Daniel B. Rath (No.3022)
Richard S. Cobb (No. 3157)
James S. Green, Jr. (No. 4406)
919 Market Street, Suite 1800
Wilmington, Delaware  19801
Telephone:  (302) 467-4400
Facsimile:  (302) 467-4450

*Counsel to the Official Committee of Unsecured Creditors for the FitzSimons Action and other adversary proceedings, but not the Lender Action*

- and –

Graeme W. Bush
James Sottile
Andrew N. Goldfarb
**ZUCKERMAN SPAEDER LLP**
1800 M Street, N.W., Suite 1000
Washington, DC 20036
Telephone:  (202) 778-1800
Facsimile:  (202) 822-8106

*Counsel to the Official Committee of Unsecured Creditors*

AND

Dated: January 17, 2012
      Wilmington, Delaware

**SEITZ, VAN OGTROP & GREEN, P.A.**

/s/ *James S. Green, Sr.*

_____

James S. Green, Sr. (No. 481)
222 Delaware Avenue, Suite 1500
Wilmington, DE 19899
Telephone:  (302) 888-0600
Facsimile:  (302) 888-0606

*Counsel to the Official Committee of Unsecured Creditors for the Lender Action*

{698.001-W0019036.}
9

-and-

Graeme W. Bush
James Sottile
Andrew N. Goldfarb
**ZUCKERMAN SPAEDER LLP**
1800 M Street, N.W., Suite 1000
Washington, DC 20036
Telephone:  (202) 778-1800
Facsimile:  (202) 822-8106

*Counsel to the Official Committee of Unsecured
Creditors*

{698.001-W0019036.}