# Exhibit A

**Proposed Order Establishing Scheduling for (1) Resolution of the Allocation Disputes and (2) Consideration of DCL Plan Proponents' Supplemental Disclosure Document, Solicitation Procedures Motion and Plan**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------x

In re:

TRIBUNE COMPANY, et al.,[1]

Debtors.

------------------------------x

Chapter 11

Case No. 08-13141 (KJC)

(Jointly Administered)

Re: Docket No. 10569, 10571

## ORDER ESTABLISHING SCHEDULING FOR (1) RESOLUTION OF THE ALLOCATION DISPUTES AND (2) CONSIDERATION OF DCL PLAN PROPONENTS' SUPPLEMENTAL DISCLOSURE DOCUMENT, SOLICITATION PROCEDURES MOTION AND PLAN

Having heard the arguments of the parties at the January 11, 2012 hearing, the Court hereby establishes the following schedule for resolution of the Allocation Disputes (as defined

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc. f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

below) and consideration of the DCL Plan Proponents' Solicitation Procedures Motion[2] and

Supplemental Disclosure Document[3]:

    IT IS HEREBY ORDERED as follows:

1. The "**Parties**", as that term is used herein, are the following: (a) the debtors and debtors in possession in the above-captioned chapter 11 cases (the "**Debtors**"), (b) the Official Committee of Unsecured Creditors of Tribune Company (the "**Committee**"), (c) Deutsche Bank Trust Company Americas ("**DBTCA**"), in its capacity as successor indenture trustee for a certain series of Senior Notes issued by Tribune Company ("**Tribune**"), (d) Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for a certain series of Senior Notes issued by Tribune, (e) Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES Notes issued by Tribune, (f) Aurelius Capital Management, LP, (g) Brigade Capital Management, LLC, (h) Davidson Kempner Capital Management LLC, (i) Oaktree Capital Management, LLC, (j) EGI-TRB LLC ("**EGI**"), (k) approximately 200 former employees (and beneficiaries of such former employees) of The Times Mirror Company, who were receiving or entitled to receive payments under certain qualified and non-qualified retirement plans of one or more of the Debtors (the "**Retirees**"), and (l) any other party who identifies itself as wishing to take a position before the Court on any of the Allocation Disputes pursuant to paragraph 13 below.

2. The term "**Allocation Disputes**", as that term is used herein, means:

   a. PHONES Notes Disputes.[4] Disputes concerning the following issues related to the PHONES Notes: (i) whether and to what extent the Article III Distributions must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code in connection with assertions that all or any portion of the consideration provided by the Senior Lenders,

---

[2] The "**Solicitation Procedures Motion**" is the Motion for an Order (I) Approving the Supplemental Disclosure Document; (II) Establishing the Scope, Forms, Procedures, and Deadlines for Resolicitation of Votes to Accept or Reject the DCL Plan From Certain Classes; (III) Authorizing Tabulation of Prior Votes and Elections on DCL Plan Made by Holders of Claims in Non-Resolicited Classes; (IV) Scheduling the Confirmation Hearing and Establishing Notice and Objection Procedures in Respect Thereof; and (V) Granting Related Relief [Docket No. 10274].

[3] The "**Supplemental Disclosure Document**" is the Supplemental Disclosure Document Relating to Third Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A., as may be amended [Docket No. 10275].

[4] Certain parties contend that the Court's Memorandum on Reconsideration dated December 28, 2011 [Docket No. 10531] actually or practically resolved the Allocation Disputes set forth in sub-paragraphs 2(a)(i) and (ii) of this Order. This Order is not intended to constitute a ruling on the question of whether these Allocation Disputes have been resolved, and all of the parties' rights respecting this question are hereby expressly preserved.

Bridge Lenders, and Settling Step Two Payees in respect of the Settlement are or are not subject to the subordination provisions of the PHONES Notes Indenture; (ii) whether and to what extent the priority of the distributions from the Creditors' Trust must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code in connection with assertions that all or any distributions from the Creditors' Trust are or are not subject to the subordination provisions of the PHONES Notes Indenture; (iii) whether and to what extent the Article III Distributions or the priority of distributions from the Creditors' Trust and/or the Litigation Trust must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code in connection with assertions that any category of Other Parent Claims (*i.e.*, the Swap Claim, the Retiree Claims or general unsecured trade claims against Tribune) does or does not constitute "Senior Indebtedness", as defined by the PHONES Notes Indenture (including, without limitation, because any category of Other Parent Claims does or does not constitute "Indebtedness," as that term is defined in the PHONES Notes Indenture and used in the PHONES Note Indenture's definition of "Senior Indebtedness"); (iv) the Allowed amount of the PHONES Notes Claims; (v) whether and to what extent beneficiaries of the subordination provisions of the PHONES Notes Indenture (as determined by the Bankruptcy Court, if applicable) are entitled to receive post-petition interest prior to the Holders of PHONES Notes Claims receiving payment on their Claims; and (vi) whether the PHONES Notes are senior in right of payment to the EGI-TRB LLC Notes; and

b. <u>EGI-TRB LLC Notes Disputes</u>. Disputes concerning the following issues related to the EGI-TRB LLC Notes: (i) whether and to what extent the Article III Distributions must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code in connection with assertions that all or any portion of the consideration provided by the Senior Lenders, Bridge Lenders, and Settling Step Two Payees in respect of the Settlement are or are not subject to the subordination agreement governing the EGI-TRB LLC Notes; (ii) whether and to what extent the priority of the distributions from the Creditors' Trust and/or the Litigation Trust must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code in connection with assertions that all or any distributions from the Creditors' Trust and/or the Litigation Trust are or are not subject to the subordination agreement governing the EGI-TRB LLC Notes; (iii) whether and to what extent the Article III Distributions or the priority of distributions from the Creditors' Trust and/or the Litigation Trust must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code in connection with assertions that any category of Other Parent Claims (*i.e.*, the Swap Claim, the Retiree Claims or general unsecured trade claims against Tribune) does or does not constitute "Senior Obligations", as defined by the subordination agreement governing the EGI-TRB LLC Notes; (iv) whether and to what extent beneficiaries of the subordination agreement governing the EGI-TRB LLC Notes (as determined by the Bankruptcy Court, if applicable) are entitled to receive post-petition interest

3

prior to the Holders of EGI-TRB LLC Notes Claims receiving payment on their Claims; and (v) whether the EGI-TRB LLC Notes are senior in right of payment to the PHONES Notes.[5]

3. Capitalized terms used but not otherwise defined in this Order shall have the meanings set forth in the Third Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A. [Docket No. 10273], as it may be further amended (the "**Plan**").

4. Unless otherwise stated, all filings shall be due no later than 11:59 p.m. (prevailing Eastern time) on the dates provided for below.

## ALLOCATION DISPUTE DISCOVERY

5. Discovery with respect to the Allocation Disputes shall be limited to the following:

    a. Discovery directed to the Debtors and/or DBTCA, relating to the appropriate amount of the PHONES Notes Claims;

    b. Discovery directed to the Retirees and the holders of the Swap Claim, seeking the operative documents pursuant to which their respective claims arise;

    c. Discovery directed to any DCL Plan Proponent or any holder of an Other Parent Claim asserting that any category of Other Parent Claim is entitled to the benefit of the PHONES Notes and/or EGI-TRB LLC Notes subordination provisions, seeking the documents supporting such assertion;

    d. Discovery directed to EGI-TRB, Debtors or any Party asserting a position relating to whether the PHONES Notes are senior, junior or *pari passu* in right of payment to the EGI-TRB LLC Notes;

    e. Discovery directed to the Debtors, the Committee and/or their respective professionals, relating to the Recovery Chart, as set forth in Section D of Exhibit A (Subordination Allocation Appendix) to the Supplemental Disclosure Document (the "**Recovery Chart**"), as it may be amended, and/or any financial information relied upon by the Debtors or the Committee to support their assertion(s) that the holders of Other Parent Claims' receipt of equal or higher percentage recoveries in initial distributions as the Senior Noteholders does not result in unfair discrimination against the Senior Noteholders; and

---

[5] The Allocation Disputes do not include the issues raised in the lawsuit titled *Official Committee of Unsecured Creditors of the Tribune Company v. FitzSimons, et al. (In re Tribune Co.)*, Adv. Proc. No. 10-54010 (Bankr. D. Del.) (KJC).

    f. Discovery authorized by the Court upon good cause shown after notice and an opportunity to be heard.

6. To reflect the impact of the Court's Reconsideration Order, the Debtors shall provide to the Parties by January 24, 2012 a revised Recovery Chart incorporating any such changes and any other changes believed to be appropriate. The Debtors reserve the right to make further changes to the Recovery Chart as circumstances may require, provided that (i) any Party may serve discovery regarding such changes, directed to the Debtors or any other party that proffers a revised Recovery Chart, and (ii) the Debtors or such party shall respond or object to such discovery within three (3) calendar days of receiving it, and, to the extent such discovery is not the subject of an objection, shall produce such discovery on an expedited basis.

7. All initial requests for written discovery with respect to the Allocation Disputes shall be served by January 20, 2012.

8. Written objections and responses to any requests for documents shall be served within seven (7) calendar days of service of such requests for documents.

9. Objections to deposition notices shall be served within three (3) calendar days of service of such notices.

10. All Parties shall complete production of all responsive documents within the later of fifteen (15) calendar days after service of the requests seeking such documents or, solely with respect to documents subject to an objection, within five (5) calendar days after resolution of any discovery dispute respecting such documents. Parties shall make their good faith, best efforts to produce documents on a rolling basis whenever practicable.

11. Notwithstanding anything in paragraph 5 of this Order, all Parties reserve the right to object to discovery. With respect to any discovery dispute that may arise, the Parties to the dispute(s) shall meet and confer within two (2) business days of any Party's request for such a meet and confer conference. If the Parties are unable to resolve their dispute(s), such Parties may seek Court intervention utilizing the following procedure in lieu of the procedures contained in Rule 7026-1 of the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware:

    a. The Party seeking information shall deliver to the Court and serve all Parties via email a single letter, no more than four (4) pages in length, identifying the issue(s) and relief requested and summarizing the basis thereof (the "**Initial Letter**");

    b. Within two (2) calendar days after receipt of such Initial Letter, the Party from whom information is sought shall deliver to the Court and serve all Parties via email a single letter, no more than four (4) pages in length, responding to the Initial Letter (the "**Response Letter**");

    c. The Court will thereafter instruct the Parties whether a telephonic conference or hearing shall be scheduled with the Court to address the issues raised and/or if the Court requires further briefing in advance of any such conference or hearing.

12. All discovery on the Allocation Disputes shall be completed by no later than February 17, 2012.

## PRELIMINARY STATEMENT AND BRIEFING ON THE REMAINING ALLOCATION DISPUTES

13. No later than January 31, 2012, each Party, including any party not specifically named in paragraph 1 that wishes to take a position on any Allocation Dispute, shall file a statement setting forth the Allocation Dispute(s) that such Party intends to take a position on, a brief statement of such position with respect to each such Allocation Dispute, the identification of such Party's trial witnesses (if any) and the anticipated scope of any direct trial testimony (the "**Preliminary Statement**").

14. No later than February 24, 2012 at 4:00 p.m. (Eastern time), each Party that has indicated, pursuant to paragraph 13, an intention to take a position on an Allocation Dispute shall have the right to file a brief (the "**Opening Brief**") in support of its position(s) on any Allocation Dispute(s) identified in its Preliminary Statement.

15. No later than March 2, 2012 at 12:00 p.m. (Eastern time), each Party shall have the right to file a brief (the "**Response Brief**") in response to the Opening Briefs of other Parties.

16. No later than February 27, 2012, each Party shall (i) identify each document on which it intends to rely at the Allocation Disputes Hearing, and (ii) if any such documents have not yet been produced, produce such documents.

## ALLOCATION DISPUTE HEARING

17. A hearing (the "**Allocation Disputes Hearing**") on the Allocation Disputes is scheduled to commence on March 5, 2012 at 10:00 a.m. (Eastern time) before the Honorable Kevin J. Carey, United States Bankruptcy Judge, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 5th Floor, Courtroom No. 5, Wilmington DE 19801. If necessary, the Allocation Disputes Hearing shall continue on March 6, 2012 commencing at 10:00 a.m. (Eastern time).

18. A status conference relating to the Allocation Dispute Hearing will be held on February 28, 2012 at 10 a.m. (Eastern time) or as soon thereafter as the Court's schedule will permit to plan for the Allocation Disputes Hearing and to resolve any open issues.

## SCHEDULE FOR CONSIDERATION OF DCL PLAN PROPONENTS' SUPPLEMENTAL DISCLOSURE DOCUMENT AND SOLICITATION PROCEDURES MOTION

19. The DCL Plan Proponents shall file any amendments or supplements to the Supplemental Disclosure Document, Plan and Solicitation Procedures Motion on or before February 20, 2012.[6] The supplement to the Solicitation Procedures Motion shall set forth the proposed Supplemental Voting Record Date, the filing deadline for 3018 Motions, the Supplemental Tabulation Deadline (as such terms are defined in the Solicitation Procedures Motion) and any additional dates relating to the confirmation process not established by this Order.

20. Any objections to the Supplemental Disclosure Document or Solicitation Procedures Motion shall be filed no later than March 9, 2012.

21. Any responses to objections to the Supplemental Disclosure Document or Solicitation Procedures Motion shall be filed no later than March 16, 2012.

22. A hearing on the Solicitation Procedures Motion and Supplemental Disclosure Document (the "**Solicitation/SDD Hearing**") shall take place on March 23, 2012 at 10:00 a.m. (Eastern time) before the Honorable Kevin J. Carey, United States Bankruptcy Judge, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 5th Floor, Courtroom No. 5, Wilmington DE 19801.

23. All initial requests for written discovery related to Plan confirmation shall be served by March 9, 2012, and all discovery on Plan confirmation shall be completed no later than April 30, 2012. The Parties shall meet and confer regarding the nature and scope of any confirmation related discovery with the goal of establishing interim deadlines for the completion of such discovery consistent with the discovery period contemplated by this Order. To the extent that the parties are unable to agree on these matters, they will be prepared to discuss these issues at the status conference to be held in connection with the Allocation Disputes Hearing referenced in paragraph 18 above.

24. The Voting Deadline (as defined in the Solicitation Procedures Motion) shall be April 30, 2012.

25. Any objections to confirmation of the Plan shall be filed no later than April 30, 2012.

26. Briefs in support of confirmation of the Plan and replies to confirmation objections shall be filed no later than May 10, 2012.

---

[6] For the avoidance of doubt, nothing in this Order shall prevent the DCL Plan Proponents from filing amendments to the Supplemental Disclosure Document, the Plan or the Solicitation Procedures Motion to resolve or respond to any objections thereto after February 20, 2012.

27. A hearing (the "**Confirmation Hearing**") on confirmation of the Plan is scheduled to commence on May 16, 2012 at 10:00 a.m. (Eastern time) before the Honorable Kevin J. Carey, United States Bankruptcy Judge, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 5th Floor, Courtroom No. 5, Wilmington DE 19801. If necessary, the Confirmation Hearing shall continue on May 17, 2012 commencing at 10:00 a.m. (Eastern time).

## MISCELLANEOUS

28. Any determination on the Allocation Disputes shall be made in accord with Fed.R.Bankr.P. 7001(8) and subject to confirmation of a plan.

29. Upon good cause shown, and on notice to all Parties, any Party may seek to have this Order modified by the Court.

30. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**SO ORDERED:**

Date: _____, 2012

_____
HONORABLE KEVIN J. CAREY
United States Bankruptcy Judge