**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

-------------------------------------------------------x
In re:                                             :       Chapter 11 Cases
                                                   :       Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,                           :       (Jointly Administered)
                                                   :
                             Debtors.              :
                                                   :
-------------------------------------------------------x

**OPPOSITION OF LAW DEBENTURE TRUST COMPANY OF NEW YORK
AND DEUTSCHE BANK TRUST COMPANY AMERICAS TO
WILMINGTON TRUST COMPANY'S MOTION FOR LEAVE TO
APPEAL BANKRUPTCY COURT'S DECISION ON SUBORDINATION**


KASOWITZ, BENSON, TORRES &        BIFFERATO GENTILOTTI LLC
   FRIEDMAN LLP                   Garvan F. McDaniel (I.D. No. 4167)
David S. Rosner                   800 N. King Street, Plaza Level
Sheron Korpus                     Wilmington, Delaware 19801
Christine A. Montenegro           302-429-1900
Matthew B. Stein
1633 Broadway
New York, New York 10019
212-506-1700

*Counsel for Law Debenture Trust Company of New York, solely in its capacity as successor
Indenture Trustee for certain series of Senior Notes*


McCARTER & ENGLISH, LLP           McCARTER & ENGLISH, LLP
David J. Adler                    James J. Freebery (I.D. No. 3498)
245 Park Avenue                   Renaissance Centre
New York, New York 10167          405 N. King Street
212-609-6800                      Wilmington, Delaware 19801
                                  302-984-6300


*Counsel for Deutsche Bank Trust Company Americas, solely in its capacity as successor
Indenture Trustee for certain series of Senior Notes*

## TABLE OF CONTENTS

                                                                                                                    Page

TABLE OF AUTHORITIES ....................................................................................................ii

PRELIMINARY STATEMENT ............................................................................................ 1

STATEMENT OF ADDITIONAL RELEVANT FACTS ........................................................ 5

ARGUMENT ........................................................................................................................ 7

I.       The Orders Are Not Final ......................................................................................... 7

II.      The Collateral Order Doctrine Is Inapplicable................................................... 13

III.     This Court Should Deny WTC's Request For Leave For Appeal .................... 14

         A.       The Appeal Does Not Address A Controlling Question Of Law ......... 15

         B.       There Are No Substantial Grounds For A Difference Of Opinion As To
                  The Applicable Legal Standards.................................................................... 17

         C.       An Interlocutory Appeal Will Not Materially Advance The Termination
                  Of The Litigation .............................................................................................. 19

         D.       Other Factors Militate Against Interlocutory Appeal ........................... 20

CONCLUSION....................................................................................................................... 21

# TABLE OF AUTHORITIES

**Page**

CASES

*Ahrenholz v. Bd. of Trs.*,
219 F.3d 674 (7th Cir. 2000) ........................................................................................11,16

*Aluminum Co. of Am. v. Beazer E., Inc.*,
124 F.3d 551 (3d Cir. 1997)..................................................................................................8

*Barnhart v. Thomas*,
540 U.S. 20 (2003)...............................................................................................................18

*Behrens v. Pelletier*,
516 U.S. 299 (1996)...............................................................................................................8

*Buncher Co. v. Official Comm. of Unsecured Creditors of GenFarm Ltd. P'ship IV*,
229 F.3d 245 (3d Cir. 2000)............................................................................................9, 11

*Catlin v. United States*,
324 U.S. 229 (1945).............................................................................................................7

*Cofab, Inc. v. Phila. Joint Bd., Amalgamated Clothing & Textile Workers Union*,
141 F.3d 105 (3d Cir. 1998)...............................................................................................14

*Cohen v. Beneficial Indus. Loan Corp.*,
337 U.S. 541 (1949).......................................................................................................8, 13

*Cunningham v. Hamilton Cnty.*,
527 U.S. 198 (1999).............................................................................................................7

*Fauber v. Kem Transp. & Equipment Co.*,
876 F.2d 327 (3d Cir. Pa. 1989).........................................................................................10

*Finkel v. Polichuk*,
2011 U.S. Dist. LEXIS 62324 (E.D. Pa. June 8, 2011) ..................................................14, 15

*First Am. Bank v. Sw. Gloves & Safety Equip., Inc.*,
64 B.R. 963 (D. Del. 1986)...................................................................................................9

*Gov't of the V.I. v. Lansdale*,
307 Fed. Appx. 688 (3d Cir. 2009).....................................................................................13

*Great Am. Ins. Co. v. Int'l Custom Prods.*,
No. 3:09-124, 2011 U.S. Dist. LEXIS 151378 (W.D. Pa. Oct. 31, 2011) ..............................16

*Gulfstream Aerospace Corp. v. Mayacamas Corp.*,
    485 U.S. 271 (1988) ............................................................................................13

*In re AE Liquidation, Inc.*,
    451 B.R. 343 (D. Del. 2011) ...........................................................15, 16, 18, 19, 20

*In re Armstrong World Indus.*,
    432 F.3d 507 (3d Cir. 2005) ......................................................................... 11, 12

*In re Bank of New Eng. Corp.*,
    218 B.R. 643 (B.A.P. 1st Cir. 1998) ...................................................................17

*In re Blatstein*,
    192 F.3d 88 (3d Cir. 1999) .................................................................................9

*In re Diet Drugs Prods. Liab. Litig.*,
    401 F.3d 143 (3d Cir. 2005) .............................................................................14

*In Re Dura Auto. Sys., Inc.*,
    379 B.R. 257 (Bankr. D. Del. 2007) .................................................................18

*In re Enron Corp.*,
    2007 U.S. Dist. LEXIS 70731 (S.D.N.Y. Sept. 24, 2007) ....................................19

*In re Enron Creditors Recovery Corp.*,
    380 B.R. 307 (S.D.N.Y. 2008) .........................................................................18

*In re Griffith Dev. Co.*,
    2011 U.S. Dist. LEXIS 93880 (D. Del. Aug. 23, 2011) .......................................15

*In re Marvel Entm't Grp., Inc.*,
    209 B.R. 832 (D. Del. 1997) ............................................................................16

*In re Mcorp Fin., Inc.*,
    139 B.R. 820 (S.D. Tex. 1992) .........................................................................13

*In re Meyertech Corp.*,
    831 F.2d 410 (3d Cir. 1987) ...............................................................................9

*In re Natale*,
    295 F.3d 375 (3d Cir. 2002) ......................................................................... 11, 12

*In re Pruitt*,
    910 F.2d 1160 (3d Cir. 1990) ...................................................................... 13, 14

*In re Reliant Energy Channelview, LP*,
    397 B.R. 697 (D. Del. 2008) ...........................................................................2, 9

*In re SemCrude, L.P.*,
    2010 U.S. Dist. LEXIS 136391 (D. Del. Oct. 26, 2010) ........................................... 16, 17, 20

*In re Simons*,
    908 F.2d 643 (10th Cir. 1990) ..............................................................................13

*In re Spansion Inc.*,
    426 B.R. 114 (Bankr. D. Del. 2010) ......................................................................18

*In re White Beauty View, Inc.*,
    841 F.2d 524 (3d Cir. 1988).................................................................................12

*Off'l Comm. Of Unsecured Creditors of Cybergenics Corp. v. Scott Chinery*
    *(In re Cybergenics Corp.)*,
    226 F.3d 237 (3d Cir. 2000)..................................................................................6

*Official Comm. of Equity Sec. Holders v. Finova Capital Corp.*
    *(In re Finova Capital Corp.)*,
    No. 06-040-JJF, 2006 U.S. Dist. LEXIS 19141 (D. Del. Apr. 13, 2006) ...............................10

*Pandolfelli v. JPMorgan Chase Bank, N.A.*,
    2011 U.S. Dist. LEXIS 26163 (D.N.J. Mar. 14, 2011)....................................................17, 19

*Popular Leasing U.S.A., Inc. v. Forman*,
    2009 U.S. Dist. LEXIS 84138 (D.N.J. Sept. 14, 2009) .........................................................16

*WCI Steel, Inc. v. Wilmington Trust Co.*,
    338 B.R. 1 (N.D. Ohio 2005).................................................................................13

*Weber v. U.S. Tr.*,
    484 F.3d 154 (2d Cir. 2007)..................................................................................15

## STATUTES

28 U.S.C. § 158(a)(1).........................................................................................7

28 U.S.C. § 158(a)(3).....................................................................................14, 17

28 U.S.C. § 1292(b) ...................................................................................... *passim*

## OTHER AUTHORITIES

88 HARV. L. REV. 607, 609 (1975) ..........................................................................15

Moore's Federal Practice, Civil § 203.31 .................................................................16

Law Debenture Trust Company of New York ("Law Debenture"), as successor indenture trustee under that certain Indenture dated March 19, 1996 between Tribune Company ("Tribune" and with its debtor subsidiaries, the "Debtors") (successor to The Times Mirror Company) and Citibank, N.A., and Deutsche Bank Trust Company Americas ("DBTCA" and together with Law Debenture, the "Senior Indenture Trustees"), successor trustee under (i) that certain indenture dated March 1, 1992, by and between Tribune and Continental Bank, N.A.; (ii) that certain indenture dated January 30, 1995, by and between Tribune and First Interstate Bank of California; and (iii) that certain indenture dated January 1, 1997, by and between Tribune and Bank of Montreal Trust Company (collectively, the "Senior Indentures" and the notes and holders of notes issued pursuant to the Senior Indentures, respectively, the "Senior Notes" and the "Senior Noteholders"), by and through their undersigned counsel, hereby oppose Wilmington Trust Company's ("WTC") *Motion For Leave To Appeal Bankruptcy Court's Decision On Subordination*, dated January 10, 2012 [Dkt. No. 10582] (the "Motion"), and respectfully represent as follows:[1]

## PRELIMINARY STATEMENT

This Court should reject WTC's attempt to appeal the (i) *Order Denying Confirmation Of Competing Plans* [Dkt. No. 10134] and the *Opinion On Confirmation* [Dkt. No. 10133] (collectively, the "Order Denying Confirmation"), and (ii) the *Order Regarding Motions For Reconsideration Of The Confirmation Opinion And Order* [Dkt. No. 10532] and the *Memorandum On Reconsideration* [Dkt. No. 10531] (collectively, the "Reconsideration Order," and together with the Order Denying Confirmation, the "Orders") both as an appeal as a matter of right and as a request for leave to appeal an interlocutory order.

---

[1]     Capitalized terms have the meanings in the Motion unless defined otherwise.

WTC may not appeal the Orders as of right because they are not final orders, even under a more relaxed standard of finality that courts in this District apply to Bankruptcy Court orders. Under *Reliant Energy* (cited below), the Court will find an order final if, among other things, the order (i) leaves no additional work for the Bankruptcy Court, (ii) implicates purely legal issues, (iii) impacts assets of the debtor's estate, and (iv) furthers judicial economy.  WTC satisfies none of these elements.

First, the Order Denying Confirmation clearly leaves additional work for the Bankruptcy Court, *i.e.* the consideration of another plan, because the Bankruptcy Court has not confirmed a plan of reorganization.  Indeed, the Order Denying Confirmation leaves the Bankruptcy Court with nothing to enforce.  Moreover, WTC itself asserts that although the Bankruptcy Court has resolved the subordination issue addressed in the Reconsideration Order, the Bankruptcy Court has further work to do with respect to the adjudication of other issues concerning the same subordination provisions of the PHONES Indenture.  These issues are intertwined with the subordination issue that the Bankruptcy Court resolved in the Reconsideration Order.  Although the Senior Indenture Trustees assert that the Bankruptcy Court's interpretation of the applicable subordination provisions is dispositive of other issues that the Bankruptcy Court will address relating to the scope of the contractual subordination, WTC disagrees and apparently intends to litigate those issues as if they remain unresolved.  Until the Bankruptcy Court resolves all other unresolved but related disputes arising out of the subordination provisions of the PHONES Indenture, there remains further work for the Bankruptcy Court.

Second, the bases for the Bankruptcy Court's decision to reconsider its prior decision, as well the Bankruptcy Court's contractual interpretation of the subordination provisions, are not pure legal issues.  The decision to reconsider a prior ruling is itself discretionary.  Further,

although the interpretation of an unambiguous contract is treated as an issue of law for purposes of applying the applicable standard of review, there was no "legal issue" in the sense of a disputed issue of common or statutory law, and there was no issue as to the applicable legal standard for construing the applicable subordination provision.  The Bankruptcy Court did, and an appellate court would have to, engage in an in-depth analysis of the specific subordination provisions to decide the issues WTC seeks to have reviewed on appeal.

Third, subordination does not directly impact the assets of the Debtors' estates as opposed to the allocation of those assets after a plan is confirmed.  In this case, the connection is even more attenuated because the subject of the Reconsideration Order dealt with recoveries from third parties.

Fourth, the consideration of any appeal from the Bankruptcy Court's resolution of the subordination issue here at the same time as that of the Bankruptcy Court's ongoing resolution of the other issues concerning the same subordination provisions of the PHONES Indenture will not promote judicial economy and will increase the chance that there will be piecemeal appeals of substantially similar or related subordination issues.

For many of the same reasons that dictate that the Orders are not final, the Orders are also not ripe for appellate review as either a collateral or interlocutory order.  The collateral order doctrine is inapplicable because, absent confirmation of a plan of reorganization, the Orders do not (i) conclusively determine the central issue of confirmation of a plan of reorganization, (ii) resolve an important issue separate from the merits of the overall confirmation litigation, and (iii) render application of subordination unreviewable on appeal.  The subordination issue here is simply one of the many issues that the Bankruptcy Court will address in connection with confirmation of any plan and any appeal from an order confirming a plan.  Moreover, because

the Bankruptcy Court has not confirmed a plan of reorganization, no Litigation Trust has been

formed, no parties have realized recoveries, and there is no risk that, absent an immediate appeal,

WTC may not seek review of the Bankruptcy Court's determination of all issues following

confirmation.

Finally, WTC cannot avail itself of an interlocutory review of the Orders because they do

not involve a controlling issue of law upon which there are substantial grounds for a difference

of opinion and that would, if appealed immediately, materially advance the ultimate

determination of the confirmation litigation. First, WTC fails to mention a single controlling

question of law. Instead, WTC merely highlights perceived faults with the Bankruptcy Court's

interpretation of the subordination provisions in the Reconsideration Order. Second, WTC has

not shown that there is a substantial difference of opinion regarding the Bankruptcy Court's

contractual interpretation concerning the scope of the PHONES Indenture's subordination

provisions. In fact, the legal principles that govern the interpretation of the subordination

provisions at issue are well-settled. WTC merely disagrees with the Bankruptcy Court's

interpretation of these provisions. Disagreement is not sufficient to establish that a substantial

difference of opinion exists. In fact, WTC's admission that the Reconsideration Order involved

"well-established" principles of law and contract interpretation further undercuts any pretext that

there are substantial differences of opinion on the correct legal standard. Third, appellate review

of the Reconsideration Order will not advance the Bankruptcy Court's adjudication of the

remaining issues, including those related to the PHONES Indenture, in connection with its

consideration of confirmation of a plan of reorganization. Although the Senior Indenture

Trustees assert that the Reconsideration Order is dispositive as to the subordination issue the

Bankruptcy Court addressed, WTC disagrees and argues that all of the subordination issues

remain open, are not controlled by the Reconsideration Order, and are subject to adjudication as part of the Allocation Disputes.  Moreover, even if the appeal could advance the Bankruptcy Court's adjudication of the Allocation Disputes, by failing to request expedited treatment of its appeal, WTC has ensured that the Bankruptcy Court will determine the Allocation Disputes prior to any adjudication of the appeal.

It is not surprising that WTC would have preferred that the Bankruptcy Court leave unaltered its previous error.  If left intact, WTC could have received, in the context of confirmation of plan of reorganization not yet confirmed, a recovery windfall through the misapplication of the subordination provisions in the PHONES Indenture.  Although WTC has made its disagreement clear, it has utterly failed to satisfy the rigorous standards that the Court requires to review the Orders at this stage in the proceedings.  The Orders are not final, do not constitute collateral orders, and certainly do not demand immediate interlocutory appeal. Accordingly, the Court should deny the Motion and dismiss the appeal.

## STATEMENT OF ADDITIONAL RELEVANT FACTS

Without repeating the relevant facts set forth by WTC in the Motion, the Senior Indenture Trustees wish to augment the factual background by addressing key facts which were omitted in the Motion.

On December 29, 2011, the Bankruptcy Court entered the Reconsideration Order and an accompanying Memorandum on Reconsideration (the "Reconsideration Memorandum").  In the Reconsideration Memorandum, the Bankruptcy Court first determined to reconsider its prior findings on at least two bases:

> Reconsideration is appropriate where there is an error of fact and, in this case, the Court erroneously said that the "Noteholders" joined in the objection to the treatment of subordinated debt with respect to distributions from the DCL Litigation Trust, although the Movants, who are Senior Noteholders, did not join in that objection. … Further, reconsideration is appropriate when the Court has

overlooked facts that might reasonably have altered or impacted the decision. Here, the Court's consideration of the phrase "assets of the Company" was too limited. A more complete reading of the PHONES Indenture as a whole is required.

(Reconsideration Mem. at 7.)

Having decided to reconsider, the Bankruptcy Court analyzed Article 14 of the PHONES Indenture, which governs the subordination of the PHONES Notes, as well as the PHONES Indenture in its entirety. As a result of its review, and upon consideration of the parties' arguments and after a hearing, the Bankruptcy Court reconsidered and concluded that "[t]he overall purpose of [the subordination provisions in] Article 14, in general, and Section 14.02, in particular, is to ensure that the PHONES Notes are subordinated to the Senior Indebtedness." (Reconsideration Mem., at 15.)

In the Reconsideration Memorandum, the Bankruptcy Court provided a very detailed and thorough explanation for its decision, relied on cases involving contract interpretation, and continued to adhere to the Third Circuit Court of Appeals' decision in *Off'l Comm. Of Unsecured Creditors of Cybergenics Corp. v. Scott Chinery (In re Cybergenics Corp.)*, 226 F.3d 237, 245 (3d Cir. 2000). (Reconsideration Mem., at 7 n.11, and 9-16.)

Concurrently with the Bankruptcy Court's adjudication of the subordination dispute in the Reconsideration Order, the parties raised the following other disputes, several of which arise from the same subordination provisions of the PHONES Indenture (the "Allocation Disputes"), that the Bankruptcy Court had not addressed previously in either the Order Denying Confirmation or the Opinion Denying Confirmation, including:

- whether and to what extent certain distributions under the Plan must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code in connection with assertions that all or any portion of the consideration provided by the Senior Lenders, Bridge Lenders, and Settling Step Two Payees in respect of the Settlement are or are not subject to the subordination provisions of the PHONES Notes Indenture;

- whether and to what extent the priority of the distributions from the Creditors' Trust must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code in connection with assertions that all or any distributions from the Creditors' Trust are or are not subject to the subordination provisions of the PHONES Notes Indenture;

- whether and to what extent certain distributions under the Plan or the priority of distributions from the Creditors' Trust and/or the Litigation Trust must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code in connection with assertions that any category of Other Parent Claims (*i.e.*, the Swap Claim, the Retiree Claims or general unsecured trade claims against Tribune) does or does not constitute "Senior Indebtedness", as defined by the PHONES Notes Indenture; and

- whether and to what extent beneficiaries of the subordination provisions of the PHONES Notes Indenture are entitled to receive post-petition interest prior to the Holders of PHONES Notes Claims receiving payment on their Claims.

*Order*, dated June 24, 2012 [Dkt. No. 10692] at 2-3.

Following a status conference held before the Bankruptcy Court on January 11, 2012, the Bankruptcy Court entered an order dated January 24, 2012, setting forth discovery and pretrial procedures and scheduling a hearing on the Allocation Disputes for March 5-6, 2012.

## ARGUMENT

### I.   The Orders Are Not Final

WTC has improperly sought to appeal as of right the Orders even though they are not final as required under 28 U.S.C. § 158(a)(1).  Section 158(a)(1) of the United States Code provides, in pertinent part, that "the district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees" of the bankruptcy courts.  28 U.S.C. § 158(a)(1).  A decision is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  *Catlin v. United States*, 324 U.S. 229, 233 (1945); *see also Cunningham v. Hamilton Cnty.*, 527 U.S. 198, 204 (1999).  The surrounding circumstances, coupled with WTC's own admissions, lead to the inescapable conclusion that the Orders are merely one step in a multi-step process that is neither final nor ripe for appeal.

7

Here, the Bankruptcy Court cannot execute the judgment it rendered in either of the Orders as it has confirmed no plan of reorganization; instead, it denied confirmation.  *See Behrens v. Pelletier*, 516 U.S. 299, 305 (1996) ("The requirement of finality precludes consideration of decisions that are subject to revision, and even of 'fully consummated decisions [that] are but steps towards final judgment in which they will merge.'") (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949)).  An order is final only if it "is clearly intended by the court to be its final act in the proceeding."  *Aluminum Co. of Am. v. Beazer E., Inc.*, 124 F.3d 551, 559 (3d Cir. 1997).  The Orders on their face are proof that the Bankruptcy Court never intended them to constitute final orders.

Moreover, the Bankruptcy Court must still adjudicate the Allocation Disputes, including certain disputes arising out of the same subordination provisions the Bankruptcy Court addressed in the Reconsideration Order, as a necessary element to consideration of confirmation of a plan of reorganization.  Until the Bankruptcy Court resolves the remaining Allocation Disputes and confirms a plan of reorganization, no distributions can occur.

WTC simply ignores these fatal flaws when arguing the Orders are final.  Rather, WTC argues simply that a "broader concept of finality" applies here, stretching the Court's flexibility beyond reasonable standards.  (Motion, at 7.)  Although the Courts in the Third Circuit do apply a somewhat "relaxed standard" of finality, they must take into account the following factors:

(1)    whether the order leaves additional work to be done by the Bankruptcy Court;

(2)    whether the order implicates purely legal issues;

(3)    what, if any, is the impact of the order on the assets of the debtor's estate;

(4)    the necessity for further fact-finding on remand to the Bankruptcy Court;

(5)    the preclusive effect of the District Court's decision on the merits of subsequent litigation; and

(6)      the furtherance of judicial economy.

*In re Reliant Energy Channelview, LP*, 397 B.R. 697, 699 (D. Del. 2008); *see also Buncher Co.*

*v. Official Comm. of Unsecured Creditors of GenFarm Ltd. P'ship IV*, 229 F.3d 245, 250 (3d

Cir. 2000).  Of these factors the most critical is the impact on the bankruptcy estate.  *In re*

*Blatstein*, 192 F.3d 88, 94 (3d Cir. 1999); *In re Meyertech Corp.*, 831 F.2d 410, 414 (3d Cir.

1987).

Without applying the *Reliant Energy* factors, WTC claims the Reconsideration Order is

final because "the "Bankruptcy Court has finally ruled on the PHONES Noteholders' rights with

respect to recoveries on Chapter 5 causes of action by the Litigation Trust."  (Motion, at 8.)

WTC relies heavily on finality as being treated more broadly in bankruptcy cases.  But that alone

does not render the Orders final.  *See First Am. Bank v. Sw. Gloves & Safety Equip., Inc.*, 64

B.R. 963, 964 (D. Del. 1986) (finding an order non-final even under a broader concept of finality

because the order did not conclusively foreclose any creditors' rights).

The *Reliant Energy* factors weigh decidedly in favor of finding that the Orders are not

final.

First, the Bankruptcy Court must conduct additional work with respect to both Orders.

The Bankruptcy Court cannot enforce either Order at this stage of the bankruptcy proceedings.

In fact, it is unable to do so until it both confirms a plan of reorganization and resolves the

remaining Allocation Disputes.  Notwithstanding the Court's determination in the

Reconsideration Order, WTC posits that these remaining Allocation Disputes include "whether

the PHONES are subordinated with respect to certain other recoveries and distributions,

including recoveries from Chapter 5 causes of action" and that the "remaining [A]llocation

[D]isputes are closely related to the issue at stake in this appeal."  (Motion, at 13.)  The

Bankruptcy Court set the Allocation Disputes for hearing on March 5, 2012 and the confirmation

hearing for May 16-17, 2012.  Thus, it would be premature at this stage to proceed with an

appeal of the Orders when further related proceedings remain contemplated by all parties,

including WTC and, importantly, the Bankruptcy Court.[2]

Second, the two issues that WTC seeks to raise on appeal, (i) whether the Bankruptcy

Court erred in granting reconsideration and (ii) whether the PHONES Indenture's subordination

provisions apply to Bankruptcy Code Chapter 5 causes of action – are not pure issues of law.

With respect to WTC's first issue, reconsideration is discretionary and not an issue of law.  *See*

*Fauber v. Kem Transp. & Equipment Co.*, 876 F.2d 327, 329 (3d Cir. Pa. 1989).  In exercising

that discretion, among other considerations, the Bankruptcy Court specifically found

reconsideration to be appropriate because its prior decision would be impacted or altered by the

PHONES Indenture's subordination provisions having been overlooked.  (Reconsideration

Mem., at 7.)  Thus, because the Bankruptcy Court analyzed the provisions of the PHONES

Indenture that it had overlooked, the Bankruptcy Court reconsidered its decision based on issues

of contract interpretation.  Also, WTC's second issue, regarding whether the Bankruptcy Court

properly interpreted the PHONES Indenture's subordination provisions, is not an issue of law as

an issue of purely applicable legal principles; rather it is an issue of contract interpretation.

Although the interpretation of an unambiguous contract is treated as an issue of "law" in the

sense that extrinsic evidence may not be considered in interpreting an unambiguous contract, it

does not involve an issue of law for finality purposes.  *See Official Comm. of Equity Sec. Holders*

*v. Finova Capital Corp. (In re Finova Capital Corp.)*, No. 06-040-JJF, 2006 U.S. Dist. LEXIS

---

[2]     The Bankruptcy Court indicated that it expected to rule expeditiously on the Allocation Disputes prior to the confirmation of a plan of reorganization.  Hrg. Trans., dated Jan. 11, 2012 at 37. ("I intend to do the same thing I did with the reconsideration opinion. And that is decide, in fairly short order, and then to decide before solicitation commences.")

19141 (D. Del. Apr. 13, 2006); *Ahrenholz v. Bd. of Trs.*, 219 F.3d 674, 676 (7th Cir. 2000); *see also infra* Section III.A.

Third, the Reconsideration Order does not directly impact the Debtors' estates. The Reconsideration Order determined that all Litigation Trust distributions that would have been paid to the PHONES Noteholders instead will be turned over to the Senior Noteholders under the plan of reorganization then being considered as to which the Court denied confirmation. WTC incorrectly relies upon inapposite cases in which the courts employed a relaxed view of finality because the decisions in question directly impacted the debtor's estate. *See Buncher Co.*, 229 F.3d at 250; *In re Natale*, 295 F.3d 375 (3d Cir. 2002); *In re Armstrong World Indus.*, 432 F.3d 507 (3d Cir. 2005).

For instance, in *Buncher Co.*, while the dispute in question involved issues related to subordination, the specific issue on appeal concerned the proper order of the direct distribution of estate assets as set forth in the plan of reorganization. 229 F.3d at 250. In contrast, here, neither the Reconsideration Order nor its reversal would change any distribution mechanism set forth in a plan of reorganization when such plan has yet to be considered by the Bankruptcy Court. Instead, the Reconsideration Order was directed to the distributions of the Litigation Trust and Senior Noteholders' absolute entitlement over the PHONES Noteholders to recoveries from fraudulent conveyances recoveries that the Litigation Trust obtains following the confirmation of a plan of reorganization.

In *In re Natale*, the Third Circuit reversed an earlier decision of the district court and held that an appeal filed on February 9, 2000 of an order issued on August 26, 1999 was *not* untimely because the court had not fully and finally resolved the priority of a judicial lien until the Court addressed further related issues on January 31, 2000. 295 F.3d at 378. In fact, in reaching its

conclusion that the August 26th order was not a final order, the Third Circuit primarily relied upon the fact that the bankruptcy court had scheduled a further evidentiary hearing to consider any remaining issues contemporaneously with issuing its August 26 order.  *Id.* at 377, 380. Similarly, here, the Bankruptcy Court initially scheduled a status conference as part of its Reconsideration Order for January 11, 2012 during which it scheduled a further hearing for March 5, 2012 to consider the Allocation Disputes, some of which are directly implicated by the ruling in the Reconsideration Order.  The Bankruptcy Court's scheduling of an additional status conference and need to adjudicate additional issues relating to the Bankruptcy Court's decision on subordination renders the Reconsideration Order non-final for appellate purposes, even though the Bankruptcy Court resolved the subordination dispute addressed in the Reconsideration Order.

 *In re Armstrong World Indus.* is also off-point.  There, the Third Circuit found that the issue of whether the debtor's plan of reorganization violated the absolute priority rule was a central issue and component of confirmation.  432 F.3d at 507.  Here, WTC has not demonstrated the PHONES Indenture subordination provisions amount to the same level of importance.

 Lastly, this Court should find the Reconsideration Order is not appealable as a matter of right because judicial economy would be furthered if the appeal is denied at this stage.  The dispute that the Bankruptcy Court decided here was merely one of many issues (including other Allocation Disputes) that the Bankruptcy Court must determine prior to its confirmation of a plan.  In *In re White Beauty View, Inc.*, the Third Circuit Court of Appeals noted its "general antipathy toward piecemeal appeals" as an "inefficient use of judicial resources."  841 F.2d 524, 526 (3d Cir. 1988).  This Court should not revert to such a piecemeal approach.

## II.    The Collateral Order Doctrine Is Inapplicable

WTC claims without explanation that the collateral order doctrine provides an "independent basis" for an immediate appeal.  (Motion, at 8 n.4.)  The collateral order doctrine – as WTC correctly notes – applies only to interlocutory orders that (1) conclusively determine a disputed question, (ii) resolve an important issue separate from the merits of the litigation; and (ii) are effectively unreviewable on appeal from a final judgment.  *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546-47 (1949).  The doctrine, however, as WTC fails to note, only applies to a "small class of collateral orders," *id.* at 546, and is "narrowly construed."  *Gov't of the V.I. v. Lansdale*, 307 Fed. Appx. 688, 692 (3d Cir. 2009).  Moreover, "[i]f the order at issue fails to satisfy *any one of these requirements*, it is not appealable."  *In re Pruitt*, 910 F.2d 1160, 1166 (3d Cir. 1990) (quoting *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 276 (1988)) (emphasis added).  Here, WTC cannot satisfy any of the elements of the collateral order doctrine.

The collateral order doctrine does not apply to an order denying confirmation.  *WCI Steel, Inc. v. Wilmington Trust Co.*, 338 B.R. 1, 12 (N.D. Ohio 2005) ("The Court, however, is aware of no instances in which the collateral order doctrine has been applied to an order denying confirmation of a reorganization plan."); *see also In re Simons*, 908 F.2d 643, 645 (10th Cir. 1990) (denying application of collateral order doctrine to denial of confirmation).  "First, the Order fails to conclusively determine any issue, because the parties have the opportunity to submit a new proposed plan."  *WCI Steel*, 338 B.R. at 28 (citing *Simons*, 908 F.2d at 645).  "Second, confirmation of a reorganization plan is not an independent issue from the rest of the case; it is the case."  *Id.* at 12 (citing *In re Mcorp Fin., Inc.*, 139 B.R. 820, 824 (S.D. Tex. 1992).)

Importantly, the issues that the Bankruptcy Court decided in the Reconsideration Order are not "effectively unreviewable on appeal from a final judgment" because WTC can challenge

13

them at a later date if the Bankruptcy Court confirms a plan of reorganization.  *See In re Diet Drugs Prods. Liab. Litig.*, 401 F.3d 143, 159 (3d Cir. 2005) (holding that "to satisfy the 'unreviewability' prong, there must be a showing that disbursement of the fees might very well make them unrecoverable at the end of the litigation should they turn out to have been awarded in error.").  This point is underscored by the fact that there are a number of other Allocation Disputes that have yet to be decided that may be subject to appeal in connection with an appeal from an order confirming a plan; and there is no reason why this Allocation Dispute cannot be considered together with those other disputes – which makes more sense than the piecemeal approach championed by WTC.

Accordingly, the Orders do not fall within the "small class of collateral orders that are reviewable even though they do not terminate the underlying action."  *Cofab, Inc. v. Phila. Joint Bd., Amalgamated Clothing & Textile Workers Union*, 141 F.3d 105, 110 (3d Cir. 1998) (order staying case pending resolution of related proceedings before NLRB not a collateral order); *see also Pruitt*, 910 F.2d 1160 (order withdrawing reference to bankruptcy court not collateral order).

## III.   **This Court Should Deny WTC's Request For Leave For Appeal**

28 U.S.C. § 158(a)(3) governs interlocutory appeals from a Bankruptcy Court order. This section provides, in pertinent part, that the district courts of the United States shall have jurisdiction to hear interlocutory appeals "with leave of the court."  *See* 28 U.S.C. § 158(a)(3). Neither § 158 nor the Federal Rules of Bankruptcy Procedure provide criteria to determine whether to grant leave to file an interlocutory appeal.  *See Finkel v. Polichuk*, 2011 U.S. Dist. LEXIS 62324, at *5-6 (E.D. Pa. June 8, 2011).  "In deciding whether an interlocutory order is appealable in the bankruptcy context, courts have typically borrowed the standard found in 28 U.S.C. § 1292(b), which governs whether an appeal of a district court's interlocutory order to a

court of appeals is warranted." *In re Griffith Dev. Co.*, 2011 U.S. Dist. LEXIS 93880, at *6-7

(D. Del. Aug. 23, 2011).  Under § 1292(b), an interlocutory appeal will be granted only when the

order at issue:

> (1)     involves a controlling question of law upon which there are
>
> (2)     substantial grounds for a difference of opinion as to its correctness, and
>
> (3)     if appealed immediately, may materially advance the ultimate termination
>           of the litigation.

*Id.*  A court may certify an order for interlocutory appeal only if the movant demonstrates *all*

three conditions.  *See Finkel*, 2011 U.S. Dist. LEXIS 62324, at *6.  Additionally, because the

party seeking leave to appeal an interlocutory order must establish that "exceptional

circumstances" justify a departure from the basic policy of postponing review until after the

entry of final judgment, courts rarely grant leave to appeal.  *Id.*  As is the case with determining

whether an order is final, the Third Circuit Court of Appeals disfavors piecemeal litigation.  *In re*

*AE Liquidation, Inc.*, 451 B.R. 343, 346 (D. Del. 2011).  Moreover, "Congress did not intend 28

U.S.C. § 1292(b) to serve an error-correction function."  *Weber v. U.S. Tr.*, 484 F.3d 154, 159

n.3 (2d Cir. 2007) (citing Note, *Interlocutory Appeals in the Federal Courts Under 28 U.S.C. §*

*1292(b)*, 88 HARV. L. REV. 607, 609 (1975)).

A.     <u>**The Appeal Does Not Address A Controlling Question Of Law**</u>

It is actually not "beyond dispute" (Motion, at 10) that WTC seeks to appeal a controlling

issue of law.  The Bankruptcy Court's interpretation of the PHONES Indenture hinged not on

legal issues (the applicable legal standard was not disputed) but on the specific language of the

specific subordination provisions.  The factual nature of the Bankruptcy Court's determination

was clearly stated in its Memorandum on Reconsideration:

> Reconsideration is appropriate when there is an error of *fact* and, in this case, the
> Court erroneously said that the "Noteholders" joined in the objection to the

> treatment of subordinated debt with respect to distributions from the DCL
> Litigation Trust…. No one disputes that this *statement of fact* was incorrect.
> Further, reconsideration is appropriate when the Court has overlooked *facts* that
> might reasonably have altered or impacted the decision. Here, the Court's
> consideration of the phrase "assets of the Company" was too limited. A more
> complete reading of the PHONES Indenture is required.

(Reconsideration Mem., at 7 (citations omitted) (emphasis added).) These factual determinations do not meet the first criteria for an interlocutory appeal. *See In re SemCrude, L.P.*, 2010 U.S. Dist. LEXIS 136391 (D. Del. Oct. 26, 2010) (finding that Wilmington Trust Company had not established that a controlling issue of law was at issue because they challenged a primarily factual determination).[3]

The requirement of a controlling question of law ensures that the appeal can be "reduced to a quick legal analysis amenable to decision quickly and cleanly without having to study the record." *See In re AE Liquidation*, 451 B.R. at 347. A "quick legal analysis" is impossible where, as here, the Court's determination was based upon its review of contractual language. *See Ahrenholz*, 219 F.3d at 676 (holding that "the question of the meaning of a contract, though technically a question of law when there is no other evidence but the written contract itself, is not what the framers of section 1292(b) had in mind"); *Great Am. Ins. Co. v. Int'l Custom Prods.*, No. 3:09-124, 2011 U.S. Dist. LEXIS 151378 (W.D. Pa. Oct. 31, 2011) (holding that "§ 1292(b) was not designed to secure interlocutory appellate review of the Court's interpretation of unambiguous contractual provisions."); *see also* Moore's Federal Practice, Civil § 203.31 ("[T]he question of the meaning of a contract, although technically a question of law when there is no other evidence but the written contract itself, is not what the

---

[3] The cases cited by WTC do not provide otherwise. *See In re Marvel Entm't Grp., Inc.*, 209 B.R. 832 (D. Del. 1997) (order appealed from was based solely on oral argument where no testimony was given and no evidence admitted; court considered 1292(b) factors only in the alternative to finding that order was final and appealable as of right); *Popular Leasing U.S.A., Inc. v. Forman*, 2009 U.S. Dist. LEXIS 84138 (D.N.J. Sept. 14, 2009) (appeal of bankruptcy court's legal prediction that "deepening insolvency" would be considered a tort under New Jersey law).

framers of § 1292(b) had in mind.").  Accordingly, WTC fails to establish the first standard

necessary for the grant of an interlocutory appeal.

### B.   There Are No Substantial Grounds For A Difference Of Opinion As To The Applicable Legal Standards

WTC has not established that there is a substantial difference of opinion as to the

contractual interpretation of the PHONES Indenture's subordination provisions.  To satisfy the

second factor of § 1292(b), the difference of opinion "must arise out of genuine doubt as to the

correct legal standard."  *SemCrude,* 2010 U.S. Dist. LEXIS 136391, at *13 (denying leave to

appeal where there was no evidence of "a divergence of opinions among courts so as to

demonstrate doubt over the applicable legal standards"); *Pandolfelli v. JPMorgan Chase Bank,*

*N.A.*, 2011 U.S. Dist. LEXIS 26163, at *5-6 (D.N.J. Mar. 14, 2011) (refusing to grant leave to

appeal where challenged findings were factual and not legal in nature).  Inasmuch as the appeal

does not address a controlling question of law, there can be no grounds for a substantial

difference of opinion as to the applicable legal standards.

Furthermore, courts have found that contract interpretation is not properly the subject of

interlocutory appeal.  *See In re Bank of New Eng. Corp.*, 218 B.R. 643, 653 (B.A.P. 1st Cir.

1998) ("We conclude that, although Fleet and the trustee found room for argument concerning

their contract's interpretation and its indemnification clause, the case specific issues raised on

appeal do not rise to the level of difficulty and significance required under § 1292(b), and,

therefore, they do not recommend our exercise of discretionary appellate jurisdiction under §

158(a)(3).").

WTC's asserts that "the issues at stake in this appeal have not been squarely addressed in

prior caselaw" and are "novel."  (Motion, at 11.)  Yet, the Reconsideration Order did not involve

"novel" legal issues, but rather involved the Bankruptcy Court's resolution of a contractual

dispute concerning the scope of the PHONES Indenture's subordination provisions, applying

long-standing and well-established principles of contract interpretation.  Indeed, in reconsidering

its prior decision and altering his opinion denying confirmation, the Bankruptcy Court relied

upon the United States Supreme Court decision *Barnhart v. Thomas*, 540 U.S. 20 (2003), and

other federal court decisions that squarely resolved very similar contract-related disputes.

(Reconsideration Mem., at 12-15); *see also Barnhart*, 540 U.S. at 26 (recognizing that although

the rule of the last antecedent "is not absolute and can assuredly be overcome by other indicia of

meaning, we have said that construing a statue in accord with the rule is 'quite sensible as a

matter of grammar.'"); *In re Enron Creditors Recovery Corp.*, 380 B.R. 307 (S.D.N.Y. 2008)

(applying the "rule of the last antecedent"); *In Re Dura Auto. Sys., Inc.,* 379 B.R. 257, 270

(Bankr. D. Del. 2007) (finding the subordination provision should be considered "within the

context of the entire agreement"); *In re Spansion Inc.*, 426 B.R. 114, 150-51 (Bankr. D. Del.

2010) (holding that the "X-Clause must not be considered on its grammatical structure alone, but

also within the context of the entire agreement.").

Moreover, WTC claims that the Bankruptcy Court based the Reconsideration Order on an

error in applying "*well-established* principles of bankruptcy law and contract interpretation"

without identifying which "well-established principles" the Bankruptcy Court erred in applying.

(Motion, at 11 (emphasis added).)  Rather, WTC merely lists the reasons it disagrees with the

Reconsideration Order.  WTC's mere disagreement with the Reconsideration Order is not

sufficient to establish that "a substantial ground for dispute" exists.  *See In re AE Liquidation,*

451 B.R. at 348 ("A movant's mere disagreement with the ruling is not a substantial ground for

difference of opinion for Section 1292(b) purposes.") (internal quotations and citations omitted).

Also, WTC's assertion that "well-established principles" were not properly applied in the

Bankruptcy Court's determination of the subordination issue in the Reconsideration Order supports the position of the Senior Indenture Trustees that there is no difference of opinion as to the applicable legal principles, but rather coherent agreement about those principles among the federal courts.  Accordingly, WTC fails to establish the second standard necessary for the grant of an interlocutory appeal.

### C. An Interlocutory Appeal Will Not Materially Advance The Termination Of The Litigation

An interlocutory appeal here would only promote piecemeal consideration of the Bankruptcy Court's decision in the Reconsideration Order, other related issues present in the several Allocation Disputes that remain to be decided, and other issues present in considering confirmation; thereby promoting only judicial inefficiency and unnecessary delay and proliferation of appeals.  *See In re AE Liquidation*, 451 B.R. at 348; *see also Pandolfelli*, 2011 U.S. Dist. LEXIS 26163 (refusing to grant leave to appeal because it "would not materially advance the ultimate termination of the litigation, but would instead cause only delay and additional expense to the parties"); *see also In re Enron Corp.*, 2007 U.S. Dist. LEXIS 70731, at *8 (S.D.N.Y. Sept. 24, 2007) (finding that an interlocutory appeal only materially advances the ultimate termination of the litigation if it "promises to advance the time for trial or shorten the time required for trial.")  Here, WTC posits that the factual underpinnings of the issue that the Bankruptcy Court decided in the Reconsideration Order are related to other Allocation Disputes that are scheduled to be heard by the Bankruptcy Court on March 5, 2012.  Yet, it has not sought expedited treatment of its appeal to ensure its adjudication prior to the hearing on the Allocation Disputes.

Moreover, WTC's appeal will not advance the eventual distribution of assets of the Litigation Trust.  That distribution is dependent upon, not only confirmation of a plan of

reorganization (the Bankruptcy Court will not consider confirmation of the Debtors' plan until May 16-17, 2012), but also on the realization of recoveries by the Litigation Trust.  Accordingly, WTC fails to establish the third standard necessary for the grant of an interlocutory appeal.

D.      **Other Factors Militate Against Interlocutory Appeal**

Even if WTC had met, rather than failed to meet, all three requirements for interlocutory appeal, "these three criteria do not limit the Court's discretion to grant or deny an interlocutory appeal."  *In re AE Liquidation*, 451 B.R. at 346-47.  For instance "leave to file an interlocutory appeal may be denied for entirely unrelated reasons such as the state of the appellate docket or the desire to have a full record before considering the disputed legal issue."  *Id.*; *see also SemCrude*, 2010 U.S. Dist. LEXIS 136391 (same).  Moreover, WTC has utterly failed to demonstrate the "exceptional circumstances" necessary to justify a departure from the basic policy of postponing review until after the entry of final judgment."  *In re AE Liquidation*, 451 B.R. at 346.  Accordingly inasmuch as the Bankruptcy Court has not considered much less confirmed a plan of reorganization and has yet to resolve other Allocation Disputes arising out of the same subordination provisions of the PHONES Notes Indenture, the Court must deny WTC's request for leave to appeal the issues that the Bankruptcy Court decided in the Reconsideration Order.

## CONCLUSION

WHEREFORE, for the reasons stated above, the Senior Indenture Trustees respectfully request that the Court (i) determine that WTC's appeal is not from a final order, (ii) refuse to grant leave to appeal from the interlocutory orders, (iii) dismiss WTC's appeal, and (iv) grant such other and further relief as is just and proper.


Dated: January 24, 2012
      Wilmington, Delaware

                                    Respectfully submitted,

KASOWITZ, BENSON, TORRES &amp;
  FRIEDMAN LLP
David S. Rosner
Sheron Korpus
Christine A. Montenegro
Matthew B. Stein
1633 Broadway
New York, New York 10019
212-506-1700

                            BIFFERATO GENTILOTTI LLC

                               /s/ Garvan F. McDaniel
                            Garvan F. McDaniel (I.D. No. 4167)
                            800 N. King Street, Plaza Level
                            Wilmington, Delaware 19801
                            302-429-1900

*Counsel for Law Debenture Trust Company of New York, solely in its capacity as successor Indenture Trustee for certain series of Senior Notes*


McCARTER &amp; ENGLISH, LLP
David J. Adler
245 Park Avenue
New York, New York 10167
212-609-6800

                            McCARTER &amp; ENGLISH, LLP

                             /s/ James J. Freebery
                            James J. Freebery (I.D. No. 3498)
                            Renaissance Centre
                            405 N. King Street
                            Wilmington, Delaware 19801
                            302-984-6300

*Counsel for Deutsche Bank Trust Company Americas, solely in its capacity as successor Indenture Trustee for certain series of Senior Notes*