# EXHIBIT B

## SETTLEMENT AGREEMENT

46429/0001-8254147v1

[EXECUTION VERSION]

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement and Release Agreement (the "Settlement Agreement") is made and entered into by and between James Allen, Charles Evans, Pearl Evans, Gary Grant, Loretta Grant, Bill McNair, and Sean Serrao (collectively, the "Named Plaintiffs") and Patrick Anderson, Velma Barnhardt, Victor Cruz, Larry Fernandez, John Haywood, Mark Jackson, Phil Johnson, Victoria McLaughlin, Damion Reid, Jennifer Strange, and Tenisha Walcott (collectively, the "Opt-In Claimants," and together with the Named Plaintiffs, collectively referred to herein as the "Plaintiffs" or "Class Representatives") on the one hand, and Tribune New York Newspapers Holdings, LLC d/b/a amNew York ("Tribune NY") and Tribune Company (collectively, the "Tribune Defendants" or "Debtors") and LBN Consulting, LLC and Morning Newspaper Delivery, Inc. (collectively, the "Delivery Defendants," and together with the Tribune Defendants, collectively referred to herein as the "Defendants") on the other hand, and is subject to the terms and conditions hereof and the final approval of the U.S. Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Plaintiffs and Defendants are referenced collectively herein as "the Parties."

WHEREAS, on or about August 20, 2007, the Named Plaintiffs filed a purported class action complaint in the Supreme Court for the State of New York, County of New York (the "State Court"), Index No. 07-602801, captioned *James Allen, Charles Evans, Pearl Evans, Gary Grant, Loretta Grant, Bill McNair, Sean Serrao, on behalf of themselves and others similarly situated v. Tribune New York Newspapers Holdings, LLC d/b/a amNew York; Tribune Company; Mitchell's Subscription Service LLC d/b/a LBN Consulting, LLC; and Morning Newspaper Delivery, Inc.* (the "State Court Case"). The Complaint alleged that the Defendants owed and failed to pay the Named Plaintiffs and other purported individuals similarly situated to them the

minimum wage prescribed by the State of New York for all hours they allegedly worked when distributing the *amNew York* newspaper.  The Named Plaintiffs sought recovery of wages allegedly owed to them under the New York Minimum Wage Act, New York Labor Law §§ 650 *et seq.*, the New York Labor Law §§ 190 *et seq.*, and the New York State Miscellaneous Industries and Occupations Wage Order, N.Y. Comp. Codes R. & Regs. tit. 12, § 142 (collectively, the "NYLL").  The Named Plaintiffs also sought to represent a class of all similarly situated persons within six years of the filing of the Complaint.  The Complaint further sought prejudgment interest and attorneys' fees.

WHEREAS, the Defendants filed their respective Answers to the Complaint, denying the Named Plaintiffs' material allegations and claims in the State Court Case.

WHEREAS, the Delivery Defendants asserted a right to contractual indemnification against the Debtors in relation to their agreement regarding the promotion and/or distribution of the *amNew York* newspaper.

WHEREAS, on December 8, 2008, the Tribune Company, including the Tribune Defendants, filed for Chapter 11 bankruptcy protection (the "Petition Date") in the Bankruptcy Court (the "Bankruptcy Case," and together with the State Court Case, are collectively referred to herein as the "Lawsuit").

WHEREAS, following the Bankruptcy Case, the State Court stayed the State Court Case on or about December 17, 2008.

WHEREAS, on March 25, 2009, the Bankruptcy Court entered the Order pursuant to Sections 501, 502, and 1111(a) of the Bankruptcy Code, Bankruptcy Rules 2002 and 3003(c)(3), and Local Rule 2002-1(e) Establishing Bar Dates for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof (the "Bar Date Order") [Docket No. 813].  The Bar Date

Order set a general bar date of June 12, 2009 4:00 p.m. prevailing Eastern Time (the "Bar Date")

by which any person asserting a claim against the Tribune Defendants must properly and timely

file a proof of claim.

WHEREAS, on the Bar Date, the Plaintiffs, through their counsel of Joseph, Herzfeld,

Hester & Kirschenbaum LLP ("Class Counsel"), filed two class proofs of claim [Claim Nos.

4938, 4939] (the "Class Claims") in the amount of $1,500,000 each against Tribune Company

and Tribune NY, and individual proofs of claim in the amount of $10,000 each for the seven (7)

Named Plaintiffs and eleven (11) Opt-In Claimants against Tribune Company and Tribune NY

(the "Individual Claims"), as listed in Exhibit A.[1] The Class Claims were filed on behalf of the

Named Plaintiffs in the State Court Case on behalf of themselves and all others similarly-

situated, which they claimed were "current and former employees of the Debtor, each of whom

was an employee of the Debtor and promoted and distributed *amNew York*."

WHEREAS, in June 2009, given that the Debtors' filing of their Chapter 11 petitions

stayed the State Court Case, the Named Plaintiffs moved to sever their claims against the

Debtors from their claims against the Delivery Defendants in the State Court Case. The State

Court denied the motion to sever on March 3, 2010.

WHEREAS, on or about May 20, 2010, the Plaintiffs filed a Motion with the Bankruptcy

Court seeking class certification and class treatment of their class proofs of claim pursuant to

Federal Rules of Bankruptcy Procedure 7023 and 9014 (the "Bankruptcy Rules"), and Federal

---

[1]       The Individual Claims filed by Class Counsel on behalf of the Named Plaintiffs are:  James Allen (Claim Nos. 4910, 4911), Charles Evans (Claim Nos. 4906, 4907), Pearl Evans (Claim Nos. 4904, 4905), Gary Grant (Claim Nos. 4912, 4913), Loretta Grant (Claim Nos. 4936, 4937), Bill McNair (Claim Nos. 4926, 4927), and Sean Serrao (Claim Nos. 4922, 4923).  The Individual Claims filed by Class Counsel on behalf of the Opt-In Claimants are:  Patrick Anderson (Claim Nos. 4908, 4909), Velma Barnhardt (Claim Nos. 4916, 4917), Victor Cruz (Claim Nos. 4914, 4915), Larry Fernandez (Claim Nos. 4902, 4903), John Haywood (Claim Nos. 4934, 4935), Mark Jackson (Claim Nos. 4932, 4933), Phil Johnson (Claim Nos. 4930, 4931), Victoria McLaughlin (Claim Nos. 4928, 4929), Damion Reid (Claim Nos. 4924, 4925), Jennifer Strange (Claim Nos. 4920, 4921), and Tenisha Walcott (Claim Nos. 4918, 4919).

Rule of Civil Procedure 23 ("Rule"), on behalf of all individuals who distributed the *amNew York* newspaper at any time between August 20, 2001 and December 8, 2008 (the "Class Certification Motion"). The Tribune Defendants filed their Objection to the Class Certification Motion on November 1, 2010 [Docket No. 6204] and the Plaintiffs filed their Reply Memorandum in Support of Movants' Motion for Class Certification and Class Treatment of Movants' Class Proofs of Claim on January 6, 2011 [Docket No. 7403].

WHEREAS, at the January 13, 2011 omnibus hearing, the Bankruptcy Court directed the Parties to pursue mediation to attempt to reach a settlement prior to further litigation of the Class Claims. An Order requiring mediation and setting forth the timetable for the mediation was entered by the Bankruptcy Court on January 31, 2011 (the "Mediation Order") [Docket No. 7682]. Pursuant to the Mediation Order, on March 14, 2011, the Defendants and Class Counsel, on behalf of the Plaintiffs and all similarly-situated persons, conducted an intensive mediation session with Ruth D. Raisfeld, Esq., an independent mediator. The mediation resulted in a signed, handwritten memorandum of agreement settling the Lawsuit, including each of the key terms of the settlement. The Parties are now entering into this contemplated, superseding Settlement Agreement to submit to the Bankruptcy Court for approval.

WHEREAS, the Plaintiffs believe they have filed meritorious claims under the NYLL and that their claims are appropriate for class action certification because they believe the requisites for class action certification can be satisfied in this case.

WHEREAS, the Defendants expressly disclaim, and do not admit, any liability or wrongdoing of any kind associated with any aspect of the claims alleged in the Complaint and further deny that any Plaintiff or any person similarly situated was an "employee" of any Defendant under any applicable law, rule or regulation and further deny that the Lawsuit is

appropriate for class action treatment. The Defendants contend, among other things, that they have complied at all times with the NYLL.

WHEREAS, the Parties desire to settle fully and finally all differences between them, including, but not limited to, any claims or differences embodied in or related to the Lawsuit.

WHEREAS, to avoid the burden and expense of further litigation, and without any admission or finding of liability or wrongdoing on the part of the Defendants, the Plaintiffs and the Defendants have mutually determined that it is in their best interests, and in the interests of the Settlement Class (as defined below), to settle and resolve the claims asserted in the Lawsuit, on the terms and conditions set forth herein.

NOW, THEREFORE, in consideration of the mutual promises herein and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties stipulate and agree that, subject to the Bankruptcy Court's final approval, the settlement is fair, reasonable, and adequate under Bankruptcy Rules 7023(e) and 9019 and Rule 23(e), and that any and all claims shall be resolved according to the procedures and terms and conditions as follows:

1. **The Settlement Class and Stipulated Class Certification**

    a.    For purposes of this Settlement Agreement, the "Settlement Class" shall be defined as follows:

> All persons who promoted and/or distributed the *amNew York* newspaper who received an IRS Form 1099 from the Delivery Defendants for such work performed during the period from January 1, 2004 through the Petition Date.

    b.    Solely for purposes of settling the Lawsuit, the Parties conditionally stipulate and agree that the requisites for establishing class certification under Bankruptcy Rules 7023 and 9014, Rule 23, and/or N.Y. C.P.L.R. § 901 *et seq.*, with respect to the Settlement Class

have been met and are met, and therefore stipulate to class certification.  More specifically, the

Parties conditionally stipulate and agree, for purposes of settlement only, that:

          i.      the Settlement Class is so numerous as to make it impracticable to

join all potential class members;

          ii.      there is an ascertainable class;

          iii.      there are common questions of law and fact, including, but not

limited to, whether the Settlement Class was entitled to additional compensation,

including compensation pursuant to the applicable minimum wages;

          iv.      Plaintiffs' claims are typical of the claims of the members of the

Settlement Class;

          v.      Plaintiffs will adequately represent other members of the

Settlement Class;

          vi.      Joseph, Herzfeld, Hester & Kirschenbaum LLP should be deemed

"Class Counsel" and will fairly and adequately protect the interests of the Settlement

Class;

          vii.      the prosecution of separate actions by individual members of the

Settlement Class would create the risk of inconsistent or varying adjudications, which

would establish incompatible standards of conduct; and

          viii.      questions of law and fact common to the Settlement Class

predominate over questions affecting individual members in the Settlement Class and a

class action is superior to other available means for the fair and efficient adjudication of

the controversy.

c.      The Parties agree that this Settlement Agreement does not constitute a determination or admission that any group of similarly situated persons exists to maintain a class action under Rule 23 or N.Y. C.P.L.R. § 901, or that an adjudication of the merits of the Lawsuit or any matters released in this Settlement Agreement has occurred.  Accordingly, the Parties agree that none of them has prevailed, nor shall this Settlement Agreement serve or be construed as evidence that any party has prevailed.  In addition, except as set forth herein, this Settlement Agreement shall not be introduced or cited in any matter or proceeding for any purpose, including seeking class or collective action certification or notice against any of the Defendants, their related or affiliated entities, subsidiaries, predecessors, successors, assigns, and any of their respective members, shareholders, officers, directors, employees, administrators, benefit plans, welfare plans, deferred compensation plans or long-term incentive plans, or as proof of liability of any sort.

2.      **Settlement Payments and Claims-Made Process**

a.      <u>Total Gross Amount</u>:  This settlement shall be on a claims-made basis. The Defendants shall pay no more than a total gross amount of $325,000.00 (the "<u>Total Gross Amount</u>") to fund the settlement of the Lawsuit, with the Tribune Defendants contributing $275,000.00 and the Delivery Defendants contributing $50,000.00.  Out of the Total Gross Amount will be paid the total amount of the Enhanced Service Awards (as defined below), Plaintiffs' Attorneys' Fees, and Costs (as defined below), with the remainder to be placed in the Common Fund (as defined below) for allocation to Qualified Claimants (as defined below) through a claims-made process, with any money in the Common Fund remaining after payments to Qualified Claimants and of the Claims Administration Expense (as defined below), and after

the passing of all applicable deadlines, returning to the Defendants in amounts proportionate to their respective contributions to the Total Gross Amount (the "Return").

      b.    <u>Enhanced Service Awards</u>:  The Total Gross Amount of $18,000.00 shall be paid to the following Named Plaintiffs and Opt-In Claimants as enhancement awards in consideration for their time and effort in actively pursuing the Lawsuit on behalf of the Settlement Class (the "<u>Enhanced Service Awards</u>").  The allocation of the Enhanced Service Awards has been determined based upon the amount of time expended by each individual in actively pursuing the Lawsuit, including by attending the mediation session, meeting with Class Counsel to discuss the claims, and reviewing relevant documents:

        i.    $1,000.00 to be paid out to Charles Evans;

        ii.    $500.00 to be paid out to Pearl Evans;

        iii.    $1,000.00 to be paid out to Gary Grant;

        iv.    $1,000.00 to be paid out to Loretta Grant;

        v.    $1,000.00 to be paid out to Bill McNair;

        vi.    $1,000.00 to be paid out to Sean Serrao;

        vii.    $500.00 to be paid out to Patrick Anderson;

        viii.    $2,200.00 to be paid out to Velma Barnhardt;

        ix.    $1,000.00 to be paid out to Larry Fernandez;

        x.    $2,200.00 to be paid out to John Haywood;

        xi.    $2,200.00 to be paid out to Phil Johnson;

        xii.    $2,200.00 to be paid out to Victoria McLaughlin;

        xiii.    $1,000.00 to be paid out to Damion Reid; and

        xiv.    $1,200.00 to be paid out to Tenisha Walcott.

The Enhanced Service Awards shall be in addition to any amount to which a Named Plaintiff or Opt-In Claimant may be entitled to receive through a claim submitted as to the Common Fund.  To be eligible for an Enhanced Service Award, each of the above listed Named Plaintiffs and Opt-In Claimants shall execute a copy of this Settlement Agreement releasing any and all wage and hour claims, including those alleged in the Lawsuit, up to and including the Petition Date.  Class Counsel shall make all reasonable efforts to secure the execution of this Settlement Agreement by the above listed Named Plaintiffs and Opt-In Claimants no later than the date of the preliminary approval hearing for this settlement.  Should the Bankruptcy Court approve an amount that is less than the Enhanced Service Awards, then any remaining amount shall be included in the Common Fund.

      c.    <u>Attorneys' Fees and Costs</u>:  Defendants agree that, in accordance with Class Counsel's retainer agreements with Plaintiffs, Class Counsel should be awarded a sum equal to thirty-three percent (33%) of the Total Gross Amount after the deduction of litigation costs ("<u>Attorneys' Fees</u>") to compensate and reimburse Class Counsel for all of the work already performed by Class Counsel and all of the work remaining to be performed by Class Counsel in negotiating the terms of this Settlement Agreement and documenting same, securing the Bankruptcy Court's approval of the Settlement Agreement, making sure that the settlement is fairly administered and implemented, and obtaining dismissal of the State Court Case and their proofs of claim in the Bankruptcy Court Case.  Defendants support Class Counsel's request for payment of the Attorneys' Fees, as well as the costs incurred by Class Counsel in connection with the Lawsuit, which are $18,364.00 (the "<u>Costs</u>").  Should the Bankruptcy Court approve an award of Attorneys' Fees and Costs in an amount that is less than that set forth herein, any remaining amount shall be included in the Common Fund.

d.    <u>Common Fund</u>:  The remainder of the Total Gross Amount, after the deductions for the Enhanced Service Awards, Attorneys' Fees, and Costs, shall be placed in a common fund (the "<u>Common Fund</u>") for distribution on a claims-made basis through the Claims Administrator.  Each member of the Settlement Class who properly returns a valid and timely claim form (the "<u>Claim Form</u>") in the format attached hereto as <u>Exhibit B</u> (a "<u>Qualified Claimant</u>") shall be entitled to receive his/her share of the Common Fund based upon a formula as set forth below:

i.    <u>Definitions</u>:

"Minimum Recovery" is $15.00 per Qualified Claimant.

"Maximum Recovery" is $1,500.00 per Qualified Claimant.

"Actual 2004 Total Amount" equals the total number of Qualified Claimants that worked in 2004 times the Minimum Recovery.

"Actual 2004 Individual Amount" equals the Minimum Recovery.

"Adjusted 2005 to 2007 Total Amount" equals the aggregate amount paid to all class members in (a) 2005 times a weighted factor of 1.0 plus (b) 2006 times a weighted factor of 2.0 plus (c) 2007 times a weighted factor of 4.0.

"Individual Adjusted 2005 to 2007 Total Amount" equals the aggregate amount paid to a class member in (a) 2005 times a weighted factor of 1.0 plus (b) 2006 times a weighted factor of 2.0 plus (c) 2007 times a weighted factor of 4.0.

"Adjusted Common Fund" equals the Common Fund minus the Actual 2004 Total Amount.

"Fractional Multiplier" is calculated for each Qualified Claimant as the Individual Adjusted 2005 to 2007 Total Amount divided by the Adjusted 2005 to 2007 Total Amount.

ii.  Qualified Claimant Recovery Formula:

"Qualified Claimant Recovery" equals the Fractional Multiplier multiplied by the Adjusted Common Fund plus the Actual 2004 Individual Amount, subject to the following constraints:

(a) If the Qualified Claimant Recovery is less than $15.00, the Qualified Claimant will receive the Minimum Recovery; and

(b) If the Qualified Claimant Recovery is greater than $1,500.00, the Qualified Claimant will receive the Maximum Recovery.

iii.  To the extent that members of the Settlement Class do not submit a claim for their share of the Common Fund, or there is any money remaining in the Common Fund after the submission and payment of all claims timely and properly submitted by all eligible Qualified Claimants, then any remaining balance shall be included as part of the Return.

e.  Claim Disallowance:  Upon entry of an order granting final approval of this Settlement Agreement, and upon the Defendants' payment of the Total Gross Amount to fund the settlement in accordance with this Settlement Agreement, the Class and Individual Claims filed against Tribune Company and Tribune NY shall be automatically disallowed and expunged in their entirety, it being the intention of the Parties that the distributions on account of such claims will instead be made out of the Common Fund.  The disposition of each of the Class Claims and Individual Claims pursuant to this Settlement Agreement is summarized in Exhibit A attached hereto.  Plaintiffs further agree not to file any other proofs of claim or to modify or amend the Class Claims or Individual Claims in the Bankruptcy Case without the Debtors' consent.

f.    <u>Claims Under Common Fund and Administration</u>:  The claims-made process as to the Common Fund shall be administered by Gilardi & Co. (the "<u>Claims Administrator</u>"), subject to approval by the Bankruptcy Court.  The total cost for the Claims Administrator shall be paid from any Return, if any, and shall be capped at $22,500.00; provided that, in the event the Parties revise the scope of work from their original estimate, the Parties agree to pay any additional fees and costs of the Claims Administrator that exceed the capped amount from the Return, if any (the "<u>Claims Administration Expense</u>").  Any portion of the Claims Administration Expense that is not covered by the Return after the claims-made process or in the event the Bankruptcy Court denies final approval of the settlement, shall be divided equally among the Parties, with one-third (1/3) paid by the Plaintiffs and/or Class Counsel, one-third (1/3) paid by the Tribune Defendants, and one-third (1/3) paid by the Delivery Defendants. The Claims Administrator's duty shall include, without limitation, mailing of notices and Claim Forms (as defined below), performing one skip trace on Claim Forms returned as undeliverable, arranging for Publication Notice (as defined below), the calculation and processing of claim payments, mailing requests to cure deficiencies in the Claim Form, mailing of all Qualified Claimants' settlement checks, providing declarations and reporting, and any other ministerial tasks deemed reasonably necessary to administer this settlement.

g.    <u>Bar Date Order Enforcement</u>:  The Defendants expressly reserve the right to assert applicability of the Bar Date Order and to enforce the Bar Date Order with respect to any claim asserted by (a) any members of the Settlement Class that opt-out or exclude themselves from the Settlement Class or (b) any members of the Settlement Class that failed to timely file a proof of claim pursuant to the Bar Date Order and also did not timely and validly submit a Claim Form under the claims-made process set forth in this Settlement Agreement.

h.    <u>Settlement Effective Date</u>:  This Settlement Agreement is of no force and effect if not finally approved by the Bankruptcy Court.  The effective date of the Settlement Agreement (the "<u>Settlement Effective Date</u>") shall be ten (10) business days after the effective date of the Tribune Defendants' plan of reorganization (the "<u>Plan Effective Date</u>") or forty (40) days after the Bankruptcy Court enters the final order as described in paragraph 7(b) herein, whichever is later, provided that any deadline for filing an appeal from such order or seeking reconsideration, certiorari, vacatur, reversal or a stay of it has expired, and no appeal, motion for reconsideration, vacatur or a stay or petition for certiorari or other proceedings in which such order may be vacated or modified are then pending.  If any are pending, the Settlement Effective Date shall be ten (10) business days after entry of the final judgment from which no appeal, motion for reconsideration, vacatur or a stay or petition for certiorari or other proceedings in which such order may be vacated or modified may be taken.

i.    <u>Settlement Funding Date</u>:  The Tribune Defendants shall be authorized and directed to, and the Delivery Defendants shall, fund their respective portions of the Total Gross Amount, as provided in this Settlement Agreement, no later than ten (10) business days after the Settlement Effective Date by depositing the respective amounts due under the Settlement Agreement with the Claims Administrator to be held in escrow.

j.    <u>Settlement Fund Account</u>:  The Claims Administrator shall maintain an escrow account to hold on deposit the Total Gross Amount paid by the Defendants to pay the Enhanced Service Awards, the Attorneys' Fees and Costs, and fund the Common Fund.  Any interest earned on the account shall become part of the Common Fund.

k.    <u>Distributions</u>:  Payments to recipients of Enhanced Service Awards, Qualified Claimants and Class Counsel shall occur no later than thirty (30) days after the

Settlement Effective Date.  The Claims Administrator shall be authorized to deduct from any Return the Claims Administration Expense prior to payment of any Return.  Any payment of the Return to the Defendants shall be made no later than one hundred eighty (180) days after the Settlement Effective Date.

   l.  <u>Undeliverable and Unclaimed Checks</u>:  Checks issued pursuant to this Settlement Agreement shall be null and void if not cashed or deposited within ninety (90) calendar days from and after the date of issuance thereof.  After such date, such claim shall be discharged and forever barred, and such funds shall return to the Common Fund, notwithstanding any federal or state escheat laws to the contrary.

   m.  <u>Tax Treatment of Enhanced Service Awards and Claim Share Portion of Settlement Payments</u>:  Any amount to be paid to the Named Plaintiffs, the Opt-In Claimants, Qualified Claimants and Class Counsel pursuant to this Settlement Agreement shall be allocated as income and reported on an IRS Form 1099.  Class Counsel and each Qualified Claimant is responsible for the appropriate payment of any federal, state and/or local income or other taxes on the payment it, he or she receives.  Each Named Plaintiff and Opt-In Claimant who shall receive an enhanced service award and a payment under this Settlement Agreement, as well as Class Counsel, shall first complete and provide to Defendants' counsel an actual IRS Form W-9 together with the executed originals of this Settlement Agreement.  Every other Qualified Claimant who shall receive a payment pursuant to this Settlement Agreement shall first timely and properly complete and provide to the Claims Administrator a substitute IRS Form W-9 as part of, and together with, the executed original of their Claim Form.  The Parties and their counsel do not intend this Settlement Agreement and Release to constitute legal or tax advice. To the extent that this Settlement Agreement and Release, or any of its attachments, is

interpreted to contain or constitute advice regarding any federal, state, and/or local tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any tax liabilities or penalties.

        n.    <u>Resolution of Disputes Relating to Amounts Owed to a Settlement Class</u>

<u>Member</u>:  Each member of the Settlement Class must timely and validly submit a Claim Form as set forth in <u>Exhibit B</u> to become a Qualified Claimant.  The Claims Administrator shall then compare each Claim Form to business records provided by the Delivery Defendants and, to the extent that the Claims Administrator receives a Claim Form from a person who is not contained in the Delivery Defendants' business records, the Claims Administrator (i) shall notify that person in writing that his or her claim has been rejected and provide that person with an opportunity to object in writing to the Claims Administrator, and (ii) shall decide the validity of any such objection, after conferring with counsel for each of the Parties.

        3.    **Notice to Settlement Class and Claim Process**

        a.    The Parties agree that within ten (10) business days after preliminary approval by the Bankruptcy Court of this Settlement Agreement, the Delivery Defendants shall provide to the Claims Administrator the name and last known residential address, as derived from their business records, for each member of Settlement Class (the "<u>Class Data List</u>").

        b.    Within twenty (20) business days of the date of preliminary approval of this Settlement Agreement, the Claims Administrator shall send each member of the Settlement Class, by U.S. first-class mail, postage prepaid at their last known address, the Bankruptcy Court-approved Notice of Pendency of Class Action Settlement ("<u>Notice</u>") substantially in the form attached hereto as <u>Exhibit C</u>, and attached to the Notice will be the Claim Form, substantially in the form attached hereto as <u>Exhibit B</u> (collectively, the "<u>Notice Packet</u>").

c.      Also within twenty (20) business days of the date of preliminary approval of this settlement and Bankruptcy Court approval of the Notice to the Settlement Class, the Claims Administrator shall publish a written notice in the Classified or Business Section of the *New York Post* of one-eighth (1/8) page size for one (1) business day (the "Publication Notice"), consistent with the form attached hereto as Exhibit D.  The Claims Administrator shall perform a reasonable inquiry to validate that any person who responds to the Publication Notice is a member of the Settlement Class based on the Class Data List provided by the Delivery Defendants.  In the event the Claims Administrator determines that the respondent to the Publication Notice is a bona fide member of the Settlement Class, the Claims Administrator shall send the respondent a Notice Packet within ten (10) business days of the respondent's inquiry.

d.      Settlement Class Members will have sixty (60) days from the date the Claims Administrator mails the Notice Packet to postmark their Claim Forms or a statement requesting to be excluded from the class (the "Exclusion Statement"), or to object to the Settlement Agreement (an "Objection") (the "Notice Period").  The last day of the Notice Period shall be the final day upon which a Claim Form, Exclusion Statement and/or Objection shall be deemed timely submitted (the "Settlement Bar Date"), except for a Claim Form for which a Deficiency Notice (as defined below) was mailed by the Claims Administrator.  In the event a member of the Settlement Class timely returns a valid Claim Form and an Exclusion Statement, the Exclusion Statement will be voided and of no force or effect and the Claim Form will be accepted, subject to payment pursuant to the terms of the Settlement Agreement.  Within five (5) business days of receiving notice that a Notice Packet was undeliverable, the Claims Administrator will perform one skip-trace (using name and last-known address in Lexis/Nexis's Accurint database or equivalent) on returned mail and re-mail a Notice Packet to an updated

address (if any).  The Parties intend that the Claims Administrator use reasonable means to locate a member of the Settlement Class.

        e.      Within five (5) business days of receipt by the Claims Administrator of each deficient but timely-submitted Claim Form, the Claims Administrator shall send to the member of the Settlement Class who submitted the deficient Claim Form a notice identifying the deficiencies in the Claim Form that was submitted ("Deficiency Notice").  The Deficiency Notice shall provide such members of the Settlement Class no more than fifteen (15) calendar days from the mailing of the Deficiency Notice to postmark a postage prepaid, written response to cure all deficiencies.  The failure of a member of the Settlement Class to timely submit a properly completed Claim Form following service of the Deficiency Notice shall invalidate the claim, which will no longer be considered subject to cure unless the Parties stipulate to allow cure.  The following will be considered a deficiency: (i) failure to provide complete information on the Substitute W-9 Form, including, but not limited to, a valid Social Security number and/or address; (ii) failure to sign and/or date the Claim Form and/or Substitute W-9 Form; (iii) failure to print his or her name on the Claim Form; or (iv) an unreadable Claim Form and/or Substitute W-9 Form.

        f.      All original Claim Forms shall be sent directly to the Claims Administrator at the address indicated on the Claim Form.  In the event of Bankruptcy Court approval of Attorneys' Fees, Costs and/or Enhanced Service Awards in amounts less than those set forth herein, the Claims Administrator will include the difference in the Common Fund.  The Claims Administrator will certify to counsel for each of the Parties those claims that were timely filed.  The Claims Administrator shall be responsible for issuing the payments and for communicating this information to Defendants.  Upon completion of its calculation of payments,

the Claims Administrator shall provide the Parties' respective counsel with a report listing the amount of all payments to be made to each Qualified Claimant, in which the names of the Qualified Claimants, except the Plaintiffs, will be coded.  Proof of payment shall be filed with the Bankruptcy Court and provided to the Parties' counsel.

g.       Settlement Class Members may opt out of or exclude themselves from the Settlement Class by mailing to the Claims Administrator a signed, written Exclusion Statement expressing their intent to be excluded from the Settlement Class.  Exclusion Statements that are not signed, do not clearly identify the Class Member's name and/or intent to be excluded, or that are not submitted on a timely basis, shall be deemed null, void, and ineffective.  Persons who are eligible to and submit a valid and timely Exclusion Statement shall not participate in the Settlement Agreement, nor will they be bound by the terms of the Settlement Agreement, if it is approved, or the final judgment in this Lawsuit.

h.       As directed by the Tribune Defendants, the Claims Administrator shall file with the Bankruptcy Court a declaration attesting to the noticing procedures undertaken in compliance with this Settlement Agreement and summarizing the responses submitted by the Settlement Class Members.

4.       **General Release of Disputes and Claims**

a.       It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge in full all of the disputes and claims between them that relate to any alleged nonpayment or insufficient or inaccurate payment of wages or other compensation for any time that the members of the Settlement Class provided services in connection with the promotion and/or distribution of the *amNew York* newspaper while receiving an IRS Form 1099 from the Delivery Defendants for such services prior to and through the Petition Date.  Payment

of the Total Gross Amount by Defendants pursuant to this Settlement Agreement shall settle all such disputes, claims and/or related claims, including, but not limited to, all payments of class and individual claims, attorneys' fees and costs, enhancement awards, and mediation and claims administration costs.  To achieve a full and complete release of Defendants (and the Releasees, as defined below) of such disputes and claims, each member of the Settlement Class (which includes any legal heirs and/or successors-in-interest of each member of the Settlement Class), through execution of the Settlement Agreement, acknowledges that this Settlement Agreement is intended to include in its effect all claims alleged in the Lawsuit.

b.      It is the intention of the Parties that this Settlement Agreement shall constitute a full and complete settlement and general release of all claims described in subsection 4.a, which release shall include in its effect Defendants, and each and all of their present and former related and affiliated entities, parent companies, subsidiaries, members, owners, shareholders, officers, partners, directors, servants, employees, agents, attorneys, representatives, accountants, insurers, predecessors, successors and assigns, past, present, and future, and all persons acting under, by, through, or in concert with any of them, throughout the Universe (collectively, the "Releasees") from the beginning of time through the Petition Date.  Nothing in this Settlement Agreement shall be deemed a release of the Parties' obligations under this Settlement Agreement.

c.      Upon the Settlement Effective Date, each member of the Settlement Class who has timely returned a valid Claim Form will release the Releasees from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, disbursements, expenses, attorneys' fees, damages, action or causes of action contingent or accrued for, raised in the allegations and claims asserted in the Lawsuit, and all wage and hour claims and related claims that could have

been alleged for time that each member of the Settlement Class provided services in connection

with the promotion and/or distribution of the *amNew York* newspaper while receiving an IRS

Form 1099 from the Delivery Defendants for such services prior to and through the Petition

Date, including, but not limited to, any claims under the NYLL and federal Fair Labor Standards

Act ("FLSA"), claims for breach of contract, claims for restitution and other equitable relief,

liquidated damages, punitive damages, and penalties of any nature whatsoever, and any other

benefit claimed on account of the allegations asserted in the Lawsuit.  Members of the Settlement

Class who have submitted neither a timely and valid Claim Form, nor a valid Exclusion

Statement, will be deemed to have released the Releasees from any and all non-FLSA claims,

debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages,

action or causes of action contingent or accrued for, raised in the allegations and claims asserted

in the Lawsuit, including, but not limited to, claims under the NYLL, claims for breach of

contract, claims for restitution and other equitable relief, liquidated damages, punitive damages,

and penalties of any nature whatsoever, and any other benefit claimed on account of the

allegations asserted in the Lawsuit.

    5.    **Right to Rescission**

        Notwithstanding any other provision of this Settlement Agreement, Defendants shall

retain the right, in the exercise of their sole discretion, to nullify the settlement within thirty (30)

days of expiration of the Settlement Bar Date, if five percent (5%) or more members of the

Settlement Class opt out of the settlement.  All signatories and their counsel must not encourage

opt-outs.  Class Counsel specifically agrees not to solicit opt-outs, directly or indirectly, through

any means.  In the event of such a rescission, no party may use the fact that the Parties agreed to

settle this case as evidence of any liability of any Defendants, or the lack thereof, and the

Tribune Defendants shall take whatever actions are necessary to withdraw their request for final approval of the Settlement Agreement by the Bankruptcy Court.

6.    **Duties of the Debtors Prior to Bankruptcy Court Approval**

The Debtors shall submit this Settlement Agreement to the Bankruptcy Court in support of a request for preliminary approval and determination by the Bankruptcy Court as to its fairness, adequacy, and reasonableness. Promptly upon execution of this Settlement Agreement, the Debtors shall file a motion with the Bankruptcy Court that would accomplish the following:

a.    schedule the motion for preliminary approval of the Settlement Agreement to be heard at the first available Omnibus Hearing;

b.    certify the Settlement Class and preliminarily approve this Settlement Agreement under Bankruptcy Rules 7023 and 9014 and Rule 23 for purposes of settlement;

c.    approve as to form and content the proposed Notice;

d.    approve as to form and content the proposed Claim Form;

e.    approve as to form and content the proposed Publication Notice;

f.    direct the mailing of the Notice, Claim Form, and Substitute W-9 Form by U.S. first-class mail, postage prepaid to the Settlement Class;

g.    direct the publication of the Publication Notice;

h.    preliminarily approve the settlement subject only to the objections of any members of the Settlement Class and final review by the Bankruptcy Court;

i.    approve Gilardi & Co. as the Claims Administrator and authorize Defendants to disclose to the Claims Administrator the last known names and

addresses of members of the Settlement Class as necessary to administer the settlement;

j.      appoint Class Counsel and Class Representatives to fairly and adequately represent the Settlement Class;

k.      preliminarily approve Class Counsel's request for Attorneys' Fees and Costs;

l.      preliminarily approve Class Counsel's request that the Named Plaintiffs and Opt-In Claimants receive Enhanced Service Awards; and

m.      schedule a fairness and settlement hearing with the Bankruptcy Court (the "Fairness and Settlement Hearing") for final approval of the Settlement Agreement.

7.      **Duties of the Parties Regarding Final Approval by Bankruptcy Court**

a.      The Parties shall execute a Stipulation of Discontinuance with Prejudice of the State Court Case, with each party to bear its own costs and fees, which shall be filed with the State Court within five (5) business days after final approval of this Settlement Agreement by the Bankruptcy Court.

b.      Together with the Debtors' motion requesting final approval of the Settlement Agreement the Debtors shall submit a proposed final order to the Bankruptcy Court for hearing at the Fairness and Settlement Hearing that would accomplish the following:

i.      finally approve the settlement, adjudging the terms thereof to be fair, reasonable, and adequate, and directing consummation of its terms and provisions;

       ii.     finally approve Class Counsel's award of Attorneys' Fees and Costs;

       iii.    finally approve the Enhanced Service Awards to Named Plaintiffs and Opt-In Claimants;

       iv.    authorize Debtors to contribute and pay their share of the Total Gross Amount; and

       v.     authorize Debtors to pay their share of any Claims Administration Expense not otherwise reimbursed to the Debtors or covered by the Return.

8.    **Parties' Authority**

The signatories hereto hereby represent that they are fully authorized to enter into this Settlement Agreement and bind the Parties hereto to the terms and conditions hereof, provided that the Debtors' authority to enter into this Settlement Agreement is subject to and conditioned on preliminary Bankruptcy Court approval of the Settlement Agreement.

9.    **Mutual Full Cooperation**

The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including, but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Settlement Agreement.  The Parties shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Bankruptcy Court, or otherwise, to effectuate this Settlement Agreement and the terms set forth herein.  As soon as practicable after execution of this Settlement Agreement, the Parties will take all necessary steps to secure the Bankruptcy Court's final approval of this Settlement Agreement.

10.    **No Prior Assignments**

The Parties hereto represent, covenant, and warrant that they have not directly or

indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to

any person or entity any portion of any liability, claim, demand, action, cause of action, or rights

herein released and discharged except as set forth herein.

11.    **No Admission**

Nothing contained herein, nor the consummation of this Settlement Agreement, nor any

payments made pursuant to this Settlement Agreement, may be construed or deemed an

admission of liability, culpability, negligence, or wrongdoing on the part of any of the

Defendants.  Defendants specifically deny any liability and retain any and all defenses to the

Class Claims and Individual Claims and any other claims arising under or related to any of the

allegations in the Lawsuit in the event the Settlement Agreement is not finally approved in its

entirety by the Bankruptcy Court.

12.    **Construction**

The Parties hereto agree that the terms and conditions of this Settlement Agreement are

the result of lengthy, intensive arms'-length negotiations between the Parties, and that this

Settlement Agreement shall not be construed in favor of or against any party by reason of the

extent to which any party or his, her, or its counsel participated in the drafting of this Settlement

Agreement.

13.    **Captions and Interpretations**

Paragraph titles or captions contained herein are inserted as a matter of convenience and

for reference, and in no way define, limit, extend, or describe the scope of this Settlement

Agreement or any provision hereof.  Each term of this Settlement Agreement is contractual and

not merely a recital.  This Settlement Agreement shall be subject to and interpreted in accordance with the laws of the State of New York without regard to any conflicts of laws principles.

14.    **Modification**

This Settlement Agreement may not be changed, altered, or modified, except in writing and signed by the Parties.  This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

15.    **Integration Clause**

This Settlement Agreement contains the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and supersedes and replaces all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, including, but not limited to, the handwritten Terms of Settlement signed by the Parties' counsel on March 14, 2011.  No rights hereunder may be waived except in writing.

16.    **Binding on Successors and Assigns**

This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors and assigns.

17.    **Class Counsel Signatories**

It is agreed that because of the large number of members of the Settlement Class, it is impossible or impractical to have each member of the Settlement Class execute this Settlement Agreement.  The Notice attached as Exhibit C hereto and/or the Publication Notice, attached as Exhibit D hereto, will advise all members of the Settlement Class of the binding nature of the release and such shall have the same force and effect as if this Settlement Agreement were executed by each member of the Settlement Class.

18.    **Execution in Counterparts**

This Settlement Agreement may be executed in counterparts, and when each party has

signed and delivered at least one such counterpart, each counterpart shall be deemed an original,

and, when taken together with other signed counterparts, shall constitute one Settlement

Agreement, which shall be binding upon and effective as to all Parties.

DATED: 8/7/2011            JOSEPH, HERZFELD, HESTER
                                       & KIRSCHENBAUM, LLP

                                       By _____
                                             Michael D. Palmer, Esq.
                                             *Counsel for Plaintiffs*

DATED: 8-4, 2011            TRIBUNE NEW YORK NEWSPAPER
                                       HOLDINGS, LLC d/b/a amNEW YORK
                                       and TRIBUNE COMPANY

                                       By _____
                                             Jack Rodden

DATED: _____, 2011      LBN CONSULTING, LLC and MORNING NEWSPAPER
                                       DELIVERY, INC.

                                       By _____

18.  **Execution in Counterparts**

This Settlement Agreement may be executed in counterparts, and when each party has

signed and delivered at least one such counterpart, each counterpart shall be deemed an original,

and, when taken together with other signed counterparts, shall constitute one Settlement

Agreement, which shall be binding upon and effective as to all Parties.

DATED: _____, 2011          JOSEPH, HERZFELD, HESTER
                                & KIRSCHENBAUM, LLP


                                By_____
                                    Michael D. Palmer, Esq.
                                    *Counsel for Plaintiffs*

DATED: 2 - 4, 2011              TRIBUNE NEW YORK NEWSPAPER
                                HOLDINGS, LLC d/b/a amNEW YORK
                                and TRIBUNE COMPANY


                                By_____
                                    Jack Rodden

DATED: _____, 2011          LBN CONSULTING, LLC and MORNING NEWSPAPER
                                DELIVERY, INC.


                                By_____

-26-

**Signature Page for Plaintiffs Receiving Enhanced Service Awards**

DATED: 8/17, 2011     By _____
       Patrick Anderson

DATED: 8/16, 2011     By _____
       Charles Evans

DATED: 8/16, 2011     By _____
       Pearl Evans

DATED: _____, 2011     By _____
       Gary Grant

DATED: _____, 2011     By _____
       Loretta Grant

DATED: 8-18-, 2011     By _____
       Bill McNair

DATED: 8/18, 2011     By _____
       Sean Serrao

DATED: 8/15, 2011     By _____
       Velma Barnhardt

DATED: 8/16, 2011     By _____
       Larry Fernandez

DATED: 8/16, 2011     By _____
       John Haywood

DATED: 8/19, 2011     By _____
       Phil Johnson

DATED: 8/16, 2011     By _____
       Victoria McLaughlin

DATED: 8/16, 2011     By _____
       Damion Reid

DATED: 8/22, 2011     By _____
       Tenisha Walcott

## Signature Page for Plaintiffs Receiving Enhanced Service Awards

DATED: _____, 2011

By_____
Patrick Anderson

DATED: _____, 2011

By_____
Charles Evans

DATED: _____, 2011

By_____
Pearl Evans

DATED: 8-18 2011

By_____
Gary Grant

DATED: _____, 2011

By_____
Loretta Grant

DATED: _____, 2011

By_____
Bill McNair

DATED: _____, 2011

By_____
Sean Serrao

DATED: _____, 2011

By_____
Velma Barnhardt

DATED: _____, 2011

By_____
Larry Fernandez

DATED: _____, 2011

By_____
John Haywood

DATED: _____, 2011

By_____
Phil Johnson

DATED: _____, 2011

By_____
Victoria McLaughlin

DATED: _____, 2011

By_____
Damion Reid

DATED: _____, 2011

By_____
Tenisha Walcott

<u>**Signature Page for Plaintiffs Receiving Enhanced Service Awards**</u>

DATED: _____, 2011                    By_____
                                              Patrick Anderson

DATED: _____, 2011                    By_____
                                              Charles Evans

DATED: _____, 2011                    By_____
                                              Pearl Evans

DATED: _____, 2011                    By_____
                                              Gary Grant

DATED: 8/20, 2011                    By *Loretta Grant*
                                              Loretta Grant

DATED: _____, 2011                    By_____
                                              Bill McNair

DATED: _____, 2011                    By_____
                                              Sean Serrao

DATED: _____, 2011                    By_____
                                              Velma Barnhardt

DATED: _____, 2011                    By_____
                                              Larry Fernandez

DATED: _____, 2011                    By_____
                                              John Haywood

DATED: _____, 2011                    By_____
                                              Phil Johnson

DATED: _____, 2011                    By_____
                                              Victoria McLaughlin

DATED: _____, 2011                    By_____
                                              Damion Reid

DATED: _____, 2011                    By_____
                                              Tenisha Walcott

## EXHIBIT A

CLAIMS DISPOSITION LIST

TRIBUNE COMPANY, ET AL.

Exhibit A to Settlement Agreement and Release: Disposition of Class Claims and Individual Claims

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | ALLEN, JAMES, ET AL 233 BROADWAY FL 5 NEW YORK, NY 10279-0599 | 08-13238 | Tribune New York Newspaper Holdings, LLC | 06/12/2009 | 4938 | $1,500,000.00 | This claim shall be disallowed and expunged in its entirety upon a final order approving the Settlement Agreement, and the Defendants' payment of the Total Gross Amount to fund the settlement in accordance with the Settlement Agreement. |
| 2 | ALLEN, JAMES, ET AL 233 BROADWAY FL 5 NEW YORK, NY 10279-0599 | 08-13141 | Tribune Company | 06/12/2009 | 4939 | $1,500,000.00 | This claim shall be disallowed and expunged in its entirety upon a final order approving the Settlement Agreement, and the Defendants' payment of the Total Gross Amount to fund the settlement in accordance with the Settlement Agreement. |
| 3 | ALLEN, JAMES 233 BROADWAY FL 5 NEW YORK, NY 10279-0599 | 08-13238 | Tribune New York Newspaper Holdings, LLC | 06/12/2009 | 4910 | $10,000.00 | This claim shall be disallowed and expunged in its entirety upon a final order approving the Settlement Agreement, and the Defendants' payment of the Total Gross Amount to fund the settlement in accordance with the Settlement Agreement. |
| 4 | ALLEN, JAMES 233 BROADWAY FL 5 NEW YORK, NY 10279-0599 | 08-13141 | Tribune Company | 06/12/2009 | 4911 | $10,000.00 | This claim shall be disallowed and expunged in its entirety upon a final order approving the Settlement Agreement, and the Defendants' payment of the Total Gross Amount to fund the settlement in accordance with the Settlement Agreement. |
| 5 | EVANS, CHARLES 233 BROADWAY FL 5 NEW YORK, NY 10279-0599 | 08-13238 | Tribune New York Newspaper Holdings, LLC | 06/12/2009 | 4906 | $10,000.00 | This claim shall be disallowed and expunged in its entirety upon a final order approving the Settlement Agreement, and the Defendants' payment of the Total Gross Amount to fund the settlement in accordance with the Settlement Agreement. |

TRIBUNE COMPANY, ET AL.

Disposition of Class Claims and Individual Claims

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 6 | EVANS, CHARLES<br>233 BROADWAY FL 5<br>NEW YORK, NY 10279-0599 | 08-13141 | Tribune Company | 06/12/2009 | 4907 | $10,000.00 | This claim shall be disallowed and expunged in its entirety upon a final order approving the Settlement Agreement, and the Defendants' payment of the Total Gross Amount to fund the settlement in accordance with the Settlement Agreement. |
| 7 | EVANS, PEARL<br>233 BROADWAY FL 5<br>NEW YORK, NY 10279-0599 | 08-13238 | Tribune New York Newspaper Holdings, LLC | 06/12/2009 | 4904 | $10,000.00 | This claim shall be disallowed and expunged in its entirety upon a final order approving the Settlement Agreement, and the Defendants' payment of the Total Gross Amount to fund the settlement in accordance with the Settlement Agreement. |
| 8 | EVANS, PEARL<br>233 BROADWAY FL 5<br>NEW YORK, NY 10279-0599 | 08-13141 | Tribune Company | 06/12/2009 | 4905 | $10,000.00 | This claim shall be disallowed and expunged in its entirety upon a final order approving the Settlement Agreement, and the Defendants' payment of the Total Gross Amount to fund the settlement in accordance with the Settlement Agreement. |
| 9 | GRANT, GARY<br>233 BROADWAY FL 5<br>NEW YORK, NY 10279-0599 | 08-13238 | Tribune New York Newspaper Holdings, LLC | 06/12/2009 | 4913 | $10,000.00 | This claim shall be disallowed and expunged in its entirety upon a final order approving the Settlement Agreement, and the Defendants' payment of the Total Gross Amount to fund the settlement in accordance with the Settlement Agreement. |
| 10 | GRANT, GARY<br>233 BROADWAY FL 5<br>NEW YORK, NY 10279-0599 | 08-13141 | Tribune Company | 06/12/2009 | 4912 | $10,000.00 | This claim shall be disallowed and expunged in its entirety upon a final order approving the Settlement Agreement, and the Defendants' payment of the Total Gross Amount to fund the settlement in accordance with the Settlement Agreement. |

TRIBUNE COMPANY, ET AL.

Disposition of Class Claims and Individual Claims

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 11 | GRANT, LORETTA 233 BROADWAY FL 5 NEW YORK, NY 10279-0599 | 08-13238 | Tribune New York Newspaper Holdings, LLC | 06/12/2009 | 4936 | $10,000.00 | This claim shall be disallowed and expunged in its entirety upon a final order approving the Settlement Agreement, and the Defendants' payment of the Total Gross Amount to fund the settlement in accordance with the Settlement Agreement. |
| 12 | GRANT, LORETTA 233 BROADWAY FL 5 NEW YORK, NY 10279-0599 | 08-13141 | Tribune Company | 06/12/2009 | 4937 | $10,000.00 | This claim shall be disallowed and expunged in its entirety upon a final order approving the Settlement Agreement, and the Defendants' payment of the Total Gross Amount to fund the settlement in accordance with the Settlement Agreement. |
| 13 | MCNAIR, BILL 233 BROADWAY FL 5 NEW YORK, NY 10279-0599 | 08-13238 | Tribune New York Newspaper Holdings, LLC | 06/12/2009 | 4927 | $10,000.00 | This claim shall be disallowed and expunged in its entirety upon a final order approving the Settlement Agreement, and the Defendants' payment of the Total Gross Amount to fund the settlement in accordance with the Settlement Agreement. |
| 14 | MCNAIR, BILL 233 BROADWAY FL 5 NEW YORK, NY 10279-0599 | 08-13141 | Tribune Company | 06/12/2009 | 4926 | $10,000.00 | This claim shall be disallowed and expunged in its entirety upon a final order approving the Settlement Agreement, and the Defendants' payment of the Total Gross Amount to fund the settlement in accordance with the Settlement Agreement. |
| 15 | SERRAO, SEAN 233 BROADWAY FL 5 NEW YORK, NY 10279-0599 | 08-13238 | Tribune New York Newspaper Holdings, LLC | 06/12/2009 | 4923 | $10,000.00 | This claim shall be disallowed and expunged in its entirety upon a final order approving the Settlement Agreement, and the Defendants' payment of the Total Gross Amount to fund the settlement in accordance with the Settlement Agreement. |

TRIBUNE COMPANY, ET AL.

Disposition of Class Claims and Individual Claims

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 16 | SERRAO, SEAN 233 BROADWAY FL 5 NEW YORK, NY 10279-0599 | 08-13141 | Tribune Company | 06/12/2009 | 4922 | $10,000.00 | This claim shall be disallowed and expunged in its entirety upon a final order approving the Settlement Agreement, and the Defendants' payment of the Total Gross Amount to fund the settlement in accordance with the Settlement Agreement. |
| 17 | ANDERSON, PATRICK 233 BROADWAY FL 5 NEW YORK, NY 10279-0599 | 08-13238 | Tribune New York Newspaper Holdings, LLC | 06/12/2009 | 4909 | $10,000.00 | This claim shall be disallowed and expunged in its entirety upon a final order approving the Settlement Agreement, and the Defendants' payment of the Total Gross Amount to fund the settlement in accordance with the Settlement Agreement. |
| 18 | ANDERSON, PATRICK 233 BROADWAY FL 5 NEW YORK, NY 10279-0599 | 08-13141 | Tribune Company | 06/12/2009 | 4908 | $10,000.00 | This claim shall be disallowed and expunged in its entirety upon a final order approving the Settlement Agreement, and the Defendants' payment of the Total Gross Amount to fund the settlement in accordance with the Settlement Agreement. |
| 19 | BARNHARDT, VELMA 233 BROADWAY FL 5 NEW YORK, NY 10279-0599 | 08-13238 | Tribune New York Newspaper Holdings, LLC | 06/12/2009 | 4917 | $10,000.00 | This claim shall be disallowed and expunged in its entirety upon a final order approving the Settlement Agreement, and the Defendants' payment of the Total Gross Amount to fund the settlement in accordance with the Settlement Agreement. |
| 20 | BARNHARDT, VELMA 233 BROADWAY FL 5 NEW YORK, NY 10279-0599 | 08-13141 | Tribune Company | 06/12/2009 | 4916 | $10,000.00 | This claim shall be disallowed and expunged in its entirety upon a final order approving the Settlement Agreement, and the Defendants' payment of the Total Gross Amount to fund the settlement in accordance with the Settlement Agreement. |

TRIBUNE COMPANY, ET AL.

Disposition of Class Claims and Individual Claims

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 21 | CRUZ, VICTOR 233 BROADWAY FL 5 NEW YORK, NY 10279-0599 | 08-13238 | Tribune New York Newspaper Holdings, LLC | 06/12/2009 | 4914 | $10,000.00 | This claim shall be disallowed and expunged in its entirety upon a final order approving the Settlement Agreement, and the Defendants' payment of the Total Gross Amount to fund the settlement in accordance with the Settlement Agreement. |
| 22 | CRUZ, VICTOR 233 BROADWAY FL 5 NEW YORK, NY 10279-0599 | 08-13141 | Tribune Company | 06/12/2009 | 4915 | $10,000.00 | This claim shall be disallowed and expunged in its entirety upon a final order approving the Settlement Agreement, and the Defendants' payment of the Total Gross Amount to fund the settlement in accordance with the Settlement Agreement. |
| 23 | FERNANDEZ, LARRY 233 BROADWAY FL 5 NEW YORK, NY 10279-0599 | 08-13238 | Tribune New York Newspaper Holdings, LLC | 06/12/2009 | 4903 | $10,000.00 | This claim shall be disallowed and expunged in its entirety upon a final order approving the Settlement Agreement, and the Defendants' payment of the Total Gross Amount to fund the settlement in accordance with the Settlement Agreement. |
| 24 | FERNANDEZ, LARRY 233 BROADWAY FL 5 NEW YORK, NY 10279-0599 | 08-13141 | Tribune Company | 06/12/2009 | 4902 | $10,000.00 | This claim shall be disallowed and expunged in its entirety upon a final order approving the Settlement Agreement, and the Defendants' payment of the Total Gross Amount to fund the settlement in accordance with the Settlement Agreement. |
| 25 | HAYWOOD, JOHN 233 BROADWAY FL 5 NEW YORK, NY 10279-0599 | 08-13238 | Tribune New York Newspaper Holdings, LLC | 06/12/2009 | 4935 | $10,000.00 | This claim shall be disallowed and expunged in its entirety upon a final order approving the Settlement Agreement, and the Defendants' payment of the Total Gross Amount to fund the settlement in accordance with the Settlement Agreement. |

TRIBUNE COMPANY, ET AL.

Disposition of Class Claims and Individual Claims

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 26 | HAYWOOD, JOHN 233 BROADWAY FL 5 NEW YORK, NY 10279-0599 | 08-13141 | Tribune Company | 06/12/2009 | 4934 | $10,000.00 | This claim shall be disallowed and expunged in its entirety upon a final order approving the Settlement Agreement, and the Defendants' payment of the Total Gross Amount to fund the settlement in accordance with the Settlement Agreement. |
| 27 | JACKSON, MARK 233 BROADWAY FL 5 NEW YORK, NY 10279-0599 | 08-13238 | Tribune New York Newspaper Holdings, LLC | 06/12/2009 | 4932 | $10,000.00 | This claim shall be disallowed and expunged in its entirety upon a final order approving the Settlement Agreement, and the Defendants' payment of the Total Gross Amount to fund the settlement in accordance with the Settlement Agreement. |
| 28 | JACKSON, MARK 233 BROADWAY FL 5 NEW YORK, NY 10279-0599 | 08-13141 | Tribune Company | 06/12/2009 | 4933 | $10,000.00 | This claim shall be disallowed and expunged in its entirety upon a final order approving the Settlement Agreement, and the Defendants' payment of the Total Gross Amount to fund the settlement in accordance with the Settlement Agreement. |
| 29 | JOHNSON, PHIL 233 BROADWAY FL 5 NEW YORK, NY 10279-0599 | 08-13238 | Tribune New York Newspaper Holdings, LLC | 06/12/2009 | 4931 | $10,000.00 | This claim shall be disallowed and expunged in its entirety upon a final order approving the Settlement Agreement, and the Defendants' payment of the Total Gross Amount to fund the settlement in accordance with the Settlement Agreement. |
| 30 | JOHNSON, PHIL 233 BROADWAY FL 5 NEW YORK, NY 10279-0599 | 08-13141 | Tribune Company | 06/12/2009 | 4930 | $10,000.00 | This claim shall be disallowed and expunged in its entirety upon a final order approving the Settlement Agreement, and the Defendants' payment of the Total Gross Amount to fund the settlement in accordance with the Settlement Agreement. |

TRIBUNE COMPANY, ET AL.

Disposition of Class Claims and Individual Claims

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 31 | MCLAUGHLIN, VICTORIA 233 BROADWAY FL 5 NEW YORK, NY 10279-0599 | 08-13238 | Tribune New York Newspaper Holdings, LLC | 06/12/2009 | 4928 | $10,000.00 | This claim shall be disallowed and expunged in its entirety upon a final order approving the Settlement Agreement, and the Defendants' payment of the Total Gross Amount to fund the settlement in accordance with the Settlement Agreement. |
| 32 | MCLAUGHLIN, VICTORIA 233 BROADWAY FL 5 NEW YORK, NY 10279-0599 | 08-13141 | Tribune Company | 06/12/2009 | 4929 | $10,000.00 | This claim shall be disallowed and expunged in its entirety upon a final order approving the Settlement Agreement, and the Defendants' payment of the Total Gross Amount to fund the settlement in accordance with the Settlement Agreement. |
| 33 | REID, DAMION 233 BROADWAY FL 5 NEW YORK, NY 10279-0599 | 08-13238 | Tribune New York Newspaper Holdings, LLC | 06/12/2009 | 4924 | $10,000.00 | This claim shall be disallowed and expunged in its entirety upon a final order approving the Settlement Agreement, and the Defendants' payment of the Total Gross Amount to fund the settlement in accordance with the Settlement Agreement. |
| 34 | REID, DAMION 233 BROADWAY FL 5 NEW YORK, NY 10279-0599 | 08-13141 | Tribune Company | 06/12/2009 | 4925 | $10,000.00 | This claim shall be disallowed and expunged in its entirety upon a final order approving the Settlement Agreement, and the Defendants' payment of the Total Gross Amount to fund the settlement in accordance with the Settlement Agreement. |
| 35 | STRANGE, JENNIFER 233 BROADWAY FL 5 NEW YORK, NY 10279-0599 | 08-13238 | Tribune New York Newspaper Holdings, LLC | 06/12/2009 | 4920 | $10,000.00 | This claim shall be disallowed and expunged in its entirety upon a final order approving the Settlement Agreement, and the Defendants' payment of the Total Gross Amount to fund the settlement in accordance with the Settlement Agreement. |

TRIBUNE COMPANY, ET AL.

Disposition of Class Claims and Individual Claims

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 36 | STRANGE, JENNIFER C/O JOSEPH & HERZFELD LLP 757 THIRD AVENUE, 25TH FLOOR NEW YORK, NY 10017 | 08-13141 | Tribune Company | 06/12/2009 | 4921 | $10,000.00 | This claim shall be disallowed and expunged in its entirety upon a final order approving the Settlement Agreement, and the Defendants' payment of the Total Gross Amount to fund the settlement in accordance with the Settlement Agreement. |
| 37 | WALCOTT, TENISHA 233 BROADWAY FL 5 NEW YORK, NY 10279-0599 | 08-13238 | Tribune New York Newspaper Holdings, LLC | 06/12/2009 | 4919 | $10,000.00 | This claim shall be disallowed and expunged in its entirety upon a final order approving the Settlement Agreement, and the Defendants' payment of the Total Gross Amount to fund the settlement in accordance with the Settlement Agreement. |
| 38 | WALCOTT, TENISHA 233 BROADWAY FL 5 NEW YORK, NY 10279-0599 | 08-13141 | Tribune Company | 06/12/2009 | 4918 | $10,000.00 | This claim shall be disallowed and expunged in its entirety upon a final order approving the Settlement Agreement, and the Defendants' payment of the Total Gross Amount to fund the settlement in accordance with the Settlement Agreement. |

**EXHIBIT B**

CLAIM FORM

## CLAIM FORM & RELEASE
In The Matters of

***In re Tribune Company, et al.***
Index No. 08-13141 (KJC), United States Bankruptcy Court for the District of Delaware

***Allen, et al. v. Tribune New York Newspapers Holdings, LLC d/b/a amNew York, et al.,***
Index No. 07-602801, Supreme Court of the State of New York, County of New York

**INSTRUCTIONS:    TO PARTICIPATE IN THE SETTLEMENT AND RECEIVE YOUR MONETARY RECOVERY, YOU MUST COMPLETE THIS CLAIM FORM BY SIGNING, DATING AND RETURNING IT, TOGETHER WITH THE ENCLOSED SUBSTITUTE IRS W-9 FORM, TO THE ADDRESS PROVIDED BELOW, POSTMARKED ON OR BEFORE _____, 2011. A POSTAGE PRE-PAID ENVELOPE IS INCLUDED.**

| **Please Provide Your Contact Information** |
|---|

**Name:** _____

**Address:** _____

_____

**Telephone:**    **Home:** _____

**Work/Cell:** _____

## TO RECEIVE YOUR SETTLEMENT PAYMENT

**YOU MUST COMPLETE, SIGN AND RETURN THIS CLAIM FORM TO THE ADDRESS BELOW, POSTMARKED ON OR BEFORE _____, 2011:**

*Allen, et al. v. Tribune New York Newspapers Holdings, LLC d/b/a amNew York, et al.,*
*In re Tribune Company, et al.*
Class Action Claims Administrator
c/o Gilardi & Co.
P.O. Box 8060
San Rafael, CA  94912-8060

You may contact the Claims Administrator at the telephone number or e-mail address listed at the bottom of the page to ensure that your Claim Form has been received.  It is your responsibility to ensure the Claims Administrator has timely received your form.

IT IS STRONGLY RECOMMENDED THAT YOU OBTAIN PROOF OF TIMELY MAILING AND MAINTAIN THAT PROOF UNTIL RECEIPT OF YOUR PAYMENT.

**Questions? Call:  1-877-264-3620**
**E-Mail – Claims Administrator: amnewyork_settlement@classactmail.com**
**Page 1 of 3 Claim Form**

| **You Must Sign, Date and Print Your Name Below** |
| --- |

I say, under penalty of perjury, by signing and submitting this Claim Form, that:

(1) The information I have provided in this Claim Form is true and correct.

(2) I received the Notice of Pendency of Class Action Settlement ("Notice") and wish to participate in the settlement.

(3) I promoted and/or distributed the *amNew York* newspaper at some time during 2004 through 2007.

(4) I submit to the jurisdiction of the United States Bankruptcy Court for the District of Delaware with respect to my claims and for purposes of enforcing the release of my claims as consideration for receiving a share of the settlement funds.

(5) I reviewed and agree with the terms of the release provided in the Notice and hereby release and forever discharge Tribune New York Newspapers Holdings, LLC d/b/a *amNew York*, Tribune Company, LBN Consulting, LLC ("LBN"), and Morning Newspaper Delivery, Inc. ("MND"), and all of their related and affiliated entities, and all of their respective members, owners, shareholders, directors, officers, partners, employees, agents, attorneys, representatives, accountants, insurers, predecessors, successors and assigns, past, present, and future, and all persons acting under, by, through, or in concert with any of them, from any and all wage and hour claims and related claims (including, but not limited to, contract claims), liabilities, demands, rights, attorneys' fees, damages, and causes of action, contingent or accrued for, known or unknown, related to the services I provided between January 1, 2004, and December 8, 2008, in connection with the promotion and/or distribution of the *amNew York* newspaper while receiving an IRS Form 1099 from LBN and/or MND for such services.

(6) I understand that I must keep the Claims Administrator informed of my current address and of any change in my home address.  If I do not do so, I understand that I may not receive any settlement payment that I might otherwise be entitled to receive.


Signed: _____     Date:_____

Print Name:_____

| SUBSTITUTE I.R.S. W-9 FORM |
|---|

**To receive a settlement payment, you must timely complete and return the following Substitute W-9 Form.**

| Substitute I.R.S. W-9 Form - Taxpayer Identification Number Certification |
|---|

Enter your Social Security Number:  __ __ __ – __ __ – __ __ __ __

Print name and address as shown on your most recent income tax return:

First Name: _____

Last Name: _____

Address:_____

City: _____    State: _____

Zip Code:_____

Under penalties of perjury, I certify that:

1.  The taxpayer identification number shown on this form is my correct taxpayer identification number, **and**

2.  I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, **and**

3.  I am a U.S. person (including a U.S. resident alien).

Note:  If you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above.

Signature of U.S. Person: _____

Date: _____

**EXHIBIT C**

NOTICE

<u>**Notice of Pendency of Class Action Settlement**</u>

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | **Chapter 11** |
| **TRIBUNE COMPANY, et al.,** | **Case No. 08-13141 (KJC)** |
| Debtors. | *PLEASE READ THIS NOTICE CAREFULLY.* |

---

**This Notice is sent to you by Order of the Honorable Kevin J. Carey, Judge of the United States Bankruptcy Court for the District of Delaware.**

**READ THIS NOTICE CAREFULLY. IT CONTAINS IMPORTANT INFORMATION ABOUT YOUR RIGHTS AS A POTENTIAL CLASS MEMBER.**

---

The Honorable Kevin J. Carey, Judge of the United States Bankruptcy Court for the District of Delaware, has preliminarily approved a proposed settlement ("Settlement") of <u>Allen, et al. v. Tribune New York Newspapers Holdings, LLC d/b/a amNew York, et al.</u>, Index No. 07-602801, Supreme Court of the State of New York, County of New York, and related claims asserted in <u>In re Tribune Company</u>, Case No. 08-13141, United States Bankruptcy Court for the District of Delaware ("Litigation"). The Settlement provides for certain persons to receive a portion of a $325,000 fund ("Settlement Fund"). The Honorable Judge Carey will conduct a hearing to determine if the Settlement should be finally approved ("Fairness Hearing").

**You may be a Class Member who is entitled to receive money under the Settlement. You should read this Notice carefully. All eligible Class Members are encouraged to participate in this Settlement. Defendants will not retaliate against anyone who claims his or her share of the Settlement Fund.**

If you have any questions about this Notice, your share of the Settlement Fund, or need assistance in completing the enclosed "Claim Form & Release," contact Class Counsel: Michael D. Palmer, Joseph, Herzfeld, Hester & Kirschenbaum LLP, 233 Broadway, 5th Floor, New York, NY 10279; Tel: (212) 688-5640; E-Mail: mpalmer@jhllp.com.

You may also contact the Claims Administrator, c/o Gilardi & Co., at the contact information provided on the last page of this Notice.

---

**IMPORTANT DEADLINES**

---

**TO RECEIVE YOUR PORTION OF THE SETTLEMENT FUND,** you must mail the enclosed Claim Form & Release to the Claims Administrator, c/o Gilardi & Co., by _____, 2011, as instructed in the Claim Form & Release. If the Settlement is approved at the Fairness Hearing and you have submitted a valid Claim Form & Release, a check for your portion of the Settlement Fund will be mailed to you at the address set forth in the Claim Form & Release. If the Settlement is approved and you do not "opt-out," you will be deemed to have released all of your federal and state wage and hour and related claims against the defendants, as more fully described in this Notice and the attached Claim Form & Release, whether or not you submitted a Claim Form & Release.

CH1 6085154v.6

**TO OBJECT TO THE SETTLEMENT,** you must mail a written, signed statement to the Clerk of Court, U.S. Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, Delaware 19801, with a copy to Class Counsel, counsel for the Tribune Defendants, and counsel for the Delivery Defendants by _____, 2011, indicating that you are objecting to the Settlement. Your right to object to the Settlement is more fully described below in this Notice.

**TO BE EXCLUDED OR TO "OPT-OUT" OF THE SETTLEMENT,** you must mail a written, signed statement to the Claims Administrator, c/o Gilardi & Co., P.O. Box 8090, San Rafael, CA 94912-8060 by _____, 2011, indicating that you want to be excluded from, or to "opt-out" of, the Settlement. If you "opt-out" of the Settlement you will not receive any portion of the Settlement Fund, you will not be bound by the Settlement, and you cannot object to the Settlement.

| FREQUENTLY ASKED QUESTIONS |
| --- |

**1.    What Is The Purpose Of This Notice?**

The purpose of this Notice is to explain the Litigation and inform you of your rights in the proposed Settlement of the Litigation, including:

- How to receive your portion of the Settlement Fund, and be bound by the Settlement;

- Your right to file objections to the Settlement and be heard at the Fairness Hearing; and

- Your right to be excluded from, or to "opt-out" of, the Settlement, and not be bound by the Settlement.

**2.    What Is The Litigation About?**

The Litigation refers to claims and lawsuits filed against Tribune Company, Tribune New York Newspapers Holdings, LLC (collectively, "Tribune Defendants") and LBN Consulting, LLC and Morning Newspaper Delivery, Inc. (collectively, the "Delivery Defendants"; and together with the Tribune Defendants, collectively referred to herein as the "Defendants") in the United States Bankruptcy Court for the District of Delaware and New York State Supreme Court (the "Litigation") for alleged failure to pay the legally prescribed minimum wage to the named plaintiffs and claimants, and all similarly situated persons who promoted and/or distributed the *amNew York* newspaper between January 1, 2004, and December 8, 2008, and who received an IRS Form 1099 from the Delivery Defendants in connection with the remuneration they received for such services. The plaintiffs seek recovery of unpaid wages and attorneys' fees and costs, among other things.

The Defendants vigorously deny the allegations in the Litigation and state that they did not violate the law and that they have no liability for any claims raised in the Litigation. They have agreed to the terms of the Settlement solely to avoid further expense and disruption. The Settlement was reached in March 2011, and was submitted to the Bankruptcy Court for preliminary approval on August 4, 2011. The Bankruptcy Court granted preliminary approval on August ___, 2011, and has scheduled the Fairness Hearing to take place to determine if final approval of the Settlement should be granted.

3.    **Who Will Be Included In The Settlement?**

If the Settlement receives final approval from the Bankruptcy Court, it will encompass all persons who promoted and/or distributed the *amNew York* newspaper between January 1, 2004 and December 8, 2008, and who received an IRS Form 1099 from LBN Consulting, LLC and/or Morning Newspaper Delivery, Inc. for such services, who do not affirmatively opt-out of the Settlement (collectively, the "Settlement Class").

4.    **What Are The Benefits And Terms Of The Proposed Settlement?**

The benefit of the Settlement is that you will be eligible to receive a portion of the Settlement Fund based on a formula approved by the Bankruptcy Court.  You can receive this portion of the Settlement Fund without additional litigation expense.

If the Bankruptcy Court grants final approval of the Settlement, the Litigation will be dismissed with prejudice.  If you do not opt-out, you will be bound by the Settlement and you will fully release and discharge the Defendants and all their respective present and former related and affiliated entities, parent companies, subsidiaries, members, owners, shareholders, officers, partners, directors, employees, agents, attorneys, insurers, predecessors, successors and assigns, and each and all of their respective members, owners, officers, partners, directors, servants, agents, shareholders, employees, representatives, accountants, insurers, and attorneys, past, present, and future, and all persons acting under, by, through, or in concert with any of them from any and all federal and state wage and hour and related claims through December 8, 2008.  When the Litigation is dismissed with prejudice, that means the Court will not consider the claims for unpaid wages any further; in other words, the case is over.  When all wage claims are released, that means no one covered by the Release can sue Defendants over those claims.

a.    **How can I participate in the Settlement?**

To participate in the Settlement, you, or someone with a legal right to act on your behalf, must timely complete and mail the enclosed Claim Form & Release according to instructions provided in the form by _____, 2011, in the enclosed postage-prepaid envelope.

**IMPORTANT NOTE:**  If you do not timely complete and mail or deliver the enclosed Claim Form & Release according to instructions provided in the form by _____, 2011, you will not be eligible to receive any money in the Settlement.

If you choose to opt-out of the Settlement, do **not** submit a Claim Form & Release.  If you opt-out of the Settlement you will not be eligible to receive a portion of the Settlement Fund.

b.    **How will my portion be calculated if I participate?**

The following deductions will be made from the Settlement Fund prior to calculating your portion:

- **Service Payments:**  If the Bankruptcy Court approves such payments, six (6) Named Plaintiffs and eight (8) Opt-In Claimants will receive a total of $18,000 as "Service Payments."  These Service Payments are made because these Named Plaintiffs and Opt-In Claimants provided numerous hours of service to the Settlement Class by helping Class Counsel to formulate claims by providing declarations, information and/or documents, and assisting Class Counsel in achieving this resolution.  The Service Payments are separate from, and in addition to, the portion of the Settlement Fund that

3

these Named Plaintiffs and Opt-In Claimants may receive as members of the Settlement Class.

- **Attorneys' Fees, Costs and Expenses:** Class Counsel will apply to the Bankruptcy Court for attorneys' fees in the amount of 33% of the Settlement Fund (after costs) for the service they provided, which amounts to $101,189, plus out-of-pocket costs and expenses they incurred in the Litigation, which total $18,364. This amount will be requested based on the work Class Counsel performed in the Litigation, the risk Class Counsel took in bringing the Litigation, and the Settlement. Class Counsel has conducted extensive investigation and prosecution of this case, including, but not limited to, interviewing putative class members, reviewing documents, bringing motions, and participating in negotiations of the Settlement terms.

The remaining amount (the "Net Settlement Fund") will be available for distribution to each and every Class Member who submits a valid Claim Form & Release and does not opt-out of the Settlement Class. Each Class Member is eligible to receive a guaranteed minimum payment of $15. The maximum payment is $1,500. Class Members who are qualified to receive a distribution from the Net Settlement Amount will receive a payment based on the following formula:

- A Class Member that provided services as a hawker/promoter at any time between January 1, 2004 and December 31, 2004 will receive $15 plus his/her share of the Net Settlement Fund for work performed from 2005 through 2007.

- A Class Member that did not provide services as a hawker/promoter during 2004 will receive his/her share of the Net Settlement Fund for work performed from 2005 through 2007.

- A Class Member's share of the Net Settlement Fund for services provided from 2005 through 2007 will be calculated based upon the total yearly compensation paid to each Class Member, as reflected in his/her IRS Form 1099, weighted to reflect the increase in the minimum wage from 2005 to 2007.

Subject to Court approval, the Claims Administrator will be paid its fees and costs in connection with administering this settlement from the remaining portion of the Net Settlement Fund, if any. To the extent that members of the Settlement Class do not submit a claim for their share of the Net Settlement Fund, or there is any money remaining in the Net Settlement Fund after the submission and payment of claims, any balance after such reimbursements will be returned to the Defendants.

Class Members are responsible for the appropriate payment of any federal, state, and/or local income or employment taxes on the payments they receive. The Parties and their Counsel do not intend this Notice to constitute legal or tax advice, and to the extent that this Notice is interpreted to contain or constitute advice regarding any federal, state, and/or local tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any tax liability or penalties.


5.    **When Is The Fairness Hearing To Approve The Settlement?**

The Court has preliminarily concluded that the Settlement is fair, adequate, and reasonable and that the proposed distribution of the Settlement Fund amount is fair, adequate, and reasonable.

A Fairness Hearing will be held to determine whether final approval of the Settlement should be granted. At the Fairness Hearing, the Court will hear timely objections, if any. The hearing will take place before

4

_____ on _____, 2012, at ___.m. Eastern Time or as soon thereafter as practicable, at the U.S. Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor Wilmington, Delaware 19801, Courtroom #5.  The Court will also consider Class Counsel's application for fees and costs and the Service Payments.  YOU MAY, BUT ARE NOT OBLIGATED TO, ATTEND THIS HEARING.

**6.     How Can I Object To The Proposed Settlement?**

If you want to object to the Settlement, you must submit a written statement of the objection to the Clerk of Court, United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, Delaware 19801, with a copy to Class Counsel, counsel for the Tribune Defendants, and counsel for the Delivery Defendants via First Class U.S. Mail at the addresses below.  Your objection will not be heard unless it is signed, mailed and postmarked by _____, 2011, in compliance with these instructions.  If you wish to present your objection at the Fairness Hearing, you must state your intention to do so in your written objection, and provide a description of all reasons that you object to the Settlement.  You will not be allowed to present reasons for your objection at the Fairness Hearing that you did not describe in your written objection.  If you object to the Settlement but choose to remain eligible for your portion of the Settlement Fund, and the Bankruptcy Court overrules your objection and approves the Settlement, you will be bound by the Settlement for all purposes and claims.

Addresses for mailing any written objections:

David D. Bird
Clerk of Court
United States Bankruptcy Court for the District of Delaware
824 North Market Street, Wilmington, Delaware 19801

*Copy to Class Counsel:*

Michael D. Palmer
JOSEPH, HERZFELD, HESTER & KIRSCHENBAUM LLP
233 Broadway, 5th Floor, New York, NY 10279

*Copy to counsel for the Tribune Defendants:*

Edward Cerasia II
SEYFARTH SHAW LLP
620 Eighth Avenue, 31st Floor
New York, New York 10018

*Copy to counsel for the Delivery Defendants:*

David S. Warner
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, New York 10022

5

**7.      How Can I Opt-Out Of The Settlement?**

You have the right to exclude yourself from the Settlement.  If you choose to exclude yourself from, or "opt-out" of, the Settlement, you will not be bound by the Settlement, but you will not be eligible to receive a portion of the Settlement Fund.  If you exclude yourself from, or opt-out of, the Settlement, you will **not** be allowed to object to the Settlement as described in paragraph 6 above.

**PLEASE NOTE:  If you decide to opt-out of the Settlement, you may be unable to settle or recover on any claims that you believe may be owed to you by the Tribune Defendants outside of the Settlement.  The Tribune Defendants filed for Chapter 11 bankruptcy protection, and the Bankruptcy Court overseeing the Tribune Defendants' bankruptcy cases established a bar date deadline of** <u>June 12, 2009 at 4:00 p.m. Eastern Time</u> **("Bar Date") by which time proofs of claim had to be submitted against the Tribune Defendants.  The Bar Date has expired and as a result you may be effectively barred from pursuing any litigation or filing any proof of claim against the Tribune Defendants relating to recovery of compensation arising from your services promoting and/or distributing the** *amNew York* **newspaper.**

If you intend to opt-out, you must mail a written, signed statement to the Claims Administrator, c/o Gilardi & Co., stating that you are opting out of the Settlement (the "Exclusion Statement").  The Exclusion Statement must be mailed and postmarked to the Claims Administrator, c/o Gilardi & Co., P.O. Box 8090, San Rafael, CA 94912-8090 via First Class U.S. Mail, by _____, 2011.

**8.      What If I Have More Questions?**

If you have questions about this Notice, or want additional information, you can contact Class Counsel or the Claims Administrator.  You should <u>not</u> contact the Bankruptcy Court, the Judge, the Clerk of Court, counsel for the Tribune Defendants, or counsel for the Delivery Defendants.

**Class Counsel**
**Michael D. Palmer**
**Joseph, Herzfeld, Hester & Kirschenbaum LLP**
**233 Broadway, 5th Floor, New York, NY 10279**
**Telephone: (212) 688-5640**
**E-Mail: mpalmer@jhllp.com**

**Claims Administrator**
**c/o Gilardi & Co.**
**P.O. Box 8060**
**San Rafael, CA 94912-8060**
**Telephone:  (877) 264-3620**
**E-Mail:  amnewyork_settlement@classactmail.com**

**For a copy of the Settlement and access to related documents**
**filed with the Bankruptcy Court at no cost to you, you may**
**access the website at http://dm.epiq11.com/Tribune.**

[INSERT DATE]

6

**<u>EXHIBIT D</u>**

PUBLICATION NOTICE

**Publication Notice**

UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF DELAWARE

**COURT-ORDERED LEGAL NOTICE**

In re Tribune Company, et al., Case No. 08-13141 (KJC)
Allen, et al. v. Tribune New York Newspapers Holdings, LLC
d/b/a amNew York, et al., Index No. 07-602801,
Supreme Court of the State of New York, County of New York

**If you were a promoter or hawker of amNew York newspapers between January 1, 2004 and December 8, 2008, you may be entitled to compensation from a Class Action Settlement.**

A Settlement has been preliminarily approved by the United States Bankruptcy Court for the District of Delaware in a class action alleging violations of New York minimum wage laws. The defendants deny any wrongdoing, and no court has ruled in favor of either side. The defendants are Tribune Company, Tribune New York Newspaper Holdings, LLC, LBN Consulting, LLC and Morning Newspaper Delivery, Inc. If you qualify as a member of the Settlement Class, and timely and properly submit a Claim Form, you may be entitled to compensation under the Settlement. For more information and to receive a Claim Form, contact the Claims Administrator, c/o Gilardi & Co., P.O. Box 8060, San Rafael, CA 94912-8060, (877) 264-3620; amnewyork_settlement@ classactmail.com. Do not contact the Bankruptcy Court. You must submit your Claim Form to the Claims Administrator no later than _____, 2011 to be eligible for compensation.

You may opt-out of the Settlement by providing notice to the Claims Administrator and you have the right to object to the terms of the Settlement, including a right to object to attorneys' fees, costs and service payments for certain individuals who participated in prosecuting the class action. Any objections must be in writing and postmarked by ____, 2011, in compliance with the procedures set forth in the Notice of Pendency of Class Action Settlement.

Among other terms of the Settlement, the Defendants have agreed to create a fund of no more than $325,000 to pay class members, as well as attorneys' fees, costs, and service payments to certain named plaintiffs and opt-in claimants. Class Counsel for the plaintiffs brought the class action lawsuit on a contingency fee basis and seek compensation of 33% of the settlement fund (after costs) for their services in addition to out-of-pocket expenses. Service payments are also sought for certain named plaintiffs and opt-in claimants totaling $18,000. The Settlement includes a number of other important details such as releases of claims against the Defendants and how payments will be calculated and made to qualified Settlement Class members. A class member who does not opt out is bound by the Settlement, and any claims that he/she may have against the Defendants pursuant to the class action lawsuit will be forever and finally released and discharged by the Settlement. You may contact Class Counsel listed below to answer any questions about the Settlement:

Michael D. Palmer
JOSEPH, HERZFELD, HESTER & KIRSCHENBAUM LLP
233 Broadway, 5th Floor, New York, NY 10279
Phone: (212) 688-5640; E-mail: mpalmer@jhllp.com

**THE BANKRUPTCY COURT WILL HOLD A HEARING ON _____, 2012, AT ____ __.M. EASTERN TIME TO HEAR ANY OBJECTIONS TO THE SETTLEMENT AND TO DECIDE WHETHER TO APPROVE THE SETTLEMENT. YOU ARE NOT OBLIGATED TO ATTEND THIS HEARING, BUT YOU MAY DO SO.**