# EXHIBIT C

## MORRISON DECLARATION

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

In re:

TRIBUNE COMPANY, et al.[1],

Debtors.

Chapter 11

Case No. 08-13141 (KJC)

Jointly Administered

**DECLARATION OF ANDREW MORRISON**

I, Andrew Morrison, declare as follows:

1. I am employed by Gilardi & Co., LLC ("Gilardi"), located at 3301 Kerner Blvd., San Rafael, California. Gilardi was appointed as the Claims Administrator with respect to the claims asserted in the above-captioned matter and the settlement of *Allen, et al. v. Tribune New York Newspaper Holdings, LLC d/b/a amNewYork, et al.*, Index No. 07-602801, Supreme Court of the State of New York (the "State Court Litigation"). I am over 21 years of age and am not a party to this action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2. On September 1, 2011, Gilardi received from counsel for defendants LBN

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Consulting, LLC and Morning Newspaper Delivery, Inc. in the State Court Litigation a spreadsheet containing the names and addresses of promoters and/or distributors of *amNewYork* newspapers who are potential class members in this matter. Gilardi formatted the list for mailing purposes, removed duplicate records, and processed the names and addresses through the National Change of Address Database to update any addresses on file with the United States Postal Service ("USPS"). After Gilardi processed the class list, the list contained data for 2,941 class members.

3. On or before September 21, 2011, Gilardi established a toll-free telephone number that class members could call to speak to a live operator. English and Spanish speaking live operators are available Monday through Friday between the hours of 7:00 a.m. and 5:00 p.m., Pacific Time.

4. On September 21, 2011, Gilardi caused the Notice of Pendency of Class Action Settlement and the Claim Form & Release (collectively the "Notice Packet") to be printed and mailed to the 2,941 names on the class list. Gilardi delivered the Notice Packets to the United States Post Office located in San Rafael, California. A true and correct copy of the Notice Packet is attached hereto as Exhibit A.

5. On September 21, 2011, Gilardi caused the court-ordered legal notice to be published in the *New York Post*. An affidavit of publication from the *New York Post* and a tear sheet of the publication are attached hereto as Exhibit B.

6. Since mailing the Notice Packets to the class members, Gilardi has received 18 Notice Packets returned by the USPS with an updated address. Gilardi immediately remailed the Notice Packets to the updated addresses.

7. Since mailing the Notice Packets to the class members, Gilardi has received

1,318 Notice Packets returned by the USPS with undeliverable addresses. Gilardi, through a third party locator service, performed address searches for these Notice Packets and found 564 updated addresses. Gilardi remailed Notice Packets to all 564 updated addresses.

8. The claims filing deadline was November 21, 2011. To date, Gilardi has received 491 timely claims and 13 late claims. Of the 491 timely claims received to date, 12 remain deficient and without cure as defined in paragraph 3(e) of the Settlement Agreement (all 12 were sent a Deficiency Notice on or before November 30, 2011.). The total disbursement for those 479 class members who filed timely claims that were not deficient is $52,050.94. The total disbursement for those 12 class members who filed timely claims that were deficient is $313.43.

9. The opt-out filing postmark deadline was November 21, 2011. To date, Gilardi has received 1 timely opt-out and no late opt-outs. The opt-out did not provide any information or reason as to why the individual sought to be removed from the class.

10. The objection filing postmark deadline was November 21, 2011. To date, Gilardi has received no objections to the Settlement.

11. Gilardi's cost for administering this case is $22,500.00. This includes costs to date as well as costs through completion of administration of this case. A true and correct copy of Gilardi's invoice for costs through completion of the administration is attached as Exhibit C.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and that this declaration was executed this 25th day of January, 2012 at San Rafael, California.

ANDREW MORRISON

# EXHIBIT A

# NOTICE OF PENDENCY OF CLASS ACTION SETTLEMENT IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **TRIBUNE COMPANY, et al.,** | **Case No. 08-13141 (KJC)** |
| **Debtors.** | ***PLEASE READ THIS NOTICE CAREFULLY.*** |

**This Notice is sent to you by Order of the Honorable Kevin J. Carey, Judge of the United States Bankruptcy Court for the District of Delaware.**

**READ THIS NOTICE CAREFULLY. IT CONTAINS IMPORTANT INFORMATION ABOUT YOUR RIGHTS AS A POTENTIAL CLASS MEMBER.**

The Honorable Kevin J. Carey, Judge of the United States Bankruptcy Court for the District of Delaware, has preliminarily approved a proposed settlement ("Settlement") of Allen, et al. v. Tribune New York Newspapers Holdings, LLC d/b/a amNew York, et al., Index No. 07-602801, Supreme Court of the State of New York, County of New York, and related claims asserted in In re Tribune Company, et al., Case No. 08-13141, United States Bankruptcy Court for the District of Delaware ("Litigation"). The Settlement provides for certain persons to receive a portion of a $325,000 fund ("Settlement Fund"). The Honorable Judge Carey will conduct a hearing to determine if the Settlement should be finally approved ("Fairness Hearing").

**You may be a Class Member who is entitled to receive money under the Settlement. You should read this Notice carefully. All eligible Class Members are encouraged to participate in this Settlement. Defendants will not retaliate against anyone who claims his or her share of the Settlement Fund.**

If you have any questions about this Notice, your share of the Settlement Fund, or need assistance in completing the enclosed "Claim Form & Release," contact Class Counsel: Michael D. Palmer, Joseph, Herzfeld, Hester & Kirschenbaum LLP, 233 Broadway, 5th Floor, New York, NY 10279; Tel: (212) 688-5640; E-Mail: mpalmer@jhllp.com.

You may also contact the Claims Administrator, c/o Gilardi & Co., at the contact information provided on the last page of this Notice.

## IMPORTANT DEADLINES

**TO RECEIVE YOUR PORTION OF THE SETTLEMENT FUND**, you must mail the enclosed Claim Form & Release to the Claims Administrator, c/o Gilardi & Co., by **November 21, 2011**, as instructed in the Claim Form & Release. If the Settlement is approved at the Fairness Hearing and you have submitted a valid Claim Form & Release, a check for your portion of the Settlement Fund will be mailed to you at the address set forth in the Claim Form & Release. If the Settlement is approved and you do not "opt-out," you will be deemed to have released all of your federal and state wage and hour and related claims against the defendants, as more fully described in this Notice and the attached Claim Form & Release, whether or not you submitted a Claim Form & Release.

**TO OBJECT TO THE SETTLEMENT**, you must mail a written, signed statement to the Clerk of Court, U.S. Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, with a copy to Class Counsel, counsel for the Tribune Defendants, and counsel for the Delivery Defendants by **November 21, 2011**, indicating that you are objecting to the Settlement. Your right to object to the Settlement is more fully described below in this Notice.

**TO BE EXCLUDED OR TO "OPT-OUT" OF THE SETTLEMENT**, you must mail a written, signed statement to the Claims Administrator, c/o Gilardi & Co., P.O. Box 8090, San Rafael, CA 94912-8090 by **November 21, 2011**, indicating that you want to be excluded from, or to "opt-out" of, the Settlement. If you "opt-out" of the Settlement you will not receive any portion of the Settlement Fund, you will not be bound by the Settlement, and you cannot object to the Settlement.

## FREQUENTLY ASKED QUESTIONS

### 1. What Is The Purpose Of This Notice?

The purpose of this Notice is to explain the Litigation and inform you of your rights in the proposed Settlement of the Litigation, including:

- How to receive your portion of the Settlement Fund, and be bound by the Settlement;
- Your right to file objections to the Settlement and be heard at the Fairness Hearing; and
- Your right to be excluded from, or to "opt-out" of, the Settlement, and not be bound by the Settlement.

### 2. What Is The Litigation About?

The Litigation refers to claims and lawsuits filed against Tribune Company, Tribune New York Newspapers Holdings, LLC (collectively, "Tribune Defendants") and LBN Consulting, LLC and Morning Newspaper Delivery, Inc. (collectively, the "Delivery Defendants"; and together with the Tribune Defendants, collectively referred to herein as the "Defendants") in the United States Bankruptcy Court for the District of Delaware and New York State Supreme Court (the "Litigation") for alleged failure to pay the legally prescribed minimum wage to the named plaintiffs and claimants, and all similarly situated persons who promoted and/or distributed the *amNew York* newspaper between January 1, 2004 and December 8, 2008, and who received an IRS Form 1099 from the Delivery Defendants in connection with the remuneration they received for such services. The plaintiffs seek recovery of unpaid wages and attorneys' fees and costs, among other things.

The Defendants vigorously deny the allegations in the Litigation and state that they did not violate the law and that they have no liability for any claims raised in the Litigation. They have agreed to the terms of the Settlement solely to avoid further expense and disruption. The Settlement was reached in March, 2011, and was submitted to the Bankruptcy Court for preliminary approval on August 4, 2011. The Bankruptcy Court granted preliminary approval on August 24, 2011, and has scheduled the Fairness Hearing to take place to determine if final approval of the Settlement should be granted.

### 3. Who Will Be Included In The Settlement?

If the Settlement receives final approval from the Bankruptcy Court, it will encompass all persons who promoted and/or distributed the *amNew York* newspaper between January 1, 2004 and December 8, 2008, and who received an IRS Form 1099 from LBN Consulting, LLC and/or Morning Newspaper Delivery, Inc. for such services, who do not affirmatively opt-out of the Settlement (collectively, the "Settlement Class").

### 4. What Are The Benefits And Terms Of The Proposed Settlement?

The benefit of the Settlement is that you will be eligible to receive a portion of the Settlement Fund based on a formula approved by the Bankruptcy Court. You can receive this portion of the Settlement Fund without additional litigation expense.

If the Bankruptcy Court grants final approval of the Settlement, the Litigation will be dismissed with prejudice. If you do not opt-out, you will be bound by the Settlement and you will fully release and discharge the Defendants and all their respective present and former related and affiliated entities, parent companies, subsidiaries, members, owners, shareholders, officers, partners, directors, employees, agents, attorneys, insurers, predecessors, successors and assigns, and each and all of their respective members, owners, officers, partners, directors, servants, agents, shareholders, employees, representatives, accountants, insurers, and attorneys, past, present, and future, and all persons acting under, by, through, or in concert with any of them from any and all federal and state wage and hour and related claims through December 8, 2008. When the Litigation is dismissed with prejudice, that means the Court will not consider the claims for unpaid wages any further; in other words, the case is over. When all wage claims are released, that means no one covered by the Release can sue Defendants over those claims.

#### a. How can I participate in the Settlement?

To participate in the Settlement, you, or someone with a legal right to act on your behalf, must timely complete and mail the enclosed Claim Form & Release according to instructions provided in the form by November 21, 2011, in the enclosed postage pre-paid envelope.

**IMPORTANT NOTE**: If you do not timely complete and mail or deliver the enclosed Claim Form & Release according to instructions provided in the form by November 21, 2011, you will not be eligible to receive any money in the Settlement.

<u>If you choose to opt-out of the Settlement, do **not** submit a Claim Form & Release. If you opt-out of the Settlement you will not be eligible to receive a portion of the Settlement Fund.</u>

**b. How will my portion be calculated if I participate?**

The following deductions will be made from the Settlement Fund prior to calculating your portion:

- **Service Payments:** If the Bankruptcy Court approves such payments, six (6) Named Plaintiffs and eight (8) Opt-In Claimants will receive a total of $18,000 as "Service Payments." These Service Payments are made because these Named Plaintiffs and Opt-In Claimants provided numerous hours of service to the Settlement Class by helping Class Counsel to formulate claims by providing declarations, information and/or documents, and assisting Class Counsel in achieving this resolution. The Service Payments are separate from, and in addition to, the portion of the Settlement Fund that these Named Plaintiffs and Opt-In Claimants may receive as members of the Settlement Class.

- **Attorneys' Fees, Costs and Expenses:** Class Counsel will apply to the Bankruptcy Court for attorneys' fees in the amount of 33% of the Settlement Fund (after costs) for the service they provided, which amounts to $101,189, plus out-of-pocket costs and expenses they incurred in the Litigation, which total $18,364. This amount will be requested based on the work Class Counsel performed in the Litigation, the risk Class Counsel took in bringing the Litigation, and the Settlement. Class Counsel has conducted extensive investigation and prosecution of this case, including, but not limited to, interviewing putative class members, reviewing documents, bringing motions, and participating in negotiations of the Settlement terms.

The remaining amount (the "Net Settlement Fund") will be available for distribution to each and every Class Member who submits a valid Claim Form & Release and does not opt-out of the Settlement Class. Each Class Member is eligible to receive a guaranteed minimum payment of $15. The maximum payment is $1,500. Class Members who are qualified to receive a distribution from the Net Settlement Amount will receive a payment based on the following formula:

- A Class Member that provided services as a hawker/promoter at any time between January 1, 2004 and December 31, 2004 will receive $15 plus his/her share of the Net Settlement Fund for work performed from 2005 through 2007.

- A Class Member that did not provide services as a hawker/promoter during 2004 will receive his/her share of the Net Settlement Fund for work performed from 2005 through 2007.

- A Class Member's share of the Net Settlement Fund for services provided from 2005 through 2007 will be calculated based upon the total yearly compensation paid to each Class Member, as reflected in his/her IRS Form 1099, weighted to reflect the increase in the minimum wage from 2005 to 2007.

Subject to Court approval, the Claims Administrator will be paid its fees and costs in connection with administering this settlement from the remaining portion of the Net Settlement Fund, if any. To the extent that members of the Settlement Class do not submit a claim for their share of the Net Settlement Fund, or there is any money remaining in the Net Settlement Fund after the submission and payment of claims, any balance after such reimbursements will be returned to the Defendants.

Class Members are responsible for the appropriate payment of any federal, state, and/or local income or employment taxes on the payments they receive. The Parties and their Counsel do not intend this Notice to constitute legal or tax advice, and to the extent that this Notice is interpreted to contain or constitute advice regarding any federal, state, and/or local tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any tax liability or penalties.

**5. When Is The Fairness Hearing To Approve The Settlement?**

The Court has preliminarily concluded that the Settlement is fair, adequate, and reasonable and that the proposed distribution of the Settlement Fund amount is fair, adequate, and reasonable.

A Fairness Hearing will be held to determine whether final approval of the Settlement should be granted. At the Fairness Hearing, the Court will hear timely objections, if any. The hearing will take place before The Honorable Kevin J. Carey on February 15, 2012, at 10:00 a.m. Eastern Time or as soon thereafter as practicable, at the U.S. Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Wilmington, Delaware 19801, Courtroom #5. The Court will also consider Class Counsel's application for fees and costs and the Service Payments. YOU MAY, BUT ARE NOT OBLIGATED TO, ATTEND THIS HEARING.

**6. How Can I Object To The Proposed Settlement?**

If you want to object to the Settlement, you must submit a written statement of the objection to the Clerk of Court, United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, with a copy to Class Counsel, counsel for the Tribune Defendants, and counsel for the Delivery Defendants via First Class U.S. Mail at the addresses below. Your objection will not be heard unless it is signed, mailed and postmarked by November 21, 2011, in compliance with these instructions. If you wish to present your objection at the Fairness Hearing,

you must state your intention to do so in your written objection, and provide a description of all reasons that you object to the Settlement. You will not be allowed to present reasons for your objection at the Fairness Hearing that you did not describe in your written objection. If you object to the Settlement but choose to remain eligible for your portion of the Settlement Fund, and the Bankruptcy Court overrules your objection and approves the Settlement, you will be bound by the Settlement for all purposes and claims.

Addresses for mailing any written objections:

David D. Bird

Clerk of Court
United States Bankruptcy Court
for the District of Delaware
824 North Market Street, 3rd Floor
Wilmington, Delaware 19801

*Copy to Class Counsel:*

Michael D. Palmer
JOSEPH, HERZFELD, HESTER &
KIRSCHENBAUM LLP
233 Broadway, 5th Floor
New York, New York 10279

*Copy to counsel for the Tribune Defendants:*

Edward Cerasia II
SEYFARTH SHAW LLP
620 Eighth Avenue, 31st Floor
New York, New York 10018

*Copy to counsel for the Delivery Defendants:*

David S. Warner
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, New York 10022

**7. How Can I Opt-Out Of The Settlement?**

You have the right to exclude yourself from the Settlement. If you choose to exclude yourself from, or "opt-out" of, the Settlement, you will not be bound by the Settlement, but you will not be eligible to receive a portion of the Settlement Fund. If you exclude yourself from, or opt-out of, the Settlement, you will **not** be allowed to object to the Settlement as described in paragraph 6 above.

**PLEASE NOTE: If you decide to opt-out of the Settlement, you may be unable to settle or recover on any claims that you believe may be owed to you by the Tribune Defendants outside of the Settlement. The Tribune Defendants filed for Chapter 11 bankruptcy protection, and the Bankruptcy Court overseeing the Tribune Defendants' bankruptcy cases established a bar date deadline of June 12, 2009 at 4:00 p.m. Eastern Time ("Bar Date") by which time proofs of claim had to be submitted against the Tribune Defendants. The Bar Date has expired and as a result you may be effectively barred from pursuing any litigation or filing any proof of claim against the Tribune Defendants relating to recovery of compensation arising from your services promoting and/or distributing the *amNew York* newspaper.**

If you intend to opt-out, you must mail a written, signed statement to the Claims Administrator, c/o Gilardi & Co., stating that you are opting out of the Settlement (the "Exclusion Statement"). The Exclusion Statement must be mailed and postmarked to the Claims Administrator, c/o Gilardi & Co., P.O. Box 8090, San Rafael, CA 94912-8090 via First Class U.S. Mail, by November 21, 2011.

**8. What If I Have More Questions?**

If you have questions about this Notice, or want additional information, you can contact Class Counsel or the Claims Administrator. You should not contact the Bankruptcy Court, the Judge, the Clerk of Court, counsel for the Tribune Defendants, or counsel for the Delivery Defendants.

**Class Counsel**
**Michael D. Palmer**
**Joseph, Herzfeld, Hester & Kirschenbaum LLP**
**233 Broadway, 5th Floor, New York, NY 10279**
**Telephone: (212) 688-5640**
**E-Mail: mpalmer@jhllp.com**

**Claims Administrator**
**c/o Gilardi & Co.**
**P.O. Box 8060**
**San Rafael, CA 94912-8060**
**Telephone: (877) 264-3620**
**E-Mail: amnewyork_settlement@classactmail.com**

**For a copy of the Settlement and access to related documents filed with the Bankruptcy Court at no cost to you, you may access the website at http://dm.epiq11.com/Tribune**

AUGUST 24, 2011

**CLAIM FORM & RELEASE**
In The Matters of

***In re Tribune Company, et al.***
Case No. 08-13141 (KJC), United States Bankruptcy Court for the District of Delaware

***Allen, et al. v. Tribune New York Newspapers Holdings, LLC d/b/a amNew York, et al.***,
Index No. 07-602801, Supreme Court of the State of New York, County of New York

Barcode AMNY1-<Claim7>-<CD>
FName LName
Addr1 Addr2
City, St Zip-Zip4

**INSTRUCTIONS: TO PARTICIPATE IN THE SETTLEMENT AND RECEIVE YOUR MONETARY RECOVERY, YOU MUST COMPLETE THIS CLAIM FORM BY SIGNING, DATING AND RETURNING IT, TOGETHER WITH THE ENCLOSED SUBSTITUTE IRS W-9 FORM, TO THE ADDRESS PROVIDED BELOW, POSTMARKED ON OR BEFORE NOVEMBER 21, 2011. A POSTAGE PRE-PAID ENVELOPE IS INCLUDED.**

**Please Provide Your Contact Information**

**Name:** ______________________________

**Address:** ______________________________

______________________________

**Telephone: home:** (__________) ______________________________

**Telephone: work/cell:** (__________) ______________________________

**TO RECEIVE YOUR SETTLEMENT PAYMENT**

**YOU MUST COMPLETE, SIGN AND RETURN THIS CLAIM FORM TO THE ADDRESS BELOW, POSTMARKED ON OR BEFORE NOVEMBER 21, 2011:**

*Allen, et al. v. Tribune New York Newspapers Holdings, LLC d/b/a amNew York, et al.,*
*In re Tribune Company, et al.*
Class Action Claims Administrator
c/o Gilardi & Co.
P.O. Box 8060
San Rafael, CA 94912-8060

You may contact the Claims Administrator at the telephone number or e-mail address listed at the bottom of the page to ensure that your Claim Form has been received. It is your responsibility to ensure the Claims Administrator has timely received your form.

IT IS STRONGLY RECOMMENDED THAT YOU OBTAIN PROOF OF TIMELY MAILING AND MAINTAIN THAT PROOF UNTIL RECEIPT OF YOUR PAYMENT.

**You Must Sign, Date and Print Your Name Below**

I say, under penalty of perjury, by signing and submitting this Claim Form, that:

(1) The information I have provided in this Claim Form is true and correct.

(2) I received the Notice of Pendency of Class Action Settlement ("Notice") and wish to participate in the settlement.

(3) I promoted and/or distributed the *amNew York* newspaper at some time during 2004 through 2007.

(4) I submit to the jurisdiction of the United States Bankruptcy Court for the District of Delaware with respect to my claims and for purposes of enforcing the release of my claims as consideration for receiving a share of the settlement funds.

(5) I reviewed and agree with the terms of the release provided in the Notice and hereby release and forever discharge Tribune New York Newspapers Holdings, LLC d/b/a *amNew York*, Tribune Company, LBN Consulting, LLC ("LBN"), and Morning Newspaper Delivery, Inc. ("MND"), and all of their related and affiliated entities, and all of their respective members, owners, shareholders, directors, officers, partners, employees, agents, attorneys, representatives, accountants, insurers, predecessors, successors and assigns, past, present, and future, and all persons acting under, by, through, or in concert with any of them, from any and all wage and hour claims and related claims (including, but not limited to, contract claims), liabilities, demands, rights, attorneys' fees, damages, and causes of action, contingent or accrued for, known or unknown, related to the services I provided between January 1, 2004 and December 8, 2008, in connection with the promotion and/or distribution of the *amNew York* newspaper while receiving an IRS Form 1099 from LBN and/or MND for such services.

(6) I understand that I must keep the Claims Administrator informed of my current address and of any change in my home address. If I do not do so, I understand that I may not receive any settlement payment that I might otherwise be entitled to receive.

Signed: ______________________________ Date______________________

Print Name: ______________________________

## SUBSTITUTE I.R.S. W-9 FORM

**To receive a settlement payment, you must timely complete and return the following Substitute W-9 Form.**

**Substitute I.R.S. W-9 Form - Taxpayer Identification Number Certification**

Enter your Social Security Number: ___ ___ ___—___ ___—___ ___ ___ ___

Print name and address as shown on your income tax return:

First Name: ______________________________

Last Name: ______________________________

Address:______________________________

City: ______________________ State: __________

Zip Code:__________________

Under penalties of perjury, I certify that:

1. The taxpayer identification number shown on this form is my correct taxpayer identification number, **and**

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, **and**

3. I am a U.S. person (including a U.S. resident alien).

Note: If you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above.

Signature of U.S. Person: ______________________________

Date: ______________________

# EXHIBIT B

**State of New York** } SS:
COUNTY OF NEW YORK

MARJORIE GUGLIELMETTI being duly sworn, says that he/she is the principal Clerk of the Publisher of the

# *New York Post*

a daily newspaper of general circulation printed and published in the English language, in the County of New York, State of New York; that advertisement hereto annexed has been regularly published in the said "NEW YORK POST" once, on the 21ST day of SEPTEMBER 2011

Marjorie Guglielmetti

Sworn to before me this 21st day of September 2011

[signature]
**NOTARY PUBLIC**

JOY S[illegible]
Notary Public, State of New York
No. 01SE[illegible]
Qualified in Richmond County
Term Expires May 11, 2013

**POST FOCUS ON COMMERCIAL REAL ESTATE**

# New Balducci

## Hearst Tower café to bow

By LOIS WEISS

A new Balducci's concept, Gourmet Café to Go, will be opening in the Hearst Tower, The Post has learned.

The café will be located in 2,500 square feet at the long dark northwest corner of Eighth Avenue and West 56th Street in the landmarked building, sources said.

The 15-year deal, with an asking rent of $200 a square foot, was negotiated for Balducci's by Jason Pruger and Ross Kaplan of Newmark Knight Frank. The Hearst Corp. was represented by a CB Richard Ellis team of Richard Hodos, David LaPierre, Stephen Sjurset and Sean Moran.

**WHAT IT'S ALL ABOUT**
Now that's a landmark.

The deal for the Midtown eatery will mark the relaunch of the Balducci's brand in New York, the same sources noted. The Café will also sell gourmet products from the Hearst Corp.'s California ranch brand that include beef, sauces and olive oils.

Balducci's café will focus on fresh gourmet food and custom made salads and breads from local bakeries.

The food retailer was founded in 1916 and its principal shareholders are now funds managed by Angelo, Gordon & Co.

Earlier this year, as we first revealed, Hearst signed its first headquarters tower lease with Sur La Table.

*Lois@BetweenTheBricks.com*

# Savanna gets 80 Broad

**REALTY** *from Page 34*

lisher BMI and German bank WestLB.

But all hands were mum about even the asking rents.

The silent included Cushman & Wakefield's **Gary E. Greenspan** and **Michael Burgio** who repped MSCI, as well as **Roger A. Silverstein**, **Jeremy I. Moss** in-house for the landlord along with CB Richard Ellis's **Stephen B. Siegel** and **Peter Turchin**.

"Ask me another question," Larry Silverstein himsRelf chuckled when asked about the rent.

NYPOST.COM Get more Realty Check at nypost.com EXTRA

But we know that earlier leases at 7 WTC were done in the high $70s and low $80s prior to the 2008 crash. We'll speculate that MSCI isn't paying quite that much — but that's a lot more than the $50 a square foot Silverstein wanted when the tower started going up in 2003.

■

Juvenile Diabetes Research Foundation International is expanding at 26 Broadway. The organization signed for 42,291 additional square feet, exactly doubling the amount of space it first took in 2009.

Newmark Knight Frank's **Howard Kesseler** and **Jamie Jacobs** represented landlord 26 Waterview LLC. Studley's **Howard Nottingham** repped the tenant. Asking rents at the property are $35 a square foot.

*scuozzo@nypost.com*

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, COURT-ORDERED LEGAL NOTICE**
In re Tribune Company, et al., Case No. 08-13141 (KJC); Allen, et al. v. Tribune New York Newspapers Holdings, LLC d/b/a amNew York, et al., Index No. 07-602801, Supreme Court of the State of New York, County of New York

**If you were a promoter or hawker of amNew York newspapers between January 1, 2004 and December 8, 2008, you may be entitled to compensation from a Class Action Settlement.**

A Settlement has been preliminarily approved by the United States Bankruptcy Court for the District of Delaware in a class action alleging violations of New York minimum wage laws. The Defendants deny any wrongdoing, and no court has ruled in favor of either side. The Defendants are Tribune Company, Tribune New York Newspaper Holdings, LLC, LBN Consulting, LLC and Morning Newspaper Delivery, Inc. If you qualify as a member of the Settlement Class, and timely and properly submit a Claim Form, you may be entitled to compensation under the Settlement. For more information and to receive a Claim Form, contact the Claims Administrator, c/o Gilardi & Co., P.O. Box 8060, San Rafael, CA 94912-8060, (877) 264-3620; amnewyork_settlement@classactmail.com. Do not contact the Bankruptcy Court. You must submit your Claim Form to the Claims Administrator no later than November 21, 2011 to be eligible for compensation.

You may opt-out of the Settlement by providing notice to the Claims Administrator and you have the right to object to the terms of the Settlement, including a right to object to attorneys' fees, costs and service payments for certain individuals who participated in prosecuting the class action. Any objections must be in writing and postmarked by November 21, 2011, in compliance with the procedures set forth in the Notice of Pendency of Class Action Settlement.

Among other terms of the Settlement, the Defendants have agreed to create a fund of no more than $325,000 to pay class members, as well as attorneys' fees, costs, and service payments to certain named plaintiffs and opt-in claimants. Class Counsel for the plaintiffs brought the class action lawsuit on a contingency fee basis and seek compensation of 33% of the settlement fund (after costs) for their services in addition to out-of-pocket expenses. Service payments are also sought for certain named plaintiffs and opt-in claimants totaling $18,000. The Settlement includes a number of other important details such as releases of claims against the Defendants and how payments will be calculated and made to qualified Settlement Class members. A class member who does not opt out is bound by the Settlement, and any claims that he/she may have against the Defendants pursuant to the class action lawsuit will be forever and finally released and discharged by the Settlement. You may contact Class Counsel listed below to answer any questions about the Settlement:

Michael D. Palmer
JOSEPH, HERZFELD, HESTER & KIRSCHENBAUM LLP
233 Broadway, 5th Floor, New York, NY 10279
Phone: (212) 688-5640; E-mail: mpalmer@jhllp.com

**THE BANKRUPTCY COURT WILL HOLD A HEARING ON FEBRUARY 15, 2012, AT 10:00 A.M. EASTERN TIME TO HEAR ANY OBJECTIONS TO THE SETTLEMENT AND TO DECIDE WHETHER TO APPROVE THE SETTLEMENT. YOU ARE NOT OBLIGATED TO ATTEND THIS HEARING, BUT YOU MAY DO SO.**

# EXHIBIT C



3301 Kerner Blvd.
San Rafael, CA, 94901
P: (415) 461-0410
F: (415) 461-0412

Sent via E-Mail January 12, 2012

David Warner, Esq.
Littler Mendelson
900 Third Avenue
New York, NY 10022-3298

Re: **Allen et al. v. Tribune New York Newspapers Holdings, LLC**
Client Matter Number: 3732
Invoice: 3732-1

Professional services, out-of-pocket expenses and third party expenses in connection with Case Setup, Mailing Database Preparation, Software Customization, Case Management, Printing and Mailing of the Notice of Pendency of Class Action Settlement and Proof of Claim Form, RUM Processing, Claims & Deficiency Processing, Telephone Support, Distribution, Tax Compliance and Reporting for the Allen et al. v. Tribune New York Newspapers Holdings, LLC matter.

| | | |
|---|---|---|
| **Notification** | | |
| Case Setup | $810.00 | |
| Mailing Database Preparation | $1,467.50 | |
| Software Customization | $917.50 | |
| Document Formatting | $2,010.00 | |
| Case Management | $2,237.50 | |
| NCOA | $250.00 | |
| Print Production | $270.00 | |
| Printing | $1,985.18 | |
| Postage | $1,096.72 | |
| Notice/Claim Request - 21 @ $1.75 | $36.75 | |
| RUM Processing | $717.50 | |
| RUM Remails - 18 @ $1.75 | $31.50 | |
| RUM Search - 1,312 @ $0.75 | $984.00 | |
| Remails - 564 @ $1.75 | $987.00 | |
| Publication | $2,087.25 | |
| Subtotal Notification | | $15,888.40 |
| **Processing** | | |
| Claims Processing - 502 @ $5.25 | $2,635.50 | |
| Business Reply Postage | $220.88 | |
| Deficiency Processing | $717.50 | |
| Telephone - Staff Time | $1,407.50 | |
| Subtotal Processing | | $4,981.38 |
| **Distribution** | | |
| Settlement Fund Management | $450.00 | |
| Calculate Claimant Awards & Distribution Preparation | $720.00 | |
| Check Issuance - 503 @ $3.00 | $1,509.00 | |



3301 Kerner Blvd.
San Rafael, CA, 94901
P: (415) 461-0410
F: (415) 461-0412

| | | |
|---|---|---|
| 1099 Filing Fee | $350.00 | |
| 1099 Issuance - 503 @ $0.75 | $377.25 | |
| Claimant Questions & Correspondence | $900.00 | |
| Subtotal Distribution | | $4,306.25 |
| **Reporting** | | |
| Reports/Declaration | $1,075.00 | |
| Tax Compliance - 1 yr | $2,500.00 | |
| Subtotal Reporting | | $3,575.00 |
| THIS INVOICE | | $28,751.03 |
| LESS DISCOUNT | | $6,251.03 |
| AMOUNT DUE | | $22,500.00 |