# EXHIBIT B

## Larsen Declaration

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## DECLARATION OF NILS E. LARSEN IN SUPPORT OF MOTION OF DEBTORS FOR AN ORDER PURSUANT TO SECTION 363(b) OF THE BANKRUPTCY CODE AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 9019(a) AND 6004(h) AUTHORIZING TRIBUNE BROADCASTING COMPANY TO ENTER INTO A LICENSE AGREEMENT WITH LOCAL TV, LLC

I, Nils E. Larsen, declare as follows:

1. I am President and Chief Executive Officer of Tribune Broadcasting Company ("Tribune Broadcasting"), one of the debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors"). In this position, I am

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CH1 6445932v.3

responsible for, among other things, overseeing Tribune Broadcasting's day-to-day operations as well as its strategic, long-term planning.

2. All matters set forth in this Declaration are based on: (a) my personal knowledge, (b) my review of relevant documents, (c) my view, based on my experience and knowledge of the Debtors' operations and personnel, (d) information supplied to me by others at the Debtors' request, or (e) as to matters involving United States bankruptcy law or rules or other applicable laws, my reliance on the advice of counsel or other advisors to the Debtors.

3. I have read the Motion of the Debtors For an Order Pursuant to Section 363(b) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 9019(a) and 6004(h) Authorizing Tribune Broadcasting Company to Enter Into a License Agreement with Local TV, LLC (the "Motion")[2] and am directly, or by and through the Debtors' personnel and advisors, familiar with the negotiations with Local TV, LLC ("Local TV"), and with the terms of the License Agreement described in the Motion. I am authorized to submit this Declaration in support of the Motion. If called upon to testify, I could and would testify competently to the facts set forth herein.

4. Tribune Broadcasting (or its subsidiaries or parent) is a party to several agreements with Local TV or its affiliates that benefit Tribune Broadcasting's operations. For example, pursuant to local marketing agreements ("LMA"s) between subsidiaries of Local TV and Tribune Broadcasting, Local TV provides programming and related operational and programming services to two television stations that are owned by the Debtors: (i) KWGN-TV in Denver, Colorado; and (ii) KPLR-TV in St. Louis, Missouri. The LMAs enable the KWGN and KPLR stations to integrate operating facilities, production of local news, and certain programming functions. This integration of facilities, use of combined news operations, and

---

[2] All capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

realization of certain programming efficiencies significantly reduces the Debtors' costs of operating these stations, streamlines operations, and enables the Debtors to deliver a better and higher-quality product to their customers and viewers. In addition, pursuant to a Management Services Agreement between the companies, Tribune and certain of its subsidiaries, including Tribune Broadcasting, also provide certain management services to Local TV's television stations, including systems development.

5. Tribune Broadcasting has developed certain broadcasting systems and software, which are described in greater detail in the License Agreement (collectively, the "System"). The System and any and all associated intellectual property rights in the System (the "System IP Rights") are proprietary and confidential information of Tribune Broadcasting, which derive independent economic value from not being generally known to others, including Tribune Broadcasting's competitors, and are subject to reasonable efforts under the circumstances to maintain such information's secrecy.

6. Generally, the System is used or is intended to be used in the day-to-day operations of broadcast stations operated by Tribune Broadcasting. Local TV reimbursed Tribune Broadcasting for approximately half of the development costs associated with the System and seeks to utilize the System in the operation of certain of its broadcast stations. Because of Local TV's reimbursement of development costs associated with the System, Tribune Broadcasting and Local TV have engaged in negotiations regarding granting Local TV a license to the System and System IP Rights.

7. As a result of those negotiations, Tribune Broadcasting and Local TV drafted and executed the License Agreement. Both Tribune Broadcasting and Local TV desired to clarify their respective rights and obligations with respect to the System and System IP Rights by

3

formalizing them under a comprehensive licensing arrangement. The License Agreement is the product of good faith, arms'-length negotiations among the parties that occurred over many months, in furtherance of this objective. The License Agreement provides a non-exclusive license to Local TV in exchange for provisions conclusively resolving any questions with respect to Local TV's rights to use the System and System IP Rights and clarifying that, as between Local TV and Tribune Broadcasting, only Tribune Broadcasting, in its sole and absolute discretion, can commercially exploit or license the System and System IP Rights to third parties. This licensing arrangement provides Tribune Broadcasting with appropriate clarity to continue to invest in and innovate with respect to the System and System IP Rights to its financial benefit.

8. For these reasons, I submit on behalf of the Debtors that there are significant business justifications for Tribune Broadcasting to enter into the License Agreement with Local TV.

[Remainder of Page Intentionally Left Blank]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 25th day of January 2012.

_____
By: Nils E. Larsen