**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>**Hearing Date: February 15, 2012 at 10:00 a.m. ET**<br>**Objection Deadline: February 8, 2012 at 4:00 p.m. ET**<br>**Related to Docket No. 10716** |
|---|---|

# MOTION OF DEBTOR TRIBUNE BROADCASTING COMPANY FOR ENTRY OF AN ORDER AUTHORIZING IT TO FILE LICENSE AGREEMENT WITH LOCAL TV, LLC UNDER SEAL

Debtor Tribune Broadcasting Company ("Tribune Broadcasting") by and through its undersigned counsel, hereby moves this Court (the "Motion") for entry of an order (the "Order"), pursuant to section 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Ihenc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing it to file under seal that certain License Agreement with Local TV, LLC (the "License Agreement") that is the subject of the Motion of the Debtors For an Order Pursuant to Section 363(b) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 9019(a) and 6004(h) Authorizing Tribune Broadcasting Company to Enter Into a License Agreement with Local TV, LLC (the "Approval Motion"), which was filed contemporaneously herewith. In support of this Motion, Tribune Broadcasting respectfully states as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 111 entities.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). [Docket Nos. 43, 2333].

3. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On December 18, 2008, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee").

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

## BACKGROUND TO THE MOTION

6. Contemporaneously with the filing of this Motion, Tribune Broadcasting filed the Approval Motion, seeking, inter alia, authorization to enter into the License Agreement with Local TV, LLC.[3] As more particularly described in the Approval Motion, Tribune Broadcasting believes that the proposed entry into the License Agreement is in its best interests and is in the best interests of its estate and creditors.

7. As described in the Approval Motion, the License Agreement describes certain broadcasting systems and associated intellectual property rights in those systems, which are proprietary and confidential information of Tribune Broadcasting. Specifically, the License Agreement contains descriptions of the System and System IP Rights (as defined in the Approval Motion) that are commercially and competitively sensitive and derive independent economic value from not being generally known to others, including Tribune Broadcasting's competitors. See Larsen Declaration at ¶ 5, attached to Approval Motion. In addition to the foregoing, the specific commercial terms of the License Agreement itself are also confidential.

8. Tribune Broadcasting justifiably does not want its proprietary and confidential information about the Systems and System IP Rights, as well as the commercial terms of the License Agreement, to be publically disclosed to Tribune Broadcasting's

[3] Nothing contained in this Motion is intended to alter any provision of the License Agreement. In the event of a discrepancy between the description of the License Agreement in this Motion and its actual terms, the terms of the License Agreement shall control.

competitors. Moreover, Tribune Broadcasting does not believe that public disclosure of such information or terms is necessary to assist this Court, or Tribune Broadcasting's creditors and other parties in interest, to evaluate the relief requested in the Approval Motion; however, in the interests of full disclosure, Tribune Broadcasting seeks authority to file the License Agreement under seal with this Court.

9. Additionally, Tribune Broadcasting will make the License Agreement available to professionals representing the Committee and Tribune's prepetition senior lenders on a "Professionals' Eyes Only" basis and subject to appropriate confidentiality restrictions, and will make the License Agreement available upon request to the Office of the United States Trustee.

**RELIEF REQUESTED**

10. By this Motion, Tribune Broadcasting respectfully requests entry of an Order, pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1 authorizing it to file the License Agreement under seal.

11. Tribune Broadcasting further requests that the Court order that any entities that are authorized to receive the License Agreement are directed to maintain the strict confidentiality of the License Agreement and the information contained therein, and that the professionals representing the Committee and senior lenders are directed to restrict the License Agreement and the information contained therein on a "Professionals' Eyes Only" basis.

12. Finally, Tribune Broadcasting requests that the Court order that to the extent that any responses and/or objections to this Motion or the Approval Motion contain information identified in this Motion as being proprietary and confidential or commercially sensitive, such responses and/or objections shall be filed with the Court under seal, and any confidential information contained therein redacted, and served solely upon counsel for the

Debtors, the Office of the United States Trustee, counsel for the Committee, and counsel for the senior lenders.

**BASIS FOR RELIEF**

13. Pursuant to section 107(b) of the Bankruptcy Code, the Court may authorize Tribune Broadcasting to file the License Agreement under seal. Section 107(b) provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

14. Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 reads in relevant part:

> On any motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information . . .

Fed. R. Bankr. P. 9018.

15. Once the Court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application". Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 27 (2d Cir. 1994) (hereinafter, "Orion"). Courts have also found that such relief should be granted if the information sought to be protected is "commercial

information." See In re Global Crossing, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (stating that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury."). Courts have also stated that commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. Orion, 21 F.3d at 28 (stating that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and that under this exception, an interested party has to show only that the information it wishes to seal is "confidential and commercial" in nature).

16. Good cause exists for the Court to grant the relief requested herein. Certain provisions of the License Agreement reflect information that Tribune Broadcasting legitimately expects to be maintained as confidential in light of its proprietary and commercially and competitively sensitive nature. Protection of descriptions of the System and System IP Rights, as well as negotiated rights and other material terms of the License Agreement, is of critical importance to Tribune Broadcasting because of the potential impact disclosure of such information could have on its competitive position.

17. Tribune Broadcasting believes that Court authorization to file the License Agreement under seal will ensure that such information is not disclosed to competitors or misused. Moreover, Tribune Broadcasting believes that no valid purpose would be served by the disclosure of the information to the general public. Accordingly, Tribune Broadcasting respectfully requests that this Court permit the License Agreement to be filed under seal pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1

because of the harm that would ensue if the highly confidential proprietary, commercial, and trade secret information contained in the License Agreement became public.[4]

## NOTICE

18. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel to the administrative agents for Tribune Company's prepetition lenders; (iv) counsel to the administrative agent for the Debtors' postpetition financing facility; (v) counsel to Local TV, LLC; and (vi) all parties having requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit no other or further notice is necessary.

## NO PRIOR REQUEST

19. No previous application for the relief sought herein has been made to this Court or any other court.

[4] Pursuant to Del. Bankr. L. R. 9018-1(b), a copy of the License Agreement is being provided to the Court for its review in an envelope marked "DOCUMENT TO BE KEPT UNDER SEAL."

WHEREFORE, Tribune Broadcasting respectfully requests that the Court enter an Order, substantially in the form attached hereto, authorizing it to file the License Agreement under seal and granting such other and further relief as the Court deems appropriate.

Dated: Wilmington, Delaware
January 25, 2012

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Jillian K. Ludwig
Lydia R.H. Slaby
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: ______________________
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION