IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,<br><br>                            Debtors. | Chapter 11<br>Case No. 08-13141 (KJC)<br>Jointly Administered<br><br>Hearing Date: February 2, 2012 at 2:30 p.m. ET<br>Objection Deadline: January 26, 2012 at 4:00 p.m.<br>Related to Dkt. No. 10594 |

**OBJECTION OF MORGAN STANLEY & CO. LLC
TO MOTION FOR ORDER LIFTING STAYS OF STATE
LAW CONSTRUCTIVE FRAUDULENT CONVEYANCE SUITS**

Morgan Stanley & Co. LLC (f/k/a Morgan Stanley & Co. Inc.) ("***Morgan Stanley***") hereby objects to the Motion by Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for certain series of Senior Notes, Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for certain series of Senior Notes, and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES Notes (collectively, "***Movants***") for an Order Lifting Stays of State Law Constructive Fraudulent Conveyance Suits ("***Motion***") [DE Bankr. Case No. 08-13141 (KJC), Dkt. No. 10594]. In support of its objection, Morgan Stanley respectfully states as follows:

BACKGROUND

1.  With the permission of this Court, Movants commenced the state law constructive fraudulent conveyance suits referred to in Motion as the "SLCFC Actions." The SLCFC Actions are currently pending and have almost all been consolidated before the District Court for the Southern District of New York. They are all subject to a stay of proceedings by order of this Court, entered on April 25, 2011 [DE Bankr. Case No. 08-13141 (KJC), Dkt. No.

8740]. In staying these actions, this Court reasoned that "no litigation should be pursued or prosecuted, because [the Court is] concerned about whether there would be implications with respect to any decision [the Court] might make in connection with confirmation of a plan . . . ." March 22, 2011 Hr'g Tr. 100:23-25; 101:1.

2. The SLCFC Actions arise out of the same 2007 leveraged buy-out of Tribune Company as the adversary proceeding captioned *The Official Committee of Unsecured Creditors of Tribune Company v. Fitzsimons, et al.*, Delaware Bankruptcy Court, Adv. Pro. No. 10-54010 (KJC) (the "**Fitzsimons Action**"). The Fitzsimons Action has been conditionally transferred to the MDL [MDL 2296 (RJH), Dkt. No. 953]. In the Conditional Transfer Order, the Panel reasoned that a transfer is appropriate because the Fitzsimons Action "involve[s] questions of fact that are common to the [SLCFC Actions.]" Conditional Transfer Order [MDL 2296 (RJH), Dkt. No. 953].

3. The Fitzsimons Action is also currently stayed [DE Bankr. Case No. 08-13141 (KJC), Dkt. No. 10429] pending (i) the Unsecured Creditors' Committee's and/or the Debtors' withdrawal of their support for their proposed plan of reorganization (the "DCL Plan"), or (ii) an outside date which has been extended multiple times at the request of the Unsecured Creditors' Committee. The Unsecured Creditors' Committee has most recently asked this Court to extend the outside date for this stay to March 19, 2012 [see Motion filed in the Fitzsimons Action on January 17, 2012, Dkt. No. 409].

4. In addition to being a creditor in these chapter 11 cases, Morgan Stanley is a named defendant in one of the SLCFC Actions and in the Fitzsimons Action.

**OBJECTION**

5. Morgan Stanley objects to the Motion because it raises a significant risk that the SLCFC Actions and the Fitzsimons Action will proceed in an uncoordinated manner that unnecessarily increases the risks and costs to defendants without providing any measurable benefit to any other parties in interest. In particular, Movants have asked this Court to lift the stay in the SLCFC Actions without any regard for the stay that is currently in place and will likely be extended in the Fitzsimons Action.

6. Disconnecting the prosecution and defense of the SLCFC Actions and the Fitzsimons Action is not appropriate because both sets of suits involve common questions of fact, common legal theories, and similar parties. (*E.g., compare* Abu Dhabi First Amended Compl. ¶¶ 161-227; ¶¶ 228-274; ¶¶ 15-153 [SDNY 11-cv-04522 (RJH), Dkt. No. 71] *with* Fitzsimons Third Amended Compl. ¶¶ 86-228; ¶¶ 322-328, ¶¶ 341-347, ¶¶ 354-362; ¶¶ 392-399, ¶¶ 489-494; ¶¶ 11-76. [DE Adv. Proc. No. 10-54010 (KJC), Dkt. No. 408]) In contrast, coordinating the SLCFC Actions and the Fitzsimons Action would promote judicial economy, avoid unnecessary duplication of effort, reduce the possibility of inconsistent rulings, and preserve resources of the parties, their counsel, and the judiciary. *See, e.g., Barnes v. Equinox Group, Inc.*, 2010 WL 5479624, at *3 (N.D. Cal. Dec. 30, 2010) (staying litigation of case pending MDL Panel's ruling on whether case should be transferred and consolidated with similar action and reasoning that a stay of proceedings will avoid unnecessary expenditure of time and resources and potential duplication of efforts where cases involved common factual issues, common legal theories and the same parties).

7. Coordination would be beneficial in regards to the motions to dismiss that the defendants will likely file in each of the SLCFC Actions and in the Fitzsimons Action.

Absent coordination, the MDL Court may be forced to consider the motions seriatim, which could result in duplicative efforts by the judiciary and the litigants.  Coordination would also be particularly important to the extent that the SLCFC Actions and the Fitzsimons Action proceed to discovery.  The SLCFC Actions and the Fitzsimons Action will likely involve the production of substantially the same documents and the taking of depositions spanning substantially the same subject matter and witnesses.  Coordination would permit the parties to consolidate document requests and interrogatories, produce documents simultaneously in multiple actions, collectively address discovery disputes, and otherwise take steps necessary to avoid duplication of effort and reduce the burden on the parties and the Court.  Absent coordination, discovery, if necessary, may proceed in a piecemeal fashion with information impermissibly leaking from actions where the stay has been lifted to actions that remain stayed.  Granting this Motion would be antithetical to the principles and purpose behind the consolidation of the SLCFC Actions and the conditional transfer of the Fitzsimons Action to the MDL.  It would also work to undue the streamlined process currently in place.

WHEREFORE, Morgan Stanley respectfully requests that the Motion be denied, and that the stay of the SLCFC Actions remain in place at least until such time as the stay in the

Fitzsimons Action is lifted.

Dated: January 26, 2012
       Wilmington, Delaware

    */s/ David M. Powlen*
David M. Powlen (DE No. 4978)
E. Rebecca Workman (DE No. 5404)
BARNES & THORNBURG LLP
1000 North West Street, Suite 1200
Wilmington, DE  19801
Telephone:  302-888-4536
Email:  david.powlen@btlaw.com

– and –

Jonathan D. Polkes
Michael F. Walsh
Richard Slack
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Attorneys for Morgan Stanley*