UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:

TRIBUNE COMPANY, *et al.*,

Debtors.

Chapter 11

Case No. 08-13141 (KJC)

(Jointly Administered)

Hearing Date: 2/2/12 at 2:30 p.m. EST
Objection Deadline: 1/26/12 at 4:00 p.m. EST
Related to ECF D.I. No. 10594

### OBJECTION OF CERTAIN DIRECTORS AND OFFICERS TO MOTION FOR ORDER LIFTING STAYS OF STATE LAW CONSTRUCTIVE FRAUDULENT CONVEYANCE SUITS

Certain former Directors and Officers of the Debtors[1] oppose Noteholders' Motion for Order Lifting Stays of State Law Constructive Fraudulent Conveyance Suits (ECF D.I. no. 10594) for the following reasons:

1.  This Court lifted the stay imposed by Section 362 (the "Stay") for a narrow and limited purpose – to allow Noteholders to file their purported SLCFC claims to avoid potential limitations issues. (3/22/11 Hr'g Tr., ECF D.I. no. 8485, at 100:6–101:12.) This Court did so "***solely to permit the commencement of such litigation***" (*Id.* at 100:17–21 (emphasis added)), stating specifically that no litigation should be pursued or prosecuted while plan-confirmation proceedings were pending. This was because the Court was concerned that there would be "implications" for that litigation with respect to "any decision that the Court might make in connection with confirmation of a plan." (*Id.* at 100:21–101:5) This limited relief, completely consistent with what Noteholders then requested, was memorialized in the Court's April 25 and June 28 Orders, which lifted the Stay only for the purposes of allowing the SLCFC plaintiffs to

---

[1] Dennis FitzSimons; Donald Grenesko; Steve Carver; David Hiller; Timothy Landon; Thomas Leach; Luis Lewin; R. Mark Mallory; Ruthellyn Musil; John Reardon; Scott Smith; John Vitanovec; David Williams.

1279437

file actions, remove them to federal court, and, if appropriate, consolidate them in multidistrict litigation. (April 25 Order, ECF D.I. no. 8740; June 28 Order, ECF D.I. no. 9380.)

2. No material change to this status quo has occurred that would justify Noteholders' current request. This Court has not confirmed a plan of reorganization. Nor has the Court guaranteed that it will confirm *any* plan; indeed, the Court warned in its Confirmation Opinion that it might need to appoint a Chapter 11 trustee if none of the proposed plans proved confirmable. (Confirmation Opinion, ECF D.I. no. 10133, at 125.) Although Noteholders may believe that a plan will be confirmed, an outcome that they have the ability to expedite or delay, that event has not happened. In other words, the same concern that the Court expressed at the March 22, 2011, hearing still exists. Because the Court has not yet finally confirmed a plan, the Stay should remain in place going forward for the same reasons the Court has kept it in place until now.

3. Noteholders' proposed justification for lifting the Stay is that the Court's Confirmation Opinion found that certain objections to the SLCFC Actions, including whether they are preempted by 11 U.S.C. § 546(e), should be left to the courts hearing the SLCFC claims. (Motion at 6 (citing Confirmation Opinion at 98).) But this finding was not a change in circumstances. In the Court's April 25 Order regarding the Stay, the Court expressly declined to address whether the SLCFC claims reverted to the creditors, stating that all claims and defenses of defendants in the SLCFC Actions were preserved. (April 25 Order ¶ 8, ECF D.I. no. 8740.) That is precisely what the Court reiterated in its Confirmation Opinion. (Confirmation Opinion, ECF D.I. no. 10133, at 97–98 (referring to this finding as "consistent with" the April 25 Order).) Thus, with regard to the SLCFC claims, the Confirmation Opinion merely affirmed the status

quo.[2] The Court should do so again by denying the instant Motion, especially to the extent the Court wishes to ensure cooperation among the parties in moving this matter towards a final resolution.

4.   Finally, Certain Directors and Officers are defendants to both the adversary action *Official Committee of Unsecured Creditors of Tribune Co., et al. v. Dennis J. FitzSimons, et al.*, No. 10-54010 (KJC) ("*FitzSimons* Action") and the pending SLCFC Actions. Allowing the SLCFC Actions to get out in front of the *FitzSimons* Action, putting aside the effect such an act may have on Certain Directors and Officers' rights in this Court, creates the risk that Certain Directors and Officers will be subject to duplicative discovery and unnecessary expense. The Committee has requested that the *FitzSimons* Action remain stayed through March 19, 2012, a request that seems reasonable.[3] Noteholders have presented no compelling reason for the actions to proceed on different tracks, especially given the current schedule regarding plan proceedings before this Court, which should resolve this matter in just a few months. To protect the parties' rights and resources, and to promote the efficient conduct of this proceeding and all related actions, the Court should refuse to modify its prior orders and deny Noteholders' Motion to lift the Stay.

---

[2] Noteholders' contention that the sole purpose of the Stay was to preserve potential objections to the competing plans (Motion at 6–7) undercuts their position that the Court should lift the Stay. Allowing the SLCFC Actions to proceed will clearly affect the rights of interested parties to object to and appeal from any future decisions that the Court may render concerning the confirmation of any final plan.

[3] (*See* Third Motion of the Official Committee of Unsecured Creditors to Amend Definition of "Termination Event" in Standing Order, ECF D.I. no. 10635.)

1279437

Dated: January 26, 2012                    CONNOLLY BOVE LODGE & HUTZ LLP

                                           _____
                                           Jeffrey C. Wisler (#2795)
Of Counsel:                                Marc J. Phillips (#4445)
John R. McCambridge                        The Nemours Building
George R. Dougherty                        1007 North Orange Street
GRIPPO & ELDEN LLC                         P.O. Box 2207
111 South Wacker Drive                     Wilmington, DE 19899
Chicago, IL 60606                          Telephone: (302) 658-9141
Telephone: (312) 704-7700                  Facsimile: (302) 658-0380
Facsimile: (312) 558-1195

                                           *Attorneys for Certain Directors and Officers*

#4630768v1