# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re )<br>)<br>TRIBUNE COMPANY, *et al*, )<br>)<br>Debtors. )<br>) | Chapter 11<br><br>Case No. 08-13141 (KJC)<br>(Jointly Administered)<br>**Hearing Date: Feb. 2, 2012 @ 2:30 p.m.**<br>**Objection Deadline: Jan. 26, 2012 @ 4:00p.m** |
| THE OFFICIAL COMMITTEE OF )<br>UNSECURED CREDITORS OF TRIBUNE )<br>COMPANY, on behalf of Tribune Company, )<br>*et al.*, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DENNIS J. FITZSIMMONS, *et al.*, )<br>)<br>Defendants. )<br>) | Adversary Proceeding No. 10-54010 (KJC)<br><br>**Hearing Date: Feb. 2, 2012 @ 2:30 p.m.**<br>**Objection Deadline: Jan. 26, 2012 @ 4:00p.m**. |

**LIMITED OBJECTION TO (I) MOTION FOR ORDER LIFTING STAYS OF STATE LAW CONSTRUCTIVE FRAUDULENT CONVEYANCE SUITS, AND (II) THIRD MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO AMEND DEFINITION OF "TERMINATION EVENT" IN STANDING ORDERS**

Artis Capital Management, L.P., the President and Fellows of Harvard College, and Marcia Tingley, individually and as a putative defendant class representative, who are defendants in various of the civil actions brought by the indenture trustees and creditors committee (collectively, the "Defendants"), by and through their undersigned counsel, submit this limited objection to (i) the Motion for Order Lifting Stays of State Law Constructive Fraudulent Conveyance Suits [D.I. 10594] (the "Noteholder Motion"), and (ii) the Third Motion of the Official Committee of Unsecured Creditors to Amend Definition of "Termination Event" in Standing Orders [Ch. 11 D.I. 10635, Adv. P. D.I. 409] (the "Committee Motion" and, together

with the Noteholder Motion, the "Motions"), and in support thereof respectfully represent as follows:

**OBJECTION**

1. Before the Court are two motions brought by plaintiffs in fraudulent conveyance actions that seek to recover payments made to former shareholders when the Tribune Company went private in 2007. One set of plaintiffs, the indenture trustees who bring state law constructive fraudulent transfer suits (the "Bondholder Actions"), seeks to have the Court terminate the stay of litigation so that the state law claims can proceed. In direct contrast, the other plaintiff, the Official Committee of Unsecured Creditors (the "Committee"), which brings an intentional fraudulent conveyance suit based on exactly the same transaction (the "Committee Action"), seeks to extend the stay of litigation. In submitting this Objection, the Defendants only point out that any stays of litigation (or lifting of the stays) should be consistent between the Bondholder Actions, on the one hand, and the Committee Action, on the other hand.

I. COORDINATION OF THE LITIGATION STAYS IS NECESSARY FOR CONSOLIDATION OF THE BONDHOLDER ACTIONS AND THE COMMITTEE ACTION.

2. All of the Bondholder Actions (except one case filed in California state court that was not removed to federal court) have been consolidated in a multi-district litigation before the United States District Court for the Southern District of New York (the "SDNY District Court"). The Judicial Panel on Multidistrict Litigation (the "JPML") has also issued a conditional transfer order to transfer the Committee Action from this Court to the SDNY District Court (the "Conditional Transfer Order"). The Committee is the only party that has filed with the JPML a pending notice of opposition to the transfer of the Committee Action.[1] Under the JPML rules,

---

[1] Two other parties filed a joint notice of opposition to the Conditional Transfer Order that has since been withdrawn.

2

the Committee was required to file a motion to vacate the conditional transfer order to seek to prevent transfer of the Committee Action.  J.P.M.L. R. P. 7.1(f).  The Committee filed its limited motion to vacate the Conditional Transfer Order on January 19, 2012.  The Committee did not argue that transfer of the Committee Action was improper under the standards for transfer.  Instead, the Committee expressly supported the transfer of the Committee Action and seeks to have the JPML defer transfer of the Committee Action until the Committee's present motion is determined by this Court.[2]  The JPML has not yet scheduled a hearing on the Committee's limited motion to vacate the Conditional Transfer Order.

       3.     If this Court were to permit the Bondholder Actions and the Committee Action to proceed on different timetables, it is possible that the JPML would refuse transfer of the Committee Action to the SDNY District Court.  By coordinating the litigation stays, this Court will enable the JMPL to address the Conditional Transfer Order on its merits.

       4.     A coordination of the litigation stays will also preclude any of the plaintiffs from attempting to gain an undue litigation advantage before the JPML.  If the status of the litigation stays is different depending on the plaintiffs, there may be attempts to move one or the other forward.  It is also possible that having the status of the stays be different would result in an order of this Court inappropriately affecting the outcome of issues in the JPML regarding transfer.  The plaintiffs in the Bondholder Actions previously undertook transfer litigation in the JPML notwithstanding the litigation stays imposed by this Court.  Indeed, many of the undersigned defendants supported the JPML consolidation.[3]  The panel of seven circuit and district court judges should not be constrained by inconsistent positions on the stay of litigation

---

[2] *See* Official Committee of Unsecure Creditors of Tribune Company's Limited Motion to Vacate or Modify Conditional Transfer Order (CTO-1), MDL No. 2296, Docket No. 969 at 5 ("The Committee does not oppose transfer of *FitzSimmons* to the Tribune MDL.").

[3] None opposed; some simply took no position.

that has either been transferred (in the case of the Bondholder Actions) or is already subject to a conditional transfer order (in the case of the Committee Action).

II.     COORDINATION OF THE LITIGATION STAYS WILL PROMOTE JUDICIAL ECONOMY AND AVOID UNNECESSARY LITIGATION COSTS.

5.      If the Committee Action is transferred to the SDNY District Court, coordinated litigation stays will protect the judicial economy that is the hallmark of multi-district litigation consolidation.  Indeed, the SDNY District Court has recognized the need to coordinate the transferred actions by issuing its own stay of all cases that have been or may in the future be transferred to the SDNY District Court pending further order of this Court on the litigation stays.[4]  Because the SDNY District Court will ultimately have to conduct the pretrial proceedings in all of these actions, this Court should not enter orders creating disparate litigation stays which will place the SDNY District Court in the untenable position of having "consolidated" proceedings before it that are not able to proceed on the same timetable.

6.      Additionally, coordination of the litigation stays will avoid imposing undue litigation costs on thousands of defendants.  This massive litigation has ensnarled nearly every type of investor in the public stock market, from individuals with personal investments (such as Marcia Tingley, a putative defendant class representative in the Bondholder Actions), to charitable endowments and mutual funds.  Consistency of the litigation stays will minimize unnecessary litigation costs that are inherent when litigation proceeds in piecemeal.

7.      Each of the Defendants reserves all rights regarding service of process, jurisdiction of this Court over them in the Committee Action and these cases, and the authority

---

[4] Order dated Dec. 28, 2011 [Docket No. 17], *In re Tribune Fraudulent Conveyance Litigation*, Case No. 11-md-02296 (J. Holwell) ("[T]he court hereby STAYS these consolidated cases, as well as any future cases consolidated under this docket number, pending further order of the Bankruptcy Court for the District of Delaware or this court.").

4

of this Court to enter orders and make proposed findings of fact and conclusions of law for referral to the District Court.

WHEREFORE, the Defendants respectfully request that any stay of the Committee Action entered by this Court be of the same term and scope as any stay of the Bondholder Actions.

          Respectfully submitted,

          */s/ John M. Seaman*
          John M. Seaman (#3868)
          ABRAMS & BAYLISS LLP
          20 Montchanin Road, Suite 200
          Wilmington, Delaware 19807
          Telephone: (302) 778-1000

          - AND -

          D. Ross Martin, Esq. (*pro hac vice pending*)
          ROPES & GRAY LLP
          Prudential Tower
          800 Boylston Street
          Boston, Massachusetts 02199-3600
          Telephone: (617) 951-7000
          Facsimile:  (617) 951-7050

          *Counsel for Artis Capital Management, L.P.,*
          *the President and Fellows of Harvard*
          *College, and Marcia Tingley, individually and*
          *as a putative defendant class representative*

Dated: January 26, 2011