IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| TRIBUNE COMPANY, et al., ) | Case No. 08-13141 (KJC) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | **Objection Deadline: January 26, 2012 at 4:00 p.m.** |
| ) | **Hearing Date: February 2, 2012 at 4:00 p.m.** |
| ) | Regarding Docket No. 10594 |
| ) | |

## OBJECTION OF THE HENRY FRANCIS DUPONT WINTERTHUR MUSEUM, INC. TO THE MOTION FOR ORDER LIFTING STAY OF STATE LAW CONSTRUCTIVE FRAUDULENT CONVEYANCE SUITS

The Henry Francis Dupont Winterthur Museum, Inc. (the "Objector" or "Winterthur"), by and through its undersigned counsel, hereby objects to *Motion for Order Lifting Stay of State Law Constructive Fraudulent Conveyance Suits* (the "Motion") [Docket No. 10594]. For the reasons which follow, Winterthur respectfully urges the Court to deny the Motion in its entirety, or modify the relief sought therein.

1. Winterthur is a non-profit Delaware corporation which operates extensive gardens, a library, and a museum at an historic property just north of Wilmington Delaware. These charitable activities are funded, in part, by an endowment. In 2007, Winterthur was involved in two transactions whereby the Tribune Company bought out its stock which, prior to the buyout, was held by Winterthur and many other investors. Winterthur was named as a defendant in a lawsuit brought by Deutsche Bank Trust Company, as successor indenture trustee for a certain series of Senior Notes, the Law Debenture Company of New York, as successor indenture trustee for other Senior Notes, and Wilmington Trust Company, as successor indenture trustee for other

Notes (collectively, Deutsche Bank, Law Debenture Trust, and Wilmington Trust will be referred to as the "Plaintiffs" or "Movants"). That law suit was brought in the United States District Court for the District of Delaware. It has since been transferred to the United States District Court for the Southern District of New York pursuant to a Motion filed with the United States Judicial Panel on Multidistrict Litigation.

2. The suit against Winterthur and other investors, along with similar litigation filed by the Plaintiffs, has been stayed pursuant to orders issued by this Court. The Motion seeks relief from this stay in order to allow Plaintiffs to pursue their constructive fraudulent conveyance actions. Movants argue that, because the Court has ruled that certain objections to the DCL Plan[1] should not prevent confirmation of that Plan, there is no longer any need for a stay of the Plaintiffs' litigation. However, as explained below, there was and is more than one reason to stay the constructive fraudulent conveyance litigation, and the relief sought by Movants could provide them with unfair litigation advantages.

3. The constructive fraudulent conveyance actions are based on a two-step transaction which took place in 2007 whereby the Debtors repurchased their own stock. At the risk of oversimplification, the claim against Winterthur is basically that Winterthur received too much money for its shares. The Court will be familiar with this basic claim -- it was the subject of extensive analysis and a voluminous report issued by an Examiner appointed in these bankruptcy proceedings. In order to fairly litigate this claim, the parties to the fraudulent conveyance actions will require extensive discovery into the Debtors' records. That discovery could easily lead to claims made by former shareholders like Winterthur against the Debtors' officers and directors,

---

[1] This term is defined in the Motion at par. 3.

and third parties who were involved in the 2007 transactions and related litigation. In turn, claims for indemnification may be raised against the Debtors.

4.   Furthermore, the Movants seek relief from the stay at a sensitive time in these bankruptcy proceedings. The Court has scheduled a two-day hearing on confirmation for mid-May 2012. If a Plan is confirmed, it will likely require federal administrative approval(s) to go effective. Therefore, if relief from stay is granted now, it could have at least two deleterious effects. One, it could impair the Debtors' ability to get a plan approved and consummated at a critical time in this case. In this regard, we note that the Plaintiffs have proposed a competing plan of reorganization and they and their counsel are such sophisticated parties that it is doubtful that the strategic ramifications of the Motion's proposed relief have gone unnoticed. Two, even if the Debtors' reorganization efforts are not impaired, their ability to respond to discovery requests, requests for indemnification, and the like will undoubtedly tilt the field in favor of the Plaintiffs in the constructive fraudulent conveyance actions. The Debtors will simply not have the time or the people to deal with confirmation issues and litigation issues simultaneously.

5.   The Movants may respond to this Motion by stating that the relief they seek -- permission to go forward with *their* claims -- will not create undue burdens for the Debtors. After all, the Plaintiffs have been deeply involved in these proceedings since their inception. Indeed, the Movants were, on information and belief, involved in the buyout transactions in 2007. *They* may have all the records *they* need to pursue the constructive fraudulent conveyance litigation.[2] Movants may argue that defendants like Winterthur can come to this Court and seek relief from stay if they need it. That would be a tactic that Movants might benefit from --

---

[2] The irony of Plaintiffs, who were actually involved in the 2007 transactions, bringing suit against Winterthur, a passive stockholder operating an unrelated charitable enterprise, is striking.

3

defendants like Winterthur would be forced to seek relief from stay, distracting the Debtors from their confirmation battle with the Movants, and forcing defendants to incur additional costs, all at no expense to the Movants. However, neither the defendants not these bankruptcy proceedings will benefit from such one-sided relief. There are hundreds if not thousands of defendants named in the constructive fraudulent conveyance actions. Requiring all of them to seek relief from stay would open a floodgate of needless litigation which would be a burden on this Court and a possible impediment to the Debtors' reorganization efforts.

6. Accordingly, for the reasons set forth above, Winterthur respectfully urges this Court to deny the Motion and leave the stay in place at least until a Plan is confirmed and goes effective. That is the best way for the Court to promote an orderly reorganization and fairness to the parties involved in the constructive fraudulent conveyance litigation. If the Court is not inclined to leave the stay in place for now, then Winterthur respectfully requests that the Court broaden the stay to allow parties involved in the constructive fraudulent conveyance litigation to seek discovery from the Debtors and bring claims against the Debtors' officers, directors and advisers, include insofar as those claims relate to the transactions complained of by the Plaintiffs.

Dated: January 26, 2012  
Wilmington, DE

CROSS & SIMON, LLC

By: _____  
Joseph Grey (No. 2358)  
913 North Market Street, 11th Floor  
P.O. Box 1380  
Wilmington, Delaware 19899-1380  
(302) 777-4200  
(302) 777-4224 (Facsimile)  
jgrey@crosslaw.com

*Counsel for The Henry Francis Dupont Winterthur Museum, Inc.*