## **<u>EXHIBIT A</u>**

## BEFORE THE UNITED STATES JUDICIAL
## PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE TRIBUNE COMPANY FRAUDULENT CONVEYANCE LITIGATION | MDL No. 2296 |

***The Official Committee of Unsecured Creditors of Tribune Company, et al. v. Dennis J. FitzSimons, et al.***, Adversary Proceeding No. 10-54010 (Bankr. D. Del.) (KJC) ("*FitzSimons*")

## OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF
## TRIBUNE COMPANY'S LIMITED MOTION  TO VACATE OR
## MODIFY CONDITIONAL TRANSFER ORDER (CTO-1)

Pursuant to Rule 7.1(f) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the Official Committee of Unsecured Creditors of Tribune Company, *et al*. (the "Committee") respectfully submits this Limited Motion to Vacate or Modify Conditional Transfer Order (CTO-1).   CTO-1was issued by the Judicial Panel on Multidistrict Litigation (the "MDL Panel") on December 28, 2011 [Docket No. 953].   The Committee does not oppose the transfer of the above-referenced *FitzSimons* adversary proceeding  to MDL Proceeding No. 2296 before Judge Holwell in the Southern District of New York (the "Tribune MDL").   However, the Committee has filed a motion (the "Stay Motion") before the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), where *FitzSimons* is pending, requesting that the Bankruptcy Court extend the existing stay of the *FitzSimons* litigation for two months, until March 19, 2012.   The Stay Motion is scheduled to be argued before the Bankruptcy Court on February 2, 2012.   Accordingly, the Committee respectfully requests that transfer of *FitzSimons* to the Tribune MDL be deferred until the Bankruptcy Court decides the Committee's Stay Motion.

In support of its requested relief the Committee states as follows:

BACKGROUND

1. By order dated October 27, 2010 [DE Bankr. Case No. 08-13141 (KJC), D.I. 6150] (the "Standing Order"), the Bankruptcy Court granted the Committee standing to commence adversary proceedings on behalf of the Debtors' estates asserting claims against various parties that arise out of or in connection with the Debtors' 2007 leveraged buy-out (the "LBO Transaction"). The Standing Order imposed an immediate stay on the adversary proceedings filed by the Committee. However, the Bankruptcy Court also granted the Committee limited relief from the stay so that it could commence immediately the discovery activity and service necessary to preserve valuable claims of the Debtors' estates.

2. Consistent with the terms of the Standing Order, on November 1, 2010, the Committee filed the complaint in the Bankruptcy Court commencing the *FitzSimons* adversary proceeding. On December 7, 2010 [DE Bankr Case No 10-54010 (KJC), D.I. 61], November 1, 2011 [Adv. D.I. 327], and January 11, 2012 [Adv. D.I. 408] the Committee filed amended complaints (the "Complaint") in *FitzSimons*.

3. The *FitzSimons* Complaint asserts 36 causes of action against certain parties in connection with the LBO Transaction, including: intentional fraudulent transfer under Bankruptcy Code section 548 against former shareholders (the "Shareholder Defendants"); breach of fiduciary duties against Sam Zell, Tribune directors and officers, Tribune subsidiary company directors, officers and guarantors, and Tribune major shareholders, among others; malpractice against Tribune Company professionals; malpractice, insider trading and breach of loyalty; unjust enrichment; various preferential transfers claims; recharacterization of debt to equity; and subordination of claims.

2

4.      The state law constructive fraudulent conveyance actions (the "SLCFC Actions") that have been consolidated in the Tribune MDL, like *FitzSimons*, arise from the LBO Transaction.  The SLCFC Actions and *FitzSimons* share a common nucleus of facts, although *FitzSimons* involves a number of claims and parties not present in the SLCFC Actions.

CONFIRMATION PROCEEDINGS AND THE LITIGATION STAY IN *FITZSIMONS*

5.      In December 2010, solicitation commenced with respect to two competing plans of reorganization that were ultimately brought before the Court for confirmation: (i) the Debtor/Committee/Lender Plan (the "DCL Plan"); and (ii) the Senior Noteholder Plan (the "Noteholder Plan"; collectively, the "Plans").  Both Plans provided that the claims set forth in *FitzSimons* shall be placed in a litigation trust, which will have the authority to object to, compromise and settle such claims.  In the spring of 2011, the Court held confirmation hearings on the competing Plans.

6.      On October 31, 2011, the Bankruptcy Court issued its Opinion on Confirmation.  The Bankruptcy Court declined to approve either of the Plans but indicated that the DCL Plan was feasible and could be confirmed if revised to incorporate certain changes called for by the Bankruptcy Court's decision.  In response to the Bankruptcy Court decision, on November 18, 2011, the DCL Plan Proponents proposed an amended plan.  The amended DCL Plan provides for the same assignment of the claims in *FitzSimons* to a litigation trust as did the earlier DCL Plan.  The confirmation hearing on the amended DCL Plan is currently scheduled for May 16 and 17, 2012.

7.      The litigation stay in *FitzSimons* has remained in effect since the Standing Order.  The Bankruptcy Court has extended the stay multiple times to allow the parties to focus on the bankruptcy proceedings and to allow the Committee to continue identifying and serving

3

defendants in *FitzSimons*.[1]    Most recently, on December 13, 2011, the Bankruptcy Court

extended the termination date for the stay in *FitzSimons* to January 17, 2012.

       8.      Since November 2010, the Committee has been engaged in a massive and

far-reaching effort in *FitzSimons* to identify and serve the thousands of Shareholder Defendants

that received the $8.3 billion in proceeds from the LBO Transaction.  To date, the Committee has

served a summons and the Complaint on nearly 500 Shareholder Defendants and is processing

for service information in its possession of an additional approximately 1,700 Shareholder

Defendants.    Moreover, the Committee is continuing to prosecute outstanding discovery

requests.  The Bankruptcy Court recently ordered over 30 parties to produce to the Committee

information identifying Shareholder Defendants by February 14, 2012.

       9.      Most recently, on December 13, 2011, the Bankruptcy Court extended the

termination date for the stay in *FitzSimons* to January 17, 2012.

       10.     On December 19, 2011, the MDL Panel granted the Noteholders' motion

to consolidate for MDL treatment the SLCFC Actions.  The Tribune MDL is before Judge

Holwell in the Southern District of New York (the "MDL Court").  On December 28, 2011,

Judge Holwell ordered that the stay of the Noteholders' actions previously ordered by the

Bankruptcy Court remain in place pending further order of the Bankruptcy Court or the MDL

Court.  Also on December 28, 2011, the MDL Panel entered CTO-1, providing for the transfer of

*FitzSimons* to the MDL Court absent objection and a motion to vacate the transfer.  On January

4, 2012, the Committee filed a Notice of Objection to the transfer of *FitzSimons* to the MDL

Court.

---

[1] A transfer under 28 U.S.C. § 1407 is permissible in cases in which all defendants have not yet been served, but a stricter standard is applied by the court to determine whether transfer is appropriate.  *In re Multidistrict Private Civil Treble Damage Litig. Involving Library Editions of Children's Books*, 299 F. Supp. 1139, 1142 (MDL 1969). Further, the transferee court should be advised of open service of process issues.  *In re Aredia & Zometa Prods. Liab. Litig.*, 2010 U.S. Dist. LEXIS 109154, 8-9 (M.D. Tenn. Oct. 13, 2010).

11. On January 17, 2012, the Committee filed the Stay Motion in the Bankruptcy Court seeking to extend the stay in *FitzSimons* by another two months, to March 19, 2012. The two-month stay sought by the Stay Motion will, among other things, limit the potential for the *FitzSimons* litigation to interfere with the confirmation process and allow the Committee additional time to identify and serve Shareholder Defendants.

<u>BASIS FOR LIMITED MOTION TO VACATE OR MODIFY CTO-1</u>

12. The Committee does not oppose transfer of *FitzSimons* to the Tribune MDL. The Committee agrees that given the overlapping factual issues between the claims in *FitzSimons* and the claims in the SLCFC Actions, consolidation of *FitzSimons* in the Tribune MDL for discovery and other pretrial proceedings will, on balance, serve the values of judicial economy, avoid inconsistent rulings, and preserve the parties' resources.

13. However, the Stay Motion is pending before Judge Carey in the Bankruptcy Court. Judge Carey has overseen the bankruptcy cases and *FitzSimons* since their inception, and is most familiar with the confirmation proceedings. Accordingly, the Bankruptcy Court is best situated to determine whether the requested two-month extension is in the best interest of the creditors and the Debtors' estates and is appropriate to limit any potential interference with the confirmation process.

14. Accordingly, the Committee requests that the MDL Panel grant the Committee's limited motion to vacate or modify CTO-1 solely to delay the transfer of *FitzSimons* to the Tribune MDL until after the Bankruptcy Court has decided the Stay Motion.

Respectfully submitted,

Dated: January 19, 2012                **ZUCKERMAN SPAEDER LLP**
       Washington, DC

   /s/ Andrew N. Goldfarb
Graeme W. Bush
James Sottile
Andrew N. Goldfarb
1800 M Street, N.W., Suite 1000
Washington, DC 20036
Telephone:  (202) 778-1800
Facsimile:  (202) 822-8106

- and –

Adam G. Landis (No. 3407)
Daniel B. Rath (No. 3022)
**LANDIS RATH & COBB LLP**
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone:  (302) 467-4400
Facsimile:  (302) 467-4450

*Counsel to the Official Committee of Unsecured Creditors*

6

Case MDL No. 2296    Document 969    Filed 01/19/12    Page 7 of 11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 19, 2012, I caused a true and correct copy of the foregoing Limited Motion to Vacate or Modify CTO-1 to be served by electronic mail transmission via the Judicial Panel on Multidistrict Litigation's ECF System upon all counsel of record.

<u>/s/ Andrew N. Goldfarb</u>
Andrew N. Goldfarb

**BEFORE THE UNITED STATES JUDICIAL
PANEL ON MULTIDISTRICT LITIGATION**

---

| | |
|---|---|
| IN RE TRIBUNE COMPANY FRAUDULENT CONVEYANCE LITIGATION | MDL No. 2296 |

---

***Official Committee of Unsecured Creditors of Tribune Company, et al. v. FitzSimons, et al.***,
Adversary Proceeding No. 10-54010 (Bankr. D. Del.) (KJC) ("*FitzSimons*")

## ORDER GRANTING LIMITED MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY TO VACATE OR MODIFY CTO-1

Before the Judicial Panel on Multidistrict Litigation is the limited motion (the "Motion") of the Official Committee of Unsecured Creditors of Tribune Company (the "Committee") to vacate or modify Conditional Transfer Order-1 ("CTO-1"; Dkt. # 77, filed Dec. 28, 2011). Upon consideration of the Motion, all submissions made in support of and in opposition thereto, and the entire record herein, and finding good cause to grant the relief sought, it is hereby

ORDERED that the Motion is GRANTED; it is further

ORDERED that, pursuant to Rule 7.1 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, *FitzSimons* is transferred under 28 U.S.C. § 1407 to the Southern District of New York for the reasons stated in the order of December 19, 2011, and, with the consent of that court, assigned to the Honorable Richard J. Holwell; it is further

ORDERED that this order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Southern District of New York; it is further

ORDERED that the transmittal of this order to said Clerk shall be stayed until seven (7) days after the entry of an order by the United States Bankruptcy Court for the District of

Delaware (the "Bankruptcy Court") resolving the pending Third Motion of the Official

Committee of Unsecured Creditors to Amend Definition of "Termination Event" In Standing

Orders (the "Stay Motion"); and it is further

ORDERED that the Committee shall inform the Clerk of the Judicial Panel on

Multidistrict Litigation of the order of the Bankruptcy Court resolving the Stay Motion so that

this order may be transmitted to the Office of the Clerk of the United States District Court for the

Southern District of New York for filing.


Dated: _____          _____

                                        Judicial Panel on Multidistrict Litigation

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2012, I caused a true and correct copy of the foregoing to be served by electronic mail transmission via the Judicial Panel on Multidistrict Litigation's ECF System upon all counsel of record.

/s/ Andrew N. Goldfarb
Andrew N. Goldfarb