# **EXHIBIT C**

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

IN RE: TRIBUNE COMPANY FRAUDULENT
CONVEYANCE LITIGATION                                    MDL No. 2296

**TRANSFER ORDER**

**Before the Panel**:[*]  Pursuant to 28 U.S.C. § 1407, plaintiffs in all 44 actions move for coordinated
or consolidated pretrial proceedings of the 44 actions listed on Schedule A in the Southern District of New
York.[1]  Of the more than 1,700 former Tribune Co. (Tribune) shareholder defendants in these actions,
approximately 385 support or do not oppose centralization.  Less than 100 defendants oppose the motion.

On the basis of the papers filed and hearing session held, we find that these 44 actions involve
common questions of fact, and that centralization in the Southern District of New York will serve the
convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  All
actions arise out of the Tribune's 2007 leveraged buyout (LBO), its 2008 Chapter 11 bankruptcy filing, and
the impact of the LBO and bankruptcy on the Tribune's creditors.  Centralization will eliminate duplicative
discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and
the judiciary.

Some opposing former shareholder defendants argue that unique questions of fact in each action
predominate over any common factual questions.  While each action, indeed, will involve some individual
questions of fact as to each defendant relating to the Tribune shareholder transfers, all actions involve
numerous common factual questions arising from the LBO.  Discovery and other pretrial proceedings will
focus on the same series of events.  Motions to dismiss likely will be similar in these actions.  In any event,

---

[*]  At oral argument, it was announced that more than three Panel members have interests which
would normally disqualify them under 28 U.S.C. § 455 from participating in the decision of this
matter.  Accordingly, the Panel invoked the Rule of Necessity and all Panel members participated in
the decision of this matter in order to provide the forum created by the governing statute, 28 U.S.C.
§ 1407.  *See In re Adelphia Communications Corp. Sec. & Derivative Litig.,* 273 F. Supp. 2d 1353
(J.P.M.L. 2003) ; *In re Wireless Telephone Radio Frequency Emissions Prods. Liab. Litig.*, 170 F.
Supp. 2d 1356 (J.P.M.L. 2001).

[1]  The parties have notified the Panel that six potentially related actions are pending in six districts.
In four of these actions, Tribune retiree plaintiffs support this Section 1407 motion and urge inclusion
of their actions in this MDL.  Some responding parties also urge inclusion of a Tribune adversary
action brought by The Official Committee of Unsecured Creditors (Committee) in these MDL
proceedings.  The Committee filed a response opposing inclusion at this time.  These actions are
potential tag-along actions and will be considered in due course.  *See* Panel Rules 1.1(h), 7.1 and 7.2.

- 2 -

Section 1407 does not require a complete identity or even a majority of common factual issues as a prerequisite to centralization. *In re Denture Cream Prods. Liab. Litig.*, 624 F. Supp. 2d 1379 (J.P.M.L.2009); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.,* 173 F. Supp. 2d 1377 (J.P.M.L.2001). Transferee judges can accommodate common and individual discovery tracks, gaining the benefits of centralization without delaying or compromising consideration of claims on their individual merits. *In re: Yamaha Motor Corp. Rhino ATV Prods. Liab. Litig.,* 597 F. Supp. 2d 1377 (J.P.M.L.2009).

Opposing former shareholder defendants also have voiced a concern that many of them are individuals or small entities and centralization will be inconvenient for them and increase their litigation costs. Panel Rule 2.1(c), however, provides that "[a]ny attorney of record in any action transferred under Section 1407 may continue to represent his or her client in any district court of the United States to which such action is transferred. Parties are not required to obtain local counsel." Coordination in the transferee court will not prevent any required depositions of, or any other discovery unique to, the opposing defendants from occurring in their home districts. *In re Yamaha Motor Corp. Rhino ATV Prods. Liab. Litig.*, 597 F. Supp. 2d 1377, 1378. The use of liaison counsel, lead counsel and steering committees also will eliminate the need for most counsel ever to travel to the transferee district. In addition, prudent counsel likely will combine their forces and apportion their workload in order to streamline the efforts of the parties, their counsel and the judiciary. This streamlining combined with uniform case management will lead to an overall savings in transaction costs. Given the number of pending actions, centralization likely will result in a significant savings of time and money for the parties and the courts. *In re Lawnmower Engine Horsepower Mktg. and Sales Practices Litig.*, 588 F.Supp.2d 1379 (J.P.M.L. Dec. 2008).

Lastly, opposing defendants argue that centralization of these 44 actions is premature and should await (1) service on each defendant; (2) rulings on pending or anticipated motions to dismiss in each action; or (3) the bankruptcy court's confirmation of Tribune's reorganization plan. We disagree. Defendants can raise jurisdiction and other objections in the transferee district. To the extent that many complaints may be subject to several of the same grounds for dismissal, having these motions decided by a single judge will be the most efficient way to resolve them. *In re Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.,* 780 F. Supp. 2d 1379 (J.P.M.L. 2011). Centralization at this time also will streamline coordination between these 44 actions and the Delaware bankruptcy proceedings. *In re Refco Sec. Litig.*, 530 F. Supp. 2d 1350 (J.P.M.L. 2007).

Given the wide dispersal of these actions across the country, no forum stands out as a focal point for this litigation. We are persuaded that the Southern District of New York is an appropriate transferee district for this litigation, because (1) documents and witnesses likely are located there, and (2) this district is a convenient and accessible forum for most parties. Judge Richard J. Holwell is an experienced judge who we are confident will steer these cases on a fair and expeditious course.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Richard A. Holwell for coordinated or consolidated pretrial proceedings in that district.

- 3 -

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil          W. Royal Furgeson, Jr.
Barbara S. Jones           Paul J. Barbadoro
Marjorie O. Rendell        Charles R. Breyer

**IN RE: TRIBUNE COMPANY FRAUDULENT
CONVEYANCE LITIGATION**                                   MDL No. 2296

## SCHEDULE A

District of Arizona

Deutsche Bank Trust Company Americas, et al. v. Peter W. King, et al.,
    C.A. No. 2:11-01110

Northern District of California

Deutsche Bank Trust Company Americas, et al. v. AG Edwards & Sons, et al.,
    C.A. No. 3:11-02646
Deutsche Bank Trust Company Americas, et al. v. Wells Fargo Bank, N.A., et al.,
    C.A. No. 3:11-02661
Deutsche Bank Trust Company Americas, et al. v. First Republic Bank, et al.,
    C.A. No. 4:11-02634

District of Connecticut

Deutsche Bank Trust Company Americas, et al. v. Sirius International Insurance
    Corporation, et al., C.A. No. 3:11-00894
Deutsche Bank Trust Company Americas, et al. v. Aetna, Inc., et al., C.A. No.  3:11-00895

District of Delaware

Deutsche Bank Trust Company Americas, et al. v. Wells Fargo Investments LLC,
    C.A. No. 1:11-00609
Deutsche Bank Trust Company Americas, et al. v. Alliance Capital Management LLC,
    et al., C.A. No. 1:11-00612
Deutsche Bank Trust Company Americas, et al. v. Verizon Investment Management
    Corporation, et al., C.A. No. 1:11-00613
Deutsche Bank Trust Company Americas, et al. v. Sowood Alpha Fund LP, et al.,
    C.A. No. 1:11-00618
Deutsche Bank Trust Company Americas, et al. v. RBS Securities Inc., et al.,
    C.A. No. 1:11-00638

District of District of Columbia

Deutsche Bank Trust Company Americas, et al. v. Janice Williams Anderson, et al.,
    C.A. No. 1:11-01024

- A2 -

**MDL No. 2296 Schedule A (Continued)**

    <u>Southern District of Florida</u>

Deutsche Bank Trust Company Americas, et al. v. Waterman Broadcasting Corporation,
    et al., C.A. No. 1:11-22007

    <u>Northern District of Illinois</u>

Deutsche Bank Trust Company Americas, et al. v. 1994 Alicia P. Guggenheim,
    C.A. No. 1:11-03750
Deutsche Bank Trust Company, et al. v. Ohlson Enterprises, et al., C.A. No. 1:11-03754

    <u>Southern District of Indiana</u>

Deutsche Bank Trust Company Americas, et al. v. 1st Source Bank, et al.,
    C.A. No. 1:11-00746
Deutsche Bank Trust Company Americas, et al. v. Robert Dishon Family Trust, et al.,
    C.A. No. 1:11-00749

    <u>District of Maryland</u>

Deutsche Bank Trust Company Americas, et al. v. Janice M. McGurn, et al.,
    C.A. No. 8:11-01510
Deutsche Bank Trust Company Americas, et al. v. National Electrical Benefit Fund, et al.,
    C.A. No. 8:11-01512

    <u>District of Massachusetts</u>

Deutsche Bank Trust Company Americas, et al. v. Anne G. Taylor, et al.,
    C.A. No. 1:11-10982
 Deutsche Bank Trust Company Americas et al v. Eaton Vance Multi Cap Growth Portfolio,
    et al., C.A. No. 1:11-10985

    <u>District of Minnesota</u>

Deutsche Bank Trust Company Americas, et al. v. Ameriprise Trust Co., et al.,
    C.A. No. 0:11-01451
Deutsche Bank Trust Company Americas, et al. v. U.S. Bank, N.A., C.A. No. 0:11-01452
Deutsche Bank Trust Company Americas, et al. v. Pandora Select Partners LP, et al.,
    C.A. No.  0:11-01453

- A3 -

**MDL No. 2296 Schedule A (Continued)**

    <u>District of New Jersey</u>

Deutsche Bank Trust Company Americas, et al. v. Sumitomo Trust & Banking Co. (U.S.A.),
    et al., C.A. No. 2:11-03147
Deutsche Bank Trust Company Americas, et al. v. Merrill Lynch Trust Company, et al.,
    C.A. No. 2:11-03148

    <u>Western District of North Carolina</u>

Deutsche Bank Trust Company Americas, et al. v. The Burroughs Wellcome Fund, et al.,
    C.A. No. 3:11-00266
Deutsche Bank Trust Company Americas, et al. v. Aqua America-Gabelli Asset Mgt,
    et al., C.A. No. 3:11-00268

    <u>Southern District of New York</u>

Deutsche Bank Trust Company Americas, et al. v. Abu Dhabi Investment Authority,
    et al., C.A. No. 1:11-04522
Deutsche Bank Trust Company, Americas, et al. v. Adaly Opportunity Fund TD
    Securities Inc. C/O Adaly Investment Management Co., et al, C.A. No. 1:11-04784
Deutsche Bank Trust Company Americas, et al. v. Cantor Fitzgerald & Co., et al.,
    C.A. No. 1:11-04900
Deutsche Bank Trust Company Americas, et al. v. CIBC World Markets Corp., et al.,
    C.A. No. 1:11-05136

    <u>Southern District of Ohio</u>

Deutsche Bank Trust Company Americas, et al. v. American Electric Power, et al.,
    C.A. No. 1:11-00358
Deutsche Bank Trust Company Americas, et al. v. Goodrich Corp. MAS TR QUAL EMPL
    BEN, et al., C.A. No. 1:11-00359
Deutsche Bank Trust Company Americas, et al. v. Huntington National Bank, et al.,
    C.A. No. 1:11-00361

    <u>Eastern District of Pennsylvania</u>

Deutsche Bank Trust Company Americas, et al. v. Ametek Inc. Employees Master
    Retirement Trust, et al., C.A. No. 5:11-03569
Deutsche Bank Trust Company Americas, et al. v. ING Trust Equity Inc. Port, et al.,
    C.A. No. 5:11-03570

- A4 -

**MDL No. 2296 Schedule A (Continued)**

    <u>Northern District of Texas</u>

Deutsche Bank Trust Company Americas, et al. v. Employees Retirement Fund of the City
    of Dallas, et al., C.A. No. 3:11-01167
Deutsche Bank Trust Company Americas v. Bank of America NA/Gwim Trust Operations,
    et al., C.A. No. 3:11-01175

    <u>District of Vermont</u>

Deutsche Bank Trust Company Americas, et al. v. George H. Long, et al.,
    C.A. No. 2:11-00144

    <u>Eastern District of Virginia</u>

Deutsche Bank Trust Company Americas, et al. v. Richard M. Ader, et al.,
    C.A. No. 1:11-00601

    <u>Western District of Washington</u>

Deutsche Bank Trust Company Americas v. Automotive Machinists Pension Trust Fund,
    et al., C.A. No. 2:11-00925

    <u>Western District of Wisconsin</u>

Deutsche Bank Trust Company Americas, et al. v. Associated Bank Green Bay, NA,
    et al., C.A. No. 3:11-00396
Deutsche Bank Trust Company Americas, et al. v. Howard E. Mazur, C.A. No. 3:11-00400