IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.<br><br>Debtors. | ) <br>) Chapter 11<br>) <br>) Case No. 08-13141 (KJC)<br>) <br>) Jointly Administered<br>) <br>) <br>) <br>) <br>) |

## OAKTREE CAPITAL MANAGEMENT, L.P.'S RESPONSES AND OBJECTIONS TO LAW DEBENTURE TRUST COMPANY OF NEW YORK'S REQUEST FOR PRODUCTION OF DOCUMENTS

Oaktree Capital Management, L.P. ("Oaktree"), by its undersigned counsel, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and Rules 7026, 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, hereby responds and objects to the Request for Production of Documents, dated January 20, 2012, of Law Debenture Trust Company of New York ("Law Debenture Trust").

### GENERAL OBJECTIONS AND OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Oaktree objects to the Requests in their entirety to the extent that they are overbroad or purport to impose obligations upon them that exceed those set forth in Federal Rules of Civil Procedure 26 and 34, made applicable herein under Federal Rules of Bankruptcy Procedure 7026, 7034, and 9014, the Local Rules of the United States Bankruptcy Court for the District of Delaware, the Order Establishing Scheduling For (1) Resolution Of The Allocation Disputes and (2) Consideration Of DCL Plan Proponents' Supplemental Disclosure Document, Solicitation Procedures Motion And Plan (Docket 7239) (the "Allocation Disputes Order"), or any other applicable statute, rule or order.

2.     Oaktree objects to the Requests to the extent that they are unduly burdensome, overbroad, oppressive or seek documents, information or things not reasonably calculated to lead to the discovery of admissible evidence.

1

3. Oaktree objects to the Requests in their entirety to the extent that they purport to call for the disclosure of information, or the production of documents, that are part of a category of documents subject to the attorney work product protection, the attorney-client privilege, or any other applicable privilege, including privileged information or documents shared with entities with whom Oaktree holds or held a common interest (collectively, "Privileged Material").

4. Oaktree objects to the Requests in their entirety to the extent that they purport to require the production of documents that are not in Oaktree's possession, custody, or control.

5. No objection or limitation, or lack thereof, or statement that Oaktree will produce documents made in these Responses and Objections constitutes an admission as to the existence or nonexistence of documents or information by Oaktree.

6. Oaktree objects to the Requests in their entirety to the extent that they are vague, ambiguous, confusing, and contrary to the plain meaning of the terms involved.

7. Oaktree objects to the Requests in their entirety to the extent that they are duplicative of requests served by other parties in the above-captioned cases to which Oaktree is responding.

8. Oaktree's Responses and Objections to the Requests or their production of any documents shall not be construed as: (i) an admission as to the relevance, admissibility, or materiality of any such documents or their subject matter; (ii) a waiver or abridgment of any applicable privilege; or (iii) an agreement that requests for similar documents will be treated similarly.

9. Oaktree objects to the Requests to the extent that they purport to require the production of identical copies or drafts of the same document.

10. Oaktree reserves all of its rights, including its right to supplement, amend, or correct any of its Responses and Objections to the Requests and its right to object to the admissibility of any part of any document produced in response to the Requests or information contained in any such document.

## **DEFINITIONS**

11. Oaktree objects to Definition 4 ("Communications") on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. Oaktree further objects to the definition of "Communication" to the extent that it is inconsistent with the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the District of Delaware, or the Allocation Disputes Order, and imposes burdens not required by those rules or that Order.

12. Oaktree objects to Definition 5 ("Debtors" or "Tribune") on the grounds that it is overbroad, vague, ambiguous and unduly burdensome, and that it is not possible to know all persons and entities that Law Debenture Trust purports to include within the definition as stated. As used in Oaktree's responses, "Tribune" means the Tribune Company and its direct and indirect subsidiaries, unless otherwise specified.

13. Oaktree objects to Definition 6 ("Document") to the extent that it is overbroad and unduly burdensome, and seeks categories of documents not contemplated by Federal Rules of Civil Procedure 26 and 34, as made applicable by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure. As used in Oaktree's responses, the term "Document," unless otherwise specified, has the meaning ascribed to it in Federal Rules of Civil Procedure 26 and 34, as made applicable by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure.

14. Oaktree objects to Definition 8 ("Person") on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. Oaktree further objects to the definition of "Person" to the extent that it is inconsistent with the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the District of Delaware, and imposes burdens not required by those rules.

15. Oaktree objects to Definition 10 ("Professional") on the grounds that it is overbroad, vague, ambiguous and unduly burdensome.

US1 32291927.1

## INSTRUCTIONS

16. Oaktree objects to each of the Instructions to the extent that they are overbroad and unduly burdensome, and they impose any obligations that exceed the requirements of the Federal Rules of Civil Procedure, the Local Rules of the United States Bankruptcy Court for the District of Delaware, the Allocation Disputes Order, or any other applicable statute, rule or case law.

17. Oaktree objects to Instruction 2 as overbroad, vague, ambiguous and unduly burdensome. Oaktree also objects to Instruction 2 to the extent it calls for the production of documents protected by the attorney-client privilege, common interest privilege, work-product doctrine and/or any other applicable law or privilege. Oaktree further objects to Instruction 2 to the extent that it seeks the production of documents that are not within Oaktree's possession, custody or control.

18. Oaktree objects to Instruction 8 as unduly burdensome. Oaktree also objects to Instruction 8 to the extent that it seeks the production of hard copies of all documents, and to the extent that it seeks the production of electronic documents in their native form, on the grounds that it is inconsistent with the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the District of Delaware or any other applicable statute, rule or case law, and imposes burdens not required by those rules. Oaktree will only produce electronic copies of the non-duplicative, non-privileged responsive documents as .tiff images.

19. Oaktree objects to Instruction 9 to the extent that it is inconsistent with the terms of the Allocation Disputes Order. The Allocation Disputes Order was carefully negotiated by the parties, including Law Debenture Trust, and supersedes the requirements of Rule 7026-3 of the Local Rules of the United States Bankruptcy Court for the District of Delaware.

20. Oaktree objects to Instruction 10 to the extent it calls for the production of documents protected by the attorney-client privilege, common interest privilege, work-product doctrine and/or any other applicable law or privilege.

US1 32291927.1

## REQUESTS FOR PRODUCTION

Subject to and without waiving the foregoing General Objections and Objections to Definitions and Instructions, all of which are incorporated herein by reference as if fully set forth in each response, Oaktree objects and responds to the Document Requests as follows:

### REQUEST NO. 1:

All Documents and Communications on which Oaktree intends to or may rely to support the assertion that holders of the Swap Claims are entitled to the benefit of the EGI-TRB LLC Subordination Agreement or the subordination provisions included in the PHONES Notes Indenture.

### RESPONSE TO REQUEST NO. 1:

Oaktree objects to Request No. 1 on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. Oaktree further objects to Request No. 1 to the extent it seeks the production of Privileged Material. Specifically incorporating and not waiving its Objections, Oaktree states that it will produce non-privileged documents responsive to this Request to the extent that such documents exist and can be located after a good faith and reasonable search.

### REQUEST NO.2:

The operative Documents pursuant to which the Swap Claims arise, including, without limitation, any amendments or modifications thereto.

### RESPONSE TO REQUEST NO.2:

Oaktree objects to Request No. 2 on the grounds that it is overbroad, vague, ambiguous. Oaktree further objects to Request No. 2 to the extent it seeks the production of Privileged Material. Specifically incorporating and not waiving its Objections, Oaktree states that it will produce non-privileged documents responsive to this Request to the extent that such documents exist and can be located after a good faith and reasonable search.

US1 32291927.1

Dated: January 27, 2012
      Los Angeles, California

/s/ Bruce Bennett
Bruce Bennett
James O. Johnston
Joshua M. Mester
DEWEY & LEBOEUF LLP
333 S. Grand Ave, Suite 2600
Los Angeles, California 90017
Telephone (213) 621-6000

*Attorneys for Oaktree Capital Management, L.P.*

US1 32291927.1