# EXHIBIT B

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

DEUTSCHE BANK TRUST COMPANY :
AMERICAS, it is capacity as success indenture :  Case No. 1:11-cv-361
Trustee for certain series of Senior Notes, *et al.,* :
             :
    Plaintiffs,     :    Judge Barrett
             :
    vs.       :
             :
HUNTINGTON NATIONAL BANK, et al. :
             :
    Defendants.    :

## MEMORANDUM IN OPPOSITION TO PLAINTIFFS' SECOND AMENDED MOTION TO STAY DEFENDANTS' TIME TO RESPOND TO THE COMPLAINT IN THIS ACTION OR COMMENCE MOTIONS PRACTICE UNTIL FURTHER ORDER OF THE UNITED STATES BANKRUPCTY COURT FOR THE DISTRICT OF DELAWARE OF FURTHER ORDER OF THIS COURT

Administrator Ohio Public Employees Retirement System, SERS/LSV US LRG, SERS/SSGA PASS, and Administrator School Employees Retirement System of Ohio (the "OPERS and SERS Defendants") oppose the Plaintiffs' Second Amended Motion to Stay Defendants' Time to Respond to the Complaint in This Action or Commence Motions Practice, Until Further Order of the United States Bankruptcy Court for the District of Delaware, or Further Order of This Court ("Second Amended Motion to Stay") filed on July 22, 2011 [Doc. #25].

## I. <u>INTRODUCTION</u>

Since initiating this litigation on June 3, 2011, Plaintiffs have come to this Court on three separate occasions seeking a stay, the proposed terms of which are so one-sided that it borders on the absurd.  The Plaintiffs' request for a stay contains so many exceptions as to cause any reasonable person to wonder if there is a stay at all, except upon the Defendants.

Naturally, Plaintiffs are in desperate need of relief from a quagmire of their own making. When Plaintiffs motioned the Tribune Bankruptcy Court for relief from the stay to initiate this litigation they would have done well to consider the maxim "be careful what you wish for, you might just get it." Plaintiffs' difficulty in managing this vast litigation enterprise should come as no surprise to the Plaintiffs, but it should not be a burden upon the OPERS and SERS Defendants. At the earliest stages of this litigation, the OPERS and SERS Defendants should be permitted to aggressively defend themselves and seek dispositive relief from this Court where appropriate. Granting the Plaintiffs' request for a stay would do nothing more than reward a litigation strategy whose sole purpose was designed to toll a statute of limitation, as opposed to vitiating an alleged wrong. Unfortunately, for the Defendants the filing of litigation means so much more.

Plaintiffs' Second Amended Motion to Stay revises the language of the previously requested relief so that the only events that would trigger the time for Defendants to respond to the Complaint or commence motion practice are further orders by the Bankruptcy Court or this Court that affect the stay.[1] However, for the reasons set forth below, and those set forth in the OPERS and SERS Defendants' Memorandum in Opposition to Plaintiffs' Motion to Stay Defendants' Time to Respond to the Complaint in this Action filed on July 22, 2011 [Doc. #24][2], Plaintiffs' Second Amended Motion to Stay still fails.

---

[1] The Second Amended Motion is made in response to the Bankruptcy Court's observation that the references to (i) the October 31, 2011 date (or any date certain), and (ii) confirmation of a plan of reorganization by the Bankruptcy Court as triggering dates for the stay to terminate were not in line with the terms of the Bankruptcy Court's Order.

[2] The OPERS and SERS Defendants hereby incorporate by reference and fully restate herein their Memorandum in Opposition to Plaintiffs' Motion to Stay Defendants' Time to Respond to the Complaint in this Action filed on July 22, 2011. [Doc. #24].

## II.    ARGUMENT

### A.    Plaintiffs' Stated Intention to File a MDL Motion Does Not Warrant a Stay.

#### 1.    This Case Is Not Currently Being Considered For Consolidation and Transfer By the MDL Panel.

To date, Plaintiffs have not filed a MDL Motion.  Thus, while Plaintiffs' assertion that courts "routinely determine that it is appropriate to stay preliminary pretrial proceedings while a motion to transfer is **pending** before the MDL Panel" (See Second Amended Motion at 11 (emphasis added)) may be correct, it does not apply in this case.  Unlike all of the cases cited by Plaintiffs in their Second Amended Motion, there is no motion to transfer and consolidate pending with the MDL Panel.  Plaintiffs have not filed a MDL Motion and, more specifically, this case is not being considered by the MDL Panel for consolidation and transfer.  Because Plaintiffs cannot show that this case is subject to a pending motion before the MDL Panel, Plaintiffs' Second Amended Motion to Stay should be denied.[3]  *See Gallardo v. Aurora Dairy Corp.*, 2008 WL 192125, *1-2 (N.D. Cal. Jan. 23, 2008) (stating that the case was not before the MDL Panel and "thus no efficiency is to be gained by awaiting the rulings on the Consolidation Motions.").

#### 2.    The OPERS and SERS Defendants Will Be Prejudiced By the Delay of Dismissal of Plaintiffs' Complaint.

This Court should decide the Motion to Dismiss filed by the OPERS and SERS Defendants on August 11, 2011 [Doc. #45].  According to the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, "The pendency of a motion … before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. §1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any

---

[3] Plaintiffs have asserted that a MDL Motion is forthcoming since the filing of their first Motion to Stay on June 30, 2011.  Query when will Plaintiffs actually file the MDL Motion, and how long should this Court stay litigation initiated by Plaintiffs based on an assertion of a future filing?

way limit the pretrial jurisdiction of that court." R.P.J.P.M. 1.5. Similarly, the Manual for

Complex Litigation makes clear that the district court "should not automatically stay discovery

… [n]or should the court automatically postpone rulings on pending motions or generally

suspend further proceedings." Manual for Complex Litig., (Fourth) §20.131 at 220 (2004).

Thus, even if there were a pending MDL Motion, this Court has jurisdiction to decide any issues

presented to it, including the OPERS and SERS Defendants' Motion to Dismiss.

In *Weathersby v. Lincoln Elec. Co.*, 2003 WL 21088119 (E.D. La. May 9, 2003), the

court denied the plaintiffs' motion to stay pending a ruling by the MDL Panel as to defendants'

motion to dismiss. There the court noted that "[d]efendants would be prejudiced by the delay of

dismissal of plaintiffs' claims if dismissal is appropriate at this early stage of the proceedings.

Moreover, judicial economy and efficiency will be served by disposing of those motions as a

preliminary matter." *Id.* at *3.

Like the defendants in *Weathersby*, the OPERS and SERS Defendants will be prejudiced

by the delay of dismissal of Plaintiffs' Complaint. The OPERS and SERS Defendants' Motion

to Dismiss challenges Plaintiffs' standing[4] – a threshold issue in every federal case. *See*

*Inhalation Plastics, Inc. v. Medex Cario-Pulmonary, Inc.*, 2011 WL 2293228, *8 (S.D. Ohio

2011). The OPERS and SERS Defendants have a right to determination of its liabilities without

undue delay. *See Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977).

Furthermore, as the *Weathersby* court noted, judicial economy and efficiency will be served by

disposing of the OPERS and SERS Defendants' Motion to Dismiss as a preliminary matter.

---

[4] It should be noted that while Plaintiffs state that the Bankruptcy Court granted the "Standing Motion" (See Second Amended Motion to Stay at 9), the SLCFC Order did not find that Plaintiffs had standing to assert the state law constructive fraudulent transfer claims. In fact, the Bankruptcy Order specifically stated: "For the avoidance of doubt, by this Order, this Court makes no finding and issues no ruling determining the standing of the Original Plaintiff's Group (or any creditor) to assert Creditor SLCFC Claims or whether such claims are preempted or otherwise impacted by 11 U.S.C. §546(e)."

Accordingly, this Court should determine whether the Plaintiffs have standing at the outset, and Plaintiffs' Second Amended Motion to Stay should be denied.

**B.    If This Court Grants a Stay, Then the Stay Should be Complete.**

Plaintiffs' Second Amended Motion to Stay is designed to benefit the Plaintiffs, while at the same time depriving Defendants of their right to a determination of their liabilities without undue delay and imposing discovery and other briefing responsibilities on them. If granted, the proposed stay would: (1) allow Plaintiffs to take action to advance their case; and (2) relieve Plaintiffs of the burden of having to respond to the challenges asserted by the OPERS and SERS Defendants in their Motion to Dismiss. Defendants should not be required to respond to discovery and Plaintiffs' "forthcoming" MDL Motion while they are being deprived of their right to an early resolution of this action. Plaintiffs should not be given a "free pass" from defending the allegations in their Complaint at the earliest possible stage of the litigation.

Furthermore, Plaintiffs' stated reason for the discovery carve-out is suspect. Plaintiffs state that they need to conduct discovery solely for the purpose of preventing applicable statutes of limitation or other time-related defenses from barring any state law constructive fraudulent conveyance claims. (Second Amended Motion to Stay at 14-15). Yet, earlier in their Second Amended Motion to Stay, Plaintiffs state that the time for filing suit against certain defendants arguably would have expired on or shortly after June 4, 2011. (Id. at 8-9). If the statute of limitations expired on or shortly after June 4, 2011, then what can Plaintiffs accomplish through discovery now that would prevent applicable statute of limitations from barring their claims?

**III.    CONCLUSION**

For the reasons set forth above, and the reasons set forth in the OPERS and SERS Defendants' Memorandum in Opposition to Plaintiffs' Motion to Stay Defendants' Time to Respond to the Complaint in this Action [Doc. #24], this Court should deny the Motion to Stay.

If the Court is inclined to grant the stay, then the Court should stay all further proceedings in this matter. Plaintiffs were permitted to commence this action, and the forty-nine (49) other actions to toll the statute of limitations. Since the Plaintiffs have successfully tolled the statute of limitations with the filing of this action, Plaintiffs should not be permitted to take any further action during the stay.

Respectfully submitted,

/s/ Matthew L. Fornshell
Matthew L. Fornshell, Trial Attorney (006210)
Katherine G. Manghillis (0077307)
SCHOTTENSTEIN ZOX & DUNN CO., LPA
250 West Street
Columbus, Ohio 43215
Tel: (614) 462-2700
Fax: (614) 462-5135
Email: mfornshell@szd.com
          kmanghillis@szd.com

*Attorneys for Defendants Administrator*
*Ohio Public Employees Retirement System,*
*SERX/LSV US LRG, SERS/SSGA*
*PASS, and Administrator School*
*Employees Retirement System of Ohio*

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ Matthew L. Fornshell
Matthew L. Fornshell (0062101)

[H2313984.2 ]