IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## PRELIMINARY STATEMENT REGARDING ALLOCATION DISPUTES

Pursuant to ¶ 13 of the Order Establishing Scheduling for (1) Resolution of the Allocation Disputes and (2) Consideration of DCL Plan Proponents' Supplemental Disclosure Document, Solicitation Procedures Motion and Plan [Docket No. 10692] (the "Allocation Disputes Order"), the debtors and debtors in possession in the above-captioned chapter 11 cases

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); ForSaleByOwner.com Corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc. f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

(collectively, the "Debtors") hereby submit this Preliminary Statement Regarding Allocation Disputes.

1. As an initial matter, the Debtors do not currently intend to take positions as to the merits of any of the Allocation Disputes. The Debtors believe the Allocation Disputes are essentially intercreditor disputes. That being said, the Debtors note that certain of the Allocation Disputes relate to facts and calculations about which the Debtors possess relevant information that might be of assistance to the Court in resolving certain of these disputes. The Debtors further note that the Allocation Disputes are being resolved in conjunction with confirmation of the Third Amended DCL Plan. Accordingly, the Debtors may need to present evidence or identify issues relevant to the adjudication of the Allocation Disputes.

2. The specific issues about which the Debtors have relevant information include the following:

(a) Amount of the PHONES Notes Claims. As regards the Allocation Dispute described in ¶ 2(a)(iv) of the Allocation Disputes Order, the Debtors have information regarding "the Allowed amount of the PHONES Notes Claims" and are prepared to submit testimony regarding the bases for the calculations of both the low and high PHONES Notes Claims amounts set forth in the Recovery Chart referenced in ¶5(e) of the Allocation Disputes Order. The Debtors are also prepared to present evidence or testimony as to why the Debtors have used the low PHONES Notes Claims amount in their post-petition financial statements. Any such testimony would be presented by Brian Whittman of Alvarez & Marsal.

(b) Other Parent Claims. As regards the Allocation Disputes described in ¶¶ 2(a)(iii) and (b)(iii) of the Allocation Disputes Order, the Debtors have relevant information regarding the history, nature, and amounts of the claims of Retirees and of the claims of other

general unsecured creditors of Tribune that are included in the category of Other Parent Claims. Indeed, Wilmington Trust Company has served interrogatories on the Debtors seeking some of this information. In response to that discovery, the Debtors have indicated that they will provide responsive information and are prepared to present testimony regarding the amounts of the aforementioned claims. The Debtors are also prepared to present testimony as to the history and nature of the claims included in the Other Parent Claims whose holders may not file Preliminary Statements or Opening Briefs.[2] Any such testimony would be presented by Mr. Whittman.

(c) <u>Recovery Chart.</u> As regards the Allocation Disputes described in ¶¶ 2(a)(iii) and (b)(iii) of the Allocation Disputes Order, it is likely that the Recovery Chart referenced in ¶ 5(e) will be relevant. Because Mr. Whittman prepared the chart, the Debtors are prepared to present him as a witness to explain it and to answer any questions pertaining thereto.

3. Finally, the Debtors reserve the right to submit a Response Brief (<u>see</u> ¶ 15 of the Allocation Disputes Order) and to present evidence and testimony responding to facts or issues raised in the Opening Briefs filed pursuant to ¶14 of the Allocation Disputes Order.

---

[2] On January 27, 2012, the Debtors caused Epiq to serve by Federal Express a copy of the Allocation Disputes Order to all holders of claims in the classes of claims whose rights will be adjudicated during the proceedings involving the Allocation Disputes. To the extent any of these creditors may not already be "Parties," it is possible that some of them may seek to become Parties pursuant to ¶ 1 of the Allocation Disputes Order. However, in the event that no such creditors appear, Mr. Whittman's testimony may help to ensure that the Court has the information necessary to make an informed decision regarding the aforementioned Allocation Disputes.

Dated: Wilmington, Delaware  
January 31, 2012

Respectfully submitted,

SIDLEY AUSTIN LLP

James F. Conlan  
Kevin T. Lantry  
James W. Ducayet  
One South Dearborn Street  
Chicago, IL 60603  
Telephone: (312) 853-7000  
Facsimile: (312) 853-7036

James F. Bendernagel, Jr.  
1501 K St., N.W.  
Washington, D.C. 20005  
Telephone: (202) 736-8000  
Facsimile: (202) 736-8711

-and-

COLE, SCHOTZ, MEISEL,  
FORMAN & LEONARD, P.A.

_____  
Norman L. Pernick (No. 2290)  
J. Kate Stickles (No. 2917)  
Patrick J. Reilley (No. 4451)  
500 Delaware Avenue, Suite 1410  
Wilmington, DE 19801  
Telephone: (302) 652-3131  
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND  
DEBTORS-IN-POSSESSION