## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re

TRIBUNE COMPANY, *et al.*,

Debtors.

)   Chapter 11
)
)   Case No. 08-13141 (KJC)
)   Jointly Administered
)
)
)
)

## OAKTREE CAPITAL MANAGEMENT, L.P.'S
## PRELIMINARY STATEMENT ON ALLOCATION DISPUTES

Oaktree Capital Management, L.P., on behalf of certain investment funds and accounts it manages (collectively, "**Oaktree**"), respectfully submits this Preliminary Statement in accordance with the Order Establishing Scheduling For (1) Resolution Of The Allocation Disputes And (2) Consideration Of DCL Plan Proponents' Supplemental Disclosure Document, Solicitation Procedures Motion and Plan [D.I. 10692] (the "**Allocation Disputes Order**").[1]

Pursuant to Paragraph 13 of the Allocation Disputes Order, Oaktree intends to take the following positions with respect to the Allocation Disputes:

**A.    PHONES Notes Disputes.**

1.    Allocation Disputes Order Paragraph 2(a)(i): Oaktree intends to take the position that Article III Distributions under the Plan do not need to be adjusted to satisfy the applicable requirements of the Bankruptcy Code in connection with assertions that all or any portion of the consideration provided by the Senior Lenders, Bridge Lenders, and Settling Step Two Payees in

---

[1]    Terms not otherwise defined herein shall have the meanings ascribed to them in the Allocation Disputes Order.

respect of the Settlement are or are not subject to the subordination provisions of the PHONES

Notes Indenture. Oaktree intends to rely upon the testimony of (a) Mr. Brian Whittman, which

will generally consist of the basis for and mathematics supporting the Debtors' Recovery Chart

(as defined in the Allocation Disputes Order); and (b) any witnesses that may be required to

authenticate or admit into evidence the exhibits offered in support of this position.

2.    <u>Allocation Disputes Order Paragraph 2(a)(iii):</u> Oaktree intends to take the

position that the Swap Claim is entitled to the benefits of the subordination provisions in the

PHONES Notes Indenture. Oaktree also intends to take the position that Article III Distributions

and the priority of distributions from the Creditors' Trust and/or Litigation Trust do not need to

be adjusted in order for the distributions under the Plan in respect of the Swap Claim to satisfy

the applicable requirements of the Bankruptcy Code. Oaktree intends to rely upon the testimony

of (a) Mr. Brian Whittman, which will generally consist of the basis for and mathematics

supporting the Debtors' Recovery Chart (as defined in the Allocation Disputes Order); and

(b) any witnesses that may be required to authenticate or admit into evidence the exhibits offered

in support of these positions.

3.    <u>Allocation Disputes Order Paragraph 2(a)(v):</u> Oaktree intends to take the position

that the beneficiaries of the subordination provisions of the PHONES Notes Indenture are

entitled to receive post-petition interest prior to the Holders of PHONES Notes Claims receiving

payment on their Claims. Oaktree does not intend to rely on any witnesses in support of this

position other than the testimony of any witnesses that may be required to authenticate or admit

into evidence the exhibits offered in support of this position.

4.    Oaktree does not intend to take a position on the issues included in Allocation

Disputes Order Paragraphs 2(a)(ii), (iv), or (vi).

2

**B.**     **EGI-TRB LLC Notes Disputes.**

1.     <u>Allocation Disputes Order Paragraph 2(b)(i)</u>: Oaktree intends to take the position

that Article III Distributions under the Plan do not need to be adjusted to satisfy the applicable

requirements of the Bankruptcy Code in connection with assertions that all or any portion of the

consideration provided by the Senior Lenders, Bridge Lenders, and Settling Step Two Payees in

respect of the Settlement are or are not subject to the subordination agreement governing the

EGI-TRB LLC Notes. Oaktree intends to rely upon the testimony of (a) Mr. Brian Whittman,

which will generally consist of the basis for and mathematics supporting the Debtors' Recovery

Chart (as defined in the Allocation Disputes Order); and (b) any witnesses that may be required

to authenticate or admit into evidence the exhibits offered in support of this position.

2.     <u>Allocation Disputes Order Paragraph 2(b)(iii)</u>: Oaktree intends to take the

position that the Swap Claim is entitled to the benefits of the subordination agreement governing

the EGI-TRB LLC Notes. Oaktree also intends to take the position that Article III Distributions

and the priority of distributions from the Creditors' Trust and/or Litigation Trust do not need to

be adjusted in order for the distributions under the Plan in respect of the Swap Claim to satisfy

the applicable requirements of the Bankruptcy Code. Oaktree intends to rely upon the testimony

of (a) Mr. Brian Whittman, which will generally consist of the basis for and mathematics

supporting the Debtors' Recovery Chart (as defined in the Allocation Disputes Order); and

(b) any witnesses that may be required to authenticate or admit into evidence the exhibits offered

in support of these positions.

3.     <u>Allocation Disputes Order Paragraph 2(b)(iv)</u>: Oaktree intends to take the

position that the beneficiaries of the subordination agreement governing the EGI-TRB LLC

Notes are entitled to receive post-petition interest prior to the Holders of the EGI-TRB LLC

3

Notes receiving payment on their Claims. Oaktree does not intend to rely on any witnesses in support of this position other than the testimony of any witnesses that may be required to authenticate or admit into evidence the exhibits offered in support of this position.

4.    Oaktree does not intend to take a position on the issues included in Allocation Disputes Order Paragraphs 2(b)(ii) or (v).

Dated: Wilmington, Delaware
           January 31, 2012

_____
Robert S. Brady (Bar No. 2847)
M. Blake Cleary (Bar No. 3614)
YOUNG CONAWAY STARGATT &
TAYLOR LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone (302) 571-6600
Facsimile (302) 571-1253

-and-

Bruce Bennett
James O. Johnston
Joshua M. Mester
DEWEY & LEBOEUF LLP
333 South Grand Avenue, Suite 2600
Los Angeles, CA 90071-1530
Telephone (213) 621-6000

*Attorneys for Oaktree Capital Management, L.P.*

4