IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
In re:                                           :        Chapter 11 Cases
                                                 :        Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,                         :        (Jointly Administered)
                                                 :
                    Debtors.                     :        Re: Docket No. 10692
                                                 :
---------------------------------------------------------x

## PRELIMINARY STATEMENT

Law Debenture Trust Company of New York ("Law Debenture"), as successor indenture trustee under that certain Indenture dated March 19, 1996 between Tribune Company ("Tribune" and with its debtor subsidiaries, the "Debtors") (successor to The Times Mirror Company) and Citibank, N.A., by and through its undersigned counsel, hereby files this preliminary statement[1] in connection with the Allocation Disputes pursuant to the *Order Establishing Scheduling For (1) Resolution of the Allocation Disputes and (2) Consideration of DCL Plan Proponents' Supplemental Disclosure Document, Solicitation Procedures Motion And Plan*, dated January 24, 2012 [Dkt. No. 10692] (the "Order") and respectfully represents as follows:[2]

Law Debenture intends to take a position with respect to those Allocation Disputes discussed below:

---

[1] The Order (as defined herein) provides that:

No later than January 31, 2012, each Party, including any party not specifically named in paragraph 1 that wishes to take a position on any Allocation Dispute, shall file a statement setting forth the Allocation Dispute(s) that such Party intends to take a position on, a brief statement of such position with respect to each such Allocation Dispute, the identification of such Party's trial witnesses (if any) and the anticipated scope of any direct trial testimony. (Order, at 6.)

[2] Capitalized terms shall have the meaning ascribed to them in the Motion, unless otherwise defined herein.

PHONES Notes Disputes

(1)     Whether and to what extent the Article III Distributions must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code in connection with assertions that all or any portion of the consideration provided by the Senior Lenders, Bridge Lenders, and Settling Step Two Payees in respect of the Settlement are or are not subject to the subordination provisions of the PHONES Notes Indenture.

- Law Debenture intends to argue that all distributions under the Plan are subject to the subordination provisions of the PHONES Notes Indenture, including, without limitation, by relying on the *Order Regarding Motions for Reconsideration of the Confirmation Opinion and Order* [Dkt. No. 10532] and the *Memorandum on Reconsideration* [Dkt. No. 10531] (collectively, the "Reconsideration Order").

(2)     Whether and to what extent the priority of the distributions from the Creditors' Trust must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code in connection with assertions that all or any distributions from the Creditors' Trust are or are not subject to the subordination provisions of the PHONES Notes Indenture.

- Law Debenture intends to argue that all distributions from the Creditors' Trust are subject to the subordination provisions of the PHONES Notes Indenture, including, without limitation, by relying on the Reconsideration Order.

(3)     Whether and to what extent the Article III Distributions or the priority of distributions from the Creditors' Trust and/or the Litigation Trust must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code in connection with assertions that any category of Other Parent Claims (*i.e.*, the Swap Claim, the Retiree Claims or general unsecured trade claims against Tribune) does or does not constitute "Senior Indebtedness", as defined by the PHONES Notes Indenture (including, without limitation, because any category of Other Parent Claims does or does not constitute "Indebtedness," as that term is defined in the PHONES Notes Indenture and used in the PHONES Note Indenture's definition of "Senior Indebtedness").

- Law Debenture intends to argue that Other Parent Claims do not constitute "Senior Indebtedness" as defined by the PHONES Notes Indenture.

>   Additionally, Law Debenture intends to argue that allowing Other Parent Claims to receive Plan distributions or distributions from the Creditors Trust or Litigation Trust as if they were entitled to benefit from the subordination provisions of the PHONES Notes Indenture results in unfair discrimination against Senior Noteholders.

(4) The allowed amount of the PHONES Notes Claims.

- Law Debenture does not intend to take a position on this issue.

(5) Whether and to what extent beneficiaries of the subordination provisions of the PHONES Notes Indenture (as determined by the Bankruptcy Court, if applicable) are entitled to receive post-petition interest prior to the Holders of PHONES Notes Claims receiving payment on their Claims.

- Law Debenture intends to argue that the PHONES Notes Indenture subordinates payment of the PHONES Notes Claims to payment in full of Senior Indebtedness, including payment of all post-petition interest. .

(6) Whether the PHONES Notes are senior in right of payment to the EGI-TRB LLC Notes.

- Law Debenture does not intend to take a position on this issue.

EGI-TRB LLC Notes Disputes.

(1) Whether and to what extent the Article III Distributions must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code in connection with assertions that all or any portion of the consideration provided by the Senior Lenders, Bridge Lenders, and Settling Step Two Payees in respect of the Settlement are or are not subject to the subordination agreement governing the EGI-TRB LLC Notes.

- Law Debenture intends to argue that all distributions under the Plan are subject to the subordination provisions of the subordination agreement governing the EGI-TRB LLC Notes, including, without limitation, by relying on the same reasoning embodied in the Reconsideration Order and the provisions of the applicable subordination agreement.

(2) Whether and to what extent the priority of the distributions from the Creditors' Trust and/or the Litigation Trust must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code in connection with assertions that all or any distributions from the Creditors' Trust and/or the Litigation Trust are or are not subject to the subordination agreement governing the EGI-TRB LLC Notes.

- Law Debenture intends to argue that all distributions from the Creditors' Trust and Litigation Trust are subject to the subordination provisions of the subordination agreement governing the EGI-TRB LLC Notes, including, without limitation, by relying on the same reasoning embodied in the Reconsideration Order and the provisions of the applicable subordination agreement.

(3) Whether and to what extent the Article III Distributions or the priority of distributions from the Creditors' Trust and/or the Litigation Trust must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code in connection with assertions that any category of Other Parent Claims (*i.e.*, the Swap Claim, the Retiree Claims or general unsecured trade claims against Tribune) does or does not constitute "Senior Obligations", as defined by the subordination agreement governing the EGI-TRB LLC Notes.

- Law Debenture intends to argue that Other Parent Claims do not constitute "Senior Obligations," as defined by the subordination agreement governing the EGI-TRB LLC Notes. Additionally, Law Debenture intends to argue that allowing Other Parent Claims to receive Plan distributions or distributions from the Litigation Trust or Creditors Trust as if they were entitled to benefit from the subordination agreement governing the EGI-TRB LLC Notes results in unfair discrimination against Senior Noteholders.

(4) Whether and to what extent beneficiaries of the subordination agreement governing the EGI-TRB LLC Notes (as determined by the Bankruptcy Court, if applicable) are entitled to receive post-petition interest prior to the Holders of EGI-TRB LLC Notes Claims receiving payment on their Claims.

- Law Debenture intends to argue that the subordination agreement governing the EGI-TRB LLC Notes subordinates payment of the EGI-TRB LLC Notes to payment in full of all indebtedness constituting Senior Obligations, including payment of all post-petition interest.

(5)    Whether the EGI-TRB LLC Notes are senior in right of payment to the PHONES Notes.

- Law Debenture does not intend to take a position on this issue.

Trial Witnesses/Scope of Trial Testimony

Law Debenture reserves the right to call a witness to (i) verify certain waterfall calculations in the event that the Parties are unable to stipulate as to the distributions that will flow to creditors from Article III distributions or distributions from the Creditors' Trust or Litigation Trust under various Allocation Dispute scenarios or (ii) rebut testimony offered by any Party to the Allocation Disputes.

Dated: January 31, 2012　　　　　　　　　　Respectfully submitted,
　　　　　Wilmington, Delaware

**BIFFERATO GENTILOTTI LLC**

*/s/ Mary E. Augustine*
Garvan F. McDaniel (No. 4167)
Mary E. Augustine (No. 4477)
800 N. King Street, Plaza Level
Wilmington, Delaware 19801
Tel:  (302) 429-1900
Fax:  (302) 429-8600

– and –

David S. Rosner
Sheron Korpus
Christine A. Montenegro
Matthew B. Stein
**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**
1633 Broadway
New York, New York 10019
Tel:  (212) 506-1700
Fax:  (212) 506-1800

*Co-Counsel for Law Debenture Trust Company*
 *of New York*