Daniel H. Golden, Esq.
David M. Zensky, Esq.
Phil Dublin, Esq.
Deborah Newman, Esq.
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000

Counsel for Aurelius Capital Management, LP

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------X
In re:                                          :
                                                :   Chapter 11 Cases
                                                :   Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,                        :   (Jointly Administered)
                                                :
                         Debtors.               :
------------------------------------------------X

**PRELIMINARY STATEMENT OF AURELIUS CAPITAL MANAGEMENT, LP, ON ALLOCATION DISPUTES**

Pursuant to paragraph 13 of the Order Establishing Scheduling For (1) Resolution Of The Allocation Disputes And (2) Consideration Of DCL Plan Proponents' Supplemental Disclosure Document, Solicitation Procedures Motion And Plan [Docket No. 10692] (the "Scheduling Order"), Aurelius Capital Management, LP ("Aurelius"),[1] by and through its undersigned counsel, states as follows:[2]

---

[1] Entities managed by Aurelius own a substantial amount of Senior Notes and PHONES Notes. Neither Aurelius nor any of its managed entities owe any fiduciary duties to any party in interest in these cases nor is Aurelius or any of its managed entities an insider of Tribune Company or any of its affiliates.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Scheduling Order.

{00599208;v1}

1

# Allocation Disputes[3]

## A. PHONES Notes Disputes

i. Whether and to what extent the Article III Distributions must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code in connection with assertions that all or any portion of the consideration provided by the Senior Lenders, Bridge Lenders, and Settling Step Two Payees in respect of the Settlement are or are not subject to the subordination provisions of the PHONES Notes Indenture.

Aurelius's Position: All of the consideration provided by the Senior Lenders, Bridge Lenders, and Settling Step Two Payees in respect of the Settlement is subject to the subordination provisions of the PHONES Notes Indenture and, thus, all such consideration must be turned over by the holders of PHONES Notes to the holders of "Senior Indebtedness" as defined in the PHONES Notes Indenture.

ii. Whether and to what extent the priority of the distributions from the Creditors' Trust must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code in connection with assertions that all or any distributions from the Creditors' Trust are or are not subject to the subordination provisions of the PHONES Notes Indenture.

Aurelius's Position: All of the distributions from the Creditors' Trust are subject to the subordination provisions of the PHONES Notes Indenture and, thus, all such distributions must be turned over by the holders of PHONES Notes to the holders of "Senior Indebtedness" as defined in the PHONES Notes Indenture.

iii. Whether and to what extent the Article III Distributions or the priority of distributions from the Creditors' Trust and/or the Litigation Trust must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code in connection with assertions that any category of Other Parent Claims (*i.e.*, the Swap Claim, the Retiree Claims or general unsecured trade claims against Tribune) does or does not constitute "Senior Indebtedness", as defined by the PHONES Notes Indenture (including, without limitation, because any category of Other Parent Claims does or does not constitute "Indebtedness," as that term is defined in the PHONES Notes Indenture and used in the PHONES Note Indenture's definition of "Senior Indebtedness").

Aurelius's Position: Other Parent Claims do not constitute "Senior Indebtedness," as defined by the PHONES Notes Indenture. Allowing Other Parent Claims to receive Plan distributions or distributions from the Creditors' Trust and/or the Litigation Trust as if they were entitled to benefit from the subordination provisions of the PHONES Notes Indenture breaches the contractual rights of the Senior Noteholders, violates the Bankruptcy Code, and/or results in unfair discrimination against the Senior Noteholders.

---

[3] Aurelius reserves its right to amend or supplement its positions on the Allocation Disputes as may be necessitated by ongoing discovery and/or positions taken by the other Parties to the Allocation Disputes.

{00599208;v1}

iv. The Allowed amount of the PHONES Notes Claims.

<u>Aurelius's Position</u>: The PHONES Notes Claims should be allowed in an amount representing the aggregate principal amount of PHONES Notes that were outstanding as of, and were not delivered to Deutsche Bank Trust Company Americas or Tribune Company for exchange prior to, the Petition Date (*i.e.* the low PHONES amount).

v. Whether and to what extent beneficiaries of the subordination provisions of the PHONES Notes Indenture (as determined by the Bankruptcy Court, if applicable) are entitled to receive post-petition interest prior to the Holders of PHONES Notes Claims receiving payment on their Claims.

<u>Aurelius's Position</u>: Beneficiaries of the subordination provisions of the PHONES Notes Indenture (as determined by the Bankruptcy Court, if applicable) are not entitled to receive post-petition interest prior to the Holders of PHONES Notes Claims receiving payment in full in respect of their allowed pre-petition Claims, provided, however, that to the extent the pre-petition Claims of the beneficiaries of the subordination provisions of the PHONES Notes Indenture (as determined by the Bankruptcy Court, if applicable) and the Holders of PHONES Notes Claims are paid in full, any subsequent recoveries or distributions to such Claimants in respect of additional interest shall be paid on a *pro rata* basis.

vi. Whether the PHONES Notes are senior in right of payment to the EGI-TRB LLC Notes.

<u>Aurelius's Position</u>: Aurelius does not intend to take a position on this issue.

**B. EGI-TRB LLC Notes Disputes**

i. Whether and to what extent the Article III Distributions must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code in connection with assertions that all or any portion of the consideration provided by the Senior Lenders, Bridge Lenders, and Settling Step Two Payees in respect of the Settlement are or are not subject to the subordination agreement governing the EGI-TRB LLC Notes.

<u>Aurelius's Position</u>: All of the consideration provided by the Senior Lenders, Bridge Lenders, and Settling Step Two Payees in respect of the Settlement is subject to the subordination agreement governing the EGI-TRB LLC Notes and, thus, all such consideration must be turned over by the holders of EGI-TRB LLC Notes to the holders of "Senior Obligations" as defined in the subordination agreement governing the EGI-TRB LLC Notes.

ii. Whether and to what extent the priority of the distributions from the Creditors' Trust and/or the Litigation Trust must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code in connection with

assertions that all or any distributions from the Creditors' Trust and/or the Litigation Trust are or are not subject to the subordination agreement governing the EGI-TRB LLC Notes.

Aurelius's Position: All distributions from the Creditors' Trust and the Litigation Trust are subject to the subordination agreement governing the EGI-TRB LLC Notes and, thus, all such distributions must be turned over by the holders of EGI-TRB LLC Notes to the holders of "Senior Obligations" as defined in the subordination agreement governing the EGI-TRB LLC Notes.

iii. Whether and to what extent the Article III Distributions or the priority of distributions from the Creditors' Trust and/or the Litigation Trust must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code in connection with assertions that any category of Other Parent Claims (*i.e.*, the Swap Claim, the Retiree Claims or general unsecured trade claims against Tribune) does or does not constitute "Senior Obligations", as defined by the subordination agreement governing the EGI-TRB LLC Notes.

Aurelius's Position: Other Parent Claims do not constitute "Senior Obligations," as defined by the subordination agreement governing the EGI-TRB LLC Notes. Allowing Other Parent Claims to receive Plan distributions or distributions from the Creditors' Trust and/or the Litigation Trust as if they were entitled to benefit from the subordination agreement governing the EGI-TRB LLC Notes breaches the contractual rights of the Senior Noteholders, violates the Bankruptcy Code, and/or results in results in unfair discrimination against the Senior Noteholders.

iv. Whether and to what extent beneficiaries of the subordination agreement governing the EGI-TRB LLC Notes (as determined by the Bankruptcy Court, if applicable) are entitled to receive post-petition interest prior to the Holders of EGI-TRB LLC Notes Claims receiving payment on their Claims.

Aurelius's Position: Beneficiaries of the subordination agreement governing the EGI-TRB LLC Notes (as determined by the Bankruptcy Court, if applicable) are entitled to receive post-petition interest prior to the Holders of EGI-TRB LLC Notes Claims receiving payment on their Claims.

v. Whether the EGI-TRB LLC Notes are senior in right of payment to the PHONES Notes.

Aurelius's Position: Aurelius does not intend to take a position on this issue.

## Trial Witnesses

i. Aurelius reserves the right to call a witness to (i) verify certain waterfall calculations in the event that the Parties are unable to stipulate as to the distributions that will flow to creditors from Article III distributions or distributions from the Creditors' Trust or Litigation Trust under various Allocation Dispute scenarios or (ii) rebut testimony offered by any Party to the Allocation Disputes.

Dated: January 31, 2012

| AKIN GUMP STRAUSS HAUER & FELD LLP | ASHBY & GEDDES, P.A. |
|---|---|
| Daniel H. Golden | |
| David M. Zensky | /s/ Leigh-Anne M. Raport |
| Phil Dublin | William P. Bowden (I.D. No. 2553) |
| Deborah Newman | Amanda M. Winfree (I.D. No. 4615) |
| One Bryant Park | Leigh-Anne M. Raport (I.D. No. 5055) |
| New York, NY 10036 | 500 Delaware Avenue, P.O. Box 1150 |
| 212-872-1000 | Wilmington, DE 19899 |
| | 302- 654-1888 |

*Counsel for Aurelius Capital Management, LP*

{00599208;v1}