**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

_____
                                                          )
In re:                                                    )          Chapter 11 Cases
                                                          )          Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,                    )          (Jointly Administered)
                                                          )
         Debtors.                                     )
_____ )

**REPLY OF WILMINGTON TRUST COMPANY, AS SUCCESSOR INDENTURE
TRUSTEE, IN FURTHER SUPPORT OF ITS MOTION FOR LEAVE TO APPEAL THE
<u>BANKRUPTCY COURT'S DECISION ON PHONES SUBORDINATION</u>**

SULLIVAN HAZELTINE ALLINSON LLC
William D. Sullivan (I.D. No. 2820)
Elihu E. Allinson, III (I.D. No. 3476)
901 N. Market Street, Suite 1300
Wilmington, DE 19801
302-428-8191

and

BROWN RUDNICK LLP
Robert J. Stark
Martin S. Siegel
Gordon Z. Novod
Seven Times Square
New York, NY 10036
212-209-4800

*Counsel for Wilmington Trust Company, solely
in its capacity as successor Indenture Trustee
for the PHONES Notes*

Dated:  January 31, 2012

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ....................................................................................................1

STATEMENT OF RELEVANT ADDITIONAL FACTS ............................................................3

ARGUMENT.................................................................................................................................5

I.      The Bankruptcy Court Orders Are Appealable As Of Right................................................5

II.     Even Were The Bankruptcy Court Orders Not Appealable As Of Right, Leave To
        Appeal Should Be Granted ..................................................................................................8

CONCLUSION..............................................................................................................................9

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

Amazon, Inc. v. Dirt Camp, Inc., 273 F.3d 1271 (10th Cir. 2001)....................................................6

In re Armstrong World Indus., 432 F.3d 507 (3d Cir. 2005).............................................5, 6, 7, 8

In re Combustion Eng'g., Inc., 391 F.3d 190 (3d Cir. 2004)..........................................................5

Explo, Inc. v. S. Natural Gas Co., 788 F.2d 1096 (5th Cir. 1986)...................................................9

Hurletron Inc. v. Eltex-Elektrostatik-Gesellschaft mbH, Nos. 96-4187, 97-1699, 1997
    WL 345902 (7th Cir. June 16, 1997) ...................................................................................9

Jarvis v. Nobel Food Servs. Co., 986 F.2d 1419 (10th Cir. 1993)...................................................5

In re Reliant Energy Channelview, LP, 397 B.R. 697 (D. Del. 2008)............................................5

Royal Ins. Co. of Am. v. Orient Overseas Container Line, Ltd.,
    525 F.3d 409 (6th Cir. 2008) .............................................................................................9

In its capacity as successor Indenture Trustee pursuant to an indenture dated April 1, 1999 (the "PHONES Indenture," with the notes and holders of notes issued pursuant to the PHONES Indenture respectively referred to herein as the "PHONES Notes" and the "PHONES Noteholders"), by and between the Tribune Company (with its debtor subsidiaries, the "Debtors") and Bank of Montreal Trust Company, as original indenture Trustee, Wilmington Trust Company ("Wilmington Trust"), by and through its undersigned counsel, respectfully submits this reply in further support of its motion (the "Motion") for appeal from the Reconsideration Order and Decision, and the attendant changes to the Confirmation Opinion (collectively, the "Orders" or the "Bankruptcy Court Orders") entered by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), respectively.[1]

## PRELIMINARY STATEMENT

Wilmington Trust has the right to appeal from the Bankruptcy Court Orders – Orders that, if left undisturbed, threaten to reduce by hundreds of millions of dollars recoveries available to the PHONES Noteholders in the Debtors' bankruptcy cases.  To the unbiased observer, the importance and finality of the Orders cannot be doubted.  In these circumstances, even though as a general rule opinions denying confirmation of a plan are not final orders, the Bankruptcy Court's interpretation of the subordination provisions of the PHONES Indenture, as embodied in the Orders, is exactly the type of issue that is subject to an immediate appeal as of right.

Further, even if the Orders were not appealable as of right, interlocutory review would be warranted.  The Bankruptcy Court addressed a key legal issue in Debtors' bankruptcy cases that will result in subordination of a significant stakeholder (with claims totaling approximately $1.2

---

[1]     As defined in the Motion, the decisions appealed from are: (1) the Order Regarding Motions for Reconsideration of the Confirmation Opinion and Order (the "Reconsideration Order") [D.I. 10532] and the Memorandum on Reconsideration (the "Reconsideration Decision") [D.I. 10531], each entered in these cases on December 29, 2011; and (2) the Order Denying Confirmation of Competing Plans [D.I. 10134] and the Bankruptcy Court's Opinion on Confirmation [D.I. 10133], each entered in these cases on October 31, 2011.

billion).  An immediate appeal of this ruling will advance the resolution of Debtors' cases.  Far from leading to piecemeal litigation, as certain objecting parties have asserted, an immediate appeal will give direction to the Bankruptcy Court and the parties, permitting further proceedings in the underlying bankruptcy cases to progress with finality.  Further, any delay in appellate review could irrevocably harm the rights of the PHONES Noteholders to receive their rightful recoveries because the Debtors are presently seeking confirmation of a plan of reorganization pursuant to which distributions would be made under an erroneous interpretation of the subordination provisions in the PHONES Indenture.  In this situation, leave to appeal should be granted even were appeal as of right unavailable.[2]

Two objections were filed to Wilmington Trust's Motion.  The first was filed by the "DCL Plan Proponents," a group that includes the Debtors, the Official Committee of Unsecured Creditors, and certain lenders that have settled claims and causes of action with the Debtors' estates (D.I. 10690).  The second objection was filed by the indenture trustees representing senior noteholders, Law Debenture Trust Company of New York ("Law Debenture") and Deutsche Bank Trust Company Americas ("DBTCA") (D.I. 10702) (collectively with the first objection, the "Objections," and with all parties submitting or joining objections referred to as "Objectors")).  The second objection was joined by Aurelius Capital Management, L.P. ("Aurelius") (D.I. 10703), a significant senior noteholder (referred to collectively with the Law Debenture and DBTCA and the constituencies they represent as the "Senior Noteholders").  Both Objections contend that the Orders are not final orders or otherwise appealable as of right.  Yet significantly, just two weeks prior to submitting these Objections, these same parties argued to

---

[2]    In this regard, Wilmington Trust reserves all rights with regard to its position on appeal as of right under the Collateral Order Doctrine.

the Bankruptcy Court that no further issues remained to be decided with respect to whether the

PHONES Notes are subordinated on recoveries from Chapter 5 causes of action.

Wilmington Trust submits this limited reply to address inconsistencies in the Objectors'

own positions on issues relevant to this appeal.[3]

**STATEMENT OF RELEVANT ADDITIONAL FACTS**

On December 29, 2011, the Bankruptcy Court entered the Reconsideration Order and the

Reconsideration Decision.  Thereafter, on January 11, 2012, the Bankruptcy Court held a hearing

to review the remaining disputes (identified by the Debtors) that the parties believe the

Bankruptcy Court needs to decide in connection with the confirmation of the DCL Plan

Proponents' Third Amended Plan (the parties have termed these disputes the "Remaining

Allocation Disputes").  In advance of the January 11 hearing, the Bankruptcy Court asked the

parties to submit their proposals on the timing for resolving the Remaining Allocation Disputes

and for the Bankruptcy Court's consideration of the Third Amended Plan, which is the most

recent plan submitted by DCL Plan Proponents.

On January 10, 2012, the DCL Plan Proponents submitted their proposal, titled *DCL Plan*

*Proponents'    Proposed    Schedules    for    Resolution    of    Allocation    Disputes    and*

*Disclosure/Confirmation of Third Amended Plan* (the "DCL Plan Proponents' Statement") (D.I.

10569) (attached hereto as Exhibit A).  In its pleading, the DCL Plan Proponents in identifying

the remaining disputes notably omitted any reference to any outstanding or unresolved dispute

concerning the determination of whether the PHONES Noteholders are subordinated with

---

[3]      By limiting this reply to certain issues that clearly warrant a response, Wilmington Trust does not in any
way admit or concede anything with respect to any issues not addressed in this reply, and should not by its silence
be deemed to have waived any position or conceded any issue.  Further, Wilmington Trust reserves the right to
appeal any other issues decided by the Bankruptcy Court in the Orders, none of which are sufficiently final at this
stage of proceedings to give Wilmington Trust an appeal as of right, and for which Wilmington Trust is not
presently seeking leave to take an interlocutory appeal.

respect to proceeds of Chapter 5 avoidance claims.    [Exhibit A, p. 2].    This admission, by

omission or negative implication, makes clear that the DCL Plan Proponents believe that the

Bankruptcy Court Orders have finally and conclusively resolved those disputes concerning the

PHONES subordination provisions (at least absent an appeal to this Court).

Aurelius (supported by Law Debenture and DBTCA) submitted a similar proposal, titled

*Statement of Aurelius Capital Management, LP in Support of its Proposed Revised Schedule for*

*Resolution of the Remaining Allocation Disputes and Confirmation of the Third Amended DCL*

*Plan* (the "Aurelius Statement") (D.I. 10571) (attached hereto as Exhibit B).    In its pleading,

Aurelius states that the issue of the subordination of the PHONES Notes "in light of the

Reconsideration Decision…has been resolved with respect to the PHONES Indenture such that

the Holders of Phones Notes Claims are subordinated for purposes of consideration provided in

respect of the Settlement."    [Exhibit B, p. 3].

The DCL Plan Proponents and Senior Noteholders were clear in their written submissions

to the Bankruptcy Court as to their positions on the conclusiveness and finality of the

Bankruptcy Court Orders.    But even had they left any ambiguity on this issue, they made their

position absolutely clear at oral argument at the January 11, 2012 hearing.    In addressing a

question from the Bankruptcy Court as to whether the DCL Plan Proponents were in agreement

with the Senior Noteholders on the issues remaining to be decided with respect to PHONES

Notes subordination, counsel to the Debtors (speaking on behalf of all of the DCL Plan

Proponents) stated:

> I think that we are in agreement.  I would say that the plan proponents agree with
> …Aurelius' presentation in that both of us think that Your Honor, on the
> reconsideration involving the PHONES, probably did dispose of whether the
> PHONES are subordinated with regard to the settlement proceeds….

See 1/11/2012 Hr'g Tr., at p. 28, attached as Ex. C.

4

## ARGUMENT

I.    **The Bankruptcy Court Orders Are Appealable As Of Right**

The Objectors now argue that Wilmington Trust has no right to appeal because: (1) Wilmington Trust lacks standing to appeal insofar as it obtained the ultimate relief it was seeking in the Bankruptcy Court (namely, denial of confirmation of the DCL Plan Proponents' Second Amended Plan); (2) taken together, the Orders are denials of plan confirmation, and as such, they are not final, appealable orders; and (3) the circumstances present in the Third Circuit's decision in In re Armstrong World Indus., 432 F.3d 507 (3d Cir. 2005) ("Armstrong"), a case which permitted the appeal of an order denying confirmation, are not present here.   [DCL Objection at pp. 8-11].[4]

As an initial matter, Objectors' arguments concerning Wilmington Trust's standing are off base.  Obviously, Wilmington Trust would not be seeking to appeal an issue on which it prevailed below.  To be sure, the Bankruptcy Court denied confirmation of the Second Amended Plan (a result that Wilmington Trust sought).  However, in the process, in issuing the Orders at issue here, the Bankruptcy Court ruled against Wilmington Trust on PHONES subordination, and thus, Wilmington Trust has standing to appeal this issue.  In this Circuit, as elsewhere, a creditor in a bankruptcy case can appeal an adverse decision that is but one part of a broader order holding both for and against the creditor.  See, e.g., In re Combustion Eng'g, Inc., 391 F.3d 190, 219-20 (3d Cir. 2004) (finding that two groups of creditors had limited standing to appeal certain unfavorable aspects of a confirmed plan of reorganization); see generally Jarvis v. Nobel/Sysco Food Servs. Co., 985 F.2d 1419, 1424 (10th Cir. 1993) ("[W]here a judgment gives the successful party only part of that which he seeks and denies him the balance, with the result

---

[4]       The Law Debenture Objection (joined by Aurelius) cites to the case of In re Reliant Energy Channelview, LP, 397 B.R. 697 (D. Del. 2008), a decision that discusses essentially the same factors as Armstrong.  Law Debenture Objection, pp. 9-12.

that injustice has been done him, he may appeal from the entire judgment."); accord Amazon, Inc. v. Dirt Camp, Inc., 273 F.3d 1271, 1275 (10th Cir. 2001) (a prevailing party "is aggrieved and ordinarily can appeal a decision granting in part and denying in part the remedy requested.").

Moreover, Objectors' arguments concerning the non-final nature of certain orders denying plan confirmation miss the mark. The Orders at issue here are final with respect to (and solely with respect to) the Bankruptcy Court's interpretation of the subordination provision of the PHONES Indenture. The finality of the Orders is clear, as demonstrated by the Objectors own submissions to the Bankruptcy Court, where Objectors have taken the position that no further issue remains to be decided with respect to that interpretation.

In light of their acknowledgment in the Bankruptcy Court concerning the finality of the Orders with respect to resolving PHONES Noteholders' rights, the Objectors should not now argue to this Court that the Orders do not constitute final orders subject to immediate appeal. Indeed, contrary to Objectors' arguments, the factors cited in Armstrong cut in favor of recognizing Wilmington Trust's right to appeal. Those factors are: (1) the impact on the assets of the bankruptcy estate; (2) the need for further fact-finding on remand; (3) the preclusive effect of a decision on the merits; and (4) the interests of judicial economy. Armstrong, 432 F.3d at 511. All of these factors weigh in favor of recognizing Wilmington Trust's right to take an immediate appeal. In fact, the decision in Armstrong generally supports Wilmington Trust's right to appeal insofar it held that an appeal of aspects of a bankruptcy court decision on plan confirmation should go forward in advance of final confirmation where the issue on appeal fully and finally resolved a party's rights in the underlying bankruptcy proceeding. Application of the individual Armstrong factors demonstrates that Wilmington Trust should have the right to take an immediate appeal.

First, on the impact of the relevant decision to the assets of the bankruptcy estate, there is no question that the Orders impact recoveries available to different creditor classes in the Debtors' bankruptcy cases, as in <u>Armstrong</u>.  The argument advanced by Objectors on this factor – that the Bankruptcy Court need not address the scope of PHONES subordination in connection with confirmation of the Third Amended DCL Plan and that the subordination issue does not affect the assets of the bankruptcy estates [DCL Objection at p. 9; Law Debenture at pp. 2-3]  – makes no sense.  In fact, the Objectors take the position that the Bankruptcy Court has *already* finally determined the PHONES Notes subordination, dispensing with the need to further address this issue at the Bankruptcy Court level.  Thus Objectors have implicitly acknowledged that this issue, <u>i.e.,</u> the issue of PHONES subordination, directly impacts the bankruptcy estates and recoveries available to creditors from Chapter 5 avoidance claims.

Second, on the need for further fact-finding by the Bankruptcy Court, the Objectors likewise conceded in their Statements to the Bankruptcy Court on the Remaining Allocation Disputes that no further adjudication of the subordination issue decided in the Orders is necessary.  This supports review of the Orders now, similar to the situation in <u>Armstrong.</u>

Third, the preclusive effect of a decision on the merits is clear.  The Objectors argued in their statements to the Bankruptcy Court on the Remaining Allocation Disputes that the Orders have preclusive and final effect on whether the PHONES Noteholder are subordinated in their rights to participate in recoveries from Chapter 5 avoidance claims.  In this situation, Objectors' argument that the Bankruptcy Court has yet to make a final determination regarding the issue on appeal contradicts their submissions to the Bankruptcy Court.

Fourth, as to interests of judicial economy, this factor also weighs in favor of an immediate appeal.  Given that the DCL Plan Proponents argued that no further decision is

needed on PHONES subordination with respect to Chapter 5 avoidance claims, there is no need to delay an appeal of this issue. Indeed, as nobody can dispute Wilmington Trust's right to appeal the Bankruptcy Court's subordination decision as embodied in the Orders, the only issue is the timing of the appeal. But Objectors have given no reason to delay an appeal of the subordination issue. An immediate appeal will streamline further proceedings in the Bankruptcy Court insofar as a decision by this Court to reverse the Bankruptcy Court's Orders would be extremely relevant to the Remaining Allocation Disputes.

Finally, Objectors' arguments regarding the detrimental impact of an immediate appeal on the underlying bankruptcy cases is a red herring. The DCL Plan Proponents have told the Bankruptcy Court that there is nothing left to decide with respect to whether the PHONES Noteholders are subordinated in their right to participate in recoveries from Chapter 5 avoidance claims. It defies logic for them to then argue that the Bankruptcy Court will somehow be restricted by the pending appeal, where by Objectors' own admission, the issue on appeal has been resolved by the Bankruptcy Court. Contrary to Objectors' arguments, an immediate appeal will lend finality and certainty to any plan of reorganization confirmed by the Bankruptcy Court, and to the distributions that are made under any such plan. In these circumstances, Objectors' suggestion that Wilmington Trust should be completely frozen in its right to appeal makes no sense, and is contrary to the Third Circuit's decision in <u>Armstrong</u>.

## II.     Even Were The Bankruptcy Court Orders Not Appealable As Of Right, <u>Leave To Appeal Should Be Granted</u>

With respect to the interlocutory appeal factors, Wilmington Trust largely rests on the submissions in its opening brief, except to point out Objectors' inconsistent positions on whether

8

an immediate appeal would materially advance the underlying litigation.[5]  Objectors have told

the Bankruptcy Court that the Orders fully and finally resolve the issue of whether the PHONES

Noteholders are subordinated with respect to their right to participate in recoveries from Chapter

5 avoidance claims, with such decision having relevance to multiple related allocation and

distribution issues, at least according to Objectors.  It is therefore inconsistent for Objectors to

argue to this Court that an immediate appeal would have no bearing on, and could not materially

advance, the underlying litigation.

As Objectors' own inconsistent positions make clear, the Bankruptcy Court's decision on

PHONES subordination, as embodied in the Orders, will have and is having significant impact

on the Debtors' plan process.  In this situation, that decision should be reviewed immediately to

streamline further proceedings in the Bankruptcy Court, to ensure distributions to creditors are

made in accordance with the proper interpretation of the PHONES Indenture, and to give

certainty and finality to Debtors' plan of reorganization.

## CONCLUSION

**WHEREFORE**, Wilmington Trust respectfully requests that this Court (A)(i) determine

that the Reconsideration Order and attendant changes to the Confirmation Opinion are "final"

---

[5]       At risk of lending credibility to baseless arguments, Wilmington Trust also notes that Objectors misstate the law and mischaracterize the issue when they argue that this appeal does not involve a controlling question of law or present an issue on which there is substantial grounds for difference of opinion.  It is blackletter law that issues of contract interpretation (such as those here) are purely legal issues.   And in the appropriate circumstances, interlocutory review will be granted on a controlling issue of contract interpretation.  See Explo, Inc. v. S. Natural Gas Co., 788 F.2d 1096, 1098 (5th Cir. 1986) ("[q]uestions of contract interpretation and whether a provision is inherently ambiguous both present questions of law fully reviewable on appeal.") (citation omitted); see also Royal Ins. Co. of Am. v. Orient Overseas Container Line, Ltd., 525 F.3d 409, 421-22 (6th Cir. 2008) (granting leave to take an interlocutory appeal on "[t]he proper interpretation of a contract"); accord Hurletron Inc. v. Eltex-Elektrostatik-Gesellschaft mbH, Nos. 96-4187, 97-1699, 1997 WL 345902 (7th Cir. June 16, 1997).  Further, the issue on appeal, namely the scope of junior noteholders' subordination with respect to recoveries on Chapter 5 avoidance claims, is a novel legal issue on which there is substantial grounds for different of opinion; indeed, the Bankruptcy Court itself came out two opposite ways on this issue.  Obviously, not every decision granting a motion for reconsideration will present circumstances warranting interlocutory review, but here, the circumstances warrant an immediate appeal.

orders appealable as of right, or, in the alternative (ii) grant leave to appeal from those aspects of the Orders, and (B) grant such other and further relief as the Court deems just proper and equitable.

Dated:  January 31, 2012
        Wilmington, Delaware

Respectfully submitted,

**SULLIVAN ·HAZELTINE ALLINSON** LLC

_____/s/ William D. Sullivan_____
William D. Sullivan (DE Bar No. 2820)
Elihu E. Allinson, III (DE Bar. No. 3476)
901 N. Market St., Suite 1300
Wilmington, DE 19801
Tel: 302-428-8191

-and-

BROWN RUDNICK LLP
Robert J. Stark
Martin S. Siegel
Gordon Z. Novod
Seven Times Square
New York, NY 10036
Tel: 212-209-4800

_Counsel for Wilmington Trust Company, solely in its capacity as successor Indenture Trustee for the PHONES Notes_