# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Hearing Date: January 11, 2012 at 11:00 a.m. (ET) |

### DCL PLAN PROPONENTS'
### PROPOSED SCHEDULES FOR RESOLUTION OF ALLOCATION DISPUTES
### AND DISCLOSURE/CONFIRMATION OF THIRD AMENDED PLAN

The debtors and debtors in possession in the above-captioned chapter 11 cases

(collectively, the "Debtors"), the Official Committee of Unsecured Creditors (the "Creditors'

Committee"), Oaktree Capital Management, L.P. ("Oaktree"), Angelo, Gordon & Co., L.P.

("Angelo Gordon") and JPMorgan Chase Bank, N.A. ("JPMorgan", and together with the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc. f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Docket No: 10569
Filed: 1/10/12

Debtors, the Creditors' Committee, Oaktree, and Angelo Gordon, the "<u>DCL Plan Proponents</u>")
hereby submit the attached exhibits and the following statement in connection with the
scheduling of the Allocation Dispute[2] resolution and disclosure/confirmation of the Third
Amended Plan.

Since issuance of the Reconsideration Opinion, the parties have met and conferred a
number of times in an attempt to reach agreement on scheduling of the remaining Allocation
Disputes that were not resolved by the Reconsideration Opinion and proceedings for
disclosure/confirmation of the Third Amended Plan.  These meetings have been productive,

---

[2] In light of the Court's recent decision respecting the motions for reconsideration of its Confirmation Opinion with respect to the Second Amended DCL Plan (the "<u>Reconsideration Opinion</u>"), the remaining "<u>**Allocation Disputes**</u>" that the DCL Plan Proponents believe are now subject to the Allocation Dispute resolution schedule are:

<u>PHONES Notes Disputes</u>. Disputes concerning the following issues related to the PHONES Notes: (i) whether and to what extent the Article III Distributions or the priority of distributions from the Creditors' Trust and/or the Litigation Trust must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code because any category of Other Parent Claims do not constitute "Senior Indebtedness", as defined by the PHONES Notes Indenture; (ii) the Allowed amount of the PHONES Notes Claims; (iii) whether and to what extent beneficiaries of the subordination provisions of the PHONES Notes Indenture (as determined by the Bankruptcy Court, if applicable) are entitled to receive post-petition interest prior to the Holders of PHONES Notes Claims receiving payment on their Claims; and (iv) whether the PHONES Notes are senior in right of payment to the EGI-TRB LLC Notes;

<u>EGI-TRB LLC Notes Disputes</u>. Disputes concerning the following issues related to the EGI-TRB LLC Notes: (i) whether and to what extent the Article III Distributions must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code because all or any portion of the consideration provided by the Senior Lenders, Bridge Lenders, and Settling Step Two Payees in respect of the Settlement are not subject to the subordination agreement governing the EGI-TRB LLC Notes; (ii) whether and to what extent the priority of the distributions from the Creditors' Trust and/or the Litigation Trust must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code because all or any distributions from the Creditors' Trust and/or the Litigation Trust are not subject to the subordination agreement governing the EGI-TRB LLC Notes; (iii) whether and to what extent the Article III Distributions or the priority of distributions from the Creditors' Trust and/or the Litigation Trust must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code because any category of Other Parent Claims do not constitute "Senior Obligations", as defined by the subordination agreement governing the EGI-TRB LLC Notes; (iv) whether and to what extent beneficiaries of the subordination agreement governing the EGI-TRB LLC Notes (as determined by the Bankruptcy Court, if applicable) are entitled to receive post-petition interest prior to the Holders of EGI-TRB LLC Notes Claims receiving payment on their Claims; and (v) whether the EGI-TRB LLC Notes are senior in right of payment to the PHONES Notes; and

<u>Other</u>. Any other issues that (i) are related to the foregoing, raised by a party in interest, and must be resolved in order to determine that the distributions made under the Plan satisfy the applicable requirements of the Bankruptcy Code, or (ii) the Bankruptcy Court may determine are necessary to the resolution of the foregoing.

resulting in a schedule for the Allocation Disputes agreed upon between the DCL Plan

Proponents and the Senior Noteholders (as reflected in the attached exhibits) although several

issues remain unresolved with various other parties to the Allocation Disputes.

The meetings have also resulted in the resolution of a substantial number of disputes

among the DCL Plan Proponents, the Senior Noteholders and other constituents regarding the

disclosure/confirmation schedule.  Unfortunately, two central disputes remain with regard to

confirmation scheduling.

First, the Senior Noteholders' proposed schedule would  delay consideration and

approval of the Supplemental Disclosure Document for the Third Amended Plan for nearly three

months (to the week of April 2, 2012), apparently hoping that the Court will have decided the

Allocation Disputes before disclosure materials are even disseminated to creditors.  In contrast,

the DCL Plan Proponents propose that the Court consider and approve the Supplemental

Disclosure Document sooner, in order to enable the process of soliciting votes on the Third

Amended Plan to begin during the pendency of the Court's consideration of the Allocation

Disputes.  The DCL Plan Proponents believe that it is imperative to commence the solicitation

process as soon as possible, and that it is appropriate to do so while the Allocation Disputes are

pending.  The Supplemental Disclosure Document would inform creditors about the pendency of

the Allocation Disputes and direct them to the Epiq website, on which the Debtors would post

pleadings filed in the Allocation Disputes and any orders or rulings issued by the Court resolving

the Allocation Disputes.  Both competing schedules allow substantial time to elapse between the

proposed hearing on the Allocation Disputes and the voting deadline, with the DCL Plan

Proponents affording approximately six weeks and the Senior Noteholders affording

approximately eight weeks to pass between these two dates.

Second, the DCL Plan Proponents' proposed schedule provides for confirmation discovery to commence shortly after the Supplemental Disclosure Document and Amended Plan are filed in February, in order that confirmation-related discovery can be completed by late April without risking potential delays to the confirmation briefing and hearing schedule on account of discovery-related disputes. In contrast, the Senior Noteholders' proposed schedule would postpone all confirmation-related discovery until *after* the Court approves the Supplemental Disclosure Document (in April, under their schedule), resulting in confirmation-related discovery continuing well into May and risking substantial delays of the confirmation hearing.

Attached hereto are two exhibits that set forth the DCL Plan Proponents' proposed schedules for resolution of the Allocation Disputes and solicitation/confirmation of the Third Amended Plan. The Allocation Dispute schedule is identical in each of the exhibits. Exhibit A sets forth a schedule for solicitation/confirmation that culminates in a confirmation hearing during the week of May 14, consistent with the Court's suggestion in the Reconsideration Opinion.

As an alternative, the DCL Plan Proponents have proposed a schedule, as set forth in Exhibit B, which reflects the DCL Plan Proponents' belief that confirming the DCL Plan in early April 2012 is achievable and desirable to the extent consistent with the Court's schedule. The DCL Plan Proponents respectfully ask the Court to consider this alternative schedule (subject to the Court's calendar and schedule) because the Debtors face a significant time lag between confirmation and the ultimate effectiveness of the Third Amended Plan (or any other plan) as a result of the required FCC waivers and approvals. That process cannot even begin in earnest until the Court enters a confirmation order. The DCL Plan Proponents therefore commend this revised schedule to the Court's consideration because it would allow the FCC approval process

4

to begin, which would in turn facilitate Debtors' emergence from bankruptcy and the beginning of distributions to creditors at the earliest possible date. Moreover, by resolving questions as to the applicability of the PHONES Notes' subordination provisions, the Court's Reconsideration Opinion considerably narrowed the scope of the Allocation Disputes and their potential impact on creditor distributions. As indicated earlier in these proceedings, the Allocation Disputes previously impacted upwards of approximately $215 million in plan distributions. Assuming the Court were to resolve the EGI disputes in the same manner as the PHONES disputes subject to the Reconsideration Opinion, the DCL Plan Proponents believe that remaining issues now impact just approximately $38 million or less in plan distributions. Although this amount is a minuscule fraction of the total value to be distributed under the Third Amended Plan, in the event the Court is amenable to an early April confirmation hearing as set forth in Exhibit B, the DCL Plan Proponents are prepared to amend the Third Amended Plan to (a) condition the Effective Date of the Plan on the Court's entry of an order resolving the remaining Allocation Disputes and (b) remove the Allocation Dispute Reserves, which would no longer be necessary due to the pre-Effective Date resolution of the Allocation Disputes. This would eliminate the prejudice previously claimed by the Noteholders while facilitating an earlier commencement of the Debtors' multi-month FCC review and approval process.

Dated: Wilmington, Delaware

January 10, 2012

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
James F. Bendernagel, Jr.
Kevin T. Lantry
Jessica C.K. Boelter
One South Dearborn Street
Chicago, Illinois  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

        -and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

*/s/ J. Kate Stickles*
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

Counsel for Debtors and Debtors in
Possession and Certain Non-Debtor
Affiliates

6

CHADBOURNE & PARKE LLP
Howard Seife
David M. LeMay
30 Rockefeller Plaza
New York, New York 10112
Telecopier:  (212) 541-5369

-and-

LANDIS RATH & COBB LLP

*/s/ Matthew B. McGuire*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telecopier:  (302) 467-4450

-and-

ZUCKERMAN SPAEDER LLP
Graeme W. Bush
James Sottile
1800 M Street, N.W., Suite 1000
Washington, D.C.  20036
Telecopier:  (202) 822-8106

Counsel for the Official Committee of
Unsecured Creditors

7

DEWEY & LEBOEUF LLP
Bruce Bennett
James O. Johnston
Joshua M. Mester
333 South Grand Avenue, Suite 2600
Los Angeles, California 90071
Telecopier: (213) 621-6100

-and-

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Robert S. Brady*
Robert S. Brady (No. 2847)
M. Blake Cleary (No. 3614)
The Brandywine Building – 17th Floor
1000 West Street, Post Office Box 391
Wilmington, Delaware 19899 0391
Telecopier: (302) 571-1253

Counsel For Oaktree Capital Management,
L.P. and Angelo, Gordon & Co., L.P.


WILMER CUTLER PICKERING HALE &
DORR LLP
Andrew Goldman
399 Park Avenue
New York, New York 10022
Telecopier: (212) 230-8888

Co-Counsel For Angelo, Gordon & Co, L.P.

DAVIS POLK & WARDWELL LLP
Donald S. Bernstein
Benjamin S. Kaminetzky
Damian S. Schaible
Elliot Moskowitz
450 Lexington Avenue
New York, New York 10017
Telecopier:  (212) 701 5800

            -and-

RICHARDS LAYTON & FINGER

*/s/ Drew G. Sloan*
Mark Collins (No. 2981)
Robert J. Stearn, Jr. (No. 2915)
Drew G. Sloan (No. 5069)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telecopier: (302) 651-7701

Counsel For JPMorgan Chase Bank, N.A.

9

Exhibit A:

Proposed Schedule for Disclosure/Solicitation and

Resolution of Allocation Disputes

*In re Tribune Company, et al.*

**Proposed Schedule for Disclosure/Confirmation and Allocation
Dispute Resolution**

| Plan Solicitation/Confirmation | |
|---|---|
| *Date* | *Event* |
| Feb. 20 | File Amendments to SDD, Plan, Allocation Dispute Protocol and Solicitation Procedures (if necessary) |
| Mar. 2 | Last Day to Serve Confirmation Discovery Requests |
| Mar. 5 | Objection Deadline for SDD and Solicitation Procedures Motion |
| Mar. 12 | Reply Deadline for SDD and Solicitation Procedures Motion |
| Mar. 19 (week of) | Hearing on SDD and Solicitation Procedures Motion |
| Apr. 23 | Completion of Confirmation Discovery |
| Apr. 23 | Voting/Plan Objection Deadline |
| May 7 | Briefs in Support of Confirmation/Plan Objection Reply Deadline |
| May 14 (week of) | Confirmation Hearing |

| Allocation Dispute Resolution[3] | |
|---|---|
| *Date* | *Event* |
| Jan. 20 | Last Day to Serve Discovery Requests |
| Jan. 31 | Identification of Allocation Dispute Positions, Trial Witnesses and Scope of Direct Trial Testimony |
| Feb. 17 | Completion of Discovery |
| Feb. 24 | Opening Briefs Due |
| Mar. 2 | Response Briefs Due |
| Mar. 5 (week of) | Hearing on Allocation Disputes |

---

[3] Discovery shall be limited to the following:

- Discovery directed to parties taking a position that any Other Parent Claims are entitled to the benefit of the PHONES and/or EGI subordination provisions, seeking the operative documents pursuant to which such Other Parent Claims arise;

- Discovery directed to EGI-TRB LLC and the Debtors, relating to whether the PHONES Notes are senior, junior or *pari passu* in right of payment to the EGI-TRB LLC Notes;

- Discovery directed to the Debtors and/or DBTCA, seeking documents relating to the appropriate amount of the PHONES Notes; and

- Discovery re: Recovery Chart, depending upon review of revised Recovery Chart, directed to Debtors, their professionals and any party and its professionals that challenges or reserves the right to challenge the Recovery Chart.

# Exhibit B:

# Alternative Proposed Schedule for Disclosure/Confirmation

(Allocation Dispute Resolution Dates Identical to Exhibit A)

*In re Tribune Company, et al.*
Alternative Proposed Schedule for Disclosure/Confirmation

| Plan Solicitation/Confirmation | |
|---|---|
| *Date* | *Event* |
| Jan. 17 | File Amendments to SDD, Plan, Allocation Dispute Protocol and Solicitation Procedures (if necessary) |
| Jan. 27 | Last Day to Serve Confirmation Discovery Requests |
| Jan. 30 | Objection Deadline for SDD and Solicitation Procedures Motion |
| Feb. 6 | Reply Deadline for SDD and Solicitation Procedures Motion |
| Feb. 13 (week of) | Hearing on SDD and Solicitation Procedures Motion |
| Mar. 19 | Completion of Confirmation Discovery |
| Mar. 19 | Voting/Plan Objection Deadline |
| Apr. 2 | Briefs in Support of Confirmation/Plan Objection Reply Deadline |
| Apr. 9 (week of) | Confirmation Hearing |

| Allocation Dispute Resolution[4] (Schedule Identical to Exhibit A) | |
|---|---|
| *Date* | *Event* |
| Jan. 20 | Last Day to Serve Discovery Requests |
| Jan. 31 | Identification of Allocation Dispute Positions, Trial Witnesses and Scope of Direct Trial Testimony |
| Feb. 17 | Completion of Discovery |
| Feb. 24 | Opening Briefs Due |
| Mar. 2 | Response Briefs Due |
| Mar. 5 (week of) | Hearing on Allocation Disputes |

---

[4] Discovery shall be limited to the following:

- Discovery directed to parties taking a position that any Other Parent Claims are entitled to the benefit of the PHONES and/or EGI subordination provisions, seeking the operative documents pursuant to which such Other Parent Claims arise;

- Discovery directed to EGI-TRB LLC and the Debtors, relating to whether the PHONES Notes are senior, junior or *pari passu* in right of payment to the EGI-TRB LLC Notes;

- Discovery directed to the Debtors and/or DBTCA, seeking documents relating to the appropriate amount of the PHONES Notes; and

- Discovery re: Recovery Chart, depending upon review of revised Recovery Chart, directed to Debtors, their professionals and any party and its professionals that challenges or reserves the right to challenge the Recovery Chart.