# **EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re ) | |
| ) | Chapter 11 |
| TRIBUNE COMPANY, *et al.*,[1] ) | Case No. 08-13141 (KJC) |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | |

**STATEMENT OF AURELIUS CAPITAL MANAGEMENT, LP IN SUPPORT OF
ITS PROPOSED REVISED SCHEDULE FOR RESOLUTION OF THE
REMAINING ALLOCATION DISPUTES AND CONFIRMATION
OF THE THIRD AMENDED DCL PLAN**

Aurelius Capital Management, LP, on behalf of itself and its managed entities

(collectively, "Aurelius"),[2] by and through its undersigned counsel, respectfully submits this

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WA TL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WL VI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Docket No. 10571
Date  1/10/12

statement (the "Statement") in support of its proposed revised schedule for resolution of the Remaining Allocation Disputes (as defined below) and confirmation of the *Third Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank N.A.*, dated November 18, 2011 [ECF No. 10273], as amended (the "DCL Plan") and respectfully represents as follows:

1. On December 29, 2011, the Court entered its *Memorandum on Reconsideration* [ECF No. 10531] (the "Reconsideration Decision"), which, among other things, granted the relief requested in the (i) *Motion of Aurelius Capital Management, LP for Reconsideration of the Court's October 31, 2011 Decision as it Pertains to the Application of PHONES Notes Subordination*, dated November 14, 2011 [ECF No. 10226] and (ii) *Joint Motion of Law Debenture Trust Company of New York and Deutsche Bank Trust Company Americas Requesting Reconsideration of the Court's Confirmation Opinion with Respect to the Subordination of the PHONES*, dated November 14, 2011 [ECF No. 10222]. Specifically, the Court resolved to reconsider the Subordination Determination (as defined in the Reconsideration Decision) "based upon a reading of the PHONES Indenture as a whole, and in light of applicable state law regarding contract interpretation." *See* Reconsideration Decision at 6. Ultimately, the Court determined to amend the Court's *Opinion on Confirmation*, dated October 31, 2011 [ECF No. 10133] (the "Confirmation Decision") to strike the Subordination Determination. *See id.* at 16.

2. Following entry of the Reconsideration Decision, the allocation disputes that remain pending before the Court (the "Remaining Allocation Disputes") are as follows:

---

[2] Entities managed by Aurelius own a substantial amount of Senior Notes and PHONES Notes. Neither Aurelius nor any of its managed entities owe any fiduciary duties to any party in interest in these cases nor is Aurelius or any of its managed entities an insider of Tribune or any of its affiliates.

- Whether and to what extent the Article III Distributions[3] must be adjusted to account for the fact that all or any portion of the consideration provided in respect of the Settlement is or is not subject to the subordination provisions (collectively, the "Subordination Provisions") of the (i) PHONES Notes Indenture[4] and/or (ii) the EGI-TRB LLC Note and corresponding subordination agreement (the "EGI-TRB Subordination Agreement");

- Whether and to what extent the priority of distributions from the Litigation Trust must be adjusted to account for the fact that all or any of the potential distributions from the Litigation Trust are or are not subject to the subordination provisions of the EGI-TRB Subordination Agreement;[5]

- Whether and to what extent the priority of distributions from the Creditors' Trust must be adjusted to account for the fact that all or any of the potential distributions from the Creditors' Trust are or are not subject to the Subordination Provisions;[6]

- Whether and to what extent the Article III Distributions or the priority of distributions from the Litigation Trust and/or Creditors' Trust must be adjusted to account for the fact that any category of Other Parent Claims (*i.e.*, the Swap Claim, the Retiree Claims or general unsecured trade claims) does or does not constitute "Senior Indebtedness" pursuant to the PHONES Indenture or "Senior Obligations" pursuant to the EGI-TRB Subordination Agreement;

- Whether and to what extent beneficiaries of the Subordination Provisions (as determined by the Court) are entitled to receive postpetition interest prior to the Holders of PHONES Notes Claims and EGI-TRB LLC Notes Claims, respectively, receiving payment on account of their claims;

- Whether the PHONES Notes are senior in right of payment to the EGI-TRB LLC Note; and

- The allowed amount of the PHONES Notes Claims.

---

[3] Defined as the distributions set forth in the DCL Plan with respect to, among others, Allowed Senior Noteholder Claims, Other Parent Claims, EGI-TRB LLC Note Claims and PHONES Notes Claims. *See* DCL Plan Ex 5.18 § 1.3.1.

[4] Aurelius contends that in light of the Reconsideration Decision, this issue has been resolved with respect to the PHONES Indenture such that the Holders of PHONES Notes Claims are subordinated for purposes of consideration provided in respect of the Settlement.

[5] The Reconsideration Decision resolved the corresponding question with respect to the subordination provisions of the PHONES Indenture. *See* Reconsideration Decision at 16.

[6] Aurelius contends that the Reconsideration Decision forecloses this argument with respect to the Holders of PHONES Notes.

3.      Pending before the Court is the issue of whether the Remaining Allocation Disputes should be resolved "before, in connection with, or after confirmation." *See* Reconsideration Decision at 22. In an effort to foster a consensual resolution with respect to the foregoing, the Court directed the parties in interest to "confer again in an attempt to reach agreement on scheduling with respect to allocation disputes and disclosure/confirmation, with a view towards a confirmation hearing to be held in mid- to late-May 2012." *Id.* To this end, the parties in interest held several conference calls in advance of the filing of this Statement in an effort to resolve any outstanding disputes with respect to scheduling. Unfortunately, these conversations have not, however, resulted in consensus.[7] Accordingly, Aurelius submits a revised proposed schedule, attached hereto as <u>Exhibit A</u> (the "<u>Revised Schedule</u>"), for the resolution of the Remaining Allocation Disputes and the confirmation process relating to the DCL Plan.

4.      It is Aurelius's view, as set forth in the Statement of Aurelius Capital Management, LP in Support of its Position Regarding Process for Resolution of the Remaining Allocation Disputes, dated December 6, 2011 [ECF No. 10369] and as argued at the December 13, 2011 hearing, that the now Remaining Allocation Disputes should be resolved prior to the commencement of the solicitation process regarding the DCL Plan. Aurelius further believes that the attached Revised Schedule should provide sufficient time to accomplish this result while at the same time allowing a confirmation hearing on the DCL Plan to be held well within the timeframe contemplated by the Court in its Reconsideration Decision.

---

[7] It does appear that the parties are relatively close to agreement on the Remaining Allocation Dispute schedule.

Dated: January 10, 2012

AKIN GUMP STRAUSS HAUER & FELD LLP
Daniel H. Golden
David M. Zensky
Philip C. Dublin
One Bryant Park
New York, NY 10036
(212) 872-1000

*Counsel for Aurelius Capital Management, LP*

ASHBY & GEDDES, P.A.

/s/ William P. Bowden
William P. Bowden (I.D. No. 2553)
Amanda M. Winfree (I.D. No. 4615)
Leigh-Anne M. Raport (I.D. No. 5055)
500 Delaware Avenue, P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

# EXHIBIT A

## Revised Schedule

| ALLOCATION DISPUTE RESOLUTION SCHEDULE | |
|---|---|
| *Event* | *Revised Schedule* |
| Last Day to Serve Discovery Requests[1] | *January 20, 2012* |
| Identification of Allocation Dispute positions and potential trial witnesses | *January 31, 2012* |
| Completion of Discovery | *February 17, 2012* |
| Opening Briefs Due | *February 24, 2012* |
| Response Briefs Due | *March 2, 2012* |
| Hearing on Allocation Disputes | *Week of March 5, 2012* |

| CONFIRMATION SCHEDULE | |
|---|---|
| *Event* | *Revised Schedule* |
| Deadline to File Amended Supplemental Disclosure Documents | *March 14, 2012* |
| Objections to Supplemental Disclosure Documents | *March 21, 2012* |
| Replies to Supplemental Disclosure Document Objections | *March 28, 2012* |
| Hearing on Supplemental Disclosure Documents | *Week of April 2, 2012* |
| Last Day to Serve Confirmation Discovery Requests | *April 9, 2012* |
| Voting Deadline | *May 7, 2012* |
| Objections to DCL Plan | *May 7, 2012* |
| Completion of Confirmation Discovery | *May 16, 2012* |
| Briefs in Support of Confirmation and in response to Objections | *May 16, 2012* |
| Confirmation Hearing | *Week of May 21, 2012* |

---

[1] Discovery shall be limited to the following:
- Discovery directed to the Retiree Claimants and the holders of the Swap Claim, seeking the operative documents pursuant to which their respective claims arise;
- Discovery directed to the DCL Plan Proponents, seeking documents supporting their assertion that holders of Other Parent Claims are entitled to the benefit of the PHONES and/or EGI subordination provisions;
- Discovery directed to EGI-TRB LLC and the Debtors, relating to whether the PHONES Notes are senior, junior or *pari passu* in right of payment to the EGI-TRB LLC Notes;
- Discovery directed to the Debtors and/or DBTCA, relating to the appropriate amount of the PHONES Notes; and
- Discovery directed to the Debtors, the Committee, and/or their respective professionals, relating to the Recovery Chart, as it may be amended, and/or any financial information relied upon by the Debtors or the Committee to support their assertion(s) that the holders of Other Parent Claims' receipt of equal or higher percentage recoveries in initial distributions as the Senior Noteholders does not result in unfair discrimination against the Senior Noteholders.