IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| **TRIBUNE COMPANY**, *et al.*, | : | Case No. 08-13141 (KJC) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | |

### EGI-TRB'S PRELIMINARY STATEMENT ON ALLOCATION DISPUTES

EGI-TRB, LLC ("EGI-TRB") respectfully submits this Preliminary Statement on Allocation Disputes pursuant to Paragraph 13 of the Court's Order Establishing Scheduling For Resolution of the Allocation Disputes and Consideration of DCL Plan Proponents' Supplemental Disclosure Document, Solicitation Procedures Motion and Plan, entered on January 24, 2012 ("Order"). As contemplated by the Order, EGI-TRB identifies herein the Allocation Disputes on which it intends to take positions at the Allocation Dispute Hearing and provides a "brief statement" in support of its positions. Consistent with paragraph 14 of this Court's Order, EGI-TRB will more fully advocate those positions in the Opening Brief that it will file on February 24, 2012. EGI-TRB reserves the right to amend and supplement the positions identified in this Preliminary Statement through its Opening Brief and/or upon notice to all interested parties at any time before the Allocation Dispute Hearing.

I.   **THE EGI-TRB LLC NOTES DISPUTES ON WHICH EGI-TRB INTENDS TO TAKE A POSITION AT THE ALLOCATIONS DISPUTE HEARING AND EGI-TRB'S BRIEF STATEMENT OF SUCH POSITION.**

   A.   **The Article III Distributions Must Be Adjusted Because The Settlement Proceeds Are Not Subject To The Subordination Agreement Governing The EGI-TRB Notes.**

The first disputed issue related to the EGI-TRB LLC Notes is "whether and to what extent the Article III Distributions must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code in connection with assertions that

135030.01600/40199675v.2

all or any portion of the consideration provided by the Senior Lenders, Bridge Lenders, and Settling Step Two Payees in respect of the Settlement are or are not subject to the subordination agreement governing the EGI-TRB LLC Notes." (Order ¶ 2(b)(i).)

The Article III distributions must be adjusted to distribute a pro rata share to EGI-TRB because, among other things, (i) EGI-TRB's claims are subordinated only as to distributions of "assets of the Company," (ii) proceeds from avoidance actions are not "assets of the Company," and (iii) the consideration given under the Settlement is properly classified as proceeds from avoidance actions because, as this Court noted, those are the only claims against the Settling Parties that the Examiner found reasonably likely to prevail. (*See* Confirmation Opinion 41-65.) Therefore, EGI-TRB's Subordination Agreement does not apply to all or virtually all of the consideration given in respect of the Settlement and EGI-TRB should share in the Settlement proceeds at least on a parity with other unsecured parent company creditors (other than the PHONES, if they are subordinated as to these proceeds).

    **B.**    **The Distributions From The Creditors' And Litigation Trusts Must Be Adjusted Because The Avoidance Actions Recoveries Are Not Subject to The Subordination Agreement Governing The EGI-TRB Notes.**

The second disputed issue related to the EGI-TRB LLC Notes is "whether and to what extent the priority of the distributions from the Creditors' Trust and/or the Litigation Trust must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code in connection with assertions that all or any distributions from the Creditors' Trust and/or Litigation Trust are or are not subject to the subordination agreement governing the EGI-TRB LLC Notes." (Order ¶ 2(b)(ii).)

The Article III distributions must be adjusted to distribute a pro rata share to EGI-TRB because, among other things, (i) EGI-TRB's claims are subordinated only as to distributions of "assets of the Company," (ii) neither chapter 5 avoidance actions nor their proceeds are "assets

2

of the Company," and (iii) neither state law fraudulent transfer claims nor their proceeds are "assets of the Company." Therefore, EGI-TRB's Subordination Agreement does not apply to (a) the Litigation Trust's recoveries on account of chapter 5 avoidance actions assigned to it by the Debtors' estates, (b) the Creditors' Trust's recoveries on account of state law fraudulent transfer actions assigned to it by the Debtors' creditors, or (c) any recoveries by the Trusts on account of other claims that are not "assets of the Company," and EGI-TRB should share in these recoveries on a parity with other unsecured parent company creditors (other than the PHONES, which the Court has determined is subordinated as to these proceeds).

        **C.**        **The Article III Distributions And Distributions From The Creditors' And Litigation Trusts Must Be Adjusted Because Avoidance Recoveries And Settlement Proceeds Are Not Subject To The Subordination Agreement Governing The EGI-TRB Notes.**

The third disputed issue related to the EGI-TRB LLC Notes is "whether and to what extent the Article III Distributions or the priority of distributions from the Creditors' Trust and/or the Litigation Trust must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code in connection with assertions that any category of Other Parent Claims (*i.e.*, the Swap Claim, the Retiree Claims or general unsecured trade claims against Tribune) does or does not constitute 'Senior Obligations,' as defined by the subordination agreement governing the EGI-TRB LLC Notes." (Order ¶ 2(b)(iii).)

The Trade Claims, Swap Claims and Retiree Claims are not entitled to benefit from the EGI-TRB Subordination Agreement with respect to avoidance recoveries and Settlement Proceeds because those monies are not assets of the Company. Additionally, Section 1 of the EGI-TRB Subordination Agreement expressly provides that "trade payables and accrued expenses incurred in the ordinary course of business" are not to be included in the definition of Senior Obligations under the Agreement. Accordingly, the Trade Claims are expressly carved

3

out of the Agreement's definition of Senior Obligations and the Retiree Claims likewise fall outside of the definition of Senior Obligations because these claims are based on liabilities incurred in the ordinary course of business.

### D. The Beneficiaries Of EGI-TRB's Subordination Agreement Are Not Entitled To Receive Post-Petition Interest Before EGI-TRB Receives Payments On Its Claims.

The fourth disputed issue related to the EGI-TRB LLC Notes is "whether and to what extent the beneficiaries of the subordination agreement governing the EGI-TRB LLC Notes (as determined by the Bankruptcy Court, if applicable) are entitled to receive post-petition interest prior to the Holders of EGI-TRB LLC Notes Claims receiving payment on their claims." (Order ¶ 2(b)(iv).)

The beneficiaries (the "Beneficiaries") of the EGI-TRB Subordination Agreement are not entitled to receive post-petition interest prior to EGI-TRB receiving payment on account of its claims for at least two reasons. First, the Beneficiaries are not entitled to post-petition interest before EGI-TRB receives payment on its claims because nothing in EGI-TRB's Subordination Agreement subordinates EGI-TRB's claims to the payment of post-petition interest. Under the rule of explicitness, absent some manifest intent to subordinate a creditor's claims to the payment of post-petition interest, bankruptcy courts routinely hold that the creditor's claims are not so subordinated.

Second, as already noted above, EGI-TRB is entitled to share in the proceeds from avoidance actions and other claims that are not "assets of the Company" – including distributions from the Creditors' Trust, Litigation Trust, and Settlement Proceeds – on a parity with other unsecured parent creditors (other than the PHONES, as determined by the Court). Because EGI-TRB has a right to recover from such proceeds on a parity with other unsecured creditors, the

4

Beneficiaries are not entitled to receive post-petition interest before EGI-TRB recovers on accounts of avoidance actions and other claims that are not "assets of the Company."

### E. The EGI-TRB LLC Notes Are Senior In Right Of Payment To The PHONES Notes.

The fifth disputed issue related to the EGI-TRB LLC Notes is "whether the EGI-TRB LLC Notes are senior in right of payment to the PHONES Notes." (Order ¶ 2(b)(v).)

As discussed above, EGI-TRB's claims are subordinated only as to distributions of "assets of the Company," however, this Court already has held that the PHONES Notes are subordinated as to *all* distributions, regardless whether made from "assets of the Company" or another source. (Reconsideration Op. at 5-16.) That distinction makes the EGI-TRB Notes "senior" to the PHONES Notes with respect to at least three types of proceeds. EGI-TRB is entitled to share on a parity with other unsubordinated unsecured creditors as to: (1) the Litigation and Creditors' Trusts' recoveries on account of avoidance actions or other claims that are not "assets of the Company," while the PHONES Notes are subordinated as to such recoveries; (2) the Settlement proceeds attributable to avoidance actions or other claims that are not "assets of the Company," while the PHONES Notes are subordinated as to such proceeds; and (3) the funds that the holders of the PHONES Notes must "pay over" pursuant to the subordination provisions of the PHONES Indenture (including to EGI-TRB as a senior obligation under the PHONES Indenture) because such payments or reallocations of funds from the PHONES to other creditors are not "assets of the Company." As to the proceeds in clause (3) of the prior sentence, EGI-TRB has no obligation to pay those funds to other creditors because (a) EGI-TRB's right to receive funds on account of the PHONES Subordination Agreement (and related to distributions of money that are not assets of the Company) is EGI-TRB's asset, not an "asset of the Company," and (b) all the funds that the PHONES are required to pay-over to EGI-

5

TRB are not assets of the Company or otherwise subject to the EGI-TRB Subordination Agreement.

In addition, although it should not be necessary to resolve the issue, if the Court determines it is relevant, EGI-TRB will contend that the EGI-TRB Notes are senior, or in the alternative pari passu, to the PHONES Notes as to all payments, including distributions of "assets of the Company." The PHONES Indenture states that they are "subordinated to Senior Indebtedness…." The PHONES Indenture broadly defines Senior Indebtedness as *any* obligation of Tribune with four exceptions. None of the exceptions applies to the EGI-TRB Notes. For example, under the first exception, the PHONES Notes are not subordinated to a debt of Tribune unless the underlying debt instrument itself "expressly provides that [the debt] shall be subordinated to or pari passu with [the PHONES Securities]." The EGI-TRB Notes and EGI-TRB Subordination Agreement do not expressly state that the EGI-TRB Notes are subordinate to the PHONES Notes, nor do they make the EGI-TRB Notes pari passu with the PHONES Notes.

II.   **THE PHONES NOTES DISPUTES ON WHICH EGI-TRB INTENDS TO TAKE A POSITION AT THE ALLOCATIONS DISPUTE HEARING AND EGI-TRB'S BRIEF STATEMENT OF SUCH POSITION.**

   A.   **The Article III Distributions Do Not Need To Be Adjusted On Account Of The PHONES Notes, Except to Pay EGI-TRB Its Pro Rata Share, Because The PHONES Notes Are Subordinated As To The Settlement Proceeds.**

The first disputed issue related to the PHONES Notes is "whether and to what extent the Article III Distributions must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code in connection with assertions that all or any portion of the consideration provided by the Senior Lenders, Bridge Lenders, and Settling Step Two Payees in respect of the Settlement are or are not subject to the subordination provisions of the PHONES Notes Indenture." (Order ¶ 2(a)(i).)

The Article III Distributions do not need to be modified with respect to the PHONES Notes except that EGI-TRB is entitled to receive its pro rata share of Settlement Proceeds and Litigation Trust recoveries that are subject to the PHONES subordination provisions. The Court has already held that the PHONES Notes are subordinated as to any and all distributions, not solely distributions of "assets of the Company." (Reconsideration Op. at 5-16.)

> B. **The Distributions From Creditors' Trust Do Not Need To Be Adjusted On Account Of The PHONES Notes, Except To Pay EGI-TRB Its Pro Rata Share, Because The PHONES Notes Are Subordinated As To All Distributions.**

The second disputed issue related to the PHONES Notes is "whether and to what extent the priority of the distributions from the Creditors' Trust must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code in connection with assertions that all or any distributions from the Creditors' Trust are or are not subject to the subordination agreement governing the EGI-TRB LLC Notes."  (Order ¶ 2(a)(ii).)

The Article III Distributions do not need to be modified with respect to the PHONES Notes except that EGI-TRB is entitled to receive its pro rata share of Creditors' Trust recoveries that are the subject of the PHONES subordination provision. The Court has already held that the PHONES Notes are subordinated as to any and all distributions, not solely those distributions of "assets of the Company." (Reconsideration Opinion 5-16.)

> C. **The Article III Distributions And Distributions From The Creditors' And Litigation Trusts Need Not Be Adjusted, Except To Pay EGI-TRB Its Pro Rata Share, Because The PHONES Notes Are Not Subordinated To The Trade Claims and Retiree Claims.**

The third disputed issue related to the PHONES Notes is "whether and to what extent the Article III Distributions or the priority of distributions from the Creditors' Trust and/or the Litigation Trust must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code in connection with assertions that any category

7

of Other Parent Claims (*i.e.*, the Swap Claim, the Retiree Claims or general unsecured trade claims against Tribune) does or does not constitute 'Senior Indebtedness,' as defined by the PHONES Notes Indenture (including, without limitation, because any category of Other Parent Claims does or does not constitute 'Indebtedness,' as that term is defined in the PHONES Notes Indenture and used in the PHONES Note Indenture's definition of 'Senior Indebtedness.')." (Order ¶ 2(a)(iii).)

The PHONES Notes are not subordinate to the Trade Claims because the PHONES Indenture expressly carves out from Senior Obligations "any Indebtedness of the Company constituting trade accounts payable arising in the ordinary course of business," which includes the Trade Claims.  The PHONES Notes also are not subordinate to the Retiree Claims because these claims do not represent "indebtedness" within the PHONES Indenture's definition. Therefore, distributions subordinated under the PHONES Subordination Agreement should not be paid over to the Retirees or Trade.

### D. The EGI-TRB LLC Notes Are Senior In Right Of Payment To The PHONES Notes.

The sixth disputed issue in the Court's Order related to the PHONES Notes is "whether the PHONES Notes are senior in right of payment to the EGI-TRB LLC Notes." (Order ¶ 2(a)(vi).)  This issue is addressed in Section I.E above, which is incorporated herein.

### III. WITNESSES EGI-TRB MAY CALL TO TESTIFY AT THE ALLOCATION DISPUTES HEARING AND THE ANTICIPATED SCOPE OF THEIR DIRECT TRIAL TESTIMONY.

EGI-TRB bases this designation on the understanding that the relevant Notes and Subordination Agreements will be admitted without necessity for foundational witnesses and that parole evidence will not be admissible to vary or contradict the terms of written instruments.

8

A. **Richard E. Mikels**, Mintz Levin Cohn Ferris Glovsky and Popeo, P.C. Mr. Mikels will testify, as an expert witness, to custom and practice with respect to subordination agreements.

B. **Brian Whittman or Dennis Twomey**, Alvarez & Marsal. Pursuant to an agreement with the Debtors, EGI-TRB may call a witness from Alvarez & Marsal to testify as to potential distribution and recovery scenarios under the DCL Proposed Plan, including potential distributions based on a finding that the EGI-TRB Notes are not subordinated as to the Settlement Proceeds and not subordinated as to proceeds that are redistributed to EGI-TRB on account of the PHONES subordination provisions.

C. EGI-TRB reserves the right to call additional witnesses responsive to witnesses identified by other parties.

Dated: January 31, 2012

Respectfully submitted,

**BLANK ROME LLP**

*/s/ David W. Carickhoff*
David W. Carickhoff (DE No. 3715)
1201 Market Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 425-6400

and

**JENNER & BLOCK LLP**
David J. Bradford (admitted *pro hac vice)*
Catherine L. Steege (admitted *pro hac vice*)
Andrew W. Vail (admitted *pro hac vice)*
353 North Clark Street
Chicago, Illinois 60654
Telephone: (312) 222-9350

*Counsel for EGI-TRB, LLC*

135030.01600/40199675v.2