IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 Cases |
| | ) | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, et al., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**PRELIMINARY STATEMENT OF WILMINGTON TRUST COMPANY,
AS SUCCESSOR INDENTURE TRUSTEE FOR THE PHONES NOTES,
ON THE ALLOCATION DISPUTES**

Wilmington Trust Company ("Wilmington Trust"), in its capacity as successor Indenture Trustee pursuant to an indenture dated April 1, 1999 (the "PHONES Notes Indenture," with the notes and holders of notes issued pursuant to the PHONES Indenture respectively referred to herein as the "PHONES Notes" and the "PHONES Noteholders"), by and between the Tribune Company ("Tribune" and with its debtor subsidiaries, the "Debtors") and Bank of Montreal Trust Company, as original indenture trustee, by and through its undersigned counsel, respectfully submits this Preliminary Statement on the Allocation Disputes as defined in the Court's scheduling order (the "Scheduling Order") dated January 24, 2012 [Docket No. 10692].

1.  Wilmington Trust intends to take the following positions concerning the PHONES Notes Disputes set forth in paragraph 2.a of the Scheduling Order.

2.  Issue 1: Whether and to what extent the Article III Distributions must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code in connection with assertions that all or any portion of the consideration provided by the Senior Lenders, Bridge Lenders, and Settling Step Two Payees in respect of the Settlement are or are not subject to the subordination provisions of the PHONES Notes Indenture.

    a. <u>Wilmington Trust's Position</u>:

        i. Each of the Senior Lenders, Bridge Lenders and Settling Step Two Payees is settling claims and causes of action that exist under Chapter 5 of the Bankruptcy Code.

        ii. Settlement proceeds from Chapter 5 avoidance actions are not subject to subordination under the PHONES Notes Indenture.

        iii. Wilmington Trust believes that the Bankruptcy Court was incorrect in its Reconsideration Opinion and has taken an appeal of that ruling. Under the divestiture rule, this Court can take no action with respect to issues on appeal that would affect or impair the District Court's jurisdiction until the District Court decides the appeal. Further, Article III Distributions should be reserved pending final adjudication of Wilmington Trust's appeal.

3. <u>Issue 2</u>: Whether and to what extent the priority of the distributions from the Creditors' Trust must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code in connection with assertions that all or any distributions from the Creditors' Trust are or are not subject to the subordination provisions of the PHONES Notes Indenture.

    a. <u>Wilmington Trust's Position</u>:

        i. This issue is moot for PHONES Noteholders because PHONES Noteholders have unanimously expressed a desire to opt their claims out of the Creditors' Trust created under the DCL Plan, and Wilmington Trust, as successor Indenture Trustee, has commenced litigation in various courts to pursue claims that the Creditors' Trust was intended to pursue.

        ii. Other Parent Claims held by Wilmington Trust are not subject to subordination under the PHONES Notes Indenture and are therefore unaffected by any determination of subordination of distributions to holders of Creditors' Trust interests.

        iii. Wilmington Trust believes that the Bankruptcy Court was incorrect in its Reconsideration Opinion and has taken an appeal of that ruling. Under the divestiture rule, this Court can take no action with respect to issues on appeal that would affect or impair the District Court's jurisdiction until the District Court decides the appeal.

4. <u>Issue 3</u>: Whether and to what extent the Article III Distributions or the priority of distributions from the Creditors' Trust and/or the Litigation Trust must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code in connection with assertions that any category of Other Parent Claims (i.e., the Swap Claim, the Retiree Claims or general unsecured trade claims against Tribune) does or does not constitute "Senior Indebtedness", as defined by the PHONES Notes Indenture (including, without limitation, because any category of Other Parent Claims does or does not constitute "Indebtedness," as that term is defined in the PHONES Notes Indenture and used in the PHONES Note Indenture's definition of "Senior Indebtedness").

   a. <u>Wilmington Trust's Position</u>:

      i. Swap Claim: The Swap Claim does not fall within the definition of "Indebtedness" under the PHONES Notes Indenture and thus cannot qualify as "Senior Indebtedness" under the PHONES Notes Indenture. Accordingly, the distribution scheme under Article III needs to be revised.

      ii. Retiree Claims: Each of the retiree claims are unique and arise under varied and different factual predicates and require proof by the DCL Plan Proponents or the retirees claiming senior status as to why each claim should be entitled to the benefit of PHONES subordination. No retiree claim falls within the definition of "Indebtedness" under the PHONES Notes Indenture and thus none of the retirees' claims can qualify as "Senior Indebtedness" under the PHONES Notes Indenture. Accordingly, the distribution scheme under Article III needs to be revised.

      iii. Trade Claims: Trade Claims are explicitly excluded from qualifying as "Senior Indebtedness" under the PHONES Notes Indenture. Accordingly, the distribution scheme under Article III needs to be revised.

      iv. Other Claims in the Other Parent Claim catch-all class: The DCL Plan proponents have not identified the basis for why any remaining Other Parent Claims qualify as "Indebtedness" under the PHONES Notes Indenture, and thus no such claim, excluding Other Parent Claims held by Wilmington Trust, can qualify as "Senior Indebtedness" under the PHONES Notes Indenture. Accordingly, the distribution scheme under Article III needs to be revised.

5. <u>Issue 4</u>: The Allowed amount of the PHONES Notes Claims.

      a. <u>Wilmington Trust's Position</u>: Upon information and believe, based on information presently available to Wilmington Trust, the allowed amount of the PHONES Notes Claims should be $1,184,941,949.64 plus unpaid interest that accrued prior to the Petition Date.[1]

6.    <u>Issue 5</u>: Whether and to what extent beneficiaries of the subordination provisions of the PHONES Notes Indenture (as determined by the Bankruptcy Court, if applicable) are entitled to receive post-petition interest prior to the Holders of PHONES Notes Claims receiving payment on their Claims.

      a. <u>Wilmington Trust's Position</u>: The beneficiaries of the subordination provisions of the PHONES Notes Indenture (as determined by the Bankruptcy Court, if applicable) are not entitled to receive post-petition interest prior to the PHONES Noteholders receiving payment on their Claims.

7.    <u>Issue 6</u>: Whether the PHONES Notes are senior in right of payment to the EGI-TRB LLC Notes.

      a. <u>Wilmington Trust's Position</u>: The PHONES Notes are senior in right of payment to the EGI-TRB LLC Notes.

8.    Wilmington Trust reserves the right to amend, restate and/or otherwise supplement the positions taken herein after receipt of the preliminary position statements from other parties to the Allocation Disputes, and the completion of discovery on the Allocation Disputes.

9.    Wilmington Trust does not contemplate calling any trial witnesses at this time, but reserves the right to do so after receipt of the parties' preliminary statements, discovery responses, answers to interrogatories and briefing in connection with the Allocation Disputes.

---

[1] Should the Court allow the "low PHONES" amount, that amount should be at least $819,853,195.21 plus unpaid interest that accrued prior to the Petition Date.

Dated: January 31, 2012
   Wilmington, Delaware

**SULLIVAN HAZELTINE ALLINSON LLC**

*/s/ William D. Sullivan*
William D. Sullivan (I.D. No. 2820)
Elihu E. Allinson, III (I.D. No. 3476)
901 N. Market St., Suite 1300
Wilmington, DE 19801
302-428-8191

-and-

BROWN RUDNICK LLP
Robert J. Stark
Martin S. Siegel
Gordon Z. Novod
Seven Times Square
New York, NY 10036
212-209-4800

*Counsel for Wilmington Trust Company, solely in its capacity as successor Indenture Trustee for the PHONES Notes*