IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## PRELIMINARY STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN CONNECTION WITH RESOLUTION OF THE ALLOCATION DISPUTES

The Official Committee of Unsecured Creditors (the "**Committee**") of Tribune Company and its various debtor-subsidiaries (collectively, the "**Debtors**"), by and through its undersigned counsel, hereby submits the following statement (the "**Preliminary Statement**") pursuant to paragraph 13 of the Order Establishing Scheduling for (1) Resolution of the Allocation Disputes and (2) Consideration of DCL Plan Proponents' Supplemental Disclosure

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Document, Solicitation Procedures Motion and Plan (Docket No. 10692) (the "**Allocation Disputes Order**").

The Committee intends to take a position with respect to the following Allocation Dispute(s):[2]

1. Whether and to what extent the Article III Distributions or the priority of distributions from the Creditors' Trust and/or the Litigation Trust must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code in connection with assertions that any category of Other Parent Claims (i.e., the Swap Claim, the Retiree Claims or general unsecured trade claims against Tribune) does or does not constitute "Senior Indebtedness," as defined by the PHONES Notes Indenture (including, without limitation, because any category of Other Parent Claims does or does not constitute "Indebtedness," as that term is defined in the PHONES Notes Indenture and used in the PHONES Note Indenture's definition of "Senior Indebtedness"); and

2. Whether and to what extent the Article III Distributions or the priority of distributions from the Creditors' Trust and/or the Litigation Trust must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code in connection with assertions that any category of Other Parent Claims (i.e., the Swap Claim, the Retiree Claims or general unsecured trade claims against Tribune) does or does not constitute "Senior Obligations," as defined by the subordination agreement governing the EGI-TRB LLC Notes.

The Committee's position with respect to the above-identified Allocation Disputes is that neither the Article III Distributions nor the priority of distributions from the Creditors' Trust and/or the Litigation Trust must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code. Specifically, the Committee will assert that the receipt by the holders of Other Parent Claims of initial distributions in percentage recoveries that are equal to or higher than those received by the Senior Noteholders does not result in unfair discrimination against the Senior Noteholders.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Allocation Disputes Order.

In connection with the above-identified Allocation Disputes, the Committee circulated to the Parties on January 24, 2012 a draft chart (the "**Initial Distribution Chart**") setting forth the financial effect of the PHONES Notes and EGI-TRB LLC Notes subordination and turnover provisions (the "**Subordination Provisions**") on initial distributions under the Plan. The Committee has engaged and will continue to engage in conversations with various Parties regarding the Initial Distribution Chart and the Committee will endeavor to the fullest extent possible to incorporate comments received from the Parties into a revised draft of the chart. Further to the Initial Distribution Chart, the Committee will soon provide the Parties with additional charts (collectively, all charts shall be referred to herein as the "**Subordination Scenario Recovery Charts**") setting forth the effect of the Subordination Provisions on creditor recoveries based on illustrative Litigation Trust recoveries of varying amounts.

In the event that the Parties stipulate to the validity and admissibility of the Subordination Scenario Recovery Charts (as they may be revised following discussions with the Parties), the Committee would rely solely on the Subordination Scenario Recovery Charts as the factual predicates for its position (as described above) at the Allocation Disputes Hearing, along with any accompanying legal argumentation that may be permitted, and would not call any trial witnesses.

**REMAINDER OF PAGE LEFT INTENTIONALLY BLANK**

In the event that the Parties are not able to stipulate to the validity and admissibility of the Subordination Scenario Recovery Charts, the Committee would call Zul Jamal of Moelis & Company as its trial witness for the purpose of testifying to the validity of the Subordination Scenario Recovery Charts.

Dated: January 31, 2012
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown. (No. 5138)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

- and -

Howard Seife
David M. LeMay
Douglas E. Deutsch
**CHADBOURNE & PARKE LLP**
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

- and -

Graeme W. Bush
James Sottile
Andrew N. Goldfarb
**ZUCKERMAN SPAEDER LLP**
1800 M Street, N.W., Suite 1000
Washington, DC 20036
Telephone: (202) 778-1800
Facsimile: (202) 822-8106

*Counsel to the Official Committee of Unsecured Creditors*