# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

## 500 DELAWARE AVENUE
### P. O. BOX 1150
## WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

February 1, 2012

**HAND DELIVERY**

The Honorable Kevin J. Carey
United States Bankruptcy Court
For The District of Delaware
824 N. Market Street
5th Floor
Wilmington, DE 19801

RE:    **In re Tribune Company, No. 08-13141 (KJC)**

Dear Judge Carey,

In connection with the hearing scheduled for February 2, 2012 on (i) Deutsche Bank Trust Company Americas et al.'s Motion for an Order Lifting Stays of State Law Constructive Fraudulent Conveyance Suits (Docket No. 10594), and (ii) the Third Motion of the Official Committee of Unsecured Creditors to Amend Definition of "Termination Event" in Standing and Stay Orders (Docket Nos. 10634 and 10653), we want to bring to Your Honor's attention the order entered today by Judge Holwell in the In re Tribune Company Fraudulent Conveyance Multidistrict Litigation (Docket No. 11-MD-2296). A copy of Judge Howell's order is enclosed for the Court's consideration.

We are available at Your Honor's convenience in the event the Court has any questions or concerns with respect to this matter.

Respectfully submitted,

William P. Bowden

cc:   All counsel of record

{00599430;v1}

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/27/12
```

-------------------------------------------------------------X
                   :

IN RE: TRIBUNE COMPANY FRAUDULENT   :
CONVEYANCE LITIGATION             :
                   :
                   :

-------------------------------------------------------------X

Consolidated Multidistrict Action

Docket No. 11-MD-2296(RJH)

**ORDER**

## ORDER RELATED TO ALL CASES

On January 18, 2012, the Court received a letter (the "Letter") from counsel for plaintiffs

Deutsche Bank Trust Company Americas, Law Debenture Trust Company of New York, and

Wilmington Trust Company. A copy of the Letter is attached to this order.

I.     The Letter identifies certain undecided motions filed in September seeking leave to

amend the complaint or extension of the service period. These motions were pending in these

consolidated actions before their transfer. These motions are exempt from the Court's December

28, 2011 order (the "Master Stay Order") staying the actions pending resolution of certain

matters by Judge Kevin J. Carey, United States Bankruptcy Court for the District of Delaware.

     Six unopposed motions were filed in September. The period for opposition to these six

motions has plainly expired. Accordingly, the court hereby GRANTS these six motions:

| Case No. | Case Name | Motion | ECF No. |
|---|---|---|---|
| 11CV9410 | Deutsche Bank Trust Co. Americas, et al. v. King et al. | Motion to File Amended Complaint | [55] |
| 11CV9572 | Deutsche Bank Trust Co. Americas, et al. v. First Republic Bank et al. | Motion to File Amended Complaint | [256] |
| 11CV9410 | Deutsche Bank Trust Co. Americas, et al. v. King et al. | Service Extension Motion | [53] |
| 11CV9586 | Deutsche Bank Trust Co. Americas, et al. v. Sowood Alpha Fund LP, et al. | Service Extension Motion | [58] |
| 11CV9406 | Deutsche Bank Trust Co. Americas, et al. v. Sumitomo Trust & Banking Co. (USA), et al. | Service Extension Motion | [45] |
| 11CV9595 | Deutsche Bank Trust Co. Americas, et al. v. Alliance Capital Management LLC, et al. | Service Extension Motion | [55] |

1

The letter also identifies two September motions seeking leave to file an amended complaint, in which oppositions were entered. The Court has reviewed the opposition and reply filings, and finds that no oral argument is necessary. *See* Local Rule 6.1(c) ("The parties and their attorneys shall only appear to argue the motion if so directed by the Court by order or by a Judge's Individual Practice.").

Motions for leave to amend a complaint or to add parties should be liberally granted and "denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 603 (2d Cir 2005). A prejudicial amendment "is one that raises a new legal theory that would require the gathering and analysis of facts not already considered by the defendant, and is offered shortly before or during trial." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (citations omitted). Courts in complex actions are advised to allow defects to be cured by amendment where a Rule 12 motion would cause "unnecessary expense." *See Manual for Complex Litigation (Fourth)* § 11.32 (2004).

In this case, since no initial disclosures have been filed, and since discovery has been stayed, the proposed amendments pose little risk of prejudicing present or future defendants. Plaintiffs have not otherwise shown undue delay or bad faith in proposing these amendments while the stay remains in place.

In their filings, the opposing defendants *inter alia* challenge the Court's jurisdiction over the subject matter of the underlying actions. The defendants argue that these challenges bear on whether plaintiff's amendments are futile. Given the number of consolidated cases and overlapping issues, however, the Court prefers to save such challenges for motions to dismiss, which the Court anticipates will be filed in a consolidated and organized manner by the

defendants if and when the stay set forth in the Master Stay Order is lifted, and in accordance

with any case management plan the Court and the parties develop for these cases.

Accordingly, the court hereby GRANTS the following motions:

| Case No. | Case Name | Motion | ECF No. |
|---|---|---|---|
| 11CV9589 | Deutsche Bank Trust Co. Americas, et al. v. Huntington Nat'l Bank, et al. | Motion to File Amended Complaint | [59] |
| 11CV9570 | Deutsche Bank Trust Co. Americas, et al. v. Long, et al. | Motion to File Amended Complaint and Motion Modifying Sealing Order[1] | [95] |

II.    The Letter also asks the court to grant twelve other motions to file amended complaints,

filed on December 19, 2011 in the underlying actions. Because these actions were transferred to

this court before the opposition period had expired, the Court will give defendants in the relevant

actions two weeks from the date of this order to oppose the following motions; plaintiffs will

have one week to reply. Opposition, if any, should be limited to the issue of granting leave to

amend; arguments regarding jurisdiction should be reserved at this time.

| Case No. | Case Name | Motion | ECF No. |
|---|---|---|---|
| 11CV9572 | Deutsche Bank Trust Co. Americas, et al. v. First Republic Bank, et al. | Motion to File Amended Complaint | [332] |
| 11CV9583 | Deutsche Bank Trust Co. Americas, et al. v. Sirius Int'l Ins. Corp., et al. | Motion to File Amended Complaint | [87] |
| 11CV9510 | Deutsche Bank Trust Co. Americas, et al. v. Anderson, et al. | Motion to File Amended Complaint | [85] |
| 12CV0061 | Deutsche Bank Trust Co. Americas, et al. v. Waterman Broadcasting Investment Corp., et al. | Motion to File Amended Complaint | [178] |
| 12CV0064 | Deutsche Bank Trust Co. Americas, et al. v. Ohlson Enters., et al. | Motion to File Amended Complaint | [397] |
| 11CV9592 | Deutsche Bank Trust Co. Americas, et al. v. American Electric Power, et al. | Motion to File Amended Complaint | [96] |
| 11CV9598 | Deutsche Bank Trust Co. Americas, et al. v. Ametek Inc. Employees Master Retirement Trust, et al. | Motion to File Amended Complaint | [114] |
| 11CV9571 | Deutsche Bank Trust Co. Americas, et al. v. Ader, et al. | Motion to File Amended Complaint | [174] |

[1] In a separate portion of this motion's papers, plaintiffs seek clarification of a prior protective order to permit them to keep information regarding defendants' addresses and shareholder transfers under seal in future filings. No objection was made to this request. The request comports with the protective order and confidentiality agreement entered in the related bankruptcy case, and plaintiffs have shown good cause for preserving the identified information. See Geller v. Branic Int'l Realty Corp., 212 F.3d 734, 738 (2d Cir. 2000). Accordingly, the motion is granted in full.

| Case No. | Case Name | Motion | ECF No. |
|----------|-----------|--------|---------|
| 11CV9595 | Deutsche Bank Trust Co. Americas, et al. v. Alliance Capital management LLC, et al | Motion to File Amended Complaint | [96] |
| 12CV0065 | Deutsche Bank Trust Co. Americas, et al. v. Alicia Patterson Guggenheim Trust, et al. | Motion to File Amended Complaint | [110] |
| 11CV9407 | Deutsche Bank Trust Co. Americas, et al. v. Merrill Lynch Trust Co., et al. | Motion to File Amended Complaint | [30] |
| 12CV0062 | Deutsche Bank Trust Co. Americas, et al. v. Nat'l Electrical Benefit Fund, et al. | Motion to File Amended Complaint | [45] |

III.    The Letter asks the Court to clarify portions of the Master Stay Order.

The Court clarifies that the Master Stay Order does not prohibit plaintiffs from filing

motions seeking (i) a further extension of the relevant service-related periods as may be

necessary in any action; (ii) authorization to serve specified defendants by alternate means;

and/or (iii) similar relief related to service issues.

The Court further clarifies that the stay set forth in the Master Stay Order shall not

automatically lift upon Judge Carey's resolution of plaintiffs' Stay Termination Motion of

January 12, 2012 in the bankruptcy proceeding. Rather, should Judge Carey grant the Stay

Termination Motion or otherwise indicate that the Court's stay should be lifted, the Court will

schedule a conference to prepare an initial case management plan, with the opportunity for

defendants to participate telephonically. No defendant will need to respond to any complaint or

any stayed motion until a conference is held and a case management plan is entered.


IV.    Finally, the Court notes that certain defendants have entered *pro se* appearances in the

case. The Court is unable to give individualized legal advice to *pro se* defendants.

These defendants are advised to contact the Southern District of New York's *pro se* office at

212-805-0175 for assistance with filing papers by mail, and with viewing court documents

through the publicly-available PACER system. No ECF passwords will be issued to *pro se*

4

defendants. Therefore, all parties filing motion papers (other than *pro hac vice* motions) must

affirm that service of those papers is made on these *pro se* defendants by means other than ECF.

     Plaintiffs' counsel shall serve a copy of this order on all *pro se* defendants who appear in

the case.

SO ORDERED.

Dated: New York, New York
                , 2012

                                             Richard J. Holwell
                                             United States District Judge

# AKIN GUMP
## STRAUSS HAUER & FELD LLP

▬▬▬▬▬▬▬ Attorneys at Law

DAVID M. ZENSKY
212.872.1075/fax: 1.212.872.1002
dzensky@akingump.com

January 18, 2012

JAN 1 9 2012

CHAMBERS OF
RICHARD J. HOLWELL

**VIA FAX TRANSMISSION**
Hon. Richard J. Holwell
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *In Re Tribune Company Fraudulent Conveyance Litigation*
      Case No. 1:11-md-02296-RJH

Dear Judge Holwell:

The undersigned are each counsel to Plaintiff Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for a certain series of Senior Notes, Plaintiff Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for a certain series of Senior Notes, and Plaintiff Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES Notes (together the "Noteholder Plaintiffs") in one or more of the 48 actions (collectively the "Noteholder Avoidance Actions") now pending before this Court as part of the above-referenced Multidistrict Litigation.

We write to:

a) provide the Court with a list, and a brief report respecting the procedural status, of all of the actions now before the Court as part of the above-referenced Multidistrict Litigation (collectively, the "Actions"), as well as one additional action that may be transferred to this Court for coordinated or consolidated proceedings;

b) request that the Court (i) determine four pending motions to amend that were made in certain of the Noteholder Avoidance Actions and are now fully briefed, and (ii) determine or enter a scheduling order respecting the completion of briefing for twelve additional motions to amend that were filed in certain of the Noteholder Avoidance Actions on December 19, 2011;

c) request that the Court (i) determine four pending motions made pursuant to, *inter alia*, Federal Rule of Civil Procedure ("FRCP") 4(m) that are now fully briefed, and (ii) modify its Stay Order dated December 28, 2011 (the "Master Stay Order") to permit the Noteholder Plaintiffs to file motions for an extension of time to serve any

AKIN GUMP
STRAUSS HAUER & FELD LLP
━━━━━━ Attorneys at Law

January 18, 2012
Page 2

    d)  address certain additional issues respecting the Master Stay Order.[1]

## I.    PROCEDURAL OVERVIEW OF ACTIONS BEFORE THE COURT AND TO BE TRANSFERRED TO THE COURT

This Multidistrict Litigation presently includes 48 Noteholder Avoidance Actions, and four actions commenced by certain former employees of the Times Mirror Company (collectively the "Retiree Avoidance Actions").

### A.  The Noteholder Avoidance Actions

The Noteholder Avoidance Actions are comprised of (i) four actions initially commenced in New York State Supreme Court that were removed to this Court and thereafter assigned to Your Honor, (ii) 40 actions transferred to this Court by the initial transfer order of the Judicial Panel on Multidistrict Litigation (the "Panel") dated December 19, 2011 (the "Transfer Order"), (iii) one "tag-along action" transferred to this Court by virtue of a conditional transfer order of the Panel dated December 28, 2011 (as to which no objections were timely filed), (iv) two additional "tag-along actions" transferred to this Court by virtue of a conditional transfer order of the Panel dated December 29, 2011 (as to which no objections were timely filed), and (v) one additional action filed in this Court on December 19, 2011.

For the Court's convenience, annexed hereto as Exhibit A-1 is a complete list of the Noteholder Avoidance Actions, together with the original index number, the new index number assigned by the Court, and identification of the currently operative complaint (*i.e.*, First Amended, Second Amended, etc.).

### B.  The Retiree Avoidance Actions

The Retiree Avoidance Actions are comprised of (i) one action initially commenced in New York State Supreme Court which was removed to this Court and thereafter assigned to Your Honor, and (ii) three "tag-along actions" transferred to this Court by virtue of the Panel's December 28, 2011 conditional transfer order (as to which no objections were timely filed).

---

[1] We apologize for burdening the Court with these organizational and procedural matters, which we recognize could, under different circumstances, be addressed at or in conjunction with a case management conference. However, at the present time it is unknown when the first such conference will be held, and the issues raised herein are time-sensitive.

AKIN GUMP
STRAUSS HAUER & FELD LLP
━━━━━━━ Attorneys at Law

January 18, 2012
Page 3

For the Court's convenience, annexed hereto as Exhibit A-2 is a complete list of the Retiree Avoidance Actions, together with the original index number, the new index number assigned by the Court, and identification of the currently operative complaint.

### C. The Bankruptcy Court Action

An adversary proceeding captioned *Official Committee of Unsecured Creditors of Tribune Co., et al. v. Dennis J. FitzSimons, et al.*, No. 10-54010 (KJC) (the "Committee Action") is currently pending in the United States Bankruptcy Court for the District of Delaware. Pursuant to its December 28, 2011 conditional transfer order, the Panel also designated the Committee Action as a "tag-along action." Certain parties to the Committee Action have filed notices of objection to the transfer of the Committee Action to this Court; thus, at the present time, the Committee Action has not been transferred to this Court. *See* Notices of Opposition to Conditional Transfer Order, *In Re Tribune Company Fraudulent Conveyance Litig.*, MDL No. 2296 [ECF Nos. 959 and 960].[2]

### D. Proceedings to Date in the Noteholder Avoidance Actions and Retiree Avoidance Actions

As a consequence of the stay directed by the Bankruptcy Court and the pendency of the Noteholder Plaintiffs' MDL Motion, to date activity in the Actions has essentially been limited to motions to stay, motions to seal certain information referenced in the complaints, motions to amend, and motions seeking an extension of time to serve. No discovery requests have been served, and no substantive rulings have been rendered.

Prior to the Transfer Order, a small number of defendants (*i.e.*, fewer than twenty-five defendants) filed motions to dismiss certain of the Noteholder Avoidance Actions. As a result of the various stays ordered by the transferor courts, the Noteholder Plaintiffs never responded to the majority of these motions to dismiss, and briefing was completed with respect to only five of these motions.[3] Any further litigation or determination of these motions to dismiss is now stayed

---

[2]  Pursuant to Panel Rule 7.1(f), such parties have two weeks to file substantive papers in support of their objection, in the form of a motion to vacate the conditional transfer order. *See* Panel Rule 7.1(f). If no motion to vacate is filed by the deadline, the Committee Action will then be transferred to this Court; if one or more such motions are filed the matter will be determined by the Panel. *See id.*

[3]  Of the five motions to dismiss that were fully briefed, three were filed in the District of Vermont and related solely to choice of law. The fourth, filed in the District of Delaware, concerned an alleged affirmative defense that the specific defendant was a mere conduit for the transferred funds. The fifth, filed in the Northern District of Illinois, concerned subject matter jurisdiction.

**AKIN GUMP**
**STRAUSS HAUER & FELD** LLP
━━━━━━━━━━ Attorneys at Law

January 18, 2012
Page 4

by this Court's Master Stay Order. The Noteholder Plaintiffs expect that the parties and Court will, at the appropriate time, develop a case management order that will, among other things, facilitate the orderly and efficient sequencing, prosecution, and determination of all motions to dismiss that the parties to this Multidistrict Litigation wish to pursue. *See, e.g.,* Multidistrict Litigation Manual sec. 9.13 (Management of transferred cases – Motion practice in complex litigation) (in MDL proceeding "a transferee court has significant power to manage and control how and when motions are presented").

## II.   MOTIONS TO AMEND

As more fully described below, Motions for Leave to Amend the Complaint are presently pending in 16 of the Noteholder Avoidance Actions. These motions to amend were necessitated by the Noteholder Plaintiffs' receipt of information regarding the names and addresses of individuals and entities that received proceeds in connection with Tribune's 2007 leveraged buy-out, subsequent to the commencement of the Noteholder Avoidance Actions and pursuant to a subpoena served by the Noteholder Plaintiffs on the Official Committee of Unsecured Creditors of Tribune Company, *et al.* in April 2011. The pending motions to amend seek to, *inter alia,* name approximately 355 additional defendants in the pending actions, but do not seek to add new claims or new legal theories of liability. The Court's determination of these pending motions to amend will enable the Noteholder Plaintiffs to begin service of process on all new parties to be added to these cases, and thus facilitate the ultimate advancement of the litigation.[4]

### A.   The September Motions to Amend

Between September 27, 2011 and September 29, 2011, the Noteholder Plaintiffs filed motions to amend in 21 of the Noteholder Avoidance Actions (collectively, the "September Motions to Amend"). The September Motions to Amend each sought to make one or more of the following changes to the existing complaints: (i) join new defendants, (ii) drop existing defendants, (iii) alter or limit the capacity in which certain defendants were named, (iv) correct typographical errors in the names of certain defendants, (v) correct and clarify the formatting of the caption and the identification of defendants, (vi) amend the alleged transfer amounts received by certain defendants, (vii) conform the language in Count Seven of the complaint to the text of Mass. Gen. Laws ch. 109A, §§ 6(a), 8, & 9, and/or (viii) make minor, immaterial typographical and formatting corrections in the body of the complaint.

---

[4] We are advised that no motions to amend are pending in any of the Retiree Avoidance Actions.

# AKIN GUMP
## STRAUSS HAUER & FELD L.L.P.
Attorneys at Law

January 18, 2012
Page 5

Prior to transfer of the Noteholder Avoidance Actions to this Court, 17 of the 21 September Motions to Amend were granted, including one such motion granted by this Court in *Deutsche Bank Trust Co. Americas., et al. v. Adaly Opportunity Fund, et al.*, Case No. 1:11-cv-04784.[5] None of the September Motions to Amend were denied.

Four of the September Motions to Amend, however, are undecided. In the following two cases the September Motions to Amend are unopposed, and the time for any opposition long ago expired:

- *Deutsche Bank Trust Co. Americas, et al. v. King, et al.*, Case No. 1:11-cv-09410-RJH (formerly 2:11-cv-01110 (D. Ariz.)).[6]

- *Deutsche Bank Trust Co. Americas, et al. v. First Republic Bank, et al.*, Case No. 1:11-cv-09572-RJH (formerly 4:11-cv-02634 (N.D. Cal.)).[7]

In the following two cases, the September Motions to Amend are opposed by certain defendants:

- *Deutsche Bank Trust Co. Americas, et al. v. Huntington Nat'l Bank, et al.*, Case No. 1:11-cv-09589-RJH (formerly 1:11-cv-00361 (S.D. Ohio)).[8]

- *Deutsche Bank Trust Co. Americas, et al. v. Long, et al.*, Case No. 1:11-cv-09570-RJH (formerly 2:11-cv-00144 (D. Vt.)).[9]

The Noteholder Plaintiffs respectfully request that the Court (i) enter orders granting the two unopposed September Motions to Amend, and (ii) enter orders granting the two opposed

---

[5] *See Adaly*, Order dated Oct. 25, 2011 [ECF No. 354].

[6] *See* Plaintiffs' Motion for (I) Leave to File the Second Amended Complaint and (II) an Order Clarifying or Modifying the Court's Prior Sealing Order, filed Sept. 27, 2011 [ECF No. 55].

[7] *See* Plaintiffs' Motion for Leave to File Second Amended Complaint, filed Sept. 27, 2011 [ECF No. 256]. Three oppositions were filed [ECF Nos. 286, 287, 288] and subsequently withdrawn [ECF Nos. 296, 297]. There is an additional unopposed motion to amend pending in the *First Republic Bank* case: *see* Plaintiffs' Motion for Leave to File Amended Complaint Against Defendants Richard and Despina Haigler, filed Sept. 29, 2011 [ECF No. 261]. This motion involves only two of the original defendants, and relates to an earlier amendment that was filed as of right and/or on consent as to all other defendants. Despite initially withholding their consent to this amendment, the two specific defendants did not subsequently file oppositions to this motion to amend, nor did any other defendants. The Noteholder Plaintiffs respectfully request that the Court enter an order granting this motion.

[8] The briefs filed in connection with this motion are listed on Exhibit B-1 hereto.

[9] The briefs filed in connection with this motion are listed on Exhibit B-2 hereto.

**AKIN GUMP**
**STRAUSS HAUER & FELD** LLP
━━━━━ Attorneys at Law

January 18, 2012
Page 6

September Motions to Amend based on the papers now before the Court, or direct the affected parties to take such additional steps as the Court may require before determining these two motions.[10] In conformity with Your Honor's Individual Practices, two courtesy copies of all papers relating to each undecided September Motion to Amend will be delivered to Chambers along with this letter.

### B. December Motions to Amend

On December 19, 2011, the Noteholder Plaintiffs filed motions to amend in 12 of the Noteholder Avoidance Actions (collectively, the "December Motions to Amend"). The December Motions to Amend seek to (i) add new defendants, and (ii) make minor modifications to the way in which certain defendants and/or transfer amounts are identified in Exhibit A to the complaint. Three of the December Motions to Amend also seek to conform the language in Count Seven of the complaint to the text of Mass. Gen. Laws ch. 109A, §§ 6(a), 8, & 9, and one of the December Motions to Amend seeks to explicitly invoke the Edge Act as an additional basis for subject matter jurisdiction. As with the September Motions to Amend, none of the December Motions to Amend seek to add new claims or new legal theories of liability.

The December Motions to Amend were made, and are now pending, in the following Actions:

- *Deutsche Bank Trust Co. Americas, et al. v. First Republic Bank, et al.*, Case No. 1:11-cv-09572-RJH (formerly 4:11-cv-02634 (N.D. Cal.)).[11]

- *Deutsche Bank Trust Co. Americas, et al. v. Sirius Int'l Ins. Corp., et al.*, Case No. 1:11-cv-09583-RJH (formerly 3:11-cv-00894 (D. Conn.)).[12]

- *Deutsche Bank Trust Co. Americas, et al. v. Anderson, et al.*, Case No. 1:11-cv-09510-RJH (formerly 1:11-cv-01024 (D.D.C.)).[13]

- *Deutsche Bank Trust Co. Americas, et al. v. Waterman Broadcasting Investment Corp., et al.*, Case No. Pending (formerly 1:11-cv-22007 (S.D. Fla.)).[14]

---

[10] Motions to amend, and oppositions thereto, are excluded from this Court's Master Stay Order. *See* Master Stay Order [ECF No. 17].

[11] *See* Plaintiffs' Motion for Leave to File Third Amended Complaint, filed Dec. 19, 2011 [ECF No. 332].

[12] *See* Plaintiffs' Motion for Leave to File Third Amended Complaint, filed Dec. 19, 2011 [ECF No. 87].

[13] *See* Plaintiffs' Motion for Leave to File Third Amended Complaint, filed Dec. 19, 2011 [ECF No. 85].

AKIN GUMP
STRAUSS HAUER & FELD LLP
Attorneys at Law

January 18, 2012
Page 7

- *Deutsche Bank Trust Co. Americas, et al. v. Ohlson Enters., et al.*, Case No. Pending (formerly 1:11-cv-03754 (N.D. Ill.)).[15]

- *Deutsche Bank Trust Co. Americas, et al. v. American Electric Power, et al.*, Case No. 1:11-cv-09592-RJH (formerly 1:11-cv-00358 (S.D. Ohio)).[16]

- *Deutsche Bank Trust Co. Americas, et al. v. Ametek Inc. Employees Master Retirement Trust, et al.*, Case No. 1:11-cv-09598-RJH (formerly 5:11-cv-03569 (E.D. Pa.)).[17]

- *Deutsche Bank Trust Co. Americas, et al. v. Ader, et al.*, Case No. 1:11-cv-09571-RJH (formerly 1:11-cv-00601 (E.D. Va.)).[18]

- *Deutsche Bank Trust Co. Americas, et al., v. Alliance Capital Management LLC, et al.*, Case No. 1:11-cv-09595-RJH (formerly 1:11-cv-00612 (D. Del.)).[19]

- *Deutsche Bank Trust Co. Americas, et al., v. Alicia Patterson Guggenheim Trust, et al.*, Case No. Pending (formerly 1:11-cv-03750 (N.D. Ill.)).[20]

- *Deutsche Bank Trust Co. Americas, et al., v. Merrill Lynch Trust Co., et al.*, Case No. 1:11-cv-09407-RJH (formerly 2:11-cv-03148 (D.N.J.)).[21]

- *Deutsche Bank Trust Co. Americas, et al., v. Nat'l Electrical Benefit Fund, et al.*, Case No. Pending (formerly 8:11-cv-01512 (D. Md.)).[22]

No oppositions have been filed in the thirty days since the December Motions to Amend were filed, and the Noteholder Plaintiffs do not believe that any valid basis exists to oppose these proposed amendments. However, as a result of the transfer of these actions to this Court, there

---

[14] *See* Plaintiffs' Motion for Leave to File Third Amended Complaint, filed Dec. 19, 2011 [ECF No. 178].

[15] *See* Plaintiffs' Motion for Leave to File Third Amended Complaint, filed Dec. 19, 2011 [ECF No. 397].

[16] *See* Plaintiffs' Motion for Leave to File Third Amended Complaint, filed Dec. 19, 2011 [ECF No. 96].

[17] *See* Plaintiffs' Motion for Leave to File Third Amended Complaint, filed Dec. 19, 2011 [ECF No. 114].

[18] *See* Plaintiffs' Motion for Leave to File Third Amended Complaint, filed Dec. 19, 2011 [ECF No. 174].

[19] *See* Plaintiffs' Motion for Leave to File the Second Amended Complaint, filed Dec. 19, 2011 [ECF No. 96].

[20] *See* Plaintiffs' Motion for Leave to File the Second Amended Complaint, filed Dec. 19, 2011 [ECF No. 110].

[21] *See* Plaintiffs' Motion for Leave to File the Second Amended Complaint, filed Dec. 19, 2011 [ECF No. 30].

[22] *See* Plaintiffs' Motion for Leave to File the Second Amended Complaint, filed Dec. 19, 2011 [ECF No. 45].

**AKIN GUMP**
**STRAUSS HAUER & FELD** LLP
━━━━━━━━ Attorneys at Law

January 18, 2012
Page 8

may be some confusion by parties as to the specific deadline for any opposition. The Noteholder Plaintiffs therefore respectfully request that the Court enter orders (i) granting each of the December Motions to Amend, or (ii) fixing a deadline for any opposition to the December Motions to Amend and, in the event any papers in opposition are filed, for the Noteholder Plaintiffs to file reply papers. In conformity with Your Honor's Individual Practices, two courtesy copies of each of the December Motions to Amend will be delivered to Chambers along with this letter.

## III.   SERVICE-RELATED MOTIONS

In 26 of the Noteholder Avoidance Actions, the Noteholder Plaintiffs moved pursuant to FRCP 4(m) and 6(b)(1)(A) for orders extending the deadline for service of the operative summons and amended complaints (as the complaints might be further amended from time to time, subject to and in accordance with FRCP 15 and 21), and the time period referenced in FRCP 15(c)(1)(C), by six months, through and including March 30, 2012 (collectively, the "Service Extension Motions"). 22 of the Service Extension Motions were granted prior to entry of the Transfer Order, including two such motions granted by this Court in *Deutsche Bank Trust Co. Americas., et al. v. Adaly Opportunity Fund, et al.*, Case No. 1:11-cv-04784-RJH, and in *Deutsche Bank Trust Co. Americas, et al. v. Abu Dhabi Investment Authority, et al.*, Case No. 1:11-cv-04522-RJH.[23] None of the Service Extension Motions were denied.

Four of the Service Extension Motions, however, remain undecided. All four of these motions are unopposed, and the time for any opposition has expired:

- *Deutsche Bank Trust Co. Americas, et al. v. King, et al.*, Case No. 1:11-cv-09410-RJH (formerly 2:11-cv-01110 (D. Ariz.)).[24]

- *Deutsche Bank Trust Co. Americas, et al. v. Sowood Alpha Fund LP, et al.*, Case No. 1:11-cv-09586-RJH (formerly 1:11-cv-00618 (D. Del.)).[25]

---

[23] *See Adaly*, Order dated Oct. 25, 2011 [ECF No. 356]; *Abu Dhabi*, Order dated Oct. 18, 2011 [ECF No. 213]. By this Court's Order in *Adaly*, the 4(m) and 15(c)(1)(C) periods were extended by six months to May 9, 2012, and, in *Abu Dhabi*, to April 27, 2012. In *Deutsche Bank Trust Co. Am. et al. v. Waterman Broadcasting Inv. Corp. et al.*, 1:11-cv-22007 (S.D. Fla.), the 4(m) motion was granted, but the 4(m) and 15(c)(1)(C) periods were extended by just 60 days, to January 13, 2012.

[24] *See* Plaintiffs' Motion to Extend Time for Service of Summons and Complaint, filed Sept. 13, 2011 [ECF No. 53].

[25] *See* Plaintiffs' Motion to Extend Time for Service of Summons and Complaint, filed Sept. 15, 2011 [ECF No. 58].

**AKIN GUMP**
**STRAUSS HAUER & FELD** LLP
━━━━━━━━ Attorneys at Law

January 18, 2012
Page 9

- *Deutsche Bank Trust Co. Americas, et al. v. Sumitomo Trust & Banking Co. (USA), et al.*, Case No. 1:11-cv-09406-RJH (formerly 2:11-cv-03147 (D.N.J.)).[26]

- *Deutsche Bank Trust Co. Americas, et al., v. Alliance Capital Management LLC, et al.*, Case No. 1:11-cv-09595-RJH (formerly 1:11-cv-00612 (D. Del.)).[27]

Two courtesy copies of each of the pending Service Extension Motions will be delivered to Chambers along with this letter.

The Noteholder Plaintiffs sought extensions of the FRCP 4(m) and 15(c)(1)(C) periods because, despite the exercise of the utmost diligence, the Noteholder Plaintiffs were unable to identify, locate, and serve the thousands of defendants named in the Noteholder Avoidance Actions within the default periods provided under the federal rules. The Noteholder Plaintiffs continue to work diligently in an effort to obtain the necessary information to complete service, but likely will need to apply to this Court for a further extension of the FRCP 4(m) and 15(c)(1)(C) periods in light of the extraordinary difficulty associated with identifying, locating, and serving certain defendants.

The Noteholder Plaintiffs therefore respectfully request that this Court enter orders (i) granting the four outstanding but as yet undecided motions to extend the FRCP 4(m) and 15(c)(1)(C) periods to March 30, 2012, and (ii) modifying the Court's Master Stay Order to permit the Noteholder Plaintiffs to file motions seeking (x) a further extension of the relevant service-related periods as may be necessary in any of the Noteholder Actions, (y) authorization to serve specified defendants by alternate means, and/or (z) such other relief related to the just and efficient resolution of service issues as may be appropriate. Moreover, the Noteholder Plaintiffs anticipate filing at least one additional motion to extend time to serve in the next two weeks, should the Court allow it, given that the 120-day deadline in *Deutsche Bank Trust Co. Americas, et al. v. Fushimi, et al.*, Case No. Pending (formerly 1:11-cv-02472 (D. Colo.)) is set to expire today, and not all defendants have been served.

---

[26] *See* Plaintiffs' Motion to Extend Time for Service of Summons and Complaint, filed Sept. 12, 2011 [ECF No. 45].

[27] *See* Plaintiffs' Motion to Extend Time for Service of Summons and Complaint, filed Sept. 16, 2011 [ECF No. 55].

**AKIN GUMP**
**STRAUSS HAUER & FELD** LLP
━━━━━━━━ Attorneys at Law

January 18, 2012
Page 10

## IV.   THE COURT'S MASTER STAY ORDER

As noted earlier, on December 28, 2011 this Court entered the Master Stay Order staying the Actions on the terms set forth therein. The Noteholder Plaintiffs agree that this Multidistrict Litigation should be stayed at the present time.

Nevertheless, now that the Panel has transferred these cases to this Court for consolidated proceedings, the Noteholder Plaintiffs are anxious to move the Actions ahead toward, *inter alia*, the development of an initial case management order, and thereafter substantive motion practice and discovery, all in a coordinated, orderly, and efficient manner. The Noteholder Plaintiffs believe that many of the defendants are of the same mind, and would also like the cases to proceed.

In its Master Stay Order, the Court made reference to, and relied upon, two prior orders of the Bankruptcy Court respecting a stay of these Actions. Since those orders were entered, however, the Bankruptcy Court issued its opinion on confirmation (and separate order denying confirmation), dated October 31, 2011, in which it addressed and resolved (or otherwise disposed of) various objections that had been made to one or both proposed plans of reorganization of Tribune, including those objections that gave rise to the Bankruptcy Court's direction to stay these Actions.

Accordingly, as a first and necessary step towards being able to move the Actions ahead in this Court (beyond the determination of the motions to amend and service-related motions discussed above, which are or respectfully should be exempt from the Master Stay Order), on January 12, 2012, the Noteholder Plaintiffs filed with the Bankruptcy Court a motion (the "Stay Termination Motion") seeking an order declaring that, from the Bankruptcy Court's perspective, any need for the continuation of a stay has ended, and that the Actions may now proceed on whatever schedule this Court may direct. Upon the Bankruptcy Court's resolution of the Stay Termination Motion, the Noteholder Plaintiffs will of course promptly provide this Court and the parties with a copy of Judge Carey's ruling.

In the event that Judge Carey grants the Stay Termination Motion, the Noteholder Plaintiffs do not believe that the stay embodied in this Court's Master Stay Order should automatically come to an end, such that each of the defendants will have to immediately answer or file a Rule 12 motion. Rather, in the event the Stay Termination Motion is granted, the Noteholder Plaintiffs request that this Court *continue* the stay of each of the Actions directed by the Master Stay Order until such time as an initial conference or conferences can be held and an initial case management order entered. To the extent the Court agrees, it may wish to modify the

A K I N   G U M P
S T R A U S S   H A U E R   &   F E L D LLP
Attorneys at Law

January 18, 2012
Page 11

Master Stay Order to avoid any concern by defendants that their time to respond to the complaints will be triggered immediately upon an order of the Bankruptcy Court.

Needless to say, we are available to answer any questions or provide any further information the Court may require.

Respectfully,

David M. Zensky
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
(212) 872-1075
dzensky@akingump.com

/s/ Robert J. Lack
Robert J. Lack
Friedman Kaplan Seiler & Adelman LLP
7 Times Square
New York, NY 10036
(212) 833-1108
rlack@fklaw.com

/s/ Sheron Korpus
Sheron Korpus
Kasowitz Benson Torres & Friedman LLP
1633 Broadway
New York, NY 10019
(212) 506-1969
skorpus@kasowitz.com

/s/ Joseph Aronauer
Joseph Aronauer
Aronauer, Re & Yudell, LLP
444 Madison Avenue, 17th Floor
New York, NY 10022
(212) 755-6000
jaronauer@aryllp.com

/s/ Kevin M. Magnuson
Kevin M. Magnuson
Kelley, Wolter & Scott, P.A.
431 South Seventh Street, Suite 2530
Minneapolis, MN 55415
(612) 371-9090
kmagnuson@kelleywolter.com

**Exhibit A-1**
Schedule of Noteholder Avoidance Actions

| State of Origin | Caption | New Case Number | Old Case Number | Currently Operative Complaint |
|---|---|---|---|---|
| AZ | Deutsche Bank Trust Co. Americas, et al. v. King, et al. | 1:11-cv-09410-RJH | 2:11-cv-01110 | First Amended Complaint |
| CA | Deutsche Bank Trust Co. Americas, et al. v. First Republic Bank, et al. | 1:11-cv-09572-RJH | 4:11-cv-02634 | First Amended Complaint |
| CA | Deutsche Bank Trust Co. Americas, et al v. Wells Fargo Bank, N.A. et al | 1:11-cv-09585-RJH | 3:11-cv-02661 | First Amended Complaint |
| CA | Deutsche Bank Trust Co. Americas, et al. v. AG Edwards & Sons, et al. | 1:11-cv-09593-RJH | 3:11-cv-02646 | First Amended Complaint |
| CO | Deutsche Bank Trust Co. Americas, et al. v. Fushimi, et al. | | 1:11-cv-02472 | Original Complaint |
| CO | Deutsche Bank Trust Co. Americas, et al. v. Oppenheimer Main Street Select Fund, et al. | | 1:11-cv-02210 | First Amended Complaint |
| CT | Deutsche Bank Trust Co. Americas, et al. v. Sirius Int'l Ins. Corp., et al. | 1:11-cv-09583-RJH | 3:11-cv-00894 | Corrected Second Amended Complaint |
| CT | Deutsche Bank Trust Co. Americas, et al. v. Aetna, Inc., et al. | 1:11-cv-09584-RJH | 3:11-cv-00895 | First Amended Complaint |
| DC | Deutsche Bank Trust Co. Americas, et al. v. Anderson, et al. | 1:11-cv-09510-RJH | 1:11-cv-01024 | Second Amended Complaint |
| DE | Deutsche Bank Trust Co. Americas, et al. v. Sowood Alpha, et al. | 1:11-cv-09586-RJH | 1:11-cv-00618 | First Amended Complaint |
| DE | Deutsche Bank Trust Co. Americas, et al. v. RBS Securities, et al. | 1:11-cv-09587-RJH | 1:11-cv-00638 | Original Complaint |
| DE | Deutsche Bank Trust Co. Americas, et al. v. Verizon Inv. Mgmt., et al. | 1:11-cv-09594-RJH | 1:11-cv-00613 | First Amended Complaint |
| DE | Deutsche Bank Trust Co. Americas, et al. v. Alliance Capital Mgmt LLC, et al. | 1:11-cv-09595-RJH | 1:11-cv-00612 | First Amended Complaint |
| DE | Deutsche Bank Trust Co. Americas, et al. v. Wells Fargo Investments, LLC, et al. | 1:11-cv-09596-RJH | 1:11-cv-00609 | Original Complaint |
| FL | Deutsche Bank Trust Co. Americas, et al. v. Waterman Broadcasting Inv. Corp., et al. | | 1:11-cv-22007 | Second Amended Complaint |
| IL | Deutsche Bank Trust Co. Americas, et al. v. Ohlson Enters., et al. | | 1:11-cv-03754 | Second Amended Complaint |
| IL | Deutsche Bank Trust Co. Americas, et al. v. Alicia P. Guggenheim Trust, et al. | | 11-cv-03750 | First Amended Complaint |
| IN | Deutsche Bank Trust Co. Americas, et al. v. Robert Dishon Family Trust, et al. | 1:11-cv-09581-RJH | 1:11-cv-00749 | First Amended Complaint |
| IN | Deutsche Bank Trust Co. Americas, et al. v. 1st Source Bank, et al. | 1:11-cv-09582-RJH | 1:11-cv-00746 | First Amended Complaint |
| MA | Deutsche Bank Trust Co. Americas, et al. v. Eaton Vance Multi Cap Growth Portfolio, et al. | 1:11-cv-09408-RJH | 1:11-cv-10985 | First Amended Complaint |
| MA | Deutsche Bank Trust Co. Americas, et al. v. Richard Paniagua, et al. | 1:11-cv-09409-RJH | 1:11-cv-10982 | Second Amended Complaint |
| MD | Deutsche Bank Trust Co. Americas, et al. v. McGurn, et al. | | 8:11-cv-01510 | Second Amended Complaint |
| MD | Deutsche Bank Trust Co. Americas, et al. v. National Electrical Benefit Fund, et al. | | 8:11-cv-01512 | First Amended Complaint |
| MN | Deutsche Bank Trust Co. Americas, et al. v. Ameriprise Trust Co., et al. | 1:11-cv-09590-RJH | 0:11-cv-01451 | Second Amended Complaint |
| MN | Deutsche Bank Trust Co. Americas, et al. v. Pandora Select Partners LP, et al. | 1:11-cv-09599-RJH | 0:11-cv-01453 | First Amended Complaint |
| MN | Deutsche Bank Trust Co. Americas, et al. v. U.S. Bank, N.A., et al. | 1:11-cv-09600-RJH | 0:11-cv-01452 | Second Amended Complaint |
| NC | Deutsche Bank Trust Co. Americas, et al. v. The Burroughs Wellcome Fund, et al. | 1:11-cv-09511-RJH | 3:11-cv-00266 | Second Amended Complaint |

**Exhibit A-1**
Schedule of Noteholder Avoidance Actions

| State of Origin | Caption | New Case Number | Old Case Number | Currently Operative Complaint |
|---|---|---|---|---|
| NC | Deutsche Bank Trust Co. Americas, et al. v. Aqua America-Gabelli Asset Mgmt, et al. | 1:11-cv-09512-RJH | 3:11-cv-00268 | First Amended Complaint |
| NJ | Deutsche Bank Trust Co. Americas, et al. v. Sumitomo Trust & Banking Co. (U.S.A.), et al. | 1:11-cv-09406-RJH | 2:11-cv-03147 | First Amended Complaint |
| NJ | Deutsche Bank Trust Co. Americas, et al. v. Merrill Lynch Trust Co., et al. | 1:11-cv-09407-RJH | 2:11-cv-03148 | First Amended Complaint |
| NY | Deutsche Bank Trust Co. Americas, et al. v. Abu Dhabi Investment Authority, et al. | 1:11-cv-04522-RJH | 1:11-cv-04522 | First Amended Complaint |
| NY | Deutsche Bank Trust Co. Americas, et al. vs. Adaly Opportunity Fund, et al. | 1:11-cv-04784-RJH | 1:11-cv-04784 | Second Amended Complaint |
| NY | Deutsche Bank Trust Co. Americas, et al. v. Cantor Fitzgerald & Co., et al. | 1:11-cv-04900-RJH | 1:11-cv-04900 | First Amended Complaint |
| NY | Deutsche Bank Trust Co. Americas, et al. v. CIBC World Markets Corp., et al. | 1:11-cv-05136-RJH | 1:11-cv-05136 | First Amended Complaint |
| NY | Deutsche Bank Trust Co. Americas, et al. v. Blackrock Institutional Trust Company, N.A., et al. | 1:11-cv-09319-RJH | 1:11-cv-09319 | Original Complaint |
| OH | Deutsche Bank Trust Co. Americas, et al. v. Huntington National Bank, et al. | 1:11-cv-09589-RJH | 1:11-cv-00361 | Second Amended Complaint |
| OH | Deutsche Bank Trust Co. Americas, et al. v. Goodrich Corp MAS TR QUAL EMPL BEN, et al. | 1:11-cv-09591-RJH | 1:11-cv-00359 | First Amended Complaint |
| OH | Deutsche Bank Trust Co. Americas, et al. v. American Electric Power, et al. | 1:11-cv-09592-RJH | 1:11-cv-00358 | First Amended Complaint |
| PA | Deutsche Bank Trust Co. Americas, et al. v. ING Investors Trust, et al. | 1:11-cv-09597-RJH | 5:11-cv-03570 | First Amended Complaint |
| PA | Deutsche Bank Trust Co. Americas, et al. v. Ametek Inc Employees Master Retirement Trust, et al. | 1:11-cv-09598-RJH | 5:11-cv-03569 | Second Amended Complaint |
| TX | Deutsche Bank Trust Co. Americas, et al. v. Employees Retirement Fund of the City of Dallas, et al. | 1:11-cv-09568-RJH | 3:11-cv-01167 | Second Amended Complaint |
| TX | Deutsche Bank Trust Co. Americas, et al. v. Bank of America N.A. / GWIM Trust Operations, et al. | 1:11-cv-09569-RJH | 3:11-cv-01175 | First Amended Complaint |
| TX | Deutsche Bank Trust Co. Americas, et al. v. AIG Life Insurance Company, et al. | | 3:11-cv-03505 | Original Complaint |
| VA | Deutsche Bank Trust Co. Americas, et al. v. Ader, et al. | 1:11-cv-09571-RJH | 1:11-cv-00601 | Second Amended Complaint |
| VT | Deutsche Bank Trust Co. Americas, et al. v. Long, et al. | 1:11-cv-09570-RJH | 2:11-cv-00144 | First Amended Complaint |
| WA | Deutsche Bank Trust Co. Americas, et al. v. Automotive Machinists Pension Trust Fund, et al. | 1:11-cv-09588-RJH | 2:11-cv-00925 | Second Amended Complaint |
| WI | Deutsche Bank Trust Co. Americas, et al. v. Assoc. Bank Green Bay, NA, et al. | 1:11-cv-09514-RJH | 3:11-cv-00396 | Second Amended Complaint |
| WI | Deutsche Bank Trust Co. Americas, et al. v. Mazur | 1:11-cv-09515-RJH | 3:11-cv-00400 | Original Complaint |

**Exhibit A-2**
Schedule of Retiree Avoidance Actions

| State of Origin | Caption | New Case Number | Old Case Number | Currently Operative Complaint |
|---|---|---|---|---|
| CA | William A. Niese et al. v. Chandler Trust No. 1 | | 2:11-cv-07577 | Second Amended Complaint |
| DE | William A. Niese et al. v. A.G. Edwards Inc. | | 1:11-cv-00583 | First Amended Complaint |
| IL | William A. Niese et al. v. ABN AMRO Clearing Chicago LLC | | 1:11-cv-05155 | First Amended Complaint |
| NY | William A. Niese et al. v. Alliance Bernstein L.P. | 1:11-cv-04538-RJH | 1:11-cv-04538 | Second Amended Complaint |

**Exhibit B-1**
September Motion to Amend Pleadings
*Deutsche Bank Trust Co. Americas, et al. v. Huntington Nat'l Bank, et al , Case No. 1:11-cv-09589-RJH*

| Date Filed | Document Name | ECF No. |
|---|---|---|
| Sept. 28, 2011 | Plaintiffs' Motion for (I) Leave to File Second Amended Complaint and (II) An Order Clarifying or Modifying the Court's Prior Sealing Order | 59 |
| Oct. 18, 2011 | Response in Opposition by Defendants Administrator Ohio Public Employees Retirement System of Ohio, Administrator School Employees Retirement System of Ohio, SERS/LSV US LRG, SERS/SSGA PASS | 61 |
| Oct. 20, 2011 | Response in Opposition by Defendant Administrator Ohio Bureau of Workers' Compensation | 65 |
| Oct. 20, 2011 | Response in Opposition by Defendant Ohio Carpenters' Pension Fund | 66 |
| Nov. 8, 2011 | Plaintiffs' Reply in Support of Motion | 72 |

**Exhibit B-2**

September Motion to Amend Pleadings

*Deutsche Bank Trust Co. Americas, et al. v. Long, et al.,* Case No. 1:11-cv-09570-RJH

| Date Filed | Document Name | ECF No. |
|---|---|---|
| Sept. 29, 2011 | Plaintiffs' Motion for (i) Leave to File Second Amended Complaint and (ii) An Order Clarifying or Modifying the Court's Prior Sealing Order | 95 |
| Oct. 17, 2011 | Response in Opposition and Request for Oral Argument by Defendant Rojek | 98, 99 |
| Oct. 20, 2011 | Response in Opposition by Defendant Coolidge | 104 |
| Nov. 3, 2011 | Plaintiffs' Reply in Support of Motion | 107 |
| Nov. 21, 2011 | Motion for Leave to File Surreply by Defendant Rojek | 113 |
| Dec. 8, 2011 | Plaintiff's Opposition to Motion for Leave to File Surreply | 116 |
| Dec. 9, 2011 | Reply in Support of Motion to File Surreply by Defendant Rojek | 117 |