# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Hearing Date: February 2, 2012 at 1:30 p.m.**<br>**Related to Docket No. 10753** |

**RESPONSE OF ROBERT R. MCCORMICK TRIBUNE FOUNDATION
AND CANTIGNY FOUNDATION TO MOVANTS' REPLY (I) IN FURTHER
SUPPORT OF MOTION FOR ORDER LIFTING STAYS OF STATE LAW
CONSTRUCTIVE FRAUDULENT CONVEYANCE SUITS AND (II) IN RESPONSE
TO THE OBJECTIONS AND RESPONSES OF THE DEBTORS AND
VARIOUS OTHER PARTIES TO THE THIRD MOTION OF THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO AMEND
DEFINITION OF "TERMINATION EVENT" IN STANDING ORDERS**

Robert R. McCormick Tribune Foundation ("McCormick") and Cantigny Foundation ("Cantigny" and together with McCormick, the "Foundations"), by its attorneys, hereby respond (this "Response") to the Reply of Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for a certain series of Senior Notes ("DBTCA"), Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for a certain series of Senior Notes ("Law Debenture"), Wilmington Trust Company, in its capacity as successor indenture trustee for PHONES Notes ("Wilmington Trust"), and Aurelius Capital Management, L.P., on behalf of itself and its managed entities ("Aurelius," together with DBTCA, Law Debenture, and Wilmington Trust, the "Movants"), (i) in further support of Motion for Order Lifting Stays of State Law Constructive Fraudulent Conveyance Suits, and (ii) in response to the objections and responses of the Debtors and various other parties to the Third Motion of the

Official Committee of Unsecured Creditors to Amend Definition of "Termination Event" in Standing Orders (the "Reply").  In support of this Response, the Foundations state as follows:

1. The Foundations object to certain arguments made by the Movants in their Reply. Specifically, the Foundations object to the Movants' argument that the Foundations, by not separately objecting to the Lift Stay Motion (as defined in the Reply), have signaled their tacit agreement with the Movants' position. *See* Reply ¶ 4 ("Clearly, the [Foundations] . . . are ready to litigate."); and ¶ 18 ("Significantly, the [Foundations] . . . have not opposed the Lift Stay Motion . . . presumably because they too wish to see the cases advance in an orderly fashion.").

2. This is not fair argument.  The Foundations' silence on the Lift Stay Motion should not be construed as an endorsement of either side's position, and the Foundations should not have to separately file either a joinder or an opposition to every motion that comes before the Court in order to avoid having their neutrality exploited for the tactical advantage of one side or the other.  The arguments for and against the Lift Stay Motion have been thoroughly addressed by other parties, and we doubt the Court would have benefited from an additional submission by the Foundations.

| | |
|---|---|
| Dated:  February 1, 2012 | Respectfully submitted, |
| | **ROBERT R. MCCORMICK TRIBUNE FOUNDATION and CANTIGNY FOUNDATION** |
| | By: /s/ Richard W. Riley<br>Richard W. Riley (DE 4052)<br>DUANE MORRIS LLP<br>222 Delaware Avenue, Suite 1600<br>Wilmington, DE 19801<br>Tel:  (302) 657-4900<br>Fax: (302) 657-4901<br>rwriley@duanemorris.com |
| | and |

# 

3

        John P. Sieger (admitted *pro hac vice*)
        KATTEN MUCHIN ROSENMAN LLP
        525 West Monroe Street
        Chicago, Illinois 60661-3693
        Tel:  (312) 902-5200
        Fax:  (312) 902-1061
        john.sieger@kattenlaw.com