## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Objections Due: February 22, 2012 at 4:00 p.m. |
| | Hearing Date: *TBD* |
| | Related to Docket Nos: 10232, 10283 and 10623 |

## TWELFTH QUARTERLY FEE APPLICATION OF McDERMOTT WILL & EMERY LLP, AS SPECIAL COUNSEL TO DEBTORS FOR DOMESTIC LEGAL MATTERS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD SEPTEMBER 1, 2011 THROUGH NOVEMBER 30, 2011

| | |
|---|---|
| **Name of applicant:** | McDermott Will & Emery LLP |
| **Authorized to provide professional services to:** | Tribune Company, et al. |
| **Date of retention:** | March 13, 2009 nunc pro tunc to December 8, 2008 |
| **Period for which compensation and reimbursement is sought:** | September 1, 2011 to November 30, 2011 |
| **Amount of compensation sought as actual, reasonable and necessary:** | $1,180,492.00 (80% of which is $944,393.60) |
| **Amount of expense reimbursement sought as actual, reasonable and necessary:** | $33,817.74 |

This is an: __ monthly    _X_ interim    ___ final application

Prior Interim Applications Filed:

| Date Filed | Docket No. | Period Covered | Fees Requested | Expenses Requested | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|---|
| 4/15/09[1] | 1029 | 12/8/08 – 2/28/09 | $530,504.50[2] | $6,808.20 | $416,077.00 | $1,489.70 |
| 10/9/09 | 2313 | 3/1/09 – 5/31/09 | $839,465.00 | $3,883.93 | $838,826.50 | $3,631.33 |
| 12/11/09 | 2820 | 6/1/09 – 8/31/09 | $365,485.00 | $1,312.70 | $352,935.92 | $1,254.30 |
| 6/11/09 | 4761 | 9/1/09 – 11/30/09 | $362,715.50 | $2,425.85[3] | $361,032.75 | $2,423.55 |
| 6/30/10 | 4907 | 12/1/09 – 2/28/10 | $819,588.00 | $1,776.95[4] | $817,040.50 | $1,776.95 |
| 9/3/10 | 5622 | 3/1/10 – 5/31/10 | $439,490.50 | $1,892.73 | $437,539.50 | $1,892.73 |
| 10/27/10 | 6151 | 6/1/10 – 8/31/10 | $716,188.50 | $4,885.44 | $[        ] | $[        ] |
| 2/7/11 | 7819 | 9/1/10 – 11/30/10 | $1,153,555.00 | $13,621.43 | $[        ] | $[        ] |
| 6/20/11 | 9285 | 12/1/10 – 2/28/11 | $1,560,114.00 | $17,757.01 | $[        ] | $[        ] |
| 7/15/11 | 9471 | 3/1/11 – 5/31/11 | $1,987,295.50 | $89,002.31 | $[        ] | $[        ] |
| 11/8/11 | 10182 | 6/1/11 – 8/31/11 | $1,932,538.50 | $20,555.38 | $[        ] | $[        ] |

---

[1] The Combined Monthly and First Quarterly Application combined McDermott Will & Emery LLP's ("McDermott") monthly fee statements and quarterly fee application for the period of December 8, 2008 through February 28, 2009.

[2] By agreement with the above-captioned debtors and debtors in possession (the "Debtors"), McDermott reduced its compensation sought by $110,867.50 due to an inadvertent overpayment by the Debtors. Such reduction was to respond to the United States Trustee's (the "U.S. Trustee") comments regarding McDermott's Combined Monthly and First Quarterly Application. The U.S. Trustee and McDermott (together, the "Parties") agreed that McDermott would not seek payment of the disputed fees, in the amount of $110,867.50 (the "Disputed Fees"), at that time. The Parties agreed, however, that McDermott reserved its right to seek payment of the Disputed Fees at a later time.

[3] Due to an inadvertent expense submission in the Second Quarterly Fee Application Of McDermott, As Special Counsel To Debtors For Domestic Legal Matters, For Allowance Of Compensation And Reimbursement Of Expenses For The Period March 1, 2009 Through May 31, 2009, McDermott reduced the amount of expense reimbursement sought in its October fee application by $250.00. Thus, McDermott actually sought reimbursement of expenses in the amount of $2,175.85 ($2,425.85-250.00).

[4] Due to an inadvertent expense submission in the Third Quarterly Fee Application Of McDermott, As Special Counsel To Debtors For Domestic Legal Matters, For Allowance Of Compensation And Reimbursement Of Expenses For The Period June 1, 2009 Through August 31, 2009, McDermott reduced the amount of expense reimbursement sought in its December fee application by $58.40. Thus, McDermott actually sought reimbursement of expenses in the amount of $1,718.55 ($1,776.95-$58.40).

## COMPENSATION FOR PROFESSIONALS
## SEPTEMBER 1, 2011 THROUGH NOVEMBER 30, 2011

| Name of Professional Person | Position of the Applicant, Area of Expertise, Year of Obtaining License to Practice | Hourly Billing Rate[5] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Blake D. Rubin | Partner, Tax, Member of Pennsylvania Bar since 1980, Member of District of Columbia Bar since 1987 | $965-995 | 246.9 | $240,040.50 |
| Gary Karch | Partner, Tax, Member of Illinois Bar since 1980 | $935 | 0.5 | $467.50 |
| Philip J. Levine | Partner, Tax, Member of New York Bar since 1975, Member of District of Columbia Bar since 2002 | $895 | 43.7 | $39,111.50 |
| Stephen E. Wells | Partner, Tax, Member of District of Columbia Bar since 1975 | $895 | 3.2 | $2,864.00 |
| Daniel N. Zucker | Partner, Tax, Member of Illinois Bar since 1984 | $885 | 0.5 | $442.50 |
| Andrea M. Whiteway | Partner, Tax, Member of Maryland Bar since 1992, Member of District of Columbia Bar since 1993 | $805-885 | 279.0 | $228,659.00 |
| Terese Mosher-Beluris | Partner, Trial, Member of California Bar since 1983, Member of District of Columbia Bar since 1987 | $845 | 0.3 | 253.50 |
| Brooks B. Gruemmer | Partner, Corporate, Member of Illinois Bar since 1990 | $750-840 | 8.4 | $6,984.00 |
| William Schuman | Partner, Litigation, Member of Illinois Bar since 1979 | $830 | 0.6 | $498.00 |
| Paul J. Compernolle | Partner, Employee Benefits, Member of Illinois Bar since 1978 | $810-820 | 112.8 | $91,427.00 |
| William W. Merten | Partner, Employee Benefits, Member of Illinois Bar since 1985 | $810-820 | 57.7 | 46,740.00 |
| Susan Peters Schaefer | Partner, Employee Benefits, Member of Illinois Bar since 1989 | $810 | 8.8 | $7,128.00 |

---

[5] Beginning in November 2011, McDermott increased the billing rates of some of its attorneys and paraprofessionals. In accordance with McDermott's representations in its application for employment in these cases, as well as the declaration of Blake Rubin in support thereof, McDermott provided the Debtors with prior notice of such increase and the Debtors have agreed to such increase.

| Thomas P. Ward | Partner, Tax, Member of Illinois Bar since 1996 | $660-810 | 5.8 | $4,503.00 |
|---|---|---|---|---|
| Robert A. Schreck, Jr. | Partner, Corporate, Member of Illinois Bar since 1978 | $800 | 0.3 | $240.00 |
| Steven H. Hoeft | Partner, Trial, Member of Illinois Bar since 1976 | $785 | 0.3 | $235.50 |
| Robin L. Greenhouse | Partner, Tax, Member of District of Columbia Bar since 1988 | $780 | 3.6 | $2,808.00 |
| Michael J. Wilder | Partner, Tax, Member of District of Columbia Bar since 1995 | $745-780 | 89.2 | $67,154.00 |
| Jon G. Finkelstein | Partner, Tax, Member of New York Bar since 2001, Member of District of Columbia Bar since 2002 | $635-765 | 76.8 | $51,225.00 |
| Luis L. Granados, III | Counsel, Employee Benefits, Member of District of Columbia Bar since 1985, Member of Maryland Bar since 1979 | $730 | 1.6 | $1,168.00 |
| Amy M. Gordon | Partner, Employee Benefits, Member of New Jersey Bar since 1991, Member of New York Bar since 1993, Member of Illinois Bar since 2001 | $710-725 | 28.5 | $20,488.50 |
| Michael V. Lee | Partner, Corporate, Member of California Bar since 1994 | $630-710 | 84.2 | $56,222.00 |
| Maureen O'Brien | Counsel, Employee Benefits, Member of Illinois Bar since 1998 | $655-665 | 9.0 | $5,960.00 |
| Mark A. Bilut | Partner, Employee Benefits, Member of Illinois Bar since 1995 | $655 | 1.1 | $720.50 |
| Nava Hazan | Partner, Restructuring & Insolvency, Member of New York Bar since 2000 | $630-645 | 15.2 | $9,637.50 |
| Ryan D. Harris | Partner, Corporate, Member of Illinois Bar since 2002 | $575-640 | 15.2 | $8,922.00 |
| Raymond M. Fernando | Partner, Employee Benefits, Member of Illinois Bar since 2002 | $625 | 10.1 | $6,312.50 |
| Michael T. Graham | Partner, Employee Benefits, Member of Illinois Bar since 1995, Member of Indiana Bar since 1995 | $625 | 1.3 | $812.50 |
| Christopher Lin | Partner, Corporate, Member of Illinois Bar since 2002 | $595 | 3.0 | $1,785.00 |
| Jeffrey M. Holdvogt | Partner, Employee Benefits, Member of Illinois Bar since 2003 | $500-580 | 6.5 | $3,410.00 |

| Andrew T. Turney | Partner, Corporate, Member of California Bar since 2003 | $535-560 | 3.0 | $1,645.00 |
|---|---|---|---|---|
| Jennifer Mikulina | Partner, Intellectual Property, Member of Illinois Bar since 2001 | $540 | 0.2 | $108.00 |
| Gale E. Chan | Associate, Tax, Member of California Bar since 2007, Member of District of Columbia Bar since 2008 | $390-500 | 79.7 | $34,746.00 |
| Patrick J. McCurry | Associate, Tax, Member of Illinois Bar since 2007 | $360-500 | 35.4 | $13,500.00 |
| David R. Neville | Associate, Corporate, Member of Illinois Bar since 2005 | $335-500 | 6.9 | $3,087.00 |
| Timothy S. Shuman | Associate, Tax, Member of Illinois Bar since 2006, Member of District of Columbia Bar since 2007 | $440 | 17.1 | $7,524.00 |
| Enrica Ma | Associate, Tax, Member of District of Columbia Bar since 2009 | $390-435 | 32.9 | $13,803.00 |
| Andrew Blair-Stanek | Associate, Tax, Member of District of Columbia Bar since 2009 | $360-435 | 44.2 | $16,032.00 |
| Jared D. Zajac | Associate, Restructuring & Insolvency, Member of New York Bar since 2009 | $345-435 | 80.1 | $29,164.50 |
| Gregory A. Kopacz | Associate, Restructuring & Insolvency, Member of New York Bar since 2010 | $345-435 | 3.0 | $1,260.00 |
| Elijah Hammans | Associate, Corporate, Member of New York Bar since 2008 | $415 | 35.4 | $14,691.00 |
| Daryl Gardner | Technology Project Manager | $330-385 | 27.4 | $9,157.50 |
| Cole Parker | Associate, Corporate, Member of Illinois Bar since 2010 | $295-365 | 5.6 | 1,967.00 |
| Beverly Schafman | Corporate Professional | $345 | 1.0 | $345.00 |
| Matthew Rupp | Associate, Corporate, Member of Illinois Bar since 2011 | $335 | 0.8 | $268.00 |
| Brian J. Tiemann | Associate, Employee Benefits, Member of Illinois Bar since 2009 | $330 | 1.6 | $528.00 |
| Christy McNeil | Corporate Paralegal | $290 | 0.5 | $145.00 |
| Brant A. Newgard | Senior Staff Attorney, Litigation, Member of Illinois Bar since 2005 | $245 | 242.0 | $59,290.00 |
| Nicole LeBeau | Staff Attorney, Litigation, Member of Illinois Bar since 2005 | $245 | 137.4 | $33,663.00 |

| Quinton McElhaney | Staff Attorney, Litigation, Member of Illinois Bar since 2009 | $245 | 135.8 | $33,271.00 |
|---|---|---|---|---|
| Eric Adams | Library Research Assistant | $155 | 0.5 | $77.50 |
| Grand Total: | | | 2,004.6 | $1,180,492.00 |
| Blended Rate: | | $592.73[6] | | |

---

[6]    The blended rate excludes the hours billed and compensation sought for services rendered by paralegals and other paraprofessionals.

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---:|---:|
| Cubs Post Closing Matters | 10.4 | $5,389.00 |
| General Employee Benefits Matters | 11.6 | $7,533.00 |
| Welfare Plans | 28.5 | $20,488.50 |
| ESOP | 166.6 | $134,253.00 |
| Newsday | 227.3 | $61,292.00 |
| Chapter 11 Restructuring | 988.9 | $721,009.50 |
| Perfect Market, Inc. | 15.3 | $10,930.50 |
| All Direct Mail Services, Inc. | 3.5 | $1,790.00 |
| Baltimore Sun Mailers Pension Plan | 19.2 | $13,299.50 |
| Project Valencia | 13.7 | $10,681.00 |
| 2009 Audit | 376.6 | $110,452.50 |
| Local TV | 84.5 | $56,475.50 |
| NomadTV | 44.5 | 19,923.50 |
| Partnership Transaction | 14.0 | $6,974.50 |
| **TOTAL:** | 2,004.6 | $1,180,492.00 |

## EXPENSE SUMMARY

| Expense Category | Service Provider | Total Fees |
|---|---|---|
| Photocopy | In-House/Williams Lea Inc. | $435.10 |
| Telecommunications | Conference Plus | $303.81 |
| Computer Research | PACER | $56.48 |
| Express Mail | Federal Express | $212.42 |
| Messenger/Courier | Washington Express LLC | 19.08 |
| Document Services – Discovery | Landmark Legal Services | $2,279.02 |
| Document Services – Native File Processing; Tiff Conversion | @Legal Discovery LLC | $6,247.50 |
| Computer Hosting Fee for Document Review | In-House | $24,241.85 |
| Business Meals | -- | $14.48 |
| Facsimile | -- | $8.00 |
| **TOTAL** | | $33,817.74 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Objections Due: February 22, 2012 at 4:00 p.m.<br>Hearing Date: *TBD*<br>Related to Docket Nos: 10232, 10283 and 10623 |

TWELFTH QUARTERLY FEE APPLICATION OF
McDERMOTT WILL & EMERY LLP, AS SPECIAL COUNSEL TO
DEBTORS FOR DOMESTIC LEGAL MATTERS, FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR
THE PERIOD SEPTEMBER 1, 2011 THROUGH NOVEMBER 30, 2011

McDermott Will & Emery LLP ("McDermott"), as Special Counsel for Domestic Legal

Matters to the Tribune Company, et al. (the "Debtors"), hereby submits this twelfth quarterly

application (the "Twelfth Quarterly Application") for approval and allowance of compensation

for services rendered in the amount of $1,180,492.00 (80% of which is $944,393.60) and

reimbursement for expenses incurred in the amount of $33,817.74 during the period commencing

September 1, 2011 through November 30, 2011 (the "Twelfth Quarterly Application Period").

This Twelfth Quarterly Application is submitted pursuant to sections 330 and 331 of title 11 of

the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules for the United States

Bankruptcy Court for the District of Delaware (the "Local Rules"), the Order Establishing

Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and

Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Compensation Order"), the

Executive Office of United States Trustees' Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 dated January 30,

1996 (the "Guidelines"), and the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications dated March 19, 2009 (the "Fee Examiner Order"). In support of this Twelfth Quarterly Application, McDermott respectfully represents as follows:

<u>**JURISDICTION**</u>

1.      This Court has jurisdiction over this Twelfth Quarterly Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are sections 105(a), 330, and 331 of the Bankruptcy Code, and Bankruptcy Rule 2016.

<u>**BACKGROUND**</u>

3.      On December 8, 2008 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court"). On December 10, 2008, the Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

4.      On October 12, 2009, Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, Inc. (the "Cubs" and one of the Debtors) filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Court. On October 14, 2009, the Court entered an order consolidating the Cubs' chapter 11 case with the Debtors' chapter 11 cases for procedural purposes only.

5.      The Debtors have continued in possession of their respective properties and have continued in the management and operation of their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6.     No trustee has been appointed in these chapter 11 cases.

## McDERMOTT RETENTION

7.     Prior to the Petition Date, the Debtors retained McDermott as general legal counsel and agreed to pay on a monthly basis the reasonable value of services rendered based on McDermott's standard billing rates and pursuant to its standard reimbursement policies.

8.     On March 13, 2009, the Court authorized the employment and retention of McDermott pursuant to sections 105(a) and 327(a) as special counsel to the Debtors for general domestic legal matters, nunc pro tunc to December 8, 2008.

9.     On October 14, 2009, the Court entered an Order Directing (I) Joint Administration of Chapter 11 Cases and (II) That Certain Orders and Other Pleadings Entered or Filed in the Chapter 11 Cases of Tribune Company, et al. Be Made Applicable to Chapter 11 Case of Chicago National League Ball Club, LLC (the "CNLBC Order") [Docket No. 2333]. Pursuant to the CNLBC Order, McDermott's retention was extended to include the Cubs case.

## PROCEDURAL BACKGROUND

10.     The Compensation Order and the Fee Examiner Order (collectively, the "Fee Orders") provide that all professionals retained in these cases pursuant to sections 327, 328, or 1103 of the Bankruptcy Code must file with the Court and provide to the fee examiner their monthly applications for interim allowance of compensation for services rendered and reimbursement of expenses incurred, together with the time entries and itemized expenses (the "Monthly Fee Application"). The notice parties specified in the Fee Orders (the "Notice Parties") have twenty (20) days after service of a Monthly Fee Application to object to such Monthly Fee Application (the "Objection Deadline"). Upon expiration of the Objection Deadline, the professional must certify in writing to the Debtors that no objection or a partial

objection has been filed with the Court relative to that professional's Monthly Fee Application, whereupon the Debtors are authorized to pay such professional an amount equal to the lesser of (i) 80 percent of the fees and 100 percent of the expenses requested in the Monthly Fee Application or (ii) 80 percent of the fees and 100 percent of the expenses not subject to an objection.

11.    Pursuant to the procedures set forth in the Fee Orders, McDermott prepared, filed with the Court, and served upon the Notice Parties and the fee examiner Monthly Fee Applications for the months of September 2011, October 2011, and November 2011,[1] which Monthly Fee Applications are incorporated herein by reference and addressed in this Twelfth Quarterly Application.

12.    In addition, beginning with the three-month period ending on February 28, 2009, and for each three-month period thereafter, all professionals must file with the Court and serve on the Notice Parties interim applications for allowance of compensation and reimbursement of expenses of the amounts sought in the Monthly Fee Applications filed during such period (each a "Quarterly Fee Application Request").    Quarterly Fee Application Requests must include a summary of the Monthly Fee Applications that are the subject of the request and any other information requested by the Court or required by the Local Rules.    As noted, this Twelfth Quarterly Application represents the twelfth Quarterly Fee Application Request that McDermott has filed with the Court in connection with these chapter 11 cases, and it covers the period from September 1, 2011 through November 30, 2011.

---

[1] The docket numbers of McDermott's Monthly Fee Applications for September 2011, October 2011, and November 2011 are 10232, 10283, and 10623, respectively.

**RELIEF REQUESTED**

13.     By this Twelfth Quarterly Application, McDermott requests that the Court allow the interim allowance and award compensation for professional services rendered and reimbursement of actual and necessary expenses incurred by McDermott as special legal counsel to the Debtors during the Twelfth Quarterly Application Period.  Further, McDermott seeks this Court's allowance for payment of such amounts to McDermott, less any amounts previously paid to McDermott pursuant to the Monthly Fee Applications for the Twelfth Quarterly Application Period.

14.     During the Twelfth Quarterly Application Period, attorneys and paraprofessionals of McDermott have expended a total of 2,004.6 hours in connection with these chapter 11 cases. The reasonable value of services rendered by McDermott to the Debtors during the Twelfth Quarterly Application Period is $1,180,492.00.  Such amount is the result of McDermott's normal hourly rates for work of this nature.  To the best of McDermott's knowledge, this Twelfth Quarterly Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and the Compensation Order.

15.     During the Twelfth Quarterly Application Period, McDermott increased its hourly rate for the following attorneys and paraprofessionals: Blake D. Rubin, Andrea M. Whiteway, Brooks B. Gruemmer, Paul J. Compernolle, William W. Merten, Thomas P. Ward, Michael J. Wilder, Amy M. Gordon, Jon G. Finkelstein, Michael V. Lee, Maureen O'Brien, Nava Hazan, Ryan D. Harris, Andrew T. Turney, Jeffrey M. Holdvogt, Gale E. Chan, Patrick J. McCurry, David R. Neville, Enrica Ma, Andrew Blair-Stanek, Jared D. Zajac, Gregory A. Kopacz, Daryl Gardner, and Cole Parker.  In accordance with McDermott's representations in its application for employment in these cases, as well as the declaration of Blake Rubin in support thereof,

McDermott provided the Debtors with prior notice of such increase and the Debtors have agreed to such increase.

**COMPENSATION PAID AND ITS SOURCES**

16.     All services for which compensation is requested by McDermott were performed for or on behalf of the Debtors.

17.     In compliance with Rule 2016, McDermott confirms that during the Twelfth Quarterly Application Period, McDermott received no payment and no promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Twelfth Quarterly Application, except from the Debtors.  There is no agreement or understanding between McDermott and any other person, other than members of the firm, for sharing of compensation to be received for services rendered in these cases.

18.     As of the Petition Date, McDermott held a retainer from the Debtors in the amount of $67,777.26.  The Debtors reduced their first payment to McDermott by the amount of the retainer and McDermott drew down on the retainer in connection with the payment pursuant to the Combined Monthly and First Quarterly Application.  Accordingly, McDermott no longer holds any retainer in connection with its retention in these cases.

**SUMMARY OF SERVICES**

19.     The following is a summary of the activities performed by McDermott attorneys and paraprofessionals during the Twelfth Quarterly Application Period, organized by project category.

**Matter 0507 – Newsday**

20.     McDermott assisted the Debtors in responding to an audit by the Internal Revenue Service in connection with the Debtors' 2008 taxable year, including preparing responses to

information document requests. McDermott further performed an extensive document review in connection with the audit by the Internal Revenue Service and drafted a privilege and production log in connection therewith.

21.    In connection with the document review, McDermott provided the Debtors with the use of its e-discovery services.  The e-discovery services include the use of a computer program that allows attorney reviewers on the case to use specific review tools within the program and enables the attorney reviewers to identify which of the collected information is responsive to the Internal Revenue Service's request, and which of the responsive information should be withheld on the basis of a privilege.  Upon the attorney reviewers' completion of the document review, the technology project managers in charge of the e-discovery services (i) separated the responsive, non-privileged documents and exported them into a format that could be produced to the Internal Revenue Service, and (ii) separated the privileged documents so as to assist in the preparation of a privilege log to be produced to the Internal Revenue Service.

**Matter 0515 – Chapter 11 Restructuring/Tax Planning**

22.    McDermott provided general tax advice to the Debtors regarding various tax issues related to the Debtors' emergence from bankruptcy.  McDermott researched and advised the Debtors with respect to various tax-related issues in connection with the Debtors' plan of reorganization.  McDermott further advised the Debtors on various issues in connection with the settlement of litigation involving the Debtors' ESOP.  McDermott further drafted and reviewed a settlement proposal with respect to such litigation.  McDermott also advised the Debtors regarding their submission for a private letter ruling and corresponded with representatives from the Internal Revenue Service regarding the same.  McDermott further advised the Debtors

regarding the tax implications of entering into certain potential post-emergence transactions. Finally, McDermott advised the Debtors with respect to their post-emergence workout plan.

### Matter 0515 – Chapter 11 Retention/Fee Application

23.     McDermott gathered and prepared various billing information required to file fee statements pursuant to the Compensation Order and the Guidelines.  McDermott also drafted and revised fee statements for submission in accordance with the Compensation Order.  In addition, McDermott responded to a fee examiner report in connection with a prior fee application.

### Matter 0516 – Perfect Market, Inc.

24.     McDermott provided general corporate advice to the Debtors with respect to the Perfect Market transaction and advised the Debtors with respect to certain tax issues.

### Matter 0520 – All Direct Mail Services, Inc.

25.     McDermott provided general corporate advice to the Debtors with respect to an asset sale transaction and advised the Debtors regarding certain county taxes.

### Matter 0522 – Baltimore Sun Mailers Pension Plan

26.     McDermott provided the Debtors with general legal advice with respect to the Baltimore Sun Mailers pension plan and reviewed and analyzed certain plan amendments. McDermott further advised the Debtors with respect to the submission of certain tax forms to the Internal Revenue Service.

### Matter 0527 – 2009 Audit

27.     McDermott assisted the Debtors in responding to an audit by the Internal Revenue Service in connection with the Debtors' 2009 taxable year, including preparing responses to information document requests.  McDermott further performed an extensive document review in connection with the audit by the Internal Revenue Service and drafted a privilege and production

log in connection therewith.   McDermott also prepared documents to be turned over to the Internal Revenue Service in connection with the information document requests.   In addition, McDermott reviewed a certain confidentiality agreement for the Debtors.

28.     In connection with the document review, McDermott provided the Debtors with the use of its e-discovery services.   The e-discovery services include the use of a computer program that allows attorney reviewers on the case to use specific review tools within the program and enables the attorney reviewers to identify which of the collected information is responsive to the Internal Revenue Service's request, and which of the responsive information should be withheld on the basis of a privilege.   Upon the attorney reviewers' completion of the document review, the technology project managers in charge of the e-discovery services (i) separated the responsive, non-privileged documents and exported them into a format that could be produced to the Internal Revenue Service, and (ii) separated the privileged documents so as to assist in the preparation of a privilege log to be produced to the Internal Revenue Service.

### Matter 0529 – Local TV

29.     McDermott advised the Debtors with respect to a potential corporate transaction and reviewed and revised certain licenses and agreements in connection with such transaction.

### Matter 0533 – NomadTV

30.     McDermott advised the Debtors with respect to a potential corporate transaction. McDermott reviewed numerous transaction documents in connection with such transaction, including a purchase agreement.   McDermott also reviewed and revised various disclosure schedules in connection with such transaction.

**Matter 0015 – Partnership Transaction**

31.    McDermott completed general post-closing work relating to the partnership transaction involving the Chicago Cubs baseball team.  McDermott also reviewed and advised the Debtors with respect to a certain building lease agreement.

**Matter 0534 – Project Valencia**

32.    McDermott reviewed employee benefit provisions relating to various agreements and analyzed issues in connection therewith.

**Matter 0021 – Cubs Post Closing Matters**

33.    McDermott completed general post-closing work relating to the partnership transaction involving the Chicago Cubs baseball team.  McDermott also reviewed and advised the Debtors with respect to a certain building lease agreement.

**Matter 0040 – General Employees Benefits Matters**

34.    McDermott provided general legal advice to the Debtors with respect to the Debtors' benefit plans and researched and analyzed various issues involving benefit plan expenses for the Debtors.

**Matter 0041 – Welfare Plans**

35.    McDermott provided general legal advice regarding programs offered by the Debtors to their employees and advised the Debtors with respect to: (i) certain plan contribution issues, (ii) certain agreements and a medical stop loss policy, and (iii) certain plan privacy notices.

**Matter 0047 – ESOP**

36.    McDermott provided general legal advice on issues regarding the Debtors' ESOP. McDermott reviewed and analyzed various strategic issues relating to ongoing litigation and the

Debtors' bankruptcy with respect to the Debtors' ESOP. McDermott further drafted and revised a memorandum of understanding and settlement agreement in connection with such litigation. McDermott also conducted research with respect to various issues in connection with the Debtors' ESOP, including issues concerning the allocation of settlement proceeds. McDermott further researched and analyzed various compliance issues for the Debtors with respect to their ESOP. McDermott also drafted various pleadings in connection with the proposed settlement of the Debtors' ESOP litigation.

## ACTUAL AND NECESSARY EXPENSES

37.    McDermott seeks reimbursement of expenses actually and necessarily incurred in connection with the rendition of its services in the amount of $33,817.74. The requested expenses are customarily charged to non-bankruptcy clients of McDermott. Due to the complexity of the Debtors' corporate and financial structure, the Debtors have faced numerous critical and unique issues. In order for McDermott to analyze and address such issues properly, McDermott attorneys may have performed computerized legal research and incurred other expenses during the Twelfth Quarterly Application Period, all of which was necessary to further the Debtors' reorganization and in the best interests of the Debtors' estates.

38.    With respect to photocopying expenses, McDermott ordinarily charges all of its clients $.20 per page, but pursuant to Local Rule 2016-2(e), McDermott has charged the Debtors the maximum permitted amount of $.10 per page. With respect to facsimile expenses, in compliance with the Guidelines, McDermott charges $1.00 per page for facsimile transmissions.

39.    In addition, because of the nature of the Debtors' businesses and the location of certain key constituents in these cases, certain long distance telephone calls and conference calls may have been required. These charges are intended to cover McDermott's direct operating

costs, which costs are not incorporated into the McDermott hourly billing rates. Only clients who actually use services of this type are separately charged for such services.

40.    Further, because of the nature of the Debtors' businesses and the location of certain key constituents in these cases, travel may have been required for certain matters. Typically, such travel expenses are initially borne by the attorney, then reimbursed by the firm and charged to the appropriate client and matter.

41.    The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors, their estates, and creditors.

42.    To the extent that time or disbursement charges for services rendered or disbursements incurred during the Twelfth Quarterly Application Period, but were not processed prior to the preparation of this Twelfth Quarterly Application, McDermott reserves its rights to request additional compensation for such services, and reimbursement of such expenses in a future application.

## CONCLUSION

43.    In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by McDermott is fair and reasonable given (a) the complexity of the legal matters, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the cost of comparable services other than in a case under this title. McDermott has reviewed the requirements of Local Rule 2016-2 and reasonably believes that this Twelfth Quarterly Application complies with that rule.

WHEREFORE, McDermott respectfully seeks allowance of the amounts set forth in the Twelfth Quarterly Application for the period of September 1, 2011 through November 30, 2011, specifically the amount of $1,180,492.00 (80% of which is $944,393.60) for professional services rendered, and reimbursement of expenses incurred in connection therewith in the amount of $33,817.74, for a total of $1,214,309.74.

Dated: Washington, District of Columbia
      February 1, 2012

            McDERMOTT WILL & EMERY LLP

            Blake D. Rubin (admitted *pro hac vice*)
            600 13th Street, N.W.
            Washington, D.C. 20005-3096
            Telephone: (202) 756-8424
            Facsimile: (202) 756-8087

            and

            Gregory A. Kopacz (admitted *pro hac vice*)
            340 Madison Avenue
            New York, NY 10173-1922
            Telephone: (212) 547-5400
            Facsimile: (212) 547-5444

            *Special Counsel for Domestic Legal Matters to Tribune Company, et al.*