```
                    IN THE UNITED STATES BANKRUPTCY COURT
                       FOR THE DISTRICT OF DELAWARE


IN RE:                          )       Case No. 08-13141 (KJC)
                                )       (Jointly Administered)
                                )
TRIBUNE COMPANY, et al.,        )       Chapter 11

                                )       Courtroom 5
                                )       824 Market Street
               Debtors.         )       Wilmington, Delaware
                                )
                                )       February 2, 2012
                                )       1:30 a.m.



                       TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE JUDGE KEVIN J. CAREY
                    UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:
For Debtors:                    Sidley Austin, LLP
                                BY: JAMES BENDERNAGEL, ESQ.
                                BY: KEVIN LANTRY, ESQ.
                                One South Dearborn
                                Chicago, IL  60603
                                (312) 853-7000


                                Cole, Schotz, Meisel, Forman
                                & Leonard, P.A.
                                BY: NORMAN PERNICK, ESQ.
                                500 Delaware Avenue, Suite 410
                                Wilmington, DE  19801
                                (302) 652-3131


ECRO:                           AL LUGANO

Transcription Service:          DIAZ DATA SERVICES
                                331 Schuylkill Street
                                Harrisburg, Pennsylvania 17110
                                (717) 233-6664
                                www.diazdata.com


Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

```
1   APPEARANCES:
2   (Continued)
3
4   For Great Banc:          Womble Carlyle
5                            BY: THOMAS M. HORAN, ESQ.
6                            222 Delaware Avenue, Ste. 1501
7                            Wilmington, DE  19801
8                            (302) 252-4339
9
10  For Wilmington Trust:    Sullivan Hazeltine Allinson, LLC
11                           BY:  WILLIAM D. SULLIVAN, ESQ.
12                           901 North Market Street, Ste. 1300
13                           Wilmington, DE  19801
14                           (302) 428-8195
15
16  For Official Committee   Landis, Rath & Cobb
17  of Unsecured Creditors:  BY: DAN RATH, ESQ.
18                           BY: ADAM LANDIS, ESQ.
19                           919 Market Street, Suite 1800
20                           Wilmington, DE 19801
21                           (302) 467-4400
22
23                           Chadbourne & Parke, LLP
24                           BY: DOUGLAS DEUTSCH, ESQ.
25                           30 Rockefeller Plaza
26                           New York, NY 10112
27                           (212) 408-5100
28
29                           Zuckerman Spaeder, LLP
30                           BY: JAMES SOTTILE, ESQ.
31                           1800 M Street, NW
32                           Suite 1000
33                           Washington, DC 20036-5807
34
35
36  For Morgan Stanley:      Barnes & Thornburg
37                           BY: DAVID POWLEN, ESQ.
38                           1000 N. West Street
39                           Suite 1200
40                           Wilmington, DE 19801-1058
41                           (302) 888-0301
42  For Aurelius Capital
43  Management:              Akin Gump Strauss Hauer & Feld, LLP
44                           BY: DAVID ZENSKY, ESQ.
45                           BY: DANIEL GOLDEN, ESQ.
46                           One Bryant Park
47                           New York, NY  10036-6745
48                           (212) 872-1000
49
50
51
52
53
```

```
 1  For JP Morgan Chase:      Davis Polk
 2                            BY: ELLIOT MOSKOWITZ, ESQ.
 3                            BY: KAREN LUFTGLASS, ESQ.
 4                            459 Lexington Avenue
 5                            New York, NY  10017
 6                            (212) 450-4092
 7
 8                            Richards Layton & Finger
 9                            BY: ROBERT STEARN, JR., ESQ.
10                            One Rodney Square
11                            920 North King Street
12                            Wilmington, DE  19801
13                            (302) 651-7700
14
15                            Bifferato Gentilotti
16                            BY: GARVAN MCDANIEL, ESQ.
17                            800 North King Street, Plaza Level
18                            Wilmington, DE  19801
19                            (302) 429-1200
20
21  For Merrill Lynch:        Potter Anderson Corroon, LLP
22                            BY: LAURIE SELBER SILVERSTEIN, ESQ.
23                            BY: STEPHEN MCNEILL, ESQ.
24                            Hercules Plaza
25                            1313 North Market Street, 6th Floor
26                            Wilmington, DE  19801
27                            (302) 984-6033
28
29  For Credit Agreement
30  Lenders:                  Young Conaway Stargatt & Taylor
31                            BY: M. BLAKE CLEARY, ESQ.
32                            Rodney Square
33                            1000 North King Street
34                            Wilmington, DE  19801
35                            (302) 571-3287
36
37  For TM Retirees:          Teitelbaum & Baskin, LLP
38                            BY: JAY TEITELBAUM, ESQ.
39                            3 Barker Avenue #3
40                            White Plains, NY  10601
41                            (914) 437-7670
42
43                            Hiller & Arban, LLC
44                            BY: BRIAN L. ARBAN, ESQ.
45                            1500 North French Street, 2nd Floor
46                            Wilmington, DE  19801
47                            (302) 442-7678
48
49
50
```

```
 1   For WTC:                Brown Rudnick
 2                           BY: MARTIN S. SIEGEL, ESQ.
 3                           7 Times Square #47
 4                           New York, NY  10036-6536
 5                           (212) 209-4800
 6
 7   For Law Debenture:      Kasowitz Benson Torres & Friedman
 8                           BY: SHERON KORPUS, ESQ.
 9                           BY: MATTHEW STEIN, ESQ.
10                           1633 Broadway
11                           New York, NY  10019
12                           (212) 506-1800
13
14   For Artis Capital,
15   et al:                  Abrams & Bayliss, LLP
16                           BY: JOHN M. SEAMAN, ESQ.
17                           20 Montchanin Rd., Ste.200
18                           Wilmington, DE 19807
19                           (302) 778-1000
20
21                           Ropes & Gray, LLP
22                           BY: ROSS MARTIN, ESQ.
23                           1211 Avenue of the Americas
24                           New York, NY  10036-8704
25                           (212) 596-9000
26
27   For DBTCA:              McCarter & English
28                           BY: KATHARINE MAYER, ESQ.
29                           405 North King Street, 8th Floor
30                           Wilmington, DE  19801
31                           (302) 984-6312
32
33   For Tribune:            Tribune Company
34                           BY: DON LIEBENTRITT
35                           435 North Michigan Avenue
36                           Chicago, IL  60611
37                           (312) 222-9100
38
39   For Winterthur Museum:  Cross & Simon, LLC
40                           BY: JOSEPH GREY, ESQ.
41                           913 North Market Street
42                           Wilmington, DE  19801
43                           (302) 777-4200
44
45
46
47
48
49
```

```
 1  For Certain Directors
 2  and Officers:                Connelly Bove Lodge & Hutz, LLP
 3                               BY: MARC PHILLIPS, ESQ.
 4                               1007 North Orange Street
 5                               Wilmington, DE  19899
 6                               (302) 884-6581
 7
 8                               Grippo & Elden, LLC
 9                               BY: GEORGE R. DOUGHERTY, ESQ.
10                               111 S. Wacker Drive
11                               Chicago, IL  60606
12                               (312) 704-7700
13
14  For Robert R. McCormick
15  Tribune Foundation
16  Contigny Foundation:         Duane Morris
17                               BY: RICHARD RILEY, ESQ.
18                               222 Delaware Avenue
19                               Wilmington, DE  19801-0801
20                               302-397-4928
21
22
23  TELEPHONIC APPEARANCES:
24  Official Committee of
25  Unsecured Creditors:         Chadbourne & Parke, LLP
26                               BY: MARC D. ASHLEY, ESQ.
27                               BY: THOMAS MCCORMACK, ESQ.
28                               BY: HOWARD SEIFE, ESQ.
29                               BY: DAVID LEMAY, ESQ.
30                               BY: MARC ROITMAN, ESQ.
31                               (212) 408-5100
32
33                               Zuckerman Spaeder, LLP
34                               BY: GRAEME BUSH, ESQ.
35                               BY: ANDREW CARIDAS, ESQ.
36                               BY: ANDREW GOLDFARB, ESQ.
37                               (202) 778-1800
38
39  For Kramer Levin:            Kramer Levin Naftalis & Frankel LLP
40                               BY: DAVID E. BLABEY, JR., ESQ.
41                               (212) 715-9100
42
43
44
45
46
47
48
```

```
 1  For Davidson Kempner:    Schulte Roth & Zabel, LLP
 2                           BY: KAREN S. PARK, ESQ.
 3                           (212) 756-2036
 4
 5                           DK Partners
 6                           BY: EPHRAIM DIAMOND, ESQ.
 7                           (646) 282-5841
 8
 9  For Debtor, Tribune:     Sidley Austin
10                           BY: JESSICA BOELTER, ESQ.
11                           BY: DAVID MILES, ESQ.
12                           BY: ALLISON E. ROSS STROMBERG, ESQ.
13                           BY: BRETT MYRICK, ESQ.
14                           BY: JILLIAN LUDWIG, ESQ.
15                           BY: BRYAN KRAKAUER, ESQ.
16                           BY: KERRIANN MILLS, ESQ.
17                           BY: THOMAS E. ROSS, ESQ.
18                           BY: KEN KANSA, ESQ.
19                           (312) 853-7030
20
21                           Tribune
22                           BY: DAVE ELDERSVELD
23                           (312) 222-4707
24                           BY: MICHAEL D. ONEAL
25                           (312) 222-3490
26                           BY: GARY WEITMAN
27                           (312) 222-3394
28
29  For Bank of America:     O'Melveny & Myers (NY Office)
30                           BY: EVAN JONES, ESQ.
31                           BY: DANIEL CANTOR, ESQ.
32                           BY: DANIEL S. SHAMAH, ESQ.
33                           (212) 326-2000
34
35                           Bank of America
36                           BY: ESTER CHUNG, ESQ.
37                           (646) 855-6705
38
39  For Arrowgrass Capital
40  Partners, US LP:         Arrowgrass Capital Partners US LP
41                           BY: DAVID DUNN, ESQ.
42                           (212) 584-5946
43
44
45
46
47
48
49
```

```
1   For Defendants, Employees
2   Compensation Defendant's
3   Group:                      Frank Gecker, LLP
4                               BY: JOSEPH FRANK, ESQ.
5                               BY: FRANCES GECKER, ESQ.
6                               BY: REED HEILIGMAN, ESQ.
7                               (312) 276-1400, EXT. 1432
8
9   For Aurelius Capital
10  Management:                 Aurelius Capital Management, LP
11                              BY: MATTHEW A. ZLOTO
12                              (646) 445-6518
13
14  For Matthew Frank:          Alvarez & Marsal, LLC
15                              BY: MATTHEW FRANK
16                              (312) 371-9955
17
18  For Wells Fargo:            White & Case
19                              BY: SCOTT GREISSMAN, ESQ.
20                              (212) 819-8567
21
22  For Chicago Fundamental
23  Investment:                 Chicago Fundamental Investment
24                              BY: PETER GRUSZKA, ESQ.
25                              (312) 416-4215
26
27  For USB Securities:         USB Securities, LLC
28                              BY: CARRAS HOLMSTEAD, ESQ.
29                              (203) 719-1425
30
31  For JP Morgan Chase:        Davis Polk Wardwell, LLP
32                              BY: PETER KIM, ESQ.
33                              (212) 450-3028
34
35  For Bigalow:                Sperling & Slater
36                              BY: GWEN NOLAN, ESQ.
37                              (312) 641-3200
38
39  For Merrill Lynch
40  Capital Corporation:        Kaye Scholer, LLP
41                              BY: MADLYN G. PRIMOFF, ESQ.
42                              (212) 836-7042
43
44  For Citigroup:              Paul Weiss Rifkind Wharton &
45                              Garrison, LLP
46                              BY: SHANNON PENNOCK, ESQ.
47                              (212) 373-3000
48
49
```

```
 1   For Robert R. McCormick
 2   Foundation & Cantigny
 3   Foundation:                   Katten Muchin Rosenman, LLP
 4                                 BY: JOHN SIEGER, ESQ.
 5                                 (312) 902-5294
 6
 7   For The Seaport Group:        Seaport Group
 8                                 BY: KENNETH SMALLEY, ESQ.
 9                                 (212) 616-7763
10
11   For Stark Entities:           Quarles & Brady, LLP
12                                 BY: ERIC VANSCHYNDLE, ESQ.
13                                 (414) 277-5155
14   For Halcyon Asset
15   Management:                   Halcyon Asset Management
16                                 BY: IGOR FUKS, ESQ.
17                                 (212) 303-9453
18
19   For Law Debenture Trust
20   Company:                      Kasowitz Benson Torres & Friedman
21                                 BY: CHRISTINE MONTENEGRO, ESQ.
22                                 (212) 506-1700
23
24   For Royal Bank of
25   Scotland:                     Cadwalder Wickersham and Taft
26                                 BY: MICHELLE MAMAN, ESQ.
27                                 (212) 504-6000
28   For New York State
29   Common Retirement Fund
30   & Great Banc:                 Morgan Lewis & Bockius, LLP
31                                 BY: RACHEL MAUCERI, ESQ.
32                                 BY: MENACHEM O. ZELMANOVITZ, ESQ.
33                                 (212) 309-6000
34
35   For SuttonBrook
36   Capital Management:           SuttonBrook Capital Management LP
37                                 BY: CAROL L. BALE
38                                 (212) 588-6640
39
40   For Aurelius Capital
41   Management:                   Akin Gump Strauss Hauer & Feld, LLP
42                                 BY: PHILLIP DUBLIN, ESQ.
43                                 (212) 872-8083
44
45   For Royal Bank of
46   Scotland:                     Royal Bank of Scotland
47                                 BY: COURTNEY ROGERS, ESQ.
48                                 (203) 897-4815
49
```

```
 1   For Alexander Bilus:       Dechert, LLP
 2                              BY: ALEXANDER BILUS, ESQ.
 3                              (215) 994-2608
 4
 5   For Crane Kenny:           Shaw Gussis Fishman Glantz Wolfson
 6                              BY: KIMBERLY BACHER
 7                              (312) 541-0151
 8
 9   For Shulte Roth &
10   Zabel:                     Shulte Roth & Zabel, LLP
11                              BY: JAMES T. BENTLEY
12                              (212) 756-2273
13
14   For Cigna:                 Jorden Burt, LLP
15                              BY: RAUL CUERVO, ESQ.
16                              (202) 295-6505
17
18   For Michael D'Agostino:    Bingham McCutchen, LLP
19                              BY: MICHAEL D'AGOSTINO, ESQ.
20                              (860)240-2731
21
22   For Aurelius Capital
23   Management:                Friedman Kaplan Seiler & Adelman
24                              BY: GREGORY W. FOX, ESQ.
25                              (212) 833-1177
26
27                              Akin Gump Strauss Hauer & Feld, LLP
28                              BY: MITCH HURLEY, ESQ.
29                              (212) 872-1000
30
31   For Patterson, Belknap
32   Webb & Tyler:              Patterson Belknap Webb & Tyler
33                              BY: BRIAN GUINEY, ESQ.
34                              (212) 336-2305
35
36   For California State
37   Teachers Retirement:       Manatt Phelps & Phillips, LLP
38                              BY: ILEANA M. HERNANDEZ, ESQ.
39                              (310) 312-4116
40                              BY: IVAN KALLICK, ESQ.
41                              (310) 312-4152
42
43
44   For Special Committee of
45   the Board of Directors:    Jones Day
46                              BY: TIMOTHY HOFFMANN, ESQ.
47                              (312) 269-4376
48
49   For Credit Agricole SA,
```

```
 1  Credit Agricole
 2  Securities (USA) Inc.:   Willkie Farr & Gallagher, LLP
 3                           BY: JARED JAMESSON, ESQ.
 4                           (212) 728-8000
 5
 6  For Credit Lenders:      Dewey & LeBoeuf, LLP
 7                           BY: JAMES O. JOHNSTON, ESQ.
 8                           (213) 621-6030
 9
10  For Laser and Local 103: Lowenstein Sandler, PC
11                           BY: IRA LEVEE, ESQ.
12                           (973) 597-2480
13
14  For Third Party Defendants
15  (Former Directors and
16  Officers):               Grippo & Elden, LLC
17                           BY: JOHN R. MCCAMBRIDGE, ESQ.
18                           (312) 704-7718
19
20  For Wells Fargo and
21  Bank of New York Mellon: Proskauer Rose, LLP
22                           BY: DAVID S. MORDKOFF, ESQ.
23                           (212) 969-3831
24
25  For Wilmington Trust:    Brown Rudnick, LLP
26                           BY: GARY NOVOD, ESQ.
27                           (212)209-4940
28
29  For Eos Partners:        Eos Partners
30                           BY: MIKE J. SCHOTT
31                           (212) 593-4046
32
33  For Dominion:            McGuire Woods, LLP
34                           BY: BETH SIEG, ESQ.
35                           (804) 775-1137
36
37  For EGI-TRB, LLC:        Jenner & Block, LLP
38                           BY: DOUGLAS A. SONDGEROTH, ESQ.
39                           (312) 222-9350
40
41  For LSV Asset
42  Management:              Winston & Strawn, LLP
43                           BY; CHRISTPHER H. ST. PETER, ESQ.
44                           (312) 558-3790
45
46
47
48
49
```

```
 1    For General Motors
 2    Hourly Rate Employee
 3    Pension Trust:            King & Spalding
 4                             BY: ARTHUR STEINBERG, ESQ.
 5                             (212) 556-2158
 6
 7    For Aberdeen, et al:      Stradley Ronon Stevens & Young
 8                             BY: NEAL TROUM, ESQ.
 9                             (484) 323-1354
10
11    For Morgan Stanley &
12    Company:                 Weil Gotshal & Manges, LLP
13                             BY: MICHAEL F. WALSH, ESQ.
14                             (212) 310-8197
15
16
17
```

1   WILMINGTON, DELAWARE, THURSDAY, FEBRUARY 2, 2012 1:30 P.M.

2

3               THE COURT:  Good afternoon everyone.

4               MR. BENDERNAGEL:  Good afternoon, Your Honor.

5   Jim Bendernagel for the debtors.  The parties have

6   consulted, and as you know, there's two issues on today's

7   docket. We consulted as to how best to approach that and we

8   had a proposal that we'd like to present if that's okay.

9               THE COURT:  Go ahead.

10              MR. BENDERNAGEL:  Given the fact that the two

11  motions are pretty closely related, we thought it made sense

12  to do them together.  It also probably made sense for the

13  Aurelius' Counsel, as well as Law Debenture's Counsel to go

14  first.  The Committee would then go and then I think the

15  debtors and other parties would follow after that with the

16  -- overall, the ability of both Aurelius, as well as the

17  Committee to respond at that point.  And if that's

18  acceptable, I'll turn the podium over to Mr. Zensky.

19              THE COURT:  It is, but I have a few -- a couple

20  preliminary questions, Mr. Bendernagel.  If you're not the

21  best to answer them, you may cede the podium to whomever.

22  But --

23              MR. BENDERNAGEL:  Well, I'll decide that after I

24  hear the question.

25              THE COURT:  You'll have the right of first

26  refusal on that.  Where does the MDL panel stand with

1  respect to transfer of the consignment action?  Are there

2  outstanding objections?  If so, when it is expected they

3  would be resolved?

4          MR. BENDERNAGEL:  I think it's the Committee's --

5  may be the best person.  Mr. Sottile would probably be the

6  best person to respond to that question.

7          THE COURT:  All right.  Thank you.

8          MR. SOTTILE:  Your Honor, James Sottile of

9  Zuckerman Spaeder, Special Counsel to the Official

10  Committee.  Your Honor, in brief, the Committee filed an

11  objection to transfer, which preserved the right of ability

12  to move to vacate the conditional Transfer Order.

13          THE COURT:  I read it.

14          MR. SOTTILE:  And subsequently, the Committee

15  filed a Limited Motion to Vacate the conditional Transfer

16  Order, not because the Committee objects substantively to

17  transfer, simply to allow this Court the opportunity to

18  decide the pending Motions for Stay.  The effect under the

19  MDL rules of filing the Motion, Your Honor, we submit,

20  although Aurelius may take a different view, is to suspend

21  the transfer until the MDL panel rules on the Motion.  The

22  Motion will be set for hearing at the next regular hearing

23  date for the MDL panel which is some time in March, Your

24  Honor; I don't have the exact date immediately to mind.

25          THE COURT:  So that a hearing date to consider

1    the Motion would be set in March or the hearing date in

2    March would be to dispose of the Motion?

3            MR. SOTTILE:  The hearing date in March would be

4    to dispose of the Motion, Your Honor, and I believe that

5    hearing date is, in fact, after March 19th, the date by which

6    the -- to which the Committee seeks to extend the stay of

7    the FitzSimons action.

8            THE COURT:  Okay.  And so that I'm clear, the

9    Committee's adversary in which JP Morgan is the first-named

10   defendant and the preference cases are not the subject of

11   any dispute in terms of the request for extension of this

12   stay?

13           MR. SOTTILE:  Your Honor, I believe that's

14   correct.

15           THE COURT:  Okay.

16           MR. SOTTILE:  There was no opposition to an

17   extension of the stay through July 2nd as to those

18   proceedings.  I should just flag one minor qualification

19   that Aurelius raised, which is there are a couple of claims

20   in that lawsuit that are not, in fact, settled and that will

21   have to be moved from that lawsuit to FitzSimons.

22           THE COURT:  Okay.  That was my next question;

23   whether what was proposed under the past and current

24   iteration of the DCL Plan resolved everything in that

25   adversary.  You've just told me almost but not quite.

1          MR. SOTTILE:  That's correct, Your Honor.  And

2    we're working with the parties on the best, cleanest

3    procedural mechanism to move the couple of claims that

4    aren't settled to FitzSimons so that we have a clear

5    division; one where they're all settled under the DCL Plan,

6    one where none of them are settled.

7          THE COURT:  Okay.  Thank you.

8          MR. SOTTILE:  Thank you, Your Honor.

9          MR. ZENSKY:  Good afternoon, Your Honor.  David

10   Zensky, Akin Gump Strauss Hauer & Feld, for Aurelius.  Mr.

11   Korpus is going to speak first for our side, but if the

12   Court would prefer, I would like to answer with the first

13   question that Mr. Sottile had a shot at.

14          THE COURT:  Certainly.

15          MR. ZENSKY:  We attached, in our opposition to

16   the Committee's Motion, the papers that the Committee filed

17   with the MDL panel, which I presume the Court has seen, and

18   as Mr. Sottile accurately reported in it, the Committee says

19   that they do not oppose transfer of FitzSimons to the

20   Tribune MDL.  Had the Committee filed --

21          THE COURT:  Because I'd like to join in support

22   of that position as well, sir.

23          MR. ZENSKY:  I imagined you doing back flips,

24   Your Honor, when you heard about this.  And Mr. Sottile is

25   also correct that, in the ordinary course, had the Committee

1  filed a true opposition, a plenary opposition to transfer;

2  in other words, we want to keep the FitzSimons case here in

3  Delaware, then it would stay here until the MDL panel

4  convenes and rules on the objection.  But that's not the

5  pleading they filed.  The pleading says in paragraph 14, and

6  I'm reading from the Committee's pleading, "accordingly, the

7  Committee requests that the MDL panel grant the Committee's

8  Limited Motion to Vacate or Modify Conditional Transfer

9  Order One, solely to delay the transfer of FitzSimons to the

10 Tribune MDL until after the Bankruptcy Court has decided the

11 Stay Motion."  So we take that to mean, and I believe the

12 MDL panel will take that to mean, that once this Court

13 issues a ruling on today's proceedings, that will be

14 reported to the MDL panel and the FitzSimons case will be

15 forthwith transferred to Judge Holwell.  And the Order, the

16 form of Order that was submitted, simply says that I think

17 within seven days of this Court's ruling, the Conditional

18 Transfer Order becomes final.  So we do not agree with the

19 assertion that you are stuck with the case until after March

20 or until after the MDL panel rules, and that, of course, is

21 a major part of our -- the issues we'd raise with respect to

22 the Committee's Motion.

23          THE COURT:  Thank you.

24          MR. SOTTILE:  Okay.  So I'll -- Mr. Korpus was

25 going to speak principally to the Noteholder Motion and I'll

1    come back and talk about the Committee Motion.

2              THE COURT:  All right.

3              MR. KORPUS:  Good afternoon, Your Honor, Sheron

4    Korpus of Kasowitz Benson Torres & Friedman, for Law

5    Debenture as Successor Indenture Trustee.  Your Honor, as

6    you know, Law Debenture and the other two Indenture Trustees

7    are, in fact, the plaintiffs in the state law constructive

8    fraudulent conveyance actions that were commenced.  And

9    following the Court's decision denying confirmation, and

10   following the MDL Order, the plaintiff Indenture Trustees

11   filed the current Motion requesting that the stay in the

12   April 25 Order be terminated.  We submit to the Court, it

13   has unfettered discretion to grant the Motion.  As you may

14   be able to tell from the brevity of our initial filing, we

15   did not actually think that this was a very controversial

16   Motion.  We thought we were just confirming what the Court

17   has made pretty clear to us all along, that you do not wish

18   to interfere with the Trial Court's management of these

19   cases.

20              On June 28th when I stood before you, Your Honor,

21   asking for permission to file the MDL Motion, you told us

22   that it is not the Court's intention to interfere with the

23   prerogative of any other Court, State or Federal, with

24   respect to the conduct of the litigation before it.  Courts

25   are free to take their own conduct and manage their own

1   dockets.  And on July 15, you reiterated that point and said

2   that you do not want to micromanage litigation that's

3   occurring in other Courts.

4           And indeed, Your Honor, on the same June 28th

5   hearing when I argued before you on the MDL Motion, you said

6   when somebody tells me they wanted to be rid of the

7   Bankruptcy Court and not given the exit, I generally like to

8   consider that a one-way door.  And we heard you loud and

9   clear.  What we tried to do in the Motion is close the door

10  behind us, but certain parties are sticking their foot in

11  the door stopping me, not letting us do so.

12          We understood that the Court wanted the actions

13  delayed pending the decision on the previous confirmation

14  battle because certain parties raised objections pertaining

15  to their rights to pursue the actions -- the plaintiff's

16  rights to pursue the actions given Section 546(e) and

17  preemption.  But in your confirmation decision, Your Honor,

18  and this is in the papers, you clearly stated that those

19  arguments are best left for determination by the Courts

20  hearing those claims.  So again, we took that as a signal

21  that the plaintiffs can now pursue the claims and was

22  another motivation for us to file the Motion.

23          Now, we think it's important, Your Honor, that in

24  addition to the Court's stay, Judge Holwell himself has

25  already imposed his own stay on the cases, which mirrors the

1    Court's stay, and there was an additional Order issued

2    yesterday, which we sent to your Chambers by letter.  I

3    assume Your Honor read that.

4             THE COURT:  I did.

5             MR. KORPUS:  Where Judge Holwell clarified that

6    his stay is not going to automatically lift upon resolution

7    of this Motion.  Rather, the Court would schedule a

8    conference to prepare an initial Case Management Plan.  So

9    no defendant will need to respond to any Complaint until

10   then, and we're not looking to create havoc here; far from

11   it.  We are just -- we waited until after the confirmation

12   decision.  We waited until after the MDL panel ruled.  We

13   waited for Judge Holwell to receive the cases.  We waited

14   for Judge Holwell to issue his own Stay Order.  But the time

15   has now come, we submit, for the plaintiffs to at least

16   start the complicated procedural steps, preliminary steps,

17   that we need to take here.  We have a long road before us.

18            THE COURT:  The debtor indicated in its

19   submission -- well, it found in the transcript of the March

20   22, 2011 hearing, the acknowledgment or the intention, as it

21   was then expressed, for the voluntary agreement to keep

22   these proceedings in abeyance until the completion of the

23   completing -- competing Plan process.  And I -- you know,

24   look, things change.  There's since been a confirmation

25   opinion.  So I don't think anybody's bound by that.  But one

1   of my focuses for today's purpose is to answer the question

2   of whether letting everything go forward does in any way

3   distract from the present Plan confirmation process?

4               MR. KORPUS:  No, and that is, of course, a valid

5   consideration and one that we've addressed in our papers,

6   Your Honor.  With regard to the Court from the 22nd, Mr.

7   Zensky will address that, but just in brief, what -- it was

8   quoted there from the transcript that we will do it to state

9   "pending the competing Plan process", which is now over.

10  And the briefs filed by the Noteholders in connection with

11  that Motion make it clear that should the DCL Plan be

12  confirmed, we would want to press on with the cases and we'd

13  agree that the stay would be over, and Mr. Zensky will give

14  you the cite to that when he speaks.

15              THE COURT:  Well, I think that's pretty much what

16  everyone contemplated.  Well --

17              MR. KORPUS:  But we don't think there would be,

18  in any event, any issue -- it's hard to see how it could, in

19  any way, interfere with the current Plan process given what

20  we perceive happening before the May hearing in the

21  litigation before Judge Holwell, and given what Judge

22  Holwell himself seems to be indicating is going to happen.

23  When you have an action against hundreds of defendants,

24  there needs to be certain organization.  There's to be

25  steering committees formed and Liaison Counsel and Lead

1  Counsel on the defense side.  There has to be Case

2  Management Plans put into place.

3          THE COURT:  So let me ask this question.  And

4  others -- I ask it first so that others who come to speak

5  may weigh in on it if they wish, and that is, would anyone

6  have an objection if I gave a call to Judge Holwell?

7          MR. KORPUS:  I don't think that we'd have an

8  objection on our side whatsoever.

9          THE COURT:  All right.

10          MR. KORPUS:  And in fact, we'd encourage that.

11          THE COURT:  Yes.  Now, I don't know whether he

12  would accept such a call.

13          MR. KORPUS:  I'm pretty sure he --

14          THE COURT:  But I'd be inclined to make it.

15          MR. KORPUS:  Well, he was a former partner of

16  mine and he always used to take my calls so.

17          THE COURT:  So I -- may I have a letter of

18  introduction from you?

19          MR. KORPUS:  Please.

20          THE COURT:  All right.

21          MR. KORPUS:  I just want to address briefly the

22  Objections that have been filed, which can be grouped into

23  three categories.  Several defendants and third parties have

24  raised a concern that the stay will somehow lead to our

25  cases now being coordinated with the FitzSimons case, and

1  you've already raised that in your preliminary thoughts.  We

2  think nothing could be further from the truth.  We think

3  that we are trying to promote coordination here.  The

4  FitzSimons case will be transferred any day now, as Mr.

5  Zensky mentioned, and we expect that Judge Holwell will

6  coordinate it as he has coordinated the other cases before

7  him.  We think that's also clear from the recent Order.

8  After all, the whole purpose of the MDL and the reason why

9  the Committee only filed a Limited Motion to Vacate is to

10  coordinate these actions.

11           THE COURT:  Well, that's the theme running

12  through a number of the submissions.

13           MR. KORPUS:  Yes.  I've already addressed the

14  point, Your Honor, that we do not believe that there are any

15  good reasons being advanced by any party as to how our

16  pursuit of this litigation could derail the confirmation.

17  There's a lot of preliminary work to be done and we are far,

18  far away from getting going into discovery before the May

19  confirmation.

20           And finally, Your Honor, we have the Retirees'

21  Objection, which I really don't quite understand.  The

22  Retirees are plaintiffs in four cases.

23           THE COURT:  Yes, but the gist of their argument

24  is hey, we made our deal; why do you want to make us do more

25  work when all it is going to be, they'd hope and expect, a

1  matter of time before it finally gets bussed by the Court?

2           MR. KORPUS:  Well, I guess the question is why

3  did they file the actions, and why did they opt into the

4  MDL, and why did they recently file Motions themselves

5  before Judge Holwell?  They set their own train in motion.

6  If they will not slow it, that's between them and Judge

7  Holwell.  Your Honor, that's all I have and I'll cede to Mr.

8  Zensky unless you have any more questions.

9           THE COURT:  All right.  Thank you.

10          MR. ZENSKY:  Good afternoon again, Your Honor.

11 For the record, David Zensky, Akin Gump Strauss Hauer &

12 Feld.  Your Honor, Aurelius, as you know, was one of the

13 parties that moved for the relief that became the April 25th

14 Order and, while not a named plaintiff, certainly a

15 beneficiary of the state law actions that the Indenture

16 Trustees have commenced, and joins in and fully supports the

17 application to have this Court issue the further Order at

18 this point that was referred to on April -- in the April 25th

19 Order so that those cases could proceed.  We don't see a

20 colorable, much less compelling basis, for this Court to

21 continue that stay.  Mr. Korpus has touched on the fact that

22 people are saying we need to coordinate.  Again, the

23 Noteholders and Aurelius, of course, are in favor of

24 coordination and we feel that Judge Holwell is up to the

25 task, more than up to the task, of figuring out how to

1    coordinate the Committee's action with the other 49 actions.

2              THE COURT:  I have no doubt of that.

3              MR. ZENSKY:  Okay.  I want to address the

4    question you put to Mr. Korpus, which I think he answered,

5    but just so the record is clear, there was a reference in

6    the debtors' paper to the transcript from the March hearing

7    and the comments of Mr. Golden, and the quote that was

8    attributed to him, which is correct, that the applicants at

9    that time, wanted to file the actions, and would agree to

10   toll them or stay them until the completion of the competing

11   Plan process.  Those are important words and they came right

12   out of the papers we submitted, Your Honor.  There was never

13   any proposal or suggestion from the Noteholders, the

14   Indenture Trustees, or Aurelius that we would start these

15   cases and then do nothing until the debtors confirmed the

16   Plan, whenever that may be.  And if you look at the filing

17   that was made leading up to that March hearing; this is ECF-

18   8201, Your Honor, and this is why Mr. Golden made the

19   comments he did.  What we told the Court in those papers

20   was, and I'm reading from page eight of that pleading, Your

21   Honor, that "The original plaintiff group", which was the

22   parties bringing the motion, "will then seek to toll the

23   litigation until the Court rules on the competing Plans.  If

24   the Noteholder Plan is consummated, then the trustee of the

25   Creditor's Trust, under the Noteholder Plan, will be

1  substituted as the plaintiff for the original plaintiff

2  group in the Complaint, prosecute the creditor, SLCFC,

3  claims set forth in the Complaint, and then make

4  distributions." So we wanted them stayed until at least we

5  had a shot to have our Plan confirmed because, under our

6  Plan, our Creditor Trustee would have stepped in and taken

7  over the prosecution. The Court's ruled on that. There's

8  not a competing Plan process anymore. There is one Plan on

9  the table. Our papers from March went further and said in

10  footnote six, "if, however, the Noteholder Plan is not

11  consummated, then the original plaintiff group will

12  prosecute the creditor SLCFC claims in the Complaint".

13  That's what we're here to do, Your Honor. There was never

14  any remote suggestion that we didn't think these cases

15  should be prosecuted until there was a confirmed Plan.

16        THE COURT: No, but, of course, what it doesn't

17  address is the circumstance under which, as I said in the

18  opinion, I indicated with some -- if some flaws were

19  corrected, assuming something came back to me in similar

20  form, it was likely confirmable. And, of course, there has

21  since been -- there is further opposition to confirmation of

22  that Plan and there are allocation disputes. So, while

23  there is not yet -- or not another outstanding competing

24  Plan -- well, just to put it in summary fashion, disputes

25  remain, nonetheless, which I've extended and will extend I

1  think beyond what everyone had expected and hoped,

2  completion of a confirmation process.

3        MR. ZENSKY:  That may be, Your Honor.  But, to

4  the extent the debtors were trying to attribute to us the

5  notion that what we told you was we would voluntarily sit

6  still until there was a confirmed Plan, that is not an

7  accurate statement.

8        THE COURT:  Well, you know, even if it were,

9  given the fact that circumstances change, I wouldn't

10 necessarily have been inclined to hold you to it anyway.

11        MR. ZENSKY:  Okay.  I appreciate that.  I just

12 wanted to make sure the record was clear.  And certainly,

13 Your Honor, as I recall, by the time we had the hearing on

14 this particular Motion, we had concluded the first two weeks

15 of the trial.  The Court had given its original -- some

16 reaction at the end of the second week that it may not

17 confirm either Plan.  So by the time we got to this hearing,

18 I think that had already been injected into the mix that it

19 was not at all inevitable that we would have a confirmed

20 Plan at the end of the first confirmation trial.

21        Let me turn then to the Committee Motion, and as

22 Your Honor knows, we did oppose the Committee Motion which

23 requested a stay of FitzSimons until March 19th.  As we've

24 already discussed, the MDL panel has directed that that case

25 also be transferred to Judge Holwell.  We've already

1    discussed the Committee's limited opposition to that.  What

2    we'd ask instead is that Your Honor simply issue a stay of

3    that case until it arrives in New York, at which time it

4    will be covered by the stay party in place as issued by

5    Judge Holwell.  You have both his original Stay Order and

6    the Order of yesterday in the record and Your Honor has

7    indicated that you've read those Orders.

8          We opposed it for a number of reasons -- opposed

9    the Committee's request for a number of reasons.  We talked

10    about the stay that Judge Holwell issued, and as he said

11    yesterday, nothing's going to happen after this Court rules.

12    No one has to answer.  No one has to move.  Let's take a

13    deep breath and have a Case Management Conference and see

14    what we're going to do and how we're going to do it and when

15    we're going to do it.  As we explained in our papers, and

16    Mr. Korpus alluded to, there are multiple other things that

17    have to happen before that litigation gets started.  We just

18    want to begin those preliminary steps and get to the point

19    where one day, later this year, we are engaged in

20    substantive litigation.  So it's undisputed that that case

21    will be subject to a stay when it gets there and we think

22    the relief being sought here by the Committee is, therefore,

23    unnecessary.  The Committee says it needs time to serve new

24    parties but, as we know from yesterday's Order, Judge

25    Holwell is focused on that issue.  He's modified his Stay

1    Order to permit the parties to make additional Motions under

2    Rule

3    4(m).  Your Honor has already extended the Committee's time

4    to serve through July.  So that can't be a basis for --

5    shouldn't be a basis for a further stay of that proceeding.

6    And we think that the Committee's request, now that that

7    case will be transferred, is inconsistent with the

8    observations this Court made in regard to our cases that Mr.

9    Korpus referred Your Honor to about not wanting to dictate

10   the schedule and micromanage the docket of another State or

11   Federal Judge.

12            But more than unnecessary, Your Honor, we're

13   concerned that a stay that is issued and then travels with

14   the case to New York could create delay and confusion among

15   the parties in the MDL in trying to understand exactly what

16   the basis for the stay is.  What should happen when March

17   19th comes and the stay that the Committee has asked for

18   ends?  Does it mean that there should be a further stay?

19   Does it mean that this Court is going to have an ongoing

20   interest in managing the timing and docket of that case?  Of

21   course, we don't think that would be appropriate and we

22   think that when the case leaves this Court, that it will be

23   subject to the scheduling and good graces of Judge Holwell

24   to manage.

25            In answer to the question you put to Mr. Korpus,

1  Your Honor, of course, we have no objection to Your Honor

2  communicating with the District Court Judge.  So we oppose

3  the Committee's request on those grounds, Your Honor, and

4  think that it should be stayed just until the case gets

5  there.

6           Let me turn to the debtors' position, Your Honor.

7  The debtors and the lenders and a few other parties take

8  issue with the Committee Motion for the opposite reason and

9  say that March 19th is not long enough; that you should issue

10  a standstill in that case until there's a ruling later this

11  year on the current Plan.  We are, as Your Honor knows,

12  adamantly opposed to that for a number of reasons.  First, I

13  think it's instructive as we did with respect to the state

14  law cases, examine what was the original reason that that

15  case, the FitzSimons case, was stayed after it was brought,

16  Your Honor.  And again, it turned on the fact that we had a

17  competing Plan process at the time and we had a contested

18  proposed 9019 settlement.  So we had the claims against the

19  lenders, which the Noteholders did not want to be settled.

20  Debtor Committee Lender Plan Proponents want it to be

21  settled.  And it made no sense for the Committee to begin

22  pursuing the FitzSimons action based on all the same

23  transactions and occurrences and facts against some parties

24  while the status of the claims against the LBO lenders and

25  other parties who were encompassed by the settlement would

1   or would not be released.  So it made perfect sense to stay

2   the FitzSimons case at that point.

3            Second, given the competing Plan process, it was

4   unclear at that stage, back in the fall of 2010, who would

5   be running the ship or guiding the litigation, depending on

6   which Plan was confirmed.  Well, Your Honor has resolved

7   those issues at this point, and indicated that it approved

8   the settlement, subject to final confirmation, and has ruled

9   that the DCL Plan is the preferable Plan.

10           THE COURT:  Although there have yet to be created

11  the repositories for the proceeds of any litigations if

12  they're successful.

13           MR. ZENSKY:  That may be true, Your Honor, but

14  the same fact would have been -- if the parties hadn't

15  requested a stay of that litigation, it would have been

16  proceeding during the course of the Chapter 11 case without

17  a litigation trust as well.  So if we should all be so

18  fortunate that there are recoveries in that case before

19  there's a confirmed Plan, Your Honor, I'm sure the parties

20  will be able to determine how best to distribute those

21  proceeds or to hold them pending confirmation of a Plan.  So

22  again, Your Honor, the original reasons for the stay of

23  FitzSimons case we think have terminated and it is time for

24  it to move forward.

25           The debtors talk about supposed or potential for

1    interference with their Plan proceedings but have submitted

2    no evidence as to how that will occur or why it will occur.

3    We think that we've answered the conclusory assertions they

4    make about discovery in our papers.  They have a footnote in

5    which they say well, some of our officers or employees are

6    also defendants and that somehow that will interfere with

7    confirmation.  They don't identify which employees they're

8    concerned about or what their role with respect to the

9    reorganization is, and we don't believe the Court should

10   accept an unsubstantiated assertion in a brief like that as

11   a basis to stay this adversary proceeding or to stay our

12   cases which are the Indenture Trustee cases which, as you

13   know, are against non-debtors.

14            And finally, Your Honor, we are most opposed to

15   the debtors' request because it would unnecessarily delay

16   both the Committee action and, if the Court were to grant

17   it, our action for many months.  And those cases are now

18   poised to deliver recoveries and distributions to the non-

19   LBO creditors that are not going to be forthcoming from the

20   debtors and the debtors' estates here.  As Your Honor knows,

21   under the proposed Plan, the best the Senior Notes do is a

22   36 percent distribution.  The PHONES get no distribution.

23   And all of these creditors are looking to the preserved

24   causes of action, some of which are in the stewardship of

25   the Committee and then the state law claims, which the

1   Indenture Trustees are pursuing, to either make

2   distributions or supplement those distributions.  And in

3   urging this Court to accept the DCL Plan, the debtors'

4   Committee and Lender repeatedly told you over and over

5   again, Your Honor, there are these preserved causes of

6   action and they're going to produce some recoveries.

7   Particularly, if the claims are as good as the Noteholders

8   say they are, boy, they're going to do just fine with those

9   other causes of action.  So the Court should feel

10  comfortable accepting the settlement, which as you know, was

11  vigorously opposed.  So the settlement has now been approved

12  by the Court's October 31st ruling, and the debtors'

13  Committee and lenders got what they wanted in that respect

14  and now are saying well, slow down a bit there tiger.  I

15  know we pointed to those preserved causes of action but, you

16  know, you don't really need to bring them right now.  And we

17  just think that's inappropriate, Your Honor, that, to the

18  extent those causes of action are poised to deliver and

19  supplement distributions, no one is going to get off the

20  sidelines and get out a checkbook if those cases remain

21  stayed.  And to the extent parties want to litigate those

22  cases through a Motion to Dismiss stage, do some discovery,

23  meaning the defendants in the preserved cause of action,

24  nothing is going to happen if we sit here for four or five

25  months without the ability to begin pursuing those cases,

1  Your Honor.

2          So we think there would be a deep degree of

3  prejudice if this Court were to accept the debtors' proposal

4  and just stop everything until after there's a ruling on the

5  Third Amended Plan, particularly given how much the debtors

6  and lenders relied on these preserved causes of action in

7  support of the proposed settlement.

8          And with that, Your Honor, I'll conclude.  The

9  only other comment I would make is to confirm what Mr.

10 Sottile said.  We did raise a limited objection to the

11 Motion regarding the JP Morgan action because there are

12 unsettled claims in that case.  And I believe the Committee

13 has agreed that they should not be stayed until July and the

14 Committee needs to figure out procedurally what to do to

15 take them out of the JPM case and move them to the MDL or to

16 coordinate them with the FitzSimons case.

17         THE COURT:  All right.  So if I were inclined to

18 agree with you, Mr. Zensky, what would the Order today, that

19 I would be asked to sign, say?

20         MR. ZENSKY:  The Order would say that this

21 constitutes the further Order of Court as referenced in my

22 April 25th Order, and the original plaintiff group and other

23 creditors who commenced state law actions are now free to

24 pursue them subject to whatever schedule may be dictated by

25 the Court hearing those actions -- actually Courts, because

1    as you know, there is one state case in California.

2                THE COURT:  California.

3                MR. ZENSKY:  And secondly, with respect to the

4    Committee case, that the Committee case would be stayed

5    until such time as the file is transferred to the Southern

6    District and jurisdiction assumed by the Southern District,

7    at which point that case, likewise, becomes subject to the

8    docket management and control of Judge Holwell.

9                THE COURT:  Okay.  Then how, if at all, could the

10   Court address the remaining issue of those claims which, at

11   least in the parties' views, they expressed today, should be

12   moved to the FitzSimons action and length of stay for what

13   remains there in preference actions?

14               MR. ZENSKY:  Well, as I said, our objection to

15   the -- we have no objection to the extension of the stay of

16   the preference actions.  I don't believe any was filed in

17   that regard.  And with regard to the JP Morgan case, that is

18   not subject to any Transfer Order.  It's not leaving this

19   Court's jurisdiction.  So procedurally and timing-wise, I

20   believe that the Committee would contemplate severing the

21   non-settled claims, and then either on consent or by

22   application to the MBL panel, have those sent along at such

23   point as they accomplish that severance.

24               THE COURT:  Okay.  So what I'm getting to is that

25   at some point, assuming, without deciding, that's where we

1   might end up, there need to be further discussions among

2   Counsel and a proposal to the Court.  So that would be -- we

3   would be leaving here today with that open issue.

4            MR. ZENSKY:  The unsettled claims in the -- that

5   may be right, Your Honor, that the Committee is Counsel in

6   that case, and I'm not sure exactly what the status of their

7   thought process on that is, but I wouldn't want -- if I hear

8   the Court, I wouldn't want to slow down the other 49 or 53

9   lawsuits, plus the FitzSimons case, solely to effectuate the

10  transfer of those last three claims.

11           THE COURT:  I didn't think so.  Okay.  Thank you.

12           MR. ZENSKY:  Thank you.

13           MR. SOTTILE:  Your Honor, James Sottile for the

14  Committee.  Before I turn to the substance of our argument,

15  perhaps I could answer a couple of the questions that have

16  been the subject of discussion between the Court and

17  Counsel.

18           First of all, Your Honor, the Committee is

19  entirely happy for the Court to contact Judge Holwell and

20  proceed as the Court deems most helpful.

21           With respect to the issue that was just being

22  discussed with Mr. Zensky, that is the couple of claims that

23  are in the lender case but not settled, what the Committee

24  contemplates procedurally, Your Honor, is exactly what Mr.

25  Zensky described; that is, that we would sever those claims

1   into a separate action and then, either on consent of the

2   defendants, if they were to consent, or by application of

3   the MDL panel, have those transferred along with FitzSimons

4   and the state law actions to the Southern District of New

5   York for Judge Holwell.  And I would not advocate the

6   pendency of those as an argument for Your Honor deferring

7   action on the remainder of the stay issues.

8          Your Honor, I stand before you I think in a

9   somewhat unusual position that both Mr. Zensky and Mr.

10  Bendernagel believe I am not being sufficiently aggressive.

11  However, their views differ on --

12         THE COURT:  I don't know how you get out of that

13  one, Mr. Sottile.

14         MR. SOTTILE:  Your Honor, I submit that the

15  Committee, in its Motion, has struck the right balance

16  between those two competing positions and concerns.  There

17  are legitimate concerns on both sides here.  The debtors are

18  rightly concerned that, if this litigation were to become

19  active, that there's the potential that it will distract the

20  parties and their Counsel from the ongoing confirmation

21  process and potentially interfere with that process.  The

22  Noteholders are rightly concerned about moving forward as

23  quickly as possible on those claims that we all, at least on

24  the Committee Noteholder's side, believe have substantial

25  value and will augment their returns, and they ought to be

1   able to move forward as quickly as possible consistent with

2   avoiding interference with the confirmation process.  Your

3   Honor, however, we believe, the Committee believes, that to

4   either begin that litigation process immediately or to

5   decide now that you're going to delay that litigation

6   process until after the stay proceeding -- after the

7   confirmation proceedings are concluded, would be imprudent

8   in the circumstances.  There is, as the Court is well aware,

9   active ongoing work in the confirmation proceedings,

10  particularly with respect to the allocation disputes.  And

11  that work is largely going to be done, Your Honor, between

12  now and early March.  If the Court were to grant the

13  Committee's Motion, extend the stay of FitzSimons to March

14  19th, all of that work that's now ongoing with respect to

15  allocation disputes would be substantially complete by the

16  time of the stay.  So to the extent that process poses the

17  potential for distracting the parties or interfering with

18  confirmation, that would be resolved by the stay sought by

19  the Committee.

20          On the other hand, Your Honor, it is the

21  Committee's judgment, based on the circumstances as we now

22  see them, that the potential for distraction of the parties

23  with respect to confirmation will be substantially reduced

24  once we get to March 19th and that it would be imprudent to

25  decide now that there should be a stay that extends beyond

1  that time.  If we get to March 19th and one or more of the

2  parties believes, based on the circumstances as they exist

3  at that time, that there are grounds for extending a stay of

4  FitzSimons, they can make appropriate application and the

5  matter can be considered then once everyone knows a lot more

6  about where these confirmation proceedings are and about how

7  matters will proceed before Judge Holwell.  So in short, we

8  think we've struck the right balance, reached a middle

9  ground, that appropriately resolves those two competing

10  concerns.  The principal argument you've heard from the

11  Noteholders is that the Court should not invade the

12  prerogatives of other Courts; should not invade or

13  micromanage the process before Judge Holwell, and should

14  leave it to Judge Holwell to decide issues about when

15  litigation should be stayed and when stays should complete.

16  Your Honor, with respect, I think that gets it exactly

17  backwards in the circumstances of this case.  Judge Holwell,

18  obviously has little knowledge about these bankruptcy

19  proceedings.  He has very little knowledge about the

20  FitzSimons case.  He is simply not in a position to evaluate

21  whether and to what extent beginning litigation there poses

22  a potential for interfering with these confirmation

23  proceedings.  It is really only this Court that is in a

24  position to make that decision one way or the other and

25  decide whether or not, if the litigation were to go forward,

1  there is a real risk that it interferes with the

2  confirmation process.  Your Honor, I think both the MDL

3  panel and Judge Holwell, in fact, recognize that point.  If

4  the Court looks at the MDL panel Order and Judge Holwell's

5  Order, as I know the Court has, I think the theme that

6  emerges is that they are looking to this Court to address

7  issues about whether or not there should be coordination

8  between the litigation before Judge Holwell and this

9  bankruptcy proceeding.  The panel said that centralization

10 of the state law actions before Judge Holwell also will

11 streamline coordination between these 44 actions in the

12 Delaware bankruptcy proceeding.  It seems obvious to us that

13 they perceive that to be important that there be a

14 coordination between the process before Your Honor and those

15 actions.  Judge Holwell, as the Court is aware, on December

16 28th, stayed the state law actions transferred to him pending

17 further Order of this Court or by Judge Holwell again

18 evidencing a concern that this Court be heard to the extent

19 the Court believes that continuation of the litigation or

20 commencement of this litigation would interfere with the

21 ongoing process before the Court.

22        In short, this isn't a case where you're going to

23 be tripping on the toes of another Court.  Judge Holwell, I

24 think, has invited this Court to express its views on the

25 relationship between the litigation that's before him, the

1   litigation that will be going to him, and these bankruptcy

2   proceedings.  And if the Court were to reach out to him, the

3   Court obviously can further satisfy itself about his views

4   on these issues, but it does appear to us from the written

5   record that's available that that's precisely what Judge

6   Holwell is looking to this Court to do, is to tell him

7   whether the Court believes that there is a real risk that if

8   you start up litigation now, that it will interfere with the

9   bankruptcy confirmation process.

10          On the other hand, Your Honor, as I've indicated,

11  the Committee believes that it is important that the

12  Noteholders be able to commence this litigation as soon as

13  possible consistent with the desire to avoid undue

14  interference with the confirmation process.  And therefore,

15  we believe that extending the stay of FitzSimons now to a

16  point after the confirmation hearings is imprudent, and

17  would weigh the balance too heavily against the Noteholders'

18  very legitimate concern about the desire to commence this

19  litigation.

20          Again, striking the balance on March 19th we think

21  appropriately recognizes those competing concerns and gives

22  the parties an opportunity, once you get to March 19th and we

23  all know a lot more about where these cases are, to address

24  whether or not there is any grounds for extension of a stay

25  at that time.

1          THE COURT:  And you think by March 19th we're

2    going to know all that much more than we know today?

3          MR. SOTTILE:  Your Honor, I think we will know

4    quite a bit more.  In particular, we'll know more with

5    respect to the allocation disputes, and in fact, will have

6    completed a lot of work with respect to the allocation

7    disputes so that the potential for interference is

8    inevitably going to be reduced between now and March 19th.

9    There may still be a risk, Your Honor, at that point of

10   interference with these confirmation proceedings but it's

11   the Committee's judgment that that risk will be very

12   substantially reduced by the time we get to March 19th.

13         THE COURT:  You have to finish building the

14   bridge for me.

15         MR. SOTTILE:  Certainly, Your Honor.

16         THE COURT:  Let's say all of the allocation

17   disputes are resolved by March 19th.  Don't write that date

18   down, okay?  But I purposely set up the schedule, as I

19   discussed with the parties, in the hopes that they would be

20   resolved by the time we get to the disclosure hearing on the

21   23rd.  How, if at all, will resolution of the allocation

22   disputes inform what should happen with respect to having a

23   further stay or not?

24         MR. SOTTILE:  Your Honor, I think that what will

25   happen as a result of moving forward in the allocation

1    disputes, whether they're resolved by March 19th or not, is

2    that a lot of the work that leads up to confirmation is

3    going to be accomplished.  And that, to the extent that

4    requiring the parties to both work hard to resolve the

5    allocation disputes and start up the litigation, poses the

6    potential for interfering on both sides.  That risk is going

7    to be smaller once some substantial portion of the

8    confirmation work is done.

9         In addition, Your Honor, one concern that some

10   parties have voiced is that if you were to get too far down

11   the road in FitzSimons in the state law actions on

12   litigation by the time of confirmation, there's a risk that

13   some parties may have to take substantive positions there

14   that might be quoted back to this Court with respect to

15   confirmation.  That risk is substantially reduced if the

16   stay is extended to March 19th, particularly given what Mr.

17   Zensky has pointed to about Judge Holwell's intention to

18   proceed in a deliberate fashion.

19        THE COURT:  It wouldn't -- look, it wouldn't be

20   the first occasion in which, given different levels of

21   disputes and different -- for resolving things, that there

22   might be awkwardness.

23        MR. SOTTILE:  Your Honor, we agree with the Court

24   and we don't think that concern is the be all and end all

25   and it's precisely for that reason the Committee is not

1  standing here advocating that you now extend this stay

2  beyond March 19th.

3              THE COURT:  Okay.  Thank you.

4              MR. SOTTILE:  Thank you, Your Honor.

5              MR. BENDERNAGEL:  Your Honor, Jim Bendernagel on

6  behalf of the debtor.  It's been pretty clear what the

7  debtors' position has been for quite a while in this case,

8  and that's that job one ought to be to get out of bankruptcy

9  and we've been laser-focused on trying to accomplish that

10 issue.  Clearly, your October 31 decision helped in that

11 regard, but there's still a lot of work that has to be

12 completed.  You've entered a schedule a couple weeks ago

13 that set forth at least the first set of dates for that

14 schedule and we started marching down that path.  The

15 allocation disputes have gone forward earlier this week.

16 The parties filed preliminary statements.  Discovery is

17 ongoing.  Briefs are due at the end of the month.  And

18 there's a hearing on March 5th.  Now, you asked Mr. Sottile,

19 well, what's the impact of waiting at least until that time

20 to resolve these issues?  One of the things is that people

21 will not be distracted during that time period with these

22 other cases being activated.  And that will, I think, argues

23 for extending the time period adjustment until March 19th.

24 What happens next?  Well, on February 20th, or sooner, we

25 have to file member disclosure documents in preparation for

1  the hearing on March 23rd.  And as a result of that, we'll

2  have a better idea what is going to be in dispute at

3  confirmation, hopefully.  Now, Mr. Zensky stands up here and

4  tells you that you've already decided the DCL Plan

5  settlement and that's a done deal, and hopefully, that's

6  what his position is going to be in a month and a half, but

7  we don't know that today.  And the like, the concern you

8  have is people say one thing today and then they get what

9  they want and then they have a different position.  Now, Mr.

10 Zensky, for reasons that I can't even begin to fathom, made

11 a big deal about this statement by Mr. Golden about the

12 competing Plan process, and he insisted that that did not

13 apply to the situation we have now.  And yet if he read

14 further down on that page, he'd see that Mr. Golden

15 anticipated this very situation.  He states we are not

16 looking to create chaos here.  What we are trying to do is

17 to ensure at the end of day, in a very uncertain Plan

18 process, that these state law constructive fraudulent claims

19 will survive.  Now, they may be dealt with one way or

20 another, depending upon whether the DCL Plan is confirmed or

21 the Noteholder Plan is confirmed or a third version of a

22 Plan is confirmed.  That's exactly the circumstance we have

23 here.  Essentially, you've basically given us some guidance

24 as to how to finish the competing Plan process.  The fact

25 that they elected not to continue to be in a race doesn't

1  mean the race is over.  It just means they dropped out of

2  the race.

3          THE COURT:  Well, even if I agree that the

4  posturing which we now find ourselves is the functional

5  equivalent of the competing Plan process, I'm not sure that,

6  in and of itself, answers the question.

7          MR. BENDERNAGEL:  No it doesn't, because the key

8  question for you now is, well, what's the potential for

9  distraction here?

10          THE COURT:  Yes, that's --

11          MR. BENDERNAGEL:  And, you know, let me explain

12  what our perspective is in this regard.  It's essentially

13  three-fold.  First, by their own admission, there are a

14  myriad of preliminary tasks, which they describe on page 10

15  of their opening brief -- or their response to the

16  Committee's brief, it would have to be done in that MDL

17  proceeding.  That's going to involve a lot of the people

18  that are involved in this proceeding and it's going to drain

19  away attention from what we think is important.

20          Secondly, if in fact, these cases go forward,

21  there are going to be demands on the debtors, from former

22  shareholders, from employees, from others asking what's this

23  about, give me information, what are my rights, what can I

24  do, and that is going to be distracting.

25          Third, and this is the thing, is it going to

1   create havoc?  We don't know.  And that's the risk, and we

2   don't want to take that risk.  Their answer to that is,

3   well, Judge Holwell will protect you.  That's not who should

4   be protecting us and that's not -- Judge Holwell wasn't

5   responsible for this proceeding.  This Court is responsible

6   for this proceeding.  Yet, if you would follow their

7   direction, you wouldn't be able to fix something if, in

8   fact, the case ran into a problem like that.

9           THE COURT:  Well, what -- maybe never could we

10  always define, you know, what I've heard someone describe in

11  the Chapter 11 process as event risk, but just give me some

12  notion of what you think could happen that would be -- that

13  would fall into the havoc category.

14          MR. BENDERNAGEL:  Well, I think that the basic

15  problem, which you can see here, is that people get

16  distracted and things slow down and it is a consequence

17  things don't get done on the trail to confirmation, and that

18  people get distracted in that regard.  The Court gets

19  distracted; the like, because issues pop up and I don't know

20  the answer to those questions.  The biggest concern we have

21  is the fact that if you were to sign what they're proposing,

22  it basically takes you out of the loop entirely and that

23  makes no sense to us in that regard.  Now, your offer to

24  talk to Judge Holwell is a good one, and we endorse that

25  idea.  What we're concerned about is what we don't know and

1  the fact of the matter is that there's risks involved in

2  those kind of situations.  I can't point to you that there's

3  going to be a problem and I'm not sure that if I knew what

4  the problem is I'd necessarily want to point to you because

5  it becomes a self-fulfilling prophecy in that situation.

6  But the difficulty is that the idea that everything is going

7  to go smoothly between now and May 15th, I think given the

8  track record in this case, I'm a little bit naïve, but --

9            THE COURT:  This glass is half full, Mr.

10 Bendernagel, as far as I'm concerned; not half empty.

11           MR. BENDERNAGEL:  Well, everybody has a different

12 perspective on that, Your Honor.  And, you know, look, we're

13 voicing our concerns.  As I indicated, it's important to

14 move forward.  We don't believe that you're stepping on

15 Judge Holwell's prerogative.  I think he essentially invited

16 your input in this regard.  I think your input is important

17 to the extent that you make the assessment and determine

18 that, in fact, the risks don't outweigh the benefits of

19 taking you a couple more months to get this process done.

20 That's fine and dandy.  We'll just move forward in that

21 regard.  But we are concerned in that regard and we have not

22 asked for an indefinite stay as was asserted.  We've asked

23 that you simply hold off on letting these folks move forward

24 with these proceedings until such time as you've had an

25 opportunity to complete the competing Plan process and rule

1    on the Third Amended Plan.  It's our view that, you know,

2    that is the better way to move forward.  And, you know, at a

3    minimum, it's our view that the Committee's proposal, which

4    would essentially give you a second look in March, is

5    certainly a better alternative than what we think is the

6    logical alternative, which is just to basically delay this

7    until that confirmation decision comes out.

8              One last point, if I may, relating to this MDL

9    proceeding, because I listened to Mr. Sottile and I listened

10   to Mr. Zensky, and it seems to me that the only way that the

11   dispute between them is going to be resolved is when the MDL

12   panel meets on May -- March 23rd, or whenever that date is,

13   to determine whether, in fact, its transfer was conditional

14   or its transfer was automatic subject to the condition

15   precedent.  And, you know, in some respects, and this is

16   sort of counter to my position, clearly, you know, you could

17   help that process by clarifying what it is that you want to

18   do because that's really the important thing here is what

19   you want to do.  I think it's important if you reach out to

20   Judge Holwell, that you have a communication path with him

21   so that these two proceedings can be coordinated in a

22   fashion that does not jeopardize the confirmation process

23   because that's what we think is more important.  We

24   sympathize with the desire they want to move forward with

25   the litigation trust.  We understand that.  We understand

1  that the potential for recoveries is there.  They should

2  have the right to pursue those.  We think it's more

3  important though that the company exit and the initial

4  recoveries, which are substantial, be made available, and

5  anything that threatens that we don't think is a good idea.

6  I have nothing further.

7          MR. MOSKOWITZ:  Good afternoon, Your Honor.

8  Elliot Moskowitz, from the law firm of Davis Polk &

9  Wardwell, representing JP Morgan.  Your Honor, I think that

10  my client brings a unique perspective to bear on the

11  proceedings today since JP Morgan is both a Plan Proponent

12  in this process before this Court, and JP Morgan is also a

13  defendant in several of the MDL lawsuits.  And so I rise

14  just to offer a few quick points in response to the

15  arguments that the Court has heard, and in response to some

16  of the questions that the Court has raised.

17          I think many of us would agree, and this is

18  probably not a controversial point, that these Chapter 11

19  cases have been among the more vigorously litigated in

20  recent memory and I -- the Court's fox and scorpion parable

21  from the confirmation opinion certainly comes to mind.  And

22  I have seen no reason to believe, and my glass is also half

23  full most of the time, but I've seen no reason to believe

24  that that dynamic is necessarily going to change much as

25  between now and confirmation.  I recognize, obviously, that

1  the disputes hopefully have been narrowed, but I do believe

2  as well that, to quote the Court, disputes remain and they

3  are significant disputes and there's a lot of activity that

4  will occur between now and confirmation.  And I think that,

5  to the extent that there's any question about the fact that

6  there will be distraction to the confirmation process that

7  would ensue by a lifting of the stays, I listened very

8  carefully to the movant's presentation and what I thought

9  was very interesting were the things that they did not say.

10 They did not say that they would waive the right to make any

11 arguments at the confirmation hearing or restrain themselves

12 in any way.  They did not say that they would refrain from

13 taking discovery in the MDL proceedings, or seeking

14 discovery there, or to restrain themselves there in any way.

15 And so based on what we have seen so far in these cases, I

16 believe, and they probably will not dispute this, that they

17 will litigate the MDL claims with the same -- involving the

18 same parties, some of the same parties, that are in the

19 Courtroom today and the same professionals that are in the

20 Courtroom today, and that a part of this confirmation

21 process, they are going to litigate against those

22 professionals and those underlying parties with the same

23 vigor that they have done so far and evidenced throughout

24 these -- the process to date, and that's their right.  It is

25 their right to seek to litigate with vigor.  That's what

1   they have to do on behalf of their client.  But I do believe

2   that there will be an impact on the confirmation process.

3   We can debate about the degree of that impact, but I do

4   believe that there will be distraction and an impact on the

5   confirmation process if they are permitted to do so.  And I

6   think what's before the Court ultimately is a balancing

7   test.  The Court has to balance the prejudice that will

8   befall the movants if the stays are continued for whatever

9   duration.  I don't think anyone is talking about a stay that

10  is indefinite in nature or something that begins with the

11  word that's not months.  I think we're talking about months

12  here and so that -- I mean we can debate about how many

13  months, but it is months.  And so the question is what is

14  the prejudice to them and then the balancing act is what is

15  the prejudice then to the confirmation process, and I would

16  suggest that, other than waiting a little longer, I don't

17  think that they've done anything to articulate significant

18  or material prejudice for waiting just a few more months.

19  And, in fact, it's a little bit ironic.  I think some of

20  this is, in effect, their own doing because they were before

21  the Court a short time ago pushing for a fairly long path to

22  confirmation with respect to the amount of time that it

23  would take to adjudicate the allocation disputes.  And so

24  having prevailed on that to some extent, the schedule, I

25  think, ultimately is closer to what they had suggested than

1   to what the DCL Plan Proponents had suggested with a much

2   more truncated schedule.  It's ironic for them to protest

3   and to say well, the confirmation path now is so long that

4   it would be prejudicial to our clients to have to wait that

5   long before we can litigate the MDL cases.  They got what

6   they wanted with respect to the schedule.  They shouldn't

7   have to also -- they should not be gray quarter for their

8   complaints with respect to how long now it will take.

9         THE COURT:  Well, I'll note that that dynamic was

10  not lost on me.

11        MR. MOSKOWITZ:  Understood, Your Honor.  I also

12  would note as well, that with respect to what's going on

13  before Judge Holwell and with respect to these claims

14  generally, it's not like things are totally frozen.  I mean

15  there's plenty of activity going on.  That may not be

16  visible here today, but there is plenty of activity going on

17  with respect to the identification of parties whom the

18  Committee is seeking out.  There are -- there is a ton --

19        THE COURT:  But that's been an ongoing activity

20  under the state of my present Orders has it not been?

21        MR. MOSKOWITZ:  That is correct.  And all I'm

22  suggesting, Your Honor, is that it's not like everyone is

23  just sitting there with their hands in their lap.  The

24  professionals are already distracted and engaged in a fair

25  bit of work with respect to the complexity of that process.

1   And without delving into the weeds, I assure Your Honor that

2   it is a complex process given the number of parties, the

3   number of accounts that are involved.  It's a maddening

4   process.

5           THE COURT:  I don't doubt that.

6           MR. MOSKOWITZ:  And so, Your Honor, I should also

7   say for completeness as well that we also have no objection,

8   and in fact, encourage the Court to reach out to Judge

9   Holwell.  The Court can telephone Judge Holwell, email,

10  Skype, any method of communication would be satisfactory to

11  us.  We certainly encourage an open dialog with that Court

12  in coordination.

13          And so to conclude, I think, as with the DCL Plan

14  itself, it's just interesting to see a number of parties who

15  bring different perspectives to bear on the circumstances

16  here with respect to the merits of the claims coming

17  together to actually urge the Court to continue the stay.

18  There is a debate among the parties as to how long the stay

19  should continue.  Some say March.  Some say through the

20  confirmation process, as we believe was the original intent

21  when this was discussed.  But I won't delve into that again.

22  It's been discussed enough today before the Court.

23          My point is, a number of parties have come

24  together with respect to a common position about extending

25  the stay and we believe that that is the correct position

1   and that the confirmation process should allow to -- should

2   be allowed to run its course with as minimal distractions as

3   possible.  Thank you, Your Honor.

4            THE COURT:  Thank you.

5            MR. TEITELBAUM:  Good afternoon, Your Honor, Jay

6   Teitelbaum, Teitelbaum & Baskin, for the TM Retirees.  I

7   guess no one has sort of a more unique position standing up

8   here speaking in favor of the stay than I do, in that we're

9   actually plaintiffs, as you know, in the state law claim

10  actions.  I might go so far to say as we are reluctant

11  plaintiffs, if you will.  The reason that we're plaintiffs

12  and the reason that we're here today is that, frankly, the

13  contentiousness and the litigation and the delay in this

14  case prevented the commencement of these actions pursuant to

15  a Plan that would have orchestrated them through a trust and

16  been much more of an organized approach.  And I think that,

17  while no one can predict the future, and as they say, past

18  performance is no indication of the future, the fact of the

19  matter is, if this Court looks at the history of this case,

20  it can conclude nothing but there will be a continuation of

21  the same course of conduct that will lead to more delay,

22  more contentiousness.  As Your Honor is aware, but obviously

23  isn't aware of the magnitude of what's going on behind the

24  scenes now, we are embroiled in yet another sideshow of a

25  dispute in connection with the Plan in the allocation

1  dispute.  There have been preliminary statements filed and

2  Your Honor would see from the docket that there were notices

3  of discovery filed but not the extent of the discovery.

4  Document requests are flying back and forth between multiple

5  parties.  Interrogatories have been filed.  This is no small

6  process.  This is no small distraction.  To lump, if you

7  will, on top of that the MDL proceeding and the commencement

8  even of the process of administering that case and beginning

9  to truly administer that case is not only burdensome to me

10  and my clients, and I really have to take issue with the

11  reply that was filed by the movants that focused on three

12  words as part of the sentence that we're being "forced to

13  litigate".  Well, we're not being forced to litigate.  We

14  commenced these actions.  Again, we would have preferred to

15  see them proceed another way, but we followed what had to be

16  done.  This Court was faced with a dilemma back in March and

17  April, all right?  You were faced with the dilemma that

18  there was supposed to be a mechanism to start these actions

19  before the statute of limitations expired.  It was clear

20  that wasn't going to happen.  You were faced with the

21  dilemma of, well, I can't let people's rights lapse, but I

22  don't want to impair and impact the confirmation process.

23  So I think parties agreed you did what made sense, what was

24  practical.  You let parties go out, preserve their rights,

25  start their actions, and not interfere with this process.  I

1  think that what you would see, and what I read from Judge

2  Holwell's decision, the recent Order, is just as you've

3  said; that you don't want to micromanage and interfere with

4  other Courts.  He doesn't want to do that either.  He

5  doesn't want to do anything that's going to foul this thing

6  up, this case.  He, I think, frankly, is looking for

7  guidance, and that's why I would join by saying absolutely

8  speak with him because I think when you read between the

9  lines of what his Order is saying, he wasn't going to say

10  well, I'll listen to what Judge Carey is going to do.  He's

11  saying I think I need to be informed as to how this may

12  impact the bankruptcy case, and I think that that is why it

13  is important for you to confer with him.  But the fact of

14  the matter is, Your Honor, that this prosecution of the MDL,

15  in the view of my clients, myself, as plaintiffs in that

16  action, will interfere with this case, will distract our

17  ability to participate in this case, and I think Your Honor

18  in your confirmation opinion recognized that our

19  participation in this case was important.  I am telling you

20  it will interfere.  It will distract.  It will be a problem

21  in this case.  You're looking for concrete; I'm telling you

22  it will be a problem.  We do believe that we have a deal

23  with the debtors.  We do believe that that should be

24  confirmed.  We do believe that the claims that we have out

25  there, the state law claims, are valuable.  But guess what,

1  we'd like to get our 35 cents on the dollar in our pockets,

2  and then move on, and not be fiddling around with two cases

3  somewhat indefinitely and have nothing in our pockets, and

4  that's the risk and that's the prejudice.  And it's the risk

5  of the unknown, Your Honor, that we are asking you to

6  protect against.  We're not asking for an indefinite stay.

7  We've suggested in our papers, and here's where we disagree

8  with the Committee, frankly.  We don't think -- we think all

9  that holding this over to March 19th is going to do is count

10  up the billable rate in this room.  We'll all be back here

11  talking about this in March.  We're going to be doing it all

12  over again.  Put this off for a reasonable amount of time so

13  that we can actually have some clarity.  We've suggested 90

14  to 120 days makes sense.  We're in February.  It's Groundhog

15  Day.  We shouldn't be having Groundhog Day on March 19th.  We

16  shouldn't be doing this all over again.  It's just going to

17  be a waste of resources. Your Honor --

18          THE COURT:  And the news wasn't all that good

19  today either.

20          MR. TEITELBAUM:  No.  Well actually, if you don't

21  mind the winter we've had, six more weeks of this isn't so

22  bad, frankly.  So, Your Honor, it will distract.  It is

23  distracting.  We've been in discussions with the movants

24  here about scope of discovery, depositions, bringing people

25  in.  There's a heck of a lot going on behind the scenes as

1  you know, and there will continue to be a lot going on until

2  we get to the confirmation hearing.  No one's rights are

3  prejudiced.  I am telling you, as a plaintiff in the MDL,

4  our rights aren't being prejudiced.  We've cut deals and

5  reached agreements with virtually every defendant.  They

6  recognize that it's important for this bankruptcy case to go

7  forward.  They recognize, not only is it important

8  procedurally, but the outcome of this case will affect the

9  order of magnitude, to a large extent, of the claims that

10  are being pursued.  Recoveries in this case are going to

11  impact those cases.  This is a string that we don't want to

12  pull because everything is going to unravel.  We need to get

13  to confirmation.  Your Honor, we would urge you just

14  maintain the status quo for a reasonable amount of time.  We

15  think March 19th is just going to -- we're going to have

16  Groundhog's Day here in March.  Thank you.

17          THE COURT:  Thank you.

18          MR. DOUGHERTY:  Good afternoon, Your Honor.  My

19  name is George Dougherty, and I represent certain former

20  officers and directors of the Tribune who are defendants in

21  both the state law fraudulent conveyance actions and also in

22  the adversary actions.

23          Our position is that the stays in the state law

24  fraudulent conveyance actions should remain in place and

25  that the adversary action stay should be extended, and I'll

1  try not to repeat.   I agree with a lot of what Mr.

2  Bendernagel said in JP Morgan's position.   But I do want to

3  give you one more perspective, at least from the individuals

4  that I represent.   And this is an issue that I've raised

5  with you before, and that is that we have certainty with

6  respect to how this bankruptcy process may affect our

7  positions and rights in both the state law fraudulent

8  conveyance actions and also in the adversary action.   And I

9  guess that issue came up most recently in connection with

10  the Bar Order where we sought to make sure that there was a

11  functional and understandable Bar Order that could be

12  applied in the subsequent litigation.   And with your help, I

13  think we're very close to obtaining that goal.   But the

14  issue I have with lifting the stays is that we're still not

15  there yet.   There is no Bar Order at this point that can be

16  applied in subsequent litigation.   There's not even a

17  certainty as to who the universe of Plans may be, and I'm

18  not an expert in bankruptcy, but how I read the Plan,

19  there's at least a possibility that there may be

20  substitutions with plaintiffs and we will not know the

21  answer until you have a Plan that is finally confirmed.   And

22  it's nice to hear the Noteholders say that they appear to

23  think that we're moving towards a final confirmable Plan and

24  that everybody thinks they know what is going to be in that

25  Plan ultimately, but we're still not there.   And until there

1  is a final confirmed Plan, the stays should remain in place.

2              I guess the second related point, and this is

3  something Mr. Bendernagel touched on, is that to the extent

4  you lift the stays in all of these actions, and most people,

5  I think just about everybody, seems to agree it doesn't make

6  sense to just lift the stays in one, in just the state law,

7  as opposed to the adversary action, you change the status

8  quo.  And by doing that, you do undercut, at least from an

9  outsider, the momentum that seems to exist with respect to

10 moving this case towards a final resolution with a final

11 confirmed Plan.  You know, I think Mr. Bendernagel is

12 correct.  Parties get distracted.  Incentives may certainly

13 change.  And again, from an outsider looking in, there have

14 been a lot of unexpected twists and turns in this litigation

15 so far and there just doesn't seem to be any reason to incur

16 that risk given that we're talking just about a few more

17 months until you actually get a final confirmed Plan.

18              So for those reasons and what we put in our

19 brief, Your Honor, our position is that the stays should be

20 extended or remain in place, depending on which is

21 appropriate.  And as far as you reaching out to Judge

22 Holwell, we're fine with that as well.  So thank you for

23 giving me this opportunity to talk to you.

24              THE COURT:  Thank you.

25              MR. MARTIN:  Your Honor, Ross Martin, of Ropes &

1  Gray, representing three of the defendants in these actions.

2  One, interestingly enough, is a private investor, one is a

3  University endowment, and one is actually an individual who

4  has a relatively small amount of stock who's been named in

5  both the shareholder action and the Committee action.  I'll

6  be extremely brief, Your Honor.  We haven't been involved in

7  these proceedings so we have no view on the disruption of

8  the confirmation process or anything else.  And I think I

9  saw Your Honor nod in response to my brother's comments a

10  moment ago.  Our observation as defendants here is that one

11  thing we want to make sure does not get lost in all of this,

12  and maybe attempts to split the baby a little bit between

13  the various sides, is that whatever the result here is, is

14  the stay should be up or down with respect to both actions.

15  The worse result would be to have dissidence between those

16  two.  And just to give a concrete example of that, as my

17  last point, Your Honor, is my client, Marsha Tingley, has

18  been named as a class -- punitive class representative on

19  the defense side in one action and is an individual in the

20  Committee action.  And so if those actions don't go together

21  at the same time for her, she could end up with a difference

22  between trying to carry out duties as a named class

23  representative.  It's the same point I made to the MDL

24  panel.  So our really only interest here is to make sure

25  that those things rise or fall together.  I think I hear

1    everyone saying that but I didn't want that to be lost in

2    the Court's process.  And we have no objection to the Court

3    speaking with Judge Holwell either.

4                THE COURT:  Thank you.  Does anyone else present

5    in the Courtroom wish to be heard?

6                MR. GREY:  Your Honor, very briefly, Joseph Grey

7    from Cross & Simon.  We filed an objection on behalf of the

8    Winterthur Museum.  Your Honor, the only -- I'm not going to

9    repeat anything anyone said and I know Your Honor has read

10   our objections, we just wanted to indicate we have no

11   objection to you contacting Judge Holwell either.

12               THE COURT:  All right.  Thank you.

13               MR. GREY:  Thank you.

14               THE COURT:  All right.  Does anyone else on the

15   phone connection wish to be heard?

16               MR. WALSH:  Your Honor, Michael Walsh, from Weil

17   Gotshal on behalf of Morgan Stanley.

18               THE COURT:  Go ahead.

19               MR. WALSH:  The other parties have made the

20   points that we've made in our paper, so we just wanted to

21   say that we also have no objection to your contacting the

22   District Court.

23               THE COURT:  Thank you.  Anyone else wish to be

24   heard?

25               MR. HEILIGMAN:  Good afternoon, Your Honor.  Reed

1   Heiligman on behalf of certain current and former Tribune

2   employees, their spouses, and their trusts.  I want to keep

3   this brief.  My clients are defendants in the state law

4   constructive fraudulent conveyance actions pending in front

5   of Judge Holwell.  We joined in the FitzSimons Objection to

6   the Noteholder Lift Stay Motion.  And for the reasons stated

7   in that objection, and for the reasons stated on the record

8   by Mr. Dougherty, we urge the Court to deny the Noteholder's

9   Lift Stay Motion.  Thank you.

10              THE COURT:  Thank you.  Does anyone else wish to

11  be heard?

12                    (No audible response)

13              THE COURT:  Okay.  Let me just ask this.  If at

14  some point I do grant the relief that's been requested, does

15  anyone have an objection to the language that Merrill Lynch

16  has suggested in its statement be included in any Order?

17  Mr. Zensky?

18              MR. ZENSKY:  Yes, Your Honor.  I have the

19  language in front of me and I have not compared it to the

20  language that was in the original April 25th Order, but

21  conceptually, we don't object to carrying forward the

22  provisos and caveats that were contained in that Order.

23              THE COURT:  All right.  Anyone else wish to be

24  heard on that?

25                    (No audible response)

1          THE COURT:  All right.  I hear no further

2  response.

3          All right.  Look, my intention is to call the

4  District Court Judge, and shortly thereafter, to resolve the

5  Motions that are before me today and it's likely I would do

6  that either by asking the parties to join in a conference

7  telephone call, or at the latest, at our next scheduled

8  hearing, which I think is February 15th.  So I do wish to

9  resolve this one way or the other in a relatively short

10  period of time.  I tend to agree that resetting the issue

11  for further discussion in March simply invites the same

12  exercise, more heat with very little light.  That's not a

13  criticism.  Okay.  Are there any questions?  Is there

14  anything further for today?

15                    (No audible response)

16          THE COURT:  Thank you all very much.  That

17  concludes this hearing.  Court will stand adjourned.

18   (Whereupon, at 2:45 p.m., the hearing was adjourned.)

19                    CERTIFICATION

20          I certify that the foregoing is a correct

21  transcript from the electronic sound recording of the

22  proceedings in the above-entitled matter.

23

24
25  _____          3 February 2012
26  Tammy Kelly, Transcriber                      Date
27

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**a.m**(1) 1:15

**aberdeen**(1) 11:7

**abeyance**(1) 19:22

**ability**(4) 12:16 13:11 32:25 56:17

**able**(5) 17:14 30:20 37:1 40:12 46:7

**about**(32) 15:24 17:1 27:10 28:9 30:25
31:4 31:8 36:22 38:6 38:6 38:14 38:18
38:19 39:7 40:3 40:18 40:23 42:17 44:11
44:11 45:23 46:25 50:5 51:3 51:9 51:11
51:12 53:24 57:11 57:24 60:5 60:16

**aboveentitled** (1) 64:22

**abrams**(1) 4:15

**absolutely**(1) 56:7

**accept**(4) 21:12 31:10 32:3 33:3

**acceptable**(1) 12:18

**accepting**(1) 32:10

**accomplish**(2) 34:23 43:9

**accomplished**(1) 42:3

**accounts**(1) 53:3

**accurate**(1) 26:7

**accurately**(1) 15:18

**acknowledgment**(1) 19:20

**act**(1) 51:14

**action**(26) 13:1 14:7 20:23 24:1 29:22
31:16 31:17 31:24 32:6 32:9 32:15 32:18
32:23 33:6 33:11 34:12 36:1 36:7 56:6
58:25 59:8 60:7 61:5 61:5 61:9 61:20

**actions**(33) 17:8 18:12 18:15 18:16 22:10
23:3 23:15 24:1 24:9 33:23 33:25 34:13
34:16 36:4 39:10 39:11 39:15 39:16 42:11
54:10 54:14 55:6 55:18 55:25 58:21
58:22 58:24 59:8 60:4 61:1 61:14 61:20
63:4

**activated**(1) 43:22

**active**(2) 36:19 37:9

**activity**(4) 50:3 52:15 52:16 52:19

**actually**(8) 17:15 33:25 53:17 54:9 57:13
57:20 60:17 61:3

**adam**(1) 2:18

**adamantly**(1) 29:12

**addition**(2) 18:24 42:9

**additional**(2) 19:1 28:1

**address**(7) 20:7 21:21 24:3 25:17 34:10
39:6 40:23

**addressed**(2) 20:5 22:13

**adelman**(1) 9:23

**adjourned**(2) 64:17 64:18

**adjudicate**(1) 51:23

**adjustment**(1) 43:23

**administer**(1) 55:9

**administered**(1) 1:6

**administering**(1) 55:8

**admission**(1) 45:13

**advanced**(1) 22:15

**adversary**(7) 14:9 14:25 31:11 58:22
58:25 59:6 60:7

**advocate**(1) 36:5

**advocating**(1) 43:1

**affect**(2) 58:8 59:6

**after**(15) 12:15 12:23 14:5 16:10 16:19
16:20 19:11 19:12 22:8 27:11 29:15 33:4
37:6 37:6 40:16

**afternoon**(9) 12:3 12:4 15:9 17:3 23:10
49:7 54:5 58:18 62:25

**again**(13) 18:20 23:10 23:22 29:16 30:22
32:5 39:17 40:20 53:21 55:14 57:12 57:16
60:13

**against**(8) 20:23 29:18 29:23 29:24 31:13
40:17 50:21 57:6

**aggressive**(1) 36:10

**ago**(3) 43:12 51:21 61:10

**agree**(10) 16:18 20:13 24:9 33:18 42:23
45:3 49:17 59:1 60:5 64:10

**agreed**(2) 33:13 55:23

**agreement**(2) 3:19 19:21

**agreements**(1) 58:5

**agricole**(2) 9:49 10:1

**ahead**(2) 12:9 62:18

**akin**(5) 2:43 8:41 9:27 15:10 23:11

**alexander**(2) 9:1 9:2

**all**(40) 13:7 15:5 17:2 17:17 21:9 21:20
22:8 22:25 23:7 23:9 26:19 29:22 30:17
31:23 33:17 34:9 35:18 36:23 37:14 40:23
41:2 41:16 41:21 42:24 42:24 52:21 55:17
57:8 57:10 57:11 57:16 57:18 60:4 61:11
62:12 62:14 63:23 64:1 64:3 64:16

**allinson**(1) 2:10

**allison**(1) 6:12

**allocation**(12) 25:22 37:10 37:15 41:5 41:6
41:16 41:21 41:25 42:5 43:15 51:23 54:25

**allow**(2) 13:17 54:1

**allowed**(1) 54:2

**alluded**(1) 27:16

**almost**(1) 14:25

**along**(3) 17:17 34:22 36:3

**already**(9) 18:25 22:1 22:13 26:18 26:24
26:25 28:3 44:4 52:24

**also**(15) 12:12 15:25 22:7 26:25 31:6
39:10 49:12 49:22 52:7 52:11 53:6 53:7
58:21 59:8 62:21

**alternative**(2) 48:5 48:6

**although**(2) 13:20 30:10

**alvarez**(1) 7:14

**always**(2) 21:16 46:10

**amended**(2) 33:5 48:1

**america**(2) 6:29 6:35

**americas**(1) 4:23

**among**(4) 28:14 35:1 49:23 53:18

**amount**(4) 51:22 57:12 58:14 61:4

**and**(301) 5:2 8:25 10:10 10:15 10:20 12:6
12:7 12:14 12:15 12:17 13:14 14:4 14:8
14:10 14:20 14:23 15:1 15:17 15:24 16:4
16:5 16:11 16:14 16:15 16:20 16:25 17:1
17:6 17:8 17:9 17:25 18:1 18:1 18:4 18:7
18:8 18:8 18:16 18:18 18:21 19:22 19:16
19:23 20:4 20:5 20:10 20:12 20:13 20:21
20:25 20:25 21:3 21:5 21:10 21:16 21:23
21:25 22:5 22:8 22:17 22:20 22:25 23:3
23:4 23:6 23:7 23:14 23:16 23:16 23:23
23:24 24:7 24:7 24:9 24:11 24:15 24:16
24:18 24:20 25:3 25:6 25:9 25:20 25:22
25:25 26:1 26:12 26:21 27:5 27:6 27:10
27:13 27:13 27:14 27:14 27:15 27:18
27:21 28:6 28:10 28:13 28:14 28:17 28:20
28:21 28:23 29:3 29:7 29:7 29:8 29:16
29:17 29:21 29:23 29:23 29:24 30:7 30:8
30:23 31:6 31:9 31:14 31:16 31:17 31:18
31:20 31:23 31:25 32:2 32:4 32:4 32:6
32:12 32:13 32:14 32:16 32:18 32:20
32:21 33:4 33:6 33:8 33:12 33:13 33:15
33:22 33:22 34:3 34:6 34:8 34:12 34:17
34:19 34:21 35:2 35:6 35:16 35:19 36:1
36:4 36:5 36:9 36:16 36:20 36:21 36:25
36:25 37:10 37:12 37:24 38:1 38:4 38:6
38:13 38:15 38:21 38:24 39:3 39:4 39:8
39:14 40:1 40:2 40:14 40:16 40:21 40:22
41:1 41:5 41:8 42:3 42:5 42:21 42:24
42:24 42:25 43:8 43:9 43:14 43:17 43:22
44:1 44:3 44:5 44:5 44:6 44:7 44:8 44:9
44:12 44:13 45:6 45:11 45:18 45:24 45:25
46:1 46:1 46:4 46:16 46:16 46:17 46:19
46:22 46:24 46:25 47:3 47:7 47:12 47:17
47:20 47:21 47:25 48:2 48:9 48:10 48:15
48:15 49:3 49:4 49:12 49:13 49:15 49:17
49:20 49:20 49:21 49:22 49:25 50:2 50:3
50:4 50:4 50:8 50:15 50:16 50:19 50:20
50:22 50:23 50:24 51:4 51:5 51:12 51:13
51:14 51:15 51:19 51:23 52:3 52:13 52:21
52:24 53:1 53:6 53:8 53:13 53:25 54:1
54:12 54:13 54:13 54:15 54:16 54:17 55:1
55:4 55:7 55:8 55:10 55:10 55:16 55:22
55:25 56:1 56:3 56:7 56:12 56:17 57:2
57:2

**and**(50) 57:3 57:3 57:4 57:4 57:7 57:18
58:1 58:4 58:19 58:20 58:21 58:24 58:25
59:4 59:5 59:7 59:8 59:8 59:11 59:12
59:17 59:20 59:21 59:23 59:25 60:2 60:4
60:8 60:13 60:14 60:15 60:18 60:21 61:3
61:5 61:8 61:12 61:16 61:19 61:20 62:2
62:9 63:1 63:2 63:6 63:7 63:19 63:22
64:4 64:5

**anderson**(1) 3:21

**andrew**(2) 5:35 5:36

**another**(7) 18:22 25:23 28:10 39:23 44:20
54:24 55:15

**answer**(9) 12:21 15:12 20:1 27:12 28:25
35:15 46:2 46:20 59:21

**answered**(2) 24:4 31:3

**answers**(1) 45:6

**anticipated**(1) 44:15

**any**(25) 14:11 17:23 19:9 20:2 20:18
20:18 20:19 22:4 22:14 22:15 23:8 24:13
25:14 30:11 34:16 34:18 40:24 50:5 50:10
50:12 50:14 53:10 60:15 63:16 64:13

**anybody's**(1) 19:25

**anymore**(1) 25:8

**anyone**(9) 21:5 51:9 62:4 62:9 62:14
62:23 63:10 63:15 63:23

**anything**(6) 49:5 51:17 56:5 61:8 62:9
64:14

**anyway**(1) 26:10

**appear**(2) 40:4 59:22

**appearances**(1) 5:23

**applicants**(1) 24:8

**application**(4) 23:17 34:22 36:2 38:4

**applied**(2) 59:12 59:16

**apply**(1) 44:13

**appreciate**(1) 26:11

**approach**(2) 12:7 54:16

**appropriate**(3) 28:21 38:4 60:21

**appropriately**(2) 38:9 40:21

**approved**(2) 30:7 32:11

**april**(7) 17:12 23:13 23:18 23:18 33:22
55:17 63:20

**arban**(2) 3:43 3:44

**are**(81) 12:11 13:1 14:10 14:19 14:20 15:6
16:19 17:7 17:25 18:10 18:19 19:11 22:3
22:14 22:17 22:22 23:22 23:23 24:11
25:22 27:16 27:19 29:11 30:18 31:5 31:12
31:13 31:14 31:17 31:19 31:23 31:24 32:1
32:5 32:7 32:8 32:14 32:18 33:11 33:23
35:23 36:17 36:17 36:22 37:7 38:3 38:6
39:6 40:23 41:17 43:17 44:15 44:16 45:13
45:18 45:21 45:23 47:21 49:4 50:3 50:18
50:19 50:21 51:5 51:8 52:14 52:18 52:24
53:3 54:10 54:24 56:9 56:25 57:5 58:2
58:10 58:10 58:20 63:3 64:5 64:13

**aren't**(2) 15:4 58:4

**argued**(1) 18:5

**argues**(1) 43:22

**argument**(2) 22:25 35:14 36:6 38:10

**arguments**(3) 18:19 49:15 50:11

**around**(1) 57:2

**arrives**(1) 27:3

**arrowgrass**(2) 6:39 6:40

**arthur**(1) 11:4

**articulate**(1) 51:17

**artis**(1) 4:14

**ashley**(1) 5:26

**ask**(4) 21:3 21:24 27:2 63:13

**asked**(5) 28:17 33:19 43:18 47:22 47:22

**asking**(5) 17:21 45:22 57:5 57:6 64:6

**asserted**(1) 47:22

**assertion**(2) 16:19 31:10

**assertions**(1) 31:3

**assessment**(1) 47:17

**asset**(3) 8:14 8:15 10:41

**assume**(1) 19:3

**assumed**(1) 34:6

**assuming**(2) 25:19 34:25

**assure**(1) 53:1

**attached**(1) 15:15

**attempts**(1) 61:12

**attention**(1) 45:19

**attribute**(1) 26:4

**attributed**(1) 24:8

**audible**(3) 63:12 63:25 64:15

**augment**(1) 36:25

**aurelius**(12) 2:42 7:9 7:10 8:40 9:22
12:16 13:20 14:19 15:10 23:12 23:23
24:14

**aurelius'**(1) 12:13

**austin**(2) 1:23 6:9

**automatic**(1) 48:14

**automatically**(1) 19:6

**available**(2) 40:5 49:4

**avenue**(7) 1:33 2:6 3:4 3:39 4:23 4:35

**avoid**(1) 40:13

**avoiding**(1) 37:2

**aware**(4) 37:8 39:15 54:22 54:23

**away**(2) 22:18 45:19

**awkwardness**(1) 42:22

**baby**(1) 61:12

**bacher**(1) 9:6

**back**(8) 15:23 17:1 25:19 30:4 42:14 55:4
55:16 57:10

**backwards**(1) 38:17

**bad**(1) 57:22

**balance**(5) 36:15 38:8 40:17 40:20 51:7

**balancing**(2) 51:6 51:14

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **bale**(1) 8:37 | | **blake**(1) 3:31 | | **cases**(27) 14:10 17:19 18:25 19:13 20:12 | | **committee**(48) 2:16 5:24 9:44 12:14 12:17 |
| **banc**(2) 2:4 8:30 | | **block**(1) 10:37 | | 21:25 22:6 22:22 23:8 24:14 24:15 25:14 28:8 | | 13:10 13:10 13:14 14:6 15:16 15:18 15:18 |
| **bank**(6) 6:29 6:35 8:24 8:45 8:46 10:21 | | **board**(1) 9:45 | | 29:14 31:12 31:12 31:17 32:20 32:22 | | 15:20 15:25 16:7 17:1 22:9 26:21 26:22 |
| **bankruptcy**(14) 1:1 1:20 16:10 18:7 38:18 | | **bockius**(1) 8:30 | | 32:25 40:23 43:22 45:20 49:19 50:15 52:5 | | 27:22 27:23 28:17 29:8 29:20 29:21 31:16 |
| 39:9 39:12 40:11 40:9 43:8 56:12 58:6 | | **boelter**(1) 6:10 | | 57:2 58:11 | | 31:25 32:4 32:13 33:12 33:14 34:4 34:4 |
| 59:6 59:18 | | **both**(13) 12:16 27:5 31:16 36:9 36:17 | | | | 34:20 35:5 35:14 35:18 35:23 36:15 36:24 |
| | | 39:2 42:4 42:6 49:11 58:21 59:7 61:5 | | **categories**(1) 21:23 | | 37:3 37:19 40:11 42:25 52:18 57:8 61:5 |
| **bar**(3) 59:10 59:11 59:15 | | 61:14 | | **category**(1) 46:13 | | 61:20 |
| **barker**(1) 3:39 | | **bound**(1) 19:25 | | **cause**(1) 32:23 | | **committees**(1) 20:25 |
| **barnes**(1) 2:36 | | **bove**(1) 5:2 | | **causes**(6) 31:24 32:5 32:9 32:15 32:18 | | **committee's**(17) 13:4 14:9 15:16 16:6 16:7 |
| **based**(4) 29:22 37:21 38:2 50:15 | | **boy**(1) 32:8 | | **caveats**(1) 63:22 | | 16:22 24:1 27:1 27:9 28:3 28:6 29:3 |
| **basic**(1) 46:14 | | **brady**(1) 8:11 | | **cede**(2) 12:21 23:7 | | 37:13 37:21 41:11 45:16 48:3 |
| **basically**(3) 44:23 46:22 48:6 | | **breath**(1) 27:13 | | **centralization**(1) 39:9 | | |
| **baskin**(2) 3:37 54:6 | | **brett**(1) 6:13 | | **cents**(1) 57:1 | | **common**(2) 8:29 53:24 |
| **battle**(1) 18:14 | | **brevity**(1) 17:14 | | **certain**(6) 5:1 18:10 18:14 20:24 58:19 | | **communicating**(1) 29:2 |
| **bayliss**(1) 4:15 | | **brian**(2) 3:44 9:33 | | **certainly**(8) 15:14 23:14 26:12 41:15 48:5 | | **communication**(2) 48:20 53:10 |
| **bear**(2) 49:10 53:15 | | **bridge**(1) 41:14 | | 49:21 53:11 60:12 | | **company**(5) 1:8 4:33 8:20 11:12 49:3 |
| **became**(1) 23:13 | | **brief**(8) 13:10 20:7 31:10 45:15 45:16 | | | | **compared**(1) 63:19 |
| **because**(16) 13:16 15:21 18:14 25:5 31:15 | | 60:19 61:6 63:3 | | **certainty**(2) 59:5 59:17 | | **compelling**(1) 23:20 |
| 33:11 33:25 45:7 46:19 47:4 48:9 48:18 | | | | **certification**(1) 64:19 | | **compensation**(1) 7:2 |
| 48:23 51:20 56:8 58:12 | | **briefly**(2) 21:21 62:6 | | **certify**(1) 64:20 | | **competing**(15) 19:23 20:9 24:10 24:23 |
| | | **briefs**(2) 20:10 43:17 | | **chadbourne**(2) 2:23 5:25 | | 25:8 25:23 29:17 30:3 36:16 38:9 40:21 |
| **become**(1) 36:18 | | **bring**(2) 32:16 53:15 | | **chambers**(1) 19:2 | | 44:12 44:24 45:5 47:25 |
| **becomes**(3) 14:18 34:7 47:5 | | **bringing**(2) 24:22 57:24 | | **change**(5) 19:24 26:9 49:24 60:7 60:13 | | |
| **been**(26) 19:24 21:22 25:21 26:10 26:18 | | **brings**(1) 49:10 | | **chaos**(1) 44:16 | | **complaint**(3) 19:9 25:2 25:3 |
| 30:14 30:15 32:11 35:16 43:6 43:7 43:9 | | **broadway**(1) 4:10 | | **chapter**(4) 1:8 30:16 46:11 49:18 | | **complaints**(1) 52:8 |
| 49:19 50:1 52:19 52:20 53:22 54:16 55:1 | | **brother's**(1) 61:9 | | **chase**(2) 3:1 7:31 | | **complaint"**(1) 25:12 |
| 55:5 57:23 60:14 61:4 61:6 61:18 63:14 | | **brought**(1) 29:15 | | **checkbook**(1) 32:20 | | **complete**(3) 37:15 38:15 47:25 |
| | | **brown**(2) 4:1 10:25 | | **chicago**(5) 1:27 4:36 5:11 7:22 7:23 | | **completed**(2) 41:6 43:12 |
| **befall**(1) 51:8 | | **bryan**(1) 6:15 | | **christine**(1) 8:21 | | **completeness**(1) 53:7 |
| **before**(31) 1:19 17:20 17:24 18:5 19:17 | | **bryant**(1) 2:46 | | **christpher**(1) 10:43 | | **completing**(1) 19:23 |
| 20:20 20:21 22:6 22:18 23:1 23:5 27:17 | | **building**(1) 41:13 | | **chung**(1) 6:36 | | **completion**(3) 19:22 24:10 26:2 |
| 30:18 35:14 36:8 38:7 38:13 39:8 39:10 | | **burdensome**(1) 55:9 | | **cigna**(1) 9:14 | | **complex**(1) 53:2 |
| 39:14 39:21 39:25 49:12 51:6 51:20 52:5 | | **burt**(1) 9:14 | | **circumstance**(2) 25:17 44:22 | | **complexity**(1) 52:25 |
| 52:13 53:22 55:19 59:5 64:5 | | **bush**(1) 5:34 | | **circumstances**(6) 26:9 37:8 37:21 38:2 | | **complicated**(1) 49:16 |
| | | **bussed**(1) 23:1 | | 38:17 53:15 | | **conaway**(1) 3:30 |
| **begin**(5) 27:18 29:21 32:25 37:4 44:10 | | **but**(54) 12:19 12:22 14:25 15:11 16:4 | | | | **conceptually**(1) 63:21 |
| **beginning**(2) 38:21 55:8 | | 18:10 18:17 19:14 19:25 20:7 20:17 21:14 | | **cite**(1) 20:14 | | **concern**(7) 21:24 39:18 40:18 42:9 42:24 |
| **begins**(1) 51:10 | | 22:23 24:5 25:16 26:3 27:24 28:12 30:13 | | **citigroup**(1) 7:44 | | 44:7 46:20 |
| **behalf**(5) 43:6 51:1 62:7 62:17 63:1 | | 31:1 32:15 35:7 35:23 40:4 41:10 41:18 | | **claim**(1) 54:9 | | |
| **behind**(3) 18:10 54:23 57:25 | | 43:11 44:6 46:11 47:6 47:8 47:21 49:23 | | **claims**(25) 14:19 15:3 18:20 18:21 25:3 | | **concerned**(7) 28:13 31:8 36:18 36:22 |
| **being**(10) 21:25 22:15 27:22 35:21 36:10 | | 50:1 51:1 51:3 51:13 52:16 52:19 53:21 | | 25:12 29:18 29:24 31:25 32:7 33:12 34:10 | | 46:25 47:10 47:21 |
| 43:22 55:12 55:13 63:48 | | 54:20 54:22 55:3 55:15 55:21 56:13 56:25 | | 34:21 35:4 35:10 35:22 35:25 36:23 44:18 | | |
| | | 58:8 59:2 59:13 59:18 59:25 62:1 63:20 | | 50:17 52:13 53:16 56:24 56:25 58:9 | | **concerns**(5) 36:16 36:17 38:10 40:21 47:13 |
| **believe**(24) 14:4 14:13 16:11 22:14 31:9 | | | | | | **conclude**(3) 33:8 53:13 54:20 |
| 33:12 34:16 34:20 36:10 36:24 37:3 40:15 | | **cadwalader**(1) 8:25 | | **clarified**(1) 19:5 | | **concluded**(2) 26:14 37:7 |
| 47:14 49:22 49:23 50:1 50:16 51:1 51:4 | | **california**(1) 9:36 34:1 34:2 | | **clarifying**(1) 48:17 | | **concludes**(1) 64:17 |
| 53:20 53:25 56:22 56:23 56:24 | | **call**(4) 21:6 21:12 64:3 64:7 | | **clarity**(1) 57:13 | | **conclusory**(1) 31:3 |
| | | **calls**(1) 21:16 | | **class**(3) 61:18 61:18 61:22 | | **concrete**(2) 56:21 61:16 |
| **believes**(5) 37:3 38:2 39:19 40:7 40:11 | | **came**(3) 24:11 25:19 59:9 | | **cleanest**(1) 15:2 | | **condition**(1) 48:14 |
| **belknap**(2) 9:31 9:32 | | **can**(16) 18:21 21:22 38:4 38:5 40:3 45:23 | | **clear**(10) 14:8 15:4 17:17 18:9 20:11 22:7 | | **conditional**(5) 13:12 13:15 16:8 16:17 |
| **bendernagel**(18) 1:24 12:4 12:5 12:10 | | 46:15 48:21 51:3 51:12 52:5 53:9 54:17 | | 24:5 26:12 43:6 55:19 | | **conduct**(3) 17:24 17:25 54:21 |
| 12:20 12:23 13:4 36:10 43:5 43:45 45:7 | | 54:20 57:13 59:15 | | | | **confer**(1) 56:13 |
| 45:11 46:14 47:10 47:11 59:2 60:3 60:11 | | | | **clearly**(3) 18:18 43:10 48:16 | | **conference**(3) 19:8 27:13 64:6 |
| | | **cantigny**(1) 8:2 | | **cleary**(1) 3:31 | | **confirm**(2) 26:17 33:9 |
| **beneficiary**(1) 23:15 | | **cantor**(1) 6:31 | | **client**(3) 49:10 51:1 61:17 | | **confirmable**(2) 25:20 59:23 |
| **benefits**(1) 47:18 | | **can't**(4) 28:4 44:10 47:2 55:21 | | **clients**(4) 52:4 55:10 56:15 63:3 | | **confirmation**(53) 17:9 18:13 18:17 19:11 |
| **benson**(3) 4:7 8:20 17:4 | | **capital**(11) 2:42 4:14 6:39 6:40 7:9 7:10 | | **close**(2) 18:9 59:13 | | 19:24 20:3 22:16 22:19 25:21 26:2 26:20 |
| **bentley**(1) 9:11 | | 7:40 8:36 8:36 8:40 9:22 | | **closely**(1) 12:11 | | 30:8 30:21 31:7 36:20 37:2 37:7 37:9 |
| **best**(8) 12:7 12:21 13:5 13:6 15:2 18:19 | | | | **closer**(1) 51:25 | | 37:18 37:23 38:6 38:22 39:2 40:9 40:14 |
| 30:20 31:21 | | **carefully**(1) 50:8 | | **cobb**(1) 2:16 | | 40:16 41:10 42:2 42:8 42:12 42:15 44:3 |
| | | **carey**(2) 1:19 56:10 | | **cole**(1) 1:30 | | 46:17 48:7 48:22 49:21 49:25 50:4 50:6 |
| **beth**(1) 10:34 | | **caridas**(1) 5:35 | | **colorable**(1) 23:20 | | 50:11 50:20 51:2 51:5 51:15 51:22 52:3 |
| **better**(3) 44:2 48:2 48:5 | | **carlyle**(1) 2:4 | | **come**(4) 17:1 19:15 21:4 53:23 | | 53:20 54:1 55:22 56:18 58:2 58:13 61:8 |
| **between**(18) 23:6 35:16 36:16 37:11 39:8 | | **carol**(1) 8:37 | | **comes**(3) 28:17 48:7 49:21 | | |
| 39:11 39:14 39:25 41:8 47:7 48:11 49:25 | | **carras**(1) 7:28 | | **comfortable**(1) 53:16 | | **confirmed**(16) 20:12 24:15 25:5 25:15 |
| 50:4 55:4 56:4 61:12 61:15 61:22 | | **carry**(1) 61:22 | | **coming**(1) 53:16 | | 26:6 26:19 30:6 30:19 44:20 44:21 44:22 |
| | | **carrying**(1) 63:21 | | **commence**(2) 40:12 40:18 | | 56:24 59:21 60:1 60:11 60:17 |
| **beyond**(3) 26:1 37:25 43:2 | | **case**(56) 1:5 7:18 16:2 16:14 16:19 19:8 | | **commenced**(4) 17:8 23:16 33:23 55:14 | | |
| **bifferato**(1) 3:15 | | 21:1 21:25 22:4 26:24 27:3 27:21 28:20 | | **commencement**(3) 39:20 54:14 55:7 | | **confirming**(1) 17:16 |
| **big**(1) 44:11 | | 28:7 28:14 28:20 28:22 29:4 29:10 29:15 | | **comment**(1) 33:9 | | **confusion**(1) 28:14 |
| **bigalow**(1) 7:35 | | 29:15 30:2 30:16 30:18 30:23 33:12 33:15 | | **comments**(3) 24:7 24:19 61:9 | | **connection**(4) 20:10 54:25 59:9 62:15 |
| **biggest**(1) 46:20 | | 33:16 34:1 34:4 34:4 34:7 34:17 35:6 | | | | **connelly**(1) 5:2 |
| **billable**(1) 57:10 | | 35:9 35:23 38:17 38:20 39:22 43:7 46:8 | | | | **consent**(3) 34:21 36:1 36:2 |
| **bilus**(2) 9:1 9:2 | | 47:8 54:14 54:19 55:8 55:9 56:6 56:12 | | | | **consequence**(1) 46:16 |
| **bingham**(1) 9:18 | | 56:16 56:17 56:19 56:21 58:6 58:8 58:10 | | | | **consider**(2) 13:25 18:8 |
| **bit**(6) 32:14 41:4 47:8 51:19 52:25 61:12 | | 60:10 | | | | **consideration**(1) 20:5 |
| **blabey**(1) 5:41 | | | | | | **considered**(1) 38:5 |
| | | | | | | **consignment**(1) 13:1 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| consistent(2) 37:1 40:13 | | credit(4) 3:29 9:49 10:1 10:6 | | denying(1) 17:9 | | dollar(1) 57:1 | |
| constitutes(1) 33:21 | | creditor(2) 25:2 25:6 25:12 | | depending(3) 30:5 44:20 60:20 | | dominion(1) 10:33 | |
| constructive(3) 17:7 44:18 63:4 | | creditors(5) 2:17 5:25 31:19 31:23 33:23 | | depositions(1) 57:24 | | don(1) 4:34 | |
| consulted(2) 12:6 12:7 | | creditor's(1) 24:25 | | derail(1) 22:16 | | done(10) 22:17 37:11 42:8 44:5 45:16 | |
| consummated(2) 24:24 25:11 | | criticism(1) 64:13 | | describe(2) 45:14 46:10 | | 46:17 47:19 50:23 51:17 55:16 | |
| contact(1) 35:19 | | cross(2) 4:39 62:7 | | described(1) 35:25 | | | |
| contacting(2) 62:11 62:21 | | cuervo(1) 9:15 | | desire(3) 40:13 40:18 48:24 | | don't(34) 13:24 19:25 20:17 21:7 21:11 | |
| contained(1) 63:22 | | current(5) 14:23 17:11 20:19 29:11 63:1 | | determination(1) 18:19 | | 22:21 23:19 28:21 31:7 31:9 32:16 34:16 | |
| contemplate(1) | | cut(1) 58:4 | | determine(3) 30:20 47:17 48:13 | | 36:12 41:17 42:24 44:7 46:1 46:2 46:17 | |
| contemplated(1) 34:20 | | | | deutsch(1) 2:24 | | 46:19 46:25 47:14 47:18 49:5 51:9 51:16 | |
| contemplated(1) 20:16 | | dan(1) 2:17 | | dewey(1) 1:39 | | 53:5 55:22 56:3 57:8 57:20 58:11 61:20 | |
| contemplates(1) 35:24 | | dandy(1) 47:20 | | dialog(1) 53:11 | | 63:21 | |
| contentiousness(2) 54:13 54:22 | | daniel(3) 2:45 6:31 6:32 | | diamond(1) 6:6 | | door(3) 18:8 18:9 18:11 | |
| contested(1) 29:17 | | data(1) 1:39 | | diaz(1) 1:39 | | doubt(2) 24:2 53:5 | |
| contigny(1) 5:16 | | date(11) 13:23 13:24 13:25 14:1 14:3 14:5 | | dictate(1) 28:9 | | dougherty(4) 5:9 58:18 58:19 63:8 | |
| continuation(2) 39:19 54:20 | | 14:5 41:17 48:12 50:24 64:26 | | dictated(1) 33:24 | | douglas(2) 2:24 10:38 | |
| continue(5) 23:21 44:25 53:17 53:19 58:1 | | | | did(15) 17:15 19:4 23:3 23:3 23:4 24:19 | | down(8) 32:14 35:8 41:18 42:10 43:14 | |
| continued(2) 2:2 51:8 | | dates(1) 43:13 | | 26:22 29:13 29:19 33:10 44:12 50:9 50:10 | | 44:14 46:16 61:14 | |
| control(1) 34:8 | | dave(1) 6:22 | | 50:12 55:23 | | | |
| controversial(2) 17:15 49:18 | | david(9) 2:37 2:44 5:29 5:41 6:11 6:41 | | | | drain(1) 45:18 | |
| convenes(1) 16:4 | | 10:22 15:9 23:11 | | didn't(3) 25:14 35:11 62:1 | | drive(1) 5:10 | |
| conveyance(5) 17:8 58:21 58:24 59:8 63:4 | | | | differ(1) 36:11 | | dropped(1) 45:1 | |
| coordinate(5) 22:6 22:10 23:22 24:1 33:16 | | davidson(1) 6:1 | | difference(1) 61:21 | | duane(1) 5:16 | |
| coordinated(3) 21:25 22:6 48:21 | | davis(3) 3:1 7:31 49:8 | | different(6) 13:20 42:20 42:21 44:9 47:11 | | dublin(1) 8:42 | |
| coordination(6) 22:3 23:24 39:7 39:11 | | day(9) 9:45 22:4 27:19 44:17 57:15 57:15 | | 53:15 | | due(1) 43:17 | |
| 39:14 53:12 | | 58:16 | | | | dunn(1) 6:41 | |
| | | days(2) 16:17 57:14 | | difficulty(1) 47:6 | | duration(1) 51:9 | |
| corporation(1) 7:40 | | dbtca(1) 4:27 | | dilemma(3) 55:16 55:17 55:21 | | during(2) 30:16 43:21 | |
| correct(8) 14:14 15:1 15:25 24:8 52:21 | | dcl(9) 14:24 15:5 20:11 30:9 32:3 44:4 | | directed(1) 26:24 | | duties(1) 61:22 | |
| 53:25 60:12 64:20 | | 44:20 52:1 53:13 | | direction(1) 46:7 | | dynamic(4) 49:24 52:9 | |
| | | | | directors(4) 5:1 9:45 10:15 58:20 | | d'agostino(2) 9:18 9:19 | |
| corrected(1) 25:19 | | deal(4) 22:24 44:5 44:11 56:22 | | disagree(1) 57:7 | | | |
| corroon(1) 3:21 | | deals(1) 58:4 | | disclosure(2) 41:20 43:25 | | earlier(1) 43:15 | |
| could(12) 20:18 22:2 22:16 23:19 28:14 | | dealt(1) 44:19 | | discovery(9) 22:18 31:4 32:22 43:16 50:13 | | early(1) 37:12 | |
| 34:9 35:15 46:9 46:12 48:16 59:11 61:21 | | dearborn(1) 1:26 | | 50:14 55:3 55:3 57:24 | | ecf(1) 24:17 | |
| | | debate(1) 51:3 51:12 53:18 | | | | ecro(1) 1:37 | |
| counsel(9) 12:13 12:13 13:9 20:25 21:1 | | debenture(4) 4:7 8:19 17:5 17:6 | | discretion(1) 17:13 | | effect(2) 13:18 51:20 | |
| 35:2 35:5 35:17 36:20 | | debenture's(1) 12:13 | | discussed(6) 26:24 27:1 35:22 41:19 53:21 | | effectuate(1) 35:9 | |
| count(1) 57:9 | | debtor(4) 6:9 19:18 29:20 43:6 | | 53:22 | | egi-trb(1) 10:37 | |
| counter(1) 48:16 | | debtors(13) 1:12 1:21 12:5 12:21 24:15 | | discussion(2) 35:16 64:11 | | eight(1) 14:20 | |
| couple(7) 12:19 14:19 15:3 35:15 35:22 | | 26:4 29:7 30:25 31:20 33:5 36:17 45:21 | | discussions(2) 35:1 57:23 | | either(10) 26:17 32:1 34:21 36:1 37:4 | |
| 43:12 47:19 | | 56:23 | | dismiss(1) 32:22 | | 56:4 57:19 62:3 62:11 64:6 | |
| | | debtors'(8) 24:6 29:6 31:15 31:20 32:3 | | dispose(2) 14:2 14:4 | | | |
| course(11) 15:25 16:20 20:4 23:23 25:16 | | 32:12 33:3 43:7 | | dispute(6) 14:11 44:2 48:11 50:16 54:25 | | elden(2) 5:8 10:16 | |
| 25:20 28:21 29:1 30:16 54:2 54:21 | | | | 55:1 | | eldersveld(1) 6:22 | |
| | | december(1) 39:15 | | | | elected(1) 44:25 | |
| court(141) 1:1 12:3 12:9 12:19 12:25 13:7 | | dechert(1) 9:1 | | disputes(16) 25:22 25:24 37:10 37:15 41:5 | | electronic(2) 1:45 64:21 | |
| 13:13 13:17 13:25 14:8 14:15 14:22 15:7 | | decide(6) 12:23 13:18 37:5 37:25 38:14 | | 41:7 41:17 41:22 42:1 42:5 42:21 43:15 | | elliot(3) 3:2 49:8 | |
| 15:12 15:14 15:17 15:21 16:10 16:12 | | 38:25 | | 50:1 50:2 50:3 51:23 | | else(6) 61:8 62:4 62:14 62:23 63:10 63:23 | |
| 16:23 17:2 17:12 17:16 17:23 18:7 18:12 | | | | | | email(1) 53:9 | |
| 19:4 19:7 19:18 20:6 20:15 21:3 21:9 | | decided(2) 16:10 44:4 | | disruption(1) 61:7 | | embroiled(1) 54:24 | |
| 21:11 21:14 21:17 21:20 22:11 22:23 23:1 | | deciding(1) 34:25 | | dissidence(1) 61:15 | | emerges(1) 39:6 | |
| 23:9 23:17 23:20 24:2 24:19 24:23 25:1 | | decision(8) 17:9 18:3 18:17 19:12 38:24 | | distract(5) 20:3 36:19 56:16 56:20 57:22 | | employee(1) 11:2 | |
| 26:8 26:15 27:11 28:8 28:19 28:22 29:2 | | 43:10 48:7 56:2 | | distracted(6) 43:21 46:16 46:18 46:19 | | employees(5) 7:1 31:5 31:7 45:22 63:2 | |
| 30:10 31:9 31:16 32:3 32:9 33:3 33:17 | | | | 52:24 60:12 | | empty(1) 47:10 | |
| 33:21 33:25 34:2 34:9 34:10 34:24 35:2 | | deems(1) 35:20 | | | | encompassed(1) 29:25 | |
| 35:11 35:16 35:19 35:20 36:12 37:8 | | deep(2) 27:13 33:2 | | distracting(3) 37:17 45:24 57:23 | | encourage(3) 21:10 53:8 53:11 | |
| 37:12 38:11 38:23 39:4 39:5 39:6 39:15 | | defendant(4) 14:10 19:9 49:13 58:5 | | distraction(5) 37:22 45:9 50:6 51:4 55:6 | | end(7) 26:16 26:20 35:1 42:24 43:17 | |
| 39:17 39:18 39:19 39:21 39:23 39:24 40:2 | | defendant's(1) 7:2 | | distractions(1) 54:2 | | 44:17 61:21 | |
| 40:3 40:6 40:7 41:1 41:13 41:16 42:14 | | defendants(11) 7:1 10:14 20:23 21:23 31:6 | | distribute(1) 30:20 | | endorse(1) 46:24 | |
| 42:19 42:23 43:3 45:3 45:10 46:5 46:9 | | 32:23 36:2 58:20 61:1 61:10 63:3 | | distribution(2) 31:22 31:22 | | endowment(1) 61:3 | |
| 46:17 46:19 49:12 49:15 49:16 50:2 51:6 | | defense(2) 21:1 61:19 | | distributions(4) 31:18 32:2 32:2 32:19 | | ends(1) 28:18 | |
| 51:7 51:21 52:9 52:19 53:5 53:8 53:9 | | deferring(1) 36:6 | | distributions."(1) 25:4 | | engaged(2) 27:19 52:24 | |
| 53:11 53:17 53:22 54:4 54:19 55:16 57:18 | | deliver(1) 31:18 32:18 | | district(7) 1:2 29:2 34:6 34:6 36:4 62:22 | | english(1) 4:27 | |
| 58:17 60:24 62:2 62:4 62:12 62:14 62:18 | | define(1) 46:10 | | 64:4 | | enough(3) 29:9 53:22 61:2 | |
| 62:22 62:23 63:8 63:10 63:13 63:23 64:1 | | degree(2) 33:2 51:3 | | | | ensue(1) 50:7 | |
| 64:4 64:16 64:17 | | delaware(8) 1:2 1:12 1:33 2:6 5:18 12:1 | | division(1) 15:5 | | ensure(1) 44:17 | |
| | | 16:3 39:12 | | docket(5) 12:7 28:10 28:20 34:8 55:2 | | entered(1) 43:12 | |
| courtney(1) 8:47 | | | | dockets(1) 18:1 | | entirely(2) 35:19 46:22 | |
| courtroom(4) 1:10 50:19 50:20 62:5 | | delay(7) 16:9 28:14 31:15 37:5 48:6 54:13 | | document(1) 55:4 | | entities(1) 8:11 | |
| courts(6) 17:24 18:3 18:19 33:25 38:12 | | 54:21 | | documents(1) 43:25 | | eos(2) 10:29 10:29 | |
| 56:4 | | delayed(1) 18:13 | | does(11) 12:26 20:2 28:18 28:19 40:4 | | ephraim(1) 6:6 | |
| | | deliberate(1) 42:18 | | 48:22 61:11 62:4 62:14 63:10 63:14 | | equivalent(1) 45:5 | |
| court's(11) 16:17 17:9 17:18 17:22 18:24 | | deliver(1) 31:18 32:18 | | | | eric(1) 8:12 | |
| 19:1 25:7 32:12 34:19 49:20 62:2 | | delve(1) 53:21 | | doesn't(5) 25:16 44:25 45:7 56:4 56:5 | | | |
| | | delving(1) 53:1 | | 60:5 60:15 | | | |
| covered(1) 27:4 | | demands(1) 45:21 | | | | | |
| crane(1) 9:5 | | deny(1) 63:8 | | doing(5) 15:23 51:20 57:11 57:16 60:8 | | | |
| create(4) 19:10 28:14 44:16 46:1 | | | | | | | |
| created(1) 30:10 | | | | | | | |

| Word | Page:Line |
|------|-----------|

esq(97) 1:24 1:25 1:32 2:5 2:11 2:17 2:18 2:24 2:30 2:37 2:44 2:45 3:2 3:3 3:9 3:16 3:22 3:23 3:31 3:38 3:44 4:2 4:8 4:9 4:16 4:22 4:28 4:40 5:3 5:9 5:17 5:26 5:27 5:28 5:29 5:30 5:34 5:35 5:36 5:41 6:2 6:6 6:10 6:11 6:12 6:13 6:14 6:15 6:16 6:17 6:18 6:30 6:31 6:32 6:36 6:41 7:4 7:5 7:6 7:19 7:24 7:28 7:32 7:36 7:41 7:46 8:4 8:8 8:12 8:16 8:21 8:26 8:31 8:32 8:42 8:47 9:2 9:15 9:19 9:24 9:28 9:33 9:38 9:40 9:46 10:3 10:7 10:11 10:17 10:22 10:26 10:34 10:38 10:43 11:4 11:8 11:13

essentially(4) 44:23 45:12 47:15 48:4
estates(1) 31:20
ester(1) 6:36
evaluate(1) 38:20
evan(1) 6:30
even(5) 26:8 44:10 45:3 55:8 59:16
event(2) 20:18 46:11
every(1) 58:5
everybody(3) 47:11 59:24 60:5
everyone(6) 12:3 20:16 26:1 38:5 52:22 62:1

everything(5) 14:24 20:2 33:4 47:6 58:12
evidence(1) 31:2
evidenced(1) 50:23
evidencing(1) 39:18
exact(1) 13:24
exactly(5) 28:15 35:6 35:24 38:16 44:22
examine(1) 29:14
example(1) 61:16
exercise(1) 64:12
exist(2) 38:2 60:9
exit(2) 18:7 49:3
expect(2) 22:5 22:25
expected(2) 13:2 26:1
expert(1) 59:18
expired(1) 55:19
explain(1) 45:11
explained(1) 27:15
express(1) 39:24
expressed(2) 19:21 34:11
ext(1) 7:7
extend(4) 14:6 25:25 37:13 43:1
extended(5) 25:25 28:3 42:16 58:25 60:20
extending(4) 38:3 40:15 43:23 53:24
extends(1) 37:25
extension(4) 14:11 14:17 34:15 40:24
extent(13) 26:4 32:18 32:21 37:16 38:21 39:18 42:13 47:17 50:5 51:24 55:3 58:9 60:3
extremely(1) 61:6
faced(5) 55:16 55:17 55:20
fact(23) 12:10 14:5 14:20 17:7 21:10 23:21 26:9 29:16 34:18 39:3 41:5 44:24 45:20 46:8 46:21 47:1 47:18 48:13 50:5 51:19 53:8 54:18 56:13

facts(1) 29:23
fair(1) 52:24
fairly(1) 51:21
fall(3) 30:4 46:13 61:25
far(10) 19:10 22:17 22:18 42:10 47:10 50:15 50:23 54:10 60:15 60:21

fargo(2) 7:18 10:20
farr(1) 10:2
fashion(3) 25:24 42:18 48:22
fathom(1) 44:10
favor(2) 23:23 54:8
february(6) 1:14 12:1 43:24 57:14 64:8 64:25

federal(2) 17:23 28:11
feel(2) 23:24 32:9
feld(5) 2:43 8:41 9:27 15:10 23:12

few(5) 12:19 29:7 49:14 51:18 60:16
fiddling(1) 57:2
figure(1) 33:14
figuring(1) 23:25
file(7) 17:21 18:22 23:3 23:4 24:9 34:5 43:25
filed(17) 13:10 13:15 15:16 15:20 16:1 16:5 17:11 20:10 21:22 22:9 34:16 43:16 55:1 55:3 55:5 55:11 62:7

filing(3) 13:19 17:14 24:16
final(7) 16:18 30:8 59:23 60:1 60:10 60:10 60:17

finally(4) 22:20 23:1 31:14 59:21
find(1) 46:4
fine(3) 32:8 47:20 60:22
finger(1) 3:8
finish(2) 41:13 44:24
firm(1) 49:8
first(12) 12:14 12:25 15:11 15:12 21:4 26:14 26:20 29:12 35:18 42:20 43:13 45:13
first-named(1) 14:9
fishman(1) 9:5
fitzsimons(24) 14:7 14:21 15:4 15:19 16:2 16:9 16:14 21:25 22:4 26:23 29:15 29:22 30:2 30:23 33:16 34:12 35:9 36:3 37:13 38:4 38:20 40:15 42:11 63:5

five(1) 32:24
fix(1) 46:7
flag(1) 14:18
flaws(1) 25:18
flips(1) 15:23
floor(3) 3:25 3:45 4:29
flying(1) 55:4
focused(2) 27:25 55:11
focuses(1) 20:1
folks(1) 47:23
follow(2) 12:15 46:6
followed(1) 55:15
following(2) 17:9 17:10
foot(1) 18:10
footnote(2) 25:10 31:4
for(149) 1:2 1:23 2:4 2:10 2:16 2:36 2:42 3:1 3:21 3:29 3:37 4:1 4:7 4:14 4:27 4:33 4:39 5:1 5:14 5:39 6:1 6:9 6:29 6:39 7:1 7:9 7:14 7:18 7:22 7:27 7:31 7:35 7:39 7:44 8:1 8:7 8:11 8:14 8:19 8:24 8:28 8:35 8:40 8:45 9:1 9:5 9:9 9:14 9:18 9:22 9:31 9:36 9:44 9:49 10:6 10:10 10:14 10:20 10:25 10:29 10:33 10:37 10:41 11:1 11:7 11:11 12:5 12:12 13:18 13:22 13:23 14:11 15:10 15:11 17:14 17:21 18:19 18:22 19:13 19:14 19:15 19:21 20:1 21:11 23:13 23:20 25:1 27:8 27:9 28:4 28:5 28:16 28:17 29:8 29:12 29:21 30:11 30:22 30:23 30:25 31:17 32:24 34:12 35:13 35:19 36:5 36:6 37:17 37:22 38:3 38:22 40:24 41:7 41:14 42:6 42:21 42:25 43:7 43:13 43:23 43:25 44:10 45:8 45:18 46:5 46:6 47:22 49:1 51:8 51:18 51:21 52:2 52:7 53:7 54:6 56:6 56:13 56:21 57:6 57:12 58:6 58:14 60:18 60:22 61:21 63:6 63:7 64:11 64:14

forced(1) 55:13
foregoing(1) 64:20
form(2) 16:16 25:20
forman(1) 1:30
formed(1) 20:25
former(5) 10:15 21:15 45:21 58:19 63:1
forth(3) 25:3 43:13 55:4
forthcoming(1) 31:19
forthwith(1) 16:15
fortunate(1) 30:18

forward(15) 20:2 30:24 36:22 37:1 38:25 41:25 43:15 45:20 47:14 47:20 47:23 48:2 48:24 58:7 63:21

foul(1) 56:5
found(1) 19:19
foundation(4) 5:15 5:16 8:2 8:3
four(2) 22:22 32:24
fox(2) 9:24 49:20
frances(1) 7:5
frank(4) 7:3 7:4 7:14 7:15
frankel(1) 5:39
frankly(4) 54:12 56:6 57:8 57:22
fraudulent(6) 17:8 44:18 58:21 58:24 59:7 63:4

free(2) 17:25 33:23
french(1) 3:45
friedman(4) 4:7 8:20 9:23 17:4
from(35) 14:21 16:6 17:14 19:10 20:3 20:6 20:8 21:18 22:2 22:7 22:18 24:6 24:13 24:20 25:9 27:24 31:19 36:20 38:10 40:4 45:19 45:21 45:22 45:22 49:8 49:21 50:12 55:2 56:1 59:3 60:8 60:13 62:7 62:16 64:21
front(2) 63:4 63:19
frozen(1) 52:14
fuks(1) 8:16
full(2) 47:9 49:23
fully(1) 23:16
functional(2) 45:4 59:11
fund(1) 8:29
fundamental(2) 7:22 7:23
further(16) 22:2 23:17 25:9 25:21 28:5 28:18 33:21 35:1 39:17 40:3 41:23 44:14 49:6 64:1 64:11 64:14

future(2) 54:17 54:18
gallagher(1) 10:2
garrison(1) 7:45
garvan(1) 3:16
gary(2) 6:26 10:26
gave(1) 21:6
gecker(2) 7:3 7:5
general(1) 11:1
generally(2) 18:7 52:14
gentilotti(1) 3:19
george(2) 5:9 58:19
get(23) 27:18 31:22 32:19 32:20 36:12 37:24 38:1 40:22 41:12 41:20 42:10 43:8 44:8 46:15 46:17 46:18 47:19 57:1 58:2 58:12 60:12 60:17 61:11

gets(6) 23:1 27:17 27:21 29:4 38:16 46:18
getting(2) 22:18 34:24
gist(1) 22:23
give(6) 20:13 45:23 46:11 48:4 59:3 61:16
given(15) 12:10 18:7 18:16 20:19 20:21 26:9 26:15 30:3 33:5 42:16 42:20 44:23 47:7 53:2 60:16

gives(1) 40:21
giving(1) 60:23
glantz(1) 9:13
glass(2) 47:9 49:22
goal(1) 59:13
going(55) 15:11 16:25 19:6 20:22 22:18 22:25 27:11 27:14 27:14 27:15 28:19 31:19 32:6 32:8 32:19 32:24 37:5 37:11 39:22 40:1 41:2 41:8 42:3 42:4 45:46 45:17 45:18 45:21 45:24 45:25 47:3 47:6 48:11 49:24 50:21 52:15 52:16 54:23 55:20 56:5 56:9 56:10 57:9 57:16 57:16 57:25 58:1 58:10 58:12 58:15 58:15 59:24 62:8

golden(5) 2:45 24:7 24:18 44:11 44:14
goldfarb(1) 5:36
gone(1) 43:15

good(15) 12:3 12:4 15:9 17:3 22:15 23:10 28:23 32:7 46:24 49:5 49:7 54:5 57:18 58:18 62:25

got(3) 26:17 32:13 52:5
gotshal(2) 11:12 62:17
graces(1) 28:23
graeme(1) 5:34
grant(5) 16:7 17:13 31:16 37:12 63:14
gray(3) 4:21 52:7 61:1
great(2) 2:4 8:30
gregory(1) 9:24
greissman(1) 7:19
grey(4) 4:40 62:6 62:6 62:13
grippo(2) 5:8 10:16
ground(1) 38:9
groundhog(2) 57:14 57:15
groundhog's(1) 58:16
grounds(3) 29:3 38:3 40:24
group(6) 7:3 8:7 8:7 25:2 25:11 33:22
grouped(1) 21:22
group"(1) 24:21
gruszka(1) 7:24
guess(5) 23:2 54:7 56:25 59:9 60:2
guidance(2) 44:23 56:7
guiding(1) 30:5
guiney(1) 9:33
gump(5) 2:43 8:41 9:27 15:10 23:11
gussis(1) 9:5
gwen(1) 7:36
had(18) 12:18 15:13 15:20 15:25 25:5 26:1 26:13 26:14 26:15 26:18 29:16 29:17 29:18 47:24 51:25 52:1 55:15 57:21

hadn't(1) 30:14
halcyon(2) 8:14 8:15
half(4) 44:6 47:9 47:10 49:22
hand(2) 37:20 40:10
hands(1) 52:23
happen(9) 20:22 27:11 27:17 28:16 32:24 41:22 41:25 46:12 55:20

happening(1) 20:20
happens(1) 43:24
happy(1) 35:19
hard(2) 20:18 42:4
harrisburg(1) 1:41
has(38) 15:17 16:10 17:13 17:17 18:24 19:15 21:1 22:6 23:21 25:20 26:24 27:6 27:12 27:12 28:3 28:17 30:6 30:8 32:11 33:13 36:15 38:18 38:19 39:5 39:24 42:17 43:7 43:11 47:11 49:15 49:16 51:7 52:20 54:7 61:4 61:17 62:9 63:16

hauer(5) 2:43 8:41 9:27 15:10 23:11
have(89) 12:5 12:19 12:25 13:24 14:21 15:4 19:17 20:23 21:6 21:7 21:17 21:22 21:23 22:20 23:7 23:8 23:16 23:17 24:2 25:5 25:6 26:10 26:19 27:5 27:13 27:17 28:19 29:1 30:10 30:14 30:15 30:23 31:1 31:4 34:15 34:22 35:15 36:3 36:24 41:5 41:13 42:10 42:13 43:15 43:25 44:2 44:8 44:9 44:13 44:22 45:16 46:20 47:21 48:20 49:2 49:6 49:19 49:22 50:2 50:3 51:1 52:4 52:7 53:7 53:23 54:15 55:1 55:5 55:10 55:19 55:24 56:24 57:3 57:13 58:15 59:5 59:14 59:21 60:13 61:7 61:15 62:2 62:10 62:19 62:21 63:15 63:18 63:19

haven't(1) 61:6
having(3) 41:21 51:24 57:15
havoc(3) 19:10 46:1 46:13
hazeltine(1) 2:10
hear(5) 12:24 35:7 59:22 61:25 64:1
heard(11) 15:24 18:8 38:10 39:18 46:10 49:15 62:5 62:15 62:24 63:11 63:24

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**hearing**(23) 13:22 13:22 13:25 14:1 14:3 14:5 18:5 18:20 19:20 20:20 24:6 24:17 26:13 26:17 33:25 41:20 43:18 44:1 50:11 58:2 64:8 64:17 64:18

**hearings**(1) 40:16
**heat**(1) 64:12
**heavily**(1) 40:17
**heck**(1) 57:25
**heiligman**(3) 7:6 62:25 63:1
**help2**(1) 48:17 59:12
**helped**(1) 43:10
**helpful**(1) 35:20
**her**(1) 61:21
**hercules**(1) 3:24
**here**(29) 16:2 16:3 19:10 19:17 22:3 25:13 27:22 31:20 32:24 35:3 36:17 43:1 44:3 44:16 44:23 45:9 46:15 48:18 51:12 52:16 53:16 54:8 54:12 57:10 57:24 58:16 61:10 61:13 61:24

**here's**(1) 57:7
**hernandez**(1) 9:38
**hey**(1) 22:24
**he'd**(1) 44:14
**he's**(2) 27:25 56:10
**hiller**(1) 3:43
**him**(10) 22:7 24:8 39:16 39:25 40:1 40:2 40:6 48:20 56:8 56:13

**himself**(2) 18:24 20:22
**his**(8) 18:25 19:6 19:14 27:5 27:25 40:3 44:6 56:9

**history**(1) 54:19
**hoffmann**(1) 9:46
**hold**(3) 26:10 30:21 47:23
**holding**(1) 57:9
**holmstead**(1) 7:28
**holwell**(42) 16:15 18:24 19:5 19:13 19:14 20:21 20:22 21:6 22:25 23:5 23:7 23:24 26:25 27:2 27:10 27:25 28:23 34:8 35:19 36:5 38:7 38:13 38:14 38:17 39:3 39:10 39:15 39:17 39:23 40:6 46:3 46:4 46:24 48:20 52:13 53:9 53:9 60:22 62:3 62:11 63:5

**holwell's**(4) 39:4 42:17 47:15 56:2
**honor**(103) 12:4 13:8 13:10 13:19 13:24 14:4 14:13 15:1 15:8 15:9 15:24 17:3 17:5 17:20 18:4 18:17 18:23 19:3 20:6 22:14 22:20 23:7 23:10 23:12 24:12 24:18 24:21 25:13 26:3 26:13 26:22 27:2 27:6 28:3 28:9 28:12 29:1 29:2 29:6 29:11 29:16 30:6 30:13 30:19 30:22 34:11 31:20 32:5 32:17 33:1 33:8 35:5 35:13 35:18 35:24 36:6 36:8 36:14 37:3 37:11 37:20 38:16 39:2 39:14 40:10 41:3 41:9 41:15 41:24 42:9 43:23 43:4 43:5 47:12 49:7 49:9 52:11 52:22 53:1 53:6 54:3 54:5 54:22 55:2 56:14 56:17 57:5 57:17 58:13 58:18 60:19 60:25 61:6 61:9 61:17 62:6 62:8 62:9 62:16 62:25 63:18

**honorable**(1) 1:19
**hope**(1) 22:25
**hoped**(1) 26:1
**hopefully**(3) 44:3 44:5 50:1
**hopes**(1) 41:19
**horan**(1) 2:5
**hourly**(1) 11:2
**how**(19) 12:7 20:18 22:15 23:25 27:14 30:20 31:2 33:5 34:9 36:12 38:6 41:21 44:24 51:12 52:8 53:18 56:11 59:6 59:18

**howard**(1) 5:28
**however**(3) 25:10 36:11 37:3
**hundreds**(1) 20:23
**hurley**(1) 9:28
**hutz**(1) 5:2

**idea**(4) 44:2 46:25 47:6 49:5
**identification**(1) 52:17
**identify**(1) 31:7
**igor**(1) 8:16
**ileana**(1) 9:38
**imagined**(1) 15:23
**immediately**(2) 13:24 37:4
**impact**(7) 43:19 51:2 51:3 51:4 55:22 56:12 58:11

**impair**(1) 55:22
**important**(15) 18:23 24:11 39:13 40:11 45:19 47:13 47:16 48:18 48:19 48:23 49:3 56:13 56:19 58:6 58:7

**imposed**(1) 18:25
**imprudent**(3) 37:7 37:24 40:16
**inappropriate**(1) 32:17
**inc**(1) 10:2
**incentives**(1) 60:12
**inclined**(3) 21:14 26:10 33:17
**included**(1) 63:16
**inconsistent**(1) 28:7
**incur**(1) 60:15
**indeed**(1) 18:4
**indefinite**(3) 47:22 51:10 57:6
**indefinitely**(1) 57:3
**indenture**(7) 17:5 17:6 17:10 23:15 24:14 31:12 32:1

**indicate**(1) 62:10
**indicated**(6) 19:18 25:18 27:7 30:7 40:10 47:13

**indicating**(1) 20:22
**indication**(1) 54:18
**individual**(2) 61:3 61:19
**individuals**(1) 59:3
**inevitable**(1) 26:19
**inevitably**(1) 41:8
**inform**(1) 41:22
**information**(1) 45:23
**informed**(1) 56:11
**initial**(3) 17:14 19:8 49:3
**injected**(1) 26:18
**input**(2) 47:16 47:16
**insisted**(1) 44:12
**instead**(1) 27:2
**instructive**(1) 29:13
**intent**(1) 53:20
**intention**(4) 17:22 19:20 42:17 64:3
**interest**(2) 28:20 61:24
**interesting**(2) 50:9 53:14
**interestingly**(1) 61:2
**interfere**(11) 17:18 17:22 20:19 31:6 36:21 39:20 40:8 55:25 56:3 56:16 56:20

**interference**(5) 31:1 37:22 40:14 41:7 41:10
**interferes**(1) 39:1
**interfering**(3) 37:17 38:22 42:6
**interrogatories**(1) 55:5
**into**(10) 21:2 21:22 22:18 23:3 26:18 36:1 46:8 46:13 53:1 53:21

**introduction**(1) 21:18
**invade**(2) 38:11 38:12
**investment**(2) 7:23 7:23
**investor**(1) 61:2
**invited**(2) 39:24 47:15
**invites**(1) 64:11
**involve**(1) 45:17
**involved**(4) 45:18 47:1 53:3 61:6
**involving**(1) 50:17
**ira**(1) 10:11
**ironic**(2) 51:19 52:2
**isn't**(3) 39:22 54:23 57:21

**issue**(16) 19:14 20:18 23:17 27:2 27:25 29:8 29:9 34:10 35:3 35:21 43:10 55:10 59:4 59:9 59:11 64:10

**issued**(4) 19:1 27:4 27:10 28:13
**issues**(10) 12:6 16:13 16:21 30:7 36:7 38:14 39:7 40:4 43:20 46:19

**iteration**(1) 14:24
**its**(8) 19:18 26:15 36:15 39:24 48:13 48:14 54:2 63:16

**itself**(3) 40:3 45:6 53:14
**it's**(30) 13:4 18:23 20:18 27:20 29:13 34:18 41:10 42:25 43:6 45:12 45:18 47:13 48:1 48:3 48:19 49:2 51:19 52:2 52:14 52:22 53:3 53:14 53:22 57:4 57:14 57:16 58:6 59:22 61:23 64:5

**ivan**(1) 9:40
**i'd**(3) 15:21 21:14 47:4
**i'll**(10) 12:18 12:23 16:24 16:25 23:7 33:8 52:9 56:10 58:25 61:5

**i'm**(15) 14:8 16:6 21:13 24:20 30:19 34:24 35:6 45:5 47:3 47:8 47:10 52:21 56:21 59:17 62:8

**i've**(6) 22:13 25:25 40:10 46:10 49:23 59:4

**james**(6) 1:24 2:30 9:11 10:7 13:8 35:13
**jameson**(1) 10:3
**jared**(1) 10:3
**jay**(2) 3:38 54:5
**jenner**(1) 10:37
**jeopardize**(1) 48:22
**jessica**(1) 6:10
**jillian**(1) 6:14
**job**(1) 43:8
**john**(4) 4:16 8:4 10:17
**johnston**(1) 10:7
**join**(3) 15:21 56:7 64:6
**joined**(1) 63:5
**joins**(1) 23:16
**jointly**(1) 1:6
**jones**(2) 6:30 9:45
**jorden**(1) 9:14
**joseph**(3) 4:40 7:4 62:6
**jpm**(1) 33:15
**judge**(52) 1:19 1:20 16:15 18:24 19:5 19:13 19:14 20:21 20:21 21:6 23:5 23:6 23:24 24:25 25:7 27:10 27:24 28:11 28:23 29:2 34:8 35:19 36:5 38:7 38:13 38:14 38:17 39:3 39:4 39:10 39:15 39:17 39:23 40:5 42:17 46:3 46:4 46:24 47:15 48:20 52:13 53:8 53:9 56:1 56:10 60:21 62:3 62:11 63:5 64:4

**judgment**(2) 37:21 41:11
**july**(4) 14:17 18:1 28:4 33:13
**june**(2) 17:20 18:4
**jurisdiction**(2) 34:6 34:19
**just**(36) 14:18 14:25 17:16 19:11 20:7 21:21 24:5 25:24 26:11 27:14 30:2 32:17 33:4 35:21 45:1 46:11 47:20 48:6 49:14 51:18 52:23 53:14 56:2 57:16 58:13 58:15 60:5 60:6 60:6 60:15 60:16 61:16 62:10 62:20 63:13

**kallick**(1) 9:40
**kansa**(1) 6:18
**kaplan**(1) 9:23
**karen**(2) 3:3 6:2
**kasowitz**(3) 4:7 8:20 17:4
**katharine**(1) 4:28
**katten**(1) 8:3
**kaye**(1) 7:40
**keep**(3) 16:2 19:21 63:2
**kelly**(1) 64:26

**kempner**(1) 6:1
**ken**(1) 6:18
**kenneth**(1) 8:8
**kenny**(1) 9:5
**keriann**(1) 6:16
**kevin**(2) 1:19 1:25
**key**(1) 45:7
**kim**(1) 7:32
**kimberly**(1) 9:6
**kind**(1) 47:2
**king**(5) 3:17 3:33 4:29 11:3
**kjc**(1) 1:5
**knew**(1) 47:3
**know**(36) 12:6 17:6 19:23 21:11 23:12 26:8 27:24 31:13 32:10 32:15 32:16 34:1 36:12 39:5 40:23 41:2 41:2 41:3 41:4 44:7 45:11 46:1 46:10 46:19 46:25 47:12 48:1 48:2 48:15 48:16 54:9 58:1 59:20 59:24 60:11 62:9

**knowledge**(2) 38:18 38:19
**knows**(4) 26:22 29:11 31:20 38:5
**korpus**(21) 4:8 15:11 16:24 17:3 17:4 19:5 20:4 20:17 21:7 21:10 21:13 21:15 21:19 21:21 22:13 23:2 23:21 24:4 27:16 28:9 28:25

**krakauer**(1) 6:15
**kramer**(2) 5:39 5:39
**landis**(2) 2:16 2:18
**lantry**(1) 1:25
**lap**(1) 52:23
**lapse**(1) 55:21
**large**(1) 58:9
**largely**(1) 37:11
**laser**(1) 10:10
**laser-focused**(1) 43:9
**last**(3) 35:10 48:8 61:17
**later**(2) 27:19 29:10
**latest**(1) 64:7
**laurie**(1) 3:22
**law**(23) 4:7 8:19 12:13 17:4 17:6 17:7 23:15 29:14 31:25 33:23 36:4 39:10 39:16 42:11 44:18 49:8 54:9 56:25 58:21 58:23 59:7 60:6 63:3

**lawsuit**(2) 14:20 14:21
**lawsuits**(2) 35:9 49:13
**layton**(1) 3:8
**lbo**(2) 29:24 31:19
**lead**(3) 20:25 21:24 54:21
**leading**(1) 24:17
**leads**(1) 42:2
**least**(9) 19:15 25:4 34:11 36:23 43:13 43:19 59:3 59:19 60:8

**leave**(1) 38:14
**leaves**(1) 28:22
**leaving**(2) 34:18 35:3
**leboeuf**(1) 10:6
**left**(1) 18:19
**legitimate**(2) 36:17 40:18
**lemay**(1) 5:29
**lender**(3) 29:20 32:4 35:23
**lenders**(5) 3:30 10:6 29:7 29:19 29:24 32:13 33:6

**length**(1) 34:12
**leonard**(1) 1:31
**less**(1) 33:23
**let**(7) 21:3 26:21 29:6 45:11 55:21 55:24 63:13

**letter**(2) 19:2 21:17
**letting**(3) 18:11 20:2 47:23
**let's**(2) 27:12 41:16
**levee**(1) 10:11
**level**(1) 3:17
**levels**(1) 42:20

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|------|-----------|------|-----------|
| levin(2) 5:39  5:39 | make(17) 20:11 21:14 22:24 25:3 26:12 28:1 31:4 32:1 33:9 38:4 38:24 47:17 50:10 59:10 60:5 61:11 61:24 | miles(1) 6:11 | next(4) 13:22 14:22 43:24 64:7 |
| lewis(1) 8:30 | | mills(1) 6:16 | nice(1) 59:22 |
| lexington(1) 3:4 | | mind(3) 13:24 49:21 57:21 | nod(1) 61:9 |
| liaison(1) 20:25 | | mine(1) 21:16 | nolan(1) 7:36 |
| liebentritt(1) 4:34 | makes(2) 46:23 57:14 | minimal(1) 54:2 | non(1) 31:18 |
| lift(5) 19:6 60:4 60:6 63:6 63:9 | maman(1) 8:26 | minimum(1) 48:3 | non-debtors(1) 31:13 |
| lifting(2) 50:7 59:14 | manage(2) 17:25 28:24 | minor(1) 14:18 | non-settled(1) 34:21 |
| light(1) 64:1 | management(15) 2:43 7:10 7:10 8:15 8:15 8:36 8:36 8:41 9:23 10:42 17:18 19:8 21:2 27:13 34:8 | mirrors(1) 18:25 | none(1) 15:6 |
| like(11) 12:8 15:12 15:21 18:7 31:10 44:7 46:8 46:19 52:14 52:22 57:1 | | mitch(1) 9:28 | nonetheless(1) 25:25 |
| | | mix(1) 26:18 | norman(1) 1:32 |
| likely(2) 25:20 64:5 | managing(1) 28:20 | modified(1) 27:25 | north(10) 2:12 3:11 3:17 3:25 3:33 3:45 4:29 4:35 4:41 5:4 |
| likewise(1) 34:7 | manatt(1) 9:37 | modify(1) 16:8 | |
| limitations(1) 55:19 | manges(1) 11:12 | moment(1) 61:10 | not(87) 12:20 13:16 14:10 14:20 14:25 15:19 16:4 16:18 17:15 17:17 17:22 18:2 18:7 18:11 19:6 19:10 22:14 23:6 23:14 25:8 25:10 25:23 25:23 26:6 26:16 26:19 28:9 29:9 29:19 30:1 31:19 33:13 34:18 34:18 35:6 35:23 36:5 36:10 38:11 38:12 38:20 38:25 39:7 40:24 41:23 42:1 42:25 43:21 44:12 44:15 44:25 46:5 46:3 46:4 47:3 47:10 47:21 48:22 49:18 50:9 50:10 50:12 50:16 51:11 52:7 52:10 52:14 52:15 52:20 52:22 55:3 55:9 55:13 55:25 57:2 57:6 58:7 59:1 59:14 59:16 59:18 59:20 59:25 61:11 62:8 63:19 64:12 |
| limited(5) 13:15 16:8 22:9 27:1 33:10 | many(3) 31:17 49:17 51:12 | momentum(1) 60:9 | |
| lines(1) 56:9 | marc(3) 5:3 5:26 5:30 | montchanin(1) 4:17 | |
| listen(1) 56:10 | march(39) 13:23 14:11 14:2 14:3 14:5 16:19 19:19 24:6 24:17 25:9 26:23 28:16 29:9 37:12 37:13 37:24 38:1 40:20 40:22 41:1 41:8 41:12 41:17 42:1 42:16 43:2 43:18 43:23 44:1 48:4 48:12 53:19 55:16 57:9 57:11 57:15 58:15 58:16 64:11 | montenegro(1) 8:21 | |
| listened(3) 48:9 48:9 50:7 | | months(9) 31:17 32:25 47:19 51:11 51:11 51:13 51:13 51:18 60:17 | |
| litigate(6) 32:21 50:17 50:21 50:25 52:5 55:13 | | | |
| | | mordkoff(1) 10:22 | |
| litigated(1) 49:19 | | more(24) 22:24 23:8 23:25 28:12 38:1 38:5 40:23 41:2 41:4 41:4 47:19 48:23 49:2 49:19 51:18 52:2 54:7 54:16 54:21 54:22 57:21 59:3 60:16 64:12 | note(2) 52:9 52:12 |
| litigate"(1) 55:13 | marching(1) 43:14 | | noteholder(6) 16:25 24:24 24:25 25:10 44:21 63:6 |
| litigation(31) 17:24 18:2 20:21 22:16 24:23 27:17 27:20 30:5 30:15 30:17 36:18 37:4 37:5 38:15 38:21 38:25 39:8 39:19 39:20 39:25 40:1 40:8 40:12 40:19 42:5 42:12 48:25 54:13 59:12 59:16 60:14 | market(5) 1:11 2:12 2:19 3:25 4:41 | | |
| | marsal(1) 7:14 | morgan(12) 2:36 3:1 7:31 8:30 11:11 14:9 33:11 34:17 49:9 49:11 49:12 62:17 | noteholders(9) 20:10 23:23 24:13 29:19 32:7 36:22 38:11 40:12 59:22 |
| | marsha(1) 61:17 | | |
| | martin(4) 4:2 4:22 60:25 60:25 | | |
| | material(1) 51:18 | morgan's(1) 59:2 | noteholders'(1) 40:17 |
| litigations(1) 30:11 | matter(6) 23:1 38:5 47:1 54:19 56:14 | morris(1) 5:16 | noteholder's(2) 36:24 63:8 |
| little(7) 38:18 38:19 47:8 51:16 51:19 61:12 64:12 | matters(1) 38:7 | moskowitz(6) 3:2 49:7 49:8 52:11 52:21 53:6 | notes(1) 31:21 |
| | matthew(4) 4:9 7:11 7:14 7:15 | | nothing(6) 22:2 24:15 32:24 49:6 54:20 57:3 |
| | mauceri(1) 8:31 | | |
| llc(8) 2:10 3:43 4:39 5:8 7:14 7:27 10:16 10:37 | may(26) 12:21 13:5 13:20 17:13 20:20 21:5 21:17 22:18 24:16 26:3 26:16 30:13 33:24 35:5 41:9 42:13 44:19 47:7 48:8 48:12 52:15 56:11 59:6 59:17 59:19 60:12 | most(5) 31:14 35:20 49:23 59:9 60:4 | nothing's(1) 27:11 |
| | | motion(34) 13:15 13:19 13:21 13:22 14:1 14:2 14:4 15:16 16:8 16:10 16:17 17:1 17:11 17:13 17:16 17:21 18:5 18:9 18:22 19:7 20:11 22:9 23:5 24:22 26:14 26:21 26:22 29:8 32:22 33:11 36:15 37:13 63:6 63:9 | notices(1) 55:2 |
| llp(35) 1:23 2:23 2:29 2:43 3:21 3:37 4:15 4:21 5:2 5:25 5:33 5:40 6:1 7:3 7:31 7:40 7:45 8:3 8:11 8:30 8:41 9:1 9:10 9:14 9:18 9:27 9:37 10:2 10:6 10:21 10:25 10:33 10:37 10:42 11:12 | | | notion(2) 26:5 46:12 |
| | maybe(2) 46:9 61:12 | | novod(1) 10:26 |
| | mayer(1) 4:28 | | now(36) 18:21 18:23 19:15 20:9 21:11 21:25 22:4 28:6 31:17 32:11 32:14 32:16 33:23 37:5 37:12 37:14 37:21 37:25 40:8 40:15 41:8 43:1 43:18 44:3 44:9 44:13 44:19 45:4 45:8 46:23 47:7 49:25 50:4 52:3 52:8 54:24 |
| | mbl(1) 34:22 | motion."(1) 6:11 | |
| local(1) 10:10 | mccambridge(1) 10:17 | motions(5) 12:11 13:18 13:24 28:1 64:5 | |
| lodge(1) 5:2 | mccarter(1) 4:27 | motivation(1) 18:22 | |
| logical(1) 48:6 | mccormack(1) 5:27 | motors(1) 11:1 | |
| long(7) 19:17 29:9 51:21 52:3 52:5 52:8 53:18 | mccormick(2) 5:14 8:1 | movants(5) 51:8 55:11 57:23 | |
| | mccutchen(1) 9:18 | movant's(1) 50:8 | number(8) 22:12 27:8 27:9 29:12 53:2 53:3 53:14 53:23 |
| longer(1) 51:16 | mcdaniel(1) 3:16 | move(12) 13:12 15:3 27:12 30:24 33:15 37:1 47:14 47:20 47:23 48:2 48:24 57:2 | |
| look(6) 19:24 24:16 42:19 47:12 48:4 64:3 | mcguire(1) 10:33 | | |
| looking(8) 19:10 31:23 39:6 40:6 44:16 56:6 56:21 60:13 | mcneill(1) 3:23 | | |
| | mdl(35) 12:26 13:19 13:21 13:23 15:17 15:20 16:3 16:7 16:10 16:12 16:14 16:20 17:10 17:21 18:5 19:12 22:8 23:4 26:24 28:15 33:15 36:3 39:2 39:4 45:16 48:8 48:11 49:13 50:13 50:17 52:5 55:7 56:14 58:3 61:23 | moved(3) 14:21 23:13 34:9 | o'melveny(1) 6:29 |
| looks(2) 39:4 54:19 | | moving(4) 36:22 41:25 59:23 60:10 | object(1) 63:21 |
| loop(1) 46:22 | | much(8) 20:15 23:20 33:5 41:2 49:24 52:1 54:16 64:16 | objection(17) 13:11 16:4 21:6 21:8 22:21 29:1 33:10 34:14 34:15 53:7 62:2 62:7 62:11 62:21 63:5 63:7 63:15 |
| lost(3) 52:10 61:11 62:1 | | | |
| lot(12) 22:17 38:5 40:23 41:6 42:2 43:11 45:17 50:3 57:25 58:1 59:1 60:14 | mean(7) 16:11 16:12 28:18 28:19 45:1 51:12 52:14 | muchin(1) 8:3 | |
| | | multiple(2) 27:16 55:4 | objections(4) 13:2 18:14 21:22 62:10 |
| loud(1) 18:8 | meaning(1) 32:23 | museum(2) 4:39 62:8 | objects(1) 13:16 |
| lowenstein(1) 10:10 | means(1) 45:1 | myers(1) 6:29 | observation(1) 61:10 |
| lsv(1) 10:41 | mechanism(2) 15:3 55:18 | myriad(1) 45:14 | observations(1) 28:8 |
| ludwig(1) 6:14 | meets(1) 48:12 | myrick(1) 6:13 | obtaining(1) 59:13 |
| luftglass(1) 3:3 | meisel(1) 1:30 | myself(1) 56:15 | obvious(1) 39:12 |
| lugano(1) 1:37 | mellon(1) 10:21 | | obviously(4) 38:18 40:3 49:25 54:22 |
| lump(1) 55:6 | member(1) 43:25 | naftalis(1) 5:39 | occasion(1) 42:20 |
| lynch(3) 3:21 7:39 63:15 | memory(1) 49:20 | name(1) 58:19 | occur(3) 31:2 31:2 50:4 |
| maddening(1) 53:3 | menachem(1) 8:32 | named(4) 23:14 61:4 61:18 61:22 | occurrences(1) 29:23 |
| made(15) 12:11 12:12 17:17 22:24 24:17 24:18 28:8 29:21 30:1 44:10 49:4 55:23 61:23 62:19 62:20 | mentioned(1) 22:5 | narrowed(1) 50:1 | occurring(1) 18:3 |
| | merits(1) 53:16 | nature(1) 51:10 | october(2) 32:12 43:10 |
| | merrill(3) 3:21 7:39 63:15 | naïve(1) 47:8 | off(3) 32:19 47:23 57:12 |
| madlyn(1) 7:41 | method(1) 53:10 | neal(1) 11:8 | offer(2) 46:23 49:14 |
| magnitude(2) 54:23 58:9 | michael(5) 6:24 9:18 9:19 11:13 62:16 | necessarily(3) 26:10 47:4 49:24 | office(1) 6:29 |
| maintain(1) 58:14 | michelle(1) 8:26 | need(7) 19:9 19:17 23:22 32:16 35:1 56:11 58:12 | officers(4) 5:2 10:16 31:5 58:20 |
| major(1) 16:21 | michigan(1) 4:35 | | official(3) 2:16 5:24 13:9 |
| | micromanage(4) 18:2 28:10 38:13 56:3 | needs(3) 20:24 27:23 33:14 | |
| | middle(1) 38:8 | never(4) 24:12 25:13 46:9 | |
| | might(4) 35:1 42:14 42:22 54:10 | new(12) 2:26 2:47 3:5 4:4 4:11 4:24 8:28 10:21 27:3 27:23 28:14 36:4 | |
| | mike(1) 10:30 | | |
| | | news(1) 57:18 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| okay(15) 12:8 14:8 14:15 14:22 15:7 16:24 24:3 26:11 34:9 34:24 35:11 41:18 43:3 63:13 64:13 | | p.a(1) 1:31 | | plan(58) 14:24 15:5 19:8 19:23 20:3 20:9 20:11 20:19 24:11 24:16 24:24 25:4 25:5 25:6 25:8 25:8 25:10 25:15 25:22 25:24 26:6 26:17 26:20 29:11 29:17 29:20 30:3 30:6 30:9 30:9 30:19 30:21 31:1 31:21 32:3 33:5 44:4 44:12 44:17 44:20 44:21 44:22 44:24 45:5 47:25 48:1 49:11 52:1 53:13 54:15 54:25 59:18 59:21 59:23 59:25 60:1 60:11 60:17 | | primoff(1) 7:41 principal(1) 38:10 principally(1) 16:25 private(1) 61:2 probably(4) 12:12 13:5 49:18 50:16 problem(6) 46:8 46:15 47:3 47:4 56:20 56:22 |
| | | p.m(2) 12:1 64:18 page(3) 24:20 44:14 45:14 panel(18) 12:26 13:21 13:23 15:17 16:3 16:7 16:12 16:14 16:20 19:12 26:24 34:22 36:3 39:3 39:4 39:9 48:12 61:24 | | | | procedural(2) 15:3 19:16 procedurally(4) 33:14 34:19 35:24 58:8 proceed(5) 23:19 35:20 38:7 42:18 55:15 proceeding(12) 28:5 30:16 31:11 37:6 39:9 39:12 45:17 45:18 46:5 46:6 48:9 55:7 |
| once(5) 16:12 37:24 38:5 40:22 42:7 one(36) 1:26 2:46 3:10 14:18 15:5 15:6 16:9 19:6 20:5 23:12 25:8 27:12 27:12 27:19 32:19 34:1 36:13 38:1 38:24 42:9 43:8 43:20 44:8 44:19 46:24 48:8 54:7 54:17 59:3 60:6 61:2 61:2 61:3 61:10 61:19 64:9 | | paper(2) 24:6 62:20 papers(9) 15:16 18:18 20:5 24:12 24:19 25:9 27:15 31:4 57:7 | | plans(3) 21:2 24:23 59:17 plaza(3) 2:25 3:17 3:24 pleading(4) 16:5 16:5 16:6 24:20 please(1) 21:19 plenary(1) 16:1 plenty(2) 52:15 52:16 plus(1) 35:9 | | proceedings(19) 1:18 1:45 14:18 16:13 19:22 31:1 37:7 37:9 38:6 38:19 38:23 40:2 41:10 47:24 48:21 49:11 50:13 61:7 64:22 proceeds(2) 30:11 30:21 |
| one-way(1) 18:8 oneal(1) 6:24 one's(1) 58:2 ongoing(2) 28:19 36:20 37:9 37:14 39:21 43:17 52:19 | | parable(1) 49:20 paragraph(1) 16:5 park(2) 2:46 6:2 parke(2) 2:23 5:25 part(3) 16:21 50:20 55:12 participate(1) 56:17 participation(1) 56:19 | | pockets(2) 57:1 57:3 podium(2) 12:18 12:21 point(23) 12:17 18:1 22:14 23:18 27:18 30:2 30:7 34:7 34:23 34:25 39:3 40:16 41:9 47:2 47:4 48:8 49:18 53:23 59:15 60:2 61:17 61:23 63:14 | | process(49) 19:23 20:3 20:19 24:11 25:8 26:2 29:17 30:3 35:7 36:21 36:21 37:2 37:4 37:6 37:16 38:13 39:3 39:14 39:21 40:9 40:14 44:12 44:18 44:24 45:5 46:11 47:19 47:25 48:17 48:22 49:12 50:6 50:21 50:24 51:2 51:5 51:15 52:25 53:2 53:4 53:20 54:1 55:6 55:8 55:22 55:25 59:6 61:8 62:2 |
| only(4) 22:9 33:9 38:23 48:10 55:9 58:7 61:24 62:8 | | particular(2) 26:14 41:4 particularly(4) 32:7 33:5 37:10 42:16 parties(41) 12:5 12:15 15:6 18:10 18:14 21:23 23:13 24:22 27:24 28:1 28:15 29:7 29:23 29:25 30:14 30:19 32:21 36:20 37:17 37:22 38:2 40:22 41:19 42:4 42:10 42:13 43:16 50:18 50:18 50:22 52:17 53:2 53:14 53:18 53:23 55:5 55:23 55:24 60:12 62:19 64:6 | | pointed(2) 32:15 42:17 points(2) 49:14 62:20 poised(2) 31:18 32:18 polk(3) 3:1 7:31 49:8 pop(1) 46:19 portion(1) 42:7 poses(3) 37:16 38:21 42:5 position(15) 15:22 29:6 36:9 38:20 38:24 43:7 44:6 44:9 48:16 53:24 53:25 54:7 58:23 59:2 60:19 | | process"(1) 20:9 produce(1) 32:6 produced(1) 1:46 professionals(3) 50:19 50:22 52:24 promote(1) 22:3 prophecy(1) 47:5 proponent(1) 49:11 proponents(3) 29:20 52:1 proposal(5) 12:8 24:13 33:3 35:2 48:3 proposed(4) 14:23 29:18 31:21 33:7 proposing(1) 46:21 prosecute(2) 25:2 25:12 |
| open(3) 35:3 53:11 opening(1) 45:15 opinion(4) 19:25 25:18 49:21 56:18 opportunity(4) 13:17 40:22 47:25 60:23 oppose(3) 15:19 26:22 29:2 opposed(6) 27:8 27:18 29:12 31:14 32:11 60:7 | | | | | | prosecuted(1) 25:15 prosecution(2) 25:7 56:14 proskauer(1) 10:21 protect(2) 46:3 57:6 protecting(1) 46:4 protest(1) 52:2 provisos(1) 63:22 |
| opposite(1) 29:8 opposition(6) 14:16 15:15 16:1 16:1 25:21 27:1 | | parties'(1) 34:11 partner(1) 21:15 partners(5) 6:5 6:40 6:40 10:29 10:29 party(3) 10:14 22:15 27:4 past(2) 14:23 54:17 path(4) 43:14 48:20 51:21 52:3 patterson(2) 9:31 9:32 | | positions(3) 36:16 42:13 59:7 possibility(1) 59:19 possible(4) 36:23 37:1 40:13 54:3 posturing(1) 44:14 potential(9) 30:25 36:19 37:17 37:22 38:22 41:7 42:6 45:8 49:1 | | pull(1) 58:12 punitive(1) 61:18 purpose(2) 20:1 22:8 purposely(1) 41:18 pursuant(1) 54:14 pursue(5) 18:15 18:16 18:21 33:24 49:2 pursued(1) 58:10 pursuing(3) 29:22 32:1 32:25 pursuit(1) 22:16 pushing(1) 51:21 put(2) 21:2 24:4 25:24 28:25 57:12 60:18 |
| opt(1) 23:3 orange(1) 5:4 orchestrated(1) 54:15 order(35) 13:12 13:16 16:9 16:15 16:16 16:18 17:10 17:12 19:1 19:14 22:7 23:14 23:17 23:19 27:5 27:6 27:24 28:1 33:18 33:20 33:21 33:22 34:18 39:4 39:5 39:17 56:2 56:9 58:9 59:10 59:11 59:15 63:16 63:20 63:22 | | paul(1) 7:44 pendency(1) 35:15 pending(5) 13:18 18:13 30:21 39:16 63:4 pennock(1) 7:46 pennsylvania(1) 1:41 pension(1) 11:3 people(8) 23:22 43:20 44:8 45:17 46:15 46:18 57:24 60:4 | | potentially(1) 36:21 potter(1) 3:21 powlen(1) 2:37 ppearances(2) 1:22 2:1 practical(1) 55:24 precedent(1) 48:15 precisely(2) 40:5 42:25 predict(1) 54:17 preemption(1) 18:17 prefer(1) 15:12 | | qualification(1) 14:18 quarles(1) 8:11 quarter(1) 52:7 question(13) 12:24 13:6 14:22 15:13 20:1 21:3 23:2 24:4 28:25 45:6 45:8 50:5 51:13 questions(6) 12:20 23:8 35:15 46:20 49:16 64:13 |
| orders(2) 27:7 52:20 ordinary(1) 15:25 organization(1) 20:24 organized(1) 54:16 | | people's(1) 55:21 perceive(2) 20:20 39:13 percent(1) 31:22 perfect(1) 30:1 performance(1) 54:18 perhaps(1) 35:15 period(3) 43:21 43:23 64:10 permission(1) 17:21 permit(1) 28:1 permitted(1) 51:5 pernick(1) 1:32 person(2) 13:5 13:6 perspective(4) 45:12 47:12 49:10 59:3 perspectives(1) 53:15 | | preferable(1) 30:9 preference(3) 14:10 34:13 34:16 preferred(1) 55:14 prejudice(6) 33:3 51:7 51:14 51:15 51:18 57:4 | | quick(1) 49:14 quickly(2) 36:23 37:1 quite(4) 14:25 22:21 41:4 43:7 quo(2) 58:14 60:8 quote(2) 24:7 50:2 quoted(2) 20:8 42:14 race(3) 44:25 45:1 45:2 rachel(1) 8:31 raise(2) 16:21 33:10 raised(6) 14:19 18:14 21:24 22:1 49:16 59:4 |
| original(10) 24:21 25:1 25:11 26:15 27:5 29:14 36:22 33:22 53:20 63:20 | | | | prejudiced(2) 58:3 58:4 prejudicial(1) 52:4 preliminary(8) 13:20 19:16 22:1 22:17 27:18 43:16 45:14 55:1 | | |
| other(23) 12:15 16:2 17:6 17:23 18:3 22:6 24:1 27:16 29:7 29:25 32:9 33:9 33:22 35:8 37:20 38:12 38:24 40:10 43:22 51:16 56:4 62:19 64:9 | | pertaining(1) 18:14 peter(3) 7:24 7:32 10:43 phelps(1) 9:37 phillip(1) 8:42 phillips(2) 5:3 9:37 phone(1) 62:15 phones(1) 31:22 | | preparation(1) 43:25 prepare(1) 19:8 prerogative(2) 17:23 47:15 prerogatives(1) 38:12 present(4) 12:8 20:3 52:20 62:4 presentation(1) 50:8 preserve(1) 55:24 preserved(5) 13:11 31:23 32:5 32:15 32:23 33:6 | | |
| others(3) 21:4 21:4 45:22 ought(2) 36:25 43:8 our(42) 15:11 15:15 16:21 17:14 20:5 21:8 21:24 22:15 22:24 25:5 25:5 25:6 25:9 27:15 28:8 31:4 31:5 31:11 31:17 34:14 35:14 45:12 47:13 48:1 48:3 52:4 56:16 56:18 57:1 57:1 57:3 57:7 58:4 58:23 59:6 60:18 60:19 61:10 61:24 62:10 62:20 64:7 | | perspectives(1) 53:15 | | | | |
| | | place(5) 21:2 27:4 58:24 60:1 60:20 plains(1) 3:40 plaintiff(8) 17:10 23:14 24:21 25:1 25:1 25:11 33:22 58:3 | | press(1) 20:12 presume(1) 15:17 pretty(5) 12:11 17:17 20:15 21:13 43:6 prevailed(1) 51:24 prevented(1) 54:14 previous(1) 18:13 | | |
| ourselves(1) 45:4 out(18) 23:25 24:12 32:20 33:14 33:15 36:12 40:2 43:8 45:1 46:22 48:7 48:19 52:18 53:8 55:24 56:24 60:21 61:22 | | | | | | |
| outcome(1) 58:8 outsider(2) 60:9 60:13 outstanding(1) 13:2 25:23 outweigh(1) 47:18 over(10) 12:18 20:9 20:13 25:7 32:4 32:4 45:1 57:9 57:12 57:16 | | plaintiffs(9) 17:7 18:21 19:15 22:22 54:9 54:11 54:11 56:15 59:20 plaintiff's(1) 18:15 | | | | |
| overall(1) 12:16 own(7) 17:25 17:25 18:25 19:14 23:5 45:13 51:20 | | | | | | |

| Word | Page:Line |
| --- | --- |

ran(1) 46:8
rate(2) 11:2 57:10
rath(2) 2:16 2:17
rather(1) 19:7
raul(1) 9:15
reach(3) 40:2 48:19 53:8
reached(2) 38:8 58:5
reaching(1) 60:21
reaction(1) 26:16
read(8) 13:13 19:3 27:7 44:13 56:1 56:8
59:18 62:9
reading(1) 16:6 24:20
real(2) 39:1 40:7
really(6) 22:21 32:16 38:23 48:18 55:10
61:24
reason(9) 22:8 29:8 29:14 42:25 49:22
49:23 54:11 54:12 60:15
reasonable(2) 57:12 58:14
reasons(9) 22:15 27:8 27:9 29:12 30:22
44:10 60:18 63:6 63:7
recall(1) 26:13
receive(1) 19:13
recent(3) 22:7 49:20 56:2
recently(2) 23:4 59:9
recognize(4) 39:3 49:25 58:6 58:7
recognized(1) 56:18
recognizes(1) 40:21
record(7) 23:11 24:5 26:12 27:6 40:5 47:8
63:7
recorded(1) 1:45
recording(2) 1:45 64:21
recoveries(6) 30:18 31:18 32:6 49:1 49:4
58:10
reduced(4) 37:23 41:8 41:12 42:15
reed(2) 7:6 62:25
reference(1) 24:5
referenced(1) 33:21
referred(2) 23:18 28:9
refrain(1) 50:12
refusal(1) 12:26
regard(11) 20:6 28:8 34:17 34:17 43:11
45:12 46:18 46:23 47:16 47:21 47:21
regarding(1) 33:11
regular(1) 13:22
reiterated(1) 18:1
related(2) 12:11 60:2
relating(1) 48:8
relationship(1) 39:25
relatively(2) 61:4 64:9
released(1) 30:1
relied(1) 33:6
relief(3) 23:13 27:22 63:14
reluctant(1) 54:1
remain(6) 25:25 32:20 50:2 58:24 60:1
60:20
remainder(1) 36:7
remaining(1) 34:10
remains(1) 34:13
remote(1) 25:14
reorganization(1) 31:9
repeat(2) 59:1 62:9
repeatedly(1) 32:4
reply(1) 55:11
reported(2) 15:18 16:14
repositories(1) 30:11
represent(2) 58:19 59:4
representative(2) 61:18 61:23
representing(2) 49:9 61:1
request(5) 14:11 27:9 28:6 29:3 31:15
requested(3) 26:23 30:15 63:14
requesting(1) 17:11

requests(2) 16:7 55:4
requiring(1) 42:4
resetting(1) 64:10
resolution(3) 19:6 41:21 60:10
resolve(4) 42:4 43:20 64:4 64:9
resolved(8) 13:3 14:24 30:6 37:18 41:17
41:20 42:1 48:11
resolves(1) 38:9
resolving(1) 42:21
resources(1) 57:17
respect(28) 13:1 16:21 17:24 29:13 31:8
32:13 34:3 35:21 37:10 37:14 37:23 38:16
41:5 41:6 41:22 42:14 51:22 52:6 52:8
52:12 52:13 52:17 52:25 53:16 53:24 59:6
60:9 61:14
respects(1) 48:15
respond(3) 12:17 13:6 19:9
response(8) 45:15 49:14 49:15 61:9 63:12
63:25 64:2 64:5
responsible(2) 46:5 46:5
restrain(2) 50:11 50:14
result(4) 41:25 44:1 61:13 61:15
retirees(3) 3:37 22:22 54:6
retirees'(1) 22:20
retirement(2) 8:29 9:37
returns(1) 36:25
richard(1) 5:17
richards(1) 3:8
rid(1) 18:6
rifkind(1) 7:44
right(23) 12:25 13:7 13:11 17:2 21:9
21:20 23:9 24:11 32:16 33:17 35:5 36:15
38:8 49:2 50:10 50:24 50:25 55:17 62:12
62:14 63:23 64:1 64:3
rightly(2) 36:18 36:22
rights(8) 18:15 18:16 45:23 55:21 55:24
58:2 58:4 59:7
riley(1) 5:17
rise(2) 49:13 61:25
risk(13) 39:1 40:7 41:9 41:11 42:6 42:12
42:15 46:1 46:2 46:11 57:4 57:4 60:16
risks(2) 47:1 47:18
road(2) 19:17 42:11
robert(3) 3:9 5:14 8:1
rockefeller(1) 2:25
rodney(3) 3:10 3:32
rogers(1) 8:47
roitman(1) 5:30
role(1) 31:8
ronon(1) 11:7
room(1) 57:10
ropes(2) 4:21 60:25
rose(1) 10:21
rosenman(1) 8:3
ross(4) 4:22 6:12 6:17 60:25
roth(3) 6:1 9:9 9:10
royal(3) 8:24 8:45 8:46
rudnick(2) 4:1 10:25
rule(1) 28:2 47:25
ruled(3) 39:12 25:7 30:8
rules(6) 13:19 13:21 16:4 16:20 24:23
27:11
ruling(5) 16:13 16:17 29:10 32:12 33:4
run(1) 54:2
running(2) 22:11 30:5
said(11) 18:1 18:5 25:9 25:17 27:10 33:10
34:14 39:9 56:3 59:2 62:9
same(12) 18:4 29:22 30:14 50:17 50:18
50:18 50:19 50:22 54:21 61:21 61:23
64:11
sandler(1) 10:10

satisfactory(1) 53:10
satisfy(1) 40:3
saw(1) 61:9
say(19) 29:9 31:5 32:8 33:19 33:20 41:16
44:8 50:9 50:10 50:12 52:3 53:7 53:19
53:19 54:10 54:17 56:9 59:22 62:21
saying(6) 23:22 32:14 56:7 56:9 56:11
says(5) 15:18 16:5 16:16 27:23
scenes(2) 54:24 57:25
schedule(9) 19:7 28:10 33:24 41:18 43:12
43:14 51:24 52:2 52:6
scheduled(1) 64:7
scheduling(1) 28:23
scholer(1) 7:40
schott(1) 10:30
schulte(1) 6:1
schuylkill(1) 1:40
scope(1) 57:24
scorpion(1) 49:20
scotland(3) 8:25 8:46 8:46
scott(1) 7:19
seaman(1) 4:16
seaport(2) 8:7 8:7
second(4) 26:16 30:3 48:4 60:2
secondly(2) 34:3 45:20
section(1) 18:16
securities(3) 7:27 7:27 10:2
see(10) 20:18 23:19 27:13 37:22 44:14
46:15 53:14 55:2 55:15 56:1
seek(2) 24:22 50:25
seeking(2) 50:13 52:18
seeks(1) 14:6
seem(1) 60:15
seems(5) 20:22 39:12 48:10 60:5 60:9
seen(4) 15:17 49:22 49:23 50:15
seife(1) 5:28
seiler(1) 9:23
selber(1) 3:22
self-fulfilling(1) 47:5
senior(1) 31:21
sense(8) 12:11 12:12 29:21 30:1 46:23
55:23 57:14 60:6
sent(1) 19:2 34:22
sentence(1) 55:12
separate(1) 36:1
serve(2) 27:23 28:4
service(2) 1:39 1:46
services(1) 1:39
set(3) 13:22 14:1 23:5 41:18 43:13
43:13
settled(7) 14:20 15:4 15:5 15:6 29:19
29:21 35:23
settlement(7) 29:18 29:25 30:8 32:10
32:11 33:7 44:5
seven(1) 16:17
sever(1) 35:25
several(2) 21:23 49:13
severance(1) 34:23
severing(1) 34:20
shamah(1) 6:32
shannon(1) 7:46
shareholder(1) 61:5
shareholders(1) 45:22
shaw(1) 9:5
she(1) 61:21
sheron(2) 4:8 17:3
ship(1) 30:5
short(4) 38:7 39:22 51:21 64:9
shortly(1) 64:3
shot(1) 13:15 25:5

should(33) 14:18 20:11 25:15 28:16 28:18
29:4 29:9 30:17 31:9 32:9 33:13 34:11
37:25 38:11 38:12 38:13 38:15 38:15 39:7
41:22 46:3 49:1 52:7 53:6 53:19 54:1
54:1 56:23 58:24 58:25 60:1 60:19 61:14
shouldn't(4) 28:5 52:6 57:15 57:16
shulte(2) 9:9 9:10
side(5) 15:11 21:1 21:8 36:24 61:19
sidelines(1) 32:20
sides(3) 36:17 42:6 61:13
sideshow(1) 54:24
sidley(2) 1:23 6:9
sieg(1) 10:34
siegel(1) 4:2
sieger(1) 8:4
sign(2) 33:19 46:21
signal(1) 18:20
significant(2) 50:3 51:17
silverstein(1) 3:22
similar(1) 25:19
simon(2) 4:39 62:7
simply(6) 13:17 16:16 27:2 38:20 47:23
64:11
since(3) 19:24 25:21 49:11
sir(1) 15:22
sit(2) 26:5 32:24
sitting(1) 54:8
situation(3) 44:13 44:15 47:5
situations(1) 47:2
six(2) 25:10 57:21
skype(1) 53:10
slater(1) 7:35
slcfc(2) 25:2 25:12
slow(4) 23:6 32:14 35:8 46:16
small(3) 55:5 55:6 61:4
smaller(1) 42:7
smalley(1) 8:8
smoothly(1) 47:7
solely(2) 16:9 59:9
some(24) 13:23 25:18 25:18 26:15 29:23
31:5 31:24 32:6 32:22 34:25 42:7 42:9
42:13 44:23 46:11 48:15 49:15 50:18
51:19 51:24 53:19 53:19 57:13 63:14
somebody(1) 18:6
somehow(2) 21:24 31:6
someone(1) 46:10
something(4) 25:19 46:7 51:10 60:3
somewhat(2) 36:9 57:3
sondgeroth(1) 10:38
soon(1) 40:12
sooner(1) 43:24
sort(2) 48:16 54:7
sottile(26) 2:30 13:5 13:8 13:8 13:14 14:3
14:13 14:16 15:1 15:8 15:13 15:18 15:24
16:24 33:10 35:13 36:13 36:14 41:3
41:15 41:24 42:23 43:4 43:18 48:9
sought(3) 27:22 37:18 59:10
sound(2) 1:45 64:21
south(1) 1:26
southern(3) 34:5 34:6 36:4
spaeder(3) 2:29 5:33 13:9
spalding(1) 11:3
speak(4) 15:11 16:25 21:4 56:8
speaking(2) 54:8 62:3
speaks(1) 20:14
special(2) 9:44 13:9
sperling(1) 7:35
split(1) 61:12
spouses(1) 63:2
square(3) 3:10 3:32 4:3
stage(2) 30:4 32:22
stand(3) 12:26 36:8 64:17
standing(2) 43:1 54:7
stands(1) 44:3
standstill(1) 29:10

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **stanley**(3) 2:36 11:11 62:17 | | **successor**(1) 17:5 | | **that**(301) 12:7 12:8 12:10 12:15 12:17 | | **the**(301) 1:1 1:2 1:19 4:23 8:7 9:45 12:3 | |
| **stargatt**(1) 3:30 | | **such**(4) 21:12 34:5 34:22 47:24 | | 12:23 12:26 13:6 13:25 14:4 14:8 14:19 | | 12:5 12:5 12:9 12:10 12:10 12:12 12:14 | |
| **stark**(1) 8:11 | | **sufficiently**(1) 36:10 | | 14:20 14:20 14:20 14:21 14:22 14:24 15:3 | | 12:14 12:15 12:16 12:16 12:18 12:19 | |
| **start**(6) 19:16 24:14 40:8 42:5 55:18 55:25 | | **suggest**(1) 51:16 | | 15:4 15:13 15:16 15:19 15:22 15:25 16:7 | | 12:20 12:21 12:24 12:25 12:25 12:26 13:1 | |
| **started**(2) 27:17 43:14 | | **suggested**(5) 51:25 52:1 57:7 57:13 63:16 | | 16:11 16:12 16:12 16:13 16:16 16:16 | | 13:4 13:5 13:5 13:7 13:9 13:10 13:11 | |
| **state**(24) 8:28 9:36 17:7 17:23 20:8 23:15 | | **suggesting**(1) 52:22 | | 16:19 16:20 17:8 17:11 17:15 17:17 17:22 | | 13:12 13:13 13:14 13:15 13:16 13:17 | |
| 28:10 29:13 31:25 33:23 34:1 36:4 39:10 | | **suggestion**(2) 24:13 25:14 | | 18:1 18:2 18:8 18:12 18:18 18:20 18:21 | | 13:18 13:18 13:18 13:19 13:21 13:21 | |
| 39:16 42:11 44:18 52:20 54:9 56:25 58:21 | | **suite**(4) 1:33 2:19 2:32 2:39 | | 18:23 19:3 19:5 19:17 19:25 20:4 20:5 | | 13:21 13:21 13:22 13:23 13:24 13:25 14:1 | |
| 58:23 59:7 60:6 63:3 | | **sullivan**(2) 2:10 2:11 | | 20:7 20:8 20:11 20:11 20:13 20:14 21:4 | | 14:1 14:2 14:3 14:4 14:5 14:6 14:6 14:6 | |
| | | **summary**(1) 25:24 | | 21:5 21:7 21:10 21:22 21:24 22:1 22:3 | | 14:7 14:8 14:8 14:9 14:10 14:10 14:11 | |
| **stated**(3) 18:18 63:6 63:7 | | **supplement**(2) 32:2 32:19 | | 22:5 22:14 22:14 23:13 23:13 23:15 23:18 | | 14:15 14:17 14:22 14:23 14:24 15:2 15:2 | |
| **statement**(3) 26:7 44:11 63:16 | | **support**(2) 15:21 33:7 | | 23:19 23:21 23:21 23:24 24:2 24:7 24:8 | | 15:3 15:5 15:7 15:11 15:12 15:14 15:16 | |
| **statements**(2) 43:16 55:1 | | **supports**(1) 23:16 | | 24:9 24:14 24:16 24:17 24:17 24:20 24:21 | | 15:16 15:16 15:17 15:17 15:18 15:19 | |
| **states**(3) 1:1 1:20 44:15 | | **supposed**(2) 30:25 55:18 | | 25:7 25:14 25:22 26:3 26:5 26:6 26:9 | | 15:20 15:21 15:25 15:25 16:2 16:3 16:4 | |
| **status**(4) 29:24 35:6 58:14 60:7 | | **sure**(9) 21:13 26:12 30:19 35:6 45:5 47:3 | | 26:11 26:16 26:18 26:18 26:19 26:24 | | 16:4 16:5 16:6 16:6 16:7 16:7 16:9 16:9 | |
| **statute**(1) 55:19 | | 59:10 61:11 61:24 | | 27:14 27:1 27:2 27:3 27:7 27:10 27:16 | | 16:10 16:10 16:11 16:14 16:14 16:15 | |
| **stay**(58) 19:18 14:6 14:12 14:17 16:3 | | | | 27:17 27:20 27:20 27:25 28:4 28:5 28:6 | | 16:15 16:17 16:18 16:19 16:20 16:21 | |
| 16:11 17:11 18:24 18:25 19:1 19:6 19:14 | | **survive**(1) 44:19 | | 28:6 28:6 28:8 28:13 28:17 28:17 28:18 | | 16:22 16:23 16:25 17:1 17:2 17:6 17:7 | |
| 20:13 21:24 23:21 24:10 26:23 27:2 27:4 | | **suspend**(1) 13:20 | | 28:19 28:20 28:21 28:22 28:22 29:4 29:9 | | 17:7 17:9 17:10 17:10 17:11 17:11 17:11 | |
| 27:5 27:10 27:21 27:25 28:5 28:13 28:16 | | **suttonbrook**(2) 8:35 8:36 | | 29:9 29:10 29:12 29:14 29:14 29:16 30:2 | | 17:12 17:13 17:14 17:16 17:18 17:21 | |
| 28:17 28:18 30:1 30:15 30:22 31:11 31:11 | | **sympathize**(1) 48:24 | | 30:4 30:7 30:9 30:13 30:15 30:18 30:18 | | 17:22 17:22 17:24 17:24 18:4 18:5 18:6 | |
| 34:12 34:15 36:7 37:6 37:13 37:16 37:18 | | **table**(1) 25:9 | | 31:2 31:3 31:6 31:6 31:10 31:19 32:13 | | 18:7 18:9 18:9 18:11 18:12 18:12 18:13 | |
| 37:25 38:3 40:15 40:24 41:23 42:16 43:1 | | **take**(14) 13:20 16:11 16:12 17:25 19:17 | | 32:17 33:8 33:12 33:13 33:18 33:20 34:4 | | 18:13 18:15 18:15 18:16 18:18 18:19 | |
| 47:22 51:9 53:17 53:18 53:25 54:8 57:6 | | 21:16 21:22 29:7 33:15 42:13 46:2 51:23 | | 34:7 34:17 34:17 34:20 34:23 34:24 35:2 | | 18:21 18:21 18:22 18:24 18:25 18:25 19:4 | |
| 58:25 61:14 63:6 63:9 | | 52:8 55:10 | | 35:3 35:4 35:5 35:6 35:7 35:15 35:21 | | 19:7 19:11 19:12 19:13 19:14 19:15 19:16 | |
| | | | | 35:22 35:22 35:25 35:26 36:9 36:12 36:14 | | 19:18 19:18 19:19 19:19 19:20 19:20 | |
| **stayed**(8) 25:4 29:4 29:15 32:21 33:13 | | **taken**(1) 25:6 | | 36:18 36:19 36:19 36:21 36:23 37:3 37:4 | | 19:21 19:22 19:22 20:1 20:3 20:6 20:6 | |
| 34:4 38:15 39:16 | | **takes**(1) 46:22 | | 37:5 37:5 37:11 37:14 37:16 37:18 37:22 | | 20:8 20:9 20:10 20:10 20:11 20:12 20:13 | |
| | | **taking**(2) 47:19 50:13 | | 37:24 37:25 37:25 38:1 38:3 38:8 38:9 | | 20:14 20:15 20:19 20:20 20:20 21:1 21:3 | |
| **stays**(9) 38:15 50:7 51:8 58:23 59:14 60:1 | | **talk**(4) 17:1 30:25 46:24 60:23 | | 38:11 38:16 38:23 38:24 39:1 39:3 39:5 | | 21:9 21:11 21:14 21:17 21:20 21:21 21:24 | |
| 60:4 60:6 60:19 | | **talked**(1) 27:9 | | 39:6 39:9 39:12 39:13 39:13 39:18 39:19 | | 21:25 22:2 22:3 22:6 22:7 22:8 22:8 22:8 | |
| | | **talking**(4) 51:9 51:11 57:11 60:16 | | 40:1 40:5 40:7 40:7 40:8 40:11 40:11 | | 22:9 22:11 22:11 22:12 22:13 22:16 22:18 | |
| **ste**(2) 2:6 2:12 | | **tammy**(1) 64:26 | | 40:15 40:25 41:2 41:7 41:9 41:11 41:11 | | 22:20 22:21 22:23 22:23 23:1 23:2 23:3 | |
| **ste.200**(1) 4:17 | | **task**(2) 23:25 23:25 | | 41:17 41:19 41:24 42:2 42:2 42:3 42:3 | | 23:3 23:9 23:11 23:12 23:13 23:13 23:15 | |
| **stearn**(1) 3:9 | | **tasks**(1) 45:14 | | 42:6 42:9 42:10 42:12 42:14 42:15 42:21 | | 23:15 23:16 23:17 23:18 23:21 23:22 | |
| **steering**(1) 20:25 | | **taylor**(1) 3:30 | | 42:24 42:25 43:1 43:8 43:9 43:10 43:11 | | 23:24 23:25 24:1 24:1 24:2 24:3 24:5 | |
| **stein**(1) 4:9 | | **teachers**(1) 9:37 | | 43:13 43:13 43:14 43:19 43:20 43:21 | | 24:6 24:6 24:6 24:7 24:7 24:8 24:9 24:10 | |
| **steinberg**(1) 11:4 | | **teitelbaum**(6) 3:37 3:38 54:5 54:6 54:6 | | 43:22 44:1 44:4 44:7 44:10 44:12 44:12 | | 24:10 24:12 24:13 24:13 24:15 24:15 | |
| **stephen**(1) 3:23 | | 57:20 | | 44:14 44:14 44:18 44:25 45:3 45:5 45:16 | | 24:16 24:18 24:19 24:21 24:22 24:22 | |
| **stepped**(1) 25:6 | | | | 45:18 45:24 46:2 46:2 46:8 46:12 46:12 | | 24:23 24:23 24:24 24:24 24:24 24:25 25:1 | |
| **stepping**(1) 47:14 | | **telephone**(2) 53:9 64:7 | | 46:14 46:15 46:17 46:18 46:21 46:22 | | 25:1 25:2 25:2 25:3 25:7 25:7 25:9 25:10 | |
| **steps**(3) 19:16 19:16 27:18 | | **telephonic**(1) 5:23 | | 46:23 46:24 47:1 47:2 47:3 47:5 47:6 | | 25:11 25:12 25:12 25:16 25:17 25:17 26:4 | |
| **stevens**(1) 11:7 | | **tell**(2) 17:14 40:6 | | 47:6 47:12 47:14 47:17 47:18 47:20 47:21 | | 26:4 26:4 26:8 26:9 26:12 26:13 26:13 | |
| **stewardship**(1) 31:24 | | **telling**(3) 56:19 56:21 58:3 | | 47:23 48:1 48:2 48:3 48:7 48:10 | | 26:14 26:15 26:15 26:16 26:16 26:17 | |
| **sticking**(1) 18:10 | | **tells**(2) 18:6 44:4 | | | | 26:18 | |
| **still**(5) 26:6 41:9 43:11 59:14 59:25 | | **tend**(1) 64:10 | | **that**(142) 48:10 48:12 48:17 48:17 48:20 | | | |
| **stock**(1) 61:4 | | **terminated**(2) 17:12 30:23 | | 48:21 48:22 48:25 49:1 49:3 49:5 49:5 | | | |
| **stood**(1) 17:20 | | **terms**(1) 14:11 | | 49:9 49:15 49:16 49:18 49:24 49:24 49:25 | | | |
| **stop**(1) 33:4 | | **test**(1) 51:7 | | 50:2 50:3 50:4 50:5 50:5 50:6 50:9 50:10 | | | |
| **stopping**(1) 18:11 | | **than**(7) 23:25 28:12 41:2 48:5 51:16 | | 50:12 50:16 50:18 50:19 50:20 50:23 51:2 | | | |
| **stradley**(1) 11:7 | | 51:25 54:8 | | 51:3 51:4 51:7 51:9 51:10 51:12 51:16 | | | |
| **strauss**(5) 2:43 8:41 9:27 15:10 23:11 | | | | 51:17 51:22 51:24 52:3 52:4 52:9 52:9 | | | |
| **strawn**(1) 10:42 | | **thank**(22) 13:7 15:7 15:8 16:23 23:9 | | 52:12 52:15 52:21 52:22 52:25 53:1 53:3 | | | |
| **streamline**(1) 39:11 | | 35:11 35:12 43:3 43:4 54:3 54:4 58:16 | | 53:5 53:7 53:11 53:21 53:23 53:25 54:1 | | | |
| **street**(14) 1:11 1:40 2:12 2:19 2:31 2:38 | | 58:17 60:22 60:24 62:4 62:12 62:13 62:23 | | 54:8 54:11 54:12 54:12 54:15 54:16 54:21 | | | |
| 3:11 3:17 3:25 3:33 3:45 4:29 4:41 5:4 | | 63:9 63:10 64:16 | | 55:2 55:7 55:8 55:9 55:11 55:15 55:12 | | | |
| | | | | 55:17 55:20 56:1 56:3 56:4 56:12 56:12 | | | |
| **striking**(1) 40:20 | | | | 56:14 56:15 56:18 56:22 56:23 56:23 | | | |
| **string**(1) 58:11 | | | | 56:24 56:24 57:5 57:9 57:13 57:18 58:6 | | | |
| **stromberg**(1) 6:12 | | | | 58:9 58:11 58:23 58:25 59:4 59:4 59:5 | | | |
| **struck**(2) 36:15 38:8 | | | | 59:5 59:9 59:10 59:11 59:13 59:14 59:15 | | | |
| **stuck**(1) 16:19 | | | | 59:19 59:21 59:22 59:23 59:24 59:24 60:3 | | | |
| **subject**(9) 14:10 27:21 28:23 30:8 33:24 | | | | 60:8 60:9 60:16 60:16 60:19 60:22 61:10 | | | |
| 34:7 34:18 35:16 48:14 | | | | 61:13 61:16 61:25 62:1 62:2 62:20 62:21 | | | |
| | | | | 63:7 63:15 63:20 63:22 63:22 63:24 64:5 | | | |
| | | | | 64:6 64:10 64:16 64:20 | | | |
| **submission**(1) 19:19 | | | | | | | |
| **submissions**(1) 22:12 | | | | **that's**(40) 12:8 12:17 14:13 15:1 16:4 | | | |
| **submit**(4) 13:19 17:12 19:15 36:14 | | | | 18:2 20:15 22:7 22:11 23:6 23:7 25:13 | | | |
| **submitted**(3) 16:16 24:12 31:1 | | | | 32:17 34:25 37:14 39:25 40:5 40:5 43:8 | | | |
| **subsequent**(2) 59:12 59:16 | | | | 44:5 44:5 44:22 45:10 45:17 46:1 46:3 | | | |
| **subsequently**(1) 13:14 | | | | 46:4 47:20 48:18 48:23 50:24 50:25 51:11 | | | |
| **substance**(1) 35:14 | | | | 52:19 56:5 56:7 57:4 57:4 63:14 64:12 | | | |
| **substantial**(3) 36:24 42:7 49:4 | | | | | | | |
| **substantially**(4) 37:15 37:23 41:12 42:15 | | | | | | | |
| **substantive**(2) 27:20 42:13 | | | | | | | |
| **substantively**(1) 13:16 | | | | | | | |
| **substituted**(1) 25:1 | | | | | | | |
| **substitutions**(1) 59:20 | | | | | | | |
| **successful**(1) 30:12 | | | | | | | |

| Word | Page:Line |
|---|---|
| **the**(301) 26:20  26:20  26:21  26:22  26:24 27:1  27:4  27:6  27:6  27:9  27:10  27:18 27:22  27:22  27:23  28:1  28:3  28:6  28:7 28:10  28:10  28:14  28:15  28:15  28:16 28:16  28:17  28:17  28:20  28:22  28:23 28:25  29:2  29:3  29:4  29:6  29:7  29:7  29:8 29:8  29:11  29:13  29:14  29:15  29:16  29:17 29:18  29:18  29:19  29:21  29:22  29:22 29:24  29:24  29:24  29:25  30:2  30:3  30:4 30:5  30:5  30:8  30:9  30:9  30:10  30:11 30:11  30:14  30:14  30:16  30:16  30:19 30:22  30:22  30:25  31:3  31:8  31:9  31:12 31:15  31:16  31:16  31:18  31:19  31:20 31:21  31:21  31:21  31:22  31:23  31:24 31:25  31:25  31:25  32:2  32:3  32:7  32:7 32:9  32:10  32:11  32:12  32:12  32:17  32:19 32:21  32:23  32:23  32:25  33:3  33:4  33:5 33:7  33:8  33:10  33:11  33:12  33:13  33:15 33:15  33:16  33:17  33:18  33:20  33:21 33:22  33:25  34:2  34:3  34:4  34:5  34:6 34:6  34:7  34:9  34:9  34:10  34:11  34:12 34:15  34:15  34:15  34:16  34:17  34:20 34:20  34:22  34:24  35:2  35:4  35:4  35:5 35:6  35:8  35:8  35:9  35:9  35:11  35:13 35:14  35:15  35:16  35:18  35:18  35:19 35:20  35:21  35:23  35:23  36:1  36:3 36:4  36:4  36:5  36:7  36:7  36:12  36:14 36:15  36:17  36:19  36:19  36:20  36:21 36:24  37:2  37:3  37:6  37:6  37:8  37:8  37:9 37:10  37:12  37:12  37:13  37:15  37:16 37:16  37:16  37:17  37:18  37:19  37:20 37:20  37:21  37:22  37:22  38:1  38:2  38:4 38:8  38:10  38:10  38:11  38:11  38:13  38:17 38:19  38:24  38:25  39:1  39:2  39:4  39:4 39:5  39:5  39:8  39:9  39:10  39:11  39:14 39:15  39:16  39:18  39:19  39:19  39:20 39:21  39:23  39:24  39:25  39:25  40:2  40:2 40:4  40:7  40:8  40:10  40:11  40:11  40:13 40:14  40:15  40:16  40:17  40:17  40:18 40:20  40:22  41:1  41:5  41:6  41:7  41:11 41:12  41:13  41:13  41:16  41:16  41:18 41:19  41:19  41:20  41:20  41:21  41:21 41:25  42:2  42:3  42:4  42:4  42:4  42:5  42:7 42:11  42:11  42:12  42:15  42:19  42:20 42:23  42:24  42:25  43:3  43:6  43:6  43:13 43:14  43:16 | |
| **the**(301) 43:17  43:17  43:19  43:20  43:23 44:1  44:4  44:7  44:7  44:11  44:13  44:17 44:20  44:21  44:22  44:24  44:24  45:1  45:2 45:3  45:3  45:4  45:5  45:6  45:7  45:8  45:10 45:15  45:17  45:25  46:1  46:8  46:9 46:11  46:13  46:14  46:17  46:18  46:19 46:20  46:20  46:21  46:22  47:1  47:1  47:4 47:6  47:6  47:7  47:9  47:17  47:17  47:18 47:18  47:25  48:1  48:2  48:3  48:5  48:10 48:10  48:11  48:14  48:18  48:22  48:24 48:25  49:1  49:2  49:3  49:3  49:8  49:10 49:13  49:14  49:15  49:16  49:16  49:19 49:20  49:21  49:23  50:1  50:2  50:5  50:5 50:6  50:7  50:8  50:9  50:10  50:11  50:13 50:17  50:17  50:17  50:18  50:18  50:19 50:19  50:22  50:24  51:2  51:3  51:4  51:6 51:7  51:7  51:8  51:8  51:10  51:13  51:14 51:14  51:15  51:15  51:21  51:22  51:23 51:24  52:1  52:3  52:5  52:6  52:9  52:17 52:17  52:19  52:20  52:22  52:25  53:1  53:2 53:2  53:5  53:8  53:9  53:13  53:15  53:16 53:16  53:17  53:17  53:18  53:18  53:19 53:20  53:22  53:25  53:25  54:1  54:4  54:6 54:8  54:9  54:11  54:12  54:12  54:13  54:13 54:14  54:17  54:18  54:18  54:18  54:19 54:21  54:23  54:23  54:25  54:25  55:2  55:3 55:3  55:7  55:7  55:8  55:10  55:11  55:12 55:17  55:19  55:20  55:22  56:2  56:8  56:12 56:13  56:14  56:14  56:15  56:23  56:24 56:25  57:1  57:4  57:4  57:4  57:5  57:8 57:10  57:18  57:18  57:21  57:23  57:25  58:2 58:3  58:8  58:8  58:9  58:14  58:17  58:20 58:21  58:22  58:23  58:25  59:3  59:5  59:7 59:8  59:10  59:12  59:13  59:14  59:17  59:18 59:20  59:22  60:1  60:2  60:3  60:4  60:6 60:6  60:7  60:7  60:9  60:19  60:24  61:1 61:5  61:5  61:7  61:8  61:12  61:13  61:13 61:14  61:15  61:19  61:19  61:21  61:23 61:23  62:2  62:2  62:4  62:5  62:7  62:8 62:12  62:14  62:14  62:18  62:19  62:19 62:21  62:23  63:3  63:5  63:6  63:6  63:7 63:7  63:8  63:8  63:10  63:13  63:14  63:15 63:18  63:19  63:20  63:21  63:23  64:1  64:3 64:4  64:6  64:7  64:9  64:10  64:11  64:16 64:18  64:20  64:21  64:21 | |
| **the**(1) 64:22 | |
| **their**(28) 17:25  17:25  18:10  18:15  22:23 23:5  31:1  31:8  35:6  36:11  36:20  36:25 45:13  45:15  45:15  46:2  46:6  50:24  50:25 51:1  51:20  52:7  52:23  52:23  55:24  55:25 63:2  63:2 | |
| **them**(19) 12:12  12:21  15:6  23:6  24:10 24:10  25:4  30:21  32:16  33:15  33:15  33:16 33:24  37:22  48:11  51:14  52:2  54:15  55:15 | |
| **theme**(2) 12:11  39:5 | |
| **themselves**(3) 23:4  50:11  50:14 | |
| **then**(22) 12:14  12:14  16:3  19:10  19:21 24:15  24:22  24:24  25:3  25:11  26:21  28:13 31:25  34:9  34:21  36:1  38:5  44:8  44:9 51:14  51:15  57:2 | |
| **there**(74) 13:1  14:16  14:19  19:1  20:8 20:17  20:24  21:1  22:14  24:12  25:8 25:13  25:15  25:20  25:21  25:22  25:23  26:6 27:16  27:21  28:18  29:5  30:10  30:18  32:5 32:14  33:2  33:11  34:1  34:13  35:1  36:16 37:8  37:25  38:3  38:21  39:1  39:7  39:13 40:7  40:24  41:9  42:13  42:21  45:13  45:21 49:1  50:6  50:14  50:14  51:2  51:4  52:16 52:18  52:18  52:23  53:18  54:20  55:1  55:2 55:18  56:25  58:1  59:10  59:15  59:15  59:19 59:25  59:25  60:13  60:15  64:13  64:13 | |
| **thereafter**(1) 64:4 | |
| **therefore**(2) 27:22  40:14 | |
| **there's**(20) 12:6  19:24  20:24  22:17  25:7 29:10  30:19  33:4  36:19  42:12  43:11  43:18 47:1  47:2  50:3  50:5  52:15  57:25  59:16 59:17 | |
| **these**(33) 17:18  19:22  22:10  24:14  25:14 31:23  32:5  33:6  38:6  38:18  38:22  39:11 40:1  40:4  40:23  41:10  43:20  43:21  44:18 45:20  47:23  47:24  48:21  49:18  50:15 50:24  52:13  54:14  55:14  55:18  60:4  61:1 61:7 | |
| **they**(59) 13:2  15:19  16:5  18:6  21:5  23:3 23:3  23:4  23:5  23:6  24:11  31:3  31:4  31:5 31:7  32:8  32:13  33:13  34:11  34:23  36:2 36:25  38:2  38:4  39:6  39:13  41:19  44:8 44:9  44:9  44:19  44:25  45:1  45:14  48:24 49:1  50:2  50:9  50:10  50:10  50:12  50:12 50:16  50:16  50:21  50:23  51:1  51:5  51:20 51:25  52:5  52:6  52:6  52:7  54:17  58:5 58:7  59:22  59:24 | |
| **they'd**(1) 22:25 | |
| **they're**(7) 15:5  30:12  31:7  32:6  32:8  42:1 46:21 | |
| **they've**(1) 51:17 | |
| **thing**(5) 44:8  45:25  48:18  56:5  61:11 | |
| **things**(9) 19:24  27:16  42:21  43:20  46:16 46:17  50:9  52:14  61:25 | |
| **think**(78) 12:14  13:4  16:16  17:15  18:23 19:25  20:15  20:17  21:7  22:2  22:2  22:7 24:4  25:14  26:1  26:18  27:21  28:6  28:21 28:22  29:4  29:13  30:23  31:3  32:17  33:2 35:11  36:8  38:8  38:16  39:2  39:5  39:24 40:20  41:1  41:3  41:24  42:24  43:22  45:19 46:12  46:14  47:7  47:15  47:16  48:5  48:19 48:23  49:2  49:5  49:9  49:17  50:4  51:6 51:9  51:11  51:17  51:19  51:25  53:13  54:16 55:23  56:1  56:6  56:8  56:11  56:12  56:17 61:8  61:25  64:8 | |
| **thinks**(1) 59:24 | |
| **third**(6) 10:14  21:23  33:5  44:21  45:25 | |
| **this**(106) 13:17  14:11  15:24  16:12  16:17 17:15  18:18  19:7  21:3  22:16  23:17  23:18 23:20  24:17  24:18  26:14  26:17  27:11 27:19  28:8  28:19  28:22  29:10  30:7  31:11 32:3  33:3  33:20  34:18  36:18  38:17  38:23 39:6  39:8  39:17  39:18  39:20  39:22  39:24 40:6  40:12  40:18  42:14  43:1  43:7  43:15 44:11  44:15  45:12  45:18  45:22  45:25  46:5 46:5  46:6  47:8  47:9  47:16  47:19  48:6 48:8  48:15  49:12  49:12  49:17  50:16  50:20 51:20  53:21  54:13  54:19  54:19  55:5  55:6 55:16  55:25  56:5  56:6  56:11  56:14  56:16 56:17  56:19  56:21  57:9  57:10  57:11  57:12 57:16  57:21  58:6  58:8  58:10  58:11  59:4 59:6  59:15  60:2  60:10  60:14  60:23  61:11 63:3  63:13  64:9  64:17 | |
| **thomas**(3) 2:5  5:27  6:17 | |
| **thornburg**(1) 2:36 | |
| **those**(41) 14:17  18:18  18:20  23:19  24:11 24:19  27:7  27:18  29:3  30:7  30:20  31:17 32:2  32:8  32:15  32:18  32:20  32:21  32:25 33:25  34:10  34:22  35:10  35:25  36:3  36:6 36:16  36:23  38:9  39:14  40:21  46:20  47:2 49:2  50:21  50:22  58:11  60:18  61:15  61:20 61:25 | |
| **though**(1) 49:3 | |
| **thought**(4) 12:11  17:16  35:7  50:8 | |
| **thoughts**(1) 22:1 | |
| **threatens**(1) 49:5 | |
| **three**(4) 21:23  35:10  55:11  61:1 | |
| **three-fold**(1) 45:13 | |
| **through**(6) 14:17  22:12  28:4  32:22  53:19 54:15 | |
| **throughout**(1) 50:23 | |
| **thursday**(1) 12:1 | |
| **tiger**(1) 32:14 | |
| **time**(30) 13:23  19:14  23:1  24:9  26:13 26:17  27:3  27:23  28:3  29:17  30:23  34:5 37:16  38:1  38:3  40:25  41:12  41:20  42:12 43:19  43:21  43:23  47:24  49:23  51:21 51:22  57:12  58:14  61:21  64:10 | |
| **times**(1) 4:3 | |
| **timing**(1) 28:20 | |
| **timing-wise**(1) 34:19 | |
| **timothy**(1) 9:46 | |
| **tingley**(1) 61:17 | |
| **today**(15) 33:18  34:11  35:3  41:2  44:7  44:8 49:11  50:19  50:20  52:16  53:22  54:12 57:19  64:5  64:14 | |
| **today's**(3) 12:6  16:13  20:1 | |
| **toes**(1) 39:23 | |
| **together**(5) 12:12  53:17  53:24  61:20  61:25 | |
| **told**(5) 14:25  17:21  24:19  26:5  32:4 | |
| **toll**(2) 24:10  24:22 | |
| **ton**(1) 52:18 | |
| **too**(2) 40:17  42:10 | |
| **took**(1) 18:20 | |
| **top**(1) 55:7 | |
| **torres**(3) 4:7  8:20  17:4 | |
| **totally**(1) 52:14 | |
| **touched**(2) 23:21  60:3 | |
| **towards**(2) 59:23  60:10 | |
| **track**(1) 47:8 | |
| **trail**(1) 46:17 | |
| **train**(1) 23:5 | |
| **transactions**(1) 29:23 | |
| **transcriber**(1) 64:26 | |
| **transcript**(6) 1:18  1:46  19:19  20:8  24:6 64:21 | |
| **transcription**(2) 1:39  1:46 | |
| **transfer**(15) 13:1  13:11  13:12  13:15  13:17 13:21  15:19  16:1  16:8  16:9  16:18  34:18 35:10  48:13  48:14 | |
| **transferred**(7) 16:15  22:4  26:25  28:7  34:5 36:3  39:16 | |
| **travels**(1) 28:13 | |
| **trial**(3) 17:18  26:15  26:20 | |
| **tribune**(10) 1:18  4:33  4:33  5:15  6:9  6:21 15:20  16:10  58:20  63:1 | |
| **tried**(1) 18:9 | |
| **tripping**(1) 39:23 | |
| **troum**(1) 11:8 | |
| **true**(2) 16:1  30:13 | |
| **truly**(1) 55:9 | |
| **truncated**(1) 52:2 | |
| **trust**(8) 2:10  8:19  10:25  11:3  24:25  30:17 48:25  54:15 | |
| **trustee**(4) 17:5  24:24  25:6  31:12 | |
| **trustees**(5) 17:6  17:10  23:16  24:14  32:1 | |
| **trusts**(1) 63:2 | |
| **truth**(1) 22:2 | |
| **try**(1) 59:1 | |
| **trying**(6) 22:3  26:4  28:15  43:9  44:16  61:22 | |
| **turn**(4) 12:18  26:21  29:6  35:14 | |
| **turned**(1) 29:16 | |
| **turns**(1) 60:14 | |
| **twists**(1) 60:14 | |
| **two**(9) 12:6  12:10  17:6  26:14  36:16  38:9 48:21  57:2  61:16 | |
| **tyler**(2) 9:32  9:32 | |
| **ultimately**(3) 51:6  51:25  59:25 | |
| **uncertain**(1) 44:17 | |
| **unclear**(1) 30:4 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**under**(9) 13:18  14:23  15:5  24:25  25:5  25:17  28:1  31:21  52:20

**undercut**(1) 60:8
**underlying**(1) 50:22
**understand**(4) 22:21  28:15  48:25  48:25
**understandable**(1) 59:11
**understood**(2) 18:12  52:11
**undisputed**(1) 27:20
**undue**(1) 40:13
**unexpected**(1) 60:14
**unfettered**(1) 17:13
**unique**(2) 49:10  54:7
**united**(2) 1:1  1:20
**universe**(1) 59:17
**university**(1) 61:3
**unknown**(1) 57:5
**unless**(1) 23:8
**unnecessarily**(1) 31:15
**unnecessary**(2) 27:23  28:12
**unravel**(1) 58:12
**unsecured**(2) 2:17  5:25
**unsettled**(2) 33:12  35:4
**unsubstantiated**(1) 31:10

**until**(31) 13:21  16:3  16:10  16:19  16:20  19:9  19:11  19:12  19:22  24:10  24:15  24:23  25:4  25:15  26:6  26:23  27:3  29:4  29:10  33:4  33:13  34:5  37:6  43:19  43:23  47:24  48:7  58:1  59:21  59:25  60:17

**unusual**(1) 36:9
**upon**(2) 19:6  44:20
**urge**(3) 53:17  58:13  63:8
**urging**(1) 32:3
**usa**(1) 10:2
**usb**(2) 7:27  7:27
**used**(1) 21:16
**vacate**(4) 13:12  13:15  16:8  22:9
**valid**(1) 20:4
**valuable**(1) 56:25
**value**(1) 36:25
**vanschyndle**(1) 8:12
**various**(1) 61:13
**version**(1) 44:21
**very**(12) 17:15  38:19  40:18  41:11  44:15  44:17  50:7  50:9  62:6  64:12  64:16

**view**(5) 13:20  48:1  48:3  56:15  61:7
**views**(4) 34:11  36:11  39:24  40:3
**vigor**(2) 50:23  50:25
**vigorously**(2) 32:11  49:19
**virtually**(1) 58:5
**visible**(1) 52:16
**voiced**(1) 42:10
**voicing**(1) 47:13
**voluntarily**(1) 26:5
**voluntary**(1) 19:21
**wacker**(1) 5:10
**wait**(1) 52:4
**waited**(4) 19:11  19:12  19:13  19:13
**waiting**(3) 43:19  51:16  51:18
**waive**(1) 50:10
**walsh**(4) 11:13  62:16  62:16  62:19
**want**(27) 16:2  18:2  20:12  21:21  22:24  24:3  27:18  29:19  29:20  32:21  35:7  35:8  44:9  46:2  47:4  48:17  48:19  48:24  55:22  56:3  56:4  56:5  58:11  59:2  61:11  62:1  63:2

**wanted**(9) 18:6  18:12  24:9  25:4  26:12  32:13  52:6  62:10  62:20

**wanting**(1) 28:9
**wardwell**(2) 7:31  49:9

**was**(50) 14:16  14:22  14:23  16:16  16:24  17:15  18:21  19:1  19:21  20:7  21:15  23:12  23:18  24:5  24:7  24:12  24:17  24:20  24:21  25:13  25:15  25:20  26:5  26:6  26:12  26:19  29:14  29:15  29:15  30:3  30:6  32:10  34:16  35:21  47:22  48:13  48:14  50:9  52:9  53:20  53:21  55:11  55:16  55:18  55:19  55:23  56:19  59:10  63:20  64:18

**washington**(1) 2:33
**wasn't**(4) 46:4  55:20  56:9  57:18
**waste**(1) 57:17
**way**(10) 20:2  20:19  38:24  44:19  48:2  48:10  50:12  50:14  55:15  64:9

**webb**(2) 9:32  9:32
**weeds**(1) 53:1
**week**(2) 26:16  43:15
**weeks**(3) 26:14  43:12  57:21
**weigh**(2) 21:5  40:17
**weil**(2) 11:12  62:16
**weiss**(1) 7:44
**weitman**(1) 6:26
**well**(36) 12:13  12:16  12:23  15:22  19:19  20:15  20:16  21:15  22:11  23:2  25:24  26:8  30:6  30:17  31:5  32:14  34:14  37:8  43:19  43:24  45:3  45:8  46:3  46:9  46:14  47:11  50:2  52:3  52:9  52:12  53:7  55:15  55:15  56:10  57:20  60:22

**wells**(2) 7:18  10:20
**went**(1) 25:9
**were**(22) 17:8  17:16  25:18  26:4  26:8  29:25  31:16  33:3  33:17  36:2  36:18  37:12  38:25  40:2  42:10  46:21  50:9  51:20  55:2  55:17  55:20  63:22

**west**(1) 2:38
**we'd**(7) 12:8  16:21  20:12  21:7  21:10  27:2  57:1

**we'll**(4) 41:4  44:1  47:20  57:10
**we're**(26) 15:2  19:10  25:13  27:14  27:14  27:15  28:21  41:1  46:25  47:12  51:11  54:8  54:11  54:12  55:12  55:13  57:6  57:11  57:14  58:15  59:13  59:14  59:23  59:25  60:16  60:22

**we've**(13) 20:5  26:23  26:25  31:3  38:8  43:9  47:22  57:7  57:13  57:21  57:23  58:4  62:20

**wharton**(1) 7:44
**what**(72) 14:23  17:16  18:9  20:7  20:15  20:19  20:21  24:19  25:13  25:16  26:1  26:5  27:1  27:14  28:15  28:16  29:14  31:8  32:13  33:9  33:14  33:18  34:12  34:24  35:6  35:23  35:24  38:21  40:5  41:22  41:24  42:16  43:6  43:24  44:2  44:6  44:8  44:16  45:12  45:19  45:23  45:23  46:9  46:10  46:12  46:21  46:25  46:25  47:3  48:5  48:17  48:18  48:23  50:8  50:15  50:25  51:13  51:14  51:25  52:1  52:5  55:15  55:23  55:23  56:1  56:1  56:9  56:10  56:25  59:1  59:24  60:18

**whatever**(3) 33:24  51:8  61:13
**whatsoever**(1) 21:8
**what's**(6) 43:19  45:8  45:22  51:6  52:12  54:23

**when**(17) 13:2  15:24  17:20  18:5  18:6  20:14  20:23  22:25  27:14  27:21  28:16  28:22  38:14  38:15  48:11  53:21  56:8

**whenever**(2) 24:16  48:12
**where**(11) 12:26  15:5  15:6  19:5  27:19  34:25  38:6  39:22  40:23  57:7  59:10

**whereupon**(1) 64:18
**whether**(11) 14:23  20:2  21:11  38:21  38:25  39:7  40:7  40:24  42:1  44:20  48:13

| **which**(39) 13:11  13:23  14:5  14:6  14:9  14:19  15:17  18:25  19:2  20:9  21:22  22:21  24:4  24:8  24:21  25:17  25:25  26:22  27:3  29:19  30:6  31:5  31:7  31:12  31:12  31:24  31:25  32:10  34:7  34:10  42:20  45:4  45:14  46:15  48:3  48:6  49:4  60:20  64:8

**while**(5) 23:14  25:22  29:24  43:7  54:17
**white**(3) 3:40  7:18
**who**(9) 21:4  29:25  30:4  33:23  46:3  53:14  58:20  59:17  61:3

**whole**(1) 22:8
**whom**(1) 52:17
**whomever**(1) 12:21
**who's**(1) 61:4
**why**(9) 22:8  22:24  23:2  23:3  23:4  24:18  31:2  56:7  56:12

**wickersham**(1) 8:25
**will**(63) 13:22  14:20  16:12  16:13  16:14  19:9  20:7  20:8  20:13  21:24  22:4  22:5  23:6  24:25  25:11  25:25  27:4  27:21  28:7  28:22  30:20  31:2  31:2  31:6  36:19  36:25  37:23  38:7  39:10  40:1  40:8  41:3  41:5  41:11  41:21  41:24  43:21  43:22  44:19  46:3  50:4  50:6  50:16  50:17  51:2  51:4  51:7  52:8  54:11  54:20  54:21  55:7  56:16  56:16  56:20  56:20  56:22  57:22  58:1  58:8  59:20  64:17

**william**(1) 2:11
**willkie**(1) 10:2
**wilmington**(19) 1:12  1:34  2:7  2:10  2:13  2:20  2:40  3:12  3:18  3:26  3:34  3:46  4:18  4:30  4:42  5:5  5:19  10:25  12:1

**winston**(1) 10:42
**winter**(1) 57:21
**winterthur**(2) 4:39  62:8
**wish**(8) 17:17  21:5  62:5  62:15  62:23  63:10  63:23  64:8

**with**(110) 12:15  12:26  15:2  15:12  15:17  16:18  16:19  16:21  17:18  17:22  17:23  20:6  20:10  20:12  20:19  21:25  24:1  25:18  28:7  28:13  29:2  29:8  29:13  31:1  31:6  31:8  32:8  33:8  33:16  33:18  34:3  34:17  35:3  35:21  35:22  36:3  36:21  37:1  37:2  37:10  37:14  37:17  37:23  38:16  38:22  39:1  39:20  40:8  40:13  40:14  41:4  41:6  41:10  41:19  41:22  42:14  42:23  43:21  44:19  47:24  48:20  48:24  48:24  50:17  50:22  50:25  51:10  51:22  52:1  52:6  52:8  52:12  52:13  52:17  52:23  52:25  53:1  53:13  53:16  53:24  54:2  54:25  55:10  55:16  55:17  55:20  55:25  56:3  56:8  56:13  56:16  56:23  57:2  57:8  57:23  58:5  59:1  59:9  59:12  59:14  59:20  60:9  60:10  60:22  61:14  61:21  62:3  64:12

**within**(1) 16:17
**without**(4) 30:16  32:25  34:25  53:1
**wolfson**(1) 9:5
**womble**(1) 2:4
**won't**(1) 53:21
**woods**(1) 10:33
**word**(1) 51:11
**words**(3) 16:2  24:11  55:12
**work**(11) 22:17  22:25  37:9  37:11  37:14  41:6  42:2  42:4  43:8  43:15  55:25

**working**(1) 15:2
**worse**(1) 61:15

| **would**(68) 12:14  12:15  13:3  13:5  14:1  14:2  14:3  15:12  15:12  16:2  16:3  19:7  20:12  20:13  20:17  21:5  21:12  24:9  24:14  25:6  26:5  26:19  28:21  29:25  30:1  30:4  30:14  30:15  31:15  33:2  33:19  33:18  33:19  33:20  34:4  34:20  35:2  35:3  35:25  36:5  37:7  37:15  37:18  37:24  39:20  40:17  41:19  45:16  46:6  46:12  46:13  48:4  49:17  50:7  50:10  50:12  51:15  51:23  52:4  52:12  53:10  54:15  55:2  55:14  56:1  56:7  58:13  61:15  64:5

**wouldn't**(6) 26:9  35:7  35:8  42:19  42:19  46:7

**write**(1) 41:17
**written**(1) 40:4
**wtc**(1) 4:1
**www.diazdata.com**(1) 1:43
**year**(2) 27:19  29:11
**yes**(5) 21:11  22:13  22:23  45:10  63:18
**yesterday**(3) 19:2  27:6  27:11
**yesterday's**(1) 27:24
**yet**(6) 25:23  30:10  44:13  46:6  54:24  59:15
**york**(1) 2:26  2:47  3:5  4:4  4:11  4:24  8:28  10:21  27:3  28:14  36:5

**you**(126) 12:6  12:21  13:7  15:7  15:8  15:23  15:24  16:19  16:23  17:6  17:13  17:17  17:20  17:21  18:1  18:2  18:5  18:5  18:8  18:18  19:23  20:14  20:23  21:18  22:24  23:8  23:9  23:12  24:4  24:16  26:5  26:8  26:10  27:5  28:25  29:9  31:12  32:4  32:10  32:15  32:16  33:18  34:1  35:11  35:12  36:8  36:12  40:8  40:22  41:1  41:13  42:10  43:1  43:3  43:4  43:18  44:4  44:7  45:8  45:11  46:3  46:6  46:7  46:10  46:12  46:15  46:21  46:22  47:2  47:4  47:12  47:17  47:19  47:23  48:1  48:2  48:4  48:15  48:16  48:16  48:17  48:19  48:19  48:20  54:3  54:4  54:9  54:11  55:6  55:17  55:20  55:23  55:24  56:1  56:3  56:8  56:13  56:19  56:21  57:5  57:20  58:1  58:3  58:13  58:16  58:17  59:3  59:5  59:21  60:4  60:7  60:8  60:11  60:17  60:21  60:22  60:23  60:24  62:4  62:11  62:12  62:13  62:23  63:9  63:10  64:16

**young**(2) 3:30  11:7
**your**(13) 12:4  13:8  13:10  13:19  13:23  14:4  14:13  15:1  15:8  15:9  15:24  17:3  17:5  17:20  18:4  18:17  18:17  18:23  19:2  19:3  20:6  22:1  22:14  22:20  23:10  23:12  24:12  24:18  24:20  25:13  26:3  26:13  26:22  27:2  27:6  28:9  28:12  29:1  29:3  29:6  29:11  29:16  30:6  30:13  30:19  30:22  31:14  31:20  32:5  32:7  33:1  33:8  35:5  35:13  35:18  35:24  36:6  36:8  36:14  37:2  37:11  37:20  38:16  39:2  39:14  40:10  41:3  41:9  41:15  41:24  42:9  42:23  43:4  43:5  43:10  46:23  47:12  47:16  47:16  49:7  49:9  52:1  52:22  53:1  53:6  54:3  54:5  54:22  55:2  56:14  56:17  56:18  57:5  57:17  57:22  58:13  58:18  59:12  60:19  60:25  61:6  61:9  61:17  62:6  62:8  62:9  62:16  62:21  62:25  63:18

**you'll**(1) 12:25
**you're**(5) 12:20  37:5  39:22  47:14  56:21
**you've**(4) 14:25  22:1  27:7  38:10  43:12  44:4  44:23  47:24  56:2

**zabel**(3) 6:1  9:10  9:10
**zelmanovitz**(1) 8:32
**zensky**(31) 2:44  12:18  15:9  15:10  15:15  15:23  20:7  20:13  22:5  23:8  23:10  23:11  24:3  26:3  26:11  30:13  33:18  33:20  34:3  34:14  35:4  35:12  35:22  35:25  36:9  42:17  44:3  44:10  48:10  63:17  63:18

**zloto**(1) 7:11
**zuckerman**(3) 2:29  5:33  13:9
***accordingly**(1) 16:6
***forced**(1) 55:12

| Word | Page:Line |
|------|-----------|
| "**pending**(1) 20:9 | |
| "**the**(1) 24:21 | |
| "**will**(1) 24:22 | |