IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------X
In re:                                              :    Chapter 11 Cases
                                                    :    Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,                            :    (Jointly Administered)
                                                    :
    Debtors.                                        :
                                                    :
                                                    :
---------------------------------------------------X

**MOTION OF WILMINGTON TRUST COMPANY, AS
SUCCESSOR INDENTURE TRUSTEE, FOR AN ORDER
GRANTING LEAVE TO TAKE DISCOVERY AND
COMPELLING DISCOVERY FROM JPMORGAN AND CITIGROUP**

In its capacity as successor Indenture Trustee pursuant to an indenture dated April 1, 1999 (the "Indenture" with the notes issued pursuant to the Indenture referred to herein as the "PHONES Notes"), by and between the Tribune Company ("Tribune" and with its debtor subsidiaries, the "Debtors") and Bank of Montreal Trust Company, as original indenture Trustee, Wilmington Trust Company ("Wilmington Trust"), by and through its undersigned counsel, respectfully submits this motion (the "Motion") for leave to take discovery and compelling discovery from JPMorgan Chase & Co. ("JPMorgan") and Citigroup Global Markets Inc. ("Citigroup"). In support thereof, Wilmington Trust respectfully represents as follows:

**BACKGROUND**

1.  Wilmington Trust respectfully seeks an order from this Court compelling depositions of third party witnesses that have information relevant to the allocation disputes. Specifically, Wilmington Trust seeks authority to depose certain witnesses from JPMorgan and Citigroup who were involved in negotiating and drafting the operative documents governing the notes issued by Tribune to EGI-TRB LLC (the "EGI-TRB Notes"). The specific individuals

whose depositions are needed are Mr. Joachim Sonne at JPMorgan,[1] Mr. Peter Cohen (formerly at JPMorgan), and Ms. Julie Persily at Citigroup. The e-mails written by these individuals at the time that the LBO was structured reflect that the parties structuring the LBO understood and intended that the EGI-TRB Notes would be junior in right of payment to the PHONES Notes. These e-mails also reflect that EGI-TRB understood and agreed to this subordination. As such, Mr. Cohen, Mr. Sonne and Ms. Persily have information that is crucial to the question of whether the EGI-TRB Notes are senior, junior or *pari passu* in right of payment to the PHONES Notes.

2. Wilmington Trust seeks to take these depositions only as a last resort, largely because EGI-TRB is refusing to stipulate to the admissibility of the e-mails discussed above. EGI-TRB is also refusing to produce relevant documents from its own files, documents that could obviate the need for the third party depositions, particularly where EGI-TRB's own documents would not be subject to the same potential hearsay or other objections that EGI-TRB states it will raise with respect to the third party documents discussed above. Based on EGI-TRB's refusals, Wilmington Trust is now forced to seek depositions of third party witnesses while at the same time also seeking to compel EGI-TRB to produce the documents that it is refusing to produce.[2]

3. Wilmington Trust has been in contact with counsel for JPMorgan and Citigroup regarding the proposed depositions, and counsel for JPMorgan and Citigroup have been cooperating on this matter. Wilmington Trust is nevertheless seeking an order from this Court compelling this discovery given the discovery limitations imposed by paragraph 5 of the

---

[1] We are advised the Mr. Soanne is located in London, where he will appear for a deposition.
[2] Simultaneous with the filing of this Motion, Wilmington Trust is submitting a letter to the Court in accordance with paragraph 11 of the Allocation Disputes Scheduling Order requesting that the Court order the production of documentary evidence by EGI-TRB.

January 24, 2012 scheduling order governing discovery related to allocation disputes (the "Allocation Disputes Scheduling Order") (D.I. 10692).

## RELIEF REQUESTED

4. Wilmington Trust should be allowed to take limited depositions of Mr. Cohen, Mr. Sonne, and Ms. Persily, regarding the relative subordination of the EGI-TRB Notes to the PHONES Notes.

5. The documents produced by Debtors and third parties in earlier discovery make clear that Tribune and the banks involved in structuring and underwriting the LBO understood and intended that the EGI-TRB Notes were subordinated to the PHONES Notes. These documents also reflect that EGI-TRB agreed to that subordination. For example, on March 27, 2007, while the LBO was being structured, Chandler Bigelow, Tribune's Treasurer, asked JPMorgan, Citigroup and other banks structuring the LBO, "Anyone have a view on the PHONES versus Zell note – is the PHONES senior?" In response, Mr. Cohen states, "Zell junior." (Ex. A.) Mr. Sonne stated "Zell sub note will be most junior in the capital structure." (Ex. B.) Ms. Persily similarly responded, "The Zell Note is Jr to the PHONEs." (Ex. C.) (Another banker at JPMorgan, Ms. Patricia Deans also stated, "The Zell note should be junior to the PHONES for sure." (Ex. D.))

6. On the same day, in a separate email chain, Mr. Sonne wrote Mr. Cohen and stated that, "Talked to EGI, Chris Hochschild, and he confirmed that they see their security as the most junior in the capital structure and junior to the Phones." (Ex. E). Around the same time, Mr. Bigelow sent an email in response to questions by Moody's, dated March 27, 2007, "Also, I have confirmed that the Zell note would be subordinated to the PHONES." (Ex. F). A term sheet sent by Tribune to Moody's stated, with respect to the EGI-TRB Notes that they were

"Fully subordinated in all rights and remedies." (Ex. G). Further, a Tribune officer told the NY Times on April 4, 2007 that "Zell note will be fully subordinated, just above the common equity." (Ex. H).

7. Despite this documentary evidence, EGI-TRB is taking the exact opposite position. EGI-TRB contends that it is <u>senior</u> to the PHONES. Wilmington Trust respectfully submits that this position is unreasonable and contrary not only to the terms of the EGI-TRB Notes and the EGI-TRB Subordination Agreement, but also the clearly expressed understanding and intent of the parties that structured the LBO, an understanding and intent communicated to, and shared by, EGI-TRB itself. The proposed depositions of JPMorgan and Citibank are necessary to resolve the dispute created by the priority position EGI-TRB asserts.

8. Wilmington Trust's efforts to resolve the dispute without resort to third party discovery have failed. EGI-TRB is refusing to produce its own deal documents reflecting its understanding at the time of the LBO on the relative subordination of the EGI-TRB Notes and the PHONES Notes. At the same time, it is also refusing to waive any hearsay or other potential objections to the documents produced by third parties. Although the relevant e-mails should be admissible under the business records exception to the hearsay rule, Fed. R. Evid. 803(6), and/or the exclusion from the hearsay definition of admissions by a party opponent, Fed. R. Evid. 801(d)(2), among other possible exceptions or exclusions, EGI-TRB refuses to stipulate that these exceptions or exclusions apply, making depositions of the relevant witnesses necessary.

9. Further, some related information, particularly communications with EGI-TRB regarding EGI-TRB's own understanding of the relative subordination of the EGI-TRB Notes to the PHONES Notes, will be available from testimony that individuals at the banks can also offer. It is for these reasons that depositions of Mr. Cohen, Mr. Sonne, and Ms. Persily are necessary.

Wilmington Trust will work with counsel for these individuals to ensure that the depositions are limited to subjects relevant to the allocation disputes and are taken at times and places that are convenient for the witnesses, subject to the deadlines imposed by this Court's Scheduling Order.

### CERTIFICATION OF COUNSEL UNDER LOCAL RULE 7026-1(C)

Undersigned counsel to Wilmington Trust, Martin Siegel, certifies that he has met and conferred with counsel for EGI-TRB with respect to the proposed depositions and also has met and conferred with counsel to JPMorgan and Citigroup regarding the proposed discovery. JPMorgan does not oppose the requested depositions, provided that the schedules of witnesses and counsel can be accommodated. Citigroup's counsel has not yet had an opportunity to consider this matter fully and confer with his client but stated that he will respond shortly.

### CONCLUSION

Wilmington Trust respectfully requests an order granting leave to take discovery, and compelling limited depositions of Mr. Peter Cohen, Mr. Joachim Sonne and Ms. Julie Persily, on the topic of the relative subordination of the EGI-TRB Notes to the PHONES Notes.

| | |
|---|---|
| Dated: Wilmington, Delaware<br>February 6, 2012 | SULLIVAN HAZELTINE ALLINSON LLC<br><br>By:   s/William D. Sullivan<br>    William D. Sullivan (I.D. No. 2820)<br>    Elihu E. Allinson, III (I.D. No. 3476)<br>901 N. Market St., Suite 1300<br>Wilmington, DE 19801<br>302-428-8191<br><br>-and-<br><br>BROWN RUDNICK LLP<br>Robert J. Stark<br>Martin S. Siegel<br>Gordon Z. Novod<br>Seven Times Square<br>New York, NY 10036<br>212-209-4800<br><br>Counsel for Wilmington Trust Company, solely in its capacity as successor Indenture Trustee for the PHONES Notes |

8316560