**Ludwig Declaration**

IN THE **UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### DECLARATION OF JILLIAN K. LUDWIG IN SUPPORT OF DEBTORS' LIMITED OBJECTION TO THE MOTION OF ANTHONY CONTE FOR (I) RELIEF FROM THE AUTOMATIC STAY AS TO MEDIA LIABILITY INSURANCE POLICY AND (II) MODIFICATION OF TRIBUNE COMPANY'S SCHEDULES OF ASSETS AND LIABILITIES

I, Jillian K. Ludwig, declare as follows:

1. I am an attorney at Sidley Austin LLP ("Sidley") and serve as bankruptcy counsel to Tribune Company ("Tribune") and most of its wholly-owned subsidiaries, each of which is a

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

debtor and debtor in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors").

2. I am authorized to submit this Declaration in support of the Debtors' Limited Objection to the Motion of Anthony Conte for (I) Relief from the Automatic Stay As to Media Liability Insurance Policy and (II) Modification of Tribune Company's Schedules of Assets and Liabilities. All matters set forth in this Declaration are based on my personal knowledge. If called upon to testify, I could and would testify competently to the facts set forth herein.

3. In my capacity as Debtor's counsel, I have received and reviewed the pro se motion of Anthony Conte, dated December 9, 2011 (Docket No. 10472) (the "Motion"). I have been the primary contact at Sidley responsible for communicating with Mr. Conte regarding the relief requested in the Motion.

4. Since approximately January 3, 2012, I have communicated regularly and often with Mr. Conte regarding the Motion and the underlying litigation that Mr. Conte commenced against non-Debtor Tribune ND, Inc. in the United States District Court for the Eastern District of New York. Mr. Conte and I have discussed these matters twice by telephone, and have exchanged more than a dozen emails. On multiple occasions, I explained to Mr. Conte the Debtors' process for listing a claim on the schedules of assets and liabilities and the fact that a discharge of claims by a debtor in bankruptcy has no effect on claims against a non-debtor.

5. On February 3, 2012, I sent an email to Mr. Conte regarding a proposed consensual resolution of the Motion. A true and correct copy of my email is attached hereto as Attachment 1. Mr. Conte has rejected this proposed resolution.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 8th day of February 2012.

_____
By: Jillian K. Ludwig

| | |
|---|---|
| **From:** | Ludwig, Jillian |
| **To:** | tvtimelitigation@aol.com |
| **Cc:** | Lantry, Kevin T. |
| **Subject:** | In re Tribune Company - Motion of A. Conte For Relief From Stay |
| **Date:** | Friday, February 03, 2012 9:03:38 AM |

Mr. Conte,

As you have indicated in your prior emails on this matter, I understand that the parties have been unable to reach a settlement of the underlying District Court litigation. I would therefore like to address the two points raised in your motion.

As we have discussed, Tribune does not oppose your motion's request to lift the automatic stay so that there is no impediment to the insurer's ability to advance policy proceeds, if required by a judgment or settlement of this matter, that implicates the insurance coverage. To accomplish lifting the stay, I have proposed three paragraphs that we could include in a form of order to submit to the Bankruptcy Court to address and resolve your motion with respect to the automatic stay:

> ORDERED, that the automatic stay, to the extent it applies, is hereby modified as to the Policy, pursuant to 11 U.S.C. § 362(d)(1) and (2), to the extent necessary to permit the Insurer to pay to Anthony Conte, on behalf of Tribune ND, any loss covered by the Policy arising out of the Conte Litigation, in either settlement or final judgment issued by the presiding District Court or any other court of competent jurisdiction; and it is further
>
> ORDERED, that nothing in this Order shall modify or alter the rights and obligations provided for under the terms and conditions of the Policy; and it is further
>
> ORDERED, that all parties to the Policy reserve all rights and defenses that they would otherwise have

With respect to the second issue raised in your motion, my client renews its offer to amend the schedule records to remove your name in return for your execution of an unconditional waiver, release, and discharge of any claim against Tribune Company. That waiver and release would include an agreement to withdraw, with prejudice, any pending request, motion for reconsideration, or appeal in the District Court seeking to name Tribune Company as a defendant. If this solution is satisfactory to you, I will be happy to prepare a stipulation reflecting those terms.

Please advise (i) if the three paragraphs proposed above and (ii) our proposed resolution of the schedule issue are acceptable to you so that we may proceed accordingly to resolve this matter.

Regards,
Jill


**Jillian K. Ludwig**

Sidley Austin LLP | One South Dearborn | Chicago, IL 60603
jillian.ludwig@sidley.com | p. 312.853.7523 | f. 312.853.7036