**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| **TRIBUNE COMPANY**, *et al.*, | ) Case No. 08-13141 (KJC) |
| | ) Jointly Administered |
| Debtors. | ) Re: Docket No. 10868 |

**RESPONSE OF EGI-TRB, L.L.C TO WILMINGTON TRUST COMPANY'S MOTION FOR AN ORDER GRANTING LEAVE TO TAKE DISCOVERY AND COMPELLING DISCOVERY FROM JPMORGAN AND CITIGROUP**

EGI-TRB, LLC ("EGI-TRB") respectfully submits this response to the Motion of Wilmington Trust Company ("Wilmington Trust"), in its capacity as successor Indenture trustee, for an Order Granting Leave to Take Discovery and Compelling Discovery from JPMorgan and Citigroup (Dkt. No. 10868), filed on February 7, 2011.

**INTRODUCTION**

EGI-TRB submits this response to clarify certain misleading statements made by Wilmington Trust in its motion and to highlight some of its most unreasonable and untenable assertions. Through its motion, Wilmington Trust seeks an order from the Court compelling the depositions of third party witnesses who Wilmington Trust asserts authored emails that "reflect that the parties structuring the LBO understood and intended that the EGI-TRB Notes would be junior in right of payment to the PHONES notes." (Mot. ¶1, and attaching emails as Exs. A-H.) That assertion is misleading, as the emails attached to its motion have nothing whatsoever to do with the EGI-TRB Notes at issue in the Allocation Disputes.

Wilmington Trust asserts further that the depositions are necessary "only as a last resort, largely because EGI-TRB is refusing to stipulate to the admissibility of [those] emails." (Mot. ¶2.) That assertion is false. EGI-TRB has made clear to Wilmington Trust (and JPM and

Citigroup) that if the Court were to determine that any of the double-hearsay emails identified by the PHONES are otherwise relevant and admissible, EGI-TRB is willing to stipulate to their foundation, while reserving objections to hearsay and relevance.

To be clear, EGI-TRB does *not* object to discovery of parol evidence related to the PHONES-EGI-TRB subordination issues, if: (a) this Court determines that it may consider parol evidence at the Allocation Disputes hearing; and (b) discovery is directed to the relevant provisions of the Notes at issue in the Allocation Disputes. Unfortunately, the parol evidence from March 2007 attached to the PHONES' motion concerns a *different* Note (the Step One Note) than the December 2007 EGI-TRB Notes (the Step Two Notes) at issue in the Allocation Disputes. Contrary to the PHONES' misleading motion, the relevant parol evidence, if admitted, will show that the terms of the then-proposed deal changed after the March 2007 emails quoted by the PHONES, that EGI-TRB never agreed to subordinate recoveries from avoidance actions, and that EGI-TRB has senior rights to the recoveries from avoidance actions relative to the PHONES.

If this Court is willing to consider parol evidence, then EGI-TRB welcomes discovery of parol evidence. But EGI-TRB and the other parties should not be burdened with discovery, including an overseas deposition, if, as EGI-TRB expects, parol evidence will not be considered at the hearing. Nor should discovery be permitted on issues that are not within the scope of the Allocation Disputes hearing. In fact, during the Court hearing on January 11, 2012, in response to EGI-TRB's expressed concern over limits on discovery, the Court commented that the "pond" was "largely fished out" and that the parties should conduct themselves accordingly. To guide the parties with respect to whether further Allocation Disputes discovery is appropriate, EGI-TRB requests that this Court clarify the scope of the Allocation Disputes issues between the

PHONES and EGI-TRB and whether it will permit presentation of parol evidence in deciding those issues in the first instance.

## ARGUMENT

Wilmington Trust's motion should be denied for three separate reasons.[1]  **First**, with respect to the scope of the Allocation Disputes issues between the PHONES and EGI-TRB, it should *not* be necessary for this Court to determine the relative priority of the PHONES and EGI-TRB with respect to distributions from the assets of the Company, because the proposed Plan does not propose to distribute any assets of the Company to either of them.  The only distributions at issue at the Allocation Disputes hearing are distributions from avoidance recoveries, including avoidance claim settlements, which are not assets of the Company.  (*See* Oct. 31, 2011 Order at 112-13 (fraudulent transfer claims "are not 'assets of the Company'"), quoting *Cybergenics*, 226 F.3d 237, 245 (3d Cir. 2000) ("The avoidance power . . . was likewise not an asset of Cybergenics"); Dec. 29, 2011 Order at n.11 ("fraudulent transfer claims are not assets of the debtor").)  If the EGI-TRB's Subordination Agreement is limited, as it states, to "claims to the assets of the Company" (Ex. A, EGI-TRB Subordination Agreement at ¶ 2), then EGI-TRB will not be subordinated as to avoidance recoveries, because those recoveries are not assets of the Company.  By contrast, this Court has held that the PHONES are subordinated with respect to avoidance recoveries.  Thus, if EGI-TRB is not subordinated as to avoidance recoveries, and the PHONES are subordinated with respect to the same, then EGI-TRB will be entitled to those recoveries and the PHONES will not, regardless of who is senior as to assets of the Company.

---

[1] EGI-TRB herein incorporates by reference the letter it submitted to the Court earlier today, which responded to the discovery dispute letter Wilmington Trust submitted on Monday, February 6, 2012.

If, on the other hand, this Court holds that EGI-TRB is subordinated as to avoidance recoveries, as are the PHONES, then it will not be necessary to decide the relative priority of the PHONES and EGI-TRB as to such payments unless and until all senior creditors are paid in full. For this reason, when the issue of the relative priorities of EGI-TRB and the PHONES arose as part of the prior confirmation hearing, the parties took the position that the issue need not be resolved until such time as there were actually funds to distribute to EGI-TRB and/or the PHONES. The same holds true today – the only issue that is now ripe for resolution, as between EGI-TRB and the PHONES, is the *scope* of the EGI-TRB subordination agreement and whether, unlike the PHONES subordination agreement, it extends to avoidance recoveries that are not assets of the Company.

**Second**, no party should be put to the burden of discovery about parol evidence if, as EGI-TRB expects, this Court must determine the scope of the relevant subordination agreements from the four corners of those agreements. *Eon Labs Mfg., Inc. v. Reliance Ins. Co.*, 756 A.2d 889, 894 n.25 (Del. 2000) (holding that because parol evidence is inadmissible, "discovery attempts to that end are not permitted"); *Interim Healthcare, Inc., Catamaran Acquisition Corp. v. Spherion Corp.*, 884 A.2d 513, 547 (Del. Super. Ct. 2005) (when interpreting an unambiguous contract under Delaware law, courts confine themselves to the contract's four corners). Allowing discovery to determine the unexpressed intent of the parties would "ignore the teachings of cases . . . and gut the parol evidence rule." *E.g.*, *Allied Capital Corp. v. GC-Sun Holdings, L.P.*, 910 A.2d 1020, 1033 n.24 (Del. Ch. 2006). Delaware courts considering highly-negotiated notes and agreements like the EGI-TRB subordination agreement hold that such contracts are to be interpreted "strictly" according to their terms. *Id*. at 1033. (The EGI-TRB Notes provide they are governed by Delaware law.) This Court has already construed the

4

PHONES subordination agreement without resort to parol evidence, and the PHONES have not shown that there is basis to ignore the parol evidence rule and look beyond the four corners of the EGI-TRB subordination agreement.

Ironically, some of the misleading statements in the PHONES' motion demonstrate the very reasons why the parol evidence rule is enforced to preclude wasteful discovery. *See Eon Labs, infra*. The PHONES' motion quotes exclusively from parol evidence relating to the Step One Note that is *not* the subject of the Allocation Disputes and which was executed on April 23, 2007. (Mot., Exs. A-H.) The EGI-TRB Notes and related Subordination Agreement that are at issue in the Allocation Disputes relate to a separate series of *Step Two Notes*, and were entered into nine months later on December 20, 2007. For example, the email exchange at Ex. H of the PHONES' motion references the 8-K that Tribune planned to file on April 5, 2007. The characterizations in the email are irrelevant because the relevant portion of the actual 8-K itself concerned only the Step One Note and indicated that the Step One Note was *not* subordinated to the PHONES because the Step One Note was described only as "subordinated to the senior obligations of the Company."

The PHONES attempt to imply that the terms of the subordination of the Step One Note and the Step Two Notes remained the same. But that is not true. Unlike the Step One Note, the Step Two Notes had no substantive subordination terms. Rather, they referred to a separately negotiated Subordination Agreement that was negotiated after the Step One Note was executed. The Subordination Agreement, in turn, differs materially from the Step One Note's subordination provisions. For example, the Subordination Agreement for the Step Two Notes excluded from the term "Senior Obligations" trade payables and accrued expenses incurred in the ordinary course of business, while the Step One Note did not. (*Compare* Ex. A at 1 with Ex. B at 3.)

Most significantly, the Subordination Agreement applied only to "claims to the assets of the Company." (Ex. A ¶ 2.)

**Third**, the PHONES' statements as to whether and why depositions from at least six different witnesses from four different parties (including an overseas deposition) would be necessary are inconsistent and do not make sense. If the Court were to determine that any of the emails identified by the PHONES are otherwise relevant and admissible, EGI-TRB has repeatedly offered to stipulate to their foundation, while reserving objections to hearsay and relevance. However, the PHONES have asked EGI-TRB to stipulate that a former analyst, Mr. Hochschild, would testify that in March 2007, he said the Step One Note would be subordinate to the PHONES. To the contrary, if allowed to testify or provide a declaration, EGI-TRB expects that Mr. Hochschild will testify that he does not recall making such a statement and that he does not believe that EGI-TRB ever agreed to subordinate avoidance recoveries.

We regret that the Court has been subjected to an allocation discovery dispute. We believe, however, that resolution of this dispute may save time and expense with respect to the March 5 allocation dispute hearing. We respectfully request that the Court determine that: (a) the scope of the Allocation Disputes between EGI-TRB and the PHONES does not include their relative priority as to "assets of the Company," and does not concern the Step One Notes; and (b) parol evidence is not, at this juncture, discoverable or admissible for the purpose of construing the scope of the EGI-TRB Subordination Agreement.

[*Remainder of Page Intentionally Left Blank*]

## CONCLUSION

For these reasons, the Court should deny the Motion of Wilmington Trust Company, in its capacity as successor Indenture trustee, for an Order Granting Leave to Take Discovery and Compelling Discovery from JPMorgan and Citigroup

Dated: February 8, 2012                **BLANK ROME LLP**

By:   */s/ Alan M. Root*
David W. Carickhoff (DE No. 3715)
Alan M. Root (DE No. 5427)
1201 Market Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 425-6400

and

**JENNER & BLOCK LLP**
David J. Bradford (admitted *pro hac vice)*
Catherine L. Steege (admitted *pro hac vice*)
Andrew W. Vail (admitted *pro hac vice)*
353 North Clark Street
Chicago, Illinois 60654
Telephone: (312) 222-9350

*Counsel for EGI-TRB, L.L.C.*