IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Related to Docket Nos. 4513, 4702, 5277, 5862, 6204, 6450, 7403, 7643, 7682, 9614, 9687, 9699, 10897 and 10715 |

**FINAL ORDER (I) APPROVING SETTLEMENT AGREEMENT
ON FINAL BASIS; (II) REAFFIRMING CLASS CERTIFICATION, CLASS
REPRESENTATIVE AND CLASS COUNSEL APPOINTMENTS,
AND NOTICING PROCEDURES; AND (III) GRANTING RELATED RELIEF**

Upon consideration of the Debtors' motion (the "Motion")[2] for entry of a final order

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion.

(i) approving the Settlement Agreement on a final basis; (ii) reaffirming class certification, class representative and class counsel appointments, and noticing procedures; and (iii) granting related relief, and the Court's order granting the Debtors' motion for preliminary approval entered on August 24, 2011 (the "Preliminary Approval Order") [Docket No. 9699]; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the Motion is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Motion and opportunity for objection having been given, and it appearing that no other notice need be given to any party; and it appearing that the relief requested in the Motion is in the best interests of the Settlement Class members, the Debtors' estates, creditors, and other parties in interest; and the Court having considered the Motion and the Preliminary Approval Order, and all documents related thereto; and the Fairness and Settlement Hearing having been held on February 15, 2012, at which potential objectors from the Settlement Class could appear, and no one appearing to object to the Motion or Settlement Agreement, or any terms or conditions or notice procedures pertaining to the settlement; and the Court having after due deliberation and good and sufficient cause appearing therefor;

THE COURT MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:

A.  The preliminary finding that the Settlement Class meets the requirements of Fed. R. Civ. P. 23(a) and 23(b) is reaffirmed;

B.  The Settlement Agreement is fair, reasonable and adequate, and in the best interests of the Settlement Class, the Debtors' estates, creditors, and all parties in interest, considering the complexity, expense, and likely duration of the class litigation and Lawsuit, and the release of the Settlement Class's disputes and claims as against the Delivery Defendants

based upon a contractual indemnification asserted by them against the Debtors; the reaction and acceptance of the Settlement Agreement by the Settlement Class members; the stage of the proceedings; and the range of reasonableness of the settlement in light of the best possible recovery and all attendant risks of litigation;

C. The Settlement Agreement was the result of Court-ordered mediation using a qualified independent mediator and the parties' bona fide, good faith, arm's-length negotiations;

D. The Total Gross Amount of $325,000 is a fair and reasonable amount to fully and completely satisfy all claims arising from or related to the Lawsuit against the Defendants;

E. The Enhanced Service Payments in the aggregate amount of $18,000 are fair and reasonable based on the facts and circumstances of the Lawsuit;

F. The award of Attorneys' Fees in the amount of 33% of the Total Gross Amount after deduction of Costs is fair and reasonable considering the time and effort reasonably expended by Class Counsel, the quality of services rendered, the results achieved and benefits conferred upon the Settlement Class, the nature of the class action wage/hour litigation, and the contingent nature of Class Counsel's fees;

G. The award of Costs in the amount of $18,364 is fair and reasonable under the facts and circumstances of the litigation efforts by Class Counsel to pursue the Lawsuit;

H. The Court previously considered and approved on a preliminary basis the form, manner, and content of notice to members of the Settlement Class, and the plan for disseminating notice, and reaffirms that notice was fair, reasonable and adequate, and in full compliance with due process and all applicable law and rules of the Court, and constituted the best notice practicable under the circumstances to all persons entitled to notice;

I. The Settlement Class members have had a full and adequate opportunity to exercise any opt-out or exclusion right, and no further opt-out rights are required;

J. The Settlement Agreement is binding in accordance with its terms to all signatories of the Settlement Agreement and all Settlement Class members;

K. The Settlement Class members have been properly identified and are entitled to distributions as set forth in the Settlement Agreement;

L. The releases in the Settlement Agreement that fully and completely release the Defendants from the claims alleged in the Lawsuit and related claims are fair and reasonable and given in exchange for good and sufficient consideration;

M. Based upon the foregoing findings and conclusions, and good and sufficient cause appearing therefor;

IT IS HEREBY:

1. ORDERED that the Settlement Class is reaffirmed for settlement purposes only and that class certification fully and fairly meets the requirements under Rule 23 for class certification and settlement approval; and it is further

2. ORDERED that the Settlement Agreement is fair, reasonable and adequate, and is approved on a final basis in its entirety; and it is further

3. ORDERED that the Class Claims and Individual Claims filed by Class Counsel on behalf of Plaintiffs against Debtors Tribune and Tribune NY shall be automatically disallowed and expunged in their entirety upon entry of this Order and pursuant to the Settlement Agreement as summarized in Exhibit A to the Settlement Agreement; and it is further

4. ORDERED that the distributions and payments authorized under the Settlement Agreement shall constitute full and complete satisfaction of any and all claims however arising

in relation to the Lawsuit and related claims as set forth in the Settlement Agreement; and it is further

5. ORDERED that the Debtors are authorized and empowered to take all actions necessary to implement the Settlement Agreement and the relief granted in this Order; and it is further

6. ORDERED that the Debtors are authorized to and shall place $275,000 in an escrow account with the Claims Administrator to fund the Total Gross Amount no later than ten (10) business days after the Settlement Effective Date; and it is further

7. ORDERED that the Enhanced Service Awards are finally approved and that Class Counsel is authorized to allocate the Enhanced Service Awards in aggregate amount of $18,000 as set forth in the Settlement Agreement and such awards may be deducted from the Total Gross Amount; and it is further

8. ORDERED that the award of Attorneys' Fees in the amount of 33% of the Total Gross Amount after deduction of Costs is finally approved and may be deducted from the Total Gross Amount; and it is further

9. ORDERED that the award of Costs is finally approved and may be deducted from the Total Gross Amount in the amount of $18,364; and it is further

10. ORDERED that the Claims Administrator is authorized and directed to make payments to the Qualified Claimants, Class Counsel, and the recipients of the Enhanced Service Awards, and to Settlement Class members that filed timely but deficient claims and for which the parties have stipulated to a cure amount pursuant to the terms of the Settlement Agreement; and it is further

11. ORDERED that any money remaining in the Common Fund after all Qualified Claimants have been paid shall be used to first pay the Claims Administration Expense by an automatic deduction by the Claims Administrator; and it is further

12. ORDERED that any monies remaining in the Common Fund after the payment of the Claims Administration Expense shall revert to and be paid to the Defendants pursuant to the Settlement Agreement; and it is further

13. ORDERED that in the event the Claims Administration Expense exceeds the remaining balance in the Common Fund after distributions to Class Counsel, Qualified Claimants, and Enhanced Service Award recipients, Class Counsel, the Debtors, and the Delivery Defendants shall pay the excess Claims Administration Expense as set forth in the Settlement Agreement, and the Debtors shall be authorized to pay its share of the excess Claims Administration Expense; and it is further

14. ORDERED that the release contained in the Settlement Agreement is approved, and that all disputes, claims and related claims against the Defendants alleged in or related to the Lawsuit, including any and all such claims or disputes held by the members of the Settlement Class as set forth in the Settlement Agreement, shall be permanently released, barred, and discharged in final settlement of the Lawsuit; and it is further

15. ORDERED that the parties shall execute a Stipulation of Discontinuance with Prejudice of the State Court Case, with each party to bear its own costs and fees, which shall be filed with the State Court within five (5) business days after the date of entry of this Order; and it is further

16. ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

46429/0001-8254147v1

17. ORDERED that to the extent any conflict exists between the terms and conditions of the Settlement Agreement, the Preliminary Approval Order and this Order, this Order shall control; and it is further

18. ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: Wilmington, Delaware
February 14, 2012

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

7

46429/0001-8254147v1