IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Related to Docket No. 10642 |

## STIPULATION BETWEEN DEBTORS AND JACQUELYN OXENDINE REGARDING RESOLUTION OF DEBTORS' OBJECTION TO CLAIMS

This stipulation (the "Stipulation") between Jacquelyn Oxendine (the "Claimant"), on the one hand, and Tribune Company ("Tribune") and Orlando Sentinel Communications Company (the "Sentinel" and, together with Tribune, the "Debtor Parties"), on the other hand (collectively, the "Parties"), regarding the settlement of a prepetition claim asserted by the Claimant against Tribune, is entered into by the Parties.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Paluxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CH1 6471802v.2

## RECITALS

A. On December 8, 2008, Tribune, Sentinel, and various of their affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009 (each date, as applicable, the "Petition Date"). The Debtors' chapter 11 cases are jointly administered for procedural purposes only.

B. On June 12, 2009, Ms. Oxendine filed a proof of claim in the amount of $10,000,000 against Tribune asserting a claim for damages arising from an allegedly defamatory article published by the Sentinel prior to the Petition Date (the "Oxendine Claim"). The Oxendine Claim has been assigned Claim No. 5012 by the Bankruptcy Court-appointed claims agent, Epiq Bankruptcy Solutions, LLC (the "Claims Agent"). Without conceding the validity of the Oxendine Claim, the Debtors have identified the Sentinel as the Debtor against which the Oxendine Claim should properly have been asserted.

C. On January 13, 2012, the Debtors filed the Debtors' Objection to Claim No. 5012 of Jacquelyn Oxendine Pursuant to Sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1 (Docket No. 10642) (the "Objection"), which requested the Bankruptcy Court to disallow and expunge the Oxendine Claim, on the basis that the Debtors have no liability for such claim.

D. Counsel for the Debtors and the Claimant subsequently engaged in negotiations regarding the Oxendine Claim and the Objection. Based on those discussions, and

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

after due consideration to all of the relevant facts and circumstances of the Oxendine Claim, the Parties have agreed that the Oxendine Claim shall be allowed as a general unsecured claim against the Sentinel in the modified amount set forth in Paragraph 2, below. The Debtor Parties have further agreed that upon the approval of this Stipulation by the Bankruptcy Court, the Objection shall be deemed to be withdrawn.

  E. In order to avoid further disputes or litigation of this matter, the Parties have reached an agreement as to the treatment of the Oxendine Claim and have agreed to enter into this Stipulation to resolve the Objection and to establish the allowed amount of the Oxendine Claim.

NOW, THEREFORE, THE PARTIES STIPULATE AND AGREE AS FOLLOWS:

### AGREEMENT

1. The recitals set forth above are incorporated herein by reference.

2. The Parties agree that the Oxendine Claim, originally asserted against Tribune in the amount of $10,000,000, shall be allowed as a general unsecured claim against the Sentinel in the modified amount of $7,000.00.

3. Upon the full execution of this Stipulation, the Debtors will file this Stipulation with the Bankruptcy Court together with a proposed form of order requesting that the Bankruptcy Court approve the Stipulation and allow the Oxendine Claim against the Sentinel in the modified amount.

4. Upon the approval of this Stipulation by a final order of the Bankruptcy Court, the Objection shall be deemed to be withdrawn. The Parties acknowledge and agree that the Claimant does not need to take any further action to seek to allow the Oxendine Claim in its modified amount in the Sentinel's chapter 11 case.

5. The Debtors and/or the Claims Agent are authorized to amend the claims register to reflect that the Oxendine Claim is to be allowed as set forth herein.

6. The Oxendine Claim, as modified hereby, shall be satisfied in accordance with the provisions for the satisfaction of general unsecured claims set forth in the chapter 11 plan of reorganization, and any amendments thereto, that is ultimately confirmed for the Sentinel (the "Plan"), when such Plan becomes effective. The satisfaction of the Oxendine Claim in accordance with the Plan shall be in full and final satisfaction of all claims arising out of or relating to the liabilities asserted in the Oxendine Claim. The Claimant further agrees not to file any other or further proofs of claim in any of the Debtors' chapter 11 cases, or otherwise to assert any claims against any of the Debtors arising out of or relating to the liabilities asserted in the Oxendine Claim.

7. This Stipulation constitutes the Parties' entire agreement and supersedes and amends any and all agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof except as otherwise expressly provided herein. This Stipulation is not intended to confer upon any other person any rights or remedies hereunder.

8. The undersigned persons represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Stipulation.

9. This Stipulation may be executed in counterparts, all of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

10. This Stipulation shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to principles of conflict of laws.

11. This Stipulation may not be amended without the express written consent of all Parties hereto.

12. The Parties acknowledge that each of the Parties has participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against either of the Parties on account of such drafting.

13. The Bankruptcy Court shall retain jurisdiction over any and all disputes or other matters arising under or otherwise relating to this Stipulation.

14. All contentions made in this Stipulation are made in furtherance of a proposed settlement and neither the Claimant nor the Debtor Parties admit or concede the validity of any of claims or defenses and nothing herein shall be deemed an admission of fact or law.

[Remainder of Page Intentionally Left Blank]

STIPULATED AND CONSENTED TO AS OF  2/9 , 2012 BY:

| JACQUELYN OXENDINE | TRIBUNE COMPANY AND ORLANDO SENTINEL COMMUNICATIONS COMPANY |
|---|---|
| *[signature]* 2/9/2012 | By: *[signature]*  2/13/12 |
| Telephone: (727) 822-2935 | Title: ASSITANT General Counsel |
| | Telephone: 212-210-2693 |
| | Facsimile: 212-210-2683 |