## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE
## FIRST INTERIM FEE APPLICATION OF JONES DAY FOR
## SERVICES PERFORMED ON BEHALF OF THE
## SPECIAL COMMITTEE OF THE BOARD OF DIRECTORS OF TRIBUNE COMPANY

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *First Interim Fee Application of Jones Day for Allowance of Compensation and Reimbursement of Expenses for Services Performed on Behalf of the Special*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Committee of the Board of Directors of Tribune Company for the Period from August 22, 2010 through November 30, 2010 [Docket No. 7476] (the "**Fee Application**"). The Fee Application seeks approval of fees that total $1,132,610.00 and reimbursement of expenses that total $24,894.82. Jones Day ("**Jones Day**") serves as counsel to the Special Committee (the "**Special Committee**") of the Board of Directors to Tribune Company (the "**Board**").

## Background

1.      On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"). Under the Bankruptcy Court's *Order Directing Joint Administration Chapter 11 Cases* dated December 10, 2009 [Docket No. 43], these cases are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.

2.      On April 20, 2010, the Bankruptcy Court entered an *Agreed Order Directing the Appointment of an Examiner* [Docket 4120] (the "**Examiner Order**"), which, among other things, directed the Office of the United States Trustee (the "**U.S. Trustee**") to appoint an examiner in these cases pursuant to section 1104(c)(1) of the Bankruptcy Code.

3.      On April 30, 2010, the U.S. Trustee filed a *Notice of Appointment of Examiner* [Docket No. 4212] appointing Kenneth N. Klee as the Examiner (the "**Examiner**"), which appointment was approved by the Bankruptcy Court on May 11, 2010 [Docket No. 4320].

4.      On August 3, 2010, the Examiner publicly filed his report setting forth the findings and conclusions from the Examiner's investigation. *Report of Kenneth N. Klee, as Examiner (Volume One)* [Docket No. 5247]; *Report of Kenneth N. Klee, as Examiner (Volume Two)* [Docket No. 5248]; *Report of Kenneth N. Klee, as Examiner (Volume Three)* [Docket No. 5249]; and *Report of Kenneth N. Klee, as Examiner (Volume Four)* [Docket No. 5250] (the "**Examiner's Report**").

5.      Debtors filed their first Joint Plan of Reorganization [Docket No. 4008] on April 12, 2010, and an Amended Joint Plan of Reorganization [Docket No. 4690] on June 4, 2010. After the Examiner released his report, according to the Debtors, some of the supporters of the Debtors' plan terminated their support.  As a result, the Board determined that a special committee of independent directors should be formed to oversee the Plan process.  The Special Committee consists of four independent directors of the Board:  Mark Shapiro (Chairman), Jeffrey S. Berg, Maggie Wilderotter and Frank Wood.  According to the Retention Application, "[e]ach one of these directors became members of the Board upon or after the consummation of the transactions that are the subject of the Examiner's Report." *Retention Application*, p. 4.

6.      On August 30, 2010, the Debtors filed the *Application for an Order Authorizing the Retention of Jones Day as Special Counsel for the Special Committee of Tribune Company's Board of Directors Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc Pro Tunc to August 22, 2010* [Docket No. 5562] (the "**Retention Application**").  By order dated September 15, 2010 [Docket No. 5704] (the "**Retention Order**"), the Bankruptcy Court approved the Retention Application, *nunc pro tunc* to August 22, 2010.[2]

7.      As described in the Retention Application, at the time the Debtors sought to retain Jones Day as counsel for the Special Committee, the Debtors were already represented by Sidley Austin LLP ("**Sidley**") as primary restructuring co-counsel and Cole, Schotz, Meisel, Forman & Leonard, P.A. ("**Cole Schotz**") as Delaware co-counsel.

8.      According to the Retention Application, the Special Committee has been specifically charged with certain matters (collectively, the "**Special Committee Matters**") including:

> i.      Reviewing, evaluating and approving, from time to time as appropriate or advisable, the structure, terms or conditions of and authorizing the execution and filing of, any plan of reorganization and any and all amendments, modifications, supplements and exhibits, thereto;

---

[2] Pursuant to the Bankruptcy Court's order dated March 10, 2009 [Docket No. 501], Jones Day also serves as Debtors' special counsel in connection with certain antitrust regulatory affairs; the firm files separate fee applications with respect to that retention.

ii.    Taking such action from time to time, as the Special Committee deems appropriate or advisable, to resolve any and all claims, causes of action, avoidance powers or rights, and legal or equitable remedies against the Company or any of its subsidiaries ("**Claims**"), including, without limitation, any Claims arising from any transaction related to the leveraged buy-out of the Company, including, without limitation, the purchase by the Company of its common stock on or about June 4, 2007, the merger and related transactions involving the Company on or about December 20, 2007, and any financing committed to, incurred or repaid in connection with any such transaction, regardless of whether such other applicable law, including, without limitation, the review, evaluation and approval of any support agreement or any agreement for the satisfaction, settlement, discharge and/or release of any such Claims;

iii.   Taking such action from time to time as the Special Committee deems appropriate or advisable to fully inform itself with respect to any Claims or the structure, terms or conditions of any plan of reorganization;

iv.    Reviewing, evaluating and approving, and authorizing the execution and filing of, any and all 0petitions, schedules, motions, lists, applications, pleadings and other papers, and to taking any and all further actions the Special Committee deems appropriate or advisable in connection with chapter 11 cases; and

v.     Taking such other actions to assist the Board in carrying out the responsibilities as the Board may delegate to or request of the Special Committee from time to time.

*Retention Application*, pp. 4-5.

9.      According to the Retention Application, the Debtors anticipated that "Jones Day will provide legal services and advise the Special Committee with respect to the Special Committee Matters, and more specifically, advise the Special Committee with respect to (i) any plan of reorganization; (ii) any and all claims, causes of action, avoidance powers or rights and legal or equitable remedies arising out of the LBO; and (iii) other, similar matters as the Special Committee may request during the pendency of these chapter 11 cases related to the Special Committee Matters." *Retention Application*, p. 5.

10.     The Debtors also represented that "[t]he scope of Jones Day's retention is limited to advising the Special Committee only, and will not duplicate the efforts of Sidley or Cole Schotz, whose role in these cases as primary restructuring counsel to the Debtors will remain unchanged. The Debtors' management and legal department will continually monitor all of the Debtors' professionals to

ensure that they are utilized in an efficient, non-duplicative and cost-efficient manner. Sidley, Cole Schotz and Jones Day, in turn, will make every effort to minimize the duplication of their work, with Sidley being chiefly responsible for providing general bankruptcy and reorganization advice (as well as advice on related matters) to the Debtors, Cole Schotz acting as Delaware co-counsel for the Debtors, and Jones Day advising the Special Committee on the Special Committee Matters, each consistent with their specific engagements." *Retention Application*, p. 6.

11.     The U.S. Trustee filed an objection to the Retention Application, stating that the "Debtors fail to demonstrate why it is necessary to retain Jones Day on behalf of the Special Committee when there has been no indication that Sidley and Cole Schotz are unable to perform these legal services." *United States Trustee's Objection to Debtors' Application for an Order Authorizing the Retention of Jones Day as Special Counsel for the Special Committee of Tribune Company's Board of Directors Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc pro Tunc to August 22, 2010* [Docket 5562] (the "**UST Objection**"). The U.S. Trustee also expressed concern that "this bankruptcy case has generated significant legal fees and expenses for the Debtors' estates ... [and] the U.S. Trustee is very concerned about the costs associated with the retention of yet another estate professional." *UST Objection*, p. 4.

12.     At the hearing on the Retention Application, the Bankruptcy Court heard arguments from the U.S. Trustee and the Debtors' counsel, as well as comments from Jones Day. *Transcript of Proceedings before the Honorable Kevin J. Carey, United States Bankruptcy Judge*, September 15, 2010, pp. 41-49. The U.S. Trustee restated concerns regarding "the necessity of bringing in the extra law firm, Jones Day, which we think will be at a significant cost to the [e]state." *Transcript*, p. 42. Debtors' counsel and Jones Day reiterated their intentions to monitor fees and costs to avoid duplication.

13.     After considering arguments of counsel, the Bankruptcy Court approved the Retention Application, noting specifically that the firms "must be mindful of avoiding duplication of services.

There is a fee examiner in this case who drills down very hard on that stuff and the U.S. Trustee's Office, and the Court will be looking at that as well." *Transcript*, p. 48.

14.    Jones Day submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, (January 15, 2009) [Docket No. 225] (the "**Interim Compensation Order**").

<u>**Applicable Standards**</u>

15.    In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

16.    The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

17.    Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such

services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F).*

18.    A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

19.    The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to Jones Day for review and comment. The Fee Examiner submits this Final Report for the Court's consideration. This Final Report is in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of the applicant meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2, and will also inform the Court of all proposed consensual resolutions of the fee and/or expense reimbursement request for the professional and the basis for such proposed consensual resolution.

## DISCUSSION OF FINDINGS

### Technical Requirements

20.    **Reconciliation of Fees and Expenses.**  The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**").  The Fee Examiner determined that the Fees Requested exceed the Fees Computed by $560.00, resulting in an apparent overcharge.    The discrepancy is the result of task hours within several entries that do not equal the time billed for the entries as a whole, which were displayed in **Exhibit A**.[3]  In response, the firm agreed to reduce the fees requested by $560.00.  Exhibit A is omitted from this report.

The Fee Examiner further determined that there is no discrepancy between the Expenses Requested and the Expenses Computed.  The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

21.    **Block Billing.**[4]  The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*.  The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or

---

[3] This Final Report includes exhibits that detail and support the findings discussed herein.  Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit.  The tasks included in a specific category are underlined in the fee exhibits.  For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

[4] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing.  Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry.  As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry.  This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[5]  With minimal exceptions, Jones Day timekeepers separately recorded each activity.  The Fee Examiner requested that in future fee applications the firm segregate time spent preparing for conferences/events from the time spent in attendance at such events; given the concern over potential duplication between Jones Day timekeepers and other case professionals, it is important for the Fee Examiner and the Court to have an accurate accounting of the time spent preparing for meetings/events and the actual time in attendance.

22.    **Time Increments.**  The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*.  The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines* ¶(b)(4)(v).  Jones Day timekeepers complied with the Local Rules and UST Guidelines regarding time increments.

**Review of Fees**

23.    **Firm Staffing.**  The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines* ¶(b)(1)(iii).  The Fee Application provided the names, positions, and hourly rates of the 17 Jones Day professionals and paraprofessionals who billed to this matter, consisting of 7 partners, 7 associates, 1 staff attorney, and 2 legal support.  A summary of hours and fees billed by each timekeeper is displayed in **Exhibit B.**

---

[5] The judicial response to block billing varies.  Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007).  Across the board cuts range from five to 100 percent.  *See id.* at 495 n.7 and cases cited.

The firm billed a total of 1,764.20 hours with associated fees of $1,132,050.00.[6]    The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 1,018.30 | 58% | $  802,932.50 | 71% |
| Associate | 635.90 | 36% | 302,505.00 | 27% |
| Staff Attorney | 53.90 | 3% | 14,822.50 | 1% |
| Legal Support | 56.10 | 3% | 11,790.00 | 1% |
| TOTAL | 1,764.20 | 100% | $1,132,050.00 | 100% |

The blended hourly rate for the Jones Day professionals is $655.85 and the blended hourly rate for professionals and paraprofessionals is $641.68.

24.    **Hourly Rate Increases.**  Jones Day did not increase the hourly rate of any timekeeper during the interim period.

25.    **Pre-Retention Fees**.    The Fee Examiner identified 1.00 hour with $800.00 in associated fees for tasks performed on August 21, 2010, the day prior to the firm's effective date of retention.  The two fee entries were displayed in **Exhibit C** to the Preliminary.  Jones Day agreed to reduce its fees by $800.00 for the pre-retention fees requested.  Exhibit C is omitted from this report.

26.    **Potentially Duplicative Services.**  A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4)*.  At the time of Jones Day's retention, the U.S. Trustee and the Bankruptcy Court expressed concern that Jones Day's services might unnecessarily duplicate the services of the Debtors' other case professionals.  The Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation and in comparison to the efforts of the Debtors' other attorneys.  In particular, the Fee Examiner reviewed billing entries that might be susceptible to duplication by Debtors' other professionals, and where possible, compared the billing entries with the fee applications of Debtors' other professionals.  The Fee Examiner identified 576.10 hours with $356,417.50 in associated fees, which were provided in

---

[6] This amount reflects the Fees Computed.

**Exhibit D** to the preliminary report, arising from tasks that may have duplicated the services of Debtors' other professionals. The firm provided a detailed and informative response to the questioned entries. Jones Day confirmed that it pursued a rationale and efficient approach to obtaining the necessary understanding of the Examiner's Report and the general history of the case. Jones Day also verified that it did not duplicate the efforts of Sidley Austin. As such, the Fee Examiner does not make a recommendation for a fee reduction, and Exhibit D is omitted from this report. The Fee Examiner will continue to closely monitor the firm's fees for potential duplication.

27.   **Meetings, Conferences, Hearings, and Other Events.** The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" (*Local Rule 2016-2(d)(ix)*), and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*. While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified 205.10 hours with $163,322.50 in associated fees where two or more Jones Day timekeepers attended the same meeting, conference, hearing, or other event. Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees. The entries were displayed in **Exhibit E** to the Preliminary Report. In response to the Preliminary Report, Jones Day first explained that due to the size and complexity of these cases, and the substance of the matters being addressed, the matters often require the attention and collaboration of more than one attorney or more than one partner. The firm also addressed some of the questioned fee entries by providing additional information regarding the subject matter and roles of the participants. After consideration of the supplemental information, the Fee Examiner makes no recommendation for a fee reduction. Exhibit E is omitted from this report.

28.    **Intraoffice Conferences.**  Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel.  The Fee Examiner identified billing activities by Jones Day timekeepers describing intraoffice conferences totaling 158.53 hours with $115,866.67 in associated fees, or approximately 10% of the Fees Computed as were displayed in **Exhibit F** to the Preliminary Report.  The Fee Examiner observed that in certain instances timekeepers described intraoffice conferences attended by more than two timekeepers.  The entries describing intraoffice conferences invoiced by more than two firm personnel total 118.73 hours with $85,676.67 in associated fees and were highlighted in bold and marked with an ampersand [&] in the exhibit.  Jones Day responded by noting the size and complexity of the matters involved here, as well as by discussing the general necessity and reasonableness of the firm's intrafirm communications.  The firm also stated that it appropriately staffed this case in a manner to ensure work is performed in an expeditious and cost-effective manner.  No fee reduction is being recommended, and Exhibit F is omitted from this report.

29.    **Complete and Detailed Task Descriptions.**  Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary."  The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*.  The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication.  Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*.  With the exceptions noted below, Jones Day timekeepers adequately described the activities performed.

a.      **Vaguely Described Tasks.**   The Fee Examiner identified entries totaling 18.30 hours with $14,635.00 in associated fees in which a task was not described with sufficient detail; the entries were displayed in **Exhibit G** to the Preliminary Report.  The timekeepers used terms that did not describe the actual activity performed with sufficient particularity, using words such as "activity regarding," "consider" and "work on."  This lack of detail hinders a reviewer's ability to determine the utility and necessity of the activity, and is in violation of the applicable guidelines.  The Fee Examiner requested Jones Day provide additional detail regarding the specific work performed.

b.      **Vaguely Described Communication.**   The Fee Examiner identified entries totaling 59.33 hours with $44,104.17 in associated fees in which a conference or other communication was not described with sufficient detail.  This lack of detail hinders a reviewer's ability to determine the utility and necessity of the activity, and is in violation of the applicable guidelines.  The entries in question were displayed in **Exhibit H** to the Preliminary Report.  The Fee Examiner requested Jones Day provide additional information needed to bring the fee entries into compliance with the Local Rules and UST Guidelines.

In response, the firm agreed to reduce its fees related to an 8/25/10, 10/7/10, 10/10/10 and 11/1/10 billing entry, which totaled $3,320.00.  For the remaining entries, Jones Day provided two substantive charts containing additional detail for each entry requested by the Fee Examiner.  The supplemental information provided by the firm brings the remaining fee entries into compliance with the Local Rules and UST Guidelines and, as such, the Fee Examiner makes no additional recommendation for a fee reduction.  Exhibits G and H are omitted from this report.

30.     **Administrative Activities.**   Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm.  Likewise, activities relating to the training and assignment of tasks or the "supervision" of any administrative functions should be considered a cost of doing business and is a factor considered in establishing the firm's hourly rates.  Also included in administrative tasks is time expended to review

and edit time entries and invoices.  "Where the time entries require revision to conform to the court's standards, the editing services are administrative functions that are not compensable even if they are performed by a professional." *See, e.g., In Re CF & I Fabricators of Utah*, 131 B.R. 474, 485 (D. Utah 1991).  As a general rule, time expended by a firm in performing conflicts checks required as a condition of the firm's retention is not compensable and is considered an administrative activity. *See, e.g., In Re ACT Manufacturing, Inc.*, 281 B.R. 468, 490 (Bankr. D. Mass. 2002).  The Fee Examiner identified 81.20 hours with $20,712.50 in associated fees which appear to be administrative in nature. The entries were displayed in **Exhibit I** to the Preliminary Report.  The firm provided a detailed response regarding the questioned activities.  In part, it stated reviewing conflict reports to prepare the corresponding and necessary conflict disclosure exhibits for its retention application are routinely compensable in bankruptcy courts in Delaware.   Additionally, Jones Day stated the remaining questioned activities were directly related to the preparation of fee applications.  In consideration of the response and after reexamining the entries identified as administrative, the Fee Examiner determined that the entries were appropriate, and Exhibit I is omitted from this report.

31.    **Clerical Activities.**  Clerical activities are tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel[7] or support tasks for which the firm charged greater than market rate.   The Fee Examiner reviewed each timekeeper's billing activities and identified entries that appear to be clerical in nature.  The questioned entries are displayed in **Exhibit J** and total 19.50 hours with $6,090.00 in associated fees.  Although it took the position the questioned activities were not clerical in nature, Jones Day did agree to adjust the

---

[7] "Duties appropriate for office staff are considered part of a professional's overhead expenses and may not be billed to the estate." *Fibermark*, 349 B.R. at 397; *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758 769 (Bankr. E.D.N.Y. 2005) (overhead not compensable); *but see Bennett Funding*, 213 B.R. at 247-48 (discussing differing approaches to clerical work at professional rates).  These overhead activities may include: mailing; photocopying, word processing (including the creation of templates), formatting, creating spreadsheets, printing, organizing files, checking for docket updates, creating binders, and secretarial overtime. *Fibermark*, 349 B.R. at 396-97.

rates for the entries identified in Exhibit J to $80.00. The result was an agreed fee reduction in the amount of $4,530.00, as set forth in the revised Exhibit J.

32.    **Travel.** The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*. The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*. Jones Day properly billed all fee entries describing nonworking travel at half rate.

33.    **Jones Day Retention/Compensation.** The Fee Examiner identified 203.20 hours with associated fees of $76,502.50 to prepare the firm's retention documents and application for compensation, which computes to approximately 7% of the Fees Computed. The fee entries describing Jones Day's retention/compensation activities are displayed in **Exhibit K**.

### Review of Expenses

34.    **Itemization of Expenses.** The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*. The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*. Jones Day provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

35.    **Photocopies.**  The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii)*.  The firm requested reimbursement for duplication charges calculated at a rate of $0.10 per page.

36.    **Computer Assisted Legal Research.**  The Local Rules provide that computer assisted legal research charges "shall not be more than the actual cost." *Local Rule 2016-2 (e)(iii)*.  Jones Day requested reimbursement for computer assisted legal research charges totaling $1,763.45, and the firm's monthly applications stated "[c]omputer-assisted research is billed on a per-search and/or per-minute basis, depending upon the provider."

37.    **Pre-Retention Expenses.**  The Fee Application included a request for reimbursement of one charge (displayed in **Exhibit L** to the Preliminary Report) that appears to have been incurred prior to August 22, 2010, the firm's effective date of retention.  Jones Day agreed to the expense reduction in the amount of $51.30.  Exhibit L is omitted from this report.

38.    **Overhead Expenses.**  The UST Guidelines state that factors relevant to a determination that the expense is proper include "[w]hether the expenses appear to be in the nature [of] nonreimbursable overhead.  Overhead consists of all continuous administrative or general costs incident to the operation of the applicant's office and not particularly attributable to an individual client or case.  Overhead includes, but is not limited to, word processing, proofreading, secretarial and other clerical services, rent, utilities, office equipment and furnishings, insurance, taxes, local telephones and monthly car phone charges, lighting, heating and cooling, and library and publication charges." *UST Guidelines ¶(b)(5)(vii)*.  Jones Day requested reimbursement of $44.00 for binding and $14.38 for supplies.  The Fee Examiner requested Jones Day provide an explanation for the necessity and purpose of the charges that were displayed in **Exhibit M** to the Preliminary Report.  Jones Day agreed to the expense reduction in the amount of $58.38.  Exhibit M is omitted from this report.

39.    **Overtime Expenses.**  Jones Day requested reimbursement of late work meals totaling $156.46 and late work parking and taxi totaling $155.39 (displayed in **Exhibit N** to the Preliminary

Report).  Although a firm may have a policy that personnel may be reimbursed for travel home when working late and meals for employees while working late, absent unusual circumstances such charges should be borne by the firm as overhead.  Jones Day agreed to the expense reduction in the amount of $311.85.  Exhibit N is omitted from this report.

40.  **Working Meals.**  Jones Day requested reimbursement of $302.88 for local meals.  Based on the information provided, the Fee Examiner was unable to determine whether the meal charges related to meetings with people outside the firm or solely included employees of Jones Day.  The Fee Examiner requested Jones Day provide supplemental information explaining the purpose of the meal charges displayed in **Exhibit O** to the Preliminary Report.  The firm responded by indicating that two of the meal charges included non-firm attendees, while two did not.  In follow-up, the firm agreed with the Fee Examiner's recommendation for a reduction of the two meals that did not include outside attendees, which results in a reduction of $31.28.  Exhibit O is omitted from this report.

41.  **Travel - Airfare.**  The descriptions for airfare charges did not include the fare class at which the tickets were purchased.  The Fee Examiner requested a statement from Jones Day regarding the fare class for each air travel charge.  In response, Jones Day certified that all airfare was coach.

42.  **Travel Meals.**  The Fee Examiner applies the following per person ceilings for meals: $15.00 for breakfast, $25.00 for lunch, and $50.00 for dinner.  Several meal charges appear to exceed the ceiling amounts.  The Fee Examiner requested Jones Day provide the number of attendees for each meal listed in **Exhibit P**.  Jones Day agreed to reduce its reimbursement request for four of the expense entries that exceeded the ceiling, which results in a reduction of $95.00.  Exhibit P is omitted from this report.

43.  **Travel – Hotel Expenses.**  The Fee Examiner applies a per night ceiling of $350.00 for domestic lodging.  Three of the lodging charges appeared to exceed the ceiling amount.  The Fee Examiner recommended an expense reduction in the amount of $206.23 for the lodging costs displayed in **Exhibit Q** to the Preliminary Report, but invited comment from the firm.  Jones Day agreed to the

reduction proposed by the Fee Examiner in the amount of $206.23. Exhibit Q is omitted from this report.

## CONCLUSION

The Fee Examiner submits this final report regarding the Application and the fees and expenses discussed above. The Fee Examiner recommends the approval of fees in the amount of $1,123,400.00 ($1,132,610.00 minus $9,210.00) and reimbursement of expenses in the amount of $24,140.78 ($24,894.82 minus $754.04), for the period from August 22, 2010 through November 30, 2010. The findings are set forth in the summary on the following page.

**JONES DAY – Special Committee**

**SUMMARY OF FINDINGS**

**First Interim Fee Application (August 22, 2010 through November 30, 2010)**

**A.      Amounts Requested and Computed**

| | | |
|---|---|---|
| Fees Requested | $1,132,610.00 | |
| Expenses Requested | 24,894.82 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $1,157,504.82 |
| | | |
| Fees Computed | $1,132,050.00 | |
| Expenses Computed | 24,894.82 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $1,156,944.82 |
| | | |
| Discrepancy in Fees | $      560.00 | |
| | | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $      560.00 |

**B.      Recommended Fee Allowance and Expense Reimbursement**

| | | |
|---|---|---|
| Fees Requested | $1,132,610.00 | |
| *Agreed Reduction for Discrepancy in Fees* | *($  560.00)* | |
| *Agreed Reduction for Pre-Retention Fees* | *(800.00)* | |
| *Agreed Reduction for Vaguely Described Tasks* | *(3,320.00)* | |
| *Agreed Reduction for Clerical Activities* | *(4,530.00)* | |
| Subtotal | *($9,210.00)* | |
| | | |
| RECOMMENDED FEE ALLOWANCE | | $1,123,400.00 |
| | | |
| Expenses Requested | $24,894.82 | |
| *Agreed Reduction for Pre-retention Expenses* | *($  51.30)* | |
| *Agreed Reduction for Overhead Expenses* | *(58.38)* | |
| *Agreed Reduction for Overtime Expenses* | *(311.85)* | |
| *Agreed Reduction for Working Meals* | *(31.28)* | |
| *Agreed Reduction for Travel Meals* | *(95.00)* | |
| *Agreed Reduction for Travel – Hotel Expenses* | *(206.23)* | |
| Subtotal | *($754.04)* | |
| | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 24,140.78 |
| | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $1,147,540.78 |

Respectfully submitted,

**STUART MAUE**

By: _____

John F. Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri  63044
Telephone:  (314) 291-3030
Facsimile:  (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 14th day of February, 2012.

David Klauder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE  19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE  19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE  19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE  19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Mr. James F. Conlan
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY  10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY  10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE  19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY  10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

David G. Heiman, Esq.
Jones Day – Special Committee
901 Lakeside Avenue, North Point
Cleveland, OH 44114-1190

John F. Theil, Esq.

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

## COMPUTED AT STANDARD RATES

### Jones Day

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| 3664 | Heiman, David G. | PARTNER | $450.00 | $900.00 | 389.00 | $329,175.00 |
| 0350 | Erens, Brad B. | PARTNER | $387.50 | $775.00 | 414.40 | $306,202.50 |
| 3404 | Sherman, Fredrick E. | PARTNER | $400.00 | $800.00 | 84.90 | $67,120.00 |
| 4535 | Kitslaar, Elizabeth C. | PARTNER | $725.00 | $725.00 | 75.90 | $55,027.50 |
| 1662 | Cullen Jr, Thomas F. | PARTNER | $875.00 | $875.00 | 39.60 | $34,650.00 |
| 9450 | Montgomery III, Joseph W. | PARTNER | $775.00 | $775.00 | 9.70 | $7,517.50 |
| 7968 | Purnell, Edward A. | PARTNER | $675.00 | $675.00 | 4.80 | $3,240.00 |
| | No. of Billers for Position: 7 | Blended Rate for Position: | $788.50 | | 1,018.30 | $802,932.50 |
| | | | | % of Total: | 57.72% | % of Total: 70.93% |
| 2514 | Hall, David A. | ASSOCIATE | $525.00 | $525.00 | 257.30 | $135,082.50 |
| 0785 | Hoffman, Timothy | ASSOCIATE | $525.00 | $525.00 | 126.40 | $66,360.00 |
| 1342 | Shafer, David B. | ASSOCIATE | $375.00 | $375.00 | 106.10 | $39,787.50 |
| 5147 | Marvin, Lynn M. | ASSOCIATE | $475.00 | $475.00 | 51.20 | $24,320.00 |
| 2660 | Rabinowitz, Alan M. | ASSOCIATE | $325.00 | $325.00 | 40.30 | $13,097.50 |
| 1768 | Schaeffer, Adam R. | ASSOCIATE | $475.00 | $475.00 | 26.90 | $12,777.50 |
| 0180 | Chi, Dennis N. | ASSOCIATE | $400.00 | $400.00 | 27.70 | $11,080.00 |
| | No. of Billers for Position: 7 | Blended Rate for Position: | $475.71 | | 635.90 | $302,505.00 |
| | | | | % of Total: | 36.04% | % of Total: 26.72% |
| 1609 | Fischer, Lynne C. | STAFF ATTORNEY | $275.00 | $275.00 | 53.90 | $14,822.50 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $275.00 | | 53.90 | $14,822.50 |
| | | | | % of Total: | 3.06% | % of Total: 1.31% |
| 3117 | Hemann, Mary E. | LEGAL SUPPORT | $200.00 | $200.00 | 44.70 | $8,940.00 |
| 9161 | Sobczak, Arleta K. | LEGAL SUPPORT | $250.00 | $250.00 | 11.40 | $2,850.00 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $210.16 | | 56.10 | $11,790.00 |
| | | | | % of Total: | 3.18% | % of Total: 1.04% |

EXHIBIT B

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Jones Day**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|----------|------|----------|--------------|--------------|----------------|---------------|
| | Total No. of Billers:  17 | Blended Rate for Report:  $641.68 | | | 1,764.20 | $1,132,050.00 |

EXHIBIT J

CLERICAL ACTIVITIES

Jones Day

## SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE |
|---|---|---|---|---|
| Hall, D | 1.00 | 525.00 | 80.00 | 445.00 |
| Rabinowitz, A | 2.70 | 877.50 | 216.00 | 661.50 |
| Shafer, D | 5.90 | 2,212.50 | 472.00 | 1,740.50 |
| Sobczak, A | 9.90 | 2,475.00 | 792.00 | 1,683.00 |
| | 19.50 | $6,090.00 | $1,560.00 | $4,530.00 |

## SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE |
|---|---|---|---|---|
| Committee Matters/Meetings | 0.50 | 262.50 | 40.00 | 222.50 |
| Court Hearings | 5.60 | 1,400.00 | 448.00 | 952.00 |
| Litigation Matters | 2.70 | 877.50 | 216.00 | 661.50 |
| Plan of Reorganization Matters | 10.70 | 3,550.00 | 856.00 | 2,694.00 |
| | 19.50 | $6,090.00 | $1,560.00 | $4,530.00 |

EXHIBIT J

CLERICAL ACTIVITIES

Jones Day

| TIMEKEEPER NAME | DATE | ENTRY HOURS | TASK HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE | ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| Hall, D | 08/27/10   Fri 2289125-20/301 | 0.50 | 0.50 | 262.50 | 40.00 | 222.50 | F | *MATTER NAME: Committee Matters/Meetings*<br>1 WORK ON CONTACT LIST. |
| | 10/07/10   Thu 2299258-10/12 | 4.00 | | | | | F | *MATTER NAME: Plan of Reorganization Matters*<br>1 REVIEW DRAFTS OF SCHEDULING ORDER (1.00); |
| | | | | | | | F | 2 CALL WITH COMPANY AND CREDITORS REGARDING SCHEDULING ORDER (1.00); |
| | | | | | | | F | 3 MEETING WITH ERENS REGARDING PLAN AND STATUS (.50); |
| | | | 0.50 | 262.50 | 40.00 | 222.50 | F | 4 UPDATE CONTACT LIST (.50); |
| | | | | | | | F | 5 REVIEW PLAN RELATED MATERIALS (1.00). |
| | TOTAL FOR TIMEKEEPER: | | 1.00 | $525.00 | $80.00 | $445.00 | | |
| | NUMBER OF ENTRIES: | 2 | | | | | | |
| Rabinowitz, A | 10/12/10   Tue 2299258-80/205 | 0.60 | 0.60 | 195.00 | 48.00 | 147.00 | F | *MATTER NAME: Litigation Matters*<br>1 REVIEW AND ANALYZE THE DOCKET FOR A GENERAL PROTECTIVE ORDER. |
| | 10/15/10   Fri 2299258-80/206 | 2.20 | | | | | F | *MATTER NAME: Litigation Matters*<br>1 REVIEW AND ANALYZE DOCUMENTS FROM SHAPRIO (1.00); |
| | | | 1.20 | 390.00 | 96.00 | 294.00 | F | 2 MANAGE FILES IN CONNECTION WITH PRODUCED AND PRIVILEGED DOCUMENTS OF SHAPRIO, WILDEROTTER AND WOOD (1.20). |
| | 10/20/10   Wed 2299258-80/210 | 1.40 | 0.50 | 162.50 | 40.00 | 122.50 | F | *MATTER NAME: Litigation Matters*<br>1 MANAGE DATA AND FILES COLLECTED FOR PRODUCTION BY COMMITTEE MEMBERS (.50); |
| | | | | | | | F | 2 REVIEW AND ANALYZE DOCUMENTS COLLECTED FOR PRODUCTION BY COMMITTEE MEMBERS (.50); |
| | | | 0.40 | 130.00 | 32.00 | 98.00 | F | 3 COMMUNICATE WITH DOCUMENT PRODUCTION VENDOR REGARDING DOCUMENTS COLLECTED FOR PRODUCTION BY COMMITTEE MEMBERS (.40). |
| | TOTAL FOR TIMEKEEPER: | | 2.70 | $877.50 | $216.00 | $661.50 | | |
| | NUMBER OF ENTRIES: | 3 | | | | | | |
| Shafer, D | 08/27/10   Fri 2289125-10/9 | 4.70 | 4.70 | 1,762.50 | 376.00 | 1,386.50 | F | *MATTER NAME: Plan of Reorganization Matters*<br>1 REVISE CONTACT LIST FOR TRIBUNE COMPANY TO ADD COUNSEL AND DELAWARE COUNSEL FOR EACH PARTY, AND FINANCIAL ADVISORS AND INVESTMENT BANKERS FOR EACH PARTY. |
| | 09/10/10   Thu 2289125-10/54 | 1.20 | 1.20 | 450.00 | 96.00 | 354.00 | F | *MATTER NAME: Plan of Reorganization Matters*<br>1 REVISE CONTACT LIST FOR ERENS AND HALL. |
| | TOTAL FOR TIMEKEEPER: | | 5.90 | $2,212.50 | $472.00 | $1,740.50 | | |
| | NUMBER OF ENTRIES: | 2 | | | | | | |

Sobczak, A

~  See the last page of exhibit for explanation

EXHIBIT J

CLERICAL ACTIVITIES

Jones Day

| TIMEKEEPER NAME | DATE | ENTRY HOURS | TASK HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE | – | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | *MATTER NAME: Plan of Reorganization Matters* |
| Sobczak, A | 09/02/10    Thu 2289125-10/104 | 2.20 | 0.20 | 50.00 | 16.00 | 34.00 | F | 1 E-MAILS AND OFFICE CONFERENCES WITH SHAFER REGARDING UPLOADING EXAMINERS REPORTS AND EXHIBITS (.20); |
| | | | 2.00 | 500.00 | 160.00 | 340.00 | F | 2 COLLECT CERTAIN EXHIBITS (2.00). |
| | | | | | | | | *MATTER NAME: Plan of Reorganization Matters* |
| | 09/22/10    Wed 2289125-10/106 | 2.10 | 0.10 | 25.00 | 8.00 | 17.00 | F | 1 E-MAILS WITH SHAFER REGARDING BINDERS NEEDED FOR OBJECTIONS TO PLAN AND DISCLOSURE STATEMENT (.10); |
| | | | 1.50 | 375.00 | 120.00 | 255.00 | F | 2 PRINT AND ASSEMBLE OBJECTIONS FOR BINDERS FOR SHAFER AND HALL (1.50); |
| | | | 0.50 | 125.00 | 40.00 | 85.00 | F | 3 DRAFT, REVIEW AND REVISE BINDER INDEX (.50). |
| | | | | | | | | *MATTER NAME: Court Hearings* |
| | 11/24/10    Wed 307451-70/112 | 5.60 | 0.30 | 75.00 | 24.00 | 51.00 | F | 1 NUMEROUS OFFICE CONFERENCES WITH SHAFER REGARDING HEARING BINDERS FOR NOV 29 PLAN HEARING (.30); |
| | | | 0.10 | 25.00 | 8.00 | 17.00 | F | 2 E-MAILS WITH SHAFER REGARDING SAME (.10); |
| | | | 0.10 | 25.00 | 8.00 | 17.00 | F | 3 E-MAILS WITH ERENS REGARDING SAME (.10); |
| | | | 3.90 | 975.00 | 312.00 | 663.00 | F | 4 PRINT PLEADINGS REQUIRED FOR HEARING BINDER (3.90); |
| | | | 0.60 | 150.00 | 48.00 | 102.00 | F | 5 DRAFT, REVIEW AND REVISE HEARING BINDER INDEX (.60); |
| | | | 0.20 | 50.00 | 16.00 | 34.00 | F | 6 ARRANGE FOR OVERNIGHT DELIVERY OF HEARING BINDERS TO HEIMAN AND ERENS (.20); |
| | | | 0.40 | 100.00 | 32.00 | 68.00 | F | 7 ARRANGE FOR TELEPHONE APPEARANCE OF HALL FOR NOV 29 PLAN HEARING (.40). |
| | TOTAL FOR TIMEKEEPER: | | 9.90 | $2,475.00 | $792.00 | $1,683.00 | | |
| | NUMBER OF ENTRIES: 3 | | | | | | | |
| TOTAL: | | | 19.50 | $6,090.00 | $1,560.00 | $4,530.00 | | |
| NUMBER OF ENTRIES   10 | | | | | | | | |

– See the last page of exhibit for explanation

* Amount billed adjusted to reflect percentage shown to be due on the invoice.                    EXHIBIT J  PAGE 3 of 4

EXHIBIT J

CLERICAL ACTIVITIES

Jones Day

## SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE |
|---|---|---|---|---|
| Hall, D | 1.00 | 525.00 | 80.00 | 445.00 |
| Rabinowitz, A | 2.70 | 877.50 | 216.00 | 661.50 |
| Shafer, D | 5.90 | 2,212.50 | 472.00 | 1,740.50 |
| Sobczak, A | 9.90 | 2,475.00 | 792.00 | 1,683.00 |
| | 19.50 | $6,090.00 | $1,560.00 | $4,530.00 |

## SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE |
|---|---|---|---|---|
| Committee Matters/Meetings | 0.50 | 262.50 | 40.00 | 222.50 |
| Court Hearings | 5.60 | 1,400.00 | 448.00 | 952.00 |
| Litigation Matters | 2.70 | 877.50 | 216.00 | 661.50 |
| Plan of Reorganization Matters | 10.70 | 3,550.00 | 856.00 | 2,694.00 |
| | 19.50 | $6,090.00 | $1,560.00 | $4,530.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS
F        FINAL BILL

* Amount billed adjusted to reflect percentage shown to be due on the invoice.

EXHIBIT K
JONES DAY RETENTION/COMPENSATION
Jones Day

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Chi, D | 27.70 | 11,080.00 |
| Erens, B | 19.80 | 15,345.00 |
| Fischer, L | 53.90 | 14,822.50 |
| Hall, D | 22.10 | 11,602.50 |
| Heiman, D | 1.00 | 900.00 |
| Hemann, M | 44.70 | 8,940.00 |
| Shafer, D | 31.50 | 11,812.50 |
| Sherman, F | 2.50 | 2,000.00 |
| | 203.20 | $76,502.50 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Applications/Retention Preparation | 200.20 | 74,927.50 |
| Plan of Reorganization Matters | 3.00 | 1,575.00 |
| | 203.20 | $76,502.50 |

EXHIBIT K

JONES DAY RETENTION/COMPENSATION

Jones Day

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 08/21/10 Sat | Sherman, F 2289125-40/344 | 0.50 | 0.50 | 400.00 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation<br>E-MAILS TO GENERAL COUNSEL REGARDING SPECIAL COMMITTEE RETENTION. |
| 08/22/10 Sun | Sherman, F 2289125-40/345 | 2.00 | 2.00 | 1,600.00 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation<br>MULTIPLE TELEPHONE CALLS AND E-MAILS REGARDING RETENTION BY COMMITTEE. |
| 08/24/10 Tue | Shafer, D 2289125-40/338 | 1.00 | 1.00 | 375.00 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation<br>DRAFT AND REVISE SCHEDULE OF INTERESTED PARTIES FOR CONFLICT CHECK FOR FISCHER. |
| 08/25/10 Wed | Erens, B 2289125-40/346 | 0.60 | 0.60 | 465.00 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation<br>TELEPHONE CALL WITH SHAFER REGARDING RETENTION APPLICATION. |
| 08/25/10 Wed | Fischer, L 2289125-40/312 | 1.00 | 1.00 | 275.00 | 0.30<br>0.50<br>0.20 | F<br>F<br>F | 1<br>2<br>3 | MATTER NAME: Fee Applications/Retention Preparation<br>TELEPHONE CONFERENCE AND E-MAIL COMMUNICATION WITH SHAFER REGARDING NEW RETENTION INVOLVING SPECIAL COMMITTEE OF DIRECTORS FOR TRIBUNE COMPANY AND CONFLICTS REVIEW FOR SAME (.30);<br>REVIEW AND PREPARE LIST OF INTERESTED PARTIES (SCHEDULE 1) FOR SUBMISSION TO FIRM NEW MATTER SERVICES (.50);<br>CONFERENCE WITH FIRM NEW MATTER SERVICES REGARDING SAME (.20). |
| 08/25/10 Wed | Shafer, D 2289125-40/336 | 4.00 | 4.00 | 1,500.00 | 1.40<br>1.00<br>1.00<br>0.60 | F<br>F<br>F<br>F | 1<br>2<br>3<br>4 | MATTER NAME: Fee Applications/Retention Preparation<br>DRAFT APPLICATION TO RETAIN AND EMPLOY JONES DAY AS SPECIAL COUNSEL TO THE SPECIAL COMMITTEE (1.40);<br>CALL WITH LUDWIG AT SIDLEY REGARDING LOGISTICS OF FILING JONES DAY RETENTION APPLICATION (1.00);<br>CALL AND E-MAIL EXCHANGES WITH STICKLES AT COLE SCHOTZ REGARDING LOGISTICS OF FILING JONES DAY RETENTION APPLICATION (1.00);<br>CALL WITH ERENS REGARDING APLICATION (.60). |
| 08/26/10 Thu | Erens, B 2289125-40/337 | 2.00 | 2.00 | 1,550.00 | 1.50<br>0.50 | F<br>F | 1<br>2 | MATTER NAME: Fee Applications/Retention Preparation<br>REVIEW AND REVISE RETENTION PAPERS (1.50);<br>WORK ON LOGISTICS REGARDING RETENTION APPLICATION (.50). |
| 08/26/10 Thu | Fischer, L 2289125-40/313 | 13.50 | 13.50 | 3,712.50 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation<br>REVIEW AND ANALYZE CONFLICT INQUIRY REPORTS FOR ALL INTERESTED PARTIES IN THE TRIBUNE COMPANY CHAPTER 11 CASES RELATING TO POTENTIAL CONFLICTS AND THE FIRM'S RETENTION AS SPECIAL COUNSEL TO THE SPECIAL COMMITTEE OF THE DIRECTORS OF TRIBUNE COMPANY. |
| 08/26/10 Thu | Hall, D 2289125-40/339 | 1.00 | 1.00 | 525.00 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation<br>REVISE RETENTION APPLICATION AND HEIMAN DECLARATION. |
| 08/26/10 Thu | Hemann, M 2289125-40/317 | 8.00 | 8.00 | 1,600.00 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation<br>REVIEW CONFLICT REPORTS FOR PREPARATION OF SCHEDULE 2 TO JONES DAY RETENTION APPLICATION AS COUNSEL TO SPECIAL COMMITTEE. |
| 08/26/10 Thu | Shafer, D 2289125-40/308 | 6.40 | 6.40 | 2,400.00 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation<br>REVISE JONES DAY RETENTION APPLICATION TO INCORPORATE COMMENTS OF HALL. |

~  See the last page of exhibit for explanation

EXHIBIT K
JONES DAY RETENTION/COMPENSATION
Jones Day

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 08/27/10 Fri | Erens, B 2289125-40/340 | 1.00 | 1.00 | 775.00 | | F | 1 | *MATTER NAME: Fee Applications/Retention Preparation* E-MAILS TO AND FROM TEAM REGARDING STATUS AND RETENTION APPLICATION, REVIEW REGARDING SAME AND REVIEW EXHIBITS REGARDING SAME. |
| 08/27/10 Fri | Fischer, L 2289125-40/314 | 14.80 | 14.80 | 4,070.00 | | F | 1 | *MATTER NAME: Fee Applications/Retention Preparation* REVIEW AND ANALYZE CONFLICT INQUIRY REPORTS FOR ALL INTERESTED PARTIES IN THE TRIBUNE COMPANY CHAPTER 11 CASES RELATING TO POTENTIAL CONFLICTS AND THE FIRM'S RETENTION AS SPECIAL COUNSEL TO THE SPECIAL COMMITTEE OF THE DIRECTORS OF TRIBUNE COMPANY. |
| 08/27/10 Fri | Hall, D 2289125-40/341 | 1.50 | 1.50 | 787.50 | | F | 1 | *MATTER NAME: Fee Applications/Retention Preparation* REVISE RETENTION APPLICATION AND HEIMAN DECLARATION. |
| 08/27/10 Fri | Hemann, M 2289125-40/318 | 12.00 | 12.00 | 2,400.00 | | F | 1 | *MATTER NAME: Fee Applications/Retention Preparation* REVIEW CONFLICT REPORTS FOR PREPARATION OF SCHEDULE 2 TO JONES DAY RETENTION APPLICATION AS COUNSEL TO SPECIAL COMMITTEE. |
| 08/28/10 Sat | Fischer, L 2289125-40/315 | 15.50 | 15.50 | 4,262.50 | 8.50 | F | 1 | *MATTER NAME: Fee Applications/Retention Preparation* REVIEW AND ANALYZE CONFLICT INQUIRY REPORTS FOR ALL INTERESTED PARTIES IN THE TRIBUNE COMPANY CHAPTER 11 CASES RELATING TO POTENTIAL CONFLICTS AND THE FIRM'S RETENTION AS SPECIAL COUNSEL TO THE SPECIAL COMMITTEE OF THE DIRECTORS OF TRIBUNE COMPANY (8.50): |
| | | | | | 7.00 | F | 2 | DRAFT AND REVISE DISCLOSURE (SCHEDULE 2) IN CONJUNCTION WITH PREPARING THE FIRM'S RETENTION APPLICATION RELATING TO SAME (7.00). |
| 08/29/10 Sun | Fischer, L 2289125-40/316 | 8.00 | 8.00 | 2,200.00 | | F | 1 | *MATTER NAME: Fee Applications/Retention Preparation* DRAFT AND REVISE DISCLOSURE (SCHEDULE 2) TO THE FIRM'S RETENTION APPLICATION, WITH RESPECT TO POTENTIAL CONFLICTS AND THE FIRM'S RETENTION AS SPECIAL COUNSEL TO THE SPECIAL COMMITTEE OF THE DIRECTORS OF TRIBUNE COMPANY. |
| 08/29/10 Sun | Shafer, D 2289125-40/309 | 1.50 | 1.50 | 562.50 | | F | 1 | *MATTER NAME: Fee Applications/Retention Preparation* REVIEW AND REVISE DRAFT SCHEDULE 2 RECEIVED FROM FISCHER. |
| 08/30/10 Mon | Erens, B 2289125-40/342 | 0.50 | 0.50 | 387.50 | | F | 1 | *MATTER NAME: Fee Applications/Retention Preparation* FINALIZE RETENTION APPLICATION WITH HALL. |
| 08/30/10 Mon | Hall, D 2289125-40/311 | 3.80 | 3.80 | 1,995.00 | 1.50 | F | 1 | *MATTER NAME: Fee Applications/Retention Preparation* REVISE JD RETENTION APPLICATION (1.50): |
| | | | | | 1.50 | F | 2 | REVISE HEIMAN DECLARATION (1.50): |
| | | | | | 0.30 | F | 3 | REVISE ENGAGEMENT LETTER (.30): |
| | | | | | 0.30 | F | 4 | MEETING WITH ERENS REGARDING STATUS OF FILINGS AND NEXT STEPS (.30): |
| | | | | | 0.20 | F | 5 | COORDINATE WITH SHAFER, LOCAL COUNSEL AND CLIENT FILING OF RETENTION DOCUMENTS (.20). |
| 08/30/10 Mon | Shafer, D 2289125-40/310 | 5.80 | 5.80 | 2,175.00 | 5.10 | F | 1 | *MATTER NAME: Fee Applications/Retention Preparation* REVIEW AND REVISE DRAFT SCHEDULE 2 RECEIVED FROM FISCHER (5.10): |
| | | | | | 0.20 | F | 2 | COMMUNICATE WITH STICKLES AT COLE SCHOTZ REGARDING SIGNATURE PAGES FOR FILING (.20): |
| | | | | | 0.30 | F | 3 | REVIEW DECLARATION, APPLICATION AND ENGAGEMENT LETTER FOR FILING (.30): |
| | | | | | 0.20 | F | 4 | MEET WITH ERENS AND HALL REGARDING LOGISTICS FOR FILING (.20). |

~ See the last page of exhibit for explanation

EXHIBIT K
JONES DAY RETENTION/COMPENSATION
Jones Day

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|------|------|------|------|------|------|------|------|
| 09/07/10 Tue | Erens, B 2289125-40/328 | 1.20 | 1.20 | 930.00 | 0.20 0.20 0.30 0.50 | F F F F | 1 2 3 4 | *MATTER NAME: Fee Applications/Retention Preparation* TELEPHONE CALL WITH REIDY REGARDING SUPPLEMENTAL DISCLOSURE ITEMS (.20): TELEPHONE CALL WITH HINE REGARDING SAME (.20): REVIEW AND REVISE SUPPLEMENTAL DISCLOSURE (.30): OFFICE CONFERENCE WITH HALL AND SHAFER REGARDING RETENTION APPLICATION AND TIMING REGARDING THE SAME (.50). |
| 09/07/10 Tue | Hall, D 2289125-40/343 | 1.00 | 1.00 | 525.00 | 0.50 0.50 | F F | 1 2 | *MATTER NAME: Fee Applications/Retention Preparation* CALL WITH COMPANY COUNSEL REGARDING RETENTION APPLICATION (.50): REVISE DISCLOSURE REGARDING RETENTION (.50). |
| 09/07/10 Tue | Shafer, D 2289125-40/319 | 4.50 | 4.50 | 1,687.50 | | F | 1 | *MATTER NAME: Fee Applications/Retention Preparation* REVIEW AND REVISE SUPPLEMENTAL DISCLOSURE OF HEIMAN IN SUPPORT OF JONES DAY'S RETENTION APPLICATION. |
| 09/08/10 Wed | Erens, B 2289125-40/329 | 1.30 | 1.30 | 1,007.50 | 0.20 0.50 0.30 0.30 | F F F F | 1 2 3 4 | *MATTER NAME: Fee Applications/Retention Preparation* E-MAILS TO AND FROM COMPANY REGARDING SUPPLEMENTAL DISCLOSURE (.20): OFFICE CONFERENCE WITH HALL AND SHAFER REGARDING THE SAME (.50): REVIEW AND REVISE SAME (.30): OFFICE CONFERENCE WITH REIDY REGARDING THE SAME (.30). |
| 09/08/10 Wed | Fischer, L 2289125-40/335 | 1.10 | 1.10 | 302.50 | 0.10 0.50 0.50 | F F F | 1 2 3 | *MATTER NAME: Fee Applications/Retention Preparation* TELEPHONE CONFERENCE WITH SHAFER REGARDING SCHEDULE 2 (DISCLOSURE) TO THE FIRM'S RETENTION APPLICATION AS COUNSEL TO THE COMMITTEE (.10): RESEARCH AND REVIEW OF CONFLICT INQUIRY REPORTS IN CONNECTION WITH SAME (.50): E-MAIL COMMUNICATION WITH SHAFER REGARDING SAME (.50). |
| 09/08/10 Wed | Hall, D 2289125-10/52 | 12.30 | 1.00 | 525.00 | 9.00 1.00 1.50 0.80 | F F F F | 1 2 3 4 | *MATTER NAME: Plan of Reorganization Matters* PREPARE SUMMARY OF PLAN TERM SHEETS (9.00): REVIEW AND REVISE SUPPLEMENTAL DISCLOSURE (1.00): REVIEW OAKTREE PLAN (1.50): COORDINATE E-MAIL TO CLIENT REGARDING TIMING OF CALL AND MATERIALS FOR REVIEW (.80). |
| 09/08/10 Wed | Shafer, D 2289125-40/320 | 2.50 | 2.50 | 937.50 | | F | 1 | *MATTER NAME: Fee Applications/Retention Preparation* REVISE SUPPLEMENTAL DECLARATION IN SUPPORT OF JONES DAY'S RETENTION APPLICATION. |
| 09/09/10 Thu | Erens, B 2289125-40/326 | 0.80 | 0.80 | 620.00 | 0.30 0.20 0.30 | F F F | 1 2 3 | *MATTER NAME: Fee Applications/Retention Preparation* TELEPHONE CALL WITH LANTRY REGARDING U.S. TRUSTEE ISSUES REGARDING JONES DAY RETENTION (.30): VOICEMAILS TO HALL REGARDING REPLY TO U.S. TRUSTEE (.20): REVIEW SUPPLEMENTAL DISCLOSURE REGARDING SAME (.30). |
| 09/09/10 Thu | Erens, B 2289125-40/327 | 0.50 | 0.50 | 387.50 | | F | 1 | *MATTER NAME: Fee Applications/Retention Preparation* E-MAILS TO AND FROM HEIMAN AND U.S. TRUSTEE REGARDING JONES DAY RETENTION ISSUES. |
| 09/09/10 Thu | Hall, D 2289125-10/53 | 2.50 | 1.50 | 787.50 | 1.00 1.50 | F F | 1 2 | *MATTER NAME: Plan of Reorganization Matters* REVIEW PLAN OF REORGANIZATION BY OAKTREE (1.00): FINALIZE SUPPLEMENTAL DECLARATION AND COMMUNICATION WITH U.S. TRUSTEE REGARDING SAME (1.50). |

~ See the last page of exhibit for explanation

EXHIBIT K
JONES DAY RETENTION/COMPENSATION
Jones Day

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 09/10/10 Fri | Erens, B 2289125-40/330 | 0.90 | 0.90 | 697.50 | 0.30 0.30 0.30 | F F F | 1 2 3 | MATTER NAME: Fee Applications/Retention Preparation TELEPHONE CALLS WITH LANTRY REGARDING REPLY TO U.S. TRUSTEE REGARDING JONES DAY OBJECTION (.30); TELEPHONE CALL WITH US TRUSTEE REGARDING ISSUES REGARDING THE SAME (.30); CALLS WITH HEIMAN REGARDING SAME (.30). |
| 09/10/10 Fri | Hall, D 2289125-10/55 | 3.80 | 0.50 | 262.50 | 0.50 1.30 2.00 | F F F | 1 2 3 | MATTER NAME: Plan of Reorganization Matters CALL WITH U.S. TRUSTEE REGARDING RETENTION (.50); MEETING WITH ERENS AND SHAFER REGARDING TRIBUNE TASKS (1.30); REVIEW OAKTREE PLAN AND SIDLEY REVISED PLAN TERM SHEET (2.00). |
| 09/10/10 Fri | Hall, D 2289125-40/347 | 1.70 | 1.70 | 892.50 | 1.20 0.50 | F F | 1 2 | MATTER NAME: Fee Applications/Retention Preparation REVIEW U.S. TRUSTEE OBJECTION AND FORMULATE RESPONSE (1.20); REVIEW DRAFT AND JONES DAY REPLY AND REVISE (.50). |
| 09/10/10 Fri | Shafer, D 2289125-40/321 | 3.80 | 3.80 | 1,425.00 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation DRAFT STATEMENT IN SUPPORT OF JONES DAY'S FEE APPLICATION IN RESPONSE TO OBJECTION BY THE U.S. TRUSTEE. |
| 09/11/10 Sat | Erens, B 2289125-40/331 | 1.50 | 1.50 | 1,162.50 | 1.00 0.50 | F F | 1 2 | MATTER NAME: Fee Applications/Retention Preparation REVIEW AND REVISE RESPONSE TO U.S. TRUSTEE REGARDING JONES DAY OBJECTION (1.00); REVIEW CASE LAW REGARDING SAME (.50). |
| 09/11/10 Sat | Hall, D 2289125-40/322 | 2.30 | 2.30 | 1,207.50 | 1.30 1.00 | F F | 1 2 | MATTER NAME: Fee Applications/Retention Preparation DRAFT RESPONSE TO U.S. TRUSTEE OBJECTION TO JONES DAY RETENTION (1.30); FURTHER REVISIONS TO JONES DAY STATEMENT IN SUPPORT OF APPLICATION (1.00). |
| 09/11/10 Sat | Heiman, D 2289125-40/323 | 0.50 | 0.50 | 450.00 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation REVIEW STATEMENT IN RESPONSE TO U.S. TRUSTEE OBJECTION REGARDING JONES DAY RETENTION. |
| 09/12/10 Sun | Erens, B 2289125-40/332 | 1.00 | 1.00 | 775.00 | 0.30 0.20 0.50 | F F F | 1 2 3 | MATTER NAME: Fee Applications/Retention Preparation TELEPHONE CALL WITH HEIMAN REGARDING HEARING ON JONES DAY RETENTION (.30); DISTRIBUTE REPLY REGARDING SAME (.20); FINALIZE REGARDING SAME (.50). |
| 09/13/10 Mon | Erens, B 2289125-40/333 | 1.00 | 1.00 | 775.00 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation PREPARE FOR HEARING ON JONES DAY RETENTION. |
| 09/13/10 Mon | Heiman, D 2289125-40/324 | 0.50 | 0.50 | 450.00 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation CONFERENCE WITH TEAM REGARDING MOTION FOR U.S. TRUSTEE. |
| 09/15/10 Wed | Erens, B 2289125-40/325 | 2.00 | 2.00 | 1,550.00 | 0.50 1.50 | F F | 1 2 | MATTER NAME: Fee Applications/Retention Preparation PREPARE FOR JONES DAY RETENTION HEARING (.50); HEARING REGARDING SAME (1.50). |
| 09/28/10 Tue | Shafer, D 2289125-40/334 | 2.00 | 2.00 | 750.00 | 0.70 0.20 1.10 | F F F | 1 2 3 | MATTER NAME: Fee Applications/Retention Preparation REVIEW FEE APPLICATION PROCEDURES, FEE EXAMINER REPORTS AND INTERIM COMPENSATION ORDERS (.70); REPORT TO ERENS REGARDING PROCESS FOR FEE APPLICATIONS (.20); PREPARE E-MAIL AND NEW MATTERS LISTS FOR TIMEKEEPERS REGARDING BILLING PROCEDURES (1.10). |

~ See the last page of exhibit for explanation

EXHIBIT K
JONES DAY RETENTION/COMPENSATION
Jones Day

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 10/06/10 Wed | Chi, D 2299258-40/159 | 0.50 | 0.50 | 200.00 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation REVIEW/ANALYZE TRIBUNE INTERIM COMPENSATION AND FEE EXAMINER ORDER AND SUMMARIZE IN E-MAIL FOR ERENS. |
| 10/06/10 Wed | Erens, B 2299258-40/146 | 0.20 | 0.20 | 155.00 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation E-MAIL TO HALL REGARDING FEE PROCEDURES IN CASE. |
| 10/08/10 Fri | Hemann, M 2299258-40/151 | 4.90 | 4.90 | 980.00 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation REVIEW AND REVISE SEPTEMBER 2010 DRAFT BILL. |
| 10/11/10 Mon | Hemann, M 2299258-40/152 | 5.00 | 5.00 | 1,000.00 | 2.50 2.50 | F F | 1 2 | MATTER NAME: Fee Applications/Retention Preparation REVIEW AND REVISE SEPTEMBER 2010 DRAFT BILL (2.50); PREPARE SUMMARY PAGES FOR FEE APPLICATION (2.50). |
| 10/13/10 Wed | Hemann, M 2299258-40/150 | 0.50 | 0.50 | 100.00 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation REVIEW SEPTEMBER 2010 DRAFT BILL. |
| 10/14/10 Thu | Chi, D 2299258-40/156 | 1.00 | 1.00 | 400.00 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation DRAFT AND REVISE FEE APPLICATION EXHIBITS. |
| 10/19/10 Tue | Chi, D 2299258-40/157 | 4.40 | 4.40 | 1,760.00 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation REVIEW AND DRAFT BILL AND DRAFT FEE APPLICATION FOR SPECIAL COMMITTEE. |
| 10/20/10 Wed | Chi, D 2299258-40/158 | 2.10 | 2.10 | 840.00 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation DRAFT AND REVISE FIRST FEE APPLICATION FOR SPECIAL COMMITTEE. |
| 10/21/10 Thu | Chi, D 2299258-40/162 | 0.20 | 0.20 | 80.00 | 0.20 | F | 1 | MATTER NAME: Fee Applications/Retention Preparation COMMUNICATE WITH HEMANN AND NELSON REGARDING BILLING AND FEE APPLICATION REVISIONS (.20). |
| 10/21/10 Thu | Chi, D 2299258-40/163 | 2.20 | 2.20 | 880.00 | 2.20 | F | 1 | MATTER NAME: Fee Applications/Retention Preparation ANALYZE AND SUMMARIZE BILL FOR INSERTION IN FIRST FEE APPLICATION (2.20). |
| 10/21/10 Thu | Chi, D 2299258-40/164 | 0.20 | 0.20 | 80.00 | 0.20 | F | 1 | MATTER NAME: Fee Applications/Retention Preparation DRAFT AND REVISE FIRST FEE APPLICATION (.20). |
| 10/21/10 Thu | Hall, D 2299258-40/167 | 2.00 | 2.00 | 1,050.00 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation REVIEW AND REVISE FEE APPLICATION. |
| 10/21/10 Thu | Hemann, M 2299258-40/154 | 2.00 | 2.00 | 400.00 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation DRAFT AND REVISE FEE APPLICATION. |

~  See the last page of exhibit for explanation

EXHIBIT K
JONES DAY RETENTION/COMPENSATION
Jones Day

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 10/22/10 Fri | Chi, D 2299258-40/160 | 0.20 | 0.20 | 80.00 | | F | 1 | MATTER NAME: *Fee Applications/Retention Preparation* <br> DRAFT AND REVISE FIRST FEE APPLICATION. |
| 10/23/10 Sat | Erens, B 2299258-40/148 | 2.50 | 2.50 | 1,937.50 | | F | 1 | MATTER NAME: *Fee Applications/Retention Preparation* <br> REVIEW AND REVISE SEPTEMBER FEE APPLICATION. |
| 10/25/10 Mon | Chi, D 2299258-40/161 | 0.70 | 0.70 | 280.00 | | F | 1 | MATTER NAME: *Fee Applications/Retention Preparation* <br> REVIEW ERENS COMMENTS TO FIRST FEE APPLICATION. |
| 10/25/10 Mon | Erens, B 2299258-40/147 | 0.20 | 0.20 | 155.00 | | F | 1 | MATTER NAME: *Fee Applications/Retention Preparation* <br> TELEPHONE CALL WITH HALL REGARDING SEPTEMBER MONTHLY BILL. |
| 10/25/10 Mon | Hall, D 2299258-40/149 | 1.50 | 1.50 | 787.50 | | F | 1 | MATTER NAME: *Fee Applications/Retention Preparation* <br> REVISE FEE APPLICATION. |
| 10/26/10 Tue | Chi, D 2299258-40/165 | 0.60 | 0.60 | 240.00 | | F | 1 | MATTER NAME: *Fee Applications/Retention Preparation* <br> DRAFT AND REVISE FIRST FEE APPLICATION. |
| 10/26/10 Tue | Hemann, M 2299258-40/155 | 1.30 | 1.30 | 260.00 | | F | 1 | MATTER NAME: *Fee Applications/Retention Preparation* <br> REVIEW AND REVISE SEPTEMBER 2010 DRAFT BILL. |
| 10/27/10 Wed | Chi, D 2299258-40/166 | 1.60 | 1.60 | 640.00 | 1.40 <br> 0.20 | F <br> F | 1 <br> 2 | MATTER NAME: *Fee Applications/Retention Preparation* <br> DRAFT AND REVISE FIRST MONTHLY FEE APPLICATION (1.40) <br> AND COORDINATE WITH FINANCIAL TO GET BILL REVISIONS MADE (.20). |
| 10/27/10 Wed | Hall, D 2299258-40/168 | 1.50 | 1.50 | 787.50 | | F | 1 | MATTER NAME: *Fee Applications/Retention Preparation* <br> REVIEW FEE APPLICATION AND BILL. |
| 10/31/10 Sun | Erens, B 2299258-40/153 | 0.50 | 0.50 | 387.50 | | F | 1 | MATTER NAME: *Fee Applications/Retention Preparation* <br> FINALIZE SEPTEMBER BILL. |
| 11/01/10 Mon | Chi, D 307451-40/129 | 0.20 | 0.20 | 80.00 | | F | 1 | MATTER NAME: *Fee Applications/Retention Preparation* <br> DRAFT AND REVISE FIRST MONTHLY FEE APPLICATION. |
| 11/01/10 Mon | Erens, B 307451-40/139 | 0.20 | 0.20 | 155.00 | | F | 1 | MATTER NAME: *Fee Applications/Retention Preparation* <br> OFFICE CONFERENCE WITH HALL REGARDING PROJECTS AND CURRENT STATUS OF BILL. |
| 11/02/10 Tue | Chi, D 307451-40/130 | 0.90 | 0.90 | 360.00 | | F | 1 | MATTER NAME: *Fee Applications/Retention Preparation* <br> FINALIZE AND COORDINATE FILING AND SERVICE OF FIRST MONTHLY FEE APPLICATION. |

~ See the last page of exhibit for explanation

EXHIBIT K

JONES DAY RETENTION/COMPENSATION

Jones Day

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|----------------|-------------|-------|------|------------|---|---|-------------|
| 11/02/10 Tue | Erens, B 307451-40/120 | 0.20 | 0.20 | 155.00 | | F | 1 | MATTER NAME: *Fee Applications/Retention Preparation*<br>FINALIZE SEPTEMBER FEE APPLICATION WITH CHI. |
| 11/10/10 Wed | Hemann, M 307451-40/121 | 3.50 | 3.50 | 700.00 | | F | 1 | MATTER NAME: *Fee Applications/Retention Preparation*<br>REVIEW AND REVISE OCTOBER 2010 DRAFT BILL. |
| 11/15/10 Mon | Hemann, M 307451-40/126 | 5.00 | 5.00 | 1,000.00 | | F | 1 | MATTER NAME: *Fee Applications/Retention Preparation*<br>REVIEW AND REVISE OCTOBER 2010 DRAFT BILL. |
| 11/16/10 Tue | Chi, D 307451-40/131 | 2.50 | 2.50 | 1,000.00 | | F | 1 | MATTER NAME: *Fee Applications/Retention Preparation*<br>REVIEW AND ANALYZE BILL AND DRAFT SECOND MONTHLY FEE APPLICATION. |
| 11/17/10 Wed | Chi, D 307451-40/132 | 3.60 | 3.60 | 1,440.00 | | F | 1 | MATTER NAME: *Fee Applications/Retention Preparation*<br>DRAFT AND REVISE SECOND MONTHLY FEE APPLICATION. |
| 11/18/10 Thu | Chi, D 307451-40/133 | 1.90 | 1.90 | 760.00 | | F | 1 | MATTER NAME: *Fee Applications/Retention Preparation*<br>REVIEW AND REVISE SECOND MONTHLY FEE APPLICATION. |
| 11/18/10 Thu | Erens, B 307451-40/122 | 0.70 | 0.70 | 542.50 | | F | 1 | MATTER NAME: *Fee Applications/Retention Preparation*<br>REVIEW AND REVISE OCTOBER FEE APPLICATION. |
| 11/18/10 Thu | Hemann, M 307451-40/125 | 2.50 | 2.50 | 500.00 | 1.00<br>1.50 | F<br>F | 1<br>2 | MATTER NAME: *Fee Applications/Retention Preparation*<br>TELEPHONE CONFERENCES AND EMAIL COMMUNICATIONS REGARDING TIMEKEEPER SUMMARIES (1.00);<br>PREPARE SAME AS EXHIBIT TO DRAFT FEE APPLICATION (1.50). |
| 11/19/10 Fri | Erens, B 307451-40/123 | 0.30 | 0.30 | 232.50 | | F | 1 | MATTER NAME: *Fee Applications/Retention Preparation*<br>REVIEW AND REVISE OCTOBER FEE APPLICATION. |
| 11/22/10 Mon | Erens, B 307451-40/124 | 0.20 | 0.20 | 155.00 | | F | 1 | MATTER NAME: *Fee Applications/Retention Preparation*<br>OFFICE CONFERENCE WITH CHI REGARDING FINALIZATION OF OCTOBER FEE APPLICATION. |
| 11/23/10 Tue | Chi, D 307451-40/134 | 2.00 | 2.00 | 800.00 | | F | 1 | MATTER NAME: *Fee Applications/Retention Preparation*<br>DRAFT AND REVISE SECOND MONTHLY FEE APPLICATION. |
| 11/24/10 Wed | Chi, D 307451-40/135 | 0.60 | 0.60 | 240.00 | | F | 1 | MATTER NAME: *Fee Applications/Retention Preparation*<br>DRAFT AND REVISE SECOND MONTHLY FEE APPLICATION IN ACCORDANCE WITH ERENS COMMENTS. |
| 11/24/10 Wed | Erens, B 307451-40/127 | 0.50 | 0.50 | 387.50 | | F | 1 | MATTER NAME: *Fee Applications/Retention Preparation*<br>FINALIZE OCTOBER BILL. |

~  See the last page of exhibit for explanation

EXHIBIT K
JONES DAY RETENTION/COMPENSATION
Jones Day

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 11/29/10 | Chi, D | 2.30 | 2.30 | 920.00 | 1.50 | F | 1 | *MATTER NAME: Fee Applications/Retention Preparation*<br>FINALIZE SECOND MONTHLY FEE APPLICATION (1.50) |
| Mon | 307451-40/137 | | | | 0.80 | F | 2 | AND COORDINATE FILING OF SAME (.80). |
| 11/29/10 | Hall, D | 2.00 | 2.00 | 1,050.00 | | F | 1 | *MATTER NAME: Fee Applications/Retention Preparation*<br>REVIEW OCTOBER BILL AND REVISE SECOND MONTHLY FEE APPLICATION. |
| Mon | 307451-40/138 | | | | | | | |
| 11/30/10 | Hall, D | 0.80 | 0.80 | 420.00 | | F | 1 | *MATTER NAME: Fee Applications/Retention Preparation*<br>REVIEW AND FINALIZE SECOND MONTHLY FEE APPLICATION. |
| Tue | 307451-40/128 | | | | | | | |
| Total | | | 203.20 | $76,502.50 | | | | |
| Number of Entries: | 85 | | | | | | | |

~ See the last page of exhibit for explanation

EXHIBIT K
JONES DAY RETENTION/COMPENSATION
Jones Day

### SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Chi, D | 27.70 | 11,080.00 |
| Erens, B | 19.80 | 15,345.00 |
| Fischer, L | 53.90 | 14,822.50 |
| Hall, D | 22.10 | 11,602.50 |
| Heiman, D | 1.00 | 900.00 |
| Hemann, M | 44.70 | 8,940.00 |
| Shafer, D | 31.50 | 11,812.50 |
| Sherman, F | 2.50 | 2,000.00 |
| | 203.20 | $76,502.50 |

### SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Applications/Retention Preparation | 200.20 | 74,927.50 |
| Plan of Reorganization Matters | 3.00 | 1,575.00 |
| | 203.20 | $76,502.50 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS
F        FINAL BILL