IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,<br><br>                Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>**Objections Due: March 6, 2012**<br>**Hearing Date: TBD**<br>**Related to Docket Nos. 10210, 10211 and 10212** |

## THIRD QUARTERLY FEE APPLICATION OF
## DAVIS WRIGHT TREMAINE LLP AS SPECIAL COUNSEL TO
## DEBTORS FOR DOMESTIC LEGAL MATTERS, FOR ALLOWANCE OF
## COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
## MARCH 1, 2011 THROUGH MAY 31, 2011

| | |
|---|---|
| **Name of applicant:** | Davis Wright Tremaine LLP |
| **Authorized to provide professional services to:** | Debtors Tribune Company, et al. |
| **Date of retention:** | November 22, 2010 nunc pro tunc to October 1, 2010 |
| **Period for which compensation and reimbursement is sought:** | March 1, 2011 to May 31, 2011 |
| **Amount of compensation sought as actual, reasonable and necessary:** | $218,877.29 |
| **Amount of expense reimbursement sought as actual, reasonable and necessary:** | $7,827.60 |
| This is a:    ___ monthly    _X_ interim    ___ final application | |

Prior Interim Fee Applications Filed:

| DATE FILED | DOCKET NO. | PERIOD COVERED | FEES REQUESTED | EXPENSES REQUESTED | FEES APPROVED | EXPENSES APPROVED |
|---|---|---|---|---|---|---|
| 01/09/12 | 10563 | 09/01/10 - 11/30/10 | $128,810.69 | $4,089.98 | Pending | Pending |
| 01/17/12 | 10633 | 12/01/10- 02/28/11 | $84,186.38 | $4,186.38 | Pending | Pending |

DWT 18723768v4 0026175-000379

## SUMMARY OF PROFESSIONAL FEES FROM MARCH 1, 2011 THROUGH MAY 31, 2011[1]

| Name of Professional Person | Position of the Applicant, Area of Expertise, Year of Obtaining License to Practice | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Kelli L. Sager | Partner, Media, Member of California Bar since 1985 | $522.00 | 150.00 | $78,300.00 |
| Marshall Nelson | Partner, Intellectual Property, Member of Washington Bar since 1972 | $526.50 | 0.20 | $105.30 |
| Jim Waggoner | Partner, Bankruptcy, Member of Oregon Bar since 1974 | $522.00 | 0.90 | $469.80 |
| Bruce Johnson | Partner, Media, Member of Washington Bar since 1977, Member of California Bar since 1992 | $504.00*<br>$560.00 | 3.20<br>0.10 | $1,794.84<br>$56.00 |
| Stuart Dunwoody | Partner, Intellectual Property, Member of Washington Bar since 1984 | $472.50 | 0.10 | $47.25 |
| Thomas Burke | Partner, Media, Member of California Bar since 1989 | $490.50**<br>$545.00 | 2.90<br>19.50 | $1,422.45<br>$214.29 |
| Duffy Carolan | Partner, Media, Member of California Bar since 1991 | $545.00 | 10.00 | $681.25 |
| Joseph Addiego | Partner, Litigation, Member of California Bar since 1993 | $495.00 | 0.40 | $198.00 |
| Alonzo Wickers IV | Partner, Media, Member of California Bar since 1993 | $468.00***<br>$499.50 | 17.90<br>17.80 | $8,089.12<br>$500.00 |

---

[1] Alonzo Wicker, Bruce Johnson, James Rosenfeld, Thomas Burke, Ambika Doran, Jennifer Cygnor, Bret Masterson and Fred Hanson each worked on matters where the fees were split among multiple clients, one of which was Debtor. The "total compensation" amount reflects the amount billed only to Debtor, not the total fees billed on the matter.

| James Rosenfeld | Partner, Intellectual Property, Member of New York Bar since 1993 | $480.00 | 26.60 | $214.29 |
| --- | --- | --- | --- | --- |
| Kraig Baker | Partner, Technology, E-Business and Digital Media, Member of Washington Bar since 1995 | $409.50 | 5.80 | $1,597.05 |
| Jimmy Nguyen | Partner, Intellectual Property, Member of California since 1995 | $465.87 | 1.00 | $465.87 |
| Robert Driscoll | Partner, Media, Member of New York Bar since 1997 | $432.00 | 0.30 | $129.60 |
| Sheila Morrison | Partner, Intellectual Property, Member of California Bar since 1997, Member of Oregon Bar since 2003 | $382.50 | 0.20 | $76.50 |
| Ronald London | Of Counsel, Media, Member of District of Columbia Bar since 1997, Member of Maryland Bar since 1995 | $432.00 | 0.90 | $388.80 |
| Sean Sullivan | Associate, Intellectual Property, Member of California Bar since 2003 | $336.72 | 12.50 | $4,536.80 |
| Karen A. Henry | Associate, Litigation, Member of California Bar since 2004 | $337.50 | 15.00 | $5,062.50 |
| Ambika Doran | Associate, Media, Member of Washington Bar since 2006 | $340.00 | 44.20 | $214.29 |
| Jeffrey D. Glasser | Associate, Media, Member of California Bar since 2007 | $292.50 | 203.40 | $59,697.90 |
| Lisa J. Kohn | Associate, Media, Member of California Bar since 2008 | $270.00 | 149.20 | $40,284.00 |
| Jonathan Segal | Associate, Media, Member of California Bar since 2008 | $270.00 | 34.70 | $9,369.00 |
| Jennifer Cygnor | Litigation Paralegal | $235.00 | 1.10 | $214.28 |

| Benjamin Planchon | Litigation Paralegal | $184.50 | 8.60 | $1,586.70 |
|---|---|---|---|---|
| Wilhemina Gonzaque-Taylor | Corporate Paralegal | $171.00 | 3.10 | $530.10 |
| Michelle D. Bradley | Bankruptcy Paralegal | $157.50 | 5.70 | $897.75 |
| Kristina Roth | Litigation Paralegal | $112.50 | 11.60 | $1,305.00 |
| Fred Hanson | Librarian | $195.00 | 0.20 | $214.28 |
| Bret Masterson | Librarian | $195.00 | 0.20 | $214.28 |
| **GRAND TOTALS:** | | | 747.30 | $218,877.29 |
| **BLENDED RATE:** | | $423.48 | | |

\* Regular Los Angeles Times rate is $504.00. The $560.00 rate represents a split matter in which Los Angeles Times was a participant.

\*\* Regular Los Angeles Times rate is $490.50. The $545.00 rate represents a split matter in which Los Angeles Times was a participant.

\*\*\*Regular Los Angeles Times rate is $468.00. The $499.50 rate represents an agreed-upon discounted rate for an Amici Brief.

DWT 18723768v4 0026175-000379

## COMPENSATION BY PROJECT CATEGORY FOR THE PERIOD OF
## MARCH 1, 2011 THROUGH MAY 31, 2011[2]

| PROJECT DESCRIPTION | TOTAL HOURS | TOTAL FEES |
|---|---|---|
| Los Angeles Times General Advice | 17.00 | $7,505.10 |
| Los Angeles County Sheriff CPRA | 68.70 | $23,839.65 |
| Beverly Hills Surgery Center | 1.80 | $486.00 |
| Bankruptcy | 6.20 | $1,158.75 |
| Newsracks General Advice | 1.40 | $655.20 |
| DCFS | 0.40 | $117.00 |
| Ad Development | 14.60 | $6,887.25 |
| Adjudication Matters | 6.10 | $2,084.85 |
| Long Beach Police Officer's Association | 61.40 | $20,286.90 |
| Michael Omidi, M.D. | 110.50 | $37,562.40 |
| Dorn | 4.60 | $1,437.30 |
| 1-800-GET-THIN | 203.00 | $70,187.85 |
| Bonds Juror Questionnaires | 10.00 | $681.25 |
| No Doubt Amici Brief | 20.00 | $500.00 |
| Atul Madan, M.D. | 4.10 | $1,485.00 |
| Julian Omidi | 64.80 | $21,100.50 |
| Tribune General Advice | 0.60 | $259.20 |
| Marisa Rodriguez | 9.50 | $3,211.20 |
| Gaming Advertising | 2.60 | $1,082.99 |
| Strick | 48.10 | $16,848.90 |

---

[2] Davis represented multiple clients in some of these matters, one of which was Debtor. The "Total Fees" amount reflected here only includes the amount billed to Debtor.

6

| Corbis Amicus Brief | 91.90 | $1,500.00 |
|---|---|---|
| TOTALS: | 747.30 | $218,877.29 |

DWT 18723768v4 0026175-000379

## EXPENSE SUMMARY FOR THE PERIOD OF
## MARCH 1, 2011 THROUGH MAY 31, 2011[3]

| EXPENSE CATEGORY | SERVICE PROVIDER | TOTAL EXPENSES |
|---|---|---|
| Photocopy | Davis Wright Tremaine LLP | $1,736.60 |
| Photocopy | CP Document Technologies | $51.36 |
| Photocopy | Advanced Discovery | $781.57 |
| Photocopy | Los Angeles County Law Library | $30.00 |
| Messenger/Courier | Apex Attorney Service | $1,073.75 |
| Messenger/Courier | Specialized Legal Services | $7.13 |
| Messenger/Courier | Federal Express | $13.89 |
| Messenger/Courier | U.S. Legal Management Services, Inc. | $1,107.06 |
| Messenger/Courier | Global Network Legal Support | $1,526.50 |
| Research | Los Angeles County Superior Court Online Document System | $79.27 |
| Research | CLOS Information Services | $404.10 |
| Research | Lexis-Nexis | $848.21 |
| Research | Los Angeles County Superior Court | $15.00 |
| Research | West Publishing | $153.16 |
| TOTAL: | | $7,827.60 |

---

[3] Davis represented multiple clients in some of these matters, one of which was Debtor. The "Total Expenses" amount reflected here only includes the amount billed to Debtor.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Objection Deadline: March 6, 2012**<br>**Hearing Date: TBD**<br>**Related to Docket Nos. 10210, 10211 and 10212** |

## THIRD QUARTERLY FEE APPLICATION OF DAVIS WRIGHT TREMAINE LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS FOR CERTAIN LITIGATION MATTERS FOR THE PERIOD OF MARCH 1, 2011 THROUGH MAY 31, 2011

Davis Wright Tremaine LLP ("Davis"), as Special Counsel for Domestic Legal Matters to the Tribune Company, et al. (the "Debtors"), respectfully submits this Application (the "Application") to this Court, pursuant to (i) sections 327, 331, and 503 of Title 11 of the United States Code (the "Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the Bankruptcy Rules"), (iii) Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (iv) the Order Establishing Procedure for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Interim Compensation Order"), as amended; and (v) the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Application (the "Fee Examiner Order") for the allowance and payment of fees in the amount of $218,877.29, and reimbursement of expenses in the amount of $7,827.60. In support of the Application, Davis respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 327, 331, and 503 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-2 of the Local Rules.

## BACKGROUND

2. On December 8, 2008 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court"). On December 10, 2008, the Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). [Docket Nos. 43, 2333].

3. On October 12, 2009, Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, Inc. (the "Cubs" and one of the Debtors) filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Court. On October 14, 2009, the Court entered an order consolidating the Cubs' chapter 11 case with the Debtors' chapter 11 cases for procedural purposes only (the "Cubs Order"). In all, the Debtors comprise 111 entities.

4. The Debtors have continued in possession of their respective properties and have continued in the management and operation of their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No trustee has been appointed in these chapter 11 cases.

## DAVIS RETENTION

6. Prior to the Petition Date, the Debtors retained Davis as general legal counsel and agreed to pay on a monthly basis the reasonable value of services rendered based on Davis' standard billing rates and pursuant to its standard reimbursement policies.

7. On November 22, 2010, the Court authorized the employment and retention of Davis pursuant to 11 U.S.C. §§ 327(e) and 1107 as special counsel to the Debtors for general domestic legal matters, nunc pro tunc to October 1, 2010.

## COMPENSATION PAID AND ITS SOURCES

8. All services for which compensation is requested by Davis were performed for or on behalf of the Debtors.

9. In compliance with Local Rule 2016-2, Davis confirms that during the Application Period, Davis received no payment and no promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application except from the Debtors. There is no agreement or understanding between Davis and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these cases.[1]

10. As of the Petition Date, Davis held a retainer from the Debtors in the amount of $39,173.52. The Debtors reduced their first payment to Davis by the amount of the retainer and Davis drew down on the retainer in connection with the payment due pursuant to the Ordinary Course Professional Application. Accordingly, Davis no longer holds any retainer in connection with its retention in these cases.

## PROCEDURAL BACKGROUND FOR THE APPLICATION

11. The Interim Compensation Order and the Fee Examiner Order (together, the "Fee Orders"), provide that all professionals retained in these cases pursuant to section 325, 328, or 1103 of the Bankruptcy Code (the "Case Professionals") must file with the Court and provide to the Fee Examiner, monthly applications for interim allowance of compensation for services

---

[1] On some matters described in this Quarterly Fee Application, Davis may have represented Debtors and other parties jointly, with fees and costs split among the clients. The amounts reflected in this Quarterly Fee Application, however, only include the amounts billed to Debtor.

rendered and reimbursement of expenses incurred, together with the time entries and itemized expenses (the "Monthly Fee Applications"). The notice parties specified in the Fee Orders (the "Notice Parties") have twenty (20) days after service of a Monthly Fee Application to objection to such Monthly Fee Application (the "Objection Deadline"). Upon expiration of the Objection Deadline, the applicable Case Professional must certify in writing to the Debtors that no objection or partial objection has been filed with the Court relative to that professional's Monthly Fee Application, whichever is applicable, whereupon the Debtors are authorized to pay such professional an amount equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application or (ii) 80% of the fees and 100% of the expenses not subject to an objection.

12. Pursuant to the procedures set forth in the Fee Orders, Davis prepared, filed with the Court, and served upon the Notice Parties and the Fee Examiner Monthly Fee Applications for each of the three months from March 1, 2011 to May 31, 2011.[2] Accordingly, Davis has submitted all of its Monthly Fee Applications as Special Counsel for the Debtors' chapter 11 cases for this Interim Fee Period.

13. In addition to the Monthly Fee Applications, all Case Professionals must file with the Court and serve on the Notice Parties interim applications for allowance and compensation and reimbursement of expenses for the amounts sought in the Monthly Fee Applications filed during such period (a "Quarterly Fee Application Request"). Quarterly Fee Application Requests must include a summary of the Monthly Fee Applications that are subject to the request and any other information requested by the Court of required by the Local Rules. This Application represents the Third Quarterly Application Request that Davis has filed with the Court in connection with these chapter 11 cases. There is no agreement between Davis and any other party for the sharing of compensation to be received for the services rendered by Davis to

---

[2] Docket Nos. 10210, 10211, and 10212.

4

the Debtors. All professional and paraprofessional services for which compensation is sought herein were rendered solely for or on behalf of the Debtors.[3]

## SUMMARY OF SERVICES RENDERED

14. Davis serves the Debtors as special litigation counsel. Davis customarily performs various First Amendment, newsroom, media, defamation, privacy, access, copyright, and other litigation matters for Debtors (collectively, the "Litigation Matters"). The Litigation Matters on which Davis represents the Debtors involve allegations of libel or other related causes of action that go to the heart of the Debtors' news business.

15. A breakdown of the total hours expended by each professional on all matters and a breakdown of amounts sought by each matter category covered herein are included as part of Exhibit A to this Application, as required by Local Rule 2016-2. A detailed description of the services provided to the Debtors are incorporated by reference to the Monthly Fee Applications for March 2011, April 2011, and May 2011, which previously were filed with the Court. The following is a summary of the activities performed by Davis's professionals and paralegals during the Third Interim Fee Period (which covers March 1, 2011 to May 31, 2011), organized by project category:

16. (26175-4) Los Angeles Times General Advice – Davis provided general legal advice to the Debtors with respect to its publications.

17. (26175-317) Los Angeles County Sheriff CPRA – Davis assisted the Debtors in litigation under California's Public Records Act for information identifying deputy sheriffs involved in various shootings.

18. (26175-106) Newsracks General – Davis provided Debtors with legal advice regarding newsracks.

---

[3] See note 1, supra.

19. (26175-368) Beverly Hills Surgery Center – Davis represented Debtors in moving to quash a subpoena and related proceedings.

20. (26175-379) Bankruptcy – Davis provided Debtors with assistance in bankruptcy related proceedings, including preparation of fee applications.

21. (26175-383) Adjudication Matters – Davis assisted Debtors in proceedings involving adjudication of newspapers as "newspapers of general circulation."

22. (26175-369) DCFS – Davis assisted Debtors in litigation under California's Public Records Act for information about the deaths of children under the care of the Department of Childrens & Family Services.

23. (26175-380) Ad Development – Davis provided advice and counseling to Debtors concerning various advertising issues.

24. (26175-385) Long Beach Police Officers Association – Davis assisted Debtors in litigation under California's Public Records Act for information about the identity of police officers involved in shootings.

25. (26175-386) Michael Omidi, M.D. – Davis assisted Debtors in defending a defamation lawsuit brought by Michael Omidi against Los Angeles Times Communications, LLC and columnist Michael Hiltzik.

26. (26175-387) Dorn – Davis assisted Debtors in an effort to gain access to court proceedings and records in a custody dispute.

27. (26175-388) 1-800-GET-THIN – Davis assisted Debtors in defending against a Lanham Act lawsuit brought by 1-800-GET-THIN, LLC against Los Angeles Times Communications, LLC, columnist Michael Hiltzik, and reporter Stuart Pfeifer.

28. (26175-326) Gaming Advertising Advice – Davis provided advice and counseling to Debtors concerning various advertising issues.

29. (26175-392) Strick - Davis assisted Debtors in defending a copyright lawsuit brought by a former freelance photographer.

30. (26175-393) Marisa Rodriguez – Davis assisted Debtors in obtaining access to court records in family court proceeding.

31. (26175-395) No Doubt Amici Brief – Davis represented Debtors and others in filing an amici brief in the California Supreme Court.

32. (41033-20) Alberghetti v. Corbis Amicus Effort – Davis drafted amicus brief on behalf of Debtors and other major news media organizations and other image licensors challenging district court's ruling in Alberghetti, et al. v. Corbis Corporation.

33. (26175-390) Atul Madan, M.D. – Davis assisted Debtors in connection with threatened litigation resulting from a published article.

34. (26175-391) Omidi-Pfeifer – Davis assisted Debtors in defending a defamation lawsuit brought by Julian Omidi against Los Angeles Times Communications, LLC and reporter Stuart Pfeifer.

35. (26175-351) Bonds Juror Questionnaire Access – Davis assisted Debtors in an effort to gain access to court records in a federal criminal lawsuit.

36. (41033-20) Tribune General Advice – Davis provided periodic general legal advice to Debtors with respect to various matters.

**EXPENSES INCURRED**

37. Davis has incurred expenses of $7,827.60 in connection with its services rendered as special counsel to the debtors during the Third Quarterly Fee Period. These expenses represent actual out-of-pocket costs for items incurred exclusively for the direct benefit of the Debtors, including outside copying, electronic document management services, and travel-related expenses. Davis submits that all such expenses area necessary and actual expenses for the performance of its services in these cases. A breakdown of the total expenses are included as Exhibit B to this Application

7

## REVIEW OF APPLICABLE LOCAL RULE

38. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of her information, knowledge, and belief that this Application complies with the requirements of Local Rule 2016-2.

## NOTICE

39. Notice of this Application is being served upon the Notice Parties specified in the fee Orders. In accordance with the terms of the Fee Orders, Davis respectfully submits that no further notice is required.

## NO PRIOR REQUEST

40. No previous application with respect to the relief requested herein has been made to this or any other Court.[4]

WHEREFORE, after appropriate notice and hearing, Davis respectfully requests that this Court enter an Order: (a) granting the Application and authorizing the allowance of fees in the amount of $218,877.29, and reimbursement of actual and necessary expenses in the amount of $7,827.60; and (b) granting such further relief as this Court deems just and proper.

Dated: February 15, 2012

Respectfully submitted,

By: /s/ Kelli L. Sager
Kelli L. Sager
Davis Wright Tremaine LLP
865 S. Figueroa Street, Suite 2400
Los Angeles, CA 90017
(213) 633-6800
(213) 633-6899 (fax)

Special Counsel for Domestic Legal Matters to Tribune Company, et al.

---

[4] As indicated above, Monthly Fee Applications for the period covered by this Quarterly Fee Application were submitted. See paragraph 12, supra.