## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRIBUNE COMPANY, et al.,[1] | ) | Case No. 08- 13141 (KJC) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Objection Deadline:  March 7, 2012 at 4:00 p.m.** |
| | ) | **Hearing Date:  N/A** |
| | ) | |

## THIRTY-SIXTH MONTHLY FEE STATEMENT OF ALVAREZ & MARSAL NORTH AMERICA, LLC IN THEIR CAPACITY AS RESTRUCTURING ADVISORS TO THE DEBTORS AND DEBTORS-IN-POSSESSION, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE <u>PERIOD DECEMBER 1, 2011 THROUGH DECEMBER 31, 2011</u>

Name of Applicant:                                  Alvarez & Marsal North America, LLC


Authorized to provide professional
services to:                                                  Debtors and Debtors-in-Possession

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club, LLC n/k/a Tribune CNLBC, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Speciality Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publisher Forests Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Date of Retention:                                February 13, 2009 effective as of December 8, 2008

Period for which compensation
and reimbursement are sought:          December 1, 2011 through December 31, 2011

Amount of compensation sought as
actual, reasonable, and necessary:      $  317,406.50

Amount of expense reimbursement sought
as actual, reasonable, and necessary:   $        516.00


This is an:    _X_ monthly   ___ interim   ___ final application.


Requested Payment Amount:

  Fees at 80%                            $253,925.20

  Expenses at 100%                       $      516.00

Total:                                   $254,441.20

46429/0001-8310591v1

Prior Applications

| Date & Docket No.# | Filing Period | Requested Fees | Requested Expenses | CNO Date & Docket No. | Approved Fees | Approved Expenses | Unapproved Holdback |
|---|---|---|---|---|---|---|---|
| 3/20/09 [558] | 12/8/2008 through 1/31/2009 | $1,750,295.00 | $8,959.29 | 4/15/09 [1026] | $1,400,556.00 | $8,959.29 | $350,139.00 |
| 4/3/2009 [858] | 2/1/2009 through 2/28/2009 | $1,061,861.00 | $17,085.39 | 4/29/09 [1106] | $ 849,488.80 | $17,085.39 | $212,372.20 |
| 4/29/2009 [1115] | 3/1/2009 through 3/31/2009 | $1,294,259.00 | $10,403.66 | 5/22/09 [1227] | $1,035,407.20 | $10,403.66 | $258,851.80 |
| 6/5/2009 [1301] | 4/1/2009 through 4/30/2009 | $1,068,295.00 | $10,099.00 | 6/30/09 [1666] | $854,636.00 | $10,099.00 | $213,659.00 |
| 7/7/2009 [1691] | 5/1/2009 through 5/31/2009 | $701,658.50 | $6,207.84 | 7/30/09 [1870] | $561,326.80 | $6,207.84 | $140,331.70 |
| 8/17/2009 [1969] | 6/1/2009 through 6/30/2009 | $646,794.00 | $7,002.20 | 9/11/09 [2108] | $517,435.20 | $7,002.20 | $129,358.80 |
| 9/8/2009 [2102] | 7/1/2009 through 7/31/2009 | $700,890.00 | $7,170.36 | 10/1/09 [2257] | $560,712 | $7,170.36 | $140,178.00 |
| 9/25/2009 [2228] | 8/1/2009 through 8/31/2009 | $598,529.50 | $1,976.25 | 10/19/09 [2384] | $478,823.60 | $1,976.25 | $119,705.90 |
| 11/6/2009 [2512] | 9/1/2009 through 9/30/2009 | $528,887.50 | $3,204.71 | 12/2/09 [2716] | $423,110.00 | $3,204.71 | $105,777.50 |
| 1/4/2010 [3007] | 10/1/2009 through 10/31/2009 | $608,070.00 | $1,671.19 | 1/27/10 [3245] | $486,456.00 | $1,671.19 | $121,614.00 |
| 1/4/2010 [3007] | 11/1/2009 through 11/30/2009 | $492,073.00 | $439.83 | 2/4/10 [3312] | $393,658.40 | $439.83 | $98,414.60 |
| 2/19/2010 [3508] | 12/1/2009 through 12/31/2009 | $416,743.50 | $2,519.25 | 3/12/10 [3721] | $333,394.40 | $2,519.25 | $83,348.70 |
| 3/16/2010 [3742] | 1/1/2010 through 1/31/2010 | $615,510.50 | $3,992.56 | 4/8/10 [3972] | $492,408.40 | $3,992.56 | $123,102.10 |
| 4/9/2010 [3985] | 2/1/2010 through 2/28/2010 | $652,673.50 | $928.17 | 5/4/10 [4232] | $522,138.80 | $928.17 | $130,534.70 |
| 5/18/2010 [4461] | 3/1/2010 through 3/31/2010 | $594,072.50 | $1,057.12 | 6/11/10 [4762] | $475,258.00 | $1,057.12 | $118,814.50 |

3

| Date & Docket No.# | Filing Period | Requested Fees | Requested Expenses | CNO Date & Docket No. | Approved Fees | Approved Expenses | Unapproved Holdback |
|---|---|---|---|---|---|---|---|
| 6/7/2010 [4713] | 4/1/2010 through 4/30/2010 | $409,024.50 | $760.77 | 6/30/10 [4917] | $327,219.60 | $760.77 | $ 81,804.90 |
| 7/6/2010 [4940] | 5/1/2010 through 5/31/2010 | $491,264.00 | $2,782.68 | 7/29/10 [5196] | $393,011.20 | $2,782.68 | $ 98,252.80 |
| 8/6/2010 [5293] | 6/1/2010 through 6/30/2010 | $490,411.00 | $98.19 | 9/14/10 [5691] | $392,328.80 | $98.19 | $ 98,082.20 |
| 9/3/2010 [5621] | 7/1/2010 through 7/31/2010 | $552,841.00 | $252.00 | 9/27/10 [5818] | $442,272.80 | $252.00 | $110,568.20 |
| 9/24/2010 [5807] | 8/1/2010 through 8/31/2010 | $544,134.50 | $684.40 | 10/18/10 [6001] | $435,307.60 | $684.40 | $108,826.90 |
| 12/9/2010 [7123] | 9/1/2010 through 9/30/2010 | $402,037.00 | $182.56 | 12/30/10 [7354] | $321,629.60 | $182.56 | $80,407.40 |
| 12/29/2010 [7342] | 10/1/2010 through 10/31/2010 | $542,540.00 | $3,907.37 | 1/21/11 [7596] | $434,032.00 | $3,907.37 | $108,508.00 |
| 1/13/2011 [7485] | 11/1/2010 through 11/30/2010 | $623,114.00 | $2,923.36 | 2/4/11 [7797] | $498,491.20 | $2,923.36 | $124,622.80 |
| 2/14/2011 [7946] | 12/1/2010 through 12/31/2010 | $426,057.00 | $3,893.36 | 3/10/11 [8340] | $340,845.60 | $3,893.36 | $85,211.40 |
| 3/9/2011 [8329] | 1/1/2011 through 1/31/2011 | $562,805.00 | $54.16 | 3/31/11 [8534] | $450,244.00 | $54.16 | $112,561.00 |
| 4/8/2011 [8605] | 2/1/2011 through 2/28/2011 | $591,536.00 | $1,080.48 | 5/2/11 [8816] | $473,223.80 | $1,080.48 | $118,307.20 |
| 5/16/2011 [8918] | 3/1/2011 through 3/30/2011 | $575,767.50 | $15,410.55 | 6/8/11 [9204] | $460,614.00 | $15,410.55 | $115,153.50 |
| 6/15/2011 [9252] | 4/1/2011 through 4/30/2011 | $340,489.00 | $2,723.55 | 7/8/11 [9442] | $272,391.20 | $2,723.55 | $68,097.80 |
| 7/13/2011 [9456] | 5/1/2011 through 5/31/2011 | $332,825.50 | $84.00 | 8/3/11 [9604] | $266,260.40 | $84.00 | $66,565.10 |
| 8/4/2011 [9611] | 6/1/2011 through 6/30/2011 | $337,235.50 | $590.10 | 8/26/11 [9721] | $269,788.40 | $590.10 | $67,447.10 |
| 8/26/2011 [9720] | 7/1/2011 through 7/31/2011 | $306,612.50 | $889.79 | 9/20/11 [9796] | $245,290.00 | $889.79 | $61,322.50 |

4

| Date & Docket No.# | Filing Period | Requested Fees | Requested Expenses | CNO Date & Docket No. | Approved Fees | Approved Expenses | Unapproved Holdback |
|---|---|---|---|---|---|---|---|
| 9/20/2011 [9794] | 8/1/2011 through 8/31/2011 | $300,407.00 | $30.00 | 10/13/11 [9971] | $240,325.60 | $30.00 | $60,081.40 |
| 11/9/2011 [10183] | 9/1/2011 through 9/30/2011 | $269,440.00 | $15.02 | 12/1/11 [10339] | $215,552.00 | $15.02 | $53,888.00 |
| 12/15/2011 [10457] | 10/1/2011 through 10/31/2011 | $269,196.00 | $453.43 | 1/9/11 [10565] | $215,356.80 | $453.43 | $53,839.20 |
| 1/12/2012 [10600] | 11/1/2011 through 11/30/2011 | $419,550.00 | $1,193.11 | Objection due 2/1/12 | $ | $ | $53,839.20 |

46429/0001-8310591v1

*DECEMBER 1, 2011 THROUGH DECEMBER 31, 2011*

## SUMMARY OF TIME & FEES BY PROFESSIONAL

**A&M STAFF**

| Name of Professional | Position | Rate | Total Hours | Total Fees (Prior to Holdback) |
|---|---|---|---|---|
| *Restructuring* | | | | |
| Keith Kechik | Managing Director | $890 | 0.5 | $445.00 |
| Brian Whittman | Managing Director | $700 | 71.7 | $50,190.00 |
| Steve Kotarba | Managing Director | $575 | 6.5 | $3,737.50 |
| Richard Stone | Director | $500 | 156.5 | $78,250.00 |
| Stuart Kaufman | Director | $475 | 36.3 | $17,242.50 |
| Mark Zeiss | Director | $450 | 2.9 | $1,305.00 |
| Jodi Ehrenhofer | Director | $425 | 54.5 | $23,162.50 |
| Matthew Frank | Sr. Associate | $400 | 94.8 | $37,920.00 |
| Mark Berger | Associate | $350 | 139.9 | $48,965.00 |
| Dwight Hingtgen | Analyst | $300 | 67.4 | $20,220.00 |
| Diego Torres | Analyst | $275 | 126.4 | $34,760.00 |
| Mary Napoliello | Paraprofessional | $195 | 6.2 | $1,209.00 |
| Total | | | 763.6 | $317,406.50 |
| | Blended Rate $415.67 | | | |

## SUMMARY OF TIME & FEES BY MATTER CODE

| Matter Code | Description | Total Hours | Total Fees Requested |
|---|---|---|---|
| AP/Vendor Issues | Accounts Payable, Vendor, and Payroll issues other than those related to contracts. | 126.2 | $52,840.00 |
| Avoidance Actions | Assist the Debtors and their counsel with analyzing information associated with potential causes of action under sections 547 and 548 of the bankruptcy code. | 31.0 | $13,450.00 |
| Claims | Prepare for the claims bar date and reviewing claims filed against the Debtor. | 373.1 | $138,940.00 |
| Contract | Assist the Debtors with analyzing their executory contracts to determine candidates for assumptions, rejection, and renegotiation, with negotiating key customer and supplier contracts, and with the analysis of contract rejection claims. | 21.2 | $7,420.00 |
| Court Hearings | Prepare for and participate in court hearings. | 8.0 | $4,280.00 |
| Creditor | Prepare for and attend meetings or calls with secured or unsecured creditors and responding to frequent information requests. | 16.8 | $8,940.00 |
| Employee | Assist the Debtors with employee communications, development of severance and retention plans, and related matters. | 0.7 | $490.00 |
| Fee Application | Preparation of monthly and interim fee applications in accordance with court guidelines. | 7.1 | $1,559.00 |
| Monthly Operating Report | Assist the Debtors with the preparation of the Monthly Operating Report and related matters for the US Trustee. | 0.3 | $210.00 |
| Motions | Research for and preparation of Motions. | 6.0 | $4,200.00 |
| Operations | Assist the Debtors with various matters associated with implementing their business plan. | 19.9 | $13,810.00 |
| Plan of Reorganization | Assist the Debtors in the preparation of the plan of reorganization. | 147.2 | $67,172.50 |
| Tax | Assist the Debtors in tax related matters. | 6.1 | $4,095.00 |
| | **Total** | **763.6** | **$317,406.50** |
| | **Blended Rate $415.67** | | |

7

## SUMMARY OF EXPENSES BY CATEGORY

| Expense Category | Service Provider (if applicable) | Expense Amount |
|---|---|---|
| Miscellaneous | Various | $281.00 |
| Transportation | Various | $235.00 |
| Total | | $516.00 |

Annexed hereto are the following schedules for total compensation and reimbursement of expenses sought by the Applicant for the Compensation Period:

1. Exhibit A – Summary of Time by Task

2. Exhibit B – Summary of Time Detail by Professional

3. Exhibit C – Summary of Time Detail by Task by Professional

4. Exhibit D – Time Detail by Task Code which includes a daily time log detailing the activities and services performed by the Applicant on behalf of the Debtor

5. Exhibit E – Summary of Expense by Category

6. Exhibit F - Expense Detail by Professional which includes a breakdown of the Applicant's expenses incurred.

46429/0001-8310591v1

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| TRIBUNE COMPANY, et al.,[2] | ) | Case No. 08- 13141 (KJC) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) | Objection Deadline: March 7, 2012 at 4:00 p.m. |
|  | ) | Hearing Date: N/A |
|  | ) |  |

## THIRTY-SIXTH MONTHLY FEE STATEMENT OF ALVAREZ & MARSAL NORTH AMERICA, LLC IN THEIR CAPACITY AS RESTRUCTURING ADVISORS TO THE DEBTORS AND DEBTORS-IN-POSSESSION, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD DECEMBER 1, 2011 THROUGH DECEMBER 31, 2011

For its Thirty-sixth Monthly Fee Statement for Compensation and Reimbursement of

Expenses (the "Monthly Fee Statement") Alvarez & Marsal North America, LLC (the

---

2 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club, LLC n/k/a Tribune CNLBC, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Speciality Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publisher Forests Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

"Applicant"), restructuring advisors to the Debtors and Debtors-in-Possession (the "Debtors"),
respectfully represents as follows:

## A. BACKGROUND

1.      On December 8, 2008 (the "Commencement Date"), each of the Debtors
filed a petition with the Court under chapter 11 of the Bankruptcy Code.  The Debtors are
operating their businesses and managing their property as debtors in possession pursuant to §§
1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or
examiner has been made in these chapter 11 cases.

2.      Pursuant to an order entered on February 13, 2009, the employment of
Applicant as restructuring advisors to the Debtors was authorized effective as of December 8,
2008.

3.      Applicant has rendered services on behalf of the Debtors from December
1, 2011 through December 31, 2011 (the "Application Period") totaling 763.6 hours, and in
connection therewith requests allowance of monthly compensation in the amount of
$317,406.50, and reimbursement of expenses in the amount of $516.00.

4.      Applicant maintains contemporaneous records of the time expended for
the professional services and expenses related thereto performed in connection with these
Chapter 11 cases and such records are maintained in the ordinary course of its business.  These
records provide a detailed description of the services rendered and expenses incurred during the
period for which this Application is being made.  Applicant's time records in the sum of
$317,406.50 regarding the Chapter 11 proceedings are annexed hereto as Exhibit D.

46429/0001-8310591v1

## B. DESCRIPTION OF SERVICES AND
## EXPENSES AND RELIEF REQUESTED

5.        Applicant's services on behalf of the Debtors are described in detail in

Exhibit D.  In general, Applicant assisted the Debtors in routine bankruptcy matters and

represented the Debtors in meetings with creditors, advisors, customers and others.

6.        To assist the Court in its review of the fees sought by Applicant, Applicant

has separated its time entries in Exhibit D into the following categories:

a.        AP, Vendor Issues.  This category includes time spent related to

Accounts Payable, Vendor, and Human Resource issues other than those related to contracts.

During the Application Period, the Applicant assisted the Debtors a number of tasks in this area

including (a) responding to inquiries from vendors and ongoing  negotiations with vendors

regarding credit terms and other contract issues (including associated vender reconciliations), (b)

reviewing potential pension and other benefit obligations, (c) assisting the Debtors with carrying

out the court ordered payment and reconciliation procedures for ordinary course professionals,

and (d) assisting the Debtors with review of potential escheatment issues.  The total fees sought

under this category for the period December 1, 2011 through December 31, 2011 are $52,840.00

(126.2 hours).

b.        Avoidance Actions.  This category includes time assisting the

Debtors and their counsel with analyzing information associated with potential causes of action

under sections 547 and 548 of the bankruptcy code.  The total fees sought under this category for

the period December 1, 2011 through December 31, 2011 are $13,450.00 (31.0 hours).

c.        Claims.  This category includes time spent reviewing the claims

filed against the Debtors as well as company data in order to assist in the reconciliation of such

claims and/or to identify and collect additional liability data for possible future amendments to

3

the Schedules.  The Applicant worked with the Debtors to (i) develop team-specific reconciliation processes, (ii) review and channel filed claims per the established review protocol, (iii) provide regular reporting on reconciliation efforts both to the reconciliation team as well as the Debtors' and Committee's professionals and (iv) coordinate and participate in the overall claims reconciliation effort as necessary.  The Applicant also worked on claims estimates to support the plan negotiation process.  During the Application Period the Applicant coordinated and assisted the Debtor in the continuing review and reconciliation of the over 6,000 claims filed, worked on stipulated resolutions of certain trade claims, and assisted counsel with various omnibus claims objections.  The total fees sought under this category for the period December 1, 2011 through December 31, 2011 are $138,940.00 (373.1 hours).

        d.      <u>Contract</u>.  This category includes time assisting the Debtors with analyzing their executory contracts to determine candidates for assumptions, rejection, and renegotiation, with negotiating key customer and supplier contracts, with the analysis of contract rejection claims, and with the analysis of cure costs.  During the Application Period, the Applicant continued to assist with resolution of cure cost disputes and other contract matters.  The total fees sought under this category for the period December 1, 2011 through December 31, 2011 are $7,420.00 (21.2 hours).

        e.      <u>Court Hearings</u>.  This category includes time preparing for and attending court hearings.  The total fees sought under this category for the period December 1, 2011 through December 31, 2011 are $4,280.00 (8.0 hours).

        f.      <u>Creditor</u>.  This category includes time spent preparing for and attending meetings or calls with the Debtor's lenders and unsecured creditors and their financial and investment banking advisors, responding to frequent information requests, and managing an

4

extensive on-line data room to assist in the efficient dissemination of documents. The total fees sought under this category for the period December 1, 2011 through December 31, 2011 are $8,940.00 (16.8 hours).

   g. Employee. This category includes time assisting the Debtors with employee communications, development of severance and retention plans and related matters. The total fees sought under this category for the period December 1, 2011 through December 31, 2011 are $490.00 (0.7 hours).

   h. Fee Application. This category includes time incurred for the preparation of the monthly and interim fee statements in compliance with court guidelines. The total fees sought under this category for the period December 1, 2011 through December 31, 2011 are $1,559.00 (7.1 hours).

   i. Monthly Operating Report. This category includes time assisting the Debtors with the preparation of the Monthly Operating Report and related matters for the US Trustee. The total fees sought under this category for the period December 1, 2011 through December 31, 2011 are $210.00 (0.3 hours).

   j. Motions. This category includes time assisting counsel with the preparation of motions. The total fees sought under this category for the period December 1, 2011 through December 31, 2011 are $4,200.00 (6.0 hours).

   k. Operations. This category includes time reviewing the Debtors business performance and assisting the Debtors with matters related to the general operation of their business as well as implementation of their business plan. The total fees sought under this category for the period December 1, 2011 through December 31, 2011 are $13,810.00 (19.9 hours).

l.      <u>Plan of Reorganization.</u> This category includes time assisting the Debtors in the preparation and negotiation of the plan of reorganization and disclosure statement and preparing analysis to support the plan process. During the Application Period, the Applicant reviewed the Court's opinion denying confirmation of the Second Amended Plan and prepared analysis to support the filing of a Third Amended Plan and Supplemental Disclosure Document. The total fees sought under this category for the period December 1, 2011 through December 31, 2011 are $67,172.50 (147.2 hours).

m.      <u>Tax.</u> This category including time assisting the Debtors with tax related matters. The total fees sought under this category for the period December 1, 2011 through December 31, 2011 are $4,095.00 (6.1 hours).

The foregoing general description of services rendered in specific areas is not intended to be exhaustive of the scope of Applicant's activities on behalf of the Debtors in this case. The time records attached as <u>Exhibit D</u> present more completely the work performed by Applicant in each billing category during the period covered by this Application.

7.      Applicant believes that the post-petition services rendered during the period December 1, 2011 through December 31, 2011 on behalf of the Debtors are reasonably worth the sum of $317,406.50, and Applicant requests the allowance of such sum. The blended hourly rate for all services post-petition rendered by Applicant is $415.67.

8.      Applicant further requests reimbursement of costs expended on behalf of the Debtors for the period December 1, 2011 through December 31, 2011 in connection with these Chapter 11 proceedings in the sum of $516.00 as set forth in the summary attached as <u>Exhibit E</u>. The detailed expense items incurred by professional is attached and outlined as <u>Exhibit F</u>.

6

9.      The expenses incurred by Applicant may include long distance telephone calls, over-night delivery, travel expenses, local messenger service, meals, postage, and duplicating charges, all of which Applicant normally bills to its non-bankruptcy clients at rates calculated to compensate Applicant for only the actual cost of the expense.   Applicant does not charge for facsimiles.

10.      Applicant has reviewed the requirements of Del.Bankr.LR 2016-2 and believes that this Application complies with the requirements of the same.

7

WHEREFORE, Applicant prays this Court enter an Order allowing Applicant monthly compensation in the sum of $317,406.50 and reimbursement of costs expended December 1, 2011 through December 31, 2011 in the sum of $516.00, directing prompt payment of the same by the Debtors to the extent not previously paid, and granting such other and further relief as may be just.

Dated: February 16, 2012
      Chicago, Illinois

Respectfully submitted,

**ALVAREZ & MARSAL NORTH AMERICA, LLC**

Thomas E. Hill
55 W. Monroe Street
Suite 4000
Chicago, IL 60603
Telephone: 312.601.4226
Facsimile: 312.803.1875
thill@alvarezandmarsal.com

Restructuring Advisors for the Debtors
*and Debtors-in-Possession*

8