IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC), *et seq* |
| Debtors. | (Jointly Administered) |

**MOTION OF TM RETIREES TO CLARIFY OR MODIFY THE ALLOCATION
DISPUTES SCHEDULING ORDER TO PERMIT TM RETIREES TO CALL AN
EXPERT WITNESS AT THE HEARING ON THE ALLOCATION DISPUTES**

Teitelbaum & Baskin, LLP and Hiller & Arban, LLC, as attorneys for approximately

185 former employees (and beneficiaries of such former employees) (the "**TM Retirees**")[1] of

The Times Mirror Company ("**Times Mirror**"), who were receiving or entitled to receive

payments under certain non-qualified retirement plans of Tribune Company, by and through its

undersigned counsel, respectfully submit this motion for the entry of an order clarifying or

modifying the Allocation Disputes Scheduling Order (as defined below) to permit the TM

Retirees to supplement their Preliminary Statement and identify a proposed expert witness to

testify at the hearing on the Allocation Disputes (the "**Motion**").

---

[1] Among the TM Retirees supporting this statement is William Niese, a member of the
Official Committee of Unsecured Creditors (the "**Committee**"). Teitelbaum & Baskin also
represents Mr. Niese in his role as a member of the Committee and as plaintiff in various state
law constructive fraud claim actions commenced pursuant to this Court's Order of April 25,
2011. This pleading is filed on behalf of the TM Retirees, including Mr. Niese, in their
capacity as creditors and parties in interest and not in any manner as a representative of the
Committee. The positions taken herein do not necessarily reflect the position of the
Committee, and the Committee has not been consulted in connection with this pleading.

## JURISDICTION

1.        This Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTS AND RELIEF REQUESTED

2.        The Court's *Order Establishing Scheduling for (1) Resolution of the Allocation Disputes and (2) Consideration of DCL Plan Proponents' Supplemental Disclosure Document, Solicitation Procedures Motion and Plan* (the "**Allocation Disputes Scheduling Order**") (ECF Docket No. 10692) provides that Preliminary Statements were to be filed by each Party on or before January 31, 2012 and that such statements would include, among other things, a brief statement of the position of the Party in connection with the Allocation Disputes and the identification of such Party's trial witnesses.

3.        The TM Retirees timely filed and served their Preliminary Statement (Docket No 10787).   In their Preliminary Statement, the TM Retirees assert that the treatment afforded them under the TM Retiree Settlement as set forth in DCL Third Amended Plan is proper, for among other reasons, that the TM Retirees are entitled to the benefit of the subordination provisions reserved for (i) "Senior Obligations" as defined in the Subordination Agreement, dated as of December 20, 2007 (the "**EGI Agreement**"), made by EGI-TRB, LLC; and (ii) "Senior Indebtedness" as defined in that certain Indenture, dated as of April 1, 1999, between Tribune Company and Bank of Montreal Trust Company (the "**PHONES Indenture**").

4.      In their Preliminary Statement, the TM Retirees specifically identified Susan Bell as a fact witness and "reserve[d] the right to identify and call such other and further witnesses as may be identified through discovery or otherwise". (A copy of the TM Retirees' Preliminary Statement is annexed as **Exhibit A**).

5.      Following receipt of the TM Retirees' Preliminary Statement, Law Debenture Trust Company of New York ("**Law Debenture**") and Wilmington Trust Company ("**WTC**") requested the deposition of Ms. Bell. To accommodate the exigencies of the case and to minimize the expense of multiple parties traveling, the TM Retirees brought Ms. Bell from California to New York for her deposition, which was conducted by Law Debenture and WTC on February 15, 2012.

6.      Other parties timely filed their Preliminary Statements and similarly reserved the right to identify witnesses at trial. *See, e.g.,* Preliminary Statement of Law Debenture (ECF Docket No. 10784); Preliminary Statement of Aurelius Capital Management, LP ("**Aurelius**") (ECF Docket No. 10789); Amended Preliminary Statement of EGI-TRB ("**EGI**") (ECF Docket No. 107800); Preliminary Statement of WTC (ECF Docket No. 10792); and Preliminary Statement of the Debtors (ECF Docket No. 10776). (A copy of the relevant pages of each these Preliminary Statements is attached hereto as **Exhibit B**).

7.      Parties completed their initial round of document production on or about February 3, 2012.

8.      Upon review and analysis of the Preliminary Statements and the documents produced by the Parties in discovery, the TM Retirees determined that the testimony of a certified public accountant would be necessary and appropriate to address accounting terminology in the EGI Agreement and the PHONES Indenture and accounting treatment in

publicly filed financial statements of Times Mirror and Tribune with respect to the treatment of TM Retiree claims under the non-qualified benefit plans and the determination of the Allocation Disputes. Fed. R. Civ. P. 702 (expert testimony pursuant to Fed R. Evid. 702 is appropriate to assist the trier of fact with respect to areas of specialized knowledge); *Securities & Exchange Commission v. Johnson*, 525 F. Supp. 70 (D.D.C. 2007) (accountant appropriate as an expert to assist trier of fact (jury) in meaning of accounting terms and accounting treatment in books); *In re Commercial Money Center, Inc.,* 737 F. Supp. 815, 835 (N.D. Ohio 2010) (accountant as an expert to provide analysis of technical aspects of financial statements); *OCI Chemical Corp. v. American Railcar Indus.* 2009 WL 890525 (E.D. Mo. 2009) (proper accounting treatment of fixed vs. variable costs appropriate for expert testimony by accountant).

9.    Teitelbaum & Baskin, as counsel for the TM Retirees, commenced a search for an expert and retained Mr. Belsky late on February 14, 2012.

10.    At approximately 10:51 a.m. on February 15, 2012, before leaving Teitelbaum & Baskin's offices in Westchester to defend Ms. Bell's deposition in Manhattan, Jay Teitelbaum sent an email to the Parties to the Allocation Dispute identifying S. David Belsky, CPA, as an expert witness.  A copy of Mr. Belsky's C.V. was attached and the Parties were advised that the TM Retirees intended to call Mr. Belsky as a witness at the Allocation Dispute hearing with respect to the accounting and financial statement treatment of the TM Retiree claims by Tribune and Times Mirror.

11.    Counsel for Law Debenture is the only party which has objected to the TM Retirees calling Mr. Belsky as a trial witness.

12.    During further discussions between counsel for Law Debenture and the TM

Retirees, the TM Retirees further identified that the issues for such expert testimony were expected to relate to (i) addressing the meaning of the specific accounting terms "trade payables and accrued expenses" found in the definition of "Senior Obligations" in the EGI Agreement; and (ii) the accounting treatment by Times Mirror and Tribune of the TM Retiree claims under the non-qualified benefit plans as such treatment relates to the definition of Senior Indebtedness in the PHONES Indenture and the definition of Senior Obligations in the EGI Agreement.

13.     The TM Retirees have proposed to include Mr. Belsky's findings in their opening brief such that parties would have ample opportunity to conduct discovery and include any response in their Response Briefs.

14.     The outcome of the Allocation Disputes could negatively affect the recovery to the TM Retirees by up to $12-15 million (34%-42% of their proposed recovery of approximately 35%).

15.     The TM Retirees, who are already faced with a significant loss of their benefits, should not be prejudiced by gamesmanship and litigation tactics. The Allocation Disputes process is fluid and extremely truncated. Virtually every party which filed a Preliminary Statement, including Law Debenture, reserved the right to identify witnesses for trial. The TM Retirees exercised that right as promptly as practical. EGI has attempted to avail itself of this reservation on February 16 by designating two witnesses and reserving the right to call a third witness at trial.

16.     Further, the Allocation Dispute Scheduling Order contemplates that the deadlines set forth therein may need to be modified. For example, paragraph 5(f) of the Allocation Disputes Scheduling Order provides that the Court could authorize

other and further discovery as may be necessary beyond the February 17 discovery cut off; and paragraph 29 of the Allocation Disputes Scheduling Order provides that "upon good cause shown, and on notice to all Parties, any Party may seek to have this Order modified by the Court."

17.     Given the exigencies of these proceedings, the TM Retirees submit that they have acted reasonably, diligently and in good faith and have demonstrated good cause for a clarification or modification of the Allocation Disputes Scheduling Order to permit the TM Retirees to supplement their Preliminary Statement to identify and call David Belsky, CPA as an expert at the Allocation Dispute hearing.

## **CERTIFICATION OF COUNSEL UNDER LOCAL RULE 7026-1(C)**

18.     Undersigned counsel to the TM Retirees, Jay Teitelbaum, certifies that he has met and conferred with counsel for Law Debenture with respect to the relief sought herein, but the parties have not been able to consensually resolve this matter.

## CONCLUSION

**WHEREFORE,** the TM Retirees respectfully request entry of an Order, substantially in the form attached hereto as **Exhibit C**, granting the Motion to clarify or modify the Allocation Disputes Scheduling Order to permit the TM Retirees to supplement their Preliminary Statement to identify and call David Belsky, CPA as a witness at the Allocation Disputes hearing.

Dated: February 16, 2012            Respectfully submitted,
       Wilmington, Delaware

                                      HILLER & ARBAN, LLC

                                      **/s/ Brian Arban**
                                      Adam Hiller (DE No. 4105)
                                      Brian Arban (DE No. 4511)
                                      1500 North French Street, 2nd Floor
                                      Wilmington, Delaware 19801
                                      (302) 442-7676 telephone
                                      barban@hillerarban.com

                                      -and-

                                      Jay Teitelbaum, Esq. (JT-4619)
                                      TEITELBAUM & BASKIN, LLP
                                      1 Barker Avenue
                                      Third Floor
                                      White Plains, New York 10601
                                      (914) 437-7670
                                      jteitelbaum@tblawl1p.com

                                      *Attorneys for the TM Retirees*