# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>(Jointly Administered)<br><br>**Ref. No. 10569, 10571, and 10692** |

### PRELIMINARY STATEMENT OF TM RETIREES WITH RESPECT TO RESOLUTION OF ALLOCATION DISPUTES IN CONNECTION WITH CONFIRMATION OF THE THIRD AMENDED DCL PLAN

Teitelbaum & Baskin, LLP and Hiller & Arban, LLC, as attorneys for approximately 200 former employees and/or directors (and beneficiaries of such former employees and/or directors) (the "**TM Retirees**")[1] of The Times Mirror Company ("**Times Mirror**"), who were receiving or entitled to receive payments under certain non-qualified retirement plans of one or more of the Debtors, for their preliminary statement as required by Order of this Court dated January 24, 2012 (ECF Docket No. 10692) with respect to the resolution of allocation disputes in connection with the confirmation of the Third Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P. Angelo Gordon & Co., L.P. and JPMorgan Chase Bank, N.A. (the "**Third Amended DCL Plan**"), respectfully state:

---

[1] Among the TM Retirees supporting this statement is William Niese, a member of the Official Committee of Unsecured Creditors (the "**Committee**"). Teitelbaum & Baskin also represents Mr. Niese in his role as a member of the Committee and as plaintiff in various state law constructive fraud claim actions commenced pursuant to this Court's Order of April 25, 2011. This pleading is filed on behalf of the TM Retirees, including Mr. Niese, in their capacity as creditors and parties in interest and not in any manner as a representative of the Committee. The positions taken herein do not necessarily reflect the position of the Committee, and the Committee has not been consulted in connection with this pleading.

1. The TM Retirees have asserted claims of approximately $113.6 million against Tribune Company based upon vested interests primarily under four non-qualified plans referred to as the Deferred Compensation Plan, the Excess Pension Plan, the Supplemental Executive Retirement Plan and the Supplemental 401(k) Plan (collectively, the "**Plans**"), as well as various individualized retirement agreements ("**Supplemental Agreements**"). Each of these Plans and Supplemental Agreements constitute obligations to pay deferred compensation to the TM Retirees for services rendered to Times Mirror and/or Tribune Company, which obligations were either expressly assumed by Tribune Company pursuant to the March 13, 2000 Agreement and Plan of Merger between Tribune Company and The Times Mirror Company, or directly provided by Tribune Company.

2. Approximately 185 of the TM Retirees have claims against the Tribune Company parent, which were filed in the aggregate amount of approximately $108.4 million under one or more of the above described deferred compensation plans. These are the only claims potentially implicated by the various motions as the remaining claims for 17 TM Retirees in the aggregate amount of approximately $5.2 million are asserted against one or more of the Debtor's operating entities and are to be paid in full under the Third Amended DCL Plan. It is noted that these figures include approximately six additional TM Retirees who were not included in the original Retiree Settlement, but who have been added after review with the Debtors to ensure that their claims were being calculated in the manner required by the Retiree Settlement(as defined below).

3. The Retiree Settlement originally provided for three simple components. First, a compromise as to the amount of TM Retiree claims based upon, among other things, a review of the factual predicates for the claims, compromises as to interest rates and mortality tables and an agreed upon computation metric, pursuant to which the allowed claims were reduced by approximately 9% from $113.6 Million to approximately $104.6 Million (subject to adjustment for arithmetic issues). Second, payment of cash to the TM Retirees of approximately 35% of their allowed claims as set forth in the Debtors' Plan of Reorganization filed on April 12,

2010 (Dkt. No. 4008), as may be amended from time to time, *__provided that such amendments are consistent with the treatment set forth in the April 12, 2010 plan, including the payment of approximately 35% of the allowed TM Retiree Claims__*. Third, releases, by the Debtors of all claims against the TM Retirees. (Retiree Settlement ¶¶ 3, 6, 7 and 8).

    4.  In connection with both the PHONES Notes Disputes and the EGI-TRB LLC Notes Disputes (collectively, the "**Allocation Disputes**"), the TM Retirees will be adverse to (i) Deutsche Bank Trust Company Americas ("**DBTCA**"), in its capacity as successor indenture trustee for a certain series of Senior Notes issued by Tribune; (ii) Law Debenture Trust Company of New York ("**Law Debenture**"), in its capacity as successor indenture trustee for a certain series of Senior Notes issued by Tribune; (iii) Wilmington Trust Company ("**WTC**"); (iv) Aurelius Capital Management LLC ("**Aurelius**"); (v) Davidson Kempner Capital Management LLC; (vi) EGI-TRB, LLC ("**EGI**"); and (vii) any other party who identifies itself as objecting to the treatment of the TM Retiree Claims filed against the Tribune Parent (Class 1F in the Third Amended DCL Plan) on the ground that such claims are not entitled to the benefits of (i) the subordination provisions in the PHONES Notes Indenture, (ii) the subordination agreement set forth in the EGI-TRB Notes, or (iii) Retiree Settlement Agreement implemented and incorporated into the Third Amended DCL Plan. Specifically, the TM Retirees will take the positions, with respect to the PHONES Notes Disputes, that the TM Retiree claims constitute "Senior Indebtedness," and, similarly, with respect to the EGI-TRB LLC Notes Disputes, that the TM Retiree claims constitute "Senior Obligations."

    5.  The TM Retirees will demonstrate that the claims asserted against Tribune Company arising from one or more agreements are general unsecured claims of Tribune which are entitled to be treated as Senior Indebtedness and/or Senior Obligations with respect to all distributions made by Tribune Company in connection with the Third Amended DCL Plan, including the Retiree Settlement Agreement implemented and incorporated into the Third Amended DCL Plan (the "**Retiree Settlement**").

    6.  As of the date of this submission, the documents identified by the TM

Retirees, upon which they intend to rely include:

- Indenture between Tribune Company, Issuer and Bank of Montreal Company, Trustee, dated as of April 1, 1999

- Agreement And Plan Of Merger Between Tribune Company and The Times Mirror Company, dated as of March 13, 2000

- Notice of Meeting of Shareholders of Times Mirror, dated June 12, 2000

- Times Mirror Deferred Compensation Plan For Executives, effective April 1, 1994, amended and restated January 1, 2005

- Times Mirror Supplemental Retirement Plan, as of January 1, 1993

- Times Mirror Excess Pension Plan, as of January 1, 1994

- Times Mirror Non-Employee Directors Stock Plan, as of January 1, 1997

- Certain agreements and supporting documents with approximately 15 of 18 TM Retirees which provide non-qualified deferred compensation payments not provided in other plans

- Certain Correspondence from Tribune Company, dated October 31, 2005, August, 31, 2006 and November 24, 2006 concerning elections under certain Retiree Plans

- A chart of TM Retirees which identifies (i) the retiree, (ii) the non-qualified deferred compensation plan/arrangement which is the source of the claim, (iii) the amount claimed under each source plan, and (iv) proof of claim number(s)

7. The TM Retirees expect to call Susan P. Bell, formerly Director, Executive Compensation and Benefits of Times Mirror, as a witness with respect to the Allocation Disputes, including with respect to the priority and treatment of claims of TM Retirees under and in connection with each of the foregoing plans, the Third Amended DCL

Plan, and in connection with the Tribune merger.

8. The TM Retirees have requested the production of documents from Aurelius, WTC, Law Debenture, EGI, the Debtors and the Creditors Committee and reserve the right to identify and rely upon such other and further documents as may be produced during discovery.

9. The TM Retirees reserve the right to identify and call such other and further witnesses as may be identified through discovery or otherwise.

10. The TM Retirees have identified the amounts of the individual claims as agreed upon between the Debtors and the TM Retirees and as reflected in the Retiree Settlement Agreement. The TM Retirees have objected to the production of any documents or information relating to the calculation of each individual claim on two grounds. First, the TM Retirees assert that claims allowance is beyond the scope of this Allocation Dispute, which is for the purpose of determining claim priority. Second, the TM Retirees assert that the amount of the TM Retiree claims has been determined though a negotiated settlement process with the Debtors as approved by this Court in the October 31, 2011 Opinion on Confirmation at p. 93. ("The Retiree Settlement is an important piece of the reorganization. In light of the settlement, I am satisfied that the release of the Retiree Claims is proper").

Dated: January 31, 2012

**HILLER & ARBAN, LLC**
By: /s/ Adam Hiller
1500 North French Street, Second Floor
Wilmington, Delaware 19801
(302) 442-7677
ahiller@hillerarban.com

And

**TEITELBAUM & BASKIN, LLP**
By:/s/ Jay Teitelbaum
Jay Teitelbaum, Esq. (JT-4619)
1 Barker Avenue
White Plains, New York 10601
(914) 437-7670
jteitelbaum@tblawllp.com
Attorneys for the TM Retirees