# EXHIBIT B

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
In re:                                          :       Chapter 11 Cases
                                                :       Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,                        :       (Jointly Administered)
                                                :
                    Debtors.                    :       Re: Docket No. 10692
                                                :
---------------------------------------------------------x

## PRELIMINARY STATEMENT

Law Debenture Trust Company of New York ("Law Debenture"), as successor indenture trustee under that certain Indenture dated March 19, 1996 between Tribune Company ("Tribune" and with its debtor subsidiaries, the "Debtors") (successor to The Times Mirror Company) and Citibank, N.A., by and through its undersigned counsel, hereby files this preliminary statement[1] in connection with the Allocation Disputes pursuant to the *Order Establishing Scheduling For (1) Resolution of the Allocation Disputes and (2) Consideration of DCL Plan Proponents' Supplemental Disclosure Document, Solicitation Procedures Motion And Plan*, dated January 24, 2012 [Dkt. No. 10692] (the "Order") and respectfully represents as follows:[2]

Law Debenture intends to take a position with respect to those Allocation Disputes discussed below:

---

[1] The Order (as defined herein) provides that:

No later than January 31, 2012, each Party, including any party not specifically named in paragraph 1 that wishes to take a position on any Allocation Dispute, shall file a statement setting forth the Allocation Dispute(s) that such Party intends to take a position on, a brief statement of such position with respect to each such Allocation Dispute, the identification of such Party's trial witnesses (if any) and the anticipated scope of any direct trial testimony. (Order, at 6.)

[2] Capitalized terms shall have the meaning ascribed to them in the Motion, unless otherwise defined herein.

- Law Debenture intends to argue that the subordination agreement governing the EGI-TRB LLC Notes subordinates payment of the EGI-TRB LLC Notes to payment in full of all indebtedness constituting Senior Obligations, including payment of all post-petition interest.

(5) Whether the EGI-TRB LLC Notes are senior in right of payment to the PHONES Notes.

- Law Debenture does not intend to take a position on this issue.

Trial Witnesses/Scope of Trial Testimony

Law Debenture reserves the right to call a witness to (i) verify certain waterfall calculations in the event that the Parties are unable to stipulate as to the distributions that will flow to creditors from Article III distributions or distributions from the Creditors' Trust or Litigation Trust under various Allocation Dispute scenarios or (ii) rebut testimony offered by any Party to the Allocation Disputes.

Dated: January 31, 2012
Wilmington, Delaware

Respectfully submitted,

**BIFFERATO GENTILOTTI LLC**

/s/ Mary E. Augustine
Garvan F. McDaniel (No. 4167)
Mary E. Augustine (No. 4477)
800 N. King Street, Plaza Level
Wilmington, Delaware 19801
Tel: (302) 429-1900
Fax: (302) 429-8600

– and –

Daniel H. Golden, Esq.
David M. Zensky, Esq.
Phil Dublin, Esq.
Deborah Newman, Esq.
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000

Counsel for Aurelius Capital Management, LP

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------X
In re:                                       :
                                             :   Chapter 11 Cases
                                             :   Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,                     :   (Jointly Administered)
                                             :
                        Debtors.             :
---------------------------------------------X

## PRELIMINARY STATEMENT OF AURELIUS CAPITAL MANAGEMENT, LP, ON ALLOCATION DISPUTES

Pursuant to paragraph 13 of the Order Establishing Scheduling For (1) Resolution Of The Allocation Disputes And (2) Consideration Of DCL Plan Proponents' Supplemental Disclosure Document, Solicitation Procedures Motion And Plan [Docket No. 10692] (the "Scheduling Order"), Aurelius Capital Management, LP ("Aurelius"),[1] by and through its undersigned counsel, states as follows:[2]

---

[1] Entities managed by Aurelius own a substantial amount of Senior Notes and PHONES Notes. Neither Aurelius nor any of its managed entities owe any fiduciary duties to any party in interest in these cases nor is Aurelius or any of its managed entities an insider of Tribune Company or any of its affiliates.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Scheduling Order.

{00599208;v1}

1

## Trial Witnesses

i. Aurelius reserves the right to call a witness to (i) verify certain waterfall calculations in the event that the Parties are unable to stipulate as to the distributions that will flow to creditors from Article III distributions or distributions from the Creditors' Trust or Litigation Trust under various Allocation Dispute scenarios or (ii) rebut testimony offered by any Party to the Allocation Disputes.

Dated: January 31, 2012

| AKIN GUMP STRAUSS HAUER & FELD LLP | ASHBY & GEDDES, P.A. |
|---|---|
| Daniel H. Golden | |
| David M. Zensky | /s/ Leigh-Anne M. Raport |
| Phil Dublin | William P. Bowden (I.D. No. 2553) |
| Deborah Newman | Amanda M. Winfree (I.D. No. 4615) |
| One Bryant Park | Leigh-Anne M. Raport (I.D. No. 5055) |
| New York, NY 10036 | 500 Delaware Avenue, P.O. Box 1150 |
| 212-872-1000 | Wilmington, DE 19899 |
| | 302- 654-1888 |

*Counsel for Aurelius Capital Management, LP*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| TRIBUNE COMPANY, et al., | : Case No. 08-13141 (KJC) |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |
| | : |

## EGI-TRB'S AMENDED PRELIMINARY STATEMENT ON ALLOCATION DISPUTES

EGI-TRB, LLC ("EGI-TRB") respectfully submits this Preliminary Statement on Allocation Disputes pursuant to Paragraph 13 of the Court's Order Establishing Scheduling For Resolution of the Allocation Disputes and Consideration of DCL Plan Proponents' Supplemental Disclosure Document, Solicitation Procedures Motion and Plan, entered on January 24, 2012 ("Order"). As contemplated by the Order, EGI-TRB identifies herein the Allocation Disputes on which it intends to take positions at the Allocation Dispute Hearing and provides a "brief statement" in support of its positions. Consistent with paragraph 14 of this Court's Order, EGI-TRB will more fully advocate those positions in the Opening Brief that it will file on February 24, 2012. EGI-TRB reserves the right to amend and supplement the positions identified in this Preliminary Statement through its Opening Brief and/or upon notice to all interested parties at any time before the Allocation Dispute Hearing.

I.  **THE EGI-TRB LLC NOTES DISPUTES ON WHICH EGI-TRB INTENDS TO TAKE A POSITION AT THE ALLOCATIONS DISPUTE HEARING AND EGI-TRB'S BRIEF STATEMENT OF SUCH POSITION.**

   A.  **The Article III Distributions Must Be Adjusted Because The Settlement Proceeds Are Not Subject To The Subordination Agreement Governing The EGI-TRB Notes.**

The first disputed issue related to the EGI-TRB LLC Notes is "whether and to what extent the Article III Distributions must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code in connection with assertions that

A.      **Richard E. Mikels**, Mintz Levin Cohn Ferris Glovsky and Popeo, P.C. Mr. Mikels may testify, as an expert witness, to custom and practice with respect to subordination agreements.

B.      **Brian Whittman**, Alvarez & Marsal. Pursuant to an agreement with the Debtors, EGI-TRB may call a witness from Alvarez & Marsal to testify as to potential distribution and recovery scenarios under the DCL Proposed Plan, including potential distributions based on a finding that the EGI-TRB Notes are not subordinated as to the Settlement Proceeds and not subordinated as to proceeds that are redistributed to EGI-TRB on account of the PHONES subordination provisions.

C.      EGI-TRB reserves the right to call additional witnesses responsive to witnesses identified by other parties.

Dated: February 1, 2012                    Respectfully submitted,

**BLANK ROME LLP**

By:  /s/ *David W. Carickhoff*
David W. Carickhoff (DE No. 3715)
1201 Market Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 425-6400

and

**JENNER & BLOCK LLP**
David J. Bradford (admitted *pro hac vice*)
Catherine L. Steege (admitted *pro hac vice*)
Andrew W. Vail (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
Telephone: (312) 222-9350

*Counsel for EGI-TRB, LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 Cases |
| | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, et al., | (Jointly Administered) |
| Debtors. | |

**PRELIMINARY STATEMENT OF WILMINGTON TRUST COMPANY,
AS SUCCESSOR INDENTURE TRUSTEE FOR THE PHONES NOTES,
ON THE ALLOCATION DISPUTES**

Wilmington Trust Company ("Wilmington Trust"), in its capacity as successor Indenture Trustee pursuant to an indenture dated April 1, 1999 (the "PHONES Notes Indenture," with the notes and holders of notes issued pursuant to the PHONES Indenture respectively referred to herein as the "PHONES Notes" and the "PHONES Noteholders"), by and between the Tribune Company ("Tribune" and with its debtor subsidiaries, the "Debtors") and Bank of Montreal Trust Company, as original indenture trustee, by and through its undersigned counsel, respectfully submits this Preliminary Statement on the Allocation Disputes as defined in the Court's scheduling order (the "Scheduling Order") dated January 24, 2012 [Docket No. 10692].

1. Wilmington Trust intends to take the following positions concerning the PHONES Notes Disputes set forth in paragraph 2.a of the Scheduling Order.

2. Issue 1: Whether and to what extent the Article III Distributions must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code in connection with assertions that all or any portion of the consideration provided by the Senior Lenders, Bridge Lenders, and Settling Step Two Payees in respect of the Settlement are or are not subject to the subordination provisions of the PHONES Notes Indenture.

    a. <u>Wilmington Trust's Position</u>: Upon information and believe, based on information presently available to Wilmington Trust, the allowed amount of the PHONES Notes Claims should be $1,184,941,949.64 plus unpaid interest that accrued prior to the Petition Date.[1]

6.    <u>Issue 5</u>: Whether and to what extent beneficiaries of the subordination provisions of the PHONES Notes Indenture (as determined by the Bankruptcy Court, if applicable) are entitled to receive post-petition interest prior to the Holders of PHONES Notes Claims receiving payment on their Claims.

    a. <u>Wilmington Trust's Position</u>: The beneficiaries of the subordination provisions of the PHONES Notes Indenture (as determined by the Bankruptcy Court, if applicable) are not entitled to receive post-petition interest prior to the PHONES Noteholders receiving payment on their Claims.

7.    <u>Issue 6</u>: Whether the PHONES Notes are senior in right of payment to the EGI-TRB LLC Notes.

    a. <u>Wilmington Trust's Position</u>: The PHONES Notes are senior in right of payment to the EGI-TRB LLC Notes.

8.    Wilmington Trust reserves the right to amend, restate and/or otherwise supplement the positions taken herein after receipt of the preliminary position statements from other parties to the Allocation Disputes, and the completion of discovery on the Allocation Disputes.

9.    Wilmington Trust does not contemplate calling any trial witnesses at this time, but reserves the right to do so after receipt of the parties' preliminary statements, discovery responses, answers to interrogatories and briefing in connection with the Allocation Disputes.

---

[1] Should the Court allow the "low PHONES" amount, that amount should be at least $819,853,195.21 plus unpaid interest that accrued prior to the Petition Date.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## PRELIMINARY STATEMENT REGARDING ALLOCATION DISPUTES

Pursuant to ¶ 13 of the Order Establishing Scheduling for (1) Resolution of the Allocation Disputes and (2) Consideration of DCL Plan Proponents' Supplemental Disclosure Document, Solicitation Procedures Motion and Plan [Docket No. 10692] (the "Allocation Disputes Order"), the debtors and debtors in possession in the above-captioned chapter 11 cases

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); ForSaleByOwner.com Corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc. f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

general unsecured creditors of Tribune that are included in the category of Other Parent Claims. Indeed, Wilmington Trust Company has served interrogatories on the Debtors seeking some of this information. In response to that discovery, the Debtors have indicated that they will provide responsive information and are prepared to present testimony regarding the amounts of the aforementioned claims. The Debtors are also prepared to present testimony as to the history and nature of the claims included in the Other Parent Claims whose holders may not file Preliminary Statements or Opening Briefs.[2] Any such testimony would be presented by Mr. Whittman.

(c) <u>Recovery Chart.</u> As regards the Allocation Disputes described in ¶¶ 2(a)(iii) and (b)(iii) of the Allocation Disputes Order, it is likely that the Recovery Chart referenced in ¶ 5(e) will be relevant. Because Mr. Whittman prepared the chart, the Debtors are prepared to present him as a witness to explain it and to answer any questions pertaining thereto.

3. Finally, the Debtors reserve the right to submit a Response Brief (<u>see</u> ¶ 15 of the Allocation Disputes Order) and to present evidence and testimony responding to facts or issues raised in the Opening Briefs filed pursuant to ¶14 of the Allocation Disputes Order.

---

[2] On January 27, 2012, the Debtors caused Epiq to serve by Federal Express a copy of the Allocation Disputes Order to all holders of claims in the classes of claims whose rights will be adjudicated during the proceedings involving the Allocation Disputes. To the extent any of these creditors may not already be "Parties," it is possible that some of them may seek to become Parties pursuant to ¶ 1 of the Allocation Disputes Order. However, in the event that no such creditors appear, Mr. Whittman's testimony may help to ensure that the Court has the information necessary to make an informed decision regarding the aforementioned Allocation Disputes.