# **EXHIBIT D**

Black-line Comparison of Exhibit 5.18 to the Third Amended DCL Plan
to Exhibit 5.18 filed November 18, 2011 [Docket No. 10273]

## Exhibit 5.18

## Allocation Dispute Protocol

Pursuant to Section 5.18 of the Plan[1], Allocation Disputes (as defined herein) shall be resolved and adjustments, if any, to the distributions to be made pursuant to the Plan to the Holders of Allowed Claims in Classes 1E, 1F, 1I and 1J shall be decided by the Bankruptcy Court pursuant to the following Allocation Dispute Protocol.

1.      Allocation Disputes.

        1.1     "Allocation Disputes" shall have the meaning ascribed to such term in the Order Establishing Scheduling for (1) Resolution of the Allocation Disputes and (2) Consideration of DCL Plan Proponents' Supplemental Disclosure Document, Solicitation Procedures and Plan [D.I. 10692] (the "Allocation Dispute Scheduling Order"); provided, however, that the term "Allocation Disputes" as used herein shall exclude any Allocation Dispute(s) set forth in the Allocation Dispute Scheduling Order as to which the Bankruptcy Court concludes need not be resolved in order to determine that the distributions made under the Plan satisfy the applicable requirements of the Bankruptcy Code.

2.      Process for Resolving Allocation Disputes.

        2.1     The Bankruptcy Court shall hear and determine the Allocation Disputes in connection with confirmation of the Plan.  The adjudication of the Allocation Disputes shall occur pursuant to the schedule and guidelines set forth in the Allocation Dispute Scheduling Order and this Exhibit 5.18.

        2.2     The Confirmation Order may provide for the resolution of any Allocation Dispute, or the Bankruptcy Court may enter an order or orders separate from the Confirmation Order, but conditioned upon the entry thereof, either (i) resolving any Allocation Dispute(s) or (ii) approving the terms of a stipulation resolving any Allocation Dispute(s) (any such order referenced in subsections (i) and (ii), an "Allocation Order").

3.      ~~1.~~ Distributions to Holders of Allowed Claims in Classes 1E, 1F, 1I and 1J.

        3.1     ~~1.1~~ General.  Holders of Allowed Claims in Classes 1E, 1F, 1I and 1J shall receive the distributions set forth in Sections 3.2.5(c), 3.2.6(c), 3.2.8(c) and 3.2.9(c) of the Plan (collectively, the "Article III Distributions"), respectively, except to the extent ~~any Allocation Order or the Confirmation Order provides for an adjustment of~~ such Article III Distributions are adjusted to account for the resolution of any Allocation Dispute.

---

[1] Capitalized terms used but not defined herein shall have the meanings assigned to such terms in the Third Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Plan").

~~1.2     Resolution of Allocation Disputes Prior to the Effective Date.  If (a) the Bankruptcy Court shall adjudicate any of the Allocation Disputes in connection with confirmation of the Plan and the Confirmation Order therefore provides for an adjustment to any Article III Distributions, or (b) the Bankruptcy Court shall enter an order either (i) resolving any Allocation Dispute(s) other than in connection with confirmation of the Plan or (ii) approving the terms of a stipulation resolving any Allocation Dispute(s), and, in either case requiring an adjustment to Article III Distributions (any such order referenced in subsections (b)(i) and (b)(ii), an "Allocation Order") on or prior to the Effective Date, then Holders of Allowed Claims in Classes 1E, 1F, 1I, and 1J shall receive such Holder's Article III Distribution as may be adjusted by the Confirmation Order or any applicable Allocation Order(s).~~

~~1.3     Resolution of Allocation Disputes After the Effective Date.  If any of the Allocation Disputes are not resolved as of the Effective Date, the following protocol shall apply:~~

~~1.3.1     On or as soon as reasonably practicable after the Effective Date, the Reorganized Debtors shall establish one or more reserves ("Allocation Dispute Reserves") for the purpose of making distributions to Holders of Allowed Claims in Classes 1E, 1F, 1I and 1J after the entry of any post Effective Date Allocation Order(s).  The amount of consideration contributed to the Allocation Dispute Reserve(s) shall be equal to (a) the sum of the Article III Distributions (excluding Creditors' Trust Interests and Litigation Trust Interests) to be provided to the Holders of Allowed Claims in Classes 1E and 1F as estimated by the Debtors in their reasonable discretion, less (b) the sum of such consideration that such Holders would be entitled to receive if each of the Allocation Disputes that have not yet been resolved as of the date of establishment of the Allocation Dispute Reserve were resolved in a manner adverse to the Holders of Allowed Claims in Classes 1E and 1F.  The consideration to be so contributed to the Allocation Dispute Reserve(s) shall be in the form of an amount of Cash, New Warrants and New Senior Secured Term Loan in proportion to the aggregate elections made by Holders of Claims pursuant to Sections 3.2.5 and 3.2.6 of the Plan as estimated by the Debtors in their reasonable discretion.  The Debtors shall file a notice setting forth the estimated Allocation Dispute Reserves on or before the Effective Date.~~

~~1.3.2     On the Initial Distribution Date or as soon as practicable thereafter:~~

~~(a)     Each Holder of an Allowed Claim in Classes 1E and/or 1F shall receive an amount of consideration equal to (a) such Holder's Article III Distribution, less (b) the sum of (i) the amount of consideration held in the Allocation Dispute Reserve allocable to such Holder and (ii) the amount of consideration, if any, that the Confirmation Order or any applicable Allocation Order(s) entered prior to the Effective Date required to be re-allocated to Holders of other Allowed Claims in Classes 1I and/or 1J; and~~

~~(b)     Each Holder of an Allowed Claim in Classes 1I and/or 1J shall receive an amount of consideration equal to (a) such Holder's Article III Distributions, plus (b) the amount of consideration, if any, required to be re-allocated to such Holder pursuant to the terms of the Confirmation Order or any applicable Allocation Order(s) entered prior to the Effective Date.~~

~~1.3.3   On or as soon as reasonably practicable after the Quarterly Distribution Date immediately following the calendar quarter in which any Allocation Order is entered, the Disbursing Agent shall make distributions to Holders of Allowed Claims entitled thereto in accordance with such Allocation Order(s).  Any amounts remaining in the Allocation Dispute Reserve(s) after all of the Allocation Disputes have been resolved by Allocation Order(s) shall be distributed in accordance with the applicable final Allocation Order or as otherwise directed by the Bankruptcy Court.~~

~~1.3.4   If any Allocation Order provides for a distribution to Holders of Class 1F Claims, the Distribution Agent shall make such distributions to the Other Parent Claims Reserve as may be necessary to satisfy Disputed Other Parent Claims that may become Allowed Other Parent Claims.~~

~~1.4   **Tax Obligations**.  Distributions to Holders of cash or other property from the Allocation Dispute Reserve(s) may be reduced by taxes payable by the Allocation Dispute Reserve(s) that are attributable to such cash or other property.~~

~~**2.  Allocation Disputes.**~~

~~2.1   The following disputes (the "**Allocation Disputes**") shall be subject to the terms of this Allocation Dispute Protocol:~~

~~2.1.1   **PHONES Notes Disputes**.  Disputes concerning the following issues related to the PHONES Notes:  (a) whether and to what extent the Article III Distributions must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code because all or any portion of the consideration provided by the Senior Lenders, Bridge Lenders, and Settling Step Two Payees in respect of the Settlement are not subject to the subordination provisions of the PHONES Notes Indenture; (b) whether and to what extent the priority of the distributions from the Creditors' Trust and/or the Litigation Trust (if the Bankruptcy Court deems it to be necessary) must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code because all or any distributions from the Creditors' Trust and/or the Litigation Trust (if applicable) are not subject to the subordination provisions of the PHONES Notes Indenture; (c) whether and to what extent the Article III Distributions or the priority of distributions from the Creditors' Trust and/or the Litigation Trust must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code because any category of Other Parent Claims do not constitute "Senior Indebtedness", as defined by the PHONES Notes Indenture; (d) the Allowed amount of the PHONES Notes Claims; (e) whether and to what extent beneficiaries of the subordination provisions of the PHONES Notes Indenture (as determined by the Bankruptcy Court, if applicable) are entitled to receive post-petition interest prior to the Holders of PHONES Notes Claims receiving payment on their Claims; and (f) whether the PHONES Notes are senior in right of payment to the EGI-TRB LLC Notes.~~

~~2.1.2   **EGI-TRB LLC Notes Disputes**.  Disputes concerning the following issues related to the EGI-TRB LLC Notes:  (a) whether and to what extent the Article III Distributions must be adjusted in order for the distributions under the Plan to satisfy the applicable~~

3

~~requirements of the Bankruptcy Code because all or any portion of the consideration provided by the Senior Lenders, Bridge Lenders, and Settling Step Two Payees in respect of the Settlement are not subject to the subordination agreement governing the EGI-TRB LLC Notes; (b) whether and to what extent the priority of the distributions from the Creditors' Trust and/or the Litigation Trust must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code because all or any distributions from the Creditors' Trust and/or the Litigation Trust are not subject to the subordination agreement governing the EGI-TRB LLC Notes; (c) whether and to what extent the Article III Distributions or the priority of distributions from the Creditors' Trust and/or the Litigation Trust must be adjusted in order for the distributions under the Plan to satisfy the applicable requirements of the Bankruptcy Code because any category of Other Parent Claims do not constitute "Senior Obligations", as defined by the subordination agreement governing the EGI-TRB LLC Notes; (d) whether and to what extent beneficiaries of the subordination agreement governing the EGI-TRB LLC Notes (as determined by the Bankruptcy Court, if applicable) are entitled to receive post-petition interest prior to the Holders of EGI-TRB LLC Notes Claims receiving payment on their Claims; and (e) whether the EGI-TRB LLC Notes are senior in right of payment to the PHONES Notes.[2]~~

~~2.1.3  Other.  Any other issues that (a) are related to the foregoing, raised by a party in interest in an objection to confirmation of the Plan, and must be resolved in order to determine that the distributions made under the Plan satisfy the applicable requirements of the Bankruptcy Code, or (b) the Bankruptcy Court may determine are necessary to the resolution of the foregoing.~~

3. ~~Litigation Concerning~~ Allocation Disputes.

~~3.1  The Bankruptcy Court shall hear and determine any Allocation Disputes in connection with confirmation of the Plan or thereafter, in its sole discretion.  Relevant parties in interest shall submit any evidence necessary to the resolution of the Allocation Disputes.~~

3.2  ~~If any or all of the Allocation Disputes are not resolved by the Confirmation Order or settled prior to the Confirmation Date, the Court shall establish in the Confirmation Order a schedule (the "Proposed Schedule") for the resolution of the Allocation Disputes.  To the extent reasonably practicable, the Proposed Schedule shall provide for the resolution of the Allocation Disputes prior to the Effective Date, but the Effective Date shall not be delayed for the resolution of the Allocation Disputes without the consent of the Proponents.~~  Adjustments to Article III Distributions.  Article III Distributions shall be adjusted to the extent necessary to account for the resolution of any Allocation Dispute.  No later than 5 business days after the entry of the Confirmation Order, the Proponents shall file and serve on the "Parties" (as defined in the Allocation Dispute Scheduling Order) and affected Holders of Claims a notice setting forth all adjustments to the Article III Distributions resulting from the resolution of the Allocation Disputes, unless resolution of the Allocation Disputes does not result in any adjustment to Article III Distributions.

---

[2] ~~The Allocation Dispute Protocol is not contemplated to address issues raised in the lawsuit titled *Official Committee of Unsecured Creditors of the Tribune Company v. FitzSimons, et al. (In re Tribune Co.)*, Adv. Proc. No. 10-54010 (Bankr. D. Del.) (KJC).~~

4

~~3.3     Within 10 calendar days of the entry of any Allocation Order, the Debtors or the Reorganized Debtors shall provide notice to the affected Holders.~~