# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Hearing Date: March 22, 2012 at 2:30 p.m. ET** |
| | **Response Deadline: March 15, 2012 at 4:00 p.m. ET** |

**DEBTORS' OBJECTION TO CLAIM NOS. 263 AND 4411 OF MARTA WALLER PURSUANT TO SECTIONS 502(b) AND 558 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL RULE 3007-1**

The debtors and debtors in possession in the above-captioned chapter 11 cases

(each a "<u>Debtor</u>" and collectively, the "<u>Debtors</u>"), by and through their undersigned counsel,

hereby file this objection (the "<u>Objection</u>") to Claim Nos. 263 and 4411 filed against Tribune

Company ("<u>Tribune</u>") by claimant Marta Waller (the "<u>Waller Claims</u>"), copies of which are

attached hereto as <u>Exhibit A</u>, on the basis that Tribune has no liability for such claims and that

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-8320694v1

such claims are substantive duplicates of a subsequently-filed proof of claim asserted by Ms. Waller against Debtor KTLA, Inc. ("KTLA"), assigned Claim No. 4412.

This Objection is submitted pursuant to sections 502(b) and 558 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). By this Objection, the Debtors request the entry of an order disallowing and expunging the Waller Claims in their entirety, for reasons described in detail below. In support of this Objection, the Debtors rely on the Declaration of Michael Bourgon, Vice President of Tribune Company (the "Bourgon Declaration"), attached hereto as Exhibit B. In further support of the Objection, the Debtors respectfully state as follows:

## INTRODUCTION

1.     The Waller Claims should be disallowed in their entirety, because Ms. Waller has failed to assert any facts or allegations that would support a valid right to payment from Tribune under applicable non-bankruptcy law, much less that Ms. Waller is entitled to the $5,000,000.00 she seeks from Tribune. In summary, the Waller Claims (and Claim No. 4412 against KTLA) are each predicated on a draft civil complaint, appended to the Waller Claims, that alleges damages for "wrongful termination" apparently based on KTLA's decision not to renew a one-year services contract between KTLA and Persistence Pays, Inc. ("PPI"), a corporation that appears to be affiliated with Ms. Waller. To the extent that Ms. Waller has any claim against any of the Debtors, which both Tribune and KTLA vigorously deny,[2] the Waller

---

[2] Nothing in this Objection is intended to or shall affect KTLA's right to object to Claim No. 4412 asserted by Ms. Waller, on any applicable grounds. KTLA denies the allegations made by Ms. Waller in the draft complaint and asserts numerous defenses thereto. KTLA presently intends to ask this Court to disallow Claim No. 4412 by separate objection to be filed in due course.

46429/0001-8320694v1

Claims against Tribune (and Claim No. 4412 against KTLA) are facially insufficient as a matter of law.

2.    Of specific relevance to this Objection, there is no allegation made in the draft complaint regarding any wrongful conduct by Tribune. Tribune appears to be included in the draft complaint solely because it is the ultimate, indirect parent company of KTLA, and for no other reason. Accordingly, the Waller Claims should be disallowed and expunged because they substantively duplicate Claim No. 4412, filed against KTLA, and further because no basis for recovery from Tribune on account of those claims is apparent. Counsel for the Debtors has attempted to contact counsel for Ms. Waller on multiple occasions throughout the pendency of the Debtors' chapter 11 proceedings requesting that counsel provide additional supporting information regarding the grounds for the Waller Claims and the corresponding claim against KTLA, or, in the alternative, that counsel withdraw such claims. No response to such requests has been received. The Debtors accordingly request that this Court disallow and expunge the Waller Claims from the claims register to reflect that such claims have no cognizable basis on which to be asserted against Tribune.

## STATUS OF THE CASE AND JURISDICTION

3.    On December 8, 2008 (the "Petition Date"), Tribune and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC,[3] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 111 entities.

4.    The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). (Docket Nos. 43, 2333.)

---

[3] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

46429/0001-8320694v1

5.    The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.    On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors in the Debtors' chapter 11 cases (the "Committee").

7.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought herein are sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1

## FACTUAL BACKGROUND CONCERNING THE WALLER CLAIMS

8.    The Waller Claims were received on January 13, 2009 and June 10, 2009 and recorded as Claim Nos. 263 and 4411, respectively on the official claims register (the "Claims Register") maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent").  The Waller Claims are each asserted against Tribune in the amount of $5,000,000.00, which make them among the highest-value individual claims presently asserted in the Debtors' chapter 11 cases.

9.    Appended to each of the Waller Claims is a draft civil complaint dated January 7, 2009, prepared by counsel for Ms. Waller.  The draft complaint names "Tribune Corporation",[4] KTLA, and certain other named and unnamed individual defendants.  (See Exhibit A, draft complaint at ¶¶ 1-7.)  The draft complaint alleges, in relevant part, that KTLA's termination of her contract in October 2008 was motivated by age and gender discrimination, in

---

[4] Given that the Waller Claims are asserted against Tribune Company on the face of each Proof of Claim, the Debtors have assumed that the "Tribune Corporation" named in the draft complaint is an attempt to name Tribune Company.

4

violation of public policy and applicable California employment laws. (Id. at ¶¶ 9-28) The

Debtors dispute a large number of the purported facts and allegations contained in the draft

complaint, including, without limitation, that the relevant contract was terminated (it in fact

expired) and that Ms. Waller was an employee of KTLA at the relevant time, as she apparently

believes.

      10.    A copy of the contract referenced in the draft complaint (the "PPI

Contract") is appended hereto as Exhibit C. (See Bourgon Declaration at ¶ 4.) The PPI Contract

was entered into on October 14, 2007 between KTLA and PPI. (See Exhibit C, PPI Contract at

1.) The PPI Contract provides that PPI will furnish the services of Ms. Waller as a "reporter,

staff newsperson, commentator, correspondent, analyst, and in any like capacity... on such

programs as KTLA may determine in the field of news and public affairs programming, for

broadcast over television, cable television, radio, the Internet, and other media designated by

KTLA." (Id.) The term of the PPI Contract was for one year, and the PPI Contract expressly

provided that it continued only through October 17, 2008.[5]  (See id. at ¶ 2.) Consideration for

services performed under the Waller Contract were paid to PPI. (See id. at ¶ 3.) The parties

agreed that KTLA and PPI were entering into the PPI Contract as independent contractors, and

that neither PPI nor Ms. Waller would be treated as an employee for federal, state, or local

income or employment tax purposes. (See id. at ¶ 21.) Tribune is not a party to the PPI

Contract. Ms. Waller is also not a party to the PPI Contract, although she executed the PPI

Contract on behalf of PPI.[6]

---

[5] Ms. Waller does not appear to allege that the PPI Contract was terminated prior to its expiration date.

[6] In correspondence accompanying the Waller Claims when filed, Ms. Waller's counsel stated that such counsel's "independent" investigation concluded that Ms. Waller's "termination" was "in breach of an implied employment contract...." (See Exhibit A at 11.) This argument is inconsistent with the provision in the PPI Contract that provides that the PPI Contract contains the entire agreement between PPI, KTLA, and Ms. Waller. (See Exhibit C, PPI Contract at ¶ 27.) It is unclear whether Ms. Waller believes that Tribune was a party – impliedly – to any purported implied employment contract.

11.    On several occasions since the Waller Claims were filed, counsel for the Debtors has attempted to contact counsel for Ms. Waller in an effort to obtain additional information regarding the Waller Claims, including, without limitation a copy of the complaint Ms. Waller alleges that she filed with the California Department of Fair Employment and Housing and the corresponding right-to-sue letter. (See Exhibit A, draft complaint at ¶ 11.) Neither KTLA nor Tribune have ever been provided with such materials. (See Bourgon Declaration at ¶ 7.) Additionally, counsel for the Debtors have requested that counsel for Ms. Waller withdraw the Waller Claims, as not properly asserted against Tribune without success. In the absence of any plausible basis for the assertion of the Waller Claims against Tribune, the Debtors have filed this Objection to expunge the Waller Claims, without in any way conceding that (i) the Waller Claims are not fatally defective on numerous other grounds, and (ii) Ms. Waller's proof of claim not objected to herein—Claim No. 4412—has any merit.

## RELIEF REQUESTED

12.    By this Objection, the Debtors seek entry of an order, pursuant to sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1, disallowing and expunging the Waller Claims in their entirety on the basis that the Waller Claims are facially without merit in that the draft complaint on which they rely fails to state any allegation of wrongful conduct by Tribune (or even any plausible basis or facts that could allow the conclusion that such conduct may have occurred). Accordingly, the Waller Claims are facially without merit under applicable non-bankruptcy law. The Debtors also seek an order authorizing the Claims Agent to expunge the Waller Claims from the Claims Register so that the Claims Register accurately reflects the claims outstanding against the Debtors' estates.

6

## APPLICABLE LAW

13.    This Objection is based on section 502(b)(1) of the Bankruptcy Code,

which provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a
> hearing, shall determine the amount of such claim in lawful
> currency of the United States as of the date of the filing of the
> petition, and shall allow such claim in such amount, except to the
> extent that—
>> (1)    such claim is unenforceable against the debtor and
>> property of the debtor, under any agreement or applicable
>> law for a reason other than because such claim is
>> contingent or unmatured . . . .

11 U.S.C. § 502(b)(1).  Section 502(b)(1) recognizes the settled principle that "[c]reditors'

entitlements in bankruptcy arise in the first instance from the underlying substantive law creating

the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy

Code." Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 450-51 (2007)

(citing Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15, 20 (2000)).  A claim against the bankruptcy

estate, therefore, "will not be allowed in a bankruptcy proceeding if the same claim would not be

enforceable against the debtor outside of bankruptcy." In re Combustion Eng'g, Inc., 391 F.3d

190, 245 (3d Cir. 2004).  In proceedings to determine whether a claim is enforceable against the

estate, "[t]he estate shall have the benefit of any defense available to the debtor as against any

entity other than the estate, including statutes of limitation, statutes of frauds, usury, and other

personal defenses" pursuant to section 558 of the Bankruptcy Code.  See 11 U.S.C. § 558.

14.    Here, there is no actionable "right to payment" that could be asserted

against Tribune set forth in either the Waller Claims or the underlying draft complaint.  The

Waller Claims are not allowable claims because such claims are unenforceable against Tribune

under applicable California law, which may govern the claims.[7]  Specifically, nothing in the

---

[7] Ms. Waller was, upon information and belief, a resident of California at the time during which the events described
in the draft complaint occurred, the PPI Contract states that it will be construed in accordance with California law,
and KTLA has its principal place of business in California.  Nothing herein is, or should be deemed to be, an

7

Waller Claims (particularly the draft complaint underpinning the Waller Claims) states any facts sufficient to constitute a cause of action against Tribune.  It is evident from the face of the Waller Claims that, had the draft complaint been filed against Tribune, that complaint could not have survived a motion to dismiss by Tribune.  See, e.g., Ludgate Ins. Co. v. Lockheed Martin Corp., 82 Cal. App. 4th 592, 608 (2000) (under California, law, although a complaint need not contain the entire basis for a plaintiff's lawsuit, the "California Supreme Court has consistently held that a plaintiff is required . . . to set forth the essential facts of his case with reasonable precision and with particularity sufficient to acquaint a defendant with the nature, source and extent of his cause of action.).

       15.     The draft complaint identifies Tribune as the "owner" of KTLA (see Exhibit A, draft complaint at ¶ 4),[8] but fails to identify any particular conduct on the part of Tribune with regard to Ms. Waller, much less any conduct that could support a cause of action either directly or indirectly against Tribune.[9]  The allegations throughout the draft complaint refer either to KTLA specifically, or "the defendants" generically.  There is no reason to believe that Tribune engaged in any of the conduct Ms. Waller ascribes to the "defendants."  For example, Ms. Waller asserts that she was informed that "defendants were not renewing [her] contract with them…."  (See Exhibit A, draft complaint at ¶ 14; see also draft complaint at ¶¶ 19, 24, and 27.)  Neither Tribune nor any of its employees were party to that discussion with Ms. Waller, the deliberations that resulted in KTLA's decision not to enter into a new contract with either PPI or

---

admission by either Tribune or KTLA that California law does control or a waiver by either Tribune or KTLA of any defenses based on jurisdiction, venue, or choice of law.

[8] KTLA is a third-level indirect subsidiary of Tribune.  KTLA's parent company is Tribune Broadcasting Company, and Tribune Broadcasting Company's parent is Tribune Broadcasting Holdco, LLC.  (See Bourgon Declaration at ¶ 5.)  The draft complaint filed with the Waller Claims makes no mention of these facts.

[9] The draft complaint identifies two of the named individual defendants, Mr. Moczulski and Mr. Charlier, as "management in Tribune."  (See Exhibit A, draft complaint at ¶ 7.)  However, neither of these individuals were or are employed by Tribune.  (See Bourgon Declaration at ¶ 6.)  The third named defendant, Mr. Zell, was the Chief Executive Officer of Tribune at the time the PPI Contract expired (id.), but the draft complaint does not allege any knowledge or conduct on the part of Mr. Zell that appears to have anything to do with the circumstances that are alleged by Ms. Waller as giving rise to the Waller Claims.

8

Ms. Waller after the PPI Contract expired, nor were they parties to the PPI Contract itself. (See Bourgon Declaration at ¶ 8.)  Secondly, the PPI Contract, by its terms, expired in October 2008. In other words, KTLA did not "terminate" the PPI Contract; the contract expired and was not renewed.  Even if KTLA did engage in actionable conduct—a conclusion that nothing in the complaint or the record provides any basis for—such conduct simply did not and could not give rise to liability on the part of Tribune.

16.     The Waller Claims against Tribune duplicate each other and each substantively duplicate Ms. Waller's claim asserted against KTLA, because they are claims filed by the same creditor on account of the same purported underlying liability or debt, which is sufficient to support disallowance of such claims pursuant to section 502(b)(1) of the Bankruptcy Code.  The Debtors should not be forced to face multiple claims on account of a single purported debt.  Ms. Waller will continue to hold Claim No. 4412 against KTLA, subject to KTLA's rights to object to such claim on any grounds in the future.

17.     Accordingly, for these cumulative reasons, the Waller Claims are not allowable claims against Tribune and are not entitled to any distribution in these chapter 11 cases.  The Debtors request that the Waller Claims be disallowed in their entirety and expunged. The Debtors also request that the Court authorize the Claims Agent to expunge the Waller Claims from the Claims Register as sought by this Objection so that the Claims Register reflects more accurately the claims asserted and outstanding against the Debtors.

**RESERVATION OF RIGHTS**

18.     For the reasons set forth herein, the Waller Claims should be disallowed by the Court because they fail to assert a cognizable right to payment from Tribune on their face. However, in the event the Court does not do so and wishes to have the Debtors respond in detail to the allegations contained in the Waller Claims, the Debtors assert numerous additional counterarguments and defenses to the Waller Claims, including, but not limited to:

9

46429/0001-8320694v1

i.    any claim that may be asserted against Tribune or KTLA on account of the PPI Contract should have properly been asserted by PPI and not by Ms. Waller, and PPI failed to file a proof of claim by the applicable Bar Date;

ii.    the PPI Contract was not terminated but instead expired of its own accord, and the presence of the express PPI Contract precludes any claim on account of an implied contract;

iii.    neither KTLA nor any other Debtor entity was obligated to enter into any new contract with PPI or Ms. Waller once the PPI Contract expired; and

iv.    Ms. Waller has not demonstrated that she has exhausted her necessary administrative remedies under California law.

19.    The Debtors reserve their rights to assert these counterarguments and any other defenses to the Waller Claims in the event the Waller Claims are not disallowed for the reasons set forth herein.  In addition, the Debtors reserve all rights to object to Claim No. 4412 on any applicable grounds.

## NOTICE

20.    Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel for the administrative agents for Tribune's prepetition loan facilities; (iv) counsel for the administrative agent for the Debtors' postpetition financing facility; (v) counsel for Marta Waller; and (vi) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

21.    No previous application for the relief sought herein has been made to this Court or to any other court.

10

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, pursuant to sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (i) disallowing in full and expunging the Waller Claims; (ii) directing the Claims Agent to expunge the Waller Claims from the Claims Register; and (iii) granting such other and further as the Court deems just and proper.

Dated: Wilmington, Delaware
      February 21, 2012

Respectfully submitted,

SIDLEY AUSTIN LLP
Bryan Krakauer
Kenneth P. Kansa
Jillian K. Ludwig
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

11

46429/0001-8320722v1