## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**Hearing Date: March 22, 2012 at 10:00 a.m. ET**
**Response Deadline: March 15, 2012 at 4:00 p.m. ET**

### DEBTORS' FIFTY-FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTIONS 502(b) AND 558 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003 AND 3007, AND LOCAL RULE 3007-1

> **Claimants receiving this Objection should locate their name(s) and claim number(s) on Schedule 1 attached hereto to learn which of the lettered exhibits, Exhibit A, Exhibit B, Exhibit C, Exhibit D, Exhibit E, Exhibit F, or Exhibit G contains the grounds for the objection pertaining to their claim(s) and the relief being sought by the Debtors.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

1

> **The relief sought herein is without prejudice to the Debtors' rights to pursue further substantive or non-substantive objections to the claims listed on <u>Exhibit A</u>, <u>Exhibit B</u>, <u>Exhibit C</u>, <u>Exhibit D</u>, <u>Exhibit E</u>, <u>Exhibit F</u>, or <u>Exhibit G</u> to this Objection.**

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "<u>Debtor</u>" and, collectively, the "<u>Debtors</u>"), by and through their undersigned counsel, hereby file this fifty-first omnibus objection (the "<u>Objection</u>"), which Objection covers each of the claims set forth on <u>Exhibit A</u>, <u>Exhibit B</u>, <u>Exhibit C</u>, <u>Exhibit D</u>, <u>Exhibit E</u>, <u>Exhibit F</u>, and <u>Exhibit G</u> attached hereto and to the proposed form of order submitted herewith (the "<u>Disputed Claims</u>"), pursuant to sections 502(b) and 558 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 3001, 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>").  By this Objection, the Debtors request the entry of an order modifying each of the Disputed Claims to disallow, reduce, reassign, change the priority of and/or change the classification of such claims, as indicated in further detail below.  In support of this Objection, the Debtors rely on the Declaration of John Rodden, Vice President of Tribune Company (the "<u>Rodden Declaration</u>"), attached hereto as <u>Exhibit H</u>.  In further support of the Objection, the Debtors respectfully state as follows:

**STATUS OF THE CASE AND JURISDICTION**

1.     On December 8, 2008 (the "<u>Petition Date</u>"), Tribune Company ("<u>Tribune</u>") and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

2

petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.  In all, the

Debtors comprise 111 entities.

2.	The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  [Docket

Nos. 43, 2333].

3.	The Debtors have continued in possession of their respective properties

and have continued to operate and maintain their businesses as debtors in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.

4.	On December 18, 2008, the Office of the United States Trustee appointed

an official committee of unsecured creditors in the Debtors' chapter 11 cases (the "Committee").

5.	The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this

Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought

herein are sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and

3007, and Local Rule 3007-1.

## FACTUAL BACKGROUND TO THE DEBTORS' CLAIMS PROCESS

6.	On March 23, 2009, the Debtors filed their schedules of assets and

liabilities and statements of financial affairs (Docket Nos. 567-789), which were subsequently

amended on April 13, 2009 (Docket Nos. 894-957), June 12, 2009 (Docket Nos. 1343-1453),

March 2, 2010 (Docket Nos. 3548-3599), May 14, 2010 (Docket Nos. 4388), and January 28,

2011 (Docket Nos. 7661-7671) (collectively, the "Schedules").[3]

---

[3] Tribune CNLBC, LLC filed its schedules of assets and liabilities and statements of financial affairs on October 12, 2009 (CNLBC Docket Nos. 8 and 9), which were subsequently amended on December 9, 2009 (Docket No. 2779), May 14, 2010 (Docket No 4389), and January 28, 2011 (Docket No. 7665).

CH1 6336079V.5

7.     On March 26, 2009, the Court entered an order (the "Bar Date Order") (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11 cases and (ii) approving the form and manner of notice of the Bar Date.[4]

8.     Written notice of the Bar Date was mailed to, among others, all known creditors listed on the Schedules, as amended, and the Bar Date Order was served on all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date Order.  In addition to mailing such actual notice, the Debtors also published notice of the Bar Date in the National Editions of the Wall Street Journal and the New York Times and in the Chicago Tribune and Los Angeles Times on May 12, 2009.

9.     To date, approximately 7,065 Proofs of Claim have been filed in these chapter 11 cases.  The Proofs of Claim are recorded on the official claims register (the "Claims Register") maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent").

## RELIEF REQUESTED

10.     By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1, granting the following relief with respect to the Disputed Claims:

   a) disallowing and expunging in their entirety each of the Disputed Claims identified on Exhibit A (the "No Liability Claims") on the basis that, after reconciling each of the No Liability Claims and supporting materials against their books and records, the Debtors have determined that they are not liable with respect to the

---

[4] The Bar Date for the filing of Proofs of Claim against Tribune CNLBC, LLC was July 26, 2010.  See Order Establishing Bar Date for Filing Proofs of Claim in the Tribune CNLBC, LLC Bankruptcy Case and Approving the Form and Manner of Notice Thereof entered on June 7, 2010 (Docket No. 4709).

4

claims identified in Exhibit A for the reasons specified on Exhibit A for each respective claim and/or in ¶¶ 15-20 of this Objection;

b) disallowing and expunging in their entirety each of the Disputed Claims identified on Exhibit B (the "Substantive Duplicate Claims") on the basis that each of the Substantive Duplicate Claims substantively duplicates the liability of another claim filed in the Debtors' chapter 11 cases and is thus not properly asserted;

c) reducing and/or fixing the value of each of the Disputed Claims identified on Exhibit C (the "Modified Amount Claims") to the dollar value listed under the column heading "Modified Amount," which corresponds to the amount the Debtors believe is owed by the applicable Debtor on account of the Modified Amount Claims after reconciling such claims with their books and records;

d) (i) reducing and/or fixing the value of each of the Disputed Claims identified on Exhibit D (the "Modified Amount, Modified Debtor Claims") to the dollar value listed under the column heading "Modified Amount," which corresponds to the amount the Debtors believe is owed by the applicable Debtor on account of the Modified Amount, Modified Debtor Claim after reconciling such claim with their books and records, and (ii) reassigning such claim to the Debtor listed under the column heading "Modified Debtor," which corresponds to the particular Debtor against which such claim is more properly asserted;

e) (i) reducing and/or fixing the value of the Disputed Claim identified on Exhibit E (the "Modified Amount, Modified Priority Claim") to the dollar value listed under the column heading "Modified Amount," which corresponds to the amount the Debtors believe is owed by the applicable Debtor on account of the Modified Amount, Modified Priority Claim after reconciling such claim with their books and records, and (ii) modifying the priority, in whole or in part, of such claim from priority to non-priority as indicated under the column heading "Modified Priority Status";

f) (i) modifying the priority, in whole or in part, of each of the Disputed Claims identified on Exhibit F (the "Modified Priority, Modified Debtor Claims") to non-priority, based on the Debtors' determination that the priority status asserted with respect to all or a portion of such claims is inaccurate, and (ii) reassigning each of such claims to the Debtor listed under the column heading "Modified Debtor," which corresponds to the particular Debtor that is liable for such claim; and

g) (i) reducing and/or fixing the value of the Disputed Claim identified on Exhibit G (the "Modified Amount, Modified Priority, Reclassified Claim") to the dollar value listed under the column heading "Modified Amount," which corresponds to the amount the Debtors believe is owed by the applicable Debtor on account of the Modified Amount, Modified Priority, Reclassified Claim after reconciling such claim with their books and records, (ii) modifying the priority, in whole or in part, of such claim from priority to non-priority as indicated under the column heading "Modified Priority Status," and (iii) reclassifying such claim from

5

secured to unsecured as indicated under the column heading "Modified Classification Status;" and

h)  authorizing the Claims Agent to modify each of the Disputed Claims on the Claims Register in accordance with the proposed Order.

This Objection complies with Local Rule 3007-1 in all respects.

## BASIS FOR OBJECTION

11.    This Objection is based on section 502(b)(1) of the Bankruptcy Code, which provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
> 
> (1)    such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1).

**A. No Liability Claims**

12.    In connection with their review of all Proofs of Claim filed to date against the Debtors' estates, the Debtors have identified fifteen (15) claims, in the aggregate face amount of $206,934.79 (plus unliquidated and/or undetermined amounts) as No Liability Claims.  The Debtors have diligently reviewed their books and records and have undertaken a reasonable investigation of the No Liability Claims based on the information, if any, provided in the applicable proofs of claim.  Based on that review, the Debtors believe that they are not liable for the No Liability Claims because the Debtors' books and records, which the Debtors believe to be accurate, do not reflect that any prepetition amounts are due and owing on account of the No Liability Claims.

6

13.    Section 502(b)(1) of the Bankruptcy Code recognizes the settled principle that "[c]reditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code." Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 450-51 (2007) (citing Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15, 20 (2000)).  A claim against the bankruptcy estate, therefore, "will not be allowed in a bankruptcy proceeding if the same claim would not be enforceable against the debtor outside of bankruptcy." In re Combustion Eng'g, Inc., 391 F.3d 190, 245 (3d Cir. 2004).  In proceedings to determine whether a claim is enforceable against the estate, "[t]he estate shall have the benefit of any defense available to the debtor as against any entity other than the estate, including statutes of limitation, statutes of frauds, usury, and other personal defenses" pursuant to section 558 of the Bankruptcy Code. See 11 U.S.C. § 558.

14.    The basis for the Objection to each of the No Liability Claims is set forth on Exhibit A hereto.  Additional information regarding the nature and basis for the Objection as to certain of the No Liability Claims identified on Exhibit A appears below.

**a.  Ammerdale Trust and David Kissi Claims**

15.    Mr. Kissi and his affiliated trust, Ammerdale Trust, each filed an unliquidated proof of claim against Tribune Company[5] on account of two prepetition civil lawsuits commenced by Mr. Kissi, pro se in the United States District Court for the District of Delaware (collectively, the "Kissi Litigation").  Copies of the complaints filed in connection

---

[5] Claim No. 1334 filed by Mr. Kissi states on its face that it is asserted against Tribune Company.  Claim No. 940 filed by Ammerdale Trust states on its face that it is asserted against "Chicago Tribune/Baltimore Sun" and bears the case number assigned to Debtor Chicago Tribune Company.  Because the claim was improperly asserted against multiple Debtors, contrary to this Court's Bar Date Order, the Claims Agent assigned the claim against Tribune Company on the official claims register.  For the reasons stated herein, the Debtors submit that neither Tribune Company, Chicago Tribune Company, nor The Baltimore Sun Company have any liability for such claim.

7

with the Kissi Litigation is appended to Claim No. 940 filed by Ammerdale Trust and Claim No. 1334 filed by Mr. Kissi.  The two complaints allege similar facts against substantially the same parties.  In brief, all of the claims and allegations made in the Kissi Litigation are directed against named defendant Pramco II, LLC ("Pramco"), which was the assignee of mortgages on property owned by Mr. Kissi and/or his corporation DK&R Company, Inc., which mortgages were personally guaranteed by Mr. Kissi and his wife.  After protracted legal proceedings between 2000 and 2003 in the United States Bankruptcy Court for the District of Maryland and the United States District Court for the District of Maryland, Pramco obtained summary judgment against Mr. Kissi on the guaranty of the mortgage loans.  Between 2003 and 2009, Mr. Kissi filed dozens of civil suits to challenge the decisions made by the Maryland bankruptcy court and district court regarding the loan guaranty, and appealed more than 60 times to the United States Court of Appeals for the Fourth Circuit.[6]  On October 10, 2003, the Maryland District Court issued an injunction prohibiting Mr. Kissi from filing any actions without leave from that court or from commencing any actions in any other court that constituted a collateral attack on any orders or judgments of that court.[7]

16.    The complaints at issue in Kissi Litigation were each filed by Mr. Kissi in the United States District Court for the District of Delaware.[8]  Nothing in either of the complaints filed in the Kissi Litigation, nor in the Debtors' books and records, indicates that any of the Debtors are or could be liable to Mr. Kissi or Ammerdale Trust for any amounts, for any reason.  Although Debtors Chicago Tribune Company and The Baltimore Sun Company are

---

[6] The procedural background for the Kissi Litigation recited here is derived from the Memorandum of Opinion and Order issued in Kissi v. Clement, No. 08-1784 (DCN) (N.D. Ohio, Oct. 2, 2008), which covered similar claims brought by Mr. Kissi.

[7] See Pramco II, LLC v. Kissi, No. 03-2241 (PJM) (D. Md. Oct. 10, 2003).

[8] See Kissi v. Pramco II LLC, et al., No. 08-833 (JJF) (D. Del. Nov. 1, 2008); Kissi v. Pramco II LLC, et al., No. 09-133 (JJF) (D. Del. Feb. 26, 2009).

purportedly named as defendants in the Kissi Litigation,[9] there are no allegations directed towards these Debtors or Tribune Company, the Debtor against which the Proofs of Claim were filed, in either complaint. Nor is Ammerdale Trust a party to the Kissi Litigation. In accordance with the injunction issued by the Maryland District Court, each of the complaints in the Kissi Litigation were subsequently transferred to the United States District Court for the District of Maryland,[10] which promptly dismissed each of the complaints upon receipt of transfer, in accordance with the injunction issued by that court.[11] Mr. Kissi unsuccessfully appealed the dismissals of each of the complaints to the United States Court of Appeals for the Fourth Circuit.[12]

17.     Based on the foregoing record, the complaints at issue in the Kissi Litigation have each been fully and finally disposed of by the Maryland District Court and the United States Court of Appeals for the Fourth Circuit, and no further actions or proceedings are possible. Accordingly, the Proofs of Claim filed by Mr. Kissi and Ammerdale Trust should be disallowed in their entirety and expunged.

---

[9] Whether any of the Debtors are named as defendants is ambiguous. The caption lists "Samuel Zeller [sic] Chicago Tribune Company" and "Timothy Ryan Baltimore Sun Company" as defendants. The docket in the Kissi Litigation reflects only Mr. Zell and Mr. Ryan as defendants. Mr. Zell is a director of Tribune Company (but is neither a director, officer, nor employee of Chicago Tribune Company). Mr. Ryan is the Publisher of the Baltimore Sun, a newspaper published by The Baltimore Sun Company. Tribune Company is not named as a defendant.

[10] See Memorandum Opinion, Kissi v. Pramco II LLC, et al., No. 08-833 (JJF) (D. Del. Jan. 28, 2009). That complaint was transferred to the United States District Court for the District of Maryland on February 5, 2009. See Kissi v. Pramco II LLC, et al., No. 09-267 (D. Md. Feb. 5, 2009). See also Memorandum Opinion, Kissi v. Pramco II LLC, et al., No. 09-133 (JJF) (D. Del. July 14, 2009). That complaint was transferred to the United States District Court for the District of Maryland on July 24, 2009. See Kissi v. Pramco II LLC, et al., No. 09-1934 (PJM) (D. Md. July 24, 2009).

[11] See Order on Dismissal, Kissi v. Pramco II LLC, et al., No. 09-267 (AW) (D. Md. Feb. 12, 2009); Order on Dismissal, Kissi v. Pramco II LLC, et al., No. 09-1934 (PJM) (D. Md. Aug. 11, 2009).

[12] The dismissal of the first complaint was affirmed by the United States Court of Appeals for the Fourth Circuit on November 23, 2010. See Kissi v. Pramco II LLC, et al., No. 09-6356 (4th Cir. Nov. 23, 2010). The appeal of the second complaint was dismissed by the United States Court of Appeals for the Fourth Circuit for failure to prosecute on November 5, 2010. See Kissi v. Pramco II LLC, et al., No. 09-7612 (4th Cir. Nov. 5, 2009).

### b.  Hoi Huynh Claim

18.    Ms. Huynh filed Claim No. 6662 on October 12, 2010, more than one year after the Bar Date, on account of prepetition litigation that she filed pro se in violation of the automatic stay against Debtor WGN Continental Broadcasting Company ("WGN").  On January 31, 2011, the United States District Court for the Northern District of Illinois dismissed the complaint as against all defendants pursuant to Federal Rule of Civil Procedure 12(b)(6).[13]  In addition, the court held that to the extent Ms. Huynh sought to assert claims against WGN for defamation, such claims could not be reasserted by Ms. Huynh because the applicable statute of limitations has expired.[14]  On March 10, 2011, the Illinois District Court denied all further pending motions filed by Ms. Huynh.[15]  The Illinois District Court entered orders on April 18, 2011 and May 6, 2011 denying Ms. Huynh's motion to vacate and reconsider, respectively, the dismissal of the complaint.[16]  Ms. Huynh unsuccessfully appealed the dismissals of the complaint to the United States Court of Appeals for the Seventh Circuit.

19.    Based on the foregoing record, the complaint at issue with respect to Claim No. 6662 of Ms. Huynh has been fully and finally disposed of by the Illinois District Court and the United States Court of Appeals for the Seventh Circuit, and no further actions or proceedings are possible.  Moreover, Claim No. 6662 was filed well after the expiration of the Bar Date established by this Court, without leave to file a late proof of claim.  Accordingly, Claim No. 6662 of Ms. Huynh should be disallowed in its  entirety and expunged.[17]

---

[13] See Memorandum Opinion and Order, Huynh v. Rivera et al., No. 10-194 (RD) (N.D. Ill. Jan. 31, 2011).

[14] Id. citing 735 ILCS 5/13-201 (Illinois statute of limitations for defamation actions is one year).

[15] See Huynh v. Rivera et al., No. 10-194 (RD) (N.D. Ill. Mar. 10, 2011).

[16] See Huynh v. Rivera et al., No. 10-194 (RD) (N.D. Ill. April 18, 2011 and May 6, 2011).

[17] See See Huynh v. Rivera et al., No. 11-2142 (7th Cir. June 14, 2011).

### c.  **TWTR and Whitehall Claims**

20.     The five (5) Proofs of Claim asserted by TWTR, Inc. and by Whitehall

Jewelers Holdings, Inc. each relate to purported liabilities under section 547 of the Bankruptcy

Code for transfers made to the respective Debtors within 90 days of the filing of the claimants'

respective bankruptcy petitions.  However, in neither instance did the claimants file an adversary

proceeding to seek avoidance and recovery of the subject transfers pursuant to section 547 of the

Bankruptcy Code within the two-year limitations period set forth in section 546(a) of the

Bankruptcy Code.  Nor did the Debtors agree to toll the applicable statute of limitations for the

purposes of permitting the creditors to file an avoidance action after the expiration of the statute

of limitations applicable to their bankruptcy proceedings.[18]  Accordingly, none of the purported

preference payments reflected in the Proofs of Claim filed by TWTR, Inc. and Whitehall

Jewelers Holdings, Inc. may be pursued or recovered from the Debtors.  The Debtors request that

such claims be disallowed in their entirety and expunged.

21.     Failure to disallow the No Liability Claims would result in the applicable

claimants receiving an unwarranted recovery against the estate of the applicable Debtor(s), to the

detriment of other creditors in these cases.  Accordingly, the Debtors object to the allowance of

each of the No Liability Claims set forth on Exhibit A for the reasons specified on Exhibit A for

each respective claim and request that such No Liability Claims be disallowed in their entirety

and expunged.  The Debtors also request that the Court authorize the Claims Agent to expunge

the No Liability Claims from the Claims Register as sought by this Objection so that the Claims

Register reflects more accurately the claims legitimately asserted and outstanding against the

Debtors.

---

[18] The chapter 11 petition of TWTR, Inc. was filed on June 11, 2007 and the limitations period expired on or about June 11, 2009.  The chapter 11 petition of Whitehall Jewelers Holdings, Inc. was filed on June 23, 2008 and expired on or about June 23, 2010.

CH1 6336079V.5

## B.  Substantive Duplicate Claims

22.    After reviewing their books and records and the Proofs of Claim filed in these chapter 11 cases, the Debtors have identified three (3) Proofs of Claim, in the aggregate face amount of $1,204.69,[19] each of which is a substantive duplicate of one or more other claims filed by or on behalf of the same claimant in respect of the same liabilities, which is sufficient to support disallowance of the Substantive Duplicate Claims pursuant to section 502(b)(1) of the Bankruptcy Code.

23.    The Substantive Duplicate Claims addressed by this Objection are set forth under the column heading "Claims To Be Disallowed" on Exhibit B.  Each of the Substantive Duplicate Claims on Exhibit B falls into one of the following sub-categories of Claims: (i) the claim appears to have been amended and superseded by a later-filed claim filed by the same creditor (but the creditor has not indicated on the face of the Proof of Claim that an amendment was intended by checking the applicable box); or (ii) the claim appears to have the same basis for liability as another claim filed by the same creditor and the Debtors have determined that no liability is owed by the Debtor set forth under the column heading "Claims To Be Disallowed."

24.    The Debtors should not be required to pay a claimant twice on the same obligation or debt.  Elimination of redundant claims will enable the Claims Register to reflect more accurately the claims properly asserted against the Debtors.  Accordingly, the Debtors seek to disallow in full and expunge the Substantive Duplicate Claims and thereby (i) prevent the claimants from obtaining a double recovery on account of any single obligation and (ii) limit the

---

[19] Certain of the Substantive Duplicate Claims assert unliquidated and/or undetermined amounts.  The Debtors have attempted, where possible, to identify such claims on Exhibit B.  This Objection (i) shall not preclude a claimant from pursuing the allowance of Surviving Claims, including any unliquidated and/or undetermined amounts asserted therein, and (ii) shall not preclude the Debtors from objecting to such Surviving Claims, including any unliquidated and/or undetermined amounts asserted therein.

claimants to a single claim for those amounts currently asserted by the claimant in respect of the same liabilities.

25.    If this Objection is sustained, the claims listed under the column heading "Surviving Claims" on Exhibit B will remain on the Claims Register (the "Surviving Claims") as outstanding liabilities, subject to the Debtors' right to object on any other grounds that bankruptcy or non-bankruptcy law permits or until a particular Surviving Claim is withdrawn by the claimants or disallowed by the Court. See, e.g., 11 U.S.C. § 502(a). Holders of the Substantive Duplicate Claims will suffer no prejudice if the relief requested herein is granted because the Surviving Claims listed on Exhibit B will be unaffected by the relief sought in this Objection, and the claimants' rights to assert those liabilities against the estate(s) of the correct Debtor(s) will be preserved, subject to the Debtors' ongoing rights to object to the Surviving Claims on any other applicable grounds, including other grounds set forth in the Debtors' subsequent Omnibus Objections.

**C.  Modified Amount Claims**

26.    After reviewing their books and records and the Proofs of Claim filed in these chapter 11 cases, the Debtors have identified the three (3) Modified Amount Claims on Exhibit C hereto, in the aggregate face amount of $330,616.52 (including certain undetermined amounts), each of which is either (i) asserted in an amount that is higher than the amount of liability reflected in the Debtors' books and records, or (ii) is asserted in an amount that is partially or entirely undetermined; however, the documentation filed in support of such claim and/or the Debtors' books and records reflect an amount that the Debtors agree is owed. If the relief requested herein is granted, the Modified Amount Claims on Exhibit C will be reduced and/or fixed at and allowed in the aggregate amount of $330,213.15, at the dollar value listed for each such claim under the column heading "Modified Amount."

13

### D. Modified Amount, Modified Debtor Claims

27.     After reviewing their books and records and the Proofs of Claim filed in these chapter 11 cases, the Debtors have identified three (3) Modified Amount, Modified Debtor Claims on Exhibit D hereto, in the amount of $163,743.14, each of which is (a) asserted in an amount that is higher than the amount of liability reflected in the Debtors' books and records for the reasons stated for each such claim under the column heading "Reason for Modification" and (b) failed to identify the correct Debtor against which the claim is properly asserted. If the relief requested herein is granted, the Modified Amount, Modified Debtor Claims on Exhibit D will be reduced and/or fixed at and allowed in the aggregate amount of $131,284.75, at the dollar value listed for each such claim under the column heading "Modified Amount."

28.     The Debtors seek to modify the Debtor on the Modified Amount, Modified Debtor Claims because such claim was asserted against a particular Debtor; however, upon review of the documentation supporting the Proofs of Claim and their own books and records, the Debtors have determined that such claims are more properly asserted against a different Debtor.  The Debtors propose that the Modified Amount, Modified Debtor Claims be modified to specify that the claim is asserted against the particular Debtor that is (i) scheduled as having corresponding liability to the creditor, (ii) identified in the claimant's own supporting documentation attached to the claim; and/or (iii) reflected in the Debtors' books and records as having liability to the creditor, as indicated on Exhibit D under the column heading "Modified Debtor."  In one instance, as noted on Exhibit D, the Debtors propose to allocate the claimant's claim to more than one Debtor, in the amounts specified therein.  This re-allocation of certain claim amounts is based upon the Debtors' review of the supporting documentation attached to the claim, including in instances where invoices against more than one Debtor were appended to a single Proof of Claim.

14

**E. Modified Amount, Modified Priority Claim**

29.     After reviewing their books and records and the Proofs of Claim filed in these chapter 11 cases, the Debtors have identified one (1) Modified Amount, Modified Priority Claim on Exhibit E hereto, in the amount of $160.00, which claim was asserted in an amount that is higher than the amount of liability reflected in the Debtors' books and records and asserted that the claim is entitled to priority status under section 507(a)(8) of the Bankruptcy Code, which the Debtors have determined is inaccurate.

30.     Specifically, the Debtors have determined that the Modified Amount, Modified Priority Claim is not entitled, under the Bankruptcy Code or applicable non-bankruptcy law, to the priority set forth in the Proof of Claim. The Claim asserts priority pursuant to section 507(a)(8) of the Bankruptcy Code; however, the charge is related to a parking violation that does not give rise to priority status. As a result, the Debtors believe that the priority of the Modified Amount, Modified Priority Claim should be modified from priority to non-priority as indicated under the column heading "Modified Priority Status" on Exhibit E.

31.     The relief requested in this Objection is necessary to permit the Debtors to reconcile their Claims Register so that it accurately reflects the total liability asserted against each particular Debtor in these chapter 11 cases at the appropriate priority. If the relief requested herein is granted, the Modified Amount, Modified Priority Claim on Exhibit E will be reduced and allowed as a general unsecured claim in the amount of $80.00.

**F.      Modified Priority, Modified Debtor Claims**

32.     After reviewing their books and records and the Proofs of Claim filed in these chapter 11 cases, the Debtors have identified the two (2) Modified Priority, Modified Debtor Claims on Exhibit F hereto as claims that (a) have been asserted by their holders as being entitled to priority, but for which the Debtors have determined there is no basis in fact and/or law

· 15

for such treatment; and (b) failed to specify a particular Debtor or failed to identify the correct Debtor against which the claim is properly asserted. The Debtors have no objection to the amount of such claims.

33.     Specifically, the Debtors have determined that the Modified Priority, Modified Debtor Claims are not entitled, under the Bankruptcy Code or applicable non-bankruptcy law, to the priority set forth in the Proof of Claim. In one instance, neither the documentation submitted with the Proof of Claim nor the Debtors' books and records support the asserted statutory basis for priority. In the second instance, the claimant asserted priority pursuant to section 503(b)(9) of the Bankruptcy Code, yet the face of the claim indicates that it was filed on account of utilities, and not to goods.

34.     In addition, the Debtors seek to modify the Debtor against which the Modified Priority, Modified Debtor Claims are asserted because either the applicable line on the Proof of Claim was left blank and no Debtor was specified or the claim was asserted against a particular Debtor; however, upon review of the documentation supporting the Proofs of Claim and their own books and records, the Debtors have determined that such claim is more properly asserted against a different Debtor. The Debtors propose that the Modified Priority, Modified Debtor Claims be modified to specify that the claim is asserted against the particular Debtor that is (i) scheduled as having corresponding liability to the claimant, (ii) identified in the claimant's own supporting documentation attached to the claim; and/or (iii) reflected in the Debtors' books and records as having liability to the claimant, as indicated on Exhibit F under the column heading "Modified Debtor."

**G. Modified Amount, Modified Priority, and Reclassified Claim**

35.     After reviewing their books and records and the Proofs of Claim filed in these chapter 11 cases, the Debtors have identified one (1) Modified Amount, Modified Priority,

16

and Reclassified Claim on <u>Exhibit G</u> hereto, in the amount of $680.00.  The Debtors believe that

the Modified Amount, Modified Priority, and Reclassified Claim was intended to be filed in the

amount of $340.00, and the Debtors do not dispute that amount.  However, because the Proof of

Claim states on its face a priority claim in the amount of $340.00 and a secured claim in the

amount of $340.00, the Claims Register shows double the amount that is actually due to the

claimant.

      36.     In addition, the claimant has asserted priority under section 507(a)(4) of

the Bankruptcy Code, but the claimant is not an employee and the claim is not on account of

wages earned within 180 days before the Petition Date, or otherwise entitled to priority pursuant

to section 507(a)(4).  As a result, the Debtors believe that the priority of the Modified Amount,

Modified Priority, Reclassified Claim should be modified from priority to non-priority as

indicated under the column heading "Modified Priority Status" on <u>Exhibit G</u>.

      37.     Finally, the claimant has provided no evidence of a perfected lien or

security interest that would support the assertion of the Proof of Claim as secured.  Accordingly,

the Debtors request that the Modified Amount, Modified Priority, Reclassified Claim be

modified from secured to unsecured as indicated under the column heading "Modified Priority

Status" on <u>Exhibit G</u>.

**RESERVATION OF RIGHTS**

      38.     The Debtors hereby reserve their right to amend, modify, and/or

supplement this Objection at any time prior to the hearing on this Objection.  The Debtors further

reserve their right to adjourn the hearing on this Objection as it pertains to any or all of the No

Liability Claims.  In the event that the Debtors so adjourn the hearing, they will state that the

hearing on the Objection and/or any response filed in connection therewith and/or all applicable

17

deadlines for responsive pleadings have been adjourned on the agenda for the hearing, which agenda will be served on any party affected by such adjournment.

39.    The Debtors reserve their rights to object, on substantive or non-substantive grounds, to any of the claims identified on Exhibit B as "Surviving Claims," which claims are not proposed to be modified by this Objection.

## NOTICE

40.    Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel for the administrative agents for Tribune Company's prepetition loan facilities; (iv) counsel for the administrative agent for the Debtors' postpetition financing facility; (v) the claimants listed on Exhibit A, Exhibit B, Exhibit C, Exhibit D, Exhibit E, Exhibit F, and Exhibit G; and (vi) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

41.    No previous application for the relief sought herein has been made to this Court or to any other court.

CH1 6336079V.5

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, (i) modifying each of the Disputed Claims to disallow, reduce, reassign, change the priority of, and/or change the classification of such claims, as set forth on Exhibit A, Exhibit B, Exhibit C, Exhibit D, Exhibit E, Exhibit F, and Exhibit G; (ii) directing the Claims Agent to modify the Claims Register to comport with the relief requested herein; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
     February 21, 2012

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kenneth P. Kansa
Jillian K. Ludwig
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

CHI 6336079V.5