## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Hearing Date: March 22, 2012 at 2:30 p.m. ET<br>Objection Deadline: March 15, 2012 at 4:00 p.m. ET |

### DEBTORS' FIFTY-SECOND OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL RULE 3007-1

> **Claimants receiving this objection should locate their name(s) and claim number(s) on <u>Schedule 1</u>, to learn which of the lettered exhibits, <u>Exhibit A</u>, <u>Exhibit B</u>, <u>Exhibit C</u>, <u>Exhibit D</u>, or <u>Exhibit E</u> contains the grounds for objection pertaining to their claim(s) and the relief being sought by the Debtors.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

> **The relief sought herein is without prejudice to the Debtors' rights to pursue further substantive or non-substantive objections against the claims listed <u>Exhibit A</u>, <u>Exhibit B</u>, <u>Exhibit C</u>, <u>Exhibit D</u> and <u>Exhibit E</u> to this Objection.**

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "<u>Debtor</u>" and collectively the "<u>Debtors</u>"), by and through their undersigned counsel, hereby submit this fifty-second omnibus objection to claims (the "<u>Objection</u>"), which Objection covers each of the claims (the "<u>Disputed Claims</u>") identified on <u>Exhibit A</u>, <u>Exhibit B</u>, <u>Exhibit C</u>, <u>Exhibit D</u> and <u>Exhibit E</u> attached hereto and to the proposed form of order submitted herewith, pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>").  By this Objection, the Debtors request the entry of an order disallowing and/or modifying each of the Disputed Claims as set forth on <u>Exhibit A</u>, <u>Exhibit B</u>, <u>Exhibit C</u>, <u>Exhibit D</u> and <u>Exhibit E</u> and as indicated in further detail below.  In support of this Objection, the Debtors rely on the declaration of John Rodden, Vice President of Tribune Company (the "<u>Rodden Declaration</u>"), attached hereto as <u>Exhibit F</u>.  In further support of this Objection, the Debtors respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1.          On December 8, 2008 (the "<u>Petition Date</u>"), Tribune Company ("<u>Tribune</u>") and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.  In all, the Debtors comprise 111 entities.

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

2.      The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  (D.I. 43, 2333.)

3.      The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee").

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought herein are section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1.

## FACTUAL BACKGROUND TO THE OBJECTION

6.      On March 23, 2009, the Debtors filed their schedules of assets and liabilities and statements of financial affairs (D.I. 567-789), which were subsequently amended on April 13, 2009 (D.I. 894-957), June 12, 2009 (D.I. 1343-1453), March 2, 2010 (D.I. 3548-3599), May 14, 2010 (D.I. 4388), and January 28, 2011 (D.I. 7661-7671) (collectively, the "Schedules").[3]

7.      On March 26, 2009, the Court entered an order (the "Bar Date Order") (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising

---

[3] Tribune CNLBC, LLC filed its schedules of assets and liabilities and statements of financial affairs on October 12, 2009 (CNLBC D.I. 8 and 9), which were subsequently amended on December 9, 2009 (D.I. 2779), May 14, 2010 (D.I. 4389), and January 28, 2011 (D.I. 7665).

3

on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11 cases and (ii) approving the form and manner of notice of the Bar Date.[4]

8.      The Bar Date Order granted any claimants holding a claim affected by amendments to the Schedules and any claimants holding a claim relating to a Debtor's rejection of an executory contract or unexpired lease an additional 30 days from the applicable amendment or supplement to the Schedules or effective date of rejection to file a Proof of Claim or amend a previously filed Proof of Claim in connection therewith.

9.      Written notice of the Bar Date was mailed to, among others, all known creditors listed on the Schedules, as amended, and the Bar Date Order was served on all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date Order.  In addition to mailing such actual notice, the Debtors also published notice of the Bar Date in the National Editions of the *Wall Street Journal* and the *New York Times* and in the *Chicago Tribune* and *Los Angeles Times* on May 12, 2009.

10.      To date, approximately 7,065 Proofs of Claim have been filed in these chapter 11 cases.  The Proofs of Claim are recorded on the official claims register (the "Claims Register") maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent").

### RELIEF REQUESTED

11.      By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1, granting the following relief with respect to the Disputed Claims:

---

[4]  The Bar Date for the filing of Proofs of Claim against Tribune CNLBC, LLC was July 26, 2010.  See Order Establishing Bar Date for Filing Proofs of Claim in the Tribune CNLBC, LLC Bankruptcy Case and Approving the Form and Manner of Notice Thereof entered on June 7, 2010 (D.I. 4709).

46429/0001-8321113v1

(a) disallowing in full and expunging each of the claims identified on <u>Exhibit A</u> (the "<u>Amended Claims</u>") as claims that have been amended and superseded by one or more claim(s) subsequently filed against the same Debtor by or on behalf of the same claimant in respect of the same liabilities;

(b) disallowing in full and expunging the claim identified on <u>Exhibit B</u> (the "<u>Duplicate Claim</u>") as a claim that exactly duplicates another claim filed on account of the same debt, in the same amount, against the same Debtor, and by the same creditor;

(c) disallowing in full and expunging each of the claims identified on <u>Exhibit C</u> (the "<u>Late-Filed Claims</u>") as claims that were filed after the applicable Bar Date established in these chapter 11 cases;

(d) modifying each of the claims identified on <u>Exhibit D</u> (the "<u>Modified Debtor Claims</u>") to reassign each of such claims to the Debtor listed under the column heading "Modified Debtor(s)," which corresponds to the particular Debtor(s) that is/are liable for such claims;

(e) disallowing in full and expunging the claim identified on <u>Exhibit E</u> (the "<u>Insufficient Documentation Claim</u>") as a claim that was filed with insufficient supporting documentation to substantiate the claim and as to which the Debtors' books and records do not demonstrate any basis for the claim; and

(f) authorizing the Claims Agent to modify each of the Disputed Claims on the Claims Register in accordance with the proposed order.

12.    This Objection complies in all respects with Local Rule 3007-1.

## BASIS FOR OBJECTION

13.    This Objection is filed pursuant to section 502(b) of the Bankruptcy Code,

which provides, in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
>
> (1)    such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured

. . . .

> (9)    proof of such claim is not timely filed, except to the
> extent tardily filed as permitted under paragraph (1), (2), or
> (3) of section 726 (a) of this title or under the Federal Rules
> of Bankruptcy Procedure, except that a claim of a
> governmental unit shall be timely filed if it is filed before
> 180 days after the date of the order for relief or such later
> time as the Federal Rules of Bankruptcy Procedure may
> provide . . . .

11 U.S.C. § 502(b)(1), (9).

A.    **Amended Claims**

14.    Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified the two (2) Amended Claims listed on Exhibit A, in the aggregate amount of $2,619.02, as filed claims that have each been amended and superseded by a subsequently-filed claim by the same claimant on account of the same liability. The relief requested in this Objection is necessary to prevent the allowance of the Amended Claims, each of which has been superseded and remains on the Claims Register only as a technicality. Accordingly, the Debtors seek to disallow in full and expunge the Amended Claims and thereby (i) prevent the claimants from obtaining a double recovery on account of any single obligation and (ii) limit the claimants to a single claim for those amounts currently asserted by the claimant in respect of the same liabilities.

15.    The claims set forth under the column heading "Surviving Claims" on Exhibit A (the "Surviving Claims") represent the claims that were subsequently filed by or on behalf of the claimants in respect of the same liabilities as the Amended Claims, as so indicated on the face of the Surviving Claims. The Surviving Claims have thus amended and superseded the Amended Claims. By filing the Surviving Claims, the claimants liquidated or otherwise modified the liability originally identified in the Amended Claims. Thus, the elimination of the

6

Amended Claims is consistent with the apparent intent of the claimants in filing the Surviving

Claims.

16.     The Surviving Claims identified on <u>Exhibit A</u> will remain on the Claims

Register as outstanding liabilities, subject to the Debtors' right to object on any grounds that

bankruptcy or nonbankruptcy law permits or until withdrawn by the claimants or disallowed by

the Court. <u>See generally</u> 11 U.S.C. § 502(a). In other words, the Surviving Claims will be

unaffected by the relief sought in this Objection, and the claimants' rights to assert these

liabilities against the relevant Debtors' estates will be preserved, subject to the Debtors' ongoing

rights to object to the Surviving Claims on any other applicable grounds.

**B.      Duplicate Claim**

17.     Upon review of the Proofs of Claim filed against the Debtors in these

chapter 11 cases, the Debtors have identified the Duplicate Claim listed on <u>Exhibit B</u>, in the

amount of $315.00, as a filed claim that is an exact duplicate of another claim filed by the same

claimant in respect of the same liability. The Debtors should not be required to pay a claimant

twice on the same obligation or debt. Moreover, elimination of redundant claims will enable the

Claims Register to reflect more accurately the claims asserted against the Debtors. Accordingly,

the Debtors seek to disallow in full and expunge the Duplicate Claim and thereby (i) prevent the

claimant from obtaining a double recovery on account of any single obligation and (ii) limit the

claimant to a single claim for those amounts currently asserted by the claimant in respect of the

same liability.

18.     The Surviving Claim identified on <u>Exhibit B</u> will remain on the Claims

Register as an outstanding liability, subject to the Debtors' right to object on any grounds that

bankruptcy or nonbankruptcy law permits or until withdrawn by the claimant or disallowed by

the Court. <u>See generally</u> 11 U.S.C. § 502(a). In other words, the Surviving Claim will be

unaffected by the relief sought in this Objection, and the claimant's rights to assert that liability against the relevant Debtor's estate will be preserved, subject to the Debtor's ongoing rights to object to the Surviving Claim on any other applicable grounds.

**C.**      <u>**Late-Filed Claims**</u>

19.      Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified the four (4) Late-Filed Claims listed on <u>Exhibit C</u>, in the aggregate amount of $78,277.65, as claims that were filed after the applicable Bar Date (based on the date of filing shown on the face of the Late-Filed Claims, as indicated on the <u>Exhibit C</u> under the column heading "Date Filed"), and because there is no basis under the Bar Date Order to accept such claims as timely. Each of the Late-Filed Claims listed in <u>Exhibit C</u>: (i) arose prior to the Petition Date; (ii) was filed by or on behalf of a creditor who was served with the Bar Date Notice directly or through their respective counsel; (iii) was subject to the requirement that Proofs of Claim be filed no later than the applicable Bar Date (as well as in accordance with the other provisions of the Bar Date Order); and (iv) was nonetheless filed after the applicable Bar Date, as indicated by the date identified in the column labeled "Filed Date" in <u>Exhibit C</u>. None of the creditors holding the claims identified on <u>Exhibit C</u> has obtained relief from the Court pursuant to Rule 9006 of the Bankruptcy Rules to file a late Proof of Claim.

20.      Accordingly, the Late-Filed Claims listed in <u>Exhibit C</u> are untimely under the Bar Date Order and should be disallowed in their entirety pursuant to section 502(b)(9) of the Bankruptcy Code. A failure by the Debtors to seek and obtain disallowance of the Late-Filed Claims could result in the filing of additional Late-Filed Claims, undermining the certainty that is intended to be afforded by the Bar Date Order and negatively affecting the Debtors' legitimate creditors whose claims were either listed on the Schedules or who complied with the Bar Date Order.

**D.**    **Modified Debtor Claims**

21.    Upon review of the Proofs of Claim filed against the Debtors in these

chapter 11 cases, the Debtors have identified the six (6) Modified Debtor Claims listed on

Exhibit D as claims that failed to specify a particular Debtor or failed to identify the correct

Debtor against which the claim is properly asserted.

22.    In general, the Debtors seek to modify the Debtor on the Modified Debtor

Claims because such Claims were asserted against a particular Debtor; however, upon review of

the documentation supporting the Proofs of Claim and their own books and records, the Debtors

have determined that the liability for such claims is properly owed by one or more different

Debtors.  In certain instances, the claimant identified the correct name of the subsidiary Debtor

to which the claim related, but listed the case number for Tribune Company, resulting in the

automatic recording of such Proof of Claim against Tribune Company on the Claims Register by

the Claims Agent.  In one instance, as noted on Exhibit D, the Debtors propose to allocate the

claimant's claim to more than one Debtor, in the amounts specified therein.  This re-allocation of

certain claim amounts is based upon the Debtors' review of the supporting documentation

attached to the claim, including in instances where invoices against more than one Debtor were

appended to a single Proof of Claim.

23.    The Debtors propose that the Modified Debtor Claims be modified to

specify that the claim is asserted against the particular Debtor that is (i) scheduled as having

corresponding liability to the creditor, (ii) identified in the claimant's own supporting

documentation attached to the claim; and/or (iii) reflected in the Debtors' books and records as

having liability to the creditor, as indicated on Exhibit D under the column heading "Modified

Debtor."  The re-allocation of claim amounts to the particular Debtor having corresponding

liability to the creditor does not in any way affect the aggregate amount of the claim asserted and

the Debtors reserve all rights to file future objections to such claims based on validity or amount.

24.    The relief requested in this Objection is necessary to permit the Debtors to

reconcile their Claims Register so that it accurately reflects the total liability asserted against

each particular Debtor in these chapter 11 cases.  If the relief requested herein is granted, the

Modified Debtor Claims on Exhibit D will be modified so that such claims are properly asserted

against the Debtor specified under the column heading "Modified Debtor."

**E.    Insufficient Documentation Claim**

25.    Upon review of the Proofs of Claim filed against the Debtors in these

chapter 11 cases, the Debtors have identified the Insufficient Documentation Claim listed on

Exhibit E, in the amount of $2,080.00, as a claim that was filed without sufficient documentation

to substantiate the claim as required by Bankruptcy Rule 3001.  No supporting documentation

was attached to the Insufficient Documentation Claim, nor do the Debtors' books and records

reflect that any amount was owed to the claimant by WGN Continental Broadcasting Company or

any other Debtor as of the Petition Date.  The Insufficient Documentation Claim therefore fails to

provide prima facie evidence of the validity and amount of the claim, as required by section 502

of the Bankruptcy Code and Bankruptcy Rule 3001(f).

26.    The Debtors have reviewed their books and records and, after reasonable

efforts, have been unable to locate any documentation that would substantiate the Insufficient

Documentation Claim set forth on Exhibit E, whether in full or in part.  Accordingly, the Debtors

object to the allowance of the Insufficient Documentation Claim and request that such Claim be

disallowed in its entirety and expunged.  The Debtors also request that the Court authorize the

Claims Agent to expunge the Insufficient Documentation Claim from the Claims Register as

46429/0001-8321113v1

sought by this Objection so that the Claims Register reflects more accurately the claims asserted and outstanding against the Debtors.

## RESERVATION OF RIGHTS

27.     The Debtors hereby reserve their right to amend, modify, and/or supplement this Objection, including to object to any of the Proofs of Claim listed on Exhibit A, Exhibit B, Exhibit C, Exhibit D and Exhibit E to this Objection on any additional grounds, prior to the hearing on this Objection.  Additionally, with respect to the Modified Debtor Claims on Exhibit D, the Debtors reserve their right to object to such claims in the future on any applicable grounds.  Separate notice and hearing will be provided and scheduled, respectively, for any such objection.

28.     Notwithstanding anything contained in this Objection or in Exhibit A, Exhibit B, Exhibit C, Exhibit D or Exhibit E attached to this Objection, nothing herein shall be construed as a waiver of any rights that the Debtors may have to exercise their rights of setoff against the holders of claims subject to this Objection.

29.     The Debtors further reserve their right to adjourn the hearing on this Objection as it pertains to any or all of the Disputed Claims.  In the event that the Debtors so adjourn the hearing, they will state that the hearing on the Objection and/or any response filed in connection therewith and/or all applicable deadlines for responsive pleadings have been adjourned on the agenda for the hearing, which agenda will be served on any party affected by such adjournment.

## NOTICE

30.     Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel for the administrative agents for Tribune Company's prepetition loan facilities; (iv) counsel for the administrative agent for the

46429/0001-8321113v1

Debtors' postpetition financing facility; (v) the claimants listed on Exhibit A, Exhibit B, Exhibit C, Exhibit D and Exhibit E; and (vi) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001 and 3007, and Local Rule 3007-1, (i) disallowing in full the Amended Claims set forth on Exhibit A; (ii) disallowing in full the Duplicate Claim set forth on Exhibit B; (iii) disallowing in full the Late-Filed Claims set forth on Exhibit C; (iv) modifying the Modified Debtor Claims set forth on Exhibit D; (v) disallowing in full the Insufficient Documentation Claim set forth on Exhibit E; (vi) authorizing the Claims Agent to expunge the Amended Claims, Duplicate Claims, Late-Filed Claims, and Insufficient Documentation Claims from the Claims Register and modifying the Modified Debtor Claims on the Claims Register; and (vii) granting such other and further relief as the Court deems just and proper.

46429/0001-8321113v1

Dated: Wilmington, Delaware
      February 21, 2012

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kenneth P. Kansa
Jillian K. Ludwig
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

      -and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION