IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors, | Jointly Administered |
| | Related to Docket N. 10472 |

**REPLY TO THE LIMITED OBJECTION TO THE MOTION OF ANTHONY CONTE FOR (I) RELIEF FROM THE AUTOMATIC STAY AS TO MEDIA LIABILITY INSURANCE POLICY AND (II) MODIFICATION OF TRIBUNE COMPANY'S SCHEDULES OF ASSETS AND LIABILITIES**

Anthony Conte, moving this Court pro se, hereby files this reply to the limited objection to his pending motion seeking an order (i) granting relief from the automatic stay to permit the payment of proceeds from the media liability insurance policy that covers the claims asserted in the pending civil action commenced by him against Non-Debtor Tribune ND, Inc. in the United States District Court for the Eastern District of New York entitled Conte v. Newsday, Inc., et al., No. 06-Civ-4859 (JFB)(ETB) (the "Conte Litigation") and (ii) directing the Debtors to modify the schedules of assets and liabilities filed by Tribune to strike any reference to Anthony Conte as a creditor of Tribune. In further support of his previously submitted motion papers and in reply to the Debtor's opposition papers, Anthony Conte declares as follows.

1. Since the Debtors do not object to part (i) of Anthony Conte's motion requesting relief from the automatic stay to permit the payment of proceeds from the media liability insurance policy that covers the claims asserted in his pending civil action commenced against Non-Debtor Tribune ND, Inc., Anthony Conte respectfully requests that the portion of the attached Order lifting the stay as to that insurance policy be granted by the Court.

2. As to part (ii) of Anthony Conte's motion respectfully requesting that the Debtors modify the schedules of assets and liabilities filed by Tribune to strike any reference to Anthony Conte as a creditor of Tribune, Anthony Conte respectfully requests that the Debtors opposition to that part of the motion and the portion of Debtor's proposed order attached to their opposition papers be denied and that Anthony Conte's name as a creditor be stricken from Tribune's asset and liability schedules.

3. Anthony Conte states that the statements made by the Debtor in paragraphs 2 and 3 of their opposition papers as to Anthony Conte's claims against Newsday, Inc., now known as Tribune ND., Inc., are true and that although Tribune ND denies the allegations made against it by Mr. Conte, it has in fact affirmatively and publicly admitted to engaging in a massive circulation fraud that harmed Mr. Conte's publishing and advertising distribution business that is the subject of those claims. In fact this acknowledgement was memorialized in a written settlement agreement with the U. S. Attorney's Office for the Eastern District of New York in December of 2007. The circulation fraud engaged in by Newsday, Inc./Tribune ND, Inc. netted them hundreds of millions of dollars in profits.

4. Anthony Conte states that at the start of his litigation against Newsday, Inc./Tribune ND, Inc. in 2006, Newsday, Inc./Tribune ND, Inc. had hundreds of millions of dollars in cash assets on its books but by virtue of a carefully crafted merger, Tribune, Newsday, Inc./Tribune ND, Inc.'s parent looted the cash and assets on the books of Newsday, Inc./Tribune ND, Inc. for its own purposes and has left Newsday, Inc./Tribune ND, Inc. a worthless papers shell company without even a bank account. Newsday, Inc./Tribune ND, Inc. is not a debtor in this Chapter 11 case but is being bankrupted by Tribune by virtue of its actions.

5.  Further, Anthony Conte states that Tribune was never a defendant in his case against Newsday, Inc./Tribune ND, Inc., that Anthony Conte was never aware that Tribune was the parent company of Newsday, Inc./Tribune ND, Inc. and neither did Tribune admit to being Newsday, Inc./Tribune ND, Inc.'s parent as they were required to do by virtue of the initial discovery requirements contained in CPLR Section 7.1. Anthony Conte only became aware that Tribune was the parent of Newsday, Inc./Tribune ND, Inc. as part of discovery in November of 2010 after the deadline for amending the complaint in his case had expired. In fact the Debtor admits to this ultimate outcome in paragraph 4 of its opposition papers. Therefore, Tribune at all times knew it was not and could not be a defendant in Mr. Conte's case that it lists in its liability schedules.

6.  Anthony Conte also states and swears that he never received any notice of Tribune's bankruptcy filing in part because those notices were not sent to him but to an address having nothing to do with and not associated with Mr. Conte. Anthony Conte did not discover that Tribune had fraudulently listed him as a creditor until December of 2011 and that when he made this discovery he immediately contacted the bankruptcy court.

7.  Anthony Conte believes that Tribune's listing of Anthony Conte as a creditor is part of a fraudulent scheme by them to ultimately deprive Mr. Conte and hundreds of other creditors of Newsday, Inc./Tribune ND, Inc. seeking to recoup substantial damages resulting from claims they have brought against Newsday, Inc./Tribune ND, Inc. <u>Anthony Conte believes that Tribune intends to perpetrate this fraudulent scheme by knowingly and falsely claiming non-debtor Newsday, Inc./Tribune ND, Inc.'s creditors as its own and, subsequently, upon receiving relief and discharge from these purported debts, that Tribune intends on dissolving the corporate remnants of Newsday, Inc./Tribune ND, Inc. and absorbing them and subsequently holding itself</u>

<u>out as being relieved of these debts by the discharge granted by this bankruptcy court.</u> Therefore, Anthony Conte respectfully requests that this Court put an end to even the possibility of this scheme succeeding by ordering the Debtors, who falsely made these entries in their asset and liability schedules, to strike the name of Anthony Conte where ever it appears as a creditor.

8. Finally, Anthony Conte asserts that Tribune and a number of its subsidiaries including Newsday, Inc./Tribune ND, Inc., as documented in the Klee Report and in written acknowledgement signed with the U.S. Attorney's Office, have engaged in massive frauds perpetrated on its customers, shareholders and creditors. Anthony Conte believes that Tribune's false inclusion of his name in their asset and liability schedules is part of a substantially bigger scheme to defraud numerous other Newsday, Inc./Tribune ND, Inc. creditors and that the Court commence an investigation of how many other Newsday, Inc./Tribune ND, Inc. creditors, such as Anthony Conte, were falsely listed by Tribune in its asset and liability schedules including by having this matter referred to the U. S. Attorney's office in Delaware for further investigation and possible prosecution.

Dated: South Setauket, New York
       February 10, 2012

                                    Respectfully Submitted,

                                    _/s/ Anthony Conte_
                                    Anthony Conte
                                    Plaintiff Pro Se
                                    2 Ethan Allen Court
                                    South Setauket, New York 11720
                                    (631) 949-1660