# EXHIBIT A

**Stipulation**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## STIPULATION BETWEEN DEBTORS AND UNITED STATES DEPARTMENT OF LABOR REGARDING RESOLUTION OF CERTAIN ERISA-RELATED CLAIMS

This stipulation (the "Stipulation") between Tribune Company ("Tribune") and certain of its affiliates that are listed under the column heading "Debtor" on Exhibit A hereto (collectively with Tribune, the "Debtor Parties"), each of which are debtors and debtors in possession in the above-captioned chapter 11 cases, on the one hand, and the United States Department of Labor (the "DOL"), on the other hand, regarding the modification, allowance, and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

treatment of certain prepetition proofs of claim asserted by the DOL against the Debtor Parties (the "DOL Claims"), is entered into by and among the Debtor Parties and the DOL (collectively, the "Parties"), by and through their respective counsel.

## RECITALS

A.   On December 8, 2008 (the "Petition Date"), Tribune and certain of its affiliates, including each of the other Debtor Parties (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.

B.   The DOL Claims listed on Exhibit A are proofs of claim that were filed by the DOL against the Debtor Parties identified thereon, based on alleged liability under sections 404, 405, 406, and 407 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and for restitution of plan losses, equitable and remedial relief, and injunctive relief pursuant to ERISA sections 502(a)(2) and (5), 29 U.S.C. §§ 1132(a)(2) and (5), arising in connection with the April 1, 2007 stock purchase by the Tribune Employee Stock Ownership Plan and the Tribune Employee Stock Ownership Trust (individually or collectively, the "ESOP") as part of the Leveraged ESOP Transactions,[3] which the DOL contends was a prohibited transaction under ERISA.

C.   On August 19, 2011, the Debtors filed a motion with the Bankruptcy Court for approval of a comprehensive settlement of certain claims, causes of action, and related

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.
[3] A detailed summary of the "Leveraged ESOP Transactions" appears in the Joint Disclosure Statement and Exhibits filed on December 17, 2010 (Docket No. 7232).

matters arising from alleged violations of Title I of ERISA in connection with the ESOP that had been asserted by the DOL, GreatBanc Trust Company, and the plaintiffs in the class action lawsuit styled Neil, et al. v. Zell, et al., Case No. 08-cv-06833 (RRP) (N.D. Ill., Sept. 16, 2008) (the "Neil Action"), which included the DOL Claims (the "ERISA Claim Settlement"). The Settlement Approval Motion sought approval of the ERISA Claim Settlement on the terms set forth in the Memorandum of Understanding among the parties dated August 19, 2011. Subsequent to the filing of the Settlement Approval Motion, the parties memorialized their agreement in a formal Settlement Agreement, dated October 17, 2011. The Settlement Approval Motion was approved by the Bankruptcy Court by order dated October 19, 2011 (Docket No. 10019).[4]

    D. The ERISA Claim Settlement contains two operative provisions relating to the allowance, modification, and treatment of the DOL Claims. See ERISA Claim Settlement §§ 2.4.3[5] and 8.4.[6] The ERISA Claim Settlement further provides that on or before February 21,

---

[4] On October 20, 2011, the named plaintiffs in the Neil Action (the "Neil Plaintiffs") filed a motion with the United States District Court for the Northern District of Illinois (the "Illinois District Court") presiding over the Neil Action, for preliminary approval of the ERISA Claim Settlement pursuant to Federal Rule of Civil Procedure 23 to effectuate the class settlement in the Neil Action. The Illinois District Court granted preliminary approval on October 24, 2011, and thereafter the parties, through a settlement administrator, provided notice of the settlement to all class members, pursuant to the requirements of the Class Action Fairness Act. The Neil Plaintiffs filed a motion for final approval of the ERISA Claim Settlement on January 23, 2012, and the Illinois District Court granted that motion on January 30, 2012 (the "Final Approval Order").[4] As a result of the entry of the Final Approval Order, the Neil Action was dismissed and the final precondition to the effectiveness of the ERISA Claim Settlement was satisfied.

[5] Section 2.4.3 of the ERISA Claim Settlement provides, in relevant part,

> The Bankruptcy Approval Order shall grant Tribune the authority to stipulate and bind itself, without further court order, to the allowance of a general unsecured claim by the DOL against Tribune in the amount of $3.2 million in full settlement of the DOL's claims under Section 502(l) of ERISA, 29 U.S.C. § 1132(l), provided, however, that such amount shall be reduced dollar for dollar (but not below zero) by any payment made by or on behalf of Tribune to the IRS to settle or satisfy any tax obligations it may have under Section 4975 of the Internal Revenue Code, 26 U.S.C. § 4975, relating to the Tribune ESOP Tax Issues and no payment shall be due or made by or on behalf of Tribune on account of such claim (the "DOL 502(l) Settlement Claim") until final resolution of the Tribune ESOP Tax Issues with the IRS.

3

2012, the date that is (a) 15 business days following the entry of the Final Approval Order and (b) the date on which the parties to the ERISA Claim Settlement are required to remit the Final Funding of the Settlement Amount (as those terms are defined in the ERISA Claim Settlement), the Parties shall enter into stipulations for the purpose of implementing the provisions of the ERISA Claim Settlement relating to the allowance, modification, and treatment of the DOL Claims. See ERISA Claim Settlement §§ 2.4.4 and 8.4.

NOW, THEREFORE, THE PARTIES STIPULATE AND AGREE AS FOLLOWS:

**AGREEMENT**

1. The recitals set forth above are incorporated herein by reference.

2. In accordance with section 2.4.3 of the ERISA Claim Settlement, the Parties agree that the DOL 502(l) Settlement Claim shall be allowed against Tribune as a general unsecured claim in the amount of $3,200,000.

3. The DOL acknowledges and agrees that the DOL 502(l) Settlement Claim has been reduced to zero by the payment made by Tribune to the United States Department of the Treasury, Internal Revenue Service ("IRS"), in the amount of $7,000,000 on November 16, 2011, in full resolution of the Tribune ESOP Tax Issues (as that term is defined in the ERISA Claim Settlement). The DOL acknowledges that the DOL 502(l) Settlement Claim has been

---

[6] Section 8.4 of the ERISA Claim Settlement provides, in relevant part,

> The Secretary [of Labor], for and on behalf of herself and the DOL, hereby releases any and all Claims whatsoever, which she or the DOL has or may have, against the Tribune Entities and all Defendants in the ERISA Litigation (including, without limitation, any and all past or present officers, employees, directors, principals, members, affiliates, insurers, advisors, attorneys and agents of the Tribune and Defendants and Tribune's and Defendants' direct and indirect subsidiaries, and all predecessors and successors thereof) with respect to the Plan and the Secretary's investigation of the Plan, except for the DOL 502(l) Settlement Claim. The payment in full of the Settlement Amount shall, among other things, constitute satisfaction in full of all DOL Claims except for the DOL 502(l) Settlement Claim.

satisfied in full and that no payment shall be due or made by or on behalf of Tribune on account of such claim.

4. The DOL also agrees and confirms that each of the DOL Claims, other than the DOL 502(l) Settlement Claim, has been fully satisfied and released by the payment in full of the Settlement Amount pursuant to the ERISA Claim Settlement and that no further payments shall be due or made by or on behalf of the Debtor Parties on account of such claims.

5. The Parties hereto acknowledge and agree that the Debtor Parties and/or the Bankruptcy Court-appointed claims agent may amend the claims register maintained in the Debtor Parties' chapter 11 cases to reflect that DOL Claims shall be modified as stipulated herein.

6. This Stipulation constitutes the Parties' entire agreement and supersedes and amends any and all agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof, <u>provided</u>, <u>however</u>, that nothing in this Stipulation is intended to or shall supersede or amend the ERISA Claim Settlement Agreement. This Stipulation is not intended to confer upon any other person any rights or remedies hereunder.

7. The undersigned persons represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Stipulation.

8. This Stipulation may be executed in counterparts, all of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

9. This Stipulation shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to principles of conflict of laws.

10. This Stipulation may not be amended without the express written consent of all Parties hereto.

11. The Parties hereto acknowledge that they have each participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against either party on account of such drafting.

12. The Bankruptcy Court shall retain jurisdiction over any and all disputes or other matters arising under or otherwise relating to this Stipulation.

STIPULATED AND CONSENTED TO AS OF FEBRUARY 23, 2012 BY:

| SECRETARY OF THE UNITED STATES DEPARTMENT OF LABOR | TRIBUNE COMPANY, on behalf of itself and each of the other Debtor Parties |
|---|---|
| By: _____ | By: _____ |
| Name: Michael Schloss | Name: _____ |

9.    This Stipulation shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to principles of conflict of laws.

10.    This Stipulation may not be amended without the express written consent of all Parties hereto.

11.    The Parties hereto acknowledge that they have each participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against either party on account of such drafting.

12.    The Bankruptcy Court shall retain jurisdiction over any and all disputes or other matters arising under or otherwise relating to this Stipulation.

STIPULATED AND CONSENTED TO AS OF FEBRUARY _23_, 2012 BY:

| SECRETARY OF THE UNITED STATES DEPARTMENT OF LABOR | TRIBUNE COMPANY, on behalf of itself and each of the other Debtor Parties |
|---|---|
| By: _____ | By: _____ |
| Name: _____ | Name: Jillian Ludwig, Counsel |