**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br>Case No. 08-13141 (KGC)<br>Jointly Administered<br><br>**Related to Docket Nos. 9681, and 10019**<br><br>**Hearing Date: March 22, 2012 at 2:30 p.m. ET**<br>**Objection Deadline: March 15, 2012 at 4:00 p.m. ET** |
| TRIBUNE COMPANY,<br>Plaintiff,<br><br>vs.<br><br>DAN NEIL, CORIE BROWN, HENRY WEINSTEIN, WALTER ROCHE, JR., MYRON LEVIN, and JULIE MAKINEN, individuals, on behalf of themselves and on behalf of all others similarly situated,<br>Defendants. | Adv. Pro. No. 09-50445 (KJC)<br><br>**Related to Adv. Docket No. 1** |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**MOTION OF TRIBUNE COMPANY FOR AN ORDER DISMISSING ADVERSARY PROCEEDING, WITH PREJUDICE, PURSUANT TO ERISA CLAIM SETTLEMENT**

Tribune Company ("Tribune"), one of the debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors") and the plaintiff in the above-captioned adversary proceedings (the "Neil Adversary Proceeding"), by and through its undersigned counsel, hereby moves this Court (the "Motion") for entry of an order dismissing the Neil Adversary Proceeding (the "Dismissal Order"), pursuant to Federal Rule of Civil Procedure 41(a)(2) (the "Civil Rules") made applicable herein by Federal Rule of Bankruptcy Procedure 7041 (the "Bankruptcy Rules") and the terms of the Memorandum of Understanding dated August 19, 2011 and approved by the Bankruptcy Court on October 19, 2011 and the related Settlement Agreement dated October 17, 2011 and approved by final order of the Illinois District Court on January 30, 2012 (collectively, the "ERISA Claim Settlement"). In support of this Motion, the Debtors respectfully state as follows:

**STATUS OF THE CASE AND JURISDICTION**

1. On December 8, 2008, Tribune Company ("Tribune") and most of its wholly-owned subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, except Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC, which filed on October 12, 2009 (each date, as applicable, the "Petition Date"). The Debtors' chapter 11 cases are jointly administered for procedural purposes only.

2. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On December 18, 2008, the United States Trustee appointed the official committee of unsecured creditors (the "Committee").

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are Civil Rule 41(a)(2) and Bankruptcy Rule 7041.

## FACTUAL BACKGROUND TO THE MOTION

5. On August 19, 2011, the Debtors filed with this Court a motion for approval of the ERISA Claim Settlement (Docket No. 9681) (the "Settlement Approval Motion"), which is a comprehensive settlement of certain claims, causes of action, and related matters arising from alleged violations of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), in connection with the Tribune Employee Stock Ownership Plan and the Tribune Employee Stock Ownership Trust (individually or collectively, the "ESOP"), that had been asserted by the Department of Labor, GreatBanc Trust Company, and the plaintiffs in the class action lawsuit styled Neil, et al. v. Zell, et al., Case No. 08-cv-06833 (RRP) (N.D. Ill., Sept. 16, 2008) (as amended, the "Neil Action").[2] The Settlement Approval Motion sought approval of the ERISA Claim Settlement on the terms set forth in the Memorandum of Understanding ("MOU") among the parties dated August 19, 2011. Subsequent to the filing of the Settlement Approval Motion, the parties memorialized their agreement in a formal Settlement Agreement, dated October 17, 2011. The Settlement Approval Motion was approved by this Court by order dated October 19, 2011 (Docket No. 10019).

---

[2] The current complete title of the Neil Action is Dan Neil, Eric Bailey, on behalf of themselves and on behalf of all others similarly situated v. Samuel Zell, GreatBanc Trust Company, and EGI-TRB, L.L.C. The original complaint filed in the Neil Action has been amended from time to time to remove plaintiff and defendant parties and to modify the causes of action asserted therein, based in part on the Debtors' bankruptcy filing and on rulings issued by the District Court. (See First Amended Complaint, Docket No. 74 in 08-cv-6833 (RRP); Second Amended Complaint, Docket No. 102 in 08-cv-6833 (RRP); and Third Amended Complaint, Docket Nos. 204 and 403 in 08-cv-6833(RRP).)

6. On October 20, 2011, the named plaintiffs in the Neil Action (the "Neil Plaintiffs") filed a motion with the United States District Court for the Northern District of Illinois (the "Illinois District Court") presiding over the Neil Action, for preliminary approval of the ERISA Claim Settlement pursuant to Federal Rule of Civil Procedure 23 to effectuate the class settlement in the Neil Action. The Illinois District Court granted preliminary approval on October 24, 2011, and thereafter the parties, through a settlement administrator, provided notice of the settlement to all class members, pursuant to the requirements of Federal Rule of Civil Procedure 23(e). The Neil Plaintiffs filed a motion for final approval of the ERISA Claim Settlement on January 24, 2012, and the Illinois District Court granted that motion on January 30, 2012.[3] As a result of the entry of the final approval order, the Neil Action was dismissed and the final precondition to the effectiveness of the ERISA Claim Settlement was satisfied.

7. The ERISA Claim Settlement provides, in relevant part, that following entry of the final approval order and judgment of dismissal by the Illinois District Court, Tribune shall dismiss, with prejudice, the Neil Adversary Proceeding currently pending before this Court. (See, e.g., MOU § 5(h).) The formal Settlement Agreement documenting the ERISA Claim Settlement provides that such request shall be by motion. This Motion follows.

**RELIEF REQUESTED**

8. By this Motion, Tribune respectfully requests this Court enter the Dismissal Order, substantially in the form attached hereto, pursuant to Civil Rule 41(a)(2), Bankruptcy Rule 7041, and the terms of the ERISA Claim Settlement.

[3] No class members objected to the ERISA Claim Settlement.

**BASIS FOR RELIEF REQUESTED**

9. Bankruptcy Rule 7041 incorporates by reference Civil Rule 41 in adversary proceedings. See Fed. R. Bankr. P. 7041. Civil Rule 41(a)(2) provides, in relevant part, that the plaintiff may voluntarily dismiss an action by court order, on terms that the court considers proper. Fed. R. Civ. P. 41(a)(2). Dismissal is proper under these circumstances because the affected parties, Tribune and the Neil Plaintiffs, have conclusively and comprehensively resolved any and all actual or potential disputes between them concerning the Neil Action, and the Neil Adversary Proceeding is now therefore moot. The parties engaged in vigorous, arms-length negotiations to achieve the ERISA Claim Settlement, and Tribune desires to honor all terms and conditions of that settlement. Accordingly, Tribune submits that the dismissal of the Neil Adversary Proceeding at this time is appropriate and justified and that ample cause exists for the relief requested in this Motion.

**NO PRIOR REQUEST**

10. No prior request for the relief sought by this Motion has been made to this or to any other Court.

**NOTICE**

11. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel to the administrative agents for Tribune's prepetition loan facilities; (iv) counsel to the administrative agent for the Debtors' post-petition loan facility; (v) the indenture trustees for Tribune's prepetition notes; (vi) counsel for the Neil Plaintiffs; and (vii) all parties having requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request this Court enter the Dismissal Order, in substantially the form attached hereto, and grant such other related relief this Court may deem just and proper.

Dated: February 23, 2012

Respectfully submitted,

SIDLEY AUSTIN LLP
Bryan Krakauer
James F. Conlan
Jillian K. Ludwig
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: ______________________
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION