IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered |

## DEBTORS' OPENING BRIEF REGARDING FACTUAL INFORMATION RELEVANT TO ALLOCATION DISPUTES

Pursuant to ¶ 14 of the Order Establishing Scheduling for (1) Resolution of the Allocation Disputes and (2) Consideration of DCL Plan Proponents' Supplemental Disclosure Document, Solicitation Procedures Motion and Plan [Docket No. 10692] (the "Allocation

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); ForSaleByOwner.com Corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc. f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Disputes Order"), the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") hereby submit this Opening Brief Regarding Allocation Disputes.

In their Preliminary Statement filed January 31, 2012 [Docket No. 10776], the Debtors indicated that they possessed relevant information that might assist the Court in resolving certain of the Allocation Disputes. More specifically, the Debtors explained that they were prepared to present testimony from one of their financial advisers, Brian Whittman of Alvarez & Marsal, addressing the following matters: (a) the Allowed Amount of the PHONES Notes Claims; (b) the nature and amounts of the claims of certain of the Other Parent Claimants; and (c) the calculations set forth in the Recovery Chart referenced in ¶ 5 of the Scheduling Order.

The Debtors file this Opening Brief to apprise the Court of stipulations regarding the facts underlying these matters.

(a) Amount of the PHONES Notes Claims. As regards the facts underlying the Allocation Dispute described in ¶ 2(a)(iv) of the Allocation Disputes Order concerning "the Allowed amount of the PHONES Notes Claims," the Debtors, Aurelius Capital Management, Wilmington Trust Company, as successor Indenture Trustee for the PHONES Notes, Barclays Bank PLC and Waterstone Capital Management, L.P. have negotiated a stipulation (the "PHONES Amount Stipulation"), which is attached hereto as Exhibit A. The PHONES Amount Stipulation identifies the factual bases for the calculations of both the low and high PHONES Notes Claims amounts set forth in the Recovery Chart referenced in ¶5(e) of the Allocation Disputes Order.

As described in the Court's October 31, 2011 Opinion on Confirmation (at 104-05) and in the PHONES Amount Stipulation, the dispute over the amount of the PHONES Notes Claims arises from elections tendered by some Noteholders to exchange their Notes for cash payments

prior to the petition date. The Debtors did not make the exchange payments by the petition date and, subsequently, some of the tendering Noteholders sought to withdraw their exchange elections. The Debtors declined to honor the withdrawal requests, taking the position that the election to exercise the exchange rights was irrevocable,[2] thereby limiting the tendering Noteholders' claim amounts to the cash payment amounts due from the Debtors as a result of the exchanges. The tendering Noteholders take the position that the value of their claims should be based on the principal value of the PHONES at the time of the bankruptcy filing. The PHONES Amount Stipulation identifies the key documents and chronology of events related to the PHONES amount dispute and thereby seeks to resolve or narrow the factual issues underlying that dispute.

(b) <u>Other Parent Claims.</u> As regards the facts underlying the Allocation Disputes described in ¶¶ 2(a)(iii) and (b)(iii) of the Allocation Disputes Order with respect to the claims of Retirees and of other general unsecured creditors of Tribune that are included in the category of Other Parent Claims, the Debtors have produced in discovery: (i) a list of each Retiree, other than those represented by Teitelbaum & Baskin, LLP, identifying the claim number, the name of the claimant, the amount claimed and the nature of the supporting documents; (ii) a list of the remaining Other Parent Claims (other than the Swap and Retirees) identifying the claim number, the name of the claimant, the amount claimed and the nature of the claim; and (iii) certain operative documents relating to the requested Retirees' Claims.

---

[2] The PHONES Noteholders could have exercised the exchange option at any time using the procedures set forth in the applicable exchange notice and securities. As such, the exchange option was viewed by the Debtors as an option contract that, once properly exercised, was binding. *See* 1 Richard A. Lord, Williston on Contracts §5:16 (4th ed. 2008); 81A C.J.S. *Specific Performance* § 45 (2008); 92 C.J.S. *Vendor* §§ 98, 114 (2008). *See also Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1272 (7th Cir. 1996) (an option is "a binding contract ... subject to customary rules of contract interpretation").

3

The Debtors believe that it is important that the Court have the benefit of this information in assessing how to resolve the Allocation Disputes as they relate to these claims. Consistent with that view, the Debtors have discussed this issue with a number of the parties and have prepared a stipulation regarding this material (the "Other Parent Claim Stipulation"), which is attached hereto as Exhibit B. The Debtors have circulated the Other Parent Claim Stipulation to the parties participating in the Allocation Disputes Hearing and intend to file the Stipulation prior to the Hearing.[3]

(c) Recovery Chart. As regards the Allocation Disputes described in ¶¶ 2(a)(iii) and (b)(iii) of the Allocation Disputes Order and the Recovery Chart referenced in ¶ 5(e) relevant to those disputes, a number of the parties jointly prepared two charts that show potential recoveries under the Third Amended DCL Plan under certain sets of assumptions. Copies of those two charts are attached hereto as Exhibits D and E. Mr. Whittman reviewed the recoveries set forth on those two charts and confirmed that they correctly reflect the recoveries given the specific assumptions.

---

[3] In addition, at the request of the TM Retirees, the Debtors have produced two Tribune Consolidated trial balance reports relating to the Company's 2007 10K and September 2008 10Q filings. The Debtors have prepared and circulated a stipulation regarding the use of those documents at the Allocation Disputes Hearing (the "Trial Balance Stipulation," attached as Exhibit C), and intend to file that Stipulation prior to the Hearing.

4

| | |
|---|---|
| Dated: Wilmington, Delaware<br>February 24, 2012 | Respectfully submitted,<br><br>SIDLEY AUSTIN LLP<br><br>James F. Conlan<br>Kevin T. Lantry<br>One South Dearborn Street<br>Chicago, IL 60603<br>Telephone: (312) 853-7000<br>Facsimile: (312) 853-7036<br><br>James F. Bendernagel, Jr.<br>Ronald S. Flagg<br>1501 K St., N.W.<br>Washington, D.C. 20005<br>Telephone: (202) 736-8000<br>Facsimile: (202) 736-8711<br><br>-and-<br><br>COLE, SCHOTZ, MEISEL,<br>FORMAN & LEONARD, P.A.<br><br>By: /s/ Kate Stickles<br>Norman L. Pernick (No. 2290)<br>J. Kate Stickles (No. 2917)<br>Patrick J. Reilley (No. 4451)<br>500 Delaware Avenue, Suite 1410<br>Wilmington, DE 19801<br>Telephone: (302) 652-3131<br>Facsimile: (302) 652-3117<br><br>ATTORNEYS FOR DEBTORS AND<br>DEBTORS IN POSSESSION |

5