# AKIN GUMP
# STRAUSS HAUER & FELD LLP
Attorneys at Law

DAVID M. ZENSKY
212.872.1075/fax: 1.212.872.1002
dzensky@akingump.com

DAVID M. ZENSKY
212.872.1075/fax: 1.212.872.1002
dzensky@akingump.com

February 27, 2012

**VIA ECF AND HAND DELIVERY**

Honorable Kevin J. Carey
United States Bankruptcy Judge
United States Bankruptcy Court for the District of Delaware
824 North Market Street, Fifth Floor
Wilmington, Delaware 19801

    Re:    **In re Tribune Company, Case No. 08-13141 (KJC)**

Dear Judge Carey:

    As you are aware, we represent Aurelius Capital Management, LP ("Aurelius") in the Bankruptcy Proceedings before this Court. We write on behalf of Aurelius, on behalf of itself and its managed entities, as well as Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee for a certain series of Senior Notes, Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for a certain series of Senior Notes, and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES Notes, to update this Court with regard to Master Case Order Number 1 (the "Master Case Order") issued on February 23, 2012 by Judge William Pauley, III in the pending multidistrict litigation, *In re Tribune Company Fraudulent Conveyance Litigation*, S.D.N.Y. Case Nos. 11 MD 2296 (WHP) and 12 MC 2296 (WHP) (the "MDL"). A copy of the Master Case Order is attached to this letter.

    The MDL was reassigned to Judge Pauley following Judge Richard Holwell's resignation from the bench on February 7, 2012. Pursuant to the February 23 Master Case Order, Judge Pauley continued the stay imposed by Judge Holwell, and directed the parties to undertake certain preliminary scheduling and organizational steps so that the MDL will eventually be able to move forward in an orderly manner. *See* Master Case Order ¶¶ 7, 11, 16. For example, Judge Pauley selected interim liaison counsel for the plaintiffs, and interim lead and liaison counsel for the defendants. Judge Pauley also directed Plaintiffs to submit a list by March 30, 2012 identifying who "among them intend to submit motion papers or memoranda to this Court, appear in person for conferences, or offer oral arguments to the Court," and directed Defendants to "submit a proposed organizational structure comprised of an executive committee of counsel who will fairly represent each group of defendants in this multidistrict litigation whose interests are similarly aligned" by April 20, 2012. Master Case Order ¶¶ 7, 11.

AKIN GUMP
STRAUSS HAUER & FELD LLP
Attorneys at Law

February 27, 2012
Page 2

The Master Case Order confirms the positions taken by the Noteholders in their (i) motion and joinder to lift the stay ("Lift Stay Motion") imposed by this Court on April 25, 2011 with respect to the state law fraudulent conveyance cases consolidated in the MDL (D.N. 8470) and (ii) opposition to the Creditors' Committee's motion to continue the stay of *FitzSimons* beyond the date *FitzSimons* is transferred to the MDL. D.N. 10635.[1] First, the likely timeline for the MDL suggested by the Master Case Order alleviates any concerns that the MDL could possibly interfere with upcoming plan confirmation process. Judge Pauley has not yet scheduled an initial case management conference, and based on the preliminary submissions he requested from the parties pursuant to the Master Case Order, it does not appear that such a conference can be set until May 2012 at the earliest.

Second, it is imperative that the parties to *FitzSimons* – both the plaintiffs and the defendants – be allowed to participate immediately, and fully, in the preliminary organizational activities commanded by Judge Pauley pursuant to the Master Case Order. Issues that may be unique to *FitzSimons* and the parties thereto, to the extent they exist, should be raised and considered by the plaintiff and defendant groups as they carry out Judge Pauley's instructions to, among other things, identify who among the plaintiff group will submit motions and make arguments before the court, who among the defendant group should be included on the proposed executive committee so that it "will fairly represent each group of defendants in this multidistrict litigation," and thereafter file the reports directed by the court. Among other things, there are claims and defendants in the *FitzSimons* case that are not included in the other consolidated cases, and we believe the timely and orderly management and organization of the MDL before Judge Pauley could be adversely impacted were the *FitzSimons* parties prevented from participating in these crucial preliminary party activities because transfer by the MDL Panel was delayed or because they were forbidden to do so by the terms of a Bankruptcy Court stay order – precisely the sort of interference that this Court has repeatedly emphasized it wishes to avoid.

We respectfully submit that this Court should take such measures as it can to ensure that the *FitzSimons* parties are included in the crucial organizational steps recently directed by Judge Pauley. To that end, we renew our request that the Court grant the Lift Stay Motion and prolong the stay of *FitzSimons* only until such time as *FitzSimons* is transferred to the MDL, so that all of the cases consolidated and to be consolidated before Judge Pauley in the MDL can proceed together, and with maximum participation and input from all affected litigants.

---

[1] The full case name for the *FitzSimons* action is *The Official Committee of Unsecured Creditors of Tribune Company, et al. v. Dennis J. FitzSimons, et al.*, Adv. Proc. 10-54010.

**AKIN GUMP**
**STRAUSS HAUER & FELD LLP**
Attorneys at Law

February 27, 2012
Page 3

      Needless to say, we are available to answer any questions or provide any further information the Court may require.

                        Respectfully submitted,

                        David M. Zensky

cc: All counsel of record

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/23/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
                                        :

IN RE: TRIBUNE COMPANY                Consolidated Multidistrict Litigation
FRAUDULENT CONVEYANCE     :     11 MD 2296 (WHP)
LITIGATION                                12 MC 2296 (WHP)
----------------------------------:
                                         MASTER CASE ORDER No. 1

THIS DOCUMENT RELATES TO:  :
ALL MATTERS
----------------------------------X

WILLIAM H. PAULEY III, District Judge:

        The early administration of this multidistrict litigation is a lesson in the law of unintended consequences. By transfer order dated December 19, 2011, the United States Judicial Panel on Multidistrict Litigation (the "Panel") coordinated and consolidated pretrial proceedings for some 44 actions throughout the United States in the Southern District of New York. That transfer order was docketed in 11 MD 2296 on December 20, 2011. ("Transfer Order," ECF No. 1.) On December 28, 2011, Judge Richard J. Holwell, the district judge to whom this multidistrict litigation was originally assigned, stayed the consolidated cases in view of the Tribune Company's Chapter 11 bankruptcy proceeding in the District of Delaware. ("Master Stay Order," ECF No. 17.) The Master Stay Order excluded applications for admission pro hac vice from the stay and also waived the customary application fee in this district. The Master Stay Order provided that "[c]ounsel who entered an appearance in a case prior to its transfer do not need to enter a new appearance," and required counsel to enter a notice of appearance within 30 days. (ECF No. 17.)

        On January 12, 2012, Judge Holwell issued an Order notifying all counsel that they must be admitted to practice in the Southern District of New York pursuant to Local Civil

-1-

Rule 1.3. ("Pro Hac Order," ECF No. 62.) The Pro Hac Order precipitated an avalanche of applications. Notwithstanding the Pro Hac Order, Rule 2.1(c) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation provides that "[a]ny attorney of record in any action transferred under Section 1407 may continue to represent his or her client in any district court of the United States to which such action is transferred. Parties are not required to obtain local counsel." Because this multidistrict litigation consolidated numerous actions—involving hundreds of plaintiffs and thousands of defendants—the Court, the Clerk of the Court (the "Clerk"), and the docket were inundated with pro hac vice applications, a mischief that Panel Rule 2.1(c) was designed to prevent. In addition, waiver of the customary pro hac vice fees likely contributed to a better-safe-than-sorry attitude by some counsel, who filed multiple applications for defendants already represented by counsel in this district.

In a matter of days, the docket swelled to an unnavigable 700 page morass of useless information. When this multidistrict litigation was reassigned following Judge Holwell's resignation, the docket contained more than 500 entries and the list of parties and counsel spanned 630 pages. Some parties have a far greater financial interest than others in litigating these lawsuits and large subsets of parties have interests that are aligned. As such, the current state of affairs is completely unnecessary. To stem the tide, by Order dated February 14, 2012, this Court directed the parties to suspend all filings and denied all pending pro hac vice applications without prejudice. ("Temporary Stay Order," ECF No. 559.)

In the exercise of its informed discretion, this Court restructures this multidistrict litigation as follows:

1. The Clerk is directed to open a master case file bearing docket number 12 MC

2296. Any filing fees associated with opening the master case file docket are waived.

2. The Clerk is directed to transfer the following docket entries from 11 MD 2296 to 12 MC 2296: ECF Nos. 1 (Transfer Order), 17 (Master Stay Order), 39 (Pilot Project Removal Order), 41 (Protective Order No. 1), 62 (Pro Hac Order), 386 (Status Letter Order), 499 (Notice of Case Reassignment), and 559 (Temporary Stay Order). Those docket entries are to be numbered ECF Nos. 1-8, respectively, on 12 MC 2296. This Order shall be docketed as ECF No. 9 in 12 MC 2296 and docketed on all matters consolidated in 11 MD 2296.

3. This Order and all subsequent docket entries on 12 MC 2296 are to be docketed simultaneously on 11 MD 2296. In addition, each subsequent filing by the parties on 12 MC 2296 or 11 MD 2296 shall indicate whether the filing should be docketed in all related actions or only in specified related actions. Counsel are reminded that filings are to be spread across all related actions only when necessary. Papers filed inappropriately will be stricken from the docket.

4. <u>Interim Lead Plaintiffs</u>: The Clerk is further directed to list on the docket sheet of 12 MC 2296 only the following plaintiffs: (i) Deutsche Bank Trust Company Americas, *individually and in its capacity as successor indenture trustee for certain series of Senior Notes,* (ii) Law Debenture Trust Company of New York, *individually and in its capacity as successor indenture trustee for certain series of Senior Notes,* (iii) Wilmington Trust Company, *individually and in its capacity as successor indenture trustee for the Phones Notes,* and (iv) William A. Niese, *on behalf of a Putative Class of Tribune Company Retirees.* Plaintiffs (i)-(iii) collectively are hereafter referred to as the "Note Holders" and plaintiff (iv) is referred to as the "Retirees."

-3-

5. <u>Interim Liaison Counsel for Plaintiffs</u>: This Court appoints Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") as interim liaison counsel for the Note Holders and Teitelbaum & Baskin, LLP (the "Teitelbaum Firm") as interim liaison counsel for the Retirees. Akin Gump and the Teitelbaum Firm are collectively referred to as "plaintiffs' interim co-liaison counsel." Plaintiffs' interim co-liaison counsel are authorized to receive orders and notices from the Court on behalf of all parties and shall be responsible for the preparation and transmittal of copies of such orders and notices to all parties. Plaintiffs' interim co-liaison counsel are further authorized to receive orders and notices from the Panel on behalf of all parties and shall be responsible for the preparation and transmittal of copies of such orders and notices to all parties. Unless otherwise ordered by this Court, plaintiffs' interim co-liaison counsel may rely on the electronic court filing ("ECF") system to serve parties with orders and notices. The Clerk is directed to assist plaintiffs' interim co-liaison counsel in identifying those parties who do not yet receive ECF notification. Plaintiffs' interim co-liaison counsel are directed to provide the Clerk with any e-mail addresses for parties not currently enrolled for ECF notification so that they may be enrolled.

6. Until further order from this Court, the Clerk is directed to note the following appearances for plaintiffs, and no others, on 12 MC 2296:

For the Note Holders:

> David Mitchell Zensky
> Akin Gump Strauss Hauer & Feld LLP
> One Bryant Park
> New York, NY 10036;
>
> Robert Joel Lack
> Friedman, Kaplan, Seiler & Adelman, LLP
> 7 Times Square
> New York, NY 10036;

Sheron Korpus
Kasowitz, Benson, Torres & Friedman, LLP
1501 Broadway, 12th Floor
New York, NY 10036;

Joseph Aronauer
Aronauer, Re & Yudell, LLP
444 Madison Avenue
New York, NY 10022; and

Kevin Matthew Magnunson
Kelley, Wolter & Scott P.A.
431 South Seventh Street, Suite 2530
Minneapolis, MN 55415

For the Retirees:

Jay Teitelbaum
Teitelbaum & Baskin, L.L.P.
3 Barker Avenue, Third Floor
White Plains, NY 10601;

Mary C. Dunn
Blish & Cavanagh LLP
30 Exchange Terrace
Providence, RI 02903;

Adam Hiller
Hiller & Arban, LLC
1500 North French Street, 2nd Floor
Wilmington, DE 19801;

Edward J. Lesniak
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, 22nd Floor
Chicago, IL 60611-3607; and

Jeffrey M. Judd
Judd Law Group
222 Sutter Street, Suite 600
San Francisco, CA 94108

7.      All counsel for plaintiffs are directed to confer for the purpose of identifying who among them intend to submit motion papers or memoranda to this Court, appear in person for

-5-

conferences, or offer oral arguments to the Court. Plaintiffs are directed to submit a list to the Court identifying such counsel by March 30, 2012.

8. <u>Interim Lead Defendants</u>: Based on a preliminary review of the complaints in the related actions, this Court endeavored to select interim lead defendants with a sufficient financial interest and who represent different classes of shareholders. Accordingly, the Clerk is directed to list on the docket sheet of 12 MC 2296 only the following defendants: The Depository Trust & Clearing Corporation, *on behalf of A Putative Class of Former Tribune Company Shareholders*, Merrill Lynch, Pierce, Fenner & Smith, Incorporated, *on behalf of A Putative Class of Former Tribune Company Shareholders*, and Mario J. Gabelli, *on behalf of A Putative Class of Former Tribune Company Shareholders*.

9. <u>Interim Liaison Counsel for Defendants</u>: This Court appoints Proskauer Rose LLP, Kaye Scholer, LLP, and Entwistle & Cappucci LLP to act as interim co-liaison counsel for defendants. These firms are collectively referred to as "defendants' interim co-liaison counsel." The appointment of interim lead defendants and defendants' interim co-liaison counsel at this time is a provisional stop-gap measure that will be revisited on the submission of a proposed organizational structure for defendants as outlined in paragraphs 11 and 12 below.

10. Until further order from this Court, the Clerk is directed to note the following appearances for defendants, and no others, on 12 MC 2296.

For The Depository Trust & Clearing Corporation:

> Gregg M. Mashberg
> Proskauer Rose LLP
> 11 Times Square
> New York, NY 10036

For Merrill Lynch, Pierce, Fenner & Smith, Incorporated:

> Jane W. Parver
> Kaye Scholer, LLP
> 425 Park Avenue
> New York, NY 10022

For Mario J. Gabelli:

> Vincent Roger Cappucci
> Entwistle & Cappucci LLP
> 280 Park Avenue, 26th Floor West
> New York, NY 10017

11. Defendants are directed to submit a proposed organizational structure comprised of an executive committee of counsel who will fairly represent each group of defendants in this multidistrict litigation whose interests are similarly aligned. See Manual for Complex Litig., § 10.221 (4th ed. 2004). There will likely be more than one such group of defendants whose interests and positions are sufficiently dissimilar to justify providing them representation in decision making. However, it is defendants' responsibility in the first instance to organize themselves into groups, and for each group to select lead or co-lead counsel to be members of the executive committee. The proposed organizational structure will be subject to this Court's approval and should be docketed on 12 MD 2296 by April 20, 2012.

12. If defendants cannot agree on a proposed organizational structure, competing applications for executive committees should be docketed on 12 MC 2296 and all related actions and submitted to chambers no later than April 27, 2012. Among the other factors courts normally consider in selecting class counsel, this Court will base its selection on whether each group of defendants is fairly represented by the proposed executive committee.

13. In accord with Panel Rule 2.1(c), all counsel appearing in any of the related

actions prior to their transfer to this district need not enter a notice of appearance or submit a pro hac vice application to practice before this Court. No pro hac vice applications are to be docketed on 12 MC 2296 or 11 MD 2296. All counsel who did not appear in a related action prior to the Transfer Order are directed to enter a notice of appearance on 11 MD 2296. Those counsel who are not a member of the Bar of this Court shall be deemed admitted pro hac vice, upon the proper filings with the Clerk as provided by the Local Rules. All counsel are directed to apply for an ECF password, which can be obtained by visiting the Court's website at nysd.uscourts.gov and completing the on-line registration form. For assistance with the ECF filing system, counsel should contact the Court's Help Desk, at 212-805-0800.

14. All pending motions for substitution of counsel are granted. Notwithstanding the stay, parties may make motions to substitute counsel and all such motions shall be docketed only on 11 MD 2296 and the relevant related actions and include a proposed order. Any party submitting a motion for substitution of counsel is directed to send a courtesy copy of the proposed order to chambers.

15. Given the liberal standard under Rule 15(a) for freely giving leave to amend pleadings when justice so requires, and the preliminary stage of the related actions, all pending motions to file amended complaints are granted. Accordingly, the briefing schedule for twelve pending motions to amend as fixed in Section II of the Status Letter Order (ECF No. 386) is rescinded and moot. Defendants will be afforded an opportunity to present arguments regarding any defects in the pleadings later in these proceedings. Section III of the Status Letter Order giving plaintiffs leave to seek relief concerning service issues continues in full force and effect.

16. This multidistrict litigation remains stayed in all other respects. However, this

Court welcomes suggestions from counsel to streamline case management. Any such proposals should be delivered directly to chambers and should not be docketed.

17. All counsel are directed to become familiar with this Court's Individual Rules of Practice. Those rules may be accessed via http://nysd.uscourts.gov/judge/Pauley.

Dated: February 23, 2012  
      New York, New York

SO ORDERED:

_____  
WILLIAM H. PAULEY III  
U.S.D.J.

*All Counsel of Record.*