**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| In re: | : |
| | :   Chapter 11 |
| TRIBUNE COMPANY, et al., | : |
| | :   Case No. 08-13141 (KJC) |
| Debtors. | : |
| | :   (Jointly Administered) |
| | : |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### LAW DEBENTURE TRUST COMPANY OF NEW YORK'S
### MOTION TO ENFORCE COURT ORDER, OR IN THE ALTERNATIVE,
### *IN LIMINE* TO EXCLUDE DECLARATION OF JAY TEITELBAUM
### AND CERTAIN PORTIONS OF THE DECLARATION OF SUSAN BELL

Law Debenture Trust Company of New York ("<u>Law Debenture</u>"), as successor indenture trustee under that certain Indenture dated March 19, 1996 between Tribune Company (with its debtor subsidiaries, "<u>Tribune</u>" or the "<u>Debtors</u>") (successor to The Times Mirror Company) and Citibank, N.A., by its undersigned counsel, hereby submit its motion to enforce the Court's order precluding the TM Retirees from calling an expert witness in connection with the Allocation Disputes Hearing, or in the alternative, *in limine* to exclude portions of the *Declaration Of Jay Teitelbaum*, dated February 24, 2012 [Dkt. No. 10996] (the "<u>Teitelbaum Declaration</u>") and *Declaration Of Susan Bell*, dated February 24, 2012 [Dkt. No. 10998] (the "<u>Bell Declaration</u>" together with Teitelbaum Declaration, collectively the "<u>Declarations</u>"), and respectfully represent as follows:

### PRELIMINARY STATEMENT

1.　　On February 22, 2012, this Court denied the *Motion Of The TM Retirees To Clarify Or Modify The Allocation Disputes Scheduling Order To Permit TM Retirees To Call An Expert Witness At The Hearing On The Allocation Disputes*, dated February 16, 2012, [Dkt. No.

10949] (the "<u>Modification Motion</u>"), stating that the time to introduce new evidence had passed

and that the introduction of a new expert witness was unwarranted.  Now, through the

submissions of the Teitelbaum Declaration (TM Retiree's Counsel) and Bell Declaration (a fact

witness who was Times Mirror's former Director of Executive Compensation and Executive

Benefits), the TM Retirees seek to introduce the very accounting expert evidence that the Court

already precluded.  Specifically, the TM Retirees seek to introduce expert accounting testimony

through lay witnesses, incompetent to testify as such, in direct defiance of this Court's ruling,

and without complying with the safeguards provided by the Federal Rules of Evidence.  The TM

Retirees also seek to introduce certain documents that (i) have not been authenticated, and (ii) are

inadmissible hearsay.[1]

2.    Law Debenture seeks to strike from the record portions of the Declarations,

including certain exhibits attached thereto that violate Federal Rules of Evidence 401, 701, and

802.  Despite the Court's *direct order* precluding the TM Retirees from offering an expert after

the discovery deadline, the TM Retirees are now attempting improperly to proffer expert

testimony through the Declarations.  For the same reasons, Law Debenture seeks to strike many

of the exhibits attached to the Declarations constitute inadmissible hearsay and have not been

authenticated.   Finally, Law Debenture seeks to preclude the Retirees from calling yet another

newly identified witness at the Allocation Disputes Hearing.

### **BACKGROUND**

3.    On February 16, 2012, the TM Retirees filed their Modification Motion, seeking

---

[1] The TM Retirees have also submitted certain documents in violation of *Order (I) Authorizing The Debtors To Establish A Document Depository And Directing The Committee To Deliver Certain Documents To The Depository Pursuant To Federal Rule Of Bankruptcy Procedure 2004 And (II) Establishing Settlement Protections Pursuant To 11 U.S.C. § 105(a)*, dated December 12, 2009 [Dkt. No. 2858].  In particular, Exhibit P of the Teitelbaum Declaration was marked by the Debtors as "Highly Confidential – Attorneys' Eyes Only."

authority to call an expert witness during the Allocation Disputes Hearing, despite the fact that the deadline to identify all witnesses had passed on January 31, 2012.

4.    On February 22, 2012, during a telephonic hearing, the Court denied the Modification Motion, holding, among other things, that the TM Retirees' request to designate an expert for the Allocation Disputes Hearing as untimely.

5.    On February 24, 2012, the TM Retirees filed the Teitelbaum Declaration.  The Teitelbaum Declaration attached 19 exhibits and included a summary description of each document.  Exhibit H (Internal Revenue Code – Nonqualified Deferred Compensation Audit Techniques Guide), Exhibit I (Joint Committee on Taxation entitled "Present Law and Background Related to Executive Compensation), Exhibit J (Statement of Financial Accounting Standards Nos. 87 and 158), and Exhibit Q (The Fundamentals of Intermediate Accounting) are various documents concerning accounting principles (collectively, the "Accounting Documents").  Exhibit P (Consolidated Trial Balance) contains non-publicly available documents concerning Tribune (the Non-Public Document").

6.    Mr. Teitelbaum is counsel for the TM Retirees.  He is *not an expert in tax law or accounting* with the requisite skill and expertise to opine on the matters set forth in his declaration and the documents annexed thereto.  The Teitelbaum Declaration is a wholly improper submission and the Court should strike it.

7.    On February 24, 2012, the TM Retirees filed the Bell Declaration.  Paragraphs 37 through 47 of the Bell Declaration, relying on the improperly submitted documents, address certain accounting and tax treatment of the claims of the TM Retirees.  Specifically, Ms. Bell declares that she had "become familiar" with the accounting rules, including the Financial Accounting Standards, and with Times Mirror's treatment of the compensation plans.  Ms. Bell,

however, has solely been designated as a fact witness in this matter and not as an expert. Indeed, during her deposition, when asked "how does Tribune account for deferred compensation plans' costs,"[2] Ms. Bell testified "I am not an accountant . . . so I think I'm not qualified to answer that question."[3] Ms. Bell plainly is not a designated accounting expert with the requisite skill and expertise to opine on the specialized matters contained therein. The identifed portions of the Bell Declaration, paragraphs 37-47 and the documents relied upon therein, are improperly before this Court. The Court should strike them.

8. On February 24, 2012, the TM Retirees filed their *Opening Brief With Respect To Resolution Of Allocation Disputes In Connection With Confirmation Of The Third Amended DCL Plan* [Dkt. No. 10994] (the "Retirees' Opening Brief"). Footnote 12 of the Retirees' Opening Brief identifies the possibility of calling a previously unidentified witness of the Debtors to establish the admissibility of Exhibit P to the Teitelbaum Declaration, which the Debtors did not produce until after this Court denied the Retirees' Modification Motion.[4]

**RELIEF REQUESTED**

9. Law Debenture respectfully requests that the Court (i) strike paragraphs 37 through 47 of the Bell Deposition from the record; (ii) strike paragraphs 11, 12, 13, 19 and 20, including the Accounting Documents and Non-Public Document referenced therein, of the Teitelbaum Declaration as (a) improper expert testimony by a non-expert, (b) improperly authenticated, and (c) inadmissible hearsay; and (iii) preclude the Retirees from calling an additional previously unidentified witness at the Allocation Disputes Hearing.

---

[2]     Deposition of Susan Bell, dated February 15, 2012 ("Bell Tr."), at 57:19-20.

[3]     *Id.* at 57:22 – 58:4.

[4]     Retirees' Opening Brief, at 36.

## ARGUMENT

**I.   Expert Testimony Elicited From Susan Bell
      Is Inadmissible Under FRE 701**

10.     The Federal Rules of Evidence contain procedural safeguards against the
introduction of opinion testimony from non-expert, or "lay" witnesses, under certain
circumstances.  Pursuant to Fed. R. Evid. 701, opinion testimony from lay witnesses is
inadmissible unless it is (a) rationally based on the witnesses' own perceptions; (b) helpful to a
clear understanding of their testimony or the determination of a fact in issue; <u>and</u> (c) not based
on scientific technical, or other specialized knowledge.  Fed. R. Evid. 701.  As discussed below,
paragraphs 37 through 47 of the Bell Declaration constitute expert testimony by a non-expert and
accordingly, are inadmissible under Fed. R. Evid. 701 and should be stricken.

### A.    Lay Opinions Must Be Rationally Based on Witnesses' Own Perception

11.     To be admissible, lay opinion testimony must be "rationally based on the
perception of the witness."  Fed. R. Evid. 701(a).  Rule 701(a) "is essentially a restatement of the
personal knowledge requirement necessary for all lay witness [opinion] testimony."  *United
States v. Stadtmauer*, 620 F.3d 238, 263 (3d Cir. 2010).  Accordingly, "[t]he requirement that a
lay opinion be rationally based on the witness' perception requires that the witness have firsthand
knowledge of the factual predicates that form the basis for the opinion."  *Gov't of V.I. v. Knight*,
989 F.2d 619, 629 (3d Cir. 1993); *see United States v. Glenn*, 312 F.3d 58, 67 (2d Cir. 2002)
("[A] lay opinion must be rationally based on the perception of the witness. This requirement is
the familiar requirement of first-hand knowledge or observation.") (internal quotation marks and
citation omitted).

12.     During her deposition, Susan Bell stated that she is "not an accountant" and that
she was "not qualified" to discuss how Tribune accounted for the costs of the deferred

compensation plans.[5]  Moreover, she does not claim that she has personal knowledge about any

of Tribune's accounting procedures and operations.  Her declaration, however, includes

numerous details about the treatment of deferred compensation plans from an accounting

perspective, which, on its face, cannot be based on firsthand knowledge.

**B.**    **Lay Opinions Must Be Helpful To A Clear Understanding Of Testimony**

13.    Pursuant to FRE 701(b), opinion testimony from a lay witness must also be

helpful.  Fed. R. Evid. 701(b).  Such testimony is only helpful "if it aids or clarifies an issue that

the [fact finder] would not otherwise be as competent to understand."  *Lauria v. Nat'l R.R.*

*Passenger Corp.*, 145 F.3d 593, 600 (3d Cir. 1998).  Lay opinion testimony regarding

unambiguous documents or statements is not helpful, as "[l]ay witnesses are not needed to

interpret clear conversation . . . ."  *McNulty v. Citadel Broad. Co.*, 58 Fed. Appx. 556, 2003 U.S.

App. LEXIS 3625, at *18 (3d Cir. Feb. 26, 2003); *see also Lightning Lube, Inc. v. Witco Corp.*, 4

F.3d 1153, 1180 (3d Cir. 1993).

14.    Here, the Bell Declaration does not aid or clarify any factual issues that are

relevant to the Allocation Disputes currently before the Court.  Specifically, the TM Retirees

have not shown the Subordination Agreements at issue are ambiguous and have admitted

otherwise in their submissions.  As such, Ms. Bell's opinion testimony on the accounting

treatment of deferred compensation is not relevant to the contractual interpretation of the

unambiguous provisions of the Subordination Agreements.  Moreover, this Court should not rely

on Ms. Bell's opinion testimony on matters in which she already admitted she lacks the requisite

skill and expertise.

---

[5]    Bell Tr. at57:22 – 58:4.

### C. The Bell Declaration Is Based On Specialized Knowledge

15.     A lay opinion that is based on specialized, scientific or technical knowledge is inadmissible under Rule 701(c), even if it is based on the personal perception of the witness. Fed. R. Evid. 701(c); *see also McCrary v. N.J. Transit Rail Operations, Inc.*, 2008 U.S. Dist. LEXIS 56719, at *15 (D.N.J. July 23, 2008) ("Plaintiff claims that his proposed witnesses should be able to testify on these subjects from their 'personal observations.'  This is not so when the issue is specialized or technical.")  Rule 701 was amended in 2000 "to 'eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing . . . .'"  *Hirst v. Inverness Hotel Corp.*, 544 F.3d 221, 227 (3d Cir. 2008) (quoting Fed. R. Evid. 701, Adv. Comm. Notes (2000 Amendments)).

16.     Paragraphs 37 through 47 of the Bell Declaration include highly technical information that undoubtedly requires a specialized knowledge of accounting and Tribune's treatment of deferred compensation in its required disclosures to the SEC, which Susan Bell admitted she lacks and is "not qualified" to provide.  The Court should not allow her to do so and permit the TM Retirees to introduce evidence that the Court previously precluded when it denied their request to call an expert witness.  The Court must not condone this backdoor approach.

## II.     The Teitelbaum Documents Are Inadmissible and Must Be Excluded

### A.     The Accounting Documents And The Non-Public Documents Are Inadmissible Hearsay

17.     In addition to being irrelevant, the Accounting Documents and the Non-Public Document are inadmissible hearsay – statements made outside of the hearing offered for the truth of the matter asserted – that must be excluded pursuant to Fed. R. Evid. 802.  *See* Fed. R. Evid. 801(c), 802.  The Retirees will argue that these documents fall into a hearsay exception but under

the clear terms of the Federal Rules of Evidence they do not.  *See* Fed. R. Evid. 803.  Because

the Non-Public Documents and the Accounting Documents do not fall under any hearsay

exception, they are not admissible and must be excluded.  *See* Fed. R. Evid. 802; *United States v.*

*Blakeslee*, 423 Fed. Appx. 136, 142, 2011 U.S. App. LEXIS 7868, at *15 (3d Cir. Apr. 15, 2011)

(document "was inadmissible unless a hearsay exception applies").

        1.       **The Accounting Documents Are Not Admissible as Learned Treatises**

18.      The TM Retirees will also argue that the Accounting Documents are admissible as

learned treatises under Fed. R. Evid. 803(18).  However, this argument must fail because learned

treatises are only admissible to the extent they are "called to the attention of an expert witness,"

Fed. R. Evid. 803(18)(A), and "established as reliable authority by the expert's admission or

testimony, by another expert's testimony, or by judicial notice."  Fed. R. Evid. 803(18)(B).

19.      On February 22, 2012, the Court rejected the TM Retirees request to provide an

expert to testify as to accounting issues.  Without a qualified expert that is familiar with the

materials to testify as to them, the Accounting Documents are not admissible.  *See Bogacki v.*

*Am. Mach. & Foundry Co.*, 417 F.2d 400, 408 (3d Cir. 1969) (affirming district court's exclusion

of statistical reports where party had not offered a qualified expert witness to introduce them).

At least one other bankruptcy court has refused to admit a treatise into evidence where it was

attached as an exhibit to an attorney declaration without satisfying the requirements of Rule

803(18).  *See In re Scarff*, 2010 Bankr. LEXIS 3672, at *17-18 (Bankr. N.D. Cal. Oct. 14, 2010).

20.      Accordingly, the Accounting Documents are inadmissible and must be stricken

from the record.

        2.       **The Non-Public Document Is Not An Admissible Business Records**

21.      The Retirees will argue that the Non-Public Documents are records of a regularly

conducted activity and thus fall under the hearsay exception contained in Fed. R. Evid. 803(6).

In the Third Circuit, the foundational requirements for admission of a business record are:

> 1)  [t]he declarant in the records had personal knowledge to make accurate statements;
>
> 2)  the declarant recorded the statements contemporaneously with the actions that were the subject of the reports;
>
> 3)  the declarant made the record in the regular course of the business activity; and
>
> 4)  such records were regularly kept by the business.

*Blakeslee*, 423 Fed. Appx. at 143 (citing *United States v. Sokolow*, 91 F.3d 396, 403 (3d Cir. 1996)).  Under Rule 803(6) these elements must be attested to by "the custodian or another qualified witness or by a certification that complies with Rule 902(11)."  "A qualified witness 'need not be an employee of the [record-keeping] entity so long as he understands the system' and can testify as to the 'foundational requirements of Rule 803(6).'"  *Blakeslee*, 423 Fed. Appx. at 142-143 (citing *United States v. Console*, 13 F.3d 641, 657 (3d Cir. 1993)).

22.     The Retirees have made no effort to address these requirements as to the Non-Public Document through the proffering of a qualified witness or a certification that complies with Rule 902(11).[6]  Rather, they have asked the Debtors and the other parties to sign a stipulation saying that such evidence is unnecessary.  This meager sop to the requirements of the Federal Rules of Evidence is plainly insufficient and the Non-Public Documents must be excluded as inadmissible hearsay.  Furthermore, the Retirees disclosed in footnote 12 of their Opening Brief that it may call a witness with respect to Exhibit P to the Teitelbaum Declaration. In addition to this late notification of witness testimony, the document in question was not produced until five days after the discovery deadline and immediately following the Court's

---

[6]      It is too late for the Retirees to identify a custodian witness at this point in the proceedings.  The deadline to identify witnesses expired on January 31, 2012 and the discovery period closed on February 17, 2012.

order denying the Retirees' Modification Motion.  The late disclosure of documents and

witnesses is exactly what the Court admonished the parties for during the last hearing and should

not be permitted now.

## **CONCLUSION**

WHEREFORE, for the reasons stated above, this Court should (a) strike from the record

(i) paragraphs 37 through 47 of the Bell Declaration and (ii) paragraphs 8, 9, 10, 11, 12, 13, 19

and 20 of the Teitelbaum Declaration, including the exhibits attached thereto, (b) preclude the

Retirees from calling an additional previously unidentified witness at the Allocation Disputes

Hearing, and (c) grant such further relief as may be necessary to effectuate the relief sought.

Dated: February 28, 2012
        Wilmington, Delaware

                                             Respectfully submitted,

KASOWITZ, BENSON, TORRES            BIFFERATO GENTILOTTI LLC
  & FRIEDMAN LLP
David S. Rosner                         _____/s/ Garvan F. McDaniel_____
Sheron Korpus                       Garvan F. McDaniel (I.D. No. 4167)
Christine A. Montenegro             800 N. King Street, Plaza Level
Matthew B. Stein                    Wilmington, Delaware 19801
1633 Broadway                       302-429-1900
New York, New York 10019
212-506-1700

*Counsel for Law Debenture Trust Company of New York, solely in its capacity as successor
Indenture Trustee for certain series of Senior Notes*

10