Holders shall cease, except for the right of such Holders to receive the Redemption Amount (but without interest on such Redemption Amount).

If the Redemption Date is not a Business Day, then the Redemption Amount shall be payable on the next Business Day (and without any interest or other payment in respect of any such delay). However, if the next Business Day is in the next calendar year, the Redemption Amount shall be payable on the preceding Business Day.

If the Company improperly holds or refuses to pay any Redemption Amount, interest on the PHONES shall continue to accrue at a rate of 8.125% per annum from the original Redemption Date (the "Original Redemption Date") to the actual date of payment (the "Actual Redemption Date"). In such case, the Actual Redemption Date shall be considered the Redemption Date for purposes of calculating the Redemption Amount. The Final Period Distribution shall be deemed paid on the Original Redemption Date to the extent paid as set forth in the definition of Final Period Distribution above.

<u>Reference Share Adjustments</u>

For purposes hereof, "Reference Company" means America Online, Inc., a Delaware corporation ("AOL"), and any other issuer of a Reference Share. A "Reference Share" means, collectively (i) one share of Common Stock, par value $0.01 per share of AOL (the "AOL Common Stock"); (ii) each share of publicly traded equity securities received by a holder of one Reference Share in respect of such share of AOL Common Stock or other Reference Shares (either directly or as the result of successive applications of this paragraph) upon any of the following events: (A) the distribution on or in respect of a Reference Share in Reference Shares; (B) the combination of Reference Shares into a smaller number of shares or other units; (C) the subdivision of outstanding shares or other units of Reference Shares; (D) the conversion or reclassification of Reference Shares by issuance or exchange of other securities; (E) any consolidation or merger of a Reference Company, or any surviving entity or subsequent surviving entity of a Reference Company (a "Reference Company Successor"), with or into another entity (other than a merger or consolidation in which the Reference Company is the continuing corporation and in which the Reference Company common stock outstanding immediately prior to the merger or consolidation is not exchanged for cash, securities or other property of the Reference Company or another corporation); (F) any statutory exchange of securities of the Reference Company or any Reference Company Successor with another corporation (other than in connection with a merger or acquisition and other than a statutory exchange of securities in which the Reference Company is the continuing corporation and in which the Reference Company common stock outstanding immediately prior to the statutory exchange is not exchanged for cash, securities or other property of the Reference Company or another corporation); or (G) any liquidation, dissolution or winding up of the Reference Company or any Reference Company Successor; and (iii) any Reference Share Offer Adjustment.

R-10

WTC0000109

A "Reference Share Offer" means any tender offer or exchange offer made for all or a portion of a class of Reference Shares of a Reference Company. If a Reference Share Offer is made, the Company may, at its option, either: (i) during the pendency of the Reference Share Offer, increase the Early Exchange Ratio to 100%; or (ii) make a Reference Share Offer Adjustment.

A "Reference Share Offer Adjustment" means each share of publicly traded equity securities, if any, deemed to be distributed on or in respect of a Reference Share as Average Transaction Consideration less the Reference Share Proportionate Reduction.

"Average Transaction Consideration" deemed to be received by a Holder of one Reference Share in a Reference Share Offer shall be equal to (i) the aggregate consideration actually paid or distributed to all Holders of Reference Shares in the Reference Share Offer, divided by (ii) the total number of Reference Shares outstanding immediately prior to the expiration of the Reference Share Offer and entitled to participate in that Reference Share Offer.

A "Reference Share Proportionate Reduction" means a proportionate reduction in the number of Reference Shares which are the subject of the applicable Reference Share Offer and attributable to one PHONES calculated in accordance with the following formula:

$$R = \frac{X}{N}$$

where:

$R =$ the fraction By which the number of Reference Shares of the class of Reference Shares subject to the Reference Share Offer and attributable to one PHONES shall be reduced.

$X =$ the aggregate number of Reference Shares of the class of Reference Shares subject to the Reference Share Offer accepted in the Reference Share Offer.

$N =$ the aggregate number of Reference Shares of the class of Reference Shares subject to the Reference Share Offer outstanding immediately prior to the expiration of the Reference Share Offer.

If the Company elects to make a Reference Share Offer Adjustment, the Company will distribute as Additional Interest the Average Transaction Consideration (other than Average Transaction Consideration that is publicly traded equity securities) deemed to be received on the Reference Shares of the class subject to the Reference Share Offer and attributable to each PHONES immediately prior to giving effect to the Reference Share Proportionate Reduction relating to such Reference Share Offer.

R-11

If the Company elects to make a Reference Share Offer Adjustment, and during the pendency of the Reference Share Offer another Reference Share Offer is commenced in relation to the Reference Shares the subject of the then existing Reference Share Offer, the Company may change such original election by electing to increase the Early Exchange Ratio to 100% during the pendency of the new Reference Share Offer, or it can continue to elect to make a Reference Share Offer Adjustment. The Company shall similarly be entitled to change such election for each further Reference Share Offer made during the pendency of any Reference Share Offer for the same class of Reference Shares. For the purposes of these adjustments, a material change to the terms of an existing Reference Share Offer will be deemed to be a new Reference Share Offer.

If the Company elects to increase the Early Exchange Ratio to 100% in connection with a Reference Share Offer, no Reference Share Offer Adjustment shall be made and the Company may not change such election if any further Reference Share Offer is made.

The Company shall give the Trustee notice of the Company's election in the event of a Reference Share Offer. The Company shall also prepare a press release and provide such press release to DTC for dissemination through the DTC broadcast facility. The Company shall give such notice no later than ten (10) Business Days before the scheduled expiration of the Reference Share Offer.

### Acceleration of PHONES

If an Event of Default with respect to the PHONES shall occur and be continuing, the Maturity Amount of all PHONES then outstanding may be declared, or may become, due and payable upon the conditions and in the manner and with the effect provided in the Indenture.

### Amount Payable Upon Bankruptcy

Upon dissolution, winding-up, liquidation or reorganization, whether voluntary or involuntary or in bankruptcy, insolvency, receivership or other similar proceedings, in respect of the Company, Holders of the PHONES may be entitled to a claim against the Company with respect to each PHONES in an amount equal to: (i) the higher of (A) the then applicable Contingent Principal Amount or (B) the sum of (1) the Current Market Value (without giving effect to the provisions relating to any Rollover Offering) of the Reference Shares attributable to each PHONES and (2) any unpaid Deferred Quarterly Interest (including any Accrued Interest) per PHONES; and (ii) the Final Period Distribution determined as if the date of such event was the Maturity Date of the PHONES.

### Calculations in Respect of the PHONES

The Company shall be responsible for making all calculations required under the PHONES including, without limitation, the determination of: (i) the Contingent Principal

R-12

Amount; (ii) the Current Market Value of the Reference Shares; (iii) the Exchange Market Value of the Reference Shares; (iv) the Final Period Distribution on the PHONES; (v) the fair market value of any property distributed on the Reference Shares; (vi) the Average Transaction Consideration; (vii) the composition of one Reference Share; and (viii) the amount of Accrued Interest payable upon Redemption or at Maturity of the PHONES.

The Company shall make all such calculations in good faith and, absent manifest error, such calculations shall be final and binding on Holders of the PHONES. The Company shall provide a schedule of such calculations to the Trustee and the Trustee shall be entitled to rely upon the accuracy of such calculations without independent verification.

Modifications

The Indenture permits, with certain exceptions as therein provided, the amendment thereof and the modification of the rights and obligations of the Company and the rights of the Holders of the Securities at any time by the Company and the Trustee with the consent of the Holders of not less than a majority of the aggregate principal amount of all Securities of each series at the time outstanding and affected thereby. The Indenture also contains provisions permitting the Holders of not less than a majority of the aggregate principal amount of the outstanding Securities of any series, on behalf of the Holders of all Securities of such series, to waive compliance by the Company with certain provisions of the Indenture and certain past defaults under the Indenture and the consequences with respect to such series. Any such consent or waiver by the Holder of this PHONES shall be conclusive and binding upon such Holder and upon all future Holders of this PHONES and of any PHONES issued upon the transfer hereof or in exchange heretofore or in lieu hereof, whether or not notation of such consent or waiver is made upon this PHONES.

Except with respect to the rights of the holders of Senior Indebtedness set forth in this PHONES and in the Indenture, no reference herein to the Indenture and no provision of this PHONES and of the Indenture shall alter or impair the obligation of the Company, which is absolute and unconditional, to pay the principal of, premium, if any, or interest on this PHONES at the place, at the respective times, at the rate, and in the coin or currency herein prescribed.

The Indenture contains provisions for defeasance of : (i) the entire indebtedness of the Securities; and (ii) certain covenants and Events of Default with respect to the Securities, in each case upon compliance with certain conditions set forth therein, which provisions apply to the Securities.

As provided in the Indenture and subject to certain limitations therein and herein set forth, the transfer of this PHONES is registrable in the Security Register of the Company upon surrender of this PHONES for registration of transfer at the office or agency of the Company in any place where the principal hereof and any premium or interest hereon are payable, duly endorsed by, or accompanied by a written instrument of transfer in form satisfactory to the

WTC0000112

Company and the Security Registrar duly executed by, the Holder hereof or by his attorney duly authorized in writing, and thereupon one or more new PHONES, of authorized denominations and for the same aggregate principal amount, shall be issued to the designated transferee or transferees.

No service charge shall be made for any such registration of transfer or exchange, but the Company may require payment of a sum sufficient to cover any tax or other governmental charge payable in connection therewith.

As provided in the Indenture and subject to certain limitations therein and herein set forth, this PHONES is exchangeable for a like aggregate principal amount of PHONES of different authorized denominations but otherwise having the same terms and conditions, as requested by the Holder hereof surrendering the same.

Certain capitalized terms used in this PHONES but not defined herein have the meanings set forth in the Indenture.

THIS PHONES SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF ILLINOIS EXCEPT AS MAY BE OTHERWISE REQUIRED BY MANDATORY PROVISIONS OF LAW.

The Company, the Trustee for the PHONES and any agent of the Company or such Trustee may treat the person in whose name this PHONES is registered as the owner hereof for the purpose of receiving payment as herein provided and for all other purposes, whether or not this PHONES is overdue, and neither the Company, such Trustee nor any such agent shall be affected by notice to the contrary.

R-14

WTC0000113

## ABBREVIATIONS

The following abbreviations, when used in the inscription on the face of this instrument, shall be construed as though they were written out in full according to applicable laws or regulations:

TEN COM   — as tenants in common        UNIF GIFT MIN ACT   —       Custodian

TEN ENT   — as tenants by the entireties                                   (Cust)        (Minor)

JT TEN   — as joint tenants with right of           under Uniform Gifts to Minors Act

           survivorship and not as

           tenants in common                                           (State)

Additional abbreviations may also be used though not in the above list.

FOR VALUE RECEIVED, the undersigned hereby sell(s), assign(s) and transfer(s) unto

Please insert Social Security or Taxpayer I.D. or other
Identifying Number of Assignee

Please Print or Type Name and Address Including Postal Zip Code of Assignee

the within PHONES and all rights thereunder, hereby irrevocably constituting and appointing _____

_____ attorney to transfer said

PHONES on the books of Tribune Company with full power of substitution in the premises.

Dated: _____

_____
Signature

NOTICE: The signature to this assignment must correspond
with the name as it appears upon the face of the within
PHONES in every particular, without alteration or
enlargement or any change whatsoever.

:CDMA\PCDOCPCHICAGO\FB413494  April 15, 1999 (2:54pm)

R-15

**Tribune Company**
Indenture dated April 1, 1999
(PHONES) - Exchge Sub. Deb due 2029

| # | Exchange Date | Holder | Number of Shares | OWAC Approved | Received Officers Certificate | Payment Date | Payment Amount | Holder Paid |
|---|---|---|---|---|---|---|---|---|
| 1 | 9/12/2008 | Morgan Stanley | 10 | Yes | | | | |
| 2 | 9/12/2008 | DB Securities | 10 | Yes | | | | |
| 3 | 11/12/2008 | Goldman Sachs | 100 | Yes | Yes | 11/26/2008 | $1,738.50 | Yes |
| 4 | 11/14/2008 | Goldman Sachs | 71,792 | Yes | Yes | 12/1/2008 | $1,248,444.40 | Yes |
| 5 | 11/17/2008 | Goldman Sachs | 5,000 | Yes | Yes | 12/2/2008 | $79,900 | Yes |
| 6 | 11/18/2008 | DB Securities | 303,829 | Yes | Yes | 12/8/2008 | $4,729,951.31 | Yes |
| 7 | 11/26/2008 | Credit Suisse | 5,000 | Yes | Yes | 12/11/2008 | $85,975 | N/A |
| 8 | 12/1/2008 | Citadel | 80,000 | Yes | Yes | 12/15/2008 | $1,368,000 | N/A |
| 9 | 12/1/2008 | Goldman Sachs | 40,000 | Yes | Yes | 12/15/2008 | $684,000 | N/A |
| 10 | 12/1/2008 | Credit Suisse | 167,340 | Yes | Yes | 12/15/2008 | $2,861,514 | N/A |
| 11 | 12/2/2008 | Citadel | 1,300,000 | Yes | N/A - due on 12/10 | N/A | N/A | N/A |
| 12 | 12/2/2008 | DB Securities | 45,000 | Yes | N/A - due on 12/10 | N/A | N/A | N/A |
| 13 | 12/2/2008 | Citigroup | 40,000 | No | N/A - due on 12/10 | N/A | N/A | N/A |
| 14 | 12/3/2008 | Goldman Sachs | 197,237 | No | Yes | 12/17/2008 | $3,552,632.84 | N/A |
| 15 | 12/3/2008 | Citigroup | 29,750 | Yes | Yes | 12/17/2008 | $535,857 | N/A |
| 16 | 12/3/2008 | Citigroup | 18,175 | Yes | Yes | 12/17/2008 | $327,366.10 | N/A |
| 17 | 12/3/2008 | Citigroup | 92,654 | Yes | Yes | 12/17/2008 | $1,659,677.85 | N/A |
| 18 | 12/3/2008 | Citigroup | 36,668 | Yes | Yes | 12/17/2008 | $664,066.42 | N/A |
| 19 | 12/3/2008 | Citigroup | 12,800 | Yes | Yes | 12/17/2008 | $228,951.20 | N/A |
| 20 | 12/8/2008 | DB Securities | 877,035 | Yes | N/A - due on 12/16 | N/A | N/A | N/A |
| 21 | 12/8/2008 | Goldman Sachs | 197,237 | No | N/A - due on 12/16 | N/A | N/A | N/A |
| 22 | 12/8/2008 | Banc Of America | 75,000 | Yes | N/A - due on 12/16 | N/A | N/A | N/A |
| 23 | 12/8/2008 | UBS | 329,690 | Yes | N/A - due on 12/16 | N/A | N/A | N/A |

3,046,116.00

| | |
|---|---|
| Original Units | 8,000,000.00 |
| Less Exchanges | 3,046,116.00 |
| Current Balance | 4,953,884.00 |

## PHONES (TXA) Exchange Activity



* The 12/9/08 OC that was delivered was in error, and was based on 92,164, instead of the correct value of 92,994.

NOTES:
Percentage would change from 0.95 to 1.00 if Tribune decided to suspend quarterly interest payment.

TWK price is determined based on closing price the day after the exchange, however if $50,000 or more exchange on one day, the settlement price is a 5 trading day avg. commencing the first trading day after the exchange.

Tribune has 1 business day post trade pricing date to reply via Officers' Certificate to Deal Confirm of Deutsche Bank.

WTC0000116

| Date | Open | High | Low | Close | Volume |
|---|---|---|---|---|---|
| 12/16/2008 | | | | Actual: | |
| 12/12/2008 | 9.76 | 10.1 | 8.88 | | 20332300 |
| 12/11/2008 | 9.98 | 10.42 | 9.9 | | 31083100 |
| 12/10/2008 | 9.57 | 10.24 | 9.51 | | 34538600 |
| 12/9/2008 | 9.46 | 9.92 | 9.4 | | 26138900 |
| 12/8/2008 | 9.5 | 9.68 | 9.11 | | 44117800 |
| 12/5/2008 | 9.2 | 9.66 | 9.47 | | 44154900 |
| 12/4/2008 | 9.96 | 10.04 | 8.98 | | 43068700 |
| 12/3/2008 | 9.8 | 9.19 | 8.98 | | 37814800 |
| | | | | | |
| 12/2/2008 | 9.52 | 9.04 | 8.41 | | 28375000 |
| 12/1/2008 | 8.91 | 9 | 8.5 | | 30880000 |
| 11/28/2008 | 9.45 | 9.09 | 8.48 | | 14966200 |
| 11/26/2008 | 8.13 | 8.98 | 7.94 | 8.65 | 26933600 |
| 11/25/2008 | 7.91 | 8.45 | 7.84 | 8.35 | 37344200 |
| 11/24/2008 | 8.12 | 8.32 | 7.89 | 7.72 | 61321600 |
| 11/21/2008 | 7.25 | 8.12 | 7.03 | 8.12 | 54516700 |
| 11/20/2008 | 8.01 | 8.2 | 7 | 7.27 | 62043000 |
| 11/19/2008 | 9.29 | 8.79 | 8.08 | | 38806900 |
| 11/18/2008 | 9.68 | 8.71 | 8.01 | | 41580200 |
| 11/17/2008 | 9 | 9.19 | 8.54 | | 31848500 |
| 11/14/2008 | 8.92 | 8.74 | 8.84 | 8.15 | 36367600 |
| 11/13/2008 | 8.86 | 9.17 | 8.01 | | 43485300 |
| 11/12/2008 | 8.49 | 9.86 | 8.52 | 8.81 | 35348100 |
| 11/11/2008 | 9.75 | 9.96 | 9.38 | 8.86 | 22343600 |
| 11/10/2008 | 10.3 | 10.6 | 9.88 | 9.89 | 17012600 |
| 11/7/2008 | 9.52 | 10.14 | 9.47 | 10.1 | 24202600 |
| 11/6/2008 | 9.98 | 10.18 | 9.45 | 9.64 | 31277000 |
| 11/5/2008 | 11.02 | 11.22 | 10.05 | 10.15 | 34838600 |
| 11/4/2008 | 10.22 | 10.69 | 9.95 | 10.63 | 36084700 |
| 11/3/2008 | 10.16 | 10.35 | 9.79 | 9.99 | 22388600 |
| 10/31/2008 | 9.73 | 10.36 | 9.73 | 10.06 | 36785800 |
| 10/30/2008 | 9.84 | 10.39 | 9.7 | 9.95 | 26603000 |
| 10/29/2008 | 10.03 | 10.17 | 9.45 | 9.96 | 25876000 |
| 10/28/2008 | 9.97 | 10.1 | 9.98 | 10.1 | 38848600 |
| 10/27/2008 | 9.91 | 9.24 | 9.7 | 8.41 | 29394800 |
| 10/24/2008 | 9.82 | 6.45 | 8.68 | 9.1 | 28962700 |
| 10/23/2008 | 9.63 | 9.85 | 8.76 | 9.49 | 46728800 |
| 10/22/2008 | 10.08 | 10.2 | 9.33 | 9.81 | 36775708 |
| 10/21/2008 | 10.82 | 10.97 | 10.21 | 10.37 | 29283400 |
| 10/20/2008 | 10 | 10.43 | 9.8 | 10.82 | 41980600 |
| 10/17/2008 | 9.33 | 10.19 | 9.22 | 9.91 | 37788800 |
| 10/16/2008 | 9.41 | 9.7 | 8.83 | 9.6 | 44468700 |
| 10/15/2008 | 10.26 | 10.96 | 9.31 | 9.36 | 40022400 |
| 10/14/2008 | 10.76 | 11.04 | 10.18 | 10.48 | 46136800 |
| 10/13/2008 | 9.72 | 10.5 | 9.28 | 10.4 | 60820000 |
| 10/10/2008 | 9.31 | 10 | 4.88 | 9.19 | 78087100 |
| 10/9/2008 | 10.87 | 11.1 | 9.84 | 10.09 | 42377800 |
| 10/8/2008 | 10.4 | 11.13 | 10.4 | 10.76 | 61178200 |
| 10/7/2008 | 11.37 | 11.37 | 10.61 | 10.73 | 51411200 |
| 10/6/2008 | 11.9 | 12.06 | 10.86 | 11.23 | 64138800 |
| 10/3/2008 | 12.64 | 12.88 | 12.05 | 12.12 | 28676700 |
| 10/2/2008 | 12.95 | 13.09 | 12.35 | 12.6 | 30036700 |
| 10/1/2008 | 12.92 | 13.16 | 12.76 | 13.06 | 22735300 |
| 9/30/2008 | 13.11 | 13.23 | 12.82 | 13.11 | 34085700 |
| 9/29/2008 | 14.69 | 14.7 | 12.66 | 12.9 | 38104800 |
| 9/26/2008 | 13.97 | 14.24 | 13.78 | 14.21 | 29634000 |
| 9/25/2008 | 14.04 | 14.43 | 13.92 | 14.24 | 26801300 |
| 9/24/2008 | 13.92 | 14.21 | 13.63 | 13.90 | 20665200 |
| 9/23/2008 | 13.9 | 14.21 | 13.57 | 13.63 | 27748200 |
| 9/22/2008 | 14.38 | 14.55 | 13.82 | 13.89 | 26370400 |
| 9/19/2008 | 14.1 | 14.59 | 13.15 | 14.96 | 43363600 |
| 9/18/2008 | 13.63 | 14.06 | 13.19 | 13.98 | 47762200 |
| 9/17/2008 | 13.9 | 14.23 | 13.73 | 13.74 | 45968600 |
| 9/16/2008 | 14 | 14.24 | 13.64 | 14.08 | 38676200 |
| 9/15/2008 | 14.14 | 14.45 | 14.00 | | 38236400 |
| 9/12/2008 | 14.41 | 14.74 | 14.12 | 14.57 | 26606400 |
| 9/11/2008 | 14.92 | 14.62 | 14.29 | 14.42 | 49248200 |
| 9/10/2008 | 15.53 | 15.39 | 14.84 | 14.85 | 31189600 |
| 9/9/2008 | 15.53 | 15.88 | 15.18 | 15.18 | 27390300 |
| 9/8/2008 | 15.62 | 15.79 | 15.39 | 15.72 | 23171400 |
| 9/5/2008 | 15.37 | 15.48 | 15.05 | 15.25 | 26287600 |
| 9/4/2008 | 16.19 | 16.3 | 15.4 | 16.46 | 38660000 |
| 9/3/2008 | 16.5 | 16.5 | 16.1 | 16.35 | 36623500 |
| 9/2/2008 | 16.42 | 16.9 | 16.47 | 16.7 | 38267100 |
| 8/29/2008 | 16.14 | 16.52 | 16.12 | 16.37 | 22663600 |
| 8/28/2008 | 16.94 | 16.32 | 15.96 | 16.29 | 20476900 |
| 8/27/2008 | 15.68 | 15.67 | 15.67 | 15.68 | 16681600 |
| 8/26/2008 | 15.68 | 15.95 | 16.48 | 15.68 | 18470800 |
| 8/25/2008 | 15.99 | 15.99 | 16.61 | 15.67 | 15742100 |
| 8/22/2008 | 15.97 | 16.04 | 15.53 | 16.04 | 18246500 |
| 8/21/2008 | 15.41 | 15.58 | 15.21 | 15.51 | 21251100 |
| 8/20/2008 | 15.74 | 15.82 | 16.35 | 15.5 | 18736500 |
| 8/19/2008 | 15.87 | 15.84 | 15.6 | 15.72 | 16862500 |
| 8/18/2008 | 16.19 | 16.23 | 15.87 | 16.99 | 21328400 |
| 8/15/2008 | 16.98 | 16.25 | 15.77 | 16.17 | 22232000 |
| 8/14/2008 | 15.6 | 15.98 | 15.31 | 15.65 | 18577200 |
| 8/13/2008 | 15.58 | 15.68 | 15.36 | 15.52 | 18534000 |
| 8/12/2008 | 16 | 16 | 15.83 | 15.86 | 18057400 |
| 8/11/2008 | 15.64 | 16.2 | 16.42 | 15.68 | 24646900 |
| 8/8/2008 | 14.66 | 16.54 | 14.5 | 15.8 | 34781600 |
| 8/7/2008 | 14.66 | 14.85 | 14.48 | 14.5 | 26476700 |
| 8/6/2008 | 15 | 15.09 | 14.48 | 14.83 | 24537900 |
| 8/5/2008 | 14.41 | 14.86 | 14.41 | 14.89 | 20251800 |
| 8/4/2008 | 14.24 | 14.64 | 14.2 | 14.4 | 17861500 |
| 8/1/2008 | 14.46 | 14.49 | 14.07 | 14.23 | 16536600 |

**EXCHANGE NOTICE**

Deutsche Bank Trust Company Americas
60 Wall Street, 27th Floor, Mailstop: NYC 60-2710
New York, New York 10005
Attention: Trust and Securities Services

Re:   Tribune Company – Exchangeable Subordinated Debentures due 2029 (the
"PHONES") CUSIP:  896047305

Ladies and Gentleman:

1.  By delivering this Exchange Notice the undersigned hereby acknowledges and agrees
that the undersigned has read the Exchange Procedures attached hereto which, to the extent such
Exchange Procedures modify the procedures contained in the PHONES, shall supersede and
replace the procedures set forth in the PHONES.

2.  Please accept this letter as authorization to exchange the number of PHONES
provided below for an amount of cash equal to the percentage of the exchange market value of
the reference shares attributable to the PHONES (the "Exchange").  Complete information
related to the PHONES to be exchanged is provided below.

| | |
|---|---|
| Number of PHONES to be Exchanged: | 229,690 |
| Brokerage Firm: | UBS Securities LLC |
| Broker Name: | UBS - Anthony Selacastro |
| DTC Participant Number: | REDACTED |
| Wire Instructions: | REDACTED |
| Tax ID Number | REDACTED |

3.  A withdrawal has been submitted to The Depository Trust Company
Deposit/Withdrawal At Custodian System (the "DWAC System") and Deutsche Bank Trust
Company Americas, as trustee under the indenture relating to the PHONES (the "Trustee"), is
hereby authorized to withdraw the PHONES listed above as of the date hereof pending exchange
of such PHONES and the Trustee is hereby instructed to cancel the PHONES listed above upon
consummation of the Exchange.

CHI 6697722v.3

**Highly Confidential**

Regards,

[Name]



Michael Marciano
Associate Director
Operations

REDACTED - Medallion Certification

2

WTC0000119

Highly Confidential

## EXCHANGE NOTICE

Deutsche Bank Trust Company Americas
60 Wall Street, 27th Floor, Mailstop: NYC 60-2710
New York, New York 10005
Attention: Trust and Securities Services

Re: Tribune Company -- Exchangeable Subordinated Debentures due 2029 (the "PHONES") CUSIP: 896047305

Ladies and Gentlemen:

1. By delivering this Exchange Notice the undersigned hereby acknowledges and agrees that the undersigned has read the Exchange Procedures attached hereto which, to the extent such Exchange Procedures modify the procedures contained in the PHONES, shall supersede and replace the procedures set forth in the PHONES.

2. Please accept this letter as authorization to exchange the number of PHONES provided below for an amount of cash equal to the percentage of the exchange market value of the reference shares attributable to the PHONES (the "Exchange"). Complete information related to the PHONES to be exchanged is provided below.

Number of PHONES to be Exchanged:    _15,000_

Brokerage Firm:    _Banc of America Securities LLC._

Broker Name:

DTC Participant Number:    █████ REDACTED █████

Wire Instructions:

█████████████████████
█████████████████████
█████ REDACTED █████
█████████████████████
█████████████████████

Tax ID Number:  █████ REDACTED █████

3. A withdrawal has been submitted to The Depository Trust Company Deposit/Withdrawal At Custodian System (the "DWAC System") and Deutsche Bank Trust Company Americas, as trustee under the indenture relating to the PHONES (the "Trustee"), is hereby authorized to withdraw the PHONES listed above as of the date hereof pending exchange of such PHONES and the Trustee is hereby instructed to cancel the PHONES listed above upon consummation of the Exchange.

CHI 4401713v.5

Highly Confidential

WTC0000120

Banc of America Securities
100 West 33rd Street - 3rd Floor
Mail Code NY1-500-03-06
New York, NY 10001
Attn: Reorganization

Regards,

[Name]



REDACTED - Mediation Confirmation

2

WTC0000121

**Highly Confidential**

## EXCHANGE NOTICE

Deutsche Bank Trust Company Americas
60 Wall Street, 27th Floor, Mailstop: NYC 60-2710
New York, New York 10005
Attention: Trust and Securities Services

Re:  Tribune Company -- Exchangeable Subordinated Debentures due 2029 (the
"PHONES") CUSIP: 896047305

Ladies and Gentlemen:

1. By delivering this Exchange Notice the undersigned hereby acknowledges and agrees that the undersigned has read the Exchange Procedures attached hereto which, to the extent such Exchange Procedures modify the procedures contained in the PHONES, shall supersede and replace the procedures set forth in the PHONES.

2. Please accept this letter as authorization to exchange the number of PHONES provided below for an amount of cash equal to the percentage of the exchange market value of the reference shares attributable to the PHONES (the "Exchange"). Complete information related to the PHONES to be exchanged is provided below.

Number of PHONES to be Exchanged:   *627,090*

Brokerage Firm:   *Deutsche Bank*

Broker Name:   *Deutsche Bank*

DTC Participant Number:   REDACTED

Wire Instructions:

REDACTED

Tax ID Number   REDACTED

3. A withdrawal has been submitted to The Depository Trust Company Deposit/Withdrawal At Custodian System (the "DWAC System") and Deutsche Bank Trust Company Americas, as trustee under the indenture relating to the PHONES (the "Trustee"), is hereby authorized to withdraw the PHONES listed above as of the date hereof pending exchange of such PHONES and the Trustee is hereby instructed to cancel the PHONES listed above upon consummation of the Exchange.

Highly Confidential

REDACTED - Marathon Certification

Regards,

[Name]

2

WTC0000123

**Highly Confidential**

# EXCHANGE NOTICE

Deutsche Bank Trust Company Americas
60 Wall Street, 27th Floor, Mailstop: NYC 60-2710
New York, New York 10005
Attention: Trust and Securities Services

Re:  Tribune Company – Exchangeable Subordinated Debentures due 2029 (the
     "PHONES") CUSIP: 896047305

Ladies and Gentleman:

1. By delivering this Exchange Notice the undersigned hereby acknowledges and agrees that the undersigned has read the Exchange Procedures attached hereto which, to the extent such Exchange Procedures modify the procedures contained in the PHONES, shall supersede and replace the procedures set forth in the PHONES.

2. Please accept this letter as authorization to exchange the number of PHONES provided below for an amount of cash equal to the percentage of the exchange market value of the reference shares attributable to the PHONES (the "Exchange"). Complete information related to the PHONES to be exchanged is provided below.

| | |
|---|---|
| Number of PHONES to be Exchanged: | *197.237* |
| Brokerage Firm: | *Goldman Sachs & Co* |
| Broker Name: | *Goldman Sachs & Co* |
| DTC Participant Number: | REDACTED |
| Wire Instructions: | REDACTED |

REDACTED - Mediation Certification                REDACTED

3. A withdrawal has been submitted to The Depository Trust Company Deposit/Withdrawal At Custodian System (the "DWAC System") and Deutsche Bank Trust Company Americas, as trustee under the indenture relating to the PHONES (the "Trustee"), is hereby authorized to withdraw the PHONES listed above as of the date hereof pending exchange of such PHONES and the Trustee is hereby instructed to cancel the PHONES listed above upon consummation of the Exchange.

CHI 4607720v 1

WTC0000124

**Highly Confidential**

Regards,

[Name]

REDACTED - Modifion Certification

2

WTC0000125

**Highly Confidential**

## EXCHANGE NOTICE

Deutsche Bank Trust Company Americas
60 Wall Street, 27th Floor, Mailstop: NYC 60-2710
New York, New York 10005
Attention: Trust and Securities Services

> Re:   Tribune Company – Exchangeable Subordinated Debentures due 2029 (the
>        "PHONES") CUSIP: 896047105

Ladies and Gentlemen:

1.  By delivering this Exchange Notice the undersigned hereby acknowledges and agrees that the undersigned has read the Exchange Procedures attached hereto which, to the extent such Exchange Procedures modify the procedures contained in the PHONES, shall supersede and replace the procedures set forth in the PHONES.

2.  Please accept this letter as authorization to exchange the number of PHONES provided below for an amount of cash equal to the percentage of the exchange market value of the reference shares attributable to the PHONES (the "Exchange"). Complete information related to the PHONES to be exchanged is provided below.

Number of PHONES to be Exchanged:        12,600

Brokerage Firm:        Citigroup Global Markets

Broker Name:

DTC Participant Number:        REDACTED

Wire Instructions:

        REDACTED

Tax ID Number        REDACTED

3.  A withdrawal has been submitted to The Depository Trust Company Deposit/Withdrawal At Custodian System (the "DWAC System") and Deutsche Bank Trust Company Americas, as trustee under the indenture relating to the PHONES (the "Trustee"), is hereby authorized to withdraw the PHONES listed above as of the date hereof pending exchange

WTC0000126

Highly Confidential

12/03/2008 18:36 FAX   212 815 9701      CITIGROUP                     ☑ 015/015

of such PHONES and the Trustee is hereby instructed to cancel the PHONES listed above upon
consummation of the Exchange.

Regards,

[Name]



2

CRU 4487721x3

WTC0000127

**Highly Confidential**

12/03/2008 16:88 FAX  212 815 8781      CITIGROUP                          @011/018

**EXCHANGE NOTICE**

Deutsche Bank Trust Company Americas
60 Wall Street, 27th Floor, Mailstop: NYC 60-2710
New York, New York 10005
Attention: Trust and Securities Services

Re:  Tribune Company – Exchangeable Subordinated Debentures due 2029 (the "PHONES") CUSIP: 896047102

Ladies and Gentlemen:

1.  By delivering this Exchange Notice the undersigned hereby acknowledges and agrees that the undersigned has read the Exchange Procedures attached hereto which, to the extent such Exchange Procedures modify the procedures contained in the PHONES, shall supersede and replace the procedures set forth in the PHONES.

2.  Please accept this letter as authorization to exchange the number of PHONES provided below for an amount of cash equal to the percentage of the exchange market value of the reference shares attributable to the PHONES (the "Exchange").  Complete information related to the PHONES to be exchanged is provided below.

Number of PHONES to be Exchanged:          36,068
                                            Citigroup Global Markets

Brokerage Firm:

Broker Name:

DTC Participant Number:                     REDACTED

Wire Instructions:



                                            REDACTED



                                            REDACTED

Tax ID Number

3.  A withdrawal has been submitted to The Depository Trust Company Deposit/Withdrawal At Custodian System (the "DWAC System") and Deutsche Bank Trust Company Americas, as trustee under the indenture relating to the PHONES (the "Trustee"), is hereby authorized to withdraw the PHONES listed above as of the date hereof pending exchange

WTC0000128

**Highly Confidential**

of such PHONES and the Trustee is hereby instructed to cancel the PHONES listed above upon
consummation of the Exchange.

Regards,

[Name]



REDACTED - Medallion Certification

2

CBI 44072Dx3

WTC0000129

**Highly Confidential**

## EXCHANGE NOTICE

Deutsche Bank Trust Company Americas
60 Wall Street, 27th Floor, Mailstop: NYC 60-2710
New York, New York 10005
Attention: Trust and Securities Services

Re: Tribune Company – Exchangeable Subordinated Debentures due 2029 (the "PHONES") CUSIP: 896047305

Ladies and Gentlemen:

1. By delivering this Exchange Notice the undersigned hereby acknowledges and agrees that the undersigned has read the Exchange Procedures attached hereto which, to the extent such Exchange Procedures modify the procedures contained in the PHONES, shall supersede and replace the procedures set forth in the PHONES.

2. Please accept this letter as authorization to exchange the number of PHONES provided below for an amount of cash equal to this percentage of the exchange market value of the reference shares attributable to the PHONES (the "Exchange"). Complete information related to the PHONES to be exchanged is provided below.

| | |
|---|---|
| Number of PHONES to be Exchanged: | 92,954 |
| | Citigroup Global Markets |
| Exchange Firm: | |
| Broker Name: | |
| DTC Participant Number: | REDACTED |
| Wire Instructions: | REDACTED |
| Tax ID Number | REDACTED |

3. A withdrawal has been submitted to The Depository Trust Company Deposit/Withdrawal At Custodian System (the "DWAC System") and Deutsche Bank Trust Company Americas, as trustee under the indenture relating to the PHONES (the "Trustee"), is hereby authorized to withdraw the PHONES listed above as of the date hereof pending exchange

WTC0000130

Highly Confidential

of such PHONES and the Trustee is hereby instructed to cancel the PHONES listed above upon consummation of the Exchange.

Regards,

MATTHEW MCDULF

[Name]  SETTLEMENTS MANAGER

CITIGROUP ASSET MGMT



REDACTED - Medallion Certification

2

CHI 4407229v3

WTC0000131

**Highly Confidential**

**EXCHANGE NOTICE**

Deutsche Bank Trust Company Americas
60 Wall Street, 27th Floor, Mailstop: NYC 60-2710
New York, New York 10005
Attention: Trust and Securities Services

Re:   Tribune Company -- Exchangeable Subordinated Debentures due 2029 (the
       "PHONES") CUSIP: 896047201

Ladies and Gentlemen:

1. By delivering this Exchange Notice the undersigned hereby acknowledges and agrees that the undersigned has read the Exchange Procedures attached hereto which, to the extent such Exchange Procedures modify the procedures contained in the PHONES, shall supersede and replace the procedures set forth in the PHONES.

2. Please accept this letter as authorization to exchange the number of PHONES provided below for an amount of cash equal to the percentage of the exchange market value of the reference shares attributable to the PHONES (the "Exchange"). Complete information related to the PHONES to be exchanged is provided below.

Number of PHONES to be Exchanged:        18,175

Brokerage Firm:                          Citigroup Global Markets

Broker Name:

DTC Participant Number:                  REDACTED

Wire Instructions:                       REDACTED

                                         REDACTED

Tax ID Number

3. A withdrawal has been submitted to The Depository Trust Company Deposit/Withdrawal At Custodian System (the "DWAC System") and Deutsche Bank Trust Company Americas, as trustee under the indenture relating to the PHONES (the "Trustee"), is hereby authorized to withdraw the PHONES listed above as of the date hereof pending exchange

WTC0000132

**Highly Confidential**

11/03/2008 15:35 FAX  212 615 9701      CITIGROUP                    Ø006/018

of such PRONES and the Trustee is hereby instructed to cancel the PRONES listed above upon consummation of the Exchange.

Regards,

[Name]



REDACTED - Medallion Certification

2

CRI 4487252-3

WTC0000133

**Highly Confidential**

## EXCHANGE NOTICE

Deutsche Bank Trust Company Americas
60 Wall Street, 27th Floor, Mailstop: NYC 60-2710
New York, New York 10005
Attention: Trust and Securities Services

Re:  Tribune Company — Exchangeable Subordinated Debentures due 2029 (the
"PHONES") CUSIP: 896047105

Ladies and Gentlemen:

1.  By delivering this Exchange Notice the undersigned hereby acknowledges and agrees that the undersigned has read the Exchange Procedures attached hereto which, to the extent such Exchange Procedures modify the procedures contained in the PHONES, shall supersede and replace the procedures set forth in the PHONES.

2.  Please accept this letter as authorization to exchange the number of PHONES provided below for an amount of cash equal to the percentage of the exchange market value of the reference shares attributable to the PHONES (the "Exchange"). Complete information related to the PHONES to be exchanged is provided below.

Number of PHONES to be Exchanged:        29,750

Exchange Firm:                           Citigroup Global Markets

Broker Name:

DTC Participant Number:                   

Wire Instructions:

Tax ID Number:

3.  A withdrawal has been submitted to The Depository Trust Company Deposit/Withdrawal At Custodian System (the "DWAC System") and Deutsche Bank Trust Company Americas, as trustee under the indenture relating to the PHONES (the "Trustee"), is hereby authorized to withdraw the PHONES listed above as of the date hereof pending exchange

WTC0000134

Highly Confidential

of such PHONES and the Trustee is hereby instructed to cancel the PHONES listed above upon consummation of the Exchange.

Regards,

[Name]

REDACTED - Medallion Certification

2

CR 4407E5n3

**Highly Confidential**

DEC-03-2008 12:58 From:                                          To:917325784635          P.2/4

## EXCHANGE NOTICE

Deutsche Bank Trust Company Americas
60 Wall Street, 27th Floor, Mailstop: NYC 60-2710
New York, New York 10005
Attention: Trust and Securities Services

Re: Tribune Company – Exchangeable Subordinated Debentures due 2029 (the "PHONES") CUSIP: 896047305

Ladies and Gentleman:

1. By delivering this Exchange Notice the undersigned hereby acknowledges and agrees that the undersigned has read the Exchange Procedures attached hereto which, to the extent such Exchange Procedures modify the procedures contained in the PHONES, shall supersede and replace the procedures set forth in the PHONES.

2. Please accept this letter as authorization to exchange the number of PHONES provided below for an amount of cash equal to the percentage of the exchange market value of the reference shares attributable to the PHONES (the "Exchange"). Complete information related to the PHONES to be exchanged is provided below.

Number of PHONES to be Exchanged:          197,237

Brokerage Firm:          GOLDMAN SACHS & CO.

Broker Name:          GOLDMAN SACHS & CO

DTC Participant Number:          REDACTED

Wire Instructions:          REDACTED

REDACTED - Medallion Certification          REDACTED

3. A withdrawal has been submitted to The Depository Trust Company Deposit/Withdrawal At Custodian System (the "DWAC System") and Deutsche Bank Trust Company Americas, as trustee under the indenture relating to the PHONES (the "Trustee"), is hereby authorized to withdraw the PHONES listed above as of the date hereof pending exchange of such PHONES and the Trustee is hereby instructed to cancel the PHONES listed above upon consummation of the Exchange.

CHI 4407234.3

WTC0000136

Highly Confidential

## EXCHANGE NOTICE

Deutsche Bank Trust Company Americas
60 Wall Street, 27th Floor, Mailstop: NYC 60-2710
New York, New York 10005
Attention: Trust and Securities Services

    Re:  Tribune Company – Exchangeable Subordinated Debentures due 2029 (the "PHONES") CUSIP: 896047305

Ladies and Gentlemen:

    1. By delivering this Exchange Notice the undersigned hereby acknowledges and agrees that the undersigned has read the Exchange Procedures attached hereto which, to the extent such Exchange Procedures modify the procedures contained in the PHONES, shall supersede and replace the procedures set forth in the PHONES.

    2. Please accept this letter as authorization to exchange the number of PHONES provided below for an amount of cash equal to the percentage of the exchange market value of the reference shares attributable to the PHONES (the "Exchange"). Complete information related to the PHONES to be exchanged is provided below.

Number of PHONES to be Exchanged:    1,200,000

Brokerage Firm:    Citadel Trading Group LLC

Broker Name:    Citadel Trading Group LLC

DTC Participant Number:    REDACTED

Wire Instructions:    REDACTED

Tax ID Number    REDACTED

    3. A withdrawal has been submitted to The Depository Trust Company Deposit/Withdrawal At Custodian System (the "DWAC System") and Deutsche Bank Trust Company Americas, as trustee under the indenture relating to the PHONES (the "Trustee"), is hereby authorized to withdraw the PHONES listed above as of the date hereof pending exchange

WTC0000137

Highly Confidential

of such PHONES and the Trustee is hereby instructed to cancel the PHONES listed above upon consummation of the Exchange.

Regards,

Citadel Trading Group L.L.C.
By:  Citadel Limited Partnership, its
Manager

By: _____

Name:

Title:              JOHN NAGEL
                    Authorized Signatory

 

2

CHD 4407723v.3

WTC0000138

**Highly Confidential**

## EXCHANGE PROCEDURES

Deutsche Bank Trust Company Americas, the Company and each holder of PHONES tendering PHONES for exchange pursuant to an Exchange Notice have agreed to the following modifications to the exchange procedures set forth in the PHONES (capitalized terms used and not defined herein shall have the meanings assigned thereto in the PHONES):

- Holder will send Trustee an Exchange Notice and submit the PHONES to be exchanged through the DWAC System for withdrawal by the Trustee; Trustee will accept DWAC and take possession of the PHONES tendered for Exchange (such date, the "Exchange Date")

- Trustee will notify the Company of Exchange by delivering the Exchange Notice and acknowledging that the Trustee has taken possession of the PHONES tendered for Exchange by 12:00 pm on the Business Day following the Exchange Date

- Company will pay amounts owed to tendering Holder(s) on the Exchange Payment Date directly to the Holder(s)

The following exchange procedures are as set forth in the PHONES and are included herein for ease of reference:

- If Exchange Notices relating to more than 500,000 PHONES have been delivered on any Exchange Date, the Trustee shall notify the Company by 6:00 pm New York City time on the Exchange Date and the Company will give notice of such fact by issuing a press release prior to 9:00 am New York City time on the next Trading Day, to be provided to DTC for dissemination and by providing such notice to the Trustee

- Company will deliver an Officers' Certificate to Trustee no later than 1 Business Day after the Trading Day following the Exchange Date; provided, however, if Exchange Notices relating to more than 500,000 PHONES have been delivered on any Exchange Date, the Company will deliver an Officers' Certificate no later than 1 Business Day after the 5th Trading Day following the Exchange Date

- The Officers' Certificate shall set forth the amount to be paid to the tendering Holder(s) and the Exchange Payment Date

- Based on the Officers' Certificate, Trustee will provide the Exchange Payment Date and amount to the Holder(s)

On the Exchange Payment Date (no later than 10 Trading Days following Exchange Date):

- Trustee will cancel the tendered PHONES in the Trustee's possession

3

WTC0000139

**Highly Confidential**

DEC 02 2008 13:27 FR DEUTSCHE BANK CORP AC2 460 5895 TO 917325784635   P.02

**EXCHANGE NOTICE**

Deutsche Bank Trust Company Americas
60 Wall Street, 27th Floor, Mailstop: NYC 60-2710
New York, New York 10005
Attention: Trust and Securities Services

> Re:   Tribune Company – Exchangeable Subordinated Debentures due 2029 (the
>       "PHONES") CUSIP: 896047305

Ladies and Gentlemen:

1. By delivering this Exchange Notice the undersigned hereby acknowledges and agrees that the undersigned has read the Exchange Procedures attached hereto which, to the extent such Exchange Procedures modify the procedures contained in the PHONES, shall supersede and replace the procedures set forth in the PHONES.

2. Please accept this letter as authorization to exchange the number of PHONES provided below for an amount of cash equal to the percentage of the exchange market value of the reference shares attributable to the PHONES (the "Exchange"). Complete information related to the PHONES to be exchanged is provided below.

| | |
|---|---|
| Number of PHONES to be Exchanged: | 415,000 |
| Brokerage Firm: | Deutsche Bank |
| Broker Name: | Deutsche Bank |
| DTC Participant Number: | REDACTED |
| Wire Instructions: | REDACTED |
| Tax ID Number | REDACTED |

3. A withdrawal has been submitted to The Depository Trust Company Deposit/Withdrawal At Custodian System (the "DWAC System") and Deutsche Bank Trust Company Americas, as trustee under the indenture relating to the PHONES (the "Trustee"), is hereby authorized to withdraw the PHONES listed above as of the date hereof proofing exchange of such PHONES and the Trustee is hereby instructed to cancel the PHONES listed above upon consummation of the Exchange.

CHI 4075286.5

WTC0000140

**Highly Confidential**



Regards,

[Name]   John Binder

2

** TOTAL PAGE.03 **

WTC0000141

Highly Confidential

**EXCHANGE NOTICE**

Deutsche Bank Trust Company Americas
60 Wall Street, 27th Floor, Mailstop: NYC 60-2710
New York, New York 10005
Attention: Trust and Securities Services

    Re:   Tribune Company — Exchangeable Subordinated Debentures due 2029 (the "PHONES") CUSIP: 896047305

Ladies and Gentlemen:

    1.  By delivering this Exchange Notice the undersigned hereby acknowledges and agrees that the undersigned has read the Exchange Procedures attached hereto which, to the extent such Exchange Procedures modify the procedures contained in the PHONES, shall supersede and replace the procedures set forth in the PHONES.

    2.  Please accept this letter as authorization to exchange the number of PHONES provided below for an amount of cash equal to the percentage of the exchange market value of the reference shares attributable to the PHONES (the "Exchange"). Complete information related to the PHONES to be exchanged is provided below.

Number of PHONES to be Exchanged:      40,000

Brokerage Firm:      Citigroup Global Markets

Broker Name:

DTC Participant Number:      REDACTED

Wire Instructions:

    REDACTED

    REDACTED

Tax ID Number

    3.  A withdrawal has been submitted to The Depository Trust Company Deposit/Withdrawal At Custodian System (the "DWAC System") and Deutsche Bank Trust Company Americas, as trustee under the indenture relating to the PHONES (the "Trustee"), is hereby authorized to withdraw the PHONES listed above as of the date hereof pending exchange

Highly Confidential

of such PHONES and the Trustee is hereby instructed to cancel the PHONES listed above upon consummation of the Exchange.

Regards,

[Name]

REDACTED - Medallion Certification

WTC0000143

Highly Confidential

## EXCHANGE PROCEDURES

Deutsche Bank Trust Company Americas, the Company and each holder of PHONES tendering PHONES for exchange pursuant to an Exchange Notice have agreed to the following modifications to the exchange procedures set forth in the PHONES (capitalized terms used and not defined herein shall have the meanings assigned thereto in the PHONES):

- Holder will send Trustee an Exchange Notice and submit the PHONES to be exchanged through the DWAC System for withdrawal by the Trustee; Trustee will accept DWAC and take possession of the PHONES tendered for Exchange (such date, the "Exchange Date")

- Trustee will notify the Company of Exchange by delivering the Exchange Notice and acknowledging that the Trustee has taken possession of the PHONES tendered for Exchange by 12:00 pm on the Business Day following the Exchange Date

- Company will pay amounts owed to tendering Holder(s) on the Exchange Payment Date directly to the Holder(s)

The following exchange procedures are as set forth in the PHONES and are included herein for ease of reference:

- If Exchange Notices relating to more than 500,000 PHONES have been delivered on any Exchange Date, the Trustee shall notify the Company by 6:00 pm New York City time on the Exchange Date and the Company will give notice of such fact by issuing a press release prior to 9:00 am New York City time on the next Trading Day, to be provided to DTC for dissemination and by providing such notice to the Trustee

- Company will deliver an Officers' Certificate to Trustee no later than 1 Business Day after the Trading Day following the Exchange Date; provided, however, if Exchange Notices relating to more than 500,000 PHONES have been delivered on any Exchange Date, the Company will deliver an Officers' Certificate no later than 1 Business Day after the 5th Trading Day following the Exchange Date

- The Officers' Certificate shall set forth the amount to be paid to the tendering Holder(s) and the Exchange Payment Date

- Based on the Officers' Certificate, Trustee will provide the Exchange Payment Date and amount to the Holder(s)

On the Exchange Payment Date (no later than 10 Trading Days following Exchange Date):

- Trustee will cancel the tendered PHONES in the Trustee's possession

3

WTC0000144

Highly Confidential

## EXCHANGE NOTICE

Deutsche Bank Trust Company Americas
60 Wall Street, 27th Floor, Mailstop: NYC 60-2710
New York, New York 10005
Attention: Trust and Securities Services

Re: Tribune Company – Exchangeable Subordinated Debentures due 2029 (the "PHONES") CUSIP: 896047305

Ladies and Gentlemen:

1. By delivering this Exchange Notice the undersigned hereby acknowledges and agrees that the undersigned has read the Exchange Procedures attached hereto which, to the extent such Exchange Procedures modify the procedures contained in the PHONES, shall supersede and replace the procedures set forth in the PHONES.

2. Please accept this letter as authorization to exchange the number of PHONES provided below for an amount of cash equal to the percentage of the exchange market value of the reference shares attributable to the PHONES (the "Exchange"). Complete information related to the PHONES to be exchanged is provided below.

Number of PHONES to be Exchanged:  *40,000*

Brokerage Firm:  *Goldman Sachs + Co*

Broker Name:  *Goldman Sachs & Co*

DTC Participant Number:

Wire Instructions:

*REDACTED*

*REDACTED*

*REDACTED - Medallion Certification*

*REDACTED*

3. A withdrawal has been submitted to The Depository Trust Company Deposit/Withdrawal At Custodian System (the "DWAC System") and Deutsche Bank Trust Company Americas, as trustee under the indenture relating to the PHONES (the "Trustee"), is hereby authorized to withdraw the PHONES listed above as of the date hereof pending exchange of such PHONES and the Trustee is hereby instructed to cancel the PHONES listed above upon consummation of the Exchange.

CH2 4407722v 3

WTC0000145

**Highly Confidential**

## EXCHANGE NOTICE

Deutsche Bank Trust Company Americas
60 Wall Street, 27th Floor, Mailstop: NYC 60-2710
New York, New York 10005
Attention: Trust and Securities Services

Re: Tribune Company – Exchangeable Subordinated Debentures due 2029 (the "PHONES") CUSIP: 896047305

Ladies and Gentlemen:

1. By delivering this Exchange Notice the undersigned hereby acknowledges and agrees that the undersigned has read the Exchange Procedures attached hereto which, to the extent such Exchange Procedures modify the procedures contained in the PHONES, shall supersede and replace the procedures set forth in the PHONES.

2. Please accept this letter as authorization to exchange the number of PHONES provided below for an amount of cash equal to the percentage of the exchange market value of the reference shares attributable to the PHONES (the "Exchange"). Complete information related to the PHONES to be exchanged is provided below.

Number of PHONES to be Exchanged:        _80,000_

Brokerage Firm:        _Citadel Trading Group LLC_

Broker Name:        _Citadel Trading Group LLC_

DTC Participant Number:        **REDACTED**

Wire Instructions:        **REDACTED**

Tax ID Number:        **REDACTED**

3. A withdrawal has been submitted to The Depository Trust Company Deposit/Withdrawal At Custodian System (the "DWAC System") and Deutsche Bank Trust Company Americas, as trustee under the indenture relating to the PHONES (the "Trustee"), is hereby authorized to withdraw the PHONES listed above as of the date hereof pending exchange

WTC0000146

Highly Confidential

of such PHONES and the Trustee is hereby instructed to cancel the PHONES listed above upon consummation of the Exchange.

Regards,

Citadel Trading Group L.L.C.
By:  Citadel Limited Partnership, its
Manager

By:  _Erica L. Tahrey_
Name:
Title:    ERICA L. TAHREY
          Authorized Signatory

2

CH-0077293

WTC0000147

**Highly Confidential**





Date: December 1, 2008

TO: DB SERVICES

Attn: DAVID CONTINO

Fax to: 732-578-4635

Re: TRIBUNE CO SUB DEBS CVT PHONES AOL

Please accept this letter to exchange _____ 187,340

Represented by Cusip _____ 896047305

for a like amount in cusip _____

SUTTONBROOK CAPITAL PORTFOLIO, LP

is listed as the selling security holder

Any questions please feel free to email me at :

Amanda.Achor@Credit-Suisse.com

    call me at 919-994-5976

    Fax me to 919-994-4941

REDACTED - Litigation Certification

Regards

Amanda Achor

Highly Confidential

**EXCHANGE NOTICE**

Deutsche Bank Trust Company Americas
60 Wall Street, 27th Floor, Mailstop: NYC 60-2710
New York, New York 10005
Attention: Trust and Securities Services

Re:  Tribune Company – Exchangeable Subordinated Debentures due 2029 (the
"PHONES") CUSIP: 896047305

Ladies and Gentleman:

1.  By delivering this Exchange Notice the undersigned hereby acknowledges and agrees
that the undersigned has read the Exchange Procedures attached hereto which, to the extent such
Exchange Procedures modify the procedures contained in the PHONES, shall supersede and
replace the procedures set forth in the PHONES.

2.  Please accept this letter as authorization to exchange the number of PHONES
provided below for an amount of cash equal to the percentage of the exchange market value of
the reference shares attributable to the PHONES (the "Exchange"). Complete information
related to the PHONES to be exchanged is provided below.

Number of PHONES to be Exchanged:    *167,340*

Brokerage Firm:

Broker Name:    *Credit Suisse (USA) LLC*

DTC Participant Number:    REDACTED

Wire Instructions:
*Please include your name & ph # under*
*ACC FBL ATTN:*
*and under the REF: indicate the*
*security name & cusip number*    REDACTED

Tax ID Number:    REDACTED

3.  A withdrawal has been submitted to The Depository Trust Company
Deposit/Withdrawal At Custodian System (the "DWAC System") and Deutsche Bank Trust
Company Americas, as trustee under the indenture relating to the PHONES (the "Trustee"), is
hereby authorized to withdraw the PHONES listed above as of the date hereof pending exchange
of such PHONES and the Trustee is hereby instructed to cancel the PHONES listed above upon
consummation of the Exchange.

CHI 4407722v.J

WTC0000149

**Highly Confidential**

*REDACTED - Medallion Certification*

Regards,

[Name]   Justin Pannullo
         AVP, Credit Suisse

2

WTC0000150

Highly Confidential

NOV 18 2008 11:28 FR DEUTSCHE BANK CORP AC2 488 5895 TO 917323784835

## EXCHANGE NOTICE

Deutsche Bank Trust Company Americas
60 Wall Street, 27th Floor, Mailstop: NYC 60-2710
New York, New York 10005
Attention: Trust and Securities Services

Re: Tribune Company — Exchangeable Subordinated Debentures due 2029 (the "PHONES") CUSIP: 896047305

Ladies and Gentleman:

1. By delivering this Exchange Notice the undersigned hereby acknowledges and agrees that the undersigned has read the Exchange Procedures attached hereto which, to the extent such Exchange Procedures modify the procedures contained in the PHONES, shall supersede and replace the procedures set forth in the PHONES.

2. Please accept this letter as authorization to exchange the number of PHONES provided below for an amount of cash equal to the percentage of the exchange market value of the reference shares attributable to the PHONES (the "Exchange"). Complete information related to the PHONES to be exchanged is provided below.

Number of PHONES to be Exchanged: *305,829*

Brokerage Firm: *Deutsche Bank Securities*

Broker Name: *Deutsche Bank Securities*

DTC Participant Number: REDACTED

Wire Instructions:

REDACTED

Tax ID Number

3. A withdrawal has been submitted to The Depository Trust Company Deposit/Withdrawal At Custodian System (the "DWAC System") and Deutsche Bank Trust Company Americas, as trustee under the indenture relating to the PHONES (the "Trustee"), is hereby authorized to withdraw the PHONES listed above as of the date hereof pending exchange of such PHONES and the Trustee is hereby instructed to cancel the PHONES listed above upon consummation of the Exchange.

CBI-4467723v.3

WTC0000151

Highly Confidential

Regards,

[Name]

Jeffrey Sczy

201 593-3503

2

WTC0000152

Highly Confidential

NOV-17-2008 15:31 From:                                    To:917325784635          P.1/1

Attn: David Corfino
732/5784635

## EXCHANGE NOTICE

Deutsche Bank Trust Company Americas
60 Wall Street, 27th Floor, Mailstop: NYC 60-2710
New York, New York 10005
Attention: Trust and Securities Services

Re: Tribune Company – Exchangeable Subordinated Debentures due 2029 (the "PHONES") CUSIP: 896047305

Ladies and Gentlemen:

1. By delivering this Exchange Notice the undersigned hereby acknowledges and agrees that the undersigned has read the Exchange Procedures attached hereto which, to the extent such Exchange Procedures modify the procedures contained in the PHONES, shall supersede and replace the procedures set forth in the PHONES.

2. Please accept this letter as authorization to exchange the number of PHONES provided below for an amount of cash equal to the percentage of the exchange market value of the reference shares attributable to the PHONES (the "Exchange"). Complete information related to the PHONES to be exchanged is provided below.

Number of PHONES to be Exchanged:     **5,000**

Brokerage Firm:     **GOLDMAN SACHS & CO**

Broker Name:     **GOLDMAN SACHS**

DTC Participant Number:     *REDACTED*

Wire Instructions:

*REDACTED - Medallion Certification*

*REDACTED*

*REDACTED*

3. A withdrawal has been submitted to The Depository Trust Company Deposit/Withdrawal At Custodian System (the "DWAC System") and Deutsche Bank Trust Company Americas, as trustee under the indenture relating to the PHONES (the "Trustee"), is hereby authorized to withdraw the PHONES listed above as of the date hereof pending exchange of such PHONES and the Trustee is hereby instructed to cancel the PHONES listed above upon consummation of the Exchange.

LMI 4487722v3

WTC0000153

Highly Confidential

David - # 732-578-4635

## EXCHANGE NOTICE

Deutsche Bank Trust Company Americas
60 Wall Street, 27th Floor, Mailstop: NYC 60-2710
New York, New York 10005
Attention: Trust and Securities Services

Re:  Tribune Company – Exchangeable Subordinated Debentures due 2029 (the "PHONES") CUSIP: 896047305

Ladies and Gentleman:

1. By delivering this Exchange Notice the undersigned hereby acknowledges and agrees that the undersigned has read the Exchange Procedures attached hereto which, to the extent such Exchange Procedures modify the procedures contained in the PHONES, shall supersede and replace the procedures set forth in the PHONES.

2. Please accept this letter as authorization to exchange the number of PHONES provided below for an amount of cash equal to the percentage of the exchange market value of the reference shares attributable to the PHONES (the "Exchange"). Complete information related to the PHONES to be exchanged is provided below.

Number of PHONES to be Exchanged:   **75,700**

Brokerage Firm:   **Goldman Sachs + Co.**

Broker Name:

DTC Participant Number:   REDACTED

Wire Instructions:   REDACTED

                     REDACTED

Tax ID Number

3. A withdrawal has been submitted to The Depositary Trust Company Deposit/Withdrawal At Custodian System (the "DWAC System") and Deutsche Bank Trust Company Americas, as trustee under the indenture relating to the PHONES (the "Trustee"), is hereby authorized to withdraw the PHONES listed above as of the date hereof pending exchange of such PHONES and the Trustee is hereby instructed to cancel the PHONES listed above upon consummation of the Exchange.

[311 4497724v.3

WTC0000154

**Highly Confidential**



REDACTED - Medallion Certification

2

WTC0000155

**Highly Confidential**

NOV-12-2008 16:38    From:212 962 5427    Page:1/2

152-518-4600

# EXCHANGE NOTICE

Deutsche Bank Trust Company Americas
60 Wall Street, 27th Floor, Mailstop: NYC 60-2710
New York, New York 10005
Attention: Trust and Securities Services

> Re:  Tribune Company -- Exchangeable Subordinated Debentures due 2029 (the "PHONES") CUSIP:  896047305

Ladies and Gentleman:

1.  By delivering this Exchange Notice the undersigned hereby acknowledges and agrees that the undersigned has read the Exchange Procedures attached hereto which, to the extent such Exchange Procedures modify the procedures contained in the PHONES, shall supersede and replace the procedures set forth in the PHONES.

2.  Please accept this letter as authorization to exchange the number of PHONES provided below for an amount of cash equal to the percentage of the exchange market value of the reference shares attributable to the PHONES (the "Exchange").  Complete information related to the PHONES to be exchanged is provided below.

Number of PHONES to be Exchanged:        100

Brokerage Firm:        Goldman Sachs + Co.

Broker Name:

DTC Participant Number:        REDACTED

Wire Instructions:

REDACTED

Tax ID Number

3.  A withdrawal has been submitted to The Depository Trust Company Deposit/Withdrawal At Custodian System (the "DWAC System") and Deutsche Bank Trust Company Americas, as trustee under the indenture relating to the PHONES (the "Trustee"), is hereby authorized to withdraw the PHONES listed above as of the date hereof pending exchange of such PHONES and the Trustee is hereby instructed to cancel the PHONES listed above upon consummation of the Exchange.

CHI 4407722v3

Highly Confidential



REDACTED - Medallion Certification

2

WTC0000157

**Highly Confidential**

# Paragraph 45 – M. WTC0000496–WTC0000498

| From: | Healy, Patrick J. <PHealy@WilmingtonTrust.com> |
|---|---|
| Sent: | Thursday, May 6, 2010 10:34 AM |
| To: | Bromberg, Katherine S. <KBromberg@brownrudnick.com> |
| Subject: | FW: Successor Trustee |
| Attach: | PHONES Exchanged (INCL_DEC8)12-17-08_SUMMARYVERSION.xls |

**From:** Rodden, Jack [mailto:JRodden@tribune.com]
**Sent:** Thursday, December 18, 2008 8:34 PM
**To:** Healy, Patrick J.
**Cc:** Eldersveld, David; Bigelow, Chandler; David Contino; Langdon, James
**Subject:** RE: Successor Trustee

Patrick,

Thanks for your call this morning. As promised, I have attached a summary of the PHONES for which exchange notices were received. David Contino at DB can confirm the accuracy of the spreadsheet, and provide any necessary backup documentation, including the actual notices that were received from holders.

Please let me know if you have any questions as we move forward. I should be available tomorrow at the number below.

Regards,
Jack
312-222-8613

**From:** Healy, Patrick J. [mailto:PHealy@WilmingtonTrust.com]
**Sent:** Wednesday, December 17, 2008 8:43 AM
**To:** Rodden, Jack
**Subject:** Successor Trustee

Hi Jack,

Deutsche Bank has asked Wilmington Trust Company ("WTC") about our interest in becoming successor trustee on the Tribune Company's Exchangeable Subordinated Debentures due 2029. I understand that the Tribune Company has to approve the appointment of the successor trustee. WTC would be delighted to act as successor trustee for the Debentures.

Regardless of who is appointed successor trustee, thank you for considering WTC. If you have any questions about WTC, please do not hesitate to contact me.

Kind Regards,

Pat

*Patrick J. Healy*
*Vice President /Global Reorganization and Insolvency*
*Corporate Client Services*
*Wilmington Trust Company*
*Rodney Square North*
*1100 North Market Street*

**Highly Confidential**                                                                          **WTC0000496**

**Wilmington, DE 19890-1600**
**Phone: (302) 636-6391**
**Fax: (302) 636-4149**
**E-mail: phealy@wilmingtontrust.com**
**www.wilmingtontrust.com**

Visit our website at www.wilmingtontrust.com

Investment products are not insured by the FDIC or any other governmental agency, are not

**Highly Confidential**

Message:    This document produced Natively

**Highly Confidential**                                    **WTC0000498**

## PHONES (TXA) Exchange Activity

| # | Notice | TWX Pricing Date | Officers' Cert. Due | (Notice + 10) Date Cash Date | # PHONES | Converted by | TWX Settlement Price | Cash Value (TWX*2*0.10) | PHONES 896047305 Balance | % Esc |
|---|--------|------------------|---------------------|------------------------------|----------|--------------|----------------------|--------------------------|---------------------------|-------|
| 1 | 9/12/2008 | 9/15/2008 | 9/18/2008 | 9/26/2008 | | Deutsche Bank Securities | 14.12 | | 8,000,000 | 0.00% |
| 2 | 9/12/2008 | 9/15/2008 | 9/18/2008 | 9/26/2008 | 100 | Morgan Stanley | 14.12 | | 7,999,900 | 0.00% |
| 3 | 11/19/2008 | 11/13/2008 | 11/14/2008 | 11/28/2008 | | Goldman Sachs | 8.46 | | 7,999,900 | 0.00% |
| 4 | 11/14/2008 | 11/17/2008 | 11/18/2008 | 12/1/2008 | 75,700 | Goldman Sachs | 8.56 | 1,248,441.44 | 7,924,100 | 0.95% |
| 5 | 11/17/2008 | 11/18/2008 | 11/19/2008 | 12/2/2008 | 8,000 | Goldman Sachs | 8.40 | 79,800.00 | 7,916,100 | 1.01% |
| 6 | 11/17/2008 | 11/19/2008 | 11/20/2008 | 12/5/2008 | 305,919 | Deutsche Bank Securities | 8.14 | 4,129,335.31 | 7,610,381 | 4.32% |
| 7 | 11/26/2008 | 11/28/2008 | 12/1/2008 | 12/11/2008 | 5,000 | Credit Suisse (USA) LLC | 8.05 | 65,171 | 7,605,381 | 4.93% |
| 8 | 12/1/2008 | 12/2/2008 | 12/3/2008 | 12/15/2008 | 40,000 | Goldman Sachs | 8.00 | 664,000 | 7,565,381 | 5.40% |
| 9 | 12/1/2008 | 12/2/2008 | 12/3/2008 | 12/15/2008 | 90,000 | Clifford Trading Group LLC | 8.00 | 1,300,000 | 7,485,381 | 6.40% |
| 10 | 12/1/2008 | 12/2/2008 | 12/3/2008 | 12/15/2008 | 157,349 | Credit Suisse (USA) LLC (for Sutorbrook Capital) | 8.00 | 2,881,514 | 7,321,011 | 8.49% |
| 11 | 12/1/2008 | 5-d avg | 12/9/2008 | 12/16/2008 | 47,000 | Citigroup Global Markets | 9.468 TWX 5-d avg | 727,164.00 | 7,281,011 | 8.99% |
| 12 | 12/2/2008 | 5-d avg | 12/10/2008 | 12/16/2008 | 40,000 | Deutsche Bank Securities | 9.468 | 612,372.00 | 7,228,011 | 9.55% |
| 13 | 12/2/2008 | 5-d avg | 12/10/2008 | 12/16/2008 | 1,200,000 | Clifford Trading Group LLC | 9.468 12-x,x,x,x | 21,596,140.00 | 6,038,011 | 24.55% |
| 14 | 12/2/2008 | 12/4/2008 | 12/5/2008 | 12/17/2008 | 197,237 | Goldman Sachs | 8.46 | 3,369,252.54 | 5,835,774 | 27.03% |
| 15 | 12/3/2008 | 12/4/2008 | 12/5/2008 | 12/17/2008 | 29,750 | Citigroup Global Markets | 8.46 | 533,657.00 | 5,806,024 | 27.39% |
| 16 | 12/3/2008 | 12/4/2008 | 12/5/2008 | 12/17/2008 | 49,175 | Citigroup Global Markets | 8.46 | 927,268.10 | 5,756,849 | 27.61% |
| 17 | 12/3/2008 | 12/4/2008 | 12/5/2008 | 12/17/2008 | 69,864 | Citigroup Global Markets* | 8.46 | 1,574,387.48 | 5,687,985 | 28.78% |
| 18 | 12/3/2008 | 12/4/2008 | 12/5/2008 | 12/17/2008 | 39,958 | Citigroup Global Markets | 8.46 | 664,060.42 | 5,661,027 | 29.24% |
| 19 | 12/3/2008 | 12/4/2008 | 12/5/2008 | 12/17/2008 | 12,000 | Citigroup Global Markets | 9.46 | 226,851.20 | 5,649,427 | 29.39% |
| 20 | 12/8/2008 | 5-d avg | 12/16/2008 | 12/22/2008 | | Goldman Sachs | 9.946 TWX | | 5,451,190 | 31.85% |
| 21 | 12/8/2008 | 5-d avg | 12/16/2008 | 12/22/2008 | | Deutsche Bank Securities | 9.946 5-d | | 4,824,100 | 39.70% |
| 22 | 12/8/2008 | 5-d avg | 12/16/2008 | 12/22/2008 | | Bank of America Securities | 9.946 avg | | 4,746,100 | 40.64% |
| 23 | 12/8/2008 | 5-d avg | 12/16/2008 | 12/22/2008 | | UBS Securities | 9.946 12-8,10,11,12,11 | | 4,519,410 | 43.51% |
| | | | | | 3,480,995 | | | $ 62,570,263.90 | | |

* The 12/5/08 OC that was delivered was in error, and was based on 92,194, instead of the correct value of 93,954.

**NOTES:**
Percentage would change from 0.95 to 1.00 if Tribune decided to suspend quarterly interest payment.
TWX price is determined based on closing price the day after the exchange. However if 800,000 or more exchange on one day, the settlement price is a 5 trading day avg, commencing the first trading day after the exchange.
Tribune has 1 business day post final pricing date to reply via Officers' Certificate to David Contino at Deutsche Bank.

| | | | |
|---|---|---|---|
| Paid in Cash | 9,090,470.77 | 390,699 | 4.93% |
| No OC Del, not paid | 23,339,387.00 | 1,725,100 | 19.00% |
| OC Cert Del not paid | 11,360,052.03 | 979,824 | 8.00% |
| SUB-TOTAL (thru 12/7) | $ 41,230,489.79 | 2,351,573 | 29.39% |

| | | | |
|---|---|---|---|
| TWX 5-d avg 12-8,10,11,12,11 | | | |
| SUB-TOTAL (recd 12/8) | $ 21,339,774.12 | 1,139,917 | 14.11% |
| GRAND TOTAL | $ 62,570,263.90 | 3,490,990 | 43.51% |

WTC00000498-Highly Confidential sb - PHONES SUMMARY

| Date | Open | High | Low | | Close | Volume | | | |
|------|------|------|-----|-|-------|--------|--|--|--|
| 12/15/2008 | | | Actual: | | 9.81 | | | 9.945 | avg Dec 9, |
| 12/12/2008 | 9.76 | 10.1 | 9.66 | | 10.03 | 20332300 | | | |
| 12/11/2008 | 9.98 | 10.42 | 9.9 | | 10.06 | 31063100 | | | |
| 12/10/2008 | 9.57 | 10.24 | 9.51 | | 10.16 | 34538600 | | | |
| 12/9/2008 | 9.46 | 9.82 | 9.4 | | 9.68 | 28139300 | | | |
| 12/8/2008 | 9.5 | 9.88 | 9.11 | | 9.71 | 44117800 | | 9.493 | avg Dec 3 - |
| 12/5/2008 | 9.2 | 9.66 | 8.47 | | 9.51 | 44154000 | | | |
| 12/4/2008 | 8.98 | 10.04 | 8.95 | | 9.48 | 43665700 | | | |
| 12/3/2008 | 8.8 | 9.19 | 8.58 | | 9.11 | 37514000 | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| 12/2/2008 | 8.62 | 9.04 | 8.41 | | 9.00 | 28375000 | | | |
| 12/1/2008 | 8.81 | 9 | 8.5 | | 8.51 | 30650000 | | | |
| 11/28/2008 | 8.45 | 9.09 | 8.45 | | 9.05 | 14996200 | | | |
| 11/26/2008 | 8.13 | 8.69 | 7.94 | | 8.65 | 28933500 | | | |
| 11/25/2008 | 7.91 | 8.45 | 7.84 | | 8.35 | 37344200 | | | |
| 11/24/2008 | 8.12 | 8.32 | 7.69 | | 7.72 | 61321500 | | | |
| 11/21/2008 | 7.25 | 8.12 | 7.03 | | 8.12 | 54516700 | | | |
| 11/20/2008 | 8.01 | 8.2 | 7 | | 7.07 | 62042000 | | | |
| 11/19/2008 | 8.26 | 8.75 | 8.09 | | 8.14 | 36905000 | | | |
| 11/18/2008 | 8.68 | 8.71 | 8.01 | | 8.40 | 41580200 | | | |
| 11/17/2008 | 9 | 9.19 | 8.54 | | 8.68 | 31648500 | | | |
| 11/14/2008 | 8.92 | 9.74 | 8.84 | | 9.15 | 36357600 | | | |
| 11/13/2008 | 8.65 | 9.17 | 8.01 | | 9.15 | 43496300 | | | |
| 11/12/2008 | 9.49 | 9.56 | 8.52 | | 8.61 | 35248100 | | | |
| 11/11/2008 | 9.75 | 9.96 | 9.36 | | 9.69 | 22343500 | | | |
| 11/10/2008 | 10.3 | 10.5 | 9.68 | | 9.89 | 17012600 | | | |
| 11/7/2008 | 9.52 | 10.14 | 9.47 | | 10.1 | 24292500 | | | |
| 11/6/2008 | 9.98 | 10.18 | 9.45 | | 9.55 | 31277000 | | | |
| 11/5/2008 | 11.02 | 11.22 | 10.06 | | 10.15 | 34836600 | | | |
| 11/4/2008 | 10.23 | 10.89 | 9.98 | | 10.83 | 36084700 | | | |
| 11/3/2008 | 10.16 | 10.25 | 9.79 | | 9.98 | 22389800 | | | |
| 10/31/2008 | 9.73 | 10.38 | 9.73 | | 10.09 | 36786800 | | | |
| 10/30/2008 | 9.84 | 10.38 | 9.7 | | 9.96 | 26503000 | | | |
| 10/29/2008 | 10.03 | 10.17 | 9.49 | | 9.55 | 26879600 | | | |
| 10/28/2008 | 8.97 | 10.1 | 8.68 | | 10.1 | 36349800 | | | |
| 10/27/2008 | 8.81 | 9.24 | 8.7 | | 8.81 | 25354800 | | | |
| 10/24/2008 | 8.82 | 9.45 | 8.66 | | 9.1 | 29982700 | | | |
| 10/23/2008 | 9.63 | 9.89 | 8.76 | | 9.49 | 48726200 | | | |
| 10/22/2008 | 10.08 | 10.2 | 9.33 | | 9.61 | 35775700 | | | |
| 10/21/2008 | 10.62 | 10.67 | 10.21 | | 10.37 | 29235400 | | | |
| 10/20/2008 | 10 | 10.83 | 9.8 | | 10.82 | 41360500 | | | |
| 10/17/2008 | 9.33 | 10.19 | 9.22 | | 9.91 | 37798600 | | | |
| 10/16/2008 | 9.41 | 9.7 | 8.83 | | 9.6 | 44465700 | | | |
| 10/15/2008 | 10.26 | 10.36 | 9.31 | | 9.38 | 40022400 | | | |
| 10/14/2008 | 10.76 | 11.04 | 10.18 | | 10.49 | 45135900 | | | |
| 10/13/2008 | 9.72 | 10.5 | 9.28 | | 10.4 | 50920000 | | | |
| 10/10/2008 | 9.31 | 10 | 8.88 | | 9.19 | 79397100 | | | |
| 10/9/2008 | 10.87 | 11.1 | 9.94 | | 10.09 | 42377900 | | | |

| | | | | | |
|---|---|---|---|---|---|
| 10/8/2008 | 10.4 | 11.13 | 10.4 | 10.78 | 61179200 |
| 10/7/2008 | 11.37 | 11.37 | 10.61 | 10.73 | 51411200 |
| 10/6/2008 | 11.9 | 12.06 | 10.86 | 11.23 | 64125900 |
| 10/3/2008 | 12.64 | 12.86 | 12.05 | 12.12 | 29676700 |
| 10/2/2008 | 12.95 | 13.09 | 12.35 | 12.5 | 30036700 |
| 10/1/2008 | 12.92 | 13.18 | 12.76 | 13.06 | 22735300 |
| 9/30/2008 | 13.11 | 13.23 | 12.82 | 13.11 | 34686700 |
| 9/29/2008 | 14.02 | 14.2 | 12.68 | 12.9 | 38104900 |
| 9/26/2008 | 13.97 | 14.24 | 13.78 | 14.21 | 29534000 |
| 9/25/2008 | 14.04 | 14.43 | 13.92 | 14.24 | 26691300 |
| 9/24/2008 | 13.92 | 14.21 | 13.63 | 13.96 | 25655200 |
| 9/23/2008 | 13.9 | 14.21 | 13.57 | 13.83 | 27766200 |
| 9/22/2008 | 14.38 | 14.55 | 13.82 | 13.89 | 26370400 |
| 9/19/2008 | 14.1 | 14.58 | 13.15 | 14.55 | 42383600 |
| 9/18/2008 | 13.93 | 14.05 | 13.15 | 13.95 | 47702200 |
| 9/17/2008 | 13.9 | 14.23 | 13.73 | 13.74 | 45686500 |
| 9/16/2008 | 14 | 14.24 | 13.64 | 14.08 | 38079200 |
| 9/15/2008 | 14.14 | 14.46 | 14.05 | 14.12 | 36239400 |
| 9/12/2008 | 14.41 | 14.74 | 14.12 | 14.57 | 28806400 |
| 9/11/2008 | 14.62 | 14.62 | 14.28 | 14.42 | 49248000 |
| 9/10/2008 | 15.23 | 15.39 | 14.84 | 14.85 | 31199600 |
| 9/9/2008 | 15.63 | 15.88 | 15.18 | 15.18 | 27290300 |
| 9/8/2008 | 15.62 | 15.79 | 15.39 | 15.72 | 23171400 |
| 9/5/2008 | 15.37 | 15.48 | 15.05 | 15.25 | 26267600 |
| 9/4/2008 | 16.19 | 16.3 | 15.4 | 15.46 | 38950000 |
| 9/3/2008 | 16.5 | 16.5 | 16.1 | 16.33 | 36522300 |
| 9/2/2008 | 16.52 | 16.9 | 16.47 | 16.7 | 38057100 |
| 8/29/2008 | 16.14 | 16.52 | 16.12 | 16.37 | 22853900 |
| 8/28/2008 | 15.94 | 16.32 | 15.86 | 16.25 | 20476900 |
| 8/27/2008 | 15.88 | 15.97 | 15.67 | 15.88 | 16981600 |
| 8/26/2008 | 15.66 | 15.95 | 15.48 | 15.88 | 16870600 |
| 8/25/2008 | 15.89 | 15.99 | 15.61 | 15.67 | 15742100 |
| 8/22/2008 | 15.57 | 16.04 | 15.53 | 16.04 | 19246500 |
| 8/21/2008 | 15.41 | 15.58 | 15.21 | 15.51 | 21251100 |
| 8/20/2008 | 15.74 | 15.82 | 15.38 | 15.5 | 18735500 |
| 8/19/2008 | 15.87 | 15.94 | 15.6 | 15.72 | 16982500 |
| 8/18/2008 | 16.19 | 16.23 | 15.87 | 15.99 | 21329400 |
| 8/15/2008 | 15.86 | 16.25 | 15.77 | 16.17 | 22232000 |
| 8/14/2008 | 15.6 | 15.98 | 15.31 | 15.85 | 18577200 |
| 8/13/2008 | 15.58 | 15.68 | 15.35 | 15.52 | 18534000 |
| 8/12/2008 | 16 | 16 | 15.63 | 15.66 | 18057400 |
| 8/11/2008 | 15.54 | 16.2 | 15.42 | 15.88 | 24040800 |
| 8/8/2008 | 14.56 | 15.64 | 14.5 | 15.6 | 34781600 |
| 8/7/2008 | 14.68 | 14.85 | 14.49 | 14.5 | 26479700 |
| 8/6/2008 | 15 | 15.05 | 14.48 | 14.83 | 24537600 |
| 8/5/2008 | 14.41 | 14.88 | 14.41 | 14.88 | 20251900 |
| 8/4/2008 | 14.24 | 14.54 | 14.2 | 14.4 | 17051500 |
| 8/1/2008 | 14.46 | 14.46 | 14.07 | 14.23 | 16836500 |

10,11,12,15          Actual

- 9

## Paragraph 45 – N. WTC0000524

**From:** Anderson, Jennifer K. [mailto:JKAnderson@WilmingtonTrust.com]
**Sent:** Monday, February 13, 2012 8:10 AM
**To:** Novod, Gordon Z.
**Cc:** Healy, Patrick J.
**Subject:** Tribune - PHONES

DTC's outstanding balance for CUSIP 896047305 is 4953884.

```
@FCQ                THE DEPOSITORY TRUST COMPANY              DATE :  02/10/12
M0001383-XT       FAST BALANCE CONFIRMATION SYSTEM           TIME :  09:41:09
               BALANCE CONFIRMATION SUMMARY FOR   2/ 9/12    PAGE :     1
            TA NUMBER : 00009996   TA NAME :  WILMINGTON TRUST CO


    CUSIP/SECURITY NAME      OPEN BALANCE            DEBIT/CREDIT      CLOSE BALANCE

   896047305          4953884.00000
    TRIBUNE COMPANY  DE-                                          4953884.00000
```

Thank you.

Jennifer K. Anderson
Corporate Client Services
Banking Officer

Wilmington Trust, N.A.
Rodney Square North
1100 North Market Street
Wilmington, DE 19890
Phone: 302-636-5048
Email: mailto:JKAnderson@wilmingtontrust.com
http://www.wilmingtontrust.com

Visit our website at www.wilmingtontrust.com

Investment products are not insured by the FDIC or any other governmental agency, are not deposits of or other obligations of or guaranteed by Wilmington Trust or any other bank or entity, and are subject to risks, including a possible loss of the principal amount invested. This e-mail and any files transmitted with it may contain confidential and/or proprietary information.  It is intended solely for the use of the individual or entity who is the intended recipient.  Unauthorized use of this information is prohibited.  If you have received this in error, please contact the sender by replying to this message and delete this material from any system it may be on.

WTC 000524

# Paragraph 46 – DBTCA's Responses to Interrogatory Nos. 1, 2, 3, 4, 5, 6, and 7

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRIBUNE CORPORATION, et al., | ) | Case No. 08-13141 (KJC) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

## RESPONSES AND OBJECTIONS OF DEUTSCHE BANK TRUST COMPANY AMERICAS, IN ITS CAPACITY AS PREDECESSOR INDENTURE TRUSTEE UNDER THE PHONES INDENTURE TO THE FIRST SET OF INTERROGATORIES OF WILMINGTON TRUST COMPANY

Deutsche Bank Trust Company Americas ("DBTCA"), in its capacity as predecessor indenture trustee under that certain Indenture dated as of April 1, 1999, between Tribune and Bank of Montreal Trust Company, as original indenture trustee (as amended, restated or otherwise modified from time to time, the "Indenture") responds and objects ("Responses and Objections") to the First Set of Interrogatories of Wilmington Trust Company dated January 20, 2012 (the "Interrogatories") as follows:

## GENERAL OBJECTIONS

1.      DBTCA objects to the Interrogatories in their entirety to the extent they exceed the scope of permitted discovery as described in ¶ 5 of the Order regarding allocation disputes dated January 20, 2012 (the "Allocation Disputes Order").

2.      DBTCA objects to the Interrogatories in their entirety to the extent they are overbroad, cumulative, duplicative or purport to impose obligations upon it that exceed those set forth in Federal Rules of Civil Procedure 26 and 33, made applicable herein under Federal Rules of Bankruptcy Procedure 7026, 7033, and 9014, the Local Rules of the United States Bankruptcy

Court for the District of Delaware, the Allocation Disputes Order, or any other applicable statute, rule, or order.  DBTCA further objects to the Interrogatories in their entirety to the extent they are not reasonably calculated to lead to the discovery of admissible evidence in that the information sought would not be admissible pursuant to Federal Rule of Evidence 408.

3.    DBTCA objects to the Interrogatories in their entirety to the extent they purport to call for the disclosure of information, or the production of documents, that are subject to attorney work product protection, the attorney-client privilege, or any other applicable privilege, including privileged information or documents shared with entities with which DBTCA holds or held a common interest.

4.    DBTCA further objects to the Interrogatories to the extent that they are vague and/or ambiguous.

5.    DBTCA further objects to the Interrogatories to the extent that they seek information and/or documentation that is not relevant to a claim or defense of any party.

6.    DBTCA further objects to the Interrogatories to the extent that they purport to require the disclosure of trade secrets or other confidential research, development or commercial information.

7.    DBTCA further objects to the Requests insofar as they assume disputed facts or legal conclusions in any given Interrogatory or in the definitions or instructions.  Any response or objection by DBTCA with respect to any such Interrogatory is without prejudice to DBTCA's right to dispute facts and legal conclusions explicitly or implicitly assumed by the Interrogatory.

2

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

8.      DBTCA objects to each and every definition to the extent that they purport to define words in a way that is inconsistent with their generally understood meanings.

9.      DBTCA objects to Instruction 1 on the grounds that it is unduly burdensome.

10.     DBTCA objects to Definition D ("Debtors") as overbroad and unduly burdensome to the extent it purports to include debtors other than The Tribune Company.

## RESERVATION OF RIGHTS

11.     The Responses and Objections to the Interrogatories shall not be construed as: (i) an admission as to the relevance, admissibility, or materiality of any such information or documents or their subject matter; (ii) a waiver or abridgment of any applicable privilege; or (iii) an agreement that requests for similar information or documents will be treated similarly.

12.     DBTCA reserves all of its rights, including their right to supplement, amend, or correct any of its answers in these Responses and Objections to the Interrogatories and its right to object to the admissibility of any part of any information or document produced in response to the Interrogatories.

13.     To the extent DBTCA responds to the Interrogatories below, it does so reserving: (a) all rights to object, on the grounds of competency, privilege, relevancy, materiality, confidentiality, authenticity, admissibility or any other proper grounds, to the use of these responses and/or answers as evidence for any purpose, in whole or in part, in any subsequent proceeding, or in any hearing or trial in this or any other action; (b) the right to object on any and all grounds, at any time, to other requests or demands for information involving or relating to the subject of the Interrogatories to which DBTCA responds herein; and (c) the right to amend, revise, correct, supplement or clarify the responses and objections propounded herein.

3

**INTERROGATORY NO. 1:**

For each exercise of the PHONES Notes Exchange Option by any holder of PHONES Notes between September 1, 2008 and December 30, 2008, identify (i) whether such exchange was approved into the DWAC system, (ii) whether such exchange, if approved into the DWAC system, resulted in a debit of PHONES Notes on DTC's book entry account on the records of Tribune, (iii) whether the number of PHONES Notes was reduced as a result of the holder of PHONES Notes initiating a PHONES Notes Exchange Option, (iv) whether an officer's certificate was received from Tribune, and (v) whether payment was made to the holder.

**RESPONSE TO INTERROGATORY NO. 1.**

DBTCA incorporates by reference its General Objections and Objection to Definitions and Instructions as set forth above.   Specifically incorporating and not waiving these Objections, in response to Interrogatory No. 1, DBTCA states that a listing of all of the exchanges for which DBTCA received an Exchange Notice is attached as Exhibit "A" (the "Listing") which has previously been produced as WTC0000115. Among other things, the Listing identifies: (a) the exchange date, (b) the holder, (c) the number of shares that have been tendered for exchange, (d) whether the proposed exchange has been DWAC approved, (e) whether  an Officer's Certificate has been received, (f) the payment date, (g) the payment amount and (h) whether the holder had been paid.

**INTERROGATORY NO. 2:**

For each exercise of the PHONES Notes Exchange Option in the period identified in Interrogatory No. 1, describe the reasons why, basis for and the circumstances concerning, (i) the debiting of PHONES Notes from DTC's account before payment was made to the relevant PHONES Noteholder, (ii) the reduction in the number of PHONES Notes as a result of a holder of PHONES Notes initiating a PHONES Notes Exchange Option, each including, without

4

limitation, (a) any reliance upon the terms of the PHONES Indenture; (b) any communications, instruction or other information received from or provided to Tribune or holders of PHONES Notes in this regard.

## RESPONSE TO INTERROGATORY NO. 2.

DBTCA incorporates by reference its General Objections and Objection to Definitions and Instructions as set forth above. Specifically incorporating and not waiving these Objections, in response to Interrogatory No. 2, DBTCA states that the exercise by a holder of the PHONES Note Exchange Option (an "Exchange") was governed by the terms of the Indenture (previously produced in this case at WTC0000001-WTC0000069), the form of the Global Note (previously produced in this case at WTC0000093-WTC000114) the form of PHONES Note Exchange Option ("Exchange Notice"; previously produced in this case at WTC 0000089-WTC0000093) and the form of PHONES Note Exchange Option ("Exchange Notice"; previously produced in this case at WTC0000089-WTC0000093) and the particular Exchange Notice (previously produced in this case at WTC0000118-WTC0000157). The documents speak for themselves and the process was described therein.

In order for a holder to exercise an exchange, the holder's broker was required to: (a) fax a completed Exchange Notice to DBTCA and (b) initiate a DWAC. Following the receipt of the Exchange Notice by DBTCA and the acceptance by DBTCA of the DWAC, DBTCA would transmit the Exchange Notice to Tribune. Tribune was then required to forward an Officer's Certificate to DBTCA which, among other things, would identify the amount to be paid to the holder and the date on which payment would be made.

5

If the DWAC was accepted, it is our understanding that DTC would automatically debit the outstanding position in PHONES. In connection with an exchange, DBTCA relied on the terms of the Indenture, the form of the Global Note and the Exchange Notice.

**INTERROGATORY NO. 3:**

For each exercise of the PHONES Notes Exchange Option in the period identified in Interrogatory No. 1, identify whether the underlying PHONES Notes sought to be exchanged were cancelled or whether the number of outstanding certificates reduced to account for the number of PHONES Notes submitted to the DWAC system as a result of a PHONES Notes Exchange Option.

**RESPONSE TO INTERROGATORY NO. 3.**

DBTCA incorporates by reference its General Objections and Objection to Definitions and Instructions as set forth above. Specifically incorporating and not waiving these Objections, in response to Interrogatory No. 3, DBTCA states that in connection with an exchange, the holder was required to fax to DBTCA an Exchange Notice. In addition, consistent with the applicable documents, it was DBTCA's understanding that the holder's broker was required to initiate a DWAC and DBTCA would accept that DWAC. If the DWAC were accepted, DTC would debit the outstanding amount of the position on its books and records. DBTCA does not believe that the reduction of the position at DTC resulted in a cancellation of the PHONES Notes that were tendered for exchange. If the exchange were not consummated, DBTCA believes that the holder could have caused its broker to issue a separate DWAC that would have reversed the original DWAC request that resulted in the initial debiting of the position at DTC.

A letter dated December 30, 2008 (previously produced in this case at WTC0000078) by DBTCA to Tribune addressed the issue concerning certain withdrawal requests. DBTCA's

6

resignation from the Indenture became effective on January 12, 2009. By letter dated January 14, 2009 (previously produced in this case at WTC0000086), Tribune responded to DBTCA's December 30th letter.

**INTERROGATORY NO. 4:**

For the PHONES Notes Exchange Option, explain the internal process at DBTCA for effectuating the exercise of the PHONES Notes Exchange Option from or by any holder of PHONES Notes, including but not limited to the processing of any purported notices of exercise of the PHONES Notes Exchange Option received from holders, and the cancellation and/or reduction of the PHONES Notes upon the initiation of a PHONES Notes Exchange Option.

**RESPONSE TO INTERROGATORY NO. 4.**

DBTCA incorporates by reference its General Objections and Objection to Definitions and Instructions as set forth above. Specifically incorporating and not waiving these Objections, in response to Interrogatory No. 4, DBTCA states that upon receiving an exchange notice, it was its policy to forward such notice to Tribune. Once the DWAC had been accepted, DBTCA's policy would be to enter the exchange information into its own internal bond record keeping software. The positions on DBTCA's internal bond keeping system are required to match the positions on DTC's books and records. DBTCA also maintained the Listing which identified the various stages of the exchanges.

**INTERROGATORY NO. 5:**

For exchange notices dated December 3, 2008 and December 8, 2008, each submitted by Goldman Sachs, and each with a share amount of 197,237, identify (i) (a) whether the notices are duplicates of each other, (b) to the extent that they are duplicates, describe the circumstances surrounding, and reasons for, the receipt of the duplicate notices, and (ii) identify the

7

circumstances surrounding, and reasons why, (a) the PHONES Notes Exchange Option was or was not approved into the DWAC system, (b) such exchange, if approved into the DWAC system, resulted in a debit of PHONES Notes on DTC's book entry account on the records of Tribune, and (c) whether the number of PHONES Notes was reduced as a result of Citigroup initiating a PHONES Notes Exchange Option for these PHONES Notes.

## RESPONSE TO INTERROGATORY NO. 5.

DBTCA incorporates by reference its General Objections and Objection to Definitions and Instructions as set forth above.   Specifically incorporating and not waiving these Objections, in response to Interrogatory No. 5, DBTCA states that as reflected on the Listing, the proposed exchange of 197,237 shares by Goldman Sachs on December 3, 2008 and on December 8, 2008 (the "Goldman Proposed Exchanges"), to our knowledge, was not accompanied by a DWAC that had been initiated by the broker and accepted by DBTCA. After a reasonable inquiry of its own files, DBTCA is unable to determine whether these exchanges were duplicates or what the circumstance and/or reasons why the Goldman Proposed Exchanges were not approved into the DWAC system. Because a DWAC instruction was not approved, it is our understanding that DTC did not reduce the amount of the PHONES Notes on its bookkeeping system.

## INTERROGATORY NO. 6:

For the exchange notice dated December 2, 2008 submitted by Citigroup, with a share amount of 40,000, identify the circumstances surrounding, and reasons why, (i) the PHONES Notes Exchange Option was or was not approved into the DWAC system, (ii) such exchange, if approved into the DWAC system, resulted in a debit of PHONES Notes on DTC's book entry account on the records of Tribune, (iii) whether the number of PHONES Notes was reduced as a result of Citigroup initiating a PHONES Notes Exchange Option for these PHONES Notes.

8

**RESPONSE TO INTERROGATORY NO. 6.**

DBTCA incorporates by reference its General Objections and Objection to Definitions and Instructions as set forth above. Specifically incorporating and not waiving these Objections, in response to Interrogatory No. 6, DBTCA states that as reflected on the Listing, the proposed exchange of 40,000 shares by Citigroup on December 2, 2008 (the "Citigroup Proposed Exchange"), to our knowledge, was not accompanied by a DWAC that had been initiated by the broker and accepted by DBTCA. After a reasonable inquiry of its own files, DBTCA is unable to determine whether these exchanges were duplicates or what the circumstance and/or reasons why the Citigroup Proposed Exchanges were not approved into the DWAC system. Because a DWAC instruction was not approved, it is our understanding that DTC did not reduce the amount of the PHONES Notes on its bookkeeping system.

**INTERROGATORY NO.7:**

Identify each person who provided information used to prepare answers to the interrogatories. For each person identified, identify the interrogatory or interrogatories in respect of which he/she provided information.

**RESPONSE TO INTERROGATORY NO. 7.**

DBTCA incorporates by reference its General Objections and Objection to Definitions and Instructions as set forth above. Specifically incorporating and not waiving these Objections, in response to Interrogatory No. 7, DBTCA states that the persons who provided information to prepare the answers to the Interrogatories are:

David Contino, Vice President
Deutsche Bank Trust Company Americas
60 Wall Street, 27th Floor
New York, New York 10005

9

Rodney Gaughan, Vice President
Trust & Agency Services
Deutsche Bank National Trust Company
100 Plaza One, 6th Floor, Mail Stop JCY03-0699,
Jersey City, NJ 07311-3901


Dated: February 9, 2012          **McCARTER & ENGLISH LLP**
Wilmington, DE

By:    /s/ Katharine L. Mayer
       Katharine L. Mayer (DE# 3758)
       Renaissance Centre
       405 N. King Street, 8th Floor
       Wilmington, DE 19801
       (302) 984-6300
       (302) 984-6399 Facsimile
       (302) 984-2494 Direct Fax
       kmayer@mccarter.com

       -and-

       David J. Adler, Esq. (DA0048)
       245 Park Avenue
       27th Floor
       New York, New York 10167
       (212) 609-6800 - Telephone
       (212) 609-6921 - Facsimile
       dadler@mccarter.com

       *Counsel for Deutsche Bank Trust Company
       Americas*

10