# Exhibit A

Settlement Agreement

## **SETTLEMENT AGREEMENT**

This Settlement Agreement ("Agreement") is entered into this 27th day of February 2012, by Tribune Company on behalf of its subsidiaries Los Angeles Times International, Ltd. ("LATI") and Baltimore Sun Company ("Baltimore Sun"), collectively referred to as the "Companies," and the Maryland Comptroller of the Treasury ("Comptroller"), all three collectively referred to as the "Parties."

WHEREAS, prior to 2000, the Companies were affiliates of The Times Mirror Company;

AND WHEREAS, on June 12, 2000, The Times Mirror Company and its affiliates merged with and into The Tribune Company ("Tribune");

AND WHEREAS, on December 8, 2008, Tribune and certain of its subsidiaries, including LATI and Baltimore Sun, filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy");

AND WHEREAS, Tribune and Companies have made a material representation that the Comptroller was properly served with the required notice of the Bankruptcy;

AND WHEREAS, the Comptroller audited the Companies;

AND WHEREAS, on July 19, 2007, the Comptroller issued a Notice of Assessment assessing LATI for tax years 2000 through 2003, inclusive, in the amount of $9,280,676.00 plus interest and penalty (the "LATI Assessment") and a Notice of Assessment assessing Baltimore Sun for the tax years 2004 and 2005 in the amount of $4,357,676.00 plus interest and penalty (the "Baltimore Sun Assessment") (collectively the "Assessments");

1

AND WHEREAS, the Companies filed timely Applications for Revision of Assessments and requests for informal hearings with the Comptroller with respect to the Assessments;

AND WHEREAS, a joint informal hearing for the Companies was held before a Hearing Officer for the Comptroller regarding the Assessments on November 30, 2007;

AND WHEREAS, on March 15, 2010, the Comptroller issued a Notice of Final Determination affirming, with modifications, the assessment against LATI in the amount of $6,489,404.00 for tax years 2001, 2002, and 2003, and a Notice of Final Determination affirming the assessment against Baltimore Sun in the amount of $4,357,676.00, for tax years 2004 and 2005, collectively the "Determinations";

AND WHEREAS, on April 14, 2010, the Companies challenged the Determinations and filed Petitions of Appeal in the Maryland Tax Court in *Baltimore Sun Company v. Comptroller*, MTC No. 10-IN-OO-0389, and *Los Angeles Times Int'l Ltd. v. Comptroller*, MTC No. 10-IN-OO-0390 (together the "Tax Court Appeals");

AND WHEREAS, the Bankruptcy remains an open matter;

AND WHEREAS, the Parties have agreed to settle all Maryland corporation income tax and related interest and penalties for the Companies for the tax years 2001 through 2005, inclusive and to dismiss the Tax Court Appeals;

NOW, THEREFORE, in consideration of the mutual covenants herein contained and other good and valuable consideration, receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. <u>Recitals</u>: The recitals set forth above are incorporated herein as a material part of this Agreement and the Parties acknowledge that each has relied on the recitals as an inducement for entering into this Agreement.

2. <u>Settlement Amount:</u>

   a. The total settlement amount for the Parties is $6,355,300.00 (hereinafter the "Settlement Amount"), which is comprised of the following components:

      i. Tax due from Baltimore Sun for taxable years 2004 and 2005 in the amount of $4,356,143.00;

      ii. Interest due from Baltimore Sun for taxable years 2004 and 2005 in the amount of $1,999,157.00;

      iii. Penalty equal to zero percent (0%) of the tax liability for taxable years 2004 and 2005.

   b. Tribune shall pay the Settlement Amount on behalf of Baltimore Sun in accordance with the provisions of the Bankruptcy Code, including sections 511 and 1129(a)(9)(C) thereof. The Settlement Amount shall be paid as an unsecured priority tax claim pursuant to section 507(a)(8) of the Bankruptcy Code under such chapter 11 plan as becomes effective for the Companies (the"Plan"). The payment of the total liabilities agreed to by the Parties in this Settlement Agreement in accordance with the terms the Plan shall be in full and final satisfaction of any and all claims of the Comptroller relating to liabilities of the Companies including, without limitation, the claims asserted in Proof of Claim No. 2257, filed by the Comptroller in the Bankruptcy.

3. <u>Cancellation of Assessments:</u>  Effective upon the payment of the Settlement Amount, the Comptroller does hereby:

   a. withdraw the LATI Assessments; and

   b. Abate any remaining portion of the Baltimore Sun Assessment.

4. <u>Dismissal of Litigation:</u>  Within ten (10) days of the approval of the Agreement by the judge presiding over the Bankruptcy, Baltimore Sun and LATI shall dismiss the Tax Court Appeals.

5. <u>Final Settlement:</u>  This Agreement represents a full, complete, final and binding settlement of the Assessments and Tax Court Appeals. This Agreement shall not be construed by any of the Parties, or their affiliates, as an admission by any party concerning claims or issues asserted in the Assessments, Determinations, the Tax Court Appeals, or any other issues settled in this Agreement. The Parties acknowledge that they have read this Agreement, understand its terms, and agree to be bound by this Agreement.

6. <u>Full Agreement:</u>  This Agreement sets forth the full terms of the compromise and the entire agreement of the Parties with respect to the settlement. This Agreement is intended to conclusively resolve any and all claims of the Parties for both the tax years at issue in the Notices of Final Determination and the 2006 and 2007 tax years.

7. <u>Default:</u>  Default shall occur upon the breach of any of the terms of this agreement. In the event of such default, the entire unpaid balance of the Assessments as stated in the Determinations, including the total interest thereon that has accrued and that continues to accrue, and the assessed penalty, shall

4

immediately become due and owing to the Comptroller. If default occurs, the Companies agree that the Comptroller shall also be entitled to interest at the statutory rate of 13% per annum. In the event of a default, the Comptroller reserves the right to pursue the Companies for the entire amount due.

8. Subject only to the exception provided in paragraph 9 herein, the Comptroller agrees not to enter any additional assessments of corporation income tax, interest or penalty against the Companies for the tax years 2001 through 2007, inclusive, and the Companies, their affiliates, parents, and subsidiaries agree not to file any claims for refund of corporation income tax for these tax years.

9. In the event that the Internal Revenue Service adjusts the federal taxable income of the Companies for the tax years covered by this settlement, the following exception to paragraph 8 shall apply. If the Internal Revenue Service increases the amount of federal taxable income for Baltimore Sun, the Comptroller is authorized to enter an assessment against the entity based on the increased amount of federal taxable income for the entity, using all appropriate Maryland modifications to income. If the Internal Revenue Service decreases the amount of federal taxable income for Baltimore Sun for the tax year, the entity is authorized to file a claim for refund reflecting the decreased federal taxable income and all appropriate Maryland modifications to income. The apportionment rate used for such calculations shall be as follows:

   i.   2004 – Apportionment rate is .994894
   ii.  2005 – Apportionment rate is .996282
   iii. 2006 – Apportionment rate is .999986

       iv.       2007 – Apportionment rate is .998835

10. The terms of this settlement shall be binding on the Companies and the Comptroller for the tax years stated in the Assessments and the 2006 and 2007 tax years, but shall not be binding upon the Parties for any other years that may subsequently be the subject of dispute between the Parties. The fact of such settlement shall not be offered as evidence of administrative practice in this or any other proceeding.

11. This Agreement is binding upon the Parties hereto and their parents, affiliates, successors and assigns.

12. The terms of this Agreement shall be confidential between the Parties to this Agreement, their employees, agents and legal representatives, and shall be disclosed only as necessary to enforce this Agreement or to the extent necessary to obtain the approval of the judge presiding over the Bankruptcy.

13. This Agreement may be separately executed on multiple copies and shall be fully effective once separate copies have been signed by each of the Parties.

14. This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Maryland

IN WITNESS WHEREOF, the parties have signed this Agreement the day and year first above written.

| WITNESS: | THE BALTIMORE SUN COMPANY |
|---|---|
| _____ | by: _____ |
| | Patrick M. Shanahan<br>Assistant Treasurer |
| WITNESS: | LOS ANGELES TIMES INTERNATIONAL, LTD. |
| _____ | by: _____ |
| | Patrick M. Shanahan<br>Assistant Treasurer |
| WITNESS: | COMPTROLLER OF THE TREASURY OF MARYLAND |
| _____ | by: _____<br>Sharonne Bonardi<br>Director, Compliance Division |