IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re ) | Chapter 11 |
| ) | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, et al., ) | Jointly Administered |
| ) | |
| Debtors. ) | Related to ECF No. 11010 |
| ) | |

## JOINDER-IN-PART OF AURELIUS CAPITAL MANAGEMENT, LP TO JOINT OPENING BRIEF OF LAW DEBENTURE TRUST COMPANY OF NEW YORK AND DEUTSCHE BANK TRUST COMPANY AMERICAS WITH RESPECT TO THE ALLOCATION DISPUTES

Aurelius Capital Management, LP, on behalf of its managed entities (collectively, "Aurelius"),[1] by and through its undersigned counsel, hereby joins (the "Joinder") in part in the opening brief [ECF No. 11010] (the "Opening Brief") of Law Debenture Trust Company of New York ("Law Debenture"), as successor indenture trustee under that certain Indenture dated March 19, 1996 between Tribune Company and Citibank, N.A., and Deutsche Bank Trust Company Americas ("DBTCA" and together with Law Debenture, the "Senior Note Trustees").[2]

Aurelius supports the positions articulated in the Senior Note Trustees' Opening Brief, with the exception of the positions articulated in Section III of the Opening Brief. Aurelius reserves all rights to amend or supplement this Joinder.

**WHEREFORE**, Aurelius respectfully requests that the Court conclude that (i) the subordination provisions of both the PHONES Notes Indenture and the EGI Subordination Agreement are without limitation and must be enforced until "Senior Indebtedness"[3] and "Senior

---

[1] Entities managed by Aurelius own a substantial amount of Senior Notes and PHONES Notes. Neither Aurelius nor any of its managed entities owe any fiduciary duties to any party in interest in these cases nor is Aurelius or any of its managed entities an insider of Tribune or any of its affiliates.

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Opening Brief.

[3] Pursuant to the terms of the Proposed DCL Plan, the Senior Lenders and Bridge Lenders have waived their right to be treated as "Senior Indebtedness" under the PHONES Indenture with respect to Settlement consideration provided

1

Obligations," respectively, are paid in full (excluding post-petition interest as set forth in Aurelius's Brief in Support of its Positions Regarding the Allocation Disputes); (ii) Other Parent Claims are not beneficiaries of the Subordination Agreements because they do not constitute "Senior Indebtedness" or "Senior Obligations;" (iii) providing equal treatment to Senior Noteholders and Other Parent Claims regardless of the effect of the Subordination Agreements constitutes unfair discrimination and diverts value that the Senior Noteholders are contractually entitled to receive; and (iv) distributions under the DCL Plan must be adjusted to account properly for the Subordination Agreements; and grant such other relief as the Court deems just, proper and equitable.

Dated: March 2, 2012

| AKIN GUMP STRAUSS HAUER & FELD LLP | ASHBY & GEDDES, P.A. |
|---|---|
| Daniel H. Golden | |
| David M. Zensky | |
| Philip C. Dublin | William P. Bowden (I.D. No. 2553) |
| Deborah J. Newman | Amanda M. Winfree (I.D. No. 4615) |
| One Bryant Park | Leigh-Anne M. Raport (I.D. No. 5055) |
| New York, NY 10036 | 500 Delaware Avenue, P.O. Box 1150 |
| (212) 872-1000 | Wilmington, DE 19899 |
| | (302) 654-1888 |

*Counsel for Aurelius Capital Management, LP*

---

by the Senior Lenders, Bridge Lenders, and Settling Step Two Payees, and Litigation and Creditors' Trust recoveries. Only the Senior Noteholders, and Other Parent Claims (if any) determined by the Court to constitute Senior Indebtedness, benefit from the PHONES Subordination with respect to these distributions and recoveries. *See* Subordination Allocation Index, attached as Ex. A to DCL Supplemental Disclosure Document, dated February 20, 2012 [ECF No. 10959], at 7, n.13; DCL Responsive Statement, dated December 10, 2010 [ECF No. 7141]; DCL Specific Disclosure Statement, dated December 8, 2010 [ECF No. 7135], at 19. As such, "Senior Indebtedness," as used herein, does not include the Senior Lenders and Bridge Lenders with respect to Settlement consideration and Litigation and Creditors' Trust recoveries.