IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------x
In re:                                              :    Chapter 11 Cases
                                                    :    Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,                            :    (Jointly Administered)
                                                    :
                     Debtors.                       :
------------------------------------------------------x

**JOINDER OF DAVIDSON KEMPNER CAPITAL MANAGEMENT LLC, AS INVESTMENT ADVISOR, TO JOINT RESPONSE BRIEF OF LAW DEBENTURE TRUST COMPANY OF NEW YORK AND DEUTSCHE BANK TRUST COMPANY AMERICAS WITH RESPECT TO ALLOCATION DISPUTES**

Davidson Kempner Capital Management LLC ("**Davidson Kempner**"), as investment advisor for certain funds (collectively, the "**DK Funds**") that beneficially own claims against various Debtors, by and through its undersigned counsel, hereby submits this joinder to the Joint Response Brief of Law Debenture Trust Company of New York and Deutsche Bank Trust Company Americas with Respect to the Allocation Disputes, dated March 2, 2012 (the "**Response Brief**"), and respectfully states as follows:[1]

**Joinder**

1. Davidson Kempner, as the investment advisor for the DK Funds, supports and joins in the Response Brief, and makes the following clarification with respect to assertions made by Oaktree Capital Management, L.P. ("**Oaktree**") at pages 9-10 of its opening brief.[2]

2. In the Oaktree Opening Brief, Oaktree asserts that the "Noteholders" (defined in the Oaktree Opening Brief to mean, collectively, Wilmington Trust Company, Aurelius Capital Management, Law Debenture and DBTCA) made a "concession with respect to the seniority of the Swap Claim vis-à-vis the PHONES Notes." See Oaktree Opening Brief at 9.

---

[1]     Capitalized terms used and not defined herein have the meanings given to them in the Response Brief.

[2]     See *Oaktree Capital Management, L.P.'s Opening Brief Regarding Allocation Disputes*, dated February 24, 2012 [DE 11003] at 9-10 (the "**Oaktree Opening Brief**").

DOC ID-18268769.1

In support of its assertion, Oaktree cites to and quotes from a pleading filed by the former proponents of the Noteholder Plan (as defined in the Oaktree Opening Brief), objecting to confirmation of the Second Amended Plan (as defined in the Oaktree Opening Brief). Id. at 9-10 (quoting from *Objection of Noteholder Plan Proponents to Confirmation of the Debtor/Committee/Lender Plan of Reorganization (Part I)* [DE 8013] at ¶ 396 (the "**NPP Objection**")). Oaktree goes on to assert that each of the Noteholders (as defined in the Oaktree Opening Brief) "has now recanted that concession." Id. at 10.

3. Davidson Kempner wishes to clarify for the Court that neither Davidson Kempner nor any of the DK Funds was *ever* a proponent of the Noteholder Plan, nor did any of them *ever* join in the NPP Objection. Accordingly, the Court should not consider any of the assertions made by Oaktree at pages 9-10 of its opening brief to apply to either Davidson Kempner or any of the DK Funds.

## Conclusion

WHEREFORE, Davidson Kempner respectfully requests that this Court (i) make conclusions and findings consistent with those requested by the Senior Indenture Trustees in the Response Brief, and (ii) grant such other and further relief as may be appropriate or required.

Dated: March 2, 2012
       Wilmington, Delaware                    Respectfully Submitted,

| | |
|---|---|
| SCHULTE ROTH & ZABEL LLP | BIFFERATO GENTILOTTI LLC |
| Adam C. Harris | |
| Karen S. Park | |
| 919 Third Avenue | */s/ Garvan F. McDaniel* |
| New York, NY 10022 | Garvan F. McDaniel (I.D. No. 4167) |
| 212-756-2000 | 800 N. King Street, Plaza Level |
| | Wilmington, Delaware 19801 |
| | 302- 429-1900 |

*Attorneys for Davidson Kempner Capital Management LLC, as investment advisor*