# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Hearing Date: March 22, 2012 at 2:30 p.m. ET**<br>**Objection Deadline: March 15, 2012 at 4:00 p.m. ET**<br>Related to Docket Nos. 6226 and 6552 |

## SUPPLEMENTAL APPLICATION FOR AN ORDER MODIFYING THE SCOPE OF THE DEBTORS' RETENTION OF DAVIS WRIGHT TREMAINE LLP AS SPECIAL COUNSEL TO INCLUDE CERTAIN CORPORATE AND LITIGATION MATTERS PURSUANT TO 11 U.S.C. §§ 327(E) AND 1107, NUNC PRO TUNC TO FEBRUARY 21, 2012

The debtors and debtors in possession in the above-captioned chapter 11 cases

(each a "Debtor" and collectively, the "Debtors") hereby submit this supplemental application

(the "Supplemental Application") for entry of an order, in the form attached hereto, modifying

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

the scope of the Debtors' already-authorized employment of Davis Wright Tremaine LLP

("DWT") as special counsel pursuant to sections 327(e) and 1107 of title 11 of the United States

Code (the "Bankruptcy Code"), nunc pro tunc to February 21, 2012.  The Debtors have requested

that DWT provide professional services to the Debtors consisting of corporate and litigation

advice for matters arising in Washington state (the "Washington Matters"), which are not within

the scope of DWT's existing retention by the Debtors.  In support of the Supplemental

Application, the Debtors submit the Declaration of Lynn Manolopoulos (the "Manolopoulos

Declaration"), a copy of which is attached as Exhibit A and incorporated herein by reference.  In

further support of this Supplemental Application, the Debtors respectfully represent as follows:

## STATUS OF THE CASE AND JURISDICTION

1.     On December 8, 2008 (the "Petition Date"), Tribune Company and certain

of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy

Code.  An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under

chapter 11 of the Bankruptcy Code on October 12, 2009.  In all, the Debtors comprise 111

entities.

2.     The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  (D.I. 43,

2333.)

3.     The Debtors have continued in possession of their respective properties

and have continued to operate and maintain their businesses as debtors in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

4.      On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee").

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are sections 327(e) and 1107 of the Bankruptcy Code.

## PROCEDURAL BACKGROUND FOR THE APPLICATION

### A.      Scope of DWT's Existing Retention

6.      DWT principally represents Los Angeles Times Communications LLC (the "LA Times") with respect to various First Amendment, Internet, and telecommunications matters (collectively, the "Media Litigation Matters").  These include representing the LA Times in its efforts to obtain access to court records and proceedings, pursuing actions under the California Public Records Act, and defending against lawsuits for defamation, invasion of privacy, and other torts, as well as providing general advice on First Amendment and media law topics.  Accordingly, DWT has been retained by the Debtors in accordance with section 327(e) of the Bankruptcy Code, first as an Ordinary Course Professional and later as special counsel, with respect to the Media Litigation Matters.

7.      The terms of DWT's existing retention by the Debtors is summarized in the Debtors' Application for an Order Authorizing Debtors to Employ and Retain Davis Wright Tremaine LLP as Special Counsel to Los Angeles Times Communications LLC for Certain Media Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc Pro Tunc to October 1, 2010 (Docket No. 6226) (the "Original Application").  The Original Application is

hereby incorporated by reference.[3]  The Original Application was approved by an order dated

November 22, 2010 (Docket No. 6552) (the "Original Retention Order").

**B.      The Proposed Supplemental Retention**

8.      The Debtors now desire to retain and employ DWT to provide services in

connection with the Washington Matters, including providing corporate law and litigation advice

specific to Washington state law applicable to Debtor entities incorporated in, or operating in,

that state.  Assistance with the Washington Matters was not among the services that DWT or the

Debtors contemplated under the Original Application.  Accordingly, the Debtors submit this

Supplemental Application to encompass the Washington Matters and obtain Court approval for

the employment and retention of DWT in connection therewith.  The services that the Debtors

contemplate that DWT will provide in connection with the Washington Matters are not

duplicative of those services provided by any other of the Debtors' professionals.

## RELIEF REQUESTED

9.      By this Supplemental Application, the Debtors seek authorization to

employ and retain DWT as their special counsel for the Washington Matters pursuant to section

327(e) of the Bankruptcy Code, nunc pro tunc to February 21, 2012, the date that DWT first

began providing services in connection with the Washington Matters.

10.     The Debtors and DWT have agreed that, subject to the Court's approval,

DWT will continue to charge the Debtors for its legal services on an hourly basis in accordance

with its ordinary and customary rates for matters of this type in effect on the date such services

are rendered, and for reimbursement of all costs and expenses incurred in connection with these

---

[3] The Debtors also incorporate herein by reference the Declaration of Kelli Sager in support of the Original Application, which was filed as Exhibit A to the Original Application (the Sager Declaration") and the Affidavit of Alonzo Wickers IV in support of DWT's retention as an Ordinary Course Professional (Docket No. 380) (the "Wickers Affidavit").

cases.  (See Manolopoulos Declaration at ¶ 3.)  DWT has advised the Debtors that it will comply

in all respects with the applicable requirements for seeking compensation and reimbursement of

expenses for all fees and costs incurred in connection with the Washington Matters.  (See

Manolopoulos Declaration at ¶ 4.)

**LEGAL AUTHORITY**

11.     The Debtors' existing retention of DWT, and the proposed modification of

that retention described herein, are pursuant to section 327(e) of the Bankruptcy Code, which

provides in relevant part that a debtor in possession, with the court's approval, may employ, for a

specified special purpose, other than to represent the trustee in conducting the case, an attorney

that has represented the debtor, if in the best interest of the estate, and if such attorney does not

represent or hold any interest adverse to the debtor or to the estate with respect to the matter on

which such attorney is to be employed.  11 U.S.C. § 327(e).

12.     Under this section, special counsel may be appointed if: (1) the

representation is in the best interest of the estate, (2) the attorney represented the debtor in the

past, (3) the attorney is for a specific purpose approved by the court, other than to represent the

debtor in conducting the case, and (4) the attorney does not represent or hold an interest adverse

to the debtor or the debtor's estate.  See id.; see also In re Woodworkers Warehouse, Inc., 323

B.R. 403, 406 (D. Del. 2005); Meespierson, Inc. v. Strategic Telecom, Inc., 202 B.R. 845, 847

(D. Del. 1996).

13.     When analyzing the retention of special counsel under section 327(e), the

court should consider all relevant facts surrounding the debtor's case, including but not limited

to, the nature of the debtor's business, all foreseeable employment of special counsel, the history

and relationship between the debtor and the proposed special counsel, the expense of

replacement counsel, potential conflicts of interest and the role of general counsel. See Woodworkers Warehouse, 323 B.R. at 406 (citing Matter of First Am. Health Care of Georgia, Inc., 1996 WL 33404562, *3 (Bankr. S.D. Ga. Apr. 18, 1996). In general, however, subject to the requirements of sections 327 and 1107, a debtor in possession is entitled to the counsel of their choosing. See, e.g., In re Vouzianas, 259 F.3d 103, 108 (2d Cir. 2001) (observing that "[o]nly in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel").

14.    In the instant case, modifying DWT's existing retention on behalf of the Debtors to include services in connection with the Washington Matters is in the best interests of the Debtors' estates, and satisfies all other standards for retention under sections 327(e) and 1107. The partners, counsel, and associates of DWT, through DWT's representation of the Debtors prior to the Petition Date and during the pendency of these chapter 11 cases, have become very familiar with the Debtors and their business operations, and are well-suited to provide the services requested of DWT in connection with the Washington Matters. The partners, counsel, and associates of DWT that will be providing corporate and litigation-related legal services to the Debtors each practice in Washington state and are familiar with the law, regulations, and procedural rules applicable to matters arising in that state. In light of that experience, DWT's continued representation of the Debtors will provide a substantial benefit to the Debtors and their estates. Accordingly, the Debtors believe that it is necessary and in the best interests of their estates and creditors to employ and retain DWT as special counsel to in connection with the Washington Matters.

15.    DWT has informed the Debtors that, as set forth in more detail in the concurrently filed Manolopoulos Declaration and subject to any exceptions contained therein or

in the exhibits thereto, DWT does not hold or represent in these proceedings any interests adverse to the Debtors, or to their estates in matters upon which DWT continues to be employed. All information with respect to DWT's connections with the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee is set forth in the Wickers Affidavit, the Sager Declaration, and the Manolopoulos Declaration.

16.     DWT has agreed to conduct an ongoing review of its files to ensure that it continues to neither hold nor represent in these proceedings any interests adverse to the Debtors or to their estates on the matters on which it is to be employed. In this regard, DWT will promptly amend the Sager Declaration to the extent that DWT becomes aware of material information or relationships which it determines require further disclosure.

17.     The Debtors seek to retain DWT nunc pro tunc to February 21, 2012, the point at which DWT first began providing corporate and litigation legal services to the Debtors in connection with the Washington Matters. It is well established that a bankruptcy court has the power to grant retroactive approval of employment of a professional in a chapter 11 case. See, e.g., In re Arkansas Co., Inc., 798 F.2d 645, 648 (3d Cir. 1986); In re Primary Health Sys. Inc., 2002 WL 500567 (D. Del. Mar. 28, 2002). In determining whether the court should exercise its discretion to grant retroactive approval the bankruptcy court must find that it would have granted prior approval pursuant to the requirements of section 327, and may consider additional factors such as (1) whether the applicant was under time pressure to begin service without approval; (2) the amount of delay; and (3) the extent to which compensation to the applicant will prejudice innocent third parties. In re Arkansas Co., Inc., 798 F.2d at 650.

18.     Here, the Debtors have filed this Supplemental Application promptly (i.e., within two weeks) after determining that it was necessary to retain counsel to assist the Debtors with the Washington Matters, for hearing at the first available omnibus hearing date for which the Supplemental Application could properly be noticed.  Such retention was necessary to enable DWT to provide advice to the Debtors immediately on the Washington Matters.  The brief delay between the proposed nunc pro tunc date for DWT's retention and the filing of this Supplemental Application, taken together with the limited modification to DWT's existing retention proposed by the Supplemental Application, cannot plausibly prejudice any innocent third parties..  The Debtors therefore request that the Court approve DWT's retention on a nunc pro tunc basis.

## NOTICE

19.     Notice of this Application has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel for the administrative agent for Tribune Company's prepetition loan facilities; (iv) counsel for the administrative agent for the Debtors' postpetition financing facility; (v) DWT; and (vi) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

20.     With the exception of the Debtors' prior applications to employ DWT as an Ordinary Course Professional and special counsel pursuant to section 327(e) of the Bankruptcy Code, the Debtors have not previously sought the relief requested herein from this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, in substantially the form attached hereto, (i) authorizing the retention and employment DWT as special counsel to the Debtors concerning the Washington Matters in these chapter 11 cases pursuant to section 327(e) of the Bankruptcy Code, nunc pro tunc to February 21, 2012, and (ii) granting to the Debtors such other relief as may be just and proper.

Dated: March 5, 2012

TRIBUNE COMPANY
(for itself and on behalf of each of the Debtors)

David P. Eldersveld
Executive Vice President, General Counsel and
Secretary