## EXHIBIT A

Manolopoulos Declaration

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**DECLARATION OF LYNN T. MANOLOPOULOS IN SUPPORT OF THE DEBTORS' SUPPLEMENTAL APPLICATION FOR AN ORDER MODIFYING THE SCOPE OF THE DEBTORS' RETENTION OF DAVIS WRIGHT TREMAINE LLP AS SPECIAL COUNSEL TO INCLUDE CERTAIN CORPORATE AND LITIGATION MATTERS PURSUANT TO 11 U.S.C. §§ 327(E) AND 1107, *NUNC PRO TUNC* TO FEBRUARY 21, 2012**

Lynn T. Manolopoulos declares, pursuant to 28 U.S.C. § 1746, as follows:

1. I am a partner in the law firm of Davis Wright Tremaine LLP ("DWT"), and I am duly authorized to make this declaration (the "Declaration") on behalf of DWT. I make this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347);Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Declaration, pursuant to section 327(e) of the Bankruptcy Code and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure, in support of the Debtors' Supplemental Application for an Order Modifying the Scope of the Debtors' Retention of Davis Wright Tremaine LLP as Special Counsel to Include Certain Corporate and Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc Pro Tunc to February 21, 2012 (the "Supplemental Application").

### DWT's Retention as Special Counsel for Washington Matters

2.  The Debtors have requested, and DWT has agreed, to provide professional services to the Debtors consisting of corporate and litigation advice for matters arising in Washington state (the "Washington Matters"), which are not within the scope of DWT's existing retention by the Debtors.

### Payment of DWT's Fees and Expenses

3.  In connection with DWT's retention for the Washington Matters, the Debtors and DWT have agreed that, subject to the Court's approval, DWT will continue to charge the Debtors for its legal services on an hourly basis in accordance with its ordinary and customary rates for matters of this type in effect on the date such services are rendered, and will seek reimbursement of all costs and expenses incurred in connection with the matters on which DWT has been retained by the Debtors.

4.  DWT will comply in all respects with the applicable requirements for seeking compensation and reimbursement of expenses for all fees and costs incurred in connection with the Washington Matters.

### DWT Does Not Represent or Hold any Adverse Interest with Respect to the Matters on Which it is to be Employed

5. In connection with the Debtors' retention of DWT as an Ordinary Course Professional in these cases, the Debtors provided DWT with a list of the entities identified in Rule 2014(a) (collectively, the "Interested Parties") for purposes of searching DWT's records to determine any connection(s) that DWT may have with the Interested Parties.

6. As disclosed in the previously-filed affidavit of Alonzo Wickers (the "Wickers Affidavit") and except as provided herein, DWT does not hold or represent in these proceedings any interests adverse to the Debtors, or to their estates in matters upon which DWT continues to be engaged. All information with respect to DWT's connections with the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee is set forth herein and in the previously-filed Wickers Affidavit, which is incorporated herein by reference.

7. In connection with the Debtors' retention of DWT as special counsel for Los Angeles Times Communications LLC in these cases, the Debtors provided DWT with an additional list of entities to be searched in DWT's records (the "Additional Interested Parties"). The list of the Additional Interested Parties was attached as Exhibit A to the previously-filed declaration of Kellie Sager (the "Sager Declaration"). DWT performed an additional conflicts search in its database and made inquiries of its partners and employees to determine whether DWT or any of its attorneys has any connections with, or was currently representing potential parties in interest in these chapter 11 cases.

8. In addition to the parties identified in the Wickers Affidavit, the firm's data base identified the connections that were listed on Exhibit B attached to the Sager Declaration. To the best of my knowledge, information and belief, except as disclosed here, DWT does not hold or

3

represent an interest adverse to the Debtors or their respective estates in the matters for which DWT is proposed to be retained. Accordingly, I believe that DWT continues to satisfy the requirements for employment as special counsel pursuant to section 327(e) of the Bankruptcy Code.

9. In addition to the parties identified in the Wickers Affidavit and Sager Declaration, DWT has been retained, with the consent of Debtors, by Quixote Foundation, Inc. ("Foundation"), a former shareholder of Tribune Company, to advise Foundation in connection with claims asserted or threatened against former shareholders pursuant to 11. U.S.C. §§ 544(b), 548(a)(1)(A) and 550(a), by, among others, the Official Committee of Unsecured Creditors of Tribune Company.

10. To the extent that I become aware of any additional connections and/or relations that may be relevant to DWT's representation of the Debtors, I will file an additional supplemental declaration.

I declare under penalty of perjury that the foregoing is true and correct.

Date: March 5th, 2012

_____
Lynn T. Manolopoulos, Esq.