# Proposed Form of Order

46429/0001-8358904v1

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Ref. Docket No. _____ |

## ORDER ESTABLISHING PROCEDURES FOR COMPLIANCE WITH FEDERAL COMMUNICATIONS COMMISSION FOREIGN OWNERSHIP REQUIREMENTS

Upon the Motion,[2] dated March 5, 2012, of the Debtors, for entry of an order, pursuant to section 105 of the Bankruptcy Code, establishing procedures to comply with the foreign ownership requirements of the FCC, including establishing deadlines by which Certifying Equity Eligible Holders that do not wish to be considered entirely foreign-owned and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the DCL Plan or the Motion, as applicable.

46429/0001-8358904v1

foreign-controlled be required to submit Foreign Ownership Certifications to the Certification Agent; and the Court finding that (a) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (c) proper and adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; and the Court finding that the relief requested in the Motion is in the best interests of the Debtors, their estates, and creditors; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby;

ORDERED, that the Motion is granted; and it is further

ORDERED, that the following procedures shall apply to the submission of Foreign Ownership Certifications by Holders of Senior Loan Claims and/or Senior Guaranty Claims:

a) Following entry of this Order, the Certification Agent will provide to each Holder of a Senior Loan Claim and/or Senior Guaranty Claim a Foreign Ownership Certification (which includes instructions for completing the Foreign Ownership Certification), substantially in the form attached to the Motion as Exhibit A-1, and a description, substantially in the form attached to the Motion as Exhibit B-1, of the foreign ownership certification procedures (collectively, the "Foreign Ownership Package").

b) For purposes of distributing the Foreign Ownership Package, March 22, 2012 will serve as the record date (the "Certification Record Date"). The Senior Loan Agent will provide the Certification Agent with a list of Holders of Senior Loan Claims and/or Senior Guaranty Claims as of the Certification Record Date no later than two (2) business days after entry of this Order.

c) Each Holder of a Senior Loan Claim and/or a Senior Guaranty Claim that does not want to be considered entirely foreign-owned and foreign-controlled must complete and submit an original Foreign Ownership Certification to the Certification Agent on or before April 30, 2012 (the "Certification Deadline").

d) Holders of Senior Loan Claims and/or Senior Guaranty Claims that do not submit a Foreign Ownership Certification or that do not submit a Foreign Ownership Certification that is reasonably satisfactory to the Debtors on

or prior to the Certification Deadline will be deemed entirely foreign-owned and foreign-controlled for purposes of distributing New Common Stock and New Warrants under the DCL Plan.

e) After the Certification Record Date, any Person who wishes to acquire a Senior Loan Claim and/or a Senior Guaranty Claim will not have the transfer of such Claim recognized by the Debtor or Senior Loan Agent unless such Person certifies to the Senior Loan Agent that it (a) has submitted to the Certification Agent either (i) a Foreign Ownership Certification or (ii) an alternative document in a form satisfactory to the Certification Agent that memorializes such Person's agreement to be treated as entirely foreign-owned and foreign-controlled for purposes of distributing New Common Stock and New Warrants under the DCL Plan; (b) was already a Holder of Senior Loan Claims of record as of the Certification Record Date or otherwise has already submitted a Foreign Ownership Certification; or (c) is a market maker acquiring Senior Loan Claims and/or Senior Guaranty Claims not for its own account.

f) After a Foreign Ownership Certification is submitted, if the Holder of a Senior Loan Claim and/or Senior Guaranty Claim experiences a change in foreign ownership, or if any other change occurs that such Holder believes warrants amendment (including changes related to any Alternative Recipient Designation), such Holder of a Senior Loan Claim and/or Senior Guaranty Claim must report such change by submitting to the Certification Agent an amended Foreign Ownership Certification so that it is received by the Certification Agent within the earlier of (i) seven (7) calendar days after such change is effective and (ii) two (2) business days after the Distribution Record Date (as defined below).

g) Within one (1) day after the release of an order by the FCC granting the FCC Approval, the Certification Agent will distribute a notice of such approval (the "Final Certification Notice") to the Senior Loan Agent and to the Holders of Senior Loan Claims and/or Senior Guaranty Claims.

h) The Final Certification Notice will notify Holders of Senior Loan Claims and/or Senior Guaranty Claims that (i) the date of such notice will be the "Distribution Record Date" for purposes of distributions to such Holders, (ii) in accordance with Section 7.7 of the DCL Plan, trades of such Claims after the Distribution Record Date will not be recognized by the Debtors or the Disbursing Agent unless a notice re-setting the Distribution Record Date shall be filed on the Court's docket by the DCL Plan Proponents and, therefore, the Holders of Senior Loan Claims and/or Senior Guaranty Claims of record on the Distribution Record Date will receive the distributions of New Common Stock and/or New Warrants (as well as Distributable Cash and New Senior Secured Term Loan), and (iii) if such Holders have experienced any change in foreign ownership, or any other

3

change that such Holder believes warrants amendment (including changes related to any Alternative Recipient Designation), since such Holders last submitted a Foreign Ownership Certification, such Holders will be required to submit a final updated Foreign Ownership Certification within two (2) business days after the Distribution Record Date.

i) The Senior Loan Agent will provide the Certification Agent with a list of Holders of Senior Loan Claims and/or Senior Guaranty Claims as of the Distribution Record Date no later than two (2) business days after receipt of written notice from the Debtors of the release of an order by the FCC granting the FCC Approval.

and it is further

ORDERED, that the following procedures shall apply for the submission of Foreign Ownership Certifications by Electing Holders of Senior Noteholder Claims:

a) Following entry of this Order, the Certification Agent will provide to each Holder of a Senior Noteholder Claim as of the Supplemental Voting Record Date, via transmission to the record holders, including, without limitation, representatives such as brokers, banks, commercial banks, transfer agents, trust companies, dealers, or other agents or nominees (collectively, the "Certification Nominees"), a Foreign Ownership Certification, substantially in the form attached to the Motion as Exhibit A-2, and a description of the foreign ownership certification procedures, substantially in the form attached to the Motion as Exhibit B-2, with the Supplemental Election Form included in the solicitation packages distributed pursuant to the relief requested in the Solicitation Procedures Motion.

b) Each Electing Holder of a Senior Noteholder Claim that does not want to be considered entirely foreign-owned and foreign-controlled will complete and submit, through its Certification Nominee, an original Foreign Ownership Certification so that it is received by the Certification Agent on or prior to the Certification Deadline. The Foreign Ownership Certification must be submitted via Certification Nominee to the Certification Agent with the Electing Holder's Supplemental Election Form.

c) Electing Holders of Senior Noteholder Claims that do not submit a Foreign Ownership Certification or that do not submit a Foreign Ownership Certification that is reasonably satisfactory to the Debtors on or prior to the Certification Deadline will be deemed entirely foreign-owned and foreign-controlled for purposes of distributing New Common Stock and New Warrants under the DCL Plan.

4

d) After a Foreign Ownership Certification is submitted, if an Electing Holder of a Senior Noteholder Claim experiences a change in foreign ownership, or if any other change occurs that such Holder believes warrants amendment (including changes related to any Alternative Recipient Designation), such Electing Holder of a Senior Noteholder Claim must report such change by submitting to the Certification Agent an amended Foreign Ownership Certification so that it is received by the Certification Agent within the earlier of (i) seven (7) calendar days after such change is effective and (ii) two (2) business days after the Distribution Record Date (as defined below).

e) Within one (1) business day after the release of an order by the FCC granting the FCC Approval, the Certification Agent will distribute the Final Certification Notice via electronic mail to Electing Holders of Senior Noteholder Claims.

f) The Final Certification Notice will notify Electing Holders of Senior Noteholder Claims that (i) the date of such notice will be the "Distribution Record Date" for purposes of distributions to such Holders and (ii) if such Holders have experienced any change in foreign ownership, or any other change that such Holder believes warrants amendment (including changes reated to any Alternative Recipient Designation), since such Holders last submitted a Foreign Ownership Certification, such Holders will be required to submit a final updated Foreign Ownership Certification within two (2) business days after the Distribution Record Date.

and it is further

ORDERED, that the Debtors may treat Electing Holders of Other Parent Claims as entirely foreign-owned and foreign-controlled for purposes of calculating compliance with the FCC foreign ownership requirements; however, in such event such parties shall be entitled to receive equity distributions, if any, under the DCL Plan in the form of New Common Stock; and it is further

ORDERED, that Epiq Bankruptcy Solutions, LLC is authorized to serve as Certification Agent and perform all services related to the certification process as described in the Motion; and it is further

46429/0001-8358904v1

ORDERED, that the forms of Foreign Ownership Certification, and descriptions of the foreign ownership certification procedures are hereby approved, and the Debtors are authorized to make any non-substantive and/or immaterial changes to the Foreign Ownership Certification and the descriptions of the foreign ownership certification procedures without further order of this Court, including, without limitation, changes to correct typographical, grammatical, and/or formatting errors or omissions; and it is further

ORDERED, that the Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court; and it is further

ORDERED, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
       March _____, 2012

                                      The Honorable Kevin J. Carey
                                      United States Bankruptcy Judge