IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------x
: Chapter 11
In re: :
: Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,[1] :
: (Jointly Administered)
Debtors. :
: Re: Docket No. 5680
:
------------------------------x

## SUPPLEMENTAL SCHEDULING ORDER RELATING TO DISCOVERY AND THE SUBMISSION OF EVIDENCE IN CONNECTION WITH PLAN CONFIRMATION

By order dated January 24, 2012 (the "January 24 Order"), the Court scheduled a hearing on the confirmation of a plan of reorganization proposed for the Debtors (the "DCL Plan") to take place on May 16 and 17, 2012 before the Honorable Kevin J. Carey, United

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

-8359686v

States Bankruptcy Judge, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 5th Floor, Courtroom No. 5, Wilmington, DE 19801 (the "Confirmation Hearing"). Pursuant to Bankruptcy Code sections 105(a) and (d), Federal Rules of Bankruptcy Procedures 9006 and 9014, and Federal Rule of Civil Procedure 43(e), the Court enters this Supplemental Order for purposes of establishing a schedule relating to certain discovery and other pre-trial matters in respect to the Confirmation Hearing.

IT IS HEREBY ORDERED as follows:

1. For purposes of compliance with certain aspects of this Order as specifically set forth below (but for no other purposes), each party-in-interest in these proceedings shall be a Party (each a "Party" and collectively "Parties"). The Parties who are proponents of the DCL Plan may be referred to collectively herein from time to time as the "DCL Plan Proponents."

2. In order to avoid unnecessary duplication, expense and delay, the Parties will use their reasonable best efforts to cooperate and coordinate with each other in the development and presentation of their cases, including through joint presentations of common legal positions.

## FACT DISCOVERY

3. As specified in the January 24 Order, initial requests for written discovery shall be served by March 9, 2012 and all fact discovery relating to plan confirmation shall be completed no later than April 30, 2012.

4. Written objections and responses to any document requests or subpoenas shall be served within seven (7) calendar days of service of such requests.

5. All Parties shall complete production of all responsive documents and information within the later of twenty (20) calendar days after service of such requests or, solely with respect to documents subject to an objection, within seven (7) calendar days after resolution of any discovery dispute respecting such documents. Parties shall make their good faith, best efforts to produce documents on a rolling basis whenever practicable.

6. Interrogatories shall be restricted solely to those seeking to discover the (i) names of witnesses with knowledge of information relevant to the subject matter of the hearing and (ii) existence, custodian, location and general description of relevant documents, other physical evidence, or information of a similar nature. Written objections and responses to interrogatories shall be served within fourteen (14) calendar days of service of such requests.

-8359686v

7. Requests for admissions shall be restricted solely to those seeking admissions concerning the authenticity and/or foundation for admissibility of documents. Written objections and responses to requests for admissions shall be served within fourteen (14) calendar days of service.

8. On or before March 30, 2012, each Party intending to present witnesses at the Confirmation Hearing shall serve preliminary lists of all witnesses and the anticipated topics on which they will testify (except witnesses from whom expert reports will be submitted pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) who may be called to provide testimony at the Confirmation Hearing). Parties must timely supplement the foregoing list with any additional witnesses or topics as may be warranted as discovery progresses.

9. Depositions may commence on or after April 4, 2012. To the extent that a Party seeks to depose a person not identified pursuant to paragraph 8 above, that Party shall provide a short statement identifying the matters to be addressed at the deposition.

10. Depositions shall be coordinated so that witnesses who are to be questioned by multiple Parties are deposed by all such Parties at one sitting. Parties shall work cooperatively as to the order of questioning, the allocation of time and the extent to which any deposition should extend beyond seven (7) hours of questioning, provided that all rights are reserved for all Parties to seek relief respecting such matters in the event disagreements cannot be resolved. Counsel for any Party wishing to participate in depositions shall make an attorney available to attend weekend depositions in the event that weekend depositions become necessary or appropriate.

11. All testimony and exhibits admitted into evidence at or in connection with the 2011 confirmation hearing shall be available for use at the Confirmation Hearing subject to the same rulings, stipulations, conditions and restrictions issued or adopted at or in connection with the prior hearing.

12. Any discovery disputes regarding written discovery requests and deposition notices that may arise shall be handled in accordance with the procedures set forth in paragraph 11 of the January 24 Order.

### **EXPERT DISCOVERY**

13. As specified in the January 24 Order, all expert discovery shall be completed no later than April 30, 2011.

14. The DCL Plan Proponents shall disclose to all Parties the identity of any expert witness they may use to present evidence in their case-in-chief under Federal Rules of Evidence 702, 703 or 705 by March 26, 2012, and shall provide a written summary of the topics that each such witness is expected to address at the Confirmation Hearing. Other Parties shall disclose the identities of any expert witnesses that they may use to present evidence in their case-in-chief and provide a summary of the topics of the

-8359686v

witnesses' testimony by March 30, 2012, These written disclosures are for notification purposes only and need not comply with Bankruptcy Rule 7026 and Federal Rule of Civil Procedure 26(a)(2)(B).

15. Each Party shall file its expert reports and otherwise comply with the requirements of Bankruptcy Rule 7026 and Federal Rule of Civil Procedure 26(a)(2)(B) with respect to experts on or prior to April 6, 2012.

16. Each Party shall file its rebuttal expert reports and otherwise comply with the requirements of Bankruptcy Rule 7026 and Federal Rule of Civil Procedure 26(a)(2)(B) with respect to rebuttal experts on or prior to 12:00 p.m. (prevailing Eastern time) on April 20, 2012. Parties intending to submit a rebuttal expert report from an expert not identified pursuant to paragraph 14 above shall disclose the identities of any such expert witnesses and provide a summary of the topics of the witnesses' testimony by April 17, 2012.

17. Notwithstanding the foregoing, to the extent any Party, other than the DCL Plan Proponents, intends to present evidence respecting the Debtors' enterprise value under Federal Rules of Evidence 702, 703 or 705, such Party shall disclose the identity of its expert witness by April 12, and serve its expert report and otherwise comply with the requirements of Bankruptcy Rule 7026 and Federal Rule of Civil Procedure 26(a)(2)(B) by April 16, 2012. In the event any such expert report is served, the DCL Plan Proponents may serve a rebuttal expert report respecting enterprise valuation by April 23, 2012.

18. Expert depositions may commence on or after April 23, 2012.

19. No Party shall be required to produce in expert discovery materials not subject to production under the pertinent federal rules, which for these purposes shall include but not be limited to draft reports (including drafts of any materials, charts, illustrative documents, or exhibits prepared by the expert, by any person working under the expert's supervision, by the Party sponsoring the expert or by counsel for such Party) or communications between such expert and counsel related to the expert's report or declaration.

## OBJECTIONS AND CONFIRMATION BRIEFS

20. As specified in the January 24 Order, all objections to confirmation of the DCL Plan shall be filed no later than April 30, 2012.

21. Briefs in support of confirmation of the DCL Plan and replies to confirmation objections shall be filed no later than May 10, 2012. Any affidavit or declaration in support of the DCL Plan also shall be submitted by May 10, 2012.

22. The Parties may adopt and incorporate by reference any briefing submitted and oral arguments made in connection with the 2011 Confirmation Hearing and/or in

-8359686v

connection with the various Reconsideration Motions, and all such materials shall be deemed included in the record of the Confirmation Hearing.

## PRE-TRIAL SUBMISSIONS

23. On May 2, 2012, each Party shall serve on one another the following (i) the list of exhibits they reasonably anticipate offering into evidence at the Confirmation Hearing ("Trial Exhibits") and (ii) designations, by page and line number(s), of any deposition testimony from fact witnesses they reasonably anticipate offering into evidence at the Confirmation Hearing.

24. On May 7, 2012, each Party shall serve on one another the following: (i) any objections to the Trial Exhibits and (ii) any counter designations and/or objections to the designations, by page and line number(s), of any deposition testimony from fact witnesses.

25. A Joint Pretrial Memorandum, along with any other documents required by the Chambers Procedures for the Honorable Kevin J. Carey, shall be filed with the Court by 4:00 p.m. (prevailing Eastern time) on May 11, 2012.

26. All pre-trial motions in limine, if any, shall be filed and served no later than May 8, 2012; responses shall be served on May 11, 2012.

27. A pretrial hearing to resolve all disputed issues will be held on May 15, 2012 at 2:00 p.m. (prevailing Eastern Time).

28. Parties shall serve all demonstrative exhibits on one another no later than twenty four (24) hours before the hearing date at which such demonstrative exhibits are proposed to be used, and any objections thereto will be heard on the morning of the hearing.

## MISCELLANEOUS

29. The terms of the Third Decretal paragraph of the Document Depository Order (Dkt. #2858) and the associated acknowledgment of each signatory to the Document Depository Order (with the exception of any paragraph dealing with Settlement Material, Settlement Communications and/or Federal Rule of Evidence 408) shall apply to all discovery produced pursuant to this Order, provided that nothing contained in or omitted from this Order shall constitute a waiver of any rights under the Document Depository Order (Dkt. #2858) or the Mediation Order (Dkt. #5991).

30. All discovery requests, responses, objections, deposition notices and notices of deposition scheduling will be served by email upon counsel for Parties who have identified themselves, by email to all other Parties following the entry of this Order, as desiring to receive service under this paragraph. All discovery elicited in connection with this Order shall be available to any Party to these proceedings so long as any such Party agrees to abide by the provisions of the Document Depository

-8359686v

Order referenced in Paragraph 26 hereto, with the exception of certain documents as to which limited protections may be warranted as directed by the Court.

31. Upon good cause shown, and on notice to all Parties, any Party may seek to have this Order modified by the Court.

32. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**SO ORDERED:**

Date: March 6, 2012

_____
HONORABLE KEVIN J. CAREY
United States Bankruptcy Judge

-8359686v