**JENNER&BLOCK**

March 9, 2012

Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654-3456
Tel 312 222-9350
www.jenner.com

Chicago
Los Angeles
New York
Washington, DC

The Honorable Kevin J. Carey
U.S. Bankruptcy Court, District of Delaware
824 North Market Street
Wilmington, Delaware 19801

David J. Bradford
Tel 312 923-2975
Fax 312 840-7375
dbradford@jenner.com

Re:  In re Tribune Company, et al., 08-13141(KJC)

Dear Judge Carey:

EGI-TRB submits this letter to address Law Debenture's citation during oral argument to this Court's decision, *In re Exide Technologies*, 303 B.R. 48 (Bankr. D. Del. 2003). (3/5/12 Tr. at 4275-78.)[1] *Exide* is relevant, but only because it demonstrates the type of express language that sophisticated parties use to subordinate the re-allocation of settlement payments from third parties; that language is conspicuously absent from the EGI-TRB Subordination Agreement.

*First*, the *Exide* indenture defined "Senior Subordinated Obligations" to include not only payments of the note and the Company's "other" obligations to the creditor, but also any other "amounts received upon the exercise of rights of rescission ***or other rights of action (including claims for damages) or otherwise***, to the extent related to [amounts paid for or owed on the note]." *Second*, section 4.02 of the *Exide* indenture precluded, until the senior obligations were paid in full, any payment "whether pursuant to the Note, acceleration ***or otherwise....***" *Third*, the *Exide* indenture – like the PHONES Indenture – contained a crucial clause for which ***there is absolutely no analog in the EGI-TRB Subordination Agreement***. Section 4.03 of the *Exide* indenture provided that upon a dissolution or bankruptcy of the Company, "all amounts due or to become due upon all Senior Indebtedness ... shall first be paid in full ... before the Noteholders ... shall be entitled to receive any payment...." This provision expressly prohibited the subordinated creditor from receiving "any payment" from any source until the senior creditors were paid in full. Reinforcing that conclusion, section 4.03 continued:

> Before any payment may be made by, or on behalf of, the Company of any Senior Subordinated Obligations upon any [dissolution or bankruptcy], ***any payment or distribution*** of assets or securities of the Company of any kind or character ... ***to which the Noteholders ... would be entitled***, but for the provisions of this Article Four, ***shall be made by the Company or by any receiver, trustee in bankruptcy, liquidating trustee, agent or other similar Person making such payment or distribution, ... directly to the holders of the Senior Indebtedness***.

The *Exide* indenture, like the PHONES Indenture, thus expressly provided that in the event of a bankruptcy, the subordinated creditor was subordinated as to *any* payment from *any* source. In stark contrast, the EGI-TRB Subordination Agreement contains no "in the event of bankruptcy"

---

[1] The *Exide* indenture is found at *In re Exide Technologies*, Case No. 02-11125 (KJC), D.I. 2713 (Bankr. D. Del. Oct. 9, 2003). Relevant excerpts are attached.

Honorable Kevin J. Carey
March 9, 2012
Page 2

clause, nor anything prohibiting EGI-TRB from receiving third-party payments in the event of a bankruptcy.

In an effort to find an analogous provision in the EGI-TRB Subordination Agreement, Law Debenture relies on paragraph 4 which limits EGI-TRB's pursuit of remedies, including through filing a bankruptcy petition or taking advantage of an insolvency law, in order to "collect any *Subordinated Obligations*." But, Subordinated Obligations are defined as the Notes and "other obligations and liabilities of *the Company*." Applying ordinary usage, "collecting" on the Note itself is hardly a clear and unambiguous reference to the receipt of avoidance recoveries or payments from another creditor, as is necessary to overcome the stated scope of subordination in paragraph 2 of the EGI-TRB Subordination Agreement.

Even if there were ambiguity as to whether avoidance actions against third parties are attempts to "collect on" a note from Tribune, that ambiguity must be resolved by looking at the overall structure and express provisions of the EGI-TRB Subordination Agreement – which repeatedly refer only to obligations "of the Company" and payments "by the Company," and which expressly define the scope of subordination by stating only that EGI-TRB shall have no "claim to the *assets of the Company* on a parity with or prior to the claims of the Senior Obligations." *E.g., USA Cable v. World Wrestling Fed'n Entm't, Inc.*, No. Civ.A. 17983, 2000 WL 875682, at *9-10 (Del. Ch. June 22, 2000) (rejecting "broad" interpretation of contractual right of first refusal, stating "one must simultaneously read [explicit contractual] language within the context of the contract surrounding that language in order to best elicit the most appropriate meaning").

Significantly, this Court's initial ruling on the PHONES Indenture shows that, absent an express provision requiring turn-over of "any payment" in the event of a bankruptcy (as is also found in the *Exide* indenture), there is no basis to find that parties agreed to subordinate avoidance recoveries. Initially, the parties failed to raise the PHONES Indenture's "any payment" language causing this Court to hold that the PHONES' subordination provisions applied to only "assets of the Company" and not to avoidance proceeds. *E.g.*, D.I. 10226 at 3-7, 14-15 (arguing that WTC "cherry-picked" from the PHONES Indenture to omit the "any payment" language). Only when the Court was apprised of the "any payments" language in the PHONES Indenture did it conclude avoidance recoveries were subordinated. The language that made the difference – the prohibition on *any* payment from *any* source *in the event of bankruptcy* – is found in both the *Exide* and PHONES Indenture, *but not in the EGI-TRB Subordination Agreement*.

Because EGI-TRB is subordinated only as to "assets of the Company," this Court's analysis in its Confirmation Opinion, rather than in *Exide* or the Reconsideration Opinion, applies. Accordingly, EGI-TRB is entitled to share on par with other unsubordinated creditors as to settlement proceeds, avoidance recoveries, and inter-creditor payments from the PHONES.

Respectfully submitted,

David J. Bradford

Enclosure
cc:   All Counsel of Record