# <u>Exhibit A</u>

## Excerpts of *Exide* Indenture

it may be amended or supplemented from time to time by one or more indentures supplemental thereto.

Senior Notes: The term "Senior Notes" means the 10% Notes and the 10¾% Notes.

Senior Subordinated Obligations: The term "Senior Subordinated Obligations" means any principal of, premium, if any, or interest on the Notes payable pursuant to the terms of the Notes or upon acceleration, including any amounts received upon the exercise of rights of rescission or other rights of action (including claims for damages) or otherwise, to the extent relating to the purchase price of the Notes or amounts corresponding to such principal, premium, if any, or interest on the Notes.

Stated Maturity: The term "Stated Maturity" means (i) with respect to any debt security, the date specified in such debt security as the fixed date on which the final installment of principal of such debt security is due and payable and (ii) with respect to any scheduled installment of principal of or interest on any debt security, the date specified in such debt security as the fixed dated on which such installment is due and payable.

10% Notes: The term "10% Notes" means the 10% Senior Notes due 2005 of the Company.

10¾% Notes: The term "10¾% Notes" means the 10¾% Senior Notes due 2002 of the Company.

Trade Payables: The term "Trade Payables" means, with respect to any Person, any accounts payable or any other indebtedness or monetary obligation to trade creditors created, assumed or Guaranteed by such Person or any of its subsidiaries arising in the ordinary course of business in connection with the acquisition of goods or services.

Trading Day: The term "Trading Day" means a day during which trading in securities generally occurs on the New York Stock Exchange or, if the applicable security is not listed on the New York Stock Exchange, on the principal other national or regional securities exchange on which the applicable security is then listed or, if the applicable security is not listed on a national or regional securities exchange, on the Nasdaq National Market or, if the applicable security is not quoted on the Nasdaq National Market, on the principal other market on which the applicable security is then traded.

Transfer Agent: The term "Transfer Agent" has the meaning provided in Section 2.09(e).

shall increase or otherwise affect any of the powers, duties, responsibilities or obligations of the Trustee as set forth in this Indenture, and the Company agrees to indemnify the Trustee from, and hold it harmless against, any loss, liability or expense arising out of or in connection with any such arrangement for the purchase and conversion of any Notes between the Company and such purchasers to which the Trustee has not consented in writing, including the costs and expenses incurred by the Trustee in the defense of any claim or liability arising out of or in connection with the exercise or performance of any of its powers, duties, responsibilities or obligations under this Indenture.

## ARTICLE FOUR

## SUBORDINATION OF NOTES

SECTION 4.01. Securities Subordinated to Senior Indebtedness. The Company and the Trustee each covenant and agree and each Holder, by its acceptance of a Note, likewise covenants and agrees that all Securities shall be issued subject to the provisions of this Article Four; and each Person holding any Note, whether upon original issue or upon transfer, assignment or exchange thereof, accepts and agrees that Senior Subordinated Obligations shall, to the extent and in the manner set forth in this Article Four, be subordinated in right of payment to the prior payment in full, in cash or cash equivalents, of all amounts payable under Senior Indebtedness (including any interest accruing subsequent to an event specified in Section 7.01(d) or 7.01(e) of this Indenture, whether or not such interest is an allowed claim enforceable against the debtor under the United States Bankruptcy Code).

SECTION 4.02. No Payment on Notes in Certain Circumstances. (a) No direct or indirect payment by or on behalf of the Company of Senior Subordinated Obligations, whether pursuant to the terms of the Notes or upon acceleration or otherwise, shall be made if, at the time of such payment, there exists a default in the payment of all or any portion of the obligations on any Senior Indebtedness, and such default shall not have been cured or waived or the benefits of this sentence waived by or on behalf of the holders of such Senior Indebtedness.

(b) In the event that, notwithstanding the foregoing, any payment shall be received by the Trustee or any Noteholder when such payment is prohibited by Section 4.02(a) of this Indenture, the Trustee shall promptly notify the holders of Senior Indebtedness of such prohibited payment and such payment shall be held in trust for the benefit of, and shall be paid over or delivered to, the holders of Senior Indebtedness or their respective representatives, or to the trustee or trustees under any indenture pursuant to which any of such Senior Indebtedness may have been issued, as their respective interests may appear, but only to the extent that, upon notice from the Trustee to the holders of Senior Indebtedness

that such prohibited payment has been made, the holders of the Senior Indebtedness (or their representative or representatives or a trustee) within 30 days of receipt of such notice from the Trustee notify the Trustee of the amounts then due and owing on the Senior Indebtedness, if any, and only the amounts specified in such notice to the Trustee shall be paid to the holders of the Senior Indebtedness and any excess above such amounts due and owing on Senior Indebtedness shall be paid to the Company.

SECTION 4.03. Payment over of Proceeds upon Dissolution, Etc. (a) Upon any payment or distribution of assets or securities of the Company, as the case may be, of any kind or character, whether in cash, property or securities, upon any dissolution or winding up or total or partial liquidation or reorganization of the Company, whether voluntary or involuntary or in bankruptcy, insolvency, receivership or other proceedings, all amounts due or to become due upon all Senior Indebtedness (including any interest accruing subsequent to an event specified in Section 7.01(d) or 7.01(e) of this Indenture, whether or not such interest is an allowed claim enforceable against the debtor under the United States Bankruptcy Code) shall first be paid in full, in cash or cash equivalents, before the Noteholders or the Trustee on behalf of the Noteholders shall be entitled to receive any payment of the Noteholders shall be entitled to receive any payment by the Company on account of Senior Subordinated Obligations, or any payment to acquire any of the Notes for cash, property or securities, or any distribution with respect to the Notes of any cash, property or securities. Before any payment may be made by, or on behalf of, the Company of any Senior Subordinated Obligations upon any such dissolution, winding up, liquidation or reorganization, any payment or distribution of assets or securities of the Company of any kind or character, whether in cash, property or securities, to which the Noteholders or the Trustee on behalf of the Noteholders would be entitled, but for the provisions of this Article Four, shall be made by the Company or by any receiver, trustee in bankruptcy, liquidating trustee, agent or other similar Person making such payment or distribution, or by the Noteholders or the Trustee if received by them or it, directly to the holders of Senior Indebtedness (pro rata to such holders on the basis of the respective amounts of Senior Indebtedness held by such holders) or their representatives, or to the trustee under the Senior Notes Indenture, or to any trustee or trustees under any other indenture pursuant to which any such Senior Indebtedness may have been issued, as their respective interests appear, to the extent necessary to pay all such Senior Indebtedness in full, in cash or cash equivalents after giving effect to any concurrent payment, distribution or provision therefor to or for the holders of such Senior Indebtedness.

(b) To the extent any payment of Senior Indebtedness (whether by or on behalf of the Company, as proceeds of security or enforcement of any right of setoff or otherwise) is declared to be fraudulent or preferential, set aside or required to be paid to any receiver, trustee in bankruptcy, liquidating trustee, agent or other similar Person under any bankruptcy, insolvency, receivership, fraudulent conveyance or similar law, then if such payment is recovered by, or paid over to, such receiver, trustee in bankruptcy, liquidating

trustee, agent or other similar Person, the Senior Indebtedness or part thereof originally intended to be satisfied shall be deemed to be reinstated and outstanding as if such payment had not occurred. To the extent the obligation to repay any Senior Indebtedness is declared to be fraudulent, invalid, or otherwise set aside under any bankruptcy, insolvency, receivership, fraudulent conveyance or similar law, then the obligation so declared fraudulent, invalid or otherwise set aside (and all other amounts that would come due with respect thereto had such obligation not been so affected) shall be deemed to be reinstated and outstanding as Senior Indebtedness for all purposes hereof as if such declaration, invalidity or setting aside had not occurred.

(c) In the event that, notwithstanding the foregoing provision prohibiting such payment or distribution, any payment or distribution of assets or securities of the Company of any kind or character, whether in cash, property or securities, shall be received by the Trustee or any Noteholder at a time when such payment or distribution is prohibited by Section 4.03(a) of this Indenture and before all obligations in respect of Senior Indebtedness are paid in full, in cash or cash equivalents, such payment or distribution shall be received and held in trust for the benefit of, and shall be paid over or delivered to, the holders of Senior Indebtedness (pro rata to such holders on the basis of the respective amount of Senior Indebtedness held by such holders) or their representatives, or to the trustees under the Senior Note Indentures, or to the trustee or trustees under any other indenture pursuant to which any such Senior Indebtedness may have been issued, as their respective interests appear, for application to the payment of Senior Indebtedness remaining unpaid until all such Senior Indebtedness has been paid in full, in cash or cash equivalents, after giving effect to any concurrent payment, distribution or provision therefor to or for the holders of such Senior Indebtedness.

(d) For purposes of this Section 4.03, the words "cash, property or securities" shall not be deemed to include, so long as the effect of this clause is not to cause the Securities to be treated in any case or proceeding or similar event described in this Section 4.03 as part of the same class of claims as the Senior Indebtedness or any class of claims pari passu with, or senior to, the Senior Indebtedness for any payment or distribution, securities of the Company or any other corporation provided for by a plan of reorganization or readjustment that are subordinated, at least to the extent that the Securities are subordinated, to the payment of all Senior Indebtedness then outstanding; provided that (1) if a new corporation results from such reorganization or readjustment, such corporation assumes the Senior Indebtedness and (2) the rights of the holders of the Senior Indebtedness are not, without the consent of such holders, altered by such reorganization or readjustment. The consolidation of the Company with, or the merger of the Company with or into, another corporation or the liquidation or dissolution of the Company following the sale, conveyance, transfer, lease or other disposition of all or substantially all of its property and assets to another corporation upon the terms and conditions provided in Article Twelve of this Indenture shall not be deemed a dissolution, winding up, liquidation or reorganization for the

purposes of this Section 4.03 if such other corporation shall, as a part of such consolidation, merger, sale, conveyance, transfer, lease or other disposition, comply with the conditions stated in Article Twelve of this Indenture.

SECTION 4.04. Subrogation. (a) Upon the payment in full of all Senior Indebtedness in cash or cash equivalents, the Noteholders shall be subrogated to the rights of the holders of Senior Indebtedness to receive payments or distributions of cash, property or securities of the Company made on such Senior Indebtedness until the principal of, premium, if any, and interest on the Notes shall be paid in full; and, for the purposes of such subrogation, no payments or distributions to the holders of the Senior Indebtedness of any cash, property or securities to which the Holders or the Trustee on their behalf would be entitled except for the provisions of this Article Four, and no payment pursuant to the provisions of this Article Four to the holders of Senior Indebtedness by Noteholders or the Trustee on their behalf shall, as between the Company, its creditors other than holders of Senior Indebtedness, and the Noteholders, be deemed to be a payment by the Company to or on account of the Senior Indebtedness. It is understood that the provisions of this Article Four are intended solely for the purpose of defining the relative rights of the Noteholders, on the one hand, and the holders of the Senior Indebtedness, on the other hand.

(b) If any payment or distribution to which the Noteholders would otherwise have been entitled but for the provisions of this Article Four shall have been applied, pursuant to the provisions of this Article Four, to the payment of all amounts payable under Senior Indebtedness, then, and in such case, the Noteholders shall be entitled to receive from the holders of such Senior Indebtedness any payments or distributions received by such holders of Senior Indebtedness in excess of the amount required to make payment in full, in cash or cash equivalents, of such Senior Indebtedness of such holders.

SECTION 4.05. Obligations of Company Unconditional. (a) Nothing contained in this Article Four or elsewhere in this Indenture or in the Notes is intended to or shall impair, as among the Company and the Noteholders, the obligation of the Company, which is absolute and unconditional, to pay to the Noteholders the principal of, premium, if any, and interest on the Notes as and when the same shall become due and payable in accordance with their terms, or is intended to or shall affect the relative rights of the Noteholders and creditors of the Company other than the holders of the Senior Indebtedness, nor shall anything herein or therein prevent the Noteholders or the Trustee on their behalf from exercising all remedies otherwise permitted by applicable law upon default under this Indenture, subject to the rights, if any, under this Article Four of the holders of the Senior Indebtedness.

(b) Without limiting the generality of the foregoing, nothing contained in this Article Four will restrict the right of the Trustee or the Noteholders to take any action to declare the Notes to be due and payable prior to their Stated Maturity pursuant to

Section 7.01 of this Indenture or to pursue any rights or remedies hereunder; provided, however, that all Senior Indebtedness then due and payable or thereafter declared to be due and payable shall first be paid in full, in cash or cash equivalents, before the Noteholders or the Trustee are entitled to receive any direct or indirect payment from the Company of Senior Subordinated Obligations.

SECTION 4.06. Notice to Trustee. The Company shall give prompt written notice to the Trustee of any fact known to the Company that would prohibit the making of any payment to or by the Trustee in respect of the Notes pursuant to the provisions of this Article Four. The Trustee shall not be charged with knowledge of the existence of any default or event of default with respect to any Senior Indebtedness or any other facts that would prohibit the making of any payment to or by the Trustee unless and until the Trustee shall have received notice in writing at its Principal Office to that effect signed by an Officer of the Company, or by a holder of Senior Indebtedness, holder of Senior Notes, or trustee or agent therefor; and prior to the receipt of any such written notice, the Trustee shall, subject to Article Eight, be entitled to assume that no such facts exist; provided that if the Trustee shall not have received the notice provided for in this Section 4.06 at least two Business Days prior to the date upon which, by the terms of this Indenture, any monies shall become payable for any purpose (including, without limitation, the payment of the principal of, premium, if any, or interest on any Note), then, notwithstanding anything herein to the contrary, the Trustee shall have full power and authority to receive any monies from the Company and to apply the same to the purpose for which they were received, and shall not be affected by any notice to the contrary that may be received by it on or after such prior date except for an acceleration of the Notes prior to such application. Nothing contained in this Section 4.06 shall limit the right of the holders of Senior Indebtedness to recover payments as contemplated by this Article Four. The foregoing shall not apply if the Paying Agent is the Company. The Trustee shall be entitled to rely on the delivery to it of a written notice by a Person representing himself or itself to be a holder of any Senior Indebtedness (or a trustee on behalf of, or other representative of, such holder) to establish that such notice has been given by a holder of such Senior Indebtedness or a trustee or representative on behalf of any such holder.

(b) In the event that the Trustee determines in good faith that any evidence is required with respect to the right of any Person as a holder of Senior Indebtedness to participate in any payment or distribution pursuant to this Article Four, the Trustee may request such Person to furnish evidence to the reasonable satisfaction of the Trustee as to the amount of Senior Indebtedness held by such Person, the extent to which such Person is entitled to participate in such payment or distribution and any other facts pertinent to the rights of such Person under this Article Four and, if such evidence is not furnished to the Trustee, the Trustee may defer any payment to such Person pending judicial determination as to the right of such Person to receive such payment.

SECTION 4.07. Reliance on Judicial Order or Certificate of Liquidating Agent. Upon any payment or distribution of assets or securities referred to in this Article Four, the Trustee and the Noteholders shall be entitled to rely upon any order or decree may by any court of competent jurisdiction in which bankruptcy, dissolution, winding up, liquidation or reorganization proceedings are pending, or upon a certificate of the receiver, trustee in bankruptcy, liquidating trustee, agent or other similar Person making such payment or distribution, delivered to the Trustee or to the Noteholders for the purpose of ascertaining the Persons entitled to participate in such distribution, the holders of the Senior Indebtedness and other Indebtedness of the Company, the amount thereof payable thereon, the amount or amounts paid or distributed thereon and all other facts pertinent thereto or to this Article Four.

SECTION 4.08. Trustee's Relation to Senior Indebtedness. (a) The Trustee and any Paying Agent shall be entitled to all the rights set forth in this Article Four with respect to any Senior Indebtedness that may at any time be held by it in its individual or any other capacity to the same extent as any other holder of Senior Indebtedness and nothing in this Indenture shall deprive the Trustee or any Paying Agent of any of its rights as such holder.

(b) With respect to the holders of Senior Indebtedness, the Trustee undertakes to perform or to observe only such of its covenants and obligations as are specifically set forth in this Article Four, and no implied covenants or obligations with respect to the holders of Senior Indebtedness shall be read into this Indenture against the Trustee. The Trustee shall not be deemed to owe any fiduciary duty to the holders of Senior Indebtedness (except as provided in Sections 4.02(c) and 4.03(c) of this Indenture) and shall not be liable to any such holders if the Trustee shall in good faith mistakenly pay over or distribute to Noteholders or to the Company or to any other Person cash, property or securities to which any holders of Senior Indebtedness shall be entitled by virtue of this Article Four or otherwise.

SECTION 4.09. Subordination Rights Not Impaired by Acts or Omissions of the Company or Holders of the Senior Indebtedness. No right of any present or future holders of any Senior Indebtedness to enforce subordination as provided in this Article Four will at any time in any way be prejudiced or impaired by any act or failure to act on the part of the Company or by any act or failure to act, in good faith, by any such holder, or by any noncompliance by the Company with the terms of this Indenture, regardless of any knowledge thereof that any such holder may have or otherwise be charged with. The provisions of this Article Four are intended to be for the benefit of, and shall be enforceable directly by, the holders of Senior Indebtedness.

SECTION 4.10. Noteholders Authorize Trustee to Effectuate Subordination of Notes. Each Noteholder by his acceptance of any Notes authorizes and expressly directs the

Trustee on its behalf to take such action as may be necessary or appropriate to effectuate the subordination provided in this Article Four, and appoints the Trustee its attorney-in-fact for such purposes, including, in the event of dissolution, winding up, liquidation or reorganization of the Company (whether in bankruptcy, insolvency, receivership, reorganization or similar proceedings or upon an assignment for the benefit of creditors or otherwise) tending towards liquidation of the property and assets of the Company, the filing of a claim for the unpaid balance of its Notes in the form required in those proceedings. If the Trustee does not file a proper claim or proof of indebtedness in the form required in such proceeding at least 30 days before the expiration of the time to file such claim or claims, each holder of Senior Indebtedness is hereby authorized to file an appropriate claim for and on behalf of the Noteholders.

SECTION 4.11. Not to Prevent Event of Default. The failure to make a payment on account of principal of, premium, if any, or interest on the Securities by reason of any provision of this Article Four will not be construed as preventing the occurrence of an Event of Default.

SECTION 4.12. Trustee's Compensation Not Prejudiced. Nothing in this Article Four will apply to amounts due to the Trustee pursuant to other sections of this Indenture.

SECTION 4.13. No Waiver of Subordination. Without in any way limiting the generality of Section 4.09 of this Indenture, the holders of Senior Indebtedness may, at any time and from time to time, without the consent of or notice to the Trustee or the Noteholders, without incurring responsibility to the Holders and without impairing or releasing the subordination provided in this Article Four or the obligations hereunder of the Noteholders to the holders of Senior Indebtedness, do any one or more of the following: (a) change the manner, place or terms of payment or extent the time of payment of, or renew or alter, Senior Indebtedness or any instrument evidencing the same or any agreement under which Senior Indebtedness is outstanding or secured; (b) sell, exchange, release or otherwise deal with any property pledged, mortgaged or otherwise securing Senior Indebtedness; (c) release any Person liable in any manner for the collection of Senior Indebtedness; and (d) exercise or refrain from exercising any rights against the Company and any other Person.

SECTION 4.14. Payments May Be Paid Prior to Dissolution. Nothing contained in this Article Four or elsewhere in this Indenture shall prevent (i) the Company, except under the conditions described in Section 4.02 or 4.03 of this Indenture, from making payments of principal of, premium, if any, and interest on the Notes, or from depositing with the Trustee any money for such payments, or (ii) the application by the Trustee of any money deposited with it for the purpose of making such payments of principal of, premium, if any, and interest on the Notes to the holders entitled thereto unless, at least two Business Days prior to the date upon which such payment becomes due and payable, the Trustee shall

have received the written notice provided for in Section 4.02(b) of this Indenture (or there shall have been an acceleration of the Notes prior to such application) or in Section 4.06 of this Indenture. The Company shall give prompt written notice to the Trustee of any dissolution, winding up, liquidation or reorganization of the Company.

SECTION 4.15. Consent of Holders of Senior Indebtedness Under the U.S. Credit Agreement. The provisions of this Article Four (including the definitions contained in this Article and references to this Article contained in this Indenture) shall not be amended in a manner that would adversely affect the rights of the holders of Senior Indebtedness under the U.S. Credit Agreement, and no such amendment shall become effective unless the holders of Senior Indebtedness under the U.S. Credit Agreement shall have consented (in accordance with the provisions of the U.S. Credit Agreement) to such amendment.

## ARTICLE FIVE

## PARTICULAR COVENANTS OF THE COMPANY

SECTION 5.01. Payment of Principal, Premium and Interest. The Company covenants and agrees that it will duly and punctually pay or cause to be paid the principal amount at maturity, Issue Price, accrued Original Issue Discount, Redemption Price, Fundamental Change Redemption Price and interest in respect of each of the Notes at the places, at the respective times and in the manner provided herein and in the Notes. Each installment of interest on the Notes may be paid by mailing checks for the interest payable to or upon the written order of the holders of Notes entitled thereto as they shall appear on the registry books of the Company, provided that with respect to any holder of Notes with an aggregate principal amount at maturity equal to or in excess of $5 million, at the request of such holder on or prior to the record date in writing (such writing to include appropriate wire instructions) the Company shall pay interest on such holder's Notes by wire transfer in immediately available funds.

SECTION 5.02. Offices for Notices and Payments, Etc. So long as any of the Notes remain outstanding, the Company will maintain in the Borough of Manhattan, The City of New York, an office or agency where the Notes may be presented for payment, and an office or agency where the Notes may be presented for registration of transfer and for exchange and conversion as provided for in this Indenture and an office or agency where notices and demands to or upon the Company in respect of the Notes or of this Indenture may be served. The Company will give to the Trustee written notice of the location of each such office or agency and of any change of location thereof. If the Company shall fail to maintain any such office or agency or shall fail to give such notice of the location or of any change in the location thereof, presentations and demands may be made and notices may be served at the principal office of the Trustee and the Company hereby appoints the Trustee at