# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE AMENDED EIGHTH INTERIM FEE APPLICATION OF PRICEWATERHOUSECOOPERS LLP

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Amended Eighth Interim Fee Application of PricewaterhouseCoopers LLP* [Docket No. 7462] (the "**Fee Application**"). The Fee Application seeks approval of fees that total $776,756.50 ($596,500.00 in fixed fee services and $180,256.50 in hourly

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

services) and reimbursement of expenses that total $21,149.48 for the period from September 1, 2010 through November 30, 2010. PricewaterhouseCoopers LLP ("**PwC**"), however, has reduced its total fees sought from $776,756.50 to $758,756.50 due to a credit of $18,000.00.[2]  PwC serves as compensation and tax advisors and independent auditors to the Debtors and Debtors-in-Possession, as well as a provider of advisory services in connection with the application of fresh start accounting services and certain consulting services (i.e. "Records Management Services" and "BLM Services").

### Background

1.      On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  Under this Court's *Order Directing Joint Administration Chapter 11 Cases* dated December 10, 2009 [Docket No. 43], these cases are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.

2.      On December 26, 2008, the Debtors filed the *Application for an Order Authorizing Debtors to Retain and Employ PricewaterhouseCoopers LLP as Compensation and Tax Advisors and Independent Auditors to the Debtors Pursuant to 11 U.S.C. Sections 327(a) and 1107, Nunc Pro Tunc to the Petition Date* [Docket No. 143] (the "**Retention Application**").  On March 3, 2009, this Court approved the retention of PwC as compensation and tax advisors and independent auditors to the Debtors by entering the *Order Authorizing Debtors to Retain and Employ PricewaterhouseCoopers LLP as Compensation and Tax Advisors and Independent Auditors to the Debtors Nunc Pro Tunc to the Petition Date* [Docket No. 470]  (the "**Retention Order**").

3.      On April 30, 2010, the Debtors filed the *Supplemental Application for an Order Modifying the Scope of the Retention of PricewaterhouseCoopers LLP to Include Certain Advisory Services in Connection with the Application of Fresh Start Accounting Services Pursuant to 11 U.S.C.*

---

[2] Due to a mathematical error identified within the Twelfth Monthly Fee Application related to the 2009 Consolidated Audit fixed fee, PwC is crediting the Debtors $18,000.00.  Thus, the total amount of compensation sought for the eighth interim period was reduced from $776,756.50 to $758,756.50.  (See, Amended Eighth Interim Fee Application, page 2, footnote 3.)

*§§ 327(a) and 1107 Nunc Pro Tunc to February 8, 2010* [Docket No. 4216] (the "**Supplemental Application**"). On May 14, 2010, this Court modified the retention of PwC by entering the *Order Modifying the Scope of the Retention of PricewaterhouseCoopers LLP to Include Certain Advisory Services in Connection with the Application of Fresh Start Accounting Pursuant to 11 U.S.C. §§ 327(a) and 1107, Nunc Pro Tunc to February 8, 2010* [Docket No. 4414] (the "**Supplemental Retention Order**").

4.    On January 11, 2011, PwC filed the Certification of William T. England in Support of Interim Fee Applications of PricewaterhouseCoopers LLP for Compensation for Services Rendered and Reimbursement of Expenses as Compensation and Tax Advisors and Independent Auditors to the Debtors and Debtors in Possession [Docket No. 7469] (the "**Fee Application Certification**") in response to the Court's request for clarification regarding PwC's fixed fee billing arrangements.

5.    On November 4, 2011, the Debtors filed the *Second Supplemental Application for an Order Modifying the Scope of the Retention of PricewaterhouseCoopers LLP to Include Certain Advisory Services in Connection with Records Management, Payroll Processing, and Operations Management Pursuant to 11 U.S.C. §§ 327(a) and 1107 Nunc Pro Tunc to November 1, 2011* [Docket No. 10158] (the "**Second Supplemental Application**"). On November 18, 2011, this Court modified the retention of PwC by entering the *Order Modifying the Scope of the Retention of PricewaterhouseCoopers LLP to Include Certain Advisory Services in Connection with Records Management, Payroll Processing, and Operations Management Pursuant to 11 U.S.C. §§ 327(a) and 1107 Nunc Pro Tunc to November 1, 2011* [Docket No. 10259] (the "**Second Supplemental Retention Order**"). The order modified the scope of the retention of PwC to include certain consulting services related to (1) the review and revision of Tribune's records and information management policy (the "Records Management Services"); and (2) the review and revision of Blue Lynx Media, LLC's payroll processing and operations management (the "BLM Services").

6.      PwC submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, (January 15, 2009) [Docket No. 225] (the "**Interim Compensation Order**").

## Applicable Standards

7.      In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

8.      The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**").  In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

9.      Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A).*  In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of,

a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F)*.

10.    A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

11.    The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Supplemental Application, the Supplemental Retention Order, the Interim Compensation Order, and all related filings and provided PwC with a Preliminary Report for review and comment. PwC submitted a written response to the Preliminary Report. After consideration of the additional information provided by the firm, the Fee Examiner now issues this final report (the "**Final Report**") "in a format designed to opine whether the requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines." *Fee Examiner Order ¶5*.

## DISCUSSION OF FINDINGS

### Fixed Services

12.    The Fee Application requested a total of $596,500.00 for fixed fee services for the 2009 Form 5500 and Related Filings, 2009 Benefit Plan Audit, the limited scope audit of the Tribune

Company Benefit Program and 2010 Consolidated Audit and provided a summary displaying the professionals, their positions, and the associated hours, totaling 2,460.80. Concerning fixed-fee engagements, the Retention Order requires only that PwC submit time records in a summary format. As the firm met this minimal requirement, the Fee Examiner makes no findings regarding the propriety of the fixed fee services. Should the Court request additional detail and/or information from PwC, upon instruction the Fee Examiner will review such material and supplement this report.

## Hourly Services

## Technical Requirements

13.     **Reconciliation of Fees and Expenses.** The Fee Examiner compared the total amount of hourly fees ($180,256.50) and expenses ($21,149.48) requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**"). The Fee Examiner identified no discrepancies between the Fees Requested and the Fees Computed, nor any discrepancies between the Expenses Requested and the Expenses Computed.

14.     **Block Billing.**[3]   The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*. The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or

---

[3] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing. Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry. As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry. This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[4]  With minimal exceptions, PwC did not block bill time entries.

15.    **Time Increments.**    The PwC Retention Order indicates that "for hourly rate engagements, PwC may submit time records in ½-hour increments" effectively waiving the Local Rules and UST Guidelines requiring professionals to bill in tenths of an hour. *Retention Order* at 4.

**Review of Hourly Fees**

16.    **Firm Staffing.**    The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines* ¶(b)(1)(iii).  The Fee Application provided the names, positions, and hourly rates of the 23 PwC timekeepers who billed to this matter, consisting of 5 partners, 1 senior managing director, 6 directors, 3 managers, 4 senior associates, 3 associates, and 1 administrative.  A summary of hours and fees billed by each timekeeper is displayed in **Exhibit A**.[5]

The firm invoiced a total of 446.00 hours with associated fees of $180,256.50 for the hourly services.  The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 92.30 | 21% | $ 56,510.50 | 31% |
| Senior Managing Director | 1.00 | * | 600.00 | * |
| Director | 190.40 | 43% | 81,200.00 | 45% |
| Manager | 32.00 | 7% | 9,855.00 | 5% |

[4] The judicial response to block billing varies.  Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007).  Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

[5] This Final Report includes exhibits that detail and support the findings discussed herein.  Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit.  The tasks included in a specific category are underlined in the fee exhibits.  For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Senior Associate | 50.70 | 11% | 14,562.00 | 8% |
| Associate | 77.60 | 17% | 17,339.00 | 10% |
| Administrative | 2.00 | * | 190.00 | * |
| TOTAL | 446.00 | 100% | $180,256.50 | 100% |

\* Less than 1%

The blended hourly rate for the PricewaterhouseCoopers professionals is $405.56 and the blended hourly rate for professionals and paraprofessionals is $404.16.

17.    **Hourly Rate Increases.**  One timekeeper was promoted from Senior Associate to Manager between the seventh and eighth interim periods, and his hourly rate increased from $300.00 to $370.00.

18.    **Timekeepers' Roles.**  A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4).*  With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution, including a comparison to others' efforts.  Most PwC timekeeper appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.  However, the Fee Examiner requested additional information regarding several billers who each billed one or two entries respectively performing an activity that did not appear to advance or contribute significantly to the matter.  **Exhibit B** to the Preliminary Report, totaling 11.40 hours with associated fees of $3,929.00, listed the billing entries invoiced by the timekeepers about whom additional information was requested.  In response, PwC provided a detailed explanation by professional and project category to substantiate the hours and associated fees charged.  PwC also agreed to a voluntary reduction of fees requested in an amount of $814.00.  After analyzing the supplemental information provided regarding Exhibit B and the 11.40 hours and $3,929.00 in associated fees that related to the questioned entries, the Fee Examiner makes no additional recommendation for a fee reduction.  Exhibit B is omitted from this report.

The Fee Examiner also requested additional information regarding the activities of one timekeeper for reviewing the Examiner's Report and drafting a team summary memorandum regarding the Examiner's Report. As displayed in **Exhibit C** to the Preliminary Report, five timekeepers spent a total of 196.80 hours and $89,038.50 in fees to review the Examiner's Report and draft a summary memorandum. The potentially duplicative entries billed by the questioned timekeeper total 16.00 hours with $4,000.00 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit. In response, PwC provided a detailed explanation of the timekeeper's role and substantiated the hours and associated fees charged. After analyzing the supplemental information provided regarding the 16.00 hours and $4,000.00 in associated fees that related to the questioned entries, the Fee Examiner makes no recommendation for a fee reduction. Exhibit C is omitted from this report.

19.    **Meetings, Conferences, Hearings, and Other Events.** The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" (*Local Rule 2016-2(d)(ix)*), and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*. While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified occasions where two or more PwC timekeepers attended the same meeting, conference, hearing, or other event. Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees. The entries, totaling 15.00 hours with $7,255.00 in associated fees, were displayed in **Exhibit D** to the Preliminary Report. In each instance where multiple timekeepers attended a meeting, conference, hearing or other event, the Fee Examiner identified the timekeeper who appeared

most responsible for the matter or the particular event (*i.e.*, the attorney leading rather than observing a conference). The potentially duplicative and unnecessary timekeepers' entries total 7.50 hours with $3,165.00 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner requested that the firm provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event.

In response to the Preliminary Report, PwC addressed, in detail, each of the questioned fee entries by providing additional information regarding the subject matter and roles of each participant. After consideration of the supplemental information, the Fee Examiner makes no recommendation for a fee reduction. Exhibit D is omitted from this report.

20. **Intraoffice Conferences.** Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified billing activities by PwC timekeepers describing intraoffice conferences totaling 27.00 hours with $13,307.50 in associated fees, or approximately 7% of the Fees Computed, as were displayed in **Exhibit E** to the Preliminary Report. The Fee Examiner observed that in certain instances, two or more timekeepers invoiced fees associated with the same intraoffice conference. The entries describing intraoffice conferences invoiced by two or more firm personnel total 26.00 hours with $13,082.50 in associated fees and are highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner requested the firm provide an explanation for the necessity of more than one participant billing for the same intraoffice conference.

PwC provided detailed information regarding each billing entry in question. In each instance, PwC demonstrated some reasonableness and necessity for the questioned fees. Additionally, PwC stated that due to the complexities of the issues at Tribune, the required expertise needed to provide guidance on related fresh start accounting, valuation, tax, and audit matters, the involvement of each individual identified was necessary. The intraoffice conferences included individuals with different

areas of expertise and were necessary to ensure that all relevant perspectives were considered prior to providing a response to Debtors' Management on complex technical matters. After due consideration of PwC's response, the Fee Examiner makes no recommendation for a fee reduction. Exhibit E is omitted from this report.

21. **Complete and Detailed Task Descriptions.** Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*. The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*. PwC timekeepers sufficiently described the efforts performed.

22. **Administrative Activities.** Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. The Fee Examiner did not identify any time entries describing administrative activities, except as described in the PwC Retention/Compensation paragraph below.

23. **Clerical Activities.** Clerical activities are tasks that may be effectively performed by administrative assistants, secretaries, or support personnel[6] or support tasks for which the firm charged

---

[6] "Duties appropriate for office staff are considered part of a professional's overhead expenses and may not be billed to the estate." *Fibermark*, 349 B.R. at 397; *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758 769 (Bankr. E.D.N.Y. 2005) (overhead not compensable); *but see Bennett Funding*, 213 B.R. at 247-48 (discussing differing approaches to clerical work at professional rates). These overhead activities may include: mailing; photocopying, word processing (including the creation of templates), formatting, creating spreadsheets, printing,

a rate greater than the market rate for such work.  The Fee Examiner did not identify any clerical activities.

24.    **Travel.**  The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*. The Fee Examiner did not identify any billing entries describing travel by firm timekeepers.

25.    **PwC Retention/Compensation.**  The firm invoiced 107.20 hours with associated fees of $26,291.50 to prepare the firm's retention documents and applications for compensation, which computes to approximately 15% of the hourly fees billed by the firm.  The fee entries are displayed in **Exhibit F**.  Included in this amount are approximately 41.50 hours and associated fees of $10,377.50 described as reviewing, revising, assembling, and updating information in the expense and time "consolidator" programs.  As stated in prior reports, the Fee Examiner is concerned about the fees incurred to prepare task descriptions and firm invoices, and will continue to monitor the hours and fees devoted to such efforts and make a recommendation to the Court when reporting on PwC's final fee application.  No recommendation for a fee reduction will be made at this time.  Exhibit F is included in the Final Report for the Court's reference.

26.    **Entries Billed Outside the Interim Period.**  The Fee Application stated that PwC seeks approval for fees billed for the period September 1, 2010 through November 30, 2010.  A significant portion of the hourly fees were billed in July and August 2010.  The entries were displayed in **Exhibit G** to the Preliminary Report and totaled 176.20 hours with $88,227.00 in associated fees. The Fee Examiner requested PwC state the reason these fees were billed with the current Fee Application rather than the fee application that included July and August 2010.  In response, PwC provided a detailed explanation by project category, which substantiated the hours and associated fees charged.  Further, PwC's response verified that, but for delayed Debtor approval, reporting system errors or billing codes issues, the fees would have been billed in the proper monthly and/or interim

organizing files, checking for docket updates, creating binders, and secretarial overtime. *Fibermark*, 349 B.R. at 396-97.

period.   Based upon the response, the Fee Examiner makes no recommendation for a related fee reduction.  Exhibit G is omitted from this report.

**Review of Expenses**

27.    **Itemization of Expenses.**  The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the charge, if available." *Local Rule 2016-2(e)(i-ii)*.  The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.  Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*.  PwC provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

28.    **Overhead Meals.**  The Fee Examiner requested PwC provide an explanation for the purpose of the meal charge displayed in **Exhibit H** to the Preliminary Report, which appeared to be a meal solely for employees of PwC that was not related to out of town travel.  After reviewing the expense, PwC agreed to reduce its expense amount by $140.24.  Exhibit H is omitted from this report.

29.    **Software License Fees.**  PwC requested reimbursement for charges totaling $3,240.00 for two Comperio Renewal Subscriptions (effective 3/15/09 and 3/15/10).  The Fee Examiner requested a further explanation of these expenses.  In response, PwC verified that the software expenses were incurred at the Debtors' request and the license subscriptions were requested to be maintained by the Debtors'.  The Fee Examiner makes no recommendation for an expense reduction.

## CONCLUSION

The Fee Examiner submits this final report regarding the Fee Application and the fees and expenses discussed above.  The Fee Examiner recommends the approval of fees in the amount of $757,942.50 ($596,500.00 fixed fees minus $18,000.00 credit plus $180,256.50 hourly fees minus $814.00 agreed reduction) and reimbursement of expenses in the amount of $21,009.24 ($21,149.48 minus $140.24) for the period from September 1, 2010 through November 30, 2010.  The findings are set forth in the summary on the following page.

**PRICEWATERHOUSECOOPERS LLP**

## SUMMARY OF FINDINGS

### Eighth Interim Fee Application (September 1, 2010 through November 30, 2010)

#### A.    Amounts Requested and Computed

| | | |
|---|---:|---:|
| Fees Requested: | | |
| Fixed Fee Services | $596,500.00 | |
| 2009 Consolidated Audit Fixed Fee Credit | (18,000.00) | |
| Hourly Services | 180,256.50 | |
| Expenses Requested | 21,149.48 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $779,905.98 |
| | | |
| Fixed Fee Services | $596,500.00 | |
| 2009 Consolidated Audit Fixed Fee Credit | (18,000.00) | |
| Hourly Fees Computed | 180,256.50 | |
| Expenses Computed | 21,149.48 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $779,905.98 |

#### B.    Recommended Fee Allowance and Expense Reimbursement

| | | | |
|---|---:|---:|---:|
| Fees Requested (Fixed Fee Services) | $596,500.00 | | |
| 2009 Consolidated Audit Fixed Fee Credit | (18,000.00) | | |
| Fees Requested (Hourly Services) | 180,256.50 | | |
| *Agreed Reduction for Questioned Timekeepers* | | *($814.00)* | |
| Subtotal | | *($814.00)* | |
| | | | $757,942.50 |
| Expenses Requested | $21,149.48 | | |
| *Agreed Reduction for Overhead Meals* | | *($140.24)* | |
| Subtotal | | *($140.24)* | |
| | | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | | 21,009.24 |
| | | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | | $778,951.74 |

Respectfully submitted,

**STUART MAUE**

By: _____

John F. Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri  63044
Telephone:  (314) 291-3030
Facsimile:  (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 9th day of March 2012.

David Klauder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE  19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE  19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
William E. Chipman, Jr., Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE  19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE  19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY  10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY  10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE  19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY  10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

William T. England, Esq.
PricewaterhouseCoopers LLP
One North Wacker
Chicago, IL  60606

John F. Theil, Esq.

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

## COMPUTED AT STANDARD RATES

### PricewaterhouseCoopers LLP

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | | FEES COMPUTED | |
|---|---|---|---|---|---|---|---|---|
| KDKR | Kreb, Kevin D. | PARTNER | $650.00 | $650.00 | 39.20 | | $25,480.00 | |
| WTEN | England, William T. | PARTNER | $535.00 | $693.00 | 42.10 | | $23,550.50 | |
| RCWH | Whitley, Robert C. | PARTNER | $700.00 | $700.00 | 7.20 | | $5,040.00 | |
| LAAR | Arnett, L. Allen | PARTNER | $700.00 | $700.00 | 1.80 | | $1,260.00 | |
| RGIL | Gilman, Ralph D. | PARTNER | $590.00 | $590.00 | 2.00 | | $1,180.00 | |
| | No. of Billers for Position: 5 | Blended Rate for Position: | $612.25 | | 92.30 | | $56,510.50 | |
| | | | | | % of Total: | 20.70% | % of Total: | 31.35% |
| JTWI | Winks, J. Timothy | SR. MANAG DIREC | $600.00 | $600.00 | 1.00 | | $600.00 | |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $600.00 | | 1.00 | | $600.00 | |
| | | | | | % of Total: | 0.22% | % of Total: | 0.33% |
| FBKA | Karim, Faizal B. | DIRECTOR | $450.00 | $450.00 | 99.60 | | $44,820.00 | |
| TLKO | Koops, Thomas L. | DIRECTOR | $300.00 | $475.00 | 42.80 | | $13,890.00 | |
| JBEN | Benedetti, John | DIRECTOR | $475.00 | $475.00 | 13.30 | | $6,317.50 | |
| CMOR | Morrissey, Chad | DIRECTOR | $475.00 | $475.00 | 13.30 | | $6,317.50 | |
| SBDA | Danton, Stephen B. | DIRECTOR | $450.00 | $450.00 | 12.40 | | $5,580.00 | |
| AGAL | Galis, Adrian | DIRECTOR | $475.00 | $475.00 | 9.00 | | $4,275.00 | |
| | No. of Billers for Position: 6 | Blended Rate for Position: | $426.47 | | 190.40 | | $81,200.00 | |
| | | | | | % of Total: | 42.69% | % of Total: | 45.05% |
| MJST | Strathman, Michael James | MANAGER | $370.00 | $370.00 | 12.00 | | $4,440.00 | |
| JASP | Spahn, Justin A. | MANAGER | $250.00 | $305.00 | 17.00 | | $4,305.00 | |
| MSTA | Stachnik, Mark | MANAGER | $370.00 | $370.00 | 3.00 | | $1,110.00 | |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $307.97 | | 32.00 | | $9,855.00 | |
| | | | | | % of Total: | 7.17% | % of Total: | 5.47% |
| DJDU | Dura, David James | SR. ASSOCIATE | $290.00 | $290.00 | 25.50 | | $7,395.00 | |
| MMAT | Matthews, Michael | SR. ASSOCIATE | $325.00 | $325.00 | 11.40 | | $3,705.00 | |

### SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

### COMPUTED AT STANDARD RATES

**PricewaterhouseCoopers LLP**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| SMIL | Miller, Suzanne | SR. ASSOCIATE | $240.00 | $240.00 | 10.80 | $2,592.00 |
| SMFI | Finseth, Shonda M. | SR. ASSOCIATE | $290.00 | $290.00 | 3.00 | $870.00 |
| | No. of Billers for Position: 4 | Blended Rate for Position: | $287.22 | | 50.70 | $14,562.00 |
| | | | | | % of Total: 11.37% | % of Total: 8.08% |
| JRHA | Hatzenbuhler, Jordan R. | ASSOCIATE | $225.00 | $225.00 | 74.00 | $16,650.00 |
| FKUR | Kurniawan, Fannie | ASSOCIATE | $225.00 | $225.00 | 2.50 | $562.50 |
| CLIE | Lien, Catherine | ASSOCIATE | $115.00 | $115.00 | 1.10 | $126.50 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $223.44 | | 77.60 | $17,339.00 |
| | | | | | % of Total: 17.40% | % of Total: 9.62% |
| RJSI | Siwinski, Ronald J. | ADMINISTRATIVE | $95.00 | $95.00 | 2.00 | $190.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $95.00 | | 2.00 | $190.00 |
| | | | | | % of Total: 0.45% | % of Total: 0.11% |
| | Total No. of Billers: 23 | Blended Rate for Report: | $404.16 | | 446.00 | $180,256.50 |

EXHIBIT F

PWC RETENTION/COMPENSATION

PricewaterhouseCoopers LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Dura, D | 25.50 | 7,395.00 |
| Finseth, S | 3.00 | 870.00 |
| Hatzenbuhler, J | 74.00 | 16,650.00 |
| Kurniawan, F | 2.50 | 562.50 |
| Stachnik, M | 2.20 | 814.00 |
| | 107.20 | $26,291.50 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Monthly, Interim and Final Fee Applications | 107.20 | 26,291.50 |
| | 107.20 | $26,291.50 |

EXHIBIT F

PWC RETENTION/COMPENSATION

PricewaterhouseCoopers LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|-------------|
| 09/07/10 Tue | Stachnik, M 112010-40/39 | 1.00 | 1.00 | 370.00 | 1 | MATTER NAME: Monthly, Interim and Final Fee Applications 0910H0031: SUPPORT BANKRUPTCY RETENTION AND BILLING PROFESSIONALS AND AUDIT AND TAX TEAMS WITH THE BILLING REQUIREMENTS FOR THE COURT. |
| 09/08/10 Wed | Dura, D 112010-40/36 | 2.50 | 2.50 | 725.00 | 1 | MATTER NAME: Monthly, Interim and Final Fee Applications 0910H0034: PREPARE THE JULY 2010 TIME CONSOLIDATOR. |
| 09/08/10 Wed | Dura, D 112010-40/37 | 1.50 | 1.50 | 435.00 | 1 | MATTER NAME: Monthly, Interim and Final Fee Applications 0910H0033: PREPARE THE JULY 2010 EXPENSE CONSOLIDATOR. |
| 09/08/10 Wed | Stachnik, M 112010-40/38 | 1.00 | 1.00 | 370.00 | 1 | MATTER NAME: Monthly, Interim and Final Fee Applications 0910H0032: SUPPORT BANKRUPTCY RETENTION AND BILLING PROFESSIONALS AND AUDIT AND TAX TEAMS WITH THE BILLING REQUIREMENTS FOR THE COURT. |
| 09/09/10 Thu | Dura, D 112010-40/34 | 4.00 | 4.00 | 1,160.00 | 1 | MATTER NAME: Monthly, Interim and Final Fee Applications 0910H0036: CONTINUE TO PREPARE AND REVIEW THE JULY 2010 TIME CONSOLIDATOR. |
| 09/09/10 Thu | Dura, D 112010-40/35 | 2.00 | 2.00 | 580.00 | 1 | MATTER NAME: Monthly, Interim and Final Fee Applications 0910H0035: PREPARE AND REVIEW THE JULY 2010 TIME CONSOLIDATOR. |
| 09/20/10 Mon | Dura, D 112010-40/32 | 0.50 | 0.50 | 145.00 | 1 | MATTER NAME: Monthly, Interim and Final Fee Applications 0910H0038: REVIEW THE JULY 2010 TIME CONSOLIDATOR. |
| 09/20/10 Mon | Stachnik, M 112010-40/33 | 0.20 | 0.20 | 74.00 | 1 | MATTER NAME: Monthly, Interim and Final Fee Applications 0910H0037: SUPPORT BANKRUPTCY RETENTION AND BILLING PROFESSIONALS AND AUDIT AND TAX TEAMS WITH THE BILLING REQUIREMENTS FOR THE COURT. |
| 09/22/10 Wed | Hatzenbuhler, J 112010-40/30 | 2.00 | 2.00 | 450.00 | 1 | MATTER NAME: Monthly, Interim and Final Fee Applications 0910H0040: PREPARE THE JULY 2010 EXHIBITS. |
| 09/22/10 Wed | Hatzenbuhler, J 112010-40/31 | 2.00 | 2.00 | 450.00 | 1 | MATTER NAME: Monthly, Interim and Final Fee Applications 0910H0039: UPDATE THE JULY 2010 MONTHLY FEE APPLICATION NARRATIVE. |
| 09/23/10 Thu | Dura, D 112010-40/29 | 4.00 | 4.00 | 1,160.00 | 1 | MATTER NAME: Monthly, Interim and Final Fee Applications 0910H0041: REVIEW THE JULY 2010 MONTHLY FEE APPLICATION NARRATIVE AND EXHIBITS. |
| 09/24/10 Fri | Hatzenbuhler, J 112010-40/28 | 1.00 | 1.00 | 225.00 | 1 | MATTER NAME: Monthly, Interim and Final Fee Applications 0910H0042: PREPARE THE AUGUST 2010 TIME AND EXPENSE CONSOLIDATOR RECONCILIATIONS. |
| 09/28/10 Tue | Dura, D 112010-40/27 | 3.50 | 3.50 | 1,015.00 | 1 | MATTER NAME: Monthly, Interim and Final Fee Applications 0910H0043: REVISE THE JULY 2010 MONTHLY FEE APPLICATION NARRATIVE AND EXHIBITS. |

EXHIBIT F

PWC RETENTION/COMPENSATION

PricewaterhouseCoopers LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | DESCRIPTION |
|---|---|---|---|---|---|
| 09/29/10 Wed | Dura, D 112010-40/25 | 2.00 | 2.00 | 580.00 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  0910H0045: PREPARE THE AUGUST 2010 TIME CONSOLIDATOR. |
| 09/29/10 Wed | Dura, D 112010-40/26 | 2.00 | 2.00 | 580.00 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  0910H0044: REVISE THE JULY 2010 MONTHLY FEE APPLICATION NARRATIVE AND EXHIBITS. |
| 09/30/10 Thu | Dura, D 112010-40/24 | 3.50 | 3.50 | 1,015.00 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  0910H0046: REVIEW THE AUGUST 2010 TIME CONSOLIDATOR. |
| 10/04/10 Mon | Hatzenbuhler, J 112010-40/81 | 1.00 | 1.00 | 225.00 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1110H0172: PREPARE DRAFT EXPENSE EXHIBITS FOR JULY 2010 AND AUGUST 2010 EXPENSES. |
| 10/04/10 Mon | Hatzenbuhler, J 112010-40/82 | 1.50 | 1.50 | 337.50 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1110H0171: UPDATE AUGUST 2010 TIME CONSOLIDATOR. |
| 10/05/10 Tue | Hatzenbuhler, J 112010-40/78 | 3.00 | 3.00 | 675.00 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1110H0175: PREPARE AUGUST 2010 TIME CONSOLIDATOR. |
| 10/05/10 Tue | Hatzenbuhler, J 112010-40/79 | 0.50 | 0.50 | 112.50 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1110H0174: UPDATE AUGUST 2010 TIME CONSOLIDATOR FOR NEW PERSONNEL. |
| 10/05/10 Tue | Hatzenbuhler, J 112010-40/80 | 1.00 | 1.00 | 225.00 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1110H0173: PREPARE AUGUST 2010 DRAFT NARRATIVE. |
| 10/06/10 Wed | Hatzenbuhler, J 112010-40/76 | 2.50 | 2.50 | 562.50 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1110H0177: UPDATE JULY 2010 DRAFT NARRATIVE PER A. SMITH (PWC) COMMENTS. |
| 10/06/10 Wed | Hatzenbuhler, J 112010-40/77 | 2.50 | 2.50 | 562.50 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1110H0176: REVISE JULY 2010 TIME CONSOLIDATOR. |
| 10/07/10 Thu | Hatzenbuhler, J 112010-40/74 | 3.00 | 3.00 | 675.00 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1110H0179: CONTINUE TO PREPARE FINAL JULY 2010 DRAFT NARRATIVE AND EXHIBITS. |
| 10/07/10 Thu | Hatzenbuhler, J 112010-40/75 | 2.00 | 2.00 | 450.00 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1110H0178: PREPARE FINAL JULY 2010 DRAFT NARRATIVE AND EXHIBITS. |
| 10/08/10 Fri | Hatzenbuhler, J 112010-40/73 | 3.00 | 3.00 | 675.00 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1110H0180: PREPARE FINAL JULY 2010 FEE APPLICATION NARRATIVE AND EXHIBITS. |

EXHIBIT F

PWC RETENTION/COMPENSATION

PricewaterhouseCoopers LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | DESCRIPTION |
|------|-----------------|-------------|-------|------|-------------|
| 10/11/10 Mon | Hatzenbuhler, J 112010-40/70 | 1.00 | 1.00 | 225.00 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1110H0183: UPDATE AUGUST 2010 EXHIBITS. |
| 10/11/10 Mon | Hatzenbuhler, J 112010-40/71 | 4.00 | 4.00 | 900.00 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1110H0182: RECONCILE THE AUGUST 2010 HOURS TO THE WIP REPORTS. |
| 10/11/10 Mon | Hatzenbuhler, J 112010-40/72 | 3.50 | 3.50 | 787.50 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1110H0181: REVIEW AUGUST 2010 TIME CONSOLIDATOR. |
| 10/12/10 Tue | Hatzenbuhler, J 112010-40/67 | 2.00 | 2.00 | 450.00 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1110H0186: REVISE THE AUGUST 2010 TIME CONSOLIDATOR BASED UPON PRELIMINARY REVIEW. |
| 10/12/10 Tue | Hatzenbuhler, J 112010-40/68 | 0.50 | 0.50 | 112.50 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1110H0185: PREPARE DRAFT NARRATIVE FOR SEVENTH INTERIM FEE APPLICATION. |
| 10/12/10 Tue | Hatzenbuhler, J 112010-40/69 | 1.50 | 1.50 | 337.50 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1110H0184: PREPARE DRAFT NARRATIVES FOR AUGUST 2010 MONTHLY FEE APPLICATION. |
| 10/13/10 Wed | Hatzenbuhler, J 112010-40/61 | 3.00 | 3.00 | 675.00 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1110H0192: PREPARE AND FINALIZE AUGUST 2010 EXHIBITS AND NARRATIVE. |
| 10/13/10 Wed | Hatzenbuhler, J 112010-40/62 | 0.50 | 0.50 | 112.50 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1110H0191: MAKE FINAL REVISIONS TO JULY 2010 NARRATIVE, FILE, AND EXHIBITS AND SUBMIT FOR PARTNER APPROVAL. |
| 10/13/10 Wed | Hatzenbuhler, J 112010-40/63 | 0.50 | 0.50 | 112.50 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1110H0190: PREPARE SEVENTH INTERIM FEE APPLICATION DRAFT. |
| 10/13/10 Wed | Hatzenbuhler, J 112010-40/64 | 2.50 | 2.50 | 562.50 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1110H0189: UPDATE AUGUST 2010 NARRATIVE AND EXHIBITS. |
| 10/13/10 Wed | Hatzenbuhler, J 112010-40/65 | 0.50 | 0.50 | 112.50 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1110H0188: REVISE JULY 2010 TIME CONSOLIDATOR. |
| 10/13/10 Wed | Kurniawan, F 112010-40/66 | 2.50 | 2.50 | 562.50 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1110H0187: REVIEW AUGUST 2010 TIME AND EXPENSE EXHIBITS. |
| 10/14/10 Thu | Hatzenbuhler, J 112010-40/57 | 0.50 | 0.50 | 112.50 | MATTER NAME: Monthly, Interim and Final Fee Applications<br>1  1110H0196: REVISE JULY 2010 FEE APPLICATION AT THE REQUEST OF THE DEBTOR'S COUNSEL. |

EXHIBIT F

PWC RETENTION/COMPENSATION

PricewaterhouseCoopers LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|-------------|
| 10/14/10 Thu | Hatzenbuhler, J 112010-40/58 | 2.00 | 2.00 | 450.00 | 1 | MATTER NAME: Monthly, Interim and Final Fee Applications 1110H0195: FINALIZE AUGUST 2010 CONSOLIDATOR AND NARRATIVE FOR REVIEW. |
| 10/14/10 Thu | Hatzenbuhler, J 112010-40/59 | 0.50 | 0.50 | 112.50 | 1 | MATTER NAME: Monthly, Interim and Final Fee Applications 1110H0194: REVISE SEVENTH INTERIM DRAFT NARRATIVE AND EXHIBITS. |
| 10/14/10 Thu | Hatzenbuhler, J 112010-40/60 | 1.00 | 1.00 | 225.00 | 1 | MATTER NAME: Monthly, Interim and Final Fee Applications 1110H0193: REVIEW AND REVISE AUGUST 2010 FILES. |
| 10/15/10 Fri | Hatzenbuhler, J 112010-40/56 | 2.00 | 2.00 | 450.00 | 1 | MATTER NAME: Monthly, Interim and Final Fee Applications 1110H0197: REVISE AUGUST 2010 NARRATIVE AND FILED WITH COUNSEL. |
| 10/22/10 Fri | Hatzenbuhler, J 112010-40/55 | 4.00 | 4.00 | 900.00 | 1 | MATTER NAME: Monthly, Interim and Final Fee Applications 1110H0198: PREPARE SEPTEMBER 2010 TRIBUNE DRAFT EXHIBITS. |
| 10/25/10 Mon | Hatzenbuhler, J 112010-40/53 | 1.00 | 1.00 | 225.00 | 1 | MATTER NAME: Monthly, Interim and Final Fee Applications 1110H0200: REQUEST TIME TRACKERS AND EXPENSE DESCRIPTIONS FROM ENGAGEMENT TEAM. |
| 10/25/10 Mon | Hatzenbuhler, J 112010-40/54 | 3.50 | 3.50 | 787.50 | 1 | MATTER NAME: Monthly, Interim and Final Fee Applications 1110H0199: REVISE SEPTEMBER 2010 TRIBUNE DRAFT NARRATIVE. |
| 10/26/10 Tue | Hatzenbuhler, J 112010-40/51 | 1.00 | 1.00 | 225.00 | 1 | MATTER NAME: Monthly, Interim and Final Fee Applications 1110H0202: REVIEW SEPTEMBER 2010 TRIBUNE EXPENSE CONSOLIDATOR FILE. |
| 10/26/10 Tue | Hatzenbuhler, J 112010-40/52 | 3.00 | 3.00 | 675.00 | 1 | MATTER NAME: Monthly, Interim and Final Fee Applications 1110H0201: REVIEW SEPTEMBER 2010 TRIBUNE TIME CONSOLIDATOR FILE. |
| 10/27/10 Wed | Hatzenbuhler, J 112010-40/48 | 1.00 | 1.00 | 225.00 | 1 | MATTER NAME: Monthly, Interim and Final Fee Applications 1110H0205: COMMUNICATION WITH JUSTIN SPAHN REGARDING AN OMNIBUS ORDER AND GFS INVOICES. |
| 10/27/10 Wed | Hatzenbuhler, J 112010-40/49 | 0.50 | 0.50 | 112.50 | 1 | MATTER NAME: Monthly, Interim and Final Fee Applications 1110H0204: PREPARE SEPTEMBER 2010 TRIBUNE EXPENSE DRAFT EXHIBITS. |
| 10/27/10 Wed | Hatzenbuhler, J 112010-40/50 | 2.00 | 2.00 | 450.00 | 1 | MATTER NAME: Monthly, Interim and Final Fee Applications 1110H0203: REVISE SEPTEMBER 2010 TRIBUNE EXPENSE CONSOLIDATOR. |
| 10/28/10 Thu | Hatzenbuhler, J 112010-40/47 | 0.50 | 0.50 | 112.50 | 1 | MATTER NAME: Monthly, Interim and Final Fee Applications 1110H0206: UPDATE TRIBUNE SEPTEMBER 2010 NARRATIVE AND DRAFT EXHIBITS. |

EXHIBIT F

PWC RETENTION/COMPENSATION

PricewaterhouseCoopers LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|-------------|
| 11/04/10 Thu | Hatzenbuhler, J 112010-40/46 | 2.00 | 2.00 | 450.00 | 1 | MATTER NAME: Monthly, Interim and Final Fee Applications 1110H0207: REVISE TRIBUNE SEPTEMBER 2010 TIME CONSOLIDATOR. |
| 11/08/10 Mon | Hatzenbuhler, J 112010-40/43 | 0.50 | 0.50 | 112.50 | 1 | MATTER NAME: Monthly, Interim and Final Fee Applications 1110H0210: FINALIZE SEPTEMBER 2010 FEE APPLICATION AND SUBMIT FOR REVIEW. |
| 11/08/10 Mon | Hatzenbuhler, J 112010-40/44 | 1.00 | 1.00 | 225.00 | 1 | MATTER NAME: Monthly, Interim and Final Fee Applications 1110H0209: DRAFT AMENDED 6TH INTERIM FEE APPLICATION. |
| 11/08/10 Mon | Hatzenbuhler, J 112010-40/45 | 1.00 | 1.00 | 225.00 | 1 | MATTER NAME: Monthly, Interim and Final Fee Applications 1110H0208: REVISE TRIBUNE SEPTEMBER 2010 NARRATIVE AND EXHIBITS. |
| 11/10/10 Wed | Hatzenbuhler, J 112010-40/42 | 2.50 | 2.50 | 562.50 | 1 | MATTER NAME: Monthly, Interim and Final Fee Applications 1110H0211: REVISE SEPTEMBER 2010 TRIBUNE NARRATIVE. |
| 11/16/10 Tue | Finseth, S 112010-40/40 | 2.70 | 2.70 | 783.00 | 1 | MATTER NAME: Monthly, Interim and Final Fee Applications 1110H0213: REVIEW THE SEPTEMBER 2010 2010 MONTHLY FEE APPLICATION. |
| 11/16/10 Tue | Finseth, S 112010-40/41 | 0.30 | 0.30 | 87.00 | 1 | MATTER NAME: Monthly, Interim and Final Fee Applications 1110H0212: REVIEW EMAIL CORRESPONDENCE FROM THE FEE AUDITOR REGARDING THE MONTHLY FEE APPLICATIONS AND DISCUSSIONS WITH STUART MAUE REGARDING REVISIONS TO THE SIXTH INTERIM AND SIXTEENTH MONTHLY FEE APPLICATION. |

| | | | HOURS | FEES |
|---|---|---|-------|------|
| Total | | | 107.20 | $26,291.50 |

Number of Entries:  59

EXHIBIT F

PWC RETENTION/COMPENSATION

PricewaterhouseCoopers LLP

### SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Dura, D | 25.50 | 7,395.00 |
| Finseth, S | 3.00 | 870.00 |
| Hatzenbuhler, J | 74.00 | 16,650.00 |
| Kurniawan, F | 2.50 | 562.50 |
| Stachnik, M | 2.20 | 814.00 |
| | 107.20 | $26,291.50 |

### SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Monthly, Interim and Final Fee Applications | 107.20 | 26,291.50 |
| | 107.20 | $26,291.50 |