# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE
## EIGHTH QUARTERLY FEE APPLICATION OF MCDERMOTT WILL & EMERY LLP

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Eighth Quarterly Fee Application of McDermott Will & Emery LLP* [Docket No. 7819] (the "**Fee Application**"). The Fee Application seeks approval of fees that total $1,153,555.00 and reimbursement of expenses that total $13,621.43 for the period from

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

September 1, 2010 through November 30, 2010. McDermott Will & Emery LLP ("**McDermott**") serves as Special Counsel to the Debtors for Domestic Legal Matters.

## Background

1.      On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' Chapter 11 cases for procedural purposes only.

2.      On December 26, 2008, the Debtors filed the *Application for an Order Authorizing Debtors to Employ and Retain McDermott Will & Emery LLP as Special Counsel for General Domestic Legal Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc Pro Tunc to the Petition Date* [Docket No. 141] (the "**Retention Application**"). By order dated March 12, 2009 [Docket 511], this Court approved the retention of McDermott (the "**Retention Order**").

3.      McDermott submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, (January 15, 2009) [Docket No. 225] (the "**Interim Compensation Order**").

## Applicable Standards

4.      In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

5.      The Fee Examiner reviewed the Fee Application for compliance with Sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of

Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**").  In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6.      Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*.  In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F)*.

7.      A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred.  A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules.  Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application.  A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

8.      The Fee Examiner completed the preliminary evaluation of the Fee Application, the
Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and
provided a Preliminary Report to McDermott for review and comment.    The firm submitted a written
response to the Fee Examiner.    After evaluation and consideration of the additional information
provided by McDermott, the Fee Examiner submits this Final Report for the Court's consideration.
This Final Report is in a format designed to quantify and present factual data relevant to whether the
requested fees and expenses of the applicant meet the applicable standards of section 330 of the
Bankruptcy Code and Local Rule 2016-2, and will also inform the Court of all proposed consensual
resolutions of the fee and/or expense reimbursement request for the professional and the basis for such
proposed consensual resolution.

## DISCUSSION OF FINDINGS

### Technical Requirements

9.      **Reconciliation of Fees and Expenses.**    The Fee Examiner compared the total amount
of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**")
to the fees and expenses actually documented in the electronic and/or hard copy data received from the
firm ("**Fees Computed**" and "**Expenses Computed**").    The Fee Examiner determined that the Fees
Requested exceed the Fees Computed by $170.00, resulting in an apparent overcharge.    The
discrepancy is the result of task hours within several entries that do not equal the time billed for the
entries as a whole, as displayed in **Exhibit A**.[2]    McDermott acknowledged an inadvertent overcharge
occurred and, as a result, agreed to reduce its fees by $170.00.    Exhibit A is omitted from this
response.

---

[2] This Final Report includes exhibits that detail and support the findings discussed herein.    Each time entry
associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit.
The tasks included in a specific category are underlined in the fee exhibits.    For purpose of context, other tasks
within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the
exhibit category.

The Fee Examiner further determined that there is no discrepancy between the Expenses Requested and the Expenses Computed. The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

10.   **Block Billing.** The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*. The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines ¶(b)(4)(v)*.[3] With minimal exceptions, McDermott timekeepers did not block bill fee entries.

11.   **Time Increments.** The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*. The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*. The Fee Examiner confirmed that the firm recorded time entries in tenths of an hour.

### Review of Fees

12.   **Firm Staffing.** The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*. The Fee Application provided the names, positions, and hourly rates of the 56 McDermott professionals and paraprofessionals who billed to this matter, consisting of 27 partners, 4 counsel, 11 associates, 1 senior staff attorney, 1 staff

---

[3] The judicial response to block billing varies. Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007). Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

attorney, 1 litigation support professional, 1 corporate professional, 1 corporate advisory professional, 1 technology professional, 2 paralegals, 5 contract attorneys, and 1 legal secretary. A summary of hours and fees billed by each timekeeper is displayed in **Exhibit B**.

The firm billed a total of 3,435.25 hours with associated fees of $1,153,385.00.[4] The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 1,004.65 | 29% | $ 739,324.50 | 64% |
| Counsel | 11.40 | * | 7,465.00 | * |
| Associate | 654.10 | 19% | 199,598.50 | 17% |
| Senior Staff Attorney | 256.00 | 7% | 44,800.00 | 4% |
| Staff Attorney | 181.50 | 5% | 30,855.00 | 3% |
| Litigation Support Professional | 3.50 | * | 1,172.50 | * |
| Corporate Professional | 1.00 | * | 325.00 | * |
| Corporate Advisory Professional | 0.60 | * | 138.00 | * |
| Technology Professional | 68.20 | 2% | 16,368.00 | 1% |
| Paralegal | 3.40 | * | 732.00 | * |
| Contract Attorney | 1,250.60 | 36% | 112,554.00 | 10% |
| Legal Secretary | 0.30 | * | 52.50 | * |
| **TOTAL** | 3,435.25 | 100% | $1,153,385.00 | 100% |

* Less than 1%

The blended hourly rate for the McDermott professionals is $484.92 and the blended hourly rate for professionals and paraprofessionals is $335.75.

13.    **Hourly Rate Increases.**  McDermott did not increase the hourly rate of any timekeeper during this interim period.

14.    **Timekeepers' Roles.**  A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4).*  With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts. Generally, each timekeeper appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals. However, the Fee Examiner requested additional information regarding the necessity and scope of the roles performed by several

---

[4] This amount reflects the Fees Computed.

McDermott timekeepers.  **Exhibit C** to the Preliminary Report listed the fee entries invoiced by the timekeepers about whom additional information is requested.  In response, the firm provided additional detail regarding roles and activities conducted by the questioned timekeepers, which brought the entries within the rules and guidelines. Exhibit C is omitted from this report.

15.    **Meetings, Conferences, Hearings, and Other Events.**  The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" (*Local Rule 2016-2(d)(ix)*), and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*.  While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified occasions where two or more McDermott timekeepers attended the same meeting, conference, hearing, or other event.  Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees.  The entries, totaling 63.05 hours with $45,540.00 in associated fees, were displayed in **Exhibit D** to the Preliminary Report.  In each instance where multiple timekeepers attended a meeting, conference, hearing or other event, the Fee Examiner identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the attorney leading rather than observing a conference).  The potentially duplicative and unnecessary timekeepers' entries total 36.50 hours with $22,755.00 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner requested that the firm provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event.

In response to the Preliminary Report, McDermott provided the Fee Examiner with a lengthy and detailed explanation of the specific subject matter and purpose of the meetings in question, as well as the role of the various participants. The extensive detail satisfies the requirements of the Local Rules and UST Guidelines, and after analysis of same the Fee Examiner makes no recommendation for a related fee reduction. Exhibit D is omitted from this report.

16.     **Intraoffice Conferences.** Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified billing activities by McDermott timekeepers describing intraoffice conferences totaling 161.20 hours with $77,085.50 in associated fees, or approximately 7% of the Fees Computed, were displayed in **Exhibit E** to the Preliminary Report. The Fee Examiner observed that in certain instances, two or more timekeepers invoiced fees associated with the same intraoffice conference. The entries describing intraoffice conferences invoiced by two or more firm personnel total 89.80 hours with $37,747.00 in associated fees and are highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner requested the firm minimize the costs resulting from intrafirm communication, especially when the matter is staffed with many partners, but makes no recommendation for a fee reduction. Exhibit E is omitted from this Report.

17.     **Complete and Detailed Task Descriptions.** Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*. The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to

identify the parties to and the nature of the communication.   Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v).*

The Fee Examiner identified what appeared to be document reviewers that without exception accounted for their time with identical billing descriptions.  For example, contract attorney Melissa Dorko invoiced 267.20 hours and $24,048.00 in associated fees with the following billing description: "Reviewed documents in response to information document request issued by Internal Revenue Service to Tribune Company."  The entries at issue were displayed in **Exhibit F** to the Preliminary Report, and total 1,597.00 hours and $176,021.50 in associated fees.  Based upon a complete review of the fee applications, the Fee Examiner presumed the time entries related to a document review project. The Fee Examiner requested McDermott: (1) briefly describe how the project was staffed; (2) provide documentation and/or a detailed explanation of what the document review attorneys were actually paid per/hour, as compared to the $90.00 per/hour that McDermott is seeking reimbursement from the Estates; and (3) documentation and/or a detailed description of the actual profit earned on the contract attorneys (if outsourced), excluding any additional and unreimbursed overhead costs incurred as a direct result of the document review.

In response, McDermott outlined, what appeared to be, a properly staffed in-house document review project referred to as the Newsday document review.  The firm stated it was staffed to achieve optimal efficiency and to reduce the risks and costs typically associated with large-scale electronic discovery projects.  Based upon McDermott's informative response, the Fee Examiner makes no recommendation for a related fee reduction.  Exhibit F is omitted from this report.

18.   **Administrative Activities.**  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm.  The Fee Examiner identified fee entries describing the administrative function of reviewing and revising pre-bills and invoices.  Although firms may seek reimbursement for fees resulting from the preparation of fee applications, revising bills to comply with applicable guidelines remains an

administrative function.  The entries were displayed in **Exhibit G** to the Preliminary Report and totaled 15.00 hours with $5,173.00.  McDermott first addressed entries that related to preparing and reviewing time entries.  It urged that a good portion of the time was related to the preparation of the fee application, but agreed the work was partly administrative.  McDermott and the Fee Examiner have reached a compromise, in that the firm agreed to reduce its fees in the amount of $2,356.25.  As such, the Fee Examiner makes no recommendation for an additional fee reduction.  Exhibit G is omitted from this report.

19. **Clerical Activities.**  Clerical activities are tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel[5] or tasks with a market value less than the rate charged by the firm.  The Fee Examiner did not identify any clerical activities.

20. **Travel.**  The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates."  *Local Rule 2016-2(d)(viii)*.  McDermott timekeepers did not bill any time for travel.

21. **McDermott Retention/Compensation.**  McDermott billed 104.40 hours with associated fees of $37,578.00 to prepare the firm's retention documents and applications for compensation, approximately 3% of the Fees Computed.  The fee entries describing McDermott's retention/compensation activities are displayed in **Exhibit H**, which is included in the Final Report for the Court's reference.

---

[5] "Duties appropriate for office staff are considered part of a professional's overhead expenses and may not be billed to the estate." *Fibermark*, 349 B.R. at 397; *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758 769 (Bankr. E.D.N.Y. 2005) (overhead not compensable); *but see Bennett Funding*, 213 B.R. at 247-48 (discussing differing approaches to clerical work at professional rates).  These overhead activities may include: mailing; photocopying, word processing (including the creation of templates), formatting, creating spreadsheets, printing, organizing files, checking for docket updates, creating binders, and secretarial overtime. *Fibermark*, 349 B.R. at 396-97.

**Review of Expenses**

22.    **Itemization of Expenses.**  The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the charge, if available." *Local Rule 2016-2(e)(i-ii)*.  The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.  Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*.  McDermott provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

23.    **Photocopies.**  The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii)*.  The Fee Application stated that the firm "charged the Debtors the maximum permitted amount of $.10 per page;" however, several copies were billed at $0.20 per page. The overcharge for duplication charges was $47.70 and was reflected in **Exhibit I** to the Preliminary Report.  The firm admitted the $.20 copy charges were inadvertently overcharged and, thus, it agreed to reduce its next monthly fee statement's expense reimbursement request by $47.70 because it had already been reimbursed for these charges.  Exhibit I is omitted from this report.

24.    **Request for Additional Information.**  The Fee Examiner requested that McDermott provide documentation and/or a detailed explanation for each of the expenses that were displayed in **Exhibit J** to the Preliminary Report. In response, the firm provided detailed information regarding each questioned expense.  Based upon the additional information, the Fee Examiner will not make a recommendation for a related expense reduction.  Exhibit J is omitted from this report.

25.    **Overtime Expenses.**  McDermott requested reimbursement of overtime transportation totaling $124.00, an overtime meal in the amount of $9.44, and administrative support overtime in the amount of $52.00.   Although a firm may have a policy that personnel may be reimbursed for travel home when working late and meals for employees while working late, such charges are generally considered part of the firm's overhead.   Overtime charges for employees working late are also considered part of a firm's overhead.   The charges, totaling $185.44, were displayed in **Exhibit K** to the Preliminary Report.   The firm agreed that it would not seek reimbursement for these expenses and, further, that it would reduce its next monthly fee statement's expense reimbursement request by $185.44 because it had already been reimbursed for the charges.   Exhibit K is omitted from this report.

## CONCLUSION

The Fee Examiner submits this final report regarding the Application and the fees and expenses discussed above.   The Fee Examiner recommends the approval of fees in the amount of $1,151,028.75 ($1,153,555.00 minus $2,526.25) and reimbursement of expenses in the amount of $13,388.29 (13,621.43 minus $233.14) for the period from September 1, 2010 through November 30, 2010.   The findings are set forth in the summary on the following page.

## MCDERMOTT WILL & EMERY LLP

## SUMMARY OF FINDINGS

### Eighth Quarterly Fee Application (September 1, 2010 through November 30, 2010)

#### A.    Amounts Requested and Computed

| | | |
|---|---:|---:|
| Fees Requested | $1,153,555.00 | |
| Expenses Requested | 13,621.43 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $1,167,176.43 |
| | | |
| Fees Computed | $1,153,385.00 | |
| Expenses Computed | 13,621.43 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $1,167,006.43 |
| | | |
| Discrepancy in Fees | $    170.00 | |
| | | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $    170.00 |

#### B.    Recommended Fee Allowance and Expense Reimbursement

| | | |
|---|---:|---:|
| Fees Requested | $1,153,555.00 | |
| *Agreed Reduction for Discrepancy in Fees* | *($  170.00)* | |
| *Agreed Reduction for Administrative Activities* | *(2,356.25)* | |
| Subtotal | *($2,526.25)* | |
| | | |
| RECOMMENDED FEE ALLOWANCE | | $1,151,028.75 |
| | | |
| Expenses Requested | $13,621.43 | |
| *Agreed Reduction for Photocopies* | *($  47.70)* | |
| *Agreed Reduction for Overtime Expenses* | *(185.44)* | |
| Subtotal | *($233.14)* | |
| | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 13,388.29 |
| | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $1,164,417.04 |

Respectfully submitted,

**STUART MAUE**

By: _____
    John F. Theil, Esq.
    3840 McKelvey Road
    St. Louis, Missouri  63044
    Telephone:  (314) 291-3030
    Facsimile:  (314) 291-6546
    tribunebkr@smmj.com
    *Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 12th day of March, 2012.

David Klauder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE  19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE  19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
William E. Chipman Jr., Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE  19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE  19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY  10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY  10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE  19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY  10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Blake D. Rubin, Esq.
McDermott Will & Emery LLP
600 13th Street N.W.
Washington, DC  20005-3096

John F. Theil, Esq.

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**McDermott, Will & Emery**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| 0342 | Rubin, Blake D. | PARTNER | $915.00 | $915.00 | 278.80 | $255,102.00 |
| 0343 | Whiteway, Andrea M. | PARTNER | $750.00 | $750.00 | 257.40 | $193,050.00 |
| 0344 | Finkelstein, Jon G. | PARTNER | $580.00 | $580.00 | 88.50 | $51,330.00 |
| 1086 | Wilder, Michael J. | PARTNER | $690.00 | $690.00 | 71.20 | $49,128.00 |
| 8981 | Turney, Andrew T. | PARTNER | $480.00 | $480.00 | 98.25 | $47,160.00 |
| 9626 | Pawlow, Jean A. | PARTNER | $780.00 | $780.00 | 48.30 | $37,674.00 |
| 2810 | Merten, William W. | PARTNER | $715.00 | $715.00 | 34.00 | $24,310.00 |
| 803 | Compernolle, Paul J. | PARTNER | $715.00 | $715.00 | 31.70 | $22,665.50 |
| 6395 | Harris, Ryan D. | PARTNER | $515.00 | $515.00 | 25.10 | $12,926.50 |
| 2812 | Peters Schaefer, Susan | PARTNER | $715.00 | $715.00 | 11.90 | $8,508.50 |
| 1551 | Gruemmer, Brooks B. | PARTNER | $690.00 | $690.00 | 10.90 | $7,521.00 |
| 8422 | Hazan, Nava | PARTNER | $570.00 | $570.00 | 12.80 | $7,296.00 |
| 7943 | Wales, Samuel | PARTNER | $540.00 | $540.00 | 8.10 | $4,374.00 |
| 7142 | Gordon, Amy M. | PARTNER | $610.00 | $610.00 | 6.90 | $4,209.00 |
| 0915 | Raicht, Geoffrey T. | PARTNER | $715.00 | $715.00 | 5.60 | $4,004.00 |
| 301 | Erf, Stephen D. | PARTNER | $700.00 | $700.00 | 4.50 | $3,150.00 |
| 5198 | Sussman, Heather E. | PARTNER | $530.00 | $530.00 | 3.20 | $1,696.00 |
| 6741 | Ryan, John G. | PARTNER | $780.00 | $780.00 | 1.30 | $1,014.00 |
| 1640 | Adams, Joseph S. | PARTNER | $700.00 | $700.00 | 1.00 | $700.00 |
| 298 | Schreck Jr., Robert A. | PARTNER | $740.00 | $740.00 | 0.80 | $592.00 |
| 1034 | Eig, Jason R. | PARTNER | $570.00 | $570.00 | 1.00 | $570.00 |
| 4494 | Vance, Geoffrey | PARTNER | $645.00 | $645.00 | 0.80 | $516.00 |
| 345 | Brown, Thomas K. | PARTNER | $690.00 | $690.00 | 0.70 | $483.00 |
| 323 | Schuman, William | PARTNER | $740.00 | $740.00 | 0.60 | $444.00 |
| 4378 | Greenhouse, Robin L. | PARTNER | $730.00 | $730.00 | 0.50 | $365.00 |
| 3051 | Bilut, Mark A. | PARTNER | $595.00 | $595.00 | 0.50 | $297.50 |
| 751 | Zucker, Daniel N. | PARTNER | $795.00 | $795.00 | 0.30 | $238.50 |

No. of Billers for Position: 27    Blended Rate for Position: $735.90    1,004.65    $739,324.50

% of Total:  29.25%    % of Total:  64.10%

| 2816 | Granados III, Luis L. | COUNSEL | $630.00 | $630.00 | 7.80 | $4,914.00 |

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

## COMPUTED AT STANDARD RATES

### McDermott, Will & Emery

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| 0532 | Crawford, Roy E. | COUNSEL | $735.00 | $735.00 | 1.80 | $1,323.00 |
| 2572 | Feldgarden, Robert | COUNSEL | $835.00 | $835.00 | 0.80 | $668.00 |
| 1504 | O'Brien, Maureen | COUNSEL | $560.00 | $560.00 | 1.00 | $560.00 |
| | | | | | | |
| | No. of Billers for Position: 4 | Blended Rate for Position: | $654.82 | | 11.40 | $7,465.00 |
| | | | | | % of Total: 0.33% | % of Total: 0.65% |
| 9085 | McCurry, Patrick J. | ASSOCIATE | $305.00 | $305.00 | 143.60 | $43,798.00 |
| 0109 | Chan, Gale E. | ASSOCIATE | $320.00 | $320.00 | 135.70 | $43,424.00 |
| 1242 | Blair-Stanek, Andrew | ASSOCIATE | $280.00 | $280.00 | 115.90 | $32,452.00 |
| 0024 | Zajac, Jared D. | ASSOCIATE | $325.00 | $325.00 | 92.20 | $29,965.00 |
| 0664 | Parker, Cole | ASSOCIATE | $280.00 | $280.00 | 82.40 | $23,072.00 |
| 8466 | Fuchs, Daniel S. | ASSOCIATE | $315.00 | $315.00 | 45.70 | $14,395.50 |
| 1796 | Hammans, Elijah | ASSOCIATE | $300.00 | $300.00 | 17.00 | $5,100.00 |
| 6832 | Holdvogt, Jeffrey M. | ASSOCIATE | $420.00 | $420.00 | 7.70 | $3,234.00 |
| 9945 | Tiemann, Brian J. | ASSOCIATE | $280.00 | $280.00 | 9.00 | $2,520.00 |
| 8450 | Shuman, Timothy S. | ASSOCIATE | $320.00 | $320.00 | 4.20 | $1,344.00 |
| 7468 | Nathanson, Natalie M. | ASSOCIATE | $420.00 | $420.00 | 0.70 | $294.00 |
| | | | | | | |
| | No. of Billers for Position: 11 | Blended Rate for Position: | $305.15 | | 654.10 | $199,598.50 |
| | | | | | % of Total: 19.04% | % of Total: 17.31% |
| 0831 | Newgard, Brant A. | SR STAFF ATTY | $175.00 | $175.00 | 256.00 | $44,800.00 |
| | | | | | | |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $175.00 | | 256.00 | $44,800.00 |
| | | | | | % of Total: 7.45% | % of Total: 3.88% |
| 1621 | Kumar, Maya | STAFF ATTORNEY | $170.00 | $170.00 | 181.50 | $30,855.00 |
| | | | | | | |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $170.00 | | 181.50 | $30,855.00 |
| | | | | | % of Total: 5.28% | % of Total: 2.68% |
| 9549 | Patterson, Shirela | LITIG SUPP PROF | $335.00 | $335.00 | 3.50 | $1,172.50 |

### SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL
### COMPUTED AT STANDARD RATES
**McDermott, Will & Emery**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| | No. of Billers for Position: 1 | Blended Rate for Position: | $335.00 | | 3.50 | $1,172.50 |
| | | | | | % of Total: 0.10% | % of Total: 0.10% |
| 2334 | Schafman, Beverly | CORP PROFES | $325.00 | $325.00 | 1.00 | $325.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $325.00 | | 1.00 | $325.00 |
| | | | | | % of Total: 0.03% | % of Total: 0.03% |
| 8674 | Krofel, Michelle L. | CORP ADVISORY | $230.00 | $230.00 | 0.60 | $138.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $230.00 | | 0.60 | $138.00 |
| | | | | | % of Total: 0.02% | % of Total: 0.01% |
| 1697 | Kernisan, Serge | TECHNOLOGY PROF | $240.00 | $240.00 | 68.20 | $16,368.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $240.00 | | 68.20 | $16,368.00 |
| | | | | | % of Total: 1.99% | % of Total: 1.42% |
| 5799 | Smith, Tracy | PARALEGAL | $210.00 | $210.00 | 3.00 | $630.00 |
| 0096 | Rotenberg, Jule | PARALEGAL | $255.00 | $255.00 | 0.40 | $102.00 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $215.29 | | 3.40 | $732.00 |
| | | | | | % of Total: 0.10% | % of Total: 0.06% |
| 1915 | Dorko, Melissa | CONTRACT ATTY | $90.00 | $90.00 | 268.20 | $24,138.00 |
| 1913 | Calaguas, Mark | CONTRACT ATTY | $90.00 | $90.00 | 266.20 | $23,958.00 |
| 1914 | LeBeau, Nicole | CONTRACT ATTY | $90.00 | $90.00 | 263.70 | $23,733.00 |
| 1931 | Johnson, Dawn | CONTRACT ATTY | $90.00 | $90.00 | 229.30 | $20,637.00 |
| 1930 | Veerapaneni, Radhika | CONTRACT ATTY | $90.00 | $90.00 | 223.20 | $20,088.00 |
| | No. of Billers for Position: 5 | Blended Rate for Position: | $90.00 | | 1,250.60 | $112,554.00 |
| | | | | | % of Total: 36.40% | % of Total: 9.76% |

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**McDermott, Will & Emery**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|----------|------|----------|--------------|--------------|----------------|---------------|
| 1779 | Berman, Judith | LEGAL SECRETARY | $175.00 | $175.00 | 0.30 | $52.50 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $175.00 | | 0.30 | $52.50 |
| | | | | | % of Total: 0.01% | % of Total: 0.00% |
| | Total No. of Billers: 56 | Blended Rate for Report: | $335.75 | | 3,435.25 | $1,153,385.00 |

EXHIBIT H

MCDERMOTT RETENTION/COMPENSATION

McDermott, Will & Emery

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Hazan, N | 12.00 | 6,840.00 |
| Rubin, B | 1.20 | 1,098.00 |
| Zajac, J | 91.20 | 29,640.00 |
| | 104.40 | $37,578.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Chapter 11 Restructuring | 104.40 | 37,578.00 |
| | 104.40 | $37,578.00 |

EXHIBIT H
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 09/03/10 Fri | Zajac, J 2180988/539 | 2.70 | 2.70 | 877.50 | 2.10 0.60 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring<br>DRAFT AND REVISE JULY FEE STATEMENT (2.1);<br>REVIEW INVOICES RE COMPLIANCE BANKRUPTCY RULES RE JULY FEE STATEMENT (.6). |
| 09/06/10 Mon | Hazan, N 2180988/541 | 0.50 | 0.50 | 285.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW AND REVISE JULY FEE APPLICATION. |
| 09/07/10 Tue | Zajac, J 2180988/542 | 0.40 | 0.40 | 130.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>REVISIONS TO FEE STATEMENT. |
| 09/08/10 Wed | Zajac, J 2180988/544 | 1.20 | 1.20 | 390.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW AUGUST INVOICES RE COMPLIANCE WITH BANKRUPTCY RULES FOR UPCOMING FEE STATEMENTS. |
| 09/10/10 Fri | Zajac, J 2180988/551 | 0.70 | 0.70 | 227.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>DRAFT AUGUST FEE STATEMENT. |
| 09/15/10 Wed | Hazan, N 2180988/557 | 1.10 | 1.10 | 627.00 | 0.70 0.30 0.10 | F F F | 1 2 3 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW FEE EXAMINER PRELIMINARY REPORT AND EXHIBITS THERETO (0.70),<br>DISCUSS RESPONSE TO REPORT WITH J. ZAJAC (0.30),<br>EMAIL RE RESPONSE TO B. RUBIN (0.10). |
| 09/15/10 Wed | Zajac, J 2180988/558 | 0.60 | 0.60 | 195.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW FEE EXAMINER'S PRELIMINARY REPORT. |
| 09/16/10 Thu | Hazan, N 2180988/564 | 0.10 | 0.10 | 57.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW CORRECTIONS TO JULY FEE STATEMENT. |
| 09/20/10 Mon | Zajac, J 2180988/578 | 3.10 | 3.10 | 1,007.50 | 2.40 0.70 | F F | 1 2 | MATTER NAME: Chapter 11 Restructuring<br>BEGIN DRAFTING RESPONSE TO FEE EXAMINERS REPORT (2.4);<br>REVISIONS TO JULY FEE APPLICATION (.7). |
| 09/21/10 Tue | Zajac, J 2180988/584 | 3.90 | 3.90 | 1,267.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>DRAFT AND REVISE RESPONSE TO PRELIMINARY REPORT OF FEE EXAMINER FOR FOURTH QUARTER. |
| 09/24/10 Fri | Hazan, N 2180988/603 | 0.50 | 0.50 | 285.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>START REVIEW AND REVISION TO REPLY TO EXAMINER REPORT. |
| 09/24/10 Fri | Zajac, J 2180988/602 | 1.10 | 1.10 | 357.50 | 0.70 0.10 0.30 | F F F | 1 2 3 | MATTER NAME: Chapter 11 Restructuring<br>REVISE RESPONSE TO FEE REPORT (.7);<br>REVIEW NOTICE RE OCTOBER HEARING (.1);<br>REVIEW THIRD QUARTERLY APPLICATION RE HEARING (.3). |

~ See the last page of exhibit for explanation

EXHIBIT H
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 09/27/10 Mon | Zajac, J 2180988/613 | 0.20 | 0.20 | 65.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW EMAILS FROM M. SIMONS RE REVISED RESPONSE TO PRELIMINARY REPORT. |
| 09/28/10 Tue | Zajac, J 2180988/617 | 1.10 | 1.10 | 357.50 | 0.40<br>0.30<br>0.40 | F<br>F<br>F | 1<br>2<br>3 | MATTER NAME: Chapter 11 Restructuring<br>REVISE RESPONSE TO PRELIMINARY REPORT (.4);<br>EMAIL K. STICKLES RE JULY FEE STATEMENT (.3);<br>REVIEW AUGUST INVOICES RE COMPLIANCE WITH RULES RE AUGUST FEE STATEMENT (.4). |
| 09/29/10 Wed | Hazan, N 2180988/621 | 1.50 | 1.50 | 855.00 | 0.50<br>1.00 | F<br>F | 1<br>2 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW AND REVISE MONTHLY FEE APPLICATION FOR AUGUST (0.50),<br>FINALIZE REVIEW AND CORRECTION TO REPLY TO EXAMINER REPORT (1.00) |
| 09/29/10 Wed | Zajac, J 2180988/622 | 3.40 | 3.40 | 1,105.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>DRAFT AUGUST FEE STATEMENT. |
| 10/01/10 Fri | Zajac, J 2193509/395 | 4.90 | 4.90 | 1,592.50 | 0.20<br>0.40<br>0.20<br>4.10 | F<br>F<br>F<br>F | 1<br>2<br>3<br>4 | MATTER NAME: Chapter 11 Restructuring<br>REVISE AUGUST FEE STATEMENT (.2);<br>REVISE RESPONSE TO PRELIMINARY REPORT (.4);<br>EMAILS TO B. RUBIN RE SAME (.2);<br>DRAFT 7TH QUARTERLY APPLICATION (4.1). |
| 10/04/10 Mon | Hazan, N 2193509/406 | 2.00 | 2.00 | 1,140.00 | 0.90<br>0.80<br>0.30 | F<br>F<br>F | 1<br>2<br>3 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW FEE EXAMINER REPORT FOR FIFTH QUARTERLY PERIOD AND EXHIBITS THERETO (0.90),<br>REVISE AND FINALIZE RESPONSE TO EXAMINER REPORT FOR FOURTH QUARTERLY PERIOD (0.80),<br>FURTHER REVISIONS TO SAME (0.30) |
| 10/04/10 Mon | Rubin, B 2193509/408 | 4.40 | 0.60 | 549.00 | 0.60<br>1.60<br>2.20 | F<br>F<br>F | 1<br>2<br>3 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW AND COMMENT ON RESPONSE TO FEE EXAMINER (.6);<br>REVIEW AND EDIT PRE-SUBMISSION CONFERENCE MEMO (1.6);<br>RESEARCH AND ANALYSIS REGARDING EMERGENCE ISSUES (2.2). |
| 10/04/10 Mon | Zajac, J 2193509/405 | 2.90 | 2.90 | 942.50 | 1.20<br>0.20<br>0.40<br>0.90<br>0.20 | F<br>F<br>F<br>F<br>F | 1<br>2<br>3<br>4<br>5 | MATTER NAME: Chapter 11 Restructuring<br>REVISIONS TO RESPONSE TO 4TH QUARTERLY PRELIMINARY REPORT (1.2);<br>EMAILS TO B. RUBIN RE SAME (.2);<br>REVIEW 5TH QUARTERLY PRELIMINARY REPORT (.4);<br>DRAFT AND REVISE 7TH QUARTERLY APPLICATION (.9);<br>EMAIL TO FEE EXAMINER RE JULY FEE STATEMENT (.2). |
| 10/05/10 Tue | Hazan, N 2193509/413 | 0.10 | 0.10 | 57.00 | 0.20 | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>DRAFT AND CORRECT EMAIL TO FEE EXAMINER RE RESPONSE |
| 10/06/10 Wed | Zajac, J 2193509/422 | 2.60 | 2.60 | 845.00 | 1.60<br>0.60<br>0.20<br>0.20 | F<br>F<br>F<br>F | 1<br>2<br>3<br>4 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW SEPTEMBER PREBILLS FOR COMPLIANCE WITH BANKRUPTCY RULES REGARDING UPCOMING FEE STATEMENT (1.6);<br>REVIEW RESPONSE TO PRELIMINARY REPORT (.6);<br>EMAIL TO FEE EXAMINER RE SAME (.2);<br>EMAIL TO B. RUBIN RE SEPTEMBER FEE STATEMENT (.2). |

~  See the last page of exhibit for explanation

EXHIBIT H
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|------|------|------|------|------|------|------|------|
| 10/11/10 Mon | Zajac, J 2193509/441 | 0.20 | 0.20 | 65.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW 10/22 HEARING PROPOSED ORDER RE ACCURACY OF NUMBERS. |
| 10/12/10 Tue | Zajac, J 2193509/447 | 3.30 | 3.30 | 1,072.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>BEGIN DRAFTING RESPONSE TO 5TH QUARTERLY PRELIMINARY REPORT OF FEE EXAMINER. |
| 10/15/10 Fri | Zajac, J 2193509/460 | 0.20 | 0.20 | 65.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>EMAILS WITH LOCAL COUNSEL REGARDING QUARTERLY FEE APPLICATION. |
| 10/18/10 Mon | Zajac, J 2193509/467 | 5.80 | 5.80 | 1,885.00 | 0.20<br>4.40<br>1.20 | F<br>F<br>F | 1<br>2<br>3 | MATTER NAME: Chapter 11 Restructuring<br>DRAFT EMAIL TO B. RUBIN RE AUGUST FEE STATEMENT (.2);<br>DRAFT RESPONSE TO FEE EXAMINER'S PRELIMINARY REPORT FOR THE FIFTH QUARTER (4.4);<br>DRAFT/REVISE FEE APPLICATION FOR JUNE - AUGUST (1.2). |
| 10/19/10 Tue | Hazan, N 2193509/474 | 1.50 | 1.50 | 855.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW AND CORRECT MWE RESPONSE TO FEE EXAMINER REPORT FOR FIFTH QUARTERLY FEE APPLICATION |
| 10/19/10 Tue | Zajac, J 2193509/473 | 6.80 | 6.80 | 2,210.00 | 0.30<br>0.10<br>0.30<br>2.30<br>1.70<br>0.20<br>1.90 | F<br>F<br>F<br>F<br>F<br>F<br>F | 1<br>2<br>3<br>4<br>5<br>6<br>7 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW NOTICES OF HEARING FOR 10/22 HEARING (.3);<br>EMAIL TO LOCAL COUNSEL RE SAME (.1);<br>REVIEW SEPTEMBER PREBILLS FOR COMPLIANCE WITH BANKRUPTCY RULES (.3);<br>DRAFT SEPTEMBER FEE APPLICATION (2.3);<br>DRAFT RESPONSE TO PRELIMINARY REPORT FOR THE FIFTH QUARTERLY APPLICATION (1.7);<br>REVISE AUGUST FEE STATEMENT (.2);<br>DRAFT AND REVISE SEVENTH QUARTERLY APPLICATION (1.9). |
| 10/20/10 Wed | Hazan, N 2193509/480 | 0.50 | 0.50 | 285.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW AND CORRECT MWE REVISED RESPONSE TO FEE EXAMINER REPORT FOR FIFTH QUARTERLY FEE APPLICATION |
| 10/20/10 Wed | Zajac, J 2193509/479 | 1.30 | 1.30 | 422.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>REVISE RESPONSE TO FEE EXAMINER'S PRELIMINARY REPORT. |
| 10/21/10 Thu | Zajac, J 2193509/486 | 2.90 | 2.90 | 942.50 | 0.50<br>0.30<br>0.30<br>1.80 | F<br>F<br>F<br>F | 1<br>2<br>3<br>4 | MATTER NAME: Chapter 11 Restructuring<br>REVISE RESPONSE TO PRELIMINARY REPORT (.5);<br>EMAIL TO B. RUBIN RE SAME (.3);<br>REVISE AUGUST FEE STATEMENT (.3);<br>REVIEW THIRD QUARTERLY FEE APPLICATION PACKET AND RESPONSES IN PREPARATION FOR FEE HEARING (1.8). |
| 10/22/10 Fri | Zajac, J 2193509/493 | 1.30 | 1.30 | 422.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>HEARING ON THIRD QUARTERLY FEE APPLICATION. |

~ See the last page of exhibit for explanation

EXHIBIT H
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 10/25/10 Mon | Hazan, N 2193509/503 | 0.80 | 0.80 | 456.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring REVIEW AND REVISE 7TH QUARTERLY FEE APPLICATION |
| 10/25/10 Mon | Zajac, J 2193509/502 | 3.10 | 3.10 | 1,007.50 | 0.80 | F | 1 | MATTER NAME: Chapter 11 Restructuring REVISIONS TO AUGUST FEE STATEMENT (.8); |
| | | | | | 0.60 | F | 2 | REVIEW PRIOR FINAL REPORTS RE COMPLIANCE WITH REDUCTIONS (.6); |
| | | | | | 0.10 | F | 3 | EMAIL TO B. RUBIN RE AUGUST FEE STATEMENT (.1); |
| | | | | | 0.20 | F | 4 | EMAILS TO T. MCGLOTTEN RE SAME (.2); |
| | | | | | 0.10 | F | 5 | REVIEW DOCKET RE FINAL REPORT (.1); |
| | | | | | 0.40 | F | 6 | EMAIL TO B. RUBIN RE AUGUST AND 7TH QUARTERLY STATEMENT (.4); |
| | | | | | 0.90 | F | 7 | REVISE 7TH QUARTERLY STATEMENT (.9). |
| 10/26/10 Tue | Hazan, N 2193509/510 | 0.30 | 0.30 | 171.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring REVISE UPDATED 7TH QUARTERLY FEE APPLICATION |
| 10/26/10 Tue | Zajac, J 2193509/509 | 0.60 | 0.60 | 195.00 | 0.40 | F | 1 | MATTER NAME: Chapter 11 Restructuring FINALIZE FEE STATEMENT (.4); |
| | | | | | 0.20 | F | 2 | EMAIL TO N. HAZAN RE PRELIMINARY REPORT (.2). |
| 10/27/10 Wed | Zajac, J 2193509/516 | 0.90 | 0.90 | 292.50 | 0.30 | F | 1 | MATTER NAME: Chapter 11 Restructuring EMAIL TO EXAMINER RE RESPONSE (.3); |
| | | | | | 0.30 | F | 2 | EMAIL TO LOCAL COUNSEL RE QUARTERLY APPLICATION (.3); |
| | | | | | 0.10 | F | 3 | EMAIL M. SIMONS RE SEPTEMBER STATEMENT (.1); |
| | | | | | 0.20 | F | 4 | EMAILS WITH T. MCGLOTTEN RE SAME(.2). |
| 10/28/10 Thu | Zajac, J 2193509/522 | 2.30 | 2.30 | 747.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring DRAFT AND REVISE SEPTEMBER FEE STATEMENT. |
| 11/01/10 Mon | Hazan, N 2200564/268 | 0.50 | 0.50 | 285.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring REVIEW AND REVISE SEPTEMBER FEE APPLICATION |
| 11/01/10 Mon | Zajac, J 2200564/267 | 0.60 | 0.60 | 195.00 | 0.10 | F | 1 | MATTER NAME: Chapter 11 Restructuring EMAIL TO M. SIMONS RE SEPTEMBER FEE STATEMENT (.1); |
| | | | | | 0.10 | F | 2 | REVIEW DOCKET RE FINAL REPORT (.1); |
| | | | | | 0.40 | F | 3 | REVISE SEPTEMBER FEE STATEMENT (.4). |
| 11/04/10 Thu | Zajac, J 2200564/284 | 0.10 | 0.10 | 32.50 | | F | 1 | MATTER NAME: Chapter 11 Restructuring REVIEW EMAIL FROM M. SIMONS RE OCTOBER FEE STATEMENT. |
| 11/05/10 Fri | Zajac, J 2200564/289 | 2.70 | 2.70 | 877.50 | 0.10 | F | 1 | MATTER NAME: Chapter 11 Restructuring REVIEW DOCKET RE FINAL REPORT (.1); |
| | | | | | 0.20 | F | 2 | EMAILS TO M. SIMONS RE OCTOBER FEE STATEMENT (.2); |
| | | | | | 2.40 | F | 3 | REVISE OCTOBER PREBILLS RE COMPLIANCE WITH BANKRUPTCY RULES FOR UPCOMING FEE STATEMENT (2.4). |

~ See the last page of exhibit for explanation

EXHIBIT H
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 11/09/10 Tue | Zajac, J 2200564/296 | 3.10 | 3.10 | 1,007.50 | 0.10<br>2.80<br>0.20 | F<br>F<br>F | 1<br>2<br>3 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW DOCKET RE FINAL REPORT (.1);<br>REVISE PREBILLS FOR COMPLIANCE WITH BANKRUPTCY RULES FOR UPCOMING FEE STATEMENT (2.8);<br>EMAIL TO FEE EXAMINER RE AUGUST FEE STATEMENT (.2). |
| 11/10/10 Wed | Hazan, N 2200564/301 | 0.50 | 0.50 | 285.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW TIME ENTRIES REGARDING SET UP OF SYSTEM FOR DOCUMENT REVIEW AND EMAIL AND CALLS WITH B. RUBIN RE SAME |
| 11/10/10 Wed | Zajac, J 2200564/300 | 1.70 | 1.70 | 552.50 | 0.70<br>0.30<br>0.30<br>0.40 | F<br>F<br>F<br>F | 1<br>2<br>3<br>4 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW PREBILLS TO ENSURE COMPLIANCE WITH BANKRUPTCY RULES (.7);<br>EMAILS TO B. RUBIN RE SEPT FEE STATEMENT (.3);<br>CALLS WITH P. MCCURRY RE OCTOBER FEE STATEMENT (.3);<br>EMAILS WITH P. MCCURRY RE SAME (.4). |
| 11/11/10 Thu | Zajac, J 2200564/308 | 3.10 | 3.10 | 1,007.50 | 0.40<br>2.10<br>0.10<br>0.20<br>0.30 | F<br>F<br>F<br>F<br>F | 1<br>2<br>3<br>4<br>5 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW PREBILLS RE COMPLIANCE WITH BANKRUPTCY RULES (.4);<br>DRAFT OCTOBER FEE STATEMENT (2.1);<br>EMAIL TO M. SIMONS RE SAME (.1);<br>EMAIL TO B. RUBIN RE RESPONSE TO PRELIMINARY REPORT (.2);<br>EMAIL TO B. RUBIN RE PREFERENCES (.3). |
| 11/12/10 Fri | Rubin, B 2200564/315 | 7.00 | 0.60 | 549.00 | 1.20<br>2.20<br>2.20<br>0.80<br>0.60 | F<br>F<br>F<br>F<br>F | 1<br>2<br>3<br>4<br>5 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW AND COMMENT ON POR COMPARISON (1.2);<br>RESEARCH AND ANALYSIS REGARDING RESPONSE TO NEIL OPINION (2.2);<br>CONFERENCE CALL WITH CO-COUNSEL REGARDING RESPONSE (2.2);<br>PREPARATION FOR AND CONFERENCE CALL WITH SIDLEY REGARDING POR TAX ISSUES (.8);<br>REVIEW AND COMMENT ON DRAFT RESPONSE TO FEE EXAMINER (.6). |
| 11/12/10 Fri | Zajac, J 2200564/314 | 4.10 | 4.10 | 1,332.50 | 0.20<br>0.70<br>1.10<br>0.30<br>1.80 | F<br>F<br>F<br>F<br>F | 1<br>2<br>3<br>4<br>5 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW DOCKET RE FINAL REPORT (.2);<br>DRAFT OCTOBER FEE STATEMENT (.7);<br>REVIEW DOCUMENTS REGARDING POTENTIAL PREFERENCE ISSUE (1.1);<br>REVIEW NOTICE RE DISCLOSURE HEARING (.3);<br>REVIEW POTENTIAL PLANS RE FILING REQUIREMENTS FOR PROFESSIONALS (1.8). |
| 11/15/10 Mon | Hazan, N 2200564/323 | 1.30 | 0.50 | 285.00 | 0.50<br>0.50<br>0.30 | F<br>F<br>F | 1<br>2<br>3 | MATTER NAME: Chapter 11 Restructuring<br>FINAL REVIEW OF MWE RESPONSE TO FIFTH QUARTERLY FEE APPLICATION (0.50);<br>DISCUSS WITH G. RAICHT AND J. ZAJAC PREFERENCE ISSUES AND RETRIEVAL OF G. RAVERT'S FILES (0.50);<br>DISCUSS TIME ENTRIES ISSUE WITH G. RAICHT AND EMAILS TO B. RUBIN RE SAME (0.30). |
| 11/15/10 Mon | Zajac, J 2200564/322 | 1.60 | 1.60 | 520.00 | 0.40<br>0.40<br>0.30<br>0.50 | F<br>F<br>F<br>F | 1<br>2<br>3<br>4 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW PREBILLS REGARDING COMPLIANCE WITH BANKRUPTCY RULES (.4);<br>REVISE REPORT TO EXAMINER'S REPORT (.4);<br>REVISE SEPT. FEE STATEMENT (.3);<br>RESEARCH REGARDING PREFERENCE ISSUES (.5). |

~ See the last page of exhibit for explanation

EXHIBIT H
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 11/16/10 Tue | Hazan, N 2200564/329 | 0.30 | 0.30 | 171.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>EMAIL EXCHANGE WITH B. RUBIN REGARDING VARIOUS TIME ENTRIES. |
| 11/16/10 Tue | Zajac, J 2200564/328 | 1.80 | 1.80 | 585.00 | 1.10<br>0.20<br>0.20<br>0.30 | F<br>F<br>F<br>F | 1<br>2<br>3<br>4 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW FILES RE POSSIBLE PREFERENCE (1.1):<br>CALL WITH N. HAZAN RE SAME (.2):<br>MEETING WITH N. HAZAN RE SAME (.2):<br>EMAILS WITH T. CROSIER RE SAME (.3). |
| 11/17/10 Wed | Zajac, J 2200564/336 | 1.30 | 0.40 | 130.00 | 0.20<br>0.10<br>0.10<br>0.40<br>0.50 | F<br>F<br>F<br>F<br>F | 1<br>2<br>3<br>4<br>5 | MATTER NAME: Chapter 11 Restructuring<br>EMAILS WITH M. SIMONS RE FEE STATEMENTS (.2):<br>EMAIL TO B. RUBIN RE SEPTEMBER FEE STATEMENT (.1):<br>EMAIL TO FEE EXAMINER RE RESPONSE (.1):<br>REVIEW EMAILS FROM G. RAICHT, B. RUBIN AND A. WHITEWAY RE PREFERENCE ISSUE (.4):<br>REVIEW FILES RE SAME (.5). |
| 11/18/10 Thu | Hazan, N 2200564/343 | 0.40 | 0.40 | 228.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>EMAIL EXCHANGE WITH B. RUBIN REGARDING TIMING OF PAYMENT. |
| 11/18/10 Thu | Zajac, J 2200564/341 | 3.40 | 3.40 | 1,105.00 | 1.90<br>0.40<br>0.20<br>0.30<br>0.30<br>0.30 | F<br>F<br>F<br>F<br>F<br>F | 1<br>2<br>3<br>4<br>5<br>6 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW FILES RE PREFERENCE ISSUE (1.9):<br>EMAILS TO B. RUBIN, A. WHITEWAY, AND G. RAICHT RE SAME (.4):<br>REVIEW EMAILS FROM B. RUBIN, A. WHITEWAY, AND G. RAICHT RE SAME (.2):<br>REVIEW QUARTERLY APPS (.3):<br>EMAIL TO LOCAL COUNSEL REGARDING FEE STATEMENT ANDCNOS (.3):<br>REVIEW SAME (.3). |
| 11/19/10 Fri | Zajac, J 2200564/349 | 3.80 | 3.70 | 1,202.50 | 0.10<br>0.40<br>0.20<br>3.10 | F<br>F<br>F<br>F | 1<br>2<br>3<br>4 | MATTER NAME: Chapter 11 Restructuring<br>EMAIL FROM G. RAICHT RE PREFERENCES (.1):<br>REVIEW PREBILLS TO ENSURE COMPLIANCE WITH BANKRUPTCY RULES (.4):<br>EMAIL TO M. SIMONS RE OCTOBER FEE STATEMENT (.2):<br>DRAFT OCTOBER FEE STATEMENT (3.1). |
| 11/21/10 Sun | Zajac, J 2200564/354 | 3.20 | 3.20 | 1,040.00 | 1.10<br>2.10 | F<br>F | 1<br>2 | MATTER NAME: Chapter 11 Restructuring<br>DRAFT OCTOBER FEE STATEMENT (1.1):<br>REVIEW PREBILLS TO ENSURE COMPLIANCE WITH BANKRUPTCY RULES FOR FEE STATEMENT (2.1). |
| 11/22/10 Mon | Hazan, N 2200564/356 | 0.60 | 0.60 | 342.00 | | F | 1 | MATTER NAME: Chapter 11 Restructuring<br>REVIEW AND REVISE OCTOBER FEE STATEMENT. |
| 11/22/10 Mon | Zajac, J 2200564/355 | 2.10 | 2.10 | 682.50 | 0.20<br>1.30<br>0.40<br>0.20 | F<br>F<br>F<br>F | 1<br>2<br>3<br>4 | MATTER NAME: Chapter 11 Restructuring<br>EMAILS WITH M. SIMONS RE OCTOBER FEE STATEMENT (.2):<br>REVISIONS TO OCTOBER FEE STATEMENT (1.3):<br>EMAILS WITH G. VANCE RE EDISCOVERY DESCRIPTION FOR FEE STATEMENT (.4):<br>EMAILS WITH B. RUBIN RE OCTOBER FEE STATEMENT (.2). |

~ See the last page of exhibit for explanation

EXHIBIT H
MCDERMOTT RETENTION/COMPENSATION
McDermott, Will & Emery

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|------|------|------|------|------|------|------|------|
| 11/23/10 Tue | Hazan, N 2200564/363 | 0.30 | 0.30 | 171.00 | | F | 1 | *MATTER NAME: Chapter 11 Restructuring* <br> FURTHER REVISIONS TO OCTOBER FEE STATEMENT. |
| 11/23/10 Tue | Zajac, J 2200564/362 | 1.40 | 1.40 | 455.00 | 0.20 <br> 0.90 <br> 0.10 <br> 0.20 | F <br> F <br> F <br> F | 1 <br> 2 <br> 3 <br> 4 | *MATTER NAME: Chapter 11 Restructuring* <br> EMAIL M. SIMONS RE EXPENSES FOR FEE STATEMENT (.2); <br> REVISE OCTOBER FEE STATEMENT (.9); <br> EMAIL FROM A. WHITEWAY RE PREFERENCE ISSUE (.1); <br> EMAIL B. RUBIN RE OCTOBER FEE STATEMENT (.2). |
| 11/29/10 Mon | Zajac, J 2200564/379 | 0.70 | 0.70 | 227.50 | 0.30 <br> 0.40 | F <br> F | 1 <br> 2 | *MATTER NAME: Chapter 11 Restructuring* <br> EMAILS WITH B. RUBIN REGARDING OCTOBER FEE STATEMENT (.3); <br> REVISE FEE STATEMENT (.4). |
| Total <br> Number of Entries: 62 | | | 104.40 | $37,578.00 | | | | |

~ See the last page of exhibit for explanation

EXHIBIT H

MCDERMOTT RETENTION/COMPENSATION

McDermott, Will & Emery

## SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Hazan, N | 12.00 | 6,840.00 |
| Rubin, B | 1.20 | 1,098.00 |
| Zajac, J | 91.20 | 29,640.00 |
| | 104.40 | $37,578.00 |

## SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Chapter 11 Restructuring | 104.40 | 37,578.00 |
| | 104.40 | $37,578.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL