K ASOWITZ, B ENSON, T ORRES & F RIEDMAN LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019-6799

(212) 506-1700

FACSIMILE: (212) 506-1800

(212) 506-1726

ATLANTA
HOUSTON
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY

March 13, 2012

Honorable Kevin J. Carey
United States Bankruptcy Court
District of Delaware
824 North Market Street
Wilmington, Delaware 19801

  Re: *In re Tribune Company, et al.*, Case No. 08-13141 (KJC)

Dear Judge Carey:

  We submit this letter on behalf of Law Debenture Trust Company of New York and Deutsche Bank Trust Company Americas (collectively, the "Senior Trustees") in response to the Debtors' letter dated March 9, 2012 regarding Allocation Dispute No. 6. That Allocation Dispute addresses whether the DCL Plan may provide Other Parent Claim holders with the economic equivalent of contractual subordination (to the detriment of the Senior Noteholders) even if this Court finds that such Other Parent Claim holders do not have a contractual right to subordination benefits.

  The Debtors' March 9 letter is procedurally improper and the Court should disregard it. The Court stated at the Allocation Disputes Hearing that it would allow parties to submit two-page letters to the Court as a "substitute for rebuttal" to the arguments opposing parties presented at the hearing. 3/6/12 Hrg. Tr. 171:25-172:1. The Debtors' March 9 letter is not a rebuttal to the Senior Trustee's arguments, but, at most, is a late response to the Senior Trustee's arguments in their Opening Briefs. The Debtors should have addressed the Senior Trustees' opening arguments in the Debtors' Reply Brief -- which would have given the Senior Trustees the opportunity to respond to these arguments at the hearing. Instead, the Debtors' March 9 letter raises a *completely new argument* post-hearing and post-briefing that neither the Debtors nor any other party to the Allocation Disputes made. By failing to assert this argument in any of their briefs or during oral argument, and raising it for the first time as "rebuttal," the Debtors have attempted to ensure that the other parties to the Allocation Disputes are left without the opportunity to respond. Surely, the Court intended no such thing by substituting 2-page letters for *rebuttal*.

  The Senior Trustees request that the Court strike and disregard the Debtors' March 9 letter. Alternatively, the Senior Trustees request permission to file the attached responsive letter that substantively responds to the Debtors entirely new, yet specious argument.

Counsel is available at the Court's convenience.

Respectfully submitted,

*/s/ David S. Rosner*
David S. Rosner

cc: counsel of record (*via* ECF)