KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019-6799

(212) 506-1700

FACSIMILE: (212) 506-1800

(212) 506-1726

ATLANTA
HOUSTON
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY

March 13, 2012

Honorable Kevin J. Carey
United States Bankruptcy Court
District of Delaware
824 North Market Street
Wilmington, Delaware 19801

   Re: *In re Tribune Company, et al.*, Case No. 08-13141 (KJC); Response of Law Debenture Trust Company of New York and Deutsche Bank Trust Company Americas To Debtors' March 9, 2012 Letter

Dear Judge Carey:

  We submit this letter on behalf of Law Debenture Trust Company of New York and Deutsche Bank Trust Company Americas (collectively, the "Senior Trustees") in response to the Debtors' letter dated March 9, 2012 regarding Allocation Dispute No. 6. That Allocation Dispute addresses whether the DCL Plan may provide Other Parent Claim holders with the economic equivalent of contractual subordination (to the detriment of the Senior Noteholders) even if this Court finds that such Other Parent Claim holders do not have a contractual right to subordination benefits.

## ARGUMENT

### The Court Should Reject The DCL Plan Proponents' Assertion That Subordination Rights Entitle The DCL Plan Proponents To Direct The Distribution Of Settlement Proceeds Without Regard To Applicable Nonbankruptcy Law

  The Debtors argue in their March 9 Letter that "in considering whether the Plan's distribution of settlement consideration unfairly discriminates against the Senior Noteholders," the Court should consider that the "Senior Noteholders do *not* have a legal, nonbankruptcy entitlement to 100% of the subordinated creditors' portion of the settlement proceeds even if the Court concludes that none of the Other Parent claims are entitled to seniority." March 9 Letter pp. 1-2 (emphasis in original). The Debtors premise their argument on their faulty assertions that (i) the LBO Lenders share in the benefit of subordination as to Settlement proceeds, (ii) the LBO Lenders agreed to forego that purported right "in order to enhance the settlement under the plan," and (iii) "that voluntary concession does not mean that the Senior Noteholders have a legal entitlement to the proceeds relinquished by the LBO Lenders." March 9, 2012 Letter pp. 1-2.

These assertions are wrong. First, the Debtors rely on a selective citation to the Examiner's finding that, as to debt that is *not* avoided, "the LBO Lenders will be entitled to . . . enforce their rights under the PHONES Subordination," March 9 Letter p. 1 (*citing* Examiner's Report, Vol. II p. 303). The Examiner also concluded, however, that "***a court is reasonably likely to hold that that the PHONES Subordination would not extend to LBO Lender Debt that is avoided at the Tribune level***." Examiner's Report, Vol. II p. 303. The LBO Lenders are reallocating the Settlement proceeds to settle claims for the avoidance of their debt. The Court should easily reject the assertion that the LBO Lenders' subordination rights entitle them to share in the very Settlement proceeds that they are reallocating to junior creditors in exchange for broad releases. Alternatively, if the LBO Lenders want to now disavow the Settlement and would prefer instead to maintain their contractual subordination rights to the extent that the Court ultimately determines that the claims arising from their LBO debt are allowable, the Senior Trustees consent.

Assuming the LBO Lenders wish to proceed with the Settlement, however, and even assuming, *arguendo*, that the LBO Lenders could exercise their subordination rights as to Settlement proceeds, the Debtors' contention that the DCL Plan Proponents may, by virtue of such subordination rights, divert to the holders of Other Parent Claims Settlement proceeds that should be paid over to Senior Noteholders is without merit. The DCL Plan Proponents have never disclosed that the Settlement includes such a provision. Nor could the Court approve such a provision. It is well-settled in this and other circuits that creditors may not "do whatever they wish with the bankruptcy proceeds they receive," and cannot "give" such proceeds to junior creditors without running afoul of "the statutory prohibitions of the absolute priority rule, as codified in 11 U.S.C. § 1129(b)(2)(B)." *In re Armstrong World Indus.*, 432 F.3d 507, 513-515 (3d Cir. 2005). As the Third Circuit stated in *In re Armstrong*, allowing such distributions would "encourage parties to impermissibly sidestep the carefully crafted strictures of the Bankruptcy Code," which is exactly what the Committee and Debtors seek to do here. *Id.* at 514. Just as plan proponents may not "gift" recoveries to circumvent the "fair and equitable" requirement, plan proponents may not "gift" recoveries to circumvent the "not discriminate unfairly" requirement.

Thus, as set forth in the Senior Trustees' prior submissions to the Court on this matter, the Court's analysis of the DCL Plan's proposed distribution to Other Parent Claims must account for the fact that Senior Noteholders are contractually entitled to 100% of the Settlement proceeds distributed to the holders of the EGI-TRB Note Claims and the PHONES Note Claims. When viewed through this necessary prism, the Debtors' and Committee's distribution scheme deprives the Senior Noteholders of real value to which they are legally entitled and, prior to effectuation of third-party subordination, reduces the Senior Noteholders recoveries by at least 53% when compared to Other Parent Claims' recoveries.

WHEREFORE, for all of the foregoing reasons, and those set forth in the Senior Trustees' Opening and Reply Briefs and rebuttal letter dated March 9, 2012, the Senior Trustees respectfully request that the Court (i) reject the arguments made by the Debtors in their March 9 Letter, and (ii) conclude that providing equal treatment to Senior Noteholders and Other Parent Claims regardless of the legal entitlement to the benefit of the Subordination Agreements constitutes unfair discrimination and diverts value that the Senior Noteholders are contractually entitled to receive.

        Respectfully submitted,

        */s/ David S. Rosner*
        David S. Rosner

cc:  counsel of record (*via* ECF)