IN THE UNITED STATES BANRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| TRIBUNE COMPANY, ET. AL. | ) | Case No. 08-13141 (KJC) |
| | ) | |
| DEBTORS | ) | |

JOANN PARKER'S MOTION FOR LEAVE TO
ALLOW EXPERT WITNESS OPINION TESTIMONY TELEPHONICALLY. IN THE, ALTERNATIVE, FOR AN EXTENSION OF TIME TO TAKE THE EVIDENTIARY DEPOSITION OF HER EXPERT WITNESS FOR ADMISSION OF TESTIMONY PURSUANT TO FEDERAL RULE CIVIL PROCEDURE 32 (a) (3) (B)

INTRODUCTION

NOW COMES Joanne Parker, by and through her out of state counsel, pursuant to Rule 9010-1 (e) (iii), Local Rules For The United States Bankruptcy Court District of Delaware, motioning for leave to allow opinion testimony from Parker's expert witness, by telephone. In the ,alternative, for an extension of time to take the evidentiary deposition of her expert witness for admission pursuant to Federal Rule of Civil Procedure 32 (a) (3) (B). In support thereof Parker states as follows:

FACTS

1. Joanne Parker filed a Motion for Leave to File Late Proof of Claim with the United States Bankruptcy Court for the District of Delaware. The Motion was mailed on August 29, 2011. The Motion was received and given claim numbers 6797, 6798, and 6801 on or about September 1, 2011.

2. On about October 21, 2011, Debtors filed an Objection.

3. On or about November 9, 2012, Parker filed her Response to the Objection.

4. On January 11, 2012 a telephonic conference was held.

5. That the matter was set for an evidentiary hearing for March 22, 2012, on the issue of excusable neglect for late filing of proof of claim.

6. That Parker has asserted throughout her pleadings that her lateness in filing her proof of claim was due to the effects of her mental impairment.

7. That Parker suffers from bi-polar disorder and depression. That Parker was suffering from this mental impairment during the relevant time frame and still suffers from this condition.

8. That during the relevant time frame, including December 8, 2008 until February, 2010, Parker was seen by a psychiatrist, Dr. Albeheary.

9. That Parker desires to call Dr. Albeheary as an expert witness to give an opinion on how bi-polar disorder and depression disables persons suffering from this disorder, to the point where they are unable to function, including the function of looking at and opening of mail.

10. That without the admission of opinion testimony from Dr. Albeheary, Parker will not be able to adequately present evidence in support of her Motion to File Late Proof of Claim, based upon excusable neglect, due to her mental impairment.

## REASON FOR REQUEST

11. That Dr. Albeheary has been difficult to reach. That so far, Dr. Albeheary will only communicate through e-mail. That Dr. Albeheary has indicated that she will check to see if she will be available to testify by telephone on March 22, 2012.

12. That Dr. Albeheary is a resident of the State of Illinois, as well as Ms Parker and herein counsel.

13. Dr. Albeheary has indicated that she will be unavailable to testify in person in the District of Delaware on this matter.

14. That counsel for Parker has advised Ms. Ludwig, counsel for the Debtors' of Dr. Albeheary's availability by telephone. That Debtors' counsel has indicated an objection to Dr. Albeheary testifying to her opinion by telephone.

15. That it is herein counsel's understanding that in person testimony is required in an evidentiary hearing for factual issues in dispute. That Joann Parker will testify in person to factual issues disputed by the Debtors. That Dr. Alberheary's testimony would be based upon her expert opinion concerning mental impairments of persons suffering from bi-polar and depression, which her patient, Joann Parker

suffered.

16. That if the Court will not grant Parker leave to take the opinion testimony of Dr. Albeheary, telephonically, Parker requests an extension of time to take the evidentiary deposition of Dr. Albeheary for admision of testimony under Federal Rule Civil Procedure 32(a) (3) (B).

WHEREFORE, Parker prays for entry of an order allowing telephonic expert witness opinion testimony. In the alternative, an extension of time to take the evidentiary deposition of Dr. Albeheary for admission of testimony under Fed. Rule Civil Procedure 32(a) (3) (B).

                                              Respectfully submitted:

                                              Joann Parker

                                              By: _____

                                              Attorney for Joann Parker

Patricia E. Bender  
Attorney at Law  
5415 N. Sheridan Rd.  
Suite 1411  
Chicago, Illinois 60640  
(773) 878-7148