# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br>Related to Docket Nos. 10053, 10193, 11145, and 11146 |

## DEBTORS' (I) OBJECTION TO MOTION OF JOANN PARKER FOR LEAVE TO PRESENT EXPERT WITNESS OPINION TESTIMONY TELEPHONICALLY OR TO DELAY EVIDENTIARY HEARING, AND (II) CROSS-MOTION TO STRIKE TESTIMONY OF PROPOSED EXPERT WITNESS ON GROUNDS OF DELAY

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors"), by and through their undersigned counsel, hereby submit this objection (the "Objection") to Joann Parker's "Motion for Leave To Allow Expert Witness Opinion Testimony Telephonically. In The, Alternative, For An Extension of Time To Take The Evidentiary Deposition of Her Expert Witness For Admission of Testimony

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Pursuant to Federal Rule Civil Procedure 32(a)(3)(B)" (Docket No. 11145) (the "Parker Expert Motion") and hereby move this Court (the "Cross-Motion") to preclude and strike the testimony of Ms. Parker's proposed expert witness, Dr. Ghada Albeheary, at the evidentiary hearing scheduled before this Court on March 22, 2012 on the Debtors' Forty-Eighth Omnibus (Non-Substantive) Objection to Claims (Docket No. 10053) (the "Claim Objection").[2]

## ARGUMENT IN SUPPORT OF OBJECTION AND CROSS-MOTION

1.  The Parker Expert Motion should be denied in its entirety and the Debtors' Cross-Motion to preclude and strike the proposed testimony of Dr. Albeheary, whether by telephone or deposition, should be granted on the grounds of prejudicial delay. Counsel for Ms. Parker has known since January 11, 2012, when the Court conducted a hearing on the Claim Objection, that she would be required to present evidence, including any witness testimony she sought to introduce in support of the Parker Claims and in opposition to the Claim Objection, in person in Wilmington on March 22, 2012. This Court specifically advised counsel for Ms. Parker on the record at the January 11, 2012 hearing that the Court required live testimony concerning the request to deem the late-filed Parker Claims timely. See Jan. 11, 2012 Hrg. Tr. At 24:15-25, 25:1-5.[3] The Parker Expert Motion presents no compelling grounds for relief from that requirement and none of the circumstances described in the Parker Expert Motion was unforeseen or unavoidable.

---

[2] In the Claim Objection, the Debtors sought an order of the Court disallowing and expunging three late-filed claims asserted against Debtor Chicago Tribune Company ("CTC") by claimant Joann Parker (the "Parker Claims"), pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1, and this Court's Bar Date Order, on the grounds that such claims were untimely filed. Capitalized terms used, but not defined herein, shall have the meanings ascribed to them in the Claim Objection.

[3] THE COURT: I will tell you, it's not been my practice, in fact, I can't remember a time in which facts concerning a request to file a late claim … in which I didn't require live testimony. And I'm certainly not going to do so here. If you would like the opportunity, if your client would like the opportunity to have the Court consider a late filed claim which this clearly is, … I'll give you that opportunity to present evidence and including your client's testimony at a hearing here in Wilmington. Now I'm aware of what type of claim this is and I understand your client's situation, but I have yet, in my nearly eleven years on the bench, developed the ability to determine credibility by papers or by telephone. And this is a matter in which I think credibility is key.

2

2.   Ms. Parker had ample opportunity to identify and retain an expert witness to testify in support of the relief requested from this Court. Counsel for Ms. Parker and the Debtors jointly participated in establishing the date for the evidentiary hearing and certain pre-trial deadlines, including the deadline to identify exhibits and witnesses. Counsel each agreed orally that they would exchange witness and exhibit lists on March 1, 2012, twenty-one (21) days before the scheduled evidentiary hearing and a full fifty (50) days after the January 11 hearing. However, counsel for Ms. Parker failed to disclose until March 12, 2012 her intention to present Dr. Albeheary as an expert witness, a mere ten (10) days prior to the evidentiary hearing.[4]

3.   Not only is Ms. Parker's expert disclosure untimely, it is also inadequate. Counsel for Ms. Parker failed to provide the Debtors with Dr. Albeheary's expert report, as Federal Rule of Civil Procedure 26(a)(2)(B) requires ("Unless otherwise stipulated or ordered by the court [the] disclosure [of an expert witness] must be accompanied by a written report— prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case…"). Without the expert report, the Debtors have no knowledge of the nature, scope, or basis for Dr. Albeheary's proposed testimony, except that it relates to Ms. Parker's mental state. Ms. Parker has provided no meaningful explanation for her untimely and inadequate disclosure; she explains only that Dr. Albeheary is "difficult to reach" and "will only communicate by email." Parker Expert Motion at 11.

4.   As a result of these delays, the Debtors cannot take an informed deposition of Ms. Parker's expert. Indeed, Federal Rule of Civil Procedure 26(b)(4) prohibits the Debtors

---

[4] On the March 1 deadline, counsel for Ms. Parker communicated that "Parker may call Dr. Albeheary, or another psychiatrist/psychologist. Parker's counsel is in the process of making this determination and possible confirmation. Parker's counsel will advise Debtor's counsel as soon as possible." Counsel for Ms. Parker then waited until nine (9) days later, until March 9, 2012, to communicate her intention to present Dr. Albeheary as a witness telephonically, but did not specify until March 12 that Dr. Albeheary would testify as an expert witness.

from deposing the expert at all prior to receiving her report.[5] As such, they cannot notice Dr. Albeheary for a deposition and do not anticipate that they will be able to do so prior to the evidentiary hearing scheduled on March 22. The Parker Expert Motion, in its unspecified request for an extension of time, suggests that Ms. Parker will not make Dr. Albeheary available to the Debtors for a deposition prior to the evidentiary hearing. The Parker Expert Motion also does not indicate when Dr. Albeheary's expert report will be provided. Moreover, Ms. Parker's delay in disclosing that she intends to call Dr. Albeheary as an expert witness and her failure to provide Dr. Albeheary's expert report deprives the Debtors of any opportunity to prepare a rebuttal case, including by retaining their own expert to assess and contradict Dr. Albeheary's testimony.

5. Dr. Albeheary's unavailability (or unwillingness to appear) to testify in person at the evidentiary hearing and/or to submit to a deposition prior to such hearing is prejudicial to the Debtors and to any legitimate resolution of the Claim Objection. Neither the Debtors nor the Court will be able to make the necessary credibility determination of Dr. Albeheary's expert testimony if it were conducted by telephone, particularly if the Debtors are deprived of the opportunity to first review and expert report and then depose Dr. Albeheary.

6. The Debtors also object to Ms. Parker's request to delay the evidentiary hearing in order to take the deposition of Dr. Albeheary for submission at the hearing in lieu of testimony. The Debtors agreed to a generous pre-trial schedule prior to the evidentiary hearing, which covers factual issues that were extant when the Parker Claims were first filed in September 2011 and were raised and argued at the January 11 hearing. There is no justification for further delay as to the relief requested by the Debtors in the Claim Objection, and Ms. Parker

---

[5] See Fed. R. Civ. P. 26(b)(4)(A) ("If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided.").

should not benefit from her failure to comply with the agreed-upon deadlines and disclosure requirements by obtaining additional time to pursue the late-filed Parker Claims.[6]

7. Furthermore, the request is not supported under Federal Rule of Civil Procedure 32(a)(4)(B).[7] The rule permits the use of deposition testimony in lieu of live testimony when a witness is located more than 100 miles from the place of hearing or trial, "unless it appears that the witness's absence was procured by the party offering the deposition." In a circumstance where a party has complete discretion to select and retain an expert witness on its own behalf, it would be inequitable if the party were able to retain an expert that was located outside the 100-mile radius of the Court and then ask the Court to excuse the witness's desire not to travel. This is exactly the situation that the exception in Rule 32(a)(4)(B) avoids.

8. In this case, Dr. Albeheary's unavailability, whether due to her busy schedule or desire not to travel, is a problem of Ms. Parker's own making in selecting a witness late into the pre-trial process. Ms. Parker's delay in identifying Dr. Albeheary as a witness, compounded by her failure to produce an expert report and make Dr. Albeheary available for deposition to date, support this Court's denial of the Parker Expert Motion and granting of the Cross-Motion to preclude Dr. Albeheary's testimony at the evidentiary hearing on March 22.

---

[6] The Debtors also submit that an extension of time to accommodate the testimony of Dr. Albeheary is unnecessary given that Dr. Albeheary cannot testify to the alternative grounds raised by the Debtors in the Claim Objection that, regardless of Ms. Parker's mental state (which the Debtors dispute rose to the level of mental incompetence), there is no justification for counsel's substantial delay in filing a proof of claim on Ms. Parker's behalf. The Debtors intend to present evidence at the March 22 hearing that Ms. Parker retained counsel in February 2010 and that CTC raised the failure of Ms. Parker to file a proof of claim as an affirmative defense in five (5) pleadings filed in the underlying Parker Litigation in September 2009, March 2010, May 2010, November 2010, and July 2011, as well as in the deposition of Ms. Parker taken in March 2011. Even if Ms. Parker did not open the multiple notices of the claims bar date that were mailed to her in the bankruptcy proceedings, Ms. Parker's counsel was on notice since February 2010 that Ms. Parker was required to, and failed to, file a proof of claim to preserve her right of recovery against CTC, and did not affirmatively act until September 2011.

[7] The Parker Expert Motion purports to rely on Fed. R. Civ. P. 32(a)(3)(B), which is not a Federal Rule. For the purposes of this Objection and Cross-Motion, the Debtors assume that the Parker Expert Motion intends to rely on Fed. R. Civ. P. 32(a)(4)(B).

CH1 6653852v.3

## CONCLUSION

Accordingly, for the reasons set forth herein and in the Objection, the Debtors respectfully request that the Court deny the Parker Expert Motion and grant the Debtors' Cross-Motion.

Dated: Wilmington, Delaware  
      March 14, 2012

Respectfully submitted,

SIDLEY AUSTIN LLP  
James F. Conlan  
Bryan Krakauer  
Kenneth P. Kansa  
Jillian K. Ludwig  
One South Dearborn Street  
Chicago, Illinois 60603  
Telephone: (312) 853-7000  
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,  
FORMAN & LEONARD, P.A.

By: _____  
Norman L. Pernick (No. 2290)  
J. Kate Stickles (No. 2917)  
Patrick J. Reilley (No. 4451)  
500 Delaware Avenue, Suite 1410  
Wilmington, Delaware 19801  
Telephone: (302) 652-3131  
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND  
DEBTORS IN POSSESSION

6

CH1 6653852v.3