IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, *et al.*,<br><br>                    Debtors. | Chapter 11<br><br>Cases No. 08-13141 (KJC)<br>Jointly Administered<br><br>**Ref. Nos. 10594, 10634 and 11156** |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, on behalf of TRIBUNE COMPANY, et al.,<br><br>                    Plaintiff,<br>vs.<br><br>See Attached Exhibit A,<br><br>                    Defendants. | Adv. Pro. No. Various (KJC) |

**ORDER PARTIALLY LIFTING STAY OF ADVERSARY PROCEEDINGS AND STATE LAW CONSTRUCTIVE FRAUDULENT CONVEYANCE ACTIONS**

Upon consideration of: (i) the motion for the entry of an order amending the definition of "Termination Event" in the Standing Orders (the "Committee Stay Motion"),[1] filed in the above-captioned adversary proceeding by the Official Committee of Unsecured Creditors (the "Committee") [D.I. 10634]; (ii) the Noteholders' motion to lift the stays in the state law constructive fraudulent conveyance actions (the "Noteholders' Lift Stay Motion," and together with the Committee Stay Motion, the "Motions") [D.I. 10594]; (iii) all objections and responses to the Motions; and (iv) Master Case Order No. 1 (the "Master Case Order") issued on February 23, 2012 by the transferee court in MDL No. 2296 ("the MDL Court") and other orders of the MDL Court; and it appearing that good and sufficient notice of the Motion was given and that no

---

[1] Except as otherwise indicated, capitalized terms not otherwise defined herein shall have the same meaning as ascribed to them in the Committee Stay Motion.

{698.001-W0020079.}

other or further notice is necessary; and upon the record in these chapter 11 cases and adversary proceeding, including the February 28, 2012 hearing before this Court; and after due deliberation thereon, it is hereby:

ORDERED that the Committee Stay Motion is GRANTED IN PART and DENIED IN PART as provided herein; it is further

ORDERED that the Noteholders' Lift Stay Motion is GRANTED IN PART and DENIED IN PART as provided herein; it is further

ORDERED that in the defined term "Termination Event" in each of the Standing Orders, current subsection (ii) is stricken and replaced with the following: "(ii) (A) June 1, 2012 for *The Official Committee of Unsecured Creditors of Tribune Company, et al. v. Dennis J. FitzSimons, et al.*, Adv. Proc. 10-54010 (KJC), and (B) July 2, 2012 for *The Official Committee of Unsecured Creditors of Tribune Company, et al. v. JPMorgan Chase Bank, N.A., et al.*, Adv. Proc. 10-53963 (KJC), and all other proceedings initiated by the Committee pursuant to the Standing Orders"; it is further

ORDERED that (i) the stay imposed on the state law constructive fraudulent conveyance actions (the "SLCFC Actions")[2] by order of April 25, 2011 [D.I. 8740], as modified by order dated June 28, 2011 [D.I. 9380] and as modified further herein, shall also expire on June 1, 2012 and (ii) effective as of that date, this Order shall constitute the "further order" terminating the stay envisioned by the order of April 25, 2011; it is further

ORDERED that except as provided herein, each of the Standing Orders shall remain unchanged and enforceable by its terms; it is further

---

[2] SLCFC Actions shall have the meaning as ascribed to it in the Noteholders' Motion for Order Lifting Stays of State Law Constructive Fraudulent Conveyance Suits [D.I. 10594].

ORDERED that the stays imposed on (x) *The Official Committee of Unsecured Creditors of Tribune Company, et al. v. Dennis J. FitzSimons, et al.*, Adv. Proc. 10-54010 (KJC) ("*FitzSimons*") by the October 27, 2010 Standing Order [D.I. 6150] and amendments thereto, and (y) the SLCFC Actions by order of April 25, 2011 [D.I. 8740], are hereby lifted to the extent necessary to allow the parties in those actions to comply with the Master Case Order and any other orders issued by the MDL Court, and to comply with orders issued by any court, other than the MDL Court, that is also overseeing an SLCFC Action, and that the existing exceptions to such stays also remain in effect; it is further

ORDERED that within three (3) business days of the entry of this Order, the Committee will withdraw its limited motion to vacate the conditional transfer order that is currently pending in MDL No. 2296 before the MDL Panel [MDL Docket (Del.) 66] and inform the Clerk of the MDL Panel that the Conditional Transfer Order-1 [MDL Docket (Del.) 57] may be transmitted forthwith to the clerk of the MDL Court; it is further

ORDERED that the stay imposed by the Standing Orders and extended by this order is modified to the extent necessary to allow the Committee to move this Court to sever claims from *Official Committee of Unsecured Creditors of Tribune Co. v. JPMorgan Chase Bank*, Adv. Proc. 10-53963 (KJC), that will not be settled by the Third Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [D.I. 10958] (the "Nonsettled Claims"); it is further

ORDERED that should the Court grant the motion to sever, the severed Nonsettled Claims shall be subject to the stay imposed by the Standing Order and extended by this order, to the same extent that such stay applies to *FitzSimons*; it is further

ORDERED that the stay imposed on the SLCFC Actions is lifted to the extent necessary to allow the parties to the SLCFC Actions to enter settlements of claims asserted in the SLCFC Actions and to engage in motion practice, if necessary, related to such proposed settlements; it is further

ORDERED that nothing in this Order shall prejudice or impair any claims or defenses of any defendant in any proceeding in respect of a Creditor SLCFC Claim (as defined in the order dated April 25, 2011 [D.I. 8740]), a Nonsettled Claim or any objection to any plan of reorganization before this Court;[3] and it is further

ORDERED that this Court shall, except with respect to the prosecution of the Creditor SLCFC Claims, retain exclusive jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: March 15, 2012
Wilmington, Delaware

The Honorable Kevin J. Carey
United States Bankruptcy Judge

---

[3] For the avoidance of doubt, by this order, this Court makes no finding and issues no ruling determining the standing of the Original Plaintiff's Group (as defined in the order dated April 25, 2011 [D.I. 8740]), or any creditor, to assert the Creditor SLCFC Claims or whether such claims are preempted or otherwise impacted by 11 U.S.C. § 546(e).