# Exhibit A

I.  **DCL Plan Proponents' Responses to Objection[1] to Supplemental Disclosure Document[2]**

| Objections | DCL Plan Proponents' Response to Objections |
|---|---|
| 1. **Allocation Disputes Reserve.** The Supplemental Disclosure Document and the DCL Plan should be modified to provide that appropriate reserves will be established in the event that all Allocation Disputes are not resolved by the Effective Date (Obj. at p. 2, fn. 3.) | 1. This is a plan confirmation objection. Nevertheless, the DCL Plan Proponents submit that, given the Court's statements that it would decide the necessary Allocation Disputes prior to, at, or in conjunction with confirmation, it is currently unnecessary to modify the Third Amended Plan or the Supplemental Disclosure Document to provide for a reserve in connection with the Allocation Disputes. |
| 2. **Updated Valuation.** The updated valuation does not contain information regarding updated financial data or market conditions. The Debtors should provide the same form and level of disclosure that was contained in the Joint Disclosure Statement, including: (i) updated financial projections by segment (including TV Food), (ii) a discussion of the valuation analyses done and methodologies used, (iii) allocations of value among their core businesses, and (iv) a discussion of how DEV is split between New Common Stock, New Senior Secured Term Loan and Cash. (Obj. at ¶¶ 8-9.) | 2. The Supplemental Disclosure Document has been modified to provide significant additional information regarding the updated valuation of the Debtors' estates. *See* Supplemental Disclosure Document, Section VI. In addition, Exhibit C to the Supplemental Disclosure Document has been added to provide additional information regarding the methodology and assumptions used to develop the updated valuation, the various components of the Reorganized Debtors' Enterprise Value and the bottom-line results of the updated valuation. Exhibit D to the Supplemental Disclosure Document has been added to provide additional information regarding the Debtors' updated financial projections used to develop the updated valuation and the key assumptions underlying such projections. The DCL Plan Proponents' additional disclosure more than addresses each of the four valuation issues raised in the Aurelius Objection. |
| 3. **Application of the Subordination Provisions of PHONES Indenture and EGI-TRB Note to Senior and Bridge Lender Recoveries.** The DCL Plan and Supplemental Disclosure Document do not contain an adequate description of the application of the subordination provisions of the PHONES Notes Indenture and the EGI-TRB LLC Note and corresponding subordination agreement with respect | 3. The DCL Plan Proponents believe that the disclosure materials and the DCL Plan are clear on the application of the Subordination Provisions of the PHONES Indenture and the EGI-TRB Note to the recoveries of Senior Lenders and Bridge Lenders. In an effort to resolve this objection, however, the Supplemental Disclosure Document has been modified to clearly provide |

---

[1] The single filed objection to the Supplemental Disclosure Document (as defined below) was the Limited Objection of Aurelius Capital Management, LP to the DCL Plan Proponents' Supplemental Disclosure Document Relating to the Third Amended Joint Plan of Reorganization (As Modified February 20, 2012) [D.I. 11134] (the "Aurelius Objection"). Law Debenture Trust Company of New York filed a joinder to the Aurelius Objection [D.I. 11135].

[2] The descriptions in this chart of the objections to the Supplemental Disclosure Document and the DCL Plan Proponents' response to such objections are intended to be summary in nature. For a more fulsome description of the parties' respective positions, please refer to the DCL Plan Proponents' Reply to Objections to Supplemental Disclosure Document Relating to Third Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A. (the "Reply"), the Supplemental Disclosure Document Relating to Third Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A. (As Modified March [16], 2012) (the "Supplemental Disclosure Document"), the Third Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A. (As Modified March [16], 2012) (the "DCL Plan"), and the Aurelius Objection. Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the DCL Plan or the Supplemental Disclosure Document, as applicable.

1

| Objections | DCL Plan Proponents' Response to Objections |
|---|---|
| to recoveries for Holders of Senior Loan Claims and Bridge Loan Claims under the DCL Plan. (Obj. at ¶¶10-12.) <br><br> a. The DCL Plan and the Supplemental Disclosure Document should be modified to contain language similar to the language included in the Debtors' Responsive Statement to make it clear that Holders of Senior Loan Claims and Bridge Loan Claims are only entitled to 35% of the Litigation Trust Assets and Creditors' Trust Assets and cannot otherwise benefit from the Subordination Provisions with respect to the remaining net recoveries from the Litigation Trust and Creditors' Trust. (Obj. at ¶10; fn 5.)[3] <br><br> b. The DCL Plan should be amended to provide that all Settlement consideration will flow through the recovery waterfall at Tribune to non-LBO creditors, upon which Settlement Amounts initially allocated to Holders of PHONES Notes Claims and EGI-TRB LLC Notes Claims will be reallocated to the beneficiaries of the Subordination Provisions (as determined by the Court in connection with resolution of the Allocation Disputes) *provided, however*, that the Holders of Senior Loan Claims and Bridge Loan Claims as applied to the Settlement consideration, and shall not be entitled to receive or retain Settlement consideration from any source. (Obj. at ¶12.) <br><br> 4. **Payment of Fees and Expenses.** The DCL Plan Proponents should be required to disclose a concrete estimate of the amount proposed to be paid to the Senior Lenders, the Bridge Lenders and members of the Creditors' Committee on account of the Fee/Expense Claims and the legal bases upon which the DCL Plan Proponents propose to pay such amounts as administrative expenses absent a showing that each party has made a "substantial contribution," as is required by Bankruptcy Code section 503(b) (Obj. at ¶13). <br><br> The DCL Plan should be amended to provide all parties in interest (in addition to Reorganized Tribune, the US Trustee and the Creditors' Committee) with an opportunity to review and, if appropriate, object to such fees and expenses. (Obj. at ¶13). | that "pursuant to the terms of the Third Amended Plan, the Holders of Senior Loan Claims and Bridge Loan Claims will not be entitled to turnover of any of the DCL Plan Settlement consideration or distributions from the Litigation Trust allocated to Holders of PHONES Notes Claims and EGI-TRB Notes Claims on account of the contractual subordination of the PHONES Notes and EGI-TRB Notes." *See* Supplemental Disclosure Document at p. 21.[4] <br><br> In addition, the DCL Plan Proponents have modified Section 7.15 of the DCL Plan to provide that: <br><br> "Pursuant to the Settlement, no distributions allocable to PHONES Notes Claims or EGI-TRB Notes Claims shall be subject to turnover to Holders of Senior Loan Claims or Bridge Loan Claims. The distributions and treatments provided to Claims and Interests under this Plan or the Allocation Dispute Protocol otherwise take into account and/or conform to the relative priority and rights of such Claims and Interests under any applicable subordination and turnover provisions in any applicable contracts, and nothing in this Plan shall be deemed to impair, diminish, eliminate or otherwise adversely affect the rights or remedies of beneficiaries (including, for the avoidance of doubt, their respective Indenture Trustees and Agents, as applicable) of any such contractual subordination and turnover provisions." <br><br> DCL Plan, § 7.15. <br><br> 4. The Supplemental Disclosure Document has been modified to provide additional disclosure concerning the payment of the fees and expenses of the Senior Lenders, the Bridge Lenders and members of the Creditors' Committee, including a good faith estimate of the aggregate fees to be paid. Specifically, the Supplemental Disclosure Document provides: <br><br> "The Third Amended Plan contains the same provision as did the Second Amended Plan for the payment of certain fees and expenses of the Senior Lenders, the Bridge Lenders and members of the Creditors' Committee (the "Professionals' Fees and Expenses"). The current estimate of the aggregate Professionals' Fees and Expenses that would be paid pursuant to the Third Amended Plan |

2

---

[3] In paragraph 11 of its objection, Aurelius specifies the language from the Debtors' Responsive Statement that it believes should be included in the DCL Plan.

[4] The Creditors' Trust has been removed from the DCL Plan, and thus it is unnecessary to provide clarifying language with respect to the application of the Subordination Provisions to the proceeds of the Creditors' Trust.

| Objections | DCL Plan Proponents' Response to Objections |
|---|---|
| The DCL Plan should be further modified to provide that any payment of the Senior Lenders' fees is subject, in all respects, to the resolution of the Senior Lender Fees Motion pursuant to an order of this Court. (Obj. at p. 9, fn. 6). | assuming an Effective Date of June 30, 2012, which shall not be binding, is approximately $72.3 million. Payment of the Professionals' Fees and Expenses is and has been a key component of the DCL Plan Settlement embodied in the Third Amended Plan – a settlement that the Bankruptcy Court found was within the range of reasonableness. See Confirmation Opinion. Approval of the DCL Plan Settlement and confirmation of the Third Amended Plan, including its releases and the payment of Senior Lender fees and expenses, would preclude all third parties from attempting to claw back payments made to the Senior Lenders or their professionals pursuant to the Third Amended Plan or otherwise."<br><br>See Supplemental Disclosure Document at p. 21.<br><br>To the extent Aurelius requests modifications to the DCL Plan regarding the ability of parties to review and object to the payment of such fees and expenses or the effect of confirmation of the DCL Plan on the Senior Lender Fees Motion, such objections are plan confirmation objections. |
| 5. **Filing of the Plan Supplement.** The DCL Plan Proponents fail to provide creditors with sufficient time to review essential exhibits to the DCL Plan that the DCL Plan Proponents state will be filed as part of the Plan Supplement, including the New Senior Secured Term Loan Agreement, the Exit Facility, the Litigation and Creditors' Trust Agreements and the Trusts' Loan Agreement. The Plan Supplement should be filed fifteen calendar days prior to the confirmation objection deadline, on April 13, 2012 (as April 15 is a Sunday). (Obj. at ¶ 14)<br><br>The Supplemental Disclosure Document provides that all agreements pertaining to operation of the Trusts will be filed by the Plan Supplement Filing Deadline, but in connection with the Second Amended DCL Plan, only certain of such documents were actually filed. Any order approving the DCL Plan Proponents' solicitation documents should require that all of the Plan Supplement documents must be filed by the Plan Supplemental Filing Deadline (which should be set no later than April 13, 2012) (Obj. at ¶ 17). | 5. The DCL Plan has been amended to provide that any modifications to the Plan Supplement will be filed with the Bankruptcy Court "no later than fifteen (15) calendar days prior to the deadline established for objection to confirmation of [the DCL] Plan." DCL Plan, § 1.1.171. |
| 6. **Joint and Several Liability with respect to Trusts' Loan Agreement.** The imposition of joint and several liability on the Trusts is inappropriate, and the DCL Plan and Trusts' Loan Agreement should be modified to provide that each Trust is responsible solely for the actual costs and expenses incurred by such Trust. In the absence of such modification, the DCL Plan Proponents should disclose the justification for joint and several liability. (Obj. at ¶16). | 6. This objection is moot because the Creditors' Trust has been removed from the DCL Plan. |

## II.  Additional Modifications Addressing Informal Response[5] to DCL Plan and Supplemental Disclosure Document

| | Objections | | DCL Plan Proponents' Response to Objections |
|---|---|---|---|
| 1. | **Subrogation Rights.** The DCL Plan inappropriately deprives the holders of PHONES Notes Claims of their contractual subrogation rights under Section 14.06 of the PHONES Notes Indenture. | 1. | This is a plan confirmation issue. However, the DCL Plan Proponents have amended Section 5.8.2 to expressly preserve the right of Holders of PHONES Notes to assert any subrogation rights that they might have under section 14.06 of the PHONES Notes Indenture. DCL Plan, § 5.8.2. |
| 2. | **Creditors' Trust Election Mechanics.** Section 14.3.1 of the DCL Plan should be amended to change the default rule that Disclaimed State Law Avoidance Claims are automatically contributed to the Creditors' Trust. | 2. | This issue is moot because the Creditors' Trust has been removed from the DCL Plan. |
| 3. | **WTC's Charging Lien, Fees, and Expenses.** The DCL Plan does not adequately preserve WTC's charging lien and improperly limits WTC's claim for fees and expenses incurred in connection with the Allocation Disputes and Disclaimed State Law Avoidance Claims. | 3. | This is a plan confirmation issue. However, the DCL Plan Proponents have amended Section 5.8.2 to provide that, if any applicable Indenture Trustee timely asserts a Claim in the Chapter 11 Cases and such Claim becomes an Allowed Claim, such Allowed Claim shall receive the treatment specified for the applicable Class of Claims pursuant to the DCL Plan. DCL Plan, § 5.8.2. |
| 4. | **Resolicitation Procedures.** The solicitations procedures should respect and incorporate the prior Creditors' Trust opt-out elections and should state that individual Holders of PHONES Notes Claims do not need to affirmatively opt-out of the Creditors' Trust because their Disclaimed State Law Avoidance Claims will not be contributed to the Creditors' Trust. | 4. | This issue is moot because the Creditors' Trust has been removed from the DCL Plan. |
| 5. | **Supplemental Disclosure Document.** WTC requests clarification of certain factual statements in the Supplemental Disclosure Document, including, among other things, the amount of the PHONES Notes Claims and certain recovery percentages on account of such claims. | 5. | As requested by WTC, the Supplemental Disclosure Document has been revised to reflect WTC's concession (at the Allocation Dispute Hearing and in its informal response) that, in light of the Reconsideration Decision, WTC is no longer prosecuting the PHONES/Settlement Dispute in connection with the Allocation Dispute hearings, but is instead reserving its rights for purposes of the Reconsideration Appeal Motion. Certain illustrative recovery percentages discussed in the Supplemental Disclosure Document and the Subordination Allocation Appendix have been revised to reflect this concession.<br><br>The Supplemental Disclosure Document has also been revised to incorporate the agreed-upon high and low amount of the PHONES Notes Claims reflected in the PHONES Claim Stipulation. |

---

[5] The DCL Plan Proponents made certain amendments and modifications to the DCL Plan and the Supplemental Disclosure Document in response to certain plan, disclosure and solicitation concerns informally raised by Wilmington Trust Company ("WTC") in a letter to the DCL Plan Proponents dated March 9, 2012. This chart only lists the issues raised by WTC that have resulted in amendments or modifications to the DCL Plan and/or the Supplemental Disclosure Document.

4