**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Hearing Date: March 30, 2012 at 11:00 a.m. ET**<br>**Related to Docket Nos. 10274, 10692, 10960, 11134, and 11135** |

**REPLY TO OBJECTIONS AND SECOND SUPPLEMENT TO MOTION OF DEBTORS FOR ORDER (I) APPROVING SUPPLEMENTAL DISCLOSURE DOCUMENT; (II) ESTABLISHING SCOPE, FORMS, PROCEDURES, AND DEADLINES FOR RESOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT DCL PLAN FROM CERTAIN CLASSES; (III) AUTHORIZING TABULATION OF PRIOR VOTES AND ELECTIONS ON DCL PLAN MADE BY HOLDERS OF CLAIMS IN NON-RESOLICITED CLASSES; (IV) SCHEDULING THE CONFIRMATION HEARING AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES IN RESPECT THEREOF; AND (V) GRANTING RELATED RELIEF**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

The debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "<u>Debtors</u>"), by and through their undersigned counsel, submit this (i) reply to objections filed or asserted with respect to that certain Motion of Debtors for Order (I) Approving Supplemental Disclosure Document; (II) Establishing Scope, Forms, Procedures, and Deadlines for Resolicitation and Tabulation of Votes to Accept or Reject DCL Plan from Certain Classes; (III) Authorizing Tabulation of Prior Votes and Elections on DCL Plan Made by Holders of Claims in Non-Resolicited Classes; (IV) Scheduling the Confirmation Hearing and Establishing Notice and Objection Procedures in Respect Thereof; and (V) Granting Related Relief (Docket No. 10274) (the "<u>Solicitation Procedures Motion</u>") as supplemented on February 20, 2012 (Docket No. 10960)[2] and (ii) second supplement to the Solicitation Procedures Motion (the "<u>Reply and Second Supplement</u>").  In support of the Solicitation Procedures Motion, the Debtors state as follows:

1. No party objected to the procedures to be employed by the Debtors in resoliciting votes and elections on the Third Amended DCL Plan.  In addition, only one party – Aurelius Capital Management, L.P. – filed a limited objection to approval of the proposed Supplemental Disclosure Document.  <u>See</u> Limited Objection of Aurelius Capital Management, LP to the DCL Plan Proponents' Supplemental Disclosure Document Relating to Third Amended Joint Plan of Reorganization (As Modified February 20, 2012) (Docket No. 11134), joined by Law Debenture Trust Company of New York (Docket No. 11135) (the "<u>Limited Objection</u>").  In addition, certain other parties have raised various concerns respecting the Third Amended DCL Plan, both in connection with the recent hearings before the Bankruptcy Court on the Allocation

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Solicitation Procedures Motion, as supplemented.

2

Disputes and otherwise, that may later be asserted as objections to confirmation of the Third Amended DCL Plan.

2. The Debtors wish to make confirmation of the Third Amended DCL Plan at the hearings set for May 16 and 17, 2012 as simple and efficient as possible. To narrow the scope of objections and thus facilitate that confirmation, the Debtors and the other proponents of the Third Amended DCL Plan have considered the requests for plan modifications raised by parties in interest in the Limited Objection, in the hearings on the Allocation Disputes, and otherwise. The Debtors and the other proponents of the Third Amended DCL Plan have made certain limited modifications to the Third Amended DCL Plan to address and resolve those requests and thus eliminate in advance as many potential plan objections as possible. These modifications are reflected in a revised version of such plan filed contemporaneously with this Reply and Second Supplement. The DCL Plan Proponents have also modified the Supplemental Disclosure Document to reflect and conform to the revisions to the Third Amended DCL Plan.

3. In order to resolve issues raised by the Limited Objections and also informally raised by Wilmington Trust Company, as successor indenture trustee for the PHONES Notes, the Third Amended DCL Plan eliminates the Creditors' Trust that had been included in prior versions of the DCL Plan. Elimination of the Creditors' Trust requires several minor revisions to the proposed solicitation materials. Specifically, the Debtors have revised the forms of Supplemental Ballots, Supplemental Beneficial Ballots, Supplemental Master Ballots, Supplemental Election Forms, and corresponding Instructions to be used in voting on the Third Amended DCL Plan to eliminate the elections to opt out of the Creditors' Trust for Holders of claims against Tribune Company that had previously been entitled to make such elections (i.e.,

3

Senior Loan Claims, Bridge Loan Claims, Senior Noteholder Claims, Other Parent Claims, EGI-TRB LLC Notes Claims, and PHONES Notes Claims).

4.      Elimination of the Creditors' Trust has also caused the Debtors to propose resoliciting votes to accept or reject the Third Amended DCL Plan from the Holders of (i) Senior Loan Claims/Senior Guaranty Claims and (ii) Bridge Loan Claims.  Prior to its recent modification, the Holders of Senior Loan Claims and Bridge Loan Claims were to receive Creditors' Trust Interests as part of their overall distributions under the Third Amended DCL Plan.  The Debtors do not believe that removal of the Creditors' Trust Interests from these Holders' overall distribution package is a material adverse change in the treatment of those Holders' claims.  See In re Am. Solar King Corp., 90 B.R. 808, 826 (Bankr. W.D.Tex. 1988) (modification to treatment must be material and adverse for resolicitation to be required). Nonetheless, out of an abundance of caution, the Debtors believe that resolicitation of votes to accept or reject the DCL Plan from the Holders of Senior Loan Claims/Senior Guaranty Claims and Bridge Loan Claims is beneficial and ensures that no later challenges can legitimately be raised respecting such Classes' acceptances of the Third Amended DCL Plan.[3]  Accordingly, the Debtors modify the relief requested in the Solicitation Procedures Motion to withdraw their request that acceptances of the Second Amended DCL Plan by the Holders of Senior Loan Claims/Senior Guaranty Claims and Bridge Loan Claims be deemed to be acceptances of the Third Amended DCL Plan as well.

---

[3] The treatment of Senior Guaranty Claims under the Third Amended DCL Plan is unchanged from the Second Amended DCL Plan and the Third Amended DCL Plan prior to its recent modification.  The nearly-complete overlap between the Holders of Senior Loan Claims and Senior Guaranty Claims, together with the fact that Senior Loan Claims and Senior Guaranty Claims have been solicited together on the same ballots in the solicitation processes to date in these cases, has caused the Debtors to conclude that failing to resolicit the Senior Guaranty Claims with respect to the Third Amended DCL Plan would likely cause more confusion than it would resolve.  For that reason, the Debtors propose that Senior Loan Claims and Senior Guaranty Claims will be resolicited together on the same ballots in the instant solicitation process, in the same manner they have been previously been solicited, notwithstanding the absence of a change in treatment of the Senior Guaranty Claims.

4

5.  The modifications and additions described herein are reflected in the revised forms of Supplemental Ballots, Supplemental Beneficial Ballots, Supplemental Master Ballots, Supplemental Election Forms, Instructions, and notices, and proposed forms of Supplemental Ballots to be used by the Holders of Senior Loan Claims/Senior Guaranty Claims and Bridge Loan Claims in voting on and making elections under the Third Amended DCL Plan submitted herewith collectively as <u>Exhibits A-K</u>, together with blacklines against the forms of those materials that were filed with the Court on February 20, 2012.  The Debtors have also submitted herewith a revised form of order approving the Solicitation Procedures Motion that reflects the modifications to the relief sought in that Motion described herein, together with a version of that proposed form of order blacklined against the proposed order originally submitted with the Solicitation Procedures Motion.

**NOTICE**

6.  Notice of this Supplement has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Official Committee of Unsecured Creditors; (iii) counsel for the administrative agents for Tribune Company's prepetition loan facilities; (iv) counsel for the administrative agent for the Debtors' post-petition loan facility; and (v) all parties having requested notice in the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, subject to the amendments and modifications set forth in this Reply and Second Supplement, the Debtors respectfully request that the Court grant (i) the relief requested in the Solicitation Procedures Motion, and (ii) such other and further relief as the Court deems just and proper.

Dated: March 16, 2012

        SIDLEY AUSTIN LLP
        James F. Conlan
        Kevin T. Lantry
        Kenneth P. Kansa
        Jillian K. Ludwig
        One South Dearborn Street
        Chicago, IL  60603
        Telephone:  (312) 853-0199

        -and-

        COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.

        By:    */s/ J. Kate Stickles*
        Norman L. Pernick (No. 2290)
        J. Kate Stickles (No. 2917)
        Patrick J. Reilley (No. 4451)
        500 Delaware Avenue, Suite 1410
        Wilmington, DE  19801
        Telephone:  (302) 652-3131

        Counsel for Debtors and Debtors in Possession