## PROPOSED ORDER

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Related Docket Nos. 10274, 10960, and ____** |

## ORDER (I) APPROVING SUPPLEMENTAL DISCLOSURE DOCUMENT; (II) ESTABLISHING SCOPE, FORMS, PROCEDURES, AND DEADLINES FOR RESOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT DCL PLAN FROM CERTAIN CLASSES; (III) AUTHORIZING TABULATION OF PRIOR VOTES AND ELECTIONS ON DCL PLAN MADE BY HOLDERS OF CLAIMS IN NON-RESOLICITED CLASSES; (IV) SCHEDULING THE CONFIRMATION HEARING AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES IN RESPECT THEREOF; AND (V) GRANTING RELATED RELIEF

Upon the Motion[2] of the Debtors pursuant to sections 105(a), 1125, 1126, 1127, 1128, and 1129 of the Bankruptcy Code, Bankruptcy Rules 2002, 3003, 3017, 3018, 3019, and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

3020, and Rule 3017-1 of the Local Rules, and other applicable law, for entry of an order

(i) approving the Supplemental Disclosure Document respecting the DCL Plan; (ii) establishing

the scope, forms, procedures, and deadlines for the resolicitation and tabulation of votes on and

elections under the Third Amended Joint Plan of Reorganization For Tribune Company and Its

Subsidiaries (the "Third Amended DCL Plan") proposed by the Debtors, the Official Committee

of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and

JPMorgan Chase Bank, N.A. (the "DCL Plan Proponents"); (iii) authorizing the continued

tabulation of votes and elections previously made on the Second Amended DCL Plan[3] by the

Holders of Claims in impaired Classes other than the Revoting Classes (defined below) for

purposes of the Third Amended DCL Plan; (iv) scheduling the Confirmation Hearing and

establishing notice and objection procedures and fixing necessary dates and deadlines in respect

thereof; and (v) granting related relief, filed on November 18, 2011 (Docket No. 10274) as

supplemented by the supplement to the Motion filed on February 20, 2012 (Docket No. 10960)

(the "Supplement") and the Reply and Second Supplement to the Motion filed on March 16,

2012 (the "Reply and Second Supplement"); and upon consideration of the Motion, the

Supplement, the Reply and Second Supplement, and all pleadings related thereto; and due and

proper notice of the Motion, the Supplement, and the Reply and Second Supplement having been

given under the circumstances; and it appearing that no other or further notice is required; and it

appearing that the Court has jurisdiction to consider the Motion, the Supplement, and the Reply

and Second Supplement in accordance with 28 U.S.C. §§ 157 and 1334, and that this matter is a

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion, the Supplement, or the Reply and Second Supplement, as applicable.

[3] See Second Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., and Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (As Modified April 26, 2011) [Docket No. 8769], as amended on October 19, 2011 [Docket No. 10024].

core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and after due deliberation and

upon the Court's determination that the relief requested is in the best interest of the Debtors and

their estates, and sufficient cause appearing therefor,

### THE COURT FINDS AND DETERMINES THAT:

A.      The Supplemental Disclosure Document, as a supplement to the

previously-approved Disclosure Documents respecting the DCL Plan,[4] contains "adequate

information" within the meaning of section 1125 of the Bankruptcy Code.

B.      The scope of resolicitation of the DCL Plan is appropriately limited to (a)

the Holders of Claims in the six (6) Classes of Claims against Tribune Company whose

distributions may be affected by the resolution of the Allocation Disputes, other formal and

informal objections raised to date respecting the Third Amended DCL Plan, and certain

modifications made to such Plan since the prior solicitation of votes on and elections under such

Plan, which Classes are the Senior Loan Claims/Senior Guaranty Claims, Bridge Loan Claims,

Senior Noteholder Claims, Other Parent Claims, EGI-TRB LLC Notes Claims, and PHONES

Notes Claims; and (b) the Holders of Claims in the thirty-six (36) Classes of General Unsecured

Claims against Non-Guarantor Debtors for which no Holders voted to accept or reject the DCL

Plan in the prior solicitation process (Classes 2E, 4E through 7E, 10E, 12E through 15E, 18E

through 20E, 22E through 29E, 31E through 38E, 40E, 42E, 43E, and 46E through 49E)

---

[4] See General Disclosure Statement dated December 15, 2010 [Docket No. 7232], approved by order entered on December 9, 2010 [Docket Nos. 7215, 7126]; Specific Disclosure Statement Relating to First Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [Docket No. 7135] approved by order entered on December 9, 2009 [Docket No. 7216]; and Explanatory Statement Relating to Modified Elections Under Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (as modified April 26, 2011) [Docket No. 8754] approved by order entered on May 17, 2011 [Docket No. 8926] (collectively with the Supplemental Disclosure Document, and as defined in Section 1.1.85 of the Third Amended DCL Plan, the "Disclosure Documents").

(collectively, the "Subsidiary Revoting Classes" and all of the Claims referenced in this paragraph, collectively, the "Revoting Classes").

C.      The forms of Supplemental Ballots, Supplemental Beneficial Ballots, Supplemental Master Ballots, and any corresponding supplemental treatment election forms for Beneficial Owners of Senior Notes (the "Supplemental Election Forms") for each of the Revoting Classes attached to this Order as Exhibits A-K, respectively, (i) are sufficiently consistent with Official Form No. 14 to be approved, (ii) adequately address the particular needs of these Chapter 11 Cases, including, without limitation, the resolicitation and tabulation of votes on the Third Amended DCL Plan and the making of elections called for under such Plan, and (iii) are appropriate for each Class of Claims entitled to revote to accept or reject the Third Amended DCL Plan and make elections thereon.

D.      The Supplemental Ballot for Holders of Claims in the Subsidiary Revoting Classes states in bolded text that where an impaired Class of Claims is otherwise entitled to vote on the DCL Plan, but no Claim in such Class is voted, such Class will be deemed to have accepted the Plan for that Debtor.

E.      The Supplemental Ballots, Supplemental Beneficial Ballots, Supplemental Master Ballots, and Supplemental Election Forms contain sufficient information to assure that (i) duplicate Supplemental Ballots, Supplemental Master Ballots, and Supplemental Election Forms are not submitted and tabulated and (ii) the Supplemental Master Ballots and Supplemental Election Forms reflect the votes and elections of the Beneficial Owners of the Debtors' Senior Notes and PHONES Notes (other than PHONES Notes Exchange Claims, which shall not be tabulated on Supplemental Master Ballots, but shall instead be voted directly).

F.      The period, as set forth below, in which the DCL Plan Proponents will resolicit acceptances of the Third Amended DCL Plan and new elections thereunder is a reasonable and adequate period of time for Holders of Claims in the Revoting Classes to make an informed decision to accept or reject the Third Amended DCL Plan, make any voluntary elections thereunder, and provide any required certifications.

G.      The procedures set forth in the Motion and the Instructions accompanying the forms of Supplemental Ballots, Supplemental Beneficial Ballots, Supplemental Master Ballots, and Supplemental Election Forms (a) provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code and the Bankruptcy Rules, and (b) are fair and reasonable with respect to a party's right to make the various elections and provide the various certifications contemplated by in the Third Amended DCL Plan, including, without limitation, the elections to grant the releases and select among the treatment options provided under the Third Amended DCL Plan.

H.      The Resolicitation Package to be distributed to Holders of Claims in the Revoting Classes, consisting of (i) a copy of the Third Amended DCL Plan, (ii) a copy of the Supplemental Disclosure Document, (iii) a copy of the applicable Supplemental Ballot, Supplemental Beneficial Ballot, Supplemental Master Ballot, Supplemental Election Form, and/or Foreign Ownership Certification Form, together with corresponding Instructions and one or more pre-paid return envelopes, (iv) a copy of the Confirmation Hearing Notice; and (v) a copy of this Order (without exhibits), complies with Bankruptcy Rules 2002 and 3017 and provides sufficient notice of the DCL Plan and the Confirmation Hearing to all interested parties.

I.      The combination of direct and published notice of the Third Amended DCL Plan and Confirmation Hearing, as set forth in the Motion, provides good and sufficient

notice of the Third Amended DCL Plan, the Confirmation Hearing, the opportunity for Holders

of Claims in the Revoting Classes to vote on, make elections under, and provide certifications

under the Third Amended DCL Plan, and the procedures for parties to object to the Third

Amended DCL Plan, and satisfies the requirements of due process with respect to all known and

unknown creditors of the Debtors.

        J.       The establishment of a new deadline for the submission of Media

Ownership Certifications is not required.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

        1.       The Motion, as supplemented by the Supplement and the Reply and

Second Supplement, is granted.

        2.       All applicable provisions of the Court's Prior Solicitation Orders[5] shall

continue in full force and effect for the purposes of resolicitation of votes on and elections under

the Third Amended DCL Plan, except as otherwise expressly modified in this Order.

        3.       <u>Supplemental Disclosure Document</u>.  The Supplemental Disclosure

Document is approved as containing adequate information within the meaning of section 1125 of

the Bankruptcy Code.

---

[5] This Court previously authorized procedures for solicitation of votes to accept or reject the DCL Plan, and to make elections thereunder, on two occasions.  <u>See</u> Order (I) Approving General Disclosure Statement and Specific Disclosure Statements; (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plans of Reorganization; (III) Approving Forms of Ballots, Master Ballots and Related Instructions; (IV) Approving Solicitation Package Contents and Authorizing Distribution of Solicitation and Notice Materials; (V) Fixing Voting Record Date; (VI) Establishing Notice and Objection Procedures in Respect of Confirmation; (VII) Setting Confirmation Schedule and Establishing Parameters on Confirmation-Related Discovery; (VIII) Establishing New Deadline for Return of Media Ownership Certifications; (IX) Authorizing Expansion of Balloting and Tabulation Agents Retention and Allocation of Costs of Same; and (X) Granting Related Relief [Docket No. 7126, amended at Docket No. 7215] (the "<u>First Solicitation Order</u>"); and Order Approving (I) Form, Scope and Procedures to (A) Provide Holders of Senior Loan Claims and Senior Guaranty Claims with Opportunity to Change Votes on Debtor/Committee/ Lender Plan; (B) Allow Holders of Senior Noteholder Claims and Other Parent Claims to Make New Treatment Elections; (C) Allow Holders of Claims that Previously Granted Certain Releases to Make Elections Concerning Such Releases as Modified; and (D) Allow Holders of Claims Against Tribune Company to Opt Out of Transfer of Disclaimed State Law Avoidance Claims to Creditors Trust Under Debtor/Committee/Lender Plan; and (II) Supplement to Disclosure Statement and Explanatory Statement and Distribution of Same [Docket No. 8926] (the "<u>Second Solicitation Order</u>" and, together with the First Solicitation Order, the "<u>Prior Solicitation Orders</u>").

4.      The DCL Plan Proponents are required to distribute the Supplemental Disclosure Document only to Holders of Claims in the Revoting Classes.

5.      <u>Scope of Resolicitation</u>.  The DCL Plan Proponents are authorized and empowered to provide the Holders of Senior Loan Claims/Senior Guaranty Claims, Bridge Loan Claims, Senior Noteholder Claims, Other Parent Claims, EGI-TRB LLC Notes Claims, PHONES Notes Claims, and General Unsecured Claims in the Subsidiary Revoting Classes with the opportunity to vote to accept or reject the Third Amended DCL Plan and make elections thereunder.

6.      The DCL Plan Proponents are not required to provide any other Holders of Claims that previously cast votes to accept or reject the Second Amended DCL Plan or that made elections thereunder with the opportunity to change such votes or elections.

7.      <u>Affirmance of Existing Deadlines Relating to Confirmation</u>.  In addition to the deadlines concerning the solicitation and consideration of confirmation of the Third Amended DCL Plan established by this Order, the deadlines previously established by the Court's Order Establishing Scheduling for (1) Resolution of the Allocation Disputes and (2) Consideration of DCL Plan Proponents' Supplemental Disclosure Document, Solicitation Procedures Motion and Plan (Docket No. 10692) (the "<u>Confirmation Scheduling Order</u>") are hereby affirmed.  The applicable deadlines concerning the schedule for consideration of the DCL Plan Proponents' Supplemental Disclosure Document, Solicitation Procedures Motion and Plan set forth in the Confirmation Scheduling Order are as follows:

- April 30, 2012 – Deadline to complete all discovery relating to confirmation of the Third Amended DCL Plan

- April 30, 2012 (4:00 p.m. Eastern time) – Supplemental Voting Deadline

- April 30, 2012 (11:59 p.m. Eastern time) – Deadline for filing objections to confirmation of the Third Amended DCL Plan (the "<u>Objection Deadline</u>")

- May 10, 2012 – Deadline for filing briefs in support of confirmation of the Third Amended DCL Plan and replies to confirmation objections

- May 16, 2012 (10:00 a.m. Eastern time) – Confirmation Hearing

8.     <u>Supplemental Voting Record Date</u>.  **March 22, 2012** is established as the Supplemental Voting Record Date for purposes of determining (i) the Holders of Claims in the Revoting Classes that are entitled to vote on the Third Amended DCL Plan, as set forth in the Motion, and (ii) the Holders of Claims in the non-Revoting Classes that, together with parties filing a notice of appearance in these cases, governmental units having an interest in these cases, indenture trustees and equity interest holders, will be provided the Confirmation Hearing Notice and a copy of this Order (without exhibits).

9.     <u>Approving Forms of Supplemental Ballots, Supplemental Beneficial Ballots, Supplemental Master Ballots, Supplemental Election Forms, and Instructions</u>.  The Supplemental Ballots, Supplemental Beneficial Ballots, Supplemental Master Ballots, and Supplemental Election Forms, together with their accompanying Instructions for each of the Revoting Classes, which shall be substantially in the forms annexed hereto as <u>Exhibits A-K</u>, respectively, are hereby approved.

10.     The Debtors are authorized to make non-material modifications to any Supplemental Ballots, Supplemental Beneficial Ballots, Supplemental Master Ballots, and Supplemental Election Forms to be distributed to Holders of Claims in the Revoting Classes pursuant to this Order without further order of the Court.

11.     <u>Resolicitation Package</u>.  The DCL Plan Proponents are authorized and empowered to distribute, through the Voting Agent, to Holders of Claims in the Revoting Classes, by first-class mail: (i) a copy of the Third Amended DCL Plan, (ii) a copy of the Supplemental Disclosure Document, (iii) an appropriate number of Supplemental Ballots,

Supplemental Beneficial Ballots, Supplemental Master Ballots, Supplemental Election Forms, and/or Foreign Ownership Certification Forms, as applicable, together with corresponding Instructions and one or more pre-paid return envelopes, (iv) a copy of the Confirmation Hearing Notice; and (v) a copy of this Order (without exhibits).

12.     <u>Resolicitation Procedures</u>. The DCL Plan Proponents are authorized and empowered to resolicit votes to accept or reject the DCL Plan from the Revoting Classes, in accordance with the following procedures:

- The DCL Plan Proponents will cause Supplemental Beneficial Ballots and accompanying Instructions, together with a Supplemental Master Ballot, to be distributed to each person or entity that was a record Holder of a Senior Noteholder Claim or PHONES Notes Claim (other than the Holder of a PHONES Notes Exchange Claim, discussed below) as of the Supplemental Voting Record Date. The record Holders of Senior Noteholder Claims and PHONES Notes Claims include, without limitation, representatives such as brokers, banks, commercial banks, transfer agents, trust companies, dealers, or other agents or nominees (collectively, the "<u>Voting Nominees</u>"). The Voting Agent will provide each Voting Nominee with reasonably sufficient numbers of Supplemental Beneficial Ballots and accompanying Instructions to distribute to the beneficial owners of the Senior Noteholder Claims and PHONES Notes Claims for whom such Voting Nominee acts (collectively, the "<u>Beneficial Owners</u>").

- The DCL Plan Proponents will also cause Supplemental Election Forms to be distributed to each person or entity that was a record Holder of a Senior Noteholder Claim as of the Supplemental Voting Record Date. In addition to the Supplemental Election Forms, Holders of Senior Noteholder Claims will receive Foreign Ownership Certification Forms for completion if such Holders elect to receive the Senior Noteholder Alternative Treatment. The elections made by Holders of Senior Noteholder Claims to receive the Senior Noteholder Alternative Treatment will be valid <u>only</u> if such Holders have electronically delivered their Senior Notes into the Automated Tender Offer Program at The Depository Trust Company (the "<u>ATOP System</u>") for placement into a Contra-CUSIP. Only the Voting Nominees can submit these elections on behalf of Beneficial Owners of Senior Noteholder Claims. Senior Notes electronically delivered into the ATOP System will <u>not</u> be freely tradable. Holders of Senior Noteholder Claims that elect to receive the Senior Noteholder Alternative Treatment and electronically deliver their Senior Notes into the Contra-CUSIP may withdraw their Senior Notes from the Contra-CUSIP up to and including the Supplemental Voting Deadline. However, if a Holder of a Senior Noteholder Claim withdraws its Senior Notes from the ATOP System, such Holder's election to receive the Senior Noteholder Alternative Treatment will <u>not</u> be counted. Holders of Senior

Noteholder Claims may not withdraw their Senior Notes from the ATOP System after the Supplemental Voting Deadline. Holders of Senior Noteholder Claims that elect to receive the Senior Noteholder Alternative Treatment, but fail to comply with the procedures for making such elections set forth above, will not receive the Senior Noteholder Alternative Treatment on account of such Holders' Allowed Senior Noteholder Claims.

- Each Voting Nominee will be required to forward the Resolicitation Packages to each Beneficial Owner for voting and making necessary certifications, together with one or more pre-paid return envelopes, so that the Beneficial Owner may return the completed Supplemental Beneficial Ballot, Supplemental Election Form, and Foreign Ownership Certification Form, if applicable, to the Voting Nominee by such deadline as may be established by the Voting Nominee. Each Voting Nominee shall tabulate the individual votes and elections (other than elections by Holders of Senior Noteholder Claims to receive the Senior Noteholder Alternative Treatment) of its respective Beneficial Owners from their Supplemental Beneficial Ballots on the Supplemental Master Ballot and return the Supplemental Master Ballot, the Supplemental Election Forms, and any Foreign Ownership Certification Forms received (if applicable) to the Voting Agent so that they are received prior to the Supplemental Voting Deadline. The Voting Nominees will be required to retain Supplemental Beneficial Ballots and Supplemental Election Forms for inspection for a period of at least five (5) years following the Supplemental Voting Deadline.

- With respect to Holders of PHONES Notes Exchange Claims, the DCL Plan Proponents will cause Resolicitation Packages to be distributed to the record Holder of the relevant PHONES Notes as of the date and time such PHONES Notes were put to Tribune for exchange. It shall be the responsibility of such record Holder to provide the Resolicitation Packages, including any Supplemental Ballot, to any Beneficial Owner(s) of such PHONES Notes, and neither the Voting Agent nor any of the DCL Plan Proponents shall have any responsibility to provide the Resolicitation Packages applicable to Holders of PHONES Notes Exchange Claims to any party other than such record Holder. The Supplemental Ballots to be provided on account of PHONES Notes Exchange Claims, and/or the Instructions accompanying such Supplemental Ballots, shall provide that they are to be returned directly to the Voting Agent and not to the relevant record Holders. The allowance of PHONES Notes Exchange Claims shall be solely for voting purposes pursuant to Bankruptcy Rule 3018(a), and shall not constitute a determination by the Court as to the allowance or classification of such Claims for any other purpose.

- The DCL Plan Proponents will cause Resolicitation Packages to be distributed to each person or entity that was a Holder of an Other Parent Claim, EGI-TRB LLC Notes Claim, or General Unsecured Claim in the Subsidiary Revoting Classes as of the Supplemental Voting Record Date.

- The Supplemental Ballot for Holders of Claims in the Subsidiary Revoting Classes states in bolded text that where an impaired Class of Claims is otherwise

entitled to vote on the DCL Plan, but no Claim in such Class is voted, such Class will be deemed to have accepted the Plan for that Debtor.

- The Holders of Other Parent Claims, EGI-TRB LLC Notes Claims, and General Unsecured Claims in the Subsidiary Revoting Classes will have until the Supplemental Voting Deadline to return the Supplemental Ballots to the Voting Agent.

13.     The procedures previously established by the Bankruptcy Court to tabulate votes and elections respecting the DCL Plan shall also apply to the tabulation of votes and elections on any Supplemental Ballots, Supplemental Beneficial Ballots, and Supplemental Master Ballots, as applicable, for the resolicitation of votes on and elections under the Third Amended DCL Plan.

14.     <u>Resolicitation Commencement</u>.  The Voting Agent shall complete mailing of the solicitation materials on or before **March 30, 2012**.

15.     <u>Supplemental Voting Deadline</u>.  Supplemental Ballots, Supplemental Master Ballots, and Supplemental Election Forms must be properly executed and completed, and the originals thereof shall be delivered to the Voting Agent so as to be actually received on or before the Supplemental Voting Deadline (being **April 30, 2012 at 4:00 p.m. (prevailing Eastern time)**) by (a) first-class mail postage prepaid in the return envelope provided with the Supplemental Ballot, Supplemental Master Ballot, or Supplemental Election Form, or (b) personal delivery or overnight courier, in each case to the addresses provided on the Supplemental Ballot, Supplemental Master Ballot, or Supplemental Election Form, as applicable, or in the Instructions for such Supplemental Ballot, Supplemental Master Ballot, or Supplemental Election Form.

16.     <u>No Electronic Transmissions</u>.  Supplemental Ballots, Supplemental Master Ballots, and Supplemental Election Forms may not be transmitted to the Voting Agent by e-mail, facsimile, or other electronic means.

11

17.    <u>No Withdrawal</u>.  After the Supplemental Voting Deadline, Holders of

Claims in the Revoting Classes may not withdraw or modify their Supplemental Ballots,

Supplemental Beneficial Ballots, Supplemental Master Ballots, or Supplemental Election Forms,

as applicable, in any way, absent prior consent of the DCL Plan Proponents or approval by this

Court.

18.    <u>Supplemental Tabulation Deadline</u>.  The Voting Agent is required to file

the results of its tabulation of votes to accept or reject the Third Amended DCL Plan and

accompanying election results no later than **May 7, 2012**.

19.    <u>Rule 3018 Motions</u>.  If any Holder of a Claim wishes to have its Claim

allowed for purposes of voting to accept or reject the Third Amended DCL Plan in a manner that

is inconsistent with the amount or classification(s) set forth on the Supplemental Ballot(s) (or

Supplemental Beneficial Ballot, as applicable) it received, or if any party that did not receive a

Supplemental Ballot wishes to have its Claim temporarily allowed for voting purposes only, such

Holder must serve on the DCL Plan Proponents and file with this Court, on or before **April 5,**

**2012**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such

Claim for purposes of voting (the "3018 Motion").  A 3018 Motion must set forth, with

particularity, the amount and classification in which such Holder believes its Claim should be

allowed for voting purposes and the evidence in support of its belief.  In respect of any timely-

filed 3018 Motion, the Supplemental Ballot(s) in question shall be counted against the Third

Amended DCL Plan (a) in the amount established by this Court in an order entered on or before

the Supplemental Voting Deadline, or (b) if such order has not been entered by the

Supplemental Voting Deadline and unless the DCL Plan Proponents and the party submitting the

3018 Motion have come to an agreement as to the relief requested in the 3018 Motion, in an

amount equal to (i) the liquidated, non-contingent, and non-disputed amount of such Claim as set forth in the Debtors' schedules of assets and liabilities; (ii) if a proof of claim has been timely filed in respect of such Claim, the liquidated, non-contingent, and non-disputed amount set forth in such proof of claim; or (iii) if neither (i) nor (ii) applies, such party shall not have a Supplemental Ballot counted at all.

20.    **April 25, 2012 at 1:00 p.m. (prevailing Eastern time)** is established as the date for a hearing to consider any and all 3018 Motions.

21.    With respect to the Holders of PHONES Notes Exchange Claims, the Court's First Solicitation Order shall continue to govern the allowance of such claims solely for the purposes of re-voting on and making elections under the Third Amended DCL Plan, in accordance with the procedures set forth in this Motion.  The allowance of PHONES Notes Exchange Claims pursuant to section 3018(a) of the Bankruptcy Code shall not constitute a determination by the Court as to the allowance or classification of such Claims for any other purpose.

22.    <u>Affirmance of Votes and Elections on DCL Plan by Non-Revoting Classes.</u>  The votes cast on and elections made under the Second Amended DCL Plan by Holders of General Unsecured Claims against the Filed Subsidiary Debtors that had at least one impaired accepting Class (Classes 3E, 8E, 9E, 11E, 16E, 17E, 21E, 39E, 41E, 44E, 45E and 50E-111E) shall continue to be tabulated as votes on and elections under the Third Amended DCL Plan.

23.    Holders of Other Parent Claims that elected to have their Claims treated as Convenience Claims as part of the prior solicitation process undertaken on the Second Amended DCL Plan shall continue to have that treatment election recognized and such Holders will not be

treated as Holders of Other Parent Claims for the purposes of resolicitation of the Third

Amended DCL Plan.

24.    <u>Withdrawal of Third Amended DCL Plan as to Certain Debtors</u>.  In the

event that the DCL Plan Proponents withdraw the Third Amended DCL Plan as to any Debtor

because (a) the Third Amended DCL Plan with respect to that Debtor fails to be accepted by the

requisite number and amount of claims voting or (b) the Court, for any reason, denies

confirmation of the Third Amended DCL Plan with respect to such Debtor, then the Debtors

shall have the authority to sell such Debtor's assets to a Debtor that is a proponent of the Third

Amended DCL Plan pursuant to sections 363(b) and/or 1123(b)(4) of the Bankruptcy Code, with

(i) such sale to be effective on or prior to the Effective Date of the Third Amended DCL Plan for

the acquiring Debtor, and (ii) the sale price for the selling Debtor's assets to be paid to the selling

Debtor in cash in an amount equal to the fair value of such assets, as proposed by Tribune

Company and approved by the Court.

25.    <u>Confirmation Hearing</u>.  The Confirmation Hearing shall commence on

**May 16, 2012** at **10:00 a.m. (prevailing Eastern time)**, as set forth in the Confirmation

Scheduling Order.

26.    <u>Notice of Confirmation Hearing</u>.  The Confirmation Hearing Notice and

the Publication Notice, substantially in the forms attached hereto as <u>Exhibits J</u> and <u>K</u>,

respectively, are hereby approved.

27.    The Debtors shall cause the Publication Notice to be published once each

in the national editions of <u>The Wall Street Journal</u>, <u>The New York Times</u>, the <u>Los Angeles</u>

<u>Times</u>, and the <u>Chicago Tribune</u> not less than twenty-eight (28) days before the Objection

Deadline.

28.     <u>Objections to Confirmation of the DCL Plan</u>.  Objections to confirmation

of the Third Amended DCL Plan (including any supporting memoranda) must: (i) be made in

writing; (ii) state the name and address of the objecting party and the nature of the claim or

interest of such party; (iii) state with particularity the legal and factual basis and nature of any

objection to the Third Amended DCL Plan; and (iv) be filed with the Court, together with proof

of service, and served so that they are received on or before the Objection Deadline (being **April

30, 2012 at 11:59 p.m. (prevailing Eastern time)**) by counsel to the DCL Plan Proponents, as

set forth in the Confirmation Scheduling Order.

29.     The Court shall consider only timely-filed written objections to

confirmation of the Third Amended DCL Plan.  All objections not timely filed and served in

accordance with the procedures described herein by the Objection Deadline shall be deemed

overruled.

30.     The DCL Plan Proponents shall file responses, if any, to any objections to

confirmation of the Third Amended DCL Plan on or before **May 10, 2012 at 11:59 p.m.

(prevailing Eastern time)**, as set forth in the Confirmation Scheduling Order.  The DCL Plan

Proponents shall also file with the Court their proposed findings of fact and conclusions of law

and their memorandum of law in support of confirmation of the Third Amended DCL Plan on or

before such date.

31.     <u>Media Ownership Certifications</u>. The deadline previously established by

the Court respecting the submission of Media Ownership Certifications is not modified by this

Order.

32.     <u>Amended Plan Supplement</u>. To the extent that any amendments to the Plan

Supplement are required in order to conform the terms of any Exhibits to the terms of the Third

Amended DCL Plan, the Debtors will file an Amended Plan Supplement on or before **April 23, 2012 at 11:59 p.m. (prevailing Eastern time)**, as set forth in the Confirmation Scheduling Order.

33.    <u>Notice to Holders of Customer Program Claims</u>.  The modified form of Credit/Refund Notice, substantially in the form annexed hereto as <u>Exhibit I</u>, is hereby approved and the Debtors are hereby authorized to send such Credit/Refund Notice to potential Holders of Customer Program Claims that that Debtors have identified as not having previously received the Credit/Refund Notice.  The Debtors are not required to distribute Resolicitation Packages to Holders of Customer Program Claims.  To the extent any potential Holders of Customer Program Claims contact the Debtors seeking solicitation materials in response to such Credit/Refund Notice, the Debtors shall have the right, but not the obligation, to satisfy any Customer Program Claim pursuant to the authority granted to the Debtors under the Customer Programs Order, in which case the Holder of any such Claim shall not be entitled to vote on the Third Amended DCL Plan.

34.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
       _____, 2012

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT A**

**Forms of Supplemental Beneficial Ballots and Supplemental Master Ballots
for Holders of Senior Noteholder Claims**

<u>Senior Noteholder Claims – Third Amended DCL Plan</u>

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## SUPPLEMENTAL BENEFICIAL BALLOT FOR BENEFICIAL OWNERS
## OF SENIOR NOTEHOLDER CLAIMS TO ACCEPT OR REJECT
## <u>THE THIRD AMENDED DCL PLAN</u>

On March [23], 2012, the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") entered an order [Docket No. [•]] (the "<u>Resolicitation Order</u>") to provide for, among other things, procedures for Holders of Senior Noteholder Claims to vote to accept or reject the Third Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries Proposed By the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., and Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "<u>Third Amended DCL Plan</u>") and to make certain elections called for under such Plan. Capitalized terms used but not defined in this Supplemental Ballot have the meanings given to them in (i) the Third Amended DCL Plan, (ii) the Supplemental Disclosure Document, (iii) the Resolicitation Order, or (iv) the attached Instructions, as applicable.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**PRIOR TO COMPLETING THIS SUPPLEMENTAL BENEFICIAL BALLOT, PLEASE REFER TO THE INSTRUCTIONS ATTACHED TO THIS SUPPLEMENTAL BENEFICIAL BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.**

**Claims Voted by this Supplemental Beneficial Ballot.**  You have been identified as a Beneficial Owner of a Senior Noteholder Claim (Class 1E Claims against Tribune Company) that is entitled to re-vote to accept or reject the Third Amended DCL Plan and make new elections thereunder. Senior Noteholder Claims are Claims based on the following series of Senior Notes issued by Tribune Company:

| Series of Notes | CUSIP # |
|---|---|
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

This Supplemental Beneficial Ballot is only to be used to vote your Senior Noteholder Claims.  If you hold other Claims against Tribune Company or the Subsidiary Debtors in the Debtors' Chapter 11 Cases and those Claims are in Classes entitled to re-vote for purposes of the Third Amended DCL Plan, you will receive separate Supplemental Ballots to vote such Claims.

If you wish to have your vote on and elections under the Third Amended DCL Plan counted, you must complete and return this Supplemental Beneficial Ballot and return it to your Voting Nominee (defined below) in sufficient time for your Voting Nominee to process your ballot and submit a Supplemental Master Ballot so that it is **actually received** by the Voting Agent by no later than **April 30, 2012 at 4:00 p.m. (Eastern Time)** (the "Supplemental Voting Deadline"), in accordance with the attached Instructions.

**To vote to accept or reject the Third Amended DCL Plan and, if desired, make the elections called for under the Third Amended DCL Plan, please complete the following:**

ITEM 1.    AGGREGATE PRINCIPAL AMOUNT OF SENIOR NOTEHOLDER CLAIM.  The undersigned certifies that as of March 22, 2012 (the "Supplemental Record Date"), the undersigned was the Beneficial Owner of a Senior Noteholder Claim in the following aggregate unpaid principal amount (for purposes of this Supplemental Beneficial Ballot, you should not adjust the principal amount for any accrued or unmatured interest).

$ _____

**The preprinted amount of your Senior Noteholder Claim above will control for voting purposes.**

ITEM 2.    VOTE TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN.  The Beneficial Owner of the Senior Noteholder Claim set forth above hereby votes with respect to such Claim on the Third Amended DCL Plan as follows (check one box only):

| ☐ to ACCEPT the Third Amended DCL Plan | ☐ to REJECT the Third Amended DCL Plan |
|---|---|

ITEM 3.    RELEASE ELECTION (OPTIONAL).  If you return a Supplemental Beneficial Ballot and vote to accept the Third Amended DCL Plan, you will be deemed to have granted the releases contained in Section 11.2.2 of the Plan unless you elect <u>not</u> to grant such releases by checking the applicable box below.[2]  If you vote to reject the Third Amended DCL Plan, you may elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan by checking the applicable box below.  If you do not return your Supplemental Beneficial Ballot, you are deemed not to grant the releases in Section 11.2.2 of the Third Amended DCL Plan unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.  The election to grant the releases is at your option.  **If you do not grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Third Amended DCL Plan.**

    ☐ The undersigned has voted to accept the Third Amended DCL Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.

    ☐ The undersigned has voted to reject the Third Amended DCL Plan in Item 2 above but elects to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.

**Under separate cover, you have received, or will receive, a separate Supplemental Election Form by which you may (a) elect to receive an alternative distribution on account of your Senior Noteholder Claims, and, if such election is made, (b) also elect to designate one or more alternative recipients of any New Common Stock that you receive under the Third Amended DCL Plan.  PLEASE CAREFULLY REVIEW AND FOLLOW THE INSTRUCTIONS RECEIVED WITH THE SUPPLEMENTAL ELECTION FORM.**

ITEM 4.    CERTIFICATION.  By signing this Supplemental Beneficial Ballot, the Holder of the Senior Noteholder Claim identified in Item 1 certifies and/or acknowledges that:

a.    it is the Beneficial Owner of the Senior Noteholder Claim to which this Supplemental Beneficial Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Third Amended DCL Plan and make the election called for on this Supplemental Beneficial Ballot;

b.    it has been provided with a copy of the Third Amended DCL Plan, the Supplemental Disclosure Document, and the Resolicitation Order and acknowledges that the vote and elections set forth on this Supplemental Beneficial Ballot are subject to all of the terms and conditions set forth in the Third Amended DCL Plan, the Supplemental Disclosure Document, and the Resolicitation Order;

---

[2] Section 11.2.2 of the Third Amended DCL Plan provides that each Person (a) that has voted to accept the Plan and has not opted out from granting the releases, (b) that has voted to reject the Plan but has opted to grant the releases, (c) that is deemed to accept the Plan and has been provided an opportunity but has not opted out of granting the releases, or (d) who otherwise agrees to provide the releases, shall be deemed to have unconditionally released each and all of the Released Parties of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Documents or the Restructuring Transactions (as such terms are defined in the Third Amended DCL Plan), except as otherwise provided in Section 11.2.2 of the Third Amended DCL Plan.

     c.     it has not submitted any other Supplemental Beneficial Ballot(s) on account of the Senior Noteholder Claim voted herein that are inconsistent with the votes as set forth in this Supplemental Beneficial Ballot or that, as limited by the terms of the Resolicitation Order and the instructions attached hereto, if such other Supplemental Beneficial Ballot(s) was/were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein;

     d.     it is deemed to have consented to the submission of a Supplemental Master Ballot to the Voting Agent (if applicable); and

     e.     either (a) this Supplemental Beneficial Ballot is the only Supplemental Beneficial Ballot submitted by the undersigned for Senior Noteholder Claims or (b) in addition to this Supplemental Beneficial Ballot, one or more Supplemental Beneficial Ballot(s) for Senior Noteholder Claims have been submitted as follows (please use additional sheets of paper if necessary):

**COMPLETE THIS SECTION ONLY IF YOU HAVE VOTED OTHER SUPPLEMENTAL BENEFICIAL BALLOTS**

| Account Number of Other Senior Noteholder Claims | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims | CUSIP Number of Other Senior Noteholder Claims | Principal Amount of Other Senior Noteholder Claims Voted in Additional Ballot(s) |
|---|---|---|---|
| 1. | | | $ |
| 2. | | | $ |
| 3. | | | $ |
| 4. | | | $ |

Name: _____
         (Print or Type)

Signature:_____

By:_____
         (If Applicable)

Title:_____
         (If Applicable)

Mailing Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Supplemental Beneficial Ballot is not, and may not be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest, or (b) an admission by the Debtors or the other Proponents of the Third Amended DCL Plan of the nature, validity, or amount of any Claim, and does not signify that your claim has been or will be Allowed.

**THE SUPPLEMENTAL VOTING DEADLINE IS 4:00 P.M. EASTERN TIME ON APRIL 30, 2012, UNLESS SUCH TIME IS EXTENDED.  PLEASE RETURN YOUR SUPPLEMENTAL BENEFICIAL BALLOT TO YOUR VOTING NOMINEE IN THE ENVELOPE PROVIDED IN SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR SUPPLEMENTAL BENEFICIAL BALLOT AND SUBMIT A SUPPLEMENTAL MASTER BALLOT TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE THE SUPPLEMENTAL VOTING DEADLINE OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN.**

**VOTES AND ELECTIONS MADE ON PRIOR VERSIONS OF THE THIRD AMENDED DCL PLAN, OR OTHER PLANS OF REORGANIZATION FOR THE DEBTORS, BY HOLDERS OF SENIOR NOTEHOLDER CLAIMS WILL NOT BE RE-COUNTED.  THEREFORE, YOU MUST BE SURE THAT THE SUPPLEMENTAL BENEFICIAL BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE SUPPLEMENTAL VOTING DEADLINE.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS SUPPLEMENTAL BENEFICIAL BALLOT OR THE PROCEDURES FOR VOTING ON THE THIRD AMENDED DCL PLAN, OR IF YOU NEED AN ADDITIONAL SUPPLEMENTAL BENEFICIAL BALLOT OR ADDITIONAL COPIES OF THE SUPPLEMENTAL DISCLOSURE DOCUMENT, THE THIRD AMENDED DCL PLAN, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT <u>TRIBUNEVOTE@EPIQSYSTEMS.COM</u>.**

**INSTRUCTIONS FOR COMPLETING SUPPLEMENTAL BENEFICIAL BALLOTS
FOR HOLDERS OF SENIOR NOTEHOLDER CLAIMS TO ACCEPT OR REJECT
THE THIRD AMENDED DCL PLAN**

**THESE INSTRUCTIONS EXPLAIN HOW TO COMPLETE THE SUPPLEMENTAL
BENEFICIAL BALLOT ENCLOSED IN THE RESOLICITATION PACKAGE FOR VOTING
TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN.  PLEASE READ AND
FOLLOW THESE INSTRUCTIONS CAREFULLY SO THAT YOUR VOTES AND ELECTIONS
RESPECTING THE THIRD AMENDED DCL PLAN WILL BE COUNTED.**

### Why You Have Received a Supplemental Beneficial Ballot

On March [23], 2012, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. [•]] (the "Resolicitation Order") to provide, among other things, for procedures for certain Holders of Claims against Tribune Company and/or its subsidiaries in the above-captioned Chapter 11 Cases (collectively, the "Debtors") to vote to accept or reject the Third Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries Proposed By the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Third Amended DCL Plan") and to make elections called for under such Plan.  Capitalized terms used but not defined in these Instructions have the meanings ascribed to them in (i) the Third Amended DCL Plan, (ii) the Supplemental Disclosure Document, or (iii) the Resolicitation Order, as applicable.

The Resolicitation Order provides, among other things, that Holders of Senior Noteholder Claims may re-vote on the Third Amended DCL Plan and may make new elections thereunder.

You have previously received ballots for voting on and making elections under earlier versions of the Third Amended DCL Plan and other plans of reorganization that were proposed for the Debtors with respect to your Senior Noteholder Claim.  Please be aware that your votes on and elections under the earlier versions of the Third Amended DCL Plan and other plans of reorganization with respect to your Senior Noteholder Claim are not being counted for purposes of the Third Amended DCL Plan.  Accordingly, if you wish to have your vote on and elections under the Third Amended DCL Plan counted, you must complete and return the Supplemental Beneficial Ballot as provided in these Instructions.

### Claims Voted by the Supplemental Beneficial Ballots

You have been identified as a Beneficial Owner of a Senior Noteholder Claim (Class 1E Claims against Tribune Company) that is entitled to re-vote to accept or reject the Third Amended DCL Plan and to make certain elections called for under that Plan.  Senior Noteholder Claims are all Claims based on the following series of Senior Notes issued by Tribune Company:

| Series of Notes | CUSIP # |
|---|---|
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

**Materials that You Have Been Sent with the Supplemental Beneficial Ballot**

You have been sent various materials to assist you in deciding how to vote on the Third Amended DCL Plan (collectively, the "Resolicitation Package").  In addition to the Supplemental Ballot, the Resolicitation Package contains the following:

- a copy of the Third Amended DCL Plan;

- a Supplemental Disclosure Document (the "Supplemental Disclosure Document") that describes the modifications to the Third Amended DCL Plan that have been made since the prior solicitation of votes on and elections under such Plan.  The Supplemental Disclosure Document has been approved by the Bankruptcy Court as a supplement to the previously-distributed Disclosure Documents[1] to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Third Amended DCL Plan;

- notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Third Amended DCL Plan; and

- a copy of the Resolicitation Order (without exhibits).  The Resolicitation Order contains important information regarding the process of voting on the Third Amended DCL Plan and how votes on and elections under the Third Amended DCL Plan will be tabulated.

Additionally, Holders of Senior Noteholder Claims will receive, by separate mailing, a supplemental election form (the "Supplemental Election Form") by which such Holders may (a) elect to receive an alternative distribution on account of their Allowed Senior Noteholder Claims, and, if such election is made, (b) also elect to designate one or more alternative recipients of any New Common Stock such Holder may receive under the Third Amended DCL Plan.  Details concerning each of the foregoing elections, and the resulting effect that such elections may have on potential recoveries under the Third Amended DCL Plan, are described in the Plan and Disclosure Documents.  Please see the Supplemental Election Form and its accompanying instructions for further information regarding these elections.

**It is very important that you read all of these materials carefully in deciding how you wish to vote on the Third Amended DCL Plan and whether you wish to make the elections called for under such Plan.  Your vote on and elections under the Third Amended DCL Plan are very important and may affect your rights and the treatment of your Claim.**

If you would like to receive additional copies of the Third Amended DCL Plan, the Supplemental Disclosure Document, or any other materials relating to the Third Amended DCL Plan, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting Epiq Bankruptcy Solutions, LLC (the "Voting Agent") at (888) 287-7568 or tribunevote@epiqsystems.com.

---

[1] See General Disclosure Statement dated December 15, 2010 [Docket No. 7232] (the "General Disclosure Statement"), which contains a general description of (among other things) the Debtors, their respective businesses and their reorganization proceedings; (ii) the Specific Disclosure Statement Relating to First Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [Docket No. 7135] (the "Specific Disclosure Statement"), which contains a detailed description of (among other things) the provisions of the First Amended DCL Plan, including those provisions that are retained in the Third Amended DCL Plan; and (iii) the Explanatory Statement Relating to Modified Elections Under Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (as modified April 26, 2011) [Docket No. 8754] (the "Explanatory Statement"), which contains a description of (among other things) certain elections offered under the Second Amended DCL Plan (the General Disclosure Statement, the Specific Disclosure Statement, the Explanatory Statement, and the Supplemental Disclosure Document, collectively, the "Disclosure Documents").

**<u>Deadline for Returning Supplemental Beneficial Ballots</u>**

You must complete, sign, and date your Supplemental Beneficial Ballot and return it in the enclosed envelope to your broker, bank, commercial bank, trust company, dealer, or other agent or nominee (a "<u>Voting Nominee</u>") in sufficient time for your Voting Nominee to process your Supplemental Beneficial Ballot and submit a Supplemental Master Ballot to the Voting Agent so that it is **actually received** by the Voting Agent no later than **4:00 p.m. (Eastern Time) on April 30, 2012 (the "Supplemental Voting Deadline")**, or your votes will <u>not</u> be counted, and your elections will <u>not</u> be valid. Your Voting Nominee will provide specific instructions for returning the Supplemental Beneficial Ballot to such Voting Nominee. Please do <u>not</u> mail Supplemental Beneficial Ballots directly to the Voting Agent, the Debtors, or to any of the other Proponents of the Third Amended DCL Plan.

**<u>How to Complete Your Supplemental Beneficial Ballot</u>**

The following are step-by-step instructions for how to complete your Supplemental Beneficial Ballot for voting on the Third Amended DCL Plan and making the elections called for thereunder:

**<u>ITEM 1</u>:** **Amount of Claim.**

If you are a Holder of a Senior Noteholder Claim, please certify the amount of your Claim as of March 22, 2012 (the "<u>Supplemental Record Date</u>"). By certifying the amount in Item 1, you are certifying that the party submitting the Supplemental Beneficial Ballot is the Beneficial Owner, as of the Supplemental Record Date, of a Claim in the aggregate unpaid amount set forth in Item 1 of the Supplemental Beneficial Ballot. The preprinted amount of the Claim set forth in Item 1 of the Supplemental Beneficial Ballot will control for voting purposes. If you do not agree with the amount preprinted on Item 1 of the Supplemental Beneficial Ballot, please see "Questions Concerning Your Claim Amount" below.

**<u>ITEM 2</u>:** **Vote to Accept or Reject the Third Amended DCL Plan.**

Please cast your vote to accept or reject the Third Amended DCL Plan by checking the applicable box in Item 2. Please note that you must vote the entire amount of your Claim to accept or reject the Third Amended DCL Plan; in other words, you may not vote part of your Claim to accept and part of your Claim to reject the Third Amended DCL Plan.

Please be aware that your vote to accept the Third Amended DCL Plan may also be deemed to be a release of various claims provided for in the Plan. It is important that you review the Third Amended DCL Plan carefully in considering how to vote.

If the Third Amended DCL Plan is confirmed by the Bankruptcy Court and becomes effective, it will be binding upon you whether or not you vote to accept or reject the Plan or abstain from voting on the Plan.

**<u>ITEM 3</u>:** **Release Election (Optional).**

If you vote to accept the Third Amended DCL Plan, you are deemed to grant the releases in Section 11.2.2 of the Third Amended DCL Plan, <u>unless</u> you affirmatively opt out of granting those releases by checking the applicable box on the Supplemental Beneficial Ballot. If you vote to reject the Third Amended DCL Plan, you are deemed not to grant the releases in Section 11.2.2 of the Third Amended DCL Plan, <u>unless</u> you affirmatively elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan by checking the applicable box on your Supplemental Beneficial Ballot. If you do not return a Supplemental Beneficial Ballot, you are deemed not to grant the releases in Section 11.2.2 of the Third Amended DCL Plan unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.

If you voted to accept the Third Amended DCL Plan but wish to opt out of granting the releases in Section 11.2.2 of the Third Amended DCL Plan, please check the box corresponding to that election in Item 3.  Similarly, if you vote to reject the Third Amended DCL Plan but wish to grant the releases in Section 11.2.2 of the Third Amended DCL Plan, please check the box corresponding to that election in Item 3.

If you either (i) vote to accept the Third Amended DCL Plan and do not check the box in Item 3 opting not to grant the Section 11.2.2 releases, or (ii) vote to reject the Third Amended DCL Plan and check the box in Item 3 opting to grant the Section 11.2.2 releases, you will have consented to the releases set forth in Section 11.2.2 of the Third Amended DCL Plan to the fullest extent permitted by applicable law.  **If you do <u>not</u> grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan, you will <u>not</u> receive the benefit of the releases set forth in the Third Amended DCL Plan.**

The Third Amended DCL Plan provides that each Person (a) that has voted to accept the Plan and has not opted out from granting the releases, (b) that has voted to reject the Plan but has opted to grant the releases, (c) that is deemed to accept the Plan and has been provided an opportunity but has not opted out of granting the releases, or (d) who otherwise agrees to provide the releases, shall be deemed to have unconditionally released each and all of the Released Parties of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Documents or the Restructuring Transactions (as such terms are defined in the Third Amended DCL Plan), except as otherwise provided in Section 11.2.2 of the Third Amended DCL Plan.

**<u>ITEM 4</u>:**        **Certifications.**

Please review and complete the certifications in Item 4.  Your original signature is required on the Supplemental Beneficial Ballot for your votes on and elections under the Third Amended DCL Plan to count.  In addition, in Item 4, if you are completing the Supplemental Beneficial Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  You may be requested at a later time to provide proof of your authorization to so sign.  In addition, please provide your name and mailing address if different from that set forth on the mailing label, or if no mailing label is attached to the Supplemental Beneficial Ballot.

The certifications in Item 4 also require you to certify that the Supplemental Beneficial Ballot being submitted is either the only Supplemental Beneficial Ballot you have submitted for Senior Noteholder Claims or, if not, that all other Supplemental Beneficial Ballots submitted by you for such Claims are as identified in Item 4(e).  You may attach additional sheets of paper if necessary to complete Item 4(e).

### <u>Returning Your Supplemental Beneficial Ballot</u>

Once you have completed your Supplemental Beneficial Ballot in accordance with the foregoing instructions, please return the completed Supplemental Beneficial Ballot to the Voting Nominee for inclusion on a Supplemental Master Ballot to be prepared and submitted by such Voting Nominee to the Voting Agent.  Please allow sufficient time for mailing your Supplemental Beneficial Ballot to your Voting Nominee so that the Voting Nominee may include your votes and elections on a Supplemental Master Ballot and provide it to the Voting Agent before the Supplemental Voting Deadline.

**No Electronic Transmissions.**  Supplemental Beneficial Ballots submitted by facsimile or other electronic transmission will <u>not</u> be counted.  In addition, please note that if your Supplemental Beneficial Ballot is illegible or contains insufficient information to permit the identification of the Holder of the Claim, your Supplemental Beneficial Ballot will <u>not</u> be counted.  Do <u>not</u> mail your Supplemental Beneficial Ballot directly to the Voting Agent, the Debtors, or to any of the Proponents of the Third Amended DCL Plan.

**No Withdrawal.**  After the Supplemental Voting Deadline, unless you obtain the prior consent of the Proponents of the Third Amended DCL Plan or Bankruptcy Court approval, you may not (i) withdraw or modify your Supplemental Beneficial Ballot in any way, (ii) change your vote to accept or reject the Third Amended DCL Plan, (iii) change your release election, or (iv) change your treatment elections.

**Questions Concerning Your Claim Amount.**  If you disagree with the amount of your Claim set forth in Item 1 of the Supplemental Beneficial Ballot, you may ask the Bankruptcy Court to allow your Claim solely for voting purposes in a different amount.  To have your Claim allowed solely for voting purposes under the Third Amended DCL Plan in a different amount, you must serve on the Proponents of the Third Amended DCL Plan (at the addresses listed on page 1 of the Third Amended DCL Plan) and file with the Bankruptcy Court, on or before **April 5, 2012**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (a "<u>3018 Motion</u>").

A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes only, and the evidence in support of your belief.  If you file a 3018 Motion by the deadline above, your Supplemental Beneficial Ballot will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Supplemental Voting Deadline, or (b) if such an order has not been entered by the Supplemental Voting Deadline and unless the Proponents of the Third Amended DCL Plan have come to an agreement with you as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Supplemental Beneficial Ballot or otherwise in accordance with the tabulation rules set forth in the Resolicitation Order.  **April 25, 2012, at 1:00 p.m. (Eastern Time)** has been established as the date and time for a hearing to consider any and all 3018 Motions.

**Additional Questions.**  If you have questions concerning the Supplemental Beneficial Ballot or the procedures for voting on and making elections under the Third Amended DCL Plan, or if you need an additional Supplemental Beneficial Ballot or additional copies of other materials in the Resolicitation Package, please contact the Voting Agent at (888) 287-7568 or at <u>tribunevote@epiqsystems.com</u>.  The materials in the Resolicitation Package may also be obtained free of charge by visiting <u>http://chapter11.epiqsystems.com/tribune</u>.

**Supplemental Beneficial Ballot is Not a Proof of Claim or Interest.**  The Supplemental Beneficial Ballot is not, and may not be deemed to be, (a) a proof of claim or equity interest or an assertion of a claim or equity interest, or (b) an admission by the Debtors or the other Proponents of the Third Amended DCL Plan of the nature, validity, or amount of any Claim, and does not signify that your Claim has been or will be Allowed.

**Additional Information.**  No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Third Amended DCL Plan.  The Supplemental Beneficial Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Third Amended DCL Plan and make the elections called for on the Supplemental Beneficial Ballot.  Holders should not surrender any debt instruments together with their Supplemental Beneficial Ballot.  The Voting Agent will not accept delivery of any such instruments surrendered together with a Supplemental Master Ballot or Supplemental Beneficial Ballot.

**Master Ballot for Senior Noteholder Claims – Third Amended DCL Plan**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**SUPPLEMENTAL MASTER BALLOT FOR VOTING NOMINEES OF HOLDERS OF SENIOR NOTEHOLDER CLAIMS TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN**

**PLEASE READ AND FOLLOW THE INSTRUCTIONS CAREFULLY.**

**PLEASE COMPLETE, SIGN, AND DATE THIS SUPPLEMENTAL MASTER BALLOT AND RETURN IT TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "VOTING AGENT") AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017, SO THAT IT IS ACTUALLY RECEIVED BY THE VOTING AGENT BY APRIL 30, 2012 AT 4:00 P.M. EASTERN TIME (THE "SUPPLEMENTAL VOTING DEADLINE").**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**IF THIS SUPPLEMENTAL MASTER BALLOT IS NOT ACTUALLY RECEIVED BY THE VOTING AGENT BY THE SUPPLEMENTAL VOTING DEADLINE, THE VOTES AND ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED. VOTES AND ELECTIONS MADE ON PRIOR VERSIONS OF THE THIRD AMENDED DCL PLAN BY HOLDERS OF SENIOR NOTEHOLDER CLAIMS WILL NOT BE RE-COUNTED. THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE SUPPLEMENTAL MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE SUPPLEMENTAL VOTING DEADLINE.**

On March [23], 2012, the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") entered an order [Docket No. [•]] (the "<u>Resolicitation Order</u>") to provide for, among other things, procedures for Holders of Senior Noteholder Claims to vote to accept or reject the Third Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries Proposed By the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "<u>Third Amended DCL Plan</u>") and to make certain elections called for under such Plan. Capitalized terms used but not defined in this Supplemental Master Ballot have the meanings given to them in (i) the Third Amended DCL Plan, (ii) the Supplemental Disclosure Document, or (iii) the Resolicitation Order, as applicable.

You have previously received master ballots on behalf of beneficial owners of Senior Notes issued by Tribune Company ("<u>Beneficial Owners</u>") for tabulating votes on and elections under earlier versions of the Third Amended DCL Plan and other plans of reorganization that were proposed for the Debtors. Please be aware that votes on and elections under the earlier versions of the Third Amended DCL Plan and other plans of reorganization with respect to the Senior Noteholder Claims are <u>not</u> being counted for purposes of the Third Amended DCL Plan. Accordingly, for the votes on and elections under the Third Amended DCL Plan of your Beneficial Owners to be counted, you must complete and return this Supplemental Master Ballot so that it is **actually received** by the Voting Agent by the Supplemental Voting Deadline, in accordance with the attached Instructions.

This Supplemental Master Ballot is to be used by you, as a broker, bank, commercial bank, trust company, dealer, or other agent or nominee (each of the foregoing, a "<u>Voting Nominee</u>") to tabulate and transmit the votes and elections of Beneficial Owners in respect of their Senior Noteholder Claims.

The proponents of the Third Amended DCL Plan have provided to you, by separate mailing, voting materials for each of the Beneficial Owners for whom you act as Voting Nominee, consisting of Supplemental Beneficial Ballots and Supplemental Election Forms, copies of the Third Amended DCL Plan, a Supplemental Disclosure Document (the "<u>Supplemental Disclosure Document</u>") that describes the modifications to the Third Amended DCL Plan that have been made since the prior solicitation of votes on and elections under such Plan, notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Third Amended DCL Plan, and copies of the Resolicitation Order (without exhibits) (collectively, the "<u>Resolicitation Packages</u>").

Senior Noteholder Claims are all Claims based on the following series of Senior Notes issued by Tribune Company:

| Series of Notes | CUSIP # |
|---|---|
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |

| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

Votes to accept or reject the Third Amended DCL Plan from Beneficial Owners of Senior Noteholder Claims, and accompanying elections, will be returned to you on Supplemental Beneficial Ballots.  For each completed, executed Supplemental Beneficial Ballot returned to you by a Beneficial Owner, you must retain a copy of such Supplemental Beneficial Ballot in your files for at least **five (5) years** from the Supplemental Voting Deadline.

**PRIOR TO COMPLETING THIS SUPPLEMENTAL MASTER BALLOT, PLEASE REFER TO THE INSTRUCTIONS ATTACHED TO THIS SUPPLEMENTAL MASTER BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.**

ITEM 1.    CERTIFICATION OF AUTHORITY TO VOTE.  The undersigned certifies that as of March 22, 2012, (the "Supplemental Record Date"), it (please check applicable box):

is the broker, bank, or other agent or nominee that is the registered holder for the Beneficial Owners of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below; or

is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by the broker, bank, or other agent or nominee that is the registered holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below; or

has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a Beneficial Owner, that is the registered holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 and, accordingly, has full power and authority to (1) vote to accept or reject the Third Amended DCL Plan and (2) make the elections called for under such Plan, each on behalf of the Beneficial Owners of the Senior Noteholder Claims described in Items 2 and 3 below.

ITEM 2.    TABULATION OF BENEFICIAL OWNER VOTING.  The undersigned certifies that:

ITEM 2A.    <u>Acceptances/Rejections</u>.  The Beneficial Owners of Senior Noteholder Claims in the following aggregate unpaid principal amounts have delivered duly completed Supplemental Beneficial Ballots to the undersigned (or such information was derived from Supplemental Beneficial Ballots that have been summarized in intermediary Supplemental Master Ballots delivered to the undersigned) voting to accept or reject the Third Amended DCL Plan:

| Total Number of Holders of Senior Noteholder Claims Voting to Accept | Total Aggregate Unpaid Principal Amount of Holders Voting to Accept | Total Number of Holders of Senior Noteholder Claims Voting to Reject | Total Aggregate Unpaid Principal Amount of Holders Voting to Reject |
|---|---|---|---|
| | $_____ | | $_____ |

ITEM 2B.    <u>Release Elections</u>.  The undersigned certifies that the Beneficial Owners of Senior Noteholder Claims in the following aggregate unpaid principal amounts have made the release elections below under the Third Amended DCL Plan:

| Total Number of Holders Voting to Reject the Third Amended DCL Plan who Elected to Grant Releases contained in Section 11.2.2 of Third Amended DCL Plan | Total Aggregate Unpaid Principal Amount of Holders Voting to Reject the Third Amended DCL Plan who Elected to Grant Releases contained in Section 11.2.2 of Third Amended DCL Plan | Total Number of Holders Voting to Accept the Third Amended DCL Plan who Elected Not to Grant Releases contained in Section 11.2.2 of Third Amended DCL Plan | Total Aggregate Unpaid Principal Amount of Holders Voting to Accept the Third Amended DCL Plan who Elected Not to Grant Releases contained in Section 11.2.2 of Third Amended DCL Plan |
|---|---|---|---|
| | $_____ | | $_____ |

4

ITEM 3.    TRANSMITTAL OF VOTES FROM SUPPLEMENTAL BENEFICIAL BALLOTS.  The undersigned transmits the following votes of Beneficial Owners of Senior Noteholder Claims and certifies that the following are Beneficial Owners, as of the Supplemental Record Date, and have delivered to the undersigned, as Voting Nominee, Supplemental Beneficial Ballots casting such votes (indicate in each column the aggregate principal amount voted for each account).

| Your Customer Name or Account Number for Each Beneficial Owner Voting on the Third Amended DCL Plan | Principal Amount of Senior Notes Voting | Voted to ACCEPT the Third Amended DCL Plan | Voted to REJECT the Third Amended DCL Plan | Check if Beneficial Owner voted to Reject the Third Amended DCL Plan and Elected to grant the releases contained in Section 11.2.2 of Third Amended DCL Plan | Check if Beneficial Owner voted to Accept the Third Amended DCL Plan and Elected not to grant the releases contained in Section 11.2.2 of Third Amended DCL Plan |
|---|---|---|---|---|---|
| 1. | $ | ☐ | ☐ | ☐ | ☐ |
| 2. | $ | ☐ | ☐ | ☐ | ☐ |
| 3. | $ | ☐ | ☐ | ☐ | ☐ |
| 4. | $ | ☐ | ☐ | ☐ | ☐ |
| 5. | $ | ☐ | ☐ | ☐ | ☐ |
| 6. | $ | ☐ | ☐ | ☐ | ☐ |
| 7. | $ | ☐ | ☐ | ☐ | ☐ |
| 8. | $ | ☐ | ☐ | ☐ | ☐ |
| 9. | $ | ☐ | ☐ | ☐ | ☐ |
| 10. | $ | ☐ | ☐ | ☐ | ☐ |

**USE ADDITIONAL SHEETS IF NECESSARY**.

ITEM 4.    ADDITIONAL INFORMATION SUBMITTED BY BENEFICIAL OWNERS.  The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 4(e) of each Supplemental Beneficial Ballot received from a Beneficial Owner of the Senior Noteholder Claims.

**Information transcribed from Item 4 of the Supplemental Beneficial Ballots regarding other <u>Supplemental Beneficial Ballots cast in respect of Senior Noteholder Claims</u>**

| Your Customer Name or Account Number for Each Beneficial Owner who completed Item 4(e) of the Supplemental Beneficial Ballot | Account Number of Other Senior Notes | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims Voted | CUSIP Number of Senior Noteholder Claims Voted | Principal Amount of Other Senior Noteholder Claims Voted in Additional Supplemental Beneficial Ballot(s) |
|---|---|---|---|---|
| 1. | | | | $ |
| 2. | | | | $ |
| 3. | | | | $ |
| 4. | | | | $ |

**USE ADDITIONAL SHEETS IF NECESSARY.**

ITEM 5.    CERTIFICATION.  By signing this Supplemental Master Ballot, the undersigned certifies that: (a) each Beneficial Owner of Senior Noteholder Claims whose votes and elections are being transmitted by this Supplemental Master Ballot has been provided with a copy of the Third Amended DCL Plan, the Supplemental Disclosure Document, the Resolicitation Order, and a Supplemental Beneficial Ballot for voting its Claim on the Third Amended DCL Plan; (b) it is the registered holder of the Senior Notes to which this Supplemental Master Ballot pertains and/or has full power and authority to vote to accept or reject the Third Amended DCL Plan and make the elections called for thereunder; (c) it received a properly completed and signed Supplemental Beneficial Ballot from each Beneficial Owner listed in Item 3 above; and (d) it accurately transcribed all applicable information from the Supplemental Beneficial Ballots received from each Beneficial Owner.

The undersigned also acknowledges that the solicitation of this vote to accept or reject the Third Amended DCL Plan is subject to all the terms and conditions set forth in the Resolicitation Order, dated March [23], 2012.

_____
Name of Voting Nominee

_____
Participant Number

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Mailing Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Email

_____
Date Completed

**INSTRUCTIONS FOR COMPLETING THE SUPPLEMENTAL MASTER BALLOT
TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN**

**THESE INSTRUCTIONS EXPLAIN HOW TO COMPLETE THE SUPPLEMENTAL MASTER
BALLOT FOR VOTING NOMINEES OF HOLDERS OF SENIOR NOTEHOLDER CLAIMS TO
VOTE TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN.  PLEASE READ AND
FOLLOW THESE INSTRUCTIONS CAREFULLY SO THAT YOUR CUSTOMERS' VOTES
AND ELECTIONS RESPECTING THE THIRD AMENDED DCL PLAN WILL BE COUNTED.**

You are receiving this package because you have been identified as a broker, bank, commercial
bank, trust company, dealer, or other agent or nominee (each of the foregoing, a "Voting Nominee") for
beneficial owners of Senior Notes issued by Tribune Company ("Beneficial Owners").  Capitalized terms
used but not defined in the Supplemental Master Ballot or these Instructions have the meanings ascribed
to them in (i) the Third Amended DCL Plan, (ii) the Supplemental Disclosure Document, or (iii) the
Resolicitation Order, as applicable.

**Supplemental Voting Deadline**

The Supplemental Voting Deadline is **April 30, 2012 at 4:00 p.m. (Eastern Time)**.  To have the
votes and elections of your Beneficial Owners count, you must complete, sign, and return the
Supplemental Master Ballot so that it is actually received by the Voting Agent at the address set forth in
the Supplemental Master Ballot on or before the Supplemental Voting Deadline.

**Transmittal of Supplemental Beneficial Ballots to Beneficial Owners**

If you are acting as a Voting Nominee for Beneficial Owners of Senior Noteholder Claims issued
by Tribune Company, you must (i) deliver a Supplemental Beneficial Ballot to such Beneficial Owner(s),
along with the Supplemental Disclosure Document, the Third Amended DCL Plan, the Resolicitation
Order, the Confirmation Hearing Notice, and other materials required to be forwarded; and (ii) take the
necessary actions to enable such Beneficial Owners to (a) complete and execute such Supplemental
Beneficial Ballot and (b) return the completed, executed Supplemental Beneficial Ballot to you in
sufficient time to enable you to complete the Supplemental Master Ballot and deliver it to the Voting
Agent before the Supplemental Voting Deadline.

You or the Beneficial Owners for whom you are the Voting Nominee may wish to seek legal
advice concerning the Third Amended DCL Plan and the classification and treatment of the Senior
Noteholder Claims under such Plan.

**How to Complete the Supplemental Master Ballot**

With respect to all of the Supplemental Beneficial Ballots returned to you, you must properly
complete the Supplemental Master Ballot, as follows:

    i.    Check the applicable box in Item 1 on the Supplemental Master Ballot;

    ii.    Indicate the total votes to accept or reject the Third Amended DCL Plan in Item 2;

    iii.    Transcribe the votes from the Supplemental Beneficial Ballots in Item 2 and indicate
the following in Item 3:

        a.    whether each Beneficial Owner voted to accept or reject the Third Amended
DCL Plan;

1

b.  in the case of any Beneficial Owners that voted to reject the Third Amended DCL Plan, whether each such Beneficial Owner elected to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan; and

c.  in the case of any Beneficial Owners that voted to accept the Third Amended DCL Plan, whether each such Beneficial Owner elected not to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.

IMPORTANT: BENEFICIAL OWNERS MAY NOT SPLIT THEIR VOTES.  PROPERLY EXECUTED SUPPLEMENTAL BENEFICIAL BALLOTS THAT ATTEMPT PARTIALLY TO ACCEPT AND PARTIALLY TO REJECT THE THIRD AMENDED DCL PLAN WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE PLAN.  EACH BENEFICIAL OWNER MUST VOTE ALL OF HIS, HER, OR ITS SENIOR NOTEHOLDER CLAIMS EITHER TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN (OR ABSTAIN FROM VOTING THEREON).  IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT EACH BENEFICIAL OWNER TO CORRECT ITS BALLOT OR THE VOTING AGENT IMMEDIATELY.

iv.  Transcribe from Item 4(e) of each Supplemental Beneficial Ballot the information provided by the Beneficial Owners into Item 4 of the Supplemental Master Ballot;

v.  Review the certification in Item 5 of the Supplemental Master Ballot;

vi.  Ensure that each Supplemental Beneficial Ballot is signed and each certification is complete;

vii.  Independently verify and confirm the accuracy of the information provided with respect to each Beneficial Owner of Senior Noteholder Claims;

viii.  If additional space is required to respond to any item on the Supplemental Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Supplemental Master Ballot to which you are responding; and

ix.  Sign, date, and return the original Supplemental Master Ballot.

You must deliver the completed, executed Supplemental Master Ballot so that it is actually received by the Voting Agent on or before the Supplemental Voting Deadline.  You must retain a copy of each completed, executed Supplemental Beneficial Ballot returned to you by a Beneficial Owner in your files for at least **five (5) years** from the Supplemental Voting Deadline.

Votes cast by Beneficial Owners through a Voting Nominee will be compared to the holdings of the Senior Notes of such Beneficial Owners as of the Supplemental Record Date, as evidenced by the record and depository listings.  Votes submitted by a Voting Nominee pursuant to a Supplemental Master Ballot will not be counted in excess of the record amount of the Senior Notes held by such Voting Nominee.

For the purpose of tabulating votes, each Beneficial Owner shall be deemed to have voted the principal amount of its Senior Notes.  To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees.  To the extent that overvotes on a Supplemental Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Third Amended DCL Plan in the same proportion as the votes to accept and reject the Third

Amended DCL Plan submitted on the Supplemental Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the Senior Notes.

After the Supplemental Voting Deadline, no vote on or election under the Third Amended DCL Plan may be withdrawn without the prior consent of the Proponents of the Third Amended DCL Plan.

PLEASE NOTE:

This Supplemental Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Third Amended DCL Plan and to make certain elections called for under such Plan.  Holders of Senior Noteholder Claims should not surrender their Senior Notes with the Supplemental Beneficial Ballots.  The Voting Agent will not accept delivery of any such instruments surrendered together with a Supplemental Master Ballot.

The Supplemental Master Ballot and Supplemental Beneficial Ballots are not, and may not be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest, or (b) an admission by the Debtors or the other Proponents of the Third Amended DCL Plan of the nature, validity, or amount of any Claim, and does not signify that any claim has been or will be Allowed.

No fees or commissions or other remuneration will be payable to any Voting Nominee.  Upon written request with supporting documentation, however, the Debtors will reimburse you for reasonable, actual, and necessary out-of-pocket expenses associated with the distribution of the Resolicitation Packages to your Beneficial Owners, the tabulation of the Supplemental Beneficial Ballots, and the completion of this Supplemental Master Ballot.

**IF YOU BELIEVE THAT YOU ARE MISSING ANY MATERIALS FROM THE RESOLICITATION PACKAGE OR THAT YOU HAVE RECEIVED THE WRONG BALLOT, OR IF YOU HAVE QUESTIONS REGARDING THIS SUPPLEMENTAL MASTER BALLOT, OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE SUPPLEMENTAL MASTER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT <u>TRIBUNEVOTE@EPIQSYSTEMS.COM</u>.**

**PLEASE COMPLETE, SIGN, AND DATE THIS SUPPLEMENTAL MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.**

**BALLOTS RECEIVED BY FACSIMILE OR OTHER ELECTRONIC MEANS OR RECEIVED AFTER THE SUPPLEMENTAL VOTING DEADLINE WILL NOT BE COUNTED.**

**Senior Noteholder Claims – Supplemental Election Form – Third Amended DCL Plan**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### SUPPLEMENTAL ELECTION FORM FOR HOLDERS OF SENIOR NOTEHOLDER CLAIMS AGAINST TRIBUNE COMPANY UNDER THIRD AMENDED DCL PLAN

### PRIOR TO COMPLETING THIS SUPPLEMENTAL ELECTION FORM, PLEASE REFER TO THE ATTACHED INSTRUCTIONS FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW

On March [23], 2012, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. [•]] (the "Resolicitation Order") to provide for, among other things, procedures for Holders of Senior Noteholder Claims to vote to accept or reject the Third Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries Proposed By the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Third Amended DCL Plan") and to make

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Ihenc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

certain elections called for under such Plan.  Capitalized terms used but not defined in this Supplemental Ballot have the meanings given to them in (i) the Third Amended DCL Plan, (ii) the Supplemental Disclosure Document, (iii) the Resolicitation Order, or (iv) the attached Instructions, as applicable.

This election form (a "Supplemental Election Form") has been sent to you, as a Holder of a Senior Noteholder Claim (Class 1E Claims against Tribune Company), to allow you to elect (i) to receive the Senior Noteholder Alternative Treatment, which is specified in Section 3.2.5(c)(i) of the Third Amended DCL Plan (and described in Item 1, below); and (ii) to make the Alternative Recipient Designation, which is specified in Section 7.2.3 of the Third Amended DCL Plan (and described in Item 2, below).  If you elect to receive the Senior Noteholder Alternative Treatment, you and/or your Designee(s) (as defined in Item 2, below) will also be required to complete and return the enclosed Foreign Ownership Certification Form, as required by Section 5.4.2 of the Third Amended DCL Plan, for all recipients of New Common Stock in Reorganized Tribune Company.

This Supplemental Election Form is the exclusive means by which you may elect to receive the Senior Noteholder Alternative Treatment under the Third Amended DCL Plan (and designate an alternative recipient or recipients for any New Common Stock you may receive if you elect to receive the Senior Noteholder Alternative Treatment).

---

**If you do not submit this Supplemental Election Form, or if your Supplemental Election Form is not properly completed, or if the Supplemental Election Form is not returned by your Voting Nominee to the Voting Agent, or if your Senior Notes are not electronically tendered into the ATOP System by the Supplemental Voting Deadline, then you will be deemed to have elected the default treatment specified in Section 3.2.5(c)(ii) of the Third Amended DCL Plan with respect to your Allowed Senior Noteholder Claims.**

---

ITEM 1.    ALTERNATIVE TREATMENT ELECTION.

☐    The undersigned elects to receive the Senior Noteholder Alternative Treatment (set forth in Section 3.2.5(c)(i) of the Third Amended DCL Plan).

---

**If you elect to receive Senior Noteholder Alternative Treatment by checking the box above, you must complete the Foreign Ownership Certification Form enclosed with this Supplemental Election Form.  The completed Foreign Ownership Certification Form must be returned to your Voting Nominee in sufficient time for your Voting Nominee to submit it to the Voting Agent so that it is actually received by the Voting Agent on or before the Supplemental Voting Deadline. If you elect to receive Senior Noteholder Alternative Treatment but do not complete the Foreign Ownership Certification Form, or if the Foreign Ownership Certification Form is illegible or contains insufficient information to permit the identification of the Beneficial Owner of the Claim, or if you do not provide a Foreign Ownership Certification Form that is reasonably satisfactory to the proponents of the Third Amended DCL Plan or otherwise fail to comply with the procedures set forth on the Foreign Ownership Certification Form, then you will be deemed to be entirely foreign-owned and foreign-controlled for purposes of distributing New Common Stock and New Warrants under the Third Amended DCL Plan.**

---

ITEM 2.    ALTERNATIVE RECIPIENT DESIGNATION FOR NEW COMMON STOCK DISTRIBUTIONS.  Please complete this Item 2 if you elected to receive the Senior Noteholder Alternative Treatment in Item 1 above and wish to designate one or more affiliates or other parties ("Designee(s)") to receive all or a portion of your distribution of New Common Stock under the Third Amended DCL Plan.

Indicate below whether you intend to designate one or more Designee(s) to receive all or a portion of the New Common Stock to which you may be entitled.

☐   No Designation. I wish to receive 100% of my distribution of New Common Stock.

☐   Designation.  I wish to allocate all or a portion of my distribution of New Common Stock.

If you checked the "Designation" box above, you may allocate your distribution of New Common Stock between yourself and/or up to three (3) Designees.  List the names of the Designee(s) and the amount and percentage of your Senior Noteholder Claim that should be distributed to each Designee.  (Print or Type):

| Name of Beneficial Owner or Designee(s) | Mailing Address / City, State, Zip Code | Telephone Number / Email | % of Senior Noteholder Claim Designated |
|---|---|---|---|
| 1. | | | ____% |
| 2. | | | ____% |
| 3. | | | ____% |
| 4. | | | ____% |

**Total of all percentage allocations listed above must equal 100%.**

**If you make an Alternative Recipient Designation, you must complete the Foreign Ownership Certification Form enclosed with this Supplemental Election Form, on behalf of yourself and/or your Designee(s), and return it to your Voting Nominee in sufficient time for your Voting Nominee to submit it to the Voting Agent so that it is actually received by the Voting Agent on or before the Supplemental Voting Deadline.  If you and/or your Designee(s) do not complete the Foreign Ownership Certification Form, or if the Foreign Ownership Certification Form is illegible or contains insufficient information to permit the identification of the Beneficial Owner of the Claim, or if you and/or your Designee(s) do not provide a Foreign Ownership Certification Form that is reasonably satisfactory to the proponents of the Third Amended DCL Plan or otherwise fail to comply with the procedures set forth on the Foreign Ownership Certification Form, then you and/or your Designee(s) will be deemed to be entirely foreign-owned and foreign-controlled for purposes of distributing New Common Stock and New Warrants under the Third Amended DCL Plan.**

ITEM 3.   CERTIFICATION.  By signing this Supplemental Election Form, the undersigned acknowledges and/or certifies that it has full power and authority to complete this Supplemental Election Form with respect to its Senior Noteholder Claim against Tribune Company.  The undersigned acknowledges and/or certifies that it:

a.    is the Beneficial Owner of the Senior Noteholder Claim to which this Supplemental Election Form pertains or is an authorized signatory and has full power and authority to make the elections called for on this Supplemental Election Form;

b.    has not submitted any other Supplemental Election Form(s) on account of the Senior Noteholder Claim represented herein that is/are inconsistent with the elections set forth in this Supplemental Election Form or that, if such other Supplemental Election Form(s) was/were previously submitted, they either have been or are hereby revoked or changed to reflect the elections set forth herein;

c.    is deemed to have consented to the submission of an authenticated Supplemental Election Form to the Voting Agent;

d.    instructs its Voting Nominee to effect this Supplemental Election Form through the ATOP System; and

e.    either (a) this Supplemental Election Form is the only Supplemental Election Form submitted by the undersigned for Senior Noteholder Claims or (b) in addition to this Supplemental Election Form, one or more Supplemental Election Forms for Senior Noteholder Claims have been submitted with elections that are consistent with the elections set forth on this Supplemental Election Form.

Name: _____
       (Print or Type)

Signature: _____

By: _____
       (If Applicable)

Title: _____
       (If Applicable)

Mailing Address: _____

_____

City, State, Zip Code: _____

Telephone Number: _____

Email: _____

Date Completed: _____

ITEM 4:    VOTING NOMINEE AUTHENTICATION.

**For Use Only By the Voting Nominee**

DTC Participant Name: _____

DTC Participant Number: _____

VOI Number: _____

Medallion Guarantee:

       This Supplemental Election Form is not, and may not be deemed to be, (a) a proof of claim or equity interest or an assertion of a claim or equity interest, or (b) an admission by the Debtors or the other Proponents of the Third Amended DCL Plan of the nature, validity, or amount of any Claim, and does not signify that your Claim has been or will be Allowed.

> **THE SUPPLEMENTAL VOTING DEADLINE IS 4:00 P.M. EASTERN TIME ON APRIL 30, 2012. PLEASE RETURN THIS SUPPLEMENTAL ELECTION FORM TO YOUR VOTING NOMINEE IN THE ENVELOPE PROVIDED, OR OTHERWISE FOLLOW YOUR VOTING NOMINEE'S INSTRUCTIONS, SO THAT THIS SUPPLEMENTAL ELECTION FORM REACHES YOUR VOTING NOMINEE IN SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO AUTHENTICATE YOUR SUPPLEMENTAL ELECTION FORM, TENDER YOUR SENIOR NOTES INTO THE ATOP SYSTEM, AND RETURN THE AUTHENTICATED SUPPLEMENTAL ELECTION FORM TO THE VOTING AGENT SO THAT IT IS ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE THE SUPPLEMENTAL VOTING DEADLINE, OR YOUR ELECTIONS WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS SUPPLEMENTAL ELECTION FORM, OR THE PROCEDURES FOR MAKING THESE ELECTIONS, OR IF YOU NEED AN ADDITIONAL COPY OF THE SUPPLEMENTAL ELECTION FORM OR COPIES OF OTHER RELATED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.**

**INSTRUCTIONS FOR COMPLETING SUPPLEMENTAL ELECTION FORM FOR
HOLDERS OF SENIOR NOTEHOLDER CLAIMS AGAINST TRIBUNE COMPANY
UNDER THE THIRD AMENDED DCL PLAN**

**THESE INSTRUCTIONS EXPLAIN HOW TO COMPLETE THE ATTACHED
SUPPLEMENTAL ELECTION FORM.  PLEASE READ AND FOLLOW THESE
INSTRUCTIONS CAREFULLY SO THAT YOUR ELECTIONS RESPECTING THE THIRD
AMENDED DCL PLAN WILL BE COUNTED.**

### Why You Have Received a Supplemental Election Form

On March [23], 2012, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. [•]] (the "Resolicitation Order") to provide, among other things, for procedures for certain Holders of Claims against Tribune Company and/or its subsidiaries in the above-captioned Chapter 11 Cases (collectively, the "Debtors") to vote to accept or reject the Third Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries Proposed By the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Third Amended DCL Plan") and to make certain elections called for under such Plan.  Capitalized terms used but not defined in this Supplemental Beneficial Ballot have the meanings given to them in (i) the Third Amended DCL Plan, (ii) the Supplemental Disclosure Document, or (iii) the Resolicitation Order, as applicable.

The Resolicitation Order provides, among other things, that Holders of Senior Noteholder Claims may re-vote on the Third Amended DCL Plan and may make new elections thereunder.

The attached Supplemental Election Form has been sent to you, as a Holder of a Senior Noteholder Claim (Class 1E Claims against Tribune Company), to allow you to elect (i) to receive the Senior Noteholder Alternative Treatment, which is specified in Section 3.2.5(c)(i) of the Third Amended DCL Plan, and (ii) to make the Alternative Recipient Designation, which is specified in Section 7.2.3 of the Third Amended DCL Plan.  If you elect to receive the Senior Noteholder Alternative Treatment, you and/or your Designee(s) (as defined in Item 2, below) will also be required to complete and return the enclosed Foreign Ownership Certification Form, as required by Section 5.4.2 of the Third Amended DCL Plan, for all recipients of New Common Stock in Reorganized Tribune.

You have previously received election forms for making elections under earlier versions of the Third Amended DCL Plan and other plans of reorganization that were proposed for the Debtors.  Please be aware that your elections under the earlier versions of the Third Amended DCL Plan and other plans of reorganization with respect to your Senior Noteholder Claim are not being counted for purposes of the Third Amended DCL Plan.  Accordingly, if you wish to have your elections under the Third Amended DCL Plan counted, you must complete and return this Supplemental Election Form and return it to your broker, bank, commercial bank, trust company, dealer or other agent or nominee (a "Voting Nominee") in sufficient time for your Voting Nominee to authenticate your Supplemental Election Form and electronically tender your Senior Notes into the ATOP System (defined below) so that your elections are **actually received** by Epiq Bankruptcy Solutions, LLC (the "Voting Agent") by no later than **April 30, 2012 at 4:00 p.m. (Eastern Time)** (the "Supplemental Voting Deadline").

### Materials that You Have Been Sent with the Supplemental Election Form

You have been sent with the Supplemental Election Form various materials to assist you in deciding whether you wish to make the elections called for under the Third Amended DCL Plan (collectively, and together with the Supplemental Beneficial Ballot transmitted to you by separate mailing, the "Resolicitation Package").  In addition to the Supplemental Election Form and Foreign Ownership Certification Form, the Resolicitation Package contains the following:

- a copy of the Third Amended DCL Plan;

- a Supplemental Disclosure Document (the "Supplemental Disclosure Document") that describes the modifications to the Third Amended DCL Plan that have been made since the prior solicitation of votes on and elections under such Plan.  The Supplemental Disclosure Document has been approved by the Bankruptcy Court as a supplement to the previously-distributed Disclosure Documents[1] to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Third Amended DCL Plan;

- notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Third Amended DCL Plan; and

- a copy of the Resolicitation Order (without exhibits).

It is very important that you read all of the materials in the Resolicitation Package carefully in considering whether you wish to make the elections called for under the Third Amended DCL Plan.  Your elections under the Third Amended DCL Plan are very important and may affect your rights and the treatment of your Claim.

If you would like to receive additional copies of the Third Amended DCL Plan, the Supplemental Disclosure Document, or any other materials relating to the Third Amended DCL Plan, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent at (888) 287-7568 or at tribunevote@epiqsystems.com.

### Default Treatment for Holders of Senior Noteholder Claims Under the Third Amended DCL Plan

Pursuant to Section 3.2.5 of the Third Amended DCL Plan, you will receive the principally-Cash treatment option specified in Section 3.2.5(c)(ii) of the Third Amended DCL Plan unless you submit the Supplemental Election Form and elect to receive the Senior Noteholder Alternative Treatment, which is specified in Section 3.2.5(c)(i) of the Third Amended DCL Plan.

If you are the Holder of a Senior Noteholder Claim and wish to receive the foregoing default treatment for your Senior Noteholder Claim under the Third Amended DCL Plan then you do not need to make any election concerning this matter on the Supplemental Election Form and you do not need to complete the Foreign Ownership Certification Form.

### Description of Senior Noteholder Alternative Treatment Under Third Amended DCL Plan

Section 3.2.5(c) of the Third Amended DCL Plan provides for alternative treatments for Senior Noteholder Claims, pursuant to which the Holders of Senior Noteholder Claims may elect to receive an alternative distribution comprised of a "strip" of consideration consisting of a Pro Rata share of

---

[1] See General Disclosure Statement dated December 15, 2010 [Docket No. 7232] (the "General Disclosure Statement"), which contains a general description of (among other things) the Debtors, their respective businesses and their reorganization proceedings; (ii) the Specific Disclosure Statement Relating to First Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [Docket No. 7135] (the "Specific Disclosure Statement"), which contains a detailed description of (among other things) the provisions of the First Amended DCL Plan, including those provisions that are retained in the Third Amended DCL Plan; and (iii) the Explanatory Statement Relating to Modified Elections Under Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (as modified April 26, 2011) [Docket No. 8754] (the "Explanatory Statement"), which contains a description of (among other things) certain elections offered under the Second Amended DCL Plan (the General Disclosure Statement, the Specific Disclosure Statement, the Explanatory Statement, and the Supplemental Disclosure Document, collectively, the "Disclosure Documents").

Distributable Cash, New Senior Secured Term Loan, and New Common Stock, plus a Pro Rata share of applicable Litigation Trust Interests (as described in Section 3.2.5(c)(i) of the Third Amended DCL Plan, the "Senior Noteholder Alternative Treatment"), or a default treatment consisting of Distributable Cash, plus a Pro Rata share of applicable Litigation Trust Interests (as described in Section 3.2.5(c)(ii) of the Third Amended DCL Plan).

If you elect to receive the Senior Noteholder Alternative Treatment, you must complete the Foreign Ownership Certification Form enclosed in the Resolicitation Package and return it to your Voting Nominee in sufficient time for your Voting Nominee to submit it to the Voting Agent with your Supplemental Election Form so that such forms are actually received by the Voting Agent on or before the Supplemental Voting Deadline, or your Senior Noteholder Alternative Treatment election will not be counted. Additional information and instructions for completing the Foreign Ownership Certification Form are found on that form. Please read the Foreign Ownership Certification Form carefully before completing.

The alternative treatments provided for under Section 3.2.5(c) of the Third Amended DCL Plan are identical to those provided for under the prior version of such Plan, provided, however, that (i) Holders of Senior Noteholder Claims will no longer receive a Pro Rata share of applicable Creditors' Trust Interests and (ii) the adjudication and/or resolution of certain Allocation Disputes (as defined in the Third Amended DCL Plan) could potentially affect the distributions to which the Holders of Senior Noteholder Claims are entitled under the Third Amended DCL Plan. Additional information regarding the Allocation Disputes can be found in Section 5.18 of and Exhibit 5.18 to the Third Amended DCL Plan, and the Supplemental Disclosure Document.

### Instructions for Completing the Supplemental Election Form

**If you wish to elect treatment other than the default treatment for your Senior Noteholder Claim under the Third Amended DCL Plan, please complete Item 1 and Item 2 (if applicable), on the Supplemental Election Form. All electing Holders must also complete Item 3. The Voting Nominee must complete Item 4.**

The following are step-by-step instructions for how to complete your Supplemental Election Form:

**ITEM 1:**    **Alternative Treatment Election.**

Check the box in Item 1 if you elect to receive the Senior Noteholder Alternative Treatment (set forth in Section 3.2.5(c)(i) of the Third Amended DCL Plan), then complete Item 2.

**If you elect to receive the Senior Noteholder Alternative Treatment by checking the box in Item 1, you must complete the Foreign Ownership Certification Form enclosed with the Supplemental Election Form. The completed Foreign Ownership Certification Form must be returned to your Voting Nominee in sufficient time for your Voting Nominee to submit it to the Voting Agent so that it is actually received by the Voting Agent on or before the Supplemental Voting Deadline.**

**ITEM 2:**    **Alternative Recipient Designation For New Common Stock Distributions.**

Complete Item 2 if you checked the box in Item 1 on your Supplemental Election Form and wish to designate one or more affiliates or other parties ("Designee(s)") to receive all or a portion of your distribution of New Common Stock (the "Alternative Recipient Designation"). The Alternative Recipient Designation is voluntary; if you choose not to make an Alternative Recipient Designation, distributions of New Common Stock will be made to you in accordance with the Third Amended DCL Plan. (See Third Amended DCL Plan at § 7.2.3 (implementing Alternative Recipient Designation)).

If you make an Alternative Recipient Designation, your distribution pursuant to Section 3.2.5(c)(i) of the Third Amended DCL Plan will consist of a Pro Rata share of Distributable Cash, New Senior Secured Term Loan, any New Common Stock for which you did not make an Alternative Recipient Designation, plus your Pro Rata share of applicable Litigation Trust Interests, and your Designee(s) will receive the corresponding Pro Rata share of New Common Stock in the percentage allocations set forth by you on Item 2 of your Supplemental Election Form.

Indicate in Item 2 whether or not you wish to make the Alternative Recipient Designation.  If you checked the "Designation" box to make the Alternative Recipient Designation, you may allocate your distribution of New Common Stock between yourself and/or up to three (3) Designees.  List the names of the Designee(s) and the amount and percentage of your Senior Noteholder Claim that should be distributed to each Designee in the table provided.  The total percentage allocation between you and/or your Designee(s) must equal 100%.

**If you make an Alternative Recipient Designation, you must complete the Foreign Ownership Certification Form enclosed with the Supplemental Election Form, on behalf of yourself and/or your Designee(s), and return it to your Voting Nominee in sufficient time for your Voting Nominee to submit it to the Voting Agent so that it is <u>actually</u> <u>received</u> by the Voting Agent on or before the Supplemental Voting Deadline.**

## <u>ITEM 3</u>:    **Certifications.**

Please review and complete the certifications in Item 3.  Your original signature is required on the Supplemental Election Form for your elections under the Third Amended DCL Plan to count.  If you are completing the Supplemental Election Form on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  You may be requested at a later time to provide proof of your authorization to so sign.  In addition, please provide your name and mailing address if different from that set forth on the mailing label, or if no mailing label is attached to the Supplemental Election Form.

The certifications in Item 3 also require you to certify that the Supplemental Election Form being submitted is either the only Supplemental Election Form you have submitted for Senior Noteholder Claims or, if not, that all other Supplemental Election Form(s) submitted by you for such Claims are consistent with the elections set forth in the Supplemental Election Form.

## <u>ITEM 4</u>:    **Voting Nominee Authentication.**

If you elect to receive the Senior Noteholder Alternative Treatment, your Voting Nominee will complete the authentication set forth in Item 4 as evidence that your Senior Notes have been tendered into the ATOP System (defined below).

### <u>Returning Your Supplemental Election Form</u>

Once you have completed your Supplemental Election Form in accordance with the foregoing instructions, please return the completed Supplemental Election Form to your Voting Nominee.  Your Voting Nominee will provide specific instructions and a deadline for returning the Supplemental Election Form to such Voting Nominee.  If you elect to receive the Senior Noteholder Alternative Treatment, please also return the completed Foreign Ownership Certification Form to your Voting Nominee.  Please do <u>not</u> mail the Supplemental Election Form, Foreign Ownership Certification Form, or your Senior Notes directly to the Voting Agent, the Debtors, or to any of the other Proponents of the Third Amended DCL Plan.

An election by a Holder of a Senior Noteholder Claim to receive the Senior Noteholder Alternative Treatment will be valid <u>only</u> if such Holder has electronically delivered its Senior Notes, as of the Supplemental Voting Deadline, into the Automated Tender Offer Program at The Depository Trust Company (the "<u>ATOP System</u>").  Only the Voting Nominee of a Holder of Senior Noteholder Claim can

submit this election on such Holder's behalf. Senior Notes electronically delivered into the ATOP System will not be freely tradable.

Holders of Senior Noteholder Claims that elect to receive the Senior Noteholder Alternative Treatment pursuant to the Supplemental Election Form and electronically deliver their Senior Notes into the ATOP System can withdraw their Senior Notes from the ATOP System up to and until the Supplemental Voting Deadline. However, if a Holder of a Senior Noteholder Claim withdraws its Senior Notes from the ATOP System, such Holder's elections to receive the Senior Noteholder Alternative Treatment will not be counted. Holders of Senior Noteholder Claims may not withdraw their Senior Notes from the ATOP System after the Supplemental Voting Deadline.

Please allow sufficient time for mailing your Supplemental Election Form to your Voting Nominee so that your Voting Nominee can authenticate your Supplemental Election Form and electronically tender your Senior Notes into the ATOP System before the Supplemental Voting Deadline.

**If you do not submit the Supplemental Election Form, or if your Supplemental Election Form is not properly completed, or if the Supplemental Election Form is not returned by your Voting Nominee to the Voting Agent and your Senior Notes are not electronically tendered into the ATOP System by the Supplemental Voting Deadline, then you will be deemed to have elected the default treatment specified in Section 3.2.5(c)(ii) of the Third Amended DCL Plan with respect to your Allowed Senior Noteholder Claims.**

**If you elect to receive the Senior Noteholder Alternative Treatment but you or your Designee(s) do not complete the Foreign Ownership Certification Form and return it to your Voting Nominee in sufficient time for your Voting Nominee to submit it to the Voting Agent so that it is actually received by the Voting Agent on or before the Supplemental Voting Deadline, or if your or your Designee(s)' Foreign Ownership Certification Form(s) are illegible or contain insufficient information to permit the identification of the Beneficial Owner of the Claim, or if you and/or your Designee(s) do not provide a Foreign Ownership Certification Form that is reasonably satisfactory to the proponents of the Third Amended DCL Plan or otherwise fail to comply with the procedures set forth on the Foreign Ownership Certification Form, you and/or your Designee(s) will be deemed to be entirely foreign-owned and foreign-controlled for purposes of distributing New Common Stock and New Warrants under the Third Amended DCL Plan.**

<u>**Deadline for Returning the Supplemental Election Form**</u>

The Bankruptcy Court has established **4:00 p.m. (Eastern Time) on April 30, 2012** as the Supplemental Voting Deadline by which the Voting Agent must receive all Supplemental Ballots and Supplemental Election Forms for voting on and making elections under the Third Amended DCL Plan.

You must complete, sign, and date your Supplemental Election Form and return it in the enclosed envelope to your Voting Nominee in sufficient time for your Voting Nominee to (i) authenticate your Supplemental Election Form and return it (together with your Foreign Ownership Certification Form, if you elect to receive the Senior Noteholder Alternative Treatment) to the Voting Agent, and (ii) electronically tender your Senior Notes into the ATOP System by no later than the Supplemental Voting Deadline or your elections will not be counted. Your Voting Nominee will provide you with a deadline for returning your Supplemental Election Form (and Foreign Ownership Certification Form, if applicable) so that your elections can be authenticated and transmitted to the Voting Agent by the Supplemental Voting Deadline.

**No Electronic Transmissions.** Supplemental Election Forms submitted by facsimile or other electronic transmission will not be counted. In addition, please note that if your Supplemental Election Form is illegible or contains insufficient information to permit the identification of the Beneficial Owner of the Claim, your Supplemental Election Form will not be counted.

**No Withdrawal.**  After the Supplemental Voting Deadline, you may not (i) withdraw or modify your Supplemental Election Form in any way, or (ii) change your election to receive the Senior Noteholder Alternative Treatment.

**Additional Questions.**  If you have questions concerning the Supplemental Election Form or if you need an additional Supplemental Election Form or additional copies of other materials in the Resolicitation Package, please contact the Voting Agent at (888) 287-7568 or at tribunevote@epiqsystems.com.

Many materials in the Resolicitation Package may also be obtained free of charge by visiting http://chapter11.epiqsystems.com/tribune.

**Additional Information.**  No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Third Amended DCL Plan.  The Supplemental Election Form is not a letter of transmittal and may not be used for any purpose other than to make the elections called for on the Supplemental Election Form.

<u>**Nominee Instructions for Supplemental Election Form for Senior Noteholder Claims – Third Amended DCL Plan**</u>

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**INSTRUCTIONS FOR VOTING NOMINEES OF HOLDERS OF SENIOR NOTEHOLDER CLAIMS FOR EFFECTUATING THE TREATMENT ELECTIONS MADE ON THE <u>SUPPLEMENTAL ELECTION FORM</u>**

**THESE INSTRUCTIONS EXPLAIN HOW TO EFFECTUATE THE TREATMENT ELECTIONS MADE BY HOLDERS OF SENIOR NOTEHOLDER CLAIMS UNDER THE THIRD AMENDED DCL PLAN.  PLEASE READ AND FOLLOW THESE INSTRUCTIONS CAREFULLY SO THAT YOUR BENEFICIAL OWNERS' ELECTIONS RESPECTING THE THIRD AMENDED DCL PLAN WILL BE COUNTED.**

On March [23], 2011, the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") entered an order [Docket No. [•]] (the "<u>Resolicitation Order</u>") to provide, among other things, for procedures for Holders of Senior Noteholder Claims to vote to accept or reject the Third Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries Proposed By the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CH1 6650491v.2

Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Third Amended DCL Plan") and to make certain elections called for under such Plan.  Capitalized terms used but not defined in these Instructions have the meanings ascribed to them in (i) the Third Amended DCL Plan, (ii) the Supplemental Disclosure Document, or (iii) the Resolicitation Order, as applicable.

You are receiving this package because you have been identified as a broker, bank, commercial bank, trust company, dealer, or other agent or nominee (each of the foregoing, a "Voting Nominee") for beneficial owners of Senior Notes issued by Tribune Company ("Beneficial Owners").

Senior Noteholder Claims are all Claims based on the following series of Senior Notes issued by Tribune Company:

| Series of Notes | CUSIP # |
|---|---|
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

You or the Beneficial Owners for whom you are the Voting Nominee may wish to seek legal advice concerning the Third Amended DCL Plan and the classification and treatment of the Senior Noteholder Claims under such Plan.

**Transmittal of Supplemental Election Forms to Beneficial Owners**

The Supplemental Election Form is to be used by Beneficial Owners of Senior Noteholder Claims against Tribune Company to elect (i) to receive the Senior Noteholder Alternative Treatment, which is specified in Section 3.2.5(c)(i) of the Third Amended DCL Plan (described in Item 1 on the Supplemental Election Form); (ii) to make the Alternative Recipient Designation, which is specified in Section 7.2.3 of the Third Amended DCL Plan (described in Item 2 on the Supplemental Election Form (collectively, the "Treatment Elections").  If your Beneficial Owners elect to receive the Senior Noteholder Alternative Treatment, they and/or their Designee(s) (as defined in Item 2 of the Supplemental Election Form) will be required to complete and return the enclosed Foreign Ownership Certification Form, as required by Section 5.4.2 of the Third Amended DCL Plan, for all recipients of New Common Stock in Reorganized Tribune.

In this package, the proponents of the Third Amended DCL Plan have provided to you materials for each of the Beneficial Owners for whom you act as Voting Nominee, consisting of Supplemental Election Forms, Foreign Ownership Certification Forms, copies of the Third Amended DCL Plan, a Supplemental Disclosure Document (the "Supplemental Disclosure Document") that describes the modifications to the Third Amended DCL Plan that have been made since the prior solicitation of votes on and elections under on such Plan, notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Third Amended DCL Plan, and copies of the Resolicitation Order (without exhibits) (collectively, the "Resolicitation Packages").  By separate mailing, the proponents of the Third Amended DCL Plan have also provided Resolicitation Packages to you for each of the Beneficial Owners for whom you act as Voting Nominee, which include the Supplemental Beneficial Ballots and

Supplemental Master Tabulation Forms for voting on and making certain elections (other than the Treatment Elections set forth on the Supplemental Election Form) under the Third Amended DCL Plan.

You must deliver a Supplemental Election Form to such Beneficial Owner(s), along with the Foreign Ownership Certification Form, the Third Amended DCL Plan, the Supplemental Disclosure Document, the Confirmation Hearing Notice, the Resolicitation Order, and any other materials required to be forwarded in the Resolicitation Packages.

Please be aware that Treatment Elections made by Beneficial Owners under the earlier versions of the Third Amended DCL Plan and other plans of reorganization that were proposed for the Debtors with respect to the Senior Noteholder Claims are not being counted for purposes of the Third Amended DCL Plan.  Accordingly, for the Treatment Elections of your Beneficial Owners under the Third Amended DCL Plan to be counted, you must ensure that the Supplemental Election Form has been completed and returned to you by each of the Beneficial Owners that wish to make one or more of the Treatment Elections called for under the Third Amended DCL Plan, that you tender such Beneficial Owner's Senior Notes into the ATOP System (defined below), and that you authenticate and return the Supplemental Election Form so that it is **actually received** by the Voting Agent by the Supplemental Voting Deadline, in accordance with these Instructions.

### Supplemental Voting Deadline

The Bankruptcy Court has established **4:00 p.m. (Eastern Time) on April 30, 2012 (the "Supplemental Voting Deadline")** as the deadline by which the Voting Agent must receive all Supplemental Ballots and Supplemental Election Forms for voting on and making elections under the Third Amended DCL Plan.

To have the elections of your Beneficial Owners count, you must take the necessary actions to enable each of your Beneficial Owners to (a) complete and execute the Supplemental Election Form and Foreign Ownership Certification Form(s) and (b) return the completed, executed Supplemental Election Form and Foreign Ownership Certification Form(s) to you in sufficient time to enable you to effect the elections made by the Beneficial Owners by (i) electronically tendering such Beneficial Owners' Senior Notes into the ATOP System (defined below), (ii) authenticating your Beneficial Owner's Supplemental Election Form in Item 4 on such form and affixing your medallion guarantee, and (iii) returning the Supplemental Election Form and Foreign Ownership Certification Form(s) to the Voting Agent so that they are **actually received** by the Voting Agent on or before the Supplemental Voting Deadline at the following address:  Tribune Company Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, Third Floor, New York, NY 10017.

### How to Effectuate Elections Made on the Supplemental Election Form

With respect to all of the Supplemental Election Forms, you must properly complete the following:

     i.     ensure that each Supplemental Election Form is signed and each certification is complete;

     ii.     ensure that each Beneficial Owner of Senior Noteholder Claims that elected to receive the Senior Noteholder Alternative Treatment set forth in Section 3.2.5(c)(i) of the Third Amended DCL Plan on its Supplemental Election Form has provided a Foreign Ownership Certification Form completed and signed by such Beneficial Owner or such Beneficial Owner's Designee(s), as applicable;

     iii.     independently verify and confirm the accuracy of the information provided with respect to each Beneficial Owner of Senior Noteholder Claims; and

3

iv.   for each Beneficial Owner of Senior Noteholder Claims that elected to receive the Senior Noteholder Alternative Treatment, complete the authentication set forth in Item 4 of the Supplemental Election Form and affix your medallion guarantee as evidence that such Beneficial Owner's Senior Notes have been tendered into the ATOP System.

IMPORTANT: BENEFICIAL OWNERS MAY NOT SPLIT THEIR ELECTIONS.  PROPERLY EXECUTED SUPPLEMENTAL ELECTION FORMS THAT ATTEMPT PARTIALLY TO MAKE ANY OF THE ELECTIONS WILL NOT BE COUNTED AS A VALID ELECTION.  EACH BENEFICIAL OWNER MUST MAKE THE SAME ELECTION FOR ALL OF HIS, HER, OR ITS SENIOR NOTEHOLDER CLAIMS.  IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH ELECTION, PLEASE CONTACT SUCH BENEFICIAL OWNER TO CORRECT ITS SUPPLEMENTAL ELECTION FORM OR CONTACT THE VOTING AGENT IMMEDIATELY.

You must deliver the completed, executed, and authenticated Supplemental Election Form together with your Beneficial Owner's Foreign Ownership Certification Form(s) so that they are <u>actually received</u> by the Voting Agent on or before the Supplemental Voting Deadline.  For each completed, executed Supplemental Election Form returned to you by a Beneficial Owner, you must retain a copy of such Supplemental Election Form in your files for at least **five (5) years** from the Supplemental Voting Deadline.

Elections made by Beneficial Owners through a Voting Nominee will be compared to the holdings of the Senior Notes of such Beneficial Owners as of March 22, 2012 (the "<u>Supplemental Record Date</u>"), as evidenced by the record and depository listings.  Elections submitted by a Voting Nominee pursuant to a Supplemental Election Form will not be counted in excess of the record amount of the Senior Notes held by such Voting Nominee.

Each Beneficial Owner shall be deemed to have made such elections for the principal amount of its Senior Notes.  To the extent that conflicting elections are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with such Voting Nominee.

### <u>Tendering Your Beneficial Owner's Senior Notes Into the ATOP System</u>

The election of a Holder of a Senior Noteholder Claim to receive the Senior Noteholder Alternative Treatment will be valid <u>only</u> if such Holder has electronically delivered its Senior Notes, as of the Supplemental Voting Deadline, into the Automated Tender Offer Program system (the "<u>ATOP System</u>") at The Depository Trust Company ("<u>DTC</u>").  Only a Voting Nominee can submit this election on behalf of Beneficial Owners of Senior Noteholder Claims.  Senior Notes electronically delivered into the ATOP System will <u>not</u> be freely tradable.

Holders of Senior Noteholder Claims that elect to receive the Senior Noteholder Alternative Treatment pursuant to the Supplemental Election Form and electronically deliver their Senior Notes into the ATOP System can withdraw their Senior Notes from the ATOP System up to and until the Supplemental Voting Deadline.  However, if a Holder of a Senior Noteholder Claim withdraws its Senior Notes from the ATOP System, such Holder's elections to receive the Senior Noteholder Alternative Treatment will <u>not</u> be counted.  Holders of Senior Noteholder Claims may not withdraw their Senior Notes from the ATOP System after the Supplemental Voting Deadline.

The following event has been established by DTC for the purposes of allowing Voting Nominees to electronically tender their Beneficial Owners' Senior Notes into the ATOP System to effectuate such Beneficial Owners' Treatment Elections:

- <u>Senior Noteholder Alternative Treatment Election:</u> Election to Receive Senior Noteholder Alternative Treatment (specified in Section 3.2.5(c)(i) of the Third Amended DCL Plan)

For any Beneficial Owner that elects to receive the Senior Noteholder Alternative Treatment under the Third Amended DCL Plan, you must complete the authentication set forth in Item 4 of the Supplemental Election Form and affix your medallion guarantee as evidence that each such Beneficial Owner's Senior Notes have been tendered into the ATOP System.

If your Beneficial Owner does not return the Supplemental Election Form to you, or returns a Supplemental Election Form but does not make a Treatment Election of any kind, no electronic tender of such Beneficial Owner's Senior Notes is required.

**If your Beneficial Owner does not submit the Supplemental Election Form, <u>or</u> if your Beneficial Owner's Supplemental Election Form is not properly completed, <u>or</u> if the Supplemental Election Form is not authenticated and returned by you to the Voting Agent, <u>or</u> if your Beneficial Owner's Senior Notes are not electronically tendered into the ATOP System by the Supplemental Voting Deadline, then your Beneficial Owner will be deemed to have elected the default treatment specified in Section 3.2.5(c)(ii) of the Third Amended DCL Plan with respect to its Allowed Senior Noteholder Claims.**

**If a Beneficial Owner elects to receive the Senior Noteholder Alternative Treatment but it or its Designee(s) does not complete the Foreign Ownership Certification Form and return it to you in sufficient time for you to submit it to the Voting Agent so that it is actually received by the Voting Agent on or before the Supplemental Voting Deadline, <u>or</u> if a Beneficial Owner's and/or its Designee(s)' Foreign Ownership Certification Form is illegible or contains insufficient information to permit the identification of the Beneficial Owner of the Claim, <u>or</u> if a Beneficial Owner and/or its Designee(s) does not provide a Foreign Ownership Certification Form that is reasonably satisfactory to the proponents of the Third Amended DCL Plan or otherwise fails to comply with the procedures set forth on the Foreign Ownership Certification Form, then such Beneficial Owner and/or its Designee(s) will be deemed to be entirely foreign-owned and foreign-controlled for purposes of distributing New Common Stock and New Warrants under the Third Amended DCL Plan.**

<u>PLEASE NOTE</u>:

The Supplemental Election Form is not a letter of transmittal and may not be used for any purpose other than to make the Treatment Elections called for under the Third Amended DCL Plan. Holders of Senior Noteholder Claims should not surrender their Senior Notes with their Supplemental Election Forms.  The Voting Agent will not accept delivery of any such instruments surrendered together with a Supplemental Election Form.

No fees or commissions or other remuneration will be payable to any Voting Nominee.  Upon written request with supporting documentation, however, the Debtors will reimburse you for reasonable, actual, and necessary out-of-pocket expenses associated with the distribution of the Resolicitation Packages to your Beneficial Owners and the authentication and return of the Supplemental Election Forms to the Voting Agent.

**IF YOU BELIEVE THAT YOU ARE MISSING ANY MATERIALS OR THAT YOU HAVE RECEIVED THE WRONG MATERIALS, OR IF YOU HAVE QUESTIONS REGARDING THIS SUPPLEMENTAL ELECTION FORM OR THE ELECTION PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE SUPPLEMENTAL ELECTION FORM OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT <u>TRIBUNEVOTE@EPIQSYSTEMS.COM</u>.**

**PLEASE AUTHENTICATE AND AFFIX YOUR MEDALLION GUARANTEE TO EACH SUPPLEMENTAL ELECTION FORM RECEIVED FROM YOUR BENEFICIAL OWNERS**

CH1 6650491v.2

**AND RETURN IT TO THE VOTING AGENT, TOGETHER WITH ALL FOREIGN OWNERSHIP CERTIFICATION FORMS RECEIVED, AT THE FOLLOWING ADDRESS: TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017 AND EFFECT THE ELECTION(S) BY TENDERING THE SENIOR NOTES INTO THE CORRESPONDING EVENT ON DTC'S ATOP SYSTEM ON OR BEFORE THE SUPPLEMENTAL VOTING DEADLINE OF APRIL 30, 2012 AT 4:00 P.M. EASTERN TIME.**

**SUPPLEMENTAL ELECTION FORMS RECEIVED BY FACSIMILE OR OTHER ELECTRONIC MEANS OR RECEIVED AFTER THE SUPPLEMENTAL VOTING DEADLINE WILL NOT BE COUNTED.**

CH1 6650491v.2

## EXHIBIT B

## Forms of Supplemental Beneficial Ballots and Supplemental Master Ballots for Holders of PHONES Notes Claims

**PHONES Notes Claims – Third Amended DCL Plan**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## SUPPLEMENTAL BENEFICIAL BALLOT FOR BENEFICIAL OWNERS OF PHONES NOTES CLAIMS (CUSIP NO. 896047305) TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN

On March [23], 2012, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. [•]] (the "Resolicitation Order") to provide for, among other things, procedures for Holders of PHONES Notes Claims to vote to accept or reject the Third Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries Proposed By the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Third Amended DCL Plan") and to make certain elections called for under such Plan.  Capitalized terms used but not defined in this Supplemental Ballot have the meanings given to them in (i) the Third Amended DCL Plan, (ii) the Supplemental Disclosure Document, (iii) the Resolicitation Order, or (iv) the attached Instructions, as applicable.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**PRIOR TO COMPLETING THIS SUPPLEMENTAL BENEFICIAL BALLOT, PLEASE REFER TO THE INSTRUCTIONS ATTACHED TO THIS SUPPLEMENTAL BENEFICIAL BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.**

**Claims Voted by this Supplemental Beneficial Ballot.** You have been identified as a Beneficial Owner of a PHONES Notes Claim (Class 1J Claims against Tribune Company) that is entitled to re-vote to accept or reject the Third Amended DCL Plan and make new elections thereunder. PHONES Notes Claims are Claims arising under or evidenced by that certain Indenture dated April 1, 1999 between Tribune Company, as Issuer, and Bank of Montreal Trust Company, as Trustee (the "PHONES Notes Indenture") and related documents, and are identified as follows:

| Series of Notes | CUSIP # |
|---|---|
| PHONES Notes Indenture, dated April 1, 1999 | (CUSIP # 896047305) |

This Supplemental Beneficial Ballot is only to be used to vote your PHONES Notes Claims. If you hold other Claims against Tribune Company or the Subsidiary Debtors in the Debtors' Chapter 11 Cases and those Claims are in Classes entitled to re-vote for purposes of the Third Amended DCL Plan, you will receive separate Supplemental Ballots to vote such Claims.

PHONES NOTES CLAIMS VOTING ON THIS SUPPLEMENTAL BENEFICIAL BALLOT DO NOT INCLUDE CLAIMS THAT ARE WITHIN THE DEFINITION OF PHONES NOTES EXCHANGE CLAIMS.[2] PLEASE SEE THE ATTACHED VOTING INSTRUCTIONS FOR MORE DETAILS CONCERNING THE PHONES NOTES EXCHANGE CLAIMS.

If you wish to have your vote on and elections under the Third Amended DCL Plan counted, you must complete and return this Supplemental Beneficial Ballot and return it to your Voting Nominee (defined below) in sufficient time for your Voting Nominee to process your ballot and submit a Supplemental Master Ballot so that it is **actually received** by the Voting Agent by no later than **April 30, 2012 at 4:00 p.m. (Eastern Time)** (the "Supplemental Voting Deadline"), in accordance with the attached Instructions.

**To vote to accept or reject the Third Amended DCL Plan and, if desired, make the elections called for under the Third Amended DCL Plan, please complete the following:**

ITEM 1.    AGGREGATE PRINCIPAL AMOUNT OF PHONES NOTES CLAIM. The undersigned certifies that as of March 22, 2012 (the "Supplemental Record Date"), the undersigned was the Beneficial Owner of a PHONES Notes Claim in the following aggregate unpaid principal amount (for purposes of this Supplemental Beneficial Ballot, you should not adjust the principal amount for any accrued or unmatured interest).

$ _____

Number of PHONES Notes    _____

**The preprinted amount of your PHONES Notes Claim above will control for voting purposes.**

---

[2] Holders of the PHONES Notes Claims that are on account of PHONES Notes purportedly put to Tribune Company for exchange but not paid in cash prior to the filing of the Debtors' chapter 11 cases (the "PHONES Notes Exchange Claims") will receive separate Resolicitation Packages for voting on and making elections under the Third Amended DCL Plan, and must return their Supplemental Ballots directly to the Voting Agent. Holders of PHONES Notes Claims other than PHONES Notes Exchange Claims must return their Supplemental Beneficial Ballots to their Voting Nominee, as described herein.

ITEM 2.  VOTE TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN.  The Beneficial Owner of the PHONES Notes Claim set forth above hereby votes with respect to such Claim on the Third Amended DCL Plan as follows (check one box only):

| ☐ to ACCEPT the Third Amended DCL Plan | ☐ to REJECT the Third Amended DCL Plan |
|---|---|

ITEM 3.  RELEASE ELECTION (OPTIONAL).  If you return a Supplemental Beneficial Ballot and vote to accept the Third Amended DCL Plan, you will be deemed to have granted the releases contained in Section 11.2.2 of the Plan unless you elect not to grant such releases by checking the applicable box below.[3]  If you vote to reject the Third Amended DCL Plan, you may elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan by checking the applicable box below.  If you do not return your Supplemental Beneficial Ballot, you are deemed not to grant the releases in Section 11.2.2 of the Third Amended DCL Plan unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.  The election to grant the releases is at your option.  **If you do not grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Third Amended DCL Plan.**

☐ The undersigned has voted to accept the Third Amended DCL Plan in Item 2 above but elects not to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.

☐ The undersigned has voted to reject the Third Amended DCL Plan in Item 2 above but elects to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.

ITEM 4.  CERTIFICATION.  By signing this Supplemental Beneficial Ballot, the Holder of the PHONES Notes Claim identified in Item 1 certifies and/or acknowledges that:

a. it is the Beneficial Owner of the PHONES Notes Claim to which this Supplemental Beneficial Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Third Amended DCL Plan and make the election called for on this Supplemental Beneficial Ballot;

b. it has been provided with a copy of the Third Amended DCL Plan, the Supplemental Disclosure Document, and the Resolicitation Order and acknowledges that the vote and election set forth on this Supplemental Beneficial Ballot are subject to all of the

---

[3] Section 11.2.2 of the Third Amended DCL Plan provides that each Person (a) that has voted to accept the Plan and has not opted out from granting the releases, (b) that has voted to reject the Plan but has opted to grant the releases, (c) that is deemed to accept the Plan and has been provided an opportunity but has not opted out of granting the releases, or (d) who otherwise agrees to provide the releases, shall be deemed to have unconditionally released each and all of the Released Parties of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Documents or the Restructuring Transactions (as such terms are defined in the Third Amended DCL Plan), except as otherwise provided in Section 11.2.2 of the Third Amended DCL Plan.

terms and conditions set forth in the Third Amended DCL Plan, the Supplemental Disclosure Document, and the Resolicitation Order;

c.  it has not submitted any other Supplemental Beneficial Ballot(s) on account of the PHONES Notes Claim voted herein that are inconsistent with the votes as set forth in this Supplemental Beneficial Ballot or that, as limited by the terms of the Resolicitation Order and the instructions attached hereto, if such other Supplemental Beneficial Ballot(s) was/were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein;

d.  it is deemed to have consented to the submission of a Supplemental Master Ballot to the Voting Agent (if applicable); and

e.  either (a) this Supplemental Beneficial Ballot is the only Supplemental Beneficial Ballot submitted by the undersigned for PHONES Notes Claims or (b) in addition to this Supplemental Beneficial Ballot, one or more Supplemental Beneficial Ballot(s) for PHONES Notes Claims have been submitted as follows (please use additional sheets of paper if necessary):

**COMPLETE THIS SECTION ONLY IF YOU HAVE VOTED OTHER SUPPLEMENTAL BENEFICIAL BALLOTS**

| Account Number of Other PHONES Notes Claims, if applicable | Name of Registered Holder or Voting Nominee of Other PHONES Notes Claims | Principal Amount of Other PHONES Notes Claims Voted in Additional Ballot(s) |
|---|---|---|
| 1. | | $ |
| 2. | | $ |
| 3. | | $ |
| 4 | | $ |

Name: _____
        (Print or Type)

Signature: _____

By: _____
        (If Applicable)

Title: _____
        (If Applicable)

Mailing Address: _____

_____

City, State, Zip Code: _____

Telephone Number: _____

Email: _____

Date Completed: _____

4

This Supplemental Beneficial Ballot is not, and may not be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest, or (b) an admission by the Debtors or the other Proponents of the Third Amended DCL Plan of the nature, validity, or amount of any Claim, and does not signify that your Claim has been or will be Allowed.

---

**THE SUPPLEMENTAL VOTING DEADLINE IS 4:00 P.M. EASTERN TIME ON APRIL 30, 2012, UNLESS SUCH TIME IS EXTENDED.  PLEASE RETURN YOUR SUPPLEMENTAL BENEFICIAL BALLOT TO YOUR VOTING NOMINEE IN THE ENVELOPE PROVIDED IN SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR SUPPLEMENTAL BENEFICIAL BALLOT AND SUBMIT A SUPPLEMENTAL MASTER BALLOT TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE THE SUPPLEMENTAL VOTING DEADLINE OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN.**

**VOTES AND ELECTIONS MADE ON PRIOR VERSIONS OF THE THIRD AMENDED DCL PLAN, OR OTHER PLANS OF REORGANIZATION FOR THE DEBTORS, BY HOLDERS OF PHONES NOTES CLAIMS WILL NOT BE RE-COUNTED.  THEREFORE, YOU MUST BE SURE THAT THE SUPPLEMENTAL BENEFICIAL BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE SUPPLEMENTAL VOTING DEADLINE.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS SUPPLEMENTAL BENEFICIAL BALLOT OR THE PROCEDURES FOR VOTING ON THE THIRD AMENDED DCL PLAN, OR IF YOU NEED AN ADDITIONAL SUPPLEMENTAL BENEFICIAL BALLOT OR ADDITIONAL COPIES OF THE SUPPLEMENTAL DISCLOSURE DOCUMENT, THE THIRD AMENDED DCL PLAN, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT <u>TRIBUNEVOTE@EPIQSYSTEMS.COM</u>.**

**INSTRUCTIONS FOR COMPLETING SUPPLEMENTAL BENEFICIAL BALLOTS**
**FOR BENEFICIAL OWNERS OF PHONES NOTES CLAIMS (CUSIP NO. 896047305)**
**TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN**

**THESE INSTRUCTIONS EXPLAIN HOW TO COMPLETE THE SUPPLEMENTAL**
**BENEFICIAL BALLOT ENCLOSED IN THE RESOLICITATION PACKAGE FOR VOTING**
**TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN.  PLEASE READ AND**
**FOLLOW THESE INSTRUCTIONS CAREFULLY SO THAT YOUR VOTES AND ELECTIONS**
**RESPECTING THE THIRD AMENDED DCL PLAN WILL BE COUNTED.**

### Why You Have Received a Supplemental Beneficial Ballot

On March [23], 2012, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. [•]] (the "Resolicitation Order") to provide, among other things, for procedures for certain Holders of Claims against Tribune Company and/or its subsidiaries in the above-captioned Chapter 11 Cases (collectively, the "Debtors") to vote to accept or reject the Third Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries Proposed By the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Third Amended DCL Plan") and to make certain elections called for under such Plan.  Capitalized terms used but not defined in these Instructions have the meanings ascribed to them in (i) the Third Amended DCL Plan, (ii) the Supplemental Disclosure Document, or (iii) the Resolicitation Order, as applicable.

The Resolicitation Order provides, among other things, that Holders of PHONES Notes Claims may re-vote on the Third Amended DCL Plan and may make new elections thereunder.

You have previously received ballots for voting on and making elections under earlier versions of the Third Amended DCL Plan and other plans of reorganization that were proposed for the Debtors with respect to your PHONES Notes Claim.  Please be aware that your votes on and elections under the earlier versions of the Third Amended DCL Plan and other plans of reorganization with respect to your PHONES Notes Claim are not being counted for purposes of the Third Amended DCL Plan. Accordingly, if you wish to have your vote on and elections under the Third Amended DCL Plan counted, you must complete and return the Supplemental Beneficial Ballot as provided in these Instructions.

### Claims Voted by the Supplemental Beneficial Ballots

You have been identified as a Beneficial Owner of a PHONES Notes Claim (Class 1J Claims against Tribune Company) that is entitled to re-vote to accept or reject the Third Amended DCL Plan and to make certain elections called for under that Plan.  PHONES Notes Claims are Claims arising under or evidenced by that certain Indenture dated April 1, 1999 between Tribune Company, as Issuer, and Bank of Montreal Trust Company, as Trustee (the "PHONES Notes Indenture") and related documents, and are identified as follows:

| Series of Notes | CUSIP # |
|---|---|
| PHONES Notes Indenture, dated April 1, 1999 | (CUSIP # 896047305) |

PHONES NOTES CLAIMS VOTING BY SUPPLEMENTAL BENEFICIAL BALLOT DO NOT INCLUDE CLAIMS THAT ARE WITHIN THE DEFINITION OF PHONES NOTES EXCHANGE CLAIMS.[1]  IF YOU HOLD BOTH PHONES NOTES CLAIMS AND PHONES NOTES

---

[1] Holders of the PHONES Notes Claims that are on account of PHONES Notes purportedly put to Tribune Company for exchange but not paid in cash prior to the filing of the Debtors' chapter 11 cases (the "PHONES Notes Exchange Claims") will receive separate Resolicitation Packages for voting on and making elections under the Third Amended

EXCHANGE CLAIMS, YOU WILL RECEIVE A SEPARATE SUPPLEMENTAL BALLOT ON WHICH TO VOTE YOUR PHONES NOTES EXCHANGE CLAIMS.  ADDITIONAL INSTRUCTIONS REGARDING VOTING PHONES NOTES EXCHANGE CLAIMS WILL BE PROVIDED IN THE SEPARATE RESOLICITATION PACKAGE FOR SUCH CLAIMS.

### Materials that You Have Been Sent with the Supplemental Beneficial Ballot

You have been sent various materials to assist you in deciding how to vote on the Third Amended DCL Plan (collectively, the "Resolicitation Package").  In addition to the Supplemental Ballot, the Resolicitation Package contains the following:

- a copy of the Third Amended DCL Plan;

- a Supplemental Disclosure Document (the "Supplemental Disclosure Document") that describes the modifications to the Third Amended DCL Plan that have been made since the prior solicitation of votes on and elections under such Plan.  The Supplemental Disclosure Document has been approved by the Bankruptcy Court as a supplement to the previously-distributed Disclosure Documents[2] to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Third Amended DCL Plan;

- notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Third Amended DCL Plan; and

- a copy of the Resolicitation Order (without exhibits).  The Resolicitation Order contains important information regarding the process of voting on the Third Amended DCL Plan and how votes on and elections under the Third Amended DCL Plan will be tabulated.

**It is very important that you read all of these materials carefully in deciding how you wish to vote on the Third Amended DCL Plan and whether you wish to make the elections called for under such Plan.  Your vote on and elections under the Third Amended DCL Plan are very important and may affect your rights and the treatment of your Claim.**

If you would like to receive additional copies of the Third Amended DCL Plan, the Supplemental Disclosure Document, or any other materials relating to the Third Amended DCL Plan, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting Epiq Bankruptcy Solutions, LLC (the "Voting Agent") at (888) 287-7568 or at tribunevote@epiqsystems.com.

---

DCL Plan, and must return their Supplemental Ballots directly to the Voting Agent.  Holders of PHONES Notes Claims other than PHONES Notes Exchange Claims must return their Supplemental Beneficial Ballots to their Voting Nominee, as described herein.

[2] See General Disclosure Statement dated December 15, 2010 [Docket No. 7232] (the "General Disclosure Statement"), which contains a general description of (among other things) the Debtors, their respective businesses and their reorganization proceedings; (ii) the Specific Disclosure Statement Relating to First Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [Docket No. 7135] (the "Specific Disclosure Statement"), which contains a detailed description of (among other things) the provisions of the First Amended DCL Plan, including those provisions that are retained in the Third Amended DCL Plan; and (iii) the Explanatory Statement Relating to Modified Elections Under Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (as modified April 26, 2011) [Docket No. 8754] (the "Explanatory Statement"), which contains a description of (among other things) certain elections offered under the Second Amended DCL Plan (the General Disclosure Statement, the Specific Disclosure Statement, the Explanatory Statement, and the Supplemental Disclosure Document, collectively, the "Disclosure Documents").

### Deadline for Returning Supplemental Beneficial Ballots

You must complete, sign, and date your Supplemental Beneficial Ballot and return it in the enclosed envelope to your broker, bank, commercial bank, trust company, dealer, or other agent or nominee (a "Voting Nominee") in sufficient time for your Voting Nominee to process your Supplemental Beneficial Ballot and submit a Supplemental Master Ballot to the Voting Agent so that it is **actually received** by the Voting Agent no later than **4:00 p.m. (Eastern Time) on April 30, 2012 (the "Supplemental Voting Deadline")**, or your votes will not be counted, and your elections will not be valid.  Your Voting Nominee will provide specific instructions for returning the Supplemental Beneficial Ballot to such Voting Nominee.  Please do not mail Supplemental Beneficial Ballots directly to the Voting Agent, the Debtors, or to any of the other Proponents of the Third Amended DCL Plan.

### How to Complete Your Supplemental Beneficial Ballot

The following are step-by-step instructions for how to complete your Supplemental Beneficial Ballot for voting on the Third Amended DCL Plan and making the elections called for thereunder:

**ITEM 1:**        **Amount of Claim.**

If you are a Holder of a PHONES Notes Claim (other than a PHONES Notes Exchange Claim), please certify the amount of your Claim as of March 22, 2012 (the "Supplemental Record Date").  By certifying the amount in Item 1, you are certifying that the party submitting the Supplemental Beneficial Ballot is the Beneficial Owner, as of the Supplemental Record Date, of a Claim in the aggregate unpaid amount set forth in Item 1 of the Supplemental Beneficial Ballot.  The preprinted amount of the Claim set forth in Item 1 of the Supplemental Beneficial Ballot will control for voting purposes.  If you do not agree with the amount preprinted on Item 1 of the Supplemental Beneficial Ballot, please see "Questions Concerning Your Claim Amount" below.

**ITEM 2:**        **Vote to Accept or Reject the Third Amended DCL Plan.**

Please cast your vote to accept or reject the Third Amended DCL Plan by checking the applicable box in Item 2.  Please note that you must vote the entire amount of your Claim to accept or reject the Third Amended DCL Plan; in other words, you may not vote part of your Claim to accept and part of your Claim to reject the Third Amended DCL Plan.

Please be aware that your vote to accept the Third Amended DCL Plan may also be deemed to be a release of various claims provided for in the Plan.  It is important that you review the Third Amended DCL Plan carefully in considering how to vote.

If the Third Amended DCL Plan is confirmed by the Bankruptcy Court and becomes effective, it will be binding upon you whether or not you vote to accept or reject the Plan or abstain from voting on the Plan.

The Third Amended DCL Plan provides that each Person (a) that has voted to accept the Plan and has not opted out from granting the releases, (b) that has voted to reject the Plan but has opted to grant the releases, (c) that is deemed to accept the Plan and has been provided an opportunity but has not opted out of granting the releases, or (d) who otherwise agrees to provide the releases, shall be deemed to have unconditionally released each and all of the Released Parties of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan,

Disclosure Documents or the Restructuring Transactions (as such terms are defined in the Third Amended DCL Plan), except as otherwise provided in Section 11.2.2 of the Third Amended DCL Plan.

**ITEM 3:**        **Release Election (Optional).**

If you vote to accept the Third Amended DCL Plan, you are deemed to grant the releases in Section 11.2.2 of the Third Amended DCL Plan, <u>unless</u> you affirmatively opt out of granting those releases by checking the applicable box on the Supplemental Beneficial Ballot.  If you vote to reject the Third Amended DCL Plan, you are deemed not to grant the releases in Section 11.2.2 of the Third Amended DCL Plan, <u>unless</u> you affirmatively elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan by checking the applicable box on your Supplemental Beneficial Ballot.  If you do not return a Supplemental Beneficial Ballot, you are deemed not to grant the releases in Section 11.2.2 of the Third Amended DCL Plan unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.

If you voted to accept the Third Amended DCL Plan but wish to opt out of granting the releases in Section 11.2.2 of the Third Amended DCL Plan, please check the box corresponding to that election in Item 3.  Similarly, if you vote to reject the Third Amended DCL Plan but wish to grant the releases in Section 11.2.2 of the Third Amended DCL Plan, please check the box corresponding to that election in Item 3.

If you either (i) vote to accept the Third Amended DCL Plan and do not check the box in Item 3 opting not to grant the Section 11.2.2 releases, or (ii) vote to reject the Third Amended DCL Plan and check the box in Item 3 opting to grant the Section 11.2.2 releases, you will have consented to the releases set forth in Section 11.2.2 of the Third Amended DCL Plan to the fullest extent permitted by applicable law.  **If you do <u>not</u> grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan, you will <u>not</u> receive the benefit of the releases set forth in the Third Amended DCL Plan.**

The Third Amended DCL Plan provides that each Person (a) that has voted to accept the Plan and has not opted out from granting the releases, (b) that has voted to reject the Plan but has opted to grant the releases, (c) that is deemed to accept the Plan and has been provided an opportunity but has not opted out of granting the releases, or (d) who otherwise agrees to provide the releases, shall be deemed to have unconditionally released each and all of the Released Parties of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Documents or the Restructuring Transactions (as such terms are defined in the Third Amended DCL Plan), except as otherwise provided in Section 11.2.2 of the Third Amended DCL Plan.

**ITEM 4:**        **Certifications.**

Please review and complete the certifications in Item 4.  Your original signature is required on the Supplemental Beneficial Ballot for your votes on and elections under the Third Amended DCL Plan to count.  In addition, in Item 4, if you are completing the Supplemental Beneficial Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  You may be requested at a later time to provide proof of your authorization to so sign.  In addition, please provide your name and mailing address if different from that set forth on the mailing label, or if no mailing label is attached to the Supplemental Beneficial Ballot.

The certifications in Item 4 also require you to certify that the Supplemental Beneficial Ballot being submitted is either the only Supplemental Beneficial Ballot you have submitted for PHONES Notes Claims or, if not, that all other Supplemental Beneficial Ballots submitted by you for such Claims are as identified in Item 4(e).  You may attach additional sheets of paper if necessary to complete Item 4(e).

## Returning Your Supplemental Beneficial Ballot

Once you have completed your Supplemental Beneficial Ballot in accordance with the foregoing instructions, please return the completed Supplemental Beneficial Ballot to the Voting Nominee for inclusion on a Supplemental Master Ballot to be prepared and submitted by such Voting Nominee to the Voting Agent.  Please allow sufficient time for mailing your Supplemental Beneficial Ballot to your Voting Nominee so that the Voting Nominee may include your votes and elections on a Supplemental Master Ballot and provide it to the Voting Agent before the Supplemental Voting Deadline.

**No Electronic Transmissions.**  Supplemental Beneficial Ballots submitted by facsimile or other electronic transmission will <u>not</u> be counted.  In addition, please note that if your Supplemental Beneficial Ballot is illegible or contains insufficient information to permit the identification of the Holder of the Claim, your Supplemental Beneficial Ballot will <u>not</u> be counted.  Do <u>not</u> mail your Supplemental Beneficial Ballot directly to the Voting Agent, the Debtors, or to any of the Proponents of the Third Amended DCL Plan.

**No Withdrawal.**  After the Supplemental Voting Deadline, unless you obtain the prior consent of the Proponents of the Third Amended DCL Plan or Bankruptcy Court approval, you may not (i) withdraw or modify your Supplemental Beneficial Ballot in any way, (ii) change your vote to accept or reject the Third Amended DCL Plan, or (iii) change your release election.

**Questions Concerning Your Claim Amount.**  If you disagree with the amount of your Claim set forth in Item 1 of the Supplemental Beneficial Ballot, you may ask the Bankruptcy Court to allow your Claim solely for voting purposes in a different amount.  To have your Claim allowed solely for voting purposes under the Third Amended DCL Plan in a different amount, you must serve on the Proponents of the Third Amended DCL Plan (at the addresses listed on page 1 of the Third Amended DCL Plan) and file with the Bankruptcy Court, on or before **April 5, 2012**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (a "<u>3018 Motion</u>").

A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes only, and the evidence in support of your belief.  If you file a 3018 Motion by the deadline above, your Supplemental Ballot will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Supplemental Voting Deadline, or (b) if such an order has not been entered by the Supplemental Voting Deadline and unless the Proponents of the Third Amended DCL Plan have come to an agreement with you as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Supplemental Beneficial Ballot or otherwise in accordance with the tabulation rules set forth in the Resolicitation Order. **April 25, 2012, at 1:00 p.m. (Eastern Time)** has been established as the date and time for a hearing to consider any and all 3018 Motions.

**Additional Questions.**  If you have questions concerning the Supplemental Beneficial Ballot or the procedures for voting on and making elections under the Third Amended DCL Plan, or if you need an additional Supplemental Beneficial Ballot or additional copies of other materials in the Resolicitation Package, please contact the Voting Agent at (888) 287-7568 or at <u>tribunevote@epiqsystems.com</u>.  The materials in the Resolicitation Package may also be obtained free of charge by visiting <u>http://chapter11.epiqsystems.com/tribune</u>.

**The Supplemental Beneficial Ballot is Not a Proof of Claim or Interest.**  The Supplemental Beneficial Ballot is not, and may not be deemed to be, (a) a proof of claim or equity interest or an

assertion of a claim or equity interest, or (b) an admission by the Debtors or the other Proponents of the Third Amended DCL Plan of the nature, validity, or amount of any Claim, and does not signify that your Claim has been or will be Allowed.

**Additional Information.**  No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Third Amended DCL Plan.  The Supplemental Beneficial Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Third Amended DCL Plan and make the elections called for on the Supplemental Beneficial Ballot.  Holders should not surrender any debt instruments together with their Supplemental Beneficial Ballot.  The Voting Agent will not accept delivery of any such instruments surrendered together with a Supplemental Master Ballot or Supplemental Beneficial Ballot.

**PHONES Notes Claims – Third Amended DCL Plan**

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**SUPPLEMENTAL MASTER BALLOT FOR VOTING NOMINEES OF
HOLDERS OF PHONES NOTES CLAIMS (CUSIP NO. 896047305)
TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN**

**PLEASE READ AND FOLLOW THE INSTRUCTIONS CAREFULLY.**

**PLEASE COMPLETE, SIGN, AND DATE THIS SUPPLEMENTAL MASTER BALLOT AND RETURN IT TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "VOTING AGENT") AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017, SO THAT IT IS ACTUALLY RECEIVED BY THE VOTING AGENT BY APRIL 30, 2012 AT 4:00 P.M. EASTERN TIME (THE "SUPPLEMENTAL VOTING DEADLINE").**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**IF THIS SUPPLEMENTAL MASTER BALLOT IS NOT ACTUALLY RECEIVED BY THE VOTING AGENT BY THE SUPPLEMENTAL VOTING DEADLINE, THE VOTES AND ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED.  VOTES AND ELECTIONS MADE ON PRIOR VERSIONS OF THE THIRD AMENDED DCL PLAN BY HOLDERS OF PHONES NOTES CLAIMS WILL NOT BE RE-COUNTED.  THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE SUPPLEMENTAL MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE SUPPLEMENTAL VOTING DEADLINE.**

On March [23], 2012, the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") entered an order [Docket No. [•]] (the "<u>Resolicitation Order</u>") to provide for, among other things, procedures for Holders of PHONES Notes Claims to vote to accept or reject the Third Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries Proposed By the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "<u>Third Amended DCL Plan</u>") and to make certain elections called for under such Plan.  Capitalized terms used but not defined in this Supplemental Master Ballot have the meanings given to them in (i) the Third Amended DCL Plan, (ii) the Supplemental Disclosure Document, or (iii) the Resolicitation Order, as applicable.

You have previously received master ballots on behalf of beneficial owners of PHONES Notes issued by Tribune Company ("<u>Beneficial Owners</u>") for tabulating votes on and elections under earlier versions of the Third Amended DCL Plan and other plans of reorganization that were proposed for the Debtors.  Please be aware that votes on and elections under the earlier versions of the Third Amended DCL Plan and other plans of reorganization with respect to the PHONES Notes Claims are <u>not</u> being counted for purposes of the Third Amended DCL Plan.  Accordingly, for the votes on and elections under the Third Amended DCL Plan of your Beneficial Owners to be counted, you must complete and return this Supplemental Master Ballot so that it is **actually received** by the Voting Agent by the Supplemental Voting Deadline, in accordance with the attached Instructions.

This Supplemental Master Ballot is to be used by you, as a broker, bank, commercial bank, trust company, dealer, or other agent or nominee (each of the foregoing, a "<u>Voting Nominee</u>") to tabulate and transmit the votes and elections of Beneficial Owners in respect of their PHONES Notes Claims.

The proponents of the Third Amended DCL Plan have provided to you, by separate mailing, voting materials for each of the Beneficial Owners for whom you act as Voting Nominee, consisting of Supplemental Beneficial Ballots and Supplemental Election Forms, copies of the Third Amended DCL Plan, a Supplemental Disclosure Document (the "<u>Supplemental Disclosure Document</u>") that describes the modifications to the Third Amended DCL Plan that have been made since the prior solicitation of votes on and elections under such Plan, notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Third Amended DCL Plan, and copies of the Resolicitation Order (without exhibits) (collectively, the "<u>Resolicitation Packages</u>").

PHONES Notes Claims are Claims arising under or evidenced by that certain Indenture dated April 1, 1999 between Tribune Company, as Issuer, and Bank of Montreal Trust Company, as Trustee (the "<u>PHONES Notes Indenture</u>") and related documents, and are identified as follows:

| Series of Notes | CUSIP # |
|---|---|
| PHONES Notes Indenture, dated April 1, 1999 | (CUSIP # 896047305) |

Votes to accept or reject the Third Amended DCL Plan from the Beneficial Owners of PHONES Notes Claims, and accompanying elections, will be returned to you on Supplemental Beneficial Ballots. For each completed, executed Supplemental Beneficial Ballot returned to you by a Beneficial Owner, you

must retain a copy of such Supplemental Beneficial Ballot in your files for at least **five (5) years** from the Supplemental Voting Deadline.

PHONES NOTES CLAIMS VOTING ON THIS SUPPLEMENTAL BENEFICIAL BALLOT DO <u>NOT</u> INCLUDE CLAIMS THAT ARE WITHIN THE DEFINITION OF PHONES NOTES EXCHANGE CLAIMS.[2]  PLEASE SEE THE ATTACHED VOTING INSTRUCTIONS FOR MORE DETAILS CONCERNING THE PHONES NOTES EXCHANGE CLAIMS.

**PRIOR TO COMPLETING THIS SUPPLEMENTAL MASTER BALLOT, PLEASE REFER TO THE INSTRUCTIONS ATTACHED TO THIS SUPPLEMENTAL MASTER BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.**

ITEM 1.    CERTIFICATION OF AUTHORITY TO VOTE.  The undersigned certifies that as of March 22, 2012 (the "<u>Supplemental Record Date</u>"), it (please check applicable box):

☐    is the broker, bank, or other agent or nominee that is the registered holder for the Beneficial Owners of the aggregate principal amount of PHONES Notes listed in Items 2 and 3 below; or

☐    is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by the broker, bank, or other agent or nominee that is the registered holder of the aggregate principal amount of PHONES Notes listed in Items 2 and 3 below; or

☐    has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a Beneficial Owner, that is the registered holder of the aggregate principal amount of PHONES Notes listed in Items 2 and 3 and, accordingly, has full power and authority to (1) vote to accept or reject the Third Amended DCL Plan and (2) make the elections called for under such Plan, each on behalf of the Beneficial Owners of the PHONES Notes described in Items 2 and 3 below.

---

[2] Holders of the PHONES Notes Claims that are on account of PHONES Notes purportedly put to Tribune Company for exchange but not paid in cash prior to the filing of the Debtors' chapter 11 cases (the "<u>PHONES Notes Exchange Claims</u>") will receive separate Resolicitation Packages for voting on and making elections under the Third Amended DCL Plan, and must return their Supplemental Ballots directly to the Voting Agent.  Holders of PHONES Notes Claims other than PHONES Notes Exchange Claims must return their Supplemental Beneficial Ballots to their Voting Nominee, as described herein.

3

ITEM 2.    TABULATION OF BENEFICIAL OWNER VOTING.  The undersigned certifies that:

ITEM 2A.    <u>Acceptances/Rejections</u>.  The Beneficial Owners of PHONES Notes in the following aggregate unpaid principal amounts have delivered duly completed Supplemental Beneficial Ballots to the undersigned (or such information was derived from Supplemental Beneficial Ballots that have been summarized in intermediary Supplemental Master Ballots delivered to the undersigned) voting to Accept or Reject the Third Amended DCL Plan:

| Total Number of Holders of PHONES Notes Claims Voting to Accept | Total Aggregate Unpaid Principal Amount of Holders Voting to Accept | Total Number of Holders of PHONES Notes Claims Voting to Reject | Total Aggregate Unpaid Principal Amount of Holders Voting to Reject |
| --- | --- | --- | --- |
|  | $_____ |  | $_____ |

ITEM 2B.    <u>Release Elections</u>.  The undersigned certifies that the Beneficial Owners of PHONES Notes Claims in the following aggregate unpaid principal amounts have made the release elections below under the Third Amended DCL Plan:

| Total Number of Holders Voting to Reject the Third Amended DCL Plan who Elected to Grant Releases contained in Section 11.2.2 of Third Amended DCL Plan | Total Aggregate Unpaid Principal Amount of Holders Voting to Reject the Third Amended DCL Plan who Elected to Grant Releases contained in Section 11.2.2 of Third Amended DCL Plan | Total Number of Holders Voting to Accept the Third Amended DCL Plan who Elected Not to Grant Releases contained in Section 11.2.2 of Third Amended DCL Plan | Total Aggregate Unpaid Principal Amount of Holders Voting to Accept the Third Amended DCL Plan who Elected Not to Grant Releases contained in Section 11.2.2 of Third Amended DCL Plan |
| --- | --- | --- | --- |
|  | $_____ |  | $_____ |

ITEM 3.    TRANSMITTAL OF VOTES FROM SUPPLEMENTAL BENEFICIAL BALLOTS.  The undersigned transmits the following votes of Beneficial Owners of PHONES Notes and certifies that the following are Beneficial Owners, as of the Supplemental Record Date, and have delivered to the undersigned, as Voting Nominee, Supplemental Beneficial Ballots casting such votes (indicate in each column the aggregate principal amount voted for each account).

| Your Customer Name or Account Number for Each Beneficial Owner Voting on the Third Amended DCL Plan | Principal Amount of PHONES Notes Voting | Voted to ACCEPT the Third Amended DCL Plan | Voted to REJECT the Third Amended DCL Plan | Check if Beneficial Owner voted to Reject the Third Amended DCL Plan and Elected to grant releases contained in Section 11.2.2 of Third Amended DCL Plan | Check if Beneficial Owner voted to Accept the Third Amended DCL Plan and Elected not to grant the releases contained in Section 11.2.2 of Third Amended DCL Plan |
|---|---|---|---|---|---|
| 1. | $ | ☐ | ☐ | ☐ | ☐ |
| 2. | $ | ☐ | ☐ | ☐ | ☐ |
| 3. | $ | ☐ | ☐ | ☐ | ☐ |
| 4. | $ | ☐ | ☐ | ☐ | ☐ |
| 5. | $ | ☐ | ☐ | ☐ | ☐ |
| 6. | $ | ☐ | ☐ | ☐ | ☐ |
| 7. | $ | ☐ | ☐ | ☐ | ☐ |
| 8. | $ | ☐ | ☐ | ☐ | ☐ |
| 9. | $ | ☐ | ☐ | ☐ | ☐ |
| 10. | $ | ☐ | ☐ | ☐ | ☐ |

**USE ADDITIONAL SHEETS IF NECESSARY**.

ITEM 4.    ADDITIONAL INFORMATION SUBMITTED BY BENEFICIAL OWNERS.  The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 4(e) of each Supplemental Beneficial Ballot received from a Beneficial Owner of the PHONES Notes.

**Information transcribed from Item 4 of the Supplemental Beneficial Ballots regarding other Supplemental Beneficial Ballots cast in respect of PHONES Notes Claims**

| Your Customer Name or Account Number for Each Beneficial Owner who completed Item 4(e) of the Supplemental Beneficial Ballot | Account Number of Other PHONES Notes | Name of Registered Holder or Voting Nominee of Other PHONES Notes Claims Voted | Principal Amount of Other PHONES Notes Claims Voted in Additional Supplemental Beneficial Ballot(s) | Number of Other PHONES NOTES Voted in Additional Supplemental Beneficial Ballot(s) |
|---|---|---|---|---|
| 1. | | | $ | |
| 2. | | | $ | |
| 3. | | | $ | |
| 4. | | | $ | |
| 5. | | | $ | |

**USE ADDITIONAL SHEETS IF NECESSARY**.

ITEM 5.    CERTIFICATION.  By signing this Supplemental Master Ballot, the undersigned certifies that: (a) each Beneficial Owner of PHONES Notes whose votes and elections are being transmitted by this Supplemental Master Ballot has been provided with a copy of the Third Amended DCL Plan, the Supplemental Disclosure Document, the Resolicitation Order, and a Supplemental Beneficial Ballot for voting its Claim on the Third Amended DCL Plan; (b) it is the registered holder of the PHONES Notes to which this Supplemental Master Ballot pertains and/or has full power and authority to vote to accept or reject the Third Amended DCL Plan and make the elections called for thereunder; (c) it received a properly completed and signed Supplemental Beneficial Ballot from each Beneficial Owner listed in Item 3 above; and (d) it accurately transcribed all applicable information from the Supplemental Beneficial Ballots received from each Beneficial Owner.

The undersigned also acknowledges that the solicitation of this vote to accept or reject the Third Amended DCL Plan is subject to all the terms and conditions set forth in the Resolicitation Order, dated March [23], 2012.

_____
Name of Voting Nominee

_____
Participant Number

_____
Signature

6

_____
If by Authorized Agent, Name and Title

_____
Mailing Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Email

_____
Date Completed

**INSTRUCTIONS FOR COMPLETING THE SUPPLEMENTAL MASTER BALLOT
TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN**

**THESE INSTRUCTIONS EXPLAIN HOW TO COMPLETE THE SUPPLEMENTAL MASTER BALLOT FOR VOTING NOMINEES OF HOLDERS OF PHONES NOTES CLAIMS (CUSIP NO. 896047305) TO VOTE TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN. PLEASE READ AND FOLLOW THESE INSTRUCTIONS CAREFULLY SO THAT YOUR CUSTOMERS' VOTES AND ELECTIONS RESPECTING THE THIRD AMENDED DCL PLAN WILL BE COUNTED.**

You are receiving this package because you have been identified as a broker, bank, commercial bank, trust company, dealer, or other agent or nominee (each of the foregoing, a "Voting Nominee") for beneficial owners of PHONES Notes issued by Tribune Company ("Beneficial Owners"). Capitalized terms used but not defined in the Supplemental Master Ballot or these Instructions have the meanings ascribed to them in (i) the Third Amended DCL Plan, (ii) the Supplemental Disclosure Document, or (iii) the Resolicitation Order, as applicable.

**Supplemental Voting Deadline**

The Supplemental Voting Deadline is **April 30, 2012 at 4:00 p.m. (Eastern Time)**. To have the votes and elections of your Beneficial Owners count, you must complete, sign, and return the Supplemental Master Ballot so that it is received by the Voting Agent at the address set forth in the Supplemental Master Ballot on or before the Supplemental Voting Deadline.

**Transmittal of Supplemental Beneficial Ballots to Beneficial Owners**

If you are acting as a Voting Nominee for Beneficial Owners of PHONES Notes Claims issued by Tribune Company, you must (i) deliver a Supplemental Beneficial Ballot to such Beneficial Owner(s), along with the Supplemental Disclosure Document, the Third Amended DCL Plan, the Resolicitation Order, the Confirmation Hearing Notice, and other materials required to be forwarded; and (ii) take the necessary actions to enable such Beneficial Owners to (a) complete and execute such Supplemental Beneficial Ballot and (b) return the completed, executed Supplemental Beneficial Ballot to you in sufficient time to enable you to complete the Supplemental Master Ballot and deliver it to the Voting Agent before the Supplemental Voting Deadline.

You or the Beneficial Owners for whom you are the Voting Nominee may wish to seek legal advice concerning the Third Amended DCL Plan and the classification and treatment of the PHONES Notes Claims under such Plan.

**How to Complete the Supplemental Master Ballot**

With respect to all of the Supplemental Beneficial Ballots returned to you, you must properly complete the Supplemental Master Ballot, as follows:

    i.    Check the applicable box in Item 1 on the Supplemental Master Ballot;

    ii.    Indicate the total votes to accept or reject the Third Amended DCL Plan in Item 2;

    iii.    Transcribe the votes from the Supplemental Beneficial Ballots in Item 2 and indicate the following in Item 3:

1

a.   whether each Beneficial Owner voted to accept or reject the Third Amended DCL Plan;

b.   in the case of any Beneficial Owners that voted to reject the Third Amended DCL Plan, whether each such Beneficial Owner elected to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan; and

c.   in the case of any Beneficial Owners that voted to accept the Third Amended DCL Plan, whether each such Beneficial Owner elected not to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.

IMPORTANT: BENEFICIAL OWNERS MAY NOT SPLIT THEIR VOTES.  PROPERLY EXECUTED SUPPLEMENTAL BENEFICIAL BALLOTS THAT ATTEMPT PARTIALLY TO ACCEPT AND PARTIALLY TO REJECT THE THIRD AMENDED DCL PLAN WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE PLAN.  EACH BENEFICIAL OWNER MUST VOTE ALL OF HIS, HER, OR ITS PHONES NOTES CLAIMS EITHER TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN (OR ABSTAIN FROM VOTING THEREON).  IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT EACH BENEFICIAL OWNER TO CORRECT ITS BALLOT OR THE VOTING AGENT IMMEDIATELY.

iv.   Transcribe from Item 4(e) of each Supplemental Beneficial Ballot the information provided by the Beneficial Owners into Item 4 of the Supplemental Master Ballot;

v.   Review the certification in Item 5 of the Supplemental Master Ballot;

vi.   Ensure that each Supplemental Beneficial Ballot is signed and each certification is complete;

vii.   Independently verify and confirm the accuracy of the information provided with respect to each Beneficial Owner of PHONES Notes;

viii.   If additional space is required to respond to any item on the Supplemental Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Supplemental Master Ballot to which you are responding; and

ix.   Sign, date, and return the original Supplemental Master Ballot.

You must deliver the completed, executed Supplemental Master Ballot so that it is <u>actually received</u> by the Voting Agent on or before the Supplemental Voting Deadline.  You must retain a copy of each completed, executed Supplemental Beneficial Ballot returned to you by a Beneficial Owner in your files for at least **five (5) years** from the Supplemental Voting Deadline.

Votes cast by Beneficial Owners through a Voting Nominee will be compared to the holdings of the PHONES Notes of such Beneficial Owners as of the Supplemental Record Date, as evidenced by the record and depository listings.  Votes submitted by a Voting Nominee pursuant to a Supplemental Master Ballot will not be counted in excess of the record amount of the PHONES Notes held by such Voting Nominee.

For the purpose of tabulating votes, each Beneficial Owner shall be deemed to have voted the principal amount of its PHONES Notes.  To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees.  To the extent that overvotes on a Supplemental Master Ballot are not reconcilable

2

prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Third Amended DCL Plan in the same proportion as the votes to accept and reject the Third Amended DCL Plan submitted on the Supplemental Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the PHONES Notes. After the Supplemental Voting Deadline, no vote on or election under the Third Amended DCL Plan may be withdrawn without the prior consent of the proponents of the Third Amended DCL Plan.

PLEASE NOTE:

This Supplemental Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Third Amended DCL Plan and to make certain elections called for under such Plan. Holders of PHONES Notes Claims should not surrender their PHONES Notes with the Supplemental Beneficial Ballots. The Voting Agent will not accept delivery of any such instruments surrendered together with a Supplemental Master Ballot.

The Supplemental Master Ballot and Supplemental Beneficial Ballots are not, and may not be deemed to be, (a) a proof of claim or equity interest or an assertion of a claim or equity interest, or (b) an admission by the Debtors or the other Proponents of the Third Amended DCL Plan of the nature, validity, or amount of any Claim, and does not signify that any claim has been or will be Allowed.

No fees or commissions or other remuneration will be payable to any Voting Nominee. Upon written request with supporting documentation, however, the Debtors will reimburse you for reasonable, actual, and necessary out-of-pocket expenses associated with the distribution of the Resolicitation Packages to your Beneficial Owners, the tabulation of the Supplemental Beneficial Ballots, and the completion of this Supplemental Master Ballot.

**IF YOU BELIEVE THAT YOU ARE MISSING ANY MATERIALS FROM THE RESOLICITATION PACKAGE OR THAT YOU HAVE RECEIVED THE WRONG BALLOT, OR IF YOU HAVE QUESTIONS REGARDING THIS SUPPLEMENTAL MASTER BALLOT, OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE SUPPLEMENTAL MASTER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.**

**PLEASE COMPLETE, SIGN, AND DATE THIS SUPPLEMENTAL MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.**

**BALLOTS RECEIVED BY FACSIMILE OR OTHER ELECTRONIC MEANS OR RECEIVED AFTER THE SUPPLEMENTAL VOTING DEADLINE WILL NOT BE COUNTED.**

**<u>EXHIBIT C</u>**

**<u>Forms of Supplemental Beneficial Ballots</u>**
**<u>for Holders of PHONES Notes Exchange Claims</u>**

**PHONES Notes Exchange Claims – Third Amended DCL Plan**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### SUPPLEMENTAL BALLOT FOR HOLDERS OF PHONES NOTES EXCHANGE
### CLAIMS AGAINST TRIBUNE COMPANY TO ACCEPT OR REJECT
### THE THIRD AMENDED DCL PLAN

On March [23], 2012, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. [•]] (the "Resolicitation Order") to provide for, among other things, procedures for Holders of PHONES Notes Claims, including PHONES Notes Exchange Claims (defined below), to vote to accept or reject the Third Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries Proposed By the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Third Amended DCL Plan") and to make certain elections called for under such Plan. Capitalized terms used but not defined in this Supplemental Ballot have the meanings given to them in (i) the Third Amended DCL Plan, (ii) the Supplemental Disclosure Document, (iii) the Resolicitation Order, or (iv) the attached Instructions, as applicable.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (5612); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**PRIOR TO COMPLETING THIS SUPPLEMENTAL BALLOT, PLEASE REFER TO THE INSTRUCTIONS ATTACHED TO THIS SUPPLEMENTAL BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.**

This Supplemental Ballot has been sent to you, as a Holder of a PHONES Notes Claim that is on account of PHONES Notes purportedly put to Tribune Company for exchange but not paid in cash prior to the filing of the Debtors' Chapter 11 Cases (the "PHONES Notes Exchange Claims"), to allow you to vote to accept or reject the Third Amended DCL Plan and to make elections under such Plan.

This Supplemental Ballot is only to be used for voting your PHONES Notes Exchange Claim.  If you hold other Claims against Tribune Company or the Subsidiary Debtors in the Debtors' Chapter 11 Cases and those Claims are in Classes entitled to re-vote for purposes of the Third Amended DCL Plan, you will receive separate Supplemental Ballots to vote such Claims.

IF YOU HOLD BOTH PHONES NOTES CLAIMS AND PHONES NOTES EXCHANGE CLAIMS, YOU WILL RECEIVE A SEPARATE SUPPLEMENTAL BENEFICIAL BALLOT ON WHICH TO VOTE YOUR PHONES NOTES CLAIMS.  ADDITIONAL INSTRUCTIONS REGARDING VOTING PHONES NOTES CLAIMS WILL BE PROVIDED IN THE SEPARATE RESOLICITATION PACKAGE FOR SUCH CLAIMS.  YOU MAY NOT USE THIS SUPPLEMENTAL BALLOT TO VOTE ON OR MAKE ELECTIONS UNDER THE THIRD AMENDED DCL PLAN WITH RESPECT TO YOUR PHONES NOTES CLAIMS.

If you wish to have your vote on and election under the Third Amended DCL Plan counted, you must complete and return this Supplemental Ballot so that it is **actually** **received** by the Voting Agent by no later than **April 30, 2012 at 4:00 p.m. (Eastern Time)** (the "Supplemental Voting Deadline"), in accordance with the attached Instructions.

**To vote to accept or reject the Third Amended DCL Plan and, if desired, make the elections called for under the Third Amended DCL Plan, please complete the following:**

ITEM 1.     AMOUNT OF PHONES NOTES EXCHANGE CLAIM.  The undersigned certifies that as of March 22, 2012 (the "Supplemental Record Date"), the undersigned was the Holder of a PHONES Notes Exchange Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 1A.    [Intentionally Omitted].

ITEM 2.     VOTE TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN.  The Holder of the PHONES Notes Exchange Claim set forth above hereby votes with respect to such Claim on the Third Amended DCL Plan as follows (check one box only):

| ☐ to ACCEPT the Third Amended DCL Plan | ☐ to REJECT the Third Amended DCL Plan |
|---|---|

ITEM 3.     RELEASE ELECTION (OPTIONAL).  If you return a Supplemental Ballot and vote to accept the Third Amended DCL Plan, you will be deemed to have granted the releases contained in Section 11.2.2 of the Plan unless you elect not to grant such releases by checking the applicable box below.[2]  If you vote to reject the Third Amended DCL Plan, you may elect

---

[2] Section 11.2.2 of the Third Amended DCL Plan provides that each Person (a) that has voted to accept the Plan and has not opted out from granting the releases, (b) that has voted to reject the Plan but has opted to grant the releases, (c) that is deemed to accept the Plan and has been provided an opportunity but has not opted out of granting the

to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan by checking the applicable box below.  If you do not return your Supplemental Ballot, you will be deemed not to have granted such releases unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.  Election to grant such releases is at your option.  **If you do not grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Third Amended DCL Plan.**

☐    The undersigned has voted to accept the Third Amended DCL Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.

☐    The undersigned has voted to reject the Third Amended DCL Plan in Item 2 above but elects to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.

ITEM 4.    [Intentionally Omitted].

ITEM 5.    [Intentionally Omitted].

ITEM 6.    CERTIFICATION.  By signing this Supplemental Ballot, the Holder of the PHONES Notes Exchange Claim identified in Item 1 certifies that it:

a.    is the Holder of the PHONES Notes Exchange Claim to which this Supplemental Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Third Amended DCL Plan and make the elections called for on this Supplemental Ballot;

b.    has been provided with a copy of the Third Amended DCL Plan, the Supplemental Disclosure Document, and the Resolicitation Order and acknowledges that the votes and elections set forth on this Supplemental Ballot are subject to all of the terms and conditions set forth in the Third Amended DCL Plan, the Supplemental Disclosure Document, and the Resolicitation Order; and

c.    has not submitted any other Supplemental Ballot(s) on account of the PHONES Notes Exchange Claim voted herein that are inconsistent with the votes and elections set forth in this Supplemental Ballot or that, as limited by the terms of the Resolicitation Order and the Instructions enclosed herewith, if such other Supplemental Ballot(s) was/were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name:  _____
       (Print or Type)

Signature:  _____

---

releases, or (d) who otherwise agrees to provide the releases, shall be deemed to have unconditionally released each and all of the Released Parties of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Documents or the Restructuring Transactions (as such terms are defined in the Third Amended DCL Plan), except as otherwise provided in Section 11.2.2 of the Third Amended DCL Plan.

By: _____
       (if Applicable)

Title: _____
       (if Applicable)

Mailing Address: _____

    _____

City, State, Zip Code: _____

Telephone Number: _____

Email: _____

Date Completed: _____

     This Supplemental Ballot is not, and may not be deemed to be, (a) a proof of claim or equity interest or an assertion of a claim or equity interest, or (b) an admission by the Debtors or the other Proponents of the Third Amended DCL Plan of the nature, validity, or amount of any Claim, and does not signify that your Claim has been or will be Allowed.

---

**YOUR SUPPLEMENTAL BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE SUPPLEMENTAL VOTING DEADLINE (APRIL 30, 2012), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN, AND YOUR ELECTIONS WILL NOT BE VALID.  SUPPLEMENTAL BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL <u>NOT</u> BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**VOTES AND ELECTIONS MADE ON PRIOR VERSIONS OF THE THIRD AMENDED DCL PLAN, OR OTHER PLANS OF REORGANIZATION FOR THE DEBTORS, BY HOLDERS OF PHONES NOTES EXCHANGE CLAIMS WILL NOT BE RE-COUNTED.  THEREFORE, YOU MUST BE SURE THAT THE SUPPLEMENTAL BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE SUPPLEMENTAL VOTING DEADLINE.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS SUPPLEMENTAL BALLOT OR THE PROCEDURES FOR VOTING ON THE THIRD AMENDED DCL PLAN, OR IF YOU NEED AN ADDITIONAL SUPPLEMENTAL BALLOT OR ADDITIONAL COPIES OF THE SUPPLEMENTAL DISCLOSURE DOCUMENT, THE THIRD AMENDED DCL PLAN, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT <u>TRIBUNEVOTE@EPIQSYSTEMS.COM</u>.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS SUPPLEMENTAL BALLOT, OR YOU MAY RETURN YOUR SUPPLEMENTAL BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST-CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

**If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, Third Floor
New York, NY 10017

**JOINT INSTRUCTIONS FOR COMPLETING THE SUPPLEMENTAL BALLOT
TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN**

**THESE INSTRUCTIONS EXPLAIN HOW TO COMPLETE THE SUPPLEMENTAL BALLOT
ENCLOSED IN THE RESOLICITATION PACKAGE FOR VOTING TO ACCEPT OR REJECT
THE THIRD AMENDED DCL PLAN.  PLEASE READ AND FOLLOW THESE
INSTRUCTIONS CAREFULLY SO THAT YOUR VOTES AND ELECTIONS RESPECTING
THE THIRD AMENDED DCL PLAN WILL BE COUNTED.**

**Why You Have Received a Supplemental Ballot**

On March [23], 2012, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. [•]] (the "Resolicitation Order") to provide, among other things, for procedures for certain Holders of Claims against Tribune Company and/or its subsidiaries in the above-captioned Chapter 11 Cases (collectively, the "Debtors") to vote to accept or reject the Third Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries Proposed By the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Third Amended DCL Plan") and to make certain elections called for under such Plan.  Capitalized terms used but not defined in these Instructions have the meanings ascribed to them in (i) the Third Amended DCL Plan, (ii) the Supplemental Disclosure Document, or (iii) the Resolicitation Order, as applicable.

The Resolicitation Order provides, among other things, that Holders of Senior Loan Claims, Senior Guaranty Claims, Bridge Loan Claims, Other Parent Claims, Holders of EGI-TRB LLC Notes Claims, Holders of PHONES Notes Claims that are on account of PHONES Notes purportedly put to Tribune Company for exchange but not paid in cash prior to the filing of the Debtors' chapter 11 cases (the "PHONES Notes Exchange Claims"), and Holders of General Unsecured Claims in the Subsidiary Revoting Classes[1] may re-vote on the Third Amended DCL Plan and may make new elections thereunder.

These Joint Instructions apply only to the Supplemental Ballots transmitted to Holders of Senior Loan Claims, Senior Guaranty Claims, Bridge Loan Claims, Other Parent Claims, Holders of EGI-TRB LLC Notes Claims, Holders of PHONES Notes Exchange Claims, and Holders of General Unsecured Claims in the Subsidiary Revoting Classes.  If you hold other Claims against Tribune Company and those Claims are in Classes entitled to re-vote for purposes of the Third Amended DCL Plan, you will receive separate Supplemental Ballots to vote such Claims.

You have previously received ballots for voting on and making elections under earlier versions of the Third Amended DCL Plan and other plans of reorganization that were proposed for the Debtors with respect to your Claims.  Please be aware that your votes on and elections under the earlier versions of the Third Amended DCL Plan and other plans of reorganization are not being counted for purposes of the Third Amended DCL Plan, with the exception of prior Convenience Class Elections made by Holders of Other Parent Claims.  Accordingly, if you wish to have your vote on and elections under the Third Amended DCL Plan counted, you must complete and return your Supplemental Ballot as provided in these Instructions.

**PURSUANT TO THE THIRD AMENDED DCL PLAN, IMPAIRED CLASSES OF CLAIMS FOR WHICH NO VALID BALLOTS ARE RECEIVED WILL BE DEEMED TO ACCEPT THE THIRD AMENDED DCL PLAN.**

---

[1] The Subsidiary Revoting Classes are the Classes of General Unsecured Claims against certain Non-Guarantor Subsidiary Debtors (Classes 2E, 4E through 7E, 10E, 12E through 15E, 18E through 20E, 22E through 29E, 31E through 38E, 40E, 42E, 43E, and 46E through 49E).

**Materials That You Have Been Sent with the Supplemental Ballot**

You have been sent various materials to assist you in deciding how to vote on the Third Amended DCL Plan (collectively, the "Resolicitation Package").  In addition to the Supplemental Ballot, the Resolicitation Package contains the following:

- a copy of the Third Amended DCL Plan;

- a Supplemental Disclosure Document (the "Supplemental Disclosure Document") that describes the modifications to the Third Amended DCL Plan that have been made since the prior solicitation of votes on and elections under such Plan.  The Supplemental Disclosure Document has been approved by the Bankruptcy Court as a supplement to the previously-distributed Disclosure Documents[2] to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Third Amended DCL Plan;

- notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Third Amended DCL Plan; and

- a copy of the Resolicitation Order (without exhibits).  The Resolicitation Order contains important information regarding the process of voting on the Third Amended DCL Plan and how votes on and elections under the Third Amended DCL Plan will be tabulated.

**It is very important that you read all of the materials in the Resolicitation Package carefully in considering how you wish to vote on the Third Amended DCL Plan and whether you wish to make the elections called for under such Plan.  Your vote on and elections under the Third Amended DCL Plan are very important and may affect your rights and the treatment of your Claim.**

If you would like to receive additional copies of the Third Amended DCL Plan, the Supplemental Disclosure Document, or any other materials relating to the Third Amended DCL Plan, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting Epiq Bankruptcy Solutions, LLC (the "Voting Agent") at (888) 287-7568 or at tribunevote@epiqsystems.com.

**Deadline for Returning Supplemental Ballots to the Voting Agent**

You must complete, sign, and date your Supplemental Ballot and return it to the Voting Agent in the enclosed envelope so that it is **actually received** by the Voting Agent by no later than **April 30, 2012 at 4:00 p.m. (Eastern Time)** the ("Supplemental Voting Deadline").  If you do not return your Supplemental Ballot so that it is actually received by the Voting Agent by the Supplemental Voting Deadline, the votes reflected on your Supplemental Ballot will not be counted and the elections reflected on your Supplemental Ballot will not be valid.

---

[2] See General Disclosure Statement dated December 15, 2010 [Docket No. 7232] (the "General Disclosure Statement"), which contains a general description of (among other things) the Debtors, their respective businesses and their reorganization proceedings; (ii) the Specific Disclosure Statement Relating to First Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [Docket No. 7135] (the "Specific Disclosure Statement"), which contains a detailed description of (among other things) the provisions of the First Amended DCL Plan, including those provisions that are retained in the Third Amended DCL Plan; and (iii) the Explanatory Statement Relating to Modified Elections Under Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (as modified April 26, 2011) [Docket No. 8754] (the "Explanatory Statement"), which contains a description of (among other things) certain elections offered under the Second Amended DCL Plan (the General Disclosure Statement, the Specific Disclosure Statement, the Explanatory Statement, and the Supplemental Disclosure Document, collectively, the "Disclosure Documents").

## How to Complete Your Supplemental Ballot

The following are step-by-step instructions for how to complete your Supplemental Ballot for voting on the Third Amended DCL Plan and making the elections called for thereunder:

**ITEM 1:**        **Amount of Claim.**

Please certify the amount of your Claim as of March 22, 2012 (the "Supplemental Record Date"). By certifying the amount in Item 1, you are certifying that the party submitting the Supplemental Ballot is the Holder, as of the Supplemental Record Date, of a Claim in the aggregate unpaid amount set forth in Item 1 of the Supplemental Ballot. The preprinted amount of the Claim set forth in Item 1 of the Supplemental Ballot will control for voting purposes. If you do not agree with the amount preprinted on Item 1 of the Supplemental Ballot, please see "Questions Concerning Your Claim Amount" below.

**ITEM 1A:**        **Convenience Class Election (Optional).**

*Item 1A applies only to the Holders of Class 1F Other Parent Claims against Tribune Company. If your Supplemental Ballot does not relate to a Class 1F Other Parent Claim, your Supplemental Ballot will indicate that Item 1A has been "[Intentionally Omitted]." If your Supplemental Ballot states "[Intentionally Omitted]" at Item 1A, please skip Item 1A and move on to Item 2 below.*

You should check this box if you are the Holder of a Class 1F Other Parent Claim and you wish to have that Claim treated as a Class 1G Convenience Claim. If you make this election, your Class 1F Other Parent Claim will be reduced in amount to One Thousand Dollars ($1,000) under the Third Amended DCL Plan. In addition, if you check the box in Item 1A, (a) such election is an irrevocable and legally binding obligation; (b) your Claim will receive treatment set forth in the Third Amended DCL Plan for Class 1G Convenience Claims instead of the treatment afforded to Class 1F Other Parent Claims; (c) your vote to accept or reject the Third Amended DCL Plan will not be counted; and (d) you will be deemed to grant the releases set forth in Section 11.2.2 of the Third Amended DCL Plan unless you elect not to grant such releases by checking the appropriate box on the Supplemental Ballot.

Holders of Other Parent Claims that elected to have their Claims treated as Convenience Claims as part of the solicitation process undertaken on prior versions of the Plan shall continue to have that treatment election recognized and such Holders will not be treated as Holders of Other Parent Claims for the purposes of resolicitation of the Third Amended DCL Plan.

**ITEM 2:**        **Vote to Accept or Reject the Third Amended DCL Plan.**

Please cast your vote to accept or reject the Third Amended DCL Plan by checking the applicable box in Item 2. Please note that you must vote the entire amount of your Claim to accept or reject the Third Amended DCL Plan; in other words, you may not vote part of your Claim to accept and part of your Claim to reject the Third Amended DCL Plan.

If the Third Amended DCL Plan is confirmed by the Bankruptcy Court and becomes effective, it will be binding upon you whether or not you vote to accept or reject the Plan or abstain from voting on the Plan.

Please be aware that a vote to accept the Third Amended DCL Plan is a vote to grant the releases set forth in Section 11.2.2 of the Third Amended DCL Plan, unless you elect not to grant such releases by checking the applicable box on Item 3 of the Supplemental Ballot. If you vote to reject the Third Amended DCL Plan, you may elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan by checking the applicable box on your Supplemental Ballot. Section 11.2.2 of the Third Amended DCL Plan provides that each Person (a) that has voted to accept the Plan and has not opted out from granting the releases, (b) that has voted to reject the Plan but has opted to grant the releases, (c) that is deemed to accept the Plan and has been provided an opportunity but has not opted out of granting the releases, or (d) who otherwise agrees to provide the releases, shall be deemed to have

3

unconditionally released each and all of the Released Parties of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Documents or the Restructuring Transactions (as such terms are defined in the Third Amended DCL Plan), except as otherwise provided in Section 11.2.2 of the Third Amended DCL Plan.

A vote to accept the Third Amended DCL Plan is also (i) an acceptance of the compromise and settlement set forth in the Third Amended DCL Plan by and among the Guarantor Non-Debtors, on the one hand, and the holders of Loan Guaranty Claims, on the other hand (the "Guarantor Non-Debtor Release") and (ii) a grant of authority to the Loan Agents (as such term is defined in the Third Amended DCL Plan) to enter into any and all agreements and take any and all actions that such Loan Agents deem necessary or appropriate to effectuate the Guarantor Non-Debtor Release and all other terms of the Third Amended DCL Plan.  The Disclosure Documents and the Third Amended DCL Plan should be referenced for a complete description of all releases set forth therein.

Whether or not you vote to accept the Third Amended DCL Plan, if the Third Amended DCL Plan is confirmed by the Bankruptcy Court and the Effective Date occurs, the Guarantor Non-Debtor Release will be binding on you.

**ITEM 3:**        **Release Election (Optional).**

If you vote to accept the Third Amended DCL Plan, you are deemed to grant the releases in Section 11.2.2 of the Third Amended DCL Plan unless you affirmatively opt out of granting those releases.  If you vote to reject the Third Amended DCL Plan, you are deemed not to grant the releases in Section 11.2.2 of the Third Amended DCL Plan unless you affirmatively opt in to granting those releases.  If you do not return a Supplemental Ballot, you are deemed not to grant the releases in Section 11.2.2 of the Third Amended DCL Plan unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.

If you voted to accept the Third Amended DCL Plan but wish to opt out of granting the releases in Section 11.2.2 of the Third Amended DCL Plan, please check the box corresponding to that election in Item 3.  Similarly, if you vote to reject the Third Amended DCL Plan but wish to grant the releases in Section 11.2.2 of the Third Amended DCL Plan, please check the box corresponding to that election in Item 3.

If you either (i) vote to accept the Third Amended DCL Plan and do not check the box in Item 3 opting not to grant the Section 11.2.2 releases, or (ii) vote to reject the Third Amended DCL Plan and check the box in Item 3 opting to grant the Section 11.2.2 releases, you will have consented to the releases set forth in Section 11.2.2 of the Third Amended DCL Plan to the fullest extent permitted by applicable law.  **If you do <u>not</u> grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan, you will <u>not</u> receive the benefit of the releases set forth in the Third Amended DCL Plan.**

**The Disclosure Documents and the Third Amended DCL Plan should be referenced for a complete description of all releases set forth therein.**

**ITEM 4:**        **Other Parent Claim Alternative Treatment Election.**

*Item 4 applies <u>only</u> to the Holders of Class 1F Other Parent Claims against Tribune Company.  If your Supplemental Ballot does not relate to a Class 1F Other Parent Claim, your Supplemental Ballot*

*will indicate that Item 4 has been "[Intentionally Omitted]."  If your Supplemental Ballot states"[Intentionally Omitted]" at Item 4, please skip Item 4 and move on to Item 6 below.*

The Third Amended DCL Plan gives the Holders of Class 1F Other Parent Claims the right to elect between four alternative treatments for purposes of distribution on account of Allowed Other Parent Claims, which are described in Section 3.2.6(c) of the Third Amended DCL Plan.  The alternative treatments provided for under Section 3.2.6(c) of the Third Amended DCL Plan are identical to those provided for under the prior version of such Plan, provided, however, that (i) Holders of Other Parent Claims will no longer receive a Pro Rata share of applicable Creditors' Trust Interests and (ii) the adjudication and/or resolution of certain Allocation Disputes (as defined in the Third Amended DCL Plan) could potentially affect the distributions to which the Holders of Other Parent Claims are entitled under the Third Amended DCL Plan.  Additional information regarding the Allocation Disputes can be found in Section 5.18 of and Exhibit 5.18 to the Third Amended DCL Plan, and the Supplemental Disclosure Document.

If you wish to receive the treatment set forth in Section 3.2.6(c)(i) of the Third Amended DCL Plan, please check the box in Item 4A.  If you wish to receive the treatment set forth in Section 3.2.6(c)(ii) of the Third Amended DCL Plan, please check the box in Item 4B.  If you wish to receive the treatment set forth in Section 3.2.6(c)(iii) of the Third Amended DCL Plan, please check the box in Item 4C.  **You may only select one treatment option.**  If you do not submit a Supplemental Ballot, or submit a Supplemental Ballot but do not check the box in Item 4, you will have consented to the treatment set forth in Section 3.2.6(c)(iv) of the Third Amended DCL Plan for your Class 1F Other Parent Claim.

**ITEM 5:**       **Other Parent Claim Alternative Recipient Designation For New Common Stock Distributions.**

*Item 5 applies only to the Holders of Class 1F Other Parent Claims against Tribune Company.  If your Supplemental Ballot does not relate to a Class 1F Other Parent Claim, your Supplemental Ballot will indicate that Item 5 has been "[Intentionally Omitted]."  If your Supplemental Ballot states"[Intentionally Omitted]" at Item 5 please skip Item 5 and move on to Item 6 below.*

Please complete Item 5 if you have elected to receive the alternative treatment in either Section 3.2.6(c)(ii) (Item 4B, above) or Section 3.2.6(c)(iii) (Item 4C, above), and you wish to designate one or more affiliates or other parties ("Designee(s)") to receive all or a portion of your distribution of New Common Stock under the Third Amended DCL Plan (the "Alternative Recipient Designation").  The Alternative Recipient Designation is voluntary; if you choose not to make an Alternative Recipient Designation, distributions of New Common Stock will be made to you accordance with the Third Amended DCL Plan.  (See Third Amended DCL Plan at § 7.2.3 (implementing Alternative Recipient Designation)).  You may allocate your distribution of New Common Stock between yourself and/or up to three (3) Designees.  List the names of the Designee(s) and the amount and percentage of your Other Parent Claim that should be distributed to each Designee.  If you make an Alternative Recipient Designation, your distribution will consist of the applicable amounts of New Senior Secured Term Loan, Distributable Cash, any New Common Stock for which you did not make an Alternative Recipient Designation, your Pro Rata share of Litigation Trust Interests (depending on which Alternative Treatment you select), and you and/or your Designee(s) will receive your corresponding distribution of New Common Stock in the percentage allocations set forth by you on Item 5 of your Supplemental Ballot.

**ITEM 6:**       **Certifications.**

Please review and complete the certifications in Item 6.  Your original signature is required on the Supplemental Ballot for your vote on and elections under the Third Amended DCL Plan to count.  In addition, in Item 6, if you are completing the Supplemental Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  You may be requested at a later time to provide proof of your authorization to so sign.  In addition, please provide your name and mailing

address if different from that set forth on the mailing label, or if no mailing label is attached to the Supplemental Ballot.

### Returning Your Supplemental Ballot to the Voting Agent

Once you have completed your Supplemental Ballot in accordance with the foregoing instructions, please return the completed Supplemental Ballot to the Voting Agent at the appropriate address specified in your Supplemental Ballot so that the Supplemental Ballot is <u>actually</u> <u>received</u> by the Voting Agent before the Supplemental Voting Deadline.

**No Electronic Transmissions.**  Supplemental Ballots submitted by facsimile or other electronic transmission will <u>not</u> be counted.  In addition, please note that if your Supplemental Ballot is illegible or contains insufficient information to permit the identification of the Holder of the Claim, your Supplemental Ballot will <u>not</u> be counted.  Do <u>not</u> mail your Supplemental Ballots directly to the Debtors or to any of the Proponents of the Third Amended DCL Plan.

**No Withdrawal.**  After the Supplemental Voting Deadline, unless you obtain the prior consent of the Proponents of the Third Amended DCL Plan or Bankruptcy Court approval, you may not (i) withdraw or modify your Supplemental Ballot in any way, (ii) change your vote to accept or reject the Third Amended DCL Plan, or (iii) change your release or treatment elections (if applicable).

**Questions Concerning Your Claim Amount.**  If you disagree with the amount of your Claim set forth in Item 1 of the Supplemental Ballot, you may ask the Bankruptcy Court to allow your Claim solely for voting purposes in a different amount.  To have your Claim allowed solely for voting purposes under the Third Amended DCL Plan in a different amount, you must serve on the Proponents of the Third Amended DCL Plan (at the addresses listed on page 1 of the Third Amended DCL Plan) and file with the Bankruptcy Court, on or before **April 5, 2012**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (a "<u>3018 Motion</u>").

A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes only, and the evidence in support of your belief.  If you file a 3018 Motion by the deadline above, your Supplemental Ballot will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Supplemental Voting Deadline, or (b) if such an order has not been entered by the Supplemental Voting Deadline and unless the Proponents of the Third Amended DCL Plan have come to an agreement with you as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Supplemental Ballot or otherwise in accordance with the tabulation rules set forth in the Resolicitation Order.  **April 25, 2012, at 1:00 p.m. (Eastern Time)** has been established as the date and time for a hearing to consider any and all 3018 Motions.

**Additional Questions.**  If you have questions concerning the Supplemental Ballot or the procedures for voting on and making elections under the Third Amended DCL Plan, or if you need an additional Supplemental Ballot or additional copies of other materials in the Resolicitation Package, please contact the Voting Agent at 888-287-7568 or at tribunevote@epiqsystems.com.  The materials in the Resolicitation Package may also be obtained free of charge by visiting http://chapter11.epiqsystems.com/tribune.

**The Supplemental Ballot is Not a Proof of Claim or Interest.**  The Supplemental Ballot is not, and may not be deemed to be, (a) a proof of claim or equity interest or an assertion of a claim or equity interest, or (b) an admission by the Debtors or the other Proponents of the Third Amended DCL Plan of the nature, validity, or amount of any Claim, and does not signify that your Claim has been or will be Allowed.

## EXHIBIT D

### Forms of Supplemental Ballots
### for Holders of Other Parent Claims

<u>**Other Parent Claims – Third Amended DCL Plan**</u>

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et</u> <u>al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## SUPPLEMENTAL BALLOT FOR HOLDERS OF OTHER PARENT CLAIMS AGAINST TRIBUNE COMPANY TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN

On March [23], 2012, the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") entered an order [Docket No. [•]] (the "<u>Resolicitation Order</u>") to provide for, among other things, procedures for Holders of Other Parent Claims to vote to accept or reject the Third Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries Proposed By the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "<u>Third Amended DCL Plan</u>") and to make certain elections called for under such Plan.  Capitalized terms used but not defined in this Supplemental Ballot have the meanings given to them in (i) the Third Amended DCL Plan, (ii) the Supplemental Disclosure Document, (iii) the Resolicitation Order, or (iv) the attached Instructions, as applicable.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**PRIOR TO COMPLETING THIS SUPPLEMENTAL BALLOT, PLEASE REFER TO THE INSTRUCTIONS ATTACHED TO THIS SUPPLEMENTAL BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.**

This Supplemental Ballot is only to be used for voting your Other Parent Claims (Class 1F Claims against Tribune Company). If you hold other Claims against Tribune Company or the Subsidiary Debtors in the Debtors' Chapter 11 Cases and those Claims are in Classes entitled to re-vote for purposes of the Third Amended DCL Plan, you will receive separate Supplemental Ballots to vote such Claims.

If you wish to have your vote on and elections under the Third Amended DCL Plan counted, you must complete and return this Supplemental Ballot so that it is **actually received** by the Voting Agent by no later than **April 30, 2012 at 4:00 p.m. (Eastern Time)** (the "Supplemental Voting Deadline"), in accordance with the attached Instructions.

**To vote to accept or reject the Third Amended DCL Plan and, if desired, make the elections called for under the Third Amended DCL Plan, please complete the following:**

ITEM 1.    AMOUNT OF OTHER PARENT CLAIM.  The undersigned certifies that as of March 22, 2012 (the "Supplemental Record Date"), the undersigned was the Holder of an Other Parent Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 1A.    CONVENIENCE CLASS ELECTION (OPTIONAL).[2]  Check this box if you elect to have your Other Parent Claim reduced in amount to One Thousand Dollars ($1,000) and treated as a Convenience Claim under the Third Amended DCL Plan. If you make this Convenience Class Election, you will be deemed to ACCEPT the Third Amended DCL Plan and you will be deemed to have granted the releases set forth in Section 11.2.2 of the Third Amended DCL Plan <u>unless</u> you elect not to grant such releases by checking the box opting <u>not</u> to grant such releases in Item 3 below.

☐    The undersigned elects to have the Other Parent Claim described above reduced in amount to $1,000 and treated as a Convenience Claim under the Third Amended DCL Plan.

If you have checked the box electing to have your Other Parent Claim reduced in amount to $1,000 and treated as a Convenience Claim, please skip Item 2 and move on to Item 3 below.

ITEM 2.    VOTE TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN.  The Holder of the Other Parent Claim set forth above hereby votes with respect to such Claim on the Third Amended DCL Plan as follows (check one box only):

| ☐  to ACCEPT the Third Amended DCL Plan | ☐  to REJECT the Third Amended DCL Plan |
|---|---|

ITEM 3.    RELEASE ELECTION (OPTIONAL).  If you return a Supplemental Ballot and vote to accept the Third Amended DCL Plan, you will be deemed to have granted the releases

---

[2] Holders of Other Parent Claims that elected to have their Claims treated as Convenience Claims as part of the solicitation process undertaken on prior versions of the Plan shall continue to have that treatment election recognized and such Holders will not be treated as Holders of Other Parent Claims for the purposes of resolicitation of the Third Amended DCL Plan.

contained in Section 11.2.2 of the Plan unless you elect <u>not</u> to grant such releases by checking the applicable box below.[3]  If you vote to reject the Third Amended DCL Plan, you may elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan by checking the applicable box below.  If you do not return your Supplemental Ballot, you will be deemed not to have granted such releases unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.  Election to grant such releases is at your option.  **If you do not grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Third Amended DCL Plan.**

☐    The undersigned has voted to accept the Third Amended DCL Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.

☐    The undersigned has voted to reject the Third Amended DCL Plan in Item 2 above but elects to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.

ITEM 4.    OTHER PARENT CLAIM ALTERNATIVE TREATMENT ELECTION.  Please check the applicable box below if you wish to receive one of the alternative treatment elections.  **<u>You may only select one treatment option.</u>**  If you do not make an alternate treatment election, you will be deemed to elect to receive the treatment set forth in Section 3.2.6(c)(iv) of the Third Amended DCL Plan:

ITEM 4A.    ELECTION TO RECEIVE TREATMENT SET FORTH IN SECTION 3.2.6(c)(i) OF THE THIRD AMENDED DCL PLAN.

☐    The undersigned elects to receive the treatment set forth in Section 3.2.6(c)(i) of the Third Amended DCL Plan for the Other Parent Claim described in this Supplemental Ballot.

ITEM 4B.    ELECTION TO RECEIVE TREATMENT SET FORTH IN SECTION 3.2.6(c)(ii) OF THE THIRD AMENDED DCL PLAN.

☐    The undersigned elects to receive the treatment set forth in Section 3.2.6(c)(ii) of the Third Amended DCL Plan for the Other Parent Claim described in this Supplemental Ballot.

ITEM 4C.    ELECTION TO RECEIVE TREATMENT SET FORTH IN SECTION 3.2.6(c)(iii) OF THE THIRD AMENDED DCL PLAN.

---

[3] Section 11.2.2 of the Third Amended DCL Plan provides that each Person (a) that has voted to accept the Plan and has not opted out from granting the releases, (b) that has voted to reject the Plan but has opted to grant the releases, (c) that is deemed to accept the Plan and has been provided an opportunity but has not opted out of granting the releases, or (d) who otherwise agrees to provide the releases, shall be deemed to have unconditionally released each and all of the Released Parties of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Documents or the Restructuring Transactions (as such terms are defined in the Third Amended DCL Plan), except as otherwise provided in Section 11.2.2 of the Third Amended DCL Plan.

☐    The undersigned elects to receive the treatment set forth in Section 3.2.6(c)(iii) of the Third Amended DCL Plan for the Other Parent Claim described in this Supplemental Ballot.

ITEM 5.    ALTERNATIVE RECIPIENT DESIGNATION FOR NEW COMMON STOCK DISTRIBUTIONS.  Please complete this Item 5 if you elect to receive the treatment set forth in Section 3.2.6(c)(ii) or Section 3.2.6(c)(iii) of the Third Amended DCL Plan and wish to designate one or more affiliates or other parties ("Designee(s)") to receive all or a portion of your distribution of New Common Stock under the Third Amended DCL Plan.

Indicate below whether you intend to designate one or more Designee(s) to receive all or a portion of the New Common Stock to which you may be entitled.

☐    <u>No Designation</u>.  I wish to receive 100% of my distribution of New Common Stock.

☐    <u>Designation</u>.  I wish to allocate all or a portion of my distribution of New Common Stock.

You may allocate your distribution of New Common Stock between yourself and/or up to three (3) Designees.  List the names of the Designee(s) and the amount and percentage of your Other Parent Claim that should be distributed to each Designee.  (Print or Type):

| Name of Holder or Designee(s) | Mailing Address / City, State, Zip Code | Telephone Number / Email | % of Other Parent Claim Designated |
|---|---|---|---|
| 1. | | | ____% |
| 2. | | | ____% |
| 3. | | | ____% |
| 4. | | | ____% |

**Total of all percentage allocations listed above must equal 100%.**

ITEM 6.    CERTIFICATION.  By signing this Supplemental Ballot, the Holder of the Other Parent Claim identified in Item 1 certifies that it:

a.    is the Holder of the Other Parent Claim to which this Supplemental Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Third Amended DCL Plan and make the elections called for on this Supplemental Ballot;

b.    has been provided with a copy of the Third Amended DCL Plan, the Supplemental Disclosure Document, and the Resolicitation Order and acknowledges that the votes and elections set forth on this Supplemental Ballot are subject to all of the terms and conditions set forth in the Third Amended DCL Plan, the Supplemental Disclosure Document, and the Resolicitation Order; and

c. has not submitted any other Supplemental Ballot(s) on account of the Other Parent Claim voted herein that are inconsistent with the votes and elections set forth in this Supplemental Ballot or that, as limited by the terms of the Resolicitation Order and the Instructions enclosed herewith, if such other Supplemental Ballot(s) was/were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
(Print or Type)

Signature:_____

By:_____
(If Applicable)

Title:_____
(If Applicable)

Mailing Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Supplemental Ballot is not, and may not be deemed to be, (a) a proof of claim or equity interest or an assertion of a claim or equity interest, or (b) an admission by the Debtors or the other Proponents of the Third Amended DCL Plan of the nature, validity, or amount of any Claim, and does not signify that your Claim has been or will be Allowed.

---

**YOUR SUPPLEMENTAL BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE SUPPLEMENTAL VOTING DEADLINE (APRIL 30, 2012), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN AND YOUR ELECTIONS WILL NOT BE VALID.  SUPPLEMENTAL BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL <u>NOT</u> BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**VOTES AND ELECTIONS MADE ON PRIOR VERSIONS OF THE THIRD AMENDED DCL PLAN, OR OTHER PLANS OF REORGANIZATION FOR THE DEBTORS, BY HOLDERS OF OTHER PARENT CLAIMS WILL NOT BE RE-COUNTED.  THEREFORE, YOU MUST BE SURE THAT THE SUPPLEMENTAL BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE SUPPLEMENTAL VOTING DEADLINE.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS SUPPLEMENTAL BALLOT OR THE PROCEDURES FOR VOTING ON THE THIRD AMENDED DCL PLAN, OR IF YOU NEED AN ADDITIONAL SUPPLEMENTAL BALLOT OR ADDITIONAL COPIES OF THE**

**SUPPLEMENTAL DISCLOSURE DOCUMENT, THE THIRD AMENDED DCL PLAN, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT <u>TRIBUNEVOTE@EPIQSYSTEMS.COM</u>.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS SUPPLEMENTAL BALLOT, OR YOU MAY RETURN YOUR SUPPLEMENTAL BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST-CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions, LLC |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |

**JOINT INSTRUCTIONS FOR COMPLETING THE SUPPLEMENTAL BALLOT
TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN**

**THESE INSTRUCTIONS EXPLAIN HOW TO COMPLETE THE SUPPLEMENTAL BALLOT
ENCLOSED IN THE RESOLICITATION PACKAGE FOR VOTING TO ACCEPT OR REJECT
THE THIRD AMENDED DCL PLAN.  PLEASE READ AND FOLLOW THESE
INSTRUCTIONS CAREFULLY SO THAT YOUR VOTES AND ELECTIONS RESPECTING
THE THIRD AMENDED DCL PLAN WILL BE COUNTED.**

**Why You Have Received a Supplemental Ballot**

On March [23], 2012, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. [•]] (the "Resolicitation Order") to provide, among other things, for procedures for certain Holders of Claims against Tribune Company and/or its subsidiaries in the above-captioned Chapter 11 Cases (collectively, the "Debtors") to vote to accept or reject the Third Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries Proposed By the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Third Amended DCL Plan") and to make certain elections called for under such Plan.  Capitalized terms used but not defined in these Instructions have the meanings ascribed to them in (i) the Third Amended DCL Plan, (ii) the Supplemental Disclosure Document, or (iii) the Resolicitation Order, as applicable.

The Resolicitation Order provides, among other things, that Holders of Senior Loan Claims, Senior Guaranty Claims, Bridge Loan Claims, Other Parent Claims, Holders of EGI-TRB LLC Notes Claims, Holders of PHONES Notes Claims that are on account of PHONES Notes purportedly put to Tribune Company for exchange but not paid in cash prior to the filing of the Debtors' chapter 11 cases (the "PHONES Notes Exchange Claims"), and Holders of General Unsecured Claims in the Subsidiary Revoting Classes[1] may re-vote on the Third Amended DCL Plan and may make new elections thereunder.

These Joint Instructions apply only to the Supplemental Ballots transmitted to Holders of Senior Loan Claims, Senior Guaranty Claims, Bridge Loan Claims, Other Parent Claims, Holders of EGI-TRB LLC Notes Claims, Holders of PHONES Notes Exchange Claims, and Holders of General Unsecured Claims in the Subsidiary Revoting Classes.  If you hold other Claims against Tribune Company and those Claims are in Classes entitled to re-vote for purposes of the Third Amended DCL Plan, you will receive separate Supplemental Ballots to vote such Claims.

You have previously received ballots for voting on and making elections under earlier versions of the Third Amended DCL Plan and other plans of reorganization that were proposed for the Debtors with respect to your Claims.  Please be aware that your votes on and elections under the earlier versions of the Third Amended DCL Plan and other plans of reorganization are not being counted for purposes of the Third Amended DCL Plan, with the exception of prior Convenience Class Elections made by Holders of Other Parent Claims.  Accordingly, if you wish to have your vote on and elections under the Third Amended DCL Plan counted, you must complete and return your Supplemental Ballot as provided in these Instructions.

**PURSUANT TO THE THIRD AMENDED DCL PLAN, IMPAIRED CLASSES OF
CLAIMS FOR WHICH NO VALID BALLOTS ARE RECEIVED WILL BE DEEMED TO
ACCEPT THE THIRD AMENDED DCL PLAN.**

---

[1] The Subsidiary Revoting Classes are the Classes of General Unsecured Claims against certain Non-Guarantor Subsidiary Debtors (Classes 2E, 4E through 7E, 10E, 12E through 15E, 18E through 20E, 22E through 29E, 31E through 38E, 40E, 42E, 43E, and 46E through 49E).

**Materials That You Have Been Sent with the Supplemental Ballot**

You have been sent various materials to assist you in deciding how to vote on the Third Amended DCL Plan (collectively, the "Resolicitation Package"). In addition to the Supplemental Ballot, the Resolicitation Package contains the following:

- a copy of the Third Amended DCL Plan;

- a Supplemental Disclosure Document (the "Supplemental Disclosure Document") that describes the modifications to the Third Amended DCL Plan that have been made since the prior solicitation of votes on and elections under such Plan. The Supplemental Disclosure Document has been approved by the Bankruptcy Court as a supplement to the previously-distributed Disclosure Documents[2] to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Third Amended DCL Plan;

- notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Third Amended DCL Plan; and

- a copy of the Resolicitation Order (without exhibits). The Resolicitation Order contains important information regarding the process of voting on the Third Amended DCL Plan and how votes on and elections under the Third Amended DCL Plan will be tabulated.

**It is very important that you read all of the materials in the Resolicitation Package carefully in considering how you wish to vote on the Third Amended DCL Plan and whether you wish to make the elections called for under such Plan. Your vote on and elections under the Third Amended DCL Plan are very important and may affect your rights and the treatment of your Claim.**

If you would like to receive additional copies of the Third Amended DCL Plan, the Supplemental Disclosure Document, or any other materials relating to the Third Amended DCL Plan, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting Epiq Bankruptcy Solutions, LLC (the "Voting Agent") at (888) 287-7568 or at tribunevote@epiqsystems.com.

**Deadline for Returning Supplemental Ballots to the Voting Agent**

You must complete, sign, and date your Supplemental Ballot and return it to the Voting Agent in the enclosed envelope so that it is **actually received** by the Voting Agent by no later than **April 30, 2012 at 4:00 p.m. (Eastern Time)** the ("Supplemental Voting Deadline"). If you do not return your Supplemental Ballot so that it is actually received by the Voting Agent by the Supplemental Voting Deadline, the votes reflected on your Supplemental Ballot will not be counted and the elections reflected on your Supplemental Ballot will not be valid.

---

[2] See General Disclosure Statement dated December 15, 2010 [Docket No. 7232] (the "General Disclosure Statement"), which contains a general description of (among other things) the Debtors, their respective businesses and their reorganization proceedings; (ii) the Specific Disclosure Statement Relating to First Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [Docket No. 7135] (the "Specific Disclosure Statement"), which contains a detailed description of (among other things) the provisions of the First Amended DCL Plan, including those provisions that are retained in the Third Amended DCL Plan; and (iii) the Explanatory Statement Relating to Modified Elections Under Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (as modified April 26, 2011) [Docket No. 8754] (the "Explanatory Statement"), which contains a description of (among other things) certain elections offered under the Second Amended DCL Plan (the General Disclosure Statement, the Specific Disclosure Statement, the Explanatory Statement, and the Supplemental Disclosure Document, collectively, the "Disclosure Documents").

### How to Complete Your Supplemental Ballot

The following are step-by-step instructions for how to complete your Supplemental Ballot for voting on the Third Amended DCL Plan and making the elections called for thereunder:

**ITEM 1:**　　　　**Amount of Claim.**

Please certify the amount of your Claim as of March 22, 2012 (the "Supplemental Record Date"). By certifying the amount in Item 1, you are certifying that the party submitting the Supplemental Ballot is the Holder, as of the Supplemental Record Date, of a Claim in the aggregate unpaid amount set forth in Item 1 of the Supplemental Ballot. The preprinted amount of the Claim set forth in Item 1 of the Supplemental Ballot will control for voting purposes. If you do not agree with the amount preprinted on Item 1 of the Supplemental Ballot, please see "Questions Concerning Your Claim Amount" below.

**ITEM 1A:**　　　　**Convenience Class Election (Optional).**

*Item 1A applies only to the Holders of Class 1F Other Parent Claims against Tribune Company. If your Supplemental Ballot does not relate to a Class 1F Other Parent Claim, your Supplemental Ballot will indicate that Item 1A has been "[Intentionally Omitted]." If your Supplemental Ballot states "[Intentionally Omitted]" at Item 1A, please skip Item 1A and move on to Item 2 below.*

You should check this box if you are the Holder of a Class 1F Other Parent Claim and you wish to have that Claim treated as a Class 1G Convenience Claim. If you make this election, your Class 1F Other Parent Claim will be reduced in amount to One Thousand Dollars ($1,000) under the Third Amended DCL Plan. In addition, if you check the box in Item 1A, (a) such election is an irrevocable and legally binding obligation; (b) your Claim will receive treatment set forth in the Third Amended DCL Plan for Class 1G Convenience Claims instead of the treatment afforded to Class 1F Other Parent Claims; (c) your vote to accept or reject the Third Amended DCL Plan will not be counted; and (d) you will be deemed to grant the releases set forth in Section 11.2.2 of the Third Amended DCL Plan unless you elect not to grant such releases by checking the appropriate box on the Supplemental Ballot.

Holders of Other Parent Claims that elected to have their Claims treated as Convenience Claims as part of the solicitation process undertaken on prior versions of the Plan shall continue to have that treatment election recognized and such Holders will not be treated as Holders of Other Parent Claims for the purposes of resolicitation of the Third Amended DCL Plan.

**ITEM 2:**　　　　**Vote to Accept or Reject the Third Amended DCL Plan.**

Please cast your vote to accept or reject the Third Amended DCL Plan by checking the applicable box in Item 2. Please note that you must vote the entire amount of your Claim to accept or reject the Third Amended DCL Plan; in other words, you may not vote part of your Claim to accept and part of your Claim to reject the Third Amended DCL Plan.

If the Third Amended DCL Plan is confirmed by the Bankruptcy Court and becomes effective, it will be binding upon you whether or not you vote to accept or reject the Plan or abstain from voting on the Plan.

Please be aware that a vote to accept the Third Amended DCL Plan is a vote to grant the releases set forth in Section 11.2.2 of the Third Amended DCL Plan, unless you elect not to grant such releases by checking the applicable box on Item 3 of the Supplemental Ballot. If you vote to reject the Third Amended DCL Plan, you may elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan by checking the applicable box on your Supplemental Ballot. Section 11.2.2 of the Third Amended DCL Plan provides that each Person (a) that has voted to accept the Plan and has not opted out from granting the releases, (b) that has voted to reject the Plan but has opted to grant the releases, (c) that is deemed to accept the Plan and has been provided an opportunity but has not opted out of granting the releases, or (d) who otherwise agrees to provide the releases, shall be deemed to have

3

unconditionally released each and all of the Released Parties of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Documents or the Restructuring Transactions (as such terms are defined in the Third Amended DCL Plan), except as otherwise provided in Section 11.2.2 of the Third Amended DCL Plan.

A vote to accept the Third Amended DCL Plan is also (i) an acceptance of the compromise and settlement set forth in the Third Amended DCL Plan by and among the Guarantor Non-Debtors, on the one hand, and the holders of Loan Guaranty Claims, on the other hand (the "Guarantor Non-Debtor Release") and (ii) a grant of authority to the Loan Agents (as such term is defined in the Third Amended DCL Plan) to enter into any and all agreements and take any and all actions that such Loan Agents deem necessary or appropriate to effectuate the Guarantor Non-Debtor Release and all other terms of the Third Amended DCL Plan. The Disclosure Documents and the Third Amended DCL Plan should be referenced for a complete description of all releases set forth therein.

Whether or not you vote to accept the Third Amended DCL Plan, if the Third Amended DCL Plan is confirmed by the Bankruptcy Court and the Effective Date occurs, the Guarantor Non-Debtor Release will be binding on you.

**ITEM 3:**        **Release Election (Optional).**

If you vote to accept the Third Amended DCL Plan, you are deemed to grant the releases in Section 11.2.2 of the Third Amended DCL Plan unless you affirmatively opt out of granting those releases. If you vote to reject the Third Amended DCL Plan, you are deemed not to grant the releases in Section 11.2.2 of the Third Amended DCL Plan unless you affirmatively opt in to granting those releases. If you do not return a Supplemental Ballot, you are deemed not to grant the releases in Section 11.2.2 of the Third Amended DCL Plan unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.

If you voted to accept the Third Amended DCL Plan but wish to opt out of granting the releases in Section 11.2.2 of the Third Amended DCL Plan, please check the box corresponding to that election in Item 3. Similarly, if you vote to reject the Third Amended DCL Plan but wish to grant the releases in Section 11.2.2 of the Third Amended DCL Plan, please check the box corresponding to that election in Item 3.

If you either (i) vote to accept the Third Amended DCL Plan and do not check the box in Item 3 opting not to grant the Section 11.2.2 releases, or (ii) vote to reject the Third Amended DCL Plan and check the box in Item 3 opting to grant the Section 11.2.2 releases, you will have consented to the releases set forth in Section 11.2.2 of the Third Amended DCL Plan to the fullest extent permitted by applicable law. **If you do not grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan, you will not receive the benefit of the releases set forth in the Third Amended DCL Plan.**

**The Disclosure Documents and the Third Amended DCL Plan should be referenced for a complete description of all releases set forth therein.**

**ITEM 4:**        **Other Parent Claim Alternative Treatment Election.**

*Item 4 applies only to the Holders of Class 1F Other Parent Claims against Tribune Company. If your Supplemental Ballot does not relate to a Class 1F Other Parent Claim, your Supplemental Ballot*

4

*will indicate that Item 4 has been "[Intentionally Omitted]."  If your Supplemental Ballot states"[Intentionally Omitted]" at Item 4, please skip Item 4 and move on to Item 6 below.*

The Third Amended DCL Plan gives the Holders of Class 1F Other Parent Claims the right to elect between four alternative treatments for purposes of distribution on account of Allowed Other Parent Claims, which are described in Section 3.2.6(c) of the Third Amended DCL Plan.  The alternative treatments provided for under Section 3.2.6(c) of the Third Amended DCL Plan are identical to those provided for under the prior version of such Plan, <u>provided</u>, <u>however</u>, that (i) Holders of Other Parent Claims will no longer receive a Pro Rata share of applicable Creditors' Trust Interests and (ii) the adjudication and/or resolution of certain Allocation Disputes (as defined in the Third Amended DCL Plan) could potentially affect the distributions to which the Holders of Other Parent Claims are entitled under the Third Amended DCL Plan.  Additional information regarding the Allocation Disputes can be found in Section 5.18 of and Exhibit 5.18 to the Third Amended DCL Plan, and the Supplemental Disclosure Document.

If you wish to receive the treatment set forth in Section 3.2.6(c)(i) of the Third Amended DCL Plan, please check the box in Item 4A.  If you wish to receive the treatment set forth in Section 3.2.6(c)(ii) of the Third Amended DCL Plan, please check the box in Item 4B.  If you wish to receive the treatment set forth in Section 3.2.6(c)(iii) of the Third Amended DCL Plan, please check the box in Item 4C.  **You may only select one treatment option.**  If you do not submit a Supplemental Ballot, or submit a Supplemental Ballot but do not check the box in Item 4, you will have consented to the treatment set forth in Section 3.2.6(c)(iv) of the Third Amended DCL Plan for your Class 1F Other Parent Claim.

**ITEM 5:**          **Other Parent Claim Alternative Recipient Designation For New Common Stock Distributions.**

*Item 5 applies <u>only</u> to the Holders of Class 1F Other Parent Claims against Tribune Company.  If your Supplemental Ballot does not relate to a Class 1F Other Parent Claim, your Supplemental Ballot will indicate that Item 5 has been "[Intentionally Omitted]."  If your Supplemental Ballot states"[Intentionally Omitted]" at Item 5 please skip Item 5 and move on to Item 6 below.*

Please complete Item 5 if you have elected to receive the alternative treatment in either Section 3.2.6(c)(ii) (Item 4B, above) or Section 3.2.6(c)(iii) (Item 4C, above), <u>and</u> you wish to designate one or more affiliates or other parties ("<u>Designee(s)</u>") to receive all or a portion of your distribution of New Common Stock under the Third Amended DCL Plan (the "<u>Alternative Recipient Designation</u>").  The Alternative Recipient Designation is voluntary; if you choose not to make an Alternative Recipient Designation, distributions of New Common Stock will be made to you accordance with the Third Amended DCL Plan.  (<u>See</u> Third Amended DCL Plan at § 7.2.3 (implementing Alternative Recipient Designation)).  You may allocate your distribution of New Common Stock between yourself and/or up to three (3) Designees.  List the names of the Designee(s) and the amount and percentage of your Other Parent Claim that should be distributed to each Designee.  If you make an Alternative Recipient Designation, your distribution will consist of the applicable amounts of New Senior Secured Term Loan, Distributable Cash, any New Common Stock for which you did not make an Alternative Recipient Designation, your Pro Rata share of Litigation Trust Interests (depending on which Alternative Treatment you select), and you and/or your Designee(s) will receive your corresponding distribution of New Common Stock in the percentage allocations set forth by you on Item 5 of your Supplemental Ballot.

**ITEM 6:**          **Certifications.**

Please review and complete the certifications in Item 6.  Your original signature is required on the Supplemental Ballot for your vote on and elections under the Third Amended DCL Plan to count.  In addition, in Item 6, if you are completing the Supplemental Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  You may be requested at a later time to provide proof of your authorization to so sign.  In addition, please provide your name and mailing

address if different from that set forth on the mailing label, or if no mailing label is attached to the Supplemental Ballot.

<u>**Returning Your Supplemental Ballot to the Voting Agent**</u>

Once you have completed your Supplemental Ballot in accordance with the foregoing instructions, please return the completed Supplemental Ballot to the Voting Agent at the appropriate address specified in your Supplemental Ballot so that the Supplemental Ballot is <u>actually</u> <u>received</u> by the Voting Agent before the Supplemental Voting Deadline.

**No Electronic Transmissions.**  Supplemental Ballots submitted by facsimile or other electronic transmission will <u>not</u> be counted.  In addition, please note that if your Supplemental Ballot is illegible or contains insufficient information to permit the identification of the Holder of the Claim, your Supplemental Ballot will <u>not</u> be counted.  Do <u>not</u> mail your Supplemental Ballots directly to the Debtors or to any of the Proponents of the Third Amended DCL Plan.

**No Withdrawal.**  After the Supplemental Voting Deadline, unless you obtain the prior consent of the Proponents of the Third Amended DCL Plan or Bankruptcy Court approval, you may not (i) withdraw or modify your Supplemental Ballot in any way, (ii) change your vote to accept or reject the Third Amended DCL Plan, or (iii) change your release or treatment elections (if applicable).

**Questions Concerning Your Claim Amount.**  If you disagree with the amount of your Claim set forth in Item 1 of the Supplemental Ballot, you may ask the Bankruptcy Court to allow your Claim solely for voting purposes in a different amount.  To have your Claim allowed solely for voting purposes under the Third Amended DCL Plan in a different amount, you must serve on the Proponents of the Third Amended DCL Plan (at the addresses listed on page 1 of the Third Amended DCL Plan) and file with the Bankruptcy Court, on or before **April 5, 2012**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (a "<u>3018 Motion</u>").

A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes only, and the evidence in support of your belief.  If you file a 3018 Motion by the deadline above, your Supplemental Ballot will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Supplemental Voting Deadline, or (b) if such an order has not been entered by the Supplemental Voting Deadline and unless the Proponents of the Third Amended DCL Plan have come to an agreement with you as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Supplemental Ballot or otherwise in accordance with the tabulation rules set forth in the Resolicitation Order.  **April 25, 2012, at 1:00 p.m. (Eastern Time)** has been established as the date and time for a hearing to consider any and all 3018 Motions.

**Additional Questions.**  If you have questions concerning the Supplemental Ballot or the procedures for voting on and making elections under the Third Amended DCL Plan, or if you need an additional Supplemental Ballot or additional copies of other materials in the Resolicitation Package, please contact the Voting Agent at 888-287-7568 or at <u>tribunevote@epiqsystems.com</u>.  The materials in the Resolicitation Package may also be obtained free of charge by visiting <u>http://chapter11.epiqsystems.com/tribune</u>.

**The Supplemental Ballot is Not a Proof of Claim or Interest.**  The Supplemental Ballot is not, and may not be deemed to be, (a) a proof of claim or equity interest or an assertion of a claim or equity interest, or (b) an admission by the Debtors or the other Proponents of the Third Amended DCL Plan of the nature, validity, or amount of any Claim, and does not signify that your Claim has been or will be Allowed.

## **EXHIBIT E**

## **Forms of Supplemental Ballots**
## **for Holders of EGI-TRB LLC Notes Claims**

**EGI-TRB LLC Notes Claims – Third Amended DCL Plan**

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## SUPPLEMENTAL BALLOT FOR HOLDERS OF EGI-TRB LLC NOTES CLAIMS AGAINST TRIBUNE COMPANY TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN

On March [23], 2012, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. [•]] (the "Resolicitation Order") to provide for, among other things, procedures for Holders of EGI-TRB LLC Notes Claims to vote to accept or reject the Third Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries Proposed By the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Third Amended DCL Plan") and to make certain elections called for under such Plan. Capitalized terms used but not defined in this Supplemental Ballot have the meanings given to them in (i) the Third Amended DCL Plan, (ii) the Supplemental Disclosure Document, (iii) the Resolicitation Order, or (iv) the attached Instructions, as applicable.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**PRIOR TO COMPLETING THIS SUPPLEMENTAL BALLOT, PLEASE REFER TO THE INSTRUCTIONS ATTACHED TO THIS SUPPLEMENTAL BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.**

This Supplemental Ballot is only to be used for voting your EGI-TRB LLC Notes Claim (Class 1I Claims against Tribune Company). If you hold other Claims against Tribune Company or the Subsidiary Debtors in the Debtors' Chapter 11 Cases and those Claims are in Classes entitled to re-vote for purposes of the Third Amended DCL Plan, you will receive separate Supplemental Ballots to vote such Claims.

If you wish to have your vote on and elections under the Third Amended DCL Plan counted, you must complete and return this Supplemental Ballot so that it is **actually received** by the Voting Agent by no later than **April 30, 2012 at 4:00 p.m. (Eastern Time)** (the "Supplemental Voting Deadline"), in accordance with the attached Instructions.

**To vote to accept or reject the Third Amended DCL Plan and, if desired, make the elections called for under the Third Amended DCL Plan, please complete the following:**

ITEM 1.    AMOUNT OF EGI-TRB LLC NOTES CLAIM.  The undersigned certifies that as of March 22, 2012 (the "Supplemental Record Date"), the undersigned was the Holder of an EGI-TRB LLC Notes Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 1A.    [Intentionally Omitted].

ITEM 2.    VOTE TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN.  The Holder of the EGI-TRB LLC Notes Claim set forth above hereby votes with respect to such Claim on the Third Amended DCL Plan as follows (check one box only):

| ☐  to ACCEPT the Third Amended DCL Plan | ☐  to REJECT the Third Amended DCL Plan |
|---|---|

ITEM 3.    RELEASE ELECTION (OPTIONAL).  If you return a Supplemental Ballot and vote to accept the Third Amended DCL Plan, you will be deemed to have granted the releases contained in Section 11.2.2 of the Plan unless you elect <u>not</u> to grant such releases by checking the applicable box below.[2]  If you vote to reject the Third Amended DCL Plan, you may elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan by checking the applicable box below.  If you do not return your Supplemental Ballot, you will be deemed not to have granted such releases unless you advise the Voting Agent in writing

---

[2] Section 11.2.2 of the Third Amended DCL Plan provides that each Person (a) that has voted to accept the Plan and has not opted out from granting the releases, (b) that has voted to reject the Plan but has opted to grant the releases, (c) that is deemed to accept the Plan and has been provided an opportunity but has not opted out of granting the releases, or (d) who otherwise agrees to provide the releases, shall be deemed to have unconditionally released each and all of the Released Parties of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Documents or the Restructuring Transactions (as such terms are defined in the Third Amended DCL Plan), except as otherwise provided in Section 11.2.2 of the Third Amended DCL Plan.

2

that you elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan. Election to grant such releases is at your option. **If you do not grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Third Amended DCL Plan.**

☐    The undersigned has voted to accept the Third Amended DCL Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.

☐    The undersigned has voted to reject the Third Amended DCL Plan in Item 2 above but elects to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.

ITEM 4.    [Intentionally Omitted].

ITEM 5.    [Intentionally Omitted].

ITEM 6.    CERTIFICATION. By signing this Supplemental Ballot, the Holder of the EGI-TRB LLC Notes Claim identified in Item 1 certifies that it:

a.    is the Holder of the EGI-TRB LLC Notes Claim to which this Supplemental Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Third Amended DCL Plan and make the elections called for on this Supplemental Ballot;

b.    has been provided with a copy of the Third Amended DCL Plan, the Supplemental Disclosure Document, and the Resolicitation Order and acknowledges that the vote and election set forth on this Supplemental Ballot are subject to all of the terms and conditions set forth in the Third Amended DCL Plan, the Supplemental Disclosure Document, and the Resolicitation Order; and

c.    has not submitted any other Supplemental Ballot(s) on account of the EGI-TRB LLC Notes Claim voted herein that are inconsistent with the votes and elections set forth in this Supplemental Ballot or that, as limited by the terms of the Resolicitation Order and the Instructions enclosed herewith, if such other Supplemental Ballot(s) was/were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
           (Print or Type)

Signature: _____

By: _____
        (If Applicable)

Title: _____
        (If Applicable)

Mailing Address: _____

_____

City, State, Zip Code: _____

Telephone Number: _____

Email: _____

Date Completed: _____

     This Supplemental Ballot is not, and may not be deemed to be, (a) a proof of claim or equity interest or an assertion of a claim or equity interest, or (b) an admission by the Debtors or the other Proponents of the Third Amended DCL Plan of the nature, validity, or amount of any Claim, and does not signify that your Claim has been or will be Allowed.

> **YOUR SUPPLEMENTAL BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE SUPPLEMENTAL VOTING DEADLINE (APRIL 30, 2012), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN, AND YOUR ELECTIONS WILL NOT BE VALID.  SUPPLEMENTAL BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL <u>NOT</u> BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**
>
> **VOTES AND ELECTIONS MADE ON PRIOR VERSIONS OF THE THIRD AMENDED DCL PLAN, OR OTHER PLANS OF REORGANIZATION FOR THE DEBTORS, BY HOLDERS OF EGI-TRB LLC NOTES CLAIMS WILL NOT BE RE-COUNTED.  THEREFORE, YOU MUST BE SURE THAT THE SUPPLEMENTAL BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE SUPPLEMENTAL VOTING DEADLINE.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS SUPPLEMENTAL BALLOT OR THE PROCEDURES FOR VOTING ON THE THIRD AMENDED DCL PLAN, OR IF YOU NEED AN ADDITIONAL SUPPLEMENTAL BALLOT OR ADDITIONAL COPIES OF THE SUPPLEMENTAL DISCLOSURE DOCUMENT, THE THIRD AMENDED DCL PLAN, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT <u>TRIBUNEVOTE@EPIQSYSTEMS.COM</u>.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS SUPPLEMENTAL BALLOT, OR YOU MAY RETURN YOUR SUPPLEMENTAL BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST-CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
| --- | --- |
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions, LLC |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |

**JOINT INSTRUCTIONS FOR COMPLETING THE SUPPLEMENTAL BALLOT
TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN**

**THESE INSTRUCTIONS EXPLAIN HOW TO COMPLETE THE SUPPLEMENTAL BALLOT
ENCLOSED IN THE RESOLICITATION PACKAGE FOR VOTING TO ACCEPT OR REJECT
THE THIRD AMENDED DCL PLAN.  PLEASE READ AND FOLLOW THESE
INSTRUCTIONS CAREFULLY SO THAT YOUR VOTES AND ELECTIONS RESPECTING
THE THIRD AMENDED DCL PLAN WILL BE COUNTED.**

### Why You Have Received a Supplemental Ballot

On March [23], 2012, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. [•]] (the "Resolicitation Order") to provide, among other things, for procedures for certain Holders of Claims against Tribune Company and/or its subsidiaries in the above-captioned Chapter 11 Cases (collectively, the "Debtors") to vote to accept or reject the Third Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries Proposed By the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Third Amended DCL Plan") and to make certain elections called for under such Plan.  Capitalized terms used but not defined in these Instructions have the meanings ascribed to them in (i) the Third Amended DCL Plan, (ii) the Supplemental Disclosure Document, or (iii) the Resolicitation Order, as applicable.

The Resolicitation Order provides, among other things, that Holders of Senior Loan Claims, Senior Guaranty Claims, Bridge Loan Claims, Other Parent Claims, Holders of EGI-TRB LLC Notes Claims, Holders of PHONES Notes Claims that are on account of PHONES Notes purportedly put to Tribune Company for exchange but not paid in cash prior to the filing of the Debtors' chapter 11 cases (the "PHONES Notes Exchange Claims"), and Holders of General Unsecured Claims in the Subsidiary Revoting Classes[1] may re-vote on the Third Amended DCL Plan and may make new elections thereunder.

These Joint Instructions apply only to the Supplemental Ballots transmitted to Holders of Senior Loan Claims, Senior Guaranty Claims, Bridge Loan Claims, Other Parent Claims, Holders of EGI-TRB LLC Notes Claims, Holders of PHONES Notes Exchange Claims, and Holders of General Unsecured Claims in the Subsidiary Revoting Classes.  If you hold other Claims against Tribune Company and those Claims are in Classes entitled to re-vote for purposes of the Third Amended DCL Plan, you will receive separate Supplemental Ballots to vote such Claims.

You have previously received ballots for voting on and making elections under earlier versions of the Third Amended DCL Plan and other plans of reorganization that were proposed for the Debtors with respect to your Claims.  Please be aware that your votes on and elections under the earlier versions of the Third Amended DCL Plan and other plans of reorganization are not being counted for purposes of the Third Amended DCL Plan, with the exception of prior Convenience Class Elections made by Holders of Other Parent Claims.  Accordingly, if you wish to have your vote on and elections under the Third Amended DCL Plan counted, you must complete and return your Supplemental Ballot as provided in these Instructions.

**PURSUANT TO THE THIRD AMENDED DCL PLAN, IMPAIRED CLASSES OF
CLAIMS FOR WHICH NO VALID BALLOTS ARE RECEIVED WILL BE DEEMED TO
ACCEPT THE THIRD AMENDED DCL PLAN.**

---

[1] The Subsidiary Revoting Classes are the Classes of General Unsecured Claims against certain Non-Guarantor Subsidiary Debtors (Classes 2E, 4E through 7E, 10E, 12E through 15E, 18E through 20E, 22E through 29E, 31E through 38E, 40E, 42E, 43E, and 46E through 49E).

### Materials That You Have Been Sent with the Supplemental Ballot

You have been sent various materials to assist you in deciding how to vote on the Third Amended DCL Plan (collectively, the "Resolicitation Package").  In addition to the Supplemental Ballot, the Resolicitation Package contains the following:

- a copy of the Third Amended DCL Plan;

- a Supplemental Disclosure Document (the "Supplemental Disclosure Document") that describes the modifications to the Third Amended DCL Plan that have been made since the prior solicitation of votes on and elections under such Plan.  The Supplemental Disclosure Document has been approved by the Bankruptcy Court as a supplement to the previously-distributed Disclosure Documents[2] to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Third Amended DCL Plan;

- notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Third Amended DCL Plan; and

- a copy of the Resolicitation Order (without exhibits).  The Resolicitation Order contains important information regarding the process of voting on the Third Amended DCL Plan and how votes on and elections under the Third Amended DCL Plan will be tabulated.

**It is very important that you read all of the materials in the Resolicitation Package carefully in considering how you wish to vote on the Third Amended DCL Plan and whether you wish to make the elections called for under such Plan.  Your vote on and elections under the Third Amended DCL Plan are very important and may affect your rights and the treatment of your Claim.**

If you would like to receive additional copies of the Third Amended DCL Plan, the Supplemental Disclosure Document, or any other materials relating to the Third Amended DCL Plan, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting Epiq Bankruptcy Solutions, LLC (the "Voting Agent") at (888) 287-7568 or at tribunevote@epiqsystems.com.

### Deadline for Returning Supplemental Ballots to the Voting Agent

You must complete, sign, and date your Supplemental Ballot and return it to the Voting Agent in the enclosed envelope so that it is **actually received** by the Voting Agent by no later than **April 30, 2012 at 4:00 p.m. (Eastern Time)** the ("Supplemental Voting Deadline").  If you do not return your Supplemental Ballot so that it is actually received by the Voting Agent by the Supplemental Voting Deadline, the votes reflected on your Supplemental Ballot will not be counted and the elections reflected on your Supplemental Ballot will not be valid.

---

[2] See General Disclosure Statement dated December 15, 2010 [Docket No. 7232] (the "General Disclosure Statement"), which contains a general description of (among other things) the Debtors, their respective businesses and their reorganization proceedings; (ii) the Specific Disclosure Statement Relating to First Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [Docket No. 7135] (the "Specific Disclosure Statement"), which contains a detailed description of (among other things) the provisions of the First Amended DCL Plan, including those provisions that are retained in the Third Amended DCL Plan; and (iii) the Explanatory Statement Relating to Modified Elections Under Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (as modified April 26, 2011) [Docket No. 8754] (the "Explanatory Statement"), which contains a description of (among other things) certain elections offered under the Second Amended DCL Plan (the General Disclosure Statement, the Specific Disclosure Statement, the Explanatory Statement, and the Supplemental Disclosure Document, collectively, the "Disclosure Documents").

## How to Complete Your Supplemental Ballot

The following are step-by-step instructions for how to complete your Supplemental Ballot for voting on the Third Amended DCL Plan and making the elections called for thereunder:

**ITEM 1:**        **Amount of Claim.**

Please certify the amount of your Claim as of March 22, 2012 (the "Supplemental Record Date"). By certifying the amount in Item 1, you are certifying that the party submitting the Supplemental Ballot is the Holder, as of the Supplemental Record Date, of a Claim in the aggregate unpaid amount set forth in Item 1 of the Supplemental Ballot. The preprinted amount of the Claim set forth in Item 1 of the Supplemental Ballot will control for voting purposes. If you do not agree with the amount preprinted on Item 1 of the Supplemental Ballot, please see "Questions Concerning Your Claim Amount" below.

**ITEM 1A:**        **Convenience Class Election (Optional).**

*Item 1A applies only to the Holders of Class 1F Other Parent Claims against Tribune Company. If your Supplemental Ballot does not relate to a Class 1F Other Parent Claim, your Supplemental Ballot will indicate that Item 1A has been "[Intentionally Omitted]." If your Supplemental Ballot states "[Intentionally Omitted]" at Item 1A, please skip Item 1A and move on to Item 2 below.*

You should check this box if you are the Holder of a Class 1F Other Parent Claim and you wish to have that Claim treated as a Class 1G Convenience Claim. If you make this election, your Class 1F Other Parent Claim will be reduced in amount to One Thousand Dollars ($1,000) under the Third Amended DCL Plan. In addition, if you check the box in Item 1A, (a) such election is an irrevocable and legally binding obligation; (b) your Claim will receive treatment set forth in the Third Amended DCL Plan for Class 1G Convenience Claims instead of the treatment afforded to Class 1F Other Parent Claims; (c) your vote to accept or reject the Third Amended DCL Plan will not be counted; and (d) you will be deemed to grant the releases set forth in Section 11.2.2 of the Third Amended DCL Plan unless you elect not to grant such releases by checking the appropriate box on the Supplemental Ballot.

Holders of Other Parent Claims that elected to have their Claims treated as Convenience Claims as part of the solicitation process undertaken on prior versions of the Plan shall continue to have that treatment election recognized and such Holders will not be treated as Holders of Other Parent Claims for the purposes of resolicitation of the Third Amended DCL Plan.

**ITEM 2:**        **Vote to Accept or Reject the Third Amended DCL Plan.**

Please cast your vote to accept or reject the Third Amended DCL Plan by checking the applicable box in Item 2. Please note that you must vote the entire amount of your Claim to accept or reject the Third Amended DCL Plan; in other words, you may not vote part of your Claim to accept and part of your Claim to reject the Third Amended DCL Plan.

If the Third Amended DCL Plan is confirmed by the Bankruptcy Court and becomes effective, it will be binding upon you whether or not you vote to accept or reject the Plan or abstain from voting on the Plan.

Please be aware that a vote to accept the Third Amended DCL Plan is a vote to grant the releases set forth in Section 11.2.2 of the Third Amended DCL Plan, unless you elect not to grant such releases by checking the applicable box on Item 3 of the Supplemental Ballot. If you vote to reject the Third Amended DCL Plan, you may elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan by checking the applicable box on your Supplemental Ballot. Section 11.2.2 of the Third Amended DCL Plan provides that each Person (a) that has voted to accept the Plan and has not opted out from granting the releases, (b) that has voted to reject the Plan but has opted to grant the releases, (c) that is deemed to accept the Plan and has been provided an opportunity but has not opted out of granting the releases, or (d) who otherwise agrees to provide the releases, shall be deemed to have

3

unconditionally released each and all of the Released Parties of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Documents or the Restructuring Transactions (as such terms are defined in the Third Amended DCL Plan), except as otherwise provided in Section 11.2.2 of the Third Amended DCL Plan.

A vote to accept the Third Amended DCL Plan is also (i) an acceptance of the compromise and settlement set forth in the Third Amended DCL Plan by and among the Guarantor Non-Debtors, on the one hand, and the holders of Loan Guaranty Claims, on the other hand (the "Guarantor Non-Debtor Release") and (ii) a grant of authority to the Loan Agents (as such term is defined in the Third Amended DCL Plan) to enter into any and all agreements and take any and all actions that such Loan Agents deem necessary or appropriate to effectuate the Guarantor Non-Debtor Release and all other terms of the Third Amended DCL Plan. The Disclosure Documents and the Third Amended DCL Plan should be referenced for a complete description of all releases set forth therein.

Whether or not you vote to accept the Third Amended DCL Plan, if the Third Amended DCL Plan is confirmed by the Bankruptcy Court and the Effective Date occurs, the Guarantor Non-Debtor Release will be binding on you.

**ITEM 3:**        **Release Election (Optional).**

If you vote to accept the Third Amended DCL Plan, you are deemed to grant the releases in Section 11.2.2 of the Third Amended DCL Plan unless you affirmatively opt out of granting those releases. If you vote to reject the Third Amended DCL Plan, you are deemed not to grant the releases in Section 11.2.2 of the Third Amended DCL Plan unless you affirmatively opt in to granting those releases. If you do not return a Supplemental Ballot, you are deemed not to grant the releases in Section 11.2.2 of the Third Amended DCL Plan unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.

If you voted to accept the Third Amended DCL Plan but wish to opt out of granting the releases in Section 11.2.2 of the Third Amended DCL Plan, please check the box corresponding to that election in Item 3. Similarly, if you vote to reject the Third Amended DCL Plan but wish to grant the releases in Section 11.2.2 of the Third Amended DCL Plan, please check the box corresponding to that election in Item 3.

If you either (i) vote to accept the Third Amended DCL Plan and do not check the box in Item 3 opting not to grant the Section 11.2.2 releases, or (ii) vote to reject the Third Amended DCL Plan and check the box in Item 3 opting to grant the Section 11.2.2 releases, you will have consented to the releases set forth in Section 11.2.2 of the Third Amended DCL Plan to the fullest extent permitted by applicable law. **If you do not grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan, you will not receive the benefit of the releases set forth in the Third Amended DCL Plan.**

**The Disclosure Documents and the Third Amended DCL Plan should be referenced for a complete description of all releases set forth therein.**

**ITEM 4:**        **Other Parent Claim Alternative Treatment Election.**

*Item 4 applies only to the Holders of Class 1F Other Parent Claims against Tribune Company. If your Supplemental Ballot does not relate to a Class 1F Other Parent Claim, your Supplemental Ballot*

4

*will indicate that Item 4 has been "[Intentionally Omitted]." If your Supplemental Ballot states"[Intentionally Omitted]" at Item 4, please skip Item 4 and move on to Item 6 below.*

The Third Amended DCL Plan gives the Holders of Class 1F Other Parent Claims the right to elect between four alternative treatments for purposes of distribution on account of Allowed Other Parent Claims, which are described in Section 3.2.6(c) of the Third Amended DCL Plan. The alternative treatments provided for under Section 3.2.6(c) of the Third Amended DCL Plan are identical to those provided for under the prior version of such Plan, provided, however, that (i) Holders of Other Parent Claims will no longer receive a Pro Rata share of applicable Creditors' Trust Interests and (ii) the adjudication and/or resolution of certain Allocation Disputes (as defined in the Third Amended DCL Plan) could potentially affect the distributions to which the Holders of Other Parent Claims are entitled under the Third Amended DCL Plan. Additional information regarding the Allocation Disputes can be found in Section 5.18 of and Exhibit 5.18 to the Third Amended DCL Plan, and the Supplemental Disclosure Document.

If you wish to receive the treatment set forth in Section 3.2.6(c)(i) of the Third Amended DCL Plan, please check the box in Item 4A. If you wish to receive the treatment set forth in Section 3.2.6(c)(ii) of the Third Amended DCL Plan, please check the box in Item 4B. If you wish to receive the treatment set forth in Section 3.2.6(c)(iii) of the Third Amended DCL Plan, please check the box in Item 4C. **You may only select one treatment option.** If you do not submit a Supplemental Ballot, or submit a Supplemental Ballot but do not check the box in Item 4, you will have consented to the treatment set forth in Section 3.2.6(c)(iv) of the Third Amended DCL Plan for your Class 1F Other Parent Claim.

**ITEM 5:**        **Other Parent Claim Alternative Recipient Designation For New Common Stock Distributions.**

*Item 5 applies only to the Holders of Class 1F Other Parent Claims against Tribune Company. If your Supplemental Ballot does not relate to a Class 1F Other Parent Claim, your Supplemental Ballot will indicate that Item 5 has been "[Intentionally Omitted]." If your Supplemental Ballot states"[Intentionally Omitted]" at Item 5 please skip Item 5 and move on to Item 6 below.*

Please complete Item 5 if you have elected to receive the alternative treatment in either Section 3.2.6(c)(ii) (Item 4B, above) or Section 3.2.6(c)(iii) (Item 4C, above), and you wish to designate one or more affiliates or other parties ("Designee(s)") to receive all or a portion of your distribution of New Common Stock under the Third Amended DCL Plan (the "Alternative Recipient Designation"). The Alternative Recipient Designation is voluntary; if you choose not to make an Alternative Recipient Designation, distributions of New Common Stock will be made to you accordance with the Third Amended DCL Plan. (See Third Amended DCL Plan at § 7.2.3 (implementing Alternative Recipient Designation)). You may allocate your distribution of New Common Stock between yourself and/or up to three (3) Designees. List the names of the Designee(s) and the amount and percentage of your Other Parent Claim that should be distributed to each Designee. If you make an Alternative Recipient Designation, your distribution will consist of the applicable amounts of New Senior Secured Term Loan, Distributable Cash, any New Common Stock for which you did not make an Alternative Recipient Designation, your Pro Rata share of Litigation Trust Interests (depending on which Alternative Treatment you select), and you and/or your Designee(s) will receive your corresponding distribution of New Common Stock in the percentage allocations set forth by you on Item 5 of your Supplemental Ballot.

**ITEM 6:**        **Certifications.**

Please review and complete the certifications in Item 6. Your original signature is required on the Supplemental Ballot for your vote on and elections under the Third Amended DCL Plan to count. In addition, in Item 6, if you are completing the Supplemental Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing. You may be requested at a later time to provide proof of your authorization to so sign. In addition, please provide your name and mailing

address if different from that set forth on the mailing label, or if no mailing label is attached to the Supplemental Ballot.

<u>**Returning Your Supplemental Ballot to the Voting Agent**</u>

Once you have completed your Supplemental Ballot in accordance with the foregoing instructions, please return the completed Supplemental Ballot to the Voting Agent at the appropriate address specified in your Supplemental Ballot so that the Supplemental Ballot is <u>actually</u> <u>received</u> by the Voting Agent before the Supplemental Voting Deadline.

**No Electronic Transmissions.**  Supplemental Ballots submitted by facsimile or other electronic transmission will <u>not</u> be counted.  In addition, please note that if your Supplemental Ballot is illegible or contains insufficient information to permit the identification of the Holder of the Claim, your Supplemental Ballot will <u>not</u> be counted.  Do <u>not</u> mail your Supplemental Ballots directly to the Debtors or to any of the Proponents of the Third Amended DCL Plan.

**No Withdrawal.**  After the Supplemental Voting Deadline, unless you obtain the prior consent of the Proponents of the Third Amended DCL Plan or Bankruptcy Court approval, you may not (i) withdraw or modify your Supplemental Ballot in any way, (ii) change your vote to accept or reject the Third Amended DCL Plan, or (iii) change your release or treatment elections (if applicable).

**Questions Concerning Your Claim Amount.**  If you disagree with the amount of your Claim set forth in Item 1 of the Supplemental Ballot, you may ask the Bankruptcy Court to allow your Claim solely for voting purposes in a different amount.  To have your Claim allowed solely for voting purposes under the Third Amended DCL Plan in a different amount, you must serve on the Proponents of the Third Amended DCL Plan (at the addresses listed on page 1 of the Third Amended DCL Plan) and file with the Bankruptcy Court, on or before **April 5, 2012**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (a "<u>3018 Motion</u>").

A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes only, and the evidence in support of your belief.  If you file a 3018 Motion by the deadline above, your Supplemental Ballot will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Supplemental Voting Deadline, or (b) if such an order has not been entered by the Supplemental Voting Deadline and unless the Proponents of the Third Amended DCL Plan have come to an agreement with you as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Supplemental Ballot or otherwise in accordance with the tabulation rules set forth in the Resolicitation Order.  **April 25, 2012, at 1:00 p.m. (Eastern Time)** has been established as the date and time for a hearing to consider any and all 3018 Motions.

**Additional Questions.**  If you have questions concerning the Supplemental Ballot or the procedures for voting on and making elections under the Third Amended DCL Plan, or if you need an additional Supplemental Ballot or additional copies of other materials in the Resolicitation Package, please contact the Voting Agent at 888-287-7568 or at <u>tribunevote@epiqsystems.com</u>.  The materials in the Resolicitation Package may also be obtained free of charge by visiting <u>http://chapter11.epiqsystems.com/tribune</u>.

**The Supplemental Ballot is Not a Proof of Claim or Interest.**  The Supplemental Ballot is not, and may not be deemed to be, (a) a proof of claim or equity interest or an assertion of a claim or equity interest, or (b) an admission by the Debtors or the other Proponents of the Third Amended DCL Plan of the nature, validity, or amount of any Claim, and does not signify that your Claim has been or will be Allowed.

## EXHIBIT F

### Forms of Supplemental Ballots
### for Holders of General Unsecured Claims in the Subsidiary Revoting Classes

<u>General Unsecured Claims in the Subsidiary Revoting Classes – Third Amended DCL Plan</u>

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## SUPPLEMENTAL BALLOT FOR HOLDERS OF GENERAL UNSECURED CLAIMS IN THE SUBSIDIARY REVOTING CLASSES TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN

On March [23], 2012, the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") entered an order [Docket No. [•]] (the "<u>Resolicitation Order</u>") to provide for, among other things, procedures for Holders of General Unsecured Claims in Classes 2E, 4E through 7E, 10E, 12E through 15E, 18E through 20E, 22E through 29E, 31E through 38E, 40E, 42E, 43E, and 46E through 49E (collectively, the "<u>Subsidiary Revoting Classes</u>") to vote to accept or reject the Third Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries Proposed By the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "<u>Third Amended DCL Plan</u>") and to make certain elections called for under such Plan. Capitalized terms used but not defined in this Supplemental Ballot have the meanings given to them in (i) the Third Amended DCL Plan, (ii) the Supplemental Disclosure Document, (iii) the Resolicitation Order, or (iv) the attached Instructions, as applicable.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**PRIOR TO COMPLETING THIS SUPPLEMENTAL BALLOT, PLEASE REFER TO THE INSTRUCTIONS ATTACHED TO THIS SUPPLEMENTAL BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.**

This Supplemental Ballot is only to be used for voting your General Unsecured Claim in the Subsidiary Revoting Classes. If you hold other Claims against Tribune Company or the Subsidiary Debtors in the Debtors' Chapter 11 Cases and those Claims are in Classes entitled to re-vote for purposes of the Third Amended DCL Plan, you will receive separate Supplemental Ballots to vote such Claims.

If you wish to have your vote on and elections under the Third Amended DCL Plan counted, you must complete and return this Supplemental Ballot so that it is **actually received** by the Voting Agent by no later than **April 30, 2012 at 4:00 p.m. (Eastern Time)** (the "Supplemental Voting Deadline"), in accordance with the attached Instructions.

**PURSUANT TO THE THIRD AMENDED DCL PLAN, IF YOUR CLAIM IS IN A CLASS OF CLAIMS IN WHICH NO VALID BALLOTS TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN ARE RECEIVED THEN SUCH CLASS OF CLAIMS WILL BE DEEMED TO ACCEPT THE THIRD AMENDED DCL PLAN.**

**To vote to accept or reject the Third Amended DCL Plan and, if desired, make the elections called for under the Third Amended DCL Plan, please complete the following:**

ITEM 1.    AMOUNT OF GENERAL UNSECURED CLAIM IN THE SUBSIDIARY REVOTING CLASSES. The undersigned certifies that as of March 22, 2012 (the "Supplemental Record Date"), the undersigned was the Holder of a General Unsecured Claim in one of the Subsidiary Revoting Classes in the aggregate unpaid amount set forth below.

Debtor    _____

Class    _____

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 1A.    [Intentionally Omitted].

ITEM 2.    VOTE TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN. The Holder of the General Unsecured Claim in the applicable Subsidiary Revoting Class set forth above hereby votes with respect to such Claim on the Third Amended DCL Plan as follows (check one box only):

| ☐ to ACCEPT the Third Amended DCL Plan | ☐ to REJECT the Third Amended DCL Plan |
| --- | --- |

ITEM 3.    RELEASE ELECTION (OPTIONAL). If you return a Supplemental Ballot and vote to accept the Third Amended DCL Plan, you will be deemed to have granted the releases contained in Section 11.2.2 of the Plan unless you elect not to grant such releases by checking the applicable box below.[2] If you vote to reject the Third Amended DCL Plan, you may elect

---

[2] Section 11.2.2 of the Third Amended DCL Plan provides that each Person (a) that has voted to accept the Plan and has not opted out from granting the releases, (b) that has voted to reject the Plan but has opted to grant the releases, (c) that is deemed to accept the Plan and has been provided an opportunity but has not opted out of granting the releases, or (d) who otherwise agrees to provide the releases, shall be deemed to have unconditionally released each and all of the Released Parties of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or

2

to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan by checking the applicable box below.  If you do not return your Supplemental Ballot, you will be deemed not to have granted such releases unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.  Election to grant such releases is at your option.  **If you do not grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Third Amended DCL Plan.**

☐    The undersigned has voted to accept the Third Amended DCL Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.

☐    The undersigned has voted to reject the Third Amended DCL Plan in Item 2 above but elects to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.

ITEM 4.    [Intentionally Omitted].

ITEM 5.    [Intentionally Omitted].

ITEM 6.    CERTIFICATION**.**  By signing this Supplemental Ballot, the Holder of the General Unsecured Claim in the applicable Subsidiary Revoting Class identified in Item 1 certifies that it:

a.    is the Holder of the General Unsecured Claim in the applicable Subsidiary Revoting Class to which this Supplemental Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Third Amended DCL Plan and make the elections called for on this Supplemental Ballot;

b.    has been provided with a copy of the Third Amended DCL Plan, the Supplemental Disclosure Document, and the Resolicitation Order and acknowledges that the vote and election set forth on this Supplemental Ballot are subject to all of the terms and conditions set forth in the Third Amended DCL Plan, the Supplemental Disclosure Document, and the Resolicitation Order; and

c.    has not submitted any other Supplemental Ballot(s) on account of the General Unsecured Claim in the applicable Subsidiary Revoting Class voted herein that are inconsistent with the votes and elections set forth in this Supplemental Ballot or that, as limited by the terms of the Resolicitation Order and the Instructions enclosed herewith, if such other Supplemental Ballot(s) was/were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein.

Name: _____
           (Print or Type)

Signature:_____

By: _____
        (If Applicable)

Title: _____
       (If Applicable)

---

any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Documents or the Restructuring Transactions (as such terms are defined in the Third Amended DCL Plan), except as otherwise provided in Section 11.2.2 of the Third Amended DCL Plan.

Mailing Address: _____

_____

City, State, Zip Code: _____

Telephone Number: _____

Email: _____

Date Completed: _____

       This Supplemental Ballot is not, and may not be deemed to be, (a) a proof of claim or equity interest or an assertion of a claim or equity interest, or (b) an admission by the Debtors or the other Proponents of the Third Amended DCL Plan of the nature, validity, or amount of any Claim, and does not signify that your Claim has been or will be Allowed.

---

**YOUR SUPPLEMENTAL BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE SUPPLEMENTAL VOTING DEADLINE (APRIL 30, 2012), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN, AND YOUR ELECTIONS WILL NOT BE VALID.  SUPPLEMENTAL BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL <u>NOT</u> BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**VOTES AND ELECTIONS MADE ON PRIOR VERSIONS OF THE THIRD AMENDED DCL PLAN, OR OTHER PLANS OF REORGANIZATION FOR THE DEBTORS, BY HOLDERS OF GENERAL UNSECURED CLAIMS IN THE SUBSIDIARY REVOTING CLASSES WILL NOT BE RE-COUNTED.  THEREFORE, YOU MUST BE SURE THAT THE SUPPLEMENTAL BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE SUPPLEMENTAL VOTING DEADLINE.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS SUPPLEMENTAL BALLOT OR THE PROCEDURES FOR VOTING ON THE THIRD AMENDED DCL PLAN, OR IF YOU NEED AN ADDITIONAL SUPPLEMENTAL BALLOT OR ADDITIONAL COPIES OF THE SUPPLEMENTAL DISCLOSURE DOCUMENT, THE THIRD AMENDED DCL PLAN, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT <u>TRIBUNEVOTE@EPIQSYSTEMS.COM</u>.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS SUPPLEMENTAL BALLOT, OR YOU MAY RETURN YOUR SUPPLEMENTAL BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST-CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions, LLC |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |

**JOINT INSTRUCTIONS FOR COMPLETING THE SUPPLEMENTAL BALLOT
TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN**

**THESE INSTRUCTIONS EXPLAIN HOW TO COMPLETE THE SUPPLEMENTAL BALLOT
ENCLOSED IN THE RESOLICITATION PACKAGE FOR VOTING TO ACCEPT OR REJECT
THE THIRD AMENDED DCL PLAN.  PLEASE READ AND FOLLOW THESE
INSTRUCTIONS CAREFULLY SO THAT YOUR VOTES AND ELECTIONS RESPECTING
THE THIRD AMENDED DCL PLAN WILL BE COUNTED.**

**Why You Have Received a Supplemental Ballot**

On March [23], 2012, the United States Bankruptcy Court for the District of Delaware (the
"Bankruptcy Court") entered an order [Docket No. [•]] (the "Resolicitation Order") to provide, among
other things, for procedures for certain Holders of Claims against Tribune Company and/or its
subsidiaries in the above-captioned Chapter 11 Cases (collectively, the "Debtors") to vote to accept or
reject the Third Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries
Proposed By the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management,
L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Third Amended DCL Plan")
and to make certain elections called for under such Plan.  Capitalized terms used but not defined in these
Instructions have the meanings ascribed to them in (i) the Third Amended DCL Plan, (ii) the
Supplemental Disclosure Document, or (iii) the Resolicitation Order, as applicable.

The Resolicitation Order provides, among other things, that Holders of Senior Loan Claims,
Senior Guaranty Claims, Bridge Loan Claims, Other Parent Claims, Holders of EGI-TRB LLC Notes
Claims, Holders of PHONES Notes Claims that are on account of PHONES Notes purportedly put to
Tribune Company for exchange but not paid in cash prior to the filing of the Debtors' chapter 11 cases
(the "PHONES Notes Exchange Claims"), and Holders of General Unsecured Claims in the Subsidiary
Revoting Classes[1] may re-vote on the Third Amended DCL Plan and may make new elections thereunder.

These Joint Instructions apply only to the Supplemental Ballots transmitted to Holders of Senior
Loan Claims, Senior Guaranty Claims, Bridge Loan Claims, Other Parent Claims, Holders of EGI-TRB
LLC Notes Claims, Holders of PHONES Notes Exchange Claims, and Holders of General Unsecured
Claims in the Subsidiary Revoting Classes.  If you hold other Claims against Tribune Company and those
Claims are in Classes entitled to re-vote for purposes of the Third Amended DCL Plan, you will receive
separate Supplemental Ballots to vote such Claims.

You have previously received ballots for voting on and making elections under earlier versions of
the Third Amended DCL Plan and other plans of reorganization that were proposed for the Debtors with
respect to your Claims.  Please be aware that your votes on and elections under the earlier versions of the
Third Amended DCL Plan and other plans of reorganization are not being counted for purposes of the
Third Amended DCL Plan, with the exception of prior Convenience Class Elections made by Holders of
Other Parent Claims.  Accordingly, if you wish to have your vote on and elections under the Third
Amended DCL Plan counted, you must complete and return your Supplemental Ballot as provided in
these Instructions.

**PURSUANT TO THE THIRD AMENDED DCL PLAN, IMPAIRED CLASSES OF
CLAIMS FOR WHICH NO VALID BALLOTS ARE RECEIVED WILL BE DEEMED TO
ACCEPT THE THIRD AMENDED DCL PLAN.**

---

[1] The Subsidiary Revoting Classes are the Classes of General Unsecured Claims against certain Non-Guarantor
Subsidiary Debtors (Classes 2E, 4E through 7E, 10E, 12E through 15E, 18E through 20E, 22E through 29E, 31E
through 38E, 40E, 42E, 43E, and 46E through 49E).

## Materials That You Have Been Sent with the Supplemental Ballot

You have been sent various materials to assist you in deciding how to vote on the Third Amended DCL Plan (collectively, the "Resolicitation Package").  In addition to the Supplemental Ballot, the Resolicitation Package contains the following:

- a copy of the Third Amended DCL Plan;

- a Supplemental Disclosure Document (the "Supplemental Disclosure Document") that describes the modifications to the Third Amended DCL Plan that have been made since the prior solicitation of votes on and elections under such Plan.  The Supplemental Disclosure Document has been approved by the Bankruptcy Court as a supplement to the previously-distributed Disclosure Documents[2] to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Third Amended DCL Plan;

- notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Third Amended DCL Plan; and

- a copy of the Resolicitation Order (without exhibits).  The Resolicitation Order contains important information regarding the process of voting on the Third Amended DCL Plan and how votes on and elections under the Third Amended DCL Plan will be tabulated.

**It is very important that you read all of the materials in the Resolicitation Package carefully in considering how you wish to vote on the Third Amended DCL Plan and whether you wish to make the elections called for under such Plan.  Your vote on and elections under the Third Amended DCL Plan are very important and may affect your rights and the treatment of your Claim.**

If you would like to receive additional copies of the Third Amended DCL Plan, the Supplemental Disclosure Document, or any other materials relating to the Third Amended DCL Plan, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting Epiq Bankruptcy Solutions, LLC (the "Voting Agent") at (888) 287-7568 or at tribunevote@epiqsystems.com.

## Deadline for Returning Supplemental Ballots to the Voting Agent

You must complete, sign, and date your Supplemental Ballot and return it to the Voting Agent in the enclosed envelope so that it is **actually received** by the Voting Agent by no later than **April 30, 2012 at 4:00 p.m. (Eastern Time)** the ("Supplemental Voting Deadline").  If you do not return your Supplemental Ballot so that it is actually received by the Voting Agent by the Supplemental Voting Deadline, the votes reflected on your Supplemental Ballot will not be counted and the elections reflected on your Supplemental Ballot will not be valid.

---

[2] See General Disclosure Statement dated December 15, 2010 [Docket No. 7232] (the "General Disclosure Statement"), which contains a general description of (among other things) the Debtors, their respective businesses and their reorganization proceedings; (ii) the Specific Disclosure Statement Relating to First Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [Docket No. 7135] (the "Specific Disclosure Statement"), which contains a detailed description of (among other things) the provisions of the First Amended DCL Plan, including those provisions that are retained in the Third Amended DCL Plan; and (iii) the Explanatory Statement Relating to Modified Elections Under Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (as modified April 26, 2011) [Docket No. 8754] (the "Explanatory Statement"), which contains a description of (among other things) certain elections offered under the Second Amended DCL Plan (the General Disclosure Statement, the Specific Disclosure Statement, the Explanatory Statement, and the Supplemental Disclosure Document, collectively, the "Disclosure Documents").

### How to Complete Your Supplemental Ballot

The following are step-by-step instructions for how to complete your Supplemental Ballot for voting on the Third Amended DCL Plan and making the elections called for thereunder:

**ITEM 1:**        **Amount of Claim.**

Please certify the amount of your Claim as of March 22, 2012 (the "Supplemental Record Date"). By certifying the amount in Item 1, you are certifying that the party submitting the Supplemental Ballot is the Holder, as of the Supplemental Record Date, of a Claim in the aggregate unpaid amount set forth in Item 1 of the Supplemental Ballot. The preprinted amount of the Claim set forth in Item 1 of the Supplemental Ballot will control for voting purposes. If you do not agree with the amount preprinted on Item 1 of the Supplemental Ballot, please see "Questions Concerning Your Claim Amount" below.

**ITEM 1A:**        **Convenience Class Election (Optional).**

*Item 1A applies only to the Holders of Class 1F Other Parent Claims against Tribune Company. If your Supplemental Ballot does not relate to a Class 1F Other Parent Claim, your Supplemental Ballot will indicate that Item 1A has been "[Intentionally Omitted]." If your Supplemental Ballot states "[Intentionally Omitted]" at Item 1A, please skip Item 1A and move on to Item 2 below.*

You should check this box if you are the Holder of a Class 1F Other Parent Claim and you wish to have that Claim treated as a Class 1G Convenience Claim. If you make this election, your Class 1F Other Parent Claim will be reduced in amount to One Thousand Dollars ($1,000) under the Third Amended DCL Plan. In addition, if you check the box in Item 1A, (a) such election is an irrevocable and legally binding obligation; (b) your Claim will receive treatment set forth in the Third Amended DCL Plan for Class 1G Convenience Claims instead of the treatment afforded to Class 1F Other Parent Claims; (c) your vote to accept or reject the Third Amended DCL Plan will not be counted; and (d) you will be deemed to grant the releases set forth in Section 11.2.2 of the Third Amended DCL Plan unless you elect not to grant such releases by checking the appropriate box on the Supplemental Ballot.

Holders of Other Parent Claims that elected to have their Claims treated as Convenience Claims as part of the solicitation process undertaken on prior versions of the Plan shall continue to have that treatment election recognized and such Holders will not be treated as Holders of Other Parent Claims for the purposes of resolicitation of the Third Amended DCL Plan.

**ITEM 2:**        **Vote to Accept or Reject the Third Amended DCL Plan.**

Please cast your vote to accept or reject the Third Amended DCL Plan by checking the applicable box in Item 2. Please note that you must vote the entire amount of your Claim to accept or reject the Third Amended DCL Plan; in other words, you may not vote part of your Claim to accept and part of your Claim to reject the Third Amended DCL Plan.

If the Third Amended DCL Plan is confirmed by the Bankruptcy Court and becomes effective, it will be binding upon you whether or not you vote to accept or reject the Plan or abstain from voting on the Plan.

Please be aware that a vote to accept the Third Amended DCL Plan is a vote to grant the releases set forth in Section 11.2.2 of the Third Amended DCL Plan, unless you elect not to grant such releases by checking the applicable box on Item 3 of the Supplemental Ballot. If you vote to reject the Third Amended DCL Plan, you may elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan by checking the applicable box on your Supplemental Ballot. Section 11.2.2 of the Third Amended DCL Plan provides that each Person (a) that has voted to accept the Plan and has not opted out from granting the releases, (b) that has voted to reject the Plan but has opted to grant the releases, (c) that is deemed to accept the Plan and has been provided an opportunity but has not opted out of granting the releases, or (d) who otherwise agrees to provide the releases, shall be deemed to have

3

unconditionally released each and all of the Released Parties of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Documents or the Restructuring Transactions (as such terms are defined in the Third Amended DCL Plan), except as otherwise provided in Section 11.2.2 of the Third Amended DCL Plan.

A vote to accept the Third Amended DCL Plan is also (i) an acceptance of the compromise and settlement set forth in the Third Amended DCL Plan by and among the Guarantor Non-Debtors, on the one hand, and the holders of Loan Guaranty Claims, on the other hand (the "Guarantor Non-Debtor Release") and (ii) a grant of authority to the Loan Agents (as such term is defined in the Third Amended DCL Plan) to enter into any and all agreements and take any and all actions that such Loan Agents deem necessary or appropriate to effectuate the Guarantor Non-Debtor Release and all other terms of the Third Amended DCL Plan.  The Disclosure Documents and the Third Amended DCL Plan should be referenced for a complete description of all releases set forth therein.

Whether or not you vote to accept the Third Amended DCL Plan, if the Third Amended DCL Plan is confirmed by the Bankruptcy Court and the Effective Date occurs, the Guarantor Non-Debtor Release will be binding on you.

**ITEM 3:**          **Release Election (Optional).**

If you vote to accept the Third Amended DCL Plan, you are deemed to grant the releases in Section 11.2.2 of the Third Amended DCL Plan unless you affirmatively opt out of granting those releases.  If you vote to reject the Third Amended DCL Plan, you are deemed not to grant the releases in Section 11.2.2 of the Third Amended DCL Plan unless you affirmatively opt in to granting those releases. If you do not return a Supplemental Ballot, you are deemed not to grant the releases in Section 11.2.2 of the Third Amended DCL Plan unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.

If you voted to accept the Third Amended DCL Plan but wish to opt out of granting the releases in Section 11.2.2 of the Third Amended DCL Plan, please check the box corresponding to that election in Item 3.  Similarly, if you vote to reject the Third Amended DCL Plan but wish to grant the releases in Section 11.2.2 of the Third Amended DCL Plan, please check the box corresponding to that election in Item 3.

If you either (i) vote to accept the Third Amended DCL Plan and do not check the box in Item 3 opting not to grant the Section 11.2.2 releases, or (ii) vote to reject the Third Amended DCL Plan and check the box in Item 3 opting to grant the Section 11.2.2 releases, you will have consented to the releases set forth in Section 11.2.2 of the Third Amended DCL Plan to the fullest extent permitted by applicable law.  **If you do not grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan, you will not receive the benefit of the releases set forth in the Third Amended DCL Plan.**

**The Disclosure Documents and the Third Amended DCL Plan should be referenced for a complete description of all releases set forth therein.**

**ITEM 4:**          **Other Parent Claim Alternative Treatment Election.**

*Item 4 applies only to the Holders of Class 1F Other Parent Claims against Tribune Company.  If your Supplemental Ballot does not relate to a Class 1F Other Parent Claim, your Supplemental Ballot*

4

*will indicate that Item 4 has been "[Intentionally Omitted]."  If your Supplemental Ballot states"[Intentionally Omitted]" at Item 4, please skip Item 4 and move on to Item 6 below.*

The Third Amended DCL Plan gives the Holders of Class 1F Other Parent Claims the right to elect between four alternative treatments for purposes of distribution on account of Allowed Other Parent Claims, which are described in Section 3.2.6(c) of the Third Amended DCL Plan.  The alternative treatments provided for under Section 3.2.6(c) of the Third Amended DCL Plan are identical to those provided for under the prior version of such Plan, <u>provided,</u> however, that (i) Holders of Other Parent Claims will no longer receive a Pro Rata share of applicable Creditors' Trust Interests and (ii) the adjudication and/or resolution of certain Allocation Disputes (as defined in the Third Amended DCL Plan) could potentially affect the distributions to which the Holders of Other Parent Claims are entitled under the Third Amended DCL Plan.  Additional information regarding the Allocation Disputes can be found in Section 5.18 of and Exhibit 5.18 to the Third Amended DCL Plan, and the Supplemental Disclosure Document.

If you wish to receive the treatment set forth in Section 3.2.6(c)(i) of the Third Amended DCL Plan, please check the box in Item 4A.  If you wish to receive the treatment set forth in Section 3.2.6(c)(ii) of the Third Amended DCL Plan, please check the box in Item 4B.  If you wish to receive the treatment set forth in Section 3.2.6(c)(iii) of the Third Amended DCL Plan, please check the box in Item 4C.  **You may only select one treatment option.**  If you do not submit a Supplemental Ballot, or submit a Supplemental Ballot but do not check the box in Item 4, you will have consented to the treatment set forth in Section 3.2.6(c)(iv) of the Third Amended DCL Plan for your Class 1F Other Parent Claim.

**ITEM 5:**          **Other Parent Claim Alternative Recipient Designation For New Common Stock Distributions.**

*Item 5 applies <u>only</u> to the Holders of Class 1F Other Parent Claims against Tribune Company.  If your Supplemental Ballot does not relate to a Class 1F Other Parent Claim, your Supplemental Ballot will indicate that Item 5 has been "[Intentionally Omitted]."  If your Supplemental Ballot states"[Intentionally Omitted]" at Item 5 please skip Item 5 and move on to Item 6 below.*

Please complete Item 5 if you have elected to receive the alternative treatment in either Section 3.2.6(c)(ii) (Item 4B, above) or Section 3.2.6(c)(iii) (Item 4C, above), <u>and</u> you wish to designate one or more affiliates or other parties ("<u>Designee(s)</u>") to receive all or a portion of your distribution of New Common Stock under the Third Amended DCL Plan (the "<u>Alternative Recipient Designation</u>").  The Alternative Recipient Designation is voluntary; if you choose not to make an Alternative Recipient Designation, distributions of New Common Stock will be made to you accordance with the Third Amended DCL Plan.  (<u>See</u> Third Amended DCL Plan at § 7.2.3 (implementing Alternative Recipient Designation)).  You may allocate your distribution of New Common Stock between yourself and/or up to three (3) Designees.  List the names of the Designee(s) and the amount and percentage of your Other Parent Claim that should be distributed to each Designee.  If you make an Alternative Recipient Designation, your distribution will consist of the applicable amounts of New Senior Secured Term Loan, Distributable Cash, any New Common Stock for which you did not make an Alternative Recipient Designation, your Pro Rata share of Litigation Trust Interests (depending on which Alternative Treatment you select), and you and/or your Designee(s) will receive your corresponding distribution of New Common Stock in the percentage allocations set forth by you on Item 5 of your Supplemental Ballot.

**ITEM 6:**          **Certifications.**

Please review and complete the certifications in Item 6.  Your original signature is required on the Supplemental Ballot for your vote on and elections under the Third Amended DCL Plan to count.  In addition, in Item 6, if you are completing the Supplemental Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  You may be requested at a later time to provide proof of your authorization to so sign.  In addition, please provide your name and mailing

address if different from that set forth on the mailing label, or if no mailing label is attached to the Supplemental Ballot.

### Returning Your Supplemental Ballot to the Voting Agent

Once you have completed your Supplemental Ballot in accordance with the foregoing instructions, please return the completed Supplemental Ballot to the Voting Agent at the appropriate address specified in your Supplemental Ballot so that the Supplemental Ballot is <u>actually</u> <u>received</u> by the Voting Agent before the Supplemental Voting Deadline.

**No Electronic Transmissions.**  Supplemental Ballots submitted by facsimile or other electronic transmission will <u>not</u> be counted.  In addition, please note that if your Supplemental Ballot is illegible or contains insufficient information to permit the identification of the Holder of the Claim, your Supplemental Ballot will <u>not</u> be counted.  Do <u>not</u> mail your Supplemental Ballots directly to the Debtors or to any of the Proponents of the Third Amended DCL Plan.

**No Withdrawal.**  After the Supplemental Voting Deadline, unless you obtain the prior consent of the Proponents of the Third Amended DCL Plan or Bankruptcy Court approval, you may not (i) withdraw or modify your Supplemental Ballot in any way, (ii) change your vote to accept or reject the Third Amended DCL Plan, or (iii) change your release or treatment elections (if applicable).

**Questions Concerning Your Claim Amount.**  If you disagree with the amount of your Claim set forth in Item 1 of the Supplemental Ballot, you may ask the Bankruptcy Court to allow your Claim solely for voting purposes in a different amount.  To have your Claim allowed solely for voting purposes under the Third Amended DCL Plan in a different amount, you must serve on the Proponents of the Third Amended DCL Plan (at the addresses listed on page 1 of the Third Amended DCL Plan) and file with the Bankruptcy Court, on or before **April 5, 2012**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (a "<u>3018 Motion</u>").

A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes only, and the evidence in support of your belief.  If you file a 3018 Motion by the deadline above, your Supplemental Ballot will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Supplemental Voting Deadline, or (b) if such an order has not been entered by the Supplemental Voting Deadline and unless the Proponents of the Third Amended DCL Plan have come to an agreement with you as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Supplemental Ballot or otherwise in accordance with the tabulation rules set forth in the Resolicitation Order.  **April 25, 2012, at 1:00 p.m. (Eastern Time)** has been established as the date and time for a hearing to consider any and all 3018 Motions.

**Additional Questions.**  If you have questions concerning the Supplemental Ballot or the procedures for voting on and making elections under the Third Amended DCL Plan, or if you need an additional Supplemental Ballot or additional copies of other materials in the Resolicitation Package, please contact the Voting Agent at 888-287-7568 or at <u>tribunevote@epiqsystems.com</u>.  The materials in the Resolicitation Package may also be obtained free of charge by visiting <u>http://chapter11.epiqsystems.com/tribune</u>.

**The Supplemental Ballot is Not a Proof of Claim or Interest.**  The Supplemental Ballot is not, and may not be deemed to be, (a) a proof of claim or equity interest or an assertion of a claim or equity interest, or (b) an admission by the Debtors or the other Proponents of the Third Amended DCL Plan of the nature, validity, or amount of any Claim, and does not signify that your Claim has been or will be Allowed.

## EXHIBIT G

**Forms of Supplemental Ballots for Holders of
Senior Loan Claims/Senior Guaranty Claims**

<u>Senior Loan Claims/Senior Guaranty Claims – Third Amended DCL Plan</u>

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## SUPPLEMENTAL BALLOT FOR HOLDERS OF SENIOR LOAN CLAIMS AGAINST TRIBUNE COMPANY AND SENIOR GUARANTY CLAIMS AGAINST GUARANTOR DEBTORS TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN

On March [23], 2012, the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") entered an order [Docket No. [•]] (the "<u>Resolicitation Order</u>") to provide for, among other things, procedures for Holders of Senior Loan Claims and Senior Guaranty Claims to vote to accept or reject the Third Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries Proposed By the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "<u>Third Amended DCL Plan</u>") and to make certain elections called for under such Plan.  Capitalized terms used but not defined in this Supplemental Ballot have the meanings given to them in (i) the Third Amended DCL Plan, (ii) the Supplemental Disclosure Document, (iii) the Resolicitation Order, or (iv) the attached Instructions, as applicable.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**PRIOR TO COMPLETING THIS SUPPLEMENTAL BALLOT, PLEASE REFER TO THE INSTRUCTIONS ATTACHED TO THIS SUPPLEMENTAL BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.**

This Supplemental Ballot is only to be used for voting your Senior Loan Claim (Class 1C Claims against Tribune Company) and your Senior Guaranty Claims (Classes 50C – 111C Claims against the Guarantor Debtors). Please note that Senior Loan Claims and Senior Guaranty Claims will be voted on the Third Amended DCL Plan jointly on this Supplemental Ballot, with each such vote to be counted as a vote to accept or reject the Third Amended DCL Plan in the relevant Classes of Senior Loan Claims and Senior Guaranty Claims. If you hold other Claims against Tribune Company or the Subsidiary Debtors in the Debtors' Chapter 11 Cases and those Claims are in Classes entitled to re-vote for purposes of the Third Amended DCL Plan, you will receive separate Supplemental Ballots to vote such Claims.

**Pre-Packaged Plan.** The Third Amended DCL Plan also constitutes a prepackaged plan of reorganization (the "Prepackaged Plan") for any affiliate of Tribune Company that has guaranteed the obligations of Tribune Company under the Senior Loan Agreement and has not yet commenced a chapter 11 case, but does so after the date of the Resolicitation Order (a "Guarantor Non-Debtor"). Your vote to accept or reject the Third Amended DCL Plan will also be counted as a vote to accept or reject the applicable Prepackaged Plan(s) for any Guarantor Non-Debtor.

If you wish to have your vote on and elections under the Third Amended DCL Plan counted, you must complete and return this Supplemental Ballot so that it is **actually received** by the Voting Agent by no later than **April 30, 2012 at 4:00 p.m. (Eastern Time)** (the "Supplemental Voting Deadline"), in accordance with the attached Instructions.

**To vote to accept or reject the Third Amended DCL Plan and, if desired, make the elections called for under the Third Amended DCL Plan, please complete the following:**

ITEM 1.    AMOUNT OF CLAIM. The undersigned certifies that as of March 22, 2012 (the "Supplemental Record Date"), the undersigned was the Holder of a Senior Loan Claim against Tribune Company and/or Senior Guaranty Claims against each of the Guarantor Debtors, with each Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 1A.    [Intentionally Omitted]

ITEM 2.    VOTE TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN.[2] The Holder of the Senior Loan Claim and/or Senior Guaranty Claims set forth above hereby votes with respect to such Claims on the Third Amended DCL Plan as follows (check one box only):

---

[2] A vote to accept the Third Amended DCL Plan is also (i) an acceptance of the compromise and settlement set forth in the Third Amended DCL Plan by and among the Guarantor Non-Debtors, on the one hand, and the holders of Loan Guaranty Claims, on the other hand (the "Guarantor Non-Debtor Release") and (ii) a grant of authority to the Loan Agents (as such term is defined in the Third Amended DCL Plan) to enter into any and all agreements and take any and all actions that such Loan Agents deem necessary or appropriate to effectuate the Guarantor Non-Debtor Release and all other terms of the Third Amended DCL Plan. The Disclosure Documents and the Third Amended DCL Plan should be referenced for a complete description of all releases set forth therein.

Whether or not you vote to accept the Third Amended DCL Plan, if the Third Amended DCL Plan is confirmed by the Bankruptcy Court and the Effective Date occurs, the Guarantor Non-Debtor Release will be binding on you.

| to ACCEPT the<br>Third Amended DCL Plan | to REJECT the<br>Third Amended DCL Plan |
|---|---|

ITEM 3.  RELEASE ELECTION (OPTIONAL).  If you return a Supplemental Ballot and vote to accept the Third Amended DCL Plan, you will be deemed to have granted the releases contained in Section 11.2.2 of that Plan unless you elect <u>not</u> to grant such releases by checking the applicable box below.[3]  If you vote to reject the Third Amended DCL Plan, you may elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan by checking the applicable box below.  If you do not return your Supplemental Ballot, you will be deemed not to have granted such releases unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.  Election to grant such releases is at your option.  **If you do not grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Third Amended DCL Plan.**

☐  The undersigned has voted to accept the Third Amended DCL Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.

☐  The undersigned has voted to reject the Third Amended DCL Plan in Item 2 above but elects to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.

ITEM 4.  [Intentionally Omitted]

ITEM 5.  [Intentionally Omitted]

ITEM 6.  CERTIFICATION.  By signing this Supplemental Ballot, the Holder of the Senior Loan Claim and/or Senior Guaranty Claims identified in Item 1 certifies that it:

a.  is the Holder of the Senior Loan Claim and/or Senior Guaranty Claims to which this Supplemental Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Third Amended DCL Plan and make the elections called for on this Supplemental Ballot;

b.  has been provided with a copy of the Third Amended DCL Plan, the Supplemental Disclosure Document, and the Resolicitation Order and acknowledges that the votes and elections set forth on this Supplemental Ballot are subject to all of the terms and

---

[3] Section 11.2.2 of the Third Amended DCL Plan provides that each Person (a) that has voted to accept the Plan and has not opted out from granting the releases, (b) that has voted to reject the Plan but has opted to grant the releases, (c) that is deemed to accept the Plan and has been provided an opportunity but has not opted out of granting the releases, or (d) who otherwise agrees to provide the releases, shall be deemed to have unconditionally released each and all of the Released Parties of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Documents or the Restructuring Transactions (as such terms are defined in the Third Amended DCL Plan), except as otherwise provided in Section 11.2.2 of the Third Amended DCL Plan.

conditions set forth in the Third Amended DCL Plan, the Supplemental Disclosure Document, and the Resolicitation Order; and

c.   has not submitted any other Supplemental Ballots on account of the Senior Loan Claim and/or Senior Guaranty Claims voted herein that are inconsistent with the votes and elections set forth in this Supplemental Ballot or that, if such other Supplemental Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes and elections set forth herein.

Name: _____
            (Print or Type)

Signature: _____

By: _____
        (If Applicable)

Title:_____
            (If Applicable)

Mailing Address: _____

_____

City, State, Zip Code: _____

Telephone Number: _____

Email: _____

Date Completed: _____

This Supplemental Ballot is not, and may not be deemed to be, (a) a proof of claim or equity interest or an assertion of a claim or equity interest, or (b) an admission by the Debtors or the other Proponents of the Third Amended DCL Plan of the nature, validity or amount of any Claim, and does not signify that your Claim has been or will be Allowed.

---

**YOUR SUPPLEMENTAL BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE SUPPLEMENTAL VOTING DEADLINE (APRIL 30, 2012), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN AND YOUR ELECTIONS WILL NOT BE VALID.  SUPPLEMENTAL BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL <u>NOT</u> BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**VOTES AND ELECTIONS MADE ON PRIOR VERSIONS OF THE THIRD AMENDED DCL PLAN, OR OTHER PLANS OF REORGANIZATION FOR THE DEBTORS, BY HOLDERS OF SENIOR LOAN CLAIMS AND SENIOR GUARANTY CLAIMS WILL NOT BE RE-COUNTED.  THEREFORE, YOU MUST BE SURE THAT THE SUPPLEMENTAL BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE SUPPLEMENTAL VOTING DEADLINE.**

---

CH1 6650428v.4

**IF YOU HAVE ANY QUESTIONS REGARDING THIS SUPPLEMENTAL BALLOT OR THE PROCEDURES FOR VOTING ON THE THIRD AMENDED DCL PLAN, OR IF YOU NEED AN ADDITIONAL SUPPLEMENTAL BALLOT OR ADDITIONAL COPIES OF THE SUPPLEMENTAL DISCLOSURE DOCUMENT, THE THIRD AMENDED DCL PLAN, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT TRIBUNEVOTE@EPIQSYSTEMS.COM.**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS SUPPLEMENTAL BALLOT, OR YOU MAY RETURN YOUR SUPPLEMENTAL BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST-CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions, LLC |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |

CH1 6650428v.4

**JOINT INSTRUCTIONS FOR COMPLETING THE SUPPLEMENTAL BALLOT
TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN**

**THESE INSTRUCTIONS EXPLAIN HOW TO COMPLETE THE SUPPLEMENTAL BALLOT
ENCLOSED IN THE RESOLICITATION PACKAGE FOR VOTING TO ACCEPT OR REJECT
THE THIRD AMENDED DCL PLAN.  PLEASE READ AND FOLLOW THESE
INSTRUCTIONS CAREFULLY SO THAT YOUR VOTES AND ELECTIONS RESPECTING
THE THIRD AMENDED DCL PLAN WILL BE COUNTED.**

### Why You Have Received a Supplemental Ballot

On March [23], 2012, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. [•]] (the "Resolicitation Order") to provide, among other things, for procedures for certain Holders of Claims against Tribune Company and/or its subsidiaries in the above-captioned Chapter 11 Cases (collectively, the "Debtors") to vote to accept or reject the Third Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries Proposed By the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Third Amended DCL Plan") and to make certain elections called for under such Plan.  Capitalized terms used but not defined in these Instructions have the meanings ascribed to them in (i) the Third Amended DCL Plan, (ii) the Supplemental Disclosure Document, or (iii) the Resolicitation Order, as applicable.

The Resolicitation Order provides, among other things, that Holders of Senior Loan Claims, Senior Guaranty Claims, Bridge Loan Claims, Other Parent Claims, Holders of EGI-TRB LLC Notes Claims, Holders of PHONES Notes Claims that are on account of PHONES Notes purportedly put to Tribune Company for exchange but not paid in cash prior to the filing of the Debtors' chapter 11 cases (the "PHONES Notes Exchange Claims"), and Holders of General Unsecured Claims in the Subsidiary Revoting Classes[1] may re-vote on the Third Amended DCL Plan and may make new elections thereunder.

These Joint Instructions apply only to the Supplemental Ballots transmitted to Holders of Senior Loan Claims, Senior Guaranty Claims, Bridge Loan Claims, Other Parent Claims, Holders of EGI-TRB LLC Notes Claims, Holders of PHONES Notes Exchange Claims, and Holders of General Unsecured Claims in the Subsidiary Revoting Classes.  If you hold other Claims against Tribune Company and those Claims are in Classes entitled to re-vote for purposes of the Third Amended DCL Plan, you will receive separate Supplemental Ballots to vote such Claims.

You have previously received ballots for voting on and making elections under earlier versions of the Third Amended DCL Plan and other plans of reorganization that were proposed for the Debtors with respect to your Claims.  Please be aware that your votes on and elections under the earlier versions of the Third Amended DCL Plan and other plans of reorganization are not being counted for purposes of the Third Amended DCL Plan, with the exception of prior Convenience Class Elections made by Holders of Other Parent Claims.  Accordingly, if you wish to have your vote on and elections under the Third Amended DCL Plan counted, you must complete and return your Supplemental Ballot as provided in these Instructions.

**PURSUANT TO THE THIRD AMENDED DCL PLAN, IMPAIRED CLASSES OF
CLAIMS FOR WHICH NO VALID BALLOTS ARE RECEIVED WILL BE DEEMED TO
ACCEPT THE THIRD AMENDED DCL PLAN.**

---

[1] The Subsidiary Revoting Classes are the Classes of General Unsecured Claims against certain Non-Guarantor Subsidiary Debtors (Classes 2E, 4E through 7E, 10E, 12E through 15E, 18E through 20E, 22E through 29E, 31E through 38E, 40E, 42E, 43E, and 46E through 49E).

## Materials That You Have Been Sent with the Supplemental Ballot

You have been sent various materials to assist you in deciding how to vote on the Third Amended DCL Plan (collectively, the "Resolicitation Package").  In addition to the Supplemental Ballot, the Resolicitation Package contains the following:

- a copy of the Third Amended DCL Plan;

- a Supplemental Disclosure Document (the "Supplemental Disclosure Document") that describes the modifications to the Third Amended DCL Plan that have been made since the prior solicitation of votes on and elections under such Plan.  The Supplemental Disclosure Document has been approved by the Bankruptcy Court as a supplement to the previously-distributed Disclosure Documents[2] to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Third Amended DCL Plan;

- notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Third Amended DCL Plan; and

- a copy of the Resolicitation Order (without exhibits).  The Resolicitation Order contains important information regarding the process of voting on the Third Amended DCL Plan and how votes on and elections under the Third Amended DCL Plan will be tabulated.

**It is very important that you read all of the materials in the Resolicitation Package carefully in considering how you wish to vote on the Third Amended DCL Plan and whether you wish to make the elections called for under such Plan.  Your vote on and elections under the Third Amended DCL Plan are very important and may affect your rights and the treatment of your Claim.**

If you would like to receive additional copies of the Third Amended DCL Plan, the Supplemental Disclosure Document, or any other materials relating to the Third Amended DCL Plan, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting Epiq Bankruptcy Solutions, LLC (the "Voting Agent") at (888) 287-7568 or at tribunevote@epiqsystems.com.

## Deadline for Returning Supplemental Ballots to the Voting Agent

You must complete, sign, and date your Supplemental Ballot and return it to the Voting Agent in the enclosed envelope so that it is **actually received** by the Voting Agent by no later than **April 30, 2012 at 4:00 p.m. (Eastern Time)** the ("Supplemental Voting Deadline").  If you do not return your Supplemental Ballot so that it is actually received by the Voting Agent by the Supplemental Voting Deadline, the votes reflected on your Supplemental Ballot will not be counted and the elections reflected on your Supplemental Ballot will not be valid.

---

[2] See General Disclosure Statement dated December 15, 2010 [Docket No. 7232] (the "General Disclosure Statement"), which contains a general description of (among other things) the Debtors, their respective businesses and their reorganization proceedings; (ii) the Specific Disclosure Statement Relating to First Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [Docket No. 7135] (the "Specific Disclosure Statement"), which contains a detailed description of (among other things) the provisions of the First Amended DCL Plan, including those provisions that are retained in the Third Amended DCL Plan; and (iii) the Explanatory Statement Relating to Modified Elections Under Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (as modified April 26, 2011) [Docket No. 8754] (the "Explanatory Statement"), which contains a description of (among other things) certain elections offered under the Second Amended DCL Plan (the General Disclosure Statement, the Specific Disclosure Statement, the Explanatory Statement, and the Supplemental Disclosure Document, collectively, the "Disclosure Documents").

## How to Complete Your Supplemental Ballot

The following are step-by-step instructions for how to complete your Supplemental Ballot for voting on the Third Amended DCL Plan and making the elections called for thereunder:

**ITEM 1:**        **Amount of Claim.**

Please certify the amount of your Claim as of March 22, 2012 (the "Supplemental Record Date"). By certifying the amount in Item 1, you are certifying that the party submitting the Supplemental Ballot is the Holder, as of the Supplemental Record Date, of a Claim in the aggregate unpaid amount set forth in Item 1 of the Supplemental Ballot. The preprinted amount of the Claim set forth in Item 1 of the Supplemental Ballot will control for voting purposes. If you do not agree with the amount preprinted on Item 1 of the Supplemental Ballot, please see "Questions Concerning Your Claim Amount" below.

**ITEM 1A:**        **Convenience Class Election (Optional).**

*Item 1A applies only to the Holders of Class 1F Other Parent Claims against Tribune Company. If your Supplemental Ballot does not relate to a Class 1F Other Parent Claim, your Supplemental Ballot will indicate that Item 1A has been "[Intentionally Omitted]." If your Supplemental Ballot states "[Intentionally Omitted]" at Item 1A, please skip Item 1A and move on to Item 2 below.*

You should check this box if you are the Holder of a Class 1F Other Parent Claim and you wish to have that Claim treated as a Class 1G Convenience Claim. If you make this election, your Class 1F Other Parent Claim will be reduced in amount to One Thousand Dollars ($1,000) under the Third Amended DCL Plan. In addition, if you check the box in Item 1A, (a) such election is an irrevocable and legally binding obligation; (b) your Claim will receive treatment set forth in the Third Amended DCL Plan for Class 1G Convenience Claims instead of the treatment afforded to Class 1F Other Parent Claims; (c) your vote to accept or reject the Third Amended DCL Plan will not be counted; and (d) you will be deemed to grant the releases set forth in Section 11.2.2 of the Third Amended DCL Plan unless you elect not to grant such releases by checking the appropriate box on the Supplemental Ballot.

Holders of Other Parent Claims that elected to have their Claims treated as Convenience Claims as part of the solicitation process undertaken on prior versions of the Plan shall continue to have that treatment election recognized and such Holders will not be treated as Holders of Other Parent Claims for the purposes of resolicitation of the Third Amended DCL Plan.

**ITEM 2:**        **Vote to Accept or Reject the Third Amended DCL Plan.**

Please cast your vote to accept or reject the Third Amended DCL Plan by checking the applicable box in Item 2. Please note that you must vote the entire amount of your Claim to accept or reject the Third Amended DCL Plan; in other words, you may not vote part of your Claim to accept and part of your Claim to reject the Third Amended DCL Plan.

If the Third Amended DCL Plan is confirmed by the Bankruptcy Court and becomes effective, it will be binding upon you whether or not you vote to accept or reject the Plan or abstain from voting on the Plan.

Please be aware that a vote to accept the Third Amended DCL Plan is a vote to grant the releases set forth in Section 11.2.2 of the Third Amended DCL Plan, unless you elect not to grant such releases by checking the applicable box on Item 3 of the Supplemental Ballot. If you vote to reject the Third Amended DCL Plan, you may elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan by checking the applicable box on your Supplemental Ballot. Section 11.2.2 of the Third Amended DCL Plan provides that each Person (a) that has voted to accept the Plan and has not opted out from granting the releases, (b) that has voted to reject the Plan but has opted to grant the releases, (c) that is deemed to accept the Plan and has been provided an opportunity but has not opted out of granting the releases, or (d) who otherwise agrees to provide the releases, shall be deemed to have

3

unconditionally released each and all of the Released Parties of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Documents or the Restructuring Transactions (as such terms are defined in the Third Amended DCL Plan), except as otherwise provided in Section 11.2.2 of the Third Amended DCL Plan.

A vote to accept the Third Amended DCL Plan is also (i) an acceptance of the compromise and settlement set forth in the Third Amended DCL Plan by and among the Guarantor Non-Debtors, on the one hand, and the holders of Loan Guaranty Claims, on the other hand (the "Guarantor Non-Debtor Release") and (ii) a grant of authority to the Loan Agents (as such term is defined in the Third Amended DCL Plan) to enter into any and all agreements and take any and all actions that such Loan Agents deem necessary or appropriate to effectuate the Guarantor Non-Debtor Release and all other terms of the Third Amended DCL Plan. The Disclosure Documents and the Third Amended DCL Plan should be referenced for a complete description of all releases set forth therein.

Whether or not you vote to accept the Third Amended DCL Plan, if the Third Amended DCL Plan is confirmed by the Bankruptcy Court and the Effective Date occurs, the Guarantor Non-Debtor Release will be binding on you.

**ITEM 3:**      **Release Election (Optional).**

If you vote to accept the Third Amended DCL Plan, you are deemed to grant the releases in Section 11.2.2 of the Third Amended DCL Plan unless you affirmatively opt out of granting those releases. If you vote to reject the Third Amended DCL Plan, you are deemed not to grant the releases in Section 11.2.2 of the Third Amended DCL Plan unless you affirmatively opt in to granting those releases. If you do not return a Supplemental Ballot, you are deemed not to grant the releases in Section 11.2.2 of the Third Amended DCL Plan unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.

If you voted to accept the Third Amended DCL Plan but wish to opt out of granting the releases in Section 11.2.2 of the Third Amended DCL Plan, please check the box corresponding to that election in Item 3. Similarly, if you vote to reject the Third Amended DCL Plan but wish to grant the releases in Section 11.2.2 of the Third Amended DCL Plan, please check the box corresponding to that election in Item 3.

If you either (i) vote to accept the Third Amended DCL Plan and do not check the box in Item 3 opting not to grant the Section 11.2.2 releases, or (ii) vote to reject the Third Amended DCL Plan and check the box in Item 3 opting to grant the Section 11.2.2 releases, you will have consented to the releases set forth in Section 11.2.2 of the Third Amended DCL Plan to the fullest extent permitted by applicable law. **If you do not grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan, you will not receive the benefit of the releases set forth in the Third Amended DCL Plan.**

**The Disclosure Documents and the Third Amended DCL Plan should be referenced for a complete description of all releases set forth therein.**

**ITEM 4:**      **Other Parent Claim Alternative Treatment Election.**

*Item 4 applies only to the Holders of Class 1F Other Parent Claims against Tribune Company. If your Supplemental Ballot does not relate to a Class 1F Other Parent Claim, your Supplemental Ballot*

*will indicate that Item 4 has been "[Intentionally Omitted]."  If your Supplemental Ballot states"[Intentionally Omitted]" at Item 4, please skip Item 4 and move on to Item 6 below.*

The Third Amended DCL Plan gives the Holders of Class 1F Other Parent Claims the right to elect between four alternative treatments for purposes of distribution on account of Allowed Other Parent Claims, which are described in Section 3.2.6(c) of the Third Amended DCL Plan.  The alternative treatments provided for under Section 3.2.6(c) of the Third Amended DCL Plan are identical to those provided for under the prior version of such Plan, provided, however, that (i) Holders of Other Parent Claims will no longer receive a Pro Rata share of applicable Creditors' Trust Interests and (ii) the adjudication and/or resolution of certain Allocation Disputes (as defined in the Third Amended DCL Plan) could potentially affect the distributions to which the Holders of Other Parent Claims are entitled under the Third Amended DCL Plan.  Additional information regarding the Allocation Disputes can be found in Section 5.18 of and Exhibit 5.18 to the Third Amended DCL Plan, and the Supplemental Disclosure Document.

If you wish to receive the treatment set forth in Section 3.2.6(c)(i) of the Third Amended DCL Plan, please check the box in Item 4A.  If you wish to receive the treatment set forth in Section 3.2.6(c)(ii) of the Third Amended DCL Plan, please check the box in Item 4B.  If you wish to receive the treatment set forth in Section 3.2.6(c)(iii) of the Third Amended DCL Plan, please check the box in Item 4C.  **You may only select one treatment option.**  If you do not submit a Supplemental Ballot, or submit a Supplemental Ballot but do not check the box in Item 4, you will have consented to the treatment set forth in Section 3.2.6(c)(iv) of the Third Amended DCL Plan for your Class 1F Other Parent Claim.

**ITEM 5:**          **Other Parent Claim Alternative Recipient Designation For New Common Stock Distributions.**

*Item 5 applies only to the Holders of Class 1F Other Parent Claims against Tribune Company.  If your Supplemental Ballot does not relate to a Class 1F Other Parent Claim, your Supplemental Ballot will indicate that Item 5 has been "[Intentionally Omitted]."  If your Supplemental Ballot states"[Intentionally Omitted]" at Item 5 please skip Item 5 and move on to Item 6 below.*

Please complete Item 5 if you have elected to receive the alternative treatment in either Section 3.2.6(c)(ii) (Item 4B, above) or Section 3.2.6(c)(iii) (Item 4C, above), and you wish to designate one or more affiliates or other parties ("Designee(s)") to receive all or a portion of your distribution of New Common Stock under the Third Amended DCL Plan (the "Alternative Recipient Designation").  The Alternative Recipient Designation is voluntary; if you choose not to make an Alternative Recipient Designation, distributions of New Common Stock will be made to you accordance with the Third Amended DCL Plan.  (See Third Amended DCL Plan at § 7.2.3 (implementing Alternative Recipient Designation)).  You may allocate your distribution of New Common Stock between yourself and/or up to three (3) Designees.  List the names of the Designee(s) and the amount and percentage of your Other Parent Claim that should be distributed to each Designee.  If you make an Alternative Recipient Designation, your distribution will consist of the applicable amounts of New Senior Secured Term Loan, Distributable Cash, any New Common Stock for which you did not make an Alternative Recipient Designation, your Pro Rata share of Litigation Trust Interests (depending on which Alternative Treatment you select), and you and/or your Designee(s) will receive your corresponding distribution of New Common Stock in the percentage allocations set forth by you on Item 5 of your Supplemental Ballot.

**ITEM 6:**          **Certifications.**

Please review and complete the certifications in Item 6.  Your original signature is required on the Supplemental Ballot for your vote on and elections under the Third Amended DCL Plan to count.  In addition, in Item 6, if you are completing the Supplemental Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  You may be requested at a later time to provide proof of your authorization to so sign.  In addition, please provide your name and mailing

address if different from that set forth on the mailing label, or if no mailing label is attached to the Supplemental Ballot.

### Returning Your Supplemental Ballot to the Voting Agent

Once you have completed your Supplemental Ballot in accordance with the foregoing instructions, please return the completed Supplemental Ballot to the Voting Agent at the appropriate address specified in your Supplemental Ballot so that the Supplemental Ballot is <u>actually</u> <u>received</u> by the Voting Agent before the Supplemental Voting Deadline.

**No Electronic Transmissions.** Supplemental Ballots submitted by facsimile or other electronic transmission will <u>not</u> be counted. In addition, please note that if your Supplemental Ballot is illegible or contains insufficient information to permit the identification of the Holder of the Claim, your Supplemental Ballot will <u>not</u> be counted. Do <u>not</u> mail your Supplemental Ballots directly to the Debtors or to any of the Proponents of the Third Amended DCL Plan.

**No Withdrawal.** After the Supplemental Voting Deadline, unless you obtain the prior consent of the Proponents of the Third Amended DCL Plan or Bankruptcy Court approval, you may not (i) withdraw or modify your Supplemental Ballot in any way, (ii) change your vote to accept or reject the Third Amended DCL Plan, or (iii) change your release or treatment elections (if applicable).

**Questions Concerning Your Claim Amount.** If you disagree with the amount of your Claim set forth in Item 1 of the Supplemental Ballot, you may ask the Bankruptcy Court to allow your Claim solely for voting purposes in a different amount. To have your Claim allowed solely for voting purposes under the Third Amended DCL Plan in a different amount, you must serve on the Proponents of the Third Amended DCL Plan (at the addresses listed on page 1 of the Third Amended DCL Plan) and file with the Bankruptcy Court, on or before **April 5, 2012**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (a "<u>3018 Motion</u>").

A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes only, and the evidence in support of your belief. If you file a 3018 Motion by the deadline above, your Supplemental Ballot will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Supplemental Voting Deadline, or (b) if such an order has not been entered by the Supplemental Voting Deadline and unless the Proponents of the Third Amended DCL Plan have come to an agreement with you as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Supplemental Ballot or otherwise in accordance with the tabulation rules set forth in the Resolicitation Order. **April 25, 2012, at 1:00 p.m. (Eastern Time)** has been established as the date and time for a hearing to consider any and all 3018 Motions.

**Additional Questions.** If you have questions concerning the Supplemental Ballot or the procedures for voting on and making elections under the Third Amended DCL Plan, or if you need an additional Supplemental Ballot or additional copies of other materials in the Resolicitation Package, please contact the Voting Agent at 888-287-7568 or at <u>tribunevote@epiqsystems.com</u>. The materials in the Resolicitation Package may also be obtained free of charge by visiting <u>http://chapter11.epiqsystems.com/tribune</u>.

**The Supplemental Ballot is Not a Proof of Claim or Interest.** The Supplemental Ballot is not, and may not be deemed to be, (a) a proof of claim or equity interest or an assertion of a claim or equity interest, or (b) an admission by the Debtors or the other Proponents of the Third Amended DCL Plan of the nature, validity, or amount of any Claim, and does not signify that your Claim has been or will be Allowed.

# EXHIBIT H

## **Forms of Supplemental Ballots**
## **for Holders of Bridge Loan Claims**

**Bridge Loan Claims – Third Amended DCL Plan**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### SUPPLEMENTAL BALLOT FOR HOLDERS OF BRIDGE LOAN CLAIMS AGAINST TRIBUNE COMPANY TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN

On March [23], 2012, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. [•]] (the "Resolicitation Order") to provide for, among other things, procedures for Holders of Bridge Loan Claims to vote to accept or reject the Third Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries Proposed By the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Third Amended DCL Plan") and to make certain elections called for under such Plan. Capitalized terms used but not defined in this Supplemental Ballot have the meanings given to them in (i) the Third Amended DCL Plan, (ii) the Supplemental Disclosure Document, (iii) the Resolicitation Order, or (iv) the attached Instructions, as applicable.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**PRIOR TO COMPLETING THIS SUPPLEMENTAL BALLOT, PLEASE REFER TO THE INSTRUCTIONS ATTACHED TO THIS SUPPLEMENTAL BALLOT FOR FURTHER EXPLANATION ON HOW TO COMPLETE THE ITEMS SET FORTH BELOW.**

This Supplemental Ballot is only to be used for voting your Bridge Loan Claim (Class 1D Claims against Tribune Company). If you hold other Claims against Tribune Company or the Subsidiary Debtors in the Debtors' Chapter 11 Cases and those Claims are in Classes entitled to re-vote for purposes of the Third Amended DCL Plan, you will receive separate Supplemental Ballots to vote such Claims.

If you wish to have your vote on and elections under the Third Amended DCL Plan counted, you must complete and return this Supplemental Ballot so that it is **actually received** by the Voting Agent by no later than **April 30, 2012 at 4:00 p.m. (Eastern Time)** (the "Supplemental Voting Deadline"), in accordance with the attached Instructions.

**To vote to accept or reject the Third Amended DCL Plan and, if desired, make the elections called for under the Third Amended DCL Plan, please complete the following:**

ITEM 1.     AMOUNT OF CLAIM.  The undersigned certifies that as of March 22, 2012 (the "Supplemental Record Date"), the undersigned was the Holder of a Bridge Loan Claim against Tribune Company in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 1A.   [Intentionally Omitted]

ITEM 2.     VOTE TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN.[2]  The Holder of the Bridge Loan Claim set forth above hereby votes with respect to such Claim on the Third Amended DCL Plan as follows (check one box only):

| to ACCEPT the Third Amended DCL Plan | to REJECT the Third Amended DCL Plan |
|---|---|
|  |  |

ITEM 3.     RELEASE ELECTION (OPTIONAL).  If you return a Supplemental Ballot and vote to accept the Third Amended DCL Plan, you will be deemed to have granted the releases contained in Section 11.2.2 of that Plan unless you elect not to grant such releases by checking the applicable box below.[3]  If you vote to reject the Third Amended DCL Plan, you

---

[2] A vote to accept the Third Amended DCL Plan is also (i) an acceptance of the compromise and settlement set forth in the Third Amended DCL Plan by and among the Guarantor Non-Debtors, on the one hand, and the holders of Loan Guaranty Claims, on the other hand (the "Guarantor Non-Debtor Release") and (ii) a grant of authority to the Loan Agents (as such term is defined in the Third Amended DCL Plan) to enter into any and all agreements and take any and all actions that such Loan Agents deem necessary or appropriate to effectuate the Guarantor Non-Debtor Release and all other terms of the Third Amended DCL Plan.  The Disclosure Documents and the Third Amended DCL Plan should be referenced for a complete description of all releases set forth therein.

Whether or not you vote to accept the Third Amended DCL Plan, if the Third Amended DCL Plan is confirmed by the Bankruptcy Court and the Effective Date occurs, the Guarantor Non-Debtor Release will be binding on you.

[3] Section 11.2.2 of the Third Amended DCL Plan provides that each Person (a) that has voted to accept the Plan and has not opted out from granting the releases, (b) that has voted to reject the Plan but has opted to grant the releases, (c) that is deemed to accept the Plan and has been provided an opportunity but has not opted out of granting the releases, or (d) who otherwise agrees to provide the releases, shall be deemed to have unconditionally released each and all of the Released Parties of and from any and all claims, obligations, suits, judgments, damages, debts, rights,

2

may elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan by checking the applicable box below.  If you do not return your Supplemental Ballot, you will be deemed not to have granted such releases unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.  Election to grant such releases is at your option.  **If you do not grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Third Amended DCL Plan.**

☐  The undersigned has voted to accept the Third Amended DCL Plan in Item 2 above but elects <u>not</u> to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.

☐  The undersigned has voted to reject the Third Amended DCL Plan in Item 2 above but elects to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.

ITEM 4.    [Intentionally Omitted]

ITEM 5.    [Intentionally Omitted]

ITEM 6.    CERTIFICATION.  By signing this Supplemental Ballot, the Holder of the Bridge Loan Claim identified in Item 1 certifies that it:

a.  is the Holder of the Bridge Loan Claim to which this Supplemental Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Third Amended DCL Plan and make the elections called for on this Supplemental Ballot;

b.  has been provided with a copy of the Third Amended DCL Plan, the Supplemental Disclosure Document, and the Resolicitation Order and acknowledges that the votes and elections set forth on this Supplemental Ballot are subject to all of the terms and conditions set forth in the Third Amended DCL Plan, the Supplemental Disclosure Document, and the Resolicitation Order; and

c.  has not submitted any other Supplemental Ballots on account of the Bridge Loan Claim voted herein that are inconsistent with the votes and elections set forth in this Supplemental Ballot or that, if such other Supplemental Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes and elections set forth herein.

---

remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Documents or the Restructuring Transactions (as such terms are defined in the Third Amended DCL Plan), except as otherwise provided in Section 11.2.2 of the Third Amended DCL Plan.

3

Name: _____
　　　　　(Print or Type)

Signature: _____

By: _____
　　　　(If Applicable)
Title:_____
　　　　(If Applicable)

Mailing Address: _____

_____

City, State, Zip Code: _____

Telephone Number: _____

Email: _____

Date Completed: _____

　　　　This Supplemental Ballot is not, and may not be deemed to be, (a) a proof of claim or equity interest or an assertion of a claim or equity interest, or (b) an admission by the Debtors or the other Proponents of the Third Amended DCL Plan of the nature, validity or amount of any Claim, and does not signify that your Claim has been or will be Allowed.

**YOUR SUPPLEMENTAL BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE SUPPLEMENTAL VOTING DEADLINE (APRIL 30, 2012), OR YOUR VOTE WILL NOT BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN AND YOUR ELECTIONS WILL NOT BE VALID. SUPPLEMENTAL BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL <u>NOT</u> BE COUNTED, AND YOUR ELECTIONS WILL NOT BE VALID.**

**VOTES AND ELECTIONS MADE ON PRIOR VERSIONS OF THE THIRD AMENDED DCL PLAN, OR OTHER PLANS OF REORGANIZATION FOR THE DEBTORS, BY HOLDERS OF BRIDGE LOAN CLAIMS WILL NOT BE RE-COUNTED. THEREFORE, YOU MUST BE SURE THAT THE SUPPLEMENTAL BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE SUPPLEMENTAL VOTING DEADLINE.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS SUPPLEMENTAL BALLOT OR THE PROCEDURES FOR VOTING ON THE THIRD AMENDED DCL PLAN, OR IF YOU NEED AN ADDITIONAL SUPPLEMENTAL BALLOT OR ADDITIONAL COPIES OF THE SUPPLEMENTAL DISCLOSURE DOCUMENT, THE THIRD AMENDED DCL PLAN, OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (888) 287-7568 OR AT <u>TRIBUNEVOTE@EPIQSYSTEMS.COM.</u>**

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THIS SUPPLEMENTAL BALLOT, OR YOU MAY RETURN YOUR SUPPLEMENTAL BALLOT BY**

CH1 6650434v.4

**PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST-CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

**If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, Third Floor
New York, NY 10017

5

**JOINT INSTRUCTIONS FOR COMPLETING THE SUPPLEMENTAL BALLOT
TO ACCEPT OR REJECT THE THIRD AMENDED DCL PLAN**

**THESE INSTRUCTIONS EXPLAIN HOW TO COMPLETE THE SUPPLEMENTAL BALLOT
ENCLOSED IN THE RESOLICITATION PACKAGE FOR VOTING TO ACCEPT OR REJECT
THE THIRD AMENDED DCL PLAN.  PLEASE READ AND FOLLOW THESE
INSTRUCTIONS CAREFULLY SO THAT YOUR VOTES AND ELECTIONS RESPECTING
THE THIRD AMENDED DCL PLAN WILL BE COUNTED.**

**Why You Have Received a Supplemental Ballot**

On March [23], 2012, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. [•]] (the "Resolicitation Order") to provide, among other things, for procedures for certain Holders of Claims against Tribune Company and/or its subsidiaries in the above-captioned Chapter 11 Cases (collectively, the "Debtors") to vote to accept or reject the Third Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries Proposed By the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Third Amended DCL Plan") and to make certain elections called for under such Plan.  Capitalized terms used but not defined in these Instructions have the meanings ascribed to them in (i) the Third Amended DCL Plan, (ii) the Supplemental Disclosure Document, or (iii) the Resolicitation Order, as applicable.

The Resolicitation Order provides, among other things, that Holders of Senior Loan Claims, Senior Guaranty Claims, Bridge Loan Claims, Other Parent Claims, Holders of EGI-TRB LLC Notes Claims, Holders of PHONES Notes Claims that are on account of PHONES Notes purportedly put to Tribune Company for exchange but not paid in cash prior to the filing of the Debtors' chapter 11 cases (the "PHONES Notes Exchange Claims"), and Holders of General Unsecured Claims in the Subsidiary Revoting Classes[1] may re-vote on the Third Amended DCL Plan and may make new elections thereunder.

These Joint Instructions apply only to the Supplemental Ballots transmitted to Holders of Senior Loan Claims, Senior Guaranty Claims, Bridge Loan Claims, Other Parent Claims, Holders of EGI-TRB LLC Notes Claims, Holders of PHONES Notes Exchange Claims, and Holders of General Unsecured Claims in the Subsidiary Revoting Classes.  If you hold other Claims against Tribune Company and those Claims are in Classes entitled to re-vote for purposes of the Third Amended DCL Plan, you will receive separate Supplemental Ballots to vote such Claims.

You have previously received ballots for voting on and making elections under earlier versions of the Third Amended DCL Plan and other plans of reorganization that were proposed for the Debtors with respect to your Claims.  Please be aware that your votes on and elections under the earlier versions of the Third Amended DCL Plan and other plans of reorganization are not being counted for purposes of the Third Amended DCL Plan, with the exception of prior Convenience Class Elections made by Holders of Other Parent Claims.  Accordingly, if you wish to have your vote on and elections under the Third Amended DCL Plan counted, you must complete and return your Supplemental Ballot as provided in these Instructions.

**PURSUANT TO THE THIRD AMENDED DCL PLAN, IMPAIRED CLASSES OF
CLAIMS FOR WHICH NO VALID BALLOTS ARE RECEIVED WILL BE DEEMED TO
ACCEPT THE THIRD AMENDED DCL PLAN.**

---

[1] The Subsidiary Revoting Classes are the Classes of General Unsecured Claims against certain Non-Guarantor Subsidiary Debtors (Classes 2E, 4E through 7E, 10E, 12E through 15E, 18E through 20E, 22E through 29E, 31E through 38E, 40E, 42E, 43E, and 46E through 49E).

**<u>Materials That You Have Been Sent with the Supplemental Ballot</u>**

You have been sent various materials to assist you in deciding how to vote on the Third Amended DCL Plan (collectively, the "<u>Resolicitation Package</u>").  In addition to the Supplemental Ballot, the Resolicitation Package contains the following:

- a copy of the Third Amended DCL Plan;

- a Supplemental Disclosure Document (the "<u>Supplemental Disclosure Document</u>") that describes the modifications to the Third Amended DCL Plan that have been made since the prior solicitation of votes on and elections under such Plan.  The Supplemental Disclosure Document has been approved by the Bankruptcy Court as a supplement to the previously-distributed Disclosure Documents[2] to provide information to the Holders of Claims against the Debtors for deciding how to vote on the Third Amended DCL Plan;

- notices respecting the hearing before the Bankruptcy Court to consider confirmation of the Third Amended DCL Plan; and

- a copy of the Resolicitation Order (without exhibits).  The Resolicitation Order contains important information regarding the process of voting on the Third Amended DCL Plan and how votes on and elections under the Third Amended DCL Plan will be tabulated.

**It is very important that you read all of the materials in the Resolicitation Package carefully in considering how you wish to vote on the Third Amended DCL Plan and whether you wish to make the elections called for under such Plan.  Your vote on and elections under the Third Amended DCL Plan are very important and may affect your rights and the treatment of your Claim.**

If you would like to receive additional copies of the Third Amended DCL Plan, the Supplemental Disclosure Document, or any other materials relating to the Third Amended DCL Plan, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting Epiq Bankruptcy Solutions, LLC (the "<u>Voting Agent</u>") at (888) 287-7568 or at tribunevote@epiqsystems.com.

**<u>Deadline for Returning Supplemental Ballots to the Voting Agent</u>**

You must complete, sign, and date your Supplemental Ballot and return it to the Voting Agent in the enclosed envelope so that it is **<u>actually</u> received** by the Voting Agent by no later than **<u>April 30, 2012 at 4:00 p.m. (Eastern Time)</u>** the ("<u>Supplemental Voting Deadline</u>").  If you do not return your Supplemental Ballot so that it is actually received by the Voting Agent by the Supplemental Voting Deadline, the votes reflected on your Supplemental Ballot will <u>not</u> be counted and the elections reflected on your Supplemental Ballot will <u>not</u> be valid.

---

[2] <u>See</u> General Disclosure Statement dated December 15, 2010 [Docket No. 7232] (the "<u>General Disclosure Statement</u>"), which contains a general description of (among other things) the Debtors, their respective businesses and their reorganization proceedings; (ii) the Specific Disclosure Statement Relating to First Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [Docket No. 7135] (the "<u>Specific Disclosure Statement</u>"), which contains a detailed description of (among other things) the provisions of the First Amended DCL Plan, including those provisions that are retained in the Third Amended DCL Plan; and (iii) the Explanatory Statement Relating to Modified Elections Under Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (as modified April 26, 2011) [Docket No. 8754] (the "<u>Explanatory Statement</u>"), which contains a description of (among other things) certain elections offered under the Second Amended DCL Plan (the General Disclosure Statement, the Specific Disclosure Statement, the Explanatory Statement, and the Supplemental Disclosure Document, collectively, the "<u>Disclosure Documents</u>").

## How to Complete Your Supplemental Ballot

The following are step-by-step instructions for how to complete your Supplemental Ballot for voting on the Third Amended DCL Plan and making the elections called for thereunder:

**ITEM 1:**        **Amount of Claim.**

Please certify the amount of your Claim as of March 22, 2012 (the "Supplemental Record Date"). By certifying the amount in Item 1, you are certifying that the party submitting the Supplemental Ballot is the Holder, as of the Supplemental Record Date, of a Claim in the aggregate unpaid amount set forth in Item 1 of the Supplemental Ballot.  The preprinted amount of the Claim set forth in Item 1 of the Supplemental Ballot will control for voting purposes.  If you do not agree with the amount preprinted on Item 1 of the Supplemental Ballot, please see "Questions Concerning Your Claim Amount" below.

**ITEM 1A:**        **Convenience Class Election (Optional).**

*Item 1A applies only to the Holders of Class 1F Other Parent Claims against Tribune Company. If your Supplemental Ballot does not relate to a Class 1F Other Parent Claim, your Supplemental Ballot will indicate that Item 1A has been "[Intentionally Omitted]."  If your Supplemental Ballot states "[Intentionally Omitted]" at Item 1A, please skip Item 1A and move on to Item 2 below.*

You should check this box if you are the Holder of a Class 1F Other Parent Claim and you wish to have that Claim treated as a Class 1G Convenience Claim.  If you make this election, your Class 1F Other Parent Claim will be reduced in amount to One Thousand Dollars ($1,000) under the Third Amended DCL Plan.  In addition, if you check the box in Item 1A, (a) such election is an irrevocable and legally binding obligation; (b) your Claim will receive treatment set forth in the Third Amended DCL Plan for Class 1G Convenience Claims instead of the treatment afforded to Class 1F Other Parent Claims; (c) your vote to accept or reject the Third Amended DCL Plan will not be counted; and (d) you will be deemed to grant the releases set forth in Section 11.2.2 of the Third Amended DCL Plan unless you elect not to grant such releases by checking the appropriate box on the Supplemental Ballot.

Holders of Other Parent Claims that elected to have their Claims treated as Convenience Claims as part of the solicitation process undertaken on prior versions of the Plan shall continue to have that treatment election recognized and such Holders will not be treated as Holders of Other Parent Claims for the purposes of resolicitation of the Third Amended DCL Plan.

**ITEM 2:**        **Vote to Accept or Reject the Third Amended DCL Plan.**

Please cast your vote to accept or reject the Third Amended DCL Plan by checking the applicable box in Item 2.  Please note that you must vote the entire amount of your Claim to accept or reject the Third Amended DCL Plan; in other words, you may not vote part of your Claim to accept and part of your Claim to reject the Third Amended DCL Plan.

If the Third Amended DCL Plan is confirmed by the Bankruptcy Court and becomes effective, it will be binding upon you whether or not you vote to accept or reject the Plan or abstain from voting on the Plan.

Please be aware that a vote to accept the Third Amended DCL Plan is a vote to grant the releases set forth in Section 11.2.2 of the Third Amended DCL Plan, unless you elect not to grant such releases by checking the applicable box on Item 3 of the Supplemental Ballot.  If you vote to reject the Third Amended DCL Plan, you may elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan by checking the applicable box on your Supplemental Ballot.  Section 11.2.2 of the Third Amended DCL Plan provides that each Person (a) that has voted to accept the Plan and has not opted out from granting the releases, (b) that has voted to reject the Plan but has opted to grant the releases, (c) that is deemed to accept the Plan and has been provided an opportunity but has not opted out of granting the releases, or (d) who otherwise agrees to provide the releases, shall be deemed to have

3

unconditionally released each and all of the Released Parties of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Documents or the Restructuring Transactions (as such terms are defined in the Third Amended DCL Plan), except as otherwise provided in Section 11.2.2 of the Third Amended DCL Plan.

A vote to accept the Third Amended DCL Plan is also (i) an acceptance of the compromise and settlement set forth in the Third Amended DCL Plan by and among the Guarantor Non-Debtors, on the one hand, and the holders of Loan Guaranty Claims, on the other hand (the "Guarantor Non-Debtor Release") and (ii) a grant of authority to the Loan Agents (as such term is defined in the Third Amended DCL Plan) to enter into any and all agreements and take any and all actions that such Loan Agents deem necessary or appropriate to effectuate the Guarantor Non-Debtor Release and all other terms of the Third Amended DCL Plan.  The Disclosure Documents and the Third Amended DCL Plan should be referenced for a complete description of all releases set forth therein.

Whether or not you vote to accept the Third Amended DCL Plan, if the Third Amended DCL Plan is confirmed by the Bankruptcy Court and the Effective Date occurs, the Guarantor Non-Debtor Release will be binding on you.

**ITEM 3:**        **Release Election (Optional).**

If you vote to accept the Third Amended DCL Plan, you are deemed to grant the releases in Section 11.2.2 of the Third Amended DCL Plan unless you affirmatively opt out of granting those releases.  If you vote to reject the Third Amended DCL Plan, you are deemed not to grant the releases in Section 11.2.2 of the Third Amended DCL Plan unless you affirmatively opt in to granting those releases. If you do not return a Supplemental Ballot, you are deemed not to grant the releases in Section 11.2.2 of the Third Amended DCL Plan unless you advise the Voting Agent in writing that you elect to grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan.

If you voted to accept the Third Amended DCL Plan but wish to opt out of granting the releases in Section 11.2.2 of the Third Amended DCL Plan, please check the box corresponding to that election in Item 3.  Similarly, if you vote to reject the Third Amended DCL Plan but wish to grant the releases in Section 11.2.2 of the Third Amended DCL Plan, please check the box corresponding to that election in Item 3.

If you either (i) vote to accept the Third Amended DCL Plan and do not check the box in Item 3 opting not to grant the Section 11.2.2 releases, or (ii) vote to reject the Third Amended DCL Plan and check the box in Item 3 opting to grant the Section 11.2.2 releases, you will have consented to the releases set forth in Section 11.2.2 of the Third Amended DCL Plan to the fullest extent permitted by applicable law.  **If you do <u>not</u> grant the releases contained in Section 11.2.2 of the Third Amended DCL Plan, you will <u>not</u> receive the benefit of the releases set forth in the Third Amended DCL Plan.**

**The Disclosure Documents and the Third Amended DCL Plan should be referenced for a complete description of all releases set forth therein.**

**ITEM 4:**        **Other Parent Claim Alternative Treatment Election.**

*Item 4 applies <u>only</u> to the Holders of Class 1F Other Parent Claims against Tribune Company.  If your Supplemental Ballot does not relate to a Class 1F Other Parent Claim, your Supplemental Ballot*

*will indicate that Item 4 has been "[Intentionally Omitted]."  If your Supplemental Ballot states"[Intentionally Omitted]" at Item 4, please skip Item 4 and move on to Item 6 below.*

The Third Amended DCL Plan gives the Holders of Class 1F Other Parent Claims the right to elect between four alternative treatments for purposes of distribution on account of Allowed Other Parent Claims, which are described in Section 3.2.6(c) of the Third Amended DCL Plan.  The alternative treatments provided for under Section 3.2.6(c) of the Third Amended DCL Plan are identical to those provided for under the prior version of such Plan, provided, however, that (i) Holders of Other Parent Claims will no longer receive a Pro Rata share of applicable Creditors' Trust Interests and (ii) the adjudication and/or resolution of certain Allocation Disputes (as defined in the Third Amended DCL Plan) could potentially affect the distributions to which the Holders of Other Parent Claims are entitled under the Third Amended DCL Plan.  Additional information regarding the Allocation Disputes can be found in Section 5.18 of and Exhibit 5.18 to the Third Amended DCL Plan, and the Supplemental Disclosure Document.

If you wish to receive the treatment set forth in Section 3.2.6(c)(i) of the Third Amended DCL Plan, please check the box in Item 4A.  If you wish to receive the treatment set forth in Section 3.2.6(c)(ii) of the Third Amended DCL Plan, please check the box in Item 4B.  If you wish to receive the treatment set forth in Section 3.2.6(c)(iii) of the Third Amended DCL Plan, please check the box in Item 4C.  **You may only select one treatment option.**  If you do not submit a Supplemental Ballot, or submit a Supplemental Ballot but do not check the box in Item 4, you will have consented to the treatment set forth in Section 3.2.6(c)(iv) of the Third Amended DCL Plan for your Class 1F Other Parent Claim.

**ITEM 5:**       **Other Parent Claim Alternative Recipient Designation For New Common Stock Distributions.**

*Item 5 applies only to the Holders of Class 1F Other Parent Claims against Tribune Company.  If your Supplemental Ballot does not relate to a Class 1F Other Parent Claim, your Supplemental Ballot will indicate that Item 5 has been "[Intentionally Omitted]."  If your Supplemental Ballot states"[Intentionally Omitted]" at Item 5 please skip Item 5 and move on to Item 6 below.*

Please complete Item 5 if you have elected to receive the alternative treatment in either Section 3.2.6(c)(ii) (Item 4B, above) or Section 3.2.6(c)(iii) (Item 4C, above), and you wish to designate one or more affiliates or other parties ("Designee(s)") to receive all or a portion of your distribution of New Common Stock under the Third Amended DCL Plan (the "Alternative Recipient Designation").  The Alternative Recipient Designation is voluntary; if you choose not to make an Alternative Recipient Designation, distributions of New Common Stock will be made to you accordance with the Third Amended DCL Plan.  (See Third Amended DCL Plan at § 7.2.3 (implementing Alternative Recipient Designation)).  You may allocate your distribution of New Common Stock between yourself and/or up to three (3) Designees.  List the names of the Designee(s) and the amount and percentage of your Other Parent Claim that should be distributed to each Designee.  If you make an Alternative Recipient Designation, your distribution will consist of the applicable amounts of New Senior Secured Term Loan, Distributable Cash, any New Common Stock for which you did not make an Alternative Recipient Designation, your Pro Rata share of Litigation Trust Interests (depending on which Alternative Treatment you select), and you and/or your Designee(s) will receive your corresponding distribution of New Common Stock in the percentage allocations set forth by you on Item 5 of your Supplemental Ballot.

**ITEM 6:**       **Certifications.**

Please review and complete the certifications in Item 6.  Your original signature is required on the Supplemental Ballot for your vote on and elections under the Third Amended DCL Plan to count.  In addition, in Item 6, if you are completing the Supplemental Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  You may be requested at a later time to provide proof of your authorization to so sign.  In addition, please provide your name and mailing

address if different from that set forth on the mailing label, or if no mailing label is attached to the Supplemental Ballot.

<u>**Returning Your Supplemental Ballot to the Voting Agent**</u>

Once you have completed your Supplemental Ballot in accordance with the foregoing instructions, please return the completed Supplemental Ballot to the Voting Agent at the appropriate address specified in your Supplemental Ballot so that the Supplemental Ballot is <u>actually</u> <u>received</u> by the Voting Agent before the Supplemental Voting Deadline.

**No Electronic Transmissions.**  Supplemental Ballots submitted by facsimile or other electronic transmission will <u>not</u> be counted.  In addition, please note that if your Supplemental Ballot is illegible or contains insufficient information to permit the identification of the Holder of the Claim, your Supplemental Ballot will <u>not</u> be counted.  Do <u>not</u> mail your Supplemental Ballots directly to the Debtors or to any of the Proponents of the Third Amended DCL Plan.

**No Withdrawal.**  After the Supplemental Voting Deadline, unless you obtain the prior consent of the Proponents of the Third Amended DCL Plan or Bankruptcy Court approval, you may not (i) withdraw or modify your Supplemental Ballot in any way, (ii) change your vote to accept or reject the Third Amended DCL Plan, or (iii) change your release or treatment elections (if applicable).

**Questions Concerning Your Claim Amount.**  If you disagree with the amount of your Claim set forth in Item 1 of the Supplemental Ballot, you may ask the Bankruptcy Court to allow your Claim solely for voting purposes in a different amount.  To have your Claim allowed solely for voting purposes under the Third Amended DCL Plan in a different amount, you must serve on the Proponents of the Third Amended DCL Plan (at the addresses listed on page 1 of the Third Amended DCL Plan) and file with the Bankruptcy Court, on or before **April 5, 2012**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (a "<u>3018 Motion</u>").

A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes only, and the evidence in support of your belief.  If you file a 3018 Motion by the deadline above, your Supplemental Ballot will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Supplemental Voting Deadline, or (b) if such an order has not been entered by the Supplemental Voting Deadline and unless the Proponents of the Third Amended DCL Plan have come to an agreement with you as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Supplemental Ballot or otherwise in accordance with the tabulation rules set forth in the Resolicitation Order.  **April 25, 2012, at 1:00 p.m. (Eastern Time)** has been established as the date and time for a hearing to consider any and all 3018 Motions.

**Additional Questions.**  If you have questions concerning the Supplemental Ballot or the procedures for voting on and making elections under the Third Amended DCL Plan, or if you need an additional Supplemental Ballot or additional copies of other materials in the Resolicitation Package, please contact the Voting Agent at 888-287-7568 or at <u>tribunevote@epiqsystems.com</u>.  The materials in the Resolicitation Package may also be obtained free of charge by visiting <u>http://chapter11.epiqsystems.com/tribune</u>.

**The Supplemental Ballot is Not a Proof of Claim or Interest.**  The Supplemental Ballot is not, and may not be deemed to be, (a) a proof of claim or equity interest or an assertion of a claim or equity interest, or (b) an admission by the Debtors or the other Proponents of the Third Amended DCL Plan of the nature, validity, or amount of any Claim, and does not signify that your Claim has been or will be Allowed.

EXHIBIT I

**Credit/Refund Notice**

Credit/Refund Notice – Third Amended DCL Plan

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## NOTICE TO HOLDERS OF CERTAIN CUSTOMER PROGRAM CLAIMS CONCERNING VOTING AND TREATMENT OF SUCH CLAIMS UNDER THE THIRD AMENDED DCL PLAN

1.     On February 20, 2012, the debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors"), the Official Committee of Unsecured Creditors, JPMorgan Chase Bank, N.A., Oaktree Capital Management, L.P., and Angelo, Gordon & Co., L.P. (collectively, the "Plan Proponents"), filed the Third Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (as may be amended or supplemented from time to time, the "Third Amended DCL Plan"). Capitalized terms not defined herein have the meanings given to them in the Third Amended DCL Plan.

2.     A hearing (the "Confirmation Hearing") will be held on **May 16, 2012 at 10:00 a.m. Eastern Time** before the Honorable Kevin J. Carey, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Fifth Floor, Courtroom No. 5, Wilmington, Delaware 19801, to consider confirmation of the Third Amended DCL Plan, and for such other and further relief as may be just. The Confirmation Hearing may be continued from time to time without further notice to creditors or other parties in interest, and the Third Amended DCL Plan may be modified, if necessary, in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and other applicable law, before, during, or as a result of the Confirmation Hearing, without further notice to creditors or other parties in interest.

3.     On March [23], 2012, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Resolicitation Order"), which, among other things, approved the Supplemental

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Disclosure Document with respect to the Third Amended DCL Plan and approved procedures for the resolicitation and tabulation of votes and/or elections under the Third Amended DCL Plan from certain Classes of creditors entitled to re-vote on and make new elections under such Plan.

4.    You have received this notice because the Debtors' books and records indicate that you may have a remaining subscription balance or advertising credit or other refund with one of the Debtors.  As a result, you may have a General Unsecured Claim against one of the Debtors and may be entitled to vote on the Third Amended DCL Plan.

5.    On December 10, 2008, the Court entered an order authorizing the Debtors, in their sole discretion and in the ordinary course of business, to honor and perform all obligations in respect to any Claim that arises from one of the Debtors' Customer Programs.[2]  Because the Debtors are authorized, but not required, to pay Customer Program Claims, and given the de minimis nature of the overwhelming majority of the Customer Program Claims and the Debtors' prior efforts to contact holders of Customer Program Claims, the Resolicitation Order provides that the Debtors are not required to distribute copies of materials other than this notice to holders of Customer Program Claims.  Accordingly, you will not receive copies of the Third Amended DCL Plan and the Supplemental Disclosure Document, nor will you receive a Ballot for voting on the Third Amended DCL Plan on account of any Customer Program Claims you may hold, unless you request them from the Debtors.

6.    If you would like to vote on the Third Amended DCL Plan, you may request copies of the Plan, the Supplemental Disclosure Document, and an appropriate Ballot by contacting the Voting Agent and requesting a Tribune Customer Program Voting Package.  You may make such a request in any of the following ways:  (i) by first-class mail addressed to Tribune Company Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5014, New York, NY 10150-5014; (ii) by personal delivery or overnight courier to Tribune Company Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, Third Floor, New York, NY 10017; (iii) by email at tribunevote@epiqsystems.com; or (iv) by telephone at (888) 287-7568.  You may also obtain copies of the Third Amended DCL Plan and the Supplemental Disclosure Document free of charge from the Debtors' website at http://chapter11.epiqsystems.com/tribune.  Any request from a Holder of a Customer Program Claim to vote on the Third Amended DCL Plan must be received on or prior to **[April 13], 2012 at 4:00 p.m. (Eastern Time)**.

7.    Because the Debtors have already been granted authority by the Court to continue their Customer Programs and to honor all of their obligations to Holders of Customer Program Claims, the Debtors reserve the right to satisfy—and thereby eliminate—your Customer Program Claim, in which case, you will not be entitled to vote on the Third Amended DCL Plan.

Dated:  March 23, 2012

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kenneth P. Kansa
Jillian K. Ludwig
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-0199
Facsimile:  (312) 853-7036

COLE SCHOTZ MEISEL FORMAN
& LEONARD, P.A.
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

Counsel for Debtors and Debtors In Possession

---

[2] The "Customer Programs" are described more fully in the Motion of the Debtors for an Order Authorizing, but not Requiring, the Debtors to Honor Certain Prepetition Obligations to Customers and to Otherwise Continue Prepetition Customer Programs and Practices in the Ordinary Course of Business (filed December 8, 2008, Docket No. 8).  Nothing contained herein shall constitute, nor shall it be construed as, a request to assume or adopt any executory contract with respect to any customer.  The Debtors expressly reserve all rights with respect to the continuation or cessation of any contract with any customer and the assumption, adoption, modification or rejection of any executory contract with any customer. Furthermore, the Debtors reserve the right to contest the amounts claimed to be due under any Customer Program, if any, by any customer in the ordinary course of business.

## EXHIBIT J

**Confirmation Hearing Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>TRIBUNE COMPANY, <u>et al.</u>,[1]<br><br>            Debtors. | Chapter 11<br>Case No. 08-13141 (KJC)<br>Jointly Administered |

## NOTICE OF HEARING TO CONSIDER CONFIRMATION OF THE THIRD AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES[2]

     **PLEASE TAKE NOTICE THAT**, on February 20, 2012, the debtors and debtors in possession in the above-captioned chapter 11 cases (the "<u>Debtors</u>"), the Official Committee of Unsecured Creditors, JPMorgan Chase Bank, N.A., Oaktree Capital Management, L.P., and Angelo, Gordon & Co., L.P. (collectively, the "<u>Plan Proponents</u>"), filed the Third Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (the "<u>Third Amended Plan</u>").  The Third Amended Plan modifies in certain respects the treatment to be received by certain creditors that were afforded under the Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries that was filed with the Bankruptcy Court on February 4, 2011 (as modified from time to time, the "<u>Second Amended Plan</u>").

     **PLEASE TAKE FURTHER NOTICE THAT**, on February 20, 2012, the Debtors filed with the Bankruptcy Court a Supplemental Disclosure Document (the "<u>Supplemental Disclosure Document</u>") that,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Third Amended Plan or the Resolicitation Order (as defined below).

in summary, describes and explains the modifications that have been made to the Third Amended Plan as compared to the Second Amended Plan.

**PLEASE TAKE FURTHER NOTICE THAT**, on March [●], 2012, the Bankruptcy Court entered an order (the "Resolicitation Order") [D.I. ●] that, among other things, (i) approved the Supplemental Disclosure Document; (ii) approved procedures for the resolicitation and tabulation of votes on and/or elections under the Third Amended Plan from certain Revoting Classes (as defined below); (iii) affirmed that votes cast and elections made by non-Revoting Classes under the Second Amended Plan will continue to be counted as votes and elections under the Third Amended Plan; and (iv) scheduled the hearing to consider confirmation of the Third Amended Plan (the "Confirmation Hearing") and established certain key dates and deadlines in respect thereof.

**Pursuant to the Resolicitation Order, the votes and elections of Holders of (i) Senior Loan Claims and Senior Guaranty Claims, (ii) Bridge Loan Claims, (iii) Senior Noteholder Claims, (iv) Other Parent Claims, (v) EGI-TRB LLC Notes Claims, and (vi) PHONES Notes Claims are being solicited on the Third Amended Plan, as are the votes and elections of Holders of a limited number of General Unsecured Claims against certain Subsidiary Debtors (collectively, the "Revoting Classes"). The votes and elections of all other Holders of Claims on the Second Amended Plan will be counted as votes on and elections under the Third Amended Plan as well. Information provided in the Resolicitation Order will allow all creditors to determine whether any action is necessary on their part regarding a vote to accept or reject the Third Amended Plan.**

**PLEASE TAKE FURTHER NOTICE THAT:**

1.    The Confirmation Hearing will commence on **May 16, 2012 at 10:00 a.m. (Eastern Time)** before the Honorable Kevin J. Carey, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Fifth Floor, Courtroom No. 5, Wilmington, Delaware 19801, to consider confirmation of the Third Amended Plan. The Confirmation Hearing may be continued from time to time without further notice to creditors or other parties in interest, and the Plan may be modified, if necessary, in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and other applicable law, before, during, or as a result of the Confirmation Hearing, without further notice to creditors or other parties in interest.

2.    The Court has established **April 30, 2012 at 4:00 p.m. (Eastern Time)** as the date and time by which votes to accept or reject the Third Amended Plan must be submitted by Holders of Claims in the Revoting Classes (the "Supplemental Voting Deadline"). This notice has been approved by the Court pursuant to the Resolicitation Order in order to provide interested parties, such as Holders of Claims against and Interests in the Debtors, with information concerning the process by which the Debtors will seek the necessary approvals of the Third Amended Plan.

## Objections to Confirmation of the Third Amended Plan

3.    Under the Resolicitation Order, objections, if any, to confirmation of the Third Amended Plan must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim or interest of such party; (c) state with particularity the legal and factual basis and nature of any objection to the Third Amended Plan; and (d) be filed with the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Third Floor, Wilmington, Delaware 19801 together with proof of service, and served so as to be **RECEIVED on or before 11:59 p.m. (Eastern Time) on April 30, 2012** by the following: (i) Sidley Austin LLP, One South Dearborn Street, Chicago, IL 60603, Facsimile (312) 853-7036, Attn: Jessica C.K. Boelter; (ii) Cole, Schotz, Meisel, Forman & Leonard, P.A., 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801, Facsimile (302) 652-3117, Attn: J. Kate Stickles; (iii) Chadbourne & Parke, LLP, 30 Rockefeller Plaza, New York, NY 10112, Facsimile (212) 408-5100, Attn: Douglas E. Deutsch; and (iv) Landis, Rath & Cobb, LLP, 919 Market Street, Suite 1800, Wilmington, DE 19801, Facsimile (302) 467-4450, Attn: Adam G. Landis; (v) Zuckerman Spaeder LLP, 1800 M Street, N.W., Suite 1000, Washington, DC 20036, Facsimile: (202) 822-8106; (vi) Dewey & LeBoeuf LLP, 333 South Grand Avenue, Suite 2600, Los Angeles, CA 90071, Facsimile (213) 621-6100,

Attn: Bruce Bennett; (vii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Facsimile (302) 571-1253, Attn: Robert S. Brady; (viii) Wilmer Cutler Pickering Hale & Dorr LLP, 399 Park Avenue, New York, New York 10022, Facsimile (212) 230-8888, Attn: Andrew Goldman, (ix) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017, Facsimile (212) 701-5800, Attn: Donald S. Bernstein; (x) Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, DE 19801, Facsimile (312) 651-7701, Attn: Mark D. Collins; and (xi) The Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lock Box 35, Wilmington, Delaware 19801, Facsimile (302) 573-6497, Attn: David A. Klauder.  Objections not timely filed and served in such manner set forth in the Resolicitation Order may not be considered by the Bankruptcy Court.

4.  **If you filed an objection to the Second Amended Plan and wish to object to confirmation of the Third Amended Plan, you must re-submit that objection as described in this Notice after the date of this Notice.  Objections to the Second Amended Plan will not be automatically considered as objections to the Third Amended Plan.**

**Additional Information About the Third Amended Plan**

5.  The Supplemental Disclosure Document, the Third Amended Plan, and the Resolicitation Order are on file with the Clerk of the Bankruptcy Court, Third Floor, 824 Market Street, Wilmington, Delaware 19801 and may be examined by parties in interest by visiting the Office of the Clerk of the Bankruptcy Court during business hours.  In addition, any party in interest wishing to obtain copies of the Supplemental Disclosure Document, the Third Amended Plan, the Resolicitation Order, or other information about the solicitation procedures may request such information by contacting the Voting Agent (i) by first-class mail addressed to: Tribune Company Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, PO Box 5014, New York, NY 10150-5014; (ii) by personal delivery or overnight courier to: Tribune Company Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, Third Floor, New York, NY 10017; or (iii) by telephoning the Voting Agent at (888) 287-7568.  Copies of the Supplemental Disclosure Document, the Third Amended Plan, and the Resolicitation Order are also available on the Internet free of charge at http://chapter11.epiqsystems.com/tribune.

6.  **The Third Amended Plan contains various releases, including certain releases that will be granted by Holders of Claims and Interests unless such Holders vote to reject the Third Amended Plan and do not elect to grant such releases.  The provisions are contained in Section 11.2.2 of the Third Amended Plan, and you are encouraged to read those provisions carefully in connection with any vote you may cast to accept or reject the Third Amended Plan.**

Dated: March [●], 2012

SIDLEY AUSTIN LLP                           COLE, SCHOTZ, MEISEL, FORMAN
James F. Conlan                             & LEONARD, P.A.
Bryan Krakauer                              Norman L. Pernick (No. 2290)
Kevin T. Lantry                             J. Kate Stickles (No. 2917)
Jessica C.K. Boelter                        Patrick J. Reilley (No. 4451)
One South Dearborn Street                   500 Delaware Avenue, Suite 1410
Chicago, IL  60603                          Wilmington, DE  19801
Fax: (312) 853-7036                         Fax: (302) 652-3117

*Counsel for Debtors and Debtors In Possession and Certain Non-Debtor Affiliates*

EXHIBIT K

**Publication Notice**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

TRIBUNE COMPANY, et al.,

Debtors.

Chapter 11

Case No. 08-13141 (KJC)

Jointly Administered

| | | |
|---|---|---|
| Tribune Company | KPLR, Inc. | Towering T Music Publishing Company |
| 435 Production Company | KSWB Inc. | Tribune Broadcast Holdings, Inc. |
| 5800 Sunset Productions Inc. | KTLA Inc. | Tribune Broadcasting Company |
| Baltimore Newspaper Networks, Inc. | KWGN Inc. | Tribune Broadcasting Holdco, LLC |
| California Community News Corp. | Los Angeles Times Communications LLC | Tribune Broadcasting News Network, Inc., n/k/a |
| Candle Holdings Corporation | Los Angeles Times International, Inc. | Tribune Washington Bureau Inc. |
| Channel 20, Inc. | Los Angeles Times Newspapers, Inc. | Tribune California Properties, Inc. |
| Channel 39, Inc. | Magic T Music Publishing Company | Tribune CNLBC, LLC f/k/a Chicago National |
| Channel 40, Inc. | NBBF, LLC | League Ball Club, LLC |
| Chicago Avenue Construction Company | Neocomm, Inc. | Tribune Direct Marketing, Inc. |
| Chicago River Production Company | New Mass. Media, Inc. | Tribune Entertainment Company |
| Chicago Tribune Company | Newscom Services, Inc. | Tribune Entertainment Production Co. |
| Chicago Tribune Newspapers, Inc. | Newspaper Readers Agency, Inc. | Tribune Finance, LLC |
| Chicago Tribune Press Service, Inc. | North Michigan Production Company | Tribune Finance Service Center, Inc. |
| ChicagoLand Microwave Licensee, Inc. | North Orange Avenue Properties, Inc. | Tribune License, Inc. |
| Chicagoland Publishing Company | Oak Brook Productions, Inc. | Tribune Los Angeles, Inc. |
| Chicagoland Television News, Inc. | Orlando Sentinel Communications Co. | Tribune Manhattan Newspaper Hldgs, Inc. |
| Courant Specialty Products, Inc. (9221); | Patuxent Publishing Company | Tribune Media Net, Inc. |
| Direct Mail Associates, Inc. | Publishers Forest Products Co. of Wash. | Tribune Media Services, Inc. |
| Distribution Systems of America, Inc. | Sentinel Communications News Ventures, Inc. | Tribune Network Holdings Company |
| Eagle New Media Investments, LLC | Shepard's Inc. | Tribune New York Newspaper Hldgs, LLC |
| Eagle Publishing Investments, LLC | Signs of Distinction, Inc. | Tribune NM, Inc. |
| forsalebyowner.com corp. | Southern Connecticut Newspapers, Inc. | Tribune Publishing Company |
| ForSaleByOwner.com Referral Serv, LLC | Star Community Publishing Group, LLC | Tribune Television Company |
| Fortify Holdings Corporation | Stemweb, Inc. | Tribune Television Holdings, Inc. |
| Forum Publishing Group, Inc. | Sun-Sentinel Company | Tribune Television New Orleans, Inc. |
| Gold Coast Publications, Inc. | The Baltimore Sun Company | Tribune Television Northwest, Inc. |
| GreenCo, Inc. | The Daily Press, Inc. | ValuMail, Inc. |
| Heart & Crown Advertising, Inc. | The Hartford Courant Company | Virginia Community Shoppers, LLC |
| Homeowners Realty, Inc. | The Morning Call, Inc. | Virginia Gazette Companies, LLC |
| Homestead Publishing Co. | The Other Company LLC | WATL, LLC |
| Hoy, LLC | Times Mirror Land and Timber Company | WCCT, Inc. f/k/a WTXX Inc. |
| Hoy Publications, LLC | Times Mirror Payroll Processing Co., Inc. | WCWN LLC |
| InsertCo, Inc. | Times Mirror Services Company, Inc. | WDCW Broadcasting, Inc. |
| Internet Foreclosure Service, Inc. | TMLH 2, Inc. | WGN Continental Broadcasting Company |
| JuliusAir Company, LLC | TMLS I, Inc. | WLVI Inc. |
| JuliusAir Company II, LLC; | TMS Entertainment Guides, Inc. | WPIX, Inc. |
| KIAH Inc. | Tower Distribution Company | |

## NOTICE OF HEARING TO CONSIDER CONFIRMATION OF THIRD AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES AND VOTING AND OBJECTION DEADLINES RELATING TO THE PLAN

**PLEASE TAKE NOTICE THAT** on February 20, 2012, the Debtors in the above-referenced chapter 11 cases filed the Third Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (as may be amended, the "Plan") and the Supplemental Disclosure Document related to the Plan (as may be amended, the "Supplemental Disclosure Document"). Capitalized terms not defined in this notice have the meanings given to them in the Plan.

**PLEASE TAKE FURTHER NOTICE THAT:**

1. The deadline for voting to accept or reject the Plan is **4:00 p.m. Eastern Time on April 30, 2012**, unless such time is extended. Objections to the Plan must comply with the Resolicitation Order and be filed by **11:59 p.m. Eastern Time on April 30, 2012**. A hearing to consider confirmation of the Plan will be held on **May 16, 2012 at 10:00 a.m. Eastern Time**, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Fifth Floor, Courtroom No. 5, Wilmington, Delaware 19801. That hearing may be continued from time to time without further notice.

2. On March [●], 2012, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Resolicitation Order") approving the Supplemental Disclosure Document

and the procedures for providing notice to parties in interest of the Plan and the hearing to confirm the Plan, and approving procedures for resoliciting votes on and elections under the Plan.

    3.  The scope of resolicitation of the Plan is limited to Holders of Claims in the following Classes:  Senior Loan Claims and Senior Guaranty Claims (Classes 1C and 50C-111C), Bridge Loan Claims (Class 1D), Senior Noteholder Claims (Class 1E), Other Parent Claims (Class 1F), EGI-TRB LLC Notes Claims (Class 1I), PHONES Notes Claims (Class 1J), and thirty-six (36) Classes of General Unsecured Claims against Non-Guarantor Debtors for which no Holders voted to accept or reject the Plan in the prior solicitation process (Classes 2E, 4E through 7E, 10E, 12E through 15E, 18E through 20E, 22E through 29E, 31E through 38E, 40E, 42E, 43E, and 46E through 49E).

    4.  Any party in interest wishing to obtain copies of the Supplemental Disclosure Document, the Plan, the Resolicitation Order or other information about the resolicitation procedures, or with questions about their ballot, or inquiries on obtaining a ballot, may request such information or materials by contacting the Voting Agent (i) by first-class mail addressed to Tribune Company Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, PO Box 5014, New York, NY 10150-5014; (ii) by personal delivery or overnight courier to Tribune Company Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, Third Floor, New York, NY 10017; or (iii) by telephone at (888) 287-7568.  Copies of the Supplemental Disclosure Document, the Plan and the Resolicitation Order, as well as additional information concerning the matters described in this notice, are also available on the Internet free of charge at http://chapter11.epiqsystems.com/tribune.

Dated:  March [●], 2012

| | |
|---|---|
| SIDLEY AUSTIN LLP | COLE SCHOTZ MEISEL FORMAN |
| James F. Conlan, Bryan Krakauer, | & LEONARD, P.A. |
| Kenneth P. Kansa, Jessica C.K. Boelter, | Norman L. Pernick (No. 2290), J. Kate Stickles (No. |
| One South Dearborn Street, Chicago, | 2917), Patrick J. Reilley (No. 4451), 500 Delaware |
| Illinois 60603, Tele:  (312) 853-0199, | Avenue, Suite 1410, Wilmington, Delaware 19201, |
| Fax:  (312) 853-7036 | Tele:  (302) 652-3131, Fax:  (302) 652-3117 |

Counsel for Debtors and Debtors In Possession