## EXHIBIT D

**BLACK-LINE REVISED ORDER**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Related to Docket No. ——10964, 11102, 11104, 11119 and ——— |

### ORDER SUSTAINING DEBTORS' FIFTY-FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003 AND 3007, AND LOCAL RULE 3007-1

Upon consideration of the Debtors' Fifty-First Omnibus (Substantive) Objection

to Claims (the "Objection"), by which the Debtors[2] request entry of an order pursuant to section

502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (1471); KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used, but not defined herein, shall have the meanings ascribed to them in the Objection.

disallowing, reducing, reassigning, changing the priority of and/or changing the classification of the Disputed Claims set forth on <u>Exhibit A</u>, <u>Exhibit B</u>, <u>Exhibit C</u>, <u>Exhibit D</u>, <u>Exhibit E</u>, <u>Exhibit F</u>, and <u>Exhibit G</u> attached hereto; and upon consideration of the Rodden Declaration; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and due and adequate notice of this Objection having been given under the circumstances; and sufficient cause appearing therefor; it is hereby

ORDERED, that the Objection is sustained <u>as modified herein</u>; and it is further

ORDERED, that the No Liability Claims set forth on the attached <u>Exhibit A</u> are hereby disallowed and expunged in their entirety; and it is further

ORDERED, that the Substantive Duplicate Claims set forth on the attached <u>Exhibit B</u> are hereby disallowed and expunged in their entirety; and it is further

ORDERED, that the value of each of the Modified Amount Claims set forth on the attached <u>Exhibit C</u> is hereby fixed and allowed at the dollar value listed under the column heading "Modified Amount;" and it is further

ORDERED, that the value of each of the Modified Amount, Modified Debtor Claims set forth on the attached <u>Exhibit D</u> is hereby fixed and allowed at the dollar value listed under the column heading "Modified Claim Amount" and such claims are reassigned to the Debtor specified under the column heading "Modified Debtor;" and it is further

ORDERED, that the value of the Modified Amount, Modified Priority Claim set forth on the attached <u>Exhibit E</u> is hereby fixed and allowed at the dollar value listed under the column heading "Modified Amount" and the priority of such claim is modified to the priority as indicated under the column heading "Modified Priority Status;" and it is further

ORDERED, that the priority of each of the Modified Priority, Modified Debtor Claims set forth on the attached Exhibit F is hereby modified to the priority as indicated under the column heading "Modified Priority Status" and such claims are reassigned to the Debtor specified under the column heading "Modified Debtor;" and it is further

ORDERED, that the value of the Modified Amount, Modified Priority, Reclassified Claim set forth on the attached Exhibit G is hereby fixed and allowed at the dollar value listed under the column heading "Modified Amount," the priority of such claim is modified to the priority as indicated under the column heading "Modified Priority Status;" and such claim is reclassified from secured to unsecured as indicated under the column heading "Modified Priority Status;" and it is further

ORDERED, that the Claims Agent is authorized to modify the Claims Register to comport with the entry of this Order; and it is further

ORDERED, that solely with respect to the Debtors' Objections to Claim Nos. 341 and 775 of Avaya Inc. and Claim No. 625 of Riverside Claims LLC (Thompson), the Objection (and applicable responsive pleading deadlines) are adjourned to the next omnibus hearing date scheduled in these chapter 11 cases, being April 25, 2012 at 1:00 p.m. (prevailing Eastern Time), or such other date and time as the Court directs or the parties consent, and the parties reserve all rights with respect to such Claims and the Objections thereto; and it is further

ORDERED, that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims or rights arising from or related to the implementation and interpretation of this Order.

Dated: Wilmington, Delaware

_____, 2012

_____
The Honorable Kevin J. Carey
United States Bankruptcy Judge

# EXHIBIT A

## No Liability Claims

TRIBUNE COMPANY, ET AL.

OMNIBUS OBJECTION 51: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | AMMERDALE TRUST C/O DAVID KISSI PO BOX 77878 ONE MASSACHUSETTS AVE NE WASHINGTON, DC 20013 | 08-13141 | Tribune Company | 02/13/2009 | 940 | Undetermined | No liability for this claim is reflected in Debtors' book and records, as set forth in detail in paragraphs 15-17 of the objection. |
| 2 | AVAYA INC. C/O RMS BANKRUPTCY SERVICES PO BOX 5126 TIMONIUM, MD 21094 | 08-13208 | Sun-Sentinel Company | 02/02/2009 | 341 | $21,669.79 | Claim is for liability related to charges after accounts had been properly terminated by Debtor. No liability owed to claimant per Debtors' books and records. |
| 3 | AVAYA INC. C/O RMS BANKRUPTCY SERVICES PO BOX 5126 TIMONIUM, MD 21094 | 08-13208 | Sun-Sentinel Company | 03/19/2009 | 775 | $96,344.28 | Claim is for liability related to charges after accounts had been properly terminated by Debtor. No liability owed to claimant per Debtors' books and records. |
| 4 | HEIMBERG, ERIC 6233 S MAJOR CHICAGO, IL 60638 | 08-13141 | Tribune Company | 06/10/2009 | 4421 | $5,347.20 | Claim asserted for vacation pay in excess of amount to which claimant is entitled to receive under Chicago Tribune Company's vacation pay policy in effect at the time services were performed.[1] Neither Chicago Tribune Company's nor Tribune Company's books and records show that any amounts were due to creditor as of the Petition Date. |
| 5 | HOWARD COUNTY, MARYLAND HOWARD COUNTY OFFICE OF LAW - MARGARET ANN NOLAN, ESQ, CAMELA J. SANDMANN, ESQ. 3430 COURTHOUSE DRIVE ELLICOTT CITY, MD 21043 | 08-13141 | Tribune Company | 03/03/2011 | 6709 | $511.99 | Claim is for late penalty charges. Payment for tax liability in 2010 was released on 10/28/2011 in check number 0002628584. Tax liability was due on or before 10/30/2011. There is no liability related to this claim. |

[1] A copy of the applicable Chicago Tribune Company vacation pay policy is available upon request to the Debtors.

TRIBUNE COMPANY, ET AL.

OMNIBUS OBJECTION 51: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 6 | HUYNH, HOI T. 2642 N. DRAKE STREET CHICAGO, IL 60647-1210 | 08-13252 | WGN Continental Broadcasting Company | 10/12/2010 | 6662 | Undetermined | No liability for this claim is reflected in Debtors' book and records, as set forth in detail in paragraphs 18-19 of the objection. In addition, this claim was filed after the Bar Date. |
| 7 | JACOBSEN, CLARICE 5623 N OLCOTT CHICAGO, IL 60631 | 08-13141 | Tribune Company | 05/04/2009 | 2333 | Undetermined | Claim is asserted on account of an alleged injury sustained by claimant's now-deceased spouse in 1976, while working for the Debtor. Claim states that no claim was filed at the time of the alleged injury and no receipts are in existence. The statute of limitations for personal injury claims under Illinois law is two (2) years from the date of the accident. The statute of limitations for workers' compensation claims under Illinois law is three (3) years from the date of the accident or two (2) years from the date of the last payment of benefits. Accordingly, any claim for recovery on account of an injury sustained in 1976 would be time-barred. |
| 8 | KISSI, DAVID PO BOX 77878 ONE MASSACHUSETTS AVE NE WASHINGTON, DC 20013 | 08-13141 | Tribune Company | 04/22/2009 | 1334 | Undetermined | No liability for this claim is reflected in Debtors' book and records, as set forth in detail in paragraphs 15-17 of the objection. |
| 9 | OFFICEMAX ATTN: CREDIT 263 SHUMAN BLVD NAPERVILLE, IL 60563-1255 | 09-13496 | Tribune CNLBC, LLC | 10/19/2009 | 6335 | $5,047.64 | No liability owed to claimant per Debtors' books and records. Claimant included credit amount that was applied to the outstanding balance in account number 0677108. |

TRIBUNE COMPANY, ET AL.

OMNIBUS OBJECTION 51: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 10 | OKLAHOMA TAX COMMISSION BANKRUPTCY SECTION GENERAL COUNSEL'S OFFICE 120 N. ROBINSON, SUITE 2000 OKLAHOMA CITY, OK 73102-7471 | 08-13203 | Shepard's Inc. | 02/23/2009 | 586 | $2,479.00 | The Claim should be disallowed as it is time-barred by the applicable statute of limitations. The Tax Commission has provided insufficient documentation to justify its assessment of taxes on the Debtor from the time period of October through December of 1996 when the applicable statute of limitations, found in 68 Okl. St. § 223, states that, with exceptions not applicable here, no tax assessment shall be made after the expiration of three years from the date the return was required to be filed or the date the return was filed, whichever period expires later. See also El Paso Natural Gas Co. v. Oklahoma Tax Comm'n, 929 P.2d 1002, 1006 (Okla. Ct. App. 1996). |
| 11 | TWTR, INC., ET AL. C/O A-S-K FINANCIAL LLP 2600 EAGAN WOODS DRIVE, SUITE 400 EAGAN, MN 55121 | 08-13141 | Tribune Company | 12/30/2008 | 188 | $13,532.00 | No liability for this claim is reflected in Debtors' book and records, as set forth in detail in paragraphs 20-21 of the objection. |
| 12 | TWTR, INC., ET AL. C/O A-S-K FINANCIAL LLP 2600 EAGAN WOODS DRIVE, SUITE 400 EAGAN, MN 55121 | 08-13241 | Tribune Television Company | 12/30/2008 | 189 | $13,532.00 | No liability for this claim is reflected in Debtors' book and records, as set forth in detail in paragraphs 20-21 of the objection. |
| 13 | TWTR, INC., ET AL. C/O A-S-K FINANCIAL LLP 2600 EAGAN WOODS DRIVE, SUITE 400 EAGAN, MN 55121 | 08-13209 | The Baltimore Sun Company | 12/30/2008 | 190 | $10,000.00 | No liability for this claim is reflected in Debtors' book and records, as set forth in detail in paragraphs 20-21 of the objection. |
| 14 | TWTR, INC., ET AL. C/O A-S-K FINANCIAL LLP 2600 EAGAN WOODS DRIVE, SUITE 400 EAGAN, MN 55121 | 08-13209 | The Baltimore Sun Company | 12/30/2008 | 191 | $10,000.00 | No liability for this claim is reflected in Debtors' book and records, as set forth in detail in paragraphs 20-21 of the objection. |

TRIBUNE COMPANY, ET AL.

OMNIBUS OBJECTION 51: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 15 | WHITEHALL JEWELERS HOLDINGS, INC., ET AL. C/O ASK FINANCIAL LLP 2600 EAGAN WOODS DRIVE, SUITE 400 EAGAN, MN 55121 | 08-13141 | Tribune Company | 07/17/2009 | 6124 | $29,470.89 | No liability for this claim is reflected in Debtors' book and records, as set forth in detail in paragraphs 20-21 of the objection. |
| | | | | TOTAL | | ~~$206,934.79~~ $89,920.72 | |

# EXHIBIT B

## Substantive Duplicate Claims

# EXHIBIT C

## Modified Amount Claims

# EXHIBIT D

**Modified Amount, Modified Debtor Claims**

TRIBUNE COMPANY, ET AL.

OMNIBUS OBJECTION 51: EXHIBIT D - MODIFIED AMOUNT, MODIFIED DEBTOR CLAIMS

| NAME | CLAIM # | ASSERTED DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED AMOUNT | REASON FOR MODIFICATION |
|---|---|---|---|---|---|---|---|
| 1 HOLLAND & KNIGHT LLP<br>1 EAST BROWARD BLVD, STE 1300<br>FORT LAUDERDALE, FL 33301 | 2260 | Tribune Company | Unsecured | $6,849.12 | Orlando Sentinel Communications Company | $2,881.15 | Claim previously satisfied in part.^ Modified amount reflects Debtors' books and records. In addition, claim reduced by invoices for liabilities not owned by Debtor. |
| 2 LONGACRE OPPORTUNITY FUND, LI<br>TRANSFEROR: SPR INC<br>ATTN: VLADIMIR JELISAVCIC<br>810 SEVENTH AVENUE, 33RD FLOOR<br>NEW YORK, NY 10019 | 2366 | Tribune Publishing Company | Unsecured | $57,650.50 | Tribune Company | $50,000.00 | Claim reduced to disallow amounts for certain services that were invoiced to Debtor, but for which no timesheets were submitted to Debtor in support of the invoices.  Claimant has not provided any evidence that the portion of the claim proposed to be disallowed by this Objection relates to services actually rendered and Debtors' books and records do not reflect work was performed. |
| 3 ~~RIVERSIDE CLAIMS LLC~~<br>~~TRANSFEROR: THOMSON INC DBA~~<br>~~GRASS VALLEY~~<br>~~POST OFFICE BOX 626~~<br>PLANETARIUM STATION<br>~~NEW YORK, NY 10024~~ | 625 | ~~No Debtor Asserted~~ | Unsecured | $99,243.52 | ~~Channel 40, Inc.~~<br>~~Tribune Television Company~~<br>~~Tribune Television Holdings, Inc.~~<br>~~Tribune Television Northwest, Inc.~~<br>~~WPIX, Inc.~~<br><br>~~Sub-Total~~ | ~~$5,120.35~~<br>~~$12,270.00~~<br>~~$373.00~~<br>~~$44,386.36~~<br>~~$16,453.89~~<br><br>~~$78,603.60~~ | ~~Tribune Television Company is entitled to a $20,839.92 tax exemption on account of WTXX, and therefore the charge is not properly passed through to the Debtor by the vendor. In addition, the Debtors provided tax exemption certificates to the vendor at the vendor's request.~~ |
| | | | **TOTAL** | $163,743.14<br>$64,499.62 | | $131,284.75<br>$52,881.15 | |

^ - Documentation supporting payments is available upon request to Debtors.

# EXHIBIT E

## Modified Amount, Modified Priority Claim

# EXHIBIT F

**Modified Priority, Modified Debtor Claims**

Tribune Company, et al.

Omnibus Objection 51: Exhibit F - Modified Priority, Modified Debtor Claims

| | | ASSERTED | | | | | | | MODIFIED | |
|---|---|---|---|---|---|---|---|---|---|---|
| NAME | CLAIM # | DEBTOR | CLASS | AMOUNT | | DEBTOR | PRIORITY STATUS | AMOUNT | REASON FOR MODIFICATION | |
| 1 CHANSKY, KATHERINE M. 12001 FALCON RIDGE WAY NORTHRIDGE, CA 91326 | ~~3251~~ | ~~Tribune Company~~ | ~~Priority~~ | ~~$134.00~~ | | ~~Los Angeles Times Communications LLC~~ | ~~Unsecured~~ | ~~$134.00~~ | ~~Claim asserted priority under 11 U.S.C. § 507 (a)(7). Claimant's supporting documentation and Debtors' books and records provide no basis for priority.~~ | |
| 2 TOWN OF GRIFFITH 111 N. BROAD ST. GRIFFITH, IN 46319-2294 | 2855 | No Debtor Asserted | 503(b)(9) | $173.07 | | Chicago Tribune Company | Unsecured | $173.07 | Claim included services or other non-goods. | |
| | | | TOTAL | ~~$307.07~~ $173.07 | | | TOTAL | ~~$307.07~~ $173.07 | | |

# EXHIBIT G

**Modified Amount, Modified Priority, Reclassified Claim**