## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| TRIBUNE COMPANY,<br>        Plaintiff,<br><br>            vs.<br><br>DAN NEIL, et al.<br>        Defendants. | Adv. Pro. No. 09-50445 (KJC) |
| THE OFFICIAL COMMITTEE OF<br>UNSECURED CREDITORS OF TRIBUNE<br>COMPANY, on behalf of TRIBUNE<br>COMPANY, et al.,<br>        Plaintiff,<br>vs.<br><br>See Attached Exhibit A,<br>        Defendants. | Adv. Pro. Nos. Various (KJC) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF TRIBUNE
COMPANY, et al.,
       Plaintiff,

vs.

JPMORGAN CHASE BANK, N.A., et al.,
       Defendants.

Adv. Pro. No. 10-53963 (KJC)

## NOTICE OF AGENDA OF MATTERS
## SCHEDULED FOR HEARING ON MARCH 22, 2012 AT 2:30 P.M.
## BEFORE THE HONORABLE KEVIN J. CAREY

Any party who wishes to participate in the hearing via telephone must contact
CourtCall by telephone (866-582-6878) or by facsimile (866-533-2946)
no later than 12:00 p.m. one business day prior to the hearing.

## CONTINUED MATTERS

1.   Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section
     502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-
     1 (Filed November 13, 2009) (Docket No. 2561)

     Response Deadline:  December 8, 2009 at 4:00 p.m.

     Responses Received:

         (a)   Response by Robby S. Wells to Debtors' Tenth Omnibus (Non-
           Substantive) Objection to Claims (Filed December 4, 2009) (Docket No.
           2744)

         (b)   Letter from Robert Wells with copy of Hauling Agreement (Received
           February 17, 2011) (Not Docketed)

         (c)   Informal Response received from GE Capital Fleet Services

     Related Documents:

         (a)   Notice of Submission of Proofs of Claim Regarding Debtors' Tenth
           Omnibus (Non-Substantive) Objection to Claims Pursuant to Section
           502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and
           Local Rule 3007-1 (Filed December 1, 2009) (Docket No. 2685)

         (b)   Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to
           Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy
           Rules 3003 and 3007, and Local Rule 3007-1 (Entered January 5, 2010)
           (Docket No. 3011)

(c)    Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims as Relates to Claim No. 5606 of Personal Plus, Inc. Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered February 24, 2010) (Docket No. 3526)

(d)    Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims as Relates to Claim No. 1332 of Karolyn Walker Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered December 22, 2010) (Docket No. 7274)

Status:    The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection, and with respect to Claim No. 5606 of Personal Plus, Inc. and Claim No. 1332 of Karolyn M. Walker. The Objection was withdrawn with respect to Claim No. 501 of Chris Parker and Claim No. 2998 of Marc Silver. The hearing on the claims of GE Capital Fleet Services and Robby S. Wells is adjourned to the April 25, 2012 hearing. This matter will not be going forward.

2.    Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed April 16, 2010) (Docket No. 4091)

Response Deadline: May 11, 2010 at 4:00 p.m.

Responses Received:

(a)    Response by Marbury L. von Briesen (Filed May 12, 2010) (Docket No. 4349)

(b)    Response by Herbert E. Eye (Filed May 12, 2010) (Docket No. 4350)

(c)    Response by Herbert E. Eye (Filed May 14, 2010) (Docket No. 4394)

(d)    Supplemental Response by Marbury L. von Briesen (Filed July 15, 2010) (Docket No. 5016)

Related Documents:

(a)    Notice of Submission of Proofs of Claim Regarding Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed May 4, 2010) (Docket No. 4230)

(b)    Order Sustaining Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered May 14, 2010) (Docket No. 4406)

(c)     Order Approving (I) Stipulation Between the Debtors and CNN Newsource Sales, Inc. Regarding Allowance of Claims and (II) Partial Withdrawal of Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims as It Relates to Claim No. 4863 of CNN Newsource Sales, Inc. (Entered October 28, 2010) (Docket No. 6158)

(d)     Order Approving Stipulation Between Certain of the Debtors and Oracle Corporation Oracle America, Inc., as Successor-By-Merger to Sun Microsystems, Inc., Regarding (I) Resolution of Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims as it Relates to the Claims of Oracle and (II) Allowance of Certain Prepetition Claims of Oracle (Entered November 23, 2010) (Docket No. 6593)

(e)     Order Partially Sustaining Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims as it Relates to the Claim of Terry Godbey (Entered May 25, 2011) (Docket No. 8988)

Status:     The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection and Orders resolving Claim No. 4863 of CNN Newsource Sales, Inc., Claim Nos. 4634, 4635, 4636, 4640, 4748, 4749, 4750 and 4751 of Oracle America, Inc. and Claim No. 3672 of Terry Godbey. The Objection was withdrawn as to the claims of 9090 Enterprises and Spanlink Communications. The Court is adjudicating the Objection to the claim of Maureen Dombeck based on certain submissions as identified in Docket No. 9773. The hearing on the claims of Marbury von Briesen and Herbert Eye is adjourned to the April 25, 2012 hearing. This matter will not be going forward.

3.     Debtors' Twenty-Seventh Omnibus Objection (Non-Substantive) to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed May 17, 2010) (Docket No. 4441)

Response Deadline: June 9, 2010 at 4:00 p.m.

Responses Received:

(a)     Response by Marcia Willette (Filed June 8, 2010) (Docket No. 4721)

Related Documents:

(a)     Order Sustaining Debtors' Twenty-Seventh Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered June 14, 2010) (Docket No. 4774)

(b)     Order Sustaining in Part Debtors' Twenty-Seventh Omnibus Objection (Non-Substantive) to Claims as it Relates to Claim No. 5785 of Cawley Chicago Portfolio, LLC (Entered July 19, 2010) (Docket No. 5071)

4

Status:    The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection and an Order with respect to the claim of Cawley Chicago Portfolio, LLC. The Objection was withdrawn as to the claims of the United States Environmental Protection Agency and Annapolis West Limited Partnership. The Debtors and Marcia Willette have reached a resolution of the Objection as it relates to Claim No. 6160 filed by Marcia Willette as Guardian for Zachary Mitzkovitz and intend to file a stipulation documenting that agreement for the Court's consideration. This matter will not be going forward.

4.    Debtors' Thirty-Third Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed July 19, 2010) (Docket No. 5081)

Response Deadline:  August 12, 2010 at 4:00 p.m.

Responses Received:

(a)    Informal response received from the City of Chicago Department of Revenue (Received August 10, 2010)

Related Documents:

(a)    Notice of Submission of Proofs of Claim Regarding Debtors' Thirty-Third Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed August 5, 2010) (Docket No. 5266)

(b)    Order Partially Sustaining Debtors' Thirty-Third Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed August 19, 2010) (Docket No. 5434)

(c)    Order Partially Sustaining Debtors' Thirty-Third Omnibus (Substantive) Objection to Claims as it Relates to Claim No. 6344 of Albert Togut, Chapter 7 Trustee of PLVTZ, Inc. (Entered July 25, 2011) (Docket No. 9535)

Status:    The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection, an Order with respect to the claim of the City of West Hollywood and an Order with respect to the claim of Albert Togut, Chapter 7 Trustee of PLVTZ, Inc. The hearing on Claim No. 728 of the City of Chicago is adjourned to the April 25, 2012 hearing. This matter will not be going forward.

46429/0001-8285823v1

5.    Debtors' Fortieth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b)
      of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed
      January 28, 2011) (Docket No. 7674)

      Response Deadline:  February 22, 2011 at 4:00 p.m.

      Responses Received:

            (a)    Response of USDR (CLM #1672, CLM #2279 and CLM No. 2827) to
                   Debtor's Fortieth Omnibus Objection to Claims (Docket #3792);
                   Declaration of Jon Dickinson (Filed February 14, 2011) (Docket No.
                   7932)

      Related Documents:

            (a)    Notice of Submission of Proofs of Claim Regarding Debtors' Fortieth
                   Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of
                   the Bankruptcy Code, Bankruptcy Rules 3003, and 3007, and Local Rule
                   3007-1 (Filed February 11, 2011) (Docket No. 7906)

            (b)    Order Partially Sustaining Debtors' Fortieth Omnibus (Substantive)
                   Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code,
                   Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (Entered
                   February 25, 2011) (Docket No. 8146)

            (c)    Order Partially Sustaining Debtors' Fortieth Omnibus (Substantive)
                   Objection to Claims as Relates to Claim Nos. 753 and 754 of ASM Capital
                   L.P. (Entered June 24, 2011) (Docket No. 9344)

      Status:      The Court entered an Order sustaining the Objection with respect to all
                   claimants who did not contest or otherwise respond to the Objection, and
                   an Order with respect to Claim Nos. 753 and 754 of ASM Capital L.P.
                   The Objection was withdrawn as to Claim No. 2279 of USDR, Claim No.
                   6683 of Hess Corporation and Claim No. 749 of ASM Capital L.P.  The
                   Objection was modified by consent of the parties with respect to Claim
                   No. 2554 of Corre Opportunities Fund.  The hearing on Claim No. 1672 of
                   USDR – CNI Corporation is adjourned to the April 25, 2012 hearing.
                   This matter will not be going forward.

6.    Debtors' Forty-Second Omnibus (Substantive) Objection to Claims Pursuant to Section
      502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1
      (Filed February 18, 2011) (Docket No. 8065)

      Response Deadline:  March 15, 2011 at 4:00 p.m.

      Responses Received:

            (a)    Carol Walker's Response to Debtors' Forty-Second Omnibus Objection to
                   Claim (Filed March 9, 2011) (Docket No. 8325)

46429/0001-8285823v1

     (b)     Informal response by Broadspire Services [Claim No. 5335] (Received March 4, 2011)

     (c)     Software AG's Response to Debtor's Forty-Second Omnibus Claims Objection (Filed March 21, 2011) (Docket No. 8471)

     (d)     Carol Walker's Response to Debtors' Forty-Second Omnibus Objection to Claim (Filed April 12, 2011) (Docket No. 8623)

Related Documents:

     (a)     Notice of Submission of Proofs of Claim Regarding Debtors' Forty-Second Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed March 7, 2011) (Docket No. 8289)

     (b)     Order Partially Sustaining Debtors' Forty-Second Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered March 30, 2011) (Docket No. 8523)

Status:     The Court entered an Order sustaining the Objection with respect to all claimants who did not respond or otherwise contest the Objection. The hearing on Claim No. 5335 of Broadspire Services, Inc., Claim No. 5283 of Software AG, and Claim No. 6601 of Carol Walker is adjourned to the April 25, 2012 hearing. This matter will not be going forward.

7.     Debtors' Forty-Seventh Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1 (Filed September 19, 2011) (Docket No. 9789)

Response Deadline: October 12, 2011 at 4:00 p.m.

Responses Received:

     (a)     Informal Response received from Ohio Department of Taxation

Related Documents:

     (a)     Notice of Submission of Proofs of Claim Regarding Debtors' Forty-Seventh Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1 (Filed October 5, 2011) (Docket No. 9894)

     (b)     Order Partially Sustaining Debtors' Forty-Seventh Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered October 19, 2011) (Docket No. 10021)

Status:    The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection. The hearing on the claim of the Ohio Department of Taxation is adjourned to the April 25, 2012 hearing. This matter will not be going forward.

## CERTIFICATIONS OF NO OBJECTION / CERTIFICATIONS OF COUNSEL

8.    Debtors' Fifty-First Omnibus (Substantive) Objection to Claims Pursuant to Sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (Filed February 21, 2012) (Docket No. 10964)

Response Deadline: March 15, 2012 at 4:00 p.m.
Reply Deadline: On consent of the parties, (i) Avaya Inc.'s Response Deadline is extended until 4:00 p.m. on April 18, 2012 and (ii) the Debtors' Reply Deadline with respect to Thomson Inc. and Avaya Inc. is extended until 4:00 p.m. on April 20, 2012.

Responses Received:

(a)    Katherine Chansky's Response to Debtors' Fifty-First Omnibus (Substantive) Objection to Claims (Filed March 7, 2012) (Docket No. 11104)

(b)    Thomson Inc., a/k/a Thales Broadcast & Multimedia, k/n/a Thomson Broadcast LLC's Response to Fifty-First Omnibus (Substantive) Objection to Claims (Filed March 9, 2012) (Docket No. 11119)

(c)    Hoi Huynh's informal email communications (Received March 19, 2012)

Related Documents:

(a)    Notice of Submission of Proofs of Claim Regarding Debtors' Fifty-First Omnibus (Substantive) Objection to Claims Pursuant to Sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (Filed March 7, 2012) (Docket No. 11102)

(b)    Certification of Counsel Regarding Debtors' Fifty-First Omnibus (Substantive) Objection to Claims Pursuant to Sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (Filed March 20, 2012) (Docket No. 11181)

Status:    A Certification of Counsel, together with a revised order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection and the late response of Hoi Huynh, was filed with the Court. The Objection was withdrawn with respect to Claim No. 3251 of Katherine Chansky. The hearing on Claim No. 625 of Riverside Claims LLC (Thomson LLC) and Claim Nos. 341 and 775 of Avaya Inc. is adjourned to the April 25, 2012 hearing. This matter will not be going forward unless otherwise directed by the Court.

46429/0001-8285823v1

9.   Debtors' Fifty-Second Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (Filed February 21, 2012) (Docket No. 10965)

Response Deadline:  March 15, 2012 at 4:00 p.m.
Reply Deadline: On consent of the parties, the Reply Deadline was extended until 4:00 p.m. on April 20, 2012 for the Debtors.

Responses Received:

(a)   City of Hartford's Response to Debtors' Fifty-Second Omnibus Objection to Claims (Filed March 13, 2012) (Docket No. 11143)

Related Documents:

(a)   Notice of Submission of Proofs of Claim Regarding Debtors' Fifty-First Omnibus (Substantive) Objection to Claims Pursuant to Sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (Filed March 7, 2012) (Docket No. 11103)

(b)   Certification of Counsel Regarding Debtors' Fifty-Second Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (Filed March 20, 2012) (Docket No. 11180)

Status:   A Certification of Counsel, together with a revised order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection, was filed with the Court.  The hearing on the Claim No. 6749 of the City of Hartford is adjourned to the April 25, 2012 hearing.  This matter will not be going forward unless otherwise directed by the Court.

10.  Debtors' Objection to Claim Nos. 263 and 4411 of Marta Waller Pursuant to Sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (Filed February 21, 2012) (Docket No. 10963)

Response Deadline:  March 15, 2012 at 4:00 p.m.

Responses Received: None.

Related Documents:

(a)   Certification of No Objection Regarding Docket No. 10963 (Filed March 19, 2012) (Docket No. 11173)

Status:   A Certification of No Objection was filed with the Court.  This matter will not be going forward unless otherwise directed by the Court.

46429/0001-8285823v1

11.     Motion Pursuant to 28 U.S.C. § 1452 and Bankruptcy Rules 9006(b) and 9027 for Entry
        of an Order Further Extending the Debtors' Time to File Notices of Removal of Claims
        and Causes of Action Related to the Debtors' Chapter 11 Proceedings (Filed February 21,
        2012) (Docket No. 10970)

        Objection Deadline:  March 15, 2012 at 4:00 p.m.

        Responses Received: None.

        Related Documents:

            (a)     Certification of No Objection Regarding Docket No. 10970 (Filed
                    March 19, 2012) (Docket No. 11174)

        Status:     A Certification of No Objection was filed with the Court.  This matter will
                    not be going forward unless otherwise directed by the Court.

12.     Motion of Tribune Company for an Order Dismissing Adversary Proceeding, with
        Prejudice, Pursuant to ERISA Claim Settlement (Filed February 23, 2012) (Docket No.
        10990) (Adv. Proceeding No. 09-50445) (Adv. Docket No. 50)

        Objection Deadline:  March 15, 2012 at 4:00 p.m.

        Responses Received: None.

        Related Documents:

            (a)     Certification of No Objection Regarding Docket No. 10990 and Adv.
                    Docket No. 50 (Filed March 19, 2012) (Docket No. 11175) (Adv.
                    Proceeding No. 09-50445) (Adv. Docket No. 51)

        Status:     A Certification of No Objection was filed with the Court.  This matter will
                    not be going forward unless otherwise directed by the Court.

13.     Third Motion of the Official Committee of Unsecured Creditors for Extension of Time to
        Effect Service of Original Process (Filed February 28, 2012) (Docket No. 11039) (Adv.
        Proceeding Nos. Multi-Case) (Adv. Multi-Case Docketing)

        Objection Deadline:  March 16, 2012 at 4:00 p.m.

        Responses Received: None.

        Related Documents:

            (a)     Certification of Counsel Regarding Docket No. 11039 (To Be Filed)

        Status:     No objections have been filed to the Motion.  The Official Committee of
                    Unsecured Creditors intends to file a Certification of Counsel with the
                    Court after 4:00 p.m. on March 20, 2012.  This matter will not be going
                    forward unless otherwise directed by the Court.

14.   Third Motion of The Official Committee of Unsecured Creditors for Extension of Time to Complete Service (Filed February 29, 2012) (Adv. Pro No. 10-53963) (Adv. Docket No. 1219)

Objection Deadline:  March 15, 2012 at 4:00 p.m.

Responses Received: None.

Related Documents:

   (a)   Certificate of No Objection to Motion Re: Docket No. 1219 (Filed March 20, 2012) (Adv. Docket No. 1231)

Status:   A Certification of No Objection was filed with the Court. This matter will not be going forward unless otherwise directed by the Court.

15.   Motion of Debtors for an Order Pursuant to 11 U.S.C. § 363 and Fed. R. Bankr. P. 9019(a) Authorizing Entry Into and Performance of Obligations Under Settlement Agreement with the Maryland Comptroller of the Treasury (Filed March 1, 2012) (Docket No. 11055)

Objection Deadline:  March 15, 2012 at 4:00 p.m.

Responses Received: None.

Related Documents:

   (a)   Certification of No Objection Regarding Docket No. 11055 (Filed March 19, 2012) (Docket No. 11176)

Status:   A Certification of No Objection was filed with the Court. This matter will not be going forward unless otherwise directed by the Court.

16.   Supplemental Application for an Order Modifying the Scope of the Debtors' Retention of Davis Wright Tremaine LLP as Special Counsel to Include Certain Corporate and Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc Pro Tunc to February 21, 2012 (Filed March 5, 2012) (Docket No. 11088)

Objection Deadline:  March 15, 2012 at 4:00 p.m.

Responses Received: None.

Related Documents:

   (a)   Certification of No Objection Regarding Docket No. 11088 (Filed March 19, 2012) (Docket No. 11177)

Status:   A Certification of No Objection was filed with the Court. This matter will not be going forward unless otherwise directed by the Court.

46429/0001-8285823v1

17.     Motion of the Official Committee of Unsecured Creditors to Sever Advisor Claims from
        Adversary Proceeding No. 10-53963 (Filed March 2, 2012) (Adv. Pro No. 10-53963)
        (Adv. Docket No. 1220)

        Objection Deadline:  March 15, 2012 at 4:00 p.m.

        Responses Received: None.

        Related Documents:

                (a)     Certificate of No Objection Re: Docket No. 1220 (Filed March 20, 2012)
                        (Adv. Docket No. 1232)

        Status:         A Certification of No Objection was filed with the Court.  This matter will
                        not be going forward unless otherwise directed by the Court.

## CONTESTED MATTERS GOING FORWARD

18.     Debtors' Forty-Eighth Omnibus (Non-Substantive) Objection to Claims Pursuant to
        Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and
        Local Rule 3007-1 (Filed October 21, 2011) (Docket No. 10053)

        Response Deadline:  November 15, 2011 at 4:00 p.m.
        On consent of the parties, the Reply Deadline was extended to 4:00 p.m. on January 6,
        2012 for the Debtors.

        Responses Received:

                (a)     Joann Parker's Response to Debtors' Forty-Eighth Omnibus (Non-
                        Substantive) Objection to Claims Pursuant to Section 502(b) of the
                        Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local
                        Rule 3007-1 (Filed November 10, 2011) (Docket No. 10193)

                (b)     Joinder of the Official Committee of Unsecured Creditors to Debtors'
                        Forty-Eighth Omnibus (Non-Substantive) Objection to Claims Pursuant to
                        Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and
                        3007 and Local Rule 3007-1 (Filed November 15, 2011) (Docket No.
                        10234)

        Related Documents:

                (a)     Joint Pretrial Memorandum Regarding Evidentiary Hearing on Debtors'
                        Forty-Eighth Omnibus (Non-Substantive) Objection to Claims (To Be
                        Filed)

        Status:         Pursuant to the Court's directive at the January 11, 2012 hearing, this
                        matter will be going forward as an evidentiary hearing.

19.    Anthony Conte's Motion for Relief from Stay (Filed December 19, 2011) (Docket No. 10472)

Objection Deadline:  January 4, 2012 at 4:00 p.m.
On consent of the parties, the Objection Deadline was extended to 4:00 p.m. on February 8, 2012 for the Debtors and the Official Committee of Unsecured Creditors.

Responses Received:

(a)    Debtors' Limited Objection to the Motion of Anthony Conte for (I) Relief from the Automatic Stay as to Media Liability Insurance Policy and (II) Modification of Tribune Company's Schedules of Assets and Liabilities (Filed February 8, 2012) (Docket No. 10872)

(b)    Joinder of the Official Committee of Unsecured Creditors to the Debtors' Limited Objection to the Motion of Anthony Conte for (I) Relief from the Automatic Stay as to Media Liability Insurance Policy and (II) Modification of Tribune Company's Schedules of Assets and Liabilities (Filed February 8, 2012) (Docket No. 10874)

(c)    Reply to the Limited Objection to the Motion of Anthony Conte for (I) Relief from the Automatic Stay as to Media Liability Insurance Policy and (II) Modification of Tribune Company's Schedules of Assets and Liabilities (Filed February 22, 2012) (Docket No. 10971)

Status:    This matter was adjourned from the February 15, 2012 hearing.  The Debtors have consented to lift the stay and intend to submit a proposed order at the hearing.  This matter will be going forward with respect to movant's request to strike the Schedules.

## STATUS CONFERENCE

20.    Status Conference with Respect to Solicitation Procedures and Supplemental Disclosure Document (Filed March 16, 2012) (Docket No. 11166)

Related Documents:

(a)    Notice of (I) Rescheduled Hearing on (A) Supplemental Disclosure Document, (B) Solicitation Procedures Motion, and (C) FCC Procedures Motion, and (II) Status Conference with Respect to Solicitation Procedures and Supplemental Disclosure Document (Filed March 16, 2012) (Docket No. 11166)

Status:    This matter will be going forward.

46429/0001-8285823v1

Dated:  March 20, 2012

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By:   _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone:  (302) 652-3131

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION