## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered **Related to Docket Nos. 10053, 10193, 11146, and 11150** |

## DEBTORS' PRETRIAL MEMORANDUM REGARDING EVIDENTIARY HEARING ON DEBTORS' FORTY-EIGHTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS ("JOANN PARKER CLAIMS")

The debtors and debtors in possession in the above-captioned chapter 11 cases

(each a "Debtor" and collectively, the "Debtors") hereby submit this Pretrial Memorandum[2] in

connection with the evidentiary hearing on the Debtors' Forty-Eighth Omnibus (Non-

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] The Debtors did not receive authorization from counsel to Ms. Parker to affix her signature page to a previously-circulated proposed joint pretrial memorandum. Accordingly, the Debtors submit this Pretrial Memorandum on their own behalf, which incorporates witness, exhibit, and deposition designations previously agreed to by the parties.

Substantive) Objection to Claims (the "Objection"),[3] which is scheduled to take place before the United States Bankruptcy Court for the District of Delaware on March 22, 2012 at 2:30 p.m. (Eastern time) (the "Evidentiary Hearing").  The Evidentiary Hearing is expected to take up to forty-five minutes in duration.

## JURISDICTION

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## PROCEDURAL BACKGROUND TO THE OBJECTION

2.     On December 8, 2008 (the "Petition Date"), Tribune Company and certain of its subsidiaries, including Chicago Tribune Company ("CTC"), each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3.     Pending before the United States District Court for the Northern District of Illinois, Eastern Division, is the civil action captioned Joann Parker vs. Chicago Tribune Co., Case No. 1:10-cv-01457 (the "Parker Litigation").  By the Parker Litigation, Ms. Parker alleges that CTC discriminated against her based upon race, age, and disability, during the period from August 2008 through the Petition Date.

4.     On August 29, 2011, Ms. Parker mailed a Proof of Claim to the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC ("Epiq") and appended to such claim a document entitled "Pro Se Motion for Leave to File Late Proof of Claim" (the "Parker Motion"), seeking to have the claim allowed as timely on the grounds of excusable neglect, due to her "bi-polar and depression," manifesting in her not opening her mail.  (See Claim. No. 6797.)  Epiq received the

---

[3] Capitalized terms used but not defined herein shall have the meanings given to them in the Objection.

Proof of Claim on September 1, 2011 and assigned it Claim No. 6797. (Epiq also received a copy of the Proof of Claim from Ms. Parker on September 1 and a copy of the Proof of Claim forwarded from the Clerk of the Bankruptcy Court on September 6, and assigned such claims Claim Nos. 6798 and 6801, respectively (Claim Nos. 6797, 6798, and 6801, collectively, the "Parker Claims"). Ms. Parker intended to file a single Proof of Claim.) Each of the Parker Claims is asserted on account of the causes of action plead in the Parker Litigation in an unliquidated amount, estimated by Ms. Parker to be $125,000.

5.    On October 21, 2011, the Debtors filed the Objection to the Parker Claims and to the Parker Motion appended thereto, seeking an order disallowing and expunging the Parker Claims pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, Local Rule 3007-1, and this Court's Bar Date Order, on the grounds that such Claims were untimely filed. (See Docket No. 10053.)

6.    On November 9, 2011, Ms. Parker mailed for filing her response to the Objection (the "Response"). The Response was received by the Bankruptcy Court and docketed on November 10, 2011. (See Docket No. 10193.)

7.    On January 11, 2012, the Court held a preliminary hearing on the Objection and the Response, at which the parties presented oral arguments.

8.    On March 16, 2012, the Court held a teleconference on Joann Parker's Motion for Leave to Allow Expert Witness Opinion Testimony Telephonically. In the, Alternative, for an Extension of Time to Take the Evidentiary Deposition of her Expert Witness for Admission of Testimony Pursuant to Federal Rule Civil Procedure 32(a)(3)(B) (Docket No.

11145) and the Debtors' objection thereto (Docket No. 11150).  This Pretrial Memorandum

incorporates the stipulation reached by the parties on the record at such teleconference.[4]

## STATEMENT OF UNCONTESTED FACTS

9.     Ms. Parker's Employment at CTC.  Ms. Parker was employed by CTC

from 1985 at 435 N. Michigan Avenue, Chicago, Illinois, from 1985 until she was terminated on

February 6, 2009.

10.     Ms. Parker's Medical Condition.  Ms. Parker has been diagnosed with

Bipolar Disorder.  Ms. Parker was seen by a psychiatrist, Dr. Ghada Albeheary, on July 22, 2009

and February 24, 2010.  She presented to Dr. Albeheary on those dates with severe depression,

poor motivation, and overall functional impairment.  Her functional impairment may affect

paying bills, opening mail, and other activities of daily living.

11.     While Ms. Parker was employed by CTC, CTC placed her on disability

leave from February 2008 through August 2008.  Ms. Parker returned to work from August 2008

until December 8, 2008.  On December 8, 2008, CTC placed Ms. Parker on disability leave from

December 8, 2008 through her termination on February 6, 2009.  Subsequent to February 2009,

Ms. Parker received long-term disability benefits.  Ms. Parker currently receives Social Security

disability benefits.

12.     The Parker Litigation.  Ms. Parker filed two charges with the Equal

Employment Opportunity Commission ("EEOC") against CTC on May 22, 2009 and August 27,

2009, respectively, alleging race, age, and disability discrimination based on actions occurring

between August 2008 and the Petition Date.

---

[4] See Hrg. Tr. Mar. 16, 2012 at 8:8-25; 9:1-18.

46429/0001-8398739v1

13.     Ms. Parker received the EEOC Notice of Right to Sue, by certified mail, and acted within the time period prescribed therein by filing a pro se complaint in the Circuit Court of Cook County, Illinois (the "Illinois State Court"), on August 24, 2009. (See Ex. 5.) The face of the EEOC Notice of Right to Sue states that it was issued on request and was mailed on May 28, 2009. (See Ex. 4.) Ms. Parker had a summons issued and served on CTC in connection with the commencement of the Parker Litigation.

14.     On September 30, 2009, CTC filed a motion to dismiss the Parker Litigation for failure to state a claim. (See Ex. 6.) In footnote 2 to the partial motion to dismiss, CTC raised the affirmative defense that "Plaintiff is barred from pursuing damages for any claims that arose prior to December 8, 2008. CTC filed a petition for bankruptcy protection on December 8, 2008 and Plaintiff did not file a Proof of Claim for any claims preceding that date by the bar date of June 12, 2009, as required." (Id.)

15.     Ms. Parker retained counsel in the Parker Litigation on or about January 12, 2010. Counsel for Ms. Parker filed her notice of appearance in the Parker Litigation on February 25, 2010. (See Exs. 7, 9.) Thereafter, CTC served notices concerning the Parker Litigation on counsel, and not on Ms. Parker directly. The Parker Litigation was subsequently removed to the United States District Court for the Northern District of Illinois (the "Illinois District Court"). In August 2010, Ms. Parker filed a second lawsuit alleging employment discrimination on the basis of disability, which was consolidated with her existing action and remains pending before the Illinois District Court.[5]

16.     On March 22, 2010, after Ms. Parker retained counsel in the Parker Litigation, CTC filed a partial motion to dismiss the Parker Litigation. (See Ex. 11.) In footnote

---

[5] Ms. Parker also asserted certain causes of action arising after the Petition Date, which were dismissed by the Illinois District Court by order dated November 22, 2011, which granted in part CTC's Motion for Summary Judgment filed July 8, 2011.

46429/0001-8398739v1

1 to the partial motion to dismiss, CTC raised the affirmative defense that "Plaintiff is barred from pursuing damages for any claims that arose prior to December, 2008. Defendant filed a petition for bankruptcy protection on December 8, 2008 and plaintiff did not file a Proof of Claim for any claims preceding that date by the bar date of June 12, 2009, as required." (Id.)

17.    On May 7, 2010, after Ms. Parker retained counsel in the Parker Litigation, CTC filed an answer to the First Amended Complaint. (See Ex. 12 ). The first affirmative defense relates to Ms. Parker's failure to file a Proof of Claim with the Bankruptcy Court prior to the Bar Date. (Id.)

18.    On November 29, 2010, after Ms. Parker retained counsel in the Parker Litigation, CTC filed an answer to the Second Amended Complaint. (See Ex. 13.) The first affirmative defenses relates to Ms. Parker's failure to file a Proof of Claim with the Bankruptcy Court prior to the Bar Date. (Id.)

19.    On March 30, 2011 and March 31, 2011, Ms. Parker was deposed by CTC in the Parker Litigation. At the deposition, at which her counsel attended, Ms. Parker was presented with the Bar Date Notice and a Proof of Claim form concerning the Bar Date of June 12, 2009. (See Extract of Deposition of Joann Parker taken in Parker Litigation, 36:5-11; 37:23-24; 38:1-3.) Ms. Parker testified that it was possible she received correspondence from CTC advising her of this fact and the requirement to file a Proof of Claim. (Id. at 35:9-23.)

20.    On July 8, 2011, after Ms. Parker retained counsel in the Parker Litigation, CTC filed a motion for summary judgment in the Parker Litigation as to all prepetition claims and causes of action plead in the Parker Litigation on the grounds that such claims were barred

due to Ms. Parker's failure to file a proof of claim with the Bankruptcy Court prior to the Bar Date. (See Ex. 14.)[6]

21.      Bankruptcy Notices Provided to Ms. Parker.

a.      Notice of the Chapter 11 Case Commencement. Ms. Parker was included on the Debtors' master creditor matrix and Epiq mailed to Ms. Parker the Notice of Commencement of the Debtors' chapter 11 cases on December 24, 2008. (See Ex. 1.)

b.      Notice of the Bar Date. The Bar Date established by this Court for filing Proofs of Claim against the Debtors was June 6, 2009. (See Ex. 2.) Written notice of the Bar Date was mailed on April 22, 2009, to, among others, all known creditors listed on the Schedules, including Ms. Parker. (See Ex. 3.) Ms. Parker did not file a proof of claim prior to the Bar Date.

c.      Notice of the Supplemental Bar Date. On March 2, 2010, the Debtors filed Amended Schedules of Assets and Liabilities with the Bankruptcy Court. (See Ex. 8.) CTC's amended schedules included a claim for Ms. Parker in the amount of $2.35 relating to an uncashed payroll check as of the Petition Date. In accordance with the Bar Date Order, Epiq mailed written Notice of Amendment to Schedules of Assets and Liabilities to all affected parties, including Ms. Parker. (See Ex. 10.) Ms. Parker was afforded until April 6, 2010 to file a proof of claim on account of the Amended Schedules of Assets and Liabilities. Ms. Parker did not file a proof of claim prior to April 6, 2010.

## STATEMENT OF FACTS IN DISPUTE

22.      Ms. Parker's Bipolar Disorder manifested in an inability to open mail and inability to function in other areas of her life.

---

[6] CTC's Motion for Summary Judgment filed July 8, 2011 also sought an order of the Illinois District Court dismissing all post-petition claims and causes of action plead in the Parker Litigation, which was granted in relevant part by order dated November 22, 2011.

46429/0001-8398739v1

23.     Bipolar Disorder may, but does not necessarily, affect paying bills, opening mail, and other activities of daily living.

24.     Ms. Parker experiences periods of "highs" and "lows" due to her mental condition. (See Extract of Deposition of Joann Parker taken in Parker Litigation, 17:1-22; 552:12-24 – 553:1:19.) During May 2009, for example, Ms. Parker was able to function and was not depressed due to her mental condition. (Id. at 550:16-24, 551:1-12.)

25.     Between the time that the Notice of Bar Date was mailed to Ms. Parker and the Bar Date for filing Proofs of Claim, Ms. Parker experienced periods, including in May 2009, where she was able to function and was not depressed due to her medical condition. (See Extract of Deposition of Joann Parker taken in Parker Litigation, 550:16-24, 551:1-12.)

26.     Ms. Parker was sufficiently able to function during the period of May 2009 to August 2009 to file two charges with the EEOC and prepare and file a pro se complaint against CTC. (See Extract of Deposition of Joann Parker taken in Parker Litigation, 55:21-22; Exs. 4, 5.)

27.     Ms. Parker did not miss attending any hearings before the Illinois State Court while she was proceeding pro se in the Parker Litigation.

28.     Ms. Parker did not look at or open her mail, other than for mail she recognized the sender from the envelope.  Specifically, Ms. Parker recognized mail from the gas company, light company, and disability insurance company because the mail came in either a yellow or red envelope, and all other mail she tossed and never opened. (See Extract of Deposition of Joann Parker taken in Parker Litigation, 37:3-18.)

29.     Ms. Parker was not aware CTC had filed a bankruptcy petition. (See Extract of Deposition of Joann Parker taken in Parker Litigation, 33:19-21.)

8

30.    Ms. Parker did not recognize any mail as having come from the Debtors, due to her mental condition.

31.    Ms. Parker did not open any mail that may have come from the Debtors, due to her mental condition.

32.    Ms. Parker does not know whether or not she received mail from the Debtors, due to her mental condition.

33.    Ms. Parker's delay in filing a Proof of Claim was not within her control and was due to her mental condition.

34.    All envelopes utilized in the service of the foregoing notices to creditors, including Ms. Parker, contained the following return address on their face:

Tribune Company Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, Third Floor
New York, NY 10017

## RELIEF REQUESTED

35.    The Debtors request that the Parker Claims be disallowed and expunged from the Claims Register on the grounds that they were untimely filed.

36.    Ms. Parker requests that the Court deem the Parker Claims to be timely filed on the grounds that her failure to comply with the Bar Date was due to her bipolar disorder and depression and was not within her control.

## LEGAL ISSUES PRESENTED

37.    Whether Ms. Parker was an "incompetent person" as that term is used in Federal Rule of Bankruptcy Procedure 3002(c)(2), incorporated by reference to chapter 11 cases by Federal Rule of Bankruptcy Procedure 3003(c)(3).

46429/0001-8398739v1

38.     Whether Ms. Parker's delay in filing the Parker Claims constitutes excusable neglect due to her mental condition of bipolar disorder and depression.

39.     Whether Ms. Parker's selective opening of some mail, but not other mail, was reasonable and within her control.

40.     Whether Ms. Parker's counsel's delay in filing the Parker Claims on Ms. Parker's behalf, between the time she was retained on or about February 25, 2010 and when the Parker Claims were filed on September 1, 2011, constitutes excusable neglect.

## CLAIMS AND PLEADINGS RELATING TO THE OBJECTION

| Date Filed | Docket No. | Description of Claim or Pleading |
|---|---|---|
| 09/01/11 | n/a | Claim No. 6797 filed by Joann Parker |
| 09/01/11 | n/a | Claim No. 6798 filed by Joann Parker |
| 09/06/11 | n/a | Claim No. 6801 filed by Joann Parker |
| 10/21/11 | 10053 | Debtors' Forty-Eighth Omnibus (Non-Substantive) Objection to Claims |
| 11/10/11 | 10193 | Response to Debtors' Forty-Eighth Omnibus (Non-Substantive) Objection to Claims filed by Joann Parker |
| 03/14/12 | 11146 | Joann Parker's "Motion for Leave To Allow Expert Witness Opinion Testimony Telephonically. In The, Alternative, For An Extension of Time To Take The Evidentiary Deposition of Her Expert Witness For Admission of Testimony Pursuant to Federal Rule Civil Procedure 32(a)(3)(B) |
| 03/14/12 | 11150 | Debtors' (I) Objection to Motion of Joann Parker for Leave to Present Expert Witness Opinion Testimony Telephonically or to Delay Evidentiary Hearing, and (II) Cross-Motion to Strike Testimony of Proposed Expert Witness on Grounds of Delay |

## WITNESSES

| Witness Name | Party Offering Witness | Nature of Testimony |
|---|---|---|
| Joann Parker | Claimant | Fact witness |

10

## EXHIBITS[7]

| Ex. No. | Date | Description of Document[8] |
|---------|------|---------------------------|
| 1. | 12/29/08 | Affidavit of Mailing concerning the Notice of Commencement (extract) (Bankruptcy Docket No. 154) |
| 2. | 03/26/09 | Bar Date Order (Bankruptcy Docket No. 813) |
| 3. | 04/22/09 | Affidavit of Mailing concerning the Notice of Bar Date (extract) (Bankruptcy Docket Nos. 1073, 10609) |
| 4. | 05/28/09 | EEOC Notice of Right to Sue (Issued On Request) |
| 5. | 08/24/09 | Joann Parker's pro se complaint in Parker Litigation (Illinois State Court) |
| 6. | 09/30/09 | CTC's Motion to Dismiss Parker Litigation (Illinois State Court) |
| 7. | 02/25/10 | Notice of Appearance of Patricia Bender in Parker Litigation (Illinois State Court) |
| 8. | 03/02/10 | Notice of Amendment to Schedules of Assets and Liabilities (Bankruptcy Docket No. 3653) |
| 9. | 03/08/10 | Notice of Appearance of Patricia Bender in Parker Litigation (Illinois District Court Docket No. 5) |
| 10. | 03/10/10 | Affidavit of Mailing concerning the Notice of Amendment to Schedules of Assets and Liabilities (extract) (Bankruptcy Docket No. 3844) |
| 11. | 03/22/10 | CTC's Partial Motion to Dismiss Parker Litigation (Illinois District Court Docket No. 10) |
| 12. | 05/07/10 | CTC's Answer to First Amended Complaint in Parker Litigation (Illinois District Court Docket No. 19) |
| 13. | 11/29/10 | CTC's Answer to Second Amended Complaint in Parker Litigation (Illinois District Court Docket No. 39) |
| 14. | 07/08/11 | CTC's Motion for Summary Judgment in Parker Litigation (Illinois District Court Docket No. 59) |

---

[7] The exhibits proposed to be presented by the parties at the Evidentiary Hearing consist of pleadings and other documents filed in the Debtors' chapter 11 cases and in the underlying Parker Litigation and are matters of public record. The parties agree to the authenticity and admissibility of the proposed exhibits for the purposes of the Evidentiary Hearing; provided, however, that each party reserves its rights to object to any proposed use of an exhibit by the other party for a purpose that is inconsistent with the Federal Rules of Evidence.

[8] References herein to "Bankruptcy Docket No. __" refer to pleadings filed in the instant case. References to "Illinois State Court" refer to pleadings filed in the Parker Litigation while it was pending in the Illinois State Court, Parker v. Chicago Tribune Co., Case No. 2009 L 010092. References to "Illinois District Court Docket No. __" refer to pleadings filed in the Parker Litigation while it was pending in the Illinois District Court, Parker v. Chicago Tribune Co., Case No. 1:10-cv-01457.

46429/0001-8398739v1

## CONTESTED EXHIBITS[9]

| Cont. Ex. No. | Description of Document | Objecting Party | Basis for Objection |
|---|---|---|---|
| A. | Demonstrative mailing envelope used by Epiq Bankruptcy Solutions, LLC for notices to creditors | Parker | Lack of authentication |
| B. | Social Security Administration Notice of Award (undated) | Debtors | Late notice (disclosed past the March 1, 2012 deadline for exchange of exhibits); lack of relevance; lack of authentication; hearsay |
| C. | Letter from Tribune Benefits Service Center to Joann Parker dated October 13, 2009 | Debtors | Late notice (disclosed past the March 1, 2012 deadline for exchange of exhibits); lack of relevance; lack of authentication; hearsay |
| D. | Letter from Metropolitan Life Insurance Company to Patricia Bender dated January 19, 2010 | Debtors | Late notice (disclosed past the March 1, 2012 deadline for exchange of exhibits); lack of relevance; lack of authentication; hearsay |
| E. | Attending Physician Statement of Dr. Albeheary dated February 24, 2010 | Debtors | Lack of relevance; lack of authentication; hearsay |
| F. | Letter from Metropolitan Life Insurance Company to Patricia Bender dated March 17, 2010 | Debtors | Late notice (disclosed past the March 1, 2012 deadline for exchange of exhibits); lack of relevance; lack of authentication; hearsay |

---

[9] For the convenience of the Court, the Debtors are submitting herewith additional proposed exhibits that are contested for the reasons stated on the chart below. To the extent the offering party moves for the admission of any such proposed exhibit at the Evidentiary Hearing, the objecting party reserves the right to object on the grounds stated in the chart or on any other applicable grounds.

46429/0001-8398739v1

## DEPOSITION DESIGNATIONS[10]

| Date | Description of Deposition Designations |
|---|---|
| 03/30/11-<br>03/31/11 | Extracts of Deposition of Joann Parker taken in Parker Litigation<br>• 17:1-22<br>• 33-40<br>• 33:19-21<br>• 35:9-23<br>• 36:5-11<br>• 37:3-18<br>• 37:23-24 - 38:1-23<br>• 45-48<br>• 69-84<br>• 550:16-24 - 551:1-12<br>• 552:12-24 - 553:1:19 |

[Signature Page Follows]

---

[10] The Debtors reserve the right to counter-designate any other extracts of the Deposition of Joann Parker in rebuttal to the testimony presented by Ms. Parker at the Evidentiary Hearing.

46429/0001-8398739v1

Dated: Wilmington, Delaware
      March 20, 2012

Respectfully submitted,

SIDLEY AUSTIN LLP

James F. Conlan
Bryan Krakauer
Kenneth P. Kansa
Jillian K. Ludwig
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile:  (312) 853-7036

      -and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION