```
          IN THE UNITED STATES BANKRUPTCY COURT
               FOR THE DISTRICT OF DELAWARE


IN RE:                         )    Case No. 08-13141 (KJC)
                               )    (Jointly Administered)
                               )
TRIBUNE COMPANY, et al.,       )    Chapter 11
                               )
                               )    Courtroom 5
                               )    824 Market Street
         Debtors.              )    Wilmington, Delaware
                               )
                               )    March 16, 2012
                               )    11:00 a.m.


          TRANSCRIPT OF TELEPHONIC PROCEEDINGS
      BEFORE THE HONORABLE JUDGE KEVIN J. CAREY
            UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:
For Debtor:              Sidley Austin, LLP
                         BY: KEN KANSA, ESQ.
                         BY: JAMES DUCAYET, ESQ.
                         BY: JILLIAN LUDWIG, ESQ.
                         (312) 853-7000

                         Cole Schotz Meisel Forman &
                         Leonard, PA
                         BY: J. KATE STICKLES, ESQ.
                         (302) 651-2001

ECRO:                    AL LUGANO

Transcription Service:   DIAZ DATA SERVICES, LLC
                         331 Schuylkill Street
                         Harrisburg, Pennsylvania 17110
                         (717) 233-6664
                         www.diazdata.com

Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

```
 1  APPEARANCES:
 2  (Continued)
 3
 4  For Plaintiff:            Patricia E. Bender, Attorney-At-Law
 5                            BY:  PATRICIA BENDER, ESQ.
 6                            (773) 878-7148
 7
 8  For Official Committee    Landis, Rath & Cobb
 9  of Unsecured Creditors:   BY: DAN RATH, ESQ.
10                            BY: ADAM LANDIS, ESQ.
11                            BY: MATTHEW MCGUIRE, ESQ.
12                            (302) 467-4400
13
14                            Chadbourne & Parke, LLP
15                            BY: MARC D. ASHLEY, ESQ.
16                            BY: THOMAS MCCORMACK, ESQ.
17                            BY: HOWARD SEIFE, ESQ.
18                            BY: DAVID LEMAY, ESQ.
19                            BY: MARC ROITMAN, ESQ.
20                            BY: DOUGLAS DEUTSCH, ESQ.
21                            (212) 408-5100
22
23                            Zuckerman Spaeder, LLP
24                            BY: JAMES SOTTILE, ESQ.
25                            BY: GRAEME BUSH, ESQ.
26                            BY: ANDREW CARIDAS, ESQ.
27                            BY: ANDREW GOLDFARB, ESQ.
28                            (202) 778-1800
29
30  For Wilmington Trust:     Brown Rudnick
31                            BY: GORDON NOVOD, ESQ.
32                            (212) 209-4800
33
34  For DBTCA:                McCarter & English
35                            BY: KATHARINE MAYER, ESQ.
36                            (302) 984-6312
37
38  For JP Morgan Chase:      Davis Polk
39                            BY: KAREN LUFTGLASS, ESQ.
40                            (212) 450-4092
41
42  For Davidson Kempner:     DK Partners
43                            BY: EPHRAIM DIAMOND, ESQ.
44                            (646) 282-5841
45
46
47
48
49
50
51
```

```
 1  APPEARANCES:
 2  (Continued)
 3
 4  For Wells Fargo:         White & Case
 5                           BY: SCOTT GREISSMAN, ESQ.
 6                           (212) 819-8567
 7
 8  For Bigalow:             Sperling & Slater
 9                           BY: GWEN NOLAN, ESQ.
10                           (312) 641-3200
11
12  For Nomura Securities:   Nomura Securities
13                           BY:  MATTHEW JACOBSON, ESQ.
14                           (212) 667-1055
15
16  For Angelo Gordon & Co.: Wilmer Cutler Pickering Hale & Dorr
17                           BY: ANDREW GOLDMAN, ESQ.
18                           (212) 230-8836
19
20  For Bloomberg, LLP:      Bloomberg, LLP.
21                           BY: STEVEN CHURCH, ESQ.
22                           (302) 661-7606
23
24  For Amalgamated Bank:    Millbank Tweed Hadley & McCloy
25                           BY: ALAN STONE, ESQ.
26                           (212) 530-5285
27
28  For JP Morgan Chase:     Richards Layton & Finger
29                           BY: DREW SLOAN, ESQ.
30                           (302) 651-7830
31
```

```
 1  WILMINGTON, DELAWARE, FRIDAY, MARCH 16, 2012, 11:03 A.M.
 2            THE COURT:  Good afternoon.  Good morning.  This
 3  is Judge Carey.  We're on the record in the Tribune Company
 4  Chapter 11 proceedings on the Motion of Joann Parker for
 5  Leave to Allow an Expert Witness to Testify by Telephone
 6  with Alternative Relief, to which the Debtors have Objected.
 7  Have the parties reached any resolution of the dispute?
 8            MR. KANSA:  Your Honor, it's Ken Kansa, of Sidley
 9  Austin, on behalf of the debtors.  I don't believe the
10  parties have reached a resolution on the matter.  We are
11  prepared, I think, to present some alternative solutions to
12  the Court, but I'd let Ms. Bender speak on that first.
13            THE COURT:  All right.
14            MS. BENDER:  Patricia Bender, on behalf of Joann
15  Parker, and I will defer to Counsel for the debtors.
16            MR. KANSA:  Your Honor, Ken Kansa, of Sidley
17  Austin, again.  With respect to the appearance of the doctor
18  by telephone, we have not reached a resolution and believe
19  the Court's statements on that subject at the last hearing
20  were conclusive and directly on point on the matter.  In
21  terms of the subject on which the doctor would provide
22  information, we think there are two possible solutions to
23  this matter.  The first is that it may be possible to
24  bifurcate the issues between the debtors and Ms. Parker on
25  this matter.  In particular, an element of the excusable
```

1  neglect that Ms. Parker is trying to demonstrate relates to
2  the failure to file a Proof of Claim after she and her
3  Counsel were indisputably aware of the requirement to do so.
4  This does not touch on the mailed notice issue, but just
5  touches on the requirement to file a Proof of Claim, having
6  been raised at her deposition in March, 2011, and by the
7  debtors in Court filings in her underlying action as early
8  as February, 2010.  We don't believe there's any factual
9  dispute between the parties that those Court filings were
10 made and that that knowledge existed, and that what Ms.
11 Parker has represented in her pleadings to the Court to date
12 is that she did not file a Proof of Claim at that time,
13 owing to Counsel's unfamiliarity with the Local Rules in
14 Delaware.  If that issue -- if it is determined that Ms.
15 Parker is unable to demonstrate excusable neglect, based on
16 that issue alone, the question of whether she was able to
17 open her mail, owing to her bipolar disorder or not, is
18 irrelevant, and we submit that the Court can make an
19 independent determination that avoids a great many -- I
20 should think all -- of these evidentiary issues and disputes
21 and should allow for a cost-effective and efficient
22 resolution of this matter for everyone.
23         MS. BENDER:  Patricia Bender, on behalf of Joann
24 Parker.  I dispute what Counsel has just stated in regard to
25 both Counsel -- Counsel being undisputedly aware of the bar

1  dates.  I believe, according to the exhibits that debtors'
2  Counsel submitted, my appearance was filed for Joann Parker
3  after the June bar date, and I was not noticed of any
4  amended bar date, even though I was Counsel for Joann
5  Parker, representing her against the debtors during the time
6  of April, 2010.  But I was never noticed of any bar date for
7  that time period.  So I kind of dispute what Counsel is
8  indicating if he's trying to make Counsel the focus of the
9  Motion.
10              MR. KANSA:  Your Honor, Ken Kansa, on behalf of
11  the debtors.  The disputes on this point raises -- it goes
12  to the fact that the debtors, at least as early as March of
13  2011 when Ms. Parker was deposed, with Ms. Bender in
14  attendance, there was considerable discussion of the
15  requirement to file a Proof of Claim at that deposition.
16  The Proof of Claim itself was not filed, I believe, until
17  September of 2011.  We would raise the issue of whether that
18  six-month delay, approximately, constitutes excusable
19  neglect with the Court.  We are prepared to demonstrate,
20  through Court filings, that there was notice in Court
21  filings, received by both Ms. Bender and Ms. Parker prior to
22  that date during the time when Ms. Bender represented Ms.
23  Parker and Counsel --
24              THE COURT:  Mr. Kansa?
25              MR. KANSA:  -- and prior to that when Ms. --

1  **[Recording paused 11:08:54 – 11:09:01]**

2             THE COURT:   -- for a moment.

3             MR. KANSA:   Yes, Your Honor.

4             THE COURT:   Thank you.  Okay, now we're back on.
5  But before you resume, let me just say this.  The delay --
6  well, in considering whether there was excusable neglect,
7  there are a number of factors to be considered, and the one
8  that you're talking about is just one of them.  So unless
9  the claimants here were to agree that I could make the
10 decision based on that factor alone, I don't think it's a
11 practical solution because no one factor is governing; all
12 need to be considered.  But one or the other may be more or
13 less important, depending upon the circumstances.  So I
14 don't think that that is a viable solution under our
15 circumstances.  Any other thoughts?

16            MR. KANSA:   Understood, Your Honor.  The one
17 other thought the debtors would offer in an attempt to try
18 and resolve this matter is if the -- the debtors did not
19 have, at the time we filed our papers earlier this week, the
20 benefit of having seen the proposed expert report, or the
21 documents that Counsel for Ms. Parker has filed as an expert
22 report, which is very brief and makes a number of factual --
23 makes a couple of factual statements.  The debtors do not
24 dispute, for these purposes, or are willing to agree for
25 these purposes, that those facts are present; namely, that

1 Ms. Parker has been diagnosed with bipolar disorder, and
2 that bipolar disorder may result in a functional impairment.
3 What the debtors are not prepared to agree with, and we
4 don't understand this expert report to say, is that Ms.
5 Parker's bipolar disorder necessarily resulted in that
6 impairment in this situation or resulted in her being
7 incompetent within the meaning of Rules 3002 and Rule 3003.
8      So, for those purposes, I think the debtors are
9 willing to resolve much of this issue simply by agreeing
10 that we will stipulate to the facts set forth in the
11 document filed by Ms. Parker's Counsel as an expert report.
12 We want to be clear though that we don't think that that
13 establishes what Counsel is trying to establish here.
14      THE COURT:  Ms. Bender?
15      MS. BENDER:  Patricia Bender, for Joann Parker.
16 If I understand Counsel correctly, you are stipulating to
17 the contents of Dr. Abahari's [ph] report?
18      MR. KANSA:  We would stipulate that Ms. Parker
19 has been diagnosed with bipolar disorder, and that her
20 functional impairment may affect paying bills, opening mail,
21 and other activities of daily living, and it has been stated
22 in the document.  We would simply read "may" to say may or
23 may not or may, but does not necessarily, if that clarifies
24 the matter.
25      MS. BENDER:  But -- Patricia Bender, on behalf of

1  Joann Parker.  Dr. Abahari's report does, if I'm reading it
2  correctly, states specifically that it would include the
3  every day functions, including the functions as you have
4  just stated.  So I'm not sure if I understand the
5  distinction that you're making, if any, from the wording or
6  language in her report.
7          THE COURT:  Well, let me see if I understand what
8  the debtor is saying, Ms. Bender.  They're saying is we'll
9  admit the facts in the expert report, but that, as they read
10 the report anyway, it doesn't state specifically that her
11 condition directly resulted in her inability to meet the
12 filing deadline here.  But they're acknowledging that she
13 has this condition and that certain characteristics followed
14 from that.
15         MR. KANSA:  That is correct, Your Honor.  We
16 would be prepared to agree to that.
17         MS. BENDER:  Patricia Bender, on behalf of Joann
18 Parker, accepts that stipulation.
19         THE COURT:  Okay.  So does that then obviate the
20 need for live expert testimony?  Do both parties agree?
21         MR. KANSA:  That obviates the need from our end,
22 Your Honor, although it's Ms. Bender's witness.
23         MS. BENDER:  From my -- it's Patricia Bender, on
24 behalf of Joann Parker.  From my understanding of what was
25 just said, yes, it would obviate the need for testimony from

1  Dr. Abahari.

2        THE COURT: Okay. So, in light of that, are the
3  parties prepared to move forward with the hearing as it's
4  presently scheduled?

5        MS. BENDER: Patricia Bender, on behalf of Joann
6  Parker, yes.

7        THE COURT: Okay.

8        MR. KANSA: Your Honor, Ken Kansa, on behalf of
9  the debtors. We are prepared to proceed. It would be -- I
10 think we are due to file a Joint Pretrial Memorandum with
11 the Court by Monday. We have prepared a draft of that and
12 can communicate that to Ms. Bender today and we will proceed
13 from there.

14       THE COURT: Okay. And if you need another day
15 because of the recent arrival at the stipulation to get the
16 Pretrial Memorandum filed with the Court, that would be
17 fine.

18       MR. KANSA: Your Honor, just -- Ken Kansa, for
19 the debtors. Given the amount of time it has taken us to
20 work out some of the documents, I'd very much like to take
21 the Court up on that extra day.

22       THE COURT: Okay.

23       MR. KANSA: And if we could file this by -- on
24 Tuesday, we would be very grateful.

25       THE COURT: That's fine. That's fine. Okay. Is

1  there anything else that we need to talk about today?
2              MR. KANSA:  That concludes this from the debtors'
3  side, Your Honor.
4              MS. BENDER:  Patricia Bender, for Joann Parker.
5  I have no other matters to discuss.
6              THE COURT:  All right.  Thank you all very much.
7  That concludes this hearing.  Court will stand adjourned.
8              MS. BENDER:  Thank you.
9              MR. KANSA:  Thank you, Your Honor.
10    (Whereupon, at 11:15 a.m., the hearing was adjourned.)
11
12                          CERTIFICATION
13          I certify that the foregoing is a correct
14  transcript from the electronic sound recording of the
15  proceedings in the above-entitled matter.
16
17
18  _____              18 March 2012
19  Tammy Kelly, Transcriber                          Date
20
21
22
23
24

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **a.m**(3) | 1:15  4:1  11:10 | **bills**(1) | 8:20 | **demonstrate**(3) | 5:1  5:15  6:19 | **for**(32) | 1:2  1:23  2:4  2:8  2:30  2:34  2:38  2:42  3:4  3:8  3:12  3:16  3:20  3:24  3:28  4:4  4:15  5:21  5:22  6:2  6:4  6:6  7:2  7:21  7:24  7:24  8:8  8:15  9:20  9:25  10:18  11:4 |
| **abahari**(1) | 10:1 | **bipolar**(5) | 5:17  8:1  8:2  8:5  8:19 | **depending**(1) | 7:13 | | |
| **abahari's**(2) | 8:17  9:1 | **bloomberg**(2) | 3:20  3:20 | **deposed**(1) | 6:13 | | |
| **able**(1) | 5:16 | **both**(3) | 5:25  6:21  9:20 | **deposition**(2) | 5:6  6:15 | | |
| **about**(2) | 7:8  11:1 | **brief**(1) | 7:22 | **determination**(1) | 5:19 | | |
| **aboveentitled**(1) | 11:15 | **brown**(1) | 2:30 | **determined**(1) | 5:14 | **foregoing**(1) | 11:13 |
| **accepts**(1) | 9:18 | **bush**(1) | 2:25 | **deutsch**(1) | 2:20 | **forman**(1) | 1:29 |
| **according**(1) | 6:1 | **but**(9) | 4:12  5:4  6:6  7:5  7:12  8:23  8:25  9:9  9:12 | **diagnosed**(2) | 8:1  8:19 | **forth**(1) | 8:10 |
| **acknowledging**(1) | 9:12 | | | **diamond**(1) | 2:43 | **forward**(1) | 10:3 |
| **action**(1) | 5:7 | | | **diaz**(1) | 1:36 | **friday**(1) | 4:1 |
| **activities**(1) | 8:21 | **can**(2) | 5:18  10:12 | **did**(2) | 5:12  7:18 | **from**(9) | 9:5  9:14  9:21  9:23  9:24  9:25  10:13  11:2  11:14 |
| **adam**(1) | 2:10 | **carey**(2) | 1:19  4:3 | **directly**(2) | 4:20  9:11 | | |
| **adjourned**(2) | 11:7  11:10 | **caridas**(1) | 2:26 | **discuss**(1) | 11:5 | | |
| **administered**(1) | 1:6 | **case**(2) | 1:5  3:4 | **discussion**(1) | 6:14 | | |
| **admit**(1) | 9:9 | **certain**(1) | 9:13 | **disorder**(5) | 5:17  8:1  8:2  8:5  8:19 | **functional**(2) | 8:2  8:20 |
| **affect**(1) | 8:20 | **certification**(1) | 11:12 | **dispute**(5) | 4:7  5:9  5:24  6:7  7:24 | **functions**(2) | 9:3  9:3 |
| **after**(2) | 5:2  6:3 | **certify**(1) | 11:13 | **disputes**(2) | 5:20  6:11 | **get**(1) | 10:15 |
| **afternoon**(1) | 4:2 | **chadbourne**(1) | 2:14 | **distinction**(1) | 9:5 | **given**(1) | 10:19 |
| **again**(1) | 4:17 | **chapter**(2) | 1:8  4:4 | **district**(1) | 1:2 | **goes**(1) | 6:11 |
| **against**(1) | 6:5 | **characteristics**(1) | 9:13 | **doctor**(2) | 4:17  4:21 | **goldfarb**(1) | 2:27 |
| **agree**(5) | 7:9  7:24  8:3  9:16  9:20 | **chase**(2) | 2:38  3:28 | **document**(2) | 8:11  8:22 | **goldman**(1) | 3:17 |
| **agreeing**(1) | 8:9 | **church**(1) | 3:21 | **documents**(2) | 7:21  10:20 | **good**(2) | 4:2  4:2 |
| **alan**(1) | 3:25 | **circumstances**(2) | 7:13  7:15 | **does**(4) | 5:4  8:23  9:1  9:19 | **gordon**(2) | 2:31  3:16 |
| **all**(5) | 4:13  5:20  7:11  11:6  11:6 | **claim**(5) | 5:2  5:5  5:12  6:15  6:16 | **doesn't**(1) | 9:10 | **governing**(1) | 7:11 |
| **allow**(2) | 4:5  5:21 | **claimants**(1) | 7:9 | **don't**(6) | 4:9  5:8  7:10  7:14  8:4  8:12 | **graeme**(1) | 2:25 |
| **alone**(2) | 5:16  7:10 | **clarifies**(1) | 8:23 | **dorr**(1) | 3:16 | **grateful**(1) | 10:24 |
| **alternative**(2) | 4:6  4:11 | **clear**(1) | 8:12 | **douglas**(1) | 2:20 | **great**(1) | 5:19 |
| **although**(1) | 9:22 | **cobb**(1) | 2:8 | **draft**(1) | 10:11 | **greissman**(1) | 3:5 |
| **amalgamated**(1) | 3:24 | **cole**(1) | 1:29 | **drew**(1) | 3:29 | **gwen**(1) | 3:9 |
| **amended**(1) | 6:4 | **committee**(1) | 2:8 | **ducayet**(1) | 1:25 | **hadley**(1) | 3:24 |
| **amount**(1) | 10:19 | **communicate**(1) | 10:12 | **due**(1) | 10:10 | **hale**(1) | 3:16 |
| **and**(30) | 4:15  4:18  4:20  4:24  5:2  5:6  5:10  5:10  5:18  5:20  5:21  5:21  6:3  6:21  6:23  6:25  7:7  7:18  7:22  8:1  8:3  8:7  8:19  8:21  8:21  9:13  10:11  10:12  10:14  10:23 | **company**(2) | 1:8  4:3 | **during**(2) | 6:5  6:22 | **harrisburg**(1) | 1:38 |
| | | **concludes**(2) | 11:2  11:7 | **earlier**(1) | 7:19 | **has**(8) | 5:11  5:24  7:21  8:1  8:19  8:21  9:13  10:19 |
| | | **conclusive**(1) | 4:20 | **early**(2) | 5:7  6:12 | | |
| | | **condition**(2) | 9:11  9:13 | **ecro**(1) | 1:34 | | |
| | | **considerable**(1) | 6:14 | **efficient**(1) | 5:21 | **have**(8) | 4:6  4:7  4:10  4:18  7:19  9:3  10:11  11:5 |
| **andrew**(3) | 2:26  2:27  3:17 | **considered**(2) | 7:7  7:12 | **electronic**(2) | 1:42  11:14 | | |
| **angelo**(1) | 3:16 | **considering**(1) | 7:6 | **element**(1) | 4:25 | **having**(2) | 5:5  7:20 |
| **another**(1) | 10:14 | **constitutes**(1) | 6:18 | **else**(1) | 11:1 | **hearing**(4) | 4:19  10:3  11:7  11:10 |
| **any**(6) | 4:7  5:8  6:3  6:6  7:15  9:5 | **contents**(1) | 8:17 | **end**(1) | 9:21 | **her**(12) | 5:2  5:6  5:7  5:11  5:17  5:17  6:5  8:6  8:19  9:6  9:10  9:11 |
| **anything**(1) | 11:1 | **continued**(2) | 2:2  3:2 | **english**(1) | 2:34 | | |
| **anyway**(1) | 9:10 | **correct**(2) | 9:15  11:13 | **ephraim**(1) | 2:43 | | |
| **appearance**(2) | 4:17  6:2 | **correctly**(2) | 8:16  9:2 | **esq**(29) | 1:24  1:25  1:26  1:31  2:5  2:9  2:10  2:11  2:15  2:15  2:16  2:17  2:18  2:19  2:20  2:24  2:25  2:26  2:27  2:31  2:35  2:39  2:43  3:5  3:9  3:13  3:17  3:21  3:25  3:29 | **here**(3) | 7:9  8:13  9:12 |
| **approximately**(1) | 6:18 | **cost-effective**(1) | 5:21 | | | **he's**(1) | 6:8 |
| **april**(1) | 6:6 | **could**(2) | 7:9  10:23 | | | **honor**(11) | 4:8  4:16  6:10  7:3  7:16  9:15  9:22  10:8  10:18  11:3  11:9 |
| **are**(12) | 4:10  4:22  6:19  7:7  7:24  7:25  8:3  8:8  8:16  10:2  10:9  10:10 | **counsel**(14) | 4:15  5:3  5:24  5:25  5:25  6:2  6:4  6:7  6:8  6:23  7:21  8:11  8:13  8:16 | | | |  |
| | | | | **establish**(1) | 8:13 | **honorable**(1) | 1:19 |
| **arrival**(1) | 10:15 | **counsel's**(1) | 5:13 | **establishes**(1) | 8:13 | **howard**(1) | 2:17 |
| **ashley**(1) | 2:15 | **couple**(1) | 7:23 | **even**(1) | 6:4 | **impairment**(3) | 8:2  8:6  8:20 |
| **attempt**(1) | 7:17 | **court**(27) | 1:1  4:2  4:12  4:13  5:7  5:9  5:11  5:18  6:19  6:20  6:20  6:24  7:2  7:4  8:14  9:7  9:19  10:2  10:7  10:11  10:14  10:16  10:21  10:22  10:25  11:6  11:7 | **every**(1) | 9:3 | **important**(1) | 7:13 |
| **attendance**(1) | 6:14 | | | **everyone**(1) | 5:22 | **inability**(1) | 9:11 |
| **attorney-at-law**(1) | 2:4 | | | **evidentiary**(1) | 5:20 | **include**(1) | 9:2 |
| **austin**(3) | 1:23  4:9  4:17 | | | **excusable**(4) | 4:25  5:15  6:18  7:6 | **including**(1) | 9:3 |
| **avoids**(1) | 5:19 | | | **exhibits**(1) | 6:1 | **incompetent**(1) | 8:7 |
| **aware**(2) | 5:3  5:25 | **courtroom**(1) | 1:10 | **existed**(1) | 5:10 | **independent**(1) | 5:19 |
| **back**(1) | 7:4 | **court's**(1) | 4:19 | **expert**(7) | 4:5  7:20  7:21  8:4  8:11  9:9  9:20 | **indicating**(1) | 6:8 |
| **bank**(1) | 3:24 | **creditors**(1) | 2:9 | **extra**(1) | 10:21 | **indisputably**(1) | 5:3 |
| **bankruptcy**(2) | 1:1  1:20 | **cutler**(1) | 3:16 | **fact**(1) | 6:12 | **information**(1) | 4:22 |
| **bar**(4) | 5:25  6:3  6:4  6:6 | **daily**(1) | 8:21 | **factor**(2) | 7:10  7:11 | **irrelevant**(1) | 5:18 |
| **based**(2) | 5:15  7:10 | **dan**(1) | 2:9 | **factors**(1) | 7:7 | **issue**(5) | 5:4  5:14  5:16  6:17  8:9 |
| **because**(2) | 7:11  10:15 | **data**(1) | 1:36 | **facts**(3) | 7:25  8:10  9:9 | **issues**(2) | 4:24  5:20 |
| **been**(4) | 5:6  8:1  8:19  8:21 | **date**(6) | 5:11  6:3  6:4  6:6  6:22  11:19 | **factual**(3) | 5:8  7:22  7:23 | **itself**(1) | 6:16 |
| **before**(2) | 1:19  7:5 | **dates**(1) | 6:1 | **failure**(1) | 5:2 | **it's**(5) | 4:8  7:10  9:22  9:23  10:3 |
| **behalf**(9) | 4:9  4:14  5:23  6:10  8:25  9:17  9:24  10:5  10:8 | **david**(1) | 2:18 | **fargo**(1) | 3:4 | **i'd**(2) | 4:12  10:20 |
| | | **davidson**(1) | 2:42 | **february**(1) | 5:8 | **i'm**(2) | 9:1  9:4 |
| | | **davis**(1) | 2:38 | **file**(6) | 5:2  5:5  5:12  6:15  10:10  10:23 | **jacobson**(1) | 3:13 |
| **being**(2) | 5:25  8:6 | **day**(3) | 9:3  10:14  10:21 | **filed**(6) | 6:2  6:16  7:19  7:21  8:11  10:16 | **james**(2) | 1:25  2:24 |
| **believe**(5) | 4:9  4:18  5:8  6:1  6:16 | **dbtca**(1) | 2:34 | **filing**(1) | 9:12 | **jillian**(1) | 1:26 |
| **bender**(26) | 2:4  2:5  4:12  4:14  4:14  5:23  5:23  6:13  6:21  6:22  8:14  8:15  8:15  8:25  8:25  9:8  9:17  9:17  9:23  9:23  10:5  10:12  11:4  11:4  11:8 | **deadline**(1) | 9:12 | **filings**(4) | 5:7  5:9  6:20  6:21 | **joann**(11) | 4:4  4:14  5:23  6:2  6:4  8:15  9:1  9:17  9:24  10:5  11:4 |
| | | **debtor**(2) | 1:23  9:8 | **fine**(3) | 10:17  10:25  10:25 | | |
| | | **debtors**(16) | 1:12  4:6  4:9  4:15  4:24  5:7  6:5  6:11  6:12  7:17  7:18  7:23  8:3  8:8  10:9  10:19 | **finger**(1) | 3:28 | | |
| | | | | **first**(2) | 4:12  4:23 | **joint**(1) | 10:10 |
| **bender's**(1) | 9:22 | **debtors'**(2) | 6:1  11:2 | **focus**(1) | 6:8 | **jointly**(1) | 1:6 |
| **benefit**(1) | 7:20 | **decision**(1) | 7:10 | **followed**(1) | 9:13 | **judge**(3) | 1:19  1:20  4:3 |
| **between**(2) | 4:24  5:9 | **defer**(1) | 4:15 | | | **june**(1) | 6:3 |
| **bifurcate**(1) | 4:24 | **delaware**(4) | 1:2  1:12  4:1  5:14 | | | **just**(7) | 5:4  5:24  7:5  7:8  9:4  9:25  10:18 |
| **bigalow**(1) | 3:8 | **delay**(2) | 6:18  7:5 | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **kansa**(21) | 1:24  4:8  4:8  4:16  4:16  6:10  6:10  6:24  6:25  7:3  7:16  8:18  9:15  9:21  10:8  10:8  10:18  10:18  10:23  11:2  11:9 | **noticed**(2) | 6:3  6:6 | **requirement**(3) | 5:3  5:5  6:15 | **that**(62) | 4:12  4:19  4:23  5:1  5:9  5:10  5:10  5:10  5:12  5:12  5:14  5:14  5:16  5:18  5:19  6:1  6:7  6:12  6:15  6:17  6:20  6:22  6:25  7:8  7:9  7:10  7:14  7:14  7:21  7:25  7:25  8:2  8:4  8:5  8:10  8:12  8:12  8:12  8:18  8:19  8:23  9:2  9:5  9:9  9:10  9:12  9:13  9:14  9:15  9:16  9:18  9:19  9:21  10:2  10:11  10:12  10:16  10:21  11:1  11:2  11:7  11:13 |
|  |  | **novod**(1) | 2:31 | **resolution**(4) | 4:7  4:10  4:18  5:22 |  |  |
|  |  | **now**(1) | 7:4 | **resolve**(2) | 7:18  8:9 |  |  |
|  |  | **number**(2) | 7:7  7:22 | **respect**(1) | 4:17 |  |  |
|  |  | **objected**(1) | 4:6 | **result**(1) | 8:2 |  |  |
| **karen**(1) | 2:39 | **obviate**(2) | 9:19  9:25 | **resulted**(3) | 8:5  8:6  9:11 |  |  |
| **kate**(1) | 1:31 | **obviates**(1) | 9:21 | **resume**(1) | 7:5 |  |  |
| **katharine**(1) | 2:35 | **offer**(1) | 7:17 | **richards**(1) | 3:28 |  |  |
| **kelly**(1) | 11:19 | **official**(1) | 2:8 | **right**(2) | 4:13  11:6 |  |  |
| **kempner**(1) | 2:42 | **okay**(7) | 7:4  9:19  10:2  10:7  10:14  10:22  10:25 | **roitman**(1) | 2:19 | **that's**(2) | 10:25  10:25 |
| **ken**(6) | 1:24  4:8  4:16  6:10  10:8  10:18 |  |  | **rudnick**(1) | 2:30 | **the**(118) | 1:1  1:2  1:19  4:2  4:3  4:3  4:4  4:6  4:7  4:7  4:9  4:9  4:10  4:12  4:13  4:15  4:17  4:17  4:19  4:19  4:20  4:21  4:21  4:23  4:24  4:24  4:25  5:2  5:3  5:4  5:5  5:6  5:9  5:11  5:13  5:16  5:18  5:25  6:1  6:3  6:5  6:5  6:8  6:8  6:11  6:11  6:12  6:12  6:14  6:16  6:17  6:19  6:22  6:24  7:2  7:4  7:5  7:7  7:9  7:9  7:12  7:13  7:16  7:17  7:18  7:18  7:19  7:19  7:20  7:20  7:23  8:3  8:7  8:8  8:10  8:10  8:14  8:17  8:22  8:24  9:2  9:3  9:4  9:5  9:7  9:8  9:9  9:9  9:10  9:11  9:19  9:19  9:21  9:25  10:2  10:2  10:3  10:7  10:9  10:11  10:14  10:15  10:15  10:15  10:16  10:19  10:19  10:20  10:21  10:22  10:25  11:2  11:6  11:10  11:13  11:14  11:14  11:15 |
| **kevin**(1) | 1:19 |  |  | **rule**(1) | 8:7 |  |  |
| **kind**(1) | 6:7 |  |  | **rules**(2) | 5:13  8:7 |  |  |
| **kjc**(1) | 1:5 | **one**(5) | 7:7  7:8  7:11  7:12  7:16 | **said**(1) | 9:25 |  |  |
| **knowledge**(1) | 5:10 | **open**(1) | 5:17 | **say**(3) | 7:5  8:4  8:22 |  |  |
| **landis**(2) | 2:8  2:10 | **opening**(1) | 8:20 | **saying**(2) | 9:8  9:8 |  |  |
| **language**(1) | 9:6 | **other**(5) | 7:12  7:15  7:17  8:21  11:5 | **scheduled**(1) | 10:4 |  |  |
| **last**(1) | 4:19 | **our**(3) | 7:14  7:19  9:21 | **schotz**(1) | 1:29 |  |  |
| **layton**(1) | 3:28 | **out**(1) | 10:20 | **schuylkill**(1) | 1:37 |  |  |
| **least**(1) | 6:12 | **owing**(2) | 5:13  5:17 | **scott**(1) | 3:5 |  |  |
| **leave**(1) | 4:5 | **papers**(1) | 7:19 | **securities**(2) | 3:12  3:12 |  |  |
| **lemay**(1) | 2:18 | **parke**(1) | 2:14 | **see**(1) | 9:7 |  |  |
| **leonard**(1) | 1:30 | **parker**(21) | 4:4  4:15  4:24  5:1  5:11  5:15  5:24  6:2  6:5  6:13  6:21  6:23  7:21  8:1  8:15  8:18  9:1  9:18  9:24  10:6  11:4 | **seen**(1) | 7:20 |  |  |
| **less**(1) | 7:13 |  |  | **seife**(1) | 2:17 |  |  |
| **let**(3) | 4:12  7:5  9:7 |  |  | **september**(1) | 6:17 | **them**(1) | 7:8 |
| **light**(1) | 10:2 |  |  | **service**(2) | 1:36  1:43 | **then**(1) | 9:19 |
| **like**(1) | 10:20 |  |  | **services**(1) | 1:36 | **there**(7) | 4:22  6:14  6:20  7:6  7:7  10:13  11:1 |
| **live**(1) | 9:20 |  |  | **set**(1) | 8:10 | **there's**(1) | 5:8 |
| **living**(1) | 8:21 | **parker's**(2) | 8:5  8:11 | **she**(4) | 5:2  5:12  5:16  9:12 | **these**(3) | 5:20  7:24  7:25 |
| **llc**(1) | 1:36 | **particular**(1) | 4:25 | **should**(2) | 5:20  5:21 | **they**(1) | 9:9 |
| **llp**(5) | 1:23  2:14  2:23  3:20  3:20 | **parties**(5) | 4:7  4:10  5:9  9:20  10:3 | **side**(1) | 11:3 | **they're**(2) | 9:8  9:12 |
| **local**(1) | 5:13 | **partners**(1) | 2:42 | **sidley**(3) | 1:23  4:8  4:16 | **think**(8) | 4:11  4:22  5:20  7:10  7:14  8:3  8:12  10:10 |
| **ludwig**(1) | 1:26 | **patricia**(10) | 2:4  2:5  4:14  5:23  8:15  8:25  9:17  9:23  10:5  11:4 | **simply**(2) | 8:9  8:22 |  |  |
| **luftglass**(1) | 2:39 |  |  | **situation**(1) | 8:6 |  |  |
| **lugano**(1) | 1:34 |  |  | **six-month**(1) | 6:18 |  |  |
| **made**(1) | 5:10 |  |  | **slater**(1) | 3:8 | **this**(16) | 4:2  4:23  4:25  5:4  5:22  6:11  7:5  7:18  7:19  8:4  8:6  8:9  9:13  10:23  11:2  11:7 |
| **mail**(2) | 5:17  8:20 | **paused**(1) | 7:1 | **sloan**(1) | 3:29 |  |  |
| **mailed**(1) | 5:4 | **paying**(1) | 8:20 | **solution**(2) | 7:11  7:14 |  |  |
| **make**(3) | 5:18  6:8  7:9 | **pennsylvania**(1) | 1:38 | **solutions**(2) | 4:11  4:22 |  |  |
| **makes**(2) | 7:22  7:23 | **period**(1) | 6:7 | **some**(2) | 4:11  10:20 | **thomas**(1) | 2:16 |
| **making**(1) | 9:5 | **pickering**(1) | 3:16 | **sottile**(1) | 2:24 | **those**(3) | 5:9  7:25  8:8 |
| **many**(1) | 5:19 | **plaintiff**(1) | 2:4 | **sound**(2) | 1:42  11:14 | **though**(2) | 6:4  8:12 |
| **marc**(2) | 2:15  2:19 | **pleadings**(1) | 5:11 | **spaeder**(1) | 2:23 | **thought**(1) | 7:17 |
| **march**(5) | 1:14  4:1  5:6  6:12  11:18 | **point**(2) | 4:20  6:11 | **speak**(1) | 4:12 | **thoughts**(1) | 7:15 |
| **market**(1) | 1:11 | **polk**(1) | 2:38 | **specifically**(2) | 9:2  9:10 | **through**(1) | 6:20 |
| **matter**(8) | 4:10  4:20  4:23  4:25  5:22  7:18  8:24  11:15 | **possible**(2) | 4:22  4:23 | **sperling**(1) | 3:8 | **time**(6) | 5:12  6:5  6:7  6:22  7:19  10:19 |
|  |  | **ppearances**(3) | 1:22  2:1  3:1 | **stand**(1) | 11:7 | **today**(2) | 10:12  11:1 |
|  |  | **practical**(1) | 7:11 | **state**(1) | 9:10 | **touch**(1) | 5:4 |
| **matters**(1) | 11:5 | **prepared**(7) | 4:11  6:19  8:3  9:16  10:3  10:9  10:11 | **stated**(3) | 5:24  8:21  9:4 | **touches**(1) | 5:5 |
| **matthew**(2) | 2:11  3:13 |  |  | **statements**(2) | 4:19  7:23 | **transcriber**(1) | 11:19 |
| **may**(7) | 4:23  7:12  8:2  8:20  8:22  8:23  8:23 |  |  | **states**(3) | 1:1  1:20  9:2 | **transcript**(3) | 1:18  1:43  11:14 |
| **mayer**(1) | 2:35 | **present**(2) | 4:11  7:25 | **steven**(1) | 3:21 | **transcription**(2) | 1:36  1:43 |
| **mccarter**(1) | 2:34 | **presently**(1) | 10:4 | **stickles**(1) | 1:31 | **tribune**(2) | 1:8  4:3 |
| **mccloy**(1) | 3:24 | **pretrial**(2) | 10:10  10:16 | **stipulate**(2) | 8:10  8:18 | **trust**(1) | 2:30 |
| **mccormack**(1) | 2:16 | **prior**(2) | 6:21  6:25 | **stipulating**(1) | 8:16 | **try**(1) | 7:17 |
| **mcguire**(1) | 2:11 | **proceed**(2) | 10:9  10:12 | **stipulation**(2) | 9:18  10:15 | **trying**(3) | 5:1  6:8  8:13 |
| **meaning**(1) | 8:7 | **proceedings**(4) | 1:18  1:42  4:4  11:15 | **stone**(1) | 3:25 | **tuesday**(1) | 10:24 |
| **meet**(1) | 9:11 | **produced**(1) | 1:43 | **street**(2) | 1:11  1:37 | **tweed**(1) | 3:24 |
| **meisel**(1) | 1:29 | **proof**(5) | 5:2  5:5  5:12  6:15  6:16 | **subject**(2) | 4:19  4:21 | **two**(1) | 4:22 |
| **memorandum**(2) | 10:10  10:16 | **proposed**(1) | 7:20 | **submit**(1) | 5:18 | **unable**(1) | 5:15 |
| **millbank**(1) | 3:24 | **provide**(1) | 4:21 | **submitted**(1) | 6:2 | **under**(1) | 7:14 |
| **moment**(1) | 7:2 | **purposes**(3) | 7:24  7:25  8:8 | **sure**(1) | 9:4 | **underlying**(1) | 5:7 |
| **monday**(1) | 10:11 | **question**(1) | 5:16 | **take**(1) | 10:20 | **understand**(4) | 8:4  8:16  9:4  9:7 |
| **more**(1) | 7:12 | **raise**(1) | 6:17 | **taken**(1) | 10:19 | **understanding**(1) | 9:24 |
| **morgan**(2) | 2:38  3:28 | **raised**(1) | 5:6 | **talk**(1) | 11:1 | **understood**(1) | 7:16 |
| **morning**(1) | 4:2 | **raises**(1) | 6:11 | **talking**(1) | 7:8 | **undisputedly**(1) | 5:25 |
| **motion**(2) | 4:4  6:9 | **rath**(2) | 2:8  2:9 | **tammy**(1) | 11:19 | **unfamiliarity**(1) | 5:13 |
| **move**(1) | 10:3 | **reached**(3) | 4:7  4:10  4:18 | **telephone**(2) | 4:5  4:18 | **united**(2) | 1:1  1:20 |
| **much**(3) | 8:9  10:20  11:6 | **read**(2) | 8:22  9:9 | **telephonic**(1) | 1:18 | **unless**(1) | 7:8 |
| **namely**(1) | 7:25 | **reading**(1) | 9:1 | **terms**(1) | 4:21 | **unsecured**(1) | 2:9 |
| **necessarily**(2) | 8:5  8:23 | **received**(1) | 6:21 | **testify**(1) | 4:5 | **until**(1) | 6:16 |
| **need**(6) | 7:12  9:20  9:21  9:25  10:14  11:1 | **recent**(1) | 10:15 | **testimony**(2) | 9:20  9:25 | **upon**(1) | 7:13 |
| **neglect**(4) | 5:1  5:15  6:19  7:6 | **record**(1) | 4:3 | **thank**(4) | 7:4  11:6  11:8  11:9 | **very**(4) | 7:22  10:20  10:24  11:6 |
| **never**(1) | 6:6 | **recorded**(1) | 1:42 |  |  | **viable**(1) | 7:14 |
| **nolan**(1) | 3:9 | **recording**(3) | 1:42  7:1  11:14 |  |  | **want**(1) | 8:12 |
| **nomura**(2) | 3:12  3:12 | **regard**(1) | 5:24 |  |  | **was**(12) | 5:16  6:2  6:3  6:4  6:6  6:13  6:14  6:16  6:20  7:6  9:24  11:10 |
| **not**(12) | 4:18  5:4  5:12  5:17  6:3  6:16  7:18  7:23  8:3  8:23  8:23  9:4 | **relates**(1) | 5:1 |  |  |  |  |
|  |  | **relief**(1) | 4:6 |  |  |  |  |
|  |  | **report**(9) | 7:20  7:22  8:4  8:11  8:17  9:1  9:6  9:9  9:10 |  |  | **week**(1) | 7:19 |
| **notice**(2) | 5:4  6:20 | **represented**(2) | 5:11  6:22 |  |  |  |  |
|  |  | **representing**(1) | 6:5 |  |  |  |  |

| Word | Page:Line |
|---|---|

**well**(2) 7:6  9:7
**wells**(1) 3:4
**were**(4) 4:20  5:3  5:9  7:9
**we'll**(1) 9:8
**we're**(2) 4:3  7:4
**what**(7) 5:10  5:24  6:7  8:3  8:13  9:7  9:24
**when**(3) 6:13  6:22  6:25
**whereupon**(1) 11:10
**whether**(3) 5:16  6:17  7:6
**which**(3) 4:6  4:21  7:22
**white**(1) 3:4
**will**(4) 4:15  8:10  10:12  11:7
**willing**(2) 7:24  8:9
**wilmer**(1) 3:16
**wilmington**(3) 1:12  2:30  4:1
**with**(11) 4:6  4:17  5:13  6:13  6:19  8:1  8:3  8:19  10:3  10:10  10:16

**within**(1) 8:7
**witness**(2) 4:5  9:22
**wording**(1) 9:5
**work**(1) 10:20
**would**(11) 4:21  6:17  7:17  8:18  8:22  9:2  9:16  9:25  10:9  10:16  10:24

**www.diazdata.com**(1) 1:40
**yes**(3) 7:3  9:25  10:6
**you**(8) 7:4  7:5  8:16  9:3  10:14  11:6  11:8  11:9

**your**(11) 4:8  4:16  6:10  7:3  7:16  9:15  9:22  10:8  10:18  11:3  11:9

**you're**(2) 7:8  9:5
**zuckerman**(1) 2:23
**"may"**(1) 8:22