# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | **Chapter 11** |
| **TRIBUNE COMPANY, et al.,**[1] | **Case No. 08-13141 (KJC)** |
| Debtors. | **Jointly Administered** |
| | **Ref. Docket Nos. 11167-11170** |

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                             ) ss.:
COUNTY OF NEW YORK    )

PETE CARIS, being duly sworn, deposes and says:

1. I am employed as a Noticing Coordinator by Epiq Bankruptcy Solutions, LLC, located at 757 Third Avenue, New York, New York 10017. I am over the age of eighteen years and am not a party to the above-captioned action.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

2.  On March 17, 2012, I caused to be served the:

   a.  "DCL Plan Proponents' Reply to Objections to Supplemental Disclosure Document Relating to Third Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A.," dated March 16, 2012 [Docket No. 11167],

   b.  "Notice of Filing of Third Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (As Modified March 16, 2012)," related to Docket No. 11168, dated March 16, 2012, annexed hereto as Exhibit A,

   c.  Notice of Filing of Supplemental Disclosure Document Relating to Third Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (As Modified March 16, 2012)," related to Docket No. 11169, dated March 16, 2012, annexed hereto as Exhibit B, and

   d.  "Reply to Objections and Second Supplement to Motion of Debtors for Order (I) Approving Supplemental Disclosure Document; (II) Establishing Scope, Forms, Procedures, and Deadlines for Resolicitation and Tabulation of Votes to Accept or Reject DCL Plan From Certain Classes; (III) Authorizing Tabulation of Prior Votes and Elections on DCL Plan Made by Holders of Claims in Non-Resolicited Classes; (IV) Scheduling the Confirmation Hearing and Establishing Notice and Objection Procedures in Respect Thereof; and (V) Granting Related Relief," related to Docket No. 11170, dated March 16, 2012, annexed hereto as Exhibit C, and

   by causing true and correct copies to be enclosed securely in separate postage pre-paid envelopes and delivered via first class mail to those parties listed on the annexed Exhibit D.

3.  All envelopes utilized in the service of the foregoing contained the following legend: "LEGAL DOCUMENTS ENCLOSED. PLEASE DIRECT TO ATTENTION OF ADDRESSEE, PRESIDENT OR LEGAL DEPARTMENT."

Pete Caris

Sworn to before me this
22nd day of March, 2012

Notary Public

PANAGIOTA MANATAKIS
NOTARY PUBLIC STATE OF NEW YORK
QUEENS COUNTY
LIC. #01MA6221096
COMM. EXP. APRIL 26, 2014

-2-

**EXHIBIT A**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### NOTICE OF FILING OF THIRD AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, OAKTREE CAPITAL MANAGEMENT, L.P., ANGELO, GORDON & CO., L.P., AND JPMORGAN CHASE BANK, N.A. (AS MODIFIED MARCH 16, 2012)

**PLEASE TAKE NOTICE** that, attached hereto as Exhibit A is the Third Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (the "Third Amended DCL Plan") Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (As Modified March 16, 2012), without exhibits.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**PLEASE TAKE FURTHER NOTICE** that, attached hereto as <u>Exhibit B</u> is a cumulative black-line that compares the Third Amended DCL Plan to the prior version of such Plan that was filed on February 20, 2012 [Docket No. 10958].

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order Establishing Scheduling for (1) Resolution of the Allocation Disputes and (2) Consideration of DCL Plan Proponents' Supplemental Disclosure Document, Solicitation Procedures Motion and Plan [Docket No. 10692], a hearing on confirmation of the Third Amended DCL Plan is scheduled to commence on May 16, 2012 at 10:00 a.m. (Eastern Time) before the Honorable Kevin J. Carey, United States Bankruptcy Judge, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 5th Floor, Courtroom No. 5, Wilmington, Delaware 19801.

**PLEASE TAKE FURTHER NOTICE** that a copy of this Notice, without Exhibits, will be served on all parties having requested notice pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Third Amended DCL Plan may be (i) obtained free of charge from Epiq Bankruptcy Solutions, LLC's ("Epiq") dedicated website related to the Debtors' chapter 11 cases (http://chapter11.epiqsystems.com/tribune) or by telephoning Epiq at (646) 282-2400; (ii) inspected during regular business hours at the Office of the Clerk of the Bankruptcy Court, 3rd Floor, 824 Market Street Wilmington, Delaware 19801; or (iii) viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov) by following the directions for accessing the ECF system on such website.

Dated: Wilmington, Delaware
      March 16, 2012

                                    SIDLEY AUSTIN LLP
                                    James F. Conlan
                                    Bryan Krakauer
                                    Kevin T. Lantry
                                    Jessica C.K. Boelter
                                    One South Dearborn Street
                                    Chicago, Illinois 60603
                                    Telephone:  (312) 853-7000
                                    Facsimile:  (312) 853-7036

                                    – and –

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

*/s/  J. Kate Stickles*
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

*Counsel for Debtors and Debtors In Possession*

CHADBOURNE & PARKE LLP
Howard Seife
David M. LeMay
Andrew Rosenblatt
30 Rockefeller Plaza
New York, New York 10112
Telecopier: (212) 541-5369

– and –

LANDIS RATH & COBB LLP

*/s/  Matthew B. McGuire*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 1800
Wilmington, Delaware  19801
Telecopier: (302) 467-4450

– and –

ZUCKERMAN SPAEDER LLP
Graeme W. Bush
James Sottile
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Telecopier: (202) 822-8106

*Counsel for the Official Committee of
Unsecured Creditors*

DEWEY & LEBOEUF LLP
Bruce Bennett
James O. Johnston
Joshua M. Mester
333 South Grand Avenue, Suite 2600
Los Angeles, California 90071
Telecopier: (213) 621-6100

– and –

YOUNG CONAWAY
STARGATT & TAYLOR, LLP

*/s/  M. Blake Cleary*
Robert S. Brady (No. 2847)
M. Blake Cleary (No. 3614)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telecopier: (302) 571-1253

*Counsel for Oaktree Capital Management, L.P. and
Angelo, Gordon & Co., L.P.*

WILMER CUTLER PICKERING HALE
& DORR LLP
Andrew Goldman
399 Park Avenue
New York, New York 10022
Telecopier: (212) 220-8888

*Co-Counsel for Angelo, Gordon & Co., L.P.*

DAVIS POLK & WARDWELL LLP
Donald S. Bernstein
Damian Schaible
450 Lexington Avenue
New York, New York 10017
Telecopier: (212) 701-5800

– and –

RICHARDS, LAYTON & FINGER, P.A.

*/s/  Drew G. Sloan*
Mark D. Collins (No. 2981)
Robert J. Stearn, Jr. (No.  2915)
Drew G. Sloan (No. 5069)
One Rodney Square, 920 N. King Street
Wilmington, Delaware 19801
Telecopier: (302) 651 7701

*Counsel for JPMorgan Chase Bank, N.A.*

46429/0001-8390673v1

**EXHIBIT B**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Related to Docket No. 11168** |

### NOTICE OF FILING OF SUPPLEMENTAL DISCLOSURE DOCUMENT RELATING TO THIRD AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, OAKTREE CAPITAL MANAGEMENT, L.P., ANGELO, GORDON & CO., L.P., AND JPMORGAN CHASE BANK, N.A. (AS MODIFIED MARCH 16, 2012)

**PLEASE TAKE NOTICE** that, attached hereto as <u>Exhibit 1</u>, is the Supplemental Disclosure Document Relating to Third Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (As Modified March 16, 2012) (the "Supplemental Disclosure Document").

**PLEASE TAKE FURTHER NOTICE** that, attached hereto as Exhibit 2, is a cumulative black-line that compares the Supplemental Disclosure Document, without exhibits other than Exhibit B thereto, to the Supplemental Disclosure Document Relating to Third Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A. (As Modified February 20, 2012), without exhibits other than Exhibit A thereto, that was previously filed February 20, 2012 [Docket No. 10959].[2]

**PLEASE TAKE FURTHER NOTICE** that a copy of this Notice, without Exhibits, will be served on all parties having requested notice pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Supplemental Disclosure Document may be (i) obtained free of charge from Epiq Bankruptcy Solutions, LLC's ("Epiq") dedicated website related to the Debtors' chapter 11 cases (http://chapter11.epiqsystems.com/tribune) or by telephoning Epiq at (646) 282-2400; (ii) inspected during regular business hours at the Office of the Clerk of the Bankruptcy Court, 3rd Floor, 824 Market Street Wilmington, Delaware 19801; or (iii) viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov) by following the directions for accessing the ECF system on such website.

---

[2]   A black-line of the chart set forth in Section E of Exhibit B to the Supplemental Disclosure Document is not available. Accordingly, the cumulative black-line that is attached hereto as Exhibit 2 does not include the chart set forth in Section E of Exhibit B to the Supplemental Disclosure Document.

Dated: Wilmington, Delaware
March 16, 2012

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kevin T. Lantry
Jessica C.K. Boelter
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312 853-7000
Facsimile:  (312) 853-7036

– and –

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

*/s/  J. Kate Stickles*
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

*Counsel for Debtors and Debtors In Possession*

CHADBOURNE & PARKE LLP
Howard Seife
David M. LeMay
Andrew Rosenblatt
30 Rockefeller Plaza
New York, New York 10112
Telecopier: (212) 541-5369

– and –

LANDIS RATH & COBB LLP

*/s/  Matthew B. McGuire*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 1800
Wilmington, Delaware  19801
Telecopier: (302) 467-4450

– and –

3

ZUCKERMAN SPAEDER LLP
Graeme W. Bush
James Sottile
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Telecopier: (202) 822-8106

*Counsel for the Official Committee of
Unsecured Creditors*

DEWEY & LEBOEUF LLP
Bruce Bennett
James O. Johnston
Joshua M. Mester
333 South Grand Avenue, Suite 2600
Los Angeles, California 90071
Telecopier: (213) 621-6100

– and –

YOUNG CONAWAY
STARGATT & TAYLOR, LLP

*/s/  M. Blake Cleary*
Robert S. Brady (No. 2847)
M. Blake Cleary (No. 3614)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telecopier: (302) 571-1253

*Counsel for Oaktree Capital Management, L.P. and
Angelo, Gordon & Co., L.P.*

46429/0001-8390679v1

WILMER CUTLER PICKERING HALE
& DORR LLP
Andrew Goldman
399 Park Avenue
New York, New York 10022
Telecopier: (212) 220-8888

*Co-Counsel for Angelo, Gordon & Co., L.P.*

DAVIS POLK & WARDWELL LLP
Donald S. Bernstein
Damian Schaible
450 Lexington Avenue
New York, New York 10017
Telecopier: (212) 701-5800

– and –

RICHARDS, LAYTON & FINGER, P.A.

*/s/  Drew G. Sloan*
Mark D. Collins (No. 2981)
Robert J. Stearn, Jr. (No.  2915)
Drew G. Sloan (No. 5069)
One Rodney Square, 920 N. King Street
Wilmington, Delaware 19801
Telecopier: (302) 651 7701

*Counsel for JPMorgan Chase Bank, N.A.*

46429/0001-8390679v1

**EXHIBIT C**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Hearing Date: March 30, 2012 at 11:00 a.m. ET**<br>**Related to Docket Nos. 10274, 10692, 10960, 11134, and**<br>**11135** |

## REPLY TO OBJECTIONS AND SECOND SUPPLEMENT TO MOTION OF DEBTORS FOR ORDER (I) APPROVING SUPPLEMENTAL DISCLOSURE DOCUMENT; (II) ESTABLISHING SCOPE, FORMS, PROCEDURES, AND DEADLINES FOR RESOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT DCL PLAN FROM CERTAIN CLASSES; (III) AUTHORIZING TABULATION OF PRIOR VOTES AND ELECTIONS ON DCL PLAN MADE BY HOLDERS OF CLAIMS IN NON-RESOLICITED CLASSES; (IV) SCHEDULING THE CONFIRMATION HEARING AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES IN RESPECT THEREOF; AND (V) GRANTING RELATED RELIEF

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

The debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), by and through their undersigned counsel, submit this (i) reply to objections filed or asserted with respect to that certain Motion of Debtors for Order (I) Approving Supplemental Disclosure Document; (II) Establishing Scope, Forms, Procedures, and Deadlines for Resolicitation and Tabulation of Votes to Accept or Reject DCL Plan from Certain Classes; (III) Authorizing Tabulation of Prior Votes and Elections on DCL Plan Made by Holders of Claims in Non-Resolicited Classes; (IV) Scheduling the Confirmation Hearing and Establishing Notice and Objection Procedures in Respect Thereof; and (V) Granting Related Relief (Docket No. 10274) (the "Solicitation Procedures Motion") as supplemented on February 20, 2012 (Docket No. 10960)[2] and (ii) second supplement to the Solicitation Procedures Motion (the "Reply and Second Supplement").  In support of the Solicitation Procedures Motion, the Debtors state as follows:

1.    No party objected to the procedures to be employed by the Debtors in resoliciting votes and elections on the Third Amended DCL Plan.  In addition, only one party – Aurelius Capital Management, L.P. – filed a limited objection to approval of the proposed Supplemental Disclosure Document.  See Limited Objection of Aurelius Capital Management, LP to the DCL Plan Proponents' Supplemental Disclosure Document Relating to Third Amended Joint Plan of Reorganization (As Modified February 20, 2012) (Docket No. 11134), joined by Law Debenture Trust Company of New York (Docket No. 11135) (the "Limited Objection").  In addition, certain other parties have raised various concerns respecting the Third Amended DCL Plan, both in connection with the recent hearings before the Bankruptcy Court on the Allocation

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Solicitation Procedures Motion, as supplemented.

Disputes and otherwise, that may later be asserted as objections to confirmation of the Third

Amended DCL Plan.

2.      The Debtors wish to make confirmation of the Third Amended DCL Plan

at the hearings set for May 16 and 17, 2012 as simple and efficient as possible.  To narrow the

scope of objections and thus facilitate that confirmation, the Debtors and the other proponents of

the Third Amended DCL Plan have considered the requests for plan modifications raised by

parties in interest in the Limited Objection, in the hearings on the Allocation Disputes, and

otherwise.  The Debtors and the other proponents of the Third Amended DCL Plan have made

certain limited modifications to the Third Amended DCL Plan to address and resolve those

requests and thus eliminate in advance as many potential plan objections as possible.  These

modifications are reflected in a revised version of such plan filed contemporaneously with this

Reply and Second Supplement.  The DCL Plan Proponents have also modified the Supplemental

Disclosure Document to reflect and conform to the revisions to the Third Amended DCL Plan.

3.      In order to resolve issues raised by the Limited Objections and also

informally raised by Wilmington Trust Company , as successor indenture trustee for the

PHONES Notes, the Third Amended DCL Plan eliminates the Creditors' Trust that had been

included in prior versions of the DCL Plan.  Elimination of the Creditors' Trust requires several

minor revisions to the proposed solicitation materials.  Specifically, the Debtors have revised the

forms of Supplemental Ballots, Supplemental Beneficial Ballots, Supplemental Master Ballots,

Supplemental Election Forms, and corresponding Instructions to be used in voting on the Third

Amended DCL Plan to eliminate the elections to opt out of the Creditors' Trust for Holders of

claims against Tribune Company that had previously been entitled to make such elections (i.e.,

Senior Loan Claims, Bridge Loan Claims, Senior Noteholder Claims, Other Parent Claims, EGI-TRB LLC Notes Claims, and PHONES Notes Claims).

4.  Elimination of the Creditors' Trust has also caused the Debtors to propose resoliciting votes to accept or reject the Third Amended DCL Plan from the Holders of (i) Senior Loan Claims/Senior Guaranty Claims and (ii) Bridge Loan Claims.  Prior to its recent modification, the Holders of Senior Loan Claims and Bridge Loan Claims were to receive Creditors' Trust Interests as part of their overall distributions under the Third Amended DCL Plan.  The Debtors do not believe that removal of the Creditors' Trust Interests from these Holders' overall distribution package is a material adverse change in the treatment of those Holders' claims.  See In re Am. Solar King Corp., 90 B.R. 808, 826 (Bankr. W.D.Tex. 1988) (modification to treatment must be material and adverse for resolicitation to be required).  Nonetheless, out of an abundance of caution, the Debtors believe that resolicitation of votes to accept or reject the DCL Plan from the Holders of Senior Loan Claims/Senior Guaranty Claims and Bridge Loan Claims is beneficial and ensures that no later challenges can legitimately be raised respecting such Classes' acceptances of the Third Amended DCL Plan.[3]  Accordingly, the Debtors modify the relief requested in the Solicitation Procedures Motion to withdraw their request that acceptances of the Second Amended DCL Plan by the Holders of Senior Loan Claims/Senior Guaranty Claims and Bridge Loan Claims be deemed to be acceptances of the Third Amended DCL Plan as well.

---

[3] The treatment of Senior Guaranty Claims under the Third Amended DCL Plan is unchanged from the Second Amended DCL Plan and the Third Amended DCL Plan prior to its recent modification.  The nearly-complete overlap between the Holders of Senior Loan Claims and Senior Guaranty Claims, together with the fact that Senior Loan Claims and Senior Guaranty Claims have been solicited together on the same ballots in the solicitation processes to date in these cases, has caused the Debtors to conclude that failing to resolicit the Senior Guaranty Claims with respect to the Third Amended DCL Plan would likely cause more confusion than it would resolve.  For that reason, the Debtors propose that Senior Loan Claims and Senior Guaranty Claims will be resolicited together on the same ballots in the instant solicitation process, in the same manner they have been previously been solicited, notwithstanding the absence of a change in treatment of the Senior Guaranty Claims.

5.     The modifications and additions described herein are reflected in the
revised forms of Supplemental Ballots, Supplemental Beneficial Ballots, Supplemental Master
Ballots, Supplemental Election Forms, Instructions, and notices, and proposed forms of
Supplemental Ballots to be used by the Holders of Senior Loan Claims/Senior Guaranty Claims
and Bridge Loan Claims in voting on and making elections under the Third Amended DCL Plan
submitted herewith collectively as <u>Exhibits A-K</u>, together with blacklines against the forms of
those materials that were filed with the Court on February 20, 2012.  The Debtors have also
submitted herewith a revised form of order approving the Solicitation Procedures Motion that
reflects the modifications to the relief sought in that Motion described herein, together with a
version of that proposed form of order blacklined against the proposed order originally submitted
with the Solicitation Procedures Motion.

## NOTICE

6.     Notice of this Supplement has been provided to: (i) the Office of the
United States Trustee; (ii) counsel for the Official Committee of Unsecured Creditors; (iii)
counsel for the administrative agents for Tribune Company's prepetition loan facilities; (iv)
counsel for the administrative agent for the Debtors' post-petition loan facility; and (v) all parties
having requested notice in the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 2002.  In
light of the nature of the relief requested herein, the Debtors submit that no other or further
notice is necessary.

WHEREFORE, subject to the amendments and modifications set forth in this Reply and

Second Supplement, the Debtors respectfully request that the Court grant (i) the relief requested

in the Solicitation Procedures Motion, and (ii) such other and further relief as the Court deems

just and proper.

Dated: March 16, 2012

SIDLEY AUSTIN LLP
James F. Conlan
Kevin T. Lantry
Kenneth P. Kansa
Jillian K. Ludwig
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-0199

-and-

COLE, SCHOTZ, MEISEL, FORMAN &
LEONARD, P.A.

By: _____ */s/ J. Kate Stickles* _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone:  (302) 652-3131

Counsel for Debtors and Debtors in Possession

## <u>PROPOSED ORDER</u>

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
|  | **Related Docket Nos. 10274, 10960, and ____** |

## ORDER (I) APPROVING SUPPLEMENTAL DISCLOSURE DOCUMENT; (II) ESTABLISHING SCOPE, FORMS, PROCEDURES, AND DEADLINES FOR RESOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT DCL PLAN FROM CERTAIN CLASSES; (III) AUTHORIZING TABULATION OF PRIOR VOTES AND ELECTIONS ON DCL PLAN MADE BY HOLDERS OF CLAIMS IN NON-RESOLICITED CLASSES; (IV) SCHEDULING THE CONFIRMATION HEARING AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES IN RESPECT THEREOF; AND (V) GRANTING RELATED RELIEF

Upon the Motion[2] of the Debtors pursuant to sections 105(a), 1125, 1126, 1127,

1128, and 1129 of the Bankruptcy Code, Bankruptcy Rules 2002, 3003, 3017, 3018, 3019, and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

3020, and Rule 3017-1 of the Local Rules, and other applicable law, for entry of an order

(i) approving the Supplemental Disclosure Document respecting the DCL Plan; (ii) establishing

the scope, forms, procedures, and deadlines for the resolicitation and tabulation of votes on and

elections under the Third Amended Joint Plan of Reorganization For Tribune Company and Its

Subsidiaries (the "Third Amended DCL Plan") proposed by the Debtors, the Official Committee

of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and

JPMorgan Chase Bank, N.A. (the "DCL Plan Proponents"); (iii) authorizing the continued

tabulation of votes and elections previously made on the Second Amended DCL Plan[3] by the

Holders of Claims in impaired Classes other than the Revoting Classes (defined below) for

purposes of the Third Amended DCL Plan; (iv) scheduling the Confirmation Hearing and

establishing notice and objection procedures and fixing necessary dates and deadlines in respect

thereof; and (v) granting related relief, filed on November 18, 2011 (Docket No. 10274) as

supplemented by the supplement to the Motion filed on February 20, 2012 (Docket No. 10960)

(the "Supplement") and the Reply and Second Supplement to the Motion filed on March 16,

2012 (the "Reply and Second Supplement"); and upon consideration of the Motion, the

Supplement, the Reply and Second Supplement, and all pleadings related thereto; and due and

proper notice of the Motion, the Supplement, and the Reply and Second Supplement having been

given under the circumstances; and it appearing that no other or further notice is required; and it

appearing that the Court has jurisdiction to consider the Motion, the Supplement, and the Reply

and Second Supplement in accordance with 28 U.S.C. §§ 157 and 1334, and that this matter is a

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion, the Supplement, or the Reply and Second Supplement, as applicable.

[3] See Second Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., and Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (As Modified April 26, 2011) [Docket No. 8769], as amended on October 19, 2011 [Docket No. 10024].

core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and after due deliberation and

upon the Court's determination that the relief requested is in the best interest of the Debtors and

their estates, and sufficient cause appearing therefor,

## THE COURT FINDS AND DETERMINES THAT:

A.    The Supplemental Disclosure Document, as a supplement to the

previously-approved Disclosure Documents respecting the DCL Plan,[4] contains "adequate

information" within the meaning of section 1125 of the Bankruptcy Code.

B.    The scope of resolicitation of the DCL Plan is appropriately limited to (a)

the Holders of Claims in the six (6) Classes of Claims against Tribune Company whose

distributions may be affected by the resolution of the Allocation Disputes, other formal and

informal objections raised to date respecting the Third Amended DCL Plan, and certain

modifications made to such Plan since the prior solicitation of votes on and elections under such

Plan, which Classes are the Senior Loan Claims/Senior Guaranty Claims, Bridge Loan Claims,

Senior Noteholder Claims, Other Parent Claims, EGI-TRB LLC Notes Claims, and PHONES

Notes Claims; and (b) the Holders of Claims in the thirty-six (36) Classes of General Unsecured

Claims against Non-Guarantor Debtors for which no Holders voted to accept or reject the DCL

Plan in the prior solicitation process (Classes 2E, 4E through 7E, 10E, 12E through 15E, 18E

through 20E, 22E through 29E, 31E through 38E, 40E, 42E, 43E, and 46E through 49E)

---

[4] See General Disclosure Statement dated December 15, 2010 [Docket No. 7232], approved by order entered on December 9, 2010 [Docket Nos. 7215, 7126]; Specific Disclosure Statement Relating to First Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [Docket No. 7135] approved by order entered on December 9, 2009 [Docket No. 7216]; and Explanatory Statement Relating to Modified Elections Under Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (as modified April 26, 2011) [Docket No. 8754] approved by order entered on May 17, 2011 [Docket No. 8926] (collectively with the Supplemental Disclosure Document, and as defined in Section 1.1.85 of the Third Amended DCL Plan, the "Disclosure Documents").

(collectively, the "<u>Subsidiary Revoting Classes</u>" and all of the Claims referenced in this paragraph, collectively, the "<u>Revoting Classes</u>").

C.       The forms of Supplemental Ballots, Supplemental Beneficial Ballots, Supplemental Master Ballots, and any corresponding supplemental treatment election forms for Beneficial Owners of Senior Notes (the "<u>Supplemental Election Forms</u>") for each of the Revoting Classes attached to this Order as <u>Exhibits A-K</u>, respectively, (i) are sufficiently consistent with Official Form No. 14 to be approved, (ii) adequately address the particular needs of these Chapter 11 Cases, including, without limitation, the resolicitation and tabulation of votes on the Third Amended DCL Plan and the making of elections called for under such Plan, and (iii) are appropriate for each Class of Claims entitled to revote to accept or reject the Third Amended DCL Plan and make elections thereon.

D.       The Supplemental Ballot for Holders of Claims in the Subsidiary Revoting Classes states in bolded text that where an impaired Class of Claims is otherwise entitled to vote on the DCL Plan, but no Claim in such Class is voted, such Class will be deemed to have accepted the Plan for that Debtor.

E.       The Supplemental Ballots, Supplemental Beneficial Ballots, Supplemental Master Ballots, and Supplemental Election Forms contain sufficient information to assure that (i) duplicate Supplemental Ballots, Supplemental Master Ballots, and Supplemental Election Forms are not submitted and tabulated and (ii) the Supplemental Master Ballots and Supplemental Election Forms reflect the votes and elections of the Beneficial Owners of the Debtors' Senior Notes and PHONES Notes (other than PHONES Notes Exchange Claims, which shall not be tabulated on Supplemental Master Ballots, but shall instead be voted directly).

F.      The period, as set forth below, in which the DCL Plan Proponents will resolicit acceptances of the Third Amended DCL Plan and new elections thereunder is a reasonable and adequate period of time for Holders of Claims in the Revoting Classes to make an informed decision to accept or reject the Third Amended DCL Plan, make any voluntary elections thereunder, and provide any required certifications.

G.      The procedures set forth in the Motion and the Instructions accompanying the forms of Supplemental Ballots, Supplemental Beneficial Ballots, Supplemental Master Ballots, and Supplemental Election Forms (a) provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code and the Bankruptcy Rules, and (b) are fair and reasonable with respect to a party's right to make the various elections and provide the various certifications contemplated by in the Third Amended DCL Plan, including, without limitation, the elections to grant the releases and select among the treatment options provided under the Third Amended DCL Plan.

H.      The Resolicitation Package to be distributed to Holders of Claims in the Revoting Classes, consisting of (i) a copy of the Third Amended DCL Plan, (ii) a copy of the Supplemental Disclosure Document, (iii) a copy of the applicable Supplemental Ballot, Supplemental Beneficial Ballot, Supplemental Master Ballot, Supplemental Election Form, and/or Foreign Ownership Certification Form, together with corresponding Instructions and one or more pre-paid return envelopes, (iv) a copy of the Confirmation Hearing Notice; and (v) a copy of this Order (without exhibits), complies with Bankruptcy Rules 2002 and 3017 and provides sufficient notice of the DCL Plan and the Confirmation Hearing to all interested parties.

I.      The combination of direct and published notice of the Third Amended DCL Plan and Confirmation Hearing, as set forth in the Motion, provides good and sufficient

notice of the Third Amended DCL Plan, the Confirmation Hearing, the opportunity for Holders

of Claims in the Revoting Classes to vote on, make elections under, and provide certifications

under the Third Amended DCL Plan, and the procedures for parties to object to the Third

Amended DCL Plan, and satisfies the requirements of due process with respect to all known and

unknown creditors of the Debtors.

    J.  The establishment of a new deadline for the submission of Media

Ownership Certifications is not required.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

    1.  The Motion, as supplemented by the Supplement and the Reply and

Second Supplement, is granted.

    2.  All applicable provisions of the Court's Prior Solicitation Orders[5] shall

continue in full force and effect for the purposes of resolicitation of votes on and elections under

the Third Amended DCL Plan, except as otherwise expressly modified in this Order.

    3.  <u>Supplemental Disclosure Document</u>.  The Supplemental Disclosure

Document is approved as containing adequate information within the meaning of section 1125 of

the Bankruptcy Code.

---

[5] This Court previously authorized procedures for solicitation of votes to accept or reject the DCL Plan, and to make elections thereunder, on two occasions.  See Order (I) Approving General Disclosure Statement and Specific Disclosure Statements; (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plans of Reorganization; (III) Approving Forms of Ballots, Master Ballots and Related Instructions; (IV) Approving Solicitation Package Contents and Authorizing Distribution of Solicitation and Notice Materials; (V) Fixing Voting Record Date; (VI) Establishing Notice and Objection Procedures in Respect of Confirmation; (VII) Setting Confirmation Schedule and Establishing Parameters on Confirmation-Related Discovery; (VIII) Establishing New Deadline for Return of Media Ownership Certifications; (IX) Authorizing Expansion of Balloting and Tabulation Agents Retention and Allocation of Costs of Same; and (X) Granting Related Relief [Docket No. 7126, amended at Docket No. 7215] (the "<u>First Solicitation Order</u>"); and Order Approving (I) Form, Scope and Procedures to (A) Provide Holders of Senior Loan Claims and Senior Guaranty Claims with Opportunity to Change Votes on Debtor/Committee/ Lender Plan; (B) Allow Holders of Senior Noteholder Claims and Other Parent Claims to Make New Treatment Elections; (C) Allow Holders of Claims that Previously Granted Certain Releases to Make Elections Concerning Such Releases as Modified; and (D) Allow Holders of Claims Against Tribune Company to Opt Out of Transfer of Disclaimed State Law Avoidance Claims to Creditors Trust Under Debtor/Committee/Lender Plan; and (II) Supplement to Disclosure Statement and Explanatory Statement and Distribution of Same [Docket No. 8926] (the "<u>Second Solicitation Order</u>" and, together with the First Solicitation Order, the "<u>Prior Solicitation Orders</u>").

4.      The DCL Plan Proponents are required to distribute the Supplemental Disclosure Document only to Holders of Claims in the Revoting Classes.

5.      <u>Scope of Resolicitation</u>.  The DCL Plan Proponents are authorized and empowered to provide the Holders of Senior Loan Claims/Senior Guaranty Claims, Bridge Loan Claims, Senior Noteholder Claims, Other Parent Claims, EGI-TRB LLC Notes Claims, PHONES Notes Claims, and General Unsecured Claims in the Subsidiary Revoting Classes with the opportunity to vote to accept or reject the Third Amended DCL Plan and make elections thereunder.

6.      The DCL Plan Proponents are not required to provide any other Holders of Claims that previously cast votes to accept or reject the Second Amended DCL Plan or that made elections thereunder with the opportunity to change such votes or elections.

7.      <u>Affirmance of Existing Deadlines Relating to Confirmation</u>.  In addition to the deadlines concerning the solicitation and consideration of confirmation of the Third Amended DCL Plan established by this Order, the deadlines previously established by the Court's Order Establishing Scheduling for (1) Resolution of the Allocation Disputes and (2) Consideration of DCL Plan Proponents' Supplemental Disclosure Document, Solicitation Procedures Motion and Plan (Docket No. 10692) (the "<u>Confirmation Scheduling Order</u>") are hereby affirmed.  The applicable deadlines concerning the schedule for consideration of the DCL Plan Proponents' Supplemental Disclosure Document, Solicitation Procedures Motion and Plan set forth in the Confirmation Scheduling Order are as follows:

- April 30, 2012 – Deadline to complete all discovery relating to confirmation of the Third Amended DCL Plan

- April 30, 2012 (4:00 p.m. Eastern time) – Supplemental Voting Deadline

- April 30, 2012 (11:59 p.m. Eastern time) – Deadline for filing objections to confirmation of the Third Amended DCL Plan (the "<u>Objection Deadline</u>")

- May 10, 2012 – Deadline for filing briefs in support of confirmation of the Third Amended DCL Plan and replies to confirmation objections

- May 16, 2012 (10:00 a.m. Eastern time) – Confirmation Hearing

8.     <u>Supplemental Voting Record Date</u>.  **March 22, 2012** is established as the Supplemental Voting Record Date for purposes of determining (i) the Holders of Claims in the Revoting Classes that are entitled to vote on the Third Amended DCL Plan, as set forth in the Motion, and (ii) the Holders of Claims in the non-Revoting Classes that, together with parties filing a notice of appearance in these cases, governmental units having an interest in these cases, indenture trustees and equity interest holders, will be provided the Confirmation Hearing Notice and a copy of this Order (without exhibits).

9.     <u>Approving Forms of Supplemental Ballots, Supplemental Beneficial Ballots, Supplemental Master Ballots, Supplemental Election Forms, and Instructions</u>.  The Supplemental Ballots, Supplemental Beneficial Ballots, Supplemental Master Ballots, and Supplemental Election Forms, together with their accompanying Instructions for each of the Revoting Classes, which shall be substantially in the forms annexed hereto as <u>Exhibits A-K</u>, respectively, are hereby approved.

10.     The Debtors are authorized to make non-material modifications to any Supplemental Ballots, Supplemental Beneficial Ballots, Supplemental Master Ballots, and Supplemental Election Forms to be distributed to Holders of Claims in the Revoting Classes pursuant to this Order without further order of the Court.

11.     <u>Resolicitation Package</u>.  The DCL Plan Proponents are authorized and empowered to distribute, through the Voting Agent, to Holders of Claims in the Revoting Classes, by first-class mail: (i) a copy of the Third Amended DCL Plan, (ii) a copy of the Supplemental Disclosure Document, (iii) an appropriate number of Supplemental Ballots,

Supplemental Beneficial Ballots, Supplemental Master Ballots, Supplemental Election Forms, and/or Foreign Ownership Certification Forms, as applicable, together with corresponding Instructions and one or more pre-paid return envelopes, (iv) a copy of the Confirmation Hearing Notice; and (v) a copy of this Order (without exhibits).

12.     <u>Resolicitation Procedures</u>. The DCL Plan Proponents are authorized and empowered to resolicit votes to accept or reject the DCL Plan from the Revoting Classes, in accordance with the following procedures:

- The DCL Plan Proponents will cause Supplemental Beneficial Ballots and accompanying Instructions, together with a Supplemental Master Ballot, to be distributed to each person or entity that was a record Holder of a Senior Noteholder Claim or PHONES Notes Claim (other than the Holder of a PHONES Notes Exchange Claim, discussed below) as of the Supplemental Voting Record Date. The record Holders of Senior Noteholder Claims and PHONES Notes Claims include, without limitation, representatives such as brokers, banks, commercial banks, transfer agents, trust companies, dealers, or other agents or nominees (collectively, the "<u>Voting Nominees</u>"). The Voting Agent will provide each Voting Nominee with reasonably sufficient numbers of Supplemental Beneficial Ballots and accompanying Instructions to distribute to the beneficial owners of the Senior Noteholder Claims and PHONES Notes Claims for whom such Voting Nominee acts (collectively, the "<u>Beneficial Owners</u>").

- The DCL Plan Proponents will also cause Supplemental Election Forms to be distributed to each person or entity that was a record Holder of a Senior Noteholder Claim as of the Supplemental Voting Record Date. In addition to the Supplemental Election Forms, Holders of Senior Noteholder Claims will receive Foreign Ownership Certification Forms for completion if such Holders elect to receive the Senior Noteholder Alternative Treatment. The elections made by Holders of Senior Noteholder Claims to receive the Senior Noteholder Alternative Treatment will be valid <u>only</u> if such Holders have electronically delivered their Senior Notes into the Automated Tender Offer Program at The Depository Trust Company (the "<u>ATOP System</u>") for placement into a Contra-CUSIP. Only the Voting Nominees can submit these elections on behalf of Beneficial Owners of Senior Noteholder Claims. Senior Notes electronically delivered into the ATOP System will <u>not</u> be freely tradable. Holders of Senior Noteholder Claims that elect to receive the Senior Noteholder Alternative Treatment and electronically deliver their Senior Notes into the Contra-CUSIP may withdraw their Senior Notes from the Contra-CUSIP up to and including the Supplemental Voting Deadline. However, if a Holder of a Senior Noteholder Claim withdraws its Senior Notes from the ATOP System, such Holder's election to receive the Senior Noteholder Alternative Treatment will <u>not</u> be counted. Holders of Senior

Noteholder Claims may not withdraw their Senior Notes from the ATOP System after the Supplemental Voting Deadline.  Holders of Senior Noteholder Claims that elect to receive the Senior Noteholder Alternative Treatment, but fail to comply with the procedures for making such elections set forth above, will not receive the Senior Noteholder Alternative Treatment on account of such Holders' Allowed Senior Noteholder Claims.

- Each Voting Nominee will be required to forward the Resolicitation Packages to each Beneficial Owner for voting and making necessary certifications, together with one or more pre-paid return envelopes, so that the Beneficial Owner may return the completed Supplemental Beneficial Ballot, Supplemental Election Form, and Foreign Ownership Certification Form, if applicable, to the Voting Nominee by such deadline as may be established by the Voting Nominee.  Each Voting Nominee shall tabulate the individual votes and elections (other than elections by Holders of Senior Noteholder Claims to receive the Senior Noteholder Alternative Treatment) of its respective Beneficial Owners from their Supplemental Beneficial Ballots on the Supplemental Master Ballot and return the Supplemental Master Ballot, the Supplemental Election Forms, and any Foreign Ownership Certification Forms received (if applicable) to the Voting Agent so that they are received prior to the Supplemental Voting Deadline.  The Voting Nominees will be required to retain Supplemental Beneficial Ballots and Supplemental Election Forms for inspection for a period of at least five (5) years following the Supplemental Voting Deadline.

- With respect to Holders of PHONES Notes Exchange Claims, the DCL Plan Proponents will cause Resolicitation Packages to be distributed to the record Holder of the relevant PHONES Notes as of the date and time such PHONES Notes were put to Tribune for exchange.  It shall be the responsibility of such record Holder to provide the Resolicitation Packages, including any Supplemental Ballot, to any Beneficial Owner(s) of such PHONES Notes, and neither the Voting Agent nor any of the DCL Plan Proponents shall have any responsibility to provide the Resolicitation Packages applicable to Holders of PHONES Notes Exchange Claims to any party other than such record Holder.  The Supplemental Ballots to be provided on account of PHONES Notes Exchange Claims, and/or the Instructions accompanying such Supplemental Ballots, shall provide that they are to be returned directly to the Voting Agent and not to the relevant record Holders.  The allowance of PHONES Notes Exchange Claims shall be solely for voting purposes pursuant to Bankruptcy Rule 3018(a), and shall not constitute a determination by the Court as to the allowance or classification of such Claims for any other purpose.

- The DCL Plan Proponents will cause Resolicitation Packages to be distributed to each person or entity that was a Holder of an Other Parent Claim, EGI-TRB LLC Notes Claim, or General Unsecured Claim in the Subsidiary Revoting Classes as of the Supplemental Voting Record Date.

- The Supplemental Ballot for Holders of Claims in the Subsidiary Revoting Classes states in bolded text that where an impaired Class of Claims is otherwise

entitled to vote on the DCL Plan, but no Claim in such Class is voted, such Class will be deemed to have accepted the Plan for that Debtor.

- The Holders of Other Parent Claims, EGI-TRB LLC Notes Claims, and General Unsecured Claims in the Subsidiary Revoting Classes will have until the Supplemental Voting Deadline to return the Supplemental Ballots to the Voting Agent.

13.    The procedures previously established by the Bankruptcy Court to tabulate votes and elections respecting the DCL Plan shall also apply to the tabulation of votes and elections on any Supplemental Ballots, Supplemental Beneficial Ballots, and Supplemental Master Ballots, as applicable, for the resolicitation of votes on and elections under the Third Amended DCL Plan.

14.    <u>Resolicitation Commencement</u>.  The Voting Agent shall complete mailing of the solicitation materials on or before **March 30, 2012**.

15.    <u>Supplemental Voting Deadline</u>.  Supplemental Ballots, Supplemental Master Ballots, and Supplemental Election Forms must be properly executed and completed, and the originals thereof shall be delivered to the Voting Agent so as to be actually received on or before the Supplemental Voting Deadline (being **April 30, 2012 at 4:00 p.m. (prevailing Eastern time)**) by (a) first-class mail postage prepaid in the return envelope provided with the Supplemental Ballot, Supplemental Master Ballot, or Supplemental Election Form, or (b) personal delivery or overnight courier, in each case to the addresses provided on the Supplemental Ballot, Supplemental Master Ballot, or Supplemental Election Form, as applicable, or in the Instructions for such Supplemental Ballot, Supplemental Master Ballot, or Supplemental Election Form.

16.    <u>No Electronic Transmissions</u>.  Supplemental Ballots, Supplemental Master Ballots, and Supplemental Election Forms may not be transmitted to the Voting Agent by e-mail, facsimile, or other electronic means.

11

17.    <u>No Withdrawal</u>.  After the Supplemental Voting Deadline, Holders of

Claims in the Revoting Classes may not withdraw or modify their Supplemental Ballots,

Supplemental Beneficial Ballots, Supplemental Master Ballots, or Supplemental Election Forms,

as applicable, in any way, absent prior consent of the DCL Plan Proponents or approval by this

Court.

18.    <u>Supplemental Tabulation Deadline</u>.  The Voting Agent is required to file

the results of its tabulation of votes to accept or reject the Third Amended DCL Plan and

accompanying election results no later than **May 7, 2012**.

19.    <u>Rule 3018 Motions</u>.  If any Holder of a Claim wishes to have its Claim

allowed for purposes of voting to accept or reject the Third Amended DCL Plan in a manner that

is inconsistent with the amount or classification(s) set forth on the Supplemental Ballot(s) (or

Supplemental Beneficial Ballot, as applicable) it received, or if any party that did not receive a

Supplemental Ballot wishes to have its Claim temporarily allowed for voting purposes only, such

Holder must serve on the DCL Plan Proponents and file with this Court, on or before **April 5,**

**2012**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such

Claim for purposes of voting (the "<u>3018 Motion</u>").  A 3018 Motion must set forth, with

particularity, the amount and classification in which such Holder believes its Claim should be

allowed for voting purposes and the evidence in support of its belief.  In respect of any timely-

filed 3018 Motion, the Supplemental Ballot(s) in question shall be counted against the Third

Amended DCL Plan (a) in the amount established by this Court in an order entered on or before

the Supplemental Voting Deadline, or (b) if such an order has not been entered by the

Supplemental Voting Deadline and unless the DCL Plan Proponents and the party submitting the

3018 Motion have come to an agreement as to the relief requested in the 3018 Motion, in an

amount equal to (i) the liquidated, non-contingent, and non-disputed amount of such Claim as set forth in the Debtors' schedules of assets and liabilities; (ii) if a proof of claim has been timely filed in respect of such Claim, the liquidated, non-contingent, and non-disputed amount set forth in such proof of claim; or (iii) if neither (i) nor (ii) applies, such party shall not have a Supplemental Ballot counted at all.

20. **April 25, 2012 at 1:00 p.m. (prevailing Eastern time)** is established as the date for a hearing to consider any and all 3018 Motions.

21. With respect to the Holders of PHONES Notes Exchange Claims, the Court's First Solicitation Order shall continue to govern the allowance of such claims solely for the purposes of re-voting on and making elections under the Third Amended DCL Plan, in accordance with the procedures set forth in this Motion. The allowance of PHONES Notes Exchange Claims pursuant to section 3018(a) of the Bankruptcy Code shall not constitute a determination by the Court as to the allowance or classification of such Claims for any other purpose.

22. Affirmance of Votes and Elections on DCL Plan by Non-Revoting Classes. The votes cast on and elections made under the Second Amended DCL Plan by Holders of General Unsecured Claims against the Filed Subsidiary Debtors that had at least one impaired accepting Class (Classes 3E, 8E, 9E, 11E, 16E, 17E, 21E, 39E, 41E, 44E, 45E and 50E-111E) shall continue to be tabulated as votes on and elections under the Third Amended DCL Plan.

23. Holders of Other Parent Claims that elected to have their Claims treated as Convenience Claims as part of the prior solicitation process undertaken on the Second Amended DCL Plan shall continue to have that treatment election recognized and such Holders will not be

treated as Holders of Other Parent Claims for the purposes of resolicitation of the Third
Amended DCL Plan.

24.  <u>Withdrawal of Third Amended DCL Plan as to Certain Debtors</u>.  In the
event that the DCL Plan Proponents withdraw the Third Amended DCL Plan as to any Debtor
because (a) the Third Amended DCL Plan with respect to that Debtor fails to be accepted by the
requisite number and amount of claims voting or (b) the Court, for any reason, denies
confirmation of the Third Amended DCL Plan with respect to such Debtor, then the Debtors
shall have the authority to sell such Debtor's assets to a Debtor that is a proponent of the Third
Amended DCL Plan pursuant to sections 363(b) and/or 1123(b)(4) of the Bankruptcy Code, with
(i) such sale to be effective on or prior to the Effective Date of the Third Amended DCL Plan for
the acquiring Debtor, and (ii) the sale price for the selling Debtor's assets to be paid to the selling
Debtor in cash in an amount equal to the fair value of such assets, as proposed by Tribune
Company and approved by the Court.

25.  <u>Confirmation Hearing</u>.  The Confirmation Hearing shall commence on
**May 16, 2012** at **10:00 a.m. (prevailing Eastern time)**, as set forth in the Confirmation
Scheduling Order.

26.  <u>Notice of Confirmation Hearing</u>.  The Confirmation Hearing Notice and
the Publication Notice, substantially in the forms attached hereto as <u>Exhibits J</u> and <u>K</u>,
respectively, are hereby approved.

27.  The Debtors shall cause the Publication Notice to be published once each
in the national editions of <u>The Wall Street Journal</u>, <u>The New York Times</u>, the <u>Los Angeles
Times</u>, and the <u>Chicago Tribune</u> not less than twenty-eight (28) days before the Objection
Deadline.

28.    <u>Objections to Confirmation of the DCL Plan</u>.  Objections to confirmation of the Third Amended DCL Plan (including any supporting memoranda) must: (i) be made in writing; (ii) state the name and address of the objecting party and the nature of the claim or interest of such party; (iii) state with particularity the legal and factual basis and nature of any objection to the Third Amended DCL Plan; and (iv) be filed with the Court, together with proof of service, and served so that they are received on or before the Objection Deadline (being **April 30, 2012 at 11:59 p.m. (prevailing Eastern time)**) by counsel to the DCL Plan Proponents, as set forth in the Confirmation Scheduling Order.

29.    The Court shall consider only timely-filed written objections to confirmation of the Third Amended DCL Plan.  All objections not timely filed and served in accordance with the procedures described herein by the Objection Deadline shall be deemed overruled.

30.    The DCL Plan Proponents shall file responses, if any, to any objections to confirmation of the Third Amended DCL Plan on or before **May 10, 2012 at 11:59 p.m. (prevailing Eastern time)**, as set forth in the Confirmation Scheduling Order.  The DCL Plan Proponents shall also file with the Court their proposed findings of fact and conclusions of law and their memorandum of law in support of confirmation of the Third Amended DCL Plan on or before such date.

31.    <u>Media Ownership Certifications</u>. The deadline previously established by the Court respecting the submission of Media Ownership Certifications is not modified by this Order.

32.    <u>Amended Plan Supplement</u>. To the extent that any amendments to the Plan Supplement are required in order to conform the terms of any Exhibits to the terms of the Third

Amended DCL Plan, the Debtors will file an Amended Plan Supplement on or before **April 23, 2012 at 11:59 p.m. (prevailing Eastern time)**, as set forth in the Confirmation Scheduling Order.

33.     Notice to Holders of Customer Program Claims.  The modified form of Credit/Refund Notice, substantially in the form annexed hereto as Exhibit I, is hereby approved and the Debtors are hereby authorized to send such Credit/Refund Notice to potential Holders of Customer Program Claims that that Debtors have identified as not having previously received the Credit/Refund Notice.  The Debtors are not required to distribute Resolicitation Packages to Holders of Customer Program Claims.  To the extent any potential Holders of Customer Program Claims contact the Debtors seeking solicitation materials in response to such Credit/Refund Notice, the Debtors shall have the right, but not the obligation, to satisfy any Customer Program Claim pursuant to the authority granted to the Debtors under the Customer Programs Order, in which case the Holder of any such Claim shall not be entitled to vote on the Third Amended DCL Plan.

34.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
            _____, 2012

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

# EXHIBITS

Exhibits A-K to the Revised Proposed Order and the Black-Lined Revised Proposed Order with Exhibits A-K may be (i) obtained free of charge from Epiq Bankruptcy Solutions, LLC's ("Epiq") dedicated website related to the Debtors' Chapter 11 Cases (http://chapter11.epiqsystems.com/tribune); (ii) inspected during regular business hours at the Office of the Clerk, United States Bankruptcy Court for the District of Delaware, 3rd Floor, 824 North Market Street, Wilmington, Delaware 19801; (iii) viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov) by following the directions for accessing the ECF system on such website; or (iv) requested by telephoning Epiq at (646) 282-2400.

# EXHIBIT D

| Claim Name | Address Information |
| --- | --- |
| A.M. SACCULLO LEGAL, LLC | ANTHONY M. SACCULLO, ESQ THOMAS H. KOVACH, ESQ. 27 CRIMSON KING DRIVE (COUNSEL TO TIMOTHY P. KNIGHT) BEAR DE 19701 |
| ABATO, RUBENSTEIN AND ABATO, P.A. | ATTN: COREY SMITH BOTT, BRIAN G. ESDERS (COUNSEL TO: TRUCK DRIVERS AND HELPERS LOCAL 355 HEALTH AND WELFARE AND PENSION FUNDS) 809 GLENEAGLES COURT, SUITE 320 BALTIMORE MD 21286 |
| ABATO, RUBENSTEIN AND ABATO, P.A. | ATTN: MEGHAN C. HORN, ESQ. (COUNSEL TO: TRUCK DRIVERS AND HELPERS LOCAL 355 HEALTH AND WELFARE FUND AND PENSION FUND) 809 GLENEAGLES COURT, SUITE 320 TOWSON MD 21286 |
| ACXIOM CORPORATION | ATTN: C.B. BLACKARD, III, CORPORATE COUNSEL 301 E. DAVE WARD DRIVE P.O. BOX 2000 CONWAY AR 72033-2000 |
| AKIN GUMP STRAUSS HAUER & FELD LLP | ATTN: DANIEL H. GOLDEN & PHILIP C. DUBLIN, ESQS. COUNSEL TO AURELIUS (MEDIATION PARTY) ONE BRYANT PARK NEW YORK NY 10036 |
| ALLISON, SLUTSKY & KENNEDY, PC | ANGIE M. COWAN 230 W MONROE ST, STE 2600 (COUNSEL TO IAM LODGE NO. 126) CHICAGO IL 60606 |
| AMERICAN EXPRESS TRAVEL RELATED SERVICES CO, INC. | C/O BECKET AND LEE LLP POB 3001 MALVERN PA 19355-0701 |
| ANDREW S. CONWAY, ESQUIRE | (COUNSEL TO TAUBMAN LANDLORDS) 200 EAST LONG LAKE ROAD, SUITE 300 BLOOMFIELD HILLS MI 48304 |
| ANDREWS KURTH LLP | ATTN: PAUL SILVERSTEIN, ESQ. COUNSEL FOR THE AD HOC TRADE COMMITTEE 450 LEXINGTON AVENUE NEW YORK NY 10017 |
| ARCHER & GREINER, PC | JOHN V. FIORELLA, ESQ. 300 DELAWARE AVE, STE 1370 (COUNSEL TO NAVISTAR FINANCIAL CORP. & NAVISTAR LEASING CO.) WILMINGTON DE 19801 |
| ARKIN KAPLAN RICE LLP | HOWARD J. KAPLAN, ESQ.; DEANNA DAVIDIAN, ESQ. 590 MADISON AVENUE (COUNSEL TO AD HOC COMMITTEE OF STEP ONE SENIOR LENDERS) NEW YORK NY 10022 |
| ASHBY & GEDDES, P.A. | ATTN: WILLIAM P. BOWDEN & KAREN SKOMORUCHA, ESQS. 500 DELAWARE AVENUE, 8TH FLOOR P.O. BOX 1150 (COUNSEL TO RICKETTS ACQUISITION LLC AND CHICAGO BASEBALL HOLDINGS, LLC) WILMINGTON DE 19899 |
| ASHBY & GEDDES, PA | WILLIAM P. BOWDEN; AMANDA M. WINFREE 500 DELAWARE AVENUE, 8TH FLOOR PO BOX 1150 (COUNSEL TO AURELIUS CAPITAL MANAGEMENT, LP) WILMINGTON DE 19899 |
| ASKOUNIS & DARCY, PC | ATTN: THOMAS V. ASDOUNIS, ESQ. 401 NORTH MICHIGAN AVENUE, STE 550 (COUNSEL TO BANC OF AMERICA LEASING & CAPITAL LLC) CHICAGO IL 60611 |
| BALLARD SPAHR LLP | ATTN: CHRISTOPHER S. CHOW, ESQ; DAVID T. MAY, ESQ COUNSEL TO CCI EUROPE A/S 919 N. MARKET STREET, 11TH FLOOR WILMINGTON DE 19801 |
| BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG LLP | ATTN: WILLIAM J. BARRETT RAY G. REZNER ROGER H. STETSON 200 WEST MADISON STREET, SUITE 3900 (GREATBANC TRUST COMPANY) CHICAGO IL 60606 |
| BARNES & THORNBURG LLP | ATTN: DAVID M. POWLEN 1000 NORTH WEST STREET, SUITE 1200 (COUNSEL TO MORGAN STANLEY & CO., INC.) WILMINGTON DE 19801 |
| BARTLETT HACKETT FEINBERG PC | FRANK F. MCGINN (MA BBO# 564729) 155 FEDERAL ST, 9TH FL (COUNSEL TO IRON MOUNTAIN INFORMATION MGMT INC.) BOSTON MA 02110 |
| BAYARD, P.A. | JUSTIN R. ALBERTO, ESQ. 222 DELAWARE AVENUE (COUNSEL TO COOK COUNTY DEPARTMENT OF REVENUE) WILMINGTON DE 19899 |
| BELKIN BURDEN WENIG & GOLDMAN, LLP | ATTN: JOSHUA G. LOSARDO, ESQ. (COUNSEL TO: ENTERPRISE GARAGE CORP.) 270 MADISON AVENUE NEW YORK NY 10016 |
| BIFFERATO GENTILOTTI LLC | GARVAN F. MCDANIEL, ESQ. 800 N. KING STREET, PLAZA LEVEL (COUNSEL TO LAW DEBENTURE TRUST COMPANY OF NEW YORK) WILMINGTON DE 19801 |
| BIFFERATO LLC | ATTN: IAN CONNOR BIFFERATO, KEVIN COLLINS, ESQS. (COUNSEL TO: D. NEIL, C. BROWN, H. WEINSTEIN, W. ROCHE, JR., M. LEVIN, & J. MAKINEN) 800 N. KING STREET, PLAZA LEVEL WILMINGTON DE 19801 |
| BLAKELEY & BLAKELEY LLP | ATTN: JOHNN WHITE, ESQ. COUNSEL TO GOOGLE INC. 2 PARK PLAZA, SUITE 400 IRVINE CA 92614 |
| BLANK ROME LLP | ATTN: DAVID W. CARIKHOFF 1201 MARKET ST; STE 800 (COUNSEL TO EGI-TRB) WILMINGTON DE 19801 |
| BLOOM HERGOTT DIEMER ROSENTHAL LAVIOLETTE FELDMAN | & GOOD MAN, LLP ATTN: DAVID B. FELDMAN 150 S. RODEO DRIVE, 3RD FLOOR BEVERLY HILLS CA 90212 |

| Claim Name | Address Information |
|---|---|
| BRACEWELL & GUILIANI LLP | ATTN: E. FLASCHEN, ESQ; D. CONNOLLY, ESQ; A ANDREW SCHOULDER, ESQ COUNSEL-AD HOC COMMITTEE OF STEP ONE SENIOR LENDER GOODWIN SQUARE 225 ASYLUM STREET, SUITE 2600 HARTFORD CT 06103-1516 |
| BROWARD COUNTY | ATTN: JEFFREY J. NEWTON COUNTY ATTORNEY FOR BROWARD COUNTY GOVT CENTER 115 SOUTH ANDREWS AVENUE FORT LAUDERDALE FL 33301 |
| BROWN RUDNICK LLP | ATTN. ROBERT J. STARK & GORDON Z. NOVOD, ESQS. (COUNSEL TO WILMINGTON TRUST COMPANY) SEVEN TIMES SQUARE NEW YORK NY 10036 |
| BROWN STONE NIMEROFF LLC | ATTN. JAMI B. NIMEROFF, ESQ. (COUNSEL TO NBC UNIVERSAL INC. & CERTAIN OF ITS AFFILIATES INCLUDING UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP) 901 N MARKET STREET, SUITE 1300 WILMINGTON DE 19801 |
| BRYAN CAVE LLP | ATTN: MICHELLE MCMAHON, ESQ. (COUNSEL TO: CWA/ITV NEGOTIATED PENSION PLAN) 1290 AVENUE OF THE AMERICAS NEW YORK NY 10104 |
| BUCHALTER NEMER | PAMELA KOHLMAN WEBSTER 1000 WILSHIRE BOULEVARD, SUITE 1500 (COUNSEL TO SONY PICTURES TELEVISION) LOS ANGELES CA 90017-2457 |
| BUCHALTER NEMER, A PROFESSIONAL CORPORATION | SHAWN M. CHRISTIANSON, ESQ. 333 MARKET STREET, 25TH FL (COUNSEL TO ORACLE USA, INC.) SAN FRANCISCO CA 94105-2126 |
| CANON USA, INC | ATTN RUTH WIENSTEIN 1 CANON PLAZA LAKE SUCCESS NY 11042 |
| CAPITALSOURCE FINANCE LLC | ATTN: JOANNE FUNGAROLI, ESQ. 4445 WILLARD AVENUE, 12TH FLOOR CHEVY CHASE MD 20815 |
| CATHOLIC CHARITIES | ATTN: JOSEPH AUGUSTYNIAK 1966 GREENSPRING DRIVE, SUITE 200 TIMONIUM MD 21093 |
| CHADBOURNE & PARKE LLP | COUNSEL TO THE UNSECURED CREDITORS' CO ATTN HOWARD SEIFE, DAVID M LEMAY, DOGULAS E DEUTSCH 30 ROCKEFELLER PLAZA NEW YORK NY 10112 |
| CHRISTINE Z. HERI | (COUNSEL TO HILDA L. SOLISI, SECRETARY OF LABOR OFFICE OF THE SOLICITOR UNITED STATES DEPARTMENT OF LABOR 230 SOUTH DEARBORN, ROOM 844 CHICAGO IL 60604 |
| CIARDI CARDI & ASTIN | DANIEL K. ASTIN JOHN D. MCLAUGHLIN, JR. 919 N. MARKET STREET, SUITE 700 (COUNSEL TO STARDUST VISIONS, INC.) WILMINGTON DE 19801 |
| CIARDI, CIARDI & ASTIN | RICK A. STEINBERG 100 CHURCH STREET, 8TH FLOOR (COUNSEL TO STARDUST VISIONS, INC.) NEW YORK NY 10007 |
| COHEN WEISS & SIMON LLP | COUNSEL TO AMERICAN FEDERATION OF TELEVISION & RADIO ARTISTS ATTN BABETTE A CECCOTI 330 WEST 42ND STREET NEW YORK NY 10036 |
| COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF | LABOR AND INDUSTRY READING BANKRUPTCY & COMPLIANCE UNIT ATTN: JOSEPH KOTS 625 CHERRY ST, ROOM 203 READING PA 19602-1152 |
| COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF | REVENUE, BUREAU OF ACCOUNTS SETTLEMENT THOMAS W. CORBETT, JR., ATTORNEY GENERAL CAROL E. MOMJIAN, SR. DEPUTY ATTORNEY GENERAL PA I.D. NO. 049219 OFFICE OF ATTORNEY GENERAL 21 S. 12TH STREET, 3RD FLOOR PHILADELPHIA PA 19107-3603 |
| COOCH & TAYLOR PA | ATTN: SUSAN E. KAUFMAN, ESQ. (COUNSEL TO: AMERICAN FEDERATION OF TELEVISION & RADIO ARTISTS) 1000 WEST STREET, 10TH FLOOR WILMINGTON DE 19801 |
| COTCHETT, PITRE & MCCARTHY | ATTN: PHILIP GREGORY, ESQ. (COUNSEL TO: NEIL, BROWN, WEINSTEIN, ROCHE, LEVIN, & MAKINEN) 840 MALCOLM ROAD, SUITE 200 BURLINGAME CA 94010 |
| COZEN O'CONNOR | ATTN: MARK E. FELGER, ESQ. 1201 N. MARKET STREET, SUITE 1400 (COUNSEL TO TWENTIETH TELEVISION, INC.) WILMINGTON DE 19801 |
| CROSS & SIMON LLC | ATTN: CHRISTOPHER P. SIMON, ESQ. 913 NORTH MARKET STREET, 11TH FLOOR (COUNSEL TO WASHINGTON-BALTIMORRRE NEWSPAPER GUILD, LOCAL 32035, TNG-CWA) WILMINGTON DE 19801 |
| CROSS & SIMON, LLC | JOSEPH GREY, ESQ. 913 NORTH MARKET STREET, ELEVENTH FLOOW (COUNSEL TO CONSTELLATION NEWENERGY, INC.) WILMINGTON DE 19801 |
| CROUDACE & DIETRICH LLP | ATTN. MARK A NITIKMAN, ESQUIRE 4750 VON KARMAN AVENUE COUNSEL TO BKM 3128 REDHILL, LLC) NEWPORT BEACH CA 92660 |
| CROWELL & MORING LLP | ATTN. MICHAEL V. BLUMENTHAL, ESQ. (COUNSEL TO NBC UNIVERSAL INC. AND CERTAIN OF ITS AFFILIATES INCLUDING UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP 590 MADISON AVENUE, 19TH FLOOR NEW YORK NY 10022 |
| DANIEL SMIRLOCK, DEPUTY COMMISSIONER AND COUNSEL | ATTN: ELAINE Z. COLE, ESQ. 340 E. MAIN ST. (COUNSEL TO THE NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE) ROCHESTER NY 14604 |

| Claim Name | Address Information |
|---|---|
| DAVIS POLK & WARDELL LLP | ATTN: DONALD S. BERNSTEIN, ESQ. JAMES A. FLORACK, ESQ. DAMIAN S. SCHAIBLE, ESQ. 450 LEXINGTON AVENUE (COUNSEL TO JPMORGAN CHASE BANK, N.A.) NEW YORK NY 10017 |
| DEWEY & LEBOEUF LLP | ALAN SALPETER, ESQ. THERESE KING NOHOS, ESQ. TWO PRUDENTIAL PLAZA, SUITE 3700 180 NORTH STETSON AVENUE (COUNSEL TO DANIEL KAZAN) CHICAGO IL 60601 |
| DEWEY & LEBOEUF LLP | BRUCE BENNETT JAMES O. JOHNSTON JOSHUA M. MESTER 333 SOUTH GRAND AVENUE, SUITE 2600 (COUNSEL TO CREDIT AGREEMENT LENDERS) LOS ANGELES CA 90071-1530 |
| DLA PIPER LLP (US) | ATTN: STUART M. BROWN, ESQ., R. CRAIG MARTIN, ESQ. MICHELLE E. MARINO, ESQ. 919 N. MARKET STREET, SUITE 1500 (COUNSEL TO BARCLAYS BANK PLC) WILMINGTON DE 19801 |
| DLA PIPER LLP (US) | JODIE E. BUCHMAN, ESQ. 6225 SMITH AVENUE (COUNSEL TO CONSTELLATION NEWENERGY, INC.) BALTIMORE MD 21209-3600 |
| DUANE MORRIS | ATTN: LAWRENCE J. KOTLER, ESQUIRE COUNSEL FOR PENNSYLVANIA PUBLIC SCHOOL EMPLOYEES' RETIREMENT SYSTEM 30 SOUTH 17TH STREET PHILADELPHIA PA 19103-4196 |
| DUANE MORRIS LLP | ATTN: MARGERY N. REED, ESQ.; WENDY M. SIMKULAK, ESQ. 30 SOUTH 17TH STREET (COUNSEL TO ACE COMPANIES) PHILADELPHIA PA 19103-4196 |
| DUANE MORRIS LLP | ATTN. MICHAEL R. LASTOWSKI, ESQ. & SOMMER L. ROSS (COUNSEL TO SONY PICTURES TELEVISION, INC.) 222 DELAWARE AVENUE, SUITE 1600 WILMINGTON DE 19801-1659 |
| DUANE MORRIS LLP | RICHARD W.RILEY; SOMMER L. ROSS 222 DELAWARE AVENUE, SUITE 1600 (COUNSEL TO ROBERT R. MCCORMICK FOUNDATION, CANTIGNY FOUNDATION & ACE COMPANIES) WILMINGTON DE 19801-1659 |
| ECKERT,SEAMANS, CHERIN & MELLOT, LLC | ATTN. MARGARET F. ENGLAND, ESQUIRE (COUNSEL TO THE NIELSEN COMPANY) 300 DELAWARE AVENUE, SUITE 1210 WILMINGTON DE 19801 |
| ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP | ATTN: KEITH D. ELKINS, ESQ. 2049 CENTURY PARK EAST, SUITE 2700 (COUNSEL TO LIT FINANCE, LP) LOS ANGELES CA 90067 |
| ELLIOTT GREENLEAF | COUNSEL TO CORESTAFF SERVICES ATTN WILLIAM M KELLEHER 1105 NORTH MARKET STREET, SUITE 1700 WILMINGTON DE 19801 |
| ELLIOTT GREENLEAF | ATTN: RAFAEL X. ZAHRALDDIN-ARAVENA JONATHAN M. STEMERMAN 1105 NORTH MARKET STREET, SUITE 1700 (COUNSEL TO 3M EMPLOYEES WELFARE BENEFITS ASSOC. TR. I & EMPLOYEE RETIREMENT INCOME PLAN TR OF MN MINING & MFG CO.) WILMINGTON DE 19801 |
| ENTWISTLE & CAPPUCCI LLP | ATTN: VINCENT R CAPPUCCI ESQ & JORDAN A CORTEZ ESQ COUNSEL TO THE GABELLI ENTITIES 280 PARK AVENUE, 26TH FLOOR WEST NEW YORK NY 10017 |
| ERVIN COHEN & JESSUP LLP | KENNETH MILLER, ESQ. 9401 WILSHIRE BLVD, 9TH FLOOR (COUNSEL TO K ASSOC. & CRENSHAW 3840 PARTNERS,LLC) BEVERLY HILLS CA 90212 |
| FOLEY & LARDNER LLP | ATTN: MARY K. BRAZA, ESQ. 777 EAST WISCONSIN AVENUE (COUNSEL TO RICKETTS ACQUISITION LLC AND CHICAGO BASEBALL HOLDINGS, LLC) MILWAUKEE WI 53202-5306 |
| FOLEY & LARDNER LLP | ATTN: MICHAEL J. SMALL, ESQ. 321 NORTH CLARK SUITE 2800 (COUNSEL TO RICKETTS ACQUISITION LLC AND CHICAGO BASEBALL HOLDINGS, LLC) CHICAGO IL 60610-4500 |
| FOX ROTHSCHILD LLP | ATTN:  JEFFREY M. SCHLERF, JOHN H. STROCK, ESQS. (COUNSEL TO: WELLS FARGO BANK, N.A.) CITIZENS BANK CENTER 919 NORTH MARKET STREET, SUITE 1600 WILMINGTON DE 19801 |
| FRANK/GECKER LLP | ATTN. JOSEPH D. FRANK (COUNSEL TO JONES LANG LASALLE AMERICAS (ILLINOIS) L.P.) 325 NORTH LASALLE STREET, SUITE 625 CHICAGO IL 60654 |
| FRED FELLMETH, ESQ. GENERAL COUNSEL | BROADCAST SYSTEMS DIVISION IMT/THE VITEC GROUP PLC (COUNSEL TO ANTON BAUER, INC, CAMERA DYNAMICS, INC., NUCOMM, INC., AND RF CENTRAL, LLC) 200 INTERNATIONAL DRIVE MT. OLIVE NJ 07828 |
| FREEBORN & PETERS LLP | ATTN: AARON L. HAMMER, ESQ. & DEVON J. EGGERT, ESQ. (COUNSEL TO MERCER (US) INC.) 311 SOUTH WACKER DRIVE, SUITE 3000 CHICAGO IL 60606 |
| FRIEDMAN KAPLAN SEILER & ADELMAN LLP | EDWARD A. FRIEEDMAN; WILLIAM P.WEINTRAUB 1633 BROADWAY (COUNSEL TO AUERLIUS CAPITAL MANAGEMENT, LP) NEW YORK NY 10019-6708 |
| FRIEDMAN LAW GROUP | ATTN: J. BENNETT FRIEDMAN, ESQ. 1901 AVENUE OF THE STARS, SUITE 1700 (COUNSEL TO ISAKSEN INVESTMENTS, LLC) LOS ANGELES CA 90067-4409 |
| FURMAN GREGORY LLC | DONALD R. FURMAN JR. 75 FEDERAL ST, 9TH FL (COUNSEL TO COMCAST SPOTLIGHT & COMCAST) BOSTON MA 02110 |

| Claim Name | Address Information |
|---|---|
| GATEWAY PACIFIC PROPERTIES, INC. | C/O RONALD K. BROWN, JR. LAW OFFICES OF RONALD K. BROWN, JR. 901 DOVE STREET, SUITE 120 NEWPORT BEACH CA 92660 |
| GE MONEY BANK | C/O RECOVERY MANAGEMENT SYSTEMS CORP. ATTN: RAMESH SINGH 25 SE 2ND AVENUE, SUITE 1120 (SAM'S CLUB BRC) MIAMI FL 33131-1605 |
| GOHN HANKEY & STICHEL LLP | COUNSEL TO CORESTAFF SERVICES ATTN JAN I BERLAGE 201 NORTH CHARLES STREET SUITE 201 BALTIMORE MD 21201 |
| GOLDSTINE, SKRODZKI, RUSSIAN, NEMEC AND HOFF, LTD. | ATTN. BRIAN M. DOUGHERTY (COUNSEL TO NORTHLAKE PROPERTY, LLC, MIDWEST WAREHOUSE & DISTRIBUTION SYSTEM, INC. AND BEDFORD MOTOR SERVICE, INC.) 835 MCCLINTOCK DRIVE, SECOND FLOOR WILLOWBROOK IL 60527 |
| GREENBERG TRAURIG, LLP | ATTN: DENNIS A. MELORO COUNSEL TO HAMDON ENTERTAINMENT THE NEMOURS BUILDING 1007 NORTH ORANGE STREET, SUITE 1200 WILMINGTON DE 19801 |
| GREENBERG TRAURIG, LLP | ATTN: KEVIN P. GARLAND, ESQ. COUNSEL TO HAMDON ENTERTAINMENT 2450 COLORADO AVENUE, SUITE 400 E SANTA MONICA CA 90404 |
| GREENE RADOVSKY MALONEY SHARE & HENNIGH LLP | EDWARD J. TREDINNICK, ESQ. FOUR EMBARCARDERO CENTER, STE 4000 (COUNSEL TO CATELLUS DEVELOPMENT CORP.) SAN FRANCISCO CA 94111 |
| HANNAFAN & HANNAFAN, LTD. | MICHAEL T. HANNAFAN, ESQ. BLAKE T. HANNAFAN, ESQ. JAMES A. MCGUINNESS, ESQ. ONE EAST WACKER DRIVE, SUITE 2800 (COUNSEL TO TIMOTHY P. KNIGHT) CHICAGO IL 60601 |
| HARRIS CORPORATION | ANTHONY DEGLOMINE, III 1025 W. NASA BLVD MAIL STOP A-11A MELBOURNE FL 32919 |
| HERRICK FEINSTEIN LLP | COUNSEL TO CANON USA INC, INTELSAT CORPORATION ATTN PAUL RUBIN; STEPHEN B. SELBST, ESQ. TWO PARK AVENUE NEW YORK NY 10016 |
| HEWLETT-PACKARD COMPANY | ATTN: MS. RAMONA NEAL, CORPORATE COUNSEL 11311 CHINDEN BLVD. MAILSTOP 314 BOISE ID 83714-0021 |
| HEWLETT-PACKARD COMPANY | ATTN: MR. KEN HIGMAN, SR. DEFAULT & RECOVERY ANALY 12610 PARK PLAZA DR STE 100 CERRITOS CA 90703-9362 |
| HOGAN LOVELLS | ATTN: SCOTT A. GOLDEN, IRA S. GREENE, ESQS. 875 THIRD AVENUE (COUNSEL TO ABITIBI BOWATER, INC., ABITIBI CONSOLIDATED SALES CORPORATON AND BOWATER, INC.; DOW JONES & COMPANY) NEW YORK NY 10022 |
| HOWARD COUNTY OFFICE OF LAW | ATTN. MARGARET ANN NOLAN, COUNTY SOLICITOR & CAMELA J. SANDMANN, ASSISTANT COUNTY SOLICITOR GEORGE HOWARD BUILDING 3430 COURTHOUSE DRIVE ELLICOTT CITY MD 21043 |
| IBM CORPORATION | ATTN BEVERLY H SHIDELER TWO LINCOLN CENTRE OAKBROOK TERRACE IL 60181 |
| INTERNAL REVENUE SERVICE | CENTRALIZED INSOLVENCY OPERATION PO BOX 21126 PHILADELPHIA PA 19114 |
| INTERNAL REVENUE SERVICE | ATTN: ROOM 1150 31 HOPKINS PLAZA BALTIMORE MD 21201 |
| J. SCOTT DOUGLASS | 909 FANNIN, SUITE 1800 HOUSTON TX 77010 |
| JD THOMPSON LAW | ATTN: JUDY D. THOMPSON P.O. BOX 33127 (COUNSEL TO SODEXO, INC.) CHARLOTTE NC 28233 |
| JENNER & BLOCK LLP | ATTN: DAVID J. BRADFORD, CATHERINE L. STEEGE, ANDREW W. VAIL 330 N. WABASH AVENUE (COUNSEL TO EGI-TRB) CHICAGO IL 60611-7603 |
| K&L GATES LLP | ATTN: JEFFREY N. RICH, ESQ. 599 LEXINGTON AVE (COUNSEL TO GREATBANC TRUST COMPANY) NEW YORK NY 10022-6030 |
| K&L GATES LLP | CHARLES R. SMITH, ESQ. K&L GATES CENTER 210 6TH AVENUE, SUITE 1100 (COUNSEL TO GREATBANC TRUST COMPANY) PITTSBURGH PA 15222-2613 |
| KAMAKAZEE KIWI COPORATION | 3835-R EAST THOUSDAN OAKS BLVD. #343 WESTLAKE VILLAGE CA 91362 |
| KASOWITZ, BENSON, TORRES & FRIEDMAN LLP | ATTN: DAVID S. ROSNER; ANDREW K. GLENN; SHERON KORPUS 1633 BROADWAY (COUNSEL TO LAW DEBENTURE TRUST COMPANY OF NEW YORK) NEW YORK NY 10019 |
| KATTEN MUCHIN ROSENMAN LLP | JOHN P. SIEGER; ALEXANDER S. VESSELINOVITCH; DANIEL J. POLATSEK; JOSHUA A. GADHARF 525 W. MONROE STREET (COUNSEL TO ROBERT R. MCCORMICK FOUNDATION & CANTIGNY FOUNDATION) CHICAGO IL 60661-3693 |
| KAYE SCHOLER LLP | 425 PARK AVE MADLYN GLEICH PRIMOFF, ESQ (COUNSEL TO MERRILL LYNCH CAPITAL CORP AS ADMIN AGENT) NEW YORK NY 10022 |
| KELLEY DRYE & WARREN LLP | ERICK R. WILSON, ESQ. HOWARD S.STEEL, ESQ. 101 PARK AVENUE (COUNSEL TO TELEREP, LLC) NEW YORK NY 10178 |

| Claim Name | Address Information |
|---|---|
| KING & SPALDING LLP | ATTN: ARTHUR J. STEINBERG, ESQ. SCOTT DAVIDSON, ESQ. 1185 AVENUE OF THE AMERICAS (COUNSEL TO GM HOURLY-TATE EMPLOYEE PENSION TRUST) NEW YORK NY 10036 |
| KLEE, TUCHIN, BOGDANOFF & STERN, LLP | ATTN: LEE R. BOGDANOFF, MARTIN R. BARASH, ESQS. (COUNSEL TO: EXAMINER-DESIGNATE,KENNETH KLEE, ESQ) 1999 AVENUE OF THE STARS, 39TH FLOOR LOS ANGELES CA 90067-6049 |
| KLEE, TUCHIN, BOGDANOFF & STERN, LLP | ATTN:  KENNETH N. KLEE, ESQ. 1999 AVENUE OF THE STARS, 39TH FLOOR LOS ANGELES CA 90067-6049 |
| KLEHR HARRISON HARVEY BRANZBURG LLP | MICHAEL W. YURKEWICZ, ESQUIRE 919 MARKET STREET, SUITE 1000 (COUNSEL TO SUTTONBROOK CAPITAL MANAGEMENT LP) WILMINGTON DE 19801 |
| LABATON SUCHAROW LLP | ATTN: CHRISTOPHER J. KELLER, ESQ. MICHAEL W. STOCKER, ESQ. 140 BROADWAY (COUNSEL TO IBEW LOCAL 103 TRUST FUND) NEW YORK NY 10005 |
| LANDIS RATH & COBB LLP | COUNSEL FOR THE UNSECURED CREDITORS' COMM ATTN ADAM G LANDIS & MATTHEW B MCGUIRE 919 MARKET STREET SUITE 1800 WILMINGTON DE 19801 |
| LESLIE A. COHEN, ESQUIRE | LESLIE COHEN LAW, PC 506 SANTA MONICA BLVD., SUITE 200 SANTA MONICA CA 90401 |
| LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C. | ATTN: DANIEL FEINBERG, ANGELICA K. JONGCO, NINA WASOW, ESQS. (COUNSEL TO: NEIL, BROWN, WEINSTEIN, ROCHE, LEVIN, & MAKINEN) 476 9TH STREET OAKLAND CA 94607-4048 |
| LINDA BOYLE | TW TELECOM INC. 10475 PARK MEADOWS DRIVE, #400 LITTLETON CO 80124 |
| LINEBARGER GOGGAN BLAIR & SAMPSON LLP | COUNSEL TO HARRIS COUNTY ATTN JOHN P DILLMAN PO BOX 3064 HOUSTON TX 77253-3064 |
| LINEBARGER GOGGAN BLAIR & SAMPSON, LLP | ATTN: ELIZABETH WELLER 2323 BRYAN STREET STE 1600 (COUNSEL TO DALLAS COUNTY, ELLIS COUNTY) DALLAS TX 75201 |
| LOIZIDES, P.A. | CHRISTOPHER D. LOIZIDES 1225 KING STREET, SUITE 800 (ATTORNEY FOR NAVIGANT CONSULTING, INC) WILMINGTON DE 19801 |
| LOWENSTEIN SANDLER PC | ATTN: JOHN K. SHERWOOD, ESQ. IRA LEVEE, ESQ. 65 LIVINGSTON AVENUE (COUNSEL TO IBEW LOCAL 103 TRUST FUND, LOUISIANA STATE EMPLOYEES' RETIREMENT SYSTEM) ROSELAND NJ 07068 |
| MAGNOZZI & KYE, LLP | AMISH R. DOSHI, ESQ. 23 GREEN STREET, SUITE 302 (COUNSEL TO ORACLE AMERICA, INC.) HUNTINGTON NY 11743 |
| MANATT, PHELPS & PHILLIPS, LLP | ATTN: IVAN L. KALLICK ILEANA M. HERNANDEZ 11355 WEST OLYMPIC BOULEVARD (COUNSEL TO CA STATE TEACHERS'RETIREMENT SYSTEM) LOS ANGELES CA 90064 |
| MARGOLIS EDELSTEIN | ATTN: JAMES E. HUGGETT, ESQ. 750 SHIPYARD DRIVE, SUITE 102 (COUNSEL TO ORACLE AMERICA, INC.) WILMINGTON DE 19801 |
| MAUREEN A. MCGREEVEY, ESQUIRE | SENIOR LITIGATION COUNSEL SUNGARD 680 E. SWEDESFORD ROAD WAYNE PA 19087 |
| MAYER BROWN LLP | FREDERICK D. HYMAN, ESQ.; JEFFREY G. TOUGAS, ESQ., JEAN-MARIE L. ATAMIAN, ESQ. (COUNSEL TO BARCLAYS) 1675 BROADWAY NEW YORK NY 10019 |
| MCCARTER & ENGLISH, LLP | ATTN: DAVID ADLER, ESQ. 245 PARK AVE, 27TH FL (COUNSEL TO DEUTSCHE BANK TRUST COMPANY AMERICAS) NEW YORK NY 10167 |
| MCCARTER & ENGLISH, LLP | ATTN: KATHARINE L. MAYER, ESQ. RENAISSANCE CENTRE 405 N. MARKET STREET, 8TH FL (COUNSEL TO DEUTSCHE BANK TRUST COMPANY AMERICAS) WILMINGTON DE 19801 |
| MCGUIRE WOODS LLP | ATTN: PAUL J. CATANESE & PATRICIA K. SMOOTS (COUNSEL TO THE NIELSEN COMPANY (US) LLC 77 W. WACKER DRIVE, SUITE 4100 CHICAGO IL 60601 |
| MCPHARLIN SPRINKLES & THOMAS, LLP | ATTN. ELAIN M. SEID (COUNSEL TO DIABLO INVESTMENT CO.) 160 W SANTA CLARA ST STE 400 SAN JOSE CA 95113-1708 |
| MEITES, MULDER & GLINK | ATTN: THOMAS MEITES, MICHAEL MULDER, ESQS. (COUNSEL TO: NEIL, BROWN, WEINSTEIN, ROCHE, LEVIN, & MAKINEN) 321 S. PLYMOUTH CT, SUITE 1250 CHICAGO IL 60604 |
| MICHAEL A. COX, ATTORNEY GENERAL AND DEBORAH B. | WALDMEIR, ASSISTANT ATTORNEY GENERAL STATE OF MICHIGAN, DEPT. OF TREASURY CADILLAC PLACE, STE. 10-200 3030 W. GRAND BLVD. DETROIT MI 48202 |
| MICHAEL SCHLOSS | (COUNSEL TO HILDA L. SOLIS, SECRETARY OF LABOR) OFFICE OF THE SOLICITOR UNITED STATES DEPARTMENT OF LABOR PLAN BENEFITS SECURITY DIVISION P.O. BOX 1914 WASHINGTON DC 20013 |
| MISSOURI DEPARTMENT OF REVENUE | ATTN: SUSAN L. LISSANT SPECIAL ASSISTANT ATTORNEY GENERAL GENERAL COUNSEL'S OFFICE 301 W. HIGH STREET, ROOM 670 PO BOX 475 JEFFERSON CITY MO 65105-0475 |

| Claim Name | Address Information |
|---|---|
| MONZACK MERSKY MCLAUGHLIN AND BROWDER, P.A. | ATTN. RACHEL B. MERSKY, ESQUIRE (COUNSEL TO BKM 3128 REDHILL, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY) 1201 N. ORANGE STREET, SUITE 400 WILMINGTON DE 19801 |
| MORGAN, LEWIS & BOCKIUS LLP | MENACHEM O. ZELMANOVITZ, ESQ. RACHEL JAFFE NAUCERI 101 PARK AVENUE (COUNSEL TO GREATBANC TRUST COMPANY & NYSCRF) NEW YORK NY 10178-0060 |
| MORGAN, LEWIS & BOCKIUS LLP | RACHEL JAFFE MAUCERI, ESQ. 1701 MARKET STREET (COUNSEL TO NYSCRF) PHILADELPHIA PA 19103-2921 |
| MORGAN, LEWIS & BOCKIUS LLP | ATTN. COLM F. CONNOLLY, ESQ. THE NEMOURS BUILDING 1007 NORTH ORANGE STREET, SUITE 501 (COUNSEL TO GREATBANC TRUST COMPANY & NYSCRF) WILMINGTON DE 19801 |
| MORGAN, LEWIS & BOCKIUS LLP | CHARLES C. JACKSON THEODORE M. BECKER 77 WEST WACKER DRIVE (COUNSEL TO GREATBANC TRUST COMPANY) CHICAGO IL 60601-5094 |
| MORRIS NICHOLS ARSHT & TUNNELL LLP | ATTN. DEREK C. ABBOTT, ESQ; CURTIS S. MILLER, ESQ. COUNSEL TO STEP ONE SENIOR LENDERS 1201 NORTH MARKET STREET, 18TH FLOOR PO BOX 1347 WILMINGTON DE 19899-1347 |
| MUCH SHELIST DENENBERG AMENT AND RUBENSTEIN, PC | ATTN. COLLEEN E. MCMANUS 191 NORTH WACKER DRIVE, STE 1800 (COUNSEL TO CF 4242 BRYN MAWR LLC) CHICAGO IL 60606 |
| NAVIGANT CONSULTING, INC. | MONICA M. WEED, ESQ. 30 S. WACKER DRIVE, SUITE 3550 CHICAGO IL 60606 |
| NAVISTAR LEASING COMPANY | 425 N. MARTINGALE ROAD, 18TH FLOOR SCHAUMBURG IL 60173 |
| NOLAN, PLUMHOFF & WILLIAMS, CHARTERED | ATTN. ROBERT L. HANLEY, JR. ESQUIRE (COUNSEL TO ST. JOHN PROPERTIES, INC.) SUITE 700, NOTTINGHAM CENTRE 502 WASHINGTON AVENUE TOWSON MD 21204 |
| O'MELVENY & MYERS LLP | ATTN. B. BUTWIN, D. CANTOR & D. SHAMAH, ESQS. TIMES SQUARE TOWER 7 TIMES SQUARE (COUNSEL TO BANK OF AMERICA, N.A. AND BANC OF AMERICA SECURITIES LLC) NEW YORK NY 10036 |
| O'MELVENY & MYERS LLP | ATTN. EVAN M. JONES, ESQ. 400 SOUTH HOPE STREET (COUNSEL TO BANK OF AMERICA, N.A. AND BANC OF AMERICA SECURITIES LLC) LOS ANGELES CA 90071 |
| OFFICE OF THE UNITED STATES TRUSTEE | DAVID M. KLAUDER, ESQ. UNITED STATES DEPT OF JUSTICE 844 KING STREET, SUITE 2207 LOCKBOX #35 WILMINGTON DE 19899-0035 |
| PACHULSKI STANG ZIEHL & JONES LLP | ATTN. LAURA DAVIS JONES TIMOTHY P. CAIRNS 919 N. MARKET STREET, 17TH FLOOR P.O. BOX 8705 (COUNSEL TO CENTERBRIDGE CREDIT ADVISORS LLC.) WILMINGTON DE 19899 |
| PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP | ATTN. JOSEPH L. CHRISTENSEN 500 DELAWARE AVENUE, SUITE 200; PO BOX 32 (COUNSEL TO CITICORP NORTH AMERICA, INC. AND CITIGROUP GLOBAL MARKETS INC.) WILMINGTON DE 19899-0032 |
| PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP | CHARLES E. DAVIDOW 2001 K. STREET, N.W. (COUNSEL TO CITICORP NORTH AMERICA, INC. AND CITIGROUP GLOBAL MARKETS INC.) WASHINGTON DC 20006-1047 |
| PAUL, WEISS, RIFKIND, WHARTON & GARRISSON LLP | ATTN. STEPHEN J. SHIMSHAK, ANDREW GORDON, DAVID W. BROWN, LAUREN SHUMEJDA 1285 AVENUE OF THE AMERICAS (COUNSEL TO CITICORP NORTH AMERICA, INC. AND CITIGROUP GLOBAL MARKETS INC.) NEW YORK NY 10019-6064 |
| PENNSYLVANIA OFFICE OF ATTORNEY GENERAL | ATTN. CAROL E. MOMJIAN, SENIOR DEPUTY ATTORNEY GENERAL-IN-CHARGE 21 SOUTH 12TH STREET, 3RD FLOOR (PENNSYLVANIA DEPT OF REVENUE; PENNSYLVANIA PUBLIC SCHOOL EMPLOYEES' RETIREMENT SYSTEM) PHILADELPHIA PA 19107-3603 |
| PENSION BENEFIT GUARANTY CORPORATION | ATTN FRANK A ANDERSON, CASSANDRA R BURTON, & KARTAR S KHALSA, ESQ OFFICE OF THE CHIEF COUNSEL 1200 K STREET, NW WASHINGTON DC 20005-4026 |
| PEPPER HAMILTON LLP | ATTN. DAVID B. STRATTON, LEIGH-ANNE M. RAPORT, ESQ. (COUNSEL TO PPF OFF TWO PARK AVENUE OWNER) HERCULES PLAZA, SUITE 5100 1313 MARKET STREET, P.O. BOX 1709 WILMINGTON DE 19899-1709 |
| PEPPER HAMILTON LLP | ATTN. DAVID B. STRATTON & JOHN H. SCHANNE, II HERCULES PLAZA, SUITE 5100 1313 MARKET STREET, P.O. BOX 1709 (COUNSEL TO BANK OF AMERICA, N.A. & BANC OF AMERICA SECURITIES LLC) WILMINGTON DE 19899-1709 |
| PHILLIPS, GOLDMAN & SPENCE, P.A. | ATTN. JOHN C. PHILLIPS, ESQ. 1200 NORTH BROOM STREET (COUNSEL TO: VALUATION RESEARCH CORPORATION) WILMINGTON DE 19806 |
| PINCKNEY, HARRIS & WEIDINGER, LLC | ATTN. ADAM HILLER & DONNA HARRIS (COUNSEL TO THE PARTIES REFERENCED IN THE FIRST AMENDED VERIFIED STATEMENT OF TEITELBAUM & BASKIN LLP) 1220 NORTH MARKET STREET, SUITE 950 WILMINGTON DE 19801 |

| Claim Name | Address Information |
|---|---|
| POLSINELLI SHUGHART PC | CHRISTOPHER A. WARD, ESQ. SHANTI M. KATONA, ESQ. 222 DELAWARE AVENUE, SUITE 1101 (COUNSEL TO DANIEL KAZAN) WILMINGTON DE 19801 |
| POTTER ANDERSON & CORROON LLP | ATTN: LAURIE SILVERSTEIN, ESQ (COUNSEL TO MERRILL LYNCH CAPITAL CORP AS ADMIN AGENT) HERCULES PLAZA 1313 N MARKET ST, PO BOX 951 WILMINGTON DE 19899-0951 |
| PROSKAUER ROSE LLP | ATTN: MARTIN S. ZOHN, ESQ. (COUNSEL TO: TWENTIETH TELEVISION, INC.) 2049 CENTURY PARK EAST, 32ND FLOOR LOS ANGELES CA 90067 |
| QUARLES & BRADY LLP | PHILIP V. MARTINO, ESQ. 101 EAST KENNEDY BOULEVARD, SUITE 3400 (COUNSEL TO COOK COUNTY DEPARTEMNT OF REVENUE) TAMPA FL 33602 |
| RICHARDS, LAYTON & FINGER, PA | ATTN: MARK D. COLLINS, ESQ. 920 NORTH KING STREET (COUNSEL TO JPMORGAN CHASE BANK, N.A.) WILMINGTON DE 19801 |
| RIDDELL WILLIAMS, P.S. | ATTN. JOSEPH E. SHICKICH, JR. & MARIA ANN MILANO (COUNSEL TO MICROSOFT CORPORATION & MIRCROSOFT LICENSING, GP) 1001- 4TH AVENUE, SUITE 4500 SEATTLE WA 98154-1192 |
| ROBINSON BROG LEINWAND GREEN GENOVESE & GLUCK PC | ATTN. FRED B. RINGEL, ESQ. (COUNSEL TO GALLERIA OPERATING COMPANY, LLC) 875 THIRD AVENUE, 9TH FL NEW YORK NY 10022 |
| ROMERO LAW FIRM | MARTHA E. ROMERO, ESQ. BMR PROFESSIONAL BLDG 6516 BRIGHT AVENUE (COUNSED TO SECURED CREDITOR COUNTY OF SAN BERNARDINO, CALIFORNIA, A CALIFORNIA TAXING AUTH.) WHITTIER CA 90601 |
| ROSENTHAL, MONHAIT & GODDESS, PA | ATTN: NORMAN M. MONHAIT, ESQ. COUNSEL TO GABELLI ENTITIES 919 MARKET STREET, SUITE 1401 PO BOX 1070 WILMINGTON DE 19899 |
| RUSKIN MASCOU FALTISCHEK, P.C. | ATTN: MICHAEL S. AMATO, ESQ. (COUNSEL TO ESTHER RHEIN) EAST TOWER, 15TH FLOOR 1425 RXR PLAZA UNIONDALE NY 11556-1425 |
| RUSKIN MOSCOU FALTISCHEK, P.C. | ATTN: MICHAEL S. AMATO, ESQ. (COUNSEL TO BARRY AND MARIE GOLDENBERG) EAST TOWER, 15TH FLOOR 1425 RXR PLAZA UNIONDALE NY 11556-1425 |
| SAUL EWING LLP | ATTN: MARK MINUTI, ESQUIRE (PROPOSED DELAWARE COUNSEL TO: KENNETH N. KLEE, THE EXAMINER-DESIGNATE (THE "EXAMINER") 222 DELAWARE AVENUE, SUITE 1200 P.O. BOX 1266 WILMINGTON DE 19899 |
| SCHULTE ROTH & ZABEL LLP | LAWRENCE V. GELBER, ESQUIRE 919 THIRD AVENUE (COUNSEL TO SUTTONBROOK CAPITAL MANAGEMENT LP) NEW YORK NY 10022 |
| SECURITIES & EXCHANGE COMMISSION | 100 F STREET, NE WASHINGTON DC 20549 |
| SEITZ, VAN OGTROP & GREEN, P.A. | ATTN: R.KARL HILL, ESQ. 222 DELAWARE AVENUE, STE 1500 PO BOX 68 (COUNSEL TO ABITIBI BOWATER, INC., ABITIBI CONSOLIDATED SALES CORPORATION, BOWATER, INC., DOW JONES & COMPANY) WILMINGTON DE 19899 |
| SILVERMAN MCDONALD & FRIEDMAN | ATTN: BRIAN E. LUTNESS, ESQ. COUNSEL TO MARCIA WILLETTE GUARDIAN TO ZACHARY MITZKOVITZ 1010 N. BANKCROFT PARKWAY, SUITE 22 WILMINGTON DE 19805 |
| SIMON PROPERTY GROUP, INC. | ATTN: RONALD M. TUCKER, ESQ. 225 WEST WASHINGTON STREET INDIANAPOLIS IN 46204 |
| SIRLIN GALLOGLY & LESSER, P.C. | DANA S. PLON, ESQ. 123 SOUTH BROAD STREET, SUITE 2100 (COUNSEL TO UNISYS CORPORATIONI) PHILADELPHIA PA 19109 |
| STEMPEL BENNETT CLAMAN & HOCHBERG PC | COUNSEL TO SLG 220 NEWS OWNER LLC AS LANDLORD ATTN EDMOND P O'BRIEN ESQ 675 THIRD AVENUE 31ST FLOOR NEW YORK NY 10017 |
| STRADLEY, RONON, STEVENS & YOUNG, LLP | ATTN: ANTRANIG GARIBIAN, ESQ. 1000 N. WEST STREET, SUITE 1278 (COUNSEL TO INVESCO FUNDS; BRIDGEWAY FUNDS; DELAWARE FUNDS; ABERDEEN FUNDS) WILMINGTON DE 19801-1697 |
| STUART MAUE | ATTN: JOHN F. THEIL FEE EXAMINER 3840 MCKELVEY RD ST. LOUIS MO 63044 |
| SULLIVAN HAZELTINE ALLINSON LLC | ATTN: WILLIAM D. SULLIVAN; ELIHU E. ALLINSON, III COUNSEL TO WILMINGTON TRUST COMPANY 901 N.MARKET ST STE 1300 WILMINGTON DE 19801-3079 |
| SULLIVAN HAZELTINE ALLISON LLC | WILLIAM HAZELTINE, ESQ. 901 N.MARKET STREET STE. 1300 (COUNSEL TO IVAN J. BATES) WILMINGTON DE 19801-3079 |
| TEITELBAUM & BASKIN, LLP | ATTN: JAY TEITELBAUM 3 BARKER AVENUE, THIRD FLOOR (COUNSEL TO H.BERGMANN; R.ERBURU; K.HORN; R.JANSEN W.JOHNSON JR; W.NIESE; R.SCHLOSBERG, III; J.SIMPSON; M.WILLES; E.ZIMBALIST, III) WHITE PLAINS NY 10601 |
| THE DSF GROUP | ALLAN I. MUSCOVITZ, SR. ACCOUNTANT 950 WINTER STREET, STE 4300 WALTHAM MA 02451-1486 |
| THE REIMANN LAW GROUP | ATTN. DAVID W. REIMANN, ESQUIRE (ATTORNEYS FOR MAJESTIC REALTY CO. YORBA PARK |

| Claim Name | Address Information |
|---|---|
| THE REIMANN LAW GROUP | I, LLC, AND YORBA PARK SUB, LLC) 1960 EAST GRAND AVENUE, SUITE 1165 EL SEGUNDO CA 90245 |
| THE ROSNER LAW GROUP | FREDERICK B. ROSNER, ESQ. 824 N. MARKET STREET, SUITE 810 (COUNSEL TO INTELSAT CORPORATION) WILMINGTON DE 19801 |
| THE SEAPORT GROUP LLC | ATTN SCOTT FRIEDBERG 360 MADISON AVENUE 22ND FLOOR NEW YORK NY 10017 |
| THOMPSON & KNIGHT LLP | ATTN: MICHAEL V. BLUMENTHAL, ESQ. 900 THIRD AVENUE, 20TH FLOOR (COUNSEL TO NBC UNIVERSAL & CERTAIN AFFILIATES INCLUDING UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP) NEW YORK NY 10022 |
| TOOD M. HOEPKER, ESQ. | (COUNSEL TO : COP-HANGING MOSS, LLC) POST OFFICE BOX 3311 ORLANDO FL 32802-3311 |
| TRAVELERS | NATIONAL ACCOUNTS 1 TOWER SQUARE-5MN HARTFORD CT 06183-4044 |
| TRESSLER SODERSTORM MALONEY & PRESS, LLP | ATTN. JACQUELINE A. CRISWELL (COUNSEL TO FISHER PRINTING, INC.) SEARS TOWER, 22ND FLOOR 233 SOUTH WACKER DRIVE CHICAGO IL 60606-6314 |
| TWENTIETH TELEVISION, INC. | ATTN: JODIE REA (COUNSEL TO: TWENTIETH TELEVISION, INC.) 2121 AVENUE OF THE STARS, SUITE 1754 LOS ANGELES CA 90067 |
| TYBOUT REDFEARN AND PELL | ATTN. SHERRY RUGGIERO FALLON (COUNSEL TO NORTHLAKE PROPERTY, LLC, MIDWEST WAREHOUSE & DISTRIBUTION SYSTEM, INC. AND BEFORD MOTOR SERVICE, INC.) 750 SHIPYARD DRIVE, SUITE 400 P.O. BOX 2092 WILMINGTON DE 19899-2092 |
| U.S. DEPARTMENT OF JUSTICE | ATTN. YONATAN GELBLUM, TRIAL ATTY., TAX DIVISION 555 4TH ST. NW ROOM 6110, P.O. BOX 227 WASHINGTON DC 20044 |
| UNGARETTI & HARRIS | ATTN. GEORGE R. MESIRES, ESQ. (COUNSEL TO KTR SOUTH FLORIDA LLC) 3500 THREE FIRST NATIONAL PLAZA 70 WEST MADISON CHICAGO IL 60602 |
| UNISYS CORPORATION | ATTN. JANET FITZPATRICK, LEGAL ASSISTANT UNISYS WAY P.O. BOX 500, M/S E8-108 BLUE BELL PA 19424 |
| UNITED STATES DEPARTMENT OF JUSTICE | CIVIL DIVISION MATTHEW J. TROY, ESQ. PO BOX 875 WASHINGTON DC 20004-0875 |
| UNITED STATES DEPARTMENT OF LABOR | OFFICE OF THE SOLICITOR MICHAEL SCHLOSS; LEONARD GERSON (COUNSEL TO HILDA L. SOLIS, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR) PLAN BENEFITS SECURITY DIVISION 230 SOUTH DEARBORN STREET CHICAGO IL 60604 |
| US ATTORNEY'S OFFICE | ELLEN W. SLIGHTS, ESQ 1201 MARKET ST, SUITE 1100 PO BOX 2046 WILMINGTON DE 19899-2046 |
| VORYS SATER SEYMOUR & PEASE LLP | ATTN: TIFFANY STRELOW COBB 52 EAST GAY STREET (COUNSEL TO AOL LLC & RELATED ENTITIES; TURNER BROADCASTING SYSTEM INC ET AL) COLUMBUS OH 43215 |
| VORYS, SATER, SEYMOUR AND PEASE LLP | ATTN: TIFFANY STRELOW COBB (COUNSEL TO: TURNER BROADCASTING SYSTEM INC ET AL) 52 EAST GAY STREET COLUMBUS OH 43215 |
| WARNER BROS. TELEVISION DISTRIBUTION, INC. | ATTN: WAYNE M. SMITH, ESQ. 4000 WARNER BLVD. BLDG. 156, ROOM 5158 BURBANK CA 91522 |
| WEISS SEROTA HELFMAN PASTORIZA COLE & BONISKE, P.L | ATTN: DOUGLAS R. GONZALES, ESQUIRE COUNSEL TO CITY OF MIRAMAR, FLORIDA & DANIA BEACH 200 EAST BROWARD BOULEVARD, ST. 1900 FORT LAUDERDALE FL 33301 |
| WHITE & CASE LLP | ATTN: THOMAS E. LAURIA, GERARD H. UZZI, SCOTT GREISSMAN, ESQS. (COUNSEL TO: WELLS FARGO BANK, N.A.) 1155 AVENUE OF THE AMERICAS NEW YORK NY 10036-2787 |
| WILLKIE FARR & GALLAGHER LLP | ATTN. ALAN J. LIPKIN (COUNSEL TO PPF OFF TWO PARK AVENUE OWNER, LLC) 787 SEVENTH AVENUE NEW YORK NY 10019 |
| WILMER CUTLER PICKERING HALE AND DORR LLP | ATTN: ANDREW GOLDMAN, ESQ. (COUNSEL TO: ANGELO GORDON & CO.) 399 PARK AVENUE NEW YORK NY 10022 |
| WILMINGTON TRUST COMPANY | ATTN: PATRICK J. HEALY, VICE PRESIDENT RODNEY SQUARE NORTH 1100 NORTH MARKET STREET WILMINGTON DE 19890 |
| WINSTON & STRAWN LLP | ATTN: DAVID NEIER, ESQ. 200 PARK AVENUE (COUNSEL TO: VALUATION RESEARCH CORPORATION) NEW YORK NY 10166 |
| YOUNG CONAWAY STARGATT & TAYLOR, LLP | ATTN: ROBERT S. BRADY AND M. BLAKE CLEARY, ESQS. RODNEY SQUARE 1000 NORTH KING STREET (COUNSEL TO VARIOUS PARTIES LISTED ON NOA) WILMINGTON DE 19801 |
| ZUCKERMAN SPAEDER LLP | GRAEME W. BUSH, ESQ. JAMES SOTTILE, ESQ. 1800 M STREET, NW, STE 1000 (SPECIAL COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS) WASHINGTON DC 20036 |
| ZUCKERMAN SPAEDER LLP | VIRGINIA WHITEHALL GULDI, ESQ. 1800 M STREET, NW SUITE 1000 (SPECIAL COUNSEL |

| Claim Name | Address Information |
|---|---|
| ZUCKERMAN SPAEDER LLP | TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS) WASHINGTON DC 20036-5807 |
| ZWERDLKING PAUL KAHN & WOLLY PC | COUNSEL TO WASHINGTON-BALTIMORE NEWSPAPER GUILD, LOCAL 32035, TNG-CWA ATTN ROBERT E PAUL ESQ 1025 CONNECTICUT AVENUE NW SUITE 712 WASHINGTON DC 20036-5420 |

**Total Creditor count  203**