## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE
## FIRST QUARTERLY FEE APPLICATION OF DAVIS WRIGHT TREMAINE LLP

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *First Quarterly Fee Application of Davis Wright Tremaine LLP* [Docket No. 10563] (the "**Fee Application**"). The Fee Application seeks approval of fees that total $128,810.69 and reimbursement of expenses that total $4,089.98 for the period from

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA, Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

September 1, 2010 through November 30, 2010.  Davis Wright Tremaine LLP ("Davis") serves as special counsel to the debtors for certain media litigation matters.

## Background

1.      On December 8, 2008 (the "**Petition Date**"), the Debtors commenced with this Court a voluntary case under Chapter 11 of the Bankruptcy Code.  Under this Court's *Order Directing Joint Administration Chapter 11 Cases* on December 10, 2009, these cases are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules [Docket No. 43].

2.      Davis previously provided services to the debtors as Ordinary Course Counsel, pursuant to the Court's *Order Allowing Compensation and Reimbursement of Expenses to Davis Wright Tremaine LLP for Services Rendered as Ordinary Course Counsel to the Debtors During the Period from March 1, 2010 through June 30, 2010.* [Docket No. 6567].

3.      On November 2, 2010, the Debtors filed their Application for an Order Authorizing Debtors to Employ and Retain Davis Wright Tremaine LLP as Special Counsel to Los Angeles Times Communications LLC for Certain Media Litigation Matters Pursuant to 11 U.S.C. §§327(E) and 1107, *nunc pro tunc* to October 1, 2010 [Docket No. 6226].  On November 22, 2010, this Court issued its *Order Authorizing Debtors to Employ and Retain Davis Wright Tremaine LLP as Special Counsel to Los Angeles Time Communications LLC for Certain Media Litigation Matters Pursuant to 11 U.S.C. §§327(E) and 1107 nunc pro tunc to October 1, 2010.* [Docket No. 6552] (the "**Retention Order**").

4.      Davis submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 225] (the "**Interim Compensation Order**").

## Applicable Standards

5.      In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish

uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

6.    The Fee Examiner reviewed the Fee Application for compliance with Sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**").  In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

7.    Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*.  In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F)*.

8.      A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred.  A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules.  Moreover, the exercise of billing judgment is an inherent and unavoidable component of every fee application.  A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

9.      The Fee Examiner completed an evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to Davis for review and comment.  Davis submitted a written response to the Fee Examiner.  The Fee Examiner issues this final report (the **"Final Report"**) "in a format designed to opine whether the requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines." *Fee Examiner Order ¶5.*

## DISCUSSION OF FINDINGS

### Technical Requirements

10.      **Reconciliation of Fees and Expenses.**  The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application (**"Fees Requested"** and **"Expenses Requested"**) to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm (**"Fees Computed"** and **"Expenses Computed"**).  The recomputation of fees revealed that the Fees Requested were $84.09 more than the Fees Computed (after accounting for the discounts and reductions by the firm) resulting in an apparent overcharge.  The discrepancy is the result of task hours within several entries that are not equal to time billed for the entries as a whole and a rounding

difference.  The discrepancy and the related entries were displayed in **Exhibit A**, to the Preliminary Report.[2]

The Fee Examiner notes that Davis has provided discounts and reductions on the fees.  Davis noted in the Application that it "represented multiple clients in some of these matters, one of which was Debtor.   The "Total Fees" amount reflected only includes the amount billed to Debtor."  This preliminary report is based on the fees computed by the Fee Examiner after adjusting hourly billing rates to reflect the discounts and reductions.

The recomputation of expenses revealed that the Expenses Computed are $9.55 more than the Expenses Requested.   The expense detail provided for the October 2010 Monthly Application totals $1,895.80; however, the firm requested a total of $1,886.25 in expenses in the October 2010 Monthly Application.  Therefore, the Fee Examiner computed an additional $9.55 in expenses.

The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.  In response to the reconciliation, Davis agreed to reduce its fees requested by $84.09, and increase its expense reimbursement request by $9.55.  Exhibit A will be omitted from this report.

11.    **Block Billing.**   The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment."  *Local Rule 2016-2(d)(vii)*.  The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry."  *UST Guidelines* ¶(b)(4)(v).[3]  The

---

[2] This Final Report includes exhibits that detail and support the findings discussed herein.  Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit.  The tasks included in a specific category are underlined in the fee exhibits.  For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

[3] The judicial response to block billing varies.  Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007).  Across the board cuts range from five to 100 percent.  *See id.* at 495 n.7 and cases cited.

Delaware Bankruptcy Court has found that time entries that generally only combine work on one issue, and a conference/communication with the client or opposing counsel on the same issue, while technically block billing, will not be objectionable.[4]   Davis block billed entries totaling 10.40 hours and $3,214.31 in associated fees (see **Exhibit B** to the Preliminary Report).   Based upon precedent established by this Court, the objectionable block billed entries total 6.30 hours with $1,285.34 in associated fees, and are highlighted in bold and marked with an ampersand [&] in the exhibit.   In light of this Court's findings and given the fact that failure to comply with the Local Rules and UST Guidelines has consequences, the Fee Examiner intended to recommend a fee reduction in the amount of $1,285.34.

Davis responded by asking for reconsideration of the first questioned block billed entry. Additionally, the firm raised issues with regard to the last two billing entries on the Exhibit, however, those were not being questioned by the Fee Examiner.   The last two entries were technically block billed, but did not rise to the level of being objectionable.   After reexamination of the first questioned block billed entry, the Fee Examiner has removed it as being objectionable.   Davis did agree the rest of the questioned entries were block billed.   Thus, the Fee Examiner recommends a fee reduction for those objectionable block billed entries, which total $903.43.   The revised Exhibit B is attached.

12.    **Time Increments.**   The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*.   The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*.   The Fee Examiner confirmed that the firm recorded time entries in tenths of an hour.

---

[4] See *In re Worldwide Direct, Inc.*, 316 B.R. 637, 643 (Bankr. D. Del. 2004) (the court did disallow 100% of the block billed entries that combined more than one discrete task and issue from which it could not determine the amount of time that was allocated to each task).

### Review of Fees

13.    **Firm Staffing.**    The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii).*  The Fee Application provided the names, positions, and hourly rates of the 21 Davis professionals and paraprofessionals who billed to this matter, consisting of 7 partners, 2 of counsel, 6 associates, 1 consultant, 3 paralegals, 1 document clerk, and 1 librarian.   A summary of hours and fees billed by each timekeeper is displayed in **Exhibit C.**

The firm billed a total of 444.60 hours with associated fees of $128,726.60.[5]  The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 121.30 | 27% | $ 53,963.01 | 42% |
| Of Counsel | 4.10 | * | 1,405.22 | 1% |
| Associate | 258.60 | 58% | 65,693.15 | 51% |
| Consultant | 0.60 | * | 126.89 | * |
| Paralegal | 55.50 | 12% | 7,226.81 | 6% |
| Document Clerk | 4.00 | * | 270.00 | * |
| Librarian | 0.50 | * | 41.52 | * |
| TOTAL | 444.60 | 100% | $128,726.60 | 100% |

* Less than 1%

14.    **Hourly Rate Increases.**  Davis did not increase the hourly rates of timekeepers during this interim period.

15.    **Preretention Fees.**  The Application included a request for reimbursement of fees totaling 242.60 hours and $76,488.21 in associated fees that pre-date October 1, 2010, the firm's effective date of retention.   These fees were displayed in **Exhibit D** to the Preliminary Report.   The

---

[5] This amount reflects the Fees Computed (after accounting for the discounts and reductions by the firm).

firm was asked to respond to the inclusion of these fees. In response, the firm provided a detailed response for the necessity and purpose for their inclusion in this fee application. Furthermore, the fees have been examined as part of the application. Unless otherwise questioned in this report, the Fee Examiner makes no recommendation that Davis not receive full compensation for these justified and reasonable fees. Exhibit D is omitted from this report.

16.    **Timekeepers' Roles.** A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4).* With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts. Each Davis timekeeper appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.

17.    **Meetings, Conferences, Hearings, and Other Events.** The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" (*Local Rule 2016-2(d)(ix)*), and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v).* While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role. Davis timekeepers did not bill for multiple attendance.

18.    **Intraoffice Conferences.** Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified billing activities by Davis timekeepers describing intraoffice conferences totaling 5.10 hours with $1,858.83 in associated fees, or approximately 1% of the total Fees Computed, were displayed in **Exhibit E,** to the Preliminary Report. Given the limited hours and fees resulting from intraoffice

meetings, the Fee Examiner will make no recommendation for a fee reduction.  Exhibit E is omitted from this report.

19.    __Complete and Detailed Task Descriptions.__  Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary."  The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*.  The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication.  Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*.

The Fee Examiner reviewed the substantive detail of each billing entry and identified 2.05 hours with $725.37 in associated fees where the billing narrative failed to disclose the subject matter of and/or participants to a communication.  The entries were displayed in **Exhibit F** to the Preliminary Report.  The Fee Examiner requested Davis provide sufficient detail for each time entry and in particular disclose the subject matter and participants of the questioned billing entries.

In response, Davis provided the required detail that was missing from each questioned billing entry.    After review of the additional information provided, the Fee Examiner makes no recommendation for a fee reduction here.  Exhibit F is omitted from this report.

20.    __Administrative Activities.__  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm.  Davis billed 1.20 hours and $347.63 in associated fees for apparent administrative activities, as

were displayed in **Exhibit G** to the Preliminary Report. The Fee Examiner requested the firm provide and explanation of the questioned activities.

In response, the firm provided a detailed response explaining the nature and purpose of the questioned tasks. After review, the Fee Examiner makes no recommendation for a fee reduction here. Exhibit G is omitted from this report.

21.     **Clerical Activities.** Clerical activities are tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel[6] or support task for which the firm charged greater than market rate. Davis billed 35.50 hours and $4,742.49 in associated fees for apparent clerical activities, as were displayed in **Exhibit H** to the Preliminary Report. In response to the questioned entries, Davis submitted additional information with regard to the entries of two timekeepers, which established the entries were not clerical in nature. With regard to the remaining clerical entries, the firm agreed to accept the Fee Examiner's recommendations. The result is to reduce the remaining clerical entries totaling 27.30 hours, to the rate of $80.00 per hour - a fee reduction of $1,475.52. The recommended fee reduction is contained in the revised Exhibit H, which is included in this report.

22.     **Davis Retention/Compensation.** Davis billed 36.80 hours with associated fees of $7,638.60 to prepare the firm's retention documents and applications for compensation, or approximately 6% of the Fees Computed. The fee entries describing Davis's retention/compensation activities are displayed in **Exhibit I**, which is included in the Final Report for the Court's reference.

---

[6] "Duties appropriate for office staff are considered part of a professional's overhead expenses and may not be billed to the estate." *Fibermark*, 349 B.R. at 397; *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758 769 (Bankr. E.D.N.Y. 2005) (overhead not compensable); *but see Bennett Funding*, 213 B.R. at 247-48 (discussing differing approaches to clerical work at professional rates). These overhead activities may include: mailing; photocopying, word processing (including the creation of templates), formatting, creating spreadsheets, printing, organizing files, checking for docket updates, creating binders, and secretarial overtime. *Fibermark*, 349 B.R. at 396-97.

## Review of Expenses

23.     **Itemization of Expenses.** The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*.  The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.  Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*.  Davis provided an itemization for its expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

24.     **Preretention Expenses.** The Application included a request for reimbursement of charges totaling $3,562.08 that appear to have been incurred prior to October 1, 2010, the firm's effective date of retention.  These expenses were displayed in **Exhibit J** to the Preliminary Report.  The firm was asked to respond to the inclusion of these expenses.  In response, the firm provided a detailed response for the necessity and purpose for their inclusion in this fee application.  Furthermore, all expenses have been examined as part of the application.  Unless otherwise questioned in this report, the Fee Examiner makes no recommendation that Davis not receive full reimbursement for reasonable expenses.  Exhibit J is omitted from this report.

25.     **Photocopies.** The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii)*.  Davis requested reimbursement for photocopy charges calculated at a rate of $0.10 per page.

26.    **Computer Assisted Legal Research.**  The Local Rules provide that computer assisted legal research charges "shall not be more than the actual cost." *Local Rule 2016-2 (e)(iii)*.  The firm billed for computer assisted legal research and the Application failed to indicate how the firm calculated this cost.  In response to the Preliminary Report, Davis confirmed that these charges were billed at the actual cost.  Thus, the Fee Examiner makes no recommendation for a reduction.

27.    **Transportation/Parking.**  Davis requested reimbursement for parking charges totaling $100.50.  The Fee Examiner requests that Davis provide additional information with regard to the charges, which were displayed in **Exhibit K** to the Preliminary Report, including an explanation for the necessity and purpose of each charge.  In response, Davis provided detailed descriptions of the necessity and purpose of each parking charge.  All charges related to parking charges incurred during court hearings covered on behalf of Debtors.  The Fee Examiner makes no recommendation for a reduction.  Exhibit K is omitted from this report.

## CONCLUSION

The Fee Examiner submits this final report regarding the Fee Application and the fees and expenses discussed above.  The Fee Examiner recommends the approval of fees in the amount of $126,347.65 ($128,810.69 minus $2,463.04) and reimbursement of expenses in the amount of $4,099.53 ($4,089.98 plus $9.55) for the period from September 1, 2010 through November 30, 2010.  The findings are set forth in the summary on the following page.

**DAVIS WRIGHT TREMAINE LLP**

**SUMMARY OF FINDINGS**

**First Quarterly Fee Application (September 1, 2010 through November 30, 2010)**

**A.      Amounts Requested and Computed**

| | | |
|---|---|---|
| Fees Requested | $128,810.69 | |
| Expenses Requested | 4,089.98 | |
| TOTAL FEES AND EXPENSES REQUESTED | | $132,900.67 |
| Fees Computed | $128,726.60 | |
| Expenses Computed | 4,099.53 | |
| TOTAL FEES AND EXPENSES COMPUTED | | $132,826.13 |
| Discrepancy in Fees | $    84.09 | |
| Discrepancy in Expenses | (9.55) | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $    74.54 |

**B.      Recommended Fee Allowance and Expense Reimbursement**

| | | |
|---|---|---|
| Fees Requested | $128,810.69 | |
| *Agreed Reduction for Discrepancy in Fees* | *($    84.09)* | |
| *Agreed Reduction for Block Billing* | *(903.43)* | |
| *Agreed Reduction for Clerical Activities* | *(1,475.52)* | |
| Subtotal | *($2,463.04)* | |
| RECOMMENDED FEE ALLOWANCE | | $126,347.65 |
| Expenses Requested | $4,089.98 | |
| *Discrepancy in Expenses* | *$9.55* | |
| Subtotal | *$9.55* | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 4,099.53 |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $130,447.18 |

Respectfully submitted,

**STUART MAUE**

By: _____
    John Theil
    3840 McKelvey Road
    St. Louis, Missouri  63044
    Telephone:  (314) 291-3030
    Facsimile:  (314) 291-6546
    tribunebkr@smmj.com

    *Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 27th day of March, 2012.

David Klauder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE  19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE  19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
William E. Chipman Jr., Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE  19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE  19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY  10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY  10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE  19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY  10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Gino Pasquale, Esq.
Davis Wright Tremaine LLP
865 South Figueroa Street, Suite 2400
Los Angeles, California  90017-2566

_____
John F. Theil, Esq.

-15-

EXHIBIT B

BLOCK BILLING

Davis Wright Tremaine

## BLOCK BILLING

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Henry, K | 0.80 | 242.55 |
| Planchon, B | 2.30 | 381.92 |
| Sager, K | 5.30 | 2,493.54 |
| Shoemaker, A | 2.00 | 96.30 |
| | 10.40 | $3,214.31 |

## BLOCK BILLING - QUESTIONED

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Henry, K | 0.80 | 242.55 |
| Planchon, B | 0.00 | 0.00 |
| Sager, K | 1.20 | 564.58 |
| Shoemaker, A | 2.00 | 96.30 |
| | 4.00 | $903.43 |

EXHIBIT B

BLOCK BILLING

Davis Wright Tremaine

BLOCK BILLING

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Bankruptcy | 2.00 | 940.96 |
| Bench Bar Comments | 2.00 | 96.30 |
| Beverly Hills Surgery Center | 5.60 | 1,934.50 |
| Los Angeles Times General Advice | 0.80 | 242.55 |
| | 10.40 | $3,214.31 |

BLOCK BILLING - QUESTIONED

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Bankruptcy | 1.20 | 564.58 |
| Bench Bar Comments | 2.00 | 96.30 |
| Beverly Hills Surgery Center | 0.00 | 0.00 |
| Los Angeles Times General Advice | 0.80 | 242.55 |
| | 4.00 | $903.43 |

EXHIBIT B

BLOCK BILLING

Davis Wright Tremaine

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| | | | | | | | | *MATTER NAME: Los Angeles Times General Advice* |
| 10/14/10 | Henry, K | 0.80 | 0.80 | 242.55 | | & | 1 | (DAILY PILOT'S ADJUDICATION) REVIEW PROBATE EXAMINERS NOTES AND |
| Thu | 5933771/216 | | | | | & | 2 | RESEARCH DAILY PILOT'S ADJUDICATION HISTORY, AND |
| | | | | | | & | 3 | COMMUNICATIONS WITH MS. XANDERS REGARDING SAME |
| | | | | | | | | *MATTER NAME: Beverly Hills Surgery Center* |
| 10/14/10 | Planchon, B | 4.10 | 2.30 | 381.92 | 1.15 | A | 1 | REVIEW OPPOSITION TO MOTION TO COMPEL FOR ALL CITES TO JUDICIAL OPINION AND |
| Thu | 5932915/167 | | | | 1.15 | A | 2 | PREPARE NEGATIVE HISTORY REPORT SUMMARY (2.3): |
| | | | | | 1.80 | F | 3 | PREPARE APPENDIX OF NON-CALIFORNIA AUTHORITIES (1.8) |
| | | | | | | | | *MATTER NAME: Bankruptcy* |
| 10/24/10 | Sager, K | 1.20 | 1.20 | 564.58 | | & | 1 | REVIEW MATERIALS AND REVISE DECLARATION, |
| Sun | 5932921/203 | | | | | & | 2 | PREPARE INVOICES AND OTHER MATERIALS FOR FILING WITH BANKRUPTCY COURT |
| | | | | | | | | *MATTER NAME: Bench Bar Comments* |
| 10/26/10 | Shoemaker, A | 2.00 | 2.00 | 96.30 | | & | 1 | REVIEW COMMITTEE REPORT AND JUDGES' COMMENTS: |
| Tue | 5938398/252 | | | | | & | 2 | RESEARCH ON ACCESS TO COURT RECORDS IN CALIFORNIA |
| | | | | | | | | *MATTER NAME: Beverly Hills Surgery Center* |
| 10/27/10 | Sager, K | 3.50 | 3.30 | 1,552.58 | 1.65 | A | 1 | PREPARE FOR AND ATTEND HEARING ON PLAINTIFF'S MOTION TO COMPEL AND |
| Wed | 5932915/175 | | | | 1.65 | A | 2 | FOLLOW-UP DISCUSSION WITH CLIENT AND TEAM (3.3): |
| | | | | | 0.20 | F | 3 | REVIEW AND REVISE NOTICE OF RULING (.2) |
| | | | | | | | | *MATTER NAME: Bankruptcy* |
| 11/02/10 | Sager, K | 1.20 | 0.80 | 376.38 | 0.40 | A | 1 | REVIEW AND REVISE DECLARATION AND APPLICATIONTO BANKRUPTCY COURT, INCLUDING |
| Tue | 5938371/230 | | | | 0.40 | A | 2 | COMMUNICATION WITH SIDLEY ATTORNEYS AND CLIENTS REGARDING SAME (0.8): |
| | | | | | 0.40 | F | 3 | FURTHER COMMUNICATIONS WITH TRIBUNE BANKRUPTCY COUNSEL (0.4) |

|                        |        |           |
|------------------------|--------|-----------|
| TOTAL OF ALL ENTRIES   | 10.40  | $3,214.31 |
| TOTAL ENTRY COUNT:     | 6      |           |
| TOTAL TASK COUNT:      | 13     |           |
| TOTAL OF & ENTRIES     | 4.00   | $903.43   |
| TOTAL ENTRY COUNT:     | 3      |           |
| TOTAL TASK COUNT:      | 7      |           |

&  BLOCK BILLING - QUESTIONED

~  See the last page of exhibit for explanation

BLOCK BILLING

Davis Wright Tremaine

SUMMARY OF HOURS AND FEES BY INDIVIDUAL FOR

BLOCK BILLING

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Henry, K | 0.80 | 242.55 |
| Planchon, B | 2.30 | 381.92 |
| Sager, K | 5.30 | 2,493.54 |
| Shoemaker, A | 2.00 | 96.30 |
| | 10.40 | $3,214.31 |

SUMMARY OF HOURS AND FEES BY INDIVIDUAL FOR

BLOCK BILLING - QUESTIONED

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Henry, K | 0.80 | 242.55 |
| Planchon, B | 0.00 | 0.00 |
| Sager, K | 1.20 | 564.58 |
| Shoemaker, A | 2.00 | 96.30 |
| | 4.00 | $903.43 |

EXHIBIT B

BLOCK BILLING

Davis Wright Tremaine

SUMMARY OF HOURS AND FEES BY MATTER FOR

BLOCK BILLING

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Bankruptcy | 2.00 | 940.96 |
| Bench Bar Comments | 2.00 | 96.30 |
| Beverly Hills Surgery Center | 5.60 | 1,934.50 |
| Los Angeles Times General Advice | 0.80 | 242.55 |
| | 10.40 | $3,214.31 |

SUMMARY OF HOURS AND FEES BY MATTER FOR

BLOCK BILLING - QUESTIONED

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Bankruptcy | 1.20 | 564.58 |
| Bench Bar Comments | 2.00 | 96.30 |
| Beverly Hills Surgery Center | 0.00 | 0.00 |
| Los Angeles Times General Advice | 0.80 | 242.55 |
| | 4.00 | $903.43 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

A       Task Hours Allocated By Fee Examiner

F       FINAL BILL

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Davis Wright Tremaine**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|----------|------|----------|--------------|--------------|----------------|---------------|
| SAGE | Sager, Kelli L. | PARTNER | $157.33 | $470.48 | 74.30 | $34,518.25 |
| WICK | Wickers IV, Alonzo | PARTNER | $424.35 | $424.35 | 43.30 | $18,374.36 |
| JOHN | Johnson, Bruce | PARTNER | $470.48 | $470.48 | 1.40 | $658.67 |
| LORE | Lorentz, Andrew | PARTNER | $548.89 | $548.89 | 0.30 | $164.67 |
| FANG | Fang, James Z. Y. | PARTNER | $447.42 | $447.42 | 0.30 | $134.23 |
| BURK | Burke, Thomas | PARTNER | $45.73 | $45.73 | 1.60 | $73.17 |
| MIDD | Middleton, Allen | PARTNER | $396.68 | $396.68 | 0.10 | $39.67 |
| | No. of Billers for Position: 7 | Blended Rate for Position: | $444.87 | | 121.30 | $53,963.01 |
| | | | | | % of Total:  27.28% | % of Total:  41.92% |
| LONR | London, Ronald | OF COUNSEL | $410.52 | $410.52 | 1.80 | $738.94 |
| GRUM | Grumer, Janet L. | OF COUNSEL | $289.69 | $289.69 | 2.30 | $666.29 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $342.74 | | 4.10 | $1,405.22 |
| | | | | | % of Total:  0.92% | % of Total:  1.09% |
| GLAS | Glasser, Jeffrey D. | ASSOCIATE | $87.58 | $261.90 | 151.40 | $39,355.32 |
| KOHN | Kohn, Lisa J. | ASSOCIATE | $253.24 | $253.24 | 45.00 | $11,395.80 |
| CARR | Carroll, Betsy | ASSOCIATE | $327.27 | $327.27 | 22.90 | $7,494.48 |
| EASJ | Eastburg, Rory | ASSOCIATE | $85.77 | $256.50 | 17.10 | $3,873.96 |
| HENR | Henry, Karen A. | ASSOCIATE | $303.19 | $303.19 | 6.10 | $1,849.46 |
| SHOE | Shoemaker, Adam | ASSOCIATE | $48.15 | $144.00 | 16.10 | $1,724.13 |
| | No. of Billers for Position: 6 | Blended Rate for Position: | $254.03 | | 258.60 | $65,693.15 |
| | | | | | % of Total:  58.16% | % of Total:  51.03% |
| ZHUL | Zhu, L. | CONSULTANT | $211.48 | $211.48 | 0.60 | $126.89 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $211.48 | | 0.60 | $126.89 |
| | | | | | % of Total:  0.13% | % of Total:  0.10% |
| BRAM | Bradley, Michelle | PARALEGAL | $135.00 | $135.00 | 27.60 | $3,726.00 |

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

## COMPUTED AT STANDARD RATES

### Davis Wright Tremaine

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | | FEES COMPUTED |
|----------|------|----------|--------------|--------------|----------------|---|---------------|
| ROTH | Roth, Kristina | PARALEGAL | $108.00 | $108.00 | 19.50 | | $2,106.00 |
| PLAN | Planchon, Benjamin | PARALEGAL | $166.05 | $166.05 | 8.40 | | $1,394.82 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $130.21 | | 55.50 | | $7,226.82 |
| | | | | | 12.48% | % of Total: | 5.61% |
| | | | | | % of Total: | | |
| BACA | Baca, Elena | DOCUMENT CLERK | $67.50 | $67.50 | 4.00 | | $270.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $67.50 | | 4.00 | | $270.00 |
| | | | | | 0.90% | % of Total: | 0.21% |
| | | | | | % of Total: | | |
| GILB | Gilbertson, Christopher | LIBRARIAN | $83.03 | $83.03 | 0.50 | | $41.52 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $83.03 | | 0.50 | | $41.52 |
| | | | | | 0.11% | % of Total: | 0.03% |
| | | | | | % of Total: | | |
| | Total No. of Billers: 21 | Blended Rate for Report: | $289.53 | | 444.60 | | $128,726.60 |

EXHIBIT H

CLERICAL ACTIVITIES

Davis Wright Tremaine

### SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE |
|---|---|---|---|---|
| Bradley, M | 26.80 | 3,618.00 | 2,144.00 | 1,474.00 |
| Gilbertson, C | 0.50 | 41.52 | 40.00 | 1.52 |
| | 27.30 | $3,659.52 | $2,184.00 | $1,475.52 |

### SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE |
|---|---|---|---|---|
| Bankruptcy | 26.80 | 3,618.00 | 2,144.00 | 1,474.00 |
| Los Angeles Times General Advice | 0.50 | 41.52 | 40.00 | 1.52 |
| | 27.30 | $3,659.52 | $2,184.00 | $1,475.52 |

* Amount billed adjusted to reflect percentage shown to be due on the invoice.

EXHIBIT H

CLERICAL ACTIVITIES

Davis Wright Tremaine

| TIMEKEEPER NAME | DATE | ENTRY HOURS | TASK HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| Bradley, M | 10/06/10    Wed 5932921/196 | 1.90 | 1.90 | 256.50 | 152.00 | 104.50 | MATTER NAME: Bankruptcy 1 WORK WITH ACCOUNTING DEPARTMENT REGARDING REPRINTS OF INVOICES AND NEEDED REPORTS FOR FEE APPLICATION |
| | 10/07/10    Thu 5932921/198 | 8.10 | 8.10 | 1,093.50 | 648.00 | 445.50 | MATTER NAME: Bankruptcy 1 WORK ON FEE/HOUR CHARTS FOR FEE APPLICATION |
| | 10/08/10    Fri 5932921/199 | 5.30 | 5.30 | 715.50 | 424.00 | 291.50 | MATTER NAME: Bankruptcy 1 WORK ON FEE/HOUR CHARTS FOR FEE APPLICATION |
| | 10/11/10    Mon 5932921/200 | 6.30 | 6.30 | 850.50 | 504.00 | 346.50 | MATTER NAME: Bankruptcy 1 WORK ON FEE/HOUR CHARTS FOR FEE APPLICATION |
| | 10/12/10    Tue 5932921/201 | 2.90 | 2.90 | 391.50 | 232.00 | 159.50 | MATTER NAME: Bankruptcy 1 FINALIZE FEE/HOUR CHARTS FOR FEE APPLICATION |
| | 11/19/10    Fri 5938371/232 | 2.30 | 2.30 | 310.50 | 184.00 | 126.50 | MATTER NAME: Bankruptcy 1 PREPARE ATTORNEY TIME/FEE AND COST CHARTS FOR FEE APPLICATION (SEPTEMBER 2010 TIME) |
| | TOTAL FOR TIMEKEEPER: | | 26.80 | $3,618.00 | $2,144.00 | $1,474.00 | |
| | NUMBER OF ENTRIES:        6 | | | | | | |
| Gilbertson, C | 10/05/10    Tue 5933771/211 | 0.50 | 0.50 | 41.52 | 40.00 | 1.52 | MATTER NAME: Los Angeles Times General Advice 1 RETRIEVE AFIDA LEGISLATION AND REGULATION FOR J. GLASSER |
| | TOTAL FOR TIMEKEEPER: | | 0.50 | $41.52 | $40.00 | $1.52 | |
| | NUMBER OF ENTRIES:        1 | | | | | | |
| TOTAL: NUMBER OF ENTRIES        7 | | | 27.30 | $3,659.52 | $2,184.00 | $1,475.52 | |

EXHIBIT H

CLERICAL ACTIVITIES

Davis Wright Tremaine

## SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE |
|---|---|---|---|---|
| Bradley, M | 26.80 | 3,618.00 | 2,144.00 | 1,474.00 |
| Gilbertson, C | 0.50 | 41.52 | 40.00 | 1.52 |
| | 27.30 | $3,659.52 | $2,184.00 | $1,475.52 |

## SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES BILLED RATE | FEES ADJUSTED RATE | DIFFERENCE |
|---|---|---|---|---|
| Bankruptcy | 26.80 | 3,618.00 | 2,144.00 | 1,474.00 |
| Los Angeles Times General Advice | 0.50 | 41.52 | 40.00 | 1.52 |
| | 27.30 | $3,659.52 | $2,184.00 | $1,475.52 |

* Amount billed adjusted to reflect percentage shown to be due on the invoice.

EXHIBIT I

DAVIS RETENTION/COMPENSATION

Davis Wright Tremaine

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Bradley, M | 27.60 | 3,726.00 |
| Grumer, J | 2.30 | 666.29 |
| Sager, K | 6.90 | 3,246.31 |
| | 36.80 | $7,638.60 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Bankruptcy | 36.80 | 7,638.60 |
| | 36.80 | $7,638.60 |

EXHIBIT I  PAGE 1 of  4

EXHIBIT I
DAVIS RETENTION/COMPENSATION
Davis Wright Tremaine

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 10/04/10 Mon | Bradley, M 5932921/195 | 0.10 | 0.10 | 13.50 | | | 1 | MATTER NAME: Bankruptcy<br>COMMUNICATE WITH J. LUDWIG AND G. PASQUALE REGARDING DRAFTING FEE APPLICATION |
| 10/06/10 Wed | Bradley, M 5932921/196 | 1.90 | 1.90 | 256.50 | | | 1 | MATTER NAME: Bankruptcy<br>WORK WITH ACCOUNTING DEPARTMENT REGARDING REPRINTS OF INVOICES AND NEEDED REPORTS FOR FEE APPLICATION |
| 10/07/10 Thu | Bradley, M 5932921/198 | 8.10 | 8.10 | 1,093.50 | | | 1 | MATTER NAME: Bankruptcy<br>WORK ON FEE/HOUR CHARTS FOR FEE APPLICATION |
| 10/07/10 Thu | Grumer, J 5932921/197 | 0.40 | 0.40 | 115.88 | 0.30<br>0.10 | F<br>F | 1<br>2 | MATTER NAME: Bankruptcy<br>COMMUNICATE WITH MS. LUDWIG AND REVIEW INVOICES RELATING TO REPRESENTATION OF LOS ANGELES TIMES (.3):<br>EMAIL TO MS. LUDWIG CONCERNING SAME (.1) |
| 10/08/10 Fri | Bradley, M 5932921/199 | 5.30 | 5.30 | 715.50 | | | 1 | MATTER NAME: Bankruptcy<br>WORK ON FEE/HOUR CHARTS FOR FEE APPLICATION |
| 10/11/10 Mon | Bradley, M 5932921/200 | 6.30 | 6.30 | 850.50 | | | 1 | MATTER NAME: Bankruptcy<br>WORK ON FEE/HOUR CHARTS FOR FEE APPLICATION |
| 10/12/10 Tue | Bradley, M 5932921/201 | 2.90 | 2.90 | 391.50 | | | 1 | MATTER NAME: Bankruptcy<br>FINALIZE FEE/HOUR CHARTS FOR FEE APPLICATION |
| 10/13/10 Wed | Bradley, M 5932921/202 | 0.70 | 0.70 | 94.50 | | | 1 | MATTER NAME: Bankruptcy<br>COMMUNICATE WITH J. LUDWIG AND REVISE FEE APPLICATION CHART ACCORDINGLY |
| 10/24/10 Sun | Sager, K 5932921/203 | 1.20 | 1.20 | 564.58 | | | 1<br>2 | MATTER NAME: Bankruptcy<br>REVIEW MATERIALS AND REVISE DECLARATION,<br>PREPARE INVOICES AND OTHER MATERIALS FOR FILING WITH BANKRUPTCY COURT |
| 10/25/10 Mon | Grumer, J 5932921/204 | 0.50 | 0.50 | 144.85 | 0.40<br>0.10 | F<br>F | 1<br>2 | MATTER NAME: Bankruptcy<br>REVIEW DOCUMENTS RELATED TO FEE APPLICATION (.4):<br>COMMUNICATE WITH K. SAGER CONCERNING REDACTIONS (.1) |
| 10/25/10 Mon | Sager, K 5932921/205 | 0.50 | 0.50 | 235.24 | | | 1 | MATTER NAME: Bankruptcy<br>WORK ON SUBMISSION TO BANKRUPTCY COURT FOR MARCH, APRIL, MAY AND JUNE INVOICES |
| 10/27/10 Wed | Grumer, J 5932921/207 | 1.40 | 1.40 | 405.57 | 0.80<br>0.60 | F<br>F | 1<br>2 | MATTER NAME: Bankruptcy<br>REVIEW ADDITIONAL INTERESTED PARTIES LIST AND CONFLICT CHECK REPORTS (.8):<br>REVIEW AND REVISE SAGER DECLARATION (.6) |
| 10/27/10 Wed | Sager, K 5932921/206 | 0.40 | 0.40 | 188.19 | | | 1 | MATTER NAME: Bankruptcy<br>WORK ON FEE APPLICATION FOR MARCH-JUNE BILLS |

~  See the last page of exhibit for explanation

EXHIBIT I  PAGE 2 of  4

EXHIBIT I

DAVIS RETENTION/COMPENSATION

Davis Wright Tremaine

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 10/28/10 Thu | Sager, K 5932921/208 | 1.50 | 1.50 | 705.72 | | | 1 | MATTER NAME: Bankruptcy<br>WORK ON FEE APPLICATION FOR MARCH, APRIL, MAY AND JUNE INVOICES |
| 11/02/10 Tue | Sager, K 5938371/230 | 1.20 | 1.20 | 564.58 | 0.40<br>0.40<br>0.40 | A<br>A<br>F | 1<br>2<br>3 | MATTER NAME: Bankruptcy<br>REVIEW AND REVISE DECLARATION AND APPLICATIONTO BANKRUPTCY COURT, INCLUDING<br>COMMUNICATION WITH SIDLEY ATTORNEYS AND CLIENTS REGARDING SAME (0.8):<br>FURTHER COMMUNICATIONS WITH TRIBUNE BANKRUPTCY COUNSEL (0.4) |
| 11/18/10 Thu | Sager, K 5938371/231 | 0.30 | 0.30 | 141.14 | | | 1 | MATTER NAME: Bankruptcy<br>COMMUNICATIONS WITH SIDLEY ATTORNEYS REGARDING HEARING ON FEES |
| 11/19/10 Fri | Bradley, M 5938371/232 | 2.30 | 2.30 | 310.50 | | | 1 | MATTER NAME: Bankruptcy<br>PREPARE ATTORNEY TIME/FEE AND COST CHARTS FOR FEE APPLICATION (SEPTEMBER 2010 TIME) |
| 11/22/10 Mon | Sager, K 5938371/233 | 0.30 | 0.30 | 141.14 | | | 1 | MATTER NAME: Bankruptcy<br>COMMUNICATIONS WITH SIDLEY AUSTIN COUNSEL REGARDING HEARING TOMORROW |
| 11/23/10 Tue | Sager, K 5938371/234 | 1.20 | 1.20 | 564.58 | 1.00<br>0.20 | F<br>F | 1<br>2 | MATTER NAME: Bankruptcy<br>REVIEW MATERIALS FOR HEARING ON FEE APPLICATION AND ATTEND HEARING BY COURTCALL (1.0):<br>FOLLOW-UP COMMUNICATIONS WITH J. LUDWIG (0.2) |
| 11/30/10 Tue | Sager, K 5938371/235 | 0.30 | 0.30 | 141.14 | | | 1 | MATTER NAME: Bankruptcy<br>REVIEW MESSAGE FROM CREDITORS COUNSEL AND COMMUNICATE WITH SIDLEY AND WITH J. WAGGONER REGARDING SAME |
| Total<br>Number of Entries:    20 | | | 36.80 | $7,638.60 | | | | |

EXHIBIT I

DAVIS RETENTION/COMPENSATION

Davis Wright Tremaine

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Bradley, M | 27.60 | 3,726.00 |
| Grumer, J | 2.30 | 666.29 |
| Sager, K | 6.90 | 3,246.31 |
| | 36.80 | $7,638.60 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Bankruptcy | 36.80 | 7,638.60 |
| | 36.80 | $7,638.60 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

A    Task Hours Allocated By Fee Examiner

F    FINAL BILL

EXHIBIT I  PAGE 4 of  4