**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| In re: | Chapter 11 |
|---|---|
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**FEE EXAMINER'S FINAL REPORT REGARDING THE EIGHTH QUARTERLY APPLICATION OF JENNER & BLOCK LLP**

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Eighth Quarterly Application of Jenner & Block LLP* [Docket No. 7520] (the "**Fee Application**"). The Fee Application seeks approval of fees that total

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

$48,197.50[2] and reimbursement of expenses that total $2,719.66[3] for the period from September 1, 2010 through November 30, 2010. Jenner & Block LLP ("**Jenner**") serves as special counsel to the Debtors for certain litigation matters.

## Background

1. On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Under this Court's *Order Directing Joint Administration Chapter 11 Cases* dated December 10, 2009 [Docket No. 43], these cases are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.

2. On December 26, 2008, the Debtors filed the *Application for an Order Authorizing Debtors and Debtors in Possession to Retain Jenner & Block LLP as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc Pro Tunc to the Petition Date* [Docket No. 142] (the "**Retention Application**"). By order dated February 20, 2009, this Court approved the Retention Application (the "**Initial Retention Order**").

3. On April 28, 2009, the Court entered an Order (the "**Supplemental Retention Order**") [Docket No. 1097] approving the *Debtors' Supplemental Application for an Order Expanding the Scope of the Retention of Jenner & Block LLP as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc Pro Tunc to March 5, 2009* (the "**Supplemental Retention Application**"). The Supplemental Retention Application sought clarification of the scope of Jenner's representation to allow Jenner to assist the Debtors with responding to a subpoena issued by the Department of Labor on March 2, 2009. Jenner continues to advise and assist the Debtors in connection with the DOL inquiry.

---

[2] In the Eighth Quarterly Application the firm requested fees in the amount $47,764.60 and expenses in the amount of $3,152.56. For the following reason, these amounts have been adjusted. In the Monthly Application for November 2010, an expense credit resulted in a negative expense total which the firm applied against the fees. The expense credit should have resulted in quarterly fees in the amount of $48,197.50 and expenses of $2,719.66.

[3] See footnote 2, *supra*.

4.    Jenner submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, (January 15, 2009) [Docket No. 225] (the "**Interim Compensation Order**").

## Applicable Standards

5.    In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

6.    The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

7.    Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of,

a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C.* §§ *330(a)(3)(A-F).*

8. A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

9. The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Supplemental Retention Application, the Supplemental Retention Order, the Interim Compensation Order, and all related filings, and provided a Preliminary Report to Jenner for review and comment. Jenner provided a written response to the Fee Examiner. After evaluation of the additional information provided by Jenner, the Fee Examiner submits this Final Report for the Court's consideration. This Final Report is in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of the applicant meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2, and will also inform the Court of all proposed consensual resolutions of the fee and/or expense reimbursement request for the professional and the basis for such proposed consensual resolution.

## DISCUSSION OF FINDINGS

### Technical Requirements

10. **Reconciliation of Fees and Expenses.** The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**"). The Fee Examiner determined that the Fees Requested exceed the Fees Computed by $4,162.50, resulting in an apparent overcharge. The discrepancy is the result of task hours within one entry that do not equal the time billed for the entry as a whole, as were displayed in **Exhibit A** to the Preliminary Report. Jenner agreed with the Fee Examiner's computation, stating that it was due to an inadvertent computational error. The firm agreed to reduce its fees in the amount of $4,162.50. The Fee Examiner makes no additional recommendation for a reduction, and Exhibit A is omitted from this report.

The Fee Examiner further determined that there is no discrepancy between the Expenses Requested and the Expenses Computed. The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

11. **Block Billing.** The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*. The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[4] With minimal exceptions, Jenner did not block bill time entries.

---

[4] The judicial response to block billing varies. Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007). Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

12. **Time Increments.** The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*. The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*. Jenner timekeepers recorded their time in one-tenth hour increments.

**Review of Fees**

13. **Firm Staffing.** The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*. The Fee Application provided the names, positions, and hourly rates of the 18 Jenner professionals and paraprofessionals who billed to this matter, consisting of 5 partners, 5 associates, 1 staff attorney, 5 paralegals, and 2 litigation support and database technology personnel. A summary of hours and fees billed by each timekeeper is displayed in **Exhibit B**.[5]

The firm billed a total of 94.10 hours with associated fees of $44,035.00[6]. The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 40.80 | 43% | $28,097.50 | 64% |
| Associate | 22.30 | 24% | 9,517.00 | 21% |
| Staff Attorney | 2.10 | 2% | 493.50 | 1% |

[5] This Final Report includes exhibits that detail and support the findings discussed herein. Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits. For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

[6] This amount reflects the Fees Computed.

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Paralegal | 24.70 | 26% | 4,772.00 | 11% |
| Litigation Support/Database Technology | 4.20 | 5% | 1,155.00 | 3% |
| TOTAL | 94.10 | 100% | $44,035.00 | 100% |

The blended hourly rate for the Jenner professionals is $584.48 and the blended hourly rate for professionals and paraprofessionals is $467.96.

14. **Hourly Rate Increases.** Jenner did not increase the hourly rates of firm timekeepers during this interim period.

15. **Timekeepers' Roles.** A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4).* With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts. On the whole, each timekeeper appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals. The Fee Examiner requested additional information from Jenner regarding one timekeeper who billed 0.30 hour and $225.00 in associated fees for a single telephone conference, as was shown on **Exhibit C** to the Preliminary Report.

In response, Jenner voluntarily agreed to reduce its fee request by $225.00. Exhibit C is omitted from this report.

16. **Meetings, Conferences, Hearings, and Other Events.** The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" *Local Rule 2016-2(d)(ix)*, and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v).* While it may be appropriate to have multiple attendees at some meetings, conferences,

hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role. The Fee Examiner did not identify any instances of multiple attendance.

17. **Intraoffice Conferences.** Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified billing activities by Jenner timekeepers describing intraoffice conferences totaling 5.15 hours with $3,153.50 in associated fees, or approximately 7% of the Fees Computed, as was displayed in **Exhibit D** to the Preliminary Report. The Fee Examiner observed that in certain instances, two or more timekeepers invoiced fees associated with the same intraoffice conference. The entries describing intraoffice conferences invoiced by two or more firm personnel total 1.90 hours with $1,305.50 in associated fees and were highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner requested that Jenner strive to eliminate unnecessary intraoffice conferencing, but does not make a recommendation for a fee reduction. Exhibit D is omitted from this report.

18. **Complete and Detailed Task Descriptions.** Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*. The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*. The Fee Examiner identified 6.70 hours and $4,395.00 in associated fees where the timekeeper failed to identify either the participants or the subject-matter of the communication. The questioned entries were

displayed in **Exhibit E** to the Preliminary Report. The Fee Examiner requested Jenner provide the missing information as required by the rules.

In response, Jenner provided the missing information regarding each questioned entry, which brought them into compliance. The Fee Examiner makes no recommendation for a fee reduction, and omits Exhibit E to the Preliminary Report.

19. **Administrative Activities.** Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. The Fee Examiner did not identify any fee entries describing administrative activities.

20. **Clerical Activities.** Clerical activities are tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel[7] or otherwise have a market value less than the hourly rate charged by the firm. The Fee Examiner reviewed each timekeeper's billing activities and identified entries describing clerical activities including but not limited to organizing materials, converting document formats, and uploading documents. The entries were displayed in **Exhibit F** to the Preliminary Report and totaled 15.90 hours with $3,714.00 in associated fees. Jenner responded by providing additional information regarding the each questioned entry, which brought them into compliance. The Fee Examiner makes no recommendation for a fee reduction, and Exhibit F is omitted from this report.

21. **Travel.** The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*. Jenner did not submit time entries describing travel.

[7] "Duties appropriate for office staff are considered part of a professional's overhead expenses and may not be billed to the estate." *Fibermark*, 349 B.R. at 397; *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758 769 (Bankr. E.D.N.Y. 2005) (overhead not compensable); *but see Bennett Funding*, 213 B.R. at 247-48 (discussing differing approaches to clerical work at professional rates). These overhead activities may include: mailing; photocopying, word processing (including the creation of templates), formatting, creating spreadsheets, printing, organizing files, checking for docket updates, creating binders, and secretarial overtime. *Fibermark*, 349 B.R. at 396-97.

22. **Jenner Retention/Compensation.** Jenner billed 20.60 hours with associated fees of $5,924.50 to prepare the firm's retention documents and applications for compensation, approximately 13% of the Fees Computed. The fee entries describing Jenner's retention/compensation activities are displayed in **Exhibit G**, which is included in the Final Report for the Court's reference.

**Review of Expenses**

23. **Itemization of Expenses.** The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii).* The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii).* Jenner provided an itemization for its expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

24. **Photocopies.** The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii).* Jenner stated in the Application that the firm's standard rate for duplication is $0.09 per page. Of the 15 charges for photocopies, 13 are not divisible by $0.09. The Fee Examiner requested Jenner provide additional information explaining the method of calculation for the photocopy expenses. The Fee Examiner also requested additional information regarding the charges in the category: "Photocopy and Related Expense," including the method of calculation for these charges.

Jenner confirmed in its response that the fee application incorrectly stated its standard rate for duplication was $.09 per page. Instead, during this interim period, Jenner's photocopy rate was $.06 per page for scanning, and $.10 per page for black and white reproductions/printing.

25.  **Computer Assisted Legal Research.** The Local Rules provide that computer assisted legal research charges "shall not be more than the actual cost." *Local Rule 2016-2 (e)(iii)*. Jenner stated in the Application that "[w]ith respect to legal research expenses, charges to Jenner by Lexis/Nexis and Westlaw are based on the actual number and scope of searches."

26.  **Automation Equipment Charges.** Jenner requested reimbursement for $119.88 described as "Automation Equipment Charges." The Fee Examiner requested that Jenner provide additional information with regard to this charge, including an explanation for the necessity and purpose of the charge. Jenner voluntarily withdrew its request for reimbursement of this expense – a $119.88 reduction in expenses.

27.  **Vaguely Described Travel Related Expenses.** Jenner requested reimbursement for the out-of-town travel expenses displayed in **Exhibit H** to the Preliminary Report. The Fee Examiner requested detailed itemization for the charges including the types of charges incurred (airfare, lodging, etc.) and the amount of each charge. In response, Jenner stated that the airline ticket was a coach fare, and agreed to take a $198.13 reduction in a hotel expense. The Fee Examiner has no additional recommendation for an expense reduction. Exhibit H is omitted from this report.

## CONCLUSION

The Fee Examiner submits this final report regarding the Application and the fees and expenses discussed above. The Fee Examiner recommends the approval of fees in the amount of $43,810.00 ($48,197.50 minus $4,387.50) and reimbursement of expenses in the amount of $2,401.65 ($2,719.66 minus $318.01) for the period September 1, 2010 through November 30, 2010. The findings are set forth in the summary on the following page.

**JENNER & BLOCK LLP**

**SUMMARY OF FINDINGS**

**Eighth Quarterly Application (September 1, 2010 through November 30, 2010)**

**A. Amounts Requested and Computed**

| | | | |
|---|---|---|---|
| Fees Requested | | $48,197.50 | |
| Expenses Requested | | 2,719.66 | |
| TOTAL FEES AND EXPENSES REQUESTED | | | $50,917.16 |
| Fees Computed | | $44,035.00 | |
| Expenses Computed | | 2,719.66 | |
| TOTAL FEES AND EXPENSES COMPUTED | | | $46,754.66 |
| Discrepancy in Fees | | $ 4,162.50 | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | | $ 4,162.50 |

**B. Recommended Fee Allowance and Expense Reimbursement**

| | | | |
|---|---|---|---|
| Fees Requested | $48,197.50 | | |
| *Agreed Reduction for Discrepancy in Fees* | | *($4,162.50)* | |
| *Agreed Reduction for Questioned Timekeepers* | | *(225.00)* | |
| Subtotal | | *($4,387.50)* | |
| RECOMMENDED FEE ALLOWANCE | | | $43,810.00 |
| Expenses Requested | $2,719.66 | | |
| *Agreed Reduction for Automation Equipment Charges* | | *($119.88)* | |
| *Agreed Reduction for Hotel Expense* | | *(198.13)* | |
| Subtotal | | *($318.01)* | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | | 2,401.65 |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | | $46,211.65 |

Respectfully submitted,

**STUART MAUE**

By: ______________________________

John Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri 63044
Telephone: (314) 291-3030
Facsimile: (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 3rd day of April, 2012.

David Klauder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Stuart M. Brown, Esq.
William E. Chipman Jr., Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for Prepetition Lenders, JP Morgan Chase Bank, N.A.)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for Prepetition Lenders, JP Morgan Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

David J. Bradford, Esq.
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611-7603

John F. Theil, Esq.

**EXHIBIT B**

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Jenner & Block LLP**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| CJR | Rozycki, Carla J. | PARTNER | $550.00 | $550.00 | 19.50 | $10,725.00 |
| DJB | Bradford, David J. | PARTNER | $925.00 | $925.00 | 10.30 | $9,527.50 |
| WLS | Scogland, William L. | PARTNER | $850.00 | $850.00 | 4.80 | $4,080.00 |
| DCL | Layden, David C. | PARTNER | $600.00 | $600.00 | 5.90 | $3,540.00 |
| VEL | Lazar, Vincent E. | PARTNER | $750.00 | $750.00 | 0.30 | $225.00 |
| No. of Billers for Position: 5 | | Blended Rate for Position: | $688.66 | | 40.80 | $28,097.50 |
| | | | | | % of Total: 43.36% | % of Total: 63.81% |
| DAS | Sondgeroth, Douglas A. | ASSOCIATE | $540.00 | $540.00 | 6.00 | $3,240.00 |
| LSR | Raiford, Landon S. | ASSOCIATE | $370.00 | $370.00 | 5.40 | $1,998.00 |
| WAT | Thomson, Wade A. | ASSOCIATE | $510.00 | $510.00 | 3.30 | $1,683.00 |
| ABB | Borich, Anthony B. | ASSOCIATE | $325.00 | $325.00 | 4.80 | $1,560.00 |
| DFM | McMeyer, Douglas F. | ASSOCIATE | $370.00 | $370.00 | 2.80 | $1,036.00 |
| No. of Billers for Position: 5 | | Blended Rate for Position: | $426.77 | | 22.30 | $9,517.00 |
| | | | | | % of Total: 23.70% | % of Total: 21.61% |
| AAM | Moeller, Anthony A. | STAFF ATTORNEY | $235.00 | $235.00 | 2.10 | $493.50 |
| No. of Billers for Position: 1 | | Blended Rate for Position: | $235.00 | | 2.10 | $493.50 |
| | | | | | % of Total: 2.23% | % of Total: 1.12% |
| MXP | Patterson, Marc A. | PARALEGAL | $170.00 | $170.00 | 13.40 | $2,278.00 |
| SKM | McGee, Shawn K. | PARALEGAL | $275.00 | $275.00 | 5.00 | $1,375.00 |
| PXR | Ramos, Panagiota | PARALEGAL | $170.00 | $170.00 | 3.00 | $510.00 |
| KW | Waldmann, Kenneth S. | PARALEGAL | $170.00 | $170.00 | 2.50 | $425.00 |
| DKM1 | Morgan, Daniel K. | PARALEGAL | $230.00 | $230.00 | 0.80 | $184.00 |
| No. of Billers for Position: 5 | | Blended Rate for Position: | $193.20 | | 24.70 | $4,772.00 |
| | | | | | % of Total: 26.25% | % of Total: 10.84% |
| DQH | Huerta, Danny A. | LIT SUPP/DB TEC | $275.00 | $275.00 | 3.70 | $1,017.50 |

**EXHIBIT B**

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Jenner & Block LLP**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| DBB | Biemer, Daniel | LIT SUPP/DB TEC | $275.00 | $275.00 | 0.50 | $137.50 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $275.00 | | 4.20 | $1,155.00 |
| | | | | | % of Total: 4.46% | % of Total: 2.62% |
| | Total No. of Billers: 18 | Blended Rate for Report: | $467.96 | | 94.10 | $44,035.00 |

EXHIBIT G

JENNER RETENTION/COMPENSATION

Jenner & Block LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Bradford, D | 0.70 | 647.50 |
| Patterson, M | 12.30 | 2,091.00 |
| Raiford, L | 5.40 | 1,998.00 |
| Sondgeroth, D | 2.20 | 1,188.00 |
| | 20.60 | $5,924.50 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Application | 20.60 | 5,924.50 |
| | 20.60 | $5,924.50 |

EXHIBIT G

JENNER RETENTION/COMPENSATION

Jenner & Block LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | *MATTER NAME: Fee Application* |
| 09/16/10 Thu | Raiford, L 9180869/1 | 1.30 | 1.30 | 481.00 | | | 1 | {L210} {A103} DRAFTED JULY FEE APPLICATION. |
| | | | | | | | | *MATTER NAME: Fee Application* |
| 09/20/10 Mon | Patterson, M 9180869/2 | 2.30 | 2.30 | 391.00 | | | 1 | {L210} {A103} PREPARED EXHIBITS TO JENNER'S MONTHLY FEE STATEMENT. |
| | | | | | | | | *MATTER NAME: Fee Application* |
| 09/22/10 Wed | Bradford, D 9180869/3 | 0.20 | 0.20 | 185.00 | | | 1 | {L190} {A106} TELEPHONE CONFERENCE [REDACTED] ISSUES. |
| | | | | | | | | *MATTER NAME: Fee Application* |
| 10/06/10 Wed | Sondgeroth, D 9183379/1 | 1.30 | 1.30 | 702.00 | | | 1 | {L210} {A104} REVIEWED INVOICES TO PREPARE SAME FOR SUBMISSION IN CONNECTION WITH FEE APPLICATION. |
| | | | | | | | | *MATTER NAME: Fee Application* |
| 10/07/10 Thu | Bradford, D 9183379/2 | 0.50 | 0.50 | 462.50 | | | 1 | {L190} {A103} REVIEWED AND EDITED JULY FEE APPLICATION. |
| | | | | | | | | *MATTER NAME: Fee Application* |
| 10/11/10 Mon | Patterson, M 9183379/3 | 2.30 | 2.30 | 391.00 | | | 1 | {L210} {A103} PREPARED EXHIBITS TO JENNER'S AUGUST 2010 FEE INVOICE AND UPDATED CHART IN FEE INVOICE. |
| | | | | | | | | *MATTER NAME: Fee Application* |
| 10/11/10 Mon | Raiford, L 9183379/4 | 1.30 | 1.30 | 481.00 | 0.30 | F | 1 | {L150} {A104} FINAL REVIEW OF JULY FEE APPLICATION (.30); |
| | | | | | 1.00 | F | 2 | DRAFTED AUGUST FEE APPLICATION (1.0). |
| | | | | | | | | *MATTER NAME: Fee Application* |
| 10/13/10 Wed | Raiford, L 9183379/5 | 1.80 | 1.80 | 666.00 | | | 1 | {L150} {A103} DRAFTED SEVENTH QUARTERLY FEE APPLICATION. |
| | | | | | | | | *MATTER NAME: Fee Application* |
| 10/14/10 Thu | Patterson, M 9183379/6 | 3.20 | 3.20 | 544.00 | | | 1 | {L210} {A103} PREPARED EXHIBITS TO JENNER'S INTERIM FEE APPLICATION AND UPDATED CHART IN FEE APPLICATION. |
| | | | | | | | | *MATTER NAME: Fee Application* |
| 10/14/10 Thu | Raiford, L 9183379/7 | 0.80 | 0.80 | 296.00 | | | 1 | {L150} {A103} CONTINUED DRAFTING SEVENTH QUARTERLY FEE APPLICATION. |
| | | | | | | | | *MATTER NAME: Fee Application* |
| 10/28/10 Thu | Patterson, M 9183379/9 | 1.90 | 1.90 | 323.00 | | | 1 | {L210} {A103} PREPARED REDACTED AND NON-REDACTED VERSION OF EXHIBIT TO JENNER'S SEVENTH FEE APPLICATION. |
| | | | | | | | | *MATTER NAME: Fee Application* |
| 10/28/10 Thu | Sondgeroth, D 9183379/8 | 0.50 | 0.50 | 270.00 | | | 1 | {L210} {A104} REVIEWED RECENT INVOICES OF TRIBUNE TO PREPARE SAME FOR FILING WITH COURT. |
| | | | | | | | | *MATTER NAME: Fee Application* |
| 10/29/10 Fri | Patterson, M 9183379/10 | 2.60 | 2.60 | 442.00 | | | 1 | {L210} {A103} PREPARED REDACTED AND NON-REDACTED VERSION OF EXHIBIT TO JENNER'S SEVENTH FEE APPLICATION. |

~ See the last page of exhibit for explanation

EXHIBIT G

JENNER RETENTION/COMPENSATION

Jenner & Block LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| | | | | | | | *MATTER NAME: Fee Application* |
| 11/02/10 Tue | Raiford, L 9186002/1 | 0.20 | 0.20 | 74.00 | | 1 | {L210} {A103} DRAFTED EMAIL TO FEE EXAMINER RE JENNER'S SEVENTH QUARTERLY FEE APPLICATION. |
| | | | | | | | *MATTER NAME: Fee Application* |
| 11/22/10 Mon | Sondgeroth, D 9186002/2 | 0.40 | 0.40 | 216.00 | | 1 | {L210} {A104} REVIEWED RECENT INVOICES TO PREPARE SAME FOR FILING WITH COURT. |
| Total | | | 20.60 | $5,924.50 | | | |
| Number of Entries: | 15 | | | | | | |

~ See the last page of exhibit for explanation

EXHIBIT G

JENNER RETENTION/COMPENSATION

Jenner & Block LLP

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Bradford, D | 0.70 | 647.50 |
| Patterson, M | 12.30 | 2,091.00 |
| Raiford, L | 5.40 | 1,998.00 |
| Sondgeroth, D | 2.20 | 1,188.00 |
| | 20.60 | $5,924.50 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Application | 20.60 | 5,924.50 |
| | 20.60 | $5,924.50 |

(~) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL