# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,1<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br>Related to D.I. 10692, 11096 and _11320_ |

## SECOND SUPPLEMENTAL SCHEDULING ORDER RELATING TO PLAN CONFIRMATION

Having discussed this matter with the parties during the March 30, 2012 telephonic status conference and pursuant to Bankruptcy Code sections 105(a) and (d), Federal Rules of Bankruptcy Procedures 9006 and 9014, and Federal Rule of Civil Procedure 43(e), the Court hereby revises its Orders dated January 24, 2012 [D.I. 10692] (the "**Scheduling Order**"), and March 6, 2012 [D.I. 11096] (the "**Supplemental Scheduling Order**"), relating to the

---

1 Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); ForSaleByOwner.com Corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CH1 6686924v.2

resolution of the Allocation Disputes and the confirmation of the Third Amended DCL Plan. Specifically, by this Second Supplemental Scheduling Order Relating To Plan Confirmation (the "**Second Supplemental Scheduling Order**") the Court revises certain of the dates from the Scheduling Order relating to the Solicitation/Supplemental Disclosure Document Hearing (the "**Solicitation/SDD Hearing**") [¶ 22], Discovery [¶ 23], the Voting Deadline [¶ 24], and Confirmation [¶¶ 25-27] as well as dates from the Supplemental Scheduling Order relating to Fact Discovery [¶¶ 3-12], Expert Discovery [¶¶ 13-19], Objections and Confirmation Briefs [¶¶ 20-22], and Pre-Trial Submissions [¶¶ 23-28]. For ease of reference the operative paragraphs are repeated below with the revised applicable dates. All other provisions of the Scheduling Order and Supplemental Scheduling Order pertaining to prior events remain in full force and effect. Unless otherwise stated, all filings shall be due no later than 11:59 p.m. (prevailing Eastern time) on the dates provided for below.

IT IS HEREBY ORDERED as follows:

### SOLICITATION/SDD HEARING

1. A hearing on the Solicitation Procedures Motion and Supplemental Disclosure Document (the "**Solicitation/SDD Hearing**") shall take place on April 16, 2012, at 9:00 a.m. (Eastern time) before the Honorable Kevin J. Carey, United States Bankruptcy Judge, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 5th Floor, Courtroom No. 5, Wilmington, DE 19801.

### VOTING DEADLINE

2. The Voting Deadline (as defined in the Solicitation Procedures Motion) shall be May 21, 2012.

### CONFIRMATION HEARING

3. A hearing on confirmation of the Plan (the "**Confirmation Hearing**") is scheduled to commence on June 7, 2012 at 3:00 p.m. (Eastern time)[2] before the Honorable Kevin J. Carey, United States Bankruptcy Judge, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 5th Floor, Courtroom No. 5, Wilmington,

---

[2] The pre-trial hearing provided for in paragraph 28 herein shall precede the Confirmation Hearing.

CH1 6686924v.2

DE 19801. If necessary, the Confirmation Hearing shall continue on June 8, 2012 at 10:00 a.m. (Eastern time) and June 11, 2012 at ~~10:00 a.m.~~ 1:00 p.m. (Eastern time).

## FACT DISCOVERY

4. Initial requests for written discovery shall be served by March 9, 2012 and all fact discovery relating to plan confirmation shall be completed no later than May 21, 2012.

5. Written objections and responses to any document requests or subpoenas shall be served within seven (7) calendar days of service of such requests.

6. All Parties shall complete production of all responsive documents and information within the later of twenty (20) calendar days after service of such requests or, solely with respect to documents subject to an objection, within seven (7) calendar days after resolution of any discovery dispute respecting such documents. Parties shall make their good faith, best efforts to produce documents on a rolling basis whenever practicable.

7. Interrogatories shall be restricted solely to those seeking to discover the (i) names of witnesses with knowledge of information relevant to the subject matter of the hearing and (ii) existence, custodian, location and general description of relevant documents, other physical evidence, or information of a similar nature. Written objections and responses to interrogatories shall be served within fourteen (14) calendar days of service of such requests.

8. Requests for admissions shall be restricted solely to those seeking admissions concerning the authenticity and/or foundation for admissibility of documents. Written objections and responses to requests for admissions shall be served within fourteen (14) calendar days of service.

9. On or before April 20, 2012, each Party intending to present witnesses at the Confirmation Hearing shall serve preliminary lists of all witnesses and the anticipated topics on which they will testify (except witnesses from whom expert reports will be submitted pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) who may be called to provide testimony at the Confirmation Hearing). Parties must timely supplement the foregoing list with any additional witnesses or topics as may be warranted as discovery progresses.

10. Depositions may commence on or after April 26, 2012. To the extent that a Party seeks to depose a person not identified pursuant to paragraph 9 above, that Party shall provide a short statement identifying the matters to be addressed at the deposition.

11. Depositions shall be coordinated so that witnesses who are to be questioned by multiple Parties are deposed by all such Parties at one sitting. Parties shall work cooperatively as to the order of questioning, the allocation of time and the extent to which any deposition should extend beyond seven (7) hours of questioning, provided

CH1 6686924v.2

that all rights are reserved for all Parties to seek relief respecting such matters in the event disagreements cannot be resolved. Counsel for any Party wishing to participate in depositions shall make an attorney available to attend weekend depositions in the event that weekend depositions become necessary or appropriate.

12. All testimony and exhibits admitted into evidence at or in connection with the 2011 confirmation hearing shall be available for use at the Confirmation Hearing subject to the same rulings, stipulations, conditions and restrictions issued or adopted at or in connection with the prior hearing.

13. Any discovery disputes regarding written discovery requests and deposition notices that may arise shall be handled in accordance with the procedures set forth in paragraph 11 of the January 24 Order.

## EXPERT DISCOVERY

14. All expert discovery shall be completed no later than May 21, 2012.

15. The DCL Plan Proponents shall disclose to all Parties the identity of any expert witness they may use to present evidence in their case-in-chief under Federal Rules of Evidence 702, 703 or 705 by March 26, 2012, and shall provide a written summary of the topics that each such witness is expected to address at the Confirmation Hearing. Other Parties shall disclose the identities of any expert witnesses that they may use to present evidence in their case-in-chief and provide a summary of the topics of the witnesses' testimony by April 20, 2012, These written disclosures are for notification purposes only and need not comply with Bankruptcy Rule 7026 and Federal Rule of Civil Procedure 26(a)(2)(B).

16. Each Party shall file its expert reports and otherwise comply with the requirements of Bankruptcy Rule 7026 and Federal Rule of Civil Procedure 26(a)(2)(B) with respect to experts on or prior to April 27, 2012.

17. Each Party shall file its rebuttal expert reports and otherwise comply with the requirements of Bankruptcy Rule 7026 and Federal Rule of Civil Procedure 26(a)(2)(B) with respect to rebuttal experts on or prior to 12:00 p.m. (prevailing Eastern time) on May 11, 2012. Parties intending to submit a rebuttal expert report from an expert not identified pursuant to paragraph 15 above shall disclose the identities of any such expert witnesses and provide a summary of the topics of the witnesses' testimony by May 8, 2012.

18. Notwithstanding the foregoing, to the extent any Party, other than the DCL Plan Proponents, intends to present evidence respecting the Debtors' enterprise value under Federal Rules of Evidence 702, 703 or 705, such Party shall disclose the identity of its expert witness by May 2, 2012, and serve its expert report and otherwise comply with the requirements of Bankruptcy Rule 7026 and Federal Rule of Civil Procedure 26(a)(2)(B) by May 7, 2012. In the event any such expert report is

served, the DCL Plan Proponents may serve a rebuttal expert report respecting enterprise valuation by May 14, 2012.

19. Expert depositions may commence on or after May 14, 2012.

20. No Party shall be required to produce in expert discovery materials not subject to production under the pertinent federal rules, which for these purposes shall include but not be limited to draft reports (including drafts of any materials, charts, illustrative documents, or exhibits prepared by the expert, by any person working under the expert's supervision, by the Party sponsoring the expert or by counsel for such Party) or communications between such expert and counsel related to the expert's report or declaration.

## OBJECTIONS AND CONFIRMATION BRIEFS

21. All objections to confirmation of the DCL Plan shall be filed no later than May 21, 2012.

22. Briefs in support of confirmation of the DCL Plan and replies to confirmation objections shall be filed no later than June 1, 2012. Any affidavit or declaration in support of the DCL Plan also shall be submitted by June 1, 2012.

23. The Parties may adopt and incorporate by reference any briefing submitted and oral arguments made in connection with the 2011 Confirmation Hearing and/or in connection with the various Reconsideration Motions, and all such materials shall be deemed included in the record of the Confirmation Hearing.

## PRE-TRIAL SUBMISSIONS

24. On May 22, 2012, each Party shall serve on one another the following (i) the list of exhibits they reasonably anticipate offering into evidence at the Confirmation Hearing ("**Trial Exhibits**") and (ii) designations, by page and line number(s), of any deposition testimony from fact witnesses they reasonably anticipate offering into evidence at the Confirmation Hearing.

25. On May 25, 2012, each Party shall serve on one another the following: (i) any objections to the Trial Exhibits and (ii) any counter designations and/or objections to the designations, by page and line number(s), of any deposition testimony from fact witnesses.

26. A Joint Pretrial Memorandum, along with any other documents required by the Chambers Procedures for the Honorable Kevin J. Carey, shall be filed with the Court by 4:00 p.m. (prevailing Eastern time) on June 1, 2012.

27. All pre-trial motions in limine, if any, shall be filed and served no later than May 29, 2012; responses shall be served on June 1, 2012.

28. A pretrial hearing to resolve all disputed issues will be held on June 7, 2012 at 3:00 p.m. (prevailing Eastern Time).

29. Parties shall serve all demonstrative exhibits on one another no later than twenty four (24) hours before the hearing date at which such demonstrative exhibits are proposed to be used, and any objections thereto will be heard on the morning of the hearing.

**SO ORDERED:**

Date: April 5, 2012

_____
HONORABLE KEVIN J. CAREY
United States Bankruptcy Judge

CH1 6686924v.2