UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | (Jointly Administered) |
| **TRIBUNE COMPANY, *et. al*,**[1] | : | |
| | : | Case No. 08-13141 (KJC) |
| Debtors | : | (Re: D.I. 10692) |

# ORDER REGARDING
# ALLOCATION DISPUTES

AND NOW, this 9th day of April, 2012, upon consideration of the Allocation Disputes, as defined by agreement of the parties in the Order dated January 24, 2012, that, among other things, established scheduling for resolution of the Allocation Disputes (D.I. 10692), and after a hearing held on March 5 and 6, 2012 (the "Allocation Dispute Hearing"), and for the reasons set forth in the foregoing Memorandum, it is hereby **ORDERED** and **DECREED** that the Allocation Disputes are resolved as follows, subject to, conditioned upon, and for the purpose of obtaining confirmation of a chapter 11 plan substantially in the form of the Third Amended Plan (D.I. 10273):[2]

With respect to the PHONES Notes issues (subject to, conditioned upon, and for the purpose of obtaining confirmation of a chapter 11 plan substantially in the form of the Third

---

[1] The chapter 11 case filed by Tribune Media Services, Inc. (Bky. Case No. 08-13236) is jointly administered with the Tribune Company bankruptcy case and 109 additional affiliated debtors pursuant to the Order dated December 10, 2008 (docket no. 43). An additional debtor, Tribune CNLBC, LLC (formerly known as Chicago National League Baseball Club, LLC) filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009 (Bky. Case No. 09-13496), and also is jointly administered with the Tribune Company bankruptcy case pursuant to this Court's Order dated October 14, 2009 (docket no. 2333). The debtors in the jointly administered cases are referred to herein as the "Debtors."

[2] All capitalized terms not defined in this Order shall have the definitions set forth in the foregoing Memorandum Regarding Allocation Disputes.

Amended Plan):

(1) The subordination provisions in the PHONES Indenture are applicable to distributions of the Settlement Proceeds and the Creditors' Trust proceeds,

(2) The claim amount for the PHONES Noteholders should be $759,252,932 (known as the "low PHONES Amount"),

(3) The Third Amended Plan's equal treatment of the Senior Noteholders and the Other Parent Claims does not amount to unfair discrimination under Bankruptcy Code §1129(b),

(4) The EGI Notes are junior in priority to the PHONES Notes, and

(5) The beneficiaries of the PHONES Indenture subordination provisions are not entitled to receive post-petition interest prior to the PHONES Noteholders receiving payment of their claims.

AND, FURTHER, with respect to the EGI Notes issues (subject to, conditioned upon, and for the purpose of obtaining confirmation of a chapter 11 plan substantially in the form of the Third Amended Plan):

(1) The subordination provisions in the EGI Subordination Agreement are applicable to (i) a distribution of Settlement Proceeds under the Third Amended Plan, (ii) a distribution of Litigation Trust proceeds, and (iii) a distribution of Creditors' Trust proceeds, and

(2) The issue of whether beneficiaries of the subordination provisions in the EGI Subordination Agreement are entitled to post-petition interest prior to payment of the EGI Notes is not ripe for determination.

BY THE COURT:

_____
KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

cc: J. Kate Stickles, Esquire[3]

---

[3]Counsel shall serve a copy of this Order and the accompanying Memorandum upon all interested parties and file a Certificate of Service with the Court.