# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Hearing Date: May 29, 2012 at 1:00 p.m. ET**<br>**Objection Deadline: May 3, 2012 at 4:00 p.m. ET** |

## APPLICATION OF WINSTEAD PC FOR ALLOWANCE AND PAYMENT OF COMPENSATION FOR SERVICES RENDERED AS ORDINARY COURSE PROFESSIONAL TO TRIBUNE COMPANY AND SEEKING LIMITED WAIVERS OF COMPLIANCE WITH THIS COURT'S INTERIM COMPENSATION ORDER AND FEE EXAMINER ORDER

Winstead PC ( "Winstead"), grant consultants for Tribune Company ("Tribune"),

one of the debtors and debtors in possession in the above-captioned chapter 11 cases (the

"Debtors") respectfully submits this application (the "Application"), pursuant to (i) sections 327,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-8463965v1

331, and 503 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), (ii) Rule 2016 of the

Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), (iii) Rule 2016-2 of the Local

Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

District of Delaware (the "<u>Local Rules</u>"), (iv) the Order Authorizing the Debtors to Retain,

Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course

of Business (D.I. 227) (the "<u>OCP Order</u>"), (v) the Order Establishing Procedures for Interim

Compensation and Reimbursement of Expenses of Professionals and Committee Members

Pursuant to 11 U.S.C. §§ 105(a) and 331 (D.I. 225) (the "<u>Interim Compensation Order</u>"), as

amended, and (vi) the Order Appointing Fee Examiner and Establishing Related Procedures for

Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee

Applications (D.I. 546) (the "<u>Fee Examiner Order</u>") for (a) the allowance of fees in the aggregate

amount of $46,911.00 relating to advice with respect to Texas relocation grants, and expenses in

the amount of $40.34 for the same; (b) for a limited waiver of the procedures for the approval

and payment of professional compensation and consideration of fee applications set forth in the

Interim Compensation Order and the Fee Examiner Order with respect to this Application (as

discussed at paragraphs 14 and 15, <u>infra</u>).  In support of the Application, Winstead respectfully

states as follows:

## **BACKGROUND OF THE CASES**

1.      On December 8, 2008 (the "<u>Petition Date</u>"), the majority of the Debtors

filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  An additional

Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the

Bankruptcy Code on October 12, 2009.  In all, the Debtors comprise 111 entities.

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

2.    The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). (D.I. 43, 2333.)

3.    The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.    On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee").

5.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 327, 331, and 503 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-2 of the Local Rules.

## PROCEDURAL BACKGROUND FOR THE APPLICATION

6.    On December 26, 2008, the Debtors filed the Motion for an Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code (D.I. 148) (the "OCP Motion"). In the OCP Motion, the Debtors sought approval of this Court to employ and retain the Ordinary Course Professionals[3] to provide services to the Debtors as necessary for the day-to-day operations of the Debtors' businesses on terms substantially similar to those in effect prior to the Petition Date. Exhibit A to the OCP

---

[3] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the OCP Motion and OCP Order.

Motion contained a list of such Ordinary Course Professionals sought to be retained by the

Debtors, including Winstead.[4]  On January 15, 2009, this Court entered the OCP Order

approving procedures for the employment, retention, and compensation of the Ordinary Course

Professionals.

       7.     Retention and compensation of the Ordinary Course Professionals is

subject to the terms and conditions described in the OCP Order, including a Monthly Cap on the

fees permitted to be paid to such Ordinary Course Professionals, per month on average over a

rolling three-month period for Monthly Caps that are less than $50,000 per month, or a rolling

two-month period for Monthly Caps of $50,000 per month.  Expenses are not considered for the

purpose of calculating the applicable Monthly Cap.  Winstead was retained by Tribune pursuant

to the OCP Order with respect to the investigation of various subsidies and grant options

available to Tribune if it moved a portion of its operations to Texas (the "Grant Matters").  For

example, Winstead submitted applications on Tribune's behalf to various agencies for trust fund

money, Texas Enterprise Fund grants (a fund used for a variety of economic development

projects, including business relocation incentives), and various other specialized subsidies.  None

of the various grants were ultimately awarded to Tribune.  These applications involved numerous

meetings and discussions over the course of the summer of 2010 with various high-level officials

to secure funding to assist Tribune in its efforts to move a portion of its operations to Texas.  A

Monthly Cap of $10,000 is applicable to Winstead's services in rendering the Grant Matters.

       8.     The OCP Order provides that in the event the fees incurred and invoiced

by any Ordinary Course Professional exceed the applicable Monthly Cap, such Ordinary Course

---

[4] Exhibit A to the OCP Motion has been subsequently supplemented and amended by the Debtors to add additional Ordinary Course Professionals or to seek increases to the Monthly Cap applicable to existing Ordinary Course Professionals.  (See D.I. 544, 877, 1086, 1756, 1826, 1887, 2283, 2412, 2865, 3222, 3861, 4214, 4607, 4614, 4845, 5395, 5846, 7236, 7545, 7820, 8310, 8788, 9333, 9686, 9758, 9772, 9847, 10350, 10684, and 11235.)

Professional shall be required to seek the Court's approval of all fees invoiced for that month in accordance with the procedures set forth in the Interim Compensation Order and the Fee Examiner Order.

## BACKGROUND CONCERNING THE RELIEF REQUESTED

9.    The Grant Matters on which Winstead represents Tribune encompass a targeted matter during the summer of 2010.[5] Winstead agreed to represent the Tribune with respect to the Grant Matters, with Winstead to be paid at a negotiated hourly rate. Winstead's representation of Tribune with respect to the Grant Matters giving rise to the fees sought herein included multiple meetings with high-level officials in Texas and the drafting of various applications.

10.    Winstead's fees relating to the Grant Matters in June and July 2010 were $46,911.00, which exceeds Winstead's three-month rolling Monthly Cap of $30,000. Winstead requests the full amount in its August 2010 invoice (encompassing the work which occurred in June and July).

11.    The Debtors have informed Winstead that it has exceeded its Monthly Cap by $16,911.00. The Debtors have advised Winstead that because the aggregate fees incurred exceeded the firm's applicable Monthly Cap, Winstead is required to seek the Court's allowance of the entire amount of the firm's invoices related to the Grant Matters.

## RELIEF REQUESTED

12.    By this Application, Winstead seeks the allowance of fees in the amount of $46,911.00 for services rendered and $40.34 in expenses incurred in during its representation

---

[5] The Debtors alerted Winstead that it had experienced a cap overage in the fall of 2010, but a series of miscommunications between the parties led Winstead to believe that it did not need to file an application for its fees. Once Winstead was informed that an application was required it moved rapidly to file this application.

46429/0001-8463965v1

of Tribune on the Grant Matters.[6]  Additionally, Winstead requests a limited waiver of the

procedures for the approval and payment of professional compensation and consideration of fee

applications set forth in the Interim Compensation Order and the Fee Examiner Order with

respect to this Application.

## BASIS FOR RELIEF REQUESTED

13.     The retention agreement between Winstead and Tribune for the Grant

Matters provides for fees to be assessed on an hourly basis.  The Grant Matters were a short-term

project specifically targeted towards the pursuit of relocation grants, and thus sizable fees were

generated during the push to receive funding.  When the funding was denied, Tribune slowed its

use of Winstead dramatically.  The fees sought to be approved by this Application thus represent

a one-time, sizable two-months of work performed by Winstead at Tribune's request that was, by

its nature, time-sensitive.  The services rendered have been fair and reasonable and well within

the range of fees that would be charged by professionals for matters of this type.  Winstead

submits that Tribune's estate has benefitted from the services that Winstead has provided with

respect to the Grant Matters.

### Request for Limited Waiver of Interim Compensation Procedures

14.     Winstead respectfully submits that good cause exists for the Court to grant

a limited waiver of the procedures set forth in the Interim Compensation Order solely for the

purpose of permitting Tribune to pay Winstead the full amount of the fees it incurred during the

representation rather than requiring Winstead to seek approval of its fee on an interim basis

---

[6]Through a clerical error, Winstead has already received the full amount sought in this Application.  The Debtors subsequently informed Winstead of the requirement to apply to the Bankruptcy Court for the full amount of the fees relating to the Grant Matters described herein.  In the event that Winstead's fees are disallowed or reduced in an amount which would require disgorgement of the previously paid fees, Winstead PC will promptly disgorge the required amounts.

46429/0001-8463965v1

subject to a 20% holdback and to seek the Court's allowance of such fees on a quarterly basis subject to the Fee Examiner's review and report.  Such fees were incurred several months prior to when Tribune determined that it would be necessary for Winstead to file this Application to seek the Court's approval of the fees requested, and Winstead understands that it may be several additional months before this Court will consider professionals' fee applications for the period covered by this Application.  Given the one-time-only nature of the fees at issue here, and given the modest amount requested in the overall context of Tribune's estate, payment of the full amount of the requested fees without holdback is warranted.  Moreover, there is little reason to require Winstead to file a second fee application to obtain a 20% holdback, which will increase costs and delay to no benefit.

15.    In the past, this Court has granted limited waivers of the otherwise-applicable procedures for compensation and reimbursement of expenses for professionals and consideration of fee applications set forth in this Court's Interim Compensation Order and Fee Examiner Order with respect to fee applications submitted by the Debtors' Ordinary Course Professionals to grant relief similar to that sought here.[7]  In the alternative, Winstead requests that the Court consider this Application at the next hearing scheduled for the consideration of interim fee applications.

---

[7] See, e.g., Order Allowing Compensation and Reimbursement of Expenses to SNR Denton US LLP for Services Rendered as Ordinary Course Counsel to the Debtors During the Period From July 1, 2010 through August 31, 2010 (D.I. 8704); Order Allowing Compensation and Reimbursement of Expenses to Hunton & Williams LLP for Services Rendered as Ordinary Course Counsel to the Debtors for Certain Litigation Matters During the Prior From May 1, 2010 through July 31, 2010 (D.I. 7454); Order Allowing Compensation and Reimbursement of Expenses to David Wright Tremaine LLP for Services Rendered as Ordinary Course Counsel to the Debtors During the Period From March 1, 2010 through June 30, 2010 (D.I. 6576); Order Granting First and Final Application of Day Pitney LLP for Compensation and Reimbursement of Expenses (D.I. 5690).

**Payment from Debtors; No Sharing of Compensation**

16.     Winstead has received no payment and no promises of payment from any source other than Tribune for services rendered as an Ordinary Course Professional to Tribune in these chapter 11 cases. There is no agreement between Winstead and any other party for the sharing of compensation to be received for the services rendered by Winstead to Tribune. All professional and paraprofessional services for which compensation is sought herein were rendered solely for or on behalf of Tribune.

## REVIEW OF APPLICABLE LOCAL RULE

17.     The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with the requirements of Local Rule 2016-2.

18.     The undersigned further certifies that the Debtors have had an opportunity to review this Application before it was filed with the Court.

## NO PRIOR REQUEST

19.     No previous application with respect to the relief requested herein has been made to this or any other Court.

46429/0001-8463965v1

WHEREFORE, after appropriate notice and hearing, Winstead respectfully requests that the Court enter an order (i) allowing fees in the aggregate amount of $46,911.00 for services rendered and $40.34 in expenses incurred while representing Tribune with respect to the Grant Matters; (ii) waiving the procedures for compensation and reimbursement of expenses for professionals and consideration of fee applications set forth in this Court's Interim Compensation Order and Fee Examiner Order with respect to this Application; and (iii) granting such further relief as is just and proper.

Dated: April 11, 2012

Respectfully submitted,

W. Mike Baggett
Winstead PC
1201 Elm St. 5400 Renaissance Tower
Dallas, TX 75270
Telephone: 214-745-5327
Facsimile: 214-745-5390

CH1 6697687v.1