# EXHIBIT A

## Proposed Order

46429/0001-8464395V1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>Related to Docket Nos. _____ |

## ORDER AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO IMPLEMENT A MANAGEMENT INCENTIVE PLAN FOR 2012

Upon the Motion[2] of the above-captioned Debtors for an Order, pursuant to Section 363(c) and, as applicable, Sections 363(b) and 503(c), of Title 11 of the United States Code (the "Bankruptcy Code"), authorizing and approving, but not directing, the Debtors to implement a Management Incentive Plan ("MIP") for 2012 (the "2012 MIP Motion"); and the Court finding that (a) it has jurisdiction over the matters raised in the 2012 MIP Motion pursuant

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

46429/0001-8464395V1

to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (c) proper notice of the 2012 MIP Motion and the hearing thereon has been given and that no other or further notice is necessary; and the Court finding that the relief requested in the 2012 MIP Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefore, it is hereby

ORDERED, that the 2012 MIP Motion is granted in its entirety; and it is further

ORDERED, that, subject to the remainder of this Order, the Debtors are authorized, but not directed, to implement the Debtors' 2012 MIP as described in the 2012 MIP Motion for approximately 425 management employees (including the Debtors' senior management, the Trust Participants (defined below), and any newly hired, promoted or other additional employees who become eligible for the 2012 MIP, provided that the addition of any such additional employees shall not increase any aggregate payout otherwise payable under the 2012 MIP) (collectively, the "2012 MIP Participants"), with an aggregate payout opportunity of approximately:

(a) $15.0 million – representing a 50%-of-target payout – if the Company achieves "threshold" performance equal to $528 million of 2012 consolidated operating cash flow ("OCF");

(b) $30.0 million – representing a 100%-of-target payout – if the Company achieves "planned" performance for 2012 equal to $620 million of consolidated OCF; and

(c) $45.0 million – representing a 150%-of-target payout – if the Company achieves "maximum" performance for 2012 of $785 million of consolidated OCF;

and it is further

ORDERED, that, with respect to the two 2012 MIP Participants named as defendants in the matter of <u>In re The Official Committee of Unsecured Creditors of Tribune Company v. Fitzsimons, et al.</u>, United States Bankruptcy Court for the District of Delaware, Case No. 08-13141 (such proceeding referred to as the "<u>Creditors Committee LBO Litigation</u>" and such two 2012 MIP Participants referred as the "<u>Trust Participants</u>"), any payment under the 2012 MIP to any such Trust Participant shall be held in an interest-bearing rabbi trust account established for the benefit of each such Trust Participant pending the final resolution of all claims in the complaint filed on or about November 1, 2010 against such Trust Participant in the Creditors Committee LBO Litigation (as such complaint may from time to time be amended, and whether brought by the Creditors Committee or by any other party acting as a fiduciary or in a similar capacity on behalf of Tribune Company (the "<u>Company</u>") and its subsidiaries) and shall, within ten (10) days after any such resolution, be paid from the rabbi trust account established for such Trust Participant to such Trust Participant unless: (a) this Court or any other court of competent jurisdiction enters a final non-appealable order or judgment in the Creditors Committee LBO Litigation finding that, as part of the Company's leveraged buy-out transactions in 2007, such Trust Participant breached his fiduciary duty or committed an intentional tortious wrong, in which event such Trust Participant's 2012 MIP payment shall be forfeited; or (b) this Court orders otherwise, in which case such order shall govern the distribution of such amounts; and it is further

ORDERED, that, in the event this Court or any other court of competent jurisdiction enters a final non-appealable order or judgment finding that, as part of the Company's leveraged buy-out transactions in 2007, a 2012 MIP Participant breached his or her

fiduciary duty or committed an intentional tortious wrong, then such 2012 MIP Participant shall, within ten (10) days after receiving notice from a representative of the Debtors' estates of the finality of such an order, repay to the Company the full amount of the 2012 MIP award payment received by such 2012 MIP Participant; and it is further

ORDERED, that, for the avoidance of doubt, the granting of the 2012 MIP Motion does not impact, positively or negatively, any alleged claim of the Debtors' estates against any 2012 MIP Participant; and it is further

ORDERED, that if, at any time prior to the payment of the 2012 MIP award, this Court identifies, in a decision, order or otherwise, a 2012 MIP Participant whom, in the opinion of the Court, may have acted in a manner inconsistent with his or her fiduciary duties or who may have acted with willful misconduct at any time during the course of these bankruptcy cases, the Creditors Committee may bring a motion to prohibit the identified 2012 MIP Participant from receiving all or part of his or her 2012 MIP award payment; and it is further

ORDERED, that the Debtors are hereby authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the terms of the 2012 MIP Motion and this Order; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation and implementation of this Order.

Dated: Wilmington, Delaware
       May _____, 2012

                                                      The Honorable Kevin J. Carey
                                                      United States Bankruptcy Judge