# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Objection Deadline:** May 1, 2012 at 4:00 p.m. (ET)<br>**Hearing Date:** May 8, 2012 at 10:00 a.m. (ET)<br>**Related to Docket No. 11377** |

## MOTION OF THE DEBTORS TO FILE UNDER SEAL AN EXHIBIT TO MOTION OF THE DEBTORS FOR AN ORDER AUTHORIZING THE DEBTORS TO IMPLEMENT A MANAGEMENT INCENTIVE PLAN FOR 2012

The above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors"), hereby submit this motion (the "Motion") for entry of an order pursuant to Section 107(b) of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., as amended (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

"Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Debtors to file under seal an unredacted copy of Mercer (U.S.), Inc.'s ("Mercer") report dated April 13, 2012 (such report referred to generally as the "Mercer Report," and such unredacted version of the Mercer Report referred to as the "Unredacted Mercer Report") reviewing and analyzing the Debtors' proposed 2012 Management Incentive Plan ("2012 MIP"). A redacted copy of the Mercer Report (the "Redacted Mercer Report") is attached as Exhibit D to the Motion of the Debtors for an Order Authorizing the Debtors to Implement a Management Incentive Plan for 2012 (the "Incentive Plan Motion"). As discussed below, in the Redacted Mercer Report, the Debtors have redacted certain confidential and proprietary information, including compensation and business information, that is set forth in the Unredacted Mercer Report. In support of this Motion, the Debtors respectfully represent and state as follows:

## STATUS OF CASE AND JURISDICTION

1.      On December 8, 2008 (the "Petition Date"), Tribune and certain of its subsidiaries each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 111 entities.

2.      The Debtors have continued in possession of their respective properties and have continued to operate their businesses as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

2

3.     On December 18, 2008, the United States Trustee for the District of

Delaware appointed the Official Committee of Unsecured Creditors (the "Creditors

Committee"). No trustee has been appointed. The Court has jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §

157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory

and legal predicates for the relief requested herein are Section 107(b) of the Bankruptcy Code,

along with Bankruptcy Rule 9018 and Local Rule 9018-1(b).

## BACKGROUND TO MOTION

4.     Concurrently with this Motion, the Debtors are filing the Incentive Plan

Motion, seeking authorization to implement the 2012 MIP, as described in the Incentive Plan

Motion.

5.     In order to ensure that the proposed 2012 MIP and payment opportunities

thereunder are reasonable and competitive relative to the market and appropriate for companies

in bankruptcy, Tribune Company, under the leadership of the Compensation Committee of its

Board of Directors, retained an outside compensation consultant, Mercer,[3] to independently

review and evaluate the 2012 MIP and those payment opportunities. Mercer's analysis and

conclusions are set out in the Mercer Report. As stated, the Redacted Mercer Report is attached

as Exhibit D to the Incentive Plan Motion.

6.     The Unredacted Mercer Report contains, among other data, information

relating to the compensation of several management-level employees of the Debtors that is not

publicly available, including without limitation compensation information presented on an

---

[3] Mercer is one of the leading compensation consultants in the United States. Among other things, Mercer assists
companies in analyzing and determining reasonable and equitable compensation packages and ranges to
appropriately compensate and motivate executives, managers and other employees. See www.mercer.com.

individualized basis.  It also contains financial performance goals and related information for

specific business units on an individualized basis, which stem from the Debtors' operating plan.

The Debtors respectfully submit that such compensation and business information and related

analyses are confidential and warrant protection from public disclosure when the Incentive Plan

Motion is filed.  The Debtors have redacted confidential and proprietary information in the

Redacted Mercer Report.

   7.  The redactions made in the Redacted Mercer Report are consistent with

the redactions previously made to the Mercer report dated August 26, 2011 (the "2011 Mercer

Report"), filed in support of the Motion of the Debtors for an Order Authorizing the Debtors to

Implement a Management Incentive Plan for 2011 (the "2011 MIP Motion") [D.I. No. 9726]; the

redactions previously made to the Mercer reports dated May 26, 2010 and July 23, 2010

(collectively, the "2010 Mercer Reports"), filed in support of the Motion of the Debtors for an

Order Authorizing the Debtors to Implement a Management Incentive Plan for 2010, as revised

pursuant to the subsequent Notice of Revision to 2010 Management Incentive Plan (collectively,

the "2010 MIP Motion") [D.I. Nos. 4620 and 5112]; and the redactions previously made to the

Mercer report dated July 22, 2009 ("2009 Mercer Report"), filed in support of the Motion of the

Debtors for an Order Authorizing the Debtors to Implement a 2009 Management Incentive Plan

and to Pay Earned 2008 Management Incentive Plan Awards to Certain Executives ("2009 MIP

Motion") [D.I. No. 1800].  The 2011 Mercer Report, the 2010 Mercer Reports and the 2009

Mercer Report contained confidential information comparable to that set forth in the current

Mercer Report at issue in this Motion.

   8.  For that reason, the Debtors filed a Motion of the Debtors to File Under

Seal an Exhibit to Motion of the Debtors for an Order Authorizing the Debtors to Implement a

46429/0001-8463916V1

Management Incentive Plan for 2011 (the "2011 Seal Motion") [D.I. No. 9727]; a Motion of the

Debtors to File Under Seal an Exhibit to Motion of the Debtors for an Order Authorizing the

Debtors to Implement a Management Incentive Plan for 2010 (the "2010 Seal Motion") [D.I. No.

4621]; and a Motion of the Debtors to File Under Seal an Exhibit to Motion of the Debtors for an

Order Authorizing the Debtors to Implement a 2009 Management Incentive Plan and to Pay

Earned 2008 Management Incentive Plan Awards to Certain Executives (the "2009 Seal

Motion") [D.I. No. 1801]. By Orders dated September 30, 2011 [D.I. No. 9868], November 10,

2010 [D.I. No. 6334], and August 13, 2009 [D.I. No. 1954], this Court granted the 2011 Seal

Motion, the 2010 Seal Motion and the 2009 Seal Motion, respectively, with respect to all

information redacted from the 2011 Mercer Report, the 2010 Mercer Reports, and the 2009

Mercer Report. In doing so with respect to the 2009 Mercer Report, the Court described the

redactions made by the Debtors to that Report – which were consistent with those subsequently

made to the 2011 Mercer Report and the 2010 Mercer Reports – as "principled" at the August

11, 2009 hearing on the 2009 Seal Motion (the "August 11, 2009 Hearing"). See Transcript of

August 11, 2009 Hearing, at 20 (excerpts attached hereto as Exhibit B); see also Transcript of

November 10, 2010 hearing on 2010 Seal Motion and 2010 MIP Motion, at 8 (excerpts attached

hereto as Exhibit C) (granting the 2010 Seal Motion without objection from any party). The

Court also entered its Order granting the 2011 Seal Motion without objection prior to the hearing

on the 2011 MIP Motion.

### RELIEF REQUESTED

9.    The Debtors respectfully request that this Court enter an order authorizing

the Debtors to file the Unredacted Mercer Report under seal and directing that the Unredacted

Mercer Report remain under seal, confidential, and not be made available to anyone, except to

(1) the United States Trustee, (2) the Creditors Committee, (3) JPMorgan Chase Bank, N.A.

("JPMorgan"), and (4) those parties who have signed an appropriate confidentiality agreement

with the Debtors and who the Debtors determine, in their sole discretion, have a reasonable basis

for reviewing the Unredacted Mercer Report, as described more fully below, without further

order of the Bankruptcy Court.[4]  The Debtors further request that the Court order that all

responses and/or objections, if any, to the Incentive Plan Motion that contain or reflect

confidential information contained in the Unredacted Mercer Report but redacted in the Redacted

Mercer Report, or any other confidential information supplied by the Debtors to various parties

in conjunction with the Incentive Plan Motion, be filed with the Court under seal.

## BASIS FOR RELIEF REQUESTED

10.    Section 107(b) of the Bankruptcy Code provides bankruptcy courts with

the authority to issue orders that will protect entities from potential harm that may result from the

disclosure of certain confidential information.  This section provides in part that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy
> court's own motion, the bankruptcy court may –
>
> (1) protect an entity with respect to a trade secret or confidential research,
>     development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in
>     a paper filed in a case under this title.

11 U.S.C. § 107(b).

11.    Bankruptcy Rule 9018 sets forth the procedures by which a party may

move for relief under Bankruptcy Code Section 107(b), and provides that "[o]n motion or on its

own initiative, with or without notice, the court may make any order which justice requires (1) to

---

[4] A copy of the Unredacted Mercer Report will be submitted to the Court in a separate prominently marked envelope as directed by Local Rule 9018-1(b).

6

protect the estate or any entity in respect of a trade secret or other confidential research,

development, or commercial information. . . ." Fed. R. Bankr. P. 9018.  Local Rule 9018-1(b)

further provides, in relevant part, that "[a]ny party who seeks to file documents under seal must

file a motion to that effect." Del. Bankr. L. R. 9018-1(b).

       12.     Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil

Procedure, Section 107(b) of the Bankruptcy Code does not require an entity seeking such

protection to demonstrate "good cause."  See, e.g., Video Software Dealers Ass'n v. Orion

Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994); Phar-Mor, Inc., v.

Defendants Named Under Seal (In re Phar-Mor, Inc.), 191 B.R. 675, 679 (Bankr. N.D. Ohio

1995).  Rather, if the material sought to be protected satisfies one of the categories identified in

Section 107(b), "the court is required to protect a requesting party and has no discretion to deny

the application."  See In re Orion Pictures Corp., 21 F.3d at 27.

       13.     The Debtors submit that the information contained in the Unredacted

Mercer Report that is redacted in the Redacted Mercer Report satisfies Section 107(b) because it

contains confidential and sensitive commercial information.  Commercial information has been

defined as information that would cause "an unfair advantage to competitors by providing them

information as to the commercial operations of the debtor."  In re Orion Pictures Corp., 21 F.3d

at 27.

       14.     Absent the relief requested herein, the Unredacted Mercer Report would

divulge confidential and sensitive information relating to the individual compensation of officers

of the Debtors.  Public dissemination of confidential compensation information would provide

the Debtors' competitors with a substantial and unfair competitive advantage, including in the

recruiting and hiring of key management employees away from the Debtors, to the severe

46429/0001-8463916V1

detriment of the Debtors and their estates.  Such information also could provide the Debtors'
competitors with insights into the commercial operations and strategies of the Debtors with
regard to employee compensation.  Moreover, such information likely would affect employee
morale as they compared their compensation to that of their peers, and could adversely impair
the Debtors' ability to negotiate and maintain favorable employment terms in the future.
Dissemination of business-unit-specific information, including regarding the Debtors' operating
plan and performance goals, also would likely prejudice the Debtors' interests by giving their
competitors insights into the Debtors' financial and operational planning and performance
expectations.  In order to safeguard against such prejudice, the Debtors respectfully submit that
permitting the Debtors to file the Unredacted Mercer Report under seal is appropriate in this
context.  The Debtors further submit that no purpose would be served by the disclosure of the
confidential compensation information to the general public.

15.    The Debtors respectfully submit that granting this Motion is also
consistent with this Court's Orders dated September 30, 2011, November 10, 2010 and August
13, 2009, which respectively permitted the Debtors to file under seal unredacted copies of the
2011 Mercer Report, the 2010 Mercer Reports and the 2009 Mercer Report in support of the
2011 MIP Motion, the 2010 MIP Motion and the 2009 MIP Motion.  As stated, the unredacted
2011 Mercer Report, 2010 Mercer Reports and 2009 Mercer Report contained confidential
information comparable to that set forth in the Unredacted Mercer Report at issue in this Motion,
and the Court found the Debtors' redactions from the 2009 Mercer Report – which are consistent
with those subsequently made to the 2011 Mercer Report and the 2010 Mercer Reports – to be
"principled."  See Exhibit B (Transcript of August 11, 2009 Hearing, at 20).  The Debtors have

8

made comparable redactions from the Mercer Report at issue in this Motion, and submit that granting of this Motion is warranted for the same reasons.

16.    To ensure that all parties in interest in these cases receive adequate disclosure, the Debtors as noted have filed the Redacted Mercer Report as <u>Exhibit D</u> to the Incentive Plan Motion.  The Redacted Mercer Report excludes information that is confidential and proprietary, with respect to which the Debtors seek protection under this Motion.  The Debtors have already provided copies of the Unredacted Mercer Report to counsel for the Creditors Committee and counsel for the Debtors' principal senior lenders pursuant to confidentiality agreements already in place.  The Debtors also have provided a copy of the Unredacted Mercer Report to counsel to the United States Trustee.  The Debtors will provide copies of the Unredacted Mercer Report to other interested parties so long as they provide assurances acceptable to the Debtors of confidentiality and, in the Debtors' sole judgment, have a reasonable basis for reviewing the Unredacted Mercer Report.  The Debtors submit that such disclosure will provide sufficient safeguards to ensure that the relief requested in this Motion will not adversely affect the interests of parties to this Chapter 11 proceeding.

## NOTICE

17.    Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Official Committee of Unsecured Creditors; (iii) the administrative agents for Tribune Company's prepetition loan facilities; (iv) the administrative agent for the Debtors' post-petition loan facility; and (v) all parties having requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

9

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter an order substantially in the form attached as Exhibit A hereto authorizing the Debtors to file the Unredacted Mercer Report under seal and granting such other and further relief as is justified and proper.

Dated: Wilmington, Delaware
       April 13, 2012

Respectfully submitted,

SIDLEY AUSTIN LLP

Bryan Krakauer
Kevin T. Lantry
Brian J. Gold
Jonathan D. Lotsoff
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

10