**EXHIBIT B-2**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered |

## FOREIGN OWNERSHIP CERTIFICATION PROCEDURES FOR ELECTING HOLDERS OF SENIOR NOTEHOLDER CLAIMS

On [●], the debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (collectively, the "DCL Plan Proponents") filed the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (as may be amended, supplemented, or modified, the "DCL Plan")[2] [Docket No. ●]. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc. f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the DCL Plan.

1

Court") has set a hearing to consider confirmation of the DCL Plan on May 16, 2012.[3] The DCL Plan requires that creditors entitled to receive New Common Stock in Reorganized Tribune (the "Equity Eligible Holders") submit a form certifying the extent of the relevant Holders' direct and indirect ownership or control by non-U.S. persons or entities (the "Foreign Ownership Certification") and report any changes in foreign ownership percentages between the submission of the Foreign Ownership Certification and the Effective Date by providing an amended Foreign Ownership Certification and, upon request, confirm the absence of any changes. The submission of the Foreign Ownership Certifications is necessary for the Debtors to demonstrate compliance with foreign-ownership requirements imposed by the Federal Communications Commission ("FCC") and obtain FCC approval of the assignment of the Debtors' FCC licenses to the Reorganized Debtors upon emergence from chapter 11.

In addition, in accordance with Section 7.2.3 of the DCL Plan, Equity Eligible Holders have an opportunity to designate an affiliate or other party to receive all or a portion of their distributions of New Common Stock or new Warrants under the DCL Plan (the "Alternative Recipient Designation"). Holders of Senior Noteholder Claims who elected to receive the alternative treatment under Section 3.2.5(c)(i) of the DCL Plan and are thereby eligible to receive New Common Stock (the "Electing Holders of Senior Noteholder Claims") will be able to make the Alternative Recipient Designation on the Supplemental Election Form included in the solicitation packages distributed pursuant to the relief requested in the Solicitation Procedures Motion.[4] To the extent Electing Holders of Senior Noteholder Claims make an Alternative Recipient Designation, such Holders will be required to provide foreign ownership information respecting their designees, as set forth in the Foreign Ownership Certification.

On [●], the Bankruptcy Court entered the Order Establishing Procedures for Compliance with Federal Communications Commission Foreign Ownership Requirements [Docket No. ●] (the "FCC Procedures Order"), which established procedures for submission of Foreign Ownership Certifications by Equity Eligible Holders. This notice (the "Notice") provides a description of the foreign ownership certification procedures that apply to the Electing Senior Noteholders.

*Foreign Ownership Certification Procedures for Electing Holders of Senior Noteholder Claims*

You have received this Notice because you are listed as a Holder of a Senior Noteholder Claim as of [●] (the "Certification Record Date"). However, you only need to complete, execute and submit a Foreign Ownership Certification if you elected to receive the alternative treatment set forth in Section 3.2.5(c)(i) of the DCL Plan. Accompanying this Notice, you should have received a Foreign Ownership Certification and instructions for completing the Foreign

---

[3] See Order Establishing Scheduling for (1) Resolution of the Allocation Disputes and (2) Consideration of the DCL Plan Proponents' Supplemental Disclosure Document, Solicitation Procedures Motion and Plan [Docket No. 10692].

[4] See Motion for an Order (I) Approving the Supplemental Disclosure Document; (II) Establishing Scope, Forms, Procedures, and Deadlines for Resolicitation of Votes to Accept or Reject the DCL Plan from Certain Classes; (III) Authorizing Tabulation of Prior Votes and Elections on DCL Plan Made by Holders of Claims in Non-Resolicited Classes; (IV) Scheduling the Confirmation Hearing and Establishing Notice and Objection Procedures in Respect Thereof; and (V) Granting Related Relief (the "Solicitation Procedures Motion") [Docket No. 10274, as supplemented by Docket No. 10960].

Ownership Certification, along with a Supplemental Election Form and instructions for completing the Supplemental Election Form. If your Foreign Ownership Certification (or Supplemental Election Form) is lost or misplaced, you may contact Epiq Bankruptcy Solutions, LLC (the "Certification Agent") at 888-287-7568 to obtain another one.

**Each Electing Holder of a Senior Noteholder Claim that does not want to be entirely foreign-owned and foreign-controlled must complete and submit, through its applicable record holder, including, without limitation, representative such as broker, bank, commercial bank, transfer agent, trust company, dealer, or other agent or nominee (a "Certification Nominee"), an original Foreign Ownership Certification so that it is received by the Certification Agent on or before [●]. The Foreign Ownership Certification must be submitted via Certification Nominee to the Certification Agent with the Electing Holder's Supplemental Election Form.**

Electing Holders of Senior Noteholder Claims that do not submit a Foreign Ownership Certification or that do not submit a Foreign Ownership Certification that is reasonably satisfactory to the Debtors on or prior to the Certification Deadline will be deemed entirely foreign-owned and foreign-controlled for purposes of distributing New Common Stock and New Warrants under the DCL Plan.

After a Foreign Ownership Certification is submitted, if an Electing Holder of a Senior Noteholder Claim experiences a change in foreign ownership, or if any other change occurs that such Holder believes warrants amendment (including changes related to any Alternative Recipient Designation), such Electing Holder of a Senior Noteholder Claim must report such change by submitting to the Certification Agent an amended Foreign Ownership Certification so that it is received by Certification Agent within the earlier of (i) seven (7) calendar days after such change is effective and (ii) two (2) business days after the Distribution Record Date (as defined below).

Within one (1) business day after release of an order by the FCC granting the FCC Approval, the Certification Agent will distribute a notice of such approval (the "Final Certification Notice") via electronic mail to Electing Holders of Senior Noteholder Claims.

The Final Certification Notice will notify Electing Holders of Senior Noteholder Claims that (i) the date of such notice will be the "Distribution Record Date" for the purposes of distributions to such Holders and (ii) if such Holders have experienced any change in foreign ownership, or any other change that such Holder beliefs warrants amendment (including changes related to any Alternative Recipient Designation), since such Holders last submitted a Foreign Ownership Certification, such Holders will be required to submit a final updated Foreign Ownership Certification within two (2) business days after the Distribution Record Date.

**For additional information regarding the FCC foreign ownership requirements and the related DCL Plan provisions, please see Section II.G.3 of the Specific Disclosure Statement Relating to First Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan**

Chase Bank, N.A. (the "<u>DCL Specific Disclosure Statement</u>") and Sections 5.4.2(a) and 5.4.2(c) of the DCL Plan.

Copies of the DCL Plan and DCL Specific Disclosure Statement may be obtained from the Debtors' restructuring website at: http://chapter 11.epiqsystems.com/tribune

If you have any questions regarding the Foreign Ownership Certification or the Foreign Ownership Certification Procedures, please contact the Certification Agent at 888-287-7568.