**EXHIBIT 2**

**BLACK LINE REVISED PROPOSED ORDER**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>**Related Docket** ~~No.~~**Nos. 10274, 10960, 11170, and** ____ |

**ORDER (I) APPROVING SUPPLEMENTAL DISCLOSURE DOCUMENT; (II) ESTABLISHING SCOPE, FORMS, PROCEDURES, AND DEADLINES FOR RESOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT DCL PLAN FROM CERTAIN CLASSES; (III) AUTHORIZING TABULATION OF PRIOR VOTES AND ELECTIONS ON DCL PLAN MADE BY HOLDERS OF CLAIMS IN NON-RESOLICITED CLASSES; (IV) SCHEDULING THE CONFIRMATION HEARING AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES IN RESPECT THEREOF; AND (V) GRANTING RELATED RELIEF**

Upon the Motion[2] of the Debtors pursuant to sections 105(a), 1125, 1126, 1127, 1128, and 1129 of the Bankruptcy Code, Bankruptcy Rules 2002, 3003, 3017, 3018, 3019, and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

3020, and Rule 3017-1 of the Local Rules, and other applicable law, for entry of an order (i) approving the Supplemental Disclosure Document respecting the DCL Plan; (ii) establishing the scope, forms, procedures, and deadlines for the resolicitation and tabulation of votes on and elections under the Third Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries (as subsequently amended, the "~~Third~~Fourth Amended DCL Plan") proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "DCL Plan Proponents"); (iii) authorizing the continued tabulation of votes and elections previously made on the Second Amended DCL Plan[3] by the Holders of Claims in impaired Classes other than the Revoting Classes (defined below) for purposes of the ~~Third~~Fourth Amended DCL Plan; (iv) scheduling the Confirmation Hearing and establishing notice and objection procedures and fixing necessary dates and deadlines in respect thereof; and (v) granting related relief, filed on November 18, 2011 (Docket No. 10274) as supplemented by the supplement to the Motion filed on February 20, 2012 (Docket No. 10960) (the "Supplement") and the Reply and Second Supplement to the Motion filed on March 16, 2012 (Docket No. 11170) (the "Reply and Second Supplement"); and upon consideration of the Motion, the Supplement, the Reply and Second Supplement, and all pleadings related thereto; and due and proper notice of the Motion, the Supplement, and the Reply and Second Supplement having been given under the circumstances; and it appearing that no other or further notice is required; and it appearing that the Court has jurisdiction to consider the Motion, the Supplement, and the Reply and Second Supplement in accordance with 28

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion, the Supplement, or the Reply and Second Supplement, as applicable.

[3] See Second Amended Joint Plan of Reorganization For Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (As Modified April 26, 2011) [Docket No. 8769], as amended on October 19, 2011 [Docket No. 10024].

U.S.C. §§ 157 and 1334, and that this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and after due deliberation and upon the Court's determination that the relief requested is in the best interest of the Debtors and their estates, and sufficient cause appearing therefor,

**THE COURT FINDS AND DETERMINES THAT:**

  A. The Supplemental Disclosure Document Relating to the Fourth Amended DCL Plan, as a supplement to the previously-approved Disclosure Documents respecting the DCL Plan,[4] contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code.

  B. The scope of resolicitation of the DCL Plan is appropriately limited to (a) the Holders of Claims in the ~~four~~six (~~4~~6) Classes of Claims against Tribune Company whose distributions may be affected by ~~the resolution of the Allocation Disputes~~certain modifications made to the DCL Plan (including modifications made to address objections to the Motion, the Supplement, and the Reply and Second Supplement) since the prior solicitation of votes on and elections under such Plan, which Classes are the Senior Loan Claims/Senior Guaranty Claims, Bridge Loan Claims, Senior Noteholder Claims, Other Parent Claims, EGI-TRB LLC Notes Claims, and PHONES Notes Claims; and (b) the Holders of Claims in the thirty-~~seven~~six (~~37~~36) Classes of General Unsecured Claims against Non-Guarantor Debtors for which no Holders

---

[4] See General Disclosure Statement dated December 15, 2010 [Docket No. 7232], approved by order entered on December 9, 2010 [Docket Nos. 7215, 7126]; Specific Disclosure Statement Relating to First Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [Docket No. 7135] approved by order entered on December 9, 2009 [Docket No. 7216]; and Explanatory Statement Relating to Modified Elections Under Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, The Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (as modified April 26, 2011) [Docket No. 8754] approved by order entered on May 17, 2011 [Docket No. 8926] (collectively with the Supplemental Disclosure Document, and as defined in Section ~~1.1.85~~1.1.66 of the ~~Third~~Fourth Amended DCL Plan, the "Disclosure Documents").

voted to accept or reject the DCL Plan in the prior solicitation process (Classes 2E, 4E through 7E, 10E, 12E through 15E, 18E through 20E, 22<u>E through 29E, 31</u>E through 38E, 40E, 42E, 43E, and 46E through 49E) (collectively, the "<u>Subsidiary Revoting Classes</u>"<s>) (the foregoing classes</s><u>, and all of the Classes of Claims referenced in this paragraph</u>, collectively, the "<u>Revoting Classes</u>").

   C. The forms of Supplemental Ballots, Supplemental Beneficial Ballots, <s>and</s> Supplemental Master Ballots<u>, and any corresponding supplemental treatment election forms for Beneficial Owners of Senior Notes (the "Supplemental Election Forms")</u> for each of the Revoting Classes attached to this Order as <u>Exhibits A-</u><s>F</s><u>H</u>, respectively, (i) are sufficiently consistent with Official Form No. 14 to be approved, (ii) adequately address the particular needs of these Chapter 11 Cases, including, without limitation, the resolicitation and tabulation of votes on the <s>Third</s><u>Fourth</u> Amended DCL Plan and the making of elections called for under such Plan, and (iii) are appropriate for each Class of Claims entitled to revote to accept or reject the <s>Third</s><u>Fourth</u> Amended DCL Plan and make elections thereon.

   <u>D. The Supplemental Ballot for Holders of Claims in the Subsidiary Revoting Classes states in bolded text that where an impaired Class of Claims is otherwise entitled to vote on the Fourth Amended DCL Plan, but no Claim in such Class is voted, such Class will be deemed to have accepted the Plan for that Debtor.</u>

   <u>E.</u> <s>D.</s> The Supplemental Ballots, Supplemental Beneficial Ballots, <u>Supplemental Master Ballots,</u> and Supplemental <s>Master Ballots</s><u>Election Forms</u> contain sufficient information to <s>assure</s><u>ensure</u> that (i) duplicate Supplemental Ballots<u>, Supplemental Master Ballots,</u> and Supplemental <s>Master Ballots</s><u>Election Forms</u> are not submitted and tabulated and (ii) the Supplemental Master Ballots <u>and Supplemental Election Forms</u> reflect the votes <u>and</u>

elections of the Beneficial Owners of the Debtors' Senior Notes and PHONES Notes (other than PHONES Notes Exchange Claims, which shall not be tabulated on Supplemental Master Ballots, but shall instead be voted directly).

F. ~~E.~~ The period, as set forth below, ~~during~~in which the DCL Plan Proponents ~~may~~will resolicit acceptances of the ~~Third~~Fourth Amended DCL Plan and new or changed elections thereunder is a reasonable and adequate period of time for Holders of Claims in the Revoting Classes to make an informed decision to accept or reject the ~~Third~~Fourth Amended DCL Plan, make any voluntary elections thereunder, and provide any required certifications.

G. ~~F.~~ The procedures set forth in the Motion and the Instructions accompanying the forms of Supplemental Ballots, Supplemental Beneficial Ballots, ~~and~~ Supplemental Master Ballots, and Supplemental Election Forms (a) provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code and the Bankruptcy Rules, and (b) are fair and reasonable with respect to a party's right to make the various elections ~~set forth~~and provide the various certifications contemplated by in the ~~Third~~Fourth Amended DCL Plan, including, without limitation, the elections to grant the releases and select among the treatment options provided under the ~~Third~~Fourth Amended DCL Plan.

H. ~~G.~~ The Resolicitation Package to be distributed to Holders of Claims in the Revoting Classes, consisting of (i) a copy of the ~~Third~~Fourth Amended DCL Plan, (ii) a copy of the Supplemental Disclosure Document, (iii) a copy of the applicable Supplemental Ballot, Supplemental Beneficial Ballot, ~~or~~ Supplemental Master Ballot, Supplemental Election Form, and/or Foreign Ownership Certification Form, together with corresponding Instructions and one

or more pre-paid return envelopes, (iv) a copy of the Confirmation Hearing Notice; and (v) a copy of this Order (without exhibits), ~~comply~~complies with Bankruptcy Rules 2002 and 3017 and ~~constitute~~provides sufficient notice of the Fourth Amended DCL Plan and the Confirmation Hearing to all interested parties.

        I.    ~~H.~~ The combination of direct and published notice of the ~~Third~~Fourth Amended DCL Plan and Confirmation Hearing, as set forth in the Motion, provides good and sufficient notice of the ~~Third~~Fourth Amended DCL Plan, the Confirmation Hearing, the opportunity for Holders of Claims in the Revoting Classes to vote on and make elections under the ~~Third~~Fourth Amended DCL Plan, and the procedures for parties to object to the ~~Third~~Fourth Amended DCL Plan, and satisfies the requirements of due process with respect to all known and unknown creditors of the Debtors.

        J.    ~~I.~~ The establishment of a new deadline for the submission of Media Ownership Certifications is not required.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1.    The Motion, as supplemented by the Supplement and the Reply and Second Supplement, is granted.

2.    All applicable provisions of the Court's Prior Solicitation Orders[5] shall continue in full force and effect for the purposes of resolicitation of votes on and elections under the ~~Third~~Fourth Amended DCL Plan, except as otherwise expressly modified in this Order.

---

[5] This Court previously authorized procedures for solicitation of votes to accept or reject the DCL Plan, and to make elections thereunder, on two occasions.  See Order (I) Approving General Disclosure Statement and Specific Disclosure Statements; (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plans of Reorganization; (III) Approving Forms of Ballots, Master Ballots and Related Instructions; (IV) Approving Solicitation Package Contents and Authorizing Distribution of Solicitation and Notice Materials; (V) Fixing Voting Record Date; (VI) Establishing Notice and Objection Procedures in Respect of Confirmation; (VII) Setting Confirmation Schedule and Establishing Parameters on Confirmation-Related Discovery; (VIII) Establishing New Deadline for Return of Media Ownership Certifications; (IX) Authorizing Expansion of Balloting and Tabulation Agents Retention and Allocation of Costs of Same; and (X) Granting Related Relief [Docket No. 7126, amended at

3. <u>Supplemental Disclosure Document</u>.  The Supplemental Disclosure Document Relating to the Fourth Amended DCL Plan is approved as containing adequate information within the meaning of section 1125 of the Bankruptcy Code.

4. The DCL Plan Proponents are required to distribute the Supplemental Disclosure Document only to Holders of Claims in the Revoting Classes.

5. <u>Scope of Resolicitation</u>.  The DCL Plan Proponents are authorized and empowered to provide the Holders of Senior ~~Notes~~Loan Claims/Senior Guaranty Claims, Bridge Loan Claims, Senior Noteholder Claims, Other Parent Claims, EGI-TRB LLC Notes Claims, PHONES Notes Claims, and General Unsecured Claims in the Subsidiary Revoting Classes with the opportunity to vote to accept or reject the Fourth Amended DCL Plan and make elections thereunder.

6. The DCL Plan Proponents are not required to provide any other Holders of Claims that previously cast votes to accept or reject the Second Amended DCL Plan or that made elections thereunder with the opportunity to change such votes or elections.

7. Affirmance of Existing Deadlines Relating to Confirmation.  In addition to the deadlines concerning the solicitation and consideration of confirmation of the Fourth Amended DCL Plan established by this Order, the deadlines previously established by the Court's Second Supplemental Scheduling Order Relating to Plan Confirmation (Docket No. 11326) (the "Confirmation Scheduling Order") are hereby affirmed.  The applicable deadlines

---

Docket No. 7215] (the "First Solicitation Order"); and Order Approving (I) Form, Scope and Procedures to (A) Provide Holders of Senior Loan Claims and Senior Guaranty Claims with Opportunity to Change Votes on Debtor/Committee/ Lender Plan; (B) Allow Holders of Senior Noteholder Claims and Other Parent Claims to Make New Treatment Elections; (C) Allow Holders of Claims that Previously Granted Certain Releases to Make Elections Concerning Such Releases as Modified; and (D) Allow Holders of Claims Against Tribune Company to Opt Out of Transfer of Disclaimed State Law Avoidance Claims to Creditors Trust Under Debtor/Committee/Lender Plan; and (II) Supplement to Disclosure Statement and Explanatory Statement and Distribution of Same [Docket No. 8926] (the "Second Solicitation Order" and, together with the First Solicitation Order, the "Prior Solicitation Orders").

concerning the schedule for consideration of the DCL Plan Proponents' Supplemental Disclosure Document, Solicitation Procedures Motion and Plan set forth in the Confirmation Scheduling Order are as follows:

- May 21, 2012 – Deadline to complete all discovery relating to confirmation of the Fourth Amended DCL Plan

- May 21, 2012 (4:00 p.m. Eastern time) – Supplemental Voting Deadline

- May 21, 2012 (11:59 p.m. Eastern time) – Deadline for filing objections to confirmation of the Fourth Amended DCL Plan (the "Objection Deadline")

- June 1, 2012 (11:59 p.m. Eastern time) – Deadline for filing briefs in support of confirmation of the Fourth Amended DCL Plan and replies to confirmation objections

- June 7, 2012 (3:00 p.m. Eastern time) – Confirmation Hearing

8.  7. Supplemental Voting Record Date. December 12, 2011April 13, 2012 is established as the Supplemental Voting Record Date for purposes of determining (i) the Holders of Claims in the Revoting Classes that are entitled to vote on the ThirdFourth Amended DCL Plan, as set forth in the Motion, and (ii) the Holders of Claims in the non-Revoting Classes that, together with parties filing a notice of appearance in these cases, governmental units having an interest in these cases, indenture trustees, and equity interest holders, will be provided the Confirmation Hearing Notice and a copy of this Order (without exhibits).

9.  8. Approving Forms of Supplemental Ballots, Supplemental Beneficial Ballots, Supplemental Master Ballots, Supplemental Election Forms, and Instructions. The Supplemental Ballots, Supplemental Beneficial Ballots, Supplemental Master Ballots, and Supplemental Master BallotsElection Forms, together with their accompanying Instructions for each of the Revoting Classes, which shall be substantially in the forms annexed hereto as Exhibits A-FH, respectively, are hereby approved.

10.    ~~9.~~ The Debtors are authorized to make non-material modifications to any Supplemental Ballots, Supplemental Beneficial Ballots, <u>Supplemental Master Ballots,</u> and Supplemental ~~Master Ballots~~<u>Election Forms</u> to be distributed to Holders of Claims in the Revoting Classes pursuant to this Order without further order of the Court.

11.    ~~10.~~ Resolicitation Package.  The DCL Plan Proponents are authorized and empowered to distribute, through the Voting Agent, to Holders of Claims in the Revoting Classes, by first-class mail: (i) a copy of the ~~Third~~<u>Fourth</u> Amended DCL Plan, (ii) a copy of the Supplemental Disclosure Document, (iii) an appropriate number of Supplemental Ballots, Supplemental Beneficial Ballots, ~~and~~ Supplemental Master Ballots, <u>Supplemental Election Forms, and/or Foreign Ownership Certification Forms,</u> as applicable, together with corresponding Instructions and one or more pre-paid return envelopes, (iv) a copy of the Confirmation Hearing Notice; and (v) a copy of this Order (without exhibits).

12.    ~~11.~~ Resolicitation Procedures. The DCL Plan Proponents are authorized and empowered to resolicit votes to accept or reject the <u>Fourth Amended</u> DCL Plan from the Revoting Classes, in accordance with the following procedures:

- The DCL Plan Proponents will cause Supplemental Beneficial Ballots and accompanying Instructions, together with a Supplemental Master Ballot, to be distributed to each person or entity that was a record Holder of a Senior Noteholder Claim or PHONES Notes Claim (other than the Holder of a PHONES Notes Exchange Claim, discussed below) as of the Supplemental Voting Record Date.  The record Holders of Senior Noteholder Claims and PHONES Notes Claims include, without limitation, representatives such as brokers, banks, commercial banks, transfer agents, trust companies, dealers, or other agents or nominees (collectively, the "<u>Voting Nominees</u>").  The Voting Agent will provide each Voting Nominee with reasonably sufficient numbers of Supplemental Beneficial Ballots and accompanying Instructions to distribute to the beneficial owners of the Senior Noteholder Claims and PHONES Notes Claims for whom such Voting Nominee acts (collectively, the "<u>Beneficial Owners</u>").
- <u>The DCL Plan Proponents will also cause Supplemental Election Forms to be distributed to each person or entity that was a record Holder of a Senior Noteholder Claim as of</u> the Supplemental Voting Record Date.  In addition to the

- Supplemental Election Forms, Holders of Senior Noteholder Claims will receive Foreign Ownership Certification Forms for completion if such Holders elect to receive the Senior Noteholder Alternative Treatment.  The elections made by Holders of Senior Noteholder Claims to receive the Senior Noteholder Alternative Treatment will be valid only if such Holders have electronically delivered their Senior Notes into the Automated Tender Offer Program at The Depository Trust Company (the "ATOP System") for placement into a Contra-CUSIP.  Only the Voting Nominees can submit these elections on behalf of Beneficial Owners of Senior Noteholder Claims.  Senior Notes electronically delivered into the ATOP System will not be freely tradable.  Holders of Senior Noteholder Claims that elect to receive the Senior Noteholder Alternative Treatment and electronically deliver their Senior Notes into the Contra-CUSIP may withdraw their Senior Notes from the Contra-CUSIP up to and including the Supplemental Voting Deadline.  However, if a Holder of a Senior Noteholder Claim withdraws its Senior Notes from the ATOP System, such Holder's election to receive the Senior Noteholder Alternative Treatment will not be counted.  Holders of Senior Noteholder Claims may not withdraw their Senior Notes from the ATOP System after the Supplemental Voting Deadline.  Holders of Senior Noteholder Claims that elect to receive the Senior Noteholder Alternative Treatment, but fail to comply with the procedures for making such elections set forth above, will not receive the Senior Noteholder Alternative Treatment on account of such Holders' Allowed Senior Noteholder Claims.

- Each Voting Nominee will be required to forward the Resolicitation Packages to each Beneficial Owner for voting and making necessary certifications, together with one or more pre-paid return envelopes, so that the Beneficial Owner may return the completed Supplemental Beneficial Ballot, Supplemental Election Form, and/or Foreign Ownership Certification Form, if applicable, to the Voting Nominee by such deadline as may be established by the Voting Nominee.  Each Voting Nominee ~~then will~~shall tabulate the individual votes and elections (other than elections by Holders of Senior Noteholder Claims to receive the Senior Noteholder Alternative Treatment) of its respective Beneficial Owners from their Supplemental Beneficial Ballots on the Supplemental Master Ballot and return the Supplemental Master Ballot, the Supplemental Election Forms, and any Foreign Ownership Certification Forms received (if applicable) to the Voting Agent so that ~~it is~~they are received prior to the Supplemental Voting Deadline.  The Voting Nominees will be required to retain Supplemental Beneficial Ballots and Supplemental Election Forms for inspection for a period of at least five (5) years following the Supplemental Voting Deadline.

- ~~The elections made by Holders of Senior Noteholder Claims to receive the Senior Noteholder Alternative Treatment and/or the elections made by Holders of Senior Noteholder Claims or PHONES Notes Claims not to transfer their Disclaimed State Law Avoidance Claims to the Creditors' Trust to be established under the Third Amended DCL Plan (the "Treatment Elections") will be valid only if such Holders have electronically delivered their Senior Notes or PHONES Notes, as applicable, into the Automated Tender Offer Program at The Depository Trust~~

~~Company (the "ATOP System") for placement into a Contra-CUSIP. Only the Voting Nominees can submit these elections on behalf of Beneficial Owners of Senior Noteholder Claims~~ and PHONES Notes Claims. ~~Holders of Senior Noteholder Claims or PHONES Notes Claims that make a Treatment Election and electronically deliver their Senior Notes~~ or PHONES Notes ~~into the Contra-CUSIP may withdraw their Senior Notes~~ or PHONES Notes ~~from the Contra-CUSIP up to and~~ until ~~the Supplemental Voting Deadline. However,~~ following the Supplemental Voting Deadline, such Senior Notes or PHONES Notes will ~~not be freely tradable. Holders of Senior Noteholder~~ Claims or PHONES Notes ~~Claims that make a Treatment Election but fail to comply with the procedures for making such elections set forth above, will~~ (a) not receive the Senior Noteholder Alternative Treatment on account of such Holders' Allowed Senior Noteholder Claims and/or (b) be deemed to consent to the transfer of such Holders' Disclaimed State Law Avoidance Claims to the Creditors' Trust pursuant to the Third Amended DCL Plan, as applicable.

- With respect to Holders of PHONES Notes Exchange Claims, the DCL Plan Proponents will cause Resolicitation Packages to be distributed to the record Holder of the relevant PHONES Notes as of the date and time such PHONES Notes were put to Tribune for exchange ~~It shall be the responsibility of such record Holder to provide the Resolicitation Packages, including any Supplemental Ballot, to any Beneficial Owner(s) of such PHONES Notes~~, and (as set forth on the applicable Exchange Notice), provided, however, that if a Beneficial Owner of a PHONES Notes Exchange Claim has requested in writing prior to the date of this Order that the Resolicitation Packages instead be distributed to such Beneficial Owner directly, the DCL Plan Proponents will cause Resolicitation Packages to be distributed to such Beneficial Owner. Except as provided above, neither the Voting Agent nor any of the DCL Plan Proponents shall have any responsibility to provide the Resolicitation Packages applicable to Holders of PHONES Notes Exchange Claims to any party other than such record Holder. It shall be the responsibility of the record Holder to provide the Resolicitation Packages, including any Supplemental Ballot, to any Beneficial Owner(s) of such PHONES Notes. The Supplemental Ballots to be provided on account of PHONES Notes Exchange Claims, and/or the Instructions accompanying such Supplemental Ballots, shall provide that they are to be returned directly to the Voting Agent and not to the relevant record Holders. ~~The allowance of PHONES Notes Exchange Claims shall be solely for voting purposes pursuant to Bankruptcy Rule 3018(a), and shall not constitute a determination by the Court as to the allowance or classification of such Claims for any other purpose~~.

- The DCL Plan Proponents will cause Resolicitation Packages to be distributed to each person or entity that was a Holder of ~~an~~ a Senior Loan/Senior Guaranty Claim, Bridge Loan Claim, Other Parent Claim, EGI-TRB LLC Notes Claim, or General Unsecured Claim in the Subsidiary Revoting Classes as of the Supplemental Voting Record Date.

- The Supplemental Ballot for Holders of Claims in the Subsidiary Revoting Classes states in bolded text that where an impaired Class of Claims is otherwise

entitled to vote on the DCL Plan, but no Claim in such Class is voted, such Class will be deemed to have accepted the Plan for that Debtor.

- The Holders of Senior Loan/Senior Guaranty Claims, Bridge Loan Claims, Other Parent Claims, EGI-TRB LLC Notes Claims, and General Unsecured Claims in the Subsidiary Revoting Classes will have until the Supplemental Voting Deadline to return the Supplemental Ballots to the Voting Agent.

13. ~~12.~~ The procedures previously established by the Bankruptcy Court to tabulate votes and elections respecting the DCL Plan shall also apply to the tabulation of votes and elections on any Supplemental Ballots, Supplemental Beneficial Ballots, Supplemental Master Ballots, and Supplemental ~~Master Ballots~~Election Forms, as applicable, for the resolicitation of votes on and elections under the ~~Third~~Fourth Amended DCL Plan.

14. ~~13.~~ Resolicitation Commencement. The Voting Agent shall complete mailing of the solicitation materials on or before **~~December 20, 2011~~ April 23, 2012**.

15. ~~14.~~ Supplemental Voting Deadline. Supplemental Ballots ~~and~~, Supplemental Master Ballots, and Supplemental Election Forms must be properly executed and completed, and the originals thereof shall be delivered to the Voting Agent so as to be actually received ~~by no later than **January 20,**~~ on or before the Supplemental Voting Deadline (being **May 21,** 2012 at 4:00 p.m. (prevailing Eastern ~~Time~~time)) by (a) first-class mail postage prepaid in the return envelope provided with the Supplemental Ballot, Supplemental Master Ballot, or Supplemental ~~Master Ballot~~Election Form, or (b) personal delivery or overnight courier, in each case to the addresses provided on the Supplemental ~~Ballots~~Ballot, Supplemental Master Ballot, or Supplemental ~~Master Ballots~~Election Form, as applicable, or in the Instructions for such Supplemental ~~Ballots and~~Ballot, Supplemental Master ~~Ballots~~Ballot, or Supplemental Election Form.

16.  ~~15.~~ No Electronic Transmissions.  Supplemental Ballots, Supplemental Master Ballots, and Supplemental ~~Master Ballots~~Election Forms may not be transmitted to the Voting Agent by e-mail, facsimile, or other electronic means.

17.  ~~16.~~ No Withdrawal.  After the Supplemental Voting Deadline, Holders of Claims in the Revoting Classes may not withdraw or modify their Supplemental Ballots, Supplemental Beneficial Ballots, ~~or~~ Supplemental Master Ballots, and/or Supplemental Election Forms, as applicable, in any way, absent prior consent of the DCL Plan Proponents or approval by this Court.

18.  ~~17.~~ Supplemental Tabulation Deadline.  The Voting Agent is required to file the results of its tabulation of votes to accept or reject the ~~Plans~~Fourth Amended DCL Plan and accompanying election results no later than ~~January 27,~~ May 29, 2012.

19.  ~~18.~~ Rule 3018 Motions.  If any Holder of a Claim ~~wishing~~wishes to have its Claim allowed for purposes of voting to accept or reject the ~~Third~~Fourth Amended DCL Plan in a manner that is inconsistent with the amount or classification(s) set forth on the Supplemental Ballot(s) (or Supplemental Beneficial Ballot, as applicable) it received, or if any party that did not receive a Supplemental Ballot wishes to have its Claim temporarily allowed for voting purposes only, such Holder must serve on the DCL Plan Proponents and file with this Court, on or before ~~December 23, 2011~~, May 11, 2012, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "3018 Motion").  A 3018 Motion must set forth, with particularity, the amount and classification in which such Holder believes its Claim should be allowed for voting purposes and the evidence in support of its belief.  In respect of any timely-filed 3018 Motion, the Supplemental Ballot(s) in question shall be counted ~~against~~for voting purposes on the ~~Third~~Fourth Amended DCL Plan ~~(a) in the amount~~

~~established by this Court~~ ~~in an order entered on or before the Supplemental Voting Deadline, or (b) if such an order has not been entered by the Supplemental Voting Deadline and unless~~<ins>in the amount as agreed by</ins> the DCL Plan Proponents and the ~~party submitting the 3018 Motion have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to (i) the liquidated, non-contingent, and non-disputed amount of such Claim as set forth in the Debtors' schedules of assets and liabilities; (ii) if a proof of claim has been timely filed in respect of such Claim, the liquidated, non-contingent, and non-disputed amount set forth in such proof of claim; or (iii) if neither (i) nor (ii) applies, such party shall not have a Supplemental Ballot counted at all.  For the avoidance of doubt, Claims objected to~~ <ins>after the Supplemental Voting Record Date</ins> ~~shall be entitled to vote on the Third Amended DCL Plan without the necessity of filing a Rule 3018 Motion seeking temporary allowance of such claim for voting purposes~~<ins>applicable Holder or, in the absence of agreement, in the amount established by this Court</ins>.

<ins>20.</ins>     ~~19~~. ~~January 11,~~<ins>May 29,</ins> 2012 at ~~11~~<ins>1</ins>:00 ~~a~~<ins>p</ins>.m. (prevailing Eastern time) is established as the date for a hearing to consider any and all 3018 Motions.

~~20.     With respect to the Holders of PHONES Notes Exchange Claims, the Court's First Solicitation Order shall continue to govern the allowance of such claims solely for the purposes of re-voting on and making elections under the Third Amended DCL Plan, in accordance with the procedures set forth in this Motion.  The allowance of PHONES Notes Exchange Claims pursuant to section 3018(a) of the Bankruptcy Code shall not constitute a determination by the Court as to the allowance or classification of such Claims for any other purpose.~~

21.     <ins>Affirmance of Votes and Elections on DCL Plan by Non-Revoting Classes.</ins>  The votes cast on and elections made under the Second Amended DCL Plan by ~~Holders~~

~~of Senior Loan Claims and Senior Guaranty Claims (Classes 1C and 50C-111C), Bridge Loan Claims and Bridge Loan Guaranty Claims (Classes 1D and 50D-111D), and~~ Holders of General Unsecured Claims against the Filed Subsidiary Debtors that had at least one impaired accepting Class (Classes 3E, 8E, 9E, 11E, 16E, 17E, 21E, 39E, 41E, 44E, 45E and 50E-111E) shall continue to be tabulated as votes on and elections under the ~~Third~~<ins>Fourth</ins> Amended DCL Plan.

22.  Holders of Other Parent Claims that elected to have their Claims treated as Convenience Claims as part of the prior solicitation process undertaken on the Second Amended DCL Plan shall continue to have that treatment election recognized and such Holders will not be treated as Holders of Other Parent Claims for the purposes of resolicitation of the ~~Third~~<ins>Fourth</ins> Amended DCL Plan.

23.  <u>Withdrawal of ~~Third~~<ins>Fourth</ins> Amended DCL Plan as to Certain Debtors</u>.  In the event that the DCL Plan Proponents withdraw the ~~Third~~<ins>Fourth</ins> Amended DCL Plan as to any Debtor because (a) the ~~Third~~<ins>Fourth</ins> Amended DCL Plan with respect to that Debtor fails to be accepted by the requisite number and amount of claims voting or (b) the Court, for any reason, denies confirmation of the ~~Third~~<ins>Fourth</ins> Amended DCL Plan with respect to such Debtor, then the Debtors shall have the authority to sell such Debtor's assets to a Debtor that is a proponent of the ~~Third~~<ins>Fourth</ins> Amended DCL Plan pursuant to sections 363(b) and/or 1123(b)(4) of the Bankruptcy Code, with (i) such sale to be effective on or prior to the Effective Date of the ~~Third~~<ins>Fourth</ins> Amended DCL Plan for the acquiring Debtor, and (ii) the sale price for the selling Debtor's assets to be paid to the selling Debtor in cash in an amount equal to the fair value of such assets, as proposed by Tribune Company and approved by the Court.

24.  <u>Confirmation Hearing</u>.  The Confirmation Hearing shall commence on ~~February___,~~<ins>June 7,</ins> 2012 at ~~__:__~~ <ins>3:00 p</ins>.m.~~,~~<ins>(</ins>prevailing Eastern time~~, and shall continue~~

for up to two (2) business days from that date, inclusive; provided, however, that the Court reserves judgment to the extent to which additional days for the Confirmation Hearing will be permitted, and all parties' rights are reserved in all respects with respect to such issue), as set forth in the Confirmation Scheduling Order.

25. Notice of Confirmation Hearing.  The Confirmation Hearing Notice and the Publication Notice, substantially in the forms attached hereto as Exhibits GJ and HK, respectively, are hereby approved.

26. The Debtors shall cause the Publication Notice to be published once each in the national editions of The Wall Street Journal, The New York Times, the Los Angeles Times, and the Chicago Tribune not less than twenty-eight (28) days before the Objection Deadline.

27. Objections to Confirmation of the DCL Plan.  Objections to confirmation of the ThirdFourth Amended DCL Plan (including any supporting memoranda) must: (i) be made in writing; (ii) state the name and address of the objecting party and the nature of the claim or interest of such party; (iii) state with particularity the legal and factual basis and nature of any objection to the ThirdFourth Amended DCL Plan; and (iv) be filed with the Court, together with proof of service, and served so that they are received on or before **January   ,**the Objection Deadline (being **May 21,** 2012 at 4**11**:00**59** p.m. (prevailing Eastern Time) (the "Objection Deadline"**time)**) by counsel to the DCL Plan Proponents, as set forth in the Confirmation Scheduling Order.

28. The Court shall consider only timely-filed written objections to confirmation of the ThirdFourth Amended DCL Plan.  All objections not timely filed and served

in accordance with the procedures described herein by the Objection Deadline shall be deemed overruled.

29. The DCL Plan Proponents shall file responses, if any, to any objections to confirmation of the ~~Third~~Fourth Amended DCL Plan on or before ~~January __,~~ **June 1,** 2012 at ~~4~~**11**:~~00~~**59** p.m. (prevailing Eastern ~~Time)~~**time), as set forth in the Confirmation Scheduling Order**. The DCL Plan Proponents shall also file with the Court their proposed findings of fact and conclusions of law and their memorandum of law in support of confirmation of the ~~Third~~Fourth Amended DCL Plan on or before such date.

30. Media Ownership Certifications. The deadline previously established by the Court respecting the submission of Media Ownership Certifications is not modified by this Order.

31. Amended Plan Supplement. To the extent that any amendments to the Plan Supplement are required in order to conform the terms of any Exhibits to the terms of the Fourth Amended DCL Plan~~, as amended~~, the Debtors will file an ~~Amended Plan Supplement seven days prior to the Objection Deadline.~~ amended Plan Supplement on or before **May 4, 2012 at 11:59 p.m. (prevailing Eastern time).**

32. Notice to Holders of Customer Program Claims. The modified form of Credit/Refund Notice, substantially in the form annexed hereto as Exhibit I, is hereby approved and the Debtors are hereby authorized to send such Credit/Refund Notice to potential Holders of Customer Program Claims that that Debtors have identified as not having previously received the Credit/Refund Notice. The Debtors are not required to distribute Resolicitation Packages to Holders of Customer Program Claims. To the extent any potential Holders of Customer Program Claims contact the Debtors seeking solicitation materials in response to such Credit/Refund

Notice, the Debtors shall have the right, but not the obligation, to satisfy any Customer Program Claim pursuant to the authority granted to the Debtors under the Customer Programs Order, in which case the Holder of any such Claim shall not be entitled to vote on the Fourth Amended DCL Plan.

33.    ~~32.~~ This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
_____, ~~2011~~2012

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE