**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**FEE EXAMINER'S FINAL REPORT REGARDING THE**
**FIFTH QUARTERLY FEE APPLICATION OF SEYFARTH SHAW LLP**

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Fifth Quarterly Fee Application of Seyfarth Shaw LLP* [Docket No. 7515] (the "**Fee Application**"). The Fee Application seeks

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

approval of fees that total $187,099.65 and reimbursement of expenses that total $12,677.12 for the period from September 1, 2010 through November 30, 2010. Seyfarth Shaw LLP ("**Seyfarth**") serves as special counsel in connection with labor and employment litigation matters for the debtors and debtors in possession (collectively the "**Debtors**").

### Background

1.      On December 8, 2008 (the "**Petition Date**"), the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. Under this Court's *Order Directing Joint Administration Chapter 11 Cases* on December 10, 2009, these cases are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules [Docket No. 43].

2.      On December 26, 2008, the Debtors filed their Motion for an Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code [Docket No. 148] (the "**OCP Motion**"). In the OCP Motion, the Debtors sought approval of this Court to employ and retain the Ordinary Course Professionals, including Seyfarth, to provide services to the Debtors as necessary for the day-to-day operations of the Debtor's businesses on terms substantially similar to those in effect prior to the Petition Date. On January 15, 2009, this Court granted the OCP Motion and issued an order approving procedures for the employment, retention, and compensation of the Ordinary Course Professionals [Docket No. 227] (the "**OCP Order**").

3.      The OCP Order provides that in the event the fees incurred and invoiced by any Ordinary Course Professional exceed the applicable Monthly Cap, such Ordinary Course Professional shall be required to seek this Court's approval of all fees invoiced for that month in accordance with sections 330 and 331 of the Bankruptcy Code, all applicable Bankruptcy Rules and Local Rules, and the procedures set forth in the Interim Compensation Order and the Fee Examiner Order.

4.      In October 2009 and November 2009, Seyfarth exceeded the Monthly Cap. When the Debtors determined that Seyfarth would continually exceed the monthly cap, on January 8, 2010 the Debtors filed an *Application to Retain Seyfarth as Special Counsel for Certain Employment Litigation Matters* [Docket No. 3046] (the "**Retention Application**"). On January 25, 2010, this Court entered the *Order Authorizing Debtors and Debtors in Possession to Employ and Retain Seyfarth as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, nunc pro tunc, to December 1, 2009* [Docket No. 3192] (the "**Retention Order**").

5.      Seyfarth submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 225] (the "**Interim Compensation Order**").

<u>**Applicable Standards**</u>

6.      In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

7.      The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general

-3-

compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

8.    Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F)*.

9.    A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

10.    The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Supplemental Retention Application, the

Supplemental Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to Seyfarth for review and comment. The firm submitted to the Fee Examiner a written response to the Preliminary Report. After consideration of the additional information provided by the firm, the Fee Examiner now issues this final report (the "**Final Report**") "in a format designed to opine whether the requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines." *Fee Examiner Order ¶5.*

## DISCUSSION OF FINDINGS

### Technical Requirements

11.    **Reconciliation of Fees and Expenses.** The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**"). The recomputation of fees revealed that the Fees Computed are $244.00 more than the Fees Requested resulting in an apparent undercharge. The discrepancy is the result of task hours within several entries that are not equal to time billed for the entries as a whole. The discrepancy and the related entries were displayed in **Exhibit A** to the Preliminary Report.[2] The Fee Examiner also notes that Seyfarth has provided discounts on the fees totaling $20,788.85. In response, the Seyfarth agreed with the Fee Examiner's computation of fees and, thus, increased its fee request by $244.00.

---

[2] This Final Report includes exhibits that detail and support the findings discussed herein. Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits. For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

The Fee Examiner further determined that there is no discrepancy between the Expenses Requested and the Expenses Computed. The figures in this report and the accompanying exhibits reflect Expenses Computed. Exhibit A is omitted from this report.

12. **Block Billing.**[3] The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*. The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines ¶(b)(4)(v)*.[4] With minor exceptions, Seyfarth did not block bill fee entries.

13. **Time Increments.** The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*. The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*. The Fee Examiner confirmed that the firm recorded time entries in tenths of an hour.

### Review of Fees

14. **Firm Staffing.** The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by

---

[3] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing. Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry. As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry. This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

[4] The judicial response to block billing varies. Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007). Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines* *¶(b)(1)(iii)*.  The Fee Application provided the names, positions, and hourly rates of the 28 Seyfarth professionals and paraprofessionals who billed to this matter, consisting of 14 partners, 1 of counsel, 8 associates, 3 paralegals, 1 case assistant, and 1 law clerk.   A summary of hours and fees billed by each timekeeper is displayed in **Exhibit B**.

The firm billed a total of 453.00 hours with associated fees of $208,132.50.[5]   The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 194.00 | 43% | $128,405.50 | 62% |
| Of Counsel | 0.20 | * | 125.00 | * |
| Associate | 179.80 | 40% | 64,657.50 | 31% |
| Paralegal | 46.40 | 10% | 12,018.50 | 6% |
| Case Assistant | 15.90 | 3% | 1,590.00 | * |
| Law Clerk | 16.70 | 4% | 1,336.00 | * |
| TOTAL | 453.00 | 100% | $208,132.50 | 100% |

* Less than 1%

The blended hourly rate for the Seyfarth professionals is $516.55 and the blended hourly rate for professionals and paraprofessionals is $459.45.

15.   **Hourly Rate Increases.**   Seyfarth did not increase the hourly rates of timekeepers during this interim period.   The Fee Examiner noted a certain timekeeper billed two entries during the interim period and one of them was billed at an hourly rate of $530.00 rather than his current hourly rate of $510.00.   The Fee Examiner asked Seyfarth to confirm whether the $530.00 rate was a clerical/billing error, resulting in a fee reduction of $4.00. Seyfarth agreed that it was a clerical error and that it would result in a $4.00 reduction in fees. The Fee Examiner makes no additional recommendations for a fee reduction.

16.   **Timekeepers' Roles.**   A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4)*.  With this directive in mind, the

---

[5] This figure reflects the Fees Computed.

Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts. On the whole, each Seyfarth timekeeper appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals. However, the Fee Examiner requested additional information regarding the fees invoiced by two timekeepers. The Fee Examiner was interested in whether or not the activities of the two timekeepers were necessary and added value to the work performed on behalf of the Debtors. The questioned entries were displayed in **Exhibit C** to the Preliminary Report. Seyfarth responded by agreeing to reduce its fee request by the time billed by these two timekeepers, which results in a reduction of fees in the amount of $505.00. The Fee Examiner makes no additional request for a fee reduction, and Exhibit C is omitted from this report.

      17.    <u>**Meetings, Conferences, Hearings, and Other Events.**</u>  The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" (*Local Rule 2016-2(d)(ix)*), and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*. While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

      The Fee Examiner identified occasions where two or more Seyfarth timekeepers attended the same meeting, conference, hearing, or other event. Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees. The entries, totaling 33.50 hours with $14,943.50 in associated fees, were displayed in **Exhibit D** to the Preliminary Report. In each

instance where multiple timekeepers attended a meeting, conference, hearing, or other event, we identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the attorney leading rather than observing a conference).    The potentially duplicative and unnecessary timekeepers' entries total 16.20 hours with $5,727.50 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit.    The Fee Examiner requested the firm provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event.

In response to the Preliminary Report, Seyfarth agreed to reduce its fees by $40.00 for two timekeepers' entries.    As for the remainder of the questioned entries, Seyfarth provided the required detail to bring them into compliance.    The Fee Examiner makes no further recommendation for a fee reduction.    Exhibit D is omitted from this report.

18.    **Intraoffice Conferences.**    Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified billing activities by Seyfarth timekeepers describing intraoffice conferences totaling 9.10 hours with $2,816.50 in associated fees, or approximately 1% of the total Fees Computed, as were displayed in **Exhibit E** to the Preliminary Report.    Given the limited hours and fees resulting from intraoffice meetings, the Fee Examiner makes no recommendation for a fee reduction.    Exhibit E is omitted from this report.

19.    **Complete and Detailed Task Descriptions.**    Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary."    The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting),"

and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*. The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*.

The Fee Examiner reviewed the substantive detail of each billing entry and identified 4.80 hours with $1,999.00 in associated fees where the billing narrative failed to disclose the subject matter of and/or participants to a communication. The questioned entries were displayed in **Exhibit F** to the Preliminary Report. The Fee Examiner requested Seyfarth provide sufficient detail for each time entry and in particular disclose the subject matter and participants of the questioned billing entries.

In response to the Preliminary Report, Seyfarth first agreed to reduce its fees by $88.00 for one timekeeper who they could not obtain additional detail from because of a change in employment status. As for the remainder of the questioned entries, however, Seyfarth submitted the required detail in its response, which provided the missing participants and or subject matter. Thus, the Fee Examiner makes no further recommendation for a fee reduction. Exhibit F is omitted from this report.

20. **Administrative Activities.** Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. The Fee Examiner did not identify any fee entries describing administrative activities.

21. **Clerical Activities.** Clerical activities are tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support

personnel[6] or support task for which the firm charged greater than market rate.   The Fee

Examiner did not identify any time entries describing clerical activities.

22.   **Seyfarth Retention/Compensation.**   Seyfarth billed 56.00 hours with

associated fees of $13,479.00 to prepare the firm's retention documents and applications for

compensation, or approximately 6% of the Fees Computed.   The fee entries describing

Seyfarth's retention/compensation activities are displayed in **Exhibit G**, which is included in

the Final Report for the Court's reference.

**Review of Expenses**

23.   **Itemization of Expenses.**   The Local Rules provide that fee applications "shall

contain an expense summary by category for the entire period of the request" and "shall itemize

each expense within each category, including the date the expense was incurred, the charge and

the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*.   The UST

Guidelines further provide that expenses "must be actual and necessary and supported by

documentation as appropriate" and that applicants should disclose "a detailed itemization of all

expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate,

destination), [the] method of computation, and, where relevant, name of the person incurring

the expense and purpose of the expense.  Itemized expenses should be identified by their nature

(*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.)

and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*.   Seyfarth provided an itemization for

its expenses that included the category, the date, the description, the amount, and the name of

the timekeeper who incurred the charge.

---

[6] "Duties appropriate for office staff are considered part of a professional's overhead expenses and may
not be billed to the estate." *Fibermark*, 349 B.R. at 397; *In re Korea Chosun Daily Times, Inc.*, 337
B.R. 758 769 (Bankr. E.D.N.Y. 2005) (overhead not compensable); *but see Bennett Funding*, 213 B.R.
at 247-48 (discussing differing approaches to clerical work at professional rates).   These overhead
activities may include: mailing; photocopying, word processing (including the creation of templates),
formatting, creating spreadsheets, printing, organizing files, checking for docket updates, creating
binders, and secretarial overtime. *Fibermark*, 349 B.R. at 396-97.

-11-

24.     **Photocopies.**  The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii).*  The Fee Application stated that the firm's rate for copying charges is $0.10 per page.

25.     **Facsimile.**  The Local Rules provide that outgoing facsimile transmission charges shall not exceed $1.00 per page. *Local Rule 2016-2(e)(iii).*  Seyfarth stated that the firm's rate for facsimile charges is $1.00 per page for outgoing facsimiles.

26.     **Computer Assisted Legal Research.**  The Local Rules provide that computer assisted legal research charges "shall not be more than the actual cost." *Local Rule 2016-2 (e)(iii).*  Seyfarth requested reimbursement for computer assisted legal research charges totaling $2,614.65, and the firm's interim application stated that "[c]omputer research is charged on a time, item and/or search-type basis which takes advantage of certain discounts that Seyfarth is able to negotiate with its service providers due to the Firm's size and volume of usage.  The Firm's charges for computerized legal research such as Westlaw or Lexis are based on a rate that recovers no more than the Firm's actual costs."

27.     **Travel Expenses - Lodging.**  The Fee Examiner applies and the Court has followed the ceiling for domestic lodging of $350.00 per night.  The description for one of the lodging charges was "Hotel Expense for Jon Meer and Ira Goldstone while at mediation in SF @ St Regis 05/11-12/10 (second day of mediation)."  The Fee Examiner requested that Seyfarth provide the supporting documentation for this charge.  Seyfarth produced the requested invoices, which proved the charges were within the domestic lodging ceiling.  Thus, the Fee Examiner makes no recommendation for a reduction.

28.     **Vaguely Described Expenses.**  Seyfarth requested reimbursement for certain expenses, displayed in **Exhibit H** to the preliminary report, which are vaguely described.  The Fee Examiner requested detailed itemization for the charges including the types of expenses incurred (airfare, lodging, etc.) and the amount of each charge.  In response to the Preliminary

Report, Seyfarth agreed to reduce its expense request by $128.40 for two items.  As for the other questioned expense item, Seyfarth provided the additional detail requested.  The Fee Examiner makes no further recommendation for a reduction.  Exhibit H is omitted from this report.

29.    **Meal Expenses.**  With regard to the meal charges displayed in **Exhibit I** to the Preliminary Report, the Fee Examiner requested Seyfarth provide information regarding the type of meal (breakfast, lunch, or dinner), the number of attendees for each meal expense, and whether the charge was incurred in relation to out-of-town travel.  Seyfarth provided the additional detail requested.  The Fee Examiner makes no recommendation for a reduction. Exhibit I is omitted from this report.

## CONCLUSION

The Fee Examiner submits this final report regarding the Fee Application and the fees and expenses discussed above.  The Fee Examiner recommends the approval of fees in the amount of $186,706.65 ($187,099.65 plus $244.00 minus $637.00) and reimbursement of expenses in the amount of $12,548.72 ($12,677.12 minus $128.40) for the period from September 1, 2010 through November 30, 2010.  The findings are set forth in the summary on the following page.

**SEYFARTH SHAW LLP**

**SUMMARY OF FINDINGS**

**Fifth Quarterly Fee Application (September 1, 2010 through November 30, 2010)**

**A.      Amounts Requested and Computed**

| | | |
|---|---|---|
| Fees Requested | $187,099.65 | |
| Expenses Requested | 12,677.12 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $199,776.77 |
| | | |
| Fees Computed | $208,132.50 | |
| Expenses Computed | 12,677.12 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $220,809.62 |
| | | |
| Discount on Fees | ($ 20,788.85) | |
| Discrepancy in Fees | (244.00) | |
| | | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | ($  21,032.85) |

**B.      Recommended Fee Allowance and Expense Reimbursement**

| | | |
|---|---|---|
| Fees Requested | $187,099.65 | |
| *Discrepancy in Fees* | | *$244.00* |
| *Agreed Reduction for Clerical/Billing Error* | | *(4.00)* |
| *Agreed Reduction for Questioned Timekeepers* | | *(505.00)* |
| *Agreed Reduction for Meetings, Conferences, Hearings, and Other Events* | | *(40.00)* |
| *Agreed Reduction for Vague Communications* | | *(88.00)* |
| Subtotal | | *($393.00)* |
| | | |
| RECOMMENDED FEE ALLOWANCE | | $186,706.65 |
| | | |
| Expenses Requested | $12,677.12 | |
| *Agreed Reduction for Vaguely Described Expenses* | | *($128.40)* |
| Subtotal | | *($128.40)* |
| | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 12,548.72 |
| | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $199,255.37 |

Respectfully submitted,

**STUART MAUE**
By:

_____

    John F. Theil, Esq.
    3840 McKelvey Road
    St. Louis, Missouri  63044
    Telephone:  (314) 291-3030
    Facsimile:  (314) 291-6546
    tribunebkr@smmj.com

    *Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 16th day of April, 2012.

David Klauder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE  19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE  19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
William E. Chipman Jr., Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE  19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE  19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY  10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY  10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE  19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY  10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Jeremy P. Sherman, Esq.
Partner
Seyfarth Shaw LLP
131 S. Dearborn Street, Suite 2400
Chicago, IL  60603-5577

John F. Theil, Esq.

-16-

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

## COMPUTED AT STANDARD RATES

**Seyfarth Shaw LLP**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|----------|------|----------|--------------|--------------|----------------|---------------|
| ECER | Cerasia II, Edward | PARTNER | $720.00 | $720.00 | 121.40 | $87,408.00 |
| JDME | Meer, Jon | PARTNER | $285.00 | $570.00 | 47.20 | $25,906.50 |
| JPSH | Sherman, Jeremy | PARTNER | $685.00 | $685.00 | 6.40 | $4,384.00 |
| GPAU | Pauling II, Gerald | PARTNER | $560.00 | $560.00 | 6.30 | $3,528.00 |
| KEMI | Michaels, Kristin | PARTNER | $570.00 | $570.00 | 3.70 | $2,109.00 |
| PDRI | Drizner, Paul | PARTNER | $505.00 | $505.00 | 2.50 | $1,262.50 |
| SCAR | Carlson, Scott | PARTNER | $555.00 | $555.00 | 2.20 | $1,221.00 |
| THAL | Haley, Timothy | PARTNER | $665.00 | $665.00 | 1.20 | $798.00 |
| JWHO | Whong, Jason | PARTNER | $565.00 | $565.00 | 0.80 | $452.00 |
| TLHI | Hix, Timothy | PARTNER | $475.00 | $475.00 | 0.90 | $427.50 |
| DROS | Ross, David | PARTNER | $760.00 | $760.00 | 0.50 | $380.00 |
| COLS | Olson, Camille | PARTNER | $680.00 | $680.00 | 0.30 | $204.00 |
| WSCH | Schurgin, William | PARTNER | $560.00 | $560.00 | 0.30 | $168.00 |
| NFIN | Finkel, Noah | PARTNER | $510.00 | $530.00 | 0.30 | $157.00 |
| No. of Billers for Position: 14 | | Blended Rate for Position: | $661.88 | | 194.00 | $128,405.50 |
| | | | | % of Total: 42.83% | % of Total: 61.69% | |
| JTON | Toner, John | OF COUNSEL | $625.00 | $625.00 | 0.20 | $125.00 |
| No. of Billers for Position: 1 | | Blended Rate for Position: | $625.00 | | 0.20 | $125.00 |
| | | | | % of Total: 0.04% | % of Total: 0.06% | |
| NBRI | Riesco, Natascha | ASSOCIATE | $390.00 | $390.00 | 65.40 | $25,506.00 |
| AWAR | Warshaw, Aaron | ASSOCIATE | $355.00 | $355.00 | 65.80 | $23,359.00 |
| AIAN | Ianni, Allison | ASSOCIATE | $355.00 | $355.00 | 12.40 | $4,402.00 |
| SKWA | Kwan, Sophia | ASSOCIATE | $147.50 | $295.00 | 15.50 | $3,953.00 |
| JCHY | Chylinksi, Jeremi | ASSOCIATE | $355.00 | $355.00 | 10.10 | $3,585.50 |
| MSAN | Sank, Max | ASSOCIATE | $380.00 | $380.00 | 6.60 | $2,508.00 |
| KGOO | Goodwin, Kara | ASSOCIATE | $305.00 | $305.00 | 3.20 | $976.00 |
| CDRC | Del Rey-Cone, Christie | ASSOCIATE | $460.00 | $460.00 | 0.80 | $368.00 |

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Seyfarth Shaw LLP**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| | No. of Billers for Position: 8 | Blended Rate for Position: | $359.61 | | 179.80 | $64,657.50 |
| | | | | | % of Total: 39.69% | % of Total: 31.07% |
| JMCM | McManus, Jennifer | PARALEGAL | $270.00 | $270.00 | 34.80 | $9,396.00 |
| NPUZ | Puzio, Nadine | PARALEGAL | $225.00 | $225.00 | 9.10 | $2,047.50 |
| JOKE | O'Keefe, Julie | PARALEGAL | $230.00 | $230.00 | 2.50 | $575.00 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $259.02 | | 46.40 | $12,018.50 |
| | | | | | % of Total: 10.24% | % of Total: 5.77% |
| ASHE | Shepro, Alice | CASE ASSISTANT | $100.00 | $100.00 | 15.90 | $1,590.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $100.00 | | 15.90 | $1,590.00 |
| | | | | | % of Total: 3.51% | $0.76% |
| MAFA | Afar, Michael | LAW CLERK | $80.00 | $80.00 | 16.70 | $1,336.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $80.00 | | 16.70 | $1,336.00 |
| | | | | | % of Total: 3.69% | % of Total: 0.64% |
| | Total No. of Billers: 28 | Blended Rate for Report: | $459.45 | | 453.00 | $208,132.50 |

EXHIBIT G

SEYFARTH RETENTION/COMPENSATION

Seyfarth Shaw LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| McManus, J | 34.80 | 9,396.00 |
| O'Keefe, J | 2.50 | 575.00 |
| Shepro, A | 15.90 | 1,590.00 |
| Sherman, J | 2.80 | 1,918.00 |
| | 56.00 | $13,479.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Tribune - Bankruptcy Fee Application | 56.00 | 13,479.00 |
| | 56.00 | $13,479.00 |

EXHIBIT G

SEYFARTH RETENTION/COMPENSATION

Seyfarth Shaw LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 09/03/10 Fri | McManus, J 1774376/82 | 0.40 | 0.40 | 108.00 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* <br> REVISE RESPONSE TO FEE AUDITOR'S REPORT |
| 09/07/10 Tue | McManus, J 1774376/83 | 0.80 | 0.80 | 216.00 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* <br> PREPARE TENTH MONTHLY FEE APPLICATION CHARTS. |
| 09/08/10 Wed | McManus, J 1774376/84 | 0.60 | 0.60 | 162.00 | 0.40 <br> 0.20 | F <br> F | 1 <br> 2 | *MATTER NAME: Tribune - Bankruptcy Fee Application* <br> REVISE RESPONSE TO FEE EXAMINER (.40): <br> E-MAIL COMMUNICATIONS TO TIMEKEEPERS REGARDING EDITS TO RESPONSE (.20). |
| 09/09/10 Thu | McManus, J 1774376/85 | 0.60 | 0.60 | 162.00 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* <br> REVISE CHARTS FOR NINTH MONTHLY FEE APPLICATION. |
| 09/10/10 Fri | McManus, J 1774376/87 | 1.10 | 1.20 | 324.00 | 0.10 <br> 0.30 <br> 0.80 | F <br> F <br> F | 1 <br> 2 <br> 3 | *MATTER NAME: Tribune - Bankruptcy Fee Application* <br> CONFERENCE WITH J. SHERMAN REGARDING RESPONSE TO FEE EXAMINER'S REPORT (.10): <br> REVISE SAME (.30): <br> REVISE NINTH MONTHLY FEE APPLICATION (.80). |
| 09/10/10 Fri | Sherman, J 1774376/86 | 1.10 | 1.10 | 753.50 | 0.60 <br> 0.50 | F <br> F | 1 <br> 2 | *MATTER NAME: Tribune - Bankruptcy Fee Application* <br> REDACT INVOICES FOR PRIVILEGE IN CONNECTION WITH TENTH MONTHLY FEE APPLICATION (.60): <br> REVIEW OF INVOICES AND PREPARE DETAILS TO RESPOND TO QUESTIONS RAISED IN FEE EXAMINER'S REPORT AND DIRECTION TO J. MCMANUS RELATED TO SAME (.50). |
| 09/14/10 Tue | McManus, J 1774376/88 | 0.30 | 0.30 | 81.00 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* <br> INVESTIGATE ITEMS FLAGGED IN FEE EXAMINER'S REPORT REGARDING SEYFARTH'S SECOND QUARTERLY FEE APPLICATION. |
| 09/15/10 Wed | McManus, J 1774376/89 | 2.40 | 2.30 | 621.00 | 0.70 <br> 0.10 <br> 0.40 <br> 0.10 <br> 1.00 | F <br> F <br> F <br> F <br> F | 1 <br> 2 <br> 3 <br> 4 <br> 5 | *MATTER NAME: Tribune - Bankruptcy Fee Application* <br> FINALIZE FIRST RESPONSE TO FEE EXAMINER'S REPORT AND FORWARD SAME (.70): <br> REVIEW FEE EXAMINER'S REPORT REGARDING SEYFARTH'S SECOND QUARTERLY FEE APPLICATION (.10): <br> BEGIN RESPONSE TO SAME (.40): <br> CONFERENCE WITH J. SHERMAN REGARDING SAME (.10): <br> PREPARE TENTH MONTHLY FEE APPLICATION (1.0). |
| 09/16/10 Thu | McManus, J 1774376/90 | 0.80 | 0.80 | 216.00 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* <br> PREPARE TENTH MONTHLY FEE APPLICATION. |
| 09/20/10 Mon | McManus, J 1774376/91 | 1.00 | 1.00 | 270.00 | 0.60 <br> 0.40 | F <br> F | 1 <br> 2 | *MATTER NAME: Tribune - Bankruptcy Fee Application* <br> REVISE NINTH MONTHLY FEE APPLICATION PLEADING CHARTS (.60): <br> INVESTIGATE RESPONSES TO FEE EXAMINER'S REPORT REGARDING SECOND QUARTERLY FEE APPLICATION (.40). |
| 09/20/10 Mon | Shepro, A 1774376/92 | 3.20 | 3.20 | 320.00 | 2.90 <br> 0.30 | F <br> F | 1 <br> 2 | *MATTER NAME: Tribune - Bankruptcy Fee Application* <br> EDIT MONTHLY FEE APPLICATION FOR JUNE SUBMISSION WITH EMPLOYEE NAMES, ISSUES, AND EXPENSES (2.9): <br> DISCUSS WITH J. MCMANUS (.30). |

~  See the last page of exhibit for explanation

EXHIBIT G

SEYFARTH RETENTION/COMPENSATION

Seyfarth Shaw LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 09/21/10 Tue | McManus, J 1774376/93 | 0.60 | 0.60 | 162.00 | | | | MATTER NAME: *Tribune - Bankruptcy Fee Application* |
| | | | | | | | 1 | PREPARE RESPONSE TO FEE EXAMINER'S REPORT REGARDING SECOND QUARTERLY FEE APPLICATION. |
| 09/22/10 Wed | McManus, J 1774376/94 | 1.20 | 1.20 | 324.00 | 1.10 0.10 | F F | 1 2 | MATTER NAME: *Tribune - Bankruptcy Fee Application*<br>REVIEW AND REVISE TENTH MONTHLY FEE APPLICATION (1.10);<br>CONFERENCE WITH J. SHERMAN REGARDING SAME (.10). |
| 09/23/10 Thu | McManus, J 1774376/95 | 0.40 | 0.40 | 108.00 | | | | MATTER NAME: *Tribune - Bankruptcy Fee Application* |
| | | | | | | | 1 | INVESTIGATE RESPONSES TO FEE EXAMINER'S REPORT REGARDING SECOND QUARTERLY FEE APPLICATION. |
| 09/23/10 Thu | Shepro, A 1774376/96 | 0.90 | 0.90 | 90.00 | 0.60 0.30 | F F | 1 2 | MATTER NAME: *Tribune - Bankruptcy Fee Application*<br>EDIT FEE APPLICATION WITH JUNE AMOUNTS (.60);<br>DISCUSS SAME WITH J. MCMANUS (.30). |
| 09/24/10 Fri | McManus, J 1774376/98 | 2.20 | 2.20 | 594.00 | 0.60 0.70 0.10 0.60 0.20 | F F F F F | 1 2 3 4 5 | MATTER NAME: *Tribune - Bankruptcy Fee Application*<br>FINALIZE CHARTS FOR NINTH MONTHLY FEE APPLICATION (.60);<br>REVISE PLEADING PORTION OF NINTH FEE APPLICATION (.70);<br>CONFERENCE WITH J. SHERMAN REGARDING SAME (.10);<br>REVISE TENTH MONTHLY FEE APPLICATION (.60);<br>CONFERENCE WITH A. SHEPRO REGARDING SAME (.20). |
| 09/24/10 Fri | Shepro, A 1774376/99 | 2.50 | 2.50 | 250.00 | 1.90 0.60 | F F | 1 2 | MATTER NAME: *Tribune - Bankruptcy Fee Application*<br>EDIT FEE APPLICATION AND REVIEW AMOUNTS ENTERED (1.9);<br>DISCUSS WITH J. MCMANUS (.60). |
| 09/24/10 Fri | Sherman, J 1774376/97 | 0.40 | 0.40 | 274.00 | | | | MATTER NAME: *Tribune - Bankruptcy Fee Application* |
| | | | | | | | 1 | REVIEW OF NINTH MONTHLY FEE APPLICATION FOR PERIOD OF JUNE 1, 2010 THROUGH JUNE 30, 2010. |
| 09/27/10 Mon | McManus, J 1774376/101 | 1.70 | 1.70 | 459.00 | 0.80 0.90 | F F | 1 2 | MATTER NAME: *Tribune - Bankruptcy Fee Application*<br>FINALIZE NINTH MONTHLY FEE APPLICATION (.80);<br>FINALIZE TENTH MONTHLY FEE APPLICATION (.90). |
| 09/27/10 Mon | Sherman, J 1774376/100 | 0.30 | 0.30 | 205.50 | | | | MATTER NAME: *Tribune - Bankruptcy Fee Application* |
| | | | | | | | 1 | REVIEW OF TENTH MONTHLY FEE APPLICATION. |
| 09/28/10 Tue | McManus, J 1774376/102 | 0.40 | 0.40 | 108.00 | | | | MATTER NAME: *Tribune - Bankruptcy Fee Application* |
| | | | | | | | 1 | FINALIZE, COMPILE AND FORWARD NINTH AND TENTH MONTHLY FEE APPLICATIONS TO BE FILED WITH THE COURT |
| 09/29/10 Wed | McManus, J 1774376/103 | 0.20 | 0.20 | 54.00 | | | | MATTER NAME: *Tribune - Bankruptcy Fee Application* |
| | | | | | | | 1 | REVISE RESPONSE TO FEE EXAMINER. |
| 09/30/10 Thu | McManus, J 1774376/104 | 2.20 | 2.20 | 594.00 | 0.90 1.30 | F F | 1 2 | MATTER NAME: *Tribune - Bankruptcy Fee Application*<br>PREPARE ELEVENTH MONTHLY FEE APPLICATION (.90);<br>DRAFT FOURTH QUARTERLY FEE APPLICATION (1.30). |

~  See the last page of exhibit for explanation

EXHIBIT G

SEYFARTH RETENTION/COMPENSATION

Seyfarth Shaw LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 10/04/10 Mon | McManus, J 1787330/28 | 1.00 | 1.00 | 270.00 | 0.70 0.30 | F F | 1 2 | *MATTER NAME: Tribune - Bankruptcy Fee Application* REVISE ELEVENTH MONTHLY FEE APPLICATION (.70); REVISE RESPONSE TO FEE AUDITOR REPORT (.30). |
| 10/04/10 Mon | Shepro, A 1787330/29 | 1.90 | 2.00 | 200.00 | 0.20 1.80 | F F | 1 2 | *MATTER NAME: Tribune - Bankruptcy Fee Application* CONFER WITH J. MCMANUS REGARDING THE AUGUST FEE APPLICATION AND EDITS TO BE MADE (.20); EDIT AND REVIEW AUGUST FEE APPLICATION (1.8). |
| 10/04/10 Mon | Sherman, J 1787330/27 | 0.50 | 0.50 | 342.50 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* REVIEW AND REDACT SEPTEMBER INVOICES FOR PURPOSES OF ATTORNEY CLIENT PRIVILEGE. |
| 10/05/10 Tue | McManus, J 1787330/30 | 1.20 | 1.20 | 324.00 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* REVIEW AND REVISE ELEVENTH MONTHLY FEE APPLICATION. |
| 10/06/10 Wed | McManus, J 1787330/31 | 1.80 | 1.80 | 486.00 | 0.60 0.10 1.10 | F F F | 1 2 3 | *MATTER NAME: Tribune - Bankruptcy Fee Application* FINALIZE NINTH MONTHLY FEE APPLICATION (.60); CONFERENCE WITH J. SHERMAN REGARDING SAME (.10); PREPARE THIRD QUARTERLY FEE APPLICATION (1.10). |
| 10/07/10 Thu | Sherman, J 1787330/32 | 0.50 | 0.50 | 342.50 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* REVIEW ELEVENTH MONTHLY FEE APPLICATION. |
| 10/08/10 Fri | McManus, J 1787330/33 | 1.20 | 1.20 | 324.00 | 1.00 0.20 | F F | 1 2 | *MATTER NAME: Tribune - Bankruptcy Fee Application* PREPARE FOURTH QUARTERLY FEE APPLICATION (1.00); CONFERENCE WITH A. SHEPRO REGARDING SAME (.20). |
| 10/11/10 Mon | McManus, J 1787330/34 | 1.00 | 1.00 | 270.00 | 0.90 0.10 | F F | 1 2 | *MATTER NAME: Tribune - Bankruptcy Fee Application* PREPARE PLEADING PORTION OF FOURTH QUARTERLY FEE APPLICATION (.90); CONFERENCE WITH A. SHEPRO REGARDING SAME (.10). |
| 10/12/10 Tue | Shepro, A 1787330/35 | 4.10 | 4.10 | 410.00 | 0.20 3.90 | F F | 1 2 | *MATTER NAME: Tribune - Bankruptcy Fee Application* DISCUSS EDITS WITH J. MCMANUS (.20); EDIT FEE APPLICATION (3.90). |
| 10/13/10 Wed | McManus, J 1787330/36 | 0.50 | 0.50 | 135.00 | 0.40 0.10 | F F | 1 2 | *MATTER NAME: Tribune - Bankruptcy Fee Application* REVIEW AND REVISE FOURTH QUARTERLY FEE APPLICATION (.40); CONFERENCE WITH A. SHEPRO REGARDING FURTHER REVISIONS TO FEE APPLICATION CHARTS (.10). |
| 10/13/10 Wed | Shepro, A 1787330/37 | 1.10 | 1.10 | 110.00 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* EDIT FOURTH QUARTERLY FEE APPLICATION. |
| 10/14/10 Thu | McManus, J 1787330/38 | 1.00 | 1.00 | 270.00 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* REVIEW AND FINALIZE THIRD QUARTERLY FEE APPLICATION IN PREPARATION FOR FILING. |

~  See the last page of exhibit for explanation

EXHIBIT G

SEYFARTH RETENTION/COMPENSATION

Seyfarth Shaw LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 10/15/10 Fri | McManus, J 1787330/39 | 0.20 | 0.20 | 54.00 | 0.10 0.10 | F F | 1 2 | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>COMPILE APPLICATION AND FORWARD SAME TO LOCAL COUNSEL FOR FILING (.10);<br>CONFERENCE WITH P. RATKOWIAK REGARDING FILING (.10). |
| 10/22/10 Fri | McManus, J 1787330/40 | 1.00 | 1.00 | 270.00 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>DRAFT TWELFTH MONTHLY FEE APPLICATION. |
| 11/02/10 Tue | McManus, J 1803179/42 | 0.30 | 0.30 | 81.00 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>EDIT RESPONSE TO FEE EXAMINER. |
| 11/04/10 Thu | McManus, J 1803179/43 | 1.20 | 1.20 | 324.00 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>PREPARE TWELFTH MONTHLY FEE APPLICATION. |
| 11/05/10 Fri | McManus, J 1803179/44 | 1.20 | 1.20 | 324.00 | 0.70 0.50 | F F | 1 2 | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>REVIEW AND EDIT EXHIBIT PORTION OF TWELFTH MONTHLY FEE APPLICATION (.70);<br>REVISE PLEADING PORTION OF FEE APPLICATION (.50). |
| 11/08/10 Mon | McManus, J 1803179/45 | 0.60 | 0.60 | 162.00 | 0.20 0.40 | F F | 1 2 | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>CONFERENCE WITH A. SHEPRO REGARDING REVISING TWELFTH MONTHLY FEE APPLICATION (.20);<br>REVIEW AND EDIT FEE APPLICATION (.40). |
| 11/08/10 Mon | Shepro, A 1803179/46 | 2.10 | 2.10 | 210.00 | 1.50 0.60 | F F | 1 2 | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>EDIT AND COMPILE TWELFTH MONTHLY FEE APPLICATION (1.5);<br>REVIEW TIME DETAIL ENTRIES AND EXPENSES (.60). |
| 11/09/10 Tue | McManus, J 1803179/47 | 0.30 | 0.30 | 81.00 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>REVISE EXHIBITS TO TWELFTH MONTHLY FEE APPLICATION. |
| 11/11/10 Thu | McManus, J 1803179/48 | 0.50 | 0.50 | 135.00 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>REVIEW AND EDIT TIME DETAIL FOR TWELFTH MONTHLY FEE APPLICATION. |
| 11/12/10 Fri | McManus, J 1803179/49 | 1.20 | 1.20 | 324.00 | 0.50 0.70 | F F | 1 2 | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>REVISE TWELFTH MONTHLY FEE APPLICATION (.50);<br>DRAFT THIRTEENTH MONTHLY FEE APPLICATION (.70). |
| 11/17/10 Wed | McManus, J 1803179/50 | 0.20 | 0.20 | 54.00 | 0.10 0.10 | F F | 1 2 | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>FOLLOW-UP WITH LOCAL COUNSEL REGARDING FEE APPLICATION STATUS (.10);<br>INVESTIGATE PAYMENT ON THREE MONTHLY FEE APPLICATIONS (.10). |
| 11/19/10 Fri | McManus, J 1803179/51 | 1.20 | 1.20 | 324.00 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>PREPARE THIRTEENTH MONTHLY FEE APPLICATION. |
| 11/22/10 Mon | McManus, J 1803179/52 | 0.80 | 0.80 | 216.00 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application*<br>PREPARE PLEADING PORTION OF THIRTEENTH ? MONTHLY FEE APPLICATION. |

~ See the last page of exhibit for explanation

EXHIBIT G

SEYFARTH RETENTION/COMPENSATION

Seyfarth Shaw LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 11/24/10 Wed | McManus, J 1803179/53 | 0.70 | 0.70 | 189.00 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* <br> REVISE DETAIL PORTION OF THIRTEENTH MONTHLY FEE APPLICATION. |
| 11/30/10 Tue | McManus, J 1803179/54 | 0.80 | 0.80 | 216.00 | 0.40 <br> 0.40 | F <br> F | 1 <br> 2 | *MATTER NAME: Tribune - Bankruptcy Fee Application* <br> REVIEW AND REVISE TWELFTH MONTHLY FEE APPLICATION PLEADING PORTION (.40); <br> REVIEW AND REVISE THIRTEENTH MONTHLY FEE APPLICATION PLEADING PORTION (.40). |
| 11/30/10 Tue | O'Keefe, J 1803179/55 | 2.50 | 2.50 | 575.00 | | | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* <br> REVISE THIRTEENTH MONTHLY FEE APPLICATION. |

Total

Number of Entries:        51

56.00        $13,479.00

EXHIBIT G

SEYFARTH RETENTION/COMPENSATION

Seyfarth Shaw LLP

## SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| McManus, J | 34.80 | 9,396.00 |
| O'Keefe, J | 2.50 | 575.00 |
| Shepro, A | 15.90 | 1,590.00 |
| Sherman, J | 2.80 | 1,918.00 |
| | 56.00 | $13,479.00 |

## SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Tribune - Bankruptcy Fee Application | 56.00 | 13,479.00 |
| | 56.00 | $13,479.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL