# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Related to Docket No. 10472, 10872, 10874, and 10971 |

## STIPULATION BETWEEN TRIBUNE COMPANY AND ANTHONY CONTE REGARDING WAIVER AND RELEASE OF CLAIMS AGAINST TRIBUNE COMPANY AND MODIFICATION OF TRIBUNE COMPANY'S SCHEDULES OF ASSETS AND LIABILITIES

This stipulation (the "Stipulation") between Anthony Conte, on the one hand, and Tribune Company ("Tribune"), on the other hand (collectively, the "Parties"), regarding (i) the waiver and release of claims held by Mr. Conte against Tribune; and (ii) the modification of Tribune's schedules of assets and liabilities (the "Schedules") to strike all records naming Mr.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CH1 6678142v.8

Conte as a creditor or potential creditor of Tribune, is entered into by the Parties as of the date set forth below.

## **RECITALS**

A. On December 8, 2008, Tribune and various of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009 (each date, as applicable, the "Petition Date"). The Debtors' chapter 11 cases are jointly administered for procedural purposes only.

B. On December 19, 2011, Mr. Conte filed a motion seeking entry of an order (i) modifying the automatic stay to permit the payment of proceeds from the Debtors' media liability insurance policy that covers the claims asserted by Mr. Conte in the pending civil action commenced by Mr. Conte against non-Debtor Tribune ND, Inc., formerly known as Newsday, Inc. ("Tribune ND") in the United States District Court for the Eastern District of New York styled Conte v. Newsday, Inc., et al., No. 06-Civ-4859 (JFB) (ETB) and/or (ii) the pending third-party civil action commenced by Mr. Conte against non-Debtor Tribune ND, Inc. in the Supreme Court of the State of New York, County of Nassau styled Amorizzo et al. v. Conte, Index No. 12200/05 (collectively, the "Conte Litigation"), and (ii) directing the Debtors to modify the Schedules filed by Tribune to strike all records naming Mr. Conte as a creditor or potential creditor of Tribune (Docket No. 10472) (the "Conte Motion").

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

C.    On January 8, 2012, the Debtors filed the Debtors' Limited Objection to the Conte Motion (Docket No. 10872) (the "Limited Objection"), which was joined by the Official Committee of Unsecured Creditors (Docket No. 10874). In the Limited Objection, the Debtors did not oppose the relief requested in the Conte Motion regarding modifying the automatic stay, but did oppose the relief requested in the Conte Motion regarding modifying the Schedules.

D.    On February 22, 2012, Mr. Conte filed a Reply to the Debtors' Limited Objection (Docket No. 10971) (the "Reply").

E.    The Parties subsequently reached an agreement on the submission to the Bankruptcy Court of a proposed order modifying the automatic stay as requested in the Conte Motion.

F.    The Bankruptcy Court held a hearing on the Conte Motion and the Limited Objection on March 22, 2012, at which the Parties participated.

G.    Based upon the Parties' statements on the record at the March 22, 2012 hearing, and in order to avoid further disputes or litigation of this matter, the Parties have reached an agreement as to the resolution of the Conte Motion and the Limited Objection and have agreed to enter into this Stipulation reflecting that agreement.

NOW, THEREFORE, THE PARTIES STIPULATE AND AGREE AS FOLLOWS:

## **AGREEMENT**

1.    The recitals set forth above are incorporated herein by reference.

2.    Mr. Conte hereby expressly fully, finally, and forever waives and releases all claims, liabilities, demands, or causes of action, of every nature and description whatsoever against Tribune Company, whether known or unknown, suspected or unsuspected, contingent or

non-contingent, including but not limited to those included in, arising from or related to, that were alleged or asserted in, or which could have been alleged or asserted in, (i) the pending civil action commenced by Mr. Conte in the United States District Court for the Eastern District of New York styled <u>Conte v. Newsday, Inc., et al.</u>, No. 06-Civ-4859 (JFB) (ETB); and/or (ii) the pending third-party civil action commenced by Mr. Conte in the Supreme Court of the State of New York, County of Nassau styled <u>Amorizzo et al. v. Conte</u>, Index No. 12200/05.

        3.       The foregoing waiver and release does not affect any claims that Mr. Conte may hold directly and solely against Tribune ND.

        4.       Tribune ND may, in the future, be merged with and into Tribune ND, LLC, a newly-formed Delaware limited liability corporation, for tax purposes.[3] If such a merger occurs, Tribune ND, LLC will, by virtue of applicable state law, assume the preexisting liabilities of Tribune ND, including any liabilities arising from the Conte Litigation. Tribune's affirmative representations to the Bankruptcy Court on the record at the March 22, 2012 hearing that Tribune has no intention to eliminate the existence of Tribune ND is equally applicable to the continuing existence of Tribune ND, LLC following any such merger.

        5.       Upon the full execution of this Stipulation, the Debtors will file this Stipulation with the Bankruptcy Court together with a proposed form of order requesting that the Bankruptcy Court approve the Stipulation. The Parties further agree that the form of order approving this Stipulation will also grant the relief from stay requested in the Conte Motion, in accordance with the Parties' prior agreement and based upon the Parties' statements on the record at the March 22, 2012 hearing.

---

[3] See Docket No. 7701, Attachment D – Ex. 5.2 Restructuring Transactions.

4

6. Within fourteen (14) days of the entry of an order by the Bankruptcy Court approving the Stipulation, Tribune shall modify its Schedules of Assets and Liabilities to strike all records naming Mr. Conte as a creditor or potential creditor of Tribune.

7. This Stipulation constitutes the Parties' entire agreement and supersedes and amends any and all agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof except as otherwise expressly provided herein. This Stipulation is not intended to confer upon any other person any rights or remedies hereunder.

8. The undersigned persons represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Stipulation.

9. Mr. Conte acknowledges that he has had a full and fair opportunity to consult with an attorney prior to entering into this Stipulation.

10. This Stipulation may be executed in counterparts, all of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

11. This Stipulation shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to principles of conflict of laws.

12. The Bankruptcy Court shall retain jurisdiction over any and all disputes or other matters arising under or otherwise relating to this Stipulation.

[Remainder of Page Intentionally Left Blank]

STIPULATED AND CONSENTED TO AS OF _____, 2012 BY:

| ANTHONY CONTE | TRIBUNE COMPANY |
|---|---|
| _____ | By: _____ |
| Telephone: (631) 949-1660 | Name: David Bralow |
| | Title: Assistant General Counsel/East Coast Media |
| | Telephone: (212) 210-2893 |