# EXHIBIT 2

**Black-line changed pages reflecting all changes to the Proposed Supplemental Disclosure Document that was previously filed on April 15, 2012 (Docket No. 11389)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**SUPPLEMENTAL DISCLOSURE DOCUMENT RELATING TO ~~PROPOSED~~ FOURTH AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, OAKTREE CAPITAL MANAGEMENT, L.P., ANGELO, GORDON & CO., L.P., AND JPMORGAN CHASE BANK, N.A.**

| | |
|---|---|
| SIDLEY AUSTIN LLP<br>James F. Conlan<br>Bryan Krakauer<br>Jeffrey C. Steen<br>Dennis M. Twomey<br>Kerriann S. Mills<br>One South Dearborn Street<br>Chicago, IL  60603<br>Telecopier:  (312) 853-7036 | COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.<br>Norman L. Pernick (No. 2290)<br>J. Kate Stickles (No. 2917)<br>Patrick J. Reilley (No. 4451)<br>500 Delaware Avenue, Suite 1410<br>Wilmington, DE  19801<br>Telecopier:  (302) 652-3117 |

*Counsel For Debtors and Debtors In Possession and Certain Non-Debtor Affiliates*

| | | |
|---|---|---|
| CHADBOURNE & PARKE LLP<br>Howard Seife<br>David M. LeMay<br>30 Rockefeller Plaza<br>New York, New York 10112<br>Telecopier: (212) 541-5369 | LANDIS RATH & COBB LLP<br>Adam G. Landis<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telecopier:  (302) 467-4450 | ZUCKERMAN SPAEDER LLP<br>Graeme W. Bush<br>James Sottile<br>1800 M Street, N.W., Suite 1000<br>Washington, D.C.  20036<br>Telecopier:  (202) 822-8106 |

*Counsel For the Official Committee of Unsecured Creditors*

| | |
|---|---|
| DEWEY & LEBOEUF LLP<br>Bruce Bennett<br>James O. Johnston<br>Joshua M. Mester<br>333 South Grand Avenue, Suite 2600<br>Los Angeles, California 90071<br>Telecopier:  (213) 621-6100 | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Robert S. Brady (No. 2847)<br>M. Blake Cleary (No. 3614)<br>Rodney Square; 1000 North King Street<br>Wilmington, Delaware 19801<br>Telecopier: (302) 571-1253 |

*Counsel For Oaktree Capital Management, L.P. and Angelo, Gordon & Co., L.P.*

WILMER CUTLER PICKERING HALE & DORR LLP
Andrew Goldman
399 Park Avenue
New York, New York 10022
Telecopier: (212) 230-8888

*Co-Counsel For Angelo, Gordon & Co, L.P.*

| | |
|---|---|
| DAVIS POLK & WARDWELL LLP<br>Donald S. Bernstein<br>Damian S. Schaible<br>450 Lexington Avenue<br>New York, New York 10017<br>Telecopier:  (212) 701 5800 | RICHARDS LAYTON & FINGER<br>Mark Collins<br>One Rodney Square<br>920 North King Street<br>Wilmington, Delaware 19801<br>Telecopier: (302) 651-7701 |

*Counsel For JPMorgan Chase Bank, N.A.*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are listed on the next page.

**DATED:   April ~~15,~~17, 2012**

Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

| | | | |
|---|---|---|---|
| VI. | | OTHER MISCELLANEOUS PROVISIONS OF THE FOURTH AMENDED PLAN | 17 |
| | A. | Distributions to MSCS | 17 |
| | B. | Subrogation Rights | 17 |
| | C. | Payment of Indenture Trustee Fees | 18 |
| | D. | Participation in the Step Two/Disgorgement Settlement | 18 |
| | E. | Distribution of New Common Stock and New Warrants | 18 |
| | F. | Calculation of Step Two/Disgorgement Settlement Participants' Distributions | 18 |
| | G. | Bar Order | 18 |
| | H. | Litigation Trust Valuation Expert | 19 |
| | I. | Litigation Trust Advisory Board | 19 |
| | J. | Elimination of Creditors' Trust | ~~19~~20 |
| | K. | Application of the EGI-TRB and PHONES Subordination Provisions to Recoveries of Holders of Senior Loan Claims and Bridge Loan Claims | 20 |
| | L. | Payment of Professionals' Fees and Expenses | ~~20~~21 |
| VII. | | REORGANIZED VALUE UPDATE AND UPDATED FINANCIAL PROJECTIONS | 21 |
| VIII. | | CERTAIN FEDERAL INCOME TAX CONSEQUENCES OF THE FOURTH AMENDED PLAN | 22 |
| | A. | Federal Tax Consequences to the Debtors | ~~22~~23 |
| | B. | Federal Income Tax Consequences to Certain U.S. Holders of Claims in Revoting Classes | 23 |
| | | 1. U.S. Holders of Senior Noteholder Claims | 23 |
| | | 2. U.S. Holders of Other Parent Claims (not including the Swap Claim and Claims against Tribune arising from a Non-Qualified Former Employee Benefit Plan) | 24 |
| | | 3. U.S. Holders of Claims arising from a Non-Qualified Former Employee Benefit Plan | 24 |
| | | 4. U.S. Holders of EGI-TRB LLC and PHONES Notes Claims | 25 |
| | C. | Federal Income Tax Treatment of the MSCS/Senior Noteholder Reserve | 25 |
| IX. | | CONCLUSION AND RECOMMENDATION | ~~25~~26 |

Dispute, and (vii) the EGI-TRB/LT Dispute.  However, the Bankruptcy Court decided that the EGI-TRB/PPI Dispute is not yet ripe for determination.

The Bankruptcy Court expressly stated that the Allocation Dispute Ruling is "subject to, conditioned upon, and for the purpose of obtaining confirmation of a chapter 11 plan substantially in the form of the Third Amended Plan."[20]  A brief summary of the key components of the Bankruptcy Court's Allocation Disputes Ruling follows (consistent with the ordering of allocation issues set forth in such ruling).[21]

### 1. PHONES/Allowance Dispute.

The Bankruptcy Court determined that "[t]he claim amount for the [Holders of] PHONES [Notes Claims] should be $759,252,932 (known as the 'low PHONES Amount')."[22,23]

### 2. PHONES/OPC Dispute and EGI-TRB/OPC Dispute.

With respect to the PHONES/OPC Dispute and EGI-TRB/OPC Dispute, the Bankruptcy Court ruled that "[t]he Third Amended Plan's equal treatment of the Senior [Noteholder Claims] and the Other Parent Claims does not amount to unfair discrimination under Bankruptcy Code §1129(b)."[24]  In connection with this determination, the Bankruptcy Court also concluded that the Swap Claim constitutes both "Senior Indebtedness," as defined by the PHONES Notes Indenture, and "Senior Obligations," as defined by the EGI-TRB Subordination Provisions.  However, based upon its unfair discrimination ruling, the Bankruptcy Court concluded that it need not decide whether the Retiree Claims or any other category of Other Parent Claims falls within the foregoing definitions of "Senior Indebtedness" and "Senior Obligations."  Accordingly, in light of the Bankruptcy Court's ruling, the classification and treatment of the Holders of the Other Parent Claims under the Fourth Amended Plan need not be adjusted in order to satisfy the applicable requirements of the Bankruptcy Code.

### 3. PHONES/EGI-TRB Priority Dispute.

---

[20] See Allocation Disputes Order.

[21] In addition to the allocation rulings set forth in this Section V.C., in the Allocation Disputes Order, the Bankruptcy Court also determined that "[t]he subordination provisions in the PHONES Indenture are applicable to distributions of the Settlement Proceeds and the Creditors' Trust proceeds." See Allocation Disputes RulingOrder.  As noted above, because the Fourth Amended Plan eliminates the Creditors' Trust, the Allocation Disputes discussed in this Supplement do not include any disputes regarding the allocation of distributions from the Creditors' Trust.  See supra note 16.  In addition, and also as noted above, because Wilmington Trust Company did not prosecute the PHONES/Settlement Dispute in connection with the Allocation Dispute hearings before the Bankruptcy Court, the Allocation Disputes discussed in this Supplement do not include the PHONES/Settlement Dispute.  Id.

[22] See Allocation Disputes Order.

[23] Consistent with the Allocation Disputes Ruling and the Stipulation by and among the Debtors, Aurelius Capital Management, Wilmington Trust Company, as Successor Indenture Trustee for the PHONES, Barclays Bank PLC, and Waterstone Capital Management, L.P. on Certain Facts Relevant to the Allocation Disputes and the Determination of the Allowed Amount of the PHONES Claim [Docket No. 11016], under the Fourth Amended Plan, the PHONES Notes Claims shall together be deemed Allowed in the amount of $759,252,932.01 plus unpaid interest that accrued prior to the Petition Date (i.e., between November 15, 2008 and December 8, 2008).

[24] Id.

15

### A.    Distributions to MSCS.

Section 3.2.5(c) of the Fourth Amended Plan clarifies that, with respect to distributions to be made to Holders of Senior Noteholder Claims pursuant to section 3.2.5 of the Fourth Amended Plan, Reorganized Tribune shall (a) withhold the amount of any consideration allocable to the Senior Noteholder Claims held by Morgan Stanley Capital Services Inc. and its Affiliates and Related Persons of such entities, including, without limitation, Morgan Stanley & Co., Inc (collectively, "MSCS") and (b) hold such amount in a reserve pending a determination of the allowance of  MSCS' s Senior Noteholder Claims and MSCS's entitlement to such distributions.  If the Senior Noteholder Claims held by MSCS are disallowed or MSCS is otherwise found not to be entitled to such distribution, then the consideration that would otherwise be distributed to MSCS on account of its Senior Noteholder Claims shall instead be distributed to the other Holders of Allowed Senior Noteholder Claims as set forth in Section 3.2.5(c) of the Fourth Amended Plan.

### B.    Subrogation Rights.

Section 5.8.2 of the Fourth Amended Plan has been modified to clarify that the PHONES Notes Indenture shall continue in effect to the extent necessary to allow the Holders of PHONES Notes to assert any subrogation rights that such Holders may have under section 14.06 of the PHONES Notes Indenture.

### C.    Payment of Indenture Trustee Fees.

Section 5.8.2 of the Fourth Amended Plan has been modified to provide that, if any applicable Indenture Trustee timely asserts a Claim for fees, costs, or expenses in the Chapter 11 Cases and such Claim becomes an Allowed Claim, such Allowed Claim shall receive the treatment specified for the applicable Class of Claims pursuant to the Fourth Amended Plan.

### D.    Participation in the Step Two/Disgorgement Settlement.

For the avoidance of doubt, Section 5.15.1 of the Fourth Amended Plan provides that any of the Step Two Arrangers and current or former Senior Lenders or Bridge Lenders that received any principal, interest or fees under the Bridge Loan Agreement or under the Senior Loan Agreement in respect of the Incremental Senior Loans prior to the Petition Date (each, a "Potential Step Two Disgorgement Defendant") that elected to participate in the Step Two/Disgorgement Settlement in accordance with the procedures set forth in the form of Exhibit 5.15.1(2) attached to the Second Amended Plan shall be deemed to have elected to participate in the Step Two/Disgorgement Settlement in connection with the Fourth Amended Plan except to the extent that any such party shall have delivered to the Debtors a notice revoking such election on or before the first day of the Confirmation Hearing.  Any Potential Step Two Disgorgement Defendant that did not elect to participate in the Step Two/Disgorgement Settlement in connection with the Second Amended Plan may elect to participate in the Step Two/Disgorgement Settlement in connection with the Fourth Amended Plan in accordance with the procedures set forth in Exhibit 5.15.1(2) attached to the ~~Second~~Fourth Amended Plan at any time on or before the first day of the Confirmation Hearing or such later date as may be agreed to by the Step Two Arrangers.

### E.    Distribution of New Common Stock and New Warrants.

used consistently by the Litigation Trust, the Litigation Trustee, and the Litigation Trust Beneficiaries for all U.S. federal income tax purposes, including for purposes of determining tax basis and gain or loss.

I.  **Litigation Trust Advisory Board**.

Section 13.3.1 of the Fourth Amended Plan has been modified to provide that the Litigation Trustee will be identified as soon after the Plan Supplement filing date as a majority of the parties who will be the initial members of the Litigation Trust Advisory Board inform the DCL Proponents of their selection of the Litigation Trustee; provided, however, the Litigation Trustee shall (a) have no standing, and shall not appear or be heard, in the Chapter 11 Cases or any pending actions related to the Committee Complaints or the Disclaimed State Law Avoidance Claims prior to the Effective Date and (b) not be entitled to receive any reimbursement for its costs or expenses of any kind from the Debtors or Reorganized Debtors.  There shall be no more than three members of the Litigation Trust Advisory Board and the initial members shall be the members, consisting of (i) Wilmington Trust, (ii) Deutsche Bank and (iii) a member of the Creditors' Committee that are or represent beneficiaries will be a beneficiary of Litigation Trust Interests, including, without limitation, Deutsche Bank, Wilmington Trust Company and such other Person to be disclosed with the Plan Supplement, but excluding the Senior Loan Agent. Wilmington Trust and Deutsche Bank (or either of their successors as Indenture Trustee) shall each have the right to name a party to serve as its designee on the Litigation Trust Advisory Board; provided, however, that if such designee ceases for any reason to be a member of the Litigation Trust Advisory Board, then, so long as Wilmington Trust or Deutsche Bank, as applicable, continue to serve as Indenture Trustee, it shall have the right to appoint a successor member of the Litigation Trust Advisory Board to replace its previous designee.  Each member of the Litigation Trust Advisory Board, including any designee, will be identified in the Plan Supplement.

Section 13.3.1 of the Fourth Amended Plan has also been modified to provide that the members of the Litigation Trust Advisory Board shall be compensated as set forth in a filing to be made by the DCL Proponents with the Plan Supplement.

J.  **Elimination of Creditors' Trust**.

In response to the objections of certain creditors, the Fourth Amended Plan eliminates the Creditors' Trust previously contemplated by Article XIV of the Second Amended Plan.  As a result of this modification, on the Effective Date, all Holders of Senior Loan Claims, Bridge Loan Claims, Senior Noteholder Claims, Other Parent Claims, EGI-TRB LLC Notes Claims, and PHONES Notes Claims shall retain any Disclaimed State Law Avoidance Claims that they may have under applicable law (i.e., such claims shall not be transferred to the Creditors' Trust).

The Creditors' Trust was originally conceived to provide a mechanism for pursuit of Disclaimed State Law Avoidance Claims after the Effective Date (via a trust to benefit individual creditors who voluntarily contributed their claims).  Following the expiration on December 8, 2010 of the Bankruptcy Code's statute of limitations for an estate representative to commence chapter 5 avoidance actions, on April 25, 2011, the Bankruptcy Court entered an order ruling that individual creditors had regained the right, if any, to prosecute Disclaimed State Law Avoidance Claims.  [Docket No. 8740].  Subsequently, on May 4, 2011, the Committee disseminated a notice (the "SLCFC Notice") to all of the Debtors' creditors informing them that individual creditors could pursue Disclaimed State Law Avoidance Claims and that the statute of limitations may expire as early as June 4, 2011.