EXHIBIT A — Case 08-13141-BLS *[handwritten: Reply to Bill of our 04/26/12 Claim against the Chicago Tribune et al. Still pending in Federal Court in DC and the US District Court in Maryland]*

At the U.S. Appeals Court
For The District of Columbia

David Kissi et al        Petitioners )
)
v.                                                    )     Case # 09-5277
United States Small Business )
Administration (SBA) et al     Respondents )

*[handwritten: See p 6 for the other Defendants]*

Supplement To Appeal Brief Reinforcing Petitioners' Argument To Retain
The District of Columbia As An Impartial Forum Not The 4th Circuit To
Resolve This Matter

I. That as previously stated, this Court has jurisdiction pursuant to 28 USC § 1391(3) because the Petitioners and Respondents either live or work in the District of Columbia.

II. That this Court is a more impartial forum than all the Federal Courts combined in Maryland in the sense that the unconstitutional rulings and activities of Federal Judge Peter J. Messitte of Greenbelt, MD disenfranchised the Kissis' Due Process and Equal Protection Rights over there. This is because they are Black pro se Petitioners who have decided to push back against Judge Messitte and his White judicial friends. All began back in 2004 when Judge Messitte presiding over a civil proceeding initiated by Pramco II LLC et al, a New York Mortgage Investor, against the Petitioners, he abruptly sold off the Petitioners' $3 million worth of assets and real estate at a few cents on the dollar to pay off Pramco's fraudulent debt of $855,000 for a debt that wasn't more than $155,000 to start with at a time when Judge Messitte knew Pramco had no claim to start with at all. For proof see PJM03-2241 Record at the Federal Court in Greenbelt, MD.

III. That to show there was a conflict of interest, the same Judge Messitte who sold off the Petitioners' assets and then cited them for contempt for violating an Injunction that Federal Rule 65(c) asserted wasn't operable because it didn't have a cash bond behind it, the same Judge Messitte handpicked Christopher Mead, as a Special Prosecutor instead of the U.S. Attorney for Maryland to prosecute the Petitioners for criminal contempt just on the grounds that the Petitioners had dared to confront Pramco to prove its claim. Judge Messitte had resorted to this shakedown and then proceeded to block Petitioner and his spouse's attempt to transfer all the Pramco proceedings from his courtroom to the bankruptcy courtroom of Judge E. Stephen Derby. See pp. 78-107. And at the subsequent criminal contempt trial, even though the Petitioners had counsel, Judge Messitte directly negotiated over a plea with them instead of through their attorneys, an intrusion that caused the Petitioner and his spouse to withdraw their plea in 11/2006. See pp. 6-107.

IV. That Assistant U.S. Attorneys Sarah Wilkerson, Jonathan Biran, Barbara Sale and Assistant U.S. Trustees Mark Neal and Katherine Levin and FBI Agent Thomas Simons sought to retaliate against Kissi by summarily having him locked up pretrial from 5/25/05 through 10/2005 after Kissi complained that Judge Messitte had a hidden interest in Pramco's fraudulent claims proceedings and that he should recuse himself as Judge E. Stephen Derby, a federal Bankruptcy Judge in Baltimore, MD had recused himself after Kissi leveled a similar conflict of interest charges against Judge Derby. See p. 254. But Judge Messitte didn't want to recuse himself and he still handles Kissi' matters even after testifying against D. Kissi as a government witness on 8/2/2006 where he committed perjury, but nonetheless a confused jury convicted Kissi. See the transcript of Judge Messitte's testimony on the Record of case # 05-cr-00254 and pp. 28-63.

V. That Rod J. Rosenstein, USA of Maryland and his staff: S. Wilkerson, J. Biran and B. Sale, all White Assistant U.S. Attorneys maliciously sought to deprive Kissi of his Due Process as a Black defendant by not properly following procedure in their glee to have Kissi indicted in a 9 Count Indictment by a Federal Grand Jury even though the Federal Rule Book says that a Defendant charged with an unresolved criminal contempt shouldn't be at the same time charged by a Federal Grand Jury until the criminal contempt charges are resolved. See USCA Const. Amend 5; 18 USCA § 401, In re: Oberhellman, 748 F. Supp. 1344, reversed U.S. v. Oberhellman, 964 F.2d 50. But this did not mean anything to Prosecutor R.J. Rosenstein and his staff for they went ahead and asked the Grand Jury to indict Kissi anyway. In other words, when the Grand Jury indicted Kissi on or about 2005, Judge Messitte's contempt charges of 5/2005 for violating Pramco's Injunction were still outstanding. Thus, the application of the above statute should invalidate Kissi' conviction on 8/4/2006 and it strengthens his charge against these judicial officers for Retaliating and Oppressing him because he is Black and were malicious on behalf of Judge Messitte. But even such simple reversal cannot be done in Maryland because of bias.

VI. And that another complaint against the above officers is given birth by newly discovered evidence that Pramco did not have a marketable title or the original mortgage notes of our Howard County commercial properties whose notes Pramco had purchased from the co-guarantor, the U.S. Small Business Administration (SBA). And it should be noted further that Pramco never recorded the SBA assignments of the said mortgage notes including the Kissis' at the Land Records of Howard County. But Pramco had obtained a defective Preliminary Injunction to enforce collection of a judgment it wasn't entitled to. Now, if this Court were to grant this motion to reverse, a Certified Title Search to disprove Pramco's claim will be presented at a jury trial and will pave the way for the Kissis to

recover their stolen assets and then seek damages from the Respondents for breaching Petitioners' 1st, 4th, 5th, 6th, 7th and 14th Amendment Rights over debt collection.

VII. That at a subsequent federal trial, the same Judge Messitte got off the bench on 8/2/2006 and testified against Kissi as a government witness over charges of Kissis' obstruction of justice and violation of an Injunction. Even though Federal Rule 605 says that a judge cannot try his own case, however, a confused jury disregarded this and Judge Messitte's perjury he committed and rather had Kissi convicted and summarily thrown into jail for 30 months and 3 years probation on top of $40,000 court fines and assessments. See the Record of Kissis' case # 05-cr-00254 Federal Court in Baltimore, MD. See pp. 23-27.

VIII. Further, it should be noted that Judge Messitte, still not happy with his unconstitutional reasonings, wrote Federal Judges Sara Loi and John Adams of Ohio to transfer to him some Pramco related claims Kissi was pursuing in the 6th Circuit to seek Relief and Remedy and at least a hearing in Ohio Federal Court about newly discovered evidence that emerged that Pramco didn't have a marketable title to have seized or foreclosed on the Kissis' assets. However, when Judge Messitte finally received the cases, he summarily tossed them out. See pp. 6-16 from the trial transcript where Judge Messitte said that after Kissi's trial was over; he won't have anything to do with the Kissis anymore. So his subsequent actions and correspondence with Ohio Judges amount to perjury. See pp.28-29 for Judge Messitte's letters to the Ohio Judges and his summary dismissal of same when those Kissi claims were sent to PJM for review from Ohio.

IX. That FBI Agent Thomas Simons' hostility and FBI role as a debt collector for Pramco contributed in part to make Maryland's judiciary hostile to the Kissis. Even Kissi' letters to Simons' Boss FBI Director R.S. Mueller citing that Simons had suborned perjury when he arrested Kissi on 5/25/2005 with a false Affidavit in support of a warrant were ignored. See pp. 116.

X. That a select group of Maryland and 4th Circuit dishonorable lawyers that were so adversely influenced by the above Maryland Federal Judicial Officers' hostility such that some were scared to represent the Kissis. But others like R. Schwartz, P.R. Kramer and F.W. Bennett took the Kissis' Retainer and never performed. In fact, the late F.W. Bennett refused to be fired and caused Kissi to be convicted. See pp. 117-194 Kissi' complaints against dead beat Maryland lawyers.

XI. So given all the dark cloud that have been cast by Judge Messitte et al, Petitioners in both inside all Federal courtrooms in the 4th Circuit and among even private attorneys have no choice but to seek Relief and Remedy in neutral Federal Courts in D.C. for every Federal Judge in the 4th Circuit did show bias against the Kissi among them Federal Judges Joseph R. Goodwin West Virginia, Alexander Williams and Roger Titus of Greenbelt, MD, who according The Washington Post newspaper is a high

school buddy of Judge Messitte, Benson Legg of Baltimore and even the then Chief Judge Karen Williams of the 4th Circuit and the Judicial Counsel all have sided with PJM's maliciousness and violations of 28 USC § 455 and 144 and 28 USC § 351(a) and have deprived the Kissis, an African American family, of their right to a fair hearing and Civil Rights in all 4th Circuit Federal forums. Even Kissi's spouse's claim for $1.2 million against their own DK&R Chapter 7 Estate was also denied for no reason at all by Federal Judge E.S. Derby. Thus, it will be impossible for Kissi et al to get a fair hearing even on the newly discovered evidence of Pramco's fraud anywhere in a Federal Court in the 4th Circuit. Even the SBA, the Kissis' mortgage loans co-guarantor, is now saying it never gave any marketable or clear Title or Assignments to Pramco II LLC et al when it resold the Kissis' mortgage loans to Pramco in the secondary market therefore Pramco couldn't have filed any claims against the Petitioners et al anywhere. See attached supporting documents to this Supplement. In fact, in a similar ruling where Massachusetts overruled United National Bank Association et al and in another case in Ohio Federal Court, Judge Kathleen O'Malley ruled for the borrowers similarly situated as the Kissis. But even such a favorable development cannot be fairly heard anywhere in a Federal forum in the 4th Circuit.

XII. Also, this Court should not overlook Judge Messitte's pledge to sanction the Kissis when Kissi' criminal case is finally resolved. No doubt Judge Messitte is bent to sanction especially Kissi over alleged violations of an Injunction that he had issued for the sole purpose to help Pramco collect a fraudulent debt and even though that Injunction has already died, Judge Messitte is still inclined to torment the Kissis out of malice. So upon review, this court should reverse the lower court Order to transfer this case to Maryland and remand this case to the U.S. District Court for D.C. for a jury trial and assign it to an impartial judge other than bias Judge Walton as was done in the unrelated case of U.S. v. Microsoft, 53 F.3d 568.

XIII. That this Court should also take into consideration that Kissi has never filed a frivolous court claim anywhere and that he is not pursuing this matter to waste time, cost or to create confusion. In fact, this same court did rule for him in an unrelated case Kissi v EMC et al. See case # 09-7077 and its Mandate. Also enclosed on pp 225 – 252 are extracts of some favorable court rulings on behalf of the Kissis.

XIV. That this Court should also appoint Kissi competent counsel because it is a derivative of a criminal matter and he is allegedly deemed to participate in the CJA program. See p. 217. And that it's likely Kissi will prevail in this case and he has done all what he can to get an honest, competent counsel without avail to the tune of shelling out about $700,000 in legal fees. See p. 257. This Court should also base its consideration for counsel on grounds that Judge Messitte refuses to release the net residue

4

of funds in Petitioners' Federal Trust Escrow Account to the Kissis, who are the rightful beneficiaries, to retain competent counsel.

In conclusion, now since the U.S. District Court for D.C. failed to do any finding of facts before moving to transfer this case to Maryland, this Court should remand this case back to the same U.S. District Court for D.C. to do finding of facts pursuant to Federal Rules 52(a) and 59(2) to afford it the opportunity to consider at least first a partial summary judgment against the Respondents, the Department of Justice and Harley Lappin the former Director of the Federal Bureau of Prisons. This is because what Lappin recently admitted in a court in a Plea Agreement over a DUI indictment in Anne Arundel County in Maryland did blame his impaired state of mind that adversely affected the Civil Rights of Federal Defendants like Kissi who under Lappin's tenure was kept on the isolation wing of Federal Prison in Ohio for over 6 months for no legitimate reason at all. Apparently Lappin had sought to deprive Kissi of his Civil and Equal Protection Rights while acting as a proxy for Judge Messitte, the FBI et al. See pp. 258-265 hereby enclosed.

That it is reiterated for the 10th time that this case shouldn't be sent to any 4th Circuit Federal Court for the Petitioners have general fear that their case will fall into Judge Messitte's hands who will more likely not consider any of the newly discovered evidence that has come up since Kissi' conviction. In fact, the U.S. District Court for D.C. is an impartial forum to review the recent Certified Title Searches which disprove Pramco's fraudulent claim of $855,000 against the Kissis et al. And another newly discovered evidence over the death of a Judge Messitte Injunction and the State of Maryland's correction of Kissi's public record that prior to U.S. v. Kissi in #05-cr-00254 Kissi had no criminal record, thus, upon review by the U.S. District Court for D.C. it's likely Kissi's stiff sentence Judge J.R. Goodwin of West Virginia had imposed on him on 8/10/2007 would be corrected or even the Judgment of Conviction could be set aside despite the verdict. See pp. 196-201. In fact, none of the above should be heard in any 4th Circuit Federal forum given their local bias against the Kissis.

Respectfully Submitted by: _____ 9/8/2011

David Kissi, Petitioner et al
325 Pennsylvania Ave SE DC 20003
202-675-6365 (Bus. hrs 8AM-5PM)

Certificate of Service

That on this day of 9/8/2011 Petitioners did send copies of this Supplement to all opposing parties at their last known addresses including:
1. Attorney General of the USA, Eric Holder 950 Pennsylvania Ave, NW, Washington, DC.
2. Donald Viterrelli, Solicitor General of the U.S., 950 Pennsylvania Ave, NW, Washington, DC
3. Ronald C. Machen, U.S. Attorney for D.C., 550 4th St NW, Washington, DC

_____
David Kissi

The Washington Post
1150 15th St, NW
Washington, DC 20071
and
Samuel Zeller
Chicago Tribune
435 N Michigan Ave
Chicago, IL 60611
and
Timothy R. Ryan, Publisher
The Baltimore Sun
7 Saint Paul St
Baltimore, MD 21202
and
The Washington Times
3600 New York Ave NE
Washington, DC 20002
and
Wendy and Rupert Murdock
NewsCorp
1211 Avenue of Americas, 8th Floor
New York, NY 10036
and
Roll Call, Capitol Hill
50 F St NW
Washington, DC 20001
and
The New York Times
Arthur Ochs Schulzberger
122 5th Avenue
New York, NY 10011
and
Riggs Hill Condo c/o: Hugh Hardesty Jr.
10630 Riggs Hill Rd, Unit V
Jessup, MD 20794

*[handwritten annotation: 18 USC 1951, 1957]*

**Claim for $1 Billion For
Malicious Use of Process in Pursuit of Helping Pramco II, LLC Collect On Its False Claims And Open Violations of 28 USC § 455, 18 USC § 1341, 1343, 1512, 1513, 1951, 1952, 1957, 242, 245(b)(1)(E) and 245(b)(2)(B) for Organized Racketeering To Steal the Assets of Plaintiff et al and Deprive Them of Their Civil Rights Pursuant to 42 USC § 1983 and 1985**

That the Plaintiff asserts that he is proceeding pro se and hence has no legal training in filing motions and complaints. And for that matter, this court should liberally treat this amended complaint for $1 Billion nominal judgment with the leave of the Court consistent with previous U.S. Supreme Court rulings in Haines and Kerner, 404 U.S. 519, 30 L Ed 2d 62 1972; Cruz v. Beto, 405 U.S. 319 (1972); Lawler v. Marshall, 898 F.2d 1196 (6th Circuit 1990); and Hill v. U.S., 368 U.S. 424, 430 (1962).