# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: ) | Chapter 11 Cases |
| ) | |
| TRIBUNE COMPANY, et al., ) | Case No. 08-13141 (KJC) |
| ) | (Jointly Administered) |
| Debtors. ) | |

## MOTION FOR LEAVE TO APPEAL
## BANKRUPTCY COURT'S DECISION ON ALLOCATION DISPUTES

SULLIVAN HAZELTINE ALLINSON LLC
William D. Sullivan (I.D. No. 2820)
Elihu E. Allinson, III (I.D. No. 3476)
901 N. Market Street, Suite 1300
Wilmington, DE 19801
302-428-8191

and

BROWN RUDNICK LLP
Robert J. Stark
Martin S. Siegel
Gordon Z. Novod
Seven Times Square
New York, NY 10036
212-209-4800

*Counsel for Wilmington Trust Company, solely in its capacity as successor Indenture Trustee for the PHONES Notes*

Dated: April 23, 2012

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................1

SUPPLEMENTAL STATEMENT OF RELEVANT FACTS ............................................4

STATEMENT OF ISSUES ON APPEAL .......................................................................5

ARGUMENT..................................................................................................................5

    I. The Allocation Disputes Decision Is Appealable as of Right .............................5

    II. If the Allocation Disputes Decision is Not Appealable as of Right, this
        Court Should Grant Wilmington Trust Leave to Appeal..................................6

CONCLUSION...............................................................................................................8

Wilmington Trust Company ("*Wilmington Trust*"), in its capacity as successor Trustee pursuant to an indenture dated April 1, 1999 (the "*PHONES Indenture*," with the notes and holders of notes issued pursuant to the PHONES Indenture respectively referred to herein as the "*PHONES Notes*" and the "*PHONES Noteholders*"), by and between the Tribune Company ("*Tribune*" and with its debtor subsidiaries, the "*Debtors*"), by and through its undersigned counsel, pursuant to 28 U.S.C. § 158(a) and Bankruptcy Rules 8001, 8002 and 8003, respectfully submits this motion (the "*Motion*") for leave to appeal from the Order Regarding Allocation Disputes (the "*Allocation Disputes Order*") [D.I. 11338] and the Memorandum Regarding Allocation Disputes [D.I. 11337][1] (with the Allocation Disputes Order, the "*Allocation Disputes Decision*"), each entered in these cases on the 9th day of April 2012 by Judge Kevin J. Carey.

## PRELIMINARY STATEMENT

This appeal arises in connection with the interpretation of the subordination provisions of the PHONES Indenture and the resulting distribution of settlement consideration under a plan of reorganization scheduled for a June 7, 2012 confirmation hearing. At its core, this appeal is intimately connected to the pending appeal of the Bankruptcy Court's prior ruling concerning the interpretation of the subordination provisions of the PHONES Indenture.[2] The only difference

---

[1] True and accurate copies of the Allocation Disputes Order and Memorandum Regarding Allocation Disputes are attached, respectively, as Exhibit A and Exhibit B to the accompanying Declaration of William Sullivan, dated April 23, 2012 (the "*Sullivan Declaration*").

[2] On January 10, 2012, Wilmington Trust filed (i) a notice of appeal of the Reconsideration Order and Confirmation Opinion. That appeal is currently pending in the United States District Court for the District of Delaware. *See* Case No. 1:12-mc-00029-GMS (D. Del. 2012) ("*Wilmington Trust I*"). *Wilmington Trust I* is an appeal of the Bankruptcy Court's interpretation of the subordination provisions in the PHONES Indenture and application of that ruling to the distributions from the Litigation Trust to be created under the Second Amended Joint Plan of Reorganization [D.I. 8769], as amended (the "*DCL Plan*"). See Order Regarding Motions for Reconsideration of the Confirmation Opinion and Order (the "*Reconsideration Order*") [D.I. 10532] and the Memorandum on Reconsideration [D.I. 10531] (with the Reconsideration Order, the "*Reconsideration Decision*"); *see also* The Order Denying Confirmation of Competing Plans [D.I. 10134] and the Bankruptcy Court's Opinion on Confirmation, In re Tribune Co., No. 08-13141, 2011 WL 5142420 (Bankr. D. Del. Oct. 31, 2011) (the "*Confirmation Opinion*") [D.I. 10133], each entered in these cases on the 31st day of October 2011 by Judge Kevin J. Carey. True and accurate copies of the Reconsideration Order, Memorandum on

between this appeal and the pending appeal in *Wilmington Trust I* is the context in which the Bankruptcy Court applied its disputed interpretation of the PHONES Indenture. In *Wilmington Trust I*, the Bankruptcy Court applied its interpretation of the subordination provisions of the PHONES Indenture to recoveries from a litigation trust that will be established under the DCL Plan. In this appeal, Wilmington Trust appeals the Allocation Disputes Decision's application of the Bankruptcy Court's interpretation of the subordination provisions of the PHONES Indenture to the distribution of the proceeds of two settlements under the Fourth Amended DCL Plan, or any further amended plan.[3]

The connection between *Wilmington Trust I* and the Bankruptcy Court's Allocation Disputes Decision did not escape the Bankruptcy Court where it observed that it had previously decided in the Memorandum on Reconsideration "that the PHONES Notes' subordination provisions applied to any proceeds distributed by the Litigation Trust," but that "… no decision was made about applicability of the subordination provisions [contained in the PHONES Indenture] to distributions of the *Settlement Proceeds* or the *Creditors' Trust Proceeds*." Memorandum Regarding Allocation Disputes, pg. 7 (emphasis in original). In recognition that the Bankruptcy Court had already received substantial briefing and heard legal argument from the parties to the reconsideration motions in December 2011, Wilmington Trust did not re-argue the Bankruptcy Court's prior interpretation of the subordination of the PHONES Notes at the March 5-6, 2012 Allocation Disputes hearing. Rather, Wilmington Trust reserved its rights

---

Reconsideration, Confirmation Opinion and Order implementing the original Confirmation Opinion are attached, respectively, as Exhibit C, Exhibit D, Exhibit E and Exhibit F to the Sullivan Declaration.

[3] Wilmington Trust does not appeal the Court's determination that the PHONES Notes' subordination provisions are applicable to distributions of Creditors' Trust proceeds because the Creditors' Trust was eliminated from the current version of the Fourth Amended Joint Plan of Reorganization (the "*Fourth Amended DCL Plan*") [D.I. 11399] filed on April 17, 2012.

concerning the proper interpretation of the PHONES Indenture's subordination provisions for appeal in *Wilmington Trust I* and this appeal.

Accordingly, Wilmington Trust now appeals the Allocation Disputes Decision's application of the Court's prior interpretation of the subordination provisions of the PHONES Indenture to the proceeds of a settlement of Chapter 5 causes of action under the DCL Plan. The DCL Plan includes "two settlements known as the LBO Settlement and the Step Two Disgorgement Settlements (together, the "*DCL Plan Settlement*")." Memorandum Regarding Allocation Disputes, pg. 6 (citing In re Tribune Co., 464 B.R. 126, 152 (Bankr. D. Del. 2011) (internal footnote omitted). Moreover, this current appeal joins the issue with *Wilmington Trust I*'s appeal concerning the proper interpretation of PHONES Notes' subordination under the PHONES Indenture, and should be consolidated with it.

Wilmington Trust submits that it is entitled to appeal as a matter of right under 28 U.S.C. § 158(a)(1) as the Allocation Disputes Decision effectively and finally decided the merits of a key issue, namely the rights of the PHONES Noteholders to participate, on a *pari passu* and unsubordinated basis, in recoveries from the proceeds of the DCL Plan Settlement. By applying the Bankruptcy Court's prior interpretation of the subordination of PHONES Notes to the proceeds of the DCL Plan Settlement, the Bankruptcy Court finally determined the rights of PHONES Noteholders *vis-à-vis* other creditors with respect to that issue. Accordingly, leave to appeal is not required, and this Court need go no further than that. Wilmington Trust nevertheless submits this Motion out of an abundance of caution in the event that the District Court determines that the Allocation Disputes Decision is interlocutory in nature, thereby requiring leave to appeal under Bankruptcy Rule 8003(a).

Even if the Allocation Disputes Decision and the underlying Reconsideration Decision are not appealable as of right, Wilmington Trust should be granted leave to appeal because: (a) the Allocation Disputes Decision and the underlying Reconsideration Decision raise controlling questions of law; (b) there are substantial grounds for difference of opinion about those questions of law; and (c) an immediate appeal would materially advance the litigation, giving clarity to the ultimate confirmability of the Fourth Amended DCL Plan, or any further amended plan.

## SUPPLEMENTAL STATEMENT OF RELEVANT FACTS[4]

On January 10, 2012, *Wilmington Trust I*, and the related motion for leave to appeal were filed. *See Wilmington Trust I*; Wilmington Trust's Motion for Leave to Appeal Bankruptcy Courts Decision on Subordination [D.I. 10582]) (the "*First Motion for Leave to Appeal*"). On January 24, 2012, the DCL Plan Proponents, Law Debenture Trust Company of New York, Deutsche Bank Trust Company Americas, and Aurelius Capital Management, L.P. objected to Wilmington Trust's First Motion for Leave to Appeal. [D.I. 10690, 10702, 10703].[5] On January 31, 2012, Wilmington Trust filed a Reply in Further Support of its First Motion for Leave to Appeal the Bankruptcy Court's Decision on PHONES Subordination. [D.I. 10790] (the "*Reply*," and with the First Motion for Leave to Appeal, the "*Pleadings in Support of Leave to Appeal*.").[6]

At the same time in January 2012, the Bankruptcy Court agreed to resolve certain "Allocation Disputes." On January 24, 2012, the Bankruptcy Court entered an order establishing a discovery and briefing schedule to adjudicate the Allocation Disputes (as defined therein). *See*

---

[4] Wilmington Trust incorporates by reference the facts set forth in the Pleadings In Support of Leave to Appeal as defined herein.

[5] Law Debenture Trust Company of New York ("*Law Debenture*") and Deutsche Bank Trust Company Americas ("*DBTCA*") are indenture trustees for various series of senior notes issued by Tribune Company and Aurelius Capital Management, L.P. ("*Aurelius*") is a holder of certain of such senior notes.

[6] A true and correct copy of the First Motion for Leave to Appeal and the Reply are attached, respectively, as Exhibit G and Exhibit H to the Sullivan Declaration.

Order Establishing Scheduling for (1) Resolution of the Allocation Disputes and (2) Consideration of the DCL Plan Proponents' Supplemental Disclosure Document, Solicitation Procedures Motion and Plan [D.I. 10692]. In accordance therewith, the parties engaged in discovery and submitted briefs on the Allocation Disputes. A hearing to consider the Allocation Disputes was held on March 5 and 6, 2012. On April 9, 2012, the Bankruptcy Court entered the Allocation Disputes Decision.

## STATEMENT OF ISSUES ON APPEAL

- Whether the Bankruptcy Court erred in holding that the subordination provisions under the PHONES Indenture apply to proceeds of a settlement of Chapter 5 causes of action against the Senior Lenders, the Bridge Lenders and the Step Two Arrangers under the Fourth Amended DCL Plan, as it may be amended.

## ARGUMENT

### I. The Allocation Disputes Decision Is Appealable as of Right

Since the Bankruptcy Court's ruling on the Allocation Disputes is rooted in the Bankruptcy Court's prior ruling in the Reconsideration Decision, Wilmington Trust incorporates by reference the legal standards and arguments set forth in its Pleadings in Support of Leave to Appeal filed in *Wilmington Trust I*, as it applies to Wilmington Trust's right to appeal the Allocation Disputes Decision.

By rendering the Allocation Disputes Decision, and therein applying its prior ruling concerning the applicability and extent of the PHONES subordination to the proceeds of a settlement of Chapter 5 causes of action arising in connection with Tribune's failed LBO against the Senior Lenders, the Bridge Lenders and the Settling Step Two Payees in respect of the DCL Plan Settlement, the Bankruptcy Court has finally ruled on the PHONES Noteholders' rights with respect to recoveries on the proceeds of such settlement proceeds. It is beyond serious dispute that the settlement of chapter 5 causes of action under the Fourth Amended DCL Plan is

5

a key element of that plan or any subsequently filed plan. Because a disputed interpretation of the PHONES subordination was applied to distributions of settlement proceeds in a final manner, the Allocation Disputes Order is thus a final order, and is appealable as of right.[7] Moreover, as Wilmington Trust's right to appeal the Bankruptcy Court's subordination decision as embodied in the Reconsideration Decision cannot be disputed, the only issue is the timing of the appeal of another application of the same disputed PHONES subordination interpretation. As the confirmation train rolls down the track, nether the DCL Plan Proponents, Law Debenture, DBTCA nor Aurelius can offer a legitimate reason to delay an appeal of yet another application of erroneous PHONES subordination interpretation. An immediate appeal will enhance the proceedings in the Bankruptcy Court insofar as a decision by this Court to reverse the Bankruptcy Court's Allocation Dispute Decision and Reconsideration Decision would be extremely relevant to the ultimate confirmation of any plan of reorganization. An immediate appeal will lend finality and certainty to any plan of reorganization confirmed by the Bankruptcy Court, and to the distributions that are made under any such plan.

## II. If the Allocation Disputes Decision is Not Appealable as of Right, this Court Should Grant Wilmington Trust Leave to Appeal

Wilmington Trust similarly incorporates by reference the legal standards and arguments set forth in its Pleadings in Support of Leave to Appeal filed in *Wilmington Trust I* concerning why this Court should grant leave to appeal, even if, *arguendo*, the Allocation Disputes Decision is not appealable as of right. Wilmington Trust submits that leave to appeal should be granted. Wilmington Trust believes that ample grounds exist to grant it leave to appeal the Allocation

---

[7] For the reasons discussed in its Motion for Leave to Appeal filed in *Wilmington Trust I*, Wilmington Trust believes that the collateral order doctrine provides an independent basis for hearing an immediate appeal. The issue is extraordinarily important to the PHONES Noteholders who will be unable to obtain effective review of the application of PHONES subordination to settlement consideration that will be distributed upon the effective date of the DCL Plan. Therefore, the collateral order doctrine also allows for immediate review of the Allocation Disputes Decision and the underlying Reconsideration Decision subject to *Wilmington Trust I*.

Disputes Decision. The Allocation Disputes Decision's implementation of the Reconsideration Decision involves multiple controlling questions of law.

The Bankruptcy Court's interpretation of the PHONES Indenture – specifically, whether subordination provisions apply to recoveries from the Debtors' estates' settlement of Bankruptcy Code chapter 5 causes of action – is a legal question that finally determines the rights of the PHONES Noteholders *vis-à-vis* other creditors, and was decided by the Bankruptcy Court as a matter of law. This question is a controlling question of law.

Second, there are substantial grounds for difference of opinion on the relevant legal questions concerning the proper interpretation of the PHONES subordination, as addressed more fully in Wilmington Trust's Pleadings in Support of Leave to Appeal filed in *Wilmington Trust I*. The interpretation of PHONES subordination and its subsequent application to distributions of settlement consideration from the settlement of Chapter 5 causes of action raises a novel question of law. This ruling, like that in *Wilmington Trust I*, raises issues that have not been squarely addressed by prior caselaw, and represent an important issue – the resolution of which will determine if the PHONES Notes receive a distribution from the settlement consideration.

Third, an immediate appeal will materially advance the ultimate termination of the litigation. As addressed more fully in Wilmington Trust's Pleadings in Support of Leave to Appeal filed in *Wilmington Trust I*, leave to appeal should be granted when the other factors are present and an immediate appeal will materially advance the ultimate termination of the litigation. Here, deciding the controlling question of law will materially advance the ultimate resolution of the Debtors' bankruptcy cases and the litigation concerning the applicability and extent of the PHONES subordination. Resolution of this appeal will determine whether the PHONES Notes will receive and retain any portion of the settlement consideration distributed

under the DCL Plan.  Indeed, an immediate appeal is necessary to streamline further proceedings in the Bankruptcy Court.  The Bankruptcy Court has scheduled a confirmation hearing on the latest iteration of the DCL Plan to begin on June 7, 2012.[8]

## CONCLUSION

**WHEREFORE**, Wilmington Trust respectfully requests that this Court (A)(i) determine that the Allocation Disputes Order is a "final" order appealable as of right, or, in the alternative (ii) grant leave to appeal from the Allocation Disputes Order, (B) consolidate this appeal with *Wilmington Trust I*, and (C) grant such other and further relief as the Court deems just proper and equitable.

Dated:  April 23, 2012
       Wilmington, Delaware

SULLIVAN · HAZELTINE · ALLINSON LLC

*/s/ William D. Sullivan*
William D. Sullivan (I.D. No. 2820)
Elihu E. Allinson, III (I.D. No. 3476)
901 N. Market St., Suite 1300
Wilmington, DE 19801
Tel: 302-428-8191

-and-

BROWN RUDNICK LLP
Robert J. Stark
Martin S. Siegel
Gordon Z. Novod
Seven Times Square
New York, NY 10036
Tel: 212-209-4800

*Counsel for Wilmington Trust Company, solely in its capacity as successor Indenture Trustee for the PHONES Notes*

---

[8] See Order (I) Approving Supplemental Disclosure Document; (II) Establishing Scope, Forms, Procedures, and Deadlines for Resolicitation and Tabulation of Votes to Accept or Reject DCL Plan From Certain Classes; (III) Authorizing Tabulation of Prior Votes and Elections on DCL Plan Made by Holders of Claims in Non-Resolicited Classes; (IV) Scheduling the Confirmation Hearing and Establishing Notice and Objection Procedures in Respect Thereof; and (V) Granting Related Relief [D.I. 11419].

8