## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE
## SEVENTH QUARTERLY FEE APPLICATION OF ERNST & YOUNG LLP

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Seventh Quarterly Fee Application of Ernst & Young LLP* [Docket No. 8813] (the "**Fee Application**"). The Fee Application seeks approval of fees that total $194,780.00 and reimbursement of expenses that total $10.00 for the period from December 1, 2010 through

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

February 28, 2011. Ernst & Young LLP ("**E&Y**") provides valuation and business modeling and marketing survey services to the Debtors and Debtors in Possession.

**Background**

1.      On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**").    On December 10, 2008, the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") entered an order consolidating the Debtors' Chapter 11 cases for procedural purposes only.

2.      On June 5, 2009, the Debtors filed the *Application for an Order Authorizing Debtors to Retain and Employ Ernst & Young LLP to Provide (I) Valuation and Business Modeling Services and (II) Market Survey Services to the Debtors Pursuant to 11 U.S.C. §§ 327(a) and 1107, Nunc Pro Tunc to May 31, 2009* [Docket No. 1298] (the "**Retention Application**").    By order dated July 21, 2009, the Bankruptcy Court approved the retention of E&Y [Docket No. 1783] (the "**Retention Order**").    Four subsequent orders (collectively the "**Supplemental Retention Orders**") modified the scope of E&Y's engagement and/or authorized the firm to perform additional work on behalf of the Debtors.

3.      E&Y submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, (January 15, 2009) [Docket No. 225] (the "**Interim Compensation Order**").

**Applicable Standards**

4.      In light of the size and complexity of these Chapter 11 cases, the Bankruptcy Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

5.     The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6.     Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F)*.

7.     A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the

exercise of billing judgment is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

8.       The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Supplemental Retention Orders, the Interim Compensation Order, and all related filings and provided a Preliminary Report to E&Y for review and comment. Counsel for E&Y provided a written response to the Preliminary Report that included a spreadsheet of additional detail for certain fee entries. After evaluation and consideration of the additional information provided by E&Y, the Fee Examiner submits this Final Report for the Court's consideration. This Final Report is in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of the applicant meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2, and will also inform the Court of all proposed consensual resolutions of the fee and/or expense reimbursement request for the professional and the basis for such proposed consensual resolution.

## DISCUSSION OF FINDINGS

### Technical Requirements

9.       **Reconciliation of Fees and Expenses.** The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application (**"Fees Requested"** and **"Expenses Requested"**) to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm (**"Fees Computed"** and **"Expenses Computed"**). The Fee Application requested $190,605.00 in fees for hourly services and $4,175.00 in flat fees. The Fee Examiner recomputed the requested hourly fees by multiplying each timekeeper's total hours by the applicable hourly rate. For the flat fees, the Fee Application provided the total fee amount and the total hours billed. Using this information, the Fee Examiner calculated a blended hourly rate of $94.89 ($4,175.00/44.00 hours) for external

contractor Ginny McGee.[2]  The calculation of the blended hourly rate resulted in a discrepancy of $0.16 that is attributed to rounding.

The Fee Examiner determined that there is no discrepancy between the Expenses Requested and the Expenses Computed.  The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

10.    **Block Billing.**  The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*.  The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines ¶(b)(4)(v)*.[3]  E&Y timekeepers did not block bill time entries.

11.    **Time Increments.**  The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*.  The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*.  The Fee Examiner confirmed that E&Y recorded time entries in tenths of an hour.

12.    **Potential Double Billing.**  The Fee Examiner identified entries that may have been inadvertently duplicated.  On December 28, 2010, Scott J. Huennekens invoiced two separate entries with the identical narrative though different time amounts (0.80 hour and 1.20 hours).  The tasks were displayed in **Exhibit A**.[4]  The Fee Examiner asks E&Y to review the entries and confirm whether the

---

[2] The 44.00 hours stated in the Fee Application were then allocated between the two market surveys based on the total amounts billed for each survey.

[3] The judicial response to block billing varies.  Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007).  Across the board cuts range from five to 100 percent.  *See id.* at 495 n.7 and cases cited.

[4] This Final Report includes exhibits that detail and support the findings discussed herein.  Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit.

entries reflect separate time allocations devoted to the same project or whether the task were inadvertently billed twice.    In response to the Fee Examiner's request, the firm verified that the questioned entries reflected two separate and distinct time entries related to the same project.    Based upon this representation, the Fee Examiner makes no recommendation for a fee reduction, and omits Exhibit A from this report.

### Review of Fees

13.    **Firm Staffing.**    The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii).*    The Fee Application provided the names, positions, and hourly rates of the 13 E&Y professionals who billed to this matter, consisting of 1 executive director, 3 senior managers, 1 manager, 4 seniors, 3 staff/assistants, and 1 external contractor.    A summary of hours and fees billed by each timekeeper is displayed in **Exhibit B**.

The firm billed a total of 729.80 hours with associated fees of $194,780.16.[5]    The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Executive Director | 7.00 | * | $   3,675.00 | 2% |
| Senior Manager | 139.00 | 19% | 66,025.00 | 34% |
| Manager | 1.00 | * | 375.00 | * |
| Senior | 262.40 | 36% | 72,160.00 | 37% |
| Staff/Assistant | 276.40 | 38% | 48,370.00 | 25% |
| External Contractor | 44.00 | 6% | 4,175.16 | 2% |
| **TOTAL** | 729.80 | 100% | $194,780.16 | 100% |

* Less than 1%

---

The tasks included in a specific category are underlined in the fee exhibits.    For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

[5] This amount reflects the Fees Computed.

The blended hourly rate for the E&Y timekeepers (excluding the flat fee) is $277.93.

14.    **Hourly Rate Increases.**    E&Y did not increase the hourly rate of any timekeeper during this interim period.

15.    **Timekeepers' Roles.**    A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4).* With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts. On the whole, each E&Y timekeeper appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals. However, while the Fee Examiner recognizes that certain professionals or paraprofessionals have specialized knowledge or expertise and may be called upon to provide services to the case on a limited basis, it appears that some of the professionals had minimal involvement in the case and billed for activities that may have been performed by other timekeepers or timekeepers billing at a lower rate. The fee entries for the questioned timekeepers, totaling 15.80 hours with $4,905.00 in associated fees, were displayed in **Exhibit C** to the Preliminary Report. Pending explanation from the firm, the Fee Examiner intends to recommend a fee reduction resulting from unnecessary or duplicative timekeepers.

The firm responded by producing a spreadsheet that explained in detail the necessity and purpose of the tasks performed by the questioned timekeepers. After consideration of the firm's response, the Fee Examiner makes no recommendation for a fee reduction. Exhibit C is omitted from this report.

16.    **Meetings, Conferences, Hearings, and Other Events.**    The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" (*Local Rule 2016-2(d)(ix)*), and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines*

*¶(b)(4)(v)*.  While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified occasions where two or more E&Y timekeepers attended the same meeting, conference, hearing, or other event.  Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees.   The entries, totaling 56.80 hours with $21,100.00 in associated fees, were displayed in **Exhibit D** to the Preliminary Report.   In each instance where multiple timekeepers attended a meeting, conference, hearing, or other event, the Fee Examiner identified the timekeeper who appeared most responsible for the matter or the particular event.   The potentially duplicative and unnecessary timekeepers' entries total 30.10 hours with $8,357.50 in associated fees, and are highlighted in bold and marked with an ampersand [&] in the exhibit.  The Fee Examiner requests that the firm provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event.

E&Y responded to the Preliminary Report with an extensive spreadsheet which contained the additional information and detail required by the Local Rules and UST Guidelines.  After review and consideration of the exhibit, the Fee Examiner makes no recommendation for a fee reduction. Exhibit D is omitted from this report.

17.     **Intraoffice Conferences.**  Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel.  The Fee Examiner identified billing activities by E&Y timekeepers describing intraoffice conferences totaling 9.10 hours with $3,422.50 in associated fees, or less than 2% of the Fees Computed.  The Fee Examiner makes no recommendation for a related fee reduction.

18.     **Complete and Detailed Task Descriptions.**  Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any

portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*. The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*. E&Y timekeepers sufficiently described the services performed.

19.    **Administrative Activities.** Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. The Fee Examiner identified no fee entries describing administrative activities.

20.    **Clerical Activities.** Clerical activities are tasks that may be effectively performed by administrative assistants, secretaries, or support personnel[6] or support tasks with a market value less than the rate charged by the firm. The Fee Examiner identified no clerical activities in the Fee Application.

21.    **Travel.** The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*. The Fee Examiner did not identify any fee entries that contained travel time.

---

[6] "Duties appropriate for office staff are considered part of a professional's overhead expenses and may not be billed to the estate." *Fibermark*, 349 B.R. at 397; *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758 769 (Bankr. E.D.N.Y. 2005) (overhead not compensable); *but see Bennett Funding*, 213 B.R. at 247-48 (discussing differing approaches to clerical work at professional rates). These overhead activities may include: mailing; photocopying, word processing (including the creation of templates), formatting, creating spreadsheets, printing, organizing files, checking for docket updates, creating binders, and secretarial overtime. *Fibermark*, 349 B.R. at 396-97.

22.    **E&Y Retention/Compensation.**   E&Y billed 97.00 hours with associated fees of $16,975.00 to prepare the firm's retention/compensation documents, approximately 9% of the Fees Computed.   The fee entries describing E&Y's retention/compensation activities are displayed in **Exhibit E**, which is included in the Final Report for the Court's reference.

### Review of Expenses

23.    **Itemization of Expenses.**   The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii).*   The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.   Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii).*   E&Y provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.   The Fee Examiner found no non-compliant or otherwise objectionable expense items.

### CONCLUSION

The Fee Examiner submits this final report regarding the Fee Application and the fees and expenses discussed above.   The Fee Examiner recommends the approval of fees in the amount of $194,780.00 and approval of expenses in the amount of $10.00 for the period from December 1, 2010 through January 28, 2011.   The findings are set forth in the summary on the following page.

Respectfully submitted,

**STUART MAUE**

By: _____

    John F. Theil, Esq.
    3840 McKelvey Road
    St. Louis, Missouri 63044
    Telephone: (314) 291-3030
    Facsimile: (314) 291-6546
    tribunebkr@smmj.com

*Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 27th day of April, 2012.

David Klauder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
William E. Chipman Jr., Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard,
P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Matthew Howley, Esq.
Ernst & Young LLP
155 North Wacker Drive
Chicago, IL 60606

John F. Theil, Esq.

-12-

### SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL
### COMPUTED AT STANDARD RATES
### Ernst & Young

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| JMAS | Mason, Jon S. | EXEC DIRECTOR | $525.00 | $525.00 | 7.00 | $3,675.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $525.00 | | 7.00 | $3,675.00 |
| | | | | | % of Total: 0.96% | % of Total: 1.89% |
| BVEN | Venisnik, Bradley J. | SENIOR MANAGER | $475.00 | $475.00 | 125.20 | $59,470.00 |
| GBOT | Botts, Guy S. | SENIOR MANAGER | $475.00 | $475.00 | 11.00 | $5,225.00 |
| JPUT | Putnam, Joshua Eric | SENIOR MANAGER | $475.00 | $475.00 | 2.80 | $1,330.00 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $475.00 | | 139.00 | $66,025.00 |
| | | | | | % of Total: 19.05% | % of Total: 33.90% |
| MKEA | Kearns, Michael Ryan | MANAGER | $375.00 | $375.00 | 1.00 | $375.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $375.00 | | 1.00 | $375.00 |
| | | | | | % of Total: 0.14% | % of Total: 0.19% |
| JKNI | Knightly, James Charles | SENIOR | $275.00 | $275.00 | 251.40 | $69,135.00 |
| PLUC | Luc, Piotr | SENIOR | $275.00 | $275.00 | 4.00 | $1,100.00 |
| TVES | Vescovi, Anthony Adam | SENIOR | $275.00 | $275.00 | 4.00 | $1,100.00 |
| YTON | Tong, Yuet Fong | SENIOR | $275.00 | $275.00 | 3.00 | $825.00 |
| | No. of Billers for Position: 4 | Blended Rate for Position: | $275.00 | | 262.40 | $72,160.00 |
| | | | | | % of Total: 35.96% | % of Total: 37.05% |
| SHUE | Huennekens, Scott J. | STAFF/ASSISTANT | $175.00 | $175.00 | 178.40 | $31,220.00 |
| NROD | Rodriguez, Nancy Walton | STAFF/ASSISTANT | $175.00 | $175.00 | 97.00 | $16,975.00 |
| JHAR | Harig, James Michael | STAFF/ASSISTANT | $175.00 | $175.00 | 1.00 | $175.00 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $175.00 | | 276.40 | $48,370.00 |
| | | | | | % of Total: 37.87% | % of Total: 24.83% |
| GMCG | McGee, Ginny | EXT CONTRACTOR | $94.89 | $94.89 | 44.00 | $4,175.16 |

EXHIBIT B

### SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL
### COMPUTED AT STANDARD RATES
### Ernst & Young

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|----------|------|----------|--------------|--------------|----------------|---------------|
| | No. of Billers for Position: 1 | Blended Rate for Position: | $94.89 | | 44.00 | $4,175.16 |
| | | | | | % of Total: 6.03% | % of Total: 2.14% |
| | Total No. of Billers: 13 | Blended Rate for Report: | $266.90 | | 729.80 | $194,780.16 |

EXHIBIT E
E&Y RETENTION/COMPENSATION
Ernst & Young

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Rodriguez, N | 97.00 | 16,975.00 |
| | 97.00 | $16,975.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee/Employment Applications | 97.00 | 16,975.00 |
| | 97.00 | $16,975.00 |

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | DESCRIPTION |
|------|-----------------|-------------|-------|------|-------------|
| 12/02/10 Thu | Rodriguez, N 201012-160/124 | 4.70 | 4.70 | 822.50 | MATTER NAME: Fee/Employment Applications<br>1 COMPILATION OF JUNE AND JULY FEE APPLICATION |
| 12/03/10 Fri | Rodriguez, N 201012-160/125 | 1.50 | 1.50 | 262.50 | MATTER NAME: Fee/Employment Applications<br>1 COMPILATION OF JUNE AND JULY FEE APPLICATION |
| 12/03/10 Fri | Rodriguez, N 201012-160/126 | 6.00 | 6.00 | 1,050.00 | MATTER NAME: Fee/Employment Applications<br>1 OCTOBER TIME AND FEE COMPILATION AS REQUESTED BY N. CHAKIRIS, TRIBUNE ASST. CONTROLLER |
| 12/06/10 Mon | Rodriguez, N 201012-160/127 | 4.60 | 4.60 | 805.00 | MATTER NAME: Fee/Employment Applications<br>1 COMPILATION OF JUNE AND JULY FEE APPLICATION |
| 12/06/10 Mon | Rodriguez, N 201012-160/128 | 2.20 | 2.20 | 385.00 | MATTER NAME: Fee/Employment Applications<br>1 RECONCILIATION RESEARCH FOR MAR - MAY FEE APPLICATION PER DEBTOR'S REQUEST (N. CHAKIRIS, TRIBUNE ASST. CONTROLLER) |
| 12/07/10 Tue | Rodriguez, N 201012-160/129 | 3.00 | 3.00 | 525.00 | MATTER NAME: Fee/Employment Applications<br>1 COMPILATION OF JUNE AND JULY FEE APPLICATION |
| 12/09/10 Thu | Rodriguez, N 201012-160/130 | 9.20 | 9.20 | 1,610.00 | MATTER NAME: Fee/Employment Applications<br>1 COMPILATION OF JUNE AND JULY FEE APPLICATION |
| 12/09/10 Thu | Rodriguez, N 201012-160/131 | 1.10 | 1.10 | 192.50 | MATTER NAME: Fee/Employment Applications<br>1 RECONCILIATION RESEARCH FOR MAR - MAY FEE APPLICATION PER DEBTOR'S REQUEST (N. CHAKIRIS, TRIBUNE ASST. CONTROLLER) |
| 12/10/10 Fri | Rodriguez, N 201012-160/132 | 0.60 | 0.60 | 105.00 | MATTER NAME: Fee/Employment Applications<br>1 COMPILATION OF JUNE AND JULY FEE APPLICATION |
| 12/13/10 Mon | Rodriguez, N 201012-160/133 | 1.40 | 1.40 | 245.00 | MATTER NAME: Fee/Employment Applications<br>1 FINAL ADJUSTMENTS TO JUNE & JULY FEE APPLICATION |
| 12/16/10 Thu | Rodriguez, N 201012-160/134 | 6.70 | 6.70 | 1,172.50 | MATTER NAME: Fee/Employment Applications<br>1 ANALYSIS AND COMPILATION OF THE AUGUST FEE APPLICATION |
| 12/17/10 Fri | Rodriguez, N 201012-160/135 | 7.20 | 7.20 | 1,260.00 | MATTER NAME: Fee/Employment Applications<br>1 ANALYSIS AND COMPILATION OF THE AUGUST FEE APPLICATION |
| 12/20/10 Mon | Rodriguez, N 201012-160/136 | 0.60 | 0.60 | 105.00 | MATTER NAME: Fee/Employment Applications<br>1 ANALYSIS AND COMPILATION OF THE AUGUST FEE APPLICATION |

EXHIBIT E
E&Y RETENTION/COMPENSATION
Ernst & Young

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|-------------|
| 12/20/10 Mon | Rodriguez, N 201012-160/137 | 2.60 | 2.60 | 455.00 | 1 | *MATTER NAME: Fee/Employment Applications* ANALYSIS AND COMPILATION OF THE SEPTEMBER - NOVEMBER FEE APPLICATION |
| 12/21/10 Tue | Rodriguez, N 201012-160/138 | 1.40 | 1.40 | 245.00 | 1 | *MATTER NAME: Fee/Employment Applications* ANALYSIS AND COMPILATION OF THE AUGUST FEE APPLICATION |
| 12/21/10 Tue | Rodriguez, N 201012-160/139 | 2.90 | 2.90 | 507.50 | 1 | *MATTER NAME: Fee/Employment Applications* ANALYSIS AND COMPILATION OF THE SEPTEMBER - NOVEMBER FEE APPLICATION |
| 12/22/10 Wed | Rodriguez, N 201012-160/140 | 0.30 | 0.30 | 52.50 | 1 | *MATTER NAME: Fee/Employment Applications* ANALYSIS AND COMPILATION OF THE AUGUST FEE APPLICATION |
| 12/22/10 Wed | Rodriguez, N 201012-160/141 | 5.30 | 5.30 | 927.50 | 1 | *MATTER NAME: Fee/Employment Applications* ANALYSIS AND COMPILATION OF THE SEPTEMBER - NOVEMBER FEE APPLICATION |
| 12/23/10 Thu | Rodriguez, N 201012-160/142 | 6.90 | 6.90 | 1,207.50 | 1 | *MATTER NAME: Fee/Employment Applications* ANALYSIS AND COMPILATION OF THE SEPTEMBER - NOVEMBER FEE APPLICATION |
| 12/27/10 Mon | Rodriguez, N 201012-160/143 | 0.60 | 0.60 | 105.00 | 1 | *MATTER NAME: Fee/Employment Applications* ANALYSIS AND COMPILATION OF THE SEPTEMBER - NOVEMBER FEE APPLICATION |
| 01/04/11 Tue | Rodriguez, N 201101-160/128 | 1.80 | 1.80 | 315.00 | 1 | *MATTER NAME: Fee/Employment Applications* ANALYSIS AND COMPILATION OF FEE SEPT - NOV FEE APPLICATIONS. |
| 01/05/11 Wed | Rodriguez, N 201101-160/129 | 0.10 | 0.10 | 17.50 | 1 | *MATTER NAME: Fee/Employment Applications* ANALYSIS AND COMPILATION OF FEE SEPT - NOV FEE APPLICATIONS. |
| 01/07/11 Fri | Rodriguez, N 201101-160/130 | 1.20 | 1.20 | 210.00 | 1 | *MATTER NAME: Fee/Employment Applications* ANALYSIS AND COMPILATION OF FEE SEPT - NOV FEE APPLICATIONS. |
| 01/11/11 Tue | Rodriguez, N 201101-160/131 | 0.20 | 0.20 | 35.00 | 1 | *MATTER NAME: Fee/Employment Applications* ANALYSIS AND COMPILATION OF FEE SEPT - NOV FEE APPLICATIONS. |
| 01/17/11 Mon | Rodriguez, N 201101-160/132 | 0.40 | 0.40 | 70.00 | 1 | *MATTER NAME: Fee/Employment Applications* ANALYSIS AND COMPILATION OF FEE SEPT - NOV FEE APPLICATIONS. |
| 01/20/11 Thu | Rodriguez, N 201101-160/133 | 1.20 | 1.20 | 210.00 | 1 | *MATTER NAME: Fee/Employment Applications* ANALYSIS AND COMPILATION OF FEE SEPT - NOV FEE APPLICATIONS. |

EXHIBIT E
E&Y RETENTION/COMPENSATION
Ernst & Young

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|-------------|
| 01/28/11 Fri | Rodriguez, N 201101-160/134 | 3.40 | 3.40 | 595.00 | | MATTER NAME: Fee/Employment Applications |
| | | | | | 1 | ANALYSIS AND COMPILATION OF DECEMBER FEE APPLICATION |
| 01/31/11 Mon | Rodriguez, N 201101-160/135 | 1.30 | 1.30 | 227.50 | | MATTER NAME: Fee/Employment Applications |
| | | | | | 1 | ANALYSIS AND COMPILATION OF DECEMBER FEE APPLICATION |
| 02/01/11 Tue | Rodriguez, N 201102-160/69 | 2.10 | 2.10 | 367.50 | | MATTER NAME: Fee/Employment Applications |
| | | | | | 1 | ANALYSIS AND COMPILATION OF DECEMBER FEE APPLICATION |
| 02/02/11 Wed | Rodriguez, N 201102-160/70 | 3.30 | 3.30 | 577.50 | | MATTER NAME: Fee/Employment Applications |
| | | | | | 1 | ANALYSIS AND COMPILATION OF DECEMBER FEE APPLICATION |
| 02/03/11 Thu | Rodriguez, N 201102-160/71 | 0.90 | 0.90 | 157.50 | | MATTER NAME: Fee/Employment Applications |
| | | | | | 1 | ANALYSIS AND COMPILATION OF DECEMBER FEE APPLICATION |
| 02/04/11 Fri | Rodriguez, N 201102-160/72 | 2.80 | 2.80 | 490.00 | | MATTER NAME: Fee/Employment Applications |
| | | | | | 1 | ANALYSIS AND COMPILATION OF DECEMBER FEE APPLICATION |
| 02/07/11 Mon | Rodriguez, N 201102-160/73 | 2.50 | 2.50 | 437.50 | | MATTER NAME: Fee/Employment Applications |
| | | | | | 1 | ANALYSIS AND COMPILATION OF DECEMBER FEE APPLICATION |
| 02/09/11 Wed | Rodriguez, N 201102-160/74 | 3.40 | 3.40 | 595.00 | | MATTER NAME: Fee/Employment Applications |
| | | | | | 1 | ANALYSIS AND COMPILATION OF JANUARY FEE APPLICATION |
| 02/11/11 Fri | Rodriguez, N 201102-160/75 | 3.60 | 3.60 | 630.00 | | MATTER NAME: Fee/Employment Applications |
| | | | | | 1 | ANALYSIS AND COMPILATION OF JANUARY FEE APPLICATION |
| Total | | | 97.00 | $16,975.00 | | |
| Number of Entries: | 35 | | | | | |

EXHIBIT E

E&Y RETENTION/COMPENSATION

Ernst & Young

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Rodriguez, N | 97.00 | 16,975.00 |
| | 97.00 | $16,975.00 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee/Employment Applications | 97.00 | 16,975.00 |
| | 97.00 | $16,975.00 |