# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE THIRD QUARTERLY FEE APPLICATION OF LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Third Quarterly Fee Application of Levine Sullivan Koch & Schulz, L.L.P.* [Docket No. 8634](the "**Fee Application**"). The Fee Application seeks approval of fees that total $59,183.00 and reimbursement of expenses that total $12,728.37 for the period from

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

December 1, 2010 through February 28, 2011. Levine Sullivan Koch & Schulz, L.L.P. ("**LSK&S**")
serves as special counsel to the Debtors and Debtors-in-Possession for certain litigation matters.

<u>**Background**</u>

1.      On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed
subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") each commenced a
voluntary case under Chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") in
the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**").  Under the
Bankruptcy Court's *Order Directing Joint Administration Chapter 11 Cases* dated December 10, 2009
[Docket No. 43], these cases are being jointly administered pursuant to Rule 1015(b) of the Federal
Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

2.      On January 15, 2009, the Bankruptcy Court entered its *Order Authorizing the Debtors
to Retain, Employ and Compensate Certain Professionals Utilized by the Debtors in the Ordinary
Course of Business* [Docket No. 227] (the "**OCP Order**") approving procedures for the employment,
retention and compensation by the Debtors in their ordinary course of business.  The OCP Order
contained a list of Ordinary Course Professionals that were authorized to be retained by the Debtors and
included LSK&S.  The Debtors' Ordinary Course Professionals were authorized to provide services to
the Debtors as necessary for the day-to-day operations of the Debtors' businesses on terms substantially
similar to those in effect prior to the Petition Date, subject to the terms and conditions described in the
OCP Order.  Compensation of the Ordinary Course Professionals is limited by a Monthly Cap on the
fees permitted to be paid to such Ordinary Course Professionals, per month on average over a rolling
period.

3.      On October 4, 2010, the Debtors filed their *Application for an Order Authorizing
Debtors to Employ and Retain Levine Sullivan Koch & Schulz, L.L.P. as Special Counsel for Certain
Litigation Matters Pursuant to Section 327(e)and 1107, nunc pro tunc to September 1, 2010* [Docket
No. 5883] (the "**Retention Application**").  In the Retention Application, the Debtors explained that

LSK&S represents a number of the Debtors with respect to various litigation matters. The Debtors further explained that the representations of the Debtors by LSK&S on matters arising post-petition, taken together with LSK&S' pre-existing representations of the Debtors in various disputed prepetition claims, caused LSK&S' fees to slightly exceed the average Monthly Cap of $50,000 for January-February 2010, were expected to do so again in September 2010, and were at a level of activity that made it likely that LSK&S would exceed the existing Monthly Cap on a regular basis going forward. By order dated October 21, 2010, the Court approved the retention of LSK&S as special counsel for certain litigation matters [Docket No. 6062] (the **"Retention Order"**).

4.    LSK&S filed its Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members under 11 U.S.C. §§ 105(a) and 331* [Docket No. 225] (the **"Interim Compensation Order"**).

## Applicable Standards

5.    In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

6.    The Fee Examiner reviewed the Fee Application for compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of the United States Bankruptcy Court for the District of Delaware (the **"Local Rules"**), and the United States Trustee Guidelines for Reviewing Application for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the **"UST Guidelines"**). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the

District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

7.    Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A).* In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F).*

8.    A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

9.    The Fee Examiner completed the preliminary evaluation of the Fee Applications, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to LSK&S for review and comment. The firm responded to the Fee Examiner with a detailed written response to the Preliminary Report. The Fee Examiner also notes that

both prior and subsequent to the filing of the Fee Applications the firm and the Fee Examiner engaged in numerous communications to further LSK&S's clear goal of complying with the relevant billing rules and guidelines. After consideration of the additional information provided by the firm, the Fee Examiner now issues this final report (the "**Final Report**") "in a format designed to opine whether the requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines." *Fee Examiner Order ¶5.*

## DISCUSSION OF FINDINGS

### Technical Requirements

10.    <u>**Reconciliation of Fees and Expenses.**</u>  The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**"). The Fee Examiner identified no discrepancies between the Fees Requested and the Fees Computed, nor any discrepancies between the Expenses Requested and the Expenses Computed.

11.    <u>**Block Billing.**</u>[2]  The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii).* The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or

---

[2] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing. Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry. As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry. This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

'lumped' together, with each service showing a separate time entry." *UST Guidelines ¶(b)(4)(v)*.[3]  With minimal exceptions, LSK&S timekeepers did not block bill time entries.

12.    **Time Increments.**    The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*.  The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*.  The Fee Examiner confirmed that the firm recorded time entries in tenths of an hour.

### Review of Fees

13.    **Firm Staffing.**    The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*.  The Fee Application provided the names, positions, and hourly rates of the 12 LSK&S professionals and paraprofessionals who billed to this matter, consisting of 6 partners, 2 of counsel, 2 associates, 1 law clerk, and 1 paralegal.    A summary of hours and fees billed by each timekeeper is displayed in **Exhibit A**.[4]

The firm billed a total of 150.90 hours with associated fees of $59,183.00.  The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

---

[3] The judicial response to block billing varies.  Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007).  Across the board cuts range from five to 100 percent.  *See id.* at 495 n.7 and cases cited.

[4] This Final Report includes exhibits that detail and support the findings discussed herein.  Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit.  The tasks included in a specific category are underlined in the fee exhibits.  For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 102.10 | 68% | $45,222.50 | 76% |
| Of Counsel | 3.90 | 2% | 1,476.00 | 2% |
| Associate | 39.00 | 26% | 11,336.00 | 19% |
| Law Clerk | 1.80 | 1% | 351.00 | * |
| Paralegal | 4.10 | 3% | 797.50 | 1% |
| TOTAL | 150.90 | 100% | $59,183.00 | 100% |

\* Less than 1%

The blended hourly rate for the LSK&S professionals is $400.24 and the blended hourly rate for professionals and paraprofessionals is $392.20.

14.    **Hourly Rate Increases.**  LSK&S increased the hourly rates of timekeepers effective January 1, 2011.  A footnote to the Quarterly Application states "LSK&S raised its rates charged to Debtors for the first time in three years, effective January 1, 2011.  The firm's new rates continue to reflect an approximately 20% discount off of the firm's standard rates."

15.    **Timekeepers' Roles.**  A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4)*.  With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts.  On the whole, each LSK&S timekeeper appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.

16.    **Meetings, Conferences, Hearings, and Other Events.**  The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" *Local Rule 2016-2(d)(ix)*, and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*.  While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each

participant's role. The Fee Examiner did not identify any billing entries that show that more than one timekeeper attended a conference or hearing.

17.     **Intraoffice Conferences.** Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified minimal fee entries associated with intraoffice conferencing and will not recommend any fee reduction for intraoffice communication.

18.     **Complete and Detailed Task Descriptions.** Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*. The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*. The Fee Examiner identified two instances where LSK&S timekeepers failed to identify the subject matter of a conference totaling 0.80 hour and $356.00 in associated fees, which were displayed in **Exhibit B** to the Preliminary Report. The Fee Examiner requested the firm identify the subject matter of the communications.

In response, LSK&S provided additional information that identified the subject matter of the communications, which brought the entries into compliance. The Fee Examiner makes no recommendation for a fee reduction. Exhibit B is omitted from this report.

19.     **Administrative Activities.**  Activities associated with the day-to-day operations of the firm or not specifically related to the Debtors' cases are considered administrative in nature and as such are reflected in the hourly rates charged by the firm.  The Fee Examiner did not identify any administrative activities billed by LSK&S.

20.     **Clerical Activities.**  Clerical activities are tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel,[5] or similar tasks for which the firm charged more than the market rate.  The Fee Examiner did not identify any billing entries describing clerical activity in the Fee Applications.

21.     **Travel.**  The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*. LSK&S did bill for travel during the application period.

22.     **LSK&S Retention/Compensation.**  The Fee Examiner identified 37.60 hours with associated fees of $11,828.50 to prepare the firm's retention documents and application for compensation, which computes to approximately 20% of the Fees Computed.  The fee entries describing LSK&S retention/compensation activities are displayed in **Exhibit C**, which is included in the Final Report for the Court's consideration.

**Review of Expenses**

23.     **Itemization of Expenses.**  The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the charge, if available." *Local Rule 2016-2(e)(i-ii)*.  The UST Guidelines further provide that

---

[5] "Duties appropriate for office staff are considered part of a professional's overhead expenses and may not be billed to the estate." *Fibermark*, 349 B.R. at 397; *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758 769 (Bankr. E.D.N.Y. 2005) (overhead not compensable); *but see Bennett Funding*, 213 B.R. at 247-48 (discussing differing approaches to clerical work at professional rates).  These overhead activities may include: mailing; photocopying, word processing (including the creation of templates), formatting, creating spreadsheets, printing, organizing files, checking for docket updates, creating binders, and secretarial overtime. *Fibermark*, 349 B.R. at 396-97.

expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii).* LSK&S provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge. LSK&S also provided supporting documentation for each of the expenses included in the Application. The Fee Examiner found no objectionable expense items.

**CONCLUSION**

The Fee Examiner submits this final report regarding the Fee Application and the fees and expenses discussed above. The Fee Examiner recommends the approval of fees in the amount of $59,183.00 and reimbursement of expenses in the amount of $12,728.37 for the period from December 1, 2010 through February 28, 2011.

Respectfully submitted,

**STUART MAUE**

By: _____
John F. Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri 63044
Telephone: (314) 291-3030
Facsimile: (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

-10-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 27th day of April, 2012.

David Klauder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE  19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE  19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
William E. Chipman Jr., Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE  19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE  19899-0511
(Counsel to Administrative Agent for Prepetition
  Lenders, JP Morgan Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY  10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY  10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE  19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY  10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Seth D. Berlin, Esq.
Levine Sullivan Koch & Schulz, L.L.P.
1899 L. Street N.W., Suite 200
Washington, D.C.  20036

John F. Theil, Esq.

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Levine Sullivan Koch & Schulz, L.L.P.**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| RP | Penchina, Robert | PARTNER | $425.00 | $445.00 | 58.80 | $26,148.00 |
| JWB | Brown, Jay Ward | PARTNER | $425.00 | $445.00 | 19.60 | $8,676.00 |
| NES | Siegel, Nathan E. | PARTNER | $425.00 | $445.00 | 12.30 | $5,435.50 |
| SDB | Berlin, Seth D. | PARTNER | $425.00 | $445.00 | 6.70 | $2,885.50 |
| GCS | Sproul, Gayle C. | PARTNER | $445.00 | $445.00 | 4.00 | $1,780.00 |
| TBK | Kelley, Thomas B. | PARTNER | $425.00 | $425.00 | 0.70 | $297.50 |
| | No. of Billers for Position: 6 | Blended Rate for Position: $442.92 | | | 102.10 | $45,222.50 |
| | | | | % of Total: | 67.66% % of Total: | 76.41% |
| ALS | Smith, Alia L. | OF COUNSEL | $375.00 | $375.00 | 3.60 | $1,350.00 |
| CAS | Stracher, Cameron A. | OF COUNSEL | $420.00 | $420.00 | 0.30 | $126.00 |
| | No. of Billers for Position: 2 | Blended Rate for Position: $378.46 | | | 3.90 | $1,476.00 |
| | | | | % of Total: | 2.58% % of Total: | 2.49% |
| SDJ | Jones, Shaina D. | ASSOCIATE | $285.00 | $290.00 | 37.10 | $10,709.00 |
| JPG | Goldstein, Jacob P. | ASSOCIATE | $330.00 | $330.00 | 1.90 | $627.00 |
| | No. of Billers for Position: 2 | Blended Rate for Position: $290.67 | | | 39.00 | $11,336.00 |
| | | | | % of Total: | 25.84% % of Total: | 19.15% |
| MEK | Kelley, Matthew E. | LAW CLERK | $195.00 | $195.00 | 1.80 | $351.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: $195.00 | | | 1.80 | $351.00 |
| | | | | % of Total: | 1.19% % of Total: | 0.59% |
| JPB | Pinkerton-Burke, Jennifer | PARALEGAL | $190.00 | $195.00 | 4.10 | $797.50 |
| | No. of Billers for Position: 1 | Blended Rate for Position: $194.51 | | | 4.10 | $797.50 |
| | | | | % of Total: | 2.72% % of Total: | 1.35% |

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Levine Sullivan Koch & Schulz, L.L.P.**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| | Total No. of Billers: 12 | Blended Rate for Report: | $392.20 | | 150.90 | $59,183.00 |

EXHIBIT C

LSK&S RETENTION/COMPENSATION

Levine Sullivan Koch & Schulz, L.L.P.

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Berlin, S | 6.70 | 2,885.50 |
| Brown, J | 0.80 | 356.00 |
| Jones, S | 26.90 | 7,758.00 |
| Penchina, R | 0.10 | 42.50 |
| Pinkerton-Burke, J | 2.30 | 446.50 |
| Siegel, N | 0.80 | 340.00 |
| | 37.60 | $11,828.50 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Tribune - Bankruptcy Fee Application | 37.60 | 11,828.50 |
| | 37.60 | $11,828.50 |

EXHIBIT C  PAGE 1 of  6

EXHIBIT C

LSK&S RETENTION/COMPENSATION

Levine Sullivan Koch & Schulz, L.L.P.

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 12/01/10 Wed | Berlin, S 26120/8 | 1.10 | 1.10 | 467.50 | 0.40 0.40 0.30 | F F F | 1 2 3 | *MATTER NAME: Tribune - Bankruptcy Fee Application* REVIEW AND REVISE FEE APPLICATION FOR AUGUST INVOICES (.4); REVIEW AND REVISE INVOICES IN CONNECTION WITH SAME (.4); TELEPHONE CONFERENCES WITH R. MARIELLA REGARDING SAME (.3). |
| 12/01/10 Wed | Jones, S 26120/9 | 1.40 | 1.40 | 399.00 | | F | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* DRAFT AUGUST FEE APPLICATION AND SUPPORTING DOCUMENTS. |
| 12/01/10 Wed | Penchina, R 26120/10 | 0.10 | 0.10 | 42.50 | | F | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* REVIEW AND REDACT INVOICES FOR FEE APPLICATION. |
| 12/02/10 Thu | Berlin, S 26120/11 | 0.80 | 0.80 | 340.00 | 0.20 0.20 0.40 | F F F | 1 2 3 | *MATTER NAME: Tribune - Bankruptcy Fee Application* TELEPHONE CONFERENCE WITH R. MARIELLA REGARDING CERTIFICATE OF NON-OBJECTION (.2); EXCHANGE EMAIL WITH D. BRALOW AND R. MARIELLA REGARDING SAME (.2); REVIEW AND REVISE THIRD MONTHLY FEE APPLICATION FOR AUGUST INVOICES (.4). |
| 12/02/10 Thu | Jones, S 26120/12 | 3.30 | 3.30 | 940.50 | | F | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* REVISE AUGUST FEE APPLICATION COVER AND PREPARE MONTHLY INVOICES FOR ATTACHMENT. |
| 12/02/10 Thu | Pinkerton-Burke, J 26120/14 | 0.40 | 0.40 | 76.00 | | F | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* REVIEW AUGUST FEE APPLICATION FOR ACCURACY. |
| 12/02/10 Thu | Siegel, N 26120/13 | 0.80 | 0.80 | 340.00 | | F | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* REVIEW AND REDACT BILLS FOR ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT INFORMATION. |
| 12/03/10 Fri | Berlin, S 26120/15 | 0.30 | 0.30 | 127.50 | | F | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* FINAL REVIEW OF AUGUST MONTHLY FEE APPLICATION. |
| 12/03/10 Fri | Jones, S 26120/16 | 0.90 | 0.90 | 256.50 | | F | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* FINALIZE AND FILE AUGUST FEE APPLICATION. |
| 12/09/10 Thu | Berlin, S 26120/17 | 0.60 | 0.60 | 255.00 | | F | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* REVIEW AND REVISE SEPTEMBER INVOICES TO RESPOND TO ISSUES RAISED BY A. DALTON. |
| 12/14/10 Tue | Berlin, S 26120/18 | 0.60 | 0.60 | 255.00 | 0.40 0.20 | F F | 1 2 | *MATTER NAME: Tribune - Bankruptcy Fee Application* EXCHANGE EMAIL WITH A. DALTON REGARDING REVISED SEPTEMBER INVOICES AND ADDITIONAL INFORMATION REQUESTED (.4); TELEPHONE CONFERENCE AND EXCHANGE EMAIL WITH R. MARIELLA REGARDING OUTSTANDING INVOICE AND COURT APPROVAL (.2). |
| 12/17/10 Fri | Berlin, S 26120/20 | 0.20 | 0.20 | 85.00 | | F | 1 | *MATTER NAME: Tribune - Bankruptcy Fee Application* EXCHANGE EMAIL WITH D. BRALOW REGARDING MONTHLY FEE APPLICATIONS. |

~ See the last page of exhibit for explanation

EXHIBIT C  PAGE 2 of  6

EXHIBIT C

LSK&S RETENTION/COMPENSATION

Levine Sullivan Koch & Schulz, L.L.P.

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|-----------|---|---|-------------|
| 12/21/10 Tue | Berlin, S 26120/21 | 0.20 | 0.20 | 85.00 | | F | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application EXCHANGE EMAIL WITH R. MARIELLA REGARDING COURT APPROVAL OF INVOICES. |
| 12/22/10 Wed | Jones, S 26120/22 | 0.80 | 0.80 | 228.00 | | F | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application PREPARE NOVEMBER FEE APPLICATION COVER PAPERS. |
| 12/23/10 Thu | Berlin, S 26120/23 | 0.40 | 0.40 | 170.00 | 0.20 0.20 | F F | 1 2 | MATTER NAME: Tribune - Bankruptcy Fee Application TELEPHONE CONFERENCE WITH R. MARIELLA REGARDING FEE APPLICATION (.2); TELEPHONE CONFERENCE WITH D. BRALOW REGARDING SAME (.2). |
| 12/23/10 Thu | Jones, S 26120/24 | 0.70 | 0.70 | 199.50 | | F | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application EXCHANGE EMAIL CORRESPONDENCE WITH P. RATKOWIAK AND D. BEEZIE REGARDING AUGUST FEE APPLICATION OBJECTION DATE AND CERTIFICATE OF NO OBJECTION. |
| 12/27/10 Mon | Berlin, S 26120/25 | 0.60 | 0.60 | 255.00 | 0.10 0.20 0.30 | F F F | 1 2 3 | MATTER NAME: Tribune - Bankruptcy Fee Application EXCHANGE EMAIL WITH P. RATKOWIAK REGARDING CERTIFICATE OF NO OBJECTION (.1); EXCHANGE EMAIL WITH D. BREEZIE REGARDING SAME (.2); TELEPHONE CONFERENCES WITH R. MARIELLA AND D. BRALOW REGARDING SAME (.3). |
| 12/29/10 Wed | Jones, S 26120/26 | 1.50 | 1.50 | 427.50 | | F | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application EXCHANGE EMAIL CORRESPONDENCE WITH K. STICKLES REGARDING AUGUST QUARTERLY FEE APPLICATION AND FILING OF SAME WITH COURT. |
| 01/05/11 Wed | Jones, S 26410/15 | 0.70 | 0.70 | 203.00 | | F | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application REVISE FOURTH MONTHLY FEE APPLICATION FOR NOVEMBER FEES. |
| 01/06/11 Thu | Pinkerton-Burke, J 26410/16 | 0.50 | 0.50 | 97.50 | | F | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application REVIEW FEE APPLICATION FOR NOVEMBER 1, 2010 THROUGH NOVEMBER 30, 2010 FOR COMPLETENESS AND ACCURACY. |
| 01/07/11 Fri | Berlin, S 26410/17 | 0.80 | 0.80 | 356.00 | 0.40 0.40 | F F | 1 2 | MATTER NAME: Tribune - Bankruptcy Fee Application REVIEW AND REVISE FOURTH MONTHLY FEE APPLICATION (.4); EXCHANGE EMAIL WITH A. DALTON REGARDING EXCEL FILES FOR AUGUST INVOICES AND EXPENSES (.4). |
| 01/07/11 Fri | Brown, J 26410/19 | 0.30 | 0.30 | 133.50 | | F | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application REVISE BILL TO COMPLY WITH BANKRUPTCY COURT FILING REQUIREMENTS. |
| 01/07/11 Fri | Jones, S 26410/18 | 3.00 | 3.00 | 870.00 | | F | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application REVISE AND FILE FOURTH MONTHLY FEE APPLICATION FOR NOVEMBER FEES AND EXPENSES. |
| 01/11/11 Tue | Berlin, S 26410/23 | 0.80 | 0.80 | 356.00 | 0.40 0.40 | F F | 1 2 | MATTER NAME: Tribune - Bankruptcy Fee Application EXCHANGE EMAIL WITH A. DALTON REGARDING LEDES FILES AND EXPENSE BACKUP FOR NOVEMBER INVOICES (.4); REVIEW AND REVISE SECOND QUARTERLY FEE APPLICATION (.4). |

~  See the last page of exhibit for explanation

EXHIBIT C  PAGE 3 of  6

EXHIBIT C

LSK&S RETENTION/COMPENSATION

Levine Sullivan Koch & Schulz, L.L.P.

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|-------------|
| 01/11/11 Tue | Brown, J 26410/21 | 0.30 | 0.30 | 133.50 | F | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>REVISE DECEMBER BILL FOR PRIVILEGED INFORMATION FOR SUBMISSION TO BANKRUPTCY COURT. |
| 01/11/11 Tue | Jones, S 26410/20 | 2.40 | 2.40 | 696.00 | F | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>DRAFT AND REVISE SECOND QUARTERLY FEE APPLICATION. |
| 01/11/11 Tue | Pinkerton-Burke, J 26410/22 | 0.80 | 0.80 | 156.00 | F | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>REVIEW SECOND QUARTERLY FEE APPLICATION FOR COMPLETENESS AND ACCURACY. |
| 01/12/11 Wed | Jones, S 26410/24 | 1.80 | 1.80 | 522.00 | F | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>REVIEW AND REVISE SECOND QUARTERLY FEE APPLICATION AND FILE SAME. |
| 01/24/11 Mon | Jones, S 26410/25 | 1.20 | 1.20 | 348.00 | F | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>REVIEW INVOICES FOR PRIVILEGED INFORMATION IN PREPARATION FOR FEE APPLICATION FILING. |
| 01/27/11 Thu | Jones, S 26410/27 | 2.00 | 2.00 | 580.00 | F | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>DRAFT FIFTH MONTHLY FEE APPLICATION FOR COMPENSATION. |
| 01/28/11 Fri | Berlin, S 26410/28 | 0.30 | 0.30 | 133.50 | F | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>REVIEW AND REVISE DECEMBER INVOICES FOR SUBMISSION TO COURT AND BANKRUPTCY EXAMINER. |
| 01/28/11 Fri | Jones, S 26410/29 | 1.00 | 1.00 | 290.00 | F | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>PREPARE AND REVISE FIFTH MONTHLY FEE APPLICATION FOR FILING WITH BANKRUPTCY COURT. |
| 01/31/11 Mon | Jones, S 26410/31 | 0.80 | 0.80 | 232.00 | F | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>FINALIZE FIFTH MONTHLY FEE APPLICATION SUBMISSION AND FILE SAME. |
| 01/31/11 Mon | Pinkerton-Burke, J 26410/30 | 0.30 | 0.30 | 58.50 | F | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>REVIEW FIFTH MONTHLY FEE APPLICATION FOR COMPLETENESS AND ACCURACY. |
| 02/01/11 Tue | Jones, S 94/22 | 0.40 | 0.40 | 116.00 | F | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>EXCHANGE EMAIL WITH D. BEEZIE REGARDING NOVEMBER FEES AND EXPENSES. |
| 02/07/11 Mon | Jones, S 94/23 | 0.90 | 0.90 | 261.00 | F | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>DRAFT AND REVISE FEBRUARY FEE APPLICATION AND SUPPORTING DOCUMENTS. |
| 02/09/11 Wed | Brown, J 94/24 | 0.20 | 0.20 | 89.00 | F | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>REDACT BILL TO COMPLY WITH BANKRUPTCY COURT FILING REQUIREMENTS. |

~ See the last page of exhibit for explanation

EXHIBIT C  PAGE 4 of  6

EXHIBIT C

LSK&S RETENTION/COMPENSATION

Levine Sullivan Koch & Schulz, L.L.P.

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 02/09/11 Wed | Jones, S 94/25 | 0.60 | 0.60 | 174.00 | | F | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>REVIEW JANUARY INVOICES AND REVISE FEE APPLICATION FOR BANKRUPTCY COURT FILING. |
| 02/11/11 Fri | Jones, S 94/26 | 1.00 | 1.00 | 290.00 | | F | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>REVISE FEE APPLICATION AND SUPPORTING DOCUMENTS FOR FILING. |
| 02/28/11 Mon | Jones, S 94/28 | 2.50 | 2.50 | 725.00 | 2.00 | F | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>REVISE JANUARY FEE APPLICATION AND REVIEW FOR ACCURACY (2.0); |
| | | | | | 0.50 | F | 2 | EXCHANGE EMAIL WITH CLIENT REGARDING PROCESSING AND PAYMENT OF DECEMBER FEES AND EXPENSES (.5). |
| 02/28/11 Mon | Pinkerton-Burke, J 94/27 | 0.30 | 0.30 | 58.50 | | F | 1 | MATTER NAME: Tribune - Bankruptcy Fee Application<br>REVIEW AND REVISE SIXTH MONTHLY FEE APPLICATION FOR ACCURACY. |
| Total | | | 37.60 | $11,828.50 | | | | |
| Number of Entries: | 41 | | | | | | | |

~ See the last page of exhibit for explanation

EXHIBIT C  PAGE 5 of  6

EXHIBIT C

LSK&S RETENTION/COMPENSATION

Levine Sullivan Koch & Schulz, L.L.P.


SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Berlin, S | 6.70 | 2,885.50 |
| Brown, J | 0.80 | 356.00 |
| Jones, S | 26.90 | 7,758.00 |
| Penchina, R | 0.10 | 42.50 |
| Pinkerton-Burke, J | 2.30 | 446.50 |
| Siegel, N | 0.80 | 340.00 |
| | 37.60 | $11,828.50 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Tribune - Bankruptcy Fee Application | 37.60 | 11,828.50 |
| | 37.60 | $11,828.50 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL

EXHIBIT C  PAGE 6 of  6