IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br>Jointly Administered<br><br>Hearing Date: May 29, 2012 at 1:00 p.m.<br>Objection Deadline: May 22, 2012 at 4:00 p.m. |

## MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS CONCERNING CERTAIN CLAIMS COMMENCED PURSUANT TO THE OCTOBER 27, 2010 STANDING ORDER

The Official Committee of Unsecured Creditors (the "Committee") of Tribune Company and its various debtor-subsidiaries (collectively, the "Debtors" or "Tribune"), by and through its undersigned counsel, hereby moves this Court for entry of an Order pursuant to Section 363(b)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); foresalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347) Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspapers Readers Agency, Inc. (7335); North Michigan Production Company (5466), North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

1

of the United States Bankruptcy Code (the "Bankruptcy Code"), authorizing the Committee, with respect to the intentional fraudulent transfer claims identified in Count Thirteen of *Official Committee of Unsecured Creditors of Tribune Co. v. FitzSimons, et al.*, Adv. No. 10-54010 (Bankr. D. Del.) (KJC) ("*FitzSimons*"),[2] to dismiss without prejudice, such claims against former Tribune shareholders who received less than $50,000 in proceeds from the 2007 Tribune leveraged buyout ("LBO Proceeds") to the extent they are individually named as defendants in Exhibit A to the Third Amended Complaint ("Complaint").[3] In support of its Motion, the Committee respectfully submits as follows:

## BACKGROUND

1. On December 8, 2008 (the "Petition Date"), the Debtors commenced their bankruptcy cases by each filing with the United States Bankruptcy Court for the District of Delaware a voluntary petition for relief under Chapter 11 of Title 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. On December 18, 2008, the Office of the United States Trustee for the District of Delaware appointed the Committee.

3. By order dated October 27, 2010 [D.I. 6150], the Court authorized the Committee to commence, prosecute and settle on behalf of the Debtors' estates claims and counterclaims arising out of or in connection with the Debtors' 2007 LBO (the "Standing Order").

---

[2] On March 20, 2012, *FitzSimons* was transferred to *In re Tribune Company Fraudulent Conveyance Litig.*, 11 MD 2296 (WHP), the multidistrict litigation pending in the Southern District of New York.

[3] Such shareholders will continue to be members of the putative Shareholder Class, as that term is defined in the *FitzSimons* Complaint.

4.　Consistent with the terms of the Standing Order, on November 1, 2010, the Committee initiated *FitzSimons*, asserting causes of action against numerous parties in connection with the LBO, including former Tribune shareholders who received LBO Proceeds. On December 7, 2010 [Adv. Proc. D.I. 61], November 1, 2011 [Adv. Proc. D.I. 327], and January 11, 2012 [Adv. Proc. D.I. 408], the Committee filed amended complaints in *FitzSimons* (as amended, the "Complaint").

5.　Count Thirteen of the Complaint asserts intentional fraudulent transfer claims against several categories of defendants. Compl. at 97. Two of those categories – the "Shareholder Defendants" and the "Shareholder Class" – consist of parties who received LBO Proceeds. *See* Compl. ¶¶ 77, 78 (defining "Shareholder Defendants" and "Shareholder Class").[4] The known members of the Shareholder Class were identified on Exhibit A and individually named as defendants. Compl. ¶ 80. This motion refers to all defendant former shareholders who received LBO Proceeds collectively as the "LBO Shareholder Defendants."

### RELIEF REQUESTED

By this Motion, the Committee respectfully requests that the Court enter an Order authorizing the Committee, as an exercise of the Committee's sound business judgment in pursuing estate litigation, to dismiss without prejudice its intentional fraudulent transfer claims in Count Thirteen of the *FitzSimons* Complaint against former Tribune shareholders who received less than $50,000 in LBO Proceeds, to the extent such shareholders are individually named as defendants on Exhibit A to the Complaint.

---

[4] Count Thirteen is the only claim asserted against LBO Shareholder Defendants in their capacity as such. There may be defendants who have been named in other counts who also fall within the Shareholder Class. For avoidance of doubt, this motion affects only claims against LBO Shareholder Defendants in their capacity as such.

3

## ARGUMENT

6. Pursuant to Section 541 of the Bankruptcy Code, the causes of action asserted in *FitzSimons* or the proceeds of such causes of action constitute property of the Debtors' estates. *See* 11 U.S.C. § 541. Section 363(b)(1) of the Bankruptcy Code permits the disposition of property of the estate "other than in the ordinary course of business" after notice and a hearing. *See* 11 U.S.C. § 363(b)(1).[5] *See also* Fed. R. Bankr. P. 6004 (setting forth, *inter alia*, proper procedures for notice of a proposed use, sale or lease of property).

7. Here, the sought relief will conserve the resources of the Court and the Debtors' estates. The Committee has analyzed the information it has received to date. That information shows that the group of LBO Shareholder Defendants who received $50,000 or more in LBO Proceeds, along with the captioned defendants, accounts for almost 98% of the total dollar amount of LBO Proceeds identified to date (over $7 billion). The over 20,000 LBO Shareholder Defendants specifically named as individual defendants in Exhibit A to the Complaint who received less than $50,000 in LBO Proceeds (the "Sub-Threshold Defendants") account for just over 2% of the identified LBO Proceeds. The collective amount of identified LBO Proceeds that went to Shareholder Defendants who received more than $50,000, if recovered, will far exceed the amount necessary for full recovery to Tribune's non-bank creditors[6] on the Committee's intentional fraudulent transfer claims.

8. The Committee has concluded that the potential benefits of prosecuting claims against Sub-Threshold Defendants as individual defendants are outweighed by the costs of doing

---

[5] The Committee believes that the relief requested herein would be considered "outside the ordinary course" of the Debtors' business.

[6] "Non-bank creditors" refers to Tribune creditors other than the lenders that participated in the LBO loans. *See, e.g.*, Amended Compl. ¶ 3 in *Official Comm. of Unsecured Creditors of Tribune Co. v. JPMorgan Chase*, Adv. Proc. 10-53963 (defining "Non-Bank Lenders").

so.  The Committee estimates that the approximately 20,000 Sub-Threshold Defendants received, on average, approximately $8,000 in LBO Proceeds.  Given the modest amounts involved, individually serving, prosecuting and collecting any ultimate judgment from each such Defendant could easily exceed the LBO Proceeds recoveries that could be received.  Accordingly, the Committee asserts that a $50,000 threshold for LBO Proceeds strikes an appropriate balance to ensure that the costs do not exceed case recoveries.

9.   Under the proposed approach, the Sub-Threshold Defendants, like the other Shareholder Defendants, will continue to be members of the putative Shareholder Class.  They will not, however, be individually named defendants with respect to the intentional fraudulent transfer claims and will not be individually served (unless they are defendants on other claims).

## CONCLUSION

10.   For the foregoing reasons, the Committee respectfully requests that the Court enter an Order authorizing the Committee to dismiss without prejudice the intentional fraudulent transfer claims in *FitzSimons* against the Sub-Threshold Defendants to the extent they are individually named as defendants on Exhibit A to the Complaint.  A proposed Order is attached.

Dated: May 4, 2012
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ James S. Green, Jr.*
Adam G. Landis (No. 3407)
Daniel B. Rath (No. 3022)
Richard S. Cobb (No. 3157)
James S. Green, Jr. (No. 4406)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone:  (302) 467-4400
Facsimile:  (302) 467-4450

- and -

**ZUCKERMAN SPAEDER LLP**
Graeme W. Bush
James Sottile
Andrew N. Goldfarb
1800 M Street, Suite 1000
Washington, DC  20036
Telephone:  (202) 778-1800
Facsimile:  (202) 822-8106

*Co-Counsel to the Official Committee*
*of Unsecured Creditors*