# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br>Debtors. | Chapter 11<br>Case No. 08-13141 (KJC)<br>Jointly Administered |

## DCL PLAN PROPONENTS' OBJECTION TO MOTION OF WILMINGTON TRUST COMPANY FOR LEAVE TO APPEAL BANKRUPTCY COURT'S DECISION ON ALLOCATION DISPUTES

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kevin T. Lantry
Jessica C.K. Boelter
One South Dearborn Street
Chicago, IL 60603
Telecopier: (312) 853-7036

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telecopier: (302) 652-3117

*Counsel for Debtors and Debtors in Possession and Certain Non-Debtor Affiliates*

CHADBOURNE & PARKE LLP
Howard Seife
David M. LeMay
30 Rockefeller Plaza
New York, New York 10112
Telecopier: (212) 541-5369

LANDIS RATH & COBB LLP
Adam G. Landis (No. 3407)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telecopier: (302) 467-4450

ZUCKERMAN SPAEDER LLP
Graeme W. Bush
James Sottile
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Telecopier: (202) 822-8106

*Counsel for the Official Committee of Unsecured Creditors*

DEWEY & LEBOEUF LLP
Bruce Bennett
James O. Johnston
Joshua M. Mester
333 South Grand Avenue, Suite 2600
Los Angeles, California 90071
Telecopier: (213) 621-6100

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Robert S. Brady (No. 2847)
M. Blake Cleary (No. 3614)
1000 North King Street
Wilmington, Delaware 19801
Telecopier: (302) 571-1253

*Counsel for Oaktree Capital Management, L.P. and Angelo, Gordon & Co., L.P.*

WILMER CUTLER PICKERING HALE & DORR LLP
Andrew Goldman
399 Park Avenue
New York, New York 10022
Telecopier: (212) 230-8888

*Co-Counsel for Angelo, Gordon & Co, L.P.*

DAVIS POLK & WARDWELL LLP
Donald S. Bernstein
Damian S. Schaible
450 Lexington Avenue
New York, New York 10017
Telecopier: (212) 701-5800

RICHARDS, LAYTON & FINGER, P.A.
Mark D. Collins (No. 2981)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telecopier: (302) 651-7701

*Counsel for JPMorgan Chase Bank, N.A.*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are listed on the next page.

The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc. f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

SUPPLEMENTAL STATEMENT OF RELEVANT FACTS ......................................................4

I.     **WTC Has No Standing To Appeal The Allocation Disputes Decision and Order** .......5

II.    **The Confirmation And Reconsideration Orders Are Not Appealable As A Matter Of Right** ..............................................................................................................................6

      A.     The Orders Are Not "Final" Within The Meaning Of Section 158(a)(1) ................6

      B.     The Orders Are Not "Final" By Virtue Of The Collateral Order Doctrine .............7

III.    **WTC Has Not Satisfied The Criteria For A Discretionary Appeal** ..............................8

      A.     The Orders Involve No Controlling Questions Of Law ..........................................8

      B.     There Is No Substantial Ground For Difference Of Opinion On The Allegedly Controlling Questions of Law ..................................................................................9

      C.     An Immediate Appeal Will Not Materially Advance The Litigation ....................10

CONCLUSION ............................................................................................................................10

## TABLE OF AUTHORITIES

PAGE(S)

**CASES**

Aristocrat Leisure Limited v. Deutsche Bank Trust Company,
    426 F. Supp. 2d 125 (S.D.N.Y. 2005)......................................................................9

In re AE Liquidation, Inc.,
    451 B.R. 343 (D. Del. 2011) (Stark, J.)..............................................................8, 9

In re Armstrong World Industries,
    432 F.3d 507 (3d Cir. 2005)..............................................................................2, 7

In re Mushroom Direct Purchaser Antitrust Litigation,
    655 F.3d 158 (3d Cir. 2011)...................................................................................8

In re Tribune Co.,
    2011 Bankr. LEXIS 4128 (Bankr. D. Del. Oct. 31, 2011)....................................1

In re Tribune Co.,
    2011 Bankr. LEXIS 5018 (Bankr. D. Del. Dec. 29, 2011)...................................2

Mohawk Industries, Inc. v. Carpenter,
    ___ U.S. ___, 130 S.Ct. 599 (2009)......................................................................8

Nixon v. Fitzgerald,
    457 U.S. 731 (1982)...............................................................................................8

**STATUTES**

28 U.S.C. § 158(a)(1)...................................................................................................2, 6

28 U.S.C. § 158(a)(3)...................................................................................................3, 8

28 U.S.C. § 1291...............................................................................................................7

28 U.S.C. § 1292(b)..........................................................................................................8

The debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), the Official Committee of Unsecured Creditors (the "Creditors' Committee"), Oaktree Capital Management, L.P. ("Oaktree"), Angelo, Gordon & Co., L.P. ("Angelo Gordon") and JPMorgan Chase Bank, N.A. ("JPMorgan", and together with the Debtors, the Creditors' Committee, Oaktree, and Angelo Gordon, the "DCL Plan Proponents"), submit this objection (the "Objection") to the Motion for Leave to Appeal Bankruptcy Court's Decision on Allocation Disputes [Docket No. 11455] (the "Motion") filed by Wilmington Trust Company as successor indenture trustee under the PHONES Notes Indenture ("WTC").[2] For the reasons set forth below, the DCL Plan Proponents respectfully submit that the Motion should be denied.

## PRELIMINARY STATEMENT

This appeal suffers from the same flaws as the interlocutory appeal filed by WTC regarding virtually the same subject matter less than four months ago.

As previously explained,[3] on October 31, 2010, WTC obtained an order it had requested from the Bankruptcy Court denying confirmation of the Second Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Second Amended DCL Plan"). See In re Tribune Co., 2011 Bankr. LEXIS 4128 at *216 (Bankr. D. Del. Oct. 31, 2011) ("Confirmation Decision"). Thereafter, on December 29, 2011, the Bankruptcy Court issued a decision and

---

[2] Capitalized terms used but not defined herein have the meaning ascribed to such terms in the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. [Docket No. 11399] (the "Fourth Amended DCL Plan").

[3] See DCL Plan Proponents' Objection to Motion of Wilmington Trust Company For Leave to Appeal Bankruptcy Court's Decision on Subordination ("Init. App. Opp."), which is incorporated by this reference.

46429/0001-8518121v1

order reconsidering the portion of the Confirmation Decision that interpreted how the PHONES Notes Indenture would apply to recoveries from the litigation trust to be formed pursuant to the Second Amended Plan. See In re Tribune Co., 2011 Bankr. LEXIS 5018 at *41-*44 (Bankr. D. Del. Dec. 29, 2011) ("Reconsideration Decision"). The Reconsideration Decision, however, merely struck one passage of the Confirmation Decision while leaving in place the order denying confirmation, and it therefore did nothing to revive the Second Amended DCL Plan. WTC nevertheless filed an interlocutory appeal from the Reconsideration Decision, and the DCL Plan Proponents demonstrated that WTC had no standing or right to seek appellate review at any time before the Bankruptcy Court actually confirms a plan of reorganization embodying the portion of the Reconsideration Decision to which WTC objects. See Init. App. Opp. at 8-18.

On April 9, 2012, the Bankruptcy Court issued another decision and order which, among other things, clarified that the Court's interpretation of the PHONES Notes Indenture in the Reconsideration Decision with respect to litigation trust recoveries would apply with equal force to the distribution of the proceeds of the settlements embodied in the Second Amended DCL Plan. In re Tribune Co., 2012 Bankr. LEXIS 1563 (Bankr. D. Del. Apr. 9, 2012) ("Allocation Disputes Decision"). The Bankruptcy Court, however, expressly made the Allocation Disputes Decision "subject to, conditioned upon and for the purpose of obtaining confirmation of a chapter 11 plan substantially in the form of the" Fourth Amended DCL Plan proposed by the DCL Plan Proponents, for which a confirmation hearing is now scheduled to commence on June 7, 2012. Id. at *25. The Allocation Disputes Decision therefore did nothing to revive the Second Amended DCL Plan or change the interlocutory nature of WTC's premature efforts to overturn the Reconsideration and Allocation Disputes Decisions.

WTC's purported appeal from the Allocation Disputes Decision fails for the same core reasons as its purported appeal from the Reconsideration Decision. As an initial matter, WTC

2

lacks standing to appeal the Allocation Disputes Decision because WTC has not been injured, adversely affected or aggrieved by it. Indeed, WTC will not be injured, adversely affected or aggrieved by it unless and until the Bankruptcy Court confirms a plan actually embodying the interpretation of the PHONES Notes Indenture set forth in the Allocation Disputes Decision, (which, as noted above, is expressly "subject to, conditioned upon and for the purpose of obtaining confirmation of" the Fourth Amended DCL Plan, for which a confirmation hearing has not yet begun).

Moreover, even if WTC theoretically had standing, the Allocation Disputes Decision is not "final" within the meaning of 28 U.S.C. § 158(a)(1) since the Bankruptcy Court *denied* confirmation of the Second Amended DCL Plan and has not yet considered, much less confirmed, the Fourth Amended DCL Plan recently proposed by the DCL Plan Proponents. Further, the Allocation Disputes Decision is subject to a pending motion for reconsideration filed by other parties in interest, a hearing on which will be heard concurrently with the hearing on confirmation of the Fourth Amended DCL Plan.

Finally, WTC has not come even close to establishing that it should be permitted to pursue a discretionary interlocutory appeal under 28 U.S.C. § 158(a)(3). The question of contract interpretation that WTC seeks to present to this Court involves not a controlling "question of law" but the "application of settled law to fact." In addition, WTC has identified no "substantial grounds for difference of opinion" because it has not demonstrated that the decisions of lower courts in this Circuit are either split on the issue or are so confused and in such disarray that the governing legal standard cannot be ascertained. WTC further has not shown that allowing an immediate appeal would "materially advance the ultimate termination of the litigation" and, given the imminence of the June 7 confirmation hearing respecting the Fourth

Amended DCL Plan, immediate appeal would do nothing but impede, rather than expedite, the efficient administration and resolution of these bankruptcy cases.

## SUPPLEMENTAL STATEMENT OF RELEVANT FACTS

On January 10, 2012, WTC filed its Motion for Leave to Appeal the Reconsideration Decision and Order. [Docket No. 10582]. On January 24, 2012, the DCL Plan Proponents, Law Debenture Trust Company of New York, Deutsche Bank Trust Company Americas, and Aurelius Capital Management, L.P. filed objections thereto, [Docket Nos. 10690, 10702, 10703], and on January 31, 2012, WTC filed a reply in support thereof. [Docket No. 10790]. That prior Motion remains pending.

Also on January 24, 2012, the Bankruptcy Court entered an order establishing a discovery and briefing schedule to adjudicate the "Allocation Disputes" (as defined therein) [Docket No. 10692], several of which involved the very same provisions of the PHONES Notes Indenture that are the subject of WTC's pending interlocutory appeal of the Reconsideration Decision. A hearing to consider the Allocation Disputes was held on March 5 and 6, 2012, and on April 9, 2012, the Bankruptcy Court entered the Allocation Disputes Decision.

In the Allocation Disputes Decision, the Bankruptcy Court rejected WTC's argument that the filing of its prior appeal divested the Bankruptcy Court of jurisdiction to consider and adjudicate the Allocation Disputes. Allocation Disputes Decision, 2012 Bankr. LEXIS 1563 at *4-*5. On the merits, the Bankruptcy Court then addressed and resolved a number of questions relating to the PHONES Notes, including (i) the applicability of the subordination provisions in the PHONES Notes Indenture to distributions of settlement; (ii) the allowed amount of the PHONES Notes Claim; (iii) whether the proposed treatment of "Other Parent Claims" constituted unfair discrimination vis-à-vis other constituents, including holders of PHONES Notes; (iv) whether the PHONES Notes are senior in right of payment to the EGI Notes; and (v)

whether the beneficiaries of the subordination provisions of the PHONES Notes Indenture are entitled to receive post-petition interest prior to the PHONES Noteholders receiving payment of their claims. Id. at *6-*21.[4] The Bankruptcy Court, however, expressly made the entire Allocation Disputes Decision "subject to, conditioned upon and for the purpose of obtaining confirmation of a chapter 11 plan substantially in the form of the" Fourth Amended DCL Plan. Id. at *25.

On April 23, 2012, Citadel Equity Fund Ltd. and Camden Asset Management filed a Motion for Reconsideration and/or Clarification of the Allocation Disputes Decision. That motion is now scheduled to be heard in connection with the hearing on confirmation of the Fourth Amended DCL Plan, now scheduled to commence on June 7, 2012.

Notwithstanding that pending motion for reconsideration and the upcoming confirmation hearing, WTC filed a notice of appeal from the Allocation Disputes Decision and the instant motion for leave to appeal that decision on April 23, 2012. None of the other parties whose rights were adjudicated or affected by the Allocation Disputes Decision and Order have similarly filed a notice of appeal or motion for leave to appeal.

## ARGUMENT

### I. WTC Has No Standing To Appeal The Allocation Disputes Decision

WTC is not entitled to appeal from the Allocation Disputes Decision as a matter of right or discretion because it lacks standing to appeal under Article III of the Constitution and under the Bankruptcy Code. Simply put, WTC is not injured, adversely affected or aggrieved by the Allocation Disputes Decision since that decision merely left in place the order denying confirmation of the Second Amended DCL Plan (the very relief sought by WTC) and is subject

---

[4] In the same decision, the Bankruptcy Court also addressed and resolved a number of questions relating to the EGI-TRB LLC Notes. Id. at *21-25.

to confirmation of a plan like the Fourth Amended DCL Plan – something that has not yet happened. As such, WTC cannot possibly be injured, adversely affected or aggrieved by the Allocation Disputes Decision at this time. See Init. App. Opp. at 7-8.

## II. The Allocation Disputes Decision Is Not Appealable As A Matter Of Right

### A. The Decision Is Not "Final" Within The Meaning Of Section 158(a)(1)

Even if WTC had standing, it cannot pursue this appeal because the Allocation Dispute Order is not a final, appealable order. 28 U.S.C. § 158(a)(1) authorizes an appeal as a matter of right from "final" bankruptcy court orders, judgments and decrees. WTC's argument concerning the purported finality of the Allocation Dispute Order rests solely on In re Armstrong World Industries, 432 F.3d 507 (3d Cir. 2005). In that case, the Third Circuit held that an order denying confirmation was "final" for purposes of 28 U.S.C. § 1291 in circumstances where, among other things, it resolved a question of law "central" to the progress of the bankruptcy and where "practical considerations in the interests of judicial economy require[d]" an immediate appeal. Id.

These considerations are simply not present here. See Init. App. Opp. at 9-10. First, interpretation of the PHONES Notes Indenture does not present a question of law but the application of settled law to fact, see Init. App Opp. at 13-14; see also p. 9 infra. Second, interpretation of the PHONES Notes Indenture is *not central* to the progress of these bankruptcy cases but presents an ancillary question, at best. Id.; see also p. 10, infra. Third, considerations of *sound judicial administration counsel strongly against allowing an immediate, piecemeal appeal.* See Init. App. Opp. at 10. In the event that an immediate appeal is permitted, WTC is virtually certain to argue (just as it has in the past) that the Bankruptcy Court has been divested of jurisdiction to consider, or should be stayed from considering, confirmation of the Fourth Amended DCL Plan, thereby throwing off track the confirmation hearing scheduled for next

month and derailing the progress of the bankruptcy cases. Moreover, there is no certainty that an immediate appeal would resolve all potential challenges to the Allocation Disputes Decision, since other parties whose rights were adjudicated or affected thereby, (including the parties seeking reconsideration) would remain free to raise their challenges at the proper time, following the entry of final judgment. As a result, an immediate appeal by WTC will lead to piecemeal appellate review and the prospect of competing and conflicting decisions on appeal.

  B.  The Allocation Dispute Order Is Not "Final" By Virtue Of The Collateral Order Doctrine

In a footnote (Motion at 6, n. 7), WTC adheres to its demonstrably unfounded invocation of the collateral order doctrine as a basis for immediate appeal. As previously explained, see Init. App. Opp. at 11-12, the collateral order doctrine treats as final only a "small category" of orders "that are [1] conclusive, [2] that resolve important questions separate from the merits, and [3] that are effectively unreviewable on appeal from the final judgment in the underlying action." Mohawk Industries, Inc. v. Carpenter, ___ U.S. ___, 130 S.Ct. 599, 605 (2009)(citations omitted). Merely asserting without explanation that the question presented is "extraordinarily important *to the PHONES Noteholders*", Motion at 6 n.7 (emphasis added), does not demonstrate that the question is "serious and unsettled" as required to satisfy the second element set forth above. Nixon v. Fitzgerald, 457 U.S. 731, 742 (1982); In re Mushroom Direct Purchaser Antitrust Litigation, 655 F.3d 158, 164 n.4 (3d Cir. 2011). In addition, WTC has not explained the basis for its bald assertion that delaying review until entry of a final order confirming a plan of reorganization will deprive the PHONES Noteholders of effective review, Motion at 6 n.7, much less attempted to show that delaying review of "the entire category to which [the WTC] claim belongs" would "imperil a substantive public interest or some particular value of a high order." Mohawk, 130 S.Ct. at 605 (citations and quotations omitted).

7

## III. WTC Has Not Satisfied The Criteria For A Discretionary Appeal

WTC also has not met the criteria for a discretionary appeal under 28 U.S.C. § 158(a)(3). In determining whether to exercise their authority under that section, district courts look first to the standards of 28 U.S.C. § 1292(b), which permit an appeal where "the order involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from the order may materially advance the ultimate termination of the litigation." See In re AE Liquidation, Inc., 451 B.R. 343, 346 (D. Del. 2011) (Stark, J.); Init. App. Opp. at 12-13. Because an interlocutory appeal "represents a deviation from the basic judicial policy of deferring review until entry of a final judgment," In re Advanced Marketing Services, Inc., 2008 U.S. Dist. LEXIS 27582 at *2 (D. Del. 2008), such appeals of bankruptcy court orders are granted "sparingly" and only in "exceptional circumstances." Id. No such exceptional circumstances are present here.

### A. The Decision Involves No Controlling Question Of Law

WTC asserts that "the Bankruptcy Court's interpretation of the PHONES Indenture" presents a controlling question of law because it "finally determined the rights of the PHONES Noteholders" and "was decided by the Bankruptcy Court as a matter of law." As the DCL Plan Proponents have previously demonstrated, however, this argument misses the mark. See Init. App. Opp. at 13-14. A controlling "question of law" must present a "pure question of law" that can be determined without reference to the record and not the "application of settled law to fact" such as answering the "question of the meaning of a contract." See id. Applying these standards, it is obvious that the question identified by WTC is not a controlling "question of law" because it challenges the manner in which the Bankruptcy Court applied settled law to the facts in order to determine the meaning of a contract. See id.; Aristocrat Leisure Limited v. Deutsche

8

Bank Trust Company, 426 F. Supp. 2d 125 (S.D.N.Y. 2005) (refusing to certify question of whether lower court correctly interpreted the term "call" in a bond indenture).

>   B.  There Is No Substantial Ground For Difference Of Opinion On The Allegedly Controlling Question of Law

Even if WTC somehow had identified a controlling question of law – which it has not – WTC has not established that there is any substantial ground for difference of opinion with respect to that question. In order to show a substantial ground for difference of opinion, a party seeking interlocutory appeal must demonstrate either a split among the lower courts in the circuit on the issue presented or, in the absence of a split, that the lower court decisions in the circuit on the issue are so confused and in such disarray that the governing legal standard cannot be ascertained. See Init. App. Opp. at 14-16. WTC has not even attempted to make such a showing here.

Instead, WTC repeats that there are substantial grounds for difference of opinion because the issues presented are "novel" or "important" or have "not been squarely addressed by prior caselaw." See Motion at 8. Even if true, this would not suffice because the case law makes clear that a "question of first impression, a lack of judicial authority on a legal question, or a party's disagreement with a court's decision do not demonstrate a substantial ground for difference of opinion." Advanced Marketing Services, 2008 U.S. Dist. LEXIS 27582 at *4; Init. App. Opp. at 15. In any event, WTC's claims are unfounded. Whether the subordination provision in the PHONES Notes Indenture applies to recoveries on or settlements of fraudulent transfer claims is a question of contract interpretation, no more or less "novel" or "important" than any of the many contract issues litigated in courts throughout the United States every day. See Init. App. Opp. at 15-16. In addition, the Bankruptcy Court resolved the question not by breaking new ground or making new law, but by applying basic and well-settled principles of contract law to the facts of this case. Id. at 16.

9

C.     An Immediate Appeal Will Not Materially Advance The Litigation

Finally, WTC has not established that an immediate appeal will "materially advance the ultimate termination of the litigation" by "*speed[ing] up* the litigation" as a whole. Ahrenholz, 219 F.3d at 676 (emphasis in original); Init. App. Opp. at 16-18. To the contrary, allowing an immediate appeal now is likely to delay rather than expedite the ultimate resolution of the bankruptcy. As noted above, the Bankruptcy Court has scheduled a confirmation hearing on the Fourth Amended DCL Plan to begin on June 7. Moreover, as explained previously, see Init. App. Opp. at 17-18, any decision granting interlocutory review issue is likely to be followed by either a claim that the Bankruptcy Court has thereby been divested of jurisdiction or by a motion to stay the bankruptcy proceedings until the appeal is briefed, argued and decided. Id. Either response would only serve to further slow resolution of these bankruptcy cases. Further, consideration of the issues now might not result in the resolution of all potential challenges to the Allocation Disputes Decision, since other parties whose rights were adjudicated or affected will remain free to raise those challenges at the proper time, following entry of final judgment, thus leading to the prospect of piecemeal review and conflicting appeals.

## CONCLUSION

The instant motion for leave to appeal should be denied.

Dated: Wilmington, Delaware
May 7, 2012

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
James F. Bendernagel, Jr.
Kevin T. Lantry
Jessica C.K. Boelter
One South Dearborn Street
Chicago, Illinois  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

-and-

10

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

/s/ J. Kate Stickles
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

Counsel for Debtors and Debtors in Possession and Certain Non-Debtor Affiliates


CHADBOURNE & PARKE LLP
Howard Seife
David M. LeMay
30 Rockefeller Plaza
New York, New York 10112
Telecopier: (212) 541-5369

-and-

LANDIS RATH & COBB LLP

/s/ Matthew B. McGuire
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telecopier: (302) 467-4450

-and-

ZUCKERMAN SPAEDER LLP
Graeme W. Bush
James Sottile
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Telecopier: (202) 822-8106

Counsel for the Official Committee of Unsecured Creditors

11

DEWEY & LEBOEUF LLP
Bruce Bennett
James O. Johnston
Joshua M. Mester
333 South Grand Avenue, Suite 2600
Los Angeles, California 90071
Telecopier: (213) 621-6100

-and-

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ M. Blake Cleary*
Robert S. Brady (No. 2847)
M. Blake Cleary (No. 3614)
1000 North King Street
Wilmington, Delaware 19801
Telecopier: (302) 571-1253

Counsel For Oaktree Capital Management, L.P. and Angelo, Gordon & Co., L.P.


WILMER CUTLER PICKERING HALE & DORR LLP
Andrew Goldman
399 Park Avenue
New York, New York 10022
Telecopier: (212) 230-8888

Co-Counsel For Angelo, Gordon & Co, L.P.


DAVIS POLK & WARDWELL LLP
Donald S. Bernstein
Benjamin S. Kaminetzky
Damian S. Schaible
Elliot Moskowitz
450 Lexington Avenue
New York, New York 10017
Telecopier: (212) 701 5800

-and-

        RICHARDS, LAYTON & FINGER, P.A.

        */s/ Drew G. Sloan*
        Mark D. Collins (No. 2981)
        Robert J. Stearn, Jr. (No. 2915)
        Drew G. Sloan (No. 5069)
        One Rodney Square
        920 North King Street
        Wilmington, Delaware 19801
        Telecopier: (302) 651-7701

        Counsel For JPMorgan Chase Bank, N.A.