## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------x
In re:                                :    Chapter 11 Cases
                                      :    Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,              :    (Jointly Administered)
                                      :
                        Debtors.      :    Re: Docket No. 11455
                                      :
-------------------------------------------------x
```

### OPPOSITION OF LAW DEBENTURE TRUST COMPANY OF NEW YORK AND DEUTSCHE BANK TRUST COMPANY AMERICAS TO WILMINGTON TRUST COMPANY'S MOTION FOR LEAVE TO APPEAL BANKRUPTCY COURT'S DECISION ON ALLOCATION DISPUTES

KASOWITZ, BENSON, TORRES &
  FRIEDMAN LLP
David S. Rosner
Sheron Korpus
Christine A. Montenegro
Matthew B. Stein
1633 Broadway
New York, New York 10019
212-506-1700

BIFFERATO GENTILOTTI LLC
Garvan F. McDaniel (I.D. No. 4167)
800 N. King Street, Plaza Level
Wilmington, Delaware 19801
302-429-1900

*Counsel for Law Debenture Trust Company of New York, solely in its capacity as successor Indenture Trustee for certain series of Senior Notes*

McCARTER & ENGLISH, LLP
David J. Adler
245 Park Avenue
New York, New York 10167
212-609-6800

McCARTER & ENGLISH, LLP
James J. Freebery (I.D. No. 3498)
Renaissance Centre
405 N. King Street
Wilmington, Delaware 19801
302-984-6300

*Counsel for Deutsche Bank Trust Company Americas, solely in its capacity as successor Indenture Trustee for certain series of Senior Notes*

Dated:  May 7, 2012

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF ADDITIONAL RELEVANT FACTS ......................................................... 4

ARGUMENT ............................................................................................................................. 5

I.      The Orders Are Not Final ............................................................................................. 5

II.     The Collateral Order Doctrine Is Inapplicable ............................................................. 6

III.    This Court Should Deny WTC's Request For Leave For Appeal .................................... 7

       A.      The Appeal Does Not Address A Controlling Question Of Law ......................... 7

       B.      There Are No Substantial Grounds For A Difference Of Opinion As To The Applicable Legal Standards ........................................................................... 8

       C.      An Interlocutory Appeal Will Not Materially Advance The Termination Of The Litigation ............................................................................................... 9

       D.      Other Factors Militate Against Interlocutory Appeal ......................................... 10

CONCLUSION .......................................................................................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ahrenholz v. Board of Trustees*,
219 F.3d 674 (7th Cir. 2000)...................................................................................8

*Aluminum Co. of Am. v. Beazer E., Inc.*,
124 F.3d 551 (3d Cir. 1997).....................................................................................6

*Behrens v. Pelletier*,
516 U.S. 299 (1996)..................................................................................................5

*Catlin v. United States*,
324 U.S. 229 (1945)..................................................................................................5

*Cofab, Inc. v. Phila. Joint Bd., Amalgamated Clothing & Textile Workers Union*,
141 F.3d 105 (3d Cir. 1998).....................................................................................6

*Cohen v. Beneficial Indus. Loan Corp.*,
337 U.S. 541 (1949)..................................................................................................6

*Cunningham v. Hamilton Cnty.*,
527 U.S. 198 (1999)..................................................................................................5

*Great Am. Ins. Co. v. Int'l Custom Prods.*,
No. 3:09-124, 2011 U.S. Dist. LEXIS 151378 (W.D. Pa. Oct. 31, 2011) ...............8

*In re Bank of New Eng. Corp.*,
218 B.R. 643 (B.A.P. 1st Cir. 1998) .......................................................................9

*In re Diet Drugs Prods. Liab. Litig.*,
401 F.3d 143 (3d Cir. 2005).....................................................................................6

*In re Enron Corp.*,
2007 U.S. Dist. LEXIS 70731 (S.D.N.Y. Sept. 24, 2007)......................................10

*In re Griffith Dev. Co.*,
2011 U.S. Dist. LEXIS 93880 (D. Del. Aug. 23, 2011) ..........................................7

*Mata v. Eclipse Aerospace, Inc. (In re AE Liquidation)*,
451 B.R. 343 (D. Del. 2011).............................................................................7, 9, 10

*Pandolfelli v. JPMorgan Chase Bank, N.A.*,
2011 U.S. Dist. LEXIS 26163 (D.N.J. Mar. 14, 2011).........................................8, 9

**STATUTES**

28 U.S.C. § 158(a)(1) ..................................................................................................5

28 U.S.C. § 158(a)(3) ...............................................................................................7, 9

28 U.S.C. § 1292(b) ..............................................................................................7, 8, 9

**OTHER AUTHORITIES**

Moore's Federal Practice, Civil § 203.31 ..................................................................8

Law Debenture Trust Company of New York ("<u>Law Debenture</u>"), as successor indenture trustee under that certain Indenture dated March 19, 1996 between Tribune Company ("<u>Tribune</u>" and with its debtor subsidiaries, the "<u>Debtors</u>") (successor to The Times Mirror Company) and Citibank, N.A., and Deutsche Bank Trust Company Americas ("<u>DBTCA</u>" and together with Law Debenture, the "<u>Senior Indenture Trustees</u>"), successor trustee under (i) that certain indenture dated March 1, 1992, by and between Tribune and Continental Bank, N.A.; (ii) that certain indenture dated January 30, 1995, by and between Tribune and First Interstate Bank of California; and (iii) that certain indenture dated January 1, 1997, by and between Tribune and Bank of Montreal Trust Company (collectively, the "<u>Senior Indentures</u>" and the notes and holders of notes issued pursuant to the Senior Indentures, respectively, the "<u>Senior Notes</u>" and the "<u>Senior Noteholders</u>"), by and through their undersigned counsel, hereby oppose (the "<u>Objection</u>") Wilmington Trust Company's ("<u>WTC</u>") *Motion For Leave To Appeal Bankruptcy Court's Decision On Allocation Disputes*, dated April 13, 2012 [Dkt. No. 11455] (the "<u>Motion</u>"). In support of their Objection, the Senior Indenture Trustees hereby incorporate each of their arguments set forth in the *Opposition of Law Debenture Trust Company of New York and Deutsche Bank Trust Company Americas To Wilmington Trust Company's Motion For Leave To Appeal Bankruptcy Court's Decision On Subordination*, dated January 24, 2012 [Dkt. No. 10702] (the "<u>First Opposition To Appeal</u>") and respectfully represent as follows:[1]

### **PRELIMINARY STATEMENT**

This Court should reject WTC's attempt to appeal the *Order Regarding Allocation Disputes*, dated April 9, 2012 [Dkt. No. 11338] (the "<u>Allocation Disputes Order</u>") and the *Memorandum Regarding Allocation Disputes* [Dkt. No. 11337] (the "<u>Allocation Disputes</u>

---

[1] Capitalized terms have the meanings in the Motion unless defined otherwise.

Memorandum") both as an appeal as a matter of right and as a request for leave to appeal an interlocutory order.  Similar to the arguments raised by the Senior Indenture Trustees in their First Opposition To Appeal, and as specifically stated multiple times by the Bankruptcy Court, the Allocation Disputes Order remains "subject to, conditioned upon, and for the purpose of obtaining confirmation of a chapter 11 plan . . . ."  *See* Allocation Disputes Order, at 1, 2; Allocation Disputes Memorandum, at 3, 49, 50.  The time for appellate litigation is not ripe and will not become ripe until and unless the plan currently pending before the Bankruptcy Court is confirmed.

    WTC may not appeal the Allocation Disputes Order as of right because it is not a final order, even under a more relaxed standard of finality that courts in this District apply to Bankruptcy Court orders.  The conditional language of the order explicitly provides that there remains additional work for the Bankruptcy Court.  This alone precludes any finding of finality.

    Moreover, none of the other factors upon which courts rely in determining whether an appeal as of right exists is present.  The appeal is neither capable of a quick determination, nor will its resolution eliminate the need for future litigation.  Indeed, the opposite is true.  WTC's appeal arises out of the Bankruptcy Court's interpretation of the PHONES Indenture.  The Bankruptcy Court did, and an appellate court would have to, engage in an in-depth analysis of the specific subordination provisions to decide the issues WTC seeks to have reviewed on appeal.  Though the Bankruptcy Court found the PHONES Indenture unambiguous, the issue is not susceptible to a quick determination.  Also, adjudicating WTC's appeal now only will lead to a bifurcation of appellate actions related to the distribution of estate assets and confirmation of a plan and will not eliminate any issue that the Bankruptcy Court must determine as part of confirmation.  Accordingly, the Senior Indenture Trustees submit that the prudent time for WTC

to seek to initiate such appellate litigation is following confirmation of the plan that actually sets forth the distribution scheme and satisfied the condition in the Allocation Disputes Order.

Similarly, the Allocation Disputes Order is not ripe for appellate review as either a collateral or interlocutory order. The collateral order doctrine is inapplicable because, absent confirmation of a plan of reorganization, the Allocation Disputes Order does not (i) conclusively determine the central issue of confirmation of a plan of reorganization, (ii) resolve an important issue separate from the merits of the overall confirmation litigation, and (iii) render the subordination issue unreviewable on appeal. As the Bankruptcy Court has not confirmed a plan of reorganization, the distribution of settlement proceeds has not been approved, no parties have realized recoveries, and there is minimal risk that, absent an immediate appeal, WTC may not seek review of the Bankruptcy Court's determination of all issues following confirmation.

WTC also fails to highlight a substantial difference of opinion regarding a single controlling question of law. Indeed, WTC previously admitted that the legal principles that govern the interpretation of the subordination provisions at issue are well-established. First Motion For Leave To Appeal, at 11. Instead, WTC merely highlights perceived faults with the Bankruptcy Court's interpretation of the subordination provisions of a specific indenture in the Allocation Disputes Order, as the Bankruptcy Court succinctly states "WTC argues merely that my previous analysis is wrong." Allocation Disputes Memorandum, at 11.

Finally, appellate review of the Allocation Disputes Order will not advance the Bankruptcy Court's adjudication of the remaining issues in connection with its consideration of confirmation of a plan of reorganization. To the contrary, confirmation will simply provide WTC with yet another order in addition to the Reconsideration Order and the Allocation Disputes Order from which to raise this same appeal.

Although WTC has made its disagreement with the Allocation Disputes Order clear, it has failed to satisfy the standards required to review that conditional order at this stage in the proceedings.  The Allocation Disputes Order is not final, does not constitute a collateral order, and certainly does not demand or even warrant immediate interlocutory appeal.  Accordingly, the Court should deny the Motion and dismiss the appeal.

## STATEMENT OF ADDITIONAL RELEVANT FACTS

Without repeating the relevant facts set forth by WTC in the Motion, the Senior Indenture Trustees wish to augment the factual background by addressing the following key facts.

On January 10, 2012, WTC filed its First Motion For Leave To Appeal [Dkt. No. 10582], appealing the Bankruptcy Court's Order Regarding Motions For Reconsideration Of The Confirmation Opinion And Order, dated, December 29, 2011 [Dkt. No. 10532] (the "Reconsideration Order").  In response, the DCL Proponents, the Senior Indenture Trustees and Aurelius Capital Management, L.P. each filed an objection (collectively, the "Objections").  *See* Dkt Nos. 10690, 10702, and 10703.[2]

On April 9, 2012, the Bankruptcy Court entered the Allocation Disputes Order and the Allocation Disputes Memorandum.  As it relates to the instant appeal, the Allocation Disputes Memorandum concluded that "the PHONES Indenture subordination provisions apply to any distribution of Settlement Proceeds and Creditors' Trust proceeds."  Allocation Disputes Memorandum, at 11.  The Bankruptcy Court based this conclusion on its Reconsideration Order in which it held that the PHONES Indenture subordination provisions apply to any distribution of Litigation Trust proceeds, reasoning that "[a]lthough the issue before me applies to different distributions than previously considered in the Reconsideration Decision, WTC's arguments are

---

[2]        A copy of each of the Objections is attached to the Declaration of Matthew B. Stein, dated May 7, 2012, as Exhibits A, B and C.

the same . . . . WTC has not provided any basis to differentiate between the Litigation Trust

Proceeds and the Settlement Proceeds or Creditors' Trust proceeds. WTC argues merely that my

previous analysis is wrong." *Id.* at 10-11.

On April 23, 2012, WTC filed its Motion, expressly incorporating and, to a large extent,

repeating the same arguments in support of its appeal that it raised in the First Motion To

Appeal.

## **ARGUMENT**

### I.     **The Orders Are Not Final**

WTC has improperly sought to appeal as of right the Orders even though they are not

final orders as required under 28 U.S.C. § 158(a)(1).  Section 158(a)(1) of the United States

Code provides, in pertinent part, that "the district courts of the United States shall have

jurisdiction to hear appeals from final judgments, orders, and decrees" of the bankruptcy courts.

28 U.S.C. § 158(a)(1).  A decision is final if it "ends the litigation on the merits and leaves

nothing for the court to do but execute the judgment."  *Catlin v. United States*, 324 U.S. 229, 233

(1945); *see also Cunningham v. Hamilton Cnty.*, 527 U.S. 198, 204 (1999).

Here, the Allocation Disputes Order and the Allocation Disputes Memorandum both

specifically provided that they were "subject to, conditioned upon, and for the purpose of

obtaining confirmation of a chapter 11 plan . . . ."  *See* Allocation Disputes Order, at 1, 2;

Allocation Disputes Memorandum, at 3, 49, 50.  Thus, the Allocation Disputes Order is not final,

but rather is conditioned on a subsequent, not yet entered, order.  There is no merit to WTC's

argument that "a disputed interpretation of the PHONES subordination was applied to

distributions of settlement proceeds in a final manner."  Motion, at 7.  The relief obtained in the

Allocation Disputes Order is conditional upon plan confirmation and is not fully consummated.

*See Behrens v. Pelletier*, 516 U.S. 299, 305 (1996) ("The requirement of finality precludes

consideration of decisions that are subject to revision, and even of 'fully consummated decisions [that] are but steps towards final judgment in which they will merge.'") (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949)).  An order is final only if it "is clearly intended by the court to be its final act in the proceeding."  *Aluminum Co. of Am. v. Beazer E., Inc.*, 124 F.3d 551, 559 (3d Cir. 1997).  The Bankruptcy Court has not ordered the distribution of settlement proceeds, let alone has it approved any such distribution at this time.  The conditional language of the Allocation Disputes Order is proof that the Bankruptcy Court never intended it to constitute a final order.  Thus, for the reasons set forth above and as detailed in the First Opposition To Appeal, an immediate appeal of the Allocation Disputes Order as a final order is not proper.

## II.    <u>The Collateral Order Doctrine Is Inapplicable</u>

WTC next claims, without explanation, that the collateral order doctrine provides an "independent basis" for an immediate appeal, incorporating by reference the same arguments raised in the First Motion For Leave To Appeal.  Motion, at 6 n.7.  For substantially similar reasons stated by the Senior Indenture Trustees in their First Opposition To Appeal, the collateral order doctrine is inapplicable here.  The issues that the Bankruptcy Court decided in the Allocation Disputes Order are not "effectively unreviewable on appeal from a final judgment" because WTC can attempt to challenge them at a later date if the Bankruptcy Court confirms a plan of reorganization.  *See In re Diet Drugs Prods. Liab. Litig.,* 401 F.3d 143, 159 (3d Cir. 2005) (holding that "to satisfy the 'unreviewability' prong, there must be a showing that disbursement of the fees might very well make them unrecoverable at the end of the litigation should they turn out to have been awarded in error.").  Accordingly, the Allocation Disputes Order does not fall within the "small class of collateral orders that are reviewable even though they do not terminate the underlying action."  *Cofab, Inc. v. Phila. Joint Bd., Amalgamated*

*Clothing & Textile Workers Union*, 141 F.3d 105, 110 (3d Cir. 1998) (order staying case pending resolution of related proceedings before NLRB not a collateral order); *see also Pruitt*, 910 F.2d 1160 (order withdrawing reference to bankruptcy court not collateral order).

## III.    This Court Should Deny WTC's Request For Leave For Appeal

As the Senior Trustees argued in detail in their First Opposition To Appeal, there is no legitimate basis for the Court to grant interlocutory review of the Bankruptcy Court's interpretation of the subordination language of the PHONES Indenture.  28 U.S.C. § 158(a)(3) governs interlocutory appeals from a Bankruptcy Court order and provides that the district courts shall have jurisdiction to hear interlocutory appeals "with leave of court."  28 U.S.C. § 158(a)(3). "In deciding whether an interlocutory order is appealable in the bankruptcy context, courts have typically borrowed the standard found in 28 U.S.C. § 1292(b), which governs whether an appeal of a district court's interlocutory order to a court of appeals is warranted."  *In re Griffith Dev. Co.*, 2011 U.S. Dist. LEXIS 93880, at *6-7 (D. Del. Aug. 23, 2011).  WTC has not satisfied any of the Section 1292(b) factors.

### A.    The Appeal Does Not Address A Controlling Question Of Law

WTC posits nothing beyond its self-serving conclusion that the interpretation of the PHONES Indenture is a controlling question of law.  To the contrary, the Bankruptcy Court's interpretation of the PHONES Indenture hinged not completely on legal issues (the applicable legal standard was not disputed) but on the specific language of the specific subordination provisions.

The requirement of a controlling question of law ensures that the appeal can be "reduced to a quick legal analysis amenable to decision quickly and cleanly without having to study the record."  *See Mata v. Eclipse Aerospace, Inc. (In re AE Liquidation)*, 451 B.R. 343, 347 (D. Del. 2011).  A "quick legal analysis" is impossible where, as here, the Bankruptcy Court's

determination was based upon its review of contractual language of the PHONES Indenture.  *See Ahrenholz v. Board of Trustees*, 219 F.3d 674, 676 (7th Cir. 2000) (holding that "the question of the meaning of a contract, though technically a question of law when there is no other evidence but the written contract itself, is not what the framers of section 1292(b) had in mind"); Moore's Federal Practice, Civil § 203.31 (same); *see also Great Am. Ins. Co. v. Int'l Custom Prods.*, No. 3:09-124, 2011 U.S. Dist. LEXIS 151378 (W.D. Pa. Oct. 31, 2011) (holding that "§ 1292(b) was not designed to secure interlocutory appellate review of the Court's interpretation of unambiguous contractual provisions.").  There is no hint in the Motion as to what WTC asserts is the outstanding legal issue in dispute.  Accordingly, WTC fails to establish the first standard necessary for the grant of an interlocutory appeal.

> **B.      There Are No Substantial Grounds For A Difference
> Of Opinion As To The Applicable Legal Standards**

WTC has not established that there is a substantial difference of opinion as to the contractual interpretation of the PHONES Indenture's subordination provisions.  To satisfy the second factor of § 1292(b), the difference of opinion "must arise out of genuine doubt as to the correct legal standard."  *SemCrude,* 2010 U.S. Dist. LEXIS 136391, at *13 (D. Del. Oct. 26, 2010) (denying leave to appeal where there was no evidence of "a divergence of opinions among courts so as to demonstrate doubt over the applicable legal standards"); *see also Pandolfelli v. JPMorgan Chase Bank, N.A.*, 2011 U.S. Dist. LEXIS 26163, at *5-6 (D.N.J. Mar. 14, 2011) (refusing to grant leave to appeal where challenged findings were factual and not legal in nature).  Inasmuch as the appeal does not address a controlling question of law, there can be no grounds for a substantial difference of opinion as to the applicable legal standards.

Furthermore, as argued above, there is no disagreement as to the applicable legal standard – only the interpretation made by the Bankruptcy Court.  Courts have found that contract

interpretation is not properly the subject of interlocutory appeal.  *See In re Bank of New Eng. Corp.*, 218 B.R. 643, 653 (B.A.P. 1st Cir. 1998) ("We conclude that, although Fleet and the trustee found room for argument concerning their contract's interpretation and its indemnification clause, the case specific issues raised on appeal do not rise to the level of difficulty and significance required under § 1292(b), and, therefore, they do not recommend our exercise of discretionary appellate jurisdiction under § 158(a)(3).").  Even if the facts are novel, the underlying legal standard is not and the absence of case law interpreting the very contractual language at issue here does not render the appellate issue novel.

Moreover, WTC argued in its First Motion For Leave To Appeal that the Bankruptcy Court interpretation of the PHONES Indenture erred in its application of "*well-established principles of bankruptcy law and contract interpretation.*"  First Motion For Leave To Appeal, at 11 (emphasis added).  If the legal principles at issue are well-established, then necessarily there exist no substantial grounds for dispute.  *See In re AE Liquidation,* 451 B.R. at 348 ("A movant's mere disagreement with the ruling is not a substantial ground for difference of opinion for Section 1292(b) purposes.") (internal quotations and citations omitted).  Accordingly, WTC fails to establish the second standard necessary for the grant of an interlocutory appeal.

C. **An Interlocutory Appeal Will Not Materially Advance The Termination Of The Litigation**

An interlocutory appeal here would only promote piecemeal consideration of the Bankruptcy Court's decision in the Reconsideration Order, the Allocation Disputes Order and eventually a confirmation order, generating judicial inefficiency and a proliferation of appeals.  *See In re AE Liquidation*, 451 B.R. at 348; *see also Pandolfelli*, 2011 U.S. Dist. LEXIS 26163, at *7 (refusing to grant leave to appeal because it "would not materially advance the ultimate termination of the litigation, but would instead cause only delay and additional expense to the

parties"); *see also In re Enron Corp.*, 2007 U.S. Dist. LEXIS 70731, at *8 (S.D.N.Y. Sept. 24, 2007) (finding that an interlocutory appeal only materially advances the ultimate termination of the litigation if it "promises to advance the time for trial or shorten the time required for trial.")

WTC's appeal will not advance the eventual distribution of assets or the settlement proceeds, which remains "subject to, conditioned upon, and for the purpose of obtaining confirmation of a chapter 11 plan . . . ." *See* Allocation Disputes Order, at 1, 2; Allocation Disputes Memorandum, at 3, 49, 50. Accordingly, WTC fails to establish the third element necessary for the grant of an interlocutory appeal.

### D.    Other Factors Militate Against Interlocutory Appeal

Even if WTC had met all three requirements for interlocutory appeal, "these three criteria do not limit the Court's discretion to grant or deny an interlocutory appeal." *In re AE Liquidation*, 451 B.R. at 346-47. For instance "leave to file an interlocutory appeal may be denied for entirely unrelated reasons such as the state of the appellate docket or the desire to have a full record before considering the disputed legal issue." *Id.*; *see also SemCrude*, 2010 U.S. Dist. LEXIS 136391 (same). Moreover, WTC never demonstrates the "exceptional circumstances" necessary to justify a departure from the basic policy of postponing review until after the entry of final judgment." *In re AE Liquidation*, 451 B.R. at 346. Accordingly inasmuch as the Bankruptcy Court has not considered much less confirmed a plan of reorganization, the Court must deny WTC's request for leave to appeal the issues that the Bankruptcy Court decided in the Reconsideration Order.

### CONCLUSION

WHEREFORE, for the reasons stated above, the Senior Indenture Trustees respectfully request that the Court (i) determine that WTC's appeal is not from a final order, (ii) refuse to

grant leave to appeal from the interlocutory orders, (iii) dismiss WTC's appeal, and (iv) grant

such other and further relief as is just and proper.

Dated:  May 7, 2012
            Wilmington, Delaware

                                                    Respectfully submitted,

KASOWITZ, BENSON, TORRES &           BIFFERATO GENTILOTTI LLC
    FRIEDMAN LLP
David S. Rosner                                      Garvan F. McDaniel_____
Sheron Korpus                                        Garvan F. McDaniel (I.D. No. 4167)
Christine A. Montenegro                        800 N. King Street, Plaza Level
Matthew B. Stein                                    Wilmington, Delaware 19801
1633 Broadway                                       302-429-1900
New York, New York 10019
212-506-1700

*Counsel for Law Debenture Trust Company of New York, solely in its capacity as successor
Indenture Trustee for certain series of Senior Notes*

McCARTER & ENGLISH, LLP               McCARTER & ENGLISH, LLP
David J. Adler
245 Park Avenue                                      James J. Freebery_____ _____
New York, New York 10167                    James J. Freebery (I.D. No. 3498)
212-609-6800                                           Renaissance Centre
                                                             405 N. King Street
                                                             Wilmington, Delaware 19801
                                                             302-984-6300

*Counsel for Deutsche Bank Trust Company Americas, solely in its capacity as successor
Indenture Trustee for certain series of Senior Notes*