UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered |

FEE EXAMINER'S FINAL REPORT REGARDING THE
SECOND QUARTERLY FEE APPLICATION OF DAVIS WRIGHT TREMAINE LLP

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Second Quarterly Fee Application of Davis Wright Tremaine LLP* [Docket No. 10633] (the "**Fee Application**"). The Fee Application seeks approval of fees that total $84,312.50 and reimbursement of expenses that total $4,186.38 for the period from December 1, 2010

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

through February 28, 2011. Davis Wright Tremaine LLP ("Davis") serves as special counsel to the debtors for certain media litigation matters.

## Background

1. On December 8, 2008 (the "**Petition Date**"), the Debtors commenced with this Court a voluntary case under Chapter 11 of the Bankruptcy Code. Under this Court's *Order Directing Joint Administration Chapter 11 Cases* on December 10, 2009, these cases are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules [Docket No. 43].

2. Davis previously provided services to the debtors as Ordinary Course Counsel, pursuant to the Court's *Order Allowing Compensation and Reimbursement of Expenses to Davis Wright Tremaine LLP for Services Rendered as Ordinary Course Counsel to the Debtors During the Period from March 1, 2010 through June 30, 2010.* [Docket No. 6567].

3. On November 2, 2010, the Debtors filed their Application for an Order Authorizing Debtors to Employ and Retain Davis Wright Tremaine LLP as Special Counsel to Los Angeles Times Communications LLC for Certain Media Litigation Matters Pursuant to 11 U.S.C. §§327(E) and 1107, *nunc pro tunc* to October 1, 2010 [Docket No. 6226]. On November 22, 2010, this Court issued its *Order Authorizing Debtors to Employ and Retain Davis Wright Tremaine LLP as Special Counsel to Los Angeles Time Communications LLC for Certain Media Litigation Matters Pursuant to 11 U.S.C. §§327(E) and 1107 nunc pro tunc to October 1, 2010.* [Docket No. 6552] (the "**Retention Order**").

4. Davis submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 225] (the "**Interim Compensation Order**").

## Applicable Standards

5. In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish

uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

6. The Fee Examiner reviewed the Fee Application for compliance with Sections 330 and 331 of the Bankruptcy Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

7. Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F)*.

8. A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

9. The Fee Examiner completed an evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to Davis for review and comment. Davis submitted a written response to the Fee Examiner. The Fee Examiner issues this final report (the "**Final Report**") "in a format designed to opine whether the requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines." *Fee Examiner Order ¶5.*

## DISCUSSION OF FINDINGS

### Technical Requirements

10. **Reconciliation of Fees and Expenses.** The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("**Fees Requested**" and "**Expenses Requested**") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("**Fees Computed**" and "**Expenses Computed**"). The recomputation of fees revealed that the Fees Computed are $0.56 more than the Fees Requested (after accounting for the discounts and reductions by the firm) due to rounding.

The Fee Examiner notes that Davis has provided discounts and reductions on the fees. Davis noted in the Application that it "represented multiple clients in some of these matters, one of which was Debtor. The 'Total Fees' amount reflected only includes the amount billed to Debtor." This

preliminary report is based on the fees computed by the Fee Examiner after adjusting hourly billing rates to reflect the discounts and reductions.

The recomputation of expenses revealed that the Expenses Requested are $14.00 more than the Expenses Computed. The expense detail provided for the December 2010 Monthly Application totals $256.00; however, the firm requested a total of $270.00 in expenses in the December 2010 Monthly Application. It appears that the December 2010 Monthly Application is missing detail itemization for $14.00 in the category of "parking." In accord with the Fee Examiner's calculations, the firm agreed to reduce its expense reimbursement request by $14.00.

The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

11. **Block Billing.** The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*. The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[2] The Delaware Bankruptcy Court has found that time entries that generally only combine work on one issue, and a conference/communication with the client or opposing counsel on the same issue, while technically block billing, will not be objectionable.[3] Davis block billed entries totaling 29.70 hours and $1,770.61 in associated fees, which were included in **Exhibit A** to the Preliminary Report. Based upon

---

[2] The judicial response to block billing varies. Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007). Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

[3] See *In re Worldwide Direct, Inc.*, 316 B.R. 637, 643 (Bankr. D. Del. 2004) (the court did disallow 100% of the block billed entries that combined more than one discrete task and issue from which it could not determine the amount of time that was allocated to each task).

the precedent established by this Court, however, the Fee Examiner found the firm's block billed entries were not objectionable. Exhibit A is omitted from this report.

12.     **Time Increments.**  The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*. The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*. The Fee Examiner confirmed that the firm recorded time entries in tenths of an hour.

## Review of Fees

13.     **Firm Staffing.**  The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*. The Fee Application provided the names, positions, and hourly rates of the 16 Davis professionals and paraprofessionals who billed to this matter, consisting of 7 partners, 1 of counsel, 3 associates, and 5 paralegals. A summary of hours and fees billed by each timekeeper is displayed in **Exhibit B**.[4]

The firm billed a total of 297.10 hours with associated fees of $84,313.06.[5] The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

---

[4] This Final Report includes exhibits that detail and support the findings discussed herein. Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits. For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

[5] This amount reflects the Fees Computed (after accounting for the discounts and reductions by the firm).

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 98.30 | 33% | $38,598.32 | 46% |
| Of Counsel | 2.90 | * | 1,231.32 | 1% |
| Associate | 170.70 | 57% | 40,655.72 | 48% |
| Paralegal | 25.20 | 8% | 3,827.70 | 5% |
| TOTAL | 297.10 | 100% | $84,313.06 | 100% |

\* Less than 1%

14. **Hourly Rate Increases.** Davis increased the hourly rates of timekeepers effective January 1, 2011.

15. **Timekeepers' Roles.** A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4)*. With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts. Each Davis timekeeper appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.

16. **Meetings, Conferences, Hearings, and Other Events.** The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" (*Local Rule 2016-2(d)(ix)*), and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*. While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified four occasions where two or more timekeepers attended the same meeting, conference, hearing, or other event. Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees. The entries, totaling 2.10 hours with $829.55 in associated fees, were displayed in **Exhibit C** to the Preliminary Report. In each instance where multiple timekeepers attended a meeting,

conference, hearing, or other event, the Fee Examiner identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the individual leading rather than observing a conference), typically the most senior attendee with the highest billing rate. The potentially duplicative and unnecessary timekeepers' entries totaled 1.30 hours with $438.21 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner requested the firm provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event.

In response, the firm provided additional detail regarding each of the questioned entries, which brought them into substantial compliance. Thus, the Fee Examiner makes no recommendation for a fee reduction and Exhibit C is omitted from this report.

17. **Intraoffice Conferences.** Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified billing activities by Davis timekeepers describing intraoffice conferences totaling 10.90 hours with $4,620.99 in associated fees, or approximately 5% of the total Fees Computed, as was displayed in **Exhibit D** to the Preliminary Report. Given the limited hours and fees resulting from intraoffice meetings, the Fee Examiner makes no recommendation for a fee reduction. Exhibit D is omitted from this report.

18. **Complete and Detailed Task Descriptions.** Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*. The UST Guidelines provide that

"time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines* ¶(b)(4)(v).

The Fee Examiner reviewed the substantive detail of each billing entry and identified 4.30 hours with $1,957.27 in associated fees where the billing narrative failed to disclose the subject matter of and/or participants to a communication. The entries were displayed in **Exhibit E** to the Preliminary Report. The Fee Examiner requested Davis provide sufficient detail for each time entry and in particular disclose the subject matter and participants of the questioned billing entries. In response, Davis expanded each of the questioned entries to include the missing subject matter and/or participants. Based on the revised fee entries, the Fee Examiner makes no recommendation for a fee reduction. Exhibit E is omitted from this report.

19. **Administrative Activities.** Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. The Fee Examiner did not identify any time entries describing administrative activity.

20. **Clerical Activities.** Clerical activities are tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel[6] or support tasks for which the firm charged greater than market rate. The Fee Examiner did not identify any fee entries describing clerical activities.

21. **Davis Retention/Compensation.** Davis billed 7.10 hours with associated fees of $1,118.25 to prepare the firm's retention documents and applications for compensation, or

---

[6] "Duties appropriate for office staff are considered part of a professional's overhead expenses and may not be billed to the estate." *Fibermark*, 349 B.R. at 397; *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758 769 (Bankr. E.D.N.Y. 2005) (overhead not compensable); *but see Bennett Funding*, 213 B.R. at 247-48 (discussing differing approaches to clerical work at professional rates). These overhead activities may include: mailing; photocopying, word processing (including the creation of templates), formatting, creating spreadsheets, printing, organizing files, checking for docket updates, creating binders, and secretarial overtime. *Fibermark*, 349 B.R. at 396-97.

approximately 1% of the Fees Computed. The fee entries describing Davis's retention/compensation activities are displayed in **Exhibit F**, which is included in the Final Report for the Court's reference.

### Review of Expenses

22. **Itemization of Expenses.** The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*. The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*. Davis provided an itemization for its expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

23. **Photocopies.** The Local Rules provide that copying charges shall not exceed $0.10 per page. *Local Rule 2016-2(e)(iii)*. Davis stated in the Application that it "charged the Debtors the maximum permitted amount of $.10 per page;" however, some of the charges appear to have been billed at a rate in excess of $0.10 per page. The Fee Examiner requested additional information with regard to the photocopy charges that were displayed in **Exhibit G** to the Preliminary Report. In response, the firm agreed to reduce its photocopy reimbursement request to $80.35, which resulted in an expense reduction of $129.73. The Fee Examiner makes no recommendation for an additional expense reduction and Exhibit G is omitted from this report.

24. **Computer Assisted Legal Research.** The Local Rules provide that computer assisted legal research charges "shall not be more than the actual cost." *Local Rule 2016-2 (e)(iii)*. Davis

requested reimbursement for computer assisted legal research charges totaling $383.13, and stated that the charges were "billed at cost."

25. **Transportation/Parking.** Davis requested reimbursement for parking charges that totaled $102.50, which were displayed in **Exhibit H** to the Preliminary Report. The Fee Examiner requested Davis provide additional information with regard to these charges, including an explanation for the necessity and purpose of each charge. In response, the firm provided sufficient detail to substantiate the necessity and purpose of the expenses and, thus, the Fee Examiner makes no recommendation for a reduction. Exhibit H is omitted from this report.

## CONCLUSION

The Fee Examiner submits this final report regarding the Fee Application and the fees and expenses discussed above. The Fee Examiner recommends the approval of fees in the amount of $84,312.50 and reimbursement of expenses in the amount of $4,042.65 ($4,186.38 minus $143.73) for the period from December 1, 2010 through February 28, 2011. The findings are set forth in the summary on the following page.

## DAVIS WRIGHT TREMAINE LLP

## SUMMARY OF FINDINGS

### Second Quarterly Fee Application (December 1, 2010 through February 28, 2011)

### A. Amounts Requested and Computed

| | | |
|---|---:|---:|
| Fees Requested | $84,312.50 | |
| Expenses Requested | 4,186.38 | |
| TOTAL FEES AND EXPENSES REQUESTED | | $88,498.88 |
| Fees Computed | $84,313.06 | |
| Expenses Computed | 4,172.38 | |
| TOTAL FEES AND EXPENSES COMPUTED | | $88,485.44 |
| Discrepancy in Fees (Rounding) | ($ 0.56) | |
| Discrepancy in Expenses | 14.00 | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $ 13.44 |

### B. Recommended Fee Allowance and Expense Reimbursement

| | | | |
|---|---:|---:|---:|
| Fees Requested | $84,312.50 | | |
| RECOMMENDED FEE ALLOWANCE | | | $84,312.50 |
| Expenses Requested | $4,186.38 | | |
| *Agreed Reduction for Discrepancy in Expenses* | | *($ 14.00)* | |
| *Agreed Reduction for Photocopies* | | *(129.73)* | |
| Subtotal | | *($143.73)* | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | | 4,042.65 |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | | $88,355.15 |

Respectfully submitted,

**STUART MAUE**

By: _____

John F. Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri 63044
Telephone: (314) 291-3030
Facsimile: (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 9th day of May, 2012.

David Klauder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
William E. Chipman Jr., Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for Prepetition Lenders, JP Morgan Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for Prepetition Lenders, JP Morgan Chase Bank, N.A.)

Gino Pasquale, Esq.
Davis Wright Tremaine LLP
865 South Figueroa Street, Suite 2400
Los Angeles, California 90017-2566

_____
John F. Theil, Esq.

-14-

EXHIBIT B

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Davis Wright Tremaine**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| SAGE | Sager, Kelli L. | PARTNER | $0.00 | $522.00 | 48.10 | $24,134.58 |
| WICK | Wickers IV, Alonzo | PARTNER | $424.35 | $468.00 | 23.30 | $10,856.39 |
| BAKE | Baker, Kraig | PARTNER | $409.50 | $409.50 | 6.60 | $2,702.70 |
| CARO | Carolan, Duffy | PARTNER | $21.51 | $69.81 | 15.40 | $485.81 |
| DRIS | Driscoll, Robert | PARTNER | $432.00 | $432.00 | 0.50 | $216.00 |
| WOOD | Woods, LaVerne | PARTNER | $562.50 | $562.50 | 0.20 | $112.50 |
| BURK | Burke, Thomas | PARTNER | $21.51 | $21.51 | 4.20 | $90.34 |
| | No. of Billers for Position: 7 | Blended Rate for Position: | $392.66 | | 98.30 | $38,598.32 |
| | | | | % of Total: | 33.09% | % of Total: 45.78% |
| LONR | London, Ronald | OF COUNSEL | $410.52 | $432.00 | 2.90 | $1,231.32 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $424.59 | | 2.90 | $1,231.32 |
| | | | | % of Total: | 0.98% | % of Total: 1.46% |
| GLAS | Glasser, Jeffrey D. | ASSOCIATE | $21.51 | $292.50 | 132.30 | $29,864.69 |
| KOHN | Kohn, Lisa J. | ASSOCIATE | $253.24 | $270.00 | 29.70 | $7,998.89 |
| HENR | Henry, Karen A. | ASSOCIATE | $303.19 | $337.50 | 8.70 | $2,792.15 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $238.17 | | 170.70 | $40,655.73 |
| | | | | % of Total: | 57.46% | % of Total: 48.22% |
| BRAM | Bradley, Michelle D. | PARALEGAL | $157.50 | $157.50 | 7.10 | $1,118.25 |
| GONZ | Gonzaque-Taylor, Wilhemina | PARALEGAL | $171.00 | $171.00 | 5.20 | $889.20 |
| PATT | Patterson, Allan | PARALEGAL | $202.50 | $202.50 | 4.10 | $830.25 |
| ROTH | Roth, Kristina | PARALEGAL | $112.50 | $112.50 | 5.30 | $596.25 |
| MARC | Marcos, Charlie | PARALEGAL | $112.50 | $112.50 | 3.50 | $393.75 |
| | No. of Billers for Position: 5 | Blended Rate for Position: | $151.89 | | 25.20 | $3,827.70 |
| | | | | % of Total: | 8.48% | % of Total: 4.54% |

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**
**COMPUTED AT STANDARD RATES**
**Davis Wright Tremaine**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| | Total No. of Billers: 16 | Blended Rate for Report: | $283.79 | | 297.10 | $84,313.06 |

EXHIBIT F

DAVIS RETENTION/COMPENSATION

Davis Wright Tremaine

| TIMEKEEPER NAME | HOURS | FEES |
|---|---:|---:|
| Bradley, M | 7.10 | 1,118.25 |
|  | 7.10 | $1,118.25 |

| MATTER NAME | HOURS | FEES |
|---|---:|---:|
| Bankruptcy | 7.10 | 1,118.25 |
|  | 7.10 | $1,118.25 |

EXHIBIT F
DAVIS RETENTION/COMPENSATION
Davis Wright Tremaine

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | | DESCRIPTION |
|---|---|---|---|---|---|---|
| 01/26/11 Wed | Bradley, M 5954331/56 | 1.00 | 1.00 | 157.50 | | MATTER NAME: Bankruptcy |
| | | | | | 1 | REVISE OCTOBER FEE APPLICATION |
| 01/27/11 Thu | Bradley, M 5954331/57 | 3.40 | 3.40 | 535.50 | | MATTER NAME: Bankruptcy |
| | | | | | 1 | DRAFT FEE AND COST CHARTS FOR FEE APPLICATION (NOVEMBER) |
| 01/31/11 Mon | Bradley, M 5954331/58 | 2.70 | 2.70 | 425.25 | | MATTER NAME: Bankruptcy |
| | | | | | 1 | PREPARE FEE AND COST CHARTS FOR FEE APPLICATION (DECEMBER) |
| Total Number of Entries: 3 | | | 7.10 | $1,118.25 | | |

EXHIBIT F
DAVIS RETENTION/COMPENSATION
Davis Wright Tremaine

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---:|---:|
| Bradley, M | 7.10 | 1,118.25 |
| | 7.10 | $1,118.25 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---:|---:|
| Bankruptcy | 7.10 | 1,118.25 |
| | 7.10 | $1,118.25 |