IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>Hearing Date: May 29, 2012 at 1:00 p.m. (ET)<br>Obj. Deadline: May 22, 2012 at 4:00 p.m. (ET) |

**MOTION OF DEBTORS FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105(A) AND 1112(B)(1) DISMISSING THE CHAPTER 11 CASE OF PUBLISHERS FOREST PRODUCTS CO. OF WASHINGTON AND DIRECTING THE USE OF AN AMENDED CAPTION IN THE DEBTORS' CASES**

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors"), by and through their undersigned counsel, hereby submit this motion (the "Motion") for entry of an order (i) dismissing the chapter 11 case of Publishers Forest Products Co. of Washington ("Publishers"), case number 08-13201,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

pursuant to sections 105(a) and 1112(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 1017 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and (ii) following such dismissal, directing the use of an amended caption in the Debtors' chapter 11 cases pursuant to sections 105(a) and 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005, 2002(m) and 2002(n) that deletes Publishers from the footnoted list of Debtors. The Debtors seek the dismissal of Publishers' chapter 11 case because Publishers is not a party to the Fourth Amended Joint Plan of Reorganization for the other Debtors that has been proposed to effect those Debtors' reorganization (the "Plan"), has no material assets, and is not a guarantor of any of Tribune Company's indebtedness. Furthermore, the three (3) third-party claims that have been asserted against Publishers (including a potential environmental claim relating to land formerly owned by Publishers in Washington state) can be properly addressed in a non-bankruptcy setting that does not impact the other Debtors and their reorganization. In support of this Motion, the Debtors respectfully represent as follows:

## STATUS OF CASE AND JURISDICTION

1. On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC (f/k/a Chicago National League Ball Club, LLC), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 111 entities.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). [Docket Nos. 43, 2333.]

46429/0001-8531962v1

3. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors in these cases (the "Committee").

5. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The predicates for the relief sought herein are §§ 105(a), 342(c)(1), and 1112(b) of the Bankruptcy Code and Bankruptcy Rules 1005, 1017, 2002(m), 2002(n), and 9014.

## RELEVANT BACKGROUND

**I.   Background as to Publishers**

6. Publishers was incorporated in Washington state in 1969 and was formerly a subsidiary of Times Mirror Company. Publishers became a direct subsidiary of Tribune as part of Tribune's March 2000 merger with Times Mirror Company. As best as the Debtors have been able to determine, Publishers has not had active business operations since 1984. Publishers' only assets, as disclosed in its Schedules, are various mineral and similar rights relating to certain real property, which the Debtors have scheduled in an indeterminate amount. The Debtors believe that these rights have little value.[2]

7. Publishers is not a guarantor of Tribune's obligations under the Senior Loan Agreement or the Bridge Loan Agreement, as each of those terms is defined in the Plan.

---

[2] By way of illustration, Publishers was assessed 2012 personal property taxes totaling $135.05 in the aggregate for the thirteen (13) parcels identified on Publishers' Schedule A. The taxing authority, Whatcom County Treasurer, valued Publishers' property rights at $12,965.00 in the aggregate for the purposes of that tax assessment. Copies of Publishers' 2012 tax assessments will be provided to the Court upon request.

3

46429/0001-8531962v1

There are only two (2) unsecured claims against Publishers shown on its Schedules of Assets and Liabilities, each of which is owed to another Tribune entity (specifically, one claim owed to Times Mirror Land and Timber Company for $0.28, and a second claim owed to Tribune for $42.23). In addition, three (3) proofs of claim were filed by third-party creditors in Publishers' chapter 11 case. Two of the claims, filed by The Travelers Indemnity Company (Claim No. 5469) and Valuation Research Corporation (Claim No. 4026), do not appear to be predicated on any independent business relationship with or liability incurred by Publishers. The parties asserting those claims filed similar, if not identical, claims in all or substantially all of the Debtors' chapter 11 cases, and accordingly appear to have asserted claims against Publishers in the course of asserting claims against all of the Debtors.

        8.     The third claim was filed on May 20, 2010, by GBH Investments, LLC ("GBH") (Claim No. 6480) (the "GBH Claim", a copy of which is attached hereto as Exhibit A). The GBH Claim asserts an unliquidated claim in the amount of "$10 million - $13 million" based on the alleged joint and several liability of Publishers for environmental cleanup costs that GBH asserts will be incurred in connection with the environmental remediation of a piece of land in Anacortes, Washington, which GBH – a business entity unaffiliated with the Debtors – asserts it now owns (the "Land"). GBH alleges that Publishers owned the Land from 1969 to 1984. (See Claim No. 6480, Summary of Basis of Claim at 2.)[3] Through the GBH Claim, GBH appears to assert a contribution claim against Publishers based on GBH's belief that Publishers is one of a series of owners of the Land during the history of the alleged contamination of the Land due to industrial operations, which GBH contends lasted from "the early 1900's [sic] to 1992". (Id.) According to the GBH Claim, GBH entered into a settlement agreement with the

---

[3] Neither the State of Washington nor any entity other than GBH has asserted a claim against Publishers relating to the Land. Further, GBH has not filed a proof of claim against any other Debtors.

Washington State Department of Ecology to remediate the Land on March 11, 2008. (Id.) The estimated total cost of the remediation is $10-13 million. (Id.) GBH asserts in the GBH Claim that Publishers "is jointly and severally liable for clean up costs pursuant to RCW 70.105D.040 [– Hazardous Waste Cleanup – Model Toxics Control Act]." (Id.)

9.  Publishers disputes the GBH Claim both on the merits and procedurally, given that, among other things, the GBH Claim was filed well after the bar date established for filing claims in the Debtors' cases. (See Bar Date Order, Docket No. 813, establishing June 12, 2009 as the Bar Date.) GBH has neither sought nor obtained an order from this Court to deem the GBH Claim as timely-filed, and GBH's counsel has withdrawn its appearance in the Debtors' cases. (See Docket Nos. 4938, 9222.) Until the GBH Claim was filed, Publishers had no knowledge of the GBH Claim. However, given that Publishers has no material assets to satisfy the GBH Claim in or out of chapter 11, no operations to reorganize, no added value to the Debtors' business going forward, and no other material liabilities to restructure, Publishers and the other Debtors seek the dismissal of Publishers' chapter 11 case.

10. The Debtors are presently evaluating options for Publishers. Among the options under consideration is seeking the dissolution of Publishers in accordance with Washington state law following such dismissal. However, whether such dissolution proceedings are commenced or not, dismissal of Publishers' chapter 11 case will allow any liability of Publishers to GBH (or any other third party) to be addressed in an appropriate non-bankruptcy forum without affecting the reorganization of the other Debtors under the Plan, while taking into account the immaterial assets owned by Publishers.

## RELIEF REQUESTED

11. By this Motion, the Debtors request that the Court dismiss, for cause, the chapter 11 case of Publishers, case number 08-13201, and, following such dismissal, direct the use of an amended caption that has been revised to exclude Publishers in the footnoted list of Debtors, as contained in <u>Exhibit B</u> attached hereto and attached to the form of proposed order submitted herewith.

## BASIS FOR RELIEF REQUESTED

I. **The Publishers Case Should be Dismissed "For Cause" under Section 1112(b) of the Bankruptcy Code.**

12. Section 1112(b) of the Bankruptcy Code allows the Court to dismiss a bankruptcy case "for cause" and states in pertinent part:

> (b)(1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause ....

11 U.S.C. § 1112(b)(1). Section 1112(b)(4) provides sixteen examples which constitute statutory cause.[4] However, the factors enumerated in section 1112(b)(4) are not exhaustive. <u>See, e.g.</u>, <u>In</u>

---

[4] The examples enumerated under section 1112 include the following:
(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
(B) gross mismanagement of the estate;
(C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
(D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;
(E) failure to comply with an order of the court;
(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
(G) failure to attend the meeting of creditors convened under section 341 (a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;
(H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);
(I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;
(J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;
(K) failure to pay any fees or charges required under chapter 123 of title 28;

6

re Brewery Park Assocs., L.P., 2011 Bankr. LEXIS 1596, at *43 (Bankr. E.D. Pa. Apr. 29, 2011) ("The term 'cause' is not defined by the statute; the examples provided by subsection 1112(b)(4) are meant to be nonexclusive."); In re Broad Creek Edgewater, LP, 371 B.R. 752, 759 n.8 (Bankr. D.S.C. 2007) ("Section 1112(b)(4) contains a nonexclusive list of sixteen scenarios which constitute cause."); see also In re Brown, 951 F.2d 564, 572 (3d Cir. 1991) ("the 'list is not exhaustive' and courts should 'consider other factors as they arise'") (citing S. Rep. No. 989, 95th Cong., 2d Sess. 117 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5903; H.R. Rep. No. 595, 95th Cong., 1st Sess. 406 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6362); Hall v. Vance, 887 F.2d 1041, 1044 (10th Cir. 1989) (same).

13. Section 1112(b) grants the bankruptcy court broad equitable discretion to grant relief based upon the particular facts and circumstances of the case. See, e.g., In re Albany Partners, Ltd., 749 F.2d 670, 674 (11th Cir. 1984) ("[T]he determination of cause under § 1112(b) is subject to judicial discretion under the circumstances of each case."). Generally, a court should examine the "totality of the circumstances" in considering relief under section 1112(b). Perlin v. Hitachi Capital Am. Corp., 497 F.3d 364, 372 (3d Cir. 2007).

A. **Cause Exists to Dismiss the Publishers Case**

14. In this case, "cause" to dismiss Publishers' case exists because (i) it has no material assets, (ii) it has no active business to reorganize, (iii) the Debtors have determined that Publishers has no value to their business operations going forward, (iv) Publishers is not a party

---

(L) revocation of an order of confirmation under section 1144;
(M) inability to effectuate substantial consummation of a confirmed plan;
(N) material default by the debtor with respect to a confirmed plan;
(O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and
(P) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.
11 U.S.C. § 1112(b)(4).

46429/0001-8531962v1

to the Plan, and (v) any claims against Publishers will receive little or no recovery whether or not Publishers remains in chapter 11.

15. It is beyond dispute that Publishers has no material assets and no operations to reorganize. Specifically, the Debtors have no records that indicates that Publishers has had any operations since it divested the Land in 1984. Its sole asset consists of mineral and similar rights relating to certain real property in Washington state (unrelated to the Land), which have no material value and will not be utilized in the Debtors' ongoing business. Moreover, the Debtors have reviewed the status of Publishers as a part of their business enterprise going forward and have determined that Publishers is unnecessary to their operations. In accordance with that review, the Debtors, along with the other co-proponents of the Plan, removed Publishers from the list of Debtors that would be parties to the Plan in February 2012. All of these factors demonstrate that no benefit is achieved by keeping Publishers in chapter 11.

16. In addition, as a stand-alone entity not party to the Plan, Publishers has no realistic prospect of reorganizing in chapter 11. It will neither have an active business going forward nor be a useful part of the Debtors' business enterprise, and claims against it would receive little or no recovery. In addition, even though Publishers and the other Debtors dispute the GBH Claim (as the one third-party claim specifically asserted against Publishers), and are unsure whether it is still being pursued by GBH, the presence of the GBH Claim against Publishers may present a substantial hurdle to proposing and consummating a chapter 11 plan for Publishers. Under such circumstances, dismissal of Publishers' chapter 11 case is warranted. Cf. In re SB Properties, Inc., 185 B.R. 206, 208-09 (Bankr. E.D. Pa. 1995), appeal dismissed, 185 B.R. 198 (E.D. Pa. 1995) (if a bankruptcy case involves what is basically a two-party dispute that can adequately be resolved in state court, the case should be dismissed).

17. Courts have held that cause exists to dismiss a chapter 11 case where a debtor has little or no assets and, as a result, there is an inability to confirm a plan. See, e.g., In re Roma Group, Inc., 165 B.R. 779, 780 (S.D.N.Y. 1994) ("Lack of assets ... makes it unlikely that an effective plan of rehabilitation as required under chapter 11 could be formed or filed and supports dismissal of the chapter 11 case."); In re Preferred Door Co., Inc., 990 F.2d 547 (10th Cir. 1993) (dismissal was warranted where the debtor lacked the ability to effectuate a plan); In re Cohoes Indus. Terminal, Inc., 65 B.R. 918, 922 (Bankr. S.D.N.Y. 1986) (where there is no distribution for unsecured claims, rehabilitation is unlikely and hence dismissal is justified).

### B. Dismissal of the Publishers Case is in the Best Interest of Creditors and the Estate

18. After making the "threshold determination that cause exists, the court must then decide whether conversion or dismissal 'is in the best interest of creditors and the estate.'" In re Nugelt, Inc., 142 B.R. 661, 665 (Bankr. D. Del. 1992) (citing 11 U.S.C. § 1112(b); In re Mech. Maint., Inc., 128 B.R. 382, 386 (E.D. Pa. 1991)). See also In re Superior Siding & Window, Inc., 14 F.3d 240, 242 (4th Cir. 1994) ("A motion filed under this section involves a two-step analysis, first to determine whether 'cause' exists either to dismiss or to convert the Chapter 11 proceeding to a Chapter 7 proceeding, and second to determine which option is in 'the best interest of creditors and the estate.'").

19. The Debtors have already demonstrated that cause exists to dismiss or convert Publishers' chapter 11 case because Publishers has no material assets and is therefore unable plausibly to propose stand-alone plan of reorganization. In choosing between dismissal or conversion, it is apparent that conversion of Publishers' chapter 11 case to a chapter 7 case provides no benefit to creditors or the estate. Publishers has no material assets to distribute to unsecured creditors or pay a chapter 7 trustee. It has no pending plan for its reorganization or

liquidation. Any claims against it can be more effectively addressed outside of the bankruptcy context. Based on these factors, a chapter 7 case for Publishers would be a futile exercise. Dismissal of Publishers' chapter 11 case is the only realistic path forward for Publishers, and hence such dismissal should be ordered by the Court.

20. Furthermore, dismissal does not prejudice any of the creditors of Publishers' estate, because those parties will retain the ability to pursue their claims in an appropriate non-bankruptcy forum, including in connection with any dissolution of Publishers under Washington state law. Only three third-party claims were asserted against Publishers in its chapter 11 case, and two of those three claims (those of The Travelers Indemnity Company and Valuation Research Corporation) were asserted in an indiscriminate fashion against all or nearly all of the Debtors. The third claim – the GBH Claim – is (to the extent that it is still being pursued) asserted by an entity in Washington state that would presumably be better able to pursue any legitimate claims it may have in proceedings there. Therefore, taken together with the factors already shown that constitute "cause" to dismiss Publishers' chapter 11 case, dismissal is in the best interest of the creditors and the estate.

21. When dismissal would not "impair the rights" of the creditors, and when the estate has no assets to distribute, "conversion to Chapter 7 would be futile." In re Winshall Settlor's Trust, 758 F.2d 1136, 1138 (6th Cir. 1985). In addition, courts have generally granted a higher level of deference to a debtor's request for dismissal of a chapter 11 case when compared to a request made by a creditor or other third party. See, e.g., In re Geller, 74 B.R. 685, 689 (Bankr. E.D. Pa. 1987) ("Generally, a debtor wishing dismissal of a case should obtain this result in all but extraordinary situations.").

46429/0001-8531962v1

## II. The Court Should Direct the Use of an Amended Caption Upon Dismissal of Publishers under Sections 105(a) and 342(c)(1) of the Bankruptcy Code.

22. The Court has the authority to direct the use of an amended caption under sections 105(a) and 342(c)(1) of the Bankruptcy Code, as well as Bankruptcy Rules 1005, 2002(m), and 2002(n). Section 342(c) of the Bankruptcy Code requires, in relevant part, that notices "required to be given by the debtor to a creditor … shall contain the name, address, and last 4 digits of the taxpayer identification number of the debtor." 11 U.S.C. § 342(c)(1). Similarly, Bankruptcy Rule 1005 requires that a proper caption include the name of the debtor and last four digits of the taxpayer identification number of the debtor.

23. Section 105(a) provides this Court with the authority to issue orders that are necessary to carry out the provisions of the Bankruptcy Code. 11 U.S.C. § 105(a). Bankruptcy Rule 2002(m) provides that the "court may from time to time enter orders designating … the form and manner in which notices shall be sent" and Bankruptcy Rule 2002(n) requires that the caption of every notice includes the information required to be in the notice by section 342(c) and Bankruptcy Rule 1005. Here, given the requested dismissal of Publishers' chapter 11 case, it is necessary, appropriate, and in the best interest of the Debtors' estates, creditors, and other parties-in-interest to modify the caption of the Debtors' chapter 11 cases by removing "Publishers Forest Products Co. of Washington (4750)" from the footnoted list of Debtors, as set forth in <u>Exhibit B</u> hereto.

24. This Court has already granted similar relief in different circumstances in these chapter 11 cases where a Debtor's chapter 11 case has been dismissed. (<u>See</u> Docket No. 3805, Order Dismissing Chapter 11 Case of New River Center Maintenance Association, Inc. and providing for a modification to the caption of the remaining Debtors' chapter 11 cases.)

11

## CONCLUSION

25.     Based upon the foregoing, the statutory bases for dismissal are met. Publishers has no business operations to reorganize, no material assets to distribute, and no plan of reorganization pending for it. Moreover, any third-party claims against Publishers are either claims that appear to have been asserted broadly against all of the Debtors without any specific focus on Publishers or, in the case of the GBH Claim, could be better asserted by the claimant without the continued pendency of the chapter 11 case for Publishers. Accordingly, the Debtors respectfully request that this Court enter an order dismissing Publishers' chapter 11 case.

## NO PRIOR REQUEST

26.     No request for the relief requested herein has been made by the Debtors to this or any other court.

## NOTICE

27.     Notice of this Motion has been provided to (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel to the administrative agents for Tribune's prepetition loan facilities; (iv) counsel to the administrative agent for the Debtors' post-petition loan facility; (v) all creditors having filed proofs of claim in chapter 11 case number 08-13201; (vi) all creditors having been scheduled with claims in chapter 11 case number 08-13201; and (vii) all parties having requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

[Remainder of Page Intentionally Left Blank]

WHEREFORE, the Debtors respectfully request that this Court enter an order in substantially the form attached hereto (i) dismissing Publishers' chapter 11 case; (ii) directing the use of an amended caption; and (iii) granting such other and further relief as is just and proper.

Dated: Wilmington, Delaware
       May 11, 2012

                      SIDLEY AUSTIN LLP
                      James F. Conlan
                      Kevin T. Lantry
                      Kenneth P. Kansa
                      Lydia R. H. Slaby
                      One South Dearborn Street
                      Chicago, IL 60603
                      Telephone: (312) 853-0199
                      Facsimile: (312) 853-7036

                      -and-

                      COLE, SCHOTZ, MEISEL,
                      FORMAN & LEONARD, P.A.

                      By: /s/ *[signature]*
                      Norman L. Pernick (No. 2290)
                      J. Kate Stickles (No. 2917)
                      Patrick J. Reilley (No. 4451)
                      500 Delaware Avenue, Suite 1410
                      Wilmington, DE 19801
                      Telephone: (302) 652-3131
                      Facsimile: (302) 652-3117

                      Counsel for Debtors and Debtors in Possession

46429/0001-8531962v1