IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br>Jointly Administered<br><br>Hearing Date: May 29, 2012 at 1:00 p.m. (ET)<br>Objection Deadline: May 22, 2012 at 4:00 p.m. (ET)<br>Related to Docket Nos. 6753, 7165, 9230, 9343, 10464, and 10557 |

## SECOND SUPPLEMENTAL MOTION TO EXTEND STAY OF AVOIDANCE ACTIONS COMMENCED BY THE DEBTORS PURSUANT TO 11 U.S.C. § 105(A)

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors"), by and through their undersigned counsel, hereby move this Court (the "Motion") for entry of an order pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") further extending the "Termination Date" in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-8533617v1

the Order Staying Avoidance Actions Commenced by the Debtors Pursuant to 11 U.S.C. § 105(a) dated December 14, 2010 (Docket No. 7165) (the "Stay Order"), as supplemented by (i) the Order Granting Motion to Extend Stay of Avoidance Actions Commenced by the Debtors Pursuant to 11 U.S.C. § 105(a) dated June 24, 2011 (Docket No. 9343 (the "Stay Extension Order"), and (ii) the Order Granting Supplemental Motion to Extend Stay of Avoidance Actions Commenced by the Debtors Pursuant to 11 U.S.C. § 105(a) dated January 9, 2012 (Docket No. 10557) (the "Supplemental Stay Extension Order") from June 30, 2012 through and including the date that is ninety (90) days after the Effective Date of the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A. (Docket No. 11399) (as may be further amended, modified, or supplemented from time to time, the "DCL Plan"). In support of this Motion, the Debtors state as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.[2] In all, the Debtors comprise 111 entities.

2. On December 18, 2008, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee").

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief

---

[2] An additional Debtor, Tribune CNLBC, LLC, formerly known as Chicago National League Ball Club, LLC, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.

sought herein are section 105(a) of the Bankruptcy Code and Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND TO THE MOTION AND RELIEF REQUESTED

4. Pursuant to Bankruptcy Code section 546(a), the bar date for commencing avoidance actions in these cases was December 8, 2010 (the "Avoidance Bar Date"). On or prior to the Avoidance Bar Date, the Debtors commenced approximately ninety-four (94) preference and fraudulent conveyance avoidance actions against third parties (the "Avoidance Actions") and entered into tolling agreements with 127 third parties to extend the applicable statute of limitations for purposes of initiating potential avoidance actions against parties to such tolling agreements.

5. By motion dated December 3, 2010 (Docket No. 6753) (the "Stay Motion"), the Debtors requested that this Court stay the further prosecution of the Avoidance Actions that were initiated by the Debtors in order to conserve estate resources and preserve the status quo pending the outcome of the proceedings relating to the confirmation of the prior version of the DCL Plan and the competing plan of reorganization proposed by Aurelius Capital Management LP and the Indenture Trustees for the Senior Notes and the PHONES Notes (the "Noteholder Plan" and, together with the DCL Plan, the "Competing Plans"). On December 14, 2010, the Court entered the Stay Order, which provided for a broad stay of the Avoidance Actions until June 30, 2011 (the "Stay").

6. In pertinent part, the Stay Order provides that:

(a) After the Avoidance Actions are filed and served they shall be deemed immediately stayed, except as set forth below, until June 30, 2011 ("Termination Date").

3

46429/0001-8533617v1

> (b) All applicable deadlines, other than those applicable to the discovery set forth herein, are suspended during the period of the Stay.
>
> (c) All motion practice (other than motions respecting confidentiality, motions to lift, extend or otherwise respecting the Stay, motions with respect to the discovery permitted by this Order, motions to intervene, and motions regarding settlement) and contested hearings or trials are prohibited.
>
> (d) Notwithstanding the foregoing, during the period the Stay is in effect, the Debtors may (a) consistent with applicable Federal Rules of Bankruptcy Procedure, amend the complaints in the Avoidance Actions, (b) complete service of the complaints in the Avoidance Actions, and (c) take such steps, including immediately pursuing discovery, as are necessary for the purpose of preventing applicable statutes of limitations or other time-related defenses from barring any of the claims asserted in the Avoidance Actions.
>
> (e) During the pendency of the Stay, no defendant to the Avoidance Actions shall answer or otherwise respond to complaints filed therein and all rights of such defendants, including the right to move to dismiss the Avoidance Actions following expiration of the Stay, shall be fully preserved.

See Stay Order at 2.

7. By motions dated June 10, 2011 (Docket No. 9232) (the "Stay Extension Motion") and December 16, 2011 (Docket No. 10464) (the "Supplemental Stay Extension Motion"), the Debtors requested that this Court modify the Termination Date set forth in the Stay Order to further extend the Stay pending confirmation of a plan of reorganization for the Debtors. The Court approved those requests in the Stay Extension Order and the Supplemental Stay Extension Order, respectively. The current Termination Date applicable to the Stay is June 30, 2012. Consistent with the Stay Order, the Stay Extension Order, and the Supplemental Stay Extension Order, the Avoidance Actions commenced by the Debtors have remained stayed and none of the Avoidance Actions have been settled.[3]

---

[3] On December 16, 2011, the Debtors filed a Notice of Dismissal of Adversary Proceeding in Case No. 10-55941 asserted against Howe Sound Pulp and Paper LP, n/k/a 6382 Pulp & Paper Limited Partnership. That entity filed for bankruptcy protection under Canadian law on January 27, 2011, and subsequently issued a distribution to the Debtors on account of the transfers sought to be avoided and recovered by the adversary proceeding.

4

8. This Court has scheduled a hearing to consider confirmation of the DCL Plan commencing on June 7, 2012. However, it is likely that the Effective Date of the DCL Plan (as that term is defined in the DCL Plan) will not occur prior to the expiration of the stay on June 30, 2012.

9. Therefore, in order to maintain the status quo pending the anticipated confirmation and effectiveness of the DCL Plan, the Debtors seek entry of an order further extending the Stay of the Avoidance Actions from December 30, 2011 through and including the date that is ninety (90) days from the Effective Date of the DCL Plan, which will permit the parties to continue to enjoy the benefits of the Stay pending a ruling on confirmation of the DCL Plan. In order to effectuate the further extension of the Stay of the Avoidance Actions, the Debtors request that a copy of the Order granting the relief requested herein be entered on the docket in each of the Avoidance Actions. Finally, the Debtors request that any Order granting this relief provide that the Stay may be lifted or further extended by the Court for cause shown, after notice and a hearing.

## BASIS FOR RELIEF

10. The Court has inherent authority and jurisdiction to consider and enforce the terms of the orders it enters, including the Stay Order. See Langston Law Firm v. Miss., 410 B.R. 150, 155 (S.D.N.Y. 2008) ("Bankruptcy courts have inherent or ancillary jurisdiction to interpret and enforce their own orders wholly independent of the statutory grant of jurisdiction under 28 U.S.C. § 1334.") (quoting In re Chateaugay Corp., 201 B.R. 48, 62 (Bankr. S.D.N.Y. 1996)); see also In re Fibermark, 369 B.R. 761, 765 (Bankr. D. Vt. 2007); In re White Motor Credit Corp., 75 B.R. 944, 947-48 (Bankr. N.D. Ohio 1987).

11. Many of the claims that are the subject of Avoidance Actions in these cases may be eliminated, reduced, or modified in the event the DCL Plan is confirmed, because

the DCL Plan provides for full payment to general unsecured creditors of the subsidiary Debtors. Accordingly, the Debtors believe it is prudent to continue to the Stay until the DCL Plan is confirmed so that the Debtors will know with certainty whether certain of the Avoidance Actions will be pursued. Under these circumstances, an extension of the Stay of the Avoidance Actions is in the best interests of the estates.

12. Extending the June 30, 2012 Termination Date to a date that is ninety (90) days from the Effective Date of the DCL Plan will conserve estate resources, avoid litigation that otherwise might be resolved in part by the confirmation of the DCL Plan, and permit the parties to focus on confirmation and issues directly related to the DCL Plan. The further extension appropriately preserves the status quo while this Court considers confirmation of the DCL Plan and the Debtors take the steps necessary to satisfy the preconditions to a confirmed plan becoming effective, including, but not limited to, obtaining approval from the Federal Communications Commission.

13. The extension of the Stay of the Avoidance Actions will not prejudice any of the defendants to the Avoidance Actions, who will similarly conserve their resources until a final resolution is reached on the DCL Plan and the Debtors determine the appropriate course of action on the Avoidance Actions based on that resolution. In order to provide all parties with certainty as to when the Stay will terminate, on the Effective Date of the DCL Plan or as soon as practicable thereafter, the Debtors will file a notice of the occurrence of the Effective Date on the docket in each of the Avoidance Actions and serve such notice on all defendants to the Avoidance Actions.

46429/0001-8533617v1

## NO PRIOR REQUEST

14. No prior request for the relief sought herein has been made by the Debtors in this or any Court.

## NOTICE

15. Notice of this Motion has been provided by electronic mail, hand delivery or first class mail to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel to the administrative agents for Tribune's prepetition loan facilities; (iv) counsel to the administrative agent for the Debtors' post-petition loan facility; (v) the indenture trustees for Tribune's prepetition notes; and (vi) all parties having requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, extending the Stay of the Avoidance Actions from June 30, 2012 to the date that is ninety (90) days after the Effective Date of the DCL Plan, and granting such other relief as the Court deems just and proper.

Dated: Wilmington, Delaware
      May 11, 2012

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Kevin T. Lantry
Dennis M. Twomey
Jillian K. Ludwig
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION