IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------X
In re:                                              :     Chapter 11 Cases
                                                    :
TRIBUNE COMPANY, et al.,                            :     Case No. 08-13141 (KJC)
                                                    :     (Jointly Administered)
       Debtors.                                     :
                                                    :
----------------------------------------------------X

### CERTIFICATION OF COUNSEL REGARDING STIPULATION BETWEEN DEBTORS AND WILMINGTON TRUST COMPANY REGARDING TEMPORARY ALLOWANCE OF CLAIMS FOR VOTING PURPOSES ONLY PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 3018(a)

The undersigned, counsel for Wilmington Trust Company in the above-captioned case, hereby certifies as follows:

1. On April 17, 2012, the Court entered the *Order (I) Approving Supplemental Disclosure Document; (II) Establishing Scope, Forms, Procedures, and Deadlines for Resolicitation and Tabulation of Votes to Accept or Reject DCL plan from Certain Classes; (III) Authorizing Tabulation of Prior Votes and Elections on DCL Plan Made by Holders of Claims in Non-Resolicited Classes; (IV) Scheduling the Confirmation Hearing and Establishing Notice and Objection Procedures in Respect Thereof; and (V) Granting Related Relief* (the "Solicitation Order")(D.I. 10692), which, *inter alia*, established procedures for the resolicitation of votes with respect to the Fourth Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries.

2. Paragraph 19 of the Solicitation Order establishes May 11, 2012 as the deadline for the Holder of a Claim seeking to have its Claim allowed for voting purposes in an amount other than the amount specified by the Debtors on the Supplemental

Ballot(s) it receives to file a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "3018 Motion").

3. Wilmington Trust Company seeks to have its claim for fees (the "WTC Fee Claim") allowed, for voting purposes only, in the amount and classification set forth in the Declaration of Gordon Novod (D.I. 11602) submitted in connection with the Stipulation identified in paragraph 4 below.

4. The Debtors and Wilmington Trust have discussed this matter and have reached an agreement to temporarily allow the WTC Fees Claim solely for the purposes of voting on the Fourth Amended DCL Plan. Accordingly, the Debtors and Wilmington Trust have entered into the *Stipulation Between Debtors and Wilmington Trust Company Regarding Temporary Allowance of Claims for Voting Purposes Only Pursuant to Federal Rule of Bankruptcy Procedure 3018(a)* (the "Stipulation") which is attached as Exhibit A to the order submitted herewith.

WHEREFORE, for the foregoing reasons, undersigned counsel respectfully requests that the Court enter the attached *Order Approving Stipulation Between Debtors and Wilmington Trust Company Regarding Temporary Allowance of Claims for Voting Purposes Only Pursuant to Federal Rule of Bankruptcy Procedure 3018(a)*.

Date: May 11, 2012
Wilmington, Delaware

SULLIVAN · HAZELTINE · ALLINSON LLC

*/s/ William D. Sullivan*
William D. Sullivan (No. 2820)
901 N. Market St., Suite 1300
Wilmington, DE 19801
Tel: (302) 428-8191
Fax: (302) 428-8195
bsullivan@sha-llc.com

and

BROWN RUDNICK LLP
Robert J. Stark, Esq.
Martin S. Siegel, Esq.
Gordon Z. Novod, Esq.
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

*Counsel to Wilmington Trust Company, as Successor Indenture Trustee for the $1.2 Billion Exchangeable Subordinated Debentures Due 2029, Generally Referred to as the PHONES*