IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TRIBUNE COMPANY, et al.,[1] | ) Case No. 08-13141 (KJC) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) Hearing To Be Scheduled Only If Objections |
| | ) Are Timely Filed |
| | ) Objection Deadline: June 5, 2012 at 4:00 p.m. |

**COMBINED TWENTY-THIRD THROUGH THIRTY-FIRST MONTHLY
APPLICATION OF ERNST & YOUNG LLP FOR COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES
INCURRED IN CONNECTION WITH VALUATION AND BUSINESS
MODELING, MARKETING SURVEY, TAX AND ACCOUNTING
SERVICES FOR THE DEBTORS AND DEBTORS IN POSSESSION
FOR THE PERIOD FROM JUNE 1, 2011 THROUGH FEBRUARY 29, 2012**

| | |
|---|---|
| Name of Applicant: | Ernst & Young LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors-in-Possession |
| Date of Retention: | July 21, 2009 (*nunc pro tunc* to May 31, 2009) |
| Period for which Compensation and Reimbursement is sought: | June 1, 2011 through February 29, 2012 |
| Amount of Compensation sought as actual, reasonable, and necessary: | $42,667.50 |
| Amount of Expense Reimbursement sought as actual, reasonable, and necessary: | $700.00 |

This is a(n):  __X__ monthly   _____ interim   _____ final application

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle

LEGAL02/33095663v2

Prior Applications Filed:

| Docket No. Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| Docket No.: 2318 Filed: 10/9/2009 (Combined First, Second and Third Monthly Application) | 5/31/2009 – 8/31/2009 | $555,000.00 | $6,438.77 | $444,000.00 | $6,438.77 |
| Docket No.: 2359 Filed: 10/15/2009 (First Quarterly Application) | 5/31/2009 – 8/31/2009 | $555,000.00 | $6,438.77 | $555,000.00 | $5,910.12 |
| Docket No.: 2459 Filed: 10/29/2009 (Fourth Monthly Application) | 9/1/2009 – 9/30/2009 | $30,260.00 | $100.00 | $24,208.00 | $100.00 |
| Docket No.: 3047 Filed: 1/8/2010 (Fifth Monthly Application) | 10/1/2009 – 10/31/2009 | $17,600.00 | $0.00 | $14,080.00 | $0.00 |

Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384);WCCT, Inc., f/k/a WTXX Inc. (1268) WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

| Docket No. Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| Docket No.: 3728 Filed: 3/15/2010 (Sixth Monthly Application) | 11/1/2009 – 11/30/2009 | $10,425.00 | $0.00 | $8,340.00 | $0.00 |
| Docket No.: 4912 Filed: 6/30/2010 (Second Quarterly Application) | 9/1/2009 – 11/30/2009 | $58,285.00 | $100.00 | $58,285.00 | $100.00 |
| Docket No. 6045 Filed: 10/20/2010 (Combined Seventh, Eighth and Ninth Monthly Application) | 12/1/2009 – 2/28/2010 | $24,500.00 | $0.00 | $19,600.00 | $0.00 |
| Docket No. 6047 Filed: 10/20/2010 (Third Quarterly Application) | 12/1/2009 – 2/28/2010 | $24,500.00 | $0.00 | $22,400.00 | $0.00 |
| Docket No. 6046 Filed: 10/20/2010 (Combined Tenth, Eleventh and Twelfth Monthly Application ) | 3/1/2010 – 5/31/2010 | $77,522.50 | $0.00 | $62,018.00 | $0.00 |
| Docket No. 6048 Filed 10/20/2010 (Fourth Quarterly Application) | 3/1/2010 – 5/31/2010 | $77,522.50 | $0.00 | $67,822.50 | $0.00 |
| Docket No. 7318 Filed: 12/27/2010 (Combined Thirteenth and Fourteenth Monthly Application) | 6/1/2010 – 7/31/2010 | $684,250.00 | $45,304.59 | $547,400.00 | $45,304.59 |
| Docket No. 7371 Filed: 1/4/2011 (Fifteenth Monthly Application) | 8/1/2010 – 8/31/2010 | $219,135.00 | $5,092.53 | $175,308.00 | $5,029.53 |

| Docket No. Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| Docket No. 7431 Filed: 1/7/2011 (Fifth Quarterly Application) | 6/1/2010 – 8/31/2010 | $903,385.00 | $50,372.40[2] | $880,325.00 | $50,372.40 |
| Docket No. 7897 Filed: 2/10/2011 (Combined Sixteenth, Seventeenth and Eighteenth) | 9/1/2010 – 11/30/2010 | $450,695.00 | $2,164.33 | $360,556.00 | $2,164.33 |
| Docket No. 7944 Filed: 2/14/2011 (Sixth Quarterly Application) | 9/1/2010 – 11/30/2010 | $450,695.00 | $2,164.33 | Pending | Pending |
| Docket No. 8436 Filed: 3/18/2011 (Nineteenth Monthly) | 12/1/2010 – 12/31/2010 | $87,225.00 | $0.00 | $69,780.00 | $0.00 |
| Docket No. 8475 Filed: 3/22/2011 (Twentieth Monthly) | 1/1/2011 – 1/31/2011 | $76,262.50 | $10.00 | $61,010.00 | $10.00 |
| Docket No. 8803 Filed: 4/29/2011 (Twenty-First Monthly) | 2/1/2011 – 2/28/2011 | $31,292.50 | $0.00 | $25,034.00 | $0.00 |
| Docket No. 8813 Filed: 5/2/2011 (Seventh Quarterly Application) | 12/1/2010 – 2/23/2011 | $194,780.00 | $10.00 | Pending | Pending |
| Docket No. 9770 Filed: 9/12/2011 (Twenty-Second Monthly) | 3/1/2011 – 5/31/2011 | $87,107.50 | $3,245.58 | $69,686.00 | $3,245.58 |

---

[2] As explained more fully in the Fifth Quarterly Application, this amount reflects a credit of $24.72 in expenses to correct a clerical error made in the Fifteenth Monthly Application.

| Docket No. Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| Docket No. 9834 Filed: 9/27/2011 (Eighth Quarterly Application) | 3/1/2011 – 5/31/2011 | $87,107.50 | $3,245.58 | Pending | Pending |

## COMPENSATION BY PROFESSIONAL

| Name of Professional Person | Position of Applicant | Hourly Billing Rate (including charges)[3] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Burns, John E. | Partner/Principal – Grade 1 | $525.00 | 1.00 | $525.00 |
| Cornish, Matthew J. | Staff/Assistant – Grade 4 | $175.00 | 18.00 | $3,150.00 |
| Klapow, Amanda | Staff/Assistant – Grade 3 | $175.00 | 26.50 | $4,637.50 |
| Moody, Todd | Partner/Principal-Grade 1 | $525.00 | 2.00 | $1,050.00 |
| Putnam, Joshua Eric | Senior Manager – Grade 2 | $475.00 | 37.80 | $17,955.00 |
| Rodriguez, Nancy Walton | Staff/Assistant – Grade 1 | $175.00 | 31.30 | $5,477.50 |
| Wojcickyj, Stefan | Executive Director – Grade 2 | $525.00 | 2.90 | $1,522.50 |
| McGee, Ginny | External Contractor | n/a | 148.00 | $8,350.00 |
| **Total** | | | **267.50** | **$42,667.50** |

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| VAL: FCC License | 47.70 | $14,952.50 |
| Cooking Channel Hypo PPA | 35.30 | $11,417.50 |
| Market Value Surveys | 148.00 | $8,350.00 |
| Fee/Employment Applications | 36.50 | $7,947.50 |
| **Total** | **267.50** | **$42,667.50** |

## EXPENSE SUMMARY

| Expense Category | Total Expenses |
|---|---|
| Computerized Research | $700.00 |
| **TOTAL** | **$700.00** |

---

[3] Hourly Rates and Total Compensation marked by "n/a" are for work by individuals under fixed fee engagements during the Compensation Period covered by this Application. Fees for such fixed fee engagements are not calculated based upon the number of hours worked times the hourly billing rates for such professionals. Thus, only hours billed by such professionals are reflected herein for services under such fixed fee engagements.

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TRIBUNE COMPANY, et al.,[1] | ) Case No. 08-13141 (KJC) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) Hearing To Be Scheduled Only If |
| | ) Objections are Timely Filed |
| | ) Objection Deadline: _____ |

## COMBINED TWENTY-THIRD THROUGH THIRTY-FIRST MONTHLY APPLICATION OF ERNST & YOUNG LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED IN CONNECTION WITH VALUATION AND BUSINESS MODELING, MARKETING SURVEY, TAX AND ACCOUNTING SERVICES FOR THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM JUNE 1, 2011 THROUGH FEBRUARY 29, 2012

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384);WCCT, Inc., f/k/a WTXX Inc. (1268) WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331, dated January 15, 2009 (the "Administrative Order," Docket No. 225), Ernst & Young LLP ("E&Y LLP") hereby files this Combined Twenty-Third Monthly through Thirty-First Application of Ernst & Young LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred in Connection with Valuation and Business Modeling, Marketing Survey, Tax and Accounting Services for the Debtors and Debtors in Possession for the Period from June 1, 2011 through February 29, 2012 (the "Application"). By this Application E&Y LLP seeks a monthly allowance pursuant to the Administrative Order with respect to the sum of $42,667.50[2] in compensation and $700.00 for reimbursement of actual and necessary expenses for a total of $43,367.50 for the period from June 1, 2011 through February 29, 2012 (the "Compensation Period"). In support of this Application, E&Y LLP respectfully represents as follows:

## Background

1. On December 8, 2008 (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") filed their voluntary petitions for relief under chapter 11 of Bankruptcy Code.

2. The Debtors' retention of E&Y LLP was approved effective as of May 31, 2009 pursuant to this Court's related Order dated July 21, 2009 (the "Original Retention

---

[2] In accordance with the procedures approved by the Court pursuant to the Administrative Order, upon the filing of a certificate of no objection with the Court, the Debtors are authorized to pay E&Y LLP an amount equal to the lesser of (i) 80 percent of fees ($34,134.00) and 100 percent of expenses ($700.00) requested in the Application and (ii) 80 percent of fees and 100 percent of expenses not subject to an objection.

LEGAL02/33095663v2

Order," Docket No. 1783). On February 22, 2010, the Debtors filed the Supplemental Application for an Order Modifying the Scope of the Retention of Ernst & Young LLP to Include Continued Performance of Valuation Services Relating to FCC Licenses Pursuant to 11 U.S.C. §§ 327(a) and 1107 Nunc Pro Tunc to January 15, 2010 (the "Supplemental Retention," Docket No. 3516). The Supplemental Retention was approved pursuant to this Court's Order Modifying the Scope of the Retention of Ernst & Young LLP to Include Continued Performance of Valuation Services Relating to FCC Licenses Pursuant to 11 U.S.C. §§ 327(a) and 1107 Nunc Pro Tunc to January 15, 2010 (the "Supplemental Retention Order," Docket No. 3804). On May 24, 2010, the Debtors filed the Second Supplemental Application for an Order Modifying the Scope of the Retention of Ernst & Young LLP to Include Certain Valuation Services in Connection with the Application of Fresh Start Accounting Pursuant to 11 U.S.C. §§ 327(a) and 1107 Nunc Pro Tunc to April 19, 2010 (the "Second Supplemental Retention," Docket No. 4594). The Second Supplemental Retention was approved pursuant to this Court's Order Modifying the Scope of the Retention of Ernst & Young LLP to Include Certain Valuation Services in Connection with the Application of Fresh Start Accounting Pursuant to 11 U.S.C. §§ 327(a) and 1107 Nunc Pro Tunc to April 19, 2010 (the "Second Supplemental Retention Order," Docket No. 4779). On March 4, 2011, the Debtors filed the Third Supplemental Application for an Order Modifying the Scope of the Retention of Ernst & Young LLP to Include Advisory Services Relating to Sales and Use Tax and Personal Property Tax Pursuant to 11 U.S.C. §§ 327(a) and 1107 Nunc Pro Tunc to February 17, 2011 (the "Third Supplemental Retention," Docket No. 8277). The Third Supplemental Retention was approved pursuant to this Court's Order Modifying the Scope of the Retention of Ernst & Young LLP to Include Advisory Services

Relating to Sales and Use Tax and Personal Property Tax Pursuant to 11 U.S.C. §§ 327(a) and 1107 Nunc Pro Tunc to February 17, 2011 (the "Third Supplemental Retention Order," Docket No. 8459). On June 2, 2011, the Debtors filed the Application for an Order Authorizing (I) Ernst & Young LLP to Perform Services as the Accounting Firm under August 2009 Formation Agreement Concerning Formation of Chicago Baseball Holdings, LLC and (II) Tribune Company to Enter into Engagement Letter, Statement of Work, Side Letter and Related Documentation and Perform Obligations in Connection Therewith (the "Fourth Supplemental Retention," Docket No. 9041). The Fourth Supplemental Retention was approved pursuant to this Court's Order Authorizing Engagement of Ernst & Young LLP in Connection with August 2009 Formation Agreement Concerning Formation of Chicago Baseball Holdings, LLC (the "Fourth Supplemental Retention Order," Docket No. 9348). On November 4, 2011, the Debtors filed the Fourth Supplemental Application for an Order Modifying the Scope of the Retention of Ernst & Young LLP to Include Valuation of Certain Cooking Channel Assets Pursuant to U.S.C. §§ 327(a) and 1107 Nunc Pro Tunc to June 13, 2011 (the "Fifth Supplemental Retention," Docket No. 10163). The Fifth Supplemental Retention was approved pursuant to this Court's Order Modifying the Scope of the Retention of Ernst & Young LLP to Include the Valuation of Certain Cooking Channel Assets Pursuant to 11 U.S.C. §§ 327(a) Nunc Pro Tunc to June 13, 2011 (the "Fifth Supplemental Retention Order," Docket No. 10260). On December 23, 2011, the Debtors filed the Fifth Supplemental Application for an Order Modifying the Scope of the Retention of Ernst & Young LLP to Include a Utility Study for Sales and Use Tax Purposes Pursuant to 11 U.S.C. §§ 327(a) and 1107 Nunc Pro Tunc to December 1, 2011 (the "Sixth Supplemental Retention," Docket No. 10507). The Sixth Supplemental Retention was approved pursuant

to this Court's Order Modifying the Scope of the Retention of Ernst & Young LLP to include a Utility Study for Sales and Use Tax Purposes Pursuant to 11 U.S.C. §§ 327(a) and 1107 Nunc Pro Tunc to December 1, 2011 (the "Sixth Supplemental Retention Order," Docket No. 10559, and together with the Original Retention Order, the Supplemental Retention Order, the Second Supplemental Retention Order, the Third Supplemental Retention Order, the Fourth Supplemental Retention Order, and the Fifth Supplemental Retention Order the "Retention Orders"). The Retention Orders authorized E&Y LLP to be compensated for services rendered, and to be reimbursed for actual and necessary out-of-pocket expenses.

## Compensation Paid and its Source

3. All services for which compensation is requested by E&Y LLP were performed for or on behalf of the Debtors.

4. During the Compensation Period covered by this Application E&Y LLP has received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with matters covered by this Application. There is no agreement or understanding for the sharing of compensation to be received for services rendered in these cases.

## Summary of Services Rendered

5. The partners and staff of E&Y LLP who have rendered professional services to the Debtors during the Compensation Period are listed in **Exhibit A**.

## Fee Statement

6. The invoices for the Compensation Period are attached hereto as **Exhibit B**. These invoices are supported by daily time logs describing the time spent by each partner and staff during this period. To the best of E&Y LLP's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Guidelines adopted by the Office of the United States Trustee, Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and the Administrative Order.

7. The fees charged in this matter are comparable to the rates that E&Y LLP generally charges similar clients for similar services to those rendered during the Compensation Period. In addition, E&Y LLP believes that such charges are ordinary and customary and comparable to amounts which E&Y LLP and other public accounting firms would normally invoice their clients.

8. A summary of actual and necessary expenses incurred by E&Y LLP during the Compensation Period is attached hereto as **Exhibit C**.

## Valuation of Services

9. Partners and staff of E&Y LLP have expended a total of 267.50 hours in connection with the work performed during the Compensation Period, as indicated in Exhibit A. The nature of the work performed by these persons is fully set forth in **Exhibit D** attached hereto. The reasonable value of the services rendered by E&Y LLP to the Debtors during the Compensation Period is at least $42,667.50.

10. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by E&Y LLP is fair and

reasonable given (a) the complexity of these Debtors business' and the matters being addressed by E&Y LLP, (b) the time expended, (c) the nature and extent of the services rendered, (c) the value of such services and (d) the costs of comparable services other than in a case under this title. Moreover, E&Y LLP reviewed the requirements of Local Rule 2016-2 and believes that this Application complies with that Local Rule.

WHEREFORE, E&Y LLP respectfully requests that (i) an allowance be made to E&Y LLP in the sum of $42,667.50 as compensation for necessary professional services, (iii) an allowance be made to E&Y LLP in the sum of $700.00 for expenses incurred during the Compensation Period, and (ii) the Court grant such other and further relief as it deems just and proper.

Dated: 5-9, 2012

Mark Arshonsky
Partner
Ernst & Young LLP

Sworn to and subscribed before me this 9 day of May, 2012.

_____
Notary Public                            My Commission Expires:

4-30-14

Official Seal
Linda M Darling
Notary Public State of Illinois
My Commission Expires 04/30/2014