UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In Re:

TRIBUNE COMPANY, et al.,   Case No. 08-13141(KJC)

Debtor.   Chapter 11

Jointly Administered

_____/

### THE STATE OF MICHIGAN, DEPARTMENT OF TREASURY'S OBJECTION TO THE FOURTH AMENDED PLAN OF REORGANIZATION FOR THE TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, OAKTREE CAPITAL MANAGEMENT, L.P., ANGELO, GORDON & CO., L.P. AND JPMORGAN CHASE BANK, NA

NOW COMES the State of Michigan, Department of Treasury (hereinafter "Treasury") by and through its attorneys, Bill Schuette, Attorney General and Heather L. Donald, Assistant Attorney General and objects to Debtor's Fourth Amended Joint Plan of Reorganization as follows:

1. The debtor filed its Petition for Reorganization under Chapter 11 of the Bankruptcy Code on December 8, 2008 in the United States Bankruptcy Court for the District of Delaware.

2. The business activities of the debtor resulted in liabilities to Treasury for Michigan Business Taxes ("MBT") pursuant to 2008 PA 92.

3.  Treasury has filed an administrative expense proof of claim in the amount of $30,502.65. This administrative claim represents liability for MBT tax, penalty and interest for the 1/1/2008 – 12/31/2008 tax period.

4.  A debtor is required to file and pay taxes accruing during the administration of its case as taxes become due. See 28 USC § 960, which states:

> Any officers and agents conducting any business under authority of a United States court shall be subject to all Federal, State and local taxes applicable to such business to the same extent as if it were conducted by an individual or corporation.

28 USC § 960 requires the payment of all delinquent administrative taxes as a precondition to the confirmation of a plan.

5.  Debtor's failure to file post-petition tax returns and its failure to pay administrative tax liabilities are grounds for conversion or dismissal under 11 USC 1112 (b)(4)(I).

6.  To the extent that paragraph 11.5 of the proposed plan is an attempt to limit or enjoin the collection of tax debts due the State from non-debtors, the paragraph violates the Tax Injunction Act, 28 USC 1341, which provides:

> The District Court shall not enjoin, suspend or restrain
> the assessment, levy or collection of any tax under state
> law where a plain, speedy and effective remedy may be
> had in the courts of such state.

Michigan law provides remedies found to be "plain, speedy and efficient." See *Kistner v Milliken*, 432 F. Supp. 1001 (ED Mich 1977).

The Sixth Circuit in *In re Dow Corning Corp*, 280 F3d 648,658 (6th Cir. 2002) did hold that in "unusual circumstances" a plan of reorganization may provide for

enjoining claims against non-debtors; as a precondition to the confirmation of such a plan, however, each of seven factors must be present; few if any of these factors are apparently present in this matter and, accordingly, the non-debtor discharge/release/injunction waiver provisions are inappropriate; even assuming the existence of the seven factors herein, nothing in Dow Corning remotely suggests that claims against non-debtors can be discharged/released/enjoined/waived in violation of 28 USC 1341; in addition, the Courts of Appeal which have examined the interplay of the Bankruptcy code and the Anti-Injunction Act, 26 USC 7421, a statute similar to the Tax Injunction Act but applicable to federal tax liabilities, have concluded that Bankruptcy Courts may not enjoin the collection of tax liabilities from responsible officers of corporate debtors.  See *In re American Bicycle Association,* 895 F2d 1277, 1279-80 (9th Cir 1990), *A to Z Welding & Mfg Co v United States,* 803 F2d 932, 933 (8th Cir 1986), and *In re LaSalle Rolling Mills, Inc,* 832 F2d 390, 394 (7th Cir 1987).

7. Debtor's plan fails to provide for default language.  Default language is warranted under 11 USC § 1123(a)(5)(G) and should be added to and included in the plan:

> Upon the failure of the Debtor to make any payment due on a secured or priority tax claim that is not cured within fifteen days of the mailing of a written notice of default by the creditor, such creditor may exercise all rights and remedies available under non-bankruptcy law for the collection of its entire claim and/or seek appropriate relief in this Court.

WHEREFORE, it is prayed that confirmation of the Debtor's Fourth Amended Joint Plan of Reorganization be denied and that the State of Michigan, Department of Treasury, be granted such relief as just and proper.

Respectfully submitted,

Bill Schuette
Attorney General

*/s/ Heather L. Donald*

Heather L. Donald (P57351)
Assistant Attorney General
Revenue Division
3030 W. Grand Blvd
Suite 10-200
Detroit, MI 48202
(313) 456-0140

Dated: May 21, 2012