**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE | ) |
| | ) |
| TRIBUNE COMPANY, ET.AL., | ) Case No. 08-13141-KJC |
| | ) Chapter 11 |
| Debtor(s) | ) |

**MISSOURI DEPARTMENT OF REVENUES OBJECTION TO CONFIRMATION OF DEBTORS' FOURTH AMENDED JOINT PLAN OF REORGANIZATION**

The Missouri Department of Revenue (MDOR), pursuant to 11 U.S.C. §1128(b) of the Bankruptcy Code, hereby objects to the confirmation of Debtors' Fourth Amended Joint Plan of Reorganization for the following stated reasons:

1. One of Debtors' options for payment of the Allowed Priority Tax Claims provides for regular installments in Cash equal to the Allowed amount of the Claim over a period ending not later than the fifth (5th) anniversary of the petition date with interest as provided under 11 U.S.C. §511.

2. The terms of Debtors' plan lack specificity regarding payment of the Priority Tax Claims and, as such, would be extremely difficult to enforce in the event of a default in plan payments.

3. Debtors' Plan states that installment payments shall commence after the Priority Tax Claim becomes an Allowed Claim.

4. It appears that based upon the definition of an Allowed Claim it will not be possible to determine whether MDOR's Priority Tax Claim is an Allowed Claim and thus trigger installment payments until the deadline to object to claims expires. The Plan states that claim objections must be filed no later than 210 days after the Effective Date but also states that this date may be extended by Debtor by filing a motion with the Bankruptcy Court that may be made without further notice or hearing.

5. In addition, the Effective Date cannot be determined with certainty because it is contingent upon various conditions being satisfied or waived.

6. It is possible that there will be a considerable delay in the commencement of payment, it will be extremely difficult to determine when payments should commence, and the Plan does not state what the frequency of payments will be, thus making it difficult to enforce the provisions of the Plan.

**Default Provision**

7. The Department requests that Debtors incorporate the following language in the Plan or Confirmation Order should the Court confirm the Plan:

"In the event that the Missouri Department of Revenue's Allowed Administrative Expenses, Allowed Priority Tax Claims, and Allowed General Unsecured Claims are not paid in accordance with the terms of the Plan of Reorganization or Confirmation Order, Debtor will be in default. The Department will provide Debtor with written notice of the default by mail. If default is not made good within fifteen (15) days after notification, the entire principal and accrued interest shall at once become due and payable without further notice. The Department may thereafter proceed with either or all of the following remedies: (a) enforce the entire amount of its claim under Missouri law; (b) exercise any and all its rights and remedies under Missouri law; (c) seek such relief as may be appropriate in this Court**."**

MDOR requests that the court deny confirmation of Debtors' Fourth Amended Joint Plan of Reorganization and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

Chris Koster, Attorney General
State of Missouri

By: /s/ Eva Holtz Vlachynsky
Eva Holtz Vlachynsky, Mo. Bar #58267
Special Assistant Attorney General
Missouri Department of Revenue
General Counsel's Office
301 W. High Street, Room 670
PO Box 475
Jefferson City, MO  65105-0475
(573) 751-5531  FAX (573) 751-7232
Attorney for Department of Revenue

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically and served upon all those who receive electronic notification on May 21, 2012.

/s/ Eva Holtz Vlachynsky