IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, *et al.*, | Case No. 08-13141 (KJC) |
| Debtors | Jointly Administered |
| | Objection Deadline: 05/21/12<br>Hearing Date: 06/07/12 at 3:00 p.m.<br>Related to Docket No. 11399 |

**OBJECTION OF CERTAIN FORMER DIRECTORS AND OFFICERS TO FOURTH AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, OAKTREE CAPITAL MANAGEMENT, L.P., ANGELO, GORDON & CO., L.P., AND JPMORGAN CHASE BANK, N.A.**

In accordance with this Court's April 5, 2012 Order [Docket No. 11326] ("April 5 Order"), certain former directors and officers of the Debtors[1] (collectively "Certain Directors and Officers") submit the following objections to the *Fourth Amended Joint Plan of Reorganization for Tribune Company And Its Subsidiaries Proposed By The Debtors, The Official Committee Of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JP Morgan Chase Bank N.A.* [Docket No. 11399] (the "Plan"). Pursuant to procedures adopted by the Court,[2] Certain Directors and Officers specifically adopt and incorporate their previous positions as set forth below:

---

[1] Harry Amsden, Stephen Carver, Dennis FitzSimons, Bob Gremillion, Don Grenesko, David Hiller, Tim Landon, Tom Leach, Luis Lewin, Mark Mallory, Dick Malone, Ruthellyn Musil, John Reardon, Scott Smith, John Vitanovec, Kathy Waltz, and David Williams.

[2] "The Parties may adopt and incorporate by reference any briefing submitted and oral arguments made in connection with the 2011 Confirmation Hearing and/or in connection with the various Reconsideration Motions, and all such materials shall be deemed included in the record of the Confirmation Hearing." (April 5 Order, at ¶ 23.)

I. **OBJECTIONS TO THE BAR ORDER.**

In connection with the 2011 Confirmation Hearing, Certain Directors and Officers submitted objections to the Bar Order[3] because it (1) contained impermissible releases and injunctions; (2) was not fair and equitable; and (3) was impermissibly vague, including that the order, as written, failed to ensure that Barred Persons would receive the protections of the judgment reduction provision. (*See Objection of Certain Directors and Officers to DCL Plan and Noteholders Plan, dated February 15, 2011* [Docket No. 7981], at 3-13 (attached hereto as Exhibit A); Certain Directors' and Officers' Letter Brief, dated May 11, 2011 [Docket No. 8888], at 3-5 (attached hereto as Exhibit B); April 13, 2011 Hr'g Tr., at 116:14-127:24.) The Court addressed one of these objections by concluding that the Bar Order's language needed to be revised to enjoin directly any actions by the Potential Plaintiffs that did not conform to the terms of the Bar Order. (Opinion on Confirmation [Docket No. 10133], at 78 (the "Opinion").) Nevertheless, Certain Directors and Officers continue to object to the concept of a Bar Order, as previously stated, including the Bar Order's impermissible releases and injunction. While acknowledging that such issues have already been decided against them, Certain Directors and Officers reiterate their objections, as previously set forth, thereby preserving them. (*See* Ex. A, at 3-13; Ex. B, at 3-5; April 13, 2011 Hr'g Tr. at 116:14-127:24.)

II. **OBJECTIONS TO THE ALLOWANCE OF DISCLAIMED STATE LAW AVOIDANCE CLAIMS.**

In connection with the 2011 Confirmation Hearing, Certain Directors and Officers submitted objections to the Creditors' Trust because the "disclaimer" mechanism upon which the Creditors' Trust relied upon directly contradicted the Bankruptcy Code and thwarted the clear Congressional objective embodied in section 546(e). (Ex. A, at 13; Ex. B, at 1-3, Certain

---

[3]   Capitalized terms used herein, unless otherwise defined, have the meaning reflected in the Plan.

Directors' and Officers' Letter Reply, dated June 2, 2011 [Docket No. 9100], at 1-3 (attached hereto as Exhibit C); April 13, 2011 Hr'g Tr., at 112:4-113:3.) The current version of the Plan eliminates the Creditors' Trust concept based on the decisions of the involved various parties to directly pursue the State Law Avoidance Claims without the Creditors' Trust mechanism, a result that supports Certain Directors and Officers' position that the disclaimer mechanism was nothing more than a manipulation by the involved parties to circumvent issues of standing, preemption, and the clearly-expressed Congressional directive set forth in section 546(e). (*See* Ex A., at 13; Ex. B, at 1-3; Ex. C, at 1-3.)

On April 25, 2011, this Court lifted the automatic stay to permit the filing of the Disclaimed State Law Avoidance Claims. (April 25, 2011 Order [Docket No. 8740]; *see also* June 28, 2011 Order [Docket No. 9380] (supplementing April 25, 2011 Order to authorize consolidation and/or coordination of the Disclaimed State Law Avoidance Claims).) In its Opinion, the Court concluded that issues regarding standing, preemption, and applicability of section 546(e) were "best left for determination by the courts hearing these claims." (Opinion, at 98.) While Certain Directors and Officers recognize the effect of this Court's Orders and Opinion, they continue to object to any proposed Plan that provides for a disclaiming of claims as set forth above and as also set forth in prior submissions (*See* Ex. A, at 13; Ex. B, at 1-3, Ex. C, at 1-3; *see also* April 13, 2011 Hr'g Tr., at 112:4-113:3).

### III.   ADDITIONAL OBJECTIONS.

Certain Directors and Officers adopt and incorporate by reference their additional objections as set forth in their previously submitted brief. (Ex. A, at 13-14.)

### IV.   RESERVATION OF RIGHTS AND JOINDER.

Certain Directors and Officers hereby reserve their right to amend and/or supplement this Objection. They hereby join objections raised by other parties-in-interest to the extent such

objections are not inconsistent with Certain Directors and Officers' interests, and the positions set forth herein. Further, Certain Directors and Officers reserve their right to object to any amendment to or modification of the Plan on any grounds. Finally, Certain Directors and Officers reserve their right to file additional objections and/or replies based on submissions filed by other parties-in-interest.

## V.     CONCLUSION

WHEREFORE, for all the foregoing reason, Certain Directors and Officers respectfully request that the Court deny confirmation of the proposed Plan and grant Certain Directors and Officers such further and additional relief as the Court may deem just and proper.

Dated: May 21, 2012                                         **CONNOLLY BOVE LODGE & HUTZ LLP**

_____
Jeffrey C. Wisler (#2795)
Marc J. Phillips (# 4445)
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE  19899
Telephone:  (302) 658-9141
Facsimile:   (302) 658-0380
Email: jwisler@cblh.com
            mphillips@cblh.com

John R. McCambridge
George R. Dougherty
GRIPPO & ELDEN LLC
111 South Wacker Drive
Chicago, IL 60606
Telephone:  (312) 704-7700
Facsimile:   (312) 558-1195
Email: jmccambridge@grippoelden.com
            gdougherty@grippoelden.com

4