# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| _____ ) | Chapter 11 |
| In re: ) |  |
|  ) | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, _et al._, ) |  |
|  ) | Jointly Administered |
| Debtors. ) |  |
|  ) |  |
|  ) |  |
| _____ ) |  |

## EGI-TRB LLC'S OBJECTION TO CONFIRMATION OF THE FOURTH AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, OAKTREE CAPITAL MANAGEMENT, L.P., ANGELO GORDON & CO., AND JPMORGAN CHASE BANK N.A.

EGI-TRB LLC ("EGI-TRB")[1] respectfully submits its objection to confirmation of the Fourth Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries filed by the Debtors and certain other creditors (the "Plan," D.I. 11399), and states:

## INTRODUCTION

EGI-TRB supports many aspects of the Plan and looks forward to the Tribune Company and its subsidiaries emerging swiftly and successfully from chapter 11. A successful reorganization will benefit the Debtors, their creditors, and all other parties to these cases. To that end, EGI-TRB would prefer to be able to vote in favor of a plan that

---

[1] EGI-TRB files this objection on behalf of itself and the following entities: Tower CH, LLC, Tower DC, LLC, Tower DL, LLC, Tower EH, LLC, Tower Greenspun DGSPT, LLC, Tower Greenspun JGGSTP, LLC, Tower Greenspun SGFFT, LLC, Tower Greenspun, LLC, Tower HZ, LLC, Tower JB, LLC, Tower JK, LLC, Tower JP, LLC, Tower JS, LLC, Tower KS, LLC, Tower LL, LLC, Tower LM, LLC, Tower LZ, LLC, Tower MH, LLC, Tower MS, LLC, Tower MZ, LLC, Tower NL, LLC, Tower PH, LLC, Tower PT, LLC, Tower SF, LLC, Tower TT, LLC, Tower VC, LLC, Tower WP, LLC.

devotes the estates' resources to rehabilitating the Debtors while at the same time respecting creditors' rights.

The Plan, however, impairs EGI-TRB's rights in several important respects. Most significantly, the Plan improperly subordinates EGI-TRB as to distributions of avoidance action recoveries and wrongly permits the PHONES noteholders to recover ahead of EGI-TRB; both of these outcomes violate the plain terms of EGI-TRB's subordination agreement and the PHONES indenture. While the Court conditionally rejected EGI-TRB's position on subordination in its April 9, 2012 opinion, EGI-TRB reiterates its objections to preserve its appellate rights. EGI-TRB also requests that the Court order the Debtors to maintain reserves sufficient to pay EGI-TRB's claims on an unsubordinated basis in the event that the Court's ruling on subordination is overturned on appeal.

In addition, EGI-TRB incorporates herein by reference, again to preserve its rights on appeal, the objections it filed to the Second Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries proposed by the Debtors and certain other creditors, as amended. (D.I. 7988; D.I. 8884). Significantly, the current Plan, like its unsuccessful predecessor, is not fair and equitable or in the best interests of creditors and the estate because it continues to permit a litigation trust to expend estate assets pursuing meritless litigation against EGI-TRB, provides for broad indemnification of the trustee of the litigation trust, and provides no Court oversight of the professionals retained by the litigation trust or the fees incurred by those professionals. EGI-TRB recognizes that the Court previously overruled these objections in its October 31, 2011 opinion denying confirmation, but EGI-TRB re-asserts its objections to preserve its appellate rights.

**ARGUMENT**

**I.      The Plan Improperly Subordinates EGI-TRB's Claims (A) With Respect To Avoidance Recoveries And Other Third-Party Payments And (B) To The PHONES Noteholders' Claims.**

On January 24, 2012, this Court entered an Order setting forth a briefing schedule and protocol to resolve certain disputes concerning the allocations of funds and interests under the Debtors' then-pending Third Amended Plan of Reorganization.[1] Of relevance to this objection, the January 24 Order identified four disputed issues that can be summarized as follows:

- Whether the Article III Distributions must be adjusted in connection with assertions that the proceeds of the Settlement are or are not subject to the subordination agreement governing the EGI-TRB Notes.

- Whether the priority of distributions from the Litigation Trust must be adjusted in connection with assertions that distributions from the Trust are or are not subject to the subordination agreement governing the EGI-TRB Notes.

- Whether Article III Distributions must be adjusted in connection with assertions that any category of Other Parent Claims (*i.e.*, the Swap Claim, the Retiree Claims, or general unsecured trade claims against Tribune) are or are not subject to the subordination agreement governing the EGI-TRB notes.

- Whether the EGI-TRB Notes or PHONES Notes are senior in right of payment vis-à-vis one another.

(Jan. 24, 2012 Order at ¶¶ 2-3).

Briefly stated, EGI-TRB argued that:

- The EGI-TRB subordination agreement applies to distributions only of "assets of the [Tribune]," and avoidance actions recoveries or other payments from third parties are not assets of the Tribune.  In turn, EGI-TRB argued that the Settlement proceeds and distributions from the Litigation Trust consist of avoidance action recoveries and are therefore not subject to the EGI-TRB subordination agreement.  As a result, the

---

[1] Unless other defined herein, all of the capitalized terms used in the Argument section have the meaning given to them in the Court's January 24, 2012 Order.

Article III Distributions and priority of Litigation Trust distributions needed to be adjusted to permit EGI-TRB to share in such distributions on an equal basis with other unsubordinated creditors.

- The dispute concerning the Other Parent Claims was largely irrelevant because EGI-TRB is not subordinated as to avoidance recoveries and Settlement proceeds, so EGI-TRB is entitled to share on an equal basis in such distributions even if the Other Parent Claims were otherwise beneficiaries of the EGI-TRB subordination agreement. In any event, EGI-TRB argued that Retiree Claims and general unsecured trade claims were expressly carved out from the definition of "Senior Obligations" under the EGI-TRB subordination agreement.

- EGI-TRB is defined as "Senior Indebtedness" under the PHONES indenture while the PHONES notes are not a "Senior Obligation" under the EGI-TRB subordination agreement, so EGI-TRB's claims are senior in right of payment to the PHONES claims. Moreover, even if the PHONES claims were otherwise senior, avoidance recoveries are outside the scope of the EGI-TRB subordination agreement and, therefore, EGI-TRB would not have to turn over distributions of such recoveries to the PHONES or any other noteholders.

On April 9, 2012, the Court conditionally rejected EGI-TRB's arguments in its Memorandum Regarding Allocation Disputes (D.I. 11337, the "Allocation Opinion"), holding that (i) the EGI-TRB subordination agreement applies to avoidance action recoveries and the EGI-TRB Notes are therefore contractually subordinated as to Article III Distributions and Litigation Trust distributions, and (ii) the PHONES Notes are senior in right of payment to the EGI-TRB Notes. The Court did not appear to reach the merits of whether the Swap Claim, Retiree Claims, or general unsecured trade claims are entitled to benefit from the EGI-TRB subordination agreement.

The Plan incorporates the Court's Allocation Opinion and subordinates EGI-TRB's claims to nearly all other claims against the Debtors. *See, e.g.*, Plan § 1.1.39 (providing that the any distributions of interests in the Litigation Trust that would otherwise be made to the holders of the EGI-TRB Notes shall first be made to the holders

of Senior Noteholder Claims, Other Parent Claims, and PHONES Notes Claims until those claims have been paid in full).

EGI-TRB objects to this treatment because, as already noted, its subordination agreement does not apply to avoidance action recoveries, Settlement proceeds, or Litigation Trust distributions, and because its claims are senior in right of payment to the PHONES. EGI-TRB has already briefed these issues at length and, to avoid repetition, hereby incorporates by reference all of the arguments made in its Opening Brief in Support of its Positions on Allocation Disputes Identified in its Preliminary Statement (D.I. 11001), Response Brief Related to Allocation Disputes (D.I. 11065), and post-hearing letter dated March 9, 2012 (D.I. 11124), as well as the arguments made by its counsel during the Allocation Disputes Hearing held on March 5 and 6, 2012 (D.I. 11164, 11165).

Because the Plan improperly subordinates EGI-TRB's claims, it violates 11 U.S.C. § 1129(b)(1) by unfairly discriminating against EGI-TRB, violates 11 U.S.C. § 1129(b)(2) and the absolute priority rule by permitting the PHONES Notes to recover ahead of the EGI-TRB Notes, and violates 11 U.S.C. §§ 510(e) and 1129(a)(1) by failing to enforce the EGI-TRB subordination agreement according to applicable nonbankruptcy law.  Accordingly, EGI-TRB requests that the Court deny confirmation of the Plan.

**II.     Pending Any Appeal, The Plan Should Provide That Sufficient Reserves Be Established To Pay EGI-TRB's Claims On An Unsubordinated Basis.**

Should the Court nevertheless confirm the Plan, EGI-TRB requests that the Court require the Debtors to maintain reserves sufficient to pay EGI-TRB's claims on an unsubordinated basis in the event that the Court's ruling on subordination is overturned on appeal.  The Plan provides for the Debtors and Litigation Trust to create reserves to

account for disputed unsecured claims that may ultimately become allowed, but it does

not require the Debtors or Litigation Trust to reserve for EGI-TRB's currently

subordinated unsecured claims that may ultimately become unsubordinated.    This

differing treatment of unsecured claims unfairly discriminates against EGI-TRB and

demonstrates that the Plan is not "fair and equitable."

> As this Court previously recognized regarding unfair discrimination:
>
> The concept of unfair discrimination is not defined under the Bankruptcy Code. Various standards have been developed by the courts to test whether or not a plan unfairly discriminates. *In re Dow Corning Corp.*, 244 B.R. 705, 710 (Bankr.E.D.Mich.1999), *aff'd* 255 B.R. 445 (E.D.Mich.2000). The hallmarks of the various tests have been whether there is a reasonable basis for the discrimination, and whether the debtor can confirm and consummate a plan without the proposed discrimination. *See, e.g., In re Ambanc La Mesa L.P.*, 115 F.3d 650, 656 (9th Cir.1997) *cert. denied*, 522 U.S. 1110 (1998).

*In re Tribune Co.*, 464 B.R. 126, 194 (Bankr. D. Del. 2011) (quoting *In re Genesis

Health Ventures, Inc.*, 266 B.R. 591, 611 (Bankr. D. Del. 2001)).   Similarly, the specific

provisions of Section 1129(b) are not "the exclusive gauges of what is fair and equitable.

Consulting the legislative history of § 1129(b)(2) and the definition of the word

'includes' used in its text, the courts have concluded the statute sets only the minimum

standards for what is fair and equitable."   *In re Sunflower Racing, Inc.*, 219 B.R. 587, 603

(Bankr. D. Kan. 1998), *aff'd*, 226 B.R. 673 (D. Kan.).

The Plan runs afoul of these principals by creating a reserve for one type of

disputed unsecured claim but not for EGI-TRB's disputed unsecured claims.   Sections

7.2.1(a) and 7.2.2(a) provide for the creation of reserve for currently disputed Other

Parent Claims and General Unsecured Claims filed against Subsidiaries in an amount

equal to the face amount of the disputed claims.   Similarly, section 13.2.3 provides that

the Litigation Trustee may create one or more reserves so that currently disputed claims

that ultimately become allowed will receive the same distributions of Trust interests as those claims that are already allowed.

Significantly, the Plan defines "Disputed Claims" as including those claims to which an objection has been filed but "which objection . . . has not been withdrawn or determined by a Final Order." (Plan § 1.1.69). A "Final Order" is defined as an order of this Court that is no longer subject to appeal. (*Id*. § 1.1.98). Thus, should this Court disallow an unsecured claim in full and the creditor appeal the Court's decision, the claim will remain a "Disputed Claim" until the appeal is resolved and the Debtors or Litigation Trust will have to maintain a reserve for that claim. This is so even if the Court believes that it is extremely unlikely that its order will be reversed on appeal.

The Plan does not provide this same treatment to all general unsecured claims. Instead, the Plan treats this Court's Allocation Opinion as a Final Order – even though the Debtors have strenuously argued that the Opinion is interlocutory in opposing the PHONES pending appeal – and conclusive of EGI-TRB's subordinated nature. Without a reserve for EGI-TRB, the Plan effectively deprives EGI-TRB of its appellate rights while honoring those of other unsecured creditors whose claims this Court may disallow. There is simply no justification for treating a non-final order regarding subordination differently than a non-final order regarding claim allowance. For that reason, the Plan is unfairly discriminatory and cannot be considered fair and equitable. Moreover, the failure to even consider the possibility that the Allocation Opinion will be reversed and its impact on the Plan's success is clear error. *In re Harbin*, 486 F.3d 510, 518 (9th Cir. 2007) ("a plan must take into account the possibility that a potential creditor may, following confirmation, recover a large judgment against the debtor").

Accordingly, the Court should deny confirmation of the Plan or condition its approval on the creation of a reserve for EGI-TRB's claims.  *See* 6 Collier Bankruptcy Practice Guide ¶ 92.07[2] ("Because the Bankruptcy Code permits the bankruptcy court to adjudicate all sorts of disputed, contingent and unliquidated claims, the proponent of a plan must reserve and find a mechanism for distribution to such claimants.").

## CONCLUSION

For all of the foregoing reasons, EGI-TRB respectfully requests that confirmation of the Plan be denied and that the Court grant such other relief as may be just.

Respectfully submitted

By:     /s/ *David W. Carickhoff*
        David W. Carickhoff (DE No. 3715)
        BLANK ROME LLP
        1201 Market Street, Suite 800
        Wilmington, DE 19801
        Telephone: (302) 425-6400
        Facsimile: (302) 425-6464

        and

        David J. Bradford (admitted *pro hac vice*)
        Catherine L. Steege (admitted *pro hac vice*)
        JENNER & BLOCK LLP
        353 N. Clark St.
        Chicago, IL 60654
        Telephone: (312) 222-9350
        Facsimile: (312) 527-04844

        *Counsel for EGI-TRB, LLC*

Dated: May 21, 2012