**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| TRIBUNE COMPANY, et al. | : | Case No. 08-13141 (KJC) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

**LIMITED OBJECTION OF FORMER TRIBUNE COMPANY EMPLOYEES F. ASHLEY ALLEN, CATHERINE M. HERTZ, MICHAEL D. SLASON, AND LOUIS J. STANCAMPIANO TO FOURTH AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, OAKTREE CAPITAL MANAGEMENT, L.P., ANGELO, GORDON & CO., L.P., AND JPMORGAN CHASE BANK, N.A.**

F. Ashley Allen, Catherine M. Hertz, Michael D. Slason, and Louis J. Stancampiano (the "Objectors"), by and through their undersigned counsel, hereby object (this "Objection") to the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (the "Plan") Proposed by the Debtors, the Official Committee of Unsecured Creditors (the "Committee"), Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "Plan Proponents") and state:

**BACKGROUND AND STANDING**

1. On December 8, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"). The Debtors continue to operate their businesses as debtors in possession, pursuant to 11 U.S.C. §§ 1107 and 1108.

2. On or about December 4, 2010, the Committee commenced adversary proceedings, pursuant to 11 U.S.C. §§ 547, 548 and 550, against certain of the Debtors' employees, including the Objectors (the "Adversary Proceedings"). The Adversary Proceedings

9340015_2

seek to avoid and recover purported preferential and/or fraudulent transfers made by certain of the Debtors to individuals such as the Objectors.

3. On October 3, 2011, this Court entered an Order Granting Joint Motion of the Debtors and the Committee Pursuant to Bankruptcy Rule 9019 for Approval of the Stipulation to Treat Certain Late-Filed Indemnification Claims as Timely-Filed and Approval of Procedure for Entry into Identical Stipulations with Other Former Directors and Officers (the "Indemnification Claims Order") [Docket No. 9875].

4. Pursuant to the Indemnification Claims Order, the Objectors, and other similarly situated former directors, officers, and employees of the Debtors, entered into stipulations and filed indemnification claims in accordance with the prescribed procedures.

5. On April 12, 2012, the Plan Proponents filed the Plan [Docket No. 11354].

6. The Objectors, as defendants in Adversary Proceedings, are parties in interest to these bankruptcy cases and have standing to raise this objection pursuant to 11 U.S.C. § 1109(b).

**OBJECTION**

7. The Objectors are former employees of the Debtors who may be entitled to indemnification in connection with the Adversary Proceedings brought against them.

8. Currently, the Plan provides as follows with respect to pre-petition indemnification and reimbursement obligations:

> 11.6.1 Prepetition Indemnification and Reimbursement Obligations. For purposes of this Plan, the respective obligations of Tribune and the other Debtors to indemnify and reimburse any Persons who are or were directors, officers or employees of the Debtors on or after the Petition Date, against and for any obligations pursuant to certificates or articles of incorporation, certificates of formation, codes of regulation, bylaws, limited liability company agreements, partnership agreements, applicable state or non-bankruptcy law, or specific agreements or any combination of the foregoing, but excluding any obligations of Tribune and the other Debtors to any Person in respect of any such

indemnification or reimbursement related to, based upon, or in connection with any LBO-Related Causes of Action arising prior to the Petition Date, shall survive confirmation of this Plan, remain unaffected thereby, and not be discharged under section 1141 of the Bankruptcy Code, irrespective of whether indemnification or reimbursement is owed in connection with any event occurring before, on, or after the Petition Date.

9.  Pursuant to section 11.6.1 as proposed by the Plan Proponents, the indemnification and reimbursement claims of only those who were directors, officers, or employees of the Debtors on or after the Petition Date are preserved. Certain individuals, however, such as the Objectors, were no longer employed by the Debtors as of the Petition Date, yet should not be deprived of potential claims for indemnification in connection with the Adversary Proceedings.

10. The Objectors seek a modification of section 11.6.1 such that the Debtors' prepetition indemnification and reimbursement obligations survive as to all former directors, officers, or employees of the Debtors who are the subject of "Related Person Preference Actions" (as defined in section 1.1.182 of the Plan). Limiting the survival of indemnification obligations to only those directors, officers, and employees who were employed on or after the Petition Date unfairly discriminates against those directors, officers, and employees who departed the Debtors' employ prior to the Petition Date but have been subject to the same Adversary Proceedings as those whose employment continued through the Petition Date.

## **CONCLUSION**

11. Accordingly, the Objectors respectfully request a modification of section 11.6.1 of the Plan to provide for survival of indemnification and reimbursement obligations, if any, to those who are or were directors, officers, or employees of the Debtors and are the subject of Adversary Proceedings, regardless of their employment status on the Petition Date.

12. The Objectors reserve their rights to amend and/or supplement this Objection as necessary.

WHEREFORE, the Objectors request the entry of an order providing for an amendment to the Plan to provide for survival of indemnification and reimbursement obligations to those who are or were directors, officers, or employees of the Debtors, regardless of their employment status on the Petition Date, and granting such further relief as this Court deems just and proper.

Dated: May 21, 2012

By: /s/ Jesse N. Silverman
Jesse N. Silverman (#5446)
Catherine G. Pappas
DILWORTH PAXSON LLP
One Customs House – Suite 500
704 King Street
Wilmington, Delaware 19801
Telephone: (302) 571-9800
Facsimile: (302) 571-8875

and

DILWORTH PAXSON LLP
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
Telephone: (215) 575-7000
Facsimile: (215)575-7200

*Attorneys for F. Ashley Allen, Catherine M. Hertz, Michael D. Slason, and Louis J. Stancampiano*