# Exhibit A

Page 1

1

2  UNITED STATES BANKRUPTCY COURT

3  SOUTHERN DISTRICT OF NEW YORK

4  Case No. 10-16140-mg

5  - - - - - - - - - - - - - - - - - - -x

6  In the Matter of:

7

8  AMERICAN MEDIA, INC., ET AL.,

9

10         Debtors.

11

12  - - - - - - - - - - - - - - - - - - -x

13

14         U.S. Bankruptcy Court

15         One Bowling Green

16         New York, New York

17

18         December 20, 2010

19         10:03 AM

20

21  B E F O R E:

22  HON. MARTIN GLENN

23  U.S. BANKRUPTCY JUDGE

24

25

Page 2

2   The Debtors' Amended Joint Prepackaged Plan of Reorganization

3   Under Chapter 11 of the Bankruptcy Code (Docket No. 115)

5   Debtors' Motion for an Order (A) Scheduling a Combined Hearing

6   to Consider the Adequacy of the Disclosure Statement and

7   Solicitation and Election Procedures and Confirmation of the

8   Plan, (B) Establishing Deadlines and Procedures to File

9   Objections to the Disclosure Statement, the Solicitation and

10  Election Procedures and the Plan, and (C) Approving the Form

11  and Manner of the Notice of Combined Hearing (Docket No. 21)

25  Transcribed by: Dena Page

Page 3

```
 1
 2    A P P E A R A N C E S :
 3    AKIN GUMP STRAUSS HAUER & FELD LLP
 4         Attorneys for Debtors
 5         One Bryant Park
 6         New York, NY 10036
 7
 8    BY:   IRA S. DIZENGOFF, ESQ.
 9          MEREDITH A. LAHAIE, ESQ.
10
11
12    PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
13         Attorneys for Noteholder Committee
14         1285 Avenue of the Americas
15         New York, NY 10019
16
17    BY:   ANDREW N. ROSENBERG, ESQ.
18
19
20    UNITED STATES DEPARTMENT OF JUSTICE
21         Office of the United States Trustee
22         33 Whitehall Street, 21st Floor
23         New York, NY 10004
24
25    BY:   RICHARD C. MORRISSEY, ESQ.
```

1  that as well, or I can just proceed and go through all the 1129

2  factors.

3      THE COURT: We can go through my questions rather than

4  have you go through all --

5      MR. DIZENGOFF: Perfect.

6      THE COURT: -- the 1129(a) and (b) factors. First

7  question I have is regarding section 2.2 of the amended plan

8  that provides that, "The reorganized debtors shall pay all

9  reasonable fees, costs, and expenses of the committee's counsel

10 incurred through and including the confirmation date without

11 the need for approval by the Bankruptcy Court." And I need for

12 you to address the plan's provision that excludes -- that takes

13 it away from the Court to review the reasonableness of those

14 fees. I know Judge Gerber in Adelphia, 2010 W.L. 4791795

15 (Bankr.S.D.N.Y., Nov. 18, 2010) approved payments, fees for ad

16 hoc committees pursuant to plan of reorganization, which would

17 be done here. In one prior case, while I didn't write an

18 opinion on this, I refused to approve fees unless the Court

19 would have an opportunity to review them for reasonableness. I

20 then went on that the fees were then submitted and I approved

21 them. But what's the authority for me -- for you to put in a

22 blank check for the committee's counsel?

23     MR. DIZENGOFF: Your Honor, two things in response.

24 One, Mr. Rosenberg's group, the committee, have worked very

25 cooperatively with the debtor, and as a result, you see the

AMERICAN MEDIA, INC., ET AL.

Page 14

1  results of that which is a pre-packaged plan that's
2  overwhelmingly supported by all the creditors, save one. Two,
3  I think I've clarified with Mr. Rosenberg that the
4  reasonableness of his fees would be subject to Court review.
5  What we're trying to avoid is the burden upon him and others of
6  a fee application and review process, which we don't think is
7  really necessary. In the event that there was a dispute --
8            THE COURT: Well, I haven't reviewed -- when this came
9  up not too long ago, I wasn't interested in reviewing it under
10 a 327 standard, but I have no idea what the amount of the fees
11 are. Do you know what they are?
12           MR. DIZENGOFF: I know what we paid pre-petition; I
13 don't know currently.
14           THE COURT: Okay, what I -- I'll hear argument about
15 it, but the point being I don't write blank checks, and it may
16 well be that it's proper to include payment of fees for an ad
17 hoc committee within a plan of reorganization, but that doesn't
18 necessarily mean that the Court has abdicated all of its
19 responsibility or any of its responsibility for being able to
20 review the reasonableness of fees.
21           MR. DIZENGOFF: Your Honor, perhaps I could offer this
22 up as a happy medium, which I think makes sense. Much the same
23 way you see indenture trustee fees that are subject to -- in
24 the event of a dispute, Your Honor has, obviously, the final
25 say on whether they're reasonable or not. So as fiduciaries,

AMERICAN MEDIA, INC., ET AL.

Page 15

1   obviously, for the estates, we're going to review Mr.
2   Rosenberg's fees, as well as the bank's fees, et cetera. And
3   in the event that we have an argument about excessive time
4   charges or not, ultimately, you're the arbiter of that and
5   under a reasonableness standard.
6           THE COURT: Mr. Morrissey, does the U.S. Trustee have
7   a position on this?
8           MR. MORRISSEY: Good morning, Your Honor. Richard
9   Morrissey for the U.S. Trustee. Your Honor, the U.S. Trustee
10  did not raise this issue as to the fees of Mr. Rosenberg's
11  firm. They would be coming in post-confirmation, and that's a
12  dividing line for us. Obviously, if the Court wishes us to
13  review those fees, we can certainly do so.
14          THE COURT: Mr. Dizengoff, let me be very specific,
15  okay? 1129(a)(4): "The Court shall confirm a plan only if all
16  of the following requirements are met:" and then, "(4) Any
17  payment made or to be made by the proponent, by the debtor, or
18  by a person issuing securities or acquiring property under the
19  plan, for services or for costs and expenses in or in
20  connection with the case, or in connection with the plan and
21  incident to the case, has been approved by, or is subject to
22  the approval of, the Court as reasonable."
23          I will not approve a blank check for the committee. I
24  have no idea how much money you're seeking to pay them -- how
25  much they're seeking to be paid, and 1129(a)(4), which is the

Page 16

1  confirmation standard, certainly indicates that the proposed
2  payment -- a proposed payment can be approved, but that section
3  specifically provides, "has been approved by, or is subject to
4  the approval of, the Court as reasonable." I will not approve
5  a plan provision that simply says that the reorganized debtor
6  shall pay all reasonable fees, costs, and expenses of the
7  committee's counsel -- leaving some words out -- without the
8  need for approval by the Bankruptcy Court. That is directly
9  contrary to 1129(a)(4).
10         MR. DIZENGOFF: Your Honor, can I make a suggestion --
11  and Mr. Rosenberg can chime in -- what we would do is propose
12  that Mr. Rosenberg gave the debtor its fees and expenses.
13  We'll review them for reasonableness; we'll notice it out to
14  parties that says, "pursuant to the Court's direction, the
15  debtor has reviewed the fees; he's the aggregate," whether or
16  not we believe they're reasonable or not, and then if parties-
17  in-interest want to object to it as unreasonable, or the debtor
18  wants to object to it as unreasonable, we'll then come before
19  you. So that way the Court knows and all parties-in-interest
20  in the case know exactly the magnitude of the fees.
21         THE COURT: Do you have any authority that I am
22  misreading 1129(a)(4)?
23         MR. DIZENGOFF: No. No, I do not. What I'm trying to
24  suggest is a mechanic, I think, that will --
25         THE COURT: I'm more than suggesting. I'm telling

1   you.

2            MR. DIZENGOFF:  Okay.

3            THE COURT:  You need -- I will tell you -- I'm not --
4   when I see the fees, I'll decide what I'm going to do, but when
5   this came up before, this -- recently, this exact issue, and I
6   refused to confirm a plan unless the parties agreed on the
7   record that the payment to the committee's counsel would be
8   subject to the approval of the Court for reasonableness.  They
9   submitted -- it wasn't the full-blown fee package that I would
10  get reviewing debtors' counsel or creditors' committee's
11  counsel, but I got to see and review in the context of the
12  case, hear the pre-petition debtor paid, I don't know how much,
13  but paid Paul, Weiss's fees, I assume.  I don't know what the
14  post-petition amounts that remain due, but 1129(a)(4) -- if
15  you've got -- if you have some authority that you want to offer
16  on this, go ahead and do it.  But I'm just telling you, the
17  statute says that it can be paid, but it's subject to approval
18  of the Court as reasonable.  It's as simple as that.  I'm not
19  going -- put it this way.  I will not confirm a plan with the
20  language in 2.2 unless it's agreed on the record today from you
21  and the committee's counsel that the payment of their fees,
22  costs, and expenses are subject to review by the Court as
23  reasonable.  Simple as that.

24           MR. DIZENGOFF:  Can you just give me one second?

25           THE COURT:  Sure.

```
 1      (Pause)
 2          MR. DIZENGOFF:  Okay, Your Honor.  I've conferred with
 3   Mr. Rosenberg.  He will agree to the process that you suggest
 4   or order, and he --
 5          THE COURT:  I'm not ordering it.  I'm just telling you
 6   I won't confirm the plan --
 7          MR. DIZENGOFF:  No, well, obviously, that's a problem
 8   for us.
 9          THE COURT:  -- the way you've drafted it.  It's as
10   simple as that.
11          MR. DIZENGOFF:  So that makes it easy.
12          MR. ROSENBERG:  It's an easy agreement, Your Honor.
13          MR. DIZENGOFF:  There you go.  Makes it easy.
14          One request, if you would.  Your Honor, it is the end
15   of the year.  Mr. Rosenberg's firm is well-known in the legal
16   community.  We'd like to, as we would do with kind of estate
17   professionals, pay him, call it eighty percent subject to a
18   holdback, and obviously, at the end of the day, if you
19   determine the fees were not reasonable, he would agree to
20   disgorge the fees.
21          THE COURT:  Mr. Rosenberg, what -- do you have an
22   approximate amount of the fees that are due?
23          MR. ROSENBERG:  Your Honor, I think it's a couple
24   hundred thousands.
25          THE COURT:  You know, it's going to be much ado about
```