**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, *et al.*, | Jointly Administered |
| | **Related Docket No. 11458** |
| Debtors. | Hearing Date: June 7, 2012 |

**OBJECTION OF AURELIUS CAPITAL MANAGEMENT, LP TO MOTION OF CITADEL EQUITY FUND LTD. AND CAMDEN ASSET MANAGEMENT FOR RECONSIDERATION AND/OR CLARIFICATION OF THE COURT'S APRIL 9, 2012 MEMORANDUM AND ORDER REGARDING ALLOCATION DISPUTES**

Aurelius Capital Management, LP, on behalf of its managed entities ("Aurelius")[1] by and through its undersigned counsel, hereby files this objection (the "Objection") to the *Motion of Citadel Equity Fund Ltd. and Camden Asset Management for Reconsideration and/or Clarification of the Court's April 9, 2012 Memorandum and Order Regarding Allocation Disputes* [ECF No. 11458] (the "Reconsideration Motion").[2] In support of this Objection, Aurelius respectfully represents as follows:

**OBJECTION**

1. By the Reconsideration Motion, certain holders (the "Tendering PHONES Noteholders") of 3,093,941 tendered PHONES Notes (the "Tendered PHONES Notes") seek clarification and/or reconsideration of two issues: (i) the impact of the Court's determination of the allowed amount of the PHONES Notes Claims on the rights and remedies of the Tendering

---

[1] Entities managed by Aurelius own a substantial amount of Senior Notes and PHONES Notes. Neither Aurelius nor any of its managed entities owe any fiduciary duties to any party in interest in these cases, nor is Aurelius or any of its managed entities an insider of Tribune Company or any of its affiliates.

[2] Terms not otherwise defined herein shall have the meanings ascribed to such terms in the Reconsideration Motion or the *Fourth Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A.,* dated April 17, 2012 [ECF No 11399] (the "DCL Plan").

{00633747;v1 }

PHONES Noteholders in the MDL[3] and (ii) whether the Allocation Disputes Decision (as defined below) determined the classification of the claims of the Tendering PHONES Noteholders (the "Tendered PHONES Notes Claims") in a plan of reorganization, or alternatively, whether the issue was reserved for determination in connection with confirmation.  The relief sought in the Reconsideration Motion should be denied for three reasons.  First, the Tendering PHONES Noteholders have failed to demonstrate that reconsideration of the Court's determination regarding the allowed amount of the PHONES Notes Claims is warranted.  Second, pending confirmation of a plan in these cases, the Court's determination regarding the allowed amount of the PHONES Notes Claims is final and binding on the Tendering PHONES Noteholders in all subsequent litigation (in this Court, the MDL or otherwise).  Third, the Court's Confirmation Decision (as defined below) conclusively determined that the Tendered PHONES Notes Claims and the remaining PHONES Notes Claims should be classified together in any plan of reorganization.  Each of these points is addressed in greater detail below.

### I.  The Tendering PHONES Noteholders Have Not Established or Alleged That Reconsideration is Warranted

2.  Reconsideration of the Court's *Memorandum Regarding Allocation Disputes*, dated April 9, 2012 [ECF No. 11337] (the "Allocation Disputes Opinion" and, together with the corresponding order, the "Allocation Disputes Decision") is improper as a matter of law.  In its *Memorandum on Reconsideration*, dated December 29, 2011 [ECF No. 10531] (the "Reconsideration Opinion" and, together with the corresponding order, the "Reconsideration Decision"), this Court held that "a motion to alter or amend a judgment . . . must be grounded on (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent manifest injustice."  Reconsideration Opinion at 4; *see*

---

[3] The state law fraudulent conveyance litigation captioned *In re: Tribune Company Fraudulent Conveyance Litigation*, 11-MD-02296 (WHP) (S.D.N.Y.).

{00633747;v1 }

*also Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (same). Further, reconsideration is only appropriate where facts that "would alter or impact the decision have been overlooked or misapprehended," and not where a party seeks "to reargue the facts or applicable law." Reconsideration Opinion at 4-5.

3. A party seeking reconsideration bears the heavy burden of proving that the above standard has been met. *See Max's Seafood Café v. Quinteros*, 176 F.3d at 677. Indeed, motions for reconsideration are "extraordinary means of relief in which the movant must do more than simply reargue the facts of the case or legal underpinnings." *Calyon NY Branch v. Am. Home Mortg. Corp.*, 383 B.R. 585, 589 (Bankr. D. Del. 2008). In the instant matter, the Tendering PHONES Noteholders do not contend that (i) there has been a change of law, (ii) new evidence has emerged *or* (iii) there has been a clear error of law. In fact, the Tendering PHONES Noteholders fail to address even the most basic requirements for reconsideration. The Tendering PHONES Noteholders have therefore not met (or even attempted to meet) their burden to prove that this extraordinary relief is warranted, and the Court should therefore deny their request for reconsideration.

II. **The Court's Determination Regarding the Allowed Amount of the PHONES Notes Claims Will Bind the Tendering PHONES Noteholders in Subsequent Litigation**

4. In its Allocation Disputes Decision, the Court determined that (i) the PHONES Notes Claims should be allowed in the Low PHONES Amount (as defined below) and (ii) the Tendered PHONES Notes had been properly tendered for exchange and were no longer "outstanding" under the terms of the indenture governing the PHONES Notes (the "PHONES Indenture"). *See* Allocation Disputes Opinion at 18-19. Accordingly, the Court held that there were a total of 4,519,410 PHONES Notes outstanding, and that the total amount of the PHONES Notes Claims was $759,252,932 (the "Low PHONES Amount"), calculated as follows:

|  | **Number of PHONES Notes** | **PHONES Claim Amount** (calculated at $155.4944 per PHONES Note) |
|---|---|---|
| Original PHONES Notes | 8,000,000 | $1,243,955,537 |
| <u>Less</u> exchanges not subject to the challenge (prior to the Exchange Period) | (386,649) | ($60,121,771) |
| **Subtotal** | **7,613,351** | **$1,183,833,767** |
| <u>Less</u> exchanges subject to determination (tendered during the Exchange Period) | (3,093,941) | ($481,090,630) |
| **Subtotal on Account of the Tendered PHONES Notes[4]** | **4,519,410** | **$702,743,137** |
| <u>Plus</u> exchange value of accepted tenders |  | $56,509,795 |
| **TOTAL** | **4,519,410** | **$759,252,932** |

*See* Allocation Disputes Opinion at 18-19.

5.     The Tendering PHONES Noteholders assert that the allowed amount of the Tendered PHONES Notes Claims for purposes of a plan of reorganization is a "separate and distinct issue" from the amount assertable by the Tendering PHONES Noteholders in the MDL. *See* Reconsideration Motion at 8.  More specifically, the Tendering PHONES Noteholders are asking this Court to conclude that its determination as to the allowed amount of the PHONES Notes Claims for plan purposes has no bearing on the amount that the Tendering PHONES Noteholders can seek to recover in the MDL. *See id.* at 8-10.  While Aurelius understands that the Court is unlikely to express a view as to whether its holding on the allowed amount of the PHONES Notes Claims for plan purposes has any bearing in the MDL, Aurelius submits for the reasons set forth below that any result to the contrary would undermine fundamental tenets of law.

---

[4] The amount that Tribune was obligated to pay in exchange for such PHONES Notes as of the Petition Date.
{00633747;v1 }

6.      Pursuant to Bankruptcy Code section 101(5)(A), a "claim" in bankruptcy means the "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." 11 U.S.C. § 101(5)(a). A bankruptcy court has jurisdiction to determine the allowed amount of any such claim. *See* 11 U.S.C. § 502(b). Indeed, one of the essential or "core" functions of bankruptcy is to adjudicate claims against a debtor's estate. *See In re UAL Corp.*, 310 B.R. 373, 377 (Bankr. N.D. Ill 2004) ("A bankruptcy court in which an estate is being administered has full power to inquire into the validity of any alleged debt or obligation of the bankrupt upon which a demand or claim against the estate is based"); *see also Lesser v. A–Z Assocs. (In re Lion Capital Group)*, 46 B.R. 850, 860 (Bankr. S.D.N.Y. 1985) ("Adjustment of claims against an estate has been and remains central to bankruptcy proceedings."). Further, a bankruptcy court's determination with respect to the allowed amount of a claim is a final judgment and cannot be attacked in a subsequent proceeding. *See e.g., Katchen v. Landy,* 382 U.S. 323, 333-36 (1966) (holding that a bankruptcy court's ruling on a proof of claim, on the merits of such claim, is a final judgment which will support a plea of *res judicata*); *In re Duggins*, 263 B.R. 233, 242 (Bankr. C.D. Ill. 2001) ("[O]nce a secured claim amount is determined (by whatever procedure) in a bankruptcy case, that determination cannot be collaterally attacked in a subsequent proceeding.").

7.      Operating within its jurisdiction and in furtherance of its congressional mandate, the Court properly determined the amount and nature of the Tendered PHONES Notes Claims, which determination will become final upon confirmation of a plan of reorganization. *See* Allocation Disputes Order at 1 (noting that resolution of certain of the Allocation Disputes is "subject to, conditioned upon, and for the purpose of obtaining confirmation of a chapter 11

plan"). Through the resolution of the Allocation Disputes, the allowed amount of the PHONES Notes Claims was adjudicated on the merits, in connection with which the indenture trustee for the PHONES Notes (on behalf of all holders of PHONES Notes) argued through written submissions and at oral argument that the PHONES Notes Claims should be allowed in the amount of $1,183,833,767 plus unpaid interest (the so-called "High PHONES Amount"). Accordingly, and pursuant to the above precedent, the Court's determination that the PHONES Notes Claims are allowed in the amount of $759,252,932 should be given, upon confirmation of a plan in these cases, preclusive effect in all subsequent proceedings.

### III. The Court has Determined that the Tendered PHONES Notes Claims and the Remaining PHONES Notes Claims Should be Treated Alike Under a Plan

8. There is no dispute that the Court held in the Allocation Disputes Decision that the Tendered PHONES Notes Claims are allowed in the amount of $56,509,795—the amount that Tribune was obligated to pay in exchange for the Tendered PHONES Notes as of the Petition Date. *See* Reconsideration Motion at 10; Allocation Disputes Opinion at 18-19. The Court also fixed the total allowed amount of the PHONES Notes Claims at $759,252,932 (or the Low PHONES Amount). *See id.* Contrary to the Tendering PHONES Noteholders' assertions, the Court previously conclusively determined that the Tendered PHONES Notes Claims should be classified with all other PHONES Notes Claims. Indeed, while the Court declined to adjudicate the allowed amount of the PHONES Notes Claims in its *Opinion on Confirmation*, dated October 31, 2012 [ECF No. 10133] (the "Confirmation Opinion" and, together with the corresponding Order, the "Confirmation Decision"), the Court did address the relative priority of

the Tendered PHONES Notes Claims and the remaining PHONES Notes Claims. *See* Confirmation Opinion at 106.[5]

9. In connection with its analysis of whether the Tendered PHONES Notes Claims were, in fact, subordinated to the remaining PHONES Notes Claims, the Court explained that the Tendering PHONES Noteholders and the remaining holders of PHONES Notes are "subordinated creditors ***on the 'same level'***" and cautioned against any such creditor's attempt to "bootstrap its claim into a more senior class expected to receive a better recovery." Confirmation Opinion at 107 (emphasis added). The Court further opined that "[w]hether the amount of the Tendering [PHONES Notes] Claim[s] is fixed as of the date the [e]xchange [n]otices were given, or whether the [e]xchange [n]otices were revoked or never took effect for failure of the Debtors to complete the process, ***the PHONES Noteholder claims should be treated alike***." *Id.* at 108 (emphasis added). Thus, the Court expressly held that regardless of whether the Tendered PHONES Notes Claims are counted for purposes of determining the allowed amount of the PHONES Notes Claims, the Tendered PHONES Notes Claims should be treated the same as all other PHONES Notes Claims for purposes of classification. Moreover, the Court condoned any action taken by a Tendering PHONES Noteholder to "bootstrap" its recovery to that of another class (*i.e.*, the class of Other Parent Claims under the DCL Plan)—a result the Tendering PHONES Noteholders now seek to accomplish. *See* Confirmation Opinion at 107.

10. The Tendering PHONES Noteholders have disregarded the Court's explicit rulings in requesting clarification and reconsideration of the relative priority of the Tendered PHONES Notes Claims. Indeed, the Tendering PHONES Noteholders maintain that because the Court determined that the PHONES Notes tendered for exchange were no longer "outstanding"

---

[5] Specifically, after leaving open the question of the allowed amount of the PHONES Notes Claims, the Court stated, "[t]he second issue regarding subordination [of the claims held by the Tendering PHONES Noteholders], which could impact classification issues, should be addressed." *See* Confirmation Opinion at 106.

{00633747;v1 }

as of the Petition Date, they cannot properly be considered PHONES Notes at all and, thus, should not receive the treatment afforded to holders of PHONES Notes Claims under the DCL Plan. Instead, the Tendering PHONES Noteholders argue that the Tendered PHONES Notes Claims should be classified as general unsecured claims against the Debtors, which claims are not subject to the subordination provisions of the PHONES Notes Indenture, but rather are *superior* to all other PHONES Notes Claims. *See* Reconsideration Motion at 11. Such a result is not only inconsistent with the Court's prior rulings but also finds no basis in applicable law, as evidenced by the Tendering PHONES Noteholders' failure to cite a single case in support of their position.

11. Finally, by the Reconsideration Motion—a motion that purportedly seeks reconsideration of the Allocation Disputes Decision—the Tendering PHONES Noteholders in fact seek reconsideration of this Court's conclusions in its Confirmation Decision, a decision rendered nearly seven months ago. The Tendering PHONES Noteholders did not seek reconsideration of the Confirmation Decision when they had the opportunity to do so, and that time has long-since lapsed.

12. For the foregoing reasons, the Court should uphold its prior determination that the Tendered PHONES Notes Claims should be treated in the same manner as, and classified together with, all other PHONES Notes Claims in any plan of reorganization.

## RESERVATION OF RIGHTS

13. Aurelius continues to analyze the issues raised by the Reconsideration Motion. As such, this Objection is submitted without prejudice to, and with a full reservation of, Aurelius's rights to supplement this Objection in advance of or in connection with the confirmation hearing.

**CONCLUSION**

**WHEREFORE**, for the foregoing reasons, Aurelius requests that the Court (i) deny the relief requested by the Reconsideration Motion and (ii) grant Aurelius such other and further relief as the Court may deem just, proper and equitable.

Dated: May 21, 2012

    Respectfully submitted,

| | |
|---|---|
| AKIN GUMP STRAUSS HAUER & FELD LLP<br>Daniel H. Golden<br>David M. Zensky<br>Philip C. Dublin<br>One Bryant Park<br>New York, NY  10036<br>(212) 872-1000<br><br>*Counsel for Aurelius Capital Management, LP* | ASHBY & GEDDES, P.A.<br><br>*/s/  Leigh-Anne M. Raport*<br>William P. Bowden (I.D. No. 2553)<br>Amanda M. Winfree (I.D. No. 4615)<br>Leigh-Anne M. Raport (I.D. No. 5055)<br>500 Delaware Avenue, P.O. Box 1150<br>Wilmington, DE  19899<br>(302) 654-1888 |