# EXHIBIT A

## LB LITIGATION TRUST AGREEMENT

This LB Litigation Trust Agreement (the "**Litigation Trust Agreement**"), made this ____ day of April, 2010 by and between (a) LyondellBasell Industries AF S.C.A. ("**LBIAF**") on behalf of itself and the other Debtors and (b) the individual identified on <u>Exhibit A</u>, as trustee for the liquidating trust established pursuant to this Litigation Trust Agreement (such person and each successor trustee the "**Litigation Trustee**") is executed to facilitate the implementation of the Third Amended Joint Chapter 11 Plan of Reorganization for the LyondellBasell Debtors dated March 12, 2010 (as the same may be amended, modified or supplemented from time to time in accordance with the terms and provisions thereof, the "**Plan**") that provides for the establishment of the litigation trust created hereby (the "**Litigation Trust**"). Each of the Debtors (or, after the Effective Date, the Reorganized Debtors) and the Litigation Trustee are sometimes referred to individually as a "**Party**" and collectively as the "**Parties**."

## RECITALS

WHEREAS, Lyondell Chemical Company ("**Lyondell Chemical**") and certain of its Affiliates filed for protection under chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") on January 6, 2009 (the "**Petition Date**"), and LBIAF and certain other of Lyondell Chemical's Affiliates filed thereafter (Lyondell Chemical, LBIAF and all such Affiliates, collectively, as debtors and debtors in possession, the "**Debtors**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"); and

WHEREAS, on April __, 2010, the Bankruptcy Court entered its order confirming the Plan (the "**Confirmation Order**"); and

WHEREAS, the Plan provides, among other things, as of the effective date of the Plan (the "**Effective Date**"), for (a) the creation of the Litigation Trust and the creation of the beneficial interests in the Litigation Trust for the benefit of the Beneficiaries, (b) the transfer to the Litigation Trust of the Litigation Trust Assets, (c) the administration and liquidation of the Litigation Trust Assets and the distribution of the proceeds therefrom to the Beneficiaries and Other Distributees, in accordance with this Litigation Trust Agreement, the Plan and the Confirmation Order; and

WHEREAS, pursuant to Treasury Regulation section 301.7701-4(d), the Litigation Trust is being created for the primary purpose of liquidating the Litigation Trust Assets in an expeditious but orderly manner for the benefit of the Beneficiaries, with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to and consistent with the liquidating purpose of the Litigation Trust and the Plan; and

WHEREAS, the Litigation Trust is intended to qualify as a "grantor trust" for U.S. federal income tax purposes, pursuant to sections 671-677 of the IRC, with the Beneficiaries to be treated as the grantors of the Litigation Trust and deemed to be the owners of the Litigation Trust Assets (subject to the rights of creditors of the Litigation Trust), and, consequently, the transfer of the Litigation Trust Assets to the Litigation Trust shall be treated as a deemed transfer of those assets from the Debtor to the Beneficiaries followed by a deemed transfer by such Beneficiaries to the Litigation Trust for federal income tax purposes;

WHEREAS, the Litigation Trustee was duly appointed as a representative of the Debtors' estates pursuant to sections 1123(a)(5), (a)(7), and (b)(3)(B) of the Bankruptcy Code to hold and pursue the Assigned Actions; and

WHEREAS, the Reorganized Debtors and the Litigation Trustee entered into a Cooperation Agreement dated April __, 2010 which provides that the Reorganized Debtors will provide certain cooperation to the Litigation Trust.

NOW, THEREFORE, pursuant to the Plan and the Confirmation Order, in consideration of the premises, the mutual agreements of the Parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and affirmed, the Parties hereby agree as follows:

## ARTICLE I
## DEFINITIONS

For all purposes of this Litigation Trust Agreement, capitalized terms used herein and not otherwise defined shall have the meanings assigned to such terms in Annex A attached hereto and made part hereof.  Capitalized terms used herein and not otherwise defined herein or in Annex A shall have the meanings ascribed to such terms in the Plan.  Unless otherwise specified, Article, Section and Paragraph references herein are to Articles, Sections and Paragraphs of this Litigation Trust Agreement.

## ARTICLE II
## ESTABLISHMENT OF THE LITIGATION TRUST

2.1     Establishment of Litigation Trust and Appointment of Litigation Trustee.

(a)     Pursuant to the Plan, the Parties hereby establish a trust which shall be known as the "LB Litigation Trust" on behalf of the Beneficiaries.

(b)     The Litigation Trustee is hereby appointed as trustee of the Litigation Trust effective as of the Effective Date and agrees to accept and hold the assets of the Litigation Trust in trust for the Beneficiaries subject to the terms of the Plan, the Confirmation Order and this Litigation Trust Agreement. The Litigation Trustee and each successor trustee serving from time to time hereunder shall have all the rights, powers and duties set forth herein.

(c)     Subject to the terms of this Litigation Trust Agreement, any action by the Litigation Trustee and/or the Trust Board which affects the interests of more than one Beneficiary shall be binding and conclusive on all Beneficiaries and Other Distributees, even if such Beneficiaries and Other Distributees have different or conflicting interests.

(d)     The Litigation Trustee and the Directors may serve without bond.

(e)     For the avoidance of doubt, none of the Litigation Trustee or any Director is an officer, director or fiduciary of any of the Reorganized Debtors.

2.2     Transfer of Litigation Trust Assets. Pursuant to the Plan, as of the Effective Date:

(a)      Debtors hereby transfer, assign, and deliver to the Litigation Trust, without recourse, all of their respective rights, title, and interests in and to the Contributed Claims free and clear of any and all liens, claims, encumbrances or interests of any kind in such property; and

(b)      Debtors hereby transfer, assign, and deliver to the Litigation Trust and the Litigation Trustee , without waiver, all of their respective rights, title and interests in and to any privilege or immunity attaching to any documents or communications (whether written or oral) associated with the Contributed Claims (collectively, "**Privileges**" and, together with Contributed Claims, "**Assigned Actions**"), which shall vest in the Litigation Trustee and the Litigation Trust, in trust, and, consistent with section 1123(b)(3)(B) of the Bankruptcy Code, for the benefit of the Beneficiaries; *provided*, that the Reorganized Debtors shall not be required to transfer or deliver (i) any privileged documents created during (or in preparation for) the Chapter 11 Cases except to the extent that they contain analysis of the merits of the Contributed Claims and not the conduct or strategy of any aspect of the Chapter 11 Cases; (ii) any privileged documents with respect to the determination of whether any person or party is an Excluded Person as that term is defined in Section 3.3 of the Lender Litigation Settlement Agreement; (iii) any privileged documents created by or at the direction of the Reorganized Debtors on or after the Effective Date; or (iv) any document that the Reorganized Debtors are under a legal obligation due to personal privacy issues of an employee or contractual obligation to refrain absent a subpoena or formal discovery request from providing to a third party, whether or not privileged.  For purposes of the transfer of documents, the Litigation Trust is an assignee and successor to the Debtors in respect of the Contributed Claims and shall be treated as such in any review of confidentiality restrictions in requested documents. For purposes of this Section 2.2(b), "privileged" means attorney-client privilege or work product protection (or both as the case may be) as those terms are defined in Federal Rule of Evidence 502(g).

(c)      As and to extent provided in the Cooperation Agreement, the Debtors and Reorganized Debtors shall deliver or cause to be delivered to the Litigation Trustee the documents required in connection with the Assigned Actions other than Non-Settling Defendant Claims against Directors, Officers and Subsidiary Directors (including those maintained in electronic format and original documents) whether held by the Debtors or Reorganized Debtors, their agents, advisors, attorneys, accountants or any other professional hired by the Debtors or Reorganized Debtors.

2.3      Funding of the Litigation Trust.

(a)      On the Effective Date, the Creditor Representative may provide the Initial Funding Amount to the Litigation Trust.  From time to time thereafter, the Creditor Representative may provide additional funding in accordance with the Creditor Representative Supplement to fund the fees, expenses, and costs of the Litigation Trust.  To the extent that a portion of any funding provided to the Litigation Trust by the Creditor Representative is not needed or reasonably likely to be used to defray the costs and expenses of the Litigation Trust, such funds shall be returned to Creditor Representative.   Neither the Debtors nor the Reorganized Debtors shall have any obligation with respect to, or liability for, any decision by the Creditor Representative with respect to funding of the Litigation Trust.

(b)    Any failure or inability of the Litigation Trust to obtain funding will not affect the enforceability of the Litigation Trust.

2.4    <u>Title to the Litigation Trust Assets</u>.  The transfer of the Litigation Trust Assets to the Litigation Trust pursuant to Section 2.2 hereof is being made by the Debtors for the sole benefit, and on behalf of, the Beneficiaries. Upon the transfer of the initial Litigation Trust Assets to the Litigation Trust, the Litigation Trust shall succeed to all of the Debtors' and Beneficiaries' rights, title and interests in the Litigation Trust Assets and no other entity shall have any interest, legal, beneficial, or otherwise, in the Litigation Trust or the Litigation Trust Assets upon their assignment and transfer to the Litigation Trust (other than as provided herein or in the Plan).

2.5    <u>Nature and Purpose of the Litigation Trust</u>.

(a)    <u>Purpose</u>.  The Litigation Trust is organized and established as a trust pursuant to which the Litigation Trustee, subject to the terms and conditions contained herein and in the Plan, is to (i) hold the Litigation Trust Assets and dispose of the same in accordance with this Litigation Trust Agreement and the Plan in accordance with Treasury Regulation section 301.7701-4(d), and (ii) oversee and direct the expeditious but orderly liquidation of the Litigation Trust Assets. The primary purpose of the Litigation Trust is to liquidate the Litigation Trust Assets with no objective to continue or engage in the conduct of a trade or business.

(b)    <u>Relationship</u>.  This Litigation Trust Agreement is intended to create a trust and a trust relationship and to be governed and construed in all respects as a trust. The Litigation Trust is not intended to be, and shall not be deemed to be, or be treated as, a general partnership, limited partnership, joint venture, corporation, joint stock company or association, nor shall the Litigation Trustee, the Trust Board (or any of its Directors), or the Beneficiaries, or any of them, for any purpose be, or be deemed to be or treated in any way whatsoever to be, liable or responsible hereunder as partners or joint venturers. The relationship of the Beneficiaries to the Litigation Trustee and the Trust Board shall be solely that of beneficiaries of a trust and shall not be deemed a principal and agency relationship, and their rights shall be limited to those conferred upon them by this Litigation Trust Agreement.  Notwithstanding anything to the contrary contained herein, while the Other Distributees have certain contract rights to payments from certain distributions by the Litigation Trust as provided in the Distribution Schedule, the Other Distributees are not beneficiaries of the Litigation Trust and are not owed a fiduciary duty or any other duty by the Litigation Trustee, the Trust Board, or their respective professionals or agents.

2.6    <u>Cooperation of Reorganized Debtors</u>.  The Reorganized Debtors shall cooperate with the Litigation Trustee in the administration of the Litigation Trust as provided in the Cooperation Agreement, it being understood and agreed that the Reorganized Debtors are not a fiduciary or agent of the Litigation Trust and owe no duties or obligations to the Litigation Trust, the Beneficiaries or Other Designees  except as expressly set forth in the Cooperation Agreement, this Litigation Trust Agreement or the Plan.

2.7    <u>Appointment as Representative</u>.  Pursuant to section 1123(b)(3) of the Bankruptcy Code, the Litigation Trustee shall be the duly appointed representative of the estates for

certain limited purposes, and, as such, to the extent provided herein, the Litigation Trustee succeeds to the rights and powers of a trustee in bankruptcy solely with respect to prosecution of the Assigned Actions for the benefit of the Beneficiaries. To the extent that any Assigned Actions cannot be transferred to the Litigation Trust because of a restriction on transferability under applicable non-bankruptcy law that is not superseded or preempted by section 1123 of the Bankruptcy Code or any other provision of the Bankruptcy Code, such Litigation Trust Assets shall be deemed to have been retained by the Reorganized Debtors (other than for tax purposes) and the Litigation Trustee shall be deemed to have been designated as a representative of the Debtors' estates to the extent provided herein pursuant to section 1123(b)(3)(B) of the Bankruptcy Code solely to enforce and pursue such Assigned Actions on behalf of the estates. Notwithstanding the foregoing, all net proceeds of the Litigation Trust Assets shall be distributed consistent with the provisions of the Plan and this Litigation Trust Agreement in accordance with the Distribution Schedule.  For avoidance of doubt, any Assigned Action subject to this Section 2.7 shall be treated by the Parties for U.S. federal, state and local income tax purposes as a disposition of the Assigned Action by the Reorganized Debtor as described in Section 8.1 below.

2.8    <u>Relationship to, and Incorporation of, the Plan</u>.  The principal purpose of this Litigation Trust Agreement is to aid in the implementation of the Plan and the Confirmation Order, and therefore this Litigation Trust Agreement incorporates the provisions of the Plan and the Confirmation Order by this reference. To that end, the Litigation Trustee shall have full power and authority to take any action consistent with the purpose and provisions of the Plan, to seek any orders from the Bankruptcy Court in furtherance of implementation of the Plan that directly affect the interests of the Litigation Trust, and to seek any orders from the Bankruptcy Court solely in furtherance of this Litigation Trust Agreement.  As among the Litigation Trust, the Litigation Trustee, the Trust Board, the Beneficiaries, the Debtors and the Reorganized Debtors, if any provisions of this Litigation Trust Agreement are found to be inconsistent with the provisions of the Plan, Lender Litigation Settlement Agreement and the Lender Litigation Settlement Approval Order or the Confirmation Order, each such document shall have controlling effect in the following rank order: (i) the Confirmation Order; (ii) this Litigation Trust Agreement; (iii) the Lender Litigation Settlement Agreement and the Lender Litigation Settlement Approval Order and (iv) the Plan.  As among any of the Litigation Trust, the Litigation Trustee, the Trust Board, the Beneficiaries, the Debtors or the Reorganized Debtors on the one hand, and any of the Other Distributees (other than the Reorganized Debtors) on the other hand, if any provisions of this Litigation Trust Agreement are found to be inconsistent with the provisions of the Plan, Lender Litigation Settlement Agreement and the Lender Litigation Settlement Approval Order or the Confirmation Order, each such document shall have controlling effect in the following rank order: (i) the Confirmation Order; (ii) the Lender Litigation Settlement Agreement and the Lender Litigation Settlement Approval Order; (iii) this Litigation Trust Agreement and (iv) the Plan.

2.9    <u>No Effect on Certain Parties.</u> For the avoidance of doubt, and notwithstanding anything to the contrary contained in this Litigation Trust Agreement (including, without limitation, this Section 2.9), the Parties hereby agree and acknowledge that, other than in each of their capacities as an Other Distributee, nothing in this Litigation Trust Agreement is intended to, does, or shall be construed to affect, prejudice, harm or impact in any way, the rights, remedies, or treatment (including any releases, exculpation, indemnification or otherwise), of any Secured Lender, Secured Lender Releasee, Settling Defendant, or Settling Defendant Releasee

(collectively, the "Unaffected Parties") under the Plan, the Lender Litigation Settlement Agreement or the Lender Litigation Settlement Approval Order. The Parties further agree that the preceding sentence and a statement that this Section 2.9 may not be amended shall be included in the Confirmation Order, and that notwithstanding any ability of the Parties to amend this Litigation Trust Agreement, the Parties shall not be permitted to amend this Section 2.9.

ARTICLE III
**LITIGATION TRUST INTERESTS**

3.1    Litigation Trust Interests.  Beneficial interests in the Litigation Trust ("**Litigation Trust Interests**") will be represented by book entries on the books and records of the Litigation Trust.

3.2    Allocation of Litigation Trust Interests.  The allocation and distribution of the Litigation Trust Interests shall be accomplished as set forth in the Plan, including, without limitation, Sections 4.7, 4.9, 4.10, 4.11 and 5.7 and Article VII of the Plan.

3.3    Interests Beneficial Only.  The ownership of a Litigation Trust Interest shall not entitle any Beneficiary to any title in or to the assets of the Litigation Trust as such (which title shall be vested in the Litigation Trust) or to any right to call for a partition or division of the assets of the Litigation Trust or to require an accounting.

3.4    Identification of Holders of Litigation Trust Interests.  The Litigation Trust will not issue any certificate or certificates to evidence any Litigation Trust Interests.[1]  The record holders of Litigation Trust Interests shall be recorded and set forth in a register maintained by the Litigation Trustee expressly for such purpose ("**Register**"); *provided* that the Litigation Trust shall have no obligation to record the identities of the Other Distributees except for the list of agents for the Other Distributees set forth on Exhibit D (as updated from time to time) and the Reorganized Debtors. Such Register shall be updated monthly as Disputed General Unsecured Claims become Allowed General Unsecured Claims.  Other than providing information to the Litigation Trustee as to the Disputed General Unsecured Claims that have become Allowed General Unsecured Claims, none of the Reorganized Debtors or their agents, professionals, contractors or employees shall have any responsibility or liability for the maintenance of the Register.  All references in this Litigation Trust Agreement to holders of Litigation Trust Interests shall be read to mean holders of record as set forth in the official Register maintained by the Litigation Trustee and shall not mean any beneficial owner not recorded on such official registry.

---

[1] This agreement provides that the Litigation Trust Interests are not transferable.  The Creditors' Committee understands that representatives of certain of the trust beneficiaries are of the view that the Litigation Trust Interests should be transferrable.  Prior to the hearing on confirmation of the Plan, the Creditors' Committee may consider this issue further, including matters relating to funding the costs associated with making the Litigation Trust Interests transferrable (but such costs shall not be borne by the Debtors or Reorganized Debtors).   If the Creditors' Committee decides to permit the Litigation Trust Interests to be certificated and/or transferred, the terms of this Litigation Trust Agreement shall be modified accordingly prior to the Effective Date.

3.5    Non-Transferability of Litigation Trust Interests.  No transfer, assignment, pledge or hypothecation of any Litigation Trust Interests, either in whole or in part, shall be permitted except with respect to a transfer by operation of law, will or under the laws of descent and distribution; *provided* that the Reorganized Debtors shall be permitted to transfer their interests in the Litigation Trust as an Other Distributee to any wholly-owned subsidiary of New Topco. Any transfer permitted under this Section 3.5 will not be effective until and unless the Litigation Trustee receives written notice of such transfer.

3.6    Exemption from Registration.  The parties hereto intend that the rights of the Beneficiaries arising under this Trust shall not be "securities" under applicable laws, but none of the parties hereto represent or warrant that such rights shall not be securities or shall be entitled to exemption from registration under applicable securities laws. If such rights constitute securities, the parties hereto intend for the exemption from registration provided by section 1145 of the Bankruptcy Code and under applicable securities laws to apply to their issuance under the Plan.

3.7    Change of Address**.**  A Beneficiary may, after the Effective Date, select an alternative distribution address by providing notice to the Litigation Trustee identifying such alternative distribution address.  Such notification shall be effective only upon receipt by the Litigation Trustee.  Absent actual receipt of such notice by the Litigation Trustee, the Litigation Trustee shall not recognize any such change of distribution address.

3.8    Tax Identification Numbers.  The Litigation Trustee may require any Beneficiary or Other Distributee to furnish to the Litigation Trustee its social security number or employer or taxpayer identification number as assigned by the IRS and complete any related documentation (including but not limited to a Form W-8 or Form W-9), and the Litigation Trustee may condition any distribution to any Beneficiary or Other Distributee upon the receipt of such information and the receipt of such other documents as the Litigation Trustee reasonably requests.

## ARTICLE IV
## RIGHTS, POWERS AND DUTIES OF LITIGATION TRUSTEE

4.1    Role of the Litigation Trustee.  In furtherance of and consistent with the purpose of the Litigation Trust and the Plan, subject to the terms and conditions contained herein (including in all cases management and direction by the Trust Board) and in the Plan, the Litigation Trustee shall (i) hold the Litigation Trust Assets for the benefit of Beneficiaries as described in the Distribution Schedule, and (ii) make distributions of Proceeds and other Litigation Trust Assets in accordance with the Distribution Schedule. The Litigation Trustee in consultation with, and subject to the management and direction of, the Trust Board shall be responsible for all decisions and duties with respect to the Litigation Trust and the Litigation Trust Assets. In all circumstances, the Litigation Trustee shall act in the best interests of all Beneficiaries and in furtherance of the purpose of the Litigation Trust, and shall use commercially reasonable efforts to dispose of the Litigation Trust Assets and to make timely distributions and not unduly prolong the duration of the Litigation Trust.

4.2    Prosecution of Assigned Actions.

(a)     Subject to the provisions of this Litigation Trust Agreement and direction by the Trust Board, the Litigation Trustee shall hold, pursue, prosecute, release, settle or abandon, as the case may be, any and all Assigned Actions (including any counterclaims to the extent such counterclaims are set off against the proceeds of any such causes of action); *provided, however*, that with respect to the Preference Claims related to a contested Administrative Expense (an initial list of which is set forth on Exhibit F, and as such list may be amended or supplemented, the "**Debtor Controlled Claims**"), whether or not an action has been taken by Debtors prior to the Effective Date to prosecute or otherwise resolve such Preference Claims, the Reorganized Debtors shall have sole authority to pursue, prosecute, release, settle or abandon such Preference Claims, *provided* that (i) the Reorganized Debtors shall consult in good faith with the Litigation Trustee regarding any proposed release, settlement or abandonment of a Debtor Controlled Claim, and (ii) if the Litigation Trustee opposes any such proposed action, then the proposed release, settlement or abandonment of the Debtor Controlled Claim shall be subject to approval of the Bankruptcy Court after proper notice, including to the Litigation Trustee.  The Reorganized Debtors may supplement the list of Debtor Controlled Claims at any time and from time to time up to the first business day that is ninety (90) days following the Effective Date.  If the Litigation Trust asserts a Preference Claim that is, or becomes, a Debtor Controlled Claim, the Litigation Trust shall, at the written request of the Reorganized Debtors, suspend its prosecution of such action, and the Reorganized Debtors shall have sole authority to pursue, prosecute, release, settle or abandon such Preference Claim as set forth above, subject to (i) the Reorganized Debtors' obligation to consult in good faith with the Litigation Trustee regarding any proposed release, settlement or abandonment of such Claim, and (ii) the Litigation Trustee's right to oppose any such proposed release, settlement or abandonment of the Claim, as described in this Section 4.2(a).  Upon final disposition of any Debtor Controlled Claim, the Litigation Trust shall either (i) file a notice of dismissal with prejudice with respect to any action it has commenced with respect to such Claim or, (ii) in the event the defendant in such action has filed either an answer or motion for summary judgment, take reasonable efforts to enter into a stipulation of dismissal with such defendant.

(b)     Notwithstanding the assignment of the Assigned Preference Claims to the Litigation Trust, the Litigation Trust may not assert or prosecute any Assigned Preference Claim against any Persons with whom the Reorganized Debtors, in good faith, have, or reasonably intend to have, a continuing relationship following the Confirmation Date (each an "**Excluded Person**").  Prior to the Effective Date, in order to assist the Creditors' Committee with respect to its analysis of the Assigned Preference Claims, the Debtors compiled a list of potential preference payments and recipients which the Debtors have determined do not constitute Excluded Persons and delivered such list to the Creditors' Committee on March 20, 2010 (as such list may be amended, modified, and/or supplemented from time to time prior to, or on, the Effective Date, the "**Non-Excluded Person List**").  At any time during the forty-five (45) days immediately following the Effective Date, the Litigation Trust may issue demand letters to any Persons identified on the Non-Excluded Person List, seeking to recover potential preference payments from such Persons and may commence legal action to collect any Assigned Preference Claims against such Persons.  On and after the forty-sixth (46th) day following the Effective Date, the Litigation Trust, prior to making any demand to collect or commencing any legal action to collect an Assigned Preference Claim with respect to any Person whom the Litigation Trust did not previously make a demand of or commence legal action against to collect such Assigned Preference Claims, shall confirm with the Reorganized Debtors, in writing (including

by email notification) (the "**Exclusion Confirmation**"), that the potential target of any such demand or action is not an Excluded Person. In order to remove the potential target from the Non-Excluded Person List, the Reorganized Debtors must notify the Litigation Trust in writing within seven (7) Business Days following the issuance of the Exclusion Confirmation, setting forth in reasonable detail the basis for the requested removal. In the event that the Reorganized Debtors do not so timely designate the potential target as an Excluded Person, such potential target shall be deemed for all purposes not to be an Excluded Person; *provided, however,* that an Assigned Preference Claim against such Excluded Person may nevertheless become a Debtor Controlled Claim in accordance with the provisions of Section 4.2(a). On November 22, 2010, the Reorganized Debtors shall provide the Litigation Trust with a list of Persons who were previously deemed to be Excluded Persons but with respect to whom the Reorganized Debtors do not, as of such date, have an ongoing commercial relationship (the "**Supplemental Non-Excluded Person List**"). Unless the Reorganized Debtors, on or before December 6, 2010, provide the Litigation Trust with written notification of an error in the Supplemental Non-Excluded Person List, the Persons included on the Supplemental Non-Excluded Person List shall be deemed for all purposes and for all time not to be Excluded Persons, and the Litigation Trust may, on or after December 7, 2010, make any demand to collect or commence any legal action to collect an Assigned Preference Claim against such Persons. If at any time the Litigation Trust disputes the reasonableness of the Debtors or Reorganized Debtors' designation of a Person as an Excluded Person (a "**Disputed Excluded Person**"), the Litigation Trust may petition the Bankruptcy Court for an order determining that the Debtors or Reorganized Debtors' designation of a Person as an Excluded Person is improper. The Reorganized Debtors and the Litigation Trust agree to waive any appellate rights either may have with respect to the Bankruptcy Court's decision on the Debtors' or Reorganized Debtors' Excluded Person designation; *provided* that, pending the Bankruptcy Court's resolution of the dispute, claims and causes of action against the Disputed Excluded Person will be expressly preserved for the benefit of the Litigation Trust.

(c)     To the extent that any action has been taken to prosecute or otherwise resolve any Assigned Actions prior to the Effective Date by the Debtors and/or the Creditors' Committee, the Litigation Trustee shall be substituted for the Debtors and/or the Creditors' Committee in connection therewith in accordance with Rule 25 of the Federal Rules of Civil Procedure, made applicable to the litigation by Rule 7025 of the Federal Rules of Bankruptcy Procedure and the caption with respect to such pending litigation shall be changed to the following: "Edward S. Weisfelner, as Trustee for the LB Litigation Trust, et. al v. [Defendant]"; *provided, however*, that the Litigation Trustee shall not be substituted for the Debtors in connection with Debtor Controlled Claims absent written consent of the Reorganized Debtors. For purposes of exercising its powers, the Litigation Trustee shall be deemed to be a representative of the estate pursuant to section 1123(b)(3)(B) of the Bankruptcy Code.

(d)     In the case of any Debtor Controlled Claims with respect to which the Reorganized Debtors do not provide written consent allowing the Litigation Trustee to be substituted for the Debtors, after deduction for any direct costs and expenses of the Reorganized Debtors related to such Debtor Controlled Claims, all net cash proceeds of such Debtor Controlled Claims shall be transferred to the Beneficiaries consistent with the provisions of the Plan and this Litigation Trust Agreement in accordance with the Distribution Schedule, including the Reorganized Debtors' right to retain a portion of any such recoveries attributable to assigned Preference Claims as set forth in the Distribution Schedule.

4.3    <u>Authority to Settle Assigned Actions.</u>

(a)    Subject to direction by the Trust Board, the Litigation Trustee shall be empowered and authorized to settle, dispose of or abandon any Assigned Actions (including any counterclaims to the extent such counterclaims are set off against the proceeds of any such Assigned Actions).

(b)    Any determinations by the Litigation Trustee, under the direction of the Trust Board, with regard to the amount or timing of settlement or other disposition of any Assigned Action shall be conclusive and binding on all Beneficiaries and all other parties in interest.

4.4    <u>Retention of Litigation Counsel and Other Professionals</u>.  The Litigation Trustee may, subject to the direction of the Trust Board, but without necessity for review or approval by the Bankruptcy Court or any other Person (a) retain such independent experts and advisors (including, but not limited to, counsel, tax advisors, consultants, or other professionals) as the Litigation Trustee deems necessary to aid it in the performance of its duties and responsibilities hereunder and under the Plan and to perform such other functions as may be appropriate in furtherance of the intent and purpose of this Litigation Trust Agreement, and (b) commit the Litigation Trust to provide such professional persons or entities reasonable compensation and reimbursement from the Litigation Trust Assets for services rendered and expenses incurred.  The Litigation Trust may select any of the foregoing professionals in its sole discretion, and prior employment in any capacity in the Debtors' bankruptcy cases on behalf of the Debtors, their estates, the Creditors' Committee, any creditors or concurrent representation of the Creditor Trust or the Creditor Representative shall not preclude the Litigation Trust's retention of such professionals; *provided* that the Litigation Trustee may not employ any law firm or professional that has represented the Debtors in connection with the Chapter 11 Cases without the express written consent of the Reorganized Debtors, which consent shall not be unreasonably withheld or delayed; *provided*, *further* that nothing herein shall be construed as providing a release of, or requiring that the Reorganized Debtors release, any ethical obligation owed by such law firms or professionals to the Reorganized Debtors.  The Litigation Trustee, subject to the direction of the Trust Board, will make all reasonable and customary arrangements for payment or reimbursement of such compensation and expenses.

4.5    <u>Litigation Trust Expenses</u>.  The Litigation Trustee may incur any reasonable and necessary expenses in liquidating the Litigation Trust Assets. Other than the Initial Funding Amount and such other funds provided by the Creditor Representative from time to time, all fees, expenses, and costs of the Litigation Trust shall be paid by, and solely be the obligation of, the Litigation Trust.  For avoidance of doubt, in no event shall the Reorganized Debtors be required to provide any funding to the Litigation Trust other than the initial funding provided to the Creditor Representative.

(a)    The Litigation Trustee may maintain a litigation expense fund (the "**Litigation Expense Fund**") and expend the assets of the Litigation Expense Fund (i) as are reasonably necessary to meet contingent liabilities and to maintain the value of the assets of the Litigation Trust during liquidation, (ii) to pay reasonable administrative expenses (including but not limited to, the costs and expenses of the Litigation Trustee (including reasonable fees, costs,

and expenses of professionals) and the Directors (including reasonable fees, costs, and expenses of legal counsel, subject to the approval of the Trust Board), any taxes imposed on the Litigation Trust or in respect of the Litigation Trust Assets or fees and expenses in connection with, arising out of or related to the Litigation Trust Assets, and (iii) to satisfy other liabilities incurred or assumed by the Litigation Trust (or to which the assets are otherwise subject) in accordance with the Plan or this Litigation Trust Agreement).

(b)     The Litigation Trustee may retain from the Proceeds and add to the Litigation Expense Fund, at any time and from time to time, such amounts as the Litigation Trustee deems reasonable and appropriate to ensure that the Litigation Expense Fund will be adequate to meet the expenses and liabilities described in Section 4.5(a) above.

(c)     Notwithstanding any other provision of this Litigation Trust Agreement to the contrary, the Litigation Trustee shall not be required to take any action or enter into or maintain any claim, demand, action or proceeding relating to the Litigation Trust unless it shall have sufficient funds in the Litigation Expense Fund for that purpose.

(d)     The Litigation Trustee may retain from the Proceeds and disburse to the Creditor Representative, at any time and from time to time, such amounts as may be necessary to fulfill its indemnification obligations to the Creditor Representative.

4.6     <u>Distributions</u>.

(a)     In the reasonable discretion of the Litigation Trustee and subject to the requirements of Revenue Procedure 94-45 and the direction of the Trust Board, the Litigation Trustee shall distribute all Cash on hand (including, but not limited to, the Litigation Trust's net income and net proceeds from the sale of assets, any Cash received on account of or representing Proceeds, and treating as Cash for purposes of this Section 4.6 any permitted investments under Section 4.10 below), except such amounts (i) as are reserved for distribution to holders of a Disputed General Unsecured Claim (as of the time of such distribution but only until such General Unsecured Claim is resolved), which amounts shall be held in the Disputed Claims Reserve, and (ii) as are reasonably necessary for the Litigation Expense Fund or otherwise to meet contingent liabilities and to maintain the value of the Litigation Trust Assets. The Litigation Trustee shall make all such distributions at least annually as set forth in the Distribution Schedule; in accordance with the provisions of Tax Code Section 677, the income of the Litigation Trust shall be distributed or held or accumulated for future distribution pursuant to the Distribution Schedule.

(b)     The Litigation Trust may withhold from amounts distributable to any Person any and all amounts, determined in the Litigation Trustee's reasonable sole discretion, required by any law, regulation, rule, ruling, directive, or other governmental requirement (including, without limitation, tax withholding relating to wage claims). Any Litigation Trust Assets which are undistributable in accordance with this Section 4.6(b) as of the termination of the Litigation Trust shall be distributed in accordance with the Distribution Schedule.

(c)    The Litigation Trustee may retain a distribution agent for the effective administration and distribution of amounts payable to Beneficiaries or Other Distributees and all costs and expenses of such distribution agent shall be paid from Litigation Expense Fund.

(d)    If any distribution to any Beneficiary is returned as undeliverable, and after reasonable efforts Litigation Trustee has not been able to determine the current address of the Beneficiary, such undeliverable or unclaimed distribution shall be deemed unclaimed property 120 days after the date of such distribution and shall be reallocated to the remaining Beneficiaries and shall be distributed in accordance with the Distribution Schedule.  Such undeliverable or unclaimed distributions shall not be subject to (i) any claims by such Beneficiary or (ii) the unclaimed property or escheat laws of any state or governmental unit.

4.7    <u>Reserve Accounts for Disputed General Unsecured Claims</u>.  The Litigation Trustee shall establish the Disputed Claims Reserve, which shall include assets held separately from other assets of the Litigation Trust, subject to an allocable share of all expenses and obligations of the Litigation Trust, on account of Disputed General Unsecured Claims. The Litigation Trustee shall remove funds from the Disputed Claims Reserve as the Disputed General Unsecured Claims are resolved, which funds shall be distributed as provided in Section 4.6(a). Neither the Debtors nor the Reorganized Debtors shall have any obligation with respect to, or liability for, any deficiency in or underfunding of the Disputed Claims Reserve.

4.8    <u>Treatment of Disputed Claims Reserve</u>**.**  Notwithstanding any other provision of this Litigation Trust Agreement to the contrary, subject to definitive guidance from the IRS or a court of competent jurisdiction to the contrary, the Litigation Trust may treat any Litigation Trust Assets allocable to, or retained on account of, the Disputed Claims Reserve as held by one or more discrete entities for federal, and applicable state, local or other, income tax purposes, and may determine that such entity or entities shall constitute "disputed ownership funds" under, and may make the election permitted by, Treasury Regulation section 1.468B-9, or any successor provision thereto. All Beneficiaries and Other Distributees shall be bound by, and shall report consistently with, such income tax treatment.

4.9    <u>Management of Litigation Trust Assets.</u>

(a)    Except as otherwise provided in this Litigation Trust Agreement, the Plan or the Confirmation Order, and subject to Treasury Regulations governing liquidating trusts and the retained jurisdiction of the Bankruptcy Court as provided for in the Plan, but without prior or further authorization, the Litigation Trustee may, subject to the direction of the Trust Board, control and exercise authority over the Litigation Trust Assets, over the acquisition, management and disposition thereof and over the management and conduct of the Litigation Trust, in each case, to the extent necessary to enable the Litigation Trustee to fulfill the intents and purposes of this Litigation Trust Agreement. No person dealing with the Litigation Trust will be obligated to inquire into the authority of the Litigation Trustee in connection with the acquisition, management or disposition of the Litigation Trust Assets.

(b)    In connection with the management and use of the Litigation Trust Assets and except as otherwise expressly limited in this Litigation Trust Agreement, the Plan or the Confirmation Order, the Litigation Trustee will have, subject to the direction of the Trust Board,

in addition to any powers conferred upon the Litigation Trustee by any other provision of this Litigation Trust Agreement, the power to take any and all actions as, in the Litigation Trustee's discretion, are necessary or advisable to effectuate the primary purposes of the Litigation Trust, including, without limitation, the power and authority (i) to distribute the Litigation Trust Assets to Beneficiaries in accordance with the terms of this Litigation Trust Agreement and the Plan, (ii) to pay all expenses of the Litigation Trust, (iii) to sell, convey, transfer, assign, liquidate or abandon the Litigation Trust Assets, or any part thereof or any interest therein, upon such terms and for such consideration as may be commercially reasonable, (iv) to endorse the payment of notes or other obligations of any Person or to make contracts with respect thereto, and (v) to borrow such sums of money, at any time and from time to time, for such periods of time, upon such terms and conditions, from such Persons, for such purposes as may be commercially reasonable. The Litigation Trustee will not at any time, on behalf of the Litigation Trust or the Beneficiaries, enter into or engage in any trade or business, and no part of the Litigation Trust Assets will be used or disposed of by the Litigation Trustee in furtherance of any trade or business.

(c)    All decisions and actions by the Litigation Trustee under the authority of this Litigation Trust Agreement will be binding upon all of the Beneficiaries and Other Distributees and the Litigation Trust.

4.10    _Investment of Cash_.  The Litigation Trustee, subject to the direction of the Trust Board, may invest any Cash (including any earnings thereon or proceeds therefrom) in United States Treasury bills and notes, institutional money market funds, commercial paper and time deposits and certificates of deposit with commercial banks, in each case, with a maturity of twelve months or less; _provided, however,_ that the scope of any such investments shall be limited to investments permitted to be made by a liquidating trust within the meaning of Treasury Regulation section 301.7701-4(d) or under applicable IRS guidelines, rulings or other controlling authorities; _provided, further, however,_ that sections 11-2.3, 11-2.3-A and 11-2.4 of the Estates, Powers and Trusts Law of New York shall be inapplicable to the Litigation Trust herein.

4.11    _Additional Powers of the Litigation Trustee_.  In addition to any and all of the powers enumerated above, and except as otherwise provided in this Litigation Trust Agreement, the Plan, the Lender Litigation Settlement Agreement and the Lender Litigation Settlement Approval Order or the Confirmation Order, and subject to the Treasury Regulations governing liquidating trusts and the retained jurisdiction of the Bankruptcy Court as provided for in the Plan, the Litigation Trustee, subject to the direction of the Trust Board, shall be empowered to:

(a)    hold legal title to any and all rights of the holders of the Litigation Trust Interests in or arising from the Litigation Trust Assets, including, but not limited to, the right to collect any and all money and other property belonging to the Litigation Trust;

(b)    perform the duties, exercise the powers, and assert the rights of a Trustee under sections 704 and 1106 of the Bankruptcy Code with respect to the Litigation Trust Assets, including assert claims, defenses, offsets, and privileges;

(c)    protect and enforce the rights of the Litigation Trust to the Litigation Trust Assets by any method deemed appropriate including, without limitation, by judicial proceedings

or pursuant to any applicable bankruptcy, insolvency, moratorium, or similar law and general principles of equity;

(d)     determine and satisfy any and all liabilities created, incurred or assumed by the Litigation Trust;

(e)     assert or waive any privilege or defense on behalf of the Litigation Trust;

(f)     make all payments relating to the Litigation Trust Assets;

(g)     obtain insurance coverage with respect to the potential liabilities and obligations of the Litigation Trust, the Litigation Trustee, the Trust Board and the Directors under this Litigation Trust Agreement (in the form of a directors and officers policy, an errors and omissions policy or otherwise);

(h)     file, if necessary, any and all tax and information returns with respect to the Litigation Trust and pay taxes properly payable by the Litigation Trust, if any;

(i)     request any appropriate tax determination with respect to the Litigation Trust, including, without limitation, a determination pursuant to section 505 of the Bankruptcy Code;

(j)     retain and reasonably compensate for services rendered and expenses incurred an accounting firm or financial consulting firm to perform such reviews and/or audits of the financial books and records of the Litigation Trust as may be appropriate in the Litigation Trustee's discretion and to prepare and file any tax returns or informational returns for the Litigation Trust as may be required;

(k)     take or refrain from taking any and all actions the Litigation Trustee reasonably deems necessary for the continuation, protection, and maximization of the Litigation Trust Assets consistent with the purposes hereof;

(l)     take all steps and execute all instruments and documents necessary to effectuate the Litigation Trust;

(m)     take all actions necessary to comply with the Plan, the Confirmation Order, the Lender Litigation Settlement Agreement and the Lender Litigation Settlement Approval Order and this Litigation Trust Agreement and the obligations thereunder and hereunder; and

(n)     exercise such other powers as may be vested in the Litigation Trustee pursuant to an order of the Bankruptcy Court or this Litigation Trust Agreement, or as deemed by the Trust Board consistent with the Lender Litigation Settlement Agreement and Lender Litigation Settlement Approval Order, the Plan, the Confirmation Order and this Litigation Trust Agreement to be necessary and proper to carry out the obligations of the Litigation Trust.

4.12     <u>Limitations on Power and Authority of the Litigation Trustee</u>.  Notwithstanding anything in this Trust Agreement to the contrary, the Litigation Trustee will not have the authority to do any of the following:

(a)    take any action in contravention of this Litigation Trust Agreement, the Plan, the Lender Litigation Settlement Agreement and Lender Litigation Settlement Approval Order or the Confirmation Order;

(b)    take any action which would make it impossible to carry on the activities of the Litigation Trust;

(c)    possess property of the Litigation Trust or assign the Litigation Trust's rights in specific property for other than Litigation Trust purposes;

(d)    engage in any trade or business;

(e)    permit the Litigation Trust to receive or retain cash or cash equivalents in excess of a reasonable amount necessary to meet claims and contingent liabilities (including without limitation expected expenses) or to maintain the value of its assets during liquidation;

(f)    receive transfers of any listed stocks or securities, or any readily-marketable assets or any operating assets of a going business, except as is absolutely necessary or required under the Plan and the Confirmation Order; *provided, however*, that in no event shall the Litigation Trustee receive any such investment that would jeopardize treatment of the Litigation Trust as a "liquidating trust" for federal income tax purposes under Treasury Regulation section 301.7701-4(d), or any successor provision thereof;

(g)    exercise any investment power other than the power to invest in demand and time deposits in banks or savings institutions, or temporary investments such as short term certificates of deposit or Treasury bills or other investments that may be held by a "liquidating trust" for federal income tax purposes under Treasury Regulation section 301.7701-4(d), or any successor provision thereof; and

(h)    receive or retain any operating assets of a going business, a partnership interest in a partnership that holds operating assets, or fifty percent (50%) or more of the stock of a corporation with operating assets, except as is absolutely necessary or required under the Plan and the Confirmation Order; *provided, however*, that in no event shall the Litigation Trustee receive or retain any such asset or interest that would jeopardize treatment of the Litigation Trust as a "liquidating trust" for federal income tax purposes under Treasury Regulation section 301-7701-4(d), or any successor provision thereof; or

(i)    take any other action that would jeopardize treatment of the Litigation Trust as a liquidating trust for federal income tax purposes under Treasury Regulation section 301.7701-4(d), or any successor provision thereof.

4.13    <u>Books and Records</u>.  The Litigation Trustee shall maintain in respect of the Litigation Trust, the holders of Litigation Trust Interests and the Other Distributees books and records relating to the Litigation Trust Assets and income of the Litigation Trust and the payment of, expenses of, and liabilities of claims against or assumed by, the Litigation Trust in such detail and for such period of time as may be necessary to enable it to make full and proper accounting in respect thereof. Such books and records shall be maintained as reasonably necessary to facilitate compliance with the tax reporting requirements of the Litigation Trust.

Substantially Final Form

Nothing in this Litigation Trust Agreement requires the Litigation Trustee to file any accounting or seek approval of any court with respect to the administration of the Litigation Trust, or as a condition for managing any payment or distribution out of the Litigation Trust Assets. The Litigation Trust shall provide to the Reorganized Debtors a semi-annual accounting solely with respect to Proceeds of the Assigned Preference Claims.

4.14    Reports

(a)    Securities Reports.  To the extent that the Litigation Trust Interests are deemed securities the issuance of Litigation Trust Interests under the Plan shall be exempt from registration under the Securities Act of 1933, as amended, and applicable state and local laws requiring registration of securities pursuant to section 1145 of the Bankruptcy Code. If the Litigation Trustee determines, with the advice of counsel, that the Litigation Trustee is required to comply with the registration and reporting requirements of the Securities Exchange Act of 1934, as amended, or the Investment Company Act of 1940, as amended, then the Litigation Trustee shall take commercially reasonable efforts to comply with such reporting requirements and file periodic reports with the Securities and Exchange Commission.

(b)    Financial and Status Reports.  Within 90 days after the calendar year-end following the Effective Date and for each calendar year end thereafter, and as soon as practicable upon termination of the Litigation Trust, the Litigation Trustee shall make available upon request to the Reorganized Debtors, agents for the Other Distributees and to each Beneficiary appearing on its records as of the end of such period or such date of termination a written report including: (i) financial statements of the Litigation Trust for such period, and, if the end of a calendar year, a report (which may be prepared by an independent certified public accountant employed by the Litigation Trustee) reflecting the result of such agreed upon procedures relating to the financial accounting administration of the Litigation Trust as proposed by the Litigation Trustee; (ii) a description of any action taken by the Litigation Trust which materially affects the Litigation Trust and of which notice has not previously been given to the holders of Litigation Trust Interests; and (iii) a description of the progress of liquidating Litigation Trust Assets and making distributions to Beneficiaries and any other material information relating to the Litigation Trust Assets and the administration of the Litigation Trust. The Litigation Trustee may post any such report on a web site maintained by the Litigation Trustee or electronically file it with the Bankruptcy Court in lieu of actual notice to the Other Distributees and to each Beneficiary (unless otherwise required by law).  The Litigation Trustee may require the recipient of such information to agree to keep such information confidential pursuant to reasonable confidentiality provisions.  Additionally, the Litigation Trustee shall provide the Other Distributees notice when the holders of Allowed General Unsecured Claims and Allowed 2015 Notes Claims have received aggregate distributions under the Plan, the Lender Litigation Settlement Agreement and the Lender Litigation Settlement Approval Order, the Creditor Trust, and this Litigation Trust sufficient to pay such holder 85% of the Allowed Base Claim Amounts in Cash and Class A Shares.  Additional notices shall be provided upon such distributions achieving 90% and 95% of the Allowed Base Claim Amounts and upon the occurrence of the Excess Recovery Trigger Date.

(c)    <u>Annual Plan and Budget</u>.  If instructed by the Trust Board, the Litigation Trustee shall prepare and submit to the Trust Board for approval an annual plan and budget in such detail as is reasonably requested.

4.15    <u>Communications with Trust Board</u>.  The Litigation Trustee may require that the Trust Board maintain as confidential any confidential or proprietary information concerning the prosecution of the Assigned Actions (including counterclaims, if any).

4.16    <u>Compliance with Laws</u>.  Any and all distributions of Litigation Trust Assets and proceeds of borrowings, if any, shall be in compliance with applicable laws, including, but not limited to, applicable federal and state securities laws.

4.17    <u>Compliance with Lender Litigation Settlement Approval Order</u>.  The Litigation Trustee and the Litigation Trust shall comply with the obligations of the Litigation Trust under the Lender Litigation Settlement Approval Order.

## ARTICLE V
## THE LITIGATION TRUSTEE

5.1    <u>Independent Trustee</u>.  The Litigation Trustee may not be a Beneficiary or Other Distributee or related or subordinate (within the meaning of section 672(c) of the Tax Code) to any Beneficiary or Other Distributee.

5.2    <u>Trustee's Compensation and Reimbursement</u>.  The Litigation Trustee shall receive compensation from the Litigation Trust as follows:

(a)    <u>Compensation</u>.  The Litigation Trustee shall receive the compensation set, from time to time, by the Trust Board.  The Trust Board may without application to or approval by the Bankruptcy Court reasonably modify the Litigation Trustee's compensation and other terms regarding the retention of the Litigation Trustee.

(b)    <u>Expenses</u>.  In addition, the Litigation Trust will reimburse the Litigation Trustee (out of the Litigation Trust Assets) for all reasonable, out-of-pocket expenses incurred by the Litigation Trustee in connection with the performance of its duties hereunder and under the Plan.

(c)    <u>Payment</u>.  The fees and expenses payable to the Litigation Trustee shall be paid to the Litigation Trustee upon approval of such fees by the Trust Board without necessity for review or approval by the Bankruptcy Court or any other Person. The Bankruptcy Court shall retain jurisdiction to adjudicate any dispute between the Litigation Trustee and the Trust Board regarding the fees, compensation, and expenses of the Litigation Trustee.

5.3    <u>Resignation</u>.  The Litigation Trustee may resign by giving not less than ninety (90) days' prior written notice thereof to the Trust Board. Such resignation shall become effective on the later to occur of: (a) the day specified in such notice, and (b) the appointment of a successor by a majority of the Directors and the acceptance by such successor of such appointment. If a successor Litigation Trustee is not appointed or does not accept its appointment within ninety (90) days following delivery of notice of resignation, the Litigation Trustee may petition any

court of competent jurisdiction for the appointment of a successor Litigation Trustee. Notwithstanding the foregoing, upon the occurrence of the Excess Recovery Trigger Date, the Litigation Trustee shall be deemed to have resigned and such resignation shall become effective upon the earlier of thirty days after the Excess Recovery Trigger Date or upon the appointment of a successor Litigation Trustee.

5.4     Removal.

(a)     The Litigation Trustee may be removed by the Trust Board, with or without a cause.

(b)     To the extent there is any dispute regarding the removal of a Litigation Trustee (including any dispute relating to any compensation or expense reimbursement due under this Litigation Trust Agreement), the Bankruptcy Court shall retain jurisdiction to consider and adjudicate any such dispute. Notwithstanding the foregoing, the Litigation Trustee will continue to serve as a trustee after his removal until the earlier of (a) the time when appointment of a successor Litigation Trustee will become effective in accordance with Section 5.5 of this Litigation Trust Agreement or (b) such date as the Bankruptcy Court otherwise orders.

5.5     Appointment of Successor Litigation Trustee.  In the event of the death (in the case of a Litigation Trustee that is a natural person), dissolution (in the case of a Litigation Trustee that is not a natural person), resignation, incompetency, or removal of the Litigation Trustee, the Trust Board shall designate a successor Litigation Trustee. Such appointment shall specify the date on which such appointment shall be effective. Every successor Litigation Trustee appointed hereunder shall execute, acknowledge, and deliver to the Trust Board an instrument accepting the appointment under this Litigation Trust Agreement and agreeing to be bound thereto, and thereupon the successor Litigation Trustee, without any further act, deed, or conveyance, shall become vested with all rights, powers, trusts, and duties of the retiring Litigation Trustee; *provided, however*, that a removed or resigning Litigation Trustee shall, nevertheless, when requested in writing by the successor Litigation Trustee, execute and deliver an instrument or instruments conveying and transferring to such successor Litigation Trustee under the Litigation Trust all the estates, properties, rights, powers, and trusts of such predecessor Litigation Trustee.

5.6     Effect of Resignation or Removal.  The death, resignation, incompetency or removal of the Litigation Trustee shall not operate to terminate the Litigation Trust created by this Litigation Trust Agreement or to revoke any existing agency created pursuant to the terms of this Litigation Trust Agreement or invalidate any action theretofore taken by the Litigation Trustee or any prior Litigation Trustee. In the event of the resignation or removal of the Litigation Trustee, such Litigation Trustee will promptly (a) execute and deliver such documents, instruments and other writings as may be ordered by the Bankruptcy Court or reasonably requested by the successor Litigation Trustee to effect the termination of such Litigation Trustee's capacity under this Litigation Trust Agreement, (b) deliver to the Bankruptcy Court (if required) or the successor Litigation Trustee all documents, instruments, records and other writings related to the Litigation Trust as may be in the possession of such Litigation Trustee (provided that such Litigation Trustee may retain one copy of such documents for archival purposes) and (c) otherwise assist and cooperate in effecting the assumption of its obligations and functions by such successor Litigation Trustee.

5.7    <u>Confidentiality</u>.  The Litigation Trustee shall, during the period that the Litigation Trustee serves as Litigation Trustee under this Litigation Trust Agreement and following the termination of this Litigation Trust Agreement or following its removal or resignation hereunder, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any entity to which any of the Litigation Trust Assets relates or of which the Litigation Trustee has become aware in the Litigation Trustee's capacity as Litigation Trustee, except as otherwise required by law.

## ARTICLE VI
## TRUST BOARD

6.1    <u>The Trust Board</u>.  On the Effective Date, a governing board of five (5) persons or entities shall commence serving as directors of the Litigation Trust (the "**Trust Board**"). The Trust Board shall initially consist of five (5) directors (each, a "**Director**") selected by the Creditors' Committee and listed on <u>Exhibit B</u> hereto.  The Trust Board may from time to time set such procedures and rules, consistent with the Confirmation Order and the Plan, for the Litigation Trust and the Trust Board consistent with this Litigation Trust Agreement as it determines are appropriate.

6.2    <u>Authority and Responsibilities</u>.  The Trust Board shall have the authority and responsibility to oversee, manage, and direct the activities of the Litigation Trust and the performance of the Litigation Trustee and shall have the authority to remove the Litigation Trustee in accordance with Section 5.4 hereof.  The Trust Board shall also (a) monitor and oversee the administration of the Litigation Trust and the Litigation Trustee's performance of its responsibilities under this Litigation Trust Agreement and/or the Plan, and (b) perform such other tasks as set forth in this Litigation Trust Agreement and/or in the Plan. In all circumstances, except as explicitly provided herein, the Trust Board shall exercise its responsibilities under the Litigation Trust consistent with fiduciary standards. In all circumstances, the Trust Board shall act in the best interests of the Beneficiaries and in furtherance of the purpose of the Litigation Trust. The Litigation Trustee shall consult with and provide information to the Trust Board in accordance with and pursuant to the terms of this Litigation Trust Agreement and the Plan to enable the Trust Board to meet its obligations hereunder.

6.3    <u>Meetings of the Trust Board</u>.  Meetings of the Trust Board are to be held not less often than quarterly.  Special meetings of the Trust Board may be held whenever and wherever called for by the Litigation Trustee or any Director. Any action required or permitted to be taken by the Trust Board at a meeting may be taken without a meeting if the action is taken by unanimous written consent of the Trust Board as evidenced by one or more written consents describing the action taken, signed by all Directors and recorded in the minutes, if any, or other transcript, if any, of proceedings of the Trust Board.  Unless the Trust Board decides otherwise (which decision shall rest in the reasonable discretion of the Trust Board), the Litigation Trustee and the Litigation Trustee's designated advisors may attend meetings of the Trust Board.

6.4    <u>Manner of Acting</u>.  Three Directors shall constitute a quorum for the transaction of business at any meeting of the Trust Board. The affirmative vote of a majority of the Directors present at a meeting shall be the act of the Trust Board except as otherwise required by law or as provided in this Litigation Trust Agreement. Any or all of the Directors may participate in a

regular or special meeting by, or conduct the meeting through the use of, conference telephone or similar communications equipment by means of which all persons participating in the meeting may hear each other, in which case any required notice of such meeting may generally describe the arrangements (rather than or in addition to the place) for the holding thereof. Any Director participating in a meeting by this means is deemed to be present in person at the meeting. Voting (including on negative notice) may, if approved by the Directors at a meeting, be conducted by electronic mail or individual communications by the Litigation Trustee and each Director.

6.5     Tenure of the Members of the Trust Board.  The authority of the Directors will be effective as of the Effective Date and will remain and continue in full force and effect until the Litigation Trust is terminated in accordance with Article IX hereof. The Directors will serve until death or resignation pursuant to Section 6.6 below, or removal pursuant to Section 6.7 below.

6.6     Resignation.  A Director may resign by giving not less than ninety (90) days' prior written notice thereof to the Litigation Trustee and the other Directors. Such resignation shall become effective on the later to occur of: (i) the day specified in such notice; and (ii) the appointment of a successor in accordance with Section 6.8 below.

6.7     Removal.  A majority of the Trust Board may remove any Director for Cause. Notwithstanding the foregoing, upon the occurrence of the Excess Recovery Trigger Date, any or all of the Directors shall (a) be deemed to have resigned, such resignation to become effective upon the earlier of (i) the appointment of successor Directors by the then holders of the majority in outstanding amount of the Deficiency Claims on account of Senior Secured Claims and Bridge Loan Claims or (ii) thirty days after the Excess Recovery Trigger Date and (b) act and cause the Litigation Trustee to act under the direction of the agents for the Senior Secured Claims and Bridge Loan Claims.

6.8     Appointment of a Successor Director.

(a)     In the event of a vacancy on the Trust Board (whether by removal, death, or resignation), a new Director may be appointed to fill such position (i) if such position is filled by an individual who is not subject to appointment by a particular Beneficiary, then by the remaining Directors or (ii) if such position is subject to appointment by a particular Beneficiary or agent of certain Beneficiaries (as specified on Exhibit B), then by such Beneficiary or such agent. The appointment of a successor Director will be evidenced by the Litigation Trustee's filing with the Bankruptcy Court of a notice of appointment, which notice will include the name, address, and telephone number of the successor Director.

(b)     Immediately upon the appointment of any successor Director, all rights, powers, duties, authority, and privileges of the predecessor Director hereunder will be vested in and undertaken by the successor Director without any further act; and the successor Director will not be liable personally for any act or omission of the predecessor Director.

(c)     Every successor Director appointed hereunder shall execute, acknowledge and deliver to the Litigation Trustee and other Directors an instrument accepting the appointment under this Litigation Trust Agreement and agreeing to be bound thereto, and thereupon the

successor Director without any further act, deed, or conveyance, shall become vested with all rights, powers, trusts, and duties of the retiring Director.

6.9     <u>Compensation and Reimbursement of Expenses</u>.    Each Director shall be compensated for his or her time expended in Litigation Trust matters as provided on <u>Exhibit C</u>. The Litigation Trust will reimburse the Directors for all reasonable, out-of-pocket expenses incurred by the Directors in connection with the performance of each of their duties hereunder (including reasonable fees, costs, and expenses of legal counsel, subject to the approval of the Trust Board). All fees and expenses of the Directors shall be paid solely from Litigation Trust Assets.

## ARTICLE VII
## LIABILITY AND INDEMNIFICATION

7.1     <u>No Further Liability</u>.    Each of the Litigation Trustee and the Directors shall have no liability for any actions or omissions in accordance with this Litigation Trust Agreement unless arising out of their gross negligence or willful misconduct. In performing its duties under this Litigation Trust Agreement, the Litigation Trustee or the Director (as applicable) shall have no liability for any action taken by the Litigation Trustee and the Directors in accordance with the advice of counsel, accountants, appraisers and other professionals retained by the Directors or the Litigation Trust. Without limiting the generality of the foregoing, the Litigation Trustee and the Directors may rely without independent investigation on copies of orders of the Bankruptcy Court reasonably believed by the Litigation Trustee or the Director (as applicable) to be genuine, and shall have no liability for actions taken in reliance thereon. None of the provisions of this Litigation Trust Agreement shall require the Litigation Trustee or the Directors to expend or risk their own funds or otherwise incur personal financial liability in the performance of any of their duties hereunder or in the exercise of any of their rights and powers. Each of the Litigation Trustee and the Directors may rely without inquiry upon writings delivered to it under the Plan which the Litigation Trustee or the Director (as applicable) reasonably believes to be genuine and to have been given by a proper Person. Notwithstanding the foregoing, nothing in this Section 7.1 shall relieve the Litigation Trustee or the Directors from any liability for any actions or omissions arising out of their gross negligence or willful misconduct.  Any action taken or omitted to be taken in the case of the Litigation Trustee or the Trust Board with the express approval of the Bankruptcy Court and, in the case of the Litigation Trustee, with the express approval of the Trust Board will conclusively be deemed not to constitute gross negligence or willful misconduct.

7.2     <u>Indemnification of the Litigation Trustee and Trust Board</u>.

(a)     To the fullest extent permitted by law, the Litigation Trust, to the extent of its assets legally available for that purpose, will indemnify and hold harmless the Litigation Trustee and the Trust Board and each of their respective directors, members, shareholders, partners, officers, agents, professionals or employees (collectively, the "**Indemnified Persons**") from and against any and all loss, cost, damage, expense (including, without limitation, fees and expenses of attorneys and other advisors and any court costs incurred by any Indemnified Person) or liability by reason of anything any Indemnified Person did, does or refrains from doing for the business or affairs of the Litigation Trust, except to the extent that it

is finally judicially determined by a court of competent jurisdiction that the loss, cost, damage, expense or liability resulted from the Indemnified Person's gross negligence or willful misconduct.

(b)     Notwithstanding any provision herein to the contrary, the Indemnified Persons shall be entitled to obtain advances from the Litigation Trust to cover their reasonable expenses of defending themselves in any action brought against them as a result of the acts and omissions, actual or alleged, of an Indemnified Person in its capacity as such, *provided, however*, that the Indemnified Persons receiving such advances shall repay the amounts so advanced to the Litigation Trust immediately upon the entry of a final, non-appealable judgment or order finding that such Indemnified Persons were not entitled to any indemnity under the provisions of this Section 7.2.  The foregoing indemnity in respect of any Indemnified Person shall survive the termination of such Indemnified Person from the capacity for which they are indemnified. Termination or modification of the Trust Agreement shall not affect any indemnification rights or obligations then existing.

(c)     The Litigation Trust, with the approval of the Beneficiaries holding a majority of the Allowed General Unsecured Claims and 2015 Notes Claims in the aggregate, may indemnify any of the Indemnified Persons for any loss, cost, damage, expense or liability for which the Indemnified Persons would not be entitled to mandatory indemnification under this Section 7.2.

(d)     Any Indemnified Person may waive the benefits of indemnification under this Section 7.2, but only by an instrument in writing executed by such Indemnified Person.

(e)     The rights to indemnification under this Section 7.2 are not exclusive of other rights which any Indemnified Person may otherwise have at law or in equity, including without limitation common law rights to indemnification or contribution. Nothing in this Section 7.2 will affect the rights or obligations of any Person (or the limitations on those rights or obligations) under any other agreement or instrument to which that Person is a party.

7.3     Litigation Trust Liabilities.  All liabilities of the Litigation Trust, including without limitation indemnity obligations under Section 7.2 of this Litigation Trust Agreement, will be liabilities of the Litigation Trust as an entity, and will be paid or satisfied from Litigation Trust Assets. No liability of the Litigation Trust will be payable in whole or in part by any Beneficiary in the Beneficiary's capacity as a Beneficiary, by the Litigation Trustee in the Litigation Trustee's capacity as Litigation Trustee, by any Director in the Director's capacity as Director or by any member, partner, shareholder, director, officer, professional, employees, agent, affiliate or advisor of any Beneficiary, any Director, the Litigation Trustee or their respective affiliates.

7.4     Limitation of Liability.  Neither the Litigation Trustee, the Directors nor their professionals will be liable for punitive, exemplary, consequential, special or other damages for a breach of this Trust Agreement under any circumstances.

7.5     Burden of Proof.  In making a determination with respect to entitlement to exculpation or indemnification hereunder, the person, persons or entity making such

determination shall presume that the Indemnified Person is entitled to exculpation and indemnification under this Litigation Trust Agreement, and any person seeking to overcome such presumption shall have the burden of proof to overcome that presumption.

ARTICLE VIII
**TAX MATTERS**

8.1    <u>Treatment of Litigation Trust Assets Transfer</u>.  For all federal income tax purposes, subject to Section 8.2(b), all parties (including, without limitation, the Debtors, the Reorganized Debtors, the Litigation Trustee and the holders of Allowed General Unsecured Claims and the holders of 2015 Note Claims) shall treat the transfer of the Litigation Trust Assets to the Litigation Trust including any amounts or other assets subsequently transferred to the Litigation Trust (but only at such time as actually transferred) for the benefit of the holders of 2015 Note Claims and Allowed General Unsecured Claims, whether Allowed on or after the Effective Date, and such other beneficiaries as described in the Distribution Schedule as (i) a transfer of the Litigation Trust Assets, for all purposes of the IRC directly to the beneficiaries of the Litigation Trust, followed by (ii) the transfer by such persons to the Litigation Trust of such Litigation Trust Assets in exchange for beneficial interests in the Litigation Trust. The holders of 2015 Note Claims and the holders of Allowed General Unsecured Claims, whether Allowed on or after the Effective Date, and such other beneficiaries as described in the Distribution Schedule shall be treated for federal income tax purposes as the grantors and owners of their respective shares of the applicable Litigation Trust Assets.

8.2    <u>Income Tax Status</u>.

(a)    For United States federal income tax purposes (and for purposes of all state, local and other jurisdictions to the extent applicable), this Litigation Trust shall be treated as a liquidating trust pursuant to Treasury Regulation section 301.7701-4(d) and as a grantor trust pursuant to IRC sections 671-677.  To the extent consistent with Revenue Procedure 94-45 and not otherwise inconsistent with this Litigation Trust Agreement, this Trust Agreement shall be construed so as to satisfy the requirements for liquidating trust status.  Except as provided in Section 8.2(b) or with respect to the Litigation Trust Assets allocable to the Disputed Claims Reserve, as set forth in Article IV hereof, (i) the Beneficiaries will be treated as both the grantors and the deemed owners of the Litigation Trust, and (ii) any items of income, deduction, credit and loss of the Litigation Trust shall be allocated for federal income tax purposes to the Beneficiaries in accordance with Section 8.3.  The Litigation Trust shall at all times be administered so as to constitute a domestic trust for United States federal income tax purposes.

(b)    For U.S. federal, state and local income tax purposes, the Reorganized Debtors will be treated as retaining a portion of the Litigation Trust Assets consisting of Cash and Assigned Preference Claims and transferring such Litigation Trust Assets directly to the Litigation Trust, and will be treated as the grantors and owners of their respective shares of the applicable Litigation Trust Assets.

8.3    <u>Tax Returns</u>.  Except with respect to the Disputed Claims Reserve, in accordance with IRC section 6012 and Treasury Regulation section 1.671-4(a), the Litigation Trust shall file with the IRS annual tax returns on Form 1041.  In addition, the Litigation Trust shall file in a

timely manner such other tax returns, including any state and local tax returns, as are required by applicable law and pay any taxes shown as due thereon.  Within a reasonable time following the end of the taxable year, the Litigation Trust shall send to each Beneficiary or Other Distributee a separate statement setting forth such Beneficiary's or Other Distributee's share of items of income, gain, loss, deduction or credit and will instruct each such Beneficiary to report such items on his/her applicable income tax return.  The Litigation Trust may provide each Beneficiary or Other Distributee with a copy of the Form 1041 for the Litigation Trust (without attaching any other Beneficiary's Schedule K-1 or other applicable information form) along with such Beneficiary's or Other Distributee's Schedule K-1 or other applicable information form in order to satisfy the foregoing requirement.   The Litigation Trust shall allocate the taxable income, gain, loss, deduction or credit of the Litigation Trust with respect to each Beneficiary or Other Distributee as follows:   (1) Allocations of Litigation Trust taxable income shall be determined by reference to the manner in which an amount of Cash equal to such taxable income would be distributed (without regard to any restriction on distributions described herein or in the Plan) if, immediately prior to such deemed distribution, the Litigation Trust had distributed all of its other assets (valued at their tax book value) to the Beneficiaries and Other Distributees in accordance with the Distribution Schedule (treating all Claims that are Disputed as if they were Allowed Claims), in each case up to the tax book value of the assets treated as contributed by such holders, adjusted for prior taxable income and loss and taking into account all prior and concurrent distributions from the Litigation Trust; and (2) allocations of taxable loss of the Litigation Trust shall be determined by reference to the manner in which an economic loss would be borne immediately after a liquidating distribution of the remaining Litigation Trust Assets. For these purposes, the tax book value of the Litigation Trust Assets shall equal the fair market value of the Litigation Trust Assets on the Effective Date, adjusted in accordance with tax accounting principles prescribed by the IRC, the Treasury Regulations, and other applicable administrative and judicial authorities and pronouncements.

8.4    Withholding of Taxes and Reporting Related to Litigation Trust Operations.  The Litigation Trust shall comply with all withholding and reporting requirements imposed by any federal, state, local or foreign taxing authority, and all distributions made by the Litigation Trust shall be subject to any such withholding and reporting requirements.  To the extent that the operation of the Litigation Trust or the liquidation of the Litigation Trust Assets creates a tax liability imposed on the Litigation Trust, including the Disputed Claims Reserve, the Litigation Trust shall timely pay such tax liability and any such payment shall be considered a cost and expense of the operation of the Litigation Trust payable without Bankruptcy Court order.  Any federal, state or local withholding taxes or other amounts required to be withheld under applicable law shall be deducted from distributions hereunder.  All Beneficiaries or Other Distributees shall be required to provide any information necessary to effect the withholding of such taxes.

8.5    Valuation.  The valuation of the Litigation Trust Assets agreed to by the Parties shall be used consistently by all parties (including, without limitation, the Litigation Trust, the Reorganized Debtors, the Beneficiaries and the Other Distributees) for all federal income tax purposes. The Litigation Trust also shall file (or cause to be filed) any other statements, returns or disclosures relating to the Litigation Trust that are required by any governmental unit.

8.6    <u>Expedited Determination of Taxes</u>.  The Litigation Trustee may request an expedited determination of taxes of the Litigation Trust, including the Disputed Claims Reserve, under section 505(b) of the Bankruptcy Code for all returns filed for, or on behalf of, the Litigation Trust for all taxable periods through the termination of the Litigation Trust.

8.7    <u>Excess Recovery Trigger Date</u>.  For United States federal income tax purposes (and for purposes of all state, local and other jurisdictions to the extent applicable) and to the extent permitted by applicable income tax laws, in the event of the occurrence of the Excess Recovery Trigger Date, (i) the Litigation Trustee serving immediately prior to the Excess Recovery Trigger Date or his designee shall be empowered to file all tax returns, make all reports and furnish all required information with respect to this Litigation Trust through the date of such termination and shall file a final return with respect to the tax period ending on such date; (ii) the Litigation Trustee serving immediately prior to the Excess Recovery Trigger Date shall have sole control over all tax matters with respect to this Litigation Trust for all tax periods or portions thereof ending on or before (or including) such date of such termination, and (iii) the provisions of Article VII shall be applicable to the prior Litigation Trustee and Directors and shall provide indemnification for liability arising from the actions or omissions by the successor Litigation Trustee and Directors.  The Litigation Trustee appointed following the Excess Recovery Trigger Date shall file all returns, reports and statements in a manner consistent with the foregoing provisions of this Section 8.7.

ARTICLE IX
**TERMINATION OF LITIGATION TRUST**

The Litigation Trustee and the Litigation Trust shall be discharged or dissolved, as the case may be, at such time as (i) the Litigation Trustee determines that the pursuit of additional Assigned Actions is not likely to yield sufficient additional Proceeds to justify further pursuit of such claims and (ii) all distributions of Proceeds and other Litigation Trust Assets required to be made by the Litigation Trustee under the Plan and this Litigation Trust Agreement have been made in accordance with the Distribution Schedule, but in no event shall the Litigation Trust be dissolved later than five (5) years from the Effective Date unless the Bankruptcy Court, upon motion made by a party in interest within the six (6) month period prior to such fifth (5th) anniversary (and, in the event for further extension, at least six (6) months prior to the end of the preceding extension), determines that a fixed period extension (not to exceed three (3) years, together with any prior extensions, without a favorable letter ruling from the IRS that any further extension would not adversely affect the status of the Litigation Trust as a liquidating trust for federal income tax purposes) is necessary to facilitate or complete the recovery on and liquidation of the Litigation Trust Assets; provided that in no event shall the term of the Litigation Trust be extended beyond April 30, 2031. Upon dissolution of the Litigation Trust, any remaining Cash on hand and other Litigation Trust Assets shall be distributed in accordance with the Distribution Schedule.  Article VII shall survive any termination of the Litigation Trust Agreement including, without limitation, termination pursuant to Section 8.7.

ARTICLE X
**AMENDMENT AND WAIVER**

Any substantive provision of this Litigation Trust Agreement may be amended or waived in writing by the Litigation Trustee, upon notice and unanimous approval by the Trust Board and approval of the Bankruptcy Court and provision of reasonable notice to the Reorganized Debtors. Notwithstanding the foregoing, any amendment or waiver which materially and adversely affects (a) the Reorganized Debtors shall require their consent, or (b) the Other Distributees other than the Reorganized Debtors, shall require the consent of the agents of such Other Distributees. Technical amendments to this Litigation Trust Agreement may be made, as necessary to clarify this Litigation Trust Agreement or enable the Litigation Trustee to effectuate the terms of this Litigation Trust Agreement, by the Litigation Trustee with approval by a majority of the Trust Board; *provided, however,* that all amendments of this Litigation Trust Agreement shall be consistent with the purpose and intention of the Litigation Trust to liquidate in an expeditious but orderly manner the Liquidation Trust Assets in accordance with Treasury Regulation section 301.7701-4(d) and Section 2.5 hereof. After the occurrence of the Excess Recovery Trigger Date, the Settling Defendants who hold a majority of Litigation Trust Interests of the Settling Defendants may modify this Litigation Trust Agreement as they deem appropriate; *provided, however,* that any modification that may adversely affect distributions to (a) Reorganized Debtors shall require their consent, or (b) the Beneficiaries shall require the consent of the Beneficiaries holding a majority of the Litigation Trust Interests.

## ARTICLE XI
## MISCELLANEOUS PROVISIONS

11.1    <u>Intention of Parties to Establish Liquidating Trust</u>.    This Litigation Trust Agreement is intended to create for federal income tax purposes a "liquidating trust" that satisfies the requirements of Revenue Procedure 94-45 and, to the extent provided by law, shall be governed and construed in all respects as such a liquidating trust. Notwithstanding anything to the contrary contained herein, any ambiguity herein shall be construed consistent herewith and, if necessary, this Litigation Trust Agreement may be amended to comply with such federal income tax laws, which amendments may apply retroactively.

11.2    <u>Independent Contractor</u>.    The Reorganized Debtors shall be deemed to be an independent contractor of the Litigation Trust and employees of Reorganized Debtors shall at all times be regarded as employees of Reorganized Debtors. Nothing contained in this Litigation Trust Agreement shall create or be deemed to create an employment, agency, joint venture or partnership relationship between the Litigation Trust and Reorganized Debtors or any of its employees.

11.3    <u>Effectiveness</u>.    This Litigation Trust Agreement shall become effective on the Effective Date.

11.4    <u>Counterparts</u>.    This Litigation Trust Agreement may be executed in two or more counterparts, all of which shall be taken together to constitute one and the same instrument.

11.5    <u>Governing Law</u>.    Except to the extent the Bankruptcy Code or Federal Rules of Bankruptcy Procedure are applicable, this Litigation Trust Agreement shall be governed by, and construed and enforced in accordance with, the federal laws of the United States and, to the

extent there is no applicable federal law, the domestic laws of the state of New York, without giving effect to the principles of conflicts of law thereof.

11.6    Headings.  Sections, subheadings and other headings used in this Litigation Trust Agreement are for convenience only and shall not affect the construction or interpretation of this Litigation Trust Agreement or any provision thereof.

11.7    Severability.    If any provision of this Litigation Trust Agreement or the application thereof to any Person or circumstance shall be finally determined by a court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this Litigation Trust Agreement, or the application of such provision to Persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and such provisions of this Litigation Trust Agreement shall be valid and enforced to the fullest extent permitted by law.

11.8    Notices.  All notices, requests or other communications, required or permitted to be made in accordance with this Litigation Trust Agreement including any change of address of any Beneficiary for the purposes of receiving distributions from the Litigation Trust shall be in writing and shall be delivered personally or by first class or express mail, return receipt requested or fax with confirmation of receipt or email with receipt acknowledgement.  Notices should be directed to:

       (a)    If to the Litigation Trust or the Litigation Trustee:

            as specified on Exhibit A

            If to the Trust Board:

            as specified on Exhibit B

       (b)    If to the Reorganized Debtors:  to such persons as the Reorganized Debtors may designate from time to time.

       (c)    If to a Beneficiary: To the name and address set forth on the registry maintained by the Litigation Trustee, provided that general notices to all Beneficiaries may be made by posting such notice to a web-site identified in advance for communication with Beneficiaries.

       (d)    If to an Other Distributee (other than the Reorganized Debtors):  to the agents set forth on Exhibit D.

IN WITNESS WHEREOF, the parties hereto have either executed and acknowledged this Litigation Trust Agreement, or caused it to be executed and acknowledged on their behalf by their duly authorized officers all as of the date first above written.

LYONDELLBASELL INDUSTRIES AF S.C.A.
On behalf of itself and the other Debtors

By:  LyondellBasell AF GP S.a.r.l.

By: _____
Name:
Title:

[INSERT NAME], LITIGATION TRUSTEE OF
THE LB LITIGATION TRUST ESTABLISHED
UNDER THE LITIGATION TRUST
AGREEMENT DATED ____, 2010 PURSUANT
TO THE THIRD AMENDED JOINT CHAPTER
11 PLAN OF REORGANIZATION FOR
LYONDELLBASELL DEBTORS

_____

[INSERT NAME], as

Litigation Trustee

## DEFINITIONS

"**Beneficiaries**" means (a) prior to the Excess Recovery Trigger Date, (i) holders of Allowed Class 7-A Claims and Class 7-C Claims (except the Senior/Bridge Guarantee Claims), (ii) holders of Allowed Class 7-D Claims (except the Senior/Bridge Deficiency Claims), and (iii) subject to the satisfaction of the 2015 Notes Plan Conditions, holders of Allowed Class 8 Claims and (b) after the Excess Recovery Trigger Date, may also include (i) the Reorganized Debtors to the extent of 1/3rd of any recoveries on account of the Assigned Preference Claims and (ii) the holders of the Deficiency Claims on account of the Senior Secured Claims and the Bridge Loan Claims.  After the Excess Recovery Trigger Date, the parties in section (a) are Beneficiaries only to the extent of their Post-Effective Date Interest Amount.

"**Cause**" shall be defined as: (i) the Person's willful failure to perform his material duties hereunder, which is not remedied within thirty (30) days of notice; (ii) the Person's commission of an act of fraud, theft or embezzlement during the duties of his employment hereunder; or (iii) the Person's conviction for the commission of a felony with all appeals having been exhausted or appeal periods lapsed; *provided,* that no Cause shall exist involving subsection (i) above until the Person first has failed to cure such failure within thirty (30) days of having been given written notice of such failure.  For purposes of the foregoing, no act or failure to act on the part of the Person shall be considered "willful" unless it is done, or permitted to be done, by the Person without reasonable belief that Person's action or omission was in the best interests of the Trust.

"**Contributed Claims**" means the Non-Settling Defendant Claims, the Assigned Preference Claims and all Causes of Action with respect thereto; *provided* that, following the Excess Recovery Trigger Date, all Assigned Preference Claims against present or former employees of the Debtors will be extinguished.  For avoidance of doubt, Debtor Controlled Claims shall not be considered Contributed Claims.

"**Creditor Representative Expense Fund**" means the fund established pursuant to section 5.9 of the Plan.

"**Creditor Representative Supplement**" means the supplement to the Plan which identifies certain terms relating to the operation of the Creditor Representative.

"**Disputed Claims Reserve**" means an allocation of Cash or other property to account for Disputed Claims and established by the Litigation Trustee pursuant to Section 4.6 of this Litigation Trust Agreement.

"**Distribution Schedule**" means the schedule for distribution of Proceeds and other Litigation Trust Assets by the Litigation Trust set forth on <u>Exhibit E</u>.

"**GUC Beneficiaries**" means (i) holders of Allowed Class 7-A Claims and Class 7-C Claims (except the Senior/Bridge Guarantee Claims), (ii) holders of Allowed Class 7-D Claims (except the Senior/Bridge Deficiency Claims), and (iii) subject to the satisfaction of the 2015 Notes Plan Conditions, holders of Allowed Class 8 Claims.

"**GUC Claims**" means (i) Allowed Class 7-A Claims and Class 7-C Claims (except the Senior/Bridge Guarantee Claims), (ii) Allowed Class 7-D Claims (except the Senior/Bridge Deficiency Claims), and (iii) subject to the satisfaction of the 2015 Notes Plan Conditions, holders of Allowed Class 8 Claims.

"**Initial Funding Amount**" means the initial amount of funding provided to the Litigation Trust by the Creditor Representative.

"**Interests**" means beneficial interests in this Litigation Trust.

"**IRC**" means the Internal Revenue Code of 1986, as amended.

"**IRS**" means the Internal Revenue Service.

"**Litigation Trust Assets**" means the Initial Funding Amount, the Assigned Actions and certain other assets, conveyed to the Litigation Trust, together with all collections, recoveries, proceeds, income, gains, earnings, or other assets inuring to the Litigation Trust, to be liquidated and distributed to the Beneficiaries as set forth in this Litigation Trust Agreement.

"**Lender Litigation Settlement Approval Order**" means the *Order Approving Revised Settlement with Financing Party Defendants in Committee Litigation Pursuant to Bankruptcy Rule 9019*, entered March 11, 2010 (Committee Litigation Docket No. 371).

"**Other Distributees**" means, prior to the Excess Recovery Trigger Date, the Reorganized Debtors and the holders of Deficiency Claims on account of the Senior Secured Claims and Bridge Loan Claims. For the avoidance of doubt, in no event shall the Other Distributees be third party or other beneficiaries of this Litigation Trust, prior to the Excess Recovery Trigger Date, except to the extent provided in Article VIII.

"**Proceeds**" means the actual consideration, if any, received by the Litigation Trust as a result of any judgment, settlement, or compromise of any of the Assigned Actions.

"**Treasury Regulation**" mean any regulation promulgated under the Internal Revenue Code of 1986, as amended.

"**True-up Amount**" means, if, after all Disputed General Unsecured Claims become Allowed General Unsecured Claims (or Disallowed), there is insufficient Fixed Settlement Plan Consideration to provide all holders of Allowed General Unsecured Claims (other than Millennium Notes Claims) eligible to receive Fixed Settlement Plan Consideration the same pro rata distribution of the Fixed Settlement Plan Consideration, the minimum aggregate amount of net Proceeds sufficient to provide all holders of Allowed General Unsecured Claims (other than Millennium Notes Claims) eligible to receive Fixed Settlement Plan Consideration the same pro rata distribution of the Fixed Settlement Plan Consideration (including for purposes of such determination the True-up Amount); *provided, however*, holders of the 2015 Notes Claims shall not receive a True-up Amount on account of the Fixed Settlement Plan Consideration reallocated from the

holders of the 2015 Notes Claims to the holders of Millennium Notes Claims pursuant to Section 4.10 of the Plan.

Substantially Final Form

## Exhibit A

**Trustee for the Litigation Trust**

Edward S. Weisfelner

**Contact Information for the Litigation Trust and Litigation Trustee**

Substantially Final Form

## Exhibit B

### Initial Directors of the Trust Board

Wilmington Trust Company, initially by its designee Patrick J. Healy

Law Debenture Trust of New York, initially by its designee Robert L. Bice II

BASF Corporation, initially by its designee Peter Arigirou

James F. Schorr

One person appointed by the other four Directors

### Contact Information for the Trust Board

## Exhibit C

### Compensation for Directors

The following aggregate compensation schedule shall apply to the Directors in their roles as Directors of the Litigation Trust Board, the Creditor Trust Board and the Advisory Board of the Creditor Representative (the "**Boards**"):

$60,000 annual aggregate fee to serve on the Boards, to be paid in quarterly increments. Such fee  shall include attendance at four (4) meetings per year.

$2,500 per meeting attended in excess of the four (4) per year included in the annual fee. For the avoidance of doubt, meetings held on the same day, whether as joint meetings or sequentially, shall be considered one (1) meeting.

Substantially Final Form

**Exhibit D**

**Agents for Other Distributees**

## Exhibit E

## Litigation Trust Distribution Schedule

*Prior to the Excess Recovery Trigger Date*, distributions made under the Litigation Trust Agreement shall be made as follows:

For net recoveries based upon Assigned Preference Claims:

- 90% to the Creditor Representative until the True-up Amount is fully paid, and, thereafter, to the GUC Beneficiaries (which distribution shall be based on each such GUC Beneficiary's pro rata share of GUC Claims).
- 10% to _____ for distribution to the Reorganized Debtors *provided* that in the case of such distributions to the Reorganized Debtor, such distribution shall only be net of the actual direct costs of the Litigation Trust incurred in connection with the pursuit, prosecution and resolution of Assigned Preference Claims.

For net recoveries based upon Non-Settling Defendant Claims:

1. First, to the Creditor Representative until the True-up Amount is fully paid.
2. Second, to the GUC Beneficiaries (which distribution shall be based on each such GUC Beneficiary's pro rata share of GUC Claims).

*After the Excess Recovery Trigger Date and until each of the GUC Beneficiaries are paid the Post-Effective Date Interest Amount*, distributions made under the Litigation Trust Agreement shall be made as follows:

For net recoveries based upon Assigned Preference Claims:

- one-third to the Reorganized Debtors,
- two-ninths to the GUC Beneficiaries (which distribution shall be based on each such GUC Beneficiary's pro rata share of GUC Claims),
- two-ninths to _____ for distribution to holders of the Deficiency Claims on account of the Senior Secured Claims, and
- two-ninths to _____ for distribution to holders of the Deficiency Claims on account of the Bridge Loan Claims.

For net recoveries based upon Non-Settling Defendant Claims:

- one-third to the GUC Beneficiaries (which distribution shall be based on each such GUC Beneficiary's pro rata share of GUC Claims),
- one-third to _____ for distribution to holders of the Deficiency Claims on account of the Senior Secured Claims, and

- one-third to _____ for distribution to holders of the Deficiency Claims on account of the Bridge Loan Claims.

*After each of the Beneficiaries are paid the Post-Effective Date Interest Amount and until the holders of Senior Secured Claims are paid in full,* distributions made under the Litigation Trust Agreement shall be made as follows:

For net recoveries based upon Assigned Preference Claims:

- one-third to the Reorganized Debtors,
- one-third to _____ for distribution to holders of the Deficiency Claims on account of the Senior Secured Claims, and
- one-third to _____ for distribution to holders of the Deficiency Claims on account of the Bridge Loan Claims.

For net recoveries based upon Non-Settling Defendant Claims:

- one-half to _____ for distribution to holders of the Deficiency Claims on account of the Senior Secured Claims, and
- one-half to _____ for distribution to holders of the Deficiency Claims on account of the Bridge Loan Claims.

*After holders of Senior Secured Claims are paid in full*, distributions made under the Litigation Trust Agreement shall be made as follows:

For net recoveries based upon Assigned Preference Claims:

- one-third to the Reorganized Debtors, and
- two-thirds to _____ for distribution to holders of the Deficiency Claims on account of the Bridge Loan Claims.

For net recoveries based upon Non-Settling Defendant Claims:

- 100% to _____ for distribution to holders of the Deficiency Claims on account of the Bridge Loan Claims.

## Exhibit F

## Debtor Controlled Claims

# 1734273 v11

**TAB 6-D**