# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE SEVENTH INTERIM FEE APPLICATION OF JONES DAY

Stuart Maue (the "**Fee Examiner**") submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the "**Fee Examiner Order**") in connection with the *Seventh Interim Fee Application of Jones Day for Allowance of Compensation and Reimbursement of Expenses in Connection*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (JKAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

*with Antitrust Related Matters for the Period from March 1, 2011 through May 31, 2011* [Docket No. 9444] (the "**Fee Application**").   The Fee Application seeks approval of fees that total $38,012.50 and reimbursement of expenses that total $111.32. Jones Day ("**Jones Day**") serves as special counsel to the Debtors antitrust regulatory matters.[2]

### Background

1.      On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") before the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**").    Under the Bankruptcy Court's *Order Directing Joint Administration Chapter 11 Cases* dated December 10, 2009 [Docket No. 43], these cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

2.      On January 15, 2009, the Debtors filed the *Application for an Order Authorizing Debtors to Employ and Retain Jones Day as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C. Sections 327(e) and 1107, Nunc Pro Tunc to the Petition Date* [Docket No. 235] (the "**Retention Application**").  By order dated March 10, 2009, the Bankruptcy Court approved the Retention Application [Docket No. 501] (the "**Retention Order**").

3.      Jones Day submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, (January 15, 2009) [Docket No. 225] (the "**Interim Compensation Order**").

---

[2] Pursuant to the Bankruptcy Court's order dated September 15, 2010 [Docket No. 5704] Jones Day was also retained by the Debtors as special counsel in connection with matters relating to the special committee of the Board of Directors of the Debtor.  The firm files separate fee applications with respect that retention.

## Applicable Standards

4.      In light of the size and complexity of these Chapter 11 cases, the Bankruptcy Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

5.      The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

6.      Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F).*

7.    A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

8.    The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related filings and provided a Preliminary Report to Jones Day for review and comment. The Fee Examiner submits this Final Report for the Court's consideration. This Final Report is in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of the applicant meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2, and will also inform the Court of all proposed consensual resolutions of the fee and/or expense reimbursement request for the professional and the basis for such proposed consensual resolution.

## DISCUSSION OF FINDINGS

### Technical Requirements

9. __Reconciliation of Fees and Expenses.__  The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application ("__Fees Requested__" and "__Expenses Requested__") to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm ("__Fees Computed__" and "__Expenses Computed__").  The Fee Examiner determined that the Fees Computed exceed the Fees Requested by $50.00, resulting in an apparent undercharge.  The discrepancy is the result of task hours within one entry that do not equal the time billed for the entry as a whole, as was displayed in __Exhibit A__ to the Preliminary Report.  In response, the firm agreed with the Fee Examiner's computation and the undercharge, but does not wish to seek the additional $50.00 in fees.  Exhibit A is omitted from this Report.

The Fee Examiner further determined that there is no discrepancy between the Expenses Requested and the Expenses Computed.  The figures in this report and the accompanying exhibits reflect Fees Computed and Expenses Computed.

10. __Block Billing.__[3]  The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*.  The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." *UST*

---

[3] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing.  Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry.  As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry.  This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

*Guidelines* ¶(b)(4)(v).[4]  With minimal exceptions, Jones Day timekeepers did not block bill time entries.

11.    **Time Increments.**  The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv)*.  The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v)*.  Jones Day timekeepers complied with the Local Rules and UST Guidelines regarding time increments.

### Review of Fees

12.    **Firm Staffing.**  The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii)*.  The Fee Application provided the names, positions, and hourly rates of the six Jones Day professionals and paraprofessionals who billed to this matter, consisting of three partners, two associates, and one paralegal.  A summary of hours and fees billed by each timekeeper is displayed in **Exhibit B**.[5]

---

[4] The judicial response to block billing varies.  Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007).  Across the board cuts range from five to 100 percent.  *See id.* at 495 n.7 and cases cited.

[5] This Final Report includes exhibits that detail and support the findings discussed herein.  Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit.  The tasks included in a specific category are underlined in the fee exhibits.  For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

The firm billed a total of 87.40 hours with associated fees of $38,062.50. The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 39.10 | 45% | $24,530.00 | 65% |
| Associate | 7.00 | 8% | 3,207.50 | 8% |
| Paralegal | 41.30 | 47% | 10,325.00 | 27% |
| **TOTAL** | 87.40 | 100% | $38,062.50 | 100% |

The blended hourly rate for the Jones Day professionals is $601.68 and the blended hourly rate for professionals and paraprofessionals is $435.50.

13.    **Hourly Rate Increases.**    Jones Day did not increase the hourly rates of timekeepers during this interim period.

14.    **Timekeepers' Roles.**    A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4)*. With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts. Generally, each Jones Day timekeeper appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.

15.    **Meetings, Conferences, Hearings, and Other Events.**    The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" (*Local Rule 2016-2(d)(ix)*), and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*. While it may be appropriate to have multiple attendees at

attendees." *UST Guidelines ¶(b)(4)(v).*  While it may be appropriate to have multiple attendees at some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified occasions where two or more Jones Day timekeepers attended the same meeting, conference, hearing, or other event.  Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees.  The entries, totaling 2.50 hours with $1,662.50 in associated fees, were displayed in **Exhibit C** to the Preliminary Report.  In each instance where multiple timekeepers attended a meeting, conference, hearing or other event, the Fee Examiner identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the attorney leading rather than observing a conference).  The potentially duplicative and unnecessary timekeepers' entries totaled 1.00 hour with $620.00 in associated fees and were highlighted in bold and marked with an ampersand [&] in the exhibit.  The Fee Examiner requested that the firm provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and the necessity of the multiple attendees for each event.  In response, Jones Day stated that, while it believed its attendance was necessary and appropriate, it would agree to a voluntary reduction in its fee request by $150.00.  The Fee Examiner makes no additional recommendation for a reduction.  Exhibit C has been omitted from this report.

16.    **Intraoffice Conferences.**    Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified billing activities by Joes Day timekeepers describing intraoffice conferences totaling 4.90 hours with $2,117.50 in associated fees, or approximately 6% of the

Fees Computed, as was displayed in **Exhibit D** to the Preliminary Report. The Fee Examiner observed that in certain instances, two or more timekeepers invoiced fees associated with the same intraoffice conference. The entries describing intraoffice conferences invoiced by two or more firm personnel total 2.70 hours with $1,320.00 in associated fees and were highlighted in bold and marked with an ampersand [&] in the exhibit. The Fee Examiner requested the firm provide an explanation for the fees resulting from intrafirm communications and the necessity of more than one participant billing for the same intraoffice conference. In response, Jones Day stated that effective representation of Debtors with regard to antitrust matters required certain lawyers communicate amongst themselves to, for instance, coordinate and discuss the analysis of a draft asset purchase agreement from an antitrust perspective. Based upon the detailed response provided, the Fee Examiner makes no recommendation for a fee reduction. Exhibit D has been omitted from this report.

17.     **Complete and Detailed Task Descriptions.** Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary." The Local Rules further provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix).* The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the

communication.  Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*.

The Fee Examiner reviewed the substantive detail of each billing entry and identified 2.30 hours with $1,390.00 in associated fees where the Fee Examiner could not determine the precise nature of the services performed by the timekeeper.  The entries were displayed in **Exhibit E** to the Preliminary Report.  As reflected in the Local Rules and UST Guidelines, billing entries must adequately describe the services actually performed to allow a determination of whether the task was staffed appropriately, whether the task involved the exercise of legal judgment, and/or whether the task was duplicated by other timekeepers.[6]  The Fee Examiner requested Jones Day strive to provide activity descriptions that are clear and adequately describe the nature of the services performed.  In response, Jones Day provided additional detail for the questioned entries.  The Fee Examiner makes no recommendation for a fee reduction.  Exhibit E is omitted from this report.

18.    **Administrative Activities.**  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm.  The Fee Examiner identified 14.70 hours with $3,727.50 in associated fees describing the administrative functions.  The entries were displayed in **Exhibit F** to the Preliminary Report.  The Fee Examiner noted that many of these entries appeared relate to reviewing and editing monthly invoices.  While firms may seek reimbursement for time associated with preparing fee applications, preparing and reviewing firm invoices is an administrative function necessary for any representation.  The firm provided clarification for

---

[6] Vague entries do not allow the court to determine the reasonableness and necessity of the effort expended, and fees may be denied or reduced when insufficiently documented.  *E.g.*, *In re Bennett Funding, Inc.*, 213 B.R. 234, 245-46 (Bankr. N.D.N.Y. 1997).  Entries for legal research must identify the issue and explain the research need.  *In re Fibermark, Inc.*, 349 B.R. 385, 397 (Bankr. D. Vt. 2006).

most of the entries.  The Fee Examiner and the firm did, however, agree to a $200.00 fee reduction.  Exhibit F is omitted from this report.

19.    **Clerical Activities.**  Clerical activities are tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel[7] or support tasks for which the firm charged greater than market rate.  The Fee Examiner reviewed each timekeeper's billing activities and identified numerous entries that describe clerical tasks.  The questioned entries are displayed in **Exhibit G** and total 5.30 hours with $1,325.00 in associated fees.  Jones Day and the Fee Examiner reached a compromise wherein the firm agreed to a reduction in fees of $530.00.  Exhibit G is omitted from this report.

20.    **Travel.**  The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii)*.  The Fee Application did not include any time entries describing travel.

21.    **Jones Day Retention/Compensation.**    Jones Day billed 48.90 hours with associated fees of $14,012.50 to prepare the firm's applications for compensation, which computes to approximately 37% of the Fees Computed.  The fee entries describing Jones Day's retention/compensation activities are displayed in **Exhibit H**, which is included in the Final Report for the Court's reference.

**Review of Expenses**

22.    **Itemization of Expenses.**  The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize each expense within each category, including the date the expense was incurred, the charge and

---

[7] "Duties appropriate for office staff are considered part of a professional's overhead expenses and may not be billed to the estate." *Fibermark*, 349 B.R. at 397; *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758 769 (Bankr. E.D.N.Y. 2005) (overhead not compensable); *but see Bennett Funding*, 213 B.R. at 247-48 (discussing differing approaches to clerical work at professional rates).  These overhead activities may include: mailing; photocopying; word processing (including the creation of templates); formatting; creating spreadsheets; printing; organizing files; checking for docket updates; creating binders; and secretarial overtime. *Fibermark*, 349 B.R. at 396-97.

the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*.   The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.   Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*.   Jones Day provided an itemization for the firm expenses that included the category, the date, the description, and the amount.   The Fee Examiner found no objectionable expense items.

## CONCLUSION

The Fee Examiner submits this Final Report regarding the Fee Application and the fees and expenses discussed above.   The Fee Examiner recommends the approval of fees in the amount of $37,132.50 ($38,012.50 minus $880.00) and reimbursement of expenses that total $111.32 for the period from March 1, 2011 through May 31, 2011.   The findings are set forth in the summary on the following page.

## JONES DAY

## SUMMARY OF FINDINGS

### Seventh Interim Fee Application (March 1, 2011 through May 31, 2011)

#### A.     Amounts Requested and Computed

| | | |
|---|---|---|
| Fees Requested | $38,012.50 | |
| Expenses Requested | 111.32 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $38,123.82 |
| | | |
| Fees Computed | $38,062.50 | |
| Expenses Computed | 111.32 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $38,173.82 |
| | | |
| Discrepancy in Fees | ($   50.00) | |
| | | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | ($   50.00) |

#### B.     Recommended Fee Allowance and Expense Reimbursement

| | | |
|---|---|---|
| Fees Requested | $38,012.50 | |
| *Agreed Reduction for Meetings, Conferences, Hearings, and Other Events* | *($150.00)* | |
| *Agreed Reduction for Administrative Activities* | *(200.00)* | |
| *Agreed Reduction for Clerical Activities* | *(530.00)* | |
| Subtotal | *($880.00)* | |
| | | |
| RECOMMENDED FEE ALLOWANCE | | $37,132.50 |
| | | |
| Expenses Requested | $111.32 | |
| | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 111.32 |
| | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $37,243.82 |

Respectfully submitted,

**STUART MAUE**

By: _____
John F. Theil, Esq.
3840 McKelvey Road
St. Louis, Missouri  63044
Telephone:   (314) 291-3030
Facsimile:    (314) 291-6546
tribunebkr@smmj.com

*Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 25th day of May, 2012.

David Klauder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE  19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE  19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
William E. Chipman, Jr., Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE  19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE  19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY  10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY  10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE  19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY  10017
(Counsel to Administrative Agent for
 Prepetition Lenders, JP Morgan Chase Bank,
 N.A.)

David A. Hall, Esq.
Jones Day
77 West Wacker
Chicago, IL  60601-1692

_____
John F. Theil, Esq.

**EXHIBIT B**

### SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

### COMPUTED AT STANDARD RATES

**Jones Day**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| 8379 | Thomas, Ryan C. | PARTNER | $575.00 | $575.00 | 30.00 | $17,250.00 |
| 4455 | Fenton, Kathryn M. | PARTNER | $800.00 | $800.00 | 8.50 | $6,800.00 |
| 0350 | Erens, Brad B. | PARTNER | $800.00 | $800.00 | 0.60 | $480.00 |
| No. of Billers for Position: 3 | | Blended Rate for Position: | $627.37 | | 39.10 | $24,530.00 |
| | | | | | % of Total: 44.74% | % of Total: 64.45% |
| 1342 | Shafer, David B. | ASSOCIATE | $425.00 | $425.00 | 3.90 | $1,657.50 |
| 1981 | Tiller, Joseph M. | ASSOCIATE | $500.00 | $500.00 | 3.10 | $1,550.00 |
| No. of Billers for Position: 2 | | Blended Rate for Position: | $458.21 | | 7.00 | $3,207.50 |
| | | | | | % of Total: 8.01% | % of Total: 8.43% |
| 9161 | Sobczak, Arleta K. | PARALEGAL | $250.00 | $250.00 | 41.30 | $10,325.00 |
| No. of Billers for Position: 1 | | Blended Rate for Position: | $250.00 | | 41.30 | $10,325.00 |
| | | | | | % of Total: 47.25% | % of Total: 27.13% |
| Total No. of Billers: 6 | | Blended Rate for Report: | $435.50 | | 87.40 | $38,062.50 |

EXHIBIT H

JONES DAY RETENTION/COMPENSATION

Jones Day

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Erens, B | 0.60 | 480.00 |
| Shafer, D | 3.90 | 1,657.50 |
| Sobczak, A | 41.30 | 10,325.00 |
| Tiller, J | 3.10 | 1,550.00 |
| | 48.90 | $14,012.50 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Advice on Antitrust Matters | 31.30 | 9,612.50 |
| Antitrust Advice | 17.60 | 4,400.00 |
| | 48.90 | $14,012.50 |

EXHIBIT H

JONES DAY RETENTION/COMPENSATION

Jones Day

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 03/03/11 Thu | Sobczak, A 49133-0002/11 | 0.50 | 0.50 | 125.00 | 0.20 0.10 0.20 | F F F | 1 2 3 | *MATTER NAME: Antitrust Advice* E-MAILS TO AND FROM SHAFER REGARDING REVISIONS TO BILL (.20); E-MAILS TO AND FROM WORD PROCESSING REGARDING SAME (.10); REVIEW REVISIONS TO BILL (.20). |
| 03/10/11 Thu | Shafer, D 49133-0003/1 | 0.50 | 0.50 | 212.50 | | F | 1 | *MATTER NAME: Advice on Antitrust Matters* REVISE EIGHTH MONTHLY FEE APPLICATION. |
| 03/10/11 Thu | Sobczak, A 49133-0002/2 | 1.00 | 1.00 | 250.00 | | F | 1 | *MATTER NAME: Antitrust Advice* REVIEW AND REVISE COVER PAGES AND EIGHTH FEE APPLICATION. |
| 03/11/11 Fri | Shafer, D 49133-0003/2 | 0.80 | 0.80 | 340.00 | 0.30 0.40 0.10 | F F F | 1 2 3 | *MATTER NAME: Advice on Antitrust Matters* COMMUNICATE (IN FIRM) WITH THOMAS REGARDING STATUS OF BILLS TO JANUARY 2011 MONTHLY FEE APPLICATION (0.30); REVIEW AND REVISE JANUARY 2011 MONTHLY FEE APPLICATION AND EXHIBITS (.40); E-MAILS TO AND FROM SOBCZAK REGARDING SAME (.10). |
| 03/11/11 Fri | Sobczak, A 49133-0002/1 | 1.80 | 1.80 | 450.00 | 0.30 0.20 0.80 0.20 0.10 0.20 | F F F F F F | 1 2 3 4 5 6 | *MATTER NAME: Antitrust Advice* REVIEW JANUARY 2011 BILL (.30); E-MAILS TO AND FROM NELSON (FINANCIAL SERVICES) REGARDING SAME (.20); DRAFT, REVIEW AND REVISE EIGHTH FEE APPLICATION COVER PAGES (.80); REVIEW AND REVISE EIGHTH FEE APPLICATION (.20); E-MAILS TO AND FROM SHAFER REGARDING SAME (.10); PREPARE AND SCAN EXHIBITS FOR E-FILING (.20). |
| 03/14/11 Mon | Shafer, D 49133-0003/3 | 0.50 | 0.50 | 212.50 | 0.30 0.20 | F F | 1 2 | *MATTER NAME: Advice on Antitrust Matters* DRAFT NINTH MONTHLY FEE APPLICATION (.30); E-MAILS TO AND FROM SOBCZAK REGARDING SAME (.20). |
| 03/14/11 Mon | Sobczak, A 49133-0002/4 | 3.00 | 3.00 | 750.00 | 2.70 0.20 0.10 | F F F | 1 2 3 | *MATTER NAME: Antitrust Advice* REVIEW AND REVISE FEBRUARY 2011 DRAFT BILL (2.70); E-MAILS TO AND FROM SHAFER AND THOMAS REGARDING SAME (.20); E-MAILS WITH NELSON (FINANCIAL SERVICES) REGARDING SAME (.10). |
| 03/15/11 Tue | Shafer, D 49133-0003/4 | 0.60 | 0.60 | 255.00 | | F | 1 | *MATTER NAME: Advice on Antitrust Matters* REVISE NOVEMBER 2010 TO JANUARY 2011 FEE APPLICATION. |
| 03/15/11 Tue | Sobczak, A 49133-0002/5 | 1.50 | 1.50 | 375.00 | 0.10 0.20 0.20 0.10 0.80 0.10 | F F F F F F | 1 2 3 4 5 6 | *MATTER NAME: Antitrust Advice* E-MAILS TO AND FROM AND PHONE CONFERENCES WITH SHAFER REGARDING ANTITRUST MATTER BILLING PROCEDURES (.10); REVIEW ERENS' AND ANTITRUST GROUP EDITS TO BILL NARRATIVES (.20); REVIEW E-MAILS TO AND FROM COLE SHOTZ REGARDING FILING OF EIGHTH FEE APPLICATION (.20); PHONE CONFERENCE WITH SHAFER REGARDING SAME (.10); REVIEW EIGHTH FEE APPLICATION AND UPDATE SUMMARY PAGES (.80); E-MAILS TO AND FROM SHAFER REGARDING SAME (.10). |

~ See the last page of exhibit for explanation

EXHIBIT H

JONES DAY RETENTION/COMPENSATION

Jones Day

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | *MATTER NAME: Advice on Antitrust Matters* |
| 03/16/11 | Shafer, D | 1.50 | 1.50 | 637.50 | 1.10 | F | 1 | DRAFT NINTH MONTHLY FEE APPLICATION FOR THE PERIOD FEBRUARY 1 THROUGH FEBRUARY 28, 2011 (1.10); |
| Wed | 49133-0003/5 | | | | 0.40 | F | 2 | E-MAILS TO AND FROM AND OFFICE CONFERENCE WITH SOBCZAK REGARDING SAME (.40). |
| | | | | | | | | *MATTER NAME: Antitrust Advice* |
| 03/16/11 | Sobczak, A | 1.60 | 1.60 | 400.00 | 0.20 | F | 1 | E-MAILS TO AND FROM SHAFER REGARDING REVISIONS TO EIGHTH FEE APPLICATION (.20); |
| Wed | 49133-0002/10 | | | | 0.10 | F | 2 | E-MAIL TO NELSON (FINANCIAL SERVICES) REGARDING SAME (.10); |
| | | | | | 0.40 | F | 3 | REVIEW NINTH FEE APPLICATION (.40); |
| | | | | | 0.40 | F | 4 | OFFICE CONFERENCE WITH SHAFER REGARDING FEE APPLICATION DEADLINES AND CONTACTS (.40); |
| | | | | | 0.20 | F | 5 | REVIEW E-MAIL AND ATTACHMENTS SENT TO PROGER REGARDING EIGHTH MONTHLY FEE APPLICATION (.20); |
| | | | | | 0.30 | F | 6 | UPDATE ELECTRONIC FILES REGARDING EIGHTH FEE APPLICATION AND RELATED DOCUMENTS (.30). |
| | | | | | | | | *MATTER NAME: Antitrust Advice* |
| 03/18/11 | Sobczak, A | 2.00 | 2.00 | 500.00 | 0.20 | F | 1 | REVIEW EIGHTH FEE APPLICATION AND ATTACHMENTS (.20); |
| Fri | 49133-0002/12 | | | | 0.20 | F | 2 | REVIEW E-MAIL FROM SHAFER TO COLE SHOTZ REGARDING FILING (.20); |
| | | | | | 0.20 | F | 3 | REVIEW E-MAIL TO FEE AUDITOR REGARDING SAME (.20); |
| | | | | | 0.20 | F | 4 | REVIEW E-MAIL TO CLIENT REGARDING SAME (.20); |
| | | | | | 1.00 | F | 5 | UPDATE ELECTRONIC FILES AND HARD COPY FILES (1.00); |
| | | | | | 0.20 | F | 6 | E-MAILS TO AND FROM NELSON (FINANCIAL SERVICES) REGARDING FEBRUARY 2011 BILL (.20). |
| | | | | | | | | *MATTER NAME: Antitrust Advice* |
| 03/21/11 | Sobczak, A | 1.70 | 1.70 | 425.00 | 1.60 | F | 1 | REVIEW AND REVISE FEBRUARY 2011 BILL (1.60); |
| Mon | 49133-0002/3 | | | | 0.10 | F | 2 | E-MAIL TO NELSON (FINANCIAL SERVICES) REGARDING SAME (.10). |
| | | | | | | | | *MATTER NAME: Antitrust Advice* |
| 03/25/11 | Sobczak, A | 2.00 | 2.00 | 500.00 | 0.70 | F | 1 | REVIEW AND REVISE FEBRUARY 2011 BILL (.70); |
| Fri | 49133-0002/6 | | | | 0.10 | F | 2 | E-MAIL TO NELSON (FINANCIAL SERVICES) REGARDING SAME (.10); |
| | | | | | 1.20 | F | 3 | REVIEW AND REVISE FEE APPLICATION AND EXHIBIT PAGES (1.20). |
| | | | | | | | | *MATTER NAME: Antitrust Advice* |
| 03/28/11 | Sobczak, A | 0.50 | 0.50 | 125.00 | | F | 1 | REVIEW FEBRUARY 2011 BILL AND E-MAIL SAME TO THOMAS FOR REVIEW FOR CONFIDENTIAL MATTERS. |
| Mon | 49133-0002/7 | | | | | | | |
| | | | | | | | | *MATTER NAME: Antitrust Advice* |
| 03/29/11 | Sobczak, A | 0.60 | 0.60 | 150.00 | 0.50 | F | 1 | REVIEW AND REVISE FEBRUARY 2011 FEE APPLICATION (.50); |
| Tue | 49133-0002/8 | | | | 0.10 | F | 2 | TRANSMIT FEBRUARY 2011 BILL TO THOMAS FOR REVIEW (.10). |
| | | | | | | | | *MATTER NAME: Antitrust Advice* |
| 03/30/11 | Sobczak, A | 1.20 | 1.40 | 350.00 | 0.20 | F | 1 | E-MAILS TO AND FROM THOMAS REGARDING FEBRUARY 2011 BILL (.20); |
| Wed | 49133-0002/9 | | | | 0.10 | F | 2 | TELEPHONE CONVERSATION WITH THOMAS REGARDING SAME (.10); |
| | | | | | 0.40 | F | 3 | REVIEW THOMAS' REVISIONS TO FEBRUARY 2011 BILL (.40); |
| | | | | | 0.20 | F | 4 | TRANSMIT TO NELSON (FINANCIAL SERVICES) (.20); |
| | | | | | 0.30 | F | 5 | REVIEW REVISED BILL RECEIVED FROM NELSON (.30); |
| | | | | | 0.20 | F | 6 | TRANSMIT FEE APPLICATION AND BILL TO ERENS FOR HIS REVIEW (.20). |
| | | | | | | | | *MATTER NAME: Advice on Antitrust Matters* |
| 04/03/11 | Erens, B | 0.50 | 0.50 | 400.00 | | F | 1 | REVIEW ANTITRUST FEE APPLICATION. |
| Sun | 5105-20001/15 | | | | | | | |

~  See the last page of exhibit for explanation

EXHIBIT H

JONES DAY RETENTION/COMPENSATION

Jones Day

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | *MATTER NAME: Advice on Antitrust Matters* |
| 04/06/11 | Sobczak, A | 1.60 | 1.60 | 400.00 | 0.20 | F | 1 | E-MAILS TO AND FROM BROPHY REGARDING EXHIBITS TO FEE APPLICATION (.20); |
| Wed | 5105-20001/22 | | | | 0.10 | F | 2 | E-MAILS TO AND FROM THOMAS REGARDING FEBRUARY BILL (.10); |
| | | | | | 0.80 | F | 3 | REVIEW AND REVISE FEE APPLICATION (.80); |
| | | | | | 0.50 | F | 4 | REVIEW AND REVISE COVER PAGES FOR FEE APPLICATION (.50). |
| | | | | | | | | *MATTER NAME: Advice on Antitrust Matters* |
| 04/07/11 | Sobczak, A | 1.50 | 1.50 | 375.00 | 0.10 | F | 1 | PHONE CONFERENCE WITH ERENS REGARDING FEBRUARY 2011 FEE APPLICATION AND BILL (.10); |
| Thu | 5105-20001/24 | | | | 0.20 | F | 2 | NUMEROUS E-MAILS WITH THOMAS REGARDING SAME (.20); |
| | | | | | 0.30 | F | 3 | REVIEW AND REVISE BILL ACCORDING TO THOMAS' EDITS (.30); |
| | | | | | 0.20 | F | 4 | E-MAILS TO AND FROM FINANCIAL SERVICES REGARDING SAME (.20); |
| | | | | | 0.60 | F | 5 | REVISE FEE APPLICATION IN ACCORDANCE WITH THOMAS' EDITS (.60); |
| | | | | | 0.10 | F | 6 | E-MAILS TO PROGER REGARDING SAME (.10). |
| | | | | | | | | *MATTER NAME: Advice on Antitrust Matters* |
| 04/11/11 | Sobczak, A | 1.90 | 1.90 | 475.00 | 0.20 | F | 1 | REVIEW THOMAS' EDITS TO NINTH FEE APPLICATION (.20); |
| Mon | 5105-20001/13 | | | | 0.10 | F | 2 | TRANSMIT TO NELSON (.10); |
| | | | | | 0.20 | F | 3 | E-MAILS TO AND FROM NELSON REGARDING SAME (.20); |
| | | | | | 1.40 | F | 4 | DRAFT, REVIEW AND REVISE SIXTH INTERIM FEE APPLICATION AND EXHIBITS (1.40). |
| | | | | | | | | *MATTER NAME: Advice on Antitrust Matters* |
| 04/12/11 | Sobczak, A | 1.30 | 1.30 | 325.00 | 0.30 | F | 1 | COMMUNICATE WITH THOMAS, FENTON AND NELSON (FINANCIAL SERVICES) REGARDING FEBRUARY 2011 FEE APPLICATION (.30); |
| Tue | 5105-20001/10 | | | | 0.20 | F | 2 | E-MAILS TO AND FROM ERENS REGARDING SAME (.20); |
| | | | | | 0.80 | F | 3 | REVIEW AND REVISE FEBRUARY 2011 FEE APPLICATION (.80). |
| | | | | | | | | *MATTER NAME: Advice on Antitrust Matters* |
| 04/13/11 | Erens, B | 0.10 | 0.10 | 80.00 | | F | 1 | FINALIZE REVIEW OF SIXTH INTERIM FEE APPLICATION. |
| Wed | 5105-20001/23 | | | | | | | |
| | | | | | | | | *MATTER NAME: Advice on Antitrust Matters* |
| 04/13/11 | Sobczak, A | 3.60 | 3.60 | 900.00 | 0.40 | F | 1 | COMMUNICATE WITH THOMAS REGARDING FEBRUARY 2011 BILL (.40); |
| Wed | 5105-20001/11 | | | | 0.80 | F | 2 | REVISE FEBRUARY 2011 FEE APPLICATION (.80); |
| | | | | | 1.00 | F | 3 | REVISE EXHIBITS TO FEBRUARY 2011 FEE APPLICATION (1.00); |
| | | | | | 0.20 | F | 4 | PHONE CONFERENCE WITH TILLER REGARDING SAME (.20); |
| | | | | | 0.10 | F | 5 | E-MAIL TO AND FROM LOCAL COUNSEL REGARDING E-FILING (.10); |
| | | | | | 0.70 | F | 6 | PREPARE ALL DOCUMENTS FOR E-FILING (.70); |
| | | | | | 0.20 | F | 7 | TRANSMIT SAME TO LOCAL COUNSEL (.20); |
| | | | | | 0.20 | F | 8 | PREPARE AND TRANSMIT DOCKETED FEE APPLICATION, EXHIBITS AND CORRESPONDING LEDES FILE TO FEE AUDITOR (.20). |
| | | | | | | | | *MATTER NAME: Advice on Antitrust Matters* |
| 04/13/11 | Tiller, J | 0.90 | 0.90 | 450.00 | | F | 1 | REVIEW AND PROVIDE COMMENTS TO SOBCZAK ON INTERIM FEE APPLICATION FOR ANTITRUST MATTERS. |
| Wed | 5105-20001/20 | | | | | | | |

~  See the last page of exhibit for explanation

EXHIBIT H

JONES DAY RETENTION/COMPENSATION

Jones Day

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 04/14/11 Thu | Sobczak, A 5105-20001/12 | 1.70 | 1.70 | 425.00 | | | | *MATTER NAME: Advice on Antitrust Matters* |
| | | | | | 0.20 | F | 1 | COMMUNICATE WITH TILLER REGARDING 6TH INTERIM FEE APPLICATION (.20); |
| | | | | | 0.50 | F | 2 | REVIEW AND REVISE 6TH INTERIM FEE APPLICATION (.50); |
| | | | | | 0.10 | F | 3 | TRANSMIT SAME TO PROGER FOR REVIEW (.10); |
| | | | | | 0.40 | F | 4 | PREPARE SAME FOR E-FILING (.40); |
| | | | | | 0.10 | F | 5 | COMMUNICATE WITH LOCAL COUNSEL REGARDING E-FILING AND OBJECTION DATE (.10); |
| | | | | | 0.10 | F | 6 | TRANSMIT 6TH INTERIM FEE APPLICATION TO LOCATE COUNSEL (.10); |
| | | | | | 0.30 | F | 7 | UPDATE ELECTRONIC FILES REGARDING SAME (.30). |
| 04/14/11 Thu | Sobczak, A 5105-20001/27 | 0.20 | 0.20 | 50.00 | | | | *MATTER NAME: Advice on Antitrust Matters* |
| | | | | | | F | 1 | COMMUNICATE WITH TILLER REGARDING 6TH INTERIM FEE APPLICATION. |
| 04/14/11 Thu | Tiller, J 5105-20001/21 | 0.50 | 0.50 | 250.00 | | | | *MATTER NAME: Advice on Antitrust Matters* |
| | | | | | 0.30 | F | 1 | REVIEW APPLICATIONS (.30); |
| | | | | | 0.20 | F | 2 | AND PROVIDE COMMENTS TO SOBCZAK REGARDING FEE APPLICATIONS (.20). |
| 04/15/11 Fri | Sobczak, A 5105-20001/14 | 0.30 | 0.30 | 75.00 | | | | *MATTER NAME: Advice on Antitrust Matters* |
| | | | | | 0.20 | F | 1 | REVIEW FILED SIXTH INTERIM FEE APPLICATION (.20); |
| | | | | | 0.10 | F | 2 | UPDATE ELECTRONIC FILES REGARDING SAME (.10). |
| 04/21/11 Thu | Sobczak, A 5105-20001/18 | 2.00 | 2.00 | 500.00 | | | | *MATTER NAME: Advice on Antitrust Matters* |
| | | | | | | F | 1 | REVIEW AND REVISE MARCH 2011 BILL. |
| 04/26/11 Tue | Sobczak, A 5105-20001/19 | 1.40 | 1.40 | 350.00 | | | | *MATTER NAME: Advice on Antitrust Matters* |
| | | | | | 1.30 | F | 1 | REVIEW MARCH 2011 BILL (1.30); |
| | | | | | 0.10 | F | 2 | E-MAIL TO AND FROM NELSON (FINANCIAL SERVICES) REGARDING SAME (.10). |
| 04/27/11 Wed | Sobczak, A 5105-20001/17 | 0.20 | 0.20 | 50.00 | | | | *MATTER NAME: Advice on Antitrust Matters* |
| | | | | | | F | 1 | REVIEW DAILY DOCKET REPORT. |
| 04/29/11 Fri | Sobczak, A 5105-20001/16 | 0.30 | 0.30 | 75.00 | | | | *MATTER NAME: Advice on Antitrust Matters* |
| | | | | | 0.20 | F | 1 | REVIEW MARCH 2011 BILL (.20); |
| | | | | | 0.10 | F | 2 | TRANSMIT SAME TO THOMAS FOR REVIEW (.10). |
| 05/02/11 Mon | Sobczak, A 5105-20001/31 | 3.00 | 3.00 | 750.00 | | | | *MATTER NAME: Advice on Antitrust Matters* |
| | | | | | 0.80 | F | 1 | REVIEW AND REVISE MARCH 2011 BILL (.80); |
| | | | | | 0.20 | F | 2 | E-MAILS WITH NELSON (FINANCIAL SERVICES) REGARDING SAME (.20); |
| | | | | | 2.00 | F | 3 | DRAFT, REVIEW AND REVISE MARCH 2011 ANTITRUST FEE APPLICATION AND EXHIBITS (2.00). |
| 05/04/11 Wed | Sobczak, A 5105-20001/32 | 2.00 | 2.00 | 500.00 | | | | *MATTER NAME: Advice on Antitrust Matters* |
| | | | | | 1.60 | F | 1 | REVIEW AND REVISE MARCH 2011 FEE APPLICATION AND EXHIBITS (1.60); |
| | | | | | 0.20 | F | 2 | E-MAILS TO AND FROM THOMAS REGARDING CONFIDENTIAL MATTER SUMMARY OF SERVICES (.20); |
| | | | | | 0.20 | F | 3 | REVIEW AND REVISE FEE APPLICATION SUMMARY OF SERVICES (.20). |

~ See the last page of exhibit for explanation

EXHIBIT H

JONES DAY RETENTION/COMPENSATION

Jones Day

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| | | | | | | | | *MATTER NAME: Advice on Antitrust Matters* |
| 05/06/11 | Sobczak, A | 0.80 | 0.80 | 200.00 | 0.10 | F | 1 | COMMUNICATE WITH THOMAS REGARDING CLIENT APPROVAL OF MARCH 2011 BILL (.10); |
| Fri | 5105-20001/33 | | | | 0.30 | F | 2 | REVIEW AND REVISE BILL ACCORDINGLY (.30); |
| | | | | | 0.10 | F | 3 | E-MAILS TO AND FROM NELSON (FINANCIAL SERVICES) REGARDING SAME (.10); |
| | | | | | 0.10 | F | 4 | E-MAILS TO AND FROM LOCAL COUNSEL REGARDING FILING OF SAME (.10); |
| | | | | | 0.20 | F | 5 | TRANSMIT FEBRUARY 2011 BILL AND CERTIFICATE OF NO OBJECTION TO CLIENT FOR REVIEW (.20). |
| | | | | | | | | *MATTER NAME: Advice on Antitrust Matters* |
| 05/09/11 | Sobczak, A | 0.50 | 0.50 | 125.00 | 0.10 | F | 1 | PHONE CONFERENCE WITH TILLER REGARDING MARCH 2011 FEE APPLICATION (.10); |
| Mon | 5105-20001/26 | | | | 0.10 | F | 2 | E-MAIL TO AND FROM TILLER REGARDING SAME (.10); |
| | | | | | 0.30 | F | 3 | NUMEROUS E-MAILS TO AND FROM NELSON (FINANCIAL SERVICES) REGARDING REVISIONS TO MARCH 2011 BILL (.30). |
| | | | | | | | | *MATTER NAME: Advice on Antitrust Matters* |
| 05/09/11 | Tiller, J | 1.10 | 1.10 | 550.00 | 0.90 | F | 1 | REVIEW, DRAFT AND REVISE TENTH MONTHLY FEE APPLICATION (.90); |
| Mon | 5105-20001/28 | | | | 0.20 | F | 2 | COMMUNICATE WITH SOBCZAK REGARDING SAME (.20). |
| | | | | | | | | *MATTER NAME: Advice on Antitrust Matters* |
| 05/11/11 | Sobczak, A | 1.30 | 1.30 | 325.00 | 0.20 | F | 1 | E-MAIL TO AND FROM PROGER REGARDING MARCH 2011 FEE APPLICATION (.20); |
| Wed | 5105-20001/25 | | | | 0.10 | F | 2 | E-MAILS TO AND FROM NELSON (FINANCIAL SERVICES) REGARDING SAME (.10); |
| | | | | | 0.20 | F | 3 | REVIEW FINAL BILL AND E-MAIL WITH NELSON REGARDING SAME (.20); |
| | | | | | 0.20 | F | 4 | E-MAILS WITH LOCAL COUNSEL REGARDING E-FILING AND SERVICE OF MARCH 2011 FEE APPLICATION (.20); |
| | | | | | 0.40 | F | 5 | PREPARE FEE APPLICATION AND THREE EXHIBITS FOR E-FILING (.40); |
| | | | | | 0.20 | F | 6 | TRANSMIT FILED FEE APPLICATION, EXHIBITS AND LEDES FILE TO FEE AUDITOR (.20). |
| | | | | | | | | *MATTER NAME: Advice on Antitrust Matters* |
| 05/11/11 | Tiller, J | 0.60 | 0.60 | 300.00 | | F | 1 | REVIEW AND REVISE TENTH MONTHLY FEE APPLICATION. |
| Wed | 5105-20001/29 | | | | | | | |
| | | | | | | | | *MATTER NAME: Advice on Antitrust Matters* |
| 05/23/11 | Sobczak, A | 0.10 | 0.10 | 25.00 | | F | 1 | COMMUNICATE WITH NELSON (FINANCIAL SERVICES) REGARDING APRIL 2011 FEES AND DISBURSEMENTS. |
| Mon | 5105-20001/30 | | | | | | | |
| Total | | | 48.90 | $14,012.50 | | | | |
| Number of Entries: | 41 | | | | | | | |

EXHIBIT H
JONES DAY RETENTION/COMPENSATION
Jones Day

## SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Erens, B | 0.60 | 480.00 |
| Shafer, D | 3.90 | 1,657.50 |
| Sobczak, A | 41.30 | 10,325.00 |
| Tiller, J | 3.10 | 1,550.00 |
| | 48.90 | $14,012.50 |

## SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Advice on Antitrust Matters | 31.30 | 9,612.50 |
| Antitrust Advice | 17.60 | 4,400.00 |
| | 48.90 | $14,012.50 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL