UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## SUPPLEMENTAL DISCLOSURE OF JONES DAY

Jones Day submits this supplemental disclosure (the "Supplemental Disclosure") with respect to its role in these chapter 11 cases pursuant to section 327(e) of the Bankruptcy Code as (i) counsel for the Special Committee of the Tribune Company Board of Directors (the "Special Committee") and (ii) special counsel to the Debtors for certain antitrust matters.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); Chicago Land Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); Green Co, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); Julius Air Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

## BACKGROUND

1.  On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.[2] In all, the Debtors comprise 111 entities.

2.  On December 18, 2008, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee").

3.  On March 10, 2009, this Court entered an order (Docket No. 501) authorizing the retention of Jones Day as special counsel to the Debtors for certain litigation matters pursuant to section 327(e) of the Bankruptcy Code. Pursuant to such engagement, Jones Day assisted the Debtors mostly in certain antitrust related matters. Jones Day is not presently engaged in providing advice on any matter to the Debtors, nor is it aware of any matter upon which its advice will be sought.

4.  On September 15, 2010, this Court entered an order (Docket No. 5704) authorizing the retention of Jones Day as counsel to the Special Committee pursuant to section 327(e) of the Bankruptcy Code. As noted in Jones Day's retention application, the Special Committee was charged with, among other things, "reviewing, evaluating and approving ... the structure, terms or conditions ... of any plan of reorganization" (Docket No. 5562). With the recent filing of a plan of reorganization that addresses and resolves the Court's reasons for denying confirmation of the Second Amended DCL Plan, Jones Day is not presently engaged in providing advice on any matter to the Special Committee, nor is it aware of any matter upon which its advice will be sought.

---

[2] An additional Debtor, Tribune CNLBC, LLC, formerly known as Chicago National League Ball Club, LLC, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.

## SUPPLEMENTAL DISCLOSURE

5. On May 14, 2012, Bruce Bennett, James Johnston and Joshua Mester joined Jones Day in its Los Angeles Office. While at their former law firm, Dewey & LeBoeuf LLP, these lawyers represented Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and various other lenders (collectively, the "Credit Agreement Lenders") as creditors in these chapter 11 cases,[3] and it is their intention to continue that representation at Jones Day.

6. Jones Day has put in place ethical walls to ensure that there is no exchange of information regarding this matter between (i) the Jones Day attorneys and other personnel who will be working on behalf of the Credit Agreement Lenders and (ii) the Jones Day attorneys and other personnel who provided services to the Special Committee and the Debtors, as described above. In addition, this matter has been discussed with representatives of the Special Committee and the Debtors as well as with representatives of the Credit Agreement Lenders and it is agreed that proceeding in this manner is acceptable to them. Among other things, (i) the case is at a very advanced stage, with the confirmation hearing scheduled to take place within weeks, (ii) the Special Committee will have no further role, assuming the Court confirms the plan of reorganization proposed by the Debtors, the Creditors Committee and various lenders, including certain of the Credit Agreement Lenders (the "Plan"), (iii) the events that led to Messrs. Bennett, Johnston and Mester joining Jones Day were unforeseen and unrelated to the bankruptcy, (iv) the ethical wall that has been put in place is expected to be fully effective in insuring that the parties' confidences are protected and avoiding unnecessary costs of new counsel for the Special Committee and (v) the Debtors and the Credit Agreement Lenders interests in confirming the Plan are aligned.

---

[3] See Eleventh Amended Joint Verified Statement of Representation of More Than One Creditor by Dewey & LeBoeuf LLP and Young Conaway Stargatt & Taylor, LLP (Docket No. 10502).

CHI-1847790v6

## NOTICE

7.  Notice of this Supplemental Disclosure has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Official Committee of Unsecured Creditors; (iii) counsel to the administrative agent for Tribune Company's prepetition loan facilities; (vi) counsel to the administrative agent for the Debtors' post-petition loan facility; and (v) all parties who have requested to receive notices in these chapter 11 cases pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.

Dated: May 29, 2012

Respectfully submitted,

By: /s/ David G. Heiman
    David G. Heiman
    North Point
    901 Lakeside Avenue
    Cleveland, Ohio 44114-1190
    (216) 586-3939 (Telephone)
    (216) 579-0212 (Facsimile)

    – and –

    Brad B. Erens
    77 West Wacker
    Chicago IL 60601-1692
    (312) 782-3939 (Telephone)
    (312) 782-8585 (Facsimile)

    COUNSEL FOR THE SPECIAL COMMITTEE
    AND FORMER SPECIAL COUNSEL TO THE
    DEBTORS

CHI-1847790v6