# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## DECLARATION OF STEPHENIE KJONTVEDT ON BEHALF OF EPIQ BANKRUPTCY SOLUTIONS, LLC REGARDING VOTING AND TABULATION OF BALLOTS ACCEPTING AND REJECTING THE FOURTH AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, OAKTREE CAPITAL MANAGEMENT, L.P., ANGELO, GORDON & CO., L.P., AND JPMORGAN CHASE BANK, N.A.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WCCT, Inc. (f/k/a WTXX Inc.) (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Stephenie Kjontvedt, being duly sworn, declares, under penalty of perjury:

1. I am a Vice President, Senior Consultant of Epiq Bankruptcy Solutions, LLC ("Epiq"), located at 757 Third Avenue, 3rd Floor, New York, New York 10017. I am authorized to submit this Declaration on behalf of Epiq. I am over the age of 18 years and not a party to the within action.

2. I submit this Declaration with respect to the *Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A.*, dated April 17, 2012 (as may be modified and/or amended, the "Plan").[2] Except as otherwise indicated, all facts set forth herein are based upon my personal knowledge or my review of relevant documents. If I were called upon to testify, I could and would testify competently as to the facts set forth herein.

3. In accordance with the (a) *Order Authorizing the Debtors and Debtors in Possession to Retain and Employ Epiq Bankruptcy Solutions, LLC as Claims, Noticing, and Balloting Agent Pursuant to 28 U.S.C. § 156(C), Rule 2002(F) of the Federal Rules of Bankruptcy Procedure and Local Rule 2002-1(F) as of the Petition Date*, dated December 10, 2008 [Docket No. 44], and (b) *Order (I) Approving Supplemental Disclosure Document; (II) Establishing Scope, Forms, Procedures, and Deadlines for Resolicitation and Tabulation of Votes to Accept or Reject DCL Plan From Certain Classes; (III) Authorizing Tabulation of Prior Votes and Elections on DCL Plan Made by Holders of Claims in Non-Resolicited Classes; (IV) Scheduling the Confirmation Hearing and Establishing Notice and Objection Procedures in Respect Thereof; and (V) Granting Related Relief*, dated April 17, 2012 [Docket No. 11419] (the

---

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Plan, the Resolicitation Order or the Solicitation Orders.

Resolicitation Order"), and collectively, with the Prior Solicitation Orders, as defined in the Resolicitation Order, the "Solicitation Orders"), Epiq was appointed to assist the Debtors in connection with, *inter alia*, soliciting, receiving, and tabulating Supplemental Ballots accepting or rejecting the Plan.

4. Pursuant to the Resolicitation Order, only holders of Claims in the following Classes were entitled to revote to accept or reject the Plan and to make elections thereunder:

| Class | Description |
|---|---|
| 1C | Senior Loan Claims against Tribune |
| 1D | Bridge Loan Claims against Tribune |
| 1E | Senior Noteholder Claims against Tribune |
| 1F | Other Parent Claims against Tribune |
| 1I | EGI-TRB LLC Notes Claims against Tribune |
| 1J | PHONES Notes Claims against Tribune |
| 50C-111C | Senior Loan Guaranty Claims against relevant Guarantor Debtors |
| 2E, 4E, 5E, 6E, 7E, 10E, 12E, 13E, 14E, 15E, 18E, 19E, 20E, 22E, 23E, 24E, 25E, 26E, 27E, 28E, 29E, 31E, 32E, 33E, 34E, 35E, 36E, 37E, 38E, 40E, 42E, 43E, 46E, 47E, 48E, and 49E | General Unsecured Claims in the Subsidiary Revoting Classes |

(collectively, the "Revoting Classes").

5. In accordance with the Resolicitation Order, Epiq continued to tabulate the votes cast on and elections made under prior versions of the Plan by Holders of General Unsecured Claims against the Filed Subsidiary Debtors that had at least one impaired accepting Class (Classes 3E, 8E, 9E, 11E, 16E, 17E, 21E, 39E, 41E, 44E, 45E and 50E-111E)

3

(collectively, the "Subsidiary Non-Revoting Classes") as votes on and elections under the Plan. Epiq also continued to recognize the prior elections made by Holders of Other Parent Claims to have their Claims treated as Convenience Claims under prior versions of the Plan, and such Holders were not treated as Holders of Other Parent Claims for the purposes of resolicitation of the Plan.

6. The procedures for the solicitation and tabulation of votes on and elections under the Plan are set forth in the Solicitation Orders. Epiq was instructed to resolicit the Holders of Claims in the Revoting Classes and to review, determine the validity of, and tabulate Supplemental Ballots voted to accept or reject the Plan and to make the elections called for under the Plan by the Holders of Claims in the Revoting Classes.

7. As specified in the Resolicitation Order, April 13, 2012 (the "Supplemental Voting Record Date") was established as the record date for determining the Holders of Claims in the Revoting Classes who would be entitled to revote on the Plan and to make the elections called for under the Plan.

8. In accordance with the Resolicitation Order, Epiq resolicited the Holders of Claims in the Revoting Classes as of the Supplemental Voting Record Date. Epiq's *Affidavit of Service of Solicitation Materials* was filed with this Court on May 10, 2012 [Docket No. 11594].

9. Supplemental Ballots returned by mail, hand delivery, or overnight courier were received by personnel of Epiq at the offices of Epiq in New York, New York. All Supplemental Ballots received by Epiq were date stamped upon receipt and were processed in accordance with the Solicitation Orders.

10.     In order for a Supplemental Ballot to be counted as valid, the Supplemental Ballot must have been properly completed in accordance with the Solicitation Orders and executed by the relevant Holder, or such Holder's authorized representative, and must have been received by Epiq no later than 4:00 p.m. (eastern time) on May 21, 2012 (the "Supplemental Voting Deadline"), unless otherwise extended by written authorization of the proponents of the Plan, in accordance with the Solicitation Orders. Each Supplemental Ballot received by Epiq was opened and then inspected at Epiq's offices. Supplemental Ballots were then entered into a computer database reserved exclusively for recording votes on the Plan. All validly executed Supplemental Ballots cast by Holders of Claims in the Revoting Classes and received by Epiq pursuant to the Supplemental Voting Deadline were accepted and tabulated as set forth in the Solicitation Orders.

11.     I hereby declare that the results of the voting by (a) Holders of Claims in the Revoting Classes and (b) Holders of Claims in the Subsidiary Non-Revoting Classes are as set forth in Exhibit A hereto, which is a true and correct copy of the final tabulation of votes cast by timely and properly executed Supplemental Ballots (in the case of the Revoting Classes) and Ballots (in the case of the Subsidiary Non-Revoting Classes) received by Epiq.

12.     Detail of the votes cast and/or elections made on all Supplemental Ballots (in the case of the Revoting Classes) and Ballots (in the case of the Subsidiary Non-Revoting Classes and Holders of Convenience Claims) are as set forth in the following Exhibits hereto:

   a. Exhibit B-1 is a report of all votes and elections made by (a) Holders of Claims in the Revoting Classes other than Classes 1E and 1J, and (b) Holders of Claims in the Subsidiary Non-Revoting Classes;

    b. <u>Exhibit B-2</u> is a report of all votes and elections[3] made by Holders of Claims in Classes 1E and 1J;

    c. <u>Exhibit B-3</u> is a report of the release elections made by Holders of Claims in Class 1G; and

    d. <u>Exhibit B-4</u> is a report of the convenience class elections made by Holders of Claims in Class 1F.

  13. Reports of all Supplemental Ballots received by Epiq but not included in the tabulation prepared by Epiq, and the reasons for exclusion of such Supplemental Ballots, are attached hereto as <u>Exhibit C-1</u> (listing the defective Supplemental Ballots received from Holders of Claims in the Revoting Classes other than Classes 1E and 1J and <u>Exhibit C-2</u> (listing the defective Supplemental Ballots received from Holders of Claims in Classes 1E and 1J).

  I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: New York, New York
   May 29, 2012

                      Stephenie Kjontvedt

---

[3] The Alternative Treatment Elections made Holders of the Senior Noteholder Claims are still under review and audit. Those election results are not included in this Declaration and will be filed at a later date in a Supplemental Declaration.