## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>, | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Hearing Date:  June 7, 2012**<br>**Related to Docket No.  11664** |

### STATEMENT OF ROBERT R. MCCORMICK TRIBUNE FOUNDATION AND CANTIGNY FOUNDATION IN RESPONSE TO OBJECTION OF AURELIUS CAPITAL MANAGEMENT, LP TO CONFIRMATION OF THE FOURTH AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, OAKTREE CAPITAL MANAGEMENT, L.P., ANGELO, GORDON & CO., L.P., AND JPMORGAN CHASE BANK, N.A.

Robert R. McCormick Tribune Foundation and Cantigny Foundation, by their attorneys, submit this statement in response to the Objection of Aurelius Capital Management, LP ("<u>Aurelius</u>") to Confirmation of the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A. (the "<u>Objection</u>"),[1] and state as follows:

1.    The change that Aurelius proposes to the DCL Plan in its Objection should be rejected because it is wrong as a matter of bankruptcy law and inconsistent with the Court's prior order and statements regarding the state law constructive fraud litigation.

2.    The DCL Plan currently provides that, notwithstanding their cancellation, the Indentures shall continue in effect post-confirmation to allow the Indenture Trustees to perform

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

certain administrative matters related to prosecuting the Disclaimed State Law Avoidance Claims.  (*See* DCL Plan § 5.8.2).  Specifically, the Indentures shall continue "for the applicable Indenture Trustee to assert, prosecute or defend on behalf of Holders of Senior Notes or PHONES Notes, as applicable, Disclaimed State Law Avoidance Claims and to perform such other functions with respect thereto, including, without limitation, to make distributions to their respective Holders . . . ." *Id.*

3.      Not satisfied with the mere preservation of rights—which is what this Court has carefully and repeatedly ordered—Aurelius presses the Court to add language to "preempt" and "discredit any potential argument" regarding the Indenture Trustees' standing to prosecute the Disclaimed State Law Avoidance Claims.  (*See* Objection ¶ 17).  According to Aurelius, the Indenture Trustees' standing to assert the claims will be made more clear if the DCL Plan is amended to state that the Indentures "***and the debt issued thereunder***" continue post-confirmation, thereby excepting the Senior Notes Claims and PHONE Notes Claims from discharge for purposes of the Disclaimed State Law Avoidance Claims.  *Id.*

4.      Aurelius's insert is not supported by any provision of the Bankruptcy Code as all "claims" and "debt" are discharged by confirmation of a chapter 11 plan.  *See* 11 U.S.C. §§ 1141(d) (providing all debts are discharged); 101(12) (defining debt to mean liability on a claim).  That is, of course, one of the fundamental purposes of confirming a chapter 11 plan. *See, e.g., In re Penn Central Transp. Co.*, 771 F.2d 762, 767 (3d Cir. 1985) (noting the importance of a "complete and absolute" discharge of prepetition claims).  If the DCL Plan is confirmed, then the discharge of all claims, including the Senior Notes Claims and PHONE Notes Claims, occurs as a matter of law regardless of what might be convenient to Aurelius's interests in the state law litigation.

5.     The effect of the Debtors' discharge may or may not be relevant to the Indenture Trustees' standing, and it may or may not support what Aurelius believes to be a "diversionary and meritless" argument, but those issues should be reserved for the court specifically tasked with deciding them—these issues have not been and are not now before the Court.

6.     Moreover, this Court has repeatedly stressed that it does not wish to inhibit any party's rights or defenses with respect to the Disclaimed State Law Avoidance Claims.  At the hearing on Aurelius's motion for relief from stay to file the Disclaimed State Law Avoidance Claims, the Court expressly stated it did not intend to dispose of any substantive rights.  *See* Stay Relief Hr'g Tr. 102:21-103:1 (the Court stating, "[M]y inclination is to make it sufficiently clear that I'm not disposing of substantive rights. I'm not making a determination of what happens to state law fraudulent conveyance claims upon the expiration of the estate's ability to pursue them . . . .") (excerpt attached hereto as Exhibit A).

7.     Accordingly, the Court entered an order that stated "[n]othing in this Order shall prejudice or impair any claims or defenses of any defendant in any proceeding in respect of a [Disclaimed State Law Avoidance Claim]" and "this Court makes no finding and issues no ruling determining the standing of the Original Plaintiff's Group (or any creditor) to assert the [Disclaimed State Law Avoidance Claims.]"  (*See* D.I. 8740 at ¶ 8, attached hereto as Exhibit B). The Court could not have been more clear:  the standing of the Indenture Trustees to assert the Disclaimed State Law Avoidance Claims was not being decided, and the Court did not want to prejudice any party's rights or arguments relating thereto.  Without any order or statement to the contrary, this is presumably the Court's opinion today.

8.     However, Aurelius's proposed change to section 5.8.2 of the DCL Plan attempts to insulate the Indenture Trustees' standing from challenge and impair the rights and defenses of

the defendants in the state law litigation, all with the imprimatur of this Court.[2]   Aurelius's

proposed change should be rejected.

Dated:  May 31, 2012                                Respectfully submitted,

                                                   **ROBERT R. MCCORMICK TRIBUNE
                                                   FOUNDATION and CANTIGNY
                                                   FOUNDATION**

                                                   By: /s/ Richard W. Riley
                                                   Richard W. Riley (DE 4052)
                                                   DUANE MORRIS LLP
                                                   222 Delaware Avenue, Suite 1600
                                                   Wilmington, Delaware 19801-1659
                                                   Tel:  (302) 657-4900
                                                   Fax: (302) 657-4901
                                                   E-Mail: rwriley@duanemorris.com

                                                   and

                                                   John P. Sieger (admitted *pro hac vice*)
                                                   KATTEN MUCHIN ROSENMAN LLP
                                                   525 West Monroe Street
                                                   Chicago, Illinois 60661-3693
                                                   Tel:  (312) 902-5200
                                                   Fax:  (312) 902-1061
                                                   john.sieger@kattenlaw.com

---

[2]  What is more, thousands of the defendants sued by the Indenture Trustees have not been given any notice that their substantive rights may be compromised if the Court accepts Aurelius's proposed change to the DCL Plan.