# **<u>Exhibit A</u>**

```
            IN THE UNITED STATES BANKRUPTCY COURT
                FOR THE DISTRICT OF DELAWARE


IN RE:                          )    Case No. 08-13141(KJC)
                                )
                                )
TRIBUNE COMPANY                 )    Chapter 11
                                )
                                )    Courtroom 5
                                )    824 Market Street
           Debtors.             )    Wilmington, Delaware
                                )
                                )    March 22, 2011
                                )    10:00 a.m.


                  TRANSCRIPT OF PROCEEDINGS
         BEFORE THE HONORABLE JUDGE KEVIN J. CAREY
              UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtors:            Sidley Austin, LLP
                        BY: JAMES CONLAN, ESQ.
                        BY: KEN KANSA, ESQ.
                        BY: JESSICA BOELTER, ESQ.
                        One South Dearborn
                        Chicago, IL 60603
                        (312) 853-7000

                        Cole, Schotz, Meisel, Forman
                        & Leonard, P.A.
                        BY: NORMAN PERNICK, ESQ.
                        500 Delaware Ave., Ste. 1410
                        Wilmington, DE 19801
                        (302) 652-3131

ECRO:                   AL LUGANO

Transcription Service:  DIAZ DATA SERVICES
                        331 Schuylkill Street
                        Harrisburg, Pennsylvania 17110
                        (717) 233-6664
                        www.diazdata.com

Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

1  was in the retirees' mind.  Your Honor, it was never within
2  the contemplation of the parties.  And I understand this may
3  not be before the Court today, and this is the chaos point I
4  was trying to avoid.  It may well be that it has to be teed
5  up as to whether the implications of what is being asked for
6  today was fully, fairly, adequately disclosed to people when
7  they made their vote.  And I think that circumstances, that
8  have been presented to this Court today, show that there is
9  some, at least basic, disagreement amongst some very, very
10 smart people as to the implications of the words in the
11 disclosure statement and on certain creditors who voted.
12 And that's what I'm suggesting.  I'm not suggesting it's
13 before you.  I'm suggesting I'm trying to avoid having that
14 be brought before you, so that we can all try to work
15 through this issue.
16
17         THE COURT:  All right.  Thank you.  All right.
18 Since the circumstance in which, arguably, the movants here
19 could've just went and done what they wanted to do without
20 asking the Court, but they didn't, so if I'm to enter an
21 order, my inclination is to make it sufficiently clear that
22 I'm not disposing of substantive rights.  I'm not making a
23 determination of what happens to state law fraudulent
24 conveyance claims upon the expiration of the estate's
25 ability to pursue them, but without standing in the way of

1  such actions. So let me just, as I look over the various
2  proposed orders, tell you what I would be willing to
3  consider. I will give counsel a chance to confer and to
4  submit, excuse me, a form of order which would address these
5  issues. And to the extent the parties cannot agree, then
6  I'll consider competing forms of order.
7      So, not in any particular order, let me just make
8  the following comments. And I'll work, initially, from the
9  most recently marked-up proposed form of order that Mr.
10 Golden handed me.
11     I would be willing to say something like pursuant
12 to -- well, the failure of the estate to pursue such claims,
13 that creditors have regained the right, if any, to prosecute
14 their respective creditors SLCFC claims. And I'll stop
15 there to say that I'd like -- because I know these orders
16 will come up in state courts, all of the defined terms to be
17 explained in the body of the order itself so that courts
18 don't have to look elsewhere to find out what the order
19 means.
20
21     With respect to the -- whether a creditors SLCFC
22 claim is or was no longer property of the estate, I don't
23 want to make that declaration, because I'm not sure it ever
24 was. but again, I'm willing to sign an order that makes it
25 clear that this Court is not standing in the way of anyone

1  who has a right to prosecute such a claim, and that the
2  estate has -- I don't know what the appropriate word is to
3  describe it -- failed to pursue, forfeited -- however
4  counsel can work that out -- the right to pursue it, here in
5  the bankruptcy court.
6           I think, with respect to the stay issue, I think
7  whatever paragraphs are built into an order -- I don't want
8  to make a declaration that 362 doesn't bar the commencement,
9  but I would be willing to say, to the extent the stay does
10 apply, it's lifted, solely to permit the commencement of
11 such litigation.  But I would like the memorialization,
12 until further order of this Court -- and I'll tell you why
13 in a moment -- that no litigation should be pursued or
14 prosecuted, because I am concerned about whether there would
15 be implications with respect to any decision I might make in
16 connection with confirmation of a plan, and I want to
17 reserve, to myself and to the parties who have objected to
18 confirmation, to make whatever arguments they have to make
19 without being hampered by an order that I'm entering here.
20 I don't mean to dispose of any of those rights.
21          The bridge lenders proposed order was more
22 specific in terms of reserving rights, specifically in their
23 proposed paragraph seven, I think you added there eight.
24 And I think that covers the extent of the relief that's been

1  requested.  And any objections that have been raised, I now
2  overrule, again subject to not impairing anybody's right to
3  assert a confirmation objection.
4           Now, are there any questions?
5  (No audible response)
6           THE COURT:  Shocking.  I haven't been that clear
7  in weeks.
8  (Laughter)
9           THE COURT:  Okay.  What I'll do, for calendar
10 purposes, is continue the hearing on this motion to the
11 April 11 date, which is the resumption of the confirmation
12 hearing, but we'll expect, in the interim, that counsels
13 should be able to confer and submit, hopefully within the
14 next week or so, a proposed form of order, with a disk,
15 please.  Any questions about that?
16          MR. ALBERTO:  Your Honor, no questions.  Thanks
17 very much.  I don't have any interest in this matter, if I
18 could be excused.
19          THE COURT:  Certainly.
20          MR. ALBERTO:  Thank you.
21          THE COURT:  Okay.  We'll take just a five-minute
22 break, and I'll -- we'll finish what's on the agenda.
23 (Recess at 12:10 p.m. to 12:17 p.m.)
24          THE CLERK:  All rise.  Please be seated.