# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING THE THIRD INTERIM FEE APPLICATION OF JONES DAY FOR SERVICES PERFORMED ON BEHALF OF THE SPECIAL COMMITTEE OF THE BOARD OF DIRECTORS OF TRIBUNE COMPANY

Stuart Maue (the **"Fee Examiner"**) submits this Final Report pursuant to the *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications* [Docket No. 546] (the **"Fee Examiner Order"**) in connection with the *Third Interim Fee Application of*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (4014); KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

*Jones Day for Allowance of Compensation and Reimbursement of Expenses for Services Performed on Behalf of the Special Committee of the Board of Directors of Tribune Company for the Period from March 1, 2011 Through May 31, 2011* [Docket No. 9445] (the "**Fee Application**"). The Fee Application seeks approval of fees that total $190,041.25 and reimbursement of expenses that total $21,557.10. Jones Day ("**Jones Day**") serves as counsel to the Special Committee (the "**Special Committee**") of the Board of Directors to Tribune Company (the "**Board**").

### Background

1.     On December 8, 2008 (the "**Petition Date**"), Tribune Company and its listed subsidiaries and affiliates (each a "**Debtor**" and collectively the "**Debtors**") each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"). Under the Bankruptcy Court's *Order Directing Joint Administration Chapter 11 Cases* dated December 10, 2009 [Docket No. 43], these cases are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.

2.     On April 20, 2010, the Bankruptcy Court entered an *Agreed Order Directing the Appointment of an Examiner* [Docket 4120] (the "**Examiner Order**"), which, among other things, directed the Office of the United States Trustee (the "**U.S. Trustee**") to appoint an examiner in these cases pursuant to section 1104(c)(1) of the Bankruptcy Code.

3.     On April 30, 2010, the U.S. Trustee filed a *Notice of Appointment of Examiner* [Docket No. 4212] appointing Kenneth N. Klee as the Examiner (the "**Examiner**"), which appointment was approved by the Bankruptcy Court on May 11, 2010 [Docket No. 4320].

4.    On August 3, 2010, the Examiner publicly filed his report setting forth the findings and conclusions from the Examiner's investigation. *Report of Kenneth N. Klee, as Examiner (Volume One)* [Docket No. 5247]; *Report of Kenneth N. Klee, as Examiner (Volume Two)* [Docket No. 5248]; *Report of Kenneth N. Klee, as Examiner (Volume Three)* [Docket No. 5249]; and *Report of Kenneth N. Klee, as Examiner (Volume Four)* [Docket No. 5250] (the "**Examiner's Report**").

5.    Debtors filed their first Joint Plan of Reorganization [Docket No. 4008] on April 12, 2010, and an Amended Joint Plan of Reorganization [Docket No. 4690] on June 4, 2010.  After the Examiner released his report, according to the Debtors, some of the supporters of the Debtors' plan terminated their support.  As a result, the Board determined that a special committee of independent directors should be formed to oversee the Plan process.  The Special Committee consists of four independent directors of the Board:  Mark Shapiro (Chairman), Jeffrey S. Berg, Maggie Wilderotter and Frank Wood.  According to the Retention Application, "[e]ach one of these directors became members of the Board upon or after the consummation of the transactions that are the subject of the Examiner's Report." *Retention Application*, p. 4.

6.    On August 30, 2010, the Debtors filed the *Application for an Order Authorizing the Retention of Jones Day as Special Counsel for the Special Committee of Tribune Company's Board of Directors Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc Pro Tunc to August 22, 2010* [Docket No. 5562] (the "**Retention Application**").    By order dated

September 15, 2010 [Docket No. 5704] (the "**Retention Order**"), the Bankruptcy Court

approved the Retention Application, *nunc pro tunc* to August 22, 2010.[2]

7.      As described in the Retention Application, at the time the Debtors sought to retain

Jones Day as counsel for the Special Committee, the Debtors were already represented by Sidley

Austin LLP ("**Sidley**") as primary restructuring co-counsel and Cole, Schotz, Meisel, Forman

& Leonard, P.A. ("**Cole Schotz**") as Delaware co-counsel.

8.      According to the Retention Application, the Special Committee has been

specifically charged with certain matters (collectively, the "**Special Committee Matters**")

including:

> • Reviewing, evaluating and approving, from time to time as
>   appropriate or advisable, the structure, terms or conditions of and
>   authorizing the execution and filing of, any plan of
>   reorganization and any and all amendments, modifications,
>   supplements and exhibits, thereto;
>
> • Taking such action from time to time, as the Special Committee
>   deems appropriate or advisable, to resolve any and all claims,
>   causes of action, avoidance powers or rights, and legal or
>   equitable remedies against the Company or any of its
>   subsidiaries ("**Claims**"), including, without limitation, any
>   Claims arising from any transaction related to the leveraged buy-
>   out of the Company, including, without limitation, the purchase
>   by the Company of its common stock on or about June 4, 2007,
>   the merger and related transactions involving the Company on or
>   about December 20, 2007, and any financing committed to,
>   incurred or repaid in connection with any such transaction,
>   regardless of whether such other applicable law, including,
>   without limitation, the review, evaluation and approval of any
>   support agreement or any agreement for the satisfaction,
>   settlement, discharge and/or release of any such Claims;

---

[2] Pursuant to the Bankruptcy Court's order dated March 10, 2009 [Docket No. 501], Jones Day also serves as Debtors' special counsel in connection with certain antitrust regulatory affairs; the firm files separate fee applications with respect to that retention.

- Taking such action from time to time as the Special Committee deems appropriate or advisable to fully inform itself with respect to any Claims or the structure, terms or conditions of any plan of reorganization;

- Reviewing, evaluating and approving, and authorizing the execution and filing of, any and all petitions, schedules, motions, lists, applications, pleadings and other papers, and to taking any and all further actions the Special Committee deems appropriate or advisable in connection with chapter 11 cases; and

- Taking such other actions to assist the Board in carrying out the responsibilities as the Board may delegate to or request of the Special Committee from time to time.

*Retention Application,* pp. 4-5.

9.      According to the Retention Application, the Debtors anticipated that "Jones Day will provide legal services and advise the Special Committee with respect to the Special Committee Matters, and more specifically, advise the Special Committee with respect to (i) any plan of reorganization; (ii) any and all claims, causes of action, avoidance powers or rights and legal or equitable remedies arising out of the LBO; and (iii) other, similar matters as the Special Committee may request during the pendency of these chapter 11 cases related to the Special Committee Matters." *Retention Application*, p. 5.

10.     The Debtors also represented that "[t]he scope of Jones Day's retention is limited to advising the Special Committee only, and will not duplicate the efforts of Sidley or Cole Schotz, whose role in these cases as primary restructuring counsel to the Debtors will remain unchanged. The Debtors' management and legal department will continually monitor all of the Debtors' professionals to ensure that they are utilized in an efficient, non-duplicative and cost-efficient manner. Sidley, Cole Schotz and Jones Day, in turn, will make every effort to minimize the duplication of their work, with Sidley being chiefly responsible for providing general bankruptcy and reorganization advice (as well as advice on related matters) to the Debtors,

Cole Schotz acting as Delaware co-counsel for the Debtors, and Jones Day advising the Special

Committee on the Special Committee Matters, each consistent with their specific engagements."

*Retention Application*, p. 6.

11.     The U.S. Trustee filed an objection to the Retention Application, stating that the

"Debtors fail to demonstrate why it is necessary to retain Jones Day on behalf of the Special

Committee when there has been no indication that Sidley and Cole Schotz are unable to perform

these legal services." *United States Trustee's Objection to Debtors' Application for an Order*

*Authorizing the Retention of Jones Day as Special Counsel for the Special Committee of Tribune*

*Company's Board of Directors Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc pro Tunc to*

*August 22, 2010* [Docket 5562] (the "**UST Objection**").   The U.S. Trustee also expressed

concern that "this bankruptcy case has generated significant legal fees and expenses for the

Debtors' estates . . . [and] the U.S. Trustee is very concerned about the costs associated with the

retention of yet another estate professional." *UST Objection*, p. 4.

12.     At the hearing on the Retention Application, the Bankruptcy Court heard

arguments from the U.S. Trustee and the Debtors' counsel, as well as comments from Jones Day.

*Transcript of Proceedings before the Honorable Kevin J. Carey, United States Bankruptcy*

*Judge*, September 15, 2010, pp. 41-49.   The U.S. Trustee restated concerns regarding "the

necessity of bringing in the extra law firm, Jones Day, which we think will be at a significant

cost to the [e]state." *Transcript*, p. 42.  Debtors' counsel and Jones Day reiterated their intentions

to monitor fees and costs to avoid duplication.

13.     After considering arguments of counsel, the Bankruptcy Court approved the

Retention Application, noting specifically that the firms "must be mindful of avoiding

duplication of services.  There is a fee examiner in this case who drills down very hard on that

stuff and the U.S. Trustee's Office, and the Court will be looking at that as well." *Transcript*, p. 48.

14.     Jones Day submitted the Fee Application pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, (January 15, 2009) [Docket No. 225] (the "**Interim Compensation Order**").

## Applicable Standards

15.     In light of the size and complexity of these Chapter 11 cases, this Court appointed the Fee Examiner "to act as a special consultant to the Court for professional fee and expense analysis and review, as described in [the Fee Examiner Order]" and observed that "it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines." *Fee Examiner Order* ¶¶ 1, 3.

16.     The Fee Examiner reviewed the Fee Application for compliance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**").    In addition, the Fee Examiner reviewed the Fee Application for general compliance with legal precedent established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

17.    Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F)*.

18.    A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred.  A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules.  Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application.  A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

19.    The Fee Examiner completed the preliminary evaluation of the Fee Application, the Retention Application, the Retention Order, the Interim Compensation Order, and all related

filings and provided a Preliminary Report to Jones Day for review and comment. The Fee Examiner submits this Final Report for the Court's consideration. This Final Report is in a format designed to quantify and present factual data relevant to whether the requested fees and expenses of the applicant meet the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2, and will also inform the Court of all proposed consensual resolutions of the fee and/or expense reimbursement request for the professional and the basis for such proposed consensual resolution.

## DISCUSSION OF FINDINGS

### Technical Requirements

20.    **Reconciliation of Fees and Expenses.** The Fee Examiner compared the total amount of fees and expenses requested in the Fee Application (**"Fees Requested"** and **"Expenses Requested"**) to the fees and expenses actually documented in the electronic and/or hard copy data received from the firm (**"Fees Computed"** and **"Expenses Computed"**). The Fee Examiner identified no discrepancies between the Fees Requested and the Fees Computed, nor any discrepancies between the Expenses Requested and the Expenses Computed.

21.    **Block Billing.**[3] The Local Rules provide that "[a]ctivity descriptions shall not be lumped – each activity shall have a separate description and a time allotment." *Local Rule 2016-2(d)(vii)*. The UST Guidelines further provide that where a timekeeper's daily time entries exceed 0.50 hour on a daily aggregate, "services should be noted in detail and not

---

[3] The Fee Examiner's methodology for reviewing fees includes addressing the uncertainty of quantifying time resulting from block billing. Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry. As an alternative to discounting the entire amount billed for an entry that is block billed, the Fee Examiner assigns an equal proportional amount of time to each of the tasks contained within the blocked entry. This methodology has been adopted by courts when evaluating fees and ruling on fee applications, and presents a reasonable alternative to discounting block billed time entries in their entirety.

combined or 'lumped' together, with each service showing a separate time entry." *UST Guidelines* ¶(b)(4)(v).[4]  With minimal exceptions, Jones Day did not block bill time entries.

22.    **Time Increments.**  The Local Rules provide that "[a]ctivities shall be billed in tenths of an hour (six (6) minutes)." *Local Rule 2016-2(d)(iv).*  The UST Guidelines further provide that time entries "should be kept contemporaneously with the services rendered in time periods of tenths of an hour." *UST Guidelines ¶(b)(4)(v).*  Jones Day timekeepers recorded their time in one-tenth hour increments.

## Review of Fees

23.    **Firm Staffing.**  The UST Guidelines state that fee applications should identify the "[n]ames and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11." *UST Guidelines ¶(b)(1)(iii).*  The Fee Application provided the names, positions, and hourly rates of the 14 Jones Day professionals and paraprofessionals who billed to this matter, consisting of 3 partners/counsel, 8 associates, and 3 legal support.  A summary of hours and fees billed by each timekeeper is displayed in **Exhibit A**.[5]

---

[4] The judicial response to block billing varies.  Some courts summarily disallow all fees in excess of one-half hour for each lumped entry, *e.g.*, *In re Brous*, 370 B.R. 563, 570 (Bankr. S.D.N.Y. 2007), whereas other courts apply an across the board percentage reduction, *e.g.*, *In re Baker*, 374 B.R. 489, 496 (Bankr. E.D.N.Y. 2007).  Across the board cuts range from five to 100 percent. *See id.* at 495 n.7 and cases cited.

[5] This Final Report includes exhibits that detail and support the findings discussed herein.  Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit.  The tasks included in a specific category are underlined in the fee exhibits.  For purpose of context, other tasks within the same entry are also displayed but not underlined, and are not included in the total hours and fees for the exhibit category.

The firm billed a total of 379.30 hours with associated fees of $190,041.25.   The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner/Counsel | 73.00 | 19% | $ 65,287.50 | 34% |
| Associate | 248.20 | 66% | 110,121.25 | 58% |
| Legal Support | 58.10 | 15% | 14,632.50 | 8% |
| TOTAL | 379.30 | 100% | $190,041.25 | 100% |

The blended hourly rate for the Jones Day professionals is $546.10 and the blended hourly rate for professionals and paraprofessionals is $501.03.

24.   **Hourly Rate Increases.**   Jones Day did not increase the hourly rates of timekeepers during this interim period.

25.   **Timekeepers' Roles.**   A court may not allow compensation of fees for duplicative or unnecessary services. *See 11 U.S.C. § 330(4)*.  With this directive in mind, the Fee Examiner reviewed the billing entries of each timekeeper to evaluate his or her contribution to the representation, including a comparison to others' efforts.   On the whole, each timekeeper appeared to perform either core team responsibilities necessary to the engagement, or performed limited but discrete, necessary, and/or fungible tasks that did not appear to be duplicated by other professionals.

26.   **Meetings, Conferences, Hearings, and Other Events.**   The Local Rules provide that "activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" (*Local Rule 2016-2(d)(ix)*), and the UST Guidelines further provide that "[i]f more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." *UST Guidelines ¶(b)(4)(v)*.  While it may be appropriate to have multiple attendees at

some meetings, conferences, hearings or other events, it is the applicant's burden to justify overlapping staffing and to identify each participant's role.

The Fee Examiner identified occasions where two or more Jones Day timekeepers attended the same meeting, conference, hearing, or other event.  Contrary to Local Rules and UST Guidelines, neither the Fee Application nor the activity descriptions explained the role of each participant or the need for multiple attendees.  The entries, totaling 103.20 hours with $48,365.00 in associated fees, were displayed in **Exhibit B** to the Preliminary Report.  In each instance where multiple timekeepers attended a meeting, conference, hearing or other event, the Fee Examiner identified the timekeeper who appeared most responsible for the matter or the particular event (*i.e.*, the attorney leading rather than observing a conference).  The potentially duplicative and unnecessary timekeepers' entries total 51.30 hours with $22,672.50 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit.  The Fee Examiner requested the firm provide what the Local Rules and UST Guidelines mandate -- an explanation of the duplicative attendees' roles and comment on the necessity of the multiple attendees for each event.

In response to the Preliminary Report, Jones Day first explained that due to the size and complexity of these cases, and the substance of the matters being addressed, the matters often require the attention and collaboration of more than one attorney or more than one partner.  The firm also pointed out that activities related to the plan confirmation hearing required Jones Day to utilize lawyers from more than one discipline, resulting in the necessary multiple attendances.  Notwithstanding the firm's belief the attendance was appropriate and necessary, it agreed to a fee reduction of $2,000.00 for fees highlighted in the exhibit.  The Fee Examiner makes no additional recommendation for a fee reduction.  Exhibit B is omitted from this report.

27.   **Intraoffice Conferences.**   Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The Fee Examiner identified billing activities by Jones Day timekeepers describing intraoffice conferences totaling 21.50 hours with $12,672.50 in associated fees, or approximately 7% of the Fees Computed were displayed in **Exhibit C** to the Preliminary Report.  The Fee Examiner observed that in certain instances timekeepers described intraoffice conferences attended by more than two timekeepers.  The entries describing intraoffice conferences invoiced by more than two firm personnel total 11.30 hours with $6,590.00 in associated fees and were highlighted in bold and marked with an ampersand [&] in the exhibit.  The Fee Examiner invites comment from Jones Day regarding the necessity of the intraoffice conferences, particularly where more than one timekeeper invoiced fees associated with the same conference.

In response to the Preliminary Report, Jones Day first explained that due to the size and complexity of these cases, and the substance of the matters being addressed, the matters often require the communication between more than one attorney or more than one partner.  The firm also pointed out that activities related to the plan confirmation hearing required Jones Day to utilize lawyers from more than one discipline, resulting in the necessity of multiple attendances at intraoffice conferences.  Notwithstanding the firm's belief the attendance was appropriate and necessary, it agreed to a fee reduction of $2,000.00 for fees highlighted in the exhibit.  The Fee Examiner makes no additional recommendation for a fee reduction.  Exhibit C is omitted from this report.

28.   **Complete and Detailed Task Descriptions.**  Local Rule 2016-2(d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary."  The Local Rules further

provide that fee applications "shall include complete and detailed activity descriptions," each activity description "shall include the type of activity (*e.g.*, phone call, research)," each activity description "shall include the subject matter (*e.g.*, exclusivity motion, section 341 meeting)," and that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role." *Local Rule 2016-2(d)(ii, v, vi, and ix)*.    The UST Guidelines provide that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication.    Time entries for court hearings and conferences should identify the subject of the hearing or conference." *UST Guidelines ¶(b)(4)(v)*.

        a.      **Vague Communications.**    The Fee Examiner identified entries totaling 9.35 hours with $5,912.50 in associated fees in which a conference or other communication was not described with sufficient detail.    This lack of detail hinders a reviewer's ability to determine the utility and necessity of the activity, and is in violation of the applicable guidelines.    The entries in question were displayed in **Exhibit D**, to the Preliminary Report.    The Fee Examiner requested additional information from Jones Day to bring the fee entries into compliance with the Local Rules and UST Guidelines.    In response, the firm provided a table that included the additional detail required in the entries.    Thus, the Fee Examiner makes no recommendation for a fee reduction.  Exhibit D is omitted from this report.

        b.      **Vague Tasks.**    The Fee Examiner reviewed the substantive detail of each billing entry and identified one task totaling 0.40 hour with $390.00 in associated fees where the Fee Examiner could not determine the precise nature of the services performed by the timekeeper.    The entry was displayed in **Exhibit E** to the Preliminary Report.    As reflected in the Local Rules and UST Guidelines, billing entries must adequately describe the services actually

performed to allow a determination of whether the task was staffed appropriately, whether the

task involved the exercise of legal judgment, and/or whether the task was duplicated by other

timekeepers.[6]   The Fee Examiner requested additional detail from Jones Day regarding the

specific work performed for the questioned tasks.   In response, the firm voluntarily agreed to

accept the Fee Examiner's recommendation for a $390.00 fee reduction.   Exhibit E is omitted.

29.   **Administrative Activities.**   Activities associated with the day-to-day operations

of the firm are considered administrative in nature and as such are reflected in the hourly rates

charged by the firm.   Likewise, activities relating to the training and assignment of tasks or the

"supervision" of any administrative functions should be considered a cost of doing business and

is a factor considered in establishing the firm's hourly rates.   Also included in administrative

tasks is time expended to review and edit time entries and invoices.   "Where the time entries

require revision to conform to the court's standards, the editing services are administrative

functions that are not compensable even if they are performed by a professional." *See, e.g., In Re

CF & I Fabricators of Utah,* 131 B.R. 474, 485 (D. Utah 1991).   The Fee Examiner identified

3.00 hours with $970.00 in associated fees which appear to be administrative in nature.   The

entries were displayed in **Exhibit F** to the Preliminary Report.   In response, Jones Day stated that

it believes its entries in the Exhibit were properly compensable but would agree to a fee

reduction of $485.00.   The Fee Examiner makes no additional recommendation for a fee

reduction and omits Exhibit F from the report.

---

[6] Vague entries do not allow the court to determine the reasonableness and necessity of the effort expended, and fees may be denied or reduced when insufficiently documented. *E.g., In re Bennett Funding, Inc.,* 213 B.R. 234, 245-46 (Bankr. N.D.N.Y. 1997).   Entries for legal research must identify the issue and explain the research need. *In re Fibermark, Inc.,* 349 B.R. 385, 397 (Bankr. D. Vt. 2006).

30.    **Clerical Activities.** Clerical activities are tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel[7] or support tasks for which the firm charged greater than market rate.    The Fee Examiner reviewed each timekeeper's billing activities and identified entries that appear to be clerical in nature.    The questioned entries were displayed in **Exhibit G** to the Preliminary Report and totaled 4.30 hours with $1,080.00 in associated fees.    In response, Jones Day and the Fee Examiner reached a compromise wherein the firm agreed to a reduction in fees of $435.00. Exhibit G is omitted from this report.

31.    **Travel.** The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii).* The Local Rules provide that nonworking travel time "shall be separately described and may be billed at no more than 50% of regular hourly rates." *Local Rule 2016-2(d)(viii).* Jones Day properly billed all fee entries describing nonworking travel at half rate.

32.    **Jones Day Retention/Compensation.** The Fee Examiner identified 60.50 hours with associated fees of $18,082.50 billed to prepare the firm's retention documents and application for compensation, which computes to approximately 10% of the Fees Computed. The fee entries describing Jones Day's retention/compensation activities are displayed in **Exhibit H**, which has been included in this report for the Court's reference.

**Review of Expenses**

33.    **Itemization of Expenses.** The Local Rules provide that fee applications "shall contain an expense summary by category for the entire period of the request" and "shall itemize

---

[7] "Duties appropriate for office staff are considered part of a professional's overhead expenses and may not be billed to the estate." *Fibermark*, 349 B.R. at 397; *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758 769 (Bankr. E.D.N.Y. 2005) (overhead not compensable); *but see Bennett Funding*, 213 B.R. at 247-48 (discussing differing approaches to clerical work at professional rates). These overhead activities may include: mailing; photocopying; word processing (including the creation of templates), formatting, creating spreadsheets, printing, organizing files, checking for docket updates, creating binders, and secretarial overtime. *Fibermark*, 349 B.R. at 396-97.

each expense within each category, including the date the expense was incurred, the charge and the individual incurring the expense, if available." *Local Rule 2016-2(e)(i-ii)*.   The UST Guidelines further provide that expenses "must be actual and necessary and supported by documentation as appropriate" and that applicants should disclose "a detailed itemization of all expenses incurred, [a] description of expense (*e.g.*, type of travel, type of fare, rate, destination), [the] method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.   Itemized expenses should be identified by their nature (*e.g.*, long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." *UST Guidelines ¶(b)(5)(iii)*.   Jones Day provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

34.   **Potential Double Billing.**   Jones Day requested reimbursement for one taxi charge that appears to be duplicative, which was included in **Exhibit I** to the Preliminary Report. The Fee Examiner requested Jones Day provide additional information regarding these charges. In response, the firm agreed to voluntarily waive the fees in question, which totaled $80.38. Exhibit I is omitted from this report.

35.   **Computer Assisted Legal Research.**   The Local Rules provide that computer assisted legal research charges "shall not be more than the actual cost." *Local Rule 2016-2 (e)(iii)*.   Jones Day requested reimbursement for computer assisted legal research charges totaling $303.60, and the firm's monthly applications stated "[c]omputer-assisted research is billed on a per-search and/or per-minute basis, depending upon the provider."

36.   **Imaging Services.**   The Fee Examiner requested that Jones Day provide documentation and/or a detailed explanation for the imaging expenses that were displayed in

**Exhibit J** to the Preliminary Report.  In response, Jones Day stated that the questioned expenses were from a third party vendor that provided necessary hosting and other discovery support to the Special Committee and its advisors in connection with the extensive discovery process related to the hearing on confirmation of the Tribune plan of reorganization.  Based upon the response, the Fee Examiner does not recommend a fee reduction.  Exhibit J is omitted.

37.    **Overtime Expenses.**    Jones Day requested reimbursement of late work taxi expenses totaling $59.24.  Although a firm may have a policy that personnel may be reimbursed for travel home when working late, such charges are generally considered part of the firm's overhead.  These charges were displayed in **Exhibit K** to the Preliminary Report.  The firm responded by agreeing to reduce its requested expense reimbursement by $59.24.  Exhibit K is omitted from this report.

38.    **Local Meals.**    Jones Day requested reimbursement of $289.84 for local meals. Based on the information provided, the Fee Examiner is unable to determine if the meal charges related to meetings with people outside the firm or were limited to employees of Jones Day.  The Fee Examiner requested that Jones Day provide supplemental information explaining the purpose of the meal charges displayed in **Exhibit L** to the Preliminary Report.  Jones Day responded by agreeing to reduce its requested expense reimbursement by $289.84.  Exhibit L is omitted from this report.

39.    **Local Taxi Expenses.**    Jones Day requested reimbursement for charges classified as "local taxi" totaling $289.10. The Fee Examiner requested that Jones Day provide additional information with regard to these charges, displayed in **Exhibit M** to the Preliminary Report, including an explanation for the necessity and purpose of each charge.  The firm responded by

agreeing to reduce its requested expense reimbursement by $289.10. Exhibit M is omitted from this report.

40.      **Travel - Airfare.** The descriptions for the airfare charges did not include the fare class at which the tickets were purchased. The Fee Examiner requested from Jones Day a statement regarding the fare class for all air travel. Jones Day verified that all air fare was purchased at the coach fare class.

41.      **Travel Meals.** The Fee Examiner has recommended and the Court has followed certain per person ceilings for meals incurred during travel (i.e. breakfast - $15.00, lunch - $25.00, and dinner - $50.00). Several meal charges requested for reimbursement appeared to exceed the ceiling amounts. The Fee Examiner requested that Jones Day provide the number of attendees for each meal listed in **Exhibit N** to the Preliminary Report. Pending additional information, the Fee Examiner recommended that the amount above the ceiling, $35.40, be disallowed. Jones Day agreed to the Fee Examiner's recommendation. Exhibit N is omitted.

42.      **Travel – Hotel Expenses.** The Fee Examiner requested additional information, including an itemized breakdown and supporting documentation for all of the lodging costs that were displayed on **Exhibit O** to the Preliminary Report. The Fee Examiner has recommended and the Court has followed a domestic lodging ceiling of $350.00 per night. In addition, the Fee Examiner requested clarification from Jones Day regarding one particular timekeeper's room charges. Jones Day provided the necessary information requested regarding the questioned invoices and agreed to reduce its requested expense reimbursement by $559.40. Exhibit O is omitted from this report.

**CONCLUSION**

The Fee Examiner submits this final report regarding the Application and the fees and expenses discussed above. The Fee Examiner recommends the approval of fees in the amount of $184,731.25 ($190,041.25 minus $5,310.00) and reimbursement of expenses in the amount of $20,243.74 ($21,557.10 minus $1,313.36), for the period from March 1, 2011 through May 31, 2011. The findings are set forth in the summary on the following page.

**JONES DAY – Special Committee**

**SUMMARY OF FINDINGS**

**Third Interim Fee Application (March 1, 2011 through May 31, 2011)**

**A.      Amounts Requested and Computed**

| | | |
|---|---|---|
| Fees Requested | $190,041.25 | |
| Expenses Requested | 21,557.10 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $211,598.35 |
| | | |
| Fees Computed | $190,041.25 | |
| Expenses Computed | 21,557.10 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $211,598.35 |

**B.      Recommended Fee Allowance and Expense Reimbursement**

| | | |
|---|---|---|
| Fees Requested | $190,041.25 | |
| *Agreed Reduction for Meetings, Conferences, Hearings, and Other Events* | *($2,000.00)* | |
| *Agreed Reduction for Intraoffice Conferences* | *(2,000.00)* | |
| *Agreed Reduction for Vague Tasks* | *(390.00)* | |
| *Agreed Reduction for Administrative Activities* | *(485.00)* | |
| *Agreed Reduction for Clerical Activities* | *(435.00)* | |
| Subtotal | *($5,310.00)* | |
| | | |
| RECOMMENDED FEE ALLOWANCE | | $184,731.25 |
| | | |
| Expenses Requested | $21,557.10 | |
| *Agreed Reduction for Potential Double Billing* | *($    80.38)* | |
| *Agreed Reduction for Overtime Expenses* | *(59.24)* | |
| *Agreed Reduction for Local Meals* | *(289.84)* | |
| *Agreed Reduction for Local Taxi Expenses* | *(289.10)* | |
| *Agreed Reduction for Travel Meals* | *(35.40)* | |
| *Agreed Reduction for Travel – Hotel Expenses* | *(559.40)* | |
| Subtotal | *($1,313.36)* | |
| | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 20,243.74 |
| | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $204,974.99 |

Respectfully submitted,

**STUART MAUE**

By: _____
      John F. Theil, Esq.
      3840 McKelvey Road
      St. Louis, Missouri  63044
      Telephone:  (314) 291-3030
      Facsimile:  (314) 291-6546
      tribunebkr@smmj.com

*Fee Examiner*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 1st day of June, 2012.

David Klauder, Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
William E. Chipman Jr., Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard,
P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE 19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

David G. Heiman, Esq.
Jones Day – Special Committee
901 Lakeside Avenue, North Point
Cleveland, OH 44114-1190

John F. Theil, Esq.

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL
## COMPUTED AT STANDARD RATES

### Jones Day

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| 3664 | Heiman, David G. | PARTNER/COUNSEL | $487.50 | $975.00 | 50.50 | $47,287.50 |
| 0350 | Erens, Brad B. | PARTNER/COUNSEL | $800.00 | $800.00 | 17.20 | $13,760.00 |
| 3404 | Sherman, Fredrick E. | PARTNER/COUNSEL | $800.00 | $800.00 | 5.30 | $4,240.00 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $894.35 | | 73.00 | $65,287.50 |
| | | | | % of Total: | 19.25% | % of Total: 34.35% |
| 5147 | Marvin, Lynn M. | ASSOCIATE | $250.00 | $500.00 | 110.20 | $54,850.00 |
| 2630 | Buonome, Lauren M. | ASSOCIATE | $212.50 | $425.00 | 103.20 | $41,628.75 |
| 2676 | Strohbehn, Xochitl S. | ASSOCIATE | $350.00 | $350.00 | 16.20 | $5,670.00 |
| 1342 | Shafer, David B. | ASSOCIATE | $425.00 | $425.00 | 5.90 | $2,507.50 |
| 1981 | Tiller, Joseph M. | ASSOCIATE | $500.00 | $500.00 | 5.00 | $2,500.00 |
| 2668 | Ajudua, Helena O. | ASSOCIATE | $350.00 | $350.00 | 5.60 | $1,960.00 |
| 1768 | Schaeffer, Adam R. | ASSOCIATE | $500.00 | $500.00 | 1.80 | $900.00 |
| 2660 | Rabinowitz, Alan M. | ASSOCIATE | $350.00 | $350.00 | 0.30 | $105.00 |
| | No. of Billers for Position: 8 | Blended Rate for Position: | $443.68 | | 248.20 | $110,121.25 |
| | | | | % of Total: | 65.44% | % of Total: 57.95% |
| 9161 | Sobczak, Arleta K. | LEGAL SUPPORT | $250.00 | $250.00 | 53.80 | $13,450.00 |
| 3284 | Farrington, Alicia C. | LEGAL SUPPORT | $275.00 | $275.00 | 4.10 | $1,127.50 |
| 3073 | Hirtzel, Denise M. | LEGAL SUPPORT | $275.00 | $275.00 | 0.20 | $55.00 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $251.85 | | 58.10 | $14,632.50 |
| | | | | % of Total: | 15.32% | % of Total: 7.70% |
| | Total No. of Billers: 14 | Blended Rate for Report: | $501.03 | | 379.30 | $190,041.25 |

EXHIBIT H
JONES DAY RETENTION/COMPENSATION
Jones Day

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Erens, B | 1.90 | 1,520.00 |
| Marvin, L | 0.90 | 450.00 |
| Shafer, D | 2.50 | 1,062.50 |
| Sobczak, A | 50.20 | 12,550.00 |
| Tiller, J | 5.00 | 2,500.00 |
| | 60.50 | $18,082.50 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Applications/Retention Preparation | 60.50 | 18,082.50 |
| | 60.50 | $18,082.50 |

EXHIBIT H

JONES DAY RETENTION/COMPENSATION

Jones Day

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 03/02/11 Wed | Shafer, D 354099-40/81 | 0.70 | 0.70 | 297.50 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation REVISE JONES DAY'S JANUARY 2011 FEE APPLICATION. |
| 03/02/11 Wed | Sobczak, A 354099-40/92 | 1.30 | 1.30 | 325.00 | 0.60 0.10 0.10 0.50 | F F F F | 1 2 3 4 | MATTER NAME: Fee Applications/Retention Preparation REVIEW AND REVISE EXHIBITS TO FEE APPLICATION (.60): E-MAILS TO AND FROM SHAFER REGARDING SAME (.10): E-MAIL TO AND FROM BARRY REGARDING TIME NARRATIVE (.10): PREPARE EXHIBITS AND APPLICATION FOR E-FILING (.50). |
| 03/03/11 Thu | Erens, B 354099-40/83 | 0.30 | 0.30 | 240.00 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation REVIEW AND REVISE JANUARY BILL. |
| 03/04/11 Fri | Shafer, D 354099-40/82 | 0.50 | 0.50 | 212.50 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation REVISE FINAL BILL FOR JONES DAY'S JANUARY 2011 MONTHLY BILL. |
| 03/04/11 Fri | Sobczak, A 354099-40/93 | 0.70 | 0.70 | 175.00 | 0.10 0.30 0.30 | F F F | 1 2 3 | MATTER NAME: Fee Applications/Retention Preparation REVIEW COURTCALL TELEPHONIC APPEARANCE CHARGES (.10): PHONE CONFERENCE WITH COURTCALL REQUESTING CORRESPONDING INVOICES (.30): REVIEW EXHIBITS A AND B TO FIFTH FEE APPLICATION AND TRANSMIT TO SHAFER (.30). |
| 03/09/11 Wed | Erens, B 354099-40/84 | 0.20 | 0.20 | 160.00 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation TELEPHONE CALLS WITH SHAFER REGARDING BILLING. |
| 03/10/11 Thu | Sobczak, A 354099-40/86 | 0.20 | 0.20 | 50.00 | 0.10 0.10 | F F | 1 2 | MATTER NAME: Fee Applications/Retention Preparation E-MAILS TO AND FROM COURTCALL REPRESENTATIVE REGARDING INVOICES (.10): E-MAILS TO AND FROM BUNCK REGARDING SAME (.10). |
| 03/11/11 Fri | Sobczak, A 354099-40/85 | 3.20 | 3.20 | 800.00 | 3.00 0.20 | F F | 1 2 | MATTER NAME: Fee Applications/Retention Preparation REVIEW AND REVISE FEBRUARY 2011 INVOICE (3.00): E-MAILS TO AND FROM STROHBEHN, RABINOWITZ AND AJUDUA REGARDING TIME NARRATIVES (.20). |
| 03/14/11 Mon | Shafer, D 354099-40/87 | 0.50 | 0.50 | 212.50 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation DRAFT SIXTH MONTHLY FEE APPLICATION. |
| 03/14/11 Mon | Sobczak, A 354099-40/89 | 2.50 | 2.50 | 625.00 | 2.30 0.20 | F F | 1 2 | MATTER NAME: Fee Applications/Retention Preparation REVIEW AND REVISE FEBRUARY 2011 DRAFT BILL (2.30): E-MAILS TO AND FROM SOFFER (FINANCIAL SERVICES) REGARDING SAME (.20). |
| 03/16/11 Wed | Sobczak, A 354099-40/91 | 2.00 | 2.00 | 500.00 | 1.20 0.20 0.20 0.10 0.10 0.20 | F F F F F F | 1 2 3 4 5 6 | MATTER NAME: Fee Applications/Retention Preparation REVIEW AND REVISE FEBRUARY 2011 BILL (1.20): NUMEROUS E-MAILS TO AND FROM SHAFER REGARDING SAME (.20): E-MAIL TO AND FROM MARVIN AND RABINOWITZ REGARDING TIME NARRATIVE (.20): TRANSMIT FEBRUARY 2011 BILL TO SOFFER (FINANCIAL SERVICES) (.10): E-MAIL TO AND FROM SOFFER REGARDING PHOTOCOPYING COSTS (.10): E-MAIL TO AND FROM SOFFER REGARDING BANKRUPTCY TRAVEL MATTER (.20). |

~ See the last page of exhibit for explanation

EXHIBIT H
JONES DAY RETENTION/COMPENSATION
Jones Day

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 03/18/11 Fri | Shafer, D 354099-40/88 | 0.80 | 0.80 | 340.00 | | | | *MATTER NAME: Fee Applications/Retention Preparation* |
| | | | | | 0.50 | F | 1 | COMMUNICATE WITH SOBCZAK REGARDING STATUS OF FEBRUARY BILLS (.50); |
| | | | | | 0.30 | F | 2 | REVISE SIXTH MONTHLY FEE APPLICATION FOR ERENS'S REVIEW (.30). |
| 03/18/11 Fri | Sobczak, A 354099-40/94 | 1.20 | 1.20 | 300.00 | | | | *MATTER NAME: Fee Applications/Retention Preparation* |
| | | | | | 0.50 | F | 1 | UPDATE ELECTRONIC FILES AND HARD COPY FILES WITH PROCEDURAL MEMORANDA FROM SHAFER REGARDING BILLING AND FEE APPLICATION FILINGS (.50); |
| | | | | | 0.50 | F | 2 | COMMUNICATE WITH SHAFER REGARDING STATUS OF FEBRUARY BILLS (.50); |
| | | | | | 0.20 | F | 3 | E-MAILS TO AND FROM SOFFER (FINANCIAL SERVICES) REGARDING SIXTH FEE APPLICATION (.20). |
| 03/30/11 Wed | Sobczak, A 354099-40/90 | 0.60 | 0.60 | 150.00 | | | | *MATTER NAME: Fee Applications/Retention Preparation* |
| | | | | | 0.20 | F | 1 | E-MAILS TO AND FROM SOFFER (FINANCIAL SERVICES) REGARDING STATUS OF FEBRUARY FEE APPLICATION (.20); |
| | | | | | 0.20 | F | 2 | REVIEW CERTIFICATE OF NO OBJECTION REGARDING FIFTH MONTHLY JONES DAY FEE APPLICATION (.20); |
| | | | | | 0.20 | F | 3 | TRANSMIT CERTIFICATE OF NO OBJECTION AND FIFTH MONTHLY FEE APPLICATION TO CLIENT FOR REVIEW (.20). |
| 04/05/11 Tue | Sobczak, A 2358921-40/71 | 0.70 | 0.70 | 175.00 | | | | *MATTER NAME: Fee Applications/Retention Preparation* |
| | | | | | 0.30 | F | 1 | REVIEW DOCKET FOR FEE AUDITOR'S RULINGS ON FIRST INTERIM FEE APPLICATION (.30); |
| | | | | | 0.30 | F | 2 | REVIEW DOCKET FOR CERTIFICATES OF NO OBJECTIONS TO MONTHLY FEE APPLICATIONS (.30); |
| | | | | | 0.10 | F | 3 | E-MAIL TO AND FROM TILLER REGARDING SAME (.10). |
| 04/05/11 Tue | Tiller, J 2358921-40/69 | 0.80 | 0.80 | 400.00 | | | | *MATTER NAME: Fee Applications/Retention Preparation* |
| | | | | | 0.70 | F | 1 | REVIEW PROCESS AND DOCUMENTS REGARDING FEE APPLICATIONS (.70); |
| | | | | | 0.10 | F | 2 | COMMUNICATE WITH ERENS REGARDING SAME (.10). |
| 04/06/11 Wed | Erens, B 2358921-40/63 | 0.20 | 0.20 | 160.00 | | F | 1 | *MATTER NAME: Fee Applications/Retention Preparation* REVIEW FEE APPLICATION AND TELEPHONE CALL WITH SOBCZAK REGARDING SAME. |
| 04/06/11 Wed | Sobczak, A 2358921-40/72 | 3.60 | 3.60 | 900.00 | | | | *MATTER NAME: Fee Applications/Retention Preparation* |
| | | | | | 1.50 | F | 1 | REVIEW AND REVISE FEBRUARY 2011 FEE APPLICATION (1.50); |
| | | | | | 0.20 | F | 2 | E-MAILS WITH SOFFER (FINANCIAL SERVICES) REGARDING SAME (.20); |
| | | | | | 0.20 | F | 3 | PHONE CONFERENCES WITH TILLER REGARDING SAME (.20); |
| | | | | | 0.20 | F | 4 | E-MAILS WITH ERENS REGARDING DECLARATION TO FEE APPLICATION AND LOGISTICS (.20); |
| | | | | | 0.10 | F | 5 | E-MAILS WITH BUNCK REGARDING CHARGES FOR COURTCALL APPEARANCES (.10); |
| | | | | | 0.20 | F | 6 | E-MAILS WITH COURTCALL REQUESTING INVOICES REGARDING SAME (.20); |
| | | | | | 0.10 | F | 7 | E-MAIL TO AND FROM MARVIN REGARDING SUMMARY OF LITIGATION SERVICES LANGUAGE (.10); |
| | | | | | 0.30 | F | 8 | REVISE FEE APPLICATION (.30); |
| | | | | | 0.30 | F | 9 | E-MAILS WITH LOCAL COUNSEL REGARDING FILING OF INTERIM AND MONTHLY FEE APPLICATIONS (.30); |
| | | | | | 0.50 | F | 10 | UPDATE ELECTRONIC FILES (.50). |
| 04/07/11 Thu | Sobczak, A 2358921-40/73 | 0.80 | 0.80 | 200.00 | | | | *MATTER NAME: Fee Applications/Retention Preparation* |
| | | | | | 0.20 | F | 1 | NUMEROUS E-MAILS TO AND FROM BUNCK REGARDING INVOICES FOR COURTCALL APPEARANCES (.20); |
| | | | | | 0.10 | F | 2 | E-MAIL TO AND FROM COURTCALL REPRESENTATIVE (.10); |
| | | | | | 0.40 | F | 3 | REVIEW NUMEROUS COURTCALL INVOICES (.40); |
| | | | | | 0.10 | F | 4 | E-MAIL TO AND FROM BUNCK REGARDING RECEIPT OF INVOICES (.10). |
| 04/11/11 Mon | Erens, B 2358921-40/65 | 0.20 | 0.20 | 160.00 | | F | 1 | *MATTER NAME: Fee Applications/Retention Preparation* FINALIZE INTERIM AND FEBRUARY 2011 FEE APPLICATION. |

~ See the last page of exhibit for explanation

EXHIBIT H

JONES DAY RETENTION/COMPENSATION

Jones Day

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 04/11/11 Mon | Sobczak, A 2358921-40/61 | 2.30 | 2.30 | 575.00 | | | | MATTER NAME: Fee Applications/Retention Preparation |
| | | | | | 2.00 | F | 1 | DRAFT, REVIEW AND REVISE 2ND INTERIM FEE APPLICATION AND EXHIBITS (2.00); |
| | | | | | 0.20 | F | 2 | COMMUNICATE WITH STANO REGARDING HEIMAN REVIEW OF FEBRUARY 2011 FEE APPLICATION (.20); |
| | | | | | 0.10 | F | 3 | DRAFT E-MAIL TO ERENS REGARDING STATUS OF SAME (.10). |
| 04/12/11 Tue | Sobczak, A 2358921-40/58 | 3.10 | 3.10 | 775.00 | | | | MATTER NAME: Fee Applications/Retention Preparation |
| | | | | | 0.30 | F | 1 | E-MAILS TO AND FROM STANO REGARDING HEIMAN REVIEW OF FEE APPLICATION (.30); |
| | | | | | 0.20 | F | 2 | E-MAILS WITH LOCAL COUNSEL REGARDING OBJECTION DATE AND E-FILING (.20); |
| | | | | | 1.20 | F | 3 | PREPARE APPLICATION, EXHIBITS, SIGNATURE PAGES AND NOTICE FOR E-FILING (1.20); |
| | | | | | 0.10 | F | 4 | E-MAILS TO AND FROM SOFFER (FINANCIAL SERVICES) REGARDING SAME (.10); |
| | | | | | 0.50 | F | 5 | UPDATE ALL ELECTRONIC FILES REGARDING FEBRUARY 2011 FEE APPLICATION (.50); |
| | | | | | 0.30 | F | 6 | PHONE CONFERENCE WITH TILLER REGARDING SECOND INTERIM FEE APPLICATION (.30); |
| | | | | | 0.50 | F | 7 | REVIEW AND REVISE SECOND INTERIM FEE APPLICATION AND EXHIBITS (.50). |
| 04/12/11 Tue | Tiller, J 2358921-40/70 | 0.90 | 0.90 | 450.00 | | | | MATTER NAME: Fee Applications/Retention Preparation |
| | | | | | 0.60 | F | 1 | REVIEW AND PROVIDE COMMENTS ON INTERIM FEE APPLICATION FOR SPECIAL COMMITTEE (.60); |
| | | | | | 0.30 | F | 2 | COMMUNICATE WITH SOBCZAK REGARDING SAME (.30). |
| 04/13/11 Wed | Erens, B 2358921-40/64 | 0.20 | 0.20 | 160.00 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation FINALIZE REVIEW OF SECOND INTERIM FEE APPLICATION. |
| 04/13/11 Wed | Sobczak, A 2358921-40/60 | 1.60 | 1.60 | 400.00 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation REVIEW AND REVISE MARCH 2011 INVOICE. |
| 04/14/11 Thu | Sobczak, A 2358921-40/59 | 2.60 | 2.60 | 650.00 | | | | MATTER NAME: Fee Applications/Retention Preparation |
| | | | | | 0.10 | F | 1 | REVIEW AND REVISE 2ND INTERIM FEE APPLICATION (.10); |
| | | | | | 0.10 | F | 2 | TRANSMIT SAME TO HEIMAN FOR REVIEW AND SIGNATURE (.10); |
| | | | | | 0.40 | F | 3 | PREPARE SAME FOR E-FILING (.40); |
| | | | | | 0.10 | F | 4 | COMMUNICATE WITH LOCAL COUNSEL REGARDING E-FILING AND OBJECTION DATE (.10); |
| | | | | | 0.10 | F | 5 | TRANSMIT 2ND INTERIM FEE APPLICATION TO LOCATE COUNSEL (.10); |
| | | | | | 0.30 | F | 6 | UPDATE ELECTRONIC FILES REGARDING SAME (.30); |
| | | | | | 1.00 | F | 7 | REVIEW AND REVISE MARCH 2011 BILL (1.00); |
| | | | | | 0.30 | F | 8 | COMMUNICATE WITH BUONOME, MARVIN AND STANO REGARDING EXPENSES RESPECTING SAME (.30); |
| | | | | | 0.20 | F | 9 | COMMUNICATE WITH FINANCIAL SERVICES REGARDING EXPENSES (.20). |
| 04/15/11 Fri | Sobczak, A 2358921-40/62 | 2.30 | 2.30 | 575.00 | | | | MATTER NAME: Fee Applications/Retention Preparation |
| | | | | | 0.20 | F | 1 | REVIEW FILED SECOND INTERIM FEE APPLICATION (.20); |
| | | | | | 0.10 | F | 2 | UPDATE ELECTRONIC FILES REGARDING SAME (.10); |
| | | | | | 2.00 | F | 3 | REVIEW AND REVISE MARCH 2011 BILL (2.00). |
| 04/18/11 Mon | Sobczak, A 2358921-40/68 | 3.40 | 3.40 | 850.00 | | | | MATTER NAME: Fee Applications/Retention Preparation |
| | | | | | 3.20 | F | 1 | REVIEW AND REVISE MARCH 2011 BILL (3.20); |
| | | | | | 0.10 | F | 2 | E-MAIL TO TILLER REGARDING SAME (.10); |
| | | | | | 0.10 | F | 3 | PHONE CONFERENCE WITH TILLER REGARDING SAME (.10). |

~ See the last page of exhibit for explanation

EXHIBIT H

JONES DAY RETENTION/COMPENSATION

Jones Day

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 04/28/11 Thu | Sobczak, A 2358921-40/67 | 2.00 | 2.00 | 500.00 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation REVIEW AND REVISE MARCH 2011 BILL. |
| 04/29/11 Fri | Sobczak, A 2358921-40/66 | 4.00 | 4.00 | 1,000.00 | 2.70 0.10 1.20 | F F F | 1 2 3 | MATTER NAME: Fee Applications/Retention Preparation DRAFT, REVIEW AND REVISE MARCH 2011 FEE APPLICATION (2.70); E-MAILS TO AND FROM ERENS AND MARVIN REGARDING SAME (.10); REVIEW AND REVISE MARCH 2011 BILL (1.20). |
| 05/02/11 Mon | Sobczak, A 2368359-40/46 | 2.20 | 2.20 | 550.00 | 0.40 0.10 1.70 | F F F | 1 2 3 | MATTER NAME: Fee Applications/Retention Preparation REVIEW AND REVISE MARCH 2011 BILL (.40); E-MAIL TO AND FROM MARVIN REGARDING SAME (.10); DRAFT, REVIEW AND REVISE MARCH 2011 FEE APPLICATION AND EXHIBITS (1.70). |
| 05/04/11 Wed | Marvin, L 2368359-40/41 | 0.90 | 0.90 | 450.00 | 0.70 0.20 | F F | 1 2 | MATTER NAME: Fee Applications/Retention Preparation REVIEW AND REVISE FEE APPLICATION AND EXHIBITS (.70); E-MAILS WITH SOBCZAK REGARDING SAME (.20). |
| 05/04/11 Wed | Sobczak, A 2368359-40/47 | 2.30 | 2.30 | 575.00 | 1.50 0.20 0.40 0.20 | F F F F | 1 2 3 4 | MATTER NAME: Fee Applications/Retention Preparation REVIEW AND REVISE MARCH 2011 FEE APPLICATION AND EXHIBITS (1.50); E-MAILS TO AND FROM MARVIN REGARDING SUMMARY OF SERVICES DESCRIPTIONS (.20); REVIEW AND REVISE SUMMARY OF SERVICES DESCRIPTIONS (.40); E-MAIL TO AND FROM TILLER REGARDING STATUS OF FEE APPLICATION AND EXHIBITS (.20). |
| 05/04/11 Wed | Tiller, J 2368359-40/36 | 0.20 | 0.20 | 100.00 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation E-MAILS WITH SOBCZAK REGARDING MARCH FEE APPLICATIONS. |
| 05/06/11 Fri | Sobczak, A 2368359-40/48 | 0.20 | 0.20 | 50.00 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation TRANSMIT FEBRUARY 2011 FEE APPLICATION AND CERTIFICATE OF NO OBJECTION REGARDING SAME TO CLIENT FOR REVIEW. |
| 05/07/11 Sat | Tiller, J 2368359-40/37 | 0.20 | 0.20 | 100.00 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation E-MAILS TO AND FROM ERENS REGARDING MARCH FEE APPLICATIONS. |
| 05/09/11 Mon | Sobczak, A 2368359-40/33 | 0.30 | 0.30 | 75.00 | 0.20 0.10 | F F | 1 2 | MATTER NAME: Fee Applications/Retention Preparation PHONE CONFERENCE WITH TILLER REGARDING REVIEW OF MARCH 2011 FEE APPLICATION (.20); E-MAIL TO AND FROM TILLER REGARDING SAME (.10). |
| 05/09/11 Mon | Tiller, J 2368359-40/38 | 1.50 | 1.50 | 750.00 | 1.30 0.20 | F F | 1 2 | MATTER NAME: Fee Applications/Retention Preparation REVIEW, DRAFT AND REVISE SEVENTH MONTHLY FEE APPLICATION (1.30); COMMUNICATE WITH SOBCZAK REGARDING SAME (.20). |
| 05/10/11 Tue | Erens, B 2368359-40/34 | 0.50 | 0.50 | 400.00 | | F | 1 | MATTER NAME: Fee Applications/Retention Preparation REVIEW ANTITRUST AND BANKRUPTCY FEE APPLICATIONS. |

~  See the last page of exhibit for explanation

EXHIBIT H
JONES DAY RETENTION/COMPENSATION
Jones Day

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| 05/11/11 Wed | Sobczak, A 2368359-40/32 | 1.20 | 1.20 | 300.00 | 0.10 0.20 0.10 0.10 0.10 0.10 0.10 0.40 | F F F F F F F F | MATTER NAME: Fee Applications/Retention Preparation<br>1 E-MAIL TO AND FROM BUNCK REGARDING INVOICES FOR COURTCALL APPEARANCES (.10);<br>2 E-MAILS TO AND FROM COURTCALL REPRESENTATIVE REGARDING INVOICES (.20);<br>3 REVIEW INVOICES FOR ACCURACY (.10);<br>4 E-MAIL WITH COURTCALL REPRESENTATIVE REGARDING INCORRECT INVOICE (.10);<br>5 TRANSMIT INVOICES TO BUNCK (.10);<br>6 E-MAIL TO AND FROM ERENS REGARDING STATUS OF MARCH 2011 FEE APPLICATION (.10);<br>7 PHONE CONFERENCE WITH ERENS REGARDING SAME (.10);<br>8 E-MAIL TO TILLER REGARDING PREPARATION OF MARCH 2011 FEE APPLICATION FOR FILING AND SERVICE (.40). |
| 05/23/11 Mon | Erens, B 2368359-40/35 | 0.30 | 0.30 | 240.00 | | F | MATTER NAME: Fee Applications/Retention Preparation<br>1 REVIEW MARCH FEE APPLICATIONS. |
| 05/23/11 Mon | Sobczak, A 2368359-40/42 | 0.10 | 0.10 | 25.00 | | F | MATTER NAME: Fee Applications/Retention Preparation<br>1 COMMUNICATE WITH ERENS AND TILLER REGARDING STATUS OF MARCH 2011 FEE APPLICATION. |
| 05/23/11 Mon | Tiller, J 2368359-40/39 | 0.30 | 0.30 | 150.00 | | F | MATTER NAME: Fee Applications/Retention Preparation<br>1 REVIEW CORRESPONDENCE REGARDING TRIBUNE FEE APPLICATIONS. |
| 05/25/11 Wed | Sobczak, A 2368359-40/43 | 1.70 | 1.70 | 425.00 | 0.10 0.20 0.10 0.80 0.30 0.10 0.10 | F F F F F F F | MATTER NAME: Fee Applications/Retention Preparation<br>1 OFFICE CONFERENCE WITH ERENS REGARDING MARCH 2011 BILL (.10);<br>2 REVIEW ERENS CHANGES AND TRANSMIT TO SOFFER (FINANCIAL SERVICES) (.20);<br>3 E-MAILS TO AND FROM SOFFER REGARDING SAME (.10);<br>4 REVIEW AND REVISE MARCH 2011 FEE APPLICATION (.80);<br>5 UPDATE ELECTRONIC FILES REGARDING MARCH 2011 FEE APPLICATION (.30);<br>6 E-MAILS WITH STANO REGARDING HEIMAN AVAILABILITY TO SIGN MARCH FEE APPLICATION (.10);<br>7 E-MAILS WITH LOCAL COUNSEL REGARDING E-FILING MARCH 2011 FEE APPLICATION (.10). |
| 05/26/11 Thu | Sobczak, A 2368359-40/44 | 0.70 | 0.70 | 175.00 | 0.20 0.10 0.40 | F F F | MATTER NAME: Fee Applications/Retention Preparation<br>1 COMMUNICATE WITH TILLER REGARDING DRAFT NEW LANGUAGE IN MARCH 2011 FEE APPLICATION (.20);<br>2 E-MAILS TO AND FROM LOCAL COUNSEL REGARDING FEE APPLICATION FILING (.10);<br>3 PREPARE ALL ELECTRONIC FILES (MOTION, EXHIBIT AND LEDES) (.40). |
| 05/26/11 Thu | Tiller, J 2368359-40/40 | 1.10 | 1.10 | 550.00 | 0.90 0.20 | F F | MATTER NAME: Fee Applications/Retention Preparation<br>1 REVIEW AND REVISE FEE APPLICATION FOR SPECIAL COMMITTEE (.90);<br>2 COMMUNICATE WITH ERENS REGARDING SAME (.20). |
| 05/31/11 Tue | Sobczak, A 2368359-40/45 | 3.40 | 3.40 | 850.00 | 1.40 1.80 0.20 | F F F | MATTER NAME: Fee Applications/Retention Preparation<br>1 REVIEW AND REVISE APRIL 2011 BILL (1.40);<br>2 DRAFT, REVIEW AND REVISE APRIL 2011 FEE APPLICATION (1.80);<br>3 E-MAIL TO MARVIN REGARDING SAME (.20). |

~ See the last page of exhibit for explanation

EXHIBIT H
JONES DAY RETENTION/COMPENSATION
Jones Day

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| | | | 60.50 | $18,082.50 | | | |
| Total | | | | | | | |
| Number of Entries: | 47 | | | | | | |

EXHIBIT H

JONES DAY RETENTION/COMPENSATION

Jones Day

## SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Erens, B | 1.90 | 1,520.00 |
| Marvin, L | 0.90 | 450.00 |
| Shafer, D | 2.50 | 1,062.50 |
| Sobczak, A | 50.20 | 12,550.00 |
| Tiller, J | 5.00 | 2,500.00 |
| | 60.50 | $18,082.50 |

## SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Applications/Retention Preparation | 60.50 | 18,082.50 |
| | 60.50 | $18,082.50 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL