UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, *et al.*,<br><br>                   Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>(Jointly Administered)<br><br>Hearing Date: June 7, 2012 @ 3:00 p.m.<br><br>Related Docket No. 11399 & 11664 |

**CERTAIN DIRECTORS' AND OFFICERS'[1] REPLY TO THE OBJECTION
OF AURELIUS CAPITAL MANAGEMENT, LP TO CONFIRMATION
OF THE FOURTH AMENDED JOINT PLAN OF REORGANIZATION**

## INTRODUCTION

On May 21, 2012, Aurelius Capital Management, LP ("Aurelius") filed its *Objection of Aurelius Capital Management, LP to Confirmation of the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., LP, and JPMorgan Chase Bank, N.A.* ("Objection") [Docket No. 11664] to the latest proposed *Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A.* ("DCL Plan") [Docket No. 11399]. That Objection publicly disclosed, for the first time, the

---

[1]     Harry Amsden, Chandler Bigelow, Stephen Carver, Dennis FitzSimons, Bob Gremillion, Don Grenesko, Enrique Hernandez, Jr., Mark Hianik, David Hiller, Betsy Holden, Crane Kenney, Timothy Knight, Tim Landon, Tom Leach, Luis Lewin, Mark Mallory, Dick Malone, Robert Morrison, Ruthellyn Musil, William Osborn, Irving Quimby, John Reardon, J. Christopher Reyes, Scott Smith, Dudley Taft, John Vitanovec, Kathy Waltz, Miles White, and David Williams. This group includes every member of the Board of Directors other than Mr. Zell and virtually all of the principal officers of the then-existing Tribune Companies.

1350662

existence of a draft "Litigation Trust Confidentiality and Common Interest Agreement" (the "Agreement"). The draft Agreement has not been publicly disseminated to all parties in interest in the bankruptcy, and, although referenced, was not made part of the various DCL Plans submitted to the Court. Based on Aurelius's Objection, it appears that the parties to the Agreement – currently the Reorganized Debtors and the Litigation Trustee – intend to "resolve" certain privilege issues and have them purportedly "blessed" by the Court as part of Plan Confirmation. They then, no doubt, intend to use the Agreement as a sword in the currently-pending *The Official Committee of Unsecured Creditors of Tribune Company v. FitzSimons*, Case No. 12-cv-02652-WHP ("*FitzSimons*"), and all other actions that are or may be transferred and consolidated in the MDL proceedings pending before Judge William H. Pauley, III in the Southern District of New York ("SLCFC Actions") (collectively with *FitzSimons*, the "MDL Proceedings"), claiming that this Court has already decided the privilege questions.

      This Court should not countenance such a procedure. A judge should decide privilege issues and, to the extent a privilege issue impacts a proceeding, it should be decided by the judge presiding over that proceeding. Privilege issues that impact the MDL Proceedings should be decided by Judge Pauley. Certain Directors and Officers request that the language set forth in the Proposed Order attached as Exhibit A be included in any confirmation order, making clear that any Agreement or similar document that may be entered into by the Litigation Trustee and the Reorganized Debtors at some unknown future date does not impact the ability of Judge Pauley to control the litigation before him. Any final Agreement should not be binding in the MDL Proceedings.

## ARGUMENT

I. **ANY FINALIZED AGREEMENT SHOULD NOT BE BINDING IN THE *FITZSIMONS* ACTION OR OTHERWISE IN THE MDL PROCEEDINGS.**

Certain Directors and Officers have been sued in *The Official Committee of Unsecured Creditors of Tribune Company v. FitzSimons*, Case No. 12-cv-02652-WHP, currently pending before Judge Pauley in the Southern District of New York. Part of their defense to the claims in *FitzSimons* will be that they relied, in good faith, on advice and counsel provided by numerous experts, including highly-experienced law firms. The volume of documents reflecting the lawyers' work will be vast: a privilege log of more than 1,200 pages (listing many thousands of documents) has already been produced in the bankruptcy proceeding. That log clearly does not identify the full range of documents generated by counsel in connection with the 2007 transactions. Thousands of additional pages of e-mails, memoranda, and other communications either have not been identified or listed on a log. In addition, some previously-designated "privileged" documents were produced in the bankruptcy proceeding. Such information will be critical to Certain Directors' and Officers' defenses in the *FitzSimons* Action.

Given the complexity of the privilege issues that exist and the importance of such information to Certain Directors' and Officers' defenses, there will obviously be many disputes over privilege issues. By way of example only, there will likely be differing points of view over (a) whether any privilege exists for various types of documents; (b) whether certain privileges may be used to deny former directors and officers access to documents generated in connection with the transactions at issue; (c) whether the Litigation Trustee's eventual access to and use of allegedly privileged documents will require disclosure of various documents to the directors and officers; and (d) whether the privileges that may have existed have already been waived or will

be waived in the future. These disputes will require a thorough analysis by the parties actually participating in *FitzSimons* and by the court hearing that case.

Given the current factually and legally undeveloped nature of the privilege issues, this Court should *not* allow the Litigation Trustee and Reorganized Debtors to resolve with a future private agreement that is referenced as part of a Court-approved Plan of Reorganization (*see, e.g.*, DCL Plan § 13.3.8), issues that should be decided (a) by a judge and (b) in the court presiding over the active litigation. Issues of what is privileged, who holds the privilege, and whether any privilege has been waived should be left to Judge Pauley to resolve, who will deal with them, as appropriate, with the benefit of a fully-developed record.[2]

Therefore, Certain Directors and Officers request that the Court include as part of any final confirmation order (or by separate order to be incorporated into the final confirmation order) language which makes clear that (1) any finalized Agreement or similar document does not affect the positions of any person or entity in the MDL Proceedings; (2) for purposes of the MDL Proceedings, any finalized Agreement or similar document does not vest any party with any privileges that do not currently exist and does not undo any waivers that may have already occurred; and (3) clarifying that issues relating to such matters should be resolved by Judge Pauley in the MDL Proceedings.

This Court has previously issued orders that similarly limit or clarify the effect of these bankruptcy proceedings on the rights of parties in the MDL Proceedings so as not to impact the prerogatives of the MDL Court, and we ask that similar deference be paid to the MDL Court on

---

[2] Indeed, the latest version of the Agreement that we have seen (reflecting comments by Aurelius) provides that this Court will retain jurisdiction to hear and resolve disputes arising from or relating to the Agreement. Apparently, there will be disputes over which court will hear the privilege issues that will plainly arise.

these critically important issues. (*See* February 25, 2011 Order [ECF No. 8152] at ¶ 2[3] April 25, 2011 Order [ECF No. 8740] at ¶ 8[4]; June 28, 2011 Order [ECF No. 9380] at ¶ 4 (same); August 9, 2011 Order [ECF No. 9647] at ¶ 4[5]; March 25, 2012 Order [ECF No. 11158] at 3[6].)[7] Certain Directors and Officers propose language as set forth in Exhibit B for this Court's review and consideration.

## CONCLUSION

For the foregoing reasons, the relief requested should be granted.

---

[3] Ordering that deposition testimony of a former Tribune officer "shall not be used for any other purpose or in any other proceeding, including but not limited to" the *FitzSimons* action.

[4] "Nothing in this Order shall prejudice or impair any claims or defenses of any defendant in any proceeding in respect of a SLCFC Claim or any objection to any plan of reorganization currently before this Court. [Foonote: For the avoidance of doubt, by this Order, this Court makes no finding and issues no ruling determining the standing of the Original Plaintiff's Group (or any creditor) to assert the Creditor SLCFC Claims or whether such claims are preempted or otherwise impacted by 11 U.S.C. § 546(e).]"

[5] "Any findings of fact or conclusions of law the Court makes with respect to the LBO-Related Causes of Action, including any findings or conclusions with respect to the probability of success on the merits of such causes of action, in the context of these confirmation proceedings, shall not be used in any other pending or future action (including without limitation in the currently pending [*FitzSimons* action], any other adversary proceeding, any Disclaimed State Law Avoidance Claim (as defined in the DCL Plan), or any State Law Avoidance Claims (as defined in the NPP Plan) as a basis for application of the doctrines of res judicata, collateral estoppel, claim or issue preclusion, law of the case or of any similar preclusive doctrine. [Footnote: In the context of these confirmation proceedings, the Court is not called upon to adjudicate finally the merits of the LBO-Related Causes of Action (as defined in the DCL Plan). A "court does not get to dictate to other courts the preclusive consequences of its own judgment, although it should have authority to make an explicit and binding disclaimer of preclusion." Wright, Miller & Cooper, 18 Fed. Prac. & Proc. § 4405 (2d ed.).] For the avoidance of doubt, this Order shall not enhance, limit or otherwise affect whether or how evidence or testimony adduced in discovery, during the confirmation hearing or otherwise in connection with these proceedings, may be used in any other action. This Court may further define the appropriate use of any of its findings of fact and conclusions of law when it issues its decision in these confirmation proceedings."

[6] Lifting the stays imposed upon *FitzSimons* and the SLCFC Actions "to the extent necessary to allow the parties in those actions to comply with the Master Case Order and any other orders issued by the MDL Court, and to comply with orders issued by any court, other than the MDL court, that is also overseeing an SLCFC Action."

[7] Other courts have also issued orders to prevent unintended effects on nonparties to disclosure agreements. *See S.E.C. v. Bank of Am. Corp.*, No. 09 CIV. 6829 (JSR), 2009 WL 3297493, at *1 (S.D.N.Y. Oct. 14, 2009) (Rakoff, J.)

Dated: June 1, 2012            **CONNOLLY BOVE LODGE & HUTZ LLP**

By: _____

Of Counsel:

John R. McCambridge
George R. Dougherty
**GRIPPO & ELDEN LLC**
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 704-7700
Facsimile: (312) 558-1195
jmccambridge@grippoelden.com
gdougherty@grippoelden.com

Jeffrey C. Wisler (#2795)
Marc J. Phillips (#4445)
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899
Telephone: (302) 658-9141
Facsimile: (302) 658-0380
jwisler@cblh.com
mphilips@cblh.com

*Attorneys for Harry Amsden, Stephen Carver, Dennis FitzSimons, Bob Gremillion, Don Grenesko, David Hiller, Tim Landon, Tom Leach, Luis Lewin, Mark Mallory, Dick Malone, Ruthellyn Musil, John Reardon, Scott Smith, John Vitanovec, Kathy Waltz, and David Williams*

Matthew R. Kipp
Nick D. Campanario
**Skadden, Arps, Slate, Meagher & Flom LLP**
Telephone: (312) 407-0700
Facsimile: (312) 407-0411
Matthew.kipp@skadden.com

*Attorneys for Enrique Hernandez, Jr., Betsy Holden, Robert S. Morrison, William A. Osborn, J. Christopher Reyes, Dudley S. Taft, and Miles D. White*

Michael Dockterman
Jonathan W. Young
**Edwards Wildman Palmer LLP**
225 West Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 201-2000
Facsimile: (312) 201-2555
mdockterman@edwardswildman.com
jyoung@edwardswildman.com

Mark E. Felger
**Cozen O'Connor**
Chase Manhattan Centre, Suite 1400
1201 North Market Street
Wilmington, Delaware 19801
Telephone: (302) 295-2000
Facsimile: (302) 295-2013
mfelger@cozen.com

*Attorneys for Mark Hianik and Irving Quimby*

Richard A. Saldinger
Allen J. Guon
Kimberly Bacher
**Shaw Gussis Fishman Glantz**
  **Wolfson & Towbin LLC**
321 North Clark Street, Suite 800
Chicago, Illinois 60610
Telephone: (312) 276-1325
Facsimile: (312) 275-0566
rsaldinger@shawgussis.com
aguon@shawgussis.com
kbacher@shawgussis.com

*Attorneys for Crane Kenney*

Gregg R. Hague
Steven C. Florsheim
**Sperling & Slater**
55 West Monroe Street, Suite 3200
Chicago, Illinois 60603
Telephone: (312) 641-3200
Facsimile: (312) 641-6492
grh@sperling-law.com
sflorsheim@sperling-law.com

*Attorneys for Chandler Bigelow*

Michael T. Hannafan
Blake T. Hannafan
**Hannafan & Hannafan, Ltd.**
One East Wacker Drive, Suite 2800
Chicago, Illinois 60601
Telephone: (312) 527-0055
Facsimile: (312) 527-0220.
mth@hannafanlaw.com
bth@hannafanlaw.com

*Attorneys for Timothy P. Knight*

#4785378

Kathleen M. Miller (#2898)
**Smith, Katzenstein & Jenkins LLP**
The Corporate Plaza
800 Delaware Avenue, Suite 1000
Wilmington, Delaware  19899 (Courier 19801)
Telephone: (302) 652-8400
Facsimile: (302) 652-8405
kmiller@skfdelaware.com

Joel E. Friedlander
**Bouchard, Margules & Friedlander**
222 Delaware Avenue, Suite 1102
Wilmington, Delaware 19801
Telephone: (302) 573-3500
Facsimile: (302) 573-3501
jefdelaw@aol.com

Anthony M. Saccullo (#4141)
Thomas H. Kovach (#3964)
**A. M. Saccullo Legal, LLC**
27 Crimson King Drive
Bear, Delaware 19701
Telephone: (302) 836-8877
Facsimile: (302) 836-8787
ams@saccullolegal.com
kovach@saccullolegal.com

## EXHIBIT A

### PROPOSED LANGUAGE TO BE INCLUDED IN ANY PLAN CONFIRMATION ORDER TO ADDRESS THE LITIGATION TRUST CONFIDENTIALITY AND COMMON INTEREST AGREEMENT BETWEEN REORGANIZED DEBTORS AND LITIGATION TRUSTEE

1. Any Litigation Trust Confidentiality and Common Interest Agreement or similar agreement (hereinafter, "Agreement") as contemplated by the DCL Plan at, *e.g.*, § 13.3.8, is not intended to, and shall not, prejudice, impair, or otherwise affect any rights, claims, positions or defenses of any person or entity in *The Official Committee of Unsecured Creditors of Tribune Company v. FitzSimons*, Case No. 12-cv-02652-WHP, and all other actions that are or may be transferred and consolidated in the MDL proceedings pending before Judge William H. Pauley, III in the Southern District of New York.

2. Any such Agreement shall not be construed or interpreted (a) to create privileges or similar protections that do not currently exist or (b) to revive privileges or similar protections that have been waived before the Agreement.

3. For the avoidance of doubt, the Court makes no finding and issues no ruling determining whether any privileges or similar protections apply to any particular documents or other information subject to such Agreement or otherwise in the possession, custody, or control of the Debtors, the Reorganized Debtors, the Litigation Trustee, or any party to such Agreement, in respect of any actions pending in the MDL proceedings identified above, the Court intending such matters to be reserved to the prerogatives of that MDL court.

4. This Order shall be considered part of any final Confirmation Order that may be entered by this Court.

#4785382