| Ex. No. | Date | Bates Number | Exhibit Description |
|---------|------|--------------|--------------------|
| 400. | 2007-05-03 | | Fitch Ratings Action |
| 401. | 2007-05-03 | | Bank of America, Credit Approval Report |
| 402. | 2007-05-04 | VRC0051398-1446 | Email from L. Mednik to C. Bigelow re: Preliminary Solvency Analysis with attached Tribune Preliminary Step One Solvency Analysis |
| 403. | 2007-05-04 | VRC0051398-446 | VRC: Tribune Company Solvency Opinion Analysis (Draft) |
| 404. | 2007-05-08 | VRC0060918-48 | Email from B. Browning to C. Bigelow; M. Hianik re: Final Solvency with attached Tribune Step One Solvency Analysis Final Draft. |
| 405. | 2007-05-09 | | Letter from VRC to Tribune Company Board of Directors |
| 406. | 2007-05-09 | | Letter from D. Grenesko to Valuation Research Corporation |
| 407. | 2007-05-09 | JPM_00471210-16 | Letter from Valuation Research Corporation to Tribune Company Board of Directors |
| 408. | 2007-05-09 | TRB0415648 | Tribune Board Meeting Minutes |
| 409. | 2007-05-09 | | Tribune Press Release |
| 410. | 2007-05-09 | | Tribune Press Release, Tribune Annual Meeting Held in Chicago |
| 411. | 2007-05-09 | VRC0060918-948 | VRC Tribune Company Solvency Opinion Analysis |
| 412. | 2007-05-09 | VRC0181559 | VRC Tribune Company Solvency Opinion Analysis |
| 413. | 2007-05-10 | BOA-TRB-0026457-59 | Email from J. Lindvall to B. Bowen re: TRB syndication update |
| 414. | 2007-05-10 | ML-TRIB-0390795-96 | Email from T. Kaplan (Merrill Lynch) to V. Nesi (Merrill Lynch) |
| 415. | 2007-05-11 | JPM_00340187-89 | Email from P. Cohen to A. O'Brien re: Jamie |
| 416. | 2007-05-11 | JPM_00490132-33 | Email from P. Cohen to J. Dimon re: Tribune |
| 417. | 2007-05-11 | CITI-TRIB-CC 00259600 | Email from J. Persily to T. Dilworth, J. Ojea-Quintana re: FW Trib syndication update |
| 418. | 2007-05-11 | CITI-TRIB-CC 00086608 | Email from M. Canmann to J. Persily re: Trib |
| 419. | 2007-05-11 | JPM_00340187-189 | Email from P. Cohen (JP Morgan) to A. O'Brien (JP Morgan), *et al.* |
| 420. | 2007-05-11 | JPM_00490132-133 | Email from P. Cohen (JP Morgan) to J. Dimon (JP Morgan), *et al.* |

| Ex. No. | Date | Bates Number | Exhibit Description |
|---|---|---|---|
| 421. | 2007-05-11 | ML-TRIB-0390705-06 | Email from T. Kaplan (Merrill Lynch) |
| 422. | 2007-05-11 | | Morgan Stanley, The Publishing Handbook |
| 423. | 2007-05-12 | TRB0157401 | Email from C. Bigelow (Tribune) to T. Kaplan (Merrill Lynch), *et al.* |
| 424. | 2007-05-12 | JPM_00353687 | Email from J. Sell (JP Morgan) to B. Sankey (JP Morgan) |
| 425. | 2007-05-14 | VRC0002377-82 | Email from B. Browning to C. Rucker with attached TRB Financing Update May 11 and TRB P4 Draft |
| 426. | 2007-05-14 | | Tribune ESOP Transaction Model 2-7-07 – 2007 Revised Operating Plan Case $34.00 Acquisition (W-$17.61 Averaged Up-Front Distribution-Share) |
| 427. | 2007-05-14 | EGI-LAW 00090374-535 | Email from C. Hochschild to N. Larsen re: FW: April financials with attached Period 4 2007 eBrown Book and ad-revenue-by-category-p4-2007 |
| 428. | 2007-05-14 | EGI-LAW 00090052-54 | Email from M. Sotir to B. Pate; C. Hochschild re: FW: Publishing Flash Summary – Period 5, Week 2 with attached Period 5 Week 2 Flash Summary |
| 429. | 2007-05-14 | CITI-TRIB-CC 00024662 | Email from C. Mohr (Citigroup) |
| 430. | 2007-05-14 | | Tribune Press Release |
| 431. | 2007-05-15 | VRC0002406-07 | Email from B. Browning to C. Rucker re: Status of Model |
| 432. | 2007-05-17 | VRC0002409-10 | Email from B. Browning to C. Rucker re: Tribune Update |
| 433. | 2007-05-17 | | VRC Tribune Company Solvency Opinion Analysis |
| 434. | 2007-05-17 | VRC0048773-88 | VRC Tribune Company Step Two Solvency Opinion Analysis |
| 435. | 2007-05-17 | CITI-TRIB-CC 00008175-84 | Leveraged Finance Final Approval Memorandum – Update from M. Canmann, et al to P. Ryan, et al |
| 436. | 2007-05-17 | VRC0048773-88 | Valuation Research Corporation Tribune Company Step Two Solvency Opinion Analysis |
| 437. | 2007-05-17 | BOA-TRB-0027527-28 | Email from J. Kane to G. Stewart et al re: Tribune Syndication Update |
| 438. | 2007-05-17 | BOA-TRB-0027561 | Email from C. Hagel to B. Bowen re: FW: Tribune Syndication Update |
| 439. | 2007-05-17 | ML-TRIB-0038911-9027 | $8 Billion Credit Agreement |
| 440. | 2007-05-17 | CITI-TRIB-CC 00026403-14 | Citigroup - Leveraged Finance Final Approval Memorandum |
| 441. | 2007-05-17 | VRC0085694-722 | VRC Tribune Company Solvency Opinion Analysis |

| Ex. No. | Date | Bates Number | Exhibit Description |
|---|---|---|---|
| 442. | 2007-05-17 | VRC0039346 | VRC Tribune Company Solvency Opinion Analysis |
| 443. | 2007-05-18 | JPM_003352581-584 | Email from B. Thompson (JP Morgan) to A. O'Brien (JPM) |
| 444. | | | INTENTIONALLY OMITTED – DUPLICATE OF EX. 443 |
| 445. | 2007-05-18 | JPM_00426036-131 | JP Morgan Tribune Company Credit Analysis |
| 446. | 2007-05-23 | BLACKSTONE 051263-371 | Blackstone Project Spice Presentation to the Board of Directors |
| 447. | 2007-05-24 | JPM_00169456-600 | Approval to Offer |
| 448. | 2007-05-24 | VRC0175883-89 | Letter from VRC to Tribune Company Board of Directors |
| 449. | 2007-05-25 | JPM_00345444-45 | Email from J. Kowalczuk to R. Anastasio re: Trib intercompany note |
| 450. | 2007-05-29 | EGI-LAW 00097401-03 | Email from M. Sotir to C. Hochschild; B. Pate re: FW: Publishing Flash Summary – Period 5, Week 4 with attached Period 5 Week 4 Flash Summary |
| 451. | 2007-05-29 | JPM_00148945-87 | Tribune Company – Transaction Proposal |
| 452. | 2007-05-29 | JPM_00169456-600 | JP Morgan Syndicated Loan Transaction Approval Form |
| 453. | 2007-05-29 | JPM_00054759-851 | JP Morgan Tribune Company Credit Analysis |
| 454. | 2007-05-31 | EGI-LAW 00098181-270 | Email from M. Shapiro to M. Shapiro et al. re: Tribune Interactive P5 Flash with attached TI Period 5 2007 Flash for 2pm meeting |
| 455. | 2007-05-31 | | Advantar Communications Inc. press release |
| 456. | 2007-05-31 | | Corus Entertainment Third Quarter 2007 Report to Shareholders |
| 457. | 2007-06-01 | JPM_00485596-643 | Tribune Senior Unsecured Credit Facilities Confidential Information Memorandum |
| 458. | 2007-06-01 | VRC0031021-080 | D&B Newspaper Publishers Mid Year Media Review Preview |
| 459. | 2007-06-01 | | Deutsche Bank Securities Inc., Mid-Year Media Review Preview |
| 460. | 2007-06-04 | | Tribune Company Schedule 13D SEC Filing |
| 461. | 2007-06-04 | | Wachovia Capital Markets Equity Research Analyst Report |
| 462. | 2007-06-05 | BOA-TRB-0013175-86 | Modification to Credit Approval Report |

23

| Ex. No. | Date | Bates Number | Exhibit Description |
|---|---|---|---|
| 463. | 2007-06-07 | ML-TRIB-0548143-198 | Lender's Presentation Tribune |
| 464. | 2007-06-08 | EGI-LAW00105044 | Email from M. Sotir (EGI) to B. Pate (EGI), *et al.* |
| 465. | 2007-06-11 | EGI-LAW 00105134-268 | Email from M. Sotir to B. Pate et al. re: FW: Period 5 financials with attached Period 5 2007 eBrown Book and ad-revenue-by-category-p5-2007 |
| 466. | 2007-06-11 | CITI-TRIB-CC 00196516-17 | Email from M. Scardigli to C. Bigelow et al re: Project Tower Model Cal – Tues, 6-12 (2pm CST - 3PM EST |
| 467. | 2007-06-11 | CITI-TRIB-CC 00090016-17 | Email from J. Persily to J. Apostolides re: Tribune Model Call |
| 468. | 2007-06-11 | | Wachovia Capital Markets Equity Research Analyst Report |
| 469. | 2007-06-13 | VRC0101672-88 | Email from L. Mednik to C. Bigelow re: Preliminary Step 2 Analysis with attached Tribune Step 2 Solvency Analysis 051707 |
| 470. | 2007-06-13 | CITI-TRIB-CC 00047487-529 | Equity Group Investments Tribune Discussion Materials |
| 471. | 2007-06-13 | BOA-TRB-0001891 | Email from C. Anderson to G. Kalas et al re: ACTION: Updated AQ Comments as of 5-31-07 |
| 472. | 2007-06-18 | | Morgan Stanley *"Newspapers: More Downside in Stocks"* |
| 473. | 2007-06-18 | | Wachovia Capital Markets Equity Research Analyst Report |
| 474. | 2007-06-20 | CITI-TRIB-CC 00042546 | Email from J. Persily to C. Mohr re: Quick Trib Ques |
| 475. | 2007-06-20 | | Deutsche Bank Securities Inc., Company Alert |
| 476. | 2007-06-20 | | Tribune Company "Tribune Revenues Down 11.1% in May" |
| 477. | 2007-06-21 | ZSTRB00016182-83 | Email from S. Peterson to F. Grimminck re: Tribune |
| 478. | 2007-06-21 | | Wachovia Capital Markets, "TRB: May Ad Revenue Fall 11.8% – Lowering Estimates" |
| 479. | 2007-06-22 | | Chicago Tribune, "Markets Fret Over Tribune Deal" |
| 480. | 2007-06-27 | VRC0030689-716 | HSBC Global Research – Publishing Sector Report |
| 481. | 2007-06-28 | ML-TRIB-0580949 | Email from O'Grady (Merrill Lynch) to M. Abraham (Merrill Lynch), *et al.* |
| 482. | 2007-06-29 | CITI-TRIB-CC 00249098 | Email from T. Dilworth to J. Persily re: Tribune Update Call |
| 483. | 2007-06-29 | JPM_00271982-986 | Standard & Poor's Tribune Secured Financing |

| Ex. No. | Date | Bates Number | Exhibit Description |
|---------|------|--------------|---------------------|
| 484. | 2007-07-01 | EGI-LAW 00109193 | Deutsche Bank Securities Inc., Rating Upgrade |
| 485. | 2007-07-01 | | Tribune Company Form 10-Q SEC Filing |
| 486. | 2007-07-03 | JPM_00478012-35 | Email from J. Steinberg to Cam.dyer@carlyle.com re: FW: SS&C Refinancing Discussion Materials attaching Refinancing Discussion dated July 2, 2007 |
| 487. | 2007-07-09 | JPM_00253395-00253398 | Email from F. Grimminck to J. Sonne re: Tribune – Recent performance |
| 488. | 2007-07-13 | | Tribune Company Schedule 14a SEC Filing |
| 489. | 2007-07-13 | | Tribune Proxy Statement |
| 490. | 2007-07-16 | EGI-LAW 00112252-53 | Email from B. Pate to M. Sotir: C. Hochschild re: Flash report |
| 491. | 2007-07-17 | | Fitch Ratings, Media & Entertainment/U.S. and Canada Credit Analysis, Tribune Co. |
| 492. | 2007-07-18 | TRB-UR-0414584.01-84.05 | Tribune Board Meeting Materials |
| 493. | 2007-07-18 | TRB0415655 | Tribune Board Meeting Minutes |
| 494. | 2007-07-19 | JPM_00346336 | Email from T. Storms to J. Kowalczuk et al. re: Tribune |
| 495. | 2007-07-19 | BOA-TRB-0037123-24 | Email from R. Patel to W. Pegler re: Tribune – LFC Update |
| 496. | 2007-07-19 | TRB0185628-42 | Email from Y. Chen to C. Bigelow et al. re: Materials for 10AM CDT-11AM EDT call with attach market update. |
| 497. | 2007-07-20 | | Email from J. Persily to T. Dilworth re: Tribune |
| 498. | 2007-07-20 | | Bloomberg "Tribune Debt Default Risk Tops 50 Percent" |
| 499. | 2007-07-20 | CITI-TRIB-CC00073234 | Email from C. Bigelow (Tribune) to M. Canmann (Citi) |
| 500. | 2007-07-20 | CITI-TRIB-CC00069824 | Email from C. Bigelow (Tribune) to R. Kurmaniak (Citi), *et al.* |
| 501. | 2007-07-20 | ML-TRIB-0211276-283 | Merrill Lynch Problem Exposure Report |
| 502. | 2007-07-20 | | Bloomberg "Tribune Debt Default Risk Tops 50 percent" |
| 503. | 2007-07-23 | JPM_00300201-02 | Email from F. Grimminck to N. Fateh re: FW: trb estimates |
| 504. | 2007-07-25 | JPM_00346445-46 | Email from P. Thauer to J. Kowalczuk re: Tribune – Urgent- Confidential |

| Ex. No. | Date | Bates Number | Exhibit Description |
|---|---|---|---|
| 505. | 2007-07-25 | JPM_00346464-65 | Email from J. Kowalczuk to S. Millas re: Temp increase for Tribune Co |
| 506. | 2007-07-25 | | Barrington Research, Tribune Co. (TRB_NYSE), "Tough Quarter for Publishing Profits" |
| 507. | 2007-07-25 | EGI-LAW 00114067-72 | Email from B. Pate (EGI) to N. Larsen (EGI) |
| 508. | 2007-07-25 | | Tribune Company Form 8-K SEC Filing |
| 509. | 2007-07-25 | ML-TRIB - 0030363-378 | Tribune Company Presentation |
| 510. | 2007-07-26 | BOA-TRB-0012808 | Email from Hagel (Bank of America) to C. Anderson (Bank of America), *et al.* |
| 511. | 2007-07-26 | JPM_00292612 | Email from J. Casey (JP Morgan) to A. O'Brien (JP Morgan), *et al.* |
| 512. | 2007-07-26 | JPM_00289814-816 | Email from P. Dean (JP Morgan) to R. Kapadia (JP Morgan) |
| 513. | 2007-07-26 | JPM_00269776-78 | Email from R. Kapadia (JP Morgan) to D. Jacobson (JP Morgan), *et al.* |
| 514. | 2007-08-01 | VRC0182070-87 | Email from C. Rucker to marty@cumulusmedia.com re: Solvency Opinions with attached Solvency and Fairness Opinion Qualifications |
| 515. | 2007-08-01 | VRC0037573-618 | Career Builder CFO Reporting Package |
| 516. | 2007-08-01 | VRC0037619-657 | Classified Ventures Operating Review |
| 517. | 2007-08-01 | | IBISWorld Industry Report: Newspaper Publishers in the US |
| 518. | 2007-08-02 | TRB0189604 | Email from C. Bigelow to D. Eldersveld et al. re: FW: Updating 5-year financial model |
| 519. | 2007-08-02 | JPM_00024445-481 | JP Morgan Tribune Discussion Materials |
| 520. | 2007-08-03 | BOA-TRB-0013163-74 | Project Bear Confidential LFC Update Memo From Leveraged Finance Committee et al from B. Bowen et al. re: LFC Update on EGI's Acquisition of the Tribune Company ("Tribune" or the "Company") |
| 521. | 2007-08-09 | EGI-LAW 00178270 | Pate Memorandum |
| 522. | 2007-08-10 | CITI-TRIB-CC 00265382 | Email from J. Persily to T. Dilworth re: FW: Tribune Deal Review |
| 523. | 2007-08-14 | BOA-TRB-0012812-13 | Email from P. Kennedy to P. Joost re: (BN) Tribune Shares Drop as Lehman Cuts Estimates, Question |
| 524. | 2007-08-14 | VRC0037353-378 | Lehman Brothers Equity Research Report |

| Ex. No. | Date | Bates Number | Exhibit Description |
|---------|------|--------------|---------------------|
| 525. | 2007-08-14 | CITI-TRIB-CC 00003503-28 | Lehman Change of Earnings Forecast |
| 526. | 2007-08-17 | CITI-TRIB-CC 00253063-64 | Email from R. Ziemer to GPM Leveraged NA re: Enhanced Monitoring |
| 527. | 2007-08-17 | Blackstone0055753 -849 | Blackstone Project Spice Presentation to the Board of Directors |
| 528. | 2007-08-20 | JPM_00334801-04 | Standard & Poor's Rating Action Update |
| 529. | 2007-08-21 | JPM_00336265 | Email from P. Deans to P. Cohen |
| 530. | 2007-08-21 | CITI-TRIB-CC 00253082 | Email from T. Dilworth to R. Zogheb re: Trib |
| 531. | 2007-08-22 | JPM_00107628-634 | Standard & Poor's Tribune Secured Financing: Recovery Analysis & Transaction |
| 532. | 2007-08-23 | JPM_00347365 | Email from D. Jacobson to J. Kowalczuk re: FW Tribune – S&P Recovery Report |
| 533. | 2007-08-23 | | Email from J. Harrison to cbiglow@tribune.com re: Due diligence outline |
| 534. | 2007-08-23 | ZSTRB00050766 | Email from D. Jacobson to J. Kowalczuk re: Tribune S&P Recovery Report |
| 535. | 2007-08-24 | JPM_00300214-15 | Email from G. Tonnesen to D. Jacobson re: Tribune-Comps |
| 536. | 2007-08-28 | TRB0198895-901 | Email from H. Amsden to D. Hiller et al. re: Update on work for 5-year financial model and Chicago meetings with attached TRB Due Diligence Outline 8-23-2007 |
| 537. | | | INTENTIONALLY OMITTED |
| 538. | 2007-09-01 | JPM_00069986 | Draft Internal Distribution to J. Dimon; J. Lee from D. McCree et al. re: Tribune Company financing |
| 539. | 2007-09-01 | JPM_00069986 | Internal Distribution from D. McCree et al. to Jamie Dimon, Jimmy Lee re: Tribune Company Financing |
| 540. | 2007-09-06 | JPM_00335870 | Email from D. Jacobson to R. Kapadia; Y. Chen re: Solvency question |
| 541. | | | INTENTIONALLY OMITTED – DUPLICATE OF EX. 540 |
| 542. | 2007-09-06 | VRC0016075-120 | Standard & Poor's Industry Surveys Publishing |
| 543. | 2007-09-10 | BOA-TRB-0079408-09 | Email from D. Petrik to S. Seaton et al. re: Executed Amended and Restated Letters |
| 544. | 2007-09-10 | JPM_00504331-32 | Internal Distribution from R. Kapadia re: Tribune Company Financing |
| 545. | 2007-09-10 | ZSTRB00040880-82 | Email from F. Grimminck to J. Sonne re: TRB with attached WACC Output |

| Ex. No. | Date | Bates Number | Exhibit Description |
|---------|------|--------------|--------------------|
| 546. | 2007-09-10 | JPM_00230126-27 | Email from F. Grimminck to Y. Chen re: Tribune DCF |
| 547. | 2007-09-10 | JPM_00504331-332 | JP Morgan internal memorandum, September 10, 2007 |
| 548. | 2007-09-10 | JPM_00504331-32 | Tribune Company Financing Memo |
| 549. | 2007-09-16 | JPM_00335870 | Email from D. Jacobson (JP Morgan) to R. Kapadia (JP Morgan), et al. |
| 550. | 2007-09-19 | JPM_00280816-21 | Email from Y. Chen to P. Cohen et al. re: Tribune – pages for senior management meeting tomorrow attaching Tribune Internal Discussion Materials |
| 551. | 2007-09-19 | TRB0446438-441 | Tribune Company Due Diligence Agenda |
| 552. | | | INTENTIONALLY OMITTED – DUPLICATE OF EX. 71 |
| 553. | 2007-09-20 | ML-TRIB-0611791 | Email from D. Lewicki to T. Kaplan et al. re: Tower |
| 554. | 2007-09-20 | BOA-TRB-0042936 | Email from R. Patel to D. Petrik et al. re: TRB |
| 555. | 2007-09-21 | HLHZ_Tribune 001111-12 | Email from A. Stull to J. Berka; B. Buettell re: Tribune |
| 556. | 2007-09-21 | HLHZ_Tribune 001115 | Email from J. Berka to R. Hotz re: Tribune |
| 557. | 2007-09-21 | HLHZ_Tribune 001127-56 | Email from S. Reynolds to B. Buettell et al. re: VRC-Tribune Documents with attached VRC Tribune Opinion Letter and VRC Presentation-Tribune |
| 558. | 2007-09-21 | JPM_00298201-02 | Email from Gaurav Surana to F. Grimminck re: FW: TRB |
| 559. | 2007-09-22 | JPM_00450240-42 | Email from J. Schaffzin to R. Kapadia |
| 560. | 2007-09-24 | JPM_00155890-911 | Tribune Valuation Update |
| 561. | 2007-09-26 | TRB0221930-31 | Email from C. Bigelow to D. Grenesko et al. re: FW: 5 year plan follow-up questions |
| 562. | 2007-09-26 | JPM_00216065-66 | Email from J. Sonne to C. Bigelow re: 5 Year Plan follow-questions |
| 563. | 2007-09-26 | JPM_00202878-79 | Email to J. Kowalczuk et al re: FW: Tribune Financial Model questions |
| 564. | 2007-09-27 | TRB0222736 | Email for H. Amsden to D. Hiller et al. re: Updated for October 1st banker meeting |
| 565. | 2007-09-27 | VRC0004075-98 | Email from C. Bigelow to C. Rucker; L. Mednik re: FW: Follow-up items for VRC with attached 5-year OP April Rec and Exp Rollforward; Other Cash Expenses Rollforward; VRC circulation and |

| Ex. No. | Date | Bates Number | Exhibit Description |
|---------|------|--------------|---------------------|
| | | | infrastructure schedules 9.18.07; TI Traffic Trends for Corp Dev Aug_07 and Summary of Traffic Trends |
| 566. | 2007-09-28 | JPM_00288187 | Email from R. Kapadia to P. Cohen |
| 567. | 2007-09-28 | BOA-TRB-0012261-62 | Email from F. Miller to Client CR Services NE-Team5 re: sigabasecure: GUS Approval Document for Tribune Down Grade to 8 (34686) attaching documentation Engagement |
| 568. | 2007-09-28 | CHAD-0125693-800 | Email from Y. Chen to C. Bigelow et al. re: Tribune-logistics and materials for Monday attaching October 1 Agenda.doc; Gleacher Center Map.pdf; Publishing Presentation.pdf; TBC Banker Presentation 10-01-07.pdf |
| 569. | 2007-09-30 | VRC0003024 | Email from C. Bigelow to B. Browning et al. |
| 570. | 2007-09-30 | JPM_00265354-58 | Email from Y. Chen to D. Jacobson re: Tribune – Revised model |
| 571. | 2007-09-30 | | Belo Corp. 10-Q SEC Filing |
| 572. | 2007-09-30 | | E.W. Scripps Company 10-Q SEC Filing |
| 573. | 2007-09-30 | | Gannett Co., Inc. 10-Q SEC Filing |
| 574. | 2007-09-30 | | Journal Communications, Inc. 10-Q SEC Filing |
| 575. | 2007-09-30 | | Media General, Inc. 10-Q SEC Filing |
| 576. | 2007-09-30 | | Tribune Company Form 10-Q SEC Filing |
| 577. | 2007-10-01 | TBR0252881-915 | Tribune Five-Year Financial Outlook |
| 578. | 2007-10-01 | MS 72240-274 | Tribune Five-Year Financial Outlook/Management Projections |
| 579. | 2007-10-01 | BOA-TRB-0045205-06 | Email from B. Bowen to R. Patel et al. re: TRB Model |
| 580. | 2007-10-01 | ML-TRIB-0032691-762 | Tribune Rating Agency Presentation |
| 581. | 2007-10-01 | MS 72240-272 | Tribune Five-Year Financial Outlook / Management Projections |
| 582. | 2007-10-01 | ML-TRIB-0032691-762 at ML-TRIB_0032747 | Tribune Rating Agency Presentation |

| Ex. No. | Date | Bates Number | Exhibit Description |
|---|---|---|---|
| 583. | 2007-10-03 | JPM_00500145 | Email from J. Sonne to tkenny@murraydevine.com Re: Tribune |
| 584. | 2007-10-17 | BOA-TRB-0012876 | Email from C. Hagel to L. Simmons re: FW: Tribune – Step 2 Update |
| 585. | 2007-10-17 | ML-TRIB 0403830 | Email from M. Costa (Merrill Lynch) to T. Kaplan (Merrill Lynch) *et al.* |
| 586. | 2007-10-17 | MS 76904-941 | Project Tower Morgan Stanley Internal Materials |
| 587. | 2007-10-17 | TRB0415666 | Tribune Board Meeting Minutes |
| 588. | 2007-10-19 | JPM_00372288-89 | Email from Y. Chen to J. Sonne et al. re: Diligence questions |
| 589. | 2007-10-28 | VRC0061834-844 | Tribune Base Case |
| 590. | | | INTENTIONALLY OMITTED – DUPLICATE OF EX. 589 |
| 591. | 2007-10-31 | VRC0034717-86 | Email from L. Mednik to B. Hughes re: Tribune Files with attached Tribune Base Case Valuation Summary, VRC Base Valuation Summary, Tribune Comps Broadcasting, Tribune Comps Consolidated, Tribune Comps Publishing, Broadcasting Segment Analysis, Publishing Segment Analysis, Various Cases |
| 592. | 2007-11-06 | JPM_00477460-61 | Email from R. Kapadia to C. Linneman re: Tribune |
| 593. | 2007-11-13 | TRB0473813 | Email from M. Malee to H. Amsden et al. re: Updated projections |
| 594. | 2007-11-13 | BOA-TRB-0052067 | Email from R. Patel to D. Petrik et al. re: FW: 3rd Diligence List, Follow-up Email #1 |
| 595. | 2007-11-14 | VRC0031635-718 | VRC's Tribune Company Preliminary Solvency Analysis |
| 596. | | | INTENTIONALLY OMITTED – DUPLICATE OF EX. 595 |
| 597. | 2007-11-15 | JPM_00354395-96 | Email from J. Kowalczuk to J. Se. re: FW: Tribune |
| 598. | 2007-11-21 | VRC0025920 | Handwritten Notes |
| 599. | 2007-11-21 | VRC0025824-27 | Handwritten Notes |
| 600. | 2007-11-27 | VRC0061171-73 | Email from B. Browning to L. Mednik; C. Rucker re: Tribune Review-Confidential |
| 601. | 2007-11-27 | | Tribune Press Release, Tribune Revenues down 9.3% in October |
| 602. | 2007-11-27 | VRC0067875-941 | VRC Internal Review Document Tribune Company Preliminary Solvency Analysis |

| Ex. No. | Date | Bates Number | Exhibit Description |
|---------|------|--------------|--------------------|
| 603. | 2007-11-27 | VRC0035248 | VRC Tribune Company Preliminary Solvency Analysis |
| 604. | 2007-11-29 | CITI-TRIB-CC 00033849-65 | Email from S. Sarnobat to A. Mills et al. re: Tribune Deal Review attaching Tribune Deal Review V9.pdf |
| 605. | 2007-11-29 | TRB0270899-900 | Moody's Rating Action |
| 606. | 2007-11-30 | | Corus Entertainment First Quarter 2008 Report to Shareholders |
| 607. | 2007-11-30 | VRC0063389-437 | VRC Internal Review Document Tribune Company Preliminary Solvency Analysis |
| 608. | 2007-11-30 | VRC0063418 | VRC Preliminary Solvency Analysis |
| 609. | 2007-12-01 | | Reuters Mean Consensus Estimates |
| 610. | 2007-12-01 | VRC0027364 | Handwritten Notes |
| 611. | 2007-12-07 | TRB0398562 | Memorandum from Mr. Browning and Mr. Rucker to Mr. Bigelow |
| 612. | 2007-12-02 | VRC0025806-07 | Handwritten Notes |
| 613. | 2007-12-02 | VRC0025484-86 | Handwritten Notes |
| 614. | 2007-12-02 | TRB0448465-66 | Email from C. Kenney (Tribune) to D. Grenesko (Tribune), *et al.* |
| 615. | 2007-12-02 | MS_97062 | Email from T. Whayne (Morgan Stanley) to C. Bigelow (Tribune), *et al.* |
| 616. | 2007-12-02 | VRC0179131 | VRC Representation Letter, Draft |
| 617. | 2007-12-02 | MS_97062 | Email from T. Whayne (Morgan Stanley) to C. Bigelow (Tribune), et al |
| 618. | 2007-12-03 | VRC0179110-133 | Email from M. Hianik (Tribune) to C. Rucker (VRC), *et al.* |
| 619. | 2007-12-04 | | VRC Tribune Company – Draft Board of Directors Presentation Preliminary Solvency Analysis |
| 620. | 2007-12-04 | | IBISWorld Industry Report: Newspaper Publishers in the US |
| 621. | 2007-12-04 | TRB027281 | VRC Preliminary Solvency Analysis, Draft |
| 622. | 2007-12-07 | TRB0398553-77 | Memo from B. Browning; C. Rucker to C. Bigelow re: Response to Questions from Lenders |
| 623. | 2007-12-07 | VRC0007115-7121 | Email from C. Bigelow to C. Rucker with attached Comments on VRC Responses |
| 624. | 2007-12-07 | TRB0275951-975 | VRC Memorandum "Response to Questions from Lenders" |

| Ex. No. | Date | Bates Number | Exhibit Description |
|---|---|---|---|
| 625. | 2007-12-10 | JPM_00108126-32 | Tribune Valuation Update |
| 626. | 2007-12-12 | HLHZ_Tribune 001164 | Email from B. Buettell to J. Werbalowsky et al re: Tribune Solvency (Urgent – Please Read ASAP and Let's Discuss) |
| 627. | 2007-12-12 | HLHZ_Tribune 001196 | Email from S. Beiser to B. Buettell re: Tribune Solvency |
| 628. | 2007-12-12 | VRC0070617-19 | Email from C. Rucker to L. Mednik re: Tribune Co. Step 2 Solvency Valuation Questions |
| 629. | 2007-12-12 | CITI-TRIB-CC 00267714-22 | Email from R. Ziemer to J. Persily re: FW: Tribune Deal Review attaching Tribune Asset Coverage 12-7-07.pdf |
| 630. | 2007-12-12 | CITI-TRIB-CC 0265094-95 | Email from C. Bigelow to R. Kapadia |
| 631. | 2007-12-12 | CITI-TRIB-CC 00268625 | Email from J. Persily to C. Leat, R. Zogheb re: Tribune |
| 632. | 2007-12-12 | HLHZ_Tribune001 164-71 | Email from B. Buettell to J. Werbalowsky, J. Berka re: Tribune Solvency (Urgent-Please Read ASAP and Let's Discuss) |
| 633. | 2007-12-12 | CITI-TRIB-CC 00268638-39 | Email from T. Dilworth to J. Persily re: Deal Rev-Tribune attaching Deal Rev – Tribune.doc |
| 634. | 2007-12-12 | JPM_00108133-39 | Tribune Valuation Update |
| 635. | 2007-12-12 | JPM_00108147-53 | Tribune Valuation Update |
| 636. | 2007-12-12 | HLHZ_Tribune 001164 | Email from B. Buettell (Houlihan) to J. Werbalowsky (Houlihan), et al. |
| 637. | 2007-12-12 | HLHZ_Tribune001 196 | Email from S. Beiser (Houlihan) to B. Buettell (Houlihan), et al. |
| 638. | 2007-12-13 | HLHZ_Tribune 001189-92 | Email from B. Buettell to kirchenk@citi.com re: Karen Kirchen |
| 639. | 2007-12-13 | CITI-TRIB-CC 00268626 | Email from J. Persily to C. Leat re: TRB |
| 640. | 2007-12-13 | JPM_00156021-32 | Tribune Valuation Update |
| 641. | 2007-12-13 | JPM_00156057-60 | Tribune Valuation Update |
| 642. | 2007-12-13 | JPM_00156033-44 | Tribune Valuation Update |
| 643. | 2007-12-13 | JPM_00108140-146 | Tribune Valuation Update |
| 644. | 2007-12-13 | HLHZ_Tribune001 190-91 | Email from B. Buettell (Houlihan) to K. Kirchen (Citi) |
| 645. | 2007-12-14 | HLHZ_Tribune 001178-79 | Email from D. Hilty to B. Buettell et al. |

| Ex. No. | Date | Bates Number | Exhibit Description |
|---|---|---|---|
| 646. | 2007-12-14 | JPM_00493635-39 | Email from D. Tuvlin to J. Persily et al. re: Internal Counsel Call |
| 647. | 2007-12-14 | BOA-TRB-0001201A | Petrik Handwritten Notes |
| 648. | 2007-12-15 | VRC0109227-0109259 | Email from C. Rucker to B. Browning re: Tribune Update with attached TRB Internal Review and Tribune Step 2 Solvency Analysis Revised Draft |
| 649. | 2007-12-15 | JPM_00306643-44 | Email from M. Marcus to F. Grimminck |
| 650. | 2007-12-15 | JPM_00499986-88 | Handwritten notes |
| 651. | 2007-12-16 | ML-TRIB_0448705 | Merrill Lynch Internal Discussion Materials Regarding : Valuation Analysis of Tribune Company |
| 652. | 2007-12-17 | CITI-TRIB-CC 00265255 | Email from T. Dilworth to S. Sarnobat, J. Persily re: Tribune Discounted Cash Flow Analysis v8.doc |
| 653. | 2007-12-18 | JPM_00338076-77 | Email from T. Kaplan to ckenney@tribune.com |
| 654. | 2007-12-18 | BOA-TRB-0129259-60 | Email from B. Bowen to W. Pegler et al |
| 655. | 2007-12-18 | JPM_00156045-56 | Tribune Valuation Update |
| 656. | 2007-12-18 | JPM_00156244-55 | Tribune Valuation Update |
| 657. | 2007-12-18 | | Moody's Rating Action |
| 658. | 2007-12-18 | | JP Morgan Tribune Valuation Update |
| 659. | 2007-12-19 | HLHZ_Tribune 001174 | Email from S. Purcell to B. Buettell et al. re: From the WSJ blog a couple minutes ago |
| 660. | 2007-12-19 | JPM_00340719-20 | Email from R. Kapadia to J. Lee re: FW: Response to your questions of the Board. |
| 661. | 2007-12-19 | CITI-TRIB-CC00267771 | Email from L. Olive to J. Purcell re: Tribune bridge |
| 662. | 2007-12-19 | JPM_00499869-870 | Email from J. Lee (JP Morgan) to J. Dimon (JP Morgan) |
| 663. | 2007-12-19 | | Moody's Investor Services, Credit Opinion: Tribune Company |
| 664. | 2007-12-20 | | Letter from D. Grenesko to Valuation Research Corporation |
| 665. | 2007-12-20 | TRB0294007-15 | Letter from VRC to Tribune Company Board of Directors |
| 666. | 2007-12-20 | ML-TRIB-0047179-274 | $1.6 Billion Senior Unsecured Interim Loan Agreement |

| Ex. No. | Date | Bates Number | Exhibit Description |
|---|---|---|---|
| 667. | 2007-12-20 | | Fitch Ratings Action |
| 668. | 2007-12-20 | | Standard & Poor's, Research Update: Tribune Co. Rating Lowered to 'B' Upon Close of LBO; Off Watch; Outlook Negative |
| 669. | 2007-12-20 | ML-TRIB-1066565-588 | VRC Step Two Solvency Opinion |
| 670. | 2007-12-21 | | Email from J. Kowalczuk to M. Kulnis re: Trb Rating |
| 671. | 2007-12-27 | JPM_00572354-356 | Email from J. Kowalczuk to T. Boyle; Stella Millas re: Tribune Co. |
| 672. | 2007-12-30 | | Tribune Company Form 10-K SEC Filing |
| 673. | 2007-12-30 | NAV000093-93_0026 | Tribune Valuation of Certain Broadcasting & Entertainment Entities |
| 674. | 2007-12-31 | D&P_TR108806-109085 | Duff & Phelps Tribune Company Valuation Analysis as of December 31, 2007 Tribune Draft |
| 675. | 2007-12-31 | | D&P Tribune Appendices to the Valuation Analysis |
| 676. | 2007-12-31 | | D&P Tribune Valuation Analysis |
| 677. | 2007-12-31 | | Duff & Phelps Tribune Valuation Analysis as of December 31, 2007 |
| 678. | 2007-12-31 | | Duff & Phelps Tribune Valuation Analysis as of December 31, 2007 (Appendices) |
| 679. | 2008-01-04 | JPM_00572668 | Email from J. Kowalczuk to M. Kulnis re: Tribune rating |
| 680. | 2008-01-25 | JPM_00572849 | Email from J. Kowalczuk to S. Millas re: Tribune LGD |
| 681. | 2008-02-01 | | Moody's Investor Services, "Corporate Default & Recovery Rates, 1920 -2007" |
| 682. | 2008-02-01 | | Moody's Investor Services, Inc., Corporate Default & Recovery Rates, 1920-2007 |
| 683. | 2008-02-05 | GBTRIB 00033535-37 | Email from J. Williams to A. Westbrook et al. re: FWD: Revised change table |
| 684. | 2008-02-11 | JPM_00572189-90 | Email from C. Walsh to J. Kowalczuk re: Trib December, Q4 and FY 07 results |
| 685. | 2008-02-11 | JPM_00573357 | Email from J. Kowalczuk to M. Kulnis re: trib securitization issue |
| 686. | 2008-02-13 | JPM_00573456 | Email from S. Millas to T. Boyle et al. re: Tribune Company – UCN #830457826- ACH, IDL Line Usage – Urgent |
| 687. | 2008-02-13 | | Chicagoist.com, "Sam Zell: More Layoffs Ahead" |

| Ex. No. | Date | Bates Number | Exhibit Description |
|---|---|---|---|
| 688. | 2008-02-13 | | http://chicagoist.com, "Sam Zell: More Layoffs Ahead" |
| 689. | 2008-02-21 | JPM_00573600-605 | Email from M. Kulnis to P. Daniello re: Tribune – JPM adjusted Case |
| 690. | 2008-02-21 | JPM_00573606-10 | Email from C. Walsh to M. Kulnis re: FW: Tribune – JPM adjusted case |
| 691. | 2008-02-25 | JPM_00573617-19 | Email from J. Kowalczuk to L. Schwartz; M. Kulnis re: FW: Tribune |
| 692. | 2008-03-04 | JPM_00573690 | Email from J. Kowalczuk to M. Kulnis re: trib |
| 693. | 2008-03-04 | JPM_00576562-65 | Email from M. Kulnis to A. Kurinskas re: FW: TRB model (forward labor as of 2/28/08) |
| 694. | 2008-03-17 | | Standard & Poor's Rating Action Update |
| 695. | 2008-03-20 | | Tribune Press Release, Tribune Reports 2007 Fourth Quarter and Full Year Results |
| 696. | 2008-04-17 | | Tribune Earnings Conference Call, Fourth Quarter and Full Year |
| 697. | 2008-04-17 | | Tribune Earnings Conference Call, Fourth Quarter and Full Year 2007 |
| 698. | 2008-05-08 | JPM_00576809 | Email from J. Kowalczuk to T. Storms re: Trib Q1 |
| 699. | 2008-05-08 | | Tribune Press Release, Tribune Reports 2008 First Quarter Results |
| 700. | 2008-06-05 | | Tribune Earnings Conference Call, First Quarter 2008 |
| 701. | 2008-07-01 | | RMA Annual Statement Studies: Financial Ratio Benchmarks |
| 702. | 2008-07-01 | | The weather Channel Companies Confidential Information Memorandum – Deutsche Bank |
| 703. | 2008-07-03 | | Tribune Press Release, Tribune Signs Asset-backed Commercial Paper Facility |
| 704. | 2008-07-23 | | Moody's Rating Action |
| 705. | 2008-08-13 | | Tribune Press Release, Tribune Reports 2008 Second Quarter Results |
| 706. | 2008-08-22 | | Fitch Ratings Action |
| 707. | 2008-08-26 | | Tribune Earnings Conference Call, Second Quarter 2008 |
| 708. | 2008-08-28 | | Tribune Earnings Conference Call, Second Quarter 2008 |
| 709. | 2008-09-28 | | Tribune Company Form 10-Q SEC Filing |

| Ex. No. | Date | Bates Number | Exhibit Description |
|---|---|---|---|
| 710. | 2008-11-10 | | Tribune Press Release, Tribune Reports 2008 Third Quarter Results |
| 711. | 2008-11-11 | | Standard & Poor's Rating Action Update |
| 712. | 2008-11-26 | | Navigant: Tribune Valuation of Certain Interactive Entities |
| 713. | 2008-12-01 | JPM2_00002780-83 | Email from C. Bigelow to K. Foley re: Retainer letter |
| 714. | 2008-12-08 | | Affidavit of Chandler Bigelow III |
| 715. | 2008-12-08 | | Fitch Ratings Action |
| 716. | 2008-12-08 | | Moody's Rating Action |
| 717. | 2008-12-09 | | Standard & Poor's Rating Action Update |
| 718. | 2008-12-09 | | The New York Times "*Tribune Company Seeks Bankruptcy Protection*" |
| 719. | 2009-01-10 | TRB_LD000021-33 | Email from D. Smith to B. Krakauer et al. re: Tribune Draft Forbearance Agreement with attached forbearance agreement |
| 720. | 2009-01-20 | TRB_LD000042-69 | Email from D. Eldersveld to Nlarsen@egii.com; C. Bigelow re: Tribune with attached Forbearance Agreement |
| 721. | 2009-01-22 | TRB_LD000073-74 | Email from N. Larsen to M. Kulnis re: Forbearance issues |
| 722. | 2009-01-30 | | Application for Entry of an Order Pursuant to Sections 328(a) and 1103(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedures Authorizing the Employment of Moelis & Company LLC as Investment Banker to the Official Committee of Unsecured Credit |
| 723. | 2009-01-30 | JPM2_00000250-60 | Email from tribuneco.dpw-bounces@dpw.com on behalf of D. Smith to B. Krakauer re: Tribune Payment Letters |
| 724. | 2009-02-05 | JPM2_00000057-59 | Email from D. Schaible to M. Kulnis et al. re: Tribune |
| 725. | 2009-02-06 | JPM2_00001272-88 | Email from D. Smith to B. Krakauer with attached Blackstone Engagement Letter |
| 726. | 2009-02-12 | JPM2_00001916 | Email from M. Kulnis to H. Seife re: Tribune |
| 727. | 2009-02-18 | JPM2_00000107 | Email from D. Schaible to H. Seife; D. Deutsch re: Tribune Fee Reimbursement |
| 728. | 2009-02-24 | JPM2_00000113 | Email from D. Schaible to D. LeMay re: Tribune: Revised Proposal Regarding Non-Debtors' |

| Ex. No. | Date | Bates Number | Exhibit Description |
|---|---|---|---|
| | | | Reimbursement of Blackstone's Fees |
| 729. | 2009-02-27 | JPM2_00000148-150 | Email from D. Bernstein to D. Schaible re: Tribune – Senior Lenders' Reimbursement Request |
| 730. | 2009-06-03 | | Standard & Poor's, "Understanding Standard & Poor's Rating Definitions" |
| 731. | 2009-07-10 | TRB1029850-57 | Real Estate Portfolio Analysis prepared for Tribune |
| 732. | 2009-08-19 | | Tribune ESOP Transaction Model 2-8-07-2007 Revised Operating Plan Case $34.00 Acquisition (w-$17.61 Average Up-Front Distribution - Share) |
| 733. | 2009-08-19 | VRC0008342-365 | Tribune ESOP Transaction Model |
| 734. | | | INTENTIONALLY OMITTED – DUPLICATE OF EX. 733 |
| 735. | 2009-09-01 | | Moelis & Company Summary of Hours Worked September 1, 2009 – September 30, 2009 |
| 736. | 2009-09-18 | | The Tax Savings Behind the Sale of the Chicago Cubs for $845m, Sarah Lawsky |
| 737. | 2009-10-01 | | Moelis & Company Summary of Hours Worked October 1, 2010 – October 31, 2010 |
| 738. | 2009-11-10 | | Notice of Oral Examination Pursuant to Bankruptcy Rule 2004 |
| 739. | 2009-12-01 | JPM_00511325-375 | Lazard Materials Prepared for Discussion Purposes, Subject, Inter Alia, to FRE 408 |
| 740. | 2009-12-02 | | Confidentiality Agreement dated September 14, 2009 between Houlihan and the UCC |
| 741. | 2009-12-02 | | INTENTIONALLY OMITTED |
| 742. | 2009-12-03 | | INTENTIONALLY OMITTED |
| 743. | 2009-12-04 | | INTENTIONALLY OMITTED |
| 744. | 2009-12-07 | | Law Debenture Trust Company of New York's Notice of Deposition of JPMorgan Chase Bank |
| 745. | 2009-12-07 | | Law Debenture Trust Company of New York's Notice of Deposition of Miriam T. Kulnis |
| 746. | 2009-12-16 | | Tribune Company Results of Operations (Year-Over-Year) |
| 747. | 2009-12-16 | | INTENTIONALLY OMITTED |
| 748. | 2009-12-17 | GBTRIB 00008205-08 | Handwritten Notes |
| 749. | 2009-12-17 | | INTENTIONALLY OMITTED |

| Ex. No. | Date | Bates Number | Exhibit Description |
|---------|------|--------------|--------------------|
| 750. | 2009-12-24 | | Notice of Oral Examination Pursuant to Bankruptcy Rule 2004 |
| 751. | 2009-12-30 | CHAD-0041011-14 | Email from H. Seife to D. Rosner et al. re: Tribune Meeting on January 5 with attached Issues for Settlement Conf.doc |
| 752. | 2010-01-01 | CHAD-0138195-245 | Lazard Discussion Material dated January 2010 |
| 753. | 2010-01-20 | | INTENTIONALLY OMITTED |
| 754. | 2010-02-07 | VRC0009395-568 | Credit Suisse Tribune Cost Savings Coming through, but Tribune still uncertain |
| 755. | 2010-02-08 | ZSTRB00016309-12 | Email from G. Bush to D. Bernstein et al re: Wednesday mtg |
| 756. | 2010-02-11 | SCTRIB-0001948 | Email from M. Wilderotter to E. Hartenstein |
| 757. | 2010-02-11 | SCTRIB-0001946-47 | Email from M. Wilderotter to J. Lee re: A Question |
| 758. | 2010-03-01 | | Moelis & Company Summary of Hours Worked March 1, 2010 – March 31, 2010 |
| 759. | 2010-03-25 | JPM_00538783-840 | Tribune Valuation Materials |
| 760. | 2010-03-31 | OCM 043190 | Email from B. Karsh to mlasry@avenuecapital.com re Tribune |
| 761. | 2010-04-01 | ZSTRB00016307-08 | Email from D. LeMay to damian.schaible@davispolk.com et al re: UCC Support |
| 762. | 2010-04-05 | | Amended Complaint of Wilmington Trust |
| 763. | 2010-04-12 | | Disclosure Statement for Joint Plan of Reorganization for Tribune Company and its Subsidiaries |
| 764. | 2010-04-15 | UCC-0000777-79 | April 14, 2010 Creditors' Committee Telephonic Meeting Minutes |
| 765. | 2010-05-04 | OCM 043954-56 | Email from R. O'Leary to R. Shourie re: FW: Tribune |
| 766. | 2010-05-16 | OCM 045289-91 | Email from K. Liang to B. Karsh et al. re: FW: Alternatives.xls with attached Alternatives |
| 767. | 2010-05-21 | | Statement of Facts Concerning Tribune, the Leveraged ESOP Transactions and Related Matters |
| 768. | 2010-05-21 | | Debtors Statement of Facts Concerning Tribune, the Leveraged ESOP Transactions and Related Matters |
| 769. | 2010-05-24 | | The Blackstone Group/FTI Presentation to Examiner's Financial Advisors |
| 770. | 2010-05-31 | OCM 045598-99 | Email from K. Liang to E. Lee |

| Ex. No. | Date | Bates Number | Exhibit Description |
|---------|------|--------------|--------------------|
| 771. | 2010-07-03 | OCM 043300-01 | Email from B. Karsh to H. Marks |
| 772. | 2010-07-05 | | INTENTIONALLY OMITTED |
| 773. | 2010-07-05 | OCM 035395-97 | Email from E. Lee to E. Lee |
| 774. | 2010-07-06 | OCM 043305 | Email from B. Karsh to H. Wietschner re: Tribune |
| 775. | 2010-07-07 | OCM 045471 | Email from K. Liang to E. Lee |
| 776. | 2010-07-08 | OCM 045696-97 | Email from E. Lee to K. Liang re Materials Prepared for Settlement Discussion Purposes |
| 777. | 2010-07-12 | CHAD-0125220-32 | Email from N. Nastasi to J. Polkes re: December 17, 2007 |
| 778. | 2010-07-18 | OCM 035322-23 | Email from H. Marks to B. Karsh re: Oaktree News: What the rich read: Online newsletters may be the best way to fatten your wallet |
| 779. | 2010-07-18 | OCM 035320-21 | Email from B. Karsh to K. Liang |
| 780. | 2010-07-22 | OCM 035330 | Email from B. Karsh to T. Coleman re: Trib Problem |
| 781. | 2010-07-23 | OCM 035342-43 | Email from D. Schulte to B. Karsh re: Trib |
| 782. | 2010-07-26 | | Report of Kenneth N. Klee, as Examiner |
| 783. | | | INTENTIONALLY OMITTED – DUPLICATE OF EX. 782 |
| 784. | 2010-07-29 | UCC-0000835-833 | July 29, 2010 Creditors' Committee in-Person Meeting Minutes |
| 785. | 2010-07-30 | JPM_00559266-69 | Email from D. Schaible to A. Goldman re: FW TRB Draft Plan Resolution Bullets |
| 786. | 2010-08-02 | UCC-0000870-72 | August 2, 2010 Creditors' Committee Special Telephonic Meeting Minutes |
| 787. | 2010-08-02 | OCM 041331-33 | Email from B. Bennet to J. Conlan et al re: Tribune with attached Alternative Plan Term Sheet |
| 788. | 2010-08-04 | JPM_00542646-47 | Email from G. Baiera to D. Bernstein; A. Goldman re: Tribune |
| 789. | 2010-08-05 | UCC-0000022-24 UCC-0000880-882 | August 5, 2010 Credit Committee Telephonic Meeting Minutes |
| 790. | 2010-08-08 | OCM 029038-40 | Email from K. Liang to jconlan@sidley.com et al. |
| 791. | 2010-08-09 | JPM_00527080-81 | Email from G. Baiera to A. Kurinskas re: FW: Trib |

| Ex. No. | Date | Bates Number | Exhibit Description |
|---------|------|--------------|---------------------|
| 792. | 2010-08-10 | UCC-0000839-842 | August 8, 2010 Creditors' Committee Special Telephonic Meeting Minutes |
| 793. | 2010-08-10 | OCM 029342-44 | Email from D. Liebentritt to ann.kurinskas@jpmorgan.com re: FW: Tribune: Further Revised Second Amended Plan |
| 794. | 2010-08-11 | OCM 029838 | Email from D. Liebentritt to E. Lee; K. Liang re: TRB |
| 795. | 2010-08-12 | OCM 035354 | Email from B. Karsh to E. Lee re: Trib |
| 796. | 2010-08-12 | UCC-0000850-53 | August 12, 2010 (Afternoon) Creditors' Committee Special Telephonic Meeting Minutes |
| 797. | 2010-08-13 | UCC-0000855-857 | August 13, 2010 Creditors' Committee Special Telephonic Meeting Minutes |
| 798. | 2010-08-13 | JPM_00544451-52 | Email from G. Baiera to kliang@oaktreecapital.com et al. re: Mtg on Monday? |
| 799. | 2010-08-13 | UCC-0000855-57 | August 13, 2010 Creditors' Committee Special Telephonic Meeting Minutes |
| 800. | 2010-08-13 | CHAD-0176729 | Email from H. Seife to D. Bernstein re: TRB |
| 801. | 2010-08-13 | CHAD-0176724 | Email from H. Seife to D. Bernstein |
| 802. | 2010-08-15 | OCM 035304 | Email from G. Baiera to hseife@chadbourne.com; K. Liang |
| 803. | 2010-08-16 | OCM 034704 | Email from K. Liang to dliebentritt@tribune.com et al. re: TRB |
| 804. | 2010-08-16 | JPM_00545061-62 | Email from G. Baiera to D. Bernstein re: FW: Status |
| 805. | 2010-08-16 | UCC-0000859-61 | August 16, 2010 Creditors' Committee Special Telephonic Meeting Minutes |
| 806. | 2010-08-19 | UCC-0000863-865 | August 19, 2010 Creditors' Committee Telephonic Meeting Minutes – Supplement |
| 807. | 2010-08-20 | SCTRIB-0002288-2290 | Email from M. Shapiro to dliebentritt@tribune.com re: Tribune Reorganization |
| 808. | 2010-08-20 | SCTRIB-0002204-06 | Email from D. Liebentritt to F. Wood re: Tribune Reorganization |
| 809. | 2010-08-21 | TRB1218668-70 | Email from M. Wilderotter to D. Liebentritt re: Counsel for the Independent Directors |
| 810. | 2010-08-21 | SCTRIB-0002276-78 | Email from M. Shapiro to M. Wilderotter re: Tuesday Call |
| 811. | 2010-08-21 | SCTRIB-0002350-51 | Email from M. Wilderotter to M. Shapiro re: Tuesday Call |
| 812. | 2010-08-22 | OCM 035359-60 | Email from B. Karsh to H. Marks re: Oaktree News: Turmoil for Tribune Co. Bankruptcy reorganization plan in disarray; creditors could wage long legal battle |

| Ex. No. | Date | Bates Number | Exhibit Description |
|---------|------|--------------|---------------------|
| 813. | 2010-08-23 | SCTRIB-0002313-16 | Email from M. Wilderotter to M. Shapiro re. Chapter 11 |
| 814. | 2010-08-25 | SCTRIB-0002135-41 | Email from D. Heiman to M. Shapiro re: Special Committee Update – Confidential |
| 815. | 2010-08-26 | MW-0000005-8 | Tribune Company Unanimous Written Consent of the board of Directors in Lieu of a Meeting |
| 816. | 2010-08-26 | SCTRIB-0002199-2200 | Email from F. Wood to D. Liebentritt re: Update |
| 817. | 2010-09-01 | FW-0000037-38 | Tribune Company Minutes of Meeting of the Special Committee of the Board of Directors |
| 818. | 2010-09-07 | FW-000007-10 | Email from R. Mariella to dgonzales@icmtalent.com et al. re: FW: General Council-Chief Restructuring Officer with attached Board Consent – Officer Election |
| 819. | 2010-09-07 | OCM 003315 | Email from D. Liebentritt to B. Bennett et al. re: Tribune |
| 820. | 2010-09-09 | MS-0000115-16 | Email from M. Shapiro to M. Wilderotter; jberg@icmtalent.com re: Tribune Status – Conf. |
| 821. | 2010-09-10 | FW-0000036 | Tribune Company Minutes of Meeting of the Special Committee of the Board of Directors |
| 822. | 2010-09-10 | CHAD-0227821-80 | Draft – The Cooking Channel Discussion Materials |
| 823. | 2010-09-13 | MS-0000002 | Email from M. Shapiro to kliang@oaktreecapital.com re: Updated |
| 824. | 2010-09-13 | OCM 003775 | Email from M. Shapiro to kliang@oaktreecapital.com re: Update |
| 825. | 2010-09-16 | OCM 003778-79 | Email from M. Shapiro to Kliang@oaktreecapital.com re: Sitrick/Eisner |
| 826. | 2010-09-17 | FW-0000039-40 | Tribune Company Minutes of Meeting of the Special Committee of the Board of Directors |
| 827. | 2010-09-17 | TRB-0000071240-43 | Email from M. Shapiro to kliang@oaktreecapital.com re: Tribune Plan of Reorganization |
| 828. | 2010-09-17 | TRB1095434 | Email from D. Liebentritt to J. Conlan re: OT Plan |
| 829. | 2010-09-17 | JPM_00559835 | Email from D. Schaible to G. Baiera |
| 830. | 2010-09-17 | JPM_00545958 | Email from M. Kulnis to gbaiera@angelogordon.com et al. |
| 831. | 2010-09-17 | SCTRIB-0001357-58 | Tribune Company Minutes of Meeting of the Special Committee of the Board of Directors |
| 832. | 2010-09-20 | MW-0000010-12 | Email from M. Shapiro to M. Wilderotter et al re: FW: Call re Mediation Statement-Strategy:866-285-7778, code 5005856 |

| Ex. No. | Date | Bates Number | Exhibit Description |
|---------|------|--------------|--------------------|
| 833. | 2010-09-20 | MS-0000037-40 | Email from M. Shapiro to M. Wilderotter re: Call re Mediation Statement-Strategy: 866-285-7778, code 5005856 |
| 834. | 2010-09-20 | UCC-0000901-03 | September 20, 2010 Creditors' Committee Special Telephonic Meeting Minutes |
| 835. | 2010-09-21 | TRB-0000071278-80 | Email from M. Shapiro to Kliang@oaktreecapital.com |
| 836. | 2010-09-23 | SCTRIB-0002212-18 | Email from D. Liebentritt to J. Berg re: Pure Purity |
| 837. | 2010-09-25 | MS-0000059-60 | Email from M. Shapiro to kliang@oaktreecapital.com; dgheiman@JonesDay.com re: Morgan Stanley |
| 838. | 2010-09-25 | OCM 003640-41 | Email from M. Shapiro to K. Liang et al re: Morgan Stanley |
| 839. | 2010-09-27 | TRB-0000071287 | Email from M. Shapiro to kliang@oaktreecapital.com |
| 840. | 2010-09-27 | OCM 003629-30 | Email from M. Shapiro to K. Liang re: Follow-up |
| 841. | 2010-09-28 | MS-0000097 | Email from M. Shapiro to Fwood@therebedragons.com et al. re: Updated |
| 842. | 2010-09-28 | FW-0000042-43 | Tribune Company Minutes of Meeting of the Special Committee of the Board Directors |
| 843. | 2010-09-28 | TRB-0000071318 | Email from M. Shapiro to kliang@oaktreecapital.com re: Need to speak |
| 844. | 2010-09-28 | TRB-0000071319 | Email from M. Shapiro to Kliang@oaktreecapital.com re: Update |
| 845. | 2010-09-28 | OCM 028105-06 | Email from H. Dambach to K. Liang re: FW: Oaktree News: Mediator Endorses Tribune Settlement; Plan Allows Company to Exit Chapter 11; Litigation Trust Established to Address Fraudulent Conveyance claims |
| 846. | 2010-09-28 | OCM 043387 | Email from D. Schulte to B. Karsh re: Trib |
| 847. | 2010-09-28 | | Mediator's Report |
| 848. | 2010-09-28 | SCTRIB-0000812 | Email from M. Shapiro to fwood@therebedragons.com et al re: Update |
| 849. | 2010-09-28 | SCTRIB-0001355-56 | Tribune Company Minutes of Meeting of the Special Committee of the Board of Directors |
| 850. | 2010-09-28 | | Email from D. Prieto to J. Zul et al re: Tribune – Sent Pursuant to FRE 408 with attached Settlement Analysis 9-28-10v2 |
| 851. | 2010-09-29 | JPM_00546055-56 | Email from D. Kurtz to D. Bernstein et al. |

| Ex. No. | Date | Bates Number | Exhibit Description |
|---|---|---|---|
| 852. | 2010-09-29 | | Email from D. Prieto to J. Zul et al re: Tribune – Sent Pursuant to FRE 408 |
| 853. | 2010-09-29 | MS-0000101 | Email from M. Shapiro to Szell@egli.com re: The call |
| 854. | 2010-09-30 | OCM 003662 | Email from K. Liang to mshapiro@dickclark.com et al. |
| 855. | 2010-09-30 | MS-0000102-104 | Email from M. Shapiro to dliebentritt@tribune.com re: Draft Email |
| 856. | 2010-10-01 | | Notice of Deposition of Mark Shapiro |
| 857. | | | INTENTIONALLY OMITTED – DUPLICATE OF EX. 868 |
| 858. | 2010-10-03 | | Email from P. Dublin to hseife@chadbourne.com et al re: Tribune – Subject to FRE 408/Protected by Mediation Order |
| 859. | 2010-10-04 | SCTRIB-0002293-96 | Email from D. Liebentritt to M. Shapiro re: FW: Revised Disclosure Statement |
| 860. | 2010-10-07 | UCC-0000671-72 | October 7, 2010 Creditors' Committee In-Person Meeting Minutes – Supplement B |
| 861. | 2010-10-07 | JPM_00546241 | Email from H. Seife to D. Schaible et al re: Tomorrow's Meeting |
| 862. | 2010-10-07 | UCC-0000674-78 | October 7, 2010 Creditors' Committee In-Person Meeting Minutes |
| 863. | 2010-10-07 | BVT000097 | Email from W. Smith to G. Davis |
| 864. | 2010-10-09 | UCC-0000680-84 | October 9, 2010 Creditors' Committee Special Telephonic Meeting Minutes |
| 865. | 2010-10-10 | MW-0000028-38 | Tribune Special Committee Discussion Materials |
| 866. | 2010-10-11 | FW-0000050-62 | Email from F. Wood to Cwarner@therebedragons.com re: FW: Special committee Presentation |
| 867. | 2010-10-11 | | Privilege Log of Mark Shapiro |
| 868. | 2010-10-12 | | Mediator's Second Report |
| 869. | | | INTENTIONALLY OMITTED – DUPLICATE OF EX. 868 |
| 870. | 2010-10-13 | OCM 024401-03 | Email from H. Marks to B. Karsh re: Oaktree News: Tribune Co. wins broader support for bankruptcy plan, giving more money to bondholders |
| 871. | 2010-10-19 | TRBHC0000485-560 | Tribune Company Board of Directors |
| 872. | 2010-12-01 | TRBHC0008340-8564 | Tribune 2011 Preliminary Operating Plan |

| Ex. No. | Date | Bates Number | Exhibit Description |
|---|---|---|---|
| 873. | 2010-12-03 | | Aurelius Capital Management, LP  First Document Request to Debtors |
| 874. | 2010-12-03 | | Aurelius Capital Management, LP  Second Request to Debtors |
| 875. | 2010-12-07 | TRBHC0000886-891 | Board of Directors Call |
| 876. | 2010-12-07 | TRBHC0000561-66 | Board of Directors Call |
| 877. | 2010-12-08 | | Aurelius Capital Management, LP  Subpoena to Jones Day |
| 878. | 2010-12-08 | | Aurelius Capital Management, LP  Subpoena to Sidley Austin |
| 879. | 2010-12-09 | | Aurelius Capital Management, LP  Subpoena to Bank of America |
| 880. | 2010-12-09 | | Aurelius Capital Management, LP  Subpoena to Citigroup Inc. |
| 881. | 2010-12-09 | | Aurelius Capital Management, LP  Subpoena to David Polk & Wardwell LP |
| 882. | 2010-12-09 | | Aurelius Capital Management, LP  First Document Request to JP Morgan |
| 883. | 2010-12-09 | | Aurelius Capital Management, LP  Subpoena to O'Melveny & Myers, LLP |
| 884. | 2010-12-09 | | Aurelius Capital Management, LP  Subpoena to Paul, Weiss, Rifkind, Wharton, & Garrison LLP |
| 885. | 2010-12-10 | | Aurelius Capital Management, LP  First Document Request to Official Committee of Unsecured Creditors |
| 886. | 2010-12-13 | | Aurelius Capital Management, LP  Subpoena to Chadbourne & Park LLP |
| 887. | 2010-12-13 | | Aurelius Capital Management, LP  Subpoena to William A. Niese |
| 888. | 2010-12-13 | | Aurelius Capital Management, LP  Subpoena to Teitelbaum |
| 889. | 2010-12-13 | | Aurelius Capital Management, LP  Subpoena to Washington-Baltimore Guild, Local 32035 |
| 890. | 2010-12-13 | | Aurelius Capital Management, LP  Subpoena to Zuckerman Spaeder LLP |
| 891. | 2010-12-13 | | Aurelius Capital Management, LP  Subpoena to Zwerdling, Paul, Khan & Wholly, PC |
| 892. | 2010-12-13 | | First Set of Interrogatories of Aurelius Capital Management, LP to Debtors |
| 893. | 2010-12-15 | | Aurelius Capital Management, LP  Subpoena to Lazard Ltd. |
| 894. | 2010-12-15 | | Aurelius Capital Management, LP  Subpoena to Moelis & Co. |

| Ex. No. | Date | Bates Number | Exhibit Description |
|---|---|---|---|
| 895. | 2010-12-15 | | Aurelius Capital Management, LP  Subpoena to Murray, Devine & Co. |
| 896. | 2010-12-15 | | Aurelius Capital  Management, LP  Subpoena to Valuation Research Corp |
| 897. | 2010-12-16 | | First Set of Interrogatories of Aurelius Capital Management, LP to JPMorgan |
| 898. | 2010-12-16 | | First Set of Interrogatories of Aurelius Capital Management, LP to UCC |
| 899. | 2010-12-17 | | Aurelius Capital Management, LP  Second Document Request to JP Morgan |
| 900. | 2010-12-17 | | Special Committee Response and Objections to First and Second Request of Production of Documents of Aurelius Capital Management, LP |
| 901. | 2010-12-17 | | Debtors Responses and Objections to Aurelius Capital Management, LP  First Request for Production of Documents |
| 902. | 2010-12-17 | | Debtors Responses and Objections to Aurelius Capital Management, LP  Second Request for Production of Documents |
| 903. | 2010-12-17 | | Jones Day Responses and Objections to Aurelius Capital Management, LP  Subpoena |
| 904. | 2010-12-20 | | Aurelius Capital Management, LP  Subpoena to CRA International, Inc. |
| 905. | 2010-12-21 | | Aurelius Capital Management, LP  Subpoena to EGI-TRB, LLC |
| 906. | 2010-12-21 | TRB1204718-30 | Draft – Tribune Company Restructuring Model |
| 907. | 2010-12-22 | | Sidley Austin Responses and Objections to Aurelius Capital Management, LP  subpoena |
| 908. | 2010-12-23 | | Citigroup Responses and Objections to f Aurelius Capital Management, LP  Subpoena |
| 909. | 2010-12-23 | | Davis Polk & Wardwell LLP Responses and Objections to Aurelius Capital Management, LP Request for Production of documents |
| 910. | 2010-12-23 | | JP Morgan Chase Bank, N.A. Responses and Objections to Aurelius Capital Management, LP First Request for Production of Documents |
| 911. | 2010-12-23 | | Paul, Weiss, Rifkind, Wharton & Garrison LLP Reponses and Objections to Aurelius Capital Management, LP  Subpoena |
| 912. | 2010-12-24 | | Official Committee of Unsecured Creditors Responses and Objections to Aurelius Capital Management, LP  First Request for Production of Documents |

| Ex. No. | Date | Bates Number | Exhibit Description |
|---|---|---|---|
| 913. | 2010-12-27 | | Washington-Baltimore Newspaper Guild, Local 32035 Responses and Objections to Aurelius Capital Management, LP  Subpoena |
| 914. | 2010-12-27 | | Zuckerman Spaeder LLP Responses and Objections to Aurelius Capital Management, LP  Subpoena |
| 915. | 2010-12-27 | | Zwerdling, Paul, Klahn & Wholly, P.C. Responses and Objections to Aurelius Capital Management, LP Subpoena |
| 916. | 2010-12-27 | | Responses and Objections to Subpoena of Aurelius Capital Management, LP directed to Chadbourne & Parke LLP |
| 917. | 2010-12-28 | | Bank of America Responses and Objections to Aurelius Capital Management, LP  Request for Production of Documents |
| 918. | 2010-12-28 | | O'Melveny and Myers' Responses and Objections to Aurelius Capital Management, LP  Request for Production of Documents |
| 919. | 2010-12-29 | | Lazard Freres & Co. LLC Responses and Objections to Aurelius Capital Management, LP  Subpoena |
| 920. | 2010-12-29 | | Responses and Objections of Moelis & Co., LLC to Subpoena from Aurelius Capital Management, LP |
| 921. | | | INTENTIONALLY OMITTED – FORMATTING ERROR |
| 922. | 2010-12-29 | | William A. Niese Responses and Objections to Aurelius Capital Management, LP  Subpoena |
| 923. | 2010-12-29 | | Teitelbaum & Baskin, LLP Responses and Objections to Aurelius Capital Management, LP Subpoena |
| 924. | 2011-01-01 | | Fitch Ratings, Definition of Ratings and Other forms of Opinions |
| 925. | 2011-01-03 | | Debtors Answers and Objections to First Set of Interrogatories of Aurelius |
| 926. | 2011-01-04 | | JP Morgan Chase & Co. Responses and Objections to Aurelius Capital Management, LP  Second Request for Production of Documents |
| 927. | 2011-01-05 | | Valuation Research Corporation Responses to Aurelius Capital Management, LP  Subpoena |
| 928. | | | INTENTIONALLY OMITTED – DUPLICATE OF EX. 926 |
| 929. | 2011-01-06 | | UCC's Response and Objections to First Set of Interrogatories of Aurelius |
| 930. | 2011-01-07 | | EGI-TRB Responses and Objections to Aurelius Capital Management, LP  Subpoena |
| 931. | 2011-01-07 | | CRA International, Inc. Responses and Objections to Aurelius Capital Management, LP  Subpoena |

| Ex. No. | Date | Bates Number | Exhibit Description |
|---------|------|--------------|---------------------|
| 932. | 2011-01-07 | | Murray, Devine & Co., Inc., Responses and Objections to Aurelius Capital Management, LP Subpoena |
| 933. | 2011-02-09 | | Debtors Responses and Objections to Aurelius' Third Request |
| 934. | 2011-01-19 | | 2011 US Credit Special Situations |
| 935. | 2011-01-24 | | Aurelius Capital Management, LP  Third Document Request to JP Morgan |
| 936. | 2011-01-26 | | Article, "Tribune Company Announces 2010 Financial Highlights" |
| 937. | | | INTENTIONALLY OMITTED |
| 938. | | | INTENTIONALLY OMITTED |
| 939. | | | INTENTIONALLY OMITTED |
| 940. | | | INTENTIONALLY OMITTED |
| 941. | 2011-02-02 | TRB1233272-418 | Tribune Company Board of Directors 2010 Operating Performance Update |
| 942. | | | INTENTIONALLY OMITTED |
| 943. | | | INTENTIONALLY OMITTED |
| 944. | 2011-02-08 | | Expert Report of Ralph S. Tuliano |
| 945. | | | INTENTIONALLY OMITTED |
| 946. | | | INTENTIONALLY OMITTED |
| 947. | 2011-02-10 | | Letter from J. Aspelin to Hon. Carey |
| 948. | | | INTENTIONALLY OMITTED |
| 949. | 2011-02-11 | | Notice of Rule 30(b)(6) Deposition of JPMorgan |
| 950. | | | INTENTIONALLY OMITTED |
| 951. | | | INTENTIONALLY OMITTED |
| 952. | | | INTENTIONALLY OMITTED |

| Ex. No. | Date | Bates Number | Exhibit Description |
|---------|------|--------------|---------------------|
| 953. | | | INTENTIONALLY OMITTED |
| 954. | | | INTENTIONALLY OMITTED – DUPLICATE OF EX. 953 |
| 955. | 2011-02-21 | | Rebuttal Report of Ralph S. Tuliano |
| 956. | 2011-02-21 | | Expert Report of Shannon P. Pratt |
| 957. | 2011-02-21 | | Rebuttal Report of Bruce Beron, PhD |
| 958. | 2011-02-24 | | Rebuttal Report to Expert Valuation Report Submitted by Lazard Freres & Co. LLC |

The Noteholder Plan Proponents reserve the right to use any and all exhibits that are included on the exhibit lists of any of the Parties to this action. The Noteholder Plan Proponents further reserve the right to designate different or additional exhibits and/or withdraw exhibits based on further developments in these proceedings, and to use documents not already designated by any of the Parties for purposes of impeachment.

Dated: February 28, 2011
      Wilmington, Delaware

                **ASHBY & GEDDES, P.A.**


                 /s/  William P. Bowden
                William P. Bowden, Esq.  (I.D. No. 2553)
                Amanda M. Winfree, Esq.  (I.D. No. 4615)
                500 Delaware Avenue
                P.O. Box 1150
                Wilmington, DE 19899
                (302) 654-1888

                - and -

                Daniel H. Golden, Esq.
                David M. Zensky, Esq.
                Abid Qureshi, Esq.
                Akin Gump Strauss Hauer & Feld LLP

One Bryant Park
New York, New York 10036
(212) 872-1000

*Counsel to Aurelius Capital Management,
LP*


**BIFFERATO GENTILOTTI**


*/s/ Garvan F. McDaniel*
   Garvan F. McDaniel, Esq.
   800 N. King St., Plaza Level
   Wilmington, DE 19801
   (302) 429-1900

   - and -

   David S. Rosner, Esq.
   Andrew K. Glenn, Esq.
   Sheron Korpus, Esq.
   Kasowitz, Benson, Torres & Friedman LLP
   1633 Broadway
   New York, New York 10019
   (212) 506-1700

*Co-Counsel for Law Debenture Trust
Company of New York*


**SULLIVAN HAZELTINE ALLINSON
LLC**

   */s/ William D.  Sullivan*
William D. Sullivan, Esq. (Del. Bar No. 2820)
Elihu E. Allinson, Esq. (Del. Bar No. 3476)
4 East 8th Street, Suite 400
Wilmington, DE 19801
Telephone:  (302) 428-8191
Facsimile: (302) 428-4195
Email: bsullivan@sha-llc.com
Email: zallinson@sha-llc.com

-and-

**BROWN RUDNICK LLP**
Robert J. Stark, Esq.
Martin S. Siegel, Esq.
Gordon Z. Novod, Esq.
Katherine S. Bromberg, Esq.
Seven Times Square
New York, New York 10036
Telephone:  (212) 209-4800
Facsimile:  (212) 209-4801
Email: rstark@brownrudnick.com
Email: msiegel@brownrudnick.com
Email: gnovod@brownrudnick.com
Email: kbromberg@brownrudnick.com

*Counsel to Wilmington Trust Company, as
Successor Indenture Trustee for the $1.2
Billion Exchangeable Subordinated
Debentures Due 2029, Generally Referred to
as the PHONES*


**McCARTER & ENGLISH, LLP**


  __/s/ James J. Freebery_____
James J. Freebery, Esq.  (I.D. No. 3498)
Renaissance Centre
405 N. King Street
Wilmington, DE 19801
302-984-6300

-and-

Steven Beckelman, Esq.
100 Mulberry Street
Gateway Four
Newark, New Jersey 07102
(973) 622-4444

*Counsel to Deutsche Bank Trust Company
Americas*


50

# EXHIBIT E

**Discovery Items and Trial Depositions to be Offered Into Evidence**

**EXHIBIT E-1**

**The DCL Plan Proponents' Designation of Deposition Testimony**

**The Objections and Counter Designations of the Debtor/Committee/Lender Plan Proponents to the Designations of Deposition Testimony by the Noteholder Plan Proponents**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| | ) Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, *et al.*, | ) Jointly Administered |
| | ) |
| Debtors. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

### THE DEBTOR/COMMITTEE/LENDER PLAN PROPONENTS'
### DESIGNATION OF DEPOSITION TESTIMONY

Pursuant to Paragraph 26 of the Discovery and Scheduling Order for Plan

Confirmation dated December 20, 2010 (D.I. 7239) (the "Case Management Order"), and

Federal Rule of Civil Procedure 32, the Proponents of the Debtor/Committee/Lender Plan

(the "DCL Plan Proponents") hereby designate the following deposition testimony solely

for use in connection with the confirmation hearing and for no other purpose:

1.    **Deposition of Ben Buetell, December 2, 2009:**

      67:13-77:18, 29:9 – 38:8, 59:9 -62:8

2.    **Deposition of Mose Rucker, December 3, 2009:**

      9:2-9:7, 48:11-49:9, 50:3-50:22, 80:15-81:17, 89:22-91:22, 92:22-93:22,
      95:2-98:11, 98:12-99:17, 126:16-129:11, 174:15-175:17, 205:19-206:23,
      209:18-211:14, 219:22-220:19, 226:7- 226:24, 237:4-240:20, 242:5-243:4,
      291:9 – 291:15, 292:6-292:22

3.    **Deposition of Bryan Browning, December 4, 2009:**

      9:2-9:7, 38:7-38:21, 50:18-51:2, 67:12-68:17, 90:19-94:14, 123:19-125:9,
      139:5-140:17, 140:18-147:13, 150:6-152:16, 152:17-154:5, 154:6-154:15,
      154:16-155:8, 161:18- 161:21, 162:22-166:21, 168:15-170:25, 171:7-
      172:7, 190:2-191:8, 244:3-244:6, 244:15-245:2

4.    **Deposition of Harry Amsden, December 16, 2009:**

8:7 –21:22, 24:4-29:14, 25:18 –41:1, 49:4-53:12, 53:23-59:10, 70:16-73:12, 73:18 – 84:24, 144:19 -153:13

5.    **Deposition of Elyse Bluth, December 19, 2009:**

104:1-106:2, 122:4 – 122:17

6.    **Deposition of Julie Persily, February 1, 2011:**

9:5 – 22:25, 29:9 – 29:10,29:19 – 31:15, 32:4 – 32:7, 44:3 – 45:18, 46:5 – 48:2, 49:1 – 49:17, 52:15 – 53:24, 54:13 – 54:24, 61:13 – 61:23, 63:24 – 64:11, 65:2 – 65:24, 73:7 – 73:15, 80:21 – 81:14, 90:10 – 90:21, 92:25 – 93:24, 98:20 – 99:12, 105:17 – 106:25, 113:9 – 114:2, 118:16-119:3, 121:12 – 122:5, 145:10-146:21, 151:11-155:19, 156:10-160:25, 171:3 – 173:15, 173:16 – 177:11, 179:18 – 179:24, 188:18 – 198:20, 222:22 – 234:10, 262:18 – 262:25, 265:16 – 269:5, 272:4 – 272:20, 275:10 – 276:8, 278:21 – 281:16, 289:20 – 290:13, 302:11-302:23, 309:9 – 310:12, 313:12 – 313:19, 317:10 – 319:24

7.    **Deposition of Daniel Petrik, February 4, 2011:**

9:4 – 12:20, 16:21 -20:6, 21:8 – 21:18, 22:9 – 26:24, 32:15 – 33:6, 37:7 – 38:21, 39:3 – 39:13, 41:9 – 42:6, 42:25 – 44:24, 45:15 – 47:20, 53:8 – 54:3, 60:2-61:5, 64:4 – 67:21, 69:10-69:13, 75:4 – 75:17, 78:12 – 79:19, 101:17 – 102:5, 102:13 – 105:24, 121:16-122:5, 128:10 – 130:16, 139:11 – 139:20, 144:20 – 146:16, 149:16 – 152:7, 153:4-153:22, 154:12-154:23, 179:11-179:15, 180:16-180:25, 182:19-183:2, 184:7 – 186:22, 204:13 – 204:18, 205:5 – 205:15, 209:12 – 212:17, 214:11-214:16, 215:20 – 216:9, 216:19-217:18, 221:17-221:24, 224:10-224:19, 226:5 – 230:2, 231:18 – 232:13

8.    **Deposition of Ferdinand Grimminck, February 10, 2011:**

9:8 – 17:7, 28:6 – 28:22, 29:6 – 30:7, 32:4 – 32:5, 33:14 – 40:21, 40:23 – 43:15, 57:18 – 58:9, 67:3 – 67:6, 70:8-70:16, 75:13 – 77:24, 84:4 – 86:3, 86:6 – 88:8, 93:16 – 97:21, 103:5 – 107:2, 112:4 – 120:2, 124:22 – 138:23, 141:10 – 145:10

9.    **Deposition of Mark Shapiro, October 13, 2010**

16:16 – 20:6,22:3 – 22:15, 29:10 – 32:19, 35:25 – 37:8, 39:12 – 41:4, 59:17 -60:20, 68:21-70:7, 71:16 -71:21, 91:23-93:17

2

10.    **Deposition of Mary Agnes Wilderotter, October 13, 2010**

9:5 – 13:11, 28:5 – 30:12, 32:21-33:4, 34:13-35:14, 37:12 – 39:21,40:3 – 40:6, 54:8 – 57:18, 65:4 – 65:12, 70:24 – 72:11, 90:22 – 93:4, 97:12 – 97:14, 98:18 – 98:22, 105:12 -106:10, 107:23 – 109:21, 110:1-112:5, 152:15-153:11

The DCL Plan Proponents expressly reserve the right to amend or supplement these designations at any time, to designate additional testimony from those witnesses who have not been deposed prior to February 14, 2011, and to designate additional testimony pursuant to Paragraph 27 of the Case Management Order.

Dated: Wilmington, Delaware
     February 15, 2011

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kevin Lantry
James W. Ducayet
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

SIDLEY AUSTIN LLP
James F. Bendernagel
David M. Miles
1501 K Street, N.W.
Washington, DC 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711

     -and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
1500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

Counsel for Debtors and Debtors in
Possession

CHADBOURNE & PARKE LLP
Howard Seife
David M. LeMay
Thomas J. McCormack
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

LANDIS RATH & COBB LLP
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

Counsel for the Official Committee of Unsecured Creditors

ZUCKERMAN SPAEDER LLP
Graeme W. Bush
James Sottile
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Telephone: (202) 778-1800
Facsimile: (202) 822-8106

Special Counsel to the Official Committee of Unsecured Creditors

DAVIS POLK & WARDWELL LLP
Donald S. Bernstein
Damian Schaible
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4500

RICHARDS, LAYTON & FINGER, P.A.
Mark D. Collins (No. 2981)
Robert J. Stearn, Jr. (No. 2915)
Drew G. Sloan (No. 5069)
One Rodney Square, 920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651 7701

Counsel for JPMorgan Chase Bank, N.A.

WILMER CUTLER PICKERING
HALE & DORR LLP
Andrew N. Goldman
399 Park Avenue
New York, NY 10022
Telephone: (212) 230-8800

Counsel for Angelo, Gordon & Co., L.P.

DEWEY & LEBOEUF LLP
James O. Johnston
Joshua M. Mester
333 South Grand Avenue
Suite 2600
Los Angeles, CA 90071-1530
United States
213 621 6000 (phone)
213 621 6100 (fax)

YOUNG CONAWAY
STARGATT & TAYLOR, LLP
Robert S. Brady (No. 2847)
M. Blake Cleary (No. 3614)
The Brandywine Building – 17th Floor
1000 West Street, Post Office Box 391
Wilmington, DE 19899
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Oaktree Capital Management, L.P. and Angelo, Gordon & Co., L.P.

5

DC1 1932341v.3

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| TRIBUNE COMPANY, *et al.*, | ) Case No. 08-13141 (KJC) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) |
| | ) |
| | ) |
| | ) |

## OBJECTIONS AND COUNTER DESIGNATIONS OF THE DEBTOR/COMMITTEE/LENDER PLAN PROPONENTS TO THE DESIGNATIONS OF DEPOSITION TESTIMONY BY THE NOTEHOLDER PLAN PROPONENTS

Pursuant to Paragraph 26 of the Discovery and Scheduling Order for Plan Confirmation dated December 20, 2010 (D.I. 7239) (the "Case Management Order"), and Federal Rule of Civil Procedure 32, the Proponents of the Debtor/Committee/Lender Plan (the "DCL Plan Proponents") hereby make the following objections and counter-designations, solely for use in connection with the confirmation hearing and for no other purpose to the designations of deposition testimony made by the Noteholder Plan Proponents. The designations of the Noteholder Plan Proponents appear in the first two columns of each table below, while the objections and counter-designations of the DCL Plan Proponents appear in the third and fourth columns of each such table.

The DCL Plan Proponents expressly reserve the right to amend or supplement these objections and counter-designations at any time and to submit objections and counter-designations with respect to the testimony of witnesses who have not been deposed prior to February 14, 2011.

Ben A. Buetell – December 2, 2009

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
| 8:1 | 8:7 | Relevance | |
| 9:21 | 10:19 | Relevance | |
| 10:23 | 11:24 | Relevance | |
| 16:20 | 17:13 | Relevance | |
| 20:6 | 20:19 | Relevance | |
| 21:13 | 22:17 | Relevance | |
| 23:4 | 23:15 | Relevance | |
| 29:9 | 30:3 | | |
| 31:12 | 31:23 | | |
| 35:1 | 35:4 | | |
| 37:2 | 39:1 | | |
| 39:20 | 39:23 | Relevance, hearsay | |
| 40:17 | 40:18 | Relevance, hearsay | |
| 41:4 | 41:12 | Relevance | |
| 41:18 | 42:18 | Relevance, hearsay | |
| 42:22 | 43:3 | Relevance | 47:14-48:2 |
| 51:24 | 52:8 | Relevance | |
| 52:14 | 52:24 | Relevance | |
| 54:15 | 55:1 | Relevance, hearsay | |
| 55:5 | 55:9 | Relevance | |
| 58:15 | 58:23 | Relevance, hearsay | |
| 59:9 | 60:2 | | 60:3-61:1 |

2

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
| 61:22 | 61:24 | | |
| 62:5 | 62:8 | | |
| 63:16 | 64:8 | Relevance, hearsay | |
| 68:22 | 69:6 | | |
| 69:11 | 70:6 | | 70:7-16 |
| 71:7 | 73:22 | | |
| 75:4 | 75:15 | | 75:23-76:10 <br> 76:24-77:18 |
| 79:22 | 80:15 | Relevance | |
| 81:9 | 82:7 | Relevance | |
| 82:17 | 82:22 | Relevance | |
| 86:18 | 91:1 | Relevance, hearsay | |
| 91:5 | 92:9 | Relevance, hearsay | |
| 93:21 | 94:10 | Relevance | |
| 94:21 | 95:2 | Relevance | 101:7-103:1 |
| 105:5 | 105:24 | Relevance | |
| 113:18 | 114:2 | Relevance, hearsay | |
| 115:17 | 116:11 | Relevance | |
| 116:24 | 119:18 | | 116:19-23 |
| 122:4 | 122:18 | Relevance, hearsay | |
| 123:6 | 123:17 | Relevance, hearsay | |
| 124:2 | 125:15 | | |
| 125:22 | 126:3 | | |

3

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
| 128:12 | 130:22 | | 130:23-132:1 |
| 132:14 | 133:7 | Relevance | 133:8-9 |
| 136:11 | 137:14 | Relevance | |
| 137:23 | 138:4 | Relevance, hearsay | |
| 138:14 | 138:22 | Relevance | |
| 139:9 | 139:20 | Relevance | |
| 140:2 | 140:15 | Relevance | |
| 143:20 | 144:22 | Relevance, hearsay | |
| 145:9 | 145:20 | Relevance, hearsay | |
| 146:2 | 146:10 | Relevance | 147:4-9 |
| 148:4 | 149:23 | Relevance, hearsay | |
| 150:2 | 150:19 | Relevance | |

### Mose Rucker – December 3, 2009

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
| 9:8 | 9:13 | | |
| 16:3 | 16:10 | | 15:2-15:6 |
| 16:21 | 16:25 | | |
| 17:13 | 18:16 | | |
| 21:15 | 22:3 | | |
| 25:24 | 26:10 | | |
| 37:25 | 38:15 | | |

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
| 39:18 | 40:8 | | 40:9-17 |
| 40:18 | 40:25 | | |
| 41:11 | 41:20 | | |
| 43:16 | 44:25 | | |
| 49:5 | 49:16 | | |
| 50:3 | 50:22 | | |
| 65:16 | 66:16 | | |
| 67:18 | 68:10 | | 67:7-67:17 |
| 69:10 | 71:17 | | 68:11-69:2 |
| 93:9 | 93:22 | | |
| 94:6 | 94:12 | | |
| 96:10 | 96:23 | | |
| 98:12 | 99:7 | | |
| 105:9 | 106:2 | | |
| 110:11 | 113:20 | | |
| 114:25 | 115:10 | | 115:11-19 |
| 115:20 | 116:5 | | 116:6-10 |
| 116:11 | 116:24 | | |
| 124:25 | 128:5 | | |
| 135:7 | 135:11 | | |
| 137:4 | 137:11 | | 136:15-137:3 |
| 140:22 | 141:24 | | |
| 147:13 | 147:24 | | |

5

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
| 148:16 | 149:20 | | |
| 150:5 | 150:21 | | |
| 161:7 | 161:11 | | |
| 162:12 | 162:15 | | |
| 162:23 | 163:8 | | |
| 164:7 | 164:15 | | |
| 165:19 | 166:14 | | |
| 166:16 | 167:2 | | |
| 169:18 | 170:13 | | 170:14-171:4 |
| 171:16 | 172:20 | | |
| 173:10 | 174:5 | | |
| 174:23 | 175:6 | | |
| 175:18 | 175:23 | | |
| 185:4 | 185:7 | | |
| 188:14 | 188:20 | | |
| 188:24 | 189:5 | | 189:6-189:9 |
| 189:10 | 189:13 | | |
| 190:16 | 191:10 | | |
| 208:25 | 210:11 | | |
| 211:9 | 213:3 | | |
| 219:4 | 220:19 | | |
| 229:18 | 232:13 | | |
| 234:2 | 234:13 | | |

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
| 237:4 | 239:7 | | |
| 240:21 | 240:25 | | |
| 241:6 | 243:4 | | |
| 245:14 | 245:18 | | |
| 246:2 | 248:7 | | |
| 267:19 | 267:24 | | |
| 268:23 | 269:5 | | |
| 269:20 | 270:6 | | |
| 276:6 | 278:7 | | |

### Bryan Browning – December 4, 2009

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
| 9:8 | 9:11 | | |
| 12:25 | 13:17 | | 11:24-12:14 |
| 14:4 | 14:7 | | |
| 14:19 | 15:7 | | |
| 15:13 | 15:18 | | |
| 24:8 | 24:14 | | |
| 26:2 | 26:8 | | |
| 28:19 | 29:3 | Relevance | |
| 29:7 | 29:16 | Relevance | |
| 32:6 | 32:18 | | |

7

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
| 35:8 | 35:22 | | |
| 37:14 | 37:21 | | |
| 45:13 | 45:18 | | |
| 45:25 | 46:2 | | |
| 46:9 | 47:2 | | |
| 48:17 | 49:3 | | |
| 51:3 | 51:20 | | |
| 52:9 | 53:2 | | 53:9-20 |
| 58:13 | 59:6 | | |
| 64:14 | 66:9 | | |
| 67:12 | 69:13 | | |
| 70:10 | 70:21 | | 70:22-71:18 |
| 78:7 | 79:2 | | 79:13-80:19 |
| 94:2 | 94:7 | | |
| 94:15 | 95:2 | | |
| 95:17 | 95:24 | | |
| 97:19 | 98:14 | | |
| 99:3 | 99:10 | | |
| 119:7 | 119:11 | | |
| 120:6 | 120:14 | | |
| 120:24 | 121:6 | | |
| 121:20 | 122:19 | | 122:25-123:8 |
| 124:17 | 124:22 | | |

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
| 128:22 | 128:25 | | |
| 129:3 | 129:13 | | |
| 131:9 | 131:15 | | |
| 131:21 | 131:22 | | |
| 132:2 | 134:21 | | |
| 135:19 | 136:5 | | |
| 138:24 | 139:13 | | |
| 142:6 | 142:21 | | |
| 150:2 | 152:24 | | |
| 153:10 | 153:22 | | |
| 154:16 | 154:24 | | |
| 155:15 | 157:19 | | 155:9-14 |
| 159:20 | 160:10 | | |
| 161:22 | 162:9 | | |
| 165:23 | 166:6 | | |
| 166:25 | 167:15 | | 167:16-24 |
| 168:10 | 168:14 | | |
| 171:2 | 171:9 | | |
| 172:8 | 172:16 | | |
| 172:21 | 174:15 | | |
| 218:13 | 218:23 | | 218:24-220:3 |

9

**Harry Amsden – December 16, 2009**

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
| 5:8 | 5:10 | | |
| 8:7 | 8:23 | | |
| 12:17 | 13:11 | | |
| 13:14 | 14:21 | | 14:22-15:18, 49:4-53:12, 53:23-59:10 |
| 15:19 | 16:14 | | 16:15-16:23, 49:4-53:12, 53:23-59:10 |
| 16:24 | 17:17 | | 17:18-17:21, 49:4-53:12, 53:23-59:10 |
| 17:22 | 18:15 | | 18:16-18:21, 49:4-53:12, 53:23-59:10 |
| 18:22 | 18:24 | | 19:1-19:4, 49:4-53:12, 53:23-59:10 |
| 19:5 | 19:16 | | 19:17-20:13, 49:4-53:12, 53:23-59:10 |
| 20:14 | 20:24 | | 21:1-21:22, 24:4-29:14, 49:4-53:12, 53:23-59:10 |
| 25:1 | 25:22 | | |
| 62:2 | 62:7 | | |
| 63:6 | 64:11 | | |
| 65:16 | 67:9 | | |

10

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
| 67:16 | 68:22 | | |
| 69:19 | 70:15 | | 70:16-73:12, 73:18-84:24 |
| 88:4 | 90:1 | | 73:18-84:24 |
| 91:3 | 93:21 | | |
| 94:1 | 94:24 | | 95:1-95:7 |
| 105:6 | 105:19 | | |
| 106:12 | 107:11 | | |
| 107:19 | 108:8 | | |
| 110:19 | 111:5 | | |
| 117:22 | 119:10 | | |
| 119:15 | 120:3 | | |
| 122:16 | 124:6 | | |
| 133:19 | 134:11 | | |
| 135:8 | 135:18 | | |
| 139:11 | 140:9 | | 144:19-145:11 |
| 145:12 | 145:21 | | |
| 145:24 | 146:5 | | 146:6-147:20 |
| 147:21 | 148:7 | | 148:8-148:20 |
| 148:21 | 150:20 | | 150:21-153:13 |
| 162:19 | 163:6 | | |
| 164:16 | 165:21 | | |
| 166:1 | 166:19 | | |

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
| 172:20 | 173:3 | | |
| 186:4 | 186:13 | | |
| 188:23 | 189:16 | | |
| 192:2 | 192:13 | | |
| 194:8 | 195:16 | | |
| 195:19 | 196:3 | | |
| 197:2 | 197:5 | | |
| 197:15 | 197:18 | | |
| 197:21 | 198:17 | | |
| 198:22 | 199:5 | | |
| 208:10 | 208:24 | | |
| 209:7 | 210:6 | | |
| 239:21 | 240:5 | | |
| 248:10 | 251:11 | | |

### Elyse S. Bluth – December 17, 2009

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
| 6:9 | 6:17 | | |
| 12:17 | 12:22 | | |
| 15:6 | 15:19 | | |
| 16:7 | 16:14 | | |
| 17:4 | 17:21 | | |

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
| 18:7 | 18:13 | | |
| 21:17 | 22:7 | | |
| 24:7 | 24:23 | | |
| 26:9 | 26:12 | | |
| 26:20 | 27:11 | hearsay | |
| 28:12 | 29:1 | hearsay | |
| 32:14 | 33:16 | | |
| 39:4 | 39:8 | | |
| 39:13 | 39:22 | Form, lack of foundation | |
| 40:14 | 40:16 | | |
| 40:19 | 41:10 | Form, lack of foundation | |
| 41:15 | 41:18 | | |
| 41:22 | 42:9 | | |
| 42:12 | 42:22 | | |
| 56:5 | 56:23 | form | |
| 57:11 | 57:16 | | |
| 58:3 | 58:12 | | |
| 65:10 | 65:16 | | |
| 66:17 | 68:13 | | |
| 69:14 | 70:5 | hearsay | |
| 76:23 | 77:8 | | |
| 78:19 | 79:24 | | |

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
| 89:8 | 89:19 | | |
| 95:14 | 95:23 | | |
| 96:16 | 96:24 | | |
| 100:6 | 100:15 | | |
| 101:11 | 101:16 | hearsay | |
| 103:9 | 103:16 | | |
| 103:21 | 103:24 | hearsay | |
| 104:18 | 105:8 | | 104:1-104:17, 105:9 – 106:2 |
| 107:17 | 107:22 | | |
| 108:4 | 108:20 | hearsay | |
| 113:4 | 113:8 | | |
| 122:4 | 122:17 | | |
| 130:10 | 130:14 | | |
| 132:10 | 132:16 | | |
| 133:9 | 133:18 | | |
| 139:3 | 139:17 | | |
| 143:11 | 143:19 | | |
| 143:23 | 144:7 | | |
| 144:11 | 144:23 | | |
| 147:6 | 148:18 | | |
| 176:11 | 178:3 | | |
| 178:20 | 179:1 | | |

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
| 179:6 | 179:13 | | |
| 179:20 | 179:24 | hearsay | |
| 183:21 | 184:11 | | |
| 185:9 | 185:21 | | |
| 186:5 | 186:12 | | |
| 188:1 | 188:23 | | |
| 191:2 | 192:1 | | |
| 192:6 | 192:8 | | |
| 197:10 | 197:22 | | |
| 198:7 | 198:13 | | |
| 198:20 | 199:6 | | |
| 206:11 | 207:18 | hearsay | |
| 208:2 | 208:7 | hearsay | |
| 208:14 | 208:18 | | |
| 212:11 | 213:12 | hearsay | |
| 214:14 | 214:24 | | |
| 219:8 | 219:22 | | |
| 221:7 | 222:8 | | |
| 222:18 | 223:1 | Form, lack of foundation | |
| 224:13 | 225:4 | form | |
| 226:13 | 228:14 | | |
| 229:11 | 229:15 | | |

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
| 231:15 | 231:23 | | |
| 232:2 | 232:6 | | |
| 232:10 | 232:14 | | |
| 241:11 | 241:23 | | |
| 242:2 | 242:10 | | |
| 243:6 | 243:16 | | |
| 244:22 | 245:19 | Form, lack of foundation, hearsay | |
| 248:4 | 248:12 | | |
| 252:2 | 252:16 | hearsay | |
| 253:23 | 255:3 | Hearsay, relevance | |
| 261:24 | 262:9 | | |
| 263:18 | 263:18 | | |
| 263:24 | 264:20 | | |
| 270:23 | 271:11 | | |
| 272:1 | 272:10 | | |
| 272:17 | 273:7 | Hearsay, form | |
| 273:12 | 274:22 | | |
| 276:1 | 276:20 | | |
| 277:1 | 277:8 | | |
| 279:19 | 280:14 | | |

**Rajesh Kapadia – January 22, 2010**

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
| 7:1 | 7:10 | | |
| 14:8 | 14:16 | | |
| 18:10 | 18:16 | | |
| 20:11 | 20:19 | | |
| 34:10 | 34:25 | Foundation, Vague | |
| 35:11 | 36:16 | Exhibit marking contains no testimony (43:12-14) | |
| 43:12 | 43:14 | | |
| 46:5 | 46:9 | | |
| 48:14 | 51:6 | Document speaks for itself (48:14-17); Speculation (48:18-23); Compound question (49:10-17); Vague (50:6-51:6); Question stricken on the record (50:25-51:6) | |
| 51:18 | 55:21 | Speculation (51:18-11, 52:25-53:6); Document speaks for itself (53:17-22) | |
| 57:8 | 59:22 | | |
| 61:17 | 62:3 | | |

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
| 63:8 | 63:22 | | |
| 65:14 | 74:20 | Document speaks for itself (65:14-65:16; 69:5-11); Speculation (67:10-68:7); Relevance (70:11-72:23); | |
| 76:13 | 76:17 | Exhibit marking contains no testimony (76:13-17) | |
| 77:24 | 80:10 | Document speaks for itself (78:25-79:11); Speculation (80:5-10) | |
| 81:11 | 81:17 | | |
| 82:17 | 83:17 | Exhibit marking contains no testimony (83:12-17) | |
| 87:6 | 87:22 | | |
| 89:16 | 89:24 | | |
| 90:6 | 90:9 | Exhibit Marking contains no testimony | |
| 90:22 | 93:25 | Speculation (91:13-18); Question lacks foundation (93:2-7) | |
| 94:14 | 101:14 | Hearsay (94:14-23); Document | |

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
|  |  | speaks for itself (95:8-16); Exhibit marking contains no testimony (96:15-17) |  |
| 129:16 | 130:13 | Relevance |  |
| 136:7 | 136:9 | Exhibit marking contains no testimony |  |
| 141:23 | 143:3 | Hearsay | 143:4-23 |
| 146:7 | 148:20 | Exhibit marking contains no testimony (146:7-13) | 148:21-149:12 |
| 149:13 | 164:9 | Exhibit marking contains no testimony (149:13-18); Document speaks for itself (152:7-11, 161:6-16); Question lacks foundation (154:14-155:8) |  |
| 171:20 | 172:10 | Exhibit marking contains no testimony (171:20-22); Question lacks foundation (171:21-172:10) | 172:11-175:15 |
| 172:16 | 186:16 | Lack of personal knowledge (172:15-173:4, 174:8-175:2); Document speaks for itself (175:3- |  |

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
| | | 175:8); Question lacks foundation (176:5-25); Relevance (178:4-14); Attorney colloquy (179:20-182:21) | |
| 188:25 | 203:11 | Document speaks for itself (188:25-189:4, 190:18-191:23, 194:24-195:9); Speculation (189:5-190:17); Question stricken on the record (193:23-194:11); Vague, question lacks foundation (194:12-23); Question withdrawn (195:10-196:2, 196:23-197:8); Attorney colloquy (195:12-195:24, 198:9-199:1); Question lacks foundation (196:3-196:14, 197:9-197:22, 201:16-202:7); Vague (200:20-201:15) | |
| 203:24 | 228:15 | Attorney colloquy (205:2-205:22, 207:8-208:8, 221:17-24, 227:23-228:6); Exhibit marking contains no testimony | |

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
|  |  | (205:23-206:2, 215:15-215:17, 221:11-14); Document speaks for itself (206:13-19, 206:25-207:7, 218:10-24, 222:12-22); Lack of personal knowledge (215:19-217:6); Question lacks foundation (220:9-220:18); Speculation (220:19-221:6, 227:20-22) |  |
| 229:2 | 236:14 | Relevance (229:19-234:19); Document speaks for itself (236:2-7); Speculation (236:8-236:14) |  |
| 241:2 | 242:15 | Attorney colloquy |  |
| 242:22 | 251:25 | Attorney colloquy (242:22-243:21, 243:25-245:21, 250:18-251:8); Exhibit marking contains no testimony (243:22-24, 247:13-248:7); Document speaks for itself (245:24-246:8, 249:18-250:8); Hearsay (249:18, 250:8) |  |
| 252:6 | 252:8 | Exhibit marking contains no |  |

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
| | | testimony | |
| 253:20 | 257:6 | Hearsay (253:20-254:15); Document speaks for itself, hearsay (253:20-254:15, 254:19-24); Attorney colloquy (255:15-256:7) | |

### John Kowalczuk – January 22, 2010

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
| 15:2 | 15:13 | Missing question (15:2) | |
| 15:22 | 16:5 | | |
| 24:7 | 24:23 | | |
| 26:22 | 27:5 | | |
| 28:24 | 29:10 | | |
| 32:14 | 32:21 | Question lacks foundation (32:14-16) | |
| 33:7 | 34:2 | | |
| 34:18 | 35:3 | Question lacks foundation (34:18-22) | |
| 51:10 | 53:3 | Speculation (52:11-18) | |
| 54:21 | 54:25 | | |
| 56:20 | 57:4 | Compound question (56:20- | |

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
| | | 57:4) | |
| 57:17 | 58:24 | | |
| 63:16 | 64:19 | Questions lack foundation (63:16-64:19); Speculation (64:7-12) | |
| 66:21 | 66:24 | Exhibit marking contains no testimony | |
| 68:23 | 70:7 | Document speaks for itself (68:23-70:7) | |
| 71:5 | 74:23 | Speculation (72:6-72:20) | |
| 75:6 | 75:9 | Exhibit marking contains no testimony | |
| 75:15 | 75:21 | | |
| 79:14 | 79:16 | | |
| 80:12 | 80:15 | | |
| 80:19 | 80:23 | | |
| 81:20 | 81:24 | Question lacks foundation | |
| 82:13 | 82:16 | Exhibit marking contains no testimony | |
| 85:7 | 87:17 | | 84:16-85:6 |
| 87:24 | 91:4 | Compound question (88:8-13); Speculation (88:21-89:5); Attorney | |

23

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
|  |  | colloquy and designated Financial Institution Highly Confidential (90:17-91:4) |  |
| 101:3 | 101:23 |  |  |
| 102:2 | 103:21 |  |  |
| 105:9 | 105:18 |  |  |
| 106:17 | 107:9 |  |  |
| 110:7 | 111:4 |  |  |
| 111:16 | 112:16 | Mischaracterization of witness's earlier testimony (112:3-16) |  |
| 115:5 | 115:15 |  |  |
| 116:3 | 116:9 |  |  |
| 125:14 | 126:12 | Document speaks for itself (125:14-17) |  |
| 138:6 | 142:13 |  |  |
| 143:18 | 145:9 |  |  |
| 147:15 | 147:20 |  |  |
| 150:23 | 151:17 |  |  |
| 154:11 | 154:14 |  |  |
| 157:15 | 158:2 |  |  |
| 158:22 | 159:10 |  |  |
| 160:25 | 161:6 |  |  |

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
| 167:7 | 168:3 | | |
| 169:24 | 170:5 | | |
| 171:6 | 172:15 | | |
| 185:9 | 185:14 | | |
| 190:3 | 190:17 | | |
| 195:7 | 197:14 | | |
| 197:19 | 200:20 | | |
| 204:17 | 204:19 | | |
| 206:16 | 208:5 | Document speaks for itself (206:16-23) | |
| 210:2 | 216:6 | Document speaks for itself (210:2-6, 211:18-212:4); Relevance (212:5-215:25); Exhibit marking contains no testimony (216:1-6) | |
| 220:15 | 223:25 | Attorney colloquy (220:15-221:11, 222:14-223:25) | |
| 224:14 | 225:15 | Exhibit marking contains no testimony (224:14-16); Lack of foundation and lack of personal knowledge (224:17-225:8); Document speaks for itself (225:9-225:15) | |

25

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
| 226:22 | 227:22 | Missing question (226:22-227:5); Question lacks foundation (227:6-227:22) | |
| 229:19 | 230:2 | | |
| 240:20 | 240:24 | | |
| 241:4 | 245:4 | Attorney colloquy (242:10-243:2) | |

### Mark Shapiro – October 13, 2010

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
| 10:5 | 10:7 | | |
| 10:15 | 10:22 | | |
| 11:3 | 11:24 | | |
| 12:20 | 13:6 | | 13:7-13:11 |
| 13:23 | 14:1 | | 14:2-14:10, 91:23-93:17 |
| 14:16 | 15:25 | | 91:23-93:17 |
| 16:16 | 17:3 | | 17:4-19:23 |
| 19:24 | 20:5 | | |
| 22:3 | 22:6 | | 22:7-22:15 |
| 23:21 | 24:16 | | 24:17-24:19 |
| 25:5 | 26:12 | | |
| 29:2 | 30:11 | | 30:12-32:8, |

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
| | | | 91:23-93:17 |
| 32:9 | 32:19 | | 68-21-70:7, 71:16-71:21, 91:23-93:17 |
| 35:10 | 36:4 | | 36:5-37:8, 39:12-41:4, 91:23-93:17 |
| 49:16 | 51:2 | | |
| 55:14 | 55:17 | | |
| 56:10 | 56:25 | | |
| 58:20 | 59:23 | | 59:24-60:20, 91:23-93:17 |
| 99:25 | 100:12 | | |
| 119:5 | 119:12 | | |
| 120:3 | 120:12 | | |
| 121:9 | 121:23 | | |
| 122:7 | 122:23 | | |
| 132:8 | 133:18 | Outside the scope of the topics identified in the deposition notice; calls for a legal conclusion | 91:23-93:17 |
| 135:12 | 135:22 | Outside the scope of the topics identified in the deposition notice; calls for a legal conclusion | 91:23-93:17 |
| 136:15 | 137:20 | Outside the scope of the topics identified in the | 68-21-70:7, 71:16-71:21, |

27

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
| | | deposition notice; calls for a legal conclusion, overbroad | 91:23-93:17 |
| 145:20 | 146:11 | | |
| 146:16 | 146:18 | | |
| 147:8 | 147:13 | | |
| 147:25 | 148:7 | | |
| 149:10 | 149:14 | | |

## Mary Agnes Wilderotter – October 13, 2010

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
| 7:25 | 8:4 | | |
| 24:16 | 25:11 | | 25:12-25:13 |
| 25:15 | 25:25 | Vague | |
| 26:12 | 26:25 | | |
| 27:8 | 27:18 | | |
| 30:13 | 30:19 | | 28:5-30:12, 90:22-93:4 |
| 30:24 | 32:6 | | 32:7-33:4, 90:22-93:4 |
| 33:5 | 33:23 | | 90:22-93:4 |
| 34:13 | 34:18 | | 34:19 – 39:21, 90:22-93:4 |
| 36:18 | 36:25 | | 90:22-93:4 |

28

| | | | |
|---|---|---|---|
| 37:12 | 38:6 | | 38:7-39:21, 40:3-40:6, 90:22-93:4 |
| 45:10 | 45:22 | Hearsay | 90:22-93:4 |
| 48:11 | 49:8 | Hearsay | 49:9-49:12, 90:22-93:4 |
| 50:3 | 50:17 | | 50:18-50:23, 90:22-93:4 |
| 51:9 | 51:11 | Hearsay | |
| 51:20 | 52:2 | Hearsay | 90:22-93:4 |
| 52:7 | 52:12 | Hearsay | 52:13-52:20, 90:22-93:4 |
| 53:18 | 53:22 | | 52:23-57:18, 90:22-93:4 |
| 61:21 | 62:5 | | |
| 65:13 | 66:5 | | 65:4-65:7, 66:6-67:6, 90:22-93:4 |
| 68:17 | 69:12 | | 90:22-93:4 |
| 69:23 | 70:2 | | 70:24-72:11, 90:22-93:4 |
| 73:8 | 73:20 | | |
| 74:23 | 75:2 | | |
| 75:17 | 76:8 | Hearsay | |
| 76:13 | 76:15 | Hearsay | |
| 82:11 | 83:3 | | 90:22-93:4 |
| 88:24 | 89:21 | Hearsay | |
| 93:5 | 93:8 | | 90:22-93:4 |
| 93:13 | 93:15 | | 90:22-93:4, 93:16-93:24 |

| 96:20 | 97:25 | | 98:2-98:9 |
|---|---|---|---|
| 98:10 | 99:12 | | |
| 102:8 | 102:16 | | |
| 102:24 | 103:6 | | |
| 105:12 | 106:14 | | 106:19-107:10 |
| 109:22 | 109:25 | | 107:23-109:21, 110:1-112:5 |
| 112:8 | 112:11 | | 90:22-93:4, 112:12-112:25, |
| 113:14 | 113:20 | | 90:22-93:4 |
| 146:19 | 147:2 | | 147:3-148:10 |

### Julie Persily – February 1, 2011

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
| 19:15 | 20:19 | | |
| 21:11 | 21:16 | | |
| 23:2 | 23:10 | Exhibit marking contains no testimony | |
| 24:4 | 25:19 | Document speaks for itself and hearsay (24:4-6); Lack of foundation, lack of personal knowledge and hearsay (24:12-24) | |
| 26:3 | 26:22 | | 26:23-25; 27:2-16 |
| 29:6 | 36:13 | Document speaks | |

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
| | | for itself and hearsay (32:12-15, 34:10-34:15, 39:5-10); Question lacks foundation (34:20-35:5) | |
| 37:18 | 37:25 | | |
| 39:5 | 39:22 | | |
| 44:3 | 45:18 | | |
| 45:20 | 48:4 | | |
| 48:5 | 51:6 | Exhibit marking does not contain testimony (48:5-13); Document speaks for itself and hearsay (48:20-25); Mischaracterizes witness's testimony (50:19-24) | |
| 55:13 | 55:15 | | |
| 59:8 | 59:24 | | 58:15-59:7 |
| 70:25 | 76:5 | Exhibit marking does not contain testimony (70:25-71:8); Document speaks for itself and hearsay (71:16-71:23, 72:14-17, 74:17-20-22, 75:18-20); Speculation (72:13); | |
| 76:19 | 81:22 | Exhibit marking contains no | |

31

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
|  |  | testimony (76:19-77:2); Speculation (78:4-10; 80:15-20); Hearsay (79:4-7); Compound question (79:18-80:3); |  |
| 90:10 | 93:24 | Document speaks for itself and hearsay (90:22-25, 91:14-15, 91:22-92:3); Speculation (92:18-24) |  |
| 95:8 | 97:2 | Exhibit marking does not contain testimony (95:8-14); Document speaks for itself and hearsay (95:25-96:3, 96:20-22) |  |
| 97:13 | 104:13 | Exhibit marking does not contain testimony (97:13-17, 100:17-23); Document speaks for itself and hearsay (98:5-16, 99:13-16, 99:13-19, 99:20-22, 103:4-6); Vague (102:13-103:3) |  |
| 108:17 | 108:24 |  |  |
| 110:6 | 113:8 | Document speaks for itself and hearsay (110:5-13, 111:17-22, 112:2-4, 112:10-11); Question calls for hearsay (111:7-12, |  |

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
| | | 111:23-25) | |
| 113:9 | 114:2 | | |
| 114:3 | 116:13 | Exhibit marking contains no testimony (114:3-8); Document speaks for itself and hearsay (114:15-17) | |
| 118:16 | 124:11 | Exhibit marking contains no testimony (122:16-20); Document speaks for itself and hearsay (119:10-11, 120:11-13, 120:18-19, 122:6-10, 122:15, 123:8-12; 123:23-124:4) | |
| 130:9 | 132:5 | Exhibit marking contains no testimony (130:9-131:2); Calls for a legal conclusion (131:10-13) | |
| 145:10 | 146:21 | [we designated] | |
| 149:20 | 153:2 | Exhibit marking contains no testimony (149:20-150:12); Document speaks for itself and hearsay (150:13-17) | |
| 153:3 | 155:23 | | |
| 156:10 | 161:5 | | |

33

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
| 171:13 | 177:6 | | |
| 205:20 | 208:16 | Exhibit marking contains no testimony (205:20-206:1) | |
| 209:25 | 212:6 | Exhibit marking contains no testimony (209:25-210:6); Document speaks for itself and hearsay (210:13-20; 210:23-211:2); Speculation (212:5-6) | |
| 222:22 | 223:9 | | |
| 228:16 | 229:2 | | |
| 250:13 | 252:9 | Compound question (250:13-251:6) | |
| 253:25 | 256:9 | Mischaracterization of prior testimony (253:25-254:15); Attorney colloquy (254:24-255:25); Speculation (256:7-9) | |
| 256:19 | 258:10 | | |
| 260:16 | 260:21 | | |
| 260:24 | 261:16 | | |
| 262:18 | 262:25 | | 262:2-17 |
| 265:16 | 267:20 | | |

34

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
| 268:2 | 269:5 | | |
| 272:4 | 273:12 | Document speaks for itself and hearsay (272:21-272:22, 272:25-273:2) | |
| 273:18 | 274:24 | | 274:25-275:6 |
| 275:7 | 277:2 | | |
| 277:19 | 278:14 | Exhibit marking contains no testimony (277:12-21) | |
| 282:19 | 285:15 | Document speaks for itself and hearsay (282:25-283:2, 283:9-10); Hearsay (283:22-284:3); Lack of foundation and personal knowledge (284:20-285:6) | |
| 287:6 | 288:14 | | |
| 295:22 | 298:8 | Exhibit marking contains no testimony | |
| 299:17 | 300:21 | Compound question (299:17-22); Lack of foundation and hearsay (299:23-300:11) | |
| 306:10 | 307:17 | Exhibit marking contains no testimony (306:10- | |

35

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
| | | 16); Document speaks for itself and hearsay (306:17-24) | |
| 308:11 | 312:8 | Exhibit marking contains no testimony (308:11-309:2); Speculation (310:22-25) | |
| 313:6 | 313:11 | | |

### Daniel Petrik – February 4, 2011

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
| 8:22 | 8:24 | | |
| 10:9 | 10:11 | | |
| 11:2 | 11:15 | Exhibit marking contains no testimony (11:2-11:6) | |
| 11:17 | 12:5 | | |
| 16:23 | 17:10 | | |
| 17:20 | 18:18 | | |
| 18:23 | 19:13 | | |
| 20:9 | 20:18 | Speculation (20:9-20:14) | |
| 22:9 | 23:17 | | |
| 24:3 | 24:13 | | |

36

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
| 25:8 | 26:8 | | |
| 30:22 | 32:5 | Exhibit marking does not contain testimony (30:22-31:2); Hearsay, document speaks for itself (31:20-32:5) | |
| 32:15 | 32:19 | | |
| 33:7 | 34:14 | Question mischaracterizes testimony (33:17-21) | |
| 35:21 | 36:4 | | |
| 36:17 | 36:22 | | |
| 37:7 | 37:24 | | |
| 38:25 | 39:13 | Exhibit marking contains no testimony (38:25-39:2) | |
| 41:15 | 42:11 | | |
| 46:25 | 47:6 | | |
| 55:2 | 55:12 | Exhibit marking contains no testimony (55:2-6) | |
| 55:17 | 56:8 | | |
| 57:20 | 58:2 | | |
| 59:3 | 60:15 | Hearsay, document speaks | |

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
| | | for itself (59:12-17). | |
| 62:7 | 63:7 | Exhibit marking contains no testimony (62:7-11); Lacks personal knowledge (62:23-63:7) | |
| 68:22 | 69:9 | | |
| 69:14 | 70:13 | Speculation (69:14-18); Question lacks foundation (69:19-24) | |
| 71:7 | 73:6 | Question lacks foundation (72:7-15) | |
| 73:19 | 75:17 | Question lacks foundation (72:24-73:6) | |
| 77:7 | 78:21 | | |
| 83:10 | 84:8 | Exhibit marking contains no testimony (83:10-14) | |
| 84:14 | 88:4 | Lacks personal knowledge; speculation, document speaks for itself (86:11-87:4) | |
| 88:9 | 88:20 | | |
| 89:12 | 90:25 | Speculation | |

38

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
|  |  | (89:12-15) |  |
| 92:14 | 96:23 | Exhibit marking does not contain testimony (92:14-18); Hearsay, document speaks for itself (93:15-20); Vague, assumes facts (96:8-16) |  |
| 102:6 | 102:7 | Exhibit marking contains no testimony (102:6-7) |  |
| 102:12 | 104:17 |  |  |
| 106:14 | 111:10 |  |  |
| 112:16 | 118:25 | Speculation (113:12-18; 116:4-116:14; 116:20-116:24) |  |
| 119:11 | 119:21 |  |  |
| 123:22 | 126:17 | Exhibit marking contains no testimony (123:22-124:3); speculation (124:14-17) |  |
| 128:10 | 131:24 | Mischaracterizes the document (131:12-18) |  |
| 134:10 | 134:25 |  |  |
| 137:17 | 138:20 |  |  |

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
| 139:7 | 139:20 | Exhibit marking contains no testimony (139:7-10) | |
| 141:16 | 143:13 | | |
| 145:3 | 145:22 | | |
| 146:17 | 148:10 | Exhibit marking contains no testimony (146:17-22) | |
| 148:16 | 151:11 | Exhibit marking contains no testimony (148:16-149:1); | |
| 152:3 | 152:23 | | |
| 154:24 | 155:12 | Hearsay, document speaks for itself (155:5-9) | |
| 158:10 | 160:24 | Exhibit marking contains no testimony (158:10-14); Question lacks foundation, vague (159:22-160:6) | |
| 163:6 | 165:19 | Question lacks foundation, mischaracterizes document (164:2-9); Hearsay (165:2-4); Speculation (165:5-19) | |

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
| 169:9 | 172:12 | Exhibit marking contains no testimony (169:9-13) | |
| 184:4 | 184:25 | Exhibit marking contains no testimony; document speaks for itself (184:4-13) | |
| 186:6 | 186:22 | Hearsay, document speaks for itself (186:6-12); Question lacks foundation (186:13-22) | |
| 204:13 | 205:13 | | |
| 206:20 | 225:14 | Mischaracterizes document (212:22-213:2); Attorney colloquy, Question calls for hearsay (219:12-221:15, 221:25-224:7) | |
| 230:8 | 231:9 | | |

### Ferdinand Grimminck – February 10, 2010

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
| 9:1 | 9:4 | | |
| 10:9 | 11:9 | | |

41

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
| 11:13 | 11:25 | | 11:10 - 11:12 |
| 12:11 | 13:9 | | 12:11-13:18 |
| 13:19 | 14:9 | | |
| 14:21 | 14:24 | | 14:11 - 14:24 |
| 15:7 | 15:22 | | |
| 16:4 | 17:7 | | |
| 19:6 | 19:11 | Exhibit marking contains no testimony | |
| 19:16 | 20:21 | | |
| 21:1 | 22:2 | | 22:3 - 23:4 |
| 23:6 | 25:16 | Document speaks for itself (24:22-25:2) | |
| 25:25 | 28:22 | | 29:6 - 30:7 |
| 29:16 | 29:19 | | |
| 31:14 | 33:9 | Document speaks for itself (31:18-25); Speculation (32:30-24) | |
| 33:14 | 34:13 | Document speaks for itself (33:14-21) | 34:14 - 35:17 |
| 35:18 | 42:11 | Document speaks for itself (35:25-36:4, 38:20-22, 39:3-7, 41:19-23) | 42:12 - 43:15 |
| 44:3 | 44:9 | | 29:6 - 30:7 |

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
| 44:21 | 46:25 | Document speaks for itself (45:16-19) | |
| 48:11 | 50:25 | Lack of personal knowledge (50:19-25) | 51:1 - 51:14 |
| 51:19 | 54:9 | Lack of personal knowledge (52:24-53:8); Document speaks for itself (52:6-12) | |
| 54:15 | 55:3 | Document speaks for itself (54:15-19) | |
| 55:6 | 57:25 | Document speaks for itself (55:11-15) | |
| 58:3 | 58:9 | | |
| 58:15 | 61:5 | Document speaks for itself (58:25-59:2, 59:25-60:3); Attorney colloquy (60:10-18) | 61:6 - 61:14 |
| 64:14 | 69:23 | Lack of personal knowledge (64:14-65:11); Document speaks for itself (65:12-21, 67:7-13) | 70:8 - 70:16 |
| 70:21 | 90:1 | Document speaks for itself (71:2-8, 72:1-11, 76:7-18, 78:21-79:13, 80:20-81:9, | 90:2-91:4 |

| From Page: Line | To Page: Line | Objection | Counter-designation |
|---|---|---|---|
|  |  | 84:18-85:2, 86:22-87:6, 89:4-15); Attorney colloquy (82:22-83:11) |  |
| 91:11 | 92:16 | Document speaks for itself (91:25-92:6) |  |
| 93:8 | 97:21 |  | 93:6 – 93:7 |
| 103:5 | 108:10 | Document speaks for itself (105:3-5); Hearsay (107:10-22) | 145:14-147:4 |
| 109:5 | 110:24 | Exhibit marking contains no testimony (109:5-7); Document speaks for itself (109:12-24, 110:4-8) |  |
| 112:6 | 128:12 | Document speaks for itself (116:4-9, 116:19-21, 117:4-8, 118:13-17, 119:4-6, 126:15-17); Attorney colloquy (121:16-124:21, 125:8-16) |  |
| 128:18 | 138:23 | Attorney colloquy (128:21-129:3); Documents speak for themselves (134:13-19, 137:13-22) |  |

Dated: Wilmington, Delaware
       February 22, 2011

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kevin Lantry
James W. Ducayet
One South Dearborn Street
Chicago, IL  60603
Telephone: (312) 853-7000
Facsimile:  (312) 853-7036

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Bendernagel
David M. Miles
1501 K Street, N.W.
Washington, DC 20005
Telephone: (202) 736-8000
Facsimile:  (202) 736-8711

       -and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
1500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone: (302) 652-3131
Facsimile:  (302) 652-3117


Counsel for Debtors and Debtors in
Possession


CHADBOURNE & PARKE LLP
Howard Seife
David M. LeMay
Thomas J. McCormack
30 Rockefeller Plaza
New York, NY  10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

LANDIS RATH & COBB LLP
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
919 Market Street, Suite 1800
Wilmington, DE  19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

Counsel for the Official Committee of Unsecured Creditors

45

ZUCKERMAN SPAEDER LLP
Graeme W. Bush
James Sottile
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Telephone: (202) 778-1800
Facsimile: (202) 822-8106

Special Counsel to the Official Committee of Unsecured Creditors

DAVIS POLK & WARDWELL LLP
Donald S. Bernstein
Damian Schaible
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4500

RICHARDS, LAYTON & FINGER, P.A.
Mark D. Collins (No. 2981)
Robert J. Stearn, Jr. (No. 2915)
Drew G. Sloan (No. 5069)
One Rodney Square, 920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651 7701

Counsel for JPMorgan Chase Bank, N.A.

WILMER CUTLER PICKERING
HALE & DORR LLP
Andrew N. Goldman
399 Park Avenue
New York, NY 10022
Telephone: (212) 230-8800

Counsel for Angelo, Gordon & Co., L.P.

DEWEY & LEBOEUF LLP
James O. Johnston
Joshua M. Mester
333 South Grand Avenue
Suite 2600
Los Angeles, CA 90071-1530
United States
213 621 6000 (phone)
213 621 6100 (fax)

YOUNG CONAWAY
STARGATT & TAYLOR, LLP
Robert S. Brady (No. 2847)
M. Blake Cleary (No. 3614)
The Brandywine Building – 17th Floor
1000 West Street, Post Office Box 391
Wilmington, DE 19899
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Oaktree Capital Management, L.P. and Angelo, Gordon & Co., L.P.

46

## EXHIBIT E-2

**Deposition Designations of the Noteholder Plan Proponents**

**The Noteholder Plan Proponents' Counter-Designations and Objections to the
Deposition Designations of the Debtor/Committee/Lender Plan Proponents**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X

In re:                                    :

                                          :    **Chapter 11 Cases**

                                          :    **Case No. 08-13141 (KJC)**

**TRIBUNE COMPANY, et al.,**                :    **(Jointly Administered)**

                                          :

                               Debtors.   :

-------------------------------------------------------X


## DEPOSITION DESIGNATIONS OF THE NOTEHOLDER PLAN PROPONENTS

The Noteholder Plan Proponents,[1] by and through its undersigned counsel, hereby submit

their deposition designations relative to the hearing scheduled for March 7, 2011. The

Noteholder Plan Proponents reserve the right to offer any of the designated deposition testimony,

and to offer additional or alternative deposition testimony at trial for rebuttal, impeachment,

foundation or other purposes. The Noteholder Plan Proponents reserve the right to amend or

modify these designations and to designate deposition testimony in response to designations by

any of the other parties in this action. The Noteholder Plan Proponents also reserve the right to

have witnesses provide testimony live at trial instead of by deposition.

---

[1] The Noteholder Plan Proponents are Aurelius Capital Management, LP, on behalf of its managed entities (collectively, "Aurelius"), Law Debenture Trust Company of New York, as successor indenture trustee under that certain Indenture dated March 19, 1996 between Tribune Company (successor to The Times Mirror Company) and Citibank, N.A., for the 6.61% Debentures due 2027 and the 7 1/4 % Debentures due 2096 ("Law Debenture"), Wilmington Trust Company, in its capacity as Successor Indenture Trustee for the PHONES Notes ("Wilmington Trust"), and Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee under certain indentures by and between Tribune ("DBTCA")

### Mose Rucker – December 3, 2009

| From Page: Line | To Page: Line |
|---|---|
| 9:8 | 9:13 |
| 16:3 | 16:10 |
| 16:21 | 16:25 |
| 17:13 | 18:16 |
| 21:15 | 22:3 |
| 25:24 | 26:10 |
| 37:25 | 38:15 |
| 39:18 | 40:8 |
| 40:18 | 40:25 |
| 41:11 | 41:20 |
| 43:16 | 44:25 |
| 49:5 | 49:16 |
| 50:3 | 50:22 |
| 65:16 | 66:16 |
| 67:18 | 68:10 |
| 69:10 | 71:17 |
| 93:9 | 93:22 |
| 94:6 | 94:12 |
| 96:10 | 96:23 |
| 98:12 | 99:7 |
| 105:9 | 106:2 |

| From Page: Line | To Page: Line |
|---|---|
| 110:11 | 113:20 |
| 114:25 | 115:10 |
| 115:20 | 116:5 |
| 116:11 | 116:24 |
| 124:25 | 128:5 |
| 135:7 | 135:11 |
| 137:4 | 137:11 |
| 140:22 | 141:24 |
| 147:13 | 147:24 |
| 148:16 | 149:20 |
| 150:5 | 150:21 |
| 161:7 | 161:11 |
| 162:12 | 162:15 |
| 162:23 | 163:8 |
| 164:7 | 164:15 |
| 165:19 | 166:14 |
| 166:16 | 167:2 |
| 169:18 | 170:13 |
| 171:16 | 172:20 |
| 173:10 | 174:5 |
| 174:23 | 175:6 |
| 175:18 | 175:23 |

| From Page: Line | To Page: Line |
|---|---|
| 185:4 | 185:7 |
| 188:14 | 188:20 |
| 188:24 | 189:5 |
| 189:10 | 189:13 |
| 190:16 | 191:10 |
| 208:25 | 210:11 |
| 211:9 | 213:3 |
| 219:4 | 220:19 |
| 229:18 | 232:13 |
| 234:2 | 234:13 |
| 237:4 | 239:7 |
| 240:21 | 240:25 |
| 241:6 | 243:4 |
| 245:14 | 245:18 |
| 246:2 | 248:7 |
| 267:19 | 267:24 |
| 268:23 | 269:5 |
| 269:20 | 270:6 |
| 276:6 | 278:7 |

### Bryan Browning – December 4, 2009

| From Page: Line | To Page: Line |
|-----------------|---------------|
| 9:8 | 9:11 |
| 12:25 | 13:17 |
| 14:4 | 14:7 |
| 14:19 | 15:7 |
| 15:13 | 15:18 |
| 24:8 | 24:14 |
| 26:2 | 26:8 |
| 28:19 | 29:3 |
| 29:7 | 29:16 |
| 32:6 | 32:18 |
| 35:8 | 35:22 |
| 37:14 | 37:21 |
| 45:13 | 45:18 |
| 45:25 | 46:2 |
| 46:9 | 47:2 |
| 48:17 | 49:3 |
| 51:3 | 51:20 |
| 52:9 | 53:2 |
| 58:13 | 59:6 |
| 64:14 | 66:9 |
| 67:12 | 69:13 |

| From Page: Line | To Page: Line |
|---|---|
| 70:10 | 70:21 |
| 78:7 | 79:2 |
| 94:2 | 94:7 |
| 94:15 | 95:2 |
| 95:17 | 95:24 |
| 97:19 | 98:14 |
| 99:3 | 99:10 |
| 119:7 | 119:11 |
| 120:6 | 120:14 |
| 120:24 | 121:6 |
| 121:20 | 122:19 |
| 124:17 | 124:22 |
| 128:22 | 128:25 |
| 129:3 | 129:13 |
| 131:9 | 131:15 |
| 131:21 | 131:22 |
| 132:2 | 134:21 |
| 135:19 | 136:5 |
| 138:24 | 139:13 |
| 142:6 | 142:21 |
| 150:2 | 152:24 |
| 153:10 | 153:22 |

| From Page: Line | To Page: Line |
|---|---|
| 154:16 | 154:24 |
| 155:15 | 157:19 |
| 159:20 | 160:10 |
| 161:22 | 162:9 |
| 165:23 | 166:6 |
| 166:25 | 167:15 |
| 168:10 | 168:14 |
| 171:2 | 171:9 |
| 172:8 | 172:16 |
| 172:21 | 174:15 |
| 218:13 | 218:23 |

### Ben A. Buetell – December 2, 2009

| From Page: Line | To Page: Line |
|---|---|
| 8:1 | 8:7 |
| 9:21 | 10:19 |
| 10:23 | 11:24 |
| 16:20 | 17:13 |
| 20:6 | 20:19 |
| 21:13 | 22:17 |
| 23:4 | 23:15 |

| From Page: Line | To Page: Line |
|---|---|
| 29:9 | 30:3 |
| 31:12 | 31:23 |
| 35:1 | 35:4 |
| 37:2 | 39:1 |
| 39:20 | 39:23 |
| 40:17 | 40:18 |
| 41:4 | 41:12 |
| 41:18 | 42:18 |
| 42:22 | 43:3 |
| 51:24 | 52:8 |
| 52:14 | 52:24 |
| 54:15 | 55:1 |
| 55:5 | 55:9 |
| 58:15 | 58:23 |
| 59:9 | 60:2 |
| 61:22 | 61:24 |
| 62:5 | 62:8 |
| 63:16 | 64:8 |
| 68:22 | 69:6 |
| 69:11 | 70:6 |
| 71:7 | 73:22 |
| 75:4 | 75:15 |

| From Page: Line | To Page: Line |
|---|---|
| 79:22 | 80:15 |
| 81:9 | 82:7 |
| 82:17 | 82:22 |
| 86:18 | 91:1 |
| 91:5 | 92:9 |
| 93:21 | 94:10 |
| 94:21 | 95:2 |
| 105:5 | 105:24 |
| 113:18 | 114:2 |
| 115:17 | 116:11 |
| 116:24 | 119:18 |
| 122:4 | 122:18 |
| 123:6 | 123:17 |
| 124:2 | 125:15 |
| 125:22 | 126:3 |
| 128:12 | 130:22 |
| 132:14 | 133:7 |
| 136:11 | 137:14 |
| 137:23 | 138:4 |
| 138:14 | 138:22 |
| 139:9 | 139:20 |
| 140:2 | 140:15 |

| From Page: Line | To Page: Line |
| --- | --- |
| 143:20 | 144:22 |
| 145:9 | 145:20 |
| 146:2 | 146:10 |
| 148:4 | 149:23 |
| 150:2 | 150:19 |

### Harry Amsden – December 16, 2009

| From Page: Line | To Page: Line |
| --- | --- |
| 5:8 | 5:10 |
| 8:7 | 8:23 |
| 12:17 | 13:11 |
| 13:14 | 14:21 |
| 15:19 | 16:14 |
| 16:24 | 17:17 |
| 17:22 | 18:15 |
| 18:22 | 18:24 |
| 19:5 | 19:16 |
| 20:14 | 20:24 |
| 25:1 | 25:22 |
| 62:2 | 62:7 |
| 63:6 | 64:11 |

| From Page: Line | To Page: Line |
|---|---|
| 65:16 | 67:9 |
| 67:16 | 68:22 |
| 69:19 | 70:15 |
| 88:4 | 90:1 |
| 91:3 | 93:21 |
| 94:1 | 94:24 |
| 105:6 | 105:19 |
| 106:12 | 107:11 |
| 107:19 | 108:8 |
| 110:19 | 111:5 |
| 117:22 | 119:10 |
| 119:15 | 120:3 |
| 122:16 | 124:6 |
| 133:19 | 134:11 |
| 135:8 | 135:18 |
| 139:11 | 140:9 |
| 145:12 | 145:21 |
| 145:24 | 146:5 |
| 147:21 | 148:7 |
| 148:21 | 150:20 |
| 162:19 | 163:6 |
| 164:16 | 165:21 |

| From Page: Line | To Page: Line |
|---|---|
| 166:1 | 166:19 |
| 172:20 | 173:3 |
| 186:4 | 186:13 |
| 188:23 | 189:16 |
| 192:2 | 192:13 |
| 194:8 | 195:16 |
| 195:19 | 196:3 |
| 197:2 | 197:5 |
| 197:15 | 197:18 |
| 197:21 | 198:17 |
| 198:22 | 199:5 |
| 208:10 | 208:24 |
| 209:7 | 210:6 |
| 239:21 | 240:5 |
| 248:10 | 251:11 |

### Elyse S. Bluth – December 17, 2009

| From Page: Line | To Page: Line |
|:---:|:---:|
| 6:9 | 6:17 |
| 12:17 | 12:22 |
| 15:6 | 15:19 |
| 16:7 | 16:14 |
| 17:4 | 17:21 |
| 18:7 | 18:13 |
| 21:17 | 22:7 |
| 24:7 | 24:23 |
| 26:9 | 26:12 |
| 26:20 | 27:11 |
| 28:12 | 29:1 |
| 32:14 | 33:16 |
| 39:4 | 39:8 |
| 39:13 | 39:22 |
| 40:14 | 40:16 |
| 40:19 | 41:10 |
| 41:15 | 41:18 |
| 41:22 | 42:9 |
| 42:12 | 42:22 |
| 56:5 | 56:23 |
| 57:11 | 57:16 |

13

| From Page: Line | To Page: Line |
|---|---|
| 58:3 | 58:12 |
| 65:10 | 65:16 |
| 66:17 | 68:13 |
| 69:14 | 70:5 |
| 76:23 | 77:8 |
| 78:19 | 79:24 |
| 89:8 | 89:19 |
| 95:14 | 95:23 |
| 96:16 | 96:24 |
| 100:6 | 100:15 |
| 101:11 | 101:16 |
| 103:9 | 103:16 |
| 103:21 | 103:24 |
| 104:18 | 105:8 |
| 107:17 | 107:22 |
| 108:4 | 108:20 |
| 113:4 | 113:8 |
| 122:4 | 122:17 |
| 130:10 | 130:14 |
| 132:10 | 132:16 |
| 133:9 | 133:18 |
| 139:3 | 139:17 |

| From Page: Line | To Page: Line |
|---|---|
| 143:11 | 143:19 |
| 143:23 | 144:7 |
| 144:11 | 144:23 |
| 147:6 | 148:18 |
| 176:11 | 178:3 |
| 178:20 | 179:1 |
| 179:6 | 179:13 |
| 179:20 | 179:24 |
| 183:21 | 184:11 |
| 185:9 | 185:21 |
| 186:5 | 186:12 |
| 188:1 | 188:23 |
| 191:2 | 192:1 |
| 192:6 | 192:8 |
| 197:10 | 197:22 |
| 198:7 | 198:13 |
| 198:20 | 199:6 |
| 206:11 | 207:18 |
| 208:2 | 208:7 |
| 208:14 | 208:18 |
| 212:11 | 213:12 |
| 214:14 | 214:24 |

| From Page: Line | To Page: Line |
|---|---|
| 219:8 | 219:22 |
| 221:7 | 222:8 |
| 222:18 | 223:1 |
| 224:13 | 225:4 |
| 226:13 | 228:14 |
| 229:11 | 229:15 |
| 231:15 | 231:23 |
| 232:2 | 232:6 |
| 232:10 | 232:14 |
| 241:11 | 241:23 |
| 242:2 | 242:10 |
| 243:6 | 243:16 |
| 244:22 | 245:19 |
| 248:4 | 248:12 |
| 252:2 | 252:16 |
| 253:23 | 255:3 |
| 261:24 | 262:9 |
| 263:18 | 263:18 |
| 263:24 | 264:20 |
| 270:23 | 271:11 |
| 272:1 | 272:10 |
| 272:17 | 273:7 |

| From Page: Line | To Page: Line |
|---|---|
| 273:12 | 274:22 |
| 276:1 | 276:20 |
| 277:1 | 277:8 |
| 279:19 | 280:14 |

### Rajesh Kapadia – January 22, 2010

| From Page: Line | To Page: Line |
|---|---|
| 7:1 | 7:10 |
| 14:8 | 14:16 |
| 18:10 | 18:16 |
| 20:11 | 20:19 |
| 34:10 | 34:25 |
| 35:11 | 36:16 |
| 43:12 | 43:14 |
| 46:5 | 46:9 |
| 48:14 | 51:6 |
| 51:18 | 55:21 |
| 57:8 | 59:22 |
| 61:17 | 62:3 |

| From Page: Line | To Page: Line |
|---|---|
| 63:8 | 63:22 |
| 65:14 | 74:20 |
| 76:13 | 76:17 |
| 77:24 | 80:10 |
| 81:11 | 81:17 |
| 82:17 | 83:17 |
| 87:6 | 87:22 |
| 89:16 | 89:24 |
| 90:6 | 90:9 |
| 90:22 | 93:25 |
| 94:14 | 101:14 |
| 129:16 | 130:13 |
| 136:7 | 136:9 |
| 141:23 | 143:3 |
| 146:7 | 148:20 |
| 149:13 | 164:9 |
| 171:20 | 172:10 |
| 172:16 | 186:16 |
| 188:25 | 203:11 |

| From Page: Line | To Page: Line |
|-----------------|---------------|
| 203:24          | 228:15        |
| 229:2           | 236:14        |
| 241:2           | 242:15        |
| 242:22          | 251:25        |
| 252:6           | 252:8         |
| 253:20          | 257:6         |

### John Kowalczuk – January 22, 2010

| From Page: Line | To Page: Line |
|-----------------|---------------|
| 15:2            | 15:13         |
| 15:22           | 16:5          |
| 24:7            | 24:23         |
| 26:22           | 27:5          |
| 28:24           | 29:10         |
| 32:14           | 32:21         |
| 33:7            | 34:2          |
| 34:18           | 35:3          |
| 51:10           | 53:3          |

| From Page: Line | To Page: Line |
| --- | --- |
| 54:21 | 54:25 |
| 56:20 | 57:4 |
| 57:17 | 58:24 |
| 63:16 | 64:19 |
| 66:21 | 66:24 |
| 68:23 | 70:7 |
| 71:5 | 74:23 |
| 75:6 | 75:9 |
| 75:15 | 75:21 |
| 79:14 | 79:16 |
| 80:12 | 80:15 |
| 80:19 | 80:23 |
| 81:20 | 81:24 |
| 82:13 | 82:16 |
| 85:7 | 87:17 |
| 87:24 | 91:4 |
| 101:3 | 101:23 |
| 102:2 | 103:21 |
| 105:9 | 105:18 |

| From Page: Line | To Page: Line |
| --- | --- |
| 106:17 | 107:9 |
| 110:7 | 111:4 |
| 111:16 | 112:16 |
| 115:5 | 115:15 |
| 116:3 | 116:9 |
| 125:14 | 126:12 |
| 138:6 | 142:13 |
| 143:18 | 145:9 |
| 147:15 | 147:20 |
| 150:23 | 151:17 |
| 154:11 | 154:14 |
| 157:15 | 158:2 |
| 158:22 | 159:10 |
| 160:25 | 161:6 |
| 167:7 | 168:3 |
| 169:24 | 170:5 |
| 171:6 | 172:15 |
| 185:9 | 185:14 |
| 190:3 | 190:17 |

| From Page: Line | To Page: Line |
|:---:|:---:|
| 195:7 | 197:14 |
| 197:19 | 200:20 |
| 204:17 | 204:19 |
| 206:16 | 208:5 |
| 210:2 | 216:6 |
| 220:15 | 223:25 |
| 224:14 | 225:15 |
| 226:22 | 227:22 |
| 229:19 | 230:2 |
| 240:20 | 240:24 |
| 241:4 | 245:4 |

**Mark Shapiro – October 13, 2010**

| From Page: Line | To Page: Line |
|---|---|
| 10:5 | 10:7 |
| 10:15 | 10:22 |
| 11:3 | 11:24 |
| 12:20 | 13:6 |
| 13:23 | 14:1 |
| 14:16 | 15:25 |
| 16:16 | 17:3 |
| 19:24 | 20:5 |
| 22:3 | 22:6 |
| 23:21 | 24:16 |
| 25:5 | 26:12 |
| 29:2 | 30:11 |
| 32:9 | 32:19 |
| 35:10 | 36:4 |
| 49:16 | 51:2 |
| 55:14 | 55:17 |
| 56:10 | 56:25 |
| 58:20 | 59:23 |
| 99:25 | 100:12 |
| 119:5 | 119:12 |

| From Page: Line | To Page: Line |
|---|---|
| 120:3 | 120:12 |
| 121:9 | 121:23 |
| 122:7 | 122:23 |
| 132:8 | 133:18 |
| 135:12 | 135:22 |
| 136:15 | 137:20 |
| 145:20 | 146:11 |
| 146:16 | 146:18 |
| 147:8 | 147:13 |
| 147:25 | 148:7 |
| 149:10 | 149:14 |

**Mary Agnes Wilderotter – October 13, 2010**

| From Page: Line | To Page: Line |
|---|---|
| 7:25 | 8:4 |
| 24:16 | 25:11 |
| 25:15 | 25:25 |
| 26:12 | 26:25 |
| 27:8 | 27:18 |
| 30:13 | 30:19 |
| 30:24 | 32:6 |

24

| From Page: Line | To Page: Line |
|---|---|
| 33:5 | 33:23 |
| 34:13 | 34:18 |
| 36:18 | 36:25 |
| 37:12 | 38:6 |
| 45:10 | 45:22 |
| 48:11 | 49:8 |
| 50:3 | 50:17 |
| 51:9 | 51:11 |
| 51:20 | 52:2 |
| 52:7 | 52:12 |
| 53:18 | 53:22 |
| 61:21 | 62:5 |
| 65:13 | 66:5 |
| 68:17 | 69:12 |
| 69:23 | 70:2 |
| 73:8 | 73:20 |
| 74:23 | 75:2 |
| 75:17 | 76:8 |
| 76:13 | 76:15 |
| 82:11 | 83:3 |
| 88:24 | 89:21 |
| 93:5 | 93:8 |

| From Page: Line | To Page: Line |
|---|---|
| 93:13 | 93:15 |
| 96:20 | 97:25 |
| 98:10 | 99:12 |
| 102:8 | 102:16 |
| 102:24 | 103:6 |
| 105:12 | 106:14 |
| 109:22 | 109:25 |
| 112:8 | 112:11 |
| 113:14 | 113:20 |
| 146:19 | 147:2 |

### Julie Persily – February 1, 2011

| From Page: Line | To Page: Line |
|---|---|
| 19:15 | 20:19 |
| 21:11 | 21:16 |
| 23:2 | 23:10 |
| 24:4 | 25:19 |
| 26:3 | 26:22 |
| 29:6 | 36:13 |
| 37:18 | 37:25 |

| From Page: Line | To Page: Line |
| --- | --- |
| 39:5 | 39:22 |
| 44:3 | 45:18 |
| 45:20 | 48:4 |
| 48:5 | 51:6 |
| 55:13 | 55:15 |
| 59:8 | 59:24 |
| 70:25 | 76:5 |
| 76:19 | 81:22 |
| 90:10 | 93:24 |
| 95:8 | 97:2 |
| 97:13 | 104:13 |
| 108:17 | 108:24 |
| 110:6 | 113:8 |
| 113:9 | 114:2 |
| 114:3 | 116:13 |
| 118:16 | 124:11 |
| 130:9 | 132:5 |
| 145:10 | 146:21 |
| 149:20 | 153:2 |

| From Page: Line | To Page: Line |
|---|---|
| 153:3 | 155:23 |
| 156:10 | 161:5 |
| 171:13 | 177:6 |
| 205:20 | 208:16 |
| 209:25 | 212:6 |
| 222:22 | 223:9 |
| 228:16 | 229:2 |
| 250:13 | 252:9 |
| 253:25 | 256:9 |
| 256:19 | 258:10 |
| 260:16 | 260:21 |
| 260:24 | 261:16 |
| 262:18 | 262:25 |
| 265:16 | 267:20 |
| 268:2 | 269:5 |
| 272:4 | 273:12 |
| 273:18 | 274:24 |
| 275:7 | 277:2 |
| 277:19 | 278:14 |

| From Page: Line | To Page: Line |
|---|---|
| 282:19 | 285:15 |
| 287:6 | 288:14 |
| 295:22 | 298:8 |
| 299:17 | 300:21 |
| 306:10 | 307:17 |
| 308:11 | 312:8 |
| 313:6 | 313:11 |

**Daniel Petrik – February 4, 2011**

| From Page: Line | To Page: Line |
|---|---|
| 8:22 | 8:24 |
| 10:9 | 10:11 |
| 11:2 | 11:15 |
| 11:17 | 12:5 |
| 16:23 | 17:10 |
| 17:20 | 18:18 |
| 18:23 | 19:13 |
| 20:9 | 20:18 |

| From Page: Line | To Page: Line |
|---|---|
| 22:9 | 23:17 |
| 24:3 | 24:13 |
| 25:8 | 26:8 |
| 30:22 | 32:5 |
| 32:15 | 32:19 |
| 33:7 | 34:14 |
| 35:21 | 36:4 |
| 36:17 | 36:22 |
| 37:7 | 37:24 |
| 38:25 | 39:13 |
| 41:15 | 42:11 |
| 46:25 | 47:6 |
| 55:2 | 55:12 |
| 55:17 | 56:8 |
| 57:20 | 58:2 |
| 59:3 | 60:15 |
| 62:7 | 63:7 |
| 68:22 | 69:9 |
| 69:14 | 70:13 |

| From Page: Line | To Page: Line |
| --- | --- |
| 71:7 | 73:6 |
| 73:19 | 75:17 |
| 77:7 | 78:21 |
| 83:10 | 84:8 |
| 84:14 | 88:4 |
| 88:9 | 88:20 |
| 89:12 | 90:25 |
| 92:14 | 96:23 |
| 102:6 | 102:7 |
| 102:12 | 104:17 |
| 106:14 | 111:10 |
| 112:16 | 118:25 |
| 119:11 | 119:21 |
| 123:22 | 126:17 |
| 128:10 | 131:24 |
| 134:10 | 134:25 |
| 137:17 | 138:20 |
| 139:7 | 139:20 |
| 141:16 | 143:13 |

| From Page: Line | To Page: Line |
|-----------------|---------------|
| 145:3 | 145:22 |
| 146:17 | 148:10 |
| 148:16 | 151:11 |
| 152:3 | 152:23 |
| 154:24 | 155:12 |
| 158:10 | 160:24 |
| 163:6 | 165:19 |
| 169:9 | 172:12 |
| 184:4 | 184:25 |
| 186:6 | 186:22 |
| 204:13 | 205:13 |
| 206:20 | 225:14 |
| 230:8 | 231:9 |

## Ferdinand Grimminck – February 10, 2010

| From Page: Line | To Page: Line |
|---|---|
| 9:1 | 9:4 |
| 10:9 | 11:9 |
| 11:13 | 11:25 |
| 12:11 | 13:9 |
| 13:19 | 14:9 |
| 14:21 | 14:24 |
| 15:7 | 15:22 |
| 16:4 | 17:7 |
| 19:6 | 19:11 |
| 19:16 | 20:21 |
| 21:1 | 22:2 |
| 23:6 | 25:16 |
| 25:25 | 28:22 |
| 29:16 | 29:19 |
| 31:14 | 33:9 |
| 33:14 | 34:13 |
| 35:18 | 42:11 |
| 44:3 | 44:9 |

| From Page: Line | To Page: Line |
| --- | --- |
| 44:21 | 46:25 |
| 48:11 | 50:25 |
| 51:19 | 54:9 |
| 54:15 | 55:3 |
| 55:6 | 57:25 |
| 58:3 | 58:9 |
| 58:15 | 61:5 |
| 64:14 | 69:23 |
| 70:21 | 90:1 |
| 91:11 | 92:16 |
| 93:8 | 97:21 |
| 103:5 | 108:10 |
| 109:5 | 110:24 |
| 112:6 | 128:12 |
| 128:18 | 138:23 |

Dated: February 15, 2011
      Wilmington, Delaware

**ASHBY & GEDDES, P.A.**

/s/ William P. Bowden
William P. Bowden, Esq.  (I.D. No. 2553)
Amanda M. Winfree, Esq.  (I.D. No. 4615)
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

- and -

Daniel H. Golden, Esq.
David M. Zensky, Esq.
Abid Qureshi, Esq.
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, New York 10036
(212) 872-1000

*Counsel to Aurelius Capital Management, LP*

**BIFFERATO GENTILOTTI**

/s/ Garvan F. McDaniel
Garvan F. McDaniel, Esq.
800 N. King St., Plaza Level
Wilmington, DE 19801
(302) 429-1900

- and -

David S. Rosner, Esq.
Andrew K. Glenn, Esq.
Sheron Korpus, Esq.
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019
(212) 506-1700

*Co-Counsel for Law Debenture Trust*

35

*Company of New York*

**SULLIVAN HAZELTINE ALLINSON LLC**

  /s/ William D.  Sullivan
William D. Sullivan, Esq. (Del. Bar No. 2820)
Elihu E. Allinson, Esq. (Del. Bar No. 3476)
4 East 8th Street, Suite 400
Wilmington, DE 19801
Telephone:  (302) 428-8191
Facsimile: (302) 428-4195
Email: bsullivan@sha-llc.com
Email: zallinson@sha-llc.com


        -and-

**BROWN RUDNICK LLP**
Robert J. Stark, Esq.
            Martin S. Siegel, Esq.
            Gordon Z. Novod, Esq.
Katherine S. Bromberg, Esq.
Seven Times Square
New York, New York 10036
Telephone:  (212) 209-4800
Facsimile:  (212) 209-4801
Email: rstark@brownrudnick.com
Email: msiegel@brownrudnick.com
Email: gnovod@brownrudnick.com
Email: kbromberg@brownrudnick.com

*Counsel to Wilmington Trust Company, as Successor Indenture Trustee for the $1.2 Billion Exchangeable Subordinated Debentures Due 2029, Generally Referred to as the PHONES*

**McCARTER & ENGLISH, LLP**


  /s/ James J. Freebery
James J. Freebery, Esq.  (I.D. No. 3498)
Renaissance Centre
405 N. King Street

36

Wilmington, DE 19801
302-984-6300

-and-

Steven Beckelman, Esq.
100 Mulberry Street
Gateway Four
Newark, New Jersey 07102
(973) 622-4444

*Counsel to Deutsche Bank Trust Company Americas*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
In re:                                    :
                                          :        Chapter 11 Cases
                                          :        Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,                  :        (Jointly Administered)
                                          :
                          Debtors.        :
-------------------------------------------------------X

## THE NOTEHOLDER PLAN PROPONENTS' COUNTER-DESIGNATIONS AND OBJECTIONS TO THE DEPOSITION DESIGNATIONS OF THE DEBTOR/COMMITTEE/LENDER PLAN PROPONENTS

The Noteholder Plan Proponents,[1] by and through its undersigned counsel, hereby submit their counter-designations and objections to the deposition designations of the Debtor/Committee/Lender Plan Proponents relative to the hearing scheduled for March 7, 2011. The Noteholder Plan Proponents reserve the right to amend or modify these counter-designations. The Noteholder Plan Proponents also reserve the right to have witnesses provide testimony live at trial instead of by deposition.

---

[1] The Noteholder Plan Proponents are Aurelius Capital Management, LP, on behalf of its managed entities (collectively, "Aurelius"), Law Debenture Trust Company of New York, as successor indenture trustee under that certain Indenture dated March 19, 1996 between Tribune Company (successor to The Times Mirror Company) and Citibank, N.A., for the 6.61% Debentures due 2027 and the 7 1/4 % Debentures due 2096 ("Law Debenture"), Wilmington Trust Company, in its capacity as Successor Indenture Trustee for the PHONES Notes ("Wilmington Trust"), and Deutsche Bank Trust Company Americas, in its capacity as successor indenture trustee under certain indentures by and between Tribune ("DBTCA")

1

Mose Rucker – December 3, 2009

| FROM | TO | OBJECTIONS | COUNTER-DESIGNATIONS |
|------|-----|-----------|---------------------|
| 9:2 | 9:7 | No objection | |
| 48:11 | 49:9 | No objection | |
| 50:3 | 50:22 | No objection | |
| 80:15 | 81:17 | No objection | |
| 89:22 | 91:22 | Non-responsive | |
| 92:22 | 93:22 | No objection | |
| 95:2 | 98:11 | 95:23-96:9 – Non-responsive 96:14-15 – Objection should be deleted since both sides designated question and answer 96:24-98:11 – Non-responsive | |
| 98:12 | 99:17 | No objection | |
| 126:16 | 129:11 | 127:14-18 – Objection should be deleted since both sides designated question and answer | |
| 174:15 | 175:17 | No objection | |
| 205:19 | 206:23 | 206:9-23 – Non-responsive | |
| 209:18 | 211:14 | No objection | |
| 219:22 | 220:19 | No objection | |
| 226:7 | 226:24 | No objection | 225:17-19, 226:4-6 |
| 237:4 | 240:20 | No objection | |
| 242:5 | 243:4 | No objection | |
| 291:9 | 291:15 | No objection | |
| 292:6 | 292:22 | Non-responsive | |

**Bryan Browning – December 4, 2009**

| FROM | TO | OBJECTIONS | COUNTER-DESIGNATIONS |
|---|---|---|---|
| 9:2 | 9:7 | No objection | |
| 38:7 | 38:21 | No objection | |
| 50:18 | 51:2 | No objection | |
| 67:12 | 68:17 | No objection | |
| 90:19 | 94:14 | 93:16-25 – Non-responsive<br>94:6 – Objection should be deleted since both sides designated question and answer | 88:10-14 |
| 123:19 | 125:9 | No objection | |
| 139:5 | 140:17 | No objection | |
| 140:18 | 147:13 | 143:18-21 – Second sentence of answer is Non-responsive<br>146:6-21 – Hearsay | |
| 150:6 | 152:16 | No objection | |
| 152:17 | 154:5 | No objection | |
| 154:6 | 154:15 | No objection | |
| 154:16 | 155:8 | 154:25-155:8 – Speculation | |
| 161:18 | 161:21 | No objection | 160:11-161:17 |
| 162:22 | 166:21 | 164:25-165:8 - Speculation | |
| 168:15 | 170:25 | No objection | |
| 171:7 | 172:7 | No objection | |
| 190:2 | 191:8 | 190:17-23 – Speculation | |
| 244:3 | 244:6 | No objection | |
| 244:15 | 245:2 | No objection | |

**Ben A. Buetell – December 2, 2009**

| FROM | TO | OBJECTIONS | COUNTER-DESIGNATIONS |
|------|------|------------|----------------------|
| 29:9 | 38:8 | 35:5-12 – Speculation | |
| 59:9 | 62:8 | No objection | |
| 67:13 | 77:18 | 70:7-16 - Speculation | |

**Harry Amsden – December 16, 2009**

| FROM | TO | OBJECTIONS | COUNTER-DESIGNATIONS |
|------|------|------------|----------------------|
| 8:7 | 21:22 | No objection | |
| 24:4 | 29:14 | No objection | |
| 25:18 | 41:1 | 34:22-35:4 – Speculation | |
| 49:4 | 53:12 | No objection | |
| 53:23 | 59:10 | No objection | |
| 70:16 | 73:12 | No objection | |
| 73:18 | 84:24 | No objection | |
| 144:19 | 153:13 | 150:18 – Objection should be deleted since both sides designated question and answer | |

**Elyse S. Bluth – December 17, 2009**

| FROM | TO | OBJECTIONS | COUNTER-DESIGNATIONS |
|------|------|------------|----------------------|
| 104:1 | 106:22 | 105:9-106:2 – Assumes facts; Lack of Foundation | |
| 122:4 | 122:17 | No objection | |

**Mark Shapiro – October 13, 2010**

| FROM | TO | OBJECTIONS | COUNTER-DESIGNATIONS |
|------|-----|-----------|----------------------|
| 16:16 | 20:6 | No objection, but designation should end at 20:5 | |
| 22:3 | 22:15 | No objection | |
| 29:10 | 32:19 | No objection | |
| 35:25 | 37:8 | 36:8-10 and 36:25-37:1 – discloses communication with mediator in violation of paragraph 7 of Order Appointing Mediator dated September 1, 2010; Hearsay | |
| 39:12 | 41:4 | 40:18-19 – Discloses communication with Mediator; Hearsay | 39:6-11 |
| 59:17 | 60:20 | 60:10-20 – Discloses communication with Mediator; Hearsay | |
| 68:21 | 70:7 | Hearsay | |
| 71:16 | 71:21 | Hearsay; Waiver of the attorney-client privilege with respect to communications with Sidley Austin and Jones Day | |
| 91:23 | 93:17 | No objection | 93:18-22 |

**Mary Agnes Wilderotter – October 13, 2010**

| FROM | TO | OBJECTIONS | COUNTER-DESIGNATIONS |
|------|------|------------|----------------------|
| 9:5 | 13:11 | No objection | |
| 28:5 | 30:12 | No objection | |
| 32:21 | 33:4 | No objection | |
| 34:13 | 35:14 | No objection | 35:15-20, 36:2-6, 36:13-17 |
| 37:12 | 39:21 | No objection | 39:22-40:2, 130:2-13 |
| 40:3 | 40:6 | No objection | 40:7-9 |
| 54:8 | 57:18 | 56:12-20 – Hearsay | 54:5-7 |
| 65:4 | 65:12 | No objection | 64:20-65:3 |
| 70:24 | 72:11 | No objection | |
| 90:22 | 93:4 | 91:25-92:13 – Hearsay<br>92:15-16 – Discloses communication with mediator in violation of paragraph 7 of Order Appointing Mediator dated September 1, 2010; Hearsay | 93:16-94:5 |
| 97:12 | 97:14 | No objection | |
| 98:18 | 98:22 | No objection | |
| 105:12 | 106:10 | No objection | |
| 107:23 | 109:21 | No objection | |
| 110:1 | 112:5 | 111:14-112:5 – Non-responsive | 112:6-7 |
| 152:15 | 153:11 | No objection | |

**Julie Persily – February 1, 2011**

| FROM | TO | OBJECTIONS | COUNTER-DESIGNATIONS |
|------|-----|-----------|----------------------|
| 9:5 | 22:25 | No objection | |
| 29:9 | 29:10 | No objection, but designation refers to parenthetical regarding exhibit and should end at 29:12 | |
| 29:19 | 31:15 | No objection, but designation should end at 31:14 | |
| 32:4 | 32:7 | No objection | |
| 44:3 | 45:18 | No objection | |
| 46:5 | 48:2 | No objection | |
| 49:1 | 49:17 | No objection | |
| 52:15 | 53:24 | No objection | |
| 54:13 | 54:24 | No objection | |
| 61:13 | 61:23 | No objection | |
| 63:24 | 64:11 | No objection | |
| 65:2 | 65:24 | No objection | |
| 73:7 | 73:15 | No objection | |
| 80:21 | 81:14 | No objection | 80:21-81:20 |
| 90:10 | 90:21 | No objection | |
| 92:25 | 93:24 | No objection | |
| 98:20 | 99:12 | No objection | |
| 105:17 | 106:25 | No objection | |
| 113:9 | 114:2 | No objection | |
| 118:16 | 119:3 | No objection | |

| FROM | TO | OBJECTIONS | COUNTER-DESIGNATIONS |
|------|------|------------|----------------------|
| 121:12 | 122:5 | No objection | 119:4-122:15 |
| 145:10 | 146:21 | No objection | |
| 151:11 | 155:19 | No objection | |
| 156:10 | 160:25 | No objection | |
| 171:3 | 173:15 | No objection | |
| 173:16 | 177:11 | No objection | |
| 179:18 | 179:24 | Hearsay | |
| 188:18 | 198:20 | No objection | |
| 222:22 | 234:10 | No objection | |
| 262:18 | 262:25 | No objection | |
| 265:16 | 269:5 | No objection | |
| 272:4 | 272:20 | No objection | |
| 275:10 | 276:8 | No objection | |
| 278:21 | 281:16 | No objection | |
| 289:20 | 290:13 | No objection | |
| 302:11 | 302:23 | No objection | |
| 309:9 | 310:12 | No objection | |
| 313:12 | 313:19 | No objection | |
| 317:10 | 319:24 | No objection | |

## Daniel Petrik – February 4, 2011

| FROM | TO | OBJECTIONS | COUNTER-DESIGNATIONS |
|------|------|------------|----------------------|
| 9:4 | 12:20 | No objection | |
| 16:21 | 20:6 | 20:3-6 – Speculation | |
| 21:8 | 21:18 | 21:16-18 – Speculation | |
| 22:9 | 26:24 | 24:14-25:7 – Speculation | |
| 32:15 | 33:6 | No objection | |
| 37:7 | 38:21 | 37:25-38:7 – Vague and ambiguous; Non-responsive; Speculation | |
| 39:3 | 39:13 | No objection | |
| 41:9 | 42:6 | No objection | |
| 42:25 | 44:24 | No objection | 45:5-14 |
| 45:15 | 47:20 | No objection | 47:21-48:6 |
| 53:8 | 54:3 | No objection | |
| 60:2 | 61:5 | 60:22-61:5 – Speculation | |
| 64:4 | 67:21 | No objection | |
| 69:10 | 69:13 | No objection | |
| 75:4 | 75:17 | No objection | |
| 78:12 | 79:19 | No objection | |
| 101:17 | 102:5 | No objection | |
| 102:13 | 105:24 | No objection | |
| 121:16 | 122:5 | No objection | |
| 128:10 | 130:16 | No objection | |
| 139:11 | 139:20 | No objection | |

| FROM | TO | OBJECTIONS | COUNTER-DESIGNATIONS |
|------|------|------------|----------------------|
| 144:20 | 146:16 | 146:10-13 – Non-responsive | |
| 149:16 | 152:7 | No objection | |
| 153:4 | 153:22 | No objection | |
| 154:12 | 154:23 | No objection | |
| 179:11 | 179:15 | No objection | |
| 180:16 | 180:25 | No objection | |
| 182:19 | 183:2 | No objection | |
| 184:7 | 186:22 | No objection | |
| 204:13 | 204:18 | No objection | |
| 205:5 | 205:15 | No objection | |
| 209:12 | 212:17 | No objection | |
| 214:11 | 214:16 | No objection | |
| 215:20 | 216:9 | No objection | |
| 216:19 | 217:18 | No objection | |
| 221:17 | 221:24 | No objection | |
| 224:10 | 224:19 | No objection | |
| 226:5 | 230:2 | 228:20 – Speculation | |
| 231:18 | 232:13 | No objection | |

**Ferdinand Grimminck – February 10, 2010**

| FROM | TO | OBJECTIONS | COUNTER-DESIGNATIONS |
|------|------|------------|----------------------|
| 9:8 | 17:7 | No objection | |
| 28:6 | 28:22 | No objection | |
| 29:6 | 30:7 | No objection | |
| 32:4 | 32:5 | No objection | |
| 33:14 | 40:21 | No objection | |
| 40:23 | 43:15 | No objection | |
| 57:18 | 58:9 | No objection | |
| 67:3 | 67:6 | No objection | |
| 70:8 | 70:16 | No objection | |
| 75:13 | 77:24 | No objection | |
| 84:4 | 86:3 | No objection | |
| 86:6 | 88:8 | No objection | |
| 93:16 | 97:21 | No objection | |
| 103:5 | 107:2 | No objection | |
| 112:4 | 120:2 | No objection | |
| 124:22 | 138:23 | No objection | |
| 141:10 | 145:10 | No objection | 145:16-146:8 |

11

Dated: February 22, 2011
      Wilmington, Delaware

**ASHBY & GEDDES, P.A.**

  /s/  William P. Bowden
William P. Bowden, Esq.  (I.D. No. 2553)
Amanda M. Winfree, Esq.  (I.D. No. 4615)
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

- and -

Daniel H. Golden, Esq.
David M. Zensky, Esq.
Abid Qureshi, Esq.
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, New York 10036
(212) 872-1000

*Counsel to Aurelius Capital Management, LP*

**BIFFERATO GENTILOTTI**

*/s/ Garvan F. McDaniel*
Garvan F. McDaniel, Esq.
800 N. King St., Plaza Level
Wilmington, DE 19801
(302) 429-1900

- and -

David S. Rosner, Esq.
Andrew K. Glenn, Esq.
Sheron Korpus, Esq.
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019
(212) 506-1700

*Co-Counsel for Law Debenture Trust Company of New York*

12

**SULLIVAN HAZELTINE ALLINSON
LLC**

  /s/ William D.  Sullivan
William D. Sullivan, Esq. (Del. Bar No. 2820)
Elihu E. Allinson, Esq. (Del. Bar No. 3476)
4 East 8th Street, Suite 400
Wilmington, DE 19801
Telephone:  (302) 428-8191
Facsimile: (302) 428-4195
Email: bsullivan@sha-llc.com
Email: zallinson@sha-llc.com

       -and-

**BROWN RUDNICK LLP**
Robert J. Stark, Esq.
Martin S. Siegel, Esq.
Gordon Z. Novod, Esq.
Katherine S. Bromberg, Esq.
Seven Times Square
New York, New York 10036
Telephone:  (212) 209-4800
Facsimile:  (212) 209-4801
Email: rstark@brownrudnick.com
Email: msiegel@brownrudnick.com
Email: gnovod@brownrudnick.com
Email: kbromberg@brownrudnick.com

*Counsel to Wilmington Trust Company, as
Successor Indenture Trustee for the $1.2
Billion Exchangeable Subordinated
Debentures Due 2029, Generally Referred to
as the PHONES*

**McCARTER & ENGLISH, LLP**

  /s/ James J. Freebery
James J. Freebery, Esq.  (I.D. No. 3498)
Renaissance Centre
405 N. King Street
Wilmington, DE 19801
302-984-6300

   -and-

Steven Beckelman, Esq.
100 Mulberry Street
Gateway Four
Newark, New Jersey 07102
(973) 622-4444

*Counsel to Deutsche Bank Trust Company
Americas*

## EXHIBIT E-3

**Answers and Objections to First Set of Interrogatories of Aurelius Capital Management, LP, to Debtors dated January 3, 2011.**

**JPMorgan Chase Bank, N.A.'s Responses and Objections to Aurelius Capital Management, LP's First Set of Interrogatories dated January 6, 2011.**

**Responses and Objections to First Set of Interrogatories of Aurelius Capital Management, LP Directed to Official Committee of Unsecured Creditors dated January 6, 2011.**

**Angelo, Gordon & Co., L.P.'s Objections and Responses to Law Debenture Trust Company of New York's First Set of Interrogatories to Angelo, Gordon & Co., L.P. dated January 11, 2011.**

**Oaktree Capital Management, L.P.'s Responses and Objections to Law Debenture Trust Company of New York's First Set of Interrogatories dated January 11, 2011.**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------X
In re:                                    :
                                          :        Chapter 11 Cases
                                          :        Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,                   :        (Jointly Administered)
                                          :
                          Debtors.         :
---------------------------------------------------X

## ANSWERS AND OBJECTIONS TO FIRST SET OF INTERROGATORIES OF
## AURELIUS CAPITAL MANAGEMENT, LP, TO DEBTORS

### GENERAL OBJECTIONS AND
### OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      Tribune Company and its affiliates that are debtors in the above-captioned chapter 11

cases ("Debtors") object to the Interrogatories of Aurelius Capital Management, LP. ("Aurelius")

in their entirety to the extent that they are overbroad or purport to impose obligations upon them

that exceed those set forth in Federal Rules of Civil Procedure 26 and 33, made applicable herein

under Federal Rules of Bankruptcy Procedure 7026, 7033, and 9014, the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware, the Discovery and Scheduling Order for Plan Confirmation (Docket No. 7239) (the

"Case Management Order") entered in these cases, or any other applicable statute, rule, or order.

2.      Debtors object to the Interrogatories in their entirety to the extent that they purport to call

for the disclosure of information subject to the attorney work product protection, the attorney-

client privilege, or any other applicable privilege, including privileged information or documents

shared with entities with which Debtors hold or held a common interest.  For instance,

information subject to the common interest privilege includes information or documents shared

between and among (1) Debtors, Angelo, Gordon & Co. LP, Centerbridge Special Credit

Partners, L.P., Centerbridge Credit Partners Master, L.P., Centerbridge Credit Partners,

JPMorgan Chase Bank N.A., Law Debenture Company of New York, as Successor Indenture

Trustee, and the Official Committee of Unsecured Creditors, or their counsel or advisors, during

the time period April 12, 2010 through August 9, 2010; (2) Debtors, Angelo, Gordon & Co, L.P.,

and Oaktree Capital Management, L.P., or their counsel or advisors, during the time period

September 27, 2010 through the present; or (3) Debtors, Angelo, Gordon & Co, L.P., Oaktree

Capital Management, L.P., JPMorgan Chase Bank N.A., and the Official Committee of

Unsecured Creditors, or their counsel or advisors, during the time period October 12, 2010

through the present.

3.      Debtors object to the Interrogatories in their entirety to the extent that they purport to call

for the disclosure of information subject to the attorney work product protection, the attorney-

client privilege, or any other applicable privilege, including privileged information or documents

shared with entities with which Debtors hold or held a common interest.  For instance,

information that is categorically privileged includes, among other categories (1) communications

among or between counsel for Debtors not disclosed to any individual who is not counsel for

Debtors; (2) communications among or between Debtors and their counsel requesting or

providing legal advice that are not disclosed to any individual who is not counsel for or any

employee or agent of Debtors; and (3) communications among or between Debtors, their

counsel, and their advisors requesting or providing legal advice that are not disclosed to any

individual who is not counsel for or any employee or agent of Debtors.

4.      Debtors object to the Interrogatories in their entirety to the extent that they purport to call

for information that is not in Debtors' possession, custody, or control.

2

5.     Debtors object to the Interrogatories in their entirety to the extent that they are vague, ambiguous, confusing, and contrary to the plain meaning of the terms involved.

6.     Debtors object to the Interrogatories in their entirety to the extent that they purport to call for the disclosure of information subject to the terms of the Order (I) Authorizing The Debtors To Establish A Document Depository And Directing The Committee To Deliver Certain Documents To The Depository Pursuant To Federal Rule Of Bankruptcy Procedure 2004 And (II) Establishing Settlement Negotiation Protections Pursuant to 11 U.S.C. § 105(A) (Docket No. 2858) (the "Depository Order"). The Depository Order provides that it is "binding upon all persons and upon all parties-in interest in connection with these cases, whether or not such person or party-in-interest is a Negotiating Party." The Depository Order defines Settlement Material as follows:

> [A]ny and all communications, whether written or oral, occurring on or after December 7, 2009, between and among the Negotiating Parties, or their representatives, in connection with discussions of the Leveraged ESOP Transactions, whether (a) in connection with the discussion of any plan or plans of reorganization in these cases, or (b) in connection with a discussion among the Negotiating Parties regarding any legal or factual issues related to such plan or plans, or (c) in connection with any analysis or documents prepared by a Negotiating Party or their representatives after the Petition Date and shared on or after December 7, 2009, between and among the Negotiating Parties, which, at or prior to the time communicated or shared, is designated as a "Settlement Communication" (such communications and materials are referred to herein collectively as the "Settlement Material") shall be deemed confidential and subject to the restrictions contained in this Order.

Under the Depository Order, Settlement Material may not be used except in connection with settlement discussions and may not be introduced at any trial or hearing or deposition unless the party who originates the Settlement Material agrees in writing. Interrogatories that call for information containing Settlement Material are not reasonably calculated to lead to the discovery of admissible evidence. In addition, under the Depository Order, such Settlement Material may

3

not be disclosed other than in such settlement discussions except as authorized by the Negotiating Party originating such Settlement Material. Debtors have not received authorization from any Negotiating Party who originated any Settlement Material in Debtors' possession, custody, or control, to disclose this material, have not been requested by any Negotiating Party to authorize the disclosure of Settlement Material they originated, and have not authorized the disclosure of the Settlement Material that they originated.

7.    Debtors object to the Interrogatories in their entirety to the extent that that they are not reasonably calculated to lead to the discovery of admissible evidence in that they seek the disclosure of information that is inadmissible and constitutes material protected from disclosure pursuant to the Order Appointing Mediator (Docket No. 5591) (the "Mediation Order"). The Mediation Order provides that "(a) discussions among the Mediation Parties relating to the Mediation, including discussions with or in the presence of the Mediator, (b) Mediation Statements, Ownership Statements and any other documents or information provided to the Mediator or the Mediation Parties in the course of the Mediation, (c) correspondence, draft resolutions, offers, and counteroffers produced for or as a result of the Mediation, and (d) communications between the Mediator and the Examiner or the Examiner's Professionals are strictly confidential and shall not be admissible for any purpose in any judicial or administrative proceeding." Unless otherwise specifically stated, such mediation materials will not be provided in response to any Interrogatory.

8.    Debtors object to the Interrogatories in their entirety to the extent that they purport to call for the disclosure of information subject to the terms of the Order Approving Work And Expense Plan And Modifying Examiner Order (Docket No. 4306) (the "Examiner Order") or to the Order Approving Motion Of Court-Appointed Examiner, Kenneth N. Klee, Esq., For Order (I)

Discharging Examiner; (II) Granting Relief From Third-Party Discovery; (III) Approving The Disposition Of Certain Documents And Information; And (IV) Granting Certain Ancillary Relief (Docket No. 5541) (the "Discharge Order"). Pursuant to the Examiner Order, "requests by the Parties or any other person or entity for [ ] discovery" "propounded upon any Party or any other person or entity to seek any communications, documents or other information exchanged between them and the Examiner" are subject to Court approval. Pursuant to Paragraph 7 of the Discharge Order, materials provided to or obtained by the Examiner are exempt from discovery from the Examiner. To the extent that such materials are protected from disclosure by the Examiner, Debtors object to Aurelius's attempts to contravene the purpose of the Discharge Order by seeking those same materials from Debtors. Unless otherwise specifically stated, materials related to the Examiner will not be produced in response to any Interrogatory.

9.    Debtors object to the Interrogatories in their entirety to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence in that the information sought would not be admissible pursuant to Federal Rule of Evidence 408.

10.    Debtors object to the Interrogatories in their entirety to the extent that they are duplicative of interrogatories served by other parties in the above-captioned cases to which Debtors are responding.

11.    Debtors' Responses and Objections to the Interrogatories or their Answers to the Interrogatories shall not be construed as: (i) an admission as to the relevance, admissibility, or materiality of any such documents or their subject matter; (ii) a waiver or abridgment of any applicable privilege; or (iii) an agreement that Interrogatories for similar information will be treated similarly.

5

12.     Debtors reserve all of their rights, including their right to supplement, amend, or correct any of their Answers and Objections to the Interrogatories and their right to object to the admissibility of any part of any Answer to any Interrogatory or information contained therein.

13.     Debtors object to the Interrogatories in their entirety to the extent that they seek information that is available equally to Aurelius or is in Aurelius's possession, control, or custody.

14.     Debtors object to the Interrogatories on the ground that they contain multiple sub-parts and thus the number of Interrogatories exceeds the number permitted by Rule 33, made applicable herein under Federal Rules of Bankruptcy Procedure 7033 and 9014.

## DEFINITIONS

15.     Debtors object to Definition A on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Aurelius purports to include within Definition A as stated.  As used in Debtors' answers to Aurelius's Interrogatories, the term "Angelo," unless otherwise specified, means Angelo, Gordon & Co, L.P.

16.     Debtors object to Definition B on the grounds that it is vague.  As used in Debtors' answers to Aurelius's Interrogatories, the term "April Proposed Settlement," unless otherwise specified, means the settlement agreement, the terms of which are described in the Settlement Support Agreement, dated April 8, 2010, between and among Angelo, Gordon & Co., LP, Centerbridge Special Credit Partners, L.P., Centerbridge Credit Partners Master, L.P., Centerbridge Credit Partners, JPMorgan Chase Bank N.A., and Law Debenture Company of New York, as Successor Indenture Trustee, as filed with the Court on April 12, 2010.

17.     Debtors object to Definition C on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Aurelius

6

purports to include within Definition C as stated. As used in Debtors' answers to Aurelius's Interrogatories, the term "Bank of America," unless otherwise specified, means Bank of America N.A., Bank of America Bridge, and Bank of America Securities.

18.     Debtors object to Definition E on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Aurelius purports to include within Definition E as stated. As used in Debtors' answers to Aurelius's Interrogatories, the term "Citicorp," unless otherwise specified, means Citigroup Global Markets, Inc., Citibank, N.A., Citicorp USA, Inc., and Citicorp North America, Inc.

19.     Debtors object to Definition F on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Aurelius purports to include within Definition F as stated. As used in Debtors' answers to Aurelius's Interrogatories, the term "Committee" unless otherwise specified, means the Official Committee of Unsecured Creditors in the chapter 11 cases of the above-captioned Debtors.

20.     Debtors object to Definition G on the grounds that it is unintelligible. As used in Debtors' answers to Aurelius's Interrogatories, the term "Committee Individuals," unless otherwise specified, means the individual members of the Official Committee of Unsecured Creditors in the chapter 11 cases of the above-captioned Debtors.

21.     Debtors object to Definition K on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Aurelius purports to include within Definition K as stated. As used in Debtors' answers to Aurelius's interrogatories, the term "Debtors," unless otherwise specified, means the debtors in the above-captioned chapter 11 cases.

7

22.     Debtors object to Definition L on the grounds that it is unintelligible.  As used in Debtors' answers to Aurelius's Interrogatories, the term "Debtor/Committee/Lender Plan," unless otherwise specified, means the First Amended Joint Plan Of Reorganization For Tribune Company And Its Subsidiaries Proposed By The Debtors, The Official Committee Of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., And JPMorgan Chase Bank, N.A., filed with the Court on November 23, 2010, and as subsequently amended.

23.     Debtors object to Definition N to the extent it is overbroad, unduly burdensome, and purports to impose obligations on Debtors beyond those contemplated by Federal Rules of Civil Procedure 26, 33 and 34, as made applicable by Rules 7026, 7033, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure.  As used in Debtors' answers to Aurelius's Interrogatories, the term "Documents," unless otherwise specified, has the meaning ascribed to it in Federal Rules of Civil Procedure 26 and 34, as made applicable by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure.

24.     Debtors object to Definition Q on the grounds that it is unduly burdensome.  To the extent this information is not otherwise known or readily ascertainable by Aurelius, Debtors state that, unless otherwise specified, the individuals identified herein may be contacted through undersigned counsel.

25.     Debtors object to Definition R as unduly burdensome.

26.     Debtors object to Definition S on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Aurelius purports to include within Definition S as stated.  As used in Debtors' answers to Aurelius's Interrogatories, the term "JPMorgan," unless otherwise specified, means JPMorgan Chase Bank N.A. and JPMorgan Securities Inc.

8

27.     Debtors object to Definition T on the grounds that it is vague and overbroad.  As used in Debtors' answers to Aurelius's Interrogatories, the term "LBO," unless otherwise specified, means the Leveraged ESOP Transactions as detailed in Section VII.D of Debtors' Joint Disclosure Statement, filed with the Court on October 22, 2010.

28.     Debtors object to Definition V on the grounds that it is vague.  As used in Debtors' answers to Aurelius's Interrogatories, the term "LBO-Related Causes of Action," unless otherwise specified, has the meaning set forth in Article I of the Debtor/Committee/Lender Plan.

29.     Debtors object to Definition X on the grounds that it is unintelligible.  As used in Debtors' answers to Aurelius's Interrogatories, the term "Mediation," unless otherwise specified, shall have the meaning ascribed to it in Section VII.D of Debtors' Joint Disclosure Statement, filed with the Court on October 22, 2010.

30.     Debtors object to Definition Y on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Aurelius purports to include within Definition Y as stated.  As used in Debtors' answers to Aurelius's Interrogatories, the term "Merrill Lynch," unless otherwise specified, means Merrill Lynch Capital Corporation, Merrill, Lynch, Pierce, Fenner & Smith, and Merrill Lynch & Co.

31.     Debtors object to Definition Z on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Aurelius purports to include within Definition Z as stated.  As used in Debtors' answers to Aurelius's Interrogatories, the term "Oaktree," unless otherwise specified, means Oaktree Capital Management, L.P.

32.     Debtors object to Definition AA on the grounds that it is vague and calls for information that is not relevant.

9

33.    Debtors object to Definition BB on the grounds that it is overbroad and unduly burdensome.  Unless otherwise stated herein, Debtors will identify Persons in response to Aurelius's interrogatories who are natural persons at Tribune, its counsel, or its advisors who were principally involved in the subjects at issue and have been identified based on Debtors' current information and their reasonable, good faith investigation to date.

34.    Debtors object to Definition EE on the ground that it seeks information not contemplated by Federal Rule of Civil Procedure 26, as made applicable by Rules 7026 and 9014 of the Federal Rules of Bankruptcy Procedure.

35.    Debtors object to Definition FF on the grounds that it is vague.  As used in Debtors' answers to Aurelius's Interrogatories, the term "Proposed LBO Settlement," unless otherwise specified, means the proposed settlement of LBO-Related Causes of Action as described in the Debtor/Committee/Lender Plan.

36.    Debtors object to Definition GG on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the relationships that Aurelius purports to include within Definition GG as stated.  Furthermore, Debtors object to the time frame set forth in Definition GG as overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

37.    Debtors object to Definition JJ on the grounds that it is vague, overbroad, unduly burdensome, and to the extent that it purports to call for the disclosure of information that constitutes Settlement Material as that term is defined in the Depository Order.

38.    Debtors object to Definition KK on the grounds that it is vague, overbroad, unduly burdensome, and to the extent that it purports to call for the disclosure of information or the

10

production of documents that constitute Settlement Material as that term is defined in the Depository Order.

39.    Debtors object to Definition LL on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Aurelius purports to include within Definition LL as stated.  As used in Debtors' answers to Aurelius's Interrogatories, the term "Settling Parties," unless otherwise specified, means Oaktree, Angelo, JPMorgan, Citicorp, Bank of America, Merrill Lynch, and Wells Fargo subject to the objections set forth herein.

40.    Debtors object to Definition MM on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Aurelius purports to include within Definition MM as stated.  As used in Debtors' answers to Aurelius's Interrogatories, the term "Special Committee," unless otherwise specified, means the Special Committee of independent directors formed by Tribune Company's Board of Directors on or about August 27, 2010.

41.    Debtors object to Definition NN on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Aurelius purports to include within Definition NN as stated.  As used in Debtors' answers to Aurelius's Interrogatories, the term "Special Committee Individuals," unless otherwise specified, means the individual members of the Special Committee of independent directors formed by Tribune Company's Board of Directors on or about August 27, 2010.

42.    Debtors object to Definition RR on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Aurelius purports to include within Definition RR as stated.  For example, it is not possible to identify the

11

"future officers, directors, partners, members, employees, or managers" of Tribune Company. Moreover, it is not possible to know the Professionals of each and every employee of Tribune Company and its direct and indirect subsidiaries. As used in Debtors' answers to Aurelius's Interrogatories, the term "Tribune," unless otherwise specified, means Tribune Company and its direct and indirect subsidiaries.

43.    Debtors object to Definition SS on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Aurelius purports to include within Definition SS as stated. As used in Debtors' answers to Aurelius's Interrogatories, the term "Tribune Entity" means Tribune, subject to the objections set forth herein.

44.    Debtors object to Definition TT on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Aurelius purports to include within Definition TT as stated. As used in Debtors' answers to Aurelius's Interrogatories, the term "Tribune Individual," unless otherwise specified, means the current officers and directors of Tribune, subject to the objections set forth herein.

45.    Debtors object to Definition UU on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Aurelius purports to include within Definition UU as stated. As used in Debtors' answers to Aurelius's Interrogatories, the term "Wells Fargo," unless otherwise specified, means Wells Fargo Bank, N.A.

## INSTRUCTIONS

12

46.     Debtors object to Instruction 3 on the grounds that it is unduly burdensome.  Debtors will provide information in their possession, custody, or control that can be ascertained after a good faith investigation and with reasonable diligence.

47.     Debtors object to Instruction 4 on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and calls for information that is not relevant.  Unless otherwise stated, Debtors' answers to the Interrogatories will cover the time period December 15, 2009 through the present.

48.     Debtors object to Instruction 5 on the grounds that it is vague, overbroad, unduly burdensome, and unintelligible.

49.     Debtors object to Instruction 6 on the ground that it seeks to impose obligations beyond the scope of Federal Rules of Civil Procedure 26 and 33, made applicable herein under Federal Rules of Bankruptcy Procedure 7026, 7033, and 9014.  Debtors further object to Instruction 6 as seeking information that is equally available to Aurelius.

50.     Debtors object to Instruction 7 as unduly burdensome and as seeking to impose obligations beyond the scope of Federal Rule of Civil Procedure 26, made applicable herein under Federal Rules of Bankruptcy Procedure 7026 and 9014, and beyond the scope of the Case Management Order entered in this case.  Debtors will comply with their obligations under the Case Management Order regarding information or documents withheld under a claim of privilege.

51.     Debtors object to Instruction 8 as overbroad and unduly burdensome.  Debtors state that they provide information, not subject to a claim of privilege or work product protection, in the possession, custody, and control of Sidley Austin LLP, Jones Day, Alvarez & Marsal, and Lazard Frères Co., LLC.

13

52.     Debtors object to Instruction 9 as overbroad and unduly burdensome. Debtors will

comply with their obligations under the Case Management Order regarding the continuing nature

of Interrogatories as propounded in this case.

## INTERROGATORIES

Interrogatory No. 1: Identify all Persons with knowledge or information Concerning the Document Depository, including the materials in the Document Depository furnished by Debtors, and Identify all steps taken and instructions given concerning Debtors' obligation to preserve information in connection with the LBO, the LBO-Related Causes of Action, the Examiner, the Examiner's Report, the Settlement Process, the Mediation, the Complaints, the Preserved Causes of Action and the Special Committee, including but not limited to all litigation hold instructions and efforts to ensure compliance with litigation hold instructions.

**Answer:** Debtors incorporate by reference their General Objections and Objections to

Definitions and Instructions as set forth above. Debtors also object to Interrogatory No. 1 to the

extent it seeks information protected from disclosure by the attorney-client privilege and work

product doctrine. Debtors also object to Interrogatory No. 1 on the ground that it is not

reasonably calculated to lead to the discovery of admissible evidence. Debtors object to the

phrase "materials ... furnished by Debtors" as vague and ambiguous. Debtors note that although

Interrogatory No. 1 is framed as if it were one interrogatory, Interrogatory No. 1 contains at least

two sub-parts, and Debtors object to Interrogatory No. 1 to the extent it does not clearly set forth

the discrete sub-parts.

Debtors further object to the sub-part of Interrogatory No. 1 that purports to call for the

identification of "all" persons with knowledge or information as overbroad and unduly

burdensome. Subject to and without waiving these objections, Debtors state that all parties to the

Depository Order have access to the Document Depository and have been provided an index of

the documents in the Document Depository. On information and belief, all parties to the

14

Depository Order have knowledge or information concerning the materials in the Document

Depository.

Debtors further object to the sub-part of Interrogatory No. 1 that purports to call for

Debtors to "Identify all steps taken and instructions given" on the ground that it calls for

information outside the scope of discovery contemplated by the Case Management Order.

Interrogatory No. 2:  Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the search terms, custodians, or other information used to identify, gather and/or collect Documents for production or potential production in response to any formal or informal request for discovery previously issued in this bankruptcy case, including but not limited to such Interrogatories issued in any related adversary proceeding or by the Examiner or other Person.

**Answer:**  Debtors incorporate by reference their General Objections and Objections to

Definitions and Instructions as set forth above.  Debtors also object to Interrogatory No. 2 to the

extent it seeks information protected from disclosure by the attorney-client privilege and work

product doctrine.  Debtors further object to Interrogatory No. 2 on the ground that it is not

reasonably calculated to lead to the discovery of admissible evidence.  Debtors note that

although Interrogatory No. 2 is framed as if it were one interrogatory, Interrogatory No. 2

contains at least two sub-parts, and Debtors object to Interrogatory No. 2 to the extent it does not

clearly set forth the discrete sub-parts.

Debtors further object to the sub-part of Interrogatory No. 2 that purports to call for the

identification of "all" persons with knowledge or information as overbroad and unduly

burdensome.  Subject to and without waiving these objections, Debtors state, based on their

reasonable and good faith investigation to date, that the principal individuals at the Debtors, their

advisors, or their counsel with knowledge or information concerning the subjects identified in

Interrogatory No. 2 include:  Don Liebentritt, David Eldersveld, James Bendernagel, Michael Sweeney, James Ducayet, Jen Peltz, and Patrick Wackerly.

Debtors further object to the sub-part of Interrogatory No. 2 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome.  To the extent the request for a "general description" of documents is intended to be a request for Debtors to summarize or characterize documents, Debtors further object that such a request is overbroad, unduly burdensome, and improper, including, but not only, because such a request would circumvent the limitations on discovery contemplated by the Case Management Order.  Subject to and without waiving these objections, Debtors state that the persons identified above are custodians of documents concerning the subject matters set forth in Interrogatory No. 2, the documents are located in these persons' electronic files and desk files, and are comprised of memoranda, emails, and other correspondence.

Interrogatory No. 3:  Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents, or information, Concerning the Settlement Process and any Settlement Analysis.

Answer:  Debtors incorporate by reference their General Objections and Objections to Definitions and Instructions as set forth above.  Debtors also object to Interrogatory No. 3 to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, and work product doctrine.  Debtors further object to Interrogatory No. 3 on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Debtors note that although Interrogatory No. 3 is framed as if it were one interrogatory, Interrogatory No. 3 contains at least two sub-parts, and Debtors object to Interrogatory No. 3 to the extent it does not clearly set forth the discrete sub-parts.

16

Debtors further object to the sub-part of Interrogatory No. 3 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Subject to and without waiving these objections, Debtors state, based on their reasonable and good faith investigation to date, that the principal individuals at the Debtors, their advisors, or their counsel with knowledge or information concerning the subjects identified in Interrogatory No. 3 include: Don Liebentritt, David Kurtz, Suneel Mandava, James Conlan, Bryan Krakauer, Kevin Lantry, James Bendernagel, James Ducayet, Jessica Boelter, Janet Henderson, Kerriann Mills, Brian Whittman, Stuart Kaufman, and Matt Frank.

Debtors further object to the sub-part of Interrogatory No. 3 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome. To the extent the request for a "general description" of documents is intended to be a request for Debtors to summarize or characterize documents, Debtors further object that such a request is overbroad, unduly burdensome, and improper, including, but not only, because such a request would circumvent the limitations on discovery contemplated by the Case Management Order. Subject to and without waiving these objections, Debtors state that the persons identified above are custodians of documents concerning the subject matters set forth in Interrogatory No. 3, the documents are located in these persons' electronic files and desk files, and are comprised of memoranda, emails, and other correspondence. Answering further, Debtors state that, subject to the objections set forth in their Responses and Objections to First Requests for Production of Documents of Aurelius Capital Management, LP, To Debtors, ("RFP Responses") which are incorporated herein by reference, Debtors are producing to Aurelius documents related to the subject matters set forth in Interrogatory No. 3, and refer Aurelius to those documents pursuant to Federal Rule of Civil

17

Procedure 33(d), made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014.

<u>Interrogatory No. 4</u>: Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the Examiner's Report, including any Documents or other information provided to, or withheld from the Examiner, and any discussion, consideration or evaluation of the Examiner's report and any potential impact of the Examiner's report on the settlement value of any LBO-Related Causes of Action.

**Answer:** Debtors incorporate by reference their General Objections and Objections to Definitions and Instructions as set forth above. Debtors further incorporate their General Objection 8, set forth above, concerning disclosure of information subject to the terms of the Examiner Order. Debtors also object to Interrogatory No. 4 to the extent it seeks information protected from disclosure by the attorney-client privilege and work product doctrine. Debtors further object to Interrogatory No. 4 on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Debtors note that although Interrogatory No. 4 is framed as if it were one interrogatory, Interrogatory No. 4 contains at least four sub-parts, and Debtors object to Interrogatory No. 4 to the extent it does not clearly set forth the discrete sub-parts. Debtors object to the phrase "discussion, consideration or evaluation of the Examiner's report" as vague and ambiguous, including, but not only, because it does not specify discussion, consideration, or evaluation by whom. Debtors also object to the phrases "potential impact of the Examiner's report" and "settlement value" as vague and ambiguous. To the extent Interrogatory No. 4 purports to call for the disclosure of expert witnesses retained by Debtors, Debtors state that they will comply with their obligations under the Case Management Order and Federal Rule of Civil Procedure 26 regarding expert disclosures, made applicable herein under Federal Rules of Bankruptcy Procedure 7026 and 9014.

18

Debtors further object to the sub-parts of Interrogatory No. 4 that purport to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome.  Subject to and without waiving these objections, Debtors state, based on their reasonable and good faith investigation to date, that the principal individuals at the Debtors, their advisors, or their counsel with knowledge or information concerning the subjects identified in Interrogatory No. 4 include:  Don Liebentritt, David Eldersveld, David Kurtz, Suneel Mandava, James Conlan, Bryan Krakauer, Kevin Lantry, James Bendernagel, James Ducayet, Jessica Boelter, Brian Whittman, Stuart Kaufman, and Matt Frank.  Answering further, Debtors state, based on their reasonable and good faith investigation to date, that the following additional persons have knowledge concerning documents and other information provided to the Examiner: Patrick Wackerly, Brian Whittman, and Sandra Palmer.

Debtors further object to the sub-parts of Interrogatory No. 4 that purport to call for "the existence, custodian, location and general description of Documents or information" as overbroad and unduly burdensome.  To the extent the request for a "general description" of documents is intended to be a request for Debtors to summarize or characterize documents, Debtors further object that such a request is overbroad, unduly burdensome, and improper, including, but not only, because such a request would circumvent the limitations on discovery contemplated by the Case Management Order.  Subject to and without waiving these objections, Debtors state that the persons identified above are custodians of documents concerning the subject matters set forth in Interrogatory No. 4, the documents are located in these persons' electronic files and desk files, and are comprised of memoranda, emails, and other correspondence.  Answering further, Debtors state that, subject to the objections set forth in their RFP Responses which are incorporated herein by reference, Debtors are producing to Aurelius

19

documents related to the subject matters set forth in Interrogatory No. 4, and refer Aurelius to

those documents pursuant to Federal Rule of Civil Procedure 33(d), made applicable herein by

Federal Rules of Bankruptcy Procedure 7033 and 9014.

Interrogatory No. 5:  Identify all Persons with knowledge or information, and the existence,
custodian, location and general description of Documents or information, concerning the
Proposed LBO Settlement, including but not limited to any (a) negotiations, communications,
discussion or drafting of the Proposed LBO Settlement, (b) the Persons receiving releases in
connection with the Proposed LBO Settlement, and consideration received from and/or
contributed by each such Person in exchange for such release and (c) the bar order contained in
the Proposed LBO Settlement and/or Debtor/Committee/Lender Plan.

**Answer:**  Debtors incorporate by reference their General Objections and Objections to

Definitions and Instructions as set forth above.  Debtors also object to Interrogatory No. 5 to the

extent it seeks information protected from disclosure by the attorney-client privilege, common

interest privilege, and work product doctrine.  Debtors further object to Interrogatory No. 5 on

the ground that it is not reasonably calculated to lead to the discovery of admissible evidence.

Debtors note that although Interrogatory No. 5 is framed as if it were one interrogatory with

three sub-parts, Interrogatory No. 5 contains at least two interrogatories, each with three sub-

parts, for a total of six interrogatories, and Debtors object to Interrogatory No. 5 to the extent it

does not clearly set forth the discrete sub-parts.  Debtors object to the phrase "consideration

received from and/or contributed by each such Person" as vague and ambiguous.

Debtors further object to the sub-parts of Interrogatory No. 5 that purport to call for the

identification of "all" persons with knowledge or information as overbroad and unduly

burdensome.  Subject to and without waiving these objections, Debtors state, based on their

reasonable and good faith investigation to date, that the principal individuals at the Debtors, their

advisors, or their counsel with knowledge or information concerning the subjects identified in

Interrogatory No. 5 include:  Don Liebentritt, David Kurtz, Suneel Mandava, James Conlan,

Bryan Krakauer, Kevin Lantry, James Bendernagel, James Ducayet, Jessica Boelter, Janet Henderson, Kerriann Mills, Jeff Steen, and Brian Whittman.

Debtors further object to the sub-parts of Interrogatory No. 5 that purport to call for "the existence, custodian, location and general description of Documents or information" as overbroad and unduly burdensome. To the extent the request for a "general description" of documents is intended to be a request for Debtors to summarize or characterize documents, Debtors further object that such a request is overbroad, unduly burdensome, and improper, including, but not only, because such a request would circumvent the limitations on discovery contemplated by the Case Management Order. Subject to and without waiving these objections, Debtors state that the persons identified above are custodians of documents concerning the subject matters set forth in Interrogatory No. 5, the documents are located in these persons' electronic files and desk files, and are comprised of memoranda, emails, and other correspondence. Answering further, Debtors state that, subject to the objections set forth in their RFP Responses, which are incorporated herein by reference, Debtors are producing to Aurelius documents related to the subject matters set forth in Interrogatory No. 5, and refer Aurelius to those documents pursuant to Federal Rule of Civil Procedure 33(d), made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014.

Interrogatory No. 6: Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning whether any Tribune Individual would or should remain employed by or affiliated with Debtors, including but not limited to the views of any Settling Parties concerning such continued employment or affiliation, and any need or desire of Debtors to resolve any of the LBO-Related Causes of Action in connection with, or as a condition to (i) any exit financing for Debtors and/or (ii) Debtors' ability generally to exit bankruptcy.

Answer: Debtors incorporate by reference their General Objections and Objections to Definitions and Instructions as set forth above. Debtors also object to Interrogatory No. 6 to the

extent it seeks information protected from disclosure by the attorney-client privilege, common

interest privilege, or work product doctrine. Debtors note that although Interrogatory No. 6 is

framed as if it were one interrogatory, Interrogatory No. 6 contains at least four sub-parts, and

Debtors object to Interrogatory No. 6 to the extent it does not clearly set forth the discrete sub-

parts. Debtors object to the sub-part of this Interrogatory that calls for information "Concerning

whether any Tribune Individual would or should remain employed by or affiliated with Debtors,

including but not limited to the views of any Settling Party concerning such continued

employment or affiliation," as vague and ambiguous. Debtors further object to the phrases

"views of any Settling Parties," "need or desire" and "Debtors' ability generally to exit

bankruptcy" as vague and ambiguous. Debtors state that they will provide information in

response to a mutually agreeable, clarified request.

<u>Interrogatory No. 7</u>: Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the decision to make Don Liebentritt Debtors' Chief Restructuring Officer, including but not limited to whether Liebentritt's continuing role as general counsel for Debtors created a conflict or the appearance of a conflict.

**Answer:** Debtors incorporate by reference their General Objections and Objections to

Definitions and Instructions as set forth above. Debtors also object to Interrogatory No. 7 to the

extent it seeks information protected from disclosure by the attorney-client privilege or work

product doctrine. Debtors further object to Interrogatory No. 7 on the ground that it is not

reasonably calculated to lead to the discovery of admissible evidence. Debtors note that

although Interrogatory No. 7 is framed as if it were one interrogatory, it contains at least two

sub-parts, and Debtors object to Interrogatory No. 7 to the extent it does not clearly set forth the

discrete sub-parts. Debtors object to the terms "conflict" and "appearance of a conflict" as vague

and ambiguous.

22

Debtors further object to the sub-part of Interrogatory No. 7 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Subject to and without waiving these objections, Debtors state, based on their reasonable and good faith investigation to date, that the principal individuals at the Debtors, their advisors, or their counsel with knowledge or information concerning the subjects identified in Interrogatory No. 7 include: the members of Tribune's Board of Directors, Don Liebentritt, James Conlan, Larry Barden, and David Kurtz.

Debtors further object to the sub-part of Interrogatory No. 7 that purports to call for "the existence, custodian, location and general description of Documents or information" as overbroad and unduly burdensome. To the extent the request for a "general description" of documents is intended to be a request for Debtors to summarize or characterize documents, Debtors further object that such a request is overbroad, unduly burdensome, and improper, including, but not only, because such a request would circumvent the limitations on discovery contemplated by the Case Management Order. Subject to and without waiving these objections, Debtors state that the persons identified above are custodians of documents concerning the subject matters set forth in Interrogatory No. 7, the documents are located in these persons' electronic files and desk files, and are comprised of memoranda, emails, and other correspondence. Answering further, Debtors state that, subject to the objections set forth in their RFP Responses, which are incorporated herein by reference, Debtors are producing to Aurelius documents related to the subject matters set forth in Interrogatory No. 7, and refer Aurelius to those documents pursuant to Federal Rule of Civil Procedure 33(d), made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014.

23

<u>Interrogatory No. 8</u>: Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, concerning the Special Committee, including the determination to establish the Special Committee, the selection of members of the Special Committee, meeting, deliberations, discussions and analysis involving the Special Committee or any of its members to the extent related to the business of the Special Committee.

**Answer:** Debtors incorporate by reference their General Objections and Objections to

Definitions and Instructions as set forth above. Debtors also object to Interrogatory No. 8 to the

extent it seeks information protected from disclosure by the attorney-client privilege, common

interest privilege, or work product doctrine. Debtors further object to Interrogatory No. 8 on the

ground that it is not reasonably calculated to lead to the discovery of admissible evidence.

Debtors note that although Interrogatory No. 8 is framed as if it were one interrogatory, it

contains at least two sub-parts, and Debtors object to Interrogatory No. 8 to the extent it does not

clearly set forth the discrete sub-parts. Debtors object to the phrases "meeting, deliberations,

discussions and analysis involving the Special Committee" and "business of the Special

Committee" as vague and ambiguous.

Debtors further object to the sub-part of Interrogatory No. 8 that purports to call for the

identification of "all" persons with knowledge or information as overbroad and unduly

burdensome. Subject to and without waiving these objections, Debtors state, based on their

reasonable and good faith investigation to date, that individuals at the Debtors, their advisors, or

their counsel with knowledge or information concerning the subjects identified in Interrogatory

No. 8 include: the members of Tribune's Board of Directors, Don Liebentritt, James Conlan,

Larry Barden, Kevin Lantry, James Langdon, Jessica Boelter, and David Kurtz.

Debtors further object to the sub-part of Interrogatory No. 8 that purports to call for "the

existence, custodian, location and general description of Documents or information" as

overbroad and unduly burdensome. To the extent the request for a "general description" of

24

documents is intended to be a request for Debtors to summarize or characterize documents, Debtors further object that such a request is overbroad, unduly burdensome, and improper, including, but not only, because such a request would circumvent the limitations on discovery contemplated by the Case Management Order. Subject to and without waiving these objections, Debtors state that the persons identified above are custodians of documents concerning the subject matters set forth in Interrogatory No. 8, the documents are located in these persons' electronic files and desk files, and are comprised of memoranda, emails, and other correspondence. Answering further, Debtors state that, subject to the objections set forth in their RFP Responses, which are incorporated herein by reference, Debtors are producing to Aurelius documents related to the subject matters set forth in Interrogatory No. 8, and refer Aurelius to those documents pursuant to Federal Rule of Civil Procedure 33(d), made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014.

Interrogatory No. 9: Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the Reorganized Value Analysis, the Enterprise Value, or the Equity Value (as each of those terms are defined and used in the General Disclosure Statement), including, but not limited to, the allocation of Enterprise Value or Equity Value as Between the various Debtor entities, all business plans, projections, forecasts, market reports, financial information and any other Documents and information relating to the valuation of Debtors and/or allocation of value between and among the Debtors generated on or after January 1, 2010.

**Answer:** Debtors incorporate by reference their General Objections and Objections to Definitions and Instructions as set forth above. Debtors also object to Interrogatory No. 9 to the extent it seeks information protected from disclosure by the attorney-client privilege or work product doctrine. Debtors note that although Interrogatory No. 9 is framed as if it were one interrogatory, it contains at least two sub-parts, and Debtors object to Interrogatory No. 9 to the extent it does not clearly set forth the discrete sub-parts. Debtors object to the phrase "any other

Documents and information" as vague, ambiguous, and overbroad.  Debtors further object to the phrase "relating to the valuation of Debtors and/or allocation of value between and among the Debtors" as vague, ambiguous, and overbroad.  To the extent Interrogatory No. 9 purports to call for the disclosure of expert witnesses retained by Debtors, Debtors state that they will comply with their obligations under the Case Management Order and Federal Rule of Civil Procedure 26 regarding expert disclosures, made applicable herein under Federal Rules of Bankruptcy Procedure 7026 and 9014.

Debtors further object to the sub-part of Interrogatory No. 9 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome.  Subject to and without waiving these objections, Debtors state, based on their reasonable and good faith investigation to date, that the principal individuals at the Debtors, their advisors, or their counsel with knowledge or information concerning the subjects identified in Interrogatory No. 9 include:  David Kurtz, Suneel Mandava, Brian Whittman, Stuart Kaufman, Matt Frank, Don Liebentritt, Eddy Hartenstein, Nils Larsen, Chandler Bigelow, Harry Amsden, Gina Mazzaferri, James Conlan, Bryan Krakauer, Kevin Lantry, and James Bendernagel.

Debtors further object to the sub-part of Interrogatory No. 9 that purports to call for "the existence, custodian, location and general description of Documents or information" as overbroad and unduly burdensome.  To the extent the request for a "general description" of documents is intended to be a request for Debtors to summarize or characterize documents, Debtors further object that such a request is overbroad, unduly burdensome, and improper, including, but not only, because such a request would circumvent the limitations on discovery contemplated by the Case Management Order.  Subject to and without waiving these objections, Debtors state that the persons identified above are custodians of documents concerning the

subject matters set forth in Interrogatory No. 9, the documents are located in these persons'

electronic files and desk files, and are comprised of memoranda, emails, and other

correspondence. Answering further, Debtors state that, subject to the objections set forth in their

RFP Responses, which are incorporated herein by reference, Debtors are producing to Aurelius

documents related to the subject matters set forth in Interrogatory No. 9, and refer Aurelius to

those documents pursuant to Federal Rule of Civil Procedure 33(d), made applicable herein by

Federal Rules of Bankruptcy Procedure 7033 and 9014.

Interrogatory No. 10:  Identify all Persons with knowledge or information, and the existence,
custodian, location and general description of Documents or information, Concerning the
decision to prepare and file, and the preparation and filing of, the Complaints.

     **Answer:**  Debtors object to Interrogatory No. 10 on the ground that Aurelius has

exceeded the number of interrogatories permitted pursuant to Federal Rule of Civil Procedure

33(a)(1), made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014.  To

the extent any answer is required, Debtors state as follows:

     Debtors incorporate by reference their General Objections and Objections to Definitions

and Instructions as set forth above.  Debtors also object to Interrogatory No. 10 to the extent it

seeks information protected from disclosure by the attorney-client privilege, common interest

privilege, or work product doctrine.  Debtors further object to Interrogatory No. 10 on the ground

that it is not reasonably calculated to lead to the discovery of admissible evidence.  Debtors note

that although Interrogatory No. 10 is framed as if it were one interrogatory, it contains at least

two sub-parts, and Debtors object to Interrogatory No. 10 to the extent it does not clearly set

forth the discrete sub-parts.  Debtors further object to Interrogatory No. 10 on the ground that

information responsive to this Interrogatory may best be obtained directly from the Committee in

the first instance.

Debtors further object to the sub-part of Interrogatory No. 10 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Subject to and without waiving these objections, Debtors state, based on their reasonable and good faith investigation to date, that principal individuals at the Debtors, their advisors, or their counsel with knowledge or information concerning the subjects identified in Interrogatory No. 10 include:  Don Liebentritt, David Eldersveld, James Bendernagel, James Ducayet, Janet Henderson, Steve Novack, Don Tarkington, Brian Whittman, and David Bradford.

Debtors further object to the sub-part of Interrogatory No. 10 that purports to call for "the existence, custodian, location and general description of Documents or information" as overbroad and unduly burdensome. To the extent the request for a "general description" of documents is intended to be a request for Debtors to summarize or characterize documents, Debtors further object that such a request is overbroad, unduly burdensome, and improper, including, but not only, because such a request would circumvent the limitations on discovery contemplated by the Case Management Order. Subject to and without waiving these objections, Debtors state that the persons identified above are custodians of documents concerning the subject matters set forth in Interrogatory No. 10, the documents are located in these persons' electronic files and desk files, and are comprised of memoranda, emails, and other correspondence.

Interrogatory No. 11:  Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning Debtors' determination that the Proposed LBO Settlement is in the best interest of the Estate and should be approved and/or that the Debtor/Committee/Lender Plan should be confirmed.

28

**Answer:** Debtors object to Interrogatory No. 11 on the ground that Aurelius has exceeded the number of interrogatories permitted pursuant to Federal Rule of Civil Procedure 33(a)(1), made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014. To the extent any answer is required, Debtors state as follows:

Debtors incorporate by reference their General Objections and Objections to Definitions and Instructions as set forth above. Debtors also object to Interrogatory No. 11 to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, or work product doctrine. Debtors note that although Interrogatory No. 11 is framed as if it were one interrogatory, it contains at least two sub-parts, and Debtors object to Interrogatory No. 11 to the extent it does not clearly set forth the discrete sub-parts. To the extent Interrogatory No. 11 purports to call for the disclosure of expert witnesses retained by Debtors, Debtors state that they will comply with their obligations under the Case Management Order and Federal Rule of Civil Procedure 26 regarding expert disclosures, made applicable herein under Federal Rules of Bankruptcy Procedure 7026 and 9014.

Debtors further object to the sub-part of Interrogatory No. 11 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Subject to and without waiving these objections, Debtors state, based on their reasonable and good faith investigation to date, that the principal individuals at the Debtors, their advisors, or their counsel with knowledge or information concerning the subjects identified in Interrogatory No. 11 include: the members of Tribune's Board of Directors, the Special Committee, Don Liebentritt, Eddy Hardenstein, Nils Larsen, David Kurtz, Suneel Manadava, James Conlan, Bryan Krakauer, Kevin Lantry, James Bendernagel, James Ducayet, Jessica Boelter, Janet Henderson, Kerriann Mills, and Brian Whittman.

Debtors further object to the sub-part of Interrogatory No. 11 that purports to call for "the existence, custodian, location and general description of Documents or information" as overbroad and unduly burdensome.  To the extent the request for a "general description" of documents is intended to be a request for Debtors to summarize or characterize documents, Debtors further object that such a request is overbroad, unduly burdensome, and improper, including, but not only, because such a request would circumvent the limitations on discovery contemplated by the Case Management Order.  Subject to and without waiving these objections, Debtors state that the persons identified above are custodians of documents concerning the subject matters set forth in Interrogatory No. 11, the documents are located in these persons' electronic files and desk files, and are comprised of memoranda, emails, and other correspondence.  Answering further, Debtors state that, subject to the objections set forth in their RFP Responses, which are incorporated herein by reference, Debtors are producing to Aurelius documents related to the subject matters set forth in Interrogatory No. 11, and refer Aurelius to those documents pursuant to Federal Rule of Civil Procedure 33(d), made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014.

Interrogatory No. 12:  Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning any potential, proposed, or actual plan(s) of reorganization for the Debtors that have been considered, discussed, or negotiated, including but not limited to the so called "purity plan" and any other plan(s) that would put all LBO-Related Causes of action into trusts for post-emergence resolution, and/or any plan(s) that would establish a reserve for distributions to any of the Settling Parties.

**Answer:**  Debtors object to Interrogatory No. 12 on the ground that Aurelius has exceeded the number of interrogatories permitted pursuant to Federal Rule of Civil Procedure 33(a)(1), made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014.  To the extent any answer is required, Debtors state as follows:

CHI 5607984v.2

Debtors incorporate by reference their General Objections and Objections to Definitions and Instructions as set forth above. Debtors also object to Interrogatory No. 12 to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, or work product doctrine. Debtors note that although Interrogatory No. 12 is framed as if it were one interrogatory, it contains at least two sub-parts, and Debtors object to Interrogatory No. 12 to the extent it does not clearly set forth the discrete sub-parts. Debtors further object to the phrases "considered, discussed, or negotiated," "the so called 'purity plan'" and "any other plan(s)," as vague, ambiguous, overbroad, and as calling for information not reasonably calculated to lead to the discovery of admissible evidence. To the extent Interrogatory No. 12 purports to call for the disclosure of expert witnesses retained by Debtors, Debtors state that they will comply with their obligations under the Case Management Order and Federal Rule of Civil Procedure 26 regarding expert disclosures, made applicable herein under Federal Rules of Bankruptcy Procedure 7026 and 9014.

Debtors further object to the sub-part of Interrogatory No. 12 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Subject to and without waiving these objections, Debtors state, based on their reasonable and good faith investigation to date, that the principal individuals at the Debtors, their advisors, or their counsel with knowledge or information concerning the subjects identified in Interrogatory No. 12 include: the members of Tribune's Board of Directors, Don Liebentritt, David Kurtz, Suneel Mandava, James Conlan, Bryan Krakauer, Kevin Lantry, Jessica Boelter, and Brian Whittman.

Debtors further object to the sub-part of Interrogatory No. 12 that purports to call for "the existence, custodian, location and general description of Documents or information" as

31

overbroad and unduly burdensome. To the extent the request for a "general description" of

documents is intended to be a request for Debtors to summarize or characterize documents,

Debtors further object that such a request is overbroad, unduly burdensome, and improper,

including, but not only, because such a request would circumvent the limitations on discovery

contemplated by the Case Management Order. Subject to and without waiving these objections,

Debtors state that the persons identified above are custodians of documents concerning the

subject matters set forth in Interrogatory No. 12, the documents are located in these persons'

electronic files and desk files, and are comprised of memoranda, emails, and other

correspondence. Answering further, Debtors state that, subject to the objections set forth in their

RFP Responses, which are incorporated herein by reference, Debtors are producing to Aurelius

documents related to the subject matters set forth in Interrogatory No. 12, and refer Aurelius to

those documents pursuant to Federal Rule of Civil Procedure 33(d), made applicable herein by

Federal Rules of Bankruptcy Procedure 7033 and 9014.

<u>Interrogatory No. 13</u>: Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the Preserved Causes of Action, including but not limited to any discussion, consideration, analysis, review, assessment or evaluation of placing Preserved Causes of Action in the Creditors' Trust (as defined on Page 8 of the Debtor/Committee/Lender Plan) or the Litigation Trust (as defined on Page 16 of the Debtor/Committee/Lender Plan).

**Answer**: Debtors object to Interrogatory No. 13 on the ground that Aurelius has

exceeded the number of interrogatories permitted pursuant to Federal Rule of Civil Procedure

33(a)(1), made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014. To

the extent any answer is required, Debtors state as follows:

Debtors incorporate by reference their General Objections and Objections to Definitions

and Instructions as set forth above. Debtors also object to Interrogatory No. 13 to the extent it

seeks information protected from disclosure by the attorney-client privilege, common interest privilege, or work product doctrine. Debtors note that although Interrogatory No. 13 is framed as if it were one interrogatory, it contains at least two sub-parts, and Debtors object to Interrogatory No. 13 to the extent it does not clearly set forth the discrete sub-parts. Debtors object to the phrase "discussion, consideration, analysis, review, assessment, or evaluation" as vague, ambiguous, and overbroad. To the extent Interrogatory No. 13 purports to call for the disclosure of expert witnesses retained by Debtors, Debtors state that they will comply with their obligations under the Case Management Order and Federal Rule of Civil Procedure 26 regarding expert disclosures, made applicable herein under Federal Rules of Bankruptcy Procedure 7026 and 9014.

Debtors further object to the sub-part of Interrogatory No. 13 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Subject to and without waiving these objections, Debtors state, based on their reasonable and good faith investigation to date, that the principal individuals at the Debtors, their advisors, or their counsel with knowledge or information concerning the subjects identified in Interrogatory No. 13 include: the members of Tribune's Board of Directors, Don Liebentritt, David Kurtz, Suneel Mandava, James Conlan, Bryan Krakauer, Kevin Lantry, James Bendernagel, James Ducayet, and Brian Whittman.

Debtors further object to the sub-part of Interrogatory No. 13 that purports to call for "the existence, custodian, location and general description of Documents or information" as overbroad and unduly burdensome. To the extent the request for a "general description" of documents is intended to be a request for Debtors to summarize or characterize documents, Debtors further object that such a request is overbroad, unduly burdensome, and improper,

33

including, but not only, because such a request would circumvent the limitations on discovery contemplated by the Case Management Order.  Subject to and without waiving these objections, Debtors state that the persons identified above are custodians of documents concerning the subject matters set forth in Interrogatory No. 13, the documents are located in these persons' electronic files and desk files, and are comprised of memoranda, emails, and other correspondence.  Answering further, Debtors state that, subject to the objections set forth in their RFP Responses, which are incorporated herein by reference, Debtors are producing to Aurelius documents related to the subject matters set forth in Interrogatory No. 13, and refer Aurelius to those documents pursuant to Federal Rule of Civil Procedure 33(d), made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014.

Interrogatory No. 14:  Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the allocation of any proceeds to be distributed by any of the trusts created by any plan of reorganization for the Debtors.

**Answer:**  Debtors object to Interrogatory No. 14 on the ground that Aurelius has exceeded the number of interrogatories permitted pursuant to Federal Rule of Civil Procedure 33(a)(1), made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014.  To the extent any answer is required, Debtors state as follows:

Debtors incorporate by reference their General Objections and Objections to Definitions and Instructions as set forth above.  Debtors also object to Interrogatory No. 14 to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, or work product doctrine.  Debtors note that although Interrogatory No. 14 is framed as if it were one interrogatory, it contains at least two sub-parts, and Debtors object to Interrogatory No. 14 to the extent it does not clearly set forth the discrete sub-parts.  Debtors further object to

34

the phrase "any of the trusts created by any plan of reorganization" as vague, ambiguous, and overbroad. To the extent Interrogatory No. 14 purports to call for the disclosure of expert witnesses retained by Debtors, Debtors state that they will comply with their obligations under the Case Management Order and Federal Rule of Civil Procedure 26 regarding expert disclosures, made applicable herein under Federal Rules of Bankruptcy Procedure 7026 and 9014.

Debtors further object to the sub-part of Interrogatory No. 14 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Subject to and without waiving these objections, Debtors state, based on their reasonable and good faith investigation to date, that the principal individuals at the Debtors, their advisors, or their counsel with knowledge or information concerning the subjects identified in Interrogatory No. 14 include: Don Liebentritt, David Kurtz, Suneel Mandava, James Conlan, Bryan Krakauer, Kevin Lantry, James Bendernagel, James Ducayet, Jessica Boelter, Brian Whittman, and Matt Frank.

Debtors further object to the sub-part of Interrogatory No. 14 that purports to call for "the existence, custodian, location and general description of Documents or information" as overbroad and unduly burdensome. To the extent the request for a "general description" of documents is intended to be a request for Debtors to summarize or characterize documents, Debtors further object that such a request is overbroad, unduly burdensome, and improper, including, but not only, because such a request would circumvent the limitations on discovery contemplated by the Case Management Order. Subject to and without waiving these objections, Debtors state that the persons identified above are custodians of documents concerning the subject matters set forth in Interrogatory No. 14, the documents are located in these persons'

electronic files and desk files, and are comprised of memoranda, emails, and other

correspondence. Answering further, Debtors state that, subject to the objections set forth in their

RFP Responses, which are incorporated herein by reference, Debtors are producing to Aurelius

documents related to the subject matters set forth in Interrogatory No. 14, and refer Aurelius to

those documents pursuant to Federal Rule of Civil Procedure 33(d), made applicable herein by

Federal Rules of Bankruptcy Procedure 7033 and 9014.

Interrogatory No. 15: Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, concerning any (i) intercompany claims (ii) intercompany claims analysis, and (iii) the Intercompany Claims Settlement, as that term is used in the Specific Disclosure Statement relating to the Debtor/Committee/Lender Plan.

   **Answer:** Debtors object to Interrogatory No. 15 on the ground that Aurelius has

exceeded the number of interrogatories permitted pursuant to Federal Rule of Civil Procedure

33(a)(1), made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014. To

the extent any answer is required, Debtors state as follows:

   Debtors incorporate by reference their General Objections and Objections to Definitions

and Instructions as set forth above. Debtors also object to Interrogatory No. 15 to the extent it

seeks information protected from disclosure by the attorney-client privilege, common interest

privilege, or work product doctrine. Debtors note that although Interrogatory No. 15 is framed as

if it were one interrogatory with three sub-parts, it contains at least two interrogatories with three

sub-parts, for a total of six interrogatories, and Debtors object to Interrogatory No. 15 to the

extent it does not clearly set forth the discrete sub-parts. To the extent Interrogatory No. 15

purports to call for the disclosure of expert witnesses retained by Debtors, Debtors state that they

will comply with their obligations under the Case Management Order and Federal Rule of Civil

36

Procedure 26 regarding expert disclosures, made applicable herein under Federal Rules of

Bankruptcy Procedure 7026 and 9014.

Debtors further object to the sub-part of Interrogatory No. 15 that purports to call for the

identification of "all" persons with knowledge or information as overbroad and unduly

burdensome because, among other things, there are numerous individuals performing

accounting, information technology, and tax functions at Tribune and its affiliates who may

have knowledge or information concerning aspects of the subjects indentified in Interrogatory

15. Subject to and without waiving these objections, Debtors state, based on their reasonable and

good faith investigation to date, that the principal individuals at the Debtors, their advisors, or

their counsel with knowledge or information concerning the subjects identified in Interrogatory

No. 15 include: Don Liebentritt, Brian Litman, Nick Chakiris, Pat Shanahan, Brian Whittman,

Stuart Kaufman, Matt Frank, Suneel Mandava, Bryan Krakauer, James Bendernagel, Kevin

Lantry, and Jessica Boelter.

Debtors further object to the sub-part of Interrogatory No. 15 that purports to call for "the

existence, custodian, location and general description of Documents or information" as

overbroad and unduly burdensome. To the extent the request for a "general description" of

documents is intended to be a request for Debtors to summarize or characterize documents,

Debtors further object that such a request is overbroad, unduly burdensome, and improper,

including, but not only, because such a request would circumvent the limitations on discovery

contemplated by the Case Management Order. Subject to and without waiving these objections,

Debtors state that the persons identified above are custodians of documents concerning the

subject matters set forth in Interrogatory No. 15, the documents are located in these persons'

electronic files and desk files, and are comprised of memoranda, emails, and other

37

correspondence. Answering further, Debtors state that, subject to the objections set forth in their

RFP Responses, which are incorporated herein by reference, Debtors are producing to Aurelius

documents related to the subject matters set forth in Interrogatory No. 15, and refer Aurelius to

those documents pursuant to Federal Rule of Civil Procedure 33(d), made applicable herein by

Federal Rules of Bankruptcy Procedure 7033 and 9014.

Interrogatory No. 16: Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the purchase, sale, assignment, or other acquisition or disposition by any of (a) the Tribune Individuals, (b) the Special Committee Individuals, (c) the Committee Individuals or (d) the Settling Parties of any interest in the Senior Notes, PHONES Notes, Senior Loan or Bridge Loans or any other economic interest in or tied to Tribune, including, but not limited to, any debt or equity interests, swaps, derivatives, or options including, but not limited to the instruments by which such Person purchased, sold, assigned, or otherwise acquired or disposed of any interest in the LBO Lender Debt.

**Answer:** Debtors object to Interrogatory No. 16 on the ground that Aurelius has

exceeded the number of interrogatories permitted pursuant to Federal Rule of Civil Procedure

33(a)(1), made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014. To

the extent any answer is required, Debtors state as follows:

Debtors incorporate by reference their General Objections and Objections to Definitions

and Instructions as set forth above. Debtors note that although Interrogatory No. 16 is framed as

if it were one interrogatory with four sub-parts, it contains at least two interrogatories with four

sub-parts, for a total of eight interrogatories, and Debtors object to Interrogatory No. 16 to the

extent it does not clearly set forth the discrete sub-parts. Answering further, Debtors state that

Interrogatory No. 16 is not intelligible. Debtors state that they will provide information in

response to a mutually agreeable, clarified request.

Interrogatory No. 17: Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning claims

38

made or threatened by any Person arising from or relating to the LBO, including but not limited to any related demand letters or other correspondence, all pleadings (other than the Complaints), discovery Interrogatories, objections and responses to discovery Interrogatories, deposition and hearing transcripts, decisions and orders, settlement discussions and settlements.

**Answer:** Debtors object to Interrogatory No. 17 on the ground that Aurelius has exceeded the number of interrogatories permitted pursuant to Federal Rule of Civil Procedure 33(a)(1), made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014. To the extent any answer is required, Debtors state as follows:

Debtors incorporate by reference their General Objections and Objections to Definitions and Instructions as set forth above. Debtors also object to Interrogatory No. 17 to the extent it seeks information protected from disclosure by the attorney-client privilege or work product doctrine. Debtors note that although Interrogatory No. 17 is framed as if it were one interrogatory, it contains at least two sub-parts, and Debtors object to Interrogatory No. 17 to the extent it does not clearly set forth the discrete sub-parts. Debtors further object to Interrogatory No. 17 on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence.

Debtors further object to the sub-part of Interrogatory No. 17 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Subject to and without waiving these objections, Debtors state, based on their reasonable and good faith investigation to date, that the principal individuals at the Debtors, their advisors, or their counsel with knowledge or information concerning the subjects identified in Interrogatory No. 17 include: Don Liebentritt, David Bradford, James Conlan, Bryan Krakauer, Kevin Lantry, Janet Henderson, James Bendernagel, and James Ducayet.

Debtors further object to the sub-part of Interrogatory No. 17 that purports to call for "the existence, custodian, location and general description of Documents or information" as

39

overbroad and unduly burdensome.  To the extent the request for a "general description" of

documents is intended to be a request for Debtors to summarize or characterize documents,

Debtors further object that such a request is overbroad, unduly burdensome, and improper,

including, but not only, because such a request would circumvent the limitations on discovery

contemplated by the Case Management Order.  Subject to and without waiving these objections,

Debtors state that the persons identified above are custodians of documents concerning the

subject matters set forth in Interrogatory No. 17, the documents are located in these persons'

electronic files and desk files, and are comprised of memoranda, emails, and other

correspondence.  Answering further, Debtors state that, subject to the objections set forth in their

RFP Responses, which are incorporated herein by reference, Debtors are producing to Aurelius

documents related to the subject matters set forth in Interrogatory No. 17, and refer Aurelius to

those documents pursuant to Federal Rule of Civil Procedure 33(d), made applicable herein by

Federal Rules of Bankruptcy Procedure 7033 and 9014.

Interrogatory No. 18:  Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, concerning any conflict or potential conflict of interest relating to participation in Settlement Analysis or the Settlement Process by any Person (including any board of directors or subcommittee thereof, and any lawyer, law firm or other Professional), and any efforts, discussion or consideration of efforts to waive, mitigate, limit or eliminate any such conflict or potential conflict of interest, including but not limited to the consideration and selection of Professionals to consult with, advise or represent Debtors, including the Special Committee.

   **Answer:**  Debtors object to Interrogatory No. 18 on the ground that Aurelius has

exceeded the number of interrogatories permitted pursuant to Federal Rule of Civil Procedure

33(a)(1), made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014.  To

the extent any answer is required, Debtors state as follows:

40

Debtors incorporate by reference their General Objections and Objections to Definitions and Instructions as set forth above. Debtors note that although Interrogatory No. 18 is framed as if it were one interrogatory, it contains at least two sub-parts, and Debtors object to Interrogatory No. 18 to the extent it does not clearly set forth the discrete sub-parts. Answering further, Debtors state that Interrogatory No. 18 is not intelligible. Debtors state that they will provide information in response to a mutually agreeable, clarified request.

Interrogatory No. 19: Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the Step One Selling Shareholders, including but not limited to the determination to provide releases to Step One Selling shareholders and the consideration for such releases to be received from or contributed by Step One Selling Shareholders in exchange for such releases.

Answer: Debtors object to Interrogatory No. 19 on the ground that Aurelius has exceeded the number of interrogatories permitted pursuant to Federal Rule of Civil Procedure 33(a)(1), made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014. To the extent any answer is required, Debtors state as follows:

Debtors incorporate by reference their General Objections and Objections to Definitions and Instructions as set forth above. Debtors also object to Interrogatory No. 19 to the extent it seeks information protected from disclosure by the attorney-client privilege or work product doctrine. Debtors note that although Interrogatory No. 19 is framed as if it were one interrogatory, it contains at least two sub-parts, and Debtors object to Interrogatory No. 19 to the extent it does not clearly set forth the discrete sub-parts. Debtors object to the phrases "determination to provide releases to" and "the consideration for such releases to be received from or contributed by" as vague and ambiguous.

Debtors further object to the sub-part of Interrogatory No. 19 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly

41

burdensome. Subject to and without waiving these objections, Debtors state, based on their reasonable and good faith investigation to date, that the principal individuals at the Debtors, their advisors, or their counsel with knowledge or information concerning the subjects identified in Interrogatory No. 19 include: Don Liebentritt, David Kurtz, Suneel Mandava, James Conlan, Bryan Krakauer, Kevin Lantry, David Heiman, James Bendernagel, James Ducayet, Jessica Boelter, and Brian Whittman.

Debtors further object to the sub-part of Interrogatory No. 19 that purports to call for "the existence, custodian, location and general description of Documents or information" as overbroad and unduly burdensome. To the extent the request for a "general description" of documents is intended to be a request for Debtors to summarize or characterize documents, Debtors further object that such a request is overbroad, unduly burdensome, and improper, including, but not only, because such a request would circumvent the limitations on discovery contemplated by the Case Management Order. Subject to and without waiving these objections, Debtors state that the persons identified above are custodians of documents concerning the subject matters set forth in Interrogatory No. 19, the documents are located in these persons' electronic files and desk files, and are comprised of memoranda, emails, and other correspondence. Answering further, Debtors state that, subject to the objections set forth in their RFP Responses, which are incorporated herein by reference, Debtors are producing to Aurelius documents related to the subject matters set forth in Interrogatory No. 19, and refer Aurelius to those documents pursuant to Federal Rule of Civil Procedure 33(d), made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014.

Interrogatory No. 20: Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, concerning the

42

projected valuation and capitalization of the Debtors post-bankruptcy, including documents relating to leverage, liquidity and pro-forma cap structure.

**Answer:** Debtors object to Interrogatory No. 20 on the ground that Aurelius has exceeded the number of interrogatories permitted pursuant to Federal Rule of Civil Procedure 33(a)(1), made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014. To the extent any answer is required, Debtors state as follows:

Debtors incorporate by reference their General Objections and Objections to Definitions and Instructions as set forth above. Debtors also object to Interrogatory No. 20 to the extent it seeks information protected from disclosure by the attorney-client privilege or work product doctrine. Debtors note that although Interrogatory No. 20 is framed as if it were one interrogatory, it contains at least two sub-parts, and Debtors object to Interrogatory No. 20 to the extent it does not clearly set forth the discrete sub-parts. Debtors further object to Interrogatory No. 20 on the ground that it calls for information that is not relevant. To the extent Interrogatory No. 20 purports to call for the disclosure of expert witnesses retained by Debtors, Debtors state that they will comply with their obligations under the Case Management Order and Federal Rule of Civil Procedure 26 regarding expert disclosures, made applicable herein under Federal Rules of Bankruptcy Procedure 7026 and 9014.

Debtors further object to the sub-part of Interrogatory No. 20 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Subject to and without waiving these objections, Debtors state, based on their reasonable and good faith investigation to date, that the principal individuals at the Debtors, their advisors, or their counsel with knowledge or information concerning the subjects identified in Interrogatory No. 20 include: Don Liebentritt, Nils Larsen, Eddy Hartenstein, David Eldersveld, Chandler Bigelow, Brian Litman, Pat Shanahan, Harry Amsden, Gina Mazzaferri, Dan Kazan,

43

David Kurtz, Suneel Mandava, James Conlan, Bryan Krakauer, Kevin Lantry Jessica Boelter, and Brian Whittman.

Debtors further object to the sub-part of Interrogatory No. 20 that purports to call for "the existence, custodian, location and general description of Documents or information" as overbroad and unduly burdensome. To the extent the request for a "general description" of documents is intended to be a request for Debtors to summarize or characterize documents, Debtors further object that such a request is overbroad, unduly burdensome, and improper, including, but not only, because such a request would circumvent the limitations on discovery contemplated by the Case Management Order. Subject to and without waiving these objections, Debtors state that the persons identified above are custodians of documents concerning the subject matters set forth in Interrogatory No. 20, the documents are located in these persons' electronic files and desk files, and are comprised of memoranda, emails, and other correspondence. Answering further, Debtors state that, subject to the objections set forth in their RFP Responses, which are incorporated herein by reference, Debtors are producing to Aurelius documents related to the subject matters set forth in Interrogatory No. 20, and refer Aurelius to those documents pursuant to Federal Rule of Civil Procedure 33(d), made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014.

Interrogatory No. 21: Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, concerning the determination to proceed with the LBO-related transactions involving Tribune that closed on or about June 4, 2007 ("Step One") and the determination to proceed with the LBO-related transactions involving Tribune that closed on or about December 20, 2007 ("Step Two").

**Answer:** Debtors object to Interrogatory No. 21 on the ground that Aurelius has exceeded the number of interrogatories permitted pursuant to Federal Rule of Civil Procedure

44

33(a)(1), made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014. To the extent any answer is required, Debtors state as follows:

Debtors incorporate by reference their General Objections and Objections to Definitions and Instructions as set forth above. Debtors also object to Interrogatory No. 21 to the extent it seeks information protected from disclosure by the attorney-client privilege or work product doctrine. Debtors note that although Interrogatory No. 21 is framed as if it were one interrogatory, it contains at least two sub-parts, and Debtors object to Interrogatory No. 21 to the extent it does not clearly set forth the discrete sub-parts. Debtors object to the phrase "determination to proceed" as vague and ambiguous. Debtors further object to the sub-part of Interrogatory No. 21 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Debtors further object to the sub-part of Interrogatory No. 21 that purports to call for "the existence, custodian, location and general description of Documents or information" as overbroad and unduly burdensome. To the extent the request for a "general description" of documents is intended to be a request for Debtors to summarize or characterize documents, Debtors further object that such a request is overbroad, unduly burdensome, and improper, including, but not only, because such a request would circumvent the limitations on discovery contemplated by the Case Management Order.

Subject to and without waiving these objections, Debtors state that the parties are currently negotiating a protocol for stipulating to certain alleged historical facts set forth in the Examiner's Report, including alleged historical facts that relate to the information sought by Interrogatory No. 21. The Examiner's Report identifies the principal individuals at the Debtors that were involved in the matters that are the subject of this interrogatory. Those individuals

45

include Tribune's Board of Directors, Tribune's 2007 LBO Special Committee, Tribune's

principal officers, and Tribune's principal advisers.

Interrogatory No. 22: Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the solvency or anticipated or potential solvency of Tribune (or any Tribune Entity) between January 1, 2007 and December 31, 2008, including, but not limited to, whether as a result of the LBO and the proposed financing thereof, the value of Tribune's (or any Tribune Entity's) assets was/were exceeded by its/their liabilities, whether Tribune (or any Tribune entity) was/were left with unreasonably small capital, and/or whether the Tribune (or any Tribune Entity) was/were unable to pay its/their debts as they became due.

**Answer:** Debtors object to Interrogatory No. 22 on the ground that Aurelius has

exceeded the number of interrogatories permitted pursuant to Federal Rule of Civil Procedure

33(a)(1), made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014.  To

the extent any answer is required, Debtors state as follows:

Debtors incorporate by reference their General Objections and Objections to Definitions

and Instructions as set forth above.  Debtors also object to Interrogatory No. 22 to the extent it

seeks information protected from disclosure by the attorney-client privilege or work product

doctrine.  Debtors note that although Interrogatory No. 22 is framed as if it were one

interrogatory, it contains at least two sub-parts, and Debtors object to Interrogatory No. 22 to the

extent it does not clearly set forth the discrete sub-parts.  Debtors object to the phrase

"determination to proceed" as vague and ambiguous.  Debtors further object to the sub-part of

Interrogatory No. 22 that purports to call for the identification of "all" persons with knowledge

or information as overbroad and unduly burdensome.  Debtors further object to the sub-part of

Interrogatory No. 22 that purports to call for "the existence, custodian, location and general

description of Documents or information" as overbroad and unduly burdensome.  To the extent

the request for a "general description" of documents is intended to be a request for Debtors to

summarize or characterize documents, Debtors further object that such a request is overbroad, unduly burdensome, and improper, including, but not only, because such a request would circumvent the limitations on discovery contemplated by the Case Management Order.

Subject to and without waiving these objections, Debtors state that the parties are currently negotiating a protocol for stipulating to certain alleged historical facts set forth in the Examiner's Report, including alleged historical facts that relate to the information sought by Interrogatory No. 22. The Examiner's Report identifies the principal individuals at the Debtors that were involved in the matters that are the subject of this interrogatory. Those individuals include Tribune's Board of Directors, Tribune's 2007 LBO Special Committee, Tribune's principal officers, and Tribune's principal advisers.

Dated: Wilmington, Delaware
       January 3, 2011

Respectfully submitted,

SIDLEY AUSTIN LLP
By: /s/ James W. Ducayet
James F. Conlan
Bryan Krakauer
James F. Bendernagel, Jr.
James W. Ducayet
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL, FORMAN
& LEONARD, P.A.
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
1000 N. West Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS-IN-POSSESSION

CH1 5607984v.2

## CERTIFICATE OF SERVICE

I, James W. Ducayet, certify that I caused a copy of the foregoing to be served on counsel for the Plan Proponent Parties and other Parties who have requested service pursuant to paragraph 35 of the Case Management Order entered in the above-captioned cases, this 3rd day of January 2010.

/s/ James W. Ducayet _____

James W. Ducayet

48

## **VERIFICATION**

    I, Don Liebentritt, have read the foregoing Answers And Objections To First Set Of Interrogatories Of Aurelius Capital Management, LP To Debtors.  I hereby state that, as for those interrogatory answers within my personal knowledge, said responses are true and correct.  I further state that certain of the answers were obtained by gathering information from others, including Debtors' counsel and advisors, on whom he relies to provide such information, and as to those answers, he affirms that those are true and correct to the best of his information, knowledge, and belief.  I understand that I am making this statement under penalty of perjury.

    Dated:_____

                                           By:_____