## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IN RE:                                              :
                                                    :
TRIBUNE COMPANY, et al.,                            :    Chapter 11
                                                    :    Case No. 08-13141 (KJC)
                        Debtors.                    :    (Jointly Administered)
                                                    :
                                                    :
                                                    :
                                                    :
                                                    :
                                                    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### JPMORGAN CHASE BANK, N.A.'S RESPONSES AND OBJECTIONS TO AURELIUS CAPITAL MANAGEMENT, LP'S FIRST SET OF INTERROGATORIES

JPMorgan Chase Bank, N.A. ("JPMorgan"), by its undersigned counsel, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and Rules 7026, 7033, and 9014 of the Federal Rules of Bankruptcy Procedure, hereby responds and objects to Aurelius Capital Management, LP's ("Aurelius") First Set of Interrogatories, dated December 16, 2010 (the "Interrogatories").

JPMorgan reserves the right to supplement, amend or otherwise revise its responses and objections as may be deemed appropriate upon further review of information or documents.

### GENERAL OBJECTIONS

In addition to the grounds for objection set forth in response to each particular interrogatory below, JPMorgan responds and objects generally with respect to each and every interrogatory as follows:

1.      JPMorgan objects to the Interrogatories (including, without limitation, the definitions, instructions, time period of demands and documents and things demanded) to

the extent that they purport to impose obligations on JPMorgan not required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the District of Delaware, the Discovery and Scheduling Order for Plan Confirmation (Docket No. 7239) (the "Case Management Order"), or any other applicable statute, rule, case law, or order.

2.      JPMorgan objects to the Interrogatories to the extent that they are unduly burdensome, overbroad, oppressive or seek information or things neither relevant to the subject matter of the confirmation hearing nor reasonably calculated to lead to the discovery of admissible evidence.

3.      JPMorgan objects to the Interrogatories to the extent that they seek information protected from discovery by the attorney-client privilege, the work-product doctrine, the joint-defense privilege, the common interest privilege and/or any other applicable privilege, doctrine or immunity ("Privileged Material"). For instance, the information subject to the common interest privilege includes information or documents shared between and among: (a) JPMorgan, Angelo, Gordon & Co. L.P., Centerbridge Credit Partners, L.P., Centerbridge Credit Partners Master, L.P., Centerbridge Credit Partners, and Law Debenture Company of New York, as Successor Indenture Trustee, or their counsel or advisors, during the time period April 8, 2010 through August 9, 2010 in their capacities as supporters of the Joint Plan of Reorganization for Tribune Company and its Subsidiaries filed on April 12, 2010 as subsequently amended (the "April Plan") and/or the April Proposed Settlement and parties to the compromises embodied therein; (b) JPMorgan, the Debtors, the Official Committee of Unsecured Creditors (the "UCC"), Angelo, Gordon & Co., L.P., Centerbridge Credit Partners, L.P., Centerbridge Credit

2

Partners Master, L.P., Centerbridge Credit Partners, and Law Debenture Company of New York, as Successor Indenture Trustee, or their counsel or advisors, during the time period April 12, 2010 through August 9, 2010 in their capacities as supporters of the April Plan and/or the April Proposed Settlement; (c) JPMorgan, the Debtors, Angelo, Gordon & Co., L.P., Oaktree Capital Management, L.P., and the UCC, or their counsel or advisors, during the time period October 12, 2010 through the present in their capacities as proponents of the Debtor/Committee/Lender Plan and/or settlement embodied therein; and (d) JPMorgan and other lenders, arrangers and syndication agents under the May 17, 2007 credit agreement including, without limitation, Angelo, Gordon & Co., L.P., Oaktree Capital Management, L.P., Merrill Lynch Capital Corporation, Citicorp North America, Inc., and Bank of America, N.A., or their counsels and advisors during all relevant time periods with respect to the assertion of rights under the Credit Agreement and the response and defense to the LBO-Related Causes of Action. Further, information that is categorically privileged includes, among other categories, communications between or among JPMorgan, its counsel, its advisors, and its testifying and non-testifying experts or representatives requesting, providing or reflecting legal advice that are not disclosed to any third party. JPMorgan hereby claims such privileges and objects to the provision of information subject thereto. Such information will not be produced. To the extent that any production of documents or information is made, any inadvertent production of any such documents or information in response to the Interrogatories would not be intended to constitute a waiver of any applicable privilege or protection. JPMorgan demands that Aurelius, its agents, and attorneys notify JPMorgan of the

3

production of any such information immediately upon discovery of such documents or information.

4.     Subject to ongoing meet and confer discussions between and among the Parties, JPMorgan objects to the Interrogatories to the extent that they seek documents or information protected from discovery as Settlement Materials by the Court's December 15, 2009 Depository Order. The Depository Order provides that it is "binding upon all persons and upon all parties-in-interest in connection with these cases, whether or not such person or party-in-interest is a Negotiation Party." The Depository Order defines Settlement Material as follows:

> [A]ny and all communications, whether written or oral, occurring on or after December 7, 2009, between and among the Negotiating Parties, or their representatives, in connection with discussions of the Leveraged ESOP Transactions, whether (a) in connection with the discussion of any plan or plans of reorganization in these cases, or (b) in connection with a discussion among the Negotiating Parties regarding any legal or factual issues related to such plan or plans, or (c) in connection with any analysis or documents prepared by a Negotiating Party or their representatives after the Petition Date and shared on or after December 7, 2009, between and among the Negotiating Parties, which, at or prior to the time communicated or shared, is designated as a "Settlement Communication" (such communications and materials are referred to herein collectively as the "Settlement Material") shall be deemed confidential and subject to the restrictions contained in this Order.

Under the Depository Order, Settlement Material may not be used:

> Unless the person who originates such Settlement Material otherwise agrees in writing, the Settlement Material (i) may not be used except in connection with such settlement discussions; (ii) may not be disclosed other than in such settlement discussions except as authorized by the Negotiating Party originating such Settlement Material; and (iii) may not be introduced at any trial or hearing or deposition.

JPMorgan has not received authorization from any Negotiating Party who originated any Settlement Material in JPMorgan's possession, custody, or control, to disclose this material, has not been requested by any Negotiating Party to authorize the disclosure of Settlement Material it originated, and has not authorized the disclosure of the Settlement Material it originated. JPMorgan hereby asserts the protections of the Depository Order and objects to the provision of information or production of documents subject thereto.

5.    JPMorgan objects to the Interrogatories to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence in that they seek the disclosure of information that is inadmissible and constitute material protected from disclosure pursuant to the Order Appointing Mediator (Docket No. 5991) (the "Mediation Order"). The Mediation Order provides that "(a) discussions among the Mediation parties relating to the Mediation, including discussions with or in the presence of the Mediator, (b) Mediation Statements, Ownership Statements and any other documents or information provided to the Mediator or the Mediation Parties in the course of the Mediation, (c) correspondence, draft resolutions, offers, and counteroffers produced for or as a result of the Mediation, and (d) communications between the Mediator and the Examiner or the Examiner's Professionals are strictly confidential and shall not be admissible for any purpose in any judicial or administrative proceeding." JPMorgan hereby asserts such protections and objects to the provision of information subject thereto. Unless otherwise specifically stated, such Mediation materials will not be produced in response to any Interrogatory.

6.    JPMorgan objects to the Interrogatories to the extent that they seek the disclosure of information that is subject to the terms of the Order Approving Work and

Expense Plan and Modifying Examiner Order (Docket No. 4321) (the "Examiner Order")

or the Order Approving Motion of Court-Appointed Examiner, Kenneth N. Klee, Esq.,

for Order (I) Discharging Examiner; (II) Granting Relief From Third-Party Discovery;

(III) Approving the Disposition of Certain Documents and Information; And (IV)

Granting Certain Ancillary Relief (Docket No. 5541) (the "Discharge Order").  Pursuant

to the Examiner Order, "requests by the Parties or any other person or entity for [ ]

discovery" that may be "propounded upon any Party or any other person or entity to seek

any communications, documents or other information exchanged between them and the

Examiner" are subject to Court approval.  Examiner Order at ¶ 9.  Moreover, pursuant to

the Examiner Order:

> The delivery of any documents or information by any
> Parties, or by counsel or other professionals engaged by
> any of the Parties, to the Examiner or to any Parties in
> connection with the Investigation . . . does not constitute a
> waiver of attorney-client privilege, attorney work-product
> protection, confidentiality or any other applicable privilege,
> protection, immunity or confidentiality, and the delivery of
> such documents or information to the Examiner or to any of
> the Parties shall not be the basis for any third party or any
> other Party to assert that any of the Parties or their counsel
> or other professionals have waived, in whole or in part, any
> privilege, protection, immunity, or confidentiality with
> respect to such documents or information or with respect to
> any other documents or information that may concern the
> same subject matter.

Examiner Order at ¶ 4.  Pursuant to Paragraph 7 of the Discharge Order, materials

provided to or obtained by the Examiner are exempt from discovery from the Examiner.

To the extent that such materials are protected from disclosure by the Examiner,

JPMorgan objects to Aurelius's attempts to contravene the purpose of the Discharge

Order by seeking those same materials from JPMorgan.  Unless otherwise specifically

stated, materials related to the Examiner will not be produced in response to any request.

7.      JPMorgan objects to the Interrogatories to the extent that they exceed the scope of discovery contemplated by the Case Management Order, which provides that "[i]nterrogatories shall be restricted solely to those seeking to discover the (i) names of witnesses with knowledge of information relevant to the subject matter of the hearing and (ii) existence, custodian, location and general description of relevant documents, other physical evidence, or information of a similar nature." Case Management Order, ¶ 7.

8.      JPMorgan objects to the Interrogatories to the extent that they seek information that is not within JPMorgan's possession, custody, or control, or is publicly available.

9.      JPMorgan objects to the Interrogatories to the extent that they seek information that is already in Aurelius's possession, custody, or control, is more appropriately sought from the Debtors, the UCC, other parties to this proceeding, third parties or is publicly available.

10.     JPMorgan objects to the Interrogatories to the extent that they are duplicative of requests served by other parties in the above-captioned cases to which JPMorgan has responded.  JPMorgan further objects to the Interrogatories to the extent that they seek information that already has been produced to the Document Depository or will be produced in response to Aurelius's First Request for Production of Documents. JPMorgan refers Aurelius to its Responses and Objections to the First Request For the Production of Documents of Aurelius Capital Management, LP, to JPMorgan ("RFP Responses") and the memorandum from Davis Polk & Wardwell LLP to Parties Entitled to Receive Disclosures Pursuant to Paragraph 35 of the Discovery and Scheduling Order

For Plan Confirmation, dated December 24, 2010 for information about its document collection and production efforts.

      11.    JPMorgan objects to the Interrogatories to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence in that the information sought would not be admissible pursuant to Federal Rule of Evidence 408.

      12.    JPMorgan objects to the Interrogatories to the extent that they call for the identification within twenty-one days of service of the Interrogatories of the specific information, Document, or Communication protected by the attorney-client privilege, the work-product doctrine, the joint-defense privilege, the common interest privilege and/or any other applicable privilege, doctrine or immunity as seeking to impose obligations beyond the scope of the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the District of Delaware, and the Case Management Order. JPMorgan further objects to any such request as unduly burdensome.

      13.    JPMorgan objects to the Interrogatories to the extent that they require production of information in contravention of any confidentiality agreement or obligations that would unduly violate the privacy interests of others.

      14.    JPMorgan objects to the Interrogatories to the extent that they are vague, ambiguous, capable of multiple interpretations, confusing, or incomprehensible and therefore require JPMorgan to engage in conjecture as to their meaning. Nonetheless, JPMorgan will make a good faith effort to interpret and respond to the Interrogatories subject to the limitations stated herein.

15.    JPMorgan objects to the Interrogatories to the extent that they are interposed for improper purposes, including without limitation, undue annoyance, harassment, burden, delay, embarrassment, or to increase expense.

16.    JPMorgan objects to the Interrogatories to the extent that they exceed the number of interrogatories permitted pursuant to Federal Rule of Civil Procedure 33(a)(1), made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014. As noted in the objections and responses to individual interrogatories, although each interrogatory is framed as if it were one interrogatory, in fact, each interrogatory contains at least two discrete sub-parts, and JPMorgan objects to the Interrogatories to the extent that they do not clearly set forth the discrete sub-parts.

17.    JPMorgan objects to the Interrogatories to the extent that: (a) the discovery sought by any interrogatory is unreasonably cumulative or duplicative, or is obtainable from another source that is more convenient, less burdensome, or less expensive; (b) the information was previously produced and is currently located in the Document Depository; (c) Aurelius has obtained the information sought by any request or demand in any other proceeding or pursuant to any other means; (d) the information is a matter of public record or could be obtained from Aurelius or its counsel's files; or (e) the burden or expense of any interrogatory outweighs its likely benefit.

18.    JPMorgan objects to the Interrogatories to the extent that they seek information from an unknown or unspecified time frame.

19.    JPMorgan objects to the Interrogatories to the extent that they call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. JPMorgan states that, where appropriate and subject to the general and

9

specific objections, it will identify, based on its reasonable and good faith investigation to date, one or more individuals at JPMorgan, its advisors, or its counsel with knowledge or information responsive to each interrogatory.

20.    JPMorgan objects to the Interrogatories to the extent that they seek to impose any continuing obligation on JPMorgan to respond.

21.    JPMorgan objects to the Interrogatories, including but not limited to the definitions contained therein, to the extent that they assume disputed facts or legal conclusions. JPMorgan hereby denies such disputed facts or legal conclusions to the extent assumed by any Interrogatory or stated definition. Any response or objection by JPMorgan with respect to any such Interrogatory is without prejudice to this objection and JPMorgan's right to dispute facts and legal conclusions assumed in the Interrogatories.

22.    No objection or limitation, or lack thereof, and no statement that JPMorgan will provide information made herein shall be deemed an admission by JPMorgan as to the existence or nonexistence of documents or information.

23.    JPMorgan's Responses and Objections to the Interrogatories and its production of any information shall not be construed as an admission of the relevance, materiality, or admissibility of any such information or of the subject matter of any such information, or as a waiver or abridgement of any applicable privilege or of any applicable objection set forth above or below, or as an agreement that requests for similar information will be treated in a similar manner. The fact that JPMorgan responds or objects to a particular Interrogatory shall not be interpreted as implying that JPMorgan acknowledges the propriety of that Interrogatory. JPMorgan's responses herein are based

solely on the information that is available to JPMorgan on the date of this response. JPMorgan reserves the right, without limitation, (a) to supplement, amend or correct all or any part of its responses or objections; and (b) to object, on any ground, to the admissibility in evidence of any part of the information ultimately produced in response to the Interrogatories.

## OBJECTIONS TO DEFINITIONS

1.      JPMorgan objects to each and every definition to the extent that it purports to define words in a way that is inconsistent with their generally understood meanings. JPMorgan objects to the Definitions to the extent that they purport to impose obligations on JPMorgan not required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the District of Delaware, the Case Management Order, or any other applicable statute, rule case law, or order.

2.      JPMorgan objects to the definition of "Angelo" on the grounds that it is overbroad, vague, ambiguous and unduly burdensome, and that it is not possible to know all persons and entities that Aurelius purports to include within the definition. As used in JPMorgan's responses, "Angelo" means Angelo, Gordon & Co., L.P., unless otherwise specified.

3.      JPMorgan objects to the definition of "April Proposed Settlement" on the grounds that it is vague and ambiguous. As used in JPMorgan's responses, "April Proposed Settlement" means the settlement agreement, the terms of which are described in the Settlement Support Agreement, dated April 8, 2010, between and among Angelo, Gordon & Co., L.P., Centerbridge Special Credit Partners, L.P., Centerbridge Credit

11

Partners Master, L.P., Centerbridge Credit Partners, JPMorgan Chase Bank N.A., and Law Debenture Company of New York, as Successor Indenture Trustee, as filed with the Court on April 12, 2010, and supported by the UCC, unless otherwise specified.

4.    JPMorgan objects to the definition of "Bank of America" on the grounds that it is overbroad, vague, ambiguous and unduly burdensome, and that it is not possible to know all persons and entities that Aurelius purports to include within the definition as stated.  As used in JPMorgan's responses, "Bank of America" means Bank of America N.A., Bank of America Bridge, and Bank of America Securities, unless otherwise specified.

5.    JPMorgan objects to the definition of "Bridge Loans" on the grounds that it is vague and ambiguous.

6.    JPMorgan objects to the definition of "Citicorp" on the grounds that it is overbroad, vague, ambiguous and unduly burdensome, and that it is not possible to know all persons and entities that Aurelius purports to include within the definition as stated. As used in JPMorgan's responses, "Citicorp" means Citigroup Global Markets, Inc., Citibank, N.A., Citicorp USA, Inc. and Citicorp North America, Inc., unless otherwise specified.

7.    JPMorgan objects to the definition of "Committee" on the grounds that it is overbroad, vague, ambiguous and unduly burdensome, and that it is not possible to know all persons and entities that Aurelius purports to include within the definition as stated.  As used in JPMorgan's responses, "Committee" means the Official Committee of Unsecured Creditors in the chapter 11 cases of the above-captioned debtors, unless otherwise specified.

8.      JPMorgan objects to the definition of "Committee Individuals" on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and incomprehensible. As used in JPMorgan's responses, "Committee Individuals" means the individual members of the Official Committee of Unsecured Creditors in the chapter 11 cases of the above-captioned debtors, unless otherwise specified.

9.      JPMorgan objects to the definition of "Communication" as overbroad, vague, ambiguous and unduly burdensome. JPMorgan further objects to the definition of "Communication" to the extent it is inconsistent with the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the District of Delaware, and imposes burdens not required by those rules.

10.      JPMorgan objects to the definition of "Debtors" on the grounds that it is overbroad, vague, ambiguous and unduly burdensome, and that it is not possible to know all persons and entities that Aurelius purports to include within the definition as stated. As used in JPMorgan's responses, "Debtors" means the debtors in the above-captioned chapter 11 cases, unless otherwise specified.

11.      JPMorgan objects to definition of "Debtor/Committee/Lender Plan" on the grounds that it is incomprehensible. As used in JPMorgan's responses, "Debtor/Committee/Lender Plan" means the First Amended Joint Plan Of Reorganization For Tribune Company And Its Subsidiaries Proposed By The Debtors, The Official Committee Of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., And JPMorgan Chase Bank, N.A. filed with the Court on November 23, 2010, and as subsequently amended, unless otherwise specified.

12.    JPMorgan objects to the definition of "Documents" as overbroad, vague, ambiguous and unduly burdensome.  JPMorgan further objects to the definition of "Documents" to the extent it is inconsistent with the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the District of Delaware, and imposes burdens not required by those rules.

13.    JPMorgan objects to the definition of "Examiner" as overbroad and vague.

14.    JPMorgan objects to the definition of "'Identify' (with respect to Persons)" as unduly burdensome.  To the extent this information is not otherwise known or readily ascertainable by Aurelius, JPMorgan states that, unless otherwise specified, the individuals identified herein may be contacted through undersigned counsel.

15.    JPMorgan objects to the definition of "'Identify' (with respect to Documents)" as unduly burdensome.

16.    JPMorgan objects to the definition of "JPMorgan" on the grounds that it is overbroad, vague, ambiguous and unduly burdensome, particularly insofar as it includes "its affiliates . . . any of its or their officers, directors, partners, employees, members or managers," "any of its or their board of directors and any committee or subcommittee of any board of directors" and "Professionals of any Person" listed.  As used in JPMorgan's responses, "JPMorgan" means JPMorgan Chase Bank, N.A.

17.    JPMorgan objects to the definition of "LBO" on the grounds that it is overbroad, vague, ambiguous and unduly burdensome.  As used in JPMorgan's responses, "LBO" means the Leverage ESOP Transactions as detailed in Section VII.D

of the Debtors' Joint Disclosure Statement, filed with the Court on October 22, 2010 as subsequently amended, unless otherwise specified.

18.    JPMorgan objects to the definition of "LBO Lender Debt" on the grounds that it is vague and ambiguous.

19.    JPMorgan objects to the definition of "LBO-Related Causes of Action" on the grounds that is overbroad, vague, ambiguous and unduly burdensome. As used in JPMorgan's responses, "LBO-Related Causes of Action" has the meaning set forth in Article I of the Debtor/Committee/Lender Plan, unless otherwise specified.

20.    JPMorgan objects to the definition of "Lender Complaint" as vague and incomprehensible.

21.    JPMorgan objects to the definition of "Merrill Lynch" on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and that it is not possible to know all of the persons and entities that Aurelius purports to include within the definition as stated. As used in JPMorgan's responses, "Merrill Lynch" means Merrill Lynch Capital Corporation, Merrill, Lynch, Pierce, Fenner & Smith, and Merrill Lynch & Co., unless otherwise specified.

22.    JPMorgan objects to the definition of "Murray Devine" on the grounds that is overbroad, vague, ambiguous and unduly burdensome.

23.    JPMorgan objects to the definition of "Oaktree" on the grounds that is overbroad, vague, ambiguous, unduly burdensome, and that it is not possible to know all of the persons and entities that Aurelius purports to include within the definition as stated. As used in JPMorgan's responses, "Oaktree" means Oaktree Capital Management, L.P., unless otherwise specified.

24.    JPMorgan objects to the definition of "Other Potential Settlement" on the grounds that is overbroad, vague, ambiguous, unduly burdensome, and that it includes documents, or information, that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

25.    JPMorgan objects to the definition of "Person" on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. JPMorgan further objects to the definition of "Person" to the extent it is inconsistent with the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the District of Delaware, and imposes burdens not required by those rules.

26.    JPMorgan objects to the definition of "Professional" on the grounds that it is overbroad, vague, ambiguous and unduly burdensome.

27.    JPMorgan objects to the definition of "Proposed LBO Settlement" on the grounds that is vague. As used in JPMorgan's responses, "Proposed LBO Settlement" means the proposed settlement of the LBO-Related Causes of Action as described in the Debtor/Committee/Lender Plan, unless otherwise specified.

28.    JPMorgan objects to the definition of "Relationship" as overbroad, vague, ambiguous and unduly burdensome particularly insofar as it uses "relationship" in its definition. JPMorgan further objects to the time frame set forth in the definition of "Relationship" as overbroad, and to the extent it includes documents, or information, that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

16

29.     JPMorgan objects to the definition of "Senior Loans" on the grounds that it is vague and ambiguous.

30.     JPMorgan objects to the definition of "Settlement Analysis" as overbroad, vague, ambiguous, unduly burdensome and to the extent it includes Privileged Material protected by the attorney-client privilege, the work-product doctrine, the joint-defense privilege, the common interest privilege and/or any other applicable privilege, doctrine or immunity.

31.     JPMorgan objects to the definition of "Settlement Process" as overbroad, vague, ambiguous, unduly burdensome and to the extent it includes Privileged Material protected by the attorney-client privilege, the work-product doctrine, the joint-defense privilege, the common interest privilege and/or any other applicable privilege, doctrine or immunity.

32.     JPMorgan objects to the definition of "Settling Parties" on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and that it is not possible to know all of the persons and entities that Aurelius purports to include within the definition as stated.  As used in JPMorgan's responses, "Settling Parties" means Oaktree, Angelo, JPMorgan, Citicorp, Bank of America, and Merrill Lynch, subject to the objections set forth herein, unless otherwise specified.

33.     JPMorgan objects to the definition of "Special Committee" on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and that it is not possible to know all of the persons and entities that Aurelius purports to include within the definition as stated.  As used in JPMorgan's responses, "Special Committee" means the Special

Committee of independent directors formed by Tribune Company's Board of Directors on or about August 27, 2010, unless otherwise specified.

34.     JPMorgan objects to the definition of "Special Committee Individuals" on the grounds that it is incomprehensible. As used in JPMorgan's responses, "Special Committee Individuals" means the individual members of the Special Committee of independent directors formed by Tribune Company's Board of Directors on or about August 27, 2010, unless otherwise specified.

35.     JPMorgan objects to the definition of "Step One Selling Shareholders" as vague and ambiguous.

36.     JPMorgan objects to the definition of "Tender Offer" as vague.

37.     JPMorgan objects to the definition of "Third Party Complaint" as vague.

38.     JPMorgan objects to the definition of "Tribune" on the grounds that it is incomprehensible, overbroad, vague, ambiguous, unduly burdensome and that it is not possible to know all of the persons and entities that Aurelius purports to include within the definition as stated. As used in JPMorgan's responses, "Tribune" means Tribune Company and its direct and indirect subsidiaries, unless otherwise specified.

39.     JPMorgan objects to the definition of "Tribune Entity" on the grounds that it is incomprehensible. As used in JPMorgan's responses, "Tribune Entity" means Tribune, subject to the objections set forth herein, unless otherwise specified.

40.     JPMorgan objects to the definition of "Tribune Individual" on the grounds that it is incomprehensible. As used in JPMorgan's responses, "Tribune Individual" means the current officers and directors of Tribune, subject to the objections set forth herein, unless otherwise specified.

41.    JPMorgan objects to the definition of "Wells Fargo" on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and that it is not possible to know all of the persons and entities that Aurelius purports to include within the definition as stated. As used in JPMorgan's responses, "Wells Fargo" means Wells Fargo Bank, N.A., unless otherwise specified.

## OBJECTIONS TO INSTRUCTIONS

1.    JPMorgan objects to each of the Instructions to the extent that they impose any obligations that exceed the requirements of the Federal Rules of Civil Procedure, the Local Rules of the United States Bankruptcy Court for the District of Delaware, the Case Management Order, or any other applicable statute, rule, case law, or order.

2.    JPMorgan objects to Instructions 1, 2, and 5 as overbroad, vague, ambiguous and unduly burdensome.

3.    JPMorgan objects to Instruction 3 as it is overbroad, vague, ambiguous and unduly burdensome. JPMorgan further objects to Instruction 3 to the extent that it requires JPMorgan to search the files of its counsel, on the grounds of attorney-client privilege, work-product doctrine and/or any other applicable law or privilege. JPMorgan further objects to Instruction 3 to the extent that it seeks information that is not within JPMorgan's possession, custody or control including information from JPMorgan's counsel, advisors, testifying and non-testifying experts or representatives.

4.    JPMorgan objects to Instruction 4 as overbroad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that it seeks information from irrelevant time periods. JPMorgan further

objects to Instruction 4 to the extent that it seeks information that is irrelevant, and is not reasonably calculated to lead the discovery of admissible evidence particularly insofar as it seeks information prior to January 1, 2007 or after December 20, 2007 related to the merits of the LBO-Related Causes of Action.

5.     JPMorgan objects to Instruction 6 as overbroad and unduly burdensome, and to the extent it is inconsistent with the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the District of Delaware, the Case Management Order, or any other applicable statute, rule or case law, or order and imposes burdens not required by those authorities.

6.     JPMorgan objects to Instruction 7 as overbroad, vague, ambiguous, unduly burdensome, and to the extent it is inconsistent with the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Case Management Order, the Local Rules of the United States Bankruptcy Court for the District of Delaware, the Case Management Order, or any other applicable statute, rule, case law, or order and imposes burdens not required by those authorities.  JPMorgan will comply with its obligations under the Case Management Order regarding information withheld under a claim of privilege.

7.     JPMorgan objects to Instruction 8 as overbroad, vague, ambiguous and unduly burdensome.  JPMorgan further objects to Instruction 8 to the extent it seeks to require JPMorgan to search the files of its counsel, on the grounds of attorney-client privilege, work-product doctrine and/or any other applicable law or privilege.  JPMorgan further objects to Instruction 8 to the extent that it seeks information that is not within

JPMorgan's possession, custody, or control, including information from JPMorgan's counsel, advisors, testifying and non-testifying experts or representatives.

8.      JPMorgan objects to Instruction 9 on the grounds that it is contrary to the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the District of Delaware, the Case Management Order, or any other applicable statute, rule, case law, or order, and imposes burdens not required by those authorities.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

Subject to and without waiving the foregoing general objections, which are incorporated herein by reference as if fully set forth in each response, JPMorgan objects and responds to the Interrogatories as follows:

**Interrogatory No. 1:**

Identify all Persons with knowledge or information Concerning the Document Depository, including the materials in the Document Depository furnished by JPMorgan, and Identify all steps taken and instructions given concerning JPMorgan's obligation to preserve information in connection with the LBO, the LBO-Related Causes of Action, the Examiner, the Examiner's Report, the Settlement Process, the Mediation, the Complaints, the Preserved Causes of Action and the Special Committee, including but not limited to all litigation hold instructions and efforts to ensure compliance with litigation hold instructions.

**Answer to Interrogatory No. 1:**

JPMorgan objects to Interrogatory No. 1 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. JPMorgan further objects to Interrogatory No. 1 on the grounds that it calls for the production of Privileged Material. JPMorgan notes that although Interrogatory No. 1 is framed as if it were one interrogatory, Interrogatory No. 1

contains at least two sub-parts, and JPMorgan objects to Interrogatory No. 1 to the extent it does not clearly set forth discrete sub-parts.

JPMorgan further objects to the sub-part of Interrogatory No. 1 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Subject to and without waiving the foregoing general and specific objections, JPMorgan states that all parties to the Order (I) Authorizing The Debtors To Establish A Document Depository And Directing The Committee To Deliver Certain Documents To The Depository Pursuant To Federal Rule Of Bankruptcy Procedure 2004 And (II) Establishing Settlement Negotiation Protections Pursuant to 11 U.S.C. § 105(A) (Docket No. 2858) (the "Depository Order") have access to the Document Depository and have been provided an index of the documents in the Document Depository and refers Aurelius to the Document Depository for the information concerning the materials contained therein pursuant to Federal Rule of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

JPMorgan further objects to the sub-part of Interrogatory No. 1 that purports to call for identification of "all steps taken and instructions given concerning JPMorgan's obligation to preserve information" on the ground that it calls for information outside the scope of discovery contemplated by the Case Management Order, which provides that "[i]nterrogatories shall be restricted solely to those seeking to discover the (i) names of witnesses with knowledge of information relevant to the subject matter of the hearing and (ii) existence, custodian, location and general description of relevant documents, other physical evidence, or information of a similar nature." Case Management Order, ¶ 7.

**Interrogatory No. 2:**

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the search terms, custodians, or other information used to identify, gather and/or collect Documents for production or potential production in response to any formal or informal request for discovery previously issued in this bankruptcy case, including but not limited to such requests issued in any related adversary proceeding or by the Examiner or other Person.

**Answer to Interrogatory No. 2:**

JPMorgan objects to Interrogatory No. 2 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. JPMorgan further objects to Interrogatory No. 2 on the grounds that it calls for the production of Privileged Material. JPMorgan notes that although Interrogatory No. 2 is framed as if it were one interrogatory, Interrogatory No. 2 contains at least two sub-parts, and JPMorgan objects to Interrogatory No. 2 to the extent it does not clearly set forth discrete sub-parts.

JPMorgan further objects to the sub-part of Interrogatory No. 2 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Subject to and without waiving the foregoing general and specific objections, JPMorgan refers Aurelius to the memorandum from Davis Polk & Wardwell LLP to Parties Entitled to Receive Disclosures Pursuant to Paragraph 35 of the Discovery and Scheduling Order For Plan Confirmation, dated December 24, 2010 for information concerning JPMorgan's document collection and production efforts.

JPMorgan further objects to the sub-part of Interrogatory No. 2 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome. To the extent

that the request for a "general description" of documents is intended to be a request for JPMorgan to summarize or characterize documents, JPMorgan further objects that such a request is overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Case Management Order.

Subject to and without waiving the forgoing general and specific objections, JPMorgan states that, subject to the objections set forth in its RFP Responses, which are incorporated herein by reference, JPMorgan has produced to the Document Depository and, in response to the First Request For the Production of Documents of Aurelius Capital Management, LP, to JPMorgan (the "RFP"), will produce non-privileged documents, if any, related to the subject matters set forth in Interrogatory No. 2, and refers Aurelius to those documents pursuant to Federal Rule of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

**Interrogatory No. 3:**

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents, or information, Concerning the Settlement Process and any Settlement Analysis.

**Answer to Interrogatory No. 3:**

JPMorgan objects to Interrogatory No. 3 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. JPMorgan further objects to Interrogatory No. 3 on the grounds that it calls for the production of Privileged Material. JPMorgan notes that although Interrogatory No. 3 is framed as if it were one interrogatory, Interrogatory No. 3 contains at least two sub-parts, and JPMorgan objects to Interrogatory No. 3 to the extent it does not clearly set forth discrete sub-parts.

24

JPMorgan further objects to the sub-part of Interrogatory No. 3 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome. To the extent that the request for a "general description" of documents is intended to be a request for JPMorgan to summarize or characterize documents, JPMorgan further objects that such a request is overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Case Management Order.

Subject to and without waiving the forgoing general and specific objections, JPMorgan states that, subject to the objections set forth in the RFP Responses, which are incorporated herein by reference, JPMorgan has produced to the Document Depository and, in response to the RFP, will produce non-privileged documents, if any, related to the subject matters set forth in Interrogatory No. 3, and refers Aurelius to those documents pursuant to Federal Rule of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

JPMorgan further objects to the sub-part of Interrogatory No. 3 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Subject to and without waiving the foregoing general and specific objections, JPMorgan states, based on its reasonable and good faith investigation to date, that the principal individuals at JPMorgan, or its advisors and counsel in connection with the above-captioned chapter 11 cases, with knowledge or information concerning the subjects identified in Interrogatory No. 3 are Miriam Kulnis, Ann Kurinskas, Kevin Kelley, Donald Bernstein, Damian Schaible, and Flip Huffard.

**Interrogatory No. 4:**

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the Examiner's Report, including any Documents or other information provided to, or withheld from, the Examiner, and any discussion, consideration or evaluation of the Examiner's Report and any potential impact of the Examiner's Report on the settlement value of any LBO-Related Causes of Action.

**Answer to Interrogatory No. 4:**

JPMorgan objects to Interrogatory No. 4 on the grounds that it is overbroad,

vague, ambiguous, unduly burdensome, and is not reasonably calculated to lead to the

discovery of admissible evidence. JPMorgan further objects to Interrogatory No. 4 on the

grounds that it calls for the production of Privileged Material, including specifically,

material protected from disclosure by the Examiner Order and/or the Discharge Order.

JPMorgan notes that although Interrogatory No. 4 is framed as if it were one

interrogatory, Interrogatory No. 4 contains at least four sub-parts, and JPMorgan objects

to Interrogatory No. 4 to the extent it does not clearly set forth discrete sub-parts.

JPMorgan further objects to the sub-part of Interrogatory No. 4 that purports to

call for "the existence, custodian, location and general description of Documents or

information" on the grounds that it is overbroad and unduly burdensome. To the extent

that the request for a "general description" of documents is intended to be a request for

JPMorgan to summarize or characterize documents, JPMorgan further objects that such a

request is overbroad, unduly burdensome, and improper, on the ground that it calls for

information outside the scope of discovery contemplated by the Case Management Order.

JPMorgan further objects to the Interrogatory No. 4 to the extent that it calls for

"Documents or other information" or any "discussion, consideration or evaluation" as

unduly burdensome and beyond the scope of discovery contemplated by the Case

Management Order.

JPMorgan further objects to the sub-part of Interrogatory No. 4 that purports to

call for the identification of "all" persons with knowledge or information as overbroad

and unduly burdensome.

Subject to and without waiving the forgoing general and specific objections,

JPMorgan states that, subject to the objections set forth in the RFP Responses, which are

incorporated herein by reference, JPMorgan has produced to the Document Depository

and, in response to the RFP, will produce non-privileged documents, if any, related to the

subject matters set forth in Interrogatory No. 4, and refers Aurelius to those documents

pursuant to Federal Rule of Civil Procedure 33(d) made applicable hereto by Federal

Rules of Bankruptcy Procedure 7033 and 9014.


**Interrogatory No. 5:**

Identify all Persons with knowledge or information, and the existence, custodian,
location and general description of Documents or information, Concerning the Proposed
LBO Settlement, including but not limited to any (a) negotiations, communications,
discussion or drafting of the Proposed LBO Settlement, (b) the Persons receiving releases
in connection with the Proposed LBO Settlement, and the consideration received from
and/or contributed by each such Person in exchange for such release and (c) the bar order
contained in the Proposed LBO Settlement and/or Debtor/Committee/Lender Plan.

**Answer to Interrogatory No. 5:**

JPMorgan objects to Interrogatory No. 5 on the grounds that it is overbroad,

vague, ambiguous, unduly burdensome, and is not reasonably calculated to lead to the

discovery of admissible evidence. JPMorgan further objects to Interrogatory No. 5 on the

grounds that it calls for the production of Privileged Material. JPMorgan notes that

although Interrogatory No. 5 is framed as if it were one interrogatory, Interrogatory No. 5

contains at least two interrogatories, each with three subparts, and JPMorgan objects to Interrogatory No. 5 to the extent it does not clearly set forth discrete sub-parts.

JPMorgan further objects to the sub-part of Interrogatory No. 5 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome. To the extent that the request for a "general description" of documents is intended to be a request for JPMorgan to summarize or characterize documents, JPMorgan further objects that such a request is overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Case Management Order.

Subject to and without waiving the foregoing general and specific objections, JPMorgan states that, subject to the objections set forth in the RFP Responses, which are incorporated herein by reference, JPMorgan has produced to the Document Depository and, in response to the RFP, will produce non-privileged documents, if any, related to the subject matters set forth in Interrogatory No. 5, and refers Aurelius to those documents pursuant to Federal Rule of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

JPMorgan further objects to the sub-part of Interrogatory No. 5 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Subject to and without waiving the foregoing general and specific objections, JPMorgan states, based on its reasonable and good faith investigation to date, that the principal individuals at JPMorgan, or its advisors and counsel in connection with the above-captioned chapter 11 cases, with knowledge or information concerning the subjects identified in Interrogatory No. 5 are Miriam Kulnis, Ann

Kurinskas, Kevin Kelley, Donald Bernstein, Damian Schaible, Elliot Moskowitz, and

Flip Huffard.


**Interrogatory No. 6:**

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning whether any Tribune Individual would or should remain employed by or affiliated with Debtors, including but not limited to the views of JPMorgan or any Settling Parties concerning such continued employment or affiliation, and any need or desire of Debtors to resolve any of the LBO-Related Causes of Action in connection with, or as a condition to (i) any exit financing for Debtors and/or (ii) Debtors' ability generally to exit bankruptcy.

**Answer to Interrogatory No. 6:**

JPMorgan objects to Interrogatory No. 6 on the grounds that it is overbroad,

vague, ambiguous, unduly burdensome, and is not reasonably calculated to lead to the

discovery of admissible evidence. JPMorgan further objects to Interrogatory No. 6 on the

grounds that it calls for the production of Privileged Material. JPMorgan further objects

to Interrogatory No. 6 to the extent it seeks information more properly sought from

parties other than JPMorgan, and refers Aurelius to those parties, including the Debtors,

in the first instance. JPMorgan notes that although Interrogatory No. 6 is framed as if it

were one interrogatory, Interrogatory No. 6 contains at least at least two interrogatories,

at least one of which has at least two sub-parts, and JPMorgan objects to Interrogatory

No. 6 to the extent it does not clearly set forth discrete sub-parts.

JPMorgan further objects to the sub-part of Interrogatory No. 6 that purports to

call for "the existence, custodian, location and general description of Documents or

information" on the grounds that it is overbroad and unduly burdensome. To the extent

that the request for a "general description" of documents is intended to be a request for

JPMorgan to summarize or characterize documents, JPMorgan further objects that such a

request is overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Case Management Order.

Subject to and without waiving the foregoing general and specific objections, JPMorgan states that, subject to the objections set forth in the RFP Responses, which are incorporated herein by reference, JPMorgan has produced to the Document Depository and, in response to the RFP, will produce non-privileged documents, if any, related to the subject matters set forth in Interrogatory No. 6, and refers Aurelius to those documents pursuant to Federal Rule of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

JPMorgan objects also to the sub-part of Interrogatory No. 6 that purports to call for "the views of JPMorgan" as overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Case Management Order.

JPMorgan further objects to the sub-part of Interrogatory No. 6 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome.  Subject to and without waiving these objections, JPMorgan states, based on its reasonable and good faith investigation to date, that the principal individual at JPMorgan, or its advisors and counsel in connection with the above-captioned chapter 11 cases, with knowledge or information concerning the subjects identified in Interrogatory No. 6 is Miriam Kulnis.

**Interrogatory No. 7:**

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the decision to make Don Liebentritt Debtors' Chief Restructuring Officer, including but not limited to

30

whether Liebentritt's continuing role as general counsel for Debtors created a conflict or the appearance of a conflict.

**Answer to Interrogatory No. 7:**

JPMorgan objects to Interrogatory No. 7 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. JPMorgan further objects to Interrogatory No. 7 on the grounds that it calls for the production of Privileged Material. JPMorgan further objects to Interrogatory No. 7 to the extent it seeks information more properly sought from parties other than JPMorgan, and refers Aurelius to those parties, including the Debtors, in the first instance. JPMorgan notes that although Interrogatory No. 7 is framed as if it were one interrogatory, Interrogatory No. 7 contains at least two sub-parts, and JPMorgan objects to Interrogatory No. 7 to the extent it does not clearly set forth discrete sub-parts.

JPMorgan further objects to the sub-part of Interrogatory No. 7 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome. To the extent that the request for a "general description" of documents is intended to be a request for JPMorgan to summarize or characterize documents, JPMorgan further objects that such a request is overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Case Management Order.

Subject to and without waiving these objections, JPMorgan states that, subject to the objections set forth in the RFP Responses, which are incorporated herein by reference, JPMorgan has produced to the Document Depository and, in response to the RFP, will produce non-privileged documents, if any, related to the subject matters set forth in Interrogatory No. 7, and refers Aurelius to those documents pursuant to Federal

Rule of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy

Procedure 7033 and 9014.

JPMorgan further objects to the sub-part of Interrogatory No. 7 that purports to

call for the identification of "all" persons with knowledge or information as overbroad

and unduly burdensome.  Subject to the foregoing general and specific objections,

JPMorgan states that no individual at JPMorgan, or its advisors and counsel in connection

with the above-captioned chapter 11 cases, has knowledge or information concerning

"the decision to make Don Liebentritt Debtors' Chief Restructuring Officer."


**Interrogatory No. 8:**

Identify all Persons with knowledge or information, and the existence, custodian,
location and general description of Documents or information, Concerning the
Reorganized Value Analysis, the Enterprise Value, or the Equity Value (as each of those
terms are defined and used in the General Disclosure Statement), including, but not
limited to, the allocation of Enterprise Value or Equity Value as between the various
Debtor entities, all business plans, projections, forecasts, market reports, financial
information and any other Documents and information relating to the valuation of
Debtors and/or allocation of value between and among the Debtors generated on or after
January 1, 2010.

**Answer to Interrogatory No. 8:**

JPMorgan objects to Interrogatory No. 8 on the grounds that it is overbroad,

vague, ambiguous, unduly burdensome, and is not reasonably calculated to lead to the

discovery of admissible evidence.  JPMorgan further objects to Interrogatory No. 8 on the

grounds that it calls for the production of Privileged Material.  JPMorgan further objects

to Interrogatory No. 8 to the extent it seeks information more properly sought from

parties other than JPMorgan, and refers Aurelius to those parties, including the Debtors,

in the first instance.  JPMorgan notes that although Interrogatory No. 8 is framed as if it

were one interrogatory, Interrogatory No. 8 contains at least two sub-parts, and JPMorgan objects to Interrogatory No. 8 to the extent it does not clearly set forth discrete sub-parts.

JPMorgan further objects to the sub-part of Interrogatory No. 8 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome. To the extent that the request for a "general description" of documents is intended to be a request for JPMorgan to summarize or characterize documents, JPMorgan further objects that such a request is overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Case Management Order.

Subject to and without waiving the foregoing general and specific objections, JPMorgan states that, subject to the objections set forth in the RFP Responses, which are incorporated herein by reference, JPMorgan has produced to the Document Depository and, in response to the RFP, will produce non-privileged documents, if any, related to the subject matters set forth in Interrogatory No. 8, and refers Aurelius to those documents pursuant to Federal Rule of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

JPMorgan further objects to Interrogatory No. 8 to the extent it calls for disclosure of expert witness information. JPMorgan states that it will comply with the Case Management Order entered by the Court and Rule 26 of the Federal Rules of Civil Procedure regarding the disclosure of expert witness information.

JPMorgan further objects to the sub-part of Interrogatory No. 8 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Subject to and without waiving the foregoing general and

specific objections, JPMorgan states, based on its reasonable and good faith investigation

to date, that the principal individuals at JPMorgan, or its advisors and counsel in

connection with the above-captioned chapter 11 cases, with knowledge or information

concerning the subjects identified in Interrogatory No. 8 are Miriam Kulnis, Flip Huffard,

and Carlyn Taylor.

**Interrogatory No. 9:**

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the decision to prepare and file, and the preparation and filing of, the Complaints.

**Answer to Interrogatory No. 9:**

JPMorgan objects to Interrogatory No. 9 on the grounds that it is overbroad,

vague, ambiguous, unduly burdensome, and is not reasonably calculated to lead to the

discovery of admissible evidence. JPMorgan further objects to Interrogatory No. 9 to the

extent it seeks information more properly sought from parties other than JPMorgan, and

refers Aurelius to those parties, including the UCC and Wilmington Trust Company,

Successor Indenture Trustee for the PHONES Notes, in the first instance. JPMorgan

notes that although Interrogatory No. 9 is framed as if it were one interrogatory,

Interrogatory No. 9 contains at least two sub-parts, and JPMorgan objects to Interrogatory

No. 9 to the extent it does not clearly set forth discrete sub-parts.

JPMorgan further objects to the sub-part of Interrogatory No. 9 that purports to

call for "the existence, custodian, location and general description of Documents or

information" on the grounds that it is overbroad and unduly burdensome. To the extent

that the request for a "general description" of documents is intended to be a request for

JPMorgan to summarize or characterize documents, JPMorgan further objects that such a

request is overbroad, unduly burdensome, and improper, on the ground that it calls for

information outside the scope of discovery contemplated by the Case Management Order.

JPMorgan further objects to the sub-part of Interrogatory No. 9 that purports to

call for the identification of "all" persons with knowledge or information as overbroad

and unduly burdensome.  Subject to the foregoing general and specific objections,

JPMorgan states that no individual at JPMorgan, or its advisors and counsel in connection

with the above-captioned chapter 11 cases, has knowledge or information concerning

"the decision to prepare and file, and the preparation and filing of, the Complaints."


**Interrogatory No. 10:**

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning Debtors' determination that the Proposed LBO Settlement is in the best interest of the Estate and should be approved and/or that the Debtor/Committee/Lender Plan should be confirmed.

**Answer to Interrogatory No. 10:**

JPMorgan objects to Interrogatory No. 10 on the grounds that it is overbroad,

vague, ambiguous, unduly burdensome, and is not reasonably calculated to lead to the

discovery of admissible evidence.  JPMorgan further objects to Interrogatory No. 10 on

the grounds that it calls for Privileged Material.  JPMorgan further objects to

Interrogatory No. 10 to the extent it seeks information more properly sought from parties

other than JPMorgan, and refers Aurelius to those parties, including the Debtors, in the

first instance.  JPMorgan notes that although Interrogatory No. 10 is framed as if it were

one interrogatory, Interrogatory No. 10 contains at least two sub-parts, and JPMorgan

objects to Interrogatory No. 10 to the extent it does not clearly set forth discrete sub-

parts.

JPMorgan further objects to the sub-part of Interrogatory No. 10 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome. To the extent that the request for a "general description" of documents is intended to be a request for JPMorgan to summarize or characterize documents, JPMorgan further objects that such a request is overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Case Management Order.

JPMorgan further objects to the sub-part of Interrogatory No. 10 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Subject to the foregoing general and specific objections, JPMorgan states that no individual at JPMorgan, or its advisors and counsel in connection with the above-captioned chapter 11 cases, has knowledge or information concerning "Debtors' determination" as to the requested information other than what is in the Disclosure Statement, filed with the Court on October 22, 2010 as subsequently amended, or that is otherwise publicly available.

**Interrogatory No. 11:**

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning any potential, proposed, or actual plan(s) of reorganization for the Debtors that have been considered, discussed, or negotiated, including but not limited to the so called "purity plan," any other plan(s) that would put all LBO-Related Causes of Action into trusts for post-emergence resolution, and/or any plan(s) that would establish a reserve for distributions to any of the Settling Parties.

**Answer to Interrogatory No. 11:**

JPMorgan objects to Interrogatory No. 11 on the grounds that it is overbroad, vague, particularly insofar as it refers to an undefined "purity plan," ambiguous,

incomprehensible, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. JPMorgan further objects to Interrogatory No. 11 on the grounds that it calls for the production of Privileged Material. JPMorgan further objects to Interrogatory No. 11 to the extent it seeks information more properly sought from parties other than JPMorgan, and refers Aurelius to those parties, including the Debtors and the UCC, in the first instance. JPMorgan notes that although Interrogatory No. 11 is framed as if it were one interrogatory, Interrogatory No. 11 contains at least two sub-parts, and JPMorgan objects to Interrogatory No. 11 to the extent it does not clearly set forth discrete sub-parts.

JPMorgan further objects to the sub-part of Interrogatory No. 11 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome. To the extent that the request for a "general description" of documents is intended to be a request for JPMorgan to summarize or characterize documents, JPMorgan further objects that such a request is overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Case Management Order.

Subject to and without waiving the foregoing general and specific objections, JPMorgan states that, subject to the objections set forth in the RFP Responses, which are incorporated herein by reference, JPMorgan has produced to the Document Depository and, in response to the RFP, will produce non-privileged documents, if any, related to the subject matters set forth in Interrogatory No. 11, and refers Aurelius to those documents pursuant to Federal Rule of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

JPMorgan further objects to the sub-part of Interrogatory No. 11 that purports to

call for the identification of "all" persons with knowledge or information as overbroad

and unduly burdensome. Subject to and without waiving the foregoing general and

specific objections, JPMorgan states, based on its reasonable and good faith investigation

to date, that the principal individuals at JPMorgan, or its advisors and counsel in

connection with the above-captioned chapter 11 cases, with knowledge or information

concerning the subjects identified in Interrogatory No. 11 are Miriam Kulnis, Ann

Kurinskas, Kevin Kelley, Donald Bernstein, and Damian Schaible.


**Interrogatory No. 12:**

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the Preserved Causes of Action, including but not limited to any discussion, consideration, analysis, review, assessment or evaluation of placing Preserved Causes of Action in the Creditors' Trust (as defined on Page 8 of the Debtor/Committee/Lender Plan) or the Litigation Trust (as defined on Page 16 of the Debtor/Committee/Lender Plan).

**Answer to Interrogatory No. 12:**

JPMorgan objects to Interrogatory No. 12 on the grounds that it is overbroad,

vague, ambiguous, unduly burdensome, and is not reasonably calculated to lead to the

discovery of admissible evidence. JPMorgan further objects to Interrogatory No. 12 on

the grounds that it calls for the production of Privileged Material. JPMorgan further

objects to Interrogatory No. 12 to the extent it seeks information more properly sought

from parties other than JPMorgan, and refers Aurelius to those parties, including the

UCC, in the first instance. JPMorgan notes that although Interrogatory No. 12 is framed

as if it were one interrogatory, Interrogatory No. 12 contains at least two sub-parts, and

JPMorgan objects to Interrogatory No. 12 to the extent it does not clearly set forth discrete sub-parts.

JPMorgan further objects to the sub-part of Interrogatory No. 12 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome. To the extent that the request for a "general description" of documents is intended to be a request for JPMorgan to summarize or characterize documents, JPMorgan further objects that such a request is overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Case Management Order.

Subject to and without waiving the forgoing general and specific objections, JPMorgan states that, subject to the objections set forth in the RFP Responses, which are incorporated herein by reference, JPMorgan has produced to the Document Depository and, in response to the RFP, will produce non-privileged documents, if any, related to the subject matters set forth in Interrogatory No. 12, and refers Aurelius to those documents pursuant to Federal Rule of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

JPMorgan further objects to the sub-part of Interrogatory No. 12 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Subject to and without waiving the foregoing general and specific objections, JPMorgan states, based on its reasonable and good faith investigation to date, that the principal individuals at JPMorgan, or its advisors and counsel in connection with the above-captioned chapter 11 cases, with knowledge or information

concerning the subjects identified in Interrogatory No. 12 are Donald Bernstein, Damian

Schaible, and Elliot Moskowitz.


**Interrogatory No. 13:**

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the allocation of any proceeds to be distributed by any of the trusts created by any plan of reorganization for the Debtors.

**Answer to Interrogatory No. 13:**

JPMorgan objects to Interrogatory No. 13 on the grounds that it is overbroad,

vague, ambiguous, unduly burdensome, and is not reasonably calculated to lead to the

discovery of admissible evidence. JPMorgan further objects to Interrogatory No. 13 on

the grounds that it calls for the production of Privileged Material. JPMorgan further

objects to Interrogatory No. 13 to the extent it seeks information more properly sought

from parties other than JPMorgan, and refers Aurelius to those parties, including the

UCC, in the first instance. JPMorgan notes that although Interrogatory No. 13 is framed

as if it were one interrogatory, Interrogatory No. 13 contains at least two sub-parts, and

JPMorgan objects to Interrogatory No. 13 to the extent it does not clearly set forth

discrete sub-parts.

JPMorgan further objects to the sub-part of Interrogatory No. 13 that purports to

call for "the existence, custodian, location and general description of Documents or

information" on the grounds that it is overbroad and unduly burdensome. To the extent

that the request for a "general description" of documents is intended to be a request for

JPMorgan to summarize or characterize documents, JPMorgan further objects that such a

request is overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Case Management Order.

Subject to and without waiving the forgoing general and specific objections, JPMorgan states that, subject to the objections set forth in the RFP Responses, which are incorporated herein by reference, JPMorgan has produced to the Document Depository and, in response to the RFP, will produce non-privileged documents, if any, related to the subject matters set forth in Interrogatory No. 13, and refers Aurelius to those documents pursuant to Federal Rule of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

JPMorgan further objects to Interrogatory No. 13 to the extent it calls for disclosure of expert witness information. JPMorgan states that it will comply with the Case Management Order entered by the Court and Rule 26 of the Federal Rules of Civil Procedure regarding the disclosure of expert witness information.

JPMorgan further objects to the sub-part of Interrogatory No. 13 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Subject to and without waiving the foregoing general and specific objections, JPMorgan states, based on its reasonable and good faith investigation to date, that the principal individuals at JPMorgan, or its advisors and counsel in connection with the above-captioned chapter 11 cases, with knowledge or information concerning the subjects identified in Interrogatory No. 13 are Miriam Kulnis, Ann Kurinskas, Kevin Kelley, Donald Bernstein, Damian Schaible, and Flip Huffard.

**Interrogatory No. 14:**

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning any (i) intercompany claims (ii) intercompany claims analysis, and (iii) the Intercompany Claims Settlement, as that term is used in the Specific Disclosure Statement relating to the Debtor/Committee/Lender Plan.

**Answer to Interrogatory No. 14:**

JPMorgan objects to Interrogatory No. 14 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. JPMorgan further objects to Interrogatory No. 14 on the grounds that it calls for the production of Privileged Material. JPMorgan further objects to Interrogatory No. 14 to the extent it seeks information more properly sought from parties other than JPMorgan, and refers Aurelius to those parties, including the Debtors, in the first instance. JPMorgan notes that although Interrogatory No. 14 is framed as if it were one interrogatory, Interrogatory No. 14 contains at least two interrogatories, each with at least three sub-parts, and JPMorgan objects to Interrogatory No. 14 to the extent it does not clearly set forth discrete sub-parts.

JPMorgan further objects to the sub-part of Interrogatory No. 14 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome. To the extent that the request for a "general description" of documents is intended to be a request for JPMorgan to summarize or characterize documents, JPMorgan further objects that such a request is overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Case Management Order.

Subject to and without waiving the forgoing general and specific objections, JPMorgan states that, subject to the objections set forth in the RFP Responses, which are

42

incorporated herein by reference, JPMorgan has produced to the Document Depository and, in response to the RFP, will produce non-privileged documents, if any, related to the subject matters set forth in Interrogatory No. 14, and refers Aurelius to those documents pursuant to Federal Rule of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

JPMorgan further objects to Interrogatory No. 14 to the extent it calls for disclosure of expert witness information. JPMorgan states that it will comply with the Case Management Order entered by the Court and Rule 26 of the Federal Rules of Civil Procedure regarding the disclosure of expert witness information.

JPMorgan further objects to the sub-part of Interrogatory No. 14 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Subject to and without waiving the foregoing general and specific objections, JPMorgan states, based on its reasonable and good faith investigation to date, that the principal individuals at JPMorgan, or its advisors and counsel in connection with the above-captioned chapter 11 cases, with knowledge or information concerning the subjects identified in Interrogatory No. 14 are Miriam Kulnis and Carlyn Taylor.

**Interrogatory No. 15:**

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the purchase, sale, assignment, or other acquisition or disposition by any of (a) the Tribune Individuals, (b) the Special Committee Individuals, (c) the Committee Individuals or (d) the Settling Parties of any interest in the Senior Notes, PHONES Notes, Senior Loans or Bridge Loans or any other economic interest in or tied to Tribune, including, but not limited to, any debt or equity interests, swaps, derivatives, or options including, but not limited to the instruments by which such Person purchased, sold, assigned, or otherwise acquired or disposed of any interest in the LBO Lender Debt.

43

**Answer to Interrogatory No. 15:**

JPMorgan objects to Interrogatory No. 15 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. JPMorgan further objects to Interrogatory No. 15 to the extent it seeks information more properly sought from parties other than JPMorgan, and refers Aurelius to those parties, including the Debtors and the UCC, in the first instance. JPMorgan notes that although Interrogatory No. 15 is framed as if it were one interrogatory, Interrogatory No. 15 contains at least two interrogatories, each with at least four sub-parts, and JPMorgan objects to Interrogatory No. 15 to the extent it does not clearly set forth discrete sub-parts.

JPMorgan further objects to the sub-part of Interrogatory No. 15 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome. To the extent that the request for a "general description" of documents is intended to be a request for JPMorgan to summarize or characterize documents, JPMorgan further objects that such a request is overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Case Management Order.

Subject to and without waiving the forgoing general and specific objections, JPMorgan states that, subject to the objections set forth in the RFP Responses, which are incorporated herein by reference, JPMorgan has produced to the Document Depository and, in response to the RFP, will produce non-privileged documents, if any, related to the subject matters set forth in Interrogatory No. 15, and refers Aurelius to those documents pursuant to Federal Rule of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

JPMorgan further objects to the sub-part of Interrogatory No. 15 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Subject to and without waiving the foregoing general and specific objections, JPMorgan states, based on its reasonable and good faith investigation to date, that the principal individual at JPMorgan, or its advisors and counsel in connection with the above-captioned chapter 11 cases, with knowledge or information concerning the subjects identified in Interrogatory No. 15 is Miriam Kulnis.

**Interrogatory No. 16:**

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning claims made or threatened by any Person arising from or relating to the LBO, including but not limited to any related demand letters or other correspondence, all pleadings (other than the Complaints), discovery requests, objections and responses to discovery requests, deposition and hearing transcripts, decisions and orders, settlement discussions and settlements.

**Answer to Interrogatory No. 16:**

JPMorgan objects to Interrogatory No. 16 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, incomprehensible and is not reasonably calculated to lead to the discovery of admissible evidence. JPMorgan further objects to Interrogatory No. 16 to the extent it seeks information more properly sought from parties other than JPMorgan, and refers Aurelius to those parties, including the Debtors, the UCC, Wilmington Trust Company, Successor Indenture Trustee for the PHONES Notes, and itself, in the first instance. JPMorgan further objects to Interrogatory No. 16 to the extent that the information sought is publicly available. JPMorgan notes that although Interrogatory No. 16 is framed as if it were one interrogatory, Interrogatory No. 16

45

contains at least two sub-parts, and JPMorgan objects to Interrogatory No. 16 to the

extent it does not clearly set forth discrete sub-parts.

JPMorgan further objects to the sub-part of Interrogatory No. 16 that purports to

call for "the existence, custodian, location and general description of Documents or

information" on the grounds that it is overbroad and unduly burdensome. To the extent

that the request for a "general description" of documents is intended to be a request for

JPMorgan to summarize or characterize documents, JPMorgan further objects that such a

request is overbroad, unduly burdensome, and improper, on the ground that it calls for

information outside the scope of discovery contemplated by the Case Management Order.

JPMorgan further objects to the sub-part of Interrogatory No. 16 that purports to

call for the identification of "all" persons with knowledge or information as overbroad

and unduly burdensome.


**Interrogatory No. 17:**

Identify all Persons with knowledge or information, and the existence, custodian,
location and general description of Documents or information. Concerning any conflict or
potential conflict of interest relating to participation in Settlement Analysis or the
Settlement Process by any Person (including any board of directors or subcommittee
thereof, and any lawyer, law firm or other Professional), and any efforts, discussion or
consideration of efforts to waive, mitigate, limit or eliminate any such conflict or
potential conflict of interest, including but not limited to the consideration and selection
of Professionals to consult with, advise or represent JPMorgan.

**Answer to Interrogatory No. 17:**

JPMorgan objects to Interrogatory No. 17 on the grounds that it is overbroad,

vague, ambiguous, unduly burdensome, and is not reasonably calculated to lead to the

discovery of admissible evidence. JPMorgan further objects to Interrogatory No. 17 on

the grounds that it calls for the production of Privileged Material. JPMorgan further

objects to Interrogatory No. 17 to the extent it seeks information more properly sought

from parties other than JPMorgan, and refers Aurelius to those parties, including the

Debtors and the UCC, in the first instance.  JPMorgan notes that although Interrogatory

No. 17 is framed as if it were one interrogatory, Interrogatory No. 17 contains at least two

sub-parts, and JPMorgan objects to Interrogatory No. 17 to the extent it does not clearly

set forth discrete sub-parts.

JPMorgan further objects to the sub-part of Interrogatory No. 17 that purports to

call for "the existence, custodian, location and general description of Documents or

information" on the grounds that it is overbroad and unduly burdensome.  To the extent

that the request for a "general description" of documents is intended to be a request for

JPMorgan to summarize or characterize documents, JPMorgan further objects that such a

request is overbroad, unduly burdensome, and improper, on the ground that it calls for

information outside the scope of discovery contemplated by the Case Management Order.

JPMorgan further objects to the sub-part of Interrogatory No. 17 that purports to

call for the identification of "all" persons with knowledge or information as overbroad

and unduly burdensome.

**Interrogatory No. 18:**

Identify all Persons with knowledge or information, and the existence, custodian,
location and general description of Documents or information, Concerning the Step One
Selling Shareholders, including but not limited to the determination to provide releases to
Step One Selling Shareholders and the consideration for such releases to be received
from or contributed by Step One Selling Shareholders in exchange for such releases.

**Answer to Interrogatory No. 18:**

JPMorgan objects to Interrogatory No. 18 on the grounds that it is overbroad,

vague, ambiguous, unduly burdensome, and is not reasonably calculated to lead to the

discovery of admissible evidence. JPMorgan further objects to Interrogatory No. 18 on

the grounds that it calls for the production of Privileged Material. JPMorgan further

objects to Interrogatory No. 18 to the extent it seeks information more properly sought

from parties other than JPMorgan, and refers Aurelius to those parties, including the

Debtors, in the first instance. JPMorgan notes that although Interrogatory No. 18 is

framed as if it were one interrogatory, Interrogatory No. 18 contains at least two sub-

parts, and JPMorgan objects to Interrogatory No. 18 to the extent it does not clearly set

forth discrete sub-parts.

JPMorgan further objects to the sub-part of Interrogatory No. 18 that purports to

call for "the existence, custodian, location and general description of Documents or

information" on the grounds that it is overbroad and unduly burdensome. To the extent

that the request for a "general description" of documents is intended to be a request for

JPMorgan to summarize or characterize documents, JPMorgan further objects that such a

request is overbroad, unduly burdensome, and improper, on the ground that it calls for

information outside the scope of discovery contemplated by the Case Management Order.

Subject to and without waiving the forgoing general and specific objections,

JPMorgan states that, subject to the objections set forth in the RFP Responses, which are

incorporated herein by reference, JPMorgan has produced to the Document Depository

and, in response to the RFP, will produce non-privileged documents, if any, related to the

subject matters set forth in Interrogatory No. 18, and refers Aurelius to those documents

pursuant to Federal Rule of Civil Procedure 33(d) made applicable hereto by Federal

Rules of Bankruptcy Procedure 7033 and 9014.

JPMorgan further objects to the sub-part of Interrogatory No. 18 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Subject to and without waiving the foregoing general and specific objections, JPMorgan states, based on its reasonable and good faith investigation to date, that the principal individuals at JPMorgan, or its advisors and counsel in connection with the above-captioned chapter 11 cases, with knowledge or information concerning the subjects identified in Interrogatory No. 18 are Miriam Kulnis, Ann Kurinskas, Kevin Kelley, and Damian Schaible.

**Interrogatory No. 19:**

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the projected valuation and capitalization of the Debtors post-bankruptcy, including documents relating to leverage, liquidity and pro-forma cap structure.

**Answer to Interrogatory No. 19:**

JPMorgan objects to Interrogatory No. 19 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. JPMorgan further objects to Interrogatory No. 19 on the grounds that it calls for the production of Privileged Material. JPMorgan further objects to Interrogatory No. 19 to the extent it seeks information more properly sought from parties other than JPMorgan, and refers Aurelius to those parties, including the Debtors, in the first instance. JPMorgan notes that although Interrogatory No. 19 is framed as if it were one interrogatory, Interrogatory No. 19 contains at least two sub-parts, and JPMorgan objects to Interrogatory No. 19 to the extent it does not clearly set forth discrete sub-parts.

JPMorgan further objects to the sub-part of Interrogatory No. 19 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome. To the extent that the request for a "general description" of documents is intended to be a request for JPMorgan to summarize or characterize documents, JPMorgan further objects that such a request is overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Case Management Order.

Subject to and without waiving the forgoing general and specific objections, JPMorgan states that, subject to the objections set forth in the RFP Responses, which are incorporated herein by reference, JPMorgan has produced to the Document Depository and, in response to the RFP, will produce documents related to the subject matters set forth in Interrogatory No. 19, and refers Aurelius to those documents pursuant to Federal Rule of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

JPMorgan further objects to Interrogatory No. 19 to the extent it calls for disclosure of expert witness information. JPMorgan states that it will comply with the Case Management Order entered by the Court and Rule 26 of the Federal Rules of Civil Procedure regarding the disclosure of expert witness information.

JPMorgan further objects to the sub-part of Interrogatory No. 19 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Subject to and without waiving the foregoing general and specific objections, JPMorgan states, based on its reasonable and good faith investigation to date, that the principal individuals at JPMorgan, or its advisors and counsel in

connection with the above-captioned chapter 11 cases, with knowledge or information concerning the subjects identified in Interrogatory No. 19 are Miriam Kulnis, Carlyn Taylor, and Flip Huffard.

**Interrogatory No. 20:**

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the determination to proceed with the LBO-related transactions involving Tribune that closed on or about June 4, 2007 ("Step One") and the determination to proceed with the LBO-related transactions involving Tribune that closed on or about December 20, 2007 ("Step Two").

**Answer to Interrogatory No. 20:**

JPMorgan objects to Interrogatory No. 20 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. JPMorgan further objects to Interrogatory No. 20 on the grounds that it calls for the production of Privileged Material. JPMorgan further objects to Interrogatory No. 20 to the extent it seeks information more properly sought from parties other than JPMorgan, and refers Aurelius to those parties, including the Debtors, in the first instance. JPMorgan notes that although Interrogatory No. 20 is framed as if it were one interrogatory, Interrogatory No. 20 contains at least two sub-parts, and JPMorgan objects to Interrogatory No. 20 to the extent it does not clearly set forth discrete sub-parts.

JPMorgan further objects to the sub-part of Interrogatory No. 20 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome. To the extent that the request for a "general description" of documents is intended to be a request for

JPMorgan to summarize or characterize documents, JPMorgan further objects that such a request is overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Case Management Order.

Subject to and without waiving the forgoing general and specific objections, JPMorgan states that, subject to the objections set forth in the RFP Responses, which are incorporated herein by reference, JPMorgan has produced to the Document Depository non-privileged documents related to the subject matters set forth in Interrogatory No. 20, and refers Aurelius to those documents pursuant to Federal Rule of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

JPMorgan further objects to the sub-part of Interrogatory No. 20 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome.  Subject to and without waiving the foregoing general and specific objections, JPMorgan states, based on its reasonable and good faith investigation to date, that the principal individuals at JPMorgan, or its advisors and counsel in connection with the above-captioned chapter 11 cases, with knowledge or information concerning the subjects identified in Interrogatory No. 20 are Raj Kapadia and Jeff Sell.

### Interrogatory No. 21:

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the solvency or anticipated or potential solvency of Tribune (or any Tribune Entity) between January 1, 2007 and December 31, 2008, including, but not limited to, whether as a result of the LBO and the proposed financing thereof, the value of Tribune's (or any Tribune Entity's) assets was/were exceeded by its/their liabilities, whether Tribune (or any Tribune Entity) was/were left with unreasonably small capital, and/or whether the Tribune (or any Tribune Entity) was/were unable to pay its/their debts as they became due.

**Answer to Interrogatory No. 21:**

JPMorgan objects to Interrogatory No. 21 on the grounds that it is overbroad,

particularly insofar as it seeks information after December 20, 2007, vague, ambiguous,

unduly burdensome, and is not reasonably calculated to lead to the discovery of

admissible evidence.  JPMorgan further objects to Interrogatory No. 21 on the grounds

that it calls for the production of Privileged Material.  JPMorgan further objects to

Interrogatory No. 21 to the extent it seeks information more properly sought from parties

other than JPMorgan, and refers Aurelius to those parties, including the Debtors, in the

first instance.  JPMorgan notes that although Interrogatory No. 21 is framed as if it were

one interrogatory, Interrogatory No. 21 contains at least two sub-parts, and JPMorgan

objects to Interrogatory No. 21 to the extent it does not clearly set forth discrete sub-

parts.

JPMorgan further objects to the sub-part of Interrogatory No. 21 that purports to

call for "the existence, custodian, location and general description of Documents or

information" on the grounds that it is overbroad and unduly burdensome.  To the extent

that the request for a "general description" of documents is intended to be a request for

JPMorgan to summarize or characterize documents, JPMorgan further objects that such a

request is overbroad, unduly burdensome, and improper, on the ground that it calls for

information outside the scope of discovery contemplated by the Case Management Order.

Subject to and without waiving the forgoing general and specific objections,

JPMorgan states that, subject to the objections set forth in the RFP Responses, which are

incorporated herein by reference, JPMorgan has produced to the Document Depository

non-privileged documents related to the subject matters set forth in Interrogatory No. 21,

and refers Aurelius to those documents pursuant to Federal Rule of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

JPMorgan further objects to Interrogatory No. 21 to the extent it calls for disclosure of expert witness information. JPMorgan states that it will comply with the Case Management Order entered by the Court and Rule 26 of the Federal Rules of Civil Procedure regarding the disclosure of expert witness information.

JPMorgan further objects to the sub-part of Interrogatory No. 21 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Subject to and without waiving the foregoing general and specific objections, JPMorgan states, based on its reasonable and good faith investigation to date, that the principal individuals at JPMorgan, or its advisors and counsel in connection with the above-captioned chapter 11 cases, with knowledge or information concerning the subjects identified in Interrogatory No. 21 are Raj Kapadia, Jeff Sell, Joachim Sonne, and John Kowalczuk.

**Interrogatory No. 22:**

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the potential financial recovery of JPMorgan pursuant to any of the Plans, including, but not limited to, Documents and Communications relating to recovery models, actual or potential recoveries by or distributions to holders of the LBO Lender Debt and whether JPMorgan's view of such potential recoveries changed pursuant to different Plan and proposed Plans over time.

**Answer to Interrogatory No. 22:**

JPMorgan objects to Interrogatory No. 22 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. JPMorgan further objects to Interrogatory No. 22 on

the grounds that it calls for the production of Privileged Material. JPMorgan notes that although Interrogatory No. 22 is framed as if it were one interrogatory, Interrogatory No. 22 contains at least two sub-parts, and JPMorgan objects to Interrogatory No. 22 to the extent it does not clearly set forth discrete sub-parts.

JPMorgan further objects to the sub-part of Interrogatory No. 22 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome. To the extent that the request for a "general description" of documents is intended to be a request for JPMorgan to summarize or characterize documents, JPMorgan further objects that such a request is overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Case Management Order.

Subject to and without waiving the forgoing general and specific objections, JPMorgan states that, subject to the objections set forth in the RFP Responses, which are incorporated herein by reference, JPMorgan has produced to the Document Depository and, in response to the RFP, will produce non-privileged documents, if any, related to the subject matters set forth in Interrogatory No. 22, and refers Aurelius to those documents pursuant to Federal Rule of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

JPMorgan further objects to Interrogatory No. 22 to the extent it calls for disclosure of expert witness information. JPMorgan states that it will comply with the Case Management Order entered by the Court and Rule 26 of the Federal Rules of Civil Procedure regarding the disclosure of expert witness information.

JPMorgan objects also to the sub-part of Interrogatory No. 22 that purports to call for "JPMorgan's view" as overbroad, unduly burdensome, and improper on the ground that it calls for information outside the scope of discovery contemplated by the Case Management Order.

JPMorgan further objects to the sub-part of Interrogatory No. 22 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Subject to and without waiving the foregoing general and specific objections, JPMorgan states, based on its reasonable and good faith investigation to date, that the principal individuals at JPMorgan, or its advisors and counsel in connection with the above-captioned chapter 11 cases, with knowledge or information concerning the subjects identified in Interrogatory No. 22 are Miriam Kulnis, Ann Kurinskas, Kevin Kelley, Donald Bernstein, Damian Schaible, Carlyn Taylor.

**Interrogatory No. 23:**

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning Murray Devine, including, but not limited to, knowledge, Documents, or information reflecting discussions with Murray Devine reflecting the possibility of Murray Devine issuing an opinion respecting Tribune.

**Answer to Interrogatory No. 23:**

JPMorgan objects to Interrogatory No. 23 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. JPMorgan further objects to Interrogatory No. 23 on the grounds that it calls for the production of Privileged Material. JPMorgan notes that although Interrogatory No. 23 is framed as if it were one interrogatory, Interrogatory No.

23 contains at least two sub-parts, and JPMorgan objects to Interrogatory No. 23 to the extent it does not clearly set forth discrete sub-parts.

JPMorgan further objects to the sub-part of Interrogatory No. 23 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome. To the extent that the request for a "general description" of documents is intended to be a request for JPMorgan to summarize or characterize documents, JPMorgan further objects that such a request is overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Case Management Order.

Subject to and without waiving the forgoing general and specific objections, JPMorgan states that, subject to the objections set forth in the RFP Responses, which are incorporated herein by reference, JPMorgan has produced to the Document Depository documents and a privilege log related to the subject matters set forth in Interrogatory No. 23, and refers Aurelius to those documents pursuant to Federal Rule of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

JPMorgan further objects to Interrogatory No. 23 to the extent it calls for disclosure of expert witness information. JPMorgan states that it will comply with the Case Management Order entered by the Court and Rule 26 of the Federal Rules of Civil Procedure regarding the disclosure of expert witness information.

JPMorgan further objects to the sub-part of Interrogatory No. 23 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Subject to and without waiving the foregoing general and specific objections, JPMorgan states, based on its reasonable and good faith investigation

to date, that the principal individuals at JPMorgan, or its advisors and counsel in

connection with the above-captioned chapter 11 cases, with knowledge or information

concerning the subjects identified in Interrogatory No. 23 are Raj Kapadia and Jeff Sell.


**Interrogatory No. 24:**

     Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning any policies, handbooks, underwriting standards and procedures, or other standards or procedures used by JPMorgan relating to leveraged buyout transactions.

**Answer to Interrogatory No. 24:**

     JPMorgan objects to Interrogatory No. 24 on the grounds that it is overbroad,

vague, ambiguous, unduly burdensome, and is not reasonably calculated to lead to the

discovery of admissible evidence. JPMorgan notes that although Interrogatory No. 24 is

framed as if it were one interrogatory, Interrogatory No. 24 contains at least two sub-

parts, and JPMorgan objects to Interrogatory No. 24 to the extent it does not clearly set

forth discrete sub-parts.

     JPMorgan further objects to the sub-part of Interrogatory No. 24 that purports to

call for "the existence, custodian, location and general description of Documents or

information" on the grounds that it is overbroad and unduly burdensome. To the extent

that the request for a "general description" of documents is intended to be a request for

JPMorgan to summarize or characterize documents, JPMorgan further objects that such a

request is overbroad, unduly burdensome, and improper, on the ground that it calls for

information outside the scope of discovery contemplated by the Case Management Order.

JPMorgan further objects to the sub-part of Interrogatory No. 24 that purports to

call for the identification of "all" persons with knowledge or information as overbroad

and unduly burdensome.


Dated: January 6, 2011                          Respectfully submitted,
       Wilmington, Delaware

                                                _____
                                                Benjamin S. Kaminetzky
                                                Elliot Moskowitz
                                                Michael Russano
                                                DAVIS POLK & WARDWELL LLP
                                                450 Lexington Avenue
                                                New York, New York  10017
                                                (212) 450-4500

                                                *Attorneys for JPMorgan Chase Bank, N.A.*

## VERIFICATION

I, Lawrence N. Chanen, Senior Vice President and Associate General Counsel of JPMorgan Chase Bank, N.A., have read the foregoing Responses And Objections To Aurelius Capital Management LP's First Set Of Interrogatories. I hereby state that, as for those interrogatory answers within my personal knowledge, said responses are true and correct. I further state that the answers were obtained by gathering information from others, including JPMorgan's counsel and advisors, on whom I rely to provide such information, and as to those answers, I affirm that those are true and correct to the best of my information, knowledge, and belief. I understand that I am making this statement under penalty of perjury.

Dated: 1/6/11

By: _Lawrence N. Chanen_

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>, | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### RESPONSES AND OBJECTIONS TO FIRST SET OF INTERROGATORIES OF AURELIUS CAPITAL MANAGEMENT, LP DIRECTED TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS

The Official Committee of Unsecured Creditors ("Committee") responds and objects to the First Set of Interrogatories of Aurelius Capital Management, LP ("Aurelius"), directed to Official Committee of Unsecured Creditors, dated December 16, 2010 (the "Interrogatories"), subject to its General and Specific Objections, as follows:

### GENERAL OBJECTIONS

1.     The Committee objects to the Interrogatories in their entirety to the extent that they are overbroad or purport to impose obligations upon the Committee that exceed those set forth in Federal Rules of Civil Procedure 26 and 33, made applicable herein under Federal Rules of Bankruptcy Procedure 7026, 7033, and 9014, the Local Rules of the United States Bankruptcy Court for the District of Delaware, the Discovery and Scheduling Order for Plan Confirmation entered in this case dated December 20, 2010 (the "Case Management Order"), or any other applicable statute, rule, or order.

2.     The Committee objects to the Interrogatories in their entirety to the extent that they purport to call for the disclosure of information that is subject to the attorney-client privilege or any other applicable privilege, including privileged information shared with entities

with which the Committee holds or held a common interest.  For instance, information subject to the common interest privilege includes information shared between and among (1) Debtors, Angelo, Gordon & Co. LP, Centerbridge Special Credit Partners, L.P., Centerbridge Credit Partners Master, L.P., Centerbridge Credit Partners, JPMorgan Chase Bank N.A., Law Debenture Company of New York, as Successor Indenture Trustee, and the Committee, or their counsel or advisors, during the time period April 12, 2010 through August 9, 2010; or (2) Debtors, Angelo, Gordon & Co, L.P., Oaktree Capital Management, L.P., JPMorgan Chase Bank N.A., and the Committee, or their counsel or advisors, during the time period October 12, 2010 through the present.  The Committee asserts such privileges and objects to the provision of information subject thereto.  Such information will not be provided.  To the extent that any disclosure of information is made, any inadvertent information in response to the Interrogatories would not be intended to constitute a waiver of any applicable privilege or protection.  The Committee demands that Aurelius, its agents, and attorneys notify the Committee's undersigned counsel upon discovery of such information, and return such disclosed information to the undersigned counsel upon request.

3.    The Committee objects to the Interrogatories in their entirety to the extent that they purport to call for the disclosure of information, or the production of documents, that are part of a category of documents subject to the attorney work product protection, the attorney-client privilege, or any other applicable privilege, including privileged information or documents shared with entities with which the Committee holds or held a common interest.  For instance, information that is categorically privileged includes, among other categories: (1) communications among or between counsel for the Committee not disclosed to any individual who is not counsel for or an employee or agent of the Committee; (2) communications

among or between the Committee and its counsel requesting or providing legal advice that are not disclosed to any individual who is not counsel for or any employee or agent of the Committee; or (3) communications among or between the Committee, its counsel, and its advisors requesting or providing legal advice that are not disclosed to any individual who is not counsel for or an employee or agent of the Committee. The Committee asserts such privileges and objects to the provision of information subject thereto. Such information will not be provided. To the extent that any disclosure of information is made, any inadvertent information in response to the Interrogatories would not be intended to constitute a waiver of any applicable privilege or protection. The Committee demands that Aurelius, its agents, and attorneys notify the Committee's undersigned counsel upon discovery of such information, and return such disclosed information to the undersigned counsel upon request.

4.    The Committee objects to the Interrogatories in their entirety to the extent that their scope exceeds that permitted under Paragraph 7 of the Case Management Order, which states, in relevant part:

> "Interrogatories shall be restricted solely to those seeking to discover the (i) names of witnesses with knowledge of information relevant to the subject matter of the hearing and (ii) existence, custodian, location and general description of relevant documents, other physical evidence, or information of a similar nature."

Without limitation, the Committee objects on this basis, inter alia, to each Interrogatory insofar as it seeks identification of persons "with knowledge or information" (emphasis added) on referenced topics as opposed to "the names of witnesses with knowledge of information" (emphasis added) on such topics, as specified in Paragraph 7 of the Case Management Order.

5.    The Committee objects to the Interrogatories in their entirety on the ground that they contain multiple discrete subparts such that the number of Interrogatories exceeds the number of interrogatories permitted by Federal Rule of Civil Procedure 33, made applicable

herein under Federal Rules of Bankruptcy Procedure 7033, and 9014.  The Committee further

objects to each Interrogatory to the extent that, while purporting to be a single interrogatory, it

actually contains two or more subparts that are not clearly set forth as such.

6.      The Committee objects to the Interrogatories in their entirety to the extent that

they seek disclosure of information beyond that available to the Official Committee of

Unsecured Creditors in the chapter 11 cases of the above-captioned debtors, exclusive of (i) any

individual members thereof, (ii) any entities to which such members may be related, or (iii) any

professional to the Committee or such members or entities.

7.      The Committee objects to the terms "any" and "all" as used throughout the

Interrogatories as overly broad and unduly burdensome.  The Committee will make a good faith,

reasonable, and diligent inquiry to obtain responsive information, consistent with any General or

Specific Objections.  To the extent the Interrogatories seek information that is not reasonably

available, or that is not available without undue burden or cost, the Committee objects to the

Interrogatories as overly broad and unduly burdensome.

8.      The Committee objects to the Interrogatories in their entirety to the extent that

they are vague, ambiguous, confusing, and contrary to the plain meaning of the terms involved.

9.      The Committee objects to the Interrogatories in their entirety to the extent that

they purport to call for the disclosure of information that is subject to the terms of the Order

(I) Authorizing The Debtors To Establish A Document Depository And Directing The

Committee To Deliver Certain Documents To The Depository Pursuant To Federal Rule Of

Bankruptcy Procedure 2004 And (II) Establishing Settlement Negotiation Protections Pursuant to

11 U.S.C. § 105(A) (Docket No. 2858) (the "Depository Order").  The Depository Order

provides that it is "binding upon all persons and upon all parties-in interest in connection with

4

these cases, whether or not such person or party-in-interest is a Negotiation Party." The Depository Order defines Settlement Material as follows:

> "[A]ny and all communications, whether written or oral, occurring on or after December 7, 2009, between and among the Negotiating Parties, or their representatives, in connection with discussions of the Leveraged ESOP Transactions, whether (a) in connection with the discussion of any plan or plans of reorganization in these cases, or (b) in connection with a discussion among the Negotiating Parties regarding any legal or factual issues related to such plan or plans, or (c) in connection with any analysis or documents prepared by a Negotiating Party or their representatives after the Petition Date and shared on or after December 7, 2009, between and among the Negotiating Parties, which, at or prior to the time communicated or shared, is designated as a "Settlement Communication" (such communications and materials are referred to herein collectively as the "Settlement Material") shall be deemed confidential and subject to the restrictions contained in this Order."

Under the Depository Order, Settlement Material may not be used except in connection with settlement discussions and may not be introduced at any trial or hearing or deposition unless the party who originates the Settlement Material agrees in writing. Interrogatories that call for the disclosure of Settlement Material are not reasonably calculated to lead to the discovery of admissible evidence. In addition, under the Depository Order, such Settlement Material may not be disclosed other than in such settlement discussions except as authorized by the Negotiating Party originating such Settlement Material. The Committee has not received authorization from any Negotiating Party that originated any Settlement Material in the Committee's possession, custody, or control, to disclose this material, has not been requested by any Negotiating Party to authorize the disclosure of Settlement Material that the Committee originated, and has not authorized the disclosure of the Settlement Material that the Committee originated, and accordingly such material and or information therefrom or relating thereto will not be provided in response to any Interrogatory.

10.    The Committee objects to the Interrogatories in their entirety to the extent that that they are not reasonably calculated to lead to the discovery of admissible evidence in that they seek the disclosure of information that is inadmissible and constitutes material protected from disclosure pursuant to the Order Appointing Mediator (Docket No. 5591) (the "Mediation Order"). The Mediation Order provides that "(a) discussions among the Mediation Parties relating to the Mediation, including discussions with or in the presence of the Mediator, (b) Mediation Statements, Ownership Statements and any other documents or information provided to the Mediator or the Mediation Parties in the course of the Mediation, (c) correspondence, draft resolutions, offers, and counteroffers produced for or as a result of the Mediation, and (d) communications between the Mediator and the Examiner or the Examiner's Professionals are strictly confidential and shall not be admissible for any purpose in any judicial or administrative proceeding." Unless otherwise specifically stated, such mediation materials or information therefrom or relating thereto will not be provided in response to any Interrogatory.

11.    The Committee objects to the Interrogatories in their entirety to the extent that they purport to call for the disclosure of information that is subject to the terms of the Order Approving Work And Expense Plan And Modifying Examiner Order (Docket No. 4306) (the "Examiner Order") or to the Order Approving Motion Of Court-Appointed Examiner, Kenneth N. Klee, Esq., For Order (I) Discharging Examiner; (II) Granting Relief From Third-Party Discovery; (III) Approving The Disposition Of Certain Documents And Information; And (IV) Granting Certain Ancillary Relief (Docket No. 5541) (the "Discharge Order"). Pursuant to the Examiner Order, "requests by the Parties or any other person or entity for [ ] discovery" "propounded upon any Party or any other person or entity to seek any communications, documents or other information exchanged between them and the Examiner" are subject to Court

approval. Pursuant to Paragraph 7 of the Discharge Order, materials provided to or obtained by the Examiner are exempt from discovery from the Examiner. To the extent that such materials are protected from disclosure by the Examiner, the Committee objects to Aurelius's attempts to contravene the purpose of the Discharge Order by seeking those same materials from the Committee. Unless otherwise specifically stated, materials related to the Examiner, and information therefrom or relating thereto, will not be produced in response to any Interrogatory.

12.    The Committee objects to the Interrogatories in their entirety to the extent that they purport to call for the disclosure of information relating to any expert witnesses that have been or in the future may be retained by or on behalf of the Committee, and states that it will comply with its obligations under the Case Management Order and Federal Rule of Civil Procedure 26 regarding expert disclosures, made applicable herein under Federal Rules of Bankruptcy Procedure 7026 and 9014, and will not make any other disclosure on that subject in the Committee' responses to these Interrogatories.

13.    The Committee objects to the Interrogatories in their entirety to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence in that the information sought would not be admissible pursuant to Federal Rule of Evidence 408.

14.    The Committee objects to the Interrogatories in their entirety to the extent that they are duplicative of interrogatories that may be served by other parties in the above-captioned cases to which the Committee may be responding.

15.    The Committee's Responses and Objections to the Interrogatories shall not be construed as: (i) an admission as to the relevance, admissibility, or materiality of any such information or its subject matter; (ii) a waiver or abridgment of any applicable privilege; or (iii) an agreement that interrogatories seeking similar information will be treated similarly.

16.    The Committee objects to the Interrogatories in their entirety to the extent that they call for information relating to any Committee Individual in a capacity other than such Committee Individual's capacity as a member of the Committee and/or seeks discovery as to the ordinary-course business relationships between any party and such Committee Individual, or any entity related to such Committee Individual.

17.    The Committee objects to the Interrogatories in their entirety insofar as they seek from the Committee information possessed by Deutsche Bank or Wilmington Trust, as they are both objectors to the Debtor/Committee/Lender plan and are proponents with Aurelius of a competing plan.

18.    The Committee objects to the Interrogatories in their entirety to the extent that (a) the discovery sought by any Interrogatory is unreasonably cumulative or duplicative, or is obtainable from another source that is more convenient, less burdensome, or less expensive; (b) the requested information was previously provided; (c) Aurelius has obtained the information sought by any interrogatory in any other proceeding or pursuant to any other means; (d) the information is a matter of public record or could be obtained from Aurelius or its counsel's files; (e) the requested information is otherwise equally available to Aurelius or its counsel, or (f) the burden or expense of any interrogatory outweighs its likely benefit.

19.    No reference to documents made in these Responses and Objections constitutes that any admission that such documents have been or will be produced, or that such documents properly may be or have been requested for production, or that such documents are not protected from disclosure by attorney-client privilege, common-interest privilege, the attorney work product doctrine, or any other applicable privilege or protection.

20.     Statements in the Committee's Responses and Objections to the Interrogatories regarding knowledge of information possessed by categories of persons should not be construed to represent that such knowledge of information is possessed by each individual identified as being within such category

21.     The Committee reserves all of its rights, including its right to supplement, amend, or correct any of its Responses and Objections to the Interrogatories and its right to object to the admissibility of any information provided in response to the Interrogatories.

## SPECIFIC OBJECTIONS TO DEFINITIONS

**Definition A**: "Angelo" means (i) Angelo, Gordon & Co, L.P. and its affiliates; (ii) any of its or their officers, directors, partners, employees, members, or managers; (iii) any of its or their board of directors and any committee or subcommittee of any board of directors; and (iv) Professionals or any Person within (i), (ii) or (iii) above.

**Objection to Definition A:** The Committee objects to this Definition on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Aurelius purports to include within this Definition as stated. As used in the Committee's responses to the Interrogatories, the term "Angelo," unless otherwise specified, means Angelo, Gordon & Co, L.P.

**Definition B:** "April Proposed Settlement" means the settlement of certain LBO-Related Causes of Action proposed by Angelo, Gordon & Co., L.P., Centerbridge Credit Partners, L.P., Centerbridge Credit Partners Master, L.P., Centerbridge Special Credit Partners, L.P., the Law Debenture defendants, and JPMorgan Chase Bank, N.A., described in a Settlement Support Agreement dated on or about April 9, 2010 including Exhibit A attached thereto.

**Objection to Definition B:** The Committee objects to this Definition on the grounds that it is vague. As used in the Committee's responses to the Interrogatories, the term "April Proposed Settlement," unless otherwise specified, means the settlement agreement, the terms of which are described in the Settlement Support Agreement, dated April 8, 2010,

9

between and among Angelo, Centerbridge Special Credit Partners, L.P., Centerbridge

Credit Partners Master, L.P., Centerbridge Credit Partners, JPMorgan Chase Bank N.A.,

and Law Debenture Company of New York, as Successor Indenture Trustee, as filed

with the Court on April 12, 2010.

**Definition C:** "Bank of America" means (i) Bank of America, N.A. and its affiliates; (ii) any of its or their officers, directors, partners, members, employees, or managers; (iii) any of its or their board of directors and any committee or subcommittee of any board of directors; and (iv) Professionals of any Person within (i), (ii) or (iii) above.

**Objection to Definition C:** The Committee objects to this Definition on the grounds that

it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the

persons and entities that Aurelius purports to include within this Definition as stated. As

used in the Committee's responses to the Interrogatories, the term "Bank of America,"

unless otherwise specified, means Bank of America N.A., Bank of America Bridge LLC,

and Bank of America Securities, LLC.

**Definition E:** "Citicorp" means any or all of (i) Citicorp North America. Inc. and its affiliates; (ii) Citigroup Global Markets Inc. and its affiliates; (iii) Citibank, N.A. and its affiliates; (iv) Citicorp USA, Inc. and its affiliates; (v) any of its or their officers, directors, partners, members, employees, or managers; (vi) any of its or their board of directors and any committee or subcommittee of any board of directors; and (vii) Professionals of any Person within (i), (ii), (iii), (iv), (v) or (vi) above.

**Objection to Definition E:** The Committee objects to this Definition on the grounds that

it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the

persons and entities that Aurelius purports to include within this Definition as stated. As

used in the Committee's responses to the Interrogatories, the term "Citicorp," unless

otherwise specified, means Citigroup Global Markets, Inc., Citibank, N.A., Citicorp

USA, Inc., and Citicorp North America, Inc.

**Definition F:** "Committee" means any or all of (i) the Official Committee of Unsecured Creditors in the chapter 11 cases of the above-captioned debtors; (ii) its individual members

and/or any entities in which any such individual member serves as an employee, partner or an employment-type relationship; and (iii) any of its or their respective Professionals.

> **Objection to Definition F:** The Committee objects to this Definition on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Aurelius purports to include within this Definition as stated. As used in the Committee's responses to the Interrogatories, the term "Committee" unless otherwise specified, means the Official Committee of Unsecured Creditors in the chapter 11 cases of the above-captioned debtors, exclusive of (i) any individual members thereof, (ii) any entities to which such members may be related, or (iii) any professionals to the Committee or such members or entities.

**Definition G:** "Committee Individuals" means all Persons within Definition F.(ii) or (iv), and any entity or entities that any such Person directly or indirectly owns or controls.

> **Objection to Definition G:** The Committee objects to this Definition on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Aurelius purports to include within this Definition as stated. As used in the Committee's responses to the Interrogatories, the term "Committee Individuals," unless otherwise specified, means the individual members of the Official Committee of Unsecured Creditors in the chapter 11 cases of the above-captioned debtors exclusive of (i) any entities to which such members may be related, or (ii) any professionals thereof.

**Definition H:** "Communication" means, without limitation, any exchange or transfer of information or Documents by any means (*e.g.,* whether oral, written, electronic or by other methods), as well as any notes, memorandum, or other record thereof.

**Objection to Definition H:** The Committee objects to this Definition on the grounds

that it is vague and ambiguous as to the phrase "exchange or transfer of information or

Documents . . . by other methods."

**Definition K:** "<u>Debtors</u>" means any or all of (i) the debtors in the case titled *In re Tribune Co., et al.*, chapter 11 No. 08-13141 (KJC) (Bankr. D. Del.); (ii) any of their past, present or future officers, directors, partners, members, employees, or managers; (iii) any past, present or future board of directors of any Debtor and any committee or subcommittee of any board of directors of any Debtor, including but not limited to the Special Committee; and (iv) Professionals of any Person within (i), (ii) or (iii) above.

**Objection to Definition K:** The Committee objects to this Definition on the grounds

that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of

the persons and entities that Aurelius purports to include within this Definition as stated.

For example, it is not possible to identify the "future officers, directors, partners,

members, employees, or managers" of Tribune Company. As used in the Committee's

responses to the Interrogatories, the term "Debtors," unless otherwise specified, means

the debtors in the above-captioned chapter 11 cases.

**Definition L:** "<u>Debtor/Committee/Lender Plan</u>" means the First Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Committee, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A., dated December 8, 2010, along with any amendments thereto and any prior proposed plans of reorganization filed or considered by such parties.

**Objection to Definition L:** The Committee objects to this Definition on the grounds that

it is unintelligible. As used in Committee's responses to the Interrogatories, the term

"Debtor/Committee/Lender Plan," unless otherwise specified, means the Joint Chapter 11

Plan Of Reorganization For Tribune Company And Its Subsidiaries Proposed By The

Debtors, The Official Committee Of Unsecured Creditors, Oaktree Capital Management,

L.P., Angelo, Gordon & Co., L.P., And JPMorgan Chase Bank, N.A. filed with the Court

on October 22, 2010, and as subsequently amended.

**Definition N:** "Documents" means all written, graphic, or printed matter of any kind, however, produced or reproduced, including all originals, drafts, working papers and non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, physical evidence and all electronic, mechanical, or optical records or representations of any kind or other data compilations from which information can be obtained, or translated, if necessary, through detection devices into reasonable usable form. The term "Documents" includes, but is not limited to:

> a.  correspondence, memoranda, notes, calendar or diary entries, statistics, letters, electronic mail, notebooks, telegrams, journals, minutes, agendas, notices, announcements, instructions, charts, schedules, requests, contracts, prospective contracts, agreements, prospective agreements, licenses, prospective licenses, order forms, books, accounts, records, reports, studies, surveys, experiments, analyses, checks, cancelled checks, wire confirmations, statements, receipts, returns, vouchers, statements, credit memoranda, sales slips, promissory notes, summaries, pamphlets, prospectuses, manuals, brochures, announcements, certificates, drawings, plans, interoffice and intraoffice Communications, or offers;

> b.  notations in any form made of conversations, telephone calls, meetings, negotiations or other Communications;

> c.  bulletins, circulars, schedules, lists, guides, printed matter (including newspapers, magazines and other publications, articles and clippings therefrom), press releases, computer printouts, teletypes, telecopies, telexes, invoices, ledgers, balance sheets, financial statements or worksheets;

> d.  electronic, mechanical or optical records or representations of any kind (including tapes, cassettes, discs, hard drives, recordings, voice mail, electronic mail, computer-stored data or material), or transcriptions thereof; and

> e.  all drafts, alterations, modifications, changes and amendments of any of the foregoing and any material underlying, supporting or used in the preparation of any document.

**Objection to Definition N:** The Committee objects to this Definition to the extent it is

overbroad, unduly burdensome, and seeks categories of documents not contemplated by

Federal Rules of Civil Procedure 26 and 33, as made applicable by Rules 7026, 7033, and

9014 of the Federal Rules of Bankruptcy Procedure.  As used in the Committee's

responses to the Interrogatories, the term "Documents," unless otherwise specified, has

the meaning ascribed to it in Federal Rules of Civil Procedure 26 and 34, as made

applicable by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure.

**Definition Q:** "Identify" (with respect to Persons) means to give, to the extent known, the Person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

**Objection to Definition Q**: The Committee objects to this Definition on the ground that

it is unduly burdensome. Business contact information will provided for those persons

whom the Committee identifies in these responses.

**Definition R:** "Identify" (with respect to Documents) means to give, to the extent known, the (i) type of Document; (ii) general subject matter; (iii) date of Document; and (iv) author(s), addressee(s) and recipient(s).

**Objection to Definition R**: The Committee objects to this Definition on the ground that

it is unduly burdensome and duplicative in view of the First Request for Production of

Documents of Aurelius Capital Management, LP to Official Committee of Unsecured

Creditors, dated December 10, 2010, the Amended Responses and Objections to First

Request for Production of Documents of Aurelius Capital Management, LP to Official

Committee of Unsecured Creditors, dated December 31, 2010, and those documents that

have been or will be produced by the Committee in connection therewith. The

Committee further objects to this Definition to the extent that it exceeds the scope of

interrogatories permitted under Paragraph 7 of the Case Management Order.

**Definition S:** "JPMorgan" means (i) JPMorgan Chase Bank, N.A. and its affiliates: (ii) any of its or their officers, directors, partners, employees, members, or managers; (iii) any of its or their board of directors and any committee or subcommittee of any board of directors; and (iv) Professionals of any Person within (i), (ii) or (iii) above.

**Objection to Definition S:** The Committee objects to this Definition on the grounds that

it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the

persons and entities that Aurelius purports to include within Definition S as stated. As

used in the Committee's responses to the Interrogatories, the term "JPMorgan," unless

otherwise specified, means JPMorgan Chase Bank N.A. and J.P. Morgan Securities Inc.

**Definition T:** "LBO" means the leveraged buy-out of Tribune that occurred in 2007, including, without limitation, the purchase by Tribune of its common stock on or about June 4, 2007 and the merger and related transactions involving Tribune on or about December 20, 2007.

> **Objection to Definition T:** The Committee objects to this Definition on the grounds that
>
> it is vague and overbroad. As used in the Committee's responses to the Interrogatories,
>
> the term "LBO," unless otherwise specified, means the Leveraged ESOP Transactions as
>
> detailed in Section VII.D of Debtors' Joint Disclosure Statement, filed with the Court on
>
> October 22, 2010.

**Definition V:** "LBO-Related Causes of Action" means any and all pre-petition, post-petition and/or post-emergence claims, obligations, suits, judgments, damages, debts, rights, causes of action, avoidance powers or rights, liabilities of any nature whatsoever arising from or relating to the leveraged buy-out of Tribune that occurred in 2007, including, without limitation, the claims asserted in the Complaints and any and all potential legal or equitable remedies associated with any such claims.

> **Objection to Definition V:** The Committee objects to this Definition on the grounds that
>
> it is vague. As used in the Committee's responses to the Interrogatories, the term "LBO-
>
> Related Causes of Action," unless otherwise specified, has the meaning set forth in
>
> Article I of the Debtor/Committee/Lender Plan.

**Definition X:** "Mediation" shall have the meaning ascribed to it in Section VII.D of the Joint Disclosure Statement, dated December 8, 2010, and any amendments thereto.

> **Objection to Definition X:** The Committee objects to this Definition on the grounds that
>
> it is unintelligible. As used in the Committee's responses to the Interrogatories, the term
>
> "Mediation," unless otherwise specified, shall have the meaning ascribed to it in Section
>
> VII.D of Debtors' Joint Disclosure Statement, filed with the Court on October 22, 2010.

**Definition Y:** "Merrill Lynch" means (i) Merrill Lynch, Pierce, Fenner & Smith and its affiliates; (ii) Merrill Lynch Capital Corporation and its affiliates; (iii) Merrill Lynch & Co. and

its affiliates; (iv) any of its or their officers, directors, partners, members, employees, or managers; (v) any of its or their board of directors and any committee or subcommittee of any board of directors; and (vi) Professionals of any Person within (i), (ii), (iii ), (iv) or (v) above.

**Objection to Definition Y:** The Committee objects to this Definition on the grounds that

it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the

persons and entities that Aurelius purports to include within this Definition as stated.  As

used in the Committee's responses to the Interrogatories, the term "Merrill Lynch,"

unless otherwise specified, means Merrill Lynch Capital Corporation, Merrill, Lynch,

Pierce, Fenner & Smith, and Merrill Lynch & Co.

**Definition Z:** "Oaktree" means (i) Oaktree Capital Management. L.P. and its affiliates; (ii) any of its or their officers, directors, partners, members, employees, or managers; (iii) any of its or their board or directors and any committee or subcommittee of any board of directors; and (iv) Professionals of any Person within (i), (ii) or (iii) above.

**Objection to Definition Z:** The Committee objects to this Definition on the grounds that

it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the

persons and entities that Aurelius purports to include within this Definition as stated.  As

used in the Committee's responses to the Interrogatories, the term "Oaktree," unless

otherwise specified, means Oaktree Capital Management, L.P.

**Definition AA:** "Other Potential Settlement" means any potential settlement of any or all of the LBO-Related Causes of Action considered, proposed or discussed at any time, other than the Proposed LBO Settlement or the April Proposed Settlement.

**Objection to Definition AA:** The Committee objects to this Definition on the grounds

that it is vague and calls for the disclosure of information that is not relevant or

reasonably calculated to lead to the discovery of admissible evidence.

**Definition EE:** "Professional" means any counsel, consultant, advisor, accountant, testifying expert, non-testifying expert, non-testifying expert, agent, representative or other Person engaged to provide or involved in providing at any time any services relating to the LBO, the LBO-Related Causes of Action, the Complaints, the Examiner, the Examiner Report, Settlement Analysis and/or the Settlement Process.

**Objection to Definition EE:**  The Committee objects to this Definition on the grounds

that it seeks information not contemplated by Federal Rule of Civil Procedure 26, as

made applicable by Rules 7026 and 9014 of the Federal Rules of Bankruptcy Procedure.

**Definition FF:**  "Proposed LBO Settlement" means the proposed settlement of certain LBO-
Related Causes of Action as described in the Debtor/Committee/Lender Plan.

**Objection to Definition FF:**  The Committee objects to this Definition on the grounds

that it is vague.  As used in the Committee's responses to the Interrogatories, the term

"Proposed LBO Settlement," unless otherwise specified, means the proposed settlement

of LBO-Related Causes of Action as described in the Debtor/Committee/Lender Plan.

**Definition GG:**  "Relationship" means any prior, current or prospective personal, professional,
business or other relationship among any of the Persons specified in these interrogatories,
including but not limited to any matter with respect to which such persons have done or sought
to do business with one another (including commercial, charitable and any other types of
matters) or have been recommended or considered for a position or engagement, at any time
within the past ten years, provided that Relationship does not include the transactions
constituting the LBO itself.

**Objection to Definition GG:**  The Committee objects to this Definition on the grounds

that it is vague, ambiguous, overbroad, unduly burdensome, and that it is not possible to

know all of the relationships that Aurelius purports to include within this Definition as

stated.  Furthermore, the Committee objects to the time frame set forth in this Definition

as overbroad and not reasonably calculated to lead to the discovery of admissible

evidence.

**Definition JJ:**  "Settlement Analysis" means any analysis, consideration, assessment, review,
report, evaluations, assertion, tactics,  strategy or discussion, whether generated by a Professional
or otherwise, relating in any way to (i) the potential strength of any or all of the LBO-Related
Causes of Action and/or any defense thereto and likely outcome in connection with the litigation
of such matters, (ii) the settlement value of any or all of the LBO-Related Causes of Action,
(iii) the April Proposed Settlement, (iv) the Proposed LBO Settlement,(v) any Other Settlement
and/or (vi) the potential impact of the LBO-Related Causes of Action on the rights and priorities
of any parties-in- interest in the Debtors' bankruptcy proceedings.

**Objection to Definition JJ:** The Committee objects to this Definition on the grounds

that it is vague, overbroad, unduly burdensome, and to the extent that it purports to call

for the disclosure of information, or the production of documents, that constitute

Settlement Material as that term is defined in the Depository Order.

**Definition KK:** "Settlement Process" means any Communication, discussion, meeting, telephone call, negotiation or bargaining between two or more parties relating in any way to (i) the potential strength of any or all of the LBO-Related Causes of Action and/or any defense thereto and likely outcome in connection with the litigation of such matters, (ii) the settlement value of any or all of the LBO-Related Causes or Action, (iii) the April Proposed Settlement, (iv) the Proposed LBO Settlement, (v) any Other Settlement; and/or (vi) the potential impact of the LBO-Related Causes of Action on the rights and priorities of any parties-in-interested in the Debtors' bankruptcy proceedings.

**Objection to Definition KK:** The Committee objects to this Definition on the grounds

that it is vague, overbroad, unduly burdensome, and to the extent that it purports to call

for the disclosure of information that constitutes Settlement Material as that term is

defined in the Depository Order.

**Definition LL:** "Settling Parties" means Oaktree, Angelo, JPMorgan, Citicorp, Bank of America, Merrill Lynch, Wells Fargo any other Person that would receive a release under the Proposed LBO Settlement.

**Objection to Definition LL:** The Committee objects to this Definition on the grounds

that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of

the persons and entities that Aurelius purports to include within this Definition as stated.

As used in the Committee's responses to the Interrogatories, the term "Settling Parties,"

unless otherwise specified, means Oaktree, Angelo, JPMorgan, Citicorp, Bank of

America, Merrill Lynch, and Wells Fargo subject to the objections set forth herein.

**Definition MM:** "Special Committee" means (i) the special committee of independent directors formed by Tribune's Board or Directors on or about August 27, 2010; (ii) each of its individual members; (iii) any entities in which any such individual member serves as an employee, partner, or in any employment or agency relationship, and (iv) any Professionals of any Person included in (i) - (iii).

**Objection to Definition MM:** The Committee objects to this Definition on the grounds

that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of

the persons and entities that Aurelius purports to include within this Definition as stated.

As used in the Committee's responses to the Interrogatories, the term "Special

Committee," unless otherwise specified, means the Special Committee of independent

directors formed by Tribune Company's Board of Directors on or about August 27, 2010.

**Definition NN:** "Special Committee Individuals" means all Persons within Definition MM.(ii)
or (iv), and any entity or entities that any such Person directly or indirectly owns or controls.

**Objection to Definition NN:** The Committee objects to this Definition on the grounds

that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of

the persons and entities that Aurelius purports to include within this Definition as stated.

As used in the Committee's responses to the Interrogatories, the term "Special

Committee Individuals," unless otherwise specified, means the individual members of the

Special Committee of independent directors formed by Tribune Company's Board of

Directors on or about August 27, 2010.

**Definition RR:** "Tribune" means (i) the entity known as Tribune Company and its direct and
indirect subsidiaries, including but not limited to each of the Debtors in the captioned bankruptcy
case; (ii) any of their past, present or future officers, directors, partners, members, employees, or
managers; (iii) any past, present or future board of directors, board of managers or similar body
and any committee or subcommittee thereof of any Person within (i) above, including but not
limited to the Special Committee; and (iv) Professionals of any Person within (i), (ii ) or (iii ) of
this Definition RR.

**Objection to Definition RR:** The Committee objects to this Definition on the grounds

that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of

the persons and entities that Aurelius purports to include within this Definition as stated.

For example, it is not possible to identify the "future officers, directors, partners,

members, employees, or managers" of Tribune Company. Moreover, it is not possible to

19

know the Professionals of each and every employee of Tribune Company and its direct and indirect subsidiaries.  As used in the Committee's responses to the Interrogatories, the term "Tribune," unless otherwise specified, means Tribune Company and its direct and indirect subsidiaries.

**Definition SS:**  "Tribune Entity" means any Person within Definition RR.(i).

> **Objection to Definition SS**:  The Committee objects to this Definition on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Aurelius purports to include within this Definition as stated. As used in the Committee's responses to the Interrogatories, the term "Tribune Entity" means Tribune, subject to the objections set forth herein.

**Definition TT:**  "Tribune Individual" means any Person within Definition RR.(ii) and/or RR.(iii) and any entity or entities that any such Person directly or indirectly owns or controls.

> **Objection to Definition TT:**  The Committee objects to this Definition on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Aurelius purports to include within this Definition as stated. As used in the Committee's responses to the Interrogatories, the term "Tribune Individual," unless otherwise specified, means the current officers and directors of Tribune, subject to the objections set forth herein.

**Definition UU:**  "Wells Fargo" means (i) Wells Fargo Bank, N.A. and its affiliates; (ii) any of its or their officers, directors, partners, members, employees, or managers; (iii) any of its or their board of directors and any committee or subcommittee of any board of directors; and (iv) Professionals of any Person within (i), (ii) or (iii) above.

> **Objection to Definition UU:**  The Committee objects to this Definition on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Aurelius purports to include within this Definition as stated.

As used in the Committee's responses to the Interrogatories, the term "Wells Fargo,"

unless otherwise specified, means Wells Fargo Bank, N.A.

## SPECIFIC OBJECTIONS TO INSTRUCTIONS

**Instruction No. 2:**  For each interrogatory, in order to make the interrogatory inclusive rather than exclusive, the past tense shall be construed to include the present tense and vice versa.

> **Objection to Instruction No. 2:**  The Committee objects to this Definition on the
>
> grounds that it is vague.  The Committee further objects to this Definition to the extent it
>
> is overbroad, unduly burdensome or causes these Interrogatories to pertain to time
>
> periods which are neither relevant nor reasonably calculated to lead to the discovery of
>
> admissible evidence.  The Committee further objects to this Definition to the extent that it
>
> renders any of the Interrogatories unintelligible.

**Instruction No. 3**:  You are required to obtain and furnish all responsive information available to you and to any of your representatives, agents, employees or Professionals, and to obtain and furnish all responsive information that is in your actual or constructive possession, custody or control, or in the actual or constructive possession, custody or control of any of your representatives, agents, employees or Professionals.

> **Objection to Instruction No. 3**:  The Committee objects to this Instruction on the
>
> grounds that it is unduly burdensome.  The Committee further objects to this Instruction
>
> to the extent that it purports to impose obligations upon the Committee that exceed those
>
> set forth in Federal Rules of Civil Procedure 26 and 33, made applicable herein under
>
> Federal Rules of Bankruptcy Procedure 7026, 7033, and 9014.  The Committee further
>
> objects to this Instruction to the extent that it seeks disclosure of information beyond that
>
> available to the Official Committee of Unsecured Creditors in the chapter 11 cases of the
>
> above-captioned debtors, exclusive of (i) any individual members thereof, (ii) any entities
>
> to which such members may be related, or (iii) any professional to the Committee or such
>
> members or entities.  The Committee further objects to this Instruction to the extent that it

21

calls for information relating to any Committee Individual in a capacity other than such

Committee Individual's capacity as a member of the Committee and/or seeks discovery

as to the ordinary-course business relationships between any party and such Committee

Individual, or any entity related to such Committee Individual.  The Committee further

objects to this Instruction insofar as it seeks information possessed by Deutsche Bank or

Wilmington Trust, as they are both objectors to the Debtor/Committee/Lender plan and

are proponents with Aurelius of a competing plan. The Committee's responses to these

Interrogatories will disclose such information available to the Committee that can be

obtained after a good faith and reasonable inquiry and with reasonable diligence.

**Instruction No. 4:**  Unless otherwise stated in a specific interrogatory, the time period covered by the following requests is the period between January 1, 2007, through and including the present.

> **Objection to Instruction No. 4**: The Committee objects to this Instruction on the
>
> grounds that is overbroad, unduly burdensome, not reasonably calculated to lead to the
>
> discovery of admissible evidence, and calls for the disclosure of information that is not
>
> relevant.  Unless otherwise stated, including as set forth in its General Objections, the
>
> Committee will disclose information as set forth herein relating to the period from the
>
> date of the Depository Order through the filing date of the Debtor/Committee/Lender
>
> Plan (i.e., December 15, 2009 through October 22, 2010).

**Instruction No. 5:**  If any part of the foregoing interrogatories cannot be responded to in full, respond to the extent possible, specifying the reason(s) for your inability to respond to the remainder and stating whatever information or knowledge you have relating to the portion to which you do not respond.

> **Objection to Instruction No. 5**: The Committee objects to this Instruction on the
>
> grounds that it is vague, overbroad, unduly burdensome, and unintelligible.  The
>
> Committee further objects to this Instruction to the extent that it purports to impose

obligations upon the Committee that exceed those set forth in Federal Rules of Civil

Procedure 26 and 33, made applicable herein under Federal Rules of Bankruptcy

Procedure 7026, 7033, and 9014.

**Instruction No. 6:** If you cannot respond to a particular interrogatory, state so in writing and identify the person possessing information responsive to that particular interrogatory.

> **Objection to Instruction No. 6**: The Committee objects to this Instruction on the
>
> grounds that it is overbroad, unduly burdensome, and calls for speculation by the
>
> Committee to the extent that the Committee is called upon to "identify the person
>
> possessing information responsive to [a] particular interrogatory" when the Committee
>
> itself cannot respond to such Interrogatory. The Committee further objects to this
>
> Instruction to the extent that it purports to impose obligations upon the Committee that
>
> exceed those set forth in Federal Rules of Civil Procedure 26 and 33, made applicable
>
> herein under Federal Rules of Bankruptcy Procedure 7026, 7033, and 9014. The
>
> Committee further objects to this Instruction as seeking information that is equally
>
> available to Aurelius.

**Instruction No. 7:** If any privilege is claimed as to any information, Document, or Communication sought to be identified herein,

(A)   State the nature of the privilege of the claim (i.e., attorney/client, work product, etc.);

(B)   State the name of the party claiming privilege and the name of the attorney, if any, with respect to whom the privilege is claimed;

(C)   State the basis for claiming the privilege as to the specific information, Document, or Communication;

(D)   Identify all persons present at any information, Document, or Communication to which privilege is claimed and all persons to whom the subject matter of the Communication was discussed or disclosed; and

(E)   State the date of each such information, Document, or Communication.

**Objection to Instruction No. 7**:  The Committee objects to this Instruction as unduly burdensome and as seeking to impose obligations beyond the scope of Federal Rule of Civil Procedure 26, made applicable herein under Federal Rules of Bankruptcy Procedure 7026 and 9014, and beyond the scope of the Case Management Order.  The Committee will comply with its obligations under the Case Management Order, and any agreement among the parties pursuant thereto, regarding information or documents withheld under a claim of privilege.

**Instruction No. 8**:  For purposes of these interrogatories, each interrogatory expressly includes information, Documents, or Communications in the possession of (i) your attorneys, and (ii) consultants or experts retained by you or your attorneys in connection with the above-captioned chapter 11 case.

**Objection to Instruction No. 8**:  The Committee objects to this Instruction as overbroad and unduly burdensome.  The Committee further objects to this Instruction to the extent that it purports to impose obligations upon the Committee that exceed those set forth in Federal Rules of Civil Procedure 26 and 33, made applicable herein under Federal Rules of Bankruptcy Procedure 7026, 7033, and 9014.  The Committee further objects to this Instruction on the grounds that it calls for information protected by the attorney-client privilege, common interest privilege, and work product protection.  The Committee further objects to this Instruction to the extent that it seeks disclosure of information beyond that available to the Official Committee of Unsecured Creditors in the chapter 11 cases of the above-captioned debtors, exclusive of (i) any individual members thereof, (ii) any entities to which such members may be related, or (iii) any professional to the Committee or such members or entities.  The Committee further objects to this Instruction to the extent that it calls for information relating to any Committee Individual in a capacity other than such Committee Individual's capacity as a member of the

Committee and/or seeks discovery as to the ordinary-course business relationships

between any party and such Committee Individual, or any entity related to such

Committee Individual.  The Committee further objects to this Instruction insofar as it

seeks information possessed by Deutsche Bank or Wilmington Trust, as they are both

objectors to the Debtor/Committee/Lender plan and are proponents with Aurelius of a

competing plan.

**Instruction No. 9:**  These interrogatories are continuing in nature and, to the extent that your responses may be enlarged, diminished or otherwise modified by information acquired after your initial responses to these requests, you are required promptly to supplement your initial responses in writing reflecting such changes to the fullest extent required by any applicable law or rule.

**Objection to Instruction No. 9**:  The Committee objects to this Instruction as overbroad

and unduly burdensome.  The Committee further objects to this Instruction to the extent

that it purports to impose obligations upon the Committee that exceed those set forth in

Federal Rules of Civil Procedure 26 and 33, made applicable herein under Federal Rules

of Bankruptcy Procedure 7026, 7033, and 9014.  The Committee will comply with its

obligations under the Case Management Order and/or the above-referenced rules with

regard to any future supplementation of its responses to these Interrogatories.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

### Interrogatory No. 1:

Identify all Persons with knowledge or information Concerning the Document Depository, including the materials in the Document Depository furnished by the Committee, and Identify all steps taken and instructions given concerning the Committee's obligation to preserve information in connection with the LBO, the LBO-Related Causes of Action, the Examiner, the Examiner's Report, the Settlement Process, the Mediation, the Complaints, the Preserved Causes of Action and the Special Committee, including but not limited to all litigation hold instructions and efforts to ensure compliance with litigation hold instructions.

**Response to Interrogatory No. 1:**

The Committee incorporates by reference its General Objections and Objections to Definitions and Instructions as set forth above.  The Committee further objects to this Interrogatory on the ground that it is overly broad and unduly burdensome.  The Committee further objects to this Interrogatory on the ground that it calls for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  The Committee further objects to this Interrogatory on the ground that it exceeds the scope of interrogatories permitted under Paragraph 7 of the Case Management Order insofar as it seeks identification of "steps taken and instructions given" and/or of "instructions and efforts to ensure compliance."  The Committee further objects to this Interrogatory on the ground that the phrase "materials . . .  furnished by the Committee" as used in this Interrogatory is vague and ambiguous.  The Committee further objects to this Interrogatory on the ground that it calls for information protected by the attorney-client privilege, common interest privilege, and work product protection.

Subject to, as limited by, and without prejudice to or waiver of the foregoing objections, the Committee states, based on its reasonable and good faith inquiry to date, as follows:  All parties to the Depository Order are believed to have access to the Document Depository, to have been provided an index of the documents in the Document Depository, and to have knowledge of information concerning the materials in the Document Depository.  In addition, the categories of persons believed to have at least some knowledge of information concerning the topics referenced in this Interrogatory are (a) the members of the Committee (as more particularly identified in Schedule A), (b) certain counsel to individual Committee members (as more particularly identified in Schedule B), (c) certain attorneys with law firms that serve as outside counsel to the Committee (as more particularly identified in Schedule C), (d) certain personnel of

firms that serve as financial or economic advisors to the Committee (as more particularly

identified in Schedule D), and (e) certain parties in these bankruptcy cases and/or their counsel

with whom any of the foregoing may have communicated on the topics referenced in this

Interrogatory (as more particularly identified in Schedule E).  In addition to the foregoing

persons, the Committee identifies Alexandra K. Nellos, Esq., of Chadbourne & Parke LLP, 30

Rockefeller Plaza, New York, New York  10112, and Jen Peltz, Esq., of Sidley Austin LLP, One

South Dearborn, Chicago, Illinois  60603.  Any documents known to the Committee relevant to

the topics referenced in this Interrogatory that may exist are maintained in the custody of the

Committee's counsel Chadbourne & Parke LLP, located at 30 Rockefeller Plaza, New York,

New York  10112, and/or are accessible to Committee members and Committee counsel on a

non-public IntraLinks database under the control of Chadbourne & Parke LLP that is maintained

for the purpose of Committee communications, and may consist, _inter alia_, of e-mails,

attachments thereto, correspondence, memoranda, copies of documents contained in the

Document Depository, copies of documents on file with the Court and/or served upon parties in

these bankruptcy cases, copies of documents provided to or issued by the Examiner, copies of

documents provided to or issued by the Mediator, and/or copies of documents generated by other

parties to these bankruptcy cases or the Court.  The Committee hereby also incorporates by

reference, and pursuant to Federal Rule of Civil Procedure 33(d), made applicable herein by

Federal Rules of Bankruptcy Procedure 7033 and 9014, refers Aurelius to, the Amended

Responses and Objections to First Request for Production of Documents of Aurelius Capital

Management, LP to Official Committee of Unsecured Creditors, dated December 31, 2010, and

those documents that have been or will be produced by the Committee in connection therewith.

**Interrogatory No. 2:**

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the search terms, custodians, or other information used to identify, gather and/or collect Documents for production or potential production in response to any formal or informal request for discovery previously issued in this bankruptcy case, including but not limited to such requests issued in any related adversary proceeding or by the Examiner or other Person.

**Response to Interrogatory No. 2:**

The Committee incorporates by reference its General Objections and Objections to

Definitions and Instructions as set forth above. The Committee further objects to this

Interrogatory on the ground that it is unintelligible. The Committee further objects to this

Interrogatory as overbroad and unduly burdensome to the extent it refers to "search terms,

custodians, or other information used" by any person or entity other than the Committee itself

"to identify, gather and/or collect Documents for production or potential production." The

Committee further objects to this Interrogatory to the extent it seeks information protected by the

attorney-client privilege, common interest privilege, and work product protection.

Subject to, as limited by, and without prejudice to or waiver of the foregoing objections,

the Committee, based on its reasonable and good faith inquiry to date, incorporates by reference,

and pursuant to Federal Rule of Civil Procedure 33(d), made applicable herein by Federal Rules

of Bankruptcy Procedure 7033 and 9014, refers Aurelius to, the e-mail sent by Robert A.

Schwinger, Esq., of Chadbourne & Parke LLP on December 24, 2010 at or about 5:59 p.m.

Eastern time to counsel for the Plan Proponent Parties and other Parties who as of that time had

requested service pursuant to Paragraph 35 of the Case Management Order, which e-mail stated

in pertinent part "The Committee is not filtering ESI by custodian or by any search terms in

order to determine the ESI from the records of the Committee to be reviewed for

responsiveness/production."

**Interrogatory No. 3:**

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents, or information, Concerning the Settlement Process and any Settlement Analysis.

**Response to Interrogatory No. 3:**

The Committee incorporates by reference its General Objections and Objections to

Definitions and Instructions as set forth above.  The Committee further objects to this

Interrogatory on the ground that it is unintelligible.  The Committee further objects to this

Interrogatory to the extent it seeks information protected by the attorney-client privilege,

common interest privilege, and work product protection.

Subject to, as limited by, and without prejudice to or waiver of the foregoing objections,

the Committee states, based on its reasonable and good faith inquiry to date, as follows:  The

categories of persons believed to have at least some knowledge of information concerning the

topics referenced in this Interrogatory are (a) the members of the Committee (as more

particularly identified in Schedule A), (b) certain counsel to individual Committee members (as

more particularly identified in Schedule B), (c) certain attorneys with law firms that serve as

outside counsel to the Committee (as more particularly identified in Schedule C), (d) certain

personnel of firms that serve as financial or economic advisors to the Committee (as more

particularly identified in Schedule D), and (e) certain parties in these bankruptcy cases and/or

their counsel with whom any of the foregoing may have communicated on the topics referenced

in this Interrogatory (as more particularly identified in Schedule E).  Any documents known to

the Committee relevant to the topics referenced in this Interrogatory that may exist are

maintained in the custody of the Committee's counsel Chadbourne & Parke LLP, located at 30

Rockefeller Plaza, New York, New York  10112, and/or are accessible to Committee members

and Committee counsel on a non-public IntraLinks database under the control of Chadbourne &

Parke LLP that is maintained for the purpose of Committee communications, and may consist,

inter alia, of e-mails, attachments thereto, correspondence, memoranda, copies of documents

contained in the Document Depository, copies of documents on file with the Court and/or served

upon parties in these bankruptcy cases, copies of documents provided to or issued by the

Examiner, copies of documents provided to or issued by the Mediator, and/or copies of

documents generated by other parties to these bankruptcy cases or the Court.  The Committee

hereby also incorporates by reference, and pursuant to Federal Rule of Civil Procedure 33(d),

made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014, refers

Aurelius to, the Amended Responses and Objections to First Request for Production of

Documents of Aurelius Capital Management, LP to Official Committee of Unsecured Creditors,

dated December 31, 2010, and those documents that have been or will be produced by the

Committee in connection therewith.

**Interrogatory No. 4:**

Identify all Persons with knowledge or information, and the existence, custodian, location
and general description of Documents or information, Concerning the Examiner's Report,
including any Documents or other information provided to, or withheld from, the Examiner, and
any discussion, consideration or evaluation of the Examiner's Report and any potential impact of
the Examiner's Report on the settlement value of any LBO-Related Causes of Action.

**Response to Interrogatory No. 4:**

The Committee incorporates by reference its General Objections and Objections to

Definitions and Instructions as set forth above.  The Committee further objects to this

Interrogatory on the ground that it is unintelligible.  The Committee further objects to the phrase

"discussion, consideration or evaluation of the Examiner's Report" as vague and ambiguous,

including, but not only, because it does not specify discussion, consideration, or evaluation by

whom.  The Committee further objects to this Interrogatory on the ground that the phrases

"potential impact of the Examiner's Report" and "settlement value" as used in this Interrogatory

are vague and ambiguous.  The Committee further objects to this Interrogatory to the extent it

seeks information protected by the attorney-client privilege, common interest privilege, and work

product protection.

Subject to, as limited by, and without prejudice to or waiver of the foregoing objections,

the Committee states, based on its reasonable and good faith inquiry to date, as follows:  The

categories of persons believed to have at least some knowledge of information concerning the

topics referenced in this Interrogatory are (a) the members of the Committee (as more

particularly identified in Schedule A), (b) certain counsel to individual Committee members (as

more particularly identified in Schedule B), (c) certain attorneys with law firms that serve as

outside counsel to the Committee (as more particularly identified in Schedule C), (d) certain

personnel of firms that serve as financial or economic advisors to the Committee (as more

particularly identified in Schedule D), and (e) certain parties in these bankruptcy cases and/or

their counsel with whom any of the foregoing may have communicated on the topics referenced

in this Interrogatory (as more particularly identified in Schedule E).  Any documents known to

the Committee relevant to the topics referenced in this Interrogatory that may exist are

maintained in the custody of the Committee's counsel Chadbourne & Parke LLP, located at 30

Rockefeller Plaza, New York, New York  10112, and/or are accessible to Committee members

and Committee counsel on a non-public IntraLinks database under the control of Chadbourne &

Parke LLP that is maintained for the purpose of Committee communications, and may consist,

inter alia, of e-mails, attachments thereto, correspondence, memoranda, copies of documents

contained in the Document Depository, copies of documents on file with the Court and/or served

31

upon parties in these bankruptcy cases, copies of documents provided to or issued by the

Examiner, copies of documents provided to or issued by the Mediator, and/or copies of

documents generated by other parties to these bankruptcy cases or the Court.  The Committee

hereby also incorporates by reference, and pursuant to Federal Rule of Civil Procedure 33(d),

made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014, refers

Aurelius to, the Amended Responses and Objections to First Request for Production of

Documents of Aurelius Capital Management, LP to Official Committee of Unsecured Creditors,

dated December 31, 2010, and those documents that have been or will be produced by the

Committee in connection therewith.

**Interrogatory No. 5:**

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the Proposed LBO Settlement, including but not limited to any (a) negotiations, communications, discussion or drafting of the Proposed LBO Settlement, (b) the Persons receiving releases in connection with the Proposed LBO Settlement, and the consideration received from and/or contributed by each such Person in exchange for such release and (c) the bar order contained in the Proposed LBO Settlement and/or Debtor/Committee/Lender Plan.

**Response to Interrogatory No. 5:**

The Committee incorporates by reference its General Objections and Objections to

Definitions and Instructions as set forth above.  The Committee further objects to this

Interrogatory on the ground that it is unintelligible.  The Committee further objects to this

Interrogatory on the ground that the phrase "consideration received from and/or contributed by

each such Person" as used in this Interrogatory is vague and ambiguous.  The Committee further

objects to this Interrogatory to the extent it seeks information protected by the attorney-client

privilege, common interest privilege, and work product protection.

Subject to, as limited by, and without prejudice to or waiver of the foregoing objections, the Committee states, based on its reasonable and good faith inquiry to date, as follows:  The categories of persons believed to have at least some knowledge of information concerning the topics referenced in this Interrogatory are (a) the members of the Committee (as more particularly identified in Schedule A), (b) certain counsel to individual Committee members (as more particularly identified in Schedule B), (c) certain attorneys with law firms that serve as outside counsel to the Committee (as more particularly identified in Schedule C), (d) certain personnel of firms that serve as financial or economic advisors to the Committee (as more particularly identified in Schedule D), and (e) certain parties in these bankruptcy cases and/or their counsel with whom any of the foregoing may have communicated on the topics referenced in this Interrogatory (as more particularly identified in Schedule E).  Any documents known to the Committee relevant to the topics referenced in this Interrogatory that may exist are maintained in the custody of the Committee's counsel Chadbourne & Parke LLP, located at 30 Rockefeller Plaza, New York, New York  10112, and/or are accessible to Committee members and Committee counsel on a non-public IntraLinks database under the control of Chadbourne & Parke LLP that is maintained for the purpose of Committee communications, and may consist, inter alia, of e-mails, attachments thereto, correspondence, memoranda, copies of documents contained in the Document Depository, copies of documents on file with the Court and/or served upon parties in these bankruptcy cases, copies of documents provided to or issued by the Examiner, copies of documents provided to or issued by the Mediator, and/or copies of documents generated by other parties to these bankruptcy cases or the Court.  The Committee hereby also incorporates by reference, and pursuant to Federal Rule of Civil Procedure 33(d), made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014, refers

Aurelius to, the Amended Responses and Objections to First Request for Production of

Documents of Aurelius Capital Management, LP to Official Committee of Unsecured Creditors,

dated December 31, 2010, and those documents that have been or will be produced by the

Committee in connection therewith.

**Interrogatory No. 6:**

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning whether any Tribune Individual would or should remain employed by or affiliated with Debtors, including but not limited to the views of the Committee or any Settling Parties concerning such continued employment or affiliation, and any need or desire of Debtors to resolve any of the LBO-Related Causes of Action in connection with, or as a condition to (i) any exit financing for Debtors and/or (ii) Debtors' ability generally to exit bankruptcy.

**Response to Interrogatory No. 6:**

The Committee incorporates by reference its General Objections and Objections to

Definitions and Instructions as set forth above. The Committee further objects to this

Interrogatory on the ground that it is unintelligible. The Committee further objects to this

Interrogatory on the ground that the phrase "whether any Tribune Individual would or should

remain employed by or affiliated with Debtors, including but not limited to the views of the

Committee or any Settling Party concerning such continued employment or affiliation" as used

in this Interrogatory is vague and ambiguous. The Committee further objects to this Interrogatory

on the ground that the phrases "views of . . . any Settling Parties," "need or desire of Debtors"

and "Debtors' ability generally to exit bankruptcy" as used in this Interrogatory are vague and

ambiguous. The Committee further objects to this Interrogatory to the extent it seeks

information protected by the attorney-client privilege, common interest privilege, and work

product protection.

Subject to, as limited by, and without prejudice to or waiver of the foregoing objections, the Committee states, based on its reasonable and good faith inquiry to date, as follows: The categories of persons believed to have at least some knowledge of information concerning the topics referenced in this Interrogatory are (a) the members of the Committee (as more particularly identified in Schedule A), (b) certain counsel to individual Committee members (as more particularly identified in Schedule B), (c) certain attorneys with law firms that serve as outside counsel to the Committee (as more particularly identified in Schedule C), (d) certain personnel of firms that serve as financial or economic advisors to the Committee (as more particularly identified in Schedule D), and (e) certain parties in these bankruptcy cases and/or their counsel with whom any of the foregoing may have communicated on the topics referenced in this Interrogatory (as more particularly identified in Schedule E). Any documents known to the Committee relevant to the topics referenced in this Interrogatory that may exist are maintained in the custody of the Committee's counsel Chadbourne & Parke LLP, located at 30 Rockefeller Plaza, New York, New York 10112, and/or are accessible to Committee members and Committee counsel on a non-public IntraLinks database under the control of Chadbourne & Parke LLP that is maintained for the purpose of Committee communications, and may consist, inter alia, of e-mails, attachments thereto, correspondence, memoranda, copies of documents contained in the Document Depository, copies of documents on file with the Court and/or served upon parties in these bankruptcy cases, copies of documents provided to or issued by the Examiner, copies of documents provided to or issued by the Mediator, and/or copies of documents generated by other parties to these bankruptcy cases or the Court. The Committee hereby also incorporates by reference, and pursuant to Federal Rule of Civil Procedure 33(d), made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014, refers

Aurelius to, the Amended Responses and Objections to First Request for Production of

Documents of Aurelius Capital Management, LP to Official Committee of Unsecured Creditors,

dated December 31, 2010, and those documents that have been or will be produced by the

Committee in connection therewith.

**Interrogatory No. 7:**

Identify all Persons with knowledge or information, and the existence, custodian, location
and general description of Documents or information, Concerning the decision to make Don
Liebentritt Debtors' Chief Restructuring Officer, including but not limited to whether
Liebentritt's continuing role as general counsel for Debtors created a conflict or the appearance
of a conflict.

**Response to Interrogatory No. 7:**

The Committee incorporates by reference its General Objections and Objections to

Definitions and Instructions as set forth above.  The Committee further objects to this

Interrogatory on the ground that it is unintelligible.  The Committee further objects to this

Interrogatory on the ground that the terms "conflict" and "appearance of a conflict" as used in

this Interrogatory are vague and ambiguous.  The Committee further objects to this Interrogatory

to the extent it seeks information protected by the attorney-client privilege, common interest

privilege, and work product protection.

Subject to, as limited by, and without prejudice to or waiver of the foregoing objections,

the Committee states, based on its reasonable and good faith inquiry to date, as follows:  The

categories of persons believed to have at least some knowledge of information concerning the

topics referenced in this Interrogatory are (a) the members of the Committee (as more

particularly identified in Schedule A), (b) certain counsel to individual Committee members (as

more particularly identified in Schedule B), (c) certain attorneys with law firms that serve as

outside counsel to the Committee (as more particularly identified in Schedule C), (d) certain

personnel of firms that serve as financial or economic advisors to the Committee (as more particularly identified in Schedule D), and (e) certain parties in these bankruptcy cases and/or their counsel with whom any of the foregoing may have communicated on the topics referenced in this Interrogatory (as more particularly identified in Schedule E).  Any documents known to the Committee relevant to the topics referenced in this Interrogatory that may exist are maintained in the custody of the Committee's counsel Chadbourne & Parke LLP, located at 30 Rockefeller Plaza, New York, New York 10112, and/or are accessible to Committee members and Committee counsel on a non-public IntraLinks database under the control of Chadbourne & Parke LLP that is maintained for the purpose of Committee communications, and may consist, inter alia, of e-mails, attachments thereto, correspondence, memoranda, copies of documents contained in the Document Depository, copies of documents on file with the Court and/or served upon parties in these bankruptcy cases, copies of documents provided to or issued by the Examiner, copies of documents provided to or issued by the Mediator, and/or copies of documents generated by other parties to these bankruptcy cases or the Court.  The Committee hereby also incorporates by reference, and pursuant to Federal Rule of Civil Procedure 33(d), made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014, refers Aurelius to, the Amended Responses and Objections to First Request for Production of Documents of Aurelius Capital Management, LP to Official Committee of Unsecured Creditors, dated December 31, 2010, and those documents that have been or will be produced by the Committee in connection therewith.

**Interrogatory No. 8:**

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the Reorganized Value Analysis, the Enterprise Value, or the Equity Value (as each of those terms are defined and used in the General Disclosure Statement), including, but not limited to, the allocation of Enterprise

Value or Equity Value as between the various Debtor entities, all business plans, projections, forecasts, market reports, financial information and any other Documents and information relating to the valuation of Debtors and/or allocation of value between and among the Debtors generated on or after January 1, 2010.

**Response to Interrogatory No. 8:**

The Committee incorporates by reference its General Objections and Objections to Definitions and Instructions as set forth above. The Committee further objects to this Interrogatory on the ground that it is unintelligible. The Committee further objects to this Interrogatory on the ground that the phrase "relating to the valuation of Debtors and/or allocation of value between and among the Debtors" as used in this Interrogatory is vague, ambiguous, and overbroad. The Committee further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, common interest privilege, and work product protection.

Subject to, as limited by, and without prejudice to or waiver of the foregoing objections, the Committee states, based on its reasonable and good faith inquiry to date, as follows: The categories of persons believed to have at least some knowledge of information concerning the topics referenced in this Interrogatory are (a) the members of the Committee (as more particularly identified in Schedule A), (b) certain counsel to individual Committee members (as more particularly identified in Schedule B), (c) certain attorneys with law firms that serve as outside counsel to the Committee (as more particularly identified in Schedule C), (d) certain personnel of firms that serve as financial or economic advisors to the Committee (as more particularly identified in Schedule D), and (e) certain parties in these bankruptcy cases and/or their counsel with whom any of the foregoing may have communicated on the topics referenced in this Interrogatory (as more particularly identified in Schedule E). Any documents known to the Committee relevant to the topics referenced in this Interrogatory that may exist are

maintained in the custody of the Committee's counsel Chadbourne & Parke LLP, located at 30

Rockefeller Plaza, New York, New York 10112, and/or are accessible to Committee members

and Committee counsel on a non-public IntraLinks database under the control of Chadbourne &

Parke LLP that is maintained for the purpose of Committee communications, and may consist,

inter alia, of e-mails, attachments thereto, correspondence, memoranda, copies of documents

contained in the Document Depository, copies of documents on file with the Court and/or served

upon parties in these bankruptcy cases, copies of documents provided to or issued by the

Examiner, copies of documents provided to or issued by the Mediator, and/or copies of

documents generated by other parties to these bankruptcy cases or the Court.  The Committee

hereby also incorporates by reference, and pursuant to Federal Rule of Civil Procedure 33(d),

made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014, refers

Aurelius to, the Amended Responses and Objections to First Request for Production of

Documents of Aurelius Capital Management, LP to Official Committee of Unsecured Creditors,

dated December 31, 2010, and those documents that have been or will be produced by the

Committee in connection therewith.

**Interrogatory No. 9:**

Identify all Persons with knowledge or information, and the existence, custodian, location
and general description of Documents or information, Concerning the decision to prepare and
file, and the preparation and filing of, the Complaints.

**Response to Interrogatory No. 9:**

The Committee incorporates by reference its General Objections and Objections to

Definitions and Instructions as set forth above.  The Committee further objects to this

Interrogatory on the ground that it is unintelligible.  The Committee further objects to this

Interrogatory to the extent it seeks information protected by the attorney-client privilege, common interest privilege, and work product protection.

Subject to, as limited by, and without prejudice to or waiver of the foregoing objections, the Committee states, based on its reasonable and good faith inquiry to date, as follows:  The categories of persons believed to have at least some knowledge of information concerning the topics referenced in this Interrogatory are (a) the members of the Committee (as more particularly identified in Schedule A), (b) certain counsel to individual Committee members (as more particularly identified in Schedule B), (c) certain attorneys with law firms that serve as outside counsel to the Committee (as more particularly identified in Schedule C), (d) certain personnel of firms that serve as financial or economic advisors to the Committee (as more particularly identified in Schedule D), and (e) certain parties in these bankruptcy cases and/or their counsel with whom any of the foregoing may have communicated on the topics referenced in this Interrogatory (as more particularly identified in Schedule E).  Any documents known to the Committee relevant to the topics referenced in this Interrogatory that may exist are maintained in the custody of the Committee's counsel Chadbourne & Parke LLP, located at 30 Rockefeller Plaza, New York, New York  10112, and/or are accessible to Committee members and Committee counsel on a non-public IntraLinks database under the control of Chadbourne & Parke LLP that is maintained for the purpose of Committee communications, and may consist, inter alia, of e-mails, attachments thereto, correspondence, memoranda, copies of documents contained in the Document Depository, copies of documents on file with the Court and/or served upon parties in these bankruptcy cases, copies of documents provided to or issued by the Examiner, copies of documents provided to or issued by the Mediator, and/or copies of documents generated by other parties to these bankruptcy cases or the Court.  The Committee

hereby also incorporates by reference, and pursuant to Federal Rule of Civil Procedure 33(d),

made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014, refers

Aurelius to, the Amended Responses and Objections to First Request for Production of

Documents of Aurelius Capital Management, LP to Official Committee of Unsecured Creditors,

dated December 31, 2010, and those documents that have been or will be produced by the

Committee in connection therewith.

**Interrogatory No. 10:**

      Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning Debtors' determination that the Proposed LBO Settlement is in the best interest of the Estate and should be approved and/or that the Debtor/Committee/Lender Plan should be confirmed.

**Response to Interrogatory No. 10:**

      The Committee incorporates by reference its General Objections and Objections to

Definitions and Instructions as set forth above.  The Committee further objects to this

Interrogatory to the extent it seeks information protected by the attorney-client privilege,

common interest privilege, and work product protection.

      Subject to, as limited by, and without prejudice to or waiver of the foregoing objections,

the Committee states, based on its reasonable and good faith inquiry to date, as follows:  The

categories of persons believed to have at least some knowledge of information concerning the

topics referenced in this Interrogatory are (a) the members of the Committee (as more

particularly identified in Schedule A), (b) certain counsel to individual Committee members (as

more particularly identified in Schedule B), (c) certain attorneys with law firms that serve as

outside counsel to the Committee (as more particularly identified in Schedule C), (d) certain

personnel of firms that serve as financial or economic advisors to the Committee (as more

particularly identified in Schedule D), and (e) certain parties in these bankruptcy cases and/or

their counsel with whom any of the foregoing may have communicated on the topics referenced in this Interrogatory (as more particularly identified in Schedule E). Any documents known to the Committee relevant to the topics referenced in this Interrogatory that may exist are maintained in the custody of the Committee's counsel Chadbourne & Parke LLP, located at 30 Rockefeller Plaza, New York, New York 10112, and/or are accessible to Committee members and Committee counsel on a non-public IntraLinks database under the control of Chadbourne & Parke LLP that is maintained for the purpose of Committee communications, and may consist, inter alia, of e-mails, attachments thereto, correspondence, memoranda, copies of documents contained in the Document Depository, copies of documents on file with the Court and/or served upon parties in these bankruptcy cases, copies of documents provided to or issued by the Examiner, copies of documents provided to or issued by the Mediator, and/or copies of documents generated by other parties to these bankruptcy cases or the Court. The Committee hereby also incorporates by reference, and pursuant to Federal Rule of Civil Procedure 33(d), made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014, refers Aurelius to, the Amended Responses and Objections to First Request for Production of Documents of Aurelius Capital Management, LP to Official Committee of Unsecured Creditors, dated December 31, 2010, and those documents that have been or will be produced by the Committee in connection therewith.

**Interrogatory No. 11:**

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning any potential, proposed, or actual plan(s) of reorganization for the Debtors that have been considered, discussed, or negotiated, including but not limited to the so called "purity plan," any other plan(s) that would put all LBO-Related Causes of Action into trusts for post-emergence resolution, and/or any plan(s) that would establish a reserve for distributions to any of the Settling Parties.

**Response to Interrogatory No. 11:**

The Committee incorporates by reference its General Objections and Objections to Definitions and Instructions as set forth above.  The Committee further objects to this Interrogatory on the ground that it is unintelligible.  The Committee further objects to this Interrogatory on the ground that the phrases "considered, discussed, or negotiated," "the so called 'purity plan'" and "any other plan(s)," as used in this Interrogatory are vague, ambiguous, overbroad, and call for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  The Committee further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, common interest privilege, and work product protection.

Subject to, as limited by, and without prejudice to or waiver of the foregoing objections, the Committee states, based on its reasonable and good faith inquiry to date, as follows:  The categories of persons believed to have at least some knowledge of information concerning the topics referenced in this Interrogatory are (a) the members of the Committee (as more particularly identified in Schedule A), (b) certain counsel to individual Committee members (as more particularly identified in Schedule B), (c) certain attorneys with law firms that serve as outside counsel to the Committee (as more particularly identified in Schedule C), (d) certain personnel of firms that serve as financial or economic advisors to the Committee (as more particularly identified in Schedule D), and (e) certain parties in these bankruptcy cases and/or their counsel with whom any of the foregoing may have communicated on the topics referenced in this Interrogatory (as more particularly identified in Schedule E).  Any documents known to the Committee relevant to the topics referenced in this Interrogatory that may exist are maintained in the custody of the Committee's counsel Chadbourne & Parke LLP, located at 30 Rockefeller Plaza, New York, New York  10112, and/or are accessible to Committee members

and Committee counsel on a non-public IntraLinks database under the control of Chadbourne &

Parke LLP that is maintained for the purpose of Committee communications, and may consist,

inter alia, of e-mails, attachments thereto, correspondence, memoranda, copies of documents

contained in the Document Depository, copies of documents on file with the Court and/or served

upon parties in these bankruptcy cases, copies of documents provided to or issued by the

Examiner, copies of documents provided to or issued by the Mediator, and/or copies of

documents generated by other parties to these bankruptcy cases or the Court.  The Committee

hereby also incorporates by reference, and pursuant to Federal Rule of Civil Procedure 33(d),

made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014, refers

Aurelius to, the Amended Responses and Objections to First Request for Production of

Documents of Aurelius Capital Management, LP to Official Committee of Unsecured Creditors,

dated December 31, 2010, and those documents that have been or will be produced by the

Committee in connection therewith.

**Interrogatory No. 12:**

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the Preserved Causes of Action, including but not limited to any discussion, consideration, analysis, review, assessment or evaluation of placing Preserved Causes of Action in the Creditors' Trust (as defined on Page 8 of the Debtor/Committee/Lender Plan) or the Litigation Trust (as defined on Page 16 of the Debtor/Committee/Lender Plan).

**Response to Interrogatory No. 12:**

The Committee incorporates by reference its General Objections and Objections to

Definitions and Instructions as set forth above.  The Committee further objects to this

Interrogatory on the ground that it is unintelligible.  The Committee further objects to this

Interrogatory on the ground that the phrase "discussion, consideration, analysis, review,

assessment, or evaluation" as used in this Interrogatory is vague, ambiguous, and overbroad.

The Committee further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, common interest privilege, and work product protection.

Subject to, as limited by, and without prejudice to or waiver of the foregoing objections, the Committee states, based on its reasonable and good faith inquiry to date, as follows: The categories of persons believed to have at least some knowledge of information concerning the topics referenced in this Interrogatory are (a) the members of the Committee (as more particularly identified in Schedule A), (b) certain counsel to individual Committee members (as more particularly identified in Schedule B), (c) certain attorneys with law firms that serve as outside counsel to the Committee (as more particularly identified in Schedule C), (d) certain personnel of firms that serve as financial or economic advisors to the Committee (as more particularly identified in Schedule D), and (e) certain parties in these bankruptcy cases and/or their counsel with whom any of the foregoing may have communicated on the topics referenced in this Interrogatory (as more particularly identified in Schedule E).  Any documents known to the Committee relevant to the topics referenced in this Interrogatory that may exist are maintained in the custody of the Committee's counsel Chadbourne & Parke LLP, located at 30 Rockefeller Plaza, New York, New York 10112, and/or are accessible to Committee members and Committee counsel on a non-public IntraLinks database under the control of Chadbourne & Parke LLP that is maintained for the purpose of Committee communications, and may consist, inter alia, of e-mails, attachments thereto, correspondence, memoranda, copies of documents contained in the Document Depository, copies of documents on file with the Court and/or served upon parties in these bankruptcy cases, copies of documents provided to or issued by the Examiner, copies of documents provided to or issued by the Mediator, and/or copies of documents generated by other parties to these bankruptcy cases or the Court.  The Committee

45

hereby also incorporates by reference, and pursuant to Federal Rule of Civil Procedure 33(d),

made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014, refers

Aurelius to, the Amended Responses and Objections to First Request for Production of

Documents of Aurelius Capital Management, LP to Official Committee of Unsecured Creditors,

dated December 31, 2010, and those documents that have been or will be produced by the

Committee in connection therewith.


**Interrogatory No. 13:**

      Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the allocation of any proceeds to be distributed by any of the trusts created by any plan of reorganization for the Debtors.

**Response to Interrogatory No. 13:**

      The Committee incorporates by reference its General Objections and Objections to

Definitions and Instructions as set forth above.  The Committee further objects to this

Interrogatory on the ground that it is unintelligible.  The Committee further objects to this

Interrogatory on the ground that the phrase "any of the trusts created by any plan of

reorganization" as used in this Interrogatory is vague, ambiguous, and overbroad.  The

Committee further objects to this Interrogatory to the extent it seeks information protected by the

attorney-client privilege, common interest privilege, and work product protection.

      Subject to, as limited by, and without prejudice to or waiver of the foregoing objections,

the Committee states, based on its reasonable and good faith inquiry to date, as follows:  The

categories of persons believed to have at least some knowledge of information concerning the

topics referenced in this Interrogatory are (a) the members of the Committee (as more

particularly identified in Schedule A), (b) certain counsel to individual Committee members (as

more particularly identified in Schedule B), (c) certain attorneys with law firms that serve as

outside counsel to the Committee (as more particularly identified in Schedule C), (d) certain

personnel of firms that serve as financial or economic advisors to the Committee (as more

particularly identified in Schedule D), and (e) certain parties in these bankruptcy cases and/or

their counsel with whom any of the foregoing may have communicated on the topics referenced

in this Interrogatory (as more particularly identified in Schedule E).  Any documents known to

the Committee relevant to the topics referenced in this Interrogatory that may exist are

maintained in the custody of the Committee's counsel Chadbourne & Parke LLP, located at 30

Rockefeller Plaza, New York, New York  10112, and/or are accessible to Committee members

and Committee counsel on a non-public IntraLinks database under the control of Chadbourne &

Parke LLP that is maintained for the purpose of Committee communications, and may consist,

inter alia, of e-mails, attachments thereto, correspondence, memoranda, copies of documents

contained in the Document Depository, copies of documents on file with the Court and/or served

upon parties in these bankruptcy cases, copies of documents provided to or issued by the

Examiner, copies of documents provided to or issued by the Mediator, and/or copies of

documents generated by other parties to these bankruptcy cases or the Court.  The Committee

hereby also incorporates by reference, and pursuant to Federal Rule of Civil Procedure 33(d),

made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014, refers

Aurelius to, the Amended Responses and Objections to First Request for Production of

Documents of Aurelius Capital Management, LP to Official Committee of Unsecured Creditors,

dated December 31, 2010, and those documents that have been or will be produced by the

Committee in connection therewith.

**Interrogatory No. 14:**

Identify all Persons with knowledge or information, and the existence, custodian, location
and general description of Documents or information, Concerning any (i) intercompany claims

(ii) intercompany claims analysis, and (iii) the Intercompany Claims Settlement, as that term is used in the Specific Disclosure Statement relating to the Debtor/Committee/Lender Plan.

**Response to Interrogatory No. 14:**

The Committee incorporates by reference its General Objections and Objections to Definitions and Instructions as set forth above. The Committee further objects to this Interrogatory on the ground that it is unintelligible. The Committee further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, common interest privilege, and work product protection.

Subject to, as limited by, and without prejudice to or waiver of the foregoing objections, the Committee states, based on its reasonable and good faith inquiry to date, as follows: The categories of persons believed to have at least some knowledge of information concerning the topics referenced in this Interrogatory are (a) the members of the Committee (as more particularly identified in Schedule A), (b) certain counsel to individual Committee members (as more particularly identified in Schedule B), (c) certain attorneys with law firms that serve as outside counsel to the Committee (as more particularly identified in Schedule C), (d) certain personnel of firms that serve as financial or economic advisors to the Committee (as more particularly identified in Schedule D), and (e) certain parties in these bankruptcy cases and/or their counsel with whom any of the foregoing may have communicated on the topics referenced in this Interrogatory (as more particularly identified in Schedule E). Any documents known to the Committee relevant to the topics referenced in this Interrogatory that may exist are maintained in the custody of the Committee's counsel Chadbourne & Parke LLP, located at 30 Rockefeller Plaza, New York, New York 10112, and/or are accessible to Committee members and Committee counsel on a non-public IntraLinks database under the control of Chadbourne & Parke LLP that is maintained for the purpose of Committee communications, and may consist,

inter alia, of e-mails, attachments thereto, correspondence, memoranda, copies of documents

contained in the Document Depository, copies of documents on file with the Court and/or served

upon parties in these bankruptcy cases, copies of documents provided to or issued by the

Examiner, copies of documents provided to or issued by the Mediator, and/or copies of

documents generated by other parties to these bankruptcy cases or the Court.  The Committee

hereby also incorporates by reference, and pursuant to Federal Rule of Civil Procedure 33(d),

made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014, refers

Aurelius to, the Amended Responses and Objections to First Request for Production of

Documents of Aurelius Capital Management, LP to Official Committee of Unsecured Creditors,

dated December 31, 2010, and those documents that have been or will be produced by the

Committee in connection therewith.

**Interrogatory No. 15:**

     Identify all Persons with knowledge or information, and the existence, custodian, location
and general description of Documents or information, Concerning the purchase, sale,
assignment, or other acquisition or disposition by any of (a) the Tribune Individuals, (b) the
Special Committee Individuals, (c) the Committee Individuals or (d) the Settling Parties of any
interest in the Senior Notes, PHONES Notes, Senior Loans or Bridge Loans or any other
economic interest in or tied to Tribune, including, but not limited to, any debt or equity interests,
swaps, derivatives, or options including, but not limited to the instruments by which such Person
purchased, sold, assigned, or otherwise acquired or disposed of any interest in the LBO Lender
Debt.

**Response to Interrogatory No. 15:**

     The Committee incorporates by reference its General Objections and Objections to

Definitions and Instructions as set forth above.  The Committee further objects to this

Interrogatory to the extent that it calls for information relating to any Committee Individual in a

capacity other than such Committee Individual's capacity as a member of the Committee and/or

seeks discovery as to the ordinary-course business relationships between any party and such

Committee Individual, or any entity related to such Committee Individual. The Committee further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, common interest privilege, and work product protection.

Subject to, as limited by, and without prejudice to or waiver of the foregoing objections, the Committee states, based on its reasonable and good faith inquiry to date, as follows: The categories of persons believed to have at least some knowledge of information concerning the topics referenced in this Interrogatory are (a) the members of the Committee (as more particularly identified in Schedule A), (b) certain counsel to individual Committee members (as more particularly identified in Schedule B), (c) certain attorneys with law firms that serve as outside counsel to the Committee (as more particularly identified in Schedule C), (d) certain personnel of firms that serve as financial or economic advisors to the Committee (as more particularly identified in Schedule D), and (e) certain parties in these bankruptcy cases and/or their counsel with whom any of the foregoing may have communicated on the topics referenced in this Interrogatory (as more particularly identified in Schedule E). Any documents known to the Committee relevant to the topics referenced in this Interrogatory that may exist are maintained in the custody of the Committee's counsel Chadbourne & Parke LLP, located at 30 Rockefeller Plaza, New York, New York 10112, and/or are accessible to Committee members and Committee counsel on a non-public IntraLinks database under the control of Chadbourne & Parke LLP that is maintained for the purpose of Committee communications, and may consist, inter alia, of e-mails, attachments thereto, correspondence, memoranda, copies of documents contained in the Document Depository, copies of documents on file with the Court and/or served upon parties in these bankruptcy cases, copies of documents provided to or issued by the Examiner, copies of documents provided to or issued by the Mediator, and/or copies of

documents generated by other parties to these bankruptcy cases or the Court.  The Committee

hereby also incorporates by reference, and pursuant to Federal Rule of Civil Procedure 33(d),

made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014, refers

Aurelius to, the Amended Responses and Objections to First Request for Production of

Documents of Aurelius Capital Management, LP to Official Committee of Unsecured Creditors,

dated December 31, 2010, and those documents that have been or will be produced by the

Committee in connection therewith.

**Interrogatory No. 16:**

Identify all Persons with knowledge or information, and the existence, custodian, location
and general description of Documents or information, Concerning claims made or threatened by
any Person arising from or relating to the LBO, including but not limited to any related demand
letters or other correspondence, all pleadings (other than the Complaints), discovery requests,
objections and responses to discovery requests, deposition and hearing transcripts, decisions and
orders, settlement discussions and settlements.

**Response to Interrogatory No. 16:**

The Committee incorporates by reference its General Objections and Objections to

Definitions and Instructions as set forth above.  The Committee further objects to this

Interrogatory on the ground that it is unintelligible.  The Committee further objects to this

Interrogatory to the extent it seeks information protected by the attorney-client privilege,

common interest privilege, and work product protection.

Subject to, as limited by, and without prejudice to or waiver of the foregoing objections,

the Committee states, based on its reasonable and good faith inquiry to date, as follows:  The

categories of persons believed to have at least some knowledge of information concerning the

topics referenced in this Interrogatory are (a) the members of the Committee (as more

particularly identified in Schedule A), (b) certain counsel to individual Committee members (as

more particularly identified in Schedule B), (c) certain attorneys with law firms that serve as

outside counsel to the Committee (as more particularly identified in Schedule C), (d) certain

personnel of firms that serve as financial or economic advisors to the Committee (as more

particularly identified in Schedule D), and (e) certain parties in these bankruptcy cases and/or

their counsel with whom any of the foregoing may have communicated on the topics referenced

in this Interrogatory (as more particularly identified in Schedule E).  Any documents known to

the Committee relevant to the topics referenced in this Interrogatory that may exist are

maintained in the custody of the Committee's counsel Chadbourne & Parke LLP, located at 30

Rockefeller Plaza, New York, New York  10112, and/or are accessible to Committee members

and Committee counsel on a non-public IntraLinks database under the control of Chadbourne &

Parke LLP that is maintained for the purpose of Committee communications, and may consist,

inter alia, of e-mails, attachments thereto, correspondence, memoranda, copies of documents

contained in the Document Depository, copies of documents on file with the Court and/or served

upon parties in these bankruptcy cases, copies of documents provided to or issued by the

Examiner, copies of documents provided to or issued by the Mediator, and/or copies of

documents generated by other parties to these bankruptcy cases or the Court.  The Committee

hereby also incorporates by reference, and pursuant to Federal Rule of Civil Procedure 33(d),

made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014, refers

Aurelius to, the Amended Responses and Objections to First Request for Production of

Documents of Aurelius Capital Management, LP to Official Committee of Unsecured Creditors,

dated December 31, 2010, and those documents that have been or will be produced by the

Committee in connection therewith.

**Interrogatory No. 17:**

Identify all Persons with knowledge or information, and the existence, custodian, location
and general description of Documents or information, Concerning any conflict or potential

conflict of interest relating to participation in Settlement Analysis or the Settlement Process by any Person (including any board of directors or subcommittee thereof, and any lawyer, law firm or other Professional), and any efforts, discussion or consideration of efforts to waive, mitigate, limit or eliminate any such conflict or potential conflict of interest, including but not limited to the consideration and selection of Professionals to consult with, advise or represent the Committee.

**Response to Interrogatory No. 17:**

The Committee incorporates by reference its General Objections and Objections to Definitions and Instructions as set forth above. The Committee further objects to this Interrogatory on the ground that it is unintelligible. The Committee further objects to this Interrogatory on the ground that the terms "conflict" and "potential conflict of interest" as used in this Interrogatory are vague and ambiguous. The Committee further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, common interest privilege, and work product protection.

Subject to, as limited by, and without prejudice to or waiver of the foregoing objections, the Committee states, based on its reasonable and good faith inquiry to date, as follows: The categories of persons believed to have at least some knowledge of information concerning the topics referenced in this Interrogatory are (a) the members of the Committee (as more particularly identified in Schedule A), (b) certain counsel to individual Committee members (as more particularly identified in Schedule B), (c) certain attorneys with law firms that serve as outside counsel to the Committee (as more particularly identified in Schedule C), (d) certain personnel of firms that serve as financial or economic advisors to the Committee (as more particularly identified in Schedule D), and (e) certain parties in these bankruptcy cases and/or their counsel with whom any of the foregoing may have communicated on the topics referenced in this Interrogatory (as more particularly identified in Schedule E). Any documents known to the Committee relevant to the topics referenced in this Interrogatory that may exist are

maintained in the custody of the Committee's counsel Chadbourne & Parke LLP, located at 30

Rockefeller Plaza, New York, New York 10112, and/or are accessible to Committee members

and Committee counsel on a non-public IntraLinks database under the control of Chadbourne &

Parke LLP that is maintained for the purpose of Committee communications, and may consist,

inter alia, of e-mails, attachments thereto, correspondence, memoranda, copies of documents

contained in the Document Depository, copies of documents on file with the Court and/or served

upon parties in these bankruptcy cases, copies of documents provided to or issued by the

Examiner, copies of documents provided to or issued by the Mediator, and/or copies of

documents generated by other parties to these bankruptcy cases or the Court. The Committee

hereby also incorporates by reference, and pursuant to Federal Rule of Civil Procedure 33(d),

made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014, refers

Aurelius to, the Amended Responses and Objections to First Request for Production of

Documents of Aurelius Capital Management, LP to Official Committee of Unsecured Creditors,

dated December 31, 2010, and those documents that have been or will be produced by the

Committee in connection therewith.

**Interrogatory No. 18:**

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the Step One Selling Shareholders, including but not limited to the determination to provide releases to Step One Selling Shareholders and the consideration for such releases to be received from or contributed by Step One Selling Shareholders in exchange for such releases.

**Response to Interrogatory No. 18:**

The Committee incorporates by reference its General Objections and Objections to

Definitions and Instructions as set forth above. The Committee further objects to this

Interrogatory on the ground that it is unintelligible. The Committee further objects to this

Interrogatory on the ground that the phrases "determination to provide releases to" and "the consideration for such releases to be received from or contributed by" as used in this Interrogatory are vague and ambiguous. The Committee further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, common interest privilege, and work product protection.

Subject to, as limited by, and without prejudice to or waiver of the foregoing objections, the Committee states, based on its reasonable and good faith inquiry to date, as follows: The categories of persons believed to have at least some knowledge of information concerning the topics referenced in this Interrogatory are (a) the members of the Committee (as more particularly identified in Schedule A), (b) certain counsel to individual Committee members (as more particularly identified in Schedule B), (c) certain attorneys with law firms that serve as outside counsel to the Committee (as more particularly identified in Schedule C), (d) certain personnel of firms that serve as financial or economic advisors to the Committee (as more particularly identified in Schedule D), and (e) certain parties in these bankruptcy cases and/or their counsel with whom any of the foregoing may have communicated on the topics referenced in this Interrogatory (as more particularly identified in Schedule E). Any documents known to the Committee relevant to the topics referenced in this Interrogatory that may exist are maintained in the custody of the Committee's counsel Chadbourne & Parke LLP, located at 30 Rockefeller Plaza, New York, New York 10112, and/or are accessible to Committee members and Committee counsel on a non-public IntraLinks database under the control of Chadbourne & Parke LLP that is maintained for the purpose of Committee communications, and may consist, inter alia, of e-mails, attachments thereto, correspondence, memoranda, copies of documents contained in the Document Depository, copies of documents on file with the Court and/or served

upon parties in these bankruptcy cases, copies of documents provided to or issued by the

Examiner, copies of documents provided to or issued by the Mediator, and/or copies of

documents generated by other parties to these bankruptcy cases or the Court. The Committee

hereby also incorporates by reference, and pursuant to Federal Rule of Civil Procedure 33(d),

made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014, refers

Aurelius to, the Amended Responses and Objections to First Request for Production of

Documents of Aurelius Capital Management, LP to Official Committee of Unsecured Creditors,

dated December 31, 2010, and those documents that have been or will be produced by the

Committee in connection therewith.

**Interrogatory No. 19:**

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the projected valuation and capitalization of the Debtors post-bankruptcy, including documents relating to leverage, liquidity and pro-forma cap structure.

**Response to Interrogatory No. 19:**

The Committee incorporates by reference its General Objections and Objections to

Definitions and Instructions as set forth above. The Committee further objects to this

Interrogatory as calling for information that is neither relevant nor reasonably calculated to lead

to the discovery of admissible evidence. The Committee further objects to this Interrogatory to

the extent it seeks information protected by the attorney-client privilege, common interest

privilege, and work product protection.

Subject to, as limited by, and without prejudice to or waiver of the foregoing objections,

the Committee states, based on its reasonable and good faith inquiry to date, as follows: The

categories of persons believed to have at least some knowledge of information concerning the

topics referenced in this Interrogatory are (a) the members of the Committee (as more

particularly identified in Schedule A), (b) certain counsel to individual Committee members (as more particularly identified in Schedule B), (c) certain attorneys with law firms that serve as outside counsel to the Committee (as more particularly identified in Schedule C), (d) certain personnel of firms that serve as financial or economic advisors to the Committee (as more particularly identified in Schedule D), and (e) certain parties in these bankruptcy cases and/or their counsel with whom any of the foregoing may have communicated on the topics referenced in this Interrogatory (as more particularly identified in Schedule E).  Any documents known to the Committee relevant to the topics referenced in this Interrogatory that may exist are maintained in the custody of the Committee's counsel Chadbourne & Parke LLP, located at 30 Rockefeller Plaza, New York, New York  10112, and/or are accessible to Committee members and Committee counsel on a non-public IntraLinks database under the control of Chadbourne & Parke LLP that is maintained for the purpose of Committee communications, and may consist, inter alia, of e-mails, attachments thereto, correspondence, memoranda, copies of documents contained in the Document Depository, copies of documents on file with the Court and/or served upon parties in these bankruptcy cases, copies of documents provided to or issued by the Examiner, copies of documents provided to or issued by the Mediator, and/or copies of documents generated by other parties to these bankruptcy cases or the Court.  The Committee hereby also incorporates by reference, and pursuant to Federal Rule of Civil Procedure 33(d), made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014, refers Aurelius to, the Amended Responses and Objections to First Request for Production of Documents of Aurelius Capital Management, LP to Official Committee of Unsecured Creditors, dated December 31, 2010, and those documents that have been or will be produced by the Committee in connection therewith.

57

**Interrogatory No. 20:**

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the determination to proceed with the LBO-related transactions involving Tribune that closed on or about June 4, 2007 ("Step One") and the determination to proceed with the LBO-related transactions involving Tribune that closed on or about December 20, 2007 ("Step Two").

**Response to Interrogatory No. 20:**

The Committee incorporates by reference its General Objections and Objections to

Definitions and Instructions as set forth above.  The Committee further objects to this

Interrogatory on the ground that it is unintelligible.  The Committee further objects to this

Interrogatory on the ground that the phrase "determination to proceed" as used in this

Interrogatory is vague and ambiguous. The Committee further objects to this Interrogatory to the

extent it seeks information protected by the attorney-client privilege, common interest privilege,

and work product protection.

Subject to, as limited by, and without prejudice to or waiver of the foregoing objections,

the Committee states, based on its reasonable and good faith inquiry to date, as follows:  The

categories of persons believed to have at least some knowledge of information concerning the

topics referenced in this Interrogatory are (a) the members of the Committee (as more

particularly identified in Schedule A), (b) certain counsel to individual Committee members (as

more particularly identified in Schedule B), (c) certain attorneys with law firms that serve as

outside counsel to the Committee (as more particularly identified in Schedule C), (d) certain

personnel of firms that serve as financial or economic advisors to the Committee (as more

particularly identified in Schedule D), and (e) certain parties in these bankruptcy cases and/or

their counsel with whom any of the foregoing may have communicated on the topics referenced

in this Interrogatory (as more particularly identified in Schedule E).  Any documents known to

the Committee relevant to the topics referenced in this Interrogatory that may exist are

maintained in the custody of the Committee's counsel Chadbourne & Parke LLP, located at 30

Rockefeller Plaza, New York, New York 10112, and/or are accessible to Committee members

and Committee counsel on a non-public IntraLinks database under the control of Chadbourne &

Parke LLP that is maintained for the purpose of Committee communications, and may consist,

inter alia, of e-mails, attachments thereto, correspondence, memoranda, copies of documents

contained in the Document Depository, copies of documents on file with the Court and/or served

upon parties in these bankruptcy cases, copies of documents provided to or issued by the

Examiner, copies of documents provided to or issued by the Mediator, and/or copies of

documents generated by other parties to these bankruptcy cases or the Court.  The Committee

hereby also incorporates by reference, and pursuant to Federal Rule of Civil Procedure 33(d),

made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014, refers

Aurelius to, the Amended Responses and Objections to First Request for Production of

Documents of Aurelius Capital Management, LP to Official Committee of Unsecured Creditors,

dated December 31, 2010, and those documents that have been or will be produced by the

Committee in connection therewith.

**Interrogatory No. 21:**

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the solvency or anticipated or potential solvency of Tribune (or any Tribune Entity) between January 1, 2007 and December 31, 2008, including, but not limited to, whether as a result of the LBO and the proposed financing thereof, the value of Tribune's (or any Tribune Entity's) assets was/were exceeded by its/their liabilities, whether Tribune (or any Tribune Entity) was/were left with unreasonably small capital, and/or whether the Tribune (or any Tribune Entity) was/were unable to pay its/their debts as they became due.

**Response to Interrogatory No. 21:**

The Committee incorporates by reference its General Objections and Objections to Definitions and Instructions as set forth above. The Committee further objects to this Interrogatory on the ground that it is unintelligible. The Committee further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, common interest privilege, and work product protection.

Subject to, as limited by, and without prejudice to or waiver of the foregoing objections, the Committee states, based on its reasonable and good faith inquiry to date, as follows: The categories of persons believed to have at least some knowledge of information concerning the topics referenced in this Interrogatory are (a) the members of the Committee (as more particularly identified in Schedule A), (b) certain counsel to individual Committee members (as more particularly identified in Schedule B), (c) certain attorneys with law firms that serve as outside counsel to the Committee (as more particularly identified in Schedule C), (d) certain personnel of firms that serve as financial or economic advisors to the Committee (as more particularly identified in Schedule D), and (e) certain parties in these bankruptcy cases and/or their counsel with whom any of the foregoing may have communicated on the topics referenced in this Interrogatory (as more particularly identified in Schedule E). Any documents known to the Committee relevant to the topics referenced in this Interrogatory that may exist are maintained in the custody of the Committee's counsel Chadbourne & Parke LLP, located at 30 Rockefeller Plaza, New York, New York 10112, and/or are accessible to Committee members and Committee counsel on a non-public IntraLinks database under the control of Chadbourne & Parke LLP that is maintained for the purpose of Committee communications, and may consist, inter alia, of e-mails, attachments thereto, correspondence, memoranda, copies of documents contained in the Document Depository, copies of documents on file with the Court and/or served

upon parties in these bankruptcy cases, copies of documents provided to or issued by the

Examiner, copies of documents provided to or issued by the Mediator, and/or copies of

documents generated by other parties to these bankruptcy cases or the Court. The Committee

hereby also incorporates by reference, and pursuant to Federal Rule of Civil Procedure 33(d),

made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014, refers

Aurelius to, the Amended Responses and Objections to First Request for Production of

Documents of Aurelius Capital Management, LP to Official Committee of Unsecured Creditors,

dated December 31, 2010, and those documents that have been or will be produced by the

Committee in connection therewith.

**Interrogatory No. 22:**

Identify all Persons with knowledge or information, and the existence, custodian, location
and general description of Documents or information, Concerning the potential financial
recovery of each Committee member pursuant to any of the Plans, including, but not limited to,
Documents and Communications relating to recovery models, actual or potential recoveries by or
distributions to holders of the LBO Lender Debt and whether the Committee's view of such
potential recoveries changed pursuant to different Plan and proposed Plans over time.

**Response to Interrogatory No. 22:**

The Committee incorporates by reference its General Objections and Objections to

Definitions and Instructions as set forth above. The Committee further objects to this

Interrogatory on the ground that it is unintelligible. The Committee further objects to this

Interrogatory to the extent that it calls for information relating to any Committee member in a

capacity other than such Committee member's capacity as a member of the Committee and/or

seeks discovery as to the ordinary-course business relationships between any party and such

Committee member, or any entity related to such Committee member. The Committee further

objects to this Interrogatory to the extent it seeks information protected by the attorney-client

privilege, common interest privilege, and work product protection.

Subject to, as limited by, and without prejudice to or waiver of the foregoing objections, the Committee states, based on its reasonable and good faith inquiry to date, as follows: The categories of persons believed to have at least some knowledge of information concerning the topics referenced in this Interrogatory are (a) the members of the Committee (as more particularly identified in Schedule A), (b) certain counsel to individual Committee members (as more particularly identified in Schedule B), (c) certain attorneys with law firms that serve as outside counsel to the Committee (as more particularly identified in Schedule C), (d) certain personnel of firms that serve as financial or economic advisors to the Committee (as more particularly identified in Schedule D), and (e) certain parties in these bankruptcy cases and/or their counsel with whom any of the foregoing may have communicated on the topics referenced in this Interrogatory (as more particularly identified in Schedule E). Any documents known to the Committee relevant to the topics referenced in this Interrogatory that may exist are maintained in the custody of the Committee's counsel Chadbourne & Parke LLP, located at 30 Rockefeller Plaza, New York, New York 10112, and/or are accessible to Committee members and Committee counsel on a non-public IntraLinks database under the control of Chadbourne & Parke LLP that is maintained for the purpose of Committee communications, and may consist, inter alia, of e-mails, attachments thereto, correspondence, memoranda, copies of documents contained in the Document Depository, copies of documents on file with the Court and/or served upon parties in these bankruptcy cases, copies of documents provided to or issued by the Examiner, copies of documents provided to or issued by the Mediator, and/or copies of documents generated by other parties to these bankruptcy cases or the Court. The Committee hereby also incorporates by reference, and pursuant to Federal Rule of Civil Procedure 33(d), made applicable herein by Federal Rules of Bankruptcy Procedure 7033 and 9014, refers

Aurelius to, the Amended Responses and Objections to First Request for Production of

Documents of Aurelius Capital Management, LP to Official Committee of Unsecured Creditors,

dated December 31, 2010, and those documents that have been or will be produced by the

Committee in connection therewith.

Dated: Wilmington, Delaware
      January 6, 2011

Respectfully submitted,

*/s/ Daniel B. Rath*

**LANDIS RATH & COBB LLP**
Adam G. Landis (No. 3407)
Daniel B. Rath (No. 3022)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

- and –

**CHADBOURNE & PARKE LLP**
Howard Seife
David LeMay
Douglas Deutsch
Thomas J. McCormack
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

*Counsel to the Official Committee of Unsecured Creditors*

- and –

Graeme W. Bush
**ZUCKERMAN SPAEDER LLP**
1800 M. Street, N.W., Suite 1000
Washington, DC 20036
Telephone: (202) 778-1800
Facsimile: (202) 822-8106

Thomas G. Macauley
**ZUCKERMAN SPAEDER LLP**
919 Market Street, Suite 990
Wilmington, Delaware 19801
Telephone: (302) 427-0400
Facsimile: (302) 427-8242
*Special Counsel to the Official Committee of Unsecured Creditors*

## SCHEDULE A

JPMorgan Chase Bank, N.A., 277 Park Avenue, New York, New York  10172:

- Miriam Kulnis
- Kevin C. Kelley

Warner Bros. Television, 4000 Warner Boulevard, Building 156, Room 5158, Burbank, California  91522:

- Wayne M. Smith

Deutsche Bank Trust Company Americas, MS NYC60-2720, 60 Wall Street, New York, New York  10005-2858:

- Stanley Burg
- Rodney Gaughan

Pension Benefit Guaranty Corporation, United States Government Agency, 1200 K Street NW, Washington, DC  20005-4026:

- Desiree Amador
- Frank Anderson
- Mary ("Katie") Burgess
- Cassandra Burton Caverly
- Christine Fogt
- Craig Yamaoka

Washington-Baltimore Newspaper Guild, Local 32035, 10386 Eclipse Way, Columbia, Maryland  21044:

- William Salganik

William Niese, 6061 Lake Vista Drive, Bonsall, California  92003

Wilmington Trust Company, Rodney Square North, 1100 North Market Street, Wilmington, Delaware  19890-1600:

- Pat Healy

Buena Vista Television, 500 South Buena Vista Street, Burbank, California  91521:

- Gabrielle B. Davis
- Michael Thornton

## SCHEDULE B

Brown Rudnick, LLP:

- Katherine Bromberg, Esq., Seven Times Square, New York, New York 10036
- William M. Dolan, Esq., 10 Memorial Blvd., Providence, Rhode Island 02903
- Jared Ellias, Esq., Seven Times Square, New York, New York 10036
- Gordon Z. Novod, Esq., Seven Times Square, New York, New York 10036
- Martin Siegel, Esq., Seven Times Square, New York, New York 10036
- Robert Stark, Esq., Seven Times Square, New York, New York 10036
- Amanda Buck Varella, Esq., One Financial Center, Boston, Massachusetts 02111

Buena Vista Television, 77 West 66th Street, New York, New York 10023:

- Alec Lipkind, Esq.

Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017:

- Damian S. Schaible, Esq.
- Eli Vonnegut, Esq.

Kirkland Ellis LLP, Citigroup Center, 153 East 53rd Street, New York, New York 10022-4611:

- Lauren Casazza, Esq.
- Edward Sassower, Esq.
- Nikki Thomas, Esq.

McCarter & English, LLP:

- David Adler, Esq., 245 Park Avenue, New York, New York 10167
- Kate Buck, Esq., Renaissance Centre, 405 N. King Street, Wilmington, Delaware 19801
- Katherine Mayer, Esq., Renaissance Centre, 405 N. King Street, Wilmington, Delaware 19801
- Michael J. Reynolds, Esq., 245 Park Avenue, New York, New York 10167
- James Scantling, Esq. City Place 1, 185 Asylum Street, Hartford, Connecticut 06103

Teitelbaum & Baskin LLP, 3 Barker Ave, White Plains, New York 10601:

- Ronald Baskin, Esq.
- Ari Schwartz, Esq.
- Jay Teitelbaum, Esq.

Zwerdling, Paul, Kahn & Wolly, P.C., 1025 Connecticut Avenue, N.W., Washington, DC 20036:

- Robert E. Paul, Esq.

## SCHEDULE C

Chadbourne & Parke LLP, 30 Rockefeller Plaza, New York, New York  10112:

- Marc A. Alpert, Esq.
- Marc D. Ashley, Esq.
- Douglas E. Deutsch, Esq.
- Robert Gayda, Esq.
- David LeMay, Esq.
- Thomas J. McCormack, Esq.
- Jessica Marrero
- Christy Rivera, Esq.
- Marc Roitman, Esq.
- Andrew Rosenblatt, Esq.
- Howard Seife, Esq.
- James Stenger, Esq.
- Francisco Vazquez, Esq.
- N. Theodore Zink, Esq.

Zuckerman Spaeder LLP, 1800 M Street, NW, Washington, DC  20036-5807:

- Graeme W. Bush, Esq.
- Andrew N. Goldfarb, Esq.
- Thomas G. Macauley, Esq.
- James Sottile, Esq.

Landis Rath & Cobb LLP, 919 Market Street, Wilmington, Delaware  19801:

- Rebecca L. Butcher, Esq.
- Adam G. Landis, Esq.
- Matthew B. McGuire, Esq.
- Daniel B. Rath, Esq.

## SCHEDULE D

Alix Partners, 40 West 57th Street, New York, New York  10019:

- Brad Hall
- Alan Holtz
- Young Kim
- Harold Lee
- Albert Leung
- Chris Rubel
- Mark Rule

Moelis & Co., Inc., 399 Park Avenue, 5th Floor. New York, New York  10022:

- Thane Carlston
- Zul Jamal
- Larry Kwon

Moelis & Co., Inc., 1999 Avenue of the Stars, Suite 1900, Los Angeles, California  90067:

- Ashish Ajmera
- Evan Glucoft
- Janet Jin (former employee)
- Navid Mahmoodzadegan
- Vishal Patel (former employee)
- Sandhya Sistla

## SCHEDULE E

Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York  10036-6745:

- Philip C. Dublin, Esq.
- Daniel H. Golden, Esq.

Alvarez & Marsal, 55 West Monroe Street, Chicago, Illinois  60603:

- Brian Whittman

Angelo, Gordon & Co., 245 Park Avenue, New York, New York  10167:

- Gavin Baiera
- Thomas Fuller

Aurelius Capital Management, LP, 535 Madison Avenue, New York, New York 10022:

- Marc Brodsky
- Dan Grouper

Centerbridge Partners, 375 Park Avenue, New York, New York 10152:

- Vivek Melwani

Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York  10017:

- Donald S. Bernstein, Esq.
- Damian S. Schaible, Esq.

Debtors:

- Donald J. Liebentritt

Friedman Kaplan Seiler & Adelman LLP, 1633 Broadway,
  New York, New York  10019-6708:

- Edward A. Friedman, Esq.

Hennigan, Bennett & Dorman LLP, 865 South Figueroa Street, Los Angeles, California  90017:

- Bruce Bennett, Esq.

Kasowitz Benson Torres & Friedman LLP, 1633 Broadway, New York, New York  10019:

- David S. Rosner, Esq.

**SCHEDULE E, continued**

Lazard Ltd., 190 LaSalle Street, Chicago, Illinois  60603:

- David S Kurtz
- Suneel Mandava

Oaktree Capital Management, LP, 1301 Avenue of the Americas, New York, New York  10019:

- Ken Liang

Sidley Austin LLP:

- Brian Krakauer, Esq., One South Dearborn, Chicago, Illinois  60603
- James F. Bendernagel, Jr., Esq., 1501 K Street, N.W., Washington, D.C.  20005
- James F. Conlan, Esq., One South Dearborn, Chicago, Illinois  60603
- Kevin T. Lantry, Esq., 555 West Fifth Street, Los Angeles, California  90013

White & Case LLP, 1155 Avenue of the Americas, New York, New York  10036-2787:

- Thomas E. Lauria, Esq.

Wilmer Cutler Pickering Hale and Dorr LLP, 399 Park Avenue, New York, New York  10022:

- Andrew N. Goldman, Esq.

## VERIFICATION

I, Wayne M. Smith, hereby declare, pursuant to Title 28 of the United States Code, section 1746 (28 U.S.C. § 1746), and under penalty of perjury, as follows:

I am a Vice President of Warner Bros., Co-Chair of the Official Committee of Unsecured Creditors of Tribune Company, et al. (the "Committee"). Acting not in my individual capacity but solely in my capacity as Vice President of Warner Bros., which itself is acting solely in its capacity as Co-Chair of the Committee and not in its individual capacity, I declare that I have read the foregoing Responses and Objections to First Set of Interrogatories of Aurelius Capital Management, LP Directed to Official Committee of Unsecured Creditors and I know the contents thereof. As to those portions thereof other than the objections, I declare that such is true either to my own knowledge or to my belief based upon statements and reports of the Committee's members and agents, and documents and records of the Committee maintained in the ordinary course of the Committee's affairs.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 6, 2011.

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF TRIBUNE COMPANY, ET AL.

Warner Bros., solely in its capacity as Co-Chair of
the Creditors' Committee and not in its individual
capacity

By: _____
Name:  Wayne M. Smith
Title:    Vice President

71

## CERTIFICATE OF SERVICE

I, Alexandra K. Nellos, certify that I caused a copy of the foregoing Responses and Objections to First Set of Interrogatories of Aurelius Capital Management, LP Directed to Official Committee of Unsecured Creditors to be served on counsel for the Plan Proponent Parties and other Parties who have requested service pursuant to Paragraph 35 of the Case Management Order entered in the above-captioned cases, this 6th day of January, 2011.

/s/ *Alexandra K. Nellos*
Alexandra K. Nellos