Andrew Goldman
Charles Platt
Dawn M. Wilson
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, NY 10022
(212) 230-8836

*Attorneys for Angelo, Gordon & Co., L.P.*


**IN THE UNITED STATES BANKRUPTCY
COURT FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------X
In re:                                     :
                                           :    Chapter 11 Cases
     TRIBUNE COMPANY, et al,               :    Case No. 08-13141 (KJC)
                                           :    (Jointly Administered)
                        Debtors.           :
------------------------------------------X
```

**ANGELO, GORDON & CO., L.P.'S OBJECTIONS AND RESPONSES
TO LAW DEBENTURE TRUST COMPANY OF NEW YORK'S FIRST SET OF
INTERROGATORIES TO ANGELO, GORDON & CO., L.P.**

Angelo, Gordon & Co., L.P. ("Angelo Gordon") by and through its undersigned counsel hereby

objects and responds (the "Objections and Responses") as follows to Law Debenture Trust

Company of New York's ("Law Debenture") First Set of Interrogatories, dated December 21,

2010, to Angelo Gordon (the "Interrogatories").

## GENERAL RESPONSE

Angelo Gordon will respond to the Interrogatories as it interprets and understands each

Interrogatory set forth therein.  If Law Debenture Trust Company of New York subsequently

asserts an interpretation of any Interrogatory that differs from Angelo Gordon's interpretation,

Angelo Gordon reserves the right to supplement, revise, amend, or modify its Objections and

Responses.

USIDOCS 7807819v6

## GENERAL OBJECTIONS

Angelo Gordon generally objects to the Interrogatories as follows. The following General Objections are incorporated into each specific response below as if repeated in each response.

1.    Angelo Gordon objects to the Interrogatories as vague, overly broad, unduly burdensome, unreasonably expensive, and calling for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

2.    Angelo Gordon objects to the Interrogatories and the instructions and definitions therein, to the extent they purport to impose any requirement or discovery obligation beyond those specifically set forth in the Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure and any applicable Local Rules.

3.    Angelo Gordon objects to the Interrogatories to the extent they purport to seek discovery of information outside the possession, custody, or control of Angelo Gordon.

4.    Angelo Gordon objects to the Interrogatories to the extent that they seek information that more properly should be sought directly from other parties to this action, or that more easily and efficiently may be obtained from non-party custodians.

5.    Angelo Gordon objects to the Interrogatories to the extent that they seek to require Angelo Gordon to disclose information obtained by Angelo Gordon from third parties pursuant to any agreement or undertaking prohibiting Angelo Gordon from disclosing such information, on the grounds that Angelo Gordon is precluded from disclosing such information.

6.    Angelo Gordon objects to the Interrogatories to the extent they seek the disclosure of information that is subject to the attorney work product protection, the attorney-client privilege, or any other applicable privilege, including privileged information shared with entities with which Angelo Gordon holds or held a common interest (collectively, "Privileged

2

Material"). For instance, information subject to the common interest privilege includes information shared between and among (1) Angelo Gordon, the Debtors, Oaktree Capital Management , L.P. ("Oaktree"), or their counsel or advisors, in their capacities as proponents of the plan that is described in the term sheet attached to the Mediators Report of September 27, 2010, and parties to the compromises embodied therein, during the time period September 27, 2010 through the present; (2) Angelo Gordon, the Debtors, Oaktree, JPMorgan Chase Bank N.A. ("JPMorgan"), and the Official Committee of Unsecured Creditors, or their counsel or advisors, in their capacities as proponents of the Debtor/Committee/Lender Plan (as defined in the Interrogatories) and parties to the compromises embodied therein, during the time period October 12, 2010 through the present; and (3) Angelo Gordon, Oaktree, JPMorgan and other lenders, arrangers and syndication agents under the May 17, 2007 Tribune credit agreement (the "Credit Agreement") with respect to the assertion of rights under the Credit Agreement and the response and defense to the "LBO-Related Causes of Action" (as defined in Article I of the Debtor/Committee/Lender Plan). Privileged Material also includes, among other categories, (1) communications among or between counsel for Angelo Gordon not disclosed to any individual who is not counsel for Angelo Gordon; and (2) communications among or between Angelo Gordon and its counsel requesting or providing legal advice that are not disclosed to any individual who is not counsel for or any employee or agent of Angelo Gordon; (3) communications among or between Angelo Gordon, its counsel, and its advisors requesting or providing legal advice that are not disclosed to any individual who is not counsel for or any employee or agent of Angelo Gordon.

7.      Angelo Gordon objects to the Interrogatories to the extent they seek information protected from discovery by the Order Approving Work And Expense Plan And Modifying

Examiner Order [Docket No. 4306], or to the Order Approving Motion Of Court-Appointed

Examiner, Kenneth N. Klee, Esq., For Order (I) Discharging Examiner; (II) Granting Relief

From Third-Party Discovery; (III) Approving The Disposition Of Certain Documents And

Information; And (IV) Granting Certain Ancillary Relief [Docket No. 5541] (collectively,

"Examiner Materials").   Angelo Gordon hereby asserts such protections and objects to the

provision of information subject thereto.

      8.     Angelo Gordon objects to the Interrogatories to the extent they seek information

protected from discovery by the Order Appointing Mediator ("Mediation Materials").  Angelo

Gordon hereby asserts such protections and objects to the provision of information subject

thereto.

      9.     Angelo Gordon objects to the Interrogatories to the extent they are not reasonably

calculated to lead to the discovery of admissible evidence in that the information sought would

not be admissible pursuant to Federal Rule of Evidence 408.

      10.     Angelo Gordon objects to the Interrogatories to the extent they seek information

which is already in the possession, custody or control of the Law Debenture, or information

which is publicly available or otherwise equally available to the Law Debenture.  Angelo Gordon

objects to the Interrogatories to the extent they seek discovery that is unreasonably cumulative or

duplicative, or can be obtained from another source that is more convenient, less burdensome, or

less expensive.  Angelo Gordon further objects to the Interrogatories to the extent that they

demand that Angelo Gordon identify documents that are no longer in its possession, custody or

control, or that have been lost or destroyed, as such request is beyond the scope of the duties

required by the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure.

US1DOCS 7807819v6

11.     Angelo Gordon objects to the Interrogatories to the extent that they are vague, ambiguous, and/or use undefined terms.

12.     Angelo Gordon objects to the Interrogatories to the extent that they seek proprietary information, trade secrets or other confidential research, development or commercial information ("Confidential Material"). Angelo Gordon will disclose such Confidential Material only to the extent authorized by law or pursuant to the Depository Order and any other confidentiality agreement, to be entered into by Angelo Gordon and the Law Debenture.

13.     Angelo Gordon objects to the Interrogatories, including but not limited to the definitions contained therein, to the extent that they assume disputed facts or legal conclusions. Angelo Gordon hereby denies such disputed facts or legal conclusions to the extent assumed by the Interrogatories. Any response or objection by Angelo Gordon to the Interrogatories is without prejudice to Angelo Gordon's right to dispute facts and legal conclusions assumed in the Interrogatories.

14.     Angelo Gordon's responses contain the best information currently available. Angelo Gordon reserves its right to correct, clarify, supplement, amend or supply additional or different information contained in these responses, if and when it has other or more accurate information.

15.     Angelo Gordon reserves all objections to the relevancy, competency, materiality, privilege and admissibility of these Objections and Responses, including all objections as to their use as evidence for any purpose in this or any other proceeding.

16.     To the extent Angelo Gordon responds to Interrogatories covered by these Objections and Responses, Angelo Gordon's response is without waiver and without prejudice concerning these Objections and Responses, which are hereby explicitly preserved.

5

17.     Angelo Gordon objects to the Interrogatories to the extent that they call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Angelo Gordon states that, where appropriate and subject to the general and specific objections, it will identify, based on its reasonable and good-faith investigation to date, one or more individuals at Angelo Gordon, its advisors, or its counsel with knowledge or information responsive to each Interrogatory.

18.     No objection or limitation, or lack thereof, and no statement that Angelo Gordon will provide information made herein shall be deemed an admission by Angelo Gordon as to the existence or nonexistence of documents or information.

19.     Angelo Gordon objects to the Interrogatories to the extent that they seek to impose any continuing obligation on Angelo Gordon to respond.

20.     Angelo Gordon objects to Definition A on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Law Debenture purports to include within Definition A as stated. As used in Angelo Gordon's response to the Interrogatories, "Angelo," unless otherwise specified, means Angelo, Gordon & Co, L.P.

21.     Angelo Gordon objects to Definition B on the grounds that it is unintelligible. As used in Angelo Gordon's response to the Interrogatories, "Angelo Individual," unless otherwise specified, means the individual directors, officers, and employees of Angelo, Gordon & Co, L.P.

22.     Angelo Gordon objects to Definition C on the grounds that it is vague. As used in Angelo Gordon's response to the Interrogatories, the term "April Proposed Settlement," unless otherwise specified, means the settlement agreement, the terms of which are described in the Settlement Support Agreement, dated April 8, 2010, between and among Angelo Gordon,

6

Centerbridge Special Credit Partners, L.P., Centerbridge Credit Partners Master, L.P., Centerbridge Credit Partners, JPMorgan Chase Bank N.A., and Law Debenture Company of New York, as Successor Indenture Trustee, as filed with the Court on April 12, 2010.

23.    Angelo Gordon objects to Definition D on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Law Debenture purports to include within Definition D as stated. As used in Angelo Gordon's response to the Interrogatories, the term "Bank of America," unless otherwise specified, means Bank of America N.A., Bank of America Bridge, and Bank of America Securities.

24.    Angelo Gordon objects to Definition H on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Law Debenture purports to include within Definition H as stated. As used in Angelo Gordon's response to the Interrogatories, the term "Citicorp," unless otherwise specified, means Citigroup Global Markets, Inc., Citibank, N.A., Citicorp USA, Inc., and Citicorp North America, Inc.

25.    Angelo Gordon objects to Definition I on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Law Debenture purports to include within Definition I as stated. As used in Angelo Gordon's response to the Interrogatories, the term "Committee" unless otherwise specified, means the Official Committee of Unsecured Creditors in the chapter 11 cases of the above-captioned debtors.

26.    Angelo Gordon objects to Definition J on the grounds that it is unintelligible. As used in Angelo Gordon's response to the Interrogatories, the term "Committee Individuals," unless otherwise specified, means the individual members of the Official Committee of Unsecured Creditors in the chapter 11 cases of the above-captioned debtors.

7

27.    Angelo Gordon objects to Definition K on the grounds that it is vague and ambiguous as to the phrase "exchange or transfer of information or documents . . . by other methods."

28.    Angelo Gordon objects to Definition P on the grounds that it is unintelligible. As used in Angelo Gordon's response to the Interrogatories, the term "Debtor/Committee/Lender Plan," unless otherwise specified, means the First Amended Joint Plan Of Reorganization For Tribune Company And Its Subsidiaries Proposed By The Debtors, The Official Committee Of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., And JPMorgan Chase Bank, N.A. filed with the Court on November 23, 2010, and as subsequently amended.

29.    Angelo Gordon objects to Definition R to the extent it is overbroad, unduly burdensome, and seeks categories of documents not contemplated by Federal Rules of Civil Procedure 26 and 34, as made applicable by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure. As used in Angelo Gordon's response to the Interrogatories, the term "Documents," unless otherwise specified, has the meaning ascribed to it in Federal Rules of Civil Procedure 26 and 34, as made applicable by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure.

30.    Angelo Gordon objects to Definition V as unduly burdensome. To the extent this information is not otherwise known or readily ascertainable to Law Debenture, Angelo Gordon states that, unless otherwise specified, the individuals identified herein may be contacted through undersigned counsel.

31.    Angelo Gordon objects to Definition W as unduly burdensome.

8

32.     Angelo Gordon objects to Definition Y on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Law Debenture purports to include within Definition Y as stated.  As used in Angelo Gordon's response to the Interrogatories, the term "JPMorgan," unless otherwise specified, means JPMorgan Chase Bank N.A. and JPMorgan Securities Inc.

33.     Angelo Gordon objects to Definition Z on the grounds that it is vague and overbroad.  As used in Angelo Gordon's response to the Interrogatories, the term "LBO," unless otherwise specified, means the Leveraged ESOP Transactions as detailed in Section VII.D of Debtors' Joint Disclosure Statement, filed with the Court on October 22, 2010.

34.     Angelo Gordon objects to Definition BB on the grounds that it is vague.  As used in Angelo Gordon's response to the Interrogatories, the term "LBO-Related Causes of Action," unless otherwise specified, has the meaning set forth in Article I of the Debtor/Committee/ Lender Plan.

35.     Angelo Gordon objects to Definition DD on the grounds that it is unintelligible. As used in Angelo Gordon's response to the Interrogatories, the term "Mediation," unless otherwise specified, shall have the meaning ascribed to it in Section VII.D of Debtors' Joint Disclosure Statement, filed with the Court on October 22, 2010.

36.     Angelo Gordon objects to Definition EE on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Law Debenture purports to include within Definition EE as stated.  As used in Angelo Gordon's response to the Interrogatories, the term "Merrill Lynch," unless otherwise specified, means Merrill Lynch Capital Corporation, Merrill, Lynch, Pierce, Fenner & Smith, and Merrill Lynch & Co.

37.     Angelo Gordon objects to Definition FF on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Law Debenture purports to include within Definition FF as stated. As used in Angelo Gordon's response to the Interrogatories, the term "Oaktree," unless otherwise specified, means Oaktree Capital Management, L.P.

38.     Angelo Gordon objects to Definition GG on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. Angelo Gordon further objects to the definition of "Person" to the extent it is inconsistent with the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the District of Delaware, and imposes burdens not required by those rules.

39.     Angelo Gordon objects to Definition JJ on the grounds that it is overbroad, vague, ambiguous and unduly burdensome.

40.     Angelo Gordon objects to Definition KK on the grounds that it is vague. As used in Angelo Gordon's response to the Interrogatories, the term "Proposed LBO Settlement," unless otherwise specified, means the proposed settlement of LBO-Related Causes of Action as described in the Debtor/Committee/Lender Plan.

41.     Angelo Gordon objects to Definition MM on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and that it is not possible to know all of the relationships that Law Debenture purports to include within Definition MM as stated. Furthermore, Angelo Gordon objects to the time frame set forth in Definition MM as overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

42.     Angelo Gordon objects to Definition NN on the grounds that it is vague and ambiguous.

US1DOCS 7807819v6

43.     Angelo Gordon objects to Definition PP on the grounds that it is vague, overbroad, unduly burdensome, and to the extent that it purports to call for the disclosure of information, or the production of documents, that constitute Settlement Material as that term is defined in the Depository Order.  Angelo Gordon also objects to Definition PP to the extent it includes Privileged Material.

44.     Angelo Gordon objects to Definition QQ on the grounds that it is vague, overbroad, unduly burdensome, and to the extent that it purports to call for the disclosure of information, or the production of documents, that constitute Settlement Material as that term is defined in the Depository Order.  Angelo Gordon also objects to Definition QQ to the extent it includes Privileged Material.

45.     Angelo Gordon objects to Definition RR on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Law Debenture purports to include within Definition RR as stated.  As used in Angelo Gordon response to the Interrogatories, the term "Settling Parties," unless otherwise specified, means Oaktree, Angelo, JPMorgan, Citicorp, Bank of America, Merrill Lynch, and Wells Fargo, subject to the objections set forth herein.

46.     Angelo Gordon objects to Definition SS on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Law Debenture purports to include within Definition SS as stated.  As used in Angelo Gordon's response to the Interrogatories, the term "Special Committee," unless otherwise specified, means the Special Committee of independent directors formed by Tribune Company's Board of Directors on or about August 27, 2010.

11

47.     Angelo Gordon objects to Definition TT on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Law Debenture purports to include within Definition TT as stated.  As used in Angelo Gordon's response to the Interrogatories, the term "Special Committee Individuals," unless otherwise specified, means the individual members of the Special Committee of independent directors formed by Tribune Company's Board of Directors on or about August 27, 2010.

48.     Angelo Gordon objects to Definition XX on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Law Debenture purports to include within Definition XX as stated.  For example, it is not possible to identify the "future officers, directors, partners, members, employees, or managers" of Tribune Company.  Moreover, it is not possible to know the Professionals of each and every employee of Tribune Company and its direct and indirect subsidiaries.  As used in Angelo Gordon's response to the Interrogatories, the term "Tribune," unless otherwise specified, means Tribune Company and its direct and indirect subsidiaries.

49.     Angelo Gordon objects to Definition YY on the grounds that it is unintelligible. As used in Angelo Gordon's response to the Interrogatories, the term "Tribune Individual," unless otherwise specified, means the current officers and directors of Tribune, subject to the objections set forth herein.

50.     Angelo Gordon objects to Definition ZZ on the grounds that it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that Law Debenture purports to include within Definition ZZ as stated.  As used in Angelo Gordon's response to the Interrogatories, the term "Wells Fargo," unless otherwise specified, means Wells Fargo Bank, N.A.

US1DOCS 7807819v6

51.     Angelo Gordon objects to Instruction 3 on the grounds that it is unduly burdensome. Angelo Gordon will furnish responsive information in its possession that can be identified with reasonable diligence.

52.     Angelo Gordon objects to Instruction 4 on the grounds that is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and calls for the provision of information that is not relevant. Unless otherwise stated, Angelo Gordon will provide information as set forth herein for the time period December 8, 2008 through December 15, 2010.

53.     Angelo Gordon objects to Instruction 5 on the grounds that it is vague, overbroad, unduly burdensome, and unintelligible.

54.     Angelo Gordon objects to Instruction 6 as overbroad and unduly burdensome, and to the extent it is inconsistent with the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the District of Delaware, the Discovery Order, or any other applicable statute, rule or case law, or order and imposes burdens not required by those authorities.

55.     Angelo Gordon objects to Instruction 7 as unduly burdensome and as seeking to impose obligations beyond the scope of Federal Rule of Civil Procedure 26, made applicable herein under Federal Rules of Bankruptcy Procedure 7026 and 9014, and beyond the scope of the Discovery Order entered in this case. Angelo Gordon will comply with its obligations under the Discovery Order regarding information or documents withheld under a claim of privilege.

56.     Angelo Gordon objects to Instruction 8 as overbroad and unduly burdensome. Angelo Gordon states that it will request and produce responsive information not subject to a

13

claim of attorney-client privilege or protection, in the possession, custody, and control of Angelo Gordon and Wilmer Cutler Pickering Hale and Dorr.

57.    Angelo Gordon objects to Instruction 9 as overbroad and unduly burdensome. Angelo Gordon will comply with their obligations under the Discovery Order regarding the continuing nature of interrogatories as propounded in this case.

## RESPONSES AND SPECIFIC OBJECTIONS

Subject to and without waiving the foregoing General Objections, all of which are incorporated herein by reference as if fully set forth in each response, Angelo Gordon objects and responds to the Interrogatories as follows:

**1.    Identify all Persons with knowledge or information Concerning the Document Depository, including the materials in the Document Depository furnished by Angelo, and**

**RESPONSE:**

Angelo Gordon objects to Interrogatory No. 1 on the grounds that it overbroad, vague, ambiguous and unduly burdensome. Angelo Gordon further objects to Interrogatory No. 1 on the grounds that it seeks information that is irrelevant, seeks information with respect to entirely unrelated matters and is not reasonably calculated to lead to the discovery of admissible evidence. Angelo Gordon further objects to Interrogatory No. 1 on the grounds that it is nonsensical and unintelligible.

Angelo Gordon further objects to the sub-part of Interrogatory No. 1 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Specifically incorporating and not waiving its Objections, Angelo Gordon states that all parties to the Order (I) Authorizing The Debtors To Establish A Document Depository And Directing The Committee To Deliver Certain Documents To The Depository Pursuant To Federal Rule Of Bankruptcy Procedure 2004 And (II) Establishing Settlement Negotiation

14

Protections Pursuant to 11 U.S.C. § 105(A) (Docket No. 2858) (the "Depository Order") have

access to the Document Depository and have been provided an index of the documents in the

Document Depository and refers Law Debenture to the Document Depository for the information

concerning the materials contained therein pursuant to Federal Rule of Civil Procedure 33(d)

made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

**2.    Identify all steps taken and instructions given concerning Angelo's obligation to preserve information in connection with the LBO, the LBO-Related Causes of Action, the Examiner, the Examiner's Report, the Settlement Process, Settlement Analysis, the Mediation, the Complaints, the Preserved Causes of Action and the Special Committee, including but not limited to all litigation hold instructions and efforts to ensure compliance with litigation hold instructions.**

**RESPONSE:**

Angelo Gordon objects to Interrogatory No. 2 on the grounds that it overbroad, vague,

ambiguous and unduly burdensome.  Angelo Gordon further objects to Interrogatory No. 2 on

the grounds that it seeks information that is irrelevant, seeks information with respect to entirely

unrelated matters and is not reasonably calculated to lead to the discovery of admissible

evidence.  Angelo Gordon further objects to Interrogatory No. 2 on the grounds that it requests

information that falls outside the scope of permissible Interrogatories under the Discovery Order.

Angelo Gordon further objects to Interrogatory No. 2 on the grounds that it calls for the

production of Privileged Material.

Specifically incorporating and not waiving its Objections, Angelo Gordon states that all

parties to the Depository Order have access to the Document Depository and have been provided

an index of the documents in the Document Depository and refers Law Debenture to the

Document Depository for the information concerning the materials contained therein pursuant to

Federal Rule of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy

Procedure 7033 and 9014.

US1DOCS 7807819v6

3.    Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the search terms, custodians, or other information used to identify, gather and/or collect Documents for production or potential production in response to any formal or informal request for discovery previously issued in this bankruptcy case, including but not limited to such requests issued in any related adversary proceeding or by the Examiner or other Person.

**RESPONSE:**

Angelo Gordon objects to Interrogatory No. 3 on the grounds that it overbroad, vague, ambiguous and unduly burdensome.  Angelo Gordon further objects to Interrogatory No. 3 on the grounds that it seeks information that is irrelevant, seeks information with respect to entirely unrelated matters and is not reasonably calculated to lead to the discovery of admissible evidence.  Angelo Gordon further objects to Interrogatory No. 3 on the grounds that it calls for the production of Privileged Material.  Angelo Gordon notes that although Interrogatory No. 3 is framed as if it were one interrogatory, Interrogatory No. 3 contains at least two sub-parts, and Angelo Gordon objects to Interrogatory No. 3 to the extent it does not clearly set forth sub-parts.

Angelo Gordon further objects to the sub-part of Interrogatory No. 3 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome.  To the extent that the request for a "general description" of documents is intended to be a request for Angelo Gordon to summarize or characterize documents, Angelo Gordon further objects that such a request is overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Discovery Order.

Specifically incorporating and not waiving its Objections, Angelo Gordon states that, subject to the objections set forth in its Responses to the First Request For the Production of Documents of Law Debenture, to Angelo Gordon (the "RFP Responses"), which are incorporated herein by reference, Angelo Gordon has produced to the Document Depository and,

16

in response to will produce non-privileged documents, if any, related to the subject matters set forth in Interrogatory No. 3, and refers Law Debenture to those documents pursuant to Federal Rule of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

Angelo Gordon further objects to the sub-part of Interrogatory No. 3 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Specifically incorporating and not waiving its Objections, Angelo Gordon refers Law Debenture to the e-mail and attachment from Wilmer Cutler Pickering Hale and Dorr LLP to Parties Entitled to Receive Disclosures Pursuant to Paragraph 35 of the Discovery and Scheduling Order For Plan Confirmation, dated December 20, 2010 for information concerning Angelo Gordon's document collection and production efforts.

**4.      Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents, or information, Concerning the Settlement Process and any Settlement Analysis.**

**RESPONSE:**

Angelo Gordon objects to Interrogatory No. 4 on the grounds that it overbroad, vague, ambiguous and unduly burdensome. Angelo Gordon further objects to Interrogatory No. 4 on the grounds that it seeks information that is irrelevant, seeks information with respect to entirely unrelated matters and is not reasonably calculated to lead to the discovery of admissible evidence. Angelo Gordon further objects to Interrogatory No. 4 on the grounds that it calls for the production of Privileged Material. Angelo Gordon notes that although Interrogatory No. 4 is framed as if it were one interrogatory, Interrogatory No. 4 contains at least two sub-parts, and Angelo Gordon objects to Interrogatory No. 4 to the extent it does not clearly set forth sub-parts.

Angelo Gordon further objects to the sub-part of Interrogatory No. 4 that purports to call for "the existence, custodian, location and general description of Documents or information" on

17

the grounds that it is overbroad and unduly burdensome.  To the extent that the request for a

"general description" of documents is intended to be a request for Angelo Gordon to summarize

or characterize documents, Angelo Gordon further objects that such a request is overbroad,

unduly burdensome, and improper, on the ground that it calls for information outside the scope

of discovery contemplated by the Discovery Order.

Specifically incorporating and not waiving its Objections, Angelo Gordon states that,

subject to the objections set forth in the RFP Responses, which are incorporated herein by

reference, Angelo Gordon has produced to the Document Depository and, in response to the

RFP, will produce non-privileged documents, if any, related to the subject matters set forth in

Interrogatory No. 4 and refers Law Debenture to those documents pursuant to Federal Rules of

Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033

and 9014.

Angelo Gordon further objects to the sub-part of Interrogatory No. 4 that purports to call

for the identification of "all" persons with knowledge or information as overbroad and unduly

burdensome.  Specifically incorporating and not waiving its Objections, Angelo Gordon states

that the following individuals may have information concerning the subject of this Interrogatory:

Gavin Baiera, Thomas Fuller, Bradley Pattelli, Bruce Martin and Bryan Rush.  Angelo Gordon

further states that the above-referenced individuals may have documents in their possession,

custody or control concerning the subject of this Interrogatory.  Any such documents would be

located at the offices of Angelo Gordon.

**5.    Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the Examiner's Report, including any Documents or other information provided to, or withheld from, the Examiner, and any discussion, consideration or evaluation of the Examiner's Report and any potential impact of the Examiner's Report on the settlement value of any LBO-Related Causes of Action.**

US1DOCS 7807819v6

**RESPONSE:**

Angelo Gordon objects to Interrogatory No. 5 on the grounds that it overbroad, vague, ambiguous and unduly burdensome. Angelo Gordon further objects to Interrogatory No. 5 on the grounds that it seeks information that is irrelevant, seeks information with respect to entirely unrelated matters and is not reasonably calculated to lead to the discovery of admissible evidence. Angelo Gordon further objects to Interrogatory No. 5 on the grounds that it calls for the production of Privileged Material, including specifically, material protected from disclosure by the Examiner Order and/or the Discharge Order. Angelo Gordon notes that although Interrogatory No. 5 is framed as if it were one interrogatory, Interrogatory No. 5 contains at least four sub-parts, and Angelo Gordon objects to Interrogatory No. 5 to the extent it does not clearly set forth discrete sub-parts.

Angelo Gordon further objects to the sub-part of Interrogatory No. 5 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome. To the extent that the request for a "general description" of documents is intended to be a request for Angelo Gordon to summarize or characterize documents, Angelo Gordon further objects that such a request is overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Discovery Order. Angelo Gordon further objects to Interrogatory No. 5 to the extent that it calls for "Documents or other information" or any "discussion, consideration or evaluation" as unduly burdensome and beyond the scope of discovery contemplated by the Discovery Order.

Specifically incorporating and not waiving its Objections, Angelo Gordon states that, subject to the objections set forth in the RFP Responses, which are incorporated herein by reference, Angelo Gordon has produced to the Document Depository and, in response to the

RFP, will produce non-privileged documents, if any, related to the subject matters set forth in Interrogatory No. 5 and refers Law Debenture to those documents pursuant to Federal Rules of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

Angelo Gordon further objects to the sub-part of Interrogatory No. 5 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Specifically incorporating and not waiving its Objections, Angelo Gordon states that no individual at Angelo Gordon has any particular knowledge about the Examiner's Report, which is equally available to Law Debenture, and that the following individuals may have information concerning the subject of this Interrogatory: Gavin Baiera, Thomas Fuller and D. Forest Wolfe. Angelo Gordon further states that the above-referenced individuals may have documents in their possession, custody or control concerning the subject of this Interrogatory. Any such documents would be located at the offices of Angelo Gordon.

6.     **Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the Proposed LBO Settlement, including but not limited to any (a) negotiations, communications, discussion or drafting of the Proposed LBO Settlement, (b) the Persons receiving releases in connection with the Proposed LBO Settlement, and the consideration received from and/or contributed by each such Person in exchange for such release and (c) the bar order contained in the Proposed LBO Settlement and/or Debtor/Committee/Lender Plan.**

**RESPONSE:**

Angelo Gordon objects to Interrogatory No. 6 on the grounds that it overbroad, vague, ambiguous and unduly burdensome. Angelo Gordon further objects to Interrogatory No. 6 on the grounds that it seeks information that is irrelevant, seeks information with respect to entirely unrelated matters and is not reasonably calculated to lead to the discovery of admissible evidence. Angelo Gordon further objects to Interrogatory No. 6 on the grounds that it calls for the production of Privileged Material. Angelo Gordon notes that although Interrogatory No. 6 is

20

framed as if it were one interrogatory, Interrogatory No. 6 contains at least two interrogatories, each with three sub-parts, and Angelo Gordon objects to Interrogatory No. 6 to the extent it does not clearly set forth sub-parts.

Angelo Gordon further objects to the sub-part of Interrogatory No. 6 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome. To the extent that the request for a "general description" of documents is intended to be a request for Angelo Gordon to summarize or characterize documents, Angelo Gordon further objects that such a request is overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Discovery Order.

Specifically incorporating and not waiving its Objections, Angelo Gordon states that, subject to the objections set forth in the RFP Responses, which are incorporated herein by reference, Angelo Gordon has produced to the Document Depository and, in response to the RFP, will produce non-privileged documents, if any, related to the subject matters set forth in Interrogatory No. 6 and refers Law Debenture to those documents pursuant to Federal Rules of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

Angelo Gordon further objects to the sub-part of Interrogatory No. 6 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Specifically incorporating and not waiving its Objections, Angelo Gordon states that the following individuals may have information concerning the subject of this Interrogatory: Gavin Baiera, Thomas Fuller, Bradley Pattelli, Bruce Martin and Bryan Rush. Angelo Gordon further states that the above-referenced individuals may have documents in their possession,

21

custody or control concerning the subject of this Interrogatory.  Any such documents would be located at the offices of Angelo Gordon.

**7.      Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning whether any Tribune Individual would or should remain employed by or affiliated with Debtors, including but not limited to the views of any Settling Parties concerning such continued employment or affiliation, and any need or desire of Angelo or any of the Angelo Individuals to resolve any of the LBO-Related Causes of Action in connection with, or as a condition to (i) any exit financing for Debtors and/or (ii) Debtors' ability generally to exit bankruptcy.**

**RESPONSE:**

Angelo Gordon objects to Interrogatory No. 7 on the grounds that it overbroad, vague, ambiguous and unduly burdensome.  Angelo Gordon further objects to Interrogatory No. 7 on the grounds that it seeks information that is irrelevant, seeks information with respect to entirely unrelated matters and is not reasonably calculated to lead to the discovery of admissible evidence.  Angelo Gordon further objects to Interrogatory No. 7 on the grounds that it calls for the production of Privileged Material.  Angelo Gordon further objects to Interrogatory No. 7 on the grounds that it seeks information that is more easily obtained from other parties, including the Debtors.  Angelo Gordon notes that although Interrogatory No. 7 is framed as if it were one interrogatory, Interrogatory No. 7 contains at least two interrogatories, at least one of which has two sub-parts, and Angelo Gordon objects to Interrogatory No. 7 to the extent it does not clearly set forth sub-parts.

Angelo Gordon further objects to the sub-part of Interrogatory No. 7 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome.  To the extent that the request for a "general description" of documents is intended to be a request for Angelo Gordon to summarize or characterize documents, Angelo Gordon further objects that such a request is overbroad,

· 22

unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Discovery Order.

Specifically incorporating and not waiving its Objections, Angelo Gordon states that, subject to the objections set forth in the RFP Responses, which are incorporated herein by reference, Angelo Gordon has produced to the Document Depository and, in response to the RFP, will produce non-privileged documents, if any, related to the subject matters set forth in Interrogatory No. 7 and refers Law Debenture to those documents pursuant to Federal Rules of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

Angelo Gordon objects also to the sub-part of Interrogatory No. 7 that purports to call for "the views of any Settling Parties" insofar as it refers to Angelo Gordon as overbroad, unduly burdensome, and improper on the ground that it calls for information outside the scope of discovery contemplated by the Discovery Order.

Angelo Gordon objects also to the sub-part of Interrogatory No. 7 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Specifically incorporating and not waiving its Objections, Angelo Gordon states that the following individuals may have information concerning the subject of this Interrogatory: Gavin Baiera, Thomas Fuller, Bradley Pattelli, Bruce Martin and Bryan Rush. Angelo Gordon further states that the above-referenced individuals may have documents in their possession, custody or control concerning the subject of this Interrogatory. Any such documents would be located at the offices of Angelo Gordon.

**8.     Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the decision to make Don Liebentritt Debtors' Chief Restructuring Officer, including but not limited to**

whether Liebentritt's continuing role as general counsel for Debtors created a conflict of interest or the appearance of a conflict of interest.

**RESPONSE:**

Angelo Gordon objects to Interrogatory No. 8 on the grounds that it overbroad, vague, ambiguous and unduly burdensome. Angelo Gordon further objects to Interrogatory No. 8 on the grounds that it seeks information that is irrelevant, seeks information with respect to entirely unrelated matters and is not reasonably calculated to lead to the discovery of admissible evidence. Angelo Gordon further objects to Interrogatory No. 8 on the grounds that it calls for the production of Privileged Material. Angelo Gordon further objects to Interrogatory No. 8 on the grounds that it seeks information that is more easily obtained from other parties, including the Debtors. Angelo Gordon notes that although Interrogatory No. 8 is framed as if it were one interrogatory, Interrogatory No. 8 contains at least two sub-parts, and Angelo Gordon objects to Interrogatory No. 8 to the extent it does not clearly set forth sub-parts.

Angelo Gordon further objects to the sub-part of Interrogatory No. 8 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome. To the extent that the request for a "general description" of documents is intended to be a request for Angelo Gordon to summarize or characterize documents, Angelo Gordon further objects that such a request is overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Discovery Order.

Specifically incorporating and not waiving its Objections, Angelo Gordon states that, subject to the objections set forth in the RFP Responses, which are incorporated herein by reference, Angelo Gordon has produced to the Document Depository and, in response to the RFP, will produce non-privileged documents, if any, related to the subject matters set forth in

24

Interrogatory No. 8 and refers Law Debenture to those documents pursuant to Federal Rules of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

Angelo Gordon also objects to the sub-part of Interrogatory No. 8 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Specifically incorporating and not waiving its Objections, Angelo Gordon states that the following individuals may have information concerning the subject of this Interrogatory: Gavin Baiera, Thomas Fuller, Bradley Pattelli, Bruce Martin and Bryan Rush. Angelo Gordon further states that the above-referenced individuals may have documents in their possession, custody or control concerning the subject of this Interrogatory. Any such documents would be located at the offices of Angelo Gordon.

**9.    Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the Special Committee.**

**RESPONSE:**

Angelo Gordon objects to Interrogatory No. 9 on the grounds that it overbroad, vague, ambiguous and unduly burdensome. Angelo Gordon further objects to Interrogatory No. 9 on the grounds that it calls for the production of Privileged Material. Angelo Gordon further objects to Interrogatory No. 9 on the grounds that it seeks information that is more easily obtained from other parties, including the Debtors. Angelo Gordon notes that although Interrogatory No. 9 is framed as if it were one interrogatory, Interrogatory No. 9 contains at least two sub-parts, and Angelo Gordon objects to Interrogatory No. 9 to the extent it does not clearly set forth sub-parts.

Angelo Gordon further objects to the sub-part of Interrogatory No. 9 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Angelo Gordon further objects to the sub-part of Interrogatory No. 9 that purports

25

to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome.  To the extent that the request for a "general description" of documents is intended to be a request for Angelo Gordon to summarize or characterize documents, Angelo Gordon further objects that such a request is overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Discovery Order.

Specifically incorporating and not waiving its Objections, Angelo Gordon states that, subject to the objections set forth in the RFP Responses, which are incorporated herein by reference, Angelo Gordon has produced to the Document Depository and, in response to the RFP, will produce non-privileged documents, if any, related to the subject matters set forth in Interrogatory No. 9 and refers Law Debenture to those documents pursuant to Federal Rules of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

Angelo Gordon also objects to the sub-part of Interrogatory No. 8 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome.  Specifically incorporating and not waiving its Objections, Angelo Gordon states that the following individuals may have information concerning the subject of this Interrogatory: Gavin Baiera, Thomas Fuller, Bradley Pattelli, Bruce Martin and Bryan Rush.  Angelo Gordon further states that the above-referenced individuals may have documents in their possession, custody or control concerning the subject of this Interrogatory.  Any such documents would be located at the offices of Angelo Gordon.

**10.    Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the Reorganized Value Analysis, the Enterprise Value, or the Equity Value (as each of those terms are defined and used in the General Disclosure Statement), including, but not limited**

to, the allocation of Enterprise Value or Equity Value as between the various Debtor entities, all business plans, projections, forecasts, market reports, financial information and any other Documents and information relating to the valuation of Debtors and/or allocation of value between and among the Debtors generated on or after January 1, 2010.

RESPONSE:

Angelo Gordon objects to Interrogatory No. 10 on the grounds that it overbroad, vague, ambiguous and unduly burdensome. Angelo Gordon further objects to Interrogatory No. 10 on the grounds that it seeks information that is irrelevant, seeks information with respect to entirely unrelated matters and is not reasonably calculated to lead to the discovery of admissible evidence. Angelo Gordon further objects to Interrogatory No. 10 on the grounds that it calls for the production of Privileged Material. Angelo Gordon further objects to Interrogatory No. 10 on the grounds that it seeks information that is more easily obtained from other parties, including the Debtors. Angelo Gordon notes that although Interrogatory No. 10 is framed as if it were one interrogatory, Interrogatory No. 10 contains at least two sub-parts, and Angelo Gordon objects to Interrogatory No. 10 to the extent it does not clearly set forth sub-parts.

Angelo Gordon further objects to the sub-part of Interrogatory No. 10 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome. To the extent that the request for a "general description" of documents is intended to be a request for Angelo Gordon to summarize or characterize documents, Angelo Gordon further objects that such a request is overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Discovery Order.

Specifically incorporating and not waiving its Objections, Angelo Gordon states that, subject to the objections set forth in the RFP Responses, which are incorporated herein by reference, Angelo Gordon has produced to the Document Depository and, in response to the

RFP, will produce non-privileged documents, if any, related to the subject matters set forth in Interrogatory No. 10 and refers Law Debenture to those documents pursuant to Federal Rules of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

Angelo Gordon further objects to Interrogatory No. 10 to the extent it calls for disclosure of expert witness information. Angelo Gordon states that it will comply with the Discovery Order entered by the Court and Rule 26 of the Federal Rules of Civil Procedure regarding the disclosure of expert witness information.

Angelo Gordon further objects to the sub-part of Interrogatory No. 10 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Specifically incorporating and not waiving its Objections, Angelo Gordon states that the following individuals may have information concerning the subject of this Interrogatory: Gavin Baiera, Thomas Fuller, Bradley Pattelli, Bruce Martin and Bryan Rush. Angelo Gordon further states that the above-referenced individuals may have documents in their possession, custody or control concerning the subject of this Interrogatory. Any such documents would be located at the offices of Angelo Gordon.

**11.     Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning Angelo's determination that the Proposed LBO Settlement is in the best interest of the Estate and should be approved and/or that the Debtor/Committee/Lender Plan should be confirmed.**

**RESPONSE:**

Angelo Gordon objects to Interrogatory No. 11 on the grounds that it overbroad, vague, ambiguous and unduly burdensome. Angelo Gordon further objects to Interrogatory No. 11 on the grounds that it seeks information that is irrelevant, seeks information with respect to entirely unrelated matters and is not reasonably calculated to lead to the discovery of admissible

evidence. Angelo Gordon further objects to Interrogatory No. 11 on the grounds that it calls for

the production of Privileged Material. Angelo Gordon further objects to Interrogatory No. 11 on

the grounds that it seeks information that is more easily obtained from other parties, including

the Debtors. Angelo Gordon notes that although Interrogatory No. 11 is framed as if it were one

interrogatory, Interrogatory No. 11 contains at least two sub-parts, and Angelo Gordon objects to

Interrogatory No. 11 to the extent it does not clearly set forth sub-parts.

Angelo Gordon further objects to the sub-part of Interrogatory No. 11 that purports to call

for "the existence, custodian, location and general description of Documents or information" on

the grounds that it is overbroad and unduly burdensome. To the extent that the request for a

"general description" of documents is intended to be a request for Angelo Gordon to summarize

or characterize documents, Angelo Gordon further objects that such a request is overbroad,

unduly burdensome, and improper, on the ground that it calls for information outside the scope

of discovery contemplated by the Discovery Order.

Specifically incorporating and not waiving its Objections, Angelo Gordon states that,

subject to the objections set forth in the RFP Responses, which are incorporated herein by

reference, Angelo Gordon has produced to the Document Depository and, in response to the

RFP, will produce non-privileged documents, if any, related to the subject matters set forth in

Interrogatory No. 11 and refers Law Debenture to those documents pursuant to Federal Rules of

Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033

and 9014.

Angelo Gordon further objects to the sub-part of Interrogatory No. 11 that purports to call

for the identification of "all" persons with knowledge or information as overbroad and unduly

burdensome. Specifically incorporating and not waiving its Objections, Angelo Gordon states

29

that no individual at Angelo Gordon, or its advisors and counsel in connection with the above-captioned chapter 11 cases, has knowledge or information concerning "Debtors' determination" as to the requested information other than what is in the Disclosure Statement, filed with the Court on October 22, 2010 as subsequently amended, or that is otherwise publicly available.

**12.      Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning any potential, proposed, or actual plan(s) of reorganization for the Debtors that have been considered, discussed, or negotiated, including but not limited to the so called "purity plan," any other plan(s) that would put all LBO-Related Causes of Action into trusts for post-emergence resolution, and/or any plan(s) that would establish a reserve for distributions to any of the Settling Parties.**

**RESPONSE:**

Angelo Gordon objects to Interrogatory No. 12 on the grounds that it is overbroad, vague, particularly insofar as it refers to an undefined "purity plan," ambiguous, unintelligible, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Angelo Gordon further objects to Interrogatory No. 12 on the grounds that it calls for the production of Privileged Material. Angelo Gordon further objects to Interrogatory No. 12 on the grounds that it seeks information that is more easily obtained from other parties, including the Debtors and the Unsecured Creditors Committee. Angelo Gordon notes that although Interrogatory No. 12 is framed as if it were one interrogatory, Interrogatory No. 12 contains at least two sub-parts, and Angelo Gordon objects to Interrogatory No. 12 to the extent it does not clearly set forth sub-parts.

Angelo Gordon further objects to the sub-part of Interrogatory No. 12 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome. To the extent that the request for a "general description" of documents is intended to be a request for Angelo Gordon to summarize or characterize documents, Angelo Gordon further objects that such a request is overbroad,

30

unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Discovery Order.

Specifically incorporating and not waiving its Objections, Angelo Gordon states that, subject to the objections set forth in the RFP Responses, which are incorporated herein by reference, Angelo Gordon has produced to the Document Depository and, in response to the RFP, will produce non-privileged documents, if any, related to the subject matters set forth in Interrogatory No. 12 and refers Law Debenture to those documents pursuant to Federal Rules of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

Angelo Gordon further objects to the sub-part of Interrogatory No. 12 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Specifically incorporating and not waiving its Objections, Angelo Gordon states that the following individuals may have information concerning the subject of this Interrogatory: Gavin Baiera, Thomas Fuller, Bradley Pattelli, Bruce Martin and Bryan Rush. Angelo Gordon further states that the above-referenced individuals may have documents in their possession, custody or control concerning the subject of this Interrogatory. Any such documents would be located at the offices of Angelo Gordon.

**13.    Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the Preserved Causes of Action, including but not limited to any discussion, consideration, analysis, review, assessment or evaluation of placing Preserved Causes of Action in the Creditors' Trust (as defined on Page 8 of the Debtor/Committee/Lender Plan) or the Litigation Trust (as defined on Page 16 of the Debtor/Committee/Lender Plan).**

**RESPONSE:**

Angelo Gordon objects to Interrogatory No. 13 on the grounds that it overbroad, vague, ambiguous and unduly burdensome. Angelo Gordon further objects to Interrogatory No. 13 on

the grounds that it seeks information that is irrelevant, seeks information with respect to entirely

unrelated matters and is not reasonably calculated to lead to the discovery of admissible

evidence.  Angelo Gordon further objects to Interrogatory No. 13 on the grounds that it calls for

the production of Privileged Material.  Angelo Gordon further objects to Interrogatory No. 13 on

the grounds that it seeks information that is more easily obtained from other parties, including

the UCC.  Angelo Gordon notes that although Interrogatory No. 13 is framed as if it were one

interrogatory, Interrogatory No. 13 contains at least two sub-parts, and Angelo Gordon objects to

Interrogatory No. 13 to the extent it does not clearly set forth sub-parts.

Angelo Gordon further objects to the sub-part of Interrogatory No. 13 that purports to call

for "the existence, custodian, location and general description of Documents or information" on

the grounds that it is overbroad and unduly burdensome.  To the extent that the request for a

"general description" of documents is intended to be a request for Angelo Gordon to summarize

or characterize documents, Angelo Gordon further objects that such a request is overbroad,

unduly burdensome, and improper, on the ground that it calls for information outside the scope

of discovery contemplated by the Discovery Order.

Specifically incorporating and not waiving its Objections, Angelo Gordon states that,

subject to the objections set forth in the RFP Responses, which are incorporated herein by

reference, Angelo Gordon has produced to the Document Depository and, in response to the

RFP, will produce non-privileged documents, if any, related to the subject matters set forth in

Interrogatory No. 13 and refers Law Debenture to those documents pursuant to Federal Rules of

Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033

and 9014.

US1DOCS 7807819v6

Angelo Gordon further objects to the sub-part of Interrogatory No. 13 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Specifically incorporating and not waiving its Objections, Angelo Gordon states that the following individuals may have information concerning the subject of this Interrogatory: Gavin Baiera, Thomas Fuller, Bradley Pattelli, Bruce Martin and Bryan Rush. Angelo Gordon further states that the above-referenced individuals may have documents in their possession, custody or control concerning the subject of this Interrogatory. Any such documents would be located at the offices of Angelo Gordon.

**14.     Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the allocation of any proceeds to be distributed by any of the trusts created by any plan of reorganization for the Debtors.**

**RESPONSE:**

Angelo Gordon objects to Interrogatory No. 14 on the grounds that it overbroad, vague, ambiguous and unduly burdensome. Angelo Gordon further objects to Interrogatory No. 14 on the grounds that it seeks information that is irrelevant, seeks information with respect to entirely unrelated matters and is not reasonably calculated to lead to the discovery of admissible evidence. Angelo Gordon further objects to Interrogatory No. 14 on the grounds that it calls for the production of Privileged Material. Angelo Gordon further objects to Interrogatory No. 14 on the grounds that it seeks information that is more easily obtained from other parties, including the UCC. Angelo Gordon notes that although Interrogatory No. 14 is framed as if it were one interrogatory, Interrogatory No. 14 contains at least two sub-parts, and Angelo Gordon objects to Interrogatory No. 14 to the extent it does not clearly set forth sub-parts.

Angelo Gordon further objects to the sub-part of Interrogatory No. 14 that purports to call for "the existence, custodian, location and general description of Documents or information" on

33

the grounds that it is overbroad and unduly burdensome.  To the extent that the request for a

"general description" of documents is intended to be a request for Angelo Gordon to summarize

or characterize documents, Angelo Gordon further objects that such a request is overbroad,

unduly burdensome, and improper, on the ground that it calls for information outside the scope

of discovery contemplated by the Discovery Order.

Specifically incorporating and not waiving its Objections, Angelo Gordon states that,

subject to the objections set forth in the RFP Responses, which are incorporated herein by

reference, Angelo Gordon has produced to the Document Depository and, in response to the

RFP, will produce non-privileged documents, if any, related to the subject matters set forth in

Interrogatory No. 14 and refers Law Debenture to those documents pursuant to Federal Rules of

Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033

and 9014.

Angelo Gordon further objects to Interrogatory No. 14 to the extent it calls for disclosure

of expert witness information.  Angelo Gordon states that it will comply with the Discovery

Order entered by the Court and Rule 26 of the Federal Rules of Civil Procedure regarding the

disclosure of expert witness information.  Angelo Gordon further objects to the sub-part of

Interrogatory No. 14 that purports to call for the identification of "all" persons with knowledge

or information as overbroad and unduly burdensome.  Specifically incorporating and not waiving

its Objections, Angelo Gordon states that the following individuals may have information

concerning the subject of this Interrogatory: Gavin Baiera, Thomas Fuller, Bradley Pattelli,

Bruce Martin and Bryan Rush.  Angelo Gordon further states that the above-referenced

individuals may have documents in their possession, custody or control concerning the subject of

this Interrogatory.  Any such documents would be located at the offices of Angelo Gordon.

15.    **Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning any (i) intercompany claims (ii) intercompany claims analysis, and (iii) the Intercompany Claims Settlement, as that term is used in the Specific Disclosure Statement relating to the Debtor/Committee/Lender Plan.**

**RESPONSE:**

Angelo Gordon objects to Interrogatory No. 15 on the grounds that it overbroad, vague, ambiguous and unduly burdensome. Angelo Gordon further objects to Interrogatory No. 15 on the grounds that it seeks information that is irrelevant, seeks information with respect to entirely unrelated matters and is not reasonably calculated to lead to the discovery of admissible evidence. Angelo Gordon further objects to Interrogatory No. 15 on the grounds that it calls for the production of Privileged Material. Angelo Gordon further objects to Interrogatory No. 15 on the grounds that it seeks information that is more easily obtained from other parties, including the Debtors. Angelo Gordon notes that although Interrogatory No. 15 is framed as if it were one interrogatory, Interrogatory No. 15 contains at least two interrogatories, each with at least three sub-parts, and Angelo Gordon objects to Interrogatory No. 15 to the extent it does not clearly set forth sub-parts.

Angelo Gordon further objects to the sub-part of Interrogatory No. 15 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome. To the extent that the request for a "general description" of documents is intended to be a request for Angelo Gordon to summarize or characterize documents, Angelo Gordon further objects that such a request is overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Discovery Order.

Specifically incorporating and not waiving its Objections, Angelo Gordon states that, subject to the objections set forth in the RFP Responses, which are incorporated herein by

reference, Angelo Gordon has produced to the Document Depository and, in response to the RFP, will produce non-privileged documents, if any, related to the subject matters set forth in Interrogatory No. 15 and refers Law Debenture to those documents pursuant to Federal Rules of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

Angelo Gordon further objects to Interrogatory No. 15 to the extent it calls for disclosure of expert witness information. Angelo Gordon states that it will comply with the Discovery Order entered by the Court and Rule 26 of the Federal Rules of Civil Procedure regarding the disclosure of expert witness information.

Angelo Gordon further objects to the sub-part of Interrogatory No. 15 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Specifically incorporating and not waiving its Objections, Angelo Gordon states that the following individuals may have information concerning the subject of this Interrogatory: Gavin Baiera, Thomas Fuller, Bradley Pattelli, Bruce Martin and Bryan Rush. Angelo Gordon further states that the above-referenced individuals may have documents in their possession, custody or control concerning the subject of this Interrogatory. Any such documents would be located at the offices of Angelo Gordon.

**16.    Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the purchase, sale, assignment, or other acquisition or disposition by any of (a) the Tribune Individuals, (b) the Special Committee Individuals, (c) the Committee Individuals or (d) the Settling Parties of any interest in the Senior Notes, PHONES Notes, Senior Loans or Bridge Loans or any other economic interest in or tied to Tribune, including, but not limited to, any debt or equity interests, swaps, derivatives, or options including, but not limited to the instruments by which such Person purchased, sold, assigned, or otherwise acquired or disposed of any interest in the LBO Lender Debt.**

**RESPONSE:**

Angelo Gordon objects to Interrogatory No. 16 on the grounds that it overbroad, vague, ambiguous and unduly burdensome. Angelo Gordon further objects to Interrogatory No. 16 on the grounds that it seeks information that is irrelevant, seeks information with respect to entirely unrelated matters and is not reasonably calculated to lead to the discovery of admissible evidence. Angelo Gordon further objects to Interrogatory No. 16 on the grounds that it seeks information that is more easily obtained from other parties, including the Debtors and the UCC. Angelo Gordon notes that although Interrogatory No. 16 is framed as if it were one interrogatory, Interrogatory No. 16 contains at least two interrogatories, each with at least four sub-parts, and Angelo Gordon objects to Interrogatory No. 16 to the extent it does not clearly set forth sub-parts.

Angelo Gordon further objects to the sub-part of Interrogatory No. 16 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome. To the extent that the request for a "general description" of documents is intended to be a request for Angelo Gordon to summarize or characterize documents, Angelo Gordon further objects that such a request is overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Discovery Order.

Specifically incorporating and not waiving its Objections, Angelo Gordon states that, subject to the objections set forth in the RFP Responses, which are incorporated herein by reference, Angelo Gordon has produced to the Document Depository and, in response to the RFP, will produce non-privileged documents, if any, related to the subject matters set forth in Interrogatory No. 16 and refers Law Debenture to those documents pursuant to Federal Rules of

37

Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

Angelo Gordon further objects to Interrogatory No. 16 on the grounds that it calls for the production of information, or documents, containing confidential financial, trade secret or proprietary information, the disclosure of which would or could adversely affect Angelo Gordon.

Angelo Gordon further objects to the sub-part of Interrogatory No. 16 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Specifically incorporating and not waiving its Objections, Angelo Gordon states that the following individuals may have information concerning the subject of this Interrogatory: Gavin Baiera, Thomas Fuller, Bradley Pattelli, Bruce Martin and Bryan Rush. Angelo Gordon further states that the above-referenced individuals may have documents in their possession, custody or control concerning the subject of this Interrogatory. Any such documents would be located at the offices of Angelo Gordon.

**17.     Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning claims made or threatened by any Person arising from or relating to the LBO, including but not limited to any related demand letters or other correspondence, all pleadings (other than the Complaints), discovery requests, objections and responses to discovery requests, deposition and hearing transcripts, decisions and orders, settlement discussions and settlements.**

**RESPONSE:**

Angelo Gordon objects to Interrogatory No. 17 on the grounds that it overbroad, vague, ambiguous, unintelligible and unduly burdensome. Angelo Gordon further objects to Interrogatory No. 17 on the grounds that it seeks information that is irrelevant, seeks information with respect to entirely unrelated matters and is not reasonably calculated to lead to the discovery of admissible evidence. Angelo Gordon further objects to Interrogatory No. 17 on the grounds that it calls for the production of Privileged Material. Angelo Gordon further objects to

38

Interrogatory No. 17 on the grounds that it seeks information that is more easily obtained from other parties, including the Debtors. Angelo Gordon further objects to Interrogatory No. 17 to the extent that the information sought is publicly available. Angelo Gordon notes that although Interrogatory No. 17 is framed as if it were one interrogatory, Interrogatory No. 17 contains at least two sub-parts, and Angelo Gordon objects to Interrogatory No. 17 to the extent it does not clearly set forth sub-parts.

Angelo Gordon further objects to the sub-part of Interrogatory No. 17 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome. To the extent that the request for a "general description" of documents is intended to be a request for Angelo Gordon to summarize or characterize documents, Angelo Gordon further objects that such a request is overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Discovery Order.

Specifically incorporating and not waiving its Objections, Angelo Gordon states that, subject to the objections set forth in the RFP Responses, which are incorporated herein by reference, Angelo Gordon has produced to the Document Depository and, in response to the RFP, will produce non-privileged documents, if any, related to the subject matters set forth in Interrogatory No. 17 and refers Law Debenture to those documents pursuant to Federal Rules of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

Angelo Gordon further objects to the sub-part of Interrogatory No. 17 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Specifically incorporating and not waiving its Objections, Angelo Gordon states

39

that the following individuals may have information concerning the subject of this Interrogatory:

Gavin Baiera, Thomas Fuller and D. Forest Wolfe.  Angelo Gordon further states that the above-

referenced individuals may have documents in their possession, custody or control concerning

the subject of this Interrogatory.  Any such documents would be located at the offices of Angelo

Gordon.

**18.    Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning any conflict or potential conflict of interest relating to participation in Settlement Analysis or the Settlement Process by any Person (including any board of directors or subcommittee thereof, and any lawyer, law firm or other Professional), and any efforts, discussion or consideration of efforts to waive, mitigate, limit or eliminate any such conflict or potential conflict of interest, including but not limited to the consideration and selection of Professionals to consult with, advise or represent Angelo, whether or not ultimately retained.**

**RESPONSE:**

Angelo Gordon objects to Interrogatory No. 18 on the grounds that it overbroad, vague,

ambiguous and unduly burdensome.  Angelo Gordon further objects to Interrogatory No. 18 on

the grounds that it seeks information that is irrelevant, seeks information with respect to entirely

unrelated matters and is not reasonably calculated to lead to the discovery of admissible

evidence.  Angelo Gordon further objects to Interrogatory No. 18 on the grounds that it calls for

the production of Privileged Material.  Angelo Gordon further objects to Interrogatory No. 18 on

the grounds that it seeks information that is more easily obtained from other parties, including

the Debtors.  Angelo Gordon notes that although Interrogatory No. 18 is framed as if it were one

interrogatory, Interrogatory No. 18 contains at least two interrogatories, each with at least three

sub-parts, and Angelo Gordon objects to Interrogatory No. 18 to the extent it does not clearly set

forth sub-parts.

Angelo Gordon further objects to the sub-part of Interrogatory No. 18 that purports to call

for "the existence, custodian, location and general description of Documents or information" on

the grounds that it is overbroad and unduly burdensome. To the extent that the request for a

"general description" of documents is intended to be a request for Angelo Gordon to summarize

or characterize documents, Angelo Gordon further objects that such a request is overbroad,

unduly burdensome, and improper, on the ground that it calls for information outside the scope

of discovery contemplated by the Discovery Order.

Specifically incorporating and not waiving its Objections, Angelo Gordon states that,

subject to the objections set forth in the RFP Responses, which are incorporated herein by

reference, Angelo Gordon has produced to the Document Depository and, in response to the

RFP, will produce non-privileged documents, if any, related to the subject matters set forth in

Interrogatory No. 18 and refers Law Debenture to those documents pursuant to Federal Rules of

Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033

and 9014.

Angelo Gordon further objects to the sub-part of Interrogatory No. 18 that purports to call

for the identification of "all" persons with knowledge or information as overbroad and unduly

burdensome. Specifically incorporating and not waiving its Objections, Angelo Gordon states

that the following individuals may have information concerning the subject of this Interrogatory:

Gavin Baiera and Andrew Goldman. Angelo Gordon further states that the above-referenced

individuals may have documents in their possession, custody or control concerning the subject of

this Interrogatory. Any such documents would be located at the offices of Angelo Gordon or

Wilmer Cutler Pickering Hale and Dorr LLP.

**19.    Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the Step One Selling Shareholders, including but not limited to the determination to provide releases to Step One Selling Shareholders and the consideration for such releases to be received from or contributed by Step One Selling Shareholders in exchange for such releases.**

41

**RESPONSE:**

Angelo Gordon objects to Interrogatory No. 19 on the grounds that it overbroad, vague, ambiguous and unduly burdensome. Angelo Gordon further objects to Interrogatory No. 19 on the grounds that it seeks information that is irrelevant, seeks information with respect to entirely unrelated matters and is not reasonably calculated to lead to the discovery of admissible evidence. Angelo Gordon further objects to Interrogatory No. 19 on the grounds that it calls for the production of Privileged Material. Angelo Gordon further objects to Interrogatory No. 19 on the grounds that it seeks information that is more easily obtained from other parties, including the Debtors. Angelo Gordon notes that although Interrogatory No. 19 is framed as if it were one interrogatory, Interrogatory No. 19 contains at least two sub-parts, and Angelo Gordon objects to Interrogatory No. 19 to the extent it does not clearly set forth sub-parts.

Angelo Gordon further objects to the sub-part of Interrogatory No. 19 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome. To the extent that the request for a "general description" of documents is intended to be a request for Angelo Gordon to summarize or characterize documents, Angelo Gordon further objects that such a request is overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Discovery Order.

Specifically incorporating and not waiving its Objections, Angelo Gordon states that, subject to the objections set forth in the RFP Responses, which are incorporated herein by reference, Angelo Gordon has produced to the Document Depository and, in response to the RFP, will produce non-privileged documents, if any, related to the subject matters set forth in Interrogatory No. 19 and refers Law Debenture to those documents pursuant to Federal Rules of

US1DOCS 7807819v6

Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

Angelo Gordon further objects to the sub-part of Interrogatory No. 19 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Specifically incorporating and not waiving its Objections, Angelo Gordon states that the following individuals may have information concerning the subject of this Interrogatory: Gavin Baiera, Thomas Fuller, Bradley Pattelli, Bruce Martin and Bryan Rush. Angelo Gordon further states that the above-referenced individuals may have documents in their possession, custody or control concerning the subject of this Interrogatory. Any such documents would be located at the offices of Angelo Gordon.

**20.    Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the projected valuation and capitalization of the Debtors post-bankruptcy, including documents or information relating to leverage, liquidity and pro-forma cap structure.**

**RESPONSE:**

Angelo Gordon objects to Interrogatory No. 20 on the grounds that it overbroad, vague, ambiguous and unduly burdensome. Angelo Gordon further objects to Interrogatory No. 20 on the grounds that it seeks information that is irrelevant, seeks information with respect to entirely unrelated matters and is not reasonably calculated to lead to the discovery of admissible evidence. Angelo Gordon further objects to Interrogatory No. 20 on the grounds that it calls for the production of Privileged Material. Angelo Gordon further objects to Interrogatory No. 20 on the grounds that it seeks information that is more easily obtained from other parties, including the Debtors. Angelo Gordon notes that although Interrogatory No. 20 is framed as if it were one interrogatory, Interrogatory No. 20 contains at least two sub-parts, and Angelo Gordon objects to Interrogatory No. 20 to the extent it does not clearly set forth sub-parts.

Angelo Gordon further objects to the sub-part of Interrogatory No. 20 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome. To the extent that the request for a "general description" of documents is intended to be a request for Angelo Gordon to summarize or characterize documents, Angelo Gordon further objects that such a request is overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Discovery Order.

Specifically incorporating and not waiving its Objections, Angelo Gordon states that, subject to the objections set forth in the RFP Responses, which are incorporated herein by reference, Angelo Gordon has produced to the Document Depository and, in response to the RFP, will produce non-privileged documents, if any, related to the subject matters set forth in Interrogatory No. 20 and refers Law Debenture to those documents pursuant to Federal Rules of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

Angelo Gordon further objects to Interrogatory No. 20 to the extent it calls for disclosure of expert witness information. Angelo Gordon states that it will comply with the Discovery Order entered by the Court and Rule 26 of the Federal Rules of Civil Procedure regarding the disclosure of expert witness information.

Angelo Gordon further objects to the sub-part of Interrogatory No. 20 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Specifically incorporating and not waiving its Objections, Angelo Gordon states that the following individuals may have information concerning the subject of this Interrogatory: Gavin Baiera, Thomas Fuller, Bradley Pattelli, Bruce Martin and Bryan Rush. Angelo Gordon

44

further states that the above-referenced individuals may have documents in their possession, custody or control concerning the subject of this Interrogatory. Any such documents would be located at the offices of Angelo Gordon.

**21.     Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning any direct or indirect economic interest in Tribune held by any of the Angelo Individuals, Tribune Individuals or any of the Settling Parties, including, but not limited to, claims for which any of the Angelo Individuals, Tribune Individuals or any of the Settling Parties has the ability to control the vote of (either contractually or otherwise), long positions, short positions, swap positions, participations and any other derivative positions, by tranche or series, if applicable, including the date of issuance of such tranche or series, and any short positions or derivative exposure.**

**RESPONSE:**

Angelo Gordon objects to Interrogatory No. 21 on the grounds that it overbroad, vague, ambiguous and unduly burdensome. Angelo Gordon further objects to Interrogatory No. 21 on the grounds that it seeks information that is irrelevant, seeks information with respect to entirely unrelated matters and is not reasonably calculated to lead to the discovery of admissible evidence. Angelo Gordon further objects to Interrogatory No. 21 on the grounds that it calls for the production of Privileged Material. Angelo Gordon further objects to Interrogatory No. 21 on the grounds that it seeks information that is more easily obtained from other parties, and states that Angelo Gordon is responding to this Interrogatory solely on its own behalf. Angelo Gordon notes that although Interrogatory No. 21 is framed as if it were one interrogatory, Interrogatory No. 21 contains at least two sub-parts, and Angelo Gordon objects to Interrogatory No. 21 to the extent it does not clearly set forth sub-parts.

Angelo Gordon further objects to the sub-part of Interrogatory No. 21 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome. To the extent that the request for a "general description" of documents is intended to be a request for Angelo Gordon to summarize

45

or characterize documents, Angelo Gordon further objects that such a request is overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Discovery Order.

Specifically incorporating and not waiving its Objections, Angelo Gordon states that, subject to the objections set forth in the RFP Responses, which are incorporated herein by reference, Angelo Gordon has produced to the Document Depository and, in response to the RFP, will produce non-privileged documents, if any, related to the subject matters set forth in Interrogatory No. 21 and refers Law Debenture to those documents pursuant to Federal Rules of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

Angelo Gordon further objects to Interrogatory No. 21 on the grounds that it calls for the production of information, or documents, containing confidential financial, trade secret or proprietary information, the disclosure of which would or could adversely affect Angelo Gordon.

Angelo Gordon further objects to the sub-part of Interrogatory No. 21 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Specifically incorporating and not waiving its Objections, Angelo Gordon states that the following individuals may have information concerning the subject of this Interrogatory: Gavin Baiera, Thomas Fuller, and Michael Gordon. Angelo Gordon further states that the above-referenced individuals may have documents in their possession, custody or control concerning the subject of this Interrogatory. Any such documents would be located at the offices of Angelo Gordon.

**22.    Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning any direct or indirect ownership, or other financial interest, including any debt interest, held or**

US1DOCS 7807819v6

managed by Angelo or any Angelo Individual in any Broadcasting Entity, including but not limited to Freedom Communications.

**RESPONSE:**

Angelo Gordon objects to Interrogatory No. 22 on the grounds that it overbroad, vague, ambiguous and unduly burdensome.  Angelo Gordon further objects to Interrogatory No. 22 on the grounds that it seeks information that is irrelevant, seeks information with respect to entirely unrelated matters and is not reasonably calculated to lead to the discovery of admissible evidence.  Angelo Gordon further objects to Interrogatory No. 22 on the grounds that it calls for the production of Privileged Material.  Angelo Gordon further objects to Interrogatory No. 22 on the grounds that it seeks information that is more easily obtained from other parties, and states that Angelo Gordon is responding to this Interrogatory solely on its own behalf.  Angelo Gordon notes that although Interrogatory No. 22 is framed as if it were one interrogatory, Interrogatory No. 22 contains at least two sub-parts, and Angelo Gordon objects to Interrogatory No. 22 to the extent it does not clearly set forth sub-parts.

Angelo Gordon further objects to the sub-part of Interrogatory No. 22 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome.  To the extent that the request for a "general description" of documents is intended to be a request for Angelo Gordon to summarize or characterize documents, Angelo Gordon further objects that such a request is overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Discovery Order.

Specifically incorporating and not waiving its Objections, Angelo Gordon states that, subject to the objections set forth in the RFP Responses, which are incorporated herein by reference, Angelo Gordon has produced to the Document Depository and, in response to the

47

RFP, will produce non-privileged documents, if any, related to the subject matters set forth in Interrogatory No. 22 and refers Law Debenture to those documents pursuant to Federal Rules of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

Angelo Gordon further objects to Interrogatory No. 22 on the grounds that it calls for the production of information, or documents, containing confidential financial, trade secret or proprietary information, the disclosure of which would or could adversely affect Angelo Gordon.

Angelo Gordon further objects to Interrogatory No. 22 on the grounds that it constitutes an improper attempt to circumvent applicable FCC rules, Communications Act provisions, or ongoing FCC proceedings, or that it seeks information that is publicly accessible or that can more easily be obtained from the Media Ownership Certification to be submitted by January 16, 2011.

Angelo Gordon further objects to the sub-part of Interrogatory No. 22 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Specifically incorporating and not waiving its Objections, Angelo Gordon states that the following individuals may have information concerning the subject of this Interrogatory: Gavin Baiera, Thomas Fuller and Lisa Conrad. Angelo Gordon further states that the above-referenced individuals may have documents in their possession, custody or control concerning the subject of this Interrogatory. Any such documents would be located at the offices of Angelo Gordon.

**23.      Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the application of the FCC's broadcast multiple ownership and cross-ownership rules (as discussed in the Disclosure Statement to the Debtor/Committee/Lender Plan) to the holding by Angelo or any Angelo Individual of a direct or indirect ownership, financial (including debt) or other interest in Tribune and any other Broadcasting Entity, including Freedom**

Communications, whether or not Angelo considers such interest to be attributable under the FCC's rules.

RESPONSE:

Angelo Gordon objects to Interrogatory No. 23 on the grounds that it overbroad, vague, ambiguous and unduly burdensome. Angelo Gordon further objects to Interrogatory No. 23 on the grounds that it seeks information that is irrelevant, seeks information with respect to entirely unrelated matters and is not reasonably calculated to lead to the discovery of admissible evidence. Angelo Gordon further objects to Interrogatory No. 23 on the grounds that it calls for the production of Privileged Material. Angelo Gordon further objects to Interrogatory No. 23 on the grounds that it seeks information that is more easily obtained from other parties, including the Debtors. Angelo Gordon notes that although Interrogatory No. 23 is framed as if it were one interrogatory, Interrogatory No. 23 contains at least two sub-parts, and Angelo Gordon objects to Interrogatory No. 23 to the extent it does not clearly set forth sub-parts.

Angelo Gordon further objects to the sub-part of Interrogatory No. 23 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome. To the extent that the request for a "general description" of documents is intended to be a request for Angelo Gordon to summarize or characterize documents, Angelo Gordon further objects that such a request is overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Discovery Order.

Specifically incorporating and not waiving its Objections, Angelo Gordon states that, subject to the objections set forth in the RFP Responses, which are incorporated herein by reference, Angelo Gordon has produced to the Document Depository and, in response to the RFP, will produce non-privileged documents, if any, related to the subject matters set forth in

49

Interrogatory No. 23 and refers Law Debenture to those documents pursuant to Federal Rules of

Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033

and 9014.

Angelo Gordon further objects to Interrogatory No. 23 on the grounds that it calls for the

production of information, or documents, containing confidential financial, trade secret or

proprietary information, the disclosure of which would or could adversely affect Angelo Gordon.

Angelo Gordon further objects to Interrogatory No. 23 on the grounds that it constitutes

an improper attempt to circumvent applicable FCC rules, Communications Act provisions, or

ongoing FCC proceedings, or that it seeks information that is publicly accessible or that can

more easily be obtained from the Media Ownership Certification to be submitted by January 16,

2011.

Angelo Gordon further objects to the sub-part of Interrogatory No. 23 that purports to call

for the identification of "all" persons with knowledge or information as overbroad and unduly

burdensome.

**24.    Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning any direct or indirect ownership, or other financial interest, including any debt interest, held or managed by Angelo or any Angelo Individual in any Daily Newspaper or Publishing Entity, including but not limited to Freedom Communications, the Philadelphia Inquirer, Philadelphia Newspapers, LLC and/or the Orange County Register.**

**RESPONSE:**

Angelo Gordon objects to Interrogatory No. 24 on the grounds that it overbroad, vague,

ambiguous and unduly burdensome.  Angelo Gordon further objects to Interrogatory No. 24 on

the grounds that it seeks information that is irrelevant, seeks information with respect to entirely

unrelated matters and is not reasonably calculated to lead to the discovery of admissible

evidence.  Angelo Gordon further objects to Interrogatory No. 24 on the grounds that it calls for

50

the production of Privileged Material.  Angelo Gordon further objects to Interrogatory No. 24 on

the grounds that it seeks information that is more easily obtained from other parties, including

the Debtors.  Angelo Gordon notes that although Interrogatory No. 24 is framed as if it were one

interrogatory, Interrogatory No. 24 contains at least two sub-parts, and Angelo Gordon objects to

Interrogatory No. 24 to the extent it does not clearly set forth sub-parts.

Angelo Gordon further objects to the sub-part of Interrogatory No. 24 that purports to call

for "the existence, custodian, location and general description of Documents or information" on

the grounds that it is overbroad and unduly burdensome.  To the extent that the request for a

"general description" of documents is intended to be a request for Angelo Gordon to summarize

or characterize documents, Angelo Gordon further objects that such a request is overbroad,

unduly burdensome, and improper, on the ground that it calls for information outside the scope

of discovery contemplated by the Discovery Order.

Specifically incorporating and not waiving its Objections, Angelo Gordon states that,

subject to the objections set forth in the RFP Responses, which are incorporated herein by

reference, Angelo Gordon has produced to the Document Depository and, in response to the

RFP, will produce non-privileged documents, if any, related to the subject matters set forth in

Interrogatory No. 24 and refers Law Debenture to those documents pursuant to Federal Rules of

Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033

and 9014.

Angelo Gordon further objects to Interrogatory No. 24 on the grounds that it calls for the

production of information, or documents, containing confidential financial, trade secret or

proprietary information, the disclosure of which would or could adversely affect Angelo Gordon.

51

Angelo Gordon further objects to Interrogatory No. 24 on the grounds that it constitutes an improper attempt to circumvent applicable FCC rules, Communications Act provisions, or ongoing FCC proceedings, or that it seeks information that is publicly accessible or that can more easily be obtained from the Media Ownership Certification to be submitted by January 16, 2011.

Angelo Gordon further objects to the sub-part of Interrogatory No. 24 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Specifically incorporating and not waiving its Objections, Angelo Gordon states that the following individuals may have information concerning the subject of this Interrogatory: Gavin Baiera, Thomas Fuller and Lisa Conrad. Angelo Gordon further states that the above-referenced individuals may have documents in their possession, custody or control concerning the subject of this Interrogatory. Any such documents would be located at the offices of Angelo Gordon.

**25.    Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the application of the FCC's broadcast multiple ownership and cross-ownership rules (as discussed in the Disclosure Statement to the Debtor/Committee/Lender Plan) to the holding by Angelo or any Angelo Individual of a direct or indirect ownership, financial (including debt) or other interest in Tribune and any other Daily Newspaper or Publishing Entity, including but not limited to Freedom Communications, the Philadelphia Inquirer, Philadelphia Newspapers, LLC and/or the Orange County Register, whether or not Angelo considers such interest to be attributable under the FCC's rules.**

**RESPONSE:**

Angelo Gordon objects to Interrogatory No. 25 on the grounds that it overbroad, vague, ambiguous and unduly burdensome. Angelo Gordon further objects to Interrogatory No. 25 on the grounds that it seeks information that is irrelevant, seeks information with respect to entirely unrelated matters and is not reasonably calculated to lead to the discovery of admissible

US1DOCS 7807819v6

evidence. Angelo Gordon further objects to Interrogatory No. 25 on the grounds that it calls for the production of Privileged Material. Angelo Gordon further objects to Interrogatory No. 25 on the grounds that it seeks information that is more easily obtained from other parties, including the Debtors. Angelo Gordon notes that although Interrogatory No. 25 is framed as if it were one interrogatory, Interrogatory No. 25 contains at least two sub-parts, and Angelo Gordon objects to Interrogatory No. 25 to the extent it does not clearly set forth sub-parts.

Angelo Gordon further objects to the sub-part of Interrogatory No. 25 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome. To the extent that the request for a "general description" of documents is intended to be a request for Angelo Gordon to summarize or characterize documents, Angelo Gordon further objects that such a request is overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Discovery Order.

Specifically incorporating and not waiving its Objections, Angelo Gordon states that, subject to the objections set forth in the RFP Responses, which are incorporated herein by reference, Angelo Gordon has produced to the Document Depository and, in response to the RFP, will produce non-privileged documents, if any, related to the subject matters set forth in Interrogatory No. 25 and refers Law Debenture to those documents pursuant to Federal Rules of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

Angelo Gordon further objects to Interrogatory No. 25 on the grounds that it calls for the production of information, or documents, containing confidential financial, trade secret or proprietary information, the disclosure of which would or could adversely affect Angelo Gordon.

Angelo Gordon further objects to Interrogatory No. 25 on the grounds that it constitutes an improper attempt to circumvent applicable FCC rules, Communications Act provisions, or ongoing FCC proceedings, or that it seeks information that is publicly accessible or that can more easily be obtained from the Media Ownership Certification to be submitted by January 16, 2011.

Angelo Gordon further objects to the sub-part of Interrogatory No. 25 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome.

Dated:    January 11, 2011          Respectfully submitted,
          New York, New York

                                    By: _____
                                        Andrew Goldman
                                        Charles Platt
                                        Dawn M. Wilson
                                        Wilmer Cutler Pickering Hale
                                          and Dorr LLP
                                        399 Park Avenue
                                        New York, NY 10022
                                        (212) 230-8836

                                        *Attorneys for Angelo, Gordon & Co., L.P.*

US1DOCS 7807819v6

## VERIFICATION

I, D. Forest Wolfe, Deputy General Counsel of Angelo, Gordon & Co., L.P., have read the foregoing Objections and Responses To Law Debenture Trust Company of New York's First Set Of Interrogatories. I hereby state that, as for those interrogatory answers within my personal knowledge, said responses are true and correct. I further state that the answers were obtained by gathering information from others, including Angelo Gordon's counsel and advisors, on whom I rely to provide such information, and as to those answers, I affirm that those are true and correct to the best of my information, knowledge, and belief. I understand that I am making this statement under penalty of perjury.

Dated: 1/11/11                    By: _____

## <u>CERTIFICATE OF SERVICE</u>

I, Dawn M. Wilson, counsel for Angelo, Gordon & Company, LP, certify that I caused a copy of Angelo, Gordon & Co., L.P.'s Objections and Responses to Law Debenture Trust Company of New York's First Set of Interrogatories to be served on counsel for the Plan Proponent Parties and other Parties who have requested service pursuant to Paragraph 35 of the Case Management Order entered in the above captioned case by electronic mail on this 11th day of January, 2011.

_____

US1DOCS 7807819v6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 Cases |
| | ) |
| TRIBUNE COMPANY, et al., | ) Case No. 08-13141 (KJC) |
| | ) Jointly Administered |
| Debtor | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

## OAKTREE CAPITAL MANAGEMENT, L.P.'S RESPONSES AND OBJECTIONS TO LAW DEBENTURE TRUST COMPANY OF NEW YORK'S FIRST SET OF INTERROGATORIES

RESPONDING PARTY:  Oaktree Capital Management, L.P.

PROPOUNDING PARTY:  Law Debenture Trust Company of New York

SET NO.:    ONE (1)

Oaktree Capital Management, L.P. ("Oaktree"), by its undersigned counsel, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and Rules 7026, 7033, and 9014 of the Federal Rules of Bankruptcy Procedure, hereby responds and objects to Law Debenture Trust Company of New York's ("Law Debenture") First Set of Interrogatories, dated December 21, 2010 (the "Interrogatories").

## GENERAL RESPONSE AND OBJECTIONS

1.    Oaktree objects to the Interrogatories in their entirety to the extent that they are overbroad or purport to impose obligations upon them that exceed those set forth in Federal Rules of Civil Procedure 26 and 33, made applicable herein under Federal Rules of Bankruptcy Procedure 7026, 7033, and 9014, the Local Rules of the United States Bankruptcy Court for the District of Delaware, the Discovery Scheduling Order for Plan Confirmation (Docket 7239) (the "Case Management Order"), or any other applicable statute, rule or order.

2.      Oaktree objects to the Interrogatories to the extent that they are unduly burdensome, overbroad, oppressive or seek documents, information or things neither relevant to the subject matter of the confirmation hearing nor reasonably calculated to lead to the discovery of admissible evidence.

3.      Oaktree objects to the Interrogatories in their entirety to the extent that they purport to call for the disclosure of information, or the production of documents, that are subject to the attorney work product protection, the attorney-client privilege, the joint-defense privilege, or any other applicable privilege, doctrine or immunity, including privileged information or documents shared with entities with which Oaktree holds or held a common interest (collectively, "Privileged Material"). For instance, information subject to the common interest privilege includes, without limitation, information or documents shared between and among (1) Oaktree, the Debtors, Angelo, Gordon & Co, L.P. ("Angelo Gordon"), or their counsel or advisors, in their capacities as proponents of the plan that is described in the term sheet attached to the Mediators Report of September 27, 2010, and parties to the compromises embodied therein, during the time period September 27, 2010 through the present; (2) Oaktree, the Debtors, Angelo Gordon, JPMorgan Chase Bank N.A. ("JPMorgan"), and the Official Committee of Unsecured Creditors, or their counsel or advisors, in their capacities as proponents of the Debtor/Committee/Lender Plan (as defined in the Interrogatories) and parties to the compromises embodied therein, during the time period October 12, 2010 through the present; (3) Oaktree and Angelo Gordon, in their capacities as proponents of the Joint Plan Of Reorganization For Tribune Company And Its Subsidiaries Proposed By Oaktree Capital Management, L.P. And Angelo, Gordon & Co., L.P., dated September 17, 2010; and (4) Oaktree, Angelo Gordon, JPMorgan and other lenders, arrangers and syndication agents under the May 17, 2007 Tribune credit agreement (the "Credit Agreement") with respect to the assertion of rights under the Credit Agreement and the response and defense to the "LBO-Related Causes of Action" (as defined in Article I of the Debtor/Committee/Lender Plan).

4.      Oaktree objects to the Interrogatories in their entirety to the extent that they purport to call for the disclosure of information, or the production of documents, that are part

-2-

of a category of documents subject to the attorney work product protection, the attorney-client privilege, or any other applicable privilege, including privileged information or documents shared with entities with which Oaktree holds or held a common interest.  For instance, information that is categorically privileged includes, among other categories (1) communications among or between counsel for Oaktree not disclosed to any individual who is not counsel for Oaktree; (2) communications among or between Oaktree and its counsel requesting or providing legal advice that are not disclosed to any individual who is not counsel for or any employee or agent of Oaktree; and (3) communications among or between Oaktree, its counsel, and its advisors requesting or providing legal advice that are not disclosed to any individual who is not counsel for or any employee or agent of Oaktree.

5.       Oaktree objects to the Interrogatories in their entirety to the extent that they purport to seek information that is not in Oaktree's possession, custody, or control.

6.       No objection or limitation, or lack thereof, or statement that Oaktree will provide information made in these Responses and Objections constitutes an admission as to the existence or nonexistence of information by Oaktree.

7.       Oaktree objects to the Interrogatories in their entirety to the extent that they are vague, ambiguous, confusing, and contrary to the plain meaning of the terms involved.

8.       Oaktree objects to the Interrogatories in their entirety to the extent that they purport to call for the disclosure of information, or the production of documents, that are protected from disclosure pursuant to the Order (I) Authorizing The Debtors To Establish A Document Depository And Directing The Committee To Deliver Certain Documents To The Depository Pursuant To Federal Rule Of Bankruptcy Procedure 2004 And (II) Establishing Settlement Negotiation Protections Pursuant to 11 U.S.C. § 105(A) (Docket No. 2858) (the "Depository Order").

9.       Oaktree objects to the Interrogatories in their entirety to the extent that they purport to call for the disclosure of information, or the production of documents, that are protected from disclosure pursuant to the Order Appointing Mediator (Docket No. 5591) (the "Mediation Order").

-3-

1706617

10. Oaktree objects to the Interrogatories in their entirety to the extent that they purport to call for the disclosure of information, or the production of documents, that are protected from disclosure pursuant to the Order Approving Work And Expense Plan And Modifying Examiner Order (Docket No. 4306) (the "Examiner Order") or the Order Approving Motion Of Court-Appointed Examiner, Kenneth N. Klee, Esq., For Order (I) Discharging Examiner; (II) Granting Relief From Third-Party. Discovery; (III) Approving The Disposition Of Certain Documents And Information; And (IV) Granting Certain Ancillary Relief (Docket No. 5541) (the "Discharge Order").

11. Oaktree objects to the Interrogatories in their entirety to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence in that the information sought would not be admissible pursuant to Federal Rule of Evidence 408.

· 12. Oaktree objects to the Interrogatories to the extent that they seek information that will be produced in response to Law Debenture's First Request for Production of Documents. Oaktree refers Law Debenture to Oaktree's Responses and Objections to Law Debenture Trust Company of New York's First Request For the Production of Documents, to Oaktree ("RFP Responses").

13. Oaktree's Responses and Objections to the Interrogatories or any information contained therein shall not be construed as: (i) an admission as to the relevance, admissibility, or materiality of any such information; (ii) a waiver or abridgment of any applicable privilege; or (iii) an agreement that requests for similar information will be treated similarly.

14.. Oaktree objects to the Interrogatories to the extent that they attempt to circumvent the procedure for objecting to the qualification of a proposed attributable party before the Federal Communications Commission ("FCC"). Whether Oaktree will be qualified to hold attributable interests in Tribune after Tribune's emergence from bankruptcy is currently before the FCC in the form of applications submitted by Tribune on April 28, 2010. Although the Communications Act of 1934, as amended, 47 U.S.C. § 151 et seq. (the "Communications Act"), and the FCC's rules, 47 C.F.R. § 0.1 et seq., permit parties to petition the FCC to deny an application or otherwise to object to the qualifications of proposed attributable parties, Law

-4-

Debenture has not availed itself of these procedures. *See* 47 U.S.C. § 309(b); 47 C.F.R. § 73.3584(a); *see also* 47 C.F.R. § 73.3587 (providing for informal objections). By the Interrogatories, Law Debenture seeks documents, information or things regarding matters that lie within the FCC's exclusive jurisdiction and that are neither relevant to the subject matter of the confirmation hearing nor reasonably calculated to lead to the discovery of admissible evidence.

15.     Oaktree reserves all of its rights, including its right to supplement, amend, or correct any of its Responses and Objections to the Interrogatories and its right to object to the admissibility of any information provided in response to the Interrogatories.

## DEFINITIONS

16.     Oaktree objects to the definition of "Angelo" on the grounds that it is overbroad, vague, ambiguous and unduly burdensome, and that it is not possible to know all persons and entities that Law Debenture purports to include within the definition. As used in Oaktree's responses, "Angelo" means Angelo, Gordon & Co., L.P., unless otherwise specified.

17.     Oaktree objects to the definition of "April Proposed Settlement" on the grounds that it is vague and ambiguous. As used in Oaktree's responses, "April Proposed Settlement" means the settlement agreement, the terms of which are described in the Settlement Support Agreement, dated April 8, 2010, between and among Angelo, Gordon & Co., L.P., Centerbridge Special Credit Partners, L.P., Centerbridge Credit Partners Master, L.P., Centerbridge Credit Partners, JPMorgan Chase Bank N.A., and Law Debenture Company of New York, as Successor Indenture Trustee, as filed with the Court on April 12, 2010, and supported by the UCC, unless otherwise specified.

18.     Oaktree objects to the definition of "Bank of America" on the grounds that it is overbroad, vague, ambiguous and unduly burdensome, and that it is not possible to know all persons and entities that Law Debenture purports to include within the definition as stated. As

-5-

used in Oaktree's responses, "Bank of America" means Bank of America N.A., Bank of

America Bridge, and Bank of America Securities, unless otherwise specified.

19.    Oaktree objects to the definition of "Bridge Loans" on the grounds that it is

vague and ambiguous.

20.    Oaktree objects to the definition of "Broadcasting Entity" on the grounds that is

overbroad, vague, ambiguous, unduly burdensome and incomprehensible. Oaktree further

objects to the definition of "Broadcasting Entity" to the extent it is inconsistent with the

Communications Act, FCC rules, or any other applicable statute, rule, or case law.

21.    Oaktree objects to the definition of "Broadcast Station" on the grounds that it is

overbroad, vague, ambiguous, unduly burdensome and incomprehensible. Oaktree further

objects to the definition of "Broadcast Station" to the extent it is inconsistent with the

Communications Act, FCC rules, or any other applicable statute, rule, or case law. .

22.    Oaktree objects to the definition of "Citicorp" on the grounds that it is

overbroad, vague, ambiguous and unduly burdensome, and that it is not possible to know all

persons and entities that Law Debenture purports to include within the definition as stated.  As

used in Oaktree's responses, "Citicorp" means Citigroup Global Markets, Inc., Citibank, N.A.,

Citicorp USA, Inc. and Citicorp North America, Inc., unless otherwise specified.

23.    Oaktree objects to the definition of "Committee" on the grounds that it is

overbroad, vague, ambiguous and unduly burdensome, and that it is not possible to know all

persons and entities that Law Debenture purports to include within the definition as stated.  As

used in Oaktree's responses, "Committee" means the Official Committee of Unsecured

Creditors in the chapter 11 cases of the above-captioned debtors, unless otherwise specified.

24.    Oaktree objects to the definition of "Committee Individuals" on the grounds

that it is overbroad, vague, ambiguous, unduly burdensome and incomprehensible. As used in

Oaktree's responses, "Committee Individuals" means the individual members of the Official Committee of Unsecured Creditors in the chapter 11 cases of the above-captioned debtors, unless otherwise specified.

25.     Oaktree objects to the definition of "Communication" as overbroad, vague, ambiguous and unduly burdensome. Oaktree further objects to the definition of "Communication" to the extent it is inconsistent with the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the District of Delaware, or provisions of FCC rules or the Communications Act governing the discovery or disclosure of information, and imposes burdens not required by those rules or that statute.

26.     Oaktree objects to the definition of "Daily Newspaper" on the grounds that is overbroad, vague, ambiguous, unduly burdensome and incomprehensible. Oaktree further objects to the definition of "Daily Newspaper" to the extent it is inconsistent with the Communications Act, FCC rules, e.g., 47 C.F.R. § 73.3555 Note 6, or any other applicable statute, rule, or case law. .

27.     Oaktree objects to the definition of "Debtors" on the grounds that it is overbroad, vague, ambiguous and unduly burdensome, and that it is not possible to know all persons and entities that Law Debenture purports to include within the definition as stated. As used in Oaktree's responses, "Debtors" means the debtors in the above-captioned chapter 11 cases, unless otherwise specified.

28.     Oaktree objects to definition of "Debtor/Committee/Lender Plan" on the grounds that it is incomprehensible. As used in Oaktree's responses, "Debtor/Committee/Lender Plan" means the First Amended Joint Plan Of Reorganization For Tribune Company And Its Subsidiaries Proposed By The Debtors, The Official Committee Of

-7-

Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., And

JPMorgan Chase Bank, N.A. filed with the Court on November 23, 2010, and as subsequently

amended, unless otherwise specified.

29.     Oaktree objects to the definition of "Documents" as overbroad, vague,

ambiguous and unduly burdensome.  Oaktree further objects to the definition of "Documents"

to the extent it is inconsistent with the requirements of the Federal Rules of Civil Procedure,

the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States

Bankruptcy Court for the District of Delaware, and imposes burdens not required by those

rules.

30.     Oaktree objects to the definition of "Examiner" as overbroad and vague.

31.     Oaktree objects to the definition of "'Identify' (with respect to Persons)" as

unduly burdensome.  To the extent this information is not otherwise known or readily

ascertainable by Law Debenture, Oaktree states that, unless otherwise specified, the

individuals identified herein may be contacted through undersigned counsel.

32.     Oaktree objects to the definition of "'Identify' (with respect to Documents)" as

unduly burdensome.

33.     Oaktree objects to the definition of "JPMorgan" on the grounds that is

overbroad, vague, ambiguous and unduly burdensome, particularly insofar as it includes "its

affiliates . . . any of its or their officers, directors, partners, employees, members or managers,"

"any of its or their board of directors and any committee or subcommittee of any board of

directors" and "Professionals of any Person" listed.  As used in Oaktree's responses,

"JPMorgan" means JPMorgan Chase Bank, N.A.

34.     Oaktree objects to the definition of "LBO" on the grounds that is overbroad,

vague, ambiguous and unduly burdensome.  As used in Oaktree's responses, "LBO" means the

Leverage ESOP Transactions as detailed in Section VII.D of the Debtors' Joint Disclosure Statement, filed with the Court on October 22, 2010, unless otherwise specified.

35.     Oaktree objects to the definition of "LBO Lender Debt" on the grounds that it is vague and ambiguous.

36.     Oaktree objects to the definition of "LBO-Related Causes of Action" on the grounds that is overbroad, vague, ambiguous and unduly burdensome.  As used in Oaktree's responses, "LBO-Related Causes of Action" has the meaning set forth in Article I of the Debtor/Committee/Lender Plan, unless otherwise specified.

37.     Oaktree objects to the definition of "Lender Complaint" as vague and incomprehensible.

38.     Oaktree objects to the definition of "Merrill Lynch" on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and that it is not possible to know all of the persons and entities that Law Debenture purports to include within the definition as stated.  As used in Oaktree's responses, "Merrill Lynch" means Merrill Lynch Capital Corporation, Merrill, Lynch, Pierce, Fenner & Smith, and Merrill Lynch & Co., unless otherwise specified.

39.     Oaktree objects to the definition of "Oaktree" on the grounds that is overbroad, vague, ambiguous, unduly burdensome, and that it is not possible to know all of the persons and entities that Law Debenture purports to include within the definition as stated. As used in Oaktree's responses, "Oaktree" means Oaktree Capital Management, L.P., unless otherwise specified.

40.     Oaktree objects to the definition of "Oaktree Individual" on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and incomprehensible.

41.     Oaktree objects to the definition of "Person" on the grounds that it is overbroad, vague, ambiguous and unduly burdensome.  Oaktree further objects to the definition of

-9-

"Person" to the extent it is inconsistent with the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the District of Delaware, and imposes burdens not required by those rules.

42.    Oaktree objects to the definition of "Preserved Causes of Action" on the grounds that it is overbroad, vague, ambiguous, and incomprehensible. As used in Oaktree's responses, "Preserved Causes of Action" has the meaning given to it in the Debtor/Committee/Lender Plan.

43.    Oaktree objects to the definition of "Professional" on the grounds that it is overbroad, vague, ambiguous and unduly burdensome.

44.    Oaktree objects to the definition of "Proposed LBO Settlement" on the grounds that is vague. As used in Oaktree's responses, "Proposed LBO Settlement" means the proposed settlement of the LBO-Related Causes of Action as described in the Debtor/Committee/Lender Plan, unless otherwise specified.

45.    Oaktree objects to the definition of "Publishing Entity" on the grounds that is overbroad, vague, ambiguous, unduly burdensome and incomprehensible. Oaktree further objects to the definition of "Publishing Entity" to the extent it is inconsistent with the Communications Act, FCC rules, or any other applicable statute, rule, or case law.

46.    Oaktree objects to the definition of "Relationship" as overbroad, vague, ambiguous and unduly burdensome particularly insofar as it uses "relationship" in its definition. Oaktree further objects to the time frame set forth in the definition of "Relationship" as overbroad, and to the extent it includes documents, or information, that are not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

-10-

47. Oaktree objects to the definition of "Senior Loans" on the grounds that it is vague and ambiguous.

48. Oaktree objects to the definition of "Settlement Analysis" as overbroad, vague, ambiguous, unduly burdensome and to the extent it includes Privileged Material protected by the attorney-client privilege, the work-product doctrine, the joint-defense privilege, the common interest privilege and/or any other applicable privilege, doctrine or immunity.

49. Oaktree objects to the definition of "Settlement Process" as overbroad, vague, ambiguous, unduly burdensome and to the extent it includes Privileged Material protected by the attorney-client privilege, the work-product doctrine, the joint-defense privilege, the common interest privilege and/or any other applicable privilege, doctrine or immunity.

50. . Oaktree objects to the definition of "Settling Parties" on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and that it is not possible to know all of the persons and entities that Law Debenture purports to include within the definition as stated. As used in Oaktree's responses, "Settling Parties" means Oaktree, Angelo, JPMorgan, Citicorp, Bank of America, and Merrill Lynch, subject to the objections set forth herein, unless otherwise specified.

51. Oaktree objects to the definition of "Special Committee" on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and that it is not possible to know all of the persons and entities that Law Debenture purports to include within the definition as stated. As used in Oaktree's responses, "Special Committee" means the Special Committee of independent directors formed by Tribune Company's Board of Directors on or about August 27, 2010, unless otherwise specified.

52. Oaktree objects to the definition of "Special Committee Individuals" on the grounds that it is incomprehensible. As used in Oaktree's responses, "Special Committee

-11-

Individuals" means the individual members of the Special Committee of independent directors formed by Tribune Company's Board of Directors on or about August 27, 2010, unless otherwise specified.

53.     Oaktree objects to the definition of "Step One Selling Shareholders" as vague and ambiguous.

54.     Oaktree objects to the definition of "Tender Offer" as vague.

55.     Oaktree objects to the definition of "Third Party Complaint" as vague.

56.     Oaktree objects to the definition of "Tribune" on the grounds that it is incomprehensible, overbroad, vague, ambiguous, unduly burdensome and that it is not possible to know all of the persons and entities that Law Debenture purports to include within the definition as stated. As used in Oaktree's responses, "Tribune" means Tribune Company and its direct and indirect subsidiaries, unless otherwise specified.

57.     Oaktree objects to the definition of "Tribune Individual" on the grounds that it is incomprehensible. As used in Oaktree's responses, "Tribune Individual" means the current officers and directors of Tribune, subject to the objections set forth herein, unless otherwise specified.

58.     Oaktree objects to the definition of "Wells Fargo" on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and that it is not possible to know all of the persons and entities that Law Debenture purports to include within the definition as stated. As used in Oaktree's responses, "Wells Fargo" means Wells Fargo Bank, N.A., unless otherwise specified.

-12-

## OBJECTIONS TO INSTRUCTIONS

59.     Oaktree objects to each of the Instructions to the extent that they impose any obligations that exceed the requirements of the Federal Rules of Civil Procedure, the Local Rules of the United States Bankruptcy Court for the District of Delaware, the Case Management Order, or any other applicable statute, rule, case law, or order.

60.     Oaktree objects to Instructions 1, 2, and 5 as overbroad, vague, ambiguous and unduly burdensome.

61.     Oaktree objects to Instruction 3 as it is overbroad, vague, ambiguous and unduly burdensome.  Oaktree further objects to Instruction 3 to the extent it requires Oaktree to search the files of its counsel, on the grounds of attorney-client privilege, work-product doctrine and/or any other applicable law or privilege.  Oaktree further objects to Instruction 3 to the extent that it seeks information that is not within Oaktree's possession, custody or control including information from Oaktree's counsel, advisors, testifying and non-testifying experts or representatives.

62.     Oaktree objects to Instruction 4 as overbroad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that it seeks information from irrelevant time periods.  Oaktree further objects to Instruction 4 to the extent that it seeks information that is irrelevant, and is not reasonably calculated to lead the discovery of admissible evidence particularly insofar as it seeks information prior to January 1, 2007 or after December 20, 2007 related to the merits of the LBO-Related Causes of Action.

63.     Oaktree objects to Instruction 6 as overbroad and unduly burdensome, and to the extent it is inconsistent with the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy

-13-

Court for the District of Delaware, the Case Management Order, or any other applicable

statute, rule or case law, or order and imposes burdens not required by those authorities.

64.    Oaktree objects to Instruction 7 as overbroad, vague, ambiguous, unduly

burdensome, and to the extent it is inconsistent with the requirements of the Federal Rules of

Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Case Management Order, the

Local Rules of the United States Bankruptcy Court for the District of Delaware, the Case

Management Order, or any other applicable statute, rule, case law, or order and imposes

burdens not required by those authorities.  Oaktree will comply with its obligations under the

Case Management Order regarding information withheld under a claim of privilege.

65.    Oaktree objects to Instruction 8 as overbroad, vague, ambiguous and unduly

burdensome.  Oaktree further objects to Instruction 8 to the extent it seeks to require Oaktree

to search the files of its counsel, on the grounds of attorney-client privilege, work-product

doctrine and/or any other applicable law or privilege.  Oaktree further objects to Instruction 8

to the extent that it seeks information that is not within Oaktree's possession, custody, or

control, including information from Oaktree's counsel, advisors, testifying and non-testifying

experts or representatives.

66.    Oaktree objects to Instruction 9 on the grounds that it is contrary to the Federal

Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules of the

United States Bankruptcy Court for the District of Delaware, the Case Management Order, or

any other applicable statute, rule, case law, or order, and imposes burdens not required by

those authorities.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

Subject to and without waiving the foregoing general objections, which are incorporated herein by reference as if fully set forth in each response, Oaktree objects and responds to the Interrogatories as follows

## INTERROGATORY NO. 1:

Identify all Persons with knowledge or information Concerning the Document Depository, including the materials in the Document Depository furnished by Oaktree, and [sic]

## RESPONSE TO INTERROGATORY NO. 1:

Oaktree objects to Interrogatory No. 1 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Oaktree further objects to Interrogatory No. 1 on the grounds that it calls for the production of Privileged Material.

Oaktree further objects to Interrogatory No. 1 insofar as it purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Subject to and without waiving the foregoing general and specific objections, Oaktree states that all parties to the Depository Order have access to the Document Depository and have been provided an index of the documents in the Document Depository and refers Law Debenture to the Document Depository for the information concerning the materials contained therein pursuant to Federal Rule of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

## INTERROGATORY NO. 2:

Identify all steps taken and instructions given concerning Oaktree's obligation to preserve information in connection with the LBO, the LBO-Related Causes of Action, the Examiner, the Examiner's Report, the Settlement Process, Settlement Analysis, the Mediation, the Complaints, the Preserved Causes of Action and the Special Committee, including but not limited to all litigation hold instructions and efforts to ensure compliance with litigation hold instructions.

-15-

1706617

## RESPONSE TO INTERROGATORY NO. 2:

Oaktree objects to Interrogatory No. 2 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Oaktree further objects to Interrogatory No. 2 on the grounds that it calls for the production of Privileged Material.

Oaktree further objects to Interrogatory No. 2 insofar as it purports to call for identification of "all steps taken and instructions given concerning Oaktree's obligation to preserve information" on the ground that it calls for information outside the scope of discovery contemplated by the Case Management Order, which provides that "[i]nterrogatories shall be restricted solely to those seeking to discover the (i) names of witnesses with knowledge of information relevant to the subject matter of the hearing and (ii) existence, custodian, location and general description of relevant documents, other physical evidence, or information of a similar nature." Case Management Order, ¶ 7.

## INTERROGATORY NO. 3:

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the search terms, custodians, or other information used to identify, gather and/or collect Documents for production or potential production in response to any formal or informal request for discovery previously issued in this bankruptcy case, including but not limited to such requests issued in any related adversary proceeding or by the Examiner or other Person.

## RESPONSE TO INTERROGATORY NO. 3:

Oaktree objects to Interrogatory No. 3 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Oaktree further objects to Interrogatory No. 3 on the grounds that it calls for the production of Privileged Material. Oaktree notes that although Interrogatory No. 3 is framed as if it were one interrogatory, Interrogatory No. 3 contains at least two sub-parts, and

Oaktree objects to Interrogatory No. 3 to the extent it does not clearly set forth discrete sub-parts.

Oaktree further objects to the sub-part of Interrogatory No. 3 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Subject to and without waiving the foregoing general and specific objections, Oaktree refers Law Debenture to the e-mail memorandum from Hennigan, Bennett & Dorman LLP to Parties Entitled to Receive Disclosures Pursuant to Paragraph 35 of the Discovery and Scheduling Order For Plan Confirmation, dated December 24, 2010 for information concerning Oaktree's document collection and production efforts.

Oaktree further objects to the sub-part of Interrogatory No. 3 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome. To the extent that the request for a "general description" of documents is intended to be a request for Oaktree to summarize or characterize documents, Oaktree further objects that such a request is overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Case Management Order.

Subject to and without waiving the forgoing general and specific objections, Oaktree states that, subject to the objections set forth in its RFP Responses, which are incorporated herein by reference, Oaktree will produce non-privileged documents, if any, related to the subject matters set forth in Interrogatory No. 3 in response to Law Debenture Trust Company of New York's First Request For the Production of Documents, to Oaktree (the "RFP"), and refers Law Debenture to those documents pursuant to Federal Rule of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

1706617

Oaktree further objects to the sub-part of Interrogatory No. 3 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome.  Subject to and without waiving the foregoing general and specific objections, Oaktree states, based on its reasonable and good faith investigation to date, that the principal individuals at Oaktree, its advisors, or its counsel with knowledge or information concerning the subjects identified in Interrogatory No. 3 are Ken Liang, Emily Alexander, Maged Marcus, James Johnston and Joshua Mester.

**INTERROGATORY NO. 4:**

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents, or information, Concerning the Settlement Process and any Settlement Analysis.

**RESPONSE TO INTERROGATORY NO. 4:**

Oaktree objects to Interrogatory No. 4 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence.  Oaktree further objects to Interrogatory No. 4 on the grounds that it calls for the production of Privileged Material.  Oaktree notes that although Interrogatory No. 4 is framed as if it were one interrogatory, Interrogatory No. 4 contains at least two sub-parts, and Oaktree objects to Interrogatory No. 4 to the extent it does not clearly set forth discrete sub-parts.

Oaktree further objects to the sub-part of Interrogatory No. 4 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome.  To the extent that the request for a "general description" of documents is intended to be a request for Oaktree to summarize or characterize documents, Oaktree further objects that such a request is overbroad, unduly

burdensome, and improper, on the ground that it calls for information outside the scope of

discovery contemplated by the Case Management Order.

Subject to and without waiving the forgoing general and specific objections, Oaktree

states that, subject to the objections set forth in the RFP Responses, which are incorporated

herein by reference, Oaktree will produce non-privileged documents, if any, related to the

subject matters set forth in Interrogatory No. 4 in response to the RFP, and refers Law

Debenture to those documents pursuant to Federal Rule of Civil Procedure 33(d) made

applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

Oaktree further objects to the sub-part of Interrogatory No. 4 that purports to call for

the identification of "all" persons with knowledge or information as overbroad and unduly

burdensome.  Subject to and without waiving the foregoing general and specific objections,

Oaktree states, based on its reasonable and good faith investigation to date, that the principal

individuals at Oaktree, its advisors, or its counsel with knowledge or information concerning

the subjects identified in Interrogatory No. 4 are Bruce Karsh, Ken Liang, Edgar Lee, Robert

O'Leary, Bruce Bennett, James Johnston and Richard Gerger.

**INTERROGATORY NO. 5:**

Identify all Persons with knowledge or information, and the existence, custodian,
location and general description of Documents or information, Concerning the Examiner's
Report, including any Documents or other information provided to, or withheld from, the
Examiner, and any discussion, consideration or evaluation of the Examiner's Report and any
potential impact of the Examiner's Report on the settlement value of any LBO-Related Causes
of Action.

**RESPONSE TO INTERROGATORY NO. 5:**

Oaktree objects to Interrogatory No. 5 on the grounds that it is overbroad, vague,

ambiguous, unduly burdensome, and is not reasonably calculated to lead to the discovery of

admissible evidence.  Oaktree further objects to Interrogatory No. 5 on the grounds that it calls

for the production of Privileged Material, including specifically, material protected from

disclosure by the Examiner Order and/or the Discharge Order. Oaktree notes that although Interrogatory No. 5 is framed as if it were one interrogatory, Interrogatory No. 5 contains at least four sub-parts, and Oaktree objects to Interrogatory No. 5 to the extent it does not clearly set forth discrete sub-parts.

Oaktree further objects to the sub-part of Interrogatory No. 5 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome. To the extent that the request for a "general description" of documents is intended to be a request for Oaktree to summarize or characterize documents, Oaktree further objects that such a request is overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Case Management Order. Oaktree further objects to the Interrogatory No. 5 to the extent that it calls for "Documents or other information" or any "discussion, consideration or evaluation" as unduly burdensome and beyond the scope of discovery contemplated by the Case Management Order.

Oaktree further objects to the sub-part of Interrogatory No. 5 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome.

Subject to and without waiving the forgoing general and specific objections, Oaktree states that, subject to the objections set forth in the RFP Responses, which are incorporated herein by reference, Oaktree will produce non-privileged documents, if any, related to the subject matters set forth in Interrogatory No. 5 in response to the RFP, and refers Law Debenture to those documents pursuant to Federal Rule of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

Oaktree further objects to the sub-part of Interrogatory No. 5 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Subject to and without waiving the foregoing general and specific objections, Oaktree states, based on its reasonable and good faith investigation to date, that the principal individuals at Oaktree, its advisors, or its counsel with knowledge or information concerning the subjects identified in Interrogatory No. 5 are Ken Liang, Edgar Lee, Andrew Rosenberg, Bruce Bennett, James Johnston and Richard Gerger.

## INTERROGATORY NO. 6:

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the Proposed LBO Settlement, including but not limited to any (a) negotiations, communications, discussion or drafting of the Proposed LBO Settlement, (b) the Persons receiving releases in connection with the Proposed LBO Settlement, and the consideration received from and/or contributed by each such Person in exchange for such release and (c) the bar order contained in the Proposed LBO Settlement and/or Debtor/Committee/Lender Plan.

## RESPONSE TO INTERROGATORY NO. 6:

Oaktree objects to Interrogatory No. 6 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Oaktree further objects to Interrogatory No. 6 on the grounds that it calls for the production of Privileged Material. Oaktree notes that although Interrogatory No. 6 is framed as if it were one interrogatory, Interrogatory No. 6 contains at least two interrogatories, each with three sub-parts, and Oaktree objects to Interrogatory No. 6 to the extent it does not clearly set forth discrete sub-parts.

Oaktree further objects to the sub-part of Interrogatory No. 6 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome. To the extent that the request for a "general description" of documents is intended to be a request for Oaktree to summarize or

-21-

characterize documents, Oaktree further objects that such a request is overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Case Management Order.

Subject to and without waiving the foregoing general and specific objections, Oaktree states that, subject to the objections set forth in the RFP Responses, which are incorporated herein by reference, Oaktree will produce non-privileged documents, if any, related to the subject matters set forth in Interrogatory No. 6 in response to the RFP, and refers Law Debenture to those documents pursuant to Federal Rule of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

Oaktree further objects to the sub-part of Interrogatory No. 6 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Subject to and without waiving the foregoing general and specific objections, Oaktree states, based on its reasonable and good faith investigation to date, that the principal individuals at Oaktree, its advisors, or its counsel with knowledge or information concerning the subjects identified in Interrogatory No. 6 are Bruce Karsh, Ken Liang, Edgar Lee, Robert O'Leary, Bruce Bennett, James Johnston, Joshua Mester and Richard Gerger.

## INTERROGATORY NO. 7:

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning whether any Tribune Individual would or should remain employed by or affiliated with Debtors, including but not limited to the views of any Settling Parties concerning such continued employment or affiliation, and any need or desire of Oaktree or any of the Oaktree Individuals to resolve any of the LBO-Related Causes of Action in connection with, or as a condition to (i) any exit financing for Debtors and/or (ii) Debtors' ability generally to exit bankruptcy.

## RESPONSE TO INTERROGATORY NO. 7:

Oaktree objects to Interrogatory No. 7 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to lead to the discovery of

admissible evidence. Oaktree further objects to Interrogatory No. 7 on the grounds that it calls for the production of Privileged Material. Oaktree further objects to Interrogatory No. 7 to the extent it seeks information more properly sought from parties other than Oaktree, and refers Law Debenture to those parties, including the Debtors, in the first instance. Oaktree notes that although Interrogatory No. 7 is framed as if it were one interrogatory, Interrogatory No. 7 contains at least at least two interrogatories, at least one of which has at least two sub-parts, and Oaktree objects to Interrogatory No. 7 to the extent it does not clearly set forth discrete sub-parts.

Oaktree further objects to the sub-part of Interrogatory No. 7 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome. To the extent that the request for a "general description" of documents is intended to be a request for Oaktree to summarize or characterize documents, Oaktree further objects that such a request is overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Case Management Order.

Subject to and without waiving the foregoing general and specific objections, Oaktree states that, subject to the objections set forth in the RFP Responses, which are incorporated herein by reference, Oaktree will produce non-privileged documents, if any, related to the subject matters set forth in Interrogatory No. 7 in response to the RFP, and refers Law Debenture to those documents pursuant to Federal Rule of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

Oaktree objects also to the sub-part of Interrogatory No. 7 that purports to call for "the views of any Settling Parties" insofar as it refers to Oaktree as overbroad, unduly burdensome,

1706617

and improper, on the ground that it calls for information outside the scope of discovery

contemplated by the Case Management Order.

Oaktree further objects to the sub-part of Interrogatory No. 7 that purports to call for

the identification of "all" persons with knowledge or information as overbroad and unduly

burdensome. Subject to and without waiving these objections, Oaktree states, based on its

reasonable and good faith investigation to date, that the principal individuals at Oaktree, its

advisors, or its counsel with knowledge or information concerning the subjects identified in

Interrogatory No. 7 are Bruch Karsh, Ken Liang, Edgar Lee, and Robert O'Leary.

## INTERROGATORY NO. 8:

Identify all Persons with knowledge or information, and the existence, custodian,
location and general description of Documents or information, Concerning the decision to
make Don Liebentritt Debtors' Chief Restructuring Officer, including but not limited to
whether Liebentritt's continuing role as general counsel for Debtors created a conflict of
interest or the appearance of a conflict of interest.

## RESPONSE TO INTERROGATORY NO. 8:

Oaktree objects to Interrogatory No. 8 on the grounds that it is overbroad, vague,

ambiguous, unduly burdensome, and is not reasonably calculated to lead to the discovery of

admissible evidence. Oaktree further objects to Interrogatory No. 8 on the grounds that it calls

for the production of Privileged Material. Oaktree further objects to Interrogatory No. 8 to the

extent it seeks information more properly sought from parties other than Oaktree, and refers

Law Debenture to those parties, including the Debtors, in the first instance. Oaktree notes that

although Interrogatory No. 8 is framed as if it were one interrogatory, Interrogatory No. 8

contains at least two sub-parts, and Oaktree objects to Interrogatory No. 8 to the extent it does

not clearly set forth discrete sub-parts.

Oaktree further objects to the sub-part of Interrogatory No. 8 that purports to call for

"the existence, custodian, location and general description of Documents or information" on

the grounds that it is overbroad and unduly burdensome. To the extent that the request for a "general description" of documents is intended to be a request for Oaktree to summarize or characterize documents, Oaktree further objects that such a request is overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Case Management Order.

Subject to and without waiving these objections, Oaktree states that, subject to the objections set forth in the RFP Responses, which are incorporated herein by reference, Oaktree will produce non-privileged documents, if any, related to the subject matters set forth in Interrogatory No. 8 in response to the RFP, and refers Law Debenture to those documents pursuant to Federal Rule of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

Oaktree further objects to the sub-part of Interrogatory No. 8 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Subject to and without waiving the foregoing general and specific objections, Oaktree states that, based on its reasonable and good faith investigation to date, no individual at Oaktree, its advisors, or its counsel has knowledge or information concerning the subjects identified in Interrogatory No. 8.

**INTERROGATORY NO. 9:**

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the Special Committee.

**RESPONSE TO INTERROGATORY NO. 9:**

Oaktree objects to Interrogatory No. 9 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Oaktree further objects to Interrogatory No. 9 on the grounds that it calls

-25-

for the production of Privileged Material. Oaktree further objects to Interrogatory No. 9 to the extent it seeks information more properly sought from parties other than Oaktree, and refers Law Debenture to those parties, including the Debtors, in the first instance. Oaktree notes that although Interrogatory No. 9 is framed as if it were one interrogatory, Interrogatory No. 9 contains at least two sub-parts, and Oaktree objects to Interrogatory No. 9 to the extent it does not clearly set forth discrete sub-parts.

Oaktree further objects to the sub-part of Interrogatory No. 9 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome. To the extent that the request for a "general description" of documents is intended to be a request for Oaktree to summarize or characterize documents, Oaktree further objects that such a request is overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Case Management Order.

Subject to and without waiving these objections, Oaktree states that, subject to the objections set forth in the RFP Responses, which are incorporated herein by reference, Oaktree will produce non-privileged documents, if any, related to the subject matters set forth in Interrogatory No. 9 in response to the RFP, and refers Law Debenture to those documents pursuant to Federal Rule of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

Oaktree further objects to the sub-part of Interrogatory No. 9 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Subject to and without waiving the foregoing general and specific objections, Oaktree states, based on its reasonable and good faith investigation to date, that the principal

-26-

individuals at Oaktree, its advisors, or its counsel with knowledge or information concerning

the subjects identified in Interrogatory No. 9 are Bruch Karsh, Ken Liang and Edgar Lee.

## INTERROGATORY NO. 10:

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the Reorganized Value Analysis, the Enterprise Value, or the Equity Value (as each of those terms are defined and used in the General Disclosure Statement), including, but not limited to, the allocation of Enterprise Value or Equity Value as between the various Debtor entities, all business plans, projections, forecasts, market reports, financial information and any other Documents and information relating to the valuation of Debtors and/or allocation of value between and among the Debtors generated on or after January 1,2010.

## RESPONSE TO INTERROGATORY NO. 10:

Oaktree objects to Interrogatory No. 10 on the grounds that it is overbroad, vague,

ambiguous, unduly burdensome, and is not reasonably calculated to lead to the discovery of

admissible evidence. Oaktree further objects to Interrogatory No. 10 on the grounds that it

calls for the production of Privileged Material. Oaktree further objects to Interrogatory No. 10

to the extent it seeks information more properly sought from parties other than Oaktree, and

refers Law Debenture to those parties, including the Debtors, in the first instance. Oaktree

notes that although Interrogatory No. 10 is framed as if it were one interrogatory, Interrogatory

No. 10 contains at least two sub-parts, and Oaktree objects to Interrogatory No. 10 to the

extent it does not clearly set forth discrete sub-parts.

Oaktree further objects to the sub-part of Interrogatory No. 10 that purports to call for

"the existence, custodian, location and general description of Documents or information" on

the grounds that it is overbroad and unduly burdensome. To the extent that the request for a

"general description" of documents is intended to be a request for Oaktree to summarize or

characterize documents, Oaktree further objects that such a request is overbroad, unduly

burdensome, and improper, on the ground that it calls for information outside the scope of

discovery contemplated by the Case Management Order.

-27-

Subject to and without waiving the foregoing general and specific objections, Oaktree states that, subject to the objections set forth in the RFP Responses, which are incorporated herein by reference, Oaktree will produce non-privileged documents, if any, related to the subject matters set forth in Interrogatory No. 10 in response to the RFP, and refers Law Debenture to those documents pursuant to Federal Rule of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

Oaktree further objects to Interrogatory No. 10 to the extent it calls for disclosure of expert witness information. Oaktree states that it will comply with the Case Management Order entered by the Court and Rule 26 of the Federal Rules of Civil Procedure regarding the disclosure of expert witness information.

. Oaktree further objects to the sub-part of Interrogatory No. 10 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Subject to and without waiving the foregoing general and specific objections, Oaktree states, based on its reasonable and good faith investigation to date, that the principal individuals at Oaktree, its advisors, or its counsel with knowledge or information concerning the subjects identified in Interrogatory No. 10 are Bruce Karsh, Ken Liang, Edgar Lee, Robert O'Leary and Richard Gerger.

**INTERROGATORY NO. 11:**

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning Oaktree's determination that the Proposed LBO Settlement is in the best interest of the Estate and should be approved and/or that the Debtor/Committee/Lender Plan should be confirmed.

**RESPONSE TO INTERROGATORY NO. 11:**

Oaktree objects to Interrogatory No. 11 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to lead to the discovery of . admissible evidence. Oaktree further objects to Interrogatory No. 11 on the grounds that it

calls for Privileged Material. Oaktree notes that although Interrogatory No. 11 is framed as if it were one interrogatory, Interrogatory No. 11 contains at least two sub-parts, and Oaktree objects to Interrogatory No. 11 to the extent it does not clearly set forth discrete sub-parts.

Oaktree further objects to the sub-part of Interrogatory No. 11 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome. To the extent that the request for a "general description" of documents is intended to be a request for Oaktree to summarize or characterize documents, Oaktree further objects that such a request is overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Case Management Order.

Subject to and without waiving the foregoing general and specific objections, Oaktree states that, subject to the objections set forth in the RFP Responses, which are incorporated herein by reference, Oaktree will produce non-privileged documents, if any, related to the subject matters set forth in Interrogatory No. 11 in response to the RFP, and refers Law Debenture to those documents pursuant to Federal Rule of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

Oaktree further objects to the sub-part of Interrogatory No. 11 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Subject to the foregoing general and specific objections, Oaktree states, based on its reasonable and good faith investigation to date, that the principal individuals at Oaktree, its advisors, or its counsel with knowledge or information concerning the subjects identified in Interrogatory No. 11 are Bruce Karsh, Ken Liang, Edgar Lee, Robert O'Leary, Bruce Bennett, James Johnston, and Richard Gerger.

## INTERROGATORY NO. 12:

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning any potential, proposed, or actual plan(s) of reorganization for the Debtors that have been considered, discussed, or negotiated, including but not limited to the so called "purity plan," any other plan(s) that would put all LBO-Related Causes of Action into trusts for post-emergence resolution, and/or any plan(s) that would establish a reserve for distributions to any of the Settling Parties.

## RESPONSE TO INTERROGATORY NO. 12:

Oaktree objects to Interrogatory No. 12 on the grounds that it is overbroad, vague

(particularly insofar as it refers to an undefined "purity plan"), ambiguous, incomprehensible,

unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible

evidence. Oaktree further objects to Interrogatory No. 12 on the grounds that it calls for the

production of Privileged Material. Oaktree further objects to Interrogatory No. 12 to the extent

it seeks information more properly sought from parties other than Oaktree, and refers Law

Debenture to those parties, including the Debtors and the Committee, in the first instance.

Oaktree notes that although Interrogatory No. 12 is framed as if it were one interrogatory,

Interrogatory No. 12 contains at least two sub-parts, and Oaktree objects to Interrogatory No.

12 to the extent it does not clearly set forth discrete sub-parts.

Oaktree further objects to the sub-part of Interrogatory No. 12 that purports to call for

"the existence, custodian, location and general description of Documents or information" on

the grounds that it is overbroad and unduly burdensome. To the extent that the request for a

"general description" of documents is intended to be a request for Oaktree to summarize or

characterize documents, Oaktree further objects that such a request is overbroad, unduly

burdensome, and improper, on the ground that it calls for information outside the scope of

discovery contemplated by the Case Management Order.

Subject to and without waiving the foregoing general and specific objections, Oaktree

states that, subject to the objections set forth in the RFP Responses, which are incorporated

herein by reference, Oaktree will produce non-privileged documents, if any, related to the

subject matters set forth in Interrogatory No. 12 in response to the RFP, and refers Law

Debenture to those documents pursuant to Federal Rule of Civil Procedure 33(d) made

applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

Oaktree further objects to the sub-part of Interrogatory No. 12 that purports to call for

the identification of "all" persons with knowledge or information as overbroad and unduly

burdensome. Subject to and without waiving the foregoing general and specific objections,

Oaktree states, based on its reasonable and good faith investigation to date, that the principal

individuals at Oaktree, its advisors, or its counsel with knowledge or information concerning

the subjects identified in Interrogatory No. 12 are Bruce Karsh, Ken Liang, Edgar Lee, Robert

O'Leary, Bruce Bennett, James Johnston, Joshua Mester and Richard Gerger.

## INTERROGATORY NO. 13:

Identify all Persons with knowledge or information, and the existence, custodian,
location and general description of Documents or information, Concerning the Preserved
Causes of Action, including but not limited to any discussion, consideration, analysis, review,
assessment or evaluation of placing Preserved Causes of Action in the Creditors' Trust (as
defined on Page 8 of the Debtor/Committee/Lender Plan) or the Litigation Trust (as defined on
Page 16 of the Debtor/Committee/Lender Plan).

## RESPONSE TO INTERROGATORY NO. 13:

Oaktree objects to Interrogatory No. 13 on the grounds that it is overbroad, vague,

ambiguous, unduly burdensome, and is not reasonably calculated to lead to the discovery of

admissible evidence. Oaktree further objects to Interrogatory No. 13 on the grounds that it

calls for the production of Privileged Material. Oaktree further objects to Interrogatory No. 13

to the extent it seeks information more properly sought from parties other than Oaktree, and

refers Law Debenture to those parties, including the Committee, in the first instance. Oaktree

notes that although Interrogatory No. 13 is framed as if it were one interrogatory, Interrogatory No. 13 contains at least two sub-parts, and Oaktree objects to Interrogatory No. 13 to the extent it does not clearly set forth discrete sub-parts.

Oaktree further objects to the sub-part of Interrogatory No. 13 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome. To the extent that the request for a "general description" of documents is intended to be a request for Oaktree to summarize or characterize documents, Oaktree further objects that such a request is overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Case Management Order.

Subject to and without waiving the forgoing general and specific objections, Oaktree states that, subject to the objections set forth in the RFP Responses, which are incorporated herein by reference, Oaktree will produce non-privileged documents, if any, related to the subject matters set forth in Interrogatory No. 13 in response to the RFP, and refers Law Debenture to those documents pursuant to Federal Rule of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

Oaktree further objects to the sub-part of Interrogatory No. 13 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Subject to and without waiving the foregoing general and specific objections, Oaktree states, based on its reasonable and good faith investigation to date, that the principal individuals at Oaktree, its advisors, or its counsel with knowledge or information concerning the subjects identified in Interrogatory No. 13 are Ken Liang, Edgar Lee, Bruce Bennett, James Johnston, Joshua Mester and Richard Gerger.

-32-

## INTERROGATORY NO. 14:

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the allocation of any proceeds to be distributed by any of the trusts created by any plan of reorganization for the Debtors.

## RESPONSE TO INTERROGATORY NO. 14:

Oaktree objects to Interrogatory No. 14 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Oaktree further objects to Interrogatory No. 14 on the grounds that it calls for the production of Privileged Material. Oaktree further objects to Interrogatory No. 14 to the extent it seeks information more properly sought from parties other than Oaktree, and refers Law Debenture to those parties, including the Committee, in the first instance. Oaktree notes that although Interrogatory No. 14 is framed as if it were one interrogatory, Interrogatory No. 14 contains at least two sub-parts, and Oaktree objects to Interrogatory No. 14 to the extent it does not clearly set forth discrete sub-parts.

Oaktree further objects to the sub-part of Interrogatory No. 14 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome. To the extent that the request for a "general description" of documents is intended to be a request for Oaktree to summarize or characterize documents, Oaktree further objects that such a request is overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Case Management Order.

Subject to and without waiving the forgoing general and specific objections, Oaktree states that, subject to the objections set forth in the RFP Responses, which are incorporated herein by reference, Oaktree will produce non-privileged documents, if any, related to the subject matters set forth in Interrogatory No. 14 in response to the RFP, and refers Law

-33-

Debenture to those documents pursuant to Federal Rule of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

Oaktree further objects to Interrogatory No. 14 to the extent it calls for disclosure of expert witness information. Oaktree states that it will comply with the Case Management Order entered by the Court and Rule 26 of the Federal Rules of Civil Procedure regarding the disclosure of expert witness information.

Oaktree further objects to the sub-part of Interrogatory No. 14 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Subject to and without waiving the foregoing general and specific objections, Oaktree states, based on its reasonable and good faith investigation to date, that the principal individuals at Oaktree, its advisors, or its counsel with knowledge or information concerning the subjects identified in Interrogatory No. 14 are Ken Liang, Edgar Lee, Bruce Bennett, James Johnston, Joshua Mester and Richard Gerger.

## INTERROGATORY NO. 15:

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning any (i) intercompany claims (ii) intercompany claims analysis, and (iii) the Intercompany Claims Settlement, as that term is used in the Specific Disclosure Statement relating to the Debtor/Committee/Lender Plan.

## RESPONSE TO INTERROGATORY NO. 15:

Oaktree objects to Interrogatory No. 15 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Oaktree further objects to Interrogatory No. 15 on the grounds that it calls for the production of Privileged Material. Oaktree further objects to Interrogatory No. 15 to the extent it seeks information more properly sought from parties other than Oaktree, and refers Law Debenture to those parties, including the Debtors, in the first instance. Oaktree

notes that although Interrogatory No. 15 is framed as if it were one interrogatory, Interrogatory No. 15 contains at least two interrogatories, each with at least three sub-parts, and Oaktree objects to Interrogatory No. 15 to the extent it does not clearly set forth discrete sub-parts.

Oaktree further objects to the sub-part of Interrogatory No. 15 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome. To the extent that the request for a "general description" of documents is intended to be a request for Oaktree to summarize or characterize documents, Oaktree further objects that such a request is overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Case Management Order.

Subject to and without waiving the forgoing general and specific objections, Oaktree states that, subject to the objections set forth in the RFP Responses, which are incorporated herein by reference, Oaktree will produce non-privileged documents, if any, related to the subject matters set forth in Interrogatory No. 15 in response to the RFP, and refers Law Debenture to those documents pursuant to Federal Rule of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

Oaktree further objects to Interrogatory No. 15 to the extent it calls for disclosure of expert witness information. Oaktree states that it will comply with the Case Management Order entered by the Court and Rule 26 of the Federal Rules of Civil Procedure regarding the disclosure of expert witness information.

Oaktree further objects to the sub-part of Interrogatory No. 15 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Subject to and without waiving the foregoing general and specific objections, Oaktree states, based on its reasonable and good faith investigation to date, that the principal

-35-

individuals at Oaktree, its advisors, or its counsel with knowledge or information concerning

the subjects identified in Interrogatory No. 15 are Ken Liang, Edgar Lee, Bruce Bennett, James

Johnston, Joshua Mester and Richard Gerger.

## INTERROGATORY NO. 16:

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the purchase, sale, assignment, or other acquisition or disposition by any of (a) the Tribune Individuals, (b) the Special Committee Individuals, (c) the Committee Individuals or (d) the Settling Parties of any interest in the Senior Notes, PHONES Notes, Senior Loans or Bridge Loans or any other economic interest in or tied to Tribune, including, but not limited to, any debt or equity interests, swaps, derivatives, or options including, but not limited to the instruments by which such Person purchased, sold, assigned, or otherwise acquired or disposed of any interest in the LBO Lender Debt.

## RESPONSE TO INTERROGATORY NO. 16:

Oaktree objects to Interrogatory No. 16 on the grounds that it is overbroad, vague,

ambiguous, unduly burdensome, and is not reasonably calculated to lead to the discovery of

admissible evidence. Oaktree further objects to Interrogatory No. 16 to the extent it seeks

information more properly sought from parties other than Oaktree. Oaktree notes that although

Interrogatory No. 16 is framed as if it were one interrogatory, Interrogatory No. 16 contains at

least two interrogatories, each with at least four sub-parts, and Oaktree objects to Interrogatory

No. 16 to the extent it does not clearly set forth discrete sub-parts.

Oaktree further objects to the sub-part of Interrogatory No. 16 that purports to call for

"the existence, custodian, location and general description of Documents or information" on

the grounds that it is overbroad and unduly burdensome. To the extent that the request for a

"general description" of documents is intended to be a request for Oaktree to summarize or

characterize documents, Oaktree further objects that such a request is overbroad, unduly

burdensome, and improper, on the ground that it calls for information outside the scope of

discovery contemplated by the Case Management Order.

Oaktree further objects to Interrogatory No. 16 on the grounds that it calls for the

production of information, or documents, containing confidential financial, trade secret or

proprietary information, the disclosure of which would or could adversely affect Oaktree.

Oaktree further objects to the sub-part of Interrogatory No. 16 that purports to call for

the identification of "all" persons with knowledge or information as overbroad and unduly

burdensome.

## INTERROGATORY NO. 17:

Identify all Persons with knowledge or information, and the existence, custodian,
location and general description of Documents or information, Concerning claims made or
threatened by any Person arising from or relating to the LBO, including but not limited to any
related demand letters or other correspondence, all pleadings (other than the Complaints),
discovery requests, objections and responses to discovery requests, deposition and hearing
transcripts, decisions and orders, settlement discussions and settlements.

## RESPONSE TO INTERROGATORY NO. 17:

Oaktree objects to Interrogatory No. 17 on the grounds that it is overbroad, vague,

ambiguous, unduly burdensome, incomprehensible and is not reasonably calculated to lead to

the discovery of admissible evidence.  Oaktree further objects to Interrogatory No. 17 to the

extent it seeks information more properly sought from parties other than Oaktree, and refers

Law Debenture to those parties, including the Debtors, the Committee, Wilmington Trust

Company, Successor Indenture Trustee for the PHONES Notes, and itself, in the first instance.

Oaktree further objects to Interrogatory No. 17 to the extent that the information sought is

publicly available.  Oaktree notes that although Interrogatory No. 17 is framed as if it were one

interrogatory, Interrogatory No. 17 contains at least two sub-parts, and Oaktree objects to

Interrogatory No. 17 to the extent it does not clearly set forth discrete sub-parts.

Oaktree further objects to the sub-part of Interrogatory No. 17 that purports to call for

"the existence, custodian, location and general description of Documents or information" on

the grounds that it is overbroad and unduly burdensome.  To the extent that the request for a

-37-

"general description" of documents is intended to be a request for Oaktree to summarize or characterize documents, Oaktree further objects that such a request is overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Case Management Order.

Subject to and without waiving the forgoing general and specific objections, Oaktree states that, subject to the objections set forth in the RFP Responses, which are incorporated herein by reference, Oaktree will produce non-privileged documents, if any, related to the subject matters set forth in Interrogatory No. 17 in response to the RFP, and refers Law Debenture to those documents pursuant to Federal Rule of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

Oaktree further objects to the sub-part of Interrogatory No. 17 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Subject to and without waiving the foregoing general and specific objections, Oaktree states, based on its reasonable and good faith investigation to date, that the principal individuals at Oaktree, its advisors, or its counsel with knowledge or information concerning the subjects identified in Interrogatory No. 17 are Bruce Bennett and James Johnston.

### INTERROGATORY NO. 18:

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning any conflict or potential conflict of interest relating to participation in Settlement Analysis or the Settlement Process by any Person (including any board of directors or subcommittee thereof, and any lawyer, law firm or other Professional), and any efforts, discussion or consideration of efforts to waive, mitigate, limit or eliminate any such conflict or potential conflict of interest, including but not limited to the consideration and selection of Professionals to consult with, advise or represent Oaktree, whether or not ultimately retained.

### RESPONSE TO INTERROGATORY NO. 18:

Oaktree objects to Interrogatory No. 18 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to lead to the discovery of

-38-

admissible evidence. Oaktree further objects to Interrogatory No. 18 on the grounds that it

calls for the production of Privileged Material. Oaktree further objects to Interrogatory No. 17

to the extent it seeks information more properly sought from parties other than Oaktree, and

refers Law Debenture to those parties, including the Debtors and the Committee, in the first

instance. Oaktree notes that although Interrogatory No. 18 is framed as if it were one

interrogatory, Interrogatory No. 18 contains at least two sub-parts, each with at least three sub-

parts, and Oaktree objects to Interrogatory No. 18 to the extent it does not clearly set forth

discrete sub-parts.

Oaktree further objects to the sub-part of Interrogatory No. 18 that purports to call for

"the existence, custodian, location and general description of Documents or information" on

the grounds that it is overbroad and unduly burdensome. To the extent that the request for a

"general description" of documents is intended to be a request for Oaktree to summarize or

characterize documents, Oaktree further objects that such a request is overbroad, unduly

burdensome, and improper, on the ground that it calls for information outside the scope of

discovery contemplated by the Case Management Order.

Subject to and without waiving the forgoing general and specific objections, Oaktree

states that, subject to the objections set forth in the RFP Responses, which are incorporated

herein by reference, Oaktree will produce non-privileged documents, if any, related to the

subject matters set forth in Interrogatory No. 18 in response to the RFP, and refers Law

Debenture to those documents pursuant to Federal Rule of Civil Procedure 33(d) made

applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

Oaktree further objects to the sub-part of Interrogatory No. 18 that purports to call for

the identification of "all" persons with knowledge or information as overbroad and unduly

burdensome. Subject to and without waiving the foregoing general and specific objections,

Oaktree states, based on its reasonable and good faith investigation to date, that the principal

individuals at Oaktree, its advisors, or its counsel with knowledge or information concerning

the subjects identified in Interrogatory No. 18 are Bruce Bennett and James Johnston.

**INTERROGATORY NO. 19:**

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the Step One Selling Shareholders, including but not limited to the determination to provide releases to Step One Selling Shareholders and the consideration for such releases to be received from or contributed by Step One Selling Shareholders in exchange for such releases.

**RESPONSE TO INTERROGATORY NO. 19:**

Oaktree objects to Interrogatory No. 19 on the grounds that it is overbroad, vague,

ambiguous, unduly burdensome, and is not reasonably calculated to lead to the discovery of

admissible evidence. Oaktree further objects to Interrogatory No. 19 on the grounds that it

calls for the production of Privileged Material. Oaktree further objects to Interrogatory No. 19

to the extent it seeks information more properly sought from parties other than Oaktree, and

refers Law Debenture to those parties, including the Debtors, in the first instance. Oaktree

notes that although Interrogatory No. 19 is framed as if it were one interrogatory, Interrogatory

No. 19 contains at least two sub-parts, and Oaktree objects to Interrogatory No. 19 to the

extent it does not clearly set forth discrete sub-parts.

Oaktree further objects to the sub-part of Interrogatory No. 19 that purports to call for

"the existence, custodian, location and general description of Documents or information" on

the grounds that it is overbroad and unduly burdensome. To the extent that the request for a

"general description" of documents is intended to be a request for Oaktree to summarize or

characterize documents, Oaktree further objects that such a request is overbroad, unduly

burdensome, and improper, on the ground that it calls for information outside the scope of

discovery contemplated by the Case Management Order.

1706617

Subject to and without waiving the forgoing general and specific objections, Oaktree states that, subject to the objections set forth in the RFP Responses, which are incorporated herein by reference, Oaktree will produce non-privileged documents, if any, related to the subject matters set forth in Interrogatory No. 19 in response to the RFP, and refers Law Debenture to those documents pursuant to Federal Rule of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

Oaktree further objects to the sub-part of Interrogatory No. 19 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Subject to and without waiving the foregoing general and specific objections, Oaktree states, based on its reasonable and good faith investigation to date, that the principal individuals at Oaktree, its advisors, or its counsel with knowledge or information concerning the subjects identified in Interrogatory No. 19 are Ken Liang, Edgar Lee, Bruce Bennett, James Johnston, Joshua Mester and Richard Gerger.

## INTERROGATORY NO. 20:

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the projected valuation and capitalization of the Debtors post-bankruptcy, including documents or information relating to leverage, liquidity and pro-forma cap structure.

## RESPONSE TO INTERROGATORY NO. 20:

Oaktree objects to Interrogatory No. 20 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Oaktree further objects to Interrogatory No. 20 on the grounds that it calls for the production of Privileged Material. Oaktree further objects to Interrogatory No. 20 to the extent it seeks information more properly sought from parties other than Oaktree, and refers Law Debenture to those parties, including the Debtors, in the first instance. Oaktree notes that although Interrogatory No. 20 is framed as if it were one interrogatory, Interrogatory

-41-

No. 20 contains at least two sub-parts, and Oaktree objects to Interrogatory No. 20 to the extent it does not clearly set forth discrete sub-parts.

Oaktree further objects to the sub-part of Interrogatory No. 20 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome. To the extent that the request for a "general description" of documents is intended to be a request for Oaktree to summarize or characterize documents, Oaktree further objects that such a request is overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Case Management Order.

Subject to and without waiving the forgoing general and specific objections, Oaktree states that, subject to the objections set forth in the RFP Responses, which are incorporated herein by reference, Oaktree will produce documents related to the subject matters set forth in Interrogatory No. 20 in response to the RFP, and refers Law Debenture to those documents pursuant to Federal Rule of Civil Procedure 33(d) made applicable hereto by Federal Rules of Bankruptcy Procedure 7033 and 9014.

Oaktree further objects to Interrogatory No. 20 to the extent it calls for disclosure of expert witness information. Oaktree states that it will comply with the Case Management Order entered by the Court and Rule 26 of the Federal Rules of Civil Procedure regarding the disclosure of expert witness information.

Oaktree further objects to the sub-part of Interrogatory No. 20 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome. Subject to and without waiving the foregoing general and specific objections, Oaktree states, based on its reasonable and good faith investigation to date, that the principal individuals at Oaktree, its advisors, or its counsel with knowledge or information concerning

the subjects identified in Interrogatory No. 20 are Ken Liang, Edgar Lee, Robert O'Leary and

Richard Gerger.

## INTERROGATORY NO. 21:

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning any direct or indirect economic interest in Tribune held by any of the Oaktree Individuals, Tribune Individuals or any of the Settling Parties, including, but not limited to, claims for which any of the Oaktree Individuals, Tribune Individuals or any of the Settling Parties has the ability to control the vote of (either contractually or otherwise), long positions, short positions, swap positions, participations and any other derivative positions, by tranche or series, if applicable, including the date of issuance of such tranche or series, and any short positions or derivative exposure.

## RESPONSE TO INTERROGATORY NO. 21:

Oaktree objects to Interrogatory No. 21 on the grounds that it is overbroad, vague,

ambiguous, unduly burdensome, and is not reasonably calculated to lead to the discovery of

admissible evidence.  Oaktree further objects to Interrogatory No. 21 on the grounds that it

calls for the production of Privileged Material.  Oaktree further objects to Interrogatory No. 21

to the extent it seeks information more properly sought from parties other than Oaktree.

Oaktree notes that although Interrogatory No. 21 is framed as if it were one interrogatory,

Interrogatory No. 21 contains at least two sub-parts, and Oaktree objects to Interrogatory No.

21 to the extent it does not clearly set forth discrete sub-parts.

Oaktree further objects to the sub-part of Interrogatory No. 21 that purports to call for

"the existence, custodian, location and general description of Documents or information" on

the grounds that it is overbroad and unduly burdensome.  To the extent that the request for a

"general description" of documents is intended to be a request for Oaktree to summarize or

characterize documents, Oaktree further objects that such a request is overbroad, unduly

burdensome, and improper, on the ground that it calls for information outside the scope of

discovery contemplated by the Case Management Order.

1706617

Oaktree further objects to Interrogatory No. 21 on the grounds that it calls for the production of information, or documents, containing confidential financial, trade secret or proprietary information, the disclosure of which would or could adversely affect Oaktree.

Oaktree further objects to the sub-part of Interrogatory No. 21 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome.

## INTERROGATORY NO. 22:

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning any direct or indirect ownership, or other financial interest, including any debt interest, held or managed by Oaktree or any Oaktree Individual in any Broadcasting Entity, including but not limited to Liberman Broadcasting and Townsquare Media.

## RESPONSE TO INTERROGATORY NO. 22:

Oaktree objects to Interrogatory No. 22 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Oaktree further objects to Interrogatory No. 22 on the grounds that it calls for the production of Privileged Material. Oaktree further objects to Interrogatory No. 22 to the extent it seeks information more properly sought from parties other than Oaktree. Oaktree notes that although Interrogatory No. 22 is framed as if it were one interrogatory, Interrogatory No. 22 contains at least two sub-parts, and Oaktree objects to Interrogatory No. 22 to the extent it does not clearly set forth discrete sub-parts.

Oaktree further objects to the sub-part of Interrogatory No. 22 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome. To the extent that the request for a "general description" of documents is intended to be a request for Oaktree to summarize or characterize documents, Oaktree further objects that such a request is overbroad, unduly

-44-

·burdensome, and improper, on the ground that it calls for information outside the scope of

discovery contemplated by the Case Management Order.

Oaktree further objects to Interrogatory No. 22 on the grounds that it calls for the

production of information, or documents, containing confidential financial, trade secret or

proprietary information, the disclosure of which would or could adversely affect Oaktree.

Oaktree further objects to Interrogatory No. 22 on the grounds that it constitutes an

improper attempt to circumvent applicable FCC rules, Communications Act provisions, or

ongoing FCC proceedings, or that it seeks information that is publicly accessible or that can

more easily be obtained from the Media Ownership Certification to be submitted by January

16, 2011.

Oaktree further objects to the sub-part of Interrogatory No. 22 that purports to call for

the identification of "all" persons with knowledge or information as overbroad and unduly

burdensome.

## INTERROGATORY NO. 23:

Identify all Persons with knowledge or information, and the existence, custodian,
location and general description of Documents or information, Concerning the application of
the FCC's broadcast multiple ownership and cross-ownership rules (as discussed in the
Disclosure Statement to the Debtor/Committee/Lender Plan) to the holding by Oaktree or any
Oaktree Individual of a direct or indirect ownership, financial (including debt) or other interest
in Tribune and any other Broadcasting Entity, including but not limited to Liberman
Broadcasting and Townsquare Media, whether or not Oaktree considers such interest to be
attributable under the FCC's rules.

## RESPONSE TO INTERROGATORY NO. 23:

Oaktree objects to Interrogatory No. 23 on the grounds that it is overbroad, vague,

ambiguous, unduly burdensome, and is not reasonably calculated to lead to the discovery of

admissible evidence. Oaktree further objects to Interrogatory No. 23 on the grounds that it

calls for the production of Privileged Material. Oaktree further objects to Interrogatory No. 23

to the extent it seeks information more properly sought from parties other than Oaktree.

-45-

Oaktree notes that although Interrogatory No. 23 is framed as if it were one interrogatory, Interrogatory No. 23 contains at least two sub-parts, and Oaktree objects to Interrogatory No. 23 to the extent it does not clearly set forth discrete sub-parts.

Oaktree further objects to the sub-part of Interrogatory No. 23 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome. To the extent that the request for a "general description" of documents is intended to be a request for Oaktree to summarize or characterize documents, Oaktree further objects that such a request is overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Case Management Order.

Oaktree further objects to Interrogatory No. 23 on the grounds that it calls for the production of information, or documents, containing confidential financial, trade secret or proprietary information, the disclosure of which would or could adversely affect Oaktree.

Oaktree further objects to Interrogatory No. 23 on the grounds that it constitutes an improper attempt to circumvent applicable FCC rules, Communications Act provisions, or ongoing FCC proceedings, or that it seeks information that is publicly accessible or that can more easily be obtained from the Media Ownership Certification to be submitted by January 16, 2011.

Oaktree further objects to the sub-part of Interrogatory No. 23 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome.

### INTERROGATORY NO. 24:

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning any direct or indirect ownership, or other financial interest, including any debt interest, held or managed by Oaktree or any Oaktree Individual in any Daily Newspaper or Publishing Entity.

-46-

## RESPONSE TO INTERROGATORY NO. 24:

Oaktree objects to Interrogatory No. 24 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence.  Oaktree further objects to Interrogatory No. 24 on the grounds that it calls for the production of Privileged Material.  Oaktree further objects to Interrogatory No. 24 to the extent it seeks information more properly sought from parties other than Oaktree.  Oaktree notes that although Interrogatory No. 24 is framed as if it were one interrogatory, Interrogatory No. 24 contains at least two sub-parts, and Oaktree objects to Interrogatory No. 24 to the extent it does not clearly set forth discrete sub-parts.

Oaktree further objects to the sub-part of Interrogatory No. 24 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome.  To the extent that the request for a "general description" of documents is intended to be a request for Oaktree to summarize or characterize documents, Oaktree further objects that such a request is overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Case Management Order.

Oaktree further objects to Interrogatory No. 24 on the grounds that it calls for the production of information, or documents, containing confidential financial, trade secret or proprietary information, the disclosure of which would or could adversely affect Oaktree.

Oaktree further objects to Interrogatory No. 24 on the grounds that it constitutes an improper attempt to circumvent applicable FCC rules, Communications Act provisions, or ongoing FCC proceedings, or that it seeks information that is publicly accessible or that can more easily be obtained from the Media Ownership Certification to be submitted by January 16, 2011.

-47-

1706617

Oaktree further objects to the sub-part of Interrogatory No. 24 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome.

## INTERROGATORY NO. 25:

Identify all Persons with knowledge or information, and the existence, custodian, location and general description of Documents or information, Concerning the application of the FCC's broadcast multiple ownership and cross-ownership rules (as discussed in the Disclosure Statement to the Debtor/Committee/Lender Plan) to the holding by Oaktree or any Oaktree Individual of a direct or indirect ownership, financial (including debt) or other interest in Tribune and any other Daily Newspaper or Publishing Entity, whether or not Oaktree considers such interest to be attributable under the FCC's rules.

## RESPONSE TO INTERROGATORY NO. 25:

Oaktree objects to Interrogatory No. 25 on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Oaktree further objects to Interrogatory No. 25 on the grounds that it calls for the production of Privileged Material. Oaktree further objects to Interrogatory No. 25 to the extent it seeks information more properly sought from parties other than Oaktree. Oaktree notes that although Interrogatory No. 25 is framed as if it were one interrogatory, Interrogatory No. 25 contains at least two sub-parts, and Oaktree objects to Interrogatory No. 25 to the extent it does not clearly set forth discrete sub-parts.

Oaktree further objects to the sub-part of Interrogatory No. 25 that purports to call for "the existence, custodian, location and general description of Documents or information" on the grounds that it is overbroad and unduly burdensome. To the extent that the request for a "general description" of documents is intended to be a request for Oaktree to summarize or characterize documents, Oaktree further objects that such a request is overbroad, unduly burdensome, and improper, on the ground that it calls for information outside the scope of discovery contemplated by the Case Management Order.

Oaktree further objects to Interrogatory No. 25 on the grounds that it calls for the production of information, or documents, containing confidential financial, trade secret or proprietary information, the disclosure of which would or could adversely affect Oaktree.

Oaktree further objects to Interrogatory No. 25 on the grounds that it constitutes an improper attempt to circumvent applicable FCC rules, Communications Act provisions, or ongoing FCC proceedings, or that it seeks information that is publicly accessible or that can more easily be obtained from the Media Ownership Certification to be submitted by January 16, 2011.

Oaktree further objects to the sub-part of Interrogatory No. 25 that purports to call for the identification of "all" persons with knowledge or information as overbroad and unduly burdensome.

Dated: January 11, 2011
      Los Angeles, California

Bruce Bennett
James O. Johnston
Joshua M. Mester
HENNIGAN, BENNETT & DORMAN LLP
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone: (213) 694-1200

*Attorneys for Oaktree Capital Management, L.P.*

-49-

1706617

## **VERIFICATION**

I, Ken Liang, have read the foregoing Oaktree Capital Management, L.P.'s Responses to Law Debenture Trust Company of New York's First Set of Interrogatories. I hereby state that, as for those interrogatory answers within my personal knowledge, said responses are true and correct. I further state that certain of the answers were obtained by gathering information from others, including Oaktree's counsel and advisors, on whom I rely to provide such information, and as to those answers, I affirm that those are true and correct to the best of my information, knowledge, and belief. I understand that I am making this statement under penalty of perjury.

Dated: January 11, 2011                    By: _____

1706617