## <u>EXHIBIT C</u>

**LT Comparison Chart**

**POST-CONFIRMATION TRUST AGREEMENTS: ANNUAL COMPENSATION FOR BOARD OR COMMITTEE MEMBERS**

| *Case and Confirmation Date* | *Annual Compensation* |
|---|---|
| In re Enron Corp. (S.D.N.Y.) (July 15, 2004) | $150,000 annually |
| In re Lyondell Chemical Company (S.D.N.Y.) (April 23, 2010) | $60,000 annually, plus $2,500 per meeting |
| In re Washington Mutual, Inc. (D. Del.) (February 23, 2012) | $40,000 annually, plus $10,000 annually for Litigation Subcommittee members, plus incentive compensation opportunities capped at $50,000 annually per member |
| In re Refco Inc. (S.D.N.Y.) (June 13, 2008) | $20,000 annually |
| In re SemCrude, L.P. (D. Del.) (October 28, 2009) | $20,000 annually |
| In re Interstate Bakeries Corporation (W.D. Mo.) (December 5, 2008) | $10,000 annually |
| In re Trenwick America Corp. (D. Del.) (October 27, 2004) | $10,000 annually |
| In re Raser Technologies, Inc. (D. Del.) (August 30, 2011) | $0.00 |
| In re Sentinel Management Group, Inc. (N.D. Ill.) (December 15, 2008) | $0.00 |
| In re Avado Brands, Inc. (N.D. Tex.) (April 26, 2005) | $0.00 |
| Asbestos Cases:<br>• In re W.R. Grace & Co. (D. Del.) (January 31, 2011)<br>• In re Leslie Controls, Inc. (D. Del.) (October 28, 2010)<br>• In re Congoleum Corp. (D.N.J.) (June 7, 2010)<br>• In re T H Agriculture & Nutrition, L.L.C. (S.D.N.Y.) (October 14, 2009)<br>• In re Global Industrial Technologies, Inc. (W.D. Pa.) (November 13, 2007)<br>• In re Federal-Mogul Global Inc. (D. Del.) (November 8, 2007)<br>• In re Owens Corning (D. Del.) (September 28, 2006) | Reasonable hourly compensation |

**POST-CONFIRMATION TRUST AGREEMENTS: REIMBURSEMENT OF ATTORNEYS' FEES FOR INDIVIDUAL BOARD OR COMMITTEE MEMBERS**

| *Case and Confirmation Date* | *Attorneys' Fees Reimbursement Terms* |
|---|---|
| In re Washington Mutual, Inc. (D. Del.) (February 23, 2012) | Each member of the Trust Advisory Board shall be reimbursed for its reasonable legal fees incurred. |
| In re Raser Technologies, Inc. (D. Del.) (August 30, 2011) | No reimbursement of attorneys' fees for each individual member. |
| In re Lyondell Chemical Company (S.D.N.Y.) (April 23, 2010) | Litigation Trust will reimburse the directors for reasonable fees, costs and expenses of legal counsel for each director on the Trust Board, subject to approval of the overall Trust Board. |
| In re SemCrude, L.P. (D. Del.) (October 28, 2009) | Of the four member Litigation Trust Board, the two members selected by the Lender Steering Committee can be reimbursed, as a group, for the fees and expenses of one law firm that may be retained by such members, and the other two members, selected by the Creditors' Committee, can be reimbursed, as a group, for the fees and expenses of one law firm that may be retained by such members. |
| In re Sentinel Management Group, Inc. (N.D. Ill.) (December 15, 2008) | The Liquidation Trust will reimburse the Liquidation Trust Committee for the costs of counsel to the Liquidation Trust Committee. |
| In re Interstate Bakeries Corporation (W.D. Mo.) (December 5, 2008) | Each member of the Trust Advisory Board is entitled to compensation for reasonable attorney's fees for services rendered and expenses incurred by a member in carrying out his or her duties as a member of the Trust Advisory Board. |
| In re Refco Inc. (S.D.N.Y.) (June 13, 2008) | The Litigation Trustee will reimburse the Litigation Trust Committee for the costs of counsel to the Litigation Trust Committee. |
| In re Avado Brands, Inc. (N.D. Tex.) (April 26, 2005) | The Litigation Trust Advisory Board can hire counsel if, after investigation, it believes the Litigation Trustee has committed gross negligence or willful misconduct. Additionally, a board member can hire counsel and be reimbursed if a legal action is brought against the member. |
| In re Trenwick America Corp. (D. Del.) (October 27, 2004) | No reimbursement of attorneys' fees for each individual member. |
| In re Enron Corp. (S.D.N.Y.) (July 15, 2004) | The Litigation Trust shall pay the fees of counsel to the Litigation Trust Board. |
| Asbestos Cases: <ul><li>In re W.R. Grace & Co. (D. Del.) (January 31, 2011)</li><li>In re Leslie Controls, Inc. (D. Del.) (October 28, 2010)</li><li>In re Congoleum Corp. (D.N.J.) (June 7, 2010)</li><li>In re T H Agriculture & Nutrition, L.L.C. (S.D.N.Y.) (October 14, 2009)</li><li>In re Global Industrial Technologies, Inc. (W.D. Pa.) (November 13, 2007)</li><li>In re Federal-Mogul Global Inc. (D. Del.) (November 8, 2007)</li><li>In re Owens Corning (D. Del.) (September 28, 2006)</li></ul> | The Trust Advisory Committee ("TAC") is reimbursed for reasonable fees and expenses associated with employment of counsel in connection with its duties. <br><br> Additionally, the TAC is entitled to reimbursement/direct payment of fees and expenses of other professionals; however, the TAC must first submit a written request for payment to the Trust explaining why the professional's employment is desired and why the TAC cannot rely on the Trust's professionals, which written request must be approved by the Trust in writing. |