## **EXHIBIT 1**

Plan Exhibit 13.1
Litigation Trust Agreement

**PLAN EXHIBIT 13.1**

<u>LITIGATION TRUST AGREEMENT</u>

This Exhibit is subject to all of the provisions of the Plan including, without limitation, Section 15.8, pursuant to which the Proponents have reserved the right, subject to section 1127 of the Bankruptcy Code and, to the extent applicable, sections 1122, 1123 and 1125 of the Bankruptcy Code, to alter, amend or modify the Plan or the Exhibits at any time prior to or after the Confirmation Date but prior to the substantial consummation of the Plan.

LITIGATION TRUST AGREEMENT

## TABLE OF CONTENTS

ARTICLE 1 ESTABLISHMENT OF THE LITIGATION TRUST ............................................ 2
   1.1    Establishment of Litigation Trust and Appointment of Litigation Trustee. ........... 2
   1.2    Transfer of Assets and Rights to the Litigation Trust. ........................................ 2
   1.3    Title to Preserved Causes of Action. .................................................................. 3
   1.4    Nature and Purpose of the Litigation Trust. ....................................................... 3
   1.5    Relationship to, and Incorporation of, the Plan and Confirmation Order. ........... 4
   1.6    Funding of the Litigation Trust. ......................................................................... 4
   1.7    Appointment as Representative. ......................................................................... 4

ARTICLE 2 LITIGATION TRUST INTERESTS ........................................................... 5
   2.1    Allocation of Litigation Trust Interests. ............................................................ 5
   2.2    Interests Beneficial Only. .................................................................................. 5
   2.3    Evidence of Beneficial Interests. ....................................................................... 5
   2.4    Exemption from Registration. ............................................................................ 6
   2.5    Transfer and Exchange. ..................................................................................... 6
   2.6    Access to the Trust Register by the Litigation Trust Beneficiaries. ..................... 7
   2.7    Issuance of Certificates Upon Transfer. ............................................................. 7
   2.8    Mutilated, Defaced, Lost, Stolen or Destroyed Certificates. ............................... 7
   2.9    Change of Address. ........................................................................................... 8
   2.10   Tax Identification Numbers. .............................................................................. 8

ARTICLE 3 THE LITIGATION TRUSTEE ................................................................ 8
   3.1    Role of the Litigation Trustee. ........................................................................... 8
   3.2    Authority of the Litigation Trustee. .................................................................... 9
   3.3    Limitation of the Litigation Trustee's Authority. ............................................... 12
   3.4    Payment of Litigation Trust Expenses. .............................................................. 13
   3.5    Reimbursement of Reorganized Debtors. ........................................................... 13
   3.6    Distributions. .................................................................................................... 13
   3.7    Tenure, Removal, and Replacement of the Litigation Trustee. ............................ 14
   3.8    Books and Records. .......................................................................................... 15
   3.9    Inquiries into the Litigation Trustee's Authority. ............................................... 16
   3.10   Compliance with Laws. .................................................................................... 16
   3.11   Litigation Trustee Compensation and Reimbursement. ...................................... 16
   3.12   Reliance by the Litigation Trustee. .................................................................... 17
   3.13   Standard of Care; Exculpation. ......................................................................... 17
   3.14   Acknowledgment of Lack of Control; Exculpation. ........................................... 17

ARTICLE 4 LITIGATION TRUST ADVISORY BOARD ............................................... 18
   4.1    Litigation Trust Advisory Board. ....................................................................... 18
   4.2    Authority of the Litigation Trust Advisory Board. .............................................. 18
   4.3    Regular Meetings of the Litigation Trust Advisory Board. .................................. 18
   4.4    Special Meetings of the Litigation Trust Advisory Board. ................................... 19
   4.5    Manner of Acting. ............................................................................................ 19
   4.6    Litigation Trust Advisory Board's Action Without a Meeting. ............................ 20
   4.7    Tenure, Removal, and Replacement of the Members of the Litigation Trust
         Advisory Board. ............................................................................................... 20

i

4.8     Compensation and Reimbursement of Expenses of the Litigation Trust
        Advisory Board. ....................................................................................... 21
4.9     No Further Liability. ................................................................................. 21
4.10    Acknowledgment of Lack of Control; Exculpation. .................................. 22

ARTICLE 5 TAX MATTERS ........................................................................................ 22
5.1     Treatment of Litigation Trust Assets Transfer. ........................................ 22
5.2     Income Tax Status. ................................................................................... 22
5.3     Valuation of Litigation Trust Assets as of Effective Date. ........................ 23
5.4     Tax Returns. ............................................................................................ 23
5.5     Expedited Determination of Taxes. .......................................................... 24
5.6     Withholding of Taxes; Litigation Trust Taxes. ......................................... 24
5.7     Tax Treatment of LT Reserves. ................................................................ 24

ARTICLE 6 DISTRIBUTIONS ....................................................................................... 24
6.1     Annual Distribution; Withholding. ........................................................... 24
6.2     Manner of Payment or Distribution. ......................................................... 25
6.3     Delivery of Litigation Trust Distributions. ............................................... 25
6.4     Setoffs. .................................................................................................... 26
6.5     LT Reserves. ............................................................................................ 26
6.6     Cash Distributions. .................................................................................. 26

ARTICLE 7 INDEMNIFICATION ................................................................................. 26
7.1     Indemnification of the Litigation Trustee and the Litigation Trust Advisory
        Board. ...................................................................................................... 26

ARTICLE 8 REPORTS TO LITIGATION TRUST BENEFICIARIES ........................... 27
8.1     Reports. ................................................................................................... 27

ARTICLE 9 TERM; TERMINATION OF THE LITIGATION TRUST ........................... 28
9.1     Term; Termination of the Litigation Trust. .............................................. 28
9.2     Continuance of the Litigation Trustee for Winding Up. ............................ 28

ARTICLE 10 AMENDMENT AND WAIVER ................................................................. 29

ARTICLE 11 MISCELLANEOUS PROVISIONS ........................................................... 29
11.1    Intention of Parties to Establish a Liquidating Trust. ............................... 29
11.2    Reimbursement of Trust Costs. ................................................................ 29
11.3    Laws as to Construction. .......................................................................... 30
11.4    Jurisdiction. ............................................................................................. 30
11.5    Severability. ............................................................................................. 30
11.6    Notices. .................................................................................................... 30
11.7    Fiscal Year. .............................................................................................. 31
11.8    Headings. ................................................................................................. 31
11.9    Counterparts. ........................................................................................... 31
11.10   Confidentiality. ........................................................................................ 32
11.11   Entire Agreement. .................................................................................... 32

11.12   Rules of Interpretation. ....................................................................................... 32

## LITIGATION TRUST AGREEMENT

This Litigation Trust Agreement (the "Litigation Trust Agreement"), dated as of [_____], 2012, by (a) the individual identified on Exhibit A attached hereto, as the trustee for the liquidating trust established pursuant to this Litigation Trust Agreement (such person and each successor trustee, the "Litigation Trustee"), and (b) Tribune Company, on behalf of itself and the other Debtors and Reorganized Debtors, is executed pursuant to the Confirmation Order to facilitate the implementation of the Fourth Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P., and JPMorgan Chase Bank, N.A., dated April 17, 2012 (as the same may be amended, modified or supplemented from time to time in accordance with the terms and provisions thereof, the "Plan") that provides for the establishment of the liquidating Litigation Trust created hereby. Each of the Debtors (or, after the Effective Date, the Reorganized Debtors) and the Litigation Trustee are sometimes referred to individually as a "Party" and collectively as the "Parties." Capitalized terms used in this Litigation Trust Agreement and not otherwise defined shall have the meanings assigned to such terms in the Plan.

## RECITALS

WHEREAS, Tribune and certain Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on December 8, 2008 in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and, on December 10, 2008, the Bankruptcy Court consolidated the Debtors' Chapter 11 cases for procedural purposes only. An additional Debtor, Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC, voluntarily commenced a Chapter 11 case on October 12, 2009, in the Bankruptcy Court and that case was procedurally consolidated with the other Debtors' Chapter 11 cases on October 14, 2009;

WHEREAS, on [_____], 2012, the Bankruptcy Court entered the Confirmation Order;

WHEREAS, on [_____], 2012, the Effective Date of the Plan occurred;

WHEREAS, the Litigation Trust is established for the sole purpose of administering the Litigation Trust Assets and making all distributions on account of the Litigation Trust Interests as provided for under the Plan;

WHEREAS, the Litigation Trust shall be established for the benefit of the Litigation Trust Beneficiaries;

WHEREAS, the Litigation Trustee was duly appointed as a representative of each of the Estates pursuant to section 1123(a)(5), (a)(7), and (b)(3)(B) of the Bankruptcy Code;

WHEREAS, the Litigation Trust has no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Litigation Trust; and

1

WHEREAS, the Litigation Trust is intended to qualify as a liquidating trust within the meaning of United States Treasury Regulation section 301.7701-4(d), and this Litigation Trust Agreement, the Litigation Trust, the Confirmation Order, the Plan and the Disclosure Documents are intended to comply with the advance ruling guidelines contained in Rev. Proc. 94-45, 1994-2 C.B. 684;

WHEREAS, this Litigation Trust Agreement is the "Litigation Trust Agreement" contemplated under the Plan and executed in order to facilitate the implementation of the Plan;

NOW, THEREFORE, pursuant to the Plan and Confirmation Order, in consideration of the premises and the mutual covenants and agreements contained herein, the receipt and sufficiency of which are hereby acknowledged and affirmed, the Parties hereby agree as follows:

## ARTICLE 1

## ESTABLISHMENT OF THE LITIGATION TRUST

1.1    Establishment of Litigation Trust and Appointment of Litigation Trustee.

(a)    A trust, which shall be known as the "Litigation Trust," is hereby established on behalf of the Litigation Trust Beneficiaries.

(b)    The Litigation Trustee is hereby appointed as trustee of the Litigation Trust effective as of the Effective Date and agrees to accept and hold the Litigation Trust Assets in trust for the Litigation Trust Beneficiaries subject to the terms of the Plan, the Confirmation Order, and this Litigation Trust Agreement. The Litigation Trustee and each successor Litigation Trustee serving from time to time hereunder shall have all the rights, powers and duties set forth herein.

(c)    Subject to the terms of this Litigation Trust Agreement, any action by the Litigation Trustee and/or the Litigation Trust Advisory Board that affects the interests of more than one Litigation Trust Beneficiary shall be binding and conclusive on all Litigation Trust Beneficiaries even if such Litigation Trust Beneficiaries have different or conflicting interests.

(d)    The Litigation Trustee and the members of the Litigation Trust Advisory Board may serve without bond.

(e)    For the avoidance of doubt, none of the Litigation Trustee or any Member of the Litigation Trust Advisory Board is an officer, director, or fiduciary of any of the Reorganized Debtors.

1.2    Transfer of Assets and Rights to the Litigation Trust.

(a)    As of the Effective Date, and pursuant to and subject in all respects to the terms of the Confirmation Order in accordance with section 1141 of the Bankruptcy Code, the Debtors, in their respective capacities as debtors in possession on behalf of the Estates, have transferred, assigned, and delivered to the Litigation Trust, without recourse, all of their

respective rights, title, and interests in and to the Preserved Causes of Action free and clear of Claims and Interests (other than Claims in the nature of setoff or recoupment), encumbrances or interests of any kind in such property of any other Person (including all Liens, Claims, encumbrances or interests of any creditors that were subordinated for purposes of distributions under the Plan).

(b)    On the Effective Date, the Parties shall enter into the LT Confidentiality and Common Interest Agreement providing for reasonable access to, at the Litigation Trust's own expense, copies of the Debtors' and Reorganized Debtors' records and information relating to the Litigation Trust Assets including, without limitation, electronic records or documents.

(c)    All of the proceeds received by the Litigation Trust from the pursuit of any Preserved Causes of Action (collectively, the "Litigation Trust Proceeds") shall be added to the Litigation Trust Assets and held as a part thereof (and title thereto shall be vested in the Litigation Trust).

(d)    At any time and from time to time on and after the Effective Date, the Reorganized Debtors agree (i) at the reasonable request of the Litigation Trustee to execute and/or deliver any instruments, documents, books, and records (including those maintained in electronic format and original documents as may be needed), and (ii) to take, or cause to be taken, all such further actions as the Litigation Trustee may reasonably request, in each case in order to evidence or effectuate the transfer of the Preserved Causes of Action to the Litigation Trust.

1.3    Title to Preserved Causes of Action.

The transfer of the Preserved Causes of Action to the Litigation Trust is made by the Estates for the sole benefit of the Litigation Trust Beneficiaries. Upon the transfer of the Preserved Causes of Action and the Litigation Trust Assets to the Litigation Trust, the Litigation Trust shall succeed to all of the Estates' rights, title and interests in and to the Preserved Causes of Action and no other Person has any interest, legal, beneficial, or otherwise, in the Litigation Trust or the Preserved Causes of Action as of their transfer and assignment to the Litigation Trust.

1.4    Nature and Purpose of the Litigation Trust.

(a)    The Litigation Trust is organized and established as a trust solely for the purposes set forth in Article XIII of the Plan pursuant to which the Litigation Trustee, subject to the terms and conditions contained herein and in the Plan, is to (i) administer the Litigation Trust Assets and make all distributions to the Litigation Trust Beneficiaries as provided for herein and under the Plan, and (ii) oversee and direct the expeditious but orderly liquidation of the Litigation Trust Assets. The Litigation Trust is intended to qualify as a liquidating trust pursuant to United States Treasury Regulation section 301.7701-4(d). The primary purpose of the Litigation Trust is to liquidate the Litigation Trust Assets with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to preserve or enhance the liquidation value of the Litigation Trust Assets, and consistent with the liquidating purpose of the Litigation Trust.

(b)    This Litigation Trust Agreement is intended to create a trust and a trust relationship and to be governed and construed in all respects as a trust. The Litigation Trust is not intended to be, and shall not be deemed to be or treated as, a general partnership, limited partnership, joint venture, corporation, joint stock company or association, nor shall the Litigation Trustee, the Litigation Trust Advisory Board (or any of its members), the Debtors or Reorganized Debtors, or the Litigation Trust Beneficiaries, or any of them, for any purpose be, or be deemed to be or treated in any way whatsoever to be, liable or responsible hereunder as partners or joint venturers. The relationship of the Litigation Trust Beneficiaries to the Litigation Trustee and the Litigation Trust Advisory Board shall be solely that of beneficiaries of a trust and shall not be deemed a principal or agency relationship, and their rights shall be limited to those conferred upon them by this Litigation Trust Agreement.

1.5    <u>Relationship to, and Incorporation of, the Plan and Confirmation Order</u>.

This Litigation Trust Agreement is to aid in the implementation of the Plan and the Confirmation Order, and therefore this Litigation Trust Agreement incorporates the provisions of the Plan and the Confirmation Order by this reference. To that end, the Litigation Trustee shall have full power and authority to take any action consistent with the purpose and provisions of the Plan and to seek any orders from the Bankruptcy Court in furtherance of implementation of the Plan, in each case solely to the extent such actions or orders are in furtherance of this Litigation Trust Agreement, but in each case subject in all respects to and solely to the extent not inconsistent with the terms of the Plan. To the extent that there is conflict between the provisions of this Litigation Trust Agreement, the provisions of the Plan, and/or the Confirmation Order, each such document shall have controlling effect in the following rank order: (1) the Confirmation Order; (2) the Plan; and (3) this Litigation Trust Agreement.

1.6    <u>Funding of the Litigation Trust</u>.

On the Effective Date, Reorganized Tribune, as lender, and the Litigation Trust, as borrower, shall become parties to the Trust Loan Agreement.  The Trust Loan Agreement shall provide for a delayed draw term loan in the aggregate principal amount of $20 million. Except as expressly provided in the Trust Loan Agreement, none of the Debtors or the Reorganized Debtors shall have any liability for any cost or expense of the Litigation Trust.  Any failure or inability of the Litigation Trust to obtain funding will not affect the enforceability of the Litigation Trust.

1.7    <u>Appointment as Representative</u>.

Pursuant to section 1123(b)(3) of the Bankruptcy Code, the Plan appointed the Litigation Trustee as the duly appointed representative of each of the Estates solely with respect to the Litigation Trust Assets and, as such, the Litigation Trustee is deemed to be acting in the capacity of a bankruptcy trustee, receiver, liquidator, conservator, rehabilitator, or creditors' committee or any similar official who has been appointed to take control of, supervise, manage or liquidate the Debtors solely with respect to prosecution of the Litigation Trust Assets for the benefit of the Litigation Trust Beneficiaries. To the extent that any Preserved Causes of Action cannot be transferred to the Litigation Trust because of a restriction on transferability under applicable non-bankruptcy law that is not superseded or preempted by section 1123 of the

Bankruptcy Code or any other provisions of the Bankruptcy Code, such Preserved Causes of Action shall be deemed to have been retained by the applicable Estate and the Litigation Trustee shall be deemed to have been designated as a representative of the applicable Estate pursuant to section 1123(b)(3)(B) of the Bankruptcy Code to enforce and pursue such Preserved Causes of Action on behalf of such Estate subject to the terms of this Litigation Trust Agreement, the Plan and the Confirmation Order. Notwithstanding the foregoing, all Litigation Trust Proceeds shall be paid over to the Litigation Trust and shall be applied in accordance with the Plan, this Litigation Trust Agreement and the Litigation Trust distribution schedule, attached hereto as Exhibit C (the "Litigation Trust Distribution Schedule").

ARTICLE 2

LITIGATION TRUST INTERESTS

2.1    Allocation of Litigation Trust Interests.

The allocation and distribution of the Litigation Trust Interests shall be accomplished as set forth in the Plan including, without limitation, Sections 3.2.3, 3.2.4, 3.2.5, 3.2.6, 3.2.8, 3.2.9, 3.2.11 and Article XIII of the Plan.

2.2    Interests Beneficial Only.

The ownership of a Litigation Trust Interest shall not entitle any Litigation Trust Beneficiary to any title in or to the Litigation Trust Assets (which title shall be vested in the Litigation Trust) or to any right to call for a partition or division of the Litigation Trust Assets or to require an accounting.

2.3    Evidence of Beneficial Interests.

(a)    The Litigation Trust Interests may be represented either by book entries on the books and records of the Litigation Trust or by certificates, in either definitive or global form, as shall be determined by the Litigation Trustee upon consultation with and subject to the approval of the Litigation Trust Advisory Board. In the event certificates are created, the Litigation Trustee shall cause to be placed on such certificate such legends as it deems are required or appropriate under tax laws or regulations in connection with tax withholding pursuant to Section 6.1 herein, under securities laws or regulations in connection with registration or reporting requirements, if any, or otherwise. Any Person to whom a certificate is issued or transferred, by virtue of the acceptance thereof, shall assent to and be bound by the terms and conditions of this Litigation Trust Agreement and the Plan. In the event certificates are issued, the form of such certificates shall be determined by the Litigation Trustee subject to approval of the Litigation Trust Advisory Board.

(b)    In the event certificates are issued, only whole numbers of certificates shall be issued. When any distribution of Litigation Trust Interests would otherwise result in the issuance of a number of certificates that is not a whole number, the actual distribution of such certificates shall be rounded to the next higher or lower whole number of certificates as follows: (i) fractions equal to or greater than ½ shall be rounded to the next higher whole number; and (ii)

fractions less than ½ shall be rounded to the next lower number. No consideration shall be provided in lieu of fractional certificates that are rounded down.

2.4    Exemption from Registration.

The Parties hereto intend that the rights of the Litigation Trust Beneficiaries arising under this Litigation Trust Agreement shall not be "securities" under applicable laws, but none of the Parties hereto represent or warrant that such rights shall not be securities or shall be entitled to exemption from registration under applicable securities laws. If such rights constitute securities, the Parties hereto intend for the exemption from registration provided by section 1145 of the Bankruptcy Code and under applicable securities laws to apply to their issuance under the Plan.

2.5    Transfer and Exchange.

(a)    No transfer, assignment, pledge, hypothecation or other disposition of a Litigation Trust Interest may be effected until (i) the Litigation Trustee and the Litigation Trust Advisory Board have received such legal advice or other information that they, in their sole and absolute discretion, deem necessary to assure that any such disposition shall not cause the Litigation Trust to be subject to entity-level taxation for U.S. federal income tax purposes, and (ii) either (x) the Litigation Trustee and the Litigation Trust Advisory Board have received such legal advice or other information that they, in their sole and absolute discretion, deem necessary or appropriate to assure that any such disposition shall not require the Litigation Trust to comply with the registration and reporting requirements of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), the Trust Indenture Act of 1939, as amended (the "TIA"), or the Investment Company Act of 1940, as amended (the "Investment Company Act"), or (y) the Litigation Trustee and the Litigation Trust Advisory Board have determined, in their sole and absolute discretion, to register and/or make periodic reports in order to enable such disposition to be made. In the event that any such disposition is allowed, the Litigation Trust Advisory Board and the Litigation Trustee may add such restrictions upon transfer and other terms to this Litigation Trust Agreement as are deemed necessary or appropriate by the Litigation Trustee, with the advice of counsel, to permit or facilitate such disposition under applicable securities and other laws. Notwithstanding the foregoing, any Litigation Trust Beneficiary may transfer its Litigation Trust Interest to a wholly-owned subsidiary treated as a corporation for U.S. federal income tax purposes, which shall thereafter be the relevant Litigation Trust Beneficiary.

(b)    The Litigation Trustee shall appoint a registrar, which may be the Litigation Trustee (the "Registrar"), for the purpose of recording ownership of the Litigation Trust Interests as herein provided. The Registrar, if other than the Litigation Trustee, shall be an institution acceptable to the Litigation Trust Advisory Board. For its services hereunder, the Registrar, unless it is the Litigation Trustee, shall be entitled to receive reasonable compensation from the Litigation Trust as a cost of administering the Litigation Trust.

(c)    The Litigation Trustee shall cause to be kept at the office of the Registrar, or at such other place or places as shall be designated by the Registrar from time to time, a registry of the Litigation Trust Beneficiaries of the Litigation Trust (the "Trust Register"), which shall be maintained pursuant to such reasonable regulations as the Litigation Trustee and the

Registrar may prescribe. For purposes of the Trust Register, DTC or its nominee may be the registered holder of Class 1E Litigation Trust Interests and Class 1J Litigation Trust Interests to the extent that the Holders of such Litigation Trust Interests hold such Litigation Trust Interests through DTC.

    2.6    <u>Access to the Trust Register by the Litigation Trust Beneficiaries</u>.

        The Litigation Trust Beneficiaries and their duly authorized representatives shall have the right, upon reasonable prior written notice to the Registrar and the Litigation Trustee, and in accordance with the reasonable regulations prescribed by the Registrar and the Litigation Trustee, to inspect and, at the sole expense of the Litigation Trust Beneficiary seeking the same, make copies of the Trust Register, in each case for a purpose reasonably related to such Litigation Trust Beneficiary's interest in the Litigation Trust.

    2.7    <u>Issuance of Certificates Upon Transfer</u>.

        In the event certificates representing Litigation Trust Interests are created, subject to the conditions of <u>Section 2.5(a)</u> herein, whenever any certificate shall be presented for transfer or exchange, the Litigation Trustee shall cause the Registrar to issue, authenticate and deliver in exchange therefor, a certificate of the same class for the Litigation Trust Interest(s) that the Person presenting such certificates shall be entitled to receive.

    2.8    <u>Mutilated, Defaced, Lost, Stolen or Destroyed Certificates</u>.

        In the event certificates representing Litigation Trust Interests are created, if a Litigation Trust Beneficiary claims that its certificate (the "<u>Original Certificate</u>") has been mutilated, defaced, lost, stolen or destroyed, the Litigation Trustee shall issue, and the Registrar shall authenticate, a replacement certificate of the same class if such Litigation Trust Beneficiary submits a notarized affidavit certifying that (i) it is the true, lawful, present and sole owner of the Original Certificate; (ii) it has diligently searched all of its financial and other records and the Original Certificate is nowhere to be found; (iii) the Original Certificate and any rights or interests therein were not endorsed, and have not been pledged, sold, delivered, transferred or assigned under any agreement, hypothecated or pledged for any loan, or disposed of in any manner by the Litigation Trust Beneficiary or on its behalf; (iv) no other Person or other entity has any right, title, claim, equity or interest in, to, or respecting the Original Certificate; and (v) in the event of the recovery of the Original Certificate at any time after the issuance of a new certificate in exchange thereof, the Litigation Trust Beneficiary will cause the recovered Original Certificate to be returned to the Litigation Trustee, or the Litigation Trustee's successor, for cancellation. In addition, such Litigation Trust Beneficiary will indemnify the Litigation Trustee or the Registrar and, if required by the Litigation Trustee or the Registrar, provide a bond or other security sufficient in the reasonable judgment of the Litigation Trustee or the Registrar, with respect to any loss which either of them may suffer if the Original Certificate is replaced, including a loss resulting from the assertion by any Person of the right to payment under the Original Certificate. Such Litigation Trust Beneficiary shall pay reasonable charges established by the Litigation Trustee and the Registrar for the purpose of reimbursing the Litigation Trust and the Registrar for the expenses incident thereto, including any tax or other governmental charges. The Litigation Trustee shall incur no liability to anyone by reason of anything done or

omitted to be done by it in good faith under the provisions of this Section 2.8. All Litigation Trust Interests shall be held and owned upon the express condition that the provisions of this Section 2.8 are exclusive in respect of the replacement or payment of mutilated, defaced, lost, stolen or destroyed certificates and shall, to the extent permitted by law, preclude any and all other rights or remedies respecting such replacement or the payment in respect thereto. Any duplicate certificate issued pursuant to this Section 2.8 shall constitute original interests in the Litigation Trust and shall be entitled in the manner provided herein to equal and proportionate benefits with all other Litigation Trust Interests of the same class issued hereunder in any monies or property at the time held by the Litigation Trustee for the benefit of the Litigation Trust Beneficiaries. The Litigation Trustee and the Registrar shall not treat the Original Certificate as outstanding.

2.9     Change of Address.

A Litigation Trust Beneficiary that does not hold such Litigation Trust Interest through DTC may, after the Effective Date, select an alternative distribution address or provide wire transfer instructions for any distribution by providing notice to the Registrar including such address or instructions. Such notification will be effective only upon receipt by the Registrar. Absent receipt of such notice by the Registrar, the Litigation Trustee shall not recognize any such change of distribution address. A Litigation Trust Beneficiary holding such Litigation Trust Interest through DTC shall receive its distribution through the bank or brokerage firm that held its underlying Senior Noteholder Claims and/or PHONES Notes Claims, and any change of address or information must be communicated by such Holder to such bank or brokerage firm.

2.10    Tax Identification Numbers.

The Litigation Trustee may require any direct payee of distributions on account of Litigation Trust Interests to furnish to the Litigation Trustee its social security number or employer or taxpayer identification number as assigned by the Internal Revenue Service and complete any related documentation (including but not limited to a Form W-8 or Form W-9) and the Litigation Trustee may condition any distribution to any such payee upon the receipt of such information and the receipt of such other documents as the Litigation Trustee reasonably requests.


ARTICLE 3

THE LITIGATION TRUSTEE

3.1     Role of the Litigation Trustee.

In furtherance of and consistent with the purpose of the Litigation Trust and the Plan, the Litigation Trustee, subject to the terms and conditions contained herein and in the Plan, shall (i) hold the Litigation Trust Assets for the benefit of the Litigation Trust Beneficiaries, and (ii) make distributions of Net Litigation Trust Proceeds in accordance with the Plan and the Litigation Trust Distribution Schedule. Subject to the provisions of this Litigation Trust Agreement, the Litigation Trustee in consultation with, and subject to the management and

direction of, the Litigation Trust Advisory Board shall be responsible for all decisions and duties with respect to the Litigation Trust and the Litigation Trust Assets. In all circumstances, the Litigation Trustee shall act in the best interests of all the Litigation Trust Beneficiaries of the Litigation Trust and in furtherance of the purpose of the Litigation Trust.  The Litigation Trustee shall have fiduciary duties to the Litigation Trust Beneficiaries consistent with the fiduciary duties that a member of an official committee of creditors appointed pursuant to section 1102 of the Bankruptcy Code has to the creditor constituents represented by such committee and shall exercise his, her or its responsibilities accordingly; provided, that the Litigation Trustee shall not owe fiduciary obligations to any defendants of Preserved Causes of Action in their capacities as such, it being the intent of such fiduciary duties to ensure that the Litigation Trustee's obligations are to maximize the value of the Litigation Trust Assets, including the Preserved Causes of Action.  The Litigation Trustee shall be subject to and bound by the terms of the LT Confidentiality and Common Interest Agreement.

    3.2    <u>Authority of the Litigation Trustee</u>.

        In connection with the administration of the Litigation Trust, in addition to any and all of the powers enumerated elsewhere herein, the Litigation Trustee is authorized to perform any and all acts necessary and desirable to accomplish the purposes of this Litigation Trust Agreement and the provisions of the Plan solely relating to the Litigation Trust, within the bounds of the Plan and applicable law. The Litigation Trustee, upon direction of the Litigation Trust Advisory Board except as set forth herein, shall, in an expeditious but orderly manner, liquidate and convert to Cash the Litigation Trust Assets, make timely distributions and not unduly prolong the duration of the Litigation Trust. The liquidation of the Litigation Trust Assets may be accomplished either through the prosecution, compromise and settlement, abandonment or dismissal of any or all Preserved Causes of Action, or otherwise.

        The Litigation Trustee, subject to the approval of the Litigation Trust Advisory Board except as set forth herein, shall have the right to pursue, not pursue, release, abandon, and/or settle any and all Preserved Causes of Action (but including any counterclaims asserted against the Litigation Trust) as the Litigation Trustee determines is in the best interests of the Litigation Trust Beneficiaries. To the extent that any action has been taken to prosecute or otherwise resolve any Preserved Cause of Action prior to the Effective Date by the Debtors and/or the Creditors' Committee, on the Effective Date the Litigation Trustee shall be substituted for the Debtors and/or the Creditors' Committee in connection therewith in accordance with Rule 25 of the Federal Rules of Civil Procedure, made applicable to the litigation by Rule 7025 of the Federal Rules of Bankruptcy Procedure and the caption with respect to such pending litigation shall be changed to the following: "[INSERT NAME], as Litigation Trustee for the Litigation Trust, <u>et al</u>. v. [Defendant]". Subject to any limitations contained herein (including, without limitation, <u>Article 4</u> herein) or in the Plan, the Litigation Trustee shall have the following powers and authorities:

        (a)    hold legal title to any and all rights of the Holders of the Litigation Trust Interests in or arising from the Litigation Trust Assets including, without limitation, collecting and receiving any and all money and other property belonging to the Litigation Trust and, subject to the approval of the Litigation Trust Advisory Board, the right to vote any claim or interest

relating to the Litigation Trust Assets in a case under the Bankruptcy Code and receive any distribution with respect thereto;

(b)     make distributions of Net Litigation Trust Proceeds in accordance with the provisions of the Plan and the Litigation Trust Distribution Schedule;

(c)     exercise and perform the rights, powers, and duties held by each Estate with respect to the Litigation Trust Assets including, without limitation, the authority under section 1123(b)(3) of the Bankruptcy Code, and shall be deemed to be acting in the capacity of a bankruptcy trustee, receiver, liquidator, conservator, rehabilitator, creditors' committee or any similar official who has been appointed to take control of, supervise, manage or liquidate the Debtors, to provide for the prosecution, settlement, adjustment, retention, and enforcement of the Litigation Trust Assets;

(d)     in consultation with and subject to the approval of the Litigation Trust Advisory Board, protect and enforce the rights to the Litigation Trust Assets by any method deemed appropriate including, without limitation, by judicial proceedings or pursuant to any applicable bankruptcy, insolvency, moratorium or similar law and general principles of equity;

(e)     in consultation with and subject to the approval of the Litigation Trust Advisory Board, obtain reasonable insurance coverage with respect to the liabilities and obligations of the Litigation Trustee and the Litigation Trust Advisory Board under this Litigation Trust Agreement (in the form of fiduciary liability insurance, a directors and officers policy, an errors and omissions policy or otherwise);

(f)     upon the prior written consent of the Litigation Trust Advisory Board, without further order of the Bankruptcy Court, employ various professionals including, but not limited to, counsel, tax advisors, consultants, and financial advisors, as the Litigation Trustee deems necessary to aid it in fulfilling its obligations under this Litigation Trust Agreement and the Plan, and on whatever fee arrangement the Litigation Trustee deems appropriate including, without limitation, contingency fee arrangements. Professionals engaged by the Litigation Trustee shall not be required to file applications in order to receive compensation for services rendered and reimbursement of actual out-of-pocket expenses incurred. All such compensation and reimbursement shall be paid by the Litigation Trust with Litigation Trust Proceeds or the proceeds of the Trust Loan;

(g)     in consultation with and subject to the approval of the Litigation Trust Advisory Board, retain and approve compensation arrangements of an independent public accounting firm to perform such reviews and/or audits of the financial books and records of the Litigation Trust as may be required by this Litigation Trust Agreement and the U.S. Securities and Exchange Commission and applicable securities laws and as may be reasonable and appropriate in the Litigation Trustee's discretion and to prepare and file any tax returns, informational returns, or periodic or current reports as required by applicable securities laws, for the Litigation Trust as may be required. Subject to the foregoing, the Litigation Trustee may commit the Litigation Trust to and shall pay such independent public accounting firm reasonable compensation for services rendered and reasonable and documented out-of-pocket expenses

10

incurred, and all such compensation and reimbursement shall be paid from the Litigation Trust with Litigation Trust Proceeds or the proceeds of the Trust Loan;

(h)     subject to the LT Confidentiality and Common Interest Agreement to the extent applicable, in consultation with and subject to the approval of the Litigation Trust Advisory Board, assert, enforce, release, or waive any privilege or any defense on behalf of the Litigation Trust, the Litigation Trust Assets, or the Litigation Trust Beneficiaries, as applicable;

(i)     subject to Section 8.1 of the Plan and any other applicable Plan provisions, in consultation with and subject to the approval of the Litigation Trust Advisory Board, coordinate with the Reorganized Debtors to execute offsets, assert counterclaims against Holders of Claims, establish one or more LT Reserves on account of Disputed Claims held by any Litigation Trust Beneficiary that, if Allowed, would entitle such Litigation Trust Beneficiary to a distribution of Net Litigation Trust Proceeds, and make determinations as to Pro Rata calculations, as provided for in the Plan; provided, however, that the Litigation Trustee shall defer to the Reorganized Debtors to reconcile customer accounts, loan balances, and ordinary business transactions that may be required to do any of the foregoing, including any litigation relating thereto. The amount held back in the LT Reserves shall be equal to the amount necessary to satisfy the distributions to which the Holders of the relevant Disputed Claims would be entitled if all such Disputed Claims were to be subsequently Allowed;

(j)     for U.S. federal income tax purposes (and, to the extent permitted by law, for state and local income tax purposes), (i) make an election pursuant to United States Treasury Regulation section 1.468B-9 to treat the LT Reserves as a "disputed ownership fund" within the meaning of that section, (ii) allocate taxable income or loss to the LT Reserves with respect to any given taxable year (but only for the portion of the taxable year with respect to which such Claims are Disputed Claims), and (iii) distribute assets from the LT Reserves as, when, and to the extent, such Disputed Claims either become Allowed or are otherwise resolved;

(k)     upon the written consent of the Litigation Trust Advisory Board, the Litigation Trustee may invest all assets transferred to the Litigation Trust (other than Preserved Causes of Action), all Litigation Trust Proceeds, the Expense Fund (as defined below) and all income earned by the Litigation Trust (pending periodic distributions in accordance with the provisions of the Plan and the Litigation Trust Distribution Schedule) in short term certificates of deposit, in banks or other savings institutions, or other temporary, liquid investments, such as Treasury bills, and withdraw funds of the Litigation Trust, make distributions, incur obligations for reasonable and necessary expenses in liquidating and converting the Litigation Trust Assets to Cash, and pay taxes and other obligations owed by the Litigation Trust from funds held by the Litigation Trustee (including taxes attributable to the LT Reserves); provided, however, that such actions are consistent with the Litigation Trust's status as a liquidating trust within the meaning of United States Treasury Regulation section 301.7701-4(d) and in accordance with Rev. Proc. 94-45, 1994-2 C.B. 684;

(l)     request any appropriate tax determination with respect to the Litigation Trust including, without limitation, a determination pursuant to section 505 of the Bankruptcy Code;

(m)    subject to applicable securities laws, if any, establish and maintain a website, to the extent the Litigation Trustee deems necessary, for the purpose of providing notice of Litigation Trust activities in lieu of sending written notice to Holders of Litigation Trust Interests, subject to providing notice of the establishment of such website to Holders;

(n)    take or refrain from taking any and all actions the Litigation Trustee reasonably deems necessary for the continuation, protection, and maximization of the Litigation Trust Assets consistent with the purposes hereof, take all steps and execute all instruments and documents necessary to effectuate the Litigation Trust, and take all actions necessary to comply with the Confirmation Order, the Plan and this Litigation Trust Agreement and the obligations thereunder and hereunder;

(o)    upon the written consent of the Litigation Trust Advisory Board, liquidate any remaining Litigation Trust Assets, and provide for the distributions therefrom in accordance with the provisions of the Plan and the Litigation Trust Distribution Schedule;

(p)    upon the written consent of the Litigation Trust Advisory Board, exercise such other powers and authority as may be vested in or assumed by the Litigation Trustee by any Final Order, or as may be necessary and proper to carry out the provisions of the Plan relating to the Litigation Trust; provided that in no event shall the Litigation Trustee be authorized to take any action to pursue any Released Claims; and

(q)    upon the written consent of the Litigation Trust Advisory Board, evaluate and determine strategy with respect to the Litigation Trust Assets, and hold, pursue, prosecute, adjust, arbitrate, compromise, release, settle or abandon the Litigation Trust Assets against the Non-Settling Defendants on behalf of the Litigation Trust; provided, however, that Bankruptcy Court authority must be obtained to settle, dispose of or abandon any affirmative Preserved Causes of Action where the stated face amount in controversy exceeds $5,000,000.

3.3    Limitation of the Litigation Trustee's Authority.

(a)    Notwithstanding anything herein to the contrary, the Litigation Trustee shall not (i) be authorized to engage in any trade or business, (ii) take any actions inconsistent with the orderly liquidation of the Litigation Trust Assets as are required or contemplated by applicable law, the Confirmation Order, the Plan and this Litigation Trust Agreement, (iii) be authorized to engage in any investments or activities inconsistent with the treatment of the Litigation Trust as a liquidating trust within the meaning of United States Treasury Regulation section 301.7701-4(d) and in accordance with Rev. Proc. 94-45, 1994-2 C.B. 684, (iv) take any action in contravention of this Litigation Trust Agreement, or (v) take any action that would jeopardize treatment of the Litigation Trust as a grantor trust for U.S. federal income tax purposes under sections 671-677 of the Internal Revenue Code of 1986, as amended (the "IRC"), or any successor provisions thereof, except such prohibition shall not apply with respect to the LT Reserves.

(b)    The Litigation Trustee, acting on behalf of the Litigation Trust, shall agree to comply with, and shall not take any actions inconsistent with or seek to modify or seek relief from, any provision of the Plan or the Confirmation Order including, without limitation, the Bar

Order as set forth in Section 11.3 of the Plan. Neither the Litigation Trustee nor the Litigation Trust shall take any action to pursue any Released Claim.

3.4    Payment of Litigation Trust Expenses.

(a)    The Litigation Trustee may incur any reasonable and necessary fees and expenses in pursuing the Litigation Trust Assets, administering the Litigation Trust, managing the Litigation Trust Assets and making distributions on account of Litigation Trust Interests. All fees, expenses, and costs of the Litigation Trust shall be paid by, and solely be the obligation of, the Litigation Trust.

(b)    The Litigation Trustee shall maintain an expense fund (the "Expense Fund") as a reserve to pay fees and expenses anticipated to be incurred in the future for the purposes set forth in Sections 3.4(a) and 3.5 herein and expend the assets of the Expense Fund to pay such fees and expenses as and when they become due.

(c)    The Litigation Trustee may, subject to the approval of the Litigation Trust Advisory Board, retain from the Litigation Trust Proceeds at any time and from time to time, such amounts as the Litigation Trustee determines should be held in the Expense Fund to ensure that the Expense Fund will be adequate to pay fees and expenses anticipated to be incurred in the future for the purposes set forth in Sections 3.4(a) and 3.5 herein and add such amounts to the Expense Fund; provided, that in no event shall the amount held in the Expense Fund exceed $20 million in the aggregate.

(d)    Notwithstanding any other provision of this Litigation Trust Agreement to the contrary, the Litigation Trustee shall not be required to take any action or enter into or maintain any claim, demand, action or proceeding relating to the Litigation Trust unless it shall have sufficient funds in the Expense Fund for that purpose.

3.5    Reimbursement of Reorganized Debtors.

The Litigation Trust shall reimburse the Reorganized Debtors for all reasonable out of pocket expenses incurred in performing their obligations under this Litigation Trust Agreement or in otherwise supporting the Litigation Trust to the extent such support is required by this Litigation Trust Agreement or is otherwise requested and provided under the LT Confidentiality and Common Interest Agreement. The Litigation Trust shall provide reimbursement for all such reasonable out of pocket expenses incurred within thirty (30) days of receipt of an appropriately detailed written invoice.

3.6    Distributions.

(a)    Upon the written consent of the Litigation Trust Advisory Board, the Litigation Trustee shall distribute the Net Litigation Trust Proceeds in accordance with the provisions of the Plan, Article 6 herein and the Litigation Trust Distribution Schedule.

(b)    The Litigation Trust may withhold from amounts distributable to any Person any and all amounts, determined in the Litigation Trustee's reasonable sole discretion, required by any law, regulation, rule, ruling, directive, or other governmental requirement

(including, without limitation, tax withholding relating to wage claims). Any Litigation Trust Assets which are not distributable in accordance with this Section 3.6(b) as of the termination of the Litigation Trust shall be distributed in accordance with the Distribution Schedule.

(c)     The Litigation Trustee may retain a distribution agent for the effective administration and distribution of amounts payable to the Litigation Trust Beneficiaries and all costs and expenses of such distribution agent shall be paid from the Expense Fund. The Litigation Trustee shall also pay from the Expense Fund all reasonable and documented fees and expenses of the Indenture Trustees incurred in connection with making distributions to Holders of Class 1E Litigation Trust Interests or Class 1J Litigation Trust Interests pursuant to section 6.2 of this Litigation Trust Agreement.

3.7     Tenure, Removal, and Replacement of the Litigation Trustee.

(a)     The Litigation Trustee will serve until resignation and the appointment of a successor pursuant to subsection (b) below, removal pursuant to subsection (c) below, Disability, or death (if applicable).

(b)     The Litigation Trustee may resign by giving not less than thirty (30) days' prior written notice to the Litigation Trust Advisory Board and the Litigation Trust Beneficiaries and filing such notice with the Bankruptcy Court. Such resignation will become effective on the later to occur of (i) the day specified in such notice, and (ii) the appointment of a successor Litigation Trustee as provided herein and the acceptance by such successor Litigation Trustee of such appointment.

(c)     The Litigation Trustee or any successor Litigation Trustee appointed pursuant to the Plan and this Litigation Trust Agreement may be removed as Litigation Trustee (i) without Cause by the Litigation Trust Advisory Board, or (ii) for Cause pursuant to the terms and conditions set forth in this Litigation Trust Agreement upon order of the Bankruptcy Court upon motion of any Holder of a Litigation Trust Interest that has not received payment in full plus interest as specified in the Plan.

(d)     In the event that the Litigation Trustee is removed, resigns, or otherwise ceases to serve as Litigation Trustee, the Litigation Trust Advisory Board shall appoint a successor Litigation Trustee. The Litigation Trust Advisory Board shall give prompt written notice to the Reorganized Debtors of the death, resignation or removal of the Litigation Trustee and the appointment of any successor Litigation Trustee.

(e)     Immediately upon the appointment of any successor Litigation Trustee, all rights, powers, duties, authority, and privileges of the predecessor Litigation Trustee hereunder will be vested in and undertaken by the successor Litigation Trustee without any further act; and the successor Litigation Trustee will not be liable personally for any act or omission of the predecessor Litigation Trustee. Any successor Litigation Trustee appointed hereunder shall execute an instrument accepting such appointment and assuming all of the obligations of the predecessor Litigation Trustee hereunder, and such successor shall be subject to the same qualifications and shall have the same rights, powers, duties, and discretion, and otherwise be in

the same position, as the originally named Litigation Trustee. References herein to the Litigation Trustee shall be deemed to refer to any successor Litigation Trustee acting hereunder.

(f)     Upon the appointment of a successor Litigation Trustee, the predecessor Litigation Trustee (or the duly appointed legal representative of a deceased Litigation Trustee or a Litigation Trustee suffering a Disability) shall, if applicable, when requested in writing by the successor Litigation Trustee, execute and deliver an instrument or instruments conveying and transferring to such successor Litigation Trustee upon the trust herein expressed, without recourse to the predecessor Litigation Trustee, all the estates, properties, rights, powers and trusts of such predecessor Litigation Trustee, and shall duly assign, transfer, and deliver to such successor Litigation Trustee all property and money held hereunder, and all other assets and documents relating to the Litigation Trust, the Litigation Trust Assets, or the Litigation Trust Interests then in such predecessor Litigation Trustee's possession and held hereunder.

(g)     During any period in which there is a vacancy in the position of Litigation Trustee, the Litigation Trust Advisory Board shall appoint one of its members to serve as interim Litigation Trustee (the "Interim Trustee"). The Interim Trustee shall be subject to all the terms and conditions applicable to a Litigation Trustee hereunder. Such Interim Trustee shall not be limited in any manner from exercising any rights or powers as a member of the Litigation Trust Advisory Board merely by such Person's appointment as Interim Trustee.

(h)     The Litigation Trustee shall, during the period that the Litigation Trustee serves as Litigation Trustee under this Litigation Trust Agreement and following the termination of this Litigation Trust Agreement or following its removal or resignation hereunder, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any entity to which any of the Litigation Trust Assets relates or of which the Litigation Trustee has become aware in the Litigation Trustee's capacity as Litigation Trustee, except as otherwise required by law.

(i)     For purposes of this Section 3.7 and Section 4.7, the following terms shall have the following meanings:

(i)     "Cause" means fraud, self-dealing, intentional misrepresentation, gross negligence, or willful misconduct.

(ii)    "Disability" of the Litigation Trustee or a member of the Litigation Trust Advisory Board shall have occurred if, as a result of such Person's incapacity due to physical or mental illness as determined by a physician selected by the Litigation Trustee or the member of the Litigation Trust Advisory Board, as applicable, and reasonably acceptable to the Litigation Trust Advisory Board, the Litigation Trustee or the member of the Litigation Trust Advisory Board shall have been substantially unable to perform his or her duties hereunder for three (3) consecutive months or for an aggregate of 180 days during any period of twelve (12) consecutive months.

3.8     Books and Records.

The Litigation Trustee shall maintain in respect of the Litigation Trust and the Holders of Litigation Trust Interests good and sufficient books and records relating to the

Litigation Trust Assets and income of the Litigation Trust and the payment of, expenses of, liabilities of, and claims against or assumed by, the Litigation Trust in such detail and for such period of time as may be necessary to enable it to make full and proper accounting in respect thereof. Such books and records shall be maintained as reasonably necessary to facilitate compliance with the tax reporting requirements of the Litigation Trust and the requirements of Article 8 herein. Nothing in this Litigation Trust Agreement requires the Litigation Trustee to file any accounting or seek approval of any court with respect to the administration of the Litigation Trust, or as a condition for managing any payment or distribution out of the Litigation Trust Assets.

3.9    Inquiries into the Litigation Trustee's Authority.

Except as otherwise set forth in this Litigation Trust Agreement or in the Plan, no Person dealing with the Litigation Trust shall be obligated to inquire into the authority of the Litigation Trustee in connection with the protection, conservation or disposition of the Litigation Trust Assets.

3.10    Compliance with Laws.

(a)    The Litigation Trustee shall ensure that any and all distributions of Net Litigation Trust Proceeds shall be in compliance with applicable laws including, without limitation, applicable federal and state securities laws.

(b)    If the Litigation Trustee determines, with the advice of counsel, that the Litigation Trust is required to comply with registration and reporting requirements of the Exchange Act, the TIA, or the Investment Company Act, then the Litigation Trustee shall, after consultation with the Litigation Trust Advisory Board, take commercially reasonable efforts to comply with such registration and reporting requirements, if any, and file periodic reports with the U.S. Securities and Exchange Commission to the extent required by law.

3.11    Litigation Trustee Compensation and Reimbursement.

The Litigation Trustee shall receive compensation from the Litigation Trust as follows:

(a)    The Litigation Trustee shall receive the compensation set, from time to time, by the Litigation Trust Advisory Board. The Litigation Trust Advisory Board, without application to or approval by the Bankruptcy Court, may reasonably modify the Litigation Trustee's compensation and other terms regarding the retention of the Litigation Trustee.

(b)    In addition, the Litigation Trust will reimburse the Litigation Trustee (out of the Litigation Trust Proceeds or the proceeds of the Trust Loan) for all reasonable and documented out-of-pocket expenses incurred by the Litigation Trustee in connection with the performance of the Litigation Trustee's duties hereunder and under the Plan.

(c)    The fees and expenses payable to the Litigation Trustee shall be paid to the Litigation Trustee upon approval of such fees by the Litigation Trust Advisory Board without necessity for review or approval by the Bankruptcy Court or any other Person. All such

compensation and reimbursement shall be paid from the Litigation Trust with the Litigation Trust Proceeds or the proceeds of the Trust Loan. The Bankruptcy Court shall retain jurisdiction to adjudicate any dispute between the Litigation Trustee and the Litigation Trust Advisory Board regarding the fees, compensation, and expenses of the Litigation Trustee.

3.12    Reliance by the Litigation Trustee.

Except as otherwise provided herein:

(a)    The Litigation Trustee may rely, and shall be protected in acting upon, any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document believed by the Litigation Trustee to be genuine and to have been signed or presented by the proper party or parties.

(b)    Persons dealing with the Litigation Trustee shall look only to the Litigation Trust Assets to satisfy any liability incurred by the Litigation Trustee to such Person in carrying out the terms of this Litigation Trust Agreement, and neither the Litigation Trustee nor any member of the Litigation Trust Advisory Board nor the Reorganized Debtors shall have any personal obligation to satisfy any such liability.

3.13    Standard of Care; Exculpation.

Neither the Litigation Trustee nor any of the Litigation Trustee's duly designated agents or representatives or professionals shall be liable for any act or omission taken or omitted to be taken by the Litigation Trustee except in the event that there is a Final Order of a court of competent jurisdiction determining that the Litigation Trustee committed fraud, self-dealing, intentional misrepresentation, gross negligence, or willful misconduct. The Litigation Trustee may, in connection with the performance of the Litigation Trustee's functions, and in the Litigation Trustee's sole and absolute discretion, consult with the Litigation Trustee's attorneys, accountants, financial advisors and agents, and shall not be liable for any act taken, omitted to be taken, or suffered to be done in accordance with advice or opinions rendered by such Persons. Notwithstanding such authority, the Litigation Trustee shall be under no obligation to consult with the Litigation Trustee's attorneys, accountants, financial advisors or agents, and the Litigation Trustee's good faith determination not to do so shall not result in the imposition of liability on the Litigation Trustee, unless such determination is based on gross negligence, recklessness, willful misconduct, or knowing violation of law.

3.14    Acknowledgment of Lack of Control; Exculpation.

The Parties hereby acknowledge and agree that neither the Reorganized Debtors, nor the equity owners of the Reorganized Debtors nor the Proponents nor any of their duly designated agents or representatives, in each case solely in their capacities as such (the "Non-Controlling Parties"), are able to exert any control or influence over the Litigation Trustee, the administration of the Litigation Trust, the pursuit of the Preserved Causes of Action or any other business of the Litigation Trust, and accordingly no Non-Controlling Party shall be liable for any act or omission of the Litigation Trust, the Litigation Trustee or any agent or representative of the Litigation Trustee.

ARTICLE 4

LITIGATION TRUST ADVISORY BOARD

4.1     Litigation Trust Advisory Board.

       The Litigation Trust Advisory Board, which shall have no more than three members consisting of (i) Wilmington Trust or its designee, (ii) Deutsche Bank or its designee and (iii) a member of the Creditors' Committee that will be a beneficiary of Litigation Trust Interests, but excluding the Senior Loan Agent, is hereby established as of the Effective Date pursuant to Article XIII of the Plan to advise, assist and supervise the Litigation Trustee in the administration of the Litigation Trust pursuant to this Litigation Trust Agreement.  The initial members of the Litigation Trust Advisory Board shall be the Persons set forth on Exhibit B, attached hereto. Members of the Litigation Trust Advisory Board shall have the right to direct and remove the Litigation Trustee, and shall have such other rights to operate and manage the Litigation Trust as are not inconsistent with the Confirmation Order, the Plan and the terms of this Litigation Trust Agreement. No other Litigation Trust Beneficiary shall have any consultation or approval rights whatsoever in respect of management and operation of the Litigation Trust, except as may be set forth in this Litigation Trust Agreement or the Plan with respect to the Step Two Arranger Litigation Trust Preference.

4.2     Authority of the Litigation Trust Advisory Board.

       The Litigation Trust Advisory Board shall have the authority and responsibility to advise, assist and supervise the Litigation Trustee in the administration of the Litigation Trust and shall have the authority to remove the Litigation Trustee in accordance with Section 3.7(c) herein. The Litigation Trustee shall consult with and provide information to the Litigation Trust Advisory Board in accordance with and pursuant to the terms of this Litigation Trust Agreement and the Plan. The Litigation Trust Advisory Board shall have the authority to select and engage such professional advisors including, without limitation, any professional previously retained by the Litigation Trust Beneficiaries, the Creditors' Committee, or the Debtors, as the Litigation Trust Advisory Board deems necessary and desirable to assist the Litigation Trust Advisory Board in fulfilling its obligations under this Litigation Trust Agreement and the Plan, and the Litigation Trust shall pay the reasonable and documented fees of such advisors (including on an hourly, contingency, or modified contingency basis) and reimburse such advisors for their reasonable and documented out-of-pocket costs and expenses consistent with the terms of this Litigation Trust Agreement.

4.3     Regular Meetings of the Litigation Trust Advisory Board.

       Meetings of the Litigation Trust Advisory Board are to be held with such frequency and at such place as the Litigation Trustee and the members of the Litigation Trust Advisory Board may determine in their reasonable discretion, but in no event shall such meetings be held less frequently than quarterly.

4.4    <u>Special Meetings of the Litigation Trust Advisory Board</u>.

Special meetings of the Litigation Trust Advisory Board may be held whenever and wherever called for by the Litigation Trustee or any member of the Litigation Trust Advisory Board.

4.5    <u>Manner of Acting</u>.

(a)    A majority of the total number of members of the Litigation Trust Advisory Board then in office shall constitute a quorum for the transaction of business at any meeting of the Litigation Trust Advisory Board. The affirmative vote of a majority of the members of the Litigation Trust Advisory Board present and entitled to vote at a meeting at which a quorum is present shall be the act of the Litigation Trust Advisory Board except as otherwise required by law or as provided in this Litigation Trust Agreement. Any or all of the members of the Litigation Trust Advisory Board may participate in a regular or special meeting by, or conduct the meeting through the use of, conference telephone or similar communications equipment by means of which all persons participating in the meeting may hear each other, in which case any required notice of such meeting may generally describe the arrangements (rather than or in addition to the place) for the holding thereof. Any member of the Litigation Trust Advisory Board participating in a meeting by this means is deemed to be present in person at the meeting. Voting (including on negative notice) may, if approved by the majority of the members at a meeting, be conducted by electronic mail or individual communications by the Litigation Trustee and each member of the Litigation Trust Advisory Board.

(b)    Any member of the Litigation Trust Advisory Board who is present and entitled to vote at a meeting of the Litigation Trust Advisory Board when action is taken is deemed to have assented to the action taken, subject to the requisite vote of the Litigation Trust Advisory Board, unless: (i) such member of the Litigation Trust Advisory Board objects at the beginning of the meeting (or promptly upon his or her arrival) to holding it or transacting business at the meeting; or (ii) his or her dissent or abstention from the action taken is entered in the minutes of the meeting; or (iii) he or she delivers written notice (including by electronic or facsimile transmission) of his or her dissent or abstention to the Litigation Trust Advisory Board before its adjournment. The right of dissent or abstention is not available to any member of the Litigation Trust Advisory Board who votes in favor of the action taken.

(c)    Prior to the taking of a vote on any matter or issue or the taking of any action with respect to any matter or issue, each member of the Litigation Trust Advisory Board shall report to the Litigation Trust Advisory Board any conflict of interest such member has or may have with respect to the matter or issue at hand and fully disclose the nature of such conflict or potential conflict (including, without limitation, disclosing any and all financial or other pecuniary interests that such member might have with respect to or in connection with such matter or issue, other than solely as a Litigation Trust Beneficiary). A member who has or who may have a conflict of interest shall be deemed to be a "conflicted member" who shall not be entitled to vote or take part in any action with respect to such matter or issue (however such member shall be counted for purposes of determining the existence of a quorum); the vote or action with respect to such matter or issue shall be undertaken only by members of the Litigation Trust Advisory Board who are not "conflicted members."

4.6    <u>Litigation Trust Advisory Board's Action Without a Meeting</u>.

Any action required or permitted to be taken by the Litigation Trust Advisory Board at a meeting may be taken without a meeting if the action is taken by unanimous written consent of the Litigation Trust Advisory Board as evidenced by one or more written consents describing the action taken, signed by all members of the Litigation Trust Advisory Board and recorded in the minutes or other transcript of proceedings of the Litigation Trust Advisory Board.

4.7    <u>Tenure, Removal, and Replacement of the Members of the Litigation Trust Advisory Board</u>.

The authority of the members of the Litigation Trust Advisory Board will be effective as of the Effective Date and will remain and continue in full force and effect until the Litigation Trust is terminated in accordance with <u>Section 9.1</u> herein. The service of the members of the Litigation Trust Advisory Board will be subject to the following:

(a)    The members of the Litigation Trust Advisory Board will serve until Disability, death, resignation pursuant to subsection (b) below, or removal pursuant to subsection (c) below;

(b)    A member of the Litigation Trust Advisory Board may resign at any time by providing a written notice of resignation to the remaining members of the Litigation Trust Advisory Board. Such resignation will be effective upon the date received by the Litigation Trust Advisory Board or such later date specified in the written notice;

(c)    A member of the Litigation Trust Advisory Board may be removed by the majority vote of the other members of the Litigation Trust Advisory Board, a written resolution of which shall be delivered to the removed Litigation Trust Advisory Board member; <u>provided, however</u>, that such removal may only be made for Cause;

(d)    In the event of a vacancy on the Litigation Trust Advisory Board (whether by removal, Disability, death or resignation), a new member may be appointed to fill such position by a majority vote of the remaining members of the Litigation Trust Advisory Board; <u>provided, however</u>, that if the designee of Wilmington Trust  or the designee of Deutsche Bank ceases for any reason to be a member of the Litigation Trust Advisory Board, then, so long as Wilmington Trust or Deutsche Bank, as applicable, continue to serve as Indenture Trustee, it shall have the right to appoint a successor member of the Litigation Trust Advisory Board to replace its previous designee.  Any successor Indenture Trustee to Wilmington Trust and/or Deutsche Bank shall have the right to appoint a member of the Litigation Trust Advisory Board to replace the designee of Wilmington Trust and/or Deutsche Bank, as applicable.  Thereafter, if the designee of such successor Indenture Trustee ceases for any reason to be a member of the Litigation Trust Advisory Board, then such successor Indenture Trustee shall have the right to appoint a successor member of the Litigation Trust Advisory Board to replace its previous designee. Any such appointment of a new member cannot alter the structure or power of the Litigation Trust Advisory Board as set forth in <u>Section 4.1</u> herein; and

(e)     Immediately upon the appointment of any successor member of the Litigation Trust Advisory Board, all rights, powers, duties, authority, and privileges of the predecessor member of the Litigation Trust Advisory Board hereunder will be vested in and undertaken by the successor member of the Litigation Trust Advisory Board without any further act; and the successor member of the Litigation Trust Advisory Board will not be liable personally for any act or omission of the predecessor member of the Litigation Trust Advisory Board.

(f)     Every successor member of the Litigation Trust Advisory Board appointed hereunder shall execute, acknowledge and deliver to the Litigation Trustee and other members an instrument accepting the appointment under this Litigation Trust Agreement and agreeing to be bound thereto, and thereupon the successor member of the Litigation Trust Advisory Board without any further act, deed, or conveyance, shall become vested with all rights, powers, trusts, and duties of the retiring member.

4.8     Compensation and Reimbursement of Expenses of the Litigation Trust Advisory Board.

(a)     Each member of the Litigation Trust Advisory Board shall receive a $25,000 annual aggregate fee as compensation for his or her time expended in connection with the Litigation Trust, to be paid in quarterly increments.

(b)     The Litigation Trust will reimburse the members of the Litigation Trust Advisory Board for all reasonable and documented out-of-pocket expenses incurred by such members in connection with the performance of their respective services hereunder including, without limitation, any services rendered with respect to the LT Reserves, without duplication, upon demand for payment thereof; provided, however, that the Litigation Trust will not reimburse the members of the Litigation Trust Advisory Board for any fees, costs, and expenses of legal counsel retained by the members.

(c)     All fees and expenses of the members of the Litigation Trust Advisory Board shall be paid solely from Litigation Trust Proceeds or the proceeds of the Trust Loan.

4.9     No Further Liability.

(a)     Each of the Litigation Trustee and the members of the Litigation Trust Advisory Board shall have no liability for any actions or omissions in accordance with this Litigation Trust Agreement unless arising out of their gross negligence or willful misconduct. In performing its duties under this Litigation Trust Agreement, the Litigation Trustee or the members of the Litigation Trust Advisory Board (as applicable) shall have no liability for any action taken by the Litigation Trustee and the members of the Litigation Trust Advisory Board in accordance with the advice of counsel, accountants, appraisers and other professionals retained by the members of the Litigation Trust Advisory Board or the Litigation Trust. Without limiting the generality of the foregoing, the Litigation Trustee and the members of the Litigation Trust Advisory Board may rely without independent investigation on copies of orders of the Bankruptcy Court reasonably believed by the Litigation Trustee or the members of the Litigation Trust Advisory Board (as applicable) to be genuine, and shall have no liability for actions taken

in reliance thereon. None of the provisions of this Litigation Trust Agreement shall require the Litigation Trustee or the members of the Litigation Trust Advisory Board to expend or risk their own funds or otherwise incur personal financial liability in the performance of any of their duties hereunder or in the exercise of any of their rights and powers. Each of the Litigation Trustee and the members of the Litigation Trust Advisory Board may rely without inquiry upon writings delivered to it under the Plan which the Litigation Trustee or the members of the Litigation Trust Advisory Board (as applicable) reasonably believes to be genuine and to have been given by a proper Person. Notwithstanding the foregoing, nothing in this Section 4.9 shall relieve the Litigation Trustee or the members of the Litigation Trust Advisory Board from any liability for any actions or omissions arising out of their gross negligence or willful misconduct. Any action taken or omitted to be taken in the case of the Litigation Trustee or the members of the Litigation Trust Advisory Board with the express approval of the Bankruptcy Court and, in the case of the Litigation Trustee, with the express approval of the members of the Litigation Trust Advisory Board will conclusively be deemed not to constitute gross negligence or willful misconduct.

(b)     Neither the Litigation Trustee, the members of the Litigation Trust Advisory Board nor their professionals will be liable for punitive, exemplary, consequential, special or other damages for a breach of this Trust Agreement under any circumstances.

4.10    Acknowledgment of Lack of Control; Exculpation.

The Parties hereby acknowledge and agree that the Non-Controlling Parties are not able to exert any control or influence over the Litigation Trust Advisory Board, the administration of the Litigation Trust, the pursuit of the Preserved Causes of Action or any other business of the Litigation Trust, and accordingly no Non-Controlling Party shall be liable for any act or omission of the Litigation Trust or any member, designee, professional, agent or representative of the Litigation Trust Advisory Board.

ARTICLE 5

TAX MATTERS

5.1    Treatment of Litigation Trust Assets Transfer.

Notwithstanding Section 1.2(a) herein, all parties shall treat, for U.S. federal income tax purposes, the transfer of each of the Litigation Trust Assets to the Litigation Trust, including any amounts or other assets subsequently transferred to the Litigation Trust (but only at such time as actually transferred), as a transfer of the Litigation Trust Assets (other than amounts set aside as LT Reserves if the LT Reserves are subject to any entity level tax) to the Litigation Trust Beneficiaries, followed by a transfer of such Litigation Trust Assets by the Litigation Trust Beneficiaries to the Litigation Trust in exchange for beneficial interests in the Litigation Trust.

5.2    Income Tax Status.

For U.S. federal income tax purposes (and for purposes of all state, local and other jurisdictions to the extent applicable), the Litigation Trust shall be treated as a

grantor trust pursuant to IRC sections 671-677, or any successor provisions thereof. To the extent consistent with Revenue Procedure 94-45 and not otherwise inconsistent with this Litigation Trust Agreement, this Litigation Trust Agreement shall be construed so as to satisfy the requirements for liquidating trust status. Except with respect to the Litigation Trust Assets allocable to the LT Reserves, (i) the Litigation Trust Beneficiaries will be treated as the grantors, deemed owners and beneficiaries of the Litigation Trust, and (ii) any items of income, gain, loss, deduction and credit of the Litigation Trust shall be allocated for U.S. federal income tax purposes to the Litigation Trust Beneficiaries. The Litigation Trust shall at all times be administered so as to constitute a domestic trust for U.S. federal income tax purposes.

5.3     Valuation of Litigation Trust Assets as of Effective Date.

Promptly after the Effective Date, the Valuation Expert shall determine and file with the Bankruptcy Court the final fair market value as of the Effective Date of all Litigation Trust Assets transferred to the Litigation Trust, giving due regard to the initial estimated valuation of the Litigation Trust Assets determined in accordance with the Plan. Subject to any lawful objection thereto, the Litigation Trust Beneficiaries, the Litigation Trust and the Litigation Trustee will each be required to use such Valuation Expert's final valuation consistently and solely for all U.S. federal income tax purposes, including for determining tax basis and gain or loss.  For the avoidance of doubt, the Valuation Expert's final valuation shall not be binding on the Litigation Trust Beneficiaries, the Litigation Trust or the Litigation Trustee for any purpose other than U.S. federal income tax purposes, and the valuation shall not impair or prejudice any rights, claims, powers, duties, authority, and privileges of the Litigation Trust Beneficiaries, the Litigation Trust or the Litigation Trustee except with respect to U.S. federal income tax purposes.  The Litigation Trustee also shall file (or cause to be filed) any other statements, returns or disclosure relating to the Litigation Trust that are required by governmental unit.

5.4     Tax Returns.

The Litigation Trustee shall file U.S. federal income tax returns for the Litigation Trust as a grantor trust in accordance with United States Treasury Regulation section 1.671-4 and report, but not pay tax on, the Litigation Trust's tax items of income, gain, loss, deduction and credit, other than such tax items allocable to the LT Reserves ("LT Tax Items"). The Holders of Litigation Trust Interests shall report such LT Tax Items on their U.S. federal income tax returns and pay any resulting U.S. federal income tax liability. In addition, the Litigation Trust shall file in a timely manner such other tax returns, including any state and local tax returns, as are required by applicable law and pay any taxes shown as due thereon. Within a reasonable time following the end of the taxable year, the Litigation Trust shall send to each Litigation Trust Beneficiary a separate statement setting forth the Litigation Trust Beneficiary's share of LT Tax Items and will instruct each such Litigation Trust Beneficiary to report such items on its applicable income tax return. The Litigation Trust may provide each Litigation Trust Beneficiary with a copy of the Form 1041 for the Litigation Trust (without attaching any other Litigation Trust Beneficiary's Schedule K-1 or other applicable information form) along with such Litigation Trust Beneficiary's Schedule K-1 or other applicable information form in order to satisfy the foregoing requirement.

5.5    <u>Expedited Determination of Taxes</u>.

The Litigation Trustee may request an expedited determination of taxes of the Litigation Trust under applicable law for all returns filed for, or on behalf of, the Litigation Trust for all taxable periods through the dissolution of the Litigation Trust.

5.6    <u>Withholding of Taxes; Litigation Trust Taxes</u>.

The Litigation Trust shall comply with all withholding and reporting requirements imposed by any federal, state, local or foreign taxing authority, and all distributions made by the Litigation Trust to the Litigation Trust Beneficiaries shall be subject to any such withholding and reporting requirements. To the extent that the operation of the Litigation Trust or the liquidation of the Litigation Trust Assets creates a tax liability imposed on the Litigation Trust, including the LT Reserves, the Litigation Trust shall timely pay such tax liability and any such payment shall be considered a cost and expense of the operation of the Litigation Trust. All Litigation Trust Beneficiaries shall be required to provide any information necessary to comply with all withholding and reporting requirements.

5.7    <u>Tax Treatment of LT Reserves</u>.

Notwithstanding any other provision of this Litigation Trust Agreement to the contrary, subject to definitive guidance from the Internal Revenue Service or a court of competent jurisdiction to the contrary, with respect to any Litigation Trust Assets allocable to the LT Reserves, the Litigation Trustee may in the Litigation Trustee's discretion, for U.S. federal income tax purposes (and to the extent permitted by law, for state and local income tax purposes), either (i) make an election to treat such assets as held in a "disputed ownership fund" within the meaning of United States Treasury Regulation section 1.468B-9, or (ii) treat such assets as held in a discrete trust (which may consist of separate and independent shares) in accordance with the trust provisions of the IRC (section 641, *et seq*.).  In either case, the Litigation Trustee shall treat as taxable income or loss of such fund or separate trust with respect to each taxable year, the portion of the taxable income or loss and other tax items for such year that would have been allocated to holders of Disputed Claims had such Claims been allowed on the Effective Date (but only for the portion of the taxable year with respect to which such Claims are unresolved). Any separate entity level tax incurred with respect to the LT Reserves shall be paid by the Litigation Trustee out of the LT Reserves. All parties (and the Litigation Trust Beneficiaries) must report consistently with the income tax treatment determined by the Litigation Trustee in the Litigation Trustee's discretion.

ARTICLE 6

DISTRIBUTIONS

6.1    <u>Annual Distribution; Withholding</u>.

The Litigation Trustee shall distribute at least annually all Net Litigation Trust Proceeds in accordance with the Plan and the Litigation Trust Distribution Schedule; <u>provided, however,</u> that the Litigation Trust may retain such amounts as are reasonably necessary (i) to maintain the LT Reserves and the Expense Fund, and (ii) to pay or reserve for any taxes imposed

on the Litigation Trust or in respect of the Litigation Trust Assets in accordance with the Plan or this Litigation Trust Agreement. All such distributions shall be pursuant to the provisions of the Plan and the Litigation Trust Distribution Schedule. The Litigation Trustee may withhold from amounts distributable to any Person any and all amounts, determined in the Litigation Trustee's reasonable sole discretion, to be required by any law, regulation, rule, ruling, directive or other governmental requirement.

6.2    Manner of Payment or Distribution.

(a)    With the exception of Class 1E Litigation Trust Interests and Class 1J Litigation Trust Interests, all distributions made by the Litigation Trustee to Holders of Litigation Trust Interests shall be payable by the Litigation Trustee directly to the Holders of Litigation Trust Interests of record as of the twentieth (20th) day prior to the date scheduled for the distribution, unless such day is not a Business Day, then such date for the distribution shall be the following Business Day. Unless otherwise set forth in the Confirmation Order, no record date shall be established for distributions to Holders of Class 1E Litigation Trust Interests or Class 1J Litigation Trust Interests. For the avoidance of doubt, in accordance with the Plan and the Litigation Trust Distribution Schedule, distributions to Holders of Class 1E Litigation Trust Interests or Class 1J Litigation Trust Interests shall be made to the applicable Indenture Trustees, which, in turn, shall make such distributions to the applicable Holders either through DTC or, in case of Class 1E Litigation Trust Interests or Class 1J Litigation Trust Interests held directly by the Holder thereof, through the applicable Indenture Trustee, subject to the respective rights, claims and interests, if any, that the Indenture Trustee may have under the applicable Indentures or otherwise to the recovery and/or reimbursement of their fees, costs and expenses (including the fees, costs and expenses of counsel and financial advisors) from any distribution on account of such Litigation Trust Interests, whether such rights, claims or interests are in the nature of a charging lien or otherwise. To the extent the Indenture Trustees make distributions to applicable Holders through DTC, such payment shall be made to DTC in accordance with DTC's customary procedures. If the distribution to Holders of Litigation Trust Interests shall be in Cash, the Litigation Trustee shall distribute such Cash by wire, check, or such other method as the Litigation Trustee deems appropriate under the circumstances.

(b)    All Net Litigation Trust Proceeds shall be distributed in accordance with the Plan and the Litigation Trust Distribution Schedule.

6.3    Delivery of Litigation Trust Distributions.

All distributions under this Litigation Trust Agreement to any Holder of Litigation Trust Interests except Holders of Class 1E Litigation Trust Interests and Holders of Class 1J Litigation Trust Interests shall be made at the address of such Holder as set forth in the Trust Register or at such other address or in such other manner as such Holder of Litigation Trust Interests shall have specified for payment purposes in a written notice to the Litigation Trustee and the Registrar at least twenty (20) days prior to such distribution date. All distributions under this Litigation Trust Agreement to Holders of Class 1E Litigation Trust Interests and Holders of Class 1J Litigation Trust Interests shall be made in accordance with Section 6.2 herein, the Plan and the Litigation Trust Distribution Schedule. If any distribution to any Litigation Trust Beneficiary is returned as undeliverable, and after reasonable efforts the Litigation Trustee

has not been able to determine the current address of the Litigation Trust Beneficiary, such undeliverable or unclaimed distribution shall be deemed unclaimed property 120 days after the date of such distribution and shall be reallocated to the remaining Litigation Trust Beneficiaries and shall be distributed in accordance with the Plan and the Litigation Trust Distribution Schedule. Such undeliverable or unclaimed distributions shall not be subject to (i) any claims by such Litigation Trust Beneficiary, or (ii) the unclaimed property or escheat laws of any state or governmental unit.

      6.4    <u>Setoffs</u>.

      The Litigation Trustee, on behalf of the Litigation Trust, agrees to comply with and not take any actions inconsistent with <u>Section 7.11.2</u> of the Plan.

      6.5    <u>LT Reserves</u>.

      The Litigation Trustee shall establish the LT Reserve(s), which shall include assets held separately from other assets of the Litigation Trust, subject to an allocable share of all expenses and obligations of the Litigation Trust, on account of Disputed Claims. The Litigation Trustee shall remove funds from the LT Reserve(s) as the Disputed Claims are resolved, which funds shall be distributed as provided in this <u>Article 6</u> and the Litigation Trust Distribution Schedule.

      6.6    <u>Cash Distributions</u>.

      No Cash distributions shall be required to be made to any Litigation Trust Beneficiary in an amount less than $100.00. Any funds so withheld and not distributed shall be held in reserve and distributed in subsequent distributions. Notwithstanding the foregoing, all Cash shall be distributed in the final distribution of the Net Litigation Trust Proceeds.

ARTICLE 7

INDEMNIFICATION

      7.1    <u>Indemnification of the Litigation Trustee and the Litigation Trust Advisory Board</u>.

      (a)    To the fullest extent permitted by law, the Litigation Trust, to the extent of its assets legally available for that purpose, will indemnify and hold harmless the Litigation Trustee and the Litigation Trust Advisory Board and each of their respective directors, members, shareholders, partners, officers, agents, professionals or employees (collectively, the "<u>Litigation Trust Indemnified Parties</u>" and each a "<u>Litigation Trust Indemnified Party</u>") from and against any and all loss, cost, damage, expense (including, without limitation, fees and expenses of attorneys and other advisors and any court costs incurred by any Litigation Trust Indemnified Party) or liability by reason of anything any Litigation Trust Indemnified Party did, does or refrains from doing for the business or affairs of the Litigation Trust, except to the extent that it is finally judicially determined by a court of competent jurisdiction that the loss, cost, damage, expense or liability resulted from the Litigation Trust Indemnified Party's gross negligence or willful misconduct.

(b)     Notwithstanding any provision herein to the contrary, the Litigation Trust Indemnified Parties shall be entitled to obtain advances from the Litigation Trust to cover their reasonable expenses of defending themselves in any action brought against them as a result of the acts and omissions, actual or alleged, of a Litigation Trust Indemnified Party in its capacity as such, provided, however, that the Litigation Trust Indemnified Parties receiving such advances shall repay the amounts so advanced to the Litigation Trust immediately upon the entry of a final, non-appealable judgment or order finding that such Litigation Trust Indemnified Parties were not entitled to any indemnity under the provisions of this Section 7.1 The foregoing indemnity in respect of any Litigation Trust Indemnified Party shall survive the termination, resignation or removal of such Litigation Trust Indemnified Party from the capacity for which they are indemnified. Termination or modification of the Trust Agreement shall not affect any indemnification rights or obligations then existing.

(c)     The rights to indemnification under this Section 7.1 are not exclusive of other rights which any Litigation Trust Indemnified Party may otherwise have at law or in equity including, without limitation, common law rights to indemnification or contribution. Nothing in this Section 7.1 will affect the rights or obligations of any Person (or the limitations on those rights or obligations) under this Litigation Trust Agreement or any other agreement or instrument to which that Person is a party.

ARTICLE 8

REPORTS TO LITIGATION TRUST BENEFICIARIES

8.1    Reports.

(a)     The Litigation Trustee shall file quarterly reports with the Bankruptcy Court (and serve the same upon counsel for the Reorganized Debtors), and provide annual reports to the Litigation Trust Beneficiaries, with respect to (i) the prosecution and resolution of the Litigation Trust Assets, and (ii) expenditures, receipts, and distributions of the Litigation Trust. The Litigation Trustee shall cause to be prepared, as applicable, either at such times as may be required by the Exchange Act, if applicable, or, not less than annually, financial statements of the Litigation Trust, to be delivered to the Litigation Trust Beneficiaries together with annual income tax reporting of the Litigation Trust. To the extent required by law, the financial statements prepared as of the end of the fiscal year shall be audited by nationally recognized independent accountants in accordance with U.S. generally accepted accounting principles. The materiality and scope of audit determinations shall be established between the Litigation Trustee (in consultation with the Litigation Trust Advisory Board) and the appointed auditors with a view toward safeguarding the value of the Litigation Trust Assets, but nothing relating to the mutually agreed scope of work shall result in any limitation of audit scope that would cause the auditors to qualify their opinion as to scope of work with respect to such financial statements.

(b)     Within ten (10) Business Days after the end of the relevant report preparation period the Litigation Trustee shall cause any information reported pursuant to Section 8.1(a) to be provided to such Litigation Trust Beneficiaries and to be filed with the Bankruptcy Court.

(c)     Any report required to be distributed by the Litigation Trustee under Section 8.1(a) hereof shall also be distributed to the Persons listed in Section 11.6 hereof concurrently with its distribution to the Litigation Trust Beneficiaries under Section 8.1(a) hereof. The Litigation Trustee may post any report required to be provided under this Section 8.1 on a web site maintained by the Litigation Trustee in lieu of actual notice to the Litigation Trust Beneficiaries (unless otherwise required by law) subject to providing notice to the Persons listed in Section 11.6 herein.

ARTICLE 9

TERM; TERMINATION OF THE LITIGATION TRUST

9.1     Term; Termination of the Litigation Trust.

(a)     The Litigation Trust will be dissolved no later than five (5) years from the Effective Date; provided, however, that the Bankruptcy Court, upon motion by a party in interest, on notice with an opportunity for a hearing, may extend the term of the Litigation Trust for a finite period if (i) such extension is necessary to the purpose of the Litigation Trust, (ii) the Litigation Trustee receives an opinion of counsel or a ruling from the Internal Revenue Service stating that such extension would not adversely affect the status of the Litigation Trust as a liquidating trust for U.S. federal income tax purposes, and (iii) such extension is obtained within the six (6) month period prior to the Litigation Trust's fifth (5th) anniversary or the end of the immediately preceding extension period, as applicable.

(b)     Upon dissolution of the Litigation Trust, any remaining Cash on hand and other assets, with the exception of any Preserved Causes of Action will be distributed to the Litigation Trust Beneficiaries in accordance with this Litigation Trust Agreement and the Litigation Trust Distribution Schedule.

(c)     In connection with the dissolution of the Litigation Trust, the Litigation Trustee shall withdraw with prejudice any pending suits, actions or proceedings with respect to the Preserved Causes of Action and, upon dissolution of the Litigation Trust, all remaining Preserved Causes of Action shall be deemed void and abandoned and no Litigation Trust Beneficiary shall have any right, title or interest in or to any such Preserved Cause of Action.

9.2     Continuance of the Litigation Trustee for Winding Up.

After the termination of the Litigation Trust and for the purpose of liquidating and winding up the affairs of the Litigation Trust, the Litigation Trustee shall continue to act as such until the Litigation Trustee's duties have been fully performed. Prior to the final distribution of all of the remaining Litigation Trust Assets and upon approval of the Litigation Trust Advisory Board, the Litigation Trustee shall be entitled to reserve from such assets any and all amounts required to provide for the Litigation Trustee's own costs and expenses in accordance with Section 3.11 herein until such time as the winding up of the Litigation Trust is completed. Upon termination of the Litigation Trust, subject to the terms and conditions contained in the LT Confidentiality and Common Interest Agreement, the Litigation Trustee shall retain for a period of two (2) years, as a cost of administering the Litigation Trust, the books, records, Litigation

Trust Beneficiary lists, the Trust Register, and certificates and other documents and files that have been delivered to or created by the Litigation Trustee. Subject to the terms and conditions contained in the LT Confidentiality and Common Interest Agreement, at the Litigation Trustee's discretion, all of such records and documents may, but need not, be destroyed at any time after two (2) years from the completion and winding up of the affairs of the Litigation Trust. Except as otherwise specifically provided herein, upon the termination of the Litigation Trust, the Litigation Trustee shall have no further duties or obligations hereunder.

## ARTICLE 10

## AMENDMENT AND WAIVER

Any substantive provision of this Litigation Trust Agreement, except for this Article 10 and Section 1.5 herein, may be amended or waived in writing by the Litigation Trustee, upon notice and unanimous approval by the Litigation Trust Advisory Board and approval of the Bankruptcy Court and provision of reasonable notice to the Reorganized Debtors; provided, however, that any modification that may adversely affect distributions to Litigation Trust Beneficiaries shall require the consent of the Litigation Trust Beneficiaries who hold a majority of the class of Litigation Trust Interests that would be adversely affected. Notwithstanding the foregoing, any amendment or waiver which materially and adversely affects the Reorganized Debtors shall require their consent. Technical amendments to this Litigation Trust Agreement may be made, as necessary to clarify this Litigation Trust Agreement or enable the Litigation Trustee to effectuate the terms of this Litigation Trust Agreement, by the Litigation Trustee with approval by a majority of the Litigation Trust Advisory Board; provided, however, that all amendments of this Litigation Trust Agreement shall be consistent with the Plan and the purpose and intention of the Litigation Trust to liquidate in an expeditious but orderly manner the Litigation Trust Assets in accordance with United States Treasury Regulation section 301.7701-4(d) and Section 1.4 herein.

## ARTICLE 11

## MISCELLANEOUS PROVISIONS

11.1    Intention of Parties to Establish a Liquidating Trust.

The Litigation Trust is intended to be classified as a liquidating trust for U.S. federal income tax purposes and, to the extent provided by law, shall be governed and construed in all respects as such a trust and any ambiguity herein shall be construed consistent herewith and, if necessary, this Litigation Trust Agreement may be amended in accordance with Article 10 herein to comply with such U.S. federal income tax laws, which amendments may apply retroactively.

11.2    Reimbursement of Trust Costs.

If the Litigation Trustee, the Litigation Trust Advisory Board, the Litigation Trust, or any Debtor or Reorganized Debtor, as the case may be, is the prevailing party in a dispute regarding the provisions of this Litigation Trust Agreement or the enforcement thereof,

the Litigation Trustee, the Litigation Trust Advisory Board, the Litigation Trust or any Debtor or Reorganized Debtor, as the case may be, shall be entitled to collect any and all costs, reasonable and documented out-of-pocket expenses and fees, including attorneys' fees, from the non-prevailing party incurred in connection with such dispute or enforcement action. To the extent that the Litigation Trust has advanced such amounts, the Litigation Trust may recover such amounts from the non-prevailing party.

11.3    Laws as to Construction.

Except to the extent the Bankruptcy Code or Federal Rules of Bankruptcy Procedure are applicable, this Litigation Trust Agreement shall be governed by, and construed and enforced in accordance with, the federal laws of the United States and, to the extent there is no applicable federal law, the domestic laws of the state of Delaware, without giving effect to the principles of conflicts of law thereof.

11.4    Jurisdiction.

The Bankruptcy Court shall have the exclusive jurisdiction with respect to any action relating to or arising from the Litigation Trust.

11.5    Severability.

If any provision of this Litigation Trust Agreement or the application thereof to any Person or circumstance shall be finally determined by a court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this Litigation Trust Agreement, or the application of such provision to Persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and such provision of this Litigation Trust Agreement shall be valid and enforced to the fullest extent permitted by law.

11.6    Notices.

(a)    All notices, requests or other communications to the Parties hereto shall be in writing and shall be sufficiently given only if (i) delivered in person; (ii) sent by electronic or facsimile communication (as evidenced by an electronic mail return receipt or confirmed fax transmission report, respectively); (iii) sent by registered or certified mail, return receipt requested; or (iv) sent by commercial delivery service or courier. Until a change of address is communicated, as provided below, all notices, requests and other communications shall be sent to the parties at the following addresses or facsimile numbers:

(i)    If to the Litigation Trustee, to:

[to be inserted]

With a copy to:

[to be inserted]

(ii)     If to the Litigation Trust Advisory Board, to:

[to be inserted]

With a copy to:

[to be inserted]

(iii)    If to the Reorganized Debtors, to:

[to be inserted]

With a copy to:

[to be inserted]

(iv)     If to a Litigation Trust Beneficiary: to the name and address set forth on the Trust Register, provided that general notices to all Litigation Trust Beneficiaries may be made by posting such notice to a website identified in advance for communication with Litigation Trust Beneficiaries. To the extent Holders of Class 1E Litigation Trust Interests or Class 1J Litigation Trust  Interests hold such Litigation Trust Interests through DTC, all notices, requests or other communications to such Holders shall be provided by the applicable Indenture Trustee according to its customary procedures.

(b)     All notices shall be effective and shall be deemed delivered (i) if by personal delivery, delivery service or courier, on the date of delivery; (ii) if by electronic mail or facsimile communication, on the date of receipt or confirmed transmission of the communication; and (iii) if by mail, on the date of receipt. Any Party from time to time may change its address, facsimile number or other information for the purpose of notices to that Party by giving notice specifying such change to the other Party hereto.

11.7    <u>Fiscal Year</u>.

The fiscal year of the Litigation Trust will begin on the first day of January and end on the last day of December of each year.

11.8    <u>Headings</u>.

The section headings contained in this Litigation Trust Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Litigation Trust Agreement or of any term or provision hereof.

11.9    <u>Counterparts</u>.

This Litigation Trust Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original instrument, but all together shall constitute one agreement.

11.10   <u>Confidentiality</u>.

The Litigation Trustee and each successor Litigation Trustee and each member of the Litigation Trust Advisory Board and each successor member of the Litigation Trust Advisory Board (each a "<u>Covered Person</u>") shall, during the period that they serve in such capacity under this Litigation Trust Agreement and following either the termination of this Litigation Trust Agreement or such individual's removal, incapacity, or resignation hereunder, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any Person to which any of the Litigation Trust Assets relates or of which it has become aware in its capacity (the "<u>Information</u>"), except to the extent disclosure is required by applicable law, order, regulation or legal process. In the event that any Covered Person is requested or required (by oral questions, interrogatories, requests for information or documents, subpoena, civil investigation, demand or similar legal process) to disclose any Information, such Covered Person shall notify the Litigation Trust Advisory Board and the Reorganized Debtors reasonably promptly (unless prohibited by law) so that the Litigation Trust Advisory Board and/or the Reorganized Debtors may seek an appropriate protective order or other appropriate remedy or, in its discretion, waive compliance with the terms of this <u>Section 11.10</u>, subject to the LT Confidentiality and Common Interest Agreement, (and if the Litigation Trust Advisory Board or Reorganized Debtors seeks such an order, the relevant Covered Person will provide cooperation as the Litigation Trust Advisory Board and/or Reorganized Debtors shall reasonably request). In the event that no such protective order or other remedy is obtained, or that the Litigation Trust Advisory Board and the Reorganized Debtors waives compliance with the terms of this <u>Section 11.10</u>, subject to the LT Confidentiality and Common Interest Agreement, and that any Covered Person is nonetheless legally compelled to disclose the Information, the Covered Person will furnish only that portion of the Information, which the Covered Person, advised by counsel, is legally required and will give the Litigation Trust Advisory Board and the Reorganized Debtors written notice (unless prohibited by law) of the Information to be disclosed as far in advance as practicable and exercise all reasonable efforts to obtain reliable assurance that confidential treatment will be accorded the Information.

11.11   <u>Entire Agreement</u>.

This Litigation Trust Agreement (including the Recitals), the Confirmation Order, and the Plan constitute the entire agreement by and among the Parties hereto and there are no representations, warranties, covenants or obligations except as set forth herein or therein. This Litigation Trust Agreement, the Plan and the Confirmation Order supersede all prior and contemporaneous agreements, understandings, negotiations, discussions, written or oral, of the Parties hereto, relating to any transaction contemplated hereunder. Except as otherwise specifically provided herein, in the Plan or in the Confirmation Order, nothing in this Litigation Trust Agreement is intended or shall be construed to confer upon or to give any Person other than the Parties hereto and their respective heirs, administrators, executors, successors, or assigns any right to remedies under or by reason of this Litigation Trust Agreement.

11.12   <u>Rules of Interpretation</u>.

For purposes of this Litigation Trust Agreement, unless otherwise provided herein: (a) whenever from the context it is appropriate, each term, whether stated in the singular

or the plural, will include both the singular and the plural; (b) the words "herein," "hereof," "hereto," "hereunder" and other words of similar import refer to this Litigation Trust Agreement as a whole and not to any particular section, subsection or clause contained in this Litigation Trust Agreement; (c) the rules of construction set forth in 11 U.S.C. § 102 will apply; and (d) the term "including" shall be construed to mean "including, but not limited to," "including, without limitation," or words of similar import.

11.13   <u>Effectiveness</u>.

This Litigation Trust Agreement shall become effective on the Effective Date.

11.14   <u>No Waiver</u>.

The Reorganized Debtors and the Litigation Trustee agree that no failure or delay by either party in exercising any right, power or privilege hereunder will operate as a waiver thereof, and that no single or partial exercise thereof will preclude any other or further exercise thereof or the exercise of any right, power and privilege hereunder.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

IN WITNESS WHEREOF, the Parties hereto have either executed and acknowledged this Litigation Trust Agreement, or caused it to be executed and acknowledged on their behalf by their duly authorized officers all as of the date first above written.

> TRIBUNE COMPANY (for itself and on behalf of the other Debtors, as Debtors and Debtors in Possession, and the Guarantor Non-Debtors and Non-Guarantor Non-Debtors)
>
> _____
>
> By:
> Title:
>
>
>
>
> [INSERT NAME], LITIGATION TRUSTEE OF THE LITIGATION TRUST ESTABLISHED UNDER THIS LITIGATION TRUST AGREEMENT DATED [_____], 2012 PURSUANT TO THE FOURTH AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES PROPOSED BY THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, OAKTREE CAPITAL MANAGEMENT, L.P., ANGELO, GORDON & CO., L.P., AND JPMORGAN CHASE BANK, N.A.
>
> _____
>
> [INSERT NAME], as
>
> LITIGATION TRUSTEE

**EXHIBIT A**

**THE LITIGATION TRUSTEE**

[name and contact information to be inserted]

**EXHIBIT B**

**INITIAL MEMBERS OF THE LITIGATION TRUST ADVISORY BOARD**

- David Adler, representative of Deutsche Bank Trust Company Americas, as Successor Indenture Trustee for Certain Series of Senior Notes

- Julie Becker, representative of Wilmington Trust Company, as Successor Indenture Trustee for the PHONES Notes

- William Niese

**EXHIBIT C**

**LITIGATION TRUST DISTRIBUTION SCHEDULE**

Distributions made under the Litigation Trust Agreement shall be made as follows.

- Distributions of the proceeds received by the Litigation Trust from the pursuit of Preserved Causes of Action against the Non-Settling Step Two Payees shall be made as follows.

  o <u>Step Two Arranger Litigation Trust Preference</u>. Until the Step Two Arrangers that are signatories to the Step Two/Disgorgement Settlement Undertaking have been reimbursed in full for the portion of the Step Two/Disgorgement Settlement allocable to Senior Lenders and Bridge Lenders that did not elect to participate in the Step Two/Disgorgement Settlement that was advanced by the Step Two Arrangers that are signatories to the Step Two/Disgorgement Settlement Undertaking, ninety percent (90%) of the proceeds received by the Litigation Trust from the pursuit of Preserved Causes of Action against the Non-Settling Step Two Payees shall be distributed to such Step Two Arrangers.

- Distributions of the Net Litigation Trust Proceeds shall be made as follows.

  o <u>Parent GUC Trust Preference</u>. Until the Holders of Class 1E Litigation Trust Interests, Holders of Class 1F Litigation Trust Interests, Holders of Class 1I Litigation Trust Interests, and Holders of Class 1J Litigation Trust Interests have received distributions of $90,000,000 in the aggregate from the Litigation Trust, one hundred percent (100%) of the Net Litigation Trust Proceeds shall be distributed on a pro rata basis to Holders of Class 1E Litigation Trust Interests, Holders of Class 1F Litigation Trust Interests, Holders of Class 1I Litigation Trust Interests, and Holders of Class 1J Litigation Trust Interests, <u>provided</u> that all distributions that would otherwise be made on account of Class 1I Litigation Trust Interests first shall be turned over and distributed Pro Rata to Holders of Class 1E Litigation Trust Interests, Holders of Class 1F Litigation Trust Interests and Holders Class 1J Litigation Trust Interests; <u>provided</u> <u>further</u> that all distributions that would otherwise be made on account of Class 1J Litigation Trust Interests (including distributions on account of Class 1I Litigation Trust Interests) shall not be distributed directly to such Holders but shall be turned over and distributed Pro Rata to Holders of Class 1E Litigation Trust Interests and Holders of Class 1F Litigation Trust Interests.

  o <u>Trust Loan Preference</u>. After the Parent GUC Trust Preference has been paid in full, and until the Trust Loan has been satisfied in full in accordance with the terms of the Trust Loan Agreement, one hundred percent (100%) of the Net Litigation Trust Proceeds shall be applied to repay the Trust Loan in accordance with the terms of the Trust Loan Agreement.

  o <u>Remaining Allocation</u>.

    ▪ After the Parent GUC Trust Preference and the Trust Loan Preference

have been paid in full, and until the Holders of Class 1E Litigation Trust Interests, Holders of Class 1F Litigation Trust Interests, Holders of Class 1I Litigation Trust Interests, and Holders of Class 1J Litigation Trust Interests have received payment in full of the Allowed amount of such Holders' Claims plus, in accordance with the Allocation Disputes Rulings and applicable law, accrued Post-petition Interest thereon:

- Sixty-five percent (65%) of the Net Litigation Trust Proceeds shall be distributed on a pro rata basis to Holders of Class 1E Litigation Trust Interests, Holders of Class 1F Litigation Trust Interests, Holders of Class 1I Litigation Trust Interests, and Holders of Class 1J Litigation Trust Interests; provided, that all distributions that would otherwise be made on account of Class 1I Litigation Trust Interests first shall be turned over and distributed Pro Rata to Holders of Class 1E Litigation Trust Interests, Holders of Class 1F Litigation Trust Interests and Holders Class 1J Litigation Trust Interests until such Holders have received payment in full of the Allowed amount of such Holders' Allowed Claims plus, in accordance with the Allocation Disputes Rulings and applicable law, accrued Post-petition interests thereon; provided further that all distributions that would otherwise be made on account of Class 1J Litigation Trust Interests (including distributions on account of Class 1I Litigation Trust Interests) shall not be distributed directly to such Holders but shall be turned over and distributed Pro Rata to Holders of Class 1E Litigation Trust Interests and Holders of Class 1F Litigation Trust Interests until such Holders have received payment in full of the Allowed amount of such Holders' Allowed Claims plus, in accordance with the Allocation Disputes Rulings and applicable law, accrued Post-petition interests thereon; and

- Thirty-five percent (35%) of the Net Litigation Trust Proceeds shall be distributed on a pro rata basis to the Holders of Class 1C Litigation Trust Interests and Holders of Class 1D Litigation Trust Interests.

▪ After the Holders of Class 1E Litigation Trust Interests, Holders of Class 1F Litigation Trust Interests, Holders of Class 1I Litigation Trust Interests, and Holders of Class 1J Litigation Trust Interests have received payment in full of the Allowed amount of such Holders' Claims, plus, in accordance with the Allocation Disputes Rulings and applicable law, accrued Post-petition Interest thereon, one hundred percent (100%) of the Net Litigation Trust Proceeds shall be distributed on a pro rata basis to Holders of Class 1C Litigation Trust Interests and Holders of Class 1D Litigation Trust Interests.

- In accordance with Section 7.7.2 of the Plan, distributions of Cash to Holders of Class 1E Litigation Trust Interests or Class 1J Litigation Trust Interests shall be made to the

applicable Indenture Trustees, which, in turn, shall make such distributions to the applicable Holders either through DTC or, in case of Class 1E Litigation Trust Interests or Class 1J Litigation Trust Interests held directly by the Holder thereof, though the applicable Indenture Trustee, subject to the respective rights, claims and interests, if any, that the Indenture Trustee may have under the applicable Indentures or otherwise to the recovery and/or reimbursement of their fees, costs and expenses (including the fees, costs and expenses of counsel and financial advisors) from any distribution on account of such Litigation Trust Interests, whether such rights, claims or interests are in the nature of a charging lien or otherwise.

- In no event shall any Holder of a Litigation Trust Interest be entitled to receive payments that in the aggregate exceed the Allowed amount of such Holder's Claim plus, in accordance with the Plan, accrued Post-petition Interest thereon.