## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>, | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Objections Due: June 28, 2012**<br>**Hearing Date: TBD**<br>**Related to Docket Nos. 10251, 11040 and 11233** |

### FIFTH QUARTERLY FEE APPLICATION OF
### DAVIS WRIGHT TREMAINE LLP AS SPECIAL COUNSEL TO
### DEBTORS FOR DOMESTIC LEGAL MATTERS, FOR ALLOWANCE OF
### COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
### <u>SEPTEMBER 1, 2011 THROUGH NOVEMBER 30, 2011</u>

| | |
|---|---|
| **Name of applicant:** | Davis Wright Tremaine LLP |
| **Authorized to provide professional services to:** | Debtors Tribune Company, <u>et al.</u> |
| **Date of retention:** | November 22, 2010 <u>nunc</u> <u>pro</u> <u>tunc</u> to October 1, 2010 |
| **Period for which compensation and reimbursement is sought:** | September 1, 2011 to November 30, 2011 |
| **Amount of compensation sought as actual, reasonable and necessary:** | $254,630.18 |
| **Amount of expense reimbursement sought as actual, reasonable and necessary:** | $6,867.95[1] |

This is a: ___ monthly     <u>X</u> interim     ___ final application

---

[1] Due to an accounting error in the application for September 2011, which was corrected after the application had been submitted, the total amount of expenses has been reduced from $7,446.15 to $6,867.95.

Prior Interim Fee Applications Filed:

| Date Filed | Docket No. | Period Covered | Fees Requested | Expenses Requested | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|---|
| 01/09/12 | 10563 | 09/01/10-11/30/10 | $128,810.69 | $4,089.98 | $126,495.42 | $4,089.98 |
| 01/17/12 | 10633 | 12/01/10-02/28/11 | $84,312.50 | $4,186.38 | Pending | Pending |
| 02/15/12 | 10937 | 03/01/11-05/31/11 | $218,877.29 | $7,827.60 | Pending | Pending |
| 03/09/12 | 11130 | 06/01/11-08/31/11 | $330,914.04 | $9,199.59 | Pending | Pending |

DWT 18723768v6 0026175-000379

## SUMMARY OF PROFESSIONAL FEES FROM
## SEPTEMBER 1, 2011 THROUGH NOVEMBER 30, 2011[2]

| NAME OF PROFESSIONAL PERSON | POSITION OF THE APPLICANT, AREA OF EXPERTISE, YEAR OF OBTAINING LICENSE TO PRACTICE | HOURLY BILLING RATE | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|
| Kelli L. Sager | Partner, Media, Member of California Bar since 1985 | $522.00 | 125.00 | $60,369.30* |
| Jim Waggoner | Partner, Bankruptcy, Member of Oregon Bar since 1974 | $477.00 | .60 | $286.20 |
| Bruce Johnson | Partner, Media, Member of Washington Bar since 1977, Member of California Bar since 1992 | $468.00 | 1.00 | $421.20* |
| James Mann | Partner, Finance and Commercial Law Transactions, Member of District of Columbia Bar since 1986, Member of New York Bar since 2007 | $652.50 | .20 | $130.50 |
| Alexandra Nicholson | Partner, Intellectual Property, Member of new York Bar since 1988 | $522.00 | .20 | $104.40 |
| Thomas Burke | Partner, Media, Member of California Bar since 1989 | $490.50 $545.00 | .80 13.10 | $392.40 $722.38* |
| Zhi-Ying Fang | Partner, China Practice, Member of New York Bar since 1991, Member of California Bar since 1994 | $481.50 | 0.20 | $96.30 |
| Alonzo Wickers IV | Partner, Media, Member of California Bar since 1993 | $468.00 | 7.90 | $3,697.20 |

[2] Some matters involved cases where the fees were split among clients, one of which was Debtor. The "total compensation" amount reflects the amount billed only to Debtor, not the total fees billed on the matter. An asterisk (*) indicates the matters for which fees and expenses were split among clients, and the lawyers who worked on "split" matters.

DWT 18723768v6 0026175-000379

| Jimmy Nguyen | Partner, Intellectual Property, Member of California Bar since 1994 | $472.50 | 6.70 | $3,165.75 |
|---|---|---|---|---|
| Andrew Lorenz | Partner, Finance and Commercial Law Transactions, Member of Virginia Bar since 1994, Member of District of Columbia Bar since 1995 | $576.00 | 1.20 | $691.20 |
| Kenneth E. Payson | Partner, Intellectual Property, Member of Washington Bar since 1996 | $378.00 | 30.60 | $11,566.80 |
| Ronald London | Of Counsel, Media, Member of District of Columbia Bar since 1997, Member of Maryland Bar since 1995 | $432.00 | 0.30 | $129.60 |
| Rochelle Wilcox | Partner, Media, Member of California Bar since 1998 | $391.50 | 177.70 | $51,715.25* |
| Sean Sullivan | Associate, Intellectual Property, Member of California Bar since 2003 | $346.50 | 2.60 | $900.90 |
| Karen A. Henry | Associate, Litigation, Member of California Bar since 2004 | $337.50 | 8.70 | $2,936.25 |
| Jeffrey D. Glasser | Associate, Media, Member of California Bar since 2007 | $292.50 | 194.30 | $56,832.75 |
| Lisa J. Kohn | Associate, Media, Member of California Bar since 2008 | $270.00 | 88.80 | $23,976.00 |
| Jonathan L. Segal | Associate, Media, Member of California Bar since 2008 | $270.00 | 99.10 | $15,101.10* |
| Dan Laidman | Associate, Media, Member of California Bar since 2010 | $247.50 | 44.20 | $10,939.50 |
| Tiffanie Gallo | Associate, Intellectual Property, Member of California Bar since 2010 | $243.00 | 1.30 | $315.90 |
| Rebecca J. Francis | Associate, Litigation, Member of Washington Bar since 2009 | $252.00 | 25.10 | $6,325.20 |

DWT 18723768v6 0026175-000379

| | | | | |
|---|---|---|---|---|
| Lin Zhu | Consultant, China Practice, Member of New York Bar since 2007 | $234.00 | .30 | $70.20 |
| Jennifer Cygor | Litigation Paralegal | $198.00 | 6.20 | $1,227.60 |
| Benjamin Planchon | Litigation Paralegal | $184.50 | 3.50 | $571.95 |
| | | $205.00 | 2.60 | $53.30* |
| Kristina Roth | Litigation Paralegal | $112.50 | 17.20 | $1,766.25 |
| Fred Hanson | Librarian | $195.00 | 0.10 | $1.95 |
| Christopher Gilbertson | Librarian | $94.50 | 1.30 | $122.85 |
| **GRAND TOTALS:** | | | 860.80 | $254,630.18 |
| **BLENDED RATE:** | | $357.21 | | |

5

**COMPENSATION BY PROJECT CATEGORY FOR THE PERIOD OF
SEPTEMBER 1, 2011 THROUGH NOVEMBER 30, 2011[3]**

| PROJECT DESCRIPTION | TOTAL HOURS | TOTAL FEES |
|---|---|---|
| Los Angeles Times General Advice | 21.80 | $8,100.45 |
| Los Angeles County Sheriff CPRA | .90 | $332.10 |
| Beverly Hills Surgery Center | 19.60 | $5,753.25 |
| Bankruptcy | 3.30 | $1,722.60 |
| DCFS | 122.20 | $38,454.75 |
| Adjudication Matters | 9.40 | $3,263.85 |
| Long Beach Police Officer's Association | 96.80 | $34,206.75 |
| Michael Omidi, M.D. | 23.30 | $7,864.20 |
| 1-800-GET-THIN | 9.50 | $3,523.05 |
| Julian Omidi-Pfeifer | 55.50 | $19,070.00 |
| Strick | 1.90 | $729.90 |
| Los Angeles Unified School District CPRA | 9.30 | $3,253.95 |
| Tersargyan | 5.20 | $1,594.80 |
| Taiwan Travel Show | .70 | $270.90 |
| SCORE Loyalty Program Closing | 9.40 | $4,303.35 |
| Central Basin Municipal Water District | 0.40 | $208.80 |
| Ad Development | 1.40 | $666.00 |
| Fullerton Police Department CPRA | 3.10 | $1,278.90 |
| Union Carbide | 0.40 | $208.80 |

---

[3] Davis represented multiple clients in some of these matters, one of which was Debtor. The "Total Fees" amount reflected here only includes the amount billed to Debtor. An asterisk (*) indicates the matters for which fees and expenses were split among clients.

| | | |
|---|---|---|
| California Legislature LORA Petition | 173.60 | $29,527.43* |
| Silverman | 128.50 | $45,831.15 |
| 1-800-GET-THIN II (State Court) | 33.60 | $11,319.30 |
| Juvenile Court Comments | 15.60 | 4,426.20 |
| Gatz | 11.80 | $4,294.80 |
| Effort to Unseal | 31.40 | $1,500.00* |
| Commission on Peace Officer Standards & Training | 7.30 | $2,815.65 |
| Dancer | 64.60 | $19,979.55 |
| Tribune General Advice | 0.30 | $129.60 |
| **TOTALS:** | 860.80 | $254,630.18 |

**EXPENSE SUMMARY FOR THE PERIOD OF**
**SEPTEMBER 1, 2011 THROUGH NOVEMBER 30, 2011[4]**

| EXPENSE CATEGORY | SERVICE PROVIDER | TOTAL EXPENSES |
|---|---|---|
| Photocopying | Davis Wright Tremaine LLP | $1,443.20 |
| Photocopying | Los Angeles County Law Library | $15.00 |
| Research | Los Angeles County Superior Court Online Document System | $45.00 |
| Research | West Publishing | $3.12 |
| Research | Lexis-Nexis | $418.59 |
| Research | Jan Raymond Legislative Service | $296.19[5] |
| Research | PACER Online Document System | $9.12 |
| Legal Services | Washington State Supreme Court | $10.00 |
| Telephonic Court Appearance | Court Call | $78.00 |
| Messenger/Courier | Apex Attorney Service | $1,375.24 |
| Messenger/Courier | Nationwide Legal LLC | $901.10[6] |
| Messenger/Courier | Global Network Legal Support | $2,086.00 |
| Messenger/Courier | Federal Express | $67.52 |
| Parking | | $23.00 |
| Postage | Davis Wright Tremaine LLP | $72.67 |
| TOTAL: | | $6,867.95 |

---

[4] Davis represented multiple clients in some of these matters, one of which was Debtor. The "Total Expenses" amount reflected here only includes the amount billed to Debtor.

[5] Due to an accounting error in the application submitted for September 2011, which was corrected after that application had been submitted, the total amount for this vendor has been reduced from $592.39 to $296.19.

[6] Due to an accounting error in the application submitted for September 2011, which was corrected after that application had been submitted, the total amount for this vendor has been reduced from $564.00 to $282.00.

DWT 18723768v6 0026175-000379

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>, | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Objection Deadline: June 28, 2012**<br>**Hearing Date: TBD**<br>**Related to Docket Nos. 10251, 11040 and 11233** |

**FIFTH QUARTERLY FEE APPLICATION OF**
**DAVIS WRIGHT TREMAINE LLP FOR ALLOWANCE AND PAYMENT OF**
**COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF**
**EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS FOR CERTAIN**
**LITIGATION MATTERS FOR THE PERIOD OF**
**<u>SEPTEMBER 1, 2011 THROUGH NOVEMBER 30, 2011</u>**

Davis Wright Tremaine LLP ("Davis"), as Special Counsel for Domestic Legal Matters

to the Tribune Company, <u>et al.</u> (the "Debtors"), respectfully submits this Application (the

"Application") to this Court, pursuant to (i) sections 327, 331, and 503 of Title 11 of the United

States Code (the "Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of Bankruptcy

Procedure (the Bankruptcy Rules"), (iii) Rule 2016-2 of the Local Rules of Bankruptcy Practice

and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

Rules"), (iv) the Order Establishing Procedure for Interim Compensation and Reimbursement of

Expenses of Professionals and Committee Members pursuant to 11 U.S.C. §§ 105(a) and 331

(the "Interim Compensation Order"), as amended; and (v) the Order Appointing Fee Examiner

and Establishing Related Procedures for Compensation and Reimbursement of Expenses for

Professionals and Consideration of Fee Application (the "Fee Examiner Order") for the

allowance and payment of fees in the amount of $254,630.18, and reimbursement of expenses in

the amount of $6,867.95[1]. In support of the Application, Davis respectfully states as follows:

---

[1] Due to an accounting error in the application for September 2011, which was corrected after
that application was submitted, the total amount of expenses initially sought has been reduced
from $7,446.15 to $6,867.95.

## JURISDICTION

1.     This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought herein are sections 327, 331, and 503 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-2 of the Local Rules.

## BACKGROUND

2.     On December 8, 2008 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court").  On December 10, 2008, the Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  [Docket Nos. 43, 2333].

3.     On October 12, 2009, Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, Inc. (the "Cubs" and one of the Debtors) filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Court.  On October 14, 2009, the Court entered an order consolidating the Cubs' chapter 11 case with the Debtors' chapter 11 cases for procedural purposes only (the "Cubs Order").  In all, the Debtors comprise 111 entities.

4.     The Debtors have continued in possession of their respective properties and have continued in the management and operation of their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.     No trustee has been appointed in these chapter 11 cases.

## DAVIS RETENTION

6.     Prior to the Petition Date, the Debtors retained Davis as general legal counsel and agreed to pay on a monthly basis the reasonable value of services rendered based on Davis' standard billing rates and pursuant to its standard reimbursement policies.

2

7.      On November 22, 2010, the Court authorized the employment and retention of

Davis pursuant to 11 U.S.C. §§ 327(e) and 1107 as special counsel to the Debtors for general

domestic legal matters, nunc pro tunc to October 1, 2010.

## COMPENSATION PAID AND ITS SOURCES

8.      All services for which compensation is requested by Davis were performed for or

on behalf of the Debtors.

9.      In compliance with Local Rule 2016-2, Davis confirms that during the

Application Period, Davis received no payment and no promise of payment from any source for

services rendered or to be rendered in any capacity whatsoever in connection with the matters

covered by this Application except from the Debtors.  There is no agreement or understanding

between Davis and any other person, other than members of the firm, for the sharing of

compensation to be received for services rendered in these cases.[2]

10.      As of the Petition Date, Davis held a retainer from the Debtors in the amount of

$39,173.52.  The Debtors reduced their first payment to Davis by the amount of the retainer and

Davis drew down on the retainer in connection with the payment due pursuant to the Ordinary

Course Professional Application.  Accordingly, Davis no longer holds any retainer in connection

with its retention in these cases.

---

[2] On some matters described in this Quarterly Fee Application, Davis may have represented
Debtors and other parties jointly, with fees and costs split among the clients.  The amounts
reflected in this Quarterly Fee Application, however, only include the amounts billed to Debtor.

3

## PROCEDURAL BACKGROUND FOR THE APPLICATION

11.     The Interim Compensation Order and the Fee Examiner Order (together, the "Fee Orders"), provide that all professionals retained in these cases pursuant to section 325, 328, or 1103 of the Bankruptcy Code (the "Case Professionals") must file with the Court and provide to the Fee Examiner, monthly applications for interim allowance of compensation for services rendered and reimbursement of expenses incurred, together with the time entries and itemized expenses (the "Monthly Fee Applications"). The notice parties specified in the Fee Orders (the "Notice Parties") have twenty (20) days after service of a Monthly Fee Application to objection to such Monthly Fee Application (the "Objection Deadline"). Upon expiration of the Objection Deadline, the applicable Case Professional must certify in writing to the Debtors that no objection or partial objection has been filed with the Court relative to that professional's Monthly Fee Application, whichever is applicable, whereupon the Debtors are authorized to pay such professional an amount equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application or (ii) 80% of the fees and 100% of the expenses not subject to an objection.

12.     Pursuant to the procedures set forth in the Fee Orders, Davis prepared, filed with the Court, and served upon the Notice Parties and the Fee Examiner Monthly Fee Applications for each of the three months from September 1, 2011, to November 30, 2011.[3] Accordingly, Davis has submitted all of its Monthly Fee Applications as Special Counsel for the Debtors' chapter 11 cases for this Interim Fee Period.

13.     In addition to the Monthly Fee Applications, all Case Professionals must file with the Court and serve on the Notice Parties interim applications for allowance and compensation and reimbursement of expenses for the amounts sought in the Monthly Fee Applications filed

---

[3] Docket Nos. 10251, 11040 and 11233.

4

during such period (a "Quarterly Fee Application Request").  Quarterly Fee Application
Requests must include a summary of the Monthly Fee Applications that are subject to the request
and any other information requested by the Court of required by the Local Rules.  This
Application represents the Fifth Quarterly Application Request that Davis has filed with the
Court in connection with these chapter 11 cases.  There is no agreement between Davis and any
other party for the sharing of compensation to be received for the services rendered by Davis to
the Debtors.  All professional and paraprofessional services for which compensation is sought
herein were rendered solely for or on behalf of the Debtors.[4]

## SUMMARY OF SERVICES RENDERED

14.    Davis serves the Debtors as special litigation counsel.  Davis customarily
performs various First Amendment, newsroom, media, defamation, privacy, access, copyright,
and other litigation matters for Debtors (collectively, the "Litigation Matters").  The Litigation
Matters on which Davis represents the Debtors involve allegations of libel or other related causes
of action that go to the heart of the Debtors' news business.

15.    A breakdown of the total hours expended by each professional on all matters and
a breakdown of amounts sought by each matter category covered herein are included as part of
Exhibit A to this Application, as required by Local Rule 2016-2.  A detailed description of the
services provided to the Debtors are incorporated by reference to the Monthly Fee Applications
for September 2011, October 2011, and November 2011, which previously were filed with the
Court.  The following is a summary of the activities performed by Davis's professionals and
paralegals during the Fifth Interim Fee Period (which covers September 1, 2011 to November 30,
2011), organized by project category:

16.    (26175-4) Los Angeles Times General Advice – Davis provided general legal
advice to the Debtors with respect to its publications.

---

[4] See note 2, supra.

17.    (26175-116) Commission on Peace Officer Standards & Training – Davis assisted Debtors in connection with a dispute with POST involving its obligation to provide information about peace officers under California's Public Records Act.

18.    (26175-317) Los Angeles County Sheriff CPRA – Davis assisted the Debtors in litigation under California's Public Records Act for information identifying deputy sheriffs involved in various shootings.

19.    (26175-368) Beverly Hills Surgery Center – Davis represented Debtors in moving to quash a subpoena and related proceedings.

20.    (26175-377) Tersargyan – Davis represented Debtors in opposing a restraining order involving a photograph of a criminal defendant that had been lawfully obtained by Debtors.

21.    (26175-379) Bankruptcy – Davis provided Debtors with assistance in bankruptcy related proceedings, including preparation of fee applications.

22.    (26175-380) Ad Development – Davis provided advice and counseling to Debtors concerning various advertising issues.

23.    (26175-383) Adjudication Matters – Davis assisted Debtors in proceedings involving adjudication of newspapers as "newspapers of general circulation."

24.    (26175-369) DCFS – Davis assisted Debtors in litigation under California's Public Records Act for information about the deaths of children under the care of the Department of Childrens & Family Services.

25.    (26175-385) Long Beach Police Officers Association – Davis assisted Debtors in litigation under California's Public Records Act for information about the identity of police officers involved in shootings.

26.    (26175-386) Michael Omidi, M.D. – Davis assisted Debtors in defending a defamation lawsuit brought by Michael Omidi against Los Angeles Times Communications, LLC and columnist Michael Hiltzik.

6

27.     (26175-388) 1-800-GET-THIN – Davis assisted Debtors in defending against a Lanham Act lawsuit brought by 1-800-GET-THIN, LLC against Los Angeles Times Communications, LLC, columnist Michael Hiltzik, and reporter Stuart Pfeifer.

28.     (26175-398) Los Angeles Unified Scholl District CPRA – Davis represented Debtors in a dispute with the Los Angeles Unified School District concerning California Public Records Act requests.

29.     (26175-391) Omidi-Pfeifer – Davis assisted Debtors in defending a defamation lawsuit brought by Julian Omidi against Los Angeles Times Communications, LLC and reporter Stuart Pfeifer.

30.     (26175-392) Strick – Davis assisted Debtors in defending a copyright lawsuit brought by a former freelance photographer.

31.     (26175-394) Effort to Unseal – Davis assisted a coalition of media entities seeking the unsealing of video recordings of the Perry v. Schwarzenegger (Proposition 8) trial proceedings.

32.     (26175-403) Central Basin Municipal Water District – Davis assisted Debtors in connection with a retraction demand concerning a news article.

33.     (26175-404) Fullerton Police Department CPRA – Davis assisted Debtors in connection with a CPRA request to the Fullerton Police Department under the California Public Records Act.

34.     (26175-405) California Legislature LORA Petition – Davis represented Debtors in litigation under California's Legislative Open Records Act ("LORA") for information about expenditures of public funds.

35.     (26175-407) Union Carbide – Davis assisted Debtors in connection with a subpoena duces tecum served by Union Carbide Corporation in a civil lawsuit.

36.     (26175-409) Silverman – Davis assisted Debtors in connection with a lawsuit filed by attorney Robert Silverman against Times columnist Michael Hiltzik alleging claims under Calif. Penal Code § 632 and California Bus. & Prof. Code §§ 17200, et seq.

7

37.     (26175-410) 1-800-GET-THIN II (State Court) – Davis assisted Debtors in connection with a lawsuit filed against the Los Angeles Times by 1 800 GET THIN, LLC, alleging claims under the Cartright Act, California Bus. & Prof. Code § 16720, et seq., and Bus. & Prof. Code §§ 17200, et seq.

38.     (26175-411) Taiwan Travel Show – Davis provided assistance to Debtors with respect to an advertising contract.

39.     (26175-412) SCORE Loyalty Program – Davis provided general legal advice to Debtors with respect to the closure of a Loyalty Program.

40.     (26175-413) Dancer – Davis assisted Debtors in defending against a class action lawsuit filed under the Telephone Consumer Protection Act.

41.     (26175-414) Juvenile Court Comments – Davis assisted Debtors in connection with obtaining access to juvenile dependency proceedings.

42.     (26175-416) Gatz – Davis assisted Debtors with respect to a threatened defamation lawsuit.

43.     (41033-20) Tribune General Advice – Davis provided periodic general legal advice to Debtors with respect to various matters.

## EXPENSES INCURRED

44.     Davis has incurred expenses of $6,867.95 in connection with its services rendered as special counsel to the debtors during the Fifth Quarterly Fee Period.  These expenses represent actual out-of-pocket costs for items incurred exclusively for the direct benefit of the Debtors, including outside copying, electronic document management services, and travel-related expenses.  Davis submits that all such expenses area necessary and actual expenses for the performance of its services in these cases.  A breakdown of the total expenses are included as Exhibit B to this Application.

8

## REVIEW OF APPLICABLE LOCAL RULE

45.    The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of her information, knowledge, and belief that this Application complies with the requirements of Local Rule 2016-2.

## NOTICE

46.    Notice of this Application is being served upon the Notice Parties specified in the fee Orders.  In accordance with the terms of the Fee Orders, Davis respectfully submits that no further notice is required.

## NO PRIOR REQUEST

47.    No previous application with respect to the relief requested herein has been made to this or any other Court.[5]

WHEREFORE, after appropriate notice and hearing, Davis respectfully requests that this Court enter an Order: (a) granting the Application and authorizing the allowance of fees in the amount of $254,630.18, and reimbursement of actual and necessary expenses in the amount of $6,867.95; and (b) granting such further relief as this Court deems just and proper.


Dated: June 8, 2012                                    Respectfully submitted,


                                    By: _____/s/ Kelli L. Sager_____
                                        Kelli L. Sager
                                        Davis Wright Tremaine LLP
                                        865 S. Figueroa Street, Suite 2400
                                        Los Angeles, CA  90017
                                        (213) 633-6800
                                        (213) 633-6899 (fax)

                                        Special Counsel for Domestic Legal Matters
                                        to Tribune Company, et al.

---

[5] As indicated above, Monthly Fee Applications for the period covered by this Quarterly Fee Application were submitted.  See paragraph 12, supra.

DWT 18723775v6 0026175-000379