# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Hearing Date: July 11, 2012 at 10:00 a.m. ET |
| | Objection Deadline: July 3, 2012 at 4:00 p.m. ET |

## DEBTORS' FIFTY-FOURTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL RULE 3007-1

> Claimants receiving this objection should locate their name(s) and claim number(s) on **Schedule 1**, to learn which of the lettered exhibits, **Exhibit A**, **Exhibit B**, or **Exhibit C** contains the grounds for objection pertaining to their claim(s) and the relief being sought by the Debtors.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

> The relief sought herein is without prejudice to the Debtors' rights to pursue further substantive or non-substantive objections against the claims listed on Exhibit A, Exhibit B, or Exhibit C to this Objection.

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively the "Debtors"), by and through their undersigned counsel, hereby submit this fifty-fourth omnibus objection to claims (the "Objection"), which Objection covers each of the claims (the "Disputed Claims") identified on Exhibit A, Exhibit B, and Exhibit C attached hereto and to the proposed form of order submitted herewith, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). By this Objection, the Debtors request the entry of an order disallowing and/or modifying each of the Disputed Claims as set forth on Exhibit A, Exhibit B, and Exhibit C and as indicated in further detail below. In support of this Objection, the Debtors rely on the declaration of John Rodden, Vice President of Tribune Company (the "Rodden Declaration"), attached hereto as Exhibit D. In further support of this Objection, the Debtors respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 110 entities.

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). (D.I. 43, 2333.)

3. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee").

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1.

## FACTUAL BACKGROUND TO THE OBJECTION

6. On March 23, 2009, the Debtors filed their schedules of assets and liabilities and statements of financial affairs (D.I. 567-789), which were subsequently amended on April 13, 2009 (D.I. 894-957), June 12, 2009 (D.I. 1343-1453), March 2, 2010 (D.I. 3548-3599), May 14, 2010 (D.I. 4388), and January 28, 2011 (D.I. 7661-7671) (collectively, the "Schedules").[3]

7. On March 26, 2009, the Court entered an order (the "Bar Date Order") (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising

---

[3] Tribune CNLBC, LLC filed its schedules of assets and liabilities and statements of financial affairs on October 12, 2009 (CNLBC D.I. 8 and 9), which were subsequently amended on December 9, 2009 (D.I. 2779), May 14, 2010 (D.I. 4389), and January 28, 2011 (D.I. 7665).

on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11 cases and (ii) approving the form and manner of notice of the Bar Date.[4]

8. The Bar Date Order granted any claimants holding a claim affected by amendments to the Schedules and any claimants holding a claim relating to a Debtor's rejection of an executory contract or unexpired lease an additional 30 days from the applicable amendment or supplement to the Schedules or effective date of rejection to file a Proof of Claim or amend a previously filed Proof of Claim in connection therewith.

9. Written notice of the Bar Date was mailed to, among others, all known creditors listed on the Schedules, as amended, and the Bar Date Order was served on all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date Order. In addition to mailing such actual notice, the Debtors also published notice of the Bar Date in the National Editions of the *Wall Street Journal* and the *New York Times* and in the *Chicago Tribune* and *Los Angeles Times* on May 12, 2009.

10. To date, approximately 7,121 Proofs of Claim have been filed in these chapter 11 cases. The Proofs of Claim are recorded on the official claims register (the "Claims Register") maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent").

## RELIEF REQUESTED

11. By this Objection, the Debtors seek entry of an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1, granting the following relief with respect to the Disputed Claims:

---

[4] The Bar Date for the filing of Proofs of Claim against Tribune CNLBC, LLC was July 26, 2010. See Order Establishing Bar Date for Filing Proofs of Claim in the Tribune CNLBC, LLC Bankruptcy Case and Approving the Form and Manner of Notice Thereof entered on June 7, 2010 (D.I. 4709).

(a) disallowing in full and expunging each of the claims identified on <u>Exhibit A</u> (the "<u>Amended Claims</u>") as claims that have been amended and superseded by one or more claim(s) subsequently filed against the same Debtor by or on behalf of the same claimant in respect of the same liabilities;

(b) modifying each of the claims identified on <u>Exhibit B</u> (the "<u>Modified Debtor Claims</u>") to reassign each of such claims to the Debtor listed under the column heading "Modified Debtor(s)," which corresponds to the particular Debtor(s) that is/are potentially liable for such claims;

(c) disallowing in full and expunging the claim identified on <u>Exhibit C</u> (the "<u>Insufficient Documentation Claim</u>") as a claim that was filed with insufficient supporting documentation to substantiate the claim and as to which the Debtors' books and records do not demonstrate any basis for the claim; and

(d) authorizing the Claims Agent to modify each of the Disputed Claims on the Claims Register in accordance with the proposed order.

12. This Objection complies in all respects with Local Rule 3007-1.

## **BASIS FOR OBJECTION**

13. This Objection is filed pursuant to section 502(b) of the Bankruptcy Code, which provides, in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured
>
> . . . .

11 U.S.C. § 502(b)(1).

### A. **Amended Claims**

14. Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified the eighteen (18) Amended Claims listed on

5

Exhibit A, in the aggregate amount of $98,081,148.96, as filed claims that have each been amended and superseded by a subsequently-filed claim by the same claimant on account of the same liability. The relief requested in this Objection is necessary to prevent the allowance of the Amended Claims, each of which has been superseded and remains on the Claims Register only as a technicality. Accordingly, the Debtors seek to disallow in full and expunge the Amended Claims and thereby (i) prevent the claimants from obtaining a double recovery on account of any single obligation and (ii) limit the claimants to a single claim for those amounts currently asserted by the claimant in respect of the same liabilities.

15. The claims set forth under the column heading "Surviving Claims" on Exhibit A (the "Surviving Claims") represent the claims that were subsequently filed by or on behalf of the claimants in respect of the same liabilities as the Amended Claims, as so indicated on the face of the Surviving Claims. The Surviving Claims have thus amended and superseded the Amended Claims. By filing the Surviving Claims, the claimants liquidated or otherwise modified the liability originally identified in the Amended Claims. Thus, the elimination of the Amended Claims is consistent with the apparent intent of the claimants in filing the Surviving Claims.

16. The Surviving Claims identified on Exhibit A will remain on the Claims Register as outstanding liabilities, subject to the Debtors' right to object on any grounds that bankruptcy or nonbankruptcy law permits or until withdrawn by the claimants or disallowed by the Court. See generally 11 U.S.C. § 502(a). In other words, the Surviving Claims will be unaffected by the relief sought in this Objection, and the claimants' rights to assert these liabilities against the relevant Debtors' estates will be preserved, subject to the Debtors' ongoing rights to object to the Surviving Claims on any other applicable grounds.

B. **Modified Debtor Claims**

17. Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified the three (3) Modified Debtor Claims listed on Exhibit B as claims that failed to identify the correct Debtor against which the claim is properly asserted.

18. In general, the Debtors seek to modify the Debtor on the Modified Debtor Claims because such Claims were asserted against the incorrect Debtor. Upon review of the documentation supporting the Proofs of Claim and their own books and records, the Debtors have determined that to the extent liability for such claims is owed (and the Debtors do not concede any such liability is owed), it is owed by a different Debtor than was specified in the respective Proofs of Claim.

19. The Debtors propose that the Modified Debtor Claims be modified to specify that the claim is asserted against the particular Debtor that is (i) scheduled as having corresponding liability to the creditor, (ii) identified in the claimant's own supporting documentation attached to the claim; and/or (iii) reflected in the Debtors' books and records as potentially having liability to the creditor, as indicated on Exhibit B under the column heading "Modified Debtor." The re-allocation of claim amounts to the particular Debtor potentially liable to the applicable creditor does not in any way affect the aggregate amount of the claim asserted and the Debtors reserve all rights to file future objections to such claims based on validity or amount.

20. The relief requested in this Objection is necessary to permit the Debtors to reconcile their Claims Register so that it accurately reflects the total liability asserted against each particular Debtor in these chapter 11 cases. If the relief requested herein is granted, the

Modified Debtor Claims on <u>Exhibit B</u> will be modified so that such claims are asserted against the Debtor specified under the column heading "Modified Debtor."

### C. Insufficient Documentation Claim

21. Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified the Insufficient Documentation Claim listed on <u>Exhibit C</u>, asserted in an unspecified amount, as a claim that was filed without sufficient documentation to substantiate the claim as required by Bankruptcy Rule 3001. The Insufficient Documentation Claim therefore fails to provide prima facie evidence of the validity and amount of the claim, as required by section 502 of the Bankruptcy Code and Bankruptcy Rule 3001(f).

22. The Debtors have reviewed their books and records and, after reasonable efforts, have been unable to locate any documentation that would substantiate the Insufficient Documentation Claim set forth on <u>Exhibit C</u>, whether in full or in part. Accordingly, the Debtors object to the allowance of the Insufficient Documentation Claim and request that such Insufficient Documentation Claim be disallowed in its entirety and expunged. The Debtors also request that the Court authorize the Claims Agent to expunge the Insufficient Documentation Claim from the Claims Register as sought by this Objection so that the Claims Register reflects more accurately the claims asserted and outstanding against the Debtors.

### RESERVATION OF RIGHTS

23. The Debtors hereby reserve their right to amend, modify, and/or supplement this Objection, including to object to any of the Proofs of Claim listed on <u>Exhibit A</u>, <u>Exhibit B</u>, or <u>Exhibit C</u> to this Objection on any additional grounds, prior to the hearing on this Objection. Additionally, with respect to the Modified Debtor Claims on <u>Exhibit B</u>, the Debtors reserve their right to object to such claims in the future on any applicable grounds. Separate notice and hearing will be provided and scheduled, respectively, for any such objection.

24. Notwithstanding anything contained in this Objection or in <u>Exhibit A</u>, <u>Exhibit B</u>, or <u>Exhibit C</u> attached to this Objection, nothing herein shall be construed as a waiver of any rights that the Debtors may have to exercise their rights of setoff against the holders of claims subject to this Objection.

25. The Debtors further reserve their right to adjourn the hearing on this Objection as it pertains to any or all of the Disputed Claims. In the event that the Debtors so adjourn the hearing, they will state that the hearing on the Objection and/or any response filed in connection therewith and/or all applicable deadlines for responsive pleadings have been adjourned on the agenda for the hearing, which agenda will be served on any party affected by such adjournment.

## NOTICE

26. Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel for the administrative agents for Tribune's prepetition loan facilities; (iv) counsel for the administrative agent for the Debtors' postpetition financing facility; (v) the claimants listed on <u>Exhibit A</u>, <u>Exhibit B</u>, and <u>Exhibit C</u>; and (vi) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001 and 3007, and Local Rule 3007-1, (i) disallowing in full the Amended Claims set forth on Exhibit A; (ii) modifying the Modified Debtor Claims set forth on Exhibit B; (iii) disallowing in full the Insufficient Documentation Claim set forth on Exhibit C; (iv) authorizing the Claims Agent to expunge the Amended Claims and Insufficient Documentation Claim from the Claims Register and modify the Modified Debtor Claims on the Claims Register; and (v) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
      June 11, 2012

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Dennis M. Twomey
Lydia H. Slaby
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile:  (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION