# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Hearing Date: July 11, 2012 at 10:00 a.m. ET**<br>**Response Deadline: July 3, 2012 at 4:00 p.m. ET** |

## DEBTORS' OBJECTION TO CLAIM NO. 2920 OF DANIAL MAZURKEWICZ PURSUANT TO SECTIONS 502(b) AND 558 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL RULE 3007-1

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors"), by and through their undersigned counsel, hereby file this objection (the "Objection") to Claim No. 2920 filed against Tribune Company ("Tribune") by claimant Danial Mazurkewicz (the "Mazurkewicz Claim"), a copy of which is attached hereto as Exhibit A, pursuant to sections 502(b) and 558 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 3001, 3003, and 3007 of the Federal Rules of

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). By this Objection, the Debtors request the entry of an order disallowing and expunging the Mazurkewicz Claim in its entirety, for reasons described in detail below. In further support of the Objection, the Debtors respectfully state as follows:

## INTRODUCTION

1. The Mazurkewicz Claim is improperly asserted against Tribune and should be disallowed in its entirety. The only apparent basis for Mr. Mazurkewicz's claim is a complaint (the "Complaint") which is attached to the Mazurkewicz Claim. However, Tribune is not named as a defendant in the Complaint. In fact, Tribune is not mentioned anywhere in the Complaint. Neither the Mazurkewicz Claim nor the attached Complaint provide any basis whatsoever for any liability of Tribune to Mr. Mazurkewicz.

2. Mr. Mazurkewicz appears to have filed a claim against Tribune solely because it is the parent company of Newsday, Inc. (now known as Tribune ND, Inc. ("Tribune ND")), which is one of two named defendants in the Complaint. Tribune ND is not a debtor in these chapter 11 cases. Tribune ND's alleged liability to Mr. Mazurkewicz does not provide a legal basis for a cognizable claim against Tribune or any other Debtor. Moreover, entry of an order sustaining this Objection would not affect Mr. Mazurkewicz's rights against Tribune ND under New York state law or otherwise prejudice his right to continue his action against Tribune ND (or any other non-Debtor party) in the appropriate non-bankruptcy forum. The Debtors accordingly request that this Court disallow and expunge the Mazurkewicz Claim from the claims register.

## STATUS OF THE CASE AND JURISDICTION

3. On December 8, 2008 (the "Petition Date"), Tribune and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 110 entities.

4. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). (Docket Nos. 43, 2333.)

5. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors in the Debtors' chapter 11 cases (the "Committee").

7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1

## FACTUAL BACKGROUND

### a. Factual Background Concerning The Mazurkewicz Claim

8. The Mazurkewicz Claim was received on May 18, 2009 and recorded as Claim No. 2920 on the official claims register (the "Claims Register") maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent"). The Mazurkewicz Claim is asserted against Tribune in the amount of $10,000,000.00, which makes it among the highest-value individual claims presently asserted in the Debtors' chapter 11 cases. See Mazurkewicz Claim at 1.

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

9. Appended to the Mazurkewicz Claim is the Complaint, which Mr. Mazurkewicz filed in the Supreme Court of the State of New York, County of Nassau on August 1, 2008,[3] against individual Paul Bereswill and Newsday, Inc. (now known as Tribune ND). The Complaint sets forth the factual basis asserted in support of the Mazurkewicz Claim. See Mazurkewicz Claim at 2. In the Complaint, Mr. Mazurkewicz states that he was injured by a motor vehicle owned by Newsday, Inc. and operated by Mr. Bereswill. See Complaint at ¶¶ 5-12. The Complaint further alleges this incident occurred as a result of Mr. Bereswill's negligence See id. at ¶ 13. The Mazurkewicz Claim seeks $10,000,000 from defendants Newsday, Inc. and Bereswill for the injuries that Mr. Mazurkewicz allegedly suffered from the accident. See Mazurkewicz Claim at 1. The Complaint does not mention Tribune or otherwise allege any facts that would support a claim against Tribune.

**b. Factual Background Concerning Newsday, Inc.**

10. Newsday, Inc. is the former corporate name of Tribune's non-Debtor subsidiary, Tribune ND. Newsday, Inc. formerly owned and operated Newsday, the leading daily newspaper in Long Island, New York, and its related websites and other media properties. On July 29, 2008, Newsday, Inc. entered into a transaction pursuant to which substantially all of its operating assets were transferred to a new entity named Newsday Holdings, LLC, which now owns and operates Newsday.[4] As a result of the transaction, non-Debtor Tribune ND holds an approximate three percent (3%) interest in Newsday Holdings, LLC and Cablevision Systems Corp, an entity with no connection to these chapter 11 cases, holds the remaining interest in Newsday Holdings, LLC.

---

[3] The New York state court case is styled Danial Mazurkewicz vs. Paul Bereswill and Newsday, Inc., Index No. 14300/08 (filed Aug. 1, 2008).

[4] Nothing in this Objection affects or is intended to affect the respective rights of the parties to the Newsday transaction or the documents governing such transaction. Accordingly, the rights of all parties thereunder are fully reserved.

## RELIEF REQUESTED

11. By this Objection, the Debtors seek entry of an order, pursuant to sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007, and Local Rule 3007-1, disallowing and expunging the Mazurkewicz Claim in its entirety on the basis that the Mazurkewicz Claim fails to state a prima facie claim against Tribune. The Complaint on which it relies does not name Tribune as a defendant and fails to state any allegation of wrongful conduct by Tribune (or even any plausible basis or facts that could allow the conclusion that such conduct may have occurred). Accordingly, the Mazurkewicz Claim is improperly asserted against Tribune and must be disallowed. The Debtors also seek an order authorizing the Claims Agent to expunge the Mazurkewicz Claim from the Claims Register so that the Claims Register accurately reflects the claims outstanding against the Debtors' estates.

## BASIS FOR RELIEF REQUESTED

### a. Tribune Has No Liability For The Mazurkewicz Claim Under Applicable Law

12. This Objection is based on section 502(b)(1) of the Bankruptcy Code, which provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
>
> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1). Section 502(b)(1) recognizes the settled principle that "[c]reditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code." Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 450-51 (2007)



46429/0001-8604716v1

(citing Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15, 20 (2000)). A claim against the bankruptcy estate, therefore, "will not be allowed in a bankruptcy proceeding if the same claim would not be enforceable against the debtor outside of bankruptcy." In re Combustion Eng'g, Inc., 391 F.3d 190, 245 (3d Cir. 2004). In proceedings to determine whether a claim is enforceable against the estate, "[t]he estate shall have the benefit of any defense available to the debtor as against any entity other than the estate, including statutes of limitation, statutes of frauds, usury, and other personal defenses" pursuant to section 558 of the Bankruptcy Code. See 11 U.S.C. § 558.

13. Here, no actionable "right to payment" is (or could be) asserted against Tribune in either the Mazurkewicz Claim or the underlying Complaint. The Mazurkewicz Claim is not an allowable claim because such claim is unenforceable against Tribune under applicable New York law, which governs the claim.[5] Specifically, nothing in the Mazurkewicz Claim (particularly the Complaint underpinning the Claim) states any facts sufficient to constitute a cause of action against Tribune. The Complaint demands judgment against the "defendants," who are previously identified as only Paul Bereswill and Newsday, Inc. (which is now known as Tribune ND). See Complaint at ¶¶ 2-3. Tribune is not a defendant in the Complaint and there are no grounds under applicable New York law for Tribune to be held liable simply because it is the corporate parent of Tribune ND. For those reasons the Mazurkewicz Claim should be disallowed and expunged.

### b. Mr. Mazurkewicz Will Suffer No Prejudice If The Mazurkewicz Claim Is Disallowed

14. The filing of bankruptcy by Tribune and its affiliates does not impose any bar on Mr. Mazurkewicz from continuing to assert a personal injury claim against Tribune ND, because Tribune ND is not a Debtor. Entry of an order sustaining this Objection and expunging

---

[5] On information and belief, Plaintiff Mazurkewicz and Defendants Newsday, Inc. and Paul Bereswill are all New York residents and Mr. Mazurkewicz chose New York State Court as his forum of choice for filing the Complaint.

the Mazurkewicz Claim from the Claims Register will therefore not prejudice Mr. Mazurkewicz.[6]

## RESERVATION OF RIGHTS

15. The Debtors hereby reserve their right to amend, modify, and/or supplement this Objection at any time prior to the hearing on this Objection. The Debtors further reserve their right to adjourn the hearing on this Objection. In the event that the Debtors so adjourn the hearing, they will state that the hearing on the Objection and/or any response filed in connection therewith and/or all applicable deadlines for responsive pleadings have been adjourned on the agenda for the hearing, which agenda will be served on any party affected by such adjournment.

## NOTICE

16. Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel for the administrative agents for Tribune's prepetition loan facilities; (iv) counsel for the administrative agent for the Debtors' postpetition financing facility; (v) counsel for Danial Mazurkewicz; and (vi) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

17. No previous application for the relief sought herein has been made to this Court or to any other court.

[6] Notwithstanding the foregoing, nothing herein is intended to waive any substantive rights or defenses that Tribune ND may have in defending against the Complaint. All of Tribune ND's rights are expressly reserved.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, pursuant to sections 502(b) and 558 of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (i) disallowing in full and expunging the Mazurkewicz Claim; (ii) directing the Claims Agent to expunge the Mazurkewicz Claim from the Claims Register; and (iii) granting such other and further as the Court deems just and proper.

Dated: Wilmington, Delaware
June 11, 2012

Respectfully submitted,

SIDLEY AUSTIN LLP
Bryan Krakauer
Kenneth P. Kansa
Dennis M. Twomey
Michael T. Gustafson
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: ______________________
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION