# EXHIBIT A

# Mazurkewicz Claim

46429/0001-8604716v1

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE
Tribune Company Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5069
New York, NY 10150-5069

# PROOF OF CLAIM

Filed: USBC - District of Delaware
Tribune Company, Et Al.
08-13141 (KJC)    0000002920

| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
|---|---|
| Tribune Company | 08-13141 (KJC) |

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)

TRB (CREDITOR.DBF,CREDNUM)CREDNUM # 1000072431******
DANIAL MAZURKEWICZ
NICHOLS & CANE, LLP
REGINA C. NICHOLS, ESQ.
6800 JERICHO TPKE, STE 120 W
SYOSSET, NY 11791

Telephone number: 516-677-0066   Email Address: ncllp@optonline.net

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____
032593

Name and address where payment should be sent (if different from above)

Telephone number:   Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ 10,000,000.00

   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.

   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges.
   ☐ Check this box if claim is for a claim related to goods delivered during the twenty (20) days prior to December 8, 2008 (the "Petition Date"), pursuant to 11 U.S.C. §503(b)(9). Please indicate amount entitled to 503(b)(9) $_____.

2. **Basis for Claim:** Motor Vehicle accident
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
   3a. Debtor may have scheduled account as: _____
       (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
   Describe: _____
   Value of Property: $_____   Annual Interest Rate _____%

   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____   Basis for perfection: _____

   Amount of Secured Claim: $_____   Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

   Specify the priority of the claim:
   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
   ☐ Wages, salaries or commissions (up to $10,950*), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

   **Amount entitled to priority:**
   $_____

   *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

**FOR COURT USE ONLY**

FILED / RECEIVED
MAY 1 8 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date: | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|
| 5-7-09 | Regina C. Nichols |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------------X
DANIAL MAZURKEWICZ,

                           Plaintiff,

  -against-

PAUL BERESWILL and NEWSDAY, INC.,

                          Defendants.
-----------------------------------------------------------------------X

Index No. 14300/08

SUMMONS

Plaintiff designates
NASSAU County
as the place of Trial.

Basis of venue is:
Place of occurrence

**To the above named Defendant(s):**

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiffs Attorneys within 20 days after the service of this summons exclusive of the day of service, where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Syosset, New York
        July 29, 2008

AUG 0 1 2008

REGINA C. NICHOLS, ESQ.
NICHOLS & CANE, LLP
Attorneys for Plaintiffs
6800 Jericho Tpke – Suite 120W
Syosset, New York 11791
(516) 677-0066

TO:  PAUL BERESWILL
      662 S. Main St
      Freeport, NY 11520

NEWSDAY, INC.
Via Secretary of State

**FORWARD THIS DOCUMENT TO YOUR INSURANCE COMPANY IMMEDIATELY**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------------X
DANIAL MAZURKEWICZ,                                  Index No. 14300/08

                                **Plaintiff,**                    COMPLAINT
      -against-

PAUL BERESWILL and NEWSDAY, INC.,

                                **Defendants.**
-----------------------------------------------------------------------X

      Plaintiff, by his attorneys, **NICHOLS & CANE, LLP**, as and for his complaint, respectfully allege as follows upon information and belief:

1.     That at all times hereinafter mentioned, plaintiff was and still is a resident of the County of Nassau, State of New York.

2.     That at all times hereinafter mentioned, defendant **PAUL BERESWILL** was and still is a resident of the County of Nassau, State of New York.

3.     That at all times hereinafter mentioned, defendant **NEWSDAY, INC.** was and still is a domestic corporation, organized and existing under and by virtue of the Laws of the State of New York.

4.     That at all times hereinafter mentioned, the defendant **NEWSDAY, INC.** conducted business in the State of New York.

5.     That at all times hereinafter mentioned, the plaintiff **DANIAL MAZURKEWICZ** was a lawful pedestrian.

6.     That at all times hereinafter mentioned, defendant **NEWSDAY, INC.** was the registered owner of a motor vehicle bearing New York license plate number NYP4078.

7.     That at all times hereinafter mentioned, defendant **PAUL BERESWILL** operated

and controlled the aforesaid vehicle owned by defendant **NEWSDAY, INC.** bearing New York license number NYP4078.

8. That at all times hereinafter mentioned, defendant, **PAUL BERESWILL** operated and controlled the aforesaid vehicle with the implied and/or express consent of the owner of said vehicle.

9. That at all times hereinafter mentioned, defendant **NEWSDAY, INC.** it's agents, servants and/or employees managed, controlled and maintained the aforesaid motor vehicle.

10. That at all times hereinafter mentioned, defendant **PAUL BERESWILL** managed, controlled and maintained the aforesaid motor vehicle.

11. At all times hereinafter mentioned, Merrick Rd, approximately 150 feet east of Beach Drive in Merrick, County of Nassau and State of New York, was a public roadway and/or thoroughfare.

12. That on or about the 20th day of July 2008, at approximately 9:00 p.m., at the aforesaid location, the motor vehicle owned by defendant **NEWSDAY, INC.** and operated by defendant **PAUL BERESWILL** was in contact with the pedestrian plaintiff **DANIAL MAZURKEWICZ**.

13. That the aforesaid occurrence was due to the negligence of defendants in the ownership, maintenance, control, custody and charge of defendants motor vehicle; in causing said motor vehicle to be operated in a careless and reckless manner; in failing to keep said motor vehicle under reasonable and/or proper control; in failing to keep on the alert; in failing to properly view the pedestrians on or near the roadway; in operating said motor vehicle under an improper rate of speed under the circumstances then and there in existence; in failing to avoid pedestrians

on or near said roadway; in failing to operate the aforesaid motor vehicle with due regard for the safety of the public and others; in failing to keep a proper lookout; in failing to observe what was available to be observed; in failing to observe the pedestrian Plaintiff; in failing to avoid contact with and yield the right of way to the pedestrian Plaintiff; in operating the aforesaid motor vehicle in a manner contrary to and in violation of the statutes, ordinances, rules and regulations in such cases made and provided; in failing to provide and/or make prompt and timely use of adequate and efficient brakes and steering mechanisms; in operating the aforesaid motor vehicle in such a negligent, careless and reckless manner as to precipitate the aforesaid accident; in failing to take defensive action and in failing to warn of the approach of the aforesaid motor vehicle.

14. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the defendant without any fault or negligence on the part of the pedestrian Plaintiff, contributing thereto.

15. That by reason of the aforesaid occurrence, the plaintiff **PAUL BERESWILL** sustained serious personal injuries accompanied by pain and anguish, was required to obtain medical care for the treatment of said injuries, was prevented from attending to his usual and customary duties, vocations and/or avocations and that said injuries are permanent in nature.

16. That plaintiff, **PAUL BERESWILL** sustained serious injuries as defined in Subdivision (d) of Section 5102 of the Insurance Law of the State of New York.

17. That plaintiff, **PAUL BERESWILL** sustained serious injuries and economic loss greater than basic economic loss as to satisfy the exceptions of Section 5104 of the Insurance Law.

18.         That this action falls within one or more of the exceptions as set forth in CPLR Section 1602.

19.         That by reason of the aforesaid occurrence, the plaintiff has sustained damages in a sum which exceeds the jurisdictional limits of all lower Courts.

WHEREFORE, plaintiff, DANIAL MAZURKEWICZ demands judgment against the defendants in a sum which exceeds the jurisdictional limits of all lower Courts; together with the costs and disbursements of this action.

Dated:  Syosset, New York
        July 29, 2008

Yours, etc.

_____
REGINA C. NICHOLS, ESQ.
NICHOLS & CANE, LLP
As Trial Counsel to S.G. Ovadia, Esq.
Attorneys for Plaintiff
6800 Jericho Turnpike – Suite 120W
Syosset, New York 11791
(516) 677-0066

**NICHOLS & CANÉ LLP**
ATTORNEYS AT LAW
THE NORTH SHORE ATRIUM
6800 JERICHO TPKE., STE. 120W
SYOSSET, NEW YORK 11791

CERTIFIED MAIL™

7008 0150 0000 2323 4524

US POSTAGE $005.530
PITNEY BOWES
0003221827 MAY 14 2009
MAILED FROM ZIP CODE 11791

United States Bankruptcy Court for the Dist. of Delaware
Tribune Company Claims Processing Center
c/o Epiq Bankruptcy Solutions LLC
FDR Station, P.O. Box 5069
New York, NY 10150-5069