## **EXHIBIT B**

## **PROPOSED ORDER**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Related to Docket Nos. 10964, 11102, 11104, 11119, 11181, 11245 and _____** |

## ORDER APPROVING STIPULATION BETWEEN DEBTORS AND RIVERSIDE CLAIMS LLC REGARDING RESOLUTION OF DEBTORS' FIFTY-FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS AS IT RELATES TO CLAIM NO. 625

This matter having come before the Court on the Debtors' Fifty-First Omnibus

(Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code,

Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (Docket No. 10964) (the

"Objection"); and upon consideration of the Objection, the Rodden Declaration, the Response to

the Objection filed by Riverside Claims LLC ("Riverside"), the Certification of Counsel

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347);Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Regarding Resolution of Debtors' Fifty-First Omnibus (Substantive) Objection to Claims as it

Relates to Claim No. 625, and the Stipulation between Debtors Channel 40, Inc., Tribune

Television Company, Tribune Television Holdings, Inc., Tribune Television Northwest, Inc., and

WPIX, Inc. (collectively, the "Debtor Parties") and Riverside resolving the Objection and

allowing certain prepetition claims of Riverside against the Debtor Parties (the "Stipulation") on

the terms set forth therein, a copy of which is attached hereto as Exhibit A; and it appearing that

the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and sufficient

cause appearing therefor; it is hereby

      ORDERED that the Stipulation is approved; and it is further

      ORDERED that Claim No. 625 of Riverside shall be allowed against the Debtor

Parties in the aggregate amount of $94,243.52, as more particularly set forth in the Stipulation;

and it is further

      ORDERED that the Claims Agent is authorized to amend the Claims Register to

comport with the entry of this Order; and it is further

      ORDERED that this Court shall retain jurisdiction over all affected parties with

respect to any matters, claims or rights arising from or related to the implementation and

interpretation of this Order.

Dated: Wilmington, Delaware
      June _____, 2012

_____
The Honorable Kevin J. Carey
United States Bankruptcy Judge

2

## EXHIBIT A

**Stipulation Between Debtors and Riverside Claims LLC Regarding Resolution of Debtors'
Fifty-First Omnibus (Substantive) Objection to Claims as it Relates to Claim No. 625**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Related to Docket Nos. 10964 & 11119** |

## STIPULATION BETWEEN DEBTORS AND RIVERSIDE CLAIMS LLC REGARDING RESOLUTION OF DEBTORS' FIFTY-FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS AS IT RELATES TO CLAIM NO. 625

This stipulation (the "Stipulation") between Riverside Claims LLC (the "Claimant"), on

the one hand, and Channel 40, Inc., Tribune Television Company, Tribune Television Holdings,

Inc., Tribune Television Northwest, Inc., and WPIX, Inc. (collectively, the "Debtor Parties"), on

the other hand (collectively, the "Parties"), regarding the settlement of a prepetition claim

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Tribune National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

asserted by the Claimant against the Debtor Parties, is entered into by the Parties as of the date written below.

## RECITALS

A.    On December 8, 2008 (the "Petition Date"), Tribune Company and certain of its subsidiaries, including each of the Debtor Parties (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors' chapter 11 cases are jointly administered for procedural purposes only.

B.    On March 6, 2009, Thomson Inc. (a/k/a Thales Broadcast & Multimedia, n/k/a Thomson Broadcast LLC) ("Thompson") filed a proof of claim in the amount of $99,243.52 against "Tribune Company, et al.," asserting a claim arising from alleged unpaid prepetition invoices for broadcast equipment and products and transmission equipment (the "Thompson Claim"). The Thompson Claim has been assigned Claim No. 625 by the Bankruptcy Court-appointed claims agent, Epiq Bankruptcy Solutions, LLC (the "Claims Agent"). On September 17, 2009, Thompson transferred and assigned the Thompson Claim to the Claimant. (See Docket No. 2149.)

C.    On February 21, 2012, the Debtors filed the Debtors' Fifty-First Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (Docket No. 10964) (the "Objection"),[2] which requested, among other relief, that the Bankruptcy Court modify Claim No. 625 so that such claim was re-allocated to the particular Debtor having liability for the respective

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

2

invoices asserted by the Claimant, and reduced in amount as to that portion of the claim allocated to Tribune Television Company.

D.      On March 13, 2012, Thompson filed its Response to Debtors' Fifty-First Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-1 (Docket No. 11119) (the "Response").

E.      Counsel for the Debtors and the Claimant subsequently engaged in negotiations regarding the Objection and the Response. Based on those discussions, and after due consideration to all of the relevant facts and circumstances, the Parties have reached an agreement as to the amount, treatment, and allocation of the Thompson Claim among the Debtor Parties and have agreed to enter into this Stipulation to resolve the Objection and to document their agreement.

NOW, THEREFORE, THE PARTIES STIPULATE AND AGREE AS FOLLOWS:

## AGREEMENT

1.      The recitals set forth above are incorporated herein by reference.

2.      The Parties agree that the Thompson Claim shall be allowed in the aggregate amount of $94,243.52, allocated as follows:

| Debtor | Modified Claim Amount |
| --- | --- |
| Channel 40, Inc. | $5,120.35 |
| Tribune Television Company | $28,209.92 |
| Tribune Television Holdings, Inc. | $373.00 |
| Tribune Television Northwest, Inc. | $44,386.36 |
| WPIX, Inc. | $16,153.89 |
| **Total:** | **$94,243.52** |

3.      Upon the full execution of this Stipulation, the Debtors will file this Stipulation with the Bankruptcy Court together with a proposed form of order requesting that the

3

Bankruptcy Court approve the Stipulation and allow the Thompson Claim against the Debtor Parties (as allocated above) in the modified amount.

4.      The Parties acknowledge and agree that the Claimant does not need to take any further action to seek to allow the Thompson Claim in its modified amount in the Debtor Parties' chapter 11 cases.

5.      The Debtors and/or the Claims Agent are authorized to amend the claims register to reflect that the Thompson Claim is to be allowed as set forth herein in Paragraph 2.

6.      The Thompson Claim, as modified hereby, shall be satisfied in accordance with the provisions for the satisfaction of general unsecured claims set forth in the chapter 11 plan of reorganization, and any amendments thereto, that is ultimately confirmed for the Debtor Parties (the "Plan"), when such Plan becomes effective.  The satisfaction of the Thompson Claim in accordance with the Plan shall be in full and final satisfaction of all claims arising out of or relating to the liabilities asserted in the Thompson Claim.  The Claimant further agrees not to file any other or further proofs of claim in any of the Debtors' chapter 11 cases, or otherwise to assert any claims against any of the Debtors arising prior to the Petition Date, out of or relating to the liabilities asserted in the Thompson Claim.

7.      This Stipulation constitutes the Parties' entire agreement and supersedes and amends any and all agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof except as otherwise expressly provided herein. This Stipulation is not intended to confer upon any other person any rights or remedies hereunder.

CH1 6784368v.1

8.      The undersigned persons represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Stipulation.

9.      This Stipulation may be executed in counterparts, all of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

10.      This Stipulation shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to principles of conflict of laws.

11.      This Stipulation may not be amended without the express written consent of all Parties hereto.

12.      The Parties acknowledge that each of the Parties has participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against either of the Parties on account of such drafting.

13.      The Bankruptcy Court shall retain jurisdiction over any and all disputes or other matters arising under or otherwise relating to this Stipulation.

14.      All contentions made in this Stipulation are made in furtherance of a proposed settlement and neither the Claimant nor the Debtor Parties admit or concede the validity of any of claims or defenses and nothing herein shall be deemed an admission of fact or law.

[Remainder of Page Intentionally Left Blank]

5

STIPULATED AND CONSENTED TO AS OF _May 23_, 2012 BY:

RIVERSIDE CLAIMS LLC

By: _____

Name: _NEIL HASSKOWITZ_

Title: _MANAGING MEMBER_

Telephone: (212) 501-0990

Facsimile: (212) 501-7088

CHANNEL 40, INC., TRIBUNE
TELEVISION COMPANY, TRIBUNE
TELEVISION HOLDINGS, INC., TRIBUNE
TELEVISION NORTHWEST, INC., AND
WPIX, INC.

By: _____

Name: _J. Radden_

Title: _Asst. Treasurer_

Telephone: (312) 222-8613

Facsimile: (312) 222-3148

6