IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Hearing Date: July 11, 2012 at 10:00 a.m.<br>Objection Deadline: June 29, 2012 at 4:00 p.m. |

## MOTION OF THE DEBTORS FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND FED. R. BANKR. P. 9019(a) AUTHORIZING ENTRY INTO, AND APPROVAL OF, A STIPULATION BETWEEN DEBTOR PARTIES AND BUENA VISTA TELEVISION REGARDING RESOLUTION OF CERTAIN PROOFS OF CLAIMS ASSERTED AGAINST DEBTOR PARTIES

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors"), hereby submit this motion (the "Motion") seeking entry of an order pursuant to sections 105 and 363 of title 11 of the United States Code

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

(the "Bankruptcy Code") and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing entry into, and approval of, a Stipulation Between the Debtor Parties (as defined below) and Buena Vista Television ("Buena Vista" or the "Claimant") Regarding Resolution of Certain Proofs of Claims Asserted Against Debtor Parties (the "Stipulation"). In support of this Motion, the Debtors respectfully state as follows:

## Status of the Case and Jurisdiction

1. On December 8, 2008 (the "Petition Date"), Tribune Company and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 110 entities.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.

3. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors in the Debtors' chapter 11 cases (the "Committee").

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 9019.

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

**Relevant Background**

6. On March 23, 2009, the Debtors filed their schedules of assets and liabilities and statements of financial affairs (Docket Nos. 567-789), which were subsequently amended on April 13, 2009 (Docket Nos. 894-957), June 12, 2009 (Docket Nos. 1343-1453), March 2, 2010 (Docket Nos. 3548-3599), May 14, 2010 (Docket Nos. 4388), and January 28, 2011 (Docket Nos. 7661-7671) (collectively, the "Schedules").[3]

7. On March 26, 2009, the Court entered an order (the "Bar Date Order") (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11 cases and (ii) approving the form and manner of notice of the Bar Date.[4]

8. Written notice of the Bar Date was mailed to, among others, all known creditors listed on the Schedules, as amended, and the Bar Date Order was served on all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date Order. In addition to mailing such actual notice, the Debtors also published notice of the Bar Date in the National Editions of the Wall Street Journal and the New York Times and in the Chicago Tribune and Los Angeles Times on May 12, 2009.

9. Buena Vista filed Proofs of Claim (the "Buena Vista Claims") against Channel 40, Inc., KIAH Inc., KPLR, Inc., KSWB Inc., KTLA Inc., Tribune Broadcast Holdings, Inc.,

---

[3] Tribune CNLBC, LLC filed its schedules of assets and liabilities and statements of financial affairs on October 12, 2009 (CNLBC Docket Nos. 8 and 9), which were subsequently amended on December 9, 2009 (Docket No. 2779), May 14, 2010 (Docket No 4389), and January 28, 2011 (Docket No. 7665).

[4] The Bar Date for the filing of Proofs of Claim against Tribune CNLBC, LLC was July 26, 2010. See Order Establishing Bar Date for Filing Proofs of Claim in the Tribune CNLBC, LLC Bankruptcy Case and Approving the Form and Manner of Notice Thereof entered on June 7, 2010 (Docket No. 4709).

46429/0001-8202809v6

Tribune Media Services, Inc., Tribune Television Company, Tribune Television Northwest, Inc., WDCW Broadcasting, Inc., WGN Continential Broadcasting Company, and WPIX, Inc., each a debtor and debtor in possession (collectively, the "Debtor Parties") in the aggregate face amount of $110,272,131.05 based on (i) invoices issued by Buena Vista to the Debtor Parties prior to the Petition Date, pursuant to various prepetition television programming and barter programming agreements entered into by Buena Vista and the television stations operated by the Debtor Parties (collectively, the "Buena Vista Agreements"); and/or (ii) for the full contractual amounts that would become due in the future over the term of each of the Buena Vista Agreements.

10.  On March 7, 2011, the Debtors filed the Motion of the Debtors for an Order Establishing Procedures for (I) Fixing Cure Amounts and (II) Providing Notice of Assumption and/or Assignment of Certain Executory Contracts and Unexpired Leases by a Successor Reorganized Debtor Pursuant to sections 365, 1123, and 1129 of the Bankruptcy Code (Docket No. 8287) (the "Global Contract Motion"), which was approved by order of the Bankruptcy Court entered on April 25, 2011 (Docket No. 8745) (the "Global Contract Order"). Exhibits A and B to the Global Contract Motion contained lists of executory contracts and unexpired leases sought to be assumed by the Debtors and which have corresponding proposed cure amounts (the "Contract Exhibits"). Proposed cure amounts associated with the Buena Vista Agreements were listed on the Contract Exhibits in the aggregate amount of $2,085,043.94.

11.  On May 4, 2012, the Debtors filed the Notice of Filing of Amended Exhibits Pursuant to Order Establishing Procedures for (I) Fixing Cure Amounts and (II) Providing Notice of Assumption and/or Assignment of Certain Executory Contracts and Unexpired Leases by a Successor Reorganized Debtor Pursuant to sections 365, 1123, and 1129 of the Bankruptcy

Code (Docket No. 11546). Proposed cure amounts associated with the Buena Vista Agreements were listed on the amended exhibits in the aggregate amount of $424,259.84.

12. Subsequent to the filing of the Global Contract Motion, the Debtor Parties and Buena Vista engaged in further reconciliation and negotiation of the Buena Vista Claims, including concerning (i) the identification of Buena Vista Claims that correspond to executory contracts; (ii) the prepetition amount due with respect to such Claims; and (iii) the identification of the Debtor Parties against which each of the Buena Vista Claims is properly asserted.

13. The Parties have reached an agreement as to the amount and treatment of the Buena Vista Claims, and have agreed to enter into the Stipulation, attached hereto as Exhibit 1, to document their agreement. Specifically, the Stipulation provides as follows:[5]

- The Buena Vista Claims, originally asserted in the aggregate amount of $110,272,131.05, shall be allowed in the reduced aggregate amount of $6,805,448.81, each in the respective amounts and against the respective Debtor Parties as set forth on Exhibit A to the Stipulation.

- The Buena Vista Claims, as modified by the Stipulation, shall be satisfied in accordance with the provisions for the payment of claims as set forth in the chapter 11 plan of reorganization, and any amendments thereto, that is ultimately confirmed for the Debtor Parties (the "Plan").

- In the event that the Buena Vista Agreements are assumed by the Debtor Parties as executory contracts, then the Buena Vista Claims corresponding to such assumed Buena Vista Agreements shall be afforded the treatment provided under the Plan for the cure of defaults arising from assumed executory contracts and unexpired leases by the Debtor Parties, in accordance with the requirements of section 365 of the Bankruptcy Code, to the extent provided for on Exhibit A under the column heading "Amounts Subject to Cure."

- Prior to the effective date of the Plan for the Debtor Parties, the Debtor Parties shall cause amended Contract Exhibits to be filed with the Bankruptcy Court, reflecting the reconciliation of the Buena Vista Claims corresponding to such assumed Buena Vista Agreements.

---

[5] The terms as set forth in this Motion are intended only as a summary of the terms of the Stipulation. The Motion shall not in any way supersede or alter the terms of the Stipulation. In the event of any conflict between the summary herein and the Stipulation itself, the terms of the Stipulation shall control.

5

- The satisfaction of the Buena Vista Claims in accordance with the Plan shall be in full and final satisfaction of all prepetition claims arising out of or relating to the subject matter of the Buena Vista Agreements and the Buena Vista Claims.

- Buena Vista agrees not to file any other or further prepetition proofs of claim in any of the Debtors' chapter 11 cases arising out of or relating to the subject matter of the Buena Vista Agreements and the Buena Vista Claims.

- Notwithstanding any other provision contained in the Stipulation, Buena Vista or its successors or assigns shall remain entitled to assert (i) a claim or claims for rejection damages as provided under section 502(g) of the Bankruptcy Code should one or more of the Buena Vista Agreements be rejected; and (ii) an application for recovery of any administrative expense as provided under section 503 of the Bankruptcy Code, including any damages resulting from any post-petition default by the Debtors under the Buena Vista Agreements.

- Notwithstanding anything to the contrary in the Stipulation, the Debtors reserve their right to file an objection to any of the Buena Vista Claims pursuant to section 502(d) of the Bankruptcy Code, or to exercise such other rights of set-off or recoupment authorized by applicable law or by the Plan, provided, however, that the Debtors will not file an objection to any of the Buena Vista Claims corresponding to the Buena Vista Agreements in the event that the Buena Vista Agreements are assumed by the Debtors pursuant to the Plan. Each of the Debtors expressly reserves its right to object to any other claims asserted by the Claimant and to bring any causes of action, including, but not limited to, causes of action under 11 U.S.C. §§ 544, 547 and 548.

## Relief Requested

14. By this Motion, the Debtors respectfully request that the Court enter an order (i) authorizing the Debtors to enter into the Stipulation and (ii) approving the Stipulation.

15. The Court has discretion to approve settlements pursuant to section 363 of the Bankruptcy Code after notice and a hearing. See Myers v. Martin (In re Martin), 91 F.3d 389, 394, 395 n.2 (3d Cir. 1996). The procedure for approving a settlement in bankruptcy is set forth by Bankruptcy Rule 9019, which provides, in relevant part:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

6

46429/0001-8202809v6

Fed. R. Bankr. P. 9019(a). The Third Circuit Court of Appeals has stated that section 363 of the Bankruptcy Code is the substantive provision requiring a hearing and court approval of settlements, while Bankruptcy Rule 9019 establishes the procedure by which such approval may be secured. See In re Martin, 91 F.3d at 395 n. 2 (distinguishing the substance of section 363 from the procedural effect of Bankruptcy Rule 9019).

16. In determining whether to approve a settlement pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule 9019, the Third Circuit has stated that a bankruptcy court is required to "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." Id. at 393. In making this determination, a court should consider four criteria: "(1) the probability of success in the litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay...; and (4) the paramount interest of the creditors." Id. (referencing Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-25 (1968)); see also In re Marvel Entm't Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) (listing the Anderson factors as controlling whether a settlement should be approved). The ultimate inquiry is whether the compromise is fair, reasonable, and in the interest of the estate. See In re Louise's, Inc., 221 B.R. 798, 801 (D. Del. 1997).

17. The compromise proposed in the Stipulation is fair, reasonable, and in the best interests of the Debtors' estates. The Stipulation is the product of arm's-length negotiations between the Debtor Parties, and their financial advisor, and Buena Vista. During the course of the negotiations, both the Debtor Parties and Buena Vista exchanged views as to the merits of their respective positions and information in support of those views. As a result of these negotiations, the Debtor Parties concluded that a portion of the Buena Vista Claims were not

46429/0001-8202809v6

supported, and therefore, entered into the Stipulation providing for modification, allowance and treatment of the prepetition proofs of claim asserted by Buena Vista. The Debtor Parties believe that the reduction of the Buena Vista Claims by more than $103 million (originally asserted in the aggregate amount of $110,272,131.05 and reduced to an aggregate amount of $6,805,448.81), is in the best interest of the Debtors' creditors.

18. While the Debtors are prepared to formally object to, and litigate, the Buena Vista Claims, such litigation would result in the estate's expenditure of considerable additional legal fees. The Debtors also recognize that litigation of the claims carries with it inherent uncertainties and there can be no assurance that litigation would achieve a better result than the result embodied in the Stipulation. The settlement reflected in the Stipulation, and the resolution achieved thereby, fairly balances the Debtors' likelihood of success on the merits of the claims against its interest in avoiding the uncertainty of litigation.

19. Moreover, the interests of creditors weighs in favor of approval of the Stipulation. The Debtors submit that the interests of creditors are served by the prompt and efficient resolution of the Buena Vista Claims and the avoidance of litigation risks and the legal expenses that would be incurred if the claims were litigated. All creditors in interest benefit in the significant reduction of the Buena Vista Claims.

20. Finally, the relief requested by this Motion is consistent with the terms of the Order Granting Debtors (I) Limited Waiver of Requirements of Local Rule 3007-1(f) and (II) Authority to Settle Disputed Claims (Docket No. 2657), which provides, in part, that if a proposed settlement amount of a Disputed Claim (as defined therein) is equal to or greater than $1,000,000 the Debtors are authorized to settle the Disputed Claim and execute necessary

46429/0001-8202809v6

documents, including a stipulation of settlement or release, following approval of the Bankruptcy Court.

### Notice

21. Notice of this Motion has been provided to: (i) Buena Vista Television, (ii) the Office of the United States Trustee; (iii) counsel for the Committee; (iv) counsel to the administrative agent for Tribune's prepetition loan facilities; (v) counsel to the administrative agent for the Debtors' postpetition financing facility; and (vi) all parties having requested notice in the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit no other or further notice is necessary.

### No Prior Request

22. No previous request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) authorizing the Debtors to enter into the Stipulation; (ii) approving the Stipulation and (iii) granting such other and further relief as the Court may deem just and proper.

Dated: Wilmington, Delaware
June 14, 2012

Respectfully submitted,

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

46429/0001-8202809v6