# EXHIBIT 1

**Stipulation Between Debtor Parties and Buena Vista
Regarding Resolution of Certain Proofs of Claims Asserted Against Debtor Parties**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## STIPULATION BETWEEN DEBTOR PARTIES AND BUENA VISTA TELEVISION REGARDING RESOLUTION OF CERTAIN PROOFS OF CLAIM ASSERTED AGAINST DEBTOR PARTIES

This stipulation (the "Stipulation") between Channel 40, Inc., KIAH Inc., KPLR, Inc., KSWB Inc., KTLA Inc., Tribune Broadcast Holdings, Inc., Tribune Media Services, Inc., Tribune Television Company, Tribune Television Northwest, Inc., WDCW Broadcasting, Inc., WGN Continental Broadcasting Company, and WPIX, Inc., each debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtor Parties"), on the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-8143017v2

one hand, and Buena Vista Television ("Buena Vista" or the "Claimant"), on the other hand, regarding the modification, allowance, and treatment of those certain prepetition proofs of claim asserted by the Claimant against the Debtor Parties set forth on Exhibit A hereto (the "Buena Vista Claims"), is entered into by and among the Debtor Parties and Buena Vista (collectively, the "Parties").

## RECITALS

A.   On December 8, 2008, Tribune Company and certain of its affiliates, including each of the Debtor Parties (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009 (each date, as applicable, the "Petition Date"). The Debtors' chapter 11 cases are jointly administered for procedural purposes only.

B.   The Buena Vista Claims were filed by Buena Vista against the Debtor Parties in the aggregate face amount of $110,272,131.05 based on (i) invoices issued by Buena Vista to the Debtor Parties prior to the Petition Date, pursuant to various prepetition television programming and barter programming agreements entered into by Buena Vista and the television stations operated by the Debtor Parties (collectively, the "Buena Vista Agreements"); and/or (ii) for the full contractual amounts that would become due in the future over the term of each of the Buena Vista Agreements.

C.   On March 7, 2011, the Debtors filed the Motion of the Debtors for an Order Establishing Procedures for (I) Fixing Cure Amounts and (II) Providing Notice of Assumption and/or Assignment of Certain Executory Contracts and Unexpired Leases by a

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

2

Successor Reorganized Debtor Pursuant to Sections 365, 1123, and 1129 of the Bankruptcy Code (Docket No. 8287) (the "Global Contract Motion"), which was approved by order of the Bankruptcy Court entered on April 25, 2011 (Docket No. 8745) (the "Global Contract Order"). Exhibits A and B to the Global Contract Motion contained lists of executory contracts and unexpired leases sought to be assumed by the Debtors and which have corresponding proposed cure amounts (the "Contract Exhibits"). Proposed cure amounts associated with the Buena Vista Agreements were listed on the Contract Exhibits in the aggregate amount of $2,085,043.94.

D. Subsequent to the filing of the Global Contract Motion, the Debtor Parties and Buena Vista have engaged in further reconciliation and negotiation of the Buena Vista Claims, including concerning (i) the identification of Buena Vista Claims that correspond to executory contracts; (ii) the prepetition amount due with respect to such Claims; and (iii) the identification of the Debtor Parties against which each of the Buena Vista Claims is properly asserted.

E. The Parties have reached an agreement as to the amount and treatment of the Buena Vista Claims, and have agreed to enter into this Stipulation to document their agreement.

NOW, THEREFORE, THE PARTIES STIPULATE AND AGREE AS FOLLOWS:

**AGREEMENT**

1. The recitals set forth above are incorporated herein by reference.

2. The Buena Vista Claims, originally asserted in the aggregate amount of $110,272,131.05, shall be allowed in the reduced aggregate amount of $6,805,448.81, each in the respective amounts and against the respective Debtor Parties as set forth on Exhibit A attached hereto.

3. The Buena Vista Claims, as modified herein, shall be satisfied in accordance with the provisions for the payment of claims as set forth in the chapter 11 plan of reorganization, and any amendments thereto, that is ultimately confirmed for the Debtor Parties (the "Plan"). In the event that the Buena Vista Agreements are assumed by the Debtor Parties as executory contracts, then the Buena Vista Claims corresponding to such assumed Buena Vista Agreements shall be afforded the treatment provided under the Plan for the cure of defaults arising from assumed executory contracts and unexpired leases by the Debtor Parties, in accordance with the requirements of section 365 of the Bankruptcy Code, to the extent provided for on Exhibit A under the column heading "Amounts Subject to Cure."

4. Prior to the effective date of the Plan for the Debtor Parties, the Debtor Parties shall cause amended Contract Exhibits to be filed with the Bankruptcy Court, reflecting the reconciliation of the Buena Vista Claims corresponding to such assumed Buena Vista Agreements as set forth herein.

5. The satisfaction of the Buena Vista Claims in accordance with the Plan shall be in full and final satisfaction of all prepetition claims arising out of or relating to the subject matter of the Buena Vista Agreements and the Buena Vista Claims. Buena Vista agrees not to file any other or further prepetition proofs of claim in any of the Debtors' chapter 11 cases arising out of or relating to the subject matter of the Buena Vista Agreements and the Buena Vista Claims.

6. Notwithstanding any other provision contained in this Stipulation, Buena Vista or its successors or assigns shall remain entitled to assert (i) a claim or claims for rejection damages as provided under section 502(g) of the Bankruptcy Code should one or more of the Buena Vista Agreements be rejected; and (ii) an application for recovery of any administrative

Case 08-13141-BLS   Doc 11808-2   Filed 06/14/12   Page 6 of 12

expense as provided under Section 503 of the Bankruptcy Code, including any damages resulting from any post-petition default by the Debtors under the Buena Vista Agreements.

7. This Stipulation constitutes the Parties' entire agreement and supersedes and amends any and all agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof, except as otherwise expressly provided herein. This Stipulation is not intended to confer upon any other person any rights or remedies hereunder.

8. The Parties hereto acknowledge and agree that the Claimant does not need to take any further action to seek to allow the Buena Vista Claims in the Debtors' chapter 11 cases. The Debtors and/or the Bankruptcy Court-appointed claims agent may amend the claims register to reflect that the Buena Vista Claims are to be allowed against the Debtor Parties and their estates in the amounts stipulated herein.

9. Notwithstanding anything to the contrary in this Stipulation, the Debtors expressly reserve their right to file an objection to any of the Buena Vista Claims pursuant to section 502(d) of the Bankruptcy Code, or to exercise such other rights of set-off or recoupment authorized by applicable law or by the Plan, provided, however, that the Debtors will not file an objection to any of the Buena Vista Claims corresponding to the Buena Vista Agreements in the event that the Buena Vista Agreements are assumed by the Debtors pursuant to the Plan. Each of the Debtors expressly reserves its right to object to any other claims asserted by the Claimant, including but not limited to any claims filed by Buena Vista as described in Paragraph 6 hereof, on any applicable grounds. Notwithstanding anything contained in this Stipulation, nothing herein shall be construed as a waiver of any rights that the Debtors or the estates may have to

bring any causes of actions, including, but not limited to, causes of action under 11 U.S.C. §§ 544, 547 and 548.

10. The undersigned persons represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Stipulation.

11. This Stipulation may be executed in counterparts, all of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

12. This Stipulation shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to principles of conflict of laws.

13. This Stipulation may not be amended without the express written consent of all Parties hereto.

14. This Stipulation shall be binding upon the Parties hereto and upon their affiliates, assigns and successors, including, without limitation, any trustee that might be appointed in the Debtors' chapter 11 cases.

15. The Parties acknowledge that they have each participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against either party on account of such drafting.

16. The Bankruptcy Court shall retain jurisdiction over any and all disputes or other matters arising under or otherwise relating to this Stipulation.

17. All contentions made in this Stipulation are made in furtherance of a proposed settlement and neither the Claimant nor the Debtor Parties admit or concede the

validity of any of claims or defenses and nothing herein shall be deemed an admission of fact or law.

[Signature Page Follows]

Dated: _____, 2012

| | |
|---|---|
| BUENA VISTA TELEVISION | CHANNEL 40, INC., KIAH INC., KPLR, INC., KSWB INC., KTLA INC., TRIBUNE BROADCAST HOLDINGS, INC., TRIBUNE MEDIA SERVICES, INC., TRIBUNE TELEVISION COMPANY, TRIBUNE TELEVISION NORTHWEST, INC., WDCW BROADCASTING, INC., WGN CONTINENTAL BROADCASTING COMPANY, AND WPIX, INC. |

By: *[signature]*
Title: Assistant General Counsel
Telephone: 818-560-6670
Facsimile:

By: _____
Title: _____
Telephone:
Facsimile:

8

## EXHIBIT A

46429/0001-8143017v2

BUENA VISTA TELEVISION STIPULATION

| CLAIM/SCHEDULE # | NAME | ASSERTED DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT | AMOUNTS SUBJECT TO CURE (a) | SUPERSEDED SCHEDULES |
|---|---|---|---|---|---|---|---|---|---|
| 1 | BUENA VISTA TELEVISION ATTN: ADRIAN TUSTIN 500 SOUTH BUENA VISTA STREET BURBANK, CA 91521-9750 | 650 Channel 40, Inc. | Unsecured | $286,378.00 | Channel 40, Inc. | Unsecured | $0.00 | | |
| 2 | BUENA VISTA TELEVISION ATTN: ADRIAN TUSTIN 500 SOUTH BUENA VISTA STREET BURBANK, CA 91521-9750 | 649 KIAH Inc. | Unsecured | $5,857,264.00 | KIAH Inc. | Unsecured | $284,532.27 | | 180000280 |
| 3 | BUENA VISTA TELEVISION ATTN: ADRIAN TUSTIN 500 SOUTH BUENA VISTA STREET BURBANK, CA 91521-9750 | 648 KPLR, Inc. | Unsecured | $188,921.00 | KPLR, Inc. | Unsecured | $0.00 | | |
| 4 | BUENA VISTA TELEVISION ATTN: ADRIAN TUSTIN 500 SOUTH BUENA VISTA STREET BURBANK, CA 91521-9750 | 657 KSWB Inc. | Unsecured | $2,637,179.00 | KSWB Inc. | Unsecured | $217,271.52 | | 182000320 |
| 5 | BUENA VISTA TELEVISION ATTN: ADRIAN TUSTIN 500 SOUTH BUENA VISTA STREET BURBANK, CA 91521-9750 | 656 KTLA Inc. | Unsecured | $18,293,682.00 | KTLA Inc. | Unsecured | $1,663,440.84 | | 183000500 |
| 6 | BUENA VISTA TELEVISION ATTN: ADRIAN TUSTIN 500 SOUTH BUENA VISTA STREET BURBANK, CA 91521-9750 | 681 Tribune Broadcast Holdings, Inc. | Unsecured | $1,080,408.00 | Tribune Broadcast Holdings, Inc. | Unsecured | $48,924.74 | | 222000170 |
| 7 | BUENA VISTA TELEVISION ATTN: APRIL PRESTO 79 MADISON AVENUE NEW YORK, NY 10016 | 236012270 Tribune Media Services, Inc. | Unsecured | $2,196.05 | Tribune Media Services, Inc. | Unsecured | $2,196.05 | | |
| 8 | BUENA VISTA TELEVISION ATTN: ADRIAN TUSTIN 500 SOUTH BUENA VISTA STREET BURBANK, CA 91521-9750 | 680 Tribune Television Company | Unsecured | $21,262,568.00 | Tribune Television Company | Unsecured | $1,055,306.51 | | 241001260 |
| 9 | BUENA VISTA TELEVISION ATTN: ADRIAN TUSTIN 500 SOUTH BUENA VISTA STREET BURBANK, CA 91521-9750 | 679 Tribune Television Northwest, Inc. | Unsecured | $6,273,248.00 | Tribune Television Northwest, Inc. | Unsecured | $237,634.42 | | 245000570 |
| 10 | BUENA VISTA TELEVISION ATTN: ADRIAN TUSTIN 500 SOUTH BUENA VISTA STREET BURBANK, CA 91521-9750 | 651 WDCW Broadcasting, Inc. | Unsecured | $1,412,089.00 | WDCW Broadcasting, Inc. | Unsecured | $293,548.39 | | 251000140 |

BUENA VISTA TELEVISION STIPULATION

| NAME | CLAIM/ SCHEDULE # | ASSERTED ||| MODIFIED |||| SUPERSEDED SCHEDULES |
|---|---|---|---|---|---|---|---|---|---|
| | | DEBTOR | CLASS | AMOUNT | DEBTOR | CLASS | AMOUNT | AMOUNTS SUBJECT TO CURE (a) | |
| 11 BUENA VISTA TELEVISION ATTN: ADRIAN TUSTIN 500 SOUTH BUENA VISTA STREET BURBANK, CA 91521-9750 | 6682 | WGN Continental Broadcasting Company | Unsecured | $92,541,688.00 | WGN Continental Broadcasting Company | Unsecured | $1,437,002.68 | $424,259.84 | 252000860 |
| 12 BUENA VISTA TELEVISION ATTN: ADRIAN TUSTIN 500 SOUTH BUENA VISTA STREET BURBANK, CA 91521-9750 | 655 | WPIX, Inc. | Unsecured | $20,436,510.00 | WPIX, Inc. | Unsecured | $1,565,591.39 | | 254000570 |
| | | | TOTAL | $110,272,131.05 | | TOTAL | $6,805,448.81 | $424,259.84 | |

(a) "Amounts Subject to Cure" refers to the amount of the proposed allowed claim(s) that, as of the date of this Stipulation, relate to a prepetition executory contract or lease. In the event that such executory contract or lease is assumed by the Debtors pursuant to the Plan, then those amounts will be satisfied in full as "cure" payments in accordance with section 365 of the Bankruptcy Code. To the extent that any executory contract or unexpired lease of the Debtors previously expired or terminated, or expires or terminates prior to the Effective Date of the Plan (as that term is defined in the Plan), in either case pursuant to the terms of such contract or lease or otherwise by agreement of the parties thereto, such contract or lease shall not be deemed assumed on the Effective Date pursuant to Section 6.1 of the Plan and claim amounts corresponding to such expired or terminated contract or lease will no longer be subject to cure."