IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Case No. 08-13141 (KJC) |
| | ) | (Jointly Administered) |
| | ) | |
| TRIBUNE COMPANY | ) | Chapter 11 |
| | ) | |
| | ) | Courtroom 5 |
| | ) | 824 Market Street |
| Debtors. | ) | Wilmington, Delaware |
| | ) | |
| | ) | June 7, 2012 |
| | ) | 3:00 p.m. |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE JUDGE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtors:                          Sidley Austin, LLP
                                      BY: JAMES BENDERNAGEL, ESQ.
                                      BY: JESSICA BOELTER, ESQ.
                                      BY: KERRIANN MILLS, ESQ.
                                      One South Dearborn
                                      Chicago, IL  60603
                                      (312) 853-7000


                                      Cole, Schotz, Meisel, Forman
                                      & Leonard, P.A.
                                      BY: KATE STICKLES, ESQ.
                                      500 Delaware Avenue, Suite 410
                                      Wilmington, DE  19801
                                      (302) 652-3131

ECRO:                                 AL LUGANO

Transcription Service:                DIAZ DATA SERVICES
                                      331 Schuylkill Street
                                      Harrisburg, Pennsylvania 17110
                                      (717) 233-6664
                                      www.diazdata.com


Proceedings recorded by electronic sound recording;
transcript produced by transcription service

APPEARANCES:
(Continued)

For Great Banc:                    Womble Carlyle
                                   BY: THOMAS M. HORAN, ESQ.
                                   222 Delaware Avenue, Ste. 1501
                                   Wilmington, DE  19801
                                   (302) 252-4339


For Wilmington Trust:              Brown Rudnick
                                   BY: MARTIN SIEGEL, ESQ.
                                   BY: GORDON NOVOD, ESQ.
                                   BY: ROBERT STARK, ESQ.
                                   Seven Times Square
                                   New York, NY  10036
                                   (212) 209-4862

                                   Sullivan Hazeltine Allinson,
                                   LLC
                                   BY:  WILLIAM D. SULLIVAN, ESQ.
                                   901 North Market Street,
                                   Ste. 1300
                                   Wilmington, DE  19801
                                   (302) 428-8195


For Official Committee             Landis, Rath & Cobb
of Unsecured Creditors:            BY: DANIEL B. RATH, ESQ.
                                   BY: ADAM G. LANDIS, ESQ.
                                   919 Market Street, Suite 1800
                                   Wilmington, DE 19801
                                   (302) 467-4400

                                   Chadbourne & Parke, LLP
                                   BY: DAVID LEMAY, ESQ.
                                   BY: ANDREW ROSENBLATT, ESQ.
                                   BY: MARC ROITMAN, ESQ.
                                   BY: HOWARD SEIFE, ESQ.
                                   30 Rockefeller Plaza
                                   New York, NY 10112
                                   (212) 408-5100

                                   Zuckerman Spaeder, LLP
                                   BY: JAMES SOTTILE, ESQ.
                                   1185 Avenue of the Americas
                                   31st Fl.
                                   New York, NY  10036-2603
                                   (212)897-3434

For Law Debenture:                Kasowitz Benson
                                  BY: DAVID ROSNER, ESQ.
                                  BY: MATTHEW STEIN, ESQ.
                                  1633 Broadway
                                  New York, New York  10019
                                  (212) 506-1726

                                  Bifferato Gentilotti
                                  BY: GARVAN MCDANIEL, ESQ.
                                  800 North King Street
                                  Plaza Level
                                  Wilmington, DE 19801
                                  302-429-1900

For Aurelius Capital
Management:                       Akin Gump Strauss Hauer &
                                  Feld, LLP
                                  BY: DAVID ZENSKY, ESQ.
                                  BY: DANIEL GOLDEN, ESQ.
                                  One Bryant Park
                                  New York, NY  10036-6745
                                  (212) 872-1000

                                  Ashby & Geddes
                                  BY: AMANDA WINFREE, ESQ.
                                  500 Delaware Avenue
                                  Wilmington, DE  19899
                                  (302) 654-1888

For JP Morgan Chase:              Davis Polk
                                  BY: ELLIOT MOSKOWITZ, ESQ.
                                  BY: DAMIEN SCHAIBLE, ESQ.
                                  459 Lexington Avenue
                                  New York, NY  10017
                                  (212) 450-4092

                                  Richards Layton & Finger
                                  BY: DREW SLOAN, ESQ.
                                  One Rodney Square
                                  920 North King Street
                                  Wilmington, DE  19801
                                  (302) 651-7700

For EGI-TRB:                      Blank Rome
                                  BY: DAVID CARICKHOFF, ESQ.
                                  1201 Market Street
                                  Suite 800
                                  Wilmington, DE 19801
                                  (302) 425-6434

For Citadel Equity Fund,
Ltd. & Camden Asset
Management, LP:

         Andrews Kurth
         BY: JEREMY RECKMEYER, ESQ.
         BY: PAUL SILVERSTEIN, ESQ.
         450 Lexington Avenue
         New York, NY  10017
         (212) 850-2851

         Cozen O'Connor
         BY: SIMON E. FRASER, ESQ.
         Chase Manhattan Centre,
         1201 N. Market Street
         Wilmington, DE  19801
         (302) 295-2011

For Robert R. McCormick
Cantigny Foundation:

         Duane Morris
         BY: RICHARD W. RILEY, ESQ.
         222 Delaware Avenue
         Wilmington, DE  19801-0801
         (3020 397-4928

For Oaktree & Angelo
Gordon:

         Young Conaway Stargatt &
         Taylor
         BY: BLAKE CLEARY, ESQ.
         1000 West Street, 17th Floor
         Wilmington, DE  29801
         (302) 571-6714

         Jones Day
         BY: JAMES O. JOHNSTON, ESQ.
         BY: JOSHUA MESTER, ESQ.
         555 South Flower Street
         Fiftieth Floor
         Los Angeles, CA  90071-2300
         (212) 243-2431

For DBTCA:

         McCarter & English
         BY: DAVID ADLER, ESQ.
         BY: KATHARINE MAYER, ESQ.
         245 Park Ave., 27th Fl.
         New York, NY  10167
         (212) 609-6847

For Bridge Lenders:                White & Case LLP
                                   BY: SCOTT GREISSMAN, ESQ.
                                   1155 Avenue of the Americas
                                   New York, New York 10036-2787
                                   (212) 819-8567

                                   Fox Rothschild, LLP
                                   BY: ERIC SUTTY, ESQ.
                                   Citizens Bank Center
                                   919 North Market Street,
                                   Ste. 1300
                                   Wilmington, DE 19899-2323
                                   (302) 622-4243

For TM Retirees:                   Teitelbaum & Baskin
                                   BY: JAY TEITELBAUM, ESQ.
                                   3 Barker Avenue, 3rd Fl.
                                   White Plains, NY  10601
                                   (914) 437-7670

For Morgan Stanley:                Barnes & Thornburg
                                   BY: KEVIN G. COLLINS, ESQ.
                                   1000 N. West Street, Ste. 1200
                                   Wilmington, DE  19801
                                   (302) 888-0301

For Merrill Lynch:                 Potter Anderson & Corroon, LLP
                                   BY: LAURIE SELBER SILVERSTEIN,
                                   ESQ.
                                   BY: R. STEPHEN MCNEILL, ESQ.
                                   Hercules Plaza
                                   1313 North Market St., 6th Fl.
                                   Wilmington, DE  19801
                                   (302) 984-6033

TELEPHONIC APPEARANCES:

For Official Committee of
Unsecured Creditors:               Chadbourne & Parke, LLP
                                   BY: MARC D. ASHLEY, ESQ.
                                   BY: DOUGLAS DEUTSCH, ESQ.
                                   BY: THOMAS MCCORMACK, ESQ.
                                   (212) 408-5100

                                   Zuckerman Spaeder, LLP
                                   BY: GRAEME BUSH, ESQ.
                                   BY: ANDREW CARIDAS, ESQ.
                                   BY: ANDREW GOLDFARB, ESQ.
                                   (202) 778-1800

| For Debtor: | Sidley Austin |
| | BY: CANDACE KLINE, ESQ. |
| | BY: BRYAN KRAKAUER, ESQ. |
| | BY: KEN KANSA, ESQ. |
| | BY: DAVID MILES, ESQ. |
| | BY: BRETT MYRICK, ESQ. |
| | BY: DENNIS TWOMEY, ESQ. |
| | (312) 853-7778 |

Tribune Company
BY:  DON LIEBENTRITT, ESQ.
(312) 222-3651
BY: DAVE ELDERSVELD
(312) 222-4707
BY: GARY WEITMAN
(312) 222-3394

FOR Blackstone Group:          The Blackstone Group
                               BY: RONAK AMIN
                               (212) 390-2783

For Jeffrey Anapolsky:         T. Rowe Price
                               BY: Jeffrey Anapolsky
                               (410) 345-2737

For Crane Kenny:               Shaw Gussis Fishman Glantz
                               Wolfson
                               BY: KIMBERLY BACHER, ESQ.
                               (312) 541-0151

For Credit Agreement
Lenders:                       Angelo Gordon & Co., LP
                               BY: GAVIN BAIERA, ESQ.
                               (212) 692-0217

For SuttonBrook Capital
Management, LP:                SuttonBrook Capital Management
                               LP
                               BY: CAROL L. BALE
                               (212) 588-6640

For Interested Party:          OZ Management
                               BY: MICHAEL BARNETT
                               (212) 719-7347

For Siguler Guff:              Siguler Guff
                               BY: RANDALL W. BEELER
                               (212) 332-5109

```
For Oaktree Capital
Management:                      Jones Day
                                 BY: BRUCE BENNETT
                                 (213) 489-3939

                                 Oaktree Capital Management
                                 BY: EDGAR LEE
                                 (213) 830-6415
                                 BY: KENNETH C. LIANG
                                 (213) 830-6422

For HBK Capital
Management:                      HBK Capital Management
                                 BY: ERIC BILMES
                                 (212) 588-5115

For Interested Party:            Jeffries & Company
                                 BY: JUSTIN BRASS
                                 (310) 575-5128

For Dow Jones News
Wires:                           Dow Jones & Company
                                 BY: PEG BRICKLEY
                                 (215) 462-0953

For Goldman Sachs & Co.:         Goldman Sachs & Co.
                                 BY: SCOTT BYNUM, ESQ.
                                 (212) 902-8060
                                 BY: LEXI FALLON
                                 (212) 902-0791

For Soros:                       Soros Fund Management
                                 BY: COURTNEY CARSON
                                 (212) 320-5499

For Bank of America:             O'Melveny & Myers
                                 BY: DANIEL S. SHAMAH, ESQ.
                                 (212) 326-2138
                                 BY: EVAN JONES, ESQ.
                                 (213) 430-6236

                                 Bank of America
                                 BY: ESTHER CHUNG
                                 (646) 855-6705

For CRT Capital Group:           CRT Capital Group, LLC
                                 BY: SHAGUN S. CHADHA
                                 (203) 569-4345
```

```
For Cooperstown Capital
Management:                      Cooperstown Capital Management
                                 BY: PETER COURI
                                 (203) 552-6900

For Michael D'Agostino:          Bingham McCutchen, LLP
                                 BY: MICHAEL D'AGOSTINO
                                 (860) 240-2731

For USB Securities:              USB Securities, LLC
                                 BY: DAVID W. DERR
                                 (203) 719-9776

For Davidson Kempner:            D K Partners
                                 BY: EPHRAIM DIAMOND
                                 (646) 282-5841

                                 Shulte Roth & Zabel, LLP
                                 BY: KAREN S. PARK, ESQ.
                                 (212) 756-2036

For Indaba Capital:              Indaba Capital
                                 BY: ANDREW DODGE
                                 (415) 680-1180

For Former Directors
and Officers:                    Grippo & Elden, LLC
                                 BY: GEORGE DOUGHERTY, ESQ.
                                 (312) 704-7700

For Chandler Bigelow:            Sperling & Slater
                                 BY: STEVEN C. FLORSHEIM, ESQ.
                                 BY: GWEN NOLAN, ESQ.
                                 (312) 5641-3200

For Silver Point
Capital:                         Silver Point Capital
                                 BY: MATTHEW EHMER
                                 (203) 542-4219

For Employees Compensation
Defendant's Group:               Frank Gecker, LLP
                                 BY: REED HEILIGMAN, ESQ.
                                 (312) 276-1432

For Matthew Frank:               Alvarez & Marsal, LLC
                                 BY: MATTHEW FRANK
                                 (312) 371-9955
```

```
For Fortress Investment
Group:                        Fortress Investment Group
                              BY: BRYCE FRASER
                              (212) 823-5544

For Citigroup:                Paul Weiss Rifkind Wharton &
                              Garrison
                              BY: ANDREW GORDON, ESQ.
                              BY: OKSANA LASHKO, ESQ.
                              BY: ELIZABETH MCCOLM, ESQ.
                              BY: ANN K. YOUNG, ESQ.
                              (212) 373-3000

For Citadel Equity
Group:                        Andrews Kurth
                              BY: MARK HOLLIDAY, ESQ.
                              (214) 659-4612


For OPERS:                    Ice Miller, LP
                              BY: MATTHEW FORNSHELL
                              (614) 462-1061
For Halcyon Asset
Management:                   Halcyon Asset Management
                              BY: IGOR FUKS, ESQ.
                              (212) 303-9453

For Chicago Fundamental
Investment:                   Chicago Fundamental Investment
                              BY: PETER GRUSZKA
                              (312) 416-4215


For Wells Fargo Bank:         Perkins Cole
                              BY: SHAN HAIDER
                              (212) 262-6904

For Nomura Securities:        Nomura Securities
                              BY: MATTHEW JACOBSON
                              (212) 667-1438

For Anna Kalenchits:          Anna Kalenchits
                              (212) 723-1808

For DebtWire:                 DebtWire
                              BY: TIBITA P. KANEENE
                              (212) 500-1383
```

```
For Monarch Alternative
Capital, LP:                      Monarch Alternative Capital LP
                                  BY: MICHAEL J. KELLY
                                  (212) 554-1760


For Law Debenture Trust
Company of New York:              Kasowitz Benson Torres &
                                  Friedman
                                  BY: SHERON KORPUS, ESQ.
                                  (212) 506-1700


For Onex Credit:                  Onex Credit Partners
                                  BY; STUART KOVENSKY
                                  (201) 541-2121


For Corre Partners:               Corre Partners
                                  BY: STEPHEN LAM
                                  (646) 863-7157
For JPMorgan Chase:               Davis Polk Wardwell, LLP
                                  BY: ANGELA LIBBY, ESQ.
                                  (212) 450-4433


For Morgan Stanley:               Weil Gotshal & Manges, LLP
                                  BY: DAVID LITVACK, ESQ.
                                  (212) 310-8361
                                  BY: ANDREA SAAVEDRA, ESQ.
                                  (212) 310-8544


For Aurelius Capital
Management:                       Akin Gump Strauss Hauer &
                                  Feld, LLP
                                  BY: DEBORAH J. NEWMAN, ESQ.
                                  (212) 872-7481


For New York State
Common Retirement Fund:           Morgan Lewis & Brockius, LLP
                                  BY: RACHEL MAUCERI, ESQ.
                                  (215) 963-5000


For Barclays Capital:             Barclays Capital, Inc.
                                  BY: OLIVIA MAURO
                                  (212) 412-6773


For Brigade Capital
Management:                       Brigade Capital Management
                                  BY: GRANT NACHMAN
                                  (212) 745-9781
```

For Cyrus Capital
Partners:                        Cyrus Capital Partners, LP
                                 BY: SVETOSLAV NIKOV
                                 (212) 380-5890

For Interested Party:            BY: CHRIS NOLTER
                                 (212) 313-9286

For Jeffrey Olinsky:             Bingham McCutchen, LLP
                                 BY: JEFFREY OLINSKY, ESQ.
                                 (212) 705-7857

For Merrill Lynch:               Kaye Scholer, LLP
                                 BY: JANE PARVER, ESQ.
                                 (212) 836-8510
                                 BY: MADLYN G. PRIMOFF, ESQ.
                                 (212) 836-7042
For Royal Bank of
Scotland:                        Royal Bank of Scotland
                                 BY: COURTNEY ROGERS
                                 (203) 897-4815

For Eos Partners:                Eos Partners
                                 BY: MIKE J. SCHOTT
                                 (212) 593-4046

For Taconic Capital:             Taconic Capital
                                 BY: MARC SCHWARTZ
                                 (212) 209-3122

For Canyon Partners:             Canyon Partners
                                 BY: CHANEY M. SHEFFIELD
                                 (310) 272-1062

For Robert R. McCormick
Foundation & Cantigny
Foundation:                      Katten Muchin Rosenman, LLP
                                 BY: JOHN SIEGER, ESQ.
                                 (312) 902-5294

For The Seaport Group:           The Seaport Group
                                 BY: KENNETH SMALLEY
                                 (212) 616-7763

For Citi:                        Citi
                                 BY: REBECCA SONG
                                 (212) 559-9933

For GMP Securities:    GMP Securities
            BY: ANDREW M. THAU
            (212) 692-5178

For One East Partners:   One East Partners
            BY: SINA TOUSSI
            (212) 230-4510

For Contrarian Capital
Management:       Contrarian Capital Management
            BY: JOSHUA TRUMP
            (203) 862-8299

For EGI-TRB:      Jenner & Block, LLP
            BY: ANDREW VAIL
            (312) 840-8688

For Southpaw Asset
Management:       Southpaw Asset Management
            BY: JOANNA WA
            (203) 862-6213

For Former Special
Committee:       Skadden Arps Slate Meagher &
            Flom
            BY: JUSTIN WINEMAN, ESQ.
            (312) 407-0924

For Carval Investors:    Carval Investors
            BY: TECK WONG
            (952) 984-3292

For Wilmington Trust:    Brown Rudnick, LLP
            BY: ELNAZ ZARRINI, ESQ.
            (212) 209-4909

For Wells Fargo Bank:    White & Case, LLP
            BY: ANDREW ZATZ, ESQ.
            (212) 819-8744

For Four Former
Employees:       Dilworth & Paxson
            BY: ASHLEY ALLEN,

WILMINGTON, DELAWARE, THURSDAY, JUNE 7, 2012, 3:02 P.M.

1              THE CLERK:  All rise.  Be seated, please.

2              THE COURT:  Good afternoon, everyone.

3              ALL:  Good afternoon, Your Honor.

4              MR. BENDERNAGEL:  Your Honor, I -- I may proceed?

5              THE COURT:  You may.

6              MR. BENDERNAGEL:  Jim Bendernagel on behalf of

7    the debtors and in support of the DCL plan.

8              Well, Your Honor, here we find ourselves back at

9    the river's edge.  Not to try and steal your parable.  The

10   good news is, the river this time is quite a bit narrower.

11   As a result of your October 31 decision, a lot of the major

12   issues that divided the parties have been resolved.  You

13   identified in that decision, certain specific deficiencies

14   in the DCL plan, and those deficiencies have been addressed

15   and corrected.  Those deficiencies specifically related to

16   the 1129(a)(10) issue, the 1121 -- the 11.2.1 releases in

17   the plan, certain concerns about the Bar Order, and certain

18   concerns about exculpation provision.  In all instances,

19   those issues have been addressed.  And more significantly,

20   no objections have been raised to the way we've handled

21   those issues.

22             Additionally, we've provided evidence or as a

23   result of the allocation dispute proceeding, we've resolved

24   the three or four evidentiary issues that were identified by

1  the Court in its decision.

2          In sum, we feel pretty good about where we are in

3  terms of moving this forward and getting the company out of

4  bankruptcy.  And as you know, it's important for the company

5  to move out of bankruptcy quickly for the reasons Mr.

6  Hartenstein explained previously.

7          In addition, before we get out of bankruptcy,

8  it's important -- I mean, it's necessary to go the FCC.  You

9  mentioned that process the other day.  Obviously, that

10  process can't move forward until we have a resolution with

11  respect to confirmation.  And as a consequence, we've been

12  working hard to accomplish that.

13          There are objections.  We've been working hard

14  over the last couple of weeks to resolve most of those

15  objections.  And at this juncture, I'd like to hand up a

16  document that essentially identifies all of the objections.

17  At least it seeks to identify all the objections and groups

18  them into three buckets which I'll explain after I show you

19  the document.

20          THE COURT:  All right.  Thank you.

21          MR. BENDERNAGEL:  Your Honor, this may --

22          THE COURT:  Yes.

23          MR. BENDERNAGEL:  -- sound like stupid question,

24  but does the copy I handed up to you start on Page 1,

25  because the version I had didn't.

1          THE COURT:  Well, the pages aren't numbered.

2          MR. BENDERNAGEL:  I think every -- well Page 2 is

3   numbered, at least -- well --

4          THE COURT:  Well, not on my copy, but it differs

5   from the one I had yesterday.  Oh, yeah.

6          MR. BENDERNAGEL:  Let me hand you this copy here.

7          THE COURT:  All right.  There we go.

8          MR. BENDERNAGEL:  Well, we're off to a wrong

9   start.  Your Honor, if I may proceed?  We'll get copies for

10  everybody in a few minutes.

11         THE COURT:  Okay.

12         MR. BENDERNAGEL:  I'm not going to do anything

13  substantive.  Let me explain what this document is.

14         THE COURT:  Go ahead.

15         MR. BENDERNAGEL:  What we've attempted to do is

16  list all the objections, as I indicated, in three buckets.

17  The first bucket which stretches from Page 1 to Page 8 are

18  the objections that have been interposed and we believe have

19  been resolved.  And you can see there's quite a number of

20  objections that fall under that category.

21         The second bucket, which starts on Page 9 and

22  runs for two pages, are the objections that have been

23  interposed to preserve objections to your prior ruling, but

24  that are not going to be, as we understand it, contested at

25  this hearing.  And we're going to provide a moment in a few

1    minutes for people to get up and make these objections on

2    the record, but that's going to be the extent of it.

3              And then the last pages in this exhibit are the

4    unresolved objections that are actually going to be argued.

5    Consistent with what we handed up to the Court yesterday or

6    the day before, I'd like to approach and give an amended

7    agenda for that oral argument, if I might.

8              THE COURT:  Okay.  Thank you.

9              MR. BENDERNAGEL:  Well, there have been changes

10   made since we spoke yesterday on the phone.  And the good

11   news is, the list has gotten shorter and we anticipate the

12   list is going to get shorter over the next day or two as we

13   continue to whittle down these numbers.

14             Specifically, what came off the list, as you'll

15   recall yesterday, Mr. Golden had suggested and we agreed, to

16   add a 10th item regarding the 14-day stay period.  Based on

17   the comments that you made, that issue disappeared shortly

18   after the call, so we made progress in that regard.  And

19   there are a couple of other issues that have come off the

20   list.

21             THE COURT:  All right.

22             MR. BENDERNAGEL:  And then we'd propose to move

23   forward with this after we complete the evidentiary record.

24   I think the next step would be to offer into evidence

25   certain documents that -- to supplement the rather

1  voluminous record that already exists.  And if I could move

2  to that, that's what I'd propose to do.

3           THE COURT:  Go ahead.

4           MR. BENDERNAGEL:  As you know, Your Honor, all of

5  the evidence that was submitted in connection with the

6  original -- the earlier confirmation hearing, as well as,

7  the allocation dispute hearing, has been agreed by the

8  parties, and I believe, ordered by the Court as being

9  available in this proceeding, including the testimony, the

10 exhibits, and the deposition excerpts.

11          In addition that, we've -- the DCL plan

12 proponents have identified six exhibits that essentially

13 they'd like to be put into the evidence, into evidence at

14 this juncture.  And I'd like to hand up the binders that

15 have that in them, if I could.

16          THE COURT:  All right.

17          MR. BENDERNAGEL:  Open the binder, Your Honor,

18 the first page of the binder is the one-page exhibit list

19 that exists in this proceeding.

20          THE COURT:  Mr. Bendernagel, forgive for

21 interrupting.  Let me go back to the first part of the

22 evidentiary record.  You indicated that what was elicited at

23 confirmation and in connection with the allocation disputes

24 would come in.  In connection with reconsideration, there

25 weren't -- we didn't take evidence, I don't think.

1          MR. BENDERNAGEL:  I believe that's correct, Your

2     Honor.

3          THE COURT:  But there were legal arguments.

4          MR. BENDERNAGEL:  That's all in as well.

5          THE COURT:  Okay.  Go ahead.

6          MR. BENDERNAGEL:  The first page of this document

7     is an exhibit list that lists the six exhibits.  The first

8     and second exhibits are the confirmation plan and related

9     documents.  And the second exhibit is the supplemental

10    disclosure document.  I don't think we need to do anything

11    with respect to those two.

12         The next document is the expert report of Mr.

13    Chachas.  As you recall, Mr. Chachas is one of the experts

14    that we tendered in the last proceeding on the question of

15    valuation.  At that time, he testified about his extensive

16    experience and was qualified as an expert on valuation.  In

17    connection with this proceeding, we asked him to take the

18    methodology that you approved the last time, and simply

19    update it to reflect the current company financial data, as

20    well as, current market multiples.  He's done that.

21         The report that he's put forward, which is marked

22    as Exhibit 3002, reflects his conclusions in that regard.

23    And if you'd look at that document which is in the tab

24    fairly far back under 3002, and you turn to Page 3 of the

25    report, there's a chart that reflects his results as

1   compared to what you approved last January -- you approved

2   last October.  And you can see, with respect to the core

3   enterprise value, it's remained essentially the same.  I

4   mean, there's been changes within the various operating

5   units, but overall, it's down $15 million.  With respect to

6   the non-controlled investments, these are the investments

7   like TV Food, Career Builder, and Classified Ventures, it's

8   slightly up.  And cash has continued to build which is what

9   essentially has caused the valuation to move up from around

10  $7 billion to a little bit north of $7.3 billion.

11          We've put this in as we've explained the past, so

12  that people that were making elections, would have the

13  benefit of our most recent thinking on this subject matter.

14  The details of each of these line items is explained in

15  greater detail in the rest of Mr. Chachas' report.  And then

16  you'll see that there's a deck that was put together by

17  Lazard working with Mr. Chachas, that provides even greater

18  detail in that regard.

19          This document has been marked highly

20  confidential.  We've put together a redacted version which

21  we'll offer up for the public record.  The only thing that

22  we've redacted is forward looking financial data and data

23  that relates to our equity investments where we have

24  contractual obligations to keep the information

25  confidential.  That's the protocol we used the last time.

1    Nobody objected then.  I don't anticipate any objections

2    now.  Indeed, no one has objected to Mr. Chachas, the

3    admission of Mr. Chachas' report into evidence.  He --

4    nobody sought his deposition.  He's here today if the Court

5    has questions for him.  If they don't, I'd offer his exhibit

6    into evidence at this juncture and ask that he be allowed to

7    leave.

8              THE COURT:  Is there any objection to the

9    admission of DCL Exhibit 3002?

10                      (No audible response.)

11             THE COURT:  I hear no response, it's admitted

12   without objection.

13   (DCL Exhibit 3002, identified and admitted into evidence.)

14             MR. BENDERNAGEL:  The next exhibit, Your Honor,

15   is DCL Exhibit 3003.  And this is the expert report of Mr.

16   Brian Whittman.  Mr. Whittman has testified in this

17   proceeding before.  He's with Alvarez & Marsalis [sic].

18   He's one of the company's financial consultants.  He's been

19   qualified as an expert in certain areas in connection with

20   the last confirmation hearing.

21             What we asked him to do in this connection and

22   what's reflected in this expert report is three things.

23   First, we asked him to update the distributions based on the

24   results of the allocation dispute methodology.  Now, it

25   turned out, that the allocation dispute methodology resulted

1    in your ruling that the way in which we had done the

2    distributions earlier turned out to be correct.  So there

3    wasn't a lot to update, but he addresses that in the first

4    part of his report.

5             The second part of his report, essentially

6    addresses the financial performance of the company since

7    last year and provides the financial data that was set forth

8    in Appendix D to the Supplemental Disclosure Statement.  He

9    also addresses in that section, an update of the feasibility

10   issue.  Essentially, what he did was take Lazard's

11   feasibility analysis and update it to reflect the newer data

12   that he had.  And it shows that the statistics are even more

13   robust and the company is essentially more feasible under

14   that standards that Lazard had used in that regard, and the

15   Court had essentially addressed and blessed.

16            And finally, we had asked him to take a look at

17   the three expert reports he put in the last time; one

18   relating to the intercompany claim settlement, one relating

19   to value at the parent level, and the other relating to the

20   liquidity of the company in the best interest test, and

21   indicate whether, in fact, he thought that as a result of

22   things that had happened since last year, there wasn't any

23   reason to revise what he had said the last time under oath.

24   And he comes to the conclusion with a couple of minor

25   exceptions that are noted, that there's no reason to alter

1   that testimony.

2           Again, he's here, but no one has objected to his

3   testimony and nobody sought his deposition.  We'd offer his

4   testimony, his expert report in evidence, and ask that he be

5   allowed to leave if, in fact, nobody wants to speak to him.

6           THE COURT:  Does anyone have an objection to the

7   admission of DCL Exhibit 3003?

8                   (No audible response.)

9           THE COURT:  I hear no response.  It's admitted

10  without objection.

11  (DCL Exhibit 3003, identified and admitted into evidence.)

12          MR. BENDERNAGEL:  Your Honor, the --

13          THE COURT:  Let me just pause now and ask, does

14  anyone wish to cross examine either Mr. Chachas or Mr.

15  Whittman?

16                  (No audible response.)

17          THE COURT:  I hear no response.  They're free to

18  go.

19          MR. BENDERNAGEL:  Well, Mr. Whittman's wife will

20  appreciate that.  She's nine months pregnant, so he needs to

21  get back to Chicago.

22          THE COURT:  Well --

23          MR. BENDERNAGEL:  The --

24          THE COURT:  -- my sympathies lie with him.

25                  (Laughter)

1          MR. BENDERNAGEL:  The Exhibit 3004 is a

2   declaration of Stephanie Kjontvedt who is the voting agent

3   in this case.  She has submitted essentially three

4   Affidavits of Declarations.  The exhibit that's marked as

5   Exhibit 3004 relates to the forum of voting ballot that was

6   sent out.  This document is important to the 1129(a)(10)

7   issue in the sense that it sets forth the language that you

8   had suggested in your last opinion ought to be provided to

9   people to deal with the issue of what if they don't vote and

10  what the significance of that was.  That form of ballot is

11  attached to her affidavit.  And we'd offer DCL Exhibit 3004

12  into evidence.  There have been no objections that were

13  noted on the objection date, Your Honor.

14          THE COURT:  Does anyone object to the admission

15  of DCL Exhibit 3004?

16                    (No audible response.)

17          THE COURT:  I hear no response.  It's admitted

18  without objection.

19  (DCL Exhibit 3004, identified and admitted into evidence.)

20          MR. BENDERNAGEL:  Thank you, Your Honor.  The

21  final exhibit is exhibit, DCL Exhibit 3005.  And this is

22  another declaration of the voting agent.  There's actually

23  two declarations here.  The first one is the major

24  declaration and then there's a supplemental declaration

25  towards the end of this packet of material.  Neither of

1    these documents have been objected to.  They set forth the

2    results of the vote that's so summarized, and this is in our

3    filing.  The accepting classes all voted at levels in excess

4    of 90 percent with respect to the senior noteholders.  The

5    -- on a numerosity basis, the accepting vote actually went

6    from 70 percent to 85 percent, although the class rejected

7    it fairly overwhelmingly on a, you know, the total amount of

8    the claims.  But in any event, all those results are set

9    forth in her declaration and the appendices.  It's our basic

10   -- nobody has objected to this document.  We'd offer it into

11   evidence, Your Honor.

12           THE COURT:  Does anyone object to the admission

13   of DCL Exhibit 3005?

14                   (No audible response.)

15           THE COURT:  I hear no response.  It's admitted

16   without objection.  Is Ms. Kjontvedt in the courtroom today?

17   (DCL Exhibit 3005, identified and admitted into the record.)

18           MR. BENDERNAGEL:  She is not, Your Honor, but she

19   could come down if she had to from New York if, in fact,

20   somebody wishes to cross examine her.

21           THE COURT:  Does anyone wish to cross examine Ms.

22   Kjontvedt?

23                   (No audible response.)

24           THE COURT:  I hear no response.

25           MR. BENDERNAGEL:  Your Honor, that completes the

1    evidentiary segment of this hearing.  And at this juncture,

2    I think I'd turn the podium over to those parties that wish

3    to preserve any of the -- officially preserve on the record,

4    any of the objections that are set forth on Pages 9 and 10

5    of the document that I handed up to you.  And it's my

6    understanding that that shouldn't take very long.

7                 THE COURT:  Very well.

8                 MR. BENDERNAGEL:  Thank you, Your Honor.

9                 MR. ZENSKY:  Good morning, Your Honor.  For the

10   record, David Zensky, Akin, Gump, Strauss, Hauer & Feld for

11   Aurelius Capital Management.

12                Just one housekeeping matter before our

13   reservation.  The chart that Mr. Bendernagel handed out at

14   the outset is not something that had been circulated.  So we

15   have not had an opportunity to look through it and do not

16   necessarily agree or disagree with the descriptions of the

17   parties' positions and what has or has not been resolved.

18   But I have no reason to believe it's inaccurate.  We just

19   haven't had a chance to review it.

20                The second housekeeping --

21                THE COURT:  Well, let me ask you to pause there.

22   If anyone does have a problem with it, let me know at the

23   outset tomorrow.

24                MR. ZENSKY:  Will do, Your Honor.

25                THE COURT:  Okay.

1          MR. ZENSKY:  The second is --

2          MR. BENDERNAGEL:  Your Honor, I think it's our

3   intention as the day goes along, possibly to supplement that

4   chart.  And if people have comments they want us to put in,

5   we'd be glad to do that.  Our hope is that more of the

6   issues are going to move from the back to the front as we

7   discuss, and you know, when we close the hearing, we're

8   going to give you something that reflects where we are at

9   the close of the hearing.

10          THE COURT:  Okay.

11          MR. ZENSKY:  Okay, great.  And I think that leads

12  into my second housekeeping comment, Your Honor.  The first

13  section that represents the resolved objections includes

14  objections that have been resolved both before the debtors

15  filed their amendment last Friday, their plan amendments,

16  and up until today, indeed, including this morning, so that

17  the plan before you does not yet reflect several of the

18  language changes that the parties mutually agreed to

19  resolve, in particular, my client's objections in certain

20  respects.  So that's to come, so to speak.

21          Your Honor, not -- I don't believe that making

22  the oral presentation is necessary to preserve appellate

23  rights, but we've provided time for it and I will make that

24  reservation now.

25          As Your Honor knows, you are being asked to

1   confirm a plan at today's proceeding that takes, as its

2   centerpiece, the settlement of LBO related causes of action

3   against the senior lenders in their senior lender capacity

4   and other parties.  Our client was vigorously opposed to

5   that settlement as Your Honor knows. Those issues were

6   litigated in the prior confirmation hearing.  And with all

7   due respect to the Court, neither the Court's opinion or the

8   passage of time has changed our client's view as to the

9   wisdom of that settlement or the lawfulness of that

10  settlement under the applicable standards, and we restate

11  all our prior objections to the settlement and the other

12  aspects of the plan tied to it that we previously objected

13  to.

14          Similarly, with respect to the issues that were

15  decided in connection with the allocation disputes, and in

16  particular, the treatment of other parent claims, as you

17  know, our client objected to that and we restate all our

18  objections to that and rely on the -- all the prior evidence

19  arguments, et cetera, as set forth in our papers.

20          THE COURT:  Thank you.

21          MR. ROSNER:  Good afternoon, Your Honor.  David

22  Rosner, Kasowitz, Benson, Torres & Friedman, on behalf of

23  Law Debenture Trust Company of New York.

24          Similar to Aurelius, we're stating or restating

25  for this confirmation hearing, each one of our objections to

1  the prior plan.  Those objections subsist.  We recognize

2  that they were overruled, but we're restating them for the

3  purpose of this confirmation hearing so Your Honor can rule

4  on them again and whatever flows from that ruling, flows

5  from that ruling.

6         So we're reserving rights on each of our prior

7  objections.  Thank you, Your Honor.

8         MR. ADLER:  Good afternoon, Your Honor.  David

9  Adler from McCarter & English, on behalf of Deutsche Bank

10  Trust Company, America.

11         Similar to what Mr. Rosner and Mr. Zensky have

12  said, we reiterate our objections.  We understand that the

13  Court has ruled on them, but we just reiterate them for

14  purposes of the record to preserve our appellate rights.

15         THE COURT:  Thank you.

16         MR. ADLER:  Thank you.

17         MR. STARK:  Good afternoon, Your Honor.  Robert

18  Stark from Brown Rudnick, on behalf of Wilmington Trust.

19         I, like the others preceding me, rise to reserve

20  for purposes of appeal.  Note only, in light of Mr. Zensky's

21  statements about what pleadings are incorporated by

22  reference, and we do have a footnote specifically in our

23  plan objection.  I do want to make sure that we're not only

24  talking about the confirmation pleadings that were filed and

25  the allocation disputes hearing, but for Wilmington Trust

1    specifically also, we had a reconsideration hearing and I

2    know that that's not part of the record in light of the

3    colloquy with Mr. Bendernagel so that's also --

4              THE COURT:  Actually, he confirmed that it would

5    be so --

6              MR. STARK:  Yes.

7              THE COURT:  -- we're there.

8              MR. STARK:  Thank you.

9              MR. CARICKHOFF:  Good afternoon, Your Honor, and

10   may it please the Court, David Carickhoff of Blank Rome, on

11   behalf of EGI-TRB and Mr. Zell.

12             Your Honor, with respect to the objections we

13   made with respect to the second amended plan, we'd like to

14   reserve those objections for this go round as well.  Those

15   are at Docket Numbers 7988 and also at 8884.

16             And with respect to EGI-TRB, on the allocation

17   disputes, we would like to reserve those issues as well.

18   And those can be found at Docket Numbers 11001, 11065,

19   11124, and the arguments that were made at the March 5th  and

20   6th hearing as well Your Honor.  Thank you.

21             THE COURT:  Thank you.

22             MR. PHILLIPS:  Good afternoon, Your Honor.  Marc

23   Phillips with Connelly, Bove, Lodge & Hutz, for certain

24   former directors and officers.  We, too, reserve all of our

25   rights and reassert all of our objections that we raised

1  with regard to the second amended plan, and reassert them

2  with regard to this plan.  Thank you, Your Honor.

3          THE COURT:  Thank you.

4          MR. BENDERNAGEL:  It might be helpful, Your

5  Honor, just to ask if anybody that's on the phone has

6  anything they'd like to reserve.

7          THE COURT:  All right.  Let me ask the telephone

8  participants if anyone wishes to be heard in connection with

9  objections which have -- that even -- already been resolved,

10  but for which parties wish to make reservation statements?

11  (No audible response.)

12          THE COURT:  I hear no response.

13          MR. BENDERNAGEL:  Your Honor, a final word on

14  this area just for the record.  Obviously, the DCL plan

15  proponents don't take issue with your decision in these

16  regards, and to the extent that you would make the mistake

17  of reconsidering them --

18  (Laughter)

19          MR. BENDERNAGEL:  -- we'd recommend you look at

20  what our responses were and then stay the course.

21  (Laughter)

22          MR. BENDERNAGEL:  But with that --

23          THE COURT:  You just couldn't resist that, could

24  you, Mr. Bendernagel?

25                      (Laughter)

1          MR. BENDERNAGEL:  No, no.  No.  Yes, I'm a

2     Scorpion, but the -- at this juncture, we'd move into the

3     specific agenda, Your Honor, if that is appropriate.

4          And the first issue is the objections to the

5     classification to swap claim.  It's my understanding that

6     Mr. Rosner is going to argue that on behalf of Law Debenture

7     and the DCL plan proponents.  I believe it's Mr. Johnson

8     that's going to respond to that.

9          MR. ROSNER:  Thank you.  David Rosner, Kasowitz,

10    Benson, Torres & Friedman, for Law Debenture Company of New

11    York.

12         Your Honor, we filed, I think a very brief

13    objection to what is now the Fourth Amended plan.  And I

14    think there's maybe three remaining objections that we're

15    going to stand and speak to the Court about.

16         This is one.  Law Debenture believes that the

17    classification and treatment of the swap claim violates

18    several provisions of the Bankruptcy Code.  The

19    classification ones, of course, 1122, the treatment ones of

20    1123(a)(4), and confirmation standards of 1129(a)(1),

21    (a)(3), and 1129(b), which is important in this context

22    because we're a dissenting class.  Our noteholders are a

23    dissenting class and we are in a cram down situation.

24         The reason that we're here on this issue now is

25    that in the Court's recent allocation decision, allocation

1   disputes decision, the Court actually approved the senior

2   status of the swap claim on the basis that it was "an amount

3   due in connection with the Credit Agreement".  And in Your

4   Honor's decision, that's at Pages 21, 22, Footnote 19.

5            Applying the Court's reasoning in that regard in

6   that decision, the swap claim must, in our view -- and I

7   failed to convince at least one person.

8   (Laughter)

9            THE COURT:  Maybe all of them, I don't know.

10  (Laughter)

11           THE COURT:  That was that one line or all of

12  them, do you think?  It sounds like everyone.

13           COURTCALL OPERATOR:  Thank you for calling the

14  conferencing center.  This is Kim.  May I have the name of

15  your Judge, please?

16           ECR OPERATOR:  Yes, this is Judge Carey's

17  courtroom.  We were cutoff in -- during the hearing.

18           COURTCALL OPERATOR:  Yes, sir.  I'm going to go

19  on and place you back in.  I do apologize.

20           ECR OPERATOR:  All right, thank you.

21           THE COURT:  Mr. Rosner?

22           COURTCALL OPERATOR:  And this is the CourtCall

23  operator.

24           THE COURT:  Go ahead.

25           MR. ROSNER:  Thank you.  So applying the Court's

1  reasoning in the allocation disputes decision, Law Debenture

2  contends that the swap claim must be classified and treated

3  along with the senior loan claims.  And the plan's

4  definition actually supports that where it says it's at

5  1.1.209, I believe, of the plan, which says a senior loan

6  claim is, "a claim arising under the Senior Loan Agreement."

7           So, in our view, if the Court maintains its

8  decision that the swap claim was a claim "in connection

9  with" the Senior Loan Agreement, then the swap claim is a

10 senior loan claim and must be classified and treated along

11 with the senior loan claims, and not in the class of other

12 parent claims.

13          Now it's a very simple point of logic.  And I

14 would tell you, Your Honor, in reading the memorandum, the

15 DCL plan proponents really offer no real response to the

16 simple logic.  They first argue briefly law of the case

17 based upon Your Honor's Confirmation Memorandum, but the

18 allocation disputes decision, as we see it, is counter to

19 the original Confirmation Memorandum and renders that

20 doctrine inapplicable in this context, and forces us to

21 revisit the issue of what is a senior loan claim under the

22 plan.

23          And second, they simply complain that the swap

24 claim status as "in connection with" the Senior Loan

25 Agreement is somehow distinct from the swap claim "arising

1  out of" the Senior Loan Agreement, but of course, it's not.

2          The owner of a swap claim, as one of the plan

3  proponents, took the benefit of the ruling that the swap

4  claim arose from the Senior Loan Agreement because they

5  argued, and the Court accepted, that the swap claim was a

6  hedging obligation that was required by and arose out of the

7  Senior Loan Agreement.  The Court agreed as I said.  But

8  now, the holder of that swap claim wants to distance itself

9  from that benefit by saying that the swap claim arises

10  solely from the hedging obligations itself and not from any

11  nexus to the Senior Loan Agreement or the Credit Agreements.

12          But where it was actually successfully earlier in

13  convincing the Court that its hedging obligation arose?

14  They were successful in convincing the Court that it arose

15  from the Senior Loan Agreement, from the Credit Agreement.

16  So there's the commonality rule which is you've got to take

17  the burdens along with the benefits.  And in this case, the

18  burden would be that that claim needs to be classified along

19  with all claims that arise out of the Senior Loan Agreement.

20          Now I think it's important for Your Honor to

21  recognize that this argument is tied to the next argument

22  that we're going to make, which is the treatment of the Law

23  Debenture expense claim.  And even though it's cutup as into

24  two different things, there is an interrelation and that's

25  one of the reasons that we're making the argument and one of

1 | the reasons that we want your Court to consider the
2 | dichotomy between the allocation disputes decision and the
3 | Confirmation Memorandum.

4 | We recognize, of course, Your Honor, that in the
5 | original confirmation opinion denying confirmation, the
6 | Court approved the classification treatment of the swap
7 | claim as another parent claim.  Not having decided as it did
8 | in the allocation disputes decision, but rather in that
9 | instance as another parent claim rather than a senior loan
10 | claim, finding in that instance "the basic nature of the
11 | claims are different."  And that's in the Confirmation
12 | Memorandum at 103.

13 | In essence, the Court found there that unlike the
14 | swap claim, the senior loan claims were for money loans, but
15 | the swap claim wasn't.  Although in the allocation disputes
16 | decision, the Court pulls back -- in our view, the Court
17 | pulls back somewhat from that holding and leads into the
18 | earlier discussion I just had.

19 | Even though it is somewhat distinct from the
20 | allocation disputes, the Court's holding that the basic
21 | nature differed from the Senior Loan Agreements, if the
22 | Court is going to entertain confirmation of the current plan
23 | and maintains that original position, rather than that we
24 | argue that the Court -- the position the Court took in the
25 | allocation disputes decision, it will find, of course, that

1    the swap claim, the senior loan claims, are different; one's

2    for money loans and one is not, notwithstanding their

3    connection to the Senior Loan Agreement.  And then it would

4    permit the swap claim to be classified and treated in the

5    other parent's class.

6            The reason I say these are tied together, because

7    as I'm going to argue in a few minutes on Issue Number 2,

8    the classification and treatment of the Law Debenture

9    expense claim, that reasoning, Your Honor, perforce

10    discerning different basic nature analysis must then apply

11    with the Law Debenture expense claim.  Because like the swap

12    claim, if the Court so holds, the Law Debenture expense

13    claim will arise "in connection with the indenture" is

14    actually a claim for payment reimbursement indemnification

15    and not for money loaned.

16            Now we're going to get to that in a minute, but

17    the way that Law Debenture sees it is that your decision in

18    the allocation disputes decision, renders this claim one

19    that belongs in the senior loan claim, excuse me, the senior

20    loan class.  However, if your Court, if the Court looks back

21    at its Confirmation Memorandum and sees it that way, then

22    for consistency, it's going to need to rule similarly on the

23    next issue.  Thank you, Your Honor.

24            THE COURT:  Thank you.

25            MR. JOHNSTON:  Good afternoon, Your Honor.  Jim

1  Johnston, now of Jones Day, on behalf of Oaktree and Angelo

2  Gordon.

3           THE COURT:  Congratulations.

4           MR. JOHNSTON:  Thank you, Your Honor.  And while

5  I'm with a new firm, but I have to paraphrase Yogi Berra.

6  It feels like déjà vu all over again.  Here we are with Mr.

7  Rosner and the noteholders attacking the swap claim yet

8  again.  This is obviously a road we've been down before both

9  in connection with the last plan and the allocation disputes

10 litigation.

11          As Mr. Rosner alluded to, he and the noteholders

12 did object to classification of the swap claim the last time

13 around.  And, Your Honor specifically overruled that

14 objection in your confirmation opinion.  You found that

15 there was reasonable justification for separate

16 classification of the swap claim and the senior loan claims,

17 noting that the basic nature of the claims were different,

18 that the claims were governed by different agreements, that

19 the risk of avoidance of the swap claim is different, and

20 that the examiner himself had concluded that the swap claim

21 was not senior loan debt.  The current plan's classification

22 regime remains the same.  Your reasoning is as correct now

23 as it was then.

24          So I pause to say, why are we doing this again?

25 It's pretty clear that this objection has nothing to do with

1   the nature of the swap claim and everything to do with who

2   holds it.  Law Debenture and the noteholders don't like

3   Oaktree, my client.  That's obvious by now.  So they've

4   decided to take one more run at the swap claim in order to

5   inflict some pain on Oaktree.

6           And as you heard, the other component of this

7   objection is an attempt to bootstrap this argument onto the

8   unrelated issue, which will have something to say of

9   classification of the indenture trustee fee claims.  So be

10  it.  Oaktree can handle the attack. It's done so before and

11  hopefully, it will do so now.

12          But what makes this attack remarkable is that it

13  turns out that classification of the swamp claim has

14  virtually no impact whatsoever on Mr. Rosner's

15  constituencies, on the noteholders' recoveries under the DCL

16  plan.  The voting agent tells us that just 7.5 percent of

17  the noteholders, by amount, approximately $96 million in

18  total claim amount, opted to take their distributions in a

19  strip of cash, distributable cash, notes, and equity.  The

20  remaining 92.5 percent or $1.2 billion of the noteholders

21  all opted to take an all-cash recovery that's not impacted

22  in any way by what claims in other classes are getting.

23          So what we've got is 7.5 percent of noteholders

24  by amount, electing a strip that, if I'm doing the math

25  correctly, consist of less than one-half of one percent of

1  total distributable cash.

2        So why are they objecting to the classification

3  of the swap claim?  Well, the only plausible reason would be

4  because the swap claim, being classified with the other

5  parent claims, is going to get a distribution that will

6  reduce the amount of distributable cash.  That pool of cash

7  that, as I mentioned, the noteholders are entitled to less

8  than one-half of one percent.

9        So what we're talking about here is a total

10 impact on those noteholders of a couple of hundred thousand

11 dollars.  I think that tells you all you need to know about

12 what's going on.  But let's look at the argument very

13 briefly anyway because it would be wrong even if

14 classification here had a material impact on the

15 noteholders.

16       To start, I submit, Your Honor, your prior

17 holding is law of the case.  Nothing has changed in the plan

18 or otherwise since the plan confirmation hearing.  And

19 there's no basis for revisiting the issue now.  As you held

20 in the *Windstar Communication* case following the Supreme

21 Court's guidance in the *Christianson* case, Courts are loath

22 to revisit a prior decision, I'll quote, "in the absence of

23 extraordinary circumstances such as where the initial

24 decision was clearly erroneous and would work a manifest

25 injustice."  In that opinion, you also noted that the Third

1  Circuit has found that extraordinary circumstances in this

2  context can be found where one, new evidence is available;

3  two, a supervening new law has been announced; or three, the

4  earlier decision was clearly erroneous and would create

5  manifest injustice.

6         Mr. Rosner cited no new evidence or new law.  He

7  doesn't argue that the confirmation opinion is clearly

8  erroneous or creates manifest injustice.  He just says that

9  you should throw out the prior opinion because you later

10  issued the allocation dispute decision in which you

11  correctly concluded that the swap claim was senior

12  indebtedness under the PHONES indenture.  That's not enough

13  to overcome the law and the case doctrine.

14         In any event, Your Honor, as we discussed a bit

15  during the allocation disputes decision or hearing, there's

16  no inconsistency between your two conclusions and your two

17  opinions.  One involved a determination of whether the swap

18  claim was substantially similar to the other parent claims

19  and not substantially similar to the senior loan claims.

20  And the other decision involved a determination of whether

21  the swap claim fell within the PHONES indentures contractual

22  definition of senior indebtedness.

23         Those issues are apples and oranges.  The fact

24  that the swap claim is an amount due in connection with the

25  Senior Loan Agreement for purposes of the PHONES indenture

1  as you correctly held, does not render the swap claim

2  substantially similar to the senior loan claims for purposes

3  of plan confirmation.  A swap claim is not a claim, to use

4  Mr. Rosner's phrase, "arising under the Senior Loan

5  Agreement."  It was issued in connection with the Senior

6  Loan Agreement for all the reasons that we discussed, but it

7  does not arise under the senior loan documents in any way,

8  shape, or form.

9            As you have before, Your Honor, separate

10  classification of the swap claim here is appropriate.  I

11  would say it's mandatory for any number of reasons,

12  including the fact that, one, the claims arise under

13  different agreements with different contracting parties.

14  Two, the nature of Tribune's obligations under the two sets

15  of agreements are different.  And three, the claims have

16  vastly different risk profiles in terms of potential

17  avoidability.

18            And that last point about non-avoidability of the

19  swap claim is particularly notable.  In contrast to the

20  senior loan claims, which were the subject of a massive

21  avoidance action by the creditors committee, and now a

22  settlement in which the senior lenders are giving up

23  hundreds of millions of dollars of consideration, no one

24  ever claimed that the swap claim was avoidable in any

25  respect.  And the statute of limitations for avoidance of

1  the swap claim has now long since elapsed.  And yet, we're

2  faced again with the argument that the swap claim should

3  somehow be forced into the class of senior loan claims that

4  are giving up substantial consideration in respect of a

5  settlement of avoidance.

6          That doesn't make any sense.  I would submit that

7  it's wrong, Your Honor.  The bottom line is that the swap

8  claim and the senior loan claims are not substantially

9  similar.  The plans classification of them separately is as

10  appropriate now as it was last October.

11          THE COURT:  Thank you.

12          MR. JOHNSTON:  Thank you.

13          MR. BENDERNAGEL:  Your Honor, the next issue on

14  the agenda is objection to classification of the senior

15  notes indenture trustee attorney fee claims.  And I believe

16  the two people that are arguing that are the same as just --

17  you just heard from.

18          THE COURT:  All right.

19          MR. ROSNER:  David Rosner from Kasowitz, Benson,

20  Torres & Friedman, on behalf of Law Debenture Company of New

21  York.

22          I just want to say, it's not rebuttal, but I do

23  want to say that both Law Debenture and I personally hold

24  Oaktree in high esteem and we do not take positions in order

25  to "inflict pain" on anybody or whatever the infliction

1  phrase was.  We take positions because we think they're well

2  founded.  And I hope Ken Lang's on the phone.

3           THE COURT:  But it [indiscernible] just a

4  collateral benefit or --

5  (Laughter)

6           MR. ROSNER:  Not a benefit, Your Honor, not a

7  benefit.

8           So now we're going to talk about the Law

9  Debenture expense claim which is one I told you was tied

10  somewhat to the last argument.  We think here, to use Mr.

11  Johnston's word of "shoving" a claim into a class is

12  particularly appropriate because we think the classification

13  and treatment of the Law Debenture expense claim -- oh, I'm

14  sorry, I should state for the record that on -- for this

15  argument, I'm speaking not only for Law Debenture Trust

16  Company, but also for Deutsche Bank Trust Company of

17  America, both objectors.

18           The treatment of the indenture trustee expense

19  claims violates again, Bankruptcy Code Sections 1122,

20  1123(a)(4), which deal with classification and treatment,

21  1129(a)(1)(3), and 1129(b).  And our objections, Your Honor,

22  sound in fair and equitable for -- to a large extent because

23  fair and equitable is not only limited to what i, ii, iii

24  are in the Bankruptcy Code, but it's an including provision

25  and I think Your Honor has to look at the plan and look at

1    the way the plan is structured and where, to use a phrase,

2    "some pain" is being visited on some parties versus others,

3    and whether that is actually fair and equitable in specific

4    treatments.

5           The overall point that we have on this, Your

6    Honor, is that for the plan to be approved in its current

7    iteration, it must have consistency of classification of

8    treatment of similar claims.  It must only classify claims

9    that are substantially similar in the same class because

10   otherwise, there exists incorrect classification which leads

11   to disparate treatment which causes in this instance, a

12   reduction under the settlement to the senior notes by

13   lumping this claim into the class which is unfair

14   discrimination not only amongst the claims, but also amongst

15   the classes.  And it leads to an unfair and inequitable

16   plan.

17          So the indenture trustees' expense claims, like

18   the senior and bridge lender fee claims, arise from

19   Tribune's contractual obligation.  That's the key.  It's a

20   contractual obligation.  One, to pay for services that the

21   indenture trustees are provided.  Two, to reimburse the

22   indenture trustees for expenses, including attorney's fees.

23   And three, to indemnify the indenture trustees for actions

24   they've taken absent negligence or bad faith, none of which

25   has been alleged or could be alleged.

1          The claim that's being asserted as an expense

2     claim is a contractual obligation and not in any way for

3     money loaned.  Yet the plan, nevertheless, lumps these

4     indenture trustee claims in the class with the senior notes

5     which is exactly contrary to how the plan treats the swap

6     claim and as we'll see or we won't, other claims that are

7     similarly situated contractual obligations.

8          Now here, there's an indenture and there are

9     actual senior notes.  They are actually different.  The

10    indenture trustees' claim comes from the indenture, but not

11    from -- but the senior notes claims actually come from the

12    separate notes as they are governed by the indenture.  In

13    other words, the indenture provides for covenants like the

14    payment of principal and interest, but the separate note

15    actually evidences the debt.  And that is where the money is

16    loaned.  And that's what should be in one class, where the

17    expense claim should be another parent claim like other

18    expense claims have been treated or other contractual

19    obligations that are owed by Tribune.

20         So as a contractual obligation other than money

21    loaned, and that arises out of a different document, it's

22    not -- the indenture trustees' expense claim is not

23    substantially similar to the notes claims themselves.  It

24    has a different basic nature as Your Honor determined with

25    the swap claim in connection with the Confirmation

1  Memorandum.  And it must be classified and treated
2  separately.

3          Now again, in our view, the DCL plan proponents
4  don't really have much of an answer.  They never addressed
5  the undeniable fact that the claim is fundamentally and
6  basically different than the senior notes, though they do
7  for the swap and for the senior lenders claims.  They simply
8  say that the expense claim comes from the indenture,
9  ignoring that the senior notes claims classified actually
10 come from the notes.

11         In fact, there are four things as I read the
12 memorandum on confirmation that the DCL plan proponents say
13 and each is either wrong or irrelevant.  And I think one is
14 wrong and three are irrelevant.

15         One, they say that the indenture trustees' claims
16 come from the indenture solely -- come from the indenture
17 and the notes claims come from the indenture solely.  Well
18 that's wrong.  The former comes from the indenture and the
19 latter comes also from the senior notes.

20         Two, they say that the claims are against -- and
21 I'm sorry, I'm doing it in shorthand.  By the claims, I
22 mean, the indenture trustees' expense claim and the senior
23 notes claims, which they've lumped together.  Two, they say
24 that those claims are against the same entities.  Well
25 that's irrelevant.  All Tribune Company claims are against

1  Tribune Company, including the senior loan claims.

2              Three, they say the claims have the same

3  priority.  Again, that's irrelevant.  Other than the PHONES

4  and EGI-TRB, all Tribune Company claims have the same

5  priority.  Again, including the senior loan claims.

6              And four, they say that the claims were asserted

7  in the same proof of claim.  And that's completely

8  irrelevant.  It's pretty typical for entities to assert all

9  of their claims in a single proof of claim, rather than file

10  multiple claims.  And there's at least one other entity of

11  which I'm aware, that filed its fee claims in a single proof

12  of claim with its loan claims and that's JPMorgan.  And it's

13  fee claim was treated separately, even though it was

14  asserted in the same loan class.  And if we looked at

15  everything, my guess is there's a lot of other senior

16  lenders who did the same.  But even if it weren't typical,

17  nothing in the Bankruptcy Code or common sense indicates

18  that simply placing multiple claims in a single proof of

19  claim, somehow causes them to be classified together when

20  they have a different basic nature.

21              So the basic, and I would say the overall point

22  is as follow.  The senior notes are claims for money loaned

23  under a global note as governed by an indenture.  The

24  indenture trustees' expense and payment claims are for

25  contractual obligations that are not based on money loaned.

1  As such, they are different in basic nature and character.

2  And based upon that, I would say there's simply really no

3  justification for the differing classification and differing

4  treatment of similar claims.

5          Now I can next tie this into something that we're

6  going to hear tomorrow, but I would tell you, Your Honor,

7  I'll just say Law Debenture and Deutsche Bank submit that

8  lumping this claim in, taking some distribution from the

9  senior notes is neither fair nor equitable, and it violates

10 those provisions of the Bankruptcy Code as they are separate

11 and different claims.  Thank you, Your Honor.

12         THE COURT:  Thank you.

13         MR. JOHNSTON:  Thank you, Your Honor. Jim

14 Johnston again on behalf of Oaktree and Angelo Gordon.

15         Your Honor, here we have the flipside of the

16 coin.  After arguing that the swap claim had to be

17 classified together with the senior loan claims, even though

18 those claims arise under different agreements with different

19 parties for different liabilities, we now hear there's no

20 reasonable basis at all for classifying the indenture

21 trustee fee claims together with the noteholder claims, even

22 though those claims arise under the same agreements with the

23 same parties and, therefore, the same liabilities.

24         I'd submit, Your Honor, the bottom line is that

25 there's ample basis for the classification of those claims

1  together and I ask you to consider a few things.

2             First, the fee claims and the note claims do

3  arise under the exact same agreement, the note indentures.

4  I mean, who are we kidding?  The fact that there is a

5  separate note out there that wouldn't exist if the note

6  indentures didn't exist, if this deal hadn't gotten done,

7  provides no separate basis for classification whatsoever.

8  These are obligations of the same priority and same rank.

9             Now Mr. Rosner described that as an irrelevancy.

10  In fact, it's precisely the point.  And we pointed this out

11  in our brief the cases are clear that claims are

12  substantially similar where they share common priority

13  status and similar legal rights against the bankruptcy

14  estate.  And we cited four cases for that proposition at

15  Paragraph 50 of our Confirmation Memorandum including the

16  *Smurfit Stone Container* case out of this district.  That's

17  exactly what we have here.

18             And again, these claims were asserted in the same

19  proof of claim.  Is that legally dispositive?  No.  Is it

20  relevant?  Yes.  Is it indicative of the fact that these all

21  arose under the same agreement?  Yes.  And I'd ask you to

22  compare and contrast again with the swap claim.  The swap

23  claim wasn't filed in the same proof of claim as the senior

24  loan claims.  The indenture trustee fee claims here are.

25             The claims could not be more similar.  And I'd submit

1  that there certainly is a reasonable and non-arbitrary basis

2  for classifying them together, and that's all that's

3  required.  I'll refer you again to the *Smurfit Stone*

4  decision that we cited which provides that that's the

5  standard.  That case cited the Third Circuit's decision in

6  *Jersey City Medical Center.*

7              But really for evidence of this, you really need

8  no -- look no further than the noteholder plan that was

9  proposed by the indenture trustees themselves.  That plan

10 did exactly what the DCL plan does.  It classified the

11 indenture trustee fee claims together with the noteholder

12 claims.  There was no shoving, to use the phrase again, into

13 the same class.  The indenture trustees willingly went there

14 with the noteholders.  It was appropriate in the noteholder

15 plan and it's appropriate in the DCL plan.  And I'd submit

16 that's the reason why the indenture trustees never pressed

17 their objection to classification in the prior DCL plan at a

18 time when they were pursuing a plan that had an identical

19 classification regime.

20             As with the swap claim, Your Honor, we'd submit

21 that the DCL plan's classification of the indenture trustee

22 fee claims is reasonable and appropriate, not arbitrary, and

23 ask that you overrule this objection as well.

24             THE COURT:  Thank you.

25             MR. JOHNSTON:  Thanks.

1          MR. BENDERNAGEL:  Your Honor, the next issue on

2  the docket is issues relating to the tendering noteholder

3  Motion for Reconsideration or Clarification in the objection

4  to the classification of the tendering noteholders' claims.

5  It's my understanding Mr. Silverstein is going to argue that

6  on behalf of the tendering noteholders.  I'll respond.  I

7  believe Mr. Golden's going to address this issue on behalf

8  of Aurelius, and Wilmington Trust has reserved some time.

9          THE COURT:  Okay.

10          MR. BENDERNAGEL:  Thank you.

11          MR. SILVERSTEIN:  Thank you, Your Honor.  Paul

12  Silverstein, Andrews Kurth. It's a pleasure to be here.

13          There are two matters --

14          THE COURT:  I'll bet you say that to all the

15  Judges, Mr. Silverstein.

16  (Laughter)

17          MR. SILVERSTEIN:  Almost all the Judges, Your

18  Honor.

19   (Laughter)

20          MR. SILVERSTEIN:  There are two matters before

21  the Court on this agenda item, the Motion for

22  Reconsideration and Clarification, and the confirmation

23  objection.

24          As discussed in the status conference yesterday,

25  both are being addressed together for efficiency and because

1    the issues overlap.  I'd like to begin with the Motion for

2    Reconsideration of this Court's allocation decision dated

3    April 9 of 2012.  This motion has been briefed extensively

4    by the parties, and although I'm always short, I'll be short

5    particularly today.

6              Two issues are raised in that motion.  First, did

7    the Court intend, in its ruling, to affect in any way the

8    rights of the parties in what has been referred to as the

9    MDL pending before District Judge Pauley in the Southern

10   District of New York.

11             Second, did the Court intend to fix or establish

12   classification for plan purposes of the tendering

13   noteholders' claims?

14             On April 27, at a scheduling conference, Your

15   Honor gave some guidance that the Court did not address

16   either issue in the allocation decision.  As to the MDL,

17   everyone but Aurelius agrees that the allocation decision

18   has no affect on the MDL.  Aurelius, which holds the bulk of

19   what I'll refer to as the non-tendering PHONES, not

20   surprisingly has argued that the allocation decision should

21   affect issues in the MDL without any legal or factual basis

22   assertion.  For that reason, this Court should clarify to

23   the contrary so there can be no confusion before Judge

24   Pauley on these issues.

25             To address, as we did in our reply, an issue

1   raised by the debtors, we do not suggest in any way that the

2   allocation decision expanded any rights.

3          Next, as to whether the allocation decision

4   addresses classification issues, as we pointed out in our

5   papers, it seems very clear to us that you did not address

6   or intend to address that issue.  The issue is not before

7   the Court, but rather reserved for confirmation.  The

8   debtors and Aurelius argue, however, that while the

9   allocation decision did not address classification, this

10  Court's earlier 10/31/11 confirmation decision, purportedly

11  addressed such issue directly.  That argument contradicts

12  what was before Your Honor at that time.

13         In the confirmation decision, Your Honor made

14  clear that there were only two issues before the Court.

15  First, the Court then found that it didn't have a sufficient

16  record before it to determine the amount of the PHONES

17  plans.  And accordingly, the Court couldn't then address the

18  issue.

19         Second, whether the claims of tendering PHONES

20  should be subordinated to the claims of non-tendering PHONES

21  pursuant to 510(b) of the Code.  I'm sorry, I misspoke.

22  Second, what was before the Court was specifically whether

23  the claims of tendering PHONES should be subordinated to the

24  claims of non-tendering PHONES pursuant to Section 510(b).

25  In correctly determining that they were not subordinating --

1  subordinated, this Court held that Section 510(b) was not

2  applicable and that no basis whatsoever existed to

3  subordinate the tendering PHONES.

4         Almost by definition, this Court did not have

5  before it, and did not consider the impact of what has been

6  referred to as a low PHONES decision on whether the claims

7  of tendering PHONES and non-tendering PHONES were

8  substantially similar and subject to the same or different

9  treatment under a plan.

10         This now leads to our confirmation objection

11  which addresses the singular issue of whether the claims of

12  the tendering PHONES under Your Honor's low PHONES decision,

13  should be classified with and receive the same treatment as

14  the PHONES claims under and for purposes of a plan.  This,

15  too, has been extensively briefed and I will keep it short

16  with respect to this issue.

17         On Your Honor's allocation decision, tendering

18  PHONES for plan purposes represents solely a claim for cash

19  in an amount equal to the aggregate amount of $56 million.

20  This dollar amount equals approximately 12 percent of the

21  principal amount that would exist had those claims remained

22  PHONES.  In reaching such a conclusion, this Court found

23  that the PHONES tendered by the tendering noteholders were

24  no longer outstanding because they were delivered for

25  cancellation.  As a consequence, such claims are no longer

1    PHONES claims.

2            The debtors and Aurelius argue, however, that

3    they -- that the tendering noteholders still hold the PHONES

4    claims, and therefore, they are subject to subordination.

5    That argument defies common sense.  The language of the

6    indenture and this Court's ruling that the PHONES formerly

7    held by the tendering noteholders were, as of the petition

8    date, no longer outstanding.

9            The debtors and Aurelius would have this Court

10   believe that the tendering noteholders exchanged a $481

11   million subordinated claim for a $56 million subordinated

12   claim.  That would be absurd and extremely inconsistent with

13   the fact that under this Court's allocation decision, the

14   tendering noteholders had the right then to receive a

15   reduced amount of cash, not a significantly reduced

16   subordinated note.

17           As set forth in our briefs, the subordination

18   provisions of the PHONES indenture, only apply to holders of

19   PHONES.  In opposition, the debtors erroneously argue that a

20   record date provision for paying the former PHONES holders

21   results in the -- in their continuing to hold PHONES.  The

22   debtors and Aurelius seem to want to have it both ways so to

23   speak; a drastically reduced claim and a claim subject to

24   subordination.  It is an either/or, Your Honor, not both as

25   they suggest.

1              In conclusion, Your Honor, because under the

2    allocation decision, the claims of tendering noteholders are

3    fundamentally different from the PHONES claims, they cannot

4    be classified with and receive the same treatment as the

5    PHONES.  As such, the plan is presently unconfirmable for

6    that reason.  The good news, I guess, is that in the scheme

7    of and in the context of this case, it's not a large issue

8    to fix.  Thank you.

9              THE COURT:  While you're there --

10             MR. SILVERSTEIN:  Thank you, yes.

11             THE COURT:  -- let me ask -- well let me tell

12   you, I think you've raised a legitimate confirmation

13   question with respect to classification.  But what would be

14   the harm of letting Judge Pauley decide the first of the

15   questions that you ask on reconsideration, what effect the

16   decision had on -- would have on the MDL litigation?

17             MR. SILVERSTEIN:  Judge Pauley may decide that,

18   if it's before Judge Pauley, but anything this Court's

19   ruled, high PHONES, low PHONES, is not binding and should

20   have no precedential effect before Judge Pauley in the MDL

21   if that's what you're asking.

22             THE COURT:  Let me ask the question another way.

23             MR. SILVERSTEIN:  Yes.

24             THE COURT:  Assuming just for the moment, I could

25   answer the question that you ask, but choose not to, why

1  couldn't Judge Pauley?

2        MR. SILVERSTEIN:  Whether for fraudulent

3  conveyance purposes, the tendering PHONES have a lower

4  amount of PHONES for that purpose?

5        THE COURT:  Yes.

6        MR. SILVERSTEIN:  I think Aurelius is going to

7  bring that issue before Judge Pauley, and I think Judge

8  Pauley will rule on that issue.  But I think anything this

9  Court has said with respect to low PHONES, high PHONES, is

10  not relevant to any -- to that matter before Judge Pauley

11  because whether -- a fraudulent conveyance claim accrues on

12  the date that the transaction occurred.

13        THE COURT:  I understand the argument that you

14  make.  But again, why need I decide that?

15        MR. SILVERSTEIN:  I'm suggesting you do not need

16  to decide that.  That's the point.

17        THE COURT:  But -- okay.  But what you want me to

18  say is that I didn't decide it.

19        MR. SILVERSTEIN:  Correct, because you didn't.

20        THE COURT:  Okay.  But why do I have to decide

21  even that?

22        MR. SILVERSTEIN:  Because I think Aurelius, I

23  believe, is going to go before Judge Pauley, and Aurelius

24  and the MDL will argue, I suspect -- this is supposition but

25  I think it's pretty well grounded, that they will argue to

1  Judge Pauley that the Bankruptcy Court has already decided

2  that the amount of the claim in the fraudulent conveyance

3  action for the tendering PHONES should be $56 million, as

4  opposed to $400 whatever million, and therefore, Judge

5  Pauley need not decide it because Judge Carey and the

6  Bankruptcy Court has made that decision.  That's what they

7  will argue.

8            THE COURT:  And you can respond in just the way

9  you've said it to me here and can't he make that decision?

10            MR. SILVERSTEIN:  He can, but it would be helpful

11 to avoid any confusion or clarification for Your Honor to

12 say that what Your Honor did in this case has no bearing and

13 has no effect on any decision that Judge Pauley is making

14 with respect to an entirely different issue in the MDL; that

15 is the amount of the claim on the fraudulent conveyance, as

16 opposed to the amount of the claim for allowance for

17 bankruptcy purposes; one being the date the cause of action

18 accrued; the other being the petition date claimed on that.

19 They're fundamentally different issues and I guess I think

20 it's helpful and appropriate, when you know that's going to

21 happen in the MDL, for this Court to say candidly, at the

22 request of a party, no, I did not do that.  And that's

23 obviously not the exact words, but I think, to the effect of

24 no, I did not do that, because I think it's a little too

25 much gamesmanship, that's not necessary under the

1  circumstances, and I think Judge Pauley should know that

2  this Court did not address that issue and maybe it's, you

3  know, too prophylactic, but I think it's appropriate.

4           THE COURT:  Thank you.

5           MR. SILVERSTEIN:  Thank you, Your Honor.

6           MR. BENDERNAGEL:  Your Honor, Jim Bendernagel, on

7  behalf of the DCL plan Proponents.  Let me start by

8  addressing the question you asked of Mr. Silverstein because

9  it's implicated in a position we took as well.  And, while

10 we didn't indicate that you should indicate that you decided

11 that issue, and quite frankly, I don't think you've decided

12 what the impact of your decision here is in another case,

13 just as appropriately, you shouldn't decide what the impact

14 of your decision here is in the other case.

15          I mean Aurelius has made the argument that it

16 should be collaterally estopped.  They had their opportunity

17 in Court to make these arguments.  That's a decision for

18 Judge Pauley to make when this issue comes before him.  Mr.

19 Silverstein used a phrase we're trying to have it both ways.

20 Well, he's trying to have it both ways.  He's essentially

21 asking you to decide that you didn't decide.  The fact of

22 the matter is you decided what you decided and the

23 consequence of what you decided, in our view, is for the MDL

24 Court to decide and you shouldn't tell the MDL Court

25 anything in that regard other than the fact that here's my

1    decision and we think you should clarify your order to state

2    that; that you haven't decided what the impact of their

3    decision is in the MDL proceeding, which I think is

4    appropriate.  But you shouldn't say to the Court well, I've

5    actually decided what the impact is because he's asking you

6    to do what you said you wouldn't do, which is decide issues

7    in the MDL proceeding.  That's certainly the debtors'

8    position on this issue.  I believe it's the DCL plan

9    Proponents' position on this issue, and you know, on that

10   issue for reconsideration, our position is that you should

11   clarify that you haven't decided that issue.  But you

12   shouldn't say, oh, this has no impact because that's not for

13   you to decide.  That's for Judge Pauley or whoever the MDL

14   Court is to decide in our view.

15            With respect to the other Motion for

16   Clarification issue, with respect to whether you decided

17   this, Mr. Silverstein says that on call on April 27th, you

18   indicated what your position was, and I think I pointed out

19   on that call that we were reserving that and you later said

20   you weren't precluding anybody from making any position in

21   this regard.  And our position is we've articulated it as it

22   was reserved of the whole continuum of orders in this case

23   that this issue was resolved earlier; that they had an

24   opportunity to bring it forward, and that they didn't.  They

25   sat on their rights.

1              And we have essentially two points with respect

2    to both the motion and with respect to the objection.  The

3    first is that we think you would be fully justified in

4    rejecting both the motion and the objection on the grounds

5    of waiver, latches, and judicial estoppel.  From day one in

6    this case, the debtors, taking the position that the PHONES,

7    whether they were tendering Noteholders or non-tendering

8    Noteholders, should be treated the same and alike.  That's

9    how the PHONES are reflected on the company's financial

10   statement, and have been from day one.  They are what is

11   reflected on the company's statement of assets and

12   liabilities, and it's how every plan, as the debtors have

13   put forward, has been structured and no one, one up until

14   April 24th had objected to that.

15              THE COURT:  Well, and, of course, the record in

16   this case is so extensive.  Someone could correct me if I'm

17   wrong, but didn't I express the view early on as we got into

18   the confirmation process that I wasn't sure I would even

19   have to decide this issue?

20              MR. BENDERNAGEL:  Well, in part, the reason you

21   suggested to that, you can see that in your opinion.  In

22   your opinion, there are two issues put forward.  One is the

23   high-low PHONES issues, and you state, well, I don't have to

24   decide that even in confirmation.  Now, the only way you

25   could reach that conclusion is if the classification was

1  appropriate.  And secondly, in that there was the 510(b)

2  issue, and the 510(b) issue is very important in this case.

3  They're essentially bringing out that this had to do with

4  the Noteholder plan, not with the DCL plan.  They were

5  essentially arguing -- there were people arguing that, in

6  the Noteholder Plain, that the classification should be such

7  that, essentially, the tendering Noteholders would be

8  subordinated to the non-tendering Noteholders, and they'd be

9  even further down the food chain.  They objected to that,

10 and they said oh, these are not payments for damages.  These

11 are payments on the Notes.  They embrace their status as

12 famous Noteholders to fight off that position.  That's

13 classic judicial estoppel territory.  And they, having

14 prevailed on that, they didn't come in and say oh, please

15 reconsider that.  And you, in your decision, relied on that

16 distinction and you say they should be treated alike and

17 whether, in fact, you decide one way or the other on the

18 high-low PHONES, the classification is appropriate.  We'd

19 submit that they essentially used their position as

20 Noteholders to fight off that position and that they

21 shouldn't, in this situation, be able to reverse their

22 position and now say oh, forget about that; I want to be

23 classified differently further up the food chain.

24         Secondly, it doesn't stop there.  In response to

25 your October 31st decision, we suggested well, let's put all

1  the subordination stuff to the side for the time being;

2  we'll reserve against that, and let us emerge from

3  bankruptcy.  The Noteholders, third person, whether it was

4  the Wilmington Trust or the Senior Bondholders, said no, no,

5  no; we got to get all these issues resolved because we don't

6  want to be reserving stuff.  And so, we went forward with an

7  allocation procedure.  We [indiscernible] to identify every

8  one of these issues.  These guys didn't come forward and say

9  oh, by the way, if I [indiscernible] to high-low PHONES

10 issue, they shouldn't be subordinated.  The sat silently,

11 and they sat silently even after you rendered your decision

12 saying that the low PHONES amount was right, and you group

13 them all together and we move forward with our plan and with

14 the disclosure statement.  They knew that they were going to

15 re-run the allocations and that the allocations would be

16 dependent on how those dollars flowed through.  They didn't

17 say a word.  They don't say a word until April 24th, after

18 the disclosure statement's been approved, and this is not

19 inadvertence.  In their Reply Brief, they basically say that

20 they were actively engaged.  This is gamesmanship.  If, in

21 fact, they had made known their position, prevailed on their

22 position ahead of time, then maybe the allocations would be

23 different.  Yet, they allowed this to go forward without

24 saying a word and now they come to the Court at the 11th hour

25 and say oh, oh, I just woke up to this issue.  That's

1  inappropriate and that, alone, should justify the dismissal

2  of both the objection, as well as the rejection of the

3  Motion for Clarification.

4          But secondly, and this is our second point, the

5  classification is correct.  These are both unsecured claims.

6  They arise from the same instrument, and the subordination

7  agreement clearly applies to these payments.  The global

8  Note, which is the Note pursuant to which they're taking

9  these payments, expressly incorporates the subordination

10 provision that's in the Indenture.  Secondly, the revised

11 exchange Note states that the payments will be made to,

12 capital H, Holders.

13         Further, your decision in the -- on a Motion for

14 Reconsideration acknowledged that the subordination

15 agreement covered a broad array of payments.  Under the

16 global Note, one of the options that all of the PHONES

17 Noteholders had was to tender their Notes in advance of the

18 bankruptcy, and one of the advantages of doing it and

19 getting your money out, because you wouldn't be subject to

20 subordination, indeed, that's got to be the reason you

21 tendered.  I mean they were essentially tendering in the

22 hope that they'd get their money out and avoid the

23 triggering event in Section 1402 that comes down -- that

24 triggers the subordination provision.  They took a

25 calculated risk and they failed and they didn't achieve what

1    they wanted, which was to avoid the subordination provision.

2    Now they say oh well, who cares.  Let's avoid the

3    subordination provision anyway.  That, I submit, doesn't

4    make any sense.

5            The appropriate circumstance in this thing is

6    that the classification is appropriate and the subordination

7    provision applies to these payments like it applies to any

8    other payment that a PHONES Noteholder is trying to recover

9    subsequent to the petition date.  Your Honor, for those

10   reasons, we'd ask that you reject the objection.  Thank you.

11           THE COURT:  Thank you.

12           MR. GOLDEN:  Good afternoon, Your Honor, Daniel

13   Golden, Akin, Gump, Strauss, Hauer & Feld.  Your Honor, it's

14   a momentous day when Aurelius and the debtors are on the

15   same side of an argument.  And, with respect to the two

16   arguments presented; one regarding the impact of Your

17   Honor's high-low PHONES decision on the MDL, I'm going to

18   speak to that.  On the issue of the classification

19   controversy, we -- Aurelius does support the debtor's

20   position as set forth in our pleading.  I'll simply re-state

21   that it is our view that that issue has been determined

22   already by Your Honor.  I'll just indicate two points you

23   made in the confirmation decision where you held that,

24   regardless of whether the tendered PHONES Notes claims are

25   counted for purposes of determining the allowed amount of

1    the PHONES Note claims, the tendered PHONES Note claims

2    should be treated the same as all other PHONES Note claims

3    for purposes of classification.  So, even though you didn't

4    -- you weren't able, in the context of the prior

5    confirmation trial, to determine the high-low PHONES

6    controversy, you did quite clearly speak to the

7    classification issue.  And so for that, and for the reasons

8    set forth in our pleading and the remarks of Mr.

9    Bendernagel, we do support the debtor's view on

10   classification.

11          As I said, I will talk to the impact question

12   regarding Your Honor's allocation decision on the high-low

13   PHONES as it relates to the current pending MDL proceeding

14   before Judge Pauley in New York.  Your Honor, in the Citadel

15   Camden allocation motion, the movants seek a specific prayer

16   for relief; that is, that this Court -- whether this Court,

17   in its allocation dispute decision, intended in any way to

18   affect the rights and remedies of the tendering Noteholders

19   in the state law fraudulent conveyance action now pending in

20   the MDL.  The movants acknowledged in the clarification

21   motion that, by virtue of Your Honor's allocation dispute

22   decision, you determined that the allowed amount of the

23   claim of the tendering Noteholders was, in fact, $56

24   million.  Notwithstanding this fact, the relief sought by

25   the movants, although they try to couch it in somewhat

1    subtle terms, the relief they're seeking is for Your Honor

2    to actually decree that your determination in the allocation

3    dispute decision should have no effect on the MDL

4    litigation.  In response, Aurelius has made two points with

5    respect to that relief.  Number one, this is, after all,

6    styled as a classification or reconsideration motion.  It is

7    beyond dispute that when parties move for reconsideration,

8    it must be grounded in one of three consequences; an

9    intervening change in controlling law, the availability of

10   new evidence, or the need to correct clear error on manifest

11   injustice.  The burden of demonstrating one of those three

12   factors is obviously on the movants, and here neither

13   Citadel or Camden have even alleged the existence of any of

14   those factors.  So we think as a procedural matter, at the

15   most, the clarification motion should be denied.

16              But moving on to the substance, there is simply

17   no factual dispute in the context of the allocation dispute

18   litigation that the question of whether the PHONES claims

19   should be allowed in the high PHONES amount or the low

20   PHONES amount was squarely and unambiguously put into issue.

21   There's also no dispute that it is a fundamental and core

22   function of the Bankruptcy Courts to determine the allowed

23   amounts of claims asserted against a debtor's estate.  There

24   simply was no challenge and could be no challenge that your

25   Court -- that this Court was without proper jurisdiction to

1    make the determination on the ruling of high versus low

2    PHONES as to the allowed amount of the PHONES claim.

3              It's also beyond dispute that Bankruptcy Courts

4    determinations of whether in what amount claims should be

5    allowed are final judgments which cannot be collaterally

6    attacked in a subsequent proceeding.  Having said all this,

7    Aurelius, as the original initial movant seeking authority

8    to commence the state law claims, well remembers Your

9    Honor's admonitions at that time and at many times

10    subsequent that it is not your intention to make rulings

11    that will have a direct impact on the litigation ongoing in

12    the MDL proceeding.  And while Your Honor -- and Your Honor,

13    while Aurelius appreciates that you are unlikely to express

14    a view that the low PHONES determination is binding on the

15    MDL Court, what Citadel and Camden is seeking from this

16    Court is a ruling that that determination should have no

17    impact whatsoever on the MDL Court.  This relief they're not

18    entitled to.  While Aurelius is of the view that Your

19    Honor's determination with respect to low PHONES should have

20    preclusive effect.  We're not asking Your Honor to make that

21    determination and to decide that that should be binding on

22    Judge Pauley.  I don't think this Court would seek to do

23    that.  I don't think it would be the intention of the Court

24    to do that.  But conversely, what Camden and Citadel are

25    asking you to do is to actually decree that your low PHONES

1  determination should have no impact.

2         Judge Pauley, I suggest, has all the intellectual

3  abilities to figure out what impact Your Honor's decision

4  should have.  I think the best course, frankly, and I think

5  this is what Your Honor was getting to in the colloquy with

6  Mr. Silverstein, is to say nothing on this matter.  The

7  record speaks for itself.  Judge Pauley will be able to

8  determine what about what aspects of the allocation dispute

9  decision he should take into account, and I assume he'll do

10  that.  So, for those reasons, we think that portion of the

11  reconsideration motion should be denied.  Thank you.

12         THE COURT:  Thank you.

13         MR. GOLDEN:  Your Honor, I'm sorry; one other

14  thing.  I do want to correct the record.  Mr. Bendernagel

15  made a reference, and I just think he was mistaken, and

16  certainly not intentionally so, that the Noteholder plan,

17  which obviously is not the subject of today's hearing,

18  sought to subordinate the PHONES -- the tendering PHONES

19  claims from the other non-tendering PHONES claims.  My

20  memory isn't as good as it used to be, but I certainly don't

21  remember that aspect of the Noteholder plan.  I don't think

22  it has any impact on your ruling today, but I did want to

23  correct that record.

24         THE COURT:  All right.  Thank you.

25         MR. STARK:  Thank you, Your Honor, Robert Stark

1  again, from Brown Rudnick, on behalf of Wilmington Trust.    I

2  rose to say -- to offer up three points of fact that I

3  thought might be helpful in the disposition of this issue.

4  And the first, I'm glad Mr. Golden did it before leaving,

5  because he's, in fact accurate.    I went back and checked.

6  Wilmington Trust was a Co-plan Proponent of the so-called

7  Noteholder plan and I don't think then, nor at any time, did

8  we ever contemplate being a Co-Proponent of a plan that

9  stipulated what would happen with the PHONES Notes claim,

10  and in fact, while he was speaking, I did confirm that Mr.

11  Bendernagel's statements to the Court are not factually

12  accurate. In fact, if you take a very close look at the plan

13  that we proposed, we most assuredly did not fix the

14  tendering Notes amounts at any particular level.    In fact,

15  the definition of a PHONES Notes claim designated --

16  included the tendered Notes, unless Your Honor ruled

17  differently.    So the issue was effectively preserved and

18  reserved for later adjudication.

19          Two other points that I think might be helpful.

20  The first, and this stems from the pleadings that were filed

21  back and forth.    First, Camden's case involvement, there's a

22  fairly exhaustive number of paragraphs that says well, you

23  know, they're coming post-facto into these issues and where

24  were they before, and I -- from my positioning, Your Honor,

25  I have a unique position.    I don't think that's fair, and

1   let me tell you why.  I can corroborate that Camden has been

2   an active member in this case, but it has been behind-the-

3   scenes.  It has not been at the bargaining table directly

4   with one exception, which I'll mention in a minute, and they

5   have not shown up in Court.  But I had spoken with them with

6   great regularity and almost from the case inception, and my

7   client has as well.  There were two PHONES Noteholders that

8   we kept apprised for most of the case up until relatively

9   recently of more than a majority of the PHONES debt and we

10  were in very close communications with them.  Camden did, in

11  fact, contribute some cash needs along the way to some of

12  the activities that Wilmington Trust was pursuing before

13  this Court and I know before the MDL.  And, in fact and

14  importantly, before -- during the mediation process before

15  Chief Judge Gross, Chief Judge Gross asked the parties with

16  the ability to make decisions come to the mediation, and in

17  fact, Camden sent Mr. Holliday and he spent several days at

18  what I am sure was significant expense and inconvenience to

19  attend the mediation.  So they were, in fact, here.

20          The last point of fact that I think is important,

21  and I don't -- maybe I'm being a little bit over-sensitive

22  on behalf of my client, but there were some sentences in

23  some of the pleadings that suggest that Wilmington Trust may

24  have dropped the advocacy for Camden and the other tendered

25  Noteholders, perhaps inappropriately, and again, maybe I'm

1   being over-sensitive and perhaps this is only for the

2   record, but I feel it is my duty.  I believe that we

3   advocated quite hard for the high PHONES amount, perhaps to

4   the displeasure of some PHONES holders who own outright

5   PHONES, but we felt that was our job.  I hope that Your

6   Honor thinks we did a competent job at litigating that issue

7   before Your Honor.  We certainly endeavored to, but Your

8   Honor ruled and Your Honor ruled low PHONES and that's what

9   Judge's do.  That's -- so is litigation.  Wilmington Trust's

10  job and its mandate in this case is determined by the four

11  squares of this Indenture which says it has a mandate for --

12  on behalf of those who own the PHONES.  Your Honor said

13  those who tender do not own the PHONES.  And so, therefore,

14  we're not supposed to advocate for them.  After Your Honor's

15  ruling came out on the allocation issues, I did speak with

16  Mr. Holliday at Camden.  I did suggest that he consider

17  retaining his own Counsel because, based upon Your Honor's

18  ruling, it would be difficult for Wilmington Trust to

19  present on behalf of the tendered Notes anymore in light of

20  Your Honor's ruling and the nature of our Indenture, and in

21  fact, they promptly did so and did hire Counsel and did show

22  up.  Thank you, Your Honor.

23          THE COURT:  Thank you.

24          MR. SILVERSTEIN:  Your Honor, may I have 60

25  seconds?

1              THE COURT:  You may.

2              MR. SILVERSTEIN:  Thank you, Your Honor.  For the

3    record, Paul Silverstein, Andrews Kurth [indiscernible].

4    First, I'd like to say that Mr. Stark and his colleagues, on

5    behalf of Wilmington Trust, did a fine job with respect to

6    the high PHONES, as I think Your Honor knows as well.  So no

7    criticism is intended in that regard.  But I think it brings

8    out the point that, until such time as there was a low

9    PHONES decision, the issue on -- as to how the tendering

10   Noteholders should be treated under a plan was not ripe and

11   was never before the Court.  That was the point that we were

12   trying to make before.

13             With respect to debtor's Counsel's argument

14   concerning the Indenture, there too he is wrong because when

15   the PHONES ceased to be outstanding and solely represent the

16   right to receive the $56 million, as opposed to the $400 or

17   $500 million that they formally were entitled to receive as

18   PHONES, they're no longer subject to the Indenture, and the

19   Indenture provision that debtor's Counsel is referring to,

20   which talks about holders' entitlement to receive that $56

21   million and that is a record date provision.  That's not a

22   substantive provision of the Indenture.  That's a mechanical

23   provision of the Indenture as to how you actually distribute

24   the money through ETC and it goes through the, you know, the

25   street name system.  That's all that is.  So as far as the

1  substance, once the -- under Your Honor's low PHONES

2  decision, the tendering Noteholders no longer hold PHONES,

3  and as a consequence, they are no longer subject to the

4  Indenture because they are not PHONES and they are no longer

5  subordinated, and I think our papers lay that out pretty

6  well, and I know Your Honor has focused on the papers and I

7  thank you for the time.

8          THE COURT:  All right.  Thank you.

9          MR. BENDERNAGEL:  Your Honor, we've gotten

10  through issue number three which is where we said we'd break

11  for the day.  We're prepared to move forward although some

12  people have indicated to me if we do that they'd like to

13  take a five-minute break for obvious reasons.

14          But the other observation though is we're moving

15  relatively rapidly and my sense is that a number of the

16  issues that are at the bottom of this list are issues that

17  have a very good chance of being resolved before they're

18  argued tomorrow, and we'd leave it to you as to whether you

19  want to continue on.  We're perfectly willing to do that and

20  we obviously don't want to be blamed if for some reason we

21  didn't finish tomorrow.  But, on the other hand, the -- if

22  we want to break, that's okay too.

23          THE COURT:  Well, I could do either but, for me,

24  the most important consideration would be the best assurance

25  that the parties can give, and I'll hear from others if

1   anyone disagrees, that we're able to make it through the

2   balance tomorrow.

3            MR. BENDERNAGEL:  I think the better thing to do

4   would be to take a five-minute break and then come back and

5   do at least one more issue and move forward because if we

6   don't finish, Mr. Liebentritt will kill me so that's my

7   self-interest in that regard.

8            THE COURT:  I'm sure that wouldn't be the first

9   battle you've had with him, Mr. Bendernagel, as client

10  relations go.

11           MR. BENDERNAGEL:  I'm worried about it being the

12  last, Your Honor.

13           THE COURT:  All right.  We'll take a five-minute

14  recess.

15  (Court Recess from 4:29 p.m. to 4:39 p.m.)

16           THE CLERK:  All rise.

17           MR. BENDERNAGEL:  Good afternoon again, Your

18  Honor, Jim Bendernagel, for the debtors.  I think we're

19  going to try and move forward, and if we can get through

20  issues four and five today, that would be great.

21           THE COURT:  About how long do you think that will

22  take?

23           MR. BENDERNAGEL:  My guess is less than a --

24  issue five is a very short issue, like five or ten minutes.

25           THE COURT:  All right.

1          MR. BENDERNAGEL:  Issue four, I think is a little

2   bit more substantial but I think we can get that done in a

3   half hour, maybe -- no more than 45 minutes.

4          THE COURT:  All right, let's go.

5          MR. BENDERNAGEL:  Obviously, issue four is

6   objections requesting establishment of reserves to the

7   PHONES in EGI-TRB claims.  It's my understanding Wilmington

8   Trust is going to address this first, followed by EGI-TRB,

9   and then the DCL plan Proponents, and Mr. LeMay will address

10  it for us.  Thank you.

11         THE COURT:  Okay.

12         MR. STARK:  Thank you, Your Honor, Robert Stark,

13  Brown Rudnick, on behalf of Wilmington Trust.  I'll be

14  brief.  I don't think this issue is that hard, and I think

15  we can rely mostly on the papers so I'm not going to belabor

16  it.  The Court should obviously be aware that there's a

17  dispute here with respect to the reconsideration motion.

18  It's not whether or not the claim is allowed.  We all know

19  the PHONES' claims are allowed.  It's what we do with the

20  claim, more specifically, whether or not distributions that

21  would be entitled to that general unsecured must be turned

22  over, and it was a complicated issue.  It had some

23  complicated twists and turns in connection with the

24  interpretation of the Indenture provision, and in fact, it

25  was a reversal of a prior ruling so it's not something that

1  was a slam-dunk, I think, on anybody's side, at least

2  depending upon where you were at any particular point in

3  that process.

4          Now, I don't think it's too presumptuous to

5  suggest that -- or to believe that the Court is very

6  familiar with the ways in which plans typically resolve with

7  disputes about claims.  We reserve for them until the issues

8  are finally adjudicated, and in fact, one of the always seen

9  definitions is final order in a plan and that ensures due

10 process rights, including appellate rights, are maintained

11 and the divesture rule, as it seems to be studied of late in

12 more than one Court, including this one, is an issue that's

13 -- those plan reserve provisions are intended to comport

14 with as well.  Now reserves, I think, generally, don't hurt.

15 They help.  There's no dissipation of the asset.  It's

16 parked in a bank somewhere.  So it's pure preservation and I

17 think the debtors do well making this point for us in

18 contesting the relief that we request by pointing to the

19 fact that we haven't volunteered to post a bond for the

20 amount -- for our appeal.  I think that actually advances

21 the point.  We don't have to because there's no bond that's

22 needed.  The money is there in a bank account waiting.  And

23 so the fact that we don't need to post a bond to preserve

24 everybody's rights is proven by the fact that it's actually

25 parked in a bank.  It doesn't hurt; it helps.  But let me

1   deal head-on with the objection which is that this is some

2   disguised means procedurally to avoid the sort of four-part

3   test that one has to apply to get a stay pending appeal, and

4   I initially say that's not the intent.  The intent is to be

5   treated like each and every other disputed claimant which is

6   to have things reserved pending the ultimate disposition

7   through the finality of an order, and without co-opting

8   EGI's unfair discrimination argument, I do think that there

9   is some thrust there.

10          But regardless of the intent and regardless of

11  EGI's unfair discrimination argument, I think that there's a

12  fundamental problem with the argument that this is a

13  disguised appeal, a disguised request for a stay pending

14  appeal, because there is no confirmation order yet entered

15  for me to ask for a stay in my pleadings.  So what I tried

16  to do is obviate the need.  What I tried to do is ask this

17  Court to give us the same relief as every other disputed

18  claimant, consistent with the way it's done in every other

19  big plan, consistent with due process, consistent with the

20  Bankruptcy Court; just hold the money in reserve pending the

21  ultimate disposition of the issue.  If Your Honor overrules

22  this objection point, if Your Honor confirms the plan, then

23  it would be the procedurally opportune time for me to ask

24  for a stay pending appeal.  I didn't want to get ahead of

25  myself.  I'm trying to obviate issues.  If we get to that

1   point, I'll then have every opportunity to ask for it.  But

2   let no person then say that I didn't try really hard to

3   avoid unnecessary motion practice.  I don't know if Your

4   Honor has any questions for me.

5           THE COURT:  I do not.

6           MR. STARK:  Thank you.

7           MR. CARICKHOFF:  Good afternoon, and may it

8   please the Court, David Carickhoff, of Blank Rome, on behalf

9   of EGI-TRB.  Your Honor, our objection, and I think as Mr.

10  Stark indicated, is quite simple, although we couch it a

11  little bit differently than WTC in that ours goes to an

12  unfair discrimination argument, and the argument is this.

13  The plan, as drafted, unfairly discriminates because it

14  provides for the debtors and the litigation trustee to

15  create reserves to account for disputed unsecured claims

16  that may ultimately become allowed but it does not require

17  the debtors or the litigation trustee to reserve for EGI-

18  TRB's claims that may ultimately become unsubordinated.

19  This deferred treatment of unsecured claims in this regard

20  unfairly discriminates against EGI-TRB and demonstrates that

21  the plan is not fair and equitable, and therefore, cannot be

22  crammed down under 1129(b).  The DCL plan Proponents'

23  response to our unfair discrimination objection, Your Honor,

24  misses the point of our argument.  They argue that the

25  difference between not establishing a reserve mechanism for

1  EGI-TRB and having one for the disputed claims is that Your

2  Honor has not yet had to rule on these disputed claims as

3  opposed to you've already heard the allocation disputes.  So

4  they argue that it's fair to establish a reserve for these

5  other unsecured claims before Your Honor rules on them.

6          Well, the problem with this argument is that the

7  reserve for the disputed unsecured claims will protect those

8  rights of those disputed claim holders, not only until the

9  time that Your Honor has to rule on them, but after Your

10 Honor rules on them until such time as any ruling becomes

11 final and non-appealable.  Well, that's not the case here.

12 That's not the treatment that EGI-TRB gets with respect to

13 its issues regarding the allocation disputes.  We don't have

14 that same protection.  There's no money there for us in the

15 event that we ultimately succeed in an appeal.

16          Your Honor, we're entitled the same treatment.

17 There's no principle distinction between the DCL plan

18 Proponents' arguments against EGI-TRB's request for a

19 reserve pending pursuit of its appellate rights while giving

20 every other unsecured creditor the right to a reserve

21 pending any appeals.  Because there's no basis for this

22 discrimination, and again, the DCL plan Proponents don't

23 offer a good basis for one, it's unfair discrimination and

24 the Court cannot confirm the plan as drafted.

25          When the DCL plan Proponents crafted their

1   objection, and if I could point Your Honor to paragraph 75

2   in their Memo of Law, that's at page 34, they were very

3   careful in drafting their response and when they're

4   describing the EGI-TRB claims in connection with the

5   allocation dispute, they describe them as, "they have

6   already been fully adjudicated in connection with the

7   allocation dispute decision," and I emphasize the word fully

8   adjudicated.  And also, later on in that paragraph, they say

9   and that, "the subordination issues and the treatment of

10  those claims under the plan have been fully litigated."  And

11  again, I emphasize the word fully.  What they do not and

12  cannot say is that the EGI-TRB allocation issues had been

13  finally adjudicated.  Like the other disputed claim holders

14  under the plan, Your Honor, EGI-TRB should be entitled to a

15  reserve until the allocation issues have been finally

16  adjudicated.  Thank you.

17          THE COURT:  Thank you.

18          MR. LEMAY:  Good afternoon, Your Honor, David

19  Lemay, from Chadbourne & Parke, in New York City, for the

20  Official Committee of Unsecured Creditors, and also, for

21  this purpose, for the DCL plan Proponents.  Your Honor, the

22  remarks from the podium put me in mind of an incident I read

23  about recently involving the newly inaugurated President,

24  President Obama, meeting with his political adversaries and

25  reminding them that elections have consequences, and that is

1   the way it is in the political branches.  Elections have

2   consequences.  In the judicial branch, of course, Your

3   Honor, decisions have consequences.  And what I'm here to

4   advocate for is the very fundamental proposition that there

5   has been a decision, and it must be given as a consequence.

6          It is not surprising that the objections that

7   have just been made come from EGI-TRB and Wilmington Trust,

8   who represent, respectively, the last, and then the second

9   to the last, pieces of the capital structure.  Of course

10  they're unhappy with the plan.  Of course they're unhappy

11  with the allocation decisions.  Your Honor's rulings and

12  valuation back last year, combined with Your Honor's rulings

13  on the allocation decision, leave them in a very deep hole

14  with no immediate prospect of recovery save for a litigation

15  homerun.  It is not surprising that they would want the full

16  plan consideration that they would have gotten if they had

17  won to be put aside so that they can later get at it if

18  they're successful on appeal, but they didn't win.  The

19  decision has to have consequences, Your Honor, because,

20  contrary to Mr. Stark's assertion, there is a very real and

21  deleterious effect on everyone else if you impose these

22  reserves.  We're not talking about a few dollars.  We're not

23  talking about a few million dollars.  We're talking about

24  $215 million that would otherwise go to holders of parent

25  general unsecured claims and bondholder claims at the

1    unsubordinated bond level of the parent.  That is

2    approximately, or better than, one-third of the total amount

3    of cash that those parties who, in effect, are the

4    prevailing beneficiaries of the prior rulings, would get

5    under the plan but will not get if these motions are

6    sustained.  That's a very real harm and I think it needs to

7    be taken into effect.

8         Your Honor saw our papers.  You know that what we

9    called this out as is an attempt to get a free stay and

10   there should be no free stay in bankruptcy.  The

11   jurisprudence around what happens to a party who feels that

12   they must preserve a status quo in order to effectively

13   maintain their appellate rights is crystal clear.  The

14   Courts have made it very clear that a party who has lost,

15   but wants to preserve the status quo so that they can go

16   forward with an appeal, has to do a few things.

17        First, they have to convince the Court to which

18   the stay is addressed; in the first instance, this Court;

19   and then subsequently, possibly another court, that the

20   four-factor test for our stay is met.  Your Honor is very

21   familiar with those four factors; the likelihood of success

22   on the merit, irreparable injury if the stay is not granted,

23   the absence of substantial harm to the non-moving parties

24   and the public interest.  None of those have been advanced

25   here.  None of those have been briefed.  The argument is

1  made that those don't need to be briefed or advanced because

2  that's not the relief that's being sought but that's the

3  substance of the relief that's being sought.

4  Of course, another big element of getting a stay

5  in bankruptcy, should Your Honor ultimately enter a

6  confirmation order, is a bond.  If there is a confirmation

7  order entered and if these parties wish to pursue stays and

8  appeals, we'll be back here and we'll be talking not only

9  about the four-party test, but also about what bond is

10  appropriate, and those parties will need to have spoken with

11  their bonding companies.  Contrary to what Mr. Stark says in

12  that context, the mere fact that the money is dispensed does

13  not make the issuance of a bond irrelevant.  In fact, it

14  makes it very relevant.  You've seen our papers.

15  You, I believe, know the law, Your Honor.

16  There's the *Adelphia* case which talks very much about the

17  fact that when an appellant from a confirmation order is

18  trying to get a stay of that order, generally speaking, in

19  the absence of extraordinary circumstances, exceptional

20  circumstances is what the case says, there has to be a bond

21  posted in an amount commensurate with the threatened loss to

22  the non-moving parties.  Well, with a $214 million stay

23  request, I would say that's the bare minimum of the bond

24  that would be sought, and probably much more.

25  The argument now is made that due process isn't

1    satisfied.  But, of course, the cases are legion.  Due
2    process doesn't mean all the process you want or could
3    possibly ask for.  Due process means the basic opportunity
4    to raise issues and be heard on issues -- on matters that
5    are in dispute and that could affect your rights.  I don't
6    think anybody could suggest that on the priority decisions
7    that Your Honor made there was any failure of due process.
8    It was excruciatingly due process.  And so they don't have,
9    and should not have, the perpetual right to treat
10    themselves, the losers, as the winners, and to treat the
11    prevailing parties as the losers up and until their last
12    avenues of appeal are exhausted.
13            An argument is made, I guess by EGI, that this is
14    a level of unfair discrimination, that there's unfair
15    discrimination.  But, of course, unfair discrimination, you
16    and I and the rest of the Court have been here and we've
17    spoken about unfair discrimination a couple months ago.  I
18    think we all have acquired, at least I feel I've acquired, a
19    reasonably good understanding about what unfair
20    discrimination means, and unfair discrimination focuses on
21    the word unfair.  Now, the sole source of unfairness here is
22    that no reserve is given to these parties.  But the question
23    is why do they have no reserve, and the answer is because
24    they litigated and lost.  I don't think it can be said
25    plausibly that that is close to anything that would amount

1    to a claim of unfair discrimination.

2            Your Honor, for all those reasons, I think that

3    it should just be very, very clear to the Court, and really

4    to any candid party, that this is an attempt to see if these

5    unsuccessful litigants can get themselves a free stay, and

6    if they get one, then they don't need to try to get a real

7    stay, and the reason they want to do that is, one, two bites

8    at the apple is always better than one; and second, if they

9    have to try to get a real stay, and to meet the criteria

10   that the Courts have prescribed for real stays, including a

11   bond, they're not going to succeed.  Therefore, they'd like

12   to see if they could get a free pre-stay.  We'd ask that

13   Your Honor deny that relief, and I'm available to answer any

14   questions.

15           THE COURT:  Thank you.

16           MR. BENDERNAGEL:  The fifth issue is the

17   objection to process -- is the objection to not indemnifying

18   former employees who are preference defendants, and I

19   believe the Dilworth Paxson firm was going to address that

20   issue and Mr. LeMay was going to respond.

21           THE COURT:  All right.

22           MS. PAPPAS:  Good afternoon, Your Honor,

23   Catherine Pappas, from Dilworth Paxson.  I'm here on a very

24   limited objection for certain former employees.  My pro hac

25   papers were filed just this afternoon, and so pending their

1    approval, I'd ask your permission to offer this limited

2    objection.

3            THE COURT:  Welcome.

4            MS. PAPPAS:  Thank you, Your Honor.  As I said,

5    I'm here on behalf of four former employees; Ashley Allen,

6    Michael Slason, Catherine Hertz, and Lou Stancampiano; each

7    of whom was employed by debtor, the Orlando Sentinel; each

8    of whom left prior to the petition date, but some of whom

9    were employed with that debtor for upwards of 25 years.  My

10   clients object to confirmation of the plan with the current

11   language contained in 11.6.1 because it extinguishes any

12   claims that they may have for indemnity and contribution.

13   My clients are subject to preference actions which have

14   loomed for 18 months, and in light of the shadow of that

15   litigation, they have concerns about other claims or

16   litigation that they may be subject to simply by virtue of

17   their having been employed by the debtor companies.  These

18   concerns compelled them to comply with the mechanism

19   established by the debtors for the facilitation of late-

20   filed indemnification and contribution claims.  And it's our

21   position that 11.6.1 shouldn't operate to short circuit

22   those claims at this point.  In fact, undercutting them in

23   the plan with the language of 11.6.1, as it reads, seems to

24   be lacking the good faith and fairness required by Section

25   1129 of the Code.

1          We disagree with the debtor's position that this

2     is an administrative expense issue where the current

3     language of 11.6.1 would keep alive possible indemnity

4     claims for employees who worked one day post-petition but

5     deny it for someone who left one day pre-petition.  We

6     aren't opposed to confirmation of the plan generally, and in

7     fact, hope that it is achieved this go-around, but believe

8     the plan shouldn't be confirmed with the language of 11.6.1

9     as it currently reads without consideration of former

10    employees of the debtors.

11          THE COURT:  Thank you.

12          MS. PAPPAS:  Thank you, Your Honor.

13          MR. LEMAY:  Your Honor, David LeMay back here

14    again from Chadbourne & Parke for the Committee and the DCL

15    Proponents.  I suppose this objection, Your Honor, is really

16    an objection about whether, in bankruptcy jurisprudence, the

17    petition date is an important date or an unimportant date,

18    and I'm here to advocate the proposition that it's quite an

19    important date.  In a bankruptcy case, everyone's rights

20    devolve from and derive from whether or not they are pre- or

21    post-petition.  I don't think any legal argument has been

22    made challenging that, and of course, we cited a lot of

23    authority in our papers; I'll come to that in a moment, that

24    tend to show that indemnity rights are a form of

25    compensation for services, and if those services are

1    rendered pre-petition and didn't extend over into the post-

2    petition period, then no post-petition benefit has been

3    gotten.   I think what's actually being made is really

4    perhaps an appeal for sympathy in the fact that these are

5    individuals.   But of course, in bankruptcy, that always

6    yields unfortunate results.   So I have to ask if these

7    former officers and directors claims should be treated as

8    administrative claims, why shouldn't the pre-petition claims

9    of the Retiree group, represented by Mr. Teitelbaum in this

10   Courtroom, why shouldn't those be administrative claims?

11   And if those are administrative claims, why shouldn't the

12   vendors of goods and services be administrative claims?  And

13   ultimately, what you get, Your Honor, is the impossibility

14   of solving a bankruptcy case if you have to start treating

15   claims based on sympathy as administrative claims.   That's

16   not the law and that shouldn't be the result.

17        The relevant portion of Section 11.6.1, with

18   certain exceptions not relevant here, basically allows, in

19   effect, administrative priority treatment for

20   indemnification claims with respect to services that were

21   rendered before the petition date.   We cited cases in our

22   papers, the *Mid-American Waste System* case, a case called

23   *Christian Life Center*, both of which say pretty clearly that

24   a company's duty to indemnify its officers and directors,

25   regardless of the source of that indemnity, is a form of

1    compensation.  And the cases go on, including cases I think

2    that Your Honor is familiar with, to say that somebody

3    seeking to achieve administrative priority status with

4    respect to compensation-type obligations has to show that it

5    arose out of a post-petition dealing with the reorganizing

6    debtor and benefited the estate.  The *Mid-American Waste*

7    *System* said that, and indeed, in this case, the prior

8    opinion, the October opinion from Your Honor on confirmation

9    issues at pages 95 and 96, in a different context; this was

10   in the context of an objection made by Mr. Zell about his

11   indemnity rights, Your Honor cited a case called *Pinnacle*

12   *Brands* for the proposition that, in order for an indemnity

13   claim to have the weight of administrative priority, it must

14   involve a dealing with the reorganizing debtor.  It is, I

15   think, not disputed here that the claimants in this case had

16   no dealings with the reorganizing debtor, their employment

17   having ended prior to the petition date.

18          Courts have consistently held that an

19   indemnification claim, based upon pre-petition services or

20   conduct, is not a cost or expense for services rendered

21   after the commencement of the estate and is not entitled to

22   administrative priority.  The *Summit Metals* case, which Your

23   Honor, of course, is familiar with says that; *Pinnacle*

24   *Brands* says that.  And Your Honor did touch upon these

25   issues in the October confirmation decision.  At pages 95

1   and 96, again, in the context of Mr. Zell's objections with

2   respect to his indemnity claims, which are slightly

3   different, because Mr. Zell's, unlike these claimants,

4   actually was an ongoing post-petition director.  So I would

5   suggest that the claim here is even weaker than the one

6   which you denied in October because, unlike Mr. Zell, these

7   claimants had no dealings whatsoever with the reorganizing

8   debtor.  But in that opinion, Your Honor noted that the --

9   and I'm quoting here; I'm sorry, "The limitations contained

10  in Section 11.6.1 of the DCL plan are not inequitable."

11  That section has not changed since then, and as I say, I

12  think the facts here are, if anything, more convincing that

13  the requested relief must be denied because, unlike Mr. Zell

14  back then, these claimants had no post-petition involvement

15  with the company.

16          Another quote I guess that's relevant from the

17  confirmation decision, from the same passage, Your Honor, in

18  that decision noted, and again, I'm quoting; I think it's at

19  page 95 or 96, you said, "It is unlikely that claims for

20  contractual or common law indemnity are entitled to

21  administrative status since the claimant would have to prove

22  that expense has substantially benefited the estate."  Now,

23  you said unlikely, Your Honor, so it doesn't actually

24  probably register as a full foreclosure of the issue, but I

25  think you were right then and I think the facts, if

1  anything, are more compelling now.

2          For all those reasons, Your Honor, we think that

3  these objections are not well-founded and should be denied

4  and that Section 11.6.1 of the DCL plan should be no

5  impediment to confirmation of that plan.

6          THE COURT:  Thank you.

7          MR. LEMAY:  Thank you, Your Honor.

8          MR. BENDERNAGEL:  Your Honor, I think that's

9  where we should break for the day.  Just to give you a heads

10  up, a number of the issues that are on the list from six to

11  nine are under active discussion and the hope is between now

12  and 9:00 a.m. tomorrow, we can make substantial progress and

13  that, you know, we'll not only finish on time, we'll finish

14  well ahead of time tomorrow, but that's our intention.

15          THE COURT:  Oh, every hearing should be on a

16  Friday.

17  (Laughter)

18          THE COURT:  Is there anything further for today?

19          MR. BENDERNAGEL:  Not today, Your Honor.

20          THE COURT:  All right.  You may leave your things

21  in the Courtroom if you'd like.  I will see you tomorrow.

22  Court is adjourned.

23

1          MR. BENDERNAGEL:  Thank you, Your Honor.

2       (Whereupon, at 5:04 p.m., the hearing was adjourned.)

3

4                         CERTIFICATION

5          I certify that the foregoing is a correct

6    transcript from the electronic sound recording of the

7    proceedings in the above-entitled matter.

8

9

10   _____          8 June 2012

11   Tammy Kelly, Transcriber

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **1123(a)(4)(2)** 33:5 45:5 | | **affidavits**(1) 24:11 | | **always**(4) 53:16 79:1 88:3 90:25 | | **and**(205) 64:4 64:8 64:10 64:15 64:19 | |
| **1129(a)(1)(1)** 33:5 | | **after**(10) 15:19 17:21 18:2 50:2 64:24 | | **amanda**(1) 3:24 | | 64:21 64:24 64:25 65:1 65:1 65:3 65:6 | |
| **1129(a)(1)(3)(1)** 45:6 | | 65:5 68:20 74:5 82:3 92:16 | | **amended**(4) 17:9 30:22 31:11 32:23 | | 65:12 65:13 65:14 65:17 65:19 66:6 66:6 | |
| **1129(a)(10)(2)** 14:17 24:13 | | | | **amendment**(1) 27:23 | | 66:10 66:13 66:13 66:19 67:3 67:4 67:21 | |
| **14-day**(1) 17:19 | | **afternoon**(14) 14:3 14:4 29:4 29:16 30:1 | | **amendments**(1) 27:23 | | 67:21 67:22 68:8 69:2 69:10 69:11 69:14 | |
| **a)(3)**(1) 33:6 | | 30:18 31:7 38:10 67:1 77:10 81:1 83:12 | | **america**(2) 8:16 8:22 29:18 45:2 | | 69:24 70:2 70:2 70:5 70:11 70:14 70:19 | |
| **a.m**(1) 94:7 | | 88:17 88:20 | | **americas**(2) 2:43 5:3 | | 70:24 71:6 71:6 71:20 71:21 71:23 72:1 | |
| **abilities**(1) 70:18 | | | | **amin**(1) 6:34 | | 72:8 72:11 72:12 72:14 72:15 72:16 72:20 | |
| **ability**(1) 73:7 | | **again**(24) 23:7 29:12 38:16 38:18 39:9 | | **amongst**(2) 45:24 45:24 | | 72:22 72:22 72:25 73:4 73:4 73:4 73:7 | |
| **able**(4) 64:9 67:18 70:22 76:18 | | 43:12 45:4 47:14 48:14 48:16 49:25 51:4 | | **amount**(29) 25:14 33:12 40:2 40:3 40:9 | | 73:8 73:9 73:12 73:15 73:16 73:17 73:24 | |
| **about**(29) 14:18 14:19 15:3 19:19 30:5 | | 51:8 51:14 51:23 59:2 71:17 73:16 77:10 | | 40:16 42:9 55:4 56:7 56:7 56:8 56:9 57:3 | | 73:24 74:1 74:4 74:11 74:11 74:12 74:12 | |
| 30:8 32:25 40:19 40:21 43:3 44:18 64:10 | | 82:16 83:5 90:9 92:21 93:13 | | 58:17 59:15 60:3 60:4 64:25 67:14 68:12 | | 74:20 75:1 75:6 75:9 75:12 75:15 75:19 | |
| 70:23 75:11 77:4 77:14 78:25 83:17 84:17 | | | | 69:9 69:10 69:17 69:19 73:19 79:13 84:22 | | 75:20 75:21 75:22 75:22 76:7 76:10 76:11 | |
| 84:18 84:18 86:4 86:4 86:11 87:12 87:14 | | **against**(9) 28:11 48:6 48:10 48:11 50:24 | | 86:16 87:20 | | 76:17 76:21 76:21 76:22 77:12 77:12 | |
| 89:10 90:11 92:5 | | 64:15 69:13 81:14 82:12 | | | | 77:13 78:2 78:2 78:7 78:15 78:16 78:17 | |
| | | | | **amounts**(2) 69:13 72:5 | | 79:1 79:2 79:4 79:9 79:15 79:21 79:23 | |
| **aboveentitled** (1) 95:7 | | **agenda**(4) 17:10 32:13 43:24 53:8 | | **ample**(1) 50:11 | | 79:25 80:3 81:1 81:3 81:6 81:8 81:14 | |
| **absence**(3) 41:7 85:18 86:14 | | **agent**(3) 24:9 25:4 40:1 | | **analysis**(2) 22:16 37:20 | | 81:15 81:15 81:20 82:5 82:16 82:17 82:20 | |
| **absent**(1) 46:10 | | **aggregate**(1) 56:7 | | **anapolsky**(2) 6:37 6:38 | | 82:22 83:1 83:2 83:3 83:3 83:4 83:5 | |
| **absurd**(1) 56:25 | | **ago**(1) 87:12 | | | | 83:14 83:18 83:19 83:22 83:24 84:2 84:3 | |
| **accepted**(1) 35:15 | | **agree**(1) 26:24 | | **and**(301) 9:6 14:8 14:10 14:15 14:16 | | 84:6 84:15 84:20 85:1 85:4 85:14 85:19 | |
| **accepting**(2) 25:10 25:12 | | **agreed**(4) 17:18 18:11 28:1 35:17 | | 14:18 14:20 15:4 15:5 15:12 15:16 15:18 | | 86:2 86:2 86:3 86:5 86:19 86:24 86:25 | |
| **accomplish**(1) 15:13 | | **agreement**(20) 7:1 33:13 34:16 34:19 | | 16:21 16:22 16:24 17:3 17:4 17:6 17:9 | | 87:3 87:4 87:5 87:6 87:11 87:11 87:11 | |
| **accordingly**(1) 55:5 | | 35:10 35:11 35:14 35:17 35:21 35:25 | | 17:13 17:14 17:18 17:21 18:1 18:5 18:12 | | 87:15 87:18 87:19 87:23 87:25 88:2 88:3 | |
| **account**(3) 50:24 79:15 81:9 | | 35:25 36:4 37:13 42:10 42:15 42:16 50:14 | | 18:14 18:18 19:2 19:12 19:12 19:13 19:20 | | 88:4 88:8 88:13 88:15 88:20 89:1 89:7 | |
| **accrued**(1) 60:6 | | 51:7 65:20 66:3 | | 20:2 20:3 20:4 20:7 20:12 20:13 20:20 | | 89:9 89:15 89:15 89:19 90:1 90:9 90:13 | |
| **accrues**(1) 58:24 | | | | 21:2 21:11 21:18 21:20 22:1 22:12 22:16 | | 90:15 90:17 90:20 90:21 91:2 91:6 91:7 | |
| **accurate**(2) 71:21 72:3 | | **agreements**(7) 35:21 37:6 39:3 42:23 | | 22:17 22:18 22:19 22:20 22:21 22:24 | | 91:7 91:11 91:19 91:21 92:1 92:2 92:4 | |
| **achieve**(2) 66:13 91:23 | | 42:25 50:4 50:8 | | 22:25 23:4 23:8 23:9 23:16 23:18 24:16 | | 92:16 92:19 92:21 93:4 93:6 93:13 93:20 | |
| **achieved**(1) 90:2 | | | | 24:18 25:1 25:3 25:6 25:9 25:16 26:9 | | 93:23 93:24 94:6 94:7 94:7 | |
| **acknowledged**(2) 66:2 68:10 | | **agrees**(1) 54:4 | | 26:12 26:13 26:23 26:25 27:12 27:15 | | | |
| **acquired**(2) 87:13 87:13 | | **ahead**(7) 16:17 18:7 19:9 34:9 65:10 | | 27:19 27:24 28:6 28:12 28:14 28:18 28:19 | | **anderson**(1) 5:33 | |
| **action**(5) 28:10 43:6 59:16 60:5 68:9 | | 80:17 94:9 | | 28:23 28:25 29:1 29:12 29:19 30:6 30:8 | | **andrea**(1) 11:8 | |
| **actions**(2) 46:9 89:8 | | **akin**(4) 3:16 11:12 26:18 67:2 | | 30:10 30:18 30:20 30:24 31:1 31:3 31:4 | | **andrew**(8) 2:34 6:12 6:13 9:2 9:35 12:33 | |
| **active**(2) 72:18 94:6 | | **alike**(2) 62:21 64:4 | | 31:4 31:9 31:10 31:11 32:1 32:5 32:14 | | 13:2 13:24 | |
| **actively**(1) 65:8 | | **alive**(1) 89:23 | | 32:17 32:23 32:25 33:3 33:6 33:8 | | | |
| **activities**(1) 73:3 | | **all**(61) 14:2 14:4 14:19 15:17 15:18 15:21 | | 35:16 35:20 36:2 36:8 36:9 36:10 36:12 | | **andrews**(4) 4:10 9:42 52:23 74:19 | |
| **actual**(1) 46:20 | | 16:10 16:19 17:24 18:8 18:20 19:8 25:10 | | 36:21 37:2 37:8 37:12 37:13 37:14 37:18 | | **angela**(1) 11:2 | |
| **actually**(22) 17:7 25:4 25:12 30:13 33:11 | | 25:15 28:14 28:19 28:25 29:1 31:9 31:10 | | 38:23 39:1 39:4 39:11 39:12 39:16 39:20 | | **angeles**(1) 4:43 | |
| 34:14 35:22 37:24 45:13 46:20 46:22 47:1 | | 31:17 33:19 33:21 34:5 36:4 38:16 40:6 | | 40:4 41:3 41:9 41:14 41:23 42:1 42:4 | | **angelo**(4) 4:31 7:2 38:11 49:25 | |
| 47:20 61:18 68:17 70:15 75:14 79:13 | | 40:6 40:21 42:16 44:3 48:11 48:15 48:19 | | 42:5 42:8 42:25 43:3 43:6 43:10 43:15 | | **ann**(1) 9:38 | |
| 79:17 90:23 92:24 93:18 | | 50:6 51:6 51:14 53:1 53:4 64:13 64:18 | | 43:18 43:25 44:8 44:9 44:12 44:23 45:5 | | **anna**(2) 10:23 10:23 | |
| | | 65:1 66:4 67:16 68:20 69:21 70:17 71:15 | | 45:13 45:15 45:17 45:8 45:10 45:10 45:15 | | **announced**(1) 41:3 | |
| **adam**(1) 2:27 | | 75:16 75:24 77:6 77:9 77:17 78:2 78:11 | | 45:23 45:25 46:1 46:4 46:9 46:13 | | **another**(6) 25:4 58:10 60:25 85:14 85:24 | |
| **add**(1) 17:19 | | 86:22 87:13 87:22 88:16 93:22 94:15 | | 46:17 46:19 46:25 47:1 47:2 47:7 47:12 | | 93:11 | |
| **addition**(2) 15:8 18:15 | | | | 47:12 47:16 47:18 47:24 47:24 47:25 48:3 | | | |
| **additionally**(1) 14:23 | | **alleged**(3) 46:11 46:11 69:3 | | 48:4 48:6 48:8 48:15 48:17 48:18 48:21 | | **answer**(4) 47:15 58:13 87:18 88:8 | |
| **address**(11) 52:18 54:2 54:12 54:17 54:18 | | **allen**(2) 13:29 88:25 | | 48:23 48:23 48:25 49:7 49:10 49:12 49:13 | | **anticipate**(2) 17:14 21:6 | |
| 54:21 55:6 60:15 78:1 78:2 88:14 | | **allinson**(1) 2:18 | | 49:14 49:18 49:20 49:22 49:25 50:9 50:12 | | **any**(38) 21:6 21:13 23:2 25:15 26:11 | |
| | | **allocation**(48) 14:24 18:11 19:2 22:4 22:5 | | 50:13 50:19 50:21 50:24 50:25 51:4 51:7 | | 26:12 35:20 40:7 41:24 42:17 42:21 43:9 | |
| **addressed**(7) 14:15 14:20 22:20 47:15 | | 28:23 30:9 31:1 33:10 33:10 34:11 35:3 | | 51:8 51:11 51:12 51:13 52:1 52:1 52:8 | | 43:16 46:13 53:19 54:8 54:13 54:14 58:23 | |
| 53:12 54:23 85:13 | | 36:12 36:18 36:25 37:5 37:10 38:3 38:9 | | 52:8 52:19 53:9 53:9 53:12 53:16 54:20 | | 59:24 60:1 62:8 66:17 66:20 68:7 69:3 | |
| | | 41:20 41:25 53:14 54:3 54:4 54:7 54:14 | | 55:5 55:15 55:18 55:20 55:21 56:1 56:2 | | 71:13 71:23 72:5 78:20 80:22 82:4 82:15 | |
| **addresses**(5) 22:8 22:11 22:14 54:16 55:24 | | 54:14 54:21 54:25 56:17 57:15 64:20 68:2 | | 56:3 56:15 56:17 56:19 56:22 56:25 57:10 | | 87:2 87:24 88:8 89:6 90:16 | |
| **addressing**(1) 60:21 | | 68:5 68:7 68:11 68:17 69:7 70:23 74:6 | | 57:11 57:17 57:20 58:9 58:20 59:11 59:12 | | | |
| **adelphia**(1) 86:11 | | 81:22 82:7 82:24 83:1 83:6 83:9 84:6 | | 59:17 59:18 59:21 59:22 59:25 60:7 60:8 | | **anybody**(4) 31:15 44:10 62:8 87:1 | |
| **adjourned**(2) 94:17 95:2 | | 84:8 | | 60:10 60:14 60:15 60:22 60:24 61:10 | | **anybody's**(1) 78:19 | |
| **adjudicated**(5) 79:1 82:25 83:2 83:7 83:10 | | | | 61:12 61:14 61:22 62:6 62:7 62:9 62:12 | | **anymore**(1) 74:10 | |
| **adjudication**(1) 72:9 | | **allocations**(3) 65:3 65:3 65:10 | | 62:14 62:15 62:17 62:18 62:21 62:25 | | **anyone**(6) 23:11 23:19 24:21 25:19 26:4 | |
| **adler**(1) 4:15 29:16 29:17 29:24 | | **allowance**(1) 60:4 | | 62:24 62:25 63:1 63:3 63:11 63:14 63:15 | | 27:5 31:16 76:18 | |
| **administered**(1) 1:6 | | **allowed**(12) 21:11 23:10 61:15 67:14 | | 63:21 63:23 64:1 64:2 64:3 64:4 | | | |
| **administrative**(11) 89:22 91:3 91:5 91:6 | | 68:12 69:9 69:12 69:17 69:20 78:11 78:12 | | | | **anything**(10) 16:15 19:14 31:16 58:6 | |
| 91:7 91:10 91:14 91:23 92:17 93:16 | | 81:10 | | | | 58:21 61:13 87:20 93:7 93:21 94:13 | |
| | | **allows**(1) 91:13 | | | | | |
| **admission**(5) 21:8 21:14 23:12 24:21 25:19 | | **alluded**(1) 38:21 | | | | **anyway**(4) 40:23 66:16 | |
| **admitted**(7) 21:16 21:18 23:14 23:16 | | **almost**(3) 53:4 55:17 72:22 | | | | **apologize**(1) 34:4 | |
| 24:24 25:1 25:22 | | **alone**(1) 65:14 | | | | **appeal**(11) 30:4 79:13 79:21 80:6 80:7 | |
| | | **along**(6) 27:11 34:13 34:20 36:2 36:3 73:2 | | | | 80:17 82:9 84:13 85:11 87:7 90:24 | |
| **admonitions**(1) 69:24 | | **already**(6) 18:5 31:19 59:14 67:11 81:22 | | | | | |
| **advance**(1) 66:5 | | 82:25 | | | | **appeals**(2) 82:15 86:3 | |
| **advanced**(2) 85:19 85:21 | | | | | | **appearances**(1) 6:1 | |
| **advances**(1) 79:13 | | **also**(13) 22:14 30:10 30:12 30:24 41:10 | | | | **appellant**(1) 86:12 | |
| **advantages**(1) 66:6 | | 45:1 45:24 48:5 69:11 69:18 83:2 83:14 | | | | **appellate**(5) 28:9 29:22 79:3 82:13 85:8 | |
| **adversaries**(1) 83:18 | | 86:4 | | | | **appendices**(1) 25:16 | |
| **advocacy**(1) 73:15 | | **alter**(1) 23:5 | | | | **appendix**(1) 22:13 | |
| **advocate**(3) 74:5 83:23 90:13 | | **alternative**(2) 10:30 10:31 | | | | **apple**(1) 88:3 | |
| **advocated**(1) 73:19 | | **although**(6) 25:13 36:25 53:16 68:15 76:3 | | | | **apples**(1) 42:8 | |
| **affect**(5) 53:19 54:5 54:8 68:8 86:25 | | 81:4 | | | | **applicable**(2) 28:18 55:15 | |
| **affidavit**(1) 24:18 | | **alvarez**(2) 9:25 21:22 | | | | **applies**(3) 65:20 66:20 66:20 | |
| | | | | | | **apply**(3) 37:20 57:6 79:21 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| applying(2) 33:15 34:10 | | assertion(2) 54:9 84:15 | | because(41) 16:3 33:7 35:14 37:16 37:21 | | bites(1) 88:2 | |
| appreciate(1) 24:2 | | asset(6) 4:9 10:4 10:5 13:5 13:6 79:8 | | 40:14 40:23 41:19 44:11 44:22 45:7 45:19 | | blackstone(2) 6:33 6:33 | |
| appreciates(1) 70:3 | | assets(1) 62:24 | | 53:12 56:12 57:14 58:24 59:7 59:10 59:18 | | blake(1) 4:33 | |
| apprised(1) 72:24 | | assume(1) 70:24 | | 60:12 60:21 61:18 61:25 64:18 66:7 71:21 | | blamed(1) 51:7 | |
| approach(1) 17:9 | | assuming(1) 58:12 | | 74:8 75:5 75:20 76:22 79:14 80:7 80:7 | | blank(3) 4:1 30:19 81:2 | |
| appropriate(15) 32:13 42:20 43:20 44:22 | | assurance(1) 76:16 | | 82:15 84:14 85:21 87:18 89:6 92:23 93:1 | | blessed(1) 22:20 | |
| 51:25 52:1 52:6 60:8 60:16 61:17 63:14 | | assuredly(1) 72:4 | | 93:8 | | block(1) 13:1 | |
| 64:6 66:18 66:19 86:5 | | attached(1) 24:18 | | | | boelter(1) 1:27 | |
| | | attack(2) 39:20 39:22 | | become(2) 81:10 81:12 | | bond(10) 79:12 79:14 79:16 84:21 86:1 | |
| appropriately(1) 61:1 | | attacked(1) 69:21 | | becomes(1) 82:4 | | 86:4 86:8 86:15 86:18 88:6 | |
| approval(1) 88:21 | | attacking(1) 38:17 | | beeler(1) 7:16 | | | |
| approved(7) 19:22 20:6 20:6 33:11 36:16 | | attempt(3) 39:17 85:4 87:24 | | been(47) 14:13 14:15 14:20 14:21 15:12 | | bondholder(1) 84:20 | |
| 45:16 65:6 | | attempted(1) 16:18 | | 15:14 16:21 16:22 16:25 17:12 18:11 20:9 | | bondholders(1) 64:17 | |
| | | attend(1) 73:10 | | 20:24 21:23 24:19 25:8 26:22 26:25 27:22 | | bonding(1) 86:6 | |
| approximately(3) 40:2 56:8 84:22 | | attorney(1) 43:25 | | 31:19 38:18 41:13 46:11 47:4 53:15 53:20 | | bootstrap(1) 39:17 | |
| april(3) 53:15 54:1 62:3 62:5 65:5 | | attorney's(1) 46:8 | | 55:18 56:3 62:23 63:1 65:6 67:10 72:17 | | both(14) 27:22 38:18 44:8 45:2 53:12 | |
| arbitrary(2) 51:13 52:8 | | audible(7) 21:15 23:13 23:21 24:23 25:21 | | 72:18 72:19 82:25 83:4 83:9 87:9 87:22 | | 57:10 57:12 61:7 61:8 62:15 62:17 65:15 | |
| are(108) 15:3 15:14 16:20 16:25 17:2 17:6 | | 26:6 31:21 | | 84:2 85:19 85:20 87:11 89:12 90:16 90:22 | | 65:18 91:18 | |
| 17:7 17:22 19:12 20:11 22:17 23:5 25:15 | | | | | | bottom(3) 43:17 50:10 76:8 | |
| 26:12 27:14 27:16 28:8 30:5 30:24 33:7 | | aurelius(21) 3:15 11:11 26:19 29:7 52:19 | | before(38) 1:19 15:8 17:9 21:22 26:20 | | bove(1) 31:8 | |
| 33:8 36:21 37:11 37:16 38:16 39:9 40:7 | | 54:4 54:5 54:20 56:15 56:22 57:10 58:19 | | 27:22 27:25 38:18 39:20 42:19 53:7 53:21 | | branch(1) 83:21 | |
| 40:12 40:17 41:6 42:8 42:25 43:7 43:14 | | 59:10 59:11 61:3 67:3 67:8 68:19 69:22 | | 54:10 54:18 54:24 55:2 55:4 55:10 55:18 | | branches(1) 83:20 | |
| 43:18 44:1 44:1 45:9 45:19 46:7 46:17 | | 70:3 70:8 | | 58:6 58:8 58:20 58:23 59:11 61:6 68:4 | | brands(2) 92:7 92:19 | |
| 46:19 46:20 46:23 47:5 47:22 47:25 48:6 | | | | 71:20 72:15 73:3 73:4 73:5 73:5 73:23 | | brass(1) 7:36 | |
| 48:10 48:11 49:8 49:10 49:11 49:12 49:21 | | austin(1) 1:25 6:16 | | 75:2 75:3 76:9 81:24 91:16 | | break(2) 76:2 76:5 76:14 76:21 94:4 | |
| 50:15 50:19 50:22 50:22 51:10 52:24 53:7 | | authority(2) 69:22 90:18 | | | | brett(1) 6:21 | |
| 53:12 53:18 56:3 56:17 57:15 62:22 | | availability(1) 68:24 | | begin(1) 53:13 | | brian(1) 21:21 | |
| 62:23 63:10 63:23 63:24 65:18 67:3 67:13 | | available(3) 18:13 41:12 88:8 | | behalf(20) 14:7 29:5 29:17 30:2 30:20 | | brickley(1) 7:41 | |
| 69:20 70:3 70:14 72:2 75:19 75:20 75:20 | | ave(1) 5:17 | | 32:16 38:11 44:5 49:25 52:17 52:18 60:20 | | bridge(2) 5:1 46:4 | |
| 76:8 76:8 78:12 79:1 79:3 79:6 84:23 | | avenue(1) 1:37 2:6 2:43 3:25 3:33 4:13 | | 61:17 73:13 74:3 74:10 74:21 78:6 81:2 | | brief(4) 32:22 50:22 65:7 78:7 | |
| 84:25 86:21 86:25 87:7 88:13 89:8 90:15 | | 4:27 5:3 5:23 | | 88:25 | | briefed(4) 53:15 56:3 85:20 85:21 | |
| 90:19 90:20 90:24 91:6 92:22 93:5 93:7 | | | | | | briefly(2) 35:1 40:23 | |
| 93:15 93:21 93:23 94:5 94:6 | | avenues(1) 87:7 | | behind-the(1) 72:18 | | briefs(1) 57:5 | |
| | | avoid(6) 59:24 66:10 66:14 66:15 79:20 | | being(17) 18:12 28:8 40:14 45:12 46:12 | | brigade(1) 11:25 11:26 | |
| area(1) 31:24 | | 80:21 | | 53:12 60:5 60:6 64:14 71:24 73:12 73:17 | | bring(2) 58:20 62:12 | |
| areas(1) 21:24 | | | | 76:9 77:4 85:22 85:23 90:23 | | bringing(1) 63:16 | |
| aren't(1) 16:4 | | avoidability(1) 43:2 | | | | brings(1) 74:23 | |
| aren't(1) 90:1 | | avoidable(1) 43:9 | | belabor(1) 78:8 | | broad(1) 66:3 | |
| | | avoidance(1) 39:4 43:6 43:10 43:15 | | believe(17) 16:21 18:12 19:5 27:1 28:4 | | broadway(1) 3:4 | |
| argue(14) 32:16 35:1 37:9 37:17 41:17 | | aware(2) 48:22 78:9 | | 32:17 34:15 43:25 52:18 56:23 59:11 | | brockius(1) 11:17 | |
| 52:16 54:20 56:15 57:7 59:12 59:13 59:20 | | | | 61:21 73:18 78:23 86:10 88:14 90:2 | | brown(5) 2:10 13:19 30:2 71:17 78:6 | |
| 81:18 81:23 | | bacher(1) 6:42 | | | | bruce(1) 7:21 | |
| | | back(16) 14:9 14:25 20:4 24:3 27:14 34:4 | | believes(1) 33:1 | | bryan(1) 6:18 | |
| argued(4) 17:7 35:15 54:7 76:10 | | 37:1 37:2 38:5 71:21 72:12 76:21 84:7 | | belongs(1) 38:4 | | bryant(1) 3:19 | |
| arguing(4) 44:1 50:2 63:18 63:18 | | 86:3 90:8 93:9 | | bendernagel(58) 1:26 14:5 14:7 14:7 | | bryce(1) 9:30 | |
| argument(26) 17:10 36:6 36:6 36:10 39:17 | | | | 15:22 16:1 16:5 16:9 16:11 16:15 16:18 | | bucket(2) 16:20 16:24 | |
| 40:22 43:12 44:20 44:25 54:23 56:18 59:1 | | bad(1) 46:10 | | 17:12 18:1 18:8 18:21 18:24 19:5 19:8 | | buckets(2) 15:19 16:19 | |
| 61:3 67:4 75:4 80:1 80:4 80:5 81:6 81:6 | | baiera(1) 7:3 | | 19:10 21:19 23:17 24:1 24:5 24:8 25:2 | | build(1) 20:13 | |
| 81:18 81:25 85:20 86:20 87:8 90:16 | | balance(1) 76:19 | | 26:1 26:8 26:16 26:21 27:10 30:12 31:14 | | builder(1) 20:12 | |
| | | bale(1) 7:8 | | 31:23 32:4 32:7 32:9 32:11 43:23 52:12 | | bulk(1) 54:5 | |
| arguments(6) 19:7 29:2 31:4 61:5 67:5 | | ballot(2) 24:12 24:17 | | 52:21 60:19 60:19 63:8 67:23 71:5 76:1 | | burden(2) 36:3 69:1 | |
| 82:12 | | banc(1) 2:4 | | 76:20 77:2 77:4 77:10 77:11 77:16 77:19 | | burdens(1) 36:2 | |
| | | bank(13) 5:9 8:16 8:22 10:15 12:1 12:2 | | 77:23 88:11 94:3 94:14 95:1 | | bush(1) 6:11 | |
| arise(9) 36:4 37:23 42:17 42:22 46:4 50:4 | | 13:23 29:11 45:1 49:18 79:9 79:15 79:18 | | | | but(93) 16:2 16:7 17:1 17:5 19:7 20:10 | |
| 50:8 50:14 65:19 | | | | bendernagel's(1) 72:2 | | 22:8 23:7 25:15 26:1 27:1 28:6 29:10 | |
| | | bankruptcy(25) 1:1 1:20 15:5 15:6 15:8 | | beneficiaries(1) 84:24 | | 29:21 30:9 31:20 32:7 32:12 35:2 35:11 | |
| arises(2) 35:19 47:7 | | 33:3 45:4 45:9 49:3 49:21 50:24 59:14 | | benefit(7) 20:18 35:13 35:19 44:14 44:16 | | 35:17 35:22 36:18 36:24 38:1 38:15 39:22 | |
| arising(3) 34:16 35:10 42:14 | | 59:19 60:5 64:16 66:6 69:12 69:18 80:13 | | 44:17 90:22 | | 40:22 42:16 44:7 44:13 45:1 45:9 45:24 | |
| arose(6) 35:14 35:16 35:23 35:24 51:7 | | 85:5 85:25 90:11 90:14 90:25 91:9 | | | | 46:21 46:22 46:25 49:2 49:17 51:18 54:4 | |
| 91:25 | | | | benefited(2) 92:1 93:17 | | 54:19 58:1 58:6 58:13 59:21 59:24 59:2 | |
| | | bar(1) 14:18 | | benefits(1) 36:2 | | 59:5 59:8 59:12 59:23 60:11 60:16 61:17 | |
| around(3) 20:14 38:23 85:6 | | barclays(2) 11:21 11:21 | | bennett(1) 7:21 | | 61:24 63:5 65:17 69:6 70:14 71:11 71:13 | |
| arps(1) 13:11 | | bare(1) 86:18 | | benson(4) 3:1 29:5 32:20 44:4 | | 72:18 72:21 73:13 73:17 73:21 73:23 | |
| array(1) 66:3 | | bargaining(1) 72:19 | | bensontorres(1) 10:36 | | 74:23 76:6 76:13 76:15 77:20 79:18 80:3 | |
| articulated(1) 62:9 | | barker(1) 5:23 | | berra(1) 38:15 | | 80:19 81:10 82:3 84:13 84:25 85:10 85:22 | |
| ashby(1) 3:23 | | barnes(1) 5:27 | | best(3) 22:25 70:19 76:16 | | 86:4 86:21 87:10 87:17 89:3 89:24 90:2 | |
| ashley(3) 6:5 13:29 88:25 | | barnett(1) 7:12 | | bet(1) 53:1 | | 90:25 93:3 93:19 94:9 | |
| aside(1) 84:12 | | based(8) 17:19 22:3 35:2 49:11 49:13 | | better(3) 76:20 84:22 88:3 | | | |
| ask(22) 21:11 23:9 23:18 27:4 31:15 | | 74:8 91:10 92:14 | | between(8) 36:12 42:1 81:19 82:11 94:6 | | bynum(1) 8:2 | |
| 31:17 50:12 51:7 52:9 57:24 58:3 58:10 | | | | beyond(2) 68:22 69:18 | | calculated(1) 66:13 | |
| 58:13 66:23 80:8 80:9 80:16 80:19 86:23 | | basic(10) 25:16 36:20 37:5 37:20 39:2 | | bifferato(1) 3:8 | | california(1) 4:43 | |
| 88:7 88:21 91:1 | | 47:10 49:6 49:7 49:12 86:23 | | big(2) 80:12 85:24 | | call(3) 17:21 62:5 62:7 | |
| | | | | bigelow(1) 9:10 | | called(3) 85:4 91:17 92:6 | |
| asked(7) 19:21 22:1 22:3 22:21 28:8 | | basically(3) 47:17 65:7 91:13 | | billion(3) 20:15 20:15 40:5 | | calling(1) 33:23 | |
| 60:21 73:6 | | basis(11) 25:12 33:12 41:4 50:6 50:11 | | bilmes(1) 7:32 | | camden(10) 4:9 68:5 69:3 70:5 70:14 | |
| | | 50:18 51:13 54:8 55:15 82:15 82:17 | | binder(2) 18:21 18:22 | | 72:17 73:1 73:8 73:15 74:7 | |
| asking(5) 58:9 61:9 61:18 70:10 70:15 | | | | binders(1) 18:18 | | | |
| aspect(1) 71:12 | | baskin(1) 5:21 | | binding(3) 58:7 70:4 70:11 | | camden's(1) 72:12 | |
| aspects(2) 28:20 70:23 | | battle(1) 77:2 | | bingham(2) 8:31 11:38 | | came(2) 17:17 74:6 | |
| assert(1) 48:19 | | bearing(1) 59:25 | | bit(6) 14:11 20:15 41:24 73:12 77:20 81:5 | | | |
| asserted(5) 46:12 48:17 48:25 51:4 69:13 | | | | | | | |

**Word**      **Page:Line**

can(21) 16:22 20:7 29:11 31:3 39:20 41:12 49:16 54:10 59:21 59:23 63:9 72:17 76:17 77:12 77:20 78:8 84:12 85:10 87:19 87:25 94:7

can't(1) 15:11
cancellation(1) 56:13
candace(1) 6:17
candid(1) 87:24
candidly(1) 60:9
cannot(5) 57:16 69:20 81:15 82:18 83:6
cantigny(2) 4:25 12:19
canyon(2) 12:14 12:14
capacity(1) 28:11
capital(31) 3:15 7:6 7:7 7:19 7:24 7:30 7:31 8:12 8:12 8:26 8:27 9:1 9:1 9:16 9:16 10:31 10:31 11:11 11:21 11:21 11:25 11:26 11:30 11:31 12:10 12:10 12:40 12:41 26:19 65:25 84:4

career(1) 20:12
careful(1) 82:22
cares(1) 66:15
carey(2) 1:19 59:18
carickhoff(5) 4:2 30:18 30:19 81:1 81:2
caridas(1) 6:12
carlyle(1) 2:4
carol(1) 7:8
carson(1) 8:8
carval(2) 13:15 13:15
case(36) 1:5 5:1 13:23 24:10 35:1 36:2 41:2 41:5 41:6 41:23 51:2 51:16 57:20 59:25 60:25 61:2 62:10 62:19 63:4 63:15 72:12 72:18 72:22 72:24 74:1 82:5 86:11 86:15 90:14 91:9 91:17 91:17 92:2 92:6 92:10 92:17

cases(6) 50:22 50:25 86:21 91:16 91:21 91:21

cash(11) 20:13 40:4 40:4 40:6 40:11 40:16 40:16 56:6 57:3 73:2 84:23

category(1) 16:23
catherine(2) 88:18 89:1
cause(1) 60:5
caused(1) 20:14
causes(3) 28:10 45:21 49:5
ceased(1) 75:6
center(4) 5:9 33:24 51:17 91:18
centerpiece(1) 28:10
centre(1) 4:19
certain(9) 14:14 14:18 14:18 18:4 21:24 28:2 31:8 88:19 91:13

certainly(5) 51:12 61:20 71:7 71:11 73:23
certification(1) 95:4
certify(1) 95:5
cetera(1) 29:2
chachas(5) 19:17 19:17 20:20 20:22 21:7 21:8 23:19

chadbourne(4) 2:32 6:4 83:13 90:9
chadha(1) 8:13
chain(1) 63:22 64:11
challenge(2) 69:14 69:14
challenging(1) 90:17
chance(2) 27:2 76:9
chandler(1) 9:10
chaney(1) 12:15
change(1) 68:24
changed(3) 28:16 41:2 93:6
changes(3) 17:12 20:9 28:1
chapter(1) 1:8
character(1) 49:12
chart(3) 20:5 26:21 27:12
chase(3) 3:30 4:19 11:1
checked(1) 71:21

chicago(4) 1:30 10:9 10:10 24:3
chief(2) 73:6 73:6
choose(1) 58:13
chris(1) 11:35
christian(1) 91:18
christianson(1) 41:6
chung(1) 8:23
circuit(2) 20:12 41:11 89:16
circuit's(1) 51:16
circulated(1) 26:22
circumstance(1) 66:18
circumstances(5) 41:8 41:11 60:14 86:14 86:15

citadel(6) 4:8 9:41 68:4 69:3 70:5 70:14
cited(7) 41:16 50:25 51:15 51:16 90:17 91:16 92:6

citi(2) 12:28 12:28
citigroup(1) 9:33
citizens(1) 5:9
city(2) 51:17 83:13
claim(109) 22:23 32:15 33:2 33:12 33:16 34:12 34:16 34:16 34:18 34:18 34:19 34:20 35:6 35:9 35:10 35:12 35:14 35:15 35:18 35:19 36:3 36:8 36:17 36:17 36:19 36:20 36:24 36:25 37:11 37:14 37:19 37:21 37:22 37:23 37:24 38:4 38:17 38:22 39:1 39:4 39:5 39:11 39:14 39:23 40:3 40:13 40:14 41:2 42:3 42:6 42:9 42:11 42:13 42:13 42:20 43:4 43:9 43:11 43:12 43:18 44:19 44:21 44:23 45:23 46:12 46:13 46:17 46:21 47:3 47:3 47:8 47:11 47:16 47:19 48:8 48:18 48:20 48:23 49:4 49:9 49:19 50:2 51:5 51:8 51:9 51:9 52:6 56:6 56:24 56:25 57:11 57:11 58:24 59:15 60:3 60:4 68:13 69:17 71:25 72:6 78:11 78:13 82:2 83:7 87:21 92:8 92:14 92:25

claimant(1) 79:23 80:11 93:16
claimants(4) 92:10 92:23 93:2 93:9
claimed(2) 43:9 60:6
claims(130) 25:15 28:24 34:13 34:21 34:22 36:4 36:21 36:24 37:11 39:1 39:2 39:3 39:19 40:7 40:15 42:3 42:4 42:12 42:22 42:25 43:5 43:13 43:18 43:25 45:4 45:18 45:18 45:24 46:3 46:4 46:15 46:17 46:22 47:4 47:9 47:18 47:20 48:1 48:3 48:6 48:7 48:9 48:10 48:11 48:12 48:13 48:15 48:16 48:17 48:20 48:21 48:22 48:23 49:4 49:8 49:10 49:15 49:22 50:3 50:4 50:7 50:7 50:8 50:11 50:13 50:13 50:22 51:4 51:10 51:10 51:11 51:22 51:23 52:8 52:15 53:25 55:7 55:8 55:11 55:12 55:19 55:24 56:2 56:9 56:13 56:14 56:17 57:15 57:16 65:18 67:13 67:15 67:15 67:16 69:8 69:13 69:19 69:23 71:10 71:10 77:25 78:12 78:25 81:9 81:12 81:13 81:20 81:21 81:24 82:1 82:23 83:4 84:20 84:20 89:7 89:10 89:15 89:17 89:24 91:2 91:3 91:3 91:5 91:6 91:7 91:10 91:10 91:15 92:22 93:14

clarification(7) 52:14 53:9 59:24 62:4 65:16 68:10 69:5

clarify(3) 54:9 61:14 61:24
class(14) 25:13 33:7 33:8 34:21 37:15 38:5 43:13 44:21 45:19 45:23 46:15 47:2 48:25 51:24

classes(3) 25:10 40:7 46:1
classic(1) 64:1
classifica(1) 40:23

classification(39) 32:15 33:2 33:4 36:16 37:18 38:22 39:1 39:6 39:19 39:23 40:12 42:20 43:19 43:24 44:22 45:5 45:17 45:20 49:14 50:11 50:18 52:3 52:5 52:7 52:15 53:24 54:16 54:21 58:1 63:13 63:19 64:6 65:18 66:19 67:7 67:17 67:21 67:24 68:21

classified(14) 20:12 34:12 34:20 36:3 37:14 40:14 47:12 47:20 49:5 50:3 51:21 56:1 57:17 64:11

classify(1) 45:18
classifying(2) 50:6 51:13
clear(8) 39:10 50:22 54:17 55:2 68:25 85:8 85:9 87:23

clearly(6) 41:9 41:14 41:17 65:20 67:20 91:18

cleary(1) 4:33
clerk(2) 14:2 77:9
client(6) 28:12 28:25 39:13 72:23 73:13 77:2

client's(2) 28:2 28:16
clients(2) 89:5 89:8
close(5) 27:15 27:17 72:3 73:1 87:20
co-opting(1) 79:25
co-plan(1) 71:22
co-proponent(1) 71:24
code(7) 33:3 45:4 45:9 49:3 49:21 55:9 89:20

coin(1) 50:2
cole(2) 1:34 10:15
collateral(1) 44:14
collaterally(2) 61:4 69:20
colleagues(1) 74:20
collins(1) 5:28
colloquy(2) 30:12 70:20
combined(1) 84:7
come(16) 17:22 19:3 26:2 28:3 46:22 47:21 48:2 48:2 48:3 64:2 64:21 64:21 73:7 76:21 84:2 90:18

coming(1) 72:14
commence(1) 69:23
commencement(1) 92:16
commensurate(1) 86:16
comment(1) 27:20
comments(2) 17:20 27:12
committee(6) 2:25 6:3 13:11 43:6 83:14 90:9

common(5) 11:17 49:3 50:23 56:18 93:15
commonality(1) 36:1
communication(1) 41:5
communications(1) 73:1
companies(2) 86:6 89:12
company(21) 1:8 6:25 7:35 7:40 10:36 15:4 15:5 19:23 22:11 22:18 22:25 29:6 29:18 32:20 44:5 45:1 45:1 48:11 48:12 48:15 93:10

company's(1) 21:23
company's(3) 62:22 62:24 91:19
compare(1) 51:8
compared(1) 20:6
compelled(1) 89:13
compelling(1) 93:21
compensation(3) 9:20 90:20 91:21
compensation-type(1) 91:24
competent(1) 73:22
complain(1) 35:8
complete(1) 18:2
completely(1) 48:18

completes(1) 26:8
complicated(2) 78:15 78:16
comply(1) 89:13
component(1) 39:16
comport(1) 79:6
conaway(1) 4:32
concerning(1) 75:5
concerns(4) 14:18 14:19 89:10 89:13
concluded(2) 39:5 41:21
conclusion(4) 23:4 56:10 57:14 63:13
conclusions(2) 20:2 42:1
conduct(1) 92:15
conference(2) 53:11 54:1
conferencing(1) 33:24
confidential(2) 20:25 21:5
confirm(3) 28:9 72:1 82:18
confirmation(45) 15:12 18:10 19:2 19:12 21:25 28:14 29:8 29:11 30:8 33:5 35:2 35:4 36:13 36:15 36:15 36:21 37:7 38:6 38:24 41:3 41:17 42:17 47:11 47:23 51:1 53:9 54:19 54:22 55:1 55:23 57:25 63:6 63:12 67:12 67:19 80:7 86:1 86:1 86:12 89:5 90:1 92:3 92:20 93:12 93:25

confirmed(2) 30:13 90:3
confirms(1) 80:15
confusion(2) 54:10 59:24
congratulations(1) 38:13
connection(20) 18:9 19:2 19:3 19:21 21:24 22:1 23:21 31:18 33:13 34:18 35:9 37:13 37:23 38:19 42:9 42:15 47:11 78:16 82:23 82:25

connelly(1) 31:8
consequence(5) 15:12 56:13 61:11 75:19 83:24

consequences(5) 68:23 83:19 83:21 83:22 84:14

consider(4) 36:11 50:12 55:18 74:7
consideration(5) 43:8 43:14 76:16 84:11 90:4

consist(1) 40:10
consistency(2) 38:7 45:17
consistent(4) 17:8 80:11 80:12 80:12
consistently(1) 92:13
constituencies(1) 39:25
consultants(1) 21:23
contained(2) 89:6 93:4
container(1) 51:2
contemplate(1) 71:24
contends(1) 34:12
contested(1) 17:2
contesting(1) 79:11
context(10) 33:6 35:5 41:12 57:20 67:18 69:7 86:7 92:4 92:5 92:21

continue(2) 17:16 76:11
continued(2) 2:2 20:13
continuing(1) 57:9
continuum(1) 62:10
contracting(1) 42:23
contractual(10) 21:4 42:6 46:5 46:6 46:13 46:18 47:4 47:6 49:11 93:15

contradicts(1) 54:23
contrarian(2) 12:40 12:41
contrary(4) 46:16 54:10 84:15 86:6
contrast(2) 43:4 51:8
contribute(1) 73:2
contribution(2) 89:7 89:15
controlling(1) 68:24
controversy(2) 67:8 67:20
conversely(1) 70:14
conveyance(5) 58:16 58:24 59:15 60:3 68:9
convince(2) 33:17 85:12
convincing(3) 35:23 35:24 93:7

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**cooperstown**(2) 8:26 8:27
**copies**(1) 16:12
**copy**(3) 16:2 16:7 16:9
**core**(2) 20:7 69:11
**corre**(1) 10:44 10:44
**correct**(41) 19:5 22:7 39:7 59:7 63:4
65:18 68:25 71:5 71:14 95:5

**corrected**(1) 14:16
**correctly**(4) 40:10 41:21 42:11 55:13
**corroborate**(1) 72:17
**corroon**(1) 5:33
**cost**(1) 92:15
**couch**(2) 68:15 81:4
**could**(16) 18:5 18:19 26:2 32:8 46:11
51:11 58:12 63:4 63:13 69:14 76:15 82:20
86:22 86:25 87:1 88:7

**couldn't**(2) 32:8 55:5
**couldn't**(1) 58:14
**counsel**(3) 74:8 74:12 75:10
**counsel's**(1) 75:4
**counted**(1) 67:14
**counter**(1) 35:3
**couple**(5) 15:15 17:22 23:4 40:20 87:12
**couri**(1) 8:28
**course**(12) 32:5 33:4 33:11 36:14 37:10
63:3 70:19 83:21 84:4 84:5 85:24 86:21
87:10 90:17 90:25 92:18

**court**(169) 1:1 14:3 14:6 15:2 15:21 15:23
16:4 16:7 16:10 16:14 16:17 17:8 17:11
17:24 18:7 18:12 18:20 18:24 19:7 19:9
21:9 21:13 21:16 22:20 23:11 23:14 23:18
23:22 24:4 24:6 24:21 24:24 25:19 26:3
26:4 26:7 26:15 27:4 27:8 27:18 28:15
29:3 29:21 29:23 30:13 30:16 30:19 31:6
31:13 31:17 31:22 32:8 32:25 33:11 33:19
33:21 34:6 34:9 34:17 35:15 35:17 35:23
35:24 36:1 36:16 36:23 37:1 37:1 37:7
37:9 37:9 37:22 38:5 38:5 38:9 38:13
43:21 44:3 44:13 49:23 52:10 52:20 53:1
53:8 53:19 53:23 54:2 54:9 54:19 55:2
55:3 55:5 55:10 55:14 55:17 56:10 56:23
57:22 57:24 58:18 58:22 58:18 58:22 59:1
59:5 59:8 59:14 59:19 59:21 60:9 60:15
60:17 61:5 61:12 61:12 61:17 62:2 63:3
65:12 66:24 68:6 68:6 69:15 69:15 70:5
70:6 70:7 70:12 70:13 71:3 71:15 72:2
72:21 73:4 74:14 74:17 75:2 75:4 76:15
77:1 77:6 77:8 77:14 77:18 77:22 78:4
78:9 78:23 79:5 80:10 80:13 80:23 81:2
82:18 83:11 85:12 85:13 85:14 87:1
87:23 88:10 88:16 88:23 90:6 94:1 94:10
94:13 94:15 94:17

**court's**(10) 28:15 33:10 33:15 34:10 37:5
41:6 53:14 54:22 56:19 57:1

**courtcall**(4) 33:23 34:3 34:7 34:7
**courtney**(2) 8:8 12:3
**courtroom**(5) 1:10 25:23 34:2 91:5 94:15
**courts**(6) 41:6 69:12 69:18 85:9 88:5
**court's**(1) 58:6
**covenants**(1) 46:24
**covered**(1) 66:3
**cozen**(1) 4:17
**crafted**(1) 82:19
**cram**(1) 33:8
**crammed**(1) 81:16
**crane**(1) 6:41
**create**(2) 14:14 81:9
**creates**(1) 41:18
**credit**(6) 7:1 10:40 10:40 33:13 35:21
**creditor**(1) 82:14
**creditors**(4) 2:26 6:4 43:6 83:14
**criteria**(1) 88:4
**criticism**(1) 74:23
**cross**(3) 23:19 26:3 26:4
**crt**(2) 8:12 8:12

**crystal**(1) 85:8
**current**(5) 19:23 19:24 37:7 39:6 45:16
68:3 89:5 89:22

**currently**(1) 90:4
**cutoff**(1) 34:2
**cutup**(1) 36:8
**cyrus**(2) 11:30 11:31
**d'agostino**(2) 8:31 8:32
**damages**(1) 63:23
**damien**(1) 3:32
**daniel**(4) 2:26 3:18 8:17 67:1
**data**(16) 1:43 19:23 21:2 21:2 22:12 22:16
66:22 75:12 89:3 90:12 90:12 90:12 90:14
91:16 92:12 95:11

**dated**(1) 53:14
**dave**(1) 8:30
**david**(17) 2:33 3:2 3:17 4:2 5:15 6:20
8:36 11:6 26:18 29:4 29:16 30:19 32:19
44:4 81:2 83:12 90:8

**davidson**(1) 8:39
**davis**(2) 3:30 11:1
**day**(14) 4:38 7:20 15:10 17:9 17:15 27:11
38:11 62:18 62:23 67:3 76:3 89:24 89:25
94:4

**days**(1) 73:8
**dbtca**(1) 5:14
**dcl**(35) 14:8 14:15 18:15 21:14 21:18
21:20 23:12 23:16 24:18 24:22 25:1 25:3
25:20 31:24 32:17 34:25 39:25 47:14
47:23 51:21 52:1 52:3 52:7 60:20 61:21
63:17 78:2 81:16 82:11 82:16 82:19 83:15
90:9 93:5 93:24

**deal**(4) 24:16 45:5 50:17 79:19
**dealing**(2) 91:25 92:9
**dealings**(2) 92:11 93:2
**dearborn**(1) 1:29
**debenture**(19) 3:1 10:35 29:6 32:16 32:20
33:1 34:11 36:8 37:18 37:21 37:22 38:2
39:12 44:5 44:8 44:19 44:23 44:25 90:18

**deborah**(1) 11:13
**debt**(3) 39:6 47:1 72:25
**debtor**(8) 6:16 89:2 89:4 89:12 92:1 92:9
92:11 93:3

**debtor's**(1) 89:21
**debtors**(20) 1:12 1:25 14:8 27:22 54:13
54:20 56:15 56:22 57:7 57:10 61:20 62:19
62:25 67:3 77:11 79:10 81:8 81:11 89:14
90:5

**debtor's**(5) 67:8 67:23 69:13 75:4 75:10
**debtwire**(2) 10:26 10:26
**decide**(18) 58:2 58:5 59:2 59:4 59:6 59:8
59:18 61:1 61:9 61:12 61:19 62:1
62:2 63:7 63:12 64:5 70:11

**decided**(13) 28:23 36:17 39:14 59:14
60:23 60:24 61:10 61:10 61:11 61:15
61:18 61:24 62:4

**decision**(68) 14:12 14:14 15:2 31:25 33:10
33:11 33:14 33:16 34:11 34:18 35:3 36:12
36:18 37:1 37:10 38:2 38:3 41:7 41:9
41:14 41:20 41:21 42:5 51:15 51:16 53:14
54:3 54:4 54:7 54:14 54:15 54:21 54:22
55:1 55:19 55:25 56:5 57:7 57:15 58:4
59:19 59:22 60:1 60:25 61:2 61:5 61:14
61:16 62:4 64:13 64:24 66:1 67:6 67:12
68:2 68:7 68:12 68:18 70:18 70:24 74:25
75:18 83:24 84:8 84:14 92:20 93:12 93:13

**decision,"**(1) 83:1
**decisions**(4) 73:7 83:22 84:6 87:1
**deck**(1) 20:21
**declaration**(5) 24:9 25:4 25:6 25:6 25:16

**declarations**(2) 24:11 25:5
**decree**(2) 68:17 70:15
**deep**(1) 84:8
**defendant's**(1) 9:21
**defendants**(1) 88:13
**deferred**(1) 11:32
**deficiencies**(3) 14:14 14:15 14:16
**defies**(1) 56:18
**definition**(4) 34:14 42:7 55:17 72:6
**definitions**(1) 79:2
**delaware**(7) 1:2 1:12 1:37 2:6 3:25 4:27
14:1

**deleterious**(1) 84:16
**delivered**(1) 56:12
**demonstrates**(1) 81:14
**demonstrating**(1) 81:14
**denied**(5) 69:5 71:2 93:1 93:8 93:23
**dennis**(1) 6:22
**deny**(2) 88:8 89:25
**denying**(1) 36:15
**dependent**(1) 65:4
**depending**(1) 78:20
**deposition**(3) 18:14 21:9 23:8
**derive**(1) 90:15
**derr**(1) 8:36
**describe**(1) 82:24
**described**(1) 50:20
**describing**(1) 82:23
**descriptions**(1) 26:24
**designated**(1) 72:6
**detail**(2) 20:20 20:23
**details**(1) 20:19
**determination**(9) 42:2 42:5 68:17 69:16
70:4 70:6 70:9 70:11 70:16

**determinations**(1) 69:19
**determine**(5) 55:4 67:19 69:12 70:23
**determined**(4) 47:10 67:10 68:12 74:1
**determining**(2) 55:13 67:14
**deutsch**(1) 6:6
**deutsche**(3) 29:17 45:1 49:18
**devolve**(1) 90:15
**diamond**(1) 8:40
**diaz**(1) 1:43
**dichotomy**(1) 36:12
**did**(32) 22:15 36:18 38:22 49:2 51:21
53:18 53:23 54:2 54:12 54:17 54:17 55:11
55:18 59:25 60:10 60:12 60:15 67:20
71:13 71:20 71:23 72:1 72:4 73:1 73:22
74:6 74:7 74:12 74:12 74:12 74:12 92:19

**didn't**(4) 16:3 19:4 50:17 55:3
**didn't**(18) 59:6 59:7 60:23 61:9 62:12
63:5 64:2 64:21 65:4 66:13 67:17 76:13
80:17 80:20 84:13 90:21

**differed**(1) 37:6
**difference**(1) 81:19
**different**(28) 36:9 36:21 37:11 37:20 39:2
39:3 39:4 42:23 42:23 42:25 43:1 46:20
47:7 47:10 47:17 49:6 49:12 49:22 50:4
50:4 50:5 55:21 57:16 60:2 60:7 65:11
92:4 92:23

**differently**(3) 64:11 72:8 81:5
**differing**(2) 49:14 49:14
**differs**(1) 16:7
**difficult**(1) 74:9
**dilworth**(3) 13:28 88:14 88:18
**direct**(1) 70:1
**directly**(2) 54:23 72:19
**director**(1) 92:24
**directors**(4) 9:5 31:9 91:2 91:19
**disagree**(2) 26:24 89:21
**disagrees**(1) 76:18
**disappeared**(1) 17:20
**discerning**(1) 37:20
**disclosure**(4) 19:14 22:13 65:2 65:6

**discriminates**(2) 81:7 81:14
**discrimination**(12) 45:24 80:1 80:4 81:6
81:17 82:16 82:17 87:9 87:10 87:10 87:12
87:15 87:15 87:21

**discuss**(1) 27:15
**discussed**(3) 41:24 42:16 53:11
**discussion**(2) 37:3 94:6
**disguised**(3) 79:20 80:6 80:6
**dismissal**(1) 65:14
**disparate**(1) 45:21
**dispensed**(1) 86:7
**displeasure**(1) 73:20
**disposition**(3) 71:19 79:24 80:14
**dispositive**(1) 51:5
**dispute**(18) 14:24 18:11 22:4 22:5 41:20
68:7 68:11 68:18 68:22 69:7 69:7 69:11
69:18 70:23 78:10 82:24 83:1 86:25

**disputed**(9) 79:23 80:10 81:9 81:20 81:21
82:1 82:23 87:7 92:10

**disputes**(18) 19:2 28:23 30:9 31:2 33:11
34:11 35:3 36:12 36:18 36:25 37:5 37:10
38:3 38:19 41:25 78:25 81:22 82:7

**dissenting**(2) 33:7 33:8
**dissipation**(1) 79:8
**distance**(1) 35:18
**distinct**(2) 35:10 37:4
**distinction**(2) 64:4 82:11
**distributable**(3) 40:4 40:11 40:16
**distribute**(1) 75:14
**distribution**(2) 40:15 49:19
**distributions**(4) 22:3 22:7 40:3 78:13
**district**(4) 1:2 51:2 53:21 53:22
**divesture**(1) 79:4
**divided**(1) 14:13
**docket**(3) 30:24 31:3 52:13
**doctrine**(2) 35:5 41:23
**document**(12) 15:17 15:20 16:16 19:10
19:14 19:16 20:3 20:24 24:13 25:17 26:13
47:7

**documents**(4) 18:4 19:13 25:8 42:17
**dodge**(1) 9:2
**does**(14) 16:2 23:11 23:18 24:21 25:19
26:4 27:5 27:25 42:11 42:17 51:21 67:8
81:10 86:7

**doesn't**(2) 41:17 43:16
**doesn't**(5) 64:12 66:16 79:18 86:22 93:18
**doing**(4) 39:9 40:9 48:7 66:6
**dollar**(1) 56:8
**dollars**(5) 40:21 43:8 65:4 84:17 84:18
**don**(1) 6:26
**don't**(10) 19:14 19:14 21:6 21:10 24:16
23:4 31:25 33:19 39:12 47:15

**done**(6) 19:24 22:6 39:20 50:17 77:20
**don't**(27) 60:24 63:11 64:18 65:5 70:12
70:13 71:11 71:12 71:23 72:16 73:12
76:12 76:23 78:7 78:22 79:7 79:14 79:16
80:21 82:7 82:16 85:21 86:25 87:3 87:19
88:1 90:16

**dougherty**(1) 9:7
**douglas**(1) 6:6
**dow**(2) 7:39 7:40
**down**(8) 17:16 20:10 26:2 33:8 38:18
63:22 66:11 81:16

**drafted**(2) 81:7 82:18
**drafting**(1) 82:22
**drastically**(1) 57:11
**drew**(1) 3:38
**dropped**(1) 73:15
**duane**(1) 4:25

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **due**(10) 28:15 33:13 42:9 79:2 80:12 86:20 86:21 86:23 87:2 87:3 | | **erroneously**(1) 57:7 | | **expense**(19) 36:8 37:19 37:21 37:22 44:19 44:23 45:3 46:3 46:12 47:3 47:4 47:8 47:19 48:8 49:10 73:9 89:22 92:13 93:17 | | **finding**(1) 36:20 | |
| | | **error**(1) 68:25 | | | | **fine**(1) 74:21 | |
| **during**(3) 34:2 41:25 73:5 | | **esq**(84) 1:26 1:27 1:28 1:36 2:5 2:11 2:12 2:13 2:19 2:26 2:27 2:33 2:34 2:35 2:36 2:42 3:2 3:3 3:9 3:17 3:18 3:24 3:31 3:32 3:38 4:2 4:11 4:12 4:18 4:26 4:33 4:39 4:40 5:2 5:8 5:15 5:16 5:22 5:28 5:34 5:35 6:5 6:6 6:7 6:11 6:12 6:13 6:17 6:18 6:19 6:20 6:21 6:22 6:26 6:42 7:3 8:2 8:17 8:19 8:44 9:7 9:11 9:12 9:22 9:31 9:36 9:37 9:38 9:43 10:6 10:37 11:2 11:6 11:8 11:13 11:18 11:39 11:43 11:45 12:21 13:12 13:20 13:24 13:29 | | | | **finger**(1) 3:37 | |
| **duty**(2) 73:18 91:19 | | | | **expenses**(1) 46:8 | | **finish**(4) 76:13 76:23 94:8 94:8 | |
| **déjà**(1) 38:16 | | | | **experience**(1) 19:20 | | **firm**(2) 38:15 88:14 | |
| **each**(7) 20:19 29:8 29:14 47:24 79:23 89:1 89:2 | | | | **expert**(7) 19:16 19:20 21:20 21:24 22:2 22:22 23:9 | | **first**(24) 16:20 18:22 18:25 19:10 19:11 22:3 22:8 25:5 27:20 32:14 35:1 50:13 53:18 55:3 58:2 62:16 71:20 72:11 72:12 74:20 77:1 78:1 85:12 85:13 | |
| **earlier**(7) 18:10 22:7 35:22 37:3 41:14 54:22 62:11 | | | | **experts**(1) 19:17 | | | |
| | | | | **explain**(2) 15:19 16:16 | | **fishman**(1) 6:41 | |
| **early**(1) 63:5 | | **essence**(1) 36:23 | | **explained**(3) 15:7 20:16 20:19 | | **five**(3) 77:13 77:17 77:17 | |
| **east**(2) 12:36 12:36 | | **essentially**(16) 15:17 18:16 20:8 20:14 22:10 22:15 22:18 22:20 24:10 61:8 62:14 63:16 63:18 63:20 64:7 66:9 | | **express**(2) 63:5 70:3 | | **five-minute**(3) 76:5 76:21 77:6 | |
| **ecr**(2) 34:1 34:5 | | | | **expressly**(1) 65:22 | | **fix**(3) 53:23 57:21 72:4 | |
| **ecro**(1) 1:41 | | | | **extend**(1) 90:21 | | **flipside**(1) 50:1 | |
| **edgar**(1) 7:25 | | | | **extensive**(2) 19:19 63:4 | | **flom**(1) 13:11 | |
| **edge**(1) 14:10 | | **establish**(2) 53:23 81:23 | | **extensively**(2) 53:15 56:3 | | **floor**(2) 4:34 4:42 | |
| **effect**(10) 58:3 58:8 60:1 60:11 68:18 70:10 84:16 84:23 85:2 91:14 | | **established**(1) 89:14 | | **extent**(3) 17:5 32:1 45:7 | | **florsheim**(1) 9:11 | |
| | | **establishing**(1) 81:19 | | **extinguishes**(1) 89:6 | | **flowed**(1) 65:4 | |
| **effectively**(2) 72:8 85:7 | | **establishment**(1) 77:24 | | **extraordinary**(3) 41:8 41:11 86:14 | | **flower**(1) 4:41 | |
| **efficiency**(1) 53:12 | | **estate**(4) 50:25 69:13 92:1 92:16 | | **extremely**(1) 56:25 | | **flows**(2) 29:12 29:12 | |
| **egi**(2) 81:11 87:8 | | **estate.”**(1) 93:17 | | | | **focused**(1) 75:22 | |
| **egi-trb**(15) 4:1 13:1 30:20 31:1 48:15 77:25 78:1 81:3 81:14 81:20 82:6 82:23 83:6 83:8 84:2 | | **esteem**(1) 44:9 | | **faced**(1) 43:12 | | **focuses**(1) 87:15 | |
| | | **esther**(1) 8:23 | | **facilitation**(1) 89:14 | | **follow**(1) 49:8 | |
| | | **estopped**(1) 61:4 | | **fact**(39) 23:1 23:10 26:2 42:8 42:22 47:16 47:22 50:15 50:21 51:6 57:1 61:9 61:13 64:5 65:9 68:13 68:14 71:18 71:21 72:1 72:3 72:5 73:2 73:4 73:8 73:10 73:11 74:12 78:17 79:1 79:12 79:16 79:17 86:7 86:8 86:12 89:17 90:2 90:24 | | **followed**(1) 78:1 | |
| **egi-trb's**(1) 82:12 | | **estoppel**(2) 62:18 64:1 | | | | **following**(1) 41:5 | |
| **egi's**(2) 80:1 80:4 | | **etc**(1) 75:15 | | | | **food**(3) 20:12 63:22 64:11 | |
| **ehmer**(1) 9:17 | | **evan**(1) 8:19 | | | | **footnote**(2) 30:6 33:14 | |
| **either**(4) 23:19 47:24 54:3 76:15 | | **even**(18) 20:22 22:17 31:19 36:8 37:4 40:23 48:24 49:2 50:3 50:7 59:9 63:6 63:12 63:22 64:24 67:17 69:3 92:25 | | | | **for**(252) 1:2 1:25 2:4 2:10 2:25 3:1 3:15 3:30 3:36 4:1 4:8 4:24 4:31 5:1 5:14 5:21 5:27 5:33 6:3 6:16 6:33 6:37 6:41 7:1 7:6 7:11 7:15 7:19 7:30 7:35 7:39 8:1 8:7 8:12 8:16 8:26 8:31 8:35 8:39 9:1 9:5 9:10 9:15 9:19 9:25 9:28 9:33 9:41 10:1 10:4 10:9 10:15 10:19 10:23 10:26 10:30 10:35 10:40 10:44 10:45 11:1 11:5 11:11 11:16 11:21 11:25 11:30 11:35 11:38 11:42 12:1 12:6 12:10 12:14 12:18 12:24 12:28 12:32 12:36 12:40 13:1 13:5 13:10 13:15 13:19 13:23 13:27 15:1 15:5 15:6 16:12 16:25 17:4 17:10 18:24 21:1 21:10 26:17 26:18 28:6 29:8 29:10 29:21 30:4 30:9 30:23 31:8 31:20 31:24 32:20 33:25 34:6 36:24 37:12 37:24 37:25 38:7 38:25 41:4 42:10 42:12 42:16 42:21 43:10 44:24 44:24 44:25 45:1 45:7 45:16 46:6 46:8 46:9 46:13 46:24 47:18 47:18 48:19 49:8 49:10 49:14 50:5 50:6 50:11 50:18 50:25 51:13 51:18 52:14 53:8 53:12 53:13 53:24 54:9 54:19 56:2 56:6 56:6 56:12 56:24 57:8 57:18 58:12 58:15 58:17 59:16 59:24 60:4 60:9 61:5 61:11 61:21 61:25 62:1 62:3 63:23 64:14 65:16 66:1 66:22 67:14 67:17 67:21 67:21 68:6 68:16 68:22 70:22 71:1 72:9 72:24 73:13 73:17 73:19 74:2 74:5 74:9 74:18 75:23 76:3 76:5 76:12 76:15 77:11 78:3 78:25 79:10 79:12 79:13 80:6 80:8 80:8 80:16 80:17 80:19 80:22 81:8 81:9 81:11 81:19 81:20 81:23 82:1 82:8 82:12 82:15 82:17 83:13 83:14 83:15 83:23 84:9 85:15 86:23 87:22 88:5 88:19 89:4 89:7 89:9 89:14 89:24 89:25 90:9 90:20 90:24 91:14 92:7 92:7 92:15 93:14 93:22 94:4 94:13 | |
| **either/or**(1) 57:12 | | | | **facts**(3) 93:7 93:20 | | | |
| **elapsed**(1) 43:11 | | | | **factual**(2) 54:8 69:7 | | | |
| **elden**(1) 9:6 | | | | **factually**(1) 72:2 | | | |
| **eldersveld**(1) 6:28 | | **event**(4) 25:15 41:24 66:11 82:9 | | **failed**(2) 33:17 66:13 | | | |
| **electing**(1) 40:9 | | **ever**(2) 43:9 71:24 | | **failure**(1) 87:2 | | | |
| **elections**(3) 20:17 83:19 83:20 | | **every**(9) 16:5 62:25 64:20 79:23 80:10 80:11 80:19 82:14 94:10 | | **fair**(7) 45:7 45:8 45:13 49:20 72:16 81:15 81:23 | | | |
| **electronic**(2) 1:49 95:6 | | | | | | | |
| **element**(1) 85:24 | | | | **fairly**(3) 20:4 25:14 72:13 | | | |
| **elicited**(1) 19:1 | | **everybody**(1) 16:13 | | **fairness**(1) 89:19 | | | |
| **elizabeth**(1) 9:37 | | **everybody's**(1) 79:17 | | **faith**(2) 46:10 89:19 | | | |
| **elliot**(1) 3:31 | | **everyone**(4) 14:3 33:22 54:4 84:16 | | **fall**(1) 16:23 | | | |
| **elnaz**(1) 13:20 | | **everyone's**(1) 90:14 | | **fallon**(1) 8:4 | | | |
| **else**(1) 84:16 | | **everything**(2) 39:11 49:1 | | **familiar**(4) 78:24 85:16 91:22 92:18 | | | |
| **embrace**(1) 63:24 | | **evidence**(19) 14:23 18:3 18:9 18:17 18:17 19:4 21:8 21:11 21:18 23:9 23:16 24:19 25:1 25:18 29:1 41:12 41:16 51:18 68:25 | | **famous**(1) 63:25 | | | |
| **emerge**(1) 64:15 | | | | **far**(2) 20:4 75:16 | | | |
| **emphasize**(2) 83:1 83:5 | | | | **fargo**(2) 10:15 13:23 | | | |
| **employed**(3) 89:22 89:4 89:12 | | | | **fcc**(1) 15:9 | | | |
| **employees**(7) 9:2 9:20 13:28 88:13 88:19 88:25 89:24 90:5 | | **evidences**(1) 47:1 | | **feasibility**(2) 22:14 22:16 | | | |
| | | **evidentiary**(4) 15:1 18:2 19:1 26:9 | | **feasible**(1) 22:18 | | | |
| **employment**(1) 92:11 | | **exact**(2) 50:14 60:11 | | **fee**(10) 39:19 43:25 46:4 48:24 48:24 50:7 50:13 51:10 51:22 52:8 | | | |
| **end**(1) 25:7 | | **exactly**(4) 36:16 51:3 51:21 | | | | | |
| **endeavored**(1) 73:23 | | **examine**(3) 23:19 26:3 26:4 | | | | | |
| **ended**(1) 92:12 | | **examiner**(1) 39:5 | | **feel**(3) 15:3 73:18 87:13 | | | |
| **engaged**(1) 65:8 | | **exception**(1) 72:20 | | **feels**(2) 38:16 85:6 | | | |
| **english**(2) 5:14 29:17 | | **exceptional**(1) 86:14 | | **fees**(1) 46:8 | | | |
| **enough**(1) 41:22 | | **exceptions**(2) 23:5 91:13 | | **feld**(4) 3:16 11:12 26:18 67:2 | | | |
| **ensures**(1) 79:2 | | **excerpts**(1) 18:14 | | **fell**(1) 42:6 | | | |
| **enter**(1) 85:25 | | **excess**(1) 25:10 | | **felt**(1) 73:21 | | | |
| **entered**(2) 80:7 86:2 | | **exchange**(1) 65:24 | | **few**(6) 16:13 17:3 37:17 50:12 84:17 84:18 85:11 | | | |
| **enterprise**(1) 20:8 | | **exchanged**(1) 56:23 | | | | | |
| **entertain**(1) 37:7 | | **excruciatingly**(1) 87:3 | | **fifth**(1) 88:11 | | | |
| **entirely**(1) 60:2 | | **exculpation**(1) 14:19 | | **fiftieth**(1) 4:42 | | | |
| **entities**(2) 48:10 48:19 | | **excuse**(1) 38:4 | | **fight**(2) 63:25 64:8 | | | |
| **entitled**(8) 40:17 70:8 75:8 78:14 82:10 83:8 92:16 93:15 | | **exhausted**(1) 87:7 | | **figure**(1) 70:18 | | | |
| | | **exhaustive**(1) 72:13 | | **file**(1) 48:20 | | | |
| **entitlement**(1) 75:11 | | **exhibit**(23) 17:6 18:22 19:11 19:12 19:13 20:2 21:10 21:14 21:18 21:19 21:20 23:12 23:16 24:8 24:11 24:12 24:18 24:22 25:1 25:3 25:3 25:3 25:20 | | **filed**(8) 27:23 30:8 32:22 48:22 51:9 72:11 88:20 89:15 | | | |
| **entity**(1) 48:21 | | | | | | | |
| **eos**(2) 12:6 12:6 | | | | **filing**(1) 25:10 | | | |
| **ephraim**(1) 8:40 | | **exhibits**(3) 18:14 18:16 19:11 | | **final**(5) 25:3 31:23 69:20 79:2 82:5 | | | |
| **equal**(1) 56:7 | | **exist**(3) 50:16 50:17 56:9 | | **finality**(1) 75:9 | | | |
| **equals**(1) 56:8 | | **existed**(1) 55:15 | | **finally**(4) 22:21 79:1 83:7 83:9 | | | |
| **equitable**(5) 45:7 45:8 45:13 49:20 81:15 | | **existence**(1) 69:3 | | **financial**(6) 19:23 21:2 21:23 22:11 22:12 62:22 | | | |
| **equity**(4) 4:8 9:41 21:3 40:4 | | **exists**(3) 18:5 18:23 45:20 | | | | | |
| **eric**(2) 5:8 7:32 | | **expanded**(1) 54:14 | | **find**(2) 14:9 37:10 | | | |
| **erroneous**(3) 41:9 41:14 41:18 | | | | | | | |

| Word | Page:Line |
|------|-----------|
| forth(10) | 22:12 24:14 25:8 25:16 26:12 29:2 57:5 67:9 67:22 72:12 |
| fortress(2) | 9:28 9:29 |
| forum(1) | 24:12 |
| forward(16) | 15:4 15:11 18:2 20:1 21:2 62:12 63:1 63:10 64:19 64:21 65:1 65:11 76:3 76:22 77:12 85:11 |
| found(7) | 31:3 36:23 38:24 41:11 41:12 55:3 56:10 |
| foundation(3) | 4:25 12:19 12:20 |
| founded(1) | 64:12 |
| four(11) | 13:27 15:1 47:22 48:17 50:25 74:1 77:13 77:19 77:23 85:16 88:25 |
| four-factor(1) | 85:15 |
| four-part(1) | 79:20 |
| four-party(1) | 86:4 |
| fourth(1) | 32:23 |
| fox(1) | 5:7 |
| frank(3) | 9:21 9:25 9:26 |
| frankly(2) | 60:24 70:19 |
| fraser(2) | 4:18 9:30 |
| fraudulent(5) | 58:15 58:24 59:15 60:3 68:9 |
| free(5) | 23:22 85:4 85:5 87:25 88:7 |
| friday(2) | 27:23 94:11 |
| friedman(4) | 10:36 29:5 32:20 44:5 |
| from(61) | 16:8 16:20 20:14 25:13 26:2 27:14 29:12 29:13 29:17 30:2 35:10 35:14 35:19 35:20 35:20 35:25 35:25 37:2 37:4 37:6 44:2 44:4 46:4 46:21 46:22 46:22 47:19 47:21 48:2 48:2 48:3 48:4 48:5 49:19 57:16 62:8 62:18 62:23 64:15 65:19 70:5 71:10 71:17 72:11 72:15 72:22 76:17 77:8 83:13 83:16 84:2 86:12 88:18 90:9 90:15 90:15 92:3 93:11 93:12 94:5 95:6 |
| front(1) | 27:14 |
| fuks(1) | 10:6 |
| full(2) | 84:10 93:19 |
| fully(5) | 62:16 82:25 83:1 83:4 83:5 |
| function(1) | 69:12 |
| fund(3) | 4:8 8:7 11:17 |
| fundamental(5) | 10:9 10:10 69:11 80:5 83:23 |
| fundamentally(3) | 47:16 57:16 60:7 |
| further(5) | 51:19 63:22 64:11 66:1 94:13 |
| gamesmanship(2) | 60:13 65:8 |
| garrison(1) | 9:34 |
| garvan(1) | 3:9 |
| gary(1) | 6:30 |
| gave(1) | 54:2 |
| gavin(1) | 7:3 |
| gecker(1) | 9:21 |
| geddes(1) | 3:23 |
| general(2) | 78:14 84:20 |
| generally(3) | 79:7 86:13 90:1 |
| gentilotti(1) | 3:8 |
| george(1) | 9:7 |
| get(25) | 15:8 16:12 17:4 17:15 24:3 38:1 40:15 64:18 66:10 77:12 77:20 79:1 80:17 80:18 84:12 84:24 84:25 85:4 86:13 87:25 88:1 88:1 88:4 88:7 91:8 |
| gets(1) | 82:6 |
| getting(5) | 15:4 40:7 66:7 70:20 85:24 |
| give(5) | 17:9 27:16 76:16 77:16 80:10 94:4 |
| given(2) | 83:24 87:17 |
| giving(3) | 43:7 43:14 82:13 |
| glad(2) | 27:13 71:20 |
| glantz(1) | 6:41 |
| global(3) | 49:9 65:20 66:4 |
| gmp(2) | 12:32 12:32 |
| go-around(1) | 90:2 |
| goes(3) | 27:11 75:15 81:5 |

| Word | Page:Line |
|------|-----------|
| going(34) | 16:15 17:2 17:3 17:5 17:7 17:15 27:14 27:16 32:16 32:18 32:25 34:3 36:7 37:7 37:17 38:1 38:7 40:15 40:22 44:18 49:17 52:16 52:18 58:19 59:11 60:8 65:2 67:6 77:12 78:1 78:8 88:6 88:14 88:15 |
| golden(6) | 3:18 17:18 67:1 67:2 71:4 71:20 |
| golden's(1) | 52:18 |
| goldfarb(1) | 6:13 |
| goldman(2) | 8:1 8:1 |
| good(23) | 14:3 14:4 14:11 15:3 17:13 26:17 29:4 29:16 30:1 30:18 31:7 38:10 57:19 67:1 71:11 76:9 77:10 81:1 82:17 83:12 87:14 88:17 89:19 |
| goods(1) | 91:7 |
| gordon(5) | 2:12 4:32 7:2 9:35 38:12 49:25 |
| got(5) | 36:1 40:8 63:5 64:18 66:8 |
| gotshal(1) | 11:5 |
| gotten(5) | 17:14 50:17 76:1 84:11 90:23 |
| governed(3) | 39:3 46:23 49:9 |
| graeme(1) | 6:11 |
| grant(1) | 11:27 |
| granted(1) | 85:17 |
| great(4) | 2:4 27:19 72:22 77:13 |
| greater(2) | 20:20 20:22 |
| greissman(1) | 5:2 |
| grippo(1) | 9:6 |
| gross(2) | 73:6 73:6 |
| grounded(2) | 59:13 68:23 |
| grounds(1) | 62:17 |
| group(6) | 6:33 6:33 8:12 8:12 9:21 9:29 9:29 9:42 12:24 12:24 64:25 91:4 |
| groups(1) | 15:18 |
| gruszka(1) | 10:11 |
| guess(6) | 49:1 57:19 60:7 77:16 87:8 93:11 |
| guff(2) | 7:15 7:15 |
| guidance(2) | 41:6 54:2 |
| gump(3) | 3:16 11:12 26:18 67:2 |
| gussis(1) | 6:41 |
| guys(1) | 64:21 |
| gwen(1) | 9:12 |
| hac(1) | 88:19 |
| had(39) | 16:3 16:8 17:18 22:6 22:17 22:19 22:20 22:21 23:2 23:3 24:15 26:2 26:22 26:23 27:2 30:12 37:3 39:5 40:24 50:2 52:4 56:9 57:2 58:4 61:4 62:11 63:2 63:16 65:9 66:5 72:21 77:2 78:15 81:21 83:6 84:11 92:10 93:2 93:9 |
| hadn't(1) | 50:17 |
| haider(1) | 10:16 |
| halcyon(2) | 10:4 10:5 |
| half(1) | 77:21 |
| hand(4) | 15:16 16:9 18:18 76:13 |
| handed(1) | 16:2 17:8 26:13 26:21 |
| handle(1) | 39:20 |
| handled(1) | 14:21 |
| happen(2) | 60:9 71:25 |
| happened(1) | 23:2 |
| happens(1) | 85:6 |
| hard(5) | 15:13 15:14 73:19 78:7 80:20 |
| harm(3) | 58:2 85:1 85:18 |
| harrisburg(1) | 1:45 |
| hartenstein(1) | 15:7 |
| has(64) | 17:14 18:11 20:13 20:14 20:24 21:7 21:10 21:21 23:7 24:10 25:17 26:25 26:25 28:16 29:21 31:15 39:19 39:23 41:2 41:11 41:13 43:11 45:10 46:1 52:19 53:15 53:20 54:5 54:7 55:18 56:3 58:22 59:14 59:19 59:25 60:1 61:3 61:25 63:1 67:10 68:19 70:17 71:13 72:17 72:18 72:19 72:23 74:2 75:22 79:21 80:22 80:21 82:3 82:25 84:14 85:9 85:11 86:15 90:16 90:22 91:24 93:6 93:17 |
| hauer(4) | 3:16 11:12 26:18 67:2 |

| Word | Page:Line |
|------|-----------|
| have(100) | 14:13 14:15 14:20 14:21 15:11 16:21 16:21 17:12 17:12 17:22 18:16 18:19 20:17 21:3 23:11 24:19 25:8 26:23 27:1 27:5 27:12 27:22 29:19 30:6 31:19 33:24 38:15 39:18 42:19 42:25 45:15 45:17 47:4 47:15 48:13 48:15 49:6 50:1 51:3 55:3 55:17 56:22 57:10 58:4 58:8 58:16 59:8 61:7 61:8 62:4 62:23 62:25 63:7 63:11 68:18 69:3 70:1 70:6 70:9 70:16 70:19 72:16 72:21 73:15 74:15 76:4 76:9 79:14 79:24 80:19 82:7 82:24 83:4 83:9 83:19 83:20 83:22 84:2 84:11 84:14 85:9 85:12 85:19 85:20 86:5 87:3 87:4 87:11 87:13 87:18 88:4 88:5 89:7 89:8 89:10 91:1 91:9 92:8 92:13 93:16 |
| haven't(1) | 27:2 |
| haven't(3) | 61:15 61:24 79:12 |
| having(6) | 36:17 64:1 69:21 81:20 89:12 92:12 |
| hazeltine(1) | 2:18 |
| hbk(2) | 7:30 7:31 |
| he's(7) | 19:24 20:1 21:9 21:22 21:23 21:23 23:7 |
| head-on(1) | 79:19 |
| heads(1) | 94:4 |
| hear(10) | 21:16 23:14 23:22 24:24 25:22 26:7 31:22 49:17 50:5 76:17 |
| heard(5) | 31:18 39:16 44:2 81:22 86:24 |
| hearing(19) | 17:3 18:10 18:11 21:25 26:9 27:15 27:17 28:14 29:8 29:11 30:9 30:10 31:5 34:2 41:3 41:25 71:4 94:10 95:2 |
| hedging(3) | 35:16 35:20 35:23 |
| heiligman(1) | 9:22 |
| held(6) | 41:4 42:11 55:14 56:20 67:12 |
| help(1) | 79:8 |
| helpful(5) | 31:14 59:23 60:8 71:19 72:10 |
| helps(1) | 79:18 |
| her(3) | 24:18 25:16 26:3 |
| hercules(1) | 5:36 |
| here(37) | 14:9 16:9 21:9 23:7 25:5 33:9 38:16 40:19 40:24 42:20 44:20 46:19 50:1 51:3 51:10 52:23 59:22 60:25 61:2 69:2 73:10 78:10 82:5 83:22 85:20 86:3 87:11 87:16 88:18 88:25 90:8 90:13 91:13 92:10 92:25 93:4 93:7 |
| here's(1) | 61:13 |
| hertz(1) | 89:1 |
| he'll(1) | 70:24 |
| he's(4) | 61:8 61:8 61:18 71:21 |
| high(7) | 44:9 58:7 58:22 69:9 69:16 73:19 74:22 |
| high-low(6) | 63:11 64:6 64:22 67:6 67:19 68:2 |
| highly(1) | 20:24 |
| him(16) | 19:21 21:10 22:1 22:3 22:21 23:10 24:6 61:6 77:2 |
| himself(1) | 39:5 |
| hire(1) | 74:12 |
| his(16) | 19:19 20:2 20:5 21:9 21:10 22:9 22:10 23:7 23:8 23:8 23:9 74:8 74:20 83:18 92:5 92:22 |
| hold(5) | 44:8 56:16 57:9 75:18 80:13 |
| holder(1) | 35:18 |
| holders(7) | 57:6 57:8 65:25 73:20 82:2 83:7 84:19 |
| holders'(1) | 75:11 |
| holding(3) | 37:2 37:5 41:2 |
| holds(3) | 37:22 39:12 54:5 |
| hole(1) | 84:8 |

| Word | Page:Line |
|------|-----------|
| holliday(3) | 9:43 73:8 74:7 |
| homerun(1) | 84:10 |
| honor(143) | 14:4 14:5 14:9 15:22 16:12 18:8 18:21 19:6 21:19 23:17 24:20 25:2 25:18 26:1 26:8 26:16 26:17 27:7 27:10 27:20 28:4 28:8 28:13 29:2 29:11 29:15 29:16 30:1 30:18 30:21 31:5 31:7 31:12 31:15 31:23 32:13 32:22 34:4 36:5 36:14 37:19 38:8 38:10 38:14 38:23 41:1 41:24 42:19 43:17 43:23 44:16 45:6 45:10 45:16 47:10 49:17 49:22 49:24 50:1 50:10 52:6 52:12 52:22 53:5 54:2 54:24 55:1 57:12 57:14 59:24 59:25 60:18 60:19 66:22 67:1 67:2 67:11 68:4 68:16 70:2 70:7 70:10 70:20 71:4 71:16 72:7 72:15 73:22 73:23 73:24 73:24 74:3 74:13 74:15 74:18 74:22 75:22 76:1 77:5 77:11 78:5 80:14 80:15 80:22 81:3 81:17 81:21 81:24 82:3 82:4 82:10 82:20 83:8 83:12 83:15 83:22 84:14 85:3 85:15 85:25 86:10 87:2 87:22 88:8 88:17 88:24 90:7 90:8 90:10 91:8 91:22 92:3 92:6 92:18 92:19 93:3 93:12 93:18 93:22 94:2 94:3 94:14 95:1 |
| honor's(4) | 33:14 35:2 55:25 56:5 |
| honorable(1) | 1:19 |
| honor's(12) | 67:6 68:2 68:11 69:24 70:9 70:18 74:5 74:8 74:11 75:17 84:6 84:7 |
| hope(6) | 27:13 44:12 66:10 73:21 90:2 94:6 |
| hopefully(1) | 39:21 |
| horan(1) | 2:5 |
| hour(2) | 65:12 77:21 |
| housekeeping(3) | 26:20 27:3 27:20 |
| how(7) | 46:16 62:22 62:25 65:4 74:25 75:14 77:14 |
| howard(1) | 2:36 |
| however(3) | 38:5 54:20 56:15 |
| hundred(1) | 40:20 |
| hundreds(1) | 43:8 |
| hurt(2) | 79:7 79:18 |
| hutz(1) | 31:8 |
| i'd(11) | 15:16 17:9 18:6 18:18 21:10 26:10 50:10 51:7 51:11 52:1 53:13 |
| i'll(8) | 15:19 41:7 49:18 51:14 52:17 53:1 53:16 54:6 |
| i'm(13) | 16:15 32:11 34:3 37:17 38:15 40:9 44:23 44:25 48:7 48:7 48:22 53:16 55:9 |
| ice(1) | 10:1 |
| identical(1) | 52:4 |
| identified(6) | 14:14 15:1 18:16 21:18 23:16 25:1 |
| identifies(1) | 15:17 |
| identify(2) | 15:18 64:20 |
| ignoring(1) | 47:20 |
| igor(1) | 10:6 |
| iii(1) | 45:8 |
| immediate(1) | 84:9 |
| impact(16) | 39:24 40:20 40:24 55:18 60:25 61:1 61:15 61:18 61:25 67:5 68:1 70:1 70:7 70:16 70:18 71:10 |
| impacted(1) | 40:6 |
| impediment(1) | 93:25 |
| implicated(1) | 60:22 |
| important(10) | 15:5 15:9 24:13 33:6 36:5 63:15 73:11 76:16 90:12 90:14 |
| importantly(1) | 73:5 |
| impose(1) | 84:16 |
| impossibility(1) | 91:8 |
| inaccurate(1) | 27:1 |
| inadvertence(1) | 65:7 |
| inapplicable(1) | 35:5 |
| inappropriate(1) | 65:14 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| inappropriately(1) 73:16 | | irrelevancy(1) 50:20 | | judge(28) 1:19 1:20 33:25 34:1 51:21 54:10 58:2 58:5 58:6 58:8 58:14 58:20 58:20 58:23 59:11 59:14 59:17 59:18 60:1 60:14 61:6 62:1 68:4 70:12 70:17 70:22 73:6 73:6 | | laughter(10) 24:7 32:3 32:6 32:10 33:18 33:20 44:15 53:3 53:6 94:12 | |
| inaugurated(1) 83:17 | | irrelevant(6) 47:24 47:25 48:11 48:14 48:19 86:8 | | judges(2) 53:2 53:4 | | laurie(1) 5:34 | |
| inc(1) 11:21 | | | | judge's(1) 73:25 | | law(31) 3:1 10:35 29:6 32:16 32:20 33:1 34:11 35:1 36:7 37:18 37:21 37:22 38:2 39:12 42:1 42:1 43:13 41:16 41:23 44:5 44:8 44:18 44:23 44:25 49:18 68:9 68:24 69:23 82:21 86:10 91:11 93:15 | |
| inception(1) 72:22 | | irreparable(1) 85:17 | | judgments(1) 69:20 | | | |
| incident(1) 83:16 | | isn't(2) 71:11 86:20 | | judicial(3) 62:18 64:1 83:21 | | lawfulness(1) 28:17 | |
| included(1) 72:7 | | issuance(1) 86:8 | | june(3) 1:14 14:1 95:10 | | lay(1) 75:21 | |
| includes(1) 27:21 | | issue(64) 14:17 17:20 22:15 24:14 24:16 31:25 32:14 33:9 35:6 37:17 38:8 39:18 41:4 43:23 52:12 52:18 54:12 54:14 54:18 54:23 55:6 55:24 56:4 57:20 58:20 58:21 60:2 60:15 60:24 61:6 61:21 61:22 61:23 61:24 62:4 62:11 63:7 63:15 63:15 64:23 65:13 67:7 67:10 69:10 71:19 72:8 73:22 74:25 76:2 76:22 77:17 77:17 77:19 77:23 78:7 78:15 79:5 80:14 88:11 88:15 89:22 93:19 | | jurisdiction(1) 69:15 | | layton(1) 3:37 | |
| including(12) 18:13 27:24 42:22 45:9 46:8 48:12 48:16 51:1 79:3 79:5 88:5 91:21 | | | | jurisprudence(2) 85:6 90:11 | | lazard(2) 20:22 22:19 | |
| inconsistency(1) 42:1 | | | | just(26) 23:18 26:20 27:1 29:21 31:15 31:24 32:8 37:3 40:1 41:18 44:1 44:2 44:7 44:13 49:18 58:12 59:21 61:1 65:13 67:11 71:6 80:13 84:2 87:23 88:20 94:14 | | lazard's(2) 22:15 | |
| inconsistent(1) 56:25 | | | | | | lbo(1) 28:10 | |
| inconvenience(1) 73:9 | | | | | | leads(5) 27:19 37:2 45:20 46:1 55:23 | |
| incorporated(1) 30:5 | | issued(2) 41:20 42:15 | | | | least(7) 15:18 16:6 33:17 48:21 76:22 78:19 87:13 | |
| incorporates(1) 65:22 | | issues(39) 14:13 14:20 14:22 15:1 17:22 27:14 28:13 28:22 31:2 42:8 52:13 53:13 53:18 54:8 54:11 54:16 55:2 60:7 61:19 63:10 63:11 64:18 64:21 72:14 74:6 76:8 76:8 77:13 78:25 80:18 82:7 83:3 83:6 83:9 86:24 86:24 92:4 92:20 94:5 | | justification(2) 38:25 49:14 | | leave(5) 21:12 23:10 76:10 84:8 94:15 | |
| incorrect(1) 45:20 | | | | justified(1) 62:16 | | leaving(1) 71:20 | |
| indaba(2) 9:1 9:1 | | | | justify(1) 65:11 | | lee(1) 7:25 | |
| indebtedness(2) 41:22 42:7 | | | | justin(2) 7:36 13:12 | | left(2) 89:3 89:25 | |
| indeed(4) 21:7 27:24 66:8 92:2 | | | | kalenchits(2) 10:23 10:23 | | legal(4) 19:7 50:24 54:8 90:16 | |
| indemnification(4) 37:25 89:15 91:15 | | it's(37) 15:5 15:9 15:9 20:8 20:10 20:12 21:16 23:14 24:24 25:16 25:22 26:13 27:1 27:10 32:15 32:17 34:14 34:23 35:11 36:5 36:8 38:7 39:10 39:20 42:21 43:17 44:7 46:9 46:25 47:7 48:19 48:23 50:21 52:1 52:16 52:23 57:20 | | kaneene(1) 10:27 | | legally(1) 51:5 | |
| indemnify(2) 46:9 91:19 | | | | kansa(1) 6:19 | | legion(1) 86:21 | |
| indemnifying(1) 88:12 | | | | karen(1) 8:44 | | legitimate(1) 57:25 | |
| indemnity(8) 89:7 89:23 90:19 91:20 92:6 92:7 92:22 93:15 | | item(2) 17:19 53:8 | | kasowitz(5) 3:1 10:36 39:25 32:19 44:4 | | lemay(8) 2:33 78:2 83:12 83:13 88:15 90:8 90:8 94:2 | |
| | | items(1) 20:19 | | kate(1) 1:36 | | lender(2) 28:11 46:4 | |
| indentification(1) 37:24 | | iteration(1) 45:17 | | katharine(1) 5:16 | | lenders(6) 5:1 7:2 28:11 43:7 47:18 49:2 | |
| indenture(45) 37:23 39:19 41:22 42:10 43:25 45:3 46:3 46:7 46:8 46:9 46:15 46:19 46:21 46:21 46:23 46:24 47:8 47:19 48:1 48:2 48:2 48:3 48:4 48:8 49:9 49:10 50:6 51:10 51:20 51:22 51:24 52:2 52:7 56:19 57:6 65:23 74:2 74:11 75:5 75:9 75:10 75:13 75:14 75:20 78:17 | | its(14) 15:2 28:9 34:17 35:23 38:6 45:16 48:22 48:23 53:19 68:7 74:1 82:7 82:13 91:19 | | katten(1) 12:20 | | leonard(1) 1:35 | |
| | | itself(3) 35:18 35:20 70:22 | | kaye(1) 11:42 | | less(3) 40:10 40:17 77:16 | |
| | | it's(25) 58:6 59:13 60:8 60:12 60:15 60:16 60:22 61:21 62:25 67:2 69:18 77:25 78:11 78:12 78:18 78:22 79:8 79:9 79:17 80:11 81:23 82:17 89:15 90:13 93:13 | | keep(3) 21:4 56:3 89:23 | | let(15) 16:9 16:16 18:25 23:18 27:4 27:5 31:17 57:24 57:24 58:10 60:20 64:15 72:17 79:18 80:20 | |
| indentures(3) 42:6 50:14 50:17 | | | | kelly(2) 10:32 95:11 | | | |
| indicate(4) 23:1 60:23 60:23 67:11 | | | | kempner(1) 8:39 | | let's(1) 40:22 | |
| indicated(5) 16:19 19:1 62:6 76:4 81:4 | | | | ken(2) 6:19 44:12 | | letting(1) 58:2 | |
| indicates(1) 49:3 | | | | kenneth(2) 7:27 12:25 | | let's(3) 64:13 66:15 77:22 | |
| indicative(1) 51:6 | | i'd(2) 74:20 88:21 | | kenny(1) 6:41 | | level(5) 3:11 22:24 72:5 84:21 87:9 | |
| indiscernible(4) 44:13 64:20 64:22 74:19 | | i'll(7) 67:9 67:11 72:20 76:17 78:6 80:19 90:18 | | kept(1) 72:24 | | levels(1) 25:10 | |
| individuals(1) 90:25 | | | | kerriann(1) 1:28 | | lewis(1) 11:17 | |
| inequitable(1) 46:1 | | | | kevin(2) 1:19 5:28 | | lexi(1) 8:4 | |
| inequitable."(1) 93:5 | | i'm(19) 59:3 63:4 67:6 71:4 71:20 73:12 73:16 77:1 77:4 78:8 80:18 83:22 88:8 88:18 88:25 90:13 93:4 93:4 93:13 | | key(1) 46:5 | | lexington(2) 3:33 4:13 | |
| inflict(2) 39:15 44:10 | | | | kidding(1) 50:15 | | liabilities(3) 50:5 50:9 62:25 | |
| infliction(1) 44:10 | | | | kill(1) 76:23 | | liang(1) 7:27 | |
| information(1) 21:4 | | i've(2) 61:17 87:13 | | kim(1) 33:24 | | libby(1) 11:2 | |
| initial(2) 41:8 69:22 | | jacobson(1) 10:20 | | kimberly(1) 6:42 | | lie(1) 24:6 | |
| initially(1) 79:22 | | james(3) 1:26 2:42 4:39 | | king(2) 3:10 3:40 | | liebentritt(2) 6:26 76:23 | |
| injury(1) 85:17 | | jane(1) 11:43 | | kjc(1) 1:5 | | life(1) 91:18 | |
| injustice(4) 41:10 41:15 41:18 69:1 | | january(1) 20:6 | | kjontvedt(3) 24:9 25:23 26:5 | | light(4) 30:4 30:11 74:10 89:9 | |
| instance(3) 36:19 36:20 45:21 58:13 | | jay(1) 5:22 | | kline(1) 6:17 | | like(26) 15:16 16:1 17:9 18:17 18:18 20:12 30:3 30:22 31:2 31:16 32:22 37:21 38:16 39:12 46:3 46:24 47:3 53:13 66:20 74:20 76:4 77:17 79:23 83:7 88:6 94:16 | |
| instances(1) 14:19 | | jeffrey(4) 6:37 6:38 11:38 11:39 | | knew(1) 65:2 | | | |
| instrument(1) 65:19 | | jeffries(1) 7:35 | | know(22) 15:5 18:8 25:14 27:5 27:15 28:25 30:11 33:19 40:21 60:8 60:14 60:16 61:22 72:14 73:4 75:15 75:22 78:11 80:21 85:3 86:10 94:8 | | likelihood(1) 85:16 | |
| intellectual(1) 70:17 | | jenner(1) 13:1 | | | | limitations(2) 43:10 93:4 | |
| intend(3) 53:19 53:23 54:18 | | jeremy(1) 4:11 | | | | limited(3) 45:8 88:19 88:21 | |
| intended(3) 68:7 74:23 79:6 | | jersey(1) 51:17 | | known(1) 65:9 | | line(4) 20:19 33:21 43:17 50:10 | |
| intent(3) 79:22 79:22 80:3 | | jessica(1) 1:27 | | knows(3) 28:8 28:13 74:22 | | liquidity(1) 22:25 | |
| intention(4) 27:11 69:25 70:13 94:9 | | jim(5) 14:7 38:10 49:24 60:19 77:11 | | korpus(1) 10:37 | | list(9) 16:19 17:14 17:15 17:17 17:23 18:22 19:11 76:8 94:5 | |
| intentionally(1) 71:7 | | joanna(1) 13:7 | | kovensky(1) 10:41 | | | |
| intercompany(1) 22:23 | | job(3) 73:21 73:22 74:1 74:21 | | krakauer(1) 6:18 | | | |
| interest(3) 22:25 46:25 85:19 | | john(1) 12:21 | | kurth(4) 4:10 9:42 52:23 74:19 | | lists(1) 19:11 | |
| interested(3) 7:11 7:35 11:35 | | johnson(1) 32:17 | | lacking(1) 89:19 | | litigants(1) 87:25 | |
| interposed(2) 16:21 17:1 | | johnston(8) 4:39 38:10 38:11 38:14 43:22 49:24 49:25 52:1 | | lam(1) 10:45 | | litigated(2) 28:14 87:19 | |
| interpretation(1) 78:17 | | | | landis(2) 2:25 2:27 | | litigating(1) 73:24 | |
| interrelation(1) 36:9 | | | | lang's(1) 44:12 | | litigation(11) 38:20 58:4 68:19 69:8 70:1 73:25 81:8 81:11 84:9 89:10 89:11 | |
| interrupting(1) 18:25 | | | | language(7) 24:14 28:1 56:18 89:6 89:18 89:23 90:3 | | | |
| intervening(1) 68:24 | | johnston's(1) 44:21 | | | | | |
| into(26) 15:19 18:3 18:17 18:17 21:8 21:11 21:18 23:16 24:19 25:1 25:17 27:20 32:12 36:8 37:2 43:13 44:21 45:23 49:16 51:23 63:5 69:10 70:24 71:24 85:2 90:21 | | jointly(1) 11:20 | | large(2) 45:7 57:20 | | little(5) 20:15 60:12 73:12 77:19 81:5 | |
| | | jones(6) 4:38 7:20 7:39 7:40 8:19 38:11 | | lashko(1) 9:36 | | litvack(1) 11:6 | |
| investment(4) 9:28 9:29 10:10 10:10 | | joshua(2) 4:40 12:42 | | last(25) 15:15 17:6 19:18 19:22 20:6 20:7 21:5 21:25 22:12 22:22 23:2 23:3 24:15 27:23 38:19 38:22 43:3 43:20 44:20 73:11 77:5 84:3 84:4 84:7 87:6 | | llc(5) 2:18 8:12 8:35 9:6 9:25 | |
| investments(3) 20:11 20:11 21:3 | | jpmorgan(2) 11:1 48:23 | | | | | |
| investors(2) 13:15 13:15 | | | | latches(1) 62:18 | | | |
| involve(1) 92:9 | | | | late(2) 79:4 89:14 | | | |
| involved(2) 42:2 42:5 | | | | later(5) 41:19 62:7 72:9 83:2 84:12 | | | |
| involvement(2) 72:12 93:9 | | | | latter(1) 48:5 | | | |
| involving(1) 83:17 | | | | | | | |

| Word | Page:Line |
|------|-----------|

**llp(22)** 1:25 2:32 2:41 3:16 5:1 5:7 5:33 6:4 6:10 8:31 8:43 9:21 11:1 11:5 11:12 11:17 11:38 11:42 12:20 13:1 13:19 13:23

**loan(38)** 34:13 34:15 34:16 34:19 34:20 34:21 35:6 35:9 35:11 35:14 35:17 35:21 35:25 36:4 36:19 36:24 37:6 37:11 37:13 38:4 38:5 39:1 39:6 42:4 42:10 42:12 42:14 42:16 42:17 43:5 43:13 43:18 48:12 48:16 48:23 48:25 50:3 51:10

**loaned(6)** 37:25 46:14 47:2 47:7 49:8
**loans(2)** 36:24 37:12
**loath(1)** 41:6
**lodge(1)** 31:8
**logic(2)** 34:23 35:1
**long(3)** 26:14 43:11 77:14
**longer(7)** 56:12 56:13 56:21 75:9 75:18 75:19 75:20

**look(9)** 20:3 22:21 26:23 32:4 40:22 45:10 45:10 51:19 72:3

**looked(1)** 48:25
**looking(1)** 21:2
**looks(1)** 38:5
**loomed(1)** 89:9
**los(1)** 4:43
**losers(2)** 87:5 87:6
**loss(1)** 86:16
**lost(2)** 85:9 87:19
**lot(4)** 14:12 22:8 49:1 90:17
**lou(1)** 89:1
**low(13)** 55:19 55:25 58:7 58:22 64:25 69:9 69:16 70:4 70:9 70:15 73:24 74:24 75:17

**lower(1)** 58:16
**ltd(1)** 4:9
**lugano(1)** 1:41
**lumped(1)** 48:9
**lumping(2)** 45:23 49:19
**lumps(1)** 46:14
**lynch(2)** 5:33 11:42
**made(22)** 17:13 17:20 17:21 30:22 31:4 55:1 59:19 61:3 65:9 65:24 67:12 68:19 71:6 84:2 85:9 85:21 86:20 87:2 87:8 90:17 90:23 92:5

**madlyn(1)** 11:45
**maintain(1)** 85:8
**maintained(1)** 79:3
**maintains(2)** 34:17 37:8
**major(2)** 14:12 25:5
**majority(1)** 72:25
**make(20)** 17:4 28:6 30:7 31:20 32:1 36:7 43:16 59:2 59:22 61:5 61:6 66:17 69:16 69:25 70:10 73:7 75:3 76:18 86:8 94:7

**makes(2)** 39:22 86:9
**making(6)** 20:17 28:4 36:10 60:1 62:8 79:10

**management(22)** 3:16 4:10 7:7 7:7 7:11 7:20 7:24 7:31 7:31 8:7 8:27 8:27 10:5 10:5 11:12 11:26 11:26 12:41 12:41 13:6 13:16 26:19

**mandate(2)** 74:1 74:2
**mandatory(1)** 42:21
**manges(1)** 11:5
**manhattan(1)** 4:19
**manifest(4)** 41:9 41:15 41:18 68:25
**many(1)** 69:24
**marc(4)** 2:35 6:5 12:11 31:7
**march(1)** 31:4
**mark(1)** 9:43
**marked(3)** 20:1 20:24 24:11

**market(8)** 1:11 2:20 2:28 4:3 4:20 5:10 5:37 19:24

**marsal(1)** 9:25
**marsalis(1)** 21:22
**martin(1)** 2:11
**massive(1)** 43:5
**material(2)** 25:7 40:24
**math(1)** 40:9
**matter(7)** 20:18 26:20 58:23 61:10 69:4 70:21 95:7

**matters(3)** 52:24 53:7 86:24
**matthew(6)** 3:3 9:17 9:25 9:26 10:2 10:20
**mauceri(1)** 11:18
**mauro(1)** 11:22
**may(16)** 14:5 14:6 15:22 16:12 30:19 33:24 58:5 73:14 74:15 74:17 81:1 81:10 81:12 89:7 89:11 94:15

**maybe(7)** 32:24 33:19 60:15 65:10 73:12 73:16 77:21

**mayer(1)** 5:16
**mccarter(2)** 5:14 29:17
**mccolm(1)** 9:37
**mccormack(1)** 6:7
**mccormick(2)** 4:24 12:18
**mccutchen(2)** 8:31 11:38
**mcdaniel(1)** 3:9
**mcneill(1)** 5:35
**mdl(22)** 53:21 54:3 54:5 54:8 58:4 58:8 59:12 60:2 60:9 61:11 61:12 61:16 61:20 62:1 67:6 68:3 68:10 68:18 70:2 70:5 70:7 73:4

**meagher(1)** 3:11
**mean(7)** 15:9 20:9 48:8 50:15 61:3 66:9 86:22

**means(3)** 79:20 86:23 87:15
**mechanical(1)** 75:13
**mechanism(2)** 81:19 89:13
**mediation(3)** 73:5 73:7 73:10
**medical(1)** 51:17
**meet(1)** 88:4
**meeting(1)** 83:18
**meisel(1)** 1:34
**member(1)** 72:18
**memo(1)** 82:21
**memorandum(9)** 34:24 35:2 35:4 36:13 36:22 38:6 47:12 47:23 51:1

**memory(1)** 71:11
**mention(1)** 72:20
**mentioned(2)** 15:10 40:17
**mere(1)** 86:7
**merit(1)** 85:17
**merrill(2)** 5:33 11:42
**mester(1)** 4:40
**met(1)** 85:15
**metals(1)** 92:17
**methodology(3)** 19:22 22:4 22:5
**michael(5)** 7:12 8:31 8:32 10:32 89:1
**mid-american(2)** 91:17 92:1
**might(4)** 17:10 31:14 71:19 72:10
**mike(1)** 12:7
**miles(1)** 6:20
**miller(1)** 10:1
**million(14)** 20:10 40:2 56:7 56:24 56:24 59:16 59:17 68:14 75:7 75:8 75:12 84:18 84:19 86:17

**millions(1)** 43:8
**mills(1)** 1:28
**mind(1)** 83:16
**minimum(1)** 86:18
**minor(1)** 23:4
**minute(2)** 38:1 72:20

**minutes(5)** 16:13 17:4 37:17 77:17 77:21
**misses(1)** 81:18
**misspoke(1)** 55:9
**mistake(1)** 32:1
**mistaken(1)** 71:6
**moment(3)** 17:3 58:12 90:18
**momentous(1)** 67:3
**monarch(2)** 10:30 10:31
**money(15)** 36:24 37:12 37:25 46:14 47:1 47:6 49:8 49:11 66:7 66:10 75:15 79:15 80:13 82:8 86:7

**months(3)** 24:2 87:12 89:9
**more(15)** 14:20 22:17 22:18 27:13 39:14 51:11 72:25 76:22 77:20 77:21 78:13 79:5 86:19 93:7 93:21

**morgan(4)** 3:30 5:27 11:5 11:17
**morning(2)** 26:17 27:24
**morris(1)** 4:25
**moskowitz(1)** 3:31
**most(6)** 15:15 20:18 69:5 72:4 72:24 76:16
**mostly(1)** 78:8
**motion(17)** 52:14 53:8 53:13 53:15 53:18 62:3 62:15 62:17 65:11 66:6 66:11 68:5 68:11 68:21 69:5 71:2 78:10 80:21

**motions(1)** 84:25
**movant(1)** 69:22
**movants(4)** 68:5 68:10 68:15 69:2
**move(12)** 15:6 15:11 18:1 18:5 20:14 27:14 32:12 61:5 61:25 68:22 76:3 76:22 77:12

**moving(3)** 15:4 69:6 76:6
**much(4)** 47:15 60:13 86:11 86:19
**muchin(1)** 12:20
**multiple(2)** 48:21 49:4
**multiples(1)** 19:24
**must(13)** 33:16 34:12 34:20 37:20 45:17 45:18 47:12 68:23 78:14 83:24 85:7 92:8 93:8

**mutually(1)** 28:1
**myers(1)** 8:16
**myrick(1)** 6:21
**myself(1)** 80:18
**nachman(1)** 11:27
**name(2)** 33:24 75:16
**narrower(1)** 14:11
**nature(10)** 36:20 37:6 37:20 39:2 39:11 42:24 47:10 49:6 49:12 74:11

**necessarily(1)** 26:24
**necessary(3)** 15:9 28:5 60:13
**need(13)** 19:14 38:7 40:21 51:18 59:2 59:3 59:18 68:25 79:16 80:9 85:21 86:5 88:1

**needed(1)** 79:15
**needs(4)** 24:2 36:3 73:2 85:1
**negligence(1)** 46:10
**neither(4)** 25:7 28:15 49:20 69:2
**never(3)** 47:15 52:2 75:2
**nevertheless(1)** 46:14
**new(26)** 2:15 2:38 2:44 3:5 3:5 3:20 3:34 4:14 5:4 5:4 5:18 5:30 11:16 11:16 26:2 29:6 32:20 38:15 41:12 41:13 41:16 41:16 44:5 53:22 68:4 68:25 83:13

**newer(1)** 22:16
**newly(1)** 83:17
**newman(1)** 11:13
**news(4)** 7:39 14:11 17:14 57:19
**next(10)** 17:15 18:3 19:16 21:19 36:6 38:8 43:23 49:16 52:12 54:15

**nexus(1)** 35:21
**nikov(1)** 11:32
**nine(2)** 24:2 94:6
**nobody(5)** 21:6 21:9 23:8 23:10 25:17
**nolan(1)** 9:12

**nolter(1)** 11:35
**nomura(2)** 10:19 10:19
**non(1)** 51:12
**non-appealable(1)** 82:5
**non-avoidability(1)** 43:3
**non-controlled(1)** 20:11
**non-moving(3)** 85:18 86:17
**non-tendering(7)** 54:6 55:8 55:12 55:20 62:20 63:21 71:10

**none(3)** 46:10 85:19 85:20
**nor(2)** 49:20 71:23
**north(6)** 2:20 3:10 3:40 5:10 5:37 20:15
**not(120)** 14:10 16:7 16:15 17:2 26:1 26:22 26:23 26:23 26:25 27:25 28:4 30:7 30:11 34:21 35:11 35:20 36:17 37:12 37:25 39:6 40:6 41:22 42:4 42:11 42:13 42:17 43:18 44:7 44:9 44:16 44:16 44:25 45:8 45:24 46:13 46:21 47:8 47:8 49:11 51:11 52:8 54:2 54:6 54:13 54:17 54:18 54:21 55:13 55:14 55:17 55:18 57:3 57:12 57:20 58:7 58:13 58:23 59:3 59:18 60:10 60:11 60:12 60:13 60:15 61:25 63:17 63:23 65:6 69:25 70:7 70:10 71:7 71:8 72:2 72:4 72:19 72:21 74:4 74:5 75:1 75:12 75:20 78:8 78:11 78:11 78:13 78:18 79:2 80:23 81:10 81:15 81:19 81:21 82:2 82:5 82:6 83:5 84:1 84:10 84:17 84:17 84:25 85:17 85:22 86:3 86:8 87:4 88:6 88:12 90:15 91:11 91:13 92:10 92:15 92:16 93:5 93:6 93:23 94:8 94:14

**notable(1)** 43:4
**note(15)** 30:4 46:25 49:9 50:13 50:14 50:16 50:16 57:4 65:21 65:21 65:24 66:4 67:15 67:15 67:16

**noted(5)** 23:5 24:20 41:10 93:3 93:13
**noteholder(11)** 50:7 51:19 51:22 51:25 52:13 63:17 63:19 66:21 71:7 71:12 71:23

**noteholders(36)** 25:11 33:7 38:17 38:21 39:12 39:25 40:2 40:5 40:8 40:17 40:20 40:24 51:25 52:15 52:17 53:25 56:11 56:16 56:20 56:23 57:2 57:15 62:20 62:21 63:20 63:21 63:25 64:8 64:16 66:5 68:8 68:13 72:23 73:16 75:1 75:18

**notes(24)** 40:4 43:25 45:22 46:15 46:20 46:22 46:23 47:9 47:17 47:20 47:21 48:3 48:5 48:9 49:8 49:20 49:20 63:24 66:5 67:13 71:25 72:5 72:6 72:7 74:10

**nothing(4)** 39:10 41:2 49:3 70:21
**noting(1)** 39:2
**notwithstanding(2)** 37:12 68:14
**novod(1)** 2:11
**now(37)** 21:7 22:4 23:18 28:7 32:23 33:9 34:23 35:18 36:5 38:1 38:11 39:7 39:13 39:21 41:4 43:6 43:11 43:20 44:18 46:19 47:14 49:16 50:5 50:20 55:23 63:12 64:10 65:12 66:15 69:8 78:22 79:7 86:20 87:16 93:17 93:21 94:6

**number(8)** 16:22 37:17 42:21 68:20 72:13 76:2 76:7 94:5

**numbered(2)** 16:4 16:6
**numbers(3)** 17:16 30:24 31:3
**numerosity(1)** 25:12
**o'connor(1)** 4:17
**oaktree(9)** 4:31 7:19 7:24 38:11 39:13 39:15 39:20 44:9 49:25

**oath(1)** 23:3
**obama(1)** 83:18
**object(4)** 24:21 25:19 38:22 89:5
**objected(5)** 21:6 21:7 23:7 25:8 25:17 28:20 28:25 63:2 63:22

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **objecting**(1) 40:12 | | **opportunity**(5) 26:23 61:4 62:12 80:19 86:23 | | **paraphrase**(1) 38:15 | | **phones**(80) 41:22 42:6 42:10 48:14 54:6 55:4 55:7 55:8 55:11 55:12 55:16 55:19 |
| **objection**(34) 21:13 21:17 23:11 23:15 24:20 24:25 25:23 30:7 32:23 38:24 39:10 39:17 43:24 52:3 52:9 52:14 53:10 55:23 62:15 62:17 65:15 66:23 79:19 80:15 81:3 81:17 82:20 88:12 88:12 88:19 88:22 90:10 90:11 92:5 | | **opposed**(6) 28:12 59:17 60:4 75:7 81:22 90:1 | | **parent**(10) 22:24 28:24 34:22 36:17 36:19 40:15 42:3 47:3 84:19 84:21 | | 55:20 55:25 55:25 55:25 56:2 56:6 56:10 56:11 56:16 56:16 56:19 57:6 57:7 57:8 57:9 57:16 57:18 58:7 58:7 58:16 58:17 58:22 58:22 59:16 62:19 62:22 63:11 64:6 |
| | | **opposition**(1) 57:7 | | | | 64:22 64:25 66:4 66:21 67:6 67:13 67:15 67:15 67:16 67:19 68:3 69:8 69:9 69:10 |
| | | **opted**(2) 40:3 40:6 | | **parent's**(1) 37:15 | | 69:17 69:17 70:9 70:15 71:9 71:9 |
| | | **options**(1) 66:4 | | **park**(3) 3:19 5:17 8:44 | | 71:10 71:25 72:6 72:23 72:25 73:19 73:20 |
| **objections**(35) 14:21 15:14 15:16 15:17 15:18 16:19 16:21 16:23 16:25 17:1 17:4 17:7 21:6 24:19 26:12 27:21 27:22 28:22 28:19 29:1 29:8 29:9 29:15 29:20 30:21 30:23 31:10 31:19 32:14 32:24 45:6 77:24 84:1 92:21 93:23 | | **oral**(2) 17:10 28:5 | | **parke**(4) 2:32 6:4 83:13 90:9 | | 73:21 73:24 74:3 74:4 74:22 74:25 75:6 |
| | | **order**(13) 14:18 39:14 44:9 61:14 79:2 | | **parked**(2) 79:9 79:18 | | 75:9 75:17 75:18 75:20 77:25 |
| | | 79:25 80:7 85:7 86:1 86:2 86:12 86:13 92:7 | | **part**(5) 18:25 22:9 22:10 30:11 63:8 | | |
| | | **ordered**(1) 18:12 | | **participants**(1) 31:18 | | **phones**(1) 78:12 |
| | | **orders**(1) 62:10 | | **particular**(4) 28:2 28:24 72:5 78:20 | | **phrase**(5) 42:14 44:11 45:11 51:23 61:7 |
| **objectors**(1) 45:2 | | **original**(5) 18:10 35:4 36:15 37:8 69:22 | | **particularly**(3) 43:4 44:22 53:17 | | **pieces**(1) 84:4 |
| **obligation**(6) 35:16 35:23 46:5 46:6 46:13 47:6 | | **orlando**(1) 89:2 | | **parties**(23) 14:13 18:12 26:10 26:25 28:1 28:12 31:20 42:23 45:12 50:5 50:9 53:16 | | **pinnacle**(2) 92:6 92:18 |
| | | **other**(44) 15:10 17:22 22:24 28:12 28:19 | | 53:20 68:22 73:6 76:17 84:23 85:18 86:2 | | **place**(1) 34:4 |
| | | 28:24 34:21 36:17 36:19 37:15 39:16 40:7 | | 86:5 86:17 87:6 87:17 | | **placing**(1) 49:4 |
| **obligations**(8) 21:4 35:20 42:24 46:18 47:5 49:11 50:19 91:24 | | 40:14 42:3 42:5 46:17 46:24 47:3 47:3 47:4 47:6 48:14 48:21 49:1 60:6 61:2 | | | | **plain**(1) 63:19 |
| | | 61:13 62:3 64:5 66:21 67:16 71:4 71:10 | | **partners**(11) 8:39 10:40 10:44 10:44 11:31 | | **plains**(1) 5:24 |
| | | 72:10 73:15 76:6 76:13 79:23 80:10 80:11 | | 12:6 12:6 12:14 12:14 12:14 12:36 12:36 | | **plan**(84) 14:8 14:15 14:18 18:15 19:12 |
| **observation**(1) 76:6 | | 81:24 82:14 83:7 89:10 | | | | 27:23 27:25 28:9 28:20 29:9 30:7 30:22 |
| **obviate**(2) 80:9 80:18 | | | | **partners,lp**(1) 11:31 | | 31:11 31:12 31:24 32:17 32:23 34:15 |
| **obvious**(2) 39:13 76:5 | | **others**(3) 30:3 45:12 76:17 | | **party**(7) 7:11 7:35 11:35 60:10 85:6 85:9 | | 34:25 35:7 35:12 37:7 38:19 40:1 41:2 |
| **obviously**(9) 15:10 31:24 38:18 60:11 69:2 71:8 76:12 77:23 78:9 | | **otherwise**(3) 41:3 45:20 84:19 | | 87:24 | | 41:3 42:13 45:10 45:11 45:16 46:2 46:14 |
| | | **ought**(1) 24:15 | | | | 46:16 47:14 47:23 51:19 51:20 52:11 52:1 |
| | | **our**(56) 20:18 21:3 25:9 25:16 26:20 | | **parver**(1) 11:43 | | 52:1 52:3 52:4 53:24 55:22 56:2 56:6 |
| **occurred**(1) 58:25 | | 27:10 27:13 28:12 28:16 28:19 28:25 | | **passage**(2) 28:16 93:12 | | 56:18 60:20 61:21 62:25 63:17 63:17 65:1 |
| **october**(7) 14:12 20:7 43:20 64:13 92:3 | | 28:25 29:2 29:8 29:14 29:20 29:22 30:6 | | **past**(1) 20:16 | | 71:7 71:12 71:23 71:24 72:3 75:1 78:2 |
| 92:20 93:1 | | 31:9 31:10 32:5 33:7 33:16 34:17 37:1 | | **paul**(4) 4:12 9:33 52:22 74:19 | | 79:2 79:6 80:12 80:15 81:7 81:15 81:16 |
| | | 45:6 47:14 50:22 51:1 54:12 54:16 55:23 | | **pauley**(21) 53:21 54:11 58:2 58:5 58:6 | | 82:11 82:16 82:18 82:19 83:4 83:8 83:15 |
| **off**(5) 16:11 17:17 17:22 63:25 64:8 | | 57:5 61:11 61:23 62:2 62:9 65:1 65:17 | | 58:8 58:14 58:20 58:21 58:23 59:11 59:14 | | 84:5 84:11 84:25 89:5 89:18 90:1 90:3 |
| **offer**(10) 18:3 21:1 21:10 23:8 24:18 | | 67:9 67:10 67:22 73:21 74:11 75:21 79:13 | | 59:18 60:1 60:14 61:6 62:1 68:4 70:12 | | 93:5 93:24 93:25 |
| 25:17 34:25 71:18 82:17 88:21 | | 81:3 81:17 81:18 85:3 85:15 86:9 89:15 | | 70:17 70:22 | | |
| | | 90:18 91:16 94:9 | | | | **plan's**(3) 34:13 39:6 52:7 |
| **officers**(4) 9:6 31:9 91:2 91:19 | | **ours**(1) 81:5 | | **pause**(3) 23:18 27:4 39:9 | | **plans**(3) 43:19 55:5 78:24 |
| **official**(3) 2:25 6:3 83:14 | | **ourselves**(1) 14:9 | | **paxson**(3) 13:28 88:14 88:18 | | **plausible**(1) 40:13 |
| **officially**(1) 26:11 | | **out**(27) 15:4 15:6 15:8 22:5 22:7 24:13 | | **pay**(1) 46:6 | | **plausibly**(1) 87:20 |
| **okay**(11) 16:14 17:11 19:9 27:8 27:18 | | 26:21 35:11 35:16 36:4 39:23 41:19 47:7 | | **paying**(1) 57:8 | | **plaza**(2) 2:37 3:11 5:36 |
| 27:19 52:20 59:5 59:8 76:14 78:4 | | 50:16 50:21 51:2 54:16 62:6 63:16 66:7 | | **payment**(4) 37:24 46:25 49:10 66:21 | | **pleading**(2) 67:9 67:22 |
| | | 66:10 70:18 74:6 74:24 75:21 85:4 91:25 | | **payments**(7) 63:23 63:24 65:20 65:22 | | **pleadings**(5) 30:5 30:8 72:11 73:14 80:8 |
| **oksana**(1) 9:36 | | | | 65:24 66:3 66:20 | | **please**(5) 14:2 30:19 33:25 64:2 81:2 |
| **olinsky**(2) 11:38 11:39 | | **outright**(1) 73:20 | | | | **pleasure**(1) 52:23 |
| **olivia**(1) 11:22 | | **outset**(2) 26:22 27:6 | | **peg**(1) 7:41 | | **podium**(2) 26:10 83:16 |
| **once**(1) 75:17 | | **outstanding**(3) 56:12 56:21 75:6 | | **pending**(11) 53:21 68:3 68:9 79:21 79:24 | | **point**(20) 9:15 9:16 34:23 43:3 45:15 49:7 |
| **one**(65) 1:29 3:19 3:39 12:36 12:36 16:8 | | **over**(6) 15:15 17:15 26:10 38:16 78:15 | | 80:6 80:13 80:17 82:13 82:15 88:20 | | 50:21 59:4 65:15 73:11 74:24 75:2 78:20 |
| 19:17 21:7 21:23 22:22 22:23 23:7 25:5 | | 90:21 | | | | 79:10 79:14 80:15 80:19 81:18 82:20 |
| 26:20 29:8 33:1 33:17 33:21 35:12 36:10 | | | | **pennsylvania**(1) 1:45 | | 89:17 |
| 36:10 37:12 38:3 39:14 40:10 40:18 41:12 | | **over-sensitive**(2) 73:12 73:17 | | **people**(7) 17:4 20:17 24:16 27:12 44:1 | | **pointed**(3) 50:21 54:16 62:6 |
| 42:2 42:22 43:8 44:9 46:6 47:2 47:24 | | **overall**(3) 20:10 45:15 49:7 | | 63:18 76:4 | | **pointing**(1) 79:11 |
| 48:1 48:21 60:5 62:18 62:23 63:1 63:1 | | **overcome**(1) 41:23 | | **percent**(9) 25:11 25:13 25:13 40:1 40:5 | | **points**(5) 62:14 67:11 68:19 71:18 72:10 |
| 63:10 64:5 64:21 66:4 66:6 67:5 68:20 | | **overlap**(1) 53:13 | | 40:8 40:10 40:18 56:8 | | **political**(2) 83:18 83:20 |
| 68:23 69:1 71:4 72:20 76:22 79:1 79:5 | | **overrule**(1) 52:9 | | | | **polk**(2) 3:30 11:1 |
| 79:5 79:21 80:20 82:17 88:1 88:2 88:3 | | **overruled**(2) 29:10 38:23 | | **perfectly**(1) 76:11 | | **pool**(1) 40:16 |
| 89:24 89:25 92:25 | | **overrules**(1) 80:14 | | **perforce**(1) 37:19 | | **portion**(2) 71:1 91:12 |
| | | **overwhelmingly**(1) 25:14 | | **performance**(1) 22:11 | | **position**(20) 37:8 37:9 60:22 61:21 61:22 |
| **one's**(1) 37:11 | | **owed**(1) 47:5 | | **perhaps**(4) 73:16 73:17 73:19 90:24 | | 61:23 62:6 62:8 62:9 62:19 63:25 64:7 |
| **one-half**(2) 40:10 40:18 | | **own**(4) 73:20 74:3 74:4 74:8 | | **period**(2) 17:19 90:22 | | 64:8 64:10 65:9 65:10 67:9 72:16 89:16 |
| **one-page**(1) 18:22 | | **owner**(1) 35:12 | | **perkins**(1) 10:15 | | 89:21 |
| **one-third**(1) 84:22 | | **o'melveny**(1) 8:16 | | **permission**(1) 88:21 | | **positioning**(1) 72:15 |
| **ones**(2) 33:4 33:4 | | | | **permit**(1) 37:14 | | **positions**(3) 26:25 44:9 44:11 |
| **onex**(2) 10:40 10:40 | | **p.a**(1) 1:35 | | **perpetual**(1) 87:4 | | **possible**(1) 89:23 |
| **ongoing**(2) 70:1 92:24 | | **p.m**(5) 1:15 14:1 77:8 77:8 95:2 | | **person**(3) 33:17 64:16 80:20 | | **possibly**(3) 27:11 85:14 86:23 |
| **only**(15) 21:1 30:4 30:7 40:13 44:25 45:8 | | **packet**(1) 25:7 | | **personally**(1) 44:8 | | **post**(3) 79:12 79:16 90:21 |
| 45:18 45:24 55:2 57:6 63:12 73:17 82:2 | | **page**(10) 16:2 16:5 16:20 16:20 16:24 | | **peter**(2) 8:28 10:11 | | **post-facto**(1) 72:14 |
| 86:3 94:8 | | 18:22 19:10 20:4 82:21 93:14 | | **petition**(8) 56:20 60:6 66:22 89:3 90:12 | | **post-petition**(6) 89:24 90:16 90:22 91:25 |
| | | | | 90:22 91:16 92:12 | | 92:24 93:9 |
| **onto**(1) 39:17 | | **pages**(7) 16:4 16:25 17:6 26:12 33:14 92:4 | | | | |
| **open**(1) 18:21 | | 92:20 | | **phillips**(3) 31:7 31:8 | | **posted**(1) 86:16 |
| **operate**(1) 89:16 | | | | **phone**(3) 17:13 31:15 44:12 | | **potential**(1) 43:1 |
| **operating**(1) 20:9 | | **pain**(3) 39:15 44:10 45:12 | | | | **potter**(1) 5:33 |
| **operator**(6) 33:23 34:1 34:3 34:5 34:7 | | **papers**(10) 29:2 54:17 75:21 75:22 78:8 | | | | **ppearances**(2) 1:23 2:1 |
| **opers**(1) 10:1 | | 85:3 86:9 88:20 90:18 91:17 | | | | **practice**(1) 80:21 |
| **opinion**(12) 24:15 28:15 36:15 38:24 | | | | | | **prayer**(1) 68:5 |
| 41:10 41:17 41:19 63:9 63:10 92:3 92:3 | | **pappas**(4) 88:17 88:18 88:24 90:7 | | | | **pre**(1) 90:15 |
| 93:3 | | **parable**(1) 14:10 | | | | **pre-petition**(4) 89:25 90:21 91:3 92:14 |
| **opinions**(1) 42:2 | | **paragraph**(3) 51:1 82:20 83:2 | | | | **pre-stay**(1) 88:7 |
| **opportune**(1) 80:16 | | **paragraphs**(1) 72:13 | | | | **precedential**(1) 58:8 |
| | | | | | | **preceding**(1) 30:3 |

| Word | Page:Line |
|---|---|
| precisely(1) 50:21 | |
| precluding(1) 62:8 | |
| preclusive(1) 70:10 | |
| preference(2) 88:13 89:8 | |
| pregnant(1) 24:2 | |
| prepared(1) 76:3 | |
| prescribed(1) 88:5 | |
| present(1) 74:10 | |
| presentation(1) 28:5 | |
| presented(1) 67:5 | |
| presently(1) 57:18 | |
| preservation(1) 79:9 | |
| preserve(8) 17:1 26:11 26:11 28:5 29:22 79:16 85:7 85:10 | |
| preserved(1) 72:8 | |
| president(2) 83:17 83:18 | |
| pressed(1) 52:2 | |
| presumptuous(1) 78:22 | |
| pretty(6) 15:3 39:10 48:19 59:13 75:21 91:18 | |
| prevailed(2) 64:2 65:9 | |
| prevailing(2) 84:24 87:6 | |
| previously(2) 15:7 28:20 | |
| price(1) 6:37 | |
| primoff(1) 11:45 | |
| principal(2) 46:25 56:9 | |
| principle(1) 82:11 | |
| prior(16) 17:1 28:14 28:19 29:1 29:9 29:14 41:1 41:7 41:19 52:3 67:18 78:18 84:24 89:3 92:2 92:12 | |
| priority(9) 48:14 48:16 50:19 50:23 87:1 91:14 91:23 92:8 92:17 | |
| pro(1) 88:19 | |
| probably(2) 86:19 93:19 | |
| problem(3) 27:5 80:5 81:25 | |
| procedural(1) 69:4 | |
| procedurally(2) 79:20 80:16 | |
| procedure(1) 64:20 | |
| proceed(2) 14:5 16:12 | |
| proceeding(12) 14:24 18:13 18:23 19:18 19:21 21:22 28:9 61:16 61:20 68:3 69:21 70:2 | |
| proceedings(3) 1:18 1:49 95:7 | |
| process(14) 15:10 15:11 63:6 73:5 78:21 79:3 80:12 86:20 86:22 86:22 86:23 87:2 87:3 88:12 | |
| produced(1) 1:50 | |
| profiles(1) 43:1 | |
| progress(2) 17:21 94:7 | |
| promptly(1) 74:12 | |
| proof(6) 48:18 48:20 48:22 49:4 51:5 51:9 | |
| proper(1) 69:15 | |
| prophylactic(1) 60:16 | |
| proponent(1) 71:22 | |
| proponents(13) 18:16 31:25 32:17 34:25 35:13 47:14 47:23 60:20 78:2 82:16 82:19 83:15 90:10 | |
| proponents'(3) 61:22 81:16 82:12 | |
| propose(2) 18:1 18:6 | |
| proposed(2) 51:20 72:4 | |
| proposition(4) 50:25 83:23 90:13 92:7 | |
| prospect(1) 84:9 | |
| protect(1) 82:1 | |
| protection(1) 82:8 | |
| protocol(1) 21:5 | |
| prove(1) 93:16 | |
| proven(1) 79:17 | |
| provide(1) 17:3 | |
| provided(4) 14:23 24:15 28:6 46:7 | |
| provides(6) 20:22 22:12 46:24 50:18 51:15 81:8 | |

| Word | Page:Line |
|---|---|
| provision(13) 14:19 45:9 57:8 65:23 66:12 66:14 66:16 66:20 75:10 75:12 75:13 75:14 78:17 | |
| provisions(4) 33:3 49:21 57:6 79:6 | |
| public(2) 21:1 85:19 | |
| pulls(2) 37:1 37:2 | |
| pure(1) 79:9 | |
| purportedly(1) 54:22 | |
| purpose(3) 29:11 58:17 83:15 | |
| purposes(11) 29:22 30:4 42:10 42:12 53:24 56:2 56:6 58:16 60:5 67:14 67:17 | |
| pursuant(3) 55:9 55:12 65:21 | |
| pursue(1) 86:2 | |
| pursuing(2) 52:4 73:3 | |
| pursuit(1) 82:13 | |
| put(13) 18:17 20:1 20:16 20:21 20:25 22:22 27:12 63:1 63:10 64:13 69:10 83:16 84:12 | |
| qualified(1) 19:20 21:24 | |
| question(9) 16:1 19:18 58:1 58:10 58:13 60:21 68:1 69:8 87:17 | |
| questions(4) 21:10 58:3 80:22 88:9 | |
| quickly(1) 15:6 | |
| quite(7) 14:11 16:22 60:24 67:20 73:19 81:4 90:13 | |
| quo(2) 85:7 85:10 | |
| quote(2) 41:7 93:11 | |
| quoting(2) 93:4 93:13 | |
| rachel(1) 11:18 | |
| raise(1) 86:24 | |
| raised(5) 14:21 31:10 53:18 54:13 57:25 | |
| randall(1) 7:16 | |
| rank(1) 50:19 | |
| rapidly(1) 76:7 | |
| rath(2) 2:25 2:26 | |
| rather(6) 18:4 36:18 36:19 37:8 48:20 54:19 | |
| re-run(1) 65:3 | |
| re-state(1) 67:9 | |
| reach(1) 63:13 | |
| reaching(1) 56:10 | |
| read(2) 47:22 83:16 | |
| reading(1) 34:24 | |
| reads(2) 89:18 90:4 | |
| real(6) 34:25 84:15 85:1 88:1 88:4 88:5 | |
| really(9) 34:25 47:15 49:13 51:18 51:18 80:20 87:23 90:10 90:23 | |
| reason(13) 23:3 23:5 27:1 33:9 37:16 40:13 52:2 54:9 57:19 63:8 66:8 76:12 88:2 | |
| reasonable(4) 38:25 50:6 51:12 52:8 | |
| reasonably(1) 87:14 | |
| reasoning(3) 33:15 34:11 37:19 39:7 | |
| reasons(11) 15:6 36:10 36:11 42:16 42:21 66:23 67:21 71:1 76:5 87:22 93:22 | |
| reassert(1) 31:10 31:11 | |
| rebecca(1) 12:29 | |
| rebuttal(1) 44:7 | |
| recall(2) 17:18 19:17 | |
| receive(6) 56:1 57:2 57:17 75:7 75:8 75:11 | |
| recent(2) 20:18 33:10 | |
| recently(2) 72:25 83:17 | |
| recess(2) 77:7 77:8 | |
| reckmeyer(1) 4:11 | |
| recognize(3) 29:9 36:6 36:14 | |
| recommend(1) 32:4 | |
| reconsider(1) 64:3 | |
| reconsideration(12) 19:3 30:10 52:14 53:9 53:14 58:3 61:23 66:2 68:21 68:22 71:2 78:10 | |
| reconsidering(1) 32:2 | |

| Word | Page:Line |
|---|---|
| record(20) 17:5 18:2 18:5 19:1 21:1 26:11 26:18 29:22 30:11 31:24 44:24 44:25 55:4 57:8 63:7 70:22 71:5 71:14 73:18 74:19 75:12 | |
| recorded(1) 1:49 | |
| recording(2) 1:49 95:6 | |
| recover(1) 66:21 | |
| recoveries(1) 39:25 | |
| recovery(2) 40:6 84:9 | |
| redacted(2) 20:25 21:2 | |
| reduce(1) 40:16 | |
| reduced(3) 57:3 57:3 57:11 | |
| reduction(1) 45:22 | |
| reed(1) 9:22 | |
| refer(2) 51:14 54:6 | |
| reference(2) 30:6 71:6 | |
| referred(2) 53:20 55:19 | |
| referring(1) 75:10 | |
| reflect(3) 19:23 22:16 27:25 | |
| reflected(3) 22:2 62:22 62:24 | |
| reflects(3) 20:2 20:5 27:16 | |
| regard(5) 17:21 20:2 20:23 22:19 31:11 31:12 33:15 61:13 62:9 74:23 76:24 81:13 | |
| regarding(4) 17:19 67:5 68:2 82:7 | |
| regardless(4) 67:13 80:3 91:20 | |
| regards(1) 32:1 | |
| regime(2) 39:7 52:5 | |
| register(1) 93:19 | |
| regularity(1) 72:22 | |
| reimburse(1) 46:7 | |
| reimbursement(1) 37:24 | |
| reiterate(2) 29:20 29:21 | |
| reject(1) 66:23 | |
| rejected(1) 25:13 | |
| rejecting(1) 62:17 | |
| rejection(1) 65:15 | |
| related(3) 14:16 19:12 28:10 | |
| relates(3) 21:3 24:12 68:3 | |
| relating(4) 22:23 22:23 22:24 52:13 | |
| relations(1) 77:3 | |
| relatively(2) 72:24 76:7 | |
| releases(1) 14:17 | |
| relevant(6) 51:6 58:23 86:9 91:12 91:13 93:11 | |
| relied(1) 64:3 | |
| relief(11) 68:6 68:14 68:16 68:20 70:7 79:11 80:10 85:22 85:23 88:8 93:8 | |
| rely(2) 29:1 78:8 | |
| remained(2) 20:8 56:9 | |
| remaining(2) 32:24 40:5 | |
| remains(1) 39:7 | |
| remarkable(1) 39:22 | |
| remarks(2) 67:22 83:16 | |
| remedies(1) 68:8 | |
| remember(1) 71:12 | |
| remembers(1) 69:23 | |
| reminding(1) 83:19 | |
| render(1) 42:11 | |
| rendered(6) 64:24 90:21 91:16 92:15 | |
| renders(2) 35:4 38:3 | |
| reorganizing(4) 91:25 92:9 92:11 93:2 | |
| reply(2) 54:12 65:7 | |
| report(10) 19:16 20:1 20:5 20:20 21:8 21:20 22:2 22:9 22:10 23:9 | |
| reports(1) 22:22 | |
| represent(2) 75:6 84:3 | |
| represented(1) 91:4 | |
| represents(2) 27:21 56:6 | |
| request(5) 60:10 79:11 80:6 82:12 86:18 | |
| requested(1) 93:8 | |
| requesting(1) 77:24 | |
| require(1) 81:10 | |
| required(3) 35:16 51:14 89:19 | |
| reservation(3) 26:21 28:7 31:20 | |

| Word | Page:Line |
|---|---|
| reserve(18) 30:3 30:23 31:2 31:9 31:16 64:15 78:25 79:6 80:13 81:11 81:19 81:23 82:1 82:13 82:14 83:9 87:17 87:18 | |
| reserved(5) 52:19 54:19 62:10 72:9 79:24 | |
| reserves(3) 77:24 79:7 91:9 84:17 | |
| reserving(3) 29:14 62:7 64:19 | |
| resist(1) 32:8 | |
| resolution(1) 15:11 | |
| resolve(3) 15:15 28:2 78:24 | |
| resolved(10) 14:13 14:24 16:22 26:25 27:21 27:22 31:19 62:11 64:18 76:9 | |
| respect(30) 15:12 19:15 20:7 20:10 25:11 28:15 28:22 30:21 30:22 31:1 43:10 43:14 56:4 58:1 58:22 60:2 62:3 62:4 62:14 62:15 67:4 68:20 70:9 74:21 75:4 78:10 82:6 91:15 91:24 92:22 | |
| respectively(1) 84:3 | |
| respects(1) 28:3 | |
| respond(4) 32:18 52:17 59:21 88:15 | |
| response(19) 21:15 21:16 23:13 23:14 23:21 23:22 24:23 24:24 25:21 25:22 26:6 26:7 31:21 31:22 34:25 64:12 68:19 81:17 82:22 | |
| responses(1) 32:5 | |
| rest(2) 20:20 87:11 | |
| restate(2) 28:18 28:25 | |
| restating(2) 29:7 29:10 | |
| result(4) 14:12 14:24 23:1 91:11 | |
| resulted(1) 22:5 | |
| results(6) 20:5 22:4 25:9 25:15 57:9 91:1 | |
| retaining(1) 74:8 | |
| retiree(1) 91:4 | |
| retirees(1) 5:21 | |
| retirement(1) 11:17 | |
| reversal(1) 78:18 | |
| reverse(1) 64:9 | |
| review(1) 27:2 | |
| revise(1) 23:3 | |
| revised(1) 65:23 | |
| revisit(2) 35:6 41:7 | |
| revisiting(1) 41:4 | |
| richard(1) 4:26 | |
| richards(1) 3:37 | |
| rifkind(1) 9:33 | |
| right(20) 15:21 16:10 17:24 18:20 31:17 34:5 44:3 57:2 64:25 71:15 75:7 75:24 77:6 77:18 77:22 82:14 87:4 88:16 93:20 94:15 | |
| rights(19) 28:6 29:14 29:22 31:10 50:24 53:20 54:14 62:13 68:8 79:3 79:3 79:17 82:2 82:13 85:8 86:25 90:14 90:19 92:6 | |
| riley(1) 4:26 | |
| ripe(1) 75:1 | |
| rise(3) 14:2 30:3 77:9 | |
| risk(3) 39:4 43:1 66:13 | |
| river(1) 14:11 | |
| river's(1) 14:10 | |
| road(1) 38:18 | |
| robert(6) 2:13 4:24 12:18 30:1 71:16 78:5 | |
| robust(1) 22:18 | |
| rockefeller(1) 2:37 | |
| rodney(1) 3:39 | |
| rogers(1) 12:3 | |
| roitman(1) 2:35 | |
| rome(3) 4:1 30:19 81:2 | |
| ronak(1) 6:34 | |
| rose(1) 71:18 | |
| rosenblatt(1) 2:34 | |
| rosenman(1) 12:20 | |
| rosner(16) 3:2 29:4 29:5 29:19 32:16 32:19 32:19 34:6 34:10 38:17 38:21 41:16 44:4 44:4 44:16 50:20 | |
| rosner's(2) 39:24 42:14 | |
| roth(1) 8:43 | |

| Word | Page:Line |
|------|-----------|
| **rothschild**(1) 5:7 |
| **round**(1) 30:23 |
| **rowe**(1) 6:37 |
| **royal**(2) 12:1  12:2 |
| **rudnick**(5) 2:10  13:19  30:2  71:17  78:6 |
| **rule**(7) 29:11  36:1  38:7  58:21  79:4  81:21  82:3 |
| **ruled**(5) 29:21  58:7  72:7  73:24  73:24  74:11  78:18  82:4 |
| **rules**(2) 81:24  82:4 |
| **ruling**(15) 17:1  22:6  29:12  29:13  35:13  53:19  56:19  69:16  70:6  71:13  74:6  74:9  74:11  78:18  82:4 |
| **rulings**(4) 69:25  84:6  84:7  84:24 |
| **run**(1) 39:14 |
| **runs**(1) 16:25 |
| **saavedra**(1) 11:8 |
| **sachs**(2) 8:1  8:1 |
| **said**(18) 23:3  29:20  35:17  58:22  59:22  61:19  62:7  63:23  64:17  68:1  69:21  74:3  76:2  87:19  88:24  92:2  93:14  93:18 |
| **same**(31) 20:8  39:7  44:1  45:19  48:10  48:13  48:15  48:18  48:25  49:2  50:8  50:9  50:9  50:14  50:19  50:19  51:4  51:7  51:9  51:24  55:21  56:1  57:17  62:21  65:19  67:4  67:16  80:10  82:8  82:10  93:12 |
| **sat**(3) 62:13  64:23  64:24 |
| **satisfied**(1) 86:21 |
| **save**(1) 84:9 |
| **saw**(1) 85:3 |
| **say**(42) 37:16  39:9  39:18  42:21  44:7  44:8  47:19  47:23  48:1  48:6  48:9  48:13  48:17  49:7  49:13  49:18  53:1  59:6  59:25  60:9  61:17  61:25  64:2  64:4  64:10  64:21  65:5  65:5  65:13  66:15  70:21  71:18  74:20  79:22  80:20  83:2  83:8  86:18  91:18  91:22  93:6 |
| **saying**(5) 35:19  64:25  65:12 |
| **says**(10) 34:14  34:15  41:18  62:5  72:13  74:2  86:6  86:15  92:18  92:19 |
| **scenes**(1) 72:19 |
| **schaible**(1) 3:32 |
| **scheduling**(1) 54:1 |
| **scheme**(1) 57:19 |
| **scholer**(1) 11:42 |
| **schott**(1) 12:7 |
| **schotz**(1) 1:34 |
| **schuylkill**(1) 1:44 |
| **schwartz**(1) 12:11 |
| **scorpion**(1) 32:12 |
| **scotland**(2) 12:2  12:2 |
| **scott**(2) 5:2  8:2 |
| **seaport**(1) 12:24  12:24 |
| **seated**(1) 14:2 |
| **second**(16) 16:24  19:12  19:13  22:10  27:3  27:9  27:20  30:22  31:11  35:8  53:23  55:7  55:10  65:17  84:3  88:3 |
| **secondly**(4) 63:14  64:12  65:17  65:23 |
| **seconds**(1) 74:16 |
| **section**(10) 22:14  27:21  55:12  55:14  66:11  89:19  91:12  93:5  93:6  93:24 |
| **sections**(1) 45:4 |
| **securities**(6) 8:35  8:35  10:19  10:19  12:32  12:32 |
| **see**(9) 16:22  20:7  20:21  35:3  46:17  63:9  87:24  88:7  94:16 |
| **seek**(2) 68:5  70:12 |
| **seeking**(4) 68:16  69:22  70:5  91:23 |
| **seeks**(1) 15:18 |
| **seem**(1) 57:10 |
| **seems**(3) 54:17  79:4  89:18 |

| Word | Page:Line |
|------|-----------|
| **seen**(1) 79:1  86:9 |
| **sees**(2) 38:2  38:6 |
| **segment**(1) 26:9 |
| **seife**(1) 2:36 |
| **selber**(1) 5:34 |
| **self-interest**(1) 76:24 |
| **senior**(58) 25:11  28:11  28:11  33:11  34:13  34:15  34:16  34:19  34:20  34:21  35:6  35:9  35:11  35:14  35:17  35:21  35:25  36:4  36:19  36:24  37:6  37:11  37:13  38:4  38:4  39:1  39:6  41:21  42:4  42:7  42:10  42:12  42:14  42:15  42:17  43:5  43:7  43:13  43:18  43:24  45:22  46:4  46:15  46:20  46:22  47:17  47:18  47:20  48:5  48:8  48:12  48:16  49:1  49:8  49:20  50:3  51:9  64:17 |
| **sense**(6) 24:14  43:16  49:3  56:18  66:17 |
| **sent**(2) 24:13  73:8 |
| **sentences**(1) 73:13 |
| **sentinel**(1) 89:2 |
| **separate**(7) 38:25  42:19  46:25  49:21  50:16  50:18 |
| **separately**(3) 43:19  47:13  48:24 |
| **service**(2) 1:43  1:50 |
| **services**(8) 1:43  46:6  90:20  90:20  91:7  91:15  92:14  92:15 |
| **set**(8) 22:12  25:8  25:15  26:12  29:2  57:5  67:9  67:22 |
| **sets**(2) 24:14  42:24 |
| **settlement**(9) 22:23  28:10  28:13  28:17  28:18  28:19  43:7  43:15  45:22 |
| **seven**(1) 2:14 |
| **several**(3) 27:25  33:3  73:8 |
| **shadow**(1) 89:9 |
| **shagun**(1) 8:13 |
| **shamah**(1) 8:17 |
| **shan**(1) 10:16 |
| **shape**(1) 42:18 |
| **share**(1) 50:23 |
| **shaw**(1) 6:41 |
| **she**(4) 24:10  26:1  26:1  26:2 |
| **she's**(1) 24:2 |
| **sheffield**(1) 12:15 |
| **sheron**(1) 10:37 |
| **short**(5) 53:16  53:16  56:3  77:17  89:16 |
| **shorter**(2) 17:14  17:15 |
| **shorthand**(1) 48:7 |
| **shortly**(1) 17:20 |
| **should**(45) 41:19  43:12  44:24  47:2  47:3  54:7  54:9  55:8  55:11  56:1  58:7  59:16  60:14  60:23  61:14  61:14  61:23  62:21  63:19  64:4  65:14  67:16  68:18  69:5  69:9  69:19  70:6  70:9  70:11  70:19  70:24  71:2  75:1  78:9  83:8  85:5  85:25  87:4  87:23  91:2  93:23  93:24  94:4  94:10 |
| **shouldn't**(1) 26:14 |
| **shouldn't**(12) 61:1  61:12  61:17  61:25  64:9  64:23  89:16  90:3  91:3  91:5  91:6  91:11 |
| **shoving**(2) 44:21  51:23 |
| **show**(4) 15:19  74:12  90:19  91:24 |
| **shown**(1) 72:21 |
| **shows**(1) 22:17 |
| **shulte**(1) 8:43 |
| **sic**(1) 21:22 |
| **side**(3) 64:14  67:4  78:19 |
| **sidley**(2) 1:25  6:16 |
| **siegel**(1) 2:11 |
| **sieger**(1) 12:21 |
| **significance**(1) 24:17 |
| **significant**(1) 73:9 |
| **significantly**(4) 14:20  57:3 |
| **siguler**(2) 7:15  7:15 |
| **silently**(2) 64:23  64:24 |

| Word | Page:Line |
|------|-----------|
| **silver**(2) 9:15  9:16 |
| **silverstein**(25) 4:12  5:34  52:16  52:22  52:23  53:2  53:4  53:7  57:23  58:5  58:11  58:15  58:19  59:3  59:7  59:10  59:23  60:18  60:21  61:7  62:5  70:21  74:15  74:18  74:19 |
| **similar**(14) 29:7  29:19  42:3  42:4  42:12  43:19  45:18  45:19  47:9  49:15  50:23  50:24  51:11  55:21 |
| **similarly**(3) 28:22  38:7  46:18 |
| **simon**(1) 4:18 |
| **simple**(3) 34:23  35:1  81:4 |
| **simply**(9) 19:22  35:8  47:18  49:4  49:13  67:9  69:6  89:9  89:11 |
| **sina**(1) 12:37 |
| **since**(7) 17:13  22:11  23:2  41:3  43:11  93:6  93:16 |
| **single**(3) 48:20  48:22  49:4 |
| **singular**(1) 55:24 |
| **sir**(1) 34:3 |
| **situated**(1) 46:18 |
| **situation**(2) 33:8  64:9 |
| **six**(3) 18:16  19:11  94:5 |
| **skadden**(1) 13:11 |
| **slason**(1) 89:1 |
| **slam-dunk**(1) 78:19 |
| **slate**(1) 13:11 |
| **slater**(1) 9:10 |
| **slightly**(2) 20:13  92:22 |
| **sloan**(1) 3:38 |
| **smalley**(1) 12:25 |
| **smurfit**(2) 51:2  51:14 |
| **so-called**(1) 71:22 |
| **sole**(1) 87:16 |
| **solely**(5) 35:20  48:2  48:3  56:6  75:6 |
| **solving**(1) 91:9 |
| **some**(17) 39:15  45:12  45:12  49:19  52:19  54:2  73:2  73:2  73:2  73:13  73:14  73:20  76:3  76:12  78:15  79:19  80:2  89:3 |
| **somebody**(2) 26:3  91:22 |
| **somehow**(3) 35:10  43:13  49:5 |
| **someone**(2) 63:4  89:25 |
| **something**(5) 26:22  27:16  39:18  49:16  78:18 |
| **somewhat**(4) 37:2  37:4  44:20  68:15 |
| **somewhere**(1) 79:9 |
| **song**(1) 12:29 |
| **soros**(2) 8:7  8:7 |
| **sorry**(5) 44:24  48:7  55:9  71:4  93:4 |
| **sort**(1) 79:20 |
| **sottile**(1) 2:42 |
| **sought**(7) 21:9  23:8  68:14  71:9  85:22  85:23  86:19 |
| **sound**(1) 1:49  16:1  45:7  95:6 |
| **sounds**(1) 33:22 |
| **source**(2) 87:16  91:20 |
| **south**(1) 1:29  4:41 |
| **southern**(1) 53:21 |
| **southpaw**(1) 13:5  13:6 |
| **spaeder**(2) 2:41  6:10 |
| **speak**(7) 23:10  28:3  32:25  57:11  67:7  67:20  74:6 |
| **speaking**(3) 44:25  72:1  86:13 |
| **speaks**(1) 70:22 |
| **special**(1) 13:10 |
| **specific**(4) 14:14  32:13  45:13  68:5 |
| **specifically**(7) 14:16  17:17  30:6  30:10  38:23  55:10  78:13 |
| **spent**(1) 73:8 |
| **sperling**(1) 9:10 |
| **spoke**(1) 17:13 |

| Word | Page:Line |
|------|-----------|
| **spoken**(3) 72:21  86:5  87:12 |
| **square**(2) 2:14  3:39 |
| **squarely**(1) 69:10 |
| **squares**(1) 74:2 |
| **stancampiano**(1) 89:1 |
| **stand**(1) 32:25 |
| **standard**(1) 51:16 |
| **standards**(3) 22:19  28:18  33:5 |
| **stanley**(1) 5:27  11:5 |
| **stargatt**(1) 4:32 |
| **stark**(13) 2:13  30:1  30:2  30:15  30:17  71:16  71:16  74:20  78:5  78:5  80:24  81:4  86:6 |
| **stark's**(1) 84:15 |
| **start**(5) 16:2  16:12  41:1  60:20  91:9 |
| **starts**(1) 16:24 |
| **state**(6) 11:16  44:24  61:14  63:11  68:9 |
| **statement**(4) 22:13  62:23  62:24  65:2 |
| **statements**(3) 30:5  31:20  72:2 |
| **statement's**(1) 65:6 |
| **states**(3) 1:1  1:20  65:24 |
| **stating**(1) 29:7 |
| **statistics**(1) 22:17 |
| **status**(9) 33:12  35:9  50:24  53:11  63:24  85:7  85:10  91:23  93:16 |
| **statute**(1) 43:10 |
| **stay**(17) 17:19  32:5  79:21  80:6  80:8  80:17  85:4  85:5  85:13  85:15  85:17  85:24  86:13  86:17  87:25  88:2  88:4 |
| **stays**(2) 86:2  88:5 |
| **ste**(3) 2:6  2:20  5:29 |
| **steal**(1) 14:10 |
| **stein**(1) 85:3 |
| **stems**(1) 72:11 |
| **step**(1) 18:3 |
| **stephanie**(1) 24:9 |
| **stephen**(2) 5:35  10:45 |
| **steven**(1) 9:11 |
| **stickles**(1) 1:36 |
| **still**(1) 56:16 |
| **stipulated**(1) 71:25 |
| **stone**(2) 51:2  51:15 |
| **stop**(1) 64:12 |
| **strauss**(4) 3:16  11:12  26:18  67:2 |
| **street**(13) 1:11  1:44  2:20  2:28  3:10  3:40  4:3  4:20  4:34  4:41  5:10  5:29  75:16 |
| **stretches**(1) 16:20 |
| **strip**(2) 40:4  40:9 |
| **structure**(1) 84:4 |
| **structured**(2) 45:11  63:1 |
| **stuart**(1) 10:41 |
| **studied**(1) 79:4 |
| **stuff**(2) 64:14  64:19 |
| **stupid**(1) 16:1 |
| **styled**(1) 84:8 |
| **subject**(11) 20:18  43:5  55:21  56:17  57:11  66:7  71:8  75:9  75:19  89:8  89:11 |
| **submit**(9) 41:1  43:16  49:18  50:10  51:12  52:1  52:6  64:7  66:16 |
| **submitted**(2) 18:9  24:10 |
| **subordinate**(2) 55:16  71:9 |
| **subordinated**(9) 55:8  55:11  55:14  56:24  56:24  57:4  63:21  64:23  75:21 |
| **subordinating**(1) 55:13 |
| **subordination**(13) 56:17  57:5  57:12  64:14  65:19  65:22  66:2  66:8  66:12  66:14  66:16  66:19  83:3 |
| **subsequent**(3) 66:22  69:21  69:25 |
| **subsequently**(1) 85:14 |
| **subsist**(1) 29:9 |
| **substance**(3) 69:6  75:17  85:23 |
| **substantial**(4) 43:14  77:20  85:18  94:7 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**substantially**(9) 42:3 42:4 42:12 43:18 45:19 47:9 50:23 55:21 93:17

**substantive**(2) 16:16 75:13
**subtle**(1) 68:16
**succeed**(2) 82:9 88:6
**success**(1) 85:16
**successful**(2) 35:24 84:13
**successfully**(1) 35:22
**such**(9) 41:8 49:12 54:23 56:10 56:13 57:18 63:19 74:24 82:4

**sufficient**(1) 55:3
**suggest**(8) 54:13 57:13 70:17 73:14 74:7 78:23 87:1 92:25

**suggested**(4) 17:18 24:15 63:9 64:13
**suggesting**(1) 59:3
**suite**(4) 1:37 2:28 4:4 5:10
**sullivan**(2) 2:18 2:19
**sum**(1) 15:3
**summarized**(1) 25:9
**summit**(1) 92:17
**supervening**(1) 41:13
**supplement**(2) 18:4 27:11
**supplemental**(3) 19:13 22:13 25:6
**support**(3) 14:8 67:8 67:23
**supports**(1) 34:14
**suppose**(1) 90:10
**supposed**(1) 74:5
**supposition**(1) 59:12
**supreme**(1) 41:5
**sure**(4) 30:7 63:6 73:9 77:1
**surprising**(2) 84:1 84:10
**surprisingly**(1) 54:7
**suspect**(1) 59:12
**sustained**(1) 85:1
**suttonbrook**(2) 7:6 7:7
**sutty**(1) 5:8
**svetoslav**(1) 11:32
**swamp**(1) 39:23
**swap**(48) 32:15 33:2 33:12 33:16 34:12 34:18 34:19 35:8 35:10 35:12 35:13 35:15 35:18 35:19 36:16 36:24 36:25 37:11 37:14 37:21 38:17 38:22 39:1 39:4 39:5 39:11 39:14 40:13 40:14 41:21 42:2 42:5 42:9 42:11 42:13 42:20 43:4 43:9 43:11 43:12 43:17 46:16 47:11 47:18 50:2 51:8 51:8 52:6

**sympathies**(1) 24:6
**sympathy**(2) 90:24 91:10
**system**(3) 75:16 91:17 92:2
**tab**(1) 20:3
**table**(1) 72:19
**taconic**(2) 12:10 12:10
**take**(18) 19:4 19:21 22:15 22:21 26:14 31:25 36:1 39:14 40:3 40:6 44:9 44:11 70:24 72:3 76:5 76:21 77:6 77:15

**taken**(2) 46:10 85:2
**takes**(1) 28:9
**taking**(3) 49:19 62:19 65:21
**talk**(2) 44:18 68:1
**talking**(6) 30:8 40:19 84:17 84:18 84:18 86:3

**talks**(2) 75:11 86:11
**tammy**(1) 95:11
**taylor**(1) 4:32
**teck**(1) 13:16
**teitelbaum**(3) 5:21 5:22 91:4
**telephone**(1) 31:17
**telephonic**(1) 6:1
**tell**(5) 34:24 49:17 57:24 61:12 72:17
**tells**(2) 40:1 40:21
**ten**(1) 77:17
**tend**(1) 90:19
**tender**(2) 66:5 74:4

**tendered**(8) 19:18 56:11 66:9 67:13 67:15 72:7 73:15 74:10

**tendering**(27) 52:13 52:15 52:17 53:24 55:7 55:11 55:16 55:20 55:25 56:5 56:11 56:16 56:20 56:23 57:2 57:15 58:16 59:16 62:20 63:20 66:9 68:8 68:13 71:9 72:5 74:25 75:18

**terms**(3) 15:4 43:1 68:16
**territory**(1) 64:1
**test**(4) 22:25 79:21 85:15 86:4
**testified**(2) 19:19 21:21
**testimony**(4) 18:13 23:6 23:8 23:9
**than**(18) 36:19 37:8 40:10 40:18 47:6 47:17 48:14 48:20 51:19 61:13 72:25 77:16 77:21 79:5 81:5 84:22 88:3 92:25

**thank**(55) 15:21 17:11 25:2 26:16 29:3 29:15 29:23 29:24 30:17 31:5 31:6 31:12 31:13 32:19 33:23 34:5 34:10 38:8 38:9 38:14 43:21 43:22 49:22 49:23 49:24 52:10 52:21 52:22 57:21 57:23 60:17 60:18 66:23 66:24 71:2 71:3 71:15 71:16 74:13 74:14 74:18 75:23 75:24 78:3 78:5 80:24 83:10 83:11 88:10 88:24 90:6 90:7 94:1 94:2 95:1

**thanks**(1) 52:11
**that**(301) 14:13 14:14 15:1 15:10 15:10 15:13 15:17 16:21 16:23 16:23 16:25 17:2 17:7 17:10 17:20 17:20 17:21 17:22 18:4 18:5 18:6 18:9 18:15 18:16 18:18 18:19 18:23 19:1 19:11 19:18 19:19 19:22 19:24 20:1 20:2 20:3 20:5 20:17 20:17 20:21 20:21 20:22 20:23 21:1 21:3 21:11 22:5 22:6 22:8 22:12 22:14 22:17 22:17 22:19 22:19 22:19 23:1 23:2 23:5 23:5 23:6 23:9 24:2 24:12 24:14 24:14 24:17 24:17 24:19 26:8 26:10 26:12 26:13 26:14 26:14 26:21 26:22 27:11 27:13 27:13 27:16 27:19 27:21 27:22 27:24 28:1 28:4 28:6 28:25 29:1 29:10 29:12 29:13 29:20 30:7 30:8 30:11 30:13 31:4 31:10 31:19 32:1 32:7 32:8 32:13 32:15 32:16 32:18 32:24 33:1 32:25 33:10 33:12 33:15 33:16 33:21 33:21 34:12 34:14 34:18 35:4 35:8 35:13 35:15 35:16 35:18 35:19 35:23 35:24 36:3 36:3 36:4 36:6 36:7 36:10 36:11 36:14 36:18 36:20 36:23 37:2 37:5 37:8 37:8 37:9 37:10 37:19 38:1 38:2 38:2 38:4 38:6 38:23 38:24 39:2 39:3 39:3 39:5 39:5 39:10 39:22 39:23 40:1 40:9 40:15 40:16 40:17 40:21 41:10 41:10 41:11 41:17 41:18 41:21 42:9 42:16 42:22 43:3 43:9 43:12 43:13 43:16 43:16 43:17 44:1 44:1 44:8 44:24 45:13 45:15 45:16 45:19 46:6 46:17 47:1 47:5 47:7 47:16 47:19 47:20 47:23 48:1 48:6 48:10 48:17 48:22 49:4 49:11 49:13 49:16 49:18 50:2 50:10 50:15 50:16 50:20 50:22 50:25 51:5 51:6 51:12 51:15 51:15 51:16 51:19 51:20 52:4 52:7 52:9 52:16 53:1 53:18 54:2 54:4 54:7 54:9 54:13 54:17 54:18 54:20 54:23 54:24 55:2 55:3 55:13 55:14 55:15 56:9 56:11 56:15 56:16 56:18 56:19 56:23 56:25 57:1 57:7 57:19 57:19 58:3 58:5 58:13 58:17 58:20 58:21 58:23 58:25 59:1 59:2 59:4 59:6 59:9 59:13 59:14 59:15 59:19 59:22 59:25 60:1 60:2 60:6 60:10 60:12 60:14 60:15 60:23 60:24 61:3 61:9 61:13 61:13 61:15 61:15

**that**(244) 61:22 61:23 61:24 61:24 62:5 62:7 62:7 62:7 62:11 62:11 62:12 62:16 62:19 63:2 63:6 63:9 63:9 63:12 63:13 63:14 63:16 63:18 63:19 63:20 63:22 63:25 64:2 64:3 64:3 64:7 64:8 64:8 64:10 64:15 64:25 65:2 65:3 65:7 65:14 65:24 66:2 66:4 66:10 66:11 66:11 66:16 66:19 66:21 66:23 67:7 67:10 67:10 67:10 67:12 67:21 68:6 68:6 68:11 68:12 68:17 68:20 68:22 69:8 69:11 69:14 69:15 69:18 69:24 69:25 70:1 70:3 70:4 70:6 70:6 70:8 70:10 70:11 70:11 70:13 70:14 70:15 71:1 71:1 71:7 71:12 71:14 71:18 71:24 72:1 72:4 72:10 72:11 72:13 72:17 72:23 73:3 73:11 73:14 73:14 73:18 73:21 73:21 73:22 74:7 74:20 74:23 74:24 75:2 75:2 75:8 75:10 75:11 75:12 75:16 75:21 76:4 77:1 77:13 77:14 77:20 78:7 78:9 78:13 78:14 78:18 78:21 78:23 78:23 79:2 79:11 79:12 79:13 79:16 79:17 79:19 79:21 80:1 80:4 80:5 80:18 80:20 81:5 81:10 81:12 81:14 81:18 81:20 81:23 81:25 82:3 82:6 82:8 82:9 83:2 83:3 83:6 83:9 83:19 83:23 84:1 84:1 84:10 84:11 84:12 84:19 84:21 84:23 85:3 85:6 85:9 85:10 85:14 85:21 86:7 86:12 86:13 86:19 86:20 86:24 86:25 87:1 87:2 87:8 87:9 87:17 87:20 87:20 87:20 87:22 87:24 88:2 88:5 88:7 88:8 88:14 89:4 89:7 89:9 89:11 89:16 89:21 90:2 90:13 90:17 90:18 90:18 90:19 90:24 90:25 91:11 91:15 91:18 91:20 91:22 91:22 91:24 92:2 92:7 92:10 92:13 92:18 92:19 92:23 93:7 93:13 93:13 93:14 93:17 93:22 93:24 93:25 94:5 94:8 95:5

**that's**(31) 17:5 18:6 19:5 19:8 21:5 24:11 25:9 28:3 30:11 30:12 31:15 32:18 33:14 36:9 36:21 39:13 40:6 41:22 46:5 46:12 47:2 48:4 48:11 48:14 48:18 48:23 51:2 51:13 51:14 51:15 52:2

**that's**(39) 58:9 59:4 59:19 60:8 60:10 60:13 61:5 61:20 61:25 62:1 62:21 63:25 65:13 65:23 66:8 72:16 73:24 73:25 75:12 75:13 75:16 76:14 76:23 79:5 79:14 79:22 82:5 82:6 82:21 85:1 85:22 85:22 85:22 85:23 86:18 91:10 93:11 94:3 94:9

**thau**(1) 12:33

**the**(301) 1:1 1:2 1:19 2:43 5:3 6:33 12:24 12:24 14:2 14:3 14:6 14:8 14:8 14:10 14:10 14:11 14:12 14:13 14:15 14:17 14:17 14:17 14:18 14:18 14:21 14:24 15:1 15:2 15:4 15:5 15:6 15:9 15:10 15:15 15:17 15:18 15:20 15:21 15:23 16:2 16:3 16:4 16:4 16:7 16:8 16:10 16:14 16:17 16:19 16:20 16:21 16:24 16:25 17:5 17:5 17:6 17:6 17:9 17:9 17:11 17:13 17:13 17:14 17:14 17:15 17:17 17:19 17:20 17:21 17:22 17:24 18:2 18:3 18:4 18:7 18:9 18:9 18:10 18:11 18:11 18:12 18:13 18:13 18:14 18:15 18:17 18:18 18:20 18:21 18:22 18:22 18:22 18:24 18:25 18:25 19:2 19:7 19:9 19:10 19:11 19:11 19:12 19:13 19:13 19:14 19:16 19:16 19:17 19:18 19:18 19:21 19:22 19:23 20:1 20:3 20:4 20:7 20:8 20:9 20:11 20:11 20:14 20:16 20:17 20:19 20:20 21:1 21:4 21:5 21:5 21:7 21:9 21:13 21:13 21:16 21:19 21:20 21:23 21:25 22:3 22:4 22:5 22:6 22:6 22:8 22:10 22:11 22:17 22:12 22:13 22:14 22:16 22:17 22:18 22:19 22:22 22:22 22:23 22:24 22:24 22:24 22:25 22:25 22:25 23:3 23:4 23:11 23:11 23:14 23:17 23:18 23:22 24:4 24:5 24:6 24:8 24:9 24:11 24:12 24:13 24:14 24:14 24:16 24:17 24:20 24:21 24:21 24:24 25:2 25:4 25:5 25:5 25:7 25:8 25:9 25:10 25:11 25:11 25:12 25:13 25:14 25:15 25:16 25:19 25:19 25:22 25:23 26:4 26:7 26:8 26:10 26:11 26:11 26:12 26:13 26:15 26:17 26:21 26:22 26:24 26:24 27:3 27:4 27:5 27:8 27:9 27:11 27:13 27:14 27:14 27:15 27:17 27:17 27:18 27:20 27:21 27:22 27:25 27:25 28:1 28:5 28:10 28:11 28:14 28:15 28:15 28:15 28:16 28:17 28:18 28:19 28:19 28:20 28:22 28:23 28:24 29:1 29:1 29:3 29:9 29:10 29:20 30:13 30:16 30:19 30:21 30:22 31:1 31:4 31:4 31:6 31:11 31:13 31:15 31:17 31:17 31:22 31:24 31:24 32:1 32:1 32:5 32:8 32:12 32:12 32:14 32:14 32:14 32:17 32:23 32:25 33:1 33:2 33:3

Page : 12

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **the**(301) 33:3  33:4  33:9  33:10  33:11  33:11  33:12  33:12  33:13  33:13  33:16  33:19  33:21  33:23  33:24  34:2  34:6  34:7  34:9  34:10  34:11  34:12  34:13  34:13  34:15  34:16  34:17  34:18  34:19  34:19  34:21  34:21  34:24  34:24  34:25  35:1  35:2  35:4  35:6  35:6  35:8  35:9  35:10  35:11  35:12  35:12  35:13  35:13  35:13  35:14  35:15  35:15  35:16  35:17  35:18  35:19  35:20  35:21  35:21  35:23  35:24  35:25  35:25  36:1  36:2  36:2  36:2  36:4  36:6  36:7  36:7  36:10  36:10  36:11  36:11  36:12  36:12  36:14  36:15  36:16  36:16  36:18  36:20  36:20  36:21  36:23  36:23  36:24  36:25  36:25  37:1  37:1  37:2  37:4  37:5  37:5  37:6  37:7  37:9  37:9  37:9  37:9  37:11  37:11  37:13  37:14  37:14  37:16  37:18  37:18  37:21  37:21  37:22  37:22  37:23  38:2  38:3  38:4  38:4  38:5  38:7  38:9  38:13  38:17  38:17  38:19  38:19  38:21  38:22  38:22  39:1  39:1  39:2  39:2  39:3  39:4  39:4  39:5  39:5  39:6  39:7  39:11  39:11  39:12  39:14  39:16  39:19  39:20  39:23  39:25  39:25  40:1  40:2  40:4  40:5  40:9  40:12  40:13  40:13  40:14  40:14  40:16  40:17  40:22  40:24  41:2  41:2  41:3  41:4  41:5  41:5  41:6  41:7  41:8  41:10  41:13  41:17  41:19  41:20  41:21  41:22  41:23  41:23  41:25  42:2  42:3  42:4  42:5  42:6  42:6  42:8  42:9  42:9  42:10  42:11  42:12  42:14  42:15  42:16  42:17  42:20  42:22  42:22  42:24  42:24  42:25  43:3  43:4  43:5  43:6  43:7  43:9  43:10  43:11  43:12  43:12  43:13  43:17  43:17  43:18  43:19  43:21  43:23  43:24  43:24  44:1  44:1  44:3  44:10  44:12  44:13  44:18  44:20  44:22  44:23  44:24  45:3  45:3  45:9  45:10  45:11  45:11  45:15  45:16  45:19  45:22  45:22  45:23  45:24  46:1  46:3  46:4  46:5  46:6  46:7  46:9  46:12  46:14  46:15  46:15  46:16  46:16  46:20  46:21  46:22  46:23  46:24  46:24  46:25  47:1  47:1  47:2  47:8  47:9  47:11  47:11  47:14  47:16  47:16  47:17  47:18  47:18  47:19  47:19  47:20  47:21  47:22  47:23  48:1  48:2  48:2  48:3  48:3  48:4  48:4  48:4  48:5  48:6 | | **the**(301) 48:7  48:8  48:8  48:10  48:12  48:13  48:13  48:14  48:15  48:16  48:17  48:18  48:25  49:2  49:3  49:7  49:7  49:8  49:9  49:14  49:19  49:21  49:23  50:1  50:1  50:2  50:3  50:6  50:7  50:8  50:8  50:9  50:10  50:11  50:13  50:13  50:14  50:16  50:17  50:19  50:21  50:22  50:24  51:1  51:4  51:6  51:7  51:8  51:8  51:9  51:9  51:10  51:11  51:14  51:15  51:16  51:19  51:20  51:21  51:21  51:22  51:23  51:24  51:24  51:25  51:25  52:1  52:2  52:2  52:3  52:6  52:7  52:7  52:10  52:12  52:13  52:13  52:14  52:15  52:15  52:17  52:20  53:1  53:1  53:4  53:8  53:8  53:9  53:11  53:13  53:13  53:16  53:19  53:19  53:20  53:20  53:21  53:23  53:24  54:2  54:3  54:3  54:4  54:5  54:5  54:7  54:8  54:10  54:13  54:13  54:15  54:18  54:19  54:19  54:20  55:1  55:2  55:3  55:4  55:5  55:5  55:5  55:5  55:7  55:9  55:10  55:11  55:11  55:16  55:18  55:19  55:21  55:24  55:24  55:25  56:1  56:2  56:7  56:8  56:11  56:16  56:16  56:16  56:18  56:19  56:20  56:20  56:22  56:23  57:1  57:1  57:2  57:5  57:6  57:7  57:8  57:9  57:9  57:14  57:15  57:16  57:17  57:17  57:18  57:19  57:19  57:20  57:22  57:24  58:2  58:2  58:3  58:3  58:4  58:8  58:10  58:10  58:12  58:12  58:13  58:16  58:18  58:25  58:25  59:1  59:1  59:4  59:5  59:8  59:12  59:14  59:15  59:15  59:15  59:16  59:18  59:21  59:21  60:2  60:3  60:3  60:4  60:4  60:5  60:6  60:6  60:9  60:9  60:11  60:11  60:13  60:17  60:20  60:21  60:25  61:1  61:2  61:3  61:9  61:10  61:10  61:11  61:12  61:13  61:15  61:16  61:17  61:18  61:20  61:20  61:21  62:1  62:3  62:10  62:15  62:15  62:15  62:17  62:17  62:17  62:19  62:19  62:19  62:21  62:22  62:22  62:24  62:25  62:25  63:3  63:3  63:8  63:10  63:12  63:13  63:14  63:15  63:17  63:17  63:19  63:19  63:20  63:21  63:22  63:24  64:5  64:5  64:6  64:11  64:14  64:14  64:16  64:17  64:17  64:22  64:23  64:25  65:2  65:3  65:3  65:6  65:10  65:12  65:12  65:14  65:15  65:15  65:15  65:17  65:19  65:19  65:20  65:21 | | **the**(301) 65:22  65:23  65:23  65:24  66:1  66:2  66:3  66:4  66:4  66:5  66:6  66:8  66:9  66:10  66:12  66:14  66:15  66:18  66:19  66:19  66:22  66:24  67:3  67:3  67:4  67:5  67:6  67:7  67:7  67:7  67:8  67:12  67:13  67:14  67:15  67:15  67:16  67:18  67:18  67:19  67:20  67:21  67:22  67:23  68:1  68:2  68:3  68:4  68:5  68:8  68:8  68:9  68:10  68:10  68:10  68:12  68:12  68:13  68:14  68:15  68:16  68:17  68:18  68:24  68:25  69:1  69:2  69:3  69:4  69:5  69:6  69:7  69:7  69:8  69:8  69:9  69:9  69:12  69:12  69:16  69:16  69:17  69:17  69:22  69:23  70:1  70:2  70:4  70:4  70:7  70:8  70:13  70:13  70:17  70:19  70:20  70:21  70:23  71:1  71:3  71:5  71:7  71:8  71:9  71:9  71:10  71:12  71:15  71:19  71:20  71:21  71:25  72:2  72:3  72:4  72:6  72:7  72:8  72:11  72:11  72:19  72:22  72:24  72:25  73:2  73:3  73:4  73:5  73:6  73:7  73:7  73:10  73:11  73:14  73:15  73:15  73:17  73:19  73:20  74:1  74:3  74:4  74:6  74:10  74:11  74:14  74:17  74:18  74:22  74:24  74:25  75:2  75:2  75:5  75:6  75:6  75:7  75:7  75:9  75:9  75:13  75:14  75:15  75:15  75:15  75:16  75:17  75:18  75:19  75:22  75:23  75:24  76:3  76:6  76:7  76:8  76:13  76:13  76:15  76:16  76:16  76:17  76:18  76:20  77:1  77:1  77:4  77:6  77:9  77:11  77:14  77:18  77:22  77:24  78:2  78:4  78:8  78:9  78:10  78:11  78:12  78:12  78:9  78:17  78:23  78:24  78:25  79:1  79:4  79:8  79:10  79:11  79:11  79:12  79:14  79:15  79:16  79:17  79:19  79:20  79:22  79:22  79:24  79:25  80:3  80:9  80:10  80:11  80:12  80:13  80:13  80:14  80:15  80:16  80:23  81:2  81:6  81:7  81:8  81:8  81:11  81:11  81:15  81:16  81:18  81:18  81:20  81:22  81:25  81:25  82:1  82:2  82:5  82:6  82:7  82:8  82:10  82:11  82:14  82:16  82:18  82:18  82:19  82:23  82:23  82:25  83:1  83:3  83:4  83:5  83:6  83:7  83:8  83:9  83:11  83:13  83:15  83:15  83:16  83:17  83:20  83:20  83:21  83:23  84:1  84:3  84:3  84:4  84:4  84:5  84:6  84:8  84:10  84:13  84:20  84:21  84:22  84:23  84:24 | | **then**(28) 17:6  18:1  20:20  21:6  25:6  32:5  34:19  37:13  37:20  38:6  39:8  55:3  55:5  57:2  65:10  71:23  76:21  78:2  80:15  80:19  80:20  84:3  85:14  88:1  90:22  93:6  93:9  93:20 |
| | | | | | | **there**(50) 15:14  16:10  17:12  17:22  19:3  19:7  21:13  22:7  23:2  24:19  27:4  30:16  36:9  36:23  38:25  45:20  46:19  47:22  50:15  50:16  51:12  51:23  51:24  52:24  53:7  54:10  55:2  57:22  63:10  63:14  63:18  64:12  69:6  69:13  72:23  73:13  74:24  75:5  79:15  80:1  80:2  80:7  82:8  83:23  84:15  85:5  86:1  86:15  87:2  94:13 |
| | | | | **the**(142) 84:25  85:5  85:8  85:10  85:12  85:13  85:13  85:15  85:16  85:17  85:17  85:18  85:18  85:19  85:20  85:22  85:22  85:23  86:4  86:7  86:7  86:8  86:10  86:11  86:11  86:14  86:15  86:16  86:17  86:18  86:18  86:20  86:21  86:22  86:23  87:1  87:4  87:5  87:5  87:5  87:6  87:11  87:11  87:16  87:16  87:17  87:18  87:23  88:2  88:3  88:4  88:5  88:10  88:11  88:11  88:12  88:14  88:16  88:23  89:2  89:3  89:5  89:5  89:9  89:12  89:13  89:14  89:14  89:18  89:18  89:19  89:20  89:21  89:22  90:1  90:3  90:3  90:5  90:6  90:9  90:9  90:11  90:13  90:21  90:24  91:3  91:4  91:6  91:8  91:11  91:11  91:12  91:16  91:17  91:20  91:21  91:25  92:1  92:1  92:2  92:3  92:5  92:7  92:8  92:9  92:10  92:11  92:12  92:16  92:16  92:17  92:18  92:21  92:25  92:25  93:2  93:3  93:5  93:7  93:8  93:10  93:11  93:12  93:16  93:17  93:19  93:20  93:24  94:1  94:4  94:5  94:5  94:6  94:10  94:13  94:15  94:16  95:2  95:5  95:6  95:6  95:7 | | **there's**(17) 16:22  20:5  20:9  20:21  23:5  25:4  25:6  32:24  35:9  41:14  41:25  46:19  48:21  49:1  49:13  50:5  50:11 |
| | | | | | | **therefore**(6) 50:9  56:17  59:17  74:4  81:15  88:6 |
| | | | | | | **there's**(11) 69:11  72:12  78:9  79:8  79:14  80:4  82:8  82:11  82:15  86:11  87:9 |
| | | | | | | **these**(38) 17:4  17:16  20:11  20:19  25:8  31:25  37:16  46:14  50:19  51:4  51:6  54:11  61:5  63:23  63:23  64:18  64:21  64:21  65:18  65:20  65:22  66:20  72:17  81:21  81:23  84:16  84:25  86:2  87:17  87:24  89:12  90:24  91:1  92:19  92:23  93:1  93:9  93:23 |
| | | | **their**(28) 27:23  27:23  28:11  37:12  40:3  48:20  52:3  57:9  61:4  61:15  62:13  63:24  64:7  64:9  65:7  65:9  65:9  66:5  66:10  82:19  82:21  82:22  85:8  86:6  87:6  88:20  89:12  92:11 | | **they**(102) 21:10  24:16  25:8  27:12  29:10  35:1  35:8  35:14  35:24  40:12  46:20  46:23  47:15  47:17  47:18  48:6  48:6  48:9  48:13  48:17  49:6  49:12  49:21  50:23  52:4  55:13  56:12  56:16  56:17  57:13  57:16  59:13  59:19  61:4  62:11  62:12  62:12  62:20  62:23  63:17  63:22  63:23  63:24  64:1  64:2  64:4  64:7  64:8  64:23  64:24  65:2  65:2  65:4  65:5  65:7  65:8  65:9  65:11  65:12  65:19  66:9  66:12  66:13  66:13  66:14  66:15  68:15  72:15  72:20  73:10  74:12  75:8  75:19  75:20  75:20  79:8  81:18  81:23  82:21  82:24  83:2  83:5  84:10  84:11  84:11  84:12  84:13  85:7  85:10  85:12  87:3  87:18  87:19  88:1  88:1  88:2  88:3  88:7  89:7  89:10  89:11  90:15 |
| | | | | **them**(26) 15:19  18:19  29:10  29:12  29:21  29:21  31:11  32:2  33:19  33:22  43:19  49:5  51:13  65:1  72:21  73:1  74:5  78:25  81:24  82:3  82:4  82:24  83:19  84:8  89:13  89:17 | | **they'd**(2) 18:17  31:16 |
| | | | | | | **they're**(2) 23:22  44:11 |
| | | | | | | **they've**(3) 39:13  46:10  48:9 |
| | | | | | | **they'd**(4) 63:21  66:10  76:4  88:6 |
| | | | | | | **they're**(13) 60:7  63:16  65:21  68:16  70:7  72:14  75:9  76:9  82:22  84:5  84:5  84:13  88:6 |
| | | | | | | **thing**(4) 21:1  66:18  71:5  76:20 |
| | | | | | | **things**(8) 22:2  23:2  36:9  47:22  50:12  79:24  85:11  94:15 |
| | | | | | | **think**(78) 16:5  18:3  19:4  19:14  26:10  27:10  27:19  32:22  32:24  33:22  36:5  40:21  44:11  44:20  44:22  45:10  47:24  57:25  58:19  58:20  58:21  59:10  59:13  60:7  60:11  60:12  60:14  60:16  60:24  61:14  61:16  62:6  62:16  69:4  70:12  70:13  70:19  70:19  71:1  71:6  71:12  71:23  72:10  72:16  73:11  74:22  74:23  75:21  76:20  77:11  77:14  77:19  77:20  78:7  78:7  78:19  78:22  79:7  79:10  79:13  80:1  80:4  81:3  85:1  87:1  87:13  87:19  87:22  90:16  90:23  91:21  92:10  93:7  93:13  93:20  93:20  93:22  94:3 |
| | | | | **themselves**(4) 47:9  51:20  87:5  87:25 | | **thinking**(1) 20:18 |
| | | | | | | **thinks**(1) 73:22 |
| | | | | | | **third**(3) 41:10  51:16  64:16 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| this(155) 14:11 15:4 15:16 15:22 16:9 16:16 17:3 17:6 18:2 18:13 18:18 18:23 19:10 19:21 20:16 20:18 20:24 21:11 21:20 21:21 22:1 22:2 24:10 24:13 25:3 25:7 25:9 25:17 26:9 26:9 27:24 29:8 29:11 30:23 31:12 31:24 32:2 33:6 33:9 33:24 34:1 34:7 35:5 36:2 36:6 38:3 38:18 39:9 39:10 39:16 39:17 39:22 41:11 44:24 45:15 45:21 45:23 49:16 49:19 50:17 50:21 51:2 51:18 52:9 52:18 53:8 53:14 53:15 54:9 54:21 55:14 55:17 55:23 56:2 56:4 56:8 56:10 56:19 56:22 57:1 57:20 58:6 58:21 59:12 59:25 60:9 60:15 61:6 61:21 61:22 61:25 62:5 62:9 62:10 62:11 62:19 63:4 63:7 63:15 63:16 64:9 65:6 65:8 65:11 65:13 65:17 66:18 68:6 68:6 68:14 68:20 69:15 69:21 70:5 70:7 70:12 70:20 70:21 71:19 72:11 72:18 73:4 73:17 74:1 74:2 76:8 78:1 78:7 79:5 79:10 79:19 80:5 80:9 80:15 81:6 81:13 81:13 81:25 82:15 83:15 85:4 85:13 87:8 87:24 88:20 88:21 89:17 89:21 90:2 90:10 91:4 92:2 92:4 92:10 | thomas(2) 2:5 6:7 | towards(1) 25:7 | unlikely(3) 70:3 93:14 93:18 | we're(18) 16:11 17:3 27:15 29:7 29:10 29:14 30:7 30:16 32:24 33:7 33:9 36:7 36:10 38:1 40:19 43:11 44:18 49:16 |

this(155) 14:11 15:4 15:16 15:22 16:9 16:16 17:3 17:6 18:2 18:13 18:18 18:23 19:10 19:21 20:16 20:18 20:24 21:11 21:20 21:21 22:1 22:2 24:10 24:13 25:3 25:7 25:9 25:17 26:9 26:9 27:24 29:8 29:11 30:23 31:12 31:24 32:2 33:6 33:9 33:24 34:1 34:7 35:5 36:2 36:6 38:3 38:18 39:9 39:10 39:16 39:17 39:22 41:11 44:24 45:15 45:21 45:23 49:16 49:19 50:17 50:21 51:2 51:18 52:9 52:18 53:8 53:14 53:15 54:9 54:21 55:14 55:17 55:23 56:2 56:4 56:8 56:10 56:19 56:22 57:1 57:20 58:6 58:21 59:12 59:25 60:9 60:15 61:6 61:21 61:22 61:25 62:5 62:9 62:10 62:11 62:19 63:4 63:7 63:15 63:16 64:9 65:6 65:8 65:11 65:13 65:17 66:18 68:6 68:6 68:14 68:20 69:15 69:21 70:5 70:7 70:12 70:20 70:21 71:19 72:11 72:18 73:4 73:17 74:1 74:2 76:8 78:1 78:7 79:5 79:10 79:19 80:5 80:9 80:15 81:6 81:13 81:13 81:25 82:15 83:15 85:4 85:13 87:8 87:24 88:20 88:21 89:17 89:21 90:2 90:10 91:4 92:2 92:4 92:10

thomas(2) 2:5 6:7

thornburg(1) 5:27

those(45) 14:15 14:16 14:20 14:22 15:15 19:15 25:15 26:10 28:13 29:9 30:23 30:23 31:2 31:3 40:20 42:8 48:10 49:21 50:4 50:8 50:11 56:9 65:4 66:22 69:1 69:4 71:1 74:3 74:4 79:6 82:1 82:2 83:4 84:23 85:16 85:19 85:20 85:21 86:5 87:22 89:17 90:20 91:5 91:6 93:22

though(8) 36:8 37:4 47:17 48:24 50:3 50:8 67:17 76:6

thought(2) 23:1 71:19

thousand(1) 40:20

threatened(1) 86:16

three(16) 15:1 15:19 16:19 22:2 22:22 24:10 32:24 41:13 42:25 46:9 47:25 48:13 68:23 69:1 71:18 76:2

through(8) 26:23 65:4 75:15 76:2 76:18 77:12 79:25

throw(1) 41:19

thrust(1) 80:2

thursday(1) 14:1

tibita(1) 10:27

tie(1) 49:16

tied(4) 28:20 36:6 37:16 44:19

time(23) 14:11 19:19 19:22 21:5 22:22 23:3 28:6 28:16 38:22 52:4 52:19 54:24 64:14 65:10 69:24 71:23 74:24 75:23 80:16 82:3 82:4 94:8 94:9

times(2) 2:14 69:24

tion(1) 40:24

today(8) 21:9 25:23 27:24 53:17 71:13 77:13 94:13 94:14

today's(1) 28:9

today's(1) 71:8

together(12) 21:1 20:25 37:16 48:9 49:5 50:3 50:7 50:12 51:13 51:22 53:12 65:1

told(1) 44:19

tomorrow(8) 27:6 49:17 76:10 76:13 76:19 94:7 94:9 94:16

too(7) 31:9 56:3 60:12 60:16 75:5 76:14 78:22

took(4) 35:13 37:9 60:22 66:12

torres(3) 29:5 32:20 44:5

total(5) 25:14 40:3 40:11 40:19 84:22

touch(1) 92:19

toussi(1) 12:37

towards(1) 25:7

transaction(1) 58:25

transcriber(1) 95:11

transcript(3) 1:18 1:50 95:6

transcription(2) 1:43 1:50

trb's(1) 81:12

treat(2) 87:4 87:5

treated(12) 34:12 34:20 37:14 47:4 47:12 48:24 62:21 64:4 67:16 75:1 79:23 91:2

treating(1) 91:9

treatment(20) 28:24 33:2 33:4 36:7 36:16 37:18 44:23 45:3 45:5 45:18 45:21 49:15 55:22 56:1 57:17 81:13 82:6 82:10 83:3 91:14

treatments(1) 45:14

trial(1) 67:19

tribune(6) 1:8 6:25 47:5 48:11 48:12

tribune's(2) 42:24 46:5

tried(2) 80:8 80:9

triggering(1) 66:11

triggers(1) 66:12

trump(1) 12:42

trust(20) 2:10 10:35 13:19 29:6 29:18 30:2 30:9 44:25 45:1 52:19 64:17 71:17 71:22 73:3 73:14 74:9 74:21 78:1 78:6 84:2

trustee(10) 39:19 43:25 45:3 46:15 50:7 51:10 51:22 52:7 81:8 81:11

trustees(12) 46:3 46:7 46:8 46:9 46:21 47:8 48:1 48:8 49:10 51:20 51:24 52:2

trust's(1) 73:25

try(6) 14:10 68:15 77:12 80:20 88:1 88:4

trying(6) 61:7 61:8 66:21 75:3 80:18 86:13

turn(2) 20:4 26:10

turned(3) 22:5 22:7 78:14

turns(2) 39:23 78:16

twists(1) 78:16

two(26) 16:25 17:15 19:15 25:5 36:9 41:13 42:1 42:1 42:24 42:24 44:1 46:7 48:6 48:9 52:24 53:7 53:18 55:2 62:14 63:10 67:4 67:11 68:19 72:10 72:23 88:2

twomey(1) 6:22

typical(2) 48:19 49:2

typically(1) 78:24

ultimate(2) 79:24 80:14

ultimately(5) 81:10 81:12 82:9 85:25 91:8

unambiguously(1) 69:10

unconfirmable(1) 57:18

undeniable(1) 47:16

under(33) 16:23 20:4 22:18 23:3 28:18 34:16 35:6 39:25 41:22 42:14 42:17 42:22 42:24 45:22 49:9 50:4 50:8 50:14 51:7 55:22 55:25 56:2 57:1 57:14 60:13 66:3 75:1 75:17 81:16 83:4 83:8 84:25 94:6

undercutting(1) 89:17

understand(3) 17:2 29:20 59:1

understanding(5) 26:14 32:15 52:16 77:23 87:14

unfair(15) 45:23 46:1 80:1 80:4 81:6 81:17 82:17 87:9 87:9 87:10 87:12 87:14 87:15 87:16 87:21

unfairly(2) 81:7 81:14

unfairness(1) 87:16

unfortunate(1) 91:1

unhappy(2) 84:5 84:5

unimportant(1) 90:12

unique(1) 72:16

united(2) 1:1 1:20

units(1) 20:10

unless(1) 72:7

unlike(4) 36:23 92:23 93:1 93:8

unlikely(3) 70:3 93:14 93:18

unnecessary(1) 80:21

unrelated(1) 39:18

unresolved(1) 17:7

unsecured(11) 2:26 6:4 65:18 78:14 81:9 81:13 81:24 82:1 82:14 83:14 84:20

unsubordinated(2) 81:12 84:21

unsuccessful(1) 87:25

until(11) 15:11 27:24 63:1 65:5 72:24 74:24 78:25 82:2 84:2 83:9 87:6

update(5) 19:23 22:3 22:8 22:14 22:16

upon(6) 35:2 49:13 74:8 78:20 92:14

upwards(1) 89:4

usb(2) 8:35 8:35

use(4) 42:13 44:20 45:11 51:23

used(5) 21:5 22:19 61:7 64:7 71:11

vail(1) 13:2

valuation(4) 19:19 19:20 20:14 84:7

value(2) 20:8 22:24

various(1) 20:9

vastly(1) 43:1

vendors(1) 91:7

ventures(1) 20:12

version(2) 16:3 20:25

versus(2) 45:12 69:16

very(24) 26:14 26:15 32:22 34:23 40:22 54:17 63:15 72:3 73:1 76:9 77:17 78:23 82:21 83:23 84:8 84:15 85:1 85:9 85:15 86:9 86:11 87:23 87:23 88:18

view(12) 28:16 33:16 34:17 37:1 47:14 61:11 62:2 63:5 67:10 67:23 70:4 70:8

vigorously(1) 28:12

violates(3) 33:2 45:4 49:20

virtually(1) 39:24

virtue(2) 68:11 89:11

visited(1) 45:12

voluminous(1) 18:5

volunteered(1) 79:12

vote(3) 24:16 25:9 25:12

voted(1) 25:10

voting(4) 24:9 24:12 25:4 40:1

waiting(1) 79:15

waiver(1) 62:18

want(18) 27:12 30:7 36:11 44:7 44:8 57:10 59:5 64:10 64:19 71:5 71:13 76:11 76:12 76:14 80:17 84:10 86:22 88:2

wanted(1) 66:14

wants(3) 23:10 35:18 85:10

wardwell(1) 11:1

was(72) 18:11 19:1 19:20 20:21 22:12 22:15 24:12 24:17 28:12 33:12 33:21 34:18 35:15 35:16 35:22 38:25 39:6 39:8 41:9 41:14 41:21 42:3 43:9 43:20 44:11 44:19 48:24 48:24 51:19 51:23 51:25 54:24 55:10 55:14 62:6 62:10 62:11 63:13 63:14 64:16 64:25 66:5 66:14 68:13 69:10 69:14 69:15 70:20 71:6 71:22 72:1 72:8 73:3 73:21 74:24 75:1 75:2 75:2 78:15 78:18 78:19 87:2 87:3 88:14 88:15 89:2 92:4 92:24 95:2

wasn't(4) 22:8 23:2 36:25 51:9

wasn't(1) 63:6

waste(2) 91:17 92:1

way(19) 14:21 22:6 38:2 38:6 40:7 42:17 45:11 46:13 53:19 54:13 58:10 59:21 63:12 64:5 64:22 68:7 73:2 80:11 83:20

ways(4) 57:10 61:7 61:8 78:24

we'd(9) 18:1 23:8 24:18 25:17 27:13 30:22 32:4 32:12 52:6

we'll(3) 16:12 21:1 46:17

we're(18) 16:11 17:3 27:15 29:7 29:10 29:14 30:7 30:16 32:24 33:7 33:9 36:7 36:10 38:1 40:19 43:11 44:18 49:16

we've(14) 14:21 14:23 14:24 15:12 15:14 16:18 18:15 20:16 20:16 20:25 21:2 28:6 38:18 40:8

weaker(1) 92:25

weeks(1) 15:15

weight(1) 92:8

weil(1) 11:5

weiss(1) 9:33

weitman(1) 6:30

welcome(1) 88:23

well(45) 14:9 16:4 16:5 16:6 16:7 16:11 17:12 18:10 19:8 19:24 24:1 24:4 26:15 27:4 30:23 31:2 31:5 40:13 44:11 48:3 48:10 52:9 57:24 59:13 60:22 61:8 61:17 63:3 63:8 63:11 64:13 65:15 66:15 69:23 72:13 72:23 74:22 76:22 76:15 79:7 79:10 81:25 82:5 86:17 94:9

well-founded(1) 93:23

wells(2) 10:15 13:23

went(4) 25:12 51:24 64:19 71:21

were(46) 15:1 19:7 20:17 24:19 28:13 28:22 29:10 30:8 31:4 32:5 34:2 35:24 36:24 39:2 39:3 43:5 48:17 51:4 52:4 55:2 55:13 55:20 56:11 56:12 56:20 62:7 62:20 63:17 63:18 65:2 65:8 66:9 72:11 72:15 72:23 73:1 73:10 73:13 75:2 75:8 78:20 82:21 88:20 89:4 91:15 93:20

weren't(2) 19:4 49:2

weren't(2) 62:8 67:18

west(2) 4:34 5:29

we'd(5) 64:6 66:23 76:2 76:10 88:7

we'll(6) 64:15 77:6 86:3 86:3 94:8 94:8

we're(12) 61:7 70:10 74:5 76:3 76:6 76:11 76:18 77:11 82:10 84:17 84:17 84:18

we've(3) 62:9 76:1 87:11

wharton(1) 9:33

what(70) 16:16 16:18 17:8 17:17 18:6 19:1 20:6 20:13 22:1 22:15 23:3 24:16 24:17 26:25 29:19 30:5 32:5 32:23 35:6 39:22 40:7 40:8 40:19 45:8 47:2 51:3 51:21 53:20 54:6 54:24 55:10 55:18 58:1 58:3 58:9 59:5 59:19 59:25 60:25 61:1 61:10 61:11 61:15 61:18 61:19 62:6 62:23 66:13 69:19 70:5 70:14 70:18 70:20 70:23 70:23 71:25 73:9 73:24 78:12 80:8 80:9 83:5 83:22 85:3 85:6 86:4 86:6 86:15 87:14 91:8

what's(2) 22:2 40:22

whatever(3) 29:12 44:10 59:17

whatsoever(5) 39:24 50:18 55:15 70:7 93:2

what's(1) 90:23

when(11) 27:15 49:5 52:4 60:8 61:6 67:3 68:22 75:5 82:19 82:22 90:15

where(17) 15:3 21:3 27:16 34:14 35:22 41:8 41:12 45:11 47:1 47:2 50:23 67:12 72:14 76:2 78:20 89:22 94:4

whereupon(1) 95:2

whether(24) 23:1 42:2 43:5 45:13 54:15 55:7 55:10 55:19 55:24 58:15 58:24 62:4 62:20 64:5 64:16 67:13 68:6 69:8 69:19 76:10 78:11 78:13 90:11 90:15

| Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|

**which**(51) 15:19 16:20 16:24 20:1 20:3 20:13 20:25 22:6 31:19 31:20 33:6 34:15 36:1 36:7 39:18 41:20 43:5 43:7 44:19 45:5 45:20 45:21 45:23 46:10 46:16 48:9 48:22 51:15 54:5 55:24 61:16 61:19 65:21 65:21 66:14 69:20 71:8 72:20 74:2 75:11 76:2 78:24 79:19 79:23 85:12 86:11 89:8 91:18 92:17 92:22 93:1

**while**(9) 38:14 54:20 57:22 60:22 70:2 70:3 70:8 72:1 82:13

**white**(3) 5:1 5:24 13:23
**whittle**(1) 17:16
**whittman**(3) 21:21 21:21 23:20
**whittman's**(1) 24:1
**who**(15) 24:9 39:11 49:2 50:15 66:15 73:20 74:3 74:4 84:3 84:23 85:6 85:9 88:13 89:24 89:25

**whoever**(1) 62:1
**whole**(1) 62:10
**whom**(3) 89:2 89:3 89:3
**why**(11) 39:9 40:12 52:2 58:13 59:2 59:8 72:17 87:18 91:3 91:5 91:6

**wife**(1) 24:1
**will**(24) 24:1 27:7 28:6 37:10 37:23 39:18 39:21 40:15 56:3 58:21 59:12 59:13 59:20 65:24 68:1 70:1 70:22 76:23 77:14 78:2 82:1 84:25 86:5 94:16

**william**(1) 2:19
**willing**(1) 76:11
**willingly**(1) 51:24
**wilmington**(32) 1:12 1:38 2:7 2:10 2:21 2:29 3:12 3:26 3:41 4:5 4:21 4:28 4:35 5:11 5:30 5:38 13:19 14:1 30:2 30:9 52:19 64:17 71:17 71:22 73:3 73:14 73:25 74:9 74:21 77:25 78:6 84:2

**win**(1) 84:13
**windstar**(1) 41:5
**wineman**(1) 13:12
**winfree**(1) 3:24
**winners**(1) 87:5
**wires**(1) 7:40
**wisdom**(1) 28:17
**wish**(5) 23:19 26:4 26:10 31:20 86:2
**wishes**(2) 26:3 31:18
**with**(137) 15:11 17:8 18:2 18:9 19:2 19:3 19:15 19:21 20:7 20:10 20:22 21:22 21:24 23:4 24:6 24:16 25:11 26:24 27:5 28:14 28:22 28:23 30:12 30:21 30:22 31:1 31:8 31:11 31:12 31:18 31:25 32:7 33:13 34:13 34:19 34:21 35:9 36:2 36:4 37:21 37:23 38:15 38:16 38:19 39:11 40:14 42:9 42:15 42:23 43:12 45:5 46:15 47:10 47:11 48:23 50:3 50:4 50:7 50:8 51:8 51:22 51:25 52:6 53:13 56:1 56:4 56:25 57:17 58:1 58:22 60:2 62:3 62:4 62:14 62:15 63:16 63:17 64:19 65:1 65:1 67:4 68:19 70:9 70:20 71:25 72:20 72:21 72:21 73:1 73:6 74:6 74:21 75:4 77:2 78:10 78:12 78:16 78:24 78:24 79:7 79:19 80:5 80:11 80:12 80:12 81:25 82:6 82:23 82:25 83:18 84:5 84:6 84:7 84:9 85:11 85:16 86:5 86:16 86:17 89:4 89:5 89:13 89:18 89:21 90:3 91:12 91:15 91:22 91:23 91:25 92:9 92:11 92:18 92:21 93:2 93:10

**within**(2) 20:9 42:6
**without**(9) 21:17 23:15 24:25 25:23 54:8 65:11 69:15 79:25 90:4

**woke**(1) 65:13
**wolfson**(1) 6:41
**womble**(1) 2:4
**won**(1) 84:12
**won't**(1) 46:17

**wong**(1) 13:16
**word**(8) 31:23 44:21 65:5 65:5 65:12 83:1 83:5 87:16

**words**(2) 46:24 60:11
**work**(1) 41:9
**worked**(1) 89:24
**working**(3) 15:13 15:14 20:22
**worried**(1) 77:4
**would**(48) 18:3 19:3 20:17 30:13 31:2 32:1 34:24 36:3 37:13 40:13 40:23 41:9 41:14 42:21 43:16 49:7 49:13 49:17 56:9 56:22 56:25 58:1 58:4 59:23 62:16 63:6 63:20 65:3 65:10 70:12 70:13 71:25 74:9 76:16 76:21 77:13 78:14 80:16 84:10 84:11 84:19 84:24 86:18 86:19 87:20 89:23 92:24 93:16

**wouldn't**(1) 50:16
**wouldn't**(3) 61:19 66:7 77:1
**wrong**(8) 16:11 40:23 43:17 47:24 47:25 48:4 63:5 75:5

**wtc**(1) 81:5
**www.diazdata.com**(1) 1:47
**yeah**(1) 16:8
**year**(3) 22:12 23:2 84:7
**years**(1) 89:4
**yes**(10) 15:23 30:15 32:11 34:1 34:3 51:6 51:7 57:23 58:11 58:18

**yesterday**(5) 16:8 17:8 17:13 17:18 53:11
**yet**(7) 27:25 38:17 43:11 46:14 65:11 80:7 81:21

**yields**(1) 91:1
**yogi**(1) 38:15
**york**(20) 2:15 2:38 2:44 3:5 3:5 3:20 3:34 4:14 5:4 5:4 5:18 10:36 11:16 26:2 29:6 32:21 44:6 53:22 68:4 83:13

**you**(190) 14:6 14:13 15:5 15:9 15:19 15:21 16:2 16:9 16:22 17:11 17:20 18:8 19:1 19:17 19:22 20:4 20:6 20:6 20:7 24:14 25:2 25:14 26:13 26:16 27:4 27:15 27:16 27:25 28:8 28:24 29:3 29:15 29:23 29:24 30:17 31:5 31:6 31:12 31:13 32:1 32:4 32:8 32:9 32:19 33:22 33:23 34:4 34:5 34:10 34:24 38:8 38:9 38:14 38:24 39:16 40:21 40:21 41:4 41:10 41:19 41:19 41:20 42:11 42:19 43:21 43:22 44:2 44:19 49:17 49:22 49:23 49:24 50:12 51:7 51:14 51:18 52:9 52:10 52:21 52:22 53:1 54:17 57:21 57:23 57:25 58:3 58:13 59:1 59:3 59:5 59:7 59:21 60:8 60:15 60:17 60:18 60:21 60:23 60:23 61:1 61:9 61:9 61:10 61:10 61:11 61:12 61:14 61:15 61:17 61:18 61:19 61:19 61:22 61:23 61:24 61:24 62:1 62:4 62:5 62:7 62:8 62:16 63:8 63:9 63:11 63:12 64:3 64:4 64:5 64:24 64:25 66:7 66:8 66:23 66:23 66:24 67:11 67:12 67:17 67:18 67:20 68:12 70:3 70:15 71:2 71:3 71:15 71:16 72:3 72:13 72:17 74:13 74:14 74:17 74:18 75:14 75:15 75:23 75:24 76:10 76:10 77:14 78:3 78:5 78:20 80:24 83:10 83:11 84:16 85:3 86:10 86:22 87:10 88:10 88:24 90:6 90:7 91:8 91:9 93:1 93:14 93:18 93:20 94:1 94:2 94:4 94:8 94:15 94:16 95:1

**you'd**(1) 20:3
**you'll**(2) 17:17 20:21
**you're**(1) 57:22
**you've**(2) 36:1 57:25
**young**(2) 4:32 9:38

**your**(193) 14:4 14:5 14:9 14:10 14:12 15:22 16:12 17:1 18:8 18:21 19:5 21:19 22:6 23:17 24:15 24:20 25:2 25:18 26:1 26:8 26:16 26:17 27:7 27:10 27:20 28:4 28:8 28:13 29:4 29:11 29:15 29:16 30:1 30:18 30:21 31:5 31:7 31:12 31:14 31:23 31:25 32:13 32:22 33:13 33:25 34:24 35:2 36:5 36:11 36:14 37:19 38:2 38:5 38:8 38:10 38:14 38:23 38:24 39:7 41:1 41:1 41:24 42:1 42:1 42:19 43:17 43:23 44:16 45:6 45:10 45:15 47:10 49:17 49:22 49:24 50:1 50:10 52:6 52:12 52:22 53:4 54:1 54:24 55:1 55:25 56:5 57:12 57:14 59:24 59:25 60:18 60:19 60:25 61:2 61:14 62:6 63:9 63:10 64:3 64:13 64:24 66:1 66:7 66:22 67:1 67:2 67:5 67:11 68:2 68:4 68:11 68:16 68:17 69:14 69:23 69:25 70:2 70:2 70:8 70:10 70:15 70:18 70:20 71:4 71:13 71:16 72:7 72:15 73:21 73:23 73:23 73:24 74:3 74:5 74:8 74:11 74:13 74:15 74:18 74:22 75:17 75:22 76:1 77:5 77:10 78:5 80:14 80:15 80:21 81:3 81:17 81:20 81:24 82:3 82:3 82:10 82:20 83:8 83:12 83:15 83:21 84:6 84:7 84:14 85:3 85:15 85:25 86:10 86:25 87:2 87:22 88:8 88:17 88:21 88:24 90:7 90:8 90:10 91:8 91:22 92:3 92:6 92:17 92:19 93:3 93:12 93:18 93:22 94:2 94:3 94:14 94:15 95:1

**you'd**(1) 94:16
**you're**(1) 58:9
**you've**(5) 59:22 60:24 77:2 81:22 86:9
**zabel**(1) 8:43
**zarrini**(1) 13:20
**zatz**(1) 13:24
**zell**(4) 30:20 92:5 93:1 93:8
**zell's**(2) 92:21 92:23
**zensky**(7) 3:17 26:17 26:18 27:7 27:9 27:19 29:19

**zensky's**(1) 30:4
**zuckerman**(2) 2:41 6:10
**"the**(2) 83:3 93:4
**"they**(1) 82:24