```
                   IN THE UNITED STATES BANKRUPTCY COURT
                     FOR THE DISTRICT OF DELAWARE


IN RE:                         )    Case No. 08-13141 (KJC)
                               )    (Jointly Administered)
                               )
TRIBUNE COMPANY                )    Chapter 11
                               )
                               )    Courtroom 5
                               )    824 Market Street
            Debtors.           )    Wilmington, Delaware
                               )
                               )    June 8, 2012
                               )    9:00 a.m.



                    TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE JUDGE KEVIN J. CAREY
               UNITED STATES BANKRUPTCY JUDGE



APPEARANCES:

For Debtors:              Sidley Austin, LLP
                          BY: JAMES BENDERNAGEL, ESQ.
                          BY: JESSICA BOELTER, ESQ.
                          BY: KEVIN LANTRY, ESQ.
                          One South Dearborn
                          Chicago, IL  60603
                          (312) 853-7000

                          Cole, Schotz, Meisel, Forman
                          & Leonard, P.A.
                          BY: KATE STICKLES, ESQ.
                          500 Delaware Avenue, Suite 410
                          Wilmington, DE  19801
                          (302) 652-3131


ECRO:                     AL LUGANO

Transcription Service:    DIAZ DATA SERVICES
                          331 Schuylkill Street
                          Harrisburg, Pennsylvania 17110
                          (717) 233-6664
                          www.diazdata.com


Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

APPEARANCES:
(Continued)

For Great Banc:                    Womble Carlyle
                                   BY: THOMAS M. HORAN, ESQ.
                                   222 Delaware Avenue, Ste. 1501
                                   Wilmington, DE  19801
                                   (302) 252-4339


For Wilmington Trust:      Brown Rudnick
                                   BY: MARTIN SIEGEL, ESQ.
                                   BY: GORDON NOVOD, ESQ.
                                   BY: ROBERT STARK, ESQ.
                                   Seven Times Square
                                   New York, NY  10036
                                   (212) 209-4862


                                   Sullivan Hazeltine Allinson, LLC
                                   BY:  WILLIAM D. SULLIVAN, ESQ.
                                   901 North Market street, Ste. 1300
                                   Wilmington, DE  19801
                                   (302) 428-8195


For Official Committee     Landis, Rath & Cobb
of Unsecured Creditors:    BY: DANIEL B. RATH, ESQ.
                                   BY: ADAM G. LANDIS, ESQ.
                                   919 Market Street, Suite 1800
                                   Wilmington, DE 19801
                                   (302) 467-4400


                                   Chadbourne & Parke, LLP
                                   BY: DAVID LEMAY, ESQ.
                                   BY: ANDREW ROSENBLATT, ESQ.
                                   BY: MARC ROITMAN, ESQ.
                                   BY: HOWARD SEIFE, ESQ.
                                   30 Rockefeller Plaza
                                   New York, NY 10112
                                   (212) 408-5100


                                   Zuckerman Spaeder, LLP
                                   BY: JAMES SOTTILE, ESQ.
                                   1185 Avenue of the Americas 31st Fl.
                                   New York, NY  10036-2603
                                   (212)897-3434

For Law Debenture:            Kasowitz Benson
                                 BY: DAVID ROSNER, ESQ.
                                 BY: MATTHEW STEIN, ESQ.
                                 1633 Broadway
                                 New York, New York  10019
                                 (212) 506-1726

                                 Bifferato Gentilotti
                                 BY: GARVAN MCDANIEL, ESQ.
                                 800 North King Street
                                 Plaza Level
                                 Wilmington, DE 19801
                                 302-429-1900

For Aurelius Capital
Management:                 Akin Gump Strauss Hauer & Feld, LLP
                                 BY: DAVID ZENSKY, ESQ.
                                 BY: DANIEL GOLDEN, ESQ.
                                 One Bryant Park
                                 New York, NY  10036-6745
                                 (212) 872-1000

For JP Morgan Chase:      Davis Polk
                                 BY: ELLIOT MOSKOWITZ, ESQ.
                                 BY: DAMIEN SCHAIBLE, ESQ.
                                 BY: ELI VONNEGUT, ESQ.
                                 459 Lexington Avenue
                                 New York, NY  10017
                                 (212) 450-4092

                                 Richards Layton & Finger
                                 BY: DREW SLOAN, ESQ.
                                 One Rodney Square
                                 920 North King Street
                                 Wilmington, DE  19801
                                 (302) 651-7700

For EGI-TRB:               Blank Rome
                                 BY: DAVID CARICKHOFF, ESQ.
                                 1201 Market Street
                                 Suite 800
                                 Wilmington, DE 19801
                                 (302) 425-6434

For Robert R. McCormick
Tribune Foundation:            Duane Morris
                               BY: RICHARD W. RILEY, ESQ.
                               222 Delaware Avenue
                               Wilmington, DE  19801-0801
                               (3020 397-4928

For Credit Agreement
Lenders:                       Young Conaway Stargatt & Taylor
                               BY: ROBERT BRADY, ESQ.
                               1000 West Street, 17th Floor
                               Wilmington, DE  29801
                               (302) 571-6714

                               Jones Day
                               BY: JAMES O. JOHNSTON, ESQ.
                               BY: JOSHUA MESTER, ESQ.
                               555 South Flower Street
                               Fiftieth Floor
                               Los Angeles, California  90071-2300
                               (212) 243-2431

For Bridge Lenders:            White & Case LLP
                               BY: SCOTT GREISSMAN, ESQ.
                               1155 Avenue of the Americas
                               New York, New York 10036-2787
                               (212) 819-8567

                               Fox Rothschild, LLP
                               BY: JEFFREY SCHLERF, ESQ.
                               Citizens Bank Center
                               919 North Market Street, Suite 1300
                               Wilmington, DE 19899-2323
                               (302) 622-4243

For DBTCA:                     McCarter & English
                               BY: DAVID ADLER, ESQ.
                               BY: KATHARINE MAYER, ESQ.
                               245 Park Ave., 27th Fl.
                               New York, NY  10167
                               (212) 609-6847

```
For TM Retirees:          Teitelbaum & Baskin
                          BY: JAY TEITELBAUM, ESQ.
                          3 Barker Avenue, 3rd Fl.
                          White Plains, NY  10601
                          (914) 437-7670


For Morgan Stanley:       Barnes & Thornburg
                          BY: KEVIN G. COLLINS, ESQ.
                          1000 N. West Street, Ste. 1200
                          Wilmington, DE  19801
                          (302) 888-0301


For Merrill Lynch:        Potter Anderson & Corroon, LLP
                          BY: LAURIE SELBER SILVERSTEIN, ESQ.
                          BY: R. STEPHEN MCNEILL, ESQ.
                          Hercules Plaza
                          1313 North Market St., 6th Fl.
                          Wilmington, DE  19801
                          (302) 984-6033


For Timothy Knight:       A.M. Saccullo, Legal, LLC
                          BY: ANTHONY SACCULLO, ESQ.
                          27 Crimson King Drive
                          Bear, DE  19701
                          (302) 836-8877


                          Hannafan & Hannafan, Ltd.
                          BY: JAMES MCGUINNESS, ESQ.
                          One East Wacker Dr., Ste. 2800
                          Chicago, IL  60601
                          (312) 527-0055


For Certain Directors
and Officers:             Connolly Bove Lodge & Hutz
                          BY: MARC J. PHILLIPS, ESQ.
                          1007 North Orange Street
                          Wilmington, DE  19899
                          (302) 884-6581


                          Grippo & Elden
                          BY: GEORGE DOUGHERTY, ESQ.
                          111 S. Wacker Drive
                          Chicago, IL  60606
                          (312) 704-7700
```

```
For U.S. Trustee:          United States Department of Justice
                           BY: DAVID KLAUDER, ESQ.
                           844 King Street, Ste. 2007
                           Lockbox 35
                           Wilmington, DE  19801
                           (302) 573-6491
TELEPHONIC APPEARANCES:

For Official Committee of
Unsecured Creditors:       Chadbourne & Parke, LLP
                           BY: MARC D. ASHLEY, ESQ.
                           BY: DOUGLAS DEUTSCH, ESQ.
                           BY: THOMAS MCCORMACK, ESQ.
                           (212) 408-5100

                           Zuckerman Spaeder, LLP
                           BY: GRAEME BUSH, ESQ.
                           BY: ANDREW CARIDAS, ESQ.
                           BY: ANDREW GOLDFARB, ESQ.
                           (202) 778-1800

For Debtor:                Sidley Austin
                           BY: CANDACE KLINE, ESQ.
                           BY: BRYAN KRAKAUER, ESQ.
                           BY: KEN KANSA, ESQ.
                           BY: DAVID MILES, ESQ.
                           BY: BRETT MYRICK, ESQ.
                           BY: DENNIS TWOMEY, ESQ.
                           (312) 853-7778

                           Tribune Company
                           BY:  DON LIEBENTRITT, ESQ.
                           (312) 222-3651
                           BY: DAVE ELDERSVELD
                           (312) 222-4707
                           BY: GARY WEITMAN
                           (312) 222-3394

For Crane Kenny:           Shaw Gussis Fishman Glantz Wolfson
                           BY: KIMBERLY BACHER, ESQ.
                           (312) 541-0151
For Credit Agreement
Lenders:                   Angelo Gordon & Co., LP
                           BY: GAVIN BAIERA, ESQ.
                           (212) 692-0217
```

For SuttonBrook Capital
Management, LP:                SuttonBrook Capital Management, LP
                               BY: CAROL L. BALE
                               (212) 588-6640

For Interested Party:          OZ Management
                               BY: MICHAEL BARNETT
                               (212) 719-7347

For Oaktree Capital
Management:                    Jones Day
                               BY: BRUCE BENNETT
                               (213) 489-3939

                               Oaktree Capital Management
                               BY: EDGAR LEE
                               (213) 830-6415
                               BY: KENNETH C. LIANG
                               (213) 830-6422

For HBK Capital
Management:                    HBK Capital Management
                               BY: ERIC BILMES
                               (212) 588-5115

For Interested Party:          Jeffries & Company
                               BY: JUSTIN BRASS
                               (310) 575-5128

For Dow Jones News
Wires:                         Dow Jones & Company
                               BY: PEG BRICKLEY
                               (215) 462-0953

For Goldman Sachs & Co.:  Goldman Sachs & Co.
                               BY: SCOTT BYNUM, ESQ.
                               (212) 902-8060

For Soros:                     Soros Fund Management
                               BY: COURTNEY CARSON
                               (212) 320-5499

For CRT Capital Group:    CRT Capital Group, LLC
                               BY: SHAGUN S. CHADHA
                               (203) 569-4345

```
For Bank of America:        O'Melveny & Myers
                            BY: DANIEL S. SHAMAH, ESQ.
                            (212) 326-2138
                            BY: EVAN JONES, ESQ.
                            (213) 430-6236

                            Bank of America
                            BY: ESTHER CHUNG
                            (646) 855-6705

For Michael D'Agostino:     Bingham McCutchen, LLP
                            BY: MICHAEL D'AGOSTINO
                            (860) 240-2731

For USB Securities:         USB Securities, LLC
                            BY: DAVID W. DERR
                            (203) 719-9776

For Davidson Kempner:       D K Partners
                            BY: EPHRAIM DIAMOND
                            (646) 282-5841

                            Shulte Roth & Zabel, LLP
                            BY: KAREN S. PARK, ESQ.
                            (212) 756-2036

For Chandler Bigelow:       Sperling & Slater
                            BY: STEVEN C. FLORSHEIM, ESQ.
                            BY: GWEN NOLAN, ESQ.
                            (312) 5641-3200

For Employees Compensation
Defendant's Group:          Frank Gecker, LLP
                            BY: REED HEILIGMAN, ESQ.
                            BY: JOSEPH FRANK, ESQ.
                            (312) 276-1432

For Matthew Frank:          Alvarez & Marsal, LLC
                            BY: MATTHEW FRANK
                            (312) 371-9955

For Citadel Equity
Group:                      Andrews Kurth
                            BY: PAUL SILVERSTEIN, ESQ.
                            (212) 850-2856
```

```
For Citigroup:              Paul Weiss Rifkind Wharton &
                            Garrison
                            BY: ANDREW GORDON, ESQ.
                            BY: OKSANA LASHKO, ESQ.
                            BY: ELIZABETH MCCOLM, ESQ.
                            BY: ANN K. YOUNG, ESQ.
                            (212) 373-3000

For Halcyon Asset
Management:                 Halcyon Asset Management
                            BY: IGOR FUKS, ESQ.
                            (212) 303-9453

For Chicago Fundamental
Investment:                 Chicago Fundamental Investment
                            BY: PETER GRUSZKA
                            (312) 416-4215


For Wells Fargo Bank:       Perkins Cole
                            BY: SHAN HAIDER
                            (212) 262-6904

For Nomura Securities:      Nomura Securities
                            BY: MATTHEW JACOBSON
                            (212) 667-1438

For Anna Kalenchits:        Anna Kalenchits
                            (212) 723-1808

For DebtWire:               DebtWire
                            BY: TIBITA P. KANEENE
                            (212) 500-1383
For Monarch Alternative
Capital, LP:                Monarch Alternative Capital, LP
                            BY: MICHAEL J. KELLY
                            (212) 554-1760

For Law Debenture Trust
Company of New York:        Kasowitz BensonTorres & Friedman
                            BY: SHERON KORPUS, ESQ.
                            (212) 506-1700


For Onex Credit:            Onex Credit Partners
                            BY: STUART KOVENSKY
                            (201) 541-2121
```

```
For JPMorgan Chase:       Davis Polk Wardwell, LLP
                          BY: ANGELA LIBBY, ESQ.
                          (212) 450-4433

For Morgan Stanley:       Weil Gotshal & Manges, LLP
                          BY: DAVID LITVACK, ESQ.
                          (212) 310-8361
                          BY: ANDREA SAAVEDRA, ESQ.
                          (212) 310-8544

For Aurelius Capital
Management:               Akin Gump Strauss hauer & Feld, LLP
                          BY: DEBORAH J. NEWMAN, ESQ.
                          (212) 872-7481

For New York State
Common Retirement Fund:   Morgan Lewis & Brockius, LLP
                          BY: MENACHEM O. ZELMANOVITZ, ESQ.
                          (212) 309-6000

For Barclays Capital:     Barclays Capital, Inc.
                          BY: OLIVIA MAURO
                          (212) 412-6773

For Cyrus Capital
Partners:                 Cyrus Capital Partners,LP
                          BY: SVETOSLAV NIKOV
                          (212) 380-5890

For Merrill Lynch:        Kaye Scholer, LLP
                          BY: JANE PARVER, ESQ.
                          (212) 836-8510
                          BY: MADLYN G. PRIMOFF, ESQ.
                          (212) 836-7042

For Royal Bank of
Scotland:                 Royal Bank of Scotland
                          BY: COURTNEY ROGERS
                          (203) 897-4815

For Taconic Capital:      Taconic Capital
                          BY: MARC SCHWARTZ
                          (212) 209-3122
```

```
For Robert R. Mccormick
Foundation & Cantigny
Foundation:              Katten Muchin Rosenman, LLP
                         BY: JOHN SIEGER, ESQ.
                         (312) 902-5294


For The Seaport Group:   The Seaport Group
                         BY: KENNETH SMALLEY
                         (212) 616-7763


For Citi:                Citi
                         BY: REBECCA SONG
                         (212) 559-9933


For GMP Securities:      GMP Securities
                         BY: ANDREW M. THAU
                         (212) 692-5178


For One East Partners:   One East Partners
                         BY: SINA TOUSSI
                         (212) 230-4510


For EGI-TRB:             Jenner & Block, LLP
                         BY: ANDREW VAIL
                         (312) 840-8688

For Southpaw Asset
Management:              Southpaw Asset Management
                         BY: JOANNA WA
                         (203) 862-6213

For Former Special
Committee:               Skadden Arps Slate Meagher & Flom
                         BY: JUSTIN WINEMAN, ESQ.
                         (312) 407-0924


For Wilmington Trust:    Brown Rudnick, LLP
                         BY: ELNAZ ZARRINI, ESQ.
                         (212) 209-4909


For Wells Fargo Bank:    White & Case, LLP
                         BY: ANDREW ZATZ, ESQ.
                         (212) 819-8744


For Solus, LP:           Solus, LP
                         BY: STEPHEN BLAUNER
                         (212) 373-1562
```

```
For Royal Bank of
Scotland:                    Cadwalader Wickersham & Taft
                             BY: MICHELE MAMAN-COHEN, ESQ.
                             (213) 330-7716

For Crain's Chicago
Business:                    Crain's Chicago Business
                             BY: LYNNE MAREK
                             (312) 649-5328

For Alvarez & Marsal:        Alvarez & Marsal, Inc.
                             BY: BRIAN WHITTMAN
                             (312) 601-4226
```

```
 1        WILMINGTON, DELAWARE, FRIDAY, JUNE 8, 2012, 9:05 A.M.

 2              THE CLERK:  All rise.

 3              THE COURT:  Good morning, everyone.

 4              MR. BENDERNAGEL:  Good morning, Your Honor.  Jim

 5   Bendernagel, for the debtor.  Can I proceed?

 6              THE COURT:  Yes.

 7              MR. BENDERNAGEL:  Your Honor, if you have the

 8   agenda or the order of argument, I've got some news to

 9   report as to various issues that have been resolved.

10              THE COURT:  I do.

11              MR. BENDERNAGEL:  If you look, the next item was

12   item six.  That's been resolved.  We're going to argue

13   number 7, 8(a) and (b), including all subparts.  It's my

14   understanding that's been resolved.  With respect to 8(c),

15   we're going to have argument today on the scope and amount

16   of the attorneys' fees for the Trust Advisory Committee

17   members, but not the compensation of those members.  That's

18   been resolved.  With respect to 8(d) and (e), there's going

19   to be -- I think when we get to that point, we'll report

20   where we're at on that issue, but that's largely been

21   resolved, and 9 is resolved.  So what that really suggests

22   is we only have 2 ½ issues to talk about today, 9, 8(c), and

23   then we'll give you a status report on 8(d) and (e), which

24   quite frankly, is resolved; it's just a matter of drafting

25   it.  There may be an issue with the directors and officers
```

1   that we have to deal with.

2                    THE COURT:   Okay.

3                    MR. BENDERNAGEL:   With that --

4                    MR. SCHAIBLE:   You just said 9; I think you mean

5   7.

6                    MR. BENDERNAGEL:   Oh.   The two issues that are

7   going to be argued are 7 and 8(c); 9 has been resolved.

8                    THE COURT:   Okay.

9                    MR. BENDERNAGEL:   With that, we'd propose to

10  start with issue number 7 and, as I understand it, Mr.

11  Zensky is presenting that argument, I think for the -- Your

12  Honor, Mr. Damian would like to speak about number 6.

13                       (Laughter)

14                    MR. BENDERNAGEL:   That's what we call him.

15                    MR. SCHAIBLE:   I've been called worse.   Your

16  Honor, Damian Schaible, of Davis Polk, Mr. Damian

17  representing JPMorgan as agent.   I just wanted to advise the

18  Court, briefly, in the past day, we've had, as you can

19  imagine, been doing a lot of work seeking to resolve

20  whatever we can and we have a resolution, a joint

21  resolution, of the fee provision disputes that we won't have

22  to deal with and the -- all of the objections to the

23  Litigation Trust loan agreement terms as Mr. Bendernagel's

24  set forth.   I was just going to set forth on the record, if

25  you don't mind, briefly, the terms of that agreement.

```
 1            THE COURT:  Go ahead.

 2            MR. SCHAIBLE:  With respect to the Litigation

 3  Trust loan, the loan which had been designed to be drawable

 4  as expenses arose, essentially, will now become a single

 5  draw term loan, which will be drawn and fully funded on the

 6  effective date.  That's a $20 million loan and it remains a

 7  $20 million loan.  The expense reimbursement reserve which

 8  was set at $20 million will now be set at $25 million, but

 9  importantly, it cannot be accessed until the loan proceeds

10  are fully used.  Once the loan proceeds are fully used that

11  $25 million expense reserve will be evergreen.  So if the

12  Litigation Trust uses the $25 million and then additional

13  proceeds from actions come in, they can replenish it back up

14  to 25 million before making further distributions to

15  creditors.  Otherwise, the loan -- conforming changes will

16  be made to the loan agreement.  Otherwise, the loan

17  agreement doesn't change, including the waterfall

18  provisions.  And with that -- with those agreements, all of

19  the objections in the joinders related to all the provisions

20  -- all the other provisions of the Litigation Trust loan are

21  being withdrawn, and the fee provisions and all objections

22  to the fee provisions of the Plan have been withdrawn.  Just

23  to clarify, as the most recent amended version of the Plan

24  had already stated, the lenders and the Creditors Committee

25  members and the bridge lenders, who will be seeking fee
```

1   reimbursement personally went to the Plan provisions, will

2   submit reasonably detailed fee statements and we had

3   previously agreed to that in the Plan.  I believe -- this

4   agreement is subject to conforming changes being made to the

5   loan agreement, and one conforming change being made to the

6   Litigation Trust Agreement.  We believe we'll be able to get

7   that done very quickly, and those are only conforming

8   changes to these provisions, and we believe there's no other

9   changes and we have resolution with Indenture Trustees and

10  Aurelius.

11          I misspoke with regard to the Creditors Committee

12  members.  Their fee statements will not be publicly filed.

13  Thank you, Your Honor.

14          THE COURT:  Thank you.

15          MR. GOLDEN:  Good morning, Your Honor, Daniel

16  Golden, Akin, Gump, Strauss, Hauer & Feld, Counsel for

17  Aurelius, and also on behalf of Law Debenture.  Your Honor,

18  I think for reasons that are easily understood, Aurelius and

19  the Indenture Trustees were laser focused on the trust and

20  the ability of the trust to be well-funded in order to

21  pursue the litigation post-confirmation.  It's a very

22  significant asset.  It's a very significant ability for

23  creditors to receive additional recoveries here.  So we have

24  fought long and hard to ensure that the trust is well-

25  funded.  In that regard, we have reached an agreement with

1  the lenders, as Mr. Schaible has pointed out to the Court.

2  Based upon that agreement, and there is one additional

3  component that I just think he forgot to mention, is part of

4  the overall agreement, it has been agreed that the annual

5  compensation for the Litigation Trust Advisory Board members

6  is going from $25,000 to $60,000 a year.  Okay.

7           And one final point, just on the terms of the

8  agreement, Your Honor, once the trust loan has been repaid

9  in full, there will be no further cap on the expense fund in

10 the Litigation Trust or under the Litigation Trust

11 Agreement.  So it will be up to the trustee and the

12 Litigation Trust Advisory Board Members in acquitting their

13 respective fiduciary duties to determine how big the expense

14 fund should be before further distributions are made to

15 creditors.  With those agreements, and subject to seeing the

16 revised loan agreement, and the one change that needs to be

17 made to the Litigation Trust Agreement to conform to this

18 agreement, we are formally -- we, Aurelius, and on behalf of

19 Law Debenture, withdrawing our objection to the fee

20 provisions contained in 9.1 of the Plan, and unless Your

21 Honor has any other questions.

22           THE COURT:  I do not.

23           MR. GOLDEN:  Thank you.

24           THE COURT:  Thank you.

25           MR. ROSNER:  Your Honor?

```
 1              THE COURT:  Yes.
 2              MR. ROSNER:  David Rosner, of Kasowitz, Benson,
 3   Torres & Friedman, for Law Debenture.  Just clarifying, I
 4   don't think that it was confused, but I just want to make
 5   sure that it's not confused on the record.  When Mr.
 6   Schaible said that this resolves the fee issues, he's
 7   talking about item number six.  Item number two, which I
 8   argued yesterday about the classification and treatment of
 9   the Law Debenture and the other Indenture Trustee fee and
10   expense claims, is not subject to this agreement.  That's a
11   live issue, and hopefully, a favorable determination by the
12   Court.  Thank you.
13              THE COURT:  Thank you.
14              MR. ZENSKY:  Good morning, Your Honor, David
15   Zensky, Akin, Gump, Strauss, Hauer & Feld, for Aurelius
16   Capital Management, and this is item seven on the agenda.
17              THE COURT:  All right.
18              MR. ZENSKY:  This goes to the current wording of
19   the Plan, Section 5.8.2, and if I may, I'd like to hand up
20   the demonstrative, which is just a color copy of that
21   section as it reads now, which I circulated to all the
22   parties yesterday.
23              THE COURT:  Certainly.  Thank you.
24              MR. ZENSKY:  I have more copies for anyone in the
25   Courtroom who would like one.  Your Honor, as you know from
```

1   our Plan objection, the issue here, our objective in making

2   this objection, is to ensure that both the preserved causes

3   of action, and to be clear, Your Honor, the preserved causes

4   of action are the Litigation Trust assets that are currently

5   embodied in the *FitzSimons* action and the *Advisor* action.

6        The object here is to ensure that the preserved causes

7   of action and the disclaimed state law avoidance actions,

8   which the individual creditors have commenced, have the

9   greatest chance of succeeding, and that nothing that the

10  debtors do intentionally or unintentionally in the Plan

11  wording interfere with that objective.  So put another way,

12  Your Honor, we want to make sure that the Plan reflects to

13  the absolute greatest extent possible without any ambiguity

14  that those claims are fully preserved and there is no comma

15  left out or any implication in this Plan that that was not

16  the intent of the Plan to preserve all of those claims for a

17  decision on their merits down the road.

18           Now, there cannot be any doubt, Your Honor, that

19  that is, in fact, the intent of this Plan.  When we were

20  litigating the proposed settlement during the course of the

21  first confirmation hearing, Your Honor was repeatedly told

22  about the virtue of the settlement, one of the virtues,

23  including that these claims that I've just described would

24  be preserved for later adjudication and would provide

25  substantial value.  So, for example, in their post-trial

1  brief during the course of the first confirmation hearing at

2  page seven, the DCL Plan Proponents told you that "The DCL

3  Plan does not settle other LBO-related causes of action;

4  rather, it preserves the pursuit by the Litigation and

5  Creditors Trust a multitude of potentially valuable claims,"

6  and it goes on.   In the Creditors Trust, you'll remember,

7  Your Honor, was a separate vehicle that the Plan then before

8  you was to establish to let creditors assign their state law

9  constructive fraudulent transfer claims.

10            In their post-trial brief from the first hearing,

11  they went on to say that the Committee concluded that the

12  Plan settlement was fair to the Senior Noteholders because

13  there would be substantial value in the Litigation Trust,

14  and on and on, you were told that that was one of the

15  virtues of the settlement.   And in the Court's confirmation

16  opinion from last October, this Court found that, at page 31

17  and 32, that "the DCL Plan preserves the remaining LBO-

18  related causes of action and other claims for the benefit of

19  Tribune's creditors by assigning those causes of action to

20  the Litigation Trust."   And then Your Honor cited the

21  testimony of a Committee member who said the Committee was

22  in favor of this because we think there's substantial value

23  there.   So I don't think that anyone in the room can or

24  would disagree that the object of this Plan is to preserve

25  those causes of action to be decided on their merits.

1            THE COURT:  Okay.  Let me ask you to pause there

2  and I'll ask -- I don't know, maybe you can add it to the

3  list of dumb questions I ask, but if that's true, if the

4  concept is universally accepted, why can't you agree on

5  language?

6            MR. ZENSKY:  Excuse me, Your Honor?  Why can't?

7            THE COURT:  If the concept is universally

8  accepted, why can't you agree on language?

9            MR. ZENSKY:  For the life of me, I cannot

10  understand why the debtors do not agree with the one word we

11  want added to 5.8.2, and I'll explain why we want it added.

12            THE COURT:  Okay.

13            MR. ZENSKY:  As you know from our brief, there's

14  a litigation proceeding in the Southern District of New York

15  involving the *Lyondell* bankruptcy.  *Lyondell* was another

16  busted LBO, as Your Honor may know.  There is litigation

17  being pursued by a Creditor Trust in which state law

18  constructive fraudulent transfer claims were assigned to the

19  Creditor Trustee to pursue.  In that action, defendants

20  recently made a motion to dismiss and said that that Trustee

21  lacked standing to pursue that litigation because the debt

22  had been discharged in the course of the bankruptcy.  Okay?

23            Now, make no mistake, I believe the intent is

24  universally expressed.  I believe that, as it stands, that

25  if a similar motion were made in the preserved causes of

1  action and/or in the state law causes of action in the MDL,

2  that those parties lack standing because the debt is

3  discharged; they would lose.  I think they're wrong and I

4  think that the Plan does express the intent.  But if the

5  whole object here is to preserve these, why can't they add

6  the one word that we asked them to add, which is out of debt

7  in the top of 5.8.2, as the things that will survive for the

8  limited purposes that 5.8.2 says they survive?  5.8.2 says

9  that the Indentures survive for purposes of prosecuting the

10 state law actions, the preserved causes of action, and for a

11 variety of other reasons.  There are five other places that

12 it says the debtors are discharged from the pre-petition

13 debt; 5.8.1 says that; 11.1.1 says that the debt is canceled

14 as against the debtors; 11.1.1(b) says there's an injunction

15 against pursuing the debtors.  So they can't possibly be

16 worried that if they were to add the two words that we ask

17 they add here just to help if that defense is raised in the

18 MDL litigation against the preserved claims which they told

19 you so much about, why not add it?  It's not an economic

20 issue.  We're not asking for any resources to be reallocated

21 here, Your Honor.  We're asking just to do a belt,

22 suspender, shoelaces, and everything else job of helping

23 make sure that the Plan adequately reflects the intent, or

24 perfectly reflects the intent, if you will, Your Honor.  So

25 that was the nature of the objection on that point.

1                  If you look at the bottom of the slide that I

2    gave you, you'll see a sentence that was dropped into the

3    Plan just a week ago today in reaction to our objection on

4    this point and to a pleading that the McCormick Foundation

5    put in, and with all respect to my colleagues, I think that

6    the language here was somewhat hastily drawn.  They did it

7    within 24 hours of getting the McCormick objection, and I'm

8    not sure they really thought through the words that they

9    were using here, and we have a problem with the portion that

10   is in red, and I'll explain why.  McCormick, as Your Honor

11   knows, was the largest shareholder pre-LBO; received more

12   than a billion dollars of the transfers during the course of

13   the LBO, and is obviously defendant number one in the

14   intentional fraudulent transfer claim that the Committee has

15   brought, and is also a defendant in the state law cases.

16                  And what their standing is to help craft the

17   wording of the Plan that's designed to allow claims to go

18   forward against them, I'm not sure, but if they do have

19   standing to object, Your Honor, they put in their pleading

20   that what I'm asking you to do here today is somehow asking

21   you to adjudicate a defense that they want to raise in those

22   proceedings and nothing could be further from the truth.

23   They have the ability to raise whatever defense they

24   plausibly think they can raise if and when a Plan is

25   confirmed based on the wording of the Plan.  We just want

1   the Plan to do its best to make sure the claims are decided

2   on their merits, and does not unintentionally give them a

3   defense that is not intended to give them.  Now, if you look

4   at what the debtors added in iii, what they've done to try

5   to appease the McCormick pleading is to say that, for the

6   avoidance of doubt, "nothing in this Plan shall or is

7   intended to impair the rights of"; we don't have any problem

8   with 1 and 2.  Those are accurate statements of the Plan's

9   intent.  And in 3, which we put in red, is that "nothing in

10  this Plan shall or is intended to impair the rights of (3),

11  any defendant in defending against disclaimed state law

12  avoidance claim or a preserved cause of action".  That's not

13  right, Your Honor.  The intent of the Plan is to impair

14  certain defenses in defending against, and that is that any

15  defense that would say the debtors did not preserve those

16  claims or release those claims or did something that

17  obstructed their ability to transfer it to the preserved

18  causes of action is impaired.  That's the object of this

19  Plan is to preserve those claims.  So we have a problem with

20  the way they worded this.  We certainly don't believe that

21  the Plan adjudicates their defenses or that a confirmation

22  of this Plan determines whether they are or are not liable

23  in the preserved causes of action and the disclaimed state

24  law actions, and there's another section in the Plan that

25  says that; that says this Plan does not determine whether

1  you are or are not liable on these actions.  But the way the

2  debtors worded 3, Your Honor, we fear is not an accurate

3  statement of Plan intent and could give rise to unintended

4  arguments and defenses by all of the defendants that are

5  supposed to be -- that are defendants in the claims that are

6  supposed to be preserved.  That's all I have unless Your

7  Honor has any questions.

8          THE COURT:  I don't.  Thank you.

9          MR. ZENSKY:  The last thing I would say, Your

10  Honor, just as a matter of confirmation practice, again,

11  since the thesis of the Plan is that the settlement is okay

12  because there are preserved causes of action, we certainly

13  believe the Court has authority as -- in reviewing the Plan

14  and applying confirmation standards to ensure that it

15  achieves what they tell you it achieves.

16          THE COURT:  Thank you.

17          MR. TEITELBAUM:  Good morning, Your Honor, Jay

18  Teitelbaum, Teitelbaum & Baskin, for the TM Retirees.  We

19  did file a joinder with respect to certain of the points

20  that were raised by Wilmington and Deutsche Bank, and I'm

21  standing just to join in Mr. Zensky's comments regarding the

22  issue of making it crystal clear that the trust is preserved

23  for the benefit of the parties that are participating and

24  the TM Retirees are the other plaintiffs, if you will, in

25  that action.

1           Section 5.8.2 deals specifically with the

2  Indenture, and the concept of the discharge of debt is dealt

3  with in that section.  But to the extent that the Plan

4  and/or the confirmation order are going to clean up

5  potentially that issue to make it crystal clear, I think it

6  needs to address the indebtedness owed to the TM Retirees,

7  and for the purposes of the trust, those obligations are not

8  discharged so that there's no issue of standing or some

9  technical glitch that would prevent the trust from operating

10 appropriately.  It would not appear in this.  I think it may

11 appear in the general discharge or in another little section

12 just to make it crystal clear that those obligations remain

13 extant for the purposes of the claims.  Thank you, Your

14 Honor.

15           MR. RILEY:  Good morning, Your Honor, Richard

16 Riley, from Duane Morris, on behalf of the Robert R.

17 McCormick Tribune Foundation.  Your Honor, we do not want

18 anything in the Plan or confirmation order to impair our

19 defenses in the case.  We think they are trying to get

20 substantive rights here, and in your prior confirmation

21 order, you stated that issues regarding standing,

22 preemption, and the applicability of 546(e) are best left to

23 the Court determining these claims.  So we just -- we think

24 they are trying to get substantive rights against us and we

25 don't think that's appropriate, Your Honor.

1          THE COURT:  Thank you.

2          MR. RILEY:  And we would be okay with, I think as

3   a compromise, the language that the debtors Counsel has

4   proposed.

5          THE COURT:  DCL?

6          MR. SOTTILE:  Good morning, Your Honor, James

7   Sottile, of Zuckerman Spaeder, Special Counsel to the

8   Official Committee of Unsecured Creditors.  Your Honor asked

9   the pointed question why we couldn't just work out language

10  here.  We did try fairly hard to get to resolution, and I

11  want to tell the Court directly why we aren't able to do so.

12  Mr. Zensky spoke several times about he just wanted one word

13  added.  That one word, however, is debt.  He wants a

14  statement in the Plan that the debt that's discharged, the

15  Senior Notes debt, the PHONES debt, is not discharged for

16  certain purposes.  As the Court will appreciate, both the

17  debtors themselves and the future owners of the company have

18  an allergic reaction to the notion that debt will not be

19  discharged for certain purposes, even subject to the

20  restrictions that Mr. Zensky has identified.  After all,

21  discharging debt is sort of what bankruptcy is all about.

22  The central purpose of a reorganization like this is to

23  discharge the debtors, leave them free and clear of any

24  potential issues with respect to outstanding debt pre-

25  petition, except to the extent such debt might be expressly

1    preserved.  This debt is discharged, and Your Honor, we

2    believe it is inappropriate to say that it remains in effect

3    for some purposes.  Not only is it inappropriate, it's

4    unnecessary.  Frankly, we would agree with Mr. Zensky's

5    position that any attack on the standing of the Indenture

6    Trustees or the Litigation Trustee to pursue claims because

7    the debt is discharged is doomed to failure.  There are

8    numerous decisions, Your Honor, where both Litigation

9    Trustees have pursued post-petition, post-discharge, exactly

10   these kinds of claims, and neither Mr. Zensky's research nor

11   ours has disclosed any case where a Court has considered or

12   much less upheld a defense that because the underlying debt

13   was discharged, the fraudulent conveyance claim that accrued

14   at the time of the fraudulent transfer is also discharged or

15   that the discharge somehow defeats standing for the

16   plaintiffs.

17            Now, one might face any kind of argument from

18   defendants.  I am not saying that this argument might not be

19   pressed by a defendant.  I am saying that we believe that

20   there's absolutely no basis for such a defense and agree

21   with Mr. Zensky on that.  So one, we think it is important,

22   appropriate, and central to the purpose of bankruptcy to

23   make clear that the debt is discharged for all purposes.

24            Two, it is unnecessary to do something rather

25   extraordinary, which is to not discharge debt, or at least

1    certain specific purposes, in order to ensure that the

2    Litigation Trustee and the state law plaintiffs can pursue

3    these claims without fear of some standing attack.  For

4    those reasons, Your Honor, the DCL Proponents submit that

5    you should not sustain a confirmation objection on the basis

6    that we are unwilling to provide in the Plan the debt which

7    is intended to be discharged is not discharged for some

8    purposes.

9            Your Honor, the other language that Mr. Zensky

10   pointed to you, and which we were unable to reach agreement

11   with him on, is I think fairly classic neutrality language.

12   This Court has told all of us a number of times that it is

13   not the Court's intention to resolve issues with respect to

14   litigation that will take place in other Courts, but simply

15   to allow the parties to pass through the bankruptcy, to

16   preserve those claims for future litigation, and for the

17   merits of those claims to be decided by some other Court.

18           THE COURT:  Okay.  But respond to the argument

19   that it opens -- it may open -- it may be right to open

20   doors that are closed.

21           MR. SOTTILE:  Your Honor, I heard the argument.

22   I think that, to the extent the argument is addressed to the

23   words -- adding the word "debt", it falls for the reasons

24   I've described.  To the extent that Mr. Zensky is making the

25   point that somehow the language in red in the -- at the end

1   of this paragraph, iii at the end, that somehow this might

2   interfere with the Plan's purpose to preserve causes of

3   action, and that is a clear purpose of the Plan.  I think

4   that we could address that issue, Your Honor, simply by

5   striking the words "or a preserved cause of action" at the

6   end, and we would be prepared to make that change, Your

7   Honor, if that would address the objection.  I think it does

8   go directly to the core of Mr. Zensky's argument which is

9   that the Plan is intended to preserve causes of action that

10  are transferred to the Litigation Trust.  To the extent that

11  this language might be read by someone as chipping away at

12  that central purpose of the plan, we'd be prepared to delete

13  those words.  The remaining words would be a straight

14  neutrality provision with respect to the disclaimed state

15  law avoidance claims.  And Your Honor, as to those, I submit

16  that the Plan is intended to be, and always has been,

17  neutral on the issue, and this Court, I think, has been

18  clear that it views the situation that way.  The Court

19  granted relief from the stay so that the Indenture Trustees

20  could pursue those claims, but quite directly told the

21  parties and ruled that you weren't deciding whether those

22  were good claims, bad claims, whether they could be pursued,

23  couldn't be pursued, whatever they were, they were passing

24  to the state law plaintiffs to be pursued by the state law

25  plaintiffs.  This language, once we take out the words

1  referencing a "preserved cause of action", goes no further

2  than this Court's prior rulings, and we submit is

3  appropriate in order to make this paragraph neutral going

4  both ways; that is, the rights of the parties, whatever they

5  are in prosecuting or defending the disclaimed state law

6  avoidance claims, are unaffected by the Plan.

7          With respect to a preserved cause of action, we

8  take Mr. Zensky's point.  We think it could be resolved by

9  deleting the words I just pointed the Court to.

10          THE COURT:  All right.  Thank you.

11          MR. SOTTILE:   Thank you.

12          THE COURT:  Mr. Zensky, does --

13          MR. ZENSKY:  Your Honor, may I have one minute?

14          THE COURT:  Yes.  Does that solve one of the

15  problems?

16          MR. ZENSKY:  It does not, Your Honor, and let me

17  respond to a few points.  One is I can't for the life of me

18  understand why the Committee would get up and oppose a

19  creditor's request on this issue; maybe the debtors, but the

20  Committee?

21          Second, Your Honor, Mr. Sottile referred to what

22  he believes is classic neutrality language and I think if

23  the Court looks at 1.1.67, if you have a copy of the current

24  Plan in front of you, Your Honor?

25          THE COURT:  Well, I don't.

1            MR. ZENSKY:  I'll read it to you.

2            THE COURT:  I do.  It's somewhere on the bench.

3            MR. ZENSKY:  Okay.  There, it says that "for the

4  avoidance of doubt, nothing herein is intended to determine

5  whether a selling stockholder properly faces liability with

6  respect to the disclaimed state law avoidance claims."  We

7  didn't object to that, and I believe that is a statement of

8  neutrality that says that this Plan does not determine

9  whether there is liability whether there was a fraudulent

10  transfer or not.  But what they've done here is very

11  different because it speaks again of the intent of the Plan

12  as distinct to what defenses may be available at law,

13  notwithstanding the intent of the Plan.  And Mr. Sottile's

14  suggestion makes it worse because then it implies somehow

15  that the intent of this Plan actually might be to cut off

16  the state law causes of action by leaving that in  sub iii

17  and we know that's not the intent, Your Honor.  The debtors

18  never opposed the lift/stay motion, and they had a Plan in

19  place for more than a year that created a Creditor Trust to

20  pursue those causes of action.  So Mr. Sottile's suggestion,

21  while I'm sure well-intentioned, almost makes matters worse

22  from my perspective, Your Honor.

23            And as far as the end debt, you know, it may be

24  unprecedented, but the arguments that were just recently

25  made in *Lyondell* were just made for the first time and we

1   were reacting to arguments that will no doubt show up in

2   defending against the preserved causes of action and the

3   state law actions and our request was made in that light.  I

4   don't think Mr. Sottile convinced you in the slightest that

5   the lenders could have a legitimate fear that by adding the

6   words that we requested into this section for these purposes

7   only that someone is going to sue the reorganized debtor on

8   the debt.  11.1.1, which he did not address, Your Honor, is

9   explicit that -- about the discharge of the debtors of every

10  pre-petition claim and interest.  Section B says that every

11  person who holds a claim or interest is precluded from ever

12  asserting it against the reorganized debtor.  And then

13  11.1.2 has an injunction against anyone ever coming after

14  the reorganized debtor on anything that existed pre-

15  petition.  The Plan has multiple places which makes that

16  intent absolutely clear and we stated in our objection that

17  the purpose of this is not somehow to preserve rights

18  against a reorganized debtor.  It is simply to do the best

19  job possible to avoid unintended defenses being raised

20  against these preserved rights.

21            THE COURT:  And the goal I think is an

22  appropriate one, but one thing that strikes me, although

23  it's not been articulated by the DCL Plan Proponents, is

24  that I would be loath to have the Plan, which has been the

25  subject of such extended and vigorous disputes, end up like

1  a negotiated document, which I know it is in part, but by

2  that, I mean there's so many provisions that touch on the

3  same topic that it becomes indecipherable for those who have

4  to rely on it one way or another later on, and we know that

5  will happen because of the pending litigation.  That is a

6  concern of mine.

7            MR. ZENSKY:  I understand the concern, Your

8  Honor, but again --

9            THE COURT:  And then what happens, typically --

10  forgive me for interrupting --

11            MR. ZENSKY:  Of course.

12            THE COURT:  -- is that people run back here and

13  want clarification.

14            MR. ZENSKY:  With all due respect, I think our

15  objection here is to avoid one of those roundtrips back to

16  the Bankruptcy Court so that if someone does try to say oh,

17  you didn't preserve the debt, and therefore, there's no

18  standing of the Litigation Trustee because the debt's blown

19  up, and that's what they argued in *Lyondell*.  I'm not making

20  this up, Your Honor.  It's in a brief.  I think they're

21  going to lose.  Mr. Sottile and I do agree on that.  But if

22  it can be fixed without any harm, no one's asking anyone to

23  move resources from one side of the room to the other, why

24  not fix it?

25            THE COURT:  Okay, look, here's what's going to

1   happen.  I'm not making a ruling now, but my viseral

2   reaction to this is I will come up with language to suggest

3   it's appropriate.  I mean, again, confirmation is either up

4   or down, and if I go down, it's -- you know, I tell you -- I

5   give you a roadmap to get to the right place.  But I think

6   it would still be better for the parties to choose the

7   language rather than for the Court to do so.  I will do so

8   if need be.

9           MR. ZENSKY:  All right.  Your Honor, we

10  understand, and as you know from the dwindling agenda, the

11  parties have been hard at work on agreeing on language and

12  two of the things that were solved yesterday morning were

13  languages used that we were able to work out.

14          THE COURT:  Listen, and don't underestimate the

15  magnitude of my appreciation for those arrangements having

16  been made.

17                  (Laughter)

18          THE COURT:  Okay.  Well --

19          MR. ZENSKY:  Okay.  Thank you.

20          THE COURT:  Thank you, Mr. Zensky.  Anything else

21  on that topic?

22                  (No audible response)

23          THE COURT:  All right.

24          MR. BENDERNAGEL:  Your Honor, the next topic I

25  believe is 8(c), and Mr. Stark, I believe, is going to --

```
 1                THE COURT:  That's fine.

 2                MR. BENDERNAGEL:  -- argue this point.

 3                THE COURT:  Just a five-minute break before we

 4    start that topic?

 5                MR. BENDERNAGLE:  That would be great.

 6                THE COURT:  Just five minutes.

 7                MR. BENDERNAGEL:  Okay.

 8           (Court recess from 9:38 a.m. to 9:45 a.m.)

 9                THE CLERK:  All rise.

10                MR. SOTTILE:  Your Honor, James Sottile again for

11    the Official Committee.  Your Honor, inspired as we

12    sometimes are by the Court's words and by the fear that the

13    Court may give us something neither of us want --

14                THE COURT:  It wasn't intended as a threat.

15                     (Laughter)

16                MR. SITTILE:  Simply a statement of what might

17    follow.

18                THE COURT:  Yes.

19                MR. SOTTILE:  We would like, Your Honor, once we

20    have finished with the other arguments, if the Court would

21    indulge us by allowing a recess before we conclude this

22    hearing because we think we may be able to resolve our

23    differences on this language and would like to do so if

24    possible.

25                THE COURT:  That would be fine.
```

1                  MR. SOTTILE:   Thank you, Your Honor.

2                  THE COURT:   And appreciated.

3                  MR. STARK:   Good morning, Your Honor, Robert

4    Stark, from Brown Rudnick, on behalf of Wilmington Trust.

5    The objection that we filed, which had been joined by

6    Deutsche Bank and by the third proposed member of the

7    oversight Board, Mr. Nease, whose Counsels are all three

8    members of the oversight Board, join in this objection

9    point.  It was originally two points; one was the

10   compensation that was reserved for directors that 25,000

11   seemed a bit skinny in light of a market as we perceived it

12   to be.  That got obviated overnight in connection with this

13   larger settlement of the exit loan and we married up the

14   compensation structure to the Lyondell Trust Agreement

15   which, as I'll mention in a minute, we view as a pretty good

16   market comparable.  But we're still left with the issue

17   about individual directors being able to retain their

18   Counsel and have those expenses reimbursed by the trust

19   itself.

20                  A few points on this that I'd like to make, and I

21   don't intend to belabor the record on this, but the first is

22   that I think there has to be an acknowledgment that two of

23   the three members of the oversight Board are Indenture

24   Trustees.  They're the Corporate Trust Departments of banks,

25   Deutsche Bank and Wilmington Trust.  These Corporate Trust

1   Departments represent bondholders to Indentures, per the

2   regime established in 1934 of the Trust Indenture Act, and

3   Corporate Trust Departments are not paid an awful lot of

4   money to be representative of bonds in bankruptcy cases or

5   out.  This is not an incredibly lucrative assignment that

6   these Corporate Trust Departments do but they do their job

7   and often times they do it with a fair amount of

8   compensation risk because, for example, in the PHONES case,

9   they get paid via charging lien when and if there's

10  distributions made available to their bondholders.  So, in

11  fact, we're seeing fewer banks taking on this work.  It

12  seems to be a winnowing practice and there are a few left,

13  and those that are left, including Deutsche Bank and

14  Wilmington Trust, are continuing to prepare, and in this

15  case, will continue to do the best service they can for

16  their constituents and those.  But limited rewards in terms

17  of the jobs that they accomplish should come with

18  commensurate limitations in the amount of risks that they

19  should be forced to take on.  And I've heard it phrased many

20  times that corporate trust is generally a zero risk

21  tolerance business, and in fact, that's the reason why they

22  have lawyers all the time when they're sitting on a

23  Creditors Committee, when they're sitting in a Board

24  capacity, and they are, in fact, sitting in a Board capacity

25  in the *Lyondell* case, they often have a lawyer, always have

1    a lawyer sitting next to them because the law is such that

2    if a Corporate Trust Department acts with the advice of

3    Counsel, an unconflicted Counsel focus directly on the

4    particulars of their particular seat, then they're immunized

5    from liability.  And that's something that, again, was

6    created under the rubric of 1934 Act so there's many years

7    of practice and that's how they manage their affairs.  And

8    things do get complicated when you sit on Boards when you

9    have a fiduciary responsibility to bondholders, and you have

10   for years, and you're taking on a Board seat situation which

11   everyone would like them to do with a fidelity

12   responsibility to beneficiaries that include folks that

13   aren't bondholders.  Things can get complicated and so they

14   ask that their engagements continue for that particular

15   limited purpose.

16           We did -- Deutsche Bank did attach to its

17   objection papers the Lyondell Trust Agreement, and again, we

18   cited in our papers why we believe *Lyondell* is a very

19   interesting comparable scenario.  Your Honor may be aware of

20   it or may have gleaned some facts from the various colloquy

21   we've heard along the way.  *Lyondell* was the other big fail

22   2007 LBO transaction that flopped into bankruptcy.  It

23   resulted in a plan of reorganization that also created a

24   Liquidation Trust that had estate causes of action invested

25   in that trust for purposes of prosecution with an oversight

1    Board and that Board is dominated by representatives of the

2    bonds that were -- the pre-LBO bonds, through their

3    Indenture Trustees.   That Board had the $60,000 a year comp

4    for directors and that was what drove our expectations

5    that's what should be done here, and it also has,

6    importantly, a provision; and again, it's attached to the

7    Deutsche objection, 6.9 of that Trust Agreement specifically

8    says that the outside expenses of individual directors

9    sitting on the Board shall be reimbursed by the trust,

10   "including the reasonable fee, costs, expenses of legal

11   Counsel."  So that too establishes our expectations that

12   this is a market standard request.

13           Now, it shouldn't really be seen as a very heavy

14   economic toll.  The reorganized company will not be paying

15   this, I guess, except through their loan.  This is a trust

16   expense, and so, to a degree, it's a trust expense

17   predicated on the recoveries and has the same sort of risk

18   reward profiling in terms of a return that the company make

19   when it originally agreed to make a $20 million loan to the

20   company.  And frankly, we're talking about, I think, a de

21   minimis amount of money we're talking about.  But --

22           THE COURT:  Well, on what do you base that

23   assumption?

24           MR. STARK:  Well, on the following, Your Honor.

25           THE COURT:  I'm reminded of the old story of a

1    town that has one lawyer who makes no money until the second

2    lawyer moves into town.

3                         (Laughter)

4              MR. STARK:    And you know what, Your Honor, I'm

5    glad that you phrased it in that way because I'd like to

6    make a proposal.    I propose a cap.    Let's make this really

7    de minimis and at least let's quantify what I mean by de

8    minimis and throw a number out there and say listen, you

9    know what, we're talking about a situation where the

10   directors, as a whole, will be allowed to have Counsel, and

11   so what we're really talking about is a situation where, in

12   fact, the Indenture Trustees and a third member of the Board

13   actually sits back and says I feel a little constrained and

14   tweaked by the issue that's presented before me and my

15   global Board Counsel isn't giving me the particular amount

16   of expert -- of Counsel that I can rely upon to make sure

17   that I'm feeling comfortable.    These are narrow

18   circumstances so we don't need a lot of money; 25,000,

19   30,000 a year reserve, collectively, for all members of the

20   Board.    Nobody will be made rich by advising in these very

21   narrow circumstances.    I suspect it will be a very rare

22   circumstance in which Counsel will be called upon.    But to

23   have them at ready such that if there is a circumstance like

24   that that gives them the comfort that they need under that

25   narrow band of circumstance with a narrow band of money I

```
 1   think is effectuating and is facilitating at least two
 2   members of the Board to sit and do their job appropriately.
 3             And again, I just want to finish by saying to
 4   Your Honor that all three members of the Board have made
 5   this request, and I think in light of what the task
 6   assignment is ahead of them, you know, in certain respects,
 7   it seems like today is an ending point in this Tribune
 8   bankruptcy case, but to many of us, it's just chapter two or
 9   part two of this book.
10             THE COURT:  It's a point in time along a
11   continuum.
12             MR. STARK:  And the continuum has a far way to
13   go.  There will be a very large job that will last many
14   years.  I am told by somebody that there are 100 law firms
15   involved in the defense of these litigations.  This is not
16   going to be an easy task assignment that's going to be
17   placed upon the trustee and the oversight Board.  So I think
18   that the fact that all three members of the Board think that
19   this is an appropriate needed mechanic, reliance upon
20   looking at Lyondell, I think it's a reasonable request and
21   should be accommodated here.
22             THE COURT:  And all three are of the mind that a
23   cap is an appropriate way --
24             MR. STARK:  I'm proposing it, Your Honor, and
25   leaving the other two to come up and say whether or not they
```

1    agree.  We didn't have the opportunity.

2              THE COURT:  Okay.  Thank you.

3              MR. ADLER:  Good morning, Your Honor, David

4    Adler, from McCarter & English, on behalf of Deutsche Bank

5    Trust Company of America.  We do join in Mr. Stark's

6    comments.  We do believe that it is necessary for the

7    members of the Trust Advisory Board to have Counsel.  I am

8    in agreement, in principal, on the notion that a cap could

9    be agreed to.  I guess it would depend upon the

10   circumstances, what the amount of the cap is, but I do agree

11   with Mr. Stark that, in the scheme of this case, what that

12   cap is, is de minimis.

13             So unless Your Honor has any other questions, we

14   are in agreement with what Wilmington had to say and I'll

15   just add here that I'll echo what Mr. Stark said, which is

16   corporate trustees are completely risk intolerant and

17   generally do rely on advice of Counsel, and do so in

18   connection with the Indentures, and there's a real issue

19   here given the fact that the Trust Agreement, as it's

20   presently drafted, does not allow DBTCA to retain its

21   Counsel unless it does so on its dime subject to the

22   charging lien.  So we do echo what Mr. Stark had to say.

23             THE COURT:  Thank you.

24             MR. TEITELBAUM:  Good morning, Your Honor, Jay

25   Teitelbaum, Teitelbaum & Baskin, on behalf of Mr. Nease, the

1   perspective third member of the Trust.  I'll start by saying

2   if Mr. Stark is right -- well actually, I should start by

3   saying Mr. Stark is actually mistaken.  We've withdrawn our

4   objection and our joinder, and I'll tell you why in a

5   moment.  But if Mr. Stark is right, and what we are talking

6   about here is $25 or $30,000, then to your point, Your

7   Honor, shame on everybody in this Courtroom for spending a

8   multiple of that, talking about that amount of money.

9           Your Honor made the observation that one lawyer

10  has a tough time making a living; two do better.  Our

11  concern in this case is that legal fees are somewhat like a

12  gas in a container.  They'll expand to fill their space.

13  With an unlimited amount of funds to expend, I fear that

14  that's what would happen with legal fees.  So we did a very

15  limited joinder in connection with this matter.  We were

16  opposed to the unlimited cap on expenses, and parties sort

17  of came to their senses.  We're also concerned, Your Honor,

18  with an unlimited amount of legal fees for members of the

19  Litigation Trust and we had some very difficult

20  conversations with the DCL Proponents about that because if

21  a well-funded Indenture has issues about paying its own

22  lawyers for its legal fees, imagine how an individual who's

23  being asked to sit on that Board feels who is -- got the

24  same fiduciary duties.  He's got hundreds of Retirees

25  looking to him as their fiduciary, and he's in a room with

1   folks that are sophisticated, et cetera, and he wants to

2   have his Counsel present.  And so we pressed very, very

3   hard, Your Honor, for a provision that would allow Mr. Nease

4   to have an ability to compensate his Counsel.  We went back

5   and forth extensively.  Your Honor, the number grew from 25

6   to 60,000 based, I think in large part, on our agreement

7   that that number, that 60,000 compensation, made sense in

8   the context of the scope, the nature, the type of work that

9   Counsel would have to provide and the member would, out of

10  that -- Mr. Nease has agreed, out of that compensation,

11  share that with Counsel.  He's indicated that would be me,

12  but if he changes his mind, whoever it is will be stuck with

13  that task.  But the fact of the matter is it's not perfect.

14  Would I like to have a little bit more cushion?  Yes.  But,

15  in the scheme of this case, I don't think spending a heck of

16  a lot more time talking about $10, 20, $30,000 per annum

17  makes sense.  I mean the goal -- the meter is running at

18  more than that, well more than that, per hour in this

19  Courtroom.  So, Your Honor, where I think we come out is

20  we're pleased that there's been a lot of compromise.

21  Whether our willingness to accept the 60 for the full load

22  on the Litigation Trust persuades the Court, we would hope

23  it does because we think that would be an efficient

24  expeditious resolution, but we've made clear to all the

25  parties that that is our position.  Thank you.

1          THE COURT:  Well, let me ask this.  Understanding

2    your position, how would you feel about discussions

3    concerning Mr. Stark's proposal?

4          MR. TEITELBAUM:  An additional -- look, I'm not

5    going to argue against more money on this, frankly, Your

6    Honor.

7          THE COURT:  But I thought I'd ask anyway.

8          MR. TEITELBAUM:  Well, you know, call it what you

9    will; the most favorite nations clause, stupidity insurance,

10   whatever you want to call it, but I've made it clear that,

11   Your Honor, if, because of billing rates or whatever, that

12   amount of money didn't make sense, I thought every member

13   needs to be treated equally is the bottom line.

14         THE COURT:  Yes.

15         MR. TEITELBAUM:  Thank you.

16         THE COURT:  Thank you.

17         MR. JOHNSTON:  Good morning, Your Honor, Jim

18   Johnston, of Jones Day, on behalf of Oaktree and Angelo

19   Gordon, as DCL Plan Proponents.  Your Honor, I had what I

20   hoped was a persuasive and eloquent argument prepared on

21   this point, but if the proposal really is a withdrawal of

22   the objections in exchange for a provision that says that

23   Litigation Trust Board Members collectively can have $25,000

24   toward the reimbursement of their legal fees, we would have

25   no objection to that.  If the proposal is something else or

1    that's not acceptable to Deutsche Bank, then I'd like to be

2    heard on the matter because I do think it's inappropriate

3    under the circumstances to go above that.

4              THE COURT:  Okay.  Well, maybe there's a second

5    thing to talk about during the recess.

6              MR. JOHNSTON:  Okay.

7              THE COURT:  Okay.

8              MR. JOHNSTON:  Thank you.

9              THE COURT:  So have we moved the largely resolved

10   D & E to the for sure resolved or are we still in the

11   largely zone?

12             MR. BENDERNAGEL:  The -- which one are we?

13   D & E?  Let me start out by just giving a status as to where

14   we are at D & E and then others can talk to the issue.

15             THE COURT:  Okay.

16             MR. BENDERNAGEL:  As an initial matter, it should

17   be understand that it's the DCL Plan Proponents' position

18   that these two agreements are not really Plan documents.  We

19   didn't treat them as Plan supplement documents, and while we

20   recognize they need to be done before the exit date, there's

21   no reason in the world that the confirmation decision should

22   be held up on these things.  We're going to get these

23   resolved.

24             Having said that, we've taken to heart your

25   statement from a few weeks ago that basically said if you've

1    got issues and you can get them resolved, get them resolved

2    as soon as possible.  And we've made enormous progress on

3    this issue.  You'll recall earlier in the week Aurelius

4    filed a mark-up of ours which you basically said; probably

5    scheduled pretty far apart because there's an awful lot of

6    black ink, but the fact of the matter is we're now at a

7    point where there isn't any black ink and we're down to

8    simply trying to get the draft absolutely right.  I can't

9    report to you that there is any open issue because, quite

10   frankly, I'm not aware of an open issue.  The specific

11   issues that were identified in the objections; the question

12   of funding, that's been solved.  The question of the

13   definition of claim, that's been solved.  The definition of

14   documents relating to the claim, that's been solved.  The

15   most important question, I think, the one relating to the

16   scope of the privilege and where that privilege vests, from

17   our perspective and I believe from the noteholders'

18   respective has been solved.  And the question of access to

19   employees has been solved.  So what we're down to is simply

20   do we have an agreement that crosses all the T's and dots

21   the I's, and we're working on that.  I'm not sure that we'll

22   have that done today, and the interesting part about this is

23   that the agreement in D is the pacing item for the agreement

24   in E because it's very, very clear that whatever is agreed

25   to in D is going to be replicated in E and we'll be done.

1  So look, my instinct is we've made tremendous progress.

2  There is one open issue and it has more to do with the

3  directors and officers and the Grippo firm.  They've had

4  concerns similar to the concerns you've heard expressed

5  earlier today that somehow by what we are doing here, we're

6  trying to interfere with their rights in the litigation that

7  comes beyond this and inserted a provision that tries to

8  make it absolutely clear that that's not what we're doing.

9  The open issue though on that issue is we want it absolutely

10 clear, at least the Noteholders want it absolutely clear,

11 and you can understand why, that the very fact of this

12 agreement and the transfer of the privilege doesn't

13 constitute a waiver privilege and we are of the view that

14 clearly that it doesn't constitute a waiver of the

15 privilege; that there's obviously a joint interest with

16 respect to that material and that the transfer should

17 essentially be viewed as not affecting that.  Beyond that,

18 our position is, look, we're not trying to create privileges

19 here.  We're not trying to waive privileges here.  We're not

20 trying to change anything that people could argue as to

21 whether, in fact, a privilege exists; whether, in fact, a

22 privilege was waived at some point in the past.  What we

23 want to make clear here is that, with respect to this

24 universe of documents that's the subject of this agreement,

25 that the person controlling that privilege is now going to

1    be the Litigation Trustee, and the fact that that's occurred

2    doesn't constitute a waiver.  And I think there's agreement

3    among the Noteholders and the DCL Plan Proponents to that.

4    I'm not exactly sure where the directors and officers are on

5    that point so I think that's an open issue.  It might be

6    helpful for you to hear from the other parties to this

7    agreement, including the directors and officers Counsel.

8              THE COURT:  All right.

9              MR. ZENSKY:  Good morning again, Your Honor,

10   David Zensky, Akin, Gump, Strauss, Hauer & Feld.  I largely

11   agree with Mr. Bendernagel's comments in regard to the

12   status of Item D and E.  As you know, we filed the black

13   line to the Litigation Trust Confidentiality Agreement, as

14   it was then called.  We've had two lengthy sets of

15   discussions.  The debtors came back to us with a reviewed

16   document yesterday during the course of the hearing.  I'm

17   very close to being able to send it back to them and I agree

18   that there is less black ink in the current black line, but

19   I wouldn't say there is none.  I do agree that,

20   conceptually, based on the talks and the exchange of drafts,

21   there doesn't appear to be any conceptual disagreement.

22   There is a monetary disagreement as to the amount of fees

23   that the reorganized debtors can charge the Litigation Trust

24   for complying with their obligations under this document by

25   which they transfer certain files, make certain witnesses

1   available, and transfer over the privileges so to speak.

2   But I believe we'll be able to find a middle ground on that

3   as well.  We do agree that this -- we disagree with Mr.

4   Bendernagel that this document and the follow-on Committee

5   version of it are not confirmation documents.  We think

6   they're critical pieces of the debtors' Plan and of the

7   puzzle.  I don't suspect they're going to hold up anything

8   with respect to this Court's determination of the issues its

9   heard argument, and that I believe it's common ground that

10  we expect to be able to get the Court a revised document in

11  either consented to form or with the narrowest of

12  differences by the beginning of next week, and we intend to

13  work on that all weekend.

14          With respect to the directors' and officers'

15  objection, nothing that we are planning to do beyond what

16  Mr. Bendernagel said already would obviate their objection.

17  So, from my perspective, and I think the DCL Proponents, if

18  they want to be heard on that, they should be heard on that

19  today so the Court has the benefit of that.  I would like to

20  respond if need be after they make their objection.  But we

21  do agree with the debtors that the Litigation Trust

22  Confidentiality Agreement and the Court's approval of it

23  does not make any determination about whether something is

24  privileged in the first place.  It does not determine

25  whether privileges have or have not been waived, which is

1    really the gist of the arguments they want to preserve.  But

2    what it does do, with the Court's blessing, is ensure that

3    the privileges to certain documents and issues that belong

4    to the debtors, the debtors' estates, do lawfully transfer

5    to the Litigation Trustee consistent with established law

6    that was cited in our brief, and in addition, in the *Flag*

7    *Telecom* case, which I can supply the cite in a moment.  I

8    left it at my desk.  Would you excuse me for one second.

9             THE COURT:  Okay.

10            MR. ZENSKY:  That's a decision at 2009 WL

11   5245734, which, like the cases we've cited, makes clear that

12   it is perfectly appropriate for the debtors to transfer the

13   privileges, respecting files that are necessary for the

14   prosecution of post-emergence claims to the Litigation

15   Trustee.  So if the Court has no further questions for me--

16            THE COURT:  I don't.  Thank you.

17            MR. SOTTILE:  Your Honor, James Sottile, for the

18   official committee, briefly.  I join in Mr. Bendernagel's

19   and Mr. Zensky's description.  We're confident that we're

20   going to come to closure on these documents by early next

21   week and submit them to the Court.

22            With respect to the one open or potentially open

23   issue with the officers and directors, Mr. Bendernagel

24   accurately described the position of the DCL plan

25   proponents, and the noteholders, and Aurelius with respect

1    to the very limited scope of what we're trying to do here.

2    All we are trying to do is to prevent an argument that just

3    giving the documents to the litigation trustee waives the

4    privilege.  We have, in fact, provided in the draft

5    agreement, in language that we have shared with the officers

6    and directors, an expressed provision that says that nothing

7    in this agreement will revive a privilege that's already

8    been waived, will create a privilege that doesn't exist, and

9    nothing in the agreement says that a privilege exists with

10   respect to any specific document.

11              And we submit, Your Honor, that should deal with

12   any legitimate objection raised by the officers and

13   directors.

14              THE COURT:  All right.  Well, before I hear from

15   the D's and O's, maybe that's a third item that you could

16   just talk a little bit more about during the recess, which

17   I'm inclined to take at this point, unless there's something

18   else you think we should address before then.

19              The only other thing I'll ask you to consider,

20   I'm sorry, I keep adding to your list.  Understanding that

21   mine might not be the last word in terms of the disputes

22   that are still open, I do intend to write on resolution

23   rather than deliver a bench opinion.  I am inclined to

24   permit, if parties want, brief post-hearing submissions.  I

25   mean, the submissions are as they have uniformly been

1   throughout the case, really of the highest quality and

2   always very helpful to the Court, and for that I thank all

3   counsel.  But if you want a brief opportunity, I was

4   thinking, you know, maybe five page letter submissions by

5   next Friday.  Hopefully, by that time, whatever revisions

6   have been agreed to in the plan will have been made and

7   circulated by that time.  And if the parties want to talk

8   about that during the break as well.

9          MR. BENDERNAGEL:  We'd like to talk about that

10  during the break.  There -- you know, the interesting thing

11  here is that there aren't that many issues that remain open.

12  And the fact of the matter is nobody was clamoring to get up

13  here to make a lot of rebuttal, so I'm tempted to suggest

14  that it would be better to keep that door closed because if

15  you give people the opportunity to write something, they

16  will.  And on the other hand, if you tell them, unless

17  they're clamoring for it, I don't think they'll ask.  And

18  that's, you know, my sense, but we can talk about that at

19  the break.

20         THE COURT:  Yeah, you can -- yeah, and the other

21  -- you know, given the timing today, I'm willing to hear

22  brief closing, if people would like to make them, closing

23  arguments, but I could hear them or not hear them.  I'd be

24  willing to accede to the parties' wishes on that.

25         MR. BENDERNAGEL:  I think we had already agreed

1  that we weren't going to have closing arguments, Your Honor.

2           THE COURT:  Okay.

3           MR. BENDERNAGEL:  I think people want to get

4  moving, and quite frankly, look it, it's very, very

5  important to the company to get this decision done quickly

6  because, as you know, there's a pacing item here to

7  emergence with the FFC.  And the sooner we get through this

8  hurdle, the faster we can get through the next.

9           THE COURT:  All right.

10          MR. BENDERNAGEL:  Thank you.

11          THE COURT:  How much time do you think?

12          MR. BENDERNAGEL:  Well, 11:00, does that work for

13  you?

14          THE COURT:  All right.  Court will stand in

15  recess until 11:00 a.m.

16             (Recess from 10:12 a.m. to 11:02 a.m.)

17          THE COURT:  All rise.  Be seated, please.

18          MR. BENDERNAGEL:  Your Honor, Jim Bendernagel for

19  the debtors.

20          We've continued to make progress.  We're not all

21  the way there, but I'll allow Mr. Sottile to indicate where

22  we are on Issues 5 and 8(d) and (e).  I think we've made

23  substantial progress there.  We may be done, at least for

24  what we can accomplish today.  And then Mr. Teitelbaum will

25  start the discussion on this fee issue that is still pending

1    and the like.

2                    THE COURT:  Okay.

3                    MR. SOTTILE:  James Sottile, for the official

4    committee, Your Honor.

5                    I want to speak to what I believe are resolutions

6    subject to language of two issues that were on the agenda.

7    That's Item 7, the plan neutrality subject matter that we

8    discussed before the break, as well as, Items (d) and (e)

9    under 8, which deal with the transfer of documents and

10   information to the litigation trust.

11                   With respect to the neutrality issue, Your Honor,

12   if you have in front of you the demonstrative that Mr.

13   Zensky used, I think it would be helpful if I -- as I walk

14   you through what the contours of the resolution, and if not,

15   we have another copy, Your Honor.

16                   THE COURT:  No, I have it here.  Give me one

17   moment.

18                   MR. SOTTILE:  Certainly, Your Honor.

19                   THE COURT:  I have it.

20                   MR. SOTTILE:  And thank you, Your Honor.  Your

21   Honor, let me describe the changes that the parties have

22   agreed to that would resolve the objection as to these

23   provisions, with the possible exception of McCormick, which

24   may not be entirely resolved.  We've described this

25   resolution to them, but have not yet had the opportunity to

1   speak with them.  I believe that all the other parties who

2   appeared on this motion are in agreement with what I'm about

3   to describe to you.

4           Your Honor, first, in the second line of the

5   paragraph at the top, there's currently a reference to the

6   various provisions about indentures continuing in effect

7   being subject to Section 5.8.1.  Your Honor, we would add to

8   that cross reference, additional cross references to the

9   other provisions of the plan that deal with the discharge of

10  debt as against the debtors or the ability to try to enforce

11  debt as against the debtors, and the intention would be to

12  ensure that all of those provisions remain fully in force

13  and effect.  And that everything that follows in this

14  paragraph is subject to all of those other provisions of the

15  plan.

16          Second, Your Honor, in the same line, the words

17  "and debt" would be added in, per the insertion of Aurelius

18  that you see in the demonstrative before you.

19          Third, Your Honor, if you go down to the bottom

20  of this demonstrative exhibit and we have some discussion

21  about iii, that section that begins any Defendant in

22  defending against.  That provision would be struck and dealt

23  with in two ways, Your Honor.  To the extent that that

24  provision addressed disclaim state law avoidance claims, we

25  believe that it is fairly dealt with by the existing

1  language in the definition of Disclaim State Law Avoidance

2  Claims at Section 1.1.67 of the plan which states that "for

3  the avoidance of doubt, nothing herein is intended to

4  determine whether a selling stockholder properly faces

5  liability with respect to the disclaim state law avoidance

6  claims."

7          To the extent that the provision we are striking

8  at iii, addresses preserved causes of action, we will add to

9  the definition of preserved causes of action, a parallel for

10  the avoidance of doubt sentence to the one I just read you

11  from the definition of disclaim state law avoidance claims.

12          In addition, Your Honor, in response to the

13  concerns raised by Mr. Teitelbaum, on behalf of the

14  retirees, we would add provisions to the plan that the debt

15  owed to the retirees, the claims of the retirees, would be

16  afforded the same treatment as with respect to debt owed to

17  the indenture -- to the noteholders and that all of the

18  resolution I've just described would apply equally to the

19  retiree claimants.

20          THE COURT:  And where would that appear?

21          MR. SOTTILE:  Your Honor, may I consult for just

22  one moment?

23          THE COURT:  You may.

24          MR. SOTTILE:  Thank you, Your Honor.  Your Honor,

25  while it may be a little bit of a fish out of water, to make

```
 1   life simpler, we'd propose to deal with adding the retirees

 2   this provision, giving them the same treatment as the

 3   noteholders into this section, Section 5.8.2.  And, Your

 4   Honor, I believe that sets forth, in substance, the terms

 5   that all of the involved parties other than McCormick are

 6   agreeable to.  Obviously, it will have to be reflected in

 7   the precise language that would be submitted to the Court.

 8   And Mr. Bendernagel later will describe the schedule on

 9   which the parties propose to submit final plan amendments

10   and other documents.

11             THE COURT:  Shall we turn to McCormick at this

12   point?

13             MR. SOTTILE:  Your Honor, I think that would be

14   advisable.

15             THE COURT:  Okay.

16             MR. RILEY:  Your Honor, Richard Riley, from Duane

17   Morris, on behalf of McCormick.  It's actually just the --

18   my lead counsel at Katten Muchin is looking at it.  They

19   just haven't a chance to say whether they've signed off on

20   it yet.

21             THE COURT:  Will you be able to do that shortly?

22             MR. RILEY:  I'll try to get a hold of them while

23   this -- while the hearing's going on --

24             THE COURT:  All right.

25             MR. RILEY:  -- but I don't know if there's a way
```

1  that we can have a little bit of time.  I don't know what

2  the schedule's going to be after this.

3            THE COURT:  Well, I'll be here.

4                (Laughter)

5            THE COURT:  I don't want to hold anybody

6  unnecessarily, but as long we're in the pinning down mode,

7  I'd like to do as much of that as we can today.

8            MR. SOTTILE:  The parties certainly join in that

9  desire, Your Honor.  And I think we have at least a little

10  bit of time because there are a couple of matters we still

11  need to address.  But let me proceed with describing matters

12  that have been resolved at least in substance, subject to

13  final language.

14            THE COURT:  Okay.

15            MR. SOTTILE:  Your Honor, the second matter that

16  has been resolved, you know, in concept, I believe, concerns

17  Items 8(d) and (e) on the agenda before you.  Those have to

18  do with what was called here, the Litigation Trust

19  Confidentiality and Common Interest Agreement both as

20  between the debtors and the trust and between the committee

21  and the trust.

22            The only objection here, Your Honor, was that, I

23  believe, remains live subject to final agreement with Mr.

24  Zensky's clients on the language, came from certain

25  directors and officers who submitted a response to the

1    Court.   And I believe that we have a conceptual agreement to

2    resolve their issue, and I want to describe that for the

3    Court.

4            The agreement is as follows, Your Honor.   That

5    the only thing that the agreements we're working on will

6    address with respect to privilege, and the only thing we

7    will ask the Court to approve with respect to privilege, is

8    that the transfer of documents or information from the

9    committee or debtors to the trustee, does not, in and of

10   itself, waive any applicable privilege, and that the vesting

11   of the privilege in the trustee does not waive the

12   applicable privilege.

13           The agreement would provide expressly, however,

14   that all other issues relating to whether a privilege exists

15   as to a specific document, whether a privilege has been

16   waived with respect to a specific document, and whether or

17   not a privilege is created with respect to any specific

18   documents, would not be addressed in any way by this

19   agreement or by the Court's approval of this agreement,

20   assuming the Court does so approve it.

21           Any privilege related issues other than no waiver

22   by virtue of transfer in vesting, would be matters that

23   would be appropriately addressed by the MDL Court.   If the

24   Court approves this agreement as we ask the Court -- as we

25   will be asking the Court to do, that would resolve the

1    question of whether or not there's a waiver simply by

2    transferring documents information or vesting the privilege

3    in the trustee.  But if someone later were to dispute the

4    effect of such a decision by this Court approving it, that

5    dispute would come here.  Any other privilege issue, is

6    there a privilege, has it been waived, so forth and so on,

7    would be appropriately addressed to the MDL Court.

8              And I believe, Your Honor, from discussions with

9    counsel for the officers and directors, that that resolution

10   is conceptually acceptable to them, subject to their seeing

11   and agreeing to the precise language to implement it.  And

12   as the Court is aware, the broad conceptual agreement, as

13   between Aurelius and the DCL plan proponents on these

14   documents, is also subject to final language being worked

15   out.  And we would propose to submit the final documents as

16   Mr. Bendernagel indicated, early next week.  I think he'll

17   speak more specifically to the schedule.  Either advising

18   the Court that they're agreed in all respects by the parties

19   who have weighed in on them, or if there are any narrow

20   disputes asking the Court to convene a telephonic hearing to

21   resolve such disputes.

22             Your Honor, I think that describes the resolution

23   of those two issues.  I should pause though to be sure that

24   the directors' and officers' counsel don't wish to be heard

25   with respect to what I've just outlined.

1              MR. ZENSKY:  Your Honor, David Zensky, Akin,

2    Gump, Strauss, Hauer & Feld for Aurelius.

3              I endorse the comments of Mr. Sottile and I want

4    to add just one slight nuance into the category of things

5    that everyone agrees are resolved by virtue of this

6    agreement and the Court's approval of it, and not what's

7    reserved for later, but something that is approved.

8              And that is as part of the plan process and

9    disposition of the debtors' assets, that not only does the

10   transfer of the documents and the information not waive a

11   privilege, but that the privilege itself is duly assigned

12   over to the litigation trustee, who then becomes the owner

13   of the privilege.

14             To the extent that's a gloss and a little

15   different than the way Mr. Sottile described it, I wanted to

16   make sure that that was put in the camp of things that are

17   resolved by the Court's approval.  Thank you.

18             THE COURT:  All right, thank you.

19             MR. SOTTILE:  I'm certainly in agreement with Mr.

20   Zensky on that.  That's what I was attempting to refer to

21   when I talked about vesting the privilege in the trustee,

22   Your Honor.

23             THE COURT:  All right.

24             MR. DOUGHERTY:  Your Honor, hi, I'm George

25   Dougherty, on behalf of certain former officers and

1  directors of the Tribune.

2           I guess I'm a clog in the wheel here today.  I'm

3  not smart enough to figure out on the fly all the things

4  that they just said.  I am willing to continue to talk to

5  them about this issue.  I don't know if you read our papers,

6  but we had a really kind of fundamental concern, which was

7  this in a sense is a private agreement between people who

8  are going to be our adversaries in the FitzSimons

9  litigation, maybe the state law fraudulent conveyance

10  litigation, and also have involvement in the preference

11  actions.  That isn't yet finalized and that purports to

12  resolve complex privilege issues by -- between themselves as

13  opposed to having the Court do it, and in particular, the

14  Court that is handling the FitzSimons action and the state

15  law fraudulent conveyance actions.

16           We wanted, and we had proposed, and I can hand it

17  up to you, language to be included in the Confirmation Order

18  that made it clear that whatever was in this private

19  agreement between these parties, did not prevent Judge

20  Pauley from running his litigation the way he thought was

21  appropriate.

22           Now we are talking about concepts.  And I had a

23  bunch of other former officers and directors who I don't

24  represent, join in this position that we filed with you.  So

25  I need to talk to them.  I'm hopeful we can get to it.  And

1  what I've been told is that if we don't reach agreement on

2  the language, because the devil is in the details, and we

3  have a very complex -- if all they wanted to do was transfer

4  this privilege in the way they say, I don't know why we'd

5  need this 27-page document that has all this stuff in it.

6  And then there's a retention of jurisdiction provision where

7  we're was supposed to come back and talk to you about any

8  disputes that arise under the agreement or relate to the

9  agreement.  I don't want to do that when I'm litigating in

10 front of Judge Pauley.  Having said that, I think we can

11 make progress.

12            THE COURT:  Well let me just ask you to pause for

13 a moment.  On retention of jurisdiction provisions, I'm sure

14 you're aware, well, you know, universally present in almost

15 every order, their presence doesn't open a door that

16 otherwise controlling law says can't be opened. You know,

17 it's subject to the general jurisdictional jurisprudence,

18 you know, of well here of the circuit really.  The circuit's

19 written extensively on that kind of thing.

20            MR. DOUGHERTY:  And I think that's right.  I just

21 -- I don't want to have fights over --

22            THE COURT:  So what I'm saying is it's not worth

23 fighting over, really.

24            MR. DOUGHERTY:  Good.  I hope that's right

25 because I don't want to have fights over who hears the

1    fights that are sure to come up on these privilege issues.

2            Having said that, you know, Mr. Bendernagel and I

3    have talked.  We're going to work in good faith.  They told

4    me that we could come back to you and do this

5    telephonically, if we did not resolve this either

6    conceptually or in the details.  So as long as that's the

7    understanding, I'm perfectly willing to postpone all this

8    today and talk about it, you know, early next week.

9            THE COURT:  Yeah.  I'll just -- I'll let you know

10   my early next week consists of Monday, June 11.  I will be

11   out of town on government business for the remainder of that

12   week.  I will return the following week.

13           MR. DOUGHERTY:  Okay.

14           THE COURT:  Just as a point of information.

15           MR. DOUGHERTY:  Thanks.

16           THE COURT:  Okay.

17           MR. DOUGHERTY:  Thanks for letting me talk today.

18           THE COURT:  Thank you.

19           MR. SOTTILE:  Your Honor, may I speak very

20   briefly to the points raised by Mr. Dougherty?

21           THE COURT:  Certainly.

22           MR. SOTTILE:  Your Honor, he's talked about a --

23   this being a private agreement.  And I think that's really a

24   misnomer here.  This is an agreement that is being entered

25   into in order to implement the plan of reorganization.  It's

1  an agreement we will be asking this Court to specifically

2  approve.    And, therefore, if the Court is so minded, it is

3  going to have the imprimatur of this Court.

4        That said, and while I hear Mr. Dougherty talk

5  eloquently about this very complex document in great length,

6  the issues that affect his clients and are the subject of

7  his objection are very narrow.  They concern whether or not

8  his clients will be able to litigate issues of privilege

9  other than whether a transfer to the trustee or transfer of

10 the privilege to the trustee waives.  Anything else he's

11 going to be free to argue in the MDL Court.  The only thing

12 we are asking this Court to resolve, assuming it's minded to

13 approve the agreement, is that the mere transfer of

14 documents and information of the trustee or the mere vesting

15 of the privilege in the trustee doesn't waive any privilege

16 that might apply.

17        THE COURT:  And I will say that in concept,

18 that's an entirely appropriate mechanism to deal with the

19 transfer.  You know, in a way not unlike, you know, what

20 happens to the examiner's papers after the examiner's done

21 with them and who gets what and under what circumstances and

22 privilege issues come up in that.  So, I do think it's an

23 appropriate thing to request of the Court.  And in concept,

24 what's been described, sounds to me, you know, again,

25 subject to working out the details, as an appropriate

 1 | framework for the transfer.

 2 |                 MR. SOTTILE:  Thank you, Your Honor.

 3 |                 THE COURT:  Okay.

 4 |                 MR. SOTTILE:  We'll work to get language that

 5 | precisely implements it that we hope will be acceptable to

 6 | all.

 7 |                 THE COURT:  Okay.

 8 |                 MR. SOTTILE:  Jim, did you want --

 9 |                 MR. BENDERNAGEL:  On behalf of the debtor, Your

10 | Honor, just a word on this issue.  Mr. Dougherty had

11 | indicated that this is a long document and I guess there's

12 | some merit to that.  I don't think it's that long, but an

13 | awful lot of the -- what's in the document, really is not

14 | addressing the privilege issue and the concern.  There's

15 | issues such as confidentiality that are addressed, access to

16 | other employees.  The only thing we've been very, very

17 | careful in putting this document to do is not to impact Mr.

18 | Dougherty's clients in particular.  And there are specific

19 | provisions in here that provide his clients protection.  So

20 | I think when he's had an opportunity to fully study this

21 | agreement, he's not going to have the concerns that he's

22 | expressed today.

23 |                 THE COURT:  Okay.

24 |                 MR. SOTTILE:  Your Honor, there unfortunately

25 | remains one small issue that is unresolved.  And that's the

1   question of reimbursement of fees of litigation trust board

2   members.

3           THE COURT:  Well before you move on --

4           MR. SOTTILE:  Yes, Your Honor.

5           THE COURT:  -- let me just see if there's more on

6   this subject.

7           MR. RILEY:  Your Honor, Richard Riley again for

8   McCormick.

9           MR. SOTTILE:  Oh, I'm sorry.

10          MR. RILEY:  My lead counsel just wants to see the

11  language because they're having a hard time because they're

12  just hearing about it.  Is there any -- and I know they're

13  coming back or you're setting up some type of telephonic

14  conference call if there's a problem.  If -- could we do

15  something --

16          THE COURT:  Well, I haven't yet.

17          MR. RILEY:  Huh?

18          THE COURT:  I haven't yet.

19          MR. RILEY:  Well that --

20          THE COURT:  But we may.

21          MR. RILEY:  I would request that we at least get

22  a chance to see the language.  They may sign off on it.  If

23  there's a problem, we can just get you on the phone if

24  that's acceptable to you, Your Honor.

25          THE COURT:  Well, I mean, technically, there is a

1  continuation of the confirmation hearing scheduled for 1:00

2  on Monday afternoon.  So, you know, we could use that for a

3  telephonic hookup, if --

4           MR. RILEY:  Hopefully, it won't be necessary.

5           THE COURT:  -- discussions have developed far

6  enough that it would be meaningful, but we'll talk at the

7  end about scheduling.

8           MR. SOTTILE:  It's certainly our hope, Your

9  Honor, that we will not have substantive issues that the

10  Court will need to address, and we can talk about scheduling

11  as we reach a conclusion.

12           With respect to that final issue, attorney's fees

13  reimbursement, with respect to members of the litigation

14  trust advisory board, I think --

15           THE COURT:  8(c).

16           MR. SOTTILE:  Yes, Your Honor, that's correct.  I

17  think that Mr. Lantry wanted to introduce the subject and

18  then other parties will be speaking to it as well.

19           THE COURT:  Okay.

20           MR. SOTTILE:  Right?

21           MR. LANTRY:  Your Honor, it's actually a

22  different subject --

23           MR. SOTTILE:  I'm sorry.

24           MR. LANTRY:  -- of resolution rather than dispute.

25           THE COURT:  Well --

1            MR. LANTRY:  And I -- we had promised to be able

2   to summarize to the Court when we resolved this issue and it

3   never appeared on your agenda list; that we would just

4   describe it briefly because it is going to be memorialized

5   in a stipulation that we'd hopefully be submitting to you.

6            It has to do with Wilmington Trust professional

7   fees.  When we last heard, I think, they had hit about $24

8   million mark.  The plan doesn't allow them.  It provides for

9   them to be subject to allowance or disallowance.  And so one

10  of the issues that were in the confirmation objections was

11  Wilmington Trust didn't like the fact that we had up to 210

12  days for just, you know, resolving or objecting to a general

13  unsecured claims and wanted theirs to be treated more

14  briskly.  We have reached a resolution of that.

15            There's one other part of the plan that they

16  wanted an exemption for in the way this would be handled.

17  Section 8.2 of the plan says that there will be no partial

18  distributions or partial allowances of disputed claims, it

19  will be all or nothing and we'll resolve them completely

20  before we make distributions.  They asked for something like

21  we have for the lender's fee arrangements, where if, in

22  fact, there is some portion of the fees that we're not

23  objecting to, that that could be paid.

24            So what we have to resolve those two issues is a

25  stipulation that gives a timeline.  Essentially, the plan

1  proponents, and largely reorganized debtors, will have 45

2  days after the effective date to submit a written statement,

3  if we have objections to Wilmington Trust's fees.  That will

4  then be followed by a 15-day period while the parties try to

5  resolve those objections.  If they don't get resolved, we

6  have then 10 days to file the formal objection for Your

7  Honor to resolve those disputes.  So a kind of 70-day window

8  as opposed to the 210.

9           With respect to the second issue, we have

10  provided that if, in fact, at the end of this resolution

11  period, the 60-day window, we haven't, you know, we are not

12  objecting to the entirety of the fees, the portion that

13  we're not objecting to, we would proceed at the next

14  distribution to make a distribution on those fees provided

15  that we all understand that we may be objecting to the

16  entirety of their fees.  And the parties have talked about

17  that and understand that is a possibility.  So that would be

18  reflected in the stipulation.

19           THE COURT:  Okay.  And I reserve the right to

20  send you to mediation, if that comes up.

21           MR. LANTRY:  Thank you, Your Honor.

22                      (Laughter)

23           MR. STARK:  I just want to make sure that is

24  properly posed.  It's the general unsecured claim proposed

25  by Wilmington Trust under the indenture.  It's not a fee

1  application or reserve.  This is just a resolution of an

2  unsecured claim.  Just making sure that we're in the same

3  proper procedural context.

4              THE COURT:  All right, thank you.

5              MR. SOTTILE:  And, Your Honor, I was mistaken

6  earlier, it's Mr. Teitelbaum --

7              THE COURT:  Okay.

8              MR. SOTTILE:  -- who will be introducing the

9  subject that remains in dispute on 8(c).

10             THE COURT:  Okay.

11             MR. TEITELBAUM:  Good morning, Your Honor.  Jay

12  Teitelbaum, Teitelbaum & Baskin, for the retirees.

13             I guess I was selected because I sort of helped

14  build the bridge that got us to the $60,000 number before

15  the hearing today.  And what I can advise the Court is over

16  the recess, there was discussion.  People picked up, I

17  think, on Mr. Stark's suggestion.  And I certainly picked up

18  on the Court's question to me, whether I would turn down

19  additional funds --

20                          (Laughter)

21             MR. TEITELBAUM:  -- and I answered hopefully,

22  appropriately.  But what I'm pleased to report, at least two

23  of three members, the retirees and Wilmington, are in

24  agreement that with the DCL proponents, that an additional

25  annual number of $30,000 to be shared equally amongst the

1    counsel for each of the three members would be added to the

2    60 of annual compensation for the members themselves.

3            I stood up here before Your Honor, I told the

4    Court I thought the 60 was reasonable.  I certainly the

5    additional 10 per member for counsel fees is reasonable.

6    And I believe Wilmington Trust feels the same way.  I know

7    Deutsche Bank is not on that page, but Your Honor, I would

8    urge the Court to get this last maybe anticlimactic point

9    resolved in the scheme of this case, given the numbers and

10   given the issues, and I thank you.

11           MR. ADLER:  Good morning, Your Honor.  David

12   Adler, from McCarter & English, on behalf of Deutsch Bank

13   Trust Company Americas.

14           This is where we are.  We agree to a cap.  And we

15   believe that under Section 4.3 of the Litigation Trust

16   Agreement, there are required to be at least four meetings

17   annually.  And you can expect that there will be a lot more

18   at the beginning of the litigation trust as it gets up and

19   running.

20           So our view is that in order to properly prepare

21   for such meetings, we'd require about $5,000.  $5,000 times

22   4 equals $20,000.  That is what DBTCA thinks is reasonable

23   in terms of a cap.  I don't know if Mr. Teitelbaum would

24   agree to something less.  But I do have to say, Your Honor,

25   in light of the amounts that have been spent in this case,

1  the fact that we are arguing over $30,000 with many, many

2  lawyers sitting in this room, seems a little bit, I don't

3  know if I'd use the word anticlimactic, it does seem, you

4  know, to be at the very end.  And we would respectfully urge

5  that Your Honor suggest that the cap be $60,000.  Or if the

6  other members are willing to agree to less, add that to the

7  $20,000 that DBTCA thinks is appropriate.

8              So with that, Your Honor, and in order to

9  conserve time, I'm going to sit down unless you have any

10 questions.

11             THE COURT:  I do not.

12             MR. ADLER:  Thank you.

13             MR. STARK:  To be clear, Your Honor, I threw the

14 $30,000 cap out there.  Other people thought that may be

15 skimpy.  And certainly, if others want to ask for more,

16 we're happy to receive more as well.  I have no opinion.

17 And I don't think Mr. Teitelbaum speaks well for my client.

18 However, it ultimately turns out, it's reasonable one way or

19 the other for us.

20             MR. TEITELBAUM:  To just -- Jay Teitelbaum, just

21 to state the obvious before Mr. Johnston gets up, all

22 members are equal, so -- whatever the issue is.  And we've

23 done this to try to stop the ongoing discussions which are

24 frankly, costing more.  And we think -- we would ask the

25 Court to proceed as we've suggested.  Thank you.

1              THE COURT:  All right.

2              MR. JOHNSTON:  Good morning, again, Your Honor,

3   Jim Johnston.

4              Feeling a little whipsawed here.  We did agree

5   taking Mr. Stark up on his suggestion to an aggregate cap of

6   $30,000 per year, $10,000 per member, on top of the salary

7   to be paid to litigation trust board members.  And we now

8   heard that Mr. Adler wants more.  Yeah, it's not a lot of

9   money, but at some point, enough is enough.  We went from

10  $25,000 to $60,000 in salary to accommodate the concerns of

11  Mr. Teitelbaum's client.  We just went up another 10.  All

12  of this is in respect of expenses, personal legal fee

13  expenses that we don't think are reimbursable in any event,

14  and certainly don't pose a confirmation issue.  It's real

15  easy for others to say that this is a de minimis amount, but

16  we think it's important.

17             I can certainly go through all the reasons why we

18  don't think that the individual members of the litigation

19  trust board are not entitled to reimbursement for their

20  fees, but at this point, I think it would be gilding the

21  lily.

22             I did want to make one point of clarification.

23  Early in his remarks, Mr. Stark said that we had married up

24  the compensation structure of this trust with the Lyondell

25  Trust.  That's not exactly right.  The Lyondell Trust has a

1   $60,000 salary per member which this trust will do.  But it

2   also has some additional compensation provisions that I

3   understand, like a per-meeting fee and the like, and we have

4   not agree to do that.  We have agreed to the $60,000 salary.

5           Your Honor, I'm happy to present the rest of the

6   argument, if you'd like to hear it.

7           THE COURT:  No.  How about a $60,000 cap for the

8   first year and dropping down to $30,000 thereafter?  Can

9   everyone live with that?

10          MR. JOHNSTON:  The DCL proponents will live with

11  that.

12          MR. ADLER:  Your Honor, on behalf of DBTCA, I

13  believe that's acceptable.

14          THE COURT:  Okay.  Are we done then?

15                  (Laughter)

16          THE COURT:  Thank --

17          MR. BENDERNAGEL:  With that issue.

18                  (Laughter)

19          THE COURT:  Okay.

20          MR. BENDERNAGEL:  Your Honor, if it pleases the

21  Court, it might be helpful to recap where we are on this

22  agenda.

23          THE COURT:  Exactly my thought.

24                  (Laughter)

25          MR. BENDERNAGEL:  The -- just looking at the

1   agenda, obviously, Issues 1, 2, 3, 4, and 5, are open for

2   the Court to decide.  They were the ones that were argued

3   yesterday and the like.  Casting down the agenda, at the

4   present time, none of these issues are essentially live in

5   the sense that there's anything being presented for you to

6   decide.  We've got a tentative resolution of 7, 6 and 8(a)

7   and (b) were resolved as Mr. Schnaible, Schaible told you

8   earlier.  I'll get that right before the hearing's over.  I

9   think we have an agreement on 8(c).  8(d) and (e), we're

10  working on and we're hopeful of being able to pull together.

11  And 9 is subject to resolution.  So unless, you know, we

12  aren't able to work the language on these issues I just

13  identified, the only issues that you have to resolve beyond,

14  that are new, are 1 to 5, the rest has been sort of

15  resolved.

16          As a second point, here are the documents that we

17  think we owe you at this juncture.  We had handed up at the

18  beginning of the hearing, that chart that had the list of

19  resolved and unresolved, preserved, and the like.

20          THE COURT:  Yes.

21          MR. BENDERNAGEL:  We owe you an update of that

22  based on everything that's occurred over the last day and a

23  half.

24          THE COURT:  Okay.

25          MR. BENDERNAGEL:  We want to provide to you an

1  update of the findings of the fact and conclusions of law.

2  We've gotten comments from some parties.  They've been

3  relatively minor.  And I believe that it's our intention to

4  modify that to reflect the additional agreements that have

5  been reached.  We obviously owe you a revised version of the

6  Litigation Trust Agreement.  We owe you some additional plan

7  amendments.  We owe you a version of the Litigation Trust

8  Loan Agreement which is -- reflects the various agreements

9  that were described this morning.  We have these two

10  Litigation Trust Cooperation Agreements that reflect the

11  deal between the debtors and the litigation trustee and the

12  committee and the litigation trustee.  And then we owe you a

13  Confirmation Order that reflects everything that's occurred

14  here and the like.

15           You had made the statement earlier today, that

16  you have time on Monday.  I'm hesitant to suggest that we

17  have any open issues, but on the other hand, I think, making

18  it absolutely clear we have no open issues, by forcing the

19  people to look at these issues over the weekend would be

20  helpful.  It probably doesn't make sense to necessarily

21  submit the documents in advance of that hearing, but it

22  seems to me, that you ought to set something that basically

23  says people have got to say whether there's an issue or not.

24           And that, you know, for instance, you know, on

25  the Litigation Trust Cooperation Agreement that's between

1   the debtor and the litigation trustee, we're going to get

2   information, you know, some markup from Mr. Zensky today.

3   To the extent we can't work those things out over the

4   weekend, and we think that we're loggerheads or the like, we

5   got to come back and tell you we can't get there and work

6   this out on Monday, so that we can give you on Tuesday,

7   something that is definitive.  Tuesday or Wednesday we can

8   give you definitive documents and then you'll be in a

9   position to write your opinion one way or the other.  And

10  that seemed to be where you were going with your suggestion

11  earlier and I'm not going to lay credit for it, but if

12  that's agreeable to you, we can do that.

13          THE COURT:  That is agreeable.  And I'm also

14  thinking, maybe you should just hold the Confirmation Order.

15  And what I'll do then is maybe issue an opinion and simply

16  then ask the parties to submit an order memorializing the

17  relief granted in the memorandum that I write.  How's that?

18          MR. BENDERNAGEL:  That's great.  I'm going to ask

19  a question that will probably get me in trouble and

20  obviously, you're the Judge, so you don't have to answer

21  this question, but for our planning purposes, you have a

22  sense of when you're going to get to that.  It's absolutely

23  clear it's not going to be next week because you're off on

24  something else, but -- and there's a reason for me asking.

25  And that is, as we see it, there are five essential open

1   issues, assuming we're going to resolve these other things.

2   And we're confident that our position's right.  But you had

3   indicated earlier today, that, if in fact, you have a

4   problem, you'll give us a roadmap.  And the question is

5   would it make sense at some point before you give us the

6   roadmap, to have a status conference where maybe we could

7   hear the roadmap, not to argue with you, but if in fact,

8   you're going to tell us something --

9           THE COURT:  Well you say that now.

10                  (Laughter)

11          MR. BENDERNAGEL:  Well, we may grumble, but argue

12  is another matter.  But, you know, the question is, you

13  know, people at least at that juncture could make a

14  determination as to whether we can fix the problem.  And

15  that way, we don't have to go through another proceeding to

16  accomplish what is really important to the company and get

17  out of bankruptcy.  And, you know, so we propose that.  You

18  see that sometimes in state law cases where the Court will

19  give a tentative decision to try to get the parties to come

20  to their senses, but --

21          THE COURT:  Well, I've done something like that

22  in -- on occasion in the past in different contexts, but the

23  short answer to your question is yes.

24          MR. BENDERNAGEL:  Okay.

25          THE COURT:  When is another issue, but I mean, I

1  -- like I said, next week, Tuesday through Friday, I'm out

2  of town on government business.  And then beginning at some

3  point, the week of the 18th, I have a vacation that's been

4  planned for some time, although I've already ceded one day

5  of it.  But I doubt -- well, let's put it this way, assuming

6  we close the record and put everything to bed by Monday, and

7  the revised documents come shortly after that, and post-

8  hearing submissions, if the parties wish to make them, can

9  be made shortly after that, you know, I think we're talking

10 early July.

11         MR. BENDERNAGEL:  Okay.  That's helpful, Your

12 Honor.

13         THE COURT:  Yeah, I mean, there's an omnibus

14 scheduled for July 11, but I'm not -- I wouldn't -- if I'm

15 ready, I wouldn't wait until that date to reach out to the

16 parties.

17         MR. BENDERNAGEL:  All right.

18         THE COURT:  Put it that way.

19         MR. BENDERNAGEL:  If this helps --

20         THE COURT:  But in my absence, you know, work

21 will be ongoing, okay?  And I will be, you know, involved in

22 that.

23         MR. BENDERNAGEL:  Just on a couple of additional

24 points.  One is from our perspective, with the exception of

25 these minor open issues, I think the record is pretty much

1  closed.  I'm not inviting people to over the weekend decide

2  to do other stuff.

3           THE COURT:  Neither am I.

4           MR. BENDERNAGEL:  Good.  The second thing is

5  nobody wants closing arguments today.  If the Court doesn't

6  want them, people are willing to leave.

7                    (Laughter)

8           THE COURT:  No one should stand in front of the

9  door is what you're telling me?

10          MR. BENDERNAGEL:  No, that's the sentiment.  And

11 finally, I polled everybody and nobody wants the opportunity

12 to present more rebuttal testimony.

13          THE COURT:  Okay.

14          MR. BENDERNAGEL:  So I think that we're in a

15 situation where, you know, if we can schedule something on

16 Monday afternoon to keep people's feet to the fire on these

17 minor open issues, and you know, we'd commit to get you the

18 papers Wednesday, and then the ball would be in your Court.

19 If it takes a little longer than Wednesday fine.  But my

20 sense is that if we're under the gun to work out the

21 substantive issues by Monday, it's not going to be very hard

22 to paper that by Tuesday or Wednesday.

23          THE COURT:  Okay.  What about post-hearing

24 submissions?

25          MR. BENDERNAGEL:  I don't think anybody -- that's

1    what I meant when I said rebuttal.  I don't think anybody

2    wants --

3                THE COURT:  Okay.

4                MR. BENDERNAGEL:  -- post-hearing submissions.

5                THE COURT:  Okay.  The hearing Monday was

6    tentatively set for 1:00.  Would it be helpful if I pushed

7    it back a little farther into the afternoon?  Okay.  Mr.

8    Zensky's nodding --

9                MR. BENDERNAGEL:  Are we going to do --

10               THE COURT:  -- vigorously affirmatively.

11                         (Laughter)

12               MR. BENDERNAGEL:  Are we doing that live or --

13               THE COURT:  By phone.

14               MR. BENDERNAGEL:  -- phone, okay.  As long as you

15   don't push it.  I've got be on a plane to California at some

16   point on that afternoon because I have depositions the next

17   day in a different case but --

18               THE COURT:  Okay.  Well it's 1:00, would 3:00

19   work?

20               MR. BENDERNAGEL:  Sure.

21               THE COURT:  Eastern Time.  Mr. Zensky?

22               MR. ZENSKY:  Yes, Your Honor, David Zensky, 3:00

23   would be fine.  And I had wanted to respond to one of Mr.

24   Bendernagel's points.  So if he's finished I will, if not,

25   I'll cede the podium.

1                    MR. BENDERNAGEL:  I'm finished.

2                    THE COURT:  Go ahead.

3                    MR. ZENSKY:  3:00 works for us, Your Honor, thank

4     you.

5                    THE COURT:  Okay.  Does 3:00 not work for

6     anybody?

7                         (No audible response.)

8                    THE COURT:  Okay.

9                    MR. ZENSKY:  In terms of the list of items that

10    Mr. Bendernagel went through that the parties owe you, just

11    to be clear, we think the update in terms of the chart they

12    circulated at the beginning of hearing should be sent to the

13    parties before being submitted to the Court.  There were

14    also resolutions of certain objections that Your Honor knows

15    occurred before we got here yesterday and those have not yet

16    been circulated and reflected in plan amendments.  So the

17    documents that we owe you include plan amendments, not just

18    reflecting things discussed yesterday and today, but

19    discussed in the days leading up to the hearing.  Given

20    that, and given the other documents that have to be done,

21    the Loan Agreement, the Litigation Trust Confidentiality

22    Agreement, the committee counterpart to that, the plan

23    amendments and otherwise, we will do our best over the

24    weekend to identify whether there are any open issues.  I

25    will not have access to our client for a large part of the

 1  weekend, so Monday at 3:00, we will do our best to bring our

 2  view to closure.

 3             THE COURT:  Okay.

 4             MR. ZENSKY:  I just wanted that out there that

 5  it's -- there's more to be done than may seem.  That's all I

 6  had, Your Honor.

 7             THE COURT:  All right.  I did have one other

 8  question for Mr. Bendernagel.  And the answer may be an

 9  obvious one, but I just wanted to confirm it.

10             MR. BENDERNAGEL:  You're putting a lot of

11  pressure on me there.

12                         (Laughter)

13             THE COURT:  Well, I'm sure you can stand up to

14  it.  And I ask because it was so -- it was presented on tip-

15  toes, I'll say.  And that is am I being asked to fix a new

16  value for the company based upon the revised expert reports?

17             MR. BENDERNAGEL:  We had intended valuation for

18  that purpose as we indicated in the disclosure statement.

19  Now in the draft findings of fact, there -- you know, and

20  people went around and around on this issue as to whether,

21  in fact, the Court felt, based on what it said in the past

22  about updated financials, that it felt it needed that

23  information to be able to confirm the plan.  Our intention

24  was not to put the valuation issue back in play.  But on the

25  other hand, you know, to the extent that the Court drew

1  comfort from the fact that it knew where those numbers were,

2  that was there for your benefit.  The primary reason for

3  doing it, though, was to make sure that people that were

4  making election had fresh information on the disclosure

5  statement and the like.

6          So that's another tip-toed answer, but hopefully,

7  that answers your question, Your Honor.

8          THE COURT:  Well, not really.

9          MR. BENDERNAGEL:  Okay.

10          THE COURT:  There's been a passage of time since

11  the last determination, although I don't get the feeling at

12  this point that given where things now stand, others,

13  meaning parties other than the DCL plan proponents, feel

14  that it's necessary that I do that.  If someone feels

15  differently about that, they could tell me now.  In any

16  event, I just wanted to be as clear on that as I could be.

17          MR. BENDERNAGEL:  Do you want to hear from other

18  people now or --

19          THE COURT:  If they wish to be heard.

20          MR. BENDERNAGEL:  -- do you want to just do that

21  on Monday?

22          THE COURT:  No, let's -- I'll hear from them

23  now --

24          MR. BENDERNAGEL:  Let's do it now.

25          THE COURT:  -- if they wish to be heard on

1   valuation.

2                        (No audible response.)

3              THE COURT:  Nobody's moving.  Okay, I'm all right

4   with that.

5                        (Laughter)

6              THE COURT:  I think that exhausts whatever

7   questions I might have had.  Is there anything else that we

8   need to talk about today?

9              MR. BENDERNAGEL:  Not today, Your Honor.  We

10  appreciate your time unless -- well, okay.

11             MR. ZENSKY:  Your Honor, the debtors had

12  submitted some proposed findings of fact and conclusions of

13  law that we had some issues with.  There was no timetable

14  set up in the Case Management Order as I recall for

15  responding to that.  And I think it sounds from Your Honor

16  like that's going to be superseded by the procedure you

17  asked for.  That after an opinion is released, to put forth

18  a Confirmation Order or is it something that you do intend

19  to utilize in drafting an opinion?

20             THE COURT:  Well --

21             MR. BENDERNAGEL:  Here's what we -- here's how I

22  interpreted what you had said, Your Honor.  And here's what

23  we were intending to do.  I think you had indicated you

24  didn't want the Confirmation Order.  We see the findings of

25  fact and conclusions of law as a tool for Your Honor.  Our

1    intention is to submit that next week.  In answer to the

2    point that Mr. Zensky raised earlier, our intention is to

3    circulate this material before we send it to you, so that

4    what we're sending to you is a document that reflects

5    everybody's views or if there's disagreements, they can

6    articulate those to you in that regard.  But I don't

7    anticipate, you know, just giving you a document that hasn't

8    been vetted with other people in terms of these plan

9    amendments and the like.

10            THE COURT:  Okay. I guess what we'll have to do

11   is if there isn't agreement, then there'll have to be an

12   opportunity to respond, I suppose.  And think about that and

13   that we can discuss on Monday.

14            MR. BENDERNAGEL:  Thank you, Your Honor.

15            THE COURT:  Okay.  Anything else that we need to

16   talk about today?

17                 (No audible response.)

18            THE COURT:  Thank all very much.  That concludes

19   this hearing.  Court will stand adjourned.  Have a safe trip

20   home, everyone.

21            ALL:  Thank you, Your Honor.

22

1   (Whereupon, at 11:47 a.m., the hearing was adjourned.)

2                          CERTIFICATION

3        I certify that the foregoing is a correct

4   transcript from the electronic sound recording of the

5   proceedings in the above-entitled matter.

6

7

8   _____        9 June 2012
9   Traci L. Calaman, Transcriber               Date

| Word | Page:Line |
|---|---|
| **15-day**(1) 72:4 |
| **27-page**(1) 65:5 |
| **60-day**(1) 72:11 |
| **70-day**(1) 72:7 |
| **a.m**(9) 1:15 5:21 13:1 36:8 36:8 55:15 55:16 55:16 90:1 |
| **ability**(6) 16:20 16:22 23:23 24:17 45:4 57:10 |
| **able**(14) 16:6 27:11 35:13 36:22 37:17 50:17 51:2 51:10 59:21 67:8 71:1 78:10 78:12 86:23 |
| **about**(32) 13:22 14:12 18:7 18:8 19:22 22:19 27:12 27:21 33:9 37:17 40:20 40:21 41:9 41:11 44:6 44:8 44:20 44:21 45:16 46:2 47:5 48:22 51:23 53:16 54:8 54:9 54:18 57:2 57:8 57:13 63:21 64:5 64:22 65:7 66:8 66:22 67:5 69:12 70:7 70:10 71:7 72:16 74:21 77:7 83:23 86:22 87:15 88:8 89:12 89:16 |
| **above**(1) 47:3 |
| **aboventitled** (1) 90:5 |
| **absence**(1) 82:20 |
| **absolute**(1) 19:13 |
| **absolutely**(8) 28:20 33:16 48:8 49:8 49:9 49:10 79:18 80:22 |
| **accede**(1) 54:24 |
| **accept**(1) 45:21 |
| **acceptable**(5) 47:1 62:10 68:5 69:24 77:13 |
| **accepted**(2) 21:4 21:8 |
| **access**(3) 48:18 68:15 85:25 |
| **accessed**(1) 15:9 |
| **accommodate**(1) 76:10 |
| **accommodated**(1) 42:21 |
| **accomplish**(3) 38:17 55:24 81:16 |
| **accrued**(1) 71:18 |
| **accurate**(2) 24:8 25:2 |
| **accurately**(1) 52:24 |
| **achieves**(2) 25:15 25:15 |
| **acknowledgment**(1) 37:22 |
| **acquitting**(1) 17:12 |
| **act**(2) 38:2 39:6 |
| **action**(27) 19:3 19:4 19:5 19:7 20:3 20:18 20:19 20:25 21:19 22:1 22:10 24:18 24:23 25:12 25:25 30:3 30:9 31:7 32:16 32:20 33:2 39:24 58:8 58:9 64:14 |
| **actions**(8) 15:13 19:7 22:10 24:24 25:1 33:3 64:11 64:15 |
| **action"**(3) 24:12 30:5 31:1 |
| **acts**(1) 39:2 |
| **actually**(6) 32:15 41:13 44:2 44:3 59:17 70:21 |
| **adam**(12) 2:27 |
| **add**(12) 21:2 22:5 22:6 22:16 22:17 22:19 43:15 57:7 58:8 58:14 63:4 75:6 |
| **added**(6) 21:11 21:11 24:4 27:13 57:17 74:1 |
| **adding**(4) 29:23 33:5 53:20 59:1 |
| **addition**(2) 52:6 58:12 |
| **additional**(12) 15:12 16:23 17:2 46:4 57:8 73:19 73:24 74:5 77:2 79:4 79:6 82:23 |
| **address**(8) 26:6 30:4 30:7 33:8 53:18 60:11 61:6 70:10 |
| **addressed**(6) 29:22 57:24 61:18 61:23 62:7 68:15 |
| **addresses**(1) 58:8 |
| **addressing**(1) 68:14 |
| **adequately**(1) 22:23 |
| **adjourned**(2) 89:19 90:1 |

| Word | Page:Line |
|---|---|
| **adjudicate**(1) 23:21 |
| **adjudicates**(1) 24:21 |
| **adjudication**(1) 19:24 |
| **adler**(5) 4:37 43:3 43:4 74:11 74:12 75:12 76:8 77:12 |
| **administered**(1) 1:6 |
| **advance**(1) 79:21 |
| **adversaries**(1) 64:8 |
| **advice**(2) 39:2 43:17 |
| **advisable**(1) 59:14 |
| **advise**(2) 14:17 73:15 |
| **advising**(2) 41:20 62:17 |
| **advisor**(1) 19:5 |
| **advisory**(5) 13:16 17:5 17:12 43:7 70:14 |
| **affairs**(1) 39:7 |
| **affect**(1) 67:6 |
| **affecting**(1) 49:17 |
| **affirmatively**(1) 84:10 |
| **afforded**(1) 58:16 |
| **after**(9) 27:20 33:13 51:20 60:2 67:20 72:2 82:7 89:19 88:17 |
| **afternoon**(4) 70:2 83:16 84:7 84:16 |
| **again**(13) 25:10 32:11 34:8 35:3 36:10 39:5 39:17 40:6 42:3 50:9 67:24 69:7 76:2 |
| **against**(16) 22:14 22:15 22:18 23:18 24:11 24:14 26:24 33:2 33:12 33:13 33:18 33:20 46:5 57:10 57:11 57:22 |
| **agenda**(9) 13:8 18:16 35:10 56:6 60:17 71:3 77:22 78:1 78:3 |
| **agent**(1) 14:17 |
| **aggregate**(1) 76:5 |
| **ago**(2) 23:3 47:25 |
| **agree**(18) 21:4 21:8 21:10 28:4 28:20 34:21 43:1 43:10 50:11 50:17 50:19 51:3 51:21 74:14 74:24 75:6 76:4 77:4 |
| **agreeable**(1) 59:6 80:12 80:13 |
| **agreed**(11) 16:3 17:4 40:19 43:9 45:10 48:24 54:6 54:25 56:22 62:18 77:4 |
| **agreeing**(2) 35:11 62:11 |
| **agreement**(69) 4:8 6:42 14:23 14:25 15:16 15:17 16:4 16:16 16:25 17:2 17:4 17:8 17:11 17:16 17:17 17:18 18:19 17:34 19:17 40:7 43:8 43:14 43:19 45:6 48:20 48:23 48:23 49:12 49:24 50:2 50:7 50:13 51:22 53:5 53:7 53:9 57:2 60:19 60:23 61:1 61:4 61:13 61:19 61:19 62:12 63:6 63:19 64:7 64:19 65:1 65:8 65:9 66:23 66:24 66:7 67:13 68:21 73:24 74:16 78:9 79:6 79:8 79:25 85:21 85:22 89:11 |
| **agreements**(7) 17:15 47:18 61:5 79:4 79:8 79:10 |
| **agrees**(1) 63:5 |
| **ahead**(3) 15:1 42:6 85:2 |
| **akin**(6) 3:16 10:13 16:16 18:15 50:10 63:1 |
| **all**(67) 13:2 13:13 14:22 15:18 15:19 15:20 15:20 18:17 18:21 19:16 23:5 25:4 25:6 27:21 27:21 28:23 29:12 31:10 34:14 35:9 35:23 36:9 37:7 38:22 41:19 42:4 42:18 43:22 44:25 48:20 50:8 51:13 53:2 53:14 54:2 55:9 55:14 55:17 55:20 57:1 57:12 57:14 58:17 59:5 59:24 61:14 62:18 63:18 63:23 64:3 65:3 65:5 66:7 68:6 71:19 72:15 73:4 75:21 76:1 76:11 76:17 82:17 86:5 86:7 88:3 89:18 89:21 |
| **allergic**(1) 27:18 |
| **allinson**(1) 2:18 |
| **allow**(6) 23:17 29:15 43:20 45:3 55:21 |
| **allowance**(1) 71:9 |
| **allowances**(1) 71:18 |
| **allowed**(1) 41:10 |

| Word | Page:Line |
|---|---|
| **allowing**(1) 36:21 |
| **almost**(2) 32:21 65:14 |
| **along**(2) 39:21 42:10 |
| **already**(5) 15:24 51:16 53:7 54:25 82:4 |
| **also**(11) 16:17 23:15 28:14 39:23 40:5 44:17 62:14 64:10 77:2 80:13 85:14 |
| **alternative**(2) 9:34 9:35 |
| **although**(3) 33:22 82:4 87:11 |
| **alvarez**(3) 8:39 12:11 12:11 |
| **always**(3) 30:16 38:25 54:2 |
| **ambiguity**(1) 19:13 |
| **amended**(1) 15:23 |
| **amendments**(6) 59:9 79:7 85:16 85:17 85:23 89:9 |
| **america**(3) 8:2 8:8 43:5 |
| **americas**(3) 2:43 4:25 74:13 |
| **among**(1) 50:3 |
| **amongst**(1) 73:25 |
| **amount**(12) 13:15 38:7 38:18 40:21 41:15 43:10 44:8 44:13 44:18 46:12 50:22 76:15 |
| **amounts**(1) 74:25 |
| **and**(301) 5:34 13:13 13:15 13:18 13:21 13:22 13:25 13:25 14:7 14:10 14:20 14:22 15:5 15:6 15:12 15:16 15:18 15:21 15:21 15:24 16:12 16:2 16:5 16:7 16:8 16:9 16:9 16:17 16:18 16:16 16:19 16:24 17:2 17:7 17:17 17:15 17:16 17:16 17:20 18:8 18:9 18:9 18:11 18:16 18:19 19:3 19:5 19:7 19:14 19:24 20:4 20:6 20:14 20:15 20:17 20:18 20:20 21:2 21:11 21:20 22:3 22:10 22:22 23:4 23:5 23:7 23:9 23:10 23:13 23:15 23:16 23:22 24:2 24:8 24:9 24:14 24:23 24:24 25:3 25:4 25:14 25:20 25:20 25:23 26:2 26:20 26:22 26:24 27:2 27:10 27:17 27:23 28:1 28:10 28:20 28:22 29:2 29:10 29:16 30:3 30:6 30:15 30:16 30:17 31:2 31:16 31:18 31:22 32:7 32:13 32:17 32:18 32:23 32:25 33:2 33:3 33:10 33:12 33:16 33:21 33:25 34:4 34:9 34:12 34:17 34:19 34:21 35:4 35:10 35:11 35:14 35:25 36:12 36:23 37:2 37:6 37:13 37:18 37:20 37:25 38:2 38:7 38:9 38:12 38:13 38:14 38:16 38:19 38:21 38:24 39:5 39:7 39:7 39:9 39:10 40:17 40:20 40:40:4 41:4 41:8 41:8 41:10 41:12 41:13 41:13 41:14 41:17 42:1 42:5 42:12 42:17 42:20 42:22 42:23 43:14 43:16 43:17 43:18 44:2 44:4 44:5 44:16 44:19 44:25 45:1 45:2 45:5 45:9 46:18 46:20 47:15 47:17 47:19 48:1 48:2 48:7 48:16 48:17 48:18 48:20 48:21 48:22 48:25 49:2 49:3 49:3 49:7 49:11 49:12 49:13 49:16 50:1 50:2 50:3 50:4 50:7 50:12 50:17 50:20 51:1 51:4 51:6 51:9 51:12 51:14 51:17 51:22 52:3 52:6 52:9 52:21 52:23 52:25 53:6 53:8 53:11 53:12 53:15 54:1 54:2 54:6 54:7 54:12 54:16 54:17 54:20 54:21 55:7 55:22 55:25 54:24 56:1 56:8 56:9 56:14 56:20 57:11 57:13 57:13 57:17 57:20 57:22 58:17 58:20 59:3 59:8 59:10 60:9 60:17 60:19 60:20 60:20 60:21 60:25 61:1 61:2 61:6 61:9 61:10 61:16 61:20 61:25 61:18 62:11 62:11 62:13 62:15 62:24 |
| **and/or**(2) 22:1 26:4 |
| **anderson**(1) 5:13 |
| **andrea**(1) 10:9 |
| **andrew**(7) 2:34 6:18 6:19 9:3 11:16 11:24 11:40 |
| **andrews**(1) 8:44 |
| **angela**(1) 10:3 |
| **angelo**(2) 6:43 46:18 |
| **ann**(1) 9:6 |
| **anna**(2) 9:28 9:28 |
| **annual**(3) 17:4 73:25 74:2 |
| **annually**(1) 74:17 |
| **annum**(1) 45:16 |
| **another**(11) 19:11 21:15 24:24 26:11 34:4 56:15 76:1 81:12 81:15 81:25 87:6 |
| **answer**(5) 80:20 81:23 86:8 87:6 89:1 |
| **answered**(1) 73:21 |
| **answers**(1) 87:7 |
| **anthony**(1) 5:22 |
| **anticipate**(1) 89:7 |
| **anticlimactic**(2) 74:8 75:3 |
| **any**(36) 17:21 19:13 19:15 19:18 22:20 24:7 24:11 24:14 25:7 27:23 28:5 28:11 28:17 34:22 43:13 48:7 48:9 50:21 51:23 53:10 53:12 57:21 61:10 61:17 61:18 61:21 62:5 62:21 69:5 67:15 69:12 75:9 76:13 79:17 85:24 87:15 |
| **anybody**(4) 60:5 83:25 84:1 85:6 |
| **anyone**(4) 18:24 20:23 33:13 34:22 |
| **anything**(9) 26:18 33:14 35:20 49:20 51:7 67:10 78:5 88:7 89:3 |
| **anyway**(1) 46:7 |
| **apart**(1) 48:5 |
| **appear**(4) 26:10 26:11 50:21 58:20 |
| **appearances**(1) 6:7 |
| **appeared**(1) 57:2 71:3 |
| **appease**(1) 24:5 |
| **applicability**(1) 66:22 |
| **applicable**(2) 61:10 61:12 |
| **application**(1) 73:1 |
| **apply**(2) 58:18 67:16 |
| **applying**(1) 25:14 |
| **appreciate**(2) 27:16 88:10 |
| **appreciated**(1) 37:2 |
| **appreciation**(1) 35:15 |
| **appropriate**(13) 26:25 28:22 31:3 33:22 35:3 42:19 42:22 51:12 64:21 67:18 67:23 67:25 75:7 |
| **appropriately**(5) 26:10 42:2 61:23 62:7 73:22 |
| **approval**(4) 51:22 61:19 63:6 63:17 |
| **approve**(4) 61:7 61:20 67:2 67:13 |

| Word | Page:Line |
|---|---|

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **approved**(1) 63:7 | | **awful**(3) 38:3 48:5 68:13 | | **bendernagel**(61) 1:26 13:4 13:5 13:7 | | **but**(86) 13:17 13:20 15:8 18:4 21:3 22:4 |
| **approves**(1) 61:24 | | **bacher**(1) 6:40 | | 13:11 14:3 14:6 14:9 14:14 15:24 36:2 | | 23:18 25:1 26:3 29:14 29:18 30:20 31:19 |
| **approving**(1) 62:4 | | **back**(13) 15:13 34:12 34:15 41:13 45:4 | | 36:7 47:12 47:16 51:4 51:16 52:23 54:9 | | 32:10 32:23 34:3 34:9 34:18 34:21 35:1 |
| **are**(105) 14:6 14:7 15:10 15:10 15:20 16:7 | | 50:15 50:17 65:7 66:4 69:13 80:5 84:7 | | 54:25 55:3 55:10 55:12 55:18 55:18 59:8 | | 35:5 37:16 37:21 38:6 38:16 40:21 41:22 |
| 16:18 17:14 17:18 19:4 19:4 19:14 22:11 | | 86:24 | | 62:16 66:2 68:9 77:17 77:20 77:25 78:21 | | 42:8 43:10 44:5 45:12 45:13 45:14 45:24 |
| 22:12 24:1 24:8 24:22 24:22 25:1 25:1 | | **bad**(1) 30:22 | | 78:25 80:18 81:11 81:24 82:11 82:17 | | 46:7 46:10 46:21 46:8 50:18 51:2 51:20 |
| 25:4 25:5 25:5 25:12 25:23 25:24 26:4 | | **baiera**(1) 6:44 | | 82:19 82:23 83:4 83:10 83:14 83:25 84:4 | | 52:1 54:3 54:18 54:23 55:21 56:25 59:25 |
| 26:7 26:19 26:22 26:24 28:7 29:6 29:20 | | **bale**(1) 7:3 | | 84:9 84:12 84:14 84:20 85:1 85:10 86:8 | | 60:6 60:11 62:3 63:7 63:11 64:6 68:12 |
| 30:10 31:5 31:6 36:12 37:7 37:23 38:3 | | **ball**(1) 83:18 | | 86:10 86:17 87:9 87:17 87:20 87:24 88:9 | | 69:20 70:6 73:22 74:7 74:24 76:9 76:15 |
| 38:12 38:13 38:14 38:24 41:17 42:14 | | **banc**(1) 2:4 | | 88:21 89:14 | | 76:20 77:1 79:17 79:21 80:11 80:21 80:24 |
| 42:22 43:14 43:16 44:5 44:11 45:1 47:10 | | **band**(2) 41:25 41:25 | | **bendernagel's**(2) 52:18 84:24 | | 81:2 81:7 81:11 81:12 81:20 81:22 81:25 |
| 47:12 47:14 47:18 49:5 49:13 50:4 51:5 | | **bank**(17) 4:31 8:2 8:8 9:20 10:35 10:36 | | **bendernagle**(1) 14:23 50:11 | | 82:5 82:14 82:20 83:19 84:17 85:18 86:9 |
| 51:15 52:13 53:2 53:22 53:25 55:22 56:5 | | 11:39 12:1 25:20 37:6 37:25 38:13 39:16 | | **bendernagle**(1) 36:5 | | 86:24 87:6 89:6 |
| 57:2 58:7 59:5 60:10 62:19 63:5 63:16 | | 43:4 47:1 74:7 74:12 | | **beneficiaries**(1) 39:12 | | |
| 64:8 64:22 66:1 67:6 67:12 68:15 | | **bankruptcy**(12) 1:1 1:20 21:15 21:22 | | **benefit**(4) 20:18 25:23 51:19 87:2 | | **bynum**(1) 7:36 |
| 68:18 72:11 73:23 74:14 74:16 75:1 75:6 | | 27:21 28:22 29:15 34:16 38:4 39:22 42:8 | | **bennett**(1) 7:12 | | **cadwalader**(1) 12:2 |
| 75:22 75:23 76:13 76:19 77:14 77:21 78:1 | | 81:17 | | **benson**(2) 3:1 18:2 | | **california**(4) 4:20 84:15 |
| 78:4 78:14 78:14 78:16 80:25 83:6 84:9 | | **banks**(2) 37:24 38:11 | | **bensontorres**(1) 9:40 | | **call**(4) 14:14 46:8 46:10 69:14 |
| 84:12 85:24 | | **barclays**(2) 10:21 10:21 | | **best**(6) 24:1 26:22 33:18 38:15 85:23 86:1 | | **called**(4) 14:15 41:22 50:14 60:18 |
| | | **barker**(1) 5:3 | | **better**(3) 35:6 44:10 54:14 | | **came**(3) 44:17 50:15 60:24 |
| **aren't**(2) 54:11 78:12 | | **barnes**(1) 5:7 | | **between**(4) 60:20 60:20 62:13 64:7 64:12 | | **camp**(1) 63:16 |
| **aren't**(2) 27:11 39:13 | | **barnett**(1) 7:7 | | 64:19 79:11 79:25 | | **can**(42) 13:5 14:18 14:20 15:13 20:23 |
| **argue**(7) 13:12 36:2 46:5 49:20 67:11 | | **base**(1) 40:22 | | | | 21:2 23:24 29:2 34:22 38:15 39:13 41:16 |
| 81:7 81:11 | | **based**(7) 17:2 23:25 45:6 50:20 78:22 | | **beyond**(4) 49:7 49:17 51:15 78:13 | | 46:23 47:14 48:1 49:11 50:23 52:7 54:18 |
| | | 86:16 86:21 | | **bifferato**(1) 3:8 | | 54:20 55:8 55:24 60:1 63:7 64:16 64:25 |
| **argued**(4) 14:7 18:8 34:19 78:2 | | | | **big**(2) 17:13 39:21 | | 65:10 69:23 70:10 73:15 74:17 76:17 77:8 |
| **arguing**(1) 75:1 | | **basically**(3) 47:25 48:4 79:22 | | **bigelow**(1) 8:28 | | 80:6 80:7 80:12 81:14 82:8 83:15 86:13 |
| **argument**(13) 13:8 13:15 14:11 28:17 | | **basis**(2) 28:20 29:5 | | **billing**(1) 46:11 | | 89:5 89:13 |
| 28:18 29:18 29:21 29:22 30:8 46:20 51:9 | | **baskin**(4) 5:1 25:18 43:25 73:12 | | **billion**(1) 23:12 | | **can't**(3) 65:16 80:3 80:5 |
| 53:2 77:6 | | **bear**(1) 5:24 | | **bilmes**(1) 7:23 | | **canceled**(1) 22:13 |
| | | **because**(34) 20:12 20:22 21:21 22:2 25:12 | | **bingham**(1) 8:12 | | **candace**(1) 6:23 |
| **arise**(1) 65:8 | | 28:6 28:12 32:11 32:14 34:5 34:18 36:22 | | **bit**(7) 37:11 45:14 53:16 58:25 60:1 60:10 | | **cannot**(3) 15:9 19:18 21:9 |
| **arose**(1) 15:4 | | 38:8 39:1 41:5 44:20 45:23 46:11 47:2 | | 75:2 | | **cantigny**(1) 11:2 |
| **around**(2) 86:20 86:20 | | 48:5 48:9 48:24 54:14 55:6 60:10 65:2 | | **black**(5) 48:6 48:7 50:12 50:18 50:18 | | **can't**(7) 21:4 21:6 21:8 22:5 22:15 31:17 |
| **arps**(1) 11:31 | | 65:25 69:11 69:11 71:4 73:13 80:23 84:16 | | **blank**(1) 3:38 | | 48:8 |
| **arrangements**(2) 35:15 71:21 | | 86:14 | | **blauner**(1) 11:44 | | |
| **articulate**(1) 89:6 | | | | **blessing**(1) 52:2 | | **cap**(13) 17:9 41:6 42:23 43:8 43:10 43:12 |
| **articulated**(1) 33:23 | | **become**(1) 15:4 | | **block**(1) 11:23 | | 44:16 74:14 74:23 75:5 75:14 76:5 77:7 |
| **ashley**(1) 6:11 | | **becomes**(2) 34:3 63:12 | | **blown**(1) 34:18 | | |
| **ask**(17) 21:1 21:2 21:3 22:16 39:14 46:1 | | **bed**(1) 82:6 | | **board**(26) 17:5 17:12 37:7 37:8 37:23 | | **capacity**(2) 38:24 38:24 |
| 46:7 53:19 54:17 61:7 61:24 65:12 75:15 | | **been**(46) 13:9 13:12 13:14 13:18 13:20 | | 38:23 38:24 39:10 40:1 40:1 40:3 40:9 | | **capital**(19) 3:15 7:1 7:2 7:10 7:15 7:21 |
| 75:24 80:16 80:18 86:14 | | 14:7 14:15 14:19 15:3 15:22 17:4 17:18 | | 41:12 41:15 41:20 42:2 42:4 42:17 42:18 | | 7:22 7:44 7:44 9:35 9:35 10:12 10:21 |
| | | 17:21 22:30 30:17 33:23 34:20 35:11 | | 43:7 44:23 46:23 69:1 70:14 76:7 76:19 | | 10:21 10:25 10:26 10:40 10:40 18:16 |
| **asked**(6) 22:6 27:8 44:23 71:20 86:15 | | 35:16 37:5 45:20 48:12 48:13 48:14 48:18 | | | | |
| **asking**(10) 20:1 22:21 23:20 23:20 34:22 | | 48:19 51:25 53:8 53:25 54:6 54:6 60:12 | | **boards**(1) 39:8 | | **careful**(1) 68:17 |
| 61:25 62:20 67:1 67:12 80:24 | | 62:5 62:16 62:5 65:1 65:6 68:16 74:25 | | **boelter**(1) 5:17 | | **carey**(1) 1:19 |
| | | 78:14 79:2 79:5 82:3 85:16 87:10 89:8 | | **bondholders**(4) 38:1 38:10 39:9 39:13 | | **carickhoff**(1) 3:39 |
| **asserting**(1) 33:12 | | | | **bonds**(3) 38:4 40:2 40:2 | | **caridas**(1) 6:18 |
| **asset**(5) 9:9 9:10 11:26 11:27 16:22 | | **before**(23) 1:19 15:14 17:14 20:7 36:3 | | **book**(1) 42:9 | | **carlyle**(1) 2:4 |
| **assets**(2) 19:4 63:9 | | 36:21 41:14 47:20 53:14 53:18 56:8 57:18 | | **both**(5) 19:2 27:16 28:8 31:4 60:19 | | **carol**(1) 7:3 |
| **assign**(1) 20:8 | | 60:17 69:3 71:20 73:14 74:3 75:21 78:8 | | **bottom**(3) 23:1 46:13 57:19 | | **carson**(1) 7:40 |
| **assigned**(2) 21:18 63:11 | | 81:5 85:13 85:15 89:3 | | **bove**(1) 5:34 | | **case**(18) 1:5 4:23 11:39 26:19 28:11 38:8 |
| **assigning**(1) 20:19 | | | | **brady**(1) 4:10 | | 38:15 38:25 42:8 43:11 44:11 45:15 52:7 |
| **assignment**(3) 38:5 42:6 42:16 | | **beginning**(5) 51:12 74:18 78:18 82:2 85:12 | | **brass**(1) 7:27 | | 54:1 74:9 74:25 84:17 88:14 |
| **assuming**(4) 61:20 67:12 81:1 82:5 | | **begins**(1) 57:21 | | **break**(5) 36:3 54:8 54:10 54:19 56:8 | | |
| **assumption**(1) 40:23 | | **behalf**(13) 16:17 17:18 26:10 31:4 | | **brett**(1) 6:27 | | **cases**(4) 23:15 38:4 52:11 81:18 |
| **attach**(1) 39:16 | | 43:25 46:18 58:13 59:17 63:25 68:9 74:12 | | **brian**(1) 12:12 | | **casting**(1) 78:3 |
| **attached**(1) 40:6 | | 77:12 | | **brickley**(1) 7:32 | | **category**(1) 63:4 |
| **attack**(2) 28:5 29:3 | | | | **bridge**(3) 4:23 15:25 73:14 | | **cause**(4) 22:14 30:5 31:1 31:7 |
| **attempting**(1) 63:20 | | **being**(16) 15:21 16:4 16:5 21:17 33:19 | | **brief**(8) 20:1 20:10 21:13 34:20 52:6 | | **causes**(21) 19:2 19:3 19:6 20:3 20:18 |
| **attorneys'**(1) 13:16 | | 37:17 44:23 50:17 57:7 62:14 66:23 66:24 | | 53:24 54:3 54:22 | | 20:19 20:25 21:25 22:1 22:10 24:18 24:23 |
| **attorney's**(1) 70:12 | | 78:5 78:10 85:13 86:15 | | | | 25:12 30:22 30:23 32:20 33:2 39:24 |
| **audible**(4) 35:22 85:7 88:2 89:17 | | | | **briefly**(5) 14:18 14:25 52:18 66:20 71:4 | | 58:8 58:9 |
| **aurelius**(12) 3:15 10:12 16:10 16:17 16:18 | | **belabor**(1) 37:21 | | **bring**(1) 86:1 | | **cede**(1) 84:25 |
| 17:18 18:15 48:3 52:25 57:17 62:13 63:2 | | **believe**(29) 16:3 16:6 16:8 21:23 21:24 | | **briskly**(1) 71:14 | | **ceded**(1) 82:4 |
| | | 24:20 25:13 28:2 28:19 32:7 35:25 35:25 | | **broad**(1) 62:12 | | **center**(1) 4:31 |
| **austin**(2) 1:25 6:22 | | 39:18 43:6 48:17 51:2 51:9 56:2 56:8 | | **broadway**(1) 3:4 | | **central**(3) 27:22 28:22 30:12 |
| **authority**(1) 25:13 | | 57:25 59:4 60:16 60:23 61:1 62:8 74:6 | | **brockius**(1) 10:17 | | **certain**(13) 5:33 24:14 25:19 27:16 27:19 |
| **available**(3) 32:12 38:10 51:1 | | 74:15 77:13 79:3 | | **brought**(1) 23:15 | | 29:1 42:6 50:25 50:25 52:3 60:24 63:25 |
| **ave**(1) 4:39 | | | | **brown**(3) 2:10 11:35 37:4 | | 85:14 |
| **avenue**(7) 1:36 2:6 2:43 3:27 4:4 4:25 5:3 | | **believes**(1) 31:22 | | **bruce**(1) 7:12 | | **certainly**(13) 18:23 24:20 25:12 56:18 |
| **avoid**(2) 33:19 34:15 | | **belong**(1) 52:3 | | **bryan**(1) 6:24 | | 60:8 63:19 66:21 70:8 73:17 74:4 75:15 |
| **avoidance**(13) 19:7 24:6 24:12 30:15 31:6 | | **belt**(1) 22:21 | | **bryant**(1) 3:19 | | 76:14 76:17 |
| 32:4 32:6 57:24 58:1 58:3 58:5 58:10 | | **bench**(2) 32:2 53:23 | | **build**(1) 73:14 | | **certification**(1) 90:2 |
| 58:11 | | | | **bunch**(1) 64:23 | | **certify**(1) 90:3 |
| **aware**(4) 19:17 48:10 62:12 65:14 | | | | **bush**(1) 6:17 | | **cetera**(1) 45:1 |
| **away**(1) 30:11 | | | | **business**(5) 12:7 12:7 38:21 66:11 82:2 | | **chadbourne**(2) 2:32 6:10 |
| | | | | **busted**(1) 21:16 | | **chadha**(1) 7:45 |
| | | | | | | **chance**(3) 19:9 59:19 69:22 |
| | | | | | | **chandler**(1) 8:28 |

| Word | Page:Line |
|------|-----------|
| change(5) 15:17 16:5 17:16 30:6 49:20 | |
| changes(6) 15:15 16:4 16:8 16:9 45:12 56:21 | |
| | |
| chapter(2) 1:8 42:8 | |
| charge(1) 50:23 | |
| charging(2) 38:9 43:22 | |
| chart(2) 78:18 85:11 | |
| chase(3) 3:23 10:2 | |
| chicago(7) 1:30 5:30 5:43 9:14 9:15 12:6 12:7 | |
| | |
| chipping(1) 30:11 | |
| choose(1) 35:6 | |
| chung(1) 8:9 | |
| circuit(1) 65:18 | |
| circuit's(1) 65:18 | |
| circulate(1) 89:3 | |
| circulated(4) 18:21 54:7 85:12 85:16 | |
| circumstance(3) 41:22 41:23 41:25 | |
| circumstances(5) 41:18 41:21 43:10 47:3 67:21 | |
| | |
| citadel(1) 8:43 | |
| cite(1) 52:7 | |
| cited(4) 20:20 39:18 52:6 52:11 | |
| citi(2) 11:11 11:11 | |
| citigroup(1) 9:1 | |
| citizens(1) 4:31 | |
| claim(9) 23:14 24:12 28:13 33:10 33:11 48:13 48:14 72:24 73:2 | |
| | |
| claimants(1) 58:19 | |
| claims(34) 18:10 19:14 19:16 19:23 20:9 20:18 21:18 22:18 23:17 24:1 24:16 24:19 24:19 25:5 26:13 26:23 28:6 29:3 29:16 29:17 30:15 30:20 30:22 30:22 31:6 52:14 57:24 58:2 58:6 58:11 58:15 71:13 71:18 | |
| | |
| claims,"(1) 20:5 | |
| claims."(1) 32:6 | |
| clamoring(2) 54:12 54:17 | |
| clarification(2) 34:13 76:22 | |
| clarify(1) 15:23 | |
| clarifying(1) 18:3 | |
| classic(2) 29:11 31:22 | |
| classification(1) 18:8 | |
| clause(1) 46:9 | |
| clean(1) 26:4 | |
| clear(23) 19:3 25:22 26:5 26:12 27:23 28:23 30:3 30:18 33:16 45:24 46:10 48:24 49:8 49:10 49:10 49:23 52:1 64:18 75:13 79:18 80:23 85:11 87:16 | |
| | |
| clearly(1) 49:14 | |
| clerk(2) 13:2 36:9 | |
| client(3) 75:17 76:11 85:25 | |
| clients(5) 60:24 67:6 67:8 68:18 68:19 | |
| clog(1) 64:2 | |
| close(2) 50:17 82:6 | |
| closed(1) 29:20 54:14 83:1 | |
| closing(4) 54:22 54:22 55:1 83:5 | |
| closure(1) 52:20 86:2 | |
| cobb(1) 2:25 | |
| cole(1) 1:33 9:20 | |
| colleagues(1) 23:5 | |
| collins(1) 5:8 | |
| colloquy(1) 39:20 | |
| color(1) 18:20 | |
| come(14) 15:13 35:2 38:17 42:25 45:19 52:20 62:5 65:7 66:1 66:4 67:22 80:5 81:19 82:7 | |
| | |
| comes(2) 49:7 72:20 | |
| comfort(2) 41:24 87:1 | |
| comfortable(1) 41:17 | |
| coming(2) 33:13 69:13 | |
| comma(1) 19:14 | |
| commenced(1) 19:8 | |
| commensurate(1) 38:18 | |
| comments(5) 25:21 43:6 50:11 63:3 79:2 | |
| commit(1) 83:17 | |
| committee(22) 2:25 6:9 11:31 13:16 15:24 16:11 20:11 20:21 20:21 23:14 27:8 31:18 31:20 36:11 38:23 51:4 52:18 56:4 60:20 61:9 79:12 85:22 | |
| | |
| common(3) 10:17 51:9 60:19 | |
| comp(1) 40:3 | |
| company(14) 1:8 6:31 7:26 7:31 9:40 27:17 40:14 40:18 40:20 43:5 55:5 74:13 81:16 86:16 | |
| | |
| comparable(2) 37:16 39:19 | |
| compensate(1) 45:4 | |
| compensation(11) 8:33 13:17 17:5 37:10 37:14 38:8 45:7 45:10 74:2 76:24 77:2 | |
| | |
| completely(2) 43:16 71:19 | |
| complex(3) 64:12 65:3 67:5 | |
| complicated(2) 39:8 39:13 | |
| complying(1) 50:24 | |
| component(1) 17:3 | |
| compromise(2) 27:3 45:20 | |
| conaway(1) 4:9 | |
| concept(6) 21:4 21:7 26:2 60:16 67:17 67:23 | |
| | |
| concepts(1) 64:22 | |
| conceptual(3) 50:21 61:1 62:12 | |
| conceptually(3) 50:20 62:10 66:6 | |
| concern(6) 34:6 34:7 44:11 64:6 67:7 | |
| concerned(1) 44:17 | |
| concerning(1) 46:3 | |
| concerns(6) 49:4 49:4 58:13 60:16 68:21 76:10 | |
| | |
| conclude(1) 36:21 | |
| concluded(2) 20:11 | |
| concludes(1) 89:18 | |
| conclusion(1) 70:11 | |
| conclusions(3) 79:1 88:12 88:25 | |
| conference(2) 69:14 81:6 | |
| confident(2) 52:19 81:2 | |
| confidentiality(5) 50:13 51:22 60:19 68:15 85:21 | |
| | |
| confirm(2) 86:9 86:23 | |
| confirmation(21) 19:21 20:1 20:15 24:21 25:10 25:14 26:2 26:18 26:20 29:5 35:3 47:21 51:5 64:17 70:1 71:10 76:14 79:13 80:14 88:18 88:24 | |
| | |
| confirmed(1) 23:25 | |
| conform(1) 17:17 | |
| conforming(4) 15:15 16:4 16:5 16:7 | |
| confused(2) 18:4 18:5 | |
| connection(3) 37:12 43:18 44:15 | |
| connolly(1) 5:34 | |
| consented(1) 51:11 | |
| conserve(1) 75:9 | |
| consider(1) 53:19 | |
| considered(1) 28:11 | |
| consistent(1) 52:5 | |
| consists(1) 66:10 | |
| constituents(1) 38:16 | |
| constitute(3) 49:13 49:14 50:2 | |
| constrained(1) 41:13 | |
| constructive(2) 20:9 21:18 | |
| consult(1) 58:21 | |
| contained(1) 17:20 | |
| container(1) 44:12 | |
| context(2) 45:8 73:3 | |
| continuation(1) 70:1 | |
| continue(3) 38:15 39:14 64:4 | |
| continued(2) 2:2 55:20 | |
| continuing(2) 38:14 57:6 | |
| continuum(2) 42:11 42:12 | |
| contours(1) 56:14 | |
| controlling(2) 49:25 65:16 | |
| convene(1) 62:20 | |
| conversations(1) 44:20 | |
| conveyance(3) 28:13 64:9 64:15 | |
| convinced(1) 33:4 | |
| cooperation(2) 79:10 79:25 | |
| copies(1) 18:24 | |
| copy(3) 18:20 31:23 56:15 | |
| core(1) 30:8 | |
| corporate(7) 37:24 37:25 38:3 38:6 38:20 39:2 43:16 | |
| | |
| correct(2) 70:16 90:3 | |
| corroon(1) 5:13 | |
| costing(1) 75:24 | |
| costs(1) 40:10 | |
| could(19) 23:22 25:3 30:4 30:20 30:22 31:8 33:5 43:8 49:20 53:15 54:23 66:4 69:14 70:2 71:23 81:6 81:13 87:15 87:16 | |
| | |
| couldn't(2) 27:9 30:23 | |
| counsel(25) 16:16 27:3 27:7 37:18 39:3 39:3 41:10 41:15 41:16 41:22 43:7 43:17 43:21 45:2 45:4 45:9 45:11 50:7 54:3 59:18 62:9 62:24 69:10 74:1 74:5 | |
| | |
| counsel."(1) 40:11 | |
| counsels(1) 37:7 | |
| counterpart(1) 85:22 | |
| couple(2) 60:10 82:23 | |
| course(6) 19:20 20:1 21:22 23:12 34:11 50:16 | |
| | |
| court(212) 1:1 13:3 13:6 13:10 14:2 14:8 14:18 15:1 16:14 17:1 17:22 17:24 18:1 18:12 18:13 18:17 18:23 20:16 21:1 21:7 21:12 25:8 25:13 25:16 26:23 27:1 27:5 27:11 27:16 28:11 29:12 29:17 29:18 30:17 30:18 31:9 31:10 31:12 31:14 31:23 31:25 32:2 32:31 34:9 34:12 34:16 34:25 35:7 35:14 35:18 35:20 35:23 36:1 36:3 36:6 36:8 36:13 36:14 36:18 36:20 36:25 37:2 40:22 40:25 42:10 42:22 43:2 43:23 45:22 46:1 46:7 46:14 46:16 47:4 47:7 47:9 47:15 50:8 51:10 51:19 52:9 52:15 52:16 52:21 53:14 54:2 54:20 55:2 55:9 55:11 55:14 55:14 55:17 56:2 56:16 56:19 58:20 58:23 59:7 59:11 59:15 59:21 59:24 60:3 60:5 60:14 61:1 61:3 61:7 61:20 61:23 61:24 61:24 61:25 61:3 61:7 61:20 62:10 62:20 63:8 63:23 64:13 64:14 65:12 65:22 66:9 66:6 66:16 66:18 66:21 67:1 67:2 67:3 67:11 67:12 67:17 67:23 68:3 68:7 68:23 69:3 69:5 69:16 69:18 69:20 69:25 70:5 70:10 70:15 70:19 70:25 71:2 72:19 73:4 73:7 73:10 73:15 74:4 74:8 75:11 75:25 76:1 77:7 77:14 77:16 77:19 77:21 77:23 78:2 78:20 78:24 80:13 81:9 81:18 81:21 81:25 82:13 82:18 82:20 83:3 83:5 83:8 83:13 83:18 83:23 84:3 84:5 84:10 84:13 84:18 84:21 85:2 85:5 85:8 85:13 86:3 86:7 86:13 86:21 86:25 87:8 87:10 87:19 87:22 87:25 88:3 88:6 88:20 89:10 89:15 89:18 89:19 | |
| | |
| court's(4) 61:19 63:6 63:17 73:18 | |
| courtney(2) 7:40 10:37 | |
| courtroom(1) 1:10 18:25 44:7 45:19 | |
| courts(1) 29:14 | |
| court's(7) 20:15 29:13 31:2 36:12 51:8 51:22 52:2 | |
| | |
| craft(1) 23:16 | |
| crain's(2) 12:6 12:7 | |
| crane(1) 6:39 | |
| create(2) 49:18 53:8 | |
| created(4) 32:19 39:6 39:23 61:17 | |
| credit(5) 4:8 6:42 9:44 9:44 80:11 | |
| creditor(3) 21:17 21:19 32:19 | |
| creditors(14) 2:26 6:10 15:15 15:24 16:11 16:23 17:15 19:18 20:5 20:6 20:8 20:19 27:8 38:23 | |
| | |
| creditor's(3) 31:19 | |
| crimson(1) 5:23 | |
| critical(1) 51:6 | |
| cross(2) 57:8 57:8 | |
| crosses(1) 48:20 | |
| crt(2) 7:44 7:44 | |
| crystal(3) 25:22 26:5 26:12 | |
| current(3) 18:18 31:23 50:18 | |
| currently(2) 19:4 57:5 | |
| cushion(1) 45:14 | |
| cut(1) 32:15 | |
| cyrus(2) 10:25 10:26 | |
| d'agostino(2) 8:12 8:13 | |
| d's(1) 53:15 | |
| damian(3) 14:12 14:16 14:16 | |
| damien(1) 3:25 | |
| daniel(2) 2:26 3:18 8:3 16:15 | |
| data(1) 1:42 | |
| date(4) 15:6 47:20 72:2 82:15 | |
| dave(1) 6:34 | |
| david(16) 2:33 3:2 3:17 3:39 4:37 6:2 6:26 8:17 10:7 18:2 18:14 43:3 50:10 63:1 74:11 84:22 | |
| | |
| davidson(1) 8:20 | |
| davis(3) 3:23 10:2 14:16 | |
| day(7) 4:15 7:11 14:18 46:18 78:22 82:4 84:17 | |
| | |
| days(4) 71:12 72:2 72:6 85:19 | |
| dbtca(5) 4:36 43:20 74:22 75:7 77:12 | |
| dcl(16) 20:2 20:2 20:17 27:5 29:4 33:23 44:20 46:19 47:17 50:3 51:17 52:24 62:13 73:24 77:10 87:13 | |
| | |
| deal(8) 14:1 14:22 53:11 56:9 57:9 59:1 67:18 79:11 | |
| | |
| deals(1) 26:1 | |
| dealt(3) 26:2 57:22 57:25 | |
| dearborn(1) 1:29 | |
| debenture(6) 3:1 9:39 16:17 17:19 18:3 18:9 | |
| | |
| deborah(1) 10:14 | |
| debt(28) 21:21 22:2 22:6 22:13 22:13 26:2 27:13 27:14 27:15 27:15 27:18 27:21 27:24 27:25 28:1 28:7 28:12 28:23 28:25 29:6 32:23 33:8 34:17 57:10 57:11 57:17 58:14 58:16 | |
| | |
| debtor(8) 6:22 13:5 33:7 33:12 33:14 33:18 68:9 80:1 | |
| | |
| debtors(30) 1:12 1:25 19:10 21:10 22:12 22:14 22:15 24:4 24:15 25:2 27:3 27:17 27:23 31:19 32:17 33:9 50:15 50:23 51:21 52:4 52:12 55:19 57:10 57:11 60:20 61:9 63:9 72:1 79:11 87:21 | |
| | |
| debtors'(2) 51:6 52:4 | |
| debtwire(2) 9:31 9:31 | |
| debt's(1) 34:18 | |
| decide(1) 78:2 78:6 83:1 | |
| decided(3) 20:25 24:1 29:17 | |
| deciding(1) 30:21 | |
| decision(6) 19:17 47:21 52:10 55:5 62:4 81:19 | |
| | |
| decisions(1) 28:8 | |
| defeats(1) 29:15 | |
| defendant(5) 23:13 23:15 24:11 28:19 | |
| defendant's(1) 8:34 | |
| defendants(4) 21:19 25:4 25:5 28:18 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **defending(5)** 24:11 24:14 31:5 33:2 57:22 | | **disclaimed(6)** 19:7 24:11 24:23 30:14 31:5 32:6 | | **dropped(1)** 23:2 | | **esq(85)** 1:26 1:27 1:28 1:35 2:5 2:11 2:12 2:13 2:19 2:26 2:27 2:33 2:34 2:35 2:36 2:42 3:2 3:3 3:9 3:17 3:18 3:24 3:25 3:26 3:32 3:39 4:3 4:10 4:16 4:17 4:24 4:30 4:37 4:38 5:2 5:8 5:14 5:15 5:22 5:28 5:35 5:41 6:2 6:11 6:12 6:13 6:17 6:18 6:19 6:23 6:24 6:25 6:26 6:27 6:28 6:32 6:40 6:44 7:36 8:3 8:5 8:29 8:30 8:35 8:36 8:45 9:3 9:4 9:5 9:6 9:11 9:41 10:3 10:7 10:9 10:14 10:18 10:31 10:33 11:4 11:32 11:36 11:40 12:3 | |

defending(5) 24:11 24:14 31:5 33:2 57:22
defense(8) 22:17 23:21 23:23 24:3 24:15 28:12 28:20 42:15

defenses(6) 24:14 24:21 25:4 26:19 32:12 33:19

definition(5) 48:13 48:13 58:1 58:9 58:11
definitive(2) 80:7 80:8
degree(1) 40:16
delaware(6) 1:2 1:12 1:36 2:6 4:4 13:1
delete(1) 30:12
deleting(1) 31:9
deliver(1) 53:23
demonstrative(4) 18:20 56:12 57:18 57:20
dennis(1) 6:28
department(2) 6:1 39:2
departments(4) 37:24 38:1 38:3 38:6
depend(1) 43:9
depositions(1) 84:16
derr(1) 8:17
describe(5) 56:21 57:3 59:8 61:2 71:4
described(8) 19:23 29:24 52:24 56:24 58:18 63:15 67:24 79:9

describes(1) 62:22
describing(1) 60:11
description(1) 52:19
designed(2) 15:3 23:17
desire(1) 60:9
desk(1) 52:8
detailed(1) 16:2
details(2) 65:2 66:6 67:25

determination(5) 18:11 51:8 51:23 81:14 87:11

determine(6) 17:13 24:25 32:4 32:8 51:24 58:4

determines(1) 24:22
determining(1) 26:23
deutsch(2) 6:12 74:12
deutsche(9) 55:20 37:6 37:25 38:13 39:16 40:7 43:4 47:1 74:7
developed(1) 70:5
devil(1) 65:2
diamond(1) 8:21
diaz(1) 1:42
did(23) 6:24 24:15 24:16 25:19 27:10 33:8 39:16 39:16 44:14 44:19 66:5 66:8 76:4 76:22 86:7

didn't(2) 71:11 88:24
didn't(5) 32:7 34:17 43:1 46:12 47:19

differences(2) 36:23 51:12
different(5) 32:11 63:15 70:22 81:22 84:17
differently(1) 87:15
difficult(1) 44:19
dime(1) 43:21
directly(4) 27:11 30:8 30:20 39:3
directors(18) 5:33 13:25 13:25 15:7 37:17 40:4 40:8 41:10 49:3 50:4 50:7 52:23 53:6 53:13 60:25 62:9 62:24 64:1 64:23

directors'(1) 51:14
disagree(2) 20:24 51:3
disagreement(2) 50:21 50:22
disagreements(1) 89:5
disallowance(1) 71:9
discharge(7) 26:2 26:11 27:23 28:15 28:25 33:9 57:9

discharged(14) 21:22 22:3 22:12 26:8 27:14 27:15 27:19 28:1 28:7 28:13 28:14 28:23 29:7 29:7

discharging(1) 27:21
disclaim(4) 57:24 58:1 58:5 58:11

disclaimed(6) 19:7 24:11 24:23 30:14 31:5 32:6

disclosed(1) 28:11
disclosure(2) 86:18 87:4
discuss(1) 89:13
discussed(3) 56:8 85:18 85:19
discussion(3) 55:25 57:20 73:16
discussions(4) 46:2 50:15 62:8 70:5 75:23
dismiss(1) 21:20
disposition(1) 63:9
dispute(4) 62:3 62:5 70:24 73:9
disputed(1) 71:18
disputes(7) 14:21 33:25 53:21 62:20 62:21 65:8 72:7

distinct(1) 32:12
distribution(2) 72:14 72:14
distributions(5) 15:14 17:14 38:10 71:18 71:20

district(2) 1:2 21:14
document(15) 34:1 50:16 50:24 51:4 51:10 53:10 61:15 61:16 65:5 67:5 68:11 68:13 68:17 89:4 89:7

documents(23) 47:18 47:19 48:14 49:24 51:5 52:3 52:20 53:3 56:9 59:10 61:8 61:18 62:2 62:14 62:15 63:10 67:14 78:16 79:21 80:8 82:7 85:17 85:20

does(23) 20:3 22:4 24:2 24:25 30:7 31:12 31:14 31:16 32:8 34:16 43:20 43:21 45:23 51:23 51:24 52:2 55:12 61:9 61:11 61:20 63:9 75:3 85:5

doesn't(6) 53:8 65:15 67:15 71:8 79:20
doesn't(5) 15:17 49:12 49:14 50:2 50:21
doing(5) 14:19 49:5 49:8 84:12 87:3
dollars(1) 23:12
dominated(1) 40:1
don(1) 6:32
done(15) 16:7 24:4 32:10 40:5 47:20 48:22 48:25 55:5 55:23 57:25 67:20 75:23 77:14 81:21 85:20 86:5

don't(16) 14:25 18:4 20:23 21:2 24:7 24:20 25:8 26:25 31:25 33:4 35:14 37:21 41:18 45:15 51:7 52:16

doomed(1) 28:7
door(3) 54:14 65:15 83:9
doors(1) 29:20
dots(1) 48:20
doubt(7) 19:18 24:6 32:4 33:1 58:3 58:10 82:5

dougherty(11) 5:41 63:24 63:25 65:20 65:24 66:13 66:15 66:17 66:20 67:4 68:10

dougherty's(1) 68:18
douglas(1) 6:12
dow(2) 7:30 7:31
down(11) 19:17 35:4 35:4 48:7 48:19 57:19 60:6 73:18 75:9 77:8 78:3

draft(3) 48:8 53:4 86:19
drafted(1) 43:20
drafting(2) 13:24 88:19
drafts(1) 50:20
draw(1) 7:16
drawable(1) 15:3
drawn(2) 15:5 23:6
drew(2) 3:32 86:25
drive(2) 5:23 5:42

dropped(1) 23:2
dropping(1) 77:8
drove(1) 40:4
duane(3) 4:2 26:16 59:16
due(1) 34:14
duly(1) 63:11
dumb(1) 21:3
during(8) 19:20 20:1 23:12 47:5 50:16 53:16 54:8 54:10

duties(2) 17:13 44:24
dwindling(1) 35:10

each(1) 74:1
earlier(8) 48:3 49:5 73:6 78:8 79:15 80:11 81:3 89:2

early(6) 52:20 62:16 66:8 66:10 76:23 82:10

easily(1) 16:18
east(3) 5:29 11:19 11:19
eastern(1) 84:21
easy(2) 42:16 76:15
echo(2) 43:15 43:22
economic(2) 22:19 40:14
ecro(1) 1:40
edgar(1) 7:16
effect(4) 28:2 57:6 57:13 62:4
effective(2) 15:6 72:2
effectuating(1) 42:1
efficient(1) 45:23
egi-trb(2) 3:38 11:23
either(4) 35:5 51:11 62:17 66:5
elden(1) 5:40
eldersveld(1) 6:34
election(1) 87:4
electronic(2) 1:48 90:4
eli(1) 3:26
elizabeth(1) 9:5
elliot(1) 3:24
elnaz(1) 11:36
eloquent(1) 65:7
eloquently(1) 67:5
else(8) 22:22 35:20 46:25 53:18 67:10 80:24 88:7 89:15

embodied(1) 19:5
emergence(1) 55:7
employees(3) 8:33 48:19 68:16
end(8) 29:25 30:1 30:6 32:23 33:25 70:7 72:10 75:4

ending(1) 42:7
endorse(1) 63:3
enforce(1) 57:10
engagements(1) 39:14
english(3) 4:36 43:4 74:12
enormous(1) 48:2
enough(4) 64:3 70:6 76:9 76:9
ensure(7) 16:24 19:2 19:6 25:14 29:1 52:2 57:12

entered(1) 66:24
entirely(2) 56:24 67:18
entirety(2) 72:12 72:16
entitled(1) 76:19
ephraim(1) 8:21
equal(1) 75:2
equally(3) 46:13 58:18 73:25
equals(1) 74:22
equity(1) 8:43

essential(1) 80:25
essentially(4) 15:4 49:17 71:25 78:4
establish(1) 20:8
established(2) 38:2 52:5
establishes(1) 40:11
estate(1) 39:24
estates(1) 52:4
esther(1) 8:9
evan(1) 8:5
even(1) 27:19
event(2) 76:13 87:16
ever(2) 33:11 33:13
evergreen(1) 15:11
every(4) 33:9 33:10 46:12 65:15
everybody(2) 44:7 83:11
everybody's(1) 89:5
everyone(5) 13:3 39:11 63:5 77:9 89:20
everything(5) 22:22 57:13 78:22 79:13
exactly(4) 28:9 50:4 76:25 77:23
examiner's(2) 67:20 67:20
example(2) 19:25 38:8
except(2) 27:25 40:15
exception(2) 56:23 82:24
exchange(2) 46:22 50:20
excuse(2) 21:6 52:8
exemption(1) 71:16
exhausts(1) 88:6
exhibit(1) 57:20
exist(1) 53:8
existed(1) 33:14
existing(1) 57:25
exists(3) 49:21 53:9 61:14
exit(2) 37:13 47:20
expand(1) 44:12
expect(3) 51:10 74:17
expectations(2) 40:4 40:11
expeditious(1) 45:24
expend(1) 44:13
expense(7) 15:7 15:11 17:9 17:13 18:10 40:16 40:16

expenses(7) 15:4 37:18 40:8 40:10 44:16 76:12 76:13

expert(2) 41:16 86:16
explain(2) 21:11 23:10
explicit(1) 33:9
express(1) 22:4
expressed(4) 21:24 49:4 53:6 68:22
expressly(2) 27:25 61:13
extant(1) 26:13
extended(1) 33:25
extensively(2) 45:5 65:19
extent(11) 19:13 26:3 27:25 29:22 29:24 30:10 57:23 58:7 63:14 80:3 86:25

extraordinary(1) 28:25
face(1) 28:17
faces(2) 32:5 58:4
facilitating(1) 42:1
fact(27) 19:19 38:11 38:21 38:24 41:12 42:18 43:19 45:13 48:6 49:11 49:21 50:1 53:4 54:12 71:11 71:22 72:10 75:1 79:1 81:3 81:7 86:19 86:21 87:1 88:12 88:25

facts(1) 39:20
fail(1) 39:21

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **failure**(1) 28:7 | | **follows**(2) 57:17 61:4 | | **future**(2) 27:17 29:16 | | **had**(39) 14:18 15:3 15:24 16:2 21:22 |
| **fair**(2) 20:12 38:7 | | **for**(199) 1:2 1:25 2:4 2:10 2:25 3:1 3:15 | | **garrison**(1) 9:2 | | 32:18 37:5 39:24 40:3 43:14 43:22 44:19 |
| **fairly**(3) 27:10 29:11 57:25 | | 3:23 3:38 4:1 4:8 4:23 4:36 5:1 5:7 5:13 | | **garvan**(1) 3:9 | | 46:19 49:3 50:14 54:25 56:25 64:6 64:16 |
| **faith**(1) 66:3 | | 5:21 5:33 6:1 6:9 6:22 6:39 6:42 7:1 7:6 | | **gary**(1) 6:36 | | 64:22 68:10 68:20 71:1 71:7 71:11 76:23 |
| **falls**(1) 29:23 | | 7:10 7:21 7:26 7:30 7:35 7:39 7:44 8:2 | | **gas**(1) 44:12 | | 78:17 78:18 79:15 81:2 84:23 86:6 86:17 |
| **far**(4) 32:23 42:12 48:5 70:5 | | 8:12 8:16 8:20 8:28 8:33 8:39 8:43 9:1 | | **gave**(1) 23:22 | | 87:4 88:7 88:11 88:13 88:22 88:23 |
| **fargo**(2) 9:20 11:39 | | 9:9 9:14 9:20 9:24 9:28 9:31 9:34 9:39 | | **gavin**(1) 6:44 | | |
| **farther**(1) 84:7 | | 9:44 10:2 10:6 10:12 10:16 10:21 10:25 | | **gecker**(1) 8:34 | | **haider**(1) 9:21 |
| **faster**(1) 55:8 | | 10:30 10:35 10:40 11:1 11:7 11:11 11:15 | | **general**(4) 26:11 65:17 71:12 72:24 | | **halcyon**(2) 9:9 9:10 |
| **favor**(1) 20:22 | | 11:19 11:23 11:26 11:30 11:35 11:39 11:43 | | **generally**(2) 38:20 43:17 | | **half**(1) 78:23 |
| **favorable**(1) 18:11 | | 12:1 12:6 12:11 13:5 13:16 14:11 16:16 | | **gentilotti**(1) 3:8 | | **hand**(5) 18:19 54:16 64:16 79:17 86:25 |
| **favorite**(1) 46:9 | | 16:18 16:22 17:5 18:3 18:15 18:24 19:16 | | **george**(2) 5:41 63:24 | | **handed**(1) 78:17 |
| **fear**(5) 25:2 29:3 33:5 36:12 44:13 | | 19:24 19:25 20:18 21:9 22:7 22:9 22:10 | | **get**(36) 13:19 16:6 26:19 26:24 27:10 | | **handled**(1) 71:16 |
| **fee**(15) 14:21 15:21 15:22 15:25 16:2 | | 22:20 24:5 25:18 25:23 26:7 26:13 27:15 | | 31:18 35:5 38:9 39:8 39:13 47:22 48:1 | | **handling**(1) 64:14 |
| 16:12 17:19 18:6 18:9 40:10 55:25 71:21 | | 27:19 28:3 28:15 28:20 28:23 29:3 29:7 | | 48:1 48:8 51:10 54:12 55:5 55:5 55:7 | | **hannafan**(2) 5:27 5:27 |
| 72:25 76:12 77:3 | | 29:16 29:16 29:23 31:17 32:19 32:25 33:6 | | 55:8 59:22 64:25 68:4 69:21 69:23 72:5 | | **happen**(3) 34:5 35:1 44:14 |
| | | 34:3 34:10 35:6 35:7 35:15 36:10 37:10 | | 74:8 78:8 80:1 80:5 80:19 80:22 81:16 | | **happens**(2) 34:9 67:20 |
| **feel**(3) 41:13 46:2 87:13 | | 38:8 38:15 39:10 39:14 39:25 40:4 41:19 | | 81:19 83:17 87:11 | | **happy**(2) 75:16 77:5 |
| **feeling**(3) 41:17 76:4 87:11 | | 43:6 44:7 44:18 44:22 45:3 45:21 46:22 | | | | **hard**(6) 16:24 27:10 35:11 45:3 69:11 |
| **feels**(3) 44:23 74:6 87:14 | | 47:10 48:23 50:6 50:24 52:8 52:12 52:13 | | **gets**(3) 67:21 74:18 75:21 | | **harm**(1) 34:22 |
| **fees**(12) 14:11 14:11 44:14 44:18 44:22 | | 52:15 52:17 54:2 54:17 55:12 55:18 55:23 | | **getting**(1) 23:7 | | **harrisburg**(1) 1:44 |
| 46:24 50:22 69:1 70:12 71:7 71:22 72:3 | | 56:3 58:2 58:9 58:21 61:2 62:9 63:2 63:7 | | **gilding**(1) 76:20 | | **has**(40) 14:7 17:1 17:4 17:8 17:21 23:14 |
| 72:12 72:14 72:16 74:5 76:20 | | 65:12 66:11 66:17 68:1 69:7 70:1 70:2 | | **gist**(1) 52:1 | | 25:7 25:13 27:3 27:20 28:11 28:11 29:12 |
| | | 71:8 71:12 71:16 71:20 71:21 72:6 73:12 | | **give**(13) 13:23 24:2 24:3 25:3 35:5 36:13 | | 30:16 30:17 33:13 33:15 33:24 37:22 40:5 |
| **feet**(1) 83:16 | | 74:1 74:2 74:5 74:21 75:15 75:17 75:19 | | 54:15 56:16 80:6 80:8 81:4 81:5 81:19 | | 40:17 41:1 42:12 43:13 44:10 44:21 45:10 |
| **feld**(6) 3:16 10:13 16:16 18:15 50:10 63:2 | | 76:15 76:19 77:7 78:1 78:5 79:24 80:11 | | | | 48:18 48:19 49:2 51:19 52:15 60:16 61:15 |
| **felt**(2) 86:21 86:22 | | 80:21 80:24 82:4 84:6 84:6 85:3 85:5 | | **given**(7) 43:19 54:21 74:9 74:10 85:19 | | 62:6 65:5 71:6 76:25 77:2 78:14 |
| **few**(4) 31:17 37:20 38:12 47:25 | | 85:25 86:8 86:16 86:17 87:2 87:2 88:14 | | 85:20 87:12 | | |
| **fewer**(1) 38:11 | | 88:17 88:25 | | | | **hasn't**(1) 89:7 |
| **ffc**(1) 55:7 | | | | **gives**(2) 41:24 71:25 | | **hastily**(1) 23:6 |
| **fidelity**(1) 39:11 | | **force**(1) 57:12 | | **giving**(5) 41:15 47:13 53:3 59:2 89:7 | | **hauer**(6) 3:16 10:13 16:16 18:15 50:10 |
| **fiduciary**(4) 17:13 39:9 44:24 44:25 | | **forced**(1) 38:19 | | **glad**(1) 41:5 | | 19:8 19:8 23:9 23:18 23:23 24:7 24:19 |
| **fiftieth**(1) 4:19 | | **forcing**(1) 79:18 | | **glantz**(1) 6:39 | | 25:6 27:17 28:9 31:12 31:23 33:5 33:24 |
| **fighting**(1) 65:23 | | **foregoing**(1) 90:3 | | **gleaned**(1) 39:20 | | 34:3 35:11 36:20 37:18 38:22 38:25 38:25 |
| **fights**(3) 65:21 65:25 66:1 | | **forgive**(1) 34:10 | | **glitch**(1) 26:9 | | 39:9 39:9 39:20 41:10 41:23 42:4 43:1 |
| **figure**(1) 64:3 | | **forgot**(1) 17:3 | | **global**(1) 41:15 | | 43:7 45:2 45:4 45:9 45:14 46:23 46:24 |
| **file**(2) 25:19 72:6 | | **form**(1) 51:11 | | **gloss**(1) 63:14 | | 47:9 48:20 48:22 51:25 51:25 53:4 53:5 |
| **filed**(5) 16:12 37:5 48:4 50:12 64:24 | | **formal**(1) 72:6 | | **gmp**(2) 11:15 11:15 | | 53:25 54:6 54:6 55:1 56:12 56:15 56:16 |
| **files**(2) 50:25 52:13 | | **formally**(1) 17:18 | | **goal**(2) 33:21 45:17 | | 56:19 56:21 56:25 57:20 59:6 60:1 60:9 |
| **fill**(1) 44:12 | | **forman**(1) 1:33 | | **goes**(3) 18:18 20:6 31:1 | | 60:12 60:17 61:1 62:19 64:10 65:3 65:21 |
| **final**(7) 17:7 59:9 60:13 60:23 62:14 | | **former**(3) 31:10 63:25 64:23 | | **going**(41) 13:12 13:15 13:18 14:7 14:24 | | 65:25 66:3 67:3 68:21 70:5 70:9 71:14 |
| 62:15 70:12 | | **forth**(6) 14:24 14:24 45:5 59:4 62:6 88:17 | | 17:6 26:4 31:3 37:7 34:21 34:25 35:25 | | 71:21 71:24 72:1 72:3 72:6 72:9 72:16 |
| | | **forward**(1) 23:18 | | 42:16 42:16 46:5 47:22 48:25 49:25 51:7 | | 74:24 74:25 75:9 75:16 77:3 77:4 78:9 |
| **finalized**(1) 64:11 | | **fought**(1) 16:24 | | 52:20 55:1 59:23 60:2 64:8 66:3 67:3 | | 78:13 79:4 79:9 79:16 79:17 79:18 79:23 |
| **finally**(1) 83:11 | | **found**(1) 20:16 | | 67:11 68:21 71:4 75:9 80:1 80:10 80:11 | | 80:20 80:21 81:3 81:6 81:15 82:3 84:16 |
| **financials**(1) 86:22 | | **foundation**(5) 4:2 11:2 11:3 23:4 26:17 | | 80:18 80:22 80:23 81:1 81:8 83:21 84:9 | | 85:15 85:20 85:25 86:7 88:7 89:10 89:11 |
| **find**(1) 51:2 | | **four**(1) 74:16 | | 88:16 | | 89:19 |
| **findings**(4) 79:1 86:19 88:12 88:24 | | **fox**(1) 4:29 | | **golden**(4) 3:18 16:15 16:16 17:23 | | |
| **fine**(4) 36:1 36:25 83:19 84:23 | | **framework**(1) 68:1 | | **goldfarb**(1) 6:19 | | **haven't**(4) 59:19 69:16 69:18 72:11 |
| **finger**(1) 3:31 | | **frank**(4) 8:34 8:36 8:39 8:40 | | **goldman**(2) 7:35 7:35 | | **having**(6) 35:15 47:24 64:13 65:10 66:2 |
| **finish**(1) 42:3 | | **frankly**(3) 13:24 28:4 40:20 46:5 48:10 | | **good**(20) 13:3 13:4 14:15 18:14 25:17 | | 69:11 |
| **finished**(3) 36:20 84:24 85:1 | | 55:4 75:24 | | 26:15 27:6 30:22 37:3 37:15 43:3 43:24 | | |
| **fire**(1) 83:16 | | | | 46:17 50:9 65:24 66:3 73:11 74:11 76:2 | | **hazeltine**(1) 2:18 |
| **firm**(1) 49:3 | | **fraudulent**(8) 20:9 21:18 23:14 28:13 | | 83:4 | | **hbk**(2) 7:21 7:22 |
| **firms**(1) 42:14 | | 28:14 32:9 64:9 64:15 | | **gordon**(4) 2:12 6:43 9:3 46:19 | | **he'll**(1) 62:16 |
| **first**(8) 19:21 20:1 20:10 32:25 37:21 | | | | **got**(11) 13:8 37:12 44:23 44:24 48:1 73:14 | | **he's**(6) 66:22 67:10 68:20 68:21 68:21 |
| 51:24 57:4 77:8 | | **free**(2) 27:23 67:11 | | 78:6 79:23 80:5 84:15 85:15 | | 84:24 |
| | | **fresh**(1) 87:4 | | | | |
| **fish**(1) 58:25 | | **friday**(3) 13:1 54:5 82:1 | | **gotshal**(1) 10:6 | | **hear**(10) 50:6 53:14 54:21 54:23 54:23 |
| **fishman**(1) 6:39 | | **friedman**(2) 9:40 18:3 | | **gotten**(1) 79:2 | | 67:4 77:6 81:7 87:17 87:22 |
| **fitzsimons**(3) 19:5 64:8 64:14 | | **from**(45) 15:13 17:6 18:25 20:10 20:16 | | **government**(2) 66:11 82:2 | | |
| **five**(2) 22:11 36:6 54:4 80:25 | | 21:13 22:12 22:22 26:9 26:16 28:17 30:19 | | **graeme**(1) 6:17 | | **heard**(13) 29:21 38:19 39:21 47:2 49:4 |
| **five-minute**(1) 36:3 | | 32:22 33:11 34:23 35:10 36:8 37:4 39:5 | | **granted**(2) 30:19 80:17 | | 51:9 51:18 51:18 62:24 71:7 76:8 87:19 |
| **fix**(3) 34:24 81:14 86:15 | | 39:20 43:4 45:5 47:25 48:16 48:17 50:6 | | **great**(4) 2:4 36:5 67:5 80:18 | | 87:25 |
| **fixed**(1) 34:22 | | 51:17 53:14 55:16 58:11 59:16 60:24 61:8 | | **greatest**(2) 19:9 19:13 | | |
| **flag**(1) 52:6 | | 62:8 64:20 74:12 76:9 79:22 80:2 82:24 | | **greissman**(1) 4:24 | | **hearing**(17) 19:21 20:1 20:10 36:22 50:16 |
| **flom**(1) 11:31 | | 87:1 87:17 87:22 88:15 90:4 | | **grew**(1) 45:5 | | 62:20 69:12 70:1 73:15 78:18 79:21 82:8 |
| **floor**(2) 4:11 4:19 | | | | **grippo**(2) 5:40 49:3 | | 84:5 85:12 85:19 89:19 90:7 |
| **flopped**(1) 39:22 | | **front**(4) 31:24 56:12 65:10 83:8 | | **ground**(2) 51:2 51:9 | | |
| **florsheim**(1) 8:29 | | **fuks**(1) 9:11 | | **group**(6) 7:44 7:44 8:34 8:44 11:7 11:7 | | **hearing's**(2) 59:23 78:8 |
| **flower**(1) 4:18 | | **full**(2) 17:5 49:25 | | **grumble**(1) 81:11 | | **hears**(1) 65:25 |
| **fly**(1) 64:3 | | **fully**(6) 15:5 15:10 15:10 19:14 57:12 | | **gruszka**(1) 9:16 | | **heart**(1) 47:24 |
| **focus**(1) 39:3 | | **fund**(4) 7:39 10:17 17:9 17:14 | | **guess**(6) 40:15 43:9 64:2 68:11 73:13 | | **heavy**(1) 40:13 |
| **focused**(1) 16:19 | | **fundamental**(3) 9:14 9:15 64:6 | | **gump**(6) 3:16 10:13 16:16 18:15 50:10 | | **heck**(1) 45:15 |
| **folks**(2) 39:12 45:1 | | **funded**(2) 15:5 16:25 | | **gun**(1) 83:20 | | **heiligman**(1) 8:35 |
| **follow**(1) 36:17 | | **funding**(1) 48:12 | | **gussis**(1) 6:39 | | **held**(1) 47:22 |
| **follow-on**(1) 51:4 | | **funds**(2) 44:13 73:19 | | **gwen**(1) 8:30 | | **help**(2) 23:16 |
| **followed**(1) 72:4 | | **further**(6) 15:14 17:9 17:14 23:22 31:1 | | | | **helped**(1) 73:13 |
| **following**(2) 40:24 66:12 | | 52:15 | | | | |

| Word | Page:Line |
|------|-----------|

**helpful**(7) 50:6 54:2 56:13 77:21 79:20 82:11 84:6

**helping**(1) 22:22

**helps**(1) 82:19

**hercules**(1) 5:16

**here**(41) 16:23 19:1 19:6 22:5 22:17 22:21 23:6 23:9 23:20 26:20 27:10 32:10 34:12 34:15 40:5 42:21 43:15 43:19 44:6 49:5 49:19 49:19 49:23 53:1 54:11 54:13 55:6 56:16 60:3 60:18 60:22 62:5 64:2 65:18 66:24 68:19 74:3 76:4 78:16 79:14 85:15

**here's**(3) 88:21 88:21 88:22

**herein**(2) 32:4 58:3

**here's**(1) 34:25

**hesitant**(1) 79:16

**he's**(4) 18:6 44:24 44:25 45:11

**highest**(1) 54:1

**him**(3) 14:14 29:11 44:25

**his**(10) 45:2 45:4 45:12 64:20 67:6 67:7 67:8 68:19 76:5 76:23

**hit**(1) 71:7

**hold**(4) 51:7 59:22 60:5 80:14

**holds**(1) 33:11

**home**(1) 89:20

**honor**(148) 13:4 13:7 14:12 14:16 16:13 16:15 16:17 17:8 17:21 17:25 18:14 18:25 19:3 19:12 19:18 19:21 20:7 20:20 21:6 21:16 22:21 22:24 23:10 23:19 24:13 25:2 25:7 25:10 25:17 26:14 26:15 26:15 26:25 27:6 27:8 28:1 28:8 29:4 29:9 29:21 30:4 30:7 30:15 31:13 31:16 31:21 31:24 32:17 32:22 33:8 34:8 34:20 35:9 35:24 36:10 36:11 36:19 37:1 37:3 39:19 40:24 41:4 42:4 42:24 43:3 43:13 43:24 44:7 44:9 44:17 45:3 45:5 45:19 46:6 46:11 46:17 46:19 50:9 52:17 53:11 55:1 55:18 56:4 56:11 56:15 56:18 56:20 56:21 57:4 57:7 57:16 57:19 57:20 58:1 58:21 58:24 58:24 59:4 59:13 59:16 60:9 60:15 60:22 61:4 62:8 62:22 63:1 63:22 63:24 66:19 66:22 68:2 68:10 68:24 69:6 69:24 70:9 70:16 70:21 72:7 72:21 73:5 73:1 74:3 74:7 74:11 74:24 75:5 75:8 75:13 76:2 77:5 77:12 77:20 80:12 84:22 85:3 85:14 86:6 88:9 88:11 88:15 88:22 88:25 89:14 89:21

**honorable**(1) 1:19

**hookup**(1) 70:3

**hope**(4) 45:22 65:24 68:5 70:8

**hoped**(1) 46:20

**hopeful**(2) 64:25 78:10

**hopefully**(6) 18:11 54:5 70:4 71:5 73:21 87:6

**horan**(1) 2:5

**hour**(1) 45:18

**hours**(1) 23:7

**how**(7) 17:13 39:7 44:22 46:2 55:11 77:7 88:21

**how's**(1) 80:17

**howard**(1) 2:36

**however**(3) 27:13 61:13 75:18

**huh**(1) 69:17

**hundreds**(1) 44:24

**hurdle**(1) 55:8

**hutz**(1) 5:34

**i'd**(3) 54:23 60:7 75:3

**i'll**(11) 53:19 55:21 59:22 60:3 66:9 66:9 78:8 80:15 84:25 86:15 87:22

**i'm**(30) 53:17 53:20 54:13 54:21 57:2 63:19 63:24 64:2 64:2 64:25 65:9 65:13 65:22 66:7 69:9 70:23 73:22 75:9 77:5 79:16 80:11 80:13 80:18 80:18 82:1 82:14 82:14 83:1 85:1 86:13 88:3

**i've**(6) 58:18 62:25 65:1 81:21 82:4 84:15

**identified**(3) 27:20 48:11 78:13

**identify**(1) 85:24

**igor**(1) 9:11

**iii**(5) 24:4 30:1 32:16 57:21 58:8

**imagine**(2) 14:19 44:22

**immunized**(1) 39:4

**impact**(1) 68:17

**impair**(4) 24:7 24:10 24:13 26:18

**impaired**(1) 24:18

**implement**(2) 62:11 66:25

**implements**(1) 68:5

**implication**(1) 19:15

**implies**(1) 32:14

**important**(5) 28:21 48:15 55:5 76:16 81:16

**importantly**(2) 15:9 40:6

**imprimatur**(1) 67:23

**inappropriate**(3) 28:2 28:3 47:2

**inc**(2) 10:21 12:11

**inclined**(2) 53:17 53:23

**include**(2) 39:12 85:17

**included**(1) 64:17

**including**(5) 13:13 15:17 19:23 38:13 50:7

**incredibly**(1) 38:5

**indebtedness**(1) 26:6

**indecipherable**(1) 34:3

**indenture**(13) 16:9 16:19 18:9 26:2 25:8 30:19 37:23 38:2 40:3 41:12 44:21 58:17 72:25

**indentures**(4) 22:9 38:1 43:18 57:6

**indicate**(1) 55:21

**indicated**(5) 45:11 62:16 68:11 81:3 86:18 88:23

**individual**(5) 19:8 37:17 40:8 44:22 76:18

**indulge**(1) 36:21

**information**(9) 56:10 61:8 62:2 63:10 66:14 67:14 80:2 86:23 87:4

**initial**(1) 47:16

**injunction**(2) 22:14 33:13

**ink**(3) 48:6 48:7 50:18

**inserted**(1) 49:7

**insertion**(1) 57:17

**inspired**(1) 36:11

**instance**(1) 79:24

**instinct**(1) 49:1

**insurance**(1) 46:9

**intend**(4) 37:21 51:12 53:22 88:18

**intended**(10) 24:3 24:7 24:10 29:7 30:9 30:16 32:4 36:14 58:3 86:17

**intending**(1) 88:23

**intent**(14) 19:16 19:19 21:23 22:4 22:23 22:24 24:9 24:13 25:3 32:11 32:13 32:15 32:17 33:16

**intention**(6) 29:13 57:11 79:3 86:23 89:1 89:2

**intentional**(1) 23:14

**intentionally**(1) 19:10

**interest**(4) 33:10 33:11 49:15 60:19

**interested**(2) 7:6 7:26

**interesting**(3) 39:19 48:22 54:10

**interfere**(3) 19:11 30:2 49:6

**interpreted**(1) 88:22

**interrupting**(1) 34:10

**into**(8) 23:2 33:6 39:22 41:2 59:3 63:4 66:25 84:7

**intolerant**(1) 43:16

**introduce**(1) 70:17

**introducing**(1) 73:8

**invested**(1) 39:24

**investment**(2) 9:15 9:15

**inviting**(1) 83:1

**involved**(2) 42:15 59:5 82:21

**involvement**(1) 64:10

**involving**(1) 21:15

**isn't**(2) 64:11 89:11

**isn't**(2) 41:15 48:7

**issue**(43) 13:20 13:25 14:10 18:11 19:1 22:20 25:22 26:5 26:8 30:4 30:17 31:19 37:16 41:14 43:18 47:14 48:3 48:9 48:10 49:2 49:9 49:9 50:5 52:23 55:25 56:11 61:2 62:5 64:5 68:10 68:14 68:25 70:12 71:2 72:9 75:22 76:14 77:17 77:19 79:23 80:15 81:25 86:20 86:24

**issues**(41) 13:9 13:22 14:6 18:6 26:21 27:24 29:13 44:21 48:1 48:11 51:8 52:3 54:11 55:22 56:6 61:14 61:21 62:23 64:12 66:1 67:6 67:8 67:22 68:15 70:9 71:10 71:24 74:10 78:1 78:4 78:12 78:13 79:17 79:18 79:19 81:1 82:25 83:17 83:21 85:24 88:13

**it's**(24) 55:4 59:17 65:17 65:22 66:25 67:12 67:22 68:12 70:8 70:21 72:24 72:25 73:6 75:18 76:8 76:14 76:16 79:3 80:22 80:23 83:21 84:18 86:5 87:14

**item**(10) 13:11 13:12 18:7 18:7 18:16 48:23 50:12 53:15 55:6 56:7

**items**(3) 56:8 60:17 85:9

**its**(7) 24:1 39:16 43:20 43:21 44:21 44:22 51:8

**itself**(3) 37:19 61:10 63:11

**it's**(23) 13:13 13:24 16:21 16:22 18:5 22:19 28:3 32:2 33:23 34:20 35:3 35:4 40:6 40:16 42:8 42:10 42:20 43:19 45:13 47:2 47:17 48:24 51:9

**i'd**(5) 18:19 37:20 41:5 46:7 47:1

**i'll**(9) 21:2 21:11 23:10 32:1 37:15 43:14 43:15 44:1 44:4

**i'm**(16) 23:7 23:18 23:20 25:20 32:21 34:19 35:1 40:25 41:4 41:17 42:24 46:4 48:10 48:21 50:4 50:16

**i's**(1) 48:21

**i've**(6) 13:8 14:15 19:23 29:24 38:19 46:10

**jacobson**(1) 9:25

**james**(1) 1:26 2:42 4:16 5:28 27:6 36:10 52:17 56:3

**jane**(1) 10:31

**jay**(5) 5:2 25:17 43:24 73:11 75:20

**jeffrey**(1) 4:30

**jeffries**(1) 7:26

**jenner**(1) 11:23

**jessica**(1) 1:27

**jim**(5) 13:4 46:17 55:18 68:8 76:3

**joanna**(1) 11:28

**job**(5) 22:22 33:19 38:6 42:2 42:13

**jobs**(1) 38:17

**john**(1) 11:4

**johnston**(9) 4:16 46:17 46:18 47:6 47:8 75:21 76:2 76:3 77:10

**join**(6) 25:21 37:8 43:5 52:18 60:8 64:24

**joinder**(3) 25:19 44:4 44:15

**joinders**(1) 15:19

**joined**(1) 37:5

**joint**(2) 14:20 49:15

**jointly**(1) 1:6

**jones**(6) 4:15 7:11 7:30 7:31 8:5 46:18

**joseph**(1) 8:36

**joshua**(1) 4:17

**jpmorgan**(2) 10:2 14:17

**judge**(5) 1:19 1:20 64:19 65:10 80:20

**july**(2) 82:10 82:14

**juncture**(2) 78:17 81:13

**june**(4) 1:14 13:1 66:10 90:8

**jurisdiction**(2) 65:6 65:13

**jurisdictional**(1) 65:17

**jurisprudence**(1) 65:17

**just**(68) 13:24 14:4 14:17 14:24 15:22 17:3 17:7 18:3 18:4 18:20 19:23 22:17 22:21 23:3 23:25 25:10 25:21 26:12 26:23 27:9 27:12 31:9 32:24 32:25 36:3 36:6 42:3 42:8 43:15 47:13 53:2 53:16 58:10 58:18 58:21 59:17 59:19 62:25 63:4 64:4 65:12 65:20 66:9 66:14 68:10 69:5 69:10 69:12 69:23 71:3 71:12 72:23 73:1 73:2 75:20 75:20 76:11 77:25 78:12 80:14 82:23 85:10 85:17 86:4 86:9 87:16 87:20 89:7

**justice**(1) 6:1

**justin**(2) 7:27 11:32

**kalenchits**(2) 9:28 9:28

**kaneene**(1) 9:32

**kansa**(1) 6:25

**karen**(1) 8:25

**kasowitz**(3) 3:1 9:40 18:2

**kate**(1) 1:35

**katharine**(1) 4:38

**katten**(2) 11:3 59:18

**kaye**(1) 10:30

**keep**(3) 53:20 54:14 83:16

**kelly**(1) 9:36

**kempner**(1) 8:20

**ken**(1) 6:25

**kenneth**(2) 7:18 11:8

**kenny**(1) 6:39

**kevin**(3) 1:19 1:28 5:8

**kimberly**(1) 6:40

**kind**(4) 28:17 64:6 65:19 72:7

**kinds**(1) 28:10

**king**(4) 3:10 3:34 5:23 6:3

**kjc**(1) 1:5

**klauder**(1) 6:2

**kline**(1) 6:23

**knew**(1) 87:1

**knight**(1) 5:21

**know**(57) 18:25 21:2 21:13 21:16 32:17 32:23 34:1 34:4 35:4 35:10 41:4 41:9 55:6 59:25 60:1 60:16 64:5 65:4 65:14 65:16 65:18 66:2 66:8 66:9 67:19 67:24 69:12 70:2 71:12 72:11 74:6 74:23 75:3 75:4 78:11 79:24 79:24 80:2 81:12 81:13 81:17 82:9 82:20 82:21 83:15 83:17 86:19 86:25 89:7

**knows**(23) 13:01 85:14

**korpus**(1) 9:41

**kovensky**(1) 9:45

**krakauer**(1) 6:24

**kurth**(1) 8:44

**lack**(1) 22:2

**lacked**(1) 21:21

**landis**(2) 2:25 2:27

**language**(29) 21:5 21:8 23:6 27:3 27:9 29:9 29:11 29:25 30:11 30:25 31:22 35:2 35:7 35:11 36:23 53:5 56:6 58:1 59:7 60:13 60:24 62:11 62:14 64:17 65:2 68:4 69:11 69:22 78:12

**languages**(1) 35:13

**lantry**(6) 1:28 70:17 70:21 70:24 71:1 72:21

**large**(3) 42:13 45:6 85:25

**largely**(5) 13:20 47:9 47:11 50:10 72:1

**larger**(1) 37:13

**largest**(1) 23:11

**laser**(1) 16:19

**lashko**(1) 9:4

| Word | Page:Line |
|------|-----------|

last(8) 20:16 25:9 42:13 53:21 71:7 74:8 78:22 87:11

later(5) 19:24 34:4 59:8 62:3 63:7

laughter(15) 14:13 35:17 36:15 41:3 60:4 72:22 73:20 77:15 77:18 77:24 81:10 83:7 84:11 86:12 88:5

laurie(1) 5:14

law(37) 3:1 9:39 16:17 17:19 18:3 18:9 19:7 20:8 21:17 22:1 22:10 23:15 24:11 24:24 29:2 30:15 30:24 30:24 31:5 32:6 32:12 32:16 33:3 39:1 42:14 52:5 57:24 58:1 58:5 58:11 64:9 64:15 65:16 79:1 81:18 88:13 88:25

lawfully(1) 52:4

lawyer(5) 38:25 39:1 41:1 41:2 44:9

lawyers(3) 38:22 44:22 75:2

lay(1) 80:11

layton(1) 3:31

lbo(4) 20:17 21:16 23:13 39:22

lbo-related(1) 20:3

lead(2) 59:18 69:10

leading(1) 85:19

least(11) 28:25 41:7 42:1 49:10 55:23 60:9 60:12 69:21 73:22 74:16 81:13

leave(2) 27:23 83:6

leaving(2) 32:16 42:25

left(6) 19:15 26:22 37:16 38:12 38:13 52:8

legal(8) 5:21 40:10 44:11 44:14 44:18 44:22 46:24 76:12

legitimate(2) 33:5 53:12

lemay(1) 2:33

lender's(1) 71:21

lenders(7) 4:9 4:23 6:43 15:24 15:25 17:1 33:5

length(1) 67:5

lengthy(1) 50:14

leonard(1) 1:34

less(4) 28:12 50:18 74:24 75:6

let(10) 20:8 21:1 31:16 46:1 47:13 56:21 60:11 65:12 66:9 69:5

let's(3) 82:5 87:22 87:24

letter(1) 54:4

letting(1) 66:17

let's(2) 41:6 41:7

level(1) 3:11

lewis(1) 10:17

lexington(1) 3:27

liability(4) 32:5 32:9 39:5 58:5

liable(2) 24:22 25:1

liang(1) 7:18

libby(1) 10:3

liebentritt(1) 6:32

lien(2) 38:9 43:22

life(3) 21:9 31:17 59:1

lift/stay(1) 32:18

light(4) 33:3 37:11 42:5 74:25

like(35) 14:12 18:19 18:25 27:22 33:25 36:19 36:23 37:20 39:11 41:5 41:23 42:7 44:11 45:14 47:1 51:19 52:1 54:9 54:22 56:1 60:7 71:11 71:20 77:3 77:3 77:6 78:3 78:19 79:14 80:4 81:21 82:1 87:5 88:16 89:9

lily(1) 76:21

limitations(1) 38:18

limited(5) 22:8 38:16 39:15 44:15 53:1

line(5) 46:13 50:13 50:18 57:4 57:16

liquidation(1) 39:24

list(5) 21:3 53:20 71:3 78:18 85:9

listen(2) 35:14 41:8

litigate(1) 67:8

litigating(2) 19:20 65:9

litigation(58) 14:23 15:2 15:12 15:20 16:6 16:21 17:5 17:10 17:10 17:12 17:17 19:4 20:4 20:13 20:20 21:14 21:16 21:21 22:18 28:6 28:8 29:2 29:14 29:16 30:10 34:5 34:18 44:19 45:22 46:23 49:6 50:1 50:13 50:23 51:21 52:5 52:14 53:3 56:10 60:18 63:12 64:9 64:10 64:20 69:1 70:13 74:15 74:18 76:7 76:18 79:6 79:7 79:10 79:11 79:12 79:25 80:1 85:21

litigations(1) 42:15

little(12) 26:11 41:13 45:14 53:16 58:25 60:1 60:9 63:14 75:2 76:4 83:19 84:7

litvack(1) 10:7

live(6) 18:11 60:23 77:9 77:10 78:4 84:12

living(1) 44:10

llc(5) 2:18 5:21 7:44 8:16 8:39

llp(21) 1:25 2:32 2:41 3:16 4:23 4:29 5:13 6:10 6:16 8:12 8:24 8:34 10:2 10:6 10:13 10:17 10:30 11:3 11:23 11:35 11:39

load(1) 45:21

loan(20) 14:23 15:3 15:3 15:5 15:6 15:7 15:9 15:10 15:15 15:16 15:16 15:20 16:5 17:8 17:16 37:13 40:15 40:19 79:8 85:21

loath(1) 33:24

lockbox(1) 6:4

lodge(1) 5:34

loggerheads(1) 80:4

long(6) 16:24 60:6 66:6 68:11 68:12 84:14

longer(1) 83:19

look(9) 13:11 23:1 24:3 34:25 46:4 49:1 49:18 55:4 79:19

looking(4) 42:20 44:25 59:18 77:25

looks(1) 31:23

los(1) 4:20

lose(2) 22:3 34:21

lot(11) 14:19 38:3 41:18 45:16 45:20 48:5 54:13 68:13 74:17 76:8 86:10

ltd(1) 5:27

lucrative(1) 38:5

lugano(1) 1:40

lynch(2) 5:13 10:30

lynne(1) 12:8

lyondell(12) 21:15 21:15 32:25 34:19 37:14 38:25 39:17 39:18 39:21 42:20 76:24 76:25

made(25) 15:16 16:4 16:5 17:14 17:17 21:20 21:25 32:25 32:25 33:3 35:16 38:10 41:20 42:4 44:9 45:7 45:24 46:10 48:2 49:1 54:6 55:22 64:18 79:15 82:9

madlyn(1) 10:33

magnitude(1) 35:15

make(37) 18:4 19:12 21:23 22:23 24:1 26:5 26:12 28:23 30:6 31:3 37:20 40:18 40:19 41:6 41:6 41:16 46:12 49:8 49:23 50:25 51:20 51:23 54:13 54:22 55:20 58:25 63:16 65:11 71:20 72:14 72:23 76:22 79:20 81:5 81:13 82:8 87:3

makes(6) 32:14 32:21 33:15 41:1 45:17 45:17

making(10) 15:14 19:1 25:22 29:24 34:19 35:1 44:10 73:2 79:17 87:4

maman-cohen(1) 12:3

manage(1) 39:7

management(16) 3:16 7:2 7:2 7:6 7:11 7:15 7:22 7:22 7:39 9:10 9:10 10:13 11:27 11:27 18:16 88:14

manges(1) 10:6

many(8) 34:2 38:19 39:6 42:8 42:13 54:11 75:1 75:1

marc(4) 2:35 5:35 6:11 10:41

marek(1) 12:8

mark(1) 71:8

mark-up(1) 48:4

market(9) 1:11 2:20 2:28 3:40 4:32 5:17 37:11 37:16 40:12

markup(1) 80:2

married(2) 37:13 76:23

marsal(3) 8:39 12:11 12:11

martin(1) 2:11

material(2) 49:16 89:3

matter(12) 13:24 25:10 44:15 45:13 47:2 47:16 48:6 54:12 56:7 60:6 81:12 90:5

matters(4) 32:21 60:10 60:11 61:22

matthew(4) 3:3 8:39 8:40 9:25

mauro(1) 10:22

may(26) 13:25 18:9 21:16 26:10 29:19 29:19 31:13 32:12 32:23 36:13 36:22 39:19 39:20 55:23 56:24 58:21 58:23 58:25 66:19 69:20 69:22 72:15 75:14 81:11 86:5 86:8

maybe(10) 21:2 31:19 47:4 53:15 54:4 64:9 74:8 80:14 80:15 81:6

mayer(1) 4:38

mccarter(3) 4:36 43:4 74:12

mccolm(1) 9:5

mccormack(1) 6:13

mccormick(12) 4:1 11:1 23:4 23:7 23:10 24:5 26:17 56:23 59:5 59:11 59:17 69:8

mccutchen(1) 8:12

mcdaniel(1) 3:9

mcguinness(1) 5:28

mcneill(1) 5:15

mean(9) 14:4 34:2 35:3 41:7 45:17 53:25 69:25 81:25 82:13

meaning(1) 87:13

meaningful(1) 70:6

meant(1) 84:1

mechanic(1) 42:19

mechanism(1) 67:18

mediation(1) 72:20

meetings(2) 74:16 74:21

meisel(1) 1:33

member(9) 20:21 37:6 41:12 44:1 45:9 46:12 74:5 76:6 77:1

members(24) 13:17 13:17 15:25 16:12 17:5 17:12 37:8 37:23 41:19 42:2 42:4 42:18 43:7 44:18 46:23 69:2 70:13 73:23 74:1 74:2 75:6 75:22 76:7 76:18

memorandum(1) 80:17

memorialized(1) 71:4

memorializing(1) 80:16

menachem(1) 10:18

mention(2) 17:3 37:15

mere(2) 67:13 67:14

merit(1) 68:12

merits(4) 19:17 20:25 24:2 29:17

merrill(2) 5:13 10:30

mester(1) 4:17

meter(1) 45:17

michael(4) 7:7 8:12 8:13 9:36

michele(1) 12:3

middle(1) 51:2

might(12) 27:25 28:17 28:18 30:1 30:11 32:15 36:16 50:5 53:21 67:16 77:21 88:7

miles(1) 6:26

million(9) 15:6 15:7 15:8 15:8 15:11 15:12 15:14 40:19 71:8

mind(3) 14:25 42:22 45:12

minded(2) 67:2 67:12

mine(2) 34:6 53:21

minimis(5) 40:21 41:7 41:8 43:12 76:15

minor(3) 79:3 82:25 83:17

minute(2) 31:13 37:15

minutes(1) 36:6

misnomer(1) 66:24

misspoke(1) 16:11

mistake(1) 21:23

mistaken(2) 44:3 73:5

mode(1) 60:6

modify(1) 79:4

moment(5) 44:5 52:7 56:17 58:22 65:13

monarch(2) 9:34 9:35

monday(5) 66:10 70:2 79:16 80:6 82:6 83:16 83:21 84:5 86:1 87:21 89:13

monetary(1) 50:22

money(9) 38:4 40:21 41:1 41:18 41:25 44:8 46:5 46:12 76:9

more(20) 18:24 23:11 32:19 45:14 45:16 45:18 45:18 45:9 49:2 53:16 62:17 69:5 71:13 74:17 75:15 75:16 75:24 76:8 83:12 86:5

morgan(4) 3:23 5:7 10:6 10:17

morning(17) 13:3 13:4 16:15 18:14 25:17 26:15 27:6 35:12 37:3 43:3 43:24 46:17 50:9 73:11 74:11 76:2 79:9

morris(3) 4:2 26:16 59:17

moskowitz(1) 3:24

most(3) 15:23 46:9 48:15

motion(5) 21:20 21:25 32:18 57:2

move(2) 34:23 69:3

moved(1) 47:9

moves(1) 41:2

moving(2) 55:4 88:3

much(6) 22:19 28:12 55:11 60:7 82:25 89:18

muchin(2) 11:3 59:18

multiple(2) 33:15 44:8

multitude(1) 20:5

myers(1) 8:2

myrick(1) 6:27

narrow(6) 41:17 41:21 41:25 41:25 62:19 67:7

narrowest(1) 51:11

nations(1) 46:9

nature(2) 22:25 45:8

nease(4) 37:7 43:25 45:3 45:10

necessarily(1) 79:20

necessary(4) 43:6 52:13 70:4 87:14

need(11) 35:8 41:18 41:24 47:20 51:20 60:11 64:25 65:5 70:10 88:8 89:15

needed(2) 42:19 86:22

needs(3) 17:16 26:6 46:13

negotiated(1) 34:1

neither(3) 28:10 36:13 83:3

neutral(2) 30:17 31:3

neutrality(6) 29:11 30:14 31:22 32:8 56:7 56:11

never(2) 32:18 71:3

new(15) 2:15 2:38 2:44 3:5 3:5 3:20 3:28 4:26 4:26 4:40 9:40 10:16 21:14 78:14 86:15

newman(1) 10:14

news(2) 7:30 13:8

| Word | Page:Line |
| --- | --- |
| **next**(15) 13:11 35:24 39:1 51:12 52:20 54:5 55:8 62:16 66:6 66:8 66:10 72:13 80:23 82:1 84:16 89:1 | |
| **nikov**(1) 10:27 | |
| **nobody**(1) 41:20 54:12 83:5 83:11 | |
| **nobody's**(1) 88:3 | |
| **nodding**(1) 84:8 | |
| **nolan**(1) 8:30 | |
| **nomura**(2) 9:24 9:24 | |
| **none**(2) 50:19 78:4 | |
| **nor**(1) 28:10 | |
| **north**(6) 2:20 3:10 3:34 4:32 5:17 5:36 | |
| **not**(114) 13:17 16:12 17:22 18:5 18:10 19:15 20:3 21:10 22:19 22:19 22:20 23:8 23:18 24:2 24:3 24:12 24:15 24:22 24:25 25:1 25:2 26:7 26:10 26:17 27:15 27:18 28:3 28:18 28:18 28:25 29:5 29:7 29:13 31:16 32:8 32:10 32:17 33:8 33:17 33:23 34:19 34:24 35:1 38:3 38:5 40:14 42:15 42:25 43:20 45:13 46:4 47:1 47:18 48:10 48:21 49:8 49:17 49:18 49:19 49:19 50:4 51:5 51:23 51:24 51:25 53:21 54:23 55:20 56:14 56:24 56:25 61:6 61:17 61:18 62:1 63:6 63:9 63:10 64:3 64:19 65:22 66:5 67:7 67:19 68:13 68:17 68:21 70:9 71:22 72:11 72:13 72:25 74:7 75:11 76:8 76:19 76:25 77:4 79:23 80:11 80:23 81:7 82:14 83:1 83:21 84:24 85:5 85:15 85:17 85:25 86:24 87:8 88:9 | |
| **noteholders**(6) 20:12 49:10 50:3 52:25 58:17 59:3 | |
| **noteholders'**(1) 48:17 | |
| **notes**(1) 27:15 | |
| **nothing**(8) 19:9 23:22 32:4 51:15 53:6 53:9 58:3 71:19 | |
| **notion**(2) 27:18 43:8 | |
| **notwithstanding**(1) 32:13 | |
| **novod**(1) 2:12 | |
| **now**(20) 15:4 15:8 18:21 19:18 21:23 24:3 28:17 35:1 40:13 48:6 49:25 64:22 76:7 81:9 86:19 87:12 87:15 87:18 87:23 87:24 | |
| **nuance**(1) 63:4 | |
| **number**(12) 13:13 14:10 14:12 18:7 18:7 23:13 29:12 41:8 45:5 45:7 73:14 73:25 | |
| **numbers**(2) 74:9 87:1 | |
| **numerous**(1) 28:8 | |
| **o's**(1) 53:15 | |
| **oaktree**(3) 7:10 7:15 46:18 | |
| **object**(6) 19:6 20:24 22:5 23:19 24:18 32:7 | |
| **objecting**(5) 71:12 71:23 72:12 72:13 | |
| **objection**(24) 17:19 19:1 19:2 22:25 23:3 23:7 29:5 30:7 33:16 34:15 37:5 37:8 39:17 40:7 44:4 46:25 51:15 51:16 51:20 53:12 56:22 60:22 67:7 72:6 | |
| **objections**(9) 14:22 15:19 15:21 46:22 48:11 71:10 72:3 72:5 85:14 | |
| **objective**(2) 19:1 19:11 | |
| **obligations**(3) 26:7 26:12 50:24 | |
| **observation**(1) 44:9 | |
| **obstructed**(1) 24:17 | |
| **obviate**(1) 51:16 | |
| **obviated**(1) 37:12 | |
| **obvious**(2) 75:21 86:9 | |
| **obviously**(6) 23:13 49:15 59:6 78:1 79:5 80:20 | |
| **occasion**(1) 81:22 | |
| **occurred**(4) 50:1 78:22 79:13 85:15 | |
| **october**(1) 20:16 | |
| **off**(4) 32:15 59:19 69:22 80:23 | |

| Word | Page:Line |
| --- | --- |
| **officers**(13) 5:34 13:25 49:3 50:4 50:7 52:23 53:5 53:12 60:25 62:9 62:24 63:25 64:23 | |
| **officers'**(1) 51:14 | |
| **official**(6) 2:25 6:9 27:8 36:11 52:18 56:3 | |
| **often**(2) 38:7 38:25 | |
| **of''**(1) 24:7 | |
| **okay**(54) 14:2 14:8 17:6 21:1 21:12 21:22 25:11 27:2 29:18 32:3 34:25 35:18 35:19 36:7 43:2 47:4 47:6 47:7 47:15 52:9 55:2 56:2 59:15 60:14 66:13 66:16 68:3 68:7 68:23 70:19 72:19 73:7 73:10 77:14 77:19 78:24 81:24 82:11 82:21 83:13 83:23 84:3 84:5 84:7 84:14 84:18 85:5 85:8 86:3 87:9 88:3 88:10 89:10 89:15 | |
| **oksana**(1) 9:4 | |
| **old**(1) 40:25 | |
| **olivia**(1) 10:22 | |
| **omnibus**(1) 82:13 | |
| **once**(4) 15:10 17:8 30:25 36:19 | |
| **one**(52) 1:29 3:19 3:33 5:29 11:19 11:19 16:5 17:2 17:7 17:16 18:25 19:22 20:14 21:10 22:6 23:13 27:12 27:13 28:17 28:21 31:13 31:14 31:17 33:22 33:22 34:4 34:15 34:23 37:9 41:1 44:9 47:12 48:15 49:2 52:8 52:22 56:16 58:10 58:22 63:4 68:25 71:9 71:15 75:18 76:22 80:9 82:4 82:24 83:8 84:23 86:7 86:9 | |
| **ones**(1) 78:2 | |
| **onex**(2) 9:44 9:44 | |
| **one's**(1) 34:22 | |
| **ongoing**(2) 75:23 82:21 | |
| **only**(12) 16:22 16:7 28:3 33:7 53:19 60:22 61:5 61:6 63:9 67:11 68:16 78:13 | |
| **open**(19) 29:19 29:19 48:9 48:10 49:2 49:9 50:5 52:22 52:22 53:22 54:11 65:15 78:1 79:17 79:18 80:25 82:25 83:17 85:24 | |
| **opened**(1) 65:16 | |
| **opens**(1) 29:19 | |
| **operating**(1) 26:9 | |
| **opinion**(7) 20:16 53:23 75:16 80:9 80:15 88:17 88:19 | |
| **opportunity**(7) 43:1 54:3 54:15 56:25 68:20 83:11 89:12 | |
| **oppose**(1) 31:18 | |
| **opposed**(4) 32:18 44:16 64:13 72:8 | |
| **orange**(1) 5:36 | |
| **order**(18) 13:8 16:20 26:4 26:18 26:21 29:1 31:3 64:17 65:15 66:25 72:24 75:8 79:13 80:14 80:16 88:14 88:18 88:24 | |
| **originally**(2) 37:9 40:19 | |
| **other**(47) 15:20 16:8 17:21 18:9 20:3 20:18 22:11 22:11 25:24 29:9 29:14 29:17 34:23 36:20 39:21 42:25 43:13 50:6 53:9 54:16 54:20 57:1 57:9 57:14 59:5 59:10 61:14 61:21 62:5 64:23 67:9 68:16 70:18 71:15 75:6 75:14 75:19 79:17 80:9 81:1 83:2 85:20 86:7 86:25 87:13 87:17 89:8 | |
| **others**(4) 47:14 75:15 76:15 87:12 | |
| **otherwise**(4) 15:15 15:16 65:16 85:23 | |
| **ought**(1) 79:22 | |
| **our**(37) 15:19 19:1 19:1 21:13 23:3 26:18 33:3 33:16 34:3 36:22 39:18 40:4 40:11 44:3 44:4 44:10 45:6 45:21 45:25 48:17 49:18 52:6 64:5 64:8 70:8 74:20 79:3 80:21 81:2 82:24 85:23 85:25 86:1 86:1 86:23 88:25 89:2 | |
| **ours**(2) 28:11 48:4 | |

| Word | Page:Line |
| --- | --- |
| **out**(26) 17:1 19:15 22:6 27:9 30:25 35:13 38:5 41:8 45:9 45:10 45:19 47:13 58:25 62:15 64:3 66:11 67:25 75:14 75:18 80:3 80:6 81:17 82:1 82:15 83:20 86:4 | |
| **outlined**(1) 62:25 | |
| **outside**(1) 40:8 | |
| **outstanding**(1) 27:24 | |
| **over**(13) 51:1 63:12 65:21 65:23 65:25 73:15 75:1 78:8 78:22 79:19 80:3 83:1 85:23 | |
| **overall**(1) 17:4 | |
| **overnight**(1) 37:12 | |
| **oversight**(5) 37:7 37:8 37:23 39:25 42:17 | |
| **owe**(8) 78:17 78:21 79:5 79:6 79:7 79:12 85:10 85:17 | |
| **owed**(3) 26:6 58:15 58:16 | |
| **own**(1) 44:21 | |
| **owner**(1) 63:12 | |
| **owners**(1) 27:17 | |
| **o'melveny**(1) 8:2 | |
| **p.a**(1) 1:34 | |
| **pacing**(2) 48:23 55:6 | |
| **page**(4) 20:2 20:16 54:4 74:7 | |
| **paid**(3) 38:3 38:9 71:23 76:7 | |
| **paper**(1) 83:22 | |
| **papers**(5) 39:17 39:18 64:5 67:20 83:18 | |
| **paragraph**(4) 30:1 31:3 57:5 57:14 | |
| **parallel**(1) 58:9 | |
| **park**(3) 3:19 4:39 8:25 | |
| **parke**(2) 2:32 6:10 | |
| **part**(5) 17:3 34:1 42:9 45:6 48:22 63:8 71:15 85:25 | |
| **partial**(2) 71:17 71:18 | |
| **participating**(1) 25:23 | |
| **particular**(5) 39:4 39:14 41:15 64:13 68:18 | |
| **particulars**(1) 39:4 | |
| **parties**(32) 18:22 22:2 25:23 29:15 30:21 31:4 35:6 35:11 44:16 45:25 50:6 53:24 54:7 54:24 56:21 57:1 59:5 59:9 60:8 62:18 64:19 70:18 72:4 72:16 79:2 80:16 81:19 82:8 82:16 85:10 85:13 87:13 | |
| **partners**(5) 8:20 9:44 10:26 11:19 11:19 | |
| **partners,lp**(1) 10:26 | |
| **party**(2) 7:6 7:26 | |
| **parver**(1) 10:31 | |
| **pass**(1) 29:15 | |
| **passage**(1) 87:10 | |
| **passing**(1) 30:23 | |
| **past**(4) 14:18 49:22 81:22 86:21 | |
| **paul**(2) 8:45 9:1 | |
| **pauley**(2) 64:20 65:10 | |
| **pause**(3) 21:1 62:23 65:12 | |
| **paying**(2) 40:14 44:21 | |
| **peg**(1) 7:32 | |
| **pending**(2) 34:5 55:25 | |
| **pennsylvania**(1) 1:44 | |
| **people**(17) 34:12 49:20 54:15 54:22 55:3 64:7 73:16 75:14 79:19 79:23 81:13 83:1 83:6 86:20 87:3 87:18 89:8 | |
| **people's**(1) 83:16 | |
| **per**(8) 38:1 45:16 45:18 57:17 74:5 76:6 76:6 77:1 | |
| **per-meeting**(1) 77:3 | |
| **perceived**(1) 37:11 | |
| **perfect**(1) 45:13 | |
| **perfectly**(3) 22:24 52:12 66:7 | |
| **period**(2) 72:4 72:11 | |
| **perkins**(1) 9:20 | |
| **permit**(1) 53:24 | |
| **person**(2) 33:11 49:25 | |
| **personal**(1) 76:12 | |
| **personally**(1) 16:1 | |
| **perspective**(5) 33:22 44:1 48:17 51:17 | |

| Word | Page:Line |
| --- | --- |
| **persuades**(1) 45:22 | |
| **persuasive**(1) 46:20 | |
| **peter**(1) 9:16 | |
| **petition**(2) 27:25 33:15 | |
| **phillips**(1) 5:35 | |
| **phone**(3) 69:23 84:13 84:14 | |
| **phones**(2) 27:15 38:8 | |
| **phrased**(2) 38:19 41:5 | |
| **picked**(2) 73:16 73:17 | |
| **pieces**(1) 51:6 | |
| **pinning**(1) 60:6 | |
| **place**(4) 29:14 32:19 35:5 51:24 | |
| **placed**(1) 42:17 | |
| **places**(2) 22:11 33:15 | |
| **plains**(1) 5:4 | |
| **plaintiffs**(5) 25:24 28:16 29:2 30:24 30:25 | |
| **plan**(83) 15:22 15:23 16:1 16:3 17:20 18:19 19:1 19:10 19:12 19:15 19:16 19:19 20:2 20:3 20:7 20:12 20:17 20:24 22:4 22:23 23:3 23:17 23:24 23:25 24:1 24:6 24:10 24:13 24:19 24:21 24:22 24:24 24:25 25:3 25:11 25:13 26:3 26:18 27:14 29:6 30:3 30:9 30:12 30:16 31:6 31:24 32:8 32:11 32:13 32:15 32:18 33:15 33:23 33:24 39:23 46:19 47:17 47:18 47:19 50:3 51:6 52:24 54:6 56:7 57:9 57:15 58:2 58:14 59:9 62:13 63:8 66:25 71:8 71:15 71:17 71:25 79:6 85:16 85:17 85:22 86:23 87:13 89:8 | |
| **plane**(1) 84:15 | |
| **planned**(1) 82:4 | |
| **planning**(2) 51:15 80:21 | |
| **plan's**(2) 24:8 30:2 | |
| **plausibly**(1) 23:24 | |
| **play**(1) 86:24 | |
| **plaza**(3) 2:37 3:11 5:16 | |
| **pleading**(3) 23:4 23:19 24:5 | |
| **please**(1) 55:17 | |
| **pleased**(2) 45:20 73:22 | |
| **pleases**(1) 77:20 | |
| **podium**(1) 84:25 | |
| **point**(28) 13:19 17:7 22:25 23:4 29:25 31:8 36:2 37:9 42:7 42:10 44:6 46:21 48:7 49:22 50:5 53:17 59:12 66:14 74:8 76:9 76:20 76:22 78:16 81:5 82:3 84:8 87:12 89:2 | |
| **pointed**(4) 17:1 27:9 29:10 31:9 | |
| **points**(7) 25:19 31:17 37:9 37:20 66:20 82:24 84:24 | |
| **polk**(3) 3:23 10:2 14:16 | |
| **polled**(1) 83:11 | |
| **portion**(3) 23:9 71:22 72:12 | |
| **pose**(1) 76:14 | |
| **posed**(1) 72:24 | |
| **position**(8) 28:5 45:25 46:2 47:17 49:18 52:24 64:24 80:9 | |
| **position's**(1) 81:2 | |
| **possibility**(1) 72:17 | |
| **possible**(5) 19:13 33:19 36:24 48:2 56:23 | |
| **possibly**(1) 22:15 | |
| **post**(1) 82:7 | |
| **post-confirmation**(1) 16:21 | |
| **post-discharge**(1) 28:9 | |
| **post-emergence**(1) 52:14 | |
| **post-hearing**(3) 53:24 83:23 84:4 | |
| **post-petition**(1) 28:9 | |
| **post-trial**(2) 19:25 20:10 | |
| **postpone**(1) 66:7 | |
| **potential**(1) 27:24 | |
| **potentially**(3) 20:5 26:5 52:22 | |
| **potter**(1) 5:13 | |
| **ppearances**(2) 1:23 2:1 | |
| **practice**(3) 25:10 38:12 39:7 | |
| **pre**(2) 27:24 33:14 | |
| **pre-lbo**(2) 23:11 40:2 | |
| **pre-petition**(2) 22:12 33:10 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**precise**(2) 59:7 62:11
**precisely**(1) 68:5
**precluded**(1) 33:11
**predicated**(1) 40:17
**preemption**(1) 26:22
**preference**(1) 64:10
**prepare**(2) 38:14 74:20
**prepared**(3) 30:6 30:12 46:20

**presence**(1) 65:15
**present**(5) 45:2 65:14 77:5 78:4 83:12
**presented**(3) 41:14 78:5 86:14
**presenting**(1) 14:11
**presently**(1) 16:3
**preserve**(11) 19:16 20:24 22:5 24:15 24:19 29:16 30:2 30:9 33:17 34:17 52:1

**preserved**(22) 19:2 19:3 19:6 19:14 19:24 21:25 22:10 22:18 24:12 24:17 24:23 25:6 25:12 25:22 28:1 30:5 31:7 33:2 33:20 58:8 58:9 78:19

**preserves**(2) 20:4 20:17
**pressed**(2) 28:19 45:2
**pressure**(1) 86:11
**pretty**(3) 37:15 48:5 82:25
**prevent**(3) 26:9 53:2 64:19
**previously**(1) 16:3
**primary**(1) 87:2
**primoff**(1) 10:33
**principal**(1) 43:8
**prior**(2) 26:20 31:2
**private**(3) 64:7 64:18 66:23

**privilege**(37) 48:16 48:16 49:12 49:13 49:15 49:21 49:22 49:25 53:4 53:7 53:8 53:9 61:6 61:7 61:10 61:11 61:12 61:14 61:15 61:17 61:21 62:2 62:5 62:6 63:11 63:11 63:13 63:21 64:12 65:4 66:1 67:8 67:10 67:15 67:15 67:22 68:14

**privileged**(1) 51:24
**privileges**(6) 49:18 49:19 51:1 51:25 52:3 52:13

**probably**(3) 48:4 79:20 80:19
**problem**(7) 23:9 24:7 24:19 69:14 69:23 81:4 81:14

**problems**(1) 31:15
**procedural**(1) 73:3
**procedure**(1) 88:16
**proceed**(4) 13:5 60:11 72:13 75:25
**proceeding**(2) 21:14 81:15
**proceedings**(4) 1:18 1:48 33:22 90:5
**proceeds**(3) 15:9 15:10 15:13
**process**(1) 63:8
**produced**(1) 1:49
**professional**(1) 71:6
**profiling**(1) 40:18
**progress**(5) 48:2 49:1 55:20 55:23 65:11
**promised**(1) 71:1
**proper**(1) 73:3

**properly**(4) 32:5 58:4 72:24 74:20
**proponents**(13) 20:2 29:4 33:23 44:20 46:19 50:3 51:17 52:25 62:13 72:1 73:24 77:10 87:13
**proponents'**(1) 47:17
**proposal**(4) 41:6 46:3 46:21 46:25
**propose**(6) 14:9 41:6 59:1 59:9 62:15 62:24
**proposed**(6) 19:20 27:4 37:6 64:16 72:24 88:12

**proposing**(1) 42:24
**prosecuting**(2) 22:9 31:5
**prosecution**(2) 39:25 52:14
**protection**(1) 71:6
**provide**(6) 19:24 29:6 45:9 61:13 68:19 78:25

**provided**(3) 53:4 72:10 72:14

**provides**(1) 71:8

**provision**(12) 14:21 30:14 40:6 45:3 46:22 49:7 53:6 57:22 57:24 58:7 59:2 65:6

**provisions**(18) 15:18 15:19 15:20 15:21 15:22 16:1 16:8 17:20 34:2 56:23 57:6 57:9 57:12 57:14 58:14 65:13 68:19 77:2

**publicly**(1) 16:12
**pull**(1) 78:10
**purports**(1) 64:11
**purpose**(8) 27:22 28:22 30:2 30:3 30:12 33:17 39:15 86:18

**purposes**(13) 22:8 22:9 26:7 26:13 27:16 27:19 28:3 28:23 29:1 29:8 33:6 39:25 80:21

**pursue**(7) 16:21 21:19 21:21 28:6 29:2 30:20 32:20

**pursued**(5) 21:17 28:9 30:22 30:23 30:24
**pursuing**(1) 22:15
**pursuit**(1) 20:4
**push**(1) 84:15
**pushed**(1) 84:6
**put**(10) 19:11 23:5 23:19 24:9 63:16 82:5 82:6 82:18 86:24 88:17

**putting**(2) 68:17 86:10
**puzzle**(1) 51:7
**quality**(1) 54:1
**quantify**(1) 41:7
**question**(37) 27:9 48:11 48:12 48:15 48:18 62:1 69:1 73:18 80:19 80:21 81:4 81:12 81:23 86:8 87:7

**questions**(5) 17:21 21:3 25:7 43:13 52:15 75:10 88:7

**quickly**(2) 16:7 55:5
**quite**(1) 13:24 30:20 48:9 55:4
**raise**(3) 23:21 23:23 23:24
**raised**(5) 22:17 25:20 33:19 53:12 58:13 66:20 89:2

**rare**(1) 41:21
**rates**(1) 46:11
**rath**(2) 2:25 2:26
**rather**(5) 20:4 28:24 35:7 53:23 70:24
**reach**(4) 29:10 65:1 70:11 82:15
**reached**(3) 16:25 71:14 79:5
**reacting**(1) 33:1
**reaction**(2) 23:3 27:18 35:2
**read**(4) 30:11 32:1 58:10 64:5
**reads**(1) 18:21
**ready**(2) 41:23 82:15
**real**(2) 43:18 76:14
**reallocated**(1) 22:20
**really**(16) 13:21 23:8 40:13 41:6 41:11 46:21 47:18 52:1 54:1 64:6 65:18 65:23 66:23 68:13 81:16 87:8

**reason**(4) 38:21 47:21 80:24 87:2
**reasonable**(6) 40:10 42:20 74:4 74:5 74:22 75:18

**reasonably**(1) 16:2
**reasons**(5) 16:18 22:11 29:4 29:23 76:17
**rebecca**(1) 11:12
**rebuttal**(3) 54:13 83:12 84:1
**recall**(2) 48:3 88:14
**recap**(1) 77:21
**receive**(2) 16:23 75:16
**received**(1) 23:11
**recent**(1) 15:23
**recently**(2) 21:20 32:24
**recess**(7) 36:8 36:21 47:5 53:16 55:15 55:16 73:16

**recognize**(1) 47:20
**record**(5) 14:24 18:5 37:21 82:6 82:25
**recorded**(1) 1:48
**recording**(2) 1:48 90:4
**recoveries**(1) 16:23 49:24 29:25
**red**(3) 23:10 24:9 29:25
**reed**(1) 8:35
**refer**(1) 63:20
**reference**(2) 57:5 57:8
**references**(1) 57:8
**referencing**(1) 31:1
**referred**(1) 31:21
**reflect**(2) 79:4 79:10
**reflected**(3) 59:6 72:18 85:16
**reflecting**(1) 85:18
**reflects**(6) 19:12 22:23 22:24 79:8 79:13 89:4

**regard**(4) 16:11 16:25 50:11 89:6
**regarding**(2) 25:21 26:21
**regime**(1) 38:2
**reimbursable**(1) 76:13
**reimbursed**(2) 37:18 40:9
**reimbursement**(6) 15:7 16:1 46:24 69:1 70:13 76:19

**relate**(1) 65:8
**related**(3) 15:19 20:18 61:21
**relating**(3) 48:14 48:15 61:14
**relatively**(1) 79:3
**release**(1) 24:16
**released**(1) 88:17
**reliance**(1) 42:19
**relief**(2) 30:19 80:17
**rely**(3) 34:4 41:16 43:17
**remain**(3) 26:12 54:11 57:12
**remainder**(1) 66:11
**remaining**(2) 20:17 30:13
**remains**(5) 15:6 28:2 60:23 68:25 73:9
**remarks**(1) 76:23
**remember**(1) 20:6
**reminded**(1) 40:25
**reorganization**(3) 27:22 39:23 66:25
**reorganized**(7) 33:7 33:12 33:14 33:18 40:14 50:23 72:1

**repaid**(1) 17:8
**repeatedly**(1) 19:21
**replenish**(1) 15:13
**replicated**(1) 48:25
**report**(5) 13:9 13:19 13:23 48:9 73:22
**reports**(1) 86:16
**represent**(2) 38:1 64:24
**representative**(1) 38:4
**representatives**(1) 40:1
**representing**(1) 14:17
**request**(7) 31:19 33:3 40:12 42:5 42:20 67:23 69:21

**requested**(1) 33:6
**require**(1) 74:21
**required**(1) 74:16
**research**(1) 28:10
**reserve**(5) 15:7 15:11 41:19 72:19 73:1
**reserved**(2) 37:10 63:7
**resolution**(17) 14:20 14:21 16:9 27:10 45:24 53:22 56:14 56:25 58:18 62:9 62:22 70:24 71:14 72:10 73:1 78:6 78:11

**resolutions**(2) 56:5 85:14
**resolve**(16) 14:19 23:13 36:22 56:22 61:2 61:25 62:21 64:12 66:5 67:12 71:19 71:24 72:5 72:7 78:13 81:1

**resolved**(25) 13:9 13:12 13:14 13:18 13:21 13:21 13:24 14:7 31:8 47:9 47:10 47:23 48:1 48:1 56:24 60:12 60:16 63:17 71:2 72:5 74:9 78:7 78:7 78:15 78:19

**resolves**(1) 18:6
**resolving**(1) 71:12
**resources**(2) 22:20 34:23
**respect**(30) 13:14 13:18 15:2 23:5 25:19 27:24 29:13 30:14 31:7 32:6 34:14 49:16 49:23 51:8 51:14 52:22 52:25 53:10 56:11 58:5 58:16 61:6 61:7 61:16 61:17 62:25 70:12 70:13 72:9 76:12

**respectfully**(1) 75:4
**respecting**(1) 52:13
**respective**(2) 17:13 48:18
**respects**(2) 42:6 62:18
**respond**(5) 29:18 31:17 51:20 84:23 89:12
**responding**(1) 88:15
**response**(6) 35:22 58:12 60:25 85:7 88:2 89:17

**responsibility**(2) 39:9 39:12
**rest**(2) 77:5 78:14
**restrictions**(1) 27:20
**resulted**(1) 39:23
**retain**(2) 37:17 43:20
**retention**(2) 65:6 65:13
**retiree**(1) 58:19
**retirees**(11) 5:1 25:18 25:24 26:6 44:24 58:14 58:15 58:15 59:1 73:12 73:23

**retirement**(1) 10:17
**return**(2) 40:18 66:12
**reviewed**(1) 50:15
**reviewing**(1) 25:13
**revised**(5) 17:16 51:10 79:5 82:7 86:16
**revisions**(1) 54:5
**revive**(1) 53:7
**reward**(1) 40:18
**rewards**(1) 38:16
**rich**(1) 41:20
**richard**(4) 4:3 26:15 59:16 69:7
**richards**(1) 3:31
**rifkind**(1) 9:1
**right**(8) 18:17 24:13 29:19 31:10 35:5 35:9 35:23 44:2 44:5 48:8 50:8 53:14 55:9 55:14 59:24 63:18 63:23 65:20 65:24 70:20 72:19 73:4 76:1 76:25 78:8 81:2 82:17 86:7 88:3

**rights**(8) 24:7 24:10 26:20 26:24 31:4 33:17 33:20 49:6

**riley**(15) 4:3 26:15 26:16 27:2 59:16 59:16 59:22 59:25 69:7 69:7 69:10 69:17 69:19 69:21 70:4

**rise**(4) 13:2 25:3 36:9 55:17
**risk**(4) 38:8 38:20 40:17 43:16
**risks**(1) 38:18
**road**(1) 19:17
**roadmap**(4) 35:5 81:4 81:6 81:7
**robert**(6) 2:13 4:1 4:10 11:1 26:16 37:3
**rockefeller**(1) 2:37
**rodney**(1) 3:33
**rogers**(1) 10:37
**roitman**(1) 2:35
**rome**(1) 3:38
**room**(4) 20:23 34:23 44:25 75:2
**rosenblatt**(1) 2:34
**rosenman**(1) 11:3
**rosner**(4) 3:2 17:25 18:2 18:2
**roth**(1) 8:24
**rothschild**(1) 4:29
**roundtrips**(1) 34:15
**royal**(3) 10:35 10:36 12:1
**rubric**(1) 39:6
**rudnick**(3) 2:10 11:35 37:4
**ruled**(1) 30:21
**ruling**(1) 35:1
**rulings**(1) 31:2
**run**(1) 34:12

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| running(3) 45:17 64:20 74:19 | | set(7) 14:24 14:24 15:8 15:8 79:22 84:6 88:14 | | someone(5) 30:11 33:7 34:16 62:3 87:14 | | stockholder(2) 32:5 58:4 | |
| saavedra(1) 10:9 | | | | something(19) 24:16 28:24 36:13 39:5 46:25 51:23 53:17 54:15 63:7 69:15 71:20 74:24 79:22 80:7 80:24 81:8 81:21 83:15 88:18 | | stood(1) 74:3 | |
| sacculo(2) 5:21 5:22 | | sets(2) 50:14 59:4 | | | | stop(1) 75:23 | |
| sachs(2) 7:35 7:35 | | setting(1) 69:13 | | | | story(1) 40:25 | |
| safe(1) 89:19 | | settle(1) 20:3 | | | | straight(1) 30:13 | |
| said(14) 14:24 18:6 20:21 21:20 43:15 47:24 47:25 48:4 51:16 64:4 65:10 66:2 67:4 76:23 82:1 84:1 86:21 88:22 | | settlement(9) 19:20 19:22 20:12 20:15 25:11 37:13 | | sometimes(2) 36:12 81:18 | | strauss(6) 3:16 10:13 16:16 18:15 50:10 63:2 | |
| | | | | somewhat(2) 23:6 44:11 | | | |
| | | seven(3) 2:14 18:16 20:2 | | somewhere(1) 32:2 | | street(13) 1:11 1:43 2:20 2:28 3:10 3:34 3:40 4:11 4:18 4:32 5:9 5:36 6:3 | |
| salary(4) 76:6 76:10 77:1 77:4 | | several(1) 27:12 | | song(1) 11:12 | | | |
| same(8) 34:3 40:17 44:24 57:16 58:16 59:2 73:2 74:6 | | shagun(1) 7:45 | | soon(1) 48:2 | | strikes(1) 33:22 | |
| | | shall(4) 24:6 24:10 40:9 59:11 | | sooner(1) 55:7 | | striking(2) 30:5 58:7 | |
| say(19) 20:11 24:5 24:15 25:9 28:2 34:16 41:8 42:25 43:14 43:22 50:19 59:19 65:4 67:17 74:24 76:15 79:23 81:9 86:15 | | shamah(1) 8:3 | | sophisticated(1) 45:1 | | struck(1) 57:22 | |
| | | shame(1) 44:7 | | soros(2) 7:39 7:39 | | structure(2) 37:14 76:24 | |
| | | shan(1) 9:21 | | sorry(3) 53:20 69:9 70:23 | | stuart(1) 9:45 | |
| | | share(1) 45:11 | | sort(5) 27:21 40:17 44:16 73:13 78:14 | | stuck(1) 45:12 | |
| saying(6) 28:18 28:19 32:3 44:1 44:3 | | shared(2) 53:5 73:25 | | sottile(41) 2:42 27:6 27:7 29:21 31:11 31:21 33:4 34:21 36:10 36:10 36:19 37:1 52:17 52:17 55:21 56:3 56:3 56:18 56:20 58:21 58:24 59:13 60:8 60:15 63:3 63:15 63:19 66:19 66:22 68:2 68:4 68:8 68:24 69:4 69:9 70:8 70:16 70:20 70:23 73:5 73:8 | | study(1) 68:20 | |
| says(19) 22:18 22:8 22:12 22:13 22:13 22:14 24:25 24:25 32:3 32:8 33:10 40:8 41:13 46:22 53:6 53:9 65:16 71:17 79:23 | | shareholder(1) 23:11 | | | | stuff(2) 65:5 83:2 | |
| | | shaw(1) 6:39 | | | | stupidity(1) 46:9 | |
| | | sheron(1) 9:41 | | | | sub(1) 32:16 | |
| | | shoelaces(1) 22:22 | | | | subject(24) 16:4 17:15 18:10 27:19 33:25 43:21 49:24 56:6 56:7 57:7 57:14 60:12 60:23 62:10 62:14 65:17 67:6 67:25 69:6 70:17 70:22 71:9 73:9 78:11 | |
| scenario(1) 39:19 | | short(1) 81:23 | | | | | |
| schaible(8) 3:25 14:4 14:15 14:16 15:2 17:1 18:6 78:7 | | shortly(3) 59:21 82:7 82:9 | | sottile's(2) 32:13 32:20 | | | |
| | | should(17) 17:14 29:5 38:17 38:19 40:5 42:21 44:2 47:16 47:21 49:16 51:18 53:11 53:18 62:23 80:14 83:8 85:12 | | sound(2) 1:48 90:4 | | submissions(6) 53:24 53:25 54:4 82:8 83:24 84:4 | |
| schedule(3) 59:8 62:17 83:15 | | | | sounds(2) 67:24 88:15 | | | |
| schedule's(1) 60:2 | | | | south(1) 1:29 4:18 | | | |
| scheduled(3) 48:5 70:1 82:14 | | | | southern(1) 21:14 | | submit(12) 16:2 29:4 30:15 31:2 52:21 53:11 59:9 62:15 72:2 79:21 80:16 89:1 | |
| scheduling(2) 70:7 70:10 | | shouldn't(1) 40:13 | | southpaw(1) 11:26 11:27 | | | |
| scheme(3) 43:11 45:15 74:9 | | show(1) 33:1 | | space(1) 44:12 | | | |
| schlerf(1) 4:30 | | shulte(1) 8:24 | | spaeder(3) 2:41 6:16 27:7 | | submitted(4) 59:7 60:25 85:13 88:12 | |
| schnaible(1) 78:7 | | side(1) 34:23 | | speak(6) 14:12 51:1 56:5 57:1 62:17 66:19 | | submitting(1) 71:5 | |
| scholer(1) 10:30 | | sidley(2) 1:25 6:22 | | speaking(1) 70:18 | | subparts(1) 13:21 | |
| schotz(1) 1:33 | | siegel(1) 2:11 | | speaks(2) 32:11 75:17 | | substance(2) 59:4 60:12 | |
| schuylkill(1) 1:43 | | sieger(1) 11:4 | | special(2) 11:30 27:7 | | substantial(4) 19:25 20:13 20:22 55:23 | |
| schwartz(1) 10:41 | | sign(1) 69:22 | | specific(7) 29:1 48:10 53:10 61:15 61:16 61:17 68:18 | | substantive(4) 26:20 26:24 70:9 83:21 | |
| scope(4) 13:15 45:8 48:16 53:1 | | signed(1) 59:19 | | | | succeeding(1) 19:9 | |
| scotland(3) 10:36 10:36 12:2 | | significant(2) 16:22 16:22 | | | | such(9) 27:25 28:20 33:25 39:1 41:23 62:4 62:21 68:15 74:21 | |
| scott(2) 4:24 7:36 | | silverstein(2) 5:14 8:45 | | specifically(4) 26:1 40:7 62:17 67:1 | | | |
| seaport(2) 11:7 11:7 | | similar(2) 21:25 49:4 | | spending(2) 44:7 45:15 | | | |
| seat(2) 39:4 39:10 | | simpler(1) 59:1 | | spent(1) 74:25 | | sue(1) 33:7 | |
| seated(1) 55:17 | | simply(8) 29:14 30:4 33:18 36:16 44:8 48:19 62:1 80:15 | | spoke(1) 27:12 | | suggest(4) 35:2 54:13 75:5 79:16 | |
| second(10) 31:21 41:1 47:4 52:8 57:4 57:16 60:15 72:9 78:16 83:4 | | | | square(2) 2:14 3:33 | | suggested(1) 75:25 | |
| | | sina(1) 11:20 | | stand(5) 55:14 83:8 86:13 87:12 89:19 | | suggestion(5) 32:14 32:20 73:17 76:5 | |
| | | since(2) 25:11 87:10 | | standard(1) 40:12 | | suggests(1) 13:21 | |
| section(15) 18:19 18:21 24:24 26:1 26:3 26:11 33:6 33:16 50:7 57:7 57:21 58:2 59:3 59:3 71:17 74:15 | | single(1) 15:4 | | standards(1) 25:14 | | suite(4) 1:36 2:28 3:41 4:32 | |
| | | sit(4) 39:8 42:2 44:23 75:9 | | standing(11) 21:21 22:2 23:16 23:19 25:21 26:8 26:21 28:5 28:15 29:3 34:18 | | sullivan(2) 2:18 2:19 | |
| | | sits(1) 41:13 | | | | summarize(1) 71:2 | |
| | | sittile(1) 36:16 | | | | superseded(1) 88:16 | |
| securities(6) 8:16 8:16 9:24 9:24 11:15 11:15 | | sitting(4) 38:22 38:23 38:24 39:1 40:9 | | stands(1) 21:24 | | supplement(1) 47:19 | |
| | | situation(5) 30:18 39:10 41:9 41:11 83:15 | | stanley(2) 5:7 10:6 | | supply(1) 52:7 | |
| | | six(2) 13:12 18:7 | | stargatt(1) 4:9 | | suppose(1) 89:12 | |
| see(8) 23:2 57:18 69:5 69:10 69:22 80:25 81:18 88:24 | | skadden(1) 11:31 | | stark(18) 2:13 35:25 37:3 37:4 40:24 41:4 42:12 42:24 43:11 43:15 43:22 44:2 44:3 44:5 72:23 75:13 76:5 76:23 | | supposed(3) 25:5 25:6 65:7 | |
| | | skimpy(1) 75:15 | | | | sure(20) 18:5 19:12 22:23 23:8 23:18 24:1 32:21 41:16 47:10 48:21 50:4 62:23 63:16 65:13 66:1 72:23 73:2 84:20 86:13 87:3 | |
| | | skinny(1) 37:11 | | | | | |
| seeing(3) 17:15 38:11 62:10 | | slate(1) 11:31 | | | | | |
| seeking(2) 14:19 15:25 | | slater(1) 8:28 | | stark's(1) 73:17 | | | |
| seem(2) 75:3 86:5 | | slide(1) 23:1 | | stark's(2) 43:5 46:3 | | survive(3) 22:7 22:8 22:9 | |
| seemed(2) 37:11 80:10 | | slight(1) 63:4 | | start(6) 14:10 36:4 44:1 44:2 47:13 55:25 | | suspect(2) 41:21 51:7 | |
| seems(4) 38:12 42:7 75:2 79:22 | | slightest(1) 33:4 | | state(25) 10:16 19:7 20:8 21:17 22:1 22:10 23:15 24:11 24:23 29:2 30:14 30:24 30:24 31:5 32:6 32:16 33:3 57:24 58:1 58:5 58:11 64:9 64:14 75:21 81:18 | | suspender(1) 22:22 | |
| seen(1) 40:13 | | sloan(1) 3:32 | | | | sustain(1) 29:5 | |
| seife(1) 2:36 | | small(1) 68:25 | | | | suttonbrook(2) 7:1 7:2 | |
| selber(1) 5:14 | | smalley(1) 11:8 | | | | svetoslav(1) 10:27 | |
| selected(1) 73:13 | | smart(1) 64:3 | | stated(3) 15:24 26:21 33:16 | | taconic(2) 10:40 10:40 | |
| selling(2) 32:5 58:4 | | solus(2) 11:43 11:43 | | statement(9) 25:3 27:14 32:7 36:16 47:25 72:2 79:15 86:18 87:5 | | taft(1) 12:2 | |
| send(3) 50:17 72:20 89:3 | | solve(1) 31:14 | | | | take(5) 29:14 30:25 31:8 38:19 53:17 | |
| sending(1) 89:4 | | solved(6) 35:12 48:12 48:13 48:14 48:18 48:19 | | | | taken(1) 47:24 | |
| senior(2) 20:12 27:15 | | | | statements(3) 16:2 16:12 24:8 | | takes(1) 83:19 | |
| sense(10) 45:7 45:17 46:12 54:18 64:7 78:5 79:20 80:22 81:5 83:20 | | some(24) 13:8 26:8 28:3 29:3 29:7 29:17 39:20 44:19 49:22 57:20 68:12 69:13 71:22 76:9 77:2 79:2 79:6 80:2 81:5 82:2 82:4 84:15 88:12 88:13 | | states(4) 1:1 1:20 6:1 58:2 | | taking(3) 38:11 39:10 76:5 | |
| | | | | status(13) 13:23 47:13 50:12 81:6 | | talk(17) 13:22 47:5 47:14 53:16 54:7 54:9 54:18 64:4 64:25 65:7 66:8 66:17 67:4 70:6 70:10 88:8 89:16 | |
| | | | | stay(1) 30:19 | | | |
| senses(2) 44:17 81:20 | | | | ste(5) 2:6 2:20 5:9 5:29 6:3 | | | |
| sent(1) 85:12 | | | | stein(1) 3:3 | | | |
| sentence(2) 23:2 58:10 | | | | stephen(2) 5:15 11:44 | | | |
| sentiment(1) 83:10 | | somebody(1) 42:14 | | steven(1) 8:23 | | talked(4) 63:21 66:3 66:22 72:16 | |
| separate(1) 20:7 | | somehow(7) 23:20 28:15 29:25 30:1 32:14 33:17 49:5 | | stickles(1) 1:35 | | talking(10) 18:7 40:20 40:21 41:9 41:11 44:5 44:8 45:16 64:22 82:9 | |
| service(3) 1:42 1:49 38:15 | | | | still(6) 35:6 37:16 47:10 53:22 55:25 60:1 | | | |
| services(1) 1:42 | | | | stipulation(3) 71:5 71:25 72:18 | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| talks(1) 50:20 | | that(301) 13:9 13:19 13:20 13:21 14:1 | | that(294) 49:23 49:25 49:25 50:1 50:3 | | the(301) 1:1 1:2 1:19 2:43 4:25 11:7 11:7 | |

talks(1) 50:20
task(3) 42:5 42:16 45:13
taylor(1) 4:9
technical(1) 26:9
technically(1) 69:25
teitelbaum(22) 5:1 5:2 25:17 25:18 25:18
43:24 43:25 43:25 46:4 46:8 46:15 55:24
58:13 73:6 73:11 73:12 73:12 73:21 74:23
75:17 75:20 75:20

teitelbaum's(1) 76:11
telecom(1) 52:7
telephonic(4) 6:7 62:20 69:13 70:3
telephonically(1) 66:5
tell(8) 25:15 27:11 35:4 44:4 54:16 80:5
81:8 87:15

telling(1) 83:9
tempted(1) 54:13
tentative(2) 78:6 81:19
tentatively(1) 84:6
term(1) 15:5
terms(11) 14:23 14:25 17:7 38:16 40:18
53:21 59:4 74:23 85:9 85:11 89:8

testimony(2) 20:21 83:12
than(15) 23:12 31:2 32:19 35:7 45:18
45:18 53:23 59:5 61:21 63:15 67:9 70:24
83:19 86:5 87:13

thank(41) 16:13 16:14 17:23 17:24 18:12
18:13 18:23 25:8 25:16 26:13 27:1 31:10
31:11 35:19 35:20 37:1 43:2 43:23 45:25
46:15 46:16 47:8 52:16 54:2 55:10 56:20
58:24 63:17 63:18 66:18 68:2 72:21 73:4
74:10 75:12 75:25 77:16 85:3 89:14 89:18
89:21

thanks(2) 66:15 66:17

that(301) 13:9 13:19 13:20 13:21 14:1
14:3 14:6 14:9 14:11 14:21 14:25 15:10
15:18 16:3 16:7 16:18 16:24 16:25 17:2
17:3 17:4 17:16 18:4 18:5 18:6 18:20
19:2 19:4 19:6 19:9 19:9 19:11 19:12
19:14 19:15 19:15 19:18 19:19 19:23
19:23 20:2 20:7 20:11 20:11 20:14 20:14
20:16 20:17 20:23 20:24 21:19 21:20
21:20 21:21 21:24 21:24 22:2 22:4 22:6
22:7 22:8 22:9 22:11 22:13 22:13 22:16
22:16 22:17 22:23 22:25 22:25 23:1 23:2
23:4 23:5 23:8 23:9 23:14 23:20 23:21
24:3 24:5 24:9 24:14 24:14 24:15 24:16
24:20 24:21 24:24 24:25 24:25 25:4 25:5
25:5 25:11 25:14 25:20 25:22 25:23 25:25
26:3 26:5 26:5 26:8 26:9 26:12 26:21
27:3 27:13 27:14 27:18 27:20 28:2 28:5
28:12 28:13 28:15 28:18 28:19 28:19
28:21 28:23 29:1 29:4 29:6 29:9 29:12
29:14 29:19 29:20 29:22 29:24 29:25 30:1
30:3 30:4 30:4 30:6 30:7 30:9 30:9 30:10
30:12 30:16 30:18 30:18 30:19 30:21 31:4
31:14 32:3 32:7 32:7 32:8 32:8 32:15
32:16 32:19 32:24 33:1 33:3 33:4 33:5
33:6 33:7 33:9 33:10 33:14 33:15 33:16
33:22 33:24 34:2 34:2 34:3 34:4 34:5
34:12 34:16 34:21 35:12 35:13 35:21 36:4
36:5 36:12 36:25 37:5 37:10 37:10 37:12
37:20 37:22 37:22 38:5 38:13 38:17 38:18
38:20 39:1 39:5 39:12 39:12 39:14 39:14
39:22 39:23 39:24 39:25 40:1 40:2 40:3
40:4 40:7 40:8 40:11 40:11 40:18 40:22
41:1 41:5 41:5 41:16 41:17 41:23 41:24
41:24 41:24 41:24 42:4 42:13 42:14 42:18
42:18 42:18 42:22 43:6 43:8 43:11 43:11
43:15 43:19 44:8 44:8 44:9 44:11 44:13
44:20 44:23 45:1 45:3 45:7 45:7 45:7
45:8 45:10 45:10 45:11 45:11 45:13 45:18
45:18 45:20 45:23 45:25 45:25 46:10
46:11 46:22 46:22 46:25 47:3 47:17 47:18
47:21 47:24 47:25 48:9 48:11 48:16 48:20
48:21 48:21 48:22 48:23 48:24 49:5 49:6
49:7 49:8 49:9 49:11 49:13 49:14 49:15
49:16 49:16 49:17 49:17 49:20

that(294) 49:23 49:25 49:25 50:1 50:3
50:5 50:18 50:19 50:23 51:2 51:3 51:4
51:9 51:9 51:13 51:15 51:18 51:18 51:19
51:21 52:2 52:3 52:6 52:11 52:13 52:19
53:2 53:5 53:6 53:6 53:8 53:9 53:11 53:15
53:20 53:22 54:2 54:5 54:7 54:8 54:9
54:11 54:11 54:11 54:14 54:14 54:18
54:24 55:1 55:12 55:25 56:6 56:7 56:12
56:21 56:22 57:1 57:8 57:9 57:12 57:13
57:13 57:18 57:21 57:21 57:22 57:23
57:23 57:25 58:2 58:7 58:14 58:17 58:20
59:4 59:5 59:7 59:13 59:21 60:1 60:7
60:8 60:12 60:15 60:22 61:1 61:2 61:4
61:5 61:8 61:10 61:14 61:22 61:25 62:4
62:9 62:9 62:18 62:22 62:23 63:5 63:7
63:8 63:9 63:11 63:16 63:16 63:16 63:20
64:4 64:11 64:11 64:14 64:18 64:18 64:24
65:1 65:5 65:8 65:9 65:10 65:15 65:19
66:1 66:2 66:4 66:11 66:24 67:4 67:6
67:13 67:16 67:17 67:22 68:4 68:5 68:11
68:12 68:12 68:15 68:19 68:21 68:25
69:19 69:21 70:2 70:6 70:9 70:9 70:12
70:17 71:3 71:5 71:10 71:11 71:14 71:15
71:17 71:22 71:23 71:25 72:3 72:3 72:10
72:12 72:15 72:15 72:17 72:17 72:17
72:20 72:23 73:2 73:9 73:14 73:24 73:24
74:7 74:15 74:17 74:20 74:22 74:25 75:1
75:5 75:5 75:6 75:7 75:8 75:14 76:8
76:13 76:15 76:18 76:23 77:2 77:4 77:9
77:11 77:17 78:2 78:5 78:8 78:13 78:14
78:16 78:18 78:18 78:21 79:3 79:4 79:4
79:9 79:10 79:13 79:16 79:16 79:21 79:22
79:22 79:24 80:4 80:6 80:7 80:10 80:12
80:17 80:17 80:17 80:19 80:22 80:25 81:2
81:3 81:9 81:13 81:15 81:17 81:18 81:21
82:7 82:9 82:15 82:18 82:22 83:14 83:20
83:22 84:12 84:16 85:9 85:10 85:14 85:17
85:20 85:20 85:22 86:4 86:4 86:15 86:18
86:22 86:22 86:25 87:1 87:2 87:3 87:3
87:7 87:12 87:14 87:14 87:14 87:15 87:16
87:20 88:4 88:6 88:7 88:13 88:15 88:17
88:18 89:1 89:2 89:3 89:4 89:6 89:7
89:12 89:13 89:15 89:18 90:3

that's(28) 53:7 53:15 54:18 56:7 63:14
63:20 65:20 65:24 66:6 66:23 67:18 68:25
69:24 70:16 76:25 77:13 78:22 79:13
79:25 80:12 80:18 82:3 82:11 83:10 83:25
86:5 87:6 88:16

that's(33) 13:12 13:14 13:17 13:20 14:14
15:6 18:10 21:3 23:17 24:12 24:18 25:6
26:25 27:14 32:17 34:19 36:1 38:21 39:5
39:7 40:5 41:14 42:16 44:14 47:1 48:12
48:13 48:14 49:8 49:24 50:1 50:5 52:10

thau(1) 11:16

the(301) 1:1 1:2 1:19 2:43 4:25 11:7 11:7
13:2 13:3 13:5 13:6 13:7 13:8 13:10 13:11
13:15 13:16 13:16 13:17 13:25 14:2 14:6
14:8 14:11 14:17 14:18 14:21 14:22 14:22
14:22 14:24 14:25 15:1 15:2 15:3 15:5
15:7 15:9 15:10 15:11 15:12 15:15 15:16
15:16 15:17 15:19 15:19 15:19 15:20
15:20 15:21 15:22 15:22 15:23 15:23
15:24 15:24 15:25 16:1 16:3 16:4 16:5
16:11 16:14 16:19 16:19 16:20 16:20
16:21 16:24 17:1 17:1 17:4 17:4 17:5
17:7 17:7 17:8 17:9 17:10 17:10 17:11
17:11 17:13 17:15 17:16 17:17 17:17 17:19
17:20 17:22 17:24 18:1 18:5 18:6 18:8
18:9 18:9 18:11 18:13 18:16 18:17 18:18
18:19 18:20 18:21 18:23 18:24 19:1 19:2
19:3 19:4 19:5 19:5 19:6 19:6 19:7 19:8
19:8 19:9 19:10 19:12 19:13 19:16 19:16
19:17 19:19 19:20 19:20 19:20 19:22
19:22 19:22 20:1 20:1 20:2 20:4 20:4
20:6 20:7 20:10 20:11 20:11 20:12 20:13
20:14 20:15 20:15 20:17 20:18 20:20
20:20 20:21 20:23 20:24 21:1 21:2 21:3
21:7 21:7 21:9 21:10 21:10 21:12 21:14
21:15 21:18 21:21 21:22 21:22 21:23
21:25 22:1 22:1 22:2 22:4 22:4 22:4 22:6
22:7 22:7 22:7 22:9 22:9 22:10 22:12
22:12 22:13 22:14 22:15 22:16 22:17
22:18 22:23 22:23 22:24 22:25 22:25 23:1
23:1 23:2 23:4 23:6 23:7 23:8 23:9 23:11
23:12 23:12 23:13 23:13 23:14 23:15
23:16 23:17 23:22 23:23 23:25 23:25 24:1
24:1 24:4 24:5 24:5 24:7 24:8 24:10
24:13 24:13 24:16 24:17 24:18 24:20
24:21 24:23 24:23 24:24 25:1 25:1 25:4
25:5 25:8 25:9 25:11 25:11 25:11 25:13
25:13 25:16 25:18 25:19 25:21 25:22
25:23 25:25 25:24 25:24 26:1 26:2 26:2
26:3 26:3 26:4 26:6 26:6 26:7 26:7 26:9
26:11 26:13 26:13 26:16 26:18 26:19
26:22 26:23 27:1 27:3 27:3 27:5 27:7
27:9 27:11 27:14 27:14 27:14 27:15 27:16
27:16 27:17 27:17 27:18 27:19 27:22
27:23 27:25 28:5 28:5 28:6 28:7 28:12
28:13

| Word | Page:Line |
|---|---|
| **the**(301) | 28:14 28:14 28:15 28:15 28:22 28:23 29:1 29:2 29:4 29:5 29:6 29:6 29:9 29:13 29:15 29:15 29:16 29:18 29:18 29:21 29:22 29:22 29:22 29:23 29:23 29:24 29:24 29:25 29:25 29:25 30:1 30:2 30:3 30:5 30:5 30:7 30:8 30:9 30:10 30:10 30:12 30:13 30:14 30:16 30:17 30:18 30:18 30:19 30:19 30:20 30:24 30:24 30:25 31:4 31:4 31:5 31:6 31:9 31:9 31:10 31:12 31:14 31:14 31:17 31:18 31:19 31:19 31:21 31:23 31:25 32:2 32:2 32:3 32:6 32:11 32:11 32:13 32:13 32:15 32:16 32:17 32:17 32:18 32:23 32:24 32:25 33:2 33:2 33:4 33:5 33:5 33:7 33:8 33:9 33:9 33:12 33:14 33:15 33:17 33:18 33:21 33:21 33:23 33:24 34:2 34:5 34:7 34:9 34:12 34:16 34:17 34:18 34:23 34:23 34:25 35:5 35:6 35:6 35:7 35:10 35:10 35:12 35:14 35:14 35:18 35:20 35:23 35:24 36:1 36:3 36:6 36:9 36:11 36:12 36:12 36:13 36:14 36:18 36:20 36:20 36:25 37:5 37:6 37:6 37:8 37:9 37:13 37:13 37:14 37:16 37:18 37:21 37:21 37:23 37:23 37:24 38:1 38:2 38:8 38:15 38:17 38:18 38:21 38:22 38:25 39:1 39:2 39:3 39:6 39:17 39:20 39:21 39:21 40:1 40:2 40:3 40:6 40:8 40:9 40:9 40:10 40:14 40:17 40:17 40:18 40:19 40:22 40:24 40:25 40:25 41:1 41:9 41:12 41:12 41:14 41:15 41:19 41:24 42:2 42:4 42:5 42:10 42:12 42:15 42:17 42:17 42:18 42:18 42:22 42:22 42:25 43:1 43:2 43:6 43:7 43:8 43:9 43:10 43:10 43:11 43:18 43:19 43:19 43:21 43:23 43:25 44:1 44:9 44:16 44:18 44:20 44:23 45:5 45:8 45:8 45:8 45:8 45:9 45:13 45:13 45:15 45:17 45:17 45:21 45:21 45:22 45:24 46:1 46:7 46:9 46:13 46:14 46:16 46:21 46:22 46:24 46:25 47:2 47:3 47:4 47:5 47:7 47:9 47:9 47:10 47:10 47:12 47:14 47:15 47:17 47:20 47:21 47:21 48:3 48:6 48:6 48:8 48:10 48:11 48:11 48:12 48:12 48:13 48:14 48:14 48:15 48:16 48:17 48:18 48:20 48:21 48:22 48:23 48:23 48:23 49:2 |
| **the**(301) | 49:3 49:4 49:6 49:9 49:10 49:11 49:12 49:12 49:13 49:14 49:16 49:22 49:24 49:25 50:1 50:1 50:3 50:3 50:4 50:6 50:7 50:8 50:11 50:12 50:13 50:15 50:16 50:16 50:18 50:20 50:20 50:22 50:23 50:23 51:1 51:4 51:6 51:6 51:8 51:10 51:11 51:12 51:14 51:17 51:19 51:19 51:21 51:21 51:22 51:24 52:1 52:1 52:2 52:3 52:4 52:4 52:5 52:6 52:7 52:9 52:11 52:12 52:12 52:13 52:14 52:15 52:16 52:17 52:21 52:22 52:23 52:24 52:24 52:25 53:1 53:3 53:3 53:3 53:4 53:5 53:9 53:12 53:14 53:15 53:16 53:19 53:21 53:21 53:25 54:1 54:1 54:2 54:6 54:7 54:8 54:10 54:10 54:12 54:12 54:15 54:16 54:19 54:20 54:20 54:21 54:24 54:25 55:5 55:7 55:7 55:8 55:8 55:9 55:11 55:14 55:17 55:19 55:21 55:25 56:1 56:2 56:3 56:6 56:7 56:8 56:9 56:10 56:11 56:12 56:14 56:14 56:16 56:19 56:21 56:21 56:22 56:23 56:25 57:1 57:4 57:4 57:5 57:5 57:8 57:9 57:9 57:10 57:10 57:17 57:11 57:14 57:16 57:16 57:17 57:18 57:19 57:23 57:25 58:1 58:2 58:3 58:5 58:7 58:7 58:9 58:10 58:10 58:11 58:12 58:13 58:14 58:14 58:15 58:15 58:15 58:16 58:17 58:17 58:17 58:18 58:20 58:23 59:1 59:2 59:2 59:4 59:5 59:7 59:7 59:8 59:9 59:11 59:15 59:17 59:21 59:23 59:24 60:2 60:3 60:5 60:6 60:8 60:14 60:15 60:17 60:18 60:20 60:20 60:21 60:22 60:24 60:25 61:2 61:4 61:5 61:5 61:6 61:7 61:8 61:8 61:9 61:10 61:11 61:11 61:11 61:13 61:19 61:20 61:23 61:23 61:24 61:25 61:25 62:2 62:3 62:3 62:17 62:9 62:11 62:12 62:12 62:13 62:15 62:17 62:18 62:18 62:20 62:22 62:24 63:3 63:4 63:6 63:8 63:9 63:9 63:10 63:10 63:11 63:12 63:13 63:14 63:15 63:16 63:17 63:18 63:21 63:21 63:23 64:1 64:2 64:3 64:3 64:8 64:9 64:10 64:13 64:13 64:14 64:14 64:17 64:20 65:2 65:2 65:2 65:4 65:8 65:12 65:17 65:18 65:18 65:22 65:25 66:6 66:6 66:9 66:11 66:12 66:14 |
| **the**(301) | 66:16 66:18 66:20 66:21 66:25 67:2 67:3 67:6 67:6 67:9 67:10 67:10 67:11 67:11 67:13 67:13 67:14 67:14 67:15 67:15 67:17 67:18 67:20 67:20 67:23 67:25 68:1 68:3 68:7 68:9 68:13 68:13 68:14 68:14 68:16 68:21 68:23 68:25 69:3 69:5 69:10 69:16 69:18 69:20 69:22 69:23 69:25 70:1 70:5 70:6 70:9 70:13 70:15 70:17 70:19 70:25 71:2 71:8 71:10 71:10 71:11 71:15 71:16 71:17 71:21 71:22 71:25 71:25 72:4 72:6 72:8 72:9 72:10 72:11 72:12 72:12 72:12 72:13 72:15 72:16 72:18 72:19 72:19 72:24 72:25 73:2 73:4 73:7 73:8 73:10 73:12 73:14 73:14 73:15 73:15 73:16 73:18 73:23 73:24 73:25 74:1 74:1 74:2 74:3 74:4 74:4 74:6 74:8 74:9 74:9 74:10 74:15 74:18 74:18 74:25 75:1 75:3 75:4 75:5 75:5 75:6 75:11 75:13 75:19 75:21 75:22 75:23 75:24 76:1 76:6 76:10 76:17 76:18 76:18 76:20 76:24 76:24 76:25 77:3 77:4 77:5 77:5 77:7 77:7 77:10 77:14 77:16 77:19 77:20 77:23 77:25 77:25 78:2 78:2 78:3 78:3 78:5 78:8 78:8 78:12 78:13 78:14 78:16 78:17 78:18 78:18 78:19 78:20 78:22 78:24 79:1 79:1 79:4 79:5 79:7 79:8 79:10 79:11 79:11 79:11 79:12 79:14 79:15 79:17 79:18 79:19 79:21 79:25 80:1 80:1 80:3 80:3 80:4 80:9 80:13 80:14 80:16 80:16 80:17 80:20 81:4 81:5 81:7 81:9 81:12 81:14 81:16 81:18 81:19 81:21 81:22 81:22 81:25 82:3 82:3 82:6 82:7 82:8 82:13 82:15 82:18 82:20 82:24 82:25 83:1 83:3 83:4 83:5 83:8 83:8 83:10 83:11 83:13 83:16 83:17 83:18 83:20 83:20 83:23 84:3 84:5 84:5 84:7 84:10 84:13 84:16 84:18 84:21 84:25 85:2 85:5 85:8 85:9 85:10 85:11 85:11 85:12 85:12 85:15 85:16 85:19 85:19 85:20 85:21 85:21 85:22 85:22 85:23 85:25 86:3 86:7 86:8 86:13 86:16 86:16 86:18 86:19 86:21 86:23 86:24 86:24 86:25 86:25 87:1 87:2 87:4 87:5 87:8 87:10 87:11 87:11 87:13 87:19 87:22 87:25 88:3 88:6 88:11 88:14 88:16 |
| **the**(13) | 88:20 88:24 88:24 89:1 89:9 89:10 89:15 89:18 90:1 90:3 90:4 90:4 90:5 |
| **their**(36) | 16:12 17:12 19:17 19:25 20:8 20:10 20:25 23:16 23:19 24:2 24:17 24:21 37:17 38:6 38:10 38:16 39:4 39:7 39:14 40:2 40:15 42:2 44:17 44:25 46:24 49:6 50:24 51:16 51:20 61:2 62:10 65:15 72:16 76:19 81:20 |
| **theirs**(1) | 71:13 |
| **them**(34) | 22:6 23:18 24:2 24:3 27:23 39:1 39:11 41:23 41:24 42:6 47:19 48:1 48:1 50:17 52:21 54:16 54:22 54:23 54:23 56:25 57:1 59:2 59:22 62:10 62:19 64:5 64:25 67:21 71:8 71:9 71:19 82:8 83:6 87:22 |
| **themselves**(3) | 27:17 64:12 74:2 |
| **then**(27) | 13:23 15:12 20:7 20:20 32:14 33:12 34:9 44:6 47:1 47:14 50:14 53:18 55:24 63:12 65:6 70:18 72:4 72:6 77:14 79:12 80:8 80:15 80:16 82:2 83:18 89:11 |
| **there**(56) | 13:25 17:2 17:9 19:14 19:18 20:13 20:23 21:1 21:16 22:11 25:12 28:7 32:3 32:9 32:9 37:22 38:12 41:8 41:23 42:13 42:14 48:7 48:9 49:2 50:18 50:19 50:21 50:22 54:10 54:11 55:21 55:23 60:10 62:6 62:19 68:18 68:24 69:12 69:25 71:17 71:22 73:16 74:16 74:17 75:14 80:5 80:25 85:13 85:24 86:4 86:11 86:19 87:2 88:7 88:13 89:11 |
| **there'll**(1) | 89:11 |

| Word | Page:Line |
|---|---|
| **there's**(18) | 53:17 57:5 59:25 62:1 65:6 68:11 68:14 69:5 69:14 69:23 71:15 78:5 79:23 80:24 82:13 86:5 87:10 89:5 |
| **thereafter**(1) | 77:8 |
| **therefore**(2) | 34:17 67:2 |
| **there's**(20) | 13:18 16:8 20:22 21:13 22:14 24:24 26:8 28:20 34:2 34:17 38:9 39:6 43:18 45:20 47:4 47:20 48:5 49:15 50:2 55:6 |
| **these**(36) | 16:8 19:23 22:5 25:1 26:23 28:10 29:3 33:6 33:20 37:25 38:6 41:17 41:20 42:15 47:18 47:22 47:22 52:20 56:22 62:13 64:19 66:1 78:4 78:12 79:9 79:19 81:1 82:25 83:16 89:8 |
| **thesis**(1) | 25:11 |
| **they**(67) | 15:13 20:11 22:3 22:5 22:8 22:15 22:16 22:17 22:18 23:6 23:8 23:8 23:18 23:19 23:21 23:23 23:23 23:24 24:20 24:22 25:15 26:19 26:24 30:22 30:23 30:23 31:4 32:18 34:19 38:6 38:7 38:9 39:13 41:24 42:25 47:20 50:25 51:18 51:18 51:20 52:1 53:25 54:15 59:18 64:4 65:3 65:4 66:3 67:7 69:22 71:7 71:15 71:20 72:5 78:2 85:11 87:15 87:19 87:25 89:5 |
| **they'll**(1) | 54:17 |
| **they're**(5) | 54:17 62:18 69:11 69:11 69:12 |
| **they've**(2) | 59:19 79:2 |
| **they'll**(1) | 44:12 |
| **they're**(8) | 22:3 34:20 37:24 38:22 38:23 39:4 51:6 51:7 |
| **they've**(3) | 24:4 32:10 49:3 |
| **thing**(12) | 25:9 33:22 47:5 53:19 54:10 61:5 61:6 65:19 67:11 67:23 68:16 83:4 |
| **things**(12) | 22:7 35:12 39:8 39:13 47:22 63:4 63:16 64:3 80:3 81:1 85:18 87:12 |
| **think**(90) | 13:19 14:4 14:11 16:18 17:3 18:4 20:22 20:23 22:3 22:4 23:5 23:24 26:5 26:10 26:19 26:23 26:25 27:2 28:21 29:11 29:22 30:3 30:7 30:17 31:8 31:22 33:4 33:21 34:14 34:20 35:5 36:22 37:22 40:20 42:1 42:5 42:17 42:18 42:20 45:6 45:15 45:19 45:23 47:2 48:15 50:2 50:5 51:5 51:17 53:18 54:17 54:25 55:3 55:11 55:22 56:13 59:13 60:9 62:10 62:22 65:10 65:20 66:23 67:22 68:12 68:20 70:14 70:17 71:7 73:17 75:17 75:24 76:13 76:16 76:18 76:20 78:9 78:17 79:17 80:4 82:9 82:25 83:14 83:25 84:1 85:11 86:6 88:15 88:23 89:12 |
| **thinking**(2) | 54:4 80:14 |
| **thinks**(2) | 74:22 75:7 |
| **third**(5) | 37:6 41:12 44:1 53:15 57:19 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **this**(143) 16:3 17:17 18:6 18:10 18:16 18:18 19:2 19:15 19:19 20:16 20:22 20:24 23:4 24:6 24:10 24:18 24:20 24:22 24:25 26:10 27:22 28:1 28:18 29:12 30:1 30:1 30:11 30:17 30:25 31:2 31:3 31:19 32:8 32:15 33:6 33:17 34:20 35:2 36:2 36:21 36:23 37:8 37:12 37:20 37:21 38:5 38:11 38:14 40:12 40:15 40:15 41:6 42:5 42:7 42:9 42:15 42:19 43:11 44:7 44:11 44:15 45:15 45:18 46:1 46:5 46:21 48:3 48:22 49:7 49:11 49:23 49:24 50:6 50:13 51:4 51:8 53:7 53:17 55:5 55:7 55:25 56:24 57:2 57:13 57:20 59:2 59:3 59:11 59:23 60:21 61:8 61:10 61:24 62:4 63:5 64:5 64:7 64:18 64:24 65:4 65:5 65:5 66:4 66:5 66:5 66:21 66:24 67:1 67:3 67:5 67:12 68:10 68:11 68:17 68:20 69:6 71:2 71:16 72:10 73:1 74:8 74:9 74:14 74:25 75:2 75:23 76:12 76:15 76:20 76:24 77:1 77:21 78:17 79:9 80:6 80:21 82:5 82:19 86:20 87:12 89:3 89:19 | | **transaction**(1) 39:22 | | **unintended**(2) 25:3 33:19 | | **wants**(7) 27:13 45:1 69:10 76:8 83:5 83:11 84:2 |
| | | **transcript**(3) 1:18 1:49 90:4 | | **unintentionally**(2) 19:10 24:2 | | |
| | | **transcription**(1) 1:42 1:49 | | **united**(3) 1:1 1:20 6:1 | | **wardwell**(1) 10:2 |
| | | **transfer**(22) 20:9 21:18 23:14 24:17 28:14 32:10 49:12 49:16 50:25 51:1 52:4 52:12 56:9 61:8 61:22 63:10 65:3 67:9 67:9 67:13 67:19 68:1 | | **universally**(4) 21:4 21:7 21:24 65:14 | | **was**(53) 13:11 14:24 15:8 18:4 19:15 19:21 20:7 20:8 20:12 20:14 20:21 21:15 22:25 23:2 23:6 23:11 28:13 32:9 33:3 37:9 37:9 37:10 39:5 39:21 40:4 46:20 49:22 50:14 52:6 54:3 54:12 60:18 60:22 63:16 63:20 64:6 64:18 64:20 65:3 65:7 71:10 73:5 73:13 73:16 74:4 84:5 86:14 86:14 86:24 87:2 87:3 88:13 90:1 |
| | | | | **universe**(1) 49:24 | | |
| | | | | **unless**(9) 17:20 25:6 43:13 43:21 53:17 54:16 75:9 78:11 88:10 | | |
| **thomas**(2) 2:5 6:13 | | **transferred**(1) 30:10 | | **unlike**(1) 67:19 | | |
| **thornburg**(1) 5:7 | | **transferring**(1) 62:2 | | **unlimited**(3) 44:13 44:16 44:18 | | **wasn't**(1) 36:14 |
| **those**(42) 13:17 15:16 16:7 17:15 19:14 19:16 20:19 20:25 22:2 23:21 24:8 24:15 24:16 24:19 26:7 26:12 29:4 29:16 29:17 30:13 30:15 30:20 30:21 32:20 34:3 34:15 35:15 37:18 38:13 38:16 57:12 57:14 60:17 62:23 71:24 72:5 72:7 72:14 80:3 85:15 87:1 89:6 | | **transfers**(1) 23:12 | | **unnecessarily**(1) 60:6 | | **water**(1) 58:25 |
| | | **treat**(1) 47:19 | | **unnecessary**(2) 28:4 28:24 | | **waterfall**(1) 15:17 |
| | | **treated**(2) 46:13 71:13 | | **unprecedented**(1) 32:24 | | **way**(23) 19:11 24:20 25:1 30:18 34:4 39:21 41:5 42:12 42:23 55:21 59:25 61:18 63:15 64:20 65:4 67:19 71:16 74:6 75:18 80:9 81:15 82:5 82:18 |
| | | **treatment**(3) 18:8 58:16 59:2 | | **unresolved**(2) 68:25 78:19 | | |
| | | **tremendous**(1) 49:1 | | **unsecured**(6) 2:26 6:10 27:8 71:13 72:24 73:2 | | |
| | | **tribune**(6) 1:8 4:2 6:31 26:17 42:7 64:1 | | | | |
| | | **tribune's**(1) 20:19 | | **until**(4) 15:9 41:1 55:15 82:15 | | **ways**(2) 31:4 57:23 |
| | | **tries**(1) 49:7 | | **unwilling**(1) 29:6 | | **we'd**(6) 54:9 59:1 65:4 71:5 74:21 83:17 |
| **though**(3) 49:9 62:23 87:3 | | **trip**(1) 89:19 | | **update**(3) 78:21 79:1 85:11 | | **we'll**(4) 68:4 70:6 71:19 89:10 |
| **thought**(7) 23:8 46:7 46:12 64:20 74:4 75:14 77:23 | | **trouble**(1) 80:19 | | **updated**(1) 86:22 | | **we're**(22) 52:19 52:19 53:1 55:20 60:6 61:5 65:7 66:3 71:22 72:13 73:2 75:16 78:9 78:10 80:1 80:4 81:1 81:2 82:9 83:14 83:20 89:4 |
| | | **true**(1) 21:3 | | **upheld**(1) 28:12 | | |
| **threat**(1) 36:14 | | **trust**(81) 2:10 9:39 11:35 13:16 14:23 15:3 15:12 15:20 16:6 16:19 16:20 16:24 17:5 17:8 17:10 17:10 17:12 17:17 19:4 20:25 20:6 20:13 21:17 25:22 26:7 26:9 30:10 32:19 37:14 37:14 37:18 37:24 37:25 38:2 38:3 38:6 38:14 38:20 39:2 39:17 39:24 39:25 40:7 40:9 40:15 40:16 43:5 43:7 43:19 44:1 44:19 45:22 46:23 50:13 50:23 51:21 56:10 60:18 60:20 60:21 69:1 70:14 71:6 71:11 72:25 74:6 74:13 74:15 74:18 76:7 76:19 76:24 76:25 77:1 79:6 79:7 79:10 79:25 85:21 | | **upon**(7) 17:2 41:16 41:22 42:17 42:19 43:9 86:16 | | |
| **three**(7) 37:7 37:23 42:4 42:18 42:22 73:23 74:1 | | | | | | **we've**(8) 55:20 55:22 56:24 68:16 75:22 75:25 78:6 79:2 |
| | | | | **urge**(2) 74:8 75:4 | | |
| **threw**(1) 75:13 | | | | **usb**(2) 8:16 8:16 | | |
| **through**(11) 23:8 29:15 40:2 40:15 55:7 55:8 56:14 76:17 81:15 82:1 85:10 | | | | **use**(2) 70:2 75:3 | | **wednesday**(4) 80:7 83:18 83:19 83:22 |
| | | | | **used**(4) 15:10 15:10 35:13 56:13 | | **week**(13) 23:3 48:3 51:12 52:21 62:16 66:8 66:10 66:12 66:12 80:23 82:1 82:3 89:1 |
| | | | | **uses**(1) 15:12 | | |
| **throughout**(1) 54:1 | | | | **using**(1) 23:9 | | **weekend**(6) 51:13 79:19 80:4 83:1 85:24 86:1 |
| **throw**(1) 41:8 | | **trust's**(1) 72:3 | | **utilize**(1) 88:19 | | |
| **tibita**(1) 9:32 | | **trust."**(1) 20:20 | | | | |
| **time**(9) 28:14 32:25 38:22 42:10 44:10 45:16 54:5 54:7 55:11 60:1 60:10 69:11 75:9 74:4 79:16 84:2 84:21 87:10 88:10 | | **trustee**(25) 6:1 17:11 18:9 21:19 21:20 28:6 29:2 34:18 42:17 50:1 52:5 52:5 53:3 61:9 61:11 62:3 63:2 63:21 67:9 67:10 67:14 67:15 79:11 79:12 80:1 | | **vacation**(1) 82:3 | | **weeks**(1) 47:25 |
| | | | | **vail**(1) 11:24 | | **weighed**(1) 62:19 |
| | | | | **valuable**(1) 20:5 | | **weil**(1) 10:6 |
| | | | | **valuation**(3) 86:17 86:24 88:1 | | **weiss**(1) 9:1 |
| | | | | **value**(4) 19:25 20:13 20:22 86:16 | | **weitman**(1) 6:36 |
| **timeline**(1) 71:25 | | **trustees**(9) 16:9 16:19 28:6 28:9 30:19 37:24 40:3 41:12 43:16 | | **variety**(2) 22:11 | | **well**(36) 16:24 31:25 35:18 40:22 40:24 44:2 45:18 46:1 46:8 47:4 51:3 53:14 54:8 55:12 56:8 60:3 62:15 65:14 65:18 69:3 69:16 69:19 69:25 70:18 70:25 75:16 75:17 81:9 81:11 81:21 82:5 84:18 86:13 87:8 88:10 88:20 |
| **times**(6) 2:14 27:12 29:12 38:7 38:20 | | | | **various**(4) 13:9 39:20 57:6 79:8 | | |
| **timetable**(1) 88:13 | | **truth**(1) 23:22 | | **vehicle**(1) 20:7 | | |
| **timing**(1) 54:21 | | **try**(8) 24:4 27:10 34:16 57:10 59:22 72:4 75:23 81:19 | | **version**(4) 15:23 51:5 79:5 79:7 | | |
| **timothy**(1) 5:21 | | | | **very**(30) 16:17 16:21 16:22 30:2 39:18 40:13 41:20 41:21 42:13 44:14 44:19 45:2 45:2 48:24 48:24 49:11 50:17 53:1 54:2 55:4 55:4 55:5 66:19 67:5 67:7 68:16 68:16 75:4 83:21 89:18 | | |
| **tip**(1) 86:14 | | **trying**(9) 26:19 26:24 48:8 49:6 49:18 49:19 49:20 53:1 53:2 | | | | **well-funded**(2) 16:20 44:21 |
| **tip-toed**(1) 87:6 | | | | | | **well-intentioned**(1) 32:21 |
| **today**(24) 13:15 13:22 23:3 23:20 42:7 48:22 45:1 51:19 54:21 55:24 60:7 64:12 66:8 66:17 68:22 73:15 79:15 80:2 81:3 83:5 85:18 88:8 88:9 89:16 | | **tuesday**(4) 80:6 80:7 82:1 83:22 | | | | **wells**(3) 9:20 11:39 |
| | | **turn**(2) 59:11 73:18 | | **vesting**(5) 61:10 61:22 62:2 63:21 67:14 | | **went**(7) 16:1 20:11 45:4 76:9 76:11 85:10 86:20 |
| | | **turns**(1) 75:18 | | **vests**(1) 48:16 | | |
| | | **tweaked**(1) 41:14 | | **vetted**(1) 89:8 | | |
| | | **two**(20) 14:6 18:7 22:16 28:24 35:12 37:9 37:22 42:1 42:8 42:9 42:25 44:10 47:18 50:14 56:6 57:23 62:23 71:24 73:22 79:9 | | **via**(1) 38:9 | | **were**(33) 16:19 19:19 20:14 21:18 21:25 22:16 23:9 25:20 29:10 30:22 30:23 30:23 32:24 32:25 33:1 35:12 35:12 35:13 40:2 44:15 48:11 56:6 62:3 71:10 78:2 78:2 78:7 79:9 80:10 85:13 87:1 87:3 88:23 |
| **toes**(1) 86:15 | | | | **view**(4) 37:15 49:13 74:20 86:2 | | |
| **together**(1) 78:10 | | **twomey**(1) 6:28 | | **viewed**(1) 49:17 | | |
| **told**(9) 19:21 20:2 20:14 22:18 29:12 30:20 42:14 65:1 66:3 74:3 78:7 | | **type**(2) 45:8 69:13 | | **views**(2) 30:18 89:5 | | |
| | | **typically**(1) 34:9 | | **vigorous**(1) 33:25 | | **weren't**(1) 55:1 |
| | | **t's**(1) 48:20 | | **vigorously**(1) 84:10 | | **weren't**(1) 30:21 |
| **tolerance**(1) 38:21 | | **u.s**(1) 6:1 | | **virtue**(3) 19:22 61:22 63:5 | | **west**(2) 4:11 5:9 |
| **toll**(1) 40:14 | | **ultimately**(1) 75:18 | | **virtues**(2) 19:22 20:15 | | **we'd**(2) 14:9 30:12 |
| **too**(1) 40:11 | | **unable**(1) 29:10 | | **viseral**(1) 35:1 | | **we'll**(6) 13:19 13:23 16:6 48:21 48:25 51:2 |
| **tool**(1) 88:25 | | **unaffected**(1) 31:6 | | **vonnegut**(1) 3:26 | | |
| **top**(3) 22:7 57:5 76:6 | | **unconflicted**(1) 39:3 | | **wacker**(2) 5:29 5:42 | | |
| **topic**(4) 34:3 35:21 35:24 36:4 | | | | **wait**(1) 82:15 | | **we're**(23) 13:12 13:15 13:20 22:20 22:21 37:16 38:11 40:20 40:21 41:9 41:11 44:17 45:20 47:22 48:6 48:7 48:19 48:21 49:5 49:8 49:18 49:19 49:19 |
| **torres**(1) 18:3 | | **underestimate**(1) 35:14 | | **waive**(5) 49:19 61:10 61:11 63:10 67:15 | | |
| **touch**(1) 34:2 | | **underlying**(1) 28:12 | | **waived**(5) 49:22 51:25 53:8 61:16 62:6 | | |
| **tough**(1) 44:10 | | **understand**(10) 14:10 21:10 31:18 34:7 35:10 47:17 49:11 72:15 72:17 77:3 | | **waiver**(5) 49:13 49:14 50:2 61:21 62:1 | | **we've**(9) 14:18 39:21 44:3 45:24 47:24 48:2 49:1 50:14 52:11 |
| **toussi**(1) 11:20 | | | | **waives**(2) 53:3 67:10 | | |
| **toward**(1) 46:24 | | **understanding**(4) 13:14 46:1 53:20 66:7 | | **walk**(1) 56:13 | | |
| **town**(4) 41:1 41:2 66:11 82:2 | | **understood**(1) 16:18 | | **want**(37) 18:4 19:12 21:11 21:11 23:21 23:25 26:17 27:11 34:13 36:13 42:3 46:10 49:9 49:10 49:23 51:18 52:1 53:24 54:3 54:7 55:3 56:5 60:5 61:2 63:3 65:9 65:21 65:25 68:8 72:23 75:15 76:22 78:25 83:6 87:17 87:20 88:24 | | **wharton**(1) 9:1 |
| | | **unfortunately**(1) 68:24 | | | | |
| | | **uniformly**(1) 53:25 | | **wanted**(12) 14:17 27:12 63:15 64:16 65:3 70:17 71:13 71:16 84:23 86:4 86:9 87:16 | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **what**(66) 13:21 14:14 23:16 23:20 24:4 24:4 25:15 27:21 31:21 32:10 32:12 34:9 34:19 36:16 40:4 40:5 40:22 41:4 41:7 41:9 41:11 43:4 43:11 43:11 43:14 43:15 43:22 44:5 44:14 46:8 46:19 48:19 49:5 49:8 49:22 51:5 52:1 53:1 55:24 56:5 56:14 57:2 60:1 60:18 62:25 63:20 65:1 65:22 67:19 67:21 67:21 71:24 73:15 73:22 74:22 80:15 81:16 83:9 83:23 84:1 86:21 88:21 88:22 88:22 89:4 89:10 | | **winnowing**(1) 38:12 | | **yet**(6) 56:25 59:20 64:11 69:16 69:18 | | **zensky**(42) 3:17 14:11 18:14 18:15 18:18 18:24 21:6 21:9 21:11 25:9 27:12 27:20 28:21 29:9 29:24 31:12 31:13 31:16 32:1 32:3 34:7 34:11 34:14 35:9 35:19 35:20 50:9 50:10 52:10 56:13 63:1 63:1 63:20 80:2 84:21 84:22 84:22 85:3 85:9 86:4 88:11 89:2 | |
| | | **wires**(1) 7:31 | | **york**(13) 2:15 2:38 2:44 3:5 3:5 3:20 3:28 4:26 4:26 4:40 9:40 10:16 21:14 | | | |
| | | **wish**(4) 62:24 82:8 87:19 87:25 | | | | | |
| | | **wishes**(1) 54:24 | | **you**(209) 13:7 13:11 13:23 14:4 14:4 14:18 14:25 16:13 16:14 17:23 17:24 18:12 18:13 18:23 18:25 20:2 20:8 20:14 21:1 21:2 21:4 21:8 21:13 22:19 22:24 23:1 23:2 23:20 23:21 24:3 25:1 25:8 25:15 25:16 25:24 26:13 26:21 27:1 29:5 29:10 30:21 31:10 31:11 31:23 31:24 32:1 32:23 33:4 34:17 35:4 35:4 35:5 35:10 35:19 35:20 37:1 39:8 39:8 39:9 40:22 41:4 41:5 41:8 42:6 43:2 43:23 44:4 45:25 46:2 46:8 46:8 46:10 46:15 46:16 47:8 48:1 48:4 48:9 49:11 50:6 50:12 52:8 52:16 53:15 53:18 53:19 54:3 54:4 54:10 54:15 54:16 54:18 54:20 54:21 55:6 55:10 55:11 55:13 56:12 56:12 56:14 56:20 57:13 57:18 57:19 58:10 58:22 58:24 59:21 60:16 60:17 63:17 63:18 64:5 64:17 64:24 65:7 65:12 65:14 65:16 65:18 66:2 66:4 66:8 66:9 66:18 67:19 67:19 67:24 68:2 68:8 69:3 69:23 69:24 70:2 71:5 71:12 72:11 72:20 72:21 73:4 74:10 74:17 75:3 75:9 75:12 75:25 78:5 78:7 78:11 78:13 78:17 78:21 78:25 79:5 79:6 79:7 79:12 79:15 79:16 79:22 79:24 79:24 80:2 80:5 80:6 80:8 80:10 80:12 80:14 80:20 80:21 81:2 81:3 81:5 81:7 81:9 81:12 81:12 81:17 81:17 82:9 82:20 82:21 83:15 83:17 83:17 84:14 85:4 85:10 85:17 86:13 86:19 86:25 87:17 87:20 88:16 88:18 88:22 88:23 88:23 89:3 89:4 89:6 89:7 89:7 89:14 89:21 | | |
| **what's**(3) 63:6 67:24 68:13 | | **with**(118) 13:14 13:18 13:25 14:1 14:3 14:9 14:10 14:22 15:2 15:18 15:18 16:9 16:11 16:25 17:15 19:11 21:10 23:5 23:9 24:8 24:19 25:19 26:1 26:3 27:2 27:24 28:4 28:21 29:11 29:13 30:2 30:14 31:7 32:5 34:14 35:2 36:20 37:12 37:16 38:7 38:17 39:2 39:11 39:25 41:25 43:11 43:14 43:18 44:13 44:14 44:15 44:18 44:20 44:25 45:11 45:12 49:2 49:6 49:15 49:23 50:11 50:15 50:24 51:3 51:8 51:11 51:14 51:21 52:2 52:5 52:22 52:23 52:25 53:5 53:9 53:11 55:7 56:9 56:11 56:23 57:1 57:2 57:9 57:23 57:25 58:5 58:16 59:1 60:11 60:18 60:23 61:6 61:7 61:16 61:17 62:8 62:25 63:19 64:24 67:18 67:21 70:12 70:13 71:6 72:9 73:24 75:1 75:8 76:24 77:9 77:10 77:17 80:10 81:7 82:24 88:4 88:13 89:8 | | | | **zensky's**(3) 52:19 60:24 84:8 | |
| **whatever**(11) 14:20 23:23 30:23 31:4 46:10 46:11 48:24 54:5 64:18 75:22 88:6 | | | | | | **zensky's**(5) 25:21 28:4 28:10 30:8 31:8 | |
| | | | | | | **zero**(1) 38:20 | |
| | | | | | | **zone**(1) 47:11 | |
| **what's**(1) 34:25 | | **withdrawal**(1) 46:21 | | | | **zuckerman**(3) 2:41 6:16 27:7 | |
| **wheel**(1) 64:2 | | **withdrawing**(1) 17:19 | | | | ***debt"**(1) 29:23 | |
| **when**(18) 13:19 18:5 19:19 23:24 38:9 38:22 38:23 39:8 39:8 40:19 63:21 65:9 68:20 71:2 71:7 80:22 81:25 84:1 | | **withdrawn**(3) 15:21 15:22 44:3 | | | | ***for**(1) 32:3 | |
| | | **within**(1) 23:7 | | | | ***including**(1) 40:10 | |
| | | **without**(3) 19:13 29:3 34:22 | | | | ***nothing**(2) 24:6 24:9 | |
| | | **witnesses**(1) 50:25 | | | | ***preserved**(1) 31:1 | |
| **where**(22) 13:20 28:8 28:11 41:9 41:11 45:19 47:13 48:7 48:16 50:4 55:21 58:20 65:6 71:21 74:14 77:21 80:10 81:6 81:18 83:15 87:1 87:12 | | **wolfson**(1) 6:39 | | | | ***the(2)** 20:2 20:17 | |
| | | **womble**(1) 2:4 | | | | | |
| | | **won't**(1) 70:4 | | | | | |
| | | **won't**(1) 14:21 | | | | | |
| **whereupon**(1) 90:1 | | **word**(8) 21:10 22:6 27:12 27:13 29:23 53:21 68:10 75:3 | | | | | |
| **whether**(26) 24:22 24:25 30:21 30:22 32:5 32:9 32:9 42:25 45:21 49:21 49:21 51:23 51:25 58:4 59:19 61:14 61:15 61:16 62:1 67:7 67:9 73:18 79:23 81:14 85:24 86:20 | | **worded**(2) 24:20 25:2 | | | | | |
| | | **wording**(4) 18:18 19:11 23:17 23:25 | | | | | |
| | | **words**(11) 22:16 23:8 29:23 30:5 30:13 30:13 30:25 31:9 33:6 36:12 57:16 | | | | | |
| **while**(7) 32:21 47:19 58:25 59:22 59:23 67:4 72:4 | | | | | | | |
| | | **work**(17) 14:19 27:9 35:11 35:13 38:11 45:8 51:13 55:12 66:3 68:4 78:12 80:3 80:5 82:20 83:20 84:19 85:5 | | **you'd**(1) 77:6 | | | |
| **whipsawed**(1) 76:4 | | | | **you'll**(2) 80:8 81:4 | | | |
| **white**(4) 4:23 5:4 11:39 | | | | **you're**(8) 65:14 69:13 80:20 80:22 80:23 81:8 83:9 86:10 | | | |
| **whittman**(1) 12:12 | | **worked**(1) 62:14 | | | | | |
| **who**(16) 15:25 18:25 20:21 33:11 34:3 41:1 44:23 57:1 60:25 62:19 63:12 64:7 64:23 65:25 67:21 73:8 | | **working**(4) 48:21 61:5 67:25 78:10 | | **young**(2) 4:9 9:6 | | | |
| | | **works**(1) 85:3 | | **your**(161) 13:4 13:7 14:11 14:15 16:13 16:15 16:17 17:8 17:20 17:25 18:14 18:25 19:3 19:12 19:18 19:21 20:7 20:20 21:6 21:16 22:21 22:24 23:10 23:19 24:13 25:2 25:6 25:9 25:17 26:13 26:15 26:17 26:20 26:25 27:6 27:8 28:1 28:8 29:4 29:9 29:21 30:4 30:6 30:15 31:13 31:16 31:21 31:24 32:17 32:22 33:8 34:7 34:20 35:9 35:24 36:10 36:11 36:19 37:1 37:3 39:19 40:24 41:4 42:4 42:24 43:3 43:13 43:24 44:6 44:6 44:9 44:17 45:3 45:5 45:19 46:2 46:5 46:11 46:17 46:19 47:24 50:9 52:17 53:11 53:20 55:1 55:18 56:4 56:11 56:15 56:18 56:20 56:20 57:4 57:7 57:16 57:19 57:23 58:12 58:21 58:24 58:24 59:3 59:13 59:16 60:9 60:15 60:22 61:4 62:8 62:22 63:1 63:22 63:24 66:19 66:22 68:2 68:9 68:24 69:4 69:7 69:24 70:8 70:16 70:21 71:3 72:6 72:21 73:5 73:11 74:3 74:7 74:11 74:24 75:5 75:8 75:13 76:2 77:5 77:12 77:20 80:9 80:10 81:23 82:11 83:18 84:22 85:3 85:14 86:6 87:2 87:7 87:7 88:9 88:10 88:11 88:15 88:22 88:25 89:14 89:21 | | | |
| | | **world**(1) 47:21 | | | | | |
| **whoever**(1) 45:12 | | **worried**(1) 22:16 | | | | | |
| **whole**(2) 22:5 41:10 | | **worse**(3) 14:15 32:14 32:21 | | | | | |
| **whose**(1) 37:7 | | **worth**(1) 65:22 | | | | | |
| **who's**(1) 44:22 | | **would**(80) 14:12 18:25 19:23 19:24 20:13 20:24 22:3 24:15 25:9 26:9 26:10 27:2 28:4 30:6 30:7 30:13 31:18 33:24 35:6 36:5 36:19 36:20 36:23 36:25 39:11 43:9 44:14 45:3 45:9 45:9 45:11 45:14 45:22 45:23 46:2 46:24 51:16 51:19 52:8 54:14 52:18 54:13 56:22 57:7 57:11 57:17 57:22 58:14 58:15 58:18 58:20 59:7 59:13 61:13 61:18 61:22 61:23 61:25 62:5 62:7 62:15 69:21 70:6 71:3 71:16 72:13 72:17 73:18 74:1 74:7 74:21 74:24 75:5 75:8 75:13 76:2 81:5 83:18 84:6 84:18 84:23 | | | | | |
| **why**(18) 21:4 21:6 21:8 21:10 21:11 22:25 22:19 23:10 27:9 27:11 31:18 34:23 38:21 39:18 44:4 49:11 65:4 76:17 | | | | **you'll**(3) 20:6 23:2 48:3 | | | |
| | | | | **you're**(1) 39:10 | | | |
| | | **wouldn't**(2) 82:14 82:15 | | **you've**(2) 47:25 49:4 | | | |
| **wickersham**(1) 12:2 | | **wouldn't**(1) 50:19 | | **zabel**(1) 8:24 | | | |
| **will**(69) 15:4 15:5 15:8 15:11 15:15 15:25 16:1 16:12 17:9 17:11 22:7 22:24 25:24 27:16 27:18 29:14 33:1 34:5 35:2 35:7 38:15 40:14 41:10 41:20 41:21 41:22 42:13 42:15 45:12 46:9 53:7 53:8 54:6 54:16 55:14 55:24 58:8 59:6 59:8 59:21 61:5 61:7 61:25 66:10 66:12 67:1 67:8 67:17 68:5 70:9 70:10 70:18 71:17 71:19 72:1 72:3 73:8 74:17 77:1 77:10 80:19 81:18 82:21 82:21 84:24 85:23 85:25 86:1 89:19 | | **write**(4) 53:22 54:15 80:9 80:17 | | **zarrini**(1) 11:36 | | | |
| | | **written**(2) 65:19 72:2 | | **zatz**(1) 11:40 | | | |
| | | **wrong**(1) 22:3 | | **zelmanovitz**(1) 10:18 | | | |
| | | **www.diazdata.com**(1) 1:46 | | | | | |
| **william**(1) 2:19 | | **yeah**(5) 54:20 54:20 66:9 76:8 82:13 | | | | | |
| **willing**(6) 54:21 54:24 64:4 66:7 75:6 83:6 | | **year**(6) 17:6 32:19 40:3 41:19 76:6 77:8 | | | | | |
| **willingness**(1) 45:21 | | **years**(3) 39:6 39:10 42:14 | | | | | |
| **wilmington**(29) 1:12 1:37 2:7 2:10 2:21 2:29 3:12 3:35 3:42 4:5 4:12 4:33 5:10 5:18 5:37 6:5 11:35 13:1 25:20 37:4 37:25 38:14 43:14 71:6 71:11 72:3 72:25 73:23 74:6 | | **yes**(11) 13:6 18:1 31:14 36:18 45:14 46:14 69:4 70:16 78:20 81:23 84:22 | | | | | |
| **window**(2) 72:7 72:11 | | | | | | | |
| **wineman**(1) 11:32 | | **yesterday**(7) 18:8 18:22 35:12 50:16 78:3 85:15 85:18 | | | | | |