## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Hearing Date: July 11, 2012 at 10:00 a.m.** |
| | **Objection Deadline: July 2, 2012 at 4:00 p.m.** |

## MOTION OF THE DEBTORS FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND FED. R. BANKR. P. 9019(a) AUTHORIZING ENTRY INTO, AND APPROVAL OF, A STIPULATION BETWEEN DEBTORS AND AT&T INC., ON BEHALF OF ITSELF AND CERTAIN OF ITS AFFILIATES, REGARDING THE RESOLUTION OF CERTAIN CLAIMS

The debtors and debtors in possession in the above-captioned chapter 11 cases

(each a "Debtor" and collectively, the "Debtors"), hereby submit this motion (the "Motion")

seeking entry of an order, pursuant to sections 105 and 363 of title 11 of the United States Code

(the "Bankruptcy Code") and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

"Bankruptcy Rules"), authorizing entry into, and approval of, a stipulation (the "Stipulation")

between Tribune Company ("Tribune"), on behalf of itself and certain of its affiliates identified

on Exhibits A and B to the Stipulation that are debtors and debtors in possession in the above-

captioned chapter 11 cases (collectively with Tribune, the "Debtor Parties") and AT&T Inc.

("AT&T") on behalf of itself and certain of its affiliates identified on Exhibits A and B to the

Stipulation (collectively, with AT&T, the "Claimants") regarding the modification, allowance,

and treatment of those certain claims identified on Exhibits A and B to the Stipulation (the

"AT&T Claims").  In support of this Motion, the Debtors respectfully state as follows:

### Status of the Case and Jurisdiction

1.      On December 8, 2008 (the "Petition Date"), Tribune and certain of its subsidiaries

each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  An additional

Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the

Bankruptcy Code on October 12, 2009.  In all, the Debtors comprise 110 entities.

2.      The Debtors' chapter 11 cases have been consolidated for procedural purposes

only and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.

3.      The Debtors have continued in possession of their respective properties and have

continued to operate and maintain their businesses as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.

4.      On December 18, 2008, the Office of the United States Trustee appointed an

official committee of unsecured creditors in the Debtors' chapter 11 cases (the "Committee").

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court

---

[2]   Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

2

pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought

herein are sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 9019.

### Relevant Background

6.      On March 23, 2009, the Debtors filed their schedules of assets and liabilities and

statements of financial affairs (Docket Nos. 567-789), which were subsequently amended on

April 13, 2009 (Docket Nos. 894-957), June 12, 2009 (Docket Nos. 1343-1453), March 2, 2010

(Docket Nos. 3548-3599), May 14, 2010 (Docket Nos. 4388), and January 28, 2011 (Docket

Nos. 7661-7671) (collectively, the "Schedules").[3]

7.      On March 26, 2009, the Court entered an order (the "Bar Date Order") (i)

establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final

date and time for all persons and entities holding or asserting a claim against the Debtors arising

on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11

cases and (ii) approving the form and manner of notice of the Bar Date.[4]

8.      Written notice of the Bar Date was mailed to, among others, all known creditors

listed on the Schedules, as amended, and the Bar Date Order was served on all parties who had

filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date Order.  In

addition to mailing such actual notice, the Debtors also published notice of the Bar Date in the

National Editions of The Wall Street Journal and the New York Times and in the Chicago

Tribune and Los Angeles Times on May 12, 2009.

---

[3]  Tribune CNLBC, LLC filed its schedules of assets and liabilities and statements of financial affairs on October 12, 2009 (CNLBC Docket Nos. 8 and 9), which were subsequently amended on December 9, 2009 (Docket No. 2779), May 14, 2010 (Docket No. 4389), and January 28, 2011 (Docket No. 7665).

[4]  The Bar Date for the filing of Proofs of Claim against Tribune CNLBC, LLC was July 26, 2010.  See Order Establishing Bar Date for Filing Proofs of Claim in the Tribune CNLBC, LLC Bankruptcy Case and Approving the Form and Manner of Notice Thereof entered on June 7, 2010 (Docket No. 4709).

46429/0001-8538635v2

9.      The Claimants filed proofs of claim, as reflected on Exhibit A to the Stipulation, against the Debtor Parties, or certain of their affiliates, in the aggregate face amount of $1,754,153.40 (the "Filed AT&T Claims").[5]  The Filed AT&T Claims were assigned Claim Nos. 322, 618, 2493, 3322, 6198, 6309, 6556, and 6641 by the Bankruptcy Court-appointed claims agent, Epiq Bankruptcy Solutions, LLC (the "Claims Agent").

10.     The Claimants are the primary providers of telecommunications and data services to the Debtors.  The Filed AT&T Claims relate primarily to invoices issued pursuant to telecommunications and data service contracts between the Claimants and the Debtor Parties or certain of their affiliates, including contracts for the provision of network services and infrastructure related to telecommunications, data, wireless services and information exchange (the "AT&T Contracts").

11.     Certain of the Filed AT&T Claims relate to amounts that were scheduled by the Debtor Parties in their respective Schedules of Assets and Liabilities, which are listed on Exhibit B to the Stipulation (the "Scheduled AT&T Claims").  The parties have determined that the Scheduled AT&T Claims are duplicative of the Filed AT&T Claims and have agreed that, as a matter of administrative convenience, the claims register maintained in the Debtors' chapter 11 cases should be modified to reflect that the Scheduled AT&T Claims have been superseded by the Filed AT&T Claims, in their entirety.

12.     On March 7, 2011, the Debtors filed the Motion of the Debtors for an Order Establishing Procedures for (I) Fixing Cure Amounts and (II) Providing Notice of Assumption and/or Assignment of Certain Executory Contracts and Unexpired Leases by a Successor

---

[5]  The Claimants filed other claims in these cases which have been disallowed and expunged pursuant to Court Orders (See Docket Nos. 6009, 6191, 6198, 6309, 6475 and 6556).  Consequently, such claims are not included as Filed AT&T Claims reflected on Exhibit A to the Stipulation.

46429/0001-8538635v2

Reorganized Debtor Pursuant to sections 365, 1123, and 1129 of the Bankruptcy Code (Docket No. 8287) (the "Global Contract Motion"), which was approved by order of the Bankruptcy Court entered on April 25, 2011 (Docket No. 8745) (the "Global Contract Order"). Exhibits A and B to the Global Contract Motion contained lists of executory contracts and unexpired leases sought to be assumed by the Debtors and which have corresponding proposed cure amounts (the "Contract Exhibits"). The cure amounts associated with the AT&T Contracts were listed on the Contract Exhibits as "TBD" based on the parties ongoing reconciliation of the AT&T Claims.

13.    On May 4, 2012, the Debtors filed a Notice of Filing of Amended Exhibits Pursuant to Order Establishing Procedures for (I) Fixing Cure Amounts and (II) Providing Notice of Assumption and/or Assignment of Certain Executory Contracts and Unexpired Leases By a Successor Reorganized Debtor Pursuant to Section 365, 1123, and 1129 of the Bankruptcy Code (Docket No. 11546) (the "Amended Contract Exhibits"). The proposed cure amounts associated with the AT&T Contracts were listed on the Amended Contract Exhibits in the aggregate amount of $1,029,649.14.[6]

14.    The Debtor Parties and the Claimants (collectively, the "Parties") engaged in reconciliation and negotiation of the AT&T Claims, including the identification of the Debtor Parties against which each of the AT&T Claims is properly asserted. The Parties have reached an agreement as to the amount and treatment of the AT&T Claims, and have agreed to enter into the Stipulation, attached hereto as Exhibit 1, to document their agreement. Specifically, the Stipulation provides as follows:[7]

---

[6]  The proposed cure amounts associated with AT&T Corporation and SBC Global Services, Inc. were listed on Exhibit A to the Amended Contract Exhibits as $708,224.23 and $321,424.91, respectively.

[7]  The terms as set forth in this Motion are intended only as a summary of the terms of the Stipulation. The Motion shall not in any way supersede or alter the terms of the Stipulation. In the event of any conflict between the summary herein and the Stipulation itself, the terms of the Stipulation shall control.

5

- The Filed AT&T Claims, originally asserted in the aggregate amount of $1,754,153.40, shall be allowed in the reduced aggregate amount of $1,134,137.32, each in the respective amount and against the respective Debtor Party as set forth in Exhibit A attached to the Stipulation. Specifically, each of the Filed AT&T Claims will be allowed as a general unsecured claim against the Debtor Party or Parties identified in the column "Modified Debtor" on Exhibit A and in the amount specified in the column "Allowed Amount," on Exhibit A.

- As a matter of administrative convenience, the claims register maintained in the Debtors' chapter 11 cases shall be modified to reflect that the Scheduled AT&T Claims listed on Exhibit B to the Stipulation have been superseded by the Filed AT&T Claims. Accordingly, the Parties agree that the Debtors and/or the Claims Agent shall be authorized to modify the Debtors' schedules listed on Exhibit B to reflect that the Scheduled AT&T Claims have been superseded by the Filed AT&T Claims, in their entirety.

- The Filed AT&T Claims, as modified, shall be satisfied in accordance with the provisions for the payment of claims as set forth in the chapter 11 plan of reorganization, and any amendments thereto, that is ultimately confirmed for the Debtor Parties (the "Plan").

- In the event that the AT&T Contracts are assumed by the Debtor Parties as executory contracts, then the Filed AT&T Claims corresponding to such assumed AT&T Contracts shall be afforded the treatment provided under the Plan for the cure of defaults arising from assumed executory contracts and unexpired leases by the Debtor Parties, in accordance with the requirements of section 365 of the Bankruptcy Code, to the extent provided for on Exhibit A to the Stipulation under the column heading "Amounts Subject to Cure."

- The satisfaction of the Filed AT&T Claims in accordance with the Plan shall be in full and final satisfaction of all prepetition claims arising out of or relating to the subject matter of the AT&T Contracts and the AT&T Claims. The Claimants and their affiliates further agree not to file any other or further proofs of prepetition claims in any of the Debtors' chapter 11 cases arising out of or relating to the subject matter of the AT&T Contracts and the AT&T Claims.

- Notwithstanding any other provision contained in the Stipulation, AT&T or its successors or assigns shall remain entitled to assert (i) a claim or claims for rejection damages as provided under section 502(g) of the Bankruptcy Code should one or more of the AT&T Contracts be rejected; and (ii) an application for recovery of any administrative expense as provided under section 503 of the Bankruptcy Code, including any damages resulting form any post-petition default by the Debtors under the AT&T Contracts; and (iii) a claim under section 503(h) of the Bankruptcy Code for any sums paid by AT&T to satisfy any Adversary Proceeding or avoidance action asserted by the Debtors' estates under sections 547 through 550 of the Bankruptcy Code.

6

- The Parties acknowledge and agree that the Claimants do not need to take any further action to seek to allow the Filed AT&T Claims in the Debtors' chapter 11 cases. The Debtors and/or the Claims Agent may amend the claims register to reflect that the Filed AT&T Claims are to be allowed against the Debtor Parties and their estates in the amounts stipulated herein.

- Notwithstanding anything to the contrary in the Stipulation, the Debtors expressly reserve their right to file an objection to any of the Filed AT&T Claims pursuant to section 502(d) of the Bankruptcy Code, or to exercise such other rights of set-off or recoupment authorized by applicable law or by the Plan, provided, however, that the Debtors will not file an objection to any of the Filed AT&T Claims corresponding to the AT&T Contracts in the event that the AT&T Contracts are assumed by the Debtors pursuant to the Plan. Each of the Debtors expressly reserves its right to object to any other claims asserted by the Claimant, on any applicable grounds.

## Relief Requested

15.     By this Motion, the Debtors respectfully request that the Court enter an order (i) authorizing the Debtors to enter into the Stipulation; and (ii) approving the Stipulation.

16.     The Court has discretion to approve settlements pursuant to section 363 of the Bankruptcy Code after notice and a hearing. See Myers v. Martin (In re Martin), 91 F.3d 389, 394, 395 n.2 (3d Cir. 1996). The procedure for approving a settlement in bankruptcy is set forth by Bankruptcy Rule 9019, which provides, in relevant part:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a). The Third Circuit Court of Appeals has stated that section 363 of the Bankruptcy Code is the substantive provision requiring a hearing and court approval of settlements, while Bankruptcy Rule 9019 establishes the procedure by which such approval may be secured. See In re Martin, 91 F.3d at 395 n. 2 (distinguishing the substance of section 363 from the procedural effect of Bankruptcy Rule 9019).

17.    In determining whether to approve a settlement pursuant to section 363 of the

Bankruptcy Code and Bankruptcy Rule 9019, the Third Circuit has stated that a bankruptcy court

is required to "assess and balance the value of the claim that is being compromised against the

value to the estate of the acceptance of the compromise proposal." Id. at 393.  In making this

determination, a court should consider four criteria: "(1) the probability of success in the

litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved,

and the expense, inconvenience and delay…; and (4) the paramount interest of the creditors." Id.

(referencing Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,

390 U.S. 414, 424-25 (1968)); see also In re Marvel Entm't Group, Inc., 222 B.R. 243, 249 (D.

Del. 1998) (listing the Anderson factors as controlling whether a settlement should be approved).

The ultimate inquiry is whether the compromise is fair, reasonable, and in the interest of the

estate.  See In re Louise's, Inc., 221 B.R. 798, 801 (D. Del. 1997).

18.    The compromise proposed in the Stipulation is fair, reasonable, and in the best

interests of the Debtors' estates.  The Stipulation is the product of arm's-length negotiations

between the Debtor Parties, and their financial advisor, and the Claimants.  During the course of

the negotiations, both Parties exchanged invoices and contract data, and other relevant

information in support of their respective views on the prepetition amounts owed by the Debtor

Parties to the Claimants.  As a result of the negotiations, the Parties agreed to the modification,

allowance and treatment of the AT&T Claims.

19.    While the Debtors are prepared to formally object to, and litigate, the AT&T

Claims, such litigation would result in the  expenditure of considerable additional legal fees by

the Debtor Parties' estates.  The Debtors also recognize that litigation of the claims carries with it

inherent uncertainties and there can be no assurance that litigation would achieve a better result

than the result embodied in the Stipulation. The settlement reflected in the Stipulation, and the resolution achieved thereby, fairly balances the Debtors Parties' likelihood of success on the merits of the claims against their interests in avoiding the uncertainty of litigation.

20. Moreover, the interests of creditors weighs in favor of approval of the Stipulation. The Debtors submit that the interests of creditors are served by the prompt and efficient resolution of the AT&T Claims and the avoidance of litigation risks and the legal expenses that would be incurred if the claims were litigated. All creditors in interest benefit in the reduction of the AT&T Claims.

21. Finally, the relief requested by this Motion is consistent with the terms of the Order Granting Debtors (I) Limited Waiver of Requirements of Local Rule 3007-1(f) and (II) Authority to Settle Disputed Claims (Docket No. 2657), which provides, in part, that if a proposed settlement amount of a Disputed Claim (as defined therein) is equal to or greater than $1,000,000 the Debtors are authorized to settle the Disputed Claim and execute necessary documents, including a stipulation of settlement or release, following approval of the Bankruptcy Court.

### Notice

22. Notice of this Motion has been provided to: (i) counsel for the Claimants; (ii) the Office of the United States Trustee; (iii) counsel for the Committee; (iv) counsel to the administrative agent for Tribune's prepetition loan facilities; (v) counsel to the administrative agent for the Debtors' postpetition financing facility; and (vi) all parties having requested notice in the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit no other or further notice is necessary.

46429/0001-8538635v2

**No Prior Request**

23.    No previous request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, in substantially the form attached hereto as Exhibit 2, (i) authorizing the Debtors to enter into the Stipulation; (ii) approving the Stipulation; and (iii) granting such other and further relief as the Court deems just and proper.

Dated:  Wilmington, Delaware  
       June 15, 2012

Respectfully submitted,

COLE, SCHOTZ, MEISEL,  
FORMAN & LEONARD, P.A.

By: _____  
Norman L. Pernick (No. 2290)  
J. Kate Stickles (No. 2917)  
Patrick J. Reilley (No. 4451)  
500 Delaware Avenue, Suite 1410  
Wilmington, DE  19801  
Telephone:  (302) 652-3131  
Facsimile:  (302) 652-3117

ATTORNEYS FOR DEBTORS  
AND DEBTORS IN POSSESSION

10