# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## STIPULATION BETWEEN DEBTORS AND WILMINGTON TRUST COMPANY REGARDING POST-EFFECTIVE DATE PROCEDURE FOR REVIEW AND ALLOWANCE OF WILMINGTON TRUST COMPANY'S FEE AND EXPENSE CLAIM

This stipulation (the "Stipulation") between Wilmington Trust Company ("Wilmington Trust"), in its capacity as successor Indenture Trustee pursuant to an indenture dated April 1, 1999 (the "PHONES Indenture"), and the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors" and, collectively with Wilmington Trust, the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

"Parties"), regarding the establishment of procedures for the review and allowance for Wilmington Trust's claim for indenture trustee fees and expenses (including, without limitation, claims for incurred professional fees and expenses) (the "WTC Fee/Expense Claim" or the "Claim"), is entered into by the Parties.

## RECITALS

A.  Wilmington Trust serves as successor Indenture Trustee[2] for the PHONES Notes and in this capacity has accumulated, and continues to accumulate, the fees and expenses which form the basis of the Claim.

B.  Wilmington Trust has asserted that the WTC Fee/Expense Claim is entitled to allowance in the Debtors' chapter 11 cases as a General Unsecured Claim in Class 1F under the Fourth Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries dated April 17, 2012 [D.I. 11399] (as further amended on June 1, 2012 [D.I. 11747], and as may be further amended or modified, the "Fourth Amended DCL Plan").

C.  On May 21, 2012, Wilmington Trust objected to the claims objection procedures established in the Fourth Amended DCL Plan and requested that the Debtors establish alternative procedures for the resolution of any disputes over the allowance of the WTC Fee/Expense Claim.

D.  The Parties agree that the Bankruptcy Court (the "Court") will adjudicate the allowability of the WTC Fee/Expense Claim and have further reached an agreement respecting the timing and procedures for the review of the WTC Fee/Expense Claim by the Reorganized Debtors and, if necessary, the determination of amount of the WTC Fee/Expense Claim, if any, that will be allowed under the Fourth Amended DCL Plan.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Fourth Amended DCL Plan.

E.  As a result of the procedures agreed to hereunder, Wilmington Trust's objection to the claims objection procedures established in the Fourth Amended DCL Plan is withdrawn.

NOW, THEREFORE, THE PARTIES STIPULATE AND AGREE AS FOLLOWS:

## AGREEMENT

1.  The recitals set forth above are incorporated herein by reference.

2.  No later than three (3) business days after the Effective Date of the Fourth Amended DCL Plan, Wilmington Trust will provide the Reorganized Debtors, by transmission to Sidley Austin LLP, as counsel to the Reorganized Debtors ("Sidley"), with time detail and expense summaries (excluding expense back-up but including reasonable detail as to the expenses sought to be reimbursed) for the fees and expenses constituting the WTC Fee/Expense Claim (the "WTC Fee/Expense Claim Detail").

3.  The Reorganized Debtors shall have forty-five (45) days from the Effective Date (or, solely in the event the WTC Fee/Expense Claim Detail is provided to the Reorganized Debtors after the Effective Date, forty-five (45) days from the date of such provision to the Reorganized Debtors) (in each case, the "Review Period") to review such information and raise objections, if any, to the fees and expenses contained therein on an informal basis with Wilmington Trust. If the Reorganized Debtors have any such objections, the Reorganized Debtors shall notify Wilmington Trust, by transmission to Brown Rudnick LLP, as counsel to the Wilmington Trust ("Brown Rudnick"), before the expiration of the Review Period, in writing, explaining in reasonable detail, and in good faith, the basis for the objection(s), which the Parties agree shall establish the basis for a contested matter.

4.  Following the Reorganized Debtors' transmittal of any objection(s) respecting the WTC Fee/Expense Claim to Brown Rudnick in accordance with paragraph 3, Wilmington Trust and the Reorganized Debtors shall thereafter have a period of fifteen (15) days to attempt to resolve such objection(s) (the "Resolution Period"). If the parties are unable to reach a complete resolution of the objection(s) within the Resolution Period, then the Reorganized Debtors shall file a written objection (an "Objection") as to all remaining unresolved items with the Court within ten (10) days of the expiration of the Resolution Period and the Reorganized Debtors shall pay the portion of the WTC Fee/Expense Claim for which there is no Objection on the earlier of the (i) the next Distribution Date and (ii) thirty (30) days of the expiration of the Resolution Period.

5.  Wilmington Trust shall file a response to any Objection (a "Response") with the Bankruptcy Court within ten (10) days following the receipt of an Objection.

6.  The parties agree that the Bankruptcy Court will adjudicate the allowability of the WTC Fee/Expense Claim at the next omnibus hearing date after a Response is filed or as soon as permitted by the Court.

7.  Notwithstanding the procedures agreed to herein, Wilmington Trust retains the right to request, and all parties in interest retain the right to object to or otherwise contest, payment of fees and expenses under Section 9.1.3 of the Fourth Amended DCL Plan, and under 11 U.S.C. § 503(b), both as required and in accordance with the applicable procedures under the Fourth Amended DCL Plan, title 11 of the United States Code, the Federal Rules of Bankruptcy Procedure and/or applicable law.

[Signature Page Follows]

| | |
|---|---|
| BROWN RUDNICK LLP<br>Robert J. Stark<br>Martin S. Siegel<br>Gordon Z. Novod<br>Seven Times Square<br>New York, New York 10036<br>Telephone: (212) 209-4800<br>Facsimile: (212) 209-4801<br><br>– and –<br><br>SULLIVAN HAZELTINE ALLINSON LLC<br><br>_/s/ Will Sh_____<br>William D. Sullivan (I.D. No. 2820)<br>Elihu E. Allinson, III (I.D. No. 3476)<br>901 N. Market Street, Suite 1300<br>Wilmington, DE 19801<br>Telephone: 302-428-8191<br><br>*Counsel to Wilmington Trust Company, as Successor Indenture Trustee for the Exchangeable Subordinated Debentures Due 2029, Generally Referred to as the PHONES* | SIDLEY AUSTIN LLP<br>James F. Conlan<br>Bryan Krakauer<br>Kevin T. Lantry<br>Jessica C.K. Boelter<br>One South Dearborn Street<br>Chicago, Illinois 60603<br>Telephone: (312) 853-7000<br>Facsimile: (312) 853-7036<br><br>– and –<br><br>COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.<br><br>_/s/ _____<br>Norman L. Pernick (No. 2290)<br>J. Kate Stickles (No. 2917)<br>500 Delaware Avenue, Suite 1410<br>Wilmington, Delaware 19801<br>Telephone: (302) 652-3131<br>Facsimile: (302) 652-3117<br><br>*Counsel for Debtors and Debtors In Possession* |