

DAVID M. ZENSKY
212.872.1075/fax:
1.212.872.1002
dzensky@akingump.com

June 20, 2012

VIA ELECTRONIC FILING AND HAND DELIVERY

Honorable Kevin J. Carey
United States Bankruptcy Judge
United States Bankruptcy Court for the District of Delaware
824 North Market Street, Fifth Floor
Wilmington, Delaware 19801

    Re:    *In re Tribune Company, Case No. 08-13141 (KJC)*

Dear Judge Carey:

    As you are aware, we represent Aurelius Capital Management, LP ("Aurelius") in the above-referenced matter. We write regarding the Agreement Respecting Transfer of Documents, Information, and Privileges from the Official Committee of Unsecured Creditors (the "Committee's LT Agreement").

    The Notice of Filing of Amended Plan and Related Documents (the "DCL Notice") filed by the DCL Plan Proponents on June 19, 2012 [ECF No. 11836] attaches as Exhibit 9 a blackline showing the differences between the versions of the Committee's LT Agreement proposed by the DCL Plan Proponents and Aurelius (the "Aurelius Blackline"). The primary differences relate to subsections II.I and J of the Committee's LT Agreement, which address the Litigation Trustee's rights to seek and obtain documents, information and depositions outside of the Committee's LT Agreement. Specifically, the DCL Plan Proponents seek to include language in subsections II.I and J that could preclude the Litigation Trustee from seeking documents, information or depositions from the Committee or its professionals, except to the extent that the Committee's professionals fail or refuse to provide documents or information pursuant to the Committee's LT Agreement, while Aurelius believes that such discovery rights should be preserved. The following excerpts show Aurelius's proposed changes to the versions of subsections II.I and J proposed by the DCL Plan Proponents:

    I.    <u>No Limitation on Access</u>.

    Notwithstanding anything in this Agreement to the contrary, the Parties acknowledge and agree that nothing herein shall limit the full exercise of the rights under applicable law of the Litigation Trustee to seek and obtain information, documents or to take depositions of any ~~person other than the Creditors' Committee or its retained professionals (except to the extent such professionals fail or refuse to provide access to~~ Documents Relating



<del>to the Claims or Information Relating to the Claims pursuant to this Agreement), in their capacities as such</del><ins>Person</ins>, by subpoena or otherwise pursuant to legal process, regardless of whether or not an obligation of Cooperation is owed hereunder with respect to such information, documents or depositions or any demands made under this Agreement shall have been complied with in full or in part or any remedy with respect to any actual or purported breach or noncompliance with this Agreement has been sought; provided, however, that in connection with any exercise of rights by the Litigation Trustee to seek and obtain information, documents or to take depositions of any <del>person</del><ins>Person</ins> by subpoena or otherwise pursuant to legal process, the <del>Creditors' Committee</del><ins>Person</ins> shall retain any objections or defenses to such exercise of rights that it may have under applicable law.

J.     Reservation of Rights

The Parties acknowledge and agree that nothing herein shall limit, in any way, (i) the Litigation Trustee's rights under applicable law to seek Documents Relating to the Claims or Information Relating to the Claims <del>from parties other than the Creditors' Committee or its retained professionals (except to the extent such professionals fail or refuse to provide access to Documents Relating to the Claims or Information Relating to the Claims pursuant to this Agreement), in their capacities as such</del>, including but not limited to the right to serve a subpoena seeking Documents or information encompassed by Section II.B <ins>and/or II.C</ins> of this Agreement, or (ii) <del>the</del> any <del>other person's</del><ins>Person's</ins> or entity's rights to object or raise all applicable defenses to such requests.

The DCL Notice also attaches as Exhibit 7 a "Revised Objections Summary Chart," in which the DCL Plan Proponents purport to summarize the differences between the DCL Plan Proponents and Aurelius regarding the Committee's LT Agreement. In the Revised Objections Summary Chart, the DCL Plan Proponents state that Aurelius's proposed changes to the Committee's LT Agreement should be rejected because "[t]he DCL Plan Proponents believe that it is inappropriate for the Litigation Trustee to reserve the right to subpoena the Creditors' Committee and its professionals for precisely the same documents and information the Creditors' Committee is agreeing to provide voluntarily under the Committee's LT Agreement."

This statement is misleading. Aurelius's proposed changes to the Committee's LT Agreement would not enable the Litigation Trustee to subpoena documents that the Committee actually provides pursuant to the Committee's LT Agreement. To the contrary, Aurelius proposes to add language to the Committee's LT Agreement providing that "[t]he Litigation Trustee agrees not to subpoena the Creditors' Committee for Documents Relating to the Claims actually produced to the Litigation Trustee hereunder." Aurelius Blackline § II.B.5. Aurelius's version of subsections II. I and J would preserve the Litigation Trustee's right to seek *additional* documents, as well as information or depositions, from



the Committee or its professionals, while simultaneously preserving the Committee's and its professionals' rights to oppose any such requests. *See id.* §§ II.I, J. Given that the Committee actions that are to be transferred to the Litigation Trust are in their infancy, there is no rational justification for depriving the Litigation Trustee of discovery rights which he would otherwise have, and may need, simply because the Committee has agreed - as its fiduciary duties demand that it must - to provide information relating to the Litigation Trust actions.

To be clear, Aurelius has no view as to whether such discovery will or will not be warranted or appropriate, or whether the Committee or its professionals will have valid bases on which to oppose such discovery. Nor does Aurelius ask this Court to opine on such questions. Rather, Aurelius simply asserts that the Litigation Trustee's discovery rights should be preserved, and that the Committee should not be able to limit or defeat such rights by virtue of the Committee's LT Agreement. Indeed, even the Debtors have agreed that the agreement providing for the transfer of documents, information and privileges from the Debtors to the Litigation Trustee will not limit the Litigation Trustee's rights to seek discovery of the Debtors or its professionals.

Aurelius and the DCL Plan Proponents have worked together effectively over the course of the past months, and have consensually resolved nearly all of Aurelius's objections to the DCL Plan language and the related plan documents. The fact that the sole remaining dispute arises out of the Committee's efforts to shield itself and its professionals from having to provide information in connection with the Litigation Trust actions is the height of irony.

We respectfully request that the Court schedule a telephonic conference to address this matter.

Respectfully submitted,

David M. Zensky

cc: All counsel of record