# EXHIBIT A

## Proposed Order

1311761

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al. | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Hearing Date: May 29, 2012 at 1:00 p.m. ET<br>Related to Docket Nos. _____ |

## ORDER AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO DEPOSIT 2010 MANAGEMENT INCENTIVE PLAN AWARDS INTO RABBI TRUSTS FOR HARRY AMSDEN, ROBERT GREMILLION AND DAVID D. WILLIAMS

Upon the Motion[1] of Harry Amsden, Robert Gremillion, and David D. Williams ("Movants") for an Order Authorizing the Debtors to Deposit Their 2010 Management Incentive Plan ("MIP") Awards into Rabbi Trusts; and the Court finding that (a) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (c) proper notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; and the Court finding that cause exists to grant the relief requested in the Motion, it is hereby:

ORDERED, that the Motion is granted in its entirety; and it is further

ORDERED, that the Debtors are hereby authorized, but not directed, to include the Movants as participants in the 2010 MIP (and such Movants shall thereupon be deemed 2010 MIP Participants within the meaning of the Court's 2010 MIP Order), subject to the terms of this Order; and it is further

ORDERED, that any payment under the 2010 MIP to the Movants shall be held in an interest-bearing rabbi trust account established for the benefit of each Movant pending the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1311761

final resolution of all claims in the complaint filed on or about November 1, 2010 against each Movant in the matter of <u>In re The Official Committee of Unsecured Creditors of Tribune Company v. Fitzsimons, et al.</u>, United States Bankruptcy Court for the District of Delaware, Case No. 08-13141 (such proceeding referred to as the "<u>Creditors Committee LBO Litigation</u>") (as such complaint may from time to time be amended, and whether brought by the Creditors Committee or by any other party acting as a fiduciary or in a similar capacity on behalf of Tribune Company (the "Company") and its subsidiaries) and shall, within ten (10) days after any such resolution, be paid from the rabbi trust account established for such Movant to such Movant unless: (a) this Court or any other court of competent jurisdiction enters a final non-appealable order or judgment in the Creditors Committee LBO Litigation finding that, as part of the Company's leveraged buy-out transactions in 2007, such Movant breached his fiduciary duty or committed an intentional tortious wrong, in which event such Movant's 2010 MIP payment shall be forfeited; or (b) this Court orders otherwise, in which case such order shall govern the distribution of such amounts; and it is further

   ORDERED, that, except as modified by this Order, the 2010 MIP Order remains in full force and effect in accordance with its terms; and it is further

   ORDERED, that the Debtors are hereby authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the terms of the 2010 MIP Motion, the 2010 MIP Order (as modified by this Order) and this Order; and it is further

1311761

3

ORDERED, that this Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation and implementation of this Order.

Dated:   Wilmington, Delaware

_____, 2012

_____
The Honorable Kevin J. Carey
United States Bankruptcy Judge

1311761

3