# EXHIBIT A

## Proposed Order

46429/0001-8623711V1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br>Hearing Date: July 11, 2012 at 10:00 a.m. ET<br>Related to Docket No. _____ |

## ORDER AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO DEPOSIT 2010 MANAGEMENT INCENTIVE PLAN AWARDS INTO RABBI TRUSTS FOR TWO CURRENT DEFERRED PARTICIPANTS

Upon the Motion[2] of the above-captioned Debtors for an Order, pursuant to Sections 363(b) and 503(c) of Title 11 of the United States Code (the "Bankruptcy Code"), authorizing and approving, but not directing, the Debtors to deposit into rabbi trusts the 2010 Management Incentive Plan ("MIP") awards of the two current employees of the Debtors who

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

are among those identified in the Limited Objection of Official Committee of Unsecured Creditors to Motion of the Debtors for an Order Authorizing the Debtors to Implement a Management Incentive Plan for 2010 [D.I. No. 6252] and named as defendants in the matter of <u>In re The Official Committee of Unsecured Creditors of Tribune Company v. Fitzsimons, et al.</u>, United States Bankruptcy Court for the District of Delaware, Case No. 08-13141 (such proceeding referred to as the "<u>Creditors Committee LBO Litigation</u>"), and whose participation in the 2010 MIP was not authorized in this Court's 2010 MIP Order (such two individuals referred to herein as the "<u>Current Deferred Participants</u>"); and the Court finding that (a) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (c) proper notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; and the Court finding that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefore, it is hereby

ORDERED, that the Motion is granted in its entirety; and it is further

ORDERED, that the Debtors are hereby authorized, but not directed, to include the Current Deferred Participants as participants in the 2010 MIP (and such Current Deferred Participants shall thereupon be deemed 2010 MIP Participants within the meaning of the Court's 2010 MIP Order), subject to the terms of this Order; and it is further

ORDERED, that any payment under the 2010 MIP to any such Current Deferred Participant shall be held in an interest-bearing rabbi trust account established for the benefit of each such Current Deferred Participant pending the final resolution of all claims in the complaint filed on or about November 1, 2010 against such Current Deferred Participant in the

Creditors Committee LBO Litigation (as such complaint may from time to time be amended, and whether brought by the Creditors Committee or by any other party acting as a fiduciary or in a similar capacity on behalf of Tribune Company (the "Company") and its subsidiaries) and shall, within ten (10) days after any such resolution, be paid from the rabbi trust account established for such Current Deferred Participant to such Current Deferred Participant unless: (a) this Court or any other court of competent jurisdiction enters a final non-appealable order or judgment in the Creditors Committee LBO Litigation finding that, as part of the Company's leveraged buy-out transactions in 2007, such Current Deferred Participant breached his fiduciary duty or committed an intentional tortious wrong, in which event such Current Deferred Participant's 2010 MIP payment shall be forfeited; or (b) this Court orders otherwise, in which case such order shall govern the distribution of such amounts; and it is further

ORDERED, that, except as modified by this Order, the 2010 MIP Order remains in full force and effect in accordance with its terms; and it is further

ORDERED, that the Debtors are hereby authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the terms of the 2010 MIP Motion, the 2010 MIP Order (as modified by this Order) and this Order; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation and implementation of this Order.

Dated: Wilmington, Delaware
       July _____, 2012

                                      The Honorable Kevin J. Carey
                                      United States Bankruptcy Judge