**EXHIBIT B**

**Excerpts of Transcript of October 4, 2011 Hearing**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Case No. 08-13141(KJC) |
| | ) | (Jointly Administered) |
| | ) | |
| TRIBUNE COMPANY, et al., | ) | Chapter 11 |
| | ) | |
| | ) | Related to Docket 9853 |
| | ) | |
| Debtors. | ) | Courtroom 5 |
| | ) | 824 Market Street |
| | ) | Wilmington, Delaware |
| | ) | |
| | ) | October 4, 2011 |
| | ) | 10:00 a.m. |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE JUDGE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

TELEPHONIC APPEARANCES:

For Debtor:  Sidley Austin, LLP
BY: BRIAN GOLD, ESQ.
BY: JAMES BENDERNAGEL, ESQ.
BY: JONATHAN LOTSOFF, ESQ.
One South Dearborn
Chicago, IL  60603
(312) 853-7000

Cole, Schotz, Meisel, Forman
& Leonard, P.A.
BY: NORMAN PERNICK, ESQ.
500 Delaware Avenue, Suite 410
Wilmington, DE  19801
(302) 652-3131

ECRO:  AL LUGANO

Transcription Service:  DIAZ DATA SERVICES
331 Schuylkill Street
Harrisburg, Pennsylvania 17110
(717) 233-6664
www.diazdata.com

Proceedings recorded by electronic sound recording;
transcript produced by transcription service

1  its current projected OCF of $517 million.
2        To put this in perspective, just from the metrics
3  standpoint, if the company's performance equals its budgeted
4  OCF, Your Honor, the payout under the proposed MIP is only
5  at 81 percent of target.
6        These MIP targets are a result of discussions,
7  compromise, and eventual agreement with certain key creditor
8  constituencies.  The company as Your Honor knows from prior
9  motions on the subject, has had a MIP in effect outside of
10 bankruptcy since at least 1997.  That plan is encompassed by
11 the 1997 incentive compensation plan which is Exhibit E to
12 the MIP motion.  When comparing the proposed 2011 MIP to
13 these historical MIP's that were in place, the proposed MIP
14 is more conservative than the historical MIP's in all
15 respects.  Comparing the number of proposed participants it
16 is lower.  Comparing the percentage payout at budgeted OCF
17 it is lower.  Comparing the dollar payouts at each of the
18 threshold target and max levels, all lower.  Comparing the
19 2011 actual total dollars that will be paid based on current
20 OCF projections, also lower than 2010.
21       In addition to approval of the MIP plan, Your
22 Honor, just to move away from the metrics, the company's
23 motion and proposed order seeks approval of the proposed MIP
24 with respect to two individuals who remain employed by the
25 debtor, but who had not been included without prejudice

18

1  under the 2010 MIP order.  The three other individuals who
2  also had been included in 2010, have since left the company
3  and were separated solely as a result of position reductions
4  as part of the company's cost cutting efforts that I alluded
5  to earlier.
6        The proposed order contains a provision
7  specifically including these two individuals who remain
8  employed in the 2011 MIP.  However, as a result of
9  discussions, and a compromise reached with the creditors'
10 committee, the order before you also provides that such
11 amounts be paid into a trust and distributed to the
12 individuals only upon satisfaction of certain conditions
13 specified in the proposed order related to the pendency of
14 certain claims by the creditors' committee.
15       The board of directors has approved -- the
16 company has approved these two individuals for inclusion in
17 the MIP.  And Mr. Hartenstein, like the board, continues to
18 believe these individuals are very valuable and hardworking
19 employees that are integral to the debtor's success.  Mr.
20 Hartenstein believes it would be manifestly unfair to these
21 individuals not to receive their 2011 MIP and, therefore, be
22 paid substantially below market compensation.  However, he
23 views the compromise with the creditors' committee as a
24 reasonable solution under the circumstances.
25       In summary, Your Honor, Mr. Hartenstein if called

1           THE COURT:  I hear no response.  And I take it
2  that the motion is to include introduction of the report --
3           MR. GOLD:  Yes, Your Honor.
4           THE COURT:  -- as well.  Is there any objection
5  to that?
6                (No audible response.)
7           THE COURT:  I hear no response.  They're admitted
8  without objection.
9           MR. GOLD:  And we also would move for the
10 introduction of what I referred to as Debtor's Exhibit 1,
11 Your Honor.
12          THE COURT:  Is there objection to the
13 introduction of D1?
14               (No audible response.)
15          THE COURT:  I hear none, it's admitted without
16 objection.  Does the debtor have anything further in support
17 of its motion?
18          MR. GOLD:  We do not, Your Honor.
19          THE COURT:  Does anyone else wish to be heard in
20 connection with the MIP motion?
21          MR. LEMAY:  Good morning, Your Honor.  David
22 LeMay from Chadbourne and Parke for the official committee
23 of unsecured creditors.
24          As the Court is aware from yesterday's telephone
25 hearing, the committee supports this motion.  I rise only,

1   as I have in years past, to assure the Court that the
2   committee and its financial and legal professionals have
3   reviewed this year's iteration of the MIP with great care,
4   have negotiated certain provisions of that MIP, have
5   negotiated and obtained certain changes to the form of the
6   proposed order that would approve the MIP, and those are
7   embodied in the version that's before Your Honor.  And after
8   that review and after that, those negotiations, and with all
9   those changes, the committee has voted to support the MIP,
10  and request that the order be entered in the form before the
11  Court now.  That's all I have, Your Honor.
12              THE COURT:  Thank you.  Does anyone else wish to
13  be heard in connection with the MIP motion?
14              (No audible response.)
15              THE COURT:  I hear no further response.  All
16  right, thank you.  I'm prepared to make my ruling now.  I've
17  reviewed all of the written submissions, including but not
18  limited to the Mercer un-redacted version of the report.
19  And based upon the testimony, I'm prepared to approve the
20  relief that's been requested.
21              The Mercer report reflects that, frankly, there
22  have been a variety of approaches to management compensation
23  among the samples chosen, but I find under these
24  circumstances, the metrics that the debtor has chosen here
25  and the methods by which they -- on which they base

1  incentive plans and payments, that is operating cash flow is
2  reasonable and sensible, and that the relief requested here
3  is justified under the facts and circumstances.  There is no
4  objection to the relief that's been requested.  And I think
5  it's entirely appropriate to order this relief in these
6  uncertain times with respect to this particular debtor.  Is
7  there a form of order?
8           MR. LOTSOFF:  There is, Your Honor.  May I
9  approach?
10          THE COURT:  You may.  Thank you.  That order has
11 been signed.  What's next?
12          MR. SOTTILE:  Your Honor, James Sottile of
13 Zuckerman Spaeder, special counsel to the official committee
14 of unsecured creditors.
15          Your Honor, I rise, with the Court's indulgence,
16 to address briefly Item No. 14 on the agenda.  That's the
17 second motion of the committee to extend the time to
18 effectuate service of process with respect to two preference
19 complaints against certain insiders and professionals of the
20 debtors.
21          Your Honor, I understand the Court has already
22 entered the order and nothing I saw will affect entry of the
23 order.  There's no objection that was filed in time, and the
24 issue that I'm going to address does not concern an
25 objection to entry of the relief sought by the motion.

32

1                         CERTIFICATION

2          I certify that the foregoing is a correct

3   transcript from the electronic sound recording of the

4   proceedings in the above-entitled matter.

5

6

    **Traci Calaman**  Digitally signed by Traci Calaman
    DN: cn=Traci Calaman, c=US,
    o=DiazDataServices, ou=DiazDataServices,
7   email=info@diazdata.com
    Date: 2011.10.05 12:52:22 -04'00'                    4 October 2011

8   Traci L. Calaman, Transcriber                              Date

9