# EXHIBIT D

## Excerpts of Transcript of January 27, 2010 Hearing

```
                IN THE UNITED STATES BANKRUPTCY COURT
                    FOR THE DISTRICT OF DELAWARE


                                    )
IN RE:                              )  Chapter 11
                                    )
TRIBUNE COMPANY, et al.,            )  Case No. 08-13141 (KJC)
                                    )
                                    )  Courtroom 5
                                    )  824 Market Street
            Debtors._____           )  Wilmington, Delaware

                                       January 27, 2010
                                       10:04 a.m.


                      TRANSCRIPT OF PROCEEDINGS
                BEFORE THE HONORABLE KEVIN J. CAREY
                    UNITED STATES BANKRUPTCY JUDGE
```

APPEARANCES:

For Debtors:                    Sidley Austin LLP
                                BY: KEVIN P. LANTRY, ESQ.
                                BY: JONATHAN LOTSOFF, ESQ.
                                One South Dearborn
                                Chicago, IL 60603
                                (213) 896-6022

                                Cole, Schotz, Meisel, Forman &
                                Leonard, PA
                                BY: NORMAN PERNICK, ESQ.
                                1000 North West Street
                                Suite 1200
                                Wilmington, DE 19801
                                (302) 652-3131

ECRO:                           AL LUGANO

Transcription Service:          DIAZ DATA SERVICES
                                331 Schuylkill Street
                                Harrisburg, Pennsylvania 17110
                                (717) 233-6664


Proceedings recorded by electronic sound recording; transcript produced by transcription service

1  that correct?
2          MR. PERNICK: Correct, that was. Your Honor entered
3  relief from stay for limited purpose of having settlement
4  discussions.
5          THE COURT: Yeah, I signed the order late yesterday
6  evening. I'm sure it's probably been docketed by now.
7          MR. PERNICK: Okay. Thank you.
8          You did enter orders on Numbers 3, 4, 5, 6, 7, 8 and
9  9. And that leaves us with Item Number 10, which is the 2009
10 MIP Program. Item Number 11, the eighth omnibus objection,
11 with respect to the Mylander claim. And as Your Honor noted,
12 Number 13, the tenth omnibus objection, with respect to
13 Personal Plus' claim only.
14         So unless the Court would prefer a different order,
15 I would just propose that we go in the order of the agenda and
16 we can deal with --
17         THE COURT: Let's take --
18         MR. PERNICK: -- and we can deal with Number 10.
19         THE COURT: Let's take the claim objections first.
20         MR. PERNICK: Okay. Then Mr. Lantry is going to
21 handle Number 11 and 13.
22         THE COURT: Very well.
23         MR. LANTRY: Good morning, Your Honor. Kevin Lantry
24 of Sidley on behalf of the debtors.
25         With regard to Number 11, the eighth omnibus


1  should be granted, as I said earlier, I had intended to write
2  on this topic because I have not yet done so.  However, given
3  the passage of time and what I perceive as the need for a
4  ruling, at least on the component that I think is justified,
5  I'll rely at least in this case on the Dana Two (phonetic)
6  Factors.
7          And I conclude that here, the evidence shows there
8  is a reasonable relationship between the plan and its
9  objectives to enhance the company's chances of survival and
10 increased profitability.  The cost is reasonable as well.  The
11 scope is reasonable.  It covers the same management population
12 covered in previous plans, which is a critical core group.  The
13 plan was developed over time, as a result of extensive
14 negotiations by and among all of the major constituents of the
15 company and has the support of all the major constituents of
16 the company.
17         I will tell you -- he's not here today, but on this
18 topic I was struck by Mr. Lemay's closing argument, from which
19 I'll quote, not too extensively.  He said, "Business people in
20 the for-profit world have an understanding about what motivates
21 management, because all business people in the for-profit world
22 are in that world themselves.  And what motivates management is
23 a number of things, including pride in a job well done, but the
24 chance to make something for one's self and one's family.  Our
25 clients -- my clients don't wish to find out what would happen

1  if management didn't get these awards.  The suggestion has been
2  made that a company, because it's in Chapter 11, maybe
3  shouldn't pay bonuses just because it's in Chapter 11, and that
4  may be true when a company is in a life or death liquidity
5  situation, where there's simply you either pay the bonuses or
6  have to turn the lights.  That's really not the case here.
7  Liquidity is obviously an issue, but it's not a life or death
8  liquidity question.
9          So the question as a business matter then becomes,
10 what's in the best interest of the business and its owners?
11 I'd like to submit that being in Chapter 11 doesn't change at
12 all what management should be doing, it just changes who
13 they're doing it for.  Now ultimately they're going to be doing
14 it for the unsecured creditors.  It really just goes to the
15 question of who their ultimate constituents are in this case,
16 as in so many, it is almost inevitable.  Indeed, I would go so
17 far as to say inevitable that the equitable owners of the
18 business are now the creditors.  The creditors have an official
19 representative.  That representative is my client and that
20 client, which consists of a number of very canny business
21 people, has concluded that these incentives will ultimately put
22 more money in their pockets than the alternative."
23         The proposed plan was reviewed by an independent
24 committee of the board and validated, the evidence shows, by a
25 credible expert.  The plan that is proposed is similar enough

18

1  to the 2008 and prior plans, with the evidence showed,
2  appropriate adjustments to fit the change in the circumstances,
3  that it meets the 363 Ordinary Course standard. Alternatively,
4  the evidence demonstrates that the debtor has also met the
5  503(c)(3) standard, a heightened business judgment standard,
6  and I conclude that the relief requested is justified by the
7  facts and circumstance of the case. Neither 503(c)(1), which
8  relates to primarily retention-based bonus programs, or
9  503(c)(2) regarding severance, are applicable here. The
10 objections are overruled and I'll ask the parties confer and
11 submit an order under certification.
12           Are there any questions?
13           MR. PERNICK: No, Your Honor.
14           THE COURT: Is there anything further for today?
15           MR. PERNICK: No, Your Honor, not from the debtors.
16           THE COURT: Thank you, all. That concludes this
17 hearing. Court will stand in recess.
18           MR. PERNICK: Thank you, Your Honor.
19        (Whereupon at 10:30 a.m., the hearing was adjourned)

19

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_Stephanie McMeel_                February 1, 2010

Stephanie McMeel

AAERT Cert. No. 452

Certified Court Transcriptionist