## EXHIBIT E

## Excerpts of Transcript of May 12, 2009 Hearing

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | Case No. 08-13141(KJC) |
| ) | (JOINTLY ADMINISTERED) |
| TRIBUNE COMPANY, et al., ) | Chapter 11 |
| ) | |
| ) | Courtroom 5 |
| ) | 824 Market Street |
| Debtors. ) | Wilmington, Delaware 19801 |
| ) | |
| ) | May 12, 2009 |
| ) | 10:03 A.M. |

TRANSCRIPT OF OMNIBUS HEARING
BEFORE HONORABLE KEVIN J. CAREY
UNITED STATES CHIEF BANKRUPTCY JUDGE

APPEARANCES:

For the Debtors:	Cole Schotz Meisel, Forman
& Leonard, P.A.
By: NORMAN PERNICK, ESQ.
1000 N. West Street, Suite 1200
Wilmington, Delaware 19801

Sidley Austin LLP
By: JONATHAN LOTSOFF, ESQ.
    BRIAN GOLD, ESQ.
    KEVIN LANTRY, ESQ.
One South Dearborn
Chicago, Illinois 60603


ECRO:	AL LUGANO

TRANSCRIPTION SERVICE:	TRANSCRIPTS PLUS, INC.
435 Riverview Circle
New Hope, Pennsylvania 18938
Telephone: 215-862-1115
Facsimile: 215-862-6639
e-mail CourtTranscripts@aol.com

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

6

1  MR. PERNICK: I do, Your Honor. If I may approach?
2  THE COURT: You may. Thank you.
3        (Pause)
4  THE COURT: I'll just ask briefly for the record
5 whether anyone else wishes to be heard in connection with
6 either of these two motions.
7        (No audible response heard)
8  THE COURT: I hear no response.
9        (Pause)
10 THE COURT: Those two orders have been signed.
11 MR. PERNICK: Thank you, Your Honor.
12     That leaves us with three items left:
13     Item Number 5, which is the incentive plan motion.
14     Item Number 6, which is the related seal motion for
15 the incentive plan.
16     And Item Number 7, which is severance plan motion.
17     Brian Gold and John Lotsoff from the Sidley firm are
18 going to handle those matters. And I did file pro hac vice
19 motions for both of them.
20 THE COURT: All right. Thank you.
21 MR. PERNICK: Thank you.
22 MR. GOLD: Good morning, Your Honor. Brian Gold on
23 behalf of the Tribune.
24     Your Honor, as Mr. Pernick noted, we have three
25 matters before you. One is for the debtors to make certain

1  lights on/lights out issue.
2        And I don't think that the debtors have met their
3  burden insofar as demonstrating that these payments are
4  essential, critical, necessary to keeping the Tribune operating
5  in good performance.
6        Thank you.
7        THE COURT: Thank you. I'm prepared to make my
8  ruling. I'm going to grant the relief that's been requested,
9  and I will explain why.
10       I do agree with the debtor, it doesn't matter what
11 standard I apply, whether it's a business judgment standard,
12 it's a 503(c)(3) standard, which is business judgment plus. In
13 my view, I don't believe this is subject to the doctrine of
14 necessity.
15       While it is a payment based upon prepetition
16 performance, I don't view it as a payment of a prepetition
17 debt. It is a payment that the company has proposed to make
18 now, yes, with respect to past performance, but to which it
19 believes the covered employees are presently entitled.
20       The record here amply supports the award of this
21 relief, the grant of this relief. The plan is consistent with
22 the company's historical practices. It's not unreasonable in
23 any respect. Indeed, the record clearly indicates that it's
24 below market. You look at the industry, and considering the
25 debtors' place in the industry in which it's trying to survive

1  and transform itself in what are truly extraordinary times, and
2  you compare that to what's proposed to be paid in relation to
3  its revenue.  The major creditor constituencies are supportive,
4  others have not objected.
5       And when I say this, I'm careful to inform the U.S.
6  Trustee, and while nobody else said it, the fact that the only
7  objecting party has no economic skin in the game is not
8  relevant to me.  I appreciate the U.S. Trustee's role in this
9  and other matters.  But it doesn't mean it's not important that
10 the major creditor constituencies are supportive, and here they
11 are.
12      Mr. McMahon, I will tell you, and you appear enough
13 in front of me that you know I seldom editorialize from the
14 bench.  I find that as a judge it's generally an unwise thing
15 to do, but I'm going to do so now, and I'll explain why.
16      When Congress passed BAPCPA and included the new
17 provisions of 503, it was in response to what were perceived
18 abuses by debtors in possession in paying bonuses to managers,
19 particularly top managers.
20      Despite what others may say or think, courts,
21 including this one, have made every effort to be true to the
22 congressional intent in applying the new provision.  And as I
23 said before, I appreciate specifically the U.S. Trustee's role
24 and involvement in requests for relief for bonus and incentive
25 plans.  Because often when all of the other constituents come

75

1  MULTIPLE SPEAKERS: Thank you, Judge.

2  (Whereupon, at 2:35 P.M. the hearing was adjourned.)

3

4  CERTIFICATE

5

6  I certify that the foregoing is a correct transcript from
7  the electronic sound recording of the proceedings in the
8  above-entitled matter.

9

10

11  /s/ Karen Hartmann    AAERT CET**D0475    Date: May 13, 2009
12  TRANSCRIPTS PLUS, INC.