IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Hearing Date: July 11, 2012 at 10:00 a.m.<br>Objection Deadline: July 4, 2012 at 4:00 p.m. |

## MOTION OF THE DEBTORS FOR AN ORDER PURSUANT TO 11 U.S.C. § 363 AND FED. R. BANKR. P. 9019(a) AUTHORIZING ENTRY INTO AND PERFORMANCE OF OBLIGATIONS UNDER STIPULATION BETWEEN TRIBUNE PUBLISHING COMPANY AND WOODIES HOLDINGS, LLC

The debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), submit this motion (the "Motion") seeking entry of an order in the form submitted herewith, pursuant to section 363 of title 11 of the United States Code (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); Tribune Publishing, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-8631225v1

"Bankruptcy Code") and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing one of the Debtors, Tribune Publishing Company ("Tribune Publishing"), to enter into that certain Stipulation, attached hereto as Exhibit A (the "Stipulation"), with Woodies Holdings, LLC (the "Landlord," and together with Tribune Publishing, the "Parties"). Pursuant to the Stipulation, Tribune Publishing and the Landlord will compromise and settle the Landlord's disputed claim [Claim No. 6141] (the "Lease Claim") against Tribune Publishing, upon the terms and conditions set forth in the Stipulation, which would result in the Lease Claim, asserted in a face amount of $2,064,202.80, being reduced and allowed in a modified amount of $1,979,958.19. In support of this Motion, the Debtors respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On December 10, 2008, the Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only. An additional Debtor, Chicago National League Ball Club, LLC (n/k/a Tribune CNLBC, LLC), voluntarily commenced a chapter 11 case on October 12, 2009, and that case was procedurally consolidated with the other Debtors' chapter 11 cases by an order of the Court entered October 14, 2009.

2. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2

3. On December 18, 2008, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors in these cases (the "Committee").

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are section 363 of the Bankruptcy Code and Bankruptcy Rule 9019.

## BACKGROUND OF THE MOTION

5. Prior to the Petition Date, the Landlord and Tribune Publishing were parties to that certain Lease dated May 9, 2005 between the Landlord, as Lessor, and Tribune Publishing, as Lessee, for the property located at 1025 F Street, N.W., Washington, D.C. (the "Lease").

6. On June 5, 2009, the Debtors filed that certain Fourth Omnibus Motion for Entry of an Order Authorizing Debtors to Reject Certain Leases of Nonresidential Real Property Pursuant to Section 365 of the Bankruptcy Code [Docket No. 1302] (the "Rejection Motion"), pursuant to which the Debtors sought the Court's approval for Tribune Publishing to reject the Lease. On June 25, 2009, the Court entered an amended order granting the Rejection Motion [Docket No. 1629] (the "Rejection Order"), which provided, among other things, that the Lease was deemed to be rejected by Tribune Publishing as of June 30, 2009. On July 31, 2009, the Landlord timely filed its Lease Claim for rejection damages in connection with rejection of the Lease as a general unsecured claim for $2,064,202.80. The Lease Claim was assigned Claim No. 6141 by the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC (the "Claims Agent").

7. After the rejection of the Lease, Tribune Publishing engaged in discussions with the Landlord in the hopes of effectuating a settlement. The Debtors have

3

46429/0001-8631225v1

negotiated over a period of approximately eight months with the Landlord in an effort to resolve with finality any and all claims that currently exist or may in the future exist against Tribune Publishing relating to the Lease Claim and to reconcile the Parties' different calculations of the damages arising from the rejection of the Lease.

8.  As a result of their discussions, the Parties have agreed that the Lease Claim should be reduced and allowed in the amount of $1,979,958.19. The Parties' mutual agreement on the allowance of this reduced amount is the subject of this Motion.

## RELIEF REQUESTED

9.  The Debtors respectfully request that the Court enter an order authorizing Tribune Publishing to enter into, and carry out, the terms of the Stipulation and to take all other actions necessary or desirable to implement the provisions of the Stipulation. The Debtors also request that the order authorize the Claims Agent to amend the claims register in these chapter 11 cases to reflect the allowed claim amount set forth in the Stipulation.

10. The Stipulation itself is attached hereto as Exhibit A. The following is a summary of the material terms of the Stipulation:[2]

- *Reduction and Allowance of Lease Claim.* The Lease Claim, originally asserted in the amount of $2,064,202.80, shall be reduced and allowed as a general unsecured claim against Tribune Publishing in the modified amount of $1,979,958.19 (the "Allowed Claim") (Stipulation at ¶ 2). The Allowed Claim shall be satisfied in the same manner as all other general unsecured claims against Tribune Publishing under the chapter 11 plan that is confirmed for Tribune Publishing (the "Plan"). (Stipulation at ¶ 4).

- *Landlord's Release of Claims.* Satisfaction of the Allowed Claim in accordance with the Plan shall be in full and final satisfaction of any and all claims, arising out of or relating to the liabilities asserted in the Lease Claim. (Stipulation at ¶ 4.)

---

[2] The terms as set forth in this Motion are intended only as a summary of the terms of the Stipulation. The Motion shall not in any way supersede or alter the terms of the Stipulation. In the event of any conflict between the summary herein and the Stipulation itself, the terms of the Stipulation shall control.

4

- *Mutual Waiver of Claims.* The Landlord, including its successors and assigns, agrees to waive and release any additional claims, whether by proof of claim filed in any of the Debtors' chapter 11 cases or otherwise, arising out of or relating to the liabilities asserted against Tribune Publishing in the Lease Claim. The Landlord, including its successors and assigns, further agrees not to file any additional proofs of claim against any of the Debtors for liabilities arising out of or relating to the Lease Claim. In consideration of the foregoing, Tribune Publishing agrees to waive and release any setoff and counterclaims that it may have against the Landlord arising out of or relating to the subject matter of the Lease Claim. (Stipulation at ¶ 5.)

## BASIS FOR RELIEF REQUESTED

11. The Court has discretion to approve settlements pursuant to section 363 of the Bankruptcy Code after notice and a hearing. See Myers v. Martin (In re Martin), 91 F.3d 389, 394, 395 n.2 (3d Cir. 1996). The procedure for approving a settlement in bankruptcy is set forth by Bankruptcy Rule 9019, which provides, in relevant part:

> On motion of the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

12. In determining whether to approve a settlement pursuant to section 363 of the Bankruptcy Code and Rule 9019, a bankruptcy court is required to "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." Martin, 91 F.3d at 393. The bankruptcy court will consider four criteria in applying this balancing test: "(1) the probability of success in the litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." Id. (citing Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-25 (1968); In re Neshaminy Office Bldg. Assocs., 62 B.R. 798, 803 (E.D. Pa. 1986)); see also In re Marvel Entm't Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) (relying on

the same four factors to determine the fairness, reasonableness, and adequacy of a settlement). "The court must also consider 'all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.'" Marvel, 222 B.R. at 249 (citing TMT Trailer, 390 U.S. at 424). The ultimate inquiry is whether, in the court's discretion, the compromise embodied in the settlement "is fair, reasonable, and in the best interest of the estate." In re Louise's, Inc., 211 B.R. 798, 801 (D. Del. 1997).

13.    The Debtors have filed this Motion in accordance with the terms of the Bankruptcy Court's Order Granting Debtors (I) Limited Waiver of Requirements of Local Rule 3007-1(f) and (II) Authority to Settle Disputed Claims [Docket No. 2657]. That order provides, in relevant part, that if a proposed settlement amount of a Disputed Claim (as defined therein) is equal to or greater than $1,000,000, the Debtors are authorized to settle the Disputed Claim and execute necessary documents, including a stipulation of settlement or release, only following approval of the Bankruptcy Court pursuant to Rule 9019.

14.    Tribune Publishing's entry into and performance of the obligations under the Stipulation should be approved by the Bankruptcy Court. The settlement contained in the Stipulation is the product of arm's-length negotiations over a period of approximately eight months between the Landlord and Tribune Publishing, as well as the Debtors' outside financial advisors at Alvarez & Marsal. Those negotiations involved the exchange of documentary support for each of the Parties' positions in support of, and in opposition to, the amount of the Lease Claim as asserted by the Landlord. Tribune Publishing evaluated its own books and records and the materials submitted by the Landlord and has concluded that the Lease Claim should properly be allowed in the reduced amount set forth in the Stipulation.[3]

---

[3] The agreed amount of the Lease Claim set forth in the Stipulation is within the statutory cap on lease rejection claims set forth in section 502(b)(6) of the Bankruptcy Code, for the avoidance of doubt.

46429/0001-8631225v1

15. Settlement of the Lease Claim on the terms set forth in the Stipulation provides several benefits to the Debtors. The settlement resolves one of the largest outstanding lease rejection claims against the Debtors' estates, and provides for a full release by the Landlord of all claims against any of the Debtors relating to the subject matter of the Lease Claim, affording the Debtors appropriate finality. In addition, the Stipulation accomplishes these aims without incurring unnecessary litigation costs or requiring Bankruptcy Court intervention respecting an objection. The Stipulation also protects Tribune Publishing from a potential unfavorable ruling on any such an objection. For these reasons, the settlement is fair, reasonable, and in the best interest of Tribune Publishing's estate, and Tribune Publishing should accordingly be authorized to enter into and perform its obligations under the Stipulation.

## NO PRIOR REQUEST

16. No previous request for the relief requested in this Motion has been made in this or any court.

## NOTICE

17. Notice of this Motion has been provided to (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the administrative agent for the post-petition lenders; (iv) counsel to the administrative agents for Tribune Company's prepetition lenders; (v) counsel to the Landlord; and (vi) all parties entitled to receive notice in these chapter 11 cases pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. In light of the nature of the relief requested, Tribune Publishing submits no further notice need be given.

WHEREFORE, Tribune Publishing respectfully requests that the Court enter an order (i) authorizing Tribune Publishing to enter into and perform its obligations under the Stipulation and (ii) granting such other and further relief as the Court may deem just and proper.

Dated: Wilmington, Delaware
      June 20, 2012

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kenneth P. Kansa
Geoffrey M. King
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION