**EXHIBIT A**

**Stipulation**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## STIPULATION BETWEEN DEBTORS AND WOODIES HOLDING, LLC
## MODIFYING PROOF OF CLAIM NO. 6141

| | |
|---|---|
| NAME OF CLAIMANT: | **Woodies Holding, LLC** |
| CLAIM NO.: | **6141** |
| ALLOWED CLAIM NO.: | **6141** |
| ALLOWED CLAIM AMOUNT: | **$1,979,958.19** |
| ALLOWED CLASSIFICATION: | **Unsecured, Nonpriority** |

This stipulation between Woodies Holding, LLC ("Woodies" or the "Claimant")

and Tribune Publishing Company ("Tribune Publishing") regarding the modification and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

1

allowance of Claim No. 6141 (the "Claim") asserted by the Claimant is entered into by and among Tribune Publishing and the Claimant (the "Parties").

## RECITALS

A. On December 8, 2008 (the "Petition Date"), Tribune Company and various of its affiliates, including Tribune Publishing (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

B. On June 5, 2009, the Debtors filed the Fourth Omnibus Motion for Entry of an Order Authorizing Debtors to Reject Certain Leases of Nonresidential Real Property Pursuant to Section 365 of the Bankruptcy Code [D.I. 1302] (the "Rejection Motion"), pursuant to which the Debtors sought Bankruptcy Court approval for the rejection of certain leases, including that certain Lease, dated May 9, 2005, between Woodies, as Lessor, and Tribune Publishing, as Lessee, for the property located at 1025 F Street, N.W., Washington, D.C. (the "Lease"). On June 25, 2009, the Bankruptcy Court entered an amended order granting the Rejection Motion [D.I. 1629] (the "Rejection Order"), which provided, among other things, that the Lease was deemed to be rejected by Tribune Publishing.

C. On July 31, 2009, the Claimant filed the Claim against the Tribune Publishing in the aggregate face amount of $2,064,202.80 based on alleged damages in connection with the rejection of the Lease. The Claim was assigned Claim No. 6141 by the Bankruptcy Court-appointed claims agent.

D. The Debtors engaged in discussions and negotiations with Woodies to reconcile the Claim against Tribune Publishing's books and records and determine the amount

due and owing to Woodies. As a result of those discussions, the Parties have agreed that the Claim should be reduced and allowed in the amount of $1,979,958.19.

E. The Parties have reached an agreement as to the modification and allowance of the Claim and have agreed to enter into this stipulation (the "Stipulation") to document their agreement.

NOW, THEREFORE, THE PARTIES STIPULATE AND AGREE AS FOLLOWS:

## AGREEMENT

1. The recitals set forth above are incorporated herein by reference.

2. The Parties agree that the Claim, originally asserted in the amount of $2,064,202.80, shall be reduced and allowed as a general unsecured claim against Tribune Publishing in the modified amount of $1,979,958.19.

3. The Parties acknowledge and agree that Woodies does not need to take any further action to seek to allow the Claim in Tribune Publishing's chapter 11 case. Woodies does not object to the amendment of the claims register in Tribune Publishing's chapter 11 case by either Tribune Publishing or the Bankruptcy Court-approved claims agent to reflect that the Claim is to be allowed as set forth herein.

4. The Claim, as modified hereby, shall be satisfied in accordance with the provisions for the satisfaction of general unsecured claims against Tribune Publishing set forth in the chapter 11 plan of reorganization, and any amendments thereto, that is ultimately confirmed for Tribune Publishing (the "Plan"), when such Plan becomes effective. The satisfaction of the Claim in accordance with the Plan shall be in full and final satisfaction of all claims arising out of or relating to the liabilities asserted in the Claim.

5. Woodies, including its successors and assigns, agrees to waive and release any additional claims, whether by proof of claim filed in any of the Debtors' chapter 11 cases or otherwise, arising out of or relating to the liabilities asserted against Tribune Publishing in the Claim. Woodies, including its successors and assigns, further agrees not to file any additional proofs of claim against any of the Debtors for liabilities arising out of or relating to the Claim. In consideration of the foregoing, Tribune Publishing agrees to waive and release any setoff and counterclaims that it may have against Woodies arising out of or relating to the subject matter of the Claim.

6. This Stipulation constitutes the Parties' entire agreement and supersedes and amends any and all agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof, except as otherwise expressly provided herein. This Stipulation is not intended to confer upon any other person any rights or remedies hereunder.

7. The undersigned persons represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Stipulation.

8. This Stipulation may be executed in counterparts, all of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

9. This Stipulation shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to principles of conflict of laws.

10. This Stipulation may not be amended without the express written consent of all Parties hereto.

11. The Parties acknowledge that each Party has participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against either Party on account of such drafting.

12. The Bankruptcy Court shall retain jurisdiction over any and all disputes or other matters arising under or otherwise relating to this Stipulation.

13. All contentions made in this Stipulation are made in furtherance of a proposed settlement and neither the Claimant nor the Debtors admit or concede the validity of any of claims or defenses and nothing herein shall be deemed an admission of fact or law.

14. Each of the Debtors expressly reserves its right to object to any other claims asserted by Claimant.

[SIGNATURE PAGE FOLLOWS]

STIPULATED AND CONSENTED TO AS OF JUNE ___, 2012 BY:

WOODIES HOLDING, LLC

By: _____
Douglas Jemal
Manager

TRIBUNE PUBLISHING COMPANY

By: _____
John Rodden
Vice President, Tribune Company

6