# CHADBOURNE
## & PARKE LLP

30 Rockefeller Plaza, New York, NY 10112
tel (212) 408-5100  fax (212) 541-5369

**David M. LeMay**
**direct tel** (212) 408-5112
dlemay@chadbourne.com

June 21, 2012

The Honorable Kevin J. Carey
United States Bankruptcy Judge
United States Bankruptcy Court for the District of Delaware
824 North Market Street, Fifth Floor
Wilmington, Delaware 19801

    Re:    **In re Tribune Company, et al., Debtors (Case No. 08-13141)**

Dear Judge Carey:

    We write on behalf of the Official Committee of Unsecured Creditors of Tribune Company and its various debtor-subsidiaries (the "Creditors' Committee") in response to the June 20, 2012 letter to Your Honor from counsel to Aurelius Capital Management, LP [Docket No. 11856]. Aurelius argues that certain revisions should be made to the Agreement Respecting Transfer of Documents, Information and Privileges from the Creditors' Committee to the Litigation Trust [Docket No. 11836, Exhibit 6] (the "Agreement") to create a contractual right for the Litigation Trustee to subpoena the Creditors' Committee, its members and its professionals for matters covered by the Agreement. The Creditors' Committee opposes those revisions for the reasons set forth herein.

    The Creditors' Committee is obligated under the Agreement to cooperate with the Litigation Trust by providing access to documents and information relating to the "Claims"[1] and to "use commercially reasonable best efforts" to provide access to documents relating to the Claims in the possession, custody or control of its professionals. If the Litigation Trustee believes the Committee has failed to properly cooperate he can seek an order from this Court to enforce the Agreement, and he can subpoena the professionals if they fail to provide access to documents.

    Under Aurelius's proposed changes, however, the Litigation Trustee could take depositions and seek discovery of the Creditors' Committee, its members and its professionals, without prior motion or order of the Court, without limiting the subject of discovery to

---

[1] In substance, the "Claims" are the Preserved Causes of Action that will be pursued by the Litigation Trust. *See* Agreement § I.A.2; DCL Plan §§ 1.1.124, 1.1.174.



# CHADBOURNE
## & PARKE LLP

information relating to the Claims, and regardless of whether all obligations under the Agreement have been complied with in full.[2]

Aurelius's changes would require the Creditors' Committee—if it opposes the Litigation Trustee's discovery demands—to file motions to quash. But since the Agreement already provides for the Creditors' Committee's cooperation with the Litigation Trust, the Agreement should presume that the required cooperation will occur. If the Litigation Trustee desires additional information beyond what is turned over pursuant to the Agreement, he should be required to move the Court for such relief. To that end, and as a proposed compromise, the Creditors' Committee proposes that Subsections II.I and II.J of the Agreement be revised as indicated in the blackline annexed as Exhibit A hereto.

The dispute is of real importance to the members of the Creditors' Committee. In light of the unfortunate history of parties seeking inappropriate discovery from Committee members and counsel—discovery that was largely quashed by this Court[3]—granting a subpoena right to the Litigation Trustee without first requiring that he obtain an order from this Court authorizing the proposed discovery would threaten to inflict undue burdens on the Creditors' Committee's members and professionals.

For all of the reasons set forth herein, the Agreement should be approved in its current form or, alternatively, as revised pursuant to Exhibit A. We are available at the Court's convenience to participate in any proceedings that the Court may schedule.

Respectfully submitted,

David M. LeMay

cc: All counsel of record

---

[2] Although the ability to seek discovery is vested in the Litigation Trustee, the Litigation Trustee serves at the pleasure of a Litigation Trust Advisory Board. Two of the three prospective members of that board are either effectively controlled by Aurelius or are at a minimum subject to substantial influence on these matters from Aurelius by virtue of Aurelius's large positions in the Senior Notes and PHONES Notes.

[3] See, e.g., Tr. 2/25/11 at 7:1-2 (quashing Aurelius's deposition subpoenas of two Committee members and Committee counsel); Order Granting Motion of the Official Committee of Unsecured Creditors to Quash Subpoenas [Docket No. 8241]; Order Granting in Part and Denying in Part Motion of the Official Committee of Unsecured Creditors to Quash Subpoenas [Docket No. 8239].



## EXHIBIT A

**Blackline of Proposed Revisions to Subsections II.I and II.J of Committee's LT Agreement against Version Submitted by Aurelius on June 20, 2012**

I. <u>No Limitation on Access</u>.

Notwithstanding anything in this Agreement to the contrary, <u>except as set forth below with respect to the Creditors' Committee and its retained professionals,</u> the Parties acknowledge and agree that nothing herein shall limit the full exercise of the rights under applicable law of the Litigation Trustee to seek and obtain information, documents or to take depositions of any Person, by subpoena or otherwise pursuant to legal process, regardless of whether or not an obligation of Cooperation is owed hereunder with respect to such information, documents or depositions or any demands made under this Agreement shall have been complied with in full or in part or any remedy with respect to any actual or purported breach or noncompliance with this Agreement has been sought; provided, however, that in connection with any exercise of rights by the Litigation Trustee to seek and obtain information, documents or to take depositions of any Person by subpoena or otherwise pursuant to legal process, the Person shall retain any objections or defenses to such exercise of rights that it may have under applicable law. <u>The Litigation Trustee shall not, however, seek information or documents (other than as provided in this Agreement) from, or take depositions of, the Creditors' Committee or its professionals, without first obtaining leave from the Bankruptcy Court pursuant to a motion on notice.</u>

J. <u>Reservation of Rights</u>

The Parties acknowledge and agree that nothing herein shall, <u>except as set forth below with respect to the Creditors' Committee and its retained professionals,</u> limit, in any way, (i) the Litigation Trustee's rights under applicable law to seek Documents Relating to the Claims or Information Relating to the Claims, including but not limited to the right to serve a subpoena seeking Documents or information encompassed by Section II.B and/or II.C of this Agreement, or (ii) any Person's or entity's rights to object or raise all applicable defenses to such requests. <u>The Litigation Trustee shall not, however, seek Documents Relating to the Claims or Information Relating to the Claims from, or serve subpoenas on, the Creditors' Committee or its professionals, other than as provided in this Agreement, without first obtaining leave from the Bankruptcy Court pursuant to a motion on notice.</u>