IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Case No. 08-13141(KJC) |
| | ) | (Jointly Administered) |
| | ) | |
| TRIBUNE COMPANY | ) | Chapter 11 |
| | ) | |
| | ) | Courtroom 5 |
| | ) | 824 Market Street |
| Debtors. | ) | Wilmington, Delaware |
| | ) | |
| | ) | June 21, 2012 |
| | ) | 2:00 p.m. |


TRANSCRIPT OF TELEPHONIC PROCEEDINGS
BEFORE THE HONORABLE JUDGE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtors:                 Sidley Austin
                             BY: JAMES BENDERNAGEL, ESQ.
                             (202) 736-8136
                             BY: JESSICA BOETLER, ESQ.
                             (312) 853-7030
                             BY: KEVIN LANTRY, ESQ.
                             (213) 896-6022
                             BY: JILLIAN LUDWIG, ESQ.
                             (312) 853-7523
                             BY: RONALD FLAGG, ESQ.
                             (202) 736-8171
                             BY: KERRIANN MILLS, ESQ.
                             (312) 853-0036
                             BY: KEN KANSA, ESQ.
                             (312) 853-7163

                             Cole Schotz Meisel Forman & Leonard
                             BY: J. KATE STICKLES, ESQ.
                             (302) 651-2001
                             BY: NORMAN PERNICK, ESQ.
                             (302) 651-2000

ECRO:                        AL LUGANO

Transcription Service:       DIAZ DATA SERVICES
                             331 Schuylkill Street
                             Harrisburg, Pennsylvania 17110
                             (717) 233-6664
                             www.diazdata.com


Proceedings recorded by electronic sound recording;
transcript produced by transcription service

TELEPHONIC APPEARANCES:

For Debtor:                    Tribune Company
                               BY: DAVE ELDERSVELD
                               (312) 222-4707
                               BY: DON LIEBENTRITT
                               (312) 222-3651
                               BY: GARY WEITMAN
                               (312) 222-3394

For The Official
Committee of Unsecured
Creditors:                     Landis Rath & Cobb
                               BY:  MATTHEW MCGUIRE, ESQ.
                               BY: ADAM G. LANDIS, ESQ.
                               BY: DANIEL RATH, ESQ.
                               (302) 467-4400

                               Chadbourne & Parke LLP
                               BY: DAVID LEMAY, ESQ.
                               BY: THOMAS MCCORMACK, ESQ.
                               (212) 408-5100
                               BY: MARC D. ASHLEY, ESQ.
                               (212) 408-5194
                               BY: DOUGLAS DEUTSCH, ESQ.
                               (212) 408-5169
                               BY: MARC ROITMAN, ESQ.
                               (212) 408-5271
                               BY: HOWARD SEIFE, ESQ.
                               (212) 408-5361

                               Zuckerman Spaeder, LLP
                               BY: GRAEME BUSH, ESQ.
                               BY: ANDREW GOLDFARB, ESQ.
                               BY: JAMES SOTTILE, ESQ.
                               (202) 778-1800
                               BY: ANDREW CARIDAS, ESQ.
                               (202) 778-1855

For Aurelius Capital
Management:                    Akin Gump Strauss Hauer & Feld
                               BY: DAVID ZENSKY, ESQ.
                               (212) 872-1000

                               Aurelius Capital Management, LP
                               BY: MATTHEW A. ZLOTO
                               (646) 445-6518

                               Ashby & Geddes
                               BY: AMANDA WINFREY, ESQ.
                               (302) 654-1888

```
For JPMorgan Chase
Bank:                       Richards Layton & Finger, PA
                            BY: DREW G. SLOAN, ESQ.
                            (302) 651-7612

                            Davis Polk & Wardwell, LLP
                            BY: ELLIOTT MOSKOWITZ, ESQ.
                            (212) 450-4241
                            BY: DAMIAN SCHAIBLE, ESQ.
                            (212) 450-4000

For Wilmington Trust:       Sullivan Hazeltine & Allinson
                            BY:  WILLIAM A. HAZELTINE, ESQ.
                            (302) 428-8191

                            Brown Rudnick, LLP
                            BY: GORDON NOVOD, ESQ.
                            (212) 209-4940

For Citigroup:              Paul Weiss Rifkind Wharton &
                            Garrison
                            BY: ANN K. YOUNG, ESQ.
                            (212) 373-3000

For Wells Fargo Bank:       White & Case
                            BY: ANDREW ZATZ, ESQ.
                            (212) 819-8744

For Employees Compensation
Defendant's Group:          Frank Gecker, LLP
                            BY: REED HEILIGMAN, ESQ.
                            (312) 276-1432

For Credit Agreement
Lenders:                    Jones Day
                            BY: JOSHUA M. MESTER, ESQ.
                            BY: JAMES O. JOHNSTON, ESQ.
                            (213) 489-3939

                            Young Conaway Stargatt & Taylor
                            BY: M. BLAKE CLEARY, ESQ.
                            (302) 571-6714
                            BY: ROBERT S. BRADY, ESQ.
                            (302) 571-5713
```

```
For Merrill Lynch:          Potter Anderson & Carroon, LLP
                            BY: R. STEPHEN MCNEILL, ESQ.
                            (302) 984-6067
                            BY: LAURIE S. SILVERSTEIN, ESQ.
                            (302) 984-6033

                            Kaye Scholer, LLP
                            BY: JANE PARVER, ESQ.
                            (212) 836-8510
                            BY: MADLYN G. PRIMOFF, ESQ.
                            (212) 836-7042

For Law Debenture Trust
Company of New York:        Bifferato Gentilotti, LLC
                            BY: GARVAN MCDANIEL, ESQ.
                            (302) 429-1900

                            Kasowitz Benson Torres & Friedman
                            BY: MATTHEW STEIN, ESQ.
                            (212) 506-1717

For Bank of America:        O'Melveny & Myers
                            BY: DANIEL S. SHAMAH, ESQ.
                            (212) 326-2138
                            BY: EVAN JONES, ESQ.
                            (213) 430-6236

For Chandler Bigelow:       Sperling & Slater
                            BY: GWEN NOLAN, ESQ.
                            (312) 641-3200

For EGI-TRB, LLC:           Jenner & Block, LLP
                            BY: DOUGLAS SNODGEROTH, ESQ.
                            (312) 222-9350

For Interested Party:       Jeffries & Company
                            BY: JUSTING BRASS
                            310-575-5128

For U.S. Trustee:           Office of the United States Trustee
                            BY: DAVID KLAUDER, ESQ.
                            (302) 573-6491

For SuttonBrook Capital
Management:                 SuttonBrook Capital Management, LP
                            BY: CAROL L. BALE
                            (212) 588-6640
```

1  WILMINGTON, DELAWARE, THURSDAY, JUNE 21, 2012 2:01 P.M.

2          THE CLERK:  All rise.  Be seated, please.

3          THE COURT:  Good afternoon.  This Judge Carey.

4  We're on the record in the Tribune related Chapter 11

5  proceedings.  This telephonic hearing was prompted by Mr.

6  Zensky's June 20 letter to me.  I have that and the response

7  by Mr. LeMay in his letter of June 21.  Let me first ask

8  based upon the committees' suggested revision to the

9  language that's at issue here, has any resolution been

10 reached?

11         MR. ZENSKY:  Your Honor, David Zensky, Akin,

12 Gump, Strauss, Hauer & Feld, for Aurelius Capital

13 Management.

14         Thank you for hearing us on short notice.  And

15 the answer to your question is no, Your Honor.  The proposed

16 revisions have not resulted in a resolution of the matter.

17         THE COURT:  All right.  Mr. Zensky, you may

18 proceed.

19         MR. ZENSKY:  Thank you, Your Honor.  Your Honor,

20 this relates to a topic that we discussed at some length

21 when we were last live in your courtroom.  And that is the

22 desire of our client to make sure that the preserved causes

23 of action, which were a centerpiece of the plan, and a

24 centerpiece of the Court's decision to uphold the

25 settlement, are passed onto the litigation trust without any

1  prejudice whatsoever.

2          This particular dispute starts with Plan Section

3  15.2, which deals with the obligations and status of the

4  committee post-effective date.  And it basically says that

5  the committee goes away on the effective date except for

6  specified activities, one of which is complying with the

7  agreement that we are about to talk about.

8          Now that section of the plan, Your Honor, doesn't

9  say anything about insulating the committee or its

10  professionals, more to the point, from potential discovery

11  in the future, should the need arise.  Nor does any

12  exculpation provision of the plan immunize or purport to

13  immunize the committee or its professionals from the normal

14  flow of potential discovery obligations.

15          Notwithstanding that, in the form of the

16  documents submitted to you by the debtors on Monday, on

17  behalf of all the parties, the committee is insisting that

18  they obtain some sort of protection from discovery and that

19  you order that it be inserted into the Committee Litigation

20  Trust Agreement.  That's how it's defined in the plan, Your

21  Honor.  That would immunize its professionals and itself

22  from discovery down the road, should the need arise.

23          So as a result of that dispute, you have two

24  versions before you.  And the dispute really just centers on

25  Subsection 2(I) and Subsection 2(J) of that document.

1          Now our language that was submitted as Exhibit 9

2  to Your Honor by the debtors, it simply tracks what's

3  already in the debtor version of this agreement.  The debtor

4  version of the agreement provides, and we would have this

5  agreement provide similarly, that notwithstanding the

6  contractual duties that are being undertaken or ordered in

7  the Confirmation Order to participate in gathering the

8  materials and assigning the privileges and everything else

9  that these documents are supposed to do to facilitate the

10  work of the litigation trust, and notwithstanding all of

11  that, the litigation trustee reserves whatever rights he has

12  at law or will have at law to pursue necessary discovery in

13  eight of the preserved causes of action.  And the parties

14  that receive those discovery requests, receive -- retain

15  whatever rights under law they have to object to discovery.

16  That's how we would see this dispute resolved, just leave

17  the parties to their rights and remedies under the Federal

18  Rules of Civil Procedure.

19          We tried to meet the committee as far as we could

20  on this, Your Honor, and inserted a provision in our version

21  which is, I believe on Page 8, which says, look, no one is

22  going to harass the committee unnecessarily and subpoena

23  documents that you've already provided.  It seems silly that

24  you would have to say that, but we put that in our version

25  and that was not satisfactory to the committee.

1            Now if we turn to the committee's language and

2    that was -- that's on Page 12 of their version, Your Honor,

3    which is before you as Exhibit 6 to the debtor filing.  What

4    the committee would have this Court decide is that no matter

5    the potential need, whatever arises in the future, the

6    litigation trustee will not seek any information, any

7    documents, or any deposition testimony from the committee or

8    any of its retained professionals through a formal discovery

9    mechanism.

10           Now let me tell you why we think it matters, Your

11   Honor.  As you know, those actions are in their infancy.

12   They've been stayed since the committee was granted leave to

13   standing to pursue those actions.  The committee is the one

14   that's familiar with the investigation that was done to

15   prepare and file those claims, not the noteholders.

16           Now as the case goes forward and it's passed on

17   to the litigation trustee for prosecution, maybe an issue

18   comes up about the investigation that the committee

19   undertook in developing the FitzSimons complaint or what is

20   now known as the advisor complaint.  That's the piece of the

21   JP Morgan action that was severed off by Your Honor.  Maybe

22   something comes up that does require testimony about the

23   nature of the investigation or about the proceedings in the

24   bankruptcy that led to the commencement of the action and

25   its ultimate assignment to the litigation trust, that a

1    committee or a committee professional could speak to.

2              More to the point, maybe the committee has

3    original documents in its possession, has witness statements

4    in its possession.  We don't know what they gathered in the

5    course of their investigation on the preserved causes of

6    action, Your Honor.  As I said, that's been stayed.  If they

7    have such material, they might need to be authenticated down

8    the road.  And the way you authenticate things is through a

9    deposition.  Maybe the committee conducted witness

10   interviews that were not transcribed in the form of a

11   deposition that could be relevant and that the litigation

12   trustee would want to obtain in the form of admissible

13   evidence.  Maybe there were conversations outside of 408

14   context or even within a 408 context, with the defendants in

15   the preserved causes of action that might give rise to

16   admissible testimony by a committee professional that's in

17   possession of that knowledge.

18             So maybe there are a half a dozen others, Your

19   Honor, of examples I can think of.  But why would we want to

20   foreclose that if it becomes necessary down the road?  And

21   why would the committee be insisting on it at this juncture?

22   Impliedly, the committee suggests, Your Honor, that this

23   agreement that's before you, somehow already would allow the

24   litigation trustee to develop the testimony that I just

25   referred to as hypothetical need.  And that's not true, Your

1  Honor.  And I would ask if you could look at Page 8 of

2  either version because on this there is no dispute as to

3  what the proposed agreement says.  I'll wait till Your Honor

4  has that open.

5          THE COURT:  I do.

6          MR. ZENSKY:  Okay.  So if you look at Page 8,

7  you'll see a section that's called privileged information

8  relating to the claims.  Your Honor, this follows the

9  section of the document that provides for the gathering of

10  actual documents and turning them over to the litigation

11  trust.  This deals with information.  And all that the

12  committee has agreed to do in Subsection C, is that only

13  within the first 90 days of the effective date, and the

14  committee was the one that insisted on a sunset for this

15  provision, that within the first 90 days, that the committee

16  would direct its professionals to meet with the litigation

17  trustee to provide privileged information, should he need

18  it, about the theories underlying the causes of action that

19  he is -- he, the litigation trustee, will now be charged

20  with prosecuting, and/or other facts germane to that.

21          This doesn't provide that if committee testimony

22  is needed for any of the reasons I just hypothesized or any

23  other reason, that they will cooperate.  The agreement

24  doesn't speak to that at all.  If anything, actually, maybe

25  it should have.  Maybe the committee should have agreed that

1  if the testimony of its professionals is needed, they would

2  cooperate.  But we're not even asking for that.  We're just

3  asking that the agreement stay silent on this issue and

4  reserve all parties' rights to pursue that discovery and

5  object to that discovery, should it come up in the future.

6         Now very quickly in Mr. LeMay's letter, and I

7  must say, Your Honor, it's a little odd to hear from Mr.

8  LeMay at this juncture, because Mr. Sottile and I, and only

9  Mr. Sottile and I, had a dozen or more conversations about

10  this agreement and exchanged what feels like eight to ten

11  versions of it, to get it into the form that it's now before

12  you where there is a narrow and discrete dispute.

13         In any event, in the letter, Mr. LeMay says that

14  our version would create a contractual right to have the

15  litigation trustee take discovery of the committee or its

16  professionals and that's in paragraph one of his letter.

17  And no such thing exists in our agreement, Your Honor.  And

18  there's no presumption that discovery can or should be

19  taken.  There's no presumption that the trustee would be

20  entitled to it.  All there is silence that the federal rules

21  will govern.  And if the trustee needs discovery, he'll

22  pursue it.  And the target of that discovery or object of

23  that discovery reserves its rights.

24         In paragraph three of the letter, Mr. LeMay

25  suggests that our version would allow the litigation trustee

1  to take discovery that "is not related to the claims", and

2  in this context, Your Honor, the claims are the claims that

3  are going into the litigation trust to be pursued.

4         Again, our version does not permit the litigation

5  trustee to seek anything of the sort because Rule 26 says

6  so.  Rule 26 says that discovery has to be related to the

7  pursuit of a claim or defense.  And here, the claims are the

8  ones that are pending, not settled claims, the pending

9  claims.  Surely, Judge Pauley had the handle on Rule 26 and

10 could enforce any limit on discovery that any party feels is

11 appropriate, Your Honor.

12        Finally, the letter refers to discovery that was

13 sought and denied during the course of the confirmation

14 hearing, and it really does strike us, Your Honor, as the

15 ultimate in paranoia.  The efforts to depose committee

16 counsel back at that juncture were designed to get at the

17 manner in which the DCL settlement had been negotiated,

18 given, as Your Honor will recall, that much of the

19 negotiations occurred through counsel.  But the manner in

20 which that settlement, which the Court has ruled on and is

21 not part of the preserved claims, the manner in which that

22 was negotiated, would at least seem to me, had nothing at

23 all to do with the prosecution of the preserved claims.

24        And the notion that is implied here that either

25 Mr. Kirchner or other beneficiaries of the trust would try

1    to depose the committee on those topics for sport, at the

2    expense of creditors is borderline offensive, Your Honor.

3    And nothing could be further from anyone's motivation in

4    trying to preserve the parties' rights, certainly on my side

5    of the equation here.

6              So to wrap up, Your Honor, our view is that the

7    bottom line is that there should be no special rule in this

8    document for the committee or its professionals.  They

9    should gladly cooperate in turning the causes of action over

10   to the trust for prosecution.  And thereafter, whatever

11   comes up should come up and be governed by the federal

12   rules.

13             THE COURT:  Mr. Zensky, just confirm for me,

14   would this provision cover litigation in Courts other than

15   this one including the MDL litigation pending in the

16   Southern District?

17             MR. ZENSKY:  The answer to that is yes.  And I

18   would say, Your Honor, it -- well, the status of the advisor

19   action is uncertain at this point because the MDL panel

20   issued a Transfer Order, and that was opposed by the

21   Defendants in that action.  And Mr. Sottile could speak to

22   that in further detail, if Your Honor requires.

23             The FitzSimons action has been transferred to

24   Judge Pauley for all pretrial proceedings so the answer to

25   your question is that this provision would have effect,

1   whatever is adopted, during the pretrial phase of the

2   FitzSimons action in the Southern District.  It's

3   conceivable that portions of that would be remanded back to

4   Your Honor for trial, but for the near future, it would be

5   under the auspices of the Southern District.

6             THE COURT:  All right, thank you.  I'll hear from

7   the committee.

8             MR. LEMAY:  Good afternoon, Your Honor.  David

9   LeMay, from Chadbourne & Parke for the Official Committee of

10  Unsecured Creditors.

11            And it should not be surprising, I don't think,

12  that I wrote the letter or that I am addressing the Court on

13  this matter.  My firm, Chadbourne & Parke, is of course, the

14  committee's counsel.  We did, naturally, coordinate very

15  closely with Mr. Sottile in talking about his conversations

16  with Mr. Zensky and in the crafting of this letter.  And so

17  I was a little surprised to hear about any of that.

18            Your Honor, I think the Court asked the right

19  question, at the outset, of Mr. Zensky.  Did the proposed

20  change set forth in my letter of this morning, resolve the

21  issue.  And of course, you've heard that it did not.  But

22  you'll see that the burden of that proposed change or the

23  point of it is simply to ask that there be a gatekeeper

24  before further discovery be served upon the committee.  And

25  we would ask that you be that gatekeeper.

1          THE COURT:  Mr. LeMay?

2          MR. LEMAY:  And I'd like to talk a little bit

3   about why such a gatekeeper is needed and why it's entirely

4   appropriate that the Bankruptcy Court, as opposed to any

5   other Court, be the gatekeeper in the case of the committee.

6          THE COURT:  Mr. LeMay?

7          MR. LEMAY:  There is no --

8          THE COURT:  Mr. LeMay?

9          MR. LEMAY:  Yes, Your Honor.

10          THE COURT:  Let me ask you to pause for a moment.

11   You've heard me say many times, especially in connection

12   with this litigation, that it's not my preference to tell

13   other Courts what they should do with respect to matters

14   that they're fully able to adjudicate before them.  Why

15   wouldn't that principle, why shouldn't it apply here?

16          MR. LEMAY:  Your Honor, and we have certainly

17   have heard you say that many, many times, and I certainly

18   understand why that is a wise principle in general.  Let me

19   tell you why I think that shouldn't be the rule here.

20          In Chapter 11, a creditors' committee is uniquely

21   a creature of the Federal Bankruptcy Code and exists

22   uniquely to serve the purposes of Chapter 11.  It's not like

23   the debtors.  It's really not even like an individual

24   creditor, including an individual creditor who happens to be

25   a member of the creditors' committee.  It is a -- it's

1  called an official committee for a reason because it serves

2  an official bankruptcy function.  Unlike individual

3  creditors and unlike the debtor, it has a limited duration.

4  And its members have, I think, a reasonable expectation that

5  they should be allowed, after a period of service, to get

6  their honorable discharge papers and go home.  That, as a

7  matter of policy, I think is very important.  One can only

8  imagine the implications for parties' willingness to serve

9  on creditors' committees if they face the prospect of

10 unmediated future discovery.

11         That's doubly important in this case, Your Honor,

12 because there is an unfortunate history of overreaching in

13 discovery.  And the -- whether it be paranoia or not, the

14 historical record here shows that committee members and

15 counsel were exposed to potential discovery that Your Honor

16 had to quash.  And I don't think it's unreasonable for

17 committee members to worry that that might happen again.  We

18 are not asking for immunization.  All the committee seeks is

19 that there be a gatekeeper before the tools of mandatory

20 discovery come out to make sure that what is being sought is

21 reasonable.  And we think that gatekeeper should be this

22 Court because of the unique nature of a creditors'

23 committee, which is really different from any other

24 participant in a bankruptcy case.

25         Your Honor, does that answer the question?  I can

1    -- I have a few other remarks, but I want to make sure I've

2    dealt with your question as best I can.

3            THE COURT:  Well, no, you -- look, you addressed

4    the question, Mr. LeMay.  And it's, you know, obvious that

5    the committee wants to be out at the end of the case and not

6    to have to be subject to further discovery requests at some

7    point.  And that dynamic is -- exists with respect to

8    committees that exist with respect to examiners whose duties

9    have been completed.  So the issue is not a new one.

10           On the other hand, it strikes me that it sets up

11    a process which could, with respect to litigation occurring

12    outside of this Court, be cumbersome and arguably --

13    although this is not a topic I've discussed with Judge

14    Pauley -- arguably, invasive of another Court's

15    prerogatives.  So that's my concern, but you may continue.

16           MR. LEMAY:  Thank you, Your Honor.  And we

17    understand the concern.  I think the problem is that Judge

18    Pauley, who certainly knows Rule 26, Mr. Zensky is right

19    about that, and he probably knows all the other rules  --

20    doesn't know that much about the unique role, status, and

21    function of a Chapter 11 creditors' committee.  That's, you

22    know, what Your Honor specializes in and that's what your

23    Court deals with.  As I say, we are not seeking immunization

24    from discovery.  That's kind of red herring.  But we do

25    think there should be a checkpoint, particularly, you know,

1  given the history.

2          The committee is already obligated under its

3  agreement, to cooperate with the litigation trust.  And we

4  fully intend to do so.  It's a -- this is peculiar argument

5  because from the committees' point of view, we are holding

6  out the hand of cooperation, only to be told that we are a

7  retrograde or recalcitrant and it seems odd.  The committee

8  shares the goal of maximizing the assets of the litigation

9  trust.  If Mr. Zensky needs documents authenticated, there's

10 no doubt that that will happen.  Why will that happen?  Not

11 because of the in terrorem effect of the litigation trustee

12 chasing committee members, but because the committee shares

13 his client's goal.

14          Against that backdrop, Your Honor, it is fair to

15 note that there is an element of distrust and Mr. Zensky

16 calls it paranoia based on prior dealings.  And in a

17 situation where the committee has pledged its cooperation

18 and will give its cooperation, contractually and because

19 it's the right thing to do, reserving the rack and

20 thumbscrews behind the scenes, seems a bit overreaching.

21          Now I wanted to distinguish a little bit the role

22 of the debtors.  Mr. Zensky said why can't the committee

23 live with what's good enough for the debtors?  And I think

24 there are a couple of key distinctions.  One, obviously, the

25 debtors are the reorganizing company.  They are for better

1  or for worse in mired in this permanently.

2          Second and perhaps more important, Your Honor,

3  because of the limitations that attach to the debtors,

4  because of their need to protect their position concerning

5  their directors' and officers' insurance policy, they don't

6  have the ability to contractually agree to cooperate with

7  the litigation trust to the same degree that the trustee

8  has.  They cannot cooperate and cannot agree to cooperate

9  with respect to certain actions against officers and

10  directors.  To do so, could have an adverse impact on their

11  coverage.

12          So unlike the committee, the debtors have to be

13  subject to a subpoena in the first instance because that's

14  going to be the way that certain information is gotten from

15  them.  And I think that they recognize that.  The committee

16  is different.  We're going to do our best to cooperate with

17  the litigation trust which we wish to see succeed and

18  flourish.  And really all we're talking about is a situation

19  where there is some perception that someone is trying to

20  overplay the discovery card.  And as I say, we, in dealing

21  with our committee, we are aware that there is a concern on

22  that issue.

23          Your Honor, that's really about it.  I don't want

24  to belabor the issue.  I quite understand Your Honor's

25  concern about impinging upon the prerogatives of other

1    Courts and that's not the desire.  But I do think that as a

2    Chapter 11 committee, the Court is in a unique position to

3    deal with this.  If for example, discovery were sought from

4    committee members during the course of bankruptcy case,

5    under Rule 2004, there would be a presupposition of judicial

6    intervention from this Court.  People don't get the right to

7    just start issuing process.  They have to check in with the

8    Court.  Really all we would like to do is say that as to the

9    members of the committee, that Rule 2004 type scheme should

10   just continue on post-confirmation.

11              Your Honor, I can answer any other questions you

12   have.

13              THE COURT:  I have none.  Thank you, Mr. LeMay.

14   Mr. Zensky, would you like a brief opportunity for rebuttal?

15              MR. BENDERNAGEL:  Your Honor, this is Jim

16   Bendernagel.  Can I talk to this issue just briefly --

17              THE COURT:  Yeah, I didn't mean to cut the debtor

18   out, Mr. Bendernagel.

19              MR. BENDERNAGEL:  -- before Mr. Zensky?

20              THE COURT:  Go ahead.

21              MR. BENDERNAGEL:  First of all, I don't disagree

22   with what Mr. LeMay said about the distinction between the

23   debtor's situation and the committee's situation.  I was a

24   little confused by Mr. Zensky's answer to the question that

25   you asked about continuing jurisdiction over these things.

1   And I just want to make sure the Court's aware.

2          This agreement contemplates -- both agreements,

3   contemplate that the Bankruptcy Court will be the

4   interpreter of the agreement itself.  And there's a

5   consequence, if there's a dispute as to the meets and bounds

6   of where this agreement stops and starts in terms of various

7   things.  Those issues, by definition, are going to come back

8   to this Court as opposed to Judge Pauley.  And I wasn't

9   clear, by your question and Mr. Zensky's answer, that that

10  necessarily was clear, although it wasn't clear to me that

11  was the question either.  But I just wanted to make sure

12  that that was understood.

13          THE COURT:  Well I will tell you --

14          MR. BENDERNAGEL:  There's also an aspect --

15          THE COURT:  -- under Third Circuit jurisprudence,

16  I don't know that that answers the question one way or

17  another, frankly.  It depends, I think is the answer.

18          MR. BENDERNAGEL:  I agree with that completely,

19  but there's a possibility that this issue would come back to

20  you -- an issue along the lines of this agreement would come

21  back to you and not go to Judge Pauley, because it isn't

22  really a Rule 26 issue.  It's really, what does this

23  contract mean?  And you know, that's a different question.

24  But I just wanted you to be aware of that, if you weren't

25  already aware of it.  But I don't think it's definitive in

1  this regard.  I agree with that.

2          THE COURT:  No, I understand what you're saying

3  and I think my response would be the same.

4          MR. BENDERNAGEL:  I agree with that.

5          THE COURT:  Okay.

6          MR. BENDERNAGEL:  The final point, and then I'll

7  be quiet, is there is a fee shifting issue here.  And I

8  presume that this isn't all an effort, either in our

9  agreement or in the committee's agreement, to avoid

10 responsibility for paying what they've agreed to.  And I

11 think we would have an objection, if all of a sudden they

12 used process as a way of sort of avoiding paying us under

13 the agreement for the cooperation they've agreed to pay us

14 for.

15         And with the committee, I think there's just an

16 open-ended question of, if, in fact, Mr. Zensky comes back

17 in the future, or the trustee comes back in the future,

18 excuse me, and asks the committee to do something and the

19 committee says I want to be paid, who's actually going to

20 pay that?  Because I don't think the reorganized debtor is

21 looking to take on post-effective-date commitments in that

22 regard.  And I don't know what Mr. Zensky's position is on

23 that issue.  I mean, because up until now, this really

24 hasn't been our issue.

25         THE COURT:  Well, you raised an interesting point

1  that nobody addressed in the submissions.  And I was

2  wondering if someone was going to raise it, but I -- the

3  parties aren't arguing it, so I'm not sure I need to

4  consider it.

5          All right, anyone else wish to be heard before I

6  go back to Mr. Zensky?

7                    (No audible response.)

8          THE COURT:  Mr. Zensky, I'll give you the last

9  word, briefly.

10         MR. ZENSKY:  Thank you, Your Honor, very briefly.

11 In terms of the proposal that the committee submitted with

12 its letter, I, of course, agree with the concerns Your Honor

13 raised.  But I have a third and equally important concern.

14 And that is if the Court were to require that the litigation

15 trustee come to the Bankruptcy Court in advance of seeking

16 discovery and justify that discovery, I fear that that would

17 require, unnecessarily to divulge litigation theories,

18 evidence theories, and the like.

19         In other words, normally, a party doesn't have to

20 layout in advance of noticing a deposition or seeking

21 documents.  This is what I'm trying to get and this is how

22 it's going to help my case.  And yet, that seems to be

23 exactly what Mr. LeMay's proposal is contemplating, that the

24 litigation trustee would come back to you and in advance for

25 the whole world to see, justify the need for the discovery.

1          Second point, Your Honor, is that Mr. LeMay said,

2    well, of course, the committee will be there to authenticate

3    documents and provide -- authenticate witness statements, if

4    need be.  As I pointed Your Honor to, at their insistence,

5    there is a 90-day sunset on any obligation whatsoever of the

6    committee in this document.  So the agreement says one thing

7    and Mr. LeMay's here telling you another.  And that was at

8    their request that it be -- that all obligations lapse 90

9    days after the effective date.  So I don't see that as an

10   acceptable response.

11         More to the point, as I explained to Your Honor,

12   that section does not provide for actual on-the-record

13   deposition testimony which could be needed.  So cooperation

14   is fine.  And hopefully, will be provided to the extent the

15   trustee needs it.  But that does not at all help him with

16   the contingency where he may require some sort of testimony

17   and all we are trying to do is make sure that the Court does

18   not foreclose it by accepting an agreement that would

19   provide as much.  That's all I have, Your Honor.

20         THE COURT:  All right, thank you.  I will add

21   this to the disputes that the Court took under advisement as

22   part of confirmation.

23         And Mr. Bendernagel, I guess given how things

24   have developed in the way of the timing of submissions, and

25   to let you know that I do intend to do what it is we talked

1  about.  And that is, to the extent, after consideration of

2  the remaining disputes, I have problems, my inclination is

3  to speak with the parties about that before issuing a

4  decision.  And I think the next opportunity for that is

5  going to be the July 11 hearing that's already scheduled.

6           And I'll add to that, in terms of scheduling,

7  that I will be going on vacation beginning at the close of

8  business today, assuming I'm able to close business today,

9  and not returning until after the Fourth of July.  So in the

10  interim, I would expect that parties will not be sending

11  letters to chambers.  And that if anyone needs relief in

12  connection with confirmation, that they'll simply need to

13  file the appropriate motion and ask that it be scheduled for

14  July 11, if that's what somebody wants.  And I hope,

15  frankly, I hope, that we're really at the end of it here in

16  terms of issues.  Is there anything else, Mr. Bendernagel,

17  that we need to talk about before we adjourn?

18           MR. BENDERNAGEL:  No.  And we wish you a happy

19  vacation, but -- and also my sense is that we are at the

20  end.  I'm not aware, as I sit here, of any issues that

21  people feel compelled to bring to your attention right now

22  with respect to the plan.  This was an issue that had sort

23  of hung around.  And I think this is the only open issue

24  right now.  And obviously, to the extent something comes up,

25  we'll try to work it out before darkening your doorstep.

1    Have a good vacation.

2         THE COURT:  There is -- I do want to make one

3    exception to what I just said.  And that is to the extent

4    the parties end up resolving outstanding issues, you may

5    contact chambers and tell us.

6         MR. BENDERNAGEL:  Okay.  We'll take that into

7    consideration, too.

8         THE COURT:  Thank you all very much.  That

9    concludes this hearing.  Court will stand in recess.

10        (Whereupon, at 2:31 p.m., the hearing was adjourned.)

11                        CERTIFICATION

12        I certify that the foregoing is a correct

13    transcript from the electronic sound recording of the

14    proceedings in the above-entitled matter.

15

16

17    _____          21 June 2012

18    Traci L. Calaman, Transcriber                Date

19

20

21

22

| Word | Page:Line |
|---|---|
| 08-13141(kjc(1) | 1:5 |
| 90-day(1) | 24:5 |
| ability(1) | 19:6 |
| able(2) | 15:14 25:8 |
| about(21) | 6:7 6:7 6:9 8:18 8:22 8:23 10:18 11:9 14:15 14:17 15:3 17:19 17:20 19:18 19:23 19:25 20:22 20:25 25:1 25:3 25:17 |
| abovetitled (1) | 26:14 |
| acceptable(1) | 24:10 |
| accepting(1) | 24:18 |
| action(12) | 5:23 7:13 8:21 8:24 9:6 9:15 10:18 13:9 13:19 13:21 13:23 14:2 |
| actions(3) | 8:11 8:13 19:9 |
| activities(1) | 6:6 |
| actual(2) | 10:10 24:12 |
| actually(2) | 10:24 22:19 |
| adam(1) | 2:13 |
| add(2) | 24:20 25:6 |
| addressed(2) | 17:3 23:1 |
| addressing(1) | 14:12 |
| adjourn(1) | 25:17 |
| adjourned(1) | 26:10 |
| adjudicate(1) | 15:14 |
| administered(1) | 1:6 |
| admissible(2) | 9:12 9:16 |
| adopted(1) | 14:1 |
| advance(3) | 23:15 23:20 23:24 |
| adverse(1) | 19:10 |
| advisement(1) | 24:21 |
| advisor(2) | 8:20 13:18 |
| after(4) | 16:5 24:9 25:1 25:9 |
| afternoon(2) | 5:3 14:8 |
| again(2) | 12:4 16:17 |
| against(2) | 18:14 19:9 |
| agree(6) | 19:6 19:8 21:18 22:1 22:4 23:12 |
| agreed(4) | 10:12 10:25 22:10 22:13 |
| agreement(22) | 3:34 6:7 6:20 7:3 7:4 7:5 9:23 10:3 10:23 11:3 11:10 11:17 18:3 21:2 21:4 21:6 21:20 22:9 22:9 22:13 24:6 24:18 |
| agreements(1) | 21:2 |
| ahead(1) | 20:20 |
| akin(2) | 2:39 5:11 |
| all(25) | 5:2 5:17 6:17 7:10 10:11 10:24 11:4 11:20 12:23 13:24 14:6 16:18 17:19 19:18 20:8 20:21 22:8 22:11 23:5 24:8 24:15 24:17 24:19 24:20 26:8 |
| allinson(1) | 3:12 |
| allow(2) | 9:23 11:25 |
| allowed(1) | 16:5 |
| along(1) | 21:20 |
| already(6) | 7:3 7:23 9:23 18:2 21:25 25:5 |
| also(2) | 21:14 25:19 |
| although(2) | 17:13 21:10 |
| amanda(1) | 2:48 |
| america(1) | 4:22 |

| Word | Page:Line |
|---|---|
| and(144) | 5:6 5:14 5:21 5:23 6:3 6:4 6:18 6:21 6:24 6:25 7:4 7:8 7:8 7:10 7:13 7:17 7:20 7:22 7:25 8:1 8:15 8:16 8:24 9:8 9:11 9:20 9:25 10:1 10:10 10:11 10:13 11:3 11:4 11:6 11:8 11:8 11:9 11:10 11:12 11:16 11:17 11:17 11:21 11:22 12:1 12:7 12:9 12:13 12:14 12:20 12:24 13:3 13:10 13:11 13:17 13:20 13:21 14:11 14:16 14:16 14:21 14:24 15:2 15:3 15:16 15:17 15:21 16:3 16:4 16:6 16:13 16:14 16:16 16:21 17:4 17:5 17:7 17:12 17:16 17:19 17:20 17:22 18:3 18:7 18:15 18:18 18:18 18:19 18:23 19:2 19:5 19:8 19:9 19:15 19:17 19:18 19:20 20:1 20:23 21:1 21:4 21:5 21:6 21:8 21:9 21:21 21:23 22:3 22:6 22:7 22:10 22:15 22:17 22:23 23:1 23:13 23:14 23:16 23:18 23:21 23:22 23:24 24:3 24:7 24:7 24:14 24:17 24:23 24:24 24:25 25:1 25:4 25:6 25:9 25:11 25:13 25:14 25:18 25:19 25:23 25:24 26:3 26:5 |
| and/or(1) | 10:20 |
| anderson(1) | 4:1 |
| andrew(3) | 2:32 2:35 3:26 |
| ann(1) | 3:22 |
| another(3) | 17:14 21:17 24:7 |
| answer(8) | 5:15 13:17 13:24 16:25 20:11 20:24 21:9 21:17 |
| answers(1) | 21:16 |
| any(18) | 5:9 5:25 6:11 8:6 8:6 8:7 8:8 10:22 10:22 11:13 12:10 12:10 14:17 15:4 16:23 20:11 24:5 25:20 |
| anyone(2) | 23:5 25:11 |
| anyone's(1) | 13:3 |
| anything(4) | 6:9 10:24 12:5 25:16 |
| appearances(1) | 2:1 |
| apply(1) | 15:15 |
| appropriate(3) | 22:11 15:4 25:13 |
| are(21) | 5:25 6:7 7:6 7:9 8:11 9:18 12:2 12:3 12:7 12:8 16:18 17:23 18:5 18:6 18:24 18:25 18:25 19:21 21:7 24:17 25:19 |
| aren't(1) | 23:3 |
| arguably(2) | 17:12 17:14 |
| arguing(1) | 23:3 |
| argument(1) | 18:4 |
| arise(2) | 6:11 6:22 |
| arises(1) | 8:5 |
| around(1) | 25:23 |
| ashby(1) | 2:47 |
| ashley(1) | 2:21 |
| ask(6) | 5:7 10:1 14:23 14:25 15:10 25:13 |
| asked(2) | 14:18 20:25 |
| asking(3) | 11:2 11:3 16:18 |
| asks(1) | 22:18 |
| aspect(1) | 21:14 |
| assets(1) | 18:8 |
| assigning(1) | 7:8 |
| assignment(1) | 8:25 |
| assuming(1) | 25:8 |
| attach(1) | 19:3 |
| attention(1) | 25:21 |
| audible(1) | 23:7 |
| aurelius(3) | 2:38 2:43 5:12 |
| auspices(1) | 14:5 |
| austin(1) | 1:24 |
| authenticate(3) | 9:8 24:2 24:3 |
| authenticated(2) | 9:7 18:9 |
| avoid(1) | 22:9 |
| avoiding(1) | 22:12 |
| aware(5) | 19:21 21:1 21:24 21:25 25:20 |
| away(1) | 6:5 |
| back(5) | 12:16 14:3 21:7 21:19 21:21 22:16 22:17 23:6 23:24 |
| backdrop(1) | 18:14 |

| Word | Page:Line |
|---|---|
| bale(1) | 4:46 |
| bank(3) | 3:2 3:25 4:22 |
| bankruptcy(10) | 1:1 1:20 8:24 15:4 15:21 16:2 16:24 20:4 21:3 23:15 |
| based(2) | 5:8 18:16 |
| basically(1) | 6:4 |
| because(17) | 10:2 11:8 12:5 13:19 16:1 16:12 16:22 18:5 18:11 18:12 18:18 19:3 19:4 19:13 21:21 22:20 22:23 |
| becomes(1) | 9:20 |
| been(7) | 5:9 8:12 9:6 12:17 13:23 17:9 22:24 |
| before(13) | 1:19 6:24 8:3 9:23 11:11 14:24 15:14 16:19 20:19 23:5 25:3 25:17 25:25 |
| beginning(1) | 25:7 |
| behalf(1) | 6:17 |
| behind(1) | 18:20 |
| being(2) | 7:6 16:20 |
| belabor(1) | 19:24 |
| believe(1) | 7:21 |
| bendernagel(14) | 1:25 20:15 20:16 20:18 20:19 21:14 21:18 22:4 22:6 24:23 25:16 25:18 26:6 |
| beneficiaries(1) | 12:25 |
| benson(1) | 4:18 |
| best(2) | 17:2 19:16 |
| better(1) | 18:25 |
| between(1) | 20:22 |
| bifferato(1) | 4:14 |
| bigelow(1) | 4:28 |
| bit(3) | 15:2 18:20 18:21 |
| blake(1) | 3:41 |
| block(1) | 4:32 |
| boetler(1) | 1:27 |
| borderline(1) | 13:2 |
| both(1) | 21:2 |
| bottom(1) | 13:7 |
| bounds(1) | 21:5 |
| brady(1) | 3:43 |
| brass(1) | 4:37 |
| brief(1) | 20:14 |
| briefly(3) | 20:16 23:9 23:10 |
| bring(1) | 25:21 |
| brown(1) | 3:16 |
| burden(1) | 14:22 |
| bush(1) | 2:31 |
| business(2) | 25:8 25:8 |
| but(19) | 7:24 9:19 11:2 12:19 14:4 14:21 17:1 17:15 17:24 18:12 20:1 21:11 21:19 21:24 21:25 23:2 23:16 24:15 25:19 |
| calaman(1) | 1:26 |
| called(2) | 10:7 16:1 |
| calls(1) | 18:16 |
| can(7) | 9:19 11:18 16:7 16:25 17:2 20:11 20:16 |
| can't(1) | 18:22 |
| cannot(2) | 19:8 19:8 |
| capital(5) | 2:38 2:43 4:44 4:45 5:12 |
| card(1) | 19:20 |
| carey(2) | 1:19 5:3 |
| caridas(1) | 2:35 |
| carol(1) | 4:46 |
| carroon(1) | 4:1 |
| case(9) | 1:5 3:25 8:16 15:5 16:11 16:24 17:5 20:4 23:22 |
| causes(5) | 5:22 7:13 9:5 9:15 10:18 13:9 |
| centerpiece(5) | 5:23 5:24 |
| centers(1) | 6:24 |
| certain(1) | 19:9 19:14 |
| certainly(4) | 13:4 15:16 15:17 17:18 |
| certification(1) | 26:11 |

| Word | Page:Line |
|---|---|
| certify(1) | 26:12 |
| chadbourne(3) | 2:17 14:9 14:13 |
| chambers(2) | 25:11 26:5 |
| chandler(1) | 4:28 |
| change(1) | 14:20 14:22 |
| chapter(6) | 1:8 5:4 15:20 15:22 17:21 20:2 |
| charged(1) | 10:19 |
| chase(1) | 3:1 |
| chasing(1) | 18:12 |
| check(1) | 20:7 |
| checkpoint(1) | 17:25 |
| circuit(1) | 21:15 |
| citigroup(1) | 3:20 |
| civil(1) | 7:18 |
| claim(1) | 12:7 |
| claims(10) | 8:15 10:8 12:1 12:2 12:2 12:7 12:8 12:9 12:21 12:23 |
| clear(3) | 21:9 21:10 21:10 |
| cleary(1) | 3:41 |
| clerk(1) | 5:2 |
| client(1) | 5:22 |
| client's(1) | 18:13 |
| close(2) | 25:7 25:8 |
| closely(1) | 14:15 |
| cobb(1) | 2:11 |
| code(1) | 15:21 |
| cole(1) | 1:40 |
| come(8) | 11:5 13:11 16:20 21:7 21:19 21:20 23:15 23:24 |
| comes(6) | 8:18 8:22 13:11 22:16 22:17 25:24 |
| commencement(1) | 8:24 |
| commitments(1) | 22:21 |
| committee(62) | 2:10 6:4 6:5 6:9 6:13 6:17 6:19 7:19 7:22 7:25 8:4 8:7 8:12 8:13 8:18 9:1 9:1 9:2 9:9 9:16 9:21 9:22 10:12 10:14 10:15 10:21 10:25 11:15 12:15 13:1 13:8 14:7 14:9 14:24 15:5 15:20 15:25 16:1 16:14 16:17 16:18 16:23 17:5 17:21 18:2 18:7 18:12 18:12 18:17 18:22 19:12 19:15 19:21 20:12 20:4 20:9 22:15 22:18 22:19 23:11 24:2 24:6 |
| committees(1) | 16:9 17:8 17:8 18:5 |
| committee's(4) | 8:1 14:14 20:23 22:9 |
| company(5) | 1:8 2:2 4:14 4:36 18:25 |
| compelled(1) | 25:21 |
| compensation(1) | 3:29 |
| complaint(2) | 8:19 8:20 |
| completed(1) | 17:9 |
| completely(1) | 21:18 |
| complying(1) | 6:6 |
| conaway(1) | 3:40 |
| conceivable(1) | 14:3 |
| concern(5) | 17:15 17:17 19:21 19:25 23:13 |
| concerning(1) | 19:4 |
| concerns(1) | 23:12 |
| concludes(1) | 26:9 |
| conducted(1) | 9:9 |
| confirm(1) | 13:13 |
| confirmation(4) | 7:7 12:13 24:22 25:12 |
| confused(1) | 20:24 |
| connection(2) | 15:11 25:12 |
| consequence(1) | 21:5 |
| consider(1) | 23:4 |
| consideration(2) | 25:1 26:7 |
| contact(1) | 26:5 |
| contemplate(1) | 21:3 |
| contemplates(1) | 21:2 |
| contemplating(1) | 23:23 |
| context(3) | 9:14 9:14 12:2 |
| contingency(1) | 24:16 |
| continue(2) | 17:15 20:10 |
| continuing(1) | 20:25 |
| contract(1) | 21:23 |
| contractual(2) | 7:6 11:14 |

| Word | Page:Line |
|---|---|

contractually(2) 18:18 19:6
conversations(3) 9:13 11:9 14:15
cooperate(8) 10:23 11:2 13:9 18:3 19:6 19:8 19:8 19:16

cooperation(5) 18:6 18:17 18:18 22:13 24:13

coordinate(1) 14:14
correct(1) 26:12
could(10) 7:19 9:1 9:11 10:1 12:10 13:3 13:21 17:11 19:10 24:13

counsel(4) 12:16 12:19 14:14 16:15
couple(1) 18:24
course(7) 9:5 12:13 14:13 14:21 20:4 23:12 24:2

court(42) 1:1 5:3 5:17 8:4 10:5 12:20 13:13 14:6 14:12 14:18 15:1 15:4 15:5 15:6 15:8 15:10 16:22 17:3 17:12 17:23 20:2 20:6 20:8 20:13 20:17 20:20 21:3 21:8 21:13 21:15 22:2 22:5 22:23 23:14 23:15 24:17 24:20 24:21 26:2 26:8 26:9

court's(3) 5:24 17:14 21:1
courtroom(2) 1:10 5:21
courts(3) 13:14 15:13 20:1
cover(1) 13:14
coverage(1) 19:11
crafting(1) 14:16
create(1) 11:14
creature(1) 15:21
credit(1) 3:34
creditor(2) 15:24 15:24
creditors(9) 2:11 13:2 14:10 15:20 15:25 16:3 16:9 16:22 17:21

cumbersome(1) 17:12
cut(1) 20:17

damian(1) 3:9
daniel(2) 2:14 4:23
data(1) 1:48
date(5) 6:4 6:5 10:13 24:9 26:18
dave(1) 2:3
david(5) 2:18 2:40 4:41 5:11 14:8
davis(1) 3:6
day(1) 3:35
days(3) 10:13 10:15 24:9
dcl(1) 12:17
deal(1) 20:3
dealing(1) 19:20
dealings(1) 18:16
deals(3) 6:3 10:11 17:23
dealt(1) 17:2
debenture(1) 4:13
debtor(2) 2:2 7:3 7:3 8:3 16:3 20:17 22:20
debtors(10) 1:12 1:24 6:16 7:2 15:23 18:22 18:23 18:25 19:13 19:12

debtor's(1) 20:23
decide(1) 8:4
decision(2) 5:24 25:4
defendant's(1) 3:30
defendants(2) 9:14 13:21
defense(1) 12:7
defined(1) 6:20
definition(1) 21:7
definitive(1) 21:25
degree(1) 19:7
delaware(3) 1:2 1:12 5:1
denied(1) 12:13
depends(1) 21:17
depose(2) 12:15 13:1
deposition(5) 8:7 9:9 9:11 23:20 24:13
designed(1) 12:16
desire(2) 5:22 20:1
detail(1) 13:22

deutsch(1) 2:23
develop(1) 9:24
developed(2) 24:24
developing(1) 8:19
diaz(1) 1:48
did(3) 14:14 14:19 14:21
didn't(1) 20:17

different(3) 16:23 19:16 21:23
direct(1) 10:16
directors(2) 19:5 19:10
disagree(1) 20:21
discharge(1) 16:6
discovery(31) 6:10 6:14 6:18 6:22 7:12 7:14 7:15 8:8 11:4 11:5 11:15 11:18 11:21 11:22 11:23 12:1 12:6 12:10 12:12 14:24 16:10 16:13 16:15 16:20 17:6 17:24 19:20 20:3 23:16 23:16 23:25

discrete(1) 11:12
discussed(2) 5:20 17:13
dispute(7) 6:2 6:23 6:24 7:16 10:2 11:12 21:5

disputes(2) 24:21 25:2
distinction(1) 20:22
distinctions(1) 18:24
distinguish(1) 18:21
distrust(1) 18:15
divulge(1) 23:17
document(4) 6:25 10:9 13:8 24:6
documents(9) 6:16 7:9 7:23 8:7 9:3 10:10 18:9 23:21 24:3

does(9) 6:11 8:22 12:4 12:14 16:25 21:22 24:12 24:15 24:17

doesn't(5) 6:8 10:21 10:24 17:20 23:19
don(1) 2:5
don't(12) 9:4 14:11 16:16 19:5 19:23 20:6 20:21 21:16 21:25 22:20 22:22 24:9

done(1) 8:14
doorstep(1) 25:25
doubly(1) 16:11
doubt(1) 18:10
douglas(2) 2:23 4:33
down(3) 6:22 9:7 9:20
dozen(2) 9:18 11:9
drew(1) 3:3
duration(1) 16:3
during(3) 12:13 14:1 20:4
duties(2) 7:6 17:8
dynamic(1) 17:7

ecro(1) 1:46
effect(2) 13:25 18:11
effective(3) 6:5 10:13 24:9
effort(1) 22:8
efforts(1) 12:15
egi-trb(1) 4:32
eight(2) 7:13 11:10
either(3) 10:2 12:24 21:11 22:8
eldersveld(1) 2:3
electronic(1) 1:54
element(1) 18:15
elliott(1) 3:7
else(3) 7:8 23:5 25:16
employees(1) 3:29
end(4) 17:5 25:15 25:20 26:4
enforce(1) 12:10
enough(1) 18:23
entirely(1) 15:3
entitled(1) 11:20
equally(1) 23:13
equation(1) 13:5
especially(1) 15:11

esq(47) 1:25 1:27 1:29 1:31 1:33 1:35 1:37 1:41 1:43 2:12 2:13 2:14 2:18 2:19 2:21 2:23 2:25 2:27 2:31 2:32 2:33 2:35 2:40 2:48 3:3 3:7 3:9 3:13 3:17 3:22 3:26 3:31 3:36 3:37 3:41 3:43 4:2 4:4 4:8 4:10 4:15 4:19 4:23 4:25 4:29 4:33 4:41

evan(1) 4:25
even(3) 9:14 11:2 15:23
event(1) 11:13
everything(1) 7:8
evidence(2) 9:13 23:18
exactly(1) 23:23
examiners(1) 17:8
example(1) 20:3
examples(1) 9:19
except(1) 6:5
exception(1) 26:3
exchanged(1) 11:10
exculpation(1) 6:12
excuse(1) 22:18
exhibit(2) 7:1 8:3
exist(1) 17:8
exists(3) 11:17 15:21 17:7
expect(1) 25:10
expectation(1) 16:4
expense(1) 13:2
explained(1) 24:11
exposed(1) 6:15
extent(4) 24:14 25:1 25:24 26:3
face(1) 16:9
facilitate(1) 7:9
fact(1) 22:16
facts(1) 10:20
fair(1) 18:14
familiar(1) 8:14
far(1) 7:19
fargo(1) 3:25
fear(1) 23:16
federal(4) 7:17 11:20 13:11 15:21
fee(1) 22:7
feel(1) 25:21
feels(2) 11:10 12:10
feld(2) 2:39 5:12
few(1) 17:1
file(2) 8:15 25:13
filing(1) 8:3
final(1) 12:12
finally(1) 12:12
fine(1) 24:14
finger(1) 3:2
firm(1) 7:22
first(5) 5:7 10:13 10:15 19:13 20:21
fitzsimons(3) 8:19 13:23 14:2
flag(1) 1:33
flourish(1) 19:18
flow(1) 6:14
follows(1) 10:8
for(53) 1:2 1:24 2:2 2:9 2:38 3:1 3:12 3:20 3:25 3:29 3:34 4:1 4:13 4:22 4:28 4:32 4:36 4:40 4:44 5:12 5:14 6:5 8:17 10:9 10:14 10:22 11:3 11:14 13:25 15:16 15:17 16:4 17:1 17:6 17:9 19:6 19:10 19:12 20:7 20:12 20:13 22:11 23:13 23:19 24:19 24:24 25:2 26:1

foreclose(2) 9:20 24:18
foregoing(1) 26:12
form(4) 6:15 9:10 9:12 11:11
formal(1) 8:8
forman(1) 1:40
forth(1) 14:20
forward(1) 8:16
fourth(1) 25:9
frank(1) 3:30
frankly(2) 21:17 25:15
friedman(1) 4:18

from(16) 6:10 6:13 6:18 6:22 8:7 11:7 13:3 14:6 14:9 16:23 17:24 18:5 19:14 20:3 20:6 26:13

fully(2) 15:14 18:4
function(2) 16:2 17:21
further(3) 13:3 13:22 14:24 17:6
future(7) 6:11 8:5 11:5 14:4 16:10 22:17 22:17

garrison(1) 3:21
garvan(1) 4:15
gary(1) 2:7
gatekeeper(6) 14:23 14:25 15:3 15:5 16:19 16:21

gathered(1) 9:4
gathering(2) 7:7 10:9
gecker(1) 3:30
geddes(1) 2:47
general(1) 15:18
gentilotti(1) 4:14
germane(1) 10:20
get(5) 11:11 12:16 16:5 20:6 23:21
give(3) 9:15 18:18 23:8
given(3) 12:18 18:1 24:23
gladly(1) 13:9
goal(2) 18:8 18:13
goes(2) 6:5 8:16
going(10) 7:22 12:3 19:14 19:16 21:7 22:19 23:2 23:22 25:5 25:7

goldfarb(1) 2:32
good(4) 5:3 14:8 18:23 26:1
gordon(1) 3:17
gotten(1) 19:14
govern(1) 11:21
governed(1) 13:11
graeme(1) 2:31
granted(1) 8:12
group(1) 3:30
guess(1) 24:23
gump(2) 2:39 5:12
gwen(1) 4:29
had(6) 11:9 12:9 12:17 12:22 16:16 25:22
half(1) 9:18
hand(2) 17:10 18:6
handle(1) 12:9
happen(3) 16:17 18:10 18:10
happens(1) 15:24
happy(1) 25:18
harass(1) 7:22
harrisburg(1) 1:50
has(12) 5:9 7:11 9:2 9:3 10:4 10:12 12:6 12:20 13:23 16:3 18:17 19:8

hasn't(1) 22:24
hauer(2) 2:39 5:12
have(32) 5:6 5:16 6:23 7:4 7:12 7:15 7:24 8:4 9:7 10:5 10:16 11:14 13:25 15:16 15:17 16:4 17:1 17:6 17:9 19:6 19:10 19:12 20:7 20:12 20:13 22:11 23:13 23:19 24:19 24:24 25:2 26:1

hazeltine(2) 3:12 3:13
he'll(1) 11:21
hear(3) 11:7 14:6 14:17
heard(4) 14:21 15:11 15:17 23:5
hearing(6) 5:5 5:14 12:14 25:5 26:9 26:10
heiligman(1) 3:31
help(2) 23:22 24:15
here(11) 5:9 12:7 12:24 13:5 15:15 15:19 16:14 22:7 24:7 25:15 25:20

herring(1) 17:24
him(1) 24:15
his(4) 5:7 11:16 14:15 18:13
historical(1) 16:14
history(2) 16:12 18:1

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**holding**(1) 18:5
**home**(1) 16:6
**honor**(48) 5:11 5:15 5:19 5:19 6:8 6:21 7:2 7:20 8:2 8:11 8:21 9:6 9:19 9:22 10:1 10:3 10:8 11:7 11:17 12:2 12:11 12:14 12:18 13:2 13:6 13:18 13:22 14:4 14:8 14:18 15:9 15:16 16:11 16:15 16:25 17:16 17:22 18:14 19:2 19:23 20:11 20:15 23:10 23:12 24:1 24:4 24:11 24:14 24:19

**honor's**(1) 19:24
**honorable**(2) 1:19 16:6
**hope**(2) 25:14 25:15
**hopefully**(1) 24:14
**how**(4) 6:20 7:16 23:21 24:23
**howard**(1) 2:27
**hung**(1) 25:23
**hypothesized**(1) 10:22
**hypothetical**(1) 9:25
**i'd**(1) 15:2
**i'll**(5) 10:3 14:6 22:6 23:8 25:6
**i'm**(4) 23:3 23:21 25:8 25:20
**i've**(2) 17:1 17:13
**imagine**(1) 16:8
**immunization**(2) 16:18 17:23
**immunize**(3) 6:12 6:13 6:21
**impact**(1) 19:10
**impinging**(1) 19:25
**implications**(1) 16:8
**implied**(1) 12:24
**impliedly**(1) 9:22
**important**(4) 16:7 16:11 19:2 23:13
**inclination**(1) 25:2
**including**(2) 13:15 15:24
**individual**(3) 15:23 15:24 16:2
**infancy**(1) 8:11
**information**(5) 8:6 10:7 10:11 10:17 19:14
**inserted**(2) 6:19 7:20
**insisted**(1) 10:14
**insistence**(1) 24:4
**insisting**(2) 6:17 9:21
**instance**(1) 19:13
**insulating**(1) 6:9
**insurance**(1) 19:5
**intend**(2) 18:4 24:25
**interested**(1) 4:36
**interesting**(1) 22:25
**interim**(1) 25:10
**interpreter**(1) 21:4
**intervention**(1) 20:6
**interviews**(1) 9:10
**into**(4) 6:19 11:11 12:3 26:6
**invasive**(1) 17:14
**investigation**(4) 8:14 8:18 8:23 9:5
**isn't**(2) 21:21 22:8
**issue**(16) 5:9 8:17 11:3 14:21 17:9 19:22 19:24 20:16 21:19 21:20 21:22 22:7 22:23 22:24 25:22 25:23
**issued**(1) 13:20
**issues**(4) 21:7 25:16 25:20 26:4
**issuing**(2) 20:7 25:3
**it's**(17) 6:20 8:16 11:7 11:11 14:2 15:3 15:12 15:22 15:23 15:25 16:16 17:4 18:4 18:19 21:22 21:25 23:22
**its**(17) 6:9 6:13 6:21 8:8 8:25 9:3 9:4 10:16 11:1 11:15 11:23 13:8 16:4 18:2 18:17 18:18 23:12
**itself**(2) 6:21 21:4
**james**(1) 1:25 2:33 3:37
**jane**(1) 4:8
**jeffries**(1) 4:36
**jenner**(1) 4:32
**jessica**(1) 1:27
**jillian**(1) 1:31
**jim**(1) 20:15
**johnston**(1) 3:37

**jointly**(1) 1:6
**jones**(2) 3:35 4:25
**joshua**(1) 3:36
**jpmorgan**(1) 3:1
**judge**(8) 1:19 1:20 5:3 12:9 13:24 17:13 17:17 21:8 21:21
**judicial**(1) 20:5
**july**(3) 25:5 25:9 25:14
**juncture**(3) 9:21 11:8 12:16
**june**(5) 1:14 5:1 5:6 5:7 26:17
**jurisdiction**(1) 20:25
**jurisprudence**(1) 21:15
**just**(14) 6:24 7:16 9:24 10:22 11:2 13:13 20:7 20:10 20:16 21:1 21:11 21:24 22:15 26:3
**justify**(2) 23:16 23:25
**justing**(1) 4:37
**kansa**(1) 1:37
**kasowitz**(1) 4:18
**kate**(1) 1:41
**kaye**(1) 4:7
**ken**(1) 1:37
**kerriann**(1) 1:35
**kevin**(2) 1:19 1:29
**key**(1) 18:24
**kind**(1) 17:24
**kirchner**(1) 12:25
**klauder**(1) 4:41
**know**(10) 8:11 9:4 17:4 17:20 17:22 17:25 21:16 21:23 22:22 24:25
**knowledge**(1) 9:17
**known**(1) 8:20
**knows**(2) 2:11 2:13
**landis**(2) 2:11 2:13
**language**(3) 5:9 7:1 8:1
**lantry**(1) 1:29
**lapse**(1) 24:8
**last**(2) 5:21 23:8
**laurie**(1) 4:4
**law**(4) 4:13 7:12 7:12 7:15
**layout**(1) 23:20
**layton**(1) 3:2
**least**(1) 12:22
**leave**(2) 7:16 8:12
**led**(1) 8:24
**lemay**(19) 2:18 5:7 11:8 11:13 11:24 14:8 14:9 15:1 15:2 15:6 15:7 15:8 15:9 15:16 17:4 17:16 20:13 20:22 24:1
**lemay's**(3) 11:6 23:23 24:7
**lenders**(1) 3:35
**length**(1) 5:20
**leonard**(1) 1:40
**let**(5) 5:7 8:10 15:10 15:18 24:25
**letter**(11) 5:6 5:7 11:6 11:13 11:16 11:24 12:12 14:12 14:16 14:20 23:12
**letters**(1) 25:11
**liebentritt**(1) 2:5
**like**(7) 11:10 15:2 15:22 15:23 20:8 20:14 23:18
**limit**(1) 12:10
**limitations**(1) 19:3
**limited**(1) 16:3
**line**(1) 13:7
**lines**(1) 21:20
**litigation**(28) 5:25 6:19 7:10 7:11 8:6 8:17 8:25 9:11 9:24 10:10 10:16 10:19 11:15 11:25 12:3 12:14 13:14 13:15 15:12 17:1 18:3 18:8 18:11 19:7 19:17 23:14 23:17 23:24
**little**(5) 11:7 14:17 15:2 18:21 20:24
**live**(2) 5:21 18:23
**llc**(2) 3:14 4:32
**llp**(8) 2:17 2:30 3:6 3:16 3:30 4:1 4:7
**look**(5) 4:21 10:1 10:6 17:3

**looking**(1) 22:21
**ludwig**(1) 1:31
**lugano**(1) 1:46
**lynch**(1) 4:1
**madlyn**(1) 4:10
**make**(7) 5:22 16:20 17:1 21:1 21:11 24:17 26:2
**management**(5) 2:39 2:43 4:45 4:45 5:13
**mandatory**(1) 16:19
**manner**(3) 12:17 12:19 12:21
**many**(3) 15:11 15:17 15:17
**marc**(2) 2:21 2:25
**market**(1) 1:11
**material**(1) 9:7
**materials**(1) 7:8
**matter**(5) 5:16 8:4 14:13 16:7 26:14
**matters**(2) 8:10 15:13
**matthew**(3) 2:12 2:44 4:19
**maximizing**(1) 18:8
**may**(4) 5:17 17:15 24:16 26:4
**maybe**(8) 8:17 8:21 9:2 9:9 9:13 9:18 10:24 10:25
**mccormack**(1) 2:19
**mcdaniel**(1) 4:15
**mcguire**(1) 2:12
**mcneill**(1) 4:2
**mdl**(2) 13:15 13:19
**mean**(3) 20:17 21:23 22:23
**mechanism**(1) 8:9
**meet**(2) 7:19 10:16
**meets**(1) 21:5
**meisel**(1) 1:40
**member**(1) 15:25
**members**(6) 16:4 16:14 16:17 18:12 20:4 20:9
**merrill**(1) 4:1
**mester**(1) 3:36
**might**(3) 9:7 9:15 16:17
**mills**(1) 1:35
**mired**(1) 19:1
**moment**(1) 15:10
**monday**(1) 6:16
**more**(5) 6:10 9:2 11:9 19:2 24:11
**morgan**(1) 8:21
**morning**(1) 14:20
**moskowitz**(1) 3:7
**motion**(1) 25:13
**motivation**(1) 13:3
**much**(4) 12:18 17:20 24:19 26:8
**must**(1) 11:7
**myers**(1) 4:22
**narrow**(1) 11:12
**naturally**(1) 14:14
**nature**(2) 8:23 16:22
**near**(1) 14:4
**necessarily**(1) 21:10
**necessary**(2) 7:12 9:20
**need**(12) 6:11 6:22 8:5 9:7 9:25 10:17 19:4 23:3 23:25 24:4 25:12 25:17
**needed**(4) 10:22 11:1 15:3 24:13
**needs**(4) 11:21 18:9 24:15 25:11
**negotiated**(2) 12:17 12:22
**negotiations**(1) 12:19
**new**(2) 4:14 17:9
**next**(1) 25:4
**nobody**(1) 23:1
**nolan**(1) 4:29
**none**(1) 20:13
**nor**(1) 6:11
**normal**(1) 6:13
**normally**(1) 23:19
**norman**(1) 1:43

**not**(32) 5:16 7:25 8:6 8:15 9:10 9:25 11:2 12:1 12:4 12:8 12:21 14:11 14:21 15:12 15:22 15:23 16:13 16:18 17:5 17:9 17:13 17:23 18:10 20:1 21:21 23:3 24:12 24:15 24:18 25:9 25:10 25:20
**note**(1) 18:15
**noteholders**(1) 8:15
**nothing**(2) 12:22 13:3
**notice**(1) 5:14
**noticing**(1) 23:20
**notion**(1) 12:24
**notwithstanding**(3) 6:15 7:5 7:10
**novod**(1) 3:17
**now**(13) 6:8 7:1 8:1 8:10 8:16 8:20 10:19 11:6 11:11 18:21 22:23 25:21 25:24
**object**(3) 7:15 11:5 11:22
**objection**(1) 22:11
**obligated**(1) 18:2
**obligation**(1) 24:5
**obligations**(3) 6:6 6:14 24:8
**obtain**(2) 6:18 9:12
**obvious**(1) 17:4
**obviously**(2) 18:24 25:24
**occurred**(1) 12:19
**occurring**(1) 17:11
**odd**(2) 11:7 18:7
**off**(1) 8:21
**offensive**(1) 13:2
**office**(1) 4:40
**officers**(2) 19:5 19:9
**official**(4) 2:9 14:9 16:1 16:2
**okay**(3) 10:6 22:5 26:6
**on-the-record**(1) 24:12
**one**(12) 6:6 7:21 8:13 11:16 13:15 16:7 17:9 18:24 21:16 24:6 26:2
**ones**(1) 12:8
**only**(5) 10:12 11:8 16:7 18:6 25:23
**onto**(1) 5:25
**open**(2) 10:4 25:23
**open-ended**(1) 22:16
**opportunity**(2) 20:14 25:4
**opposed**(3) 13:20 15:4 21:8
**order**(3) 6:19 7:7 13:20
**ordered**(1) 7:6
**original**(1) 9:3
**other**(13) 10:20 10:23 12:25 13:14 15:5 15:13 16:23 17:1 17:10 17:19 19:25 20:11 23:19
**others**(1) 9:18
**our**(13) 5:22 7:1 7:20 7:24 11:14 11:17 11:25 12:4 13:6 19:16 19:21 22:8 22:24
**out**(5) 16:20 17:5 18:6 20:18 25:25
**outset**(1) 14:19
**outside**(2) 9:13 17:12
**outstanding**(1) 26:4
**over**(3) 10:10 13:9 20:25
**overplay**(1) 19:20
**overreaching**(2) 16:12 18:20
**o'melveny**(1) 4:22
**p.m**(3) 1:15 5:1 26:10
**page**(4) 7:21 8:2 10:1 10:6
**paid**(1) 22:19
**panel**(1) 13:19
**papers**(1) 16:6
**paragraph**(1) 11:16 11:24
**paranoia**(3) 12:15 16:13 18:16
**parke**(3) 2:17 14:9 14:13
**part**(2) 12:21 24:22
**participant**(1) 16:24
**participate**(1) 7:7
**particular**(1) 6:2
**particularly**(1) 17:25

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| parties(10) 6:17 7:13 7:17 11:4 13:4 16:8 23:3 25:3 25:10 26:4 | | prosecution(3) 8:17 12:23 13:10 | | retrograde(1) 18:7 | | simply(3) 7:2 14:23 25:12 | |
| | | prospect(1) 16:9 | | returning(1) 25:9 | | since(1) 8:12 | |
| party(3) 4:36 12:10 23:19 | | protect(1) 19:4 | | revision(1) 5:8 | | sit(1) 25:20 | |
| parver(1) 4:8 | | protection(1) 6:18 | | revisions(1) 5:16 | | situation(4) 18:17 19:18 20:23 20:23 | |
| passed(2) 5:25 8:16 | | provide(6) 7:5 10:17 10:21 24:3 24:12 24:19 | | richards(1) 3:2 | | slater(1) 4:28 | |
| paul(1) 3:20 | | | | rifkind(1) 3:3 | | sloan(1) 3:3 | |
| pauley(6) 12:9 13:24 17:14 17:18 21:8 21:21 | | provided(2) 7:23 24:14 | | right(11) 5:17 11:14 14:6 14:18 17:18 18:19 20:6 23:5 24:20 25:21 25:24 | | snodgeroth(1) 4:33 | |
| | | provides(2) 7:4 10:9 | | | | some(5) 5:20 6:18 17:6 19:19 24:16 | |
| pause(1) 15:10 | | provision(5) 6:12 7:20 10:15 13:14 13:25 | | rights(6) 7:1 7:15 7:17 11:4 11:23 13:4 | | somebody(1) 25:14 | |
| pay(2) 22:13 22:20 | | purport(1) 6:12 | | rise(2) 5:2 9:15 | | somehow(1) 9:23 | |
| paying(2) 22:10 22:12 | | purposes(1) 15:22 | | road(3) 6:22 9:8 9:20 | | someone(2) 19:19 23:2 | |
| peculiar(1) 18:4 | | pursue(4) 7:12 8:13 11:4 11:22 | | robert(1) 3:43 | | something(3) 8:22 22:18 25:24 | |
| pending(3) 12:8 12:8 13:15 | | pursued(1) 12:3 | | roitman(1) 2:25 | | sort(5) 6:18 12:5 22:12 24:16 25:22 | |
| pennsylvania(1) 1:50 | | pursuit(1) 12:7 | | role(2) 17:20 18:21 | | sottile(5) 2:33 11:8 11:9 13:21 14:15 | |
| people(2) 20:6 25:21 | | put(1) 7:24 | | ronald(1) 1:33 | | sought(3) 12:13 16:20 20:3 | |
| perception(1) 19:19 | | | | rudnick(1) 3:16 | | sound(2) 1:54 26:13 | |
| perhaps(1) 19:2 | | quash(1) 16:16 | | rule(9) 12:5 12:6 12:9 13:7 15:19 17:18 20:5 20:9 21:22 | | southern(3) 13:16 14:2 14:5 | |
| period(1) 16:5 | | question(12) 5:15 13:25 14:19 16:25 17:2 17:4 20:24 21:9 21:11 21:16 21:23 22:16 | | | | spaeder(1) 2:30 | |
| permanently(1) 19:1 | | | | ruled(1) 12:20 | | speak(4) 9:1 10:24 13:21 25:3 | |
| permit(1) 12:4 | | questions(1) 20:11 | | rules(4) 7:18 11:20 13:12 17:19 | | special(1) 13:7 | |
| pernick(1) 1:43 | | quickly(1) 11:6 | | | | specializes(1) 17:22 | |
| phase(1) 14:1 | | quiet(1) 22:7 | | said(5) 9:6 18:22 20:22 24:1 26:3 | | specified(1) 6:6 | |
| piece(1) 8:20 | | quite(1) 19:24 | | same(2) 19:7 22:3 | | sperling(1) 4:28 | |
| plan(6) 5:23 6:2 6:8 6:12 6:20 25:22 | | | | satisfactory(1) 7:25 | | sport(1) 13:1 | |
| please(1) 5:2 | | rack(1) 18:19 | | say(9) 6:9 7:24 11:7 13:18 15:11 15:17 17:23 19:20 20:8 | | stand(1) 26:9 | |
| pledged(1) 18:17 | | raise(1) 23:2 | | | | standing(1) 8:13 | |
| point(10) 6:10 9:2 13:19 14:23 17:7 18:5 22:6 22:25 24:1 24:11 | | raised(2) 22:25 23:13 | | saying(1) 22:2 | | stargatt(1) 3:40 | |
| | | rath(2) 2:11 2:14 | | says(8) 6:4 7:21 10:3 11:13 12:5 12:6 22:19 24:6 | | start(1) 20:7 | |
| pointed(1) 24:4 | | reached(1) 5:10 | | | | starts(2) 6:2 21:6 | |
| policy(2) 16:7 19:5 | | really(11) 6:24 15:14 15:23 16:23 19:18 19:23 20:8 21:22 21:22 22:23 25:15 | | scenes(1) 18:20 | | statements(2) 9:3 24:3 | |
| polk(1) 3:6 | | | | schaible(1) 3:9 | | states(3) 1:1 1:20 4:40 | |
| portions(1) 14:3 | | | | scheduled(2) 25:5 25:13 | | status(3) 6:3 13:18 17:20 | |
| position(3) 19:4 20:2 22:22 | | reason(2) 10:23 16:1 | | scheduling(1) 25:6 | | stay(1) 11:3 | |
| possession(3) 9:3 9:4 9:17 | | reasonable(2) 16:4 16:21 | | scheme(1) 20:9 | | stayed(2) 8:12 9:6 | |
| possibility(1) 21:19 | | reasons(1) 10:22 | | scholer(1) 4:7 | | stein(1) 4:19 | |
| post-confirmation(1) 20:10 | | rebuttal(1) 20:14 | | schotz(1) 1:40 | | stephen(1) 4:2 | |
| post-effective(1) 6:4 | | recalcitrant(1) 18:7 | | schuylkill(1) 1:49 | | stickles(1) 1:41 | |
| post-effective-date(1) 22:21 | | receive(2) 7:14 7:14 | | seated(1) 5:2 | | stops(1) 21:6 | |
| potential(4) 6:10 6:14 8:5 16:15 | | recall(1) 12:18 | | second(2) 19:2 24:1 | | strauss(2) 2:39 5:12 | |
| potter(1) 4:1 | | recess(1) 26:9 | | section(5) 6:2 6:8 10:7 10:9 24:12 | | street(2) 1:11 1:49 | |
| | | recognize(1) 19:15 | | see(6) 7:16 10:7 14:22 19:17 23:25 24:9 | | strike(1) 12:14 | |
| ppearances(1) 1:22 | | record(2) 5:4 16:14 | | seek(2) 8:6 12:5 | | strikes(1) 17:10 | |
| preference(1) 15:12 | | recorded(1) 1:54 | | seeking(3) 17:23 23:15 23:20 | | subject(1) 17:6 19:13 | |
| prejudice(1) 6:1 | | recording(2) 1:54 26:13 | | seeks(1) 16:18 | | submissions(2) 23:1 24:24 | |
| prerogatives(2) 17:15 19:25 | | red(1) 17:24 | | seem(1) 5:21 | | submitted(3) 6:16 7:1 23:11 | |
| preserve(1) 13:4 | | reed(1) 3:31 | | seems(4) 7:23 18:7 18:20 23:22 | | subpoena(2) 17:9 19:13 | |
| preserved(6) 5:22 7:13 9:5 9:15 12:21 12:23 | | referred(1) 9:25 | | seife(1) 2:27 | | subsection(3) 6:25 6:25 10:12 | |
| | | refers(1) 12:12 | | sending(1) 25:10 | | succeed(1) 19:17 | |
| presume(1) 22:8 | | regard(2) 22:1 22:22 | | sense(1) 25:19 | | such(3) 9:7 11:17 15:3 | |
| presumption(2) 11:18 11:19 | | related(3) 5:4 12:1 12:6 | | serve(2) 15:22 16:8 | | sudden(1) 22:11 | |
| presupposition(1) 20:5 | | relates(1) 5:20 | | served(1) 14:24 | | suggested(1) 5:8 | |
| pretrial(2) 13:24 14:1 | | relating(1) 10:8 | | serves(1) 16:1 | | suggests(2) 9:22 11:25 | |
| primoff(1) 4:10 | | relevant(1) 9:11 | | service(3) 1:48 1:55 16:5 | | sullivan(1) 3:12 | |
| principle(2) 15:15 15:18 | | relief(1) 25:11 | | services(1) 1:48 | | sunset(2) 10:14 24:5 | |
| prior(1) 18:16 | | remaining(1) 25:2 | | set(1) 14:20 | | supposed(1) 7:9 | |
| privileged(2) 10:7 10:17 | | remanded(1) 14:3 | | sets(1) 17:10 | | sure(7) 5:22 16:20 17:1 21:1 21:11 23:3 24:17 | |
| privileges(1) 7:8 | | remarks(1) 17:1 | | settled(1) 12:8 | | |
| probably(1) 17:17 | | remedies(1) 7:17 | | settlement(3) 5:25 12:17 12:20 | | surely(1) 12:9 | |
| problem(1) 17:17 | | reorganized(1) 22:20 | | severed(1) 8:21 | | surprised(1) 14:17 | |
| problems(1) 25:2 | | reorganizing(1) 18:25 | | shamah(1) 4:23 | | surprising(1) 14:11 | |
| procedure(1) 7:18 | | request(1) 24:8 | | shares(2) 18:8 18:12 | | suttonbrook(2) 4:44 4:45 | |
| proceed(1) 5:18 | | requests(2) 7:14 17:6 | | shifting(1) 22:7 | | take(4) 11:15 12:1 22:21 26:6 | |
| proceedings(6) 1:18 1:54 5:5 8:23 13:24 26:14 | | require(4) 8:22 23:14 23:17 24:16 | | short(1) 5:14 | | taken(1) 11:19 | |
| | | requires(1) 13:22 | | should(16) 6:11 6:22 10:17 10:25 10:25 11:5 11:18 13:7 13:9 13:11 14:11 15:13 16:5 16:21 17:25 25:20 | | talk(4) 6:7 15:2 20:16 25:17 | |
| process(3) 17:11 20:7 22:12 | | reserve(1) 11:4 | | | | talked(1) 24:25 | |
| produced(1) 1:55 | | reserves(2) 7:11 11:23 | | | | talking(2) 14:15 19:18 | |
| professional(2) 9:1 9:16 | | reserving(1) 18:19 | | | | target(1) 11:22 | |
| professionals(8) 6:10 6:13 6:21 8:8 10:16 11:1 11:16 13:8 | | resolution(2) 5:9 5:16 | | shouldn't(2) 15:15 15:19 | | taylor(1) 3:40 | |
| | | resolve(1) 14:20 | | shows(1) 16:14 | | telephonic(1) 1:18 2:1 5:5 | |
| prompted(1) 5:5 | | resolved(1) 7:16 | | side(1) 13:4 | | tell(5) 8:10 15:12 15:19 21:13 26:5 | |
| proposal(2) 23:11 23:23 | | resolving(1) 26:4 | | sidley(1) 1:24 | | telling(1) 24:7 | |
| proposed(4) 5:15 10:3 14:19 14:22 | | respect(6) 15:13 17:7 17:8 17:11 19:9 | | silence(1) 11:20 | | ten(1) 11:10 | |
| prosecuting(1) 10:20 | | response(4) 5:6 22:3 23:7 24:10 | | silent(1) 11:3 | | terms(4) 21:6 23:11 25:6 25:16 | |
| | | responsibility(1) 22:10 | | silly(1) 7:23 | | terrorem(1) 18:11 | |
| | | result(1) 6:23 | | silverstein(1) 4:4 | | testimony(8) 8:7 8:22 9:16 9:24 10:21 11:1 24:13 24:16 | |
| | | resulted(1) 5:16 | | similarly(1) 7:5 | | |
| | | retain(1) 7:10 | | | | |
| | | retained(1) 7:8 | | | | |

| Word | Page:Line |
|---|---|
| **than**(1) 13:14 | |
| **thank**(8) 5:14 5:19 14:6 17:16 20:13 | |
| 23:10 24:20 26:8 | |
| **that**(193) 5:6 5:20 5:21 5:22 6:4 6:7 6:8 | |
| 6:15 6:17 6:18 6:19 6:21 6:23 6:25 7:1 | |
| 7:5 7:6 7:9 7:11 7:14 7:23 7:23 7:24 7:24 | |
| 7:25 8:2 8:4 8:14 8:18 8:21 8:22 8:24 | |
| 8:25 9:10 9:11 9:11 9:15 9:17 9:20 9:22 | |
| 9:24 10:4 10:9 10:11 10:12 10:14 10:15 | |
| 10:15 10:18 10:20 10:21 10:23 10:24 | |
| 10:25 11:2 11:3 11:4 11:5 11:11 11:13 | |
| 11:18 11:19 11:20 11:22 11:23 11:25 12:1 | |
| 12:2 12:6 12:8 12:10 12:12 12:16 12:18 | |
| 12:20 12:21 12:21 12:24 13:6 13:7 13:17 | |
| 13:20 13:21 13:22 13:25 14:3 14:3 14:12 | |
| 14:12 14:17 14:21 14:22 14:22 14:23 | |
| 14:25 14:25 15:4 15:12 15:14 15:15 15:17 | |
| 15:18 15:19 16:4 16:6 16:14 16:15 16:17 | |
| 16:17 16:19 16:20 16:21 16:25 17:4 17:7 | |
| 17:8 17:10 17:17 17:19 17:22 18:6 18:10 | |
| 18:10 18:10 18:14 18:15 19:3 19:7 19:14 | |
| 19:15 19:15 19:19 19:21 19:22 20:1 20:8 | |
| 20:9 20:24 21:3 21:9 21:9 21:10 21:12 | |
| 21:12 21:16 21:16 21:18 21:19 21:24 22:1 | |
| 22:4 22:8 22:20 22:20 22:21 22:23 23:1 | |
| 23:14 23:14 23:16 23:16 23:16 23:22 | |
| 23:23 24:1 24:7 24:8 24:8 24:9 24:12 | |
| 24:15 24:17 24:18 24:21 24:25 25:3 25:3 | |
| 25:4 25:6 25:7 25:10 25:11 25:12 25:15 | |
| 25:15 25:17 25:19 25:20 25:22 26:3 26:6 | |
| 26:8 26:12 | |
| **that's**(24) 5:9 6:20 7:16 8:2 8:14 8:20 9:6 | |
| 9:16 9:23 9:25 10:7 11:16 16:11 17:15 | |
| 17:21 17:22 17:24 19:12 19:13 19:23 20:1 21:23 | |
| 24:19 25:5 25:14 | |
| **the**(301) 1:1 1:2 1:19 2:9 4:40 5:2 5:3 5:4 | |
| 5:4 5:6 5:8 5:8 5:15 5:16 5:17 5:21 | |
| 5:22 5:23 5:24 5:24 5:25 6:3 6:3 6:5 6:5 | |
| 6:6 6:8 6:9 6:10 6:11 6:11 6:12 6:13 6:13 | |
| 6:15 6:15 6:16 6:17 6:17 6:19 6:20 6:22 | |
| 6:22 6:24 7:2 7:3 7:3 7:4 7:5 7:7 7:7 7:8 | |
| 7:9 7:10 7:11 7:13 7:13 7:17 7:17 7:19 | |
| 7:22 7:25 8:1 8:3 8:4 8:5 8:5 8:7 | |
| 8:12 8:13 8:13 8:14 8:15 8:16 8:17 8:18 | |
| 8:18 8:19 8:20 8:20 8:22 8:23 8:23 8:25 | |
| 8:23 8:24 8:24 8:25 9:2 9:2 9:4 9:5 9:8 | |
| 9:8 9:9 9:10 9:11 9:12 9:14 9:15 9:20 | |
| 9:21 9:22 9:23 9:24 10:3 10:5 10:8 10:8 | |
| 10:9 10:9 10:10 10:11 10:13 10:13 10:13 | |
| 10:14 10:15 10:15 10:16 10:16 10:18 | |
| 10:19 10:22 10:23 10:25 11:1 11:3 11:5 | |
| 11:11 11:13 11:14 11:15 11:19 11:20 11:21 | |
| 11:22 11:24 11:25 12:1 12:2 12:2 12:3 | |
| 12:4 12:5 12:6 12:7 12:7 12:8 12:9 12:12 | |
| 12:13 12:13 12:14 12:15 12:16 12:17 | |
| 12:18 12:19 12:21 12:21 12:21 12:23 | |
| 12:23 12:24 12:25 13:1 13:1 13:4 13:5 | |
| 13:6 13:8 13:9 13:10 13:11 13:13 13:15 | |
| 13:15 13:17 13:18 13:18 13:19 13:20 | |
| 13:23 13:24 14:1 14:1 14:2 14:4 14:5 | |
| 14:5 14:6 14:7 14:9 14:12 14:12 14:13 | |
| 14:16 14:18 14:18 14:19 14:19 14:20 | |
| 14:22 14:22 14:24 15:1 15:4 15:5 15:5 | |
| 15:5 15:6 15:8 15:8 15:9 15:19 15:21 15:22 | |
| 15:23 15:25 16:3 16:8 16:9 16:12 16:15 | |
| 16:18 16:19 16:22 16:25 17:3 17:4 17:5 | |
| 17:5 17:15 17:9 17:10 17:17 17:17 17:19 | |
| 17:20 18:1 18:2 18:3 18:5 18:6 18:7 18:8 | |
| 18:8 18:8 18:11 18:11 18:12 18:17 18:18 | |
| 18:19 18:20 18:21 18:22 18:22 18:23 | |
| 18:24 18:25 19:3 19:3 19:6 19:7 19:7 | |
| 19:7 19:12 19:12 19:13 19:14 19:16 19:17 | |
| 19:20 19:24 19:25 20:1 20:2 20:4 20:6 | |
| 20:7 20:8 20:9 20:13 20:17 20:17 20:20 | |
| 20:22 20:23 20:24 20:24 21:1 21:3 21:3 | |
| 21:4 21:5 21:11 21:13 21:15 | |
| **the**(70) 21:16 21:17 21:20 22:2 22:3 22:5 | |
| 22:6 22:9 22:13 22:13 22:15 22:17 22:17 | |
| 22:17 22:18 22:18 22:20 22:25 23:1 23:2 | |
| 23:8 23:8 23:11 23:11 23:12 23:14 23:14 | |
| 23:15 23:18 23:23 23:25 23:25 23:25 24:2 | |
| 24:5 24:6 24:9 24:11 24:14 24:14 24:16 | |
| 24:17 24:20 24:21 24:21 24:24 24:24 25:1 | |
| 25:2 25:3 25:4 25:5 25:7 25:9 25:9 25:13 | |
| 25:15 25:19 25:22 25:23 25:24 26:2 26:3 | |
| 26:4 26:8 26:10 26:12 26:13 26:13 26:14 | |
| **their**(11) 7:17 8:2 8:11 9:5 16:6 19:4 19:4 | |
| 19:5 19:10 24:4 24:8 | |
| **them**(3) 10:10 15:14 19:15 | |
| **then**(1) 22:6 | |
| **theories**(3) 10:18 23:17 23:18 | |
| **there**(21) 9:13 9:18 10:2 11:12 11:20 13:7 | |
| 14:23 15:7 16:12 16:19 17:25 18:15 18:24 | |
| 19:19 19:21 20:5 22:7 24:2 24:5 25:16 | |
| 26:2 | |
| **there's**(8) 11:18 11:19 18:9 21:4 21:5 | |
| 21:14 21:19 22:15 | |
| **thereafter**(1) 13:10 | |
| **these**(2) 7:9 20:25 | |
| **they**(17) 16:8 7:15 9:4 9:6 9:7 10:23 11:1 | |
| 13:8 15:13 16:5 16:9 18:25 19:5 19:8 | |
| 19:15 20:7 22:11 | |
| **they'll**(1) 25:12 | |
| **they're**(1) 15:14 | |
| **they've**(3) 8:12 22:10 22:13 | |
| **thing**(1) 11:17 18:19 24:6 | |
| **things**(4) 9:8 20:25 21:7 24:23 | |
| **think**(22) 8:10 9:19 14:11 14:18 15:19 | |
| 16:4 16:7 16:16 16:21 17:17 17:25 18:23 | |
| 19:15 20:1 21:17 21:25 22:3 22:11 22:15 | |
| 22:20 25:4 25:23 | |
| **third**(2) 21:15 23:13 | |
| **this**(55) 5:3 5:5 5:20 6:2 7:3 7:4 7:16 | |
| 7:20 8:4 9:12 9:22 10:2 10:8 10:11 10:14 | |
| 10:21 11:3 11:8 11:10 12:2 13:7 13:14 | |
| 13:15 13:19 13:25 14:13 14:16 14:20 | |
| 15:12 16:11 16:21 17:12 17:13 18:4 19:1 | |
| 20:3 20:6 20:15 20:16 21:2 21:6 21:8 | |
| 21:19 21:20 21:22 22:1 22:8 22:23 23:21 | |
| 24:6 24:21 25:22 25:23 26:9 | |
| **thomas**(1) 2:19 | |
| **those**(6) 7:14 8:11 8:13 8:15 13:1 13:7 | |
| **three**(1) 11:24 | |
| **through**(3) 8:8 9:8 12:19 | |
| **thumbscrews**(1) 18:20 | |
| **thursday**(1) 5:1 | |
| **till**(1) 10:3 | |
| **times**(2) 15:11 15:17 | |
| **timing**(1) 24:24 | |
| **today**(2) 25:8 25:8 | |
| **told**(1) 18:6 | |
| **too**(1) 26:7 | |
| **took**(1) 24:21 | |
| **tools**(1) 16:19 | |
| **topic**(2) 5:20 17:13 | |
| **topics**(1) 13:1 | |
| **torres**(1) 4:18 | |
| **traci**(1) 26:18 | |
| **tracks**(1) 7:2 | |
| **transcribed**(1) 9:10 | |
| **transcriber**(1) 26:18 | |
| **transcript**(3) 1:18 1:55 26:13 | |
| **transcription**(1) 1:48 1:55 | |
| **transfer**(1) 13:20 | |
| **transferred**(1) 13:23 | |
| **trial**(1) 14:4 | |
| **tribune**(3) 1:8 2:2 5:4 | |
| **tried**(1) 7:19 | |
| **true**(1) 9:25 | |
| **trust**(14) 3:12 4:13 5:25 6:20 7:10 8:25 | |
| 10:11 13:12 12:25 13:10 18:3 18:9 19:7 | |
| 19:17 | |
| **trustee**(20) 4:40 4:40 7:11 8:6 8:17 9:12 | |
| 9:24 10:17 10:19 11:15 11:19 11:21 11:25 | |
| 12:5 18:11 19:7 22:17 23:15 23:24 24:15 | |
| **try**(2) 12:25 25:25 | |
| **trying**(4) 13:4 19:19 23:21 24:17 | |
| **turn**(1) 8:1 | |
| **turning**(2) 10:10 13:9 | |
| **two**(1) 6:23 | |
| **type**(1) 20:9 | |
| **u.s**(1) 4:40 | |
| **ultimate**(2) 8:25 12:15 | |
| **uncertain**(1) 13:19 | |
| **under**(8) 7:15 7:17 14:5 18:2 20:5 21:15 | |
| 22:12 24:21 | |
| **underlying**(1) 10:18 | |
| **understand**(4) 15:18 17:17 19:24 22:2 | |
| **understood**(1) 21:12 | |
| **undertaken**(1) 7:6 | |
| **undertook**(1) 8:19 | |
| **unfortunate**(1) 16:12 | |
| **unique**(3) 16:22 17:20 20:2 | |
| **uniquely**(2) 15:20 15:22 | |
| **united**(3) 1:1 1:20 4:40 | |
| **unlike**(3) 16:2 16:3 19:12 | |
| **unmediated**(1) 16:10 | |
| **unnecessarily**(2) 7:22 23:17 | |
| **unreasonable**(1) 16:16 | |
| **unsecured**(2) 2:10 14:10 | |
| **until**(2) 22:23 25:9 | |
| **uphold**(1) 5:24 | |
| **upon**(3) 5:8 14:24 19:25 | |
| **used**(1) 22:12 | |
| **vacation**(3) 25:7 25:19 26:1 | |
| **various**(1) 21:6 | |
| **version**(9) 7:3 7:4 7:20 7:24 8:2 10:2 | |
| 11:14 11:25 12:4 | |
| **versions**(2) 6:24 11:11 | |
| **very**(5) 11:6 14:14 16:7 23:10 26:8 | |
| **view**(2) 13:6 18:5 | |
| **wait**(1) 10:3 | |
| **want**(7) 9:12 9:19 17:1 19:23 21:1 22:19 | |
| 26:2 | |
| **wanted**(3) 18:21 21:11 21:24 | |
| **wants**(2) 17:5 25:14 | |
| **wardwell**(1) 3:6 | |
| **was**(21) 5:5 7:1 7:25 8:2 8:12 8:14 8:21 | |
| 10:14 12:12 12:22 13:20 14:17 20:23 | |
| 21:10 21:11 21:12 23:1 24:7 24:7 25:22 | |
| 26:10 | |
| **wasn't**(2) 21:8 21:10 | |
| **way**(5) 9:8 19:14 21:16 22:12 24:24 | |
| **we'll**(2) 25:25 26:6 | |
| **we're**(6) 5:4 11:2 11:2 19:16 19:18 25:15 | |
| **weiss**(1) 3:20 | |
| **weitman**(1) 2:7 | |
| **well**(5) 13:18 17:3 21:13 22:25 24:2 | |
| **wells**(1) 3:25 | |
| **were**(8) 5:21 5:23 9:10 9:13 12:16 16:15 | |
| 20:3 23:14 | |
| **weren't**(1) 21:24 | |
| **wharton**(1) 3:20 | |
| **what**(19) 8:3 8:19 9:4 10:3 11:10 15:13 | |
| 16:20 17:22 17:22 20:22 21:22 22:2 22:2 | |
| 22:22 23:21 23:23 24:25 25:14 26:3 | |
| **what's**(2) 7:2 18:23 | |
| **whatever**(5) 7:11 7:15 8:5 13:10 14:1 | |
| **whatsoever**(2) 6:1 24:5 | |
| **when**(1) 5:21 | |
| **where**(5) 11:12 18:17 19:19 21:6 24:16 | |
| **whereupon**(1) 26:10 | |
| **whether**(1) 16:13 | |
| **which**(14) 5:23 6:3 6:6 7:21 7:21 8:3 | |
| 12:17 12:20 12:24 16:23 17:11 | |
| 19:17 24:13 | |
| **white**(1) 3:25 | |
| **who**(2) 15:24 17:18 | |
| **who's**(1) 22:19 | |
| **whole**(1) 23:25 | |
| **whose**(1) 17:8 | |
| **why**(11) 8:10 9:19 9:21 15:3 15:3 15:14 | |
| 15:15 15:18 15:19 18:10 18:22 | |
| **will**(17) 7:12 8:6 10:19 10:23 11:21 12:18 | |
| 18:10 18:10 18:18 21:3 21:13 24:2 24:14 | |
| 24:20 25:7 25:10 26:9 | |
| **william**(1) 3:13 | |
| **willingness**(1) 16:8 | |
| **wilmington**(3) 1:12 3:12 5:1 | |
| **winfrey**(1) 2:48 | |
| **wise**(1) 15:18 | |
| **wish**(3) 19:17 23:5 25:18 | |
| **with**(38) 6:2 6:3 6:6 8:14 9:14 10:11 | |
| 10:16 10:20 12:23 14:15 14:16 15:12 | |
| 15:13 17:2 17:7 17:8 17:11 17:13 17:23 | |
| 18:3 18:23 19:6 19:9 19:16 19:21 20:3 | |
| 20:7 20:22 22:14 22:22 22:14 22:15 23:11 | |
| 23:12 24:15 25:3 25:12 25:22 | |
| **within**(3) 9:14 10:13 10:15 | |
| **without**(1) 5:25 | |
| **witness**(3) 9:3 9:9 24:3 | |
| **wondering**(1) 23:2 | |
| **word**(1) 23:9 | |
| **words**(1) 23:19 | |
| **work**(2) 7:10 25:25 | |
| **world**(1) 23:25 | |
| **worry**(1) 16:17 | |
| **worse**(1) 19:1 | |
| **would**(34) 6:21 7:4 7:16 7:24 8:4 9:12 | |
| 9:19 9:21 9:23 10:1 10:16 11:1 11:14 | |
| 11:19 11:25 12:22 12:25 13:14 13:18 | |
| 13:25 14:3 14:4 14:5 20:5 20:8 20:14 | |
| 21:19 21:20 22:3 22:11 23:16 23:24 24:18 | |
| 25:10 | |
| **wouldn't**(1) 15:15 | |
| **wrap**(1) 13:6 | |
| **wrote**(1) 14:12 | |
| **www.diazdata.com**(1) 1:52 | |
| **yeah**(1) 20:17 | |
| **yes**(2) 13:17 15:9 | |
| **yet**(1) 23:22 | |
| **york**(1) 4:14 | |
| **you**(48) 5:14 5:17 5:19 6:16 6:19 6:23 | |
| 6:24 7:24 8:3 8:10 8:11 9:8 9:23 10:1 | |
| 10:6 11:12 14:6 14:15 15:10 15:17 15:19 | |
| 17:3 17:3 17:4 17:15 17:16 17:21 17:25 | |
| 20:11 20:13 20:14 20:25 21:13 21:20 | |
| 21:21 21:23 21:24 21:24 22:25 23:8 23:10 | |
| 23:24 24:7 24:20 24:25 25:18 26:4 26:8 | |
| **you'll**(2) 10:7 14:22 | |
| **you're**(1) 22:2 | |
| **you've**(2) 7:23 15:11 | |
| **young**(2) 3:22 3:40 | |
| **your**(57) 5:11 5:15 5:15 5:19 5:19 5:21 | |
| 6:8 6:23 7:2 7:20 8:2 8:10 8:21 9:6 9:18 | |
| 9:22 9:25 10:3 10:8 11:1 11:17 12:2 12:11 | |
| 12:14 12:21 13:2 13:6 13:18 13:22 13:25 | |
| 14:4 14:8 14:18 15:9 15:16 16:11 16:15 | |
| 16:25 17:2 17:16 17:22 17:22 18:14 19:2 | |
| 19:23 19:24 20:11 20:15 21:9 23:10 23:12 | |
| 24:1 24:4 24:11 24:19 25:21 25:25 | |
| **you've**(1) 14:21 | |
| **zatz**(1) 3:26 | |
| **zensky**(20) 2:40 5:11 5:11 5:17 5:19 10:6 | |
| 13:13 13:17 14:16 14:19 17:18 18:9 18:15 | |
| 18:22 20:14 20:19 22:16 23:6 23:23 23:10 | |

| Word | Page:Line |
|------|-----------|
| **zensky's**(4) 5:6  20:24  21:9  22:22 | |
| **zloto**(1) 2:44 | |
| **zuckerman**(1) 2:30 | |